Laurence A. Urgenson
William B. Jacobson
Tyler D. Mace
KIRKLAND & ELLIS, LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Telefax: (202) 879-5200
lurgenson@kirkland.com
wjacobson@kirkland.com
tmace@kirkland.com

Stephen R. Brown
Charles E. McNeil
Kathleen L. DeSoto
GARLINGTON, LOHN & ROBINSON, PLLP
199 West Pine • P. O. Box 7909
Missoula, MT 59807-7909
Telephone: (406) 523-2500
Telefax: (406) 523-2595
srbrown@garlington.com
cemcneil@garlington.com
kldesoto@garlington.com

Attorneys for W.R. Grace

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cause No.: CR-05-07-M-DWM |
| Plaintiff, | |
| v. | |
| W. R. GRACE, ALAN R. STRINGER, HENRY A. ESCHENBACH, JACK W. WOLTER, WILLIAM J. MCCAIG, ROBERT J. BETTACCHI, O. MARIO FAVORITO, ROBERT C. WALSH, | **DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ALLOWING DEFENDANTS' EXPERTS TO REVIEW THE MEDICAL RECORDS THAT SERVE AS THE BASIS OF DR. ALAN C. WHITEHOUSE'S EXPERT OPINIONS** |
| Defendants. | |



EXHIBIT

1

## INTRODUCTION

On January 13, 2006, the Government filed a supplemental expert witness disclosure pertaining to Dr. Alan C. Whitehouse ("Dr. Whitehouse's Supplemental Disclosure"). Dr. Whitehouse's Supplemental Disclosure states that Dr. Whitehouse's expert opinion is based on "data that he possesses 'on over 550 patients from Libby and elsewhere. . .'." (Dr. Whitehouse's Supplemental Disclosure at 2.) The supplemental disclosure notified the Defendants, for the first time, that "the government and Dr. Whitehouse will make these medical records available for review by the defendants at a mutually convenient time and location." (*Id.* at 3.)

The Government has now informed the Defendants that these patient files will be available for review beginning on March 6, 2006 -- more than five months after the Government's expert disclosures were first due. The Defendants plan to have their expert witnesses travel to Libby, Montana on March 6 to review the medical records and copy them for further review and reference. This Motion for a protective order seeks the Court's permission to copy the records without redacting what the Court has previously termed "sensitive identifying information" in its written Order dated November 23, 2005 ("November 23 Order"). The Defendants make this request solely because of the time constraints they now face with respect to reviewing Dr. Whitehouse's patient files, as it will presumably take two to three weeks to redact the medical records. In light of the approaching April 30, 2006 deadline for the Defendants' expert disclosures and the May 31, 2006 deadline for motions in limine, the Defendants do not have the time to redact identifying information.

The Defendants request an expedited briefing schedule for this Motion because of these time constraints. The Defendants will forgo filing a reply to the Government's response, and ask that the Court order the Government respond to this Motion by March 1, 2006.[1]

## ARGUMENT

Federal Rules of Criminal Procedure 16(a)(1)(E) and (F) require the Government to produce documents and other tangible items, including reports of examinations and tests, that are material to the defense or that the Government intends to use in its case-in-chief.[2] Dr. Whitehouse plans to offer the opinion at trial, inter alia, that "pleural disease in patients in Libby, Montana progresses rapidly, and can cause significant impairment, disability, and death." (Dr. Whitehouse's Supplemental Disclosure, Ex. B at 4.)

The Government's initial production of Rule 16 material contained medical records and pulmonary function test results that appear to relate to the 123 patients involved in a study

---

[1] The Defendants, through counsel for Grace, have contacted the Government prior to filing this motion pursuant to Local Criminal Rule 12.2. The Government has indicated that it will oppose this motion insofar as it requests the ability copy the records in unredacted form. The Government has not agreed to an expedited briefing schedule, but has agreed to file a response as fast as it can.

In accordance with Local Rule 11.2(b), all parties whose signature lines appear in this motion have consented to and join in its filing.

[2] In its written Order dated March 15, 2005 ("Scheduling Order"), the Court set a deadline of September 30, 2005 for "finalized disclosure of prosecution's expert witnesses." (Scheduling Order at 2-3.) The Court's written Order dated December 5, 2005 ("December 5 Order") required the Government's expert disclosures to be revised by January 13, 2006, to the extent that they did not include:  (1) "Specific identification of all documents or other information the expert reviewed in preparing his report, segregated by expert"; (2) "Identification of samples reviewed, where applicable"; (3) "Any studies, examinations or tests done with respect to the subject matter of the testimony, segregated by expert"; (4) "A list of the expert's prior deposition and trial testimony"; and (5) "The letter of agreement or contract for services relating to the expert's involvement in this case." (December 5 Order at 6-7.)

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ALLOWING          Page 3
DEFENDANTS' EXPERTS TO REVIEW THE MEDICAL RECORDS
THAT SERVE AS THE BASIS OF DR. ALAN C. WHITEHOUSE'S
EXPERT OPINIONS

conducted by Dr. Whitehouse. *See* Alan C. Whitehouse, *Asbestos-Related Pleural Disease Due to Tremolite Associated With Progressive Loss of Lung Function: Serial Observations in 123 Miners, Family Members, and Residents of Libby, Montana*, 46 Am. J. Indus. Med. 219, 225 (2004) ("Progression Study"). This study is included in Dr. Whitehouse's Supplemental Disclosure, and the Defendants expect that it will serve as the centerpiece for Dr. Whitehouse's testimony at trial.

The documents produced to date, however, have been redacted so as to render them impossible to assess. The redaction of medical information such as age, sex, and medical history (*e.g.*, hospitalizations and medications) precludes any review by the Defendants' experts of whether the pulmonary function tests support Dr. Whitehouse's opinions. Patient identification numbers have been redacted, such that in the absence of patient names the Defendants cannot ascertain which tests relate to what patients. Indeed, the test results which have been produced do not even appear to be complete. At this point, over two months after the Court made clear the Government's obligations with respect to expert disclosures, the Defendants are in possession of only heavily redacted, partial records belonging to an indeterminable number of patients.

Dr. Whitehouse' Supplemental Disclosure explicitly states that his expert opinions are based not just upon the records of the 123 patients involved in his Progression Study, but also upon his "data on over 550 patients from Libby and elsewhere exposed to Libby asbestos with pulmonary disease." (Dr. Whitehouse's Supplemental Disclosure, Ex. B at 4.) Therefore, Rule 16 and the Court's December 5 Order require the medical records of these 550 patients to be produced. The Government apparently agrees that these records must be made available to the Defendants for review. (Dr. Whitehouse's Supplemental Disclosure at 3.) The only point in

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ALLOWING                Page 4
DEFENDANTS' EXPERTS TO REVIEW THE MEDICAL RECORDS
THAT SERVE AS THE BASIS OF DR. ALAN C. WHITEHOUSE'S
EXPERT OPINIONS

contention between the parties thus is whether the Defendants are permitted to copy the records without first redacting what the Court has identified as "sensitive identifying information such as addresses, contact information, insurance information and Social Security numbers." (November 23 Order at 17.)

As explained in the section above, the Government has informed the Defendants that any review of Dr. Whitehouse's 550 patient files, which include the complete patient files of the 123 people involved in the Progression Study, may not commence until March 6, 2006. Moreover, the Government has explained that it would like the terms of this Court's existing protective order, including the redaction of identifying information, to apply to those patient files. The Defendants do not have a substantive objection to the Government's position, but have simply a logistical one based on the limited amount of time the Defendants' experts have to copy these documents, review them and prepare expert disclosures based upon them.

According to Dr. Whitehouse's Supplemental Disclosure, the volume of Dr. Whitehouse's patient files is large: "The volume and nature of these medical records makes copying for disclosure to the defendants impractical and cost prohibitive." (Dr. Whitehouse's Supplemental Disclosure at 3.) The Government has not provided any further information about the volume of records. Considering that "sensitive identifying information," such as a Social Security number, may appear on most, if not all, pages within these records, the task confronting the Defendants is tremendous: (1) copy the original medical records in a conference room in Libby; (2) within the conference room, redact identifying information from every page of the copy set; and only then (3) create copy-sets from the redacted copy. The Defendants estimate

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ALLOWING                    Page 5
DEFENDANTS' EXPERTS TO REVIEW THE MEDICAL RECORDS
THAT SERVE AS THE BASIS OF DR. ALAN C. WHITEHOUSE'S
EXPERT OPINIONS

that this effort may take two weeks or longer: time the Defendants need in order to meet the pending deadlines related to expert witnesses.

Although the Defendants fully appreciate the need for precautions to preserve the patients' privacy rights, the Defendants respectfully submit that in light of the strict protective order set forth in the November 23 Order, retaining identifying information within copies distributed to defense experts would not jeopardize those rights. The Court has made clear that any person authorized to review the medical records must be advised by defense counsel that the records are for no purpose other than solely and exclusively in connection with this case. (November 23 Order at 20.) Furthermore, the November 23 Order requires medical records to be maintained by defense counsel in a locked file or cabinet except when being actively utilized. (*Id.*) The Defendants request that the Court impose the same conditions on the Defendants' review of Dr. Whitehouse's patient files as those set forth in the November 23 Order, with the exception of redacting identifying information.

## CONCLUSION

As a result of the Government's delay in making Dr. Whitehouse's files available to the Defendants, the defense experts have less than two months to review over 550 patient files and prepare expert reports based thereon. Requiring the Defendants to redact the files before copying them would further reduce this time frame.

WHEREFORE, for the foregoing reasons, the Defendants respectfully ask the Court for permission to review the approximately 550 patient files underlying Dr. Whitehouse's expert opinions in unredacted form, subject to a strict protective order governing the handling of the documents.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ALLOWING          Page 6
DEFENDANTS' EXPERTS TO REVIEW THE MEDICAL RECORDS
THAT SERVE AS THE BASIS OF DR. ALAN C. WHITEHOUSE'S
EXPERT OPINIONS

DATED this 24 day of February, 2006.

Attorneys for W.R. Grace:

Laurence A. Urgenson
William B. Jacobson
Tyler D. Mace
KIRKLAND & ELLIS, LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Telefax: (202) 879-5200

Stephen R. Brown
Charles E. McNeil
Kathleen L. DeSoto
GARLINGTON, LOHN & ROBINSON, PLLP
199 West Pine • P. O. Box 7909
Missoula, MT 59807-7909
Telephone: (406) 523-2500
Telefax: (406) 523-2595

By _____
Stephen R. Brown

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ALLOWING          Page 7
DEFENDANTS' EXPERTS TO REVIEW THE MEDICAL RECORDS
THAT SERVE AS THE BASIS OF DR. ALAN C. WHITEHOUSE'S
EXPERT OPINIONS

On behalf of:

Attorneys for Alan Stringer:

Angelo J. Calfo
Yarmuth Wilsdon Calfo PLLC
2500 IDX Tower
925 Fourth Avenue
Seattle, WA 98104
Phone: 206.516.3872
Fax:    206.516.3888

Local Counsel for Alan Stringer:

Michael F. Bailey
Bailey & Antenor Law Firm
415 N. Higgins Avenue, Suite 7
Missoula, MT 59802
Phone: 406.721.7138
Fax:    406.721.5912


Attorneys for Harry A. Eschenbach:

David Krakoff
Gary Winters
Mayer Brown Rowe & Maw
1909 K Street, NW
Washington, DC 20006-1101
Phone: 202.263.3000
Fax:    202.263.3300

Local Counsel for Harry A. Eschenbach:

Ronald F. Waterman
Gough, Shanahan, Johnson & Waterman
33 South Last Chance Gulch
Helena, MT 59601
Phone: 406.442.8560
Fax:    406.442.8783
Email: rfw@gsjw.com


Attorney for Jack Wolter:

Mark Holscher
Jeremy Maltby
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Phone: 213.430.6613
Fax:    213.430.6407

Local Counsel for Jack Wolter:

Mike Milodragovich
W. Adam Duerk
Milodragovich, Dale, Steinbrenner & Binney
620 High Park Way
Missoula, MT 59806-2237
Phone: 406.728.1455
Fax:    406.549.7077


Attorney for William McCaig:

Elizabeth Van Doren Gray
Sowell, Gray, Stepp & Laffitte
P.O. Box 11449
Columbia, SC 29211
Phone: 803.929.1400
Fax:    803.929.0300

Local Counsel for William McCaig:

Palmer Hoovestal
Hoovestal Law Firm, PLLC
P.O. Box 747
Helena, MT 59624-0747
Phone: 406.457.0970
Fax:    406.457.0475


DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ALLOWING            Page 8
DEFENDANTS' EXPERTS TO REVIEW THE MEDICAL RECORDS
THAT SERVE AS THE BASIS OF DR. ALAN C. WHITEHOUSE'S
EXPERT OPINIONS

Attorney for William McCaig:

William A. Coates
Roe, Cassidy, Coates & Price, P.A.
1000 East North Street
Greenville, SC 29601
Phone: 864.349.2600
Fax:   864.349.0303

Attorney for Robert Bettacchi:

Tom Frongillo
Weil, Gotshal & Manges
100 Federal Street, 34th Floor
Boston, MA 02110
Phone: 617.772.8335
Fax:   617.772.8333

Attorneys for O. Mario Favorito:

Stephen A. Jonas
Robert Keefe
Wilmer Cutler Pickering Hale and Dorr
60 State Street
Boston, MA 02109
Phone: 617.526.6144
Fax:   617.526.5000

Attorney for Robert Walsh:

Stephen R. Spivack
Bradley Arant Rose & White
1133 Connecticut Ave., NW
12th Floor
Washington, DC 20036
Phone: 202.393.7150
Fax:   202.374.1684

Local Counsel for Robert Bettacchi:

Brian Gallik
Goetz, Gallik & Baldwin, P.C.
P.O. Box 6580
Bozeman, MT 59771-6580
Phone: 406.587.0618
Fax:   406.587.5144

Local Counsel for O. Mario Favorito:

C.J. Johnson
Kalkstein Law Firm
P.O. Box 8568
Missoula, MT 59807
Phone: 406.721.9800
Fax:   406.721.9896

Local Counsel for Robert Walsh:

Catherine A. Laughner
Aimee M. Grmoljez
Browning Kaleczyc Berry & Hoven, P.C.
P.O. Box 1697
Helena, MT 59624
Phone: 406.443.6820
Fax:   406.443.6882

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ALLOWING          Page 9
DEFENDANTS' EXPERTS TO REVIEW THE MEDICAL RECORDS
THAT SERVE AS THE BASIS OF DR. ALAN C. WHITEHOUSE'S
EXPERT OPINIONS

## CERTIFICATE OF SERVICE

### L.R. 5.2(b)

       I hereby certify that on February 24, 2006, a copy of the foregoing document was served on the following persons by the following means:

1.    <u>1-11; 13-19</u>       CM/ECF

2.    <u>12</u>       Mail

**1.Attorneys for Alan Stringer**
Angelo J. Calfo
Michelle Peterson
Yarmuth Wilsdon Calfo PLLC
2500 IDX Tower
925 Fourth Avenue
Seattle, WA 98104

**3. Attorneys for Harry A. Eschenbach**
David Krakoff
Gary Winters
Mayer Brown Rowe & Maw
1909 K Street NW
Washington, DC 20006-1101

**5. Attorneys for Jack Wolter**
Mark Holscher
Jeremy Maltby
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899

**7. Attorney for William McCaig**
Elizabeth Van Doren Gray
Sowell, Gray, Stepp & Laffitte
P.O. Box 11449
Columbia, SC 29211

**2.Local Counsel for Alan Stringer**
Michael F. Bailey
Bailey & Antenor Law Firm
415 N. Higgins Avenue, Suite 7
Missoula, MT 59802

**4. Local Counsel for Harry A. Eschenbach**
Ronald F. Waterman
GOUGH, SHANAHAN, JOHNSON & WATERMAN
33 South Last Chance Gulch
Helena, MT 59601

**6. Local Counsel for Jack Wolter**
Mike Milodragovich
W. Adam Duerk
Milodragovich, Dale, Steinbrenner & Binney
620 High Park Way
Missoula, MT 59806-2237

**8. Local Counsel for William McCaig**
Palmer Hoovestal
Hoovestal Law Firm, PLLC
P.O. Box 747
Helena, MT 59624-0747

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ALLOWING       Page 10
DEFENDANTS' EXPERTS TO REVIEW THE MEDICAL RECORDS
THAT SERVE AS THE BASIS OF DR. ALAN C. WHITEHOUSE'S
EXPERT OPINIONS

William A. Coates
Roe, Cassidy, Coates & Price, P.A.
1000 East North Street
Greenville, SC  29601

Brian Gallik
Goetz, Gallik & Baldwin, P.C.
P.O. Box 6580
Bozeman, MT 59771-6580

## 11. Attorney for Robert Bettachi

Tom Frongillo
Weil, Gotshal & Manges
100 Federal St., 34th Floor
Boston, MA  02111

## 12. Co-Counsel for Robert Bettachi

Vernon Broderick
Weil, Gotshal and Manges
767 Fifth Avenue
New York, NY 10153

## 13. Attorneys for O. Mario Favorito

Stephen A. Jonas
Robert Keefe
Wilmer Cutler Pickering Hale and
Dorr
60 State Street
Boston, MA 02109

## 14. Local Counsel for O. Mario Favorito

C.J. Johnson
Kalkstein Law Firm
P.O. Box 8568
Missoula, MT 59807

## 16. Local Counsel for Robert Walsh

Catherine A. Laughner
Aimee M. Grmoljez
Browning Kaleczyc Berry & Hoven, P.C.
P.O. Box 1697
Helena, MT 59624

## 15.  Attorney for Robert Walsh

Stephen R. Spivack
Bradley Arant Rose & White LLP
1133 Connecticut Ave. N.W., 12th Fl.
Washington, DC 20036

## 17. Attorney for Robert Walsh

David E. Roth
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

## 18. Attorney for USA

Kris A. McLean
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807

## 19. Attorney for USA

Kevin M. Cassidy
U.S. Department of Justice
P.O. Box 23985
Washington, D.C. 20026

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ALLOWING          Page 11
DEFENDANTS' EXPERTS TO REVIEW THE MEDICAL RECORDS
THAT SERVE AS THE BASIS OF DR. ALAN C. WHITEHOUSE'S
EXPERT OPINIONS