**SUE ELLEN WOOLDRIDGE**
**Assistant Attorney General, ENRD**
**DAVID M. UHLMANN**
**Chief, Environmental Crimes Section**
**KEVIN M. CASSIDY**
**Trial Attorney**
**Environmental Crimes Section**

**WILLIAM W. MERCER**
**United States Attorney**
**KRIS A. MCLEAN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CR 05-07-M-DWM** |
| **vs.** | |
| **W.R. GRACE, ALAN R. STRINGER, HENRY A. ESCHENBACH, JACK W. WOLTER, WILLIAM J. McCAIG, ROBERT J. BETTACCHI, O. MARIO FAVORITO, ROBERT C. WALSH,** | **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |
| **Defendants.** | |

The defendants have moved this Court for a protective order allowing them to make unredacted copies of approximately 550 patient files containing private medical information.  As grounds for their motion, the defendants blame the government for late production of the records and insist that they simply lack sufficient time within the Court's

S:\crim\04r0355\Resp to protective order.wpd

1

EXHIBIT

2

scheduling order to make redacted copies.  Defendants' motion lacks merit and should be denied.

## I.    THE GOVERNMENT DOES NOT CONTROL ACCESS TO THE PRIVATE MEDICAL RECORDS

The government first disclosed Dr. Whitehouse's expert opinion to the defendants on September 30, 2005.  (Exhibit B to Expert Witness Disclosure Dr. Alan C. Whitehouse).  The government attached that same detailed statement of Dr. Whitehouse's opinion testimony as Exhibit B to its Supplemental Expert Witness Disclosure for Dr. Whitehouse filed January 13, 2006.

In its Supplemental Expert Witness Disclosure for Dr. Whitehouse, the government noted that "at page 4 of Exhibit B attached, Dr. Whitehouse references data that he possesses 'on over 550 patients. . .' .  This data includes voluminous private medical records.  The volume and nature of these medical records makes copying for disclosure to the defendants impractical and cost prohibitive.  Therefore, the government and Dr. Whitehouse will make these medical records available for review by the defendants at a mutually convenient time and location.  Disclosure of these private medical records is subject to this Court's protective order concerning medical records. (See November 23, 2005 Order (Medical Records at 19 - 21)."

Neither F.R.Crim.P. 16 nor this Court's orders regarding expert witness disclosures require the government to disclose the voluminous private medical records at issue.  In fact, it appears that the private medical records to which defendants seek unfettered access in the instant motion are implicated in only one paragraph which appears at page 8 of Exhibit B to the government's supplemental expert witness disclosure for Dr. Whitehouse:

> Of the 550 patients in my current database, the average forced vital capacity is 87% of predicted, total lung capacity 88% of predicted, and DLCO is 77% of predicted, all utilizing conservative sets of normal values.

2

The government provided the database upon which Dr. Whitehouse bases this statement on Attachment D-1 to Dr. Whitehouse's supplemental expert witness disclosure. Rule 16 and this Court's orders require nothing more.

Nonetheless, in hopes of avoiding additional discovery litigation, the government agreed to facilitate the defendants' review of the voluminous private medical records referenced in Dr. Whitehouse's expert opinion summary. However, the government does not possess these private medical records. The government has not reviewed these private medical records. The government does not control access to these private medical records. Possession of and access to these private medical records lies solely within the control of Dr. Whitehouse and the CARD clinic at Libby, Montana. Therefore, the defendants cannot credibly blame the government for any "delay" in making Dr. Whitehouse's files available to the defendants.

## II.   PRIVACY RIGHTS, HIPPA, AND MONTANA LAW REQUIRE REDACTION OF THE PRIVATE MEDICAL RECORDS.

As noted above, the government, after consulting with Dr. Whitehouse agreed to make the voluminous medical records available for review by the defendants only so long as such disclosures were subject to this Court's protective order concerning medical records. Now the defendants want to make unredacted copies of these private medical records and haul them off for review by experts. The defendants' request implicates the same issues previously litigated before this Court in the context of the defendants' motion to compel production of medical records. For brevity, the government refers the Court to pages 4 - 7 of its response to the defendants' motion to compel production of medical records. In addition, the government cites this Court to Montana state law at section 50-16-801, *et seq.* M.C.A. where Montana's "HIPPA" is codified. These authorities make it clear that if the defendants want to review and copy the private medical records at issue, those records must be redacted as required by this Court's order of November 23, 2005 concerning medical records.

3

The 550 patients in Dr. Whitehouse's files deserve all the privacy protections accorded to all other non-testifying victims in this case - that is all the government has sought, nothing more.  The defendants' needs can be well-served without infringing on these patients' privacy rights by having their experts view the records without making unredacted copies.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests this Court deny the defendants' motion for a protective order and allow disclosure of the medical records at issue only in compliance with this Court's protective order concerning medical records filed November 23, 2005.

DATED this 1st day of March, 2006.

WILLIAM W. MERCER
United States Attorney

/s/ Kris A. McLean
KRIS A. McLEAN
Assistant United States Attorney

/s/ Kevin M. Cassidy
KEVIN M. CASSIDY
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on March 1, 2006, a copy of the foregoing document was served on the following persons by the following means:

1.   1 - 8 _____   CM/ECF

2.   6a _____   Mail

### 1. Attorneys for WR Grace

Larry Urgenson
William B. Jacobson
Tyler D. Mace
Kirkland & Ellis, LLP
655 Fifteenth St., NW,
Washington DC 20005
FAX: (202) 879-5200
lurgenson@kirkland.com
wjacobson@kirkland.com
tmace@kirkland.com

Stephen R. Brown
Charles E. McNeil
Kathleen Desoto
Attorney at Law
P.O. Box 7909
Missoula, MT 59807
FAX: (406) 523-2595
srbrown@garlington.com
cemcneil@garlington.com
kldesoto@garlington.com

### 2. Attorneys for Alan Stringer

Angelo Calfo
Michelle Peterson
Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
FAX: (206) 516-3888
acalfo@yarmuth.com
mpeterson@yarmuth.com

Mr. Michael F. Bailey
Attorney at Law
P.O. Box 8597
Missoula, MT 59807
FAX: (406) 721-5912
bai-ant@bigsky.net

### 3. Attorneys for Henry Eschenbach

David Krakoff
Gary Winters
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006
FAX: (202) 263-5370
dkrakoff@mayerbrownrowe.com
gwinters@mayerbrownrowe.com

Ronald F. Waterman
Gough, Shanahan, Johnson & Waterman
P.O. Box 1715
Helena, MT 59624-1715
FAX: (406) 442-8783
rfw@gsjw.com

### 4. Attorneys for Jack Wolter

Mark Holscher
Jeremy Maltby
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
FAX: (213) 430-6407
mholscher@omm.com

Michael J. Milodragovich
W. Adam Duerk
Attorney at Law
P.O. Box 4947
Missoula, MT 59806-4947
FAX: (406) 549-7077

S:\clrm\04r0305\Resp to protective order.wpd

**5. Attorneys for William McCaig**

William Coates
Roe Cassidy Coates & Price
PO Box 10529
Greenville,SC 29603
FAX: (864) 349-0303
wac@roecassidy.com

Elizabeth Van Doren Gray
Sowell, Gray, Stepp & Laffitte, LLC
1310 Gadsden Street
PO Box 11449
Columbia, SC  29211
FAX:  (803) 929-0300

Palmer A. Hoovestal
Attorney at Law
P.O. Box 747
Helena, MT  59624
FAX: (406) 457-0475
palmer@hoovestal-law.com

**7. Attorneys for O. Mario Favorito**

Stephen Jonas
Wilmer Cutler Pickering Hale and Dorr
60 State Street
Boston, MA 02109
FAX: (617) 526-5000
stephen.jonas@wilmerhale.com

CJ Johnson
Kalkstein Law Firm
P.O. Box 8568
Missoula, MT 59807
FAX: (406) 721-9896
cj@kalksteinlaw.com

**6. Attorneys for Robert Bettacchi**

Thomas C. Frongillo
Wiel, Gotshal & Manges
100 Federal St., 34th Floor
Boston, MA 02110
FAX: (617) 772-8333
thomas.frongillo@weil.com

Brian K. Gallik
Goetz, Gallik, Baldwin, P.C.
P.O. Box 6580
Bozeman, MT 59771-0428
FAX: (406) 587-5144

**6a. Attorney for Robert Bettacchi**

Vernon Broderick
Weil, Gotshal and Manges
767 Fifth Avenue
New York, NY  10153

**8. Attorneys for Robert C. Walsh**

Stephen R. Spivack
Bradley Arant Rose & White
1133 Connecticut Ave. NW
Washington, DC 20036
FAX: (202) 719-8334
sspivack@bradleyarant.com

David E. Roth
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AB 35213
droth@bradleyarant.com

Catherine A. Laughner
Aimee M. Grmoljez
Browning, Kaleczyc, Berry & Hoven, PC
P.O. Box 1697
Helena, MT  59624
FAX: (406) 443-6883

/s/ Kimberlee A. Taylor
Kimberlee A. Taylor, Legal Assistant