# EXHIBIT A

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire



WR GRACE-PIQ 005331-001



10315607108250
RE: Cray, Melbourne D
Michael B Serling, P C
280 N Woodward, Suite 406
Birmingham MI 48009

REC'D FEB 2 0 2006



000729108250


WR GRACE-PIQ 005331-007

**PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL**

## a. GENERAL INFORMATION

Claimant objects to this Questionnaire for multiple reasons. The questionnaire is unduly burdensome especially given the time frame in which claimant is required to answer. Much of the information requested is equally accessible to WR Grace and claimant is being requested in many instances to compile, categorize and summarize information from documents that WR Grace can analyze as readily as claimant. The request for information includes detailed requests for discovery information normally obtained as part of a discovery process in the underlying state court action, but claimant has been precluded from obtaining individual discovery against WR Grace by virtue of the bankruptcy stay. As such, the discovery requests violate claimant's fundamental due process rights and, if used in any fashion to determine the merits of the claim itself, claimant's right to a trial by jury. Parts of the information requested are privileged and confidential, Without waiving these objections, claimant is responding to this Questionnaire for the purposes indicated in the Preface to the Questionnaire, i.e. "...GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION." Claimant objects to the use of this information for any reason to deny the merits of the claim and specifically limits the use of the information to "...prioritize" the claim as represented in the Questionnaire.

1. Name of Claimant: **Melbourne D.**                    **Cray**        2. Gender: ☒ Male ☐ Female
   First                MI                Last

3. Race (for purposes of evaluating Pulmonary Function Test results): .....................................☐ White/Caucasian

Claimant objects to this request because the information is equally accessible to W.R.        ☐ African American
Grace from the attached medical records.
                                                                                              ☐ Other

4. Last Four Digits of Social Security Number: **2334**                5. Birth Date: **2/28/1927**

6. Mailing Address: **13396 Backus, Southgate, MI 48195**
   Address                City                State/Province        Zip/Postal Code

7. Daytime Telephone Number: ..........................................................................................**(734) 285-3461**

## b. LAWYER'S NAME AND FIRM

1. Name of Lawyer: **Michael B. Serling**

2. Name of Law Firm With Which Lawyer is Affiliated: **Michael B. Serling, P.C.**

3. Mailing Address of Firm: **280 N. Old Woodward Ave., Suite 406, Birmingham, MI 48009**
   Address                City                State/Province        Zip/Postal Code

4. Law Firm's Telephone Number or Lawyer's Direct Line: .............................................**(248) 647-6966**

   ☒ Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

## c. CAUSE OF DEATH (IF APPLICABLE)

1. Is the injured person living or deceased? ...............................................................☒ Living ☐ Deceased
   If deceased, date of death:...........................................................................................**N/A**
2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:
Objection for the reason that a death certificate is a public document equally accessible to both claimant and WR Grace. Without waiving the objection, a copy of the death certificate, if any, in claimant's possession has been attached. Claimant further objects to the questions below for the reason that the information requested below is listed in the death certificate and claimant refers WR Grace to the death certificate itself for the exact language.
   Primary Cause of Death (as stated in the Death Certificate): _____

   Contributing Cause of Death (as stated in the Death Certificate): _____

WR GRACE-P1Q 005331-008

## PART II: ASBESTOS-RELATED CONDITION(S)

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1.  **Please check the box next to the condition being alleged:** **ASB**

    ☐ Asbestos-Related Lung Cancer          ☐ Mesothelioma

    ☒ Asbestosis                                      ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)

    ☐ Other Asbestos Disease                  ☐ Clinically Severe Asbestosis

    a.  **Mesothelioma:** If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):

**Objection for the reason that claimant does not have individual knowledge of whether the pathologist(s) who initially diagnosed mesothelioma were or were not board certified. Claimant assumes such pathologist(s) was board certified and is answering the question based upon that assumption. Claimant is informed and believes that pathologists consulted by claimant's law firm are all board certified. Claimant further objects for the reason that board certifications are equally accessible to WR Grace through national boards of registry. Without waiving the objections, claimants have attached medical reports and records concerning the diagnosis of mesothelioma presently in claimant's possession and refers WR Grace to the medical records for the identity of the pathologists. Provided, however, that claimant further objects for the reason that this case has not been set for trial as to W.R. Grace and thus a full trial workup may not have been completed as to W.R. Grace. The discovery request is untimely under applicable state law and may not reflect the totality of evidence to be adduced against W.R. Grace at trial.**

    ☐ diagnosis from a pathologist certified by the American Board of Pathology

    ☐ diagnosis from a second pathologist certified by the American Board of Pathology

    ☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition

    ☐ other (please specify):_____

1

WR GRACE-PIQ 005331-009

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

a.  **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

Claimant objects for the reason that the information requested below is equally obtainable by WR Grace from the medical records which claimant has attached concerning the diagnosis of claimant's lung cancer and claimant refers WR Grace to the attached medical records. Claimant also objects it would be unduly burdensome to require claimant to reproduce the information in summary form when it is readily available from the attached medical records and reports. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.

- ☐ findings by a pathologist certified by the American Board of Pathology

- ☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

- ☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

- ☐ evidence of asbestosis determined by pathology

- ☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

- ☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

- ☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

- ☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

- ☒ other (please specify): **See attached medical records and reports**

c.  **Other Cancer:**

Claimant objects to the questions below for the reason that the information requested is equally accessible from the medical records which claimant has attached concerning the diagnosis of claimant's cancer and claimant refers WR Grace to the attached medical records and reports. Claimant also objects for the reason that it is unduly burdensome to require claimant to reproduce in summary form information which is readily obtainable from the attached reports and records. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.

(i)  If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon       ☐ pharyngeal       ☐ esophageal       ☐ laryngeal       ☐ stomach cancer

☒ other, please specify: **See attached medical records and reports**

(ii)  Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

WR GRACE-PIQ 005331-010

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

☒ other (please specify): **See attached medical records and reports**

2

WR GRACE-PIQ 005331-011

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

a. **Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check all that apply):

Claimant objects for the reason that the information requested below is equally accessible to WRGrace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Claimant also objects for the reason that it is unduly burdensome to require claimant to reproduce in summary form information which is readily obtainable from the attached reports and records.

In further response, claimant does not have individual knowledge of whether all pulmonologists or internists involved in claimant's diagnosis or treatment are board certified, and objects for the reason that such information is equally accessible to WR Grace through national boards of registry. Claimant is informed and believes, however, that all pulmonologists or internists consulted by claimant's law firm are board certified. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.

- ☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine
- ☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health
- ☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health
- ☐ asbestosis determined by pathology
- ☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted
- ☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted
- ☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis
- ☒ other (please specify): **See attached medical records and reports**

b. **Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

Claimant objects for the reason that the information requested below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require that claimant's reproduce in summary form the evidence which is readily obtainable from the attached records. In further response, claimant does not have individual knowledge of whether all pulmonologists or internists involved in claimant's diagnosis or treatment are board certified, and objects for the reason that such information is equally accessible to WR Grace through national boards of registry. Claimant is informed and believes, however, that all pulmonologists or internists consulted by claimant's law firm are board certified . Claimant further objects because this case has not been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.

- ☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine
- ☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural

WR GRACE-PIQ 005331-012

thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Pneumoconioses* (2000)

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☒ other (please specify): <u>**See attached medical records and reports**</u>

3



WR GRACE-PIQ 005331-013

**PART II:  ASBESTOS-RELATED CONDITION(S) (Continued)**

a.  **Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

**Claimant objects for the reason that the information requested  below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require claimant to reproduce in summary form the evidence which is readily obtainable from the attached medical records. In further response, claimant does not have individual knowledge of whether all pulmonologists or internists involved in claimant's diagnosis or treatment are board certified, and objects for the reason that such information is equally accessible to WR Grace through national boards of registry. Claimant is informed and believes, however, that all pulmonologists or internists consulted by claimant's law firm are board certified . Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.**

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ diagnosis determined by pathology

☐ a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a chest x-ray reading  other than those described above

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐ a pulmonary function test other than that discussed above

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐ a CT Scan or similar testing

☐ a diagnosis other than those above

☒ other (please specify): <u>**See attached medical records and reports**</u>

[REMAINDER OF PAGE INTENTIONALLY BLANK]

4

WR GRACE-PIQ  005331-014

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

**2. Information Regarding Diagnosis**

Claimant objects for the reason that the information requested below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Claimant also objects because it would be unduly burdensome to require claimant to reproduce the information in summary fashion which is readily contained in the attached medical reports. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.

Date of Diagnosis: ............................................................................................................................ 9/14/2000

Diagnosing Doctor's Name: _____

Diagnosing Doctor's Specialty: _____

Diagnosing Doctor's Mailing Address: _____
<div style="margin-left:2em">Address</div>

_____
City                                                    State/Province                              Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: ....................................( __ __ __ ) __ __ __ - __ __ __ __

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician? .................................................................☒ Yes ☐ No

Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship.

Was the diagnosing doctor paid for the diagnostic services that he/she performed?....................................☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received _____

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor?..........☐ Yes ☐ No

Claimant objects for the reason that information concerning the attorney/client relationship is privileged.

Was the diagnosing doctor referred to you by counsel? .................................................................☐ Yes ☐ No

See the attached medical reports and records.

Are you aware of any relationship between the diagnosing doctor and your legal counsel?......................☐ Yes ☒ No

*If yes, please explain:* _____

_____

Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.

Claimant refers WR Grace to the attached medical reports or records to determine if the medical doctor performed a physical examination. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.


WR GRACE-PIQ 005331-015

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? ........................................................ ☐ Yes ☐ No See attached medical records and reports

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? ☐ Yes ☐ No See attached medical records and reports.

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? ☐ Yes ☐ No See attached medical records and reports

Did the diagnosing doctor perform a physical examination? ☐ Yes ☐ No See attached medical records and reports.

Do you currently use tobacco products? .................................................................................... ☐ Yes ☐ No

Have you ever used tobacco products? ...................................................................................... ☐ Yes ☐ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

☐ Cigarettes      Packs Per Day (half pack = .5) _____      Start Year __ __ __ __   End Year __ __ __ __

☐ Cigars         Cigars Per Day _____                    Start Year __ __ __ __   End Year __ __ __ __

☐ If Other Tobacco Products, please specify (e.g., chewing tobacco): _____
                 Amount Per Day _____                   Start Year __ __ __ __   End Year __ __ __ __

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? .................. ☐ Yes ☐ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

_____

**Claimant objects to this request. The information requested is equally accessible to W.R. Grace from the attached answers to interrogatories and medical records.**

3.   Information Regarding Chest X-Ray
**Claimant objects for the reason that claimant it is unclear what "your chest x-ray" refers to. In response to the question and without waiving the objection, claimant refers WR Grace to the attached medical records and reports.**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

☐ Mobile laboratory ☐ Job site ☐ Union Hall ☐ Doctor office ☐ Hospital ☐ Other: _____

Address where chest x-ray taken: _____
                                              Address

_____
City                                  State/Province          Zip/Postal Code

5

WR GRACE-PIQ 005331-016

PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

2.  Information Regarding Chest X-Ray Reading
Claimant objects for the reason that the information requested below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require that claimant's reproduce in summary form the evidence which is readily obtainable from the attached records. The information requested is contained to the extent available in the attached medical records and reports.

Date of Reading:  __ __ / __ __ / __ __ __ __          ILO score: _____

Name of Reader: _____

Reader's Daytime Telephone Number:...........................................( __ __ __ ) __ __ __ - __ __ __ __

Reader's Mailing Address: _____
                          Address

_____
City                                            State/Province                    Zip/Postal Code

With respect to your relationship to the reader, check all applicable boxes:

Was the reader paid for the services that he/she performed.......................................................................☒ Yes  ☐ No

*If yes, please indicate who paid for the services performed:* _____ .

Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received _____

Did you retain counsel in order to receive any of the services performed by the reader?............................☐ Yes  ☐ No

Claimant objects for the reason that information concerning the attorney-client relationship is privileged.

Was the reader referred to you by counsel?..................☐ Yes  ☐ No  See the attached medical reports and records.

Are you aware of any relationship between the reader and your legal counsel?.........................................☐ Yes  ☒ No

*If yes, please explain:* _____

Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?

Claimant objects for the reason the information requested is equally accessible to WR Grace from the attached medical reports and the NIOSH list of certified B readers. Claimant is informed and believes that doctors consulted by counsel who complete ILO forms are generally NIOSH certified readers.

..................................................................................................................................☐ Yes  ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

Claimant objects for the reasons stated in the previous question and claimant refers WR Grace to the attached medical records for the information requested.

5.  Information Regarding Pulmonary Function Test: ............................. Date of Test:  __ __ / __ __ / __ __ __ __
Claimant objects for the reason that the information requested below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require that claimant's reproduce in summary form the evidence which is readily obtainable from the attached records.  Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed.  WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.

See the attached medical records and reports for the information that is available.

List your height in feet and inches when test given: ..................................................._____ ft _____ inches

List your weight in pounds when test given:......................................................................._____ lbs

6

WR GRACE-PIQ 005331-017

**Total Lung Capacity (TLC):**.................................................................................................._____% of predicted

**Forced Vital Capacity (FVC):**.............................................................................................._____% of predicted

**FEV1/FVC Ratio:**.................................................................................................................._____% of predicted

**Name of Doctor Performing Test (if applicable):** _____

**Doctor's Specialty:** _____

**Name of Clinician Performing Test (if applicable):** _____

**Testing Doctor or Clinician's Mailing Address:** _____
Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

**Testing Doctor or Clinician's Daytime Telephone Number:**........................( \_\_ \_\_ \_\_ ) \_\_ \_\_ \_\_ - \_\_ \_\_ \_\_ \_\_

**Name of Doctor Interpreting Test:** _____

**Doctor's Specialty:** _____

**Interpreting Doctor's Mailing Address:** _____
Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

**Interpreting Doctor's Daytime Telephone Number:** ....................................( \_\_ \_\_ \_\_ ) \_\_ \_\_ \_\_ - \_\_ \_\_ \_\_ \_\_

WR GRACE-PIQ 005331-018

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician?........................................ ☐ Yes ☐ No

**Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship.**

Was the testing doctor and/or clinician paid for the services that he/she performed? ..................,........... ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:._____*

**Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received _____**

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?..☐ Yes ☐ No

**Claimant objects for the reason that information concerning the attorney-client relationship is privileged.**

Was the testing doctor or clinician referred to you by counsel? .............................................................. ☐ Yes ☐ No

**See the attached medical reports and records.**

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ............ ☐ Yes ☒ No

*If yes, please explain: _____*

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? ................................................................................................... ☐ Yes ☐ No

**Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.**

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician?.................................................................................... ☒ Yes ☐ No

**Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship.**

Was the doctor paid for the services that he/she performed?.................................................. ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed: _____*

**Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received**

Did you retain counsel in order to receive any of the services performed by the doctor? ........................... ☐ Yes ☐ No

**Claimant objects for the reason that information concerning the attorney-client relationship is privileged..**

Was the doctor referred to you by counsel?................. ☐ Yes ☐ No **See the attached medical reports and records.**

Are you aware of any relationship between the doctor and your legal counsel? ........................................ ☐ Yes ☒ No

*If yes, please explain _____*

WR GRACE-PIQ 005331-019

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?............................................. ☐ Yes ☐ No
Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.

2. **Information Regarding Pathology Reports:**
Claimant objects for the reason that the information requested below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require that claimant's reproduce in summary form the evidence which is readily obtainable from the attached medical records. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.

See the attached medical records and reports for information that is available.

Date of Pathology Report:..................................................................................... __ __ / __ __ / __ __ __ __

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
               Address

| | | |
|---|---|---|
| City | State/Province | Zip/Postal Code |

Doctor's Daytime Telephone Number: ......................................................( __ __ __ ) __ __ __ - __ __ __ __

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician?.............................................................. ☒ Yes ☐ No
Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship.

Was the doctor paid for the services that he/she performed?................................................... ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received

Did you retain counsel in order to receive any of the services performed by the doctor? ........................... ☐ Yes ☒ No
Claimant objects for the reason that information concerning the attorney-client relationship is privileged.

Was the doctor referred to you by counsel?.................. ☐ Yes ☐ No See the attached medical reports and records.

Are you aware of any relationship between the doctor and your legal counsel? ........................................ ☐ Yes ☒ No

*If yes, please explain:* _____

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?
.................................................................................................................... ☐ Yes ☐ No
Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.

WR GRACE-PIQ 005331-020

PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

7.  With respect to the condition alleged, have you received medical treatment from a doctor for the condition?

................................................................................................................................................ ☐ Yes ☐ No

Objection for the reason that it is unclear what is meant by the term "medical treatment". Claimant believes that all work reflected in the attached medical records and reports involves medical treatments. Without waiving the objection, Claimant refers WR Grace to the attached medical reports and records for work performed by the medical doctor.

*If yes, please complete the following:*

**Name of Treating Doctor:** _____

**Treating Doctor's Specialty:** _____

**Treating Doctor's Mailing Address:** _____
                                            Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

**Treating Doctor's Daytime Telephone number:** ............................................ ( __ __ __ ) __ __ __ - __ __ __ __

**Was the doctor paid for the services that he/she performed?** ............................................................. ☒ Yes ☐ No

Claimant has responsibility for payment for all services. If medical condition was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received.

*If yes, please indicate who paid for the services performed:* _____

**Did you retain counsel in order to receive any of the services performed by the doctor?** ...................... ☐ Yes ☐ No

Claimant objects for the reason that information concerning the attorney-client relationship is privileged.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

8

WR GRACE-PIQ 005331-021

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects for the reason that the request is unduly burdensome give the time constraints claimant has to provide the information. For many years prior to WR Grace's bankruptcy, claimant through claimant's counsel had a tolling agreement with WR Grace which prevented litigation and discovery against WR Grace. Claimant is now being requested to produce trial ready evidence without the ability to individually discover evidence against WR Grace concerning specific job sites worked at by claimant and in a time frame that is unrealistically short. In addition, WR Grace historically has resolved claims for exposure at the job sites at issue, and WR Grace has access to the information concerning exposure which has been provided to WR Grace as part of prior administrative settlements. This request is therefore redundant and the information is as readily available to WR Grace as to claimant. Without waiving these objections, see attached for the exposure information currently available to claimant.

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products

(b) A worker who personally removed or cut Grace asbestos-containing products

(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

Site of Exposure:

Site Name: _____    Location: _____

Site Type: ☐ Residence ☐ Business    Site Owner: _____

Employer During Exposure: _____    Unions of which you were a member during your employment: _____

| Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| Job 1 Description | | | | | | |
| Job 2 Description | | | | | | |
| Job 3 Description | | | | | | |

WR GRACE-PIQ 005331-022

| | | |
|---|---|---|
| Job 4 Description | | |
| Job 5 Description | | |
| Job 6 Description | | |

9

WR GRACE-PIQ 005331-023

| PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS |

Claimant objects for the reasons set forth in all previous objections set forth above. Information regarding exposures from co-workers using W.R. Grace products or others is contained in the attached documents.

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity

   with another injured person? ...................................................................................................☐ Yes ☐ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: _____Gender: ☐ Male ☐ Female

   Last Four Digits of Social Security Number: __ __ __ __          Birth Date: __ __ / __ __ / __ __

3. What is your Relationship to Other Injured Person: .................................................☐ Spouse ☐ Child ☐ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:

   _____

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:

   From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:

   _____

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? ...........................................☐ Yes ☐ No

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____ File Date: __ __ / __ __ / __ __ __ __

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:

   _____

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:

   From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:

    _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## PART IV: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects for the reason that the request is unduly burdensome and equally accessible to WR Grace as claimant. Claimant is being requested to produce trial ready evidence in an unrealistically short time frame and in a time frame that does not necessarily track the discovery schedules of the underlying tort case. Further, this information is not necessary to determine exposure to a WR Grace product and would be irrelevant in determining whether a prima facie case exists against WR Grace. Additionally, WR Grace has equal access to this information. Without waiving these objections, claimant refers WR Grace to claimant's complaint in the underlying tort case which contains claimant's allegations of exposure and defendants' allegations concerning complaint's allegations.

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, please complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.
In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to the following to indicate the letter(s) corresponding to the letter(s) corresponding to the letter(s) corresponding to the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

| Party Against which Lawsuit or Claim was Filed: | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| **Site of Exposure 1** | Job 1 Description: | | | | | |
| Site Name: | Job 2 Description: | | | | | |
| Address: | Job 3 Description: | | | | | |
| City and State: | | | | | | |
| Site Owner: | | | | | | |
| **Site of Exposure 2** | Job 1 Description: | | | | | |
| Site Name: | Job 2 Description: | | | | | |
| Address: | Job 3 Description: | | | | | |
| City and State: | | | | | | |
| Site Owner: | | | | | | |
| **Site of Exposure 3** | Job 1 Description: | | | | | |
| Site Name: | Job 2 Description: | | | | | |
| Address: | Job 3 Description: | | | | | |
| City and State: | | | | | | |
| Site Owner: | | | | | | |

11

WR GRACE-PIQ  005331-024

**PART VI: EMPLOYMENT HISTORY**

WR GRACE-PIQ 005331-025

**See attached work history.**

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**Occupation Code:** _____ If Code 59, specify: _____

**Industry Code:** _____ If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
         Address

_____
City                    State/Province            Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: _____

**Industry Code:** _____ If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
         Address

_____
City                    State/Province            Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: _____

**Industry Code:** _____ If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
         Address

_____
City                    State/Province            Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: _____

**Industry Code:** _____ If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
         Address

_____
City                    State/Province            Zip/Postal Code

WR GRACE-PIQ 005331-026

| PART VII:  LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA |
|---|

**a.** **LITIGATION**

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica? ............................................. ☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit.  For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption: _AP Green et al_

   Case Number: **00-039694 NP**                                    File Date: **12/7/2000**

   Court Name: **WAYNE COUNTY CIRCUIT COURT** _____

3. Was Grace a defendant in the lawsuit?........................................................................................ ☐ Yes ☐ No
   (If no) Claimant's counsel had an administrative settlement agreement with WR Grace. As part of this agreement, claimant agreed to refrain from suing WR Grace in exchange for resolving claims after evaluation of medical information and exposure. The tolling agreement was in effect at the time that WR Grace filed for Chapter 11 reorganization.

4. Was the lawsuit dismissed against any defendant?.......................................................................... ☐ Yes ☐ No
   Claimant objects because this request is unduly burdensome.  As WR Grace well-knows, during the course of a lawsuit defendants are dismissed or added as evidence develops. In order to accurately answer this question, claimant would have to review the docket of the entire case which WR Grace can do as readily as claimant.

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*
   Claimant objects for the reasons stated above.

   _____
   _____
   _____

5. Has a judgment or verdict been entered? ........................................................................................ ☐ Yes ☐ No

   *If yes, please indicate verdict amount for each defendant(s):* _____

6. Was a settlement agreement reached in this lawsuit?........................................................................ ☐ Yes ☐ No

   Claimant objects for the reason that such information is confidential and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the disclosure of such settlement information would chill settlement discussions with any remaining defendants. Claimant also objects because such information is not discoverable under controlling state law at this stage of litigation.

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant: _____
   b. Applicable defendants:_____
   c. Disease or condition alleged: _____
   d. Disease or condition settled (if different than disease or condition alleged):_____

7. Were you deposed in this lawsuit?.................................................................................................. ☐ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

   Claimant objects for the reason that request is unduly burdensome and WR Grace has an equal ability to obtain a copy of a deposition from the court reporting service which took the deposition. Claimant was required to pay the court reporting service for a copy of the deposition and each defendant in a case is also required to pay for its copy of a depositon.

13

WR GRACE-PIQ 005331-027

**b.** **CLAIMS**

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)?.......................................................................................... ☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(b).  If no, please skip to Part VIII.*

   Claimant objects on the basis that the information requested is confidential and is not reasonably calculated to lead to the discovery of any admissible evidence.  In addition, by violating the confidentiality of settlements, disclosure of such information would chill settlement discussions with other defendants.  The request is also unduly burdensome.  Claimant further objects because the information, if not confidential, would be equally accessible to WR Grace by subpoena.  It would be as burdensome for claimant to assemble the information as for WR Grace to do it.

2. Date the claim was submitted: .................................................................................................... __ __ / __ __ / __ __ __ __

3. Person or entity against whom the claim was submitted: _____

4. Description of claim:  _____

5. Was claim settled?................................................................................................................ ☐ Yes ☐ No

6. Please indicate settlement amount:.............................................................$_____

7. Was the claim dismissed or otherwise disallowed or not honored?........................................................ ☐ Yes ☐ No

   *If yes, provide the basis for dismissal of the claim:*_____

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

Objection for the reason that the requested information is vague. Claimant is unclear about what is WR GRACE-P10 005331-028 term "dependents or related persons". Because of this lack of clarity, claimant will answer only with respect to individuals claimed as dependents on IRS income tax returns currently if the asbestos victim is alive or prior to the time of death if the asbestos victim is deceased.

Name of Dependent or Related Person: Ann L. Cray ............................................ Gender: ☐ Male ☒ Female

Last Four Digits of Social Security Number: 1494                                Birth Date: 6/5/1929

Financially Dependent: ................................................................................................................ ☒ Yes ☐ No

Relationship to Injured Party: ☒ Spouse ☐ Child ☐ Other If other, please specify _____

Mailing Address: **13396 Backus**
          Address

| **Southgate** | **MI** | **48195** |
|---|---|---|
| City | State/Province | Zip/Postal Code |

Daytime Telephone number: ...........................................................................(734) 285-3461

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.
**Claimant objects because the request is unduly burdensome and that the attached documentation is sufficiently identified**

**Copies:**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products
☐ Supporting documentation of other asbestos exposure

☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
☐ Death Certification

**Originals:**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products

☐ Supporting documentation of other asbestos exposure
☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.
Signature: _Melbourne D. Cray_      Date: _12 / 8 / 2005_
Please Print Name: **Melbourne D. Cray**

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.
Signature: _____      Date: **January 9, 2006**
Please Print Name: **Michael B. Serling**

14