# EXHIBIT C

# BARON & BUDD

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
SUITE 1100
3102 OAK LAWN AVENUE
DALLAS, TEXAS 75219-4281
(214) 521-3605
TELECOPIER (214) 520-1181

February 24, 2006

Barbara M Harding
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington D.C., 20005

RE:    W.R. Grace Bankruptcy

Dear Ms. Harding,

I write regarding your letter to Counsel/Claimants dated February 6, 2006, and concerning the requirements approved by the Bankruptcy Court for the completion of your discovery questionnaires.

In that letter, you refer to "the Court's previous rulings and instructions ... concerning the completion of the questionnaire." In so doing, you necessarily rely upon assumptions and interpretations of the Amended Case Management Order (the "CMO") that do not match the contents of the CMO. The CMO represents the only authoritative statement of rulings and instructions of the Court on the subject of Grace's discovery requests and Claimants represented by Baron & Budd, P.C. will complete Grace's discovery questionnaires in accordance with the actual instructions of the Bankruptcy Court. Your three specific assertions are in error for the reasons set forth below.

Firstly, you claim that, in furtherance of answering Grace's discovery questionnaires "as completely and accurately as possible," questions "must not be answered by means of attaching documents" and that "supporting documents may not be submitted in lieu of answering the questions contained in the Questionnaire." This alleged requirement does not appear in the CMO or in the instructions for completing the discovery questionnaires. Indeed, the instruction on page ii of the discovery questionnaire states only that it must be "(i) written in English, and (ii) attach relevant supporting materials." Appending a document providing the information sought by Grace through the questions posed is perfectly consistent with completing the questionnaires as completely and accurately as possible and may be the most efficient and expeditious means of responding to one of Grace's discovery requests. This questionnaire has been served by Grace as a vehicle of discovery, and the responses to be provided by claimants represented by this firm will be responsive to the discovery request and compliant with the rules of discovery applicable

in bankruptcy proceedings. Such responses may include the attachment of documents from which Grace may derive all information sought in discovery.

Secondly, you claim that for "claimants represented by counsel, the Questionnaire must be signed by both the claimant and his or her attorney." This is simply incorrect. The CMO imposes no such requirement on counsel, and the instructions for completion of the discovery questionnaire leave the clear impression that the form must be signed by the claimant or, if he/she is deceased, a legal representative of the estate. The instructions state, at page 3, that "by signing Part X, you the injured person, are attesting and swearing, under penalty of perjury, that to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person." Where the instructions refer to claimant's legal counsel, they employ the term counsel. The second signature box of the attestation uses the term "legal representative," and is a clear reference to the representative of a deceased claimant's estate who must sign on behalf of a deceased claimant. This is a discovery questionnaire directed at claimants, and those returned by claimants whom we represent will not be counter-signed by legal counsel.

Finally, claimants whom we represent reserve the right to make any necessary objections to the discovery sought, and seek resolution of such objections through the discovery arbitrator appointed precisely for such purpose and, ultimately, the Bankruptcy Court to the extent either has jurisdiction of these disputes all of which we contest. Claimants have not waived or been deprived of any of their rights under the discovery rules to seek judicial resolution of disputes over objectionable questions.

Thank you for keeping us informed of the shifting deadlines for responses to Grace's discovery requests. Responses will be forthcoming at the appropriate time.

Sincerely,

Natalie F. Duncan

cc: Mary E. Skelnik