# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: W. R. GRACE & CO., et al., | Chapter 11<br>Case Nos. 01-1139 through 01-1200<br>(Jointly Administered) |
| Debtors. | |

IN RE:     GENERAL ASBESTOS

FOURTH AND FINAL APPLICATION OF LYNCH KEEFE
BARTELS FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES ON
BEHALF OF JOHN E. KEEFE, SR. AS A COURT
APPOINTED ADVISOR FOR THE PERIOD FROM MAY 1,
2003 THROUGH JANUARY 10, 2005

**TO THE HONORABLE JUDITH K. FITZGERALD, U.S.D.J.:**

Pursuant to 11 U.S.C. §330 and §331 and Rule 2016 of the General Rules of Bankruptcy

Procedure, Lynch Keefe Bartels hereby moves this Honorable Court on behalf of John E. Keefe,

Sr. for an Order awarding an interim allowance of reasonable compensation with respect to the

five above-captioned Chapter 11 case for professional services rendered in John E. Keefe, Sr.'s

capacity as a Court Appointed Advisor in connection with the Court's management of this large,

mass-tort bankruptcy case, in the amount of $720.00 for the period of May 1, 2003 through

January 10, 2005.

In support of this Application and pursuant to Bankruptcy Rule 2016, John E. Keefe, Sr.

respectfully represents as follows:

1.     The debtor in the above-captioned case ("W.R. Grace") filed a voluntary petition

for reorganization relief under Chapter 11 of Title 11 of U.S.C. §§101-1330. The debtor

{00293232.DOC}

continues to operate its business and manage its properties as a debtor-in-possession pursuant to §§ 1107 (a) and 1108 of the Bankruptcy Code.

2.      On December 28, 2001, the Court appointed Mr. Keefe and several other persons as "Court Appointed Advisors" to assist the Court, as set forth in that Order and in subsequent Orders, with the management of the above-captioned very large, mass-tort bankruptcy case and other such cases, as referenced in said Order, to undertake such duties as the Court has and may in the future assign to Mr. Keefe. A copy of this Order is annexed hereto as Exhibit A.

3.      By its Order dated March 19, 2002, the Court withdrew the reference to the Bankruptcy Court for any application for allowance of fees and/or costs by Court Appointed Advisors and gave leave to the Court Appointed Advisors to file interim fee applications in accordance with the directions set forth therein. A copy of this Order is annexed hereto as Exhibit B. This Application is the fourth such application by John E. Keefe, Sr.

4.      There is no agreement or understanding between Mr. Keefe and any other person, other than the members, associates and employees of the law firm of Lynch Keefe Bartels of which Mr. Keefe is of counsel, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

5.      No agreement exists with any person or entity regarding the rate or amount of compensation Mr. Keefe shall receive in connection with his appointment by this Court. The hourly rate of $450.00 is reasonable and customary for an attorney of Mr. Keefe's experience rendering services such as those involved with his appointment as Court Appointed Advisor.

6.      Mr. Keefe has expended a total of 7.25 hours in rendering professional services as a Court Appointed Advisor and incurred costs for 1.5 hours of travel time in rendering same. The time spent and the services rendered were reasonable in relation to the size and complexity

of the matters handled, not duplicative of other services rendered, and necessary to the administration of the debtor's estate. The overall billing statement is attached as Exhibit C and sets forth the total time spent by Mr. Keefe in his position as Court-Appointed Advisor in the above-captioned, very large mass tort bankruptcy case, and other cases for which he was also a Court Appointed Advisor.

7.     The billing statement attached as Exhibit D presents the hours expended in increments of one-tenth of an hour, with a description of the service rendered for each entry.

8.     John E. Keefe, Sr. respectfully submits that the compensation for services and reimbursement of expenses requested is consistent with the nature and extent of the services rendered for the period May 1, 2003 through January 10, 2005, the size and complexity of the case, the time, labor and special expertise brought to bear on the questions, and other related factors.

9.     John E. Keefe, Sr., having reviewed Local Rule 2016-2 regarding compensation and reimbursement of expenses, certifies that this application complies with the requirements of Local Rule 2016-2.

10.     A proposed form of order is submitted herewith.

**WHEREFORE**, John E. Keefe, Sr. respectfully requests that an interim allowance of compensation for fees for services rendered and reimbursement of costs be allowed, in the amount of $720.00, as to the debtor in the above-captioned matter, subject to disgorgement as may be directed in a final Order of allowance at the conclusion of these Chapter 11 cases.

JOHN E. KEEFE, SR.
Court Appointed Advisor

Dated: March 16, 2006

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 00-4471, 00-4469, 00-4470 |
| IN RE: W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-1139 through 0-1200 |
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-10578, et al.[1] |
| IN RE: USG CORPORATION, a Delaware Corporation, et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 01-2094 through 01-2104 |
| IN RE: OWENS CORNING, et al.,<br><br>Debtors. | Chapter 11<br>Case Nos. 00-3837 through 00-3854 |

## ORDER DESIGNATING COURT APPOINTED CONSULTANTS AND SPECIAL MASTERS

This matter having been opened by the Court upon its own motion in each of the above-captioned Chapter 11 cases; and the interested parties having been put on notice by the Court at the joint case management conference held on December 20, 2001, that the Court anticipated appointing special masters and/or case

---

[1]See attached list.

management consultants to whom the Court may from time to time delegate certain authority to hear matters and to advise the Court on issues that may arise in these five large Chapter 11 cases; and for good cause shown

It is this 28th day of December, 2001

ORDERED that the following Order applies to the lead cases identified in the caption of this Order and to all cases filed as related cases thereto, and it is further

ORDERED that William A. Drier, Esq., David R. Gross, Esq., C. Judson Hamlin, Esq., John E. Keefe, Esq., and Professor Francis E. McGovern are hereby designated as Court Appointed Consultants to advise the Court and to undertake such responsibilities, including by way of example and not limitation, mediation of disputes, holding case management conferences, and consultation with counsel, as the Court may delegate to them individually, and it is further

ORDERED that the parties are on notice that the Court may, without further notice, appoint any of the Court-Appointed Consultants to act as a Special Master to hear any disputed matter and to make a report and recommendation to the Court on the disposition of such matter, and it is further

ORDERED that William A. Drier, Esq., is hereby appointed Special Master in the matter of In re W.R. Grace & Co., Bankruptcy No. 01-1139 through 01-1200, to hear all disputed matters in that Chapter 11 case for which the Court's Order of

Reference may be withdrawn from the Honorable Judith K.
Fitzgerald, United States Bankruptcy Judge, and it is further

ORDERED that the fees of the Court Appointed Consultants and
Special Master(s) shall be borne by the debtors in such manner
and apportionment as this Court or the Bankruptcy Courts may
hereinafter direct.

_____
ALFRED M. WOLIN, U.S.D.J.

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ARMSTRONG WORLD   : <br> INDUSTRIES, INC., et al.,: <br>     : <br>     Debtors.    : <br> -------------------------- | Chapter 11 <br> Case Nos. 00-4471, 00-4469,   _2/4| <br>       00-4470 |
| IN RE: W.R. GRACE & CO.,  : <br> et al.,     : <br>   : <br>     Debtors.    : <br> -------------------------- | Chapter 11 <br> Case Nos. 01-1139 through   /Y2-7 <br>       0-1200 |
| IN RE: FEDERAL-MOGUL    : <br> GLOBAL, INC., T&N   : <br> LIMITED, et al.,   : <br>   : <br>     Debtors.    : <br> -------------------------- | Chapter 11 <br> Case Nos. 01-10578, et al.[1]  /4/2 |
| IN RE: USG CORPORATION,  : <br> a Delaware Corporation,  : <br> et al.,   : <br>   : <br>     Debtors.    : <br> -------------------------- | Chapter 11 <br> Case Nos. 01-2094 through  _704 <br>       01-2104 |
| IN RE: OWENS CORNING,   : <br> et al.,     : <br>   : <br>     Debtors.    : | Chapter 11 <br> Case Nos. 00-3837 through  4423 <br>       00-3854 |

## ORDER 1) PARTIALLY WITHDRAWING THE REFERENCE AND 2) GOVERNING APPLICATIONS FOR THE ALLOWANCE OF FEES AND EXPENSES TO COURT APPOINTED ADVISORS

This matter being opened upon the Court's own motion pursuant to the authority granted in 11 U.S.C. § 105(a) and the Court's inherent power; and the Court, pursuant to its Order of December 28, 2001, having appointed certain persons as Court Appointed Advisors ("Advisors") and in that Order and in subsequent Orders

---

[1] See attached list.

certain of these Advisors having been designated Special Masters
to hear and report on matters specifically delegated to them by
the Court as set forth in those Orders; and it appearing that the
Advisors are functioning in a manner in all respects similar to
examiners as provided for in the Bankruptcy Code, 11 U.S.C. §§
1104, 1106; and the Bankruptcy Code and Rules providing for the
compensation of examiners, officers and professional persons
pursuant to 11 U.S.C. §§ 330, 331; and the Advisors, by virtue of
their direct appointment by the Court, occupying a unique
position in the above-captioned cases not shared by other persons
employed in these cases; and the Court having determined that the
continued employment of the Advisors in their various capacities
is necessary for the efficient administration of these very large
mass-tort chapter 11 cases and in the best interests of the
creditors, equity holders and the estates in bankruptcy and that
the debts of the estates as specified in 11 U.S.C. § 1104(c)(2)
exceed $5,000,000; and for good cause shown

IT IS this 19th day of March 2002

ORDERED that pursuant to 28 U.S.C. §157 and the Order of
this Court issued December 10, 2001, the reference of these cases
to the Bankruptcy Court, Judge Randall J. Newsome and Judge
Judith K. Fitzgerald presiding, is hereby withdrawn with respect
to any application for an allowance of fees filed by any of the
Advisors, and it is further

2

ORDERED that the Advisors may make application for the allowance of their fees and expenses from the debtors' estates directly to this Court in the first instance, requesting that such applications be reviewed and approved by the Court pursuant to the substantive standards set forth in 11 U.S.C. § 330, and it is further

ORDERED that any application for the allowance of fees and expenses shall set forth how the applicant believes the fees and expenses should be allocated between the debtors, and it is further

ORDERED that, although by its terms local bankruptcy rule 2016-2 does not apply to applications for the allowance of fees and expenses by the Advisors, local rule 2016-2(d) governing information requirements relating to compensation requests is hereby incorporated by reference and made applicable to applications by the Advisors pursuant to this Order, and it is further

ORDERED that the Advisors may make interim applications for the allowance of fees and expenses pursuant to 11 U.S.C. § 331, on a monthly basis, and it is further

ORDERED that an application for the allowance of fees and expenses pursuant to this Order shall not set forth a hearing date for the application and no hearing will be held unless written objection is filed with the Court no later than ten days

3

after service upon the objecting party of the fee application, and it is further

ORDERED that no Administrative Order or other Order in any of the above-captioned cases governing applications for the allowance of fees and expenses to professionals shall apply to an application by any of the Court Appointed Advisors pursuant to this Order except as provided below with respect to service, and it is further

ORDERED that any application made pursuant to this Order shall be served on the same parties and in the same manner as provided by applicable rule as superseded or modified by any Administrative Order of the Bankruptcy Court governing applications for the allowance of fees and expenses to professionals for which the reference has not been withdrawn, and it is further

ORDERED that this Order shall not limit the Court's ability, upon adequate notice, to charge fees and expenses of the Advisors upon parties besides the debtors on the grounds of equity, rule of procedure, or other law.

ALFRED M. WOLIN, U.S.D.J.

4

IN RE: FEDERAL-MOGUL GLOBAL, INC.
### Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

5

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

In re: FEDERAL MOGUL PRODUCTS, :      Bankruptcy Case No. 01-10578
INC., et al.,                     :
                                  :
          Debtor.                 :
- - - - - - - - - - - - - - - - - - - -
DRESSER INDUSTRIES, INC.,         :      Adv. Civ. No. 01-09018
                                  :
          Plaintiff,              :
                                  :
v.                                :          O R D E R
                                  :
FEDERAL MOGUL PRODUCTS, INC.,     :
et al.,                           :
                                  :
          Defendants.             :

The Court having directed John E. Keefe, Sr., Esq., to hold
a conference with the parties in the above-referenced matter on
September 24, 2002; and counsel for the parties having appeared
at the conference and consented to the case management provisions
set forth in the letter of Mr. Keefe, dated September 27, 2002,
and attached to this Order, including without limitation that Mr.
Keefe serve as Special Master for the purposes of ruling on
discovery disputes in the manner set forth in the letter; and no
post-conference objection having been received as provided for by
Mr. Keefe in the last paragraph of his letter; and for good cause
shown

It is on this 7 $^{th}$ day of October, 2002

ORDERED that John E. Keefe, Sr., Esq., is hereby appointed
Special Master for the above-captioned matter and all disputes

arising out of discovery are hereby referred to him for resolution in accordance with the procedures set forth in the letter of John E. Keefe, Sr., Esq., attached hereto, except as modified by this Order, and it is further

ORDERED that the letter of John E. Keefe, Sr., Esq., is adopted and incorporated into this Order as the Order of the Court, provided however that:

1. Paragraph one is modified to provide that courtesy copies of any paper filed with the Court, including without limitation any paper directed to be filed or forwarded to the Court by this Order and the letter incorporated hereto, shall be delivered by hand, courier or mail, and not by facsimile transmission or e-mail except on special permission granted with respect to the particular submission at issue.

2. Paragraph number 3 is modified to provide that the Notice to be serve by a party wishing to appeal a recommendation of the Special Master shall consist of one page and shall state only the specific Order appealed from and that the party wishes to appeal. Simultaneously with serving the Notice, the appellant shall forward a copy of the Notice to the Court and contact chambers by telephone for further instructions on how to proceed.

3. Paragraph 3 is further modified to provide that the period for a party to appeal a recommendation of the Special Master shall commence upon the first oral or written indication

2

that the motion is granted or denied.

and it is further

ORDERED that to the extent this Order is inconsistent with Federal Rule of Bankruptcy Procedure 9031, that rule is suspended for these proceedings with the consent of the parties.

ALFRED M. NOLIN, U.S.D.J.

3

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE


ARMSTRONG WORLD INDUSTRIES,      :    Adv. Pro. No. 01-01160
INC.,
              Plaintiff,         :

                                 :
v.
                                 :

THE CENTER FOR CLAIMS            :
RESOLUTION, INC. and SAFECO      :
INSURANCE CO. OF AMERICA,        :

                                 :
              Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
SAFECO INSURANCE CO. OF          :    Adv. Pro. No. 01-00175
AMERICA,
                                 :
              Plaintiff,         :

                                 :
v.
                                 :

THE CENTER FOR CLAIMS            :
RESOLUTION, INC.,                :

                                 :
              Defendant.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
FEDERAL-MOGUL CORP., T&N         :    Adv. Pro. No. 01-8885
LIMITED, GASKET HOLDING, INC.    :
and FERODO AMERICA, INC.,        :

                                 :
              Plaintiffs,        :

                                 :
v.
                                 :

THE CENTER FOR CLAIMS            :
RESOLUTION, SAFECO INSURANCE     :
CO. OF AMERICA, TRAVELERS        :
CASUALTY & SURETY CO. OF         :
AMERICA, and NATIONAL FIRE       :
INSURANCE CO. OF HARTFORD and    :
CONTINENTAL CASUALTY CO.,        :

                                 :
              Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

USG CORP. and UNITED STATES         :    Adv. Pro. No. 01-08932
GYPSUM,                             :
                                    :
             Plaintiffs,            :
                                    :
v.                                  :
                                    :
THE CENTER FOR CLAIMS               :
RESOLUTION, INC. and SAFECO         :
INSURANCE CO. OF AMERICA,           :
                                    :
             Defendants.            :

---

### ORDER: (1) CONSOLIDATING ADVERSARY PROCEEDINGS and (2) APPOINTING A SPECIAL MASTER

This matter having been opened by the Court on its own motion; and the Court having held a case management conference on February 25, 2002 at which counsel for all interested parties in the above-captioned matters were present and heard by the Court; and the Court having discussed with counsel the need for certain case management provisions in the substance set forth in this Order for the efficient management of these complex proceedings within the several very large, mass-tort chapter 11 cases pending before the Court; and the Court having given all parties an opportunity to object to the entry of this Order or otherwise be deemed to have waived any further objection to it; and no party having objected to the entry of this Order; and for good cause shown

It is on this 27th day of February, 2002

ORDERED that the above-captioned adversary proceedings are hereby consolidated for purposes of discovery and for trial, and

2

it is further

ORDERED that John E. Keefe, Sr., Esq., of Lynch, Martin & Kroll, Red Bank, New Jersey, is hereby appointed Special Master in these consolidated adversary proceedings, and it is hereby

ORDERED that the Special Master shall hear disputes arising out of discovery matters only, subject to further Order of the Court, and it is further

ORDERED that practice before the Special Master shall be governed by such rules as he may direct, provided however that

1.  Counsel shall confer among themselves in good faith to resolve any dispute before presenting it to the Special Master;

2.  The Special Master may hear testimony and the arguments of counsel by any means he may deem appropriate, including without limitation by telephone conference, and announce his ruling orally, which announcement shall start the time within which any objection must be filed as further set forth in this Order;

3.  The ruling of the Special Master shall be final and binding on the parties unless a party whose rights are affected by that ruling files a written objection within five calendar days of its announcement, provided however that any party intending to object must first contact the chambers of the Court by telephone for further instructions on how to proceed;

3

4.   The Special Master shall, as soon as practicable following the announcement of a ruling, prepare a written report to the Court setting forth those findings of fact and conclusions of law upon which that ruling is based, provided however that the parties may waive the necessity of a written report should no objection be forthcoming;

5.   Upon the objection of any party filed in conformance with this Order, this Court shall review the ruling and report of the Special Master de novo; and it is further

ORDERED that, to the extent this Order may be inconsistent with Bankruptcy Rule 9031, that rule is suspended.

ALFRED M. WOLIN, U.S.D.J.

4

# EXHIBIT C

**RE: Asbestos Mgt. Committee   (Third Interim Bill)**
**Our File No. 1149-03238-02-50**

| | | |
|---|---|---|
| Dec. 29, 2003 | Review file documents. Preparation of document list in response to notice to produce in connection with recusal motion | 3.25 |
| Jan. 3, 2004 | Preparation for depositions | 2.0 |
| Jan. 5, 2004 | Attendance at depositions | 2.0 |
| | | 7.25 |
| | 7.25 hrs @ $450.00 per hr | $3,262.50 |
| Jan. 5, 2004 | Travel 1.5 hrs $225.00 per hr | 337.50 |

# EXHIBIT D

Re: Federal Mogul (CCR Litigation) No. 01-8885
Our File No. 1149-03364-02-05

Aug. 19, 2003          Telephone conference with          2.5
                       counsel re: discovery issues.
                       Receipt and review of
                       documents re: emergent
                       application

Aug. 26, 2003          Preparation of report and          .3
                       recommendation

                       2.8 hrs at $450.00 per hr          $1260.00