UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
------------------------------------X
In re :  **W.R. Grace & Co., et al**

                                                                                        Chapter   11
                                                                                       Case Nos.01-01139
                                                                                       **Claim No. 1200**

        Debtors
------------------------------------X

**NOTICE: TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(2) OR (4)**

To: (Transferor)   **Xerox Capital Services, LLC**
                     **1301 Ridgeview Drive**
                     **Lewisville, TX  75057**

The transfer of your claim as shown above, in the amount of **$340.02** has been transferred *(unless previously expunged by court order)* to:

        **SIERRA LIQUIDITY FUND**
        **2699 WHITE RD. SUITE #255**
        **IRVINE, CA 92614**

No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
      **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

        United States Bankruptcy Court
        District of Delaware
        Attn:  Bankruptcy Clerk
        824 N. Market Street – 3rd Floor
        Wilmington, DE  19801

     **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to **INTERNAL CONTROL No.**     in your objection.
**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

                                            Clerk of Court
-----------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on            , 200  .
Copy(check): Claims Agent__ Transferee__ Debtor's Attorney__

                                                                        _____
                                                                       Deputy Clerk

bc: objntc
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM ON FILE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
------------------------------------X
In re : **W.R. Grace & Co., et al**

                                        Chapter   11
                                 Case Nos.01-01139
                                 **Claim No. 690**

        Debtors
------------------------------------X

**NOTICE: TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(2) OR (4)**

To: (Transferor)  **Xerox Capital Services, LLC**
                     **1301 Ridgeview Drive**
                     **Lewisville, TX  75057**

The transfer of your claim as shown above, in the amount of **$4,764.15** has been transferred *(unless previously expunged by court order)* to:

                **SIERRA LIQUIDITY FUND**
                **2699 WHITE RD. SUITE #255**
                **IRVINE, CA 92614**

No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
       **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

       United States Bankruptcy Court
       District of Delaware
       Attn: Bankruptcy Clerk
       824 N. Market Street - 3rd Floor
       Wilmington, DE  19801

      **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to **INTERNAL CONTROL No.**       in your objection.
**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

                                Clerk of Court
------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on          , 200  .
Copy(check): Claims Agent__ Transferee__ Debtor's Attorney__

                                                            Deputy Clerk

bc: objntc
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM ON FILE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
------------------------------------X
In re : **W.R. Grace & Co., et al**

                                                         Chapter   11
                                                   Case Nos.01-01139
                                                    **Claim No. 711**

        Debtors
------------------------------------X

NOTICE:   TRANSFER OF CLAIM PURSUANT TO **FRBP RULE 3001(e)(2) OR (4)**

To: (Transferor)  **Xerox Capital Services, LLC**
                        **1301 Ridgeview Drive**
                        **Lewisville, TX  75057**

The transfer of your claim as shown above, in the amount of **$4,961.52**
has been transferred *(unless previously expunged by court order)* to:

                **SIERRA LIQUIDITY FUND**
                **2699 WHITE RD. SUITE #255**
                **IRVINE, CA 92614**

No action is required if you do not object to the transfer of your
claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20
DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
        **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

        United States Bankruptcy Court
        District of Delaware
        Attn:  Bankruptcy Clerk
        824 N. Market Street - 3rd Floor
        Wilmington, DE  19801

        **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to **INTERNAL CONTROL No.**       in your objection.
**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE
SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

                                          Clerk of Court
------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail,
postage prepaid on             , 200  .
Copy(check): Claims Agent__ Transferee__ Debtor's Attorney__

                                                            Deputy Clerk

bc: objntc
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM ON FILE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
------------------------------------X
In re : **W.R. Grace & Co., et al**

                                                            Chapter 11
                                          Case Nos.01-01139
                                              **Claim No. 409**

        Debtors
------------------------------------X

**NOTICE:** TRANSFER OF CLAIM PURSUANT TO **FRBP RULE 3001(e)(2) OR (4)**

To: (Transferor)  **Xerox Capital Services, LLC**
                       **1301 Ridgeview Drive**
                       **Lewisville, TX 75057**

The transfer of your claim as shown above, in the amount of **$799.60** has been transferred *(unless previously expunged by court order)* to:

        **SIERRA LIQUIDITY FUND**
        **2699 WHITE RD. SUITE #255**
        **IRVINE, CA 92614**

No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
       **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

       United States Bankruptcy Court
       District of Delaware
       Attn: Bankruptcy Clerk
       824 N. Market Street – 3rd Floor
       Wilmington, DE 19801

       **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to **INTERNAL CONTROL No.**    in your objection.
**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**


                                        Clerk of Court
------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on       , 200 .
Copy(check): Claims Agent___ Transferee___ Debtor's Attorney___

                                                           _____
                                                           Deputy Clerk

bc: objntc
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM ON FILE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
------------------------------------X
In re : **W.R. Grace & Co., et al**

                                                             Chapter  11
                                                Case Nos.01-01139
                                                 **Claim No. 391**

             Debtors
------------------------------------X

**NOTICE:** TRANSFER OF CLAIM PURSUANT TO **FRBP RULE 3001(e)(2) OR (4)**

To: (Transferor)   **Xerox Capital Services, LLC**
                          **1301 Ridgeview Drive**
                          **Lewisville, TX   75057**

The transfer of your claim as shown above, in the amount of **$218,623.28**
has been transferred *(unless previously expunged by court order)* to:

               **SIERRA LIQUIDITY FUND**
               **2699 WHITE RD. SUITE #255**
               **IRVINE, CA 92614**


No action is required if you do not object to the transfer of your
claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20
DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
       **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

       United States Bankruptcy Court
       District of Delaware
       Attn: Bankruptcy Clerk
       824 N. Market Street – 3rd Floor
       Wilmington, DE 19801

       **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to **INTERNAL CONTROL No.**   in your objection.
**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE
SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**


                                  Clerk of Court
-------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail,
postage prepaid on         , 200  .
Copy(check): Claims Agent__ Transferee__ Debtor's Attorney__


                                                          _____
                                                          Deputy Clerk

bc: objntc
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM ON FILE

```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
--------------------------------------X
In re :  W.R. Grace & Co., et al
                                                        Chapter   11
                                                        Case Nos.01-01139
                                                        Claim No. 391
            Debtors
--------------------------------X
```

**NOTICE:** TRANSFER OF CLAIM PURSUANT TO **FRBP RULE 3001(e)(2) OR (4)**

To: (Transferor)   **Xerox Capital Services, LLC**
                   **1301 Ridgeview Drive**
                   **Lewisville, TX 75057**

The transfer of your claim as shown above, in the amount of $218,623.28 has been transferred *(unless previously expunged by court order)* to:

                   **SIERRA LIQUIDITY FUND**
                   **2699 WHITE RD. SUITE #255**
                   **IRVINE, CA 92614**

No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
     **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

          United States Bankruptcy Court
          District of Delaware
          Attn:  Bankruptcy Clerk
          824 N. Market Street - 3rd Floor
          Wilmington, DE  19801

     **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to **INTERNAL CONTROL No.**    in your objection.
**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

                              Clerk of Court
-----------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on          , 200  .
Copy(check): Claims Agent__ Transferee__ Debtor's Attorney__

                                              _____
                                              Deputy Clerk
bc: objntc
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM ON FILE

```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
-----------------------------------X
In re :  W.R. Grace & Co., et al
                                                     Chapter    11
                                              Case Nos.01-01139
                                                 Claim No. 859

              Debtors
-----------------------------------X
```

NOTICE:  TRANSFER OF CLAIM PURSUANT TO **FRBP RULE 3001(e)(2) OR (4)**

To: (Transferor)   Xerox Capital Services, LLC
                   1301 Ridgeview Drive
                   Lewisville, TX  75057

The transfer of your claim as shown above, in the amount of **$2,981.16**
has been transferred *(unless previously expunged by court order)* to:

              SIERRA LIQUIDITY FUND
              2699 WHITE RD. SUITE #255
              IRVINE, CA 92614

No action is required if you do not object to the transfer of your
claim.  However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20
DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
         FILE A WRITTEN OBJECTION TO THE TRANSFER with:

         United States Bankruptcy Court
         District of Delaware
         Attn:  Bankruptcy Clerk
         824 N. Market Street – 3rd Floor
         Wilmington, DE  19801

         **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to **INTERNAL CONTROL No.**     in your objection.
**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE
SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

                              Clerk of Court
-------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail,
postage prepaid on            , 200  .
Copy(check): Claims Agent__  Transferee__  Debtor's Attorney__

                                         _____
                                         Deputy Clerk
bc: objntc
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM ON FILE

# ASSIGNMENT OF CLAIM IN BANKRUPTCY

## W.R. Grace & Co., et al.

Xerox Corporation ("Assignor"), a corporation organized and existing under the laws of the State of New York, in consideration of the amount of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and 70/100) (the "Purchase Price"), does hereby sell, transfer and assign to Sierra Liquidity Fund, LLC ("Assignee") all of Assignor's right, title and interest in and to the claim or claims of Assignor (hereinafter called the "Claim," which term encompasses the singular and the plural) which are in the aggregate face amount of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Amount") and which are more fully identified in Exhibit A attached hereto. The ratio, expressed as a percentage, between the Purchase Price and the Claim Amount is hereinafter referred to as the "Purchase Percentage." In respect to this Assignment of Claim in Bankruptcy (this "Assignment"), the Purchase Percentage ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Claim is an obligation of W.R. Grace & Co., et al., (affiliates, subsidiaries and other related debtors) ("Debtor"), Debtor or Debtor-in-Possession in Case No. 01-01140 in the United States Bankruptcy Court of Delaware (the "Bankruptcy Case"). This sale, transfer and assignment shall take place on the terms and conditions set forth below.

1. Assignor's sale, transfer and assignment of the Claim shall include all of Assignor's right, title and interest in and to (a) all agreements, instruments, invoices and other documents to the extent that those pertain to the Claim, and (b) any actions, claims, lawsuits, and rights, whether against the Debtor or any other party, to the extent that those arise out of the Claim, including Assignor's rights to receive any cash, securities, instruments and/or other property issued in respect of the Claim in the Bankruptcy Case.

2. Assignor represents and warrants that [check one of the following]:
   [ ]   Assignor has not filed a proof of claim in respect to the Claim.
   [X]   Proofs of claim in the total am▓▓▓▓▓▓▓▓▓▓▓▓▓▓ been timely filed on behalf of Assignor in the Bankruptcy Case in respect to the Claim, and a copy of the said proofs of claim containing (or accompanied by) evidence of such filing is attached as a component of Exhibit A to this Assignment.

3. Assignor further represents and warrants to Assignee as follows: (a) the Claim is valid and enforceable under applicable law, in the amount stated in the said proofs of claim; (b) Assignor has not received written notice of any objection to the Claim; (c) neither Assignor nor any person claiming through Assignor has received any payment that would reduce the Claim Amount to an amount other than stated herein; (d) Assignor has not assigned, sold, pledged or otherwise transferred the Claim to any person other than Assignee, and Assignor owns and has title to the Claim free and clear of any liens, claims, security interests or encumbrances of any kind; (e) Assignor has not received any written demand to pay or disgorge the amount of any allegedly preferential or fraudulent transfer, any setoff, or any transfer alleged to have been improper under 11 U.S.C. §549, pertaining to the Claim, and has not been served with process in, or received written notice of, any adversary proceeding or lawsuit in which any person seeks any such payment or disgorgement; (f) Assignor is solvent; and (g) Assignor has no relationship to Debtor other than as a creditor in the Bankruptcy Case; is not an "insider" of Debtor within the meaning of 11 U.S.C. §101(31); and is not, and has not been, a member of any creditors' committee in the Bankruptcy Case.

4. In the event of a final judgment, no longer subject to appeal, avoiding as a preference any transfer (or portion of a transfer) by Debtor to Assignor and/or ordering the repayment of such transfer, Assignor in a timely manner shall repay to the Debtor the amount so adjudged to be preferential and otherwise shall timely satisfy such judgment. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor.

5. Payment of the Purchase Price, if this Assignment is accepted by Assignee, shall be completed by wire transfer, in United States currency, and shall occur not later than the 29th day of March 2006 and the provision of all supporting claims documents (leases, filed proofs of claim, unpaid invoices if any, and purchase orders if any) shall be provided by Assignor to Assignee by said date. Until acceptance, (a) Assignee reserves the right to reject the transfer and assignment of claim for any reason whatsoever, and (b) Xerox may withdraw this Agreement. Xerox's offer to enter into this Agreement shall be deemed withdrawn if, within four business days following Assignee's receipt of an original of this Agreement, executed by Xerox, Xerox does not receive from Assignee a copy of this Agreement executed by Assignee. In the event Assignee fails to complete its payment of the Purchase Price at the time and in the manner herein provided,

(x) any and all right on the part of Assignee to acquire the Claim shall terminate without further notice to Assignee; (y) Assignor shall be at liberty to transfer the Claim to a third party or retain and assert same for its own account; and (z) the representations and warranties by Assignor as herein set forth shall be and become of no further force or effect.

6. Neither Assignor nor Assignee will divulge this Assignment, or any portion hereof, to any person except (a) as required under a court order, a lawfully issued subpoena, or a notice or request for discovery having the effect of a subpoena, or (b) as necessary to cause the records of the court in the Bankruptcy Case to reflect this Assignment under Rule 3001 of the Rules of Bankruptcy Procedure.

7. Assignor and Assignee acknowledge that (a) the Purchase Price may differ from the amount or value of money or other property ultimately distributed in the Bankruptcy Case with respect to the Claim, and (b) the time at which such amount or value will be determined is indefinite and may not occur until after the confirmation of a plan of reorganization, conversion of the Bankruptcy Case to a case under chapter 7 of title 11 of the United States Code, or other disposition in or of the Bankruptcy Case.

8. In the event written notice or demand is given or made, an objection is filed, or a proceeding is commenced, in which any person states or contends that the Claim should be disallowed or subordinated in whole or in part, either finally or provisionally, Assignee immediately shall provide a copy of such notice, demand, or objection, or documents commencing such proceeding to Assignor, and vice versa, if applicable. Any such notice, demand, objection or proceeding is hereinafter called an "Objection," and any date on which Assignor receives a copy of an Objection is hereinafter referred to as an "Objection Notice Date."
   a. During 120 days following an Objection Notice Date, Assignor at its sole option and at its own expense may seek a judicial determination or other resolution of the Objection to which such Objection Notice Date pertains. In furtherance of such activity as Assignor may undertake pursuant to this paragraph 8 and effective solely for such purpose and solely during a period not to exceed 120 days following such Objection Notice Date, Assignee authorizes Assignor to do all things necessary and lawful to act in Assignee's stead to answer, contest, litigate and/or compromise the matters set forth in such Objection. Before the earlier of (i) the expiration of such 120-day period or (ii) the advice (if such is made or given) for which provision is made in subparagraph 8.b below, Assignee may not revoke any powers granted in this paragraph 8. Such powers are discretionary on the part of Assignor, and Assignor may exercise or decline to exercise such powers in its sole discretion. Notwithstanding any other provision of this Assignment, the powers granted in this paragraph 8 shall not include the power to vote on confirmation of any plan or reorganization, object to confirmation of any such plan, or take any measures or make any appearance in regard to matters not directly pertinent to the extent and validity of the Claim, all of which powers are reserved to Assignee.
   b. Within ten days following the conclusion of such 120-day period, or at such earlier time as Assignor may elect, Assignor shall advise Assignee in writing of (i) the terms of any resolution or determination of or (ii) as appropriate, the absence of any such resolution or determination. Any portion of the Claim Amount that, at the time of such advice, is not subject to the Objection to which such 120-day period applies is hereinafter referred to as the "Uncontested Amount." Any difference, at such time, between the Claim Amount and the Uncontested Amount is hereinafter referred to as the "Contested Amount."
   c. Within 20 days following the giving of the advice prescribed in subparagraph 8.b above, Assignor shall make restitution and repayment to Assignee of an amount equal to the Purchase Percentage multiplied by the Contested Amount, and in addition shall pay to Assignee an amount of interest calculated on the basis of the Contested Amount at the rate of eight per cent (8%) per annum, without compounding, from the date of this Assignee's payment of the Purchase Price through the date on which such restitution and repayment shall be complete.

9. Except for the powers retained by Assignor in paragraph 8 above, Assignor (a) hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim and (b) grants unto Assignee full authority to do all things necessary and lawful to enforce the Claim and Assignor's rights thereunder. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the

2

Claim's validity or amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings.

10. Assignee acknowledges that Assignor may hold claims or other rights in respect to transactions not identified on Exhibit A hereto, and that no claim or right to payment is included in the Claim unless such claim or right to payment is identified on such Exhibit. Nothing in this Assignment shall preclude Assignor from enforcing, disposing of, or receiving payment or other relief on account of any claim or right to payment not so identified.

11. Assignor does not warrant or represent (a) that the Claim constitutes an executory contract within the meaning of 11 U.S.C. §365 or any authorities construing that section of the United States Code, or (b) that this Assignment conveys any right, title or interest in or to any equipment or other personal property (other than money) that is the subject of a lease. IN THE EVENT ASSIGNEE ACQUIRES OR TAKES POSSESSION OF ANY ARTICLE OF PERSONAL PROPERTY (OTHER THAN CASH OR SECURITIES DISTRIBUTED BY A TRUSTEE OR UNDER A PLAN OF REORGANIZATION) PURSUANT TO THIS ASSIGNMENT, ASSIGNOR DISCLAIMS, AND ASSIGNEE WAIVES AND RELEASES, ANY AND ALL WARRANTIES OF MERCHANTABILITY, PERFORMANCE, NON-INFRINGEMENT, OR FITNESS FOR A PARTICULAR PURPOSE, AND ANY AND ALL OTHER WARRANTIES OF ANY KIND, WHETHER EXPRESS OR IMPLIED, PERTAINING TO PROPERTY SO ACQUIRED OR POSSESSED.

12. The remedies provided under this Assignment in favor of the respective parties hereto are exclusive, and neither party hereto shall be entitled to assert or recover upon any claim or cause of action except to the extent expressly stated herein. Assignee promptly shall file a notice of appearance and request for service of documents in the Bankruptcy Case.

13. Assignor shall execute, acknowledge and deliver all such further certificates, instruments and other documents, and take all such further action as shall be reasonably necessary to effectuate this Assignment. Assignor shall forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may request from time to time.

14. Upon timely payment of the Purchase Price, Assignor authorizes Assignee to file a notice of transfer of the Claim pursuant to Rule 3001(e) of the Rules of Bankruptcy Procedure. Assignor shall provide such signatures, executions and consents in connection with such notice as are reasonable and as are consistent with this Assignment, but shall have no other obligation in respect to such notice.

15. In the event that, following timely payment of the Purchase Price, Assignor shall receive any money or other property distributed with respect to the Claim, Assignor shall hold such money or property in trust on behalf of and for the benefit of Assignee and promptly shall deliver same to Assignee within five business days of receipt by Assignor in the same form received and with any necessary endorsement (which endorsement shall be without recourse, representation or warranty whether or not so stated at the time of such endorsement).

16. Each party to this Assignment warrants and represents to the other that such representing party holds all corporate and other authority necessary to bind itself to the terms of this Assignment and that any signature affixed to this Assignment on its behalf is authorized and genuine.

17. Subject to paragraph 5 of this Assignment, all representations and warranties set forth herein shall survive the execution and delivery of this Assignment and any re-assignment in accordance herewith. This Assignment shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. After payment of the Purchase Price in accordance with this Assignment, Assignee may assign this Assignment and any Claim to a third party; provided, that such third party shall take such assignment subject to all obligations of Assignee hereunder.

18. Notices pursuant to this Assignment shall be effective when actually received, if addressed as follows and sent or transmitted by first-class United States mail, nationally recognized private courier service, or facsimile:

3

| | |
|---|---|
| If to Assignor: | If to Assignee: |
| Lesley Banks<br>Bankruptcy Coordinator<br>Xerox Capital Services, LLC<br>1301 Ridgeview Drive<br>Lewisville, TX 75057<br>Ph: 972-420-5064; Fax: 972-420-5625<br>Email: Lesley.banks@xerox.com | James S. Riley<br>Sierra Liquidity Fund, LLC<br>2699 White Road, Ste. 255<br>Irvine, CA 92614<br>Ph: 949-660-1144, ext. 16; Fax: 949-660-0632<br>Email: jriley@sierrafunds.com |

19. This Assignment may be executed in counterparts and such counterparts taken together shall constitute a single agreement. Facsimile signatures shall have the same effect as original signatures manually affixed to this document.

20. Each party having been afforded an opportunity to review this Assignment with its counsel, any judicial construction of this document shall take place without regard to the identity of the author hereof.

21. This Assignment shall be deemed accepted by Assignee only upon Assignee's countersignature in the space provided below. By affixing such countersignature, Assignee acknowledges its receipt of such documents as Assignee on the date of this Assignment deems necessary to support the Claim. Until acceptance, Assignee may reject the proffer of this Assignment for any reason whatsoever.

22. This Assignment shall be governed and construed in accordance with the laws of the State of New York, without regard to any statutory or judicial authorities governing conflicts of laws. Any action arising under or relating to this Assignment shall be brought in the United States Bankruptcy Court in which the Bankruptcy Case is pending at the time of execution of this Assignment; or if jurisdiction of such action does not lie in such Bankruptcy Court, in a state court of competent jurisdiction in the State of New York.

IN WITNESS OF THE FOREGOING and intending to be fully bound hereby, each of the parties hereto has set its hand effective this 22nd day of March, 2006.

ASSIGNOR:
XEROX CORPORATION
By:   Xerox Capital Services, LLC
      Its agent duly authorized and appointed hereunto
By: _____
    Its _Litigation / Bankruptcy Mgr._
    Chad Hughes

ASSIGNEE:
Sierra Liquidity Funds LLC
By: _____
    Its _J.S. Riley_
        _President_

4