IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| W.R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | Objection Deadline: April 24, 2006 at 4:00 p.m. |
| ) | Hearing: June 19, 2006 at 12:00 p.m. |

**SEVENTH QUARTERLY INTERIM FEE APPLICATION OF
SWIDLER BERLIN LLP AS BANKRUPTCY COUNSEL TO
DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD OCTOBER 1, 2005 THROUGH DECEMBER 31, 2005**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed July 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (the "Administrative Order"), the law firm of Swidler Berlin LLP ("Swidler") hereby submits this seventh quarterly interim application (the "Seventh Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to David T. Austern, the Future Claimants Representative (the "FCR") of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period October 1, 2005 through December 31, 2005 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Seventh Quarterly Fee Application, Swidler seeks the interim allowance of compensation in the amount of $196,400.75 in fees and reimbursement of actual and necessary expenses in the amount of $15,577.13 for a total of $211,977.88, or 100% of all compensation and expense reimbursement requested, for the period October 1, 2005 through December 31, 2005 (the "Interim Period"). In support of this Seventh Quarterly Interim Application, Swidler respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

### Background

2. On July 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases. The Order appointing the FCR also authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the Bankruptcy Code). On June 15, 2004, the FCR applied to this Court for an order authorizing the retention of Swidler pursuant to an engagement agreement dated May 26, 2004 (the "Engagement Agreement") as his bankruptcy counsel.

4. On September 27, 2004, this Court entered an order (the "Retention Order") authorizing the FCR to employ Swidler as bankruptcy counsel effective *nunc pro*

*tunc* as of the May 24, 2004 pursuant to the terms of the Engagement Agreement.

5. Effective as of February 5, 2006, the lawyers at Swidler responsible for representing the FCR withdrew from Swidler to join Orrick, Herrington & Sutcliffe LLP ("Orrick"). The FCR has filed his application to employ Orrick as his bankruptcy counsel effective February 6, 2006, and Swidler has filed its motion for leave to withdraw as counsel as of that date.

## Monthly Fee Applications Covered Herein

6. Prior to the filing of this Seventh Quarterly Fee Application, the October, November and December 2005 monthly fee applications of Swidler have been filed with the Court pursuant to the Administrative Order.

7. On December 1, 2005, Swidler filed its Eighteenth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period October 1-31, 2005 (the "Eighteenth Monthly") [Docket No. 11233], requesting $30,216.00 (80% of $37,770.00) in fees and $2,716.36 in expenses. The deadline to file objections to the Eighteenth Monthly expired December 21, 2005 and no objections were filed. A certificate of no objection was filed with the Court on December 22, 2005 at Docket No. 11421. The Eighteenth Monthly is attached hereto as Exhibit A.

8. On January 10, 2006, Swidler filed its Nineteenth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period November 1-30, 2005 (the "Nineteenth Monthly") [Docket No. 11516], requesting $70,115.20 (80% of $87,644.00) and expenses of $7,031.68. The deadline to file objections to the Nineteenth Monthly expired January 30,

2006 and no objections were filed. A certificate of no objection was filed with the Court on February 20, 2006 at Docket No. 11853. The Nineteenth Monthly is attached hereto as Exhibit B.

9.  On February 2, 2006, Swidler filed its Twentieth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period December 1-31, 2005 (the "Twentieth Monthly") [Docket No. 11704], requesting $56,789.40 (80% of $70,986.75)[7] in fees and $5,826.09 in expenses. The deadline to file objections to the Twentieth Monthly expired February 22, 2006 and no objections were filed. A certificate of no objection was filed with the Court on March 6, 2006 at Docket No. 11948. The Twentieth Monthly is attached hereto as Exhibit C.

10. The Eighteenth, Nineteenth, and Twentieth Monthly applications covered by this Seventh Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by Swidler during the Interim Period as well as other detailed information to be included in fee applications. Those monthly applications attached hereto as Exhibits A-C are incorporated herein by reference.

### Requested Relief

11. By this Seventh Quarterly Application, Swidler requests that the Court approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by Swidler from October 1, 2005 through December 31, 2005. As stated above, the full scope of the services

---

[7] Due to a error in the Twentieth Monthly Fee Application the Debtors overpaid Swidler by $4,660.87 which will be carried over and applied to the amount due under the Twenty-First Monthly. This amount will be corrected in a Certification of Counsel regarding the Twentieth Monthly Fee Application.

4

provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits A-C.

12. At all relevant times, Swidler has been an disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the FCR.

13. All services for which compensation is requested by Swidler were performed for or on behalf of the FCR.

14. Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, Swidler has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

15. In accordance with Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, Swidler has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, Swidler respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period October 1, 2005 through December 31, 2005, Swidler shall be allowed the sum of $196,400.75 in fees for reasonable and necessary professional services rendered to the FCR and the sum of $15,577.13 for the reimbursement of actual and necessary costs and expenses incurred, for a total of $211,977.88, that the Debtors be authorized and directed to pay to Swidler

5

the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

SWIDLER BERLIN LLP

By: _____
Warren Anthony Fitch
3000 K Street, NW, Suite 300
Washington, DC 20007
(202) 424-7500

Dated: March 31, 2006

6