IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| W.R. GRACE & CO., et al. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) Objection Deadline: April 24, 2006 at 4:00 p.m. |
| | ) Hearing: June 19, 2006 at 12:00 p.m. |

**EIGHTH QUARTERLY INTERIM FEE APPLICATION OF
SWIDLER BERLIN LLP, BANKRUPTCY COUNSEL TO DAVID T. AUSTERN,
FUTURE CLAIMANTS REPRESENTATIVE, FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD JANUARY 1, 2006 THROUGH FEBRUARY 5, 2006**

**SUMMARY SHEET**

| | |
|---|---|
| Name of Applicant: | Swidler Berlin LLP |
| Authorized to Provide Professional Services to: | David T. Austern, Future Claimants Representative |
| Date of Retention: | As of May 24, 2004 (pursuant to this Court's Order entered September 27, 2004) |
| Period for which Compensation and Reimbursement is sought: | January 1, 2006-February 5, 2006 |
| Amount of Compensation sought as Actual Reasonable and Necessary: | $20,998.50 |
| Amount of Expense Reimbursement sought as Actual, Reasonable and Necessary: | $3,483.45 |

This is a   ___ monthly     _x_ interim     ___ final application

## PRIOR APPLICATIONS FILED

Swidler was retained effective as of May 24, 2004, pursuant to this Court's Order entered September 27, 2004. Swidler has previously filed the following quarterly fee applications:

  a.  First Quarterly Fee Application for the time period May 24, 2004 through September 30, 2004 in the amount of $120,681.00 in fees and $15,846.02 in expenses for a total of $136,527.02;

  b.  Second Quarterly Fee Application for the time period July 1, 2004 through September 30, 2004 in the amount of $296,073.25 in fees and $14,400.95 in expenses for a total of $310,474.20;

  c.  Third Quarterly Fee Application for the time period October 1, 2004 through December 31, 2004 in the amount of $295,064.25 in fees and $17,028.89 in expenses for a total of $312,093.14;

  d.  Fourth Quarterly Fee Application for the time period January 1, 2005 through March 31, 2005 in the amount of $246,711.75 in fees and $13,701.96 in expenses for a total of $260,413.71;

  e.  Fifth Quarterly Fee Application for the time period April 1, 2005 through June 30, 2005 in the amount of $196,107.25 in fees and $2,662.44 in expenses for a total of $198,769.69;

  f.  Sixth Quarterly Fee Application for the time period July 1, 2005 through September 30, 2005 in the amount of $157,045.50 in fees and $13,177.53 in expenses for a total of $170,223.03; and

  g.  Seventh Quarterly Fee Application for the time period October 1, 2005 through December 30, 2005 in the amount of $196,400.75 in fees and $15,577.13 in expense for a total of $211,977.88.

*REMAINDER OF PAGE LEFT INTENTIONALLY BLANK*

## SWIDLER PROFESSIONALS
## JAUNUARY 1-FEBRUARY 5, 2006

| Name of Professional Person | Position of Applicant, No. of Years in Position, Prior Relevant Experience, Yr. Obtained License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Roger Frankel | Partner, 23 years in position; 35 years relevant experience; 1971, Bankruptcy | $725 | .6 | $435.00 |
| Richard H. Wyron | Partner, 17 years in position; 27 years relevant experience; 1979, Bankruptcy | $625 | 9.2 | $5,750.00 |
| Julie A. Weisman | Of Counsel, 11 years in position; 24 years relevant experience; 1982, Environmental | $430 | 4.8 | $2,064.00 |
| Debra L. Felder | Associate, 4 years in position; 4 years relevant experience; 2002, Bankruptcy | $295 | 23.9 | $7,050.50 |
| Rachael M. Barainca | Legal Assistant | $110 | 22.6 | $2,486.00 |
| Debra O. Fullem | Senior Legal Assistant | $210 | 15.3 | $3,213.00 |
| Total | | | 76.4 | $20,998.50 |
| Blended Rate: $274.8 | | | | |

Total Fees:     $ 20,998.50
Total Hours:        76.40
Blended Rate:   $    274.80

## COMPENSATION BY PROJECT CATEGORY
## JAUNUARY 1-FEBRUARY 5, 2006

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 13.50 | $2,225.00 |
| Compensation of Professionals-Swidler | 10.20 | $1,868.00 |
| Compensation of Professionals-Other | 7.90 | $929.00 |
| Litigation | 31.20 | $12,755.00 |
| Retention of Professionals-Other | 13.60 | $3,221.50 |
| TOTAL | 76.40 | $20,998.50 |

3

## EXPENSE SUMMARY
## JAUNUARY 1-FEBRUARY 5, 2006

| Expense Category | Total |
|---|---|
| Photocopying/Printing | $1,117.76 |
| Postage/Federal Express/Courier Fees | $869.06 |
| Phone | $0.97 |
| Computerized Legal Research | $1,427.66 |
| Meal Charges | $37.40 |
| Ground Transportation/Taxis/Tolls | $21.00 |
| Secretarial/Staff Overtime | $9.60 |
| **TOTAL** | **$3,483.45** |

The actual and necessary costs and expenses for which Swidler seeks reimbursement include, *inter alia*, the following:

a. ***Duplicating*** -- It is Swidler's practice to charge all clients of the firm for duplicating at the in-house rate of 20¢ per page, however, Swidler has reduced the duplicating cost to 15¢ per page in order to comply with the Local Rules of this Court. This charge includes the cost of maintaining the duplicating facilities and the actual cost involved with respect to the duplication.

b. ***Long Distance Telephone and Facsimile Charges*** -- Swidler charges clients for long distance telephone calls but not for local telephone calls. Necessary mobile phone usage is reimbursed to professionals submitting an appropriate bill. Out-going facsimile transmissions do not exceed $1.00 per page and there is no charge for incoming facsimile charges.

c. ***Messenger and Courier Service*** -- It is Swidler's practice to use Federal Express or similar express mail delivery and third-party messenger services only in exigent circumstances (i.e., when needed to meet a deadline or when a next-day response from the recipient was necessary or beneficial to the case) and only when less costly than other available alternatives.

d. ***Overtime*** -- It is Swidler's practice to allow professionals and paraprofessionals working more than 2.5 hours of overtime to charge a meal to the appropriate client at a meal charge limited to $10 per professional. It is Swidler's practice to allow professionals and support staff to charge a car service or cab to the appropriate client when working at least 2.5 hours of overtime. Swidler endeavored not to incur overtime charges unless necessary to

4

   benefit the case and in certain exigent circumstances. Swidler utilized secretarial assistance in connection with monitoring and updating the main and adversary case dockets and downloading, circulating and printing of pleadings filed in the case. Thus, certain charges were incurred by secretaries for overtime. (Note: These charges are at rates less than that charged by Swidler paralegals or other professional staff who may have otherwise performed this type of work.)

 e. *Computerized Research* -- It is Swidler's practice to use computer-assisted legal research when it is impracticable to conduct such research manually. It is also Swidler's practice to use computer-assisted research to assist its clients and to reduce the amount of time spent by attorneys and paraprofessionals in manual research when it was anticipated that the resulting manual research would have resulted in a greater cost to the client. The charge to the client is actual cost, without a premium. To the extent Swidler has a volume discount, that benefit is passed on to the client.

       SWIDLER BERLIN LLP

       By: _____
       Warren Anthony Fitch
       3000 K Street, NW, Suite 300
       Washington, DC 20007
       (202) 424-7500

Dated: March 31, 2006

5