# EXHIBIT A

**Settlement Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **W. R. GRACE & CO., *et al.*[1]** | ) | **Chapter 11** |
| | ) | |
| Debtors. | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |

## STIPULATION RESOLVING CLAIMS OF
## CHL ADMINISTRATION, INC.

This stipulation is entered into this 7th day of April, 2006, between the above-captioned

debtors (collectively, the "Debtors") and CHL Administration, Inc. ("CHL").

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their

respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food □N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

WHEREAS, on January 13, 2005 the Debtors proposed an Amended Joint Plan of Reorganization under which allowed General Unsecured Creditors Claims shall be paid 85% in cash and 15% in stock of the Reorganized Debtors (the "Proposed Plan");

WHEREAS, on March 13, 2002, CHL filed one Proof of Claim ("CHL's Claim") against the Debtors with respect to the Killingsworth Street Site (the "Killingsworth Site") in Portland, OR, described as follows:

| Claim No. | Amount | Priority | Basis |
|-----------|--------|----------|-------|
| 851 | Unspecified Past And Future Costs | Unsecured, Non-Priority | Clean-Up Costs |

WHEREAS, on or about May 5, 2004 the Debtors filed an objection to CHL's Claim; and

WHEREAS, the Debtors and CHL have agreed to settle CHL's Claim on the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the terms and conditions contained herein, the Debtors and CHL hereby stipulate and agree as follows:

1.     CHL's Claim, Claim Number 851, shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $1,700,000. CHL shall not be entitled to pre-petition or post-petition interest on CHL's Claim with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"). All other amounts outlined in or related to Claim No. 851 shall hereby be disallowed and expunged, except as may otherwise be provided herein.

2.      The Debtors acknowledge and agree to the allowance of CHL's Claim as a pre-petition, unsecured, non-priority claim in the total amount of $1,700,000, which claim will be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above).  The Debtors further acknowledge that CHL has agreed to settle CHL's Claim for a lesser sum than it believes is due in reliance on the anticipated treatment as set forth in the Proposed Plan.  Because of such reliance, if the Plan does not provide for the payment in full of CHL's Claim in the amount allowed pursuant to this stipulation, on or as soon as practicable after the effective date of the Plan, with the payment being at least 85% in cash and any remainder in common stock of the reorganized W.R. Grace & Co., the Debtors agree that CHL shall have the option of declaring this Stipulation null and void.  However, this option is for the sole benefit of CHL.  In the event CHL sells or assigns its claim to another party at any time prior to payment under the Plan, such option terminates.

3.      Upon approval of this stipulation by the Bankruptcy Court, the Debtors shall direct their Claims Agent, Rust Consulting, Inc. ("Claims Agent"), to mark the Claims Register to reflect that Claim No. 851 shall be Allowed as outlined herein.

4.      CHL agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition or post-petition claims against the Debtors with respect to the matters covered by this Stipulation, including all past, present and future costs of investigation, remediation, monitoring and maintenance associated with releases at or emanating from the Killingsworth site including, but not limited to, those matters contained in CHL's Claim (the "Settled Matters").  CHL further agrees to indemnify the Debtors against any and all claims by any party at any time under the Comprehensive Environmental Response, Compensation and

Liability Act, as amended, 42 USC §9601 et seq., or the Oregon Environmental Cleanup Law as amended, ORS 465.200 et seq., with respect to the Settled Matters, including, but not limited to, such claims by (a) any present or future owner, lessee or other occupant of the Killingsworth site, any portion thereof, or any adjoining property; (b) the Oregon Department of Environmental Quality, (c) the State of Oregon, (d) Hoffman Construction Company or any successor in interest thereof, (d) the City of Portland, Oregon, or (e) the U.S. Environmental Protection Agency. Upon becoming aware of any threatened or asserted claim that may be indemnifiable under this paragraph or of facts reasonably anticipated to give rise to such a claim, the Debtors shall give written notice of the claim to CHL, and CHL shall have the right to assume the defense of the claim. If CHL elects to defend the claim, the Debtors shall cooperate in the defense at their own expense and shall not settle, pay or otherwise compromise the claim without CHL's written consent.

5.     In the event that this Stipulation becomes null and void for any reason, then the preceding paragraph 0 shall not apply, and CHL's Claim shall be deemed fully reinstated, subject, however, to Debtor's defenses, counterclaims and offsets, if any, and credits for payments CHL has received, if any. Neither this Stipulation nor its nullification pursuant to its terms shall create a right that does not presently exist for CHL or any other party to file additional claims with respect to these matters, nor waive any defense that the Debtors may have against such claims.

6.     The Debtors shall take whatever additional action, if any, is necessary to insure that CHL's Claim, Claim No. 851, is allowed as outlined herein.

7.     Notwithstanding the forgoing, this Stipulation and the Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon

execution of this Stipulation by the parties, the Debtors will promptly prepare and file the appropriate Motion for approval with the Bankruptcy Court.

8.    In the event this Stipulation is not approved by the Bankruptcy Court prior to December 31, 2006, this Stipulation shall be null and void unless otherwise mutually agreed to by the parties.

CHL Administration, Inc. ("CHL")

By: _____

Name: _____

Title: _____

W. R. Grace & Co., *et al.*
("Debtors")

By: _____
William M. Corcoran
Vice President
Public and Regulatory Affairs

5