# EXHIBIT A

393.001-11913.doc

```
                                         FILED
                                      MISSOULA, MT

                                      2006 APR 6  AM 11 18

                                         PATRICK E. DUFFY
                                      BY_____
                                            DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 05-07-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| W. R. GRACE, ALAN R. STRINGER, | ) | |
| HENRY A. ESCHENBACH, JACK W. | ) | |
| WOLTER, WILLIAM J. McCAIG, | ) | |
| ROBERT J. BETTACCHI, O. MARIO | ) | |
| FAVORITO, ROBERT C. WALSH, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is a motion by the Defendants asking the Court to allow them access to unredacted medical records compiled by government expert Dr. Alan Whitehouse. Dr. Whitehouse relies upon 550 of his patient files in rendering his expert opinions in this case, and the United States agreed to make the files available to the Defendants' experts for review on March 6, 2006 at Libby, Montana.[1] The Defendants argue that they must be

---

[1] The United States argues that it does not control the files in Dr. Whitehouse's possession and therefore cannot be blamed for any delay in the Defendants' access to those files. The government's position is untenable. Dr. Whitehouse is the government's expert witness, and it is the government that has an obligation to disclose

1

allowed to make unredacted copies of Dr. Whitehouse's patient files because any redaction process will be so time-consuming as to deprive their experts of sufficient time to review the records and prepare disclosures by the April 30, 2006 deadline. The Defendants estimate that redaction of sensitive identifying information from the records will take two to three weeks. There is no apparent basis for this estimate. The government opposes the motion and intends to require that the records be redacted.

The Court has previously addressed in this case the necessity of redaction of medical records to protect the privacy interests of non-testifying patients, holding that such records may be redacted to exclude sensitive identifying information such as names, addresses, contact information, insurance information and Social Security numbers. United States v. Grace, et al., 401 F. Supp. 2d 1093, 1102 (D. Mont. 2005). The Defendants now contend that exigency requires the Court to abandon that holding and allow them access to Dr. Whitehouse's records without redaction.

The Defendants have not advanced a compelling reason to allow unfettered access to the medical records of non-testifying patients. Unlike testifying witnesses, the individuals whose

---

the studies and tests underlying his opinions. Any failure to allow access to those tests and studies must necessarily be the government's responsibility, lest the Defendants and the Court be left with no means of ensuring that materials subject to disclosure are in fact produced or made available for inspection.

2

records the Defendants seek have not consented to be a part of this proceeding. As is discussed in greater detail in the Court's earlier Order, 401 F. Supp. 2d at 1097-1102, the privacy interest such patients hold with respect to medical records is not trifling, and cannot be cast aside in favor of concerns over convenience, particularly when such concerns are based on the Defendants' unfounded conjecture regarding the amount of time needed to redact the records.

Accordingly, IT IS HEREBY ORDERED that the Defendants' motion for access to unredacted medical records (Doc. No. 321) is DENIED. The content and custody of Dr. Whitehouse's patient files shall be governed by the same protective order issued with respect to ATSDR Study Records in the Court's November 23, 2005 Order (401 F. Supp. 2d at 1102-1103).

DATED this 6th day of April, 2006.

Donald W. Molloy, Chief Judge
United States District Court