IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss: |
| COUNTY OF COOK | ) | |

## SEVENTEENTH SUPPLEMENTAL AFFIDAVIT OF JAMES H.M. SPRAYREGEN UNDER 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014

JAMES H. M. SPRAYREGEN, ESQUIRE, being duly sworn, deposes and says:

1.      I am a partner in the firm of Kirkland & Ellis LLP ("K&E"), 200 East Randolph Drive, Chicago, Illinois 60601.  I am authorized to make this affidavit on K&E's behalf.

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code.

3.      By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters. The following affidavits in support of the Application have been filed on behalf of K&E:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 25, 2001;

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001;

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement"), filed October 24, 2001;

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement"), filed November 13, 2001;

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the Seventh Supplement"), filed April 11, 2002;

- Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Eighth Supplement"), filed May 23, 2002;

- Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed July 19, 2002 (the "Ninth Supplement"); and

- Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr P. 2014 filed September 18, 2002 (the "Tenth Supplement");

- Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed March 11, 2003 (the "Eleventh Supplement");

- Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed September 20, 2004, and the Amendment to the Twelfth Supplement, filed December 2, 2004, (the "Twelfth Supplement");

- Thirteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed February 10, 2005 (the "Thirteenth Supplement");

- Fourteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed June 14, 2005 (the "Fourteenth Supplement");

- Fifteenth Supplemental Affidavit of James H. M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed December 12, 2005 (the "Fifteenth Supplement"; and

- Sixteenth Supplemental Affidavit of James H. M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed March 20, 2006 (the "Sixteenth Supplement," and, together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement, the Sixth Supplement, the Seventh Supplement, the Eighth Supplement, the Ninth Supplement, the Tenth Supplement, the Eleventh Supplement, the Twelfth Supplement and Amendment to Twelfth Supplement, the Thirteenth Supplement, the Fourteenth Supplement, and the Fifteenth Supplement, the "Affidavits").

4.    This supplement to the Affidavits (the "Seventeenth Supplement") is made pursuant to Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). The Seventeenth Supplement discloses additional representations by K&E that have come to my attention since the filing of the Sixteenth Supplement. As set forth in detail below, K&E continues to search its

3

electronic database for, among other things, its connection to: (a) claimants that will be affected by omnibus objections to claims, (b) other creditors or parties-in-interest that may have connections to existing K&E clients or affiliates of existing clients as new matters are opened, (c) entities that have been previously searched and disclosed on the Affidavits but whose connection to K&E merit additional disclosure, and (d) new or returning K&E employees.

5.    Except as specifically disclosed in the Affidavits, or as discussed below, to the best of my knowledge, K&E does not represent any of the Debtors' known creditors. K&E, however, will continue to file additional affidavits when necessary and when K&E becomes aware of material information.

A.    **Results of Conflict Searches Relating to Filed Omnibus Claim Objections**

6.    K&E searched its electronic database for its connection, if any, to the claimants listed on certain filed omnibus claim objections. In this connection, K&E recently searched its electronic database with respect to approximately 1900 entities. Exhibit A includes, *inter alia,* the names of all such claimants.    Exhibit B includes, *inter alia,* the results of K&E's conflicts search of these claimants.

7.    K&E filed a claim objection against creditor Weatherford International, Inc. in the Fifth Omnibus Claims Objection, filed in the Chapter 11 Cases in May of 2004 (the "Fifth Omnibus"). After filing the Fifth Omnibus, K&E became aware that Weatherford: (i) was a co-defendant of a K&E client in a personal injury lawsuit, and (ii) was an affiliate of an entity on the opposite side of a K&E client in a transactional matter. Both of these matters are unrelated to the Chapter 11 Cases. Immediately upon discovering these client connections, in January 2005, K&E, out of an abundance of caution, decided to refer the Weatherford matters to the Debtors'

co-counsel, Pachulski, Stang, Ziehl, Young, Jones & Weintraub, LLP.    Pachulski, Stang has represented the Debtors in such matters since K&E's referral.

        *8.*      As part of this search, K&E discovered that the Embarcadero Center in San Francisco, from which K&E leases office space for its San Francisco offices, is a claimant that alleges asbestos property damage claims.

        **B.**    **Disclosure Updates**

        9.      K&E also searched (a) other creditors and parties-in-interest who may have connections to existing K&E clients or affiliates of existing clients as new matters are opened and (b) entities that have been previously searched and disclosed on the Affidavits but whose connection to K&E merit additional disclosure. In the interest of full disclosure, listed on Exhibit A are the names of all such entities. Exhibit B includes those entities or their affiliates whom K&E represents in matters unrelated to the Debtors.

        **C.**    **Disclosure of K&E Employee Connections**

        10.      Asheesh Goel, a litigation partner, started in K&E's Chicago office on January 3, 2006. Prior to coming to K&E, Mr. Goel worked as an associate at Sidley Austin Brown & Wood, and represented PricewaterhouseCoopers LLC (f/k/a Coopers & Lybrand) in litigation unrelated to the Chapter 11 Cases. As disclosed in the Affidavits, PricewaterhouseCoopers LLC is an ordinary course professional in the Chapter 11 Cases. Out of an abundance of caution, K&E has initiated formal procedures to screen Mr. Goel from any contact with K&E's representation of the Debtors.

        11.      Dr. Bernd Meyer-Loewy, a restructuring partner, started in K&E's Munich office on February 1, 2006. Before coming to the Firm, Mr. Meyer-Loewy worked as a junior partner at Linklaters Oppenhoff & Radler, and represented JP Morgan Chase & Company as agent of secured lenders in a bankruptcy-related matter unrelated to the Debtors. As disclosed in

the Affidavits, JP Morgan Chase & Company is an unsecured creditor of the Debtors and a member of the Unsecured Creditors' Committee appointed in the Chapter 11 Cases. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Meyer-Loewy from any contact with K&E's representation of the Debtors.

12.     Lisa Tarpley, an intellectual property legal assistant, started working in K&E's San Francisco office on January 17, 2006. Before coming to K&E, Ms. Tarpley worked as an intellectual property and products liability paralegal at Howard Rice Nemerovski Canady Falk & Rabkin, and worked on that firm's representation of Hartford Accident & Indemnity ("Hartford Accident") in a litigation matters in which Argonaut Insurance Company was an interested party. As disclosed in the Affidavits, (a) The Hartford Financial Services Group, Inc., the parent corporation of Hartford Accident, is a bank creditor of the Debtors, (b) Hartford Insurance, an affiliate of Hartford Accident, is an insurer of the Debtors, and (c) certain other affiliates of Hartford Accident are creditors whose claims are subject to a claims objection. In addition, Argonaut Group, Inc., the parent of Argonaut Insurance Company, is an insurer of the Debtors. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Ms. Tarpley from any contact with K&E's representation of the Debtors.

13.     Kon Michael Asimacopoulos, a restructuring associate, started working in K&E's London office on January 9, 2006. Before coming to K&E, Mr. Asimacopoulos worked as an associate in the financial restructuring group of Cadwalader Wickersham & Taft LLP, and represented: (a) the ad hoc committee of bondholders in Equitable Life Insurance's bankruptcy proceedings, and (b) John Hancock Life Insurance Company in a reinsurance matter unrelated to the Debtors. As disclosed in the Affidavits, Equitable Life Insurance and John Hancock Life Insurance Company are creditors whose claims are subject to a claims objection. Out of an

6

abundance of caution, K&E has instituted formal screening procedures to screen Mr. Asimacopoulos from any contact with K&E's representation of the Debtors.

14.    Ellen Garner, a litigation legal assistant, started working in K&E's Washington, D.C. office on February 13, 2006.    Prior to coming to K&E, from April 2000 to February 2006, Ms. Garner worked as a senior litigation paralegal at Wright Robinson Osthimer & Tatum, and worked on that firm's representation of:    (a) CNA Insurance Companies in engineering and construction-related matters, (b) The Hartford, in: (i) litigation concerning errors and omissions coverage adverse to various insurers, including Lloyds of London, and (ii) in insurance coverage litigation matters, and (c) Zurich North American in litigation concerning a fidelity bond coverage matter.    Both CNA Insurance Companies and the CNA Building, partly owned by the CNA Insurance Companies, are creditors whose claims are subject to a claims objection, and CNA Reinsurance of London Ltd. is an insurer of the Debtors.    Lloyds of London is a creditor in the Chapter 11 Cases, and an insurer of the Debtors.    Further, an affiliate of Zurich North American is a creditor whose claim is subject to a claim objection, and an affiliate of Zurich North American is an insurer of the Debtors.    From March 1995 to December 1999, Ms. Garner worked as a litigation paralegal at Blasingame Burch Garrard Bryan & Ashley, and worked on that firms' representation of The St. Paul Companies, a creditor in the Chapter 11 Cases and an insurer of the Debtors, in coverage matters related to personal injury and premises liability.    Out of an abundance of caution, K&E has instituted formal procedures to screen Ms. Garner from any contact with K&E's representation of the Debtors.

15.    Rosalind Coffman, a litigation legal assistant, started working in K&E's Washington, D.C. office on March 27, 2006.  Prior to coming to K&E, Ms. Coffman worked in the litigation group of Arent Fox Kintner Plotkin & Kahn as a senior paralegal in the litigation

group. In that capacity, she worked on Arent Fox's representation of Fresenius Medical Care Holdings Inc. with respect to a grand jury investigation. Fresenius Medical Care Holdings Inc. is a creditor whose claims are subject to a claims objection and a subsidiary of an adverse party in the Chapter 11 cases. Out of an abundance of caution, K&E has instituted formal procedures to screen Ms. Coffman from any contact with K&E's representation of the Debtors.

16.    Leonhard Plank, a restructuring partner, starting working in K&E's Munich office on April 3, 2006. Prior to coming to K&E, Mr. Plank worked as a partner at the law firm of Broich, Bayer, von Rom, and represented Bear Stearns Bank plc in: (a) the insolvency proceedings of various debtors, and (b) a bankruptcy-related matter involving miscellaneous debt inquiries. Mr. Plank also represented Longacre Management LLC in a debtor's restructuring. None of the debtors involved in any of these matters are related to the Debtors or the Chapter 11 Cases. Bear Stearns & Co., Inc., parent company of Bear Stearns Bank plc, is a creditor whose claims are subject to a claims objection, and Longacre Management LLC is an affiliate of a creditor of the Debtors. Out of an abundance of caution, K&E has instituted formal procedures to screen Mr. Plank from any contact with K&E's representation of the Debtors.

17.    Elizabeth Burns, a secured lending legal assistant, will start working in K&E's Chicago office on Monday, April 17, 2006. Before coming to K&E, Ms. Burns worked as a senior paralegal at Latham & Watkins, and worked on that firm's representation of Bank of America, N.A. in certain transactions involving the Debtors, including the Debtors' DIP financing. Bank of America, N.A. is a DIP lender in the Chapter 11 Cases, and its parent, Bank of America Corporation, as well as certain of its affiliates, including Banc America Capital Investors II, LP, Banc of America Securities LLC Montgomery Division, Bank of America

Capital Corporation, Bank of America N.T. & S.A., Bank of America, N.A., Bank of Boston and

Bank of Montreal, Bank of America are, in the Chapter 11 Cases, bank creditors, letter of credit

providers, vendors and/or creditors whose claims are subject to a claims objection. K&E has

instituted formal procedures to screen Ms. Burns from any contact with K&E's representation of

the Debtors.

**D.    Disclosure of Insurance Company Connections**

18.    Certain insurance companies may pay various K&E clients' legal bills.

These insurance companies may be insurers of the Debtors or otherwise involved in the Debtors'

bankruptcy cases. Under this scenario, such insurance companies are not clients of K&E's.

Nevertheless, out of an abundance of caution, client connections to the Debtors' insurers are set

forth in Exhibit B.

**E.    Connections to Professionals**

19.    The Debtors have previously retained BMC Group, Inc., as claims expert

in these Chapter 11 Cases. A former K&E restructuring associate, Steven R. Kotarba, is

currently employed in the position of Director of Legal Services for BMC Group, Inc. While

previously employed by K&E, Mr. Kotarba's work was unrelated to the Debtors and the Chapter

11 Cases.

**F.    General**

20.    As previously disclosed, K&E and certain of its partners, counsel, and

associates may currently represent and may in the future represent parties in interest of the

Debtors in connection with matters unrelated to the Debtors and the Chapter 11 Cases. K&E

continues to search its electronic database for its connection to such entities as K&E becomes

aware of material information.

9

21. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on APRIL 17 , 2006

JAMES H.M. SPRAYREGEN, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
312/861-2000
312/861-2200 (fax)

Subscribed and sworn to before me
this 17th day of APRIL , 2006.

Notary Public
My Commission Expires:

"OFFICIAL SEAL"
Clinton J. Boyd
Notary Public, State of Illinois
My Commission Expires Oct. 23, 2006

10