## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JJF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### STIPULATION CONSOLIDATING CLAIMS OF THE CNA COMPANIES

This stipulation is entered into this 1*7*̄ day of April, 2006, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), and Continental Casualty Company, Transportation Insurance Company, CNA Claim Plus, Inc., as successor for certain purposes to RSKCo Services, Inc. f/k/a/ Transcontinental Technical Services, Inc., and their American insurance affiliates (individually or collectively "CNA" or the "CNA Companies").

**WHEREAS**, on or about April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. The Debtors' bankruptcy cases are pending as case numbers 01-1139 (RJN) through 01-1200 (RJN)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

(the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**WHEREAS,** on April 2, 2001, the Bankruptcy Court issued an Order administratively consolidating and jointly administering the Bankruptcy Cases as Case No. 01-1139 (JJF) (the "Consolidated Bankruptcy Case").

**WHEREAS,** on April 22, 2002, the Bankruptcy Court issued its bar date order, which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

**WHEREAS,** on or about March 31, 2003, CNA filed 62 claims for an unliquidated amount against each of the Debtors in their respective Bankruptcy Cases, which claims were numbered 14076 through 14112 and 14364 through 14388.

**WHEREAS,** on or about January 6, 2005, CNA filed 62 claims in the amount of $18,568,706 against each of the Debtors in the Consolidated Bankruptcy Case, which claims were numbered 15659 through 15720, to amend and supercede claims numbered 14076 through 14112 and 14364 through 14388 (each of claims numbered 14076-14112, 14364-14388, 15659-15720, a "CNA Stipulation Claim").

**WHEREAS,** on January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization (the "Plan"). To date, the Plan has not been confirmed. The Plan proposes that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. Upon Plan confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated

Debtors and shall be deemed one claim against, and obligation of, the deemed consolidated Debtors.

**NOW, THEREFORE,** for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim numbers 14076 through 14112, 14364 through 14388, and 15659 through 15719 shall be disallowed and expunged from the Claims Register for all purposes (such claims, the "Disallowed Claims"). Notwithstanding any other provision herein, to the extent that the Plan, or any other plan or plans of reorganization confirmed in the Bankruptcy Cases does not consolidate the Debtors for the purposes of distribution on account of allowed claims, the Disallowed Claims shall be reinstated, and CNA shall be entitled to pursue all such claims, as appropriate.

2. Claim number 15720, a copy of which is attached hereto as Exhibit A and made a part hereof, shall remain the only remaining CNA Stipulation Claim against the Debtors or the Debtor's bankruptcy estate(s).

3. For any and all purposes whatsoever, claim number 15720 is hereby deemed properly and timely filed and served, with proper notice given, in the Bankruptcy Cases and the Consolidated Bankruptcy Case, and each of them, as if claim number 15720 had been properly and timely filed and served, with proper notice given, in each of those cases.

4. The Debtors expressly reserve any and every objection that they now have or may have in the future to the substance of claim number 15720, but forever waive and release any and every objection they may have to claim number 15720 on the basis that such claim was improperly or untimely filed in the Bankruptcy Cases or the Consolidated Bankruptcy Case, or

any of them, that notice of such claim was improper, or that the claim should have been filed in each of the Bankruptcy Cases.

5. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

6. The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect that claims numbered 14076 through 14112, 14364 through 14388, and 15659 through 15719 shall be disallowed and expunged as outlined herein, and that claim numbered 15720 remains in each of the Bankruptcy Cases and the Consolidated Bankruptcy Case, as if timely and properly filed and served therein with proper notice given.

7. The parties shall take whatever additional action, if any, is necessary to make sure that the Claimant's Claim is treated as outlined herein.

8. This Stipulation shall not effect any claims not specifically referenced herein that have been or that may be filed by CNA, including without limitation those claims numbered 13966 through 14027 ("CNA Other Claims"). The Debtors expressly reserve any and every objection that they now have or may have in the future to the CNA Other Claims.

**STIPULATED AND AGREED:**

| CNA COMPANIES | W. R. GRACE & CO., et al. |
|---|---|
| By: _/s/ William D. Sullivan_ | By: _/s/ James E. O'Neill_ |
| William D. Sullivan (No. 2820) | Laura Davis Jones (No. 2436) |
| Buchanan, Ingersoll PC | James E. O'Neill (No. 4042) |
| The Nemours Building | Pachulski, Stang, Ziehl, Young, Jones & |
| 1007 North Orange Street, Suite 1110 | Weintraub PC |
| Wilmington, DE 19801-1236 | 919 North Market Street, 16th Floor |
| (302) 428-5523 | P. O. Box 8705 |
| | Wilmington, DE 19899-8705 |
| and | (302) 652-4100 |
| | |
| Jonathan W. Young | and |
| David P. Vallas | |
| Wildman Harrold Allen & Dixon LLP | Janet S. Baer |
| 225 W. Wacker Drive Suite 3000 | Kirkland & Ellis LLP |
| Chicago, Illinois 60606 | 200 East Randolph Drive |
| (312) 201-2000 | Chicago, IL 60601 |
| | (312) 861-2000 |
| Counsel for *Continental Casualty Company, Transportation Insurance Company, CNA Claim Plus, Inc., as successor for certain purposes to RSKCo Services, Inc. f/k/a/ Transcontinental Technical Services, Inc., and their American insurance affiliates* | Co-Counsel for the *Debtors and Debtors in Possession* |