IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| W.R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | Objection Deadline: June 2, 2006 at 4:00 p.m. |
| ) | Hearing: June 19, 2006 at 12:00 p.m. |

**SEVENTH QUARTERLY INTERIM FEE APPLICATION OF
DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD OF OCTOBER 1, 2005 THROUGH DECEMBER 31, 2005**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the "Administrative Order"), David T. Austern, the Future Claimants Representative ("FCR") hereby submits this seventh quarterly interim application (the "Seventh Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of October 1, 2005 through December 31, 2005 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Seventh Quarterly Fee Application the FCR seeks the interim allowance of compensation in the amount of $3,900.00 and reimbursement of actual and necessary expenses in the amount of $0.00 for a total of $3,900.00, or 100% of all compensation and expense reimbursement requested, for the period October 1, 2005 through December 31, 2005 (the "Interim Period"). In support of this Seventh Quarterly Interim Application, the FCR respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

### Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed the FCR for the above captioned cases.

### Monthly Fee Applications Covered Herein

4. This Seventh Quarterly Fee Application has been filed with the Court simultaneous with the October, November and December monthly fee applications of the FCR pursuant to the Administrative Order.

5. The FCR will file his Fifteenth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR

-2-

for the Period October 1-31, 2005 (the "Fifteenth Monthly") simultaneously with this Quarterly, requesting $440.00 in fees (80% of $550.00) and no expenses. The deadline to file objections will expire May 8, 2006. If no objections are filed a Certificate of No Objection will be filed promptly thereafter. The Fifteenth Monthly is attached hereto as Exhibit A and incorporated herein by reference.

6. The FCR will file his Sixteenth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period November 1-30, 2005 (the "Sixteenth Monthly") simultaneously with this Quarterly, requesting $1,480.00 in fees (80% of $1,850.00) and no expenses. The deadline to file objections will expire May 8, 2006. If no objections are filed a Certificate of No Objection will be filed promptly thereafter. The Sixteenth Monthly is attached hereto as Exhibit B and incorporated herein by reference.

7. The FCR will file his Seventeenth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel to the FCR for the Period December 1-31, 2005 (the "Seventeenth Monthly") simultaneously with this Quarterly, requesting $1,200.00 in fees (80% of $1,500.00) and no expenses. The deadline to file objections will expire May 8, 2006. If no objections are filed a Certificate of No Objection will be filed promptly thereafter. The Seventeenth Monthly is attached hereto as Exhibit C and incorporated herein by reference.

8. The Fifteenth, Sixteenth and Seventeenth Monthly's covered by this Seventh Quarterly Fee Application contains detailed daily time logs describing the actual and necessary services provided by the FCR during the Interim Period as well as other

detailed information to be included in fee applications.

## Requested Relief

9. By this Seventh Quarterly Application, the FCR requests that the Court approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by the FCR from October 1, 2005 through December 31, 2005. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Fifteenth, Sixteenth and Seventeenth Monthly fee applications attached hereto as Exhibit A (October), B (November) and C (December).

10. At all relevant times, the FCR has been an disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of future asbestos claimants.

11. All services for which compensation is requested by the FCR were performed in his capacity as FCR and not on behalf of any Debtor, committee, creditor, or other person.

12. Other than the Debtors' obligation to pay fees and expenses allowed by this Court, the FCR has received no payment and no promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases. There is no agreement or understanding between the FCR and any other person for the sharing of compensation to be received for services rendered in this case.

WHEREFORE, the FCR respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period October 1, 2005 through December 31, 2005, an allowance be made to the FCR in the sum of $3,900.00 as compensation for reasonable and necessary professional services rendered and no expenses, for a total of $3,900.00, that the Debtors be authorized and directed to pay to FCR the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        _David T. Austern_
        David T. Austern, Future Claimants Representative
        3110 Fairview Park Drive, Suite 200
        Falls Church, VA 22042-0683
        (703) 205-0835

Dated: April 13, 2006