### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Objection Date: June 2, 2006 at 4:00 p.m. |
| | ) | Hearing Date: June 19, 2006 at 12:00 p.m. |
| | ) | |

### SEVENTH QUARTERLY INTERIM FEE APPLICATION OF CIBC WORLD MARKETS CORP., AS FINANCIAL ADVISOR TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF OCTOBER 1, 2005 THROUGH DECEMBER 31, 2005

Pursuant to 328(a) U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order (as defined herein), and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Procedures"), CIBC World Markets Corp. ("CIBC") hereby submits this seventh quarterly interim application (the "Seventh Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to the future claimants' representative of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of October 1, 2005 through December 31, 2005 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period. In support of this Seventh Quarterly Interim Application, CIBC respectfully represents as follows:

### I.    Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

## II.   Background

2.   On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for

relief under chapter 11 of the United States Bankruptcy Code.  The Debtors continue to operate

their business and manage their properties as debtors-in-possession pursuant to sections 1107 and

1108 of the Bankruptcy Code.

3.   By an Order dated May 24, 2004, the Court appointed David T. Austern as the

Legal Representative for Future Asbestos Claimants (the "FCR") for the above captioned cases.

The same Order authorizes the FCR to employ professionals under the provision applicable to

employment of professionals by an official committee (Section 1103 of the bankruptcy code).  On

June 17, 2004, the FCR applied to this Court for an order authorizing the retention of CIBC

pursuant to an engagement agreement dated June 4, 2004 (the "Engagement Agreement") as his

financial advisor.

4.   On September 27, 2004, this Court entered an order (the "Retention Order")

authorizing the FCR to employ CIBC as financial advisor effective nunc pro tunc as of the June 4,

2004 pursuant to the terms of the Engagement Agreement.  On March 14, 2005 this Court entered

an order authorizing the extension of the terms of employment of CIBC (the "First Retention

Extension Order").  Further, on June 27, 2005, this Court authorized an extension to the terms

relating to the fee arrangement of CIBC (the "Second Retention Extension Order").  A copy of

the Retention Order, the First Retention Extension Order, and the Second Retention Extension

Order are annexed hereto as Exhibit C, D, and E, respectively.

## III.   Summary of Services Rendered

5.   The financial services provided to the FCR by CIBC during this period included

but was not limited to:

(a) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the specialty chemicals industry in which the Debtors operate;

(b) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the financial condition of the Debtors' businesses;

(c) Conducting due diligence and familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the operations of the Debtors' businesses;

(d) Advising the FCR with respect to a proposed restructuring and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors;

(e) Familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the Court docket and the numerous motions and orders filed in connection with this case as well as attending court hearings either in person or by telephone;

(f) Analyzing the financial impact on the Debtor of current motions in this case, including those related to taxes, exclusivity, and insurance issues;

(g) Reviewing and analyzing potential acquisitions and divestitures; and

(h) Performing valuation analyses on the Debtors and their assets.

## IV.  CIBC's Request for Compensation and Expense Reimbursement

6.  Pursuant to the Procedures, professionals may request monthly compensation and the reimbursement of expenses incurred. The notice parties listed in the Procedures may object to such a request. If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

7.    Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request for interim approval and allowance of the monthly fee applications filed during the quarter. If this Court grants the relief requested in these quarterly requests, the Debtors are authorized and directed to pay 100% of the fees and expenses requested in the monthly fee applications for the applicable quarter (less amounts previously paid as a result of monthly fee applications).

8.    With this Seventh Quarterly Interim Application, CIBC seeks interim allowance of compensation in the amount of $75,000.00, representing three monthly fees of $25,000.00 for each for the periods October 1, 2005 through December 31, 2005.[1]

9.    During the Seventh Interim Period, CIBC has recorded expenses in the amount of $ . The actual and necessary costs and expenses for which CIBC seeks reimbursement include the following:

  a.    *Research* -- It is CIBC's practice to use financial market research in providing financial advisory services. This primarily consists of research reports on public companies and market/industry reports issued by investment banks other than CIBC as well as other research services. The charge to the client is actual cost, without a premium.

  b.    *Airfare & Transportation* -- CIBC charges clients for necessary transportation costs related to travel to and from an airport, and necessary airfare costs or other costs in connection with travel to meetings, due diligence, court hearings, etc. The charge to the client is actual cost, without a premium.

  c.    *Telephone* -- CIBC charges clients for mobile telephone charges. Necessary mobile phone usage is reimbursed to professionals submitting an appropriate bill.

---

[1] On June 27, 2005, the Court authorized an extension to the terms relating to the fee arrangement with CIBC World Markets Corp Pursuant to such extension, CIBC is to be paid a monthly fee of $100,00 00 However, upon review of the level of activity during the period covered by this application, CIBC World Markets Corp informed the FCR that it intended to reduce its monthly fee for the period covered by this application to $25,000 00

      d.      **Printing/Desktop Publishing** -- CIBC charges clients for outsourced desktop publishing costs and printing charges associated with the production of presentations and similar materials. The charge to the client is actual cost, without a premium.

## V.  Relief Requested

10. With this Seventh Quarterly Interim Application, CIBC requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred during the Interim Period.

11. Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, and such compensation and reimbursement which has been or may be paid pursuant to the Procedures, CIBC has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

12. Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, CIBC has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, for all these reasons, CIBC respectfully requests that the Court allow CIBC the sum of $75,000.00 in fees and expenses of $477.63 for a total compensation of $75,477.63 for the period October 1, 2005 through December 31, 2005, that such sums be authorized for payment, and that the Court grant such other and further relief as is just and proper.

Dated: April 21, 2006

Respectfully submitted,
CIBC WORLD MARKETS CORP.

By: _____

Marshall A. Heinberg
300 Madison Avenue
New York, New York 10017
(212) 885-4744
Financial Advisor to Davis T. Austern
Future Claimants' Representative