# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
| | ) |
| Debtors. | ) RE DN 8481 |
| | ) 6/27/05 Agenda Item 2 |

ORDER AUTHORIZING DAVID T. AUSTERN,
FUTURE CLAIMANTS' REPRESENTATIVE, TO
EXTEND TERMS OF EMPLOYMENT OF
CIBC WORLD MARKETS CORP. AS FINANCIAL ADVISOR

Upon the second supplemental application (the "Second Supplemental Application") of David T. Austern, Future Claimants' Representative (the "Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace and its affiliates (collectively, the "Debtors"), seeking entry of an Order under Section 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to extend the terms relating to the fee arrangement of CIBC World Markets Corp. ("CIBC") as his financial advisor effective as of June 1, 2005; and the Court having reviewed the Second Supplemental Application; and the Court being satisfied that CIBC neither holds nor represents any interest adverse to the Future Claimants' Representative on the matters upon which CIBC is to be engaged; and it appearing that the relief requested is in the best interests of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that notice of the Second Supplemental Application was good and sufficient under the particular circumstances and that no other or further notice need be

given and upon the record herein; and it further appearing that the terms relating to the fee arrangement and conditions of CIBC's continued employment, as further described in the Second Supplemental Application, are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Second Supplemental Application be, and it hereby is, approved in all respects;

2. Pursuant to Section 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T. Austern as the Future Claimants' Representative [Doc. No. 5645], the Future Claimants' Representative be, and he hereby is, authorized to extend the terms relating to the fee arrangement with CIBC as his financial advisor effective as of June 1, 2005 for an additional one (1) year period through and including June 1, 2006, for the purpose of providing services as set forth in the Second Supplemental Application, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related claims and/or demands in the future against the Debtors;

3. The terms of the Second Supplement Engagement Agreement be, and hereby are, approved in all respects;

4. CIBC shall be compensated in accordance with the terms of the Engagement Agreement, First Supplemental Engagement Agreement, and the Second Supplemental Engagement Agreement between the Future Claimants' Representative and CIBC, and Section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and as may be fixed by order of this Court, including the Administrative Compensation Order entered in these cases;

5. The Monthly Fees paid to CIBC pursuant to the terms of the Engagement Agreement, as modified by the First Supplemental Engagement Agreement, and as further modified by the Second Supplemental Engagement Agreement shall be subject to the standard review provided in Section 328(a) of the Bankruptcy Code, and are not subject to any other standard of review under Section 330 of the Bankruptcy Code or otherwise, provided, however, that the Future Claimants' Representative shall, on a monthly basis, review the time records of CIBC and confer with CIBC whether any adjustment shall be made in the Monthly Fees provided in the Second Supplemental Engagement Agreement based on CIBC's activity level for such month;

6. The fees and expenses of CIBC allowed by the Court shall be administrative expenses of the Debtors' estates;

7. Neither the Future Claimants' Representative nor any of his advisors or counsel shall be liable for the fees payable to CIBC under the Second Supplemental Engagement Agreement; and

8. This Court shall retain exclusive jurisdiction to construe and enforce the terms of the Second Supplemental Engagement Agreement, and this Order.

9. Nothing in this order authorizes, approves or affects liability for transfers that are or may be avoidable under 11 U.S.C. §§ 544-550 inclusive.

Dated: June 27, 2005

*Judith K. Fitzgerald* /reb
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge