IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

Objection Deadline: May 17, 2006 at 4:00 p.m. (prevailing Eastern time)
Hearing Date: To Be Determined, Only If Timely Objections Are Filed

## MONTHLY FEE APPLICATION OF BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C. AS A PROFESSIONAL EMPLOYED BY THE ESTATE FOR THE DEBTORS FOR THE MONTH OF DECEMBER, 2005

### SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. |
| Authorized to provide professional services to: | W.R. Grace & Company, et al, Debtors and Debtors-in-Possession, its Board of Directors, and Counsel. |
| Date of Retention: | June 16, 2004, effective April 2, 2001 (Legislative Affairs Services). |
| | March 15, 2005, effective January 1, 2005 (China Assistance Services) |
| Period for which compensation and reimbursement is sought: | December 1, 2005 – December 31, 2005. |

---

[1] The Debtors consist of the following 62 entities: W.R. Grade & Co. (f/k/a Grace Specialty Chemicals, Inc.). W.R. Grace & Co.-Conn, A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a/ Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc. Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd;, G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (fka Grace Cocoa management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B (( Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc, Grace H-Gm II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenni Development Company, L B Realty, Inc.,Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolity Enterprises Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, In.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

| | | |
|---|---|---|
| Amount of Compensation sought as actual, reasonable and necessary: | Total:<br>Less holdback (at 20%): | $30,000.00<br>$6,000.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | | $328.14 |

This is a   _x_ monthly   ____ interim   ____ final application.

Pursuant to Motion filed by Debtors, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson") was approved as a professional employed by the estate for the Debtors by Order entered on June 16, 2004 nunc pro tunc to April 2, 2001. The Order authorizing employment of Baker Donelson approved the services of Baker Donelson to advise the Debtors, their counsel and their Board of Directors with respect to current, pending, and future legislative affairs; and such other related services as the Debtors may deem necessary or desirable ("Legislative Affairs Services"). Compensation of Baker Donelson was approved on a flat rate in the amount of $17,000.00 per month for services rendered, plus reimbursement of actual and necessary expenses incurred by Baker Donelson. The Court's Order entered March 15, 2005 (described below) increased the flat rate from $17,000.00 per month to $20,000.00 per month for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson.

The Debtors, on or about January, 24, 2005 filed a motion seeking authorization to modify and expand the scope of services provided by Baker Donelson. Specifically, the motion sought the approval of retention of Baker Donelson to assist Debtors in connection with the Debtors' business operations in China and with respect to the Chinese governmental authorities at the national, provincial and local levels ("China Assistance Services"). The expanded scope of work of Baker Donelson was approved by order entered on March 15, 2005, effective January 1, 2005. Compensation of Baker Donelson for the China Assistance Services was approved on a flat rate in the amount of $35,000.00 per month for services rendered, plus reimbursement of actual and

necessary expenses incurred by Baker Donelson. The original Order with regard to approval of the China Assistance Services expired in September of 2005. On or about January 17, 2006, Debtor filed a Motion seeking the entry of an Order expanding the scope of employment of Baker Donelson as Special Counsel to the Debtor seeking an extension of the China Assistance Services. Pursuant to Order entered on February 23, 2006, *nunc pro tunc* to October 1, 2005, the China Assistance Services continue. Under this Order, the Debtor agreed as compensation to Baker Donelson to pay a fixed basic retainer fee of $10,000.00 each month plus reimbursement of expenses with the provision for compensation to Baker Donelson in an additional amount not to exceed $10,000.00 each month (which would be in addition to the basic retention fee specified above) for additional services the Debtor may request in China.

This is the monthly application for compensation for services filed by Baker Donelson reflecting services rendered for the month of December, 2005. During the applicable time period, services were rendered to the Debtors by James Range, Senior Public Policy Advisor of Baker Donelson (Legislative Affairs Services) and by Joan M. McEntee (China Assistance Services).

All work performed by Mr. Range and Ms. McEntee was in accordance with the Application and Orders approving the employment of Baker Donelson[2].

Attached as Exhibit A is Verification of James Range. Attached as Exhibit B is a monthly detail of the work performed by Baker Donelson on behalf of Debtors for Legislative Affairs Services. Attached as Exhibit C is Verification of Joan M. McEntee. Attached as Exhibit D is a monthly detail of the work performed by Baker Donelson on behalf of Debtors for China Assistance Services.

---

[2] Under Order Approving Employment of Baker Donelson, the firm is not to be compensated based on a hourly rate; therefore, a calculation of total fees by hour and category is not applicable. A description of services provided is attached in Exhibit B and D.

## CUMULATIVE EXPENSE SUMMARY($)

| Expense Categories[3] | Total Expenses for Period from December 1, 2005 – December 31, 2005 |
|---|---|
| Mobile/Cell Phone: | $13.59 |
| Photo Reproduction Charge: | $17.00 |
| Shipping Expense | $25.12 |
| Meal on behalf of Client | $85.23 |
| Transportation | $187.20 |

WHEREFORE, Baker Donelson respectfully requests:

(A)   That allowance and payment be made to it as fully described above for (i) 80% of the amount of $30,000.00 ($24,000.00) for reasonable, necessary and professional services which Baker Donelson has rendered to the Debtors during the applicable period and (ii) 100% of the reimbursement of actual and necessary costs and expenses incurred by Baker Donelson during the period ($328.14);

(B)   That both fees and expenses be paid as administrative expenses of the Debtors' estate; and

---

[3] Exhibits B and D provide a monthly detail of expenses incurred for which reimbursement is sought.

(C)  That this Court such further relief as is equitable and just.

Wilmington, Delaware, dated April 20, 2006.

                                                Respectfully submitted,

                                                BAKER DONELSON BEARMAN
                                                CALDWELL & BERKOWITZ, PC

                                                By: _____
                                                E. Franklin Childress, Jr.
                                                165 Madison Ave., Suite 2000
                                                Memphis, Tennessee 38103
                                                Telephone: (901)526.2000