# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET

SUITE 2200

DALLAS, TEXAS 75201-2689

TELEPHONE: (214) 969-4900

FACSIMILE: (214) 969-4999

E-MAIL:  esserman@sbep-law.com

SANDER L. ESSERMAN

April 14, 2006

RECEIVED
APR 2 0 2006
JUDITH K. FITZGERALD
BANKRUPTCY JUDGE

**VIA FACSIMILE 202-879-5200**

Barbara M. Harding
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Re:    *In re: W.R. Grace Bankruptcy*, United States Bankruptcy Court for the District of
Delaware Case No. 01-01139

Dear Barbara,

We are counsel to Foster & Sear, LLP.  On April 7, 2006, you sent a letter to a number of law firms, including, we understand, our client, ostensibly providing a report on the recent court hearing at which Grace's "Status Report" on compliance with your discovery questionnaire was featured.

Your letter contains innacuracies concerning the Court's rulings at the recent hearing (or, more properly, the Court's disinclination to make rulings in advance of the discovery questionnaire deadline).  Your letter appears designed to leave the impression that the Court has ruled, in advance, on all potential objections to your discovery questionnaire, and that the Court approved, at the March 27 hearing, some manner of expedited process to address any objections respondents to the questionnaire might raise.  This is not the case.  The Court reiterated prior orders in this case to the effect that the proper route for dealing with objections to discovery questionnaires was for the respondent firms to raise objections, and, if Grace disagreed with the objections raised, the parties would first be directed into mediation and thereafter to the Court for a ruling on the permissibility of the discovery sought.  Such is the process the Court has instituted, and such is the process that our client intends to follow.

The final paragraph of your letter appears to be a unilateral and illegitimate attempt by Grace to modify the prior rulings of the Court and to circumvent the stay of litigation imposed by the Court to facilitate mediation of this bankruptcy.  You "request" parties to provide you with a specific list of objections a month in advance of the expiration of the Court-ordered deadline of May 12, 2006, and claim that you will "consider all objections not submitted within this time period as waived or withdrawn."  Our client does not waive or withdraw any objections that may be made to Grace's discovery questionnaire at the appropriate time.  While you may request a preview of potential objections as a matter of courtesy, you may not – in contravention of the Court's clear orders – change the deadline fixed for return of the discovery questionnaires.  Our client is entitled to return Grace's discovery questionnaires at the appropriate time, and may make appropriate

Page 2

objections at that juncture.  A disinclination to provide Grace with a list of objections in advance does not, in any way, directly or indirectly, constitute a waiver or withdrawal of any such objections.

Finally, while we consider it inappropriate for you to have copied Judge Fitzgerald and Judge Whelan on your letter, we feel obliged to do the same for the sake of completeness.  This reluctant action should not be taken as an expression of approval for what we feel to be an improper attempt to influence Judge Fitzgerald prior to the submission of the issue to her in the appropriate manner.

Sincerely,

Sander L. Esserman

cc:    Honorable Judith K. Fitzgerald
       Honorable Roger M. Whelan
       Nathan D. Finch, Esquire
       Richard H. Wyron, Esquire
       Kenneth Pasquale, Esquire
       Scott L. Baena, Esquire
       Gary M. Becker, Esquire