# JEFFREY A. VARAS

*Attorney at Law*

119 Caldwell Drive
P. O. Box 886
Hazlehurst, MS 39083

Telephone: (601) 894-4088
Toll Free: (877) 894-2563
Facsimile: (601) 894-4688

April 11, 2006

Barbara Mack Harding, Esq.  *via U.S. mail & facsimile – (202) 879-5200*
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

    Re:    *In re: W.R. Grace Bankruptcy, 01-01139 (JKF) (Bankr. D. Del.)*

Dear Ms. Harding:

    This is to acknowledge receipt of your April 7, 2006 letter. Mr. Varas will be unable to comply with your request concerning objections to the W.R. Grace questionnaires as he will be out of town until Monday, April 17, 2006, for medical reasons. Mr. Varas will respond to your letter at his first opportunity upon his return to the office. In light of the foregoing, clients represented by this office do not withdraw or waive any objections at this time.

    Thank you.

                                 Sincerely,

                                 Deborah J. Page
                                 Assistant to Jeffrey A. Varas

/djp

cc:    Hon. Judith K. Fitzgerald (via mail) (w/copy of Apr. 7, 2006 letter enc.)
       Hon. Roger M. Whelan (via mail) (w/copy of Apr. 7, 2006 letter enc.)

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Barbara Mack Harding
direct phone(202) 879-5081
bharding@kirkland.com

655 Fifteenth Street, N.W.
Washington, D.C. 20005

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200
Dir. Fax: (202) 879-5200

April 7, 2006

Re:   In re: W.R. Grace Bankruptcy, 01-01139 (JKF) (Bankr. D. Del.)

Dear Counsel:

You are being contacted because your law firm represents over 1000 individuals with pre-petition, unsettled litigation claims against W.R. Grace & Co. *et al.* ("Grace"). As you know, Grace has served a discovery Questionnaire on each of these individuals. This Questionnaire was approved by the Court on August 29, 2005. At that time, Bankruptcy Judge Judith K. Fitzgerald "[o]rdered that all holders of Asbestos PI Pre-Petition Litigation Claims are required to complete and serve the Questionnaire." CMO at ¶ 2.

This Questionnaire is the product of argument and negotiation among the parties to this bankruptcy, including Grace and the Official Committees, and rulings by the Court. At the June Omnibus Hearing the Court held that it would approve a Questionnaire, with decision on the specific contours of the form of the Questionnaire reserved for another day. Tr. of Hr'g at 80 (June 27, 2005). Pursuant to the Court's directive, Grace submitted a draft Questionnaire for the Court's approval. Several constituencies, including the Official Committee of Asbestos Personal Injury Claimants ("PI Committee") and the Future Claimants Representative ("FCR"), objected to the Questionnaire on numerous grounds. During a lengthy hearing in July 2005, the Court undertook a *line-by-line* review of the Questionnaire. See Tr. of H'rg at 207-291 (July 19, 2006). The Court stated that its express purpose for engaging in such a review was as follows:

> [The Court]: Well, but what [the Claimants] will say . . . in answer to the question is I object, it's not relevant, and it's burdensome, and then I'm going to be right here making rulings on it anyway, so why don't we just do it and get it done."

*Id.* at 176-77.

KIRKLAND & ELLIS LLP

April 7, 2006
Page 2

During the Court's line-by-line review, the Committees had ample opportunity to raise, and in fact did raise, numerous objections to and concerns about the Questionnaire. Subsequently, Grace revised the Questionnaire to incorporate the rulings made by Judge Fitzgerald from the bench at the July 19, 2005 hearing. The parties, including Grace, the PI Committee, and the FCR, again conferred regarding the Questionnaire. At that time, the PI Committee had certain other objections and the Court heard and ruled on these objections from the bench at the August 26, 2005 hearing. See Tr. of Hr'g at 128-59 (August 26, 2005). Those rulings were incorporated into the next draft of the Questionnaire. After the August 29, 2005 hearing, the Court approved the revised Questionnaire and issued the CMO. As part of the CMO, the Court ordered the claimants to fill out the Questionnaires "as completely and accurately as possible." Questionnaire at 1; CMO at ¶ 2 ("all holders of Asbestos PI Pre-Petition Litigation Claims are required to complete and serve the Questionnaire").

Despite the fact that the Court already has approved the form and content of the Questionnaire, certain law firms have indicated that they intend to object to several of the Questionnaire's requirements and some law firms have responded to the Questionnaire in a matter reflecting these objections. In light of this, at the March 27, 2006 hearing, Judge Fitzgerald ordered the parties to meet and confer to try to resolve these issues on their own, pursuant to the Local Rules of the United States Bankruptcy Court for the District of Delaware. Judge Fitzgerald further ordered that any remaining objections that cannot be resolved through a meet and confer session should be submitted to Judge Whelan, the mediator, for resolution. If Judge Whelan is unable to resolve the issues, Judge Fitzgerald has ordered that she will hear the remaining objections herself in six weeks. Judge Fitzgerald also indicated that she will not entertain objections concerning the issues on which she already has ruled. Tr. of Hr'g at 206 (July 19, 2005).

Accordingly, Grace hereby requests the law firms served with this letter to provide Grace with a specific list of objections, if any, to the Questionnaire. In order for the parties to have enough time both to attempt to resolve these issues themselves and to submit any remaining

KIRKLAND & ELLIS LLP

April 7, 2006
Page 3

disputes to Judge Whelan, Grace asks that you submit any objections you may have within one week of receipt of this letter. Grace will consider all objections not submitted within this time period as waived or withdrawn. Thank you for your attention to and cooperation in this matter.

Sincerely,

Barbara Mack Harding

cc: Honorable Judith K. Fitzgerald
Honorable Roger M. Whelan
Nathan D. Finch, Esquire
Richard H. Wyron, Esquire
Kenneth Pasquale, Esquire
Scott L. Baena, Esquire
Gary M. Becker, Esquire