IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIBBY CLAIMANTS, | : | CIVIL ACTION NO. 06-26 |
| Appellants, | : | |
| v. | : | BANKRUPTCY CASE NO. 01-1139 |
| W.R. GRACE, et al., | : | |
| Appellees. | : | |

### MEMORANDUM

BUCKWALTER, S. J.                                                    May 10, 2006

Presently before the Court are Appellants' Brief (Docket No. 5), Debtors' Motion to Dismiss Appeal (Docket No. 9), Debtors' Reply in Support of Motion to Dismiss Appeal (Docket No. 13), Appellants' Reply to Debtors' Motion to Dismiss (Docket No. 15), Debtors' Supplemental Brief in Support of Motion to Dismiss (Docket No. 17), State of Montana's Reply to Appellants' Brief (Docket No. 21), Debtors' Reply to Appellants' Brief (Docket No. 22) and Appellants' Reply (Docket No. 23). For the reasons set forth below, the Debtors' Motion to Dismiss is granted subject to the remand order.

### I. BACKGROUND

The State of Montana is named as a defendant in at least 120 lawsuits involving the Debtors' mining operations in Montana. In June 2005, the State of Montana filed a motion in the Bankruptcy Court seeking relief from the automatic stay to enable it to join the Debtors as third-party defendants in the Montana lawsuits. After initially opposing the State of Montana's lift stay motion, the Debtors filed a motion to expand the preliminary injunction to include

actions against the State of Montana. The Bankruptcy Court held a hearing on the Debtors' injunction motion on December 19, 2005. After hearing arguments from the parties, the Bankruptcy Court entered an order temporarily staying the lawsuits against the State of Montana pending the Bankruptcy Court's decision. The Bankruptcy Court provided no deadline for this temporary stay. According to the Appellants, the Bankruptcy Court indicated that the decision on the Debtors' injunction motion could take over a year. The Appellants appeal from the Bankruptcy Court's stay order.

## II. DISCUSSION

The Court believes, generally, that the conditions necessary for the Court to entertain this interlocutory appeal are not present in this case. However, the Court thinks the indefinite nature of the Bankruptcy Court's stay order may present an exceptional circumstance. Therefore, the Court exercises its jurisdiction under 28 U.S.C. § 158(a)(3) for the limited purpose of addressing the indefiniteness of the Bankruptcy Court's stay order. A time frame in which the Bankruptcy Court will render its decision on the Debtors' motion to expand the preliminary injunction to include actions against the State of Montana would be appropriate in light of the indefinite stay order presently in place. However, the Bankruptcy Court is, in the first instance, best suited to determine that time frame.

## III. CONCLUSION

For the reasons set forth above, the Debtors' Motion to Dismiss is granted, subject to the following order.