IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: June 6, 2006** |
| | ) | **Hearing Date: June 19, 2006 at 2:00 p.m.** |

**APPLICATION OF DIES & HILE, L.L.P. FOR FINAL APPROVAL AND
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES  RELATED SOLELY TO SERVICES RENDERED IN THE
SEALED AIR AND FRESENIUS ADVERSARY ACTIONS[1]**

| | |
|---|---|
| Name of Applicant: | Dies & Hile, L.L.P. |
| Authorized to provide professional services to: | Plaintiff's in the Sealed Air and Fresenius Adversary Actions |
| Period for which compensation and reimbursement is sought: | March 11, 2002 through January 21, 2003 |
| Amount of compensation sought as actual reasonable and necessary: | $72,207.50 |
| Amount of expense reimbursement sought as actual reasonable and necessary: | $9,201.02 |

**Prior Applications:**

None

---

[1]*Official Committee of Asbestos Personal Injury Claimants, et al., v. Sealed Air
Corporation and Cryovac, Inc.*; Adv. Pro. No.: 02-2210 and *Official Committee of Asbestos
Personal Injury Claimants, et al., v. Fresenius Medical Care Holdings, Inc. and National
Medical Care, Inc.*; Adv. Pro. No.: 02-2211

ATTACHMENT B

## CUMULATIVE SUMMARY OF COMPENSABLE TIME OF PROFESSIONALS

| Name of professional person | Position of the Applicant, Number of Years with Firm, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Martin Dies, Esq. | Partner, 22, 1974, asbestos property damage cost recovery | $425.00 | 129.00 | $54,825.00 |
| Deb Tozer | Legal Assistant, 10, n/a, n/a | $85.00 | 204.50 | $17,382.50 |
| Grand Total: | | | 333.50 | $72,207.50 |
| Blended Rate: | | | | $216.51 |

## CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Fraudulent Conveyance Adversary Proceeding | 333.5 | $72,207.50 |
| **Total:** | **333.5** | **$72,207.50** |

## CUMULATIVE EXPENSE SUMMARY

| Expense Category | |
|---|---|
| Out-of-Town Travel | $9,201.02 |
| **Total:** | **$9,201.02** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: June 6, 2006** |
| | ) | **Hearing Date: June 19, 2006 at 2:00 p.m.** |

**APPLICATION OF DIES & HILE, L.L.P. FOR FINAL APPROVAL AND ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES RELATED SOLELY TO SERVICES RENDERED IN THE
<u>SEALED AIR AND FRESENIUS ADVERSARY ACTIONS</u>[2]**

Dies & Hile, L.L.C. ("D&H"), hereby applies (the "Application") for an Order approving, on a final basis, D&H's compensation for professional services and reimbursement of expenses related to services rendered soley in the *Official Committee of Asbestos Personal Injury Claimants, et al., v. Sealed Air Corporation and Cryovac, Inc.*; Adv. Pro. No.: 02-2210 and *Official Committee of Asbestos Personal Injury Claimants, et al., v. Fresenius Medical Care Holdings, Inc. and National Medical Care, Inc.*; Adv. Pro. No.: 02-2211 adversary actions (collectively the "Adversary Actions").  In support of the Application, D&H respectfully represents as follows:

## I.  Introduction

1.  D&H seeks final approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for the professional services rendered by D&H from March 11, 2002 through January 21, 2003  ("Fee Period") in the aggregate amount of $72,207.50 representing

---

[2]*Official Committee of Asbestos Personal Injury Claimants, et al., v. Sealed Air Corporation and Cryovac, Inc.*; Adv. Pro. No.: 02-2210 and *Official Committee of Asbestos Personal Injury Claimants, et al., v. Fresenius Medical Care Holdings, Inc. and National Medical Care, Inc.*; Adv. Pro. No.: 02-2211

333.5 hours of professional services and reimbursement of actual and necessary expenses incurred in connection with the rendition of such professional services in the amount of $9,201.02.

2.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

## II. Background

3.  On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate its business and manage their properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered.  No trustee has been appointed in this case.

4.  On April 12, 2001, the United States Trustee appointed the Official Committee of Asbestos Property Damage Claimants ("PD Committee") and the Official Committee of Asbestos Personal Injury Claimants ("PI Committee").

5.  On or about March 12, 2002, the District Court entered an Order authorizing the PD Committee and the PI Committee (collectively the "Plaintiffs") to commence the Adversary Actions and partially withdrawing the reference regarding the same [Docket No. 1789] ("Order Granting Authority"). A copy of the Order Granting Authority is attached hereto as Exhibit "A".

6.  On June 3, 2002, the PD Committee filed its Motion to Approve Procedures by Which Committee Members' Counsel May File Interim Applications for Compensation and Reimbursement of Expenses [Adv. Docket No. 31[3]] ("Compensation Motion").  D&H is counsel to a member of the PD Committee.

---

3 By direction of the District Court all filings for the Adversary Actions were filed in the Sealed Air Adversary (Adv. Pro. No. 02-2210).

7.   While no objections were formally filed regarding the Compensation Motion, on June 25, 2002, counsel to the PD Committee and the Debtors executed and filed a stipulation regarding the relief sought by the Compensation Motion [Adv. Docket No. 60] ("Stipulation").  A copy of the Stipulation is attached hereto as Exhibit "B".

8.   On July 10, 2002, the District Court entered an Order in the Adversary Actions which, among other things, approved the Compensation Motion upon the terms set forth in the Stipulation [Adv. Docket No. 87] ("Compensation Order").  A copy of the Compensation Order is attached hereto as Exhibit "C".

9.   Pursuant to the Compensation Order, all fee applications related to the Adversary Actions were to be filed in the Adversary Actions as opposed to the Debtors' main bankruptcy cases.

10.   The Adversary Actions have since settled and were subsequently closed.  The settlements reached in the Adversary Actions may enable the Debtors' estate to realize in excess of $1 billion upon confirmation of a plan of reorganization in accordance with the terms of the settlement agreements.

11.   Pursuant to the Compensation Order, PD Committee Members' counsel are permitted to file applications requesting final payment of their fees and expenses at the conclusion of the Adversary Actions or at any other time thereafter.

12.   This is the first and final application for an allowance of compensation and reimbursement of expenses for services rendered in connection to the Adversary Actions that D&H has filed.  This Application is submitted pursuant to the Compensation Order and relates solely to the Adversary Actions.

13.  D&H has received no payment and no promise for payment from any source for services rendered in connection with the Adversary Actions.  There is no agreement or understanding between the D&H and any other person for the sharing of compensation to be received hereunder.

14.  As stated in the Affidavit of Martin Dies, Esquire, attached hereto as Exhibit "D", all of the services for which compensation is sought herein were rendered for and on behalf of the Plaintiffs solely in connection with the Adversary Actions.

### III. Summary of Services Rendered

15.  In accordance with the Local Rules, the Administrative Fee Order, the Procedures Order and to assist the Court, the Debtors, the U.S. Trustee and other parties in interest in evaluating this Application, a summary sheet of the professionals and their corresponding names, year of admission, hourly rates and the number of hours incurred by each is set forth on Attachment B.  The hourly rates reflect what D&H generally charges its other clients for similar services.  The itemizations including identification of services performed by the professionals sorted by date and time keeper are attached hereto as Exhibit "E"  These itemizations also contain a statement of D&H's disbursements, necessarily incurred in connection with the services provided by D&H during the Fee Period.

16.  D&H's services throughout the Fee Period were valuable to the Plaintiffs in providing advice and counsel relating to asbestos property damage issues as they arose during the pendency of the Adversary Actions.

17.  D&H worked closely with counsel to the PD Committee, to avoid unnecessary duplication of services.

## IV. Conclusion

18.  D&H necessarily and properly expended 333.50 hours of service in the Adversary Actions on behalf of the Plaintiffs.  Such services have a fair market value of $72,207.50.

19.  In addition, D&H incurred actual out-of-pocket expenses in connection with the rendition of such services in the amount of $9,201.02 for which it respectfully requests reimbursement in full.

20.  D&H has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE, D&H respectfully requests pursuant to the Compensation Order:

a)  the final approval and allowance of compensation for professional services rendered in relation to the Adversary Action on behalf of the Plaintiffs in the amount of $72,207.50;

b)  the final approval and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $9,201.02; and

c)  such other relief as the Court deems just.


Dated:  May ___, 2006                              DIES & HILE, L.L.P.


                                                   Martin Dies, Esq.
                                                   1601 Rio Grande, Suite 330
                                                   Austin, TX 78701
                                                   Tel: (512) 476-4394