UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | Case Nos. 01-1139 through 01-1200 |
| W.R. GRACE & CO., et al., | : | |
| | : | |
| Debtors. | : | |
| ------------------------ | | |
| OFFICIAL COMMITTEE OF | : | Adv. No. 02-2210 |
| ASBESTOS PERSONAL INJURY | : | **[LEAD DOCKET]** |
| CLAIMANTS and OFFICIAL | : | |
| COMMITTEE OF ASBESTOS | : | |
| PROPERTY DAMAGE | : | |
| CLAIMANTS OF W.R. GRACE & | : | |
| CO., suing in behalf of | : | |
| the Chapter 11 Bankruptcy | : | |
| Estate of W.R. GRACE & | : | |
| CO., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEALED AIR CORPORATION | : | |
| and CRYOVAC, INC., | : | |
| | : | |
| Defendants. | : | |
| ------------------------ | | |
| OFFICIAL COMMITTEE OF | : | Adv. No. 02-2211 |
| ASBESTOS PERSONAL INJURY | : | |
| CLAIMANTS and OFFICIAL | : | |
| COMMITTEE OF ASBESTOS | : | |
| PROPERTY DAMAGE | : | |
| CLAIMANTS OF W.R. GRACE & | : | |
| CO., suing in behalf of | : | |
| the Chapter 11 Bankruptcy | : | |
| Estate of W.R. GRACE & | : | |
| CO., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| FRESENIUS MEDICAL CARE | : | |
| HOLDINGS, INC. and | : | |
| NATIONAL MEDICAL CARE, | : | |
| INC., | : | |
| | : | |
| Defendants. | : | |

**ORDER RE: FRAUDULENT CONVEYANCE PROCEEDINGS -**
**1) GRANTING MOTION TO RETAIN MILBERG WEISS AS SPECIAL COUNSEL;**
**2) GRANTING MOTION TO APPROVE PROCEDURES BY WHICH COMMITTEE MEMBERS' COUNSEL MAY FILE INTERIM APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES;**
**3) WITHDRAWING THE REFERENCE WITH RESPECT TO APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF COUNSEL.**

This matter having been opened before the Court upon two motions: 1) by the joint motion of the Official Committee of Asbestos Personal Injury Claimants (the "Personal Injury Committee") and the Official Committee of Asbestos Property Damage Claimants (the "Property Damage Committee") to authorize the retention of the firm of Milberg Weiss et alia as special counsel to the Committees, plaintiffs in the above-captioned adversary proceedings (the "Fraudulent Conveyance Proceedings"), to withdraw the reference of this case to the Bankruptcy Court with respect to applications for compensation and reimbursement of counsel, and confirmation that the fees of experts shall be treated as litigation expenses of counsel, and 2) by the motion of the Property Damage Committee to approve procedures by which committee members' counsel may file interim applications for compensation and reimbursement of expenses; and the parties having appeared before the Court and stipulated to to the retention of the Milberg Weiss firm, subject to further agreement on a protocol governing the prosecution of the Fraudulent

Conveyance Proceedings and specifying the responsibilities of counsel for plaintiffs; and it appearing that the parties have successfully negotiated this protocol as set forth in the letter to the Court by Brad N. Freidman, Esq., dated June 28, 2002, and attached to this Order (the "Protocol"); and it appearing that the parties have stipulated to the relief sought in the Property Damage Committee's motion to approve procedures by which committee members' counsel may file interim applications for compensation and reimbursement of expenses in the form set forth in the stipulation also attached to this Order (the "Stipulation"); and good cause appearing

It is on this 10th day of July 2002,

ORDERED that the retention of the firm of Milberg Weiss as special counsel to the Personal Injury Committee and the Property Damage Committee for the prosecution of the Fraudulent Conveyance Proceedings is approved subject to the terms of the Protocol which is hereby adopted as the Order of the Court, and it is further

ORDERED that the Property Damage Committee's motion to approve procedures by which committee members' counsel may file interim applications for compensation and reimbursement of expenses is granted upon the terms set forth in the Stipulation which is hereby adopted as the Order of the Court, and it is further

ORDERED that the reference of this case to the Bankruptcy Court, Judge Judith K. Fitzgerald presiding, is hereby withdrawn with respect to any application for compensation or reimbursement of counsel for fees or expenses incurred in connection with the Fraudulent Conveyance Proceedings, subject to the terms of the Protocol and Stipulation.

_____
ALFRED M. WOLIN, U.S.D.J.

4

## Milberg Weiss Bershad Hynes & Lerach LLP

One Pennsylvania Plaza, New York, NY 10119-0165

(212) 594-5300  Fax: (212) 868-1229

www.milberg.com

Brad N. Friedman
Direct: (212) 946-9432
bf@mwbhlny.com

San Diego
San Francisco
Los Angeles
Boca Raton
Seattle

June 28, 2002

**FEDERAL EXPRESS**

Honorable Alfred M. Wolin
United States District Court Judge
District of New Jersey
Martin Luther King Federal Courthouse
50 Walnut Street
Newark, New Jersey 07101



RECEIVED JUL 1 2002

Re:  In re: W.R. Grace & Co. Fraudulent Transfer Litigation

Dear Judge Wolin:

As stipulated at the hearing on Friday, June 14, 2002, the parties have taken steps to establish a protocol to deal with the prosecution of the pending Sealed Air adversary proceeding. This letter memorializes the terms of the protocol that counsel for the Asbestos Personal Injury and Property Damage Committees have agreed upon with counsel for Grace, the Unsecured Creditors Committee and the Equity Committee:

1.  Plaintiffs will divide responsibility for prosecution of this matter as follows:

    • Milberg Weiss will have overall supervisory responsibility for the entire matter, plus primary responsibility for the valuation of Cryovac, the value of the consideration paid, the value of Leftover Grace minus certain liabilities, insurance coverage issues and any other issues not specifically delegated below. Milberg Weiss will also coordinate the work of other plaintiff counsel;

    • Bilzin Sumberg will have primary responsibility for the property damage aspect of the case;

    • Speights & Runyan and Dies & Hile, L.L.P. have been asked to assist Bilzin Sumberg in preparing the property damage aspect of the case;

    • Caplin Drysdale will have primary responsibility for the personal injury damage aspect of the case; and

    • Milberg Weiss will coordinate with the EPA with respect to establishing the appropriate amount of the reserve for environmental liability.


288

Milberg Weiss Bershad Hynes & Lerach LLP

Peter Lockwood, Esq.
Robert Turken, Esq.
June 28, 2002
Page 2

2.      Plaintiff counsel will make efforts to minimize overlap work between plaintiff firms.

3.      As a general rule, the plaintiffs agree not to send more than one person to a deposition, including not sending a lawyer from one plaintiff firm to a deposition when another plaintiff firm is taking the lead on that deposition. The parties recognize that there will be some exceptions to the general rule (for example, counsel from the plaintiff firm(s) taking the lead in the depositions may require an assisting attorney with respect to the depositions of key witnesses and/or a legal assistant from that firm to attend the deposition to assist) and plaintiffs agree to exercise reasonable judgment to abide by the general rule. The plaintiffs similarly agree to take steps to minimize overlap in attendance at hearings.

4.      The parties are agreeable to the Court withdrawing the bankruptcy reference for all applications for all attorneys' fees in the pending fraudulent transfer matter. Such applications and requests for interim compensation shall otherwise be made pursuant to the procedures set forth in the Amended Administrative Order Under 11 U.S.C. 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Office Commit-tee Members signed by Judge Judith K. Fitzgerald dated April 17, 2002, except that utilization of the fee auditor shall be solely within the discretion of the Court, and any fee applications need not include details that would reveal attorney work product. Nothing in this letter waives the right of any party to object to any fee application made by any counsel or other professional in the case, except that it is understood and agreed that Milberg Weiss's hourly rates for attorney time shall be $475 per hour regardless of the hourly billing rate for each such professional. Milberg Weiss will disclose in its fee application the regular hourly rates of the attorneys who have provided services in these matters; however, it is understood by the parties that Milberg Weiss will seek compensation at an average hourly rate of $475 per hour for all attorney work notwithstanding the respective attorneys' regular hourly rate.

5.      Nothing about the inclusion of the Speights & Runyan firm or the Dies & Hile, L.L.P. firm in this protocol is intended to or shall have the affect of enabling those firms to get access to "Eyes Only" documents as defined in the Protective Order entered by Judge Wolin on May 21, 2002. The parties agree that these firms are and remain expressly precluded from obtaining "Eyes Only" documents.

Respectfully,

Brad N. Friedman

c.      All counsel

## STIPULATION WITH RESPECT TO THE MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO APPROVE PROCEDURES BY WHICH COMMITTEE MEMBERS' COUNSEL MAY FILE INTERIM APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

1. On June 3, 2002, the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") filed a Motion to Approve Procedures by which Committee Members' Counsel may File Interim Applications for Compensation and Reimbursement of Expenses (the "Motion") with respect to the trial of the Fraudulent Transfer Proceedings currently pending before this Court.

2. In the Motion, the PD Committee suggests that it will utilize the services of counsel to individual Committee Members, namely Speights & Runyan and Dies & Hile, L.L.P. (the "Committee Members' Counsel") with respect to the Fraudulent Transfer Proceedings and seeks a procedure for compensating the Committee Members' Counsel for such services.

3. The Debtors have discussed the Motion with the PD Committee and have noted certain concerns with respect to (i) the potential for duplication of effort and (ii) concern that the draft Order submitted by the PD Committee for compensation of Committee Members' Counsel is not completely consistent with the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professional and Official Committee Members, entered by Bankruptcy Judge Judith K. Fitzgerald in this matter on April 17, 2002 (the "Compensation Order")

4. At the same time, the parties to the Fraudulent Transfer Proceedings have been discussing a protocol to deal with the prosecution of the pending Proceedings whereby the division of responsibilities with respect to the prosecution of the matter will be agreed to among the parties so as to avoid the duplication of efforts among the many counsel for the Plaintiffs. The protocol will provide that Committee Members' Counsel may be asked by PD Committee counsel to assist in preparing the property damage aspect of the case.

5. The protocol has been agreed to in principal but has not yet been finalized and submitted to the Court.

6. The Compensation Order does not currently provide for the filing of Interim Fee Requests for Committee Members' Counsel.

WHEREFORE, the parties hereby Stipulate and agree to resolve the Motion as follows:

a. Committee Member's Counsel will be entitled to apply for interim compensation and reimbursement of expenses for their services rendered to the PD Committee in the Fraudulent Transfer Proceeding following the procedures set forth in the Compensation Order;

b. Notwithstanding the forgoing and given the expected short duration of the services to be provided to the PD Committee by Committee Members' Counsel with respect to the Fraudulent Transfer Proceedings, Committee Members' Counsel will be permitted to file Final Fee Applications with the Court and request final payment of their fees and expenses at the

conclusion of the trial on the Fraudulent Transfer Proceedings or at any other time thereafter as they deem appropriate.

Dated: June 24, 2002

        KIRKLAND & ELLIS
        David Bernick
        Michelle Browdy
        James W. Kapp III
        Janet S. Baer
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        and

        PACHULSKI, STANG, ZIEHL, YOUNG & JONES P.C.

        */s/ David W. Carickhoff, Jr.*
        Laura Davis Jones (Bar No. 2436)
        David W. Carickhoff, Jr. (Bar No. 3715)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, Delaware 19899-8705 (Courier 19801)
        (302) 652-4100

        Co-Counsel for the Debtors and Debtors in Possession

        BLIZIN SUMBERG DUNN BAENA PRICE &
        AXELROD, LLP
        Scott Baena
        Robert Turken
        First Union Financial Center
        200 South Biscayne Boulevard
        Suite 2500
        Miami, Florida 33131
        (305) 374-7580

        and

FERRY, JOSEPH & PEARCE, P.A.

By: _____
Theodore J. Tacconelli (No. 2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
(302) 575-1555

Co-Counsel for the Official Committee of
Asbestos Property Damage Claimants

SO ORDERED THIS ____ DAY
OF _____, 2002.

_____
The Honorable Alfred M. Wolin
United States District Judge