# Exhibit "1"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.*[1], | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |

STIPULATION RESOLVING CLAIMS REGARDING
WAUCONDA SAND & GRAVEL SITE

This stipulation is entered into this **15th** day of **May**, 2006, between W.R. Grace & Co. ("Grace") and its affiliates (collectively, the "Debtors") and Exxon Chemical Americas; Morton International, Inc.; Ink Specialties Co., Inc.; Giddings & Lewis LLC; Wells Manufacturing; Honeywell, Inc.; H. B. Fuller Co.; Waste Management of Illinois, Inc.; and Mailwell Co. (collectively "Claimants").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

WHEREAS, on January 13, 2005 Debtors proposed an Amended Joint Plan of Reorganization under which allowed General Unsecured Creditors Claims shall be paid 85% in cash and 15% in stock of the Reorganized Debtors (the "Proposed Plan");

WHEREAS, on March 31, 2003, Claimants filed Proofs of Claim against the Debtors with respect to the Wauconda Sand & Gravel Site (the "Wauconda Site") in Wauconda, IL, for unsecured, non-priority claims as follows: Exxon Chemical Americas filed claim number 14028 in the amount of $183,332.42; Morton International, Inc. filed claim number 14029 in the amount of $45,833.11; Ink Specialties Co., Inc. filed claim number 14030 in the amount of $45,833.11; Giddings & Lewis LLC filed claim number 14031 in the amount of $114,582.76; Wells Manufacturing filed claim number 14032 in the amount of $114,582.76; Honeywell, Inc. filed claim number 14033 in the amount of $183,332.42; H. B. Fuller Co. filed claim number 14034 in the amount of $91,666.21; Waste Management of Illinois, Inc. filed claim number 14035 in the amount of $160,416; and Mailwell Co. filed claim number 14649 in the amount of $45,833.11. Claimants assert that, absent the agreement set forth in this Stipulation, the Claimants would be entitled to amend their proof of claim to seek substantial additional amounts.

WHEREAS, two additional potentially responsible parties, BFI Waste Systems of North America, Inc., and Illinois Bronze Paint Co. (together, the "Additional PRPs"), have not filed

2

proofs of claim but also assert that absent the agreement set forth in this Stipulation they would be entitled to file proofs of claim in connection with the Wauconda Site. The Claimants and the Additional PRPs are referred to herein together as the "Wauconda Task Group."

WHEREAS, on September 27, 2004, the United States Environmental Protection Agency ("EPA") issued an order under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA") to the Wauconda Task Group and Grace requiring additional investigation and remedial activity at substantial further cost in connection with groundwater contamination identified in neighboring wells. EPA later removed Grace from the order.

WHEREAS, on December 17, 2004, the United States Department of Justice ("USDOJ") filed a Supplemental Proof of Claim (Number 15506) to include a claim for recovery of the EPA's past and future costs associated with the Wauconda Site;

WHEREAS, under a separate settlement agreement still subject to Bankruptcy Court approval, to public comment, to final approval by appropriate management authority at the USDOJ and EPA, and to Debtors' payment of the Settlement Amount, Debtors and the United States anticipate resolving the United States' Supplemental Proof of Claim in a manner that (1) will require no payment to EPA by Debtors on account of the Wauconda Site, and (2) will resolve all liability of Grace to the United States in connection with the United States' Supplemental Claim Number 15506, thus resulting in contribution protection for the Debtors under CERCLA Section 113(f)(2) of CERCLA barring suits against Debtors for past and future environmental response costs incurred by any party at the Wauconda Site.

WHEREAS, Debtors, Claimants, and Additional PRPs have agreed to settle Claimants' Claims and Additional PRPs' potential claims regarding the Wauconda Site on the terms and conditions set forth herein;

3

NOW, THEREFORE, in consideration of the terms and conditions contained herein, Debtors, Claimants, and Additional PRPs hereby stipulate and agree as follows:

1. The Debtors agree to the allowance of Claimants' Claims in the total amount of $1,250,000, which claim will be paid by check or wire transfer within thirty days of approval of this Stipulation by the Court. All other amounts outlined in or related to said claims shall hereby be disallowed and expunged. Debtors further acknowledge that Claimants have agreed to settle their Claims for a lesser sum than they believe is due in reliance on this payment schedule. Because of such reliance, Debtors agree that in the event the Court does not approve this Stipulation on or before July 15, 2006, the Claimants shall have the option of declaring this Stipulation null and void. This option, however, may only be exercised by the Claimants acting unanimously.

2. Upon approval of this stipulation by the Bankruptcy Court, the Debtors shall direct that the entire settlement amount be paid to the "Wauconda Task Group" at least 55% of which amount shall only be used to fund a public water system in Wauconda, Illinois, either by purchase of an annuity or direct payment of construction costs; . Debtors shall also direct their Claims Agent, Rust Consulting, Inc. ("Claims Agent"), to mark the Claims Register to reflect that Claimants' Claims, No. 14028 to 14035 and 14649, are satisfied.

3. Debtors, and Claimants and Additional PRPs agree that they each release and are each forever barred, estopped, and enjoined from asserting against the other any claim of any kind related to the Wauconda Site, regardless of when arising, whether past, present or future, including without limitation any claims for environmental response, personal injury, property damage, or recovery of costs for past and future landfill operations, monitoring and maintenance, investigations, public water supply construction and maintenance, or EPA costs. Claimants and

Additional PRPs further expressly agree that they shall pay, or arrange for payment by others not including Debtors, all EPA costs sought under an April 20, 1994 Consent Decree entered into by the USEPA and the Wauconda Task Group (then also including Grace), and any subsequent Consent Decree in connection with the Wauconda Site. However, in the event that this Stipulation becomes null and void for any reason, then this provision shall not apply.

4. Debtors shall take whatever additional action, if any, is necessary to insure that Claimants' Claims are paid as outlined herein.

5. Notwithstanding the forgoing, this Stipulation and Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon execution of this Stipulation by the parties, which may be done in counterparts, the Debtors will promptly prepare and file the appropriate Motion for approval with the Bankruptcy Court.

|  | Exxon Chemical Americas ("Claimant") |  | W. R. Grace & Co., et al. ("Debtors") |
|---|---|---|---|
| By: | *[signature]* | By: | _____ |
| Name: | Zane K. Bolen | Name: | William M. Corcoran |
| Title: | Area Manager, Superfund | Title: | Vice President Public and Regulatory Affairs |

|  | Morton International, Inc. ("Claimant") |  | Ink Specialties Co., Inc. ("Claimant") |
|---|---|---|---|
| By: | _____ | By: | _____ |
| Name: | _____ | Name: | _____ |
| Title: | _____ | Title: | _____ |

|  | Giddings & Lewis LLC ("Claimant") |  | Wells Manufacturing Inc. ("Claimant") |
|---|---|---|---|

5

Additional PRPs further expressly agree that they shall pay, or arrange for payment by others not including Debtors, all EPA costs sought under an April 20, 1994 Consent Decree entered into by the USEPA and the Wauconda Task Group (then also including Grace), and any subsequent Consent Decree in connection with the Wauconda Site. However, in the event that this Stipulation becomes null and void for any reason, then this provision shall not apply.

4. Debtors shall take whatever additional action, if any, is necessary to insure that Claimants' Claims are paid as outlined herein.

5. Notwithstanding the forgoing, this Stipulation and Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon execution of this Stipulation by the parties, which may be done in counterparts, the Debtors will promptly prepare and file the appropriate Motion for approval with the Bankruptcy Court.

|  Exxon Chemical Americas ("Claimant") | W. R. Grace & Co., et al. ("Debtors") |
|---|---|
| By: _____ | By: _/s/ William M. Corcoran_____ |
| Name: _____ | Name: William M. Corcoran |
| Title: _____ | Vice President<br>Title: Public and Regulatory Affairs |

| Morton International, Inc. ("Claimant") | Ink Specialties Co., Inc. ("Claimant") |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

| Giddings & Lewis LLC ("Claimant") | Wells Manufacturing Inc. ("Claimant") |
|---|---|

Additional PRPs further expressly agree that they shall pay, or arrange for payment by others not including Debtors, all EPA costs sought under an April 20, 1994 Consent Decree entered into by the USEPA and the Wauconda Task Group (then also including Grace), and any subsequent Consent Decree in connection with the Wauconda Site. However, in the event that this Stipulation becomes null and void for any reason, then this provision shall not apply.

4. Debtors shall take whatever additional action, if any, is necessary to insure that Claimants' Claims are paid as outlined herein.

5. Notwithstanding the forgoing, this Stipulation and Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon execution of this Stipulation by the parties, which may be done in counterparts, the Debtors will promptly prepare and file the appropriate Motion for approval with the Bankruptcy Court.

|  Exxon Chemical Americas ("Claimant") | W. R. Grace & Co., *et al.* ("Debtors") |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: William M. Corcoran / Vice President |
| Title: _____ | Title: Public and Regulatory Affairs |

|  Morton International, Inc. ("Claimant") | Ink Specialties Co., Inc. ("Claimant") |
|---|---|
| By: /s/ C Wyant | By: _____ |
| Name: Jeffrey C. Wyant | Name: _____ |
| Title: Chief Regulatory Counsel / Rohm and Haas Company | Title: _____ |

|  Giddings & Lewis LLC ("Claimant") | Wells Manufacturing Inc. ("Claimant") |
|---|---|

5

Additional PRPs further expressly agree that they shall pay, or arrange for payment by others not including Debtors, all EPA costs sought under an April 20, 1994 Consent Decree entered into by the USEPA and the Wauconda Task Group (then also including Grace), and any subsequent Consent Decree in connection with the Wauconda Site. However, in the event that this Stipulation becomes null and void for any reason, then this provision shall not apply.

4. Debtors shall take whatever additional action, if any, is necessary to insure that Claimants' Claims are paid as outlined herein.

5. Notwithstanding the forgoing, this Stipulation and Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon execution of this Stipulation by the parties, which may be done in counterparts, the Debtors will promptly prepare and file the appropriate Motion for approval with the Bankruptcy Court.

|  Exxon Chemical Americas<br>("Claimant")  |  W. R. Grace & Co., et al.<br>("Debtors")  |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: William M. Corcoran<br>Vice President |
| Title: _____ | Title: Public and Regulatory Affairs |

|  Morton International, Inc.<br>("Claimant")  |  Ink Specialties Co., Inc.<br>("Claimant")  |
|---|---|
| By: _____ | By: /s/ George A. Steber |
| Name: _____ | Name: George A Steber |
| Title: _____ | Title: Vice President of Manufacturing |

|  Giddings & Lewis LLC<br>("Claimant")  |  Wells Manufacturing Inc.<br>("Claimant")  |

5

Additional PRPs further expressly agree that they shall pay, or arrange for payment by others not including Debtors, all EPA costs sought under an April 20, 1994 Consent Decree entered into by the USEPA and the Wauconda Task Group (then also including Grace), and any subsequent Consent Decree in connection with the Wauconda Site. However, in the event that this Stipulation becomes null and void for any reason, then this provision shall not apply.

4. Debtors shall take whatever additional action, if any, is necessary to insure that Claimants' Claims are paid as outlined herein.

5. Notwithstanding the forgoing, this Stipulation and Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon execution of this Stipulation by the parties, which may be done in counterparts, the Debtors will promptly prepare and file the appropriate Motion for approval with the Bankruptcy Court.

|  Exxon Chemical Americas ("Claimant") | W. R. Grace & Co., *et al.* ("Debtors") |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: William M. Corcoran |
| Title: _____ | Vice President |
|  | Title: Public and Regulatory Affairs |

| Morton International, Inc. ("Claimant") | Ink Specialties Co., Inc. ("Claimant") |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

Giddings & Lewis *Machine Tools* LLC ("Claimant")
*as successor in interest to Giddings & Lewis LLC*

Wells Manufacturing Inc. ("Claimant")

5

| | |
|---|---|
| By: *Elizabeth Sitterly* (signature) | By: _____ |
| Name: Elizabeth Sitterly | Name: _____ |
| Title: Legal Counsel | Title: _____ |

Honeywell, Inc.<br>("Claimant") | H. B. Fuller Co.<br>("Claimant")

By: _____     By: _____

Name: _____     Name: _____

Title: _____     Title: _____

Waste Management of Illinois, Inc.<br>("Claimant") | Mailwell Co.<br>("Claimant")

By: _____     By: _____

Name: _____     Name: _____

Title: _____     Title: _____

BFI Waste Systems of North America, Inc.<br>("Additional PRP") | Illinois Bronze Paint Co.<br>("Additional PRP")

By: _____     By: _____

Name: _____     Name: _____

Title: _____     Title: _____

| | |
|---|---|
| By: _____ | By: _/s/ [signature]_ |
| Name: _____ | Name: _MICHAEL A. HACKWORTHY_ |
| Title: _____ | Title: _V.P. ENGINEERING_ |
| Honeywell, Inc. ("Claimant") | H. B. Fuller Co. ("Claimant") |
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |
| Waste Management of Illinois, Inc. ("Claimant") | Mailwell Co. ("Claimant") |
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |
| BFI Waste Systems of North America, Inc. ("Additional PRP") | Illinois Bronze Paint Co. ("Additional PRP") |
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

6

| | |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |
| Honeywell, Inc.<br>("Claimant") | H. B. Fuller Co.<br>("Claimant") |
| By: *Charles Geadelmann* | By: _____ |
| Name: Charles Geadelmann | Name: _____ |
| Title: Corporate Manager, HSE | Title: _____ |
| Waste Management of Illinois, Inc.<br>("Claimant") | Mailwell Co.<br>("Claimant") |
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |
| BFI Waste Systems of North America, Inc.<br>("Additional PRP") | Illinois Bronze Paint Co.<br>("Additional PRP") |
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

6

| | |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

Honeywell, Inc.
("Claimant")

H. B. Fuller Co.
("Claimant")

| | |
|---|---|
| By: _____ | By: _____*(signature)*_____ |
| Name: _____ | Name: Michele Volpi |
| Title: _____ | Title: <u>Group President, Gen. Mgr., Global Adhesives</u> |

Waste Management of Illinois, Inc.
("Claimant")

Mailwell Co.
("Claimant")

| | |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

BFI Waste Systems of North America, Inc.
("Additional PRP")

Illinois Bronze Paint Co.
("Additional PRP")

| | |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

6

By: _____   By: _____

Name: _____   Name: _____

Title: _____   Title: _____

          Honeywell, Inc.                    H. B. Fuller Co.
           ("Claimant")                      ("Claimant")

By: _____   By: _____

Name: _____   Name: _____

Title: _____   Title: _____

   Waste Management of Illinois, Inc.            Mailwell Co.
           ("Claimant")                      ("Claimant")

By: *[signature]*   By: _____

Name: *Jack Dowden*   Name: _____

Title: *Area Director*   Title: _____

 BFI Waste Systems of North America, Inc.      Illinois Bronze Paint Co.
          ("Additional PRP")               ("Additional PRP")

By: _____   By: _____

Name: _____   Name: _____

Title: _____   Title: _____

6

By: _____   By: _____

Name: _____   Name: _____

Title: _____   Title: _____

           Honeywell, Inc.             H. B. Fuller Co.
           ("Claimant")               ("Claimant")

By: _____   By: _____

Name: _____   Name: _____

Title: _____   Title: _____

  Waste Management of Illinois, Inc.          Mailwell Co.
          ("Claimant")              ("Claimant")

By: _____   By: *[signature]*

Name: _____   Name: J. MICHAEL DAVIS

Title: _____   Title: CHIEF COUNSEL - ENVIRONMENTAL

 BFI Waste Systems of North America, Inc.      Illinois Bronze Paint Co.
       ("Additional PRP")          ("Additional PRP")

By: _____   By: _____

Name: _____   Name: _____

Title: _____   Title: _____

6

By: _____  By: _____

Name: _____  Name: _____

Title: _____  Title: _____

        Honeywell, Inc.          H. B. Fuller Co.
        ("Claimant")          ("Claimant")

By: _____  By: _____

Name: _____  Name: _____

Title: _____  Title: _____

  Waste Management of Illinois, Inc.          Mailwell Co.
        ("Claimant")          ("Claimant")

By: _____  By: _____

Name: _____  Name: _____

Title: _____  Title: _____

BFI Waste Systems of North America, Inc.      Illinois Bronze Paint Co.
      ("Additional PRP")        ("Additional PRP")

By: *[signature] J. White*  By: _____

Name: *Jo Lynn White*  Name: _____

Title: *Corporate Secretary*  Title: _____

6

| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

Honeywell, Inc.  ("Claimant")     H. B. Fuller Co.  ("Claimant")

| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

Waste Management of Illinois, Inc.  ("Claimant")     Mailwell Co.  ("Claimant")

| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

BFI Waste Systems of North America, Inc.  ("Additional PRP")     Illinois Bronze Paint Co.  ("Additional PRP")

| By: _____ | By: /s/ [signature] |
| Name: _____ | Name: BRUCE WHITE |
| Title: _____ | Title: Attorney and Authorized Representation |