IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. 12220 |
| | ) | Agenda Item No. 1 |

### ORDER AUTHORIZING SETTLEMENT OF CLAIM NO. 851 OF CHL ADMINISTRATION, INC.

This matter coming before the Court on the Motion of Debtors for Entry of an Order Authorizing Settlement of Claim No. 851 of CHL Administration, Inc. Pursuant to Fed. R. Bankr. P. 9019 (the "Motion")[2]; the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used herein have the meanings ascribed to them in the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Settlement, a copy of which is attached to the Motion as <u>Exhibit A</u>, is approved.

3. The Debtors shall be, and hereby are, authorized to enter into the Settlement, and are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement and perform any and all obligations contemplated therein.

4. Claim No. 851 is allowed as a pre-petition, unsecured, non-priority claim in the amount of $1,700,000.00. Claimant shall not be entitled to pre-petition or post-petition interest upon the allowed amount with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors. All other amounts outlined in or related to Claim No. 851 are disallowed and expunged and Claimant is forever barred from asserting any additional pre-petition or post-petition claims against the Debtors with respect to the matters covered by the Settlement, including all past, present and future costs of investigation, remediation, monitoring and maintenance associated with releases at or emanating from the Killingsworth Street Property including, but not limited to, those matters contained in Claimant's claim.

5. In the event that the Settlement becomes null and void for any reason, then the preceding paragraph 4 shall not apply, and Claimant's claim shall be deemed fully reinstated, subject, however, to the Debtors' defenses, counterclaims and offsets, if any, and credits for payments Claimant has received, if any. Neither the Settlement nor its nullification pursuant to

its terms, however, shall create a right that does not presently exist for Claimant or any other party to file additional claims with respect to these matters, nor waive any defense that the Debtors may have against such claims.

6. Claimant may void the Settlement if the plan that is ultimately confirmed with respect to Grace does not provide for the payment in full of Claimant's claim in the amount allowed pursuant to paragraph 5, above, on or as soon as practicable after the effective date of the confirmed plan, with the payment being at least 85% in cash and any remainder in common stock of the reorganized Grace. This option is for the sole benefit of Claimant. In the event Claimant sells or assigns its claim to another party at any time prior to payment under the confirmed plan, such option terminates. If the Settlement is voided by Claimant, Claim No. 851 will be deemed fully reinstated, subject to all of the Debtors' defenses, counterclaims, offsets and credits.

7. This Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order subject to the provisions of the Settlement.

Dated: May 16, 2006

*Judith K. Fitzgerald*

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3

DOCS_DE:117028.1