IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| W.R. GRACE & CO., et al., | ) ) ) | Case No. 01-01139 (JFK) (Jointly Administered) |
| Debtors. | ) ) | |

SETTLEMENT AGREEMENT

WHEREAS, on or about April 1, 2001, the Debtors herein filed a petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq., as amended (the "Bankruptcy Code"); and

WHEREAS, on or about March 28, 2003, the United States, on behalf of the Environmental Protection Agency (the "EPA"), filed a Proof of Claim against W.R. Grace & Co. - Conn. (the "Debtor");

WHEREAS, on or about December 17, 2004, the United States, on behalf of EPA, filed a Supplemental Proof of Claim (Claim 15506, appended to Claim 9634) against the Debtor;

WHEREAS, the Supplemental Proof of Claim asserts a claim, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., for unreimbursed environmental response costs (that could exceed $4 to $6 million depending on the nature of the final remedy and contributions by other potentially responsible parties) incurred by the United States at the Wauconda Sand and Gravel Superfund Site located in Wauconda, Illinois (the "Wauconda Superfund Site"), and for response costs incurred in the future by the United States at the Wauconda Site (the "EPA Wauconda Claim");

WHEREAS, the Supplemental Proof of Claim was asserted as a general unsecured claim;

WHEREAS, the Debtor, a group of Claimants (specifically Exxon Chemical Americas, Morton International, Inc., Ink Specialties Co., Inc., Giddings & Lewis LLC, Wells Manufacturing, Honeywell, Inc., H. B. Fuller Co., Waste Management of Illinois, Inc., and Mailwell Co.), and certain Additional PRPs (specifically BFI Waste Systems of North America, Inc. and Illinois Bronze Paint Co., Inc.) are seeking Bankruptcy Court approval for a stipulation (the "PRP Stipulation") that would resolve proofs of claim that Claimants have submitted in this proceeding relating to the Wauconda Site;

WHEREAS, the PRP Stipulation, if approved by the Bankruptcy Court, would require Debtor to pay the "Wauconda Task Group" (the group of potentially responsible parties performing the remedy at the Wauconda Site) $1.25 million in cash, at least 55% of which amount shall only be used to fund a public water system in Wauconda, Illinois (an important component of the remedial action at the Wauconda Site), either by purchase of an annuity or direct payment of construction costs;

WHEREAS, the PRP Stipulation provides that Claimants and the Additional PRPs shall pay, or arrange for payment by others not including Debtors, of all EPA costs sought under an April 20, 1994 Consent Decree entered into by the USEPA and the Wauconda Task Group (then also including the Debtor), and any subsequent Consent Decree in connection with the Wauconda Site.

WHEREAS, the PRP Stipulation, if approved by the Bankruptcy Court, would ensure that the Debtor adequately contributes to the cleanup of the Wauconda Site; and

WHEREAS, the parties hereto, without admission of liability by any party, and in consideration of the payment Debtor will make to the Wauconda Task Group (upon Bankruptcy Court approval of the PRP Stipulation), desire to settle, compromise and resolve the EPA Supplemental Claim;

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for other good and valuable consideration receipt of which is hereby acknowledged;

IT IS HEREBY STIPULATED and agreed to by and between the parties hereto, subject to approval by the Bankruptcy Court, as follows:

1. Upon Debtor's payment of $1,250,000 to the Wauconda Task Group pursuant to Paragraph 1 of the PRP Stipulation, the EPA Supplemental Proof of Claim (Claim 15506, appended to Claim 9634) shall be deemed withdrawn with prejudice and Debtor's liability thereunder shall be resolved.

2. In consideration of the payments or distributions that will be made by the Debtor under the terms of the PRP Stipulation, and except as provided in Paragraph 3 of this Settlement Agreement, the United States covenants not to bring a civil action or take administrative action against the Debtor pursuant to Sections 106 and 107 of CERCLA and Section 7003 of RCRA relating to the Wauconda Superfund Site. This covenant not to sue is conditioned upon the complete and satisfactory performance by the Debtor of its obligations under this Settlement Agreement and under the PRP Stipulation. This covenant not to sue extends only to the Debtor and does not extend to any other person.

3. The covenant not to sue set forth in the previous paragraph does not pertain to any matters other than those expressly specified in the previous paragraph. The United

States reserves, and this Settlement Agreement is without prejudice to, all rights against the Debtor with respect to all other matters, and specifically with respect to: liability for damages for injury to, destruction of, or loss of natural resources; liability for response costs that have been or may be incurred by federal agencies which are trustees for natural resources; claims based on a failure by the Debtor to meet a requirement of this Settlement Agreement; and claims for any site other than the Wauconda Superfund Site.

4. With regard to claims for contribution against the Debtor for matters addressed in this Settlement Agreement, the Debtor is entitled to such protection from contribution actions or claims as is provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2).

5. The Debtor covenants not to sue and agrees not to assert any claims or causes of action against the United States with respect to the Wauconda Superfund Site, including but not limited to: any direct or indirect claim for reimbursement from the Hazardous Substance Superfund, any claims for contribution against the United States, its departments, agencies or instrumentalities, and any claims arising out of response activities at the Wauconda Superfund Site. Nothing in this Settlement Agreement shall be construed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611 or 40 C.F.R. § 300.700(d).

6. Nothing in this Settlement Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Settlement Agreement.

7. This Settlement Agreement shall be subject to approval of the Bankruptcy Court. The Debtors shall promptly seek approval of this Settlement Agreement under

Bankruptcy Rule 9019 or other applicable provisions of the Bankruptcy Code. The hearing on Debtors' request for such approval shall not be held until the United States informs the Court (pursuant to Paragraph 8) of any public comments on the Settlement Agreement and the United States' responses to those comments.

8. This Settlement Agreement shall be lodged with the Court for a period not less than fifteen days while notice of this Settlement Agreement is provided and public comment is solicited. After the conclusion of the public comment period, the United States will file with the Court any comments received, as well as the United States' responses to the comments, and at that time, if appropriate, the Court will be requested by motion of the United States to approve the Settlement Agreement. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Settlement Agreement disclose facts or considerations which indicate that the Settlement Agreement is not in the public interest.

9. If for any reason (i) the Settlement Agreement is withdrawn by the United States as provided in Paragraph 8, or (ii) the Settlement Agreement is not approved, or (iii) the PRP Stipulation is not approved or otherwise withdrawn, or (iv) the Bankruptcy Cases are dismissed or converted to cases under Chapter 7 of the Bankruptcy Code before the effective date of a Plan of Reorganization and before Grace makes the payment required by Paragraph 1 of the PRP Stipulation: (a) this Settlement Agreement shall be null and void and the parties shall not be bound hereunder or under any documents executed in connection herewith; (b) the parties shall have no liability to one another arising out of or in connection with this Settlement Agreement or under any documents executed in connection herewith; (c) this Settlement Agreement and any documents prepared in connection herewith shall have no residual or probative effect or value

except as provided in subparagraph (b) above, and it shall be as if they had never been executed; and (d) this Settlement Agreement, any statements made in connection with settlement discussions, and any documents prepared in connection herewith may not be used as evidence in any litigation between the parties.

10. This Settlement Agreement represents the complete agreement of the parties hereto on the matters referred to herein and supersedes all prior agreements, understandings, promises and representations made by the parties hereto concerning the subject matter hereof. This Settlement Agreement may not be amended, modified or supplemented, in whole or in part, without the prior written consent of the parties hereto and the approval of the Bankruptcy Court.

11. This Settlement Agreement may be executed in counterparts.

FOR THE UNITED STATES OF AMERICA

5/11/06
Date

W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

5/18/06
Date

JAMES D. FREEMAN
Environmental Enforcement Section
U.S. Department of Justice

FOR THE UNITED STATES OF AMERICA

5-17-06
DATE

_Richard C. Karl_
RICHARD C. KARL
Director, Superfund Division
U.S. EPA, Region 5

5/15/06
Date

Mark Koller
Assistant Regional Counsel
U.S. EPA, Region 5

FOR DEBTOR W.R. GRACE & CO.-CONN.

Date: *May 15, 2006*            *William M Corcoran*
                                WILLIAM M. CORCORAN
                                Vice President
                                Public and Regulatory Affairs
                                W. R. Grace & Co.
                                7500 Grace Drive
                                Columbia, Maryland 21044