**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Related Doc. Nos. 11832, 12050, 12246** |
| | ) | **Hearing Date: September 25, 2006 at 2:00 pm** |
| | ) | **Objection Deadline: June 8, 2006** |

**SUMMARY OF THE QUARTERLY APPLICATION OF
BUCHANAN INGERSOLL PC FOR COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES AS ZAI COUNSEL FOR THE TWENTIETH
QUARTERLY PERIOD FROM JANUARY 1, 2006 THROUGH MARCH 31, 2006[1]**

Name of Applicant:                                  Buchanan Ingersoll PC

Authorized to Provide Professional Services to:     Zonolite Attic Insulation Claimants

Date of Appointment:                                Appointment Order effective
                                                    As of July 22, 2002[2]

Period for which compensation and
Reimbursement is sought:                            January 1, 2006 through
                                                    March 31, 2007

Amount of Compensation sought as actual,
Reasonable, and necessary:                          $ 15,718.00

Amount of Expenses Reimbursement:                   $ 1,706.95

This is a: _ monthly   X quarterly application

Prior Application filed: Yes

---

[1] Counsel for the ZAI Claimants were retained over a year after this case was filed. To conform with the titles of the quarterly applications being filed by the firms who have been in the case since its inception, this application is being titled the "Twentieth Quarterly Application", although it is Buchanan Ingersoll's sixth Quarterly Application - see footnote 2.

[2] Buchanan Ingersoll PC presently serves as Delaware Bankruptcy Counsel to the ZAI Claimants, pursuant to the designation of Edward Westbrook, who was appointed Lead Special counsel to the ZAI Claimants by Order dated August 26, 2002. That Order made the appointment of counsel to the ZAI Claimants retroactive to July 22, 2002.

Summary of Prior Fee Applications

| Application | Period Covered | Date filed (Dkt. #) | CNO filed (Dkt. #) | Fees Sought | Expenses Sought (100% Due) |
|---|---|---|---|---|---|
| 1st Monthly | Sept. 24 through Oct. 31, 2004 | 11/29/04 (7044) | 2/9/05 (7731) | $13,472.00 | $74.40 |
| 2nd Monthly | November, 2004 | 1/12/05 (7528) | 2/14/05 (7768) | $5,765.00 | $2,317.07 |
| 3rd Monthly | December, 2004 | 5/4/05 (8366) | 6/28/05 (8692) | $5,815.50 | $1,542.81 |
| **First Quarterly** | **September 24, 2004 through December 31, 2004** | **8/12/05 (9187)** | | **$25,052.50** | **$3,934.28** |
| 4th Monthly | January, 2005 | 5/4/05 (8367) | 7/7/05 (8951) | $6,297.00 | $4,167.75 |
| 5th Monthly | February, 2005 | 5/4/05 (8368) | 7/7/05 (8952) | $6,066.50 | $698.29 |
| 6th Monthly | March, 2005 | 5/4/05 (8369) | 7/7/05 (8953) | $1,128.00 | $47.64 |
| **Second Quarterly** | **January - March 2005** | **8/12/05 (9188)** | | **$13,491.50** | **$4,913.68** |
| 7th Monthly | April, 2005 | No application filed | n/a | n/a | n/a |
| 8th Monthly | May, 2005 | 8/9/05 (9155) | 9/14/05 (9425) | $3,835.00 | $508.16 |
| 9th Monthly | June, 2005 | 8/9/05 (9157) | 9/14/05 (9427) | $2,737.00 | $1,102.30 |
| **Third Quartlerly** | **April - June 2005** | **9/28/05** | | **$6,572.00** | **$1,610.46** |
| 10th Monthly | July 2005 | 9/13/05 (9416) | 10/18/05 (9682) | $477.50 | $110.56 |
| 11th Monthly | August 2005 | 9/14/05 (9417) | 10/18/05 (9683) | $5,127.50 | $3,184.52 |
| 12th Monthly | September 2005 | 12/27/05 (11437) | 2/15/06 (11794) | $7,404.50 | $1,110.57 |
| **Fourth Quarterly** | **July-September 2005** | **2/20/06 (11861)** | | **$13,009.50** | **$4,385.83** |
| 13th Monthly | October 2005 | 12/27/05 (11441) | 2/15/06 (11795) | $2,729.00 | $0.00 |
| 14th Monthly | November 2005 | 1/20/2006 (11598) | 2/16/06 (11822) | $1,948.00 | $754.67 |
| 15th Monthly | December 2005 | 1/20/2006 (11599) | 2/16/06 (11823) | $4,906.00 | $313.37 |
| **Fifth Quarterly** | **October - December 2005** | **3/8/2006 (11995)** | | **$9,583.00** | **$1,068.04** |

Monthly Fee Applications Included In Current Quarterly Application

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Fees Not Objected To (80%) | Approved Expenses |
|---|---|---|---|---|---|
| February 16, 2006 (#11832) | 1/1/2006 - 1/31/2006 | $4,966.00 | $366.26 | $3,972.80 | $366.26 |
| March 14, 2006 (#12050) | 2/1/2006 - 2/28/2006 | $5,248.00 | $417.58 | $4,198.40 | $417.58 |
| April 17, 2006 (#12246) | 3/1/2006 - 3/31/2006 | $5,504.00 | $923.11 | $4,403.20 | $923.11 |

BIPC has filed certificates of no objection with the Court with respect to the above monthly interim Applications because no objections were filed with the Court within the objection period.

The BIPC attorneys who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| William D. Sullivan | Partner | 15 | Bankruptcy & Creditors' Rights | $260.00-$320.00 | 16.2 | $4,938.00 |
| Ian D. Lindley | Associate | 3 | Bankruptcy & Creditors' Rights | $185.00-$200.00 | 53.9 | $10,780.00 |
| TOTALS | | | | | 70.1 | $15,718.00 |

No paraprofessionals rendered professional service in these cases during the Fee Period.

Compensation by Project Category

| Category | Total Hours | Total Fees |
|---|---|---|
| 11-Fee Applications, Applicant | 60.5 | $12,700.00 |
| 20-Travel–Non-working | 0.00 | 0.00 |
| 22-ZAI Science Trial | 9.6 | $3,018.00 |
| TOTALS | 70.1 | $15,718.00 |

3

ZAI Science Trial Expenses (Category 23)

| Description | Amount |
|---|---:|
| Computer-Assisted Legal Research (and CM/ECF) | $88.24 |
| Duplicating (Inside - $0.07 / page) | $727.30 |
| Courier Service | $891.41 |
| Total | $ 1,706.95 |

Dated:  May 19, 2006
     Wilmington, Delaware        **BUCHANAN INGERSOLL PC**

                                      */s/ William D. Sullivan*
                                    William D. Sullivan (No. 2820)
                                    The Nemours Building
                                    1007 North Orange Street, Suite 1110
                                    Wilmington, DE 19801
                                    Phone: (302) 428-5531

                                  *Delaware Counsel to the ZAI Claimants*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Related Doc. Nos. 11832, 12050, 12246** |
| | ) | **Hearing Date: September 25, 2006 at 2:00 pm** |
| | ) | **Objection Deadline: June 8, 2006** |

**QUARTERLY APPLICATION OF BUCHANAN INGERSOLL PC FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS ZAI DELAWARE COUNSEL FOR THE TWENTIETH QUARTERLY PERIOD
FROM JANUARY 1, 2006 THROUGH MARCH 31, 2006**

Pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Amended Interim Compensation Order" and collectively with the Interim Compensation Order, the "Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Buchanan Ingersoll PC ("Applicant" or "BIPC"), Delaware counsel to the ZAI Claimants, hereby applies for an order allowing it: (i) compensation in the amount of $15,718.00 for the reasonable and necessary legal services BIPC has rendered; and (ii) reimbursement for the actual and necessary expenses BIPC has incurred in the amount of $1,706.95 (the "Twentieth Interim Quarterly Fee Application"), for the interim quarterly period from January 1, 2006

through March 31, 2006 (the "Fee Period"). In support of this Application, BIPC respectfully states as follows:

## **Background**

**Retention of BIPC**

1. On April 2, 2001 (The "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order effective as of July 22, 2002, the firm of Richardson, Patrick, Westbrook & Brickman ("RPWB") was appointed as ZAI Lead Special Counsel to prosecute the ZAI "Science Trial" issues on behalf of the ZAI Claimants' position against Debtors' position (the "Appointment Order"). The Appointment Order permitted RPWB to utilize additional counsel in specific capacities. Subsequently, William D. Sullivan was selected to act as Delaware counsel for RPWB, whose attorneys are not admitted to practice in Delaware and do not maintain an office in that state. Mr. Sullivan was previously associated with the firm of Elzufon, Austin, Reardon, Tarlov & Mondel ("Elzufon"), but in September 2004, relocated his practice to BIPC. The RPWB firm has continued to use Mr. Sullivan and the services of BIPC to act as local counsel to the ZAI Claimants due to Mr. Sullivan's extensive experience in representing the ZAI Claimants.

3. The Appointment Order authorizes a total budget for ZAI Counsel of $1.5 million in fees and $500,000 in expenses for prosecuting the Science Trial, against which BIPC

may be compensated for legal services at its hourly rates as specified to the Court, and for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court[3].  On May 3, 2001, this Court entered the Interim Compensation Order and entered the Amended Interim Compensation Order on April 17, 2002.  On July 28, 2003, the Court entered an Order increasing the budget by $950,000 per side for additional attorney fees and expenses.  On September 27, 2004, the Court entered another Order increasing the budget by $750,000 per side for addition attorney fees and expenses.

## Monthly Interim Fee Applications Covered Herein

4.  Pursuant to the procedures set forth in the Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application") subject to any objections lodged by the Notice Parties, as defined in the Compensation Order.  If no objection is filed to a Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

5.  Furthermore, and also pursuant to the Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the

---

[3] The rates billed by BIPC, including the rate of the principal BIPC partner involved, William D. Sullivan ($260-$320), are within the range of rates previously identified to the Court.  Other BIPC lawyers and professionals are being billed at rates commensurate with their experience and in the same range as other firms are billing in this bankruptcy (i.e. $185-$200 for associates and $120 for paralegals).

Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

6. This is the sixth Interim Quarterly Fee Application that BIPC has filed with the Bankruptcy Court in connection with these Chapter 11 Cases.

7. BIPC has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   a. Application of Buchanan Ingersoll, P.C. for Compensation for Services and Reimbursement of Expenses as ZAI Local Counsel for the Interim Period from January 1, 2006 through January 31, 2006 filed February 16, 2006, (the "January Application") attached hereto as Exhibit A.

   b. Application of Buchanan Ingersoll, P.C. for Compensation for Services and Reimbursement of Expenses as ZAI Local Counsel for the Interim Period from February 1, 2006 through February 28, 2006, filed March 14, 2006, (the "February Application") attached hereto as Exhibit B.

   c. Application of Buchanan Ingersoll, P.C. for Compensation for Services and Reimbursement of Expenses as ZAI Local Counsel for the Interim Period from March 1, 2006 through March 31, 2006, filed April 17, 2006, (the "March Application") attached hereto as Exhibit C.

8. The period for objecting to the fees and expense reimbursement requested in the January, February and March Fee Applications expired without any objection being filed, and BIPC has filed and served Certificates of No Objection to that effect.

9. During the Fee Period, BIPC attended monthly hearings in these cases, monitored issues relating to the Debtors' Plan of Reorganization, monitored pleadings filed in these cases and coordinated the preparation and filing of fee applications for all ZAI counsel.

**Requested Relief**

10. By this Twentieth Interim Quarterly Fee Application, BIPC requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by BIPC for the Fee Period as detailed in the Application, less any amounts previously paid to BIPC pursuant to the Application and the procedures set forth in the Compensation Order. The full scope of services provided and the related expenses incurred are fully described in the attached exhibits.

**Disinterestedness**

11. With the exception of its representation of asbestos claimants, and certain unsecured creditors unrelated to the ZAI issues, BIPC does not hold any interest adverse to the estates.

12. In addition, BIPC may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the ZAI matters pending in the Debtors' Chapter 11 Cases.

**Representations**

13. BIPC believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

14. BIPC performed the services for which it is seeking compensation under its Court Appointment.

15. During the Fee Period, BIPC has received no payment, nor has it received any promises for payment, from any other source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

16. Pursuant to Fed. R. Bank. P. 2016(b), BIPC has not shared, nor has it agreed to share: (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of BIPC; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

17. Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. BIPC reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, BIPC respectfully requests that the Court enter an order providing: (a) that for the Fee Period an administrative allowance be made to BIPC in the sum of (i) $15,718.00 as compensation for reasonable and necessary professional services, and (ii) $1,706.95 for reimbursement of actual and necessary costs and expenses incurred (for a total of $17,424.95); (b) that the Debtors be authorized and directed to pay to BIPC the outstanding amount of such sums less any sums previously paid to BIPC pursuant to the Application and the procedures set forth in the Compensation Order; and (c) that this Court grant such further relief as is equitable and just.

Dated: May 19, 2006
      Wilmington, Delaware           **BUCHANAN INGERSOLL PC**

                                                */s/ William D. Sullivan*
                                                William D. Sullivan (No. 2820)
                                                The Nemours Building
                                                1007 North Orange Street, Suite 1110
                                                Wilmington, DE 19801
                                                Phone: (302) 428-5531

                                                *Delaware Counsel to the ZAI Claimants*