IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

| | |
|---|---|
| STATE OF ILLINOIS ) | |
| ) | ss: |
| COUNTY OF COOK ) | |

### EIGHTEENTH SUPPLEMENTAL AFFIDAVIT OF JAMES H.M. SPRAYREGEN UNDER 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014

JAMES H. M. SPRAYREGEN, ESQUIRE, being duly sworn, deposes and says:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1. I am a partner in the firm of Kirkland & Ellis LLP ("K&E"), 200 East Randolph Drive, Chicago, Illinois 60601. I am authorized to make this affidavit on K&E's behalf.

2. On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Cases") for relief under chapter 11 of title 11 of the United States Code.

3. By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Cases and all related matters. The following affidavits in support of the Application have been filed on behalf of K&E:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 25, 2001;

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001;

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement"), filed October 24, 2001;

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement"), filed November 13, 2001;

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the Seventh Supplement"), filed April 11, 2002;

- Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Eighth Supplement"), filed May 23, 2002;

- Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed July 19, 2002 (the "Ninth Supplement"); and

- Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr P. 2014 filed September 18, 2002 (the "Tenth Supplement");

- Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed March 11, 2003 (the "Eleventh Supplement");

- Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed September 20, 2004, and the Amendment to the Twelfth Supplement, filed December 2, 2004, (the "Twelfth Supplement");

- Thirteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed February 10, 2005 (the "Thirteenth Supplement");

- Fourteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed June 14, 2005 (the "Fourteenth Supplement");

- Fifteenth Supplemental Affidavit of James H. M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed December 12, 2005 (the "Fifteenth Supplement"; and

- Sixteenth Supplemental Affidavit of James H. M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed March 20, 2006 (the "Sixteenth Supplement", and

- Seventeenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed April 17, 2006 (the

"Seventeenth Affidavit," and, together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement, the Sixth Supplement, the Seventh Supplement, the Eighth Supplement, the Ninth Supplement, the Tenth Supplement, the Eleventh Supplement, the Twelfth Supplement and Amendment to Twelfth Supplement, the Thirteenth Supplement, the Fourteenth Supplement, the Fifteenth Supplement and the Sixteenth Supplement, the "Affidavits").

4. This supplement to the Affidavits (the "Eighteenth Supplement") is made pursuant to Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). The Eighteenth Supplement discloses additional representations by K&E that have come to my attention since the filing of the Seventeenth Supplement as a result of the hiring by K&E of new employees or the return of former employees. As set forth in detail below, K&E continues to search its electronic database for, among other things, new or returning K&E employees.

### A. Disclosure of K&E Employee Connections

5. Ari Mintzer, a corporate associate, started working in K&E's Chicago office on Monday, April 24, 2006. Before coming to K&E, Mr. Mintzer worked, both as a summer associate, and as an associate, at Winston & Strawn LLP, and represented JPMorgan Chase Bank N.A., negotiating and drafting credit agreements and ancillary documents in a corporate transactional matter unrelated to the Debtors. JP Morgan Chase Bank, N.A. is a creditor whose claims are subject to a claims objection in the Cases. Its parent company, JP Morgan Chase & Co., provided a letter of credit to the Debtors and is a member of the Unsecured Creditors' Committee appointed in the Cases. Bank One Purchasing Card, another subsidiary of JP Morgan Chase & Co., is one of the Debtors' vendors. Out of an abundance of caution, K&E has instituted formal procedures to screen Mr. Mintzer from any contact with K&E's representation of the Debtors.

6. Tarica Chambliss, a summer associate, started working in K&E's Chicago office on Monday, May 15, 2006. Before coming to K&E, Ms. Chambliss worked as a paralegal specialist in the antitrust division (National Criminal Enforcement Section) of the United States Department of Justice. The United States Department of Justice is an adverse party and an *ex officio* member of the Unsecured Creditors' Committee appointed in the Cases. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Ms. Chambliss from any contact with K&E's representation of the Debtors.

7. William Bestani, a summer associate, started working in K&E's Washington, D.C. office on May 15, 2006. Before coming to K&E, Mr. Bestani worked as an analyst at J.P Morgan Chase & Co., assisting in the design of that firm's hedge fund prime brokerage business, researching and trading cash and equity options, and conducting research for that firm's Fixed Income Group. JP Morgan Chase & Co. provided a letter of credit to the Debtors and is a member of the Unsecured Creditors' Committee appointed in the Cases. Its subsidiary JP Morgan Chase Bank, N.A. is a creditor whose claims are subject to a claims objection, its subsidiary Bank One Purchasing Card is one of the Debtors' vendors, and its subsidiary JP Morgan Securities is a creditor of the Debtors. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Bestani from any contact with K&E's representation of the Debtors.

8. Kevin Lawi, a summer associate, started working in K&E's New York offices on May 15, 2006. Before coming to K&E, Mr. Lawi worked as an associate in the financial institutions group of JP Morgan Securities. JP Morgan

5

Securities is a creditor of the Debtors. Additionally, its parent company JP Morgan Chase & Co. provided a letter of credit to the Debtors and is a member of the Unsecured Creditors' Committee appointed in the Cases. JP Morgan Securities affiliate JP Morgan Chase Bank, N.A. is a creditor whose claims are subject to a claims objection, and its affiliate Bank One Purchasing Card is one of the Debtors' vendors. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Lawi from any contact with K&E's representation of the Debtors.

9. Graham White, a corporate partner, started working in K&E's London offices on April 28, 2006. Before coming to K&E, Mr. White worked as a partner at Linklaters, and represented JP Morgan Partners in private equity-related matters unrelated to the Debtors. JP Morgan Partner's parent company JP Morgan Chase & Co. provided a letter of credit to the Debtors and is a member of the Unsecured Creditors' Committee appointed in the Cases. JP Morgan Partner's affiliate JP Morgan Chase Bank, N.A. is a creditor whose claims are subject to a claims objection, its affiliate Bank One Purchasing Card is one of the Debtors' vendors, and its affiliate JP Morgan Securities is a creditor of the Debtors. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. White from any contact with K&E's representation of the Debtors.

10. Raymond McKeeve, a corporate partner, started working in K&E's London office on April 28, 2006. Before coming to K&E, Mr. McKeeve worked as a partner at Linklaters, and represented JP Morgan Partners in private equity-related matters unrelated to the Debtors. JP Morgan Partner's parent company JP Morgan Chase & Co. provided a letter of credit to the Debtors and is a member of the Unsecured

Creditors' Committee appointed in the Cases. JP Morgan Partner's affiliate JP Morgan Chase Bank, N.A. is a creditor whose claims are subject to a claims objection, its affiliate Bank One Purchasing Card is one of the Debtors' vendors, and its affiliate JP Morgan Securities is a creditor of the Debtors. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. McKeeve from any contact with K&E's representation of the Debtors.

11. Kathryn Liberatore, an intellectual property litigation associate, started working in K&E's New York office on Monday, May 1, 2006. Before coming to K&E, Ms. Liberatore worked as a summer intern in the boiler research group of the BetzDearborn Division of Hercules, Inc. BetzDearborn, Inc. (f/k/a Grace Dearborn Company) is a potential creditor in the Cases and an adverse party in pre-petition litigation against the Debtors. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Ms. Liberatore from any contact with K&E's representation of the Debtors.

12. Stephen Gillespie, a banking partner, will start working in K&E's London office on May 22, 2006. Before coming to K&E, Mr. Gillespie worked as a partner at Allen & Overy LLP, and represented (a) JP Morgan Chase & Co. in a number of corporate matters, and (b) JP Morgan Europe Limited, a JP Morgan Chase & Co. subsidiary, as an arranger and underwriter in an acquisition unrelated to the Debtors. JP Morgan Chase & Co. provided a letter of credit to the Debtors and is a member of the Unsecured Creditors' Committee appointed in the Cases. JP Morgan Europe Limited's affiliate JP Morgan Chase Bank, N.A. is a creditor whose claims are subject to a claims objection, its affiliate Bank One Purchasing Card is one of the Debtors' vendors, and its

affiliate JP Morgan Securities is a creditor of the Debtors. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Gillespie from any contact with K&E's representation of the Debtors.

**B.     General**

13.    As previously disclosed, K&E and certain of its partners, counsel, and associates may currently represent and may in the future represent parties in interest of the Debtors in connection with matters unrelated to the Debtors and the Cases. K&E continues to search its electronic database for its connection to such entities as K&E becomes aware of material information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on MAY 18, 2006

JAMES H.M. SPRAYREGEN, P.C.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
312/861-2000
312/861-2200 (fax)

Subscribed and sworn to before me this 18th day of MAY, 2006.

Notary Public
My Commission Expires:

"OFFICIAL SEAL"
Clinton J. Boyd
Notary Public, State of Illinois
My Commission Expires Oct. 23, 2006

9