**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP**
**FOR THE NINETEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Nineteenth Interim Fee Application of Stroock & Stroock & Lavan, LLP (the "Application").

**BACKGROUND**

1.      Stroock & Stroock & Lavan, LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors.  In the Application, Stroock seeks approval of fees totaling $299,419.75 and costs totaling $5,838.28 for its services from October 1, 2005, through December 31, 2005, as well as payment of fees and costs of $103,498.49 for Navigant Consulting ("Navigant"), an asbestos issues expert[1].

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330,  Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

---

[1] We do not review the fees and expenses of Navigant per Stroock's request.

Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the

District of Delaware, and the Third Circuit Court of Appeals.  We served on Stroock an initial report

based on our review, and received a response from Stroock, portions of which response are quoted

herein.

### DISCUSSION

3.      In our initial report, we noted that in two instances, time entries do match the

parenthetical entries.  The entries are provided below.

On November 11, 2005, AK had a time entry listed as 1.70 hours for a total fee of $935.00.  The
parenthetical entries total 1.30 hours for a fee of $715.00.  Difference in fee total is $220.00.

| 11/11/05 | AK | 1.70 | Office conference KP re: joinder to be filed on expert (.1); attended to joinder and follow-up exchange with KP re: same (.2); attended to proposed second order granting relief on 15th omnibus claims objection (0.6); attend to scheduling order re: PD Claims (.1); memorandum to R. Schulman re: creditor contact on outstanding claim (.1); exchanged memoranda with L. Sinanyan, R, Schulman re: AIG payment obligations (.2). |
|---|---|---|---|

On November 3, 2005, AK had a time entry listed as 2.30 hours for a total fee of $1,265.00.  The
parenthetical entries total 2.20 hours for a fee of $1,210.00.  Difference in fee total is $55.00

| 11/03/05 | AK | 2.30 | Attend to memorandum to J. Baer re: agreement on Bear Stearns' fee modification (.3); telephone call S. Cunningham re: Committee's position on Bear Stearns and modifications (.2); exchanged memoranda with J. Baer re: agreement with Bear Stearns on modifications to fee structures and Committee's position thereon, and status of Bear Stearns' motion (.4); office conference L. Hamilton re: Debtors' response and S. Cunningham affidavit (.2); attend to S. Cunningham affidavit (.3); finalization of Committee's |
|---|---|---|---|

limited objection (.7); memorandum to KP re: Debtors' position on application (.1).

We asked Stroock to review the entries and to state whether the differences represent inadvertent oversights and should therefore be deducted from the fee total.   Stroock's response is set forth in Response Exhibit A.  We appreciate the response and offer no objection to these fees.

## CONCLUSION

4.      Thus we recommend approval of fees totaling $299,419.75 and costs totaling $5,838.28 for Stroock's services from October 1, 2005, through December 31, 2005, as well as payment of fees and costs of $103,498.49 for Navigant Consulting.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:

Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 30th day of May, 2006.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

**RESPONSE EXHIBIT A**

The Report notes two instances in the Application where the total time ascribed to the entry does not correspond to the total of the component entries for the particular timekeepers for the dates identified and seeks an explanation for the discrepancy. The aggregate difference is stated to be $275.00 in fees. (Report at paragraph 3).

The portion of the Application corresponding to this inquiry contains approximately 50 pages of time entries and hundreds of entries for this quarterly application period. While Stroock endeavors to double-check each and every narrative and corresponding aggregate amount entry against each other, as well as against the subject attorney's time detail notes to ensure that the amounts are correct throughout, errors do occur from time to time.

With respect to timekeeper A. Krieger's time detail for 11/11/05, Stroock's review of the narrative time entry against the original notes input reveals that in this instance a typographical error occurred in putting the attorney's time detail data into the firm's accounting system and that the following time entry should have reflected time expended of (0.5), rather than time expended of (0.4): "exchanged memoranda with J. Baer re: agreement with Bear Stearns on modifications to fee structures and Committee's position thereon, and status of Bear Stearns' motion," which accounts for the difference. Stroock submits that the aggregate amount for this entry is therefore correct.

With respect to timekeeper A. Krieger's time detail for 11/03/05, Stroock's review of the narrative time entry against the original notes input reveals that in this instance a typographical error occurred in putting the attorney's time detail data into the firm's accounting system and the time entry failed to include the following component: "attend to second order on 15th omnibus (0.4)", which entry accounts for the difference. Stroock submits that the aggregate amount for this entry is therefore also correct and that the aggregate amount of the compensation Stroock seeks under the Application should be allowed in its entirety.