**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF SWIDLER BERLIN, LLP**
**FOR THE NINETEENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Swidler Berlin, LLP for the Nineteenth Interim Period (the "Application").

**BACKGROUND**

1. Swidler Berlin, LLP (Swidler), was retained as counsel to David T. Austern, legal representative for future asbestos claimants. In the Application, SBSF seeks approval of fees totaling $202,226.84 and costs totaling $15,577.13 for its services from October 1, 2005, through December 31, 2005.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Swidler an initial report based on our review, and received a response from Swidler, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted nine entries from three firm professionals totaling 94.5 hours and $17,955.00 for a document review regarding an estimation hearing. The entries are provided below.

| Date | Professional | Description | Hours |
|---|---|---|---|
| 12/19/05 | Debra L. Felder | Document review in Boston regarding estimation hearing | 11.50 |
| 12/19/05 | Robert L. Lamborn | Document review in Boston regarding estimation hearing | 11.50 |
| 12/19/05 | Rachael M. Barainca | Document review in Boston regarding estimation hearing | 11.50 |
| 12/20/05 | Rachael M. Barainca | Document review in Boston regarding estimation hearing | 9.00 |
| 12/20/05 | Robert L. Lamborn | Document review in Boston regarding estimation hearing | 9.00 |
| 12/20/05 | Debra L. Felder | Document review in Boston regarding estimation hearing | 9.00 |
| 12/21/05 | Debra L. Felder | Document review in Boston regarding estimation hearing | 8.00 |
| 12/21/05 | Robert L. Lamborn | Document review in Boston regarding estimation hearing | 8.00 |
| 12/21/05 | Rachael M. Barainca | Document review in Boston regarding estimation hearing | 8.00 |
| 12/22/05 | Rachael M. Barainca | Document review in Boston regarding estimation hearing | 3.00 |
| 12/22/05 | Robert L. Lamborn | Document review in Boston regarding estimation hearing | 3.00 |
| 12/22/05 | Debra L. Felder | Document review in Boston regarding estimation hearing | 3.00 |

We asked Swidler to explain the specific nature of the review, why it required the presence of three professionals to complete, and the area of expertise each professional brought to the task. Swidler responded as follows:

> Response to Paragraph 3: The Initial Report asks Swidler to explain why three professionals were required to complete a document review regarding the estimation hearing, the specific nature of the review, and the area of expertise each professional brought to the task.
>
> The document review, conducted by Debra L. Felder, Robert L. Lamborn, and Rachael M. Barainca, involved the examination of approximately 300 boxes located in a Grace document repository in Boston, Massachusetts. Grace provided Ms. Felder, Mr. Lamborn and Ms. Barainca with access to those boxes during a one-week period for approximately 8-12 hours a day.
>
> The boxes contained, among other things, Grace's historical records, communica-tions and other materials regarding the production, sale and/or use of asbestos-containing products. These materials are relevant to the asbestos personal injury claims estimation process, which is ultimately intended to estimate the amount of Grace's liability for asbestos personal injury claims. The Bankruptcy Court has entered a case management order for this estimation process, which includes deadlines for exchanging expert reports, conducting discovery and the like.
>
> Debra Felder, an associate (J.D. '02), has performed much of the work to date in connection with the asbestos personal injury estimation process, and has been involved in representing the Future Claimants' Representative in this case since Swidler was retained as his counsel. Ms. Felder supervised Mr. Lamborn, a first year associate (J.D. '05), and Ms. Barainca, a paralegal, during the document review. These three professionals allocated the tasks so that each reviewed different sets of documents, in order to avoid duplication of effort. In light of the volume of boxes and the time frame during which they were available, assigning three professionals to accomplish these tasks was appropriate.

We appreciate the response and offer no objection to these fees.

4. We noted a number of listed expenses for travel and meals throughout the application with no accompanying detail. We asked Swidler to provide appropriate detail for all expenses, which the firm subsequently did. For meal expenses, we recommend a reasonable ceiling of $15 per person for breakfast, $25 per person for lunch and $50 per person for lunch.

Through subsequent conversation, Swidler informed us that they would accept these suggested ceilings and reduce their expense requests accordingly. After review of all interim expenses and the accompanying explanations, we accept Swidler's voluntary reductions for meal expenses of $37.61. These include a reduction of $.32 from a $45.32 charge for breakfast for three on December 19, 2005; a reduction of $7.50 from a charge of $37.50 for breakfast for two on December 20, 2005; a reduction of $7.50 from a charge of $37.50 for breakfast for two on December 21, 2005; and a reduction of $14.79 from a charge of $164.79 for dinner for three on December 21, 2005. We also accept Swidler's proposed reduction of $65.86 for transportation expenses. This reduction includes one taxi fare of $32.00 on December 18, 2005; one personal mileage charge of $16.93 on December 18, 2005; and one personal mileage charge of $16.93 on December 22, 2005. We thus recommend an overall reduction of $103.47 in expenses.

## CONCLUSION

5.　　Thus we recommend approval of fees totaling $202,226.84 and costs totaling $15,473.66 ($15,577.13 minus $103.47) for Swidler's services from October 1, 2005, through December 31, 2005.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 30th day of May, 2006.

_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**

Roger Frankel
Swidler Berlin Shereff Friedman, LLP
3000 K Street, NW, Suite 300
Washington, DC 20007

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801