Date of Claims Settlement Notice: June 1 2006
Opposition/Responses Due: June 21, 2006

| In re | Case No. 01-1139 (JKF) |
|---|---|
| **W. R. GRACE & CO., et al.,**[1] | Chapter 11 |
| Debtors. | Jointly Administered |

## CLAIM SETTLEMENT NOTICE

THIS NOTICE IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING (THE "COURT ORDER"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIMS SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. If the terms set forth in this notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Attached hereto as <u>Exhibit A</u> is the summary of the claim (the "<u>Claim</u>") which certain of the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") seeks to settle pursuant to the procedures approved by the Court Order. This Claim involves a Single Business Tax assessment by the State of Michigan against W. R. Grace & Co.-Conn. for the years 1995-1998. The State of Michigan has agreed to adjustments that reduce the assessment from $473,891 to $104,373.

If you oppose the settlement of the Claim, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

<u>Objection Procedures</u>:

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "<u>Negative Notice Parties</u>") a written objection to this Claim Settlement Notice. All objections and responses must be <u>received</u> by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this notice (June 21, 2006) at 4:00 p.m. (E.D.S.T.).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James O'Neill of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. at (302) 778-6407.