IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. Grace & Co., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: June 19, 2006 at 2:00 p.m.** |
| | **Related Docket No. 12432** |

## LIBBY CLAIMANTS' MOTION TO DEFER CONSIDERATION OF DEBTORS' MOTION TO APPROVE SETTLEMENT WITH LLOYD'S UNDERWRITERS

Claimants injured by exposure to tremolite asbestos from the Debtors' operations near Libby, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move that (a) this Court defer consideration of the Motion of Debtors for an Order Approving the Settlement Agreement and Mutual Release with Lloyd's Underwriters filed May 15, 2006 [Docket No. 12432] (the "Motion") until the July 24, 2006, omnibus hearing or, if the parties agree after further discussions and completion of any discovery that an evidentiary hearing will be needed, such other date and time will be convenient for this Court to conduct such hearing, and (b) to correspondingly extend the deadline for all parties to file responses (or amended responses) to the Motion. As more fully explained below, for any party to evaluate and have a fair opportunity to be heard concerning the settlement proposed in the Motion (the "Proposed Settlement") requires a review and understanding not only of the settlement agreement itself but also the underlying insurance policies (the "Subject Policies") and other insurance policies providing

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 11624], as it may be amended and restated from time to time.

393.001-12592.doc

coverage during the same policy periods—a substantial task that the Libby Claimants cannot reasonably be expected to accomplish in the 18 days from the filing of the Motion to the objection deadline, or for that matter in the 34 days from the filing of the Motion through the date of the scheduled hearing.

1. On April 2, 2001, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

2. On May 15, 2006, the Debtors filed the Motion seeking this Court's approval of the Proposed Settlement, whereby the Debtors would receive $90 million in exchange for releasing the certain insurers from all of their obligations under the Subject Policies. Apart from stating that the Subject Policies were issued after June 30, 1985, and were the subject of a previous settlement (in 1995), the Motion says nothing about the types of coverage provided by the Subject Policies, the years for which the coverage was in effect, its nature as primary or excess coverage, any aggregate limits on claims payable under one or more of the coverages provided—in short, no information on which this Court or any interested party could make a reasonably informed decision about whether or not the Proposed Settlement is in the best interest of the Debtors' estate, and no information on which any particular group of claimants would be able to understand whether their particular claims were covered by the Subject Polices which the Debtor now proposes to cancel.

393.001-12592.doc

3.  As is more fully set forth in the Libby Claimants' Objection to Debtors' Motion to Approve Settlement with Lloyd's Underwriters and the Objection of the Official Committee of Asbestos Personal Injury claimants to the Motion of Debtors for an Order Approving the Settlement Agreement and Mutual Agreement with Lloyd's Underwriters, both of even date herewith, by their terms the Subject Policies appear to provide at least $199 million of premises/operations coverage for the Libby Claimants. Without explanation, the Proposed Settlement surrenders this coverage.

4.  Due process of law requires that the Libby Claimants be afforded a fair opportunity to understand the Proposed Settlement, the Debtors' rationale therefor, the coverage afforded to the Libby Claimants by the Subject Policies, the relationship of the Subject Policies to other insurance coverage that is, or might be, available for the Libby Claimants during the same policy periods, and other pertinent information concerning the background of the Proposed Settlement and its impact on the Libby Claimants.

WHEREFOR, the Libby Claimants respectfully request that the Court enter an order (a) continuing the Motion until the July 24, 2006 omnibus hearing and (b) granting any further relief as is just and proper.

Dated: June 2, 2006
Wilmington, Delaware

LANDIS RATH & COBB LLP

_/s/ Kerri Mumford_
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

3

393.001-12592.doc

4

                              Daniel C. Cohn, Esq.
                              Christopher M. Candon, Esq.
                              COHN WHITESELL & GOLDBERG LLP
                              101 Arch Street
                              Boston, MA 02110
                              Telephone: (617) 951-2505
                              Facsimile: (617) 951-0679

                              Counsel for the Libby Claimants

4