IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No. 11850 and 5/15/06 Agenda Item 15 |

### ORDER AUTHORIZING DISCOVERY FROM DR. ALAN C. WHITEHOUSE AND CERTIFYING ISSUES OF PATIENT PRIVACY FOR JUDGE DONALD W. MOLLOY

Upon consideration of the motion filed by the above captioned Debtors (collectively "Grace" or "Debtors") for authorization to seek discovery from Dr. Alan C. Whitehouse ("Dr. Whitehouse") and for a protective order relating to production of documents from Dr. Whitehouse (the "Motion"),[2] the Court issues this order in consideration of the following:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Motion.

WHEREAS Grace is a defendant in a criminal proceeding styled *United States v. W.R. Grace & Co.*, CR-07-07-M-DWM (D. Mont.) (the "Montana Criminal Case") and has initiated in this bankruptcy case a proceeding to estimate the amount of asbestos personal injury claims against Grace (the "Estimation Proceeding");

WHEREAS, Judge Molloy in orders dated April 6, 2006 and April 25, 2006, directed that the Government produce the medical records for the approximately 550 patients in Dr. Whitehouse's database (the "550 Whitehouse Database Patients") in the possession of Dr. Whitehouse and in the possession of the Center for Asbestos Related Disease ("CARD"). The Court further ordered that the medical records for the 550 Whitehouse Database Patients were to "be redacted to exclude sensitive identifying information such as names, addresses, contact information, insurance information and Social Security numbers";

WHEREAS Grace's use of the medical records produced by the Government in the Montana Criminal Case is restricted to the Montana Criminal Case as articulated in the protective order issued by Judge Molloy in the Montana Criminal Case. *United States v. W.R. Grace & Co.*, CR-07-07-M-DWM (D. Mont. Nov. 23, 2005);

WHEREAS counsel for the approximately 700 Libby Claimants has indicated that they intend to assert claims based on asbestos disease in these bankruptcy cases;

WHEREAS counsel for the Libby Claimants has indicated that many of the Libby Claimants are among the 550 Whitehouse Database Patients;

WHEREAS Libby Claimants allege that they have asbestos-related disease that is distinct from pleural disease caused by chrysotile asbestos. The Libby Claimants allege that there generally appears to be a distinct pattern for Libby tremolite asbestos disease and that the pleural

disease pattern manifested by Libby tremolite asbestos disease often results in severe impairment or death without radiographic interstitial disease;

WHEREAS the Libby Claimants allege (1) that persons diagnosed with Libby tremolite asbestos disease are entitled to distinct treatment compared to other non-malignant asbestos disease claimants in the bankruptcy case and (2) that Grace's proposed process for asbestos liability estimation in the Estimation Proceeding will impose on the Libby Claimants a series of medically unsubstantiated, burdensome and expensive requirements that are medically and legally irrelevant to the merits of their Claims;

WHEREAS the Libby Claimants allege that the claims for individuals with Libby tremolite asbestos disease should be estimated at a higher value than other non-malignant asbestos disease claimants. According to the allegations of the Libby Claimants, the highly progressive and deadly nature of pleural disease in Libby has resulted in historical verdicts and settlements far greater than for pleural disease in other asbestos cases;

WHEREAS the Libby Claimants allege, upon information and belief, that approximately 800 individuals who are not represented by counsel in this proceeding have been diagnosed with Libby tremolite asbestos disease at CARD (the "800 Additional Patients");

WHEREAS Grace and certain other Parties[3] maintain that the medical records of the 700 Libby Claimants and the medical records for the 550 Whitehouse Database Patients are relevant to the estimation of the Libby Claimants' claims in the Estimation Proceeding, and that the medical records of the 800 Additional Patients are relevant based upon the claims and allegations made by the Libby Claimants;

---

[3] For Purposes of this Order, the term "Parties" shall have the same meaning given to such term in the Protective Order that is attached hereto as Exhibit A.

DOCS_DE:118191.1

WHEREAS the Debtors filed a Motion on February 17, 2006, to seek factual discovery of Dr. Whitehouse, including authorization to seek access for use in this bankruptcy case various medical records in the possession of Dr. Whitehouse produced in the Montana Criminal Case, and discovery of other relevant records that are not being produced in the Montana Criminal Case (including unredacted records for the 550 Whitehouse Database Patients which Judge Molloy subsequently ruled shall not be produced in the Montana Criminal Case);

WHEREAS on March 10, 2006, the Government filed in this bankruptcy case an objection to the Motion;

WHEREAS on March 15, 2006, the Libby Claimants in the bankruptcy case filed an objection to the Motion;

WHEREAS on March 15, 2006, the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee") filed a limited objection to the Motion;

WHEREAS on March 17, 2006, Grace filed replies to both the Libby Claimants' and the Government's objections;

WHEREAS on April 10, 2006, the Libby Claimants filed a supplemental objection to the Motion attaching a copy of Judge Molloy's April 6, 2006 order denying Grace's motion in the Montana Criminal Case for unredacted copies of the medical records of the 550 Whitehouse Database Patients (thus limiting the production in the Montana Criminal Case, at this time, to redacted copies of the medical records of the 550 Whitehouse Database Patients except for those listed as trial witnesses);

WHEREAS on April 13, 2006, and subsequently by telephone conferences on April 17, 2006, counsel for Grace, the Libby Claimants, the Government, as well as the Futures Representative and certain official committees in this bankruptcy case met with Judge Roger

Whelan, the discovery mediator in this bankruptcy case, and reached an agreement in principle with respect to the Motion, and the Parties had further negotiations on the agreement on April 21, 2006;

WHEREAS the Government has represented that it (a) objects to production of unredacted records of the 550 Whitehouse Database Patients as to whom Judge Molloy has ordered that only redacted records be produced, (b) does not object to the production of additional medical records in the bankruptcy case and is taking no position with respect to what discovery is relevant or permissible in the civil bankruptcy case, and (c) is concerned and reserves its rights about whether any documents produced in the bankruptcy case may be used in the Montana Criminal Case;

WHEREAS counsel agree that this order, in conjunction with the Protective Order Relating to Discovery of Medical Records to be entered herewith (the "Protective Order" attached to this Order as Exhibit A), accurately reflects the terms of the agreement reached during the mediation;

IT IS ORDERED as follows:

1.    **ORDERED** that this Court acknowledges that the medical records in Dr. Whitehouse's possession concerning the Libby Claimants and concerning the 550 Whitehouse Database Patients are relevant to the Libby Claimants' assertions, Grace's defense, and certain other Parties' assertions in the Estimation Proceeding;

2.    **ORDERED** that (a) the medical records for the 700 Libby Claimants who are not included in the 550 Whitehouse Database Patients shall be produced in unredacted form, and (b) there is certified to Judge Molloy the question whether the medical records for the 550 Whitehouse Database Patients produced in the Montana Criminal Case can be used by Grace in

5

the Estimation Proceeding, and may be produced by Grace to, and used by, other Parties in the Estimation Proceeding. If Judge Molloy rules in the negative in whole or in part, the Parties shall cooperate in making other arrangements for Grace and other Parties to obtain discovery in respect of the 550 Whitehouse Database Patients. If the Parties cannot reach agreement as to how such discovery will be provided, all Parties reserve the right, with reasonable notice to all Parties, including the Government, to seek appropriate relief from this Court. The Libby Claimants and other Parties agree to support Grace's request to Judge Molloy for production to other Parties and use of the medical records for the 550 Whitehouse Database Patients by all Parties in the Estimation Proceeding, provided that the Protective Order (attached as Exhibit A) also is entered by this Court. The Government agrees not to oppose Grace's request to produce to other Parties and for all Parties to use the medical records of the 550 Whitehouse Database Patients in the Estimation Proceeding provided that the Protective Order attached as Exhibit A is adopted as part of this Order. Within 30 days after receiving the redacted medical records of the 550 Whitehouse Database Patients, counsel for the Libby Claimants shall identify which of these patients are Libby Claimants and which filed a lawsuit against W.R. Grace prior to April 1, 2001, subject to paragraph 6 of the Protective Order attached as Exhibit A. Subject to paragraph 6 of the Protective Order (Exhibit A), all Parties reserve the right to petition this Court, with notice to the Government, for identification of Libby Claimants who are part of the 550 Whitehouse Database Patients, if the identity of the Libby Claimants who are part of the 550 Whitehouse Database Patients becomes relevant to any expert opinion relating to the Libby Claimants' contentions;

3.  **ORDERED** that except as provided in this Order, there shall be no other fact discovery of Dr. Whitehouse in connection with the Estimation Proceeding, except that the

following rights are reserved: (a) all Parties' rights concerning any potential deposition of Dr. Whitehouse, provided that any request to depose Dr. Whitehouse shall be made on reasonable advance notice to the Government and all Parties, (b) all Parties' rights pursuant to Rule 26 of the Federal Rules of Civil Procedure to seek discovery of Dr. Whitehouse in his capacity as an expert witness for the Libby Claimants in the bankruptcy case, other than discovery of medical records with respect to: (i) the 550 Whitehouse Database Patients and (ii) the Libby Claimants, as to which all Parties shall be bound by this Order, and (c) all Parties' right to raise before Judge Molloy issues related to whether the medical records of the 550 Whitehouse Database Patients are properly redacted to exclude all Patient Identifying Information but not to exclude medically relevant information, provided that reasonable advance notice is provided to the Government and all Parties. All Parties reserve all rights and protections afforded by applicable state and federal law concerning all other discovery, including, but not limited to, discovery of the 800 Additional Patients. As to the 800 Additional Patients' medical records in the possession of CARD, all Parties agree to seek mediation by Judge Roger M. Whelan prior to serving discovery relating to such records.

4. **ORDERED** that the Parties shall cooperate concerning the timing and logistics of producing the medical records as required herein, provided that all reasonable costs of reproducing medical records shall be paid by Grace; in addition, the reasonable costs of the CARD Clinic's staff to assemble the records, and to reassemble its files after copying, shall be paid by Grace in advance. Grace is hereby authorized and directed to pay such costs, *provided, however,* that all Parties reserve the right to raise before the Discovery Mediator in the first instance, and thereafter (if necessary) this Court, any issues related to the reasonableness of the proposed costs before they are incurred. All records of the Libby Claimants not among the 550

7

DOCS_DE:118181.1

Whitehouse Database Patients shall be produced on a rolling basis with the production completed by July 14, 2006 (assuming no significant delays by reason of disputes concerning timing, logistics or costs);

5. **ORDERED** that the medical records produced pursuant to this Order (a) will be subject to the Protective Order (Exhibit A), which is consistent with the November 23, 2005 order issued by Judge Molloy, and the January 18, 2006 order issued by Judge Molloy, (b) for the 550 records, as to Grace, will be subject to any subsequent orders issued by Judge Molloy governing the use of the medical records in the Montana Criminal Case, and (c) in the bankruptcy case will be limited to the Estimation Proceeding except by further order of this Court, as to which all Parties' rights are expressly reserved;

6. **ORDERED** that this Court hereby certifies for Judge Molloy the question of whether there will be any restriction placed upon Grace's use of the medical records of the Libby Claimants in the Montana Criminal Case and any questions, other than those expressly addressed in the Protective Order, related to privacy of individuals in the criminal case.

7. **ORDERED** that this order shall in no way be construed to (a) impose any obligation on the Government in this bankruptcy case, or (b) broaden the scope of the discovery obligations of the Government in the Montana Criminal Case;

8. **ORDERED** that this Order, and the terms and provisions contained herein, shall not be effective unless the Protective Order Relating to Production of Medical Records, a copy of

8

which is annexed hereto as Exhibit A, is, in both form and substance, entered simultaneously with the entry of this Order.

**IT IS SO ORDERED.**

JUDITH K. FITZGERALD
United States Bankruptcy Judge

Wilmington, Delaware
~~May~~ _____, 2006
June 5,

9

DOCS_DE:118181.1