IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Re: Docket No. 11850 and
5/15/06 Agenda Item 15

### PROTECTIVE ORDER RELATING TO
### PRODUCTION OF MEDICAL RECORDS

Upon consideration of the *W.R. Grace & Co.'s Motion for Authorization to Seek Discovery from Dr. Alan C. Whitehouse and for a Protective Order Relating to Production of Documents from Dr. Alan C. Whitehouse* (the "Motion"),

IT IS HEREBY:

1    **ORDERED** that the right to access the documents and records that are being produced or disclosed pursuant to the terms of the Court's June 5, 2006 Order authorizing discovery of Dr. Alan C. Whitehouse (hereinafter referred to, collectively, as "Records") is limited to: (a) attorneys representing the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Equity Holders, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Property Damage Claimants, the Future Claimants' Representative, and the Libby Claimants (the "Parties") in this action; (b) medical and scientific experts, whose review of the Records is necessary for the presentation of the Parties' cases, or who will provide expert testimony on behalf of any of the Parties; (c) such law clerks, investigative agents, paralegals, and secretaries employed by the Parties' attorneys and agents, whose review of that material is required for the preparation and presentation of the Parties' cases; (d) the Debtors; (e) the Future Claimants' Representative, and (f) the members of

the Official Committee of Unsecured Creditors, the Official Committee of Equity Holders, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Property Damage Claimants (the "Committees"), the attorneys representing one or more members of the Committees in connection with this case, and each such attorneys' law clerks, paralegals, and secretaries whose review of the Records is required for the preparation and presentation of the Parties' cases (individuals identified in subsections (a) through (f) of this paragraph shall herein be collectively referred to as "Authorized Individuals");

2  **ORDERED** that this Order is intended to protect the confidentiality of the documents produced by Dr. Whitehouse in a manner consistent in principle with the protections detailed in U.S. District Judge Donald Molloy's November 23, 2005 Order in *U.S. v. W.R. Grace*, CR-05-07-M-DWM (the "Montana Criminal Case") as well as Judge Molloy's January 18, 2006 Order; attached as Exhibits A and B to this Order;

3  **ORDERED** that the records shall be maintained by Authorized Individuals in accordance herewith and shall be used by Authorized Individuals solely and exclusively in connection with the proceeding to estimate asbestos personal injury claims in this case, including trial preparation, trial, and appeals (the "Estimation Proceeding") and for no other purpose. The contents of the Records shall be kept confidential, and shall not be disclosed publicly or to any person who does not have a right of access to the Records pursuant to paragraph 1 of this Order; for avoidance of doubt, it shall not be a violation of this Order for Authorized Individuals to discuss the Records (including any opinion in connection therewith) with any other person who has right of access. Counsel for the Parties shall expressly advise every Authorized Individual as to this limitation on lawful use.

DOCS_DE:118283.1

4	**ORDERED** that the Records shall be maintained by Authorized Individuals in a locked file or cabinet at all times except when being actively utilized, and a copy of this Order shall be kept with the records at all times.

5	**ORDERED** that within sixty (60) days after an order that has the effect of concluding the Estimation Proceeding becomes final and non-appealable, each Authorized Individual with a copy of the Records shall dispose of his or her copy of the Records, by causing all Records to be destroyed, and certifying to the Bankruptcy Court that such destruction has been accomplished, except that the Libby Claimants shall retain one (1) copy of the Records and Grace shall certify and return one (1) copy of the Records to counsel for the Libby Claimants, who will retain such Records until further order of this Court.

6	**ORDERED** that if any Party in the presentation of its case in the Estimation Proceeding requires introduction into evidence of any of the Records, the Party may introduce such Record only in a form that has been redacted to remove the patient's name, address, contact information, insurance information, and Social Security number ("Patient Identifying Information"); instead, the Party redacting such Record shall assign the patient a number which shall be used to identify such patient in the Estimation Proceeding (an "Identifying Number"). Testimony concerning any patient who is the subject of the Records shall not include any Patient Identifying Information for such patient but shall instead refer to such patient only by an Identifying Number.

7	**ORDERED** that each of the Parties, lead counsel to each of the Parties, and each of the Experts shall have a single set of the Records, except as otherwise permitted by Judge Molloy. Bates numbering or some other unique numbering system shall be used to identify and account for each set of the Records. Lead counsel to each of the Parties shall maintain a

complete log of the document sets received on behalf of its constituency, and to whom (Parties or experts) those sets are given. The Parties have agreed to coordinate access to x-rays, CT scans, and HRCT scans.

DATED this 5 day of June, 2006.

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

DOCS_DE:116213.1