## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: § | | Chapter 11 |
| § | | |
| W.R GRACE & CO., et al., § | | |
| § | | Jointly Administered |
| § | | Case No. 01-01139 (JKF) |
| § | | |
| Debtors. § | | |
| § | | |

## RESPONSE OF CAPLIN & DRYSDALE, CHARTERED TO FEE AUDITOR'S FINAL REPORT REGARDING CAPLIN & DRYSDALE, CHARTERED'S NINETEENTH INTERIM FEE APPLICATION

Caplin & Drysdale, Chartered ("Caplin & Drysdale"), national counsel to the Official Committee of Asbestos Personal Injury Claimants ("Committee") respectfully submits this Response to the Fee Auditor's Final Report, filed May 25, 2006 ("Final Report"), Regarding Caplin & Drysdale's Nineteenth Interim Fee Application, for the period October 1, 2005 through December 31, 2005.

### I.

### Introduction

1. Since its retention by the Committee as national counsel following the filing of these Chapter 11 proceedings in 2001, Caplin & Drysdale has filed fee applications for the actual, reasonable and necessary fees that it has accrued and costs that it has incurred in assisting and advising the Committee in performing its responsibilities on behalf of asbestos bodily-injury claimants.

2. In the Application, Caplin & Drysdale seeks approval of fees totaling

{D0061018:1 }

$400,120.75 for professional services and reimbursement of costs totaling $25,431.25 for Caplin & Drysdale's services from October 1, 2005 through December 31, 2005 ("Application Period").  See Exhibit A, attached hereto.

3. After reviewing the Application, the Fee Auditor presented an initial report (the "Initial Report") in which he raised questions about various entries in the Application and requested that Caplin & Drysdale clarify specific items and provide additional materials in order for the audit to be completed.

4. Caplin & Drysdale responded to the Initial Report, see Exhibit B, attached hereto ("C&D Reply"), and the Fee Auditor's general satisfaction with Caplin & Drysdale's response to his queries is indicated in the Final Report.

5. The Fee Auditor continues to recommend the reduction, however, of fees totaling $9,778.00 regarding paralegal services provided by Caplin & Drysdale paraprofessionals Samira A. Taylor and David B. Smith.  The Fee Auditor asks that those services be compensated at $60.00 per hour rather than at Ms. Taylor's and Mr. Smith's usual hourly rates of $175 and $220 respectively, characterizing the services provided as clerical, and stating that "it appears to us that Caplin has failed to carry its burden of showing that these activities are not of a clerical nature."  (Final Report at ¶ 3.)

## II.

## **Argument**

6. In response to the Fee Auditor's query in the Initial Report regarding why the activities cited should not be regarded as clerical, Caplin & Drysdale stated as follows:

> The tasks referenced in paragraph 3 of the Initial Report and performed by paralegals Samira A. Taylor and David B. Smith were not clerical in nature. Ms. Taylor and Mr. Smith were rather performing the following tasks:
>
> (1)   identifying and, using Westlaw, obtaining and marking for attorney review, cases that had been cited in the Debtors bar date motion brief;
>
> (2)   identifying, sorting and marking documents produced in response to a discovery request, again for review by Caplin & Drysdale attorneys;
>
> (3)   reviewing court papers and case files to obtain information for spreadsheets to be employed by Caplin & Drysdale attorneys in plan negotiations;
>
> (4)   reviewing case files and document productions to gather and mark exhibits, including medical records, to be used at depositions;
>
> (5)   reviewing court dockets to gather and mark court pleadings and transcripts for use by Caplin & Drysdale attorneys.
>
> In each instance, the task performed required the identification, analysis and annotation of court filings or, in the case of the discovery requests, documents relating to a document production. Indeed, the clerical staff is not trained to access and employ either the court's electronic docket system or legal research tools such as Westlaw. Nor does the clerical staff have either the understanding of legal procedure and legal terms needed to identify pleadings and other court filings, or the legal expertise necessary to identify, mark and organize trial and deposition exhibits. Such tasks required legal training and skills and, consequently, were performed by Ms. Taylor and Mr. Smith rather than a clerk or secretary.

7. Caplin & Drysdale believes that its fees and expenses have been and are consistent with both the public interest and the requirements of the Bankruptcy Code, and hence are fully compensable. See In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 841 (3d Cir. 1994) (discussing Court's "inherent obligation to monitor the debtor's estate and to serve the public interest"). Caplin & Drysdale further maintains that the information supplied to the Fee Auditor in response to his query in the Initial Report sufficiently establishes that the paralegal services questioned by the fee auditor required legal training and skill, and hence are compensable at the paralegals' full hourly rates.

8. The Fee Auditor cites no authority for his contention that the explanations provided do not satisfy a "burden" of proof substantiating Caplin & Drysdale's fee request, nor states the nature and extent of that purported burden.

9. Further, while Caplin & Drysdale recognizes and apologizes for the fact that the initial time entries by Ms. Taylor and Mr. Smith were incomplete, we believe that our explanation provides the necessary detail and more than meets any reasonable burden that might be imposed regarding the demonstration that such tasks required legal training and skills.

10. Specifically, Caplin & Drysdale explained to the Fee Auditor that Ms. Taylor and Mr. Smith were employing Westlaw, a legal database which the clerical staff is not trained or equipped to use, to obtain cases for attorney review. This is legal research which, but for the training and availability of our paralegals, would have to have been performed by lawyers, at substantially higher rates.

11. Moreover, Caplin & Drysdale further explained to the Fee Auditor that Ms. Taylor and Mr. Smith were identifying, sorting and marking documents produced in response

to a document request. The clerical staff is not trained to interpret document requests and mark documents, because those skills are legal and not clerical ones. Here, again, but for the availability of paralegals, the work would have been performed by lawyers.

12. Caplin & Drysdale further explained to the Fee Auditor that the Ms. Taylor and Mr. Smith were reviewing case files to identify and mark exhibits for use at depositions, reviewing court dockets and marking pleadings, and performing other quintessential paralegal tasks. None of these tasks can be performed without legal training, and none can be fairly characterized as merely "clerical."

13. Finally, the Fee Auditor provides no explanation regarding why he has rejected Caplin & Drysdale's explanations, nor explained how, other than by providing such additional information, Caplin & Drysdale could have met whatever "burden" he claims to have imposed.

14. In sum, we believe that the tasks that we have described are not merely paralegal rather than clerical, but are core services provided by any trained paralegal. We further contend that, in supplying the descriptions referenced above in our response to the Initial Report, we have sufficiently stated, and documented, the nature of the services provided so as to meet whatever evidentiary burden might be reasonably required to justify our obtaining our full fees for such services.

## Conclusion

For all the foregoing reasons, the Court should reject the Fee Auditor's recommendations in the Final Report, and Caplin & Drysdale should receive payment of the paralegal fees described above.

Date: June 7, 2006

                                          CAPLIN & DRYSDALE, CHARTERED

                                          /s/Elihu Inselbuch
                                          Elihu Inselbuch
                                          375 Park Avenue
                                          New York, NY  10152-3500
                                          (212) 319-7125

                                                      -and-

                                          CAPLIN & DRYSDALE, CHARTERED
                                          Peter Van N. Lockwood
                                          One Thomas Circle, N.W. 12th Floor
                                          Washington, D.C.  20005
                                          (202) 862-5000

                                                  - and -

                                          CAMPBELL & LEVINE, LLC
                                          Kathleen Campbell Davis (I.D. #4229)
                                          800 N. King St., Suite 300
                                          Wilmington, DE  19801
                                          (302) 426-1900

                                          Counsel for the Official Committee
                                           of Asbestos Personal Injury Claimants