IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[2] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. 12225 |
| | ) | June 19, 2006 Agenda Item No. 1 |

### ORDER AUTHORIZING THE DEBTORS TO MAKE LEGALLY REQUIRED MINIMUM CONTRIBUTIONS TO DEFINED BENEFIT PENSION PLANS COVERING THE DEBTORS' EMPLOYEES

Upon consideration of the Motion[3] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order authorizing the Debtors to make legally required minimum contributions to defined benefit pension plans covering the Debtors' employees; and finding that the relief requested, as modified by agreement of the parties, is in

---

[2] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[3] Capitalized terms not otherwise defined herein have the meanings given in the Motion.

4

the best interest of the Debtors' estates, their creditors and other parties-in-interest; and finding that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and sufficient notice of the Motion and the opportunity for a hearing on the motion was appropriate under the particular circumstances and that no other and further notice need be given; and finding that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and finding that venue of this proceeding and the Motion is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and this Court finding that due cause appears therefore;

IT IS HEREBY ORDERED THAT:

1. The Motion, as modified by agreement of the parties, is granted.

2. The Debtors are authorized to make the minimum contributions to the Grace Retirement Plans for the 06-07 Funding Period required by Internal Revenue Code section 412, other than the April 15, 2007 payment for the 2007 Plan Year.

3. The Debtors are authorized and empowered to take all actions as may be necessary or appropriate to effect the intent of this Order and execute all documents related thereto.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

5. Notwithstanding the possible applicability of bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Wilmington, Delaware

Dated: _____, 2006    _____
UNITED STATES BANKRUPTCY JUDGE

5