IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Re: Docket Nos. 11784 and 12523 |
| ) | June 19, 2006 Agenda Item No. 13 |

**RESPONSE OF KIRKLAND & ELLIS LLP TO FEE AUDITOR'S FINAL REPORT REGARDING ITS 19th INTERIM FEE APPLICATION**

Kirkland & Ellis LLP, counsel to the Debtors, hereby responds to the Fee Auditors' final Report regarding K & E's Fee Application for the 19th Interim Period filed on May 25, 2006 (the "Final Report"). This Response is filed to address the issue of time billed and charged for what the Fee Auditor alleges are "seemingly clerical tasks" performed by various paraprofessionals of K & E at its regular rates for such paraprofessionals. This issue is not unique to K & E and K & E believes that the Fee Auditor's recommendations with respect to the reduction of rates for certain of these tasks for many professionals is unwarranted. In support of this Response, K & E states as follows:

1.  K & E, as counsel to the Debtors, seeks compensation for the 19th Interim Period, of a total of $4,984,415.00 for 8,969.20 hours of attorney time and 6,159 hours of paraprofessional time.

2.  In his initial report for the 19th period, the Fee Auditor questioned the rate that was being charged by K & E for professionals that were performing what he described as "seemingly clerical tasks" and suggested that for such tasks no more than $80.00 per hour was an appropriate rate. The Fee Auditor originally questioned 2,225.20 hours of time, primarily billed by paraprofessionals with respect to such tasks.

K&E 11180576.1

3.   In its letter response to the initial report, K & E described in detail how it uses paraprofessionals in these cases and explained in detail who each paraprofessional was and what their duties and responsibilities were in these cases during the 19th Interim period. Copies of the questioned time entries and relevant portions of the K & E letter response are attached as exhibits to the Final Report. Briefly, K & E explained, in relevant part, as follows:

> K&E uses legal assistants/paraprofessionals when necessary to perform a wide range of tasks that are vital to K&E attorneys' effective representation of Grace in these Chapter 11 cases. The Initial Report (Exhibit B) questions many of such legal assistant's time entries as being for "ministerial" functions. As discussed by K&E in the Prior Response, these tasks are not ministerial in nature, but, in fact, could not have been performed by secretaries or other clerical personnel untrained either as to these relatively complex tasks or as to these Chapter 11 cases in particular. If K&E paraprofessionals had not accomplished these tasks, attorneys would have had to perform them, which would result in far higher bills.
>
> As explained in detail in the Prior Response, several tasks that were ongoing during this period involved many legal assistants and paraprofessionals, including the extensive PD claims review process... During the Nineteenth Interim Period, the legal and project assistants were continuing to organize and review, claim by claim, all 4000 PD claims and the hundreds of thousands of pages of back-up documentation... The PD paraprofessional team ... has been able to make the claim review process both more efficient and more cost-effective by, for example, permitting the reduction in outsourcing of certain tasks.
>
> In addition to claims review, the PD paraprofessional team, during the Nineteenth Interim Period, also assisted the PD team attorneys with review and organization of expert reports and preparation for PD estimation Phase II. At the same time, restructuring legal and project assistants continue to support all of the teams in review, coordination, filing, and retrieval of all of the pleadings and correspondence in the cases. While it may seem to be ministerial to "file" or "retrieve" documents in a case, in this matter, with the number of simultaneous teams reviewing and attending to issues for different purposes, even something which appears as simple as filing a document is not so simple since where it is put and who is sent copies takes a knowledge of the case and an understanding of the interrelationships of the various teams and issues.
>
> At the same time, the PI and Criminal teams continued their extensive document reviews described in the Prior Response. Again, they had to create and maintain war rooms and organize and assist in the review of millions of pages of documents. They also assisted the attorneys with hearing preparation.

2

4.      In the Final Report, the Fee Auditor indicated that "in light of the extraordinary circumstances extent throughout the period of this application, some of the cited tasks should be compensable at full rates." However, he goes on to suggest that "those tasks that involve basic collection, organization and maintenance of files, as well as distribution, collation, sorting and assembly should be billed at no more than $80.00 per hour." The fee auditor identifies the entries in the K & E fee application which he still believes should be billed at a lesser rate and suggests that for 1,741.20 cited hours, the rate be reduced to $80.00 per hour, resulting in a total reduction of $91,241.50.

5.      The issue addressed by the Fee Auditor is a common theme that has emerged recently with many of the professionals in these cases and other cases in this District for which the Fee Auditor has been retained. For example, this identical issue is addressed in the Response that Caplin & Drysdale, counsel for the Asbestos Personal Injury Committee, filed June 7, 2006 in this case with respect to its Fee Application for the 19th Interim Period. In that Response, Caplin indicates that of its total application of approximately $400,121.00, the fee auditor has recommended a reduction of $9,778.00 for paralegal services.

6.      The Debtors respectfully request that the Fee Auditors' recommendations not be followed by the Court in this situation. While the Fee Auditor may consider certain tasks that K & E's paraprofessional performed as ministerial and not requiring the level of expertise justifying charging higher rates for such services, K & E disagrees.

7.      From the commencement of these chapter 11 cases, K & E has utilized various paraprofessionals to perform various tasks for the Debtors. These paraprofessionals are titled case assistants, project assistants and legal assistants. Their title and billing rates are determined based on level of legal training and years of experience. The billing rates of such paraprofessional

3

employed in these cases for the period at issue generally range from $105.00 to $120.00 per hour for case assistants, $130.00 to 140.00 per hour for project assistants and $160.00 to $180.00 per hour for legal assistants.

8. The three different types of paraprofessionals utilized in these cases, are assigned tasks based on complexity and need for a particular expertise. Each paraprofessional brings certain strengths to these cases. And, as explained above and in the K & E letter response, there are very few tasks in these cases that are simple, especially when you have a case that is over 5 years old, that currently employs approximately 36 firm lawyers and 37 firm paraprofessionals operating on four distinct and interrelated teams.

9. In reviewing the Final Report, the Fee Auditor generally questions and recommends that time be reduced when the task performed involve things like "search and retrieve", "organize", "assemble", and "compile case materials." However, without itemizing and describing each and every entry questioned for each and every paraprofessional, a number of specific things can be said. In this case "search and retrieve" often involves searching in numerous case dockets, court houses and research outlets for materials to assist on various topics; "organize" means to read, digest, and determine which topic, team or expert the materials are relevant to; "assemble" means to read, digest and identify topically materials; and "compile case materials" means to locate materials through legal research mechanisms and services, review them for relevance and organize them for the appropriate attorney or expert review.

10. K & E sets its rates and assigns paraprofessionals to perform tasks appropriate to the paraprofessionals training, expertise, and level of experience. It does not assign to paraprofessionals, clerical tasks that could be performed by secretarial personnel that do not charge an hourly rate for their services. It does not assign to paraprofessionals, routine filing that file

4

clerks could perform at much lower billing rates. It also does not charge excessive rates for its paraprofessionals. The rates it charges are competitive with the rates charged for similar paraprofessionals performing similar tasks in the marketplace. In fact, K & E notes that the hourly rates it has charged for its paraprofessionals for the time questioned by the Fee Auditor, are all lower than the rates he questioned with respect to the Caplin & Drysdale paralegals as outlined in the Caplin & Drysdale Response.

As a result, Kirkland & Ellis LLP respectfully requests that the Court not follow the Fee Auditor's recommendations in the Final Report with respect to K & E's paraprofessional time, and that K & E be allowed fees for these services at their regular hourly rates as outlined in the K & E Fee Application.

Dated: June 9, 2006

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Janet S. Baer
        200 East Randolph Drive
        Chicago, Illinois 60601
        Telephone: (312) 861-2000
        Facsimile: (312) 861-2200

        - and -

        PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

        */s/ James E. O'Neill*
        Laura Davis Jones (Bar No. 2436)
        James E. O'Neill (Bar No. 4042)
        919 North Market Street, 17th Floor
        P.O. Box 8705
        Wilmington, Delaware 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile: (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession