IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 01-01139-(JKF) |
| W. R. GRACE & CO. et al., ) | |
| ) | Chapter 11 |
| Debtors. ) | **Objections due by: July 7, 2006** |
| ) | **Hearing Date: July 24, 2006 at 2:00 p.m.** |

## IOWA DEPARTMENT OF REVENUE'S
## MOTION FOR LEAVE TO FILE LATE CLAIM

The Iowa Department of Revenue (IDR) states as follows for its Motion for Leave to File Late Claim:

1. This Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(B) and 1334(a). This is a core proceeding under 28 US.C. §157(b)(2)(B).

2. W. R. Grace and Co. and certain related entities, including W.R. Grace and Co.-Conn. (W.R. Grace-Conn.), filed their petitions under Chapter 11 of the Bankruptcy Code on April 2, 2001. The deadline for filing claims was March 31, 2003.

3. On March 31, 2006, the IDR received a letter from W.R. Grace and Co., dated March 28, 2006, revealing certain adjustments made by the Internal Revenue Service after examining W.R. Grace-Conn.'s 1990 through 1996 tax returns.

4. After reviewing the letter and accompanying audit schedules, the IDR determined that W.R. Grace-Conn. had unpaid income tax liabilities. With penalty and interest computed through April 2, 2001, W.R. Grace-Conn.'s has a 1990 liability in the amount of $77,484.55, and a 1994 liability in the amount of $772.12. A copy of the IDR's proposed claim is attached as Exhibit A.

5. The IDR was unaware of the audit results until March 31, 2006, after the deadline for filing claims had expired.

6. Pursuant to Bankruptcy Rule 9006(b)(1), the Court may permit a late claim in a Chapter 11 case upon a showing of "excusable neglect." When determining whether neglect is excusable, the court must consider all relevant facts surrounding the omission including prejudice to the debtor, length of delay and its potential impact on the case, the reason for the delay and whether the creditor acted in good faith. <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 395 (1993). Excusable neglect has been found where the debtor failed to file returns within a sufficient time period to allow the taxing authority to file a timely claim. <u>In re Prime Motor Inns, Inc.</u>, 144 B.R. 554 (Bankr. S.D. Fla.), <u>reconsideration denied</u>, 147 B.R. 605 (1992).

7. The danger of prejudice to the Debtors is limited, since they were well aware that its federal returns were being audited and the audit adjustments might increase the state tax liability. Additionally, the amount of the claim is not large in comparison to the total claims. Furthermore, the Debtors have yet to confirm a plan of reorganization.

8. The IDR's delay in filing its claims was caused by the Debtors' failure to provide the federal audit information until March 28, 2006, and the IRS policy of not sharing information concerning an audit until it is complete.

9. The IDR acted in good faith by promptly filing this motion after learning of the tax liability.

WHEREFORE, the IDR requests that it be granted leave to file a proof of claim for the 1990 and 1994 income taxes and that such claim be deemed timely filed.

IOWA DEPARTMENT OF REVENUE

By: /s/ John Waters – Thursday, June 15, 2006
JOHN WATERS, Attorney At Law
Iowa Department of Revenue and Finance
Collections Section
P.O. Box 10457
Des Moines, Iowa 50306
(515) 281-6427
Fax: (515) 281-0763