IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                         §   **CASE NO. 01-1139-JKF**
                                  §   **(CHAPTER 11)**
**W. R. Grace & Co., et al.**      §   **Related To Original Document**
                                  §   **# 7593 Filed 1/19/05**
       **DEBTOR**             §

---

**THIRD SUPPLEMENTAL VERIFIED STATEMENT OF
MARTZELL & BICKFORD
UNDER BANKRUPTCY RULE 2019**

---

I, Scott R. Bickford, of Martzell & Bickford, declare as follows:

1.     I am a shareholder of the law firm of Martzell & Bickford (hereinafter the "Firm").

2.     I am a member in good standing of the bar of the state of Louisiana.

3.     I have personal knowledge of the facts set forth herein. I make this Third Supplemental Verified Statement ("Statement") pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure and the Court's Order of October 22, 2004 (the "Revised Order") and Supplemental to Revised Order dated June 17, 2005 Requiring Filing of Statements Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure .

4.     The Firm is a professional corporation organized under the laws of the state of Louisiana, with offices for the practice of law located at 338 Lafayette Street, New Orleans, Louisiana 70130.

5.     As of the date of this Third Supplemental Verified Statement, the Firm represents hundreds of personal injury claimants (the "Claimants" or individually "Claimant") who have been injured by asbestos products manufactured, marketed, distributed,

sold, or produced by Debtor and others, and thus hold claims against, *inter alia*, the Debtor.

6.   Pursuant to the Court's Order this Third Supplemental Statement is filed without the exhibits, which are being provided in CD format to the Clerk of the Court, counsel for the Debtor and the United States Trustee.  The exhibits consist of (a) blank, but unredacted, exemplars, of each form of agreement or instrument whereby the Firm is empowered to act on behalf of Claimants, and (b) an Excel spreadsheet in electronic format containing the following date: the name and address of each Claimant, a space reserved for the social security number, the identification of the exemplars, the amount of each liquidated claim or indication that the claim is unliquidated, the date of acquisition of the claim, the type of disease giving rise to the claim, and the pertinent facts related to employment of the Firm.

7.   The nature of the claim held by each Claimant is a personal injury tort claim for damages caused by asbestos products manufactured by the Debtor.

8.   Since the Claimants were exposed to asbestos products manufactured by the Debtor more than one year prior to the filing of the above-captioned bankruptcy case, each of the Claimants may have "acquired" his or her claim more than one year prior to the filing of this bankruptcy case. The Claimants affirmatively assert that the statutes of limitations applicable to their claims did not begin to run on the date of exposure and reserve all procedural and substantive rights pertaining to their claims.

9.   The Claimants are represented by the Firm under a fee agreement which is subject to the attorney-client privilege.  The Firm holds each such instrument as executed between the parties.

10.     The Firm does not hold any claims against or interests in the Debtor, excepting what some could characterize as a beneficial interest (a contingent fee) in certain claims, settlements and/or judgments for asbestos personal injuries of some of the Firm's clients.

11.     The filing of the Firm's Third Supplemental Verified Statement does not waive any rights including (I) the Claimants' rights to have final orders in non-core matters entered only after *de novo* review by a district judge; (ii) the Claimants' rights to trial by jury in any proceeding and any trial on their claims, (iii) the Claimants' rights to have the reference withdrawn by the District Court in any matter subject to mandatory or discretionary withdrawal or abstention to the extent now previously directed; (iv) the Claimants' rights in not submitting themselves to the jurisdiction of the Bankruptcy Court; or (v) any other rights, claims, actions, defenses, reclamations, setoffs, or recoupments to which the Claimants are or may be entitled to under any agreements, in law or in equity, all of which rights, claims, actions, defenses, reclamations, setoffs, and recoupments the Firm's Claimants expressly reserve.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June _____ 2006, at New Orleans, Louisiana.

_____
Scott R. Bickford, Esq.
**MARTZELL & BICKFORD**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065 Telephone
(504) 581-7635 Facsimile

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| W. R. Grace & Co., et al. | § | **CASE NO. 01-1139-JKF** |
| | § | **(CHAPTER 11)** |
| DEBTOR | § | |

---

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of MARTZELL & BICKFORD's Filing of Third Supplemental Verified Statement Under Bankruptcy Rule 2019 has been electronically served on all parties of the official Service list in this matter. Said service was completed on this _____ day of June 2006.

Scott R. Bickford, Esq.

**MARTZELL & BICKFORD**
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065 Telephone
(504) 581-7635 Facsimile

F:\Clients\ASBESTOS.GEN\Bankruptcies\2019\June 2006 update\WRGrace Supp Statement of Martzell & Bickford.wpd