## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
|  | ) |  |
| **W.R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
|  | ) |  |
| **Debtor.** | ) | Objection Deadline: September 8, 2006 at 4:00 p.m. |
|  | ) | Hearing: September 25, 2006 at 2:00 p.m. |

### FINAL APPLICATION OF SWIDLER BERLIN LLP
### FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
### OF EXPENSES AS BANKRUPTCY COUNSEL TO
### DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE
### FOR THE PERIOD MAY 24, 2004 THROUGH FEBRUARY 5, 2006

Pursuant to 11 U.S.C. §§ 330 and 331 of the United States Bankruptcy Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's

Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses for Professionals and Official Committee

Members, entered March 17, 2003 (the "Administrative Order"),  Swidler Berlin LLP

("Swidler"), Bankruptcy Counsel to David T. Austern, Future Claimants Representative ("FCR")

appointed in the above-referenced case, by its final application (the "Final Fee Application") for

compensation and reimbursement of expenses, hereby moves this Court for entry of an order

pursuant to sections 330 and 331 of title 11, United States Code (the "Bankruptcy Code") and

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) awarding

it interim compensation for professional services rendered as bankruptcy counsel to the FCR in

the amounts listed in the chart below:

| EIGHTH QUARTERLY INTERIM FEE PERIOD | FEES REQUESTED | EXPENSES REQUESTED | TOTAL |
|---|---|---|---|
| January 1, 2006 through February 5, 2006 | $20,998.50 | $3,483.45 | $24,481.95 |

(ii) authorizing and directing the payment of all amounts previously held back or remaining

unpaid during the Interim Compensation Period pursuant to the prior orders of this Court in the

amount of $14,028.56; and (iii) awarding it final compensation for professional services rendered

as bankruptcy counsel to the FCR in the final amount listed in the chart below:

| FINAL FEE PERIOD | FEES REQUESTED | EXPENSES REQUESTED | TOTAL |
|---|---|---|---|
| May 24, 2004 through February 5, 2006 | $1,519,988.75 | $95,633.10 | $1,615,621.85 |

and in support of its Application, Swidler respectfully represents as follows:

## Background

1.      On April 21, 2001 (the "Petition Date"), W.R. Grace Co. (the "Debtor") filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  The

Debtor has been operating its business and managing its property as debtor in possession

pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.      The FCR's retention of Swidler was approved effective as of May 24, 2004

pursuant to an Order entered by this Court on September 27, 2004.

3.      The Swidler lawyers responsible for this representation have withdrawn from

Swidler, and as of February 6, 2006 joined Orrick, Herrington & Sutcliffe LLP ("Orrick").  The

FCR filed an application to employ Orrick as his bankruptcy counsel on March 9, 2006.  Swidler

filed a motion for leave to withdraw as counsel for the FCR effective as of February 5, 2006 on

March 9, 2006.   Swidler's withdrawal and Orrick's employment were approved by Orders

entered May 8, 2006.

4.      Pursuant to the procedures set forth in the Administrative Order, professionals

may request monthly compensation and reimbursement, and interested parties may file objections

or responses thereto.  If there is no objection or response filed by any parties within twenty (20)

days of the date of filing and service of the Application, and if the Court does not schedule a

hearing on the Application, then the Debtor is authorized and directed to pay the professional

80% of fees and 100% of expenses requested for the Application Period.  Swidler has been paid

the 80% fees and 100% expenses for all monthly filings in this case.

### Jurisdiction

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Compensation Paid

6.      All services for which Swidler requests compensation were performed for or on

behalf of David T. Austern as Future Claimants' Representative.

### Fees And Expenses For Which Allowance Is Sought

7.      Swidler seeks allowance of interim compensation for professional services

rendered as bankruptcy counsel to the FCR, and reimbursement for actual and necessary

expenses incurred, during January 1, 2006 through February 5, 2006 (the "Interim Compensation

Period").  Swidler further requests that the Court authorize and direct the payment of all amounts

previously held back on its applicable monthly fee statements during the Compensation Period,

May 24, 2004 through December 31, 2005 pursuant to the Administrative Order.

8.      The detail and summaries of the time expended by Swidler attorneys and

paraprofessionals during the Interim Compensation Period are set forth in Exhibit A hereto.

Exhibit A reflects the (i) total of the professional hours in each project category in which

professionals billed time, (ii) the total hours during the Interim Compensation Period for each

Swidler professional, (iii) line items for all costs incurred during said period, (iv) the total fees

and expenses sought during the period and (v) details the separate fees billed including full time

detail to the tenth of an hour for each professional.

## The Administrative Order

9.      The Administrative Order in this case approved and set forth certain procedures

for the interim and monthly payment of professional fees and reimbursement of expenses, subject

to the final approval of this Court.

10.     The Administrative Order requires that professionals bill the Debtor on a monthly

basis and serve copies of such monthly statements on the certain parties set forth in the

Administrative Order, including Debtor's counsel and the United States Trustee.  After a brief

review period, and in the absence of objection by any of the parties, the Debtor on behalf of the

FCR pays its professionals eighty percent (80%) of the professional fees incurred and one

hundred percent (100%) of the expenses incurred for the prior month.  Accordingly, each month

twenty percent (20%) of the professional fees incurred are "held back" subject to application and

approval by this Court.

11.    Pursuant to the Administrative Order in these cases, during the Interim Compensation Period, Swidler already has requested and received certain compensation and reimbursement of expenses from the Debtor on behalf of the FCR.  Swidler submits that it has complied with the procedures set forth in the Administrative Order.  Accordingly, pursuant to the provisions of the Administrative Order and the monthly invoices provided by Swidler to the FCR, Swidler has received payment from the Debtor, on behalf of the FCR, for its previous seven interim applications in the amounts identified in the cover sheet to this application, totaling $1,577,111.34.  Swidler is requesting allowance and approval on its Eighth Quarterly Interim Fee Application in the amounts of $20,998.50 in fees and $24,481.95 in expenses for the Period of January 1, 2006 through February 5, 2006.  Further, Swidler is requesting final approval of its total fees in the amount of $1,519,988.75 and final approval of its total costs in the amount of $95,633.10 for the for a total of $1,615,621.85 for the Final Compensation Period of May 24, 2004 through February 5, 2006.

## **Relief Requested**

12.    By this application, Swidler seeks allowance and approval of total interim fees and expenses for the Interim Compensation Period as follows:

| COVERED PERIOD | FEES REQUESTED | EXPENSES REQUESTED | TOTAL |
|---|---|---|---|
| January 1, 2006 through February 5, 2006 (Eighth Quarterly Period) | $20,998.50 | $3,483.45 | $24,481.95 |

5

13.    Swidler also requests final approval of the fees and costs listed in the chart below for the period of May 24, 2004 through February 5, 2006:

| COVERED PERIOD | FEES REQUESTED | EXPENSES REQUESTED | TOTAL |
|---|---|---|---|
| May 24, 2004 through February 5, 2006 (Final Compensation Period) | $1,519,988.75 | $95,633.10 | $1,615,621.85 |

14.    Swidler submits that each of the factors set forth in 11 U.S.C. § 330(a)(3) has been met with respect to its previously filed applications for compensation and reimbursement, justifying the approval of its final fees and expenses requested herein. In particular, the time spent on the services requested in this application was reasonable, 11 U.S.C. § 330(a)(3)(A). The rates charged by Swidler were reasonable, 11 U.S.C. § 330(a)(3)(B). The services performed by the firm were necessary and beneficial to the administration of the Debtor's estate, both at the time the services were rendered and thereafter, 11 U.S.C. § 330(a)(3)(C). Each of Swidler's individual professionals performed services within a reasonable amount of time commensurate with the complexity, importance and nature of the subject matter, 11 U.S.C. § 330(a)(3)(D). The compensation requested by Swidler is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy matters. 11 U.S.C. § 330(a)(3)(E).

15.    Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, Swidler has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person other than with its partners, counsel and associates, or (b) any compensation another person or party has received or may receive in connection with this case.

6

16.    Swidler certifies that the FCR has previously received and reviewed the invoices of fees and expenses as requested in this application and has previously approved them.

WHEREFORE, Swidler respectfully request this Court to enter an order (i) awarding it interim compensation in the total amount of $24,481.95 in fees and $3,483.45 in expenses for professional services rendered as bankruptcy counsel to the FCR for the period January 1, 2006 through February 5, 2006; (ii) authorizing and directing the payment of all amounts previously held back during the Final Compensation Period in the total amount of $38,510.51, pursuant to the prior orders of this Court; (iii) awarding it final compensation for professional services rendered as bankruptcy counsel to the FCR in the final amounts of $1,519,988.75 in fees and $95,633.10 in expenses for a total of $1,615,621.85 for the period May 24, 2004 through February 5, 2006 and (iv) granting such other relief as this Court deems is just and proper.

SWIDLER BERLIN LLP

By: _____
    Warren Anthony Fitch
    3000 K Street, NW, Suite 300
    Washington, DC  20007
    (202) 424-7500


Dated: June 23, 2006