IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: July 7, 2006** |
| | ) | **Hearing Date: July 24, 2006 at 2:00 p.m.** |
| ------------------------------------------------ | ) | Re: Docket No. 12679 |

**JOINDER OF THE CITY OF PHOENIX, ARIZONA IN THE OPPOSITION FILED BY THE STATE OF ARIZONA TO DEBTORS' MOTION FOR A SCHEDULING ORDER REGARDING CERTAIN OF THE DEBTORS' FIFTEENTH OMNIBUS OBJECTIONS TO PD CLAIMS (SUBSTANTIVE)**

City of Phoenix, Arizona ("Claimant") hereby joins in the Opposition filed by the State of Arizona to Debtors Motion for a Scheduling Order Regarding Certain of Debtors' Fifteenth Omnibus Objections to PD Claims (Substantive) and adopts the arguments set forth therein. Claimant filed seven (7) building claims in this bankruptcy proceeding. All of the claims filed by Claimant were supported by micro-analytical product identification reports. Some claims have additional documentary evidence such as construction specifications which verify that Grace asbestos-containing surface treatment material ("ACSTM") was installed in such buildings. One of the buildings for which Claimant filed a Proof of Claim is the Phoenix Sky Harbor International Airport – Terminal 2 which contains three (3) Grace ACSTM products, Monokote (MK-3), Zonolite Acoustical Plastic, and Zonolite Finish Coat. Debtors have previously maintained that the potential for contamination, or the release of asbestos fibers by ACSTM is a building specific issue:

"the issues raised by litigation involving one type of building are unlikely to be the same as issues raised in litigation involving another type of building.[1]

For example, an <u>airport</u> contains baggage-handling facilities that involve motorized vehicles, along with communications and radar facilities that must be constantly maintained and tested. Tr. at 115. Moreover, an airport is subject to great amounts of noise and concomitant vibration that may affect asbestos-containing materials in a unique way. Tr. at 116. Thus, in an airport, the asbestos-containing material is more likely to be subject to a high level of contact and maintenance. Tr. at 115. In contrast, schools have more limited needs for general maintenance and therefore less contact with, and potential for disturbing, asbestos-containing materials. Tr. 116."

Debtors now propose that product identification, statute of limitation and "hazard" can be addressed by the Court during the Phase II estimation proceeding globally on the basis of "common issues." Debtors, however, as indicated by the above quoted language have maintained the exact opposite position to numerous courts throughout the country.

For all of the reasons set forth herein and in the Objections filed by the State of Arizona to Debtors Motion for a Scheduling Order Regarding Certain of Debtors' Fifteenth Omnibus Objections to PD Claims (Substantive) is without merit and should be denied.

---

[1] W.R. Grace's Post-Hearing Brief in Opposition to Class Certification, paragraph 10, page 5; *Kirbyville Independent School District, et al., Individually, and on Behalf of All Texas Political Entities v. Asbestospray Corporation, W.R. Grace & Co.-Conn., and United States Gypsum Company*), No. 1:94CV412 (E.D. Tex.).

DIES & HILE, L.L.P.

Martin W. Dies, III (admitted pro hac vice)
1601 Rio Grande, Suite 330
Austin, Texas 78701
(512) 476-4394 telephone
(512) 476-4397 fax

*Outside Counsel, City of Phoenix*

and

LOIZIDES & ASSOCIATES

Christopher D. Loizides (No. 3968)
1225 King Street, Suite 800
Wilmington, DE 19801
(302) 654-0248 telephone
(302) 654-0718 fax

By: _____
　　Christopher D. Loizides
*Attorneys for Claimant*