IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No.  01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline:  July 7, 2006** |
| | ) | **Hearing Date:  July 24, 2006 at 2:00 p.m.** |
| -------------------------------------------- | ) | **Re: Docket No. 12679** |

**JOINDER OF COOK COUNTY, ILLINOIS IN THE OPPOSITION FILED BY THE
STATE OF ARIZONA TO DEBTORS' MOTION FOR A SCHEDULING ORDER
REGARDING CERTAIN OF THE DEBTORS' FIFTEENTH OMNIBUS OBJECTIONS
TO PD CLAIMS (SUBSTANTIVE)**

Cook County, Illinois ("Claimant") hereby joins in the Opposition filed by the State of

Arizona to Debtors Motion for a Scheduling Order Regarding Certain of Debtors' Fifteenth

Omnibus Objections to PD Claims (Substantive) and adopts the arguments set forth therein.

Claimant filed one (1) building claim for the Cook County Children's Hospital in this bankruptcy

proceeding.  Claimant attached a micro-analytical product identification report which identified

Grace Monokote (MK-3) fireproofing.  Debtors have previously maintained that the potential for

contamination, or the release of asbestos fibers by ACSTM is a building specific issue:

> "the issues raised by litigation involving one type of building are unlikely to be
> the same as issues raised in litigation involving another type of building.[1]

> Likewise, hospitals raise asbestos-related issues that are unique.  Hospitals
> contain multiple-voltage outlets, emergency electrical supplies, isolation wards
> with special ventilation systems, as well as other special and particularized
> mechanical systems, all of which would affect asbestos-related issues in ways that
> are different from other types of buildings. Tr. at 118-19.  Given the astonishing
> diversity of building types and uses, and the importance of these types and uses to

---

[1] W.R. Grace's Post-Hearing Brief in Opposition to Class Certification, paragraph 10, page 5; *Kirbyville Independent School District, et al., Individually, and on Behalf of All Texas Political Entities v. Asbestospray Corporation, W.R. Grace & Co.-Conn., and United States Gypsum Company)*, No. 1:94CV412 (E.D. Tex.).

the issues raised in this lawsuit, the named plaintiffs here cannot possibly be considered to have claims that are typical of those of the class as a whole."

Debtors now propose that product identification, statute of limitation and "hazard" can be addressed by the Court during the Phase II estimation proceeding globally on the basis of "common issues." Debtors, however, as indicated by the above quoted language have maintained the exact opposite position to numerous courts throughout the country.

For all of the reasons set forth herein and in the Objections filed by the State of Arizona to Debtors Motion for a Scheduling Order Regarding Certain of Debtors' Fifteenth Omnibus Objections to PD Claims (Substantive) is without merit and should be denied.

DIES & HILE, L.L.P.

Martin W. Dies, III (admitted pro hac vice)
1601 Rio Grande, Suite 330
Austin, Texas 78701
(512) 476-4394 telephone
(512) 476-4397 fax

*Special Counsel, Cook County*

and

LOIZIDES & ASSOCIATES

Christopher D. Loizides (No. 3968)
1225 King Street, Suite 800
Wilmington, DE 19801
(302) 654-0248 telephone
(302) 654-0718 fax

By:_____
        Christopher D. Loizides
*Attorneys for Claimant*