UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | In Proceedings for a |
| ) | Reorganization under |
| W.R. Grace & Co., et al ) | Chapter 11 |
| ) | |
| Debtor. ) | Case No. 01-1139-JKF |
| ) | |

### PLAINTIFF'S OBJECTIONS TO THE W. R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

COMES NOW WILLIAM M. GRAHAM an attorney acting for and on behalf of numerous Plaintiffs identified in Exhibit A attached hereto, and makes the following Objections to the W. R. Grace Asbestos Personal Injury Questionnaire pursuant to the Federal Rules of Civil Procedure:

1) Plaintiff objects to The W. R. Grace Asbestos Personal Injury Questionnaire (hereinafter referred to as The Questionnaire) because the Questionnaire is requiring the production of information that is unduly burdensome and costly. The burden and expense associated with responding to The Questionnaire greatly outweighs any potential benefit the information sought may be to Debtor. The Questionnaire purports to require the production of very detailed biographical information, comprehensive medical records, work history records, litigation records and exposure documents on behalf of over 2,200 clients. Further, The Questionnaire would require that this information and supporting documents be produced within 90 days. The production of the required information would necessitate the review of possibly 100,000 or more documents from thousands of sources in a very short time frame. This poses an unreasonable and costly burden on Plaintiffs. Without waiving said objection, plaintiff will provide Debtor appropriate identification information, asbestos related medical diagnosis, asbestos related diagnosing medical records and a complete work history or in the

alternative a signed release authorizing Debtor to obtain a copy of plaintiff's social security records.

2) Plaintiff objects to The Questionnaire because it requests information that can be derived by the Debtor from a review of the documents submitted pursuant to the Questionnaire. Pages 1 thru 8 of The Questionnaire requires Plaintiff to provide detailed information regarding Plaintiff's medical care providers; such as name of the provider, area of expertise, medical assessments and conclusions, address, phone number and dates of service, while also requiring the production of the corresponding medical providers records. Debtor can obtain the requested information from a review of the documents produced and the burden on Debtor to obtain this information would be substantially the same as the burden on Plaintiff to provide the answers on The Questionnaire. Without waiving said objection, Plaintiff will provide Debtor with copies of Plaintiff's asbestos related diagnosing medical records which are not subject to the attorney work product exception.

3) Plaintiff objects to The Questionnaire because it is overly broad, vague, unduly burdensome, oppressive and requests information not calculated to reasonable lead to discoverable evidence. Page 11 of The Questionnaire purports to require plaintiff to provide defendant specific information from the pending litigation against other asbestos manufacturers. The information requested is not relevant to plaintiff's claim against debtor. Any information plaintiff may have regarding asbestos exposure to products manufactured by other defendants would have no relevance to plaintiff's exposure to asbestos products manufactured by Debtor. However, the Debtor, as a pre-petition party to said litigation, has access to all discovery that has been filed on behalf of plaintiffs in the litigation and the

burden on Debtor to obtain the discovery filed in this litigation is substantially the same as it would be on plaintiff. Without waiving said objection, plaintiff will provide Debtor with plaintiff's complete work history or in the alternative a signed release authorizing Debtor to obtain a copy of plaintiff's social security record.

4) Plaintiff further objects to The Questionnaire because it is vague, ambiguous and unduly burdensome. Page 9 of The Questionnaire purports to require plaintiff to provide detailed information of plaintiff's exposure to any and all products manufactured by Debtor at any and all work sites throughout Plaintiff's entire work history and produce any and all documents relative to the exposure. The Questionnaire is vague and ambiguous regarding which specific documents Debtor seeks from Plaintiff. Plaintiff's discovery as to Debtor was stayed at the time Debtor filed its bankruptcy petition therefore plaintiff had limited or no access to documents that would likely be responsive to this request. Further in this bankruptcy proceeding the Asbestos Claimants Committee has propounded discovery request on Debtor regarding Debtor's asbestos products and asbestos exposure records and to date debtor has objected to the production of these records. Without waiving said objection, plaintiff will provide Debtor a copy of Plaintiff's complete work history and a copy of plaintiff's deposition when applicable which was taken in the litigation against asbestos manufacturers.

5) Plaintiff further objects to The Questionnaire because it request plaintiff to provide privileged information, information that is attorney work product, information related to settlement negotiations or information that is otherwise attorney client privilege. Page 13 of

The Questionnaire purports to require plaintiff to provide detailed information regarding settlement negotiations, settlement agreements and settlement amounts with other non-debtor asbestos manufacturers. Debtor is not entitled to any information regarding the settlement of other pending claims against other asbestos manufacturers arising from Plaintiff's exposure to asbestos. At such time as Debtor obtains an order granting debtor an offset, plaintiff's counsel will provide all information necessary for Debtor to calculate any offset to which Debtor might be entitled. Without waiving said objection, Plaintiff will provide Debtor with the case number, court name, file date and caption of the litigation against other asbestos manufactures.

6) Plaintiff further objects to The Questionnaire as it request information that can be obtained by Debtor with substantially the same burden as it would be for Plaintiff to provide the information. Page 13 of The Questionnaire purports to require plaintiff to provide detailed filing information, status information and settlement information as to any and all claims plaintiff may have made against any asbestos trusts. Debtor can obtain claim information relative to plaintiffs from any and all asbestos trusts by subpoenaing said records. It would be unduly burdensome and a voluminous request to ask plaintiffs to provide this information.

WHEREFORE, premise considered Plaintiff's respectfully request that this court find in favor of Plaintiff's and deny Debtors requested information in The Questionnaire. Plaintiff's pray for any other such relief that the court may deem just and proper.

This the 11th day July, 2006.

Respectfully Submitted,

*[signature]*

WILLIAM M. GRAHAM
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Telephone: (704) 633-5244
Fax: (704) 633-9434

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of July 2006, a true and correct copy of the foregoing pleading was served on all parties in this matter by first class mail, postage prepaid.

By: *[signature]*

WILLIAM M. GRAHAM
Attorney for Plaintiffs

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings for a |
| | ) | Reorganization under |
| W.R. Grace & Co., et al | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 01-1139-JKF |
| | ) | |

### NOTICE OF FILING OF PLAINTIFF'S OBJECTIONS TO THE W. R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

PURSUANT TO the above entitled Court's order, please take notice that WILLIAM M. GRAHAM an attorney acting for and on behalf of Wallace & Graham, P.A. has filed Plaintiff's Objections To The W.R. Grace Asbestos Personal Injury Questionnaire on behalf of clients represented by this office.

Respectfully Submitted

WILLIAM M. GRAHAM
Wallace & Graham, P.A.
525 North Main Street
Salisbury, North Carolina 28144
Telephone: (704) 633-5244
Fax: (704) 633-9434

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __11TH__ day of July, 2006, a true and correct copy of the foregoing pleading was served on the parties of the official service list in this matter by first class mail, postage prepaid. Due to the voluminous nature of the service list, this office has not attached a copy of the service list hereto, however, will make copies available to any party upon request.

WALLACE & GRAHAM P.A.

BY:
WILLIAM M. GRAHAM
Attorney for Plaintiffs