IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| W.R. GRACE & CO., et al., | ) ) ) | Case No. 01-01139 (JFK) (Jointly Administered) |
| Debtors. | ) ) | Re: Docket Number 12454 |

**CERTIFICATE OF COUNSEL REGARDING ORDER APPROVING SETTLEMENT AGREEMENT REGARDING ENVIRONMENTAL PROTECTION AGENCY CLAIMS AT THE WAUCONDA SITE**

1. On May 18, 2006, the United States lodged with this Court (Docket No. 12454) a proposed Settlement Agreement that – upon entry – would resolve the Environmental Protection Agency's claims relating to the Wauconda Sand and Gravel Superfund Site.

2. In the Notice of Lodging, the United States informed the Court that it would seek public comment on the proposed Settlement Agreement. The United States subsequently sought such public comment. See 71 Fed. Reg. 31,214 (June 1, 2006).

3. The United States received one comment on the Settlement Agreement. The commenter requested that the Settlement Agreement "be made applicable not only to W.R. Grace & Co.-Conn., but also to all other Debtors in these related chapter 11 cases." The commenter specifically contended that such a modification would "allow the contribution protection granted by the Settlement Agreement to apply to all the Debtors." While the United States is unaware of any Wauconda-related claims that the Environmental Protection Agency ("EPA") may have against other Debtors, the United States agrees that the requested change is worthwhile. Accordingly, the United States and Debtors have re-executed a modified version of

the Settlement Agreement that resolves EPA's Wauconda-related Claims with all Debtors. Under the revised Settlement Agreement, the rights (including the right to contribution protection under Section 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613) and responsibilities imposed by the Settlement Agreement apply to all Debtors. An Order approving the revised Settlement Agreement and the Settlement Agreement itself are attached hereto.

4. The revised Settlement Agreement is fair, reasonable, in the public interest, and consistent with the purposes of CERCLA. As such, entry of the Settlement Agreement is appropriate. See, e.g., United States v. Oregon, 913 F.2d 576, 580 (9th Cir. 1990); United States v. Cannons Eng'g Corp., 899 F.2d 79, 85 (1st Cir. 1990); E.E.O.C. v. Hiram Walker & Sons, Inc., 768 F.2d 884, 889 (7th Cir. 1985); United States v. Jones & Laughlin Steel Corp., 804 F.2d 348, 351 (6th Cir. 1986).

5. Accordingly, the United States requests entry of the attached Order approving the revised Settlement Agreement.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources
 Division


  /s/ James D. Freeman
JAMES D. FREEMAN
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
1961 Stout Street, Eighth Floor
Denver, CO 80294-1961
(303) 844-1489