# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |
| | ) | **Re: Dkt. No. 12679** |
| | ) | **Hearing Date: July 24, 2006 at 2:00 p.m.** |
| | ) | **Agenda No. 12.** |

## DEBTORS' REPLY IN SUPPORT OF THEIR MOTION FOR A SCHEDULING ORDER REGARDING CERTAIN OBJECTIONS TO PD CLAIMS (SUBSTANTIVE)

That PD claimants are either prejudiced or surprised by the Debtors' Motion for a Scheduling Order is demonstrably false. To the contrary, the *same* parties now objecting to participating in PD Estimation Phase II *submitted their own individual witness lists for Estimation Phase II nearly a year ago. Compare* Estimation Phase II Fact and Expert Witness Disclosures submitted on behalf of the State of Arizona, State of Oregon, State of Arkansas and City of Phoenix (Dkt. No. 9562) *and* Supplemental disclosure by same (Dkt. No. 10699) *and* Prudential Insurance's Estimation Phase II Initial Disclosures (Dkt. No. 9616) *with* Dkt. Nos. 12752, 12757-760 (July 7, 2006 objections submitted by these same parties). The Debtors submit this limited reply to address these and other misstatements in the PD claimants' objections.

### 1. The Debtors Do Not Seek An Improper "Global" Adjudication Of Claims

The Debtors' scheduling motion neither requests a "global" adjudication of claims nor impairs the claimants' ability to deal with building-specific issues. Quite the contrary, the motion makes clear that (a) the Debtors have previously identified *exactly* which objections apply to which buildings through the 15th Omnibus Objection, including objections on the grounds of statute of limitations, lack of proof of hazard and lack of product identification, (b)

these very same substantive issues will necessarily be addressed as part of Estimation Phase II, since the estate cannot legally pay claims for which the debtors have no liability, and (c) the Estimation Phase II hearing can and should thus be used to address these liability issues at both the general and claims-specific levels in a single, efficient proceeding.

The Debtors' approach promotes judicial economy and at the same time preserves due process rights.[1]  Indeed, the fact that these very objectors filed individual witness disclosures for Estimation Phase II in October 2005 is proof positive that they, too, anticipated proceeding this way. *See also* Dkt. No. 9302, PD Estimation CMO ("*[a]ny party who filed a PD Claim ("PD Claimant") may elect to participate in the PD Estimation.* Regardless, the Court's determination of all procedural and substantive matters relating to the estimation of PD claims shall be binding on all PD Claimants.") (emphasis added)[2]

## 2.    PD Claimants Have No Right To 900 Individual Trials

All of the objectors ignore 11 U.S.C. §502(c) and the Code's express *requirement* that estimation be used when full blown litigation would unduly delay resolution of the bankruptcy case. "There *shall be estimated for purposes of allowance* under this section - (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case ..." 11 U.S.C. §502(c) (emphasis added).  Contrary to the

---

[1] The approach is also consistent with the guidance provided by this Court at the November 14, 2005 omnibus hearing, in which this Court made clear that the *individual* claims affected by the debtors' objections would need to be *expressly* identified for the Court to apply rulings on a Rule 42 consolidated basis. Exhibits 1 and 2 to the Debtors' motion provides that information. Further, the PD claimants have been on notice of these very objections for nearly a year. Dkt. No. 9315 (15th Omnibus Objection, filed September 1, 2005).

[2] Nor does the Debtors' proposal violate the Court's requirement that PD claimants, other than Speights claimants, not have to appear for hearings more than twice. *See* Modified Scheduling Order, at p. 4 (Dkt. No. 11408). The Estimation Phase II trial will only require claimants (that choose to participate) to appear once. There is no claimant for whom this violates the 2 appearance rule.

2

necessary implication of the July 7, 2006 objections, it cannot be the case that estimation of these claims is prohibited in favor of the individual adjudication of hundreds of claims which would waste years and millions of dollars.

**3.  The C.C.A.A. Proceeding Is Best Able To Address Speights' Canadian Claims.**

It is stunning that Speights & Runyan, the *only* firm with *any* Canadian PD claims implicated by the Canadian portion of the Debtors' scheduling motion, offers no substantive response to the Debtors' motion and instead relies on the PD Committee to do its bidding.  *See* Dkt. No. 12762 (Speights' joinder in the PD Committee's objection).  Apparently, just as Speights promised Canadian claimants in its claims solicitation letter, the greatest value Speights offers to its Canadian clients is Mr. Speights' ability to set the agenda for the official PD Committee.  *Cf.* Dkt. No. 12679 at p. 15 and Exhibit 3.  Yet the PD Committee repeatedly protests that it does not represent individual claimants, and it is only Speights' individual Canadian PD claimants that are implicated in the Canadian portion of the motion:  The motion seeks to have the merits of Speights' *individual* PD claims adjudicated in Canada; estimation remains in the US.  *See, e.g.* Dkt. No. 12679 at 24.

It is similarly odd that the Speights/PD Committee's main opposition seems to be that the Debtors are trying to move Canadian claims to a "secret" proceeding.  The C.C.A.A. proceeding has been a matter of public record since its initiation on April 4, 2001.  Moreover, the resolution of the Speights' Canadian claims by the C.C.A.A. court has been discussed at previous hearings, as well as in the Debtors' plan.  *See, e.g.*, Tr. 1/25/2006 Hrg, at p. 18, lns. 15-23.

It is likewise incorrect to say that the C.C.A.A. court cannot assist this Court in resolving the Canadian PD claims.  The C.C.A.A. court has already recognized Grace's Chapter 11 cases as a foreign insolvency proceeding within the meaning of Canadian legislation and has been

3

working for more than 5 years to compliment the U.S. process and give effect to the reorganization in Canada as appropriate. For example: (1) the C.C.A.A. court recognized and enforced the Property Damage Claims Bar Date Order in Canada in accordance with its terms to bind the very Canadian entities asserting property damage claims; and (2) The C.C.A.A. court has also recognized the Modified Preliminary Injunction in Canada and precluded plaintiffs from proceeding against US debtors in Canada in favor of the US plan process. The C.C.A.A. Court can and should continue to be used to achieve cross-border coordination of the US debtor's restructuring, as set out in the Scheduling Motion.

The bottom line remains that a Canadian Court is most-familiar with applicable Canadian law and the C.C.A.A. proceeding is thus best suited for quickly adjudicating Speights' claims. Sending Speights' Canadian claims to Canada reduces the number of claims this Court needs to address from 900 to 600, and is a fair and efficient way to deal with these cross-border issues.

### 4. The Debtors' Proposal Does not Affect Canadian ZAI Claims.

The scheduling motion by its terms only affects the Canadian PD claims identified on Exhibit 2 to the motion. *See* Dkt. No. 12679. These are the Speights' Canadian PD claims submitted in response to the Debtors' notice and bar date program, which itself expressly excluded ZAI claims. Because the motion does not implicate Canadian ZAI claims, the Limited Response of the Canadian ZAI Claimants is moot. *Cf.* Dkt. No. 12751.

### Conclusion

For the reasons stated above and in the Debtors' opening motion, the Debtors' Motion for a Scheduling Order should be granted. (1) The Debtors should be permitted to adjudicate the merits of all Speights' remaining Canadian PD claims immediately in Canada as part of the pending C.C.A.A. proceeding, and (2) this Court should set for hearing as part of the PD Estimation Phase 2 hearing the Debtors' substantive objections to US traditional PD claims on

4

the grounds of (a) lack of sufficient product identification, (b) claims brought too late and (c) claims providing no proof of hazard.  Lists of the claims implicated are attached to the Debtors' motion as Exhibits 1 and 2.  Dkt. 12679

Wilmington, Delaware
Dated:  July 14, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

5