# Exhibit A

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | | W. R. GRACE & CO. ASBESTOS PI PROOF OF CLAIM FORM |
|---|---|---|
| Name of Debtor:  In re W.R. Grace & Co., et al. | 01-01139 (JKF) | |
| NOTE: Use this form <u>only</u> if you have an Asbestos PI Pre-Petition Litigation Claim (capitalized terms are defined in the Notice of Asbestos PI Pre-Petition Litigation Bar Date). This form should not be used to file a claim for a non-asbestos claim, an asbestos property damage claim, a property damage claim arising from Zonolite attic insulation, an asbestos medical monitoring claim, or any other claim. | | |
| Name of Creditor (The injured person or other person or entity to whom the Debtor(s) owe money or property): <br><br> Name and address where notices should be sent: | ☐ Check if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br> ☐ Check if you have never received any notices from the bankruptcy court in this case. <br> ☐ Check if the address differs from the address on the envelope sent to you by the court. <br> ☐ Check here if this claim amends or replaces a previously filed claim, dated _____ | THIS SPACE IS FOR COURT USE ONLY |
| Last Four Digits of Creditor's Social Security Number: | If primary party is deceased, indicate date of death: | |

### PART I
### (Election to Use PI Questionnaire as Proof of Claim)

☐ Check here if you have completed and returned the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire") and elect to have the PI Questionnaire required by the Court's order on August 29, 2005 serve as your Asbestos PI Proof of Claim. If you check this box, you do not need to complete Part II of this Asbestos PI Proof of Claim Form, BUT YOU STILL MUST FILE THIS FORM ON OR BEFORE NOVEMBER 15, 2006.

### PART II
### (To Be Completed by Claimants Not Electing to Use PI Questionnaire as Proof of Claim)

Please complete Part II if you did not elect to have the PI Questionnaire serve as your Asbestos Proof of Claim Form in Part I. Although completion of Part II satisfies the requirements of this proof of claim, it does not relieve you of the obligation to return a completed PI Questionnaire.

1. Provide the following information with respect to the pre-petition lawsuit for which your Asbestos PI Pre-petition Litigation Claim relates:

    a. Title of Case: _____
    b. Court Where Complaint was Filed_____
    c. Court Where Case was Pending on April 2, 2001: _____
    d. Case Number:_____
    e. Date Complaint was Filed: _____
    f. Name of Your Legal Counsel: _____
    g. Address of Your Legal Counsel: _____
       _____
       _____

2. If you have a court judgment against one or more of the W.R. Grace debtors or a settlement with one or more of the W.R. Grace debtors, date obtained and amount of such judgment or settlement:
    Date of settlement or judgment:_____
    Amount of settlement or judgment:_____

3.  Date of diagnosis of injury for which you are filing this proof of claim: _____

| Acknowledgement: Upon receipt and processing of the Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim itself, enclose a stamped, self-addressed envelope and copy of this proof of claim. | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., *et al.*,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## NOTICE OF ASBESTOS PI PRE-PETITION LITIGATION BAR DATE

PLEASE TAKE NOTICE THAT on _____, 2006 the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of W. R. Grace & Co. and certain of its affiliates (collectively, the "Debtors" or "Grace"), entered a Bar Date Order in the above-referenced bankruptcy cases.

The Court has established **November 15, 2006** (the "Asbestos PI Pre-Petition Litigation Bar Date") as the last date for all persons and entities including without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit who have Asbestos PI Pre-Petition Litigation Claims (as defined herein) against any of the Debtors or their predecessors-in-interest, to file a W. R. Grace & Co. Asbestos PI Proof of Claim ("Asbestos PI Proof of Claim").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

I.  **WHO MUST FILE AN ASBESTOS PI PROOF OF CLAIM:**

You MUST file an Asbestos PI Proof of Claim if you are a holder of an asbestos personal injury claim for which litigation was commenced prior to April 2, 2001 (an "Asbestos PI Pre-Petition Litigation Claim") and if the Asbestos PI Pre-Petition Litigation Claim is one for which no judgment or enforceable settlement was rendered or reached before April 2, 2001.

You MUST file your Asbestos PI Proof of Claim, on or before the Asbestos PI Pre-Petition Litigation Bar Date of **November 15, 2006 or your claim will be barred**.

**BY FILING THIS ASBESTOS PI PROOF OF CLAIM, YOU ARE NOT EXCUSED FROM COMPLETING THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE. IF YOU FILE AN ASBESTOS PI PROOF OF CLAIM AND HAVE FAILED TO FILL OUT A W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE, DEBTORS RESERVE THE RIGHT TO ASK THE COURT THAT YOUR CLAIM BE BARRED AND DISALLOWED.**

In the event that prior to the Asbestos PI Pre-Petition Litigation Bar Date you filed a proof of claim for any claim **other than** your Asbestos PI Pre-Petition Litigation Claim, you do **not** need to refile your claim on the court-approved Asbestos PI Proof of Claim form.

Under Section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

II. **WHO DOES NOT NEED TO FILE A PROOF OF CLAIM**

The Asbestos PI Pre-Petition Litigation Bar Date, and the need to file an Asbestos PI Proof of Claim, applies only to holders of Asbestos PI Pre-Petition Litigation Claims. You do not need to file a proof of claim if you have any of the following types of asbestos claims:

A.  An asbestos property damage claim, a property damage claim arising from Zonolite attic insulation, an asbestos medical monitoring claim, or a workers' compensation claim;

B.  An asbestos-related claim for personal injury or wrongful death that does not satisfy the definition of an Asbestos PI Pre-Petition Litigation Claim. This includes: (1) any asbestos-related claim for personal-injury or wrongful death that relates to a pre-petition lawsuit against any Debtor that was settled, adjudicated to judgment, or dismissed before April 2, 2001; or (2) an asbestos-related claim that would otherwise satisfy the definition of an Asbestos PI Pre-Petition Litigation Claim, but has been disallowed and/or expunged by order of a court of competent jurisdiction.

C.  A claim that has been allowed or disallowed by an order of the Court entered on or before the Asbestos PI Pre-Petition Litigation Bar Date.

YOU NEED NOT FILE A PROOF OF CLAIM IF YOU HAVE ALREADY FILED A PROOF OF CLAIM REGARDING YOUR ASBESTOS PI PRE-PETITION LITIGATION CLAIM ON BANKRUPTCY OFFICIAL FORM 10 (OR ON A FORM SUBSTANTIALLY SIMILAR TO OFFICIAL FORM 10).

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF YOUR LAWSUIT AGAINST THE DEBTORS WAS RESOLVED, AND ANY JUDGMENT OR SETTLEMENT WAS SATISFIED BY THE DEBTORS, BEFORE APRIL 2, 2001, OR IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN OTHERWISE DISALLOWED OR PAID IN FULL.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE AN ASBESTOS PI PRE-PETITION LITIGATION CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE YOU HAVE SUCH A CLAIM.**

### III.  WHEN AND WHERE TO FILE

To file a claim, do the following:

- File your claim by completing an Asbestos PI Proof of Claim, a copy of which is attached as Exhibit 1.

- For additional copies of the Asbestos PI Proof of Claim:

    - Contact Rust Consulting, Inc., the Claims Processing Agent, toll-free at 1-800-432-1909, 9:00 a.m. - 4:00 P.M., Central Time, Monday through Friday. Claimants will not be charged for this call.

    - Visit the Grace chapter 11 website at www.graceclaims.com to request an Asbestos PI Proof of Claim.

- Asbestos PI Proof of Claims that are postmarked as mailed on or before November 15, 2006, but are actually received by Rust Consulting thereafter, shall be deemed and considered timely filed. However, Asbestos PI Proofs of Claim that are submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed. If you choose to mail your Asbestos PI Proof of Claim, you should mail it via first-class mail to the following address:

   Rust Consulting, Inc.
   Claims Processing Agent
   Re: W. R. Grace & Co. Bankruptcy
   P.O. Box 1620
   Faribault, MN 55021-1620

- If you choose to file your Asbestos PI Proofs of Claim via hand-delivery, courier, or overnight express you must send it so that it is received on or before November 15, 2006 at the following address:

   Rust Consulting, Inc.
   Claims Processing Agent
   Re: W. R. Grace & Co. Bankruptcy
   201 S. Lyndale Ave.
   Faribault, MN 55021

(between the hours of 9:00 a.m. and 4:00 p.m., Eastern **[Central?]** Time, on business days).

- Asbestos PI Proofs of Claim <u>must</u> be signed by the claimant or the person or entity submitting the document on behalf of the claimant.

- Do not file or send copies of the Asbestos PI Proof of Claim to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel.

- Upon receipt of your claim, the Claims Processing Agent will send an acknowledgment card with the appropriate claim number noted thereon.

## IV. WHAT TO FILE

To file an Asbestos PI Pre-Petition Litigation Claim, you must use the court-ordered Asbestos PI Proof of Claim, which is supplied with this notice.

Your Asbestos PI Proof of Claim must be written in English.

K&E 10754807.11

91100-001\DOCS_DE:119762.1

## V. CLAIMS AGAINST MULTIPLE DEBTORS/OTHER NAMES

If you assert claims against more than one Debtor, you do not need to file a separate Asbestos PI Proof of Claim against each applicable Debtor. The Debtors' Chapter 11 Plan currently contemplates a consolidation of the Debtors for Plan purposes whereby claims will be paid by the consolidated Debtors' estates. If consolidation for Plan purposes is not ultimately allowed by the Court, you will have the opportunity to assert your claim against the applicable Debtor or Debtors.

## VI. EFFECT OF NOT PROPERLY FILING AN ASBESTOS PI PROOF OF CLAIM

ANY HOLDER OF AN ASBESTOS PI PRE-PETITION LITIGATION CLAIM IS REQUIRED TO FILE A PROOF OF CLAIM ON THE COURT-APPROVED PROOF OF CLAIM FORM IF HE OR SHE HAS NOT FILED A PROOF OF CLAIM ALREADY. ANY SUCH HOLDER WHO FAILS TO FILE THEIR PROOF OF CLAIM ON OR BEFORE THE ASBESTOS PI PRE-PETITION LITIGATION BAR DATE, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS OR THEIR PREDECESSORS-IN-INTEREST, OR THEIR PROPERTY OR ESTATES. IF ANY SUCH CLAIMS ARE SO BARRED, EACH OF THE DEBTORS AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE ENTITLED TO RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES.

## VII. QUESTIONS REGARDING COMPLETION OF PROOF OF CLAIM FORM

If you have any questions concerning whether or not you need to file an Asbestos PI Proof of Claim, then you should consult your attorney. If you have questions concerning how to complete an Asbestos PI Proof of Claim or for additional information regarding this notice or to obtain an Asbestos PI Proof of Claim, contact the Claims Processing Agent toll-free at 1-800-432-1909 between 9:00 a.m. and 4:00 P.M. (Eastern **[Central?]** Time), Monday through Friday, or write to the Claims Processing Agent at the address outlined herein. You may also request an Asbestos PI Proof of Claim via Grace's chapter 11 website, at www.graceclaims.com.

BY ORDER OF THE COURT

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., *et al.*,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## ORDER AS TO ALL ASBESTOS PERSONAL INJURY PRE-PETITION LITIGATION CLAIMS: (I) ESTABLISHING BAR DATE; (II) APPROVING PROOF OF CLAIM FORMS AND (III) APPROVING NOTICE OF ASBESTOS PI PRE-PETITION LITIGATION BAR DATE

Upon consideration of the Debtors' Motion for an Order Establishing a Proof of Claim Bar Date for Asbestos Personal Injury Pre-Petition Litigation Claims (the "Motion"), and the Court having considered the Motion and the responses thereto; and adequate and sufficient notice of the Motion having been given; and it appearing that the relief requested in the Motion should be granted to the extent provided for herein, it is hereby,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

ORDERED that the relief requested in the Motion is granted to the extent set forth in this Order; and it is further

ORDERED that **November 15, 2006** ("Bar Date") is established as the last date for all persons and entities holding an Asbestos PI Pre-Petition Litigation Claim (as defined herein), to file their W.R. Grace & Co. Asbestos PI Proof of Claim ("Proof of Claim"); and it is further

ORDERED that, for purposes of this Order and the Bar Date Notice (defined below), the term "Asbestos PI Pre-Petition Litigation Claim" shall be defined as an asbestos-related claim for personal injury or wrongful death against any of the Debtors or their predecessors-in-interest (a) for which litigation was commenced prior to April 2, 2001, and (b) for which no judgment or enforceable settlement was rendered or reached before April 2, 2001; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, Proofs of Claim that are postmarked as mailed on or before the Bar Date, but are actually received thereafter, shall be deemed and considered timely filed; and it is further

ORDERED that, except for the cases or categories identified in the immediately following paragraph below, any holder of an Asbestos PI Pre-Petition Litigation Claim who fails to file their Proof of Claim on or before the Bar Date, pursuant to the terms of this Order, shall be forever barred, estopped, and enjoined from asserting any Asbestos PI Pre-Petition Litigation Claim against any of the Debtors or the Section 524(g) trust, or receiving distributions under any plan or plans or reorganization in these chapter 11 cases on account of an Asbestos PI Pre-Petition Litigation Claim; and it is further

ORDERED that the terms and provisions of this Order shall apply only to those persons or entities holding an Asbestos PI Pre-Petition Litigation Claim, as defined herein, and such terms and provisions shall not in any way apply to: (a) an asbestos-related property-damage

claim; (b) a property damage claim arising from Zonolite attic insulation; (c) an asbestos-related medical-monitoring claim; (d) an asbestos-related workers' compensation claim; (e) any asbestos-related claim that does not satisfy the definition of an Asbestos PI Pre-Petition Litigation Claim, including, without limitation, any asbestos-related claim for personal injury or wrongful death for which a lawsuit was commenced prior to April 2, 2001, but which was settled, adjudicated to judgment or dismissed before April 2, 2001; (f) any asbestos-related claim for personal injury or wrongful death that would otherwise satisfy the definition of an Asbestos PI Pre-Petition Litigation Claim, but has been disallowed or expunged by order of a court of competent jurisdiction; (g) an asbestos-related claim for personal injury or wrongful death that has been allowed or disallowed by an order of this Court, entered on or before the Bar Date; and (h) any holder of an Asbestos PI Pre-Petition Litigation Claim who already has filed a proof of claim regarding such Claim on Bankruptcy Official Form 10 or other proof-of-claim form substantially similar thereto; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, if a person or entity holds an Asbestos PI Pre-Petition Litigation Claim against more than one of the Debtors, such person or entity need not file a separate Proof of Claim form against each of the applicable Debtors in order to comply with the requirements of this Order and to preserve such person's or entity's Asbestos PI Pre-Petition Litigation Claim(s), the timely filing of only one (1) Proof of Claim form for such Claim(s) being sufficient and proper for purposes of this Order; and it is further

ORDERED that the Proof of Claim form, which is attached to this Order as <u>Exhibit A</u> ("Proof of Claim Form"), is approved; and it is further

91100-001\DOCS_DE:119761.1

- 4 -

ORDERED that the document entitled "Notice of Asbestos PI Pre-Petition Litigation Bar Date," which is attached to this Order as <u>Exhibit B</u> ("Bar Date Notice"), is approved; and it is further

ORDERED that within ten (10) calendar days after entry of this Order, the Debtors shall serve or cause to be served the Bar Date Notice and the Proof of Claim Form on counsel of record for all holders of Asbestos PI Pre-Petition Litigation Claims, or where such holder is not represented by counsel, on such holders themselves, via direct U.S. mail, and such notice shall be sufficient.

                                           BY ORDER OF THE COURT

                                           _____
                                           The Honorable Judith K. Fitzgerald
                                           United States Bankruptcy Judge

91100-001\DOCS_DE:119761.1