**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | **Case No. 01-1139(JKF)** |
| **W.R. GRACE & CO., et al** | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | Hearing Date: August 21, 2006 @ 12:00 p.m. |
| | | Objections Due: August 4, 2006 |

## MOTION TO AMEND CASE MANAGEMENT ORDER FOR THE ESTIMATION OF ASBESTOS PERSONAL INJURY LIABILITIES

COME NOW certain asbestos personal injury claimants (each, a "Claimant") in receipt of the "W.R. Grace Asbestos Personal Injury Questionnaire" ("Questionnaire"), by and through their counsel SimmonsCooper LLC ("SimmonsCooper"), and hereby move to amend the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities, as amended ("CMO"), to allow for discovery to be propounded to Debtors and certain non-debtor third parties by each of the Claimants. In support, the Claimants state as follows:

### Background

1. On November 13, 2004, Debtors filed their *Debtors' Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief* ("Estimation Motion"), seeking a scheduling order and set of protocols for estimating their global present and future liabilities to asbestos personal injury claimants ("Asbestos Estimation").

2. On August 29, 2005, the Court entered the CMO, setting forth various deadlines for the Asbestos Estimation, and additionally authorizing the Debtors as part of such process to send copies of the Questionnaire to the Claimants and other tens of thousands of asbestos personal injury claimants with lawsuits pending against Debtors on the Petition Date.

3. The original deadline for return of responses and/or objections to the Questionnaires was January 12, 2006. Such deadline has been extended several times at the

request of Debtors through July 12, 2006, and the CMO amended accordingly, as parties in the Debtors' cases attempted to negotiate a global compromise settlement of Debtors' reorganization.

4.      The Claimants served their responses and objections to the Questionnaires on July 10, 2006, in accordance with the CMO, as amended.

### Relief Requested

5.      By this Motion, the Claimants request that they each be allowed to propound written discovery to Debtors as well as on other non-debtor third parties to develop information in support of their claims against Debtors. A certain amount of information may be obtained directly from Debtors, but Claimants will also need to propound discovery on these non-debtor third parties, such as premises owners, contractors, and distributors, that has previously been barred by the automatic stay.

6.      The Debtors have made it clear they intend to utilize "gaps" in the information provided by the Claimants in response to the Questionnaires so as to demonstrate that Debtors have a lower aggregate liability for asbestos claims than their settlement history otherwise indicates.

7.      Since the Petition Date, however, the Claimants have been prevented by the operation of the "automatic stay" under 11 U.S.C. § 362(a) in pursuing discovery against Debtors or other non-debtor third parties to substantiate their claims against Debtors.

8.      The CMO currently does not provide Claimants with *any* ability to propound discovery in support of their claims, while providing Debtors with the right to serve the massive, intrusive, burdensome, and largely irrelevant Questionnaire upon them. Further, the CMO expressly contemplates that Debtors will be entitled to utilize the information (or lack thereof in

some instances) provided in response to the Questionnaires to determine a cap on Debtors' aggregate asbestos liabilities.  While perhaps no individual Claimant will have their particular claim disallowed by this process, the net practical effect obviously impacts Claimants' ability to recover on their claims and operates as a de facto disallowance or reduction in the amount recoverable on their claims.

9.   It would be unheard of in litigation, even in the context of an estimation proceeding in bankruptcy, that one party to a dispute is allowed to engage in discovery while the opposing party is forbidden to do so.  Claimants have a fundamental due process right to develop evidence in support of their claims in opposition to Debtors' attempt to cap their liabilities and, as a practical matter, impair recovery on the claims of Claimants.  The Official Committee of Asbestos Claimants ("ACC") does not represent the Claimants or any other individual asbestos personal injury claimants, and has at all times expressly disavowed that it speaks for the individual claimants or their counsel; for that reason, the ACC has not and will not take any steps to object to the individual Questionnaires or the merits of the individual claims of the various personal injury claimants.

10.  Absent meaningful rights for the Claimants (and similarly-situated asbestos personal injury claimants) to engage in some sort of discovery in support of their claims, the Asbestos Estimation as conceived and currently-structured has no merit and will not provide a result that is either accurate or capable of withstanding appellate review.

WHEREFORE, the Claimants respectfully request that the Court amend the CMO to provide authorization and adequate time for Claimants to propound discovery upon Debtors and certain non-debtor third parties, and grant such other and further relief as the Court deems just and proper.

Dated:  July 17, 2006                                    Respectfully submitted,

Seitz, Van Ogtrop & Green, P.A.

/s/ *Patricia P. McGonigle*

Patricia P. McGonigle (ID#3126)
R. Karl Hill (ID#2747)
Kevin A. Guerke (ID#4096)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
Phone (302) 888-0600
Fax (302) 888-0606

-and-

Robert W. Phillips
SIMMONSCOOPER LLC
707 Berkshire Boulevard
East Alton, IL 62024
Phone (618) 259-2222
Fax (618) 259-2251
rphillips@simmonscooper.com

Counsel for Claimants