IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hearing Date: August 21, 2006 |
| ) | Objection Deadline: August 4, 2006 |
| ) | Related Docket Nos: 6301, 6371, 6654, |
| ) | 6852, 6853 |

## DEBTORS' OBJECTION TO DAVID SLAUGHTER'S CLAIM [NO. 5703]

The above-captioned Debtors object to David Slaughter's claim (Claim No. 5703, referred to herein as the "Claim") for injuries purportedly suffered when an asphalt containment barrier allegedly crumbled beneath his feet while he was making a delivery at Grace's Lake Charles Louisiana facility (the "Lake Charles Facility") on or about December 24, 2000 (a copy of the Claim is attached as Exhibit A). The Debtors object to the Claim, because Grace is not liable for Mr. Slaughter's alleged injuries, and, in any event, Mr. Slaughter cannot support the amount of damages requested in the Claim. Therefore, the Debtors request that the Court enter an order disallowing and expunging the Claim.

### Background

1.  On April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing petitions under chapter 11 of title 11 of the United States Bankruptcy Code (as amended, the "Bankruptcy Code"). By operation of law, all pending and prospective judicial proceedings against any of the Debtors were automatically stayed pursuant to 11 U.S.C. § 362(a)(1) (the "Automatic Stay").

2. On September 20, 2001, David Slaughter (the "Claimant") filed a Petition for Damages in the 14th Judicial District Court, Calcasieu Parish, State of Louisiana (No. 2001-4742) (the "Complaint," a copy of which is attached to the Claim). The Complaint names Turner Industries, Ltd. ("Turner"), Claimant's employer, and W. R. Grace & Company ("Grace"), one of the Debtors in the above-referenced bankruptcy cases, as defendants. The Complaint seeks recovery from the defendants for alleged damages that the Claimant purportedly suffered when asphalt allegedly crumbled beneath his feet while he was making a delivery to the Lake Charles Facility on or about December 24, 2000.

3. On March 18, 2003, the Claimant filed the Claim, which was received by the Debtors' claims agent on March 24, 2003. The Claim asserts an unsecured nonpriority claim for $1,375,000 for the injuries alleged in the Complaint. The Claim includes a copy of the Complaint, but it contains no evidence or other documentation supporting the claim.

4. On August 30, 2004, the Claimant filed a motion for relief from the Automatic Stay to pursue the state court action (the "Motion for Relief From the Automatic Stay"). [Dkt. No. 6301] The motion (i) referred to the Complaint; (ii) stated, without any legal support, that the debt allegedly owed by Grace is nondischargeable in bankruptcy; and (iii) concluded, without any additional legal or factual support, that the Claimant is entitled to have the Automatic Stay lifted and/or modified "all as provided in the Bankruptcy Code." *See* Complaint at ¶¶ 2-5.[1]

---

[1] The Complaint was filed in violation of the Automatic Stay. Therefore, the Complaint is void *ab initio* and has no legal effect, beyond describing the basis for Slaughter's bankruptcy claim. *Constitution Bank v. Tubbs*, 68 F.3d 685, 692 fn 6 (3d Cir. 1995).

DOCS_DE:119779.1

5.  On September 10, 2004, the Debtors filed an objection to the Motion for Relief From the Automatic Stay. [Dkt. No. 6371] The Debtors argued that (i) the Claimant sought favorable treatment from other claimants, without provide *any* meaningful substantive support or justification for this request; and (ii) the Complaint was filed after the Petition Date, in violation of the Automatic Stay.

6.  On November 8, 2004, the Court entered an order denying the Motion for Relief From the Automatic Stay. [Dkt. No. 6852] In this order, the Court directed the Debtors to file an objection to Mr. Slaughter's claim. Accordingly, the Debtors submit the following objections to the Claim.

## The Objections

7.  Grace is not liable for Claimant's alleged injuries for each and all of the following reasons:

8.  *First*, Claimant fails to state a claim against Grace upon which relief can be granted. In particular, the Complaint attached to the Claim fails to allege that Grace knew, or should have known, of the alleged risk, as required under Louisiana law. *Cuevas v. City of New Orleans*, 769 So. 2d 82, 86 (La. App. 4th Cir. 2000) ("The plaintiff must prove the owner knew or should have known of the risk. The property owner is not the insurer of the premises, but must act reasonably in view of the probability of injury.").

9.  *Second*, Claimant fails to provide *any* evidence that he is or was injured, let alone evidence enough to satisfy a "preponderance of the evidence" standard as is required in these circumstances. The Claimant bears the burden of establishing injury and, therefore, unless and until Claimant presents such evidence, the Claim must be rejected. *See Allegheny International,*

*Inc.*, 954 F.2d 167, 173 (3rd Circuit 1992); *In re Mariner Post Acute Network, Inc.*, 2005 WL 3086561, *1 (3rd Cir. 2005) (rejecting claimant's argument that objector did not present evidence against its claim where objector negated facts asserted in the claim); *In re Pugh*, 157 B.R. 898, 901 (9th Cir. BAP 1993) (holding claimant bears ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence); *In re Ford*, 194 B.R. 583 (S.D. Ohio 1995) ("As a general rule the burden of proof is on the claimant because a claimant in a bankruptcy proceeding is in the same posture as a civil plaintiff in a non-bankruptcy proceeding, who generally is assigned the burden of proving its claim against the defendant under non-bankruptcy law.").

10.   *Third*, to the extent that Claimant was injured, Claimant's alleged injury was due to Claimant's own negligence when he fell while exiting his truck.

11.   *Fourth*, to the extent that Claimant was injured, Claimant fails to provide any evidence that any such injury was due to any negligence or other breach of duty on the part of Grace or any of Grace's employees or agents.

12.   *Fifth*, on information and belief, no asphalt actually crumbled under Claimant's feet (as he has alleged). Instead, Claimant was injured when he fell while exiting his truck, due to Claimant's own negligence. On information and belief, Grace inspected the asphalt after the incident, and there was no evidence that the asphalt crumbled or was otherwise defective.

13.   *Sixth*, Claimant has failed to name all necessary parties, including " I.M.C.," the contractor that built the allegedly defective asphalt containment barrier. To the extent that the containment barrier was defective, I.M.C. would also be liable for Claimant's alleged injuries.

4

14. *Seventh*, Claimant has failed to establish any basis for the $1,375,000 amount sought in the Complaint or the Claim. The Claimant bears the burden of establishing all elements of his Claim, including the amount of damages sought, and, therefore, unless and until Claimant provides evidence to support this amount, the Claim must fail. *See In re Pugh, supra.*

15. *Eighth,* Claimant has asserted that his alleged injuries occurred while making a delivery in the course of his employment. Claimant neither is nor was an employee of Grace and has not pled that he is or was an employee of Grace. On information and belief, Claimant is an employee of Turner or one of its affiliated entities. As such, Claimant's alleged injuries would be covered by workers compensation through Turner, which serves as Claimant's sole avenue for recourse. And, in any event, any amount owed to Claimant by Grace on account of Claimant's alleged injuries, would necessarily be reduced to reflect all amounts that Claimant has received for workers compensation or otherwise. Claimant fails to include any pertinent information regarding a workers compensation claim, including whether he has filed for or received workers compensation from his employer.

16. *Ninth,* Claimant has asserted that Turner was contributorily negligent with respect to Claimant's alleged injuries. Accordingly, any amount owed to Claimant by Grace on account of Claimant's alleged injuries would necessarily be reduced to reflect all amounts that Claimant has received from Turner.

17. *Tenth,* Claimant asserts in the Motion for Relief from the Automatic Stay that his Claim is nondischargeable, but Claimant fails to provide any legal support for this allegation. Based on Claimant's description of the Claim, it is subject to discharge under section 1141 of the Bankruptcy Code.

## Conclusion

18. For the reasons explained above, the Court should disallow and expunge the Claim, with prejudice.

## Reservation of Rights

19. The Debtors reserve their rights to amend and/or supplement this Objection to assert additional objections and/or defenses, as additional facts come to light through discovery, briefing, or otherwise.

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit B, disallowing and expunging the Claim.

Respectfully Submitted:

Dated: July 17, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lori Sinanyan
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession