## EXHIBIT A

Proof of Claim Form

# WR Grace
## Bankruptcy Form 10
### Index Sheet

SR00000412

Claim Number: 00005703

Receive Date: 03/24/2003

## Multiple Claim Reference

Claim Number: _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

Claim Number: _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

## Attorney Information

Firm Number: 00098         Firm Name: Baggett McCall & Burgess

Attorney Number:           Attorney Name:

Zip Code: 70606-7820

Cover Letter Location Number: SR00000412

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [x] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [ ] Other Attachments | |

Other

- [ ] Non-Standard Form
- [ ] Amended
- [ ] Post-Deadline Postmark Date

Box/Batch: WRBF0025/WRBF0098

Document Number: WRBF004861

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|---|
| Name of Debtor: W.R. Grace & Co. | Case Number 01-01139 | |

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

| Name of Creditor (The person or other entity to whom the Debtor owes money or property): David Slaughter | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br> ☐ Check box if you have never received any notices from the bankruptcy court in this case. <br> ☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name and address where notices should be sent: <br> Erin M. Alley <br> Boggett, McCall, et al <br> P.O. Drawer 7820 <br> Lake Charles, LA 70606-7820 | | |
| Account or other number by which creditor identifies Debtor: | Check here ☐ replaces <br> if this claim ☐ amends a previously filed claim, dated: | |

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:
**W.R. Grace & Company**

1. Basis for Claim
   - ☐ Goods sold
   - ☐ Services performed
   - ☐ Environmental liability
   - ☐ Money loaned
   - ☒ Non-asbestos personal injury/wrongful death
   - ☐ Taxes
   - ☐ Other_____

   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
   
   Your SS #:_____
   Unpaid compensation for services performed
   from _____ to _____ (date)

2. Date debt was incurred: 12/24/00
3. If court judgment, date obtained: N/A
4. Total Amount of Claim at Time Case Filed: $1,325,000

   If all or part of your claim is secured or entitled to priority, also complete Item 5 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Classification of Claim. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

   ☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)
   
   Brief Description of Collateral:
   ☐ Real Estate    ☐ Other (Describe briefly)
   
   Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____
   
   Attach evidence of perfection of security interest
   
   ☒ UNSECURED NONPRIORITY CLAIM
   A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

   ☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.
   - ☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   - ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   - ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).
   - ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. Supporting Documents: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Attached is copy of Petition for Damages.

8. Acknowledgement: Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self addressed envelope and copy of this proof of claim form.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 3-19-03 | Erin M. Alley, attorney for David Slaughter <br> Erin M. Alley |

This Space is for Court Use Only

WR Grace    BF.25.98.4861
00005703
SR=412

REC'D MAR 24 2003

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

## SPECIFIC INSTRUCTIONS FOR COMPLETING
## GRACE NON-ASBESTOS PROOF OF CLAIM FORMS

*The Instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

This Proof of Claim form is for Creditors who have Non-Asbestos Claims against any of the Debtors. Non-Asbestos Claims are any claims against the Debtors as of a time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims or Medical Monitoring Claims, as defined on the enclosed General Instructions. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

**Administrative Expenses:** Those claims for, among other things, the actual, necessary costs and expenses of preserving the estate as defined in Section 503 of the Bankruptcy Code that arose after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to Section 503 of the Bankruptcy Code. This form should not be used to make a claim for an administrative expense.

**Secured Claim:** A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right to setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

**Unsecured Claim:** If a claim is not a secured claim, it is an unsecured claim. Unsecured claims are those claims for which a creditor has no lien on the debtor's property or the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim:** Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

**Information about Creditor:** Complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the court which sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:** Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:** Fill in the date the debt was first owed by the debtor.

3. **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Amount of Claim:** Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 5. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Classification of Claim:** Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See Definitions above.)

    **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See Definitions, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

6. **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim; you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:** You must attach to this proof of claim form, copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:

Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
P.O. Box 1620
Faribault, MN 55021-1620

The Bar Date for filing all NON-ASBESTOS CLAIMS against the Debtors is March 31, 2003 at 4:00 p.m. Eastern Time.

Div E

| | | |
|---|---|---|
| DAVID SLAUGHTER | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2001-4742 | : | PARISH OF CALCASIEU |
| TURNER INDUSTRIES, LTD. and W.R. GRACE & COMPANY | : | STATE OF LOUISIANA |
| FILED: **SEP 2 0 2001** | : | *Peggy Carpenter* <br> DEPUTY CLERK OF COURT |

## PETITION FOR DAMAGES

The petition of David Slaughter, a resident of the full age of majority residing in Vidor, Texas, who respectfully represents that:

1.

Made defendants herein are:

a. **TURNER INDUSTRIES, LTD.**, a domestic corporation who may be served through its agent for legal process, L. J. Griffon, Jr., 8687 United Plaza Boulevard, Suite 400, Baton Rouge, Louisiana 70809.

b. **W.R. GRACE & COMPANY**, a foreign corporation authorized to do and doing business in the State of Louisiana, who may be served through its agent for service of legal process, Prentice-Hall Corporation System, Inc., 812 Gravier Street, Suite 1006, New Orleans, Louisiana 70112.

2.

At all pertinent times, plaintiff, David Slaughter, was employed by Barry's Industrial Sand as a truck driver.

3.

On or about December 24, 2000, plaintiff, David Slaughter, was making a delivery of sand at W.R. Grace & Company in Calcasieu Parish, Louisiana; he parked his truck on the scales, exited his truck and was walking towards the scale house; there was newly laid asphalt surrounding the scale and plaintiff had to step onto the asphalt when suddenly and without warning, the asphalt crumbled under his foot, causing him to fall and thereby causing the injuries

5.

The aforementioned accident was in no way attributable to the petitioner, David Slaughter, but on the contrary, was due in part and proximately to the negligence of W.R. Grace & Company and/or its employees and/or Turner Industries, which negligence includes but is not limited to the following:

- a. In depositing asphalt in areas in a way which was likely to cause injury to reasonably prudent individuals;

- b. Creating and leaving for an unreasonable time, a hazard or defect due to the laying of the asphalt;

- c. In laying asphalt which presented an unreasonable risk of harm to reasonably prudent individuals, which rendered the area unreasonably dangerous in normal use;

- d. Failing to warn plaintiff of the vices and defects in the area maintained by W.R. Grace and/or Turner Industries;

- e. In maintaining its area in a defective condition;

- f. Failing to keep its area up to proper industry standards.

6.

As a result of the accident, petitioner, David Slaughter, suffered extremely painful and serious injuries and damages including, but not limited to, a neck injury which required surgery.

7.

As a result of the accident, petitioner, David Slaughter, has sustained damages and will continue to sustain past, present and future medical expenses, past, present, and future mental and physical pain, loss of earnings, loss of future earning capacity and loss of enjoyment of life, said injuries entitled petitioner to such damages which are reasonable in the premises.

WHEREFORE, plaintiff, David Slaughter, prays that defendants, Turner Industries, LTD. and W.R. Grace & Company, be duly served with a copy of the foregoing petition and cited to

By His Attorneys,

BAGGETT, McCALL, BURGESS & WATSON
(A Professional Law Corporation)

BY: *Erin M. Alley*
ROGER G. BURGESS
ERIN M. ALLEY
3006 Country Club Road
Post Office Drawer 7820
Lake Charles, LA  70606-7820
(337) 478-8888

PLEASE SERVE THE FOLLOWING DEFENDANT:

**TURNER INDUSTRIES, LTD.**
through its agent for legal service of process:
L. J. Griffon, Jr.
8687 United Plaza Boulevard, Suite 400
Baton Rouge, Louisiana  70809

**W.R. GRACE & COMPANY**
through its agent for service of legal process:
Prentice-Hall Corporation System, Inc.
812 Gravier Street, Suite 1006
New Orleans, Louisiana  70112