# EXHIBIT H

# GOLDBERG PERSKY & WHITE, P.C.

ATTORNEYS AT LAW

1030 FIFTH AVENUE, THIRD FLOOR
PITTSBURGH, PENNSYLVANIA 15219-6295

FACSIMILE (412) 471-8308
TELEPHONE (412) 471-3980
EMAIL ADDRESS: info@gpwlaw.com
WEB SITE: www.gpwlaw.com

THEODORE GOLDBERG (PA, WV, MI & DC)
JOEL PERSKY (PA & MI)
THOMAS W. WHITE (PA)
CRAIG L. VANDERGRIFT (PA & WV)
PETER T. PALADINO, JR. (PA, MI & NY)
DAVID P. CHERVENICK (PA & WV)
TERRENCE M. O'BRIEN (PA, MI & WV)
MARK C. MEYER (PA & MI)
JAMES J. BEDORTHA (PA & MI)
LANE A. CLACK (PA & NJ)
BRUCE E. MATTOCK (PA & WV)
DAVID B. RODES (PA)
JOSEPH J. CIRILANO (PA & MI)
CHARLES J. McLEIGH (PA & WV)
CHRISTINE L. SALON (PA & MI)
CARLA GUTTILLA (PA)
CINDY STINE (PA & WV)

HOWARD M. LOUIK (PA)
DIANA N. JACOBS (PA)
BRIAN ALAN PRIM (WV)
LEE W. DAVIS (PA, WV & MI)
JOHN T. TIERNEY III (PA, DC & AZ)
JOHN N. KELSEY (MI)
DARREN K. PARR (PA & IN)
ROBIN M. GRAZIANO (PA)
JOHN R. POMERVILLE (MI)
JASON E. LUCKASEVIC (PA)
JASON T. SHIPP (PA)
STEPHANIE N. BELL (PA)
KENNETH J. FRYNCKO (PA)
CORI J. KAPUSTA (PA)
CARRIE L. FURLAN (PA)
HOLLY L. DEIHL (PA)
LEIF J. OCHELTREE (PA)

July 6, 2006

Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Company Bankruptcy
201 S. Lyndale Avenue
Faribault, MN 55021

RE:   W.R. Grace Asbestos Personal Injury Questionnaires

Dear Sir or Madam:

You will find enclosed the following:

1.   1,853 W.R. Grace asbestos personal injury questionnaires in 28 boxes;

2.   A list of the 1,853 clients for whom we are producing questionnaires;

3.   3 boxes of product identification and exposure evidence; and

4.   2 computer discs containing product identification and exposure evidence.

A.   **IDENTIFICATION OF PRE-PETITION CLAIMS**

Rust Consulting sent questionnaires to our law firm for clients reportedly represented by our law firm and also sent questionnaires to various co-counsel for whom we serve as primary trial counsel. It was impossible for us to reconcile questionnaires that were sent out by Rust Consulting with our information concerning potential pre-petition claims against W.R. Grace. We explained the problems we had in reconciling the questionnaires with our information concerning existing pre-petition claims, but Rust Consulting and W.R. Grace were unable to

JOHNSTOWN OFFICE:
132 JACKSON STREET
JOHNSTOWN, PA 15901-2134
FAX (814) 539-3981
TELEPHONE (814) 539-4007

GREENSBURG OFFICE:
205 COULTER BUILDING
231 SOUTH MAIN STREET
GREENSBURG, PA 15601-3102
FAX (724) 832-8747
TELEPHONE (724) 836-3305 (GSBG)

MICHIGAN OFFICE:
4800 FASHION SQUARE BLVD.,
SUITE 260
SAGINAW, MI 48604-2602
FAX (989) 799-5727
TELEPHONE (989) 799-4848

WEST VIRGINIA OFFICE:
THE RIVER TOWER
1108 THIRD AVENUE, SUITE 602
HUNTINGTON, WV 25701-1568
FAX (304) 522-1089
TELEPHONE (304) 522-1087

Rust Consulting, Inc.
Page Two
July 6, 2006

provide us with the Social Security numbers or other identifiers for the people for whom questionnaires had been sent.

In addition, we received a November 28, 2005 letter from Barbara Mack-Harding of Kirkland & Ellis containing different lists of clients. The lists purported to identify people who were to submit claims and people who were not to submit claims. Again, we could not make sense of these lists, and on December 2, 2005 we requested Barbara Mack-Harding to provide an electronic version of the list together with any other identifiers for the people contained on the list.

W.R. Grace did not provide any such identifiers for the people on the various lists it had provided. On June 9, 2006, Ms. Harding, on behalf of W.R. Grace, informed us that we were "...in a far better position than W.R. Grace to identify which of your clients have claims against W.R. Grace." As a result of their various communications, our filing is predicated upon our current knowledge of individuals who had pre-petition claims against W.R. Grace. Our firm, for many years prior to the filing of the bankruptcy, had a tolling agreement with W.R. Grace and, as part of that agreement, we did not conduct discovery against W.R. Grace. In addition, the bankruptcy stay has prevented us from conducting discovery against W.R. Grace since the filing date of the bankruptcy. As such, other individuals may have pre-petition claims as additional or new evidence against W.R. Grace is discovered or disclosed.

### B.   INABILITY TO CONDUCT DISCOVERY AGAINST W.R. GRACE.

As indicated above, our firm had a tolling agreement and stand-down agreement with W.R. Grace for a number of years prior to the bankruptcy filing. Since the bankruptcy filing, the automatic stay has prevented Plaintiffs from pursuing any discovery against W.R. Grace. The inability to conduct discovery has significantly impaired claimant's ability to present all existing evidence against W.R. Grace. In addition, the inability to conduct discovery and to develop the case in the way ordinarily done in the State Tort System has significantly impaired claimants ability to present the type of "trial-ready" evidence that would normally be presented if the case were scheduled for trial and normal discovery was undertaken.

### C.   THE QUESTIONNAIRE PROCESS HAS BEEN UNDULY BURDENSOME AND OPPRESSIVE.

Rust Consulting, Inc.
Page Three
July 6, 2006

The questionnaire process has required our firm to essentially provide information on almost 2,000 cases as if such cases were all being scheduled for trial at the same time. The enormity of this task has prevented claimants from preparing cases, both in the medical sense and in the product identification sense, in the way cases would normally be prepared if they were scheduled for trial. We have attempted, given the resources available, to produce evidence currently in our possession concerning these cases, but this evidence does not represent the type of evidence that would normally be available if the case were "trial-ready". It is simply unrealistic and unworkable to present "trial-ready" evidence for almost 2,000 cases within the time period allowed by the questionnaire process.

### D. PRODUCT IDENTIFICATION EVIDENCE.

Each person completing the questionnaire has also completed an affidavit indicating whether they can identify a W.R. Grace product or not. In addition to evidence from individual claimants, we have provided 3 boxes of product identification evidence and 2 computer discs of product identification that are applicable to all claimants. This "Master Product Identification Evidence" consists of depositions, affidavits, invoices, W.R. Grace Interrogatories and other evidence that has been collected over the years concerning W.R. Grace. We have been prevented however, from conducting discovery in all the 1,853 cases subject to the questionnaires because of the pre-petition "stand-down" agreement and the subsequent automatic stay. Each of the clients submitting questionnaires worked at job sites previously approved for payment by W.R. Grace. In summary, the product identification evidence being submitted at this time consists both of the specific responses of individual claimants and the Master Product Identification Evidence in the 3 boxes and 2 computer discs subject to the caveats and reservation of rights outlined above.

Very Truly Yours,

Mark C. Meyer

MCM:sa
Enclosure(s)