# EXHIBIT I

LAW OFFICES

# LEBLANC & WADDELL, LLP
### ATTORNEYS AT LAW

6945 PERKINS ROAD, SUITE 100
BATON ROUGE, LA 70808-4267

TEL: (225) 768-7222  FAX: (225) 768-7999
TOLL FREE: 1-(800)-982-3514

## Facsimile Cover Sheet

### CONFIDENTIALITY NOTICE

The information in this facsimile message is legally privileged and confidential, and is intended only for use by the individual(s) named as recipient(s). Unless you are a named recipient of this facsimile, you should not read, distribute, or otherwise use this facsimile, and you should immediately notify the sender by calling 214-874-7000. Thank you.

Date: __February 28, 2006__

To: __Barbara M. Harding__

Telephone No.: __202-879-5000__

Facsimile No.: __202-879-5200__

From: __Jena LeBlanc Duncan__

Number of Pages: __3__ _____ (including this cover sheet)

Additional Comments: _____

**IF YOU DID NOT RECEIVE ALL OF THE PAGES SENT IN THIS FACSIMILE, PLEASE CALL BRENDA BURNS AT (214) 874-7000.**

5391494.1

## LAW OFFICES
## LEBLANC & WADDELL, LLP
### ATTORNEYS AT LAW

6955 PERKINS ROAD, SUITE 100
BATON ROUGE, LA 70808-4267

TEL: (225)768-7222   FAX: (225) 768-7999
TOLL FREE: 1-(800)-982-3514

February 28, 2006

**VIA FACSIMILE 202-879-5200**

Barbara M. Harding
Kirkland & Ellis, LLP
655 Fifteenth St., NW
Washington, DC 20005

Dear Ms. Harding:

I write regarding your letter to Counsel/Claimants dated February 6, 2006 and concerning the requirements approved by the Bankruptcy Court for the completion of your discovery questionnaires.

In that letter, you refer to "the Court's previous rulings and instructions ... concerning the completion of the questionnaire." In so doing, you necessarily rely upon assumptions and interpretations of the Amended Case Management Order (the "CMO") that do not match the contents of the CMO. The CMO represents the only authoritative statement of rulings and instructions of the Court on the subject of Grace's discovery requests and Claimants represented by LeBlanc & Waddell, LLP will complete Grace's discovery questionnaires in accordance with the actual instructions of the Bankruptcy Court. Your three specific assertions are in error for the reasons set forth below.

Firstly, you claim that, in furtherance of answering Grace's discovery questionnaires "as completely and accurately as possible," questions "must not be answered by means of attaching documents and that "supporting documents may not be submitted in lieu of answering the questions contained in the Questionnaire." This alleged requirement does not appear in the CMO or in the instructions for completing the discovery questionnaires. Indeed, the instruction on page ii of the discovery questionnaire states only that it must be "(i) written in English, and (ii) attach relevant supporting materials." Appending a document providing the information sought by Grace through the questions posed is perfectly consistent with completing the questionnaires as completely and accurately as possible and may be the most efficient and expeditious means of responding to one of Grace's discovery requests. This questionnaire has been served by Grace as a vehicle of discovery, and the responses to be provided by claimants represented by this firm will be responsive to the discovery request and compliant with the rules of discovery applicable in bankruptcy proceedings. Such responses may include the attachment of documents from which Grace may derive all information sought in discovery.

Secondly, you claim that for "claimants represented by counsel, the Questionnaire must be signed by both the claimant and his or her attorney." This is simply incorrect. The CMO imposes no such requirement on counsel, and the instructions for completion of the discovery questionnaire leave the clear impression that the form must be signed by the claimant or, if he/she is deceased, a

5391494.1

February 28, 2006
Page 2

legal representative of the estate. The instructions state, at page 3, that "by signing Part X, you the injured person, are attesting and swearing, under penalty of perjury, that to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person." Where the instructions refer to claimant's legal counsel, they employ the term counsel. The second signature box of the attestation uses the term "legal representative," and is a clear reference to the representative of a deceased claimant's estate who must sign on behalf of a deceased claimant. This is a discovery questionnaire directed at claimants, and those returned by claimants whom we represent will not be counter-signed by legal counsel.

Finally, claimants whom we represent reserve the right to make any necessary objections to the discovery sought, and seek resolution of such objections through the discovery arbitrator appointed precisely for such purpose and, ultimately, the Bankruptcy Court to the extent either has jurisdiction of these disputes all of which we contest. Claimants have not waived or been deprived of any of their rights under the discovery rules to seek judicial resolution of disputes over objectionable questions.

Thank you for keeping us informed of the shifting deadlines for responses to Grace's discovery requests. Responses will be forthcoming at the appropriate time.

Sincerely,

LEBLANC & WADDELL, LLP

*Jena LeBlanc Duncan*

Jena LeBlanc Duncan

JLD/bb

5391494.1