# EXHIBIT K

FREDERICK M. BARON
RUSSELL W. BUDD (TX & LA)
BRENT M. ROSENTHAL
LISA A. BLUE, PH.D.
MARY E. SKELNIK
STEVEN D. WOLENS
MELISSA K. HUTTS (TX & MO)
STEVE BAUGHMAN JENSEN
ALLEN M. STEWART (TX & PA)
LAURA BAUGHMAN (TX & NY)
LAURIE J. MEGGESIN
ALAN B. RICH (TX & IL)
ELLEN A. PRESBY
SCOTT SUMMY (TX & NC)
MISTY A. FARRIS
KEVIN D. MCHARGUE
JAMES D. PIEL (TX & OK)
S. ANN SAUCER (TX & LA)
LANCE A. POOL (TX & OK)
JOHN J. SPILLANE
BEN K. DUBOSE
LAWRENCE G. GETTYS (TX & LA)

FRANK E. GOODRICH
CELESTE A. EVANGELISTI (TX, AR & NY)
CHARLA G. ALDOUS
CARY L. MCDOUGAL
STEVEN T. BARON

OF COUNSEL

JANICE PENNINGTON (TX & AZ)
JOHN L. YATES
BRUCE W. STECKLER

DIANE M. ANDREW (IL & MO Only)
SAM T. RICHARD (TX & OK)
CHRISTINA E. MANCUSO
SCOTT MORRISON
WESLEY K. YOUNG
STEPHEN C. JOHNSTON
WILLIAM K. TAPSCOTT, JR. (TX, AL & MI)
AMY J. SHAHAN
PATRICK O'NEAL (LA Only)
ANDREA S. BOURNE

# BARON & BUDD

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
SUITE 1100
3102 OAK LAWN AVENUE
DALLAS, TEXAS 75219-4281
(214) 521-3605
TELECOPIER (214) 520-1181

February 24, 2006

VIRGINIA ADAMS MARENTETTE
J. H. GRIMES (TX & CA)
MARTY A. MORRIS
LAURA M. CABUTTO
SCOTT R. FRIELING
NATALIE F. DUNCAN
CARLA M. BURKE (TX & NY)
TIFFANY NEWLIN DICKENSON (TX & MS)
JACQUELINE MONTEJANO
REY FERNÁNDEZ
EDMOND L. MARTIN
DONNA J. BLEVINS
STEPHANIE BROOKS LESMES
DAVID T. RITTER
CHRIS J. PANATIER
RENÉE MELANÇON
THERESA NELSON RUCK (NY & OH Only)
D. CARL MONEY (TX & MS)
CHAD R. COTTEN
BRIAN K. PEACOCK
ERIN ANDERSON FARRIS
JORY D. LANGE, JR.

STEPHEN T. BLACKBURN (TX & CA)
RANDALL K. PULLIAM (TX & AR)
JOHN L. LANGDOC (TX & CA)
AMANDA R. TYLER
ROXANNE MCKENZIE LINTON (LA Only)
DENYSE F. CLANCY
RYAN C. LEGGIERO (TX & CO)
BART DALTON (TX & CA)
DAVID L. GREEN
CLAIRE T. BRIGGS
M. CRISTINA SANCHEZ
STEPHEN LIU
TINA POTTER
SHARON D. BAUTISTA
CHARLES E. SOECHTING, JR.
CAROLIN K. SHINING (CA & IL Only)
PAUL M. LYNCH (TX & AR)
CARRIE A. HILL
SHERRY L. TALTON
SUSAN LAUREA LASALLE
ELIZABETH A. SALINAS
ROBERT D. CRAIN

Barbara M Harding
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington D.C., 20005

RE: W.R. Grace Bankruptcy

Dear Ms. Harding,

I write regarding your letter to Counsel/Claimants dated February 6, 2006, and concerning the requirements approved by the Bankruptcy Court for the completion of your discovery questionnaires.

In that letter, you refer to "the Court's previous rulings and instructions ... concerning the completion of the questionnaire." In so doing, you necessarily rely upon assumptions and interpretations of the Amended Case Management Order (the "CMO") that do not match the contents of the CMO. The CMO represents the only authoritative statement of rulings and instructions of the Court on the subject of Grace's discovery requests and Claimants represented by Baron & Budd, P.C. will complete Grace's discovery questionnaires in accordance with the actual instructions of the Bankruptcy Court. Your three specific assertions are in error for the reasons set forth below.

Firstly, you claim that, in furtherance of answering Grace's discovery questionnaires "as completely and accurately as possible," questions "must not be answered by means of attaching documents" and that "supporting documents may not be submitted in lieu of answering the questions contained in the Questionnaire." This alleged requirement does not appear in the CMO or in the instructions for completing the discovery questionnaires. Indeed, the instruction on page ii of the discovery questionnaire states only that it must be "(i) written in English, and (ii) attach relevant supporting materials." Appending a document providing the information sought by Grace through the questions posed is perfectly consistent with completing the questionnaires as completely and accurately as possible and may be the most efficient and expeditious means of responding to one of Grace's discovery requests. This questionnaire has been served by Grace as a vehicle of discovery, and the responses to be provided by claimants represented by this firm will be responsive to the discovery request and compliant with the rules of discovery applicable

in bankruptcy proceedings. Such responses may include the attachment of documents from which Grace may derive all information sought in discovery.

Secondly, you claim that for "claimants represented by counsel, the Questionnaire must be signed by both the claimant and his or her attorney." This is simply incorrect. The CMO imposes no such requirement on counsel, and the instructions for completion of the discovery questionnaire leave the clear impression that the form must be signed by the claimant or, if he/she is deceased, a legal representative of the estate. The instructions state, at page 3, that "by signing Part X, you the injured person, are attesting and swearing, under penalty of perjury, that to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person." Where the instructions refer to claimant's legal counsel, they employ the term counsel. The second signature box of the attestation uses the term "legal representative," and is a clear reference to the representative of a deceased claimant's estate who must sign on behalf of a deceased claimant. This is a discovery questionnaire directed at claimants, and those returned by claimants whom we represent will not be counter-signed by legal counsel.

Finally, claimants whom we represent reserve the right to make any necessary objections to the discovery sought, and seek resolution of such objections through the discovery arbitrator appointed precisely for such purpose and, ultimately, the Bankruptcy Court to the extent either has jurisdiction of these disputes all of which we contest. Claimants have not waived or been deprived of any of their rights under the discovery rules to seek judicial resolution of disputes over objectionable questions.

Thank you for keeping us informed of the shifting deadlines for responses to Grace's discovery requests. Responses will be forthcoming at the appropriate time.

Sincerely,

Natalie F. Duncan

cc: Mary E. Skelnik

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

Name of Dependent or Related Person: _____ Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: __ __ __ __    Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent:..................................................................................................................☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other  If other, please specify _____

Mailing Address: _____
  Address

_____
City                                          State/Province                    Zip/Postal Code

Daytime Telephone number: ........................................................( __ __ __ ) __ __ __ - __ __ __ __

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**
- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products
- ☐ Supporting documentation of other asbestos exposure

- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
- ☐ Death Certification

**Originals:**
- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products

- ☐ Supporting documentation of other asbestos exposure
- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____   Date: __ __ / __ __ / __ __ __ __

Please Print Name: _____


**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____   Date: __ __ / __ __ / __ __ __ __

Please Print Name: _____