IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 12678** |
| | ) | 7/24/06 Agenda Item No. 7 |

### ORDER AUTHORIZING, BUT NOT REQUIRING, THE IMPLEMENTATION OF THE 2006-2008 LONG-TERM INCENTIVE PROGRAM FOR KEY EMPLOYEES

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") seeking entry of an order under sections 105(a) and 363(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing, but not requiring, the implementation of the 2006-2008 LTIP for certain key employees, as part of a continuing long-term, performance-based incentive compensation

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Any term not defined herein shall have the meaning ascribed thereto in the Motion.

program for those employees; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and, certain of the creditors committees having requested and the Debtors having agreed to modifications to the 2006-2008 LTIP to address large acquisitions and divestitures, and it appearing that the relief requested in the Motion as modified by the Order, is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion, as modified by this Order, is granted; and it is further

ORDERED that the Debtors are authorized, but not required, to implement the 2006-2008 LTIP on the terms described in the Motion as modified herein; and it is further

ORDERED that the provisions of the 2006-2008 LTIP as described in the Motion shall be modified to include the following:

1. The Debtors' actual annual EBIT for each year during the three-year LTIP performance period (the "Debtors' Actual EBIT") will be adjusted to account for any business acquisition that occurs during the performance period, which has a purchase price to the Debtors of more than $50 million (a "Significant Acquisition"), as follows:

    (i) with respect to the calendar year during the three-year performance period in which the Significant Acquisition closes, the Debtors' Actual EBIT shall be decreased by the result of the following

formula -- EBIT of the Significant Acquisition (the "Base SA EBIT") for the full calendar year prior to the calendar year that the Significant Acquisition closes (the "Pre-Acquisition Calendar Year"), which shall be calculated in the same manner as the Debtors' Actual EBIT, multiplied by (the number of full months remaining in the calendar year that the Significant Acquisition closes divided by 12);

(ii) with respect the first subsequent full calendar year (if any) during the three-year performance period after the Significant Acquisition closes, the Debtors' Actual EBIT shall be further decreased by the following formula -- the Base SA EBIT for the Pre-Acquisition Calendar Year multiplied by 1.06; and with respect to the second subsequent full calendar year (if any) during the three-year performance period after the Significant Acquisition closes, the Debtors' Actual EBIT shall be further decreased by the following formula -- the Base SA EBIT for the Pre-Acquisition Calendar Year multiplied by 1.06 the result of which is further multiplied by 1.06.

2. In the event that the Debtors divest any of their businesses, which results in total proceeds to the Debtors of more than $50 million (a "Significant Divestiture") during the three-year LTIP performance period, the Debtors' Actual EBIT for the performance period shall be increased to account for the divestiture using the approach that is the converse of the approach

specified in paragraph 1 above with respect to Significant Acquisitions (so that the effect of the divestiture upon Debtors' Actual EBIT shall be neutralized in the same manner as the effect of a Significant Acquisition as specified in paragraph 1 above; and any realized gains or losses that result from the Significant Divestiture shall not be included in the Debtors' Actual EBIT; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate this Order; and it is further

ORDERED that, notwithstanding the possible applicability of Fed.R.Bankr.P. 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: __7/24__, 2006

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge