IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| W.R. Grace & Company ) | |
| ) | Case No. 01-01139 |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Hearing Date: August 21, 2006, 2:00 p.m.** |
| ) | **Objection Deadline: August 4, 2006** |
| | Related to Docket Nos. 6301, 6371, 6654, 6852, 6853, 12819 |

**CREDITOR DAVID SLAUGHTER'S RESPONSE TO
DEBTORS' OBJECTION TO DAVID SLAUGHTER'S CLAIM (NO. 5703)**

1. The Debtor filed its application for protection of the bankruptcy on or about April 2, 2001.

2. Without having been informed of the bankruptcy, David Slaughter filed a Petition for Damages in the 14th Judicial Circuit Court for the State of Louisiana against Turner Industries and W. R. Grace as Defendants (Exhibit A). The Claimant seeks damages because of a defect at the W. R. Grace facility at its Lake Charles, Louisiana facility on or about December 24, 2000.

3. David Slaughter properly filed a proof of claim (Claim No. 5703), within the guidelines of this Court, on March 18, 2003 alleging an unsecured non-priority claim for One Million Three Hundred Seventy-five Thousand Dollars ($1,375,000.00) for the injuries alleged in the Complaint. On August 30, 2004, Claimant filed a Relief from Automatic Stay (Docket No. 6301) and a Supplemental Motion for Relief from Stay on October 15, 2004 (Docket No.6654), which request was heard on November 8, 2004, and the Court entered an Order denying the Motion for Relief from Automatic Stay (Docket No. 6852). Attached to the request for relief were two Affidavits, one of Mr. Slaughter and one of his counsel in the Louisiana action (Exhibits B & C) discussing his injuries and losses as of October 14, 2004. On November 8, 2004, the Court directed the Debtor if any objection to Mr. Slaughter's proof of claim was to be made, it was to do so thirty (30) days after the Court enters an order establishing the alternate dispute resolution program which the Debtor had sought from this Court for resolution of non-asbestos personal injury claims. The Court also did not forego Mr. Slaughter coming back to this Court for an additional request to lift the stay.

4. During the argument with respect to the lifting of the stay, this Court indicated to Debtor's counsel that Mr. Slaughter's claim should be immediately submitted to ADR at the top of the ADR list as soon as the Order was entered.

5. No objection to the Debtor's claim was filed by December 9, 2004 as ordered by the Court and the Debtor waited until July 17, 2006, approximately one year and eight months to file any objection (Docket Nos. 6852, 12819).

6. This Court entered an Order establishing an Alternative Dispute Resolution Program (ADR) on November 8, 2004 (Docket No. 6853). Thus, it is clear that Debtor has no further standing at that time, pursuant to the Court's Order, to object to this Claim. **Specificities with respect to Debtors objection.**

7. Creditor David Slaughter alleges that Debtor is liable under Louisiana law for his injuries. Creditor David Slaughter alleges that he made a prima facie case under Louisiana law with respect to the injuries he sustained. Creditor David Slaughter has not been able to work since the date of this injury.

8. Debtor in paragraphs 10, 11, 12, 13 provide their allegations which without having a full-scale hearing on the underlying claim have no proof and do not counter Creditor David Slaughter's allegations in the Complaint attached hereto. Creditor David Slaughter attaches hereto the Affidavits of Mr. Slaughter and his attorney concerning his injuries that were attached to his Supplemental Motion to Lift Stay of October 15, 2004 (Exhibit B & C). Plaintiff also attaches an affidavit of Roger G. Burgess attaching a list of Plaintiff's medical treatments, a list of medical expenses and a report of Plaintiff's treating expert (Exhibit D). Clearly, Plaintiff's affidavit alleging injuries and the records of his injury present substantial evidence supporting the proof of claim.

9. With respect to Claimant's injury being his own negligence, no proof is presented by Debtor and only unverified allegations of defense are made an answer to Creditor David Slaughter's Complaint. Under Federal Rules and practice, that would mean that the case is joined for proof of fact and discovery if this was a adversary proceeding. If this case had proceeded under the ADR program or the other procedures the Court ordered to take place in the denial of David Slaughter's original Motion to Lift the Stay, proof would be provided beyond said Affidavits as is here provided concerning his injuries.

10. Debtor, by and through counsel on numerous occasions subsequent to the denial of the lifting of the stay, wrote to the Defendants requesting why now that the Order of ADR had been entered, there was no ADR program proposed or requested by the Debtor by Mr. Slaughter's counsel in Louisiana or in Delaware. No such request has been made.

11. The Debtor is trying to avoid an ADR procedure and/or a procedure with respect to mediation in this personal injury claim by making blanket claims which Mr. Slaughter and his counsel cannot affirm or deny because of the lack of ability to do any discovery against the Debtor due to the stay which this Court denied to lift in November of 2004.

12. Creditor David Slaughter has attached hereto a statement with respect to the damages of Mr. Slaughter executed by Mr. Slaughter under oath so the Court can understand the extent of damages sustained by this Claimant in making his claim. As the Court understands in a personal injury case in any state court, pain and suffering is a dominant portion of the damages which always well exceeds special damages. It is for this reason that the claim was put in for an amount consistent with judgments in the state courts of Louisiana for the injuries such as those sustained by Mr. Slaughter, the Claimant therein.

13. Creditor David Slaughter is relinquishing any claim that the debt is not dischargeable.

**WHEREFORE**, based upon the above Creditor David Slaughter urges that this Court deny the objection on the following grounds:

1. The objection is over a year late, pursuant to the Order entered in November of 2004 which denied Creditor David Slaughter's Motion to Lift the Stay;

2. The Debtor has flaunted the Court's request, as indicated in the transcript, that Mr. Slaughter be placed at the top of the ADR program list and that this should proceed forthwith after the Court entered an Order with respect to ADR program which has now been entered over a year;

3. Based upon the documents attached hereto, Mr. Slaughter submits that the evidence with respect to

his injury is sufficient to be a basis for this proof of claim and this proof of claim should not be expunged. On all of the above, Claimant requests that the Court deny the Debtor's objection with respect to removing his claim from the bankruptcy.

4. Debtor filed this objection July 17, 2006 (Docket No. 12819) to be responded to by August 4th. Mr. Slaughter urges that if a full litigation on his injuries and fault are to occur, he be given more time to extensively file such materials.

                              **JACOBS & CRUMPLAR, P.A.**

By:    */s/ Robert Jacobs, Esquire*
         Robert Jacobs, Esquire (Bar ID# 0244)
         2 East 7th Street, P.O. Box 1271
         Wilmington, DE 19899
         (302) 656-5445
         *Attorney for David Slaughter*

Dated: August 3, 2006
F:\WP70\Bankruptcies\Bankruptcies\SLAUGHTER, David v. W.R. Grace & Co\Pleadings\072506_Response to Omnibus Objection, Notice.rj.doc