IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | } | Chapter 11 |
| | } | |
| W.R. GRACE & CO., et al | } | Case No. 01-1139 (JKF) |
| | } | (Jointly Administered) |
| Debtors. | } | |

Objection Deadline: August 4, 2006 at 4:00pm
Hearing Date: August 21, 2006 at 2:00pm

## CLAIMANT'S OBJECTIONS AND RESPONSES TO THE
## W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Claimant, see attached list, by and through his/her counsel, Edward O. Moody, P.A. submits the following objections and responses to the "W.R. Grace Asbestos Personal Injury Questionnaire" ("Questionnaire"). In order to maintain the integrity of the formatting on Debtor's Questionnaire, Claimant has set out all of his/her general and specific objections in the following separate sections of this response and hereby incorporates each of these objections into Claimant's Questionnaire responses by reference herein.

## CLAIMANT'S GENERAL OBJECTIONS TO THE W.R. GRACE ASBESTOS
## PERSONAL INJURY QUESTIONNAIRE

Claimant hereby files these objections in response to the Questionnaire propounded by W.R. Grace.

1.  Claimant objects to the Questionnaire and its Instructions to the extent that they impose discovery obligations beyond those of the Federal Rules of Bankruptcy Procedure and/or the rules of civil procedure in the state where Claimant filed an asbestos personal injury lawsuit. Claimant will respond to the discovery Questionnaire in accordance with those rules. Claimant objects to the Instructions as they make document requests that are overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Claimant contends that the burden and expense of responding to Debtor's Questionnaire in the format requested by Debtor outweighs its likely benefit.

2.  Claimant objects to the Questionnaire and its Instructions to the extent that they seek information or identification of documents that are attorney work product, subject to the attorney-client or consulting expert privileges, or are otherwise not discoverable under the Federal Rules of Bankruptcy Procedure or the rules of civil procedure in the state where Claimant filed an asbestos personal injury lawsuit. Claimant further objects to the Questionnaire and its Instructions to the extent it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as witness at trial. Inadvertent disclosure of any such information or documents shall not constitute waiver of any privilege.

3.  By providing responses to the Questionnaire, the claimant does not concede that the information provided is discoverable, relevant, or admissible. All responses are provided subject to the

objections set forth herein. Each claimant reserves the right to challenge further discovery into subject matter of the Questionnaire.

4.   Claimant objects to any request in the Questionnaire that seeks any information that is not in the Claimant's control, custody, or possession; is already in the control, custody, or possession of the Debtor; or is obtainable with equal or greater facility by the Debtor. The answers to the majority of the questions in the Debtor's Questionnaire may be derived or ascertained form interrogatory responses and was a party prior to filing for bankruptcy ("Claimant's Asbestos Lawsuit"). Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document from which the answer may be derived as permitted by Rule 33(d) of the Federal Rules of Civil Procedure as incorporated by Rule 7033 of the Federal Rules of Bankruptcy Procedure.

5.   In response to this Questionnaire, Claimant objects to the extent that the questions are vague, ambiguous and premature. Moreover, Claimant objects to this Questionnaire to the extent that the scope and content of the information sought is unreasonably cumulative and duplicative.

6.   Claimant objects to this Questionnaire to the extent it requires Claimant to compile documents or information from sources not presently available to Claimants, including documents created or compiled by third parties. Claimant objects to Questionnaire to the extent it purports to require Claimant to gather and summarize information contained in voluminous papers that are already matters of public record.

7.   Claimant objects to this Questionnaire to the extent that the questions and their discreet sub-parts exceed twenty-five (25) in number.

8.   By submitting this response to the Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court. Claimant reserves (i) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C. § 157 (b)(5).

## CLAIMANT'S SPECIFIC OBJECTIONS TO THE W.R.GRACE
## ASBESTOS PERSONAL INJRUY QUESTIONNAIRE

### INSTRUCTIONS

1.  Claimant objects to Instructions A.1 to the extents that it purports to include claims under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursements or indemnity on the ground that it is overly broad and requests information that is not relevant to the subject matter of the estimation proceeding.

2.  Claimant objects to Instruction C in its entirety and Instruction J regarding medical supporting documentation on the ground that it is vague, ambiguous and exceeds the scope of discovery in that it seeks information and documents from experts that is not discoverable and is subject to the work requiring claimant to "complete a separate Part II for each initial diagnosis and any previous or subsequent diagnosis or diagnostic tests that change or conflict with the initial diagnosis", on the ground that the burden outweighs its likely benefit. Claimant further objects to the instruction to attach **all** x-ray and readings and reports and **all** pulmonary function tests ("PFT") results on the ground that it is overly broad and ambiguous. Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness in trial. Without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of Fed. R. Civ. P. 26(b)(4)(B):

    (a).  Claimant objects to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

    (b).  Claimant objects to Section C of the Instructions to the extents that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

    I.  Claimant objects to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

    (d).  Claimant objects to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the raw data and all spirometric tracings, on which the results were based."

    (e).  Claimant objects to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

    (f).  Claimant objects to Part II of the Discovery Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses." Claimant urges the objection with regard to all "conditions" for which disclosure is requested.

Subject to the forgoing, Claimant will attach any x-rays, B-reads, pulmonary function tests or pathology reports considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit.

3.    Claimant objects to Instruction D to the extent that it requests Claimant to "attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease" on the ground that is ambiguous and exceeds the scope of discovery in that it requests documents that are subject to the work product privilege.  Further, Claimant has been barred by the Bankruptcy Code Section 362 stay from pursuing discovery against Debtor.

## PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

Subsection (a)(7) – Daytime Telephone Number of client

Claimant objects to this inquiry on the ground that it is neither relevant nor likely to lead to the discovery of admissible evidence.  Claimant is represented by counsel, as reflected herein, and may only be contacted through counsel.

## PART II: ASBESTOS-RELATED CONDITION(S)

1.    **General Objections.**  Claimant objects to Part II of the Questionnaire in its entirety on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceeding, information that is privileged, and information from experts that is non-discoverable and is subject to the consulting expert and work product privileges.  Additionally, the information sought may be derived from the Claimant's discoverable medical records, which are attached to the Questionnaire.  Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from the Claimant's discoverable medical reports attached to Questionnaire.  Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communication between Claimant, and/or a representative of Claimant, and any attorney for the Claimant, and/or a representative for any attorney for Claimant.  In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant.

2.    **Subsection 1 (a)-(f)-Condition Being Alleged.**  Claimant objects to this question and each of its subparts (a-f) on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceedings, and information from experts that is non-discoverable and is subject to the consulting expert and work product privileges.  Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from the claimant's discoverable medical reports attached to the Questionnaire.    Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3. **Subsection 2 – Information Regarding Diagnosis.**

   a. Claimant objects to Part II, Subsection 2 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information from experts that is non-discoverable, and seeks information that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information already contained in documents provided with Claimant's Questionnaire answers, and is, therefore, obtainable with equal or greater facility by the Debtors. Claimant's diagnosis of an asbestos-related condition may be based on one or more diagnostic test(s), pathology report(s) or physical examination(s). Therefore, asking Claimant to state a "date of diagnosis" is vague and ambiguous. Subject to and without waiving the forgoing, in response to Part II, Subsection 2, Claimant has provided the date of the medical report prepared by the medical doctor designated by Claimant in Claimant's Asbestos Lawsuit to provide expert medical opinions regarding Claimant's asbestos-related disease as needed to establish the elements of Claimant's claim under state law and has answered the questions regarding such doctor, if such information was readily available. Claimant has attaché to this Questionnaire a copy of such expert's report along with any available x-ray readings, pulmonary function test reports ("PFT") and/or pathology reports considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. In addition to specifying and attaching a copy of the records from which the answer to Part II, subsection 2 may be derived or ascertained and without waiving Claimant's right to do so pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Claimant has set out in the Questionnaire response the information that is contained in the medical reports and that was readily available to Claimant's attorney in electronic format.

   b. Claimant further objects to the following questions in Part II, Subsection 2 regarding Claimant's relationship to the diagnosing doctor on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, leading, harassing and seek information that is not relative to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician?    Yes ☐    No ☐

**Further, Claimants specifically objects to this question on the ground that it is vague and ambiguous.**

Was the diagnosing doctor paid for the diagnostic services that he/she performed?    ☐ Yes    ☐ No

*If yes, please indicated who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? ☐ Yes    ☐ No

**Further, Claimants specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work products privileges is misleading and biased and cannot be fairly or completely answered with "yes" or "no".**

Was the diagnosing doctor referred to you by counsel?    ☐ Yes    ☐ No

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privilege.**

Are you aware of any relationship between the diagnosing doctor and your legal counsel? ☐ Yes ☐ No

**Further, Claimant objects to this question on the grounds that it is violative of the attorney-client communication and/or attorney work product privileges.**

*If yes, please explain:*

---

Subject to and without waiving the forgoing, please see Claimant's Questionnaire responses and documents attached hereto.

4.    **Subsection 3 – Information Regarding Chest X-Ray (Location of X-Ray)**

Claimant objects to Part II, Subsection 3 on the ground that it is harassing, and exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information from experts that is non-discoverable, and seeks information that is subject to the consulting expert and work product privileges. Claimant further objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to required Claimant to complete a separate Part II for each chest x-ray.

Subject to and without waiving the foregoing, please refer to Claimant's deposition, if available, and any medical records attached hereto.

5.    **Subsection 4 – Information Regarding Chest X-Ray Reading (Results of X-Ray)**

a.  Claimant objects to Part II, Subsection 4 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, information from experts is non-discoverable, and information that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Additionally, Claimant objects to this question on the ground that it is duplicative of other questions herein, and thus is unduly burdensome. Claimant objects to this question on the ground that it is vague and ambiguous in that Claimant may have multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray. Subject to and without waiving the foregoing, in response to Part II, subsection 4, Claimant has provided information regarding Claimant's certified B-reader report considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. Claimant has set out in the Questionnaire response the information relating to Claimant's certified B-reader report that was readily available to Claimant's attorney in electronic form.

b.  Claimant objects to Part II, subsection 4 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the diagnosing doctor," if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 4 regarding Claimant's relationship to the reader on the ground that these questions are leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objects for the questions noted below.

With respect to your relationship to the reader, check all applicable boxes:
Was the reader paid for the diagnostic services that he/she performed?  ☐ Yes  ☐ No
*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the reader?  ☐ Yes  ☐ No
**Further, Claimant specifically objects to this question on the ground that it is volative of the attorney-client communications and/or attorney work privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no."**
Was the reader referred to you by counsel? ☐ Yes  ☐ No
**Further, Claimant objects to this question on the ground that it is volative of the attorney-client communications and/or attorney work privileges.**
Are you aware of any relationship between the reader and your legal counsel?  ☐ Yes  ☐ No
**Further, Claimant objects to this question on the ground that it is volative of the attorney-client communications and/or attorney work privileges.**
*If yes, please explain:*

Subject to and without waiving the forgoing, please see Claimant's Questionnaire responses and documents attached here to.

6.    **Subsection 5 – Information Regarding Pulmonary Function Tests**
   a.   Claimant objects to Part II, Subsection 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges.  Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing.  Additionally, Claimant objects to this question to the extent it purports to required Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor.  Subject to and without waiving the foregoing, in response to Part II, Subsection 5, Claimant has provided information regarding Claimant's pulmonary function tests ("PFT") considered by Claimant's medical expert in forming his/her opinion in connection with the Claimant's Asbestos Lawsuit.  Claimant has set out in the Questionnaire response the information relating to Claimatn's PFT report that was readily available to Claimant's counsel in electronic form.
   b.   Claimant objects to Part II, subsection 5 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privilege to the extent that it asks: "if Claimant retained counsel in order to receive any of the services perfomed by the diagnosing doctor," if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel".  Claimant further objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor or clinician who performed the pulmonary function test on the ground that these questions are leading, harassing, and seek information that is not relevant to the proceedings.  Claimant has additional, specific objections for the questions noted below.

With respect to your relationship to the doctor or clinician who performed the pulmonary function test, check all the applicable boxes:
If the test was performed by a doctor, was the doctor your personal physician?  ☐ Yes  ☐ No
**Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**
Was the testing doctor and/or clinician paid for the diagnostic services that he/she performed?  ☐ Yes  ☐ No
   *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?  ☐ Yes  ☐ No

Further, Claimant specifically objects to this question on ground that it is volative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no."
Was the testing doctor or clinician referred to you by counsel?  ☐ Yes  ☐ No
Further, Claimant objects to this question on the ground that it is volative of the attorney-client communication and/or attorney work product privileges.
Are you aware of any relationship between either the doctor or clinician and your legal counsel?  ☐ Yes  ☐ No
Further, Claimant objects to this question on the ground that it is volative of the attorney-client communication and/or attorney work product privileges.
*If yes, please explain:*

c.  Claimant objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor interpreting the results of the pulmonary function test on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

With respect to your relationship to the doctor interpreting the results of the pulmonary function test, check all applicable boxes:
Was the doctor your personal physician?  ☐ Yes  ☐ No
Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.
Was the doctor paid for the services that he/she performed?  ☐ Yes  ☐ No
*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?  ☐ Yes  ☐ No
Further, Claimant specifically objects to this question on the ground that it is volative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no."
Was the doctor referred to you by counsel?  ☐ Yes  ☐ No
Further, Claimant objects to this question on the ground that it is volative of the attorney-client communication and/or attorney work product privileges.
Are you aware of any relationship between either the doctor or clinician and your legal counsel?  ☐ Yes  ☐ No
Further, Claimant objects to this question on the ground that it is volative of the attorney-client communication and/or attorney work product privileges.
*If yes, please explain:*

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

7.  **Subsection 6 – Information Regarding Pathology Reports**

a.  Claimant objects to Part II, Subsection 6 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to required Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

b.  Claimant objects to Part II, Subsection 6 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services preformed by the diagnosing doctor," if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal

counsel". Claimant further objects to the following questions in Part II, Subsection 6 regarding Claimant's relationship to the doctor issuing the pathology report on the ground that these questions are leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:
Was the doctor your personal physician?  ☐ Yes  ☐ No
**Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the doctor paid for these services that he/she performed?  ☐ Yes  ☐ No
*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?  ☐ Yes  ☐ No
**Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no."**
Was the doctor referred to you by counsel?  ☐ Yes  ☐ No
**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**
Are you aware of any relationship between either the doctor or clinician and your legal counsel?  ☐ Yes  ☐ No
*If yes, please explain:*

---

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

8.  **Subsection 7 – Medical Treatment From Doctor for Condition Alleged**

Claimant objects to this question on the grounds that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to this question is harassing. Additionally, Claimant objects to Part II, Subsection 7 of the Discovery Questionnaire to the extent that it asks if Claimant "retained counsel in order to receive any of the services performed by the diagnosing doctor."

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects to Part III in its entirety on the ground that it is onerous, unduly burdensome and harassing in that it would require a great amount of time, labor and expense to create a chart of exposure to the Debtor's products in the format requested by Debtor. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Plaintiff's Exposure History Sheet ("PEH"), and Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit (referred to in Questionnaire response as "interrogatory responses").

## PART IV: INDIRECT EXPOSURE TO GRAE ASBESTOS-CONTAINING PRODUCTS

1.     Claimant objects to Part IV, question 1 to the extent that it is vague and ambiguous with regard to the use of the terms "contact/proximity" and "injured person". Claimant further objects to this question on the ground that it implicitly asserts unproven conclusions as established facts. Specifically, Claimant may have been injured by exposure to Grace products as a result of contact or proximity to another person, but no necessarily an "injured" person. To the best of Claimant's ability, Claimant understands the question to ask whether Claimant's injury is caused solely by contact/proximity with another person. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

2.     Claimant objects to Part IV, question 2 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there my not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.     Claimant objects to Part IV, question 3 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there my not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4.     Claimant objects to Part IV, question 4 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there my not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.     Claimant objects to Part IV, question 5 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there my not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Claimant also objects to this question on the ground that Claimant may not know the specific day, month, and year of another person's exposure and therefore cannot answer the question. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.    Claimant objects to Part IV, question 6 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there my not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

7.    Claimant objects to Part IV, question 7 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there my not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

8.    Claimant objects to Part IV, question 8 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

9.    Claimant objects to Part IV, question 9 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

10.   Claimant objects to Part IV, question 10 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Additionally, Claimant objects to this question on the ground that Claimant may not recall exact day, month, and year his or her exposure began or ended, and, in that regard, this question is unduly burdensome. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAING PRODUCTS

Claimant objects to Part V as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Claimant objects to this interrogatory on the ground that it is unduly burdensome, onerous and harassing in that it would require great amount of time, labor and expense to create a chart of exposure in the format requested by the Debtor an then to create a separate chart for each party against which Claimant has filed an asbestos lawsuit or claim. Claimant further objects to Part V to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to

Claimant's Questionnaire, including, where available, Plaintiff's Exposure History Sheet ("PEH"), and Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit ("interrogatory responses"). In addition, Claimant has attached to the Questionnaire a List of Parties Against which a Lawsuit or Claim was Filed (List of Parties").

## PART VI: EMPLOYMENT HISTORY

Claimant objects to part VI on the ground that it is unduly burdensome and harassing and it would require a great amount of time, labor, and expense to complete this section of the Questionnaire in the format requested by the Debtors. Claimant further objects to this question because it requires Claimant to compile or summarize information from Claimant's Social Security records that is obtainable with equal or greater facility by the Debtor. Claimant further objects to providing information, including but not limited to, the occupation and industry codes for employers or jobsites where Claimant has not alleged any asbestos exposure as it exceeds the scope of permissible discovery in that it is not relevant to the subject matter of the estimation proceeding, and is harassing to Claimant.

Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Itemized Statement of Earnings prepared by the Social Security Administration, Plaintiff's Exposure History Sheet ("PEH"), and Claimant's deposition, if available.

## PART VII: LITIGATION AND CLAIMS REGARDING ASESTOS AND/OR SILICA

### Subsection a. – Litigation

1.    Claimant objects to part VII, Subsection a, question 1 as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits; and further, it is not limited to the lawsuit in which the Debtor was sued. Claimant responds to this entire Subsection a (questions 1 through 7) as if the question were so limited. Claimant further objects to this subpart to the extent that it requires Claimant to summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Responding to Part VII, Subsection a in the format in Debtor's Questionnaire is harassing and unduly burdensome. Subject to and without waiving the forgoing, please see Claimant's Questionnaire responses and the documents attached hereto. Claimant's counsel does not represent Claimant in a lawsuit regarding silica.

2.    Claimant objects to Part VII, Subsection a, question 2, to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.    Claimant objects to Part VII, Subsection a, question 3 on the ground that it is harassing in that Grace knows equally well as Claimant whether or not it was

named as a defendant in Claimant's lawsuit, if any. Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Further, Claimant objects to this subpart on the ground that it exceeds the permissible scope of discovery in that it seeks information that is not relevant to the estimation proceeding. Subject to and without the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4.    Claimant objects to Part VII, Subsection a, question 4 on the ground that it seeks information that is neither relevant nor necessary to the estimation proceeding. Whether a particular defendant has been dismissed has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that it is unduly burdensome to provide the basis for dismissal for each of the dismissed defendants, if any. Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the forgoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.    Claimant objects to Part VII, Subsection a, question 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant or necessary to the estimation proceeding. The existence and amount of any verdict or judgment against any defendant other than Debtor has no bearing on Debtor's several share of the liability. Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the forgoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.    Claimant objects to Part VII, subsection a, question 6 and each of its subparts regarding settlements reached in the lawsuit as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceedings and requests privileged or confidential information. Specifically, the terms of the settlement agreements, if any, including the settlement amounts, if any are irrelevant to an aggregate estimate of Debtor's liability. Claimant further objects to this subpart as it is overly broad to the extent that it seeks information beyond *asbestos-related personal injury* lawsuits. Settlements with other defendants are irrelevant to Debtor's several share of the liability, and Debtor would get a set-off or credit for such settlements only for the cases that were tried all the way to judgment, which clearly will not happen in the context of the present proceeding. Further, for the majority of defendants, any settlement agreements are subject to a confidentiality agreement.

Claimant specifically objects to providing the "disease or condition alleged" and the "the disease or condition settled" (Part VII,a,6(c) and (d)) on the ground that it is ambiguous and harassing. Claimant filed a lawsuit alleging Claimant suffered injuries proximately caused by Claimant's exposure to asbestos-containing products designed, manufactured and sold be the Defendants name in the lawsuit, and any settlements were related to those allegations. Subject to and without waiving the forgoing, please see Claimant's Questionnaire responses and the List of Parties attached hereto. Claimant has provided information regarding the status

of his/her claim against the Defendants names in Claimant's Asbestos Lawsuit in the attached List of Parties.

7.    Claimant objects to Part VII, Subsection a, question 7 on the ground that it is overly broad and unduly burdensome.  Further, Claimant's deposition testimony is duplicative of information already provided herein.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached here to.

## Subsection b – Claims

1.    Claimant objects to Part VII, Subsection b, question 1 as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding and requests privileged or confidential information.  Claimant further objects that responding to Part VII, Subsection b in the format in Debtor's Questionnaire is harassing and unduly burdensome.  Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims.  Claimant responds to this entire subsection b (questions 1 through 7) as if the questions were so limited.  Subject to and without waiving the foregoing, Claimant has provided information regarding the status of his asbestos claim against any asbestos trust in the attached List of Parties.

2.    Claimant objects to Part VII, Subsection b, questions 2 and 3 on the ground that it seeks information that is neither relevant nor necessary to the estimation proceeding.  The date and entity against whom a claim was submitted has no bearing on Debtor's several share liability.  Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims.  Subject to and without waiving the foregoing, please see the attached List of Parties.

3.    Claimant objects to Part VII, Subsection b, questions 5 and 6 regarding settlements with an asbestos trust as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding and requests privileged or confidential information.  The settlement amounts are not relevant to an <u>aggregate</u> estimate of Debtor's liability or to Debtor's several share of the liability.  Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims.  Subject to and without waiving the foregoing, Claimant has noted the settled claims on the attached List of Parties.

## PART VIII: CLAIMS BY DEPENDANTS OR RELATED PERSONS

Claimant objects to Part VIII on the ground that information regarding dependants or related persons who sued the Debtors before April 2, 2001 is equally available to Debtors.  Subject to and without waiving the foregoing, Claimant has provided information regarding Claimant's spouse where available.  Please see attached interrogatory responses and Debtor's own records for the information regarding dependants.

**QUESTIONNIRE RESPONSES**

Claimant hereby incorporates by reference all of the foregoing general and specific objections into Claimant's Questionnaire responses and has provided the following responses subject to those objections. Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, claimant has specified in Claimant's Questionnaire response the document(s) from which the answer may be derived, including but not limited to Claimant's medical records, Plaintiff's Exposure History Sheet (referred to in Questionnaire response as "PEH"), Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit (referred to in Questionnaire response as "interrogatory responses"), Claimant's Itemized Statement of Earnings prepared by the Social Security Administration (referred to in Questionnaire responses as "Statement of Earnings") and Claimant's deposition. In addition, Claimant has compiled information responsive to the Questionnaire in the attached List of Parties Against which a Lawsuit or Claim Was Filed (referred to in the Questionnaire responses as "List of Parties").

STATE OF ARKANSAS    )
                          ) ss.
COUNTY OF PULASKI    )


## AFFIDAVIT


Comes now Jennifer Peachey, Bankruptcy Department Manager for Edward O. Moody, P.A., after being duly sworn states on oath:

1.    The law office of Edward O. Moody, P.A. has represented over the years numerous of claimants with claims against W.R. Grace.

2.    All the clients represented by Edward O. Moody, P.A. are sick with some form of malignant or non-malignant disease that can be directly linked to the claimant's work history and exposure to asbestos containing products.

3.    The vast majority of these clients are elderly and of limited educational background. They are also very limited in their understanding of medical issues.

4.    Their clients are therefore unable to adequately answer the W.R. Grace Personal Injury Questionnaire with competence. They do not have the knowledge, experience, or information to summarize and compile the information requested in the Defendant's Questionnaire. This requires the information to be compiled almost entirely by the law firm through personal visits, telephone calls, file review, co-worker information, and employer records..

5.    Estate representatives and spouses who are overseeing the deceased claimant's matters usually do not have adequate knowledge of the working conditions of the claimant. They do not have the knowledge, experience, or information to summarize and compile the information requested in the Defendant's Questionnaire.

6.    The law office of Edward O. Moody, P.A. objects to the majority of questions in this questionnaire because the questions violate attorney-client privileges, seek

information that is not discoverable under the Federal Rules of Civil or Bankruptcy Procedure or the applicable rules of state Civil Procedure.    In addition the questionnaire is not a "pleading" as defined in state or federal Rules of Civil Procedure.

7.    The law office of Edward O. Moody, P.A. objects to the scope and content of the W.R. Grace Personal Injury Questionnaire as it is oppressive, cumulative, duplicative, burdensome, and not likely to lead to discoverable evidence.

8.    Experience has shown that it takes one staff person approximately eight (8) to ten (10) hours to complete each claim form including the research, copying, and completion of the claim form and exhibits.  Most claim forms from other bankrupt companies take only an hour including the research, copying, and completion of the claim form.

9.    The law office of Edward O. Moody, P.A. objects to spending the required amount of time, labor, and money needed in order to properly respond to the W.R. Grace Personal Injury Questionnaire without the knowledge of the potential value of the claim.

10.    The law office of Edward O. Moody, P.A. further objects to the W.R. Grace Personal Injury Questionnaire to the extent that it seeks disclosure of any privileged communication between the Claimant, and/or a representative of the claimant, and any attorney for the Claimant, and/or a representative for any attorney for the Claimant.

11.    The law office of Edward O. Moody, P.A. objects to the request for information and documents that is readily available to the Defendant, was previously given to the Defendant, or obtainable with equal or greater facility by the Defendant.

12.    The law firm of Edward O. Moody, P.A. objects to the Defendant's Interrogatories as they are not limited to the Claimant's asbestos-related personal injury lawsuit.

13.    The law firm of Edward O. Moody, P.A. objects to all questions concerning

settlements with other defendants named in the law suit.  Settlements with other Defendants are irrelevant to the Debtor's share of the liability.  Furthermore, settlements with other Defendants are generally subject to a confidentiality agreement.

Jennifer Peachey
Bankruptcy Department Manager

## ACKNOWLEDGEMENT

STATE OF ARKANSAS          )
                                             ) ss.
COUNTY OF PULASKI      )

Subscribed and sworn to me, _April Corley_____, this _7th___ day of _July____, _2006_.

April Corley
Notary Public

My Commission Expires:
_July 7, 2014_
S E A L

OFFICIAL SEAL
APRIL CORLEY
NOTARY PUBLIC - ARKANSAS
SALINE COUNTY
My Commission Expires JULY 7, 2014

Claimants Included in the WR Grace Questionnaire

| CLIENT | Last 4 of SSN |
|---|---|
| ADAMS, DAVID R. | 2634 |
| ANDERSON, THOMAS JOE | 2012 |
| BLACKWELL, DONALD | 8437 |
| BOEN, DELBERT (ESTATE) | 3663 |
| BREWER, CHARLES (ESTATE) | 3073 |
| BUNN, DARLTY | 1266 |
| BURTON, J.D. | 2229 |
| CALDARERA, LOUIS (EST) | 5028 |
| CHAPMAN, PAUL (ESTATE) | 3587 |
| COCHRAN, MARY ANN | 3289 |
| CURTON, L.C. (ESTATE) | 4127 |
| DANIEL, RUFUS  (ESTATE) | 6621 |
| DAUGHTRY, JAMES B. (ESTATE) | 3248 |
| DEATON, JAMES | 8103 |
| DERDEN, GARLAND A. (ESTATE) | 0257 |
| DOVER, LEFFEL (EST) | 3940 |
| DUGGER, WILLIAM | 4177 |
| DUNLAP, WILLIE LEE | 3265 |
| DUNN, EDWARD E. | 6254 |
| EDWARDS, THOMAS | 3085 |
| ELLIOTT, JOHN D. | 2378 |
| FINCH, GEORGE (ESTATE) | 7861 |
| GERETY, JOHN T. (ESTATE) | 1864 |
| GOINES, JAMES | 3113 |
| GREENLEE, DENNIS | 1787 |
| HASTINGS, BILLY | 3899 |
| HOLLEY, WILLIAM D. | 6940 |
| HOLLOWAY, WILLIAM (ESTATE) | 3834 |
| HOPKINS, JOSEPH (ESTATE) | 3504 |
| HUGHES, HARRISON | 3880 |
| JAMES, JOHN HERBERT (ESTATE) | 2575 |
| JAMES, ROBERT (ESTATE) | 2525 |
| JEFFRIES, HERBERT DELBERT | 9820 |
| JENKINS, WILLIAM (ESTATE) | 4471 |
| JERRY, OLLIE B. | 2270 |
| LEONARD, JOHN | 2698 |
| LONGING, TRUETT | 9410 |
| MARSHALL, GLEN DALE | 0814 |
| MASHBURN, CURTIS (EST) | 9695 |
| MATHIS, MELVIN | 4615 |
| MAYNARD, TROY | 7583 |
| MCCALL, JIMMIE C. (ESTATE) | 3318 |
| MCFADDEN, CECIL | 7371 |
| MCGHEE, O.L. (ESTATE) | 6999 |
| MIZE, WILLIAM P. (ESTATE) | 2819 |
| NEWTON, HAROLD (ESTATE) | 0155 |
| NOBLES, WALTER | 9826 |
| NOLEN, LUCY (ESTATE) | 7765 |
| PRICE, BEN E. (EST) | 6236 |
| RAGSDALE, SAMUEL T. | 7661 |
| ROGERS, GOLDEN | 7577 |

Claimants Included in the WR Grace Questionnaire

| CLIENT | Last 4 of SSN |
|---|---|
| SAMPLEY, GLEN RAYMOND (ESTATE) | 3514 |
| SEALY, RAYVON | 7918 |
| SHARP, BILLY J. | 8419 |
| SHUFFIELD, T. CLINT (EST) | 4115 |
| SIMPSON, AARON V. (ESTATE) | 0416 |
| STEWARD, TILMON (EST) | 4188 |
| STONE, JESSE | 7919 |
| STRINGFELLOW, DALE | 0431 |
| TERRY, ISAAC | 9635 |
| TRAVIS, AUBREY | 5751 |
| VINYARD, JIMMIE (ESTATE) | 9315 |
| WARREN, DARNELL (ESTATE) | 8924 |
| WHITLEY, WILLIE LEE (ESTATE) | 2550 |
| WILBANKS, VIRGIL (ESTATE) | 8118 |
| WRIGHT, WINFREY | 7220 |