UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>W.R. GRACE & CO., et al.,<br>           Debtors. | **Chapter 11**<br>**Case No. 01-01139(JFK)**<br>**(Jointly Administered)**<br>**Objection Deadline:  August 4, 2006 @ 4:00**<br>**Hearing Date:  September 11, 2006**<br>**Ref. Docket No. 12823** |

**OBJECTION OF ASBESTOS CLAIMANTS REPRESENTED BY THE LAW OFFICE OF CHRISTOPHER E. GRELL TO DEBTORS' MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Asbestos Claimants Ellen Ashdown (Decedent Gary Smith), Franklin Castleman, Edwin Conway, Shawn Doughty, Henry Enos, Candice Fleming, Eleanor Franer, Nancy Kearney, Agnes Klassen, Yvonne Mager, Curtis Neal, II, Gordon Nurse, Sandra Odegaard, Frances Rongstad, Rhee Michelle Smith, Graydon Simpson, Ernest P. Snyder, Mary Ann Market, Joyce Lopez, and Tracie Webber submit this Objection to Motion to Compel Asbestos Personnel Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire, and Joinder in the Objection of the Asbestos Personal Injury Claimants Committee.

## I.  INTRODUCTION

The Claimants object to W.R. Grace's (hereinafter referred to as "Grace") Motion insofar as if seeks an order compelling Claimants to respond to all questions on the Questionnaire in narrative form rather than by reference to attached documents.  As will be demonstrated, Grace's Motion inaccurately characterizes the documents attached to Claimants' Questionnaires as an "undifferentiated mass of documents," amounting to a "document dump."

1

Further, Grace has not provided Claimants' counsel with a "site list" of locations where Grace's asbestos containing products were located, which would facilitate Claimants providing information as to where exposure to the Grace products occurred.

Additionally, the Grace Questionnaire is not a claim form, and the Claimants have no assurance they will receive any payment upon providing the information called for by the Questionnaire.

A number of other bankrupt asbestos defendants, the most notable being Johns Manville, have instituted claims procedures using Proof of Claim forms, which allow the attachment of supporting documents.

## II. CLAIMANTS SHOULD BE PERMITTED TO RESPOND TO QUESTIONNAIRE BY REFERENCE TO ATTACHED DOCUMENTS

Claimants object to Grace's Motion insofar as it seeks to compel Claimants to respond to all questions in the Questionnaire in narrative form rather than by reference to attached documents.

Grace's Motion inaccurately characterizes the documents attached to Claimants' Questionnaires as an "undifferentiated mass of documents," amounting to a "document dump."

As set forth in the accompanying Declaration of Claimants' Counsel (hereinafter "Declaration"), the Law Offices of Christopher E. Grell has prepared and submitted Questionnaires on behalf of twenty Claimants. (Declaration, Paragraphs 2 and 3)

Attached to the Declaration as Exhibit A is a copy of a representative Questionnaire prepared by the Grell office. (Declaration, Paragraph 4)

In response to various questions in the Questionnaire, Part II: Asbestos-Related Condition(s), regarding Claimant's Decedent's medical condition, the responses refer to Exhibit A to the Questionnaire, which consists of the report of pathologist Samuel Hammar, M.D., the

2

Autopsy Report and the Certificate of Death, which confirm that Claimant's Decedent died of mesothelioma caused by asbestos exposure. The response to Part II, Question 7 refers to Exhibit B to the Questionnaire, Response to Interrogatory No. 9, which lists Decedent's treating doctors. (Declaration, Paragraph 5)

In response to questions in Part III: Direct Exposure to Grace Asbestos-Containing Products, the responses to questions regarding the locations of Decedent's exposure to Grace asbestos-containing products refer to Exhibit B to the Questionnaire, Response to Interrogatory No. 25, which lists Decedent's various employment sites, and Exhibit B-1, which lists Grace asbestos-containing products. (Declaration, Paragraph 6)

In response to the Questionnaire, Part VII: Litigation and Claims Regarding Asbestos and/or Silica, the response to Question 6 refers to Exhibit One to the Questionnaire, which provides information as to settlements made with other parties in a lawsuit brought by Claimant (Declaration, Paragraph 7)

It is also noted that the Questionnaire, Part IX, provides for attachment of documents to the Questionnaire, including medical records/reports with diagnoses, pathology reports, supporting documentation of exposure to Grace products, and death certificates, the very documents attached to Claimant's Questionnaire. (Declaration, Paragraph 8)

Further, the spaces provided on the Questionnaire do not provide enough space to permit a narrative response with the information contained in the attached documents. (Declaration, Paragraph 9)

Claimants respectfully submit that the documents attached to and referenced in the responses to the Questionnaire, which specifically respond to the questions posed, constitute a

proper response to the questions. Claimants further submit that such responses do not unduly or unnecessarily burden Grace and its counsel.

Further, Claimants submit that to require Claimants' counsel to write out, in narrative form, the information contained in the attached documents would constitute a pointless exercise, as all that Grace's counsel need to do is read the attached documents.

It is also noted that Grace has not provided Claimants' counsel with a "site list" indicating those locations at which Grace asbestos-containing products have been present and the dates thereof, which would greatly facilitate Claimants' providing information as to those locations at which the injured party was exposed to Grace's products. (Declaration, Paragraph 10)

Further, the Grace Questionnaire is not a claim form, and the Claimants have no assurance they will receive any payment, even if they do comply with the burdensome procedure requested by Grace.

Finally, the requirements Grace seeks to impose on the Claimants is in direct contrast to the procedures used by other asbestos defendants which have filed bankruptcy. With regard to a number of such bankrupt parties, Proof of Claim procedures have been instituted, in which Proof of Claim forms allow for Claimants to rely on attached documents in order to provide information with regard to medical issues, exposure to the bankrupt party's products, and the like. (Declaration, Paragraph 11)

For the foregoing reasons, Claimants respectfully request that Grace's Motion insofar as it seeks an order that Claimants respond to all questions in the Questionnaire in narrative form, without reference to attached documents, be denied.

### III.  IN THE EVENT THE MOTION IS GRANTED, 60-DAY CURE PERIOD IS UNREASONABLE

Claimants respectfully submit that in the event the Motion is granted, the 60-day "cure period" requested by Grace is unreasonable.

The Law Offices of Christopher E. Grell is a two-attorney office with modest support staff.  Given the other responsibilities and commitments of the office, it is not possible to re-prepare the Questionnaires for the twenty Claimants, with narrative responses to all questions, within a 60-day period.

Claimants respectfully request that any such "cure period" be a minimum of 180 days.

### IV.  CONCLUSION

For the foregoing reasons, Claimants respectfully request that Grace's Motion be denied.

Dated:  August 4, 2006                           Respectfully submitted.

                                              LAW OFFICES OF CHRISTOPHER E. GRELL

                                              */s/ Richard F. Rescho*
                                              Christopher E. Grell, Esq. (SBN 88498)
                                              Richard F. Rescho, Esq. (SBN 108086)
                                              Law Offices of Christopher E. Grell
                                              The Broadlake Plaza
                                              360 22nd Street, Suite 230
                                              Oakland, Ca  94612
                                              Telephone:  (510) 832-2980
                                              Facsimile:  (510) 832-2986

                                              Attorneys for Claimants
                                              ELLEN ASHDOWN, et al.

HEIMAN, GOUGE & KAUFMAN, LLP

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB # 3381)
800 King Street
Suite 303
P.O. Box 1674
Wilmington, DE 19801
(302) 658-1800
(302) 658-1473 (fax)
skaufman@hgkde.com