**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| W.R. GRACE & CO., *et al.* Debtors. | ) | Case No. 01-01139 (JFK) Jointly Administered |

**GENERAL OBJECTIONS TO DISCOVERY QUESTIONNAIRE AND RESPONSE TO DEBTORS' MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE SUBMITTED ON BEHALF OF GEORGE & SIPES PERSONAL INJURY CLAIMANTS**

George & Sipes is counsel for asbestos personal injury claimants having potential claims before this Court and upon whom Debtors previously served, or have attempted to serve, a copy of the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire"). On behalf of those claimants George & Sipes represent herein ("Claimants"), George & Sipes hereby submits the following objections to the Questionnaire and further response to the Motion to Compel that the Debtors filed in these proceedings on July 17, 2006:

**GENERAL OBJECTIONS:**

I. Discovery is ongoing and Claimants reserve their right to supplement and/or amend their responses.

II. Claimants object to the Questionnaire to the extent it seeks disclosure of known facts or opinions by any expert retained or employed in anticipation of litigation or preparation for trial, and who is not expected to be called as a witness in the litigation. (Fed. R. Civ. P. (26)(b)(4)(B)). Without limitation, Claimants object to the following provisions of the Questionnaire:

(A) Section C of the Instructions: to extent it requests the completion of Part II of the Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

(B) Section C of the Instructions: to extent it requests the production of "any and all documents" that "support or conflict with your diagnosis."

(C) Section C of the Instructions: to extent it requests production of "all x-ray readings and reports."

(D) Section C of the Instructions: to extent it requests production of "all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based."

(E) Section J of the Instructions: to extent it requests production of "any and all documents" that "support or conflict with your diagnosis."

(F) Part II of the Questionnaire: to extent it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses." Claimants reassert this objection with regard to all "condition(s)" for which disclosure is requested.

III. Claimants object to the extent the Questionnaire seeks disclosure of privileged communications between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or a representative of any attorney for Claimant.

IV. Claimants object to the extent the Questionnaire seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant. (Fed. R. Civ. P.26(b)(3)).

V. Claimants object to the following portions of the Questionnaire based on the attorney-client communication and/or attorney work product privileges as described above in Sections III and IV:

(A) Questionnaire Part II: to the extent it asks if Claimant "retain[ed] counsel in order to receive any of the services performed by the diagnosing doctor."

(B) Questionnaire Part II: to the extent the question inquires if the "diagnosing doctor was referred to you by counsel." Claimants also object on the grounds that this question is irrelevant and unlikely to lead to the discovery of admissible evidence.

(C) Questionnaire Part II: to the extent it inquires if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel" unless Claimant's knowledge was obtained other than through communication with Claimant's legal counsel and/or his/her representative. Claimants also object on the grounds that this question is irrelevant and unlikely to lead to the discovery of admissible evidence.

(D) Sections 2-7 of Part II: to the extent these questions are repeated in multiple locations throughout the Questionnaire.

VI. Claimants object to Section a.6 of and b.2-7 Part VII of the Questionnaire to the extent it seeks disclosure of settlements reached with other defendants and/or other bankruptcy trusts that are subject to binding confidentiality agreements. Further, Claimants object to the extent the request seeks any information, statement, whether written or oral, made in the course of settlement negotiations with a party or non-party as irrelevant, immaterial and/or inadmissable.

VII. Claimants object to the extent that multiple sections of the Questionnaire request originals and/or copies of documentation, medical evidence, and/or specimens that Claimants do not have in their possession and/or that would place an undue burden upon the Claimant to obtain.

VIII. General objections are made in addition to and without waiver of any specific objections contained within the responses to the Questionnaire previously provided to the Rust Consulting, Inc., on behalf of George & Sipes Claimants.

**SUBSTANTIAL COMPLIANCE:**

Claimants represented by George & Sipes submitted to Debtor's agent responses to the Questionnaire along with written objections. George & Sipes Claimants answered significant portions of the Questionnaire and supplied the Debtor's agent copies of depositions, medical records, estate documents, etc., without charge to the Trust. George & Sipes Claimants only referred or incorporated documents attached when the burden of transferring the information was so cumbersome that numerous addendums would have been added to the Questionnaire making the completion of such unmanageable and voluminous. Claimants for George & Sipes content that they have significantly complied with this Court's Orders concerning the completion of the Questionnaire and in no manner have tried to prevent the Debtor from discovering information valuable to the estimation process. Though George & Sipes Claimants have raised certain specific and general objections to preserve the objection and/or privilege(s), Claimants completed even repetitive portions of the Questionnaire to accommodate data entry concerns of the Debtor. Further, the Questionnaires completed by George & Sipes Claimants were signed by both the Claimant and a representative of George & Sipes.

**NON-WAIVER OF JURISDICTIONAL CHALLENGE:**

The submission of the Questionnaire, General Objections to the Questionnaire, and this Response to the Debtors' Motion to Compel Asbestos Claimants, George & Sipes Claimants do not intend to and do not submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court.

George & Sipes Claimants reserve (i) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C § 157(b)(5).

**WHEREFORE,** for the foregoing reasons and any additional basis established upon oral hearing of Debtors' Motion to Compel, George & Sipes Claimants respectfully request that the Court enter an order sustaining their objections to the Questionnaire, both general and specific, and deny Debtors' Motion to Compel, and any just and further relief as may be proper under the circumstances.

Respectfully submitted on this the 4th day of August, 2006:

Linda George, Indiana Attorney No. 15744-49
W. Russell Sipes, Indiana Attorney No. 16973-29
Kathleen Farinas, Indiana Attorney No. 20283-34
**GEORGE & SIPES**
156 East Market Street, Suite 600
Indianapolis, Indiana 46204
(317) 637-6071 Phone
(317) 685-6505 Facsimile