THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## WELLBORN HOUSTON, L.L.P.'S RESPONSE TO
## W. R. GRACE & COMPANY'S MOTION TO COMPEL

Wellborn Houston L.L.P., asks the Court to deny W. R. Grace Company's Motion to Compel.

### A. Introduction

1. Plaintiff is Wellborn Houston, L.L.P.; Defendant is W. R. Grace & Company.

2. Plaintiff has numerous claims pending against defendant for exposure to asbestos products mined, manufactured, and distributed.

### B. Facts

3. W. R. Grace & Company served Wellborn Houston, L.L.P., with the W. R. Grace Asbestos Personal Injury Questionnaire.

4. Wellborn Houston, L.L.P., responded by serving the completed questionnaires before the July 12, 2006, deadline.

5. W. R. Grace & Company filed a Motion to Compel against hundreds of law firms for failure to completely respond to the W. R. Grace and Company questionnaire. The motion is not specific as to what deficiencies W. R. Grace and Company claims against the responses of Wellborn Houston, L.L.P.

1

### C. Argument

6. W. R. Grace & Company contends that Wellborn Houston, L.L.P., has improperly completed the W. R. Grace Asbestos Personal Injury Questionnaire, but fails to specifically state the deficiencies. W. R. Grace and Company filed a global motion citing numerous deficiencies. Consequently, it is difficult, if not impossible, for Wellborn Houston, L. L. P., to know with any specificity the complaints of W. R. Grace and Company. However, based on those contentions, W. R. Grace & Company asks the Court to sign an order compelling Wellborn Houston, L.L.P., to cure such deficiencies. The Court should deny W. R. Grace & Company's Motion to Compel.

7. Wellborn Houston L.L.P.'s, responses to the questionnaires of W. R. Grace are not deficient. Wellborn Houston, L.L.P., provided all of information that the Court requested. The questionnaire, as submitted, had to be hand-written. All of the information requested was contained in the hand-written response with the exception of sections V and VI. For those sections, a one page attachment, per section, was provided which is completely impractical and insufficient, due to the sheer volume of information requested by W. R. Grace & Company. There are numerous other parties, job sites, and products which Wellborn Houston, L.L.P., attached in a Job and Product List that has been filed with both Federal and State Courts, all over the country, and provides all the information that W. R. Grace & Company and this Court has requested. (Attached please find "Exhibit A", as an example of the information provided.) <u>Due to the volume of information requested by W. R. Grace & Company, an attachment to questionnaires was inevitable.</u>  Surely, W. R. Grace and Company is not complaining simply because the information was typed and not hand-written.

### D. Conclusion

Wellborn Houston, L.L.P., has complied with the rules, has complied with the order of the Court, and the requests of W. R. Grace and Company and the Court should deny W. R. Grace & Company's Motion to Compel Wellborn Houston, L.L.P. At a minimum, W. R. Grace and Company should be required to be specific as to what it contends is the area in which Wellborn Houston, L.L.P., is deficient, so it can be cured. Wellborn Houston, L.L.P., should not be required to guess which global deficiency is against Wellborn Houston, L.L.P.

### E. Prayer

For these reasons, Wellborn Houston, L.L.P., asks the Court to deny W. R. Grace & Company's Motion to Compel.

Respectfully submitted,

**WELLBORN ★ HOUSTON, L.L.P.**
P.O. Box 1109
Henderson, Texas 75653-1109
903/657-8544
903/657-7227 (Fax)

By: _____/s/_____
Paul L. Sadler
Texas Bar No. 17512400

**ATTORNEYS FOR THE PLAINTIFFS**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing response has been furnished to all counsel of record on this 4th day of August, 2006.

_____/s/_____
Paul L. Sadler