IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| W.R. Grace & Company | ) |
| | ) Case No. 01-01139 |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: August 21, 2006, 2:00 p.m.** |
| | ) **Objection Deadline: August 4, 2006** |
| | ) **Related to Docket Nos. 6301, 6371, 6654, 6852,** |
| | ) **6853, 12819** |

## ASBESTOS CLAIMANTS' RESPONSE TO OBJECTIONS TO DEFENDANT W. R. GRACE'S MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO W. R. GRACE'S PERSONAL QUESTIONNAIRE

   **NOW COMES** Plaintiffs represented by Jacobs & Crumplar in response to the Defendant's Motion with respect to compel further answers to the questionnaires as follows:

   1. On August 29, 2005, this Court ordered all holders of "prepetition asbestos personal injury claims" to complete a questionnaire which was propounded and approved by the Court in the bankruptcy. The alleged purpose of this questionnaire was to allow the Debtor to have sufficient information to estimate prepetition claims. This Court entered such an Order with respect to said questionnaire on April 24, 2005 (Docket No. 8324). The questionnaire was finally approved by the Court during an amended case management order (Docket No. 12151).

   2. Jacobs & Crumplar represents approximately 50 prepetitioned Claimants who have claims against the Debtor as a result of the exposure to the Debtors products

causing asbestos illnesses. Plaintiffs have attached hereto as Exhibits A and B a questionnaire filled out for William Emmell, a living Plaintiff, and a questionnaire filled out on behalf of Vaughn G. Galloway, a deceased client.

3. As the Court is fully aware, these questionnaires are part of an adversary proceeding which is to allow each party to present their own estimation of the value or extent of claims against W. R. Grace for asbestos personal injury claims. Plaintiffs, represented by Jacobs & Crumplar, have taken the position that this is a procedure under the Federal Rules as adopted by the Bankruptcy Court of the State of Delaware. Federal Discovery Rules concerning answering interrogatories apply. Thus, Plaintiffs, for the 50 individuals represented by Jacobs & Crumplar, have presented to the Defendants the information necessary for them to evaluate each claim. Included in this information are portions of the questionnaire that are fully filled out and attached documentation which allows the Defendant to understand the nature of the claim. There is a job description attached for each of the Plaintiffs to allow the Defendant to understand what product and what the Plaintiff was performing when exposed to the Grace product. The Plaintiffs' personal history and work history and such items as smoking and medical background are fully presented in a portion of the interrogatories providing from Plaintiffs' case pending before the Superior Court of the State of Delaware where this case would be pending if not for the Debtor having filed this bankruptcy. In addition, Plaintiffs have presented the medical reports of their experts concerning the Plaintiffs' illnesses that include B readings and other information required by the medical portion of the questionnaire. Plaintiffs believe that under the Federal

Rules this presentation is sufficient to allow W. R. Grace to understand the nature, and extent of Plaintiff's diseases, and his exposure. Items such as smoking history is provided although Plaintiff does not understand how these necessarily are important to the determination which is at the crux of the questionnaires. With respect to the deceased Plaintiff, Plaintiffs herein have again attached Mr. Galloway's entire job description and when he was exposed to the Defendants' fire proofing products. The same type of materials, which would have been provided to Grace if it was a party in this litigation, have been provided herein. These are in a set form utilized in this State to inform all Defendants of the gravimen of the action. The attached documents provided Grace the information necessary to assess Mr. Galloway's claim.

4. W. R. Grace is complaining that Plaintiffs' counsel should not have provided the information with the answers that Grace needs to evaluate the claim. It is just as easy for Grace, as it is for Plaintiffs, to understand and fill out the portions of this questionnaire in the exact format that Grace desires for its analysis. Since it is equally opportune for Grace to utilize this material as it is for Plaintiffs to take the time to answer the questions, Plaintiffs urge that the Motion to Compel any further responses by the clients of Jacobs & Crumplar should be denied.

5. Grace also objects to Plaintiffs' general objections with respect to its "evaluation" of, for instance, exposure. Grace, has by filing this bankruptcy stopped any further discovery of Grace, so that Plaintiffs can obtain, by example, all of the invoices from Grace of its supply to ICI, now Astra Zeneca, of its fireproofing materials for spraying on their buildings, as well as the use of Grace's spray on

insulation at the Getty Refinery. It is for these reasons that Plaintiffs believe that it is at a disadvantage to fully answer the questions that Grace propounds, and it is only through discovery taken in cases other than the Plaintiffs that Jacobs & Crumplar can even respond to the requests of W. R. Grace.

**WHEREFORE**, for the above reasons Plaintiffs request that the Motion to Compel further answers by Jacobs & Crumplar's clients be denied.

          **JACOBS & CRUMPLAR, P.A.**

By:    */s/ Robert Jacobs, Esquire*
        Robert Jacobs, Esquire (Bar ID# 0244)
        2 East 7th Street, P.O. Box 1271
        Wilmington, DE 19899
        (302) 656-5445
        *Attorney for Asbestos Injury Creditors*

Dated: August 4, 2006

F:\WP70\Bankruptcies\Bankruptcies\SLAUGHTER, David v. W.R. Grace & Co\Pleadings\080306_Response to Omnibus ObjectionWRGRACE.rj.doc