**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al*. | ) | Case No. 01-01139 (JFK) |
| Debtors. | ) | Jointly Administered |
| | ) | Objection Deadline: August 4, 2006 @ 4:00 |
| | ) | Hearing Date: September 11, 2006 |
| | ) | Ref. Docket No. 12823 |

**General Objections to Discovery Questionnaire and Response to Debtors' Motion to Compel Submitted on Behalf of Luckey & Mullins, LLC's Personal Injury Claimants**

I. Pursuant to Fed. R. Civ. P. (26)(b)(4)(B), Claimants object to the discovery questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. Further, to the extent that Part II requests information from the Claimant that the Claimants do not have and for which the burden of obtaining said information is the same for the Debtors as it is for the Claimants, the Claimants object.

II. Claimants object to Part II of the Questionnaire as it requests that the Claimants derive or ascertain information that is more burdensome to the Claimants than to the Debtors. Therefore, the Claimants have specified and attached documents from which the answer may be derived as is permitted by Rule 33(d) of the Federal Rules of Civil Procedure and incorporated by Rule 7033 of the Federal Rules of Bankruptcy Procedure.

III. Objection is raised to Part II of the Questionnaire as the scope and content of the information sought is unreasonably cumulative and duplicative.

IV. By providing responses to the Questionnaire, the Claimants do not concede that the information provided is discoverable, relevant or admissible. Claimants further object to the Questionnaire, Part II, to the extent that it seeks disclosure of any privileged communications between Claimant and any attorney for the Claimant. Pursuant to Fed. R. Civ. P. 26(b)(3), the Claimants object to the extent that the requests violate attorney-client communication and attorney work product privileges. All responses are provided subject to the objections set forth herein.

V. Claimants object to Part VII(a) to the extent that the Questionnaire seeks information that is neither relevant nor necessary to the estimation proceeding by requesting the basis for all dismissals of lawsuits and settlement details. Whether a particular defendant has been dismissed has no bearing on the Debtors' share of the liability.

       The Debtors would receive a set-off or credit for settlements only for the cases that were tried to judgment. Further, the disclosure of settlement reached with other defendants that are subject to binding confidentiality agreements is also not relevant to estimation proceedings.

VI.    Claimants object to Part VII(b) as it seeks information that is not relevant to the estimation proceeding and requests privileged or confidential information.

VII.   These general objections are made in addition to, and without waiver of, any specific objections contained within the responses to the Questionnaire itself that were previously provided to the Debtors' agent on behalf of individual Claimants.

                      */s/ Alwyn H. Luckey*
                      Alwyn H. Luckey, Esquire
                      LUCKEY & MULLINS, LLC
                      P. O. Box 724
                      Ocean Springs, MS 39566-0724
                      228-875-3175
                      228-872-4719, facsimile

                      HEIMAN, GOUGE & KAUFMAN, LLP

                      */s/ Susan E. Kaufman*
                      Susan E. Kaufman (DSB # 3381)
                      800 King Street
                      Suite 303
                      P.O. Box 1674
                      Wilmington, DE 19801
                      (302) 658-1800
                      (302) 658-1473 (fax)
                      skaufman@hgkde.com

Date: August 4, 2006