IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors, | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: August 21, 2006 at 2:00 PM |
| | ) | Objection Deadline: August 4, 2006 at 4:00 PM |
| | ) | |

## JOINT MEMORANDUM OF KELLEY & FERRARO, LLP AND THE FERRARO LAW FIRM IN RESPONSE TO MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Kelley & Ferraro, LLP and The Ferraro Law Firm, on behalf of the thousands of clients that they collectively represent, respond to the Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire ("Motion to Compel") as follows:

1. Kelley & Ferraro, LLP and The Ferraro Law Firm have worked diligently to comply with this Court's previous Orders in regard to completion of the W.R. Grace Asbestos Personal Injury Questionnaires ("Questionnaires"). For example, Kelley & Ferraro, LLP has expended in excess of 300-400 man hours to respond to the 14,000 plus Questionnaires provided by W.R. Grace to Kelley & Ferraro, LLP. While the Questionnaires were reportedly "streamlined" by the Debtor, the Questionnaires placed an undue burden on the individuals responding to the Questionnaires. The Questionnaire, as

drafted, could not be easily answered by any single person. For example, Claimants themselves, could not answer questions such as the following:

> "Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?"

Such information is not readily available to the Claimants represented by Kelley & Ferraro, LLP and The Ferraro Law Firm as theses individuals are generally elderly with a minimal education background.

   2.   Equally as important, this information was contained the medical documents which were attached to the Questionnaire. While the Debtor complains that the attached medical documentation cannot be readily viewed and entered into the database, the attachment of medical documentation to is permitted pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. To this end, Rule 33 of Federal Rules of Civil Procedure provide in pertinent part:

> (d) Option to Produce Business Records. Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.

While the Debtor argues that these are not "business records" this is a difference without a distinction. Additionally, the individuals represented by Kelley & Ferraro, LLP and The Ferraro Law Firm as well as the Debtor have the equal ability to review these documents and obtain the required information. Moreover, the specific information required

by the Debtor can be readily obtained without any potential for mistranslation by the Debtor reviewing the documents themselves. Since both the Claimants as well as the Debtor have equal access to this information, once it is provided pursuant to the Federal Rules of Civil Procedure, the Debtor has equal responsibility to obtain the information. As set forth above, since the information provided in the medical documentation is in fact more accurate, the Debtor should be happy to have the most accurate information available to it. This is particularly true in light in of the fact that it is the Debtor that has asked for this information for its own purposes.

3. In regard to the objections of relevance this objection is also permissible pursuant to the Federal Rules of Procedure. The fact that the Debtor does not agree with the objection does not make the Debtor's position correct.

4. In regard to the limited purpose for the Questionnaires, it is clear that questions being asked such as "was the doctor referred to by counsel" is clearly irrelevant to Estimation. The fact that a medical examination took place and a medical report was generated is what is relevant to the Estimation. How the Claimant got to the doctor does not change the contents of the report. If Debtor has questions concerning the reliability or credibility of the physician generating the report, the answer would be for the Debtor to undertake further investigation rather than requiring that this irrelevant piece of information to be provided.

WHEREFORE, for these reasons and additional reasons which will be made at any Hearing on this matter and/or Mediation session, it is respectfully requested that the Motion to Compel to Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire be denied in all aspects.

Respectfully submitted,

KELLEY & FERRARO LLP


/s/ Electronically filed Thomas M. Wilson
THOMAS M. WILSON (0038933)
2200 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 575-0777
(216) 575-0799 (fax)


/s/ Electronically filed James L. Ferraro
JAMES L. FERRARO (0076089)
The Ferraro Law Firm
4000 Ponce de Leon Blvd., Ste. 700
Miami, FL 33146
(305) 375-0111
(305) 379-6222 (fax)

## CERTIFICATE OF SERVICE

The foregoing Joint Memorandum of Kelley & Ferraro, LLP and The Ferraro Law Firm in Response to the Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire was electronically filed via Lexis-Nexis and thereby served upon all counsel of record on August 4th, 2006.

/s/ Thomas M. Wilson
THOMAS M. WILSON (0038933)
KELLEY & FERRARO LLP