IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Case No. 01-01139 (JFK) |
| Debtors. | ) | Jointly Administered |
| | ) | |

### General Objections to Discovery Questionnaire and Response to Debtors' Motion to Compel Submitted on Behalf of Hartley & O'Brien, PLLC Personal Injury Claimants

Hartley & O'Brien, PLLC is counsel for many asbestos personal injury claimants upon whom the Debtors previously served, or attempted or may have intended to serve, a copy of the W.R. Grace Asbestos Personal Injury Questionnaire (the "Discovery Questionnaire"). On behalf of those claimants whom it represents herein ("Claimants"), Hartley & O'Brien, PLLC hereby submits the following general objections to the Discovery Questionnaire and response to the Motion to Compel that the Debtors filed in the within proceedings on July 17, 2006:

I. Pursuant to Fed. R. Civ. P. (26)(b)(4)(B), Claimants object to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. Additionally, discovery is ongoing and claimants reserve the right to supplement their responses. Without limiting the foregoing, Claimants object to the following provisions of the Discovery Questionnaire as violative of Fed. R. Civ. P. 26(b)(4)(B):

    (A)    Claimants object to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

    (B)    Claimants object to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

    (C)    Claimants object to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

    (D)    Claimants object to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including

1

       the actual raw data and all spirometric tracings, on which the results are based."

- (E) Claimants object to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

- (F) Claimants object to Part II of the Discovery Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses." Claimants urge this objection with regard to all "condition(s)" for which disclosure is requested.

II.    Claimants further object to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communications between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or a representative of any attorney for Claimant. In addition, pursuant to Fed. R. Civ. P.26(b)(3), Claimants object to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant. Specifically, and without limiting the foregoing, Claimants object to the following provisions of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges.

- (A) Claimants object to Part II of the Discovery Questionnaire to the extent that it asks if Claimant "retain[ed] counsel in order to receive any of the services performed by the diagnosing doctor."

- (B) Claimants object to Part II of the Discovery Questionnaire to the extent that it asks if "the diagnosing doctor was referred to you by counsel."

- (C) Claimants object to Part II of the Discovery Questionnaire to the extent that it asks if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel" unless Claimant's knowledge was obtained other than through communication with Claimant's legal counsel and/or his/her representative.

- (D) These objections are urged with regard to each instance that the above questions are asked in sections 2, 3, 4, 5, 6, and 7 of Part II of the Discovery Questionnaire.

III.    Claimants further object to Section a.6 of Part VII of the Discovery Questionnaire to the extent that it seeks disclosure of settlements reached with other defendants that are subject to binding confidentiality agreements.

IV. To the extent that these items are requesting information from the claimant that the claimant does not have and for which the burden of obtaining said information is the same for the debtors as it is for the claimant.

V. These general objections are made in addition to, and without waiver of, any specific objections contained within the responses to the Discovery Questionnaire itself that were previously provided to the Debtors' agent, Rust Consulting, Inc., on behalf of individual claimants.

VI. By submitting these general objections to the Discovery Questionnaire and this response to the Debtors' Motion to Compel, Claimants do not intend to, and hereby do not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court. Claimants reserve (i) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C § 157(b)(5).

Wherefore, for the reasons stated herein and upon such other grounds as may be established at the oral hearing on Debtors' Motion to Compel, Claimants respectfully request that the Court enter an order sustaining their objections to the Discovery Questionnaire, both general and specific, denying the Motion to Compel, and granting such other and further relief as may be just and proper and to which they are entitled.

Respectfully submitted,

R. Dean Hartley, Esquire
Hartley & O'Brien, PLLC
2001 Main Street, Suite 600
Wheeling, WV 26003
(304) 233-0777
(304) 233-0774 fax

3