# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.* ) | Case No. 01-01139 (JFK) |
| Debtors. ) | Jointly Administered |
| ) | Objection Deadline: August 4, 2006@ 4:00 |
| ) | Hearing Date: September 11, 2006 |
| ) | Ref. Docket No. 12823 |

## CLAIMANTS' OBJECTION AND RESPONSE TO DEBTORS' MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

COME NOW, the Claimants listed on Exhibit "A", attached hereto, ("Claimants"), by and through counsel, file their response to Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire and in so doing, hereby adopt as their objections to the Motion the General Objections to Claimant Discovery Questionnaire. All of the Claimants' general objections to the discovery questionnaire are restated below in support of Claimants' Response and Objections to Debtors' Motion to Compel.

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, object to completing this questionnaire on the basis that it requires identification of specific W.R. Grace products to which they were exposed. Each of the Claimants listed on Exhibit "A" have worked at industrial work sites and, upon information and belief, have been exposed to asbestos-containing products manufactured by W.R. Grace Company; however, they are unable to state personally at this time under the penalty of perjury that the products to which they were exposed were manufactured by W.R. Grace. Claimants will be able to provide co-worker information and testimony establishing exposure to W.R. Grace products. Claimants note that the Asbestos Claimants Committee has served substantial discovery on Debtor asking for its historical exposure records and product records and Debtor has objected to the production of same. Without the benefit of discovery from Debtor, the Claimants listed on Exhibit "A" are denied the information needed to properly assert a claim against W.R. Grace Company.

The Claimants also object to this questionnaire insofar as it seeks information that is unduly costly or burdensome to Claimant and where it requires Claimant to obtain documents not already in the possession of the Claimant or his or her agent. Claimant further objects to the questionnaire insofar as it seeks information that imposes unnecessary and unreasonable costs on Claimant. Claimant further objects to the questionnaire in that it seeks information and/or material that is beyond the possession, custody or control of the Claimant and the burden for obtaining the information is the same for the Debtor as it is for the Claimant. Claimant further objects to the questionnaire in that it seeks production of medical records that unduly cumulative and unduly costly and burdensome. Finally, Claimant objects to the questionnaire in that it seeks detailed, specific, and cumulative information from Claimant while discovery has been stayed and is needed from Debtor. Claimant makes the following general objections to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Discovery Questionnaire"):

1. Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and

who is not expected to be called as a witness at trial. Without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of Fed. R. Civ. P. 26(b)(4)(B):

    (a)    Claimant objects to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

    (b)    Claimant objects to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

    (c)    Claimant objects to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

    (d)    Claimant objects to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based."

    (e)    Claimant objects to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

    (f)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses." Claimant urges this objection with regard to all "conditions" for which disclosure is requested.

    2.    Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communication between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or a representative of any attorney for Claimant. In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant. Specifically, and without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges:

    (a)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if Claimant "retained counsel in order to receive any of the services performed by the diagnosing doctor."

    (b)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if "the diagnosing doctor was referred to you by counsel."

    (c)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel" unless Claimant's knowledge was obtained other than through communication with Claimant's legal counsel and/or his/her representative.

    (d)    These objections are urged and raised with regard to each instance that the above questions are asked in sections 2, 3, 4, 5, 6 and 7 of Part II of the Discovery Questionnaire.

    3.    Claimant specifically objects to Part V of the Discovery Questionnaire as being unduly burdensome, overly broad and having no relevance to this party's claim against W. R. Grace & Co. and/or its affiliated debtors.

    3a.    Claimant further objects to Section a.6 of Part VII of the Discovery Questionnaire to the extent that it seeks disclosure of settlements reached with other defendants that are subject to binding confidentiality agreements.

3b. Claimant further objects to Section b of Part VII of the Discovery Questionnaire to the extent that it seeks disclosure of information relating to litigation and claims regarding silica as irrelevant to the issues concerning Claimant's asbestos claim against W.R. Grace & Co. and/or its affiliated debtors.

4. Claimant further objects to Section b.2-7 of Part VII of the Discovery Questionnaire to the extent that it seeks disclosure of information relating to claims asserted against other asbestos trusts as being irrelevant to the issues concerning Claimant's asbestos claim against W.R. Grace & Co. and/or its affiliated debtors.

5. These general objections are made in addition to, and without waiver of, any specific objections contained within the responses to the Discovery Questionnaire itself. This covering sheet is intended to be, and is hereby, incorporated into the Discovery Questionnaire as if repeated therein verbatim in full.

6. By submitting this response to the Discovery Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court. Claimant reserves (i) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C. § 157(b)(5).

Claimants specifically object to the questionnaires and to Debtors' Motion to Compel in that requiring narrative responses to each question on the Discovery Questionnaire will create an overwhelming burden and expense on the personal injury claimants.

Respectfully submitted,

By: _____
Attorney for Claimant

SHANNON LAW FIRM, PLLC
James D. Shannon (MSB# 6731)
Kelley M. Berry (MSB# 99116)
100 West Gallatin Street
Hazlehurst, MS 39083
Telephone: (601) 894-2202
Facsimile: (601) 894-5033

| LastName | FirstName | CLAIMANT SSN |
|---|---|---|
| Adams, Jr., Dec. | Clarence Adams on Behalf of Roger | 9541 |
| Allen | Larry C. | 8753 |
| Allen | William S. | 1984 |
| Anderson | James Robert | 5341 |
| Anderson | Katie Ruth | 2581 |
| Arbuthnot | James | 2518 |
| Atwood | George | 7148 |
| Bacon | Clarence | 6022 |
| Bailey | Curtis L. | 3730 |
| Bailey | William L. | 6509 |
| Baker | Jimmie B. | 9093 |
| Ballard | Robert T. | 4919 |
| Barnes | Edgar Lee | 3196 |
| Bass | Marie | 8833 |
| Bass (dec.) | Marie Bass on Behalf of Sidney | 3941 |
| Bean | Margie L. | 7242 |
| Bell | Garrett | 2619 |
| Benson, Dec. | Rosie Craig on Behalf of Warren | 3265 |
| Bernard | Charles S. | 4340 |
| Blowe | William | 6183 |
| Bovie, Dec. | Mary Bovie on Behalf of Charles | 6634 |
| Bradley | Jimmy R. | 2071 |
| Brewer | Jerry S. | 4694 |
| Brown, Dec. | Rebecca Brown on Behalf of Fred | 9339 |
| Burnette | Toxie V. | 5035 |
| Byrd | Clara | 1137 |
| Byrd, Dec. | Connie Taylor on Behalf of Dexter | 2126 |
| Cage, Jr., Dec. | Surnetta Cage on Behalf of Eddie | 5632 |
| Calcote | Charles | 7530 |
| Cameron | Isom Jeff | 3666 |
| Carr | Ray E. | 5032 |
| Carter, Jr. | Leon | 8136 |
| Cater | Patricia A. | 6199 |
| Causey | Weslie L. | 2113 |
| Clark, Dec. | Mary Clark on Behalf of James | 8491 |
| Clarks | Marshall | 3655 |
| Cole, Sr. | Joseph | 1903 |
| Collins | Alexander | 9153 |
| Conrad, Jr. | Joseph | 2071 |
| Crooks | Ellis B. | 1617 |
| Davis | Maxine Harris | 6835 |

Redacted

1

Redacted

| | | | |
|---|---|---|---|
| Dawson | Arthur Lee | | -2767 |
| Dawson | Freddie L. | | -2768 |
| Dawson, Dec. | Karen Harper on Behalf of John | | -2168 |
| Day | Nancy | | -3989 |
| Day | Robert | | -5096 |
| Devine | Carl E. | | -5873 |
| Devine | Wilma | | -9071 |
| Dixon | Mary | | -1664 |
| Doss | Jerome | | -1770 |
| Early, Sr. | Hezekiah | | -2666 |
| Ellis | Linda Joe | | -8176 |
| Ellis, Jr., Dec. | Cynthia Ellis on behalf of Joshua | | -2376 |
| Evans | John Junior | | -8732 |
| Evans | Ollie Mae | | -0439 |
| Ezell (Dec.) | Lena Marie Ezell on Behalf of Herman | | -2922 |
| Felton | Lee Vanda | | -7334 |
| Felton (Dec.) | Estella Felton on Behalf of Johnnie | | -7484 |
| Fife, Sr. | Richard | | -9105 |
| Flint | Raymond D. | | -1871 |
| Ford | Larnell | | -0482 |
| Frye, Jr. | Dimvil | | -0917 |
| Fuller | Clyde T. | | -5146 |
| Gaines | Emanuel N. | | 2641 |
| Gardner, Dec. | Inez Gardner on Behalf of Roy Hines | | -2155 |
| Germany | David L. | | -5200 |
| Gibbs, Dec. | Roger Gibbs on behalf of Burnham | | 5656 |
| Givens | Donald Ray | | 7491 |
| Givens | Inetta | | 7429 |
| Gooseberry, Dec. | Linda Gooseberry on Behalf of Charles E. | | 4357 |
| Gordon | Robert Lee | | 9403 |
| Graves, Dec. | Marie Graves on Behalf of Leon | | -5181 |
| Green | David | | 3799 |
| Green | Larry B. | | 1106 |
| Green | Louis | | 1483 |
| Green | Mary Alice | | 4348 |
| Green, Dec. | Shirley Green on Behalf of William | | 1462 |
| Greer | Frank | | 9838 |
| Guice | Dudley | | 3180 |
| Guice | Leroy | | 1356 |
| Halford | Bobby | | 4501 |
| Halford | James E. | | -7508 |

2

| Last Name | First Name | Number |
|---|---|---|
| Hardin | Laura L. | 1364 |
| Hargrave | Carl E. | 5530 |
| Harris | Ernest | 3875 |
| Harris | Larry | 5225 |
| Harris | Toby W. | 6559 |
| Hawkins | Persell | 5116 |
| **Hawkins, Dec** | **Dumas** | 4624 |
| Hendricks | Ceola | 4931 |
| Herring | Jerry Edward | 7685 |
| Herrington | Junior | 2784 |
| Hodges | Charlie H. | 9827 |
| Houston | Richard | 8809 |
| Hunt | Johnny | 1908 |
| Hutchins | Edna L. | 4851 |
| Jackson | Lehman | 7418 |
| Jackson, Deceased | Roosevelt Jackson on Behalf of James | 4510 |
| James | Joseph | 0257 |
| James | Nancy | 0946 |
| Jamison | George | 4667 |
| January | Anita | 6349 |
| Johnson | Barbara | 8866 |
| Johnson | Carl A. | 5695 |
| Johnson | Charles E. | 4506 |
| Johnson | Lonnie E. | 0118 |
| Johnson | Paul Kenneth | 5331 |
| Johnson | Robert H. | 1963 |
| Jones | James Alvin | 8348 |
| Jones | Larry J. | 6196 |
| Jones (Dec) | Shirley Jones on Behalf of Delma | 0417 |
| Juneau, Jr. | John | 2751 |
| King | Charlotte | 5723 |
| Letcher | Doris | 7776 |
| Lowe | Carl | 2748 |
| Lowe | Kenneth | 2408 |
| Maher | Joe | 5679 |
| Maher | Mildred E. | 1274 |
| Marvel | Fredrick | 5763 |
| Mason | John | 0617 |
| McBride | Jimmy H. | 1468 |
| McCall | John F. | 6643 |
| McClain | George | 0496 |
| McCollum | Jerry K | 0667 |
| McDaniel | Edward L. | 0700 |
| McGee | Robert | 0650 |
| McGee, Jr. | Elliott | 6114 |
| McKinney, Jr. | Ben Robert | 1008 |
| McManus, Dec. | Kenneth McManus on Behalf of Troy Cooper | 6719 |
| McMillin | James M. | 9551 |
| McNealy | Carl | 5559 |
| Melton | Ralph L. | 7787 |

Redacted

3

| | | | |
|---|---|---|---|
| Middleton | Harold Glenn | ▓ | 4302 |
| Mills (Dec.) | Karen McLemore on Behalf of Jesse W. | ▓ | 8612 |
| Minor | Sam M. | ▓ | 3560 |
| Montgomery, Jr. | Riley | ▓ | 8711 |
| Moore | Cedric | ▓ | 5805 |
| Morris | Stanley | ▓ | 6879 |
| Mosby | Florence B. | ▓ | 9769 |
| Murray | Lane C. | ▓ | 1925 |
| Murray (Dec.) | Peggy Murray on Behalf of Jewell | ▓ | 6398 |
| Musgrove | Curtis | ▓ | 8657 |
| Myles | Johnette | ▓ | 6909 |
| Nelson, Sr. | Rickey A. | ▓ | 4318 |
| Newell | Bennie Ray | ▓ | 5067 |
| Noble, Dec. | Thelma Noble on Behalf of Alex | ▓ | 4061 |
| Norals | Gloria Ann | ▓ | 8635 |
| Norman, Dec. | Linda Norman on Behalf of Willie J. | ▓ | 2777 |
| Parker | Zenola F. | ▓ | 4931 |
| Parker, deceased | Pearline Parker on behalf of James | ▓ | 4299 |
| Patrick, Dec. | Brian Patrick on Behalf of Mary S. | ▓ | 5102 |
| Patt | Bobby E. | ▓ | 0982 |
| Peeples | Robert | ▓ | 4840 |
| Perkins | Charles E. | ▓ | 5242 |
| Perkins | Dewain A. | ▓ | 5320 |
| Perry | Joseph | ▓ | 5691 |
| Profice | Alexander | ▓ | 1031 |
| Punchard | Joseph Leon | ▓ | 4848 |
| Reed | Leslie S. | ▓ | 0844 |
| Rice | Audrey L. | ▓ | 5100 |
| Rice | Percy Roy | ▓ | 0609 |
| Roberts | Alton | ▓ | 3274 |
| Roberts | Grace | ▓ | 4130 |
| Rodgers | Lonnie M. | ▓ | 5445 |
| Ross | Curtiss | ▓ | 2209 |
| Ross | Samuel | ▓ | 7611 |
| Ross, Dec. | Rosa Lee | ▓ | 9139 |
| Salario (Dec.) | Bonnie Salario on Behalf of Frank | ▓ | 2531 |
| Scott, Sr. | Dewayne | ▓ | 6181 |
| Screws | Queen Ella | ▓ | 8040 |
| Sewell | Henderson R. | ▓ | 5490 |
| Singleton | Charles W. | ▓ | 4969 |
| Skipper | Rosa L. | ▓ | 0762 |
| Slay | Marilyn B. | ▓ | 6366 |
| Smith | Delsie R. | ▓ | 6882 |
| Smith | Donald Ray | ▓ | 0523 |

Redacted

Redacted

| Last Name | First Name | | Number |
|---|---|---|---|
| Smith | Henry Lee | | 6415 |
| Smith | James R. | | 5361 |
| Smith | Kenneth W. | | 2253 |
| Smith | Sandra Britt | | 9538 |
| Smith | Alfred | | 9970 |
| Smith, Jr. | Felix L. | | 4485 |
| Sojourner | Jackie | | 1277 |
| Stampley, Jr. | Julius | | 3254 |
| Stancel | Thelma Lee | | 6915 |
| Starks | Barbara Queen | | 2510 |
| Stein | Barbara S. | | 8764 |
| Sterling | Barney Kelvin | | 3361 |
| Stewart | William Henry | | 2014 |
| Strauder | Edward | | 7478 |
| Strauder | Willie Lee | | 2209 |
| Strickland | Isaac Leon | | 2666 |
| Strong | Billy Joe | | 8801 |
| Stutzman | Larry Joe | | 2097 |
| Sylvester | Robert James | | 1717 |
| Terrell | William Henry | | 8353 |
| Thomas | Mack Willie | | 1084 |
| Trimble | Lindell | | 2723 |
| Turner | Joseph Preston | | 3720 |
| Varnado | Housley | | 4062 |
| Walker | Patricia Queen | | 7278 |
| Wallace | Thomas James | | 4719 |
| Wallace | Willie | | 1683 |
| Washington | Eugene W. | | 4962 |
| Washington | Glenda Marie | | 9962 |
| Washington | Leon | | 0812 |
| Watson, Sr. | Issac M. | | 6079 |
| West, Dec. | Loretta West on Behalf of Charles | | 9998 |
| West, Jr. | W.T. | | 8422 |
| White | Janis R. | | 3396 |
| White, Dec. | Tammy Buckles on Behalf of Hugh P. | | 1751 |
| Williams | Joseph R. | | 4004 |
| Williams | Judy N. | | 0909 |
| Williams | Katie | | 5055 |
| Williams | Mary Lee | | 9832 |
| Williams, Sr. | Jesse J. | | 8775 |
| Wilson | Eric | | 3910 |
| Wilson, Jr. | Henry | | 4122 |
| Woodfork | Raymond | | 1305 |
| Young | Jerry | | 1678 |

5