IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: )
) Chapter 11
)
W.R. Grace & Co., et al., ) Case No. 01-1139 (JFK)
) Jointly Administered
)
Debtors. ) Re: Docket Nos. 9301, 11023, 11403
)
)

## JAMES F. HUMPHREYS' & ASSOCIATES CLAIMANTS' OBJECTIONS AND RESPONSES TO DEBTORS' ASBESTOS PERSONAL INJURY QUESTIONNAIRE

The claimants represented by James F. Humphreys & Associates, LC, hereby make the following objections to debtors "standard questionnaire" to personal injury claimants:

I. Objections to:    Part II: Asbestos-Related Conditions
                     2. Information Regarding Diagnosis.

1. Diagnosing Doctor's Daytime Telephone Number.
   **Objection.** This request suggests that counsel for W.R. Grace intend to contact plaintiff's physician regarding his personal medical history. To the extent that this information is confidential and protected under the *Health Insurance Portability and Accountability Act of 1996 (HIPPA)*, plaintiff objects to disclosure of this information. [This information sought in this request is properly the subject of Interrogatories required to be submitted as provided by Rule 33, Federal Rules of Civil Procedure which affords to plaintiff]

2. Was the diagnosing doctor your personal physician?
   **Objection.** By virtue of any examination that was conducted, claimant contends that the physician who examined him became his "personal physician." Accordingly, any information in the possession, custody or control of said physician is confidential and protected under the *Health Insurance Portability and Accountability Act of 1996 (HIPPA)*, plaintiff objects to disclosure of this information. Not reasonably calculated to lead to discoverable information.

3. Was the diagnosing doctor paid for the diagnostic services, etc.?
   **Objection.** Not reasonably calculated to lead to discoverable information.

4. Who paid?
   **Objection.** Not reasonably calculated to lead to discoverable information.

5. Did you retain counsel <u>in order to receive</u> any of these services, etc.?
   **Objection.** Not reasonably calculated to lead to discoverable information.
   **Objection.** Protected under work product doctrine.

6. Did counsel refer you to the physician?
   **Objection.** Not reasonably calculated to lead to discoverable information. Further, this information is protected under work product doctrine.

7. Re: Relationship of Doctor to Counsel:
   **Objection.** Vague, ambiguous, overly broad and not reasonably calculated to lead to discoverable information. Plaintiff has no first hand knowledge of whether any relationship exists between his physician and his legal counsel. Plaintiff objects, further, on the grounds that this information is protected under the attorney work-product doctrine and not discoverable.

II. Objections to:    Part V: Exposure to Non-Grace Asbestos-Containing Products

1. Re: Exposure Records:
   **Objection.** Discovery has been stayed and is needed of W. R. Grace. The Asbestos Claimants Committee has served substantial discovery on Grace asking for their historical exposure records and Grace has objected to the production of same. Plaintiff is at present unable to fairly and accurately respond to this request until such time as W. R. Grace responds to previously served discovery requests regarding exposure records. Moreover, this information sought in this request is properly the subject of Interrogatories required to be submitted as provided by Rule 33, Federal Rules of Civil Procedure, which affords to plaintiff the opportunity to object to answering the interrogatories.

III. Objections to:    Part VII: Litigation and Claims Regarding Asbestos and/or Silica
   a. Litigation

1. Re: Prior Lawsuits:
   **Objection:** The information sought here is public record as readily available to the defendant as to the plaintiff, or is subject to a confidentiality agreement between the parties.

The Plaintiffs further hereby make the following general objections to debtors "standard questionnaire" to personal injury claimants:

1. Claimants object to the jurisdiction of this Court and that of the United States Bankruptcy court for the District of Delaware. By filing these answers and objections, claimants do not submit to these Courts' jurisdiction, and reserve all objections to such jurisdiction.

2. Claimants object to the questionnaire to the extent that it seeks information broader or more extensive than that properly discoverable in the cases in the tort system in which claimants are seeking, or have sought, compensation for injuries in question. Since state law governs claimants' claims, information that would not be discoverable under state law is likewise not discoverable in this proceeding.

3. Claimants hereby incorporate, as additional objections, all objections and arguments set forth in any other parties or committees' objections.

4. Claimants object to the questionnaire pursuant to Fed. R. Civ. Proc. 26(b)(2), on the ground that it is unduly burdensome, and that the burden and expense of providing this information outweighs its likely benefit in any permissible bankruptcy estimation proceeding.

5. Claimants object to any part of the questionnaire that seeks production of confidential information such as settlements with other defendants.

RESPECTFULLY SUBMITTED,

*Cindy J. Kiblinger*

Cindy J. Kiblinger
West Virginia Bar No. 7471
James F. Humphreys & Associates, L.C.
United Center, Suite 800
500 Virginia Street, East
Charleston, WV 25301
304/347-5050

Attorney for Claimants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) <br> ) <br> W.R. Grace & Co., et al., ) <br> ) <br> ) <br> Debtors. ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 01-1139 (JFK) <br> Jointly Administered <br><br> Re: Docket Nos. 9301, 11023, 11403 |

## CERTIFICATE OF SERVICE

I, Cindy J. Kiblinger, counsel for the Plaintiffs, do hereby certify that I have, on this 4th day of August, 2006 served *"James F. Humphreys & Associates Claimants' Objections and Responses to Debtors' Asbestos Personal Injury Questionnaire"* via FACSIMILE TRANSMISSION to representing counsel on the attached Service List.

*Cindy J. Kiblinger*

Cindy J. Kiblinger, Esquire
West Virginia State Bar No. 7471
James F. Humphreys & Associates, L.C.
United Center, Suite 800
500 Virginia Street, East
Charleston, West Virginia 25301
(304) 347-5050

## SERVICE LIST

Janet Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
*Co-Counsel for Debtors*
*facsimile-312-861-2200*

Barbara Harding, Esquire
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793
*Co-Counsel for Debtors*
*facsimile-202-879-5200*

James E. O'Neill, Esquire
Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP
919 North Market Street
17th Floor
Post Office Box 8705
Wilmington, DE 19899-8705
*Co-Counsel for Debtors*
*facsimile-302-652-4400*

Lewis Kruger, Esquire
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982
*Counsel to the Official Committee of Unsecured Creditors*
*facsimile-212-806-6006*

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher, LLP
1100 N. Market Street
Suite 1200
Wilmington, DE 19801-1246
*Counsel to the Official Committee of Unsecured Creditors*
*facsimile-302-657-4901*

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
*Counsel to the Official Committee of Property Damage Claimants*
*facsimile-305-374-7593*

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street
Suite 904
Post Office Box 1351
Wilmington, DE 19899
*Counsel to the Official Committee of Property Damage Claimants*
*facsimile-302-575-1714*

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue
35th Floor
New York, NY 10152-3500
*Counsel to the Official Committee of Personal Injury Claimants*
*facsimile-212-644-6755*

Marla Eskin, Esquire
Campbell & Levine, LLC
800 N. King Street
Suite 300
Wilmington, DE 19801
*Counsel to the Official Committee of Personal Injury Claimants*
*facsimile-302-426-9947*

Thomas M. Mayer, Esquire
Kramer, Levin, Naftalis & Frankel, LLP
919 Third Avenue
New York, NY 10022
*Counsel to the Official Committee of Equity Holders*
*facsimile-212-715-8000*

Teresa K.D. Currier, Esquire
Klett, Rooney, Lieber & Schorling
1000 West Street
Suite 1410
Post Office Box 1397
Wilmington, DE 19899-1397
*Counsel to the Official Committee of Equity Holders*
*facsimile-302-552-4220*

Richard H. Wyron, Esquire
Swidler, Berlin, Shereff, Friedman, LLP
3000 K Street, NW
Suite 300
Washington, DC 20007
*Counsel to the Official Committee of Equity Holders*
*facsimile-202-424-7643*

John C. Phillips, Esquire
Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
*Counsel to the Official Committee of Equity Holders*
*facsimile-302-655-4210*

The Office of the United States Trustee
Attention: David Klauder
844 N. King Street
Wilmington, DE 19801
*facsimile-302-573-6497*