IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ANSWER & MEMORANDUM OF LAW OF CLAIMANTS
REPRESENTED BY HAL PITKOW, ESQUIRE
IN OPPOSITION TO DEBTORS' MOTION TO COMPEL RESPONSE TO THE
W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Claimants, Carol Ann Henderson, deceased, and Joseph Kitz, by and through their undersigned counsel, Hal Pitkow, Esquire, respectfully submit that debtors' motion should be denied on the ground that claimants have every right under the law to answer debtors' questionnaire by making documents available for debtors' inspection. Moreover, the undersigned counsel has full authority and knowledge to answer the questionnaires on behalf of the claimants he represents, and is therefore entitled to sign the questionnaires for his claimants.

The facts set forth in this Answer and Memorandum of Law are attested to in the affidavit of the undersigned counsel, Hal Pitkow, Esquire, attached hereto.

Making Documents Available Is Proper Under the Circumstances

The information debtors seek in the questionnaire is contained in voluminous medical and employment records. If debtors want the information from the records put into the

-2-

questionnaires and believes the information is relevant, then quite simply, it is debtors' responsibility to expend the time and money to painstakingly review the records, locate the information they seek, and then put that information into the questionnaire, or whatever other format they please. Rule 33, F.R.C.P. does not entitle debtors to require claimants to put the information requested by debtors into a questionnaire format, any more than debtors could require claimants to input discovery directly into debtors' database or an Excel spreadsheet. Claimants' responsibility ends with making the information available for debtors' inspection.

The absurdity of debtors' questionnaire is clearly illustrated by the fact no other party from claimants' third-party actions or any other bankrupt entity has ever requested the detailed information debtors seek. If the instant claimants, not to mention thousands of other asbestos plaintiffs and claimants, have been able to settle their claims and obtain verdicts without being requested to disclose much of the information requested by debtors, one can only question debtors' motive in requesting such information for the purpose of estimating claims. If thousands of claims can be paid without the necessity of putting the information requested by debtors into questionnaires, then it is beyond dispute that the estimation process can also be accomplished without the necessity of putting the information requested by debtors into questionnaires.

In this counsel's experience, to the extent the information requested in debtors' Asbestos Personal Injury Questionnaire has been requested by other asbestos "defendants", it has always been acceptable to the requesting party and/or the responsible court for plaintiff and/or claimant to make the documents which contain the requested information available for inspection and/or provide authorizations to the requesting party allowing it to obtain the records at its own expense. This counsel has never been requested, let alone ordered to put the requested

information into a specific format requested by the interrogating party, e.g. an Asbestos Personal Injury Questionnaire.

Debtors' request requires claimants to expend a very considerable amount of time and money to put the information in the questionnaire and/or to photocopy and mail the documents to debtors. Given that the ultimate value of these bankruptcy claims will bear no relation to the overall injury suffered by the claimants, it is entirely unreasonable to ask claimants to expend an exorbitant amount of time and money to substantiate their claims for estimation purposes only.

Your Honor must not lose sight that one of the ultimate goals is to preserve the debtors' estate to compensate asbestos victims. There comes a point where relevance is not the issue -- the cost of providing relevant information is the issue. Given the scope of the investigation contemplated by the information requested in the questionnaire, the cost of investigating the value of the claims will substantially deplete the debtors' estate beyond the value of the information obtained. By the same token, the burden placed on claimants, if they are required to do debtors' work and put the information in the questionnaires, will make it unrealistic to proceed with the claims.

The Court must take a common sense approach to this issue. If debtors are required to "do the work" of putting the information in the questionnaires, debtors will quickly decide that the information is no longer needed or that there are simpler and just as efficient means of estimating the value of the claims against the debtors.

## Counsel Is Authorized To Sign The Questionnaire For The Claimants He Represents

The undersigned counsel has full authority and knowledge to answer the questionnaires on behalf of the claimants he represents. The undersigned counsel also has full authority to sign

the questionnaires for his claimants. Counsel therefore submits that there is no reason to require claimants to sign the questionnaire.

Statement of Incorporation

By way of further answer, Claimants hereby incorporate the Answer & Memorandum of Law, to be filed by the Official Committee of Asbestos Personal Injury Claimants, and by counsel for other asbestos personal injury claimants, as fully as if set forth at length herein.

_____
Hal Pitkow, Esquire
138 N. State Street
Newtown, PA 18940
215.860-2900

Dated: August 3, 2006.