## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | |

### AFFIDAVIT OF HAL PITKOW, ESQUIRE

Hal Pitkow, Esquire, being first duly sworn, hereby deposes and states as follows:

1. I am an attorney, licensed to practice in the Commonwealth of Pennsylvania, State of New Jersey and various federal district and appellate courts, with offices at 138 N. State Street, Newtown, Pennsylvania 18940.

2. I represent claimants with asbestos personal injury claims against the debtor W.R. Grace & Co.

3. I am fully familiar with the facts of my clients' claims against W.R. Grace, and in the past, I have answered interrogatories and filed third-party complaints and bankruptcy claims on their behalf.

4. The claimants I represent have specifically authorized me to file bankruptcy claims on their behalf, and to file and sign all necessary documents to effectuate those claims.

5. The information requested in debtors' Asbestos Personal Injury Questionnaire directed to the claimants I represent is contained in voluminous medical and employment records, and voluminous deposition transcripts.

6. Much of the information requested in debtors' Asbestos Personal Injury Questionnaire directed to the claimants I represent has never been requested of these claimants

by other parties responsible for causing their asbestos injuries, nor has it been requested of other claimants I represent.

7.   To the extent the information requested in debtors' Asbestos Personal Injury Questionnaire directed to the claimants I represent has been requested, it has always been acceptable to the requesting party and/or the responsible court to make the documents which contain the information available for inspection and/or provide Authorizations to the requesting party allowing it to obtain the records at its own expense. I have never been requested, let alone ordered, to put the requested information into a specific format requested by the interrogating party, e.g. an Asbestos Personal Injury Questionnaire.

8.   Given the detail and volume of the information requested in the Asbestos Personal Injury Questionnaires and the detail and volume of the records, which contain the requested information, it would take in excess of one day, and most likely two days, to answer each questionnaire. Moreover, I am a sole proprietor and would have to personally answer each questionnaire.

9.   Given the amount of the compensation that is likely to ultimately be paid by the debtors on these claims (assuming it is roughly commensurate with other bankruptcies), it is completely impractical to devote such an exorbitant amount of time to a claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 3, 2006.

Respectfully submitted,

Hal Pitkow, Esquire