IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-1139 (JKF)<br>(Jointly Administered)<br><br>Objection Deadline: August 28, 2006 at 4:00 p.m.<br>Hearing Date: September 25, 2006 at 2:00 p.m.<br>(only if objections are filed) |

**MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO AMEND THE RETENTION ORDER OF KLETT ROONEY LIEBER & SCHORLING TO REFLECT FIRM NAME CHANGE TO BUCHANAN INGERSOLL & ROONEY PC**

The Official Committee of Equity Security Holders (the "Equity Committee") hereby moves the Court (the "Motion") for an order amending the Retention Order (as defined below) to reflect Buchanan Ingersoll & Rooney PC as co-counsel to the Equity Committee. In support of this Motion, the Equity Committee states as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 328 and Fed. R. Bankr. P. 2114(a).

### Background

3. On April 2, 2001, the above-captioned debtors and debtors-in-possession (the "Debtors") filed with this Court their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

67118

4. The Debtors continue to operate their businesses and manage their properties pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On June 18, 2001, the United States Trustee appointed the Equity Committee. On July 18, 2001, the Equity Committee met and selected the law firm of Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as its bankruptcy counsel.

6. Subsequently, Kramer Levin and the Equity Committee selected Klett Rooney Lieber & Schorling, A Professional Corporation ("Klett Rooney") as the Equity Committee's co-counsel.

7. Accordingly, on October 31, 2001, the Equity Committee submitted the application (the "Application") for an order authorizing the employment and retention of Klett Rooney as co-counsel to the Equity Committee in all matters in these bankruptcy cases. The affidavit of Teresa K.D. Currier was filed in support of the Application.

8. On November 27, 2001, the Court entered the Order Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Retention Nunc Pro Tunc of Klett Rooney Lieber & Schorling, A Professional Corporation, as Co-Counsel to the Official Committee of Equity Holders [D.I. 1275] (the "Retention Order"). Pursuant to the Retention Order, Klett Rooney's retention was effective as of October 26, 2001.

9. Subsequently, by order of the court, William D. Sullivan, Esquire was appointed as Delaware counsel to the ZAI Claimants effective July 21, 2002. [D.I. 2603]. In September, 2004, Mr. Sullivan, who had been associated with the firm of Elzufon, Austin, Reardon, Tarlov & Mondel, P.A., relocated his practice to Buchanan Ingersoll PC ("BI").

10. Effective July 1, 2006, BI and Klett Rooney merged to form Buchanan Ingersoll &

2

67118

Rooney PC ("BIR"). Around this time, Mr. Sullivan terminated his employment with BI. Mr. Sullivan will be filing retention papers to continue his representation of the ZAI Claimants at his new firm.

### Relief Requested

11.     By this Motion, the Equity Committee seeks an order amending the Retention Order to change the name of the Equity Committee's co-counsel from Klett Rooney to Buchanan Ingersoll & Rooney PC pursuant to section 328 of the Bankruptcy Code.

### Basis for Relief Requested

12.     It is critical for the Equity Committee to be able to retain Teresa K.D. Currier and her firm, BIR, as its co-counsel in these cases. Ms. Currier has provided such services to the Equity Committee since Klett Rooney's original retention in 2001. To be sure, Ms. Currier will continue to be the primary Delaware counsel for the Equity Committee at BIR, just as she did at Klett Rooney.

13.     In addition, the Equity Committee will be the only committee in these cases represented by BIR. There will be no duplication of services or transitional redundancies in the representation as a result of the merger.

14.     Finally, in an abundance of caution, BIR has erected an ethical screen prohibiting any employees of the former BI who may have had any connections with the representation of the ZAI Claimants.

### Compensation

15.     BIR will seek compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and

3

67118

any order of this Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Processional and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professional and Official Committee Members, dated April 17, 2002, all on the same terms and conditions as set forth in the Application and the Retention Order.

### Disinterestedness

16.   BIR is a "disinterested" party as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

### Notice

17.   Notice of this Motion has been given to (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to all official committees appointed by the United States Trustee, (iv) the fee auditor in these cases; and (v) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, the Equity Committee submits that no further notice is required.

### No Prior Request

18.   No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Equity Committee respectfully requests that the Court enter an Order substantially in the form attached hereto, amending the Retention Order to reflect Buchanan Ingersoll & Rooney PC as co-counsel to the Equity Committee pursuant to section 328 of the Bankruptcy Code and granting such further relief as is just and proper.

BUCHANAN INGERSOLL & ROONEY PC

By: _____
Teresa K.D. Currier (No. 3080)
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200

-and-

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley, Esquire
Gary M. Becker, Esquire
919 Third Avenue
New York, NY 10022
(212) 715-9100

Counsel to the Official Committee of Equity Holders

Dated: August 8, 2006

67118