# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| W. R. GRACE & CO., et al. ) | Chapter 11 |
| ) | |
| Debtors. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| ) | Hearing Date: August 21, 2006 |
| ) | Related Docket Nos: 6301, 6371, 6654, 6852, |
| ) | 6853, 12819, and 12921 |

## DEBTORS' REPLY IN FURTHER SUPPORT OF THEIR OBJECTION TO DAVID SLAUGHTER'S CLAIM [NO. 5703]

Debtors file this Reply to clarify misstatements of fact and law that are contained in *Creditor David Slaughter's Response to Debtors' Objection to David Slaughter's Claim (No. 5703)* [Dkt. No. 12921] ("Claimant's Response"). Under the Bankruptcy Code, once the Debtors have filed an objection to David Slaughter's claim (hereinafter, the "Claimant" and the "Claim" respectively) - as the Debtors have done in the present situation - Claimant carries the burden of establishing that he suffered a compensable injury for which the Debtors are liable. Claimant plainly has not meet this burden in the Claimant's Response, nor can he respond to the Debtors' objection to the Claim by arguing that this Court directed the Debtors to submit the Claim to alternative dispute resolution. This Court merely suggested to the Debtors that alternative dispute resolution might be the appropriate forum for resolving the Claim. Furthermore, in the Claimant's Response, Claimant fails to address any of the Debtors' objections to the Claim, each of which provides this Court with a sufficient basis for disallowing the Claim. Therefore, the Debtors request that the Court enter an order disallowing the Claim.

(a) **Claimant fails to substantively address any of the Debtors' objections to the Claim and thus fails to satisfy its burden.** Despite Claimant's suggestions to the contrary,

after the Debtors filed their objection to the Claim, Claimant bears the burden of establishing the merits of the Claim, and the Debtors do not bear any burden of establishing that the Claim is invalid. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993) ("If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim."); *In re Pugh*, 157 B.R. 898, 901 (9th Cir. BAP 1993) (holding claimant bears ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence). Any and/or all of the Debtors' objections provide this Court with a sufficient basis for disallowing and expunging the Claim. Because (i) Claimant has not, and could not possibly, satisfy his burden with respect to the Claim, and (ii) the Debtors' objections provide ample basis for disallowing the Claim, the Debtors request that the Court enter an order disallowing the Claim.

With the exception of Claimant's self-serving complaint from the Louisiana action (a copy of which is attached to the Claim but which fails to include one of the complaint's pages),[1] the Claim itself fails to include any supporting documentation or description of Claimant's alleged injuries. Claimant states that he has provided evidence regarding the extent of his injuries. Claimant's Response at ¶8. In reality, Claimant has attached two affidavits to his Supplemental Motion to Lift Stay [Dkt. No. 6654], neither of which constitute proper evidence[2] and he has failed to attach any list of medical expenses or a report of his treating expert.[3]

---

[1] The complaint was filed in violation of the Debtors' automatic stay. As such, the Complaint is void *ab initio* and has no legal effect, beyond perhaps describing the basis for Claimant's bankruptcy claim. *Constitution Bank v. Tubbs*, 68 F.3d 685, 692 fn 6 (3d Cir. 1995). As a result, the Debtors had no obligation to answer or take any actions with respect to the complaint.

[2] Exhibit B to the Supplemental Motion to Lift Stay, the Affidavit of Roger G. Burgess, simply states "David Slaughter's income was approximately $600 per week gross, prior to the accident. David Slaughter has been unable to perform any type of gainful employment since the date of his accident. David Slaughter has sustained an estimated 1.2 million dollars in damages, which includes current lost wages of $71,122.34 and medical expenses in the amount of $43,493.05. Lost wages continue to accrue." Supplemental Motion to Lift Stay,

(Continued...)

Furthermore, if Claimant does have evidence to support his medical injuries and claims, he should provide Debtors' counsel with a copy and file for leave to amend his proof of claim.

**(b) Nothing precludes resolution of the Claim in the ADR Program.** Without providing any support, Claimant's Response incorrectly states that this Court "indicated to Debtors' counsel that Mr. Slaughter's claim should be immediately submitted to ADR at the top of the ADR list as soon as the [ADR] Order was entered." Claimant's Response at ¶4. This statement is misleading without the full context. The Court did state that the Debtors should resolve this claim expeditiously but that was because Claimant's counsel stated that Claimant had not worked for several years and was in dire financial straights.[4] As such, the Court suggested, but did not require, that the Debtors use the mediation process to resolve the Claim.[5]

While Claimant apparently assumes that the Debtors are not planning to submit the Claim to the Court-approved ADR program (the "ADR Program"), the Debtors have never (i) made any definitive statement to that effect or (ii) taken any action that is inconsistent with submitting the Claim for resolution under the ADR Program. Instead, pursuant to the Court-approved ADR Program, the Debtors are <u>required</u> to file an objection to the Claim *before* they can pursue resolution of the Claim under the ADR program. *See* ADR Order, at ¶ 4 [Docket No. 6853] ("Prior to triggering the application of the ADR Program with respect to a Disputed Claim, the

---

Exhibit B, ¶¶ 8-10. Similarly, Exhibit C to the Supplemental Motion to Lift Stay, the Affidavit of David Slaughter, simply states "Since his accident on December 24, 2000, he has been unable to perform any type of gainful employment." Supplemental Motion to Lift Stay, Exhibit C, ¶¶ 3.

[3] Debtors' counsel could not find any attachments to Claimant's Response, including Exhibit D as referenced in Claimant's Response ¶ 8.

[4] Claimant's counsel stated "[A]s Mr. Slaughter's affidavit indicates he has not worked in three years, he is in fiscal straights and that makes [this case] different than most court cases unless [Debtors' counsel] can say that in those 200 cases all these people have not been able to work because of their injuries." 10/25/04 Hrg. Tr. at p. 37, lns. 12-17.

[5] "[This Court] strongly suggests that the mediation process ought to be employed [to resolve the Claim]. 10/25/04 Hrg. Tr. at p. 38, lns. 13-14.

3

Debtors shall first file an objection to such Disputed Claim."). The Debtors simply are complying with the ADR Order and thus have filed an objection to the Claim.

Further, nothing presently precludes the Debtors from submitting the Claim for resolution under the ADR Program, if necessary. When the Debtors filed their motion for the implementation of the ADR Program, the Debtors anticipated pursuing promptly objections to substantive non-asbestos claims. However, since that time, the Debtors' focus on claims resolution has shifted in other directions. Specifically, the Debtors have endeavored to adjudicate their asbestos property damage claims and resolve their potential asbestos personal injury liabilities. As a result, the Debtors have not actively pursued non-asbestos claims and, in fact, have not used the ADR Program until approximately two months ago when the Debtors first submitted a claim for resolution under the ADR Program.

(c) **The Debtors' delay in filing an Objection to the Claim has not prejudiced the Claimant and is excusable.** Claimant states that his counsel wrote to the Debtors "on numerous occasions" to inquire as to why the Debtors had not filed an objection to the Claim (*See* Claimant's Response, at ¶10). What claimant fails to tell the Court is that Claimant's counsel first communicated with the Debtor on June 13, 2005 - *over seven months* after the ADR Program had been approved by this Court. Over the course of the following two months, Debtors' counsel telephoned Claimant's counsel on numerous occasions to discuss potentially submitting the Claim to the ADR Program. Once again, Claimant's counsel failed to respond to Debtors' counsel. As a result, on August 15, 2005, Debtors' counsel sent Claimant's counsel a letter indicating that she was, "happy to discuss the status of the claim with you and also find out the status of the proceeding in Louisiana." Once again, Claimant's counsel failed to respond until June 15, 2006 when Claimant's counsel sent a letter apologizing for the fact that he had not

been responsive to our attempts to contact him.[6] Therefore, it is at best disingenuous for Claimant's counsel to suggest that Debtors were not amenable to resolving the Claim or that Claimant diligently attempted to pursue resolution of his Claim. The Debtors attempted on several occasions to contact Claimant's counsel to resolve the Claim.[7] Further, if indeed Claimant was in dire financial straights as Claimant's counsel reported to this Court at the October 25, 2004 hearing, Claimant's counsel should not have been so lax in responding to Debtors' counsel's repeated attempts to resolve the Claim. Therefore, the delay Claimant now complains of is irrelevant because Claimant has failed to allege or demonstrate any prejudice as a result of this delay.

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Court enter an order disallowing and expunging the Claim.

Dated: August 11, 2006

Respectfully Submitted:

| KIRKLAND & ELLIS LLP | and | PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP |
|---|---|---|
| David M. Bernick, P.C. | | |
| Janet S. Baer | | |
| Lori Sinanyan | | _(signature)_ |
| Samuel L. Blatnick | | Laura Davis Jones (Bar No. 2436) |
| 200 East Randolph Drive | | James E. O'Neill (Bar No. 4042) |
| Chicago, Illinois 60601 | | 919 North Market Street, 17th Floor |
| Telephone: (312) 861-2000 | | P.O. Box 8705 |
| Facsimile: (312) 861-2200 | | Wilmington, Delaware 19899-8705 (Courier 19801) |
| | | Telephone: (302) 652-4100 |
| | | Facsimile: (302) 652-4400 |
| | | Co-Counsel for the Debtors and Debtors in Possession |

---

[6] Specifically, Claimant's counsel states "Sorry it has taken me ten months to get back to you, but I did not want to get back to you until I had an understanding of what was going on with respect to the case against the other co-defendants in Louisiana. . . . I am sorry that I missed your previous phone calls."

[7] In the meantime, during the fall of 2004 and spring of 2005, the Debtors were simultaneously handling several other seminal matters in these Chapter 11 cases, including filing their first plan of reorganization, which was filed on November 14, 2004 and amended on January 13, 2005, working to negotiate a consensual resolution to the Chapter 11 cases, and resolving thousands of asbestos claims in heated litigation