# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

BARON & BUDD, P.C.'S
SUPPLEMENT TO THE JOINT RESPONSE OF VARIOUS LAW FIRMS
REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS IN OPPOSITION TO DEBTOR'S
MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE
W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Baron & Budd, P.C. ("Baron & Budd"), by and through its undersigned
attorneys, hereby files the following as a supplement ("Supplement") to the Joint
Response of Various Law Firms Representing Asbestos Personal Injury Claimants
in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to
Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Response"
and the "Motion to Compel", respectively)  and would respectfully show the Court as
follows:

In addition to the matters raised in the Response, which is incorporated
herein in its entirety, Baron & Budd submits the attached Declaration of Alan B.
Rich (the "Declaration") in support of the Response.  As established in the
Declaration, Baron & Budd would respectfully show the Court the following:

1.      At the request of and under the direction of Mr. Rich, legal assistants
at Baron & Budd were requested to gather all of the requested information and
documentation in the Questionnaire for a representative group of asbestos tort
claimants with claims against the Debtor, and then complete the Questionnaire for
each of those claimants in the way the Debtor has demanded in its motion to
compel.  The group of clients included claimants both living and dead, claimants
with both malignant and non-malignant diseases, and claimants with various
numbers of trades and jobsites.

2.      While completing the Questionnaire, the legal assistants kept track of
and reported to Mr. Rich the time involved in the initial processing of the
Questionnaire, the information not readily available to the reviewer, the time
required to gather the information and documents not readily available from both
in-house and out-of-house resources as necessary, and the time involved in
transcribing the data onto the Questionnaire once all the necessary information was
obtained.

3.      The time necessary for the completion of the above tasks included, but
was not limited to:  researching the information on each client available in the
firm's database; retrieving additional information as necessary from the client's file
as located on the premises; in the file room, or off premises on our archive location;
the estimated retrieval time, based on past experiences, of additional information
and documents not currently in the possession of Baron & Budd; and the physical
completion of each client's form once all the necessary information was obtained.

4.      Based on the above study, the average time necessary to complete one Questionnaire in the manner demanded by the Debtors in the motion to compel was estimated.

5.      The Results of this sampling follow, and these figures do not include any attorney time to review the completed questionnaires or address privilege or other issues which arise:

A.      The Average Time to Complete 1 Questionnaire in the Manner Demanded by the Debtor:  **10 hours, 54 minutes**.

B.      The Number of Claimants Represented by Baron & Budd, P.C.:  **6442**

C.      The Total Hours Needed to Complete All Questionnaires in the Manner Demanded by the Debtor:  **70,217 hours**.

D.      The Number of weeks needed to Complete All Questionnaires in the Manner Demanded by Debtor if **6 legal assistants** (which is actually more than can be dedicated to this project) were dedicated full-time to the project:  **292 weeks**.

E.      The Cost to Baron & Budd, P.C. to Complete the Questionnaires in the Manner Demanded by the Debtor:  **$1,946,415.00**.

6.      Baron & Budd's existing responses to the Questionnaires required approximately **1,159 hours** of time for its legal assistants to complete, not counting the time of attorneys needed for review and to make objections.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well as the reasons set forth in the Response, Baron & Budd prays that the Motion to

Compel be denied, and for such other and further relief requested in the Response

and to which Baron & Budd is entitled.


Dated: August 14, 2006                          Sander L. Esserman
                                                Van J. Hooker
                                                David A. Klingler
                                                David J. Parsons
                                                **STUTZMAN, BROMBERG,**
                                                **ESSERMAN & PLIFKA,**
                                                **A Professional Corporation**
                                                2323 Bryan Street, Suite 2200
                                                Dallas, Texas 75201
                                                Telephone:  (214) 969-4900
                                                Facsimile:   (214) 969-4999

                                                **COUNSEL FOR BARON & BUDD, P.C.**

                                                /s/ Daniel K. Hogan
                                                Daniel K. Hogan (ID no. 2814)
                                                **THE HOGAN FIRM**
                                                1311 Delaware Avenue
                                                Wilmington, Delaware 19806
                                                Telephone:  (302) 656-7540
                                                Facsimile:   (302) 656-7599
                                                E-mail:  dan@dkhogan.com

                                                **LOCAL COUNSEL FOR**
                                                **BARON & BUDD, P.C.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Case No. 01-01139 |
| | § | |
| W.R. Grace & Co., | § | (Chapter 11) |
| | § | |
| Debtor. | § | Hon. Judith Fitzgerald |

## DECLARATION OF ALAN B. RICH IN SUPPORT OF THE RESPONSE OF BARON & BUDD, P.C. TO THE DEBTOR'S MOTION TO COMPEL

1.      My name is Alan B. Rich. I am over 21 years of age and am legally and mentally competent to make this declaration. The facts set forth herein are either within my personal knowledge or based upon the business records of Baron & Budd, P.C., and are true and correct.

2.      I am an attorney employed at the law firm of Baron & Budd, P.C. in Dallas, Texas and I have read, and am familiar with the Debtors' Asbestos Personal Injury Questionnaire ("Questionnaire") in the above captioned matter. I have also read and am familiar with the Debtors' motion to compel and the complaints made by the Debtors about the way in which this firm has completed the existing Questionnaires, and the way they demand that those Questionnaires must be completed.

3.      At my request and under my direction, legal assistants at Baron & Budd, P.C. were requested to gather all of the requested information and documentation in the Questionnaire for a representative group of asbestos tort claimants with claims against the Debtor, and then complete the Questionnaire for each of those claimants in the way the Debtor has demanded in its motion to compel. The group of clients included claimants both living and dead, claimants with both malignant and non-malignant diseases, and claimants with various numbers of trades and jobsites.

DECLARATION OF ALAN B. RICH IN SUPPORT OF THE RESPONSE OF
BARON & BUDD, P.C. TO THE DEBTOR'S MOTION TO COMPEL – Page 1

4.      While completing the Questionnaire, the legal assistants kept track of and reported to me the time involved in the initial processing of the Questionnaire, the information not readily available to the reviewer, the time required to gather the information and documents not readily available from both in-house and out-of-house resources as necessary, and the time involved in transcribing the data onto the Questionnaire once all the necessary information was obtained.

5.      The time necessary for the completion of the above tasks included, but was not limited to: researching the information on each client available in the firm's database; retrieving additional information as necessary from the client's file as located on the premises, in the file room, or off-premises on our archive location; the estimated retrieval time, based on past experiences, of additional information and documents not currently in the possession of Baron & Budd, P.C.; and the physical completion of each client's form once all the necessary information was obtained.

6.      Based on the above study, the average time necessary to complete one Questionnaire in the manner demanded by the Debtors in the motion to compel was estimated.

7.      The Results of this sampling follow, and these figures do *not* include any attorney time to review the completed questionnaires or address privilege or other issues which arise:

    A.      The Average Time to Complete 1 Questionnaire in the Manner Demanded by the Debtor:  **10 hours, 54 minutes.**

    B.      The Number of Claimants Represented by Baron & Budd, P.C.:  **6442**

    C.      The Total Hours Needed to Complete All Questionnaires in the Manner Demanded by the Debtor:  **70,217 hours**.

DECLARATION OF ALAN B. RICH IN SUPPORT OF THE RESPONSE OF
BARON & BUDD, P.C. TO THE DEBTOR'S MOTION TO COMPEL – Page 2

D.     The Number of weeks needed to Complete All Questionnaires in the Manner Demanded by Debtor if **6 legal assistants** (which is actually more than can be dedicated to this project) were dedicated **full-time** to the project:  **292 weeks.**

E.     The Cost to Baron & Budd, P.C. to Complete the Questionnaires in the Manner Demanded by the Debtor:  **$1,946,415.00.**

8.     Our existing responses to the Questionnaires required approximately **1,159 hours** of time for our legal assistants to complete, not counting the time of attorneys needed for review and to make objections.

I Declare Under Penalty of Perjury that the Foregoing is True and Correct.

Dated: August 10, 2006.

Alan B. Rich

DECLARATION OF ALAN B. RICH IN SUPPORT OF THE RESPONSE OF
BARON & BUDD, P.C. TO THE DEBTOR'S MOTION TO COMPEL – Page 3