# Exhibit 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| ) | |
| Debtors. ) | Related to Docket No. 12823 |
| ) | Objection Deadline: August 14, 2006 |
| ) | |

HISSEY, KIENTZ & HERRON'S
SUPPLEMENT TO THE JOINT RESPONSE OF VARIOUS LAW FIRMS
REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS IN OPPOSITION TO DEBTOR'S
MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE
W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Hissey, Kientz & Herron ("Hissey Kientz"), by and through its undersigned attorneys, hereby files the following as a supplement ("Supplement") to the Joint Response of Various Law Firms Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Response" and the "Motion to Compel", respectively) and would respectfully show the Court as follows:

In addition to the matters raised in the Response, which is incorporated herein in its entirety, Hissey Kientz submits the attached Declaration of Julie Burnaman (the "Declaration") in support of the Response. As established in the Declaration, Hissey Kientz would respectfully show the Court the following:

1.      Hissey Kientz submitted 949 completed questionnaires.  A total of 52 clients were not submitted (42 due to the case being now closed, 4 were WCR, 3 never received a packet from Grace, 3 not Hissey Kientz clients).  Hissey Kientz also submitted approximately 35 questionnaires without a legal representative signature due to the probate was not complete and letters testamentary were not assigned at the time of submission. Hissey Kientz submitted those with a complete questionnaire minus the representative's signature. Completed questionnaire responses for some living clients were submitted with minus a signature because the client did not return a signed copy by the deadline.

2.      Approximately 2-3 people worked on this project for 8 hours a day for approximately 5-6 months total to complete the 949 questionnaires. It was very time consuming to merge the questionnaire, print all necessary documents (questionnaire, medical records, death certificates, letters testamentary, petitions, etc.) and mail to the client to sign.  Some had to be sent to the client more than once if they did not return it by the time the deadline approached, and Hissey Kientz also tried to contact these clients numerous times by phone. For client information that could not be merged Hissey Kientz had to hand write in the answer for each client. Labels and envelopes had to be made with the correct postage amount as some questionnaires were larger than others depending on the clients work history. Medical records were ordered for some clients if needed.  Hissey Kientz made folders for each client to put all documents in to keep together.  All depositions were

pulled from the client files, and were scanned on a disk. They made copies of all signed questionnaires for their records before they were submitted.

3. Hissey Kientz responded to some of the questions by providing attachments. If they were not allowed to do so, the huge burden already imposed on them would have been multiplied many fold. Generally the attachments contain information that could not fit in the small space provided on the questionnaire, or otherwise contained information that does not lend itself to narrative response. Even if there were enough room on the questionnaire, it would be a totally unnecessary burden on Hissey Kientz to be required to repeat and re-write verbatim the information from the attachment into the questionnaire.

4. In the normal course of litigation, Hissey Kientz would not usually be required to respond to such detailed discovery for so many clients all at once. Doing so here was an unreasonable burden which Hissey Kientz undertook to the best of its ability.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well as the reasons set forth in the Response, Hissey Kientz prays that the Motion to Compel be denied, and for such other and further relief requested in the Response and to which Hissey Kientz is entitled.

Dated: August 14, 2006  Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**COUNSEL FOR HISSEY, KEINTZ & HERRON**


/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
E-mail: dan@dkhogan.com

**LOCAL COUNSEL FOR HISSEY, KEINTZ & HERRON**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |

### DECLARATION OF JULIE BURNAMAN

1. I declare under penalty of perjury that the following is true and correct. I have personal knowledge of the matters stated herein.
2. My name is Julie Burnaman. I am a paralegal with the firm of Hissey, Kientz & Herron. My firm represents certain individuals with claims against W.R. Grace, et al. ("Debtors") for personal injuries caused by exposure to asbestos-containing products. I am familiar with the time and expense required to respond to discovery generally, and in particular questionnaires of the type distributed by Debtors in this case.
3. My firm submitted 949 completed questionnaires. A total of 52 clients were not submitted (42 due to case is now closed, 4 were WCR, 3 never received a packet from the defendant, 3 not our clients). We also submitted approx. 35 without a legal representative signature due to probate was not complete and letters testamentary was not assigned at the time of submission. We submitted those with a complete questionnaire minus the representative's signature. Completed questionnaire responses for some living clients were submitted with minus a signature because the client did not return a signed copy by the deadline.
4. Approximately 2-3 people worked on this project for 8 hours a day for approximately 5-6 months total to complete the 949 questionnaires. It was very time consuming to merge the questionnaire, print all necessary documents (questionnaire, medical records, death certificates, letters testamentary, petitions, etc.) and mail to the client to sign. Some had to be sent to the client more than once if they did not return it by the time the deadline approached, and we also tried to contact these clients numerous times by phone. For client information that could not be merged we had to hand write in the answer for each client. Labels and envelopes had to be made with the correct postage

        amount as some questionnaires were larger than others depending on the clients work history. Medical records were ordered for some clients if needed. We made folders for each client to put all documents in to keep together. All depositions were pulled from the client files, and we scanned each on a disk. We made copies of all signed questionnaires for our records before they were submitted.

5. We responded to some of the questions by providing attachments. If we were not allowed to do so, the huge burden already imposed on us would have been multiplied many fold. Generally the attachments contain information that could not fit in the small space provided on the questionnaire, or otherwise contained information that does not lend itself to narrative response. Even if there were enough room on the questionnaire, it would be a totally unnecessary burden on us to be required to repeat and re-write verbatim the information from the attachment into the questionnaire.

6. In the normal course of litigation, we would not usually be required to respond to such detailed discovery for so many clients all at once. Doing so here was an unreasonable burden which we undertook to the best of our ability.

Executed at __Houston__ (city), Texas, on August __8__, 2006.

                                                            _Julie Burnaman_
                                                            Julie Burnaman