# Exhibit 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

THE LAW OFFICES OF PETER G. ANGELOS, P.C.'S
SUPPLEMENT TO THE JOINT RESPONSE OF VARIOUS LAW FIRMS
REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS IN OPPOSITION TO DEBTOR'S
MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE
W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

The Law Office of Peter G. Angelos, A Professional Corporation ("Angelos"),

by and through its undersigned attorneys, hereby files the following as a

supplement ("Supplement") to the Joint Response of Various Law Firms

Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion

to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace

Asbestos Personal Injury Questionnaire (the "Response" and the "Motion to

Compel", respectively)  and would respectfully show the Court as follows:

In addition to the matters raised in the Response, which is incorporated

herein in its entirety, Angelos submits the attached Declaration of Armand J. Volta

(the "Declaration") in support of the Response.  As established in the Declaration,

Angelos would respectfully show the Court the following:

1.     Angelos received in excess of 5500 questionnaires.  Of those 5500 questionnaires, Angelos submitted to the Debtor approximately 4500. Approximately 500 of the 5500 Angelos received from the Debtor were questionnaires directed to clients of another law firm, which were subsequently forwarded to those law firms with Angelos notifying Rust Consulting Inc. ('Rust') of same.  Approximately 350 were not returned by Angelos clients to Angelos for various reasons including but not limited to no legal representative having yet been appointed, inaccurate  addresses, as well as some clients' unwillingness to execute the questionnaire on the basis of the questionnaire's excessive intrusiveness beyond the ordinary course of previous discovery requests.

2.     Debtor's questionnaire is substantially greater in breadth and detail than any request for discovery which has been required from Angelos' clients in the ordinary course of litigation.  Such discovery would never be requested of so many individuals simultaneously as are being requested through Debtor's self-described "streamlined" questionnaire.

3.      In responding to the Debtor's questionnaire, Angelos expended a tremendous amount of time, effort, and financial resources consistent with the firm's obligations to its clients and the Order of Court.  Specifically but not exhaustively, the following is a summary of the elements listed above.  It should be noted that all the below calculations were conservatively estimated.

**Information Technology (IT)** - 235 in-house and outside contracting man-hours with a combined expense of approximately $14,000.   IT man-hours were

specifically spent organizing  electronic case information from existing databases to allow the population of the questionnaire, converting the questionnaire to allow completion and submission of the questionnaire to the Debtor in electronic format, as well as the printing, scanning, and organizing of each clients' exhibits in a orderly and accessible format.  (Angelos submitted a separate electronic folder for each client containing that client's completed questionnaire, objections, medical documentation and exposure exhibits).

**Postage** - approximately $15,000 (initial mailing, two follow-up mailings and return postage).

**Office Personnel** - 720 man-hours (at an average of $16 per hour or $11,500) were expended mailing, scanning, and tracking questionnaires, fielding supplemental client inquiries, and initiating follow up calls made to ensure timely return of completed and executed questionnaires.

**Printing and copying costs** - approximately $7,500 at $.05 per page.

**Attorney Hours** - 80 hours (at an average of $250 per hour or $20,000) expended reviewing the questionnaire and determining most efficient approach to comply with the discovery request, supervising the various aspects of firm and client compliance, drafting correspondence and objections associated with the debtor's questionnaire, client contact, and reviewing completed questionnaires for final submission.

4.      Should the Court grant the relief requested by the Debtor, i.e., requiring each question to be answered without reference to attached

documentation and in narrative form only, the additional burden makes completing

the questionnaire in a timely fashion prohibitive.   Mr. Volta conservatively

estimates the time required to complete this fourteen page questionnaire,

containing a 180 questions at a minimum, results in approximately 3  hours per

questionnaire.  This estimation is derived by conservatively calculating 30 seconds

per question on average,[1] at 180 questions.  As stated above, Angelos has received

5000 questionnaires.  That figure (5000) multiplied by 3 hours per questionnaire,

results in 15,000 hours.  Stated otherwise, one individual, whether an attorney,

paralegal or clerk, would need to work for over 3½ years to complete such a task.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well

as the reasons set forth in the Response, Angelos prays that the Motion to Compel

be denied, and for such other and further relief requested in the Response and to

which Angelos is entitled.

---

[1]  This average contemplates that certain questions will require more or less time.  Obviously, answering questions concerning routine demographic data will require a minimum of effort.  By the same token, answering detailed questions concerning a particular claimant's extensive work/exposure history, including various occupations and job site locations, will be very demanding.

Dated: August 14, 2006

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:   (214) 969-4999

**COUNSEL FOR THE LAW OFFICES OF
PETER G. ANGELOS, A PROFESSIONAL
CORPORATION**


/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone:  (302) 656-7540
Facsimile:   (302) 656-7599
E-mail:  dan@dkhogan.com

**LOCAL COUNSEL FOR THE LAW
OFFICES OF PETER G. ANGELOS, A
PROFESSIONAL CORPORATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.,* | ) | Case No. 01-1139 (JFK) |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | |

**DECLARATION OF ARMAND J. VOLTA, JR., IN SUPPORT OF THE RESPONSE OF
THE LAW OFFICES OF PETER G. ANGELOS, P.C., TO THE MOTION TO COMPEL
ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE
ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Armand J. Volta, Jr., declares as follows:

1.     My name is Armand J. Volta, Jr.. I am at attorney in good standing, having been licensed

to practice law in Maryland in 1980, in the District of Columbia in 1989, and in New York in

2000. In 1989, I was admitted to the bar of the United States District Court for the District of

Maryland. I am an attorney with The Law Offices of Peter G. Angelos, A Professional

Corporation ('Angelos'). I have personal knowledge of the matters set forth in this declaration,

and such matters are true.

2.     I have reviewed the Debtor's Motion to Compel Asbestos Personal Injury Claimants to

Respond to the W.R. Grace Asbestos Personal Injury Questionnaire and accompanying exhibits

(the 'Motion'), the Notice of Mediation and Notice of Hearing on Motion to Compel Asbestos

Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire

(the 'Notice"), dated July 17, 2006.

3.     Angelos has and continues to represent thousands of personal injury claimants with

claims against the estate of W.R. Grace & Co. ('W.R. Grace'). My responsibilities at Angelos

include general oversight of claims processing against W.R. Grace on behalf of clients of

Angelos.

4.   Upon information and belief the W.R. Grace questionnaire is at least as detailed and exacting a request for discovery as that which is required from our clients in the ordinary course of litigation. Such requests for information would not be requested of so many individuals simultaneously as is being requested through W.R. Grace's self-described "streamlined" questionnaire.

5.   Angelos received in excess of 5500 questionnaires. Of those 5500 questionnaires, Angelos submitted to W.R. Grace approximately 4500. Approximately 500 of the 5500 Angelos received from the Debtor were questionnaires directed to clients of another law firm, which were subsequently forwarded to those law firms with Angelos notifying Rust Consulting Inc. ('Rust') of same. Approximately 350 were not returned by Angelos clients to Angelos for various reasons including but not limited to no legal representative having yet been appointed, inaccurate addresses, as well as some clients' unwillingness to execute the questionnaire on the basis of the questionnaire's excessive intrusiveness beyond the ordinary course of previous discovery requests.

6.   In responding to the Debtor's Questionnaire, this office expended a tremendous amount of time, effort, and financial resources consistent with our obligations to our clients and the Order of Court. Specifically but not exhaustively, the following is a summary of the elements listed above. It should be noted that all the below calculations have been conservatively estimated.

**Information Technology (IT)** - 235 in-house and outside contracting man-hours with a combined expense of approximately $14,000. IT man-hours were specifically spent organizing electronic case information from existing databases to allow the population of the questionnaire, converting the questionnaire to allow completion and submission of the questionnaire to the Debtor in electronic format, as well as the printing, scanning, and organizing of each clients' exhibits in a orderly and accessible format (Angelos submitted a separate electronic folder for

each client containing that client's completed questionnaire, objections, medical documentation and exposure exhibits).

**Postage** - approximately $15,000 (initial mailing, two follow-up mailings and return postage).

**Office Personnel** - 720 man-hours (at an average of $16 per hour or $11,500) were expended mailing, scanning, and tracking questionnaires, fielding supplemental client inquiries, and initiating follow up calls made to ensure timely return of completed and executed questionnaires.

**Printing and copying costs** - approximately $7,500 at $.05 per page.

**Attorney Hours** - 80 hours (at an average of $250 per hour or $20,000) expended reviewing the Questionnaire and determining most efficient approach to comply with the discovery request, supervising the various aspects of firm and client compliance, drafting correspondence and objections associated with the debtor's questionnaire, client contact, and reviewing completed questionnaires for final submission.

7.      Should the Court grant the relief requested by the Debtor, i.e., requiring each question to be answered without reference to attached documentation and in narrative form only, the additional burden makes completing the questionnaire in a timely fashion prohibitive. A conservative estimation of the time required to complete this fourteen page questionnaire, containing a 180 questions at a minimum, results in approximately 3 hours per questionnaire. This estimation is derived by conservatively calculating 30 seconds per question on average,[1] at 180 questions. As stated above, Angelos has received 5000 questionnaires. That figure (5000)

---

[1]This average contemplates that certain questions will require more or less time. Obviously, answering questions concerning routine demographic data will require a minimum of effort. By the same token, answering detailed questions concerning a particular claimant's extensive work/exposure history, including various occupations and job site locations, will be very demanding.

multiplied by 3 hours per questionnaire, results in 15,000 hours. Stated otherwise, one

individual, whether an attorney, paralegal or clerk, would need to work for over 3½ years to

complete such a task.

8.     I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed in the City of Baltimore, in the State of Maryland on the

10th day of August, 2006.

Armand J. Volta, Jr., Esquire
The Law Offices of Peter G. Angelos, P.C.
One Charles Center Plaza
100 North Charles Street
Baltimore, MD 21201
410-649-2000