# Exhibit 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) ) ) | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) ) ) | Case No. 01-01139 (JKF) Jointly Administered |
| Debtors. | ) ) ) | |

### LeBlanc & Waddell, P.C.'s
### Supplement to the Joint Response of Various Law Firms Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the <u>W.R. Grace</u> Asbestos Personal Injury Questionnaire

LeBlanc & Waddell, P.C., by and through its undersigned attorneys, hereby files the following as a supplement ("Supplement") to the Joint Response of Various Law Firms Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Response" and the "Motion to Compel", respectively) and would respectfully show the Court as follows:

In addition to the matters raised in the Response, which is incorporated herein in its entirety, LeBlanc & Waddell, P.C. submits the attached Declaration of Mike Hanners (the "Declaration") in support of the Response. As established in the Declaration, LeBlanc & Waddell, P.C. would respectfully show the Court the following:

1.  At the request of and under the direction of Mr. Hanners, Mr. Hanners and legal assistants employed by Silber Pearlman, LLC, acting on behalf of LeBlanc & Waddell, P.C., were requested to gather all of the requested information and documentation in the Questionnaire for a representative group of asbestos tort claimants represented by LeBlanc & Waddell, P.C. with claims against the Debtor, and then complete the Questionnaire for each of those claimants in the way the Debtor has demanded in its motion to compel. That group of clients included claimants both living and dead, claimants with both malignant and non-malignant diseases, and claimants with various numbers of trades and jobsites.

4.  While completing the Questionnaire, the legal assistants kept track of and reported to Mr. Hanners the time involved in the initial processing of the Questionnaire, the information not readily available to the reviewer, the time required to gather the information and documents not readily available from both in-house and out-of-house resources as necessary, and the time involved in transcribing the data onto the Questionnaire once all the necessary information was obtained.

5.  The time necessary for the completion of the above tasks included, but was not limited to: researching the information on each client available in the firm's database; retrieving additional information as necessary from the client's file as located on the premises, in the file room, or off-premises on our archive location; the estimated retrieval time, based on past experiences, of additional information and documents not currently in the possession of LeBlanc & Waddell, P.C.; and the

physical completion of each client's form once all the necessary information was obtained.

6.   Based on the above study, the average time necessary to complete one Questionnaire in the manner demanded by the Debtors in the motion to compel was estimated.

7.   The Results of this sampling follow, and these figures do *not* include any attorney time to review the completed questionnaires or address privilege or other issues which arise:

> A.   The Average Time to Complete 1 Questionnaire in the Manner Demanded by the Debtor: **5 hours, 29 minutes**.
>
> B.   The Number of Claimants Represented by LeBlanc & Waddell, P.C.: **386**
>
> C.   The Total Hours Needed to Complete All Questionnaires in the Manner Demanded by the Debtor: **2117 hours**.
>
> D.   The Number of weeks needed to Complete All Questionnaires in the Manner Demanded by Debtor if **2 legal assistants** (which is roughly half of the total number of such employees located in Dallas) were dedicated **full-time** to the project: **26 weeks**.
>
> D.   The Cost to LeBlanc & Waddell, P.C. to Complete the Questionnaires in the Manner Demanded by the Debtor: **$49,813.00**.

8. LeBlanc & Waddell, P.C.'s existing responses to the Questionnaires required approximately **103 hours** of time for its legal assistants to complete, not counting the time of attorneys needed for review and to make objections.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well as the reasons set forth in the Response, LeBlanc & Waddell, P.C. prays that the Motion to Compel be denied, and for such other and further relief requested in the Response and to which LeBlanc & Waddell, P.C. is entitled.

Dated: August 14, 2006

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**COUNSEL FOR**
**LEBLANC & WADDELL, P.C.**

/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
E-mail: dan@dkhogan.com

**LOCAL COUNSEL FOR**
**LEBLANC & WADDELL, P.C.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Case No. 01-01139 |
| | § | |
| W.R. Grace & Co., | § | (Chapter 11) |
| | § | |
| Debtor. | § | Hon. Judith Fitzgerald |

### DECLARATION OF MICHAEL HANNERS IN SUPPORT OF THE RESPONSE OF LEBLANC & WADDELL, LLP, TO THE DEBTOR'S MOTION TO COMPEL

1. My name is Michael Hanners. I am over 21 years of age and am legally and mentally competent to make this declaration. The facts set forth herein are either within my personal knowledge or based upon the business records of LeBlanc & Waddell, LLP, and are true and correct.

2. I am an attorney employed at the law firm of Silber Pearlman, LLP in Dallas, Texas and I have read, and am familiar with the Debtors' Asbestos Personal Injury Questionnaire ("Questionnaire") in the above captioned matter. I have also read and am familiar with the Debtors' motion to compel and the complaints made by the Debtors about the way in which this firm has completed the existing Questionnaires, and the way they demand that those Questionnaires must be completed. I have been authorized by LeBlanc & Waddell, LLP, to make this declaration on its behalf.

3. At my request and under my direction, I and legal assistants employed by Silber Pearlman, LLC, acting on behalf of LeBlanc & Waddell, LLP, were requested to gather all of the requested information and documentation in the Questionnaire for a representative group of asbestos tort claimants represented by LeBlanc & Waddell, LLP, with claims against the Debtor, and then complete the Questionnaire for each of those claimants in the way the Debtor has demanded in its motion to compel. That group of clients included claimants both living and dead, claimants with both malignant and non-malignant diseases, and claimants with various numbers of trades and jobsites.

**DECLARATION OF MICHAEL HANNERS IN SUPPORT OF THE RESPONSE OF LEBLANC & WADDELL, LLP TO THE DEBTOR'S MOTION TO COMPEL** – Page 1
10AUG2006 / 5577085.1

4.  While completing the Questionnaire, the legal assistants kept track of and reported to me the time involved in the initial processing of the Questionnaire, the information not readily available to the reviewer, the time required to gather the information and documents not readily available from both in-house and out-of-house resources as necessary, and the time involved in transcribing the data onto the Questionnaire once all the necessary information was obtained.

5.  The time necessary for the completion of the above tasks included, but was not limited to: researching the information on each client available in the firm's database; retrieving additional information as necessary from the client's file as located on the premises, in the file room, or off-premises on our archive location; the estimated retrieval time, based on past experiences, of additional information and documents not currently in the possession of LeBlanc & Waddell, LLP,; and the physical completion of each client's form once all the necessary information was obtained.

6.  Based on the above study, the average time necessary to complete one Questionnaire in the manner demanded by the Debtors in the motion to compel was estimated.

7.  The Results of this sampling follow, and these figures do *not* include any attorney time to review the completed questionnaires or address privilege or other issues which arise:

   A.  The Average Time to Complete 1 Questionnaire in the Manner Demanded by the Debtor: **5 hours, 29 minutes**.

   B.  The Number of Claimants Represented by LeBlanc & Waddell, LLP,: **386**.

   C.  The Total Hours Needed to Complete All Questionnaires in the Manner Demanded by the Debtor: **2117 hours**.

   D.  The Number of weeks needed to Complete All Questionnaires in the Manner Demanded by Debtor if **2 legal assistants** (which is roughly half of the total number of such employees located in Dallas) were dedicated **full-time** to the project: **26 weeks**.

       D.       The Cost to LeBlanc & Waddell, LLP, to Complete the Questionnaires in the Manner Demanded by the Debtor: **$49,813.00.**

8.       Our existing responses to the Questionnaires required approximately **103 hours** of time for our legal assistants to complete, not counting the time of attorneys needed for review and to make objections.

I Declare Under Penalty of Perjury that the Foregoing is True and Correct.

Dated: August 10, 2006.

                                                                 Michael Hanners