# Exhibit 7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

### DAVID LIPMAN, P.A.'S
### SUPPLEMENT TO THE JOINT RESPONSE OF VARIOUS LAW FIRMS REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS IN OPPOSITION TO DEBTOR'S MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

David Lipman, P.A. ("Lipman"), by and through its undersigned attorneys, hereby files the following as a supplement ("Supplement") to the Joint Response of Various Law Firms Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Response" and the "Motion to Compel", respectively)  and would respectfully show the Court as follows:

In addition to the matters raised in the Response, which is incorporated herein in its entirety, Lipman submits the attached Declaration of David Lipman (the "Declaration") in support of the Response.  As established in the Declaration, Lipman would respectfully show the Court the following:

1.    Lipman was provided with approximately 350 questionnaires.  Lipman returned responses for all but about 50 persons who did not return the questionnaire to us.

2.    Generally Lipman retrieved the client folders to obtain the information requested.  Some information it did not have and thus could not provide the information.

3.    Lipman responded to some of the questions by providing attachments.  If not allowed to do so, it would have literally taken months more to complete the questionnaires, and likely Lipman would not be able to do so.  The Lipman firm does not have a dedicated person who can be assigned full time for many months to work on this matter.

4.    In the normal course of litigation, Lipman would not usually be required to respond to such detailed discovery for so many clients all at once.  To be required to do so here is an unreasonable burden which Lipman undertook to the best of its ability.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well as the reasons set forth in the Response, Lipman prays that the Motion to Compel be denied, and for such other and further relief requested in the Response and to which Lipman is entitled.

Dated: August 14, 2006

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

**COUNSEL FOR DAVID LIPMAN, P.A.**


/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone:  (302) 656-7540
Facsimile:  (302) 656-7599
E-mail:  dan@dkhogan.com

**LOCAL COUNSEL FOR**
**DAVID LIPMAN, P.A.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
|  | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

### DECLARATION OF DAVID LIPMAN

1.   I declare under penalty of perjury that the following is true and correct. I have personal knowledge of the matters stated herein.

2.   My name is David Lipman. I am an attorney practicing law in the state of Florida. I represent certain individuals with claims against W.R. Grace, et al. ("Debtors") for personal injuries caused by exposure to asbestos-containing products. I am familiar with the time and expense required to respond to discovery generally, and in particular questionnaires of the type distributed by Debtors in this case.

3.   My firm was provided with approximately 304 questionnaires. We returned responses for all but about 90 persons who did not return the questionnaire to us.

4.   Generally we retrieved the client folders to obtain the information requested. Some information we did not have and thus could not provide the information.

5.   We responded to some of the questions by providing attachments. If we were not allowed to do so, it would have literally taken months more to complete the questionnaires, and likely would not be able to do so. We do not have a dedicated person who can be assigned full time for many months to work on this matter.

6.   In the normal course of litigation, we would not usually be required to respond to such detailed discovery for so many clients all at once. To be required to do so here is an unreasonable burden which we undertook to the best of our ability.

Executed at _MIAMI_____ (city), Florida, on August 8th, 2006.

_____
David Lipman

W:\CORPORATE\WRGRACE\David Lipman P A  (David Lipman).doc