# Exhibit 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) ) ) | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) ) ) | Case No. 01-01139 (JKF) Jointly Administered |
| Debtors. | ) ) ) | |

**CHRIS PARKS & ASSOCIATES'**
**SUPPLEMENT TO THE JOINT RESPONSE OF VARIOUS LAW FIRMS**
**REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS IN OPPOSITION TO DEBTOR'S**
**MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE**
**W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Chris Parks & Associates ("Parks"), by and through its undersigned attorneys, hereby files the following as a supplement ("Supplement") to the Joint Response of Various Law Firms Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Response" and the "Motion to Compel", respectively) and would respectfully show the Court as follows:

In addition to the matters raised in the Response, which is incorporated herein in its entirety, Parks submits the attached Declaration of Chris Parks (the "Declaration") in support of the Response. As established in the Declaration, Parks would respectfully show the Court the following:

1.  To fully answer all questions and provide all responsive documents for a single client to the WR Grace questionnaire, the most experienced Certified Legal Assistant at Parks (who is also a Registered Respiratory Therapist) spent 4.5 hours searching one client's file for different information, making phone calls, looking up addresses, running database queries, making copies of form pages, reviewing instructions, etc. In this amount of time, she completed all sections except part III (exposure to Grace products chart), Part V (exposure to non-Grace products chart) and Part VI (employment history other than those listed in Parts III and V).

2.  To complete sections III, V and VI would have taken an additional three or four hours. This particular client worked at a small number of job sites over his working life. For clients with a large number of work sites, the questionnaire would have taken even longer. Parts III and V would be especially difficult since Part III requires a separate page for each job site and Part V requires a separate page for each Defendant in each client's lawsuit and there can be anywhere from 1 to 150 Defendants in a given suit.

3.  Therefore, it would take approximately nine hours of time from Parks' best, most experienced staff member and certainly more from Parks' less experienced staff. Allotting only ten hours per questionnaire to Parks' 1,060 W.R. Grace claimants, the firm would have to spend 10,600 hours to respond to these Questionnaires. Additionally, each of Parks' clients would have to spend additional time searching for additional information, making phone calls, search for addresses, etc.

4.     Since "the parties' resources" are to be considered when determining whether the burden and expense of discovery outweighs the benefit, it is relevant to note that Parks' employs three attorneys and four legal assistants. Consequently, Parks' clients and the firm staff collectively cannot reasonably expend 10,600+ hours completing a questionnaire. Assuming a legal assistant works 2,000 hours a year, it would have taken ten legal assistants working full time over six months to complete these Questionnaires, meaning Parks would have had to hire six more legal assistants.

5.     Despite these burdens, Parks spent hundreds of hours and responded to the best of its ability to the questionnaire.

6.     In the normal course of litigation, Parks would not usually be required to respond to such detailed discovery for so many clients all at once. To be required to do so here is an unreasonable burden.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well as the reasons set forth in the Response, Parks prays that the Motion to Compel be denied, and for such other and further relief requested in the Response and to which Parks is entitled.

Dated: August 14, 2006                         Sander L. Esserman
                                               Van J. Hooker
                                               David A. Klingler
                                               David J. Parsons
                                               **STUTZMAN, BROMBERG,
                                               ESSERMAN & PLIFKA,
                                               A Professional Corporation**
                                               2323 Bryan Street, Suite 2200
                                               Dallas, Texas 75201
                                               Telephone: (214) 969-4900
                                               Facsimile: (214) 969-4999

                                               **COUNSEL FOR
                                               CHRIS PARKS & ASSOCIATES**


                                               /s/ Daniel K. Hogan
                                               Daniel K. Hogan (ID no. 2814)
                                               **THE HOGAN FIRM**
                                               1311 Delaware Avenue
                                               Wilmington, Delaware 19806
                                               Telephone: (302) 656-7540
                                               Facsimile: (302) 656-7599
                                               E-mail: dan@dkhogan.com

                                               **LOCAL COUNSEL FOR
                                               CHRIS PARKS & ASSOCIATES**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

### DECLARATION OF CHRIS PARKS

1. I declare under penalty of perjury that the following is true and correct. I have personal knowledge of the matters stated herein.
2. My name is Chris Parks. I am an attorney practicing law in the state of Texas. My firm represents certain individuals with claims against W.R. Grace, et al. ("Debtors") for personal injuries caused by exposure to asbestos-containing products. I am familiar with the time and expense required to respond to discovery in asbestos litigation cases.
3. To fully answer all questions and provide all responsive documents for a single client to the WR Grace questionnaire, the most experienced Certified Legal Assistant at Chris Parks and Associates (who is also a Registered Respiratory Therapist) spent 4.5 hours searching one client's file for different information, making phone calls, looking up addresses, running database queries, making copies of form pages, reviewing instructions, etc. In this amount of time, she completed all sections except part III (exposure to Grace products chart), Part V (exposure to non-Grace products chart) and Part VI (employment history other than those listed in Parts III and V).
4. To complete sections III, V and VI would have taken an additional three or four hours. This particular client worked at a small number of job sites over his working life. For clients with a large number of work sites, the questionnaire would have taken even longer. Parts III and V would be especially difficult since Part III requires a separate page for each job site and Part V requires a separate page for each Defendant in each client's lawsuit and there can be anywhere from 1 to 150 Defendants in a given suit.

5. Therefore, it would take approximately nine hours of time from our best, most experienced staff member and certainly more from our less experienced staff. Allotting only ten hours per questionnaire to our 1,060 W.R. Grace claimants, our firm would have to spend 10,600 hours to respond to these Questionnaires. Additionally, each of our clients would have to spend additional time searching for additional information, making phone calls, search for addresses, etc.

6. Since "the parties' resources" are to be considered when determining whether the burden and expense of discovery outweighs the benefit, it is relevant to note that our firm employs three attorneys and four legal assistants. Consequently, our clients and our firm staff collectively cannot reasonably expend 10,600+ hours completing a questionnaire. Assuming a legal assistant works 2,000 hours a year, it would have taken ten legal assistants working full time over six months to complete these Questionnaires, meaning we would have had to hire six more legal assistants.

7. Despite these burdens, our firm spent hundreds of hours and responded to the best of our ability to the questionnaire.

8. In the normal course of litigation, we would not usually be required to respond to such detailed discovery for so many clients all at once. To be required to do so here is an unreasonable burden.

Executed at _Port Arthur_ (city), Texas, on August _9th_, 2006.

_____
Chris Parks