# Exhibit 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|                          |     |                          |
|--------------------------|-----|--------------------------|
| IN RE:                   | )   | Chapter 11               |
|                          | )   |                          |
| W.R. GRACE & CO., *et al.*, | )   | Case No. 01-01139 (JKF)  |
|                          | )   | Jointly Administered     |
|                          | )   |                          |
| Debtors.                 | )   |                          |
|                          | )   |                          |

ROBERT PIERCE & ASSOCIATES'
SUPPLEMENT TO THE JOINT RESPONSE OF VARIOUS LAW FIRMS
REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS IN OPPOSITION TO DEBTOR'S
MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE
W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Robert Pierce & Associates ("Pierce"), by and through its undersigned attorneys, hereby files the following as a supplement ("Supplement") to the Joint Response of Various Law Firms Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Response" and the "Motion to Compel", respectively) and would respectfully show the Court as follows:

In addition to the matters raised in the Response, which is incorporated herein in its entirety, Pierce submits the attached Declaration of Scott Marshall (the "Declaration") in support of the Response. As established in the Declaration, Pierce would respectfully show the Court the following:

1.      Pierce was presented with 26 boxes of questionnaires from Debtors that were not in any cognizable order (only some of the questionnaires were even in alphabetical order).  The questionnaires had only first and last name (no middle initial) and no social security number. It took two employees over a month to search and organize the individual questionnaires shipped in the 26 boxes. Pierce completed, mailed and evaluated questionnaires on approximately 1,400 claimants and submitted questionnaires on approximately 855 claimants.

2.      Because the original deadline for returning questionnaires was January 12, 2006, Pierce's employees worked to complete the questionnaires by that date - without having the benefit of knowing there would be subsequent extensions. The questionnaires needed to be completed by hand because there was no template to use for merging information.

3.      Pierce did not raise general objections to the questions.  However, Pierce did respond to some of the questions by providing attachments.  If not allowed to do so, and if Pierce were required to answer the questionnaire other than how it did, it would have taken Pierce approximately four (4) times as long to complete the questionnaires, and the huge burden already imposed on the law firm would have increased by many multiples.  Generally the attachments contain information that could not fit in the small space provided on the questionnaire, or otherwise contained information that does not lend itself to narrative response. Even if there was enough room on the questionnaire, it would be a totally

unnecessary burden on Pierce to be required to repeat and re-write verbatim the information from the attachment into the questionnaire.

4.      In the normal course of litigation, Pierce would not usually be required to respond to such detailed discovery for so many clients all at once.  To be required to do so here is an unreasonable burden which Pierce undertook to the best of its ability.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well as the reasons set forth in the Response, Pierce prays that the Motion to Compel be denied, and for such other and further relief requested in the Response and to which Pierce is entitled.

Dated: August 14, 2006

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

**COUNSEL FOR**
**ROBERT PIERCE & ASSOCIATES**


/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone:  (302) 656-7540
Facsimile:   (302) 656-7599
E-mail:  dan@dkhogan.com

**LOCAL COUNSEL FOR**
**ROBERT PIERCE & ASSOCIATES**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-01139 (JKF) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

### DECLARATION OF ROBERT N. PEIRCE, JR.

1.  I declare under penalty of perjury that the following is true and correct. I have personal knowledge of the matters stated herein.

2.  My name is Robert N. Peirce, Jr. I am an attorney practicing law in the state of Pennsylvania with the firm of Robert Pierce and Associates. My firm represents certain individuals with claims against W.R. Grace, et al. ("Debtors") for personal injuries caused by exposure to asbestos-containing products. I am familiar with the time and expense required to respond to discovery in asbestos litigation cases.

3.  We were presented with approximately 26 boxes of questionnaires from Debtors that were not in any cognizable order (only some of the questionnaires were even in alphabetical order). The questionnaires had only first and last name (no middle initial) and no social security number. It took two employees over a month to search and organize the individual questionnaires shipped in the 26 boxes. My firm completed, mailed and evaluated questionnaires on approximately 1,400 claimants and submitted questionnaires on approximately 855 claimants.

4.  Because the original deadline for returning questionnaires was January 12, 2006, we worked to complete the questionnaires by that date - without having the benefit of knowing there would be subsequent extensions. The questionnaires needed to be completed by hand because there was no template to use for merging information.

5.  We did not raise general objections to the questions. However, we did respond to some of the questions by providing attachments. If we were not allowed to do so, and if we were required to answer the questionnaire other than how we did, I estimate that it would have taken us approximately four (4) times as long to complete the questionnaires, and the huge burden already imposed on my firm would have increased by many multiples. Generally the attachments

contain information that could not fit in the small space provided on the questionnaire, or otherwise contained information that does not lend itself to narrative response. Even if there was enough room on the questionnaire, it would be a totally unnecessary burden on us to be required to repeat and re-write verbatim the information from the attachment into the questionnaire.

6.    In the normal course of litigation, we would not usually be required to respond to such detailed discovery for so many clients all at once. To be required to do so here is an unreasonable burden which we undertook to the best of our ability.

Executed at Pittsburgh (city), PA (state), on August 9, 2006.

Robert N. Peirce, Jr.