# Exhibit 11

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
|  | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

### REAUD MORGAN & QUINN, L.L.P.'S
### SUPPLEMENT TO THE JOINT RESPONSE OF VARIOUS LAW FIRMS
### REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS IN OPPOSITION TO DEBTOR'S
### MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE
### W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Reaud Morgan & Quinn, L.L.P. ("Reaud Morgan"), by and through its undersigned attorneys, hereby files the following as a supplement ("Supplement") to the Joint Response of Various Law Firms Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Response" and the "Motion to Compel", respectively) and would respectfully show the Court as follows:

In addition to the matters raised in the Response, which is incorporated herein in its entirety, Reaud Morgan submits the attached Declaration of Danyel Marquardt (the "Declaration") in support of the Response. As established in the Declaration, Reaud Morgan would respectfully show the Court the following:

1.      Reaud Morgan submitted 60 completed questionnaires to Debtors.  It took 2-3 legal assistants working 8 hours per day for 2-3 weeks to complete the questionnaires.  Ms. Marquardt assisted the legal assistants with this matter.  The legal assistants either hand wrote all answers or typed responses to the various questions contained in the questionnaire.  The legal assistants contacted clients for assistance with questions in the questionnaire. Further, if the client was deceased, the legal assistant contacted family members and co-workers for assistance with questions in the questionnaire.  The legal assistants had to make copies of every questionnaire, medical records, death certificates, letters testamentary, depositions (where available), etc. and then mailed them to the client to review and sign. Labels and envelopes were made to mail the questionnaires to the clients that required different size envelopes and amounts of postage depending on how large the questionnaires were.  If the client did not return the questionnaire, the legal assistants had to follow-up with them by telephone, in person or by U.S. mail.  Once the signed questionnaires were returned to Reaud Morgan by all clients, the legal assistants made a copy for the file and prepared the original questionnaires for forwarding to Debtors.  The legal assistants made a folder for each client for Reaud Morgan's copy of the questionnaire.

2.      For many of the questions on the questionnaires, there was insufficient room to respond on the questionnaire.  Therefore, the legal assistants typed the answer on an attachment that was referenced in the questionnaire.  Even if there

was enough room for a response, it would be burdensome to re-state the attachment verbatim.

3.     It has been unreasonably burdensome for Reaud Morgan to respond to the questionnaires.  However, the firm did so to the best of its ability.  Furthermore, it would be much more burdensome to respond to the questionnaires in the manner requested by Debtors.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well as the reasons set forth in the Response, Reaud Morgan prays that the Motion to Compel be denied, and for such other and further relief requested in the Response and to which Reaud Morgan is entitled.

Dated: August 14, 2006

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999
**COUNSEL FOR
REAUD MORGAN & QUINN, L.L.P.**


/s/ Kathleen M. Miller
Kathleen M. Miller (ID no. 2898)
**SMITH, KATZENSTEIN &
FURLOW, LLP**
800 Delaware Avenue, 7th Floor
Wilmington, Delaware 19899
Telephone:  (302) 652-8400
Facsimile:  (302) 654-8405
E-mail:  KMM@skfdelaware.com

**LOCAL COUNSEL FOR
REAUD MORGAN & QUINN, L.L.P.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § § § | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | § § | Case No. 01-01139 (JKF) |
| Debtors. | § | Jointly Administered |
| | § § § | |

### DECLARATION OF DANYEL MARQUARDT

1. I declare under penalty of perjury that the following is true and correct. I have personal knowledge of the matters stated herein.

2. My name is Danyel Marquardt. I am the Senior Legal Assistant with Reaud, Morgan & Quinn, L.L.P. ("RMQ"). RMQ represents certain individuals with claims against W.R. Grace, et al. ("Debtors") for personal injuries caused by exposure to asbestos-containing products. I am familiar with the time and expense required to respond to discovery generally, and in particular questionnaires of the type distributed by Debtors in this case.

3. RMQ submitted 60 completed questionnaires to Debtors. It took 2-3 legal assistants working 8 hours per day for 2-3 weeks to complete the questionnaires. I assisted the legal assistants with this matter. The legal assistants either hand wrote all answers or typed responses to the various questions contained in the questionnaire. The legal assistants contacted clients for assistance with questions in the questionnaire. Further, if the client was deceased, the legal assistant contacted family members and co-workers for assistance with questions in the questionnaire. The legal assistants had to make copies of every questionnaire, medical records, death certificates, letters testamentary, depositions (where available), etc. and then mailed them to the client to review and sign. Labels and envelopes were made to mail the questionnaires to the clients that required different size envelopes and amounts of postage depending on how large the questionnaires were. If the client did not return the questionnaire, the legal assistants had to follow-up with them by telephone, in person or by U.S. mail. Once the signed questionnaires were returned to RMQ by all clients, the legal assistants made a copy for the file and prepared the original questionnaires for forwarding to Debtors. The legal assistants made a folder for each client for RMQ's copy of the questionnaire.

4. For many of the questions on the questionnaires, there was insufficient room to respond on the questionnaire. Therefore, the legal assistants typed the answer on an attachment that was referenced in the questionnaire. Even if there was enough room for a response, it would be burdensome to re-state the response verbatim.

5. It has been unreasonably burdensome to respond to the questionnaires. However, we have done so to the best of our ability. Furthermore, it would be much more burdensome to respond to the questionnaires in the manner requested by Debtors.

Executed at Beaumont Texas, on August 10, 2006.

Danyel Marquardt