# Exhibit 12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

SIEBEN, POLK, LAVERDIERE AND DUSICH, P.A.'S
SUPPLEMENT TO THE JOINT RESPONSE OF VARIOUS LAW FIRMS
REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS IN OPPOSITION TO DEBTOR'S
MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE
W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Sieben, Polk, LaVerdiere and Dusich, P.A. ("Sieben Polk"), by and through its undersigned attorneys, hereby files the following as a supplement ("Supplement") to the Joint Response of Various Law Firms Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Response" and the "Motion to Compel", respectively) and would respectfully show the Court as follows:

In addition to the matters raised in the Response, which is incorporated herein in its entirety, Sieben Polk submits the attached Declaration of Richard LaVerdiere (the "Declaration") in support of the Response. As established in the Declaration, Sieben Polk would respectfully show the Court the following:

1. Sieben Polk submitted 199 completed questionnaires. As Mr. LaVerdiere testifies, it was the firm's intent, as well as that of its clients, to substantially comply with the Court's order and to provide complete responses without waiving the firm's clients' rights under the Minnesota Rules of Civil Procedure and the Minnesota Asbestos Case Management Order.

2. Sieben Polk responded to some of the questions by providing attachments. If not allowed to do so, the huge burden already imposed on Sieben Polk would have been multiplied many fold. Generally the attachments contain information that could not fit in the small space provided on the questionnaire, or otherwise contained information that does not lend itself to narrative response. Even if there were enough room on the questionnaire, it would be a totally unnecessary burden on Sieben Polk to be required to repeat and re-write verbatim the information from the attachment into the questionnaire.

3. If Sieben Polk is required to complete the questionnaire as requested by Debtors, Mr. Verdiere estimates that it would take two paralegals working full-time on this project 20 work weeks to complete the request. More importantly, his firm has 10 attorneys and 7 paralegals already working full-time on various litigation matters. The burden and cost to the firm, and ultimately each and every one of its clients, would be immeasurable.

4. In addition to the staff time in completing the questionnaire, additional staff would be required to copy "any and all" documents relevant to medical and product identification. Currently in submitting claims with other

bankruptcy trusts, the firm is allowed to submit portions of depositions identifying job sites and products by co-workers. If Sieben Polk was required by Grace to make copies of all documents and depositions for each client, there would be countless duplication of material that would be both inefficient and senseless. Mr. LaVerdiere conservatively estimates a minimum of 300 pages per questionnaire.

5. Sieben Polk's charges for copying are $.25/page first 50 pages; $.20/page thereafter. This would be unfairly charged to the Sieben Polk clients as a cost. In addition, copy costs for outside entities, such as law firms, is $.25/page with a $20/hour fee for copying, with a minimum charge of $20.

6. In the normal course of litigation, Sieben Polk would not usually be required to respond to such detailed discovery for so many clients all at once. To be required to do so here is an unreasonable burden which Sieben Polk undertook to the best of its ability.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well as the reasons set forth in the Response, Sieben Polk prays that the Motion to Compel be denied, and for such other and further relief requested in the Response and to which Sieben Polk is entitled.

| | |
|---|---|
| Dated: August 14, 2006 | Sander L. Esserman |
| | Van J. Hooker |
| | David A. Klingler |
| | David J. Parsons |
| | **STUTZMAN, BROMBERG,** |
| | **ESSERMAN & PLIFKA,** |
| | **A Professional Corporation** |
| | 2323 Bryan Street, Suite 2200 |
| | Dallas, Texas 75201 |
| | Telephone: (214) 969-4900 |
| | Facsimile: (214) 969-4999 |
| | |
| | **COUNSEL FOR SIEBEN, POLK,** |
| | **LAVERDIERE AND DUSICH, P.A.** |
| | |
| | /s/ Daniel K. Hogan |
| | Daniel K. Hogan (ID no. 2814) |
| | **THE HOGAN FIRM** |
| | 1311 Delaware Avenue |
| | Wilmington, Delaware 19806 |
| | Telephone: (302) 656-7540 |
| | Facsimile: (302) 656-7599 |
| | E-mail: dan@dkhogan.com |
| | |
| | **LOCAL COUNSEL FOR SIEBEN, POLK,** |
| | **LAVERDIERE AND DUSICH, P.A.** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |

### DECLARATION OF RICHARD LAVERDIERE

1. I declare under penalty of perjury that the following is true and correct. I have personal knowledge of the matters stated herein.
2. My name is Richard LaVerdiere. I am an attorney practicing law in the state of Minnesota with the firm of Sieben, Polk, LaVerdiere and Dusich, P.A. My firm represents certain individuals with claims against W.R. Grace, et al. ("Debtors") for personal injuries caused by exposure to asbestos-containing products. I am familiar with the time and expense required to respond to discovery in asbestos litigation cases.
3. My firm submitted 199 completed questionnaires. It was our intent, as well as our clients', to substantially comply with the Court's order and to provide complete responses without waiving our clients' rights under the Minnesota Rules of Civil Procedure and the Minnesota Asbestos Case Management Order.
4. We responded to some of the questions by providing attachments. If we were not allowed to do so, the huge burden already imposed on us would have been multiplied many fold. Generally the attachments contain information that could not fit in the small space provided on the questionnaire, or otherwise contained information that does not lend itself to narrative response. Even if there were enough room on the questionnaire, it would be a totally unnecessary burden on us to be required to repeat and re-write verbatim the information from the attachment into the questionnaire.
5. If we are required to complete the questionnaire as requested by Debtors, we estimate it would take two paralegals working full-time on this project 20 work weeks to complete the request. More importantly, our firm has 10 attorneys and 7 paralegals already working full-time on various litigation matters. The burden and cost to our firm, and ultimately each and every one of our clients, would be immeasurable.

6.  In addition to the staff time in completing the questionnaire, additional staff would be required to copy "any and all" documents relevant to medical and product identification. Currently in submitting claims with other bankruptcy trusts, we can submit portions of depositions identifying job sites and products by co-workers. If we are required by Grace to make copies of all documents and depositions for each client, there would be countless duplication of material that would be both inefficient and senseless. We conservatively estimate a minimum of 300 pages per questionnaire.

7.  Our charges for copying are $.25/page first 50 pages; $.20/page thereafter. This would be unfairly charged to our clients as a cost. In addition, copy costs for outside entities, such as law firms, is $.25/page with a $20/hour fee for copying, with a minimum charge of $20.

8.  In the normal course of litigation, we would not usually be required to respond to such detailed discovery for so many clients all at once. To be required to do so here is an unreasonable burden which we undertook to the best of our ability.

Executed at _Hastings_ (city), _MN_ (state), on August _10_, 2006.

_____
Richard LaVerdiere