# Exhibit 13

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

**SILBER PEARLMAN, LLP'S
SUPPLEMENT TO THE JOINT RESPONSE OF VARIOUS LAW FIRMS
REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS IN OPPOSITION TO DEBTOR'S
MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE
W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Silber Pearlman, LLP, by and through its undersigned attorneys, hereby files the following as a supplement ("Supplement") to the Joint Response of Various Law Firms Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Response" and the "Motion to Compel", respectively) and would respectfully show the Court as follows:

In addition to the matters raised in the Response, which is incorporated herein in its entirety, Silber Pearlman, LLP submits the attached Declaration of Mike Hanners (the "Declaration") in support of the Response. As established in the Declaration, Silber Pearlman, LLP would respectfully show the Court the following:

1.      At Mr. Hanners' request and under his direction, legal assistants at Silber Pearlman, LLP were requested to gather all of the requested information and

documentation in the questionnaire for a representative group of asbestos tort claimants with claims against the Debtor, and then complete the questionnaire for each of those claimants in the way the Debtor has demanded in its motion to compel.  The group of clients included claimants both living and dead, claimants with both malignant and non-malignant diseases, and claimants with various numbers of trades and jobsites.

      2.      While completing the questionnaire, the legal assistants kept track of and reported to Mr. Hanners the time involved in the initial processing of the questionnaire, the information not readily available to the reviewer, the time required to gather the information and documents not readily available from both in-house and out-of-house resources as necessary, and the time involved in transcribing the data onto the questionnaire once all the necessary information was obtained.

      3.      The time necessary for the completion of the above tasks included, but was not limited to: researching the information on each client available in the firm's database; retrieving additional information as necessary from the client's file as located on the premises, in the file room, or off-premises on our archive location; the estimated retrieval time, based on past experiences, of additional information and documents not currently in the possession of Silber Pearlman, LLP; and the physical completion of each client's form once all the necessary information was obtained.

4.      Based on the above study, the average time necessary to complete one questionnaire in the manner demanded by the Debtors in the motion to compel was estimated.

5.      The results of this sampling follow, and these figures do *not* include any attorney time to review the completed questionnaires or address privilege or other issues which arise:

        A.      The Average Time to Complete 1 Questionnaire in the Manner Demanded by the Debtor: **7 hours, 3 minutes**.

        B.      The Number of Claimants Represented by Silber Pearlman, LLP: **3201**

        C.      The Total Hours Needed to Complete All Questionnaires in the Manner Demanded by the Debtor: **22,567 hours**.

        D.      The Number of weeks needed to Complete All Questionnaires in the Manner Demanded by Debtor if **6 legal assistants** (the most who could realistically be devoted to this project) were dedicated **full-time** to the project: **94 weeks**.

        D.      The Cost to Silber Pearlman, LLP to Complete the Questionnaires in the Manner Demanded by the Debtor: **$449,986.00**

6.      Completing the existing responses to the questionnaires required approximately **674 hours** of time for Silber Pearlman legal assistants to complete, not counting the time of attorneys needed for review and to make objections.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well as the reasons set forth in the Response, Silber Pearlman, LLP prays that the Motion to Compel be denied, and for such other and further relief requested in the Response and to which Silber Pearlman, LLP is entitled.

Dated: August 14, 2006

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**COUNSEL FOR SILBER PEARLMAN, LLP**

/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
E-mail: dan@dkhogan.com

**LOCAL COUNSEL FOR SILBER PEARLMAN, LLP**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Case No. 01-01139 |
| | § | |
| W.R. Grace & Co., | § | (Chapter 11) |
| | § | |
| Debtor. | § | Hon. Judith Fitzgerald |

## DECLARATION OF MICHAEL HANNERS IN SUPPORT OF THE RESPONSE OF SILBER PEARLMAN, LLP TO THE DEBTOR'S MOTION TO COMPEL

1. My name is Michael Hanners. I am over 21 years of age and am legally and mentally competent to make this declaration. The facts set forth herein are either within my personal knowledge or based upon the business records of Silber Pearlman, LLP, and are true and correct.

2. I am an attorney employed at the law firm of Silber Pearlman, LLP in Dallas, Texas and I have read, and am familiar with the Debtors' Asbestos Personal Injury Questionnaire ("Questionnaire") in the above captioned matter. I have also read and am familiar with the Debtors' motion to compel and the complaints made by the Debtors about the way in which this firm has completed the existing Questionnaires, and the way they demand that those Questionnaires must be completed.

3. At my request and under my direction, legal assistants at Silber Pearlman, LLP were requested to gather all of the requested information and documentation in the Questionnaire for a representative group of asbestos tort claimants with claims against the Debtor, and then complete the Questionnaire for each of those claimants in the way the Debtor has demanded in its motion to compel. The group of clients included claimants both living and dead, claimants with both malignant and non-malignant diseases, and claimants with various numbers of trades and jobsites.

4. While completing the Questionnaire, the legal assistants kept track of and reported to me the time involved in the initial processing of the Questionnaire, the information not readily available to the

DECLARATION OF MICHAEL HANNERS IN SUPPORT OF THE RESPONSE OF
SILBER PEARLMAN, LLC TO THE DEBTOR'S MOTION TO COMPEL – Page 1
10AUG2006 / 5577087.1

reviewer, the time required to gather the information and documents not readily available from both in-house and out-of-house resources as necessary, and the time involved in transcribing the data onto the Questionnaire once all the necessary information was obtained.

5. The time necessary for the completion of the above tasks included, but was not limited to: researching the information on each client available in the firm's database; retrieving additional information as necessary from the client's file as located on the premises, in the file room, or off-premises on our archive location; the estimated retrieval time, based on past experiences, of additional information and documents not currently in the possession of Silber Pearlman, LLP; and the physical completion of each client's form once all the necessary information was obtained.

6. Based on the above study, the average time necessary to complete one Questionnaire in the manner demanded by the Debtors in the motion to compel was estimated.

7. The Results of this sampling follow, and these figures do *not* include any attorney time to review the completed questionnaires or address privilege or other issues which arise:

    A. The Average Time to Complete 1 Questionnaire in the Manner Demanded by the Debtor: **7 hours, 3 minutes**.

    B. The Number of Claimants Represented by Silber Pearlman, LLP: **3201**.

    C. The Total Hours Needed to Complete All Questionnaires in the Manner Demanded by the Debtor: **22,567 hours**.

    D. The Number of weeks needed to Complete All Questionnaires in the Manner Demanded by Debtor if **6 legal assistants** (the most who could realistically be devoted to this project) were dedicated **full-time** to the project: **94 weeks**.


  D. The Cost to Silber Pearlman, LLP to Complete the Questionnaires in the Manner Demanded by the Debtor: **$449,986.00**.

8. Our existing responses to the Questionnaires required approximately **674 hours** of time for our legal assistants to complete, not counting the time of attorneys needed for review and to make objections.

I Declare Under Penalty of Perjury that the Foregoing is True and Correct.

Dated: August 10, 2006.

              */s/ Michael Hanners*
              Michael Hanners