# Exhibit 17

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

**WILLIAMS BAILEY LAW FIRM, L.L.P.'S
SUPPLEMENT TO THE JOINT RESPONSE OF VARIOUS LAW FIRMS
REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS IN OPPOSITION TO DEBTOR'S
MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE
W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Williams Bailey Law Firm, L.L.P. ("Williams Bailey"), by and through its undersigned attorneys, hereby files the following as a supplement ("Supplement") to the Joint Response of Various Law Firms Representing Asbestos Personal Injury Claimants in Opposition to Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Response" and the "Motion to Compel", respectively) and would respectfully show the Court as follows:

In addition to the matters raised in the Response, which is incorporated herein in its entirety, Williams Bailey submits the attached Declaration of Robert Shuttlesworth (the "Declaration") in support of the Response. As established in the Declaration, Williams Bailey would respectfully show the Court the following:

1.      Williams Bailey returned 302 completed questionnaires to Grace.  The firm had to assign three paralegals to complete the project.  Initially, it took the paralegals approximately 5 days to sort through all of the questionnaires received and match the names with clients in Williams Bailey's database.  Because the firm had many clients with similar names, and Grace did not include social security numbers with the questionnaires, this exercise took Williams Bailey's paralegals approximately a week, for a total of 112.5 hours (37.5 hours x 3 persons).

2.      The same three paralegals then had to cross-reference the questionnaires against Williams Bailey's 2019 statement and review the client records to determine the correct questionnaires requiring response.  This took them about approximately 20 hours, for a total of 60 hours (20 hours x 3 persons).

3.      They then had to review all of the deposition testimony, interrogatory answers, medical reports and other discovery for the entire 800 claimants.  This took approximately one month, for a total of 450 hours (37.5 hours x 4 weeks x 3 persons).

4.      The downloading of the discovery material onto individual client disks took another week and was accomplished by two staff persons, for a total of 75 hours (37.5 hours x 2 persons).

5.      The sorting of the materials for the mailing back to Grace took 3 persons approximately 3 days, for a total of 45 hours (22.5 hours x 2 persons).

6.      Thus the total man hours spent on this project so far by Williams Bailey personnel is approximately 742 hours, which Mr. Shuttlesworth testifies is a

conservative estimate.  This exercise was an extreme burden endured by the law firm.

7.    Williams Bailey responded to some of the questions by providing attachments.  If not allowed to do so, the huge burden already imposed on the firm would have been multiplied many fold.  Generally the attachments contain information that could not fit in the small space provided on the questionnaire, or otherwise contained information that does not lend itself to narrative response. Even if there were enough room on the questionnaire, it would be a totally unnecessary burden on Williams Bailey to be required to repeat and re-write verbatim the information from the attachment into the questionnaire.

8.    Mr. Shuttlesworth estimates that if not allowed to use attachments and if the firm had to complete the questionnaire other than how it did, the time to complete it would double, requiring another 1500 hours of Williams Bailey's employee's time.

9.    In the normal course of litigation, Williams Bailey would not usually be required to respond to such detailed discovery for so many clients all at once.  To be required to do so here is an unreasonable burden which Williams Bailey undertook to the best of its ability.

WHEREFORE, for the foregoing reasons set forth in this Supplement, as well as the reasons set forth in the Response, Williams Bailey prays that the Motion to

Compel be denied, and for such other and further relief requested in the Response and to which Williams Bailey is entitled.


Dated: August 14, 2006

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**COUNSEL FOR
WILLIAMS BAILEY LAW FIRM, L.L.C**

/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
E-mail: dan@dkhogan.com

**LOCAL COUNSEL FOR
WILLIAMS BAILEY LAW FIRM, L.L.C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |
|  | ) |  |

## DECLARATION OF ROBERT SHUTTLESWORTH

1.  I declare under penalty of perjury that the following is true and correct. I have personal knowledge of the matters stated herein.

2.  My name is Robert Shuttlesworth. I am an attorney practicing law in Texas with the law firm of Williams Bailey Law Firm, L.L.P. Williams Bailey represents certain individuals with claims against W.R. Grace, et al. ("Debtors") for personal injuries caused by exposure to asbestos-containing products. I am familiar with the time and expense required to respond to discovery in asbestos litigation cases.

3.  My firm returned 302 completed questionnaires to Grace. I had to assign three paralegals to complete the project. Initially, it took them approximately 5 days to sort through all of the questionnaires we received and match the names with clients in our database. As we had many clients with similar names, and Grace did not include social security numbers with the questionnaires, this exercise took my paralegals approximately a week, for a total of 112.5 hours (37.5 hours x 3 persons).

4.  The same three paralegals then had to cross-reference the questionnaires against our 2019 statement and review the client records to determine the correct questionnaires requiring response. This took them about approximately 20 hours, for a total of 60 hours (20 hours x 3 persons).

5.  They then had to review all of the deposition testimony, interrogatory answers, medical reports and other discovery for the entire 800 claimants. This took approximately one month, for a total of 450 hours (37.5 hours x 4 weeks x 3 persons).

6.  The downloading of the discovery material onto individual client disks took another week and was accomplished by two staff persons, for a total of 75 hours (37.5 hours x 2 persons).

7.  The sorting of the materials for the mailing back to Grace took 3 persons approximately 3 days, for a total of 45 hours (22.5 hours x 2 persons).

8.  Thus the total man hours spent on this project so far is approximately 742 hours, which is a conservative estimate. This exercise was an extreme burden endured by our firm.

9.  We responded to some of the questions by providing attachments. If we were not allowed to do so, the huge burden already imposed on us would have been multiplied many fold. Generally the attachments contain information that could not fit in the small space provided on the questionnaire, or otherwise contained information that does not lend itself to narrative response. Even if there were enough room on the questionnaire, it would be a totally unnecessary burden on us to be required to repeat and re-write verbatim the information from the attachment into the questionnaire.

10.  I estimate that if we were not allowed to use attachments and if we had to complete the questionnaire other than how we did, the time to complete it would double, requiring another 1500 hours of our employee's time.

11.  In the normal course of litigation, we would not usually be required to respond to such detailed discovery for so many clients all at once. To be required to do so here is an unreasonable burden which we undertook to the best of our ability.

Executed at ___Houston___ (city), Texas, on August _10th_, 2006.

Robert Shuttlesworth