IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>Jointly Administered<br><br>Objection Deadline: August 4, 2006 at 4:00 p.m.<br>(Extended for Libby Claimants to August 14, 2006)<br>Hearing Date: September 11, 2006 at 10:00 a.m.<br>Related Docket No. 12823 and 12933 |

## LIBBY CLAIMANTS' OBJECTION TO DEBTORS' MOTION TO COMPEL RESPONSES TO THEIR QUESTIONNAIRES

Claimants injured by exposure to tremolite asbestos from the Debtors' operations near Libby, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby object to the Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire filed July 17, 2006 [D.I. 12823] (the "Motion to Compel"). As more fully set forth below, the Libby Claimants have properly completed their Questionnaires. Because the Motion to Compel fails to assert any specific allegation to the contrary, the Libby Claimants contend that the Motion to Compel is inappropriate and improperly directed to them. In light of the general nature of the Motion to Compel, the Libby Claimants support and join in the general objections to the Motion to Compel filed by the Official Committee of Asbestos Personal-Injury Claimants (the "PI Committee") on August 4, 2006 [D.I. 12933]. To the extent the Motion to Compel is directed to the Libby Claimants, the Libby Claimants submit that the Motion to

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 12645], as it may be amended and restated from time to time.

393.001-13444.doc

Compel alleges deficiencies in Questionnaires that simply do not exist in the Libby Claimants' Questionnaires. In support of this Objection, the Libby Claimants state:

### I.    Background

1. On April 2, 2001, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

2. In accordance with the Bankruptcy Court's order dated April 27, 2006, on or before July 12, 2006, the Libby Claimants that were required to complete an Asbestos Personal Injury Questionnaire (the "Questionnaire") submitted their Questionnaires to Rust Consulting, Inc.

3. Presumably without reviewing the Libby Claimants' Questionnaires, on July 17, 2006, the Debtors filed the Motion to Compel. By the Motion to Compel, the Debtors assert that many of the Questionnaires that they had received to date were deficient in three respects: (1) objections to questions posed in the Questionnaire; (2) attachments in lieu of responding to the questions asked in the Questionnaire; and (3) failure of either the claimant or his or her counsel to sign the Questionnaire.

4. The Motion to Compel did not contain any specific allegation of material non-compliance directed to the Libby Claimants. Indeed, the Libby Claimants assert that all of their Questionnaires have been properly completed.[2] Accordingly, on August 4, 2006, counsel to the Libby Claimants sent a letter to the Debtors' counsel, requesting that the Debtors confirm that

---

[2] As discussed below, and for the reasons noted, three Questionnaires have not yet been signed by a Libby Claimant.

they were not seeking relief against the Libby Claimants in the Motion to Compel. As of the time of this filing, the Debtors have not responded.

## II.     Argument

5.     The Libby Claimants have properly completed their Questionnaires. The alleged deficiencies noted in the Motion to Compel do not exist in the Questionnaires submitted by the Libby Claimants. Specifically, (a) the Libby Claimants did not lodge any objections to specific questions posed in the Questionnaire (the Questionnaire of Robert R. Barnes is representative of all Libby Claimants' Questionnaires in this regard, and it is attached as Exhibit A (without medical records attached)); (b) when "see attached chest x-rays" or a similar response was utilized, there was also a reference to notes providing a narrative response (again, the attached Questionnaire of Robert R. Barnes is representative in this regard); and (c) all Libby Claimants' Questionnaires were signed by their Montana counsel, and 166 out of 169 Libby Claimants' Questionnaires were also signed by the claimant. With respect to the three Questionnaires not signed by a Libby Claimant, in one instance the claimant died and a personal representative has not yet been appointed; in the other two instances, counsel is still attempting to arrange for the signature.

6.     In sum, the Libby Claimants submitted responsive Questionnaires consistent with good faith as well as the letter of the discovery rules. Absent any specific allegation of material non-compliance directed to Libby Claimants, the Motion to Compel is inappropriate and improperly directed to the Libby Claimants.[3]

---

[3] In the event the Debtors do ultimately allege non-compliance by the Libby Claimants, the Libby Claimants reserve all rights to respond to such allegations.

393.001-13444.doc

### III.   Conclusion

7.   Based on the foregoing, the Motion to Compel should be denied.

Dated: Wilmington, Delaware
August 14, 2006

LANDIS RATH & COBB LLP

_____
Adam G. Landis, Esq. (No. 3407)
Kerri Mumford, Esq. (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Daniel C. Cohn
Christopher M. Candon
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

Counsel for the Libby Claimants