# Exhibit B

DOCS_DE:120473.1

## Matter 88 - Acton Site OU3

During this Fourth Application Period, the Firm assisted the Debtor in matters related to the federal Superfund site known as the Grace Acton Site. On September 30, 2005, the federal Environmental Protection Agency issued the Record of Decision, or ROD, for the cleanup of the so-called Operable Unit 3 (OU-3) at the Site. The ROD identified a remedy for the Site, which EPA will expect the Debtor to implement pursuant to the terms of a consent decree entered into between the Debtor and the United States in 1980.

Although the ROD states the general outline of the remedy, substantial work is required to determine what flexibility the Debtor may have in implementing the remedy. The next step in this process was the issuance by EPA of a draft scope of work (SOW), to be performed by the Debtor, to implement the remedy described in the ROD. EPA issued the draft SOW in January 2006. During the Fourth Application Period, the Firm worked with the Debtor and its environmental consultants concerning revisions to the draft SOW provided by EPA, in order to make implementation of the remedy as cost-effective as possible. The firm also participated in several lengthy telephone conference meetings with EPA to discuss potential changes to eh SOW. Aside from general assistance in revising EPA's draft SOW, the firm in particular assisted the Debtor in responding to EPA proposal regarding the discharge limits that would be applicable to the groundwater treatment plant that will be built and operated as part of the remedy. Application of the standards proposed by EPA could require substantial revisions to the treatment system, with consequent increases in the cost to build and operate the system.

This work is complex and requires an in-depth knowledge of the history of the Debtor's cleanup of the Grace Acton Site, the terms of the 1980 Consent Decree, and the relevant provisions of federal and state Superfund laws. The Firm's efforts on these matters have benefited and will benefit the Debtor's bankruptcy estate, because the legal analysis provided is critical to cost-effective compliance with the Debtor's obligations under the federal Superfund law and the 1980 Consent Decree.

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $465.00 | 103.9 | $ 48,313.50 |
|  |  |  |  |  |  |
| **TOTAL** |  |  |  | 103.9 | $ 48,313.50 |

## Matter 93 - Concord Landfill Closure

During this Fourth Application Period, the Firm assisted the Debtor in matters related to the cleanup of certain land owned by the Debtor in Concord, Massachusetts. The land abuts the property in Acton, Massachusetts, that is a federal Superfund site known as the Grace Acton Site. However, the Concord property is not being cleaned up as part of the Superfund Site. Instead, it is being cleaned up pursuant to Mass. G.L. ch. 21E and its implementing regulations, the Massachusetts Contingency Plan (MCP). The MCP prescribes a detailed pathway that must be followed to achieve cleanup of contaminated sites. During the Fourth Application Period, the

Firm advised the Debtor on several aspects of the cleanup. Because the clean will in part take place in certain environmentally sensitive areas, several filings and approvals are required before the work can proceed. These include filings under the Massachusetts Environmental Policy Act (MEPA), the Massachusetts Endangered Species Act, and federal and state wetlands statutes. The Firm worked with the Debtor and the Debtor's environmental consultant to ensure compliance with all of the above-described regulatory regimes.

The Firm's efforts on these matters have benefited and will benefit the Debtor's bankruptcy estate, because the legal analysis provided is critical to ensuring that the cleanup complies with applicable regulations and can be completed in a timely and cost-effective manner.

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $465.00 | 11.5 | $ 5,347.50 |
| | | | | | |
| **TOTAL** | | | | **11.5** | **$ 5,347.50** |

## Matter 100 - Woburn Lease Environmental Issues

During the Fourth Application Period, the Firm assisted the Debtor on several matters related to the Debtor's efforts to redevelop property that it owns in Woburn, Massachusetts. The property is a federal Superfund Site at which the Debtor's cleanup efforts are continuing. Redevelopment efforts are thus complicated.

Specifically, during this period, the Firm assisted the Debtor in negotiating with the Debtor's tenant, and with EPA and Massachusetts DEP, concerning integration of the property redevelopment with the Debtor's ongoing cleanup obligations under federal and state law, including a Consent Decree entered into by the Debtor. This work involved extensive discussions with the Debtor's environmental consultant, negotiations with the tenants, preparation of submittals to EPA, and one meeting with representatives of the tenant in order to ensure that the redevelopment is consistent with the ongoing cleanup.

The Firm also assisted the Debtor during this Fourth Application Period with addressing issues concerning the presence of PCBs in the Debtor's building located at the property. Federal regulations regarding such PCB-containing materials are complex, and ensuring that the Debtor remains compliant with such regulations -- while at the lowest possible cost -- required substantial analysis and discussion with the Debtor and its environmental consultants.

The Firm's efforts on these matters have benefited and will benefit the Debtor's bankruptcy estate, for several reasons. First, the Debtor's lease with the tenant requires that the Debtor cooperate with the tenant in the redevelopment of the property. Moreover, the lease provides substantial revenue to the Debtor, but realization of that revenue stream requires persuading EPA and DEP that the redevelopment will not interfere with the cleanup of the property. Moreover, legal advice provided by the Firm concerning the applicability of certain

federal environmental laws are critical to the Debtor's ability to comply with its lease obligations in the lowest cost manner.

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $465.00 | 22.2 | $ 10,323.00 |
| | | | | | |
| **TOTAL** | | | | **22.2** | **$ 10,323.00** |

## Matter 101 - Bankruptcy Matters

This matter covers preparation of monthly and interim fee applications, as well as the Firm's efforts to obtain Court cost authorization for the Firm to serve as special environmental counsel to Debtor. Foley Hoag's ordinary practice is to exercise billing discretion prior to submitting invoices, and it has done so with respect to each of the invoices it submitted during the Interim Period. To date, none of the interested parties objected to payment on account of any portion of any of those invoices, although they were entitled to do so.

The Firm's application-preparation fee is reasonable in light of the nature and magnitude of the effort involved. For each of those matters, as required by the Local Rules, the Firm submitted detailed billing summaries, and its attorneys prepared narrative descriptions of the work performed.

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $465.00 | 0.9 | $ 418.50 |
| Adam P. Kahn | Partner | Environmental | $450.00 | 0.8 | $ 360.00 |
| Elizabeth A. Rice | Paralegal | Bankruptcy | $175.00 | 3.9 | $ 682.50 |
| | | | | | |
| **TOTAL** | | | | **5.6** | **$ 1,461.00** |