**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| W.R. Grace & Company | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: August 21, 2006, 2:00 p.m.** |
| | ) | **Related to Docket Nos. 6301, 6371, 6654, 6852, 6853,** |
| | ) | **12819, 12921, 12958, 12989** |

**DAVID SLAUGHTER'S OBJECTION TO DEBTOR'S MOTION FOR LEAVE TO FILE A REPLY
IN SUPPORT OF THEIR OBJECTION TO DAVID SLAUGHTER'S CLAIM**

1. On August 11, 2006, Defendants filed a Motion For Leave of Court to file an additional paper concerning their objection to David Slaughter's claim.

2. David Slaughter objects to their filing a Reply, although it is obvious that Exhibit "A" to their Motion is their Reply.

3. In further response and support of the objection, David Slaughter states as follows:

(a) Debtor denies receipt of support for the substantive problems that the Debtor had with Mr. Slaughter's claim with the Clerk – a list of his medical visits, medical expenses and a report from 2002 of his treating physician. However, Claimant filed these all attached to an Affidavit of Mr. Slaughter's counsel in Louisiana pursuant to the rules, and served each individual on the service list both by e-file and local counsel with hard copies, including all exhibits. Kirkland and Ellis, LLP, for some reason, had not received the attachments due to some computer error and apparently did not receive hard copies from their local counsel. Claimant has already forwarded the exhibits to the California office of Kirkland and Ellis, LLP.

(b) Claimant agrees that nothing precludes the ADR program from going forward. The only reason that this was mentioned was that this Court gave the Debtor a specific time limit when Claimant's motion to lift the stay was denied, to object to the claim of Mr. Slaughter. That time ran from the date that the ADR Order was entered. That is long gone. That is not excusable neglect and the fact

that it took seven months for Debtor's counsel to inquire as to why the ADR had not been taken place is not relevant to the fact that Debtor violated the Court's Order in objecting to this claim in a timely fashion.

      (c) There is always prejudice when there is a delay in following the Court's Orders. It places the person, here the Claimant, Mr. Slaughter, to be lulled into complacency with respect to the fact that ADR will be taking place quickly as the Debtor can schedule it as no objection to the underlying claim was made. It is the same with late filed claims, lifting of stays, and all of the Orders of this Court – when one delays for over a year, there is prejudice, especially when one then files *omnibus* objections with short notice in order to expedite the dismissal of the claim which should have been accomplished over a year before. Debtor also mentions that we should amend the claim. Debtor has all of the support based upon this objection and thus, the record has supporting documentation. The only portion of Debtor's objection which Mr. Slaughter does not contest is the fact that there appears to be no actions which might give rise to non-dischargeability of the claim. Much of that conclusion is due to the fact that no discovery can be taken against W. R. Grace.

      **WHEREFORE**, Claimant, Mr. Slaughter, requests that the Motion to file a Reply be denied.

      **JACOBS & CRUMPLAR, P.A.**

By:   */s/ Robert Jacobs, Esquire*_____
      Robert Jacobs, Esquire (Bar ID# 0244)
      2 East 7th Street, P.O. Box 1271
      Wilmington, DE 19899
      (302) 656-5445
      *Attorney for David Slaughter*

Dated: August 16, 2006
F:\WP70\Bankruptcies\Bankruptcies\SLAUGHTER, David v. W.R. Grace & Co\Pleadings\081506_Objection to Debtors Motion to File Reply.rj.doc