# EXHIBIT "C"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JFK) |
| | ) | Jointly Administered |
| | ) | Re: Docket Nos. 9300, 9302, 9315, 12405 |
| | ) | |
| Debtors. | ) | |

### NOTICE OF DEADLINES AND PROCESS REGARDING OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

**To: All Claimants With Pending Asbestos Property Damage Claims. Please read this Notice carefully as it may affect your filed claims against W. R. Grace:**

1. On August 29, 2005, the Court entered two Orders with respect to Asbestos Property Damage Claims. The first Order was the Case Management Order for the Adjudication of Asbestos Property Damage Claims Objections (the "PD Claims CMO") (Docket No. 9300) and the second was the Case Management Order for the Estimation of Asbestos Property Damage Liabilities (the "Estimation CMO") (Docket No. 9302).

2. On September 1, 2005, pursuant to the PD Claims CMO, the Debtors filed their Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the 15th Omnibus Objection) (Docket No. 9315) wherein the Debtors objected to approximately 3950 Asbestos Property Damage Claims ("PD Claims").

3. As of the date of this Notice, there are 653 pending PD Claims to which the Debtors objected in the 15th Omnibus Objection. These claims consist of 501 U. S. Traditional Claims, 97 Canadian Claims and 55 claims which were designated in the PD Proofs of Claim ("POC") as "Category 2" claims defined as claims regarding "Allegations with respect to one of

K&E 11296584.3

Grace's vermiculite mining, milling or processing operations." All of these pending claims[1] are the subject of this Notice. Attached as Exhibit 1 is a chart that outlines all of these claims.

4. Certain discovery has previously proceeded with respect to PD Claims:

(i) On October 3, 2005, the parties disclosed to one another (a) the identity of each fact witness they anticipate, in good faith, they will call to testify live or by deposition with respect to what was defined under the Estimation CMO as "Phase II Issues" and the subject(s) on which the fact witness is expected to testify; (b) the name of each expert who may be used at trial to provide testimony or if an individual has not yet been retained, the type of each expert which such party intends to engage for the purposes of providing such testimony, with respect to Phase II Issues and (c) the subject(s) on which the experts are expected to testify or specified types of experts who are expected to testify and the nature of their expertise.

(ii) On October 24, 2005, the parties were permitted to supplement their expert disclosures based on information obtained from the expert disclosures of the other parties.

(iii) Written fact discovery commenced relating to what was defined in the Estimation CMO as "Phase I Issues," specifically the issues of methodologies for dust sampling (the "methodology issue") and constructive notice.

(iv) On October 17, 2005, the Debtors designated experts and submitted expert reports addressing the Phase I Issues.

---

[1] The Debtors have requested that their objections to the Canadian claims be adjudicated in Canada. (Docket No. 12679) That request is pending with the Court. If the Canadian claims are transferred to Canada, this Notice and the schedule outlined in the corresponding Order A will not apply to the Canadian claims, as the Canadian Court is expected to set its own schedule. However, if the claims are not transferred to Canada, this Notice and the Order will apply to the Canadian claims.

(v) On December 8, 2005, the parties (other than the Debtors) (a) designated experts and submitted responsive expert reports on the methodology issue, and (b) identified any fact witnesses they intend to call to testify on the methodology issue and the general subject matter of such fact witness' testimony.

(vi) On January 20, 2006, the Debtors submitted rebuttal expert reports on the methodology issue and identified rebuttal fact witnesses they intend to call to testify on the methodology issue and the general subject matter of such rebuttal fact witness' testimony.

5. On August ___, 2006, the Court entered an Order Modifying Various Deadlines Regarding Objections to Asbestos Property Damage Claims ("Order"). Copies of that Order and the attached exhibits to that Order are included with this Notice; they set forth the schedule going forward for summary judgment motions and for the adjudication of certain objections to PD Claims, as described below.

6. Pursuant to the Order:

(i) The Debtors intend to file motions for summary judgment on groups of certain claims, principally based upon lack of hazard, product identification and limitations periods, and the Libby issue (as defined below). These motions may be filed and heard at any time prior to April 23, 2007. These motions will be heard on available dates in Pittsburgh, Pennsylvania. All parties reserve the right to file additional summary judgment motions after April 23, 2007.

(ii) There will be a Daubert hearing on March 26, 27 and 28, 2007, in Pittsburgh, Pennsylvania regarding the methodology issue. No other issues previously described as Phase I Issues will be heard at this hearing.

(iii) There will be no hearing with respect to Phase II Estimation as previously outlined in the Estimation CMO and other related orders. Rather, substantive objections previously lodged in the 15th Omnibus Objection to certain claims will be tried on April 23, 24 and 25, 2007, commencing at 9:00 a.m., in Pittsburgh, Pennsylvania. (the "April 2007 hearing"). Specifically:

- (A) The objections will involve those claims which are listed on Exhibit A to the Order.

- (B) The objections that will be adjudicated at the April 2007 hearing for those claims are:

    - (1) **Lack of Hazard.** These objections relate to claims that allegedly fail to demonstrate that the Grace asbestos-containing products allegedly installed in claimants' buildings create an unreasonable risk of harm, including claims allegedly providing no documentation reflecting the existence of hazardous conditions arising from asbestos-containing products installed in the properties, such as claims providing irrelevant air sampling data and claims providing air sampling data reflecting asbestos levels lower than or comparable to typical outdoor air. The objections were set forth in objections E-1 through E-4 and F-5 in the 15th Omnibus Objection.

    - (2) **Product Identification.** These objections relate to claims that allegedly fail to demonstrate, either through bulk sampling data or other documentary evidence, that some or all of the asbestos-containing products allegedly installed or applied in the properties were manufactured or sold by Grace. The objections were set forth in objections C-2 through C-4 and F-4 in the 15th Omnibus Objection.

    - (3) **Limitations Periods.** These objections relate to claims that allegedly are barred by assumption of risk, statute of limitations, statute of repose and/or laches. The objections were set forth in objections D-1 through D-6, F-1 and F-5 in the 15th Omnibus Objection.

    (collectively, the "gateway issues").

- (C) Additionally, to the extent not previously resolved through summary judgment or other proceedings, objections with respect to

4

> the Category 2 claims related to residences in the Libby, Montana area alleging that the property has already been or will be remediated by the EPA (the "Libby issue") shall be adjudicated at the April 2007 hearing.

(iv)     Following the adjudication of these objections, the Debtors will have the opportunity to file motions to extend the Court's rulings to additional claims. If the Debtors seek to extend the Court's rulings to additional claims, the Debtor will provide additional notice to the affected claimants.

(v)     The Phase I and Phase II estimation previously addressed in the Estimation CMO will not go forward. Estimation of the aggregate value of PD Claims will take place at a future date to be set by the Court.

K&E 11296584.3

Dated: August ___, 2006

    KIRKLAND & ELLIS LLP
    David M. Bernick, P.C.
    Janet S. Baer
    200 East Randolph Drive
    Chicago, Illinois 60601
    Telephone: (312) 861-2000
    Facsimile: (312) 861-2200

    and

    PACHULSKI STANG ZIEHL YOUNG
    JONES & WEINTRAUB LLP

    _____

    Laura Davis Jones (Bar No. 2436)
    James E. O'Neill (Bar No. 4042)
    919 North Market Street, 17th Floor
    P.O. Box 8705
    Wilmington, DE 19899-8705
    (Courier 19801)
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400

    Co-Counsel for Debtors and Debtors in
    Possession

K&E 11296584.3