IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., et al., | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors-in-possession. | : | |

**SUBMISSION OF THE OFFICIAL COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS IN SUPPORT OF ITS PROPOSED
BAR-DATE ORDER, BAR-DATE NOTICE, AND PROOF-OF-CLAIM FORM**

At the omnibus hearing on June 19, 2006, this Court granted the Debtors' request to establish a bar date for unliquidated (non-settled) prepetition asbestos personal-injury claims. During the first-half of July 2006, the parties negotiated proposed bar-date materials to submit to this Court for approval, which consisted of a proposed bar-date order, a proposed bar-date notice, and a proposed proof-of-claim form (collectively, "Bar-Date Materials"). Although the Official Committee of Asbestos Personal Injury Claimants ("Committee") believes there is no valid reason to impose a bar date on asbestos personal-injury claims, the Committee and the Debtors were able to reach an agreement by mid-July as to what the initial Bar-Date Materials should look like and to whom they should apply. These initial, agreed-upon Materials applied only to unliquidated and non-settled claims. Unpaid settled claims were exempt from the bar date, just as they had been exempt from the questionnaire. However, less than one business day before the omnibus hearing of July 24, 2006, the Debtors informed the Committee that they would seek to impose a bar date on the unpaid settled claims, in addition to the non-settled ones.

The Committee opposed the Debtors' eleventh-hour gambit to extend the bar date to the holders of settled claims, but at the July 24 omnibus hearing, the Court signaled its preference that the bar date apply to unpaid settled claims as well as the non-settled ones. Further

{D0070736.1 }

discussions between the Debtors and the Committee then ensued. Although the Debtors and the Committee were able to narrow the issues relating to the Bar-Date Materials, differences between the Debtors and the Committee remain. The purpose of this submission is to apprise the Court of the key differences remaining between the Bar-Date Materials proposed by the Committee, a copy of which is annexed hereto as Exhibit 1, and the Bar-Date Materials proposed by the Debtors. (A redline delineating the differences between the two versions is annexed hereto as Exhibit 2).[1] The Court should approve the Committee's version of the Bar-Date Materials for the following reasons.

*First,* **the Debtors' Bar-Date Materials seek to add more elements to the definition of "Settled Pre-Petition Asbestos PI Claim" than what state law requires.** In bankruptcy, state law determines the validity of claims, including claims based on contract or settlement agreement. *See, e.g.*, Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15 (2000). The Committee's Bar-Date Materials capture that axiom in the definition of "Settled Pre-Petition Asbestos PI Claim" by requiring such Claims to be "enforceable under applicable non-bankruptcy law." For the Debtors, it is not enough that such Claims be "enforceable under applicable non-bankruptcy law"; the Debtors also want such Claims to be based on a settlement agreement that is "memorialized in writing" and "provides for a release of one or more of the Debtors." Such additional requirements are unnecessary, and they unduly narrow the scope of what properly constitutes a "Settled Pre-Petition Asbestos PI Claim." If the applicable statute of frauds (or other applicable law) of a given State requires settlement contracts to be in writing in order for them to be enforceable, then under the Committee's definition, a settled claim will have to be based on a settlement agreement evidenced in writing. Requiring that an agreement be

---

[1] The Debtors submitted their version of the Bar-Date Materials, under a certification of counsel, during the late afternoon of Friday, August 18, 2006.

"memorialized in writing" is simply unnecessary – and improper to the extent that the "writing" requirement goes beyond what state law recognizes as an enforceable contract.[2] The same is true regarding whether a settlement agreement must provide "for a release of one or more of the Debtors." Applicable state law either requires a release or does not require a release. The Court should apply applicable law "as it is" and not as the Debtors would like it to be. For this reason the Court should approve the Committee's version of the Bar-Date Materials.

*Second*, **if the Debtors and a claimant disagree as to whether or not a claim has been settled, the claimant should *not* be required to answer and file a questionnaire until that disagreement is resolved.** The Debtors' Bar-Date Materials would require holders of "Contested Settled Claims" to "complete and file" questionnaires, even if those holders believe that they have settled claims that are valid and enforceable. The Committee's Bar-Date Materials, on the other hand, require those holders to complete questionnaires only if the Court determines that they do not have valid and enforceable settled claims. It makes no sense to force claimants to undertake the entire expense and burden of answering questionnaires when the Court might ultimately accept the settled amount of their claim, thereby vitiating any need to return a questionnaire.

*Third*, **if the Debtors notify a claimant that he or she holds a "Contested Settled Claim," and the claimant disagrees by making a timely-filed objection, the objection should be referred to the discovery mediator in the first instance**. By referring such disputes to the mediator first, such disputes might be resolved or at least narrowed before this Court is asked to

---

[2] Moreover, the word "memorialized" is ambiguous in that it merely begs the question of *how* the agreement should be "memorialized." Is a settlement agreement based on an exchange of letters sufficiently "memorialized"? Applicable state law may simply require that an agreement merely be "evidenced" in writing, rather than "memorialized," but Grace's definition would usurp applicable state law.

{D0070736.1} 3

hear and decide these matters.  The Committee's Bar-Date Materials provide for mediation in the first instance.  The Debtors, however, would prefer to clog the Court's calendar by scheduling *all* claimant objections for hearing on December 19, 2006 (the Court's omnibus hearing date).

*Fourth*, **the Debtors should have a deadline or date-certain to notify holders of undisputed settled claims that the Debtors do not dispute such claims.**  The Debtors' Bar-Date Materials require the Debtors to notify claimants that the Debtors dispute their settled claims within 21 days after the Debtors receive the claimants' proofs of claim.  The Debtors' Bar-Date Materials are silent as to when holders of unpaid settled claims are to be notified that the Debtors do *not* dispute their claims.  The Committee's Bar-Date Materials impose a similar 21-day requirement for notifying holders of undisputed settled claims.  Holders of undisputed settled claims should not be forcibly held in limbo, twisting in the wind, as they await notice of their "undisputed" status.

*Finally*, **the Committee's Bar-Date Materials make a few technical corrections and changes that are intended to protect the rights and interests of asbestos personal-injury claimants**.  For example, claimants who check the box in Part I of the proof-of-claim form and thereby elect to have their questionnaire responses treated as part of their proof of claim should be informed, for clarity purposes, that they still must file their proof of claim by the applicable bar date.  Such clarifying language is included in the Committee's version of the proof-of-claim form, but is absent from the Debtors' version.  Additionally, the Debtors' Bar-Date Materials require claimants with non-settled claims to "complete" and file questionnaires, while the Committee's Materials require such claimants to "answer" and file questionnaires.  As with beauty, the degree of "completeness" is in the eye of the beholder, and, more importantly, is central to the dispute surrounding the Debtors' motion to compel, which will not be heard by this

Court until September 11, 2006. Rather than prejudging the issue, the Court should adopt the Committee's more neutral language of requiring claimants to "answer" and file the questionnaires.

    For all the reasons set forth above, the Committee respectfully requests that the Court approve the Committee's version of the Bar-Date Materials.

Dated:  August 21, 2006

                                                        Respectfully submitted,

                                                         **CAMPBELL & LEVINE, LLC**

                                                         /S/ Mark Hurford
                                                         Marla R. Eskin (No. 2989)
                                                         Mark T. Hurford (No. 3299)
                                                         Kathleen Campbell Davis (No. 4229)
                                                         800 N. King Street, Suite 300
                                                         Wilmington, DE 19801
                                                         Telephone: (302) 426-1900
                                                         Telefax: (302) 426-9947

                                                     **CAPLIN & DRYSDALE, CHARTERED**

                                                         Elihu Inselbuch
                                                         375 Park Avenue, 35th Floor
                                                         New York, NY  10152-3500
                                                         Telephone: (212) 319-7125
                                                         Telefax: (212) 644-6755

                                                         Peter Van N. Lockwood
                                                         Nathan D. Finch
                                                         Jeffrey A. Liesemer
                                                         One Thomas Circle, N.W.
                                                         Washington, D.C. 20005
                                                         Telephone: (202) 862-5000
                                                         Telefax: (202) 429-3301

                                                         Counsel for the Official Committee
                                                         of Asbestos Personal Injury Claimants