|  | Date of Claims Settlement Notice: | **August 21, 2006** |
|---|---|---|
|  | Opposition/Responses Due: | **September 11 2006** |

| In re | Case No. 01-1139 (JKF) |
|---|---|
| **W. R. GRACE & CO., et al.,**[1] | Chapter 11 |
| Debtors. | Jointly Administered |

### CLAIM SETTLEMENT NOTICE

THIS NOTICE IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING (THE "COURT ORDER"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIMS SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. If the terms set forth in this notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Attached hereto as <u>Exhibit A</u> is the summary of the claim (the "<u>Claim</u>") which certain of the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") seeks to settle pursuant to the procedures approved by the Court Order. This Claim involves a single business tax liability of W. R. Grace & Co.-Conn. to the State of Michigan for the years 1995-1998. The State of Michigan had filed proofs of claim asserting an unsecured non-priority claim of $57,982.77 (Claim No. 194) and an unsecured 507(a)(8) priority claim of $319,879.02 (Claim No. 193), but has agreed to adjustments and filed amended proofs of claim that reduce the amounts to an unsecured non-priority claim of $37,217.76 (Claim No. 17609) and an unsecured 507(a)(8) priority claim of $67,199.66 (Claim No. 17608).

If you oppose the settlement of the Claim, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

<u>Objection Procedures</u>:

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "<u>Negative Notice Parties</u>") a written objection to this Claim Settlement Notice. All objections and responses must be <u>received</u> by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this notice (September 11, 2006) at 4:00 p.m. (E.D.S.T.).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James O'Neill of Pachulski Stang Ziehl Young Jones & Weintraub LLP. at (302) 778-6407.

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

OFFICE OF UNITED STATES TRUSTEE

| United States Trustee's Office<br>Attn: Frank Perch, Esq.<br>U. S. Department of Justice<br>601 Walnut Street<br>Curtis Center, Suite 950 West<br>Philadelphia, Pennsylvania 19106 | **FAX: (302) 573-6497** |
|---|---|

## COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'

| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Arlene G. Krieger, Esq. | **FAX: (212) 806-6006** |
|---|---|

## COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS

| Caplin & Drysdale<br>399 Park Avenue, 36th Floor<br>New York, New York 10022<br>Attn: Elihu Inselbuch | **FAX: (212) 644-6755** |
|---|---|
| Caplin & Drysdale<br>One Thomas Circle, N.W.<br>Washington, District of Columbia 20005<br>Attn: Peter Van N. Lockwood | **FAX: (202) 429-3301** |
| Campbell & Levine<br>Chase Manhattan Centre<br>15th Floor<br>1201 North Market Street<br>Wilmington, Delaware 19801<br>Attn: Matthew G. Zaleski | **FAX: (302) 426-9947** |

## COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS

| Bilzin Sumberg Dunn Baena Price & Axelrod LLP<br>First Union Financial Center<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Attn: Scott L. Baena | **FAX: (305) 374-7593** |
|---|---|

## COUNSEL TO THE DIP LENDER

| Latham & Watkins<br>Sears Tower, Suite 5800<br>Chicago, IL 60606<br>Attn:   Douglas Bacon | **FAX: (312) 993-9767** |
|---|---|

## COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

| Kramer Levin Naftalis & Frankel<br>919 Third Avenue<br>New York, New York 10022<br>Attn:   Thomas Moers Mayer<br>          Gary M. Becker | **FAX: (212) 715-8000** |
|---|---|

## CO-COUNSEL TO THE DEBTORS

| Kirkland & Ellis<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Attn:   Janet M. Baer | **FAX: (312) 861-2200** |
|---|---|
| Pachulski, Stang, Ziehl, Young &<br>   Jones, P.C.<br>919 N. Market Street, 16th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br>(Courier 19801)<br>Attn:   James O'Neill | **FAX: (302) 652-4400** |

W.R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139

Exhibit A

| Debtor: | Settling Parties: | Description of Settlement |
|---|---|---|
| W. R. Grace & Co. – Conn. | State of Michigan<br>-and-<br>W. R. Grace & Co. – Conn. | This matter involves a Single Business Tax assessment against W. R. Grace & Co.-Conn. for the years 1995-1998 by the State of Michigan. On June 21, 2001, the State of Michigan filed proofs of claim asserting an unsecured non-priority claim of $57,982.77 (Claim No. 194) and an unsecured 507(a)(8) priority claim of $319,879.02 (Claim No. 193). The initial assessment included the erroneous disallowance of capital losses, addbacks of incorrect royalty expense and partnership losses, and the omission of a business loss carryforward. Accordingly, the State of Michigan has agreed to adjustments and filed amended proofs of claim that reduce the amounts to an unsecured non-priority claim of $37,217.76 (Claim No. 17609) and an unsecured 507(a)(8) priority claim of $67,199.66 (Claim No. 17608). The revised assessment includes interest calculated to April 2, 2001. The Debtors believe that because the revised assessment eliminates the erroneous disallowances, it is fair and reasonable. |