IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| | ) | Case no. 01-01139 (JFK) |
| W.R. GRACE & CO., *et al.*,[1] | ) | Jointly Administered |
| | ) | Re: |
| Debtors | ) | |
| | ) | |

## MOTION OF DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 FOR THE PRODUCTION OF DOCUMENTS

1. Pursuant to the rulings made by the United States Bankruptcy Court for the District of Delaware at the June 19, 2006 omnibus hearing, Federal Rules of Bankruptcy Procedure 2004 and 7034, and Federal Rules of Civil Procedure 26 and 34, W.R. Grace & Co., and its affiliated companies, (collectively, "Debtors") hereby move the Court for entry of an order directing the Official Committee of Asbestos Personal Injury Claimants ("PI Committee"), the Official Committee of Asbestos Property Damage Claimants ("PD Committee"), the Zonolite Attic Insulation Claimants ("ZAI Claimants"), the claimants asserting personal injury claims

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

relating to the Grace vermiculite mine in Libby Montana ("Libby Claimants"), and the Future Claimants' Representative ("FCR") to produce to the Debtors the documents described in Exhibit A to this Motion, at the law offices of Kirkland & Ellis LLP, 655 Fifteenth Street, NW, Washington, D.C., 20005 within thirty (30) days of service. The PI Committee, PD Committee, ZAI Claimants, Libby Claimants and FCR are further charged with the duties imposed by Federal Rule of Civil Procedure 26(e) and Federal Rule of Bankruptcy Procedure 7026 to supplement their answers to this Request for Production of Documents if they later learn that such answers are in some respect incomplete or incorrect. In support of this Motion, the Debtors rely on the Affidavit of David M. Bernick ("Bernick Aff."), attached hereto as Exhibit B. In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

2.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## INTRODUCTION

3.  On July 6, 2006, pursuant to Local Rule 2004-1, Kirkland & Ellis LLP ("K&E") sent a letter to counsel for the PI Committee, the PD Committee, ZAI Claimants, Libby Claimants, and the FCR, enclosing a draft Request for Production of Documents pursuant to Federal Rules of Bankruptcy Procedure 2004 and 7034 and Federal Rules of Civil Procedure 26 and 34. See Exhibit 1 to Bernick Aff. The draft Request for Production of Documents sought all documents relating to any agreement, arrangement or contract entered into within or among the PI Committee, the PD Committee, the Libby Claimants, the ZAI Claimants and the FCR

(collectively, the "Parties") relating to any potential chapter 11 plan, plan negotiations, payment of claims, valuation of claims, or other resolution of the chapter 11 proceedings.

4. On July 7, 2006, Mr. Scott Baena corresponded to K&E on behalf of the Parties to the Request for Production of Documents, indicating that certain documents would be produced, but that the Parties did not intend to fully comply with the formal Request for Production of Documents. *See* Exhibit 2 to Bernick Aff.

5. On July 17, 2006, Mr. Baena corresponded to K&E, attaching a series of electronic mail which concern the agreement between the Parties. *See* Exhibit 3 to Bernick Aff. (without attachments).

6. On July 18, 2006, counsel at K&E corresponded to Mr. Baena asking him to confirm that the electronic mail produced on July 17, 2006, fully addressed the Request for Production of Documents and that there were no other responsive documents. *See* Exhibit 4 to Bernick Aff.

7. Mr. Baena responded on July 18, 2006 indicating that the Parties did not believe the Request for Production of Documents was appropriate; thus, he would not confirm whether other responsive documents existed which were not produced. *See* Exhibit 5 to Bernick Aff.

## ARGUMENT

8. The requested relief will facilitate Debtors' ability to negotiate a plan of reorganization and resolve these chapter 11 proceedings. If all documents have been produced that related to the Request for Production of Documents as set forth below, then the Parties

should be compelled to confirm same. Otherwise, the Parties should be compelled to produce all responsive documents.

9. The Debtors believe that other responsive documents may exist, but are being unreasonably withheld by the Parties.

10. Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure vest this Court with broad authority to order the production of documents. *See* Fed. R. Bankr. P. 2004(c) ("The . . . production of documentary evidence may be compelled in the manner provided in Rule 9016. . ."); Fed R. Bankr. P. 9016 (incorporating the federal subpoena power articulated in Rule 45 of the Federal Rules of Civil Procedure). Local Bankruptcy Rule 2004-1 requires a party bringing a Rule 2004 motion to serve the motion on the debtor, the trustee, the United States Trustee, all official committees, and the proposed parties producing documents. Local Bankr. R. 2004-1(c).

11. Concurrently with this filing, the Debtors are serving all Parties and the United States Trustee with a copy of this Motion.

12. The Debtors anticipate that this initial request for production set forth in Exhibit A hereto will need to be supplemented as more facts are learned, and therefore request that the Court impose a continuing obligation on the Parties to respond to discovery requests made by the Debtors.

13. The requested production of documents by the Parties is crucial to the Debtors' ability to formulate a confirmable plan of reorganization. Accordingly, the Debtors respectfully request that the Court order the Parties to produce documents responsive to the requests in

Exhibit A and to produce all documents reasonably required by the Debtors related to the administration of the above-captioned bankruptcy proceedings upon the Debtors' request.

Dated: August 21, 2006

        Respectfully submitted,

        KIRKLAND & ELLIS LLP
        David M. Bernick
        Janet S. Baer
        200 East Randolph Drive
        Chicago, IL 60601
        Telephone:   (312) 861-2000
        Facsimile:   (312) 861-2200

        KIRKLAND & ELLIS LLP
        Barbara Harding
        David E. Mendelson
        655 Fifteenth Street, NW
        Washington, D.C. 20005
        Telephone:   (202) 879-5000
        Facsimile:   (202) 879-5200

        -and-

        PACHULSKI, STANG, ZIEHL, YOUNG,
        JONES & WEINTRAUB P.C.

        */s/ James E. O'Neill*

        Laura Davis Jones (Bar No. 2436)
        James E. O'Neill, III (Bar. No.4042)
        919 North Market Street, 16th Floor
        P.O. Box 8705
        Wilmington, Delaware 19899-8705 (Courier 19801)
        Telephone:   (302) 652-4100
        Facsimile:   (302) 652-4400