## **EXHIBIT A**

## **DEFINITIONS AND INSTRUCTIONS**

1. The "Action" shall mean the Chapter 11 cases styled *In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2. "PI Committee" shall mean and include the Official Committee of Asbestos Personal Injury Claimants (including but not limited to the individual members thereof), and any employee, representative, predecessor, agent, or attorney of the committee or any member thereof, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of the PI Committee or its individual members.

3. "PD Committee" shall mean and include the Official Committee of Asbestos Property Damage Claimants (including but not limited to the individual members thereof), and any employee, representative, predecessor, agent, or attorney of the committee or any member thereof, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of the PD Committee or its individual members.

4. "FCR" shall mean and include, David Austern, the Future Claimants' Representative, including but not limited to any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of the FCR.

5. "ZAI Claimants" shall mean and include individuals who are represented in this Action by the law firms of the Scott Law Group, P.S. and Richardson Patrick Westbrook & Brickman LLC and who allege that asbestos-contaminated Zonolite Attic Insulation ("ZAI") manufactured by W.R. Grace has caused harm to their real property, including but not limited to any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of the ZAI Claimants.

6. "Libby Claimants" shall mean and include individuals who are represented in this Action by the law firms of McGarvey, Heberling, Sullivan & McGarvey, P.C. and Cohn, Whitesell & Goldberg LLP and who allege injury caused by exposure to tremolite asbestos from Grace's vermiculite mine located in Libby, Montana, including but not limited to any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of the Libby Claimants.

7. "Announced Agreement" shall mean and include the agreement between the PI Committee, PD Committee, FCR, ZAI Claimants, and Libby Claimants, relating to any potential chapter 11 plan, plan negotiations, payment of claims, valuation of claims, or other resolution of this Action, as described to Debtors' counsel at the meeting, which took place on June ___, 2006 and occurred pursuant to the rulings made at the June 19, 2006 omnibus hearing.

8. "Asbestos Claims" mean and include any lawsuit, whether related to personal injury or property damage alleged to be caused by asbestos-containing products manufactured,

marketed or sold by Grace, initiated prior to Debtors' bankruptcy petition filed April 2, 2001 for which the plaintiff has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim.

9. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware or any other court with jurisdiction over the Action.

10. "Person" includes a natural person or any business, legal, or government entity or association.

11. Unless otherwise specified, this Request for Production of Documents shall include the period beginning January 1, 2001 through the date on which the answers in response hereto are made.

12. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, if you object to this Request for Production of Documents on the basis of privilege or immunity from discovery, list in your written response to the particular Request for Production all such documents in chronological order, setting forth as to each the following: (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

13. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, you are under a duty to supplement your responses to these Request for Production pursuant to the requirements of Federal Rule of Civil Procedure 26(e) and Federal Rule of Bankruptcy Procedure 7026.

14. As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure.

15. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

16. Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

17. References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to any agreement, arrangement or contract (whether oral or written) entered into within or among the PI Committee, PD Committee, Libby Claimants, ZAI Claimants and FCR relating to any potential chapter 11 plan, plan negotiations, payment of claims, valuation of claims, or other resolution of this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

# REQUEST FOR INFORMATION

## REQUEST NO. 1:

Under the Announced Agreement or any related agreement, are the PI Committee, PD Committee, the Libby Claimants, the ZAI Claimants or the FCR permitted to enter into negotiations with Grace for the settlement and payment of specific Asbestos Claims against Grace, absent prior approval from the PI Committee and the PD Committee?

## RESPONSE TO REQUEST NO. 1:

## REQUEST NO. 2:

Under the Announced Agreement or any related agreement, are the PI Committee, the PD Committee, Libby Claimants, ZAI Claimants or the FCR permitted to enter into any agreement with Grace for the settlement and payment of specific Asbestos Claims against Grace, absent prior approval from the PI Committee or PD Committee?

## RESPONSE TO REQUEST NO. 2:

## REQUEST NO. 3:

Under the Announced Agreement or any related agreement, will any holders or Asbestos Claims disallowed by the Bankruptcy Court prior to confirmation be able to receive any payment for their Asbestos Claims? If so, under what circumstances?

## RESPONSE TO REQUEST NO. 3:

## REQUEST NO. 4:

Under the Announced Agreement or any related agreement, will any determination by the Bankruptcy Court of the relative aggregate value of PD vs. PI Asbestos Claims be binding on the PD and PI Committees if that determination is inconsistent with the Announced Agreement or any related agreement?

**RESPONSE TO REQUEST NO. 4:**

**REQUEST NO. 5:**

For each of the foregoing questions, identify and produce all documents that relate to the question and all persons knowledgeable concerning the answer to the question.

**RESPONSE TO REQUEST NO. 5:**

Dated: August 21, 2006

        Respectfully submitted,

        KIRKLAND & ELLIS LLP
        David M. Bernick
        Janet S. Baer
        200 East Randolph Drive
        Chicago, IL 60601
        Telephone:  (312) 861-2000
        Facsimile:  (312) 861-2200

        KIRKLAND & ELLIS LLP
        Barbara Harding
        David E. Mendelson
        655 Fifteenth Street, NW
        Washington, D.C. 20005
        Telephone:  (202) 879-5000
        Facsimile:  (202) 879-5200

        -and-

        PACHULSKI STANG ZIEHL YOUNG JONES
        & WEINTRAUB LLP

        */s/ James E. O'Neill*
        Laura Davis Jones (Bar No. 2436)
        James E. O'Neill, III (Bar. No.4042)
        919 North Market Street, 17th Floor
        P.O. Box 8705
        Wilmington, Delaware 19899-8705 (Courier 19801)
        Telephone:  (302) 652-4100
        Facsimile:  (302) 652-4400

        Co-counsel for the Debtors and Debtors in Possession