# EXHIBIT B TO 2004 MOTION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| | ) | Case no. 01-01139 (JFK) |
| W.R. GRACE & CO., *et al.*,[1] | ) | Jointly Administered |
| | ) | Re: |
| Debtors | ) | |
| | ) | |

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | ss: |
| COUNTY OF NEW YORK | ) | |

## AFFIDAVIT OF DAVID M. BERNICK, P.C.

DAVID M. BERNICK, P.C., being duly sworn, deposes and says:

1. I am a partner at the law firm of Kirkland & Ellis LLP, and I represent the debtors and the debtors in possession in these chapter 11 proceedings.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. On July 6, 2006, pursuant to Local Rule 2004-1, my partner, Barbara Harding, sent a letter to counsel for the PI Committee, the PD Committee, ZAI Claimants, Libby Claimants, and the FCR, enclosing a draft Request for Production of Documents pursuant to Federal Rules of Bankruptcy Procedure 2004 and 7034 and Federal Rules of Civil Procedure 26 and 34. *See* Exhibit 1 attached hereto. The draft Request for Production of Documents sought all documents relating to any agreement, arrangement or contract entered into within or among the PI Committee, the PD Committee, the Libby Claimants, the ZAI Claimants and the FCR (collectively, the "Parties") relating to any potential chapter 11 plan, plan negotiations, payment of claims, valuation of claims, or other resolution of the chapter 11 proceedings.

3. On July 7, 2006, Mr. Scott Baena corresponded to Ms. Harding on behalf of the Parties to the Request for Production of Documents, indicating that certain documents would be produced, but that the Parties did not intend to fully comply with the formal Request for Production of Documents. *See* Exhibit 2 attached hereto.

4. On July 17, 2006, Mr. Baena corresponded to Ms. Harding and Ms. Janet Baer, also one of my partners at K&E, attaching a series of electronic mail which concern the agreement between the Parties. *See* Exhibit 3 attached hereto (without attachments).

5. On July 18, 2006, Ms. Baer corresponded to Mr. Baena asking him to confirm that the electronic mail produced on July 17, 2006, fully addressed the Request for Production of Documents and that there were no other responsive documents. *See* Exhibit 4 attached hereto.

6. Mr. Baena responded on July 18, 2006 indicating that the Parties did not believe the Request for Production of Documents was appropriate; thus, he would not confirm

whether other responsive documents existed which were not produced. *See* Exhibit 5 attached hereto.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 21, 2006

David M. Bernick, P.C.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022

Subscribed and sworn to before me
this ___ day of August, 2006.

_____
Notary Public
My Commission Expires: 02-21-08

VANESSA A. PRESTON
Notary Public - State of Delaware
My Comm. Expires March 21, 2008

3