IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Re: Docket Nos. 9300, 9302, |
| | ) | 9315, and 12405 |

**CERTIFICATION OF COUNSEL OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS REGARDING PROPOSED ORDER SETTING DEADLINES AND PROCESS REGARDING <u>OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS</u>**

1. During the August 21, 2006 omnibus hearing, the Court, among other things, directed the Debtors to meet and confer with the Official Committee of Asbestos Property Damage Claimants (the "<u>PD Committee</u>") and counsel to holders of asbestos property damage claims ("<u>PD Claims</u>") to prepare an order (the "<u>Order</u>") and schedule (the "<u>Schedule</u>") setting deadlines regarding certain objections to PD Claims raised in the 15th Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the 15th Omnibus Objection) (Docket No. 9315) and a notice in respect thereof (the "<u>Notice</u>").

2. The Debtors provided a proposed Notice, Order and Schedule to the PD Committee and certain counsel to holders of PD Claims. The PD Committee and Messrs. Speights and Dies (collectively, the "<u>PD Proponents</u>"), on behalf of their respective claimants, provided revised proposals to the Debtors that incorporated changes it believed were necessary to make the Notice, Order and Schedule clear and concise so as to allow any PD Claimant the opportunity to understand the provisions thereof.

3. Unfortunately, the parties were unable to reach an agreement with regards to an agreed upon Notice, Order and Schedule. Accordingly, pursuant to the Court's direction at the August 21, 2006 omnibus hearing, the PD Committee submits the following for the Court's consideration:

a. Attached as **Exhibit A-1** hereto is a copy of the PD Proponents' proposed Notice. Attached as **Exhibit A-2** hereto is a comparison of the PD Proponents' proposed Notice redlined against the latest version of the Debtors' proposed Notice that was provided to the PD Proponents;

b. Attached as **Exhibit B-1** hereto is a copy of the PD Proponents' proposed Order. Attached as **Exhibit B-2** hereto is a comparison of the PD Proponents' proposed Order redlined against the latest version of the Debtors' proposed Order that was provided to the PD Proponents; and

c. Attached as **Exhibit C-1** hereto is a copy of the PD Proponents' proposed Schedule. Attached as **Exhibit C-2** hereto is a comparison of the PD Proponents' proposed Schedule redlined against the latest version of the Debtors' proposed Schedule that was provided to the PD Proponents. As a result of the Court's ruling that the Debtors' objections in respect of "lack of hazard" would be heard the month after the hearings on the Debtors' objections regarding product identification and limitation period issues, we revised the Schedule to accommodate the additional one-month window.

4. The PD Proponents understand that the Debtors have two significant disagreements with the PD Proponents' proposal. First, the Debtors object to the requirement that summary judgment motions be filed after discovery concludes in respect of the particular

issue. The PD Proponents recollect that the Court specifically stated that such motions were to be filed after the conclusion of discovery and within thirty (30) days of the applicable hearing on the merits. Second, the Debtors object to the hearing on the "lack of hazard" issue being scheduled for no earlier than ninety (90) days after the Court's ruling on the Methodology Issue. At the August 21, 2006 hearing, the Court acceded to the position of the PD Proponents that there should be a ninety (90) day interval between the conclusion of the Methodology Issue and a hearing on the hazard issue because of the interrelationship of those issues. However, the concern remains that the Court may not rule at the conclusion of the Methodology Issue, rendering the interval of no moment or benefit.[1]

5.  The PD Proponents' submit that its proposed Notice, Order and Schedule comports with the Court's rulings during the August 21, 2006 omnibus hearing and urges the Court to approve the form of Notice and enter the Order.

Wilmington, Delaware
Dated: August 24, 2006

Respectfully submitted,

BILZIN SUMBERG BAENA
  PRICE & AXELROD LLP
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-2336
Telephone: (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)

and

---

[1] If the Court is not inclined to approve the ninety (90) day requirement, we would urge the Court to approve a minimum of a sixty (60) day requirement to enable the parties to accommodate the Court's ruling on the Methodology Issue in the context of the trial of the hazard issue.

FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone: (302) 575-1555

By: /s/ Theodore J. Tacconelli
    Theodore J. Tacconelli
    (Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS