# EXHIBIT B-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                              )       Chapter 11
                                                    )
                                                    )
                                                    )       Case No. 01-01139 (JFK)
W.R. GRACE & CO., *et al.*,                         )       Jointly Administered
                                                    )       Re: Docket Nos. 9300, 9302, 9315, 12405
                              Debtors               )       August 21, 2006 Agenda Item #9
                                                    )

### ORDER SETTING VARIOUS DEADLINES REGARDING OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

On July 24, 2006, the stay of the proceedings was lifted and the Court, among other things, directed the Debtors to meet and confer with the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") to prepare a new Case Management Order and Notice to address the claims objection process going forward, with respect to the 15th Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the 15th Omnibus Objection) (Docket No. 9315) wherein the Debtors objected to approximately 3950 Asbestos Property Damage Claims ("PD Claims"). The Debtors and the PD Committee having met and conferred:

WHEREFORE, IT IS HEREBY ORDERED THAT:

1.      There will be a hearing regarding whether the use of surface dust sample collection and analysis is admissible in accordance with Federal Rule of Evidence 702 (the "Methodology Issue"), on February __ and __, 2007 in Pittsburgh, Pennsylvania. All parties will be bound by the Court's determination in this regard and may elect to participate. Any PD Claimant which so elects shall be required to designate experts and submit expert reports addressing the Methodology Issue and otherwise comply with the Schedule set forth in Exhibit B attached hereto.

1

2.    Certain specific objections to PD Claims will be adjudicated on April 23, 24 and 25, 2007, commencing at 9:00 a.m., in Pittsburgh, Pennsylvania.    The objections that will be adjudicated as to these PD Claims are those asserted in the 15th Omnibus Objection regarding product identification and limitations periods (specifically C-1 through C-4, D-1 through D-6, and F-4 and F-5) and objections alleging that the Libby properties have already been or will be remediated by the EPA (the "Libby issue"). These claims are listed on Exhibit A hereto. The pre-trial schedule for these objections is set forth in the Schedule attached as Exhibit B to this Order.

3.    Other specific objections to certain PD Claims will be adjudicated on May __ and __, 2007, commencing at 9:00 a.m., in Pittsburgh, Pennsylvania, provided such date is no earlier than ninety (90) days after the entry of the Court's ruling on the Methodology Issue.    The objections that will be adjudicated as to these PD Claims are those asserted in the 15th Omnibus Objection regarding lack of hazard (specifically E-1 through E-4). These claims are also listed on Exhibit A hereto. The pre-trial schedule for these objections is set forth in the Schedule attached as Exhibit B to this Order.

4.    Motions for summary judgment or to dismiss regarding product identification, limitations periods and the Libby issue (see paragraph 2 above), may be filed by any party after the conclusion of discovery in respect thereof (see Exhibit B attached hereto), but no later than March 16, 2007.    These summary judgment motions will be heard on available dates in Pittsburgh, Pennsylvania, prior to April 23, 2007.

5.    Motions for summary judgment or to dismiss regarding lack of hazard (see paragraph 3 above) may be filed by any party after the conclusion of discovery in respect thereof

(see Exhibit B attached hereto), but no later than April __, 2007. These summary judgment motions will be heard on available dates in Pittsburgh, Pennsylvania, prior to May __, 2007.

6.    Any and all other scheduling orders previously entered by the Court regarding Asbestos Property Damage Claims, including the Estimation CMO, are vacated.

7.    All parties participating in the matters outlined in this Order who fail to comply with the terms of the Order or any discovery orders issues in connection with the Order may be subject to sanctions requested by any party in accordance with the Federal Rules of Civil Procedure and the Bankruptcy Rules.

8.    The form of the Notice of Deadlines and Process Regarding Objections To Asbestos Property Damage Claims ("Notice") attached as Exhibit C is approved and all of the provisions of the Notice are incorporated as if fully set forth herein.

9.    Within ten (10) days of entry of this Order, the Debtors will serve this Order and the accompanying Notice on counsel for all PD Claimants affected by this Order, or the Claimants themselves if not represented by counsel. **Any objections to the Schedule set forth in this Order must be filed and served by September 14, 2006 at 12:00 noon, eastern daylight time. If any such objections are filed and served, they will be heard on September 25, 2006 at 2:00 p.m., eastern daylight time, in Wilmington, Delaware.**

Dated: _____, 2006

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge