# Exhibit C

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JFK) |
| | ) | Jointly Administered |
| | ) | Re: Docket Nos. 9300, 9302, 9315, 12405 |
| | ) | |
| Debtors. | ) | |

## NOTICE OF DEADLINES AND PROCESS REGARDING OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

**To: All Claimants With Pending Asbestos Property Damage Claims. Please read this Notice carefully as it may affect your filed claims against W. R. Grace:**

1. On August 29, 2005, the Court entered two Orders with respect to Asbestos Property Damage Claims. The first Order was the Case Management Order for the Adjudication of Asbestos Property Damage Claims Objections (the "PD Claims CMO") (Docket No. 9300) and the second was the Case Management Order for the Estimation of Asbestos Property Damage Liabilities (the "Estimation CMO") (Docket No. 9302). The estimation of PD Claims pursuant to the Estimation CMO was being litigated by the Debtors, on the one hand, and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") and certain PD Claimants who elected to participate, on the other hand.

2. On September 1, 2005, pursuant to the PD Claims CMO, the Debtors filed their Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the 15th Omnibus Objection) (Docket No. 9315) wherein the Debtors objected to certain Asbestos Property Damage Claims ("PD Claims").

3. As of the date of this Notice, there are 656 pending PD Claims. The Debtors objected to all of these PD Claims in the 15th Omnibus Objection. These claims consist of 504 U. S. Traditional Claims, 97 Canadian Claims and 55 claims which were designated in the PD Proofs

K&E 11296584.11

of Claim as "Category 2" claims, defined as claims regarding "Allegations with respect to one of Grace's vermiculite mining, milling or processing operations." **All of these pending PD Claims are the subject of this Notice**.

4. On August __, 2006, the Court entered an Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims ("Order"). Copies of that Order and the attached exhibits to that Order, including a schedule of remaining discovery, are included with this Notice. They set forth the schedule going forward for discovery, various other deadlines and for the adjudication of objections which the Debtors have raised in the 15th Omnibus Objection.

5. Moreover, pursuant to the Order:

   (i) Parties may file summary judgment motions by the deadlines set forth in the Order as follows:

   (A) Summary judgment motions by any party on product identification, limitations periods, and the Libby issue shall be filed by March 16, 2007, so as to be heard prior to the April 2007 hearing (as defined in 5. iv. (A) below). These motions will be heard on available dates in Pittsburgh, Pennsylvania, no later than April 13, 2007.

   (B) Summary judgment motions by any party on lack of hazard shall be filed by April __, so as to be heard prior to the May 2007 hearing (as defined in 5. iv. (C) below). These motions will be heard on available dates in Pittsburgh, Pennsylvania, no later than May __, 2007.

   (ii) All parties reserve the right to file additional summary judgment motions after May __, 2007.

   (iii) There will be a Daubert hearing on _____ __ and __, 2007, in Pittsburgh, Pennsylvania regarding the issue of methodologies for dust sampling (the "Methodology Issue"). More specifically, the Methodology Issue is the issue of whether the use of surface dust sample collection and analysis to establish or assess asbestos

2

inhalation risk in buildings is scientifically reliable and admissible. All PD Claimants will be bound by the Court's determination in this regard and may elect to participate.

(iv) Certain substantive objections previously lodged by the Debtors in the 15th Omnibus Objection to PD Claims will be tried in two hearings, as follows:

(A) On April 23, 24 and 25, 2007, commencing at 9:00 a.m., in Pittsburgh, Pennsylvania. (the "April 2007 hearing"), the Debtors' objections related to product identification and limitations periods will be tried. More specifically, these objections are:

(1) **Product Identification.** These objections relate to claims that allegedly fail to demonstrate, either through bulk sampling data or other documentary evidence, that some or all of the products allegedly installed or applied in the properties were asbestos-containing or were manufactured or sold by Grace. The objections were set forth in objections C-2 through C-4 and F-4 in the 15th Omnibus Objection.

(2) **Limitations Periods.** These objections relate to claims that allegedly are barred by assumption of risk, statute of limitations, statute of repose and/or laches. The objections were set forth in objections D-1 through D-6, F-1 and F-5 in the 15th Omnibus Objection.

(3) Additionally, to the extent not previously resolved through summary judgment or other proceedings, objections with respect to the Category 2 claims related to residences in the Libby, Montana area alleging that the property has already been or will be remediated by the EPA (the "Libby issue") shall be adjudicated at the April 2007 hearing. This objection was set forth in objection G-2 in the 15th Omnibus Objection.

(B) On May __ and __, 2007 (the "May 2007 hearing"), the Debtors' objections related to **lack of hazard** will be tried. More specifically, these objections relate to PD Claims that the Debtors' contend fail to demonstrate that the Debtors' asbestos-containing products allegedly installed in claimants' buildings create an unreasonable risk of harm, including but not limited to claims allegedly providing no documentation reflecting the existence of hazardous conditions arising from asbestos-containing products installed in the properties, such as claims providing irrelevant air sampling data and claims providing air sampling data reflecting

3

asbestos levels lower than or comparable to typical outdoor air. These objections were set forth in objections E-1 through E-4 and F-5 in the 15th Omnibus Objection.

(v) Any and all other scheduling orders previously entered by the Court regarding Asbestos Property Damage Claims, including the schedule for Phase I and Phase II issues set forth in the Estimation CMO, are vacated.

6. PD Claimants other than those represented by the law firms of Speights & Runyan and Dies and Hile may object to the Schedule set forth in Exhibit B to the Order; however, such objection must be filed and served by September 14, 2006 at 12:00 noon. If any such objections are filed and served, they will be heard on September 25, 2006 at 2:00 PM in Wilmington, Delaware.

K&E 11296584.11

Dated: August ___, 2006

          KIRKLAND & ELLIS LLP
          David M. Bernick, P.C.
          Janet S. Baer
          200 East Randolph Drive
          Chicago, Illinois 60601
          Telephone: (312) 861-2000
          Facsimile: (312) 861-2200

          and

          PACHULSKI STANG ZIEHL YOUNG
          JONES & WEINTRAUB LLP

          _____

          Laura Davis Jones (Bar No. 2436)
          James E. O'Neill (Bar No. 4042)
          919 North Market Street, 17th Floor
          P.O. Box 8705
          Wilmington, DE 19899-8705
          (Courier 19801)
          Telephone: (302) 652-4100
          Facsimile: (302) 652-4400

          Co-Counsel for Debtors and Debtors in
          Possession

5