IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., *et al.*,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 9622 |
| | ) Aug. 21, 2006 Agenda Item No. 10 |

**ORDER AS TO ALL PRE-PETITION ASBESTOS PI LITIGATION CLAIMS, INCLUDING SETTLED CLAIMS, (I) ESTABLISHING BAR DATES; (II) APPROVING PROOF OF CLAIM FORM; AND (III) APPROVING NOTICE OF PRE-PETITION ASBESTOS PERSONAL-INJURY CLAIMS BAR DATE**

Upon consideration of the Debtors' Motion for an Order Establishing a Proof of Claim Bar Date for Asbestos Personal Injury Pre-Petition Litigation Claims (the "Motion"), and the Court having considered the Motion and the responses thereto; and adequate and sufficient notice of the Motion having been given; and it appearing that the relief requested in the Motion should be granted to the extent provided for herein, it is hereby,

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

ORDERED that the relief requested in the Motion is granted to the extent set forth in this Order; and it is further

ORDERED that **October 16, 2006** (the "Settled Pre-Petition PI Claims Bar Date") is established as the last day for all persons and entities asserting Settled Pre-Petition Asbestos PI Claims (as defined herein) to file their W.R. Grace & Co. Asbestos PI Proof of Claim ("Asbestos PI Proof of Claim"); and it is further

ORDERED that **November 15, 2006** (the "Non-Settled Pre-Petition PI Claims Bar Date," and together with the Settled Pre-Petition PI Claims Bar Date, the "Asbestos PI Bar Dates") is established as the last day for all persons and entities asserting Non-Settled Pre-Petition Asbestos PI Claims (as defined herein), to file their Asbestos PI Proof of Claim; and it is further

ORDERED that, for purposes of this Order and the Bar Date Notice (defined below), the term "Non-Settled Pre-Petition Asbestos PI Claim" shall be defined as an asbestos-related claim for personal injury or wrongful death alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing material to which one or more of the Debtors were alleged to be legally responsible, and such claim against one or more of the Debtors (1) was filed in court as a lawsuit or civil action prior to April 2, 2001; (2) has not been dismissed or otherwise resolved with prejudice; (3) has not been fully satisfied by any of the Debtors (either by fully-paid settlement or judgment); and (4) is *not* subject to a settlement agreement that (a) is evidenced by a writing dated prior to April 2, 2001 (which the holder must attach to their Asbestos PI Proof of Claim), (b) is enforceable under applicable non-bankruptcy law, and (c) provides for a release of one or more of the Debtors; and it is further

ORDERED that, for purposes of this Order and the Bar Date Notice (defined below), the term "Settled Pre-Petition Asbestos PI Claim" shall be defined as an asbestos-related claim for personal injury or wrongful death alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing material to which one or more of the Debtors were alleged to be legally responsible, and such claim against one or more of the Debtors (1) was filed in court as a lawsuit or civil action prior to April 2, 2001; and (2) *is* subject to a settlement agreement that (a) is evidenced by a writing dated prior to April 2, 2001 (which the holder must attach to their Asbestos PI Proof of Claim), (b) is enforceable under applicable non-bankruptcy law, (c) provides for a release of one or more of the Debtors, and (d) has not been fully paid or satisfied by any of the Debtors; and it is further

ORDERED that, for purposes of this Order and the Bar Date Notice (defined below), the term "Pre-Petition Asbestos PI Litigation Claim" shall be defined as a Non-Settled Pre-Petition Asbestos PI Claim, a Settled Pre-Petition Asbestos PI Claim, or both, as the case may be; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, Asbestos PI Proofs of Claim that are postmarked as mailed on or before the applicable Asbestos PI Bar Dates, but are actually received thereafter, shall be deemed and considered timely filed; and it is further

ORDERED that any holder of a Pre-Petition Asbestos PI Litigation Claim who fails to file an Asbestos PI Proof of Claim on or before the applicable Asbestos PI Bar Dates, pursuant to the terms of this Order, shall be forever barred, estopped, and enjoined from asserting such Claim against any of the Debtors or the § 524(g) trust to be established under the Debtors'

K&E 11309636.1

chapter 11 plan, or receiving distributions under any plan or plans of reorganization in these chapter 11 cases on account of such Claim; and it is further

ORDERED that the terms and provisions of this Order shall apply only to those persons or entities holding a Pre-Petition Asbestos PI Litigation Claim, as defined herein, and such terms and provisions shall not in any way apply to: (a) an asbestos-related property-damage claim; (b) a property-damage claim arising from Zonolite attic insulation; (c) an asbestos-related claim for which a lawsuit or civil action has been filed exclusively seeking or exclusively predicated on medical monitoring; (d) an asbestos-related workers' compensation claim; (e) any asbestos-related claim for personal injury or wrongful death that does not satisfy the definition of a Settled Pre-Petition Asbestos PI Claim and the definition of a Non-Settled Pre-Petition Asbestos PI Claim, including, without limitation, any asbestos-related claim for personal injury or wrongful death for which a lawsuit or civil action against the one or more of the Debtors was commenced prior to April 2, 2001 and that lawsuit or civil action was (i) settled or adjudicated to judgment and such settlement or judgment was fully satisfied as of April 2, 2001, or (ii) dismissed before April 2, 2001; (f) any asbestos-related claim for personal injury or wrongful death that would otherwise satisfy the definition of a Settled Pre-Petition Asbestos PI Claim or the definition of a Non-Settled Pre-Petition Asbestos PI Claim, but has been disallowed or expunged by order of a court of competent jurisdiction; and (g) an asbestos-related claim for personal injury or wrongful death that had not been filed in court as a lawsuit or civil action against any of the Debtors as of April 2, 2001; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, if a person or entity holds a Pre-Petition Asbestos PI Litigation Claim against more than one of the Debtors, such person or entity need not file a separate Asbestos PI Proof of Claim form against

each of the applicable Debtors in order to comply with the requirements of this Order and to preserve such person's or entity's Pre-Petition Asbestos PI Litigation Claim(s), the timely filing of only one (1) Asbestos PI Proof of Claim form for such Claim(s) being sufficient and proper for purposes of this Order; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, any person or entity who holds a Settled Pre-Petition Asbestos PI Claim must so indicate on the Asbestos PI Proof of Claim form and supply supporting documentation. Upon receipt of the Asbestos PI Proof of Claim, the Debtors will examine it against their records. If, after examining their records, the Debtors do not dispute the settlement reflected or described in the Asbestos PI Proof of Claim, then the Debtors shall notify the appropriate claimant in writing within twenty-one (21) calendar days after receipt of such Claimant's Asbestos PI Proof of Claim that the Debtors do not dispute or contest the settlement reflected or described in the Asbestos PI Proof of Claim; and it is further

ORDERED that if the Asbestos PI Proof of Claim sets forth a settlement amount that does not correspond with Debtors' settlement records, or if the Debtors' records do not correspond with the settlement described or reflected in the Asbestos PI Proof of Claim (in either case, a "Contested Settled Claim"), the Debtors will so notify the claimant and send the claimant a W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire") within twenty-one (21) calendar days after receipt of such Asbestos PI Proof of Claim. Upon receipt of the Questionnaire, a holder of a Contested Settled Claim shall have thirty (30) calendar days to fill out and return the Questionnaire unless (1) such holder has already filled out and returned the Questionnaire or (2) such holder, within fourteen (14) calendar days after receipt of the Questionnaire, files an objection setting forth, among other things, why that holder believes he or

K&E 11309636.1

she should not be required to fill out and return the Questionnaire. If such an objection is not filed within that 14-day period, such holder will be required to fill out and return the Questionnaire within thirty (30) calendar days after such holder's receipt of the Questionnaire; and it is further

ORDERED that the Court will hear any objection that is timely filed by a holder of a Contested Settled Claim and decide whether that holder has to fill out the Questionnaire at the December 18, 2006 omnibus hearing; and it is further

ORDERED that the "W.R. Grace & Co. Asbestos PI Proof of Claim Form," which is attached to this Order as Exhibit A, is approved; and it is further

ORDERED that the document entitled "Notice of Bar Dates for Pre-Petition Asbestos Personal-Injury Litigation Claims (Settled and Non-Settled)," which is attached to this Order as Exhibit B ("Bar Date Notice"), is approved; and it is further

ORDERED that within ten (10) calendar days after entry of this Order, the Debtors shall serve or cause to be served the Bar Date Notice and the Asbestos PI Proof of Claim Form on counsel of record for all holders of Pre-Petition Asbestos PI Claims, or where such holder is not represented by counsel, on such holders themselves, via direct U.S. mail, and such notice shall be sufficient.

BY ORDER OF THE COURT:

**Dated: 8/24/2006**
**16:56:49**

*Judith K. Fitzgerald*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

K&E 11309636.1