IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1] | ) | Case No. 01-1139 |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | |

**AFFIDAVIT UNDER 11 U.S.C. 327(e)**
Law Offices of John W. Harte, Pa.

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) ss: | |
| COUNTY OF AIKEN | ) | |

John W. Harte, Jr. being duly sworn, upon his/her oath, deposes and says:

1. I am John W. Harte, Jr., the principal Owner of The Law Offices of John W. Harte, Pa, located at 245 Chesterfield. St. N.W., Aiken, South Carolina, 29801 (the "Firm").

2. The Debtors have requested that the Firm provide Legal Services to the Debtors, and the Firm has consented to provide such services.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.- Conn., A-1 Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc. Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G. C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-B II, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G, Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

3.  The Firm has not performed services in the past, but may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases.

4.  I have reviewed the list of claimants and parties in interest these Chapter 11 cases and have not identified any entity or party for whom this Firm has provided any services in the pats. However, as part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom might represent or be employed by the Debtors, claimants and parties-in-interest in these chapter 11 cases although such interest in unknown to the undersigned. The Firm has not and does not now perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

5.  Neither I nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6.  Neither I nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

7.  The Debtors does not owe the Firm anything for prepetition services.

8.  The Firm has reviewed its records and will conduct further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Executed on August 16, 2006

LAW OFFICES OF JOHN W. HARTE, PA

_____
JOHN W. HARTE, JR
S.C. BAR # 2773
President

Sworn to and subscribed before me
this 17th day of August, 2006

_____
Notary Public
My Commission expires: 9/6/2015