IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Re: Docket Nos. 9300, 9302, |
| | ) | 9315, and 12405 |

**CERTIFICATION OF COUNSEL REGARDING ORDER
MODIFYING VARIOUS DEADLINES REGARDING
OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS**

1.      On July 24, 2006, the stay of the proceedings was lifted and the Court, among other things, directed the Debtors to meet and confer with the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") to prepare a new Case Management Order ("CMO") and Notice with respect to the 15th Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the 15th Omnibus Objection) (Docket No. 9315) which addresses the claims objection process going forward.

2.      The Debtors and the PD Committee have met and conferred multiple times and have made progress towards reaching agreement on the terms of a CMO and Notice. The Debtors have incorporated a number of proposals and revisions requested by the PD Committee. The PD Committee has agreed to some of the Debtors' proposals.

3.      However, the Debtors and the PD Committee have been unable to reach agreement on following issues:

a.    The Committee has proposed that summary judgment motions cannot be filed until after the close of discovery.  The Debtors respectfully submit that summary judgment motions may be filed at any time.  During the August 21 omnibus hearing, the Court asked to be advised regarding potential summary judgment motions that may be filed earlier than at or after the close of discovery.  At this time, the Debtors believe that they may file, prior to the close of discovery, summary judgment motions regarding limitations periods in certain jurisdictions and regarding product identification.  Additional summary judgment motions are possible.

b.    The Committee has proposed that issues concerning lack of hazard should not be adjudicated until at least 90 days after the Court has ruled on the Methodology Issue (as defined in the Debtors' proposed Notice and Order).  The Debtors do not believe that a 90-day delay is necessary.  As of today, the Debtors understand that the hearing on the Methodology Issue is set for January 29, 30 and 31, 2007, and the hearing on the lack of hazard issue is set for May 30 and 31, 2007.  The Debtors believe that there is ample time between these two hearings, and no specific 90-day delay from the issuance of the Methodology Issue ruling is necessary.

c.    At the August 21 hearing, the Court indicated that PD Claimants represented by counsel who have thus far not been involved in the estimation process will have the opportunity to object to the schedule attached as Exhibit B to the Order.  The Debtors believe that PD Claimants represented by Messrs. Speights and Dies should not have the right to object to the schedule, as they have been and have had the opportunity to be fully involved in the

process of negotiating the schedule.  Its is the Debtors' understanding that Messrs. Speights and

Dies disagree.

          d.      The Committee has proposed language stating that the Estimation

CMO be entirely vacated.  The Debtors believe that, because certain discovery has already

occurred pursuant to the Estimation CMO, that CMO should not be entirely vacated.  Rather, the

going-forward schedule set forth in the Estimation CMO should be vacated.

          4.      With today's filing, the Debtors have provided a version of the proposed

Schedule (Exhibit B to the Order) that contains three columns of dates.  The first column shows

the Debtors' proposed dates.  The second column shows the Committee's proposed dates.  The

third column shows proposed compromise dates.

          5.      Accordingly, the Debtors respectfully request that the Court enter the

Order and approve the Notice as submitted by the Debtors, with either the Debtors' proposed

dates or the compromise dates.

Dated:  August 30, 2006                    KIRKLAND & ELLIS LLP
                                            David M. Bernick, P.C.
                                            Janet S. Baer
                                            200 East Randolph Drive
                                            Chicago, Illinois 60601
                                            Telephone:  (312) 861-2000
                                            Facsimile:  (312) 861-2200

                                            and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042 )
Curtis A. Hehn (Bar No. 4264)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession