IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket Nos. 9300, 9302, |
| Debtors. | ) | 9315, 12405 and 13085 |
| | ) | August 21, 2006 Agenda Item #9 |

### *AMENDED*[1] SUPPLEMENTAL CERTIFICATION OF COUNSEL OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS REGARDING PROPOSED ORDER SETTING DEADLINES AND PROCESS REGARDING OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

1.  During the August 21, 2006 omnibus hearing, the Court, among other things, directed the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") to meet and confer with the Debtors in an effort to prepare an order (the "Order") and schedule (the "Schedule") setting deadlines regarding certain objections to asbestos property damage claims ("PD Claims") raised in the 15th Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the 15th Omnibus Objection) (Docket No. 9315) and a notice in respect thereof (the "Notice").

2.  Since the August 21, 2006 omnibus hearing, counsel to the PD Committee and the Debtors have engaged in numerous discussions and exchanges of proposed Order, Notices and Schedules in an attempt to reach an agreement, as directed by the Court. The parties were successful in reaching an agreement on the Schedule that is attached hereto as **Exhibit C**.

---

[1] Exhibit C to the Proposed Order was inadvertently not attached to the Supplemental Certification.

MIAMI 1147800.1 7481715537

However, due to the impending hurricane and the closure of PD Committee's counsel's offices in Miami, further discussions could not be had and, thus, the parties were not able to reach an agreement with respect to the Notice and the Order due to two principal areas of disagreement between the PD Committee and the Debtors.

3. First, at the August 21, 2006 omnibus hearing, the Court enjoined that summary judgment motions in respect of the issues that will be heard in April and May, 2007, can be made "near the end of the discovery period" applicable to the issue in respect of which such motion is being made. (Tr. P. 136). The Court's position in that regard makes eminently good sense for several reasons, including that the Debtors have already had the benefit of discovery from PD Claimants via the extensive and specialized proof of claim form that was employed in respect of PD Claims. On the other hand, PD Claimants have not had any opportunity as of yet to take any discovery in respect of the issues to be adjudicated. Thus, the Court's direction facilitates the conduct of discovery by PD Claimants and to some extent levels the playing field. Notwithstanding, the Debtors will not agree to adhere to the Court's direction and insist that they be permitted to move for summary judgment if they wish at any time.

4. Second, also at the August 21, 2006 omnibus hearing, the Court acceded to the view of PD Claimants that there be an interval of at least 90 days between the hearing on the Methodology Issue and the hearing on the hazard issue as the two may be intertwined and thus, the parties will likely need to accommodate the Court's decision on the Methodology Issue in their presentations on hazard. Of course, if the Court's rulings in the Methodology hearing are significantly delayed, the interval between the two hearings will serve no real useful purpose.

Thus, the Committee seeks that the CMO provide that the trial on hazard will not occur less than 60 days after the Court rules on the Methodology Issue. The Debtors will not agree.

5. The PD Proponents' submit that its proposed Notice, Order and Schedule comports with the Court's rulings during the August 21, 2006 omnibus hearing and urges the Court to approve the form of Notice, attached hereto as **Exhibit A**, and enter the Order, attached hereto as **Exhibit B**.

Wilmington, Delaware
Dated:  August 30, 2006

Respectfully submitted,

BILZIN SUMBERG BAENA
   PRICE & AXELROD LLP
200 South Biscayne Boulevard
Suite 2500
Miami, Florida  33131-2336
Telephone:  (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)

-and-

FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555

By:  /s/ Theodore J. Tacconelli
       Theodore J. Tacconelli
       (Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS