# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JFK) |
| | ) | Jointly Administered |
| | ) | Re: Docket Nos. 9300, 9302, 9315, 12405 |
| | ) | |
| Debtors. | ) | |

**NOTICE OF DEADLINES AND PROCESS REGARDING OBJECTIONS
TO ASBESTOS PROPERTY DAMAGE CLAIMS**

**To: All Claimants With Pending Asbestos Property Damage Claims. Please read this Notice carefully as it may affect your filed claims against W. R. Grace:**

1. On August 29, 2005, the Court entered two Orders with respect to Asbestos Property Damage Claims. The first Order was the Case Management Order for the Adjudication of Asbestos Property Damage Claims Objections (the "PD Claims CMO") (Docket No. 9300) and the second was the Case Management Order for the Estimation of Asbestos Property Damage Liabilities (the "Estimation CMO") (Docket No. 9302). The estimation of PD Claims pursuant to the Estimation CMO was being litigated by the Debtors, on the one hand, and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") and certain PD Claimants who elected to participate, on the other hand.

2. On September 1, 2005, pursuant to the PD Claims CMO, the Debtors filed their Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the 15th Omnibus Objection) (Docket No. 9315) wherein the Debtors objected to certain Asbestos Property Damage Claims ("PD Claims").

3. As of the date of this Notice, there are 656 pending PD Claims. The Debtors objected to all of these PD Claims in the 15th Omnibus Objection. These claims consist of 504 U. S. Traditional Claims, 97 Canadian Claims and 55 claims which were designated in the PD

Proofs of Claim as "Category 2" claims, defined as claims regarding "Allegations with respect to one of Grace's vermiculite mining, milling or processing operations." **All of these pending PD Claims are the subject of this Notice.**

4. On August __, 2006, the Court entered an Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims ("Order"). Copies of that Order and the attached exhibits to that Order, including a schedule of remaining discovery, are included with this Notice. They set forth the schedule going forward for discovery, various other deadlines and for the adjudication of objections which the Debtors have raised in the 15th Omnibus Objection to certain pending PD Claims. As a result of the Order, Phase II of the Estimation will not go forward at this time and the Estimation CMO has been vacated.

5. Moreover, pursuant to the Order:

(i) Parties may file summary judgment motions by the deadlines set forth in the Order as follows:

    (A) Summary judgment motions by any party on product identification, limitations periods, and the Libby issue shall be filed after the conclusion of discovery, but no later than March 16, 2007, so as to be heard prior to the April 2007 hearing (as defined in 6. iv. (A) below). These motions will be heard on available dates in Pittsburgh, Pennsylvania, no later than April __, 2007.

    (B) Summary judgment motions by any party on lack of hazard shall be filed after the conclusion of discovery, but no later than April __, so as to be heard prior to the May 2007 hearing (as defined in 6. iv. (C) below). These motions will be heard on available dates in Pittsburgh, Pennsylvania, no later than May __, 2007.

(ii) There will be a hearing on February __ and __, 2007, in Pittsburgh, Pennsylvania, regarding whether the use of surface dust sample collection and analysis to assess or establish whether the Debtors's asbestos-containing products are defective or unreasonably dangerous is admissible in accordance with Federal Rule of Evidence 702

(the "Methodology Issue"). **All PD Claimants will be bound by the Court's determination in this regard and may elect to participate. Any PD Claimant which hereafter so elects shall be required to designate experts and submit expert reports addressing the Methodology Issue on or before October 25, 2006. The PD Committee may continue to be a party to the Methodology Issue; however, the PD Committee does not and cannot represent an individual PD Claimant or defend against an objection to any individual PD Claim.**

6.  Certain substantive objections previously lodged by the Debtors in the 15th Omnibus Objection to certain PD Claims will be adjudicated in two evidentiary hearings, as follows:

    (A)    On April 23, 24 and 25, 2007, commencing at 9:00 a.m., in Pittsburgh, Pennsylvania (the "April 2007 hearing"), the Debtors' objections related to product identification and limitations periods will be adjudicated. More specifically, these objections are:

        (1)    **Product Identification.** These objections relate to claims that allegedly fail to demonstrate, either through bulk sampling data or other evidence, that some or all of the products allegedly installed or applied in the properties were asbestos-containing or were manufactured or sold by the Debtors. The objections were set forth in objections C-2 through C-4 and F-4 in the 15th Omnibus Objection.

        (2)    **Limitations Periods.** These objections relate to claims that allegedly are barred by assumption of risk, statute of limitations, statute of repose and/or laches. The objections were set forth in objections D-1 through D-6, F-1 and F-5 in the 15th Omnibus Objection.

    (B)    Additionally, objections with respect to the Category 2 claims related to residences in the Libby, Montana area alleging that the property has already been or will be remediated by the EPA (the "Libby issue") will be heard at the April 2007 hearing. This objection was set forth in G-2 in the 15th Omnibus Objection.

    (C)    On May __ and __, 2007, but no earlier than ninety (90) days after the Court's ruling on the Methodology Issue (as set forth in

paragraph 5(ii) above), the Debtors' objections related to **lack of hazard** will be heard. More specifically, these objections relate to PD Claims that the Debtors contend fail to demonstrate that the Debtors' asbestos-containing products allegedly installed in claimants' buildings create an unreasonable risk of harm, including the Debtors' contentions that these PD Claims (i) provide no measurement of relevant asbestos levels, (ii) rely exclusively on dust sampling results that are irrelevant and scientifically unreliable, (iii) rely on air sampling results that are inapplicable, or (iv) attach air sampling results that do not support the existence of a health hazard, as each of these objections were set forth in objections E-1 through E-4 and F-5 in the 15th Omnibus Objection.

7. **Any PD Claimant may object to the Schedule set forth in Exhibit B to the Order; however, such objection must be filed and served by September 14, 2006 at 12:00 noon. If any such objections are filed and served, they will be heard on September 25, 2006 at 2:00 PM in Wilmington, Delaware**. Notwithstanding, nothing herein shall prejudice or serve as a waiver of any PD Claimant's objections or contentions with respect to the conduct of the hearings on the Methodology Issue, product identification, limitations periods, the Libby issue or the lack of hazard (collectively, the "Hearings Issues"); the burden of production assigned to PD Claimants in respect of any of the Hearings Issues; the elements of proof required in respect of any of the Hearings Issues; or, the order of proof in respect of the Hearings Issues.

Dated: August ___, 2006

    KIRKLAND & ELLIS LLP
    David M. Bernick, P.C.
    Janet S. Baer
    200 East Randolph Drive
    Chicago, Illinois 60601
    Telephone: (312) 861-2000
    Facsimile: (312) 861-2200

    and

    PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

---

    Laura Davis Jones (Bar No. 2436)
    James E. O'Neill (Bar No. 4042)
    919 North Market Street, 17th Floor
    P.O. Box 8705
    Wilmington, DE 19899-8705
    (Courier 19801)
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400

    Co-Counsel for Debtors and Debtors in Possession