**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF BILZIN SUMBERG DUNN BAENA**
**PRICE & AXELROD LLP FOR THE TWENTIENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Bilzin Sumberg Dunn Baena Price & Axelrod LLP for the Twentienth Interim Period</u>.

**BACKGROUND**

1.  Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants. In the Application, Bilzin seeks approval of fees totaling $618,556.75 and costs totaling $108,605.10 for its services from January 1, 2006, through March 31, 2006.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Bilzin an initial report based on our review, and received a response from Bilzin, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted a hearing and a mediation session in which three or more firm professionals participated. (See Exhibit A) We asked Bilzin to explain why it was necessary for multiple professionals to participate in each of these instances. Bilzin's response is provided as Response Exhibit 1. We appreciate the response and accept the proposed reductions of $608.00 for Mr. Kramer's time on March 22, 2006 and of $256.00 with regard to his preparation time for the same meeting. We further accept the proposed reduction of $1,403.00 for Ms. Testa's time on March 21 and 22, 2006. We thus recommend a reduction of $2,267.00 in fees.

4.      We noted that during the application period GG ($135) and WR ($160) performed data entry. (See Exhibit B) The total time spent was 25.9 hours for a total fee of $3,596.50. Data entry is normally a clerical function, and therefore, if billable at all, should be billed at a relatively low hourly rate. We asked the firm to explain why the cited professionals should be billing at normal rates for data entry. Bilzin's response is provided below.

> As we have agreed to in the past with respect to the issue of certain discreet tasks performed by our paralegals related to the PD Committee' involvement in the PD Estimation, we will agree to reduce the billing rate for the entries in question to $60/hr and, thus, agree to a reduction equal to $2,042.50.

We appreciate the response and thus recommend a reduction of $2,042.50 in fees.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Bilzin 20int 1-3.06.wpd

**CONCLUSION**

5. Thus we recommend approval of fees totaling ($618,556.75 minus $4,309.50) and costs totaling $108,605.10 for Bilzin's services from January 1, 2006, through March 31, 2006.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 30th day of August, 2006.

_____
Warren H. Smith

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Bilzin 20int 1-3.06.wpd

## SERVICE LIST
Notice Parties

**The Applicant**

Scott L. Baena
Jay M. Sakalo
BILZIN SUMBERG DUNN BAENA PRICE
& AXELROD LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2385

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

On February 21, 2006, SLB, JMS and MIK attended a hearing. The total time spent including any preparation and non-working travel time was 17.00 hours[1] for a total fee of $6,454.50. Please explain why this hearing required the attendance on of three (3) firm members?

| Date | Atty | Hours | Fee | Description |
|---|---|---|---|---|
| 02/17/06 | MIK | 0.70 | 224.00 | Prepare for hearing. |
| 02/20/06 | JMS | 1.30 | 520.00 | Prepare for omnibus hearing (1.3) |
| 02/20/06 | MIK | 0.50 | 160.00 | Prepare for hearings. |
| 02/21/06 | SLB | 4.10 | 2562.50 | Conference with M. Dies and D. Speights in preparation for hearing (.8); prepare for court appearance regarding various matters (2.0); attend hearing (1.3). |
| 02/21/06 | JMS | 3.60 | 1440.00 | Prepare for and attend omnibus hearing (2.9); post-hearing meeting with S. Baena and M.. Dies (.7). |
| 02/21/06 | MIK | 2.70 | 864.00 | Attend hearing (2.2); post-hearing follow up (.5). |
| 02/20/06 | JMS | 0.70 | 140.00 | Non-working travel to Delaware (.7). |
| 02/20/06 | MIK | 2.40 | 384.00 | Non-work travel to hearings |
| 02/23/06 | MIK | 1.00 | 160.00 | Non-work travel from hearing. |

On March 22, 2006, four (4) four firm members attended a mediation. The total time spent including any preparation time was 26.50 hours for a total fee of $11,171.00. Please explain why this mediation required the attendance of four (4) firm members?

| Date | Atty | Hours | Fee | Description |
|---|---|---|---|---|
| 03/21/06 | SLB | 5.40 | 3375.00 | .........; telephone call from M. Dies regarding mediation (.2);..........; telephone conference with G. Boyer et al regarding mediation information/analysis (.8); telephone conference with J. Hass regarding same (.4). |
| 03/21/06 | JMS | 2.40 | 960.00 | Telephone conferences with M. Dies, D. Speights, S. Baena regarding mediation (.4); telephone |

---

[1] Time for this entry was located in two (2) Project Categories - (i) Hearings and (ii) Travel.

**FEE AUDITOR'S FINAL REPORT** - Page 6
wrg FR Bilzin 20int 1-3.06.wpd

| | | | | |
|---|---|---|---|---|
| | | | | conference with S. Baena, G. Boyer regarding mediation (.8); review Boyer documents for mediation (1.2). |
| 03/21/06 | MIK | 1.60 | 512.00 | Telephone conference with Dan Speights, Martin Dies regarding mediation (1.2); telephone conference with G. Boyer regarding mediation analysis (.4). |
| 03/21/06 | NT | 0.40 | 122.00 | Conference call with G. Boyer, S. Baena, J. Sakalo, and M. Kramer regarding mediation/information/analysis. |
| 03/22/06 | SLB | 5.00 | 3125.00 | Telephone call from J. Sakalo regarding mediation matters (.3); continued mediation (4.2); telephone call from Sakalo regarding same (.5). |
| 03/22/06 | JMS | 7.70 | 3080.00 | Prepare for mediation en route to DC (1.5); meet with subcommittee prior to mediation (2.0); telephone conferences with S. Baena before and after mediation (1.0); attend mediation (3.2). |
| 03/22/06 | MIK | 3.80 | 1216.00 | Partially attend mediation telephonically. |
| 03/22/06 | NT | 4.20 | 1281.00 | Attend mediation via teleconference with S. Baena and M. Kramer. |

Exhibit B

| Date | Person | Hours | Amount | Description |
|---|---|---|---|---|
| 02/04/06 | GG | 0.60 | 81.00 | Data entry of property damage insurance claims files (.6). |
| 02/13/06 | GG | 3.60 | 486.00 | ; data entry of property damage insurance claims files (2.1). |
| 02/14/06 | GG | 6.00 | 810.00 | ; data entry of property damage insurance claims files (2.1). |
| 02/15/06 | GG | 0.80 | 108.00 | Data entry of property damage insurance claims files (.8). |
| 02/21/06 | GG | 3.70 | 499.50 | Data entry of property damage insurance claims files (3.7). |
| 02/22/06 | GG | 5.50 | 742.50 | Data entry of property damage insurance claims files (5.5). |
| 02/24/06 | WR | 8.50 | 1360.00 | Review and data entry of property damage insurance claim files (4.0)............. |
| 02/26/06 | GG | 3.10 | 418.50 | Data entry of property damage insurance claims files (3.1). |
| 02/28/06 | WR | 9.20 | 1472.00 | ...........; review and data entry of property damage insurance claims files (4.0) |

Response Exhibit 1

The Fee Auditor requests an explanation regarding the participation of multiple Bilzin Sumberg professionals at one hearing and one mediation session.

First, with respect to the February 21, 2006 hearing, there were many issues scheduled for that hearing that necessitated the participation of the PD Committee. For example, the Debtors' motion for a further extension of exclusivity was set for hearing. The PD Committee filed an objection to the Debtors' motion. Next, the Debtors' motion to strike or compel full disclosure of the PD Committee's Phase I fact witnesses related to the PD Estimation was scheduled. Also, there were objections to individual PD claims, which are matters that the PD Committee has stayed keenly aware of, given the significance they have to its constituency as a whole. Lastly, there were motions to extend the third party injunctions that the Debtors obtained early on in the bankruptcy case.

Given the breadth of matters scheduled to be heard, Bilzin allocated the responsibility amongst Messrs. Baena, Sakalo and Kramer. Mr. Baena was responsible for the argument in respect of the PD Committee's objection to the exclusivity motion. Mr. Kramer assisted Mr. Baena in preparing this argument and, as a result of issues that constantly evolved right up to the hearing, was needed to keep Mr. Baena abreast of new developments as they arose. Mr. Sakalo was tasked with handling the PD Committee's position with respect to the remainder of the items on the agenda that involved the PD Committee. In addition, a number of members of the PD Committee were in attendance at the hearing and availed themselves of having the PD Committee's professionals in the same location to respond to numerous strategic issues that arose prior to, during and after the hearing.

Second, with respect to the mediation session, some background is helpful. During the argument at the February 21, 2006 omnibus hearing on the Debtors' motion for an extension of exclusivity, the Court directed the appointment of a mediator to facilitate plan negotiations. As a result, the Honorable Samuel Pointer was selected to mediate plan negotiations. Judge Pointer convened a mediation session at the Debtors' counsel's office in New York City in mid-March. Messrs. Baena and Sakalo attended that session on behalf of the PD Committee. At that meeting, certain preliminary agreements were reached amongst the asbestos constituencies, but those agreements required further negotiation. As a result, a subsequent session was convened in Washington D.C. the following week by the mediator that involved only the asbestos constituencies. This is the mediation session in question in the Report.

Mr. Sakalo attended the session in person and Mr. Baena attended by telephone due to a prior commitment that prevented him from traveling to Washington to attend in person. As the Fee Auditor is aware, Messrs. Baena and Sakalo are the two primary lawyers from Bilzin Sumberg who have represented the PD Committee from the onset of this case. Thus, it is without question that their participation was necessary. Mr. Kramer's participation was necessary for one discreet issued raised during the session. Given the confidentiality of those discussions though, we are not at liberty to disclose the topic discussed. However, given that Mr. Kramer's role was only for a particular issue within that session, we will agree to a reduction of 50% of his fees for the March 22, 2006 session

in an amount equal to $608 and for the March 21, 2006 preparation session in an amount equal to $256. We will also agree to a reduction of Ms. Testa's time entries for March 21, 2006 and March 22, 2006, in an amount equal to $1403, for a total agreed to reduction of $2,267.