IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :    Case No. 01-01139(JKF)
                                                                 :
W. R. GRACE & CO., et al.,                                       :    Jointly Administered
                                                                 :
                          Debtors.                               :
                                                                 :    Hearing Date: September 11, 2006 at 9:00
---------------------------------------------------------------- x    a.m.

## STATEMENT OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS IN SUPPORT OF DEBTOR'S MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE (Dkt. No. 12823)

The Official Committee (the "Equity Committee") of Equity Security Holders of W.R. Grace & Co. ("Grace") submits this statement in support of the Debtors' *Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (Dkt. No. 12823)* dated July 17, 2006 (the "Motion to Compel"). As the Equity Committee has noted before[1], it is imperative that the identified pre-petition asbestos personal injury claimants properly complete and return the PI Questionnaire,[2] so that the process of estimating aggregate asbestos personal injury claims for purposes of the plan of reorganization can move forward. Given the schedule that the Court established in its July 24, 2006 *Amended Case Management Order for the Estimation of Asbestos Personal Injury Liabilities* (the "CMO"), there is scant time to obtain correct responses from claimants who have heretofore refused or failed to respond as directed by the Court. The objections to the Motion leave little doubt that the asbestos

---

[1] See *Response of Official Committee of Equity Security Holders to W.R. Grace & Co.'s Motion to Approve PICMO and Questionnaire* dated June 30, 2005 (Dkt. # 8816), which is incorporated by reference.

[2] Terms not otherwise defined herein shall have the same meaning as such terms in the Motion to Compel.

KL2:2462962.2

personal injury claimants are attempting to do anything within their power to derail the estimation process. The Equity Committee will not repeat the arguments already ably espoused by the Debtors, but does wish to comment on two particular issues.

### I.     Application of Discovery Rules

Several claimants argue that they are permitted by Fed. R. Bankr. P. 7033 and 7034 to object to the questions and to answer questions only by reference to documents. If this were a normal contested claims objection aimed at the allowance of individual claims, they might be correct. However, this argument ignores the fact that this is aggregate claims estimation. The PI Questionnaire is a form of discovery that has been pre-approved by the Court; the questions to be asked and the precise directions for answering such questions have already been subject to Court review and, by virtue of the Court's order approving the PI Questionnaire, found to be reasonable. It is that pre-approval which distinguishes this case from a normal adversary proceeding and, hence, precludes resort to the default provisions in Rule 7033-34.

The Court should reject any attempt by claimants to subvert estimation by turning this into a process for individual adjudication of claims with individualized disputes over discovery. The fact that such adjudication is not practicable is the very reason that we are engaged in estimation.

### III. The claimants may not now challenge the PI Questionnaire.

The Debtor's motion to approve some form of a PI Questionnaire was first brought in November 2004 and the first draft of the actual PI Questionnaire was presented no later than May 2005. The Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"), as the approved representative of the asbestos personal injury claimants, strongly contested the fact of the PI Questionnaire and each question and instruction in it over the course of the next several months. At the omnibus hearings in July and August 2005, the Court went through the PI Questionnaire meticulously, line by line, with the full participation of the PI Committee and any other interested parties. Eventually, on August 29, 2005, the Court issued its order approving the PI Questionnaire and directing that it be sent to the claimants. As parties in interest, any of the claimants or their attorneys could have objected to Grace's motion and could have appeared and been heard when the line by line review was conducted. They did not. Neither did they move for reconsideration under Fed. R. Bankr. P. 9023 or for relief from the order pursuant to Fed. R. Bankr. P. 9024. And none of them tried to appeal. The time for taking these steps has come and gone. As with any other motion under consideration by the Court, those who sit silently by while the relief is granted may not later be heard to complain. *Cf. Pearson v. Fair*, 808 F.2d 163, 166 (1st Cir. 1983); *Deppe v. Tripp*, 863 F.2d 1356, 1364 (7th Cir. 1988).

KL2:2462962.2

Dated: September 1, 2006

Respectfully submitted,

BUCHANAN, INGERSOLL & ROONEY

By: /s/Teresa K.D. Currier
Teresa K. D. Currier (ID No. 3080)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

- and -

KRAMER LEVIN NAFTALIS &
    FRANKEL LLP
  Philip Bentley
  Gregory Horowitz
  Gary M. Becker
1177 Aveneue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

Attorneys for the Official Committee of
Equity Security Holders

-4-