**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JFK) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | RE: Docket No. 12823 |
| | ) | |
| | ) | Hearing Date: September 11, 2006 |

### SUR REPLY TO DEBTORS' MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE PERSONAL INJURY QUESTIONNAIRE

NOW COME certain asbestos personal injury claimants (each, a "Claimant") in receipt of the "W.R. Grace Asbestos Personal Injury Questionnaire," (hereinafter, "Questionnaire"), by and through their counsel, Thornton & Naumes, LLP, and hereby respond to Debtors' reply to various responses to Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (hereinafter, "Debtors' Reply"). Debtors' reply brief reiterates the main points of their original motion, that it is improper for Claimants and their counsel to: (1) object to certain questions the Questionnaire asks; (2) attach documents to the Questionnaire; and (3) refrain from signing the Questionnaire. Mediation was held on Debtor's Motion on August 29, 2006 at which time the parties were unable to resolve these underlying issues. In light of this fact, Claimants here offer the following clarification and summary of their position on these issues in compliance with the terms of the September 13, 2005 "Order Appointing Mediator and Requiring Certain Action."

I. **Claimants' Practice of Objecting to Inappropriate Questions Constitutes A Proper Response to the Questionnaire**

Debtors' original Motion and reply brief focus on the global issue of whether objections are appropriate in a general sense. As such, Debtors' Motion does not deal with the appropriateness of individual questions contained in the Questionnaire. Consequently, Claimants here similarly advocate the propriety of the general practice of filing objections, but, as the appropriateness of individual questions was not the subject of the Debtors' Motion, and thus would not be before this Court on the September 11, 2006 hearing on that Motion, Claimants also reserve their rights to raise these independent objections in the future.[1]

Debtors are correct in distinguishing that there are differences between the traditional tort system and a Chapter 11 case (Debtors' Reply, p. 1), but the mere fact that this is a Chapter 11 proceeding does not mean that Claimants are stripped of their basic discovery rights. Indeed, the Court itself has acknowledged the importance of these general discovery rights by appointing a mediator specifically to deal with the discovery disputes in this matter. (Order Appointing Mediator). While this measure was not ultimately successful, the appointment is evidence of the fact that the discussion of discovery-related matters—including objections—did not end with the Court's supposed "line-by-line" adoption of the questionnaire. (Debtors' Reply, p. 8; Motion, p. 5). Further, this Court has previously stated: "I'm going to treat the questionnaire as an appropriate interrogatory, and if there are legitimate objections, we're going to take the objections, and if not, then I'll do an order that compels peoples to answer." Trans. Of Omnibus Hrg., Jun. 27, 2005 at 55. Thus, Debtors cannot call their questionnaire, "a hybrid form of

---

[1] Questionnaires submitted by Claimants represented by Thornton & Naumes contained four basic objections: 1). Claimant objects to this question as not reasonably calculated to lead to the discovery of relevant and/or admissible evidence; 2). Claimant objects to this question because the information it seeks is equally available to the defendant; 3). Claimant objects to this question as it calls for information that is confidential in nature and subject to attorney/client privilege; and 4). Claimant objects to this question as it calls for information that is confidential in nature and subject to doctor/patient privilege.

2

discovery, part fact interrogatory, part contention interrogatory, part document request, and part deposition by written question," (Debtors' Motion to Compel, p. 13), and then, flouting the Court's instruction, deny Claimants the basic right to object to these forms of discovery. *See* Fed. R. Civ. P. 33(b)(1); 34(b)(1).

Moreover, Debtors miss the mark by cavalierly asserting that the Official Committee of Asbestos Personal Injury Claimants was empowered to act on behalf of all claimants in litigating the Questionnaire. (Debtors' Reply, p. 3). Regardless of the important work that the Committee has been entrusted with, the fact remains that the Claimants who submitted claims with Thornton & Naumes rightly expect that our firm will honor its duty to its clients by looking out for their best interests; the mere fact that a Committee has been formed does not negate the attorney-client relationship between individual creditors and their attorneys. *See In re Kensington*, 368 F.3d 289, 315 (3d Cir. 2004); *In re Levy*, 54 B.R. 805, 807 (Bankr. S.D.N.Y. 1985). While the Committee—indeed any attorney—would object to questions that violate confidentiality and privilege, there are other objections that stem from the specific factual background of each individual Claimant.

As such, Debtors' attempts to peremptorily forbid the entire practice of objecting should be rejected as it flouts common sense and established discovery practice. Furthermore, it should be noted that it is not as though Claimants simply objected to the entire process. Rather, considerable time was spent answering the questionnaire and numerous medical records and exposure evidence were turned over that will assist with the estimation.

## II. Attaching Documents to the Questionnaire as Exhibits Is a Proper and Effective Means of Responding

Debtors refer to their Questionnaire as "part document request," yet they illogically argue against the attachment of documents that fully and accurately answer the questions they have posed to Claimants. (Debtors' Motion, p. 11). Debtors persist in their demand of "narrative responses" despite the fact that the Questionnaire does not provide adequate space for these narrative responses. Further, even if there was the requisite space, it is most often a useless, duplicative, and likely error-prone process. This is especially true for the questions that require medical evaluations. Neither the Claimants nor the members of our firm can claim to be medical professionals, and any attempt to do anything beyond blindly transcribing what is already written on the attached documents risks misrepresenting what the medical professionals themselves intended.

Moreover, as Thornton & Naumes specified in its original Opposition to Debtors' Motion, the practice of attaching documents as an answer to interrogatories has been approved as long as the plaintiff designates where the response is to be found and there is no undue burden on the defendant. *Sahley v. Tipton*, 40 F.R.D. 495 (D.C. Del. 1966). We have complied with this edict by clearly labeling our exhibits, indicating which exhibits answer which questions, and attaching only the necessary relevant documents. In most cases, the exhibits are not longer than a few pages. Due to their short length and the ease of locating them, attaching responses as an exhibit rather than a narrative can pose no undue burden on the Debtors.

In sum, requiring a narrative response when the answer is more quickly and accurately discernable by flipping a few pages to the appropriate exhibit is counterintuitive, would require the senseless waste of resources while our support staff re-types the information, only to then

4

have Debtors' data-entry personnel do the same thing, and would only delay this estimation process further.

### III.    The Questionnaire Does Not Require the Signature of Claimants' Counsel

Contrary to Debtors' assertions, it is not necessary to "contort the transcript," (Debtors' Reply, p. 9), in order to come to the conclusion that there was no indication to individual claimants and their counsel that counsel should, or even could, sign the Questionnaire simply because the last line reads "to be completed by the legal representative of the injured person." Other parts of the questionnaire that refer to counsel use that term or "lawyer" or "attorney," and do NOT use the term "legal representative."   Further, consultation of Ballentine's Law Dictionary reveals that the term means an executor or administrator or one who succeeds to the rights of another, such as an heir, next of kin, devisee or legatee, assignee, receiver, etc. *Ballentine's Law Dictionary* (3d ed. 1969).   Given the fact that the term "legal representative" does not have a legal meaning that corresponds with counsel, combined with the fact that Debtors' themselves do not use that term anywhere else within the Questionnaire to refer to counsel, it would have been improper, not to mention illogical, for Claimants' counsel to sign the Questionnaire.  Furthermore, in many similar situations the Claimant or the attorney signs, not both.  This attorney has no issue with signing as to objections.

WHEREFORE, the Claimants respectfully request that the Court deny Debtors' Motion as the practices of objecting to inappropriate questions, attaching relevant documents, and refraining from signing a document that does not indicate that such a signature is necessary were all proper approaches to completing the Questionnaire.  Thus, the Questionnaires that have been submitted on behalf of Thornton & Naumes' Claimants are neither incomplete nor deficient and as such should be allowed to stand as they are.  Finally, Claimants pray that their respective

5

objections to the questionnaire be sustained, or at the very least, that Claimants be given the opportunity to raise and argue the propriety of these individual objections if contested in the future.

Dated: September 7, 2006

Respectfully submitted,

 /s/ Daniel K. Hogan
Daniel K. Hogan (De. Bar. No. 2814)
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, DE 19806
Phone: (302) 656-7540
Facsimile: (302) 656-7599

*and*

Garrett J. Bradley, Esq.
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
Phone: (617) 720-1333
Facsimile: (617) 720-2445

Counsel for Claimants

6