IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | In Proceedings for a Reorganization under Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.,* | ) | Case No. 01-01139-JKF |
| | ) | |
| Debtors. | ) | Hearing: September 11, 2006 at 2:00 p.m. |
| | ) | |
| | ) | |

**BRIEF OF GRACE CERTAIN CANCER CLAIMANTS REGARDING ISSUES STILL
IN DISPUTE FOLLOWING MEDIATION**

The Grace Certain Cancer Claimants (the "GCCC") file this Brief to inform the court of the issues that remain unresolved following the August 29, 2006 mediation session regarding the Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Motion to Compel"). The mediation did not succeed in resolving the issues relating to the Motion to Compel.

Two of the three issues raised by the Debtors in their Motion to Compel seek to compel an unnecessary and improper burden on Claimants, an issue of special importance to mesothelioma Claimants, who are not implicated in the alleged pervasive fraud of which debtors endlessly complain, whose burdens of proof are relatively less, and who are frequently in extremis.

**I.     Claimants have the right to answer questions by referencing attached documents**

In response to the Motion to Compel[1], the GCCC argued that Claimants suffering from mesothelioma should not be required to respond to a large portion of the Questionnaire[2].

---

[1] The GCCC previously filed a Response, with exhibits [Doc No. 12970], which is incorporated in full herein.

[2] The GCCC expressly reserve their right to address other portions of the Questionnaire not before the Court today.

Because of mesothelioma's status as a "signature disease" and because of the very low exposure threshold required to trigger onset, mesothelioma Claimants, to prove their claims under applicable tort law, need show only proof of illness and, arguably, provide information, to the extent presently known, regarding exposure to Grace asbestos products. With respect to mesothelioma Claimants, the rest of the Questionnaire is irrelevant.

The GCCC is aware that the Debtors intend to argue that proof of a certain level of exposure to Grace products is required to sustain a mesothelioma claim. The GCCC disagrees with this proposition entirely. On the contrary, as the GCCC described in its Response to the Motion to Compel, case law and scientific reports are virtually unanimous that any amount of exposure to asbestos can cause mesothelioma. See, e.g., letter from Susanna Weber-Mosdorff, Assistant Director-General, Sustainable Development and Health Environments, World Health Organization to Professor Joseph LaDou, Director, International Center for Occupational Medicine, University of California School of Medicine (May 5, 2006), attached as Exhibit A. Indeed, mesothelioma claimants have prevailed in the tort system without demonstrating any proof of exposure to a particular manufacturer's product.

The GCCC have consistently sought to attach to their Questionnaires, and refer to, a limited number of specified, segregated documents, which contain easily located, responsive information in lieu of regurgitating the exact same information in a different format on the spaces provided on the Questionnaire. For example, specified, segregated and easily located documents attached by the GCCC have included: death certificates, work histories, expert and related medical reports, pathology reports, interrogatory answers, and deposition transcripts. Not only is such information duplicative of what is already included in easily identifiable attached documents, but it is not even relevant with respect to mesothelioma claim validity.

Moreover, the Debtors do not have the legal right to require Claimants to answer questions in a precise and rigid format. Rule 33 requires only that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b). See, e.g., Phillips v. City of N.Y., 230 F.R.D. 369, 369-370 (S.D.N.Y. 2005) (holding that party was not required to respond to opponent's interrogatories in the specific form that opponent requested).

For all of the reasons set forth in their Response [Doc. No. 12970], the GCCC (and other Claimants) have reasonably and appropriately answered certain questions by referencing specified, segregated, and easily located attached documents that contain the same information as requested in the Questionnaire.

## II. Claimant and attorney should not both have to sign the Questionnaire

The Debtors have no reasonable basis to require that both the attorney and the Claimant sign Part X of the Questionnaire. Some Claimants (again, especially those suffering from mesothelioma) are close to death, incapacitated, or otherwise impaired. Some have recently died. Requiring a Claimant signature under such circumstances is needlessly intrusive and burdensome if counsel of record has signed.

Regardless, no legitimate purpose for an estimation exercise is served in having two different persons – each with their own legal obligations to be truthful – both swear to the truth of the information submitted. Having either the Claimant or their lawyer sign should be sufficient for purposes of this estimation procedure.

### III. Individual Claimants have the right to object to specific questions on any ground applicable under the specific facts of their claim

The Motion to Compel concedes (and rightly so) that, "By requesting that the Court compel responses to questions for which Claimants withheld discoverable information based on generic objections to the form and contents of the Questionnaire, Grace is in no way seeking to limit an individual Claimant's ability to raise substantive objections such as objections on the basis of a privilege or confidentiality interest." Motion to Compel, p. 20 n.6.

Claimants' rights regarding "substantive objections" to the Questionnaire, including but not limited to, privilege and confidentiality are therefore admitted by W.R. Grace to be preserved. And necessarily so. Due process demands that each Claimant have the right to bring his or her own positions before the Court.

Moreover, the Court has previously acknowledged that individual Claimants' retain the right to object to any of the questions based on their own unique circumstances. See, e.g., Hearing Transcript July 19, 2005 at 232, lines 7-8 ("Well, then they can object to it if that's what they want to do.").

Finally, as a matter of procedural due process, the Court could not, in an *ex parte* proceeding, make a pre-judgment that would deprive individual Claimants of their rights to object based on the specific facts and circumstances of their claims. See, e.g. U.S. v. One Toshiba Color Television, 213 F.3d 147, 152 (3d Cir. 2000) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also Fed. R. Civ. P. 33(b)

and 34(b) (specifically providing for the ability of the responding party to object to interrogatories and document requests).

## IV. Conclusion

For the foregoing reasons, the Grace Certain Cancer Claimants respectfully request that W.R. Grace's Motion to Compel be denied as to them and as to all similarly situated Claimants.

Dated: September 7, 2006

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

By:    /s/ Noel C. Burnham
Noel C. Burnham, Esquire (DE 3483)
Natalie D. Ramsey, Esquire (PA only)
Leonard A. Busby, Esquire (PA only)
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7800
(302) 504-7820 (facsimile)

and

123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215) 772-7620 (facsimile)

Attorneys for Grace Certain Cancer Claimants