**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | : | Jointly Administered |
| | : | |
| Debtors-in-possession. | : | Related Dockets: 12823, 12933 |
| | : | Agenda Item #2 for September 11, 2006 Hearing |

**SUBMISSION OF THE OFFICIAL COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS REGARDING ISSUES UNRESOLVED
AFTER DISCOVERY MEDIATION ON GRACE'S MOTION TO COMPEL**

The Official Committee of Asbestos Personal Injury Claimants ("Committee"), by and through its undersigned counsel, hereby files this submission to apprise the Court of issues that remain unresolved following a discovery mediation on Grace's motion to compel. On July 17, 2006, Grace moved to compel asbestos personal-injury claimants to provide narrative answers and attorney signatures on Grace's questionnaires. The Committee and numerous counsel representing individual claimants have objected to the motion. A mediation session before the discovery mediator, former Bankruptcy Judge Roger Whelan, occurred on August 29, 2006, in an attempt to resolve the issues raised in Grace's motion to compel. The mediation was not successful. Pursuant to this Court's order of September 13, 2005 [D.I. 9401], the Committee files this submission to apprise the Court of three key issues that were not resolved through the mediation. These issues, as well as the Committee's position thereon, are as follows.

{D0071258.1 }DOC# 268318

## DISCUSSION

I.  **Attachment Issue: Grace Not Only Wants Discovery From Individual Claimants, But It Also Wants Claimants, in Effect, to Do the Work That Grace and Its Agent Should Be Doing Themselves, Which Is Not Proper**

Grace objects to the fact that claimants in many cases attached documents to their questionnaire responses, and then referenced the documents in the questionnaire forms by writing "see attached." It now asks the Court to compel these claimants to write narrative answers on the questionnaire forms, which is above and beyond what the federal discovery rules require. Grace has not, in its global rejection of responses, made any showing that an insufficient amount of information was provided in discovery or that it has been unable to locate the relevant information in the documents referred to. (Even Grace concedes that its claims agent, Rust Consulting, has received a large number of supporting documents.) Rather, Grace wants this information presented in a specified way – *viz.*, "narrative answers" on the questionnaire form – to make it easier for Rust's data-entry clerks, who are not trained claims adjusters, to input the data into Grace's "navigable database," a database it wants to create solely for its own litigation purposes using its own "estimation methodology," which has never been approved or accepted by any court anywhere as a basis for forecasting asbestos liabilities.

What Grace demands is both improper and impracticable. It is improper because the Federal Rules do not require it. Rules 33(d) and 34 expressly allow responses by reference to documents. And the cases are clear that proponents of discovery cannot force respondents to prepare the proponents' case. *See, e.g.,* Kainz v. Anheuser-Busch, Inc., 15 F.R.D. 242, 251 (N.D. Ill. 1954) (stating that "interrogatories should not be used as a device for compelling the interrogated party to prepare the interrogator's case for him"). So long as the discovery response provides the information requested, no particular format is required. *See, e.g.,* Luey v. Sterling

Drug, Inc., 240 F. Supp. 632 (W.D. Mich. 1965) (interrogatory cannot require responder to prepare summaries of relevant information); Porter v. Montaldo's, 71 F. Supp. 372 (S.D. Ohio 1946) (interrogatory improper where it required extensive research to present answer in specific tabulated form).

Grace's suggestion that the Federal Rules do not apply because the questionnaires are a "hybrid" or "streamlined" form of discovery is spurious. Even Grace's counsel originally characterized the questionnaires as "mainstream, solid core discovery," and argued that the "Federal Rule Standard of Discovery" was applicable to them. *See* Hr'g Tr. of Jul. 19, 2005, at 177 & 194. Grace cannot now re-characterize the questionnaires as something unique, and cherry-pick the Rules it likes from the Rules it finds inconvenient. Nor can Bankruptcy Code § 105(a) trump the federal discovery rules in the absence of other, specific statutory authority doing so. *See, e.g.*, In re Combustion Eng'g, Inc., 391 F.3d 190 (3d Cir. 2004). Simply put, there is no legal authority requiring discovery responses in the form that Grace wants.

Grace's requested relief is impracticable too. For example, a claimant may have an interrogatory answer from a prepetition tort case that runs scores of pages, outlining the claimant's work history and job sites worked over a 30-year career – information Grace's questionnaire seeks. Such information cannot be crammed into the small boxes and spaces provided on the questionnaire form. Grace is as equally able, if not more able, to go through the questionnaire attachments to determine which information is important for its navigable database. What Grace seeks, however, is to shift the economic burden and cost of building its own database onto the claimants and their lawyers, which is neither proper nor authorized under the Federal Rules. For these reasons alone, the Court should deny the motion to compel.

II. **Objection Issue: Grace's Fanciful Theory That Claimants Are Precluded from Making Objections Is Wrong**

Although it is a fiduciary, the Committee is not an agent of its constituents and thus cannot bind them.  See In re Kensington Int'l Ltd., 368 F.3d 289, 315 (3d Cir. 2004).  That principle is axiomatic, yet Grace tries its best to ignore it.  Grace contends that the "overruled" objections made by the Committee last year to Grace's questionnaire proposals somehow bar the individual claimants from making discovery-related objections now.  The Federal Rules do not support such a notion.  Under the applicable rules, a litigant may properly respond to a discovery request (*after* the request is propounded, of course) by raising any good-faith objection it may have.  See FED. R. CIV. P. 32 (objections to depositions upon written questions); *id.* 33(b)(1) (objections to interrogatories); *id.* 34(b) (objections to document requests); *id*. 36(a) (objections to requests for admission); *id*. 45(c)(2)(B) (objections to a subpoena *duces tecum*); c*f*. *also* In re Lenders Mortgage Servs., Inc., 224 B.R. 707 (Bankr. E.D. Mo. 1997) (interrogatories must be answered *or* objected to).

That the Committee may have raised general objections previously is of no moment.  Court approval of a discovery measure does not preclude subsequent specific objections, even by the same party, much less respondents who did not participate at the earlier stage.  For example, courts may grant a contested request to propound more than 25 interrogatories, after considering the specific additional questions to be propounded.  Even then, courts will entertain specific objections to the additional interrogatories.  See 8A Wright, Miller, & Marcus, Federal Practice & Procedure § 2174, at 311 (1994); *see also* Riddle v. Liz Claiborne, Inc., 2003 WL 21982967, at *1 (S.D.N.Y. Aug. 19, 2003).  Grace has no basis to contend otherwise.  A court cannot – and should not – overrule objections prospectively and on a global basis.  The validity of objections

must be determined on a case-by-case basis and tied to the specific facts of each objection. The Court should reject Grace's assertions to the contrary.

III. **Signature Issue: Only One Signature from Either the Claimant or the Attorney Is Necessary to Attest to the Veracity of a Questionnaire Response; Grace Is Not Entitled to Signatures from Both**

As with the attachment issue, Grace seeks form over substance by requiring the signatures of *both* the claimants and their attorneys, rather than from either of them. Grace contends that claimants' attorneys are shirking their alleged duty to sign their clients' questionnaire responses because the term "legal representative" in the form's signature block "clearly" means lawyer. Rather than condemning the claimants' lawyers, Grace should blame itself for the lack of attorney signatures on its forms since Grace alone chose to use the word "legal representative" in the signature block instead of clear and specific terms like "lawyer" and "attorney." The word "legal representative" suggests an executor of a decedent's estate, a guardian, or other personal representative, all of which are more plausible interpretations of that word, particularly where numerous asbestos victims die each year, leaving only their executors or personal representatives to carry on with their claims. *See* BLACK'S LAW DICTIONARY 915 (8th ed. 2004) (indicating that the word "legal representative" is synonymous with the term "personal representative").[1]

Grace's demand for two signatures rather than one is simply overkill. So long as the lawyer or the claimant signs the questionnaire response, someone has attested to the veracity of the response, and that should be sufficient.

---

[1] Curiously, none of the motions, briefs, or other papers filed by Kirkland & Ellis refers to that firm as the "legal representative" for the debtors.

For all the reasons set forth above, the Court should sustain the Committee's objections to the motion to compel, deny the motion to compel, and grant to the Committee such other and further relief as this Court deems just and appropriate.

Dated: September 7, 2006

Respectfully submitted,

**CAMPBELL & LEVINE, LLC**

/S/ Mark Hurford
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Telefax: (302) 426-9947

**CAPLIN & DRYSDALE, CHARTERED**

Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Telefax: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Walter B. Slocombe
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Telefax: (202) 429-3301

Counsel for the Official Committee
of Asbestos Personal Injury Claimants