# Exhibit 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE: . Case No. 01-1139

W.R. GRACE & CO., . 824 Market Street, Wilmington, DE 19801

Debtor. . July 24, 2006, 2:00 p.m.

TRANSCRIPT OF OMNIBUS HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:

Kirkland & Ellis, LLP
By: DAVID M. BERNICK, ESQ.
JANET S. BAER, ESQ.
MICHELLE H. BROWDY, ESQ.
200 East Randolph Drive
Chicago, IL 60601

Reed Smith, LLP
By: JAMES J. RESTIVC, JR., ESQ.
435 Sixth Avenue
Pittsburgh, PA 15219

Pachulski, Stang, Ziehl, Young, Jones and Weintrabu, LLP
By: JAMES E. O'NEILL, III, ESQ.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Audio Operator: Matthew J. Yovino

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@optonline.net**
**(609)586-2311 Fax No. (609) 587-3599**

then go on and do Canada and the CMO.

THE COURT: All right. Ms. Browdy?

MS. BROWDY: Thank you, Your Honor, Michelle Browdy for the debtors. There are a number of property damage issues up, and I thought it would be helpful just to orient ourselves just briefly to run through where we are in the claims. This is the latest iteration in the bar charge that the Court has seen many times before. The claims basically still fall into three major chunks: the U.S. traditional claims, the Canadian claims and the Category 2 claims for milling and mining related operations.

The core that we'll be dealing with, and you'll be hearing more argument on today, are these U.S. traditional claims. You'll see that Mr. Speights has 177 of those claims, Mr. Dies has 160 of those claims, 99 of those are Louisiana school claims, and there are 65 claims that were filed by anyone else. And those aren't represented by 65 separate claims. There's eight Prudential claims and ten State of California and the like. So, you're really down to a very few number of counsel representing these PD claimants.

The only Canadian claims remaining have been filed by Mr. Speights. And you'll hear again in a few minutes that we believe the proper procedure for that is to send them up to Canada to be adjudicated. And there's only 109 of these Category 2 claims remaining. The Minnesota stigma claims that

were argued in January that's fully briefed. It's under submission. We're waiting for a ruling on that.

THE COURT: That ruling I hope to get out next week.

MS. BROWDY: Thank you, Your Honor. And then some claims related to Libby that I think we'll be moving on as well. But, this is the universe now of the PD claims.

THE COURT: Okay.

MS. BROWDY: And then I thought it would be helpful again just for tracking purposes that we're really moving on about five different litigation tracks. They're all interrelated but they address these claims. First, we started out with the 13th omnibus objection, which was objecting to Mr. Speights authority to file claims.

MR. SPEIGHTS: Your Honor, could I -- I hate to interrupt. Are we going to get copies of what she's putting --

THE COURT: I hope so, Mr. Speights.

MS. BROWDY: Yes, you will.

MR. SPEIGHTS: -- because I'll just sit back and be quiet if I'm going to have this package.

MS. BROWDY: Yes, you will.

MR. SPEIGHTS: Thank you.

MS. BROWDY: The omnibus --

MR. BAENA: Could I trouble counsel for a copy of that now? I can't read it. I apologize.

MS. BROWDY: I need to be able to read it. I'll give

you my copy when I'm done.

MR. BAENA: Oh, okay.

MS. BROWDY: Okay. But, the 13th omnibus objection, Docket 9311, objected to Mr. Speights' authority to file claims. We started out objecting to almost 3,000 claims. We're now down to 60 that we have remaining objections, and those are all set for argument today. The second track, which is the 15th omnibus objection, Docket Number 9315 on September 1st of 2005, we tried to register all of our substantive objections to all property damage claims. And through the January hearings that we had -- remember three days in Pittsburgh -- we've really gotten through almost every single of those objections that you're not going to need to take testimony on.

There's some follow-up handful issues that we'll be setting for omnibuses going forward. But, for the most part, everything that is nonevidentiary has been dealt with. And that's why, again, you'll hear me suggest wrapping the rest of those objections into estimation. The third track is Estimation Phase 1, which is the Daubert hearing on dust sampling methodology. The fourth track is Estimation Phase 2. And then the last track, and I'll call it that, is Mr. Speights' attempt to file a new class on behalf of the Anderson Memorial claimants.

THE COURT: Don't give it away yet.

sure.

THE COURT: Mr. Speights?

MR. SPEIGHTS: I have a lot of things to say, Your Honor.

THE COURT: You want to wait? Okay.

MR. SPEIGHTS: I'm waiting to go through them.

THE COURT: All right.

MS. BROWDY: Okay. Well, again, we think it would be appropriate to disallow them now. But, as a courtesy, again, we are prepared to set it for the merits --

MR. SPEIGHTS: Well, if the time has not run now, Your Honor, the question is when does the time run?

MS. BROWDY: Well, the time ran for every other claimant, Your Honor, three years ago. We think that Mr. Speights has had more than enough time and that's, again, why we went ahead and put this on the agenda. How long are we going to wait for almost 200 claims? That's almost 25 percent of the remaining claims. There's no product identification. Why are we wasting time on them?

Item 3, again, we wanted to remind the Court of. It was an issue that came up at the January hearings. Question 18 on the questionnaire required claimants to answer, "When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?" And as we set out and argued at the January hearings, we believe Mr.

Speights went ahead and answered 2003 for that, even without -- even for the claims that he submitted on behalf of claimants we learned later he didn't represent.

We thought that was not a correct date. The Court ordered Speights to get signatures from every single claimants to answer that question. We still don't have it. We don't have a single response. Mr. Speights again was originally given to March 24th and then to May 26th. We don't have a single signature answering this question. How long are we going to drag out this process? So, again, our proposal was let's have until the 3rd. So, if we don't have answers, we'll set it when we submit the agenda on the 4th and have merits argument on the August 21st omnibus. Again, it does not seem like it's a burden to Mr. Speights. Everyone else was able to answer this by 2003.

Two other issues we need to set a briefing schedule on. There were Georgia and Tennessee claims that we argued in January, Your Honor, that originally were going to be set with some follow on briefing for the May omnibus hearing. We've suggested dates in August, again, an August 4th response and an August 11th reply. So, we could set that up for the August 21st hearing.

THE COURT: I'm sorry. Which are these, the choice of law?

MS. BROWDY: There were choice of law claims.

Well, Your Honor, I'm trying to comply with your order. That's what set the deadlines. Your Honor had an order and an exhibit to the order which provided the deadlines. And after Your Honor entered this date, you set new deadlines. And it is there I think we ran into -- I don't know how to address what's going on in any of that. There's a hearing on the 20 claims. It's supposed to be set for April 17th. And a hearing on the 68 claims is to be set on April 17th. And today is April 17th. Today is April 17th because Your Honor then extended this date. So, this is the April 17th hearing as I understand it. And they have put both of those down in compliance with your order on the agenda to be heard today. I'll be heard on those. I'm not saying we should hear them today, but clearly I had notice that those would be heard today.

And on the Canadian claims, Speights (inaudible) due was 4/28/06. And Mr. Berry and I have interpreted that as meaning I have 11 more days to get all that information in. We're dealing with some additional product ID with Dr. Longo's office to do (inaudible), and we will meet Your Honor's deadlines. We're not asking it to be extended. We just don't want it to be eliminated. And then, Your Honor, on the 2003 issue, which actually -- it was a little disingenuous the way it was presented, the 2003 issue if you would agree -- but my interpretation of the 2003 question and not Grace's but in effect -- telling my claimants that they had to answer a

special interrogatory on the 2003 issue. And we've been working diligently on that. However, Your Honor --

(Pause)

MR. SPEIGHTS: This is on your order. "Speights must produce to us and the Kirkland and Ellis responses signed by each of the claimants." And that's on May 26th, Your Honor. And so, that's a month after the order. We are diligently working. We will comply with your order. We'll reduce it. We can count the days as it's there and Ms. Browdy can count the days, and we will comply with that procedure. We are honoring what Your Honor has ruled and we'll comply with Your Honor's ruling. Thank you, Your Honor.

MS. BROWDY: Your Honor, if I could just respond very briefly. We had taken a version -- actually, if I can take this order for a second. We had taken a version of this order, Your Honor, and recommended mechanically extending the dates to reflect the additional three months. The order deals with both the objections and the estimation. And we could not get agreement with the other side. So, there is no formal extension of this order extending it out 30 days. Now, what we have said, Your Honor, is Speights has had three years more than anyone else to answer these questions from the questionnaire.

We're trying to make progress. The dates were set by the Court. The Court can set new dates. Let's set them so

that we can have merits heard at the August omnibus and move this forward. We shouldn't be carrying forward hundreds of claims that he doesn't have authority to read, that he doesn't have product ID for.

THE COURT: Well, look, truly the difference between doing some of these today and the rest in September as opposed to August, which I think would be the difference extending the ones where the responses would be May 26th -- I wasn't even trying to be funny that time. The difference between I think extending those out until either August or September at this point for the ones that were -- the responses that were due on May 26th frankly I think is not going to be that much of a substantial difference, because I think you're going to have plenty of work to do in the meantime anyway. So, I think that's what Mr. Speights is suggesting, if I understood, that the May 26th date would become roughly August 26th. So, it would miss the August date but be on September.

MS. BROWDY: So, we can clarify that the Canadian rank of product ID claims shall be heard on the merits in August, and the Question 18 will be heard on the merits of the September.

THE COURT: So, Mr. Speights, is that correct?

MR. SPEIGHTS: That's fine, Your Honor.

THE COURT: So, as to the Question 18, that's on the September omnibus, and the Canadian claims were deferred until

July. So, that will be on the August omnibus. Is that correct? I have that right?

MS. BROWDY: Yes, Your Honor.

THE COURT: Okay, that's fine.

MR. BERNICK: Your Honor, I'm going to go ahead, and Mr. Speights I guess was responding to this chart and basically I guess telling his version of the history of how the 4,000 claims or 3,500 claims became must less. I don't think that that is necessarily germane to any issue that we have before the Court today. At some point in time, it maybe important to revisit how the claims came to be filed originally. But, I don't have any -- I don't think that that's necessarily germane to anything that we have to accomplish today. So, I'm not going to respond nor I believe is Ms. Browdy going to respond to the statements of how Mr. Speights came to withdraw his claims.

I do want to turn to Item 12, which is the procedures motion and set out a little history. And I think it would be worthwhile if it's convenient to Your Honor to basically divide the argument into two parts. There are really two aspects of this motion. One basically frames the issue or asks the Court to order that the estimation process that we've now been involved in for quite some time converges on an estimate that not only will be binding with respect to the aggregate amount, but also will be binding with respect to the value of each of