**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF CAPSTONE CORPORATE RECOVERY, LLC**
**FOR THE TWENTIETH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Capstone Corporate Recovery, LLC for the Twentieth Interim Period (the "Application").

**BACKGROUND**

1. Capstone Corporate Recovery, LLC ("Capstone") was retained as financial advisors to the Official Committee of Unsecured Creditors. In the Application, Capstone seeks approval of fees totaling $400,702.00 and costs totaling $4,008.69 for its services from January 1, 2006, through March 31, 2006.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Capstone 20int 1-3.06.wpd

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Capstone an initial report based on our review, and received a response from Capstone, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted that on February 2 and 6, 2006, RF and LH spent a total of 4.30 hours for a total fee of $1,612.00 on FAIR Act legislation. The entries are provided below.

| | | | |
|---|---|---|---|
| 02/02/06 | RF | 0.50 | Read and analyzed information regarding FAIR Act impacts. |
| 02/02/06 | LH | 2.70 | Prepared/updated information regarding impact of recent proposed legislation on Debtors' Plan |
| 02/02/06 | LH | 1.10 | Prepared/distributed updated report regarding legislative actions and effects on Debtors' proposed Plan structure. |

We asked Capstone to explain why it was necessary to review this legislation. Capstone's response is provided as Response Exhibit 1. We appreciate the response. In that response, Capstone references prior recommended reductions made for the 16th and 17th Interim Periods for the same for similar activities. For the 17th Interim, Capstone's response to our initial report regarding the monitoring of legislation read in part, "...In subsequent fee applications we have ceased to charge the estate for such items. Based on the above, we accept the Fee Auditor's adjustment of $776.00 for the Seventeenth Interim Period." We thus recommend a reduction of $1,612.00 in fees.

4. We noted that on February 24, 2006, LH, SC and RF attended a meeting. The total time spent including any preparation time was 16.50 hours for a total fee of $7,397.50. The entries are provided below.

| 02/24/06 | LH | 5.50 | Prepared for and participated in meeting with Debtors and advisors regarding 2006 business Plan. |
| 02/24/06 | SC | 5.50 | Prepared for and participated in review of FY 2006 Plan with Debtors' management. |
| 02/24/06 | RF | 5.50 | Prepared for and attended Debtors' 2005 Performance and 2006 Plan presentation. |

We asked the firm to explain why this meeting required the attendance of three firm members. Capstone's response is provided as Response Exhibit 2. We appreciate the response and have no objection to these fees.

## CONCLUSION

5.  Thus we recommend approval of fees totaling $399,090.00 ($400,702.00 minus $1,612.00) and costs totaling $4,008.69 for Capstone's services from January 1, 2006, through March 31, 2006.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
   Warren H. Smith
   Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Capstone 20int 1-3.06.wpd

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of September, 2006.

                                                  Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**

Libby Hamilton
Capstone Corporate Recovery, LLC
Park 80 West, Plaza One
Saddle Brook, N.J. 07663

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Response Exhibit 1

i) The fees described above included in our fee applications for the Twentieth Quarterly Period are de minimus, totaling $1,612.00 or less than 1% of the fees charged for the period.

ii) We believe, as noted in responses to prior Fee Audit reports, that Capstone's activities charged to this category impact our on-going review of the Debtors' plan of reorganization and recovery analyses performed on behalf of our constituency. As financial advisors to the Committee, Capstone believes it is relevant and necessary to understand the relative costs to the Debtors under various asbestos settlement scenarios, and the subsequent impact of those possible settlements on recovery by the creditors in this case. Capstone, therefore, has performed some monitoring of legislative developments in order to discuss the potential impact of a legislated settlement with respect to potential recoveries by the unsecured creditors in the Grace case, and to recommend appropriate actions to the Committee.

iii)     The Fee Auditor had previously disallowed certain of Capstone fees with respect to analysis and review of asbestos legislative matters incurred during the Sixteenth Interim period and Seventeenth Interim periods. However, Capstone maintains that the activities and fees incurred for analysis and review of asbestos legislative matters during the Twentieth Interim Period were necessary in order to permit informed and intelligent responses to inquiries from counsel and members of the Committee with regard to impacts on recoveries due to potential passage of the FAIR Act.

Response Exhibit 2

In general, given the complexity, scope and size of the business and the number of significant issues to be covered at meetings, hearings and/or conference calls, Capstone may assign more than one case team staff member to attend the meeting, hearing and/or conference call, each of whom has an understanding of the overall consolidated operations, of the divisional operations of the Company and of specific issues such as Company acquisitions, divestments and compensation and incentive plans, asbestos litigation and cash flow issues.

In this instance three individuals were thought necessary to provide thorough professional advice to the Committee on issues to be discussed by the Company at their annual business plan presentation meeting.  As demonstrated by other fee applications filed by Capstone during the nearly two-and-a-half year period it has provided advisory services to the Committee in these cases, we believe Capstone has been prudent in assigning staff to participate in the numerous meetings it has held with the Company.

In this instance, the February 24, 2006 meeting with the Company, the discussion topics included the annual business plan, recap of 2005 operating results, potential acquisitions, as well as cash funding issues. In order to obtain a thorough understanding of the interplay of these complex issues and prepare appropriate reports to the Committee, it was necessary to call upon the knowledge of the firm's individuals directly involved in the daily activity of the case as well as individuals with in-depth knowledge of similar past transactions.

In accordance with the above, timekeepers S. Cunningham, R. Frezza and L. Hamilton, each individually involved in various aspects of the case, participated in the meeting.

In order to minimize fees charged in this instance, the timekeepers and the Company concluded the meeting as soon as possible, e.g. in just over 5 hours, and in part due to the experience levels of these timekeepers.