## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF KIRKLAND & ELLIS
### FOR THE TWENTIETH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Kirkland & Ellis for the Twentienth Interim Period</u>.

### BACKGROUND

1.      Kirkland & Ellis was retained as counsel to the Debtors.  In the Application, Kirkland & Ellis seeks approval of fees totaling $4,952,085.50 and costs totaling $1,256,676.49 for its services from January 1, 2006, through March 31, 2006.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on K&E an initial report based on our review, and received a response from K&E, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted 21 conferences or meetings attended by multiple professionals.  (See Exhibit A.)  We asked K&E to examine the exhibit and in each instance explain the need for each professional's presence and the particular area of expertise each brought to the meeting.  K&E's response is provided as Response Exhibit 1.  We appreciate the response and offer no objection to these fees.

4.      We noted that throughout the application period, K&E professionals Lauren DeVault ($140) and Katherine Phillips ($185) spent a total of 69.4 hours and $10,279.00 on seemingly clerical tasks. (See Exhibit B.)  At the August 29, 2005, hearing in *In re: USG Corporation*, the Court effectively ruled that it would support a recommendation of a maximum of $80.00 an hour for clerical activities, unless the applicant could clearly demonstrate that the activities cited were not clerical.   If billed at $80.00 per hour, the entries in question would total $5,552.00, resulting in a reduction of $4,727.00 from the original fees. We asked K&E to examine Exhibit B and show why these tasks should not be reduced to an $80.00 per hour level.   K&E's response is provided as Response Exhibit 2.  We appreciate the response and note that in its response K&E states, "This has been a continuing issue for the last number of reports.  I appreciate the time and careful attention you have paid to this topic.  I know it is very difficult in reviewing the time entries to ascertain what is routine clerical or "file clerk" type work, as you describe it, versus work that requires the time of a

true paraprofessional..."

In the 19th Interim, we worked with K&E in an attempt to establish some parameters as to what constitutes fully-billable tasks performed by the firm's paraprofessionals as opposed to those tasks that we feel should be billed at a lesser rate.   We accepted K&E's argument that many of the tasks first cited in that 19th Interim final report should be billed at full rates.   However, we specifically cited "search and retrieve" entries as work that we believe should be billed at no more than $80.00 per hour.   K&E accepted those recommendations, and, to a large degree, we attempted to base our citations in this report on those same criteria in order to maintain consistency.    Therefore, we maintain that the entries cited in Exhibit B should be billed at $80.00 per hour, resulting in a recommendation of a reduction in fees of $4,727.00.

5.       We noted that throughout the application period, several firm members recorded a total of 56.60 hours for fees of $8,781.00 for reviewing legislation regarding the FAIR Act.  (See Exhibit C.)  We asked K&E to explain why it was necessary to review this legislation.  K&E's response is provided as Response Exhibit 3.  We appreciate the response.  We have raised the issue of the monitoring and review of pending legislation with a number of applicants, and, in each case, have judged the time spent on such review in light of specific application and benefit to the overall case.  Again, upon careful review of the response, we are convinced that the firm's time spent for most of the cited entries is acceptable.  However, we maintain that the time billed for nine of the cited entries involving legislative review should not be compensated.  Those entries are provided below.

| | | | |
|---|---|---|---|
| 02/02/06 | MSU | 8.70 | Research congressional hearing issues (2.0);............. |
| 02/06/06 | DEM | 3.00 | ............; review congressional hearing (.5). |

| 02/07/06 | MSU | 7.20 | Research congressional hearing issues (4.0);............ |
|----------|-----|------|---------|
| 02/07/06 | SAR | 8.00 | Search and review articles pertaining to the asbestos bill (1.0);........... |
| 02/08/06 | MSU | 8.70 | ....................; research congressional hearing (1.0);............ |
| 02/08/06 | SAR | 10.00 | Search and review articles pertaining to asbestos bill (1.5);... |
| 02/09/06 | SAR | 9.00 | Search and review articles pertaining to asbestos bill (1.0);.......... |
| 02/10/06 | SAR | 11.00 | Search and review articles pertaining to asbestos bill (1.0);........ |
| 02/13/06 | SAR | 7.50 | Search and review articles pertaining to asbestos bill (1.0);.......... |

The total time spent for the cited entries is 13 hours with billings of $2,125.00. Thus, we recommend a reduction of $2,125.00 in fees.

6.    We noted 12 entries throughout the application in which the fee totals do not match the parenthetical entries. These discrepancies total $3,848.50 (See Exhibit D.) We asked K&E to examine the exhibit and respond as to whether these discrepancies represent accidental oversights and should therefore be deducted from the fee total. K&E's response is provided as Response Exhibit 4. We appreciate the response and concur with K&E's suggested reductions. We thus recommend a total reduction of $2,832.00 in fees for these entries.

7.    We noted six hotel expenses that appear excessive. The entries are provided below.

| 1/17/2006 | 308.95 | Terrell Stansbury, Hotel, Denver, CO, 01/17/06, (Document Production) |
|-----------|--------|---------|
| 1/17/2006 | 308.95 | Tyler Mace, Hotel, Denver, CO, 01/17/06, (Document Production) |
| 1/18/2006 | 308.95 | Terrell Stansbury, Hotel, Denver, CO, 01/17/06, (Document |

Production)

| 1/18/2006 | 308.95 | Tyler Mace, Hotel, Denver, CO, 01/17/06, (Document Production) |
| 3/22/2006 | 433.96 | Renee Smith, Hotel, Washington, DC, 03/22/06, (Expert Witness Conference) |
| 3/23/2006 | 433.96 | Renee Smith, Hotel, Washington, DC, 03/22/06, (Expert Witness Conference) |

We recommend a reasonable ceiling of $250, plus applicable taxes, for hotel stay per night in most cities ($350 for New York, $300 for Washington D.C., $400 for London).  We asked K&E to explain why the cited hotel entries should not be viewed as excessive and to provide the appropriate room tax information for each entry so that we might fairly assess the total rate.  K&E's response is provided as Response Exhibit 5.  We appreciate the response and concur that $19.00 should be deducted from each of the first four cited entries and $79.00 deducted from each of the last two entries.  This totals $234.00.  We thus recommend a reduction of $234.00 in expenses.

8.      We noted two travel meal expenses that require greater information.  The entries are provided below.

| 2/13/2006 | 182.00 | Tyler Mace, Travel Meal with Others, Missoula, MT, 02/13/06, (Court Hearing) |
| 2/15/2006 | 89.00 | Laurence Urgenson, Travel Meal with Others, Missoula, MT, 02/15/06, (Court Hearing) |

We asked K&E to provide more information regarding these entries.  K&E's response is provided as Response Exhibit 6.  We appreciate the response and concur that charges for the first entry are acceptable, while $13.00 should be deducted from the second entry.  We thus recommend a reduction of $13.00 in expenses.

# CONCLUSION

9.      Thus we recommend approval of fees totaling $4,942,401.50 ($4,952,085.50 minus

$9,684.00) and costs totaling $1,256,429.49 ($1,256,676.49 minus $247.00) for K&E's services

from January 1, 2006, through March 31, 2006.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First

Class United States mail to the attached service list on this 8th day of September, 2006.

_____
        Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**

Janet S. Baer
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**The Debtors**

David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**

James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones,
P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of
Unsecured Creditors**

Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of
Property Damage Claimants**

Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price &
Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of
Personal Injury Claimants**

Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**

Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**

Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1.  On January 4, 2006, four firm members (two Partners and two Associates) attended a conference. The total time spent including any preparation and non-working travel time was 4.50 hours[1] for a total fee of $2,065.50.

| | | | |
|---|---|---|---|
| 1/4/2006 | Salvatore F Bianca | 4.10 | Prepare for conference with PI experts (.3); attend same (.5); conference with PI Committee and FCR re PI CMO (.4);.............. |
| 1/4/2006 | Brian T Stansbury | 3.70 | ..............; conference with experts, D. Marchant, S. Bianca and B. Harding re expert testimony (.7);......... |
| 1/4/2006 | Dawn D Marchant | 7.70 | ............; prepare conference with B. Harding and expert (.5); conference re same (1.0);............. |
| 1/4/2006 | Barbara M Harding | 9.30 | ...............; conference with PI Committee and FCR re CMO and other scheduling issues (.4);............. |
| 1/3/2006 | Brian T Stansbury | 0.70 | Travel to and from conference with expert (billed at half time) |

2.  Between January 24 -26, 2006, six firm members (two Partners, two Associates and two Legal Assistants) attended a hearing.   The total time spent including any preparation and non-working travel time was 284.20 hours[2] for a total fee of $116,487.00.

| | | | |
|---|---|---|---|
| 1/10/2006 | Michael Dierkes | 8.30 | Conference re hearing on 15th omnibus objections (1.0);...................; prepare for hearing re 15th omnibus objections (2.3);......... |
| 1/10/2006 | Michelle H Browdy | 8.80 | Team conference re 1/24-26 hearings (1.4);............. |
| 1/11/2006 | Michael Dierkes | 3.00 | Prepare for hearing re 15th omnibus objections. |
| 1/13/2006 | Michael Dierkes | 8.20 | .................; prepare for hearing re 15th omnibus objection (4.0). |

[1] Time for this entry was located in two Project Categories - (i) Claim Analysis Objection & Resolution (Asbestos) and (ii) Travel non-working.

[2] Time for this entry was located in three Project Categories - (i) Claims Analysis Objection & Resolution (Asbestos), (ii) Hearings and (iii) Travel non-working.

| 1/16/2006 | Michelle H Browdy | 1.80 | ................; prepare for 1/24-26 hearings (.7). |
|---|---|---|---|
| 1/17/2006 | Salvatore F Bianca | 1.20 | ...............; review final agenda for Jan. 24-26, 2006 PD claim objection hearing (.2). |
| 1/17/2006 | Michelle H Browdy | 3.10 | K&E team conference (1.0); prepare for 1/24-26 PD hearings (1.3);.............. |
| 1/18/2006 | Salvatore F Bianca | 2.80 | .................; prepare for PD claim objection hearing on January 24-26, 2006 (1.0). |
| 1/18/2006 | Michelle H Browdy | 3.90 | ............; prepare for 1/24-26 hearing (2.6). |
| 1/19/2006 | Janet S Baer | 4.80 | ...............; conference with S. Bianca re preparation for hearing on PD objections (1.0);............ |
| 1/19/2006 | Salvatore F Bianca | 2.40 | Prepare for PD claim objection hearing (1.5); conference with J. Baer re same (.9). |
| 1/19/2006 | Erin Skowron | 7.00 | Collect and assemble claims and responses per agenda for January 24-26, 2006 omnibus hearing package (1.0);.............. |
| 1/20/2006 | Salvatore F Bianca | 5.00 | ............; conference with PD team re PD claim objection replies and hearing preparation (.6); prepare for PD claim hearing (2.0). |
| 1/20/2006 | Michael Dierkes | 7.50 | .............; prepare for hearing re 15th omnibus objections (6.5);................ |
| 1/20/2006 | Samuel Blatnick | 10.40 | Conference with S. Bianca, M. Browdy and M. Dierkes re January 24-26, 2006 hearing matters (1.0);...............; research for matters heard at January 24-26, 2006 hearings (2.2);............ |
| 1/20/2006 | Michelle H Browdy | 7.20 | Prepare for 1/24-26 hearings (3.9);........... |
| 1/21/2006 | Michael Dierkes | 10.50 | Prepare for hearing re 15th omnibus objections. |
| 1/21/2006 | Michael A Rosenberg | 7.30 | Collect and assemble various documents re hearing re 15th omnibus objection (3.3); collect and assemble various responses re same (4.0). |

| | | | |
|---|---|---|---|
| 1/21/2006 | Erin Skowron | 6.50 | Collect and assemble claims and responses per agenda for January omnibus hearing package (6.0); collect and assemble cases cited in Prudential reply and corresponding sections of the Debtors' 15th omnibus objection (.5). |
| 1/21/2006 | Michelle H Browdy | 9.90 | Prepare for hearing on Speights claims (6.2); prepare for hearing on Prudential and Minnesota claims (3.7). |
| 1/22/2006 | Salvatore F Bianca | 2.50 | Prepare for PD claims hearings. |
| 1/22/2006 | Michael Dierkes | 7.50 | Prepare for hearing re 15th omnibus objections. |
| 1/22/2006 | Michael A Rosenberg | 4.80 | Organize and assemble various documents re hearing on 15th omnibus objection. |
| 1/22/2006 | Erin Skowron | 3.70 | Collect and assemble various documents and materials for January hearing on 15th omnibus objection. |
| 1/22/2006 | Michelle H Browdy | 11.30 | Prepare for hearing on Speights claims (7.2); prepare for hearing on Minnesota and Prudential claims (4.1). |
| 1/23/2006 | Salvatore F Bianca | 5.30 | Prepare for PD claims hearings (5.0);.......... |
| 1/23/2006 | Michael Dierkes | 12.00 | Prepare for hearing re 15th omnibus objections. |
| 1/23/2006 | Michael A Rosenberg | 11.50 | Collect and assemble various documents re hearing re 15th omnibus objections. |
| 1/23/2006 | Erin Skowron | 11.50 | Collect and assemble various documents and materials for the January hearing re 15th omnibus claims. |
| 1/23/2006 | Michelle H Browdy | 11.50 | Prepare for hearings on PD claims (9.8);............. |
| 1/24/2006 | Janet S Baer | 1.30 | Attend portions of hearing on PD claims objections (1.0); conference re outcome of same (.3). |
| 1/24/2006 | Salvatore F Bianca | 9.50 | Hearing re non-Speights claims (2.0); prepare for hearing re Speights Claims (7.5). |

| 1/24/2006 | Michael Dierkes | 12.50 | Prepare for and attend hearing re 15th omnibus objections. |
| 1/24/2006 | Michael A Rosenberg | 14.00 | Prepare for 15th omnibus hearing (12.0); attend 15th omnibus hearing (2.0). |
| 1/24/2006 | Erin Skowron | 2.00 | Attend 15th omnibus hearing. |
| 1/24/2006 | Michelle H Browdy | 12.40 | Attend hearings on non-Speights objections (2.0); prepare for hearings on Minnesota and Prudential claims (2.4); continue to prepare for hearing on Speights claims (8.0). |
| 1/25/2006 | Janet S Baer | 2.00 | Attend (via telephone) hearing re PD claims objections. |
| 1/25/2006 | Salvatore F Bianca | 9.30 | Prepare for hearing on Speights claims (4.8); hearing re Speights claims (3.0); attend to follow-up issues from hearing (1.5). |
| 1/25/2006 | Michael Dierkes | 15.00 | Prepare for and attend hearing re 15th omnibus objections. |
| 1/25/2006 | Michael A Rosenberg | 10.00 | Prepare for 15th omnibus hearing (7.0); attend 15th omnibus hearing (3.0) |
| 1/25/2006 | Erin Skowron | 3.00 | Attend 15th omnibus hearing. |
| 1/25/2006 | Michelle H Browdy | 12.20 | Prepare for hearings on Speights claim objections (5.5); attend hearings on Speights claim objections and follow up (5.4); prepare for hearing on Speights class certification (1.3). |
| 1/26/2006 | Janet S Baer | 2.80 | Attend (via telephone) hearing on PD claims objections and Speights class action matter (2.5); conference re same (.3). |
| 1/26/2006 | Salvatore F Bianca | 3.00 | Hearing re Speights claims. |
| 1/26/2006 | Michael Dierkes | 5.00 | Prepare for and attend hearing re 15th omnibus objections (4.0); review notes re rulings at hearing and deadlines (1.0). |

| 1/26/2006 | Michael A Rosenberg | 5.30 | Prepare for 15th omnibus hearing (2.0); attend 15th omnibus hearing (3.3) |
| 1/26/2006 | Erin Skowron | 3.30 | Attend 15th omnibus hearing. |
| 1/26/2006 | Michelle H Browdy | 8.10 | Prepare for hearing on Speights issues (4.2); attend hearings and follow up (3.9). |
| 1/23/2006 | Salvatore F Bianca | 1.50 | Travel to Pittsburgh for hearing re PD claims (billed at half time). |
| 1/23/2006 | Brian T Stansbury | 1.70 | Travel to Houston for expert conference (billed at half time). |
| 1/25/2006 | Brian T Stansbury | 2.30 | Return from expert conference in Houston (billed at half time). |
| 1/26/2006 | Salvatore F Bianca | 1.30 | Return to Chicago from hearings in Pittsburgh (billed at half time). |
| 1/26/2006 | Michelle H Browdy | 1.00 | Return to Chicago from Pittsburgh (billed at half time). |

3.  On January 13, 2006, four (4) firm members (three Partners and one Associate) attended a conference.  The total time spent including any preparation time was 7.10 hours for a total fee of $4,087.50.

| 1/13/2006 | Janet S Baer | 3.70 | Review materials for PD discovery conference (.5); conference with PD committee re discovery issues (2.0);............. |
| 1/13/2006 | Michael Dierkes | 8.20 | Prepare for conference re PD Committee document requests (1.0); conference re same (1.4);............. |
| 1/13/2006 | Michelle H Browdy | 2.30 | Prepare for conference with PD committee (.4); conference re same (.8);............. |
| 1/13/2006 | Barbara M Harding | 6.00 | .................; conference with PD committee and J. Baer, M. Browdy and clients re PD discovery (1.0);............... |

4.  On January 9, 2006, seven firm members (two Partners and five Associates) attended a conference.  The total time spent including any preparation time was 16.50 hours for a total fee of

$6,265.50.

| 1/9/2006 | Tyler D Mace | 11.10 | .............; correspondence and conferences with joint defense counsel (2.6). |
| 1/9/2006 | Christopher C Chiou | 8.30 | Conference with joint defense counsel re government exhibits (1.7); prepare for same (.8);................ |
| 1/9/2006 | Barak Cohen | 3.50 | Joint defense telephone conference (2.2);........... |
| 1/9/2006 | Kenneth S Clark | 2.90 | .................; conference with L. Urgenson, W. Jacobson, C. Chiou, B. Cohen, R. Koch and joint defense team to review stipulations (2.2). |
| 1/9/2006 | Rebecca A Koch | 2.40 | Conference with W. Jacobson, L. Urgenson, K. Clark, C. Chiou and T. Mace re case developments. |
| 1/9/2006 | William B Jacobson | 10.40 | ...............; confer with defense counsel re exhibit stipulations (2.3);........... |
| 1/9/2006 | Laurence A Urgenson | 4.60 | ............; JDA conference (2.3);......... |

5. On January 11 and 12, 2005, nine firm members (five Partners, three Associates and one Legal Assistant) attended a conference. The total time spent including any preparation time was 102.50 hours for a total fee of $45,497.00.

| 1/11/2006 | Tyler D Mace | 10.80 | Conference with Grace counsel and JDA counsel re scientific experts (8.4);............. |
| 1/11/2006 | Christopher C Chiou | 10.90 | Conference with Grace counsel and joint defense counsel re expert issues (6.9); prepare for same (2.4);............. |
| 1/11/2006 | Brian T Stansbury | 8.20 | Confer with B. Harding, D. Kuchinski, D. Cameron, L. Flatley, R. Finke, J. Hughes, K. Coggons, co-defendant counsel, T. Mace and W. Jacobson re expert preparation (7.8); prepare for expert conference (.4). |
| 1/11/2006 | William B Jacobson | 11.40 | ...................; prepare for conference with counsel re experts (1.7); conference re same (8.0);............. |
| 1/11/2006 | Timothy J Fitzsimmons | 9.50 | K&E conference with co-counsel re experts |

(7.0);.........

| 1/11/2006 | Mark E Grummer | 8.80 | .............; prepare for conference with defense counsel re defendants' experts (.8); conference re same (6.1). |
| 1/11/2006 | Renee D Smith | 8.00 | Prepare for conference with co-counsel and client re expert issues (4.0); conference re same (4.0). |
| 1/11/2006 | Barbara M Harding | 7.00 | Prepare for conference with clients and outside counsel re expert preparation (.7); conference re same (6.3). |
| 1/11/2006 | Laurence A Urgenson | 8.50 | Prepare for conference with outside and in-house counsel re science and expert issues (1.0); conference re same (7.0); further conference with W. Jacobson, T. Mace, C. Chiou and counsel for expert re same (.5). |
| 1/12/2006 | Tyler D Mace | 10.90 | Conference with co-counsel re scientific experts (3.5);................ |
| 1/12/2006 | Christopher C Chiou | 10.40 | ...............; conference with Grace counsel and joint defense team re expert issues (3.8); prepare for same (.7);...............; conference with joint defense counsel (.8); conference with K&E team re same (.4). |
| 1/12/2006 | Brian T Stansbury | 4.60 | .................; prepare for expert conference (.3); confer with outside and in-house counsel re medical expert preparation (3.7);............ |
| 1/12/2006 | William B Jacobson | 7.60 | ............; prepare for conference with counsel re experts (1.0); conference re same (4.3);................ |
| 1/12/2006 | Timothy J Fitzsimmons | 3.50 | K&E conference with co-counsel re experts. |
| 1/12/2006 | Mark E Grummer | 3.00 | Conference with defense counsel re experts (1.9);.................; defense counsel conference (.5). |
| 1/12/2006 | Laurence A Urgenson | 5.10 | Prepare for conference with outside and in-house counsel re science and expert issues (.7); conference re same (3.0); prepare for JDA conference (.9); conference re same (.5). |

6.  On January 19, 2006, five firm members (three Partners and two Associates) attended a

conference.  The total time spent including any preparation time was 5.50 hours for a total fee of $2,342.50.

| 1/19/2006 | Tyler D Mace | 8.50 | Conferences with defense counsel (2.5);............. |
| 1/19/2006 | Barak Cohen | 8.00 | Joint defense conference (1.0);............. |
| 1/19/2006 | William B Jacobson | 8.00 | .............; conferences with defense counsel re several issues (1.0);............. |
| 1/19/2006 | Mark E Grummer | 1.60 | ................; weekly defense counsel conference (.5). |
| 1/19/2006 | Laurence A Urgenson | 1.20 | ................; JDA conference (.5);.............. |

7.  On February 2, 2006, eight firm members (five Partners, one Of Counsel, one Associate and one Legal Assistant) attended a conference in Denver.  The total time spent including any preparation and non-working travel time was 67.00 hours[3] for a total fee of $30,887.50.

| 2/1/2006 | Dawn D Marchant | 2.00 | Prepare for PI expert meeting. |
| 2/1/2006 | Barbara M Harding | 8.80 | Prepare for conference with expert (2.8);........... |
| 2/2/2006 | Brian T Stansbury | 8.40 | Confer with D. Kuchinsky, J. Hughes, experts, D. Marchant, T. Fitzsimmons and B. Harding re potential expert report (5.0);......... |
| 2/2/2006 | Timothy J Fitzsimmons | 8.50 | Conference with client and internal team re experts (6.0); review materials re medical requirements (2.5). |
| 2/2/2006 | Dawn D Marchant | 8.20 | Prepare for and conference with PI experts (3.0); conference re same (5.2). |
| 2/2/2006 | Barbara M Harding | 15.70 | .............; prepare for conference with expert (1.0); conference with expert, J. Hughes, B. Stansbury, D. Kuchinsky, T. Fitzsimmons and W. Jacobson (5.3);........... |
| 2/1/2006 | Dawn D Marchant | 6.00 | Travel to PI expert conference (billed at half time). |
| 2/2/2006 | William B Jacobson | 11.00 | .............; conference with expert (4.0);............. |

[3] Time for this entry was located in four Project Categories - (i) Claim Analysis Objection & Resolution (Asbestos), (ii) Travel Non-working, (iii) Montana Grand Jury Investigation and (iv) Criminal Travel Matter, No Third Parties.

| 2/2/2006 | Renee D Smith | 5.00 | Review materials in preparation for conference with potential experts (1.0); conference re same (4.0). |
| 2/2/2006 | Antony B Klapper | 3.50 | Conference with expert and B. Harding (2.0);.......... |
| 2/2/2006 | Scott A McMillin | 9.70 | .........; prepare for conference with experts (2.0); conference re same (3.7). |
| 2/2/2006 | Renee D Smith | 7.00 | Travel to and from Denver for conference with potential experts (billed at one half time). |
| 2/2/2006 | Scott A McMillin | 4.50 | Travel to and from Denver for conference with experts re criminal defense (billed at one half time). |

8. On February 21, 2006, five firm members (four Partners and one Associate) attended a hearing. The total time spent including any preparation and non-working travel time was 54.50 hours[4] for a total fee of $37,771.00.

| 2/14/2006 | Michelle H Browdy | 4.40 | Prepare for 2/21 hearing (2.3);........... |
| 2/15/2006 | Michelle H Browdy | 2.20 | Prepare for hearing re PD claims (1.7);......... |
| 2/16/2006 | David M Bernick, P.C. | 2.40 | ...............; conference with R. Frankel re hearing (.5); conference with S. Baena re hearing (.3). |
| 2/16/2006 | Michelle H Browdy | 2.30 | ................; work on PD issues to prepare for 2/21 hearing (1.8). |
| 2/17/2006 | Michelle H Browdy | 5.60 | .........; prepare for 2/21 hearings (1.6);............. |
| 2/20/2006 | Michelle H Browdy | 9.30 | Prepare for 2/21 hearings on PD issues (8.2);.......... |
| 2/21/2006 | Janet S Baer | 2.00 | Review additional materials in preparation for hearing on Anderson memorial notice issues. |
| 2/21/2006 | Elli Leibenstein | 2.50 | Participate in hearing (2.0);.............. |
| 2/6/2006 | Janet S Baer | 0.30 | Review and comment re February hearing agenda. |
| 2/6/2006 | Salvatore F Bianca | 0.50 | Review and comment on preliminary agenda for |

---

[4] Time for this entry was located in three (3) Project Categories - (i) Claim Analysis Objection & Resolution (Asbestos), (ii) Hearings, and (iii) Travel non-working.

| | | | 2/21/06 hearing (.3); review recent docket entries re same (.2). |
|---|---|---|---|
| 2/17/2006 | Janet S Baer | 0.60 | Review materials for 2/21 hearing binders (.3); attend to issues re same (.3). |
| 2/20/2006 | Janet S Baer | 1.30 | Final review of 2/21 agenda and documents in preparation for same. |
| 2/20/2006 | David M Bernick, P.C. | 3.00 | Prepare for Grace omnibus hearing. |
| 2/21/2006 | Janet S Baer | 4.50 | Review agenda and materials for February omnibus hearing (1.0); conference with J. O'Neill and review final orders re same (.5); conference with client re hearing issues (.5); attend and conduct portions of February omnibus hearing (2.5). |
| 2/21/2006 | Salvatore F Bianca | 2.20 | Attend omnibus hearing (telephonically). |
| 2/21/2006 | David M Bernick, P.C. | 7.50 | Prepare for and attend omnibus hearing. |
| 2/21/2006 | Michelle H Browdy | 9.70 | Prepare for omnibus hearings on PD issues (6.2); attend omnibus hearing and follow up re same (3.5). |
| 2/21/2006 | Janet S Baer | 3.00 | Travel from Chicago to Delaware for February omnibus hearing (1.5); travel from Wilmington back to Chicago after same (1.5) (billed at half time). |
| 2/21/2006 | David M Bernick, P.C. | 1.50 | Travel from Chicago to omnibus hearing in Delaware (billed at half time). |

9.  On February 15, 2006, four firm members (one Partner, two Associates and one Legal Assistant) attended a conference.  The total time spent including any preparation time was 13.50 hours for a total fee of $4,577.50.

| 02/15/06 | BTS | 10.90 | .......; confer with J. Hughes, E. Zoldan, B. Harding, expert and T. Fitzsimmons re potential expert report (2.9);............. |
|---|---|---|---|
| 02/15/06 | TJF | 8.00 | K&E conference with client re experts (4.0);............. |
| 02/15/06 | ECZ | 9.40 | Prepare for conference with expert, J. Hughes, B. Harding and B. Stansbury (3.0);............. |

| 02/15/06 | BMH | 10.70 | Prepare for conference with expert (1.6); conference with expert, J. Hughes, E. Zoldan and B. Stansbury (2.0);......... |

10.   On February 6, 2006, four firm members (two Partners and two Associates) attended a conference.  The total time spent including any preparation time was 14.20 hours for a total fee of $5,159.00.

| 02/06/06 | TDM | 16.00 | Prepare for discovery conference with joint defense counsel (2.3); conference with joint defense counsel re discovery issues (6.6);............ |
| 02/06/06 | CCC | 7.90 | .............; conference with T. Mace and joint defense team re review of government production (2.1);............... |
| 02/06/06 | MEG | 8.00 | ...........; conferences with defense counsel re same (1.0);........... |
| 02/06/06 | SAM | 5.20 | .........; conference with K&E team, client and experts re case issues (2.2);.............. |

11.   On February 10, 2006, five firm members (two Partners, one Associate and two Legal Assistants) attended a conference.  The total time spent including any preparation time was 19.10 hours for a total fee of $6,233.50.

| 2/10/2006 | Brian T Stansbury | 5.10 | Prepare for expert conference (1.0); conference with expert, L. Mellis and T. Fitzsimmons re Libby issues (1.0); conference with expert, T. Fitzsimmons, L. Mellis, B. Harding, D. Kuchinsky, R. Senftleben, L. Flatley and S. McMillin re expert development (3.1). |
| 2/10/2006 | William B Jacobson | 11.80 | ............; conference with expert witness (3.5);......... |
| 2/10/2006 | Timothy J Fitzsimmons | 4.00 | Conference with expert, B. Stansbury, C. Chiou, L. Mellis, B. Harding, D. Kuchinsky, R. Senftleben, L. Flatley and S. McMillin re expert development (3.0); conference with expert, L. Mellis and B. Stansbury re Libby issues (1.0). |
| 2/10/2006 | Laura E Mellis | 4.20 | Attend conference with expert. |
| 2/10/2006 | Scott A McMillin | 4.70 | Prepare for conference with expert (.3); conference re same (2.0);.............. |

12. On February 9, 2006, four firm members (two Partners and two Associates) attended a conference. The total time spent including any preparation time was 7.10 hours for a total fee of $3,213.50.

| | | | |
|---|---|---|---|
| 02/09/06 | TDM | 10.50 | .........; prepare for joint defense status conference (.5); conference re same (1.7);............... |
| 02/09/06 | CCC | 10.20 | ..............; conference with K&E team and joint defense counsel (1.5);............ |
| 02/09/06 | WBJ | 11.50 | ...........; conference with defense counsel (1.7);........... |
| 02/09/06 | LAU | 4.00 | ..........; JDA conference (1.7);............... |

13. On February 9, 2006, six (6) firm members (two Partners and four Associates) attended a conference. The total time spent including any preparation and non-working travel time was 34.60 hours[5] for a total fee of $16,179.00.

| | | | |
|---|---|---|---|
| 2/9/2006 | Christopher C Chiou | 10.20 | Conference with K&E team and expert (2.2); prepare for same (1.0); conference with K&E team and consultant on expert issues (1.3); prepare for same (.4);............. |
| 2/9/2006 | Brian T Stansbury | 4.40 | ............; conference with expert re potential expert testimony (2.5). |
| 2/9/2006 | William B Jacobson | 11.50 | ..............; prepare for expert witness conference (2.0); conference with expert (5.0);........... |
| 2/9/2006 | Renee D Smith | 6.50 | Conference with expert re status (4.5); conference with consultant re status of analyses and work product (1.5);............. |
| 2/9/2006 | Antony B Klapper | 1.70 | Conference with expert re scientific literature. |
| 2/9/2006 | Scott A McMillin | 9.70 | ..............; prepare for conference with statistical expert (.5); conference re same (4.0); prepare for conference with expert (.5); conference re same (1.5); conferences re preparation of scientific defense case (1.5);.............. |

[5] Time for this entry was located in two (2) Project Categories - (i) Montana Grand Jury Investigation and (ii) Criminal Travel Matter, No Third Parties.

| 2/8/2006 | Renee D Smith | 2.00 | Travel from Detroit to D.C. for expert conference (billed at one half time). |
|---|---|---|---|
| 2/9/2006 | Renee D Smith | 2.20 | Return from expert conference in Washington, D.C. (billed at one half time). |
| 2/9/2006 | Scott A McMillin | 2.50 | Travel to and from Washington, D.C. to meet with experts (billed at one half time). |

14.  On February 23, 2006, four firm members (three Partners and one Associate) attended a conference.  The total time spent including any preparation and non-working travel time was 26.90 hours[6] for a total fee of $13,664.50.

| 2/23/2006 | Tyler D Mace | 4.40 | Conference with experts re medical evidence in Montana (1.5);............. |
|---|---|---|---|
| 2/23/2006 | William B Jacobson | 11.80 | .........;  conference  with  expert witness (4.0); conference with witness (3.0);........ |
| 2/23/2006 | Mark E Grummer | 4.70 | Conference with expert witness candidate and review materials re same. |
| 2/23/2006 | Scott A McMillin | 10.50 | ..........; prepare for and attend conference with experts re Libby defense (8.0);........ |
| 2/22/2006 | Scott A McMillin | 2.50 | Travel to Washington, D.C. for expert conferences (billed at one half time). |
| 2/23/2006 | Tyler D Mace | 1.80 | Return travel from witness interview (billed at one half time). |
| 2/23/2006 | Scott A McMillin | 1.40 | Travel back from D.C. after expert conferences (billed at half time). |

15.  On March 17, 2006, four firm members (one Partner and three Associates) attended a conference.  The total time spent including any preparation time was 5.30 hours for a total fee of $2,448.50.

| 3/17/2006 | Salvatore F Bianca | 2.20 | Prepare for conference with PD team re phase II estimation issues (.5); confer re same (.7);......... |
|---|---|---|---|

---

[6] Time for this entry was located in two (2) Project Categories - (i) Montana Grand Jury Investigation and (ii) Criminal Travel Matter, No Third Parties.

| 3/17/2006 | Michael Dierkes | 1.00 | Conference re Phase II expert witness reports. |
| 3/17/2006 | Samuel Blatnick | 3.00 | ............; conference with R. Finke W. Sparks, M. Browdy, M. Dierkes and S. Bianca re Phase II expert reports (1.5). |
| 3/17/2006 | Michelle H Browdy | 6.30 | Conference with expert re PD Phase 2 issues and follow up (1.6);........... |

16.   On March 24, 2006, four firm members (three Partners and one Associate) attended a conference.  The total time spent including any preparation time was 10.90 hours[7] for a total fee of $5,113.50.

| 3/24/2006 | Brian T Stansbury | 6.60 | .................; confer with expert re expert development (1.0); confer with W. Jacobson, B. Harding, K. Coggon, and R. Smith re same (1.8);.......... |
| 3/24/2006 | Barbara M Harding | 6.50 | ..............; conference with  D. Kuchinsky, B. Stansbury, W. Jacobson and R. Smith re expert preparation (1.2);................. |
| 3/24/2006 | William B Jacobson | 9.20 | ............; confer with expert witness (2.5); confer with K. Coggon, R. Smith and B. Harding re expert witnesses (1.5);.................. |
| 3/24/2006 | Renee D Smith | 4.00 | .................; conference with expert (1.4); follow up communications with client and co-counsel (1.5). |

17. On March 6, 2006, four firm members (all Partners) attended a conference.  The total time spent including any preparation time was 6.50 hours[8] for a total fee of $4,214.50.

| 3/6/2006 | David M Bernick, P.C. | 3.50 | Develop strategy re Libby and conference re same (1.8);............... |
| 3/6/2006 | William B Jacobson | 10.20 | .................; confer with D. Bernick, L. Urgenson, D. Siegel and M. Shelnitz (1.3);............ |

---

[7] Time for this entry was located in two (2) Project Categories - (i) Claim Analysis Objection & Resolution (Asbestos) and (ii) Montana Grand Jury Investigation.

[8] Time for this entry was located in two (2) Project Categories - (i) Plan and Disclosure Statement and (ii) Montana Grand Jury Investigation.

| | | | |
|---|---|---|---|
| 3/6/2006 | Renee D Smith | 4.00 | Prepare for conference with D. Bernick and others re criminal case trial issues (.7); conference re same (1.4);............ |
| 3/6/2006 | Laurence A Urgenson | 6.50 | ...........; confer with counsel and client re case status and strategy (1.3);........... |

18.  On March 1, 2006, four firm members (two Partners and two Associates) attended a conference. The total time spent including any preparation and non-working travel time was 17.10 hours[9] for a total fee of $7,462.50.

| | | | |
|---|---|---|---|
| 3/1/2006 | Christopher C Chiou | 7.40 | Confer with K&E team and expert (2.8); prepare for same (.8);............... |
| 3/1/2006 | Brian T Stansbury | 7.30 | Confer with W. Jacobson, C. Chiou, S. McMillin, K. Coggon and experts re expert report (2.8);............... |
| 3/1/2006 | William B Jacobson | 8.10 | .............; conference with expert witness (3.0);............ |
| 3/1/2006 | Scott A McMillin | 10.40 | .................; review expert reports and prepare for conference with expert (2.5); conference with expert (3.5);................. |
| 3/1/2006 | Scott A McMillin | 1.70 | Travel to San Francisco for conferences with experts (billed at half time). |

19.  On March 3, 2006, five firm members (two Partners, two Associates and one Legal Assistant) attended a conference.  The total time spent including any preparation and non-working travel time was 22.00 hours[10] for a total fee of $8,418.00.

| | | | |
|---|---|---|---|
| 3/3/2006 | Christopher C Chiou | 8.90 | Prepare for conference with client, W. Jacobson, S. McMillin, B. Stansbury and expert (1.9); conference re same (3.4);............... |
| 3/3/2006 | Brian T Stansbury | 4.20 | Confer with W. Jacobson, C. Chiou, S. McMillin, expert, L. Flatley and T. Fitzsimmons re expert report (3.5);............. |

---

[9] Time for this entry was located in two (2) Project Categories - (i) Criminal Travel Matter, No Third Parties and (ii) Montana Grand Jury Investigation.

[10] Time for this entry was located in two (2) Project Categories - (i) Criminal Travel Matter, No Third Parties and (ii) Montana Grand Jury Investigation.

| 3/3/2006 | William B Jacobson | 6.60 | Confer with expert witness (2.3);............... |
|---|---|---|---|
| 3/3/2006 | Timothy J Fitzsimmons | 3.00 | Confer with B. Stansbury, W. Jacobson, S. McMillin, C. Chiou, L. Flatley, R. Senftleben and expert re expert issues. |
| 3/3/2006 | Scott A McMillin | 7.40 | Prepare for conference with expert (1.2); conference re same (2.0);................. |
| 3/3/2006 | William B Jacobson | 3.20 | Travel to San Francisco conference with expert witness (billed at half time) (.7); return travel from San Francisco to DC (billed at half time) (2.5). |
| 3/3/2006 | Scott A McMillin | 1.50 | Return travel from conferences with experts in San Francisco (billed at half time). |

20.   On March 23, 2006, four firm members (three Partners and one Associate) attended a conference.  The total time spent including any preparation time was 5.20 hours for a total fee of $2,803.00.

| 03/23/06 | TDM | 4.00 | ........; conference with joint defense (1.7). |
|---|---|---|---|
| 03/23/06 | WBJ | 1.30 | ...........; confer with defense counsel (.8). |
| 03/23/06 | MEG | 8.00 | .............; conference with counsel re issues and expert preparation plans (1.4);............... |
| 03/23/06 | LAU | 2.80 | ..............; JDA conference (1.3). |

21.   On March 30, 2006, six firm members (three Partners and three Associates) attended a conference.  The total time spent including any preparation time was 7.00 hours for a total fee of $2,907.00.

| 3/30/2006 | Tyler D Mace | 6.80 | Conference with joint defense (1.3);............. |
|---|---|---|---|
| 3/30/2006 | Michael D Shumsky | 11.00 | ..................; status conference (1.2). |
| 3/30/2006 | Christopher C Chiou | 5.00 | ....................; conference with joint defense counsel (1.5); prepare for same (.4);............. |
| 3/30/2006 | William B Jacobson | 9.60 | ..............; confer with defense counsel (1.2);............ |

| | | | |
|---|---|---|---|
| 3/30/2006 | Mark E Grummer | 5.40 | Conference with defense counsel re expert issues (.4);............. |
| 3/30/2006 | Laurence A Urgenson | 3.10 | ...............; JDA conference re status and strategy (1.0);............. |

Exhibit B

| 1/5/2006 | Lauren DeVault | 4.40 | Search and retrieve pleadings from docket (3.3);.......... |
| 1/10/2006 | Lauren DeVault | 1.90 | Search and retrieve pleadings from docket (1.0); update central files (.6) |
| 1/11/2006 | Lauren DeVault | 3.20 | Search and retrieve pleadings from docket (1.7); |
| 1/12/2006 | Lauren DeVault | 6.20 | Search and retrieve pleadings from docket (2.7); prepare claims binder (1.5); |
| 1/13/2006 | Lauren DeVault | 4.40 | Search and retrieve 10-Q report (.5); search and retrieve case materials (1.9);..........; search and retrieve pleadings from docket (1.0). |
| 1/17/2006 | Katherine K Phillips | 2.00 | Search, retrieve and organize Vancott pleadings (1.8); retrieve and distribute Delaware local rules (.2). |
| 1/19/2006 | Katherine K Phillips | 1.50 | Search, retrieve and organize pleadings and hearing transcripts (1.0);................ |
| 1/20/2006 | Lauren DeVault | 4.80 | Search and retrieve case materials (.6); set up court telephonic appearances (.3); search and retrieve pleadings from docket (.5);................ |
| 1/21/2006 | Lauren DeVault | 4.20 | Search and retrieve case materials (.7); search and retrieve pleadings from docket (.5);........... |
| 1/23/2006 | Lauren DeVault | 7.10 | search and retrieve pleadings from docket (.2);............. |
| 1/24/2006 | Katherine K Phillips | 2.50 | Search, retrieve and organize plan documents (1.0);.............. |
| 1/25/2006 | Katherine K Phillips | 2.00 | .............; search, retrieve and organize proofs of claims (.5); search, retrieve and organize pleadings re D. Slaughter (.5). |
| 1/25/2006 | Lauren DeVault | 6.80 | Search and retrieve pleadings from docket (3.5);..............; |

search and retrieve case materials (1.0);...............

| 1/31/2006 | Lauren DeVault | 6.30 | Search and retrieve case materials (4.3); |
|---|---|---|---|
| 1/6/2006 | Lauren DeVault | 2.00 | Search and retrieve pleadings from docket. |
| 2/2/2006 | Katherine K Phillips | 1.50 | .............; search, retrieve and organize pleadings re Vancott/Bagley appeal (.5). |
| 2/3/2006 | Lauren DeVault | 6.30 | search and retrieve pleadings from docket (.9);............; |
| 2/7/2006 | Katherine K Phillips | 1.50 | Search, retrieve and organize adversary pleadings (1.0);............ |
| 2/7/2006 | Lauren DeVault | 3.50 | Search and retrieve cases (.4); search, retrieve and organize documents from case materials (1.3); search and retrieve pleadings from docket (1.8). |
| 2/8/2006 | Lauren DeVault | 6.00 | Search and retrieve pleadings from docket (5.0); |
| 2/9/2006 | Katherine K Phillips | 1.00 | .................; search, retrieve and distribute new orders (.4);................. |
| 2/13/2006 | Lauren DeVault | 4.50 | Search and retrieve case materials (.9); |
| 2/14/2006 | Katherine K Phillips | 1.00 | Search, retrieve and organize orders re critical dates list. |
| 2/14/2006 | Lauren DeVault | 7.60 | search and retrieve pleadings from docket (.7);........... |
| 2/15/2006 | Katherine K Phillips | 1.50 | Search, retrieve and organize hearing transcripts (1.0);............ |
| 2/15/2006 | Lauren DeVault | 5.90 | search and retrieve pleadings from docket (1.1); search and retrieve documents from case materials (2.4). |
| 2/16/2006 | Katherine K Phillips | 1.00 | Search, retrieve and organize case management orders (.5); search, retrieve and organize correspondence re fee applications (.5). |
| 2/16/2006 | Lauren DeVault | 5.30 | ........; search and retrieve case materials (1.0); search and retrieve pleadings from docket (1.6). |

| | | | |
|---|---|---|---|
| 2/17/2006 | Lauren DeVault | 5.00 | Search, retrieve and organize documents from case materials (.8); |
| 2/20/2006 | Katherine K Phillips | 0.50 | Search, retrieve and organize pleadings. |
| 2/20/2006 | Lauren DeVault | 3.40 | Search and retrieve pleadings from docket (.6); |
| 2/21/2006 | Katherine K Phillips | 1.00 | search, retrieve and organize cases re motion to compel (.5). |
| 2/22/2006 | Lauren DeVault | 6.80 | Search and retrieve documents from case materials (2.5); update central files (.4);........... |
| 2/23/2006 | Lauren DeVault | 6.00 | Search and retrieve pleadings from docket (.5); |
| 2/24/2006 | Katherine K Phillips | 0.50 | Search, retrieve and organize orders. |
| 3/2/2006 | Lauren DeVault | 2.00 | Search and retrieve documents from docket and case materials. |
| 3/9/2006 | Lauren DeVault | 5.50 | Search and retrieve pleadings from docket (3.5); |
| 3/10/2006 | Lauren DeVault | 2.00 | Search and retrieve pleadings from docket (.5); |
| 3/16/2006 | Lauren DeVault | 5.00 | Search and retrieve pleadings from docket (2.0); |
| 3/17/2006 | Lauren DeVault | 4.80 | Search and retrieve documents from case materials (3.8); |
| 3/21/2006 | Lauren DeVault | 4.50 | search and retrieve pleadings from docket (.5);................; |
| 3/24/2006 | Lauren DeVault | 2.00 | search and retrieve pleadings from docket (1.0). |
| 3/30/2006 | Lauren DeVault | 3.00 | Search and retrieve pleadings from docket (1.5); |

Exhibit C

| 02/02/06 | MSU | 8.70 | Research congressional hearing issues (2.0);............. |
|---|---|---|---|
| 02/06/06 | DEM | 3.00 | ............; review congressional hearing (.5). |
| 02/07/06 | MSU | 7.20 | Research congressional hearing issues (4.0);............. |
| 02/07/06 | SAR | 8.00 | Search and review articles pertaining to the asbestos bill (1.0);........... |
| 02/08/06 | MSU | 8.70 | ...................; research congressional hearing (1.0);............. |
| 02/08/06 | SAR | 10.00 | Search and review articles pertaining to asbestos bill (1.5); review Whitehouse general affidavit and retrieve pages referenced (1.5);...........; review articles and create binder and index of articles referenced in Whitehouse progression study (3.5). |
| 02/09/06 | DEM | 5.00 | .............; review portions of congressional debate re asbestos bill (.5);............... |
| 02/09/06 | MSU | 7.50 | ...........; research re congressional hearing (2.0);........... |
| 02/09/06 | MAC | 6.80 | .............; prepare medical articles re Whitehouse memorandum for attorney review (2.3);.................. |
| 02/09/06 | SAR | 9.00 | Search and review articles pertaining to asbestos bill (1.0);.......... |
| 02/10/06 | SAR | 11.00 | Search and review articles pertaining to asbestos bill (1.0);........ |
| 02/13/06 | SAR | 7.50 | Search and review articles pertaining to asbestos bill (1.0);.......... |
| 3/1/2006 | Evan C Zoldan | 8.50 | .........; research legislative issues (2.0). |
| 3/1/2006 | Legislative Research | 3.00 | Legislative Research |
| 3/6/2006 | Legislative Research | 1.00 | Legislative Research |
| 3/8/2006 | David E Mendelson | 4.00 | ..........;  review  relevant  portions of congressional |

|  |  |  | hearings (1.0);............ |
|---|---|---|---|
| 3/8/2006 | Amanda C Basta | 4.80 | .........; review congressional hearing re screening and diagnostic methods (1.0);................ |
| 3/8/2006 | Michael A Coyne | 9.50 | .........; attend legislative hearing (5.9); review notes, upload materials and download transcript material re same (1.0); prepare summary re same (.9). |
| 3/8/2006 | Legislative Research | 1.50 | Legislative Research |
| 3/24/2006 | Evan C Zoldan | 7.50 | ............; prepare asbestos legislation survey (3.0). |
| 3/29/2006 | Lib Legislative Research | 3.50 | Legislative Research |

Exhibit D

1.  On January 24, 2006, LDeV had a time entry listed as 9.90 hours for a total fee of $1,386.00.  The points only total 9.00 hours for a total fee of $1,260.00.  Difference in fee totals is $126.00.

| | | | |
|---|---|---|---|
| 1/24/2006 | Lauren DeVault | 9.90 | Update correspondence database (3.6); update motion status chart (3.3); conference with K. Phillips re critical dates list (.4); update critical dates list (1.7). |

2.  On January 3, 2006, DEM had a time entry listed as 5.60 hours for a total fee of $2,548.00.  The points only total 4.60 hours for a total fee of $2,093.00.  Difference in fee totals is $455.00.

| | | | |
|---|---|---|---|
| 1/3/2006 | David E Mendelson | 5.60 | Prepare for conference with B. Harding re case and project status and strategy issues (1.2); conference re same (1.0); review and edit amended CMO (.4); conference with A. Basta re discovery issues (.5); correspond with B. Harding re discovery issues (.2); prepare discovery letters (.5); correspondence with various K&E counsel re production of certain protocols (.3); review exhibits to determine need for production (.5). |

3.  On January 4, 2006, DEM had a time entry listed as 4.90 hours for a total fee of $2,229.50.  The points only total 3.40 hours for a total fee of $1,547.00.  Difference in fee totals is $682.50.

| | | | |
|---|---|---|---|
| 1/4/2006 | David E Mendelson | 4.90 | Review and draft outline of response to motion to quash Ballard (1.1); review and edit draft letters re subpoena (1.0); conference with M. Taylor re response to motion to quash (.5); draft letter to Court re discovery schedule (.8). |

4.  On January 6, 2006, SFB had a time entry listed as 8.90 hours for a total fee of $4,272.00.  The points only total 7.90 hours for a total fee of $3,792.00.  Difference in fee totals is $480.00.

| | | | |
|---|---|---|---|
| 1/6/2006 | Salvatore F Bianca | 8.90 | Address contribution and indemnification claim issues re asbestos PI actions (2.3); draft summary re same (1.2); correspondence re same (.6); prepare agenda and compilation of documents to send to Court re PD Claims hearing on Jan 24-26, 2006 (2.3); conference with J. Baer re PD objection notice issues (.3); revise PD claims objection notice and schedules thereto (.5); coordinate filing and distribution re same (.3); review |

brief re publication notice in bar date program (.4).

5.  On January 6, 2006, DEM had a time entry listed as 7.80 hours for a total fee of $3,549.00.  The points only total 6.60 hours for a total fee of $3,003.00.  Difference in fee totals is $546.00.

| | | | |
|---|---|---|---|
| 1/9/2006 | David E Mendelson | 7.80 | Conference with G. Washburn re communication protocols (.5); prepare for team conference (1.6); conference re same (1.2); prepare and edit draft discovery response (.5); conference with E. Zoldan re opposition to Ballard motion to quash (.4); conference and correspond with B. Harding and others re issues with BNSF (.9); conference with S. Bianca re same (.4); review response to BNSF motion to clarify (.5); correspond and conference re questionnaires (.3); conference with J. O'Quinn re research (.3). |

6.  On January 10, 2006, BTS had a time entry listed as 9.50 hours for a total fee of $3,467.50.  The points only total 8.60 hours for a total fee of $3,139.00.  Difference in fee totals is $328.50.

| | | | |
|---|---|---|---|
| 1/10/2006 | Brian T Stansbury | 9.50 | Conference with E. Zoldan and USG counsel re opposition to motion to quash (.5); revise same (2.5); conference with expert re expert meeting (.2); correspond with B. Harding re opposition (.2); provide experts with relevant literature (.2); research for authority related to privilege assertion (1.5); provide D. Mendelson with background information on mediator (.2); review expert reports (1.8); correspond with D. Kuchinsky re expert conferences (.1); correspond with J. Hughes re expert meetings (.1); review relevant case law (.1); review motion to quash served on USG (.8); analyze Helsinki criteria (.4). |

7.  On January 12, 2006, BTS had a time entry listed as 5.10 hours for a total fee of $1,861.50.  The points only total 4.80 hours for a total fee of $1,752.00.  Difference in fee totals is $109.50.

| | | | |
|---|---|---|---|
| 1/12/2006 | Brian T Stansbury | 5.10 | Revise discovery responses (.6); conference with expert consultant re responses to questionnaire (.4); conference with expert re expert conference (.2); prepare for expert conference (.8); revise discovery responses (.4); conference with expert re documents (.3); revise deposition outline (1.8); assist B. Harding in preparing for conference (.3). |

8. On January 30, 2006, DDM had a time entry listed as 7.20 hours for a total fee of $3,708.00. The points only total 7.00 hours for a total fee of $3,605.00. Difference in fee totals is $103.00.

| 1/30/2006 | Dawn D Marchant | 7.20 | Conference with M. Browdy re PD issues (1.0); research materials re occupational exposures (4.1); review and edit fact witness disclosures (.2); prepare for conference with PI team (.4); conference with PI team (1.2); conference with B. Harding and expert re expert conference (.1). |

9. On January 3, 2006, WBJ had a time entry listed as 10.00 hours for a total fee of $4,950.00. The points only total 8.60 hours for a total fee of $4,257.00. Difference in fee totals is $693.00.

| 1/3/2006 | William B Jacobson | 10.00 | Review and revise letter to T. Calcagni (2.3); confer with R. Marriam (.2); review C. Landau memo (.2); review motion and subpoenas and confer with K. Clark re same (.7); review expert witness material (1.7); review recent media (.4); confer re same with counsel (.5); conference with S. Spivack and D. Roth re exhibits (1.8); conference with S. Spivack re other issues (.2); conference with M. Grummer (.2); conference with A. Klapper (.2); conference with witness (.2). |

10. On January 19, 2006, TDM had a time entry listed as 8.50 hours for a total fee of $2,677.50. The points only total to 7.50 hours for a total fee of $2,362.50. Difference in fee totals is $315.00.

| 1/19/2006 | Tyler D Mace | 8.50 | Conferences with defense counsel (2.5); review government document production (3.6); conference with government attorneys (.9); conference with vendor (.5). |

11. On January 23, 2006, TDM had a time entry listed as 8.70 hours for a total fee of $2,740.50. The points only total 7.80 hours for a total fee of $2,457.00. Difference in fee totals is $283.50.

| 1/23/2006 | Tyler D Mace | 8.70 | Review privileged documents (3.2); conference with counsel re exposure data (.9); conference with graphics consultant (.5); conference with joint defense counsel (.5); conference with civil counsel (.4); confer with paralegals re discovery issues (.4); correspond with joint defense (1.4); coordinate witness interviews (.5). |

12. On January 25, 2006, TDS had a time entry listed as 7.50 hours for a total fee of $1,350.00. The points only total 6.50 hours for a total fee of $1,170.00. Difference in fee totals is $180.00.

1/25/2006      Terrell D Stansbury    7.50    Update case files (3.5); prepare logistics re trial
                                               database (1.5); update expert material (1.5).

Response Exhibit 1

1.    Attendance at Conferences and Hearings (¶ 3)

The Initial Report requests greater explanation concerning multiple professionals' attendance at, and preparation for, nineteen conferences and two hearings. The following lettered paragraphs explain the topic(s) of each conference or hearing and the need for each professional's participation therein.  As has been explained before, it is not K&E's routine practice to have multiple K&E attorneys at conferences and hearings.  When multiple professionals participated in a conference, they did so because: (a) K&E made the conscious decision that it was more advantageous to have multiple professionals participate, rather than relying on information to "flow down" after the conference had concluded, and/or (b) a particular professional's input was required for certain portions of the conference.  In the latter case, that professional only participated in the relevant portions of the conference at issue. In the case of hearings, in each instance that a particular professional participated, it was because that individual brought particular expertise and issue preparation to the hearing, and so his/her presence was critical.

Multiple professionals' participation/attendance at certain conferences has been particularly important in these Chapter 11 cases, because of the multiple proceedings pending in multiple forums, all of which are ultimately connected to these Chapter 11 cases.  It is critical that, for example, members of the criminal defense team meet regularly and coordinate with the asbestos personal injury ("PI") team, as many of the matters addressed in the defense of the indictment will relate directly to the allowance and viability of certain PI claims.  In addition, discovery ongoing in the criminal case is running parallel with discovery in the PI estimation and coordination of these efforts has been necessary.

This reasoning will be further explained below, in the context of each individual questioned conference and hearing.

(a)    January 4, 2006 conference (Interim Report, Exhibit A, Item 1)

Bianca/Harding/Marchant/Stansbury

The January 4th time entries listed in the Initial Report represent time related to three separate conferences.  First was a telephone conference among Mr. Bianca, Ms. Marchant, Ms. Harding, Mr. Stansbury and PI experts to review and strategize regarding potential expert testimony (.8 hours of Mr. Bianca's time, including .3 hours of preparation time, .7 hours of Mr. Stansbury's time, 1.5 hours of Ms. Marchant's time, including .5 hours of preparation time).  In this PI expert conference, Ms. Harding participated as lead partner on the PI team, and Ms. Marchant participated in her role as litigation partner responsible for certain PI claims estimation experts.  Mr. Stansbury participated to help fulfill his responsibility of helping determine which Chapter 11 case experts may also testify in the criminal case, and what the nature of their testimony may be.  Mr. Bianca participated in his role as restructuring associate responsible for PI claims estimation causation experts.

The second January 4th conference was a telephone conference among Mr. Bianca, Ms. Harding, the PI Committee and the Future Claimants Representative held to discuss the scheduling of numerous briefs and hearings regarding PI claims issues (.4 hours of Mr. Bianca's time and .4 hours of Ms. Harding's time). Ms. Harding participated in her role as lead partner on the PI team, ultimately responsible for drafting the amended PI case management order, and Mr. Bianca participated as restructuring associate responsible for assisting with the PI case management order.

Finally, Mr. Stansbury's travel time on January 3rd was travel to and from a conference with an expert, unrelated to the conferences described above.

(b)    January 24-26, 2006 Hearing (Interim Report, Exhibit A, Item 2)

Dierkes/Browdy/Bianca/Baer/Skowron/Blatnick/Rosenberg/Stansbury

The January 24th -26[th] hearings were not regularly scheduled omnibus hearings, but rather specialized hearings scheduled solely to hear specific claims issues raised in the Debtors' 15th omnibus objection to asbestos property damage ("PD") claims. As discussed in the Prior Responses, the 15th omnibus objection was so massive that K&E formed a "sub-group" of PD team members to concentrate on 15th omnibus matters.

The January hearings were held to hear arguments concerning: PD claims related to Prudential Buildings in Atlanta, Georgia; several *pro se* claimants' PD claims; PD "stigma" claims of 54 Minnesota-based claimants; issues of product identification and authentication with respect to a number of Speights & Runyan-filed PD claims; and the Anderson Memorial Hospital motion for class certification. Ms. Browdy, the lead partner on the PD team, argued the majority of these issues at these 3 days of hearings. Mr. Bianca, the restructuring associate on the 15th omnibus sub-group, argued the *pro so* claimants issues, and Mr. Dierkes, primary litigation associate on the sub-group, argued a portion of the product identification issues. I participated in portions of the hearings via telephone and addressed the Court as requested during those hearings regarding historical questions about the chapter 11 cases.

Ms. Browdy, as the lead K&E attorney handling these hearings, had to spend considerable time in preparation. Each of Mr. Dierkes and Mr. Bianca, along with preparing for his own argument presentation, spent a good deal of helping Ms. Browdy in her hearing preparation. In my role as restructuring partner working with the PD team, I participated in several PD team meetings prior to the hearings to assist in preparation on certain issues, and, as mentioned above, participated in portions of the hearings telephonically. Mr. Blatnick assisted with hearing preparation by researching certain legal issues that were the subject of the hearings. Ms. Skowron and Mr. Rosenberg are two PD legal assistants steeped in both the individual PD claims and the overall PD claims database and resolution process. Both spent time assisting the attorneys in their hearing preparations, assembling relevant case law at attorney request, and organizing hearing materials for the claims at issue. With so many claims at issue at these hearings and such voluminous materials, legal assistant time was particularly important here to assist the attorneys in reviewing and

organizing the materials.  Ms. Skowron's and Mr. Rosenberg's presence at the hearings was equally vital, in order for them to assist the presenting attorneys with the necessary materials throughout the 3-day hearings.  In addition, the legal assistants assisted the attorneys with follow-up work necessary after each of the first 2 days of hearings.

Finally, Mr. Stansbury's two questioned travel entries were for his travel to Houston, Texas for an expert witness conference, unrelated to the hearing.

(c)      January 13, 2006 Conference (Interim Report, Exhibit A, Item 3)

Baer/Dierkes/Browdy/Harding

The January 13th conference was a telephonic conference among certain members of both the PI team and the PD team, held to coordinate the Debtors' responses to discovery.  The PI Committee, in the context of the PI Estimation, served substantial written discovery requests on the Debtors; simultaneously, the PD Committee, in the context of the PD Estimation, also served substantial written discovery requests on the Debtors.   These two sets of discovery requests contained substantial overlap.  I am the partner responsible for responding to the PD discovery requests and Mr. Dierkes is the associate working with me on those responses.  Barbara Harding is the partner responsible for the responses for the PI Committee. Ms. Browdy is the partner responsible for PD claims in general.  Each of us attended this conference in these roles.  This meeting and the preparation for this meeting were necessary to examine the detailed requests and the issues raised thereby, as well as to coordinate the Debtors' responses to the two requests.

(d)      January 9, 2006 Conference (Interim Report, Exhibit A, Item 4)

Mace/Chiou/Cohen/Clark/Koch/Jacobson/Urgenson

The January 9th conference was one in a series of weekly "joint defense" conferences scheduled for members of both the K&E criminal defense team and the other law firms representing Grace and seven of Grace's former officers in connection with the grand jury criminal indictment relating to the Debtors' former vermiculite mining and processing activities in Libby, Montana.

K&E attorneys on the criminal matter participate in these weekly conferences as matters specific to their area of responsibility are on the conference agenda.   As discussed in the Prior Responses, the purpose of these joint defense conferences is to provide a forum for all criminal team co-counsel to discuss and coordinate various aspects of Grace's criminal defense, including: the coordination of witness interviews, the sharing of newly-received information, the discussion of the outcome and import of research assignments, and the assignment of new tasks.  These weekly conferences also serve as internal team meetings for the criminal team, allowing the team to coordinate work assignments for the upcoming week and avoid the inefficiency of having partners describe case status on multiple occasions to various associates.  Generally, the joint defense conferences are in-person meetings for K&E attorneys, with other law firms participating via telephone.

Lawrence Urgenson, the senior litigation partner on the criminal matter, is ultimately responsible for all of Grace's criminal defense efforts. He attended the January 9th conference in this capacity. William Jacobson, the junior litigation partner on the criminal matter, manages the legal strategy, motions practice and factual development of Grace's defense. As such, his participation in this conference was necessary. Tyler Mace participated as the lead litigation associate on the criminal defense team, responsible for, among other things, the coordination of discovery and defense efforts with the individual defendants, as well as day-to-day management of the more junior associates assigned to the matter. Christopher Chiou, Kenneth Clark, Rebecca Koch and Barak Cohen participated in their roles as junior litigation associates on the criminal matter, each responsible for many areas of legal research and specific factual development. Each attended the January 9th conference in order to report on the outcome of his or her previous assignments and to receive new assignments.

(e)    January 11-12, 2006 Conference (Interim Report, Exhibit A, Item 5)

Mace/Chiou/Stansbury/Jacobson/Fitzsimmons/Grummer/Smith/Harding/Urgenson

This conference was a major strategic meeting in which the scientific and expert issues in the criminal case as well as the PI case were discussed and decisions reached. Attendees included all criminal co-defendants and virtually every one of the Debtors' in-house attorneys. Each of the participating K&E attorneys bore the responsibility for preparing an analysis and presentation of certain of those scientific and expert issues. During this conference, among other issues, attorneys presented the group with an analysis of the strengths and weaknesses of each expert proposed by the Government in the criminal case. A large conference such as this saved considerable amounts of billable time, since all the different defense players were able to coordinate the scientific and expert approach to be used, eliminating the risk that each law firm could develop potentially different approaches toward the evidence and trial preparation.

Attorney members of the criminal defense team attending were: Mr. Urgenson, Mr. Jacobson, Mr. Mace and Mr. Chiou who attended the conference in their respective roles described under item (d) above. Mr. Grummer attended in his role as the criminal team's environmental law expert. PI team attorney members present were Ms. Harding, who attended in her role as lead PI team partner, Ms. Smith, who attended in her role as PI team partner in charge of numerous expert witness issues, and Mr. Stansbury, who attended in his role as lead PI team associate. Also attending was Mr. Fitzsimmons, a senior legal assistant on the PI team, who has a strong science background and spends a good deal of time reviewing and analyzing various medical and other scientific reports. His presence at this conference was necessary in order for him to understand the scientific issues discussed by the experts, which understanding, in turn, allowed him to provide internal scientific guidance to criminal defense team attorneys on some of the frequently-raised scientific issues.

(f)    January 19, 2006 Conference  (Exhibit A, Item 6)

Mace/Cohen/Jacobson/Grummer/Urgenson

The January 19th conference was another weekly joint defense conference. The participating attorneys attended in their respective roles described under paragraph (d) above. Additionally, Mr. Grummer, as Environmental partner on the criminal matter, participated in the portions of the conference related to environmental issues.

(g)    February 2, 2006 Conference (Exhibit A, Item 7)

Marchant/Harding/Stansbury/Fitzsimmons/Jacobson/Smith/Klapper/McMillin

The February 2nd conference was a one-day conference, held in Denver, among K&E criminal defense and PI team members, in-house attorneys of the Debtors, and expert witnesses in the criminal and/or Chapter 11 case. Again, since the scientific issues that arise in the criminal case and the Chapter 11 case are so intimately intertwined, experts retained in the criminal proceeding often overlap with experts retained in the bankruptcy proceeding.  As discussed in the Prior Responses, it is critical that criminal team members meet regularly with and coordinate experts with the PI team, since so many of the scientific and other expert issues addressed in the indictment will relate directly to the allowance and viability of many of the PI claims.  This is particularly true here, where there is very little natural overlap of criminal and PI teams given that the criminal proceeding is occurring in a completely separate forum from the Chapter 11 case.

Criminal team attorneys Mr. McMillin, Mr. Jacobson and Mr. Klapper attended the February 2nd conference.  Mr. McMillin, a litigation partner, joined the W.R. Grace criminal defense team immediately prior to this conference, and was brought on, in large part due to his experience with mass tort cases, to work on the scientific aspects of the case, with a focus on preparing the Debtors' expert witnesses and responding to government expert witnesses' testimony.   He attended this conference in such role.  Mr. Jacobson attended in his role of junior litigation partner on the criminal defense team, and Mr. Klapper attended in fulfillment of his responsibility of creating and maintaining an outline of the multitude of scientific issues related to the criminal defense case.

PI team attorneys Ms. Harding, Ms. Smith, and Ms. Marchant attended, Ms. Harding in her role as lead partner on the PI team, Ms. Smith in her role as litigation partner charged with numerous expert witness issues, and Ms. Marchant in her role as PI team litigation partner responsible for certain PI estimation experts.  PI team member Mr. Stansbury also participated, in his role of assisting with identification and development of experts. Mr. Fitzsimmons did not travel to Denver, but instead assisted the team from his home office in Washington, D.C.  His 6.0 hours of conference time were spent on numerous lengthy telephone conferences with his colleagues who had traveled to Denver.  He spent an additional 2.5 hours on February 2nd reviewing and analyzing related expert materials for the benefit of the attending attorneys.

(h)    February 21, 2006 Hearing Preparation and Attendance (Exhibit A, Item 8)

Browdy/Bernick/Baer/Liebenstein/Bianca

The February 21st hearing was lengthy and centered on the issues of exclusivity and plan mediation.  It also involved numerous outstanding PD and PI Estimation related issues. David

Bernick presented the very long and involved arguments with respect to the estimation process and exclusivity.  As with generally every omnibus hearing, I was responsible for the agenda, and I addressed the Court with respect to the business-related items on the agenda. I was also prepared to present evidence on the notice issues related to the Anderson Memorial Hospital class action motion. In addition, as part of the omnibus hearing preparation I do each month, I reviewed for accuracy and completeness both the hearing agenda and the hearing materials to be used by the presenting attorneys.  Michelle Browdy, the lead PD litigation partner, spent time reviewing case law relevant to the PD-related portions of the exclusivity/mediation issue; she also prepared hearing and presentation materials for the several other PD matters on the agenda.  Ms. Browdy addressed the Court on those issues.  Mr. Bianca, the senior restructuring associate on the PD team, participated telephonically in the hearing, as he had prepared numerous business-related motions that were set for hearing that day.  Mr. Liebenstein is the K&E partner who has special expertise with respect to estimation of claims and works with the Debtors' estimation experts.  His participation at the hearing was necessary to assist Mr. Bernick in addressing the Debtors' overall strategy for estimation and, ultimately, plan confirmation.  He also is working directly with the Questionnaires that PI claimants have been ordered to complete in order to aid the PI estimation process.

      (i)        February 15, 2006 Conference (Exhibit A, Item 9)

Stansbury/Fitzsimmons/Zoldan/Harding

The February 15th conference was a PI team conference that included several potential expert PI witnesses as well as representatives from the Debtors, held to review and analyze such experts' draft reports, as well as to decide upon whether and when to utilize such experts' reports and testimony.  Ms. Harding led the conference in her role as lead partner on the PI team.  Mr. Stansbury participated as PI team associate responsible for overall expert witness development.   Mr. Zoldan attended the conference because of his responsibility in preparing these particular experts for trial. Finally, Mr. Fitzsimmons attended in his role as "scientific" legal assistant, in the same role as that described in item (e) above.

      (j)        February 6, 2006 Conference (Exhibit A, Item 10)

Mace/Chiou/Grummer/McMillin

The February 9th conference was another weekly joint defense conference.  The participating attorneys attended in their respective roles described under paragraph (d) above.  Mr. McMillin participated in his role described under item (g) above.

      (k)        February 10, 2006 Conference (Exhibit A, Item 11)

Stansbury/Jacobson/Fitzsimmons/Mellis/McMillin

The February 10th conference was another expert witness conference among members of the K&E criminal defense and PI teams, as well as in-house attorneys of the Debtors. The listed attorneys participated in this conference in their respective roles that are described in items (d) and

(g) above.  In addition, Ms. Mellis, a PI team legal assistant, attended the conference in her role of assisting Mr. Stansbury with his expert witness identification and development responsibilities.

(l)    February 9, 2006 Conference (Exhibit A, Item 12)

Mace/Chiou/Jacobson/Urgenson

The February 9th conference was another weekly joint defense conference.  The participating attorneys attended in their respective roles described under paragraph (d) above.

(m)    February 9, 2006 Conference (Exhibit A, Item 13)

Chiou/Stansbury/Jacobson/Smith/Klapper/McMillin

The February 9th conference was another conference among the K&E criminal defense and PI teams, in-house attorneys for the Debtors, and PI/criminal case expert witnesses, and in large part was a follow-up conference to the February 2nd expert witness conference. It was held in K&E's Washington, D.C. offices, with some participants attending via telephone.  The meeting was held in large part so that the PI and criminal defense legal teams could assess the status and substance of the various experts' work product and coordinate with each other to use that work product in both the PI and the criminal defense context.  The participating attorneys attended in their roles described in items (d) and (g) above.

(n)    February 23, 2006 Conference (Exhibit A, Item 14)

Mace/Jacobson/Grummer/McMillin

The February 23rd conference was an in-person one-day criminal defense team expert witness conference held in K&E's Washington, D.C. offices and attended by Mr. Jacobson, Mr. Grummer (part), Mr. Mace (part), and Mr. McMillin, as well as several expert witnesses for the criminal defense case.  Mr. McMillin, in his role as criminal defense team litigation partner responsible for scientific aspects of the case and expert witness preparation, and Mr. Jacobson, in his role as junior litigation partner on the criminal matter, both participated for essentially the entire day of the conference.   Mr. Grummer, as the environmental law expert on the criminal defense team, participated only in those portions which related to environmental issues, and Mr. Mace only participated for a relatively brief portion, since he was required to attend a separate witness interview on the same day.  Mr. Mace's 1.8 hours of travel time listed under item (n) on the Initial Report was for a separate witness interview, unrelated to the expert witness conference described above.

(o)    March 17, 2006 Conference (Exhibit A, Item 15)

Bianca/Dierkes/Blatnick/Browdy

The March 17th conference was a telephone conference with Ms. Browdy, Mr. Dierkes, Mr. Blatnick, Mr. Bianca, an expert witness, and several of the Debtors' in-house attorneys.  The purpose

of the conference was to review the status of PD Phase II estimation issues, particularly expert-related issues, and to develop a strategy to address those issues going forward. Ms. Browdy attended in her role as lead partner on the PD team.  Mr. Blatnick attended in his role as the litigation associate in charge of limitations issues on PD Phase II.  Mr. Bianca attended as restructuring associate on the PD Phase II estimation team who was most familiar with the PD claims and product identification witnesses and issues.  Mr. Dierkes attended in his role as the other primary litigation associate on the PD Phase II estimation sub-group. He is in charge of hazard-related issues and experts.

(p)     March 24, 2006 Conference (Exhibit A, Item 16)

Stansbury/Harding/Jacobson/Smith

The March 24th conference was a joint PI/criminal defense telephone conference that also included several of the Debtors' in-house attorneys. This conference accounted for 1.8 hours of Mr. Stansbury's time, 1.2 hours of Ms. Harding's time, and 1.5 hours of both Mr. Jacobson's and Ms. Smith's time.  The remaining 1.0 hour of Mr. Stansbury's March 24th time identified on the Initial Report represents time conferencing with an expert prior to this joint team telephone conference. 2.5 hours of Mr. Jacobson's total 4.0 hours of March 24th time was spent in conference with a different expert.  Finally, 1.4 hours of Ms. Smiths' 2.9 hours listed in the Initial Report was spent conferencing with yet another expert, prior to the joint team telephone conference.

(q)     March 6, 2006 Conference (Exhibit A, Item 17)

Bernick/Jacobson/Smith/Urgenson

K&E criminal team partners William Jacobson, Renee Smith and Lawrence Urgenson each spent 1.4 hours with David Bernick on March 6th conferencing with each other and the general counsel of the Debtors (via telephone) regarding criminal defense case status and strategy.  .7 hours of Ms. Smith's 2.1 total hours listed was spent preparing for this conference, while .4 of Mr. Bernick's listed 1.8 hours was spent analyzing such strategy in preparation for the conference.  Mr. Jacobson, Ms. Smith and Mr. Urgenson participated in this conference in their respective roles described earlier in this letter, and Mr. Bernick participated in his role as senior attorney and quarterback of the entirety of the Debtors' case.  It is particularly important that Mr. Bernick, in this overarching capacity, both help formulate, and stay abreast of changes in, the developing strategy of the criminal defense.

(r)     March 1, 2006 Conference (Exhibit A, Item 18)

Chiou/Stansbury/Jacobson/McMillin

The March 1st time entries listed on the Initial Report represent time spent at a meeting held in K&E's San Francisco's offices with an expert whose testimony is expected to be critical to both the criminal defense and the PI portion of the Chapter 11 case. Mr. McMillin met with Mr. Jacobson prior to the expert witness meeting in order to review the relevant expert reports and to generally

prepare for the meeting. These participating attorneys attended the conference in person rather than by telephone for cost and efficiency reasons. The week of this conference was a particularly busy one for both the criminal and PI teams; Mr. McMillin, for example, was in southern California the day before on another matter involving the criminal defense, and was then required to be in Oakland on March 2nd for yet another expert witness meeting, and then, finally, needed to be in San Francisco the following weekend for a large expert witness conference. (Mr. Chiou and Mr. Jacobson also attended the weekend conference, and so were already planning to travel to the West Coast). For these criminal team attorneys to travel back to Chicago in between these other meetings and to then conduct this conference via telephone would obviously have been inefficient and would have resulted in higher fees to the estate. Similarly, Mr. Stansbury was due in Stanford, California on March 2nd for a separate expert witness meeting, and also again combined these trips for purposes of efficiency.

      (s)     March 3, 2006 Conference (Exhibit A, Item 19)

Chiou/Stansbury/Jacobson/Fitzsimmons/McMillin

The March 3rd conference was an in-person conference held in Palo Alto, California, with members of both K&E's criminal defense team and PI team, in-house attorneys of the Debtors, and an expert witness critical to both the bankruptcy case and the criminal defense. At the meeting, the team members heard the presentation of the expert's report, with each team's attending attorneys focusing on the elements of the report particularly important for that attorney's specific area of responsibility vis-à-vis expert development. Mr. Jacobson attended in his role as junior litigation partner on the criminal matter with particular emphasis on factual development issues. He was assisted by criminal team litigation associate Mr. Chiou. Mr. McMillin again attended as criminal matter team litigation partner charged with expert witness issues. Mr. Stansbury attended as the representative of the PI team (in his responsibility as associate responsible for overall expert witness development). Mr. Fitzsimmons attended as the "scientific" legal assistant, and his role mirrored his role described under item (e) above.

      (t)     March 23, 2006 Conference (Exhibit A, Item 20)

Mace/Jacobson/Grummer/Urgenson

The March 23rd conference was another weekly joint defense conference. The participating attorneys attended in their respective roles described under paragraph (d) above. In addition, Mr. Grummer, as Environmental partner on the criminal matter, participated in the portions of the conference related to environmental issues.

      (u)     March 30th, 2006 Conference (Exhibit A, Item 21)

Mace/Shumsky/Chiou/Jacobson/Grummer/Urgenson

The March 30th conference was another weekly joint defense conference. The participating attorneys attended in their respective roles described under paragraph (d) above, and Mr. Grummer

participated in the portions of the conference related to environmental issues.  Mr. Shumsky's time entry represented a separate conference unrelated to the joint defense conference.

Response Exhibit 2

1.      Legal Assistant Time Entries (¶ 4)

(A)      <u>Legal and Project Assistant Time on Exhibit B</u>

This has been a continuing issue for the last number of reports.  I appreciate the time and careful attention you have paid to this topic.  I know it is very difficult in reviewing the time entries to ascertain what is routine clerical or "file clerk" type work, as you describe it, versus work that requires the time of a true paraprofessional.  As previously explained, K&E uses paraprofessionals, when necessary and cost-effective, to perform a wide range of tasks that are vital to K&E attorneys' effective representation of the Debtors in these Chapter 11 cases.  The Initial Report (Exhibit B) questions two of such paraprofessionals' time entries as being for "clerical" functions.  Interestingly, these paraprofessionals work for me, and a great deal of their questioned time was spent assisting me in reviewing and assembling information that is necessary for me, on a daily basis, to address the numerous inquiries I get from creditors, Committees, our clients and my colleagues on the PD, PI and criminal teams about a full range of matters in these cases. In this respect, the tasks are not clerical in nature, but, in fact, could not have been performed by secretaries or other clerical personnel untrained either as to these relatively complex tasks generally or as to these Chapter 11 cases in particular.  If these paraprofessionals had not accomplished these tasks, in many instances I myself would have to have performed them, or would have had to ask an associate to do so, which would have resulted in far higher bills.

Specifically, the two paraprofessionals singled out, Lauren DeVault and Katie Phillips, are, respectively, a restructuring legal assistant and a restructuring project assistant.  Both have now worked on the Grace cases for approximately two years and they support and continue to support all of the teams in review, coordination, organization, filing, and retrieval of all of the pleadings and correspondence in the cases.  While "searching" or "retrieving" documents may seem like clerical tasks on their face, in this case, with the number of simultaneous teams reviewing and addressing issues for different purposes, even something which appears as simple as retrieving a document is not so simple.  Rather, knowing where each document is located, the year it was produced, the topic or hearing to which it relates and what team may need to review it, requires knowledge of these cases and an understanding of the interrelationships of the various teams and issues.

In addition, the fact that the pleadings in related adversary proceedings and appeals appear on different dockets requires the restructuring paraprofessionals to search beyond one case docket, on a daily basis, in order to provide the attorneys with newly-filed pleadings in "real time."  The paraprofessionals also need to "search" and "retrieve" documents from the various dockets on a daily basis to keep abreast of and prepare the changing critical dates memos, the case motion status chart and the order binders.  Regular retrieval and review of these materials, in turn, allows the restructuring team attorneys to keep current on all the various motions in all the various venues that may be ongoing in the case at any given time.

For the reasons cited above, K&E respectfully disagrees with the Initial Report's categorization of all the entries on Exhibit B as "clerical" and requests approval of the time billed as the rates requested.

Response Exhibit 3

1.      Time Spent Reviewing and Researching Legislation (¶ 5)

Paragraph 5 of the Initial Report states that K&E spent a total of 56.6 hours reviewing the FAIR Act in the Interim Period, and requests an explanation of those time entries (which entries are set forth in Exhibit C to the Initial Report). Each cited time entry is set forth below followed by an explanation of the time. First, however, I wish to point out that the time entries set forth in Exhibit C of the Initial Report add up to 46.6 hours rather than 56.6 hours. Second, though the Initial Report states that all this time was spent reviewing the FAIR Act, in actuality, the listed time includes three separate legislative review/analysis projects (including review and analysis of the FAIR Act), as well as time spent on matters unrelated to legislative review.

(a) 02/02/06   MSU   8.70            Research congressional hearing issues (2.0);.............

(b) 02/06/06   DEM   3.00            ............; review congressional hearing (.5).

(c) 02/07/06   MSU   7.20            Research congressional hearing issues (4.0);.............

(d) 02/07/06   SAR   8.00            Search and review articles pertaining to the asbestos bill (1.0);............

(e) 02/08/06   MSU   8.70            ...................; research congressional hearing (1.0);.............

The five time entries above relate to time spent reviewing the Congressional hearings into the Fairness in Asbestos Resolution Act of 2005 (the "Fair Act"). The Fair Act, intended to create a national asbestos injury claim resolution program to supersede existing compensation methods, would have a large, immediate impact on the Debtors if it were enacted into law. The Fair Act has also formed the basis of certain plan structural issues and damage discussions in both the Chapter 11 case and the criminal case. Therefore, it was critical that K&E spend time analyzing both the Fair Act and the surrounding hearings.

(f) 02/08/06   SAR   10.00           Search and review articles pertaining to asbestos bill (1.5); review Whitehouse general affidavit and retrieve pages referenced (1.5);............; review articles and create binder and index of articles referenced in Whitehouse progression study (3.5).

The time entry set forth above consists of 1.5 hours spent on Fair Act review, and 5.0 hours spent reviewing the affidavit of Dr. Whitehouse and indexing and reviewing related articles, which was time unrelated to legislative review. Dr. Whitehouse is a key government witness in the criminal case and a PI expert.

(g) 02/09/06    DEM    5.00    ..............; review portions of congressional debate re asbestos bill (.5);...............

(h) 02/09/06    MSU    7.50    ...........; research re congressional hearing (2.0);...........

The two time entries set forth above again represent time spent reviewing and analyzing the Congressional debate over the Fair Act.

(i) 02/09/06    MAC    6.80    ..............;  prepare  medical  articles  re Whitehouse memorandum for attorney review (2.3);..................

The 2.3 hour time entry set forth above is for time spent creating exhibits to a legal memorandum relating to issues surrounding Dr. Whitehouse.  This time is unrelated to legislative review.

(j) 02/09/06    SAR    9.00    Search  and  review  articles  pertaining  to  asbestos bill (1.0);..........

(k) 02/10/06    SAR    11.00    Search  and  review  articles  pertaining  to  asbestos bill (1.0);........

(l) 02/13/06    SAR    7.50    Search  and  review  articles  pertaining  to  asbestos bill (1.0);..........

The three time entries set forth above are for time spent reviewing materials related to the Fair Act, bringing the total Fair Act review time to 15.5 hours.

(m) 03/1/06    ECZ    8.50    .........; research legislative issues (2.0).

(n) 03/1/06    Legis    3.00    Legislative Research

(o) 03/6/06    Legis    1.00    Legislative Research

Mr. Zoldan's time listed under item (m) above was spent performing a state asbestos legislation survey – unrelated to the FAIR Act – surveying various states' legislative rules regarding limits on the bringing of asbestos-related lawsuits.  Items (n) and (o) show time spent by K&E research librarians conducting additional research necessary to that survey.

(p) 3/8/06    DEM    4.00    .........; review relevant portions of congressional hearings (1.0);...........

(q) 3/8/06    ACB    4.80    .........; review congressional hearing re screening and diagnostic methods (1.0);................

(r) 3/8/06      MAC   9.50      .........; attend legislative hearing (5.9); review notes, upload materials and download transcript material re same (1.0); prepare summary re same (.9).

(s) 3/8/06      Legis   1.50              Legislative Research

      The four entries listed above were for time spent reviewing the Congressional hearings relating to Congress' investigation into fraud in medical screening for asbestos- and silica-related diseases, and analyzing the effects of that investigation on the Debtors' case.  K&E spent a total of 11.3 hours on this project in the Interim Period.

(t) 3/24/2006  Evan C Zoldan            7.50      ............; prepare asbestos legislation survey (3.0).

(u) 3/29/2006  Lib Legislative Research      3.50    Legislative Research

      These final two entries again represent time spent by Mr. Zoldan and K&E's research librarians in researching and preparing the state asbestos legislation survey referred to in item (m) above.  Thus, the total time spent on this survey amounted to 12.5 hours.

Response Exhibit 4

1.      Time Entry Discrepancies (¶ 6)

        The Report noted twelve time entries throughout the fee application in which the fee totals did not match the parenthetical entries.  The Report asks that K&E examine each of those entries and respond as to whether these discrepancies represent accidental oversights and should therefore be deducted from the fee total.

        First, we would like to apologize for the number of these discrepancies.  With a fee application this large, checking and double-checking the entries can get overwhelming. However, I understand that we have now installed a better computer program that will hopefully eliminate these types of mistakes in the future. Below, each of the twelve questioned time entries is set forth, in regular text.  Any portion of a time entry incorrectly recorded is in **bold text** within the entries below.  K&E's response to each of the questioned time entries is set forth immediately below each such entry, *in italic text*.

(a) 1/24/2006   Lauren DeVault      **9.90**     Update correspondence database (3.6); update motion status chart (3.3); conference with K. Phillips re critical dates list (.4); update critical dates list (1.7).

        *The 9.9 hours was entered in error, and only 9.0 hours of Ms. DeVault's time  on January 24ᵗʰ should have been billed to Grace.  Therefore, K&E agrees that $126.00 (.9 x $140) should be deducted from the Fee Application.*

(b) 1/3/2006   David E Mendelson    5.60     Prepare for conference with B. Harding re case and project status and strategy issues (1.2); conference re same (**1.0**); review and edit amended CMO (.4); conference with A. Basta re discovery issues (.5); correspond with B. Harding re discovery issues (.2); prepare discovery letters (.5); correspondence with various K&E counsel re production of certain protocols (.3); review exhibits to determine need for production (.5).

        *Mr. Mendelson's time billed to Grace on January 3ʳᵈ is correct at 5.6 hours.  His time spent in conference with Barbara Harding should have been recorded as 2.0 hours instead of 1.0 hour. This was a typographical error that occurred in the preparation of the Fee Application.  Therefore, the 5.6 hour time total, and the related fee in the Fee Application, is correct.*

(c) 1/4/2006   David E Mendelson    **4.90**     Review and draft outline of response to motion to quash Ballard (1.1); review and edit draft letters re subpoena (1.0); conference with M. Taylor re

response to motion to quash (.5); draft letter to Court
re discovery schedule (.8).

     *The 4.9 hours was entered in error, and only3.4 hours of Mr. Mendelson's time on January*
*4th should have been billed to Grace.  Therefore, K&E agrees that $682.50 (1.5  x $455) should be*
*deducted from the Fee Application.*

| (d) 1/6/2006 | Salvatore F Bianca | **8.90** | Address contribution and indemnification claim issues re asbestos PI actions (2.3); draft summary re same (1.2); correspondence re same (.6); prepare agenda and compilation of documents to send to Court re PD Claims hearing on Jan 24-26, 2006 (2.3); conference with J. Baer re PD objection notice issues (.3); revise PD claims objection notice and schedules thereto (.5); coordinate filing and distribution re same (.3); review brief re publication notice in bar date program (.4). |
|---|---|---|---|

     *The 8.9 hours was entered in error, and only 7.9 hours of Mr. Bianca's time on January 6th*
*should have been billed to Grace.  Therefore, K&E agrees that $480.00 (1.0 x $480) should be*
*deducted from the Fee Application.*

| (e) 1/9/2006 | David E Mendelson | **7.80** | Conference with  G.  Washburn re communication protocols  (.5);  prepare for team conference (1.6); conference re same (1.2); prepare and edit draft discovery response (.5); conference with E. Zoldan re opposition to Ballard motion to quash (.4); conference and correspond with B. Harding and others re issues with BNSF (.9); conference with S. Bianca re same (.4); review response to BNSF motion to clarify (.5); correspond  and  conference  re  questionnaires  (.3); conference with J. O'Quinn re research (.3). |
|---|---|---|---|

     *The 7.8 hours was entered in error, and only 6.6 hours of Mr. Mendelson's time on January*
*9th should have been billed to Grace.  Therefore, K&E agrees that $546.00 (1.2 x $455) should be*
*deducted from the Fee Application.*

| (f) 1/10/2006 | Brian T Stansbury | 9.50 | Conference  with  E.  Zoldan and USG counsel re opposition to motion to quash (.5); revise same (2.5); conference  with  expert re expert meeting (.2); correspond with B. Harding re opposition (.2); provide experts with relevant literature (.2); research for  authority  related  to  privilege  assertion (1.5); provide D. Mendelson with background information |
|---|---|---|---|

on mediator (.2); review expert reports (1.8); correspond with D. Kuchinsky re expert conferences (.1); correspond with J. Hughes re expert meetings (.1); **review relevant case law (.1);** review motion to quash served on USG (.8); analyze Helsinki criteria (.4).

*The 9.5 hour total for Mr. Stansbury's time on January 10th is correct, and the related fee was properly billed to the estate. The .1 hour marked as being spent on "review relevant case law" should have been recorded as 1.0 hour, which causes the parenthetical entries to add up to the indicated 9.5 hours.*

(g) 1/12/2006  Brian T Stansbury      **5.10**      Revise discovery responses (.6); conference with expert consultant re responses to questionnaire (.4); conference with expert re expert conference (.2); prepare for expert conference (.8); revise discovery responses (.4); conference with expert re documents (.3); revise deposition outline (1.8); assist B. Harding in preparing for conference (.3).

*The 5.1 hours was entered in error, and only 4.8 hours of Mr. Stansbury's time on January 12th should have been billed to Grace. Therefore, K&E agrees that $109.50 (.3 x $355) should be deducted from the Fee Application.*

(h) 1/30/2006  Dawn D Marchant      **7.20**      Conference with M. Browdy re PD issues (1.0); research materials re occupational exposures (4.1); review and edit fact witness disclosures (.2); prepare for conference with PI team (.4); conference with PI team (1.2); conference with B. Harding and expert re expert conference (.1).

*The 7.2 hours was entered in error, and only 7.0 hours of Ms. Marchant's time on January 30th should have been billed to Grace. Therefore, K&E agrees that $109.50 (.2 x $510) should be deducted from the Fee Application.*

(i) 1/3/2006   William B Jacobson    10.00        Review and revise letter to T. Calcagni (2.3); confer with R. Marriam (.2); review C. Landau memo (.2); **review motion and subpoenas and confer with K. Clark re same (.7);** review expert witness material (1.7); review recent media (.4); confer re same with counsel (.5); conference with S. Spivack and D. Roth re exhibits (1.8); conference with S. Spivack re other issues (.2); conference with M. Grummer (.2);

conference with A. Klapper (.2); conference with
witness (.2).

*The 10.0 hour total for Mr. Jacobson's time on January 3rd is correct, and the related fee was
properly billed to the estate. The .7 hour marked as being spent on "review motion and subpoenas
and confer with K. Clark re same" should have been recorded as "review motion and subpoenas
(1.4); confer with K. Clark re same (.7)", which causes the parenthetical entries to add up to the
indicated 9.5 hours.*

(j) 1/19/2006  Tyler D Mace        **8.50**     Conferences with defense counsel (2.5); review
                                                government document production (3.6); conference
                                                with government attorneys (.9); conference with
                                                vendor (.5).

*The 8.5 hours was entered in error, and only 7.5 hours of Mr. Mace's time on January 19th
should have been billed to Grace. Therefore, K&E agrees that $315.00 (1 x $315) should be
deducted from the Fee Application.*

(k) 1/23/2006  Tyler D Mace        **8.70**     Review privileged documents (3.2); conference with
                                                counsel re exposure data (.9); conference with
                                                graphics consultant (.5); conference with joint defense
                                                counsel (.5); conference with civil counsel (.4); confer
                                                with paralegals re discovery issues (.4); correspond
                                                with joint defense (1.4); coordinate witness interviews
                                                (.5).

*The 8.7 hours was entered in error, and only 7.8 hours of Mr. Mace's time on January 23rd
should have been billed to Grace. Therefore, K&E agrees that $283.50 (.9 x $315) should be
deducted from the Fee Application.*

(l) 1/25/2006  Terrell D Stansbury  **7.50**    Update case files (3.5); prepare logistics re trial
                                                database (1.5); update expert material (1.5).

*The 7.5 hours was entered in error, and only 6.5 hours of Ms. Stansbury's time on January
25th should have been billed to Grace. Therefore, K&E agrees that $180.00 (1 x $180) should be
deducted from the Fee Application.*

Response Exhibit 5

1.      Hotel Expenses (¶ 7)

The Initial Report identifies six hotel expenses with respect to which the Fee Auditor requests an explanation of why the expense should not be considered excessive.  Each is set forth below, followed by the requested explanation:

1/17/2006    308.95    Terrell Stansbury, Hotel, Denver, CO, 01/17/06, (Document Production)

1/17/2006    308.95    Tyler Mace, Hotel, Denver, CO, 01/17/06, (Document Production)

1/18/2006    308.95    Terrell Stansbury, Hotel, Denver, CO, 01/17/06, (Document Production)

1/18/2006    308.95    Tyler Mace, Hotel, Denver, CO, 01/17/06, (Document Production)

Mr. Mace and Ms. Stansbury incurred the above four hotel expenses on a trip to Denver for the purposes of conducting a document production.  The nightly hotel room rate was $269.00 and the room tax was $39.95 (see the attached receipts).  This was the best available rate at the time of the hotel booking.  However, in accord with the fee auditor's recommended hotel room rate expense ceiling of $250.00 per night, K&E agrees that $19.00 per person per night should be deducted from the Fee Application, for a total deduction of $76.00.

3/22/2006    433.96    Renee Smith, Hotel, Washington, DC, 03/22/06, (Expert Witness Conference)

3/23/2006    433.96 Renee Smith, Hotel, Washington, DC, 03/22/06, (Expert Witness Conference)

The per-night hotel room rate at the Willard Hotel, where Ms. Smith stayed on this 2-night trip to Washington, D.C., was $379.00, and the per-night room tax was $54.96 (see the attached receipts).  Though this was the best available rate at that time, given the recommended room rate expense ceiling of $300.00 per night in Washington, D.C., K&E agrees that $79.00 per night should be deducted from the Fee Application, for a total deduction of $158.00

Response Exhibit 6

1.    Travel Meal Expenses (¶ 8)

The Initial Report identifies two travel meal expenses with respect to which it requests the number of diners and the type of meal.  Each of these expenses is set forth below, followed by the requested information:

2/13/2006   182.00    Tyler Mace, Travel Meal with Others, Missoula, MT, 02/13/06, (Court Hearing)

This meal expense was for dinner for five individuals: Mr. Mace, Mr. Urgenson, Mr. Jacobson and two expert witnesses.  Thus, the per-person meal expense was $36.40, below the recommended per-person dinner ceiling expense, and so is properly chargeable to the estate

2/15/2006    89.00    Laurence Urgenson, Travel Meal with Others, Missoula, MT, 02/15/06, (Court Hearing)

This meal was for breakfast for five individuals: Mr. Urgenson, Mr. Mace, Mr. Jacobson, and Grace in-house counsel Richard Sentftleben and Kathy Lawson.  Thus, the per-person meal expense was $17.80.  Since this amount exceeds the recommended ceiling of $15.00 per person for breakfast, K&E agrees that the sum of $13.00 should be deducted from the fee application.