# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JFK) |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF KATHLEEN A. FARINAS

1. I declare under penalty of perjury that the following is a true and accurate statement of the facts as known to me. I have personal knowledge of the facts and matters contained herein.

2. My name is Kathleen A. Farinas. I am an attorney practicing law in the State of Indiana with the firm of George & Sipes. The firm of George & Sipes represents ceratin individuals with asbestos personal injury claims against the Debtor, W. R. Grace, et al. In my capacity as one of the attorneys supervising the claims department at George & Sipes, I am familiar with the time, expense and manpower requirements necessary to respond to discovery in asbestos litigation and bankruptcy claims processes.

3. George & Sipes received approximately 312 Claimant Questionnaires from W.R. Grace, of which 2 were duplicates. George & Sipes also received 1 Claimant Questionnaire from another law firm that was mistakenly sent to their office for a George & Sipes claimant. Of the total 311 Questionnaires, 194 questionnaires received by George & Sipes were forwarded to the co-counsel on the case for completion as the product identification for those claimants is not located at our office. Of the remaining 117 Questionnaires, 111 were submitted to W.R. Grace on July 5, 2006. The remaining 6 claimants withdrew their claim under the W.R. Grace Trust for various reasons.

4. Due to the form of the questionnaire, the nature of the questions, the restrictions mandating the completion of the questionnaires it took members of our staff and attorneys approximately 55 hours to complete the general portions of the questionnaire requiring biographical and personal representative information; 111 hours to complete and review the medial portions of the questionnaire; 222 hours to complete the product and jobsite information; 80 hours gathering documentation and copying the same; 55 hours processing the questionnaires to the clients for signature,

processing the return and submission of the same; and 15 hours responding to client calls regarding the questionnaires. In completing the questionnaires in the manner in which George & Sipes did we utilized approximately 538 staffing hours including both support staff and attorney time.

5. George & Sipes responded to the questionnaires by completing to the best of our staff and clients' abilities those questions posed. Numerous questions lend themselves to providing attached documentation in lieu of a written narrative response simply restating the same information located in the attached documents. It is estimated that if not allowed to attach responsive documents as allowed and provided for in the traditional discovery practice, the completion of the questionnaire in the manner proposed by the Debtor would require and additional 6 hours per claimant questionnaire of support staff time and an additional 1-2 hours per questionnaire for final attorney review.

6. Should this Court require completion of the questionnaires in the manner described by the Debtor, based on the staffing limitations of our office, other litigation deadlines, and upcoming trials in active asbestos cases, George & Sipes would be limited to two paralegals and one attorney to complete the claimant questionnaires. I am the attorney who would be assigned to this project and am also assigned to all other upcoming and newly opened bankruptcy claims processes demanding my equal attention. Using the estimates above for the completion of the questionnaires, it will take over eight weeks using two paralegals full-time, and an additional two weeks for attorney review. This does not include time necessary to resubmit the questionnaire to the clients for additional review and approval prior to re-submission. Using these numbers, even if we assigned this task to our staff on September 11, 2006 the project could not logically be completed until after the Thanksgiving holiday.

7. In addition to the time and cost concerns involved in the completion of the questionnaires in the manner prescribed by the Debtor, there remain serious concerns over the content of many of the questions concerning evidence of exposure to other asbestos products and disposition of defendants and other claims settled or resolved in each claimants' case. There are serious concerns of confidentiality and privilege that surround many of the questions posed that are in conflict with both State and Federal law.

8. Based upon the practice of the Courts in our jurisdiction, we would never be required to respond to discovery in such a manner that is overly burdensome for the claimant for the sole convenience of the opposing party. The acceptable response of attaching documentation when given proper reference to the attachment is widely accepted in our jurisdiction.

So Declared, on this the 8th day of September, 2006.    _____
Kathleen A. Farinas