IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
|  | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | Hearing Date: September 25, 2006 @ 2:00 p.m. |
| Debtors. | ) | Response Deadline: September 14, 2006 @ 12 noon |
|  | ) |  |
|  | ) | Re: Docket No. 13120 |
|  | ) |  |

**OBJECTIONS OF PROPERTY DAMAGE
CLAIMANTS REPRESENTED BY DIES & HILE, L.L.P.
TO THE AUGUST 31, 2006 CASE MANAGEMENT ORDER**

In accordance with the Court's Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims dated August 31, 2006 (the "CMO"), the Property Damage Claimants Represented by Dies & Hile, L.L.P. (the "D&H PD Claimants")[1] file these objections to the CMO.

---

[1] The Asbestos Property Damage Claimants represented by the law firm of Dies & Hile, L.L.P., on whose behalf these objections are served, include the following: State of Arizona, Claim Numbers 12721,12692, 12693, 12699, 12694, 12695, 12696, 12697,12720, and 12698; State of Arkansas, Claim Numbers 12685, 12691, 12688, 12689, 12686, 12678, 12736, 12737, 12680, 12676, 12677, 12732, 12733, 12734, 12735, 12731, 12730, 12679, 12675, 12719, 12727, 12723, 12718, 12714, 12725, 12712, 12711, 12729, 12728, 12717, 12715, 12713, 12702, 12726, 12724, 12722, 12716, 12701, 12690, 12687, 12674, 12673, and 12672, ; State of Connecticut, Claim Numbers 12682, 12681, and 12683; State of Oklahoma, Claim Numbers 6953, 6954, 6955, 6956, 5589, 5588, 6957, 6958, 6959, 6960, 6961, 6962, 6963, 6964, 6965, 5587, 6966, 5591, 6967, 5590, 5592, and 8016; City of Amarillo, Texas, Claim Numbers 5661 and 5656; City of Houston, Texas, Claim Numbers 6968 and 6969; Coleman Housing Authority, Claim Number 5658; El Paso County, Texas, Claim Number 5657; Harlingen Housing Authority, Claim Number 5659; Sabine River Authority of Texas, Claim Number 5660; City of Phoenix, Arizona, Claim Numbers 5654, 5663, 5652, 5655, 6102, 5651, and 6065; City of Tucson, Arizona, Claim Numbers 5650, 5649, 5646, 5648, 5647, 5645, and 5644; Maricopa County, Arizona, Claim Numbers 6073, 6067, 6074, 6068, 6071, 6069, 6072, and 6070; Cook County, Illinois, Claim Number 12684; City of Eugene, Oregon, Claim Number 5670; State of Oregon Board of Higher Education colleges and universities (including Eastern Oregon University, Claim Number 6066; Oregon State University, Claim Numbers 5674, 5673, 5679, and 5678; Portland State University, Claim Numbers 5677, 5676, 5675, 5686, 5685, 5684, and 5683; Southern Oregon University, Claim Numbers 5682, 5681, and 5680; University of Oregon, Claim Numbers 5671, 5660, 5669, 5663, 5668, 5664, 5665, 5667, and 5662; Western Oregon University, Claim Number 5687); Oregon Health and Science University, Claim Number 8017; Six Hundred Building, Ltd., Claim Number 5689; BNC Forum LP Texas Limited Partnership, Claim Number 5688; EPEC Realty, Inc., Claim Number 5593; Scott & White Memorial Hospital, Claim Number 13965; and The County of Orange, Texas, as Class Representative, Claim Number 12700.

I.

On August 31, 2006, the Court entered the CMO, which provides in part:

10.   Objections to the Schedule set forth in this Order must be filed and served by September 14, 2006, at 12:00 noon, Eastern Time. If any such objections are filed and served, they will be heard on September 25, 2006, at 2:00 p.m., Eastern Time, in Wilmington, Delaware.

Pursuant to this provision, D&H PD Claimants submit their objections to the schedule regarding: 1) the Methodology Issue; 2) W.R. Grace's Objections asserted in the Fifteenth Omnibus Objection, including motions for summary judgment; and 3) motions to dismiss or motions for summary judgments regarding lack of hazard.

II.

**Methodology Issue**

The D&H PD Claimants have no objection to the dates that the Court has set with regard to the Methodology hearing, or to the discovery schedule.

However, there continues to be a lack of clarity as to just what the purpose of such a trial is. While Debtors apparently seek to limit the evidence available to PD Claimants to a narrow range of proof and thereby further their "gateway objections" to disallow PD claims which do not demonstrate the type of proof Debtors have fabricated as the sole requirement, such a construction of the requirements of proof would abandon the principle that PD Claimants' claims are to be determined by applicable state law. Specifically and as more fully discussed in Paragraph IV below, Debtors' so-called "lack of hazard" objection is not a "gateway" objection of any sort, but rather is simply yet another iteration of Debtors' long-standing litigation affirmative defense to the effect that asbestos disease only occurs at very "high" levels of exposure over many years. Although this position has been overwhelmingly and repeatedly rejected by courts and all major public health organizations, Debtors have now repacked this

worn out argument and would seek to have the Court disallow otherwise viable state law <u>property damage</u> asbestos claims in a process which imposes this incorrect and erroneous standard. To the extent that the Court may adopt the Methodology schedule and trial to be used as a process in furtherance of Debtors' flawed position, the D&H PD Claimants continue to object to such process and would show that their claims are valid and viable causes of action under their applicable state laws.[2]

III.

### Adjudication of Product Identification and Limitations Issues

**A.     March 19, 2007. Deadline for Filing Responses to Motions for Summary Judgment or to Dismiss Regarding Product Identification and Limitations.**

Claimants object to the March 19, 2007 deadline for filing responses to motions for summary judgment or to dismiss regarding product identification and limitations. The proposed schedule allows the Debtors over five and one-half months to prepare and file their motions for summary judgment or to dismiss. If Debtors file motions on the last day allowed by the Scheduling Order, Claimants will only have ten days in which to respond. The Court could address this concern by either moving the date for the deadline to file the motions for summary judgment to February 16, 2007, or, if necessary, moving the hearing date back to allow for such thirty-day period for filing a response.

**B.     April 9, 2007. Hearing on Motions for Summary Judgment Regarding Product Identification, Limitations Periods, and the *Libby* Issues.**

If the D&H PD Claimants are given a reasonable period in which to respond to Debtors' motions for summary judgment or to dismiss, the proposed date for the hearing on the motions for summary judgment, which currently is April 9, 2007, will need to be moved to a later date,

---

[2] *See In re: W.R. Grace & Co., et al., Debtors*, Case No. 01-01139 (JKF) Jointly Administered, Transcript of Proceedings, August 21, 2006, remarks of D&H Counsel at pp. 94 – 103.

which will allow for Claimants to have thirty days in which to respond and time for replies, and such additional time for the Court to adequately review the motions for summary judgment, responses and briefs. On the other hand, the current hearing date could be maintained by moving the deadline for filing of motions for summary judgment or to dismiss forward to February 16, 2007.

C.  **April 23 – 25, 2007.  Hearing on Product Identification and Limitations Objections asserted in Debtors' Fifteenth Omnibus Objection.**

The schedule currently provides that certain objections to PD Claims regarding product identification and limitations (specifically C-1 through C-4; D-1 through D-6; F-1; F-4; and F-5) be heard on April 23, 24 and 25, 2007.  The D&H PD Claimants believe that the building-specific nature of the objections asserted by Debtors will make it impossible to resolve all of these claims within three days.  The D&H PD Claimants have primarily based their product identification of W.R. Grace's asbestos-containing materials on analyses of bulk samples obtained from buildings in issue, and this may necessitate sample-by-sample analysis and expert testimony regarding the constituents in each sample in comparison to formulas for the products in issue.  The Court should set aside at least seven to ten days in which to hear Debtors' objections to the D&H PD Claimants' claims regarding product identification and limitations.

IV.

A.  **April 20, 2007.  Deadline for Filing Responses to Motions for Summary Judgment or to Dismiss Regarding "Lack of Hazard."**

The D&H PD Claimants object to the April 20, 2007 deadline for filing responses to motions for summary judgment or to dismiss regarding lack of hazard.  The proposed schedule will allow the Debtors over seven and one-half months to prepare and file their motions for summary judgment or to dismiss.  If Debtors file motions on the last day allowed by the Scheduling Order, the D&H PD Claimants will only have ten days in which to respond.  In light

of the time allowed by Debtors to file these motions, Claimants should have at a minimum thirty days in which to respond to such. The Court could address this concern in the same manner as suggested with regard to the limitations and product identification motions for summary judgment or to dismiss. The deadline for filing such motion could be moved forward to March 20, 2007, to have at least thirty days in which to respond, or the hearing date could be moved back so as to allow for the thirty days in which to respond.

**B.    May 30 and 31, 2007. Hearing Regarding "Lack of Hazard."**

The D&H PD Claimants' claims are founded on mature tort causes of action under the applicable laws of the state where these claims arise. Property damage asbestos cases have been a fixture in the jurisprudence of this country for over twenty-five years. Indeed, Debtors paid almost nine hundred million dollars in settlement of PD cases, more than they paid even in settlement of bodily injury asbestos cases through approximately 1998. These property damage causes of action involve legal and evidentiary tort issues and evidence that have been tried in many cases. Such evidence is usually complex and lengthy. Even Debtors recognized as such in their moving papers.[3]

Despite Debtors' repeated attempts to blur the distinction between the "lack of hazard" objection and the other Gateway Objections, there is a very significant difference between such objections. In fact, neither the Court's Gateway Objections Order dated July 19, 2004, nor the Case Management Order For The Adjudication Of Asbestos Property Damage Claims Objections dated August 29, 2005 lists the "lack of hazard' issue as a Gateway Objection. The August 29, 2005 Order defines the Gateway Objections as: (i) claims with substantially incomplete Proof of Claim Forms; (ii) claims that contain materially insufficient supporting

---

[3] *See* Motion For A Scheduling Order Regarding Certain Of The Debtors' Fifteenth Omnibus Objections To PD Claims (Substantive), June 19, 2006, at p. 7: "As noted in the Debtors' brief in support of a PD CMO, these types of objections implicate <u>more complex evidentiary issues</u> than the simple objections teed up to date." (Emphasis added.)

information; (iii) claims that fail to include any product identification information; (iv) claims that are barred by applicable statutes of limitations or repose; (v) claims that are barred by laches; and (vi) claims that are barred by prior settlements.

Despite this fact, Debtors have repeatedly described "lack of hazard" as a Gateway Objection and urged the Court to adopt a summary process to adjudicate such objections. Debtors' "lack of hazard" objection is totally dependent upon the fabricated and incorrect requirement advanced by Debtors. The truth of the matter is that if the Court applies the applicable state law principles to determine the viability of the D&H PD Claimants' Claims, which it must, the Debtors are in essence urging that this Court undertake a trial of the liability issues. Such a process will be far more complex and lengthy than has been represented by Debtors.

The schedule currently provides that Debtors' objections to PD Claims regarding lack of hazard (specifically E-1 through E-4 and F-5) be heard on May 30 and 31, 2007. This date would have to be moved back some to allow Claimants the additional time to respond to the motion for summary judgment, the hearing thereon, and for the Court to rule or, as previously suggested, the deadline for filing motions for summary judgment and/or to dismiss could be moved forward in order to allow Claimants thirty days to respond; thus maintaining the current hearing date. Additionally, the D&H PD Claimants believe that the building-specific nature of the objections raised by Debtors will make it impossible to resolve all of these claims within two days. The D&H PD Claimants will be prepared to demonstrate by evidence that they have suffered an actionable asbestos property damage tort injury for each of the buildings which they have filed claims. This evidence may vary from building to building and will be based on an individual, case-by-case factual inquiry. Moreover, there will be a number of factors, all of

which are relevant to determining whether Debtors' asbestos-containing surface treatment materials pose a potential hazard to building occupants during normal and foreseeable building activities. The D&H PD Claimants believe that it will take, at the very minimum, ten days to two weeks in which to hear these issues regarding their claims.

## PRAYER

The D&H PD Claimants pray that the Scheduling Order adopted by the Court in its CMO be revised as follows:

1. that the deadline for filing responses to motions for summary judgment or to dismiss regarding product identification and/or limitations be moved forward to February 16, 2007 or moved back thirty days to April 19, 2007, thus necessitating that the hearing date also be moved back;

2. that the deadline for filing responses to motions for summary judgment or to dismiss regarding "lack of hazard" objection be moved to March 20, 2007, or moved back thirty days to May 20, 2007, which would require the hearing date to be moved back;

3. that the Court allow sufficient time for the hearing on Debtors' objections to product identification and limitations to the D&H PD Claimants' claims, which, at a minimum, should be seven to ten days;

4. that the Court allow sufficient time for the hearing on Debtors' objections on "lack of hazard" objection to the D&H PD Claimants' claims, which, at a minimum, should be ten days to two weeks; and

5. that any determination with regard to "lack of hazard" be strictly in accordance with the applicable state laws which govern the D&H PD Claimants' claims.

DATED: September 14, 2006

Christopher D. Loizides (Bar No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
Email: loizides@loizides.com

-- and --

Martin W. Dies
DIES & HILE, L.L.P.
1009 Green Avenue
Orange, TX  77630
Telephone:    (409) 883-4394
Facsimile:     (409) 883-8414

*Co-Counsel for the Governmental Creditors*