IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: September 25, 2006 @ 2:00 p.m.** |
| Debtors. | ) | **Response Deadline: September 14, 2006 @ 12:00 noon** |
| | ) | |

**Re: Docket No. 13120**

### OBJECTIONS OF LOUISIANA PROPERTY DAMAGE CLAIMANTS TO THE AUGUST 13, 2006 CASE MANAGEMENT ORDER

In accordance with the Court's Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims dated August 31, 2006 (the "CMO"), the Louisiana Property Damage Claimants (the "Louisiana PD Claimants")[1] file these objections to the CMO.

I.

On August 31, 2006, the Court entered the CMO, which provides in part:

10.     Objections to the Schedule set forth in this Order must be filed and served by September 14, 2006, at 12:00 noon, Eastern Time.  If any such objections are filed and served, they will be heard on September 25, 2006, at 2:00 p.m., Eastern Time, in Wilmington, Delaware.

---

[1] The Louisiana Property Damage Claimants on whose behalf these objections are served, include the following: Lafourche Parish School Board, Claim Numbers 8018, 8019, 8020, 8021, 8022, and 8023; St. Martin Parish School Board, Claim Numbers 8024 and 8031; Jefferson Parish School Board, Claim Numbers 8025, 8026, 8164, 8165, 8166, 8167, 8168, 8169, 8170, 8171, 8172, 8173, 8174, 8175, 8176, 8177, 8178, 8179, 9180, 8181, 8182, 8183, 8184, 8185, and 8186; LaSalle Parish School Board, Claim Numbers 8027 and 8028; Acadia Parish School Board, Claim Numbers 8029 and 8030; Calcasieu Parish School Board, Claim Numbers 8032, 8033, 8034, 8035, 8036, 8037, 8038, and 8039; Roman Catholic Church Archdiocese of New Orleans, Claim Numbers 8357, 8358, 8359, 8360, 8361, 8362, 8363, 8364, 8365, 8366, 8367, 8368, 8369, 8370, 8371, 8372, 8373, 8374, 8375, 8376, and 8377; Caddo Parish School Board, Claim Numbers 10631, 10632, 10633, 10634, 10635, 10636, 10637, 10638, 10639, 10640, 10641, 10642, 10643, 10644, 10645, 10646, and 10647; Lafayette Parish School Board, Claim Numbers 11285, 11286, 11287, 11288, 11289, 11290, 11291, 11292, 11293, 11294, 11295, 11296, and 11297; Natchitoches Parish School Board, Claim Numbers 11326, 11327, 11328, 11329, and 11330; and East Baton Rouge Parish School Board, Claim Numbers 12651, 12652, 12653, 12654, 12655, 12656, 12657, 12658, 12659, 12660, 12661, 12662, 12663, 12664, 12665, 12666, 12667, 12668, and 12669.

Pursuant to this provision, the Louisiana PD Claimants submit their objections to the schedule regarding:   1) the Methodology Issue; 2) W.R. Grace's Objections asserted in the Fifteenth Omnibus Objection, including motions for summary judgment; and 3) motions to dismiss or motions for summary judgments regarding lack of hazard.

II.

## Methodology Issue

The Louisiana PD Claimants have no objection to the dates that the Court has set with regard to the Methodology hearing, or to the discovery schedule.

However, there continues to be a lack of clarity as to just what the purpose of such a trial is. While Debtors apparently seek to limit the evidence available to PD Claimants to a narrow range of proof and thereby further their "gateway objections" to disallow PD claims which do not demonstrate the type of proof Debtors have fabricated as the sole requirement, such a construction of the requirements of proof would abandon the principle that PD Claimants' claims are to be determined by applicable state law.   Specifically and as more fully discussed in Paragraph IV below, Debtors' so-called "lack of hazard" objection is not a "gateway" objection of any sort, but rather is simply yet another iteration of Debtors' long-standing litigation affirmative defense to the effect that asbestos disease only occurs at very "high" levels of exposure over many years. Although this position has been overwhelmingly and repeatedly rejected by courts and all major public health organizations, Debtors have now repacked this worn out argument and would seek to have the Court disallow otherwise viable state law property damage asbestos claims in a process which imposes this incorrect and erroneous standard. To the extent that the Court may adopt the Methodology schedule and trial to be used as a process in furtherance of Debtors' flawed position, the Louisiana PD Claimants continue to

object to such process and would show that their claims are valid and viable causes of action under Louisiana state law.[2]

III.

### Adjudication of Product Identification and Limitations Issues

**A.      March 19, 2007. Deadline for Filing Responses to Motions for Summary Judgment or to Dismiss Regarding Product Identification and Limitations.**

The Louisiana PD Claimants object to the March 19, 2007 deadline for filing responses to motions for summary judgment or to dismiss regarding product identification and limitations. The proposed schedule allows the Debtors over five and one-half months to prepare and file their motions for summary judgment or to dismiss. If Debtors file motions on the last day allowed by the Scheduling Order, the Louisiana PD Claimants will only have ten days in which to respond. The Court could address this concern by either moving the date for the deadline to file the motions for summary judgment to February 16, 2007, or, if necessary, moving the hearing date back to allow for such thirty-day period for filing a response.

**B.      April 9, 2007. Hearing on Motions for Summary Judgment Regarding Product Identification, Limitations Periods, and the *Libby* Issues.**

If the Louisiana PD Claimants are given a reasonable period in which to respond to Debtors' motions for summary judgment or to dismiss, the proposed date for the hearing on the motions for summary judgment, which currently is April 9, 2007, will need to be moved to a later date, which will allow for the Louisiana PD Claimants to have thirty days in which to respond and time for replies, and such additional time for the Court to adequately review the motions for summary judgment, responses and briefs. On the other hand, the current hearing date

---

[2] *See In re:  W.R. Grace & Co., et al., Debtors*, Case No. 01-01139 (JKF) Jointly Administered, Transcript of Proceedings, August 21, 2006, remarks of counsel at pp. 94 – 103.

could be maintained by moving the deadline for filing of motions for summary judgment or to dismiss forward to February 16, 2007.

**C.    April 23 – 25, 2007.  Hearing on Product Identification and Limitations Objections asserted in Debtors' Fifteenth Omnibus Objection.**

The schedule currently provides that certain objections to PD Claims regarding product identification and limitations (specifically C-1 through C-4; D-1 through D-6; F-1; F-4; and F-5) be heard on April 23, 24 and 25, 2007.  The Louisiana PD Claimants believe that the building-specific nature of the objections asserted by Debtors will make it impossible to resolve all of these claims within three days.  The Louisiana PD Claimants have primarily based their product identification of W.R. Grace's asbestos-containing materials on analyses of bulk samples obtained from buildings in issue, and this may necessitate sample-by-sample analysis and expert testimony regarding the constituents in each sample in comparison to formulas for the products in issue.  The Court should set aside at least two to three weeks in which to hear Debtors' objections to the Louisiana PD Claimants' claims regarding product identification and limitations.

IV.

**A.    April 20, 2007.  Deadline for Filing Responses to Motions for Summary Judgment or to Dismiss Regarding "Lack of Hazard."**

The Louisiana PD Claimants object to the April 20, 2007 deadline for filing responses to motions for summary judgment or to dismiss regarding lack of hazard.  The proposed schedule will allow the Debtors over seven and one-half months to prepare and file their motions for summary judgment or to dismiss.  If Debtors file motions on the last day allowed by the Scheduling Order, the Louisiana PD Claimants will only have ten days in which to respond.  In light of the time allowed by Debtors to file these motions, the Louisiana PD Claimants should have at a minimum thirty days in which to respond to such.  The Court could address this

concern in the same manner as suggested with regard to the limitations and product identification motions for summary judgment or to dismiss. The deadline for filing such motion could be moved forward to March 20, 2007, to have at least thirty days in which to respond, or the hearing date could be moved back so as to allow for the thirty days in which to respond.

**B.    May 30 and 31, 2007.  Hearing Regarding "Lack of Hazard."**

The Louisiana PD Claimants' claims are founded on mature tort causes of action under the laws of the state of Louisiana.  Property damage asbestos cases have been a fixture in the jurisprudence of this country for over twenty-five years.  Indeed, Debtors paid almost nine hundred million dollars in settlement of PD cases, more than they paid even in settlement of bodily injury asbestos cases through approximately 1998. These property damage causes of action involve legal and evidentiary tort issues and evidence that have been tried in many cases. Such evidence is usually complex and lengthy.  Even Debtors recognized as such in their moving papers.[3]

Despite Debtors' repeated attempts to blur the distinction between the "lack of hazard" objection and the other Gateway Objections, there is a very significant difference between such objections. In fact, neither the Court's Gateway Objections Order dated July 19, 2004, nor the Case Management Order For The Adjudication Of Asbestos Property Damage Claims Objections dated August 29, 2005 lists the "lack of hazard' issue as a Gateway Objection. The August 29, 2005 Order defines the Gateway Objections as: (i) claims with substantially incomplete Proof of Claim Forms; (ii) claims that contain materially insufficient supporting information; (iii) claims that fail to include any product identification information; (iv) claims

---

[3] *See* Motion For A Scheduling Order Regarding Certain Of The Debtors' Fifteenth Omnibus Objections To PD Claims (Substantive), June 19, 2006, at p. 7: "As noted in the Debtors' brief in support of a PD CMO, these types of objections implicate <u>more complex evidentiary issues</u> than the simple objections teed up to date." (Emphasis added.)

that are barred by applicable statutes of limitations or repose; (v) claims that are barred by laches; and (vi) claims that are barred by prior settlements.

Despite this fact, Debtors have repeatedly described "lack of hazard" as a Gateway Objection and urged the Court to adopt a summary process to adjudicate such objections. Debtors' "lack of hazard" objection is totally dependent upon the fabricated and incorrect requirement advanced by Debtors. The truth of the matter is that if the Court applies the applicable state law principles to determine the viability of the Louisiana PD Claimants' Claims, which it must, the Debtors are in essence urging that this Court undertake a trial of the liability issues. Such a process will be far more complex and lengthy than has been represented by Debtors.

The schedule currently provides that Debtors' objections to PD Claims regarding lack of hazard (specifically E-1 through E-4 and F-5) be heard on May 30 and 31, 2007. This date would have to be moved back some to allow the Louisiana PD Claimants the additional time to respond to the motion for summary judgment, the hearing thereon, and for the Court to rule or, as previously suggested, the deadline for filing motions for summary judgment and/or to dismiss could be moved forward in order to allow the Louisiana PD Claimants thirty days to respond, thus maintaining the current hearing date. Additionally, the Louisiana PD Claimants believe that the building-specific nature of the objections raised by Debtors will make it impossible to resolve all of these claims within two days.  The Louisiana PD Claimants will be prepared to demonstrate by evidence that they have suffered an actionable asbestos property damage tort injury for each of the buildings for which they have filed claims.  This evidence may vary from building to building and will be based on an individual, case-by-case factual inquiry. Moreover, there will be a number of factors, all of which are relevant to determining whether Debtors'

asbestos-containing surface treatment materials pose a potential hazard to building occupants during normal and foreseeable building activities. The Louisiana PD Claimants believe that it will take, at the very minimum, two to three weeks in which to hear these issues regarding their claims.

## **PRAYER**

The Louisiana PD Claimants pray that the Scheduling Order adopted by the Court in its CMO be revised as follows:

1.    that the deadline for filing responses to motions for summary judgment or to dismiss regarding product identification and/or limitations be moved forward to February 16, 2007 or moved back thirty days to April 19, 2007, thus necessitating that the hearing date also be moved back;

2.    that the deadline for filing responses to motions for summary judgment or to dismiss regarding "lack of hazard" objection be moved to March 20, 2007, or moved back thirty days to May 20, 2007, which would require the hearing date to be moved back;

3.    that the Court allow sufficient time for the hearing on Debtors' objections to product identification and limitations to the Louisiana PD Claimants' claims, which, at a minimum, should be two to three weeks;

4.    that the Court allow sufficient time for the hearing on Debtors' objections on the "lack of hazard" objection to the Louisiana PD Claimants' claims, which, at a minimum, should be two to three weeks; and

5.    that any determination with regard to "lack of hazard" be strictly in accordance with the applicable state laws which govern the Louisiana PD Claimants' claims.

Christopher D. Loizides (Bar No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:     (302) 654-0248
Facsimile:     (302) 654-0728
Email:         loizides@loizides.com

-- and --

Jack Grant
GRANT & BARROW
238 Huey P. Long Avenue
Gretna, LA  70053
Telephone:     (504) 368-7888
Facsimile:     (504) 368-7263
Email:         jgrant@grantbarrow.com

*General Counsel for Lafourche Parish School
Board and Jefferson Parish School Board*

Robert C. McCall
BAGGETT, MCCALL, BURGESS, WATSON
  & GAUGHAN
3006 Country Club Road
Lake Charles, LA  70606-7820
Telephone:     (337) 478-8888
Facsimile:     (337) 478-8946

*General Counsel for Lafayette Parish School
Board, Calcasieu Parish School Board, Acadia
Parish School Board, LaSalle Parish School Board,
and St. Martin Parish School Board*

Ken Sills
HAMMONDS & SILLS
Quad One, Suite C
1111 South Foster Drive
Baton Rouge, LA  70806
Telephone:      (225) 923-3462
Facsimile:       (225) 923-0315
Email:            ksills@hamsil.com

*General Counsel for East Baton Rouge Parish
School Board and Natchitoches Parish School
Board*

Richard A. Bordelon
DENECHAUD AND DENECHAUD, L.L.P
1010 Common Street, Suite 3010
Telephone:      (504) 522-4756
Facsimile:       (504) 568-0783
Email:            rablaw@bellsouth.net

*General Counsel for Roman Catholic Church
Archdiocese of New Orleans*

Fred H. Sutherland
Beard & Sutherland
400 Travis Street
Shreveport, LA  71101
Telephone:      (318) 676-1515
Facsimile:       (318) 676-1516

*General Counsel for Caddo Parish School Board*