IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: September 25, 2006 @ 2:00 p.m. |
| | ) | Response Deadline: September 14, 2006 @ 12 noon |
| | ) | |
| | ) | Re: Docket No. 13120 |

## OBJECTION OF PACIFIC FREEHOLDS

The above-named claimant and class members respectfully submit this objection to the Court's Order Setting Deadlines Regarding Objections to Property Damage Claims entered on August 31, 2006.

1. The above-named claimant objects to the deadlines set forth in the Court's Order which provide claimants with less than sixty (60) days to file responses to motions for

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

summary judgment. The motions for summary judgment contemplated by the Court's Order, namely motions directed to the statute of limitations and product identification (Order, ¶4) and defectiveness/lack of hazard (Order, ¶5) simply will require more than 10 days to adequately respond. This is based in part upon the fact that the Debtors' Fifteenth Omnibus Objections to Property Damage Claims does not set forth the specific legal and factual basis of the Debtors' objections with reference and citation to claim specific evidence or citation to jurisdiction specific cases, statutes or other authority. Accordingly, the claimants will have no knowledge or notice prior to the motion for summary judgment what claim specific authority and evidence the Debtors may rely on. Ten days is simply not enough time to evaluate, gather and secure counter-evidence and respond to legal arguments.

2. The above-named claimant objects to the scheduling of objections based upon the Debtors' objections that the claimant has failed to provide claim specific evidence of "hazard" or that there is a "lack of hazard" from its asbestos-containing products in specific buildings. Indeed, Debtors have objected to virtually every claim in this bankruptcy on the basis that the claimant did not provide any "proof of hazard" from the asbestos-containing building materials at issue. Remarkably, Debtors have made this claim after having prepared and requested a proof of claim form that failed to ask claimant for any evidence that the Grace asbestos-containing products were hazardous.[2]

---

[2] Perhaps more remarkably, Debtors claim that most of these same claimants who allegedly failed to prove Grace's products are hazardous, are also barred by the statute of limitations. As noted by the Eighth Circuit Court of Appeals in reversing a statute of limitations verdict, this argument is untenable.

> **Grace** argued at trial not only that the statute of limitations had run, but also that the plaintiff had suffered no injury from the **asbestos** Monokote. The arguments are inconsistent: if MDU has suffered no injury from the Monokote, then it has no cause of action--until an injury is suffered, the statute of limitations cannot begin to run.

MDU Resources Group v. W. R. Grace & Co., 14 F.3d 1274 (8th Cir.1994).

As recognized by the extensive body of case-law involving asbestos property damage cases, Debtors' asbestos-containing products do not become hazardous until they release asbestos fibers and contaminate other parts of the building. Therefore, claimant cannot suffer property damage injury until their building is contaminated by asbestos fibers released from Grace's products. City of Greenville v. W.R. Grace & Co., 827 F.2d 975, 976-78 (4th Cir.1987) (the release of toxic fibers from an asbestos-containing fireproofing product rendered the manufacturer liable for damages).

Despite the clear line of cases, nowhere in the proof of claim form do the Debtors ask the claimant about building contamination or seek evidence of asbestos fiber-release from Grace products. The Debtors are clearly prohibited from objecting to claims because the claimant failed to supply information not requested in the proof of claim form.

3. The above-named claimant objects to the Court's Order to the extent that the Court has set aside three days for an evidentiary hearing on the issue of "whether the use of surface dust sample collection and analysis is admissible in accordance with the Federal Rule of Evidence 702 to assess or establish whether the Debtors' asbestos-containing products are defective or unreasonably dangerous." (Order, ¶2). This trial is unnecessary and a waste of the Court and the claimants time and resources. Indeed, the Debtors have failed to cite a singe instance in the many property damage trials conducted against it and other asbestos-containing product manufacturers where dust sampling and analysis was excluded from evidence as scientifically unreliable. To the contrary, every Court that has considered the issue, including federal courts conducting an analysis under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) have found such evidence admissible under Rule 702, FRE.

4. The above-named claimant objects to the Court's Order to the extent that it does not require the Debtors' to specifically state the claim specific factual and legal basis for its objection to claims. While the Debtors' Fifteenth Omnibus Objection concedes that "state law applies to individual claims" (Fifteenth Omnibus Objection, ¶96) the Debtors have not, on a claim specific basis, supplied the specific factual and legal basis for these objections. Instead, the Debtors have made generalized allegations such as "virtually every state has some type of constructive notice standard in place" (Id) or have generally referred to their internal analyses or surveys of state law. In fact, claimants have found no authority and are aware of none under California state law that supports the Debtors constructive notice argument. The Debtors should be required to provide notice very early in this process to each claimant of the claim specific evidence and legal authorities the Debtors contend bar the claim. This information is necessary so that the claimants have the opportunity to gather and develop the appropriate evidence to defend against the Debtors' objections.

5. The above-named claimant objects to the Court's Order to the extent that the objection proceeding is inappropriate and a waste of the time and resources of the Court and claimants. The claimant respectfully submits that the Court should be conducting proceedings to estimate the Debtors' asbestos liabilities rather than conducting proceedings to decide the merits of each and every individual claim. Furthermore, the claimant specifically reserves all objections and arguments to the objection proceedings in this regard.

6. The above-named claimant specifically reserves their right to adopt and/or join in any other objection to the Court's Order made by any other claimant or constituency.

Respectfully submitted,

_____
Christopher D. Loizides (#3968)

4

Michael J. Joyce (#4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728 (fax)
E-mail: loizides@loizides.com


SPEIGHTS & RUNYAN
C. Alan Runyan (Fed. Id. No. 3683)
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599


THE BRANDI LAW FIRM
Thomas J. Brandi
Terrence D. Edwards
44 Montgomery Street
Suite 1050
San Francisco, CA 94104
Telephone: (415) 989-1800
Facsimile: (415) 707-2024

September 14, 2006