IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors. | ) | 9/25/06 Agenda Item No. 12 |
| | ) | Re: Docket Nos. 11413, 11520 |
| | ) | |

**DEBTORS' SUPPLEMENT TO OBJECTION TO ANDERSON MEMORIAL'S MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY**

On December 22, 2005, the law firm of Speights & Runyan filed a "Motion for Limited Relief from Automatic Stay on behalf of Anderson Memorial Hospital." The Motion requested relief from the automatic stay to allow the Speights firm to petition a South Carolina state court to unseal the record from the pre-petition *Anderson Memorial* case. Issues relating to the South Carolina proceeding have already been extensively addressed in filings submitted to this Court and hearings in January and August 2006 before this Court. As this Court recognized at the January 26 and August 21 hearings, given the status of the asbestos property damage claims ("PD Claims") pending before this Court, the only materials from the South Carolina case that are relevant to the question of whether a class of claimants with asbestos property damage claims against the Debtors should be certified in this Bankruptcy Court are the conditional and final class certification orders from the South Carolina proceeding in February 2001 and June 2001, respectively. These orders are attached to this filing. No other materials from the South Carolina court file are needed, and thus, as set forth more fully herein, the Debtors respectfully

DOCS_DE:121356.1

request that Anderson Memorial Hospital's Motion for Relief from the Automatic Stay to petition the South Carolina court be denied.

1. During the August 21, 2006 hearing, the Debtors' counsel referred to the following materials from the South Carolina proceeding and indicated that such materials would be provided to the Court:

- 2/9/2001 Conditional Order Certifying a State-Wide Class in *Anderson Memorial Hospital v. W.R. Grace & Co., et al.*, Civ. Act. No. 92-CP-25-279, Court of Common Pleas, County of Hampton, State of South Carolina (hereinafter *Anderson Memorial*) (Exhibit A hereto);

- 3/5/2001 Reply of Anderson Memorial Hospital to 2/9/01 Conditional Order (Exhibit B hereto);

- 5/7/01 Letter from South Carolina Court to Dan Speights, Directing Dan Speights to Draft a Final Order that (i) Certifies a State-Wide Class and (ii) Expressly Excludes W.R. Grace (Exhibit C hereto); and

- 6/29/01 Order Certifying a State-Wide Class as to Defendants other than W.R. Grace (Exhibit D hereto).

2. As the Court stated during the August 21 hearing, these Orders and related documents make it clear that "[t]here is no final certification as to Grace, and the conditional one at this point in time is irrelevant because it was not finally certified." (Exhibit E, Excerpts from 8/21/06 Tr. at 281:17-19).

3. Thus, there is no need to further delay resolution of the Anderson Memorial class issues by lifting the stay to obtain materials from the South Carolina court file, and the Motion should be denied for that reason alone.

4. In addition, as this Court recognized at the January 26, 2006 hearing, the posture of the PD Claims now pending before this Court is highly relevant to the class certification issue, and, distinguishes this Bankruptcy proceeding from the South Carolina case.

2

Here, as this Court has noted, there was a PD Claims bar date in March 2003, and, as a result, "we have all of the property damage claims that are ever going to be filed because there was a bar date and it's gone." (Exhibit F, Excerpts from 1/26/06 Tr. at 75:11-13.)

5. In addition, on January 26, the Court recognized that, as to the PD Claims then pending before this Court, "There are not that many claims left. I really just don't see the need for class certification in that sense." (Exhibit F, 1/26/06 Tr. at 75:22-23.)

6. At that time, in January, after numerous objections had been resolved and hundreds of PD Claims had been expunged, there were 959 pending PD Claims. (Exhibit G, Excerpts from 1/25/06 Tr. at 8.)

7. Now, as of September 15, 2006, there are 656 pending PD Claims -- 300 fewer claims than in January, when the Court recognized that, because there were not that many PD Claims still remaining in this case, the numerosity requirement for class certification purposes cannot be met.

8. Thus, it is even clearer now, in September 2006, that there is no need to lift the automatic stay to obtain access to the South Carolina *Anderson Memorial* court file -- because regardless of whatever transpired in *that* case prior to February 2001, in *this* Bankruptcy Court matter, no class can be certified because the numerosity requirement cannot be met.[1]

9. WHEREFORE, for the foregoing reasons and as set forth in the Debtors' January 10, 2006 Objection to Anderson Memorial's Motion for Limited Relief from Automatic

---

[1] For purposes of this supplemental objection to the Motion to Lift Stay, the Debtors note that Rule 23's numerosity requirement cannot be satisfied given the current posture of the PD Claims before this Court. In doing so, the Debtors do not waive each of their other objections to class certification, which have already been briefed before this Court.

3

Stay (Dkt. No. 11520), the Debtors respectfully request that Anderson Memorial's Motion for Relief from the Automatic Stay to lift the seal in the South Carolina action be denied.

Dated: September 15, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and
PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Co-Counsel for Debtors and Debtors in Possession