IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors. | ) | 9/25/06 Agenda Item No. 14 |
| | ) | Re: Docket Nos. 13120, 13222, 13223, |
| | ) | 13224, 13225, 13226, 13227 |
| | ) | |

### DEBTORS' RESPONSE TO PROPERTY DAMAGE CLAIMANTS' OBJECTIONS TO THE AUGUST 31, 2006 CASE MANAGEMENT ORDER

Despite the fact that the Debtors' counsel and Committee counsel reached agreement, on August 30, on the PD CMO dates which this Court entered on August 31, two Committee counsel now purport to object to aspects of the negotiated, agreed and entered PD CMO. Moreover, just as predicted at the August 21 hearing -- and despite this Court's express concerns -- *the PD Claimants who have objected to the CMO are the claimants represented by Speights & Runyan and Dies & Hile -- the very claimants and counsel who have had the greatest notice of and involvement in the entire PD claims adjudication process.* Their objections are nothing more than yet another effort to delay progress on the PD Claims adjudication. Their delay tactics must end now, and the objections to a schedule that the PD Committee expressly agreed to on August 30 must be rejected.

1. As this Court stated at the August 21 hearing, Speights and Dies cannot object to the schedule set forth in the CMO, and Speights and Dies agreed:

> THE COURT: Now, the gentlemen who are here, Mr. Speights and Mr. Dies, I expect that as to your clients there isn't going to be an issue about these dates, that these dates are now going to be worked out in sufficient time that you folks, for the largest body of

> claims, are not going to have an issue. If you've got a problem with that, tell me now.
>
> MR. SPEIGHTS: I understand, Your Honor. I'm prepared to go forward like you've said.
>
> THE COURT: All right, Mr. Speights indicated he is prepared to go forward. Mr. Dies?
>
> MR. DIES: Your Honor, I understand, and I'm prepared and I'll be advising our clients.

(Exhibit 1, Excerpts from 8/21/06 Tr. at 131:11-23.)

2. After the August 21 hearing, the Debtors' counsel provided a revised proposed PD CMO to the PD Committee's counsel. After multiple discussions among Debtors' counsel and Committee counsel and multiple exchanges of drafts and comments, on August 30, 2006, the Debtors filed with the Court a revised proposed PD CMO.

3. On the same day, August 30, the Committee filed an Amended Supplemental Certification of Counsel, with exhibits. Exhibit C was a schedule of dates that the Committee and the Debtors had negotiated and agreed to, as stated in the Committee's Amended Supplemental COC:

> Since the August 21, 2006 omnibus hearing, counsel to the PD Committee and the Debtors have engaged in numerous discussions and exchanges of proposed Order [sic], Notices and Schedules in an attempt to reach an agreement, as directed by the Court. The parties were successful in reaching an agreement on the Schedule that is attached hereto as Exhibit C.

(Exhibit 2, Amended Supplemental Certification of Counsel of the Official Committee and Exhibit C thereto (Docket No. 13106).)

4. Except for the March and April hearing dates, which were supplied by the Court, the agreed Schedule attached as Exhibit C to the Committee's August 30 Certification is

*precisely the same schedule that the Court entered on August 31 and to which two Committee members now purport to object.*

5. Because the Committee stated in its August 30 pleading that "the parties were successful in reaching an agreement on the Schedule that is attached hereto as Exhibit C," and because the Court expressly stated during the August 21 hearing that Speights and Dies should not object to any negotiated schedule and Speights and Dies agreed, Speights and Dies cannot now object.

6. Speights' and Dies' objections also should be rejected for these reasons:

- Neither Speights nor Dies nor any other Committee counsel *ever* raised *any* of these objections during negotiations between the Committee and the Debtors from August 21 and August 30.

- Dies now asserts that the hearing on product identification and limitations should be allotted a minimum of seven to ten days (rather than three days) and that the hearing on lack of hazard should be ten days to two weeks (rather than two days). Yet Dies voiced no such view when the Court stated, very clearly, during the August 21 hearing, that each of these hearings would be three-day and two-day hearings and did not voice this view during subsequent negotiations.

- Dies and Speights assert so-called objections with respect to the lack of hazard issue which have no bearing on the schedule or the CMO and should not be entertained by the Court at this time. Their ruminations on these topics are completely out of place in a purported objection to a schedule of dates and are not-at-all-veiled attempts at further delay and stalling.

7.  WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the Objections to the PD CMO be denied.

Dated: September 15, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Co-Counsel for Debtors and Debtors in Possession

DOCS_DE:121382.1