**EXHIBIT 1 TO CCHP MOTION**

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Todd F. Maynes, P.C.
To Call Writer Directly:
312 861-2485
tmaynes@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

April 14, 2006

**By Federal Express**

G. Robson Stewart
U.S. Department of Justice
Tax Division
Room 8118
555 Fourth St., N.W.
Washington, D.C. 20001

> Re:    CCHP, Inc. v. United States, No. 99-158T (Fed. Cl. filed Mar. 23, 1999)

Dear Mr. Stewart:

CCHP, Inc. ("CCHP") offers to settle the above-referenced case on the following basis:

1.      CCHP will pay, or cause to be paid, the sum of $13,000,000 in full satisfaction of the tax liabilities at issue in this case.

2.      The $13,000,000 is in addition to any amounts previously paid with respect to the liabilities at issue in this case and will be applied to the various liabilities included in the proofs of claim filed by the Internal Revenue Service in CCHP's and its affiliates' bankruptcy cases in the sole discretion of the Internal Revenue Service. CCHP will seek relief from the automatic stay in bankruptcy court to the extent necessary to permit the Internal Revenue Service to apply the payment. The Internal Revenue Service will withdraw the proofs of claim to the extent they relate to the tax liabilities that are the subject of this agreement.

3.      The $13,000,000 will bear interest at the statutory rate under Sections 6621(a)(2), 6621(c) and 6622 of the Internal Revenue Code beginning on the 181st day after the date this offer is accepted by the United States and will bear no interest if payment in full is made before the 181st day after the date of acceptance of this offer.

4.      On behalf of itself and all of its subsidiaries, affiliates, predecessors, successors, assigns, and other related entities, CCHP agrees not to claim an income tax deduction for the $13,000,000 payment on its or their federal income tax returns. CCHP or its subsidiaries, affiliates, predecessors, successors, assigns, and other related entities may claim an income tax deduction on its or their federal income tax returns for any interest paid pursuant to paragraph 3 above.

London          Los Angeles          Munich          New York          San Francisco          Washington, D.C.

# KIRKLAND & ELLIS LLP

G. Robson Stewart
April 14, 2006
Page 2


5.    Upon receipt of the payment, the case, including the counterclaim, will be dismissed with prejudice, the parties to bear their own costs and expenses, including any attorneys' fees.

6.    The settlement is contingent on (a) execution of each attached closing agreement, in the form attached hereto, between the Internal Revenue Service and CCHP, CC Partners, MRA Holdings Corporation, Fresenius Medical Care Holdings, Inc., GN Holdings, Inc., Sealed Air Corporation and W.R. Grace & Co. and (b) approval by the bankruptcy court of the closing agreements and (c) approval by the bankruptcy court of this settlement.

Very truly yours,

*Todd F. Maynes, P.C.*

Todd F. Maynes, P.C.

Enclosures

cc:    Elyse Filon, W.R. Grace & Co.



**U.S. Department of Justice**

**Tax Division**

*Please reply to:*   *Office of Review*
                     *Post Office Box 310*
                     *Ben Franklin Station*
                     *Washington, D.C. 20044*

EJO'C:RCM:GPMiller
154-1626
CMN: 1999140040

August 9, 2006

Todd F. Maynes, Esquire, PC
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Re:  CCHP, Inc. v. United States
     Fed. Cl. No. 99-158 T

Dear Mr. Maynes:

This refers to your offer dated April 14, 2006, to settle this case on the following terms:

1. CCHP, Inc. (CCHP), will pay, or cause to be paid, the sum of $13,000,000 in full satisfaction of the tax liabilities at issue in this case.

2. The $13,000,000 is in addition to any amounts previously paid with respect to the liabilities at issue in this case and will be applied to the various liabilities included in the proofs of claim filed by the Internal Revenue Service in CCHP's and its affiliates' bankruptcy cases in the sole discretion of the Internal Revenue Service. CCHP will seek relief from the automatic stay in bankruptcy to the extent necessary to permit the Internal Revenue Service to apply the payment. The Internal Revenue Service will withdraw the proofs of claim to the extent they relate to the tax liabilities that are the subject of this agreement.

3. The $13,000,000 will bear interest at the statutory rate under Sections 6621(a)(2), 6621(c) and 6622 of the Internal Revenue Code beginning on the 181st day after the date this offer is accepted by the United States and will bear no interest if payment in full is made before the 181st day after the date of acceptance of this offer.

4. On behalf of itself and all of its subsidiaries, affiliates, predecessors, successors, assigns, and other related entities, CCHP agrees not to claim an income tax deduction for the $13,000,000 payment on its or their federal income tax returns, except that CCHP or its subsidiaries, affiliates, predecessors, successors, assigns, and other related entities may claim an income tax deduction on its or their federal income tax returns for any interest paid pursuant to paragraph 3 above.

- 2 -

5. Upon receipt of the payment, the case, including the counterclaim, will be dismissed with prejudice, the parties to bear their own costs and expenses, including any attorneys' fees.

6. The settlement is contingent on (a) execution of each attached closing agreement, in the form attached to the offer, between the Internal Revenue Service and CCHP, CC Partners, MRA Holdings Corporation, Fresenius Medical Care Holdings, Inc., GN Holdings, Inc., Sealed Air Corporation and W.R. Grace & Co. and (b) approval by the Bankruptcy Court of the closing agreements and (c) approval by the Bankruptcy Court of this settlement.

This is to advise you that your offer has been accepted on behalf of the Attorney General. The Office of Chief Counsel, Internal Revenue Service, is being notified of this action.

Please contact our trial attorney, Mr. Stewart, to make arrangements for the implementing the terms of this settlement.

Sincerely yours,

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

By:

ROBERT C. MARKHAM
Acting Chief, Office of Review

1528447.1