IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

Hearing Date: October 23, 2006 at 2:00 p.m.
Responses Due: October 6, 2006

## DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel of record, file this Seventeenth Omnibus Objection to Claims (the "Seventeenth Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1.     This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.  The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502, 506 and 507, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

## Background

3.  On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Claims Bar Date

4.  By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

91100-001\DOCS_DE:121464.1

## The Objection And Request For Relief

5. By this Seventeenth Omnibus Objection, the Debtors seek disallowance, reclassification, or reduction, as appropriate, of the claims set forth in the exhibits attached hereto[2] for the reasons described herein and in such exhibits:

- (a) Each claim set forth as "No Liability" in <u>Exhibit A</u> attached hereto is a claim for which the Debtors have no liability according to their books and records (the "No Liability Claims") and for which the Debtors seek expungement of the claim;

- (b) Each claim set forth as "Reclassify, Reduce and Allow" in <u>Exhibit B</u> attached hereto is a claim that should be reclassified, reduced and allowed (the "Reclassify, Reduce and Allow Claims");

- (c) Each claim set forth as "Reduce and Allow" in <u>Exhibit C</u> attached hereto is a claim that should be reduced and allowed (the "Reduce and Allow Claims");

- (d) Each claim set forth as "Reclassify and Allow" in <u>Exhibit D</u> attached hereto is a claim that should be reclassified and allowed (the "Reclassify and Allow Claims");

- (e) The claim set forth as "Unliquidated" in <u>Exhibit E</u> attached hereto is a claim for which the Debtors have no liability according to their books and records, for which no dollar amount is specified by the claimant (the "Unliquidated Claims") and for which the Debtors seek expungement of the claim; and

- (f) Each claim set forth as "Insufficient Documentation" in <u>Exhibit F</u> attached hereto is a claim that has been filed with insufficient documentation to provide the Debtors with sufficient supporting information to validate such claim (the "Insufficient Documentation Claims").

---

[2] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

3

### The No Liability Claims

6. The Debtors object to the No Liability Claims listed on <u>Exhibit A</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code, because these are claims which are not enforceable against the Debtors or their property under any agreement or applicable law. In particular, the Debtors' review of their books and records indicates that they have no liability for these claims because either (a) the claimant has no relationship with the Debtors, (b) the claim is not a liability of the Debtor but an alleged liability of an unrelated, non-debtor entity, or (c) the claim has been satisfied. Therefore, the No Liability Claims set forth on <u>Exhibit A</u> should be disallowed and expunged for all purposes.

### The Reclassify, Reduce and Allow Claims

7. The Debtors object to the Reclassify, Reduce and Allow Claims pursuant to sections 502(b)(1) and 506 of the Bankruptcy Code, because these claims are filed with the wrong classification and for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reclassify, Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and the proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the classification and amount of each claim requires modification. The claims listed on <u>Exhibit B</u> have no basis for secured status and should be reclassified as general unsecured claims. Additionally, the amount of the claims listed on <u>Exhibit B</u> are overstated due to the reasons enumerated per each objection set forth on <u>Exhibit B</u>. Accordingly, the Debtors object to the Reclassify, Reduce and Allow Claims and request that the Reclassify, Reduce and Allow Claims be reclassified, reduced to and allowed in the amounts as set forth on <u>Exhibit B</u>.

91100-001\DOCS_DE:121464.1

## The Reduce and Allow Claims

8. The Debtors object to the Reduce and Allow Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are filed for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated. The amount of the claims listed on Exhibit C are overstated due to the reasons enumerated per each objection set forth on Exhibit C. Accordingly, the Debtors object to the Reduce and Allow Claims and request that the Reduce and Allow Claims be reduced to and allowed in the amounts as set forth on Exhibit C.

## The Reclassify and Allow Claims

9. The Debtors object to the Reclassify and Allow Claims pursuant to sections 502(b)(1) and 507 of the Bankruptcy Code, because these claims are filed with the wrong classification from the classification reflected on the Debtors' books and records. In evaluating the Reclassify and Allow Claims, the Debtors have thoroughly reviewed their books and records and the proofs of claim, as well as the supporting documentation provided by the claimant, and have determined that the classification of the claims requires modification. The claims listed on Exhibit D have no basis for priority under section 507(a) of the Bankruptcy Code and should be reclassified as general unsecured claims. Accordingly, the Debtors object to the Reclassify and Allow Claims and request that the Reclassify and Allow Claims be reclassified and allowed in the amounts as set forth on Exhibit D.

91100-001\DOCS_DE:121464.1

### Unliquidated Claims

10. The Debtors object to the Unliquidated Claim listed on <u>Exhibit E</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code. The claim listed on <u>Exhibit E</u> is also listed on <u>Exhibit A</u> because the Debtors' books and records indicate that there is no liability to the claimant for this claim. Therefore, the Unliquidated Claim set forth on <u>Exhibit E</u> should be disallowed and expunged for all purposes.

### Insufficient Documentation Claims

11. The Debtors object to the Insufficient Documentation Claims listed on <u>Exhibit F</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3001(c). Claimants filing such claims have failed to file the requisite documentation in support of their claims and thus have failed to comply with Bankruptcy Rule 3001(c). Bankruptcy Rule 3001(c) requires in pertinent part: "When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim." The claims listed on <u>Exhibit F</u> are also listed on <u>Exhibit A</u> because the Debtors' books and records indicate that there is no liability to the claimant for these claims. Further, because the supporting documentation attached to the proofs of claim was not sufficient to allow the Debtors to determine the validity of the Insufficient Documentation Claims, the Insufficient Documentation Claims set forth on <u>Exhibit F</u> should be disallowed and expunged for all purposes.

### Separate Contested Matters

12. If a response is filed regarding any claim listed in the Seventeenth Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim

and the objection by the Debtors thereto asserted in the Seventeenth Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Seventeenth Omnibus Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

13. To contest an objection, a claimant must file and serve a written response to this Seventeenth Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on October 6, 2006. Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on **October 6, 2006**, at the following addresses:

>Kirkland & Ellis LLP
>200 East Randolph Drive
>Chicago, Illinois 60601-6636
>Attn: Holly Bull
>
>-and-
>
>Pachulski Stang Ziehl Young Jones & Weintraub LLP
>919 North Market Street, 17th Floor
>P. O. Box 8705
>Wilmington, Delaware 19899-8705 (Courier 19801)
>Attn: James E. O'Neill
>
>Co-Counsel for the Debtors

14. Every Response to this Seventeenth Omnibus Objection must contain at a minimum the following:

7

91100-001\DOCS_DE:121464.1

(a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Seventeenth Omnibus Objection to which the Response is directed;

(b) the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c) the specific factual basis and supporting legal argument upon which the party will rely in opposing the Seventeenth Omnibus Objection;

(d) any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

(e) the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

15. If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reclassifying, reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

### Replies to Responses

16. The Debtors may, at their option, file and serve a reply to a claimant's Response.

### Reservation

17. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Seventeenth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Seventeenth Omnibus Objection,

91100-001\DOCS_DE:121464.1

including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

18.     Notwithstanding anything contained in this Seventeenth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Seventeenth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

19.     The Debtors will serve copies of this Seventeenth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

20.     Bankruptcy Management Corporation, the Debtors' reconciliation agent, will serve a copy of the Seventeenth Omnibus Objection and the exhibits thereto upon those creditors that have filed claims that are affected by the Seventeenth Omnibus Objection.

21.     The Debtors submit that notice of this Seventeenth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

22.     No previous request for the specific relief set forth herein has been made to this or any other court.

91100-001\DOCS_DE:121464.1

## Compliance With Rule 3007-1

23. This Seventeenth Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reducing, and/or reclassifying, as appropriate, each of the claims more fully described in this Seventeenth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: September 18, 2006

KIRKLAND & ELLIS LLP
David M. Bernick P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Scotta E. McFarland (Bar No. 4184)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel to Debtors and Debtors-in-Possession

91100-001\DOCS_DE:121464.1