IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No.** |
| | ) | |

### ORDER GRANTING RELIEF SOUGHT IN DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon the Seventeenth Omnibus Objection to Claims (Substantive) (the "Seventeen Omnibus Objection")[2] filed by the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging and disallowing certain Claims; and no previous application having been made; and upon consideration of the matters set forth herein; and due and proper notice of the Seventeenth Omnibus Objection having been given, it is hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Seventeenth Omnibus Objection.

ORDERED that, except as hereinafter stated, the relief sought in the Seventeenth Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto;[3] and it is further

ORDERED that that the Objection to each of the Claims listed on Exhibit A to this Order is sustained, and each of the claims listed on Exhibit A under the heading "No Liability Claims" is expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit B under the heading "Reclassify, Reduce & Allow Claims" to this Order is sustained, and each of the claims listed on Exhibit B is reclassified, reduced and allowed in the priority and amount stated on Exhibit B; and it is further

ORDERED that the Objection to each Claim listed on Exhibit C to this Order is sustained, and each of the claims listed on Exhibit C under the heading "Reduce & Allow Claims" is reduced and allowed in the amount listed on Exhibit C; and it is further

ORDERED that the Objection to each Claim listed on Exhibit D to this Order is sustained, and each of the claims listed on Exhibit D under the heading "Reclassify & Allow Claims" is reclassified and allowed in the amount and in the priority listed on Exhibit D; and it is further

ORDERED that the Objection to each Claim listed on Exhibit E to this Order is sustained, and each of the claims listed on Exhibit E under the heading "Unliquidated Claims" is expunged and disallowed for all purposes; and it is further

---

[3] To the extent that any claim that is the subject of the Seventeenth Omnibus Objection has been or is otherwise addressed by an approved stipulation between the Debtors and the claimant, that stipulation shall control the disposition of that claim.

ORDERED that the Objection to each Claim listed on Exhibit F to this Order is sustained, and each of the claims listed on Exhibit F under the heading "Insufficient Documentation Claims" is expunged and disallowed for all purposes; and it is further

ORDERED that the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October __, 2006

                                            Honorable Judith K. Fitzgerald
                                            United States Bankruptcy Judge