# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Objection Deadline: October 10, 2006 |

NINTH FEE APPLICATION OF GOODWIN PROCTER LLP, COUNSEL
TO STATE STREET BANK AND TRUST COMPANY AS INVESTMENT
MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN
THE GRACE SAVINGS & INVESTMENT PLAN FOR

| | |
|---|---|
| Name of Applicant: | GOODWIN PROCTER LLP |
| Authorized to Provide Professional Services to: | State Street Bank and Trust Company ("State Street"), Investment Manager and Fiduciary of the Grace Stock within the Grace Savings & Investment Plan |
| Date of Retention: | State Street was engaged by order of the Court dated December 12, 2003. |
| Period for which compensation is sought: | October 2004 |
| Amount of fees and expenses sought as actual, reasonable and necessary: | $2,098.70 |
| This is a(n): | _x_ interim ___ final application |

The total time expended for the preparation of this application is approximately 1 hour by all professionals for a total of $0.00.

Prior Applications:
(1)    Fee Application of Goodwin Procter LLP for Period May 1, 2003 Through December 31, 2003 (Dated April 9, 2004)
(2)    Second Fee Application of Goodwin Procter LLP for January 2004 (Dated May 21, 2004)
(3)    Third Fee Application of Goodwin Procter LLP for February 2004 (Dated May 21, 2004)

(4)  Fourth Fee Application of Goodwin Procter LLP for March 2004 (Dated May 21, 2004

(5)  Fifth Fee Application of Goodwin Procter LLP for April 2004 (Dated July 29, 2004)

(6)  First Quarterly Fee Application of Goodwin Procter LLP for January 1, 2004 through March 31, 2004 (Dated August 23, 2004)

(7)  Sixth Fee Application of Goodwin Procter LLP for May and June, 2004 (Dated September 24, 2004)

(8)  Seventh Fee Application of Goodwin Procter LLP for July 2004 (Dated September 24, 2004)

(9)  Eighth Fee Application of Goodwin Procter LLP for August and September 2004 (Dated November 16, 2004)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

### NINTH FEE APPLICATION OF GOODWIN PROCTER LLP, COUNSEL TO STATE STREET BANK AND TRUST COMPANY AS INVESTMENT MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN THE GRACE SAVINGS & INVESTMENT PLAN FOR

In accordance with the Order Authorizing the Debtors to Retain State Street Bank and Trust Company as Investment Manager and Fiduciary of the Grace Stock within the W.R. Grace Savings & Investment Plan ("State Street") dated December 12, 2003, Goodwin Procter LLP ("Goodwin Procter"), counsel to State Street Bank, hereby submits its ninth interim fee application for allowance of compensation and reimbursement of expenses for October 2004 (the "Application"). In support of this Application, Goodwin Procter respectfully represents as follows:

1.      As set forth below, Goodwin Procter requests interim allowance of fees in the aggregate amount of $2,062.50 and actual, reasonable expenses in the aggregate amount of $36.20. These amounts represent fees generated and expenses incurred by Goodwin Procter in October 2004.

2.      On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1007(a) and 1108 of the Bankruptcy Code.

3.      On August 18, 2003, the Debtors filed their application seeking entry of an order

under sections 105 and 363(b) of the Bankruptcy Code authorizing the Debtors and the

Investment and Benefits Committee of W.R. Grace to retain State Street for a period of

up to one year, approving the terms of the engagement agreement between W.R. Grace

and State Street and approving a limited indemnification of State Street and D&P (the

"Retention Order").

4.      The Court entered the Retention Order on December 12, 2003, a copy of which is

attached hereto as Exhibit A.  The Retention Order provides that, among other things, the

professionals utilized by State Street in its engagement shall apply to the Court for

payment of their fees and reimbursement of their expenses.

5.      It is pursuant to the Retention Order that Goodwin Procter hereby files its interim

fee application.  Goodwin Procter submits that the Application substantially complies

with the Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Expenses for Professionals and Official

Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the

Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals

and Official Committee Members, dated April 17, 2002 as required by the Retention

Order.  Under the Retention Order, Goodwin Procter's fees after December 31, 2003 are

capped at $25,000 per month.

6.      In support of this Application, Goodwin Procter submits the time records and

expense summary for October 2004 attached hereto as Exhibit B.

7.      All of the services for which compensation is sought were rendered by Goodwin

Procter to State Street solely in connection with this case and in furtherance of the duties

and responsibilities of State Street and not on behalf of any creditor or other person.

8.      None of the amounts requested have been paid.  No agreement exists between

Goodwin Procter and any other person or entity (other than a member of Goodwin

Procter) to share any compensation in connection with Goodwin Procter's services on

behalf of State Street.

9.      Pursuant to the Amended Administrative Order, Debtors' counsel has served

copies of this Application upon (a) David B. Siegel, W.R. Grace & Co.; (b) co-counsel

for the Debtors; (c) co-counsel to the debtor-in-possession lender; (d) counsel to the

Committees, including counsel for the Official Committee of Unsecured Creditors;

counsel to the Official Committee of Asbestos Property Damage Claimants; counsel to

the Official Committee of Personal Injury Claimants; and the Official Committee of

Equity Holders; (e) the Fee Auditor; and (f) the Office of the United States Trustee.

10.     The nature of the work performed by Goodwin Procter during the Application

period was primarily related to drafting and revision of an order staying shareholder

litigation.  Pursuant to an Indemnification Agreement which forms part of the

engagement agreement approved by the Retention Order, the Debtors are obligated to

indemnify State Street for the costs which it incurs in the shareholder litigation, including

costs and expenses of Goodwin Procter as its counsel.

11.     Under the Bankruptcy Code, professionals performing services in a bankruptcy

case are entitled to "reasonable compensation for actual, necessary services" and

"reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

12.    In determining if the amount of compensation is "reasonable," the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors: the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11.

13.    The compensation sought herein is based on Goodwin Procter's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in similar cases.

14.    Goodwin Procter's services have been rendered in an efficient manner. Goodwin Procter is a well-respected insolvency and business restructuring, litigation and ERISA firm and its fees charged are commensurate with its level of expertise.

15.    No prior application for the relief requested herein has been made.

WHEREFORE, Goodwin Procter respectfully requests interim allowance of compensation in the amount of $2,062.50 and reimbursement of expenses in the amount of $36.20 and such other and further relief as this Court deems just and proper.

Respectfully submitted,

Daniel M. Glosband, P.C.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109

Dated:   August 28, 2006