IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Objection Deadline: October 10, 2006 |

ELEVENTH FEE APPLICATION OF GOODWIN PROCTER LLP, COUNSEL
TO STATE STREET BANK AND TRUST COMPANY AS INVESTMENT
MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN
THE GRACE SAVINGS & INVESTMENT PLAN FOR

| | |
|---|---|
| Name of Applicant: | GOODWIN PROCTER LLP |
| Authorized to Provide Professional Services to: | State Street Bank and Trust Company ("State Street"), Investment Manager and Fiduciary of the Grace Stock within the Grace Savings & Investment Plan |
| Date of Retention: | State Street was engaged by order of the Court dated December 12, 2003. |
| Period for which compensation is sought: | February 2005 |
| Amount of fees and expenses sought as actual, reasonable and necessary: | $1,441.26 |
| This is a(n): | _x_ interim       ___ final application |

The total time expended for the preparation of this application is approximately 1 hour by all professionals for a total of $0.00.

Prior Applications:
(1) Fee Application of Goodwin Procter LLP for Period May 1, 2003 Through December 31, 2003 (Dated April 9, 2004)
(2) Second Fee Application of Goodwin Procter LLP for January 2004 (Dated May 21, 2004)
(3) Third Fee Application of Goodwin Procter LLP for February 2004 (Dated May 21, 2004)

LIBC/2815976.1

(4) Fourth Fee Application of Goodwin Procter LLP for March 2004 (Dated May 21, 2004

(5) Fifth Fee Application of Goodwin Procter LLP for April 2004 (Dated July 29, 2004)

(6) First Quarterly Fee Application of Goodwin Procter LLP for January 1, 2004 through March 31, 2004 (Dated August 23, 2004)

(7) Sixth Fee Application of Goodwin Procter LLP for May and June, 2004 (Dated September 24, 2004)

(8) Seventh Fee Application of Goodwin Procter LLP for July 2004 (Dated September 24, 2004)

(9) Eighth Fee Application of Goodwin Procter LLP for August and September 2004 (Dated November 16, 2004)

(10) Ninth Fee Application of Goodwin Procter LLP for October 2004 (Dated August 17, 2006)

(11) Tenth Fee Application of Goodwin Procter LLP for November 2004 (Dated August 28, 2006)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**ELEVENTH FEE APPLICATION OF GOODWIN PROCTER LLP, COUNSEL TO STATE STREET BANK AND TRUST COMPANY AS INVESTMENT MANAGER AND FIDUCIARY OF THE GRACE STOCK WITHIN THE GRACE SAVINGS & INVESTMENT PLAN FOR AUGUST AND SEPTEMBER 2004**

In accordance with the Order Authorizing the Debtors to Retain State Street Bank and Trust Company as Investment Manager and Fiduciary of the Grace Stock within the W.R. Grace Savings & Investment Plan ("State Street") dated December 12, 2003, Goodwin Procter LLP ("Goodwin Procter"), counsel to State Street Bank, hereby submits its eighth interim fee application for allowance of compensation and reimbursement of expenses for February 2005 (the "Application"). In support of this Application, Goodwin Procter respectfully represents as follows:

1. As set forth below, Goodwin Procter requests interim allowance of fees in the aggregate amount of $1,422.00 and actual, reasonable expenses in the aggregate amount of $19.26. These amounts represent fees generated and expenses incurred by Goodwin Procter in February 2005.

2. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1007(a) and 1108 of the Bankruptcy Code.

LIBC/2815976.1

3.  On August 18, 2003, the Debtors filed their application seeking entry of an order under sections 105 and 363(b) of the Bankruptcy Code authorizing the Debtors and the Investment and Benefits Committee of W.R. Grace to retain State Street for a period of up to one year, approving the terms of the engagement agreement between W.R. Grace and State Street and approving a limited indemnification of State Street and D&P (the "Retention Order").

4.  The Court entered the Retention Order on December 12, 2003, a copy of which is attached hereto as Exhibit A. The Retention Order provides that, among other things, the professionals utilized by State Street in its engagement shall apply to the Court for payment of their fees and reimbursement of their expenses.

5.  It is pursuant to the Retention Order that Goodwin Procter hereby files its interim fee application. Goodwin Procter submits that the Application substantially complies with the Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 as required by the Retention Order. Under the Retention Order, Goodwin Procter's fees after December 31, 2003 are capped at $25,000 per month.

6.  In support of this Application, Goodwin Procter submits the time records and expense summary for February 2005 attached hereto as Exhibit B.

LIBC/2815976.1

7.      All of the services for which compensation is sought were rendered by Goodwin Procter to State Street solely in connection with this case and in furtherance of the duties and responsibilities of State Street and not on behalf of any creditor or other person.

8.      None of the amounts requested have been paid. No agreement exists between Goodwin Procter and any other person or entity (other than a member of Goodwin Procter) to share any compensation in connection with Goodwin Procter's services on behalf of State Street.

9.      Pursuant to the Amended Administrative Order, Debtors' counsel has served copies of this Application upon (a) David B. Siegel, W.R. Grace & Co.; (b) co-counsel for the Debtors; (c) co-counsel to the debtor-in-possession lender; (d) counsel to the Committees, including counsel for the Official Committee of Unsecured Creditors; counsel to the Official Committee of Asbestos Property Damage Claimants; counsel to the Official Committee of Personal Injury Claimants; and the Official Committee of Equity Holders; (e) the Fee Auditor; and (f) the Office of the United States Trustee.

10.     The nature of the work performed by Goodwin Procter during the Application period was spent working on fee-related issues, including the preparation of fee applications for Goodwin Procter; attention to litigation matters, including withdrawing from litigation. Pursuant to an Indemnification Agreement which forms part of the engagement agreement approved by the Retention Order, the Debtors are obligated to indemnify State Street for the costs which it incurs in the shareholder litigation, including costs and expenses of Goodwin Procter as its counsel.

11. Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

12. In determining if the amount of compensation is "reasonable," the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors: the time spent on the services; the rates charged for the services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11.

13. The compensation sought herein is based on Goodwin Procter's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in similar cases.

14. Goodwin Procter's services have been rendered in an efficient manner. Goodwin Procter is a well-respected insolvency and business restructuring, litigation and ERISA firm and its fees charged are commensurate with its level of expertise.

15. No prior application for the relief requested herein has been made.

LIBC/2815976.1

WHEREFORE, Goodwin Procter respectfully requests interim allowance of compensation in the amount of $1,422.00 and reimbursement of expenses in the amount of $19.26 and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/Daniel Glosband/
Daniel M. Glosband, P.C.
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109

Dated: August 28, 2006

LIBC/2815976.1