IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | Re: Docket Nos. 12823, 13004, 13130, 12924, |
| | ) | 12927, 12929, 12930, 12931, 12944, 12932, |
| | ) | 12933, 12934, 12935, 12936, 12937, 12938, |
| | ) | 12939, 12940, 12945, 12946, 12947, 12960, |
| | ) | 12963, 12970, 12974, 12980, 13067, 13161, |
| | ) | 13141, 13142, 13144, 13157, 13158, 13160 |
| | ) | 9/11/06 Agenda Item No. 2 |

**ORDER DENYING DEBTORS' MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Upon consideration of the Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire, filed on July 17, 2006 at docket number 12823 (the "Motion"); as well as all Objections, Oppositions, Responses and other filings related thereto; and all argument on the Motion; and upon due deliberation:

IT IS HEREBY ORDERED THAT:

1. The portion of the Debtors' Motion seeking a ruling that all objections to the questions contained in the Questionnaire have been previously overruled is DENIED.

2. The portion of the Debtors' Motion seeking a ruling that answers to the questions contained in the Questionnaire may not be provided solely by means of attachment is DENIED. However, any response by way of attachment must allow the reader reasonably to determine the answer.

{D0071770.1 }

3.      The portion of the Debtors' Motion seeking a ruling that all claimants and all attorneys of record must both sign the Questionnaires is DENIED.  However, the attestation contained in part X of the Questionnaire must be signed by the person, or if necessary, the persons, whose signature is sufficient to satisfy the attestation required by part X.

4.      The following are deemed to be contention interrogatories that shall be answered by checking the box on the Questionnaire: Part II, Question 1 (preceding 1(a)) and Part II Question 1(c)(i).

5.      Claimants shall have ten (10) days from the date of this Order to notify Debtors' counsel if they intend to supplement their Questionnaire responses.

6.      Claimants who elect to supplement their Questionnaire responses shall have thirty days from the date of this Order (subject to extension, upon agreement with the Debtors or Order by the Court) to supplement their Questionnaire responses.

7.      The Debtors' Motion is DENIED in all other respects.

8.      If, after supplementation as described in paragraphs 5 and 6 above is completed, the Debtors maintain that a Questionnaire response is inadequate or an objection is not well-taken, Debtors shall serve a Motion to Compel stating the Debtors' specific contentions as to why that Questionnaire is not responsive.  The Court has not ruled on specific objections that a part or parts of the Questionnaire are unduly burdensome, invade a privilege, are not relevant as to the claimant (e.g. questions concerning smoking history or pulmonary function tests in the case of a mesothelioma

claimant) or otherwise objectionable under the Federal Rules of Civil Procedure, and will only do so when presented with an appropriate motion.


Dated: _____, 2006

                                      The Honorable Judith K. Fitzgerald
                                      United States Bankruptcy Judge