# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| | ) | Case no. 01-01139 (JFK) |
| W.R. GRACE & CO., *et al.*, | ) | Jointly Administered |
| | ) | Re: Docket No. 12823 |
| Debtors | ) | 09/11/06 Agenda Item 2 |
| | ) | |

## ORDER GRANTING IN PART DEBTORS' MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Upon consideration of the Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire; all Responses thereto; all other relevant papers and filings; and all argument on the Motion;

IT IS HEREBY ORDERED that the Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire is **GRANTED IN PART**; and

IT IS FURTHER ORDERED that:

1. All objections on the basis of **relevance** are overruled. All claimants who have made such objections are ordered to provide answers to all questions objected to on relevance grounds within 30 days of the date of this order. *See* Tr. of Hr'g (Sep. 11, 2006) at 250-251, 255;

2. The **attestation** contained in Part X of the Questionnaire must be completed by **as many people as required** to certify that all answers provided in response to the questions contained in the Questionnaire (whether by narrative or other means) are "true, accurate, and complete." For each attestation provided, the Claimant or his or her counsel must identify to which responses the attestation corresponds. *See id.* at 185-187, 225; and

3. All firms intending to supplement their clients' responses to the Questionnaire were required to so notify the Debtors on or before September 22, 2006. *See id.* at 266-268.

4. The Debtors have submitted a proposed protocol (attached as Exhibit A) for answering via attachment certain questions. *See id.* at 162-163, 166-167, 244, 247-250, 253-254. All law firms wishing to lodge objections to the Debtors' proposed protocol are ordered to state such objections in writing by September 29, 2006. The Court will consider the Debtors' attachment protocol (Exhibit A) at a hearing on October 11, 2006 in (Wilmington/Pittsburgh).

5. Claimants who have notified Debtors of their intention to supplement their Questionnaire responses must do so within 30 days of the October 11, 2006 hearing. *See id.* at 257-259, 266-268.

**SO ORDERED** on this _____ day of _____ 2006.


_____

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2

## EXHIBIT A

## Proposed Instructions for Attaching Documents to the
## W.R. Grace Asbestos Personal Injury Questionnaire

1.  Part II, Question 1 and all of its subparts (a-f) are contention interrogatories and must be answered in the space provided on the Questionnaire and, in addition, must be accompanied by the required supporting documentation. You may not answer Part II, Question 1 or any of its subparts solely by reference to attached documents. Under the circumstances and conditions described in the remainder of these General Instructions, all other questions contained in the Questionnaire may be answered, in whole or in part, by reference to attached documents.

2.  Documents may only be used to answer questions if the document on its face answers the question in substantially the same way as if the Questionnaire were actually filled in. If the document requires interpretation in order for the answer to the question to be answered, the Questionnaire must be filled out and you may not answer by reference to the document.

3.  Any documents referenced in response to questions must be attached to the Questionnaire and Bates numbered.

4.  If a response is made via attached document, you must identify in the space provided each and all documents that are responsive to the question. The identification should include the specific page of each document that provides the answer to the question. Multiple pages should not be cited unless each page is necessary to the answer.

5.  If multiple documents contain information responsive to the question, each document must be identified in the space provided for the answer to the question contained in the Questionnaire.

6.  If a document contains information responsive to more than one question, you must indicate which page or pages of the document contain the information responsive to each question to which you are responding.

7.  If documents cited in response to a question contain conflicting information, you must answer the question in the space provided in the Questionnaire and may not answer by reference to the documents. For example, if medical documents are attached in response to questions regarding the Claimant's smoking history and one document indicates that the Claimant smoked for 20 years and the other document indicates that the Claimant smoked for 5 years, you must provide the answer to the question in the space provided in the Questionnaire.

8.  All documents attached to the Questionnaire must be legible. For example, if a medical report does not contain the relevant physician's name printed on the report, but only contains the physician's signature, the signature must be legible.

**N.B.** : Providing attached documents and answering questions, does not diminish Claimant's obligation to provide supporting documents as required by and set forth in the Questionnaire.