# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

Hearing Date: October 23, 2006 at 2:00 p.m.
Responses Due: October 6, 2006

## NOTICE OF FILING DEBTORS' SEVENTEENTH
## OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

**PLEASE TAKE NOTICE** that on or about September 18, 2006, the above-captioned debtors and debtors in possession (the "Debtors") filed the Debtors' Seventeenth Omnibus Objection to Claims (Substantive) (the "Seventeenth Omnibus Objection") with the United States Bankruptcy Court for the District of Delaware.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will serve copies of the Seventeenth Omnibus Objection (with all Exhibits) on (1) the Office of the United States Trustee; (2) each of the official committees in these Chapter 11 Cases; (3) any claimant with a claim subject to the Seventeenth Omnibus Objection; and (4) all parties who have requested notice pursuant to Bankruptcy Rule 2002.

Objections or other responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on **October 6, 2006.**

At the same time, you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel for the Debtors, Holly Bull, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601, and James E. O'Neill, Pachulski Stang Ziehl Young Jones & Weintraub LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982, and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131 (fax 305-374-7593), and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (iv) counsel to the Official Committee of Personal Injury Claimants, Elihu Inselbuch, Caplin & Drysdale, Chartered, 375 Park Avenue, 35th Floor, New York, NY 10152-3500 (fax 212-644-6755), and Mark T. Hurford, Campbell & Levine, LLC, 800 N. King Street, Suite 300, Wilmington, DE 19801; (v) counsel to the Official Committee of Equity Holders, Thomas M. Mayer, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022, and Teresa K.D. Currier, Buchanan Ingersol & Rooney P.C., 1000 West

Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397; (vi) counsel to the Future

Claimants' Representative, Richard H. Wyron, Orrick, Herrington & Sutcliff LLP, 3050 K

Street, NW, Washington, DC 20007, and John C. Phillips, Jr., Phillips, Goldman & Spence,

P.A., 1200 North Broom Street, Wilmington, DE 19806; and (vii) the Office of the United

States Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE 19801.

      Any response should contain the following:

A.    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Seventeenth Omnibus Objection to which the Response is directed;

B.    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

C.    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Seventeenth Omnibus Objection;

D.    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

E.    the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

      If you file a response to the Seventeenth Omnibus Objection, you should be

prepared to argue that response at the October 23, 2006 hearing (the "Claims Hearing") unless

you reach an agreement with the Debtors' counsel to continue or resolve your matter.

      You need not respond to the Seventeenth Omnibus Objection or appear at the

Claims Hearing if you do not object to the relief requested in the Seventeenth Omnibus

Objection. If you do not timely file and serve a response to the Seventeenth Omnibus Objection,

the relief requested in the Seventeenth Omnibus Objection may be granted without further notice

to you. Failure to timely file a response to the Seventeenth Omnibus Objection shall be deemed

(i) waiver of your right to respond to the Seventeenth Omnibus Objection and (ii) your consent to the relief requested in the Seventeenth Omnibus Objection respecting your claim.

IF NO RESPONSES ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE SEVENTEENTH OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE SEVENTEENTH OMNIBUS OBJECTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE BANKRUPTCY COURT, ON OCTOBER 23, 2006 AT 2:00 P.M., EASTERN TIME.

The Debtors reserve the right to file and serve a reply to a claimant's Response. **If you have any questions regarding your claim(s) you should contact BMC at (888) 909-0100. If you have any questions regarding the Seventeenth Omnibus Objection, please call Holly Bull at Kirkland & Ellis LLP at 312-861-2000.**

Dated: September 18, 2006

KIRKLAND & ELLIS LLP
David M. Bernick P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel to Debtors and Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

Hearing Date: October 23, 2006 at 2:00 p.m.
Responses Due: October 6, 2006

## DEBTORS' SEVENTEENTH OMNIBUS
## OBJECTION TO CLAIMS (SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and

through their undersigned counsel of record, file this Seventeenth Omnibus Objection to Claims

(the "Seventeenth Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This

matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.     The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502, 506 and 507, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

### Background

3.     On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4.     By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). A bar date has yet to be set for asbestos personal injury claims and claims related to Zonolite Attic Insulation.

2

**The Objection And Request For Relief**

5.      By this Seventeenth Omnibus Objection, the Debtors seek disallowance,

reclassification, or reduction, as appropriate, of the claims set forth in the exhibits attached

hereto[2] for the reasons described herein and in such exhibits:

(a)      Each claim set forth as "No Liability" in Exhibit A attached hereto is a claim for which the Debtors have no liability according to their books and records (the "No Liability Claims") and for which the Debtors seek expungement of the claim;

(b)      Each claim set forth as "Reclassify, Reduce and Allow" in Exhibit B attached hereto is a claim that should be reclassified, reduced and allowed (the "Reclassify, Reduce and Allow Claims");

(c)      Each claim set forth as "Reduce and Allow" in Exhibit C attached hereto is a claim that should be reduced and allowed (the "Reduce and Allow Claims");

(d)      Each claim set forth as "Reclassify and Allow" in Exhibit D attached hereto is a claim that should be reclassified and allowed (the "Reclassify and Allow Claims");

(e)      The claim set forth as "Unliquidated" in Exhibit E attached hereto is a claim for which the Debtors have no liability according to their books and records, for which no dollar amount is specified by the claimant (the "Unliquidated Claims") and for which the Debtors seek expungement of the claim; and

(f)      Each claim set forth as "Insufficient Documentation" in Exhibit F attached hereto is a claim that has been filed with insufficient documentation to provide the Debtors with sufficient supporting information to validate such claim (the "Insufficient Documentation Claims").

---

[2]  The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

3

## The No Liability Claims

6.      The Debtors object to the No Liability Claims listed on Exhibit A attached

hereto pursuant to section 502(b)(1) of the Bankruptcy Code, because these are claims which are

not enforceable against the Debtors or their property under any agreement or applicable law. In

particular, the Debtors' review of their books and records indicates that they have no liability for

these claims because either (a) the claimant has no relationship with the Debtors, (b) the claim is

not a liability of the Debtor but an alleged liability of an unrelated, non-debtor entity, or (c) the

claim has been satisfied. Therefore, the No Liability Claims set forth on Exhibit A should be

disallowed and expunged for all purposes.

## The Reclassify, Reduce and Allow Claims

7.      The Debtors object to the Reclassify, Reduce and Allow Claims pursuant

to sections 502(b)(1) and 506 of the Bankruptcy Code, because these claims are filed with the

wrong classification and for amounts that differ from the amounts reflected on the Debtors'

books and records. In evaluating the Reclassify, Reduce and Allow Claims, the Debtors have

thoroughly reviewed their books and records and the proofs of claim, as well as the supporting

documentation provided by each claimant, and have determined that the classification and

amount of each claim requires modification. The claims listed on Exhibit B have no basis for

secured status and should be reclassified as general unsecured claims. Additionally, the amount

of the claims listed on Exhibit B are overstated due to the reasons enumerated per each objection

set forth on Exhibit B. Accordingly, the Debtors object to the Reclassify, Reduce and Allow

Claims and request that the Reclassify, Reduce and Allow Claims be reclassified, reduced to and

allowed in the amounts as set forth on Exhibit B.

4

## The Reduce and Allow Claims

8.    The Debtors object to the Reduce and Allow Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are filed for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated. The amount of the claims listed on Exhibit C are overstated due to the reasons enumerated per each objection set forth on Exhibit C. Accordingly, the Debtors object to the Reduce and Allow Claims and request that the Reduce and Allow Claims be reduced to and allowed in the amounts as set forth on Exhibit C.

## The Reclassify and Allow Claims

9.    The Debtors object to the Reclassify and Allow Claims pursuant to sections 502(b)(1) and 507 of the Bankruptcy Code, because these claims are filed with the wrong classification from the classification reflected on the Debtors' books and records. In evaluating the Reclassify and Allow Claims, the Debtors have thoroughly reviewed their books and records and the proofs of claim, as well as the supporting documentation provided by the claimant, and have determined that the classification of the claims requires modification. The claims listed on Exhibit D have no basis for priority under section 507(a) of the Bankruptcy Code and should be reclassified as general unsecured claims. Accordingly, the Debtors object to the Reclassify and Allow Claims and request that the Reclassify and Allow Claims be reclassified and allowed in the amounts as set forth on Exhibit D.

5

## Unliquidated Claims

10.     The Debtors object to the Unliquidated Claim listed on Exhibit E attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code.  The claim listed on Exhibit E is also listed on Exhibit A because the Debtors' books and records indicate that there is no liability to the claimant for this claim.  Therefore, the Unliquidated Claim set forth on Exhibit E should be disallowed and expunged for all purposes.

## Insufficient Documentation Claims

11.     The Debtors object to the Insufficient Documentation Claims listed on Exhibit F attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3001(c).  Claimants filing such claims have failed to file the requisite documentation in support of their claims and thus have failed to comply with Bankruptcy Rule 3001(c). Bankruptcy Rule 3001(c) requires in pertinent part: "When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim."  The claims listed on Exhibit F are also listed on Exhibit A because the Debtors' books and records indicate that there is no liability to the claimant for these claims. Further, because the supporting documentation attached to the proofs of claim was not sufficient to allow the Debtors to determine the validity of the Insufficient Documentation Claims, the Insufficient Documentation Claims set forth on Exhibit F should be disallowed and expunged for all purposes.

## Separate Contested Matters

12.     If a response is filed regarding any claim listed in the Seventeenth Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim

6

and the objection by the Debtors thereto asserted in the Seventeenth Omnibus Objection shall

constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order

entered by the Court regarding an objection asserted in the Seventeenth Omnibus Objection shall

be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

13.     To contest an objection, a claimant must file and serve a written response

to this Seventeenth Omnibus Objection (a "Response") so that it is received no later than 4:00

p.m. (Eastern Time) on October 6, 2006.  Every Response must be filed with the Office of the

Clerk of the United States Bankruptcy Court for the District of Delaware:  824 Market Street,

Wilmington, Delaware 19801 and served upon the following entities, so that the response is

received no later than 4:00 p.m. (Eastern Time) on **October 6, 2006**, at the following addresses:

> Kirkland & Ellis LLP
> 200 East Randolph Drive
> Chicago, Illinois 60601-6636
> Attn:  Holly Bull
>
>     -and-
>
> Pachulski Stang Ziehl Young Jones & Weintraub LLP
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn:  James E. O'Neill
>
> Co-Counsel for the Debtors

14.     Every Response to this Seventeenth Omnibus Objection must contain at a

minimum the following:

7

(a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Seventeenth Omnibus Objection to which the Response is directed;

(b)    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Seventeenth Omnibus Objection;

(d)    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

(e)    the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

15.    If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reclassifying, reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

## Replies to Responses

16.    The Debtors may, at their option, file and serve a reply to a claimant's Response.

## Reservation

17.    The Debtors hereby reserve the right to object in the future to any of the claims listed in this Seventeenth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Seventeenth Omnibus Objection,

8

including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

18.     Notwithstanding anything contained in this Seventeenth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Seventeenth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

19.     The Debtors will serve copies of this Seventeenth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

20.     Bankruptcy Management Corporation, the Debtors' reconciliation agent, will serve a copy of the Seventeenth Omnibus Objection and the exhibits thereto upon those creditors that have filed claims that are affected by the Seventeenth Omnibus Objection.

21.     The Debtors submit that notice of this Seventeenth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

22.     No previous request for the specific relief set forth herein has been made to this or any other court.

9

## Compliance With Rule 3007-1

23.    This Seventeenth Omnibus Objection, and related exhibits attached hereto,

complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the

District of Delaware.

WHEREFORE, the Debtors respectfully request that the Court enter an order

disallowing, expunging, reducing, and/or reclassifying, as appropriate, each of the claims more

fully described in this Seventeenth Omnibus Objection and/or listed on the exhibits attached

hereto.

Dated:  September _18_, 2006

KIRKLAND & ELLIS LLP
David M. Bernick P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile:  (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Scotta E. McFarland (Bar No. 4184)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel to Debtors and Debtors-in-Possession

10

# EXHIBIT A

## In re: W.R. GRACE & CO., et al
## OMNIBUS 17: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number  Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|
| 1 | ADVANTA BUSINESS SERVICES<br>ADVANTA BUSINESS SERVICES<br>CORPORATION<br>ATTN: MARGUERITE K HALL<br>1020 LAUREL OAK ROAD<br>VOORHEES NJ 08043 | 01-01140    178<br>W.R. GRACE & CO.-CONN. | $4,888.11 | (S) | CONTRACT BUY-OUT CONFIRMED BY ADVANTA. NO CURRENT LIABILITY. |
| 2 | BELLSOUTH CONSOLIDATED<br>BNKRPTCY CENTER<br>301 W BAY ST, RM 12EE1 BST<br>JACKSONVILLE FL 32202 | 01-01139    438<br>W.R. GRACE & CO. | $2,283.32 | (U) | NOT IN BOOKS & RECORDS. VENDOR UNABLE TO PROVIDE COPIES OF SIGNED CONTRACTS. |
| 3 | CSX TRANSPORTATION<br>ATTN: RUTH C SALTER<br>BELLSOUTH TOWER J-220<br>301 W BAY ST 21ST FL<br>JACKSONVILLE FL 32202 | 01-01139    673<br>W.R. GRACE & CO. | $24,648.04 | (U) | TWO INVOICES BELONG TO NON-DEBTOR ENTITIES DOW HAMSHIRE AND SCOTTS, AND OTHERS SHOULD HAVE BEEN CANCELLED. CLAIMANT NOT ABLE TO PROVIDE INVOICE COPIES. |
| 4 | CUMMINGS PROPERTIES LLC<br>C/O SUSAN F BRAND ESQ<br>200 W CUMMINGS PARK<br>WOBURN MA 01801 | 01-01140    4242<br>W.R. GRACE & CO.-CONN. | UNKNOWN | (U) | NO CURRENT LIABILITY. GRACE CONTINUES TO PERFORM WORK AT THE SITE. |
| 5 | D L PETERSON TRUST<br>307 INTERNATIONAL CIR<br>HUNT VALLEY MD 21030 | 01-01139    9221<br>W.R. GRACE & CO. | $228.14 | (S) | PER CREDITOR, ACCOUNT IS CURRENT. |
| 6 | DANKA FINANCIAL SYSTEMS<br>C/O THOMAS V ASKOUNIS ESQ<br>ASKOUNIS & BORST P.C.<br>303 E WACKER DR STE 1000<br>CHICAGO IL 60601 | 01-01139    670<br>W.R. GRACE & CO. | $1,743.45 | (U) | LEASE OBLIGATION SATISFIED. |
| 7 | DE LAGE LANDEN FINANCIAL TOKAI<br>FINANCIAL<br>C/O DAVID J COOK ESQ SBC 060859<br>COOK PERKISS AND LEW PLC<br>333 PINE ST 3RD FL<br>SAN FRANCISCO CA 94104 | 01-01139    11<br>W.R. GRACE & CO. | $29,100.00 | (S) | DEFENDANT G C MANAGEMENT IS NOT AND NEVER HAS BEEN A W. R. GRACE COMPANY. |
| 8 | ERVIN LEASING COMPANY<br>PO BOX 1689<br>ANN ARBOR MI 48106-1689 | 01-01139    417<br>W.R. GRACE & CO. | $2,997.74 | (S) | LEASE OBLIGATION COMPLETED IN 2003. |
| 9 | FIDELITY LEASING INC<br>1255 WRIGHTS LANE<br>WEST CHESTER PA 19380 | 01-01140    77<br>W.R. GRACE & CO.-CONN. | $979.16 | (S) | LEASE OBLIGATION SATISFIED. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative  (S) - Secured
(P) - Priority  (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

## In re: W.R. GRACE & CO., et al
## OMNIBUS 17: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 10 | FLA DEPT OF ENVIRONMENTAL PROT<br>JONATHAN H ALDEN ESQUIRE<br>3900 COMMONWEALTH BLVD MS 35<br>TALLAHASSEE  FL 32399-3000 | 01-01139<br>W.R. GRACE & CO. | 8596 | $9,314,032.00 | (U) | GRACE COMPLETED REMEDIATION OF SOIL AND SEDIMENTS AND GROUNDWATER TREATMENTS IN 2004. GRACE CONTINUES TO MONITOR GROUNDWATER AND PERFORM WORK AT THE SITE. |
| 11 | FREEPORT CENTER ASSOCIATES<br>PO BOX 160466<br>CLEARFIELD UT 84016 | 01-01139<br>W.R. GRACE & CO. | 1004 | $1,760.00 | (S) | PER CREDITOR, ACCOUNT IS CURRENT. |
| 12 | GORDON ALTMAN WEITZEN SHAVLOV & WEIN LLP<br>C/O SAM BARKIN<br>HELLER EHRMAN WHITE & MCAULIFFE<br>120 W 45TH ST<br>NEW YORK NY 10036 | 01-01139<br>W.R. GRACE & CO. | 14054 | $15,532.20 | (U) | INVOICE WAS PAID 5/17/00, CK#242382. |
| 13 | HIGHWOODS REALTY LIMITED PARTNERSHIP<br>ATTN CHRIS ANN BROTHERTON<br>4944 PKWY PLAZA BLVD #250<br>CHARLOTTE NC 28217 | 01-01139<br>W.R. GRACE & CO. | 1612 | $1,411.67 | (U) | CREDITOR COULD NOT PROVIDE SUPPORTING INFORMATION AND CONFIRMED GRACE HAS NO LIABILITY. |
| 14 | NTFC CAPITAL CORPORATION<br>THOMAS V ASKOUNIS ESQ<br>C/O ASKOUNIS & BORST P.C.<br>303 E WACKER DR STE 1000<br>CHICAGO IL 60601 | 01-01139<br>W.R. GRACE & CO. | 749 | $74,736.35 | (U) | LEASE OBLIGATION SATISFIED. |
| 15 | ORANGE GROVE ISD<br>C/O LORI ROBERTSON<br>LINEBARGER GOGGAN BLAIR PENA AND SAMPSON LLP<br>1949 S IH 35 PO BOX 17428<br>AUSTIN TX 78760-7428 | 01-01139<br>W.R. GRACE & CO. | 1995 | $513.59 | (S) | CLAIM PERTAINS TO YEARS 1996 - 2001. LOCATIONS WERE SOLD IN 1993 |
| 16 | SCHULKE, EARL<br>13803 US HWY 2 S<br>LIBBY MT 59923-9516 | 01-01140<br>W.R. GRACE & CO.-CONN. | 955 | $0.00 | (U) | CREDITOR STATES NO CLAIM |
| 17 | STATE OF LOUISIANA DEPARTMENT OF REVENUE<br>P.O. BOX 66658<br><br>BATON ROUGE LA 70896-6658<br>USA | 01-01146<br>CCHP, INC. | 17023 | $753.29 | (A) | GRACE WITHDREW FROM LOUISIANA IN 2000. CLAIMS ARE FOR YEARS ENDED 12/01 AND 12/02. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
   (P) - Priority       (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 17: EXHIBIT A - NO LIABILITY CLAIMS**

| | Creditor Name / Address | Case Number  Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|
| 18 | TENNESSEE DEPT OF REVENUE C/O ATTORNEY GENERAL P.O. BOX 20207 NASHVILLE TN 37202-0207 USA | 01-01139    17020 W.R. GRACE & CO. | $1,817.60 | (P) | CLAIMANT HAS NOT SHOWN PROOF OF TAX OWED FOR 2001; GRACE SHOWS OVERPAYMENT. |
| 19 | THE TRAVELERS INDEMNITY CO & AFFILIATES ATTN: ELIZABETH K FLYNN ONE TOWER SQUARE 5MN HARTFORD CT 06183 | 01-01140    846 W.R. GRACE & CO.-CONN. | $3,455.00 | (U) | DAYLIN, INC. NOT A GRACE COMPANY. |
| 20 | TOYOTA MOTOR CREDIT CORP 19001 S WESTERN AVE PO BOX 2958 M/S FN 21 TORRANCE CA 90509-2958 | 01-01139    2011 W.R. GRACE & CO. | $953.73 | (S) | LEASE TERMINATED APRIL 2003. |
| 21 | TOYOTA MOTOR CREDIT CORP 19001 S WESTERN AVE PO BOX 2958 M/S FN 21 TORRANCE CA 90509-2958 | 01-01139    2012 W.R. GRACE & CO. | $16,202.52 | (S) | LEASE TERMINATED AUGUST 2005. |
| 22 | TOYOTA MOTOR CREDIT CORP 19001 SOUTH WESTERN AVE PO BOX 2958 TORRANCE CA 90509-2958 | 01-01139    445 W.R. GRACE & CO. | $13,079.29 | (S) | LEASE TERMINATED NOVEMBER 2004. |
| 23 | TOYOTA MOTOR CREDIT CORP 19001 SOUTH WESTERN AVE PO BOX 2958 TORRANCE CA 90509-2958 | 01-01139    446 W.R. GRACE & CO. | $18,140.14 | (S) | LEASE TERMINATED JUNE 2002. |
| 24 | TOYOTA MOTOR CREDIT CORP 19001 SOUTH WESTERN AVE PO BOX 2958 TORRANCE CA 90509-2958 | 01-01139    447 W.R. GRACE & CO. | $10,421.10 | (S) | LEASE TERMINATED DECEMBER 2002. |
| 25 | TOYOTA MOTOR CREDIT CORP 19001 SOUTH WESTERN AVE PO BOX 2958 TORRANCE CA 90509-2958 | 01-01139    450 W.R. GRACE & CO. | $46,731.50 | (S) | LEASE TERMINATED MAY 2005. |
| 26 | TOYOTA MOTOR CREDIT CORP 19001 SOUTH WESTERN AVE PO BOX 2958 TORRANCE CA 90509-2958 | 01-01139    452 W.R. GRACE & CO. | $7,127.55 | (S) | LEASE TERMINATED AUGUST 2002. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative    (S) - Secured    (P) - Priority    (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 17: EXHIBIT A - NO LIABILITY CLAIMS**

| | Creditor Name / Address | Case Number  Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|
| 27 | UNIFIRST CORPORATION<br>MICHAEL J PAPPONE PC<br>GOODWIN PROCTER LLP<br>EXCHANGE PLACE<br>BOSTON MA 02109 | 01-01140    9562<br>W.R. GRACE & CO.-CONN. | $86,697.33 | (U) | GRACE'S COST SHARING AGREEMENT WITH UNIFIRST EXPIRED IN 2000. |
| 28 | WELLS FARGO FINANCIAL LEASING<br>604 LOCUST ST 14TH FL<br>DES MOINES IA 50309 | 01-01139    88<br>W.R. GRACE & CO. | $15,266.90 | (U) | PER CREDITOR, LEASE WAS SATISFIED AND ACCOUNT IS CURRENT. |

|  | totals: | | |
|---|---|---|---|
| | | $153,122.57 | (S) |
| | | $753.29 | (A) |
| | | $1,817.60 | (P) |
| | | $9,539,806.26 | (U) |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative    (S) - Secured
                                                                                                                (P) - Priority    (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

# EXHIBIT B

## In re: W.R. GRACE & CO., et al
## OMNIBUS 17: EXHIBIT B - RECLASSIFY, REDUCE & ALLOW CLAIMS

| | Creditor Name / Address | Claim Number | Total Claim Dollars* | Claim Class** | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | CHESAPEAKE INDUSTRIAL LEASING CO INC<br>ATTN: LEROY HERMAN<br>9512 HARFORD RD<br>BALTIMORE MD 21234 | 1195 | $128.55<br>$642.75 | (S)<br>(U) | $0.00<br>$128.55 | (S)<br>(U) | ONE MONTH LEASE PAYMENT ONLY IS OWED. NO BASIS FOR SECURED CLAIM. |
| 2 | XEROX CORPORATION<br>LEGAL DEPT MS 1-2<br>ATTN: CATHY FLOWERS<br>600 CARILLON PKWY<br>ST PETERSBURG FL 33716 | 391 | $10,698.20<br>$207,925.08 | (S)<br>(U) | $199,434.66 | (U) | NO BASIS FOR SECURED CLAIM. SEVERAL INVOICES BELONG TO EMERSON & CUMING, A BUSINESS THAT WAS DIVESTED IN 1996. |
| | totals: | | $10,826.75<br>$208,567.83 | (S)<br>(U) | $0.00<br>$199,563.21 | (S)<br>(U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

# EXHIBIT C

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 17: EXHIBIT C - REDUCE & ALLOW CLAIMS**

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | Claim Class** | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | BANKERS TRUST COMPANY<br>MOSES & SINGER LLP<br>1301 AVE OF THE AMERICAS<br>40TH FL<br>NEW YORK NY 10019 | 736 | $7,770.15 | (U) | $5,000.00 | (U) | REDUCED FOR LEGAL FEES AND AGENCY SERVICE FEES ASSOCIATED WITH FILING THIS CLAIM. |
| 2 | GORDON & REES LLP<br>EMBARCADERO WEST<br>275 BATTERY ST #2000<br>SAN FRANCISCO CA 94111 | 615 | $249,279.92 | (U) | $149,279.92 | (U) | CREDITOR DISCOUNTED INVOICE 19091348 BY $100,000. |
| 3 | KENT HOLDING LLC<br>C/O JOHN D DEMMY ESQ<br>STEVENS & LEE PC<br>300 DELAWARE AVE<br>8TH FLR STE 800<br>WILMINGTON DE 19801 | 13948 | $412,173.60 | (U) | $252,095.00 | (U) | DEFERRED MAINTENANCE PORTION OF CLAIM DISPUTED. AMOUNT SHOULD BE $95,243.85. |
| 4 | PUBLIC SERVICE COMPANY OF COLORADO<br>1225 17TH ST<br>DENVER CO 80202-4204 | 884 | $13,501.02 | (U) | $13,093.84 | (U) | REDUCED FOR LATE FEES APPLIED AFTER FILING. |
| 5 | SIERRA CAPITAL<br>RE STAR HOLDINGS DBA DER-KEL CHEMICALS<br>2699 WHITE RD STE 255<br>IRVINE CA 92614 | 763 | $2,738.00 | (U) | $2,657.00 | (U) | INVOICE 40402920 DATED 1/12/01 FOR $81.00 WAS PAID ON 3/6/01, CK#1524. |
| 6 | TXU ELECTRIC COMPANY<br>C/O LOIS J DURAN<br>PO BOX 650393<br>DALLAS TX 75265 | 323 | $1,903.89 | (U) | $189.47 | (U) | TWO INVOICES ($676.21 AND $181.03) BELONG TO CRYOVAC WHICH WAS SOLD PRIOR TO THE INVOICE DATES. ONE INVOICE ($857.18) NOT IN BOOKS AND RECORDS. |
| 7 | WILLIAMS COMMUNICATIONS SOLUTIONS<br>ATTN: VICKI PLETCHER<br>ONE TECHNOLOGY CENTER<br>TX9-218 B/K<br>TULSA OK 74103 | 875 | $9,273.56 | (U) | $3,624.91 | (U) | 5 INVOICES TOTALING $4,527.40, DATED IN 1999, ARE NOT IN BOOKS AND RECORDS. 4 INVOICES TOTALING $1,121.25 BELONG TO NON-DEBTOR ENTITY, CIRCE BIOMEDICAL. |
| | totals: | | $696,640.14 | (U) | $425,940.14 | (U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

# EXHIBIT D

## In re: W.R. GRACE & CO., et al
## OMNIBUS 17: EXHIBIT D - RECLASSIFY & ALLOW CLAIMS

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | BURROUGHS, HEPLER, BROOM, MACDONALD, HEB<br>103 W VANDALIA STE 300<br>PO BOX 510<br>EDWARDSVILLE IL 62025 | 687 | $60,311.28 | (P) | $60,311.28 | (U) | NO BASIS FOR PRIORITY CLAIM. |
| 2 | COWLES & THOMPSON PC<br>C/O GLENDA ROBINSON<br>901 MAIN ST SUITE 4000<br>DALLAS TX 75202 | 67 | $1,047.07<br>$13,767.58 | (P)<br>(U) | $14,814.65 | (U) | NO BASIS FOR PRIORITY CLAIM. |
| | totals: | | $61,358.35<br>$13,767.58 | (P)<br>(U) | $75,125.93 (U) | | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative    (S) - Secured<br>(P) - Priority    (U) - Unsecured

Page 1 of 1    9/18/2006 12:15:28 PM

Page 29 of 43

# EXHIBIT E

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 17: EXHIBIT E - UNLIQUIDATED CLAIMS**

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 1 | CUMMINGS PROPERTIES LLC C/O SUSAN F BRAND ESQ 200 W CUMMINGS PARK WOBURN MA 01801 | 01-01140 W.R. GRACE & CO.-CONN. | 4242 | UNKNOWN | (U) | CLAIMED AMOUNT IS UNLIQUIDATED. |

totals:

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.      **(A) - Administrative      (S) - Secured
                                                                                                                      (P) - Priority            (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim.  The Debtors include such classification for the purpose of identifying the claim to which the objection applies.  The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

# EXHIBIT F

**In re: W.R. GRACE & CO., et al**

**OMNIBUS 17: EXHIBIT F - INSUFFICIENT DOCUMENTATION CLAIMS**

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 1 | BELLSOUTH CONSOLIDATED BNKRPTCY CENTER 301 W BAY ST, RM 12EE1 BST JACKSONVILLE FL 32202 | 01-01139 W.R. GRACE & CO. | 438 | $2,283.32 | (U) | DOCUMENTATION NOT SUFFICIENT TO DETERMINE LIABILITY. |
| 2 | CSX TRANSPORTATION ATTN: RUTH C SALTER BELLSOUTH TOWER J-220 301 W BAY ST 21ST FL JACKSONVILLE FL 32202 | 01-01139 W.R. GRACE & CO. | 673 | $24,648.04 | (U) | DOCUMENTATION NOT SUFFICIENT TO DETERMINE LIABILITY. |
| 3 | TENNESSEE DEPT OF REVENUE C/O ATTORNEY GENERAL P.O. BOX 20207 NASHVILLE TN 37202-0207 USA | 01-01139 W.R. GRACE & CO. | 17020 | $1,817.60 | (P) | DOCUMENTATION NOT SUFFICIENT TO DETERMINE LIABILITY. |

| | totals: | | |
|---|---|---|---|
| | $1,817.60 | (P) | |
| | $26,931.36 | (U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative     (S) - Secured
(P) - Priority     (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

9/18/2006 12:29:10 PM

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## DECLARATION OF MARK A. SHELNITZ IN SUPPORT OF DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

I, Mark A. Shelnitz, hereby declare that the following is true to the best of my knowledge, information and belief:

1.    I am the Vice President, General Counsel, and Secretary of W. R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Seventeenth Omnibus Objection (the "Seventeenth Omnibus Objection").

2.    I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Seventeenth Omnibus Objection and am, directly or through the Debtors' personnel, attorneys, and Bankruptcy Management Corporation, the

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3.      Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4.      To date, more that 15,000 Proofs of Claim have been filed against the Debtors in these cases by holders of claims (the "Claimants").

5.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases.  These claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims, which are the subject of the Seventeenth Omnibus Objection.  Based on these efforts, the Debtors have determined that the claims listed in the Seventeenth Omnibus Objection should be reclassified, reduced, or disallowed and expunged as indicated in the Seventeenth Omnibus Objection.

6.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit A of the Seventeenth Omnibus Objection are unenforceable against the Debtors or their property under any agreement or applicable law.  In particular, the Debtors' books and records indicate that they have no liability for these claims because either (a) the Claimant has no relationship with the Debtors, (b) the claim is not a liability of the Debtor but an alleged liability of an unrelated, non-debtor entity, or (c) the claim has been satisfied.

7.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit B of the Seventeenth Omnibus Objection are filed (a) with the

2

wrong classification, as there is no basis for secured status, and (b) for amounts that differ from the amounts reflected on the Debtors' books and records.

8.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit C of the Seventeenth Omnibus Objection are filed for amounts that differ from the amounts reflected on the Debtors' books and records.

9.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit D of the Seventeenth Omnibus Objection are filed with the wrong classification, as there is no basis for priority status.

10.      To the best of my knowledge and belief, I have determined that the claim against the Debtors listed on Exhibit E of the Seventeenth Omnibus Objection is unenforceable against the Debtors or their property under any agreement or applicable law.  In particular, the Debtors' books and records indicate that that there is no liability to the Claimant for this claim.

11.      To the best of my knowledge and belief, I have determined that the claims against the Debtors listed on Exhibit F of the Seventeenth Omnibus Objection are unenforceable against the Debtors or their property under any agreement or applicable law.  Claimants filing such claims have failed to file the requisite documentation in support of their claims and, as such, the Debtors cannot determine the validity of these claims.

3

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

September 18, 2006

_Mark A. Shelnitz_
Mark A. Shelnitz
Vice President,
General Counsel and
Secretary

Subscribed and sworn to before me
This 18th day of September, 2006.

_Diane Z. Armstrong_

NOTARY PUBLIC, State of __Maryland__
My Commission Expires: __09/01/2008__

DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 1, 2008



4

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No.** |
| | ) | |

### ORDER GRANTING RELIEF SOUGHT IN DEBTORS'
### SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon the Seventeenth Omnibus Objection to Claims (Substantive) (the "Seventeen

Omnibus Objection")[2] filed by the above captioned debtors and debtors in possession (the

"Debtors"), seeking entry of an order expunging and disallowing certain Claims; and no previous

application having been made; and upon consideration of the matters set forth herein; and due

and proper notice of the Seventeenth Omnibus Objection having been given, it is hereby

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms used but not defined herein are as defined in the Seventeenth Omnibus Objection.

ORDERED that, except as hereinafter stated, the relief sought in the Seventeenth Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto;[3] and it is further

ORDERED that that the Objection to each of the Claims listed on Exhibit A to this Order is sustained, and each of the claims listed on Exhibit A under the heading "No Liability Claims" is expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit B under the heading "Reclassify, Reduce & Allow Claims" to this Order is sustained, and each of the claims listed on Exhibit B is reclassified, reduced and allowed in the priority and amount stated on Exhibit B; and it is further

ORDERED that the Objection to each Claim listed on Exhibit C to this Order is sustained, and each of the claims listed on Exhibit C under the heading "Reduce & Allow Claims" is reduced and allowed in the amount listed on Exhibit C; and it is further

ORDERED that the Objection to each Claim listed on Exhibit D to this Order is sustained, and each of the claims listed on Exhibit D under the heading "Reclassify & Allow Claims" is reclassified and allowed in the amount and in the priority listed on Exhibit D; and it is further

ORDERED that the Objection to each Claim listed on Exhibit E to this Order is sustained, and each of the claims listed on Exhibit E under the heading "Unliquidated Claims" is expunged and disallowed for all purposes; and it is further

---

[3]    To the extent that any claim that is the subject of the Seventeenth Omnibus Objection has been or is otherwise addressed by an approved stipulation between the Debtors and the claimant, that stipulation shall control the disposition of that claim.

- 2 -

ORDERED that the Objection to each Claim listed on <u>Exhibit F</u> to this Order is sustained, and each of the claims listed on <u>Exhibit F</u> under the heading "Insufficient Documentation Claims" is expunged and disallowed for all purposes; and it is further

ORDERED that the rights of the Debtors to object to any claim listed on any exhibit to this Order for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: October ___, 2006

                                              _____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge