IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[2] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | **Objection Deadline:   To be Determined** |
| | | **Hearing Date:** |

**SUMMARY OF THE QUARTERLY APPLICATION OF WOODCOCK WASHBURN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL AND AS ORDINARY COURSE PROFESSIONALS FOR W.R. GRACE & CO., ET AL., FOR THE TWENTY FIRST QUARTERLY INTERIM PERIOD APRIL - JUNE 2006**

Name of Applicant: **Woodcock Washburn LLP**

Authorized to Provide Professional Services to: **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession**

Date of Retention as Special Litigation Counsel: **Retention Order entered January 22, 2003**

Date of Retention as Ordinary Course Professional: **Order Permitting Expansion of Services entered April 15, 2005**

Period for which compensation and reimbursement is sought **April 1, 2006, through June 30, 2006**

Amount of Compensation sought as actual, reasonable and necessary: **$ 174,057.00**

Amount of Expense Reimbursement sought as actual, reasonable and necessary: **$ 8,303.97**

---

[2]   The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

This quarterly application is for the Twenty First Interim Period, for the periods April, May, and June, 2006.  The following monthly fee applications, within the Eighth through Twentieth Interim Periods, have been previously filed:

| Period Covered | Date Filed | Requested Fees | Requested Disbursements |
|---|---|---|---|
| 1/1 – 1/31/03 | June 9, 2003 | $11,423.30 | $184.10 |
| 2/1 – 2/28/03 | June 9, 2003 | 29,216.00 | 684.22 |
| 3/1 – 3/31/03 | June 9, 2003 | 14,351.00 | 647.43 |
| 4/1 – 4/30/03 | June 3, 2003 | 14,268.50 | 244.41 |
| 5/1 – 5/31/03 | July 11, 2003 | 20,293.50 | 703.19 |
| 6/1 – 6/30/03 | August 1, 2003 | 24,087.00 | 2,822.23 |
| 7/1 – 7/31/03 | September 18, 2003 | 14,157.50 | 1,834.84 |
| 8/1/ - 8/31/03 | October 17, 2003 | 5,120.00 | 2,346.40 |
| 9/1 – 9/30/03 | November 6, 2003 | 18,536.00 | 2,143.81 |
| 10/1 – 10/31/03 | December 16, 2003 | 26,622.50 | 7,747.17 |
| 11/1 – 11/30/03 | January 23, 2004 | 46,329.50 | 22.29 |
| 12/1 – 12/31/03 | February 11, 2004 | 60,218.00 | 13,537.76 |
| 1/1 – 1/31/04 | March 29, 2004 | 117,384.00 | 34,007.41 |
| 2/1 - 2/29/04 | April 13, 2004 | 66,216.00 | 16,476.09 |
| 3/1 - 3/31/04 | April 27, 2004 | 96,991.00 | 8,235.63 |
| 4/1 - 4/30/04 | June 16, 2004 | 111,132.00 | 14,316.26 |
| 5/1 - 5/31/04 | July 19, 2004 | 104,787.00 | 14,642.22 |
| 6/1 - 6/30/04 | July 29, 2004 | 117,125.00 | 8,779.51 |
| 7/1 - 7/31/04 | September 17, 2004 | 85,802.00 | 10,905.33 |
| 8/1 – 8/31/04 | October 22, 2004 | 102,078.00 | 9,582.05 |
| 9/1 – 9/30/04 | November 9,2004 | 156,479.00 | 32,088.05 |
| 10/1 - 10/31/04 | December 17, 2004 | 169,846.00 | 69,597.98 |
| 11/1 – 11/30/04 | January 14, 2005 | 203,792.00 | 29,179.11 |
| 12/1 – 12/31/04 | February 11, 2005 | 164,958.00 | 92,377.99 |
| 1/1 – 1/31/05 | March 18, 2005 | 176,884.00 | 28,342.86 |
| 2/1 – 2/28/05 | April 15, 2005 | 157,122.50 | 125,892.70 |
| 3/1 – 3/31/05 | May 10, 2005 | 196,913.00 | 143,160.77 |
| 4/1 – 4/30/05 | June 21, 2005 | 124,598.70 | 6,544.89 |
| 5/1– 5/31/05 | July 20, 2005 | 198,043.00 | 45,257.99 |
| 6/1 – 6/30/05 | August 11, 2005 | 82,795.50 | 28,829.43 |
| 7/1 – 7/31/05 | September 15, 2005 | 53,078.50 | 578.90 |
| 8/1 – 8/31/05 | October 12, 2005 | 44,755.00 | 4,009.23 |
| 9/1 – 9/301/05 | November 22, 2005 | 47,211.00 | 146.73 |
| 10/1 – 10/31/05 | December 16, 2005 | 18,168.50 | 665.33 |

| 11/1– 11/30/05 | January 31, 2006 | 11,158.00 | 17.20 |
| 12/1– 12/31/05 | March 10, 2006 | 4,340.00 | 12.38 |
| 1/1 – 1/31/06 | March 29, 2006 | 3,470.00 | 80.82 |
| 2/1 – 2/28/06 | April 19, 2006 | 4,121.50 | 300.25 |
| 3/1 – 3/31/05 | May 4, 2006 | 8,338.50 | 2,055.56 |
| TOTAL | | $2,867,052.50 | $766,452.65 |

The fees and costs as requested in the Quarterly Applications previously filed by Woodcock for the Eighth through the Nineteenth Interim Periods have been given final approval by the fee auditor. The Application for the Twentieth Interim Period is pending.

The Woodcock professionals who rendered services as special litigation counsel during the current Quarterly Fee Period are:

| Name of Professional | Position with the Applicant | Year Admitted to Bar | Department | Hourly Billing Rate | Total Billed Hours | Total Fees Generated |
|---|---|---|---|---|---|---|
| Gary H. Levin | Partner | 1976 | IP Litigation | $505.00 | 0.4 | $ 202.00 |

Total Fees: $202.00
Blended Rate: $505.00

All fees for which reimbursement is sought in the category "Litigation and `Litigation Counseling" were rendered in connection with the Intercat suit.

The Woodcock professionals who rendered ordinary course services during the current Quarterly Fee Period were:

| Name of Professional | Position with the Applicant | Year Admitted to Bar | Department | Hourly Billing Rate | Total Billed Hours | Total Fees Generated |
|---|---|---|---|---|---|---|
| Gary H. Levin | Partner | 1976 | IP Litigation | $505.00 | 120.0 | $60,549.50 |
| Henrik D. Parker | Partner | 1984 | IP Litigation | $475.00 | 169.1 | $80,322.50 |
| Joseph Lucci | Partner | 1989 | IP Counseling | $430.00 | 0.3 | $129.00 |
| David R. Bailey | Partner | 1990 | IP Litigation | $415.00 | 1.8 | $747.00 |
| Rick B. LeBlanc | Partner | 1994 | IP Counseling | $375.00 | 41.0 | $15,375.00 |
| Frank T. Carroll | Associate | 1998 | IP Counseling | $325.00 | 1.4 | $455.00 |
| Steve Timmins | Associate | 2000 | IP Counseling | $305.00 | 39.8 | $12,139.00 |
| Noreen Garonski | Paralegal | - | Prosecution | $175.00 | 2.0 | $350.00 |
| Law Clerks | Clerk | - | IP General | $150.00 | 26.6 | $3,990.00 |

Total Fees:  $174,057.00
Blended Rate:  $433.00

Expenses incurred in performing ordinary course services were as follows:

| Summary Total of Expenses/Disbursements | |
|---|---|
| Postage | $    26.70 |
| Photocopying (Standard Copies) | $   243.30 |
| Telephone | $     4.80 |
| Patent Copies | $ 2,115.00 |
| Patent Office Fees | $ 4,305.00 |
| Formal Drawings | $   870.00 |
| Computer Search | $   739.17 |
| TOTAL | $ 8,303.97 |

Detail for "Travel & Expenses" is provided in the fee application for the month in which

the expenses were incurred, attached as Exhibits A-C. With respect to disbursements for

which compensation is requested, computer-assisted legal research and docket tracking

are billed at no higher than actual cost, out-going fax charges are billed at no higher than

$1/page (with no charge for incoming faxes), and charges for standard copying are billed

at no more than $0.15/page.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | **Objection Deadline:   To be Determined** |
| | | **Hearing Date:** |

## QUARTERLY APPLICATION OF WOODCOCK WASHBURN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL AND AS ORDINARY COURSE PROFESSIONALS FOR W.R. GRACE & CO., *ET AL.*, FOR THE TWENTY FIRST QUARTERLY INTERIM PERIOD OF APRIL – JUNE 2006

Pursuant to section 327, 330 and 331 of Title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Orders (as

defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Professionals

and Official Committee Members (The "Interim Compensation Order"), the Amended

Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals

and Official Committee Members (The "Amended Interim Compensation Order") and

---

[1]   The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Del.Bankr.LR 2016-2, the law firm of Woodcock Washburn LLP ("Woodcock"), special litigation counsel and ordinary course professional for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby applies for an order allowing it (i) compensation in the amount of $174,057.00 for the reasonable and necessary legal service Woodcock has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Woodcock has incurred in the amount of $ 8,303.97 for the interim quarterly period from April 1, 2006 through June 30, 2006 (the "Fee Period"). In support of this Application, Woodcock states as follows:

### Background

### Retention of Woodcock Washburn

1.      By this Court's order dated January 22, 2003, (the "Retention Order"), the Debtors were authorized to retain Woodcock as special litigation counsel to represent Debtor W.R. Grace & Co.-Conn in order to intervene as a defendant in a suit originally brought in 2002 in the District Court for the Northern District of Indiana but now pending, following a transfer pursuant to 28 U.S.C. § 1404, in the District of Minnesota as *Bartholic and Intercat, Inc. v. Nol-Tec Systems, Inc.*, civil action 03-CV-4886 (RHK/AJB) (the "Intercat suit"). On April 15, 2005, the Court entered a further Order ("the Expansion Order") granting Debtor's earlier "Motion for Authorization to Modify and Expand the Scope of Services Provided by Woodcock Washburn LLP." This Order authorized Debtor to retain, and Woodcock to provide to Debtor, further services in ordinary course in the field of intellectual property and authorized Debtor to reimburse Woodcock for ordinary course services provided prior to the Order entry date. The

Retention Order and Expansion Order authorize the Debtor to compensate Woodcock at

Woodcock's hourly rates charged for services of this kind and to reimburse Woodcock

for actual and necessary out-of-pocket expenses that it incurred, subject to application to

this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure, applicable local rules, and orders of this Court.

**Interim Fee Applications Covered Herein**

2.      Pursuant to the procedures set forth in the Interim Compensation Order, as

amended by the Amended Interim Compensation Order, professionals may apply for

monthly compensation and reimbursement (each such application, a "Monthly Fee

Application"); the notice parties listed in the Amended Interim Compensation Order may

object to such request.  If no notice party objects to a professional's Monthly Fee

Application within twenty (20) days after the date of service of the Monthly Fee

Application, the applicable professional may submit to the Court a certification of no

objection whereupon the Debtors are authorized to pay interim compensation and

reimbursement of 80% of the fees and 100% of the expenses requested.

3.      Furthermore, and also pursuant to the Amended Interim Compensation

Order, after the end of each quarter, professionals are to file and serve upon the notice

parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and

allowance of the Monthly Fee Applications filed during the quarter covered by that

Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee

Application, the Debtors are authorized and directed to pay the professional 100% of the

fees and expenses requested in the Monthly Fee Applications covered by that Quarterly

Fee Application less any amounts previously paid in connection with the Monthly Fee

Applications. Any payment made pursuant to the Monthly Fee Applications or a

Quarterly Fee Application is subject to final approval of all fees and expenses at a

hearing on the professional's final fee application.

      4.      This Quarterly Fee Application, which is submitted in accordance with the

Amended Interim Compensation Order, is the fourteenth such quarterly Application for

compensation for services rendered that Woodcock has filed with the Bankruptcy Court

and covers the Fee Period April-June 2006 (the Twenty First Quarterly Period).

      5.      Woodcock has filed the following Monthly Fee Applications for interim

compensation during this Fee Period:

      a.      Summary Application of Woodcock for Compensation for Services and

      Reimbursement of Expenses as Counsel to W.R. Grace & Co., *et al.*, for

      April 2006, filed July 7, 2006, attached hereto as Exhibit A.

      b.      Summary Application of Woodcock for Compensation for Services and

      Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for

      May 2006, filed July 13, 2006, attached hereto as Exhibit B.

      c.      Summary Application of Woodcock for Compensation for Services and

      Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for

      June 2006, filed August 14, 2006, attached as Exhibit C.

The Monthly Applications are pending.

      6.      In its role as special litigation counsel during this Fee Period, Woodcock

has advised and represented W.R. Grace & Co.-Conn. in connection with details of the

final settlement of the Intercat suit and matters relating to its business as affected by the

Intercat suit. In its role as ordinary course professional, Woodcock has advised W.R.

Grace & Co.-Conn. on general matters relating to intellectual property and has performed

general services in the intellectual property field, such as preparing and prosecuting

patent applications and rendering opinions on certain intellectual property matters.

Because Woodcock's fee applications may be obtained by third-parties, the descriptions

of fee services provided here are necessarily more general than might otherwise be

provided.

**Requested Relief**

7.      By this Quarterly Fee Application, Woodcock requests that the Court

approve the interim allowance of compensation for professional services rendered and the

reimbursement of actual and necessary expenses incurred by Woodcock for the Fee

Period and for the periods covered by the Petition, as detailed in the Applications and

Petition, less any amount actually paid to Woodcock pursuant to the Applications and

Petition during the pendency of this Quarterly Fee Application.

**Disinterestedness**

8.      Woodcock does not hold or represent any interest adverse to the estates,

and has been, at all relevant times, a disinterested person as that term is defined in section

101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

Woodcock disclosed in its Application for Appointment as Special Litigation Counsel

any connection it had to the Debtors that it had been able to ascertain using its reasonable

efforts.  Woodcock will update the disclosures where necessary if Woodcock becomes aware of material new information.

### Representations

9.      Woodcock believes that this Quarterly Fee Application complies with the requirements of Del.Bankr.LR2016-2 and the Amended Interim Compensation Order.

10.     Woodcock performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor, or other person.

11.     During the Fee Period, Woodcock has received no payment, nor has it received any promises for payment, from any other source for services rendered during the Fee Period or to be rendered in any capacity whatsoever in connection with its acting as counsel for Debtors.

12.     Pursuant to Fed. R. Bank. P. 2016(b), Woodcock has not shared, nor has it agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Woodcock, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 case.

WHEREFORE, Woodcock respectfully requests that the Court enter an order providing (a) that, for this Fee Period, April 1, 2006, through June 30, 2006, an administrative allowance be made to Woodcock in the sums of (i) $174,057.00 as compensation for reasonable and necessary professional services rendered for the Debtors and (ii) $8,303.97 for reimbursement of actual and necessary costs and expenses

- 6 -

incurred, for a total of $182,360.97, and (b) that the Debtors be authorized and directed to

pay to Woodcock the outstanding amount of such sums less any sums previously paid to

Woodcock pursuant to the Applications and the procedures set forth in the Interim

Compensation Order.

Respectfully submitted

Date:    August 23, 2006

Gary H. Levin
Woodcock Washburn LLP
One Liberty Place – 46th Floor
Philadelphia, PA  19103
(215) 568-3100
levin@woodcock.com

- 7 -