IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 11067 |
| | ) | 9/11/06 Agenda |
| | ) | Item No. 11067 |

## CERTIFICATION OF COUNSEL REGARDING ORDER EXTENDING DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES

1.  At the September 11, 2006 hearing, the Court granted the Debtors' Ninth Motion for an Order Pursuant to Bankruptcy Code Section 1121(d) Extending the Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon (Dkt. No. 11067).

2.  On September 19, 2006, the Court entered an Interim Order Pursuant to Bankruptcy Code Section 1121(d) Extending the Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon (Dkt No. 13257).

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3. Attached hereto please find a draft Order Pursuant to Bankruptcy Code Section 1121(d) Extending the Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon (the "Order"). The draft Order has been agreed to by all official Committees and the Future Claimants' Representative.

4. The State of Montana, the Attorney General of Canada, and the court-appointed representative for ZAI Canadian Claimants in the CCAA proceeding of Grace Canada, Inc. have requested that the draft Order contain the following additional language: "The Court expects that the parties will continue to meet and confer in an effort to resolve their differences in order to ultimately formulate a consensual plan of reorganization." The PI Committee, the PD Committee and the Future Claimants' Representative object to this proposed addition to the Order.

5. The Debtors respectfully request entry of the Order in the form to which the Court deems appropriate.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 2, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*/s/ Curtis A. Hehn*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Curtis A. Hehn (Bar No. 4264)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | |
| ) | Case no. 01-01139 (JFK) |
| W.R. GRACE & CO., *et al.*, ) | Jointly Administered |
| ) | Re: Docket No. 11067 |
| Debtors ) | 9/11/06 Agenda |
| ) | Item No. 11067 |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND TO SOLICIT VOTES THEREON**

This matter coming before the Court on the Debtors' Ninth Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods in Which to file a Chapter 11 Plan and to Solicit Votes Thereon (the "Motion"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate under the circumstances; and the Court having reviewed the relevant responses and objections to the Motion, having heard the arguments of Counsel and having determined that just cause has been established for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtors' exclusive filing and solicitation periods for a chapter 11 plan are extended through and including the date of the Court's Omnibus Hearing in July 2007, at which time the Debtors may be heard with respect to a request for a further extension of such periods.

3. This Order is without prejudice to any party in interest moving the Court to terminate the Debtors' exclusive periods at any time prior to the July 2007 hearing.

91100-001\DOCS_DE:121790.1

2

4. The Court shall retain jurisdiction to hear and determine all mattes arising from or related to this Order.

Dated: _____, 2006

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

91100-001\DOCS_DE:121790.1