**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:                                                    )          Chapter 11
                                                          )
W.R. Grace & Co., et al.,                                 )          Case No. 01-01139 (JKF)
                                                          )          Jointly Administered
                    Debtors.[1]                           )
_____)

## RESPONSE OF CSX TRANSPORTATION INC. TO THE DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

CSX Transportation Inc. ("CSX"), by counsel, hereby submits its response (the

"Response") to the Debtors' Seventeenth Omnibus Objection to Claims (Substantive)

(the "Claim Objection"), and respectfully states as follows:

### STATEMENT OF FACTS

1.      On April 2, 2001, W.R. Grace & Co. and numerous of its subsidiaries and

affiliates (the "Debtors") filed voluntary chapter 11 bankruptcy petitions in the United

_____

[1] The debtors are W.R. Grace & Co. (f/k/a/ Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Itermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Envrionmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

States Bankruptcy Court for the District of Delaware. The Debtors' bankruptcy cases are being jointly administered under Case No. 01-01139 (Jointly Administered).

2.      On or about March 20, 2002, CSX timely filed a proof of claim asserting a general unsecured claim in the amount of $24,648.04 ("Claim No. 673")[2] for, *inter alia*, freight and switching charges. As of September 27, 2006, the total amount due and owing from the Debtors to CSX on Claim No. 673 is $19,124.42. Copies of the outstanding freight and incidental bills are attached hereto as Exhibit A.

3.      On October 3, 2006, this Court entered its Order Pursuant to Bankruptcy Code Section 1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon, extending the Debtors' exclusive period to file a plan until the Court's July 2007 omnibus hearing date. As of the date of filing of this Response, the Debtors have not filed a proposed plan of reorganization.

4.      On September 18, 2006, the Debtors filed the Claim Objection. The Debtors seek to have Claim No. 673 disallowed and expunged on the ground that a review of the Debtors' books and records indicates that the Debtors have no liability for the amounts claimed and CSX failed to file the requisite documentation in support of Claim No. 673. Claim Objection at ¶¶ 6, 11. In their attachments to the Claim Objection, the Debtors specify the following reasons for the proposed disallowance (i) "Two invoices belong to non-debtor entities Dow Hamshire and Scotts, and others should not have been cancelled, claimant not able to provide invoice copies" and (ii) "Documentation not sufficient to determine liability." Claim Objection at Attachment A, Attachment F.

---

[2] By order dated April 22, 2002, this Court entered its Claims Bar Date Notice (the "Bar Date Order"). The Bar Date Order established a deadline of March 31, 2003 for filing proofs of claim in the Debtors' cases.

## **ARGUMENT**

5.      Federal Rule of Bankruptcy Procedure 3001(f) provides that a validly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3rd Cir. 1992). The party objecting to the proof of claim bears the burden to "produce evidence sufficient to negate the prima facie validity of the filed claim." Id.; see also 9 COLLIER ON BANKRUPTCY at ¶ 3001.09[2] (15th ed. 1996).

6.      In this case, Claim No. 673, along with the exhibits attached thereto and the copies of the bills attached hereto, constitutes prima facie evidence of the validity and amount of CSX's claim against the Debtors' estates. Thus, the Debtors bear the burden of presenting affirmative evidence to demonstrate why CSX's claim is invalid and have failed to offer any evidence to establish the invalidity of the claim, other than the vague contentions in the Declaration of Mark A. Shelnitz in Support of Debtors' Seventeenth Omnibus Objection to Claims (Substantive) that Claim No. 673 is not supported by the Debtors' books and records, the Debtors believe the amounts are not the liability of the Debtors' estate, and CSX failed to file requisite documentation in support of its claim.

7.      In the event that the parties are unable to reach a consensual resolution of the alleged discrepancy between Claim No. 673 and the Debtors' books and records, CSX requests an evidentiary hearing on the Objection.

## CONCLUSION

WHEREFORE, CSX respectfully request that the Court enter an Order overruling the Claim Objection, allowing Claim No. 673 as a general unsecured claim in the amount of $19,124.42 and granting such other and further relief as the Court deems appropriate.

Dated:  October 6, 2006

Respectfully submitted,

CSX TRANSPORTATION, INC.

/s/ Barbara Stratton
Barbara Stratton (DSB 2785)
KNEPPER & STRATTON
1228 King Street
P.O. Box 1795
Wilmington, Delaware 19899
302.658.1717

-and-

John H. Maddock III
Elizabeth L. Gunn
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
804.775.1178

*Co-Counsel for CSX Transportation, Inc.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:                                    )     Chapter 11
                                          )
W.R. Grace & Co., et al.,                 )     Case No. 01-01139 (JKF)
                                          )     Jointly Administered
            Debtors.                      )
_____)

## CERTIFICATE OF SERVICE

Barbara Stratton hereby certifies that a true copy of the foregoing Response of

CSX Transportation, Inc. to the Debtors' Seventeenth Omnibus Objection to Claims

(Substantive) was served on October 6, 2006 via (1) ECF delivery on all parties who

receive electronic notice in these cases and (2) by Elizabeth L. Gunn of McGuireWoods

LLP via first class regular mail to the parties listed on Exhibit A hereto.

> /s/ Barbara Stratton
> Barbara Stratton (DSB 2785)
> KNEPPER & STRATTON
> 1228 King Street
> P.O. Box 1795
> Wilmington, Delaware 19899
> 302.658.1717
>
> -and-
>
> John H. Maddock III
> Elizabeth L. Gunn
> McGUIREWOODS LLP
> One James Center
> 901 East Cary Street
> Richmond, Virginia 23219
> 804.775.1000
>
> *Co-Counsel for CSX Transportation, Inc.*

5

## **EXHIBIT A**

Holly Bull, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

James E. O'Neill, Esq.
Pachulski Stang Ziehl Young Jones & Weintraub LLP
919 North Market Street
17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

Michael R. Lastowski
Duane, Morris & Heckscher, LLP
1100 N. Market Street
Suite 1200
Wilmington, DE  19801-1246

Scott L. Baena
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, FL  33131

Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street
Suite 904
P.O. Box 1351
Wilmington, DE  19899

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Mark T. Hurford
Campbell & Levine, LLC
800 N. King Street
Suite 300
Wilmington, DE  19801

6

Thomas M. Mayer
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier
Buchanan Ingersol & Rooney P.C.
1000 West Street
Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

Richard H. Wyron
Orrick, Herrington & Sutcliff LLP
3050 K Street, NW
Washington, DC 20007

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Office of the United States Trustee
Attn: David Klauder
844 N. King Street
Wilmington, DE 19801

\4204843.1