# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) Re: Docket Nos. 12823, 13004, 13130, 12924, |
| | ) 12927, 12929, 12930, 12931, 12944, 12932, |
| | ) 12933, 12934, 12935, 12936, 12937, 12938, |
| | ) 12939, 12940, 12945, 12946, 12947, 12960, |
| | ) 12963, 12970, 12974, 12980, 13067, 13161, |
| | ) 13141, 13142, 13144, 13157, 13158, 13160 |
| **Related to COC filed at Dkt. No. 13377** | ) 9/11/06 Agenda Item No. 2 |

### ORDER CONCERNING DEBTORS' MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Upon consideration of the Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire, filed on July 17, 2006 at docket number 12823 (the "Motion"); as well as all Objections, Oppositions, Responses and other filings related thereto; and all argument on the Motion; and upon due deliberation:

IT IS HEREBY ORDERED THAT:

1. The portion of the Debtors' Motion seeking a ruling that all objections to the questions contained in the Questionnaire have been previously overruled is DENIED. However, the Court has stated that, as a general matter, the questions contained in the Questionnaire are relevant for purposes of Grace's discovery relating to the estimation of Grace's asbestos personal injury liability and the Court expects the claimants and/or their lawyers to answer the questions in the Questionnaire completely and accurately. The Court has indicated that there may be specific individual questions that for reasons

particular to an individual's circumstances or claim, a question contained in the Questionnaire is not relevant to his or her claim or is unduly burdensome or invades a privilege, and he or she may separately raise his or her specific objections pursuant to the mechanism established below in ¶ 6. The Court has not decided the merits of any claimant-specific objection.

2. The portion of the Debtors' Motion seeking a ruling that answers to the questions contained in the Questionnaire may not be provided solely by means of attachment is DENIED. However, if a response is made by way of an attachment, the attachment must have the answer to the question, must be in a recognizable, legible format that are either numbered (whether by Bates number or some other appropriate numbering system or method) or otherwise identified (such as behind an exhibit tab) and the response must reference clearly the specific page(s) of the attachment so that the Debtors understand which page(s) of the attachment provides the answer to a specific Question in the Questionnaire. Pages that do not contain the answer should not be referenced.

3. The portion of the Debtors' Motion seeking a ruling that all claimants and all attorneys of record must both sign the Questionnaires is DENIED. However, the attestation contained in part X of the Questionnaire must be signed by the claimant or his/her attorney, or if necessary, both, sufficient to satisfy the attestation required by Part X. If more than one attestation is provided, the Claimant or his counsel must identify the responses to which the respective attestation corresponds.

4. The following are deemed to be contention interrogatories that shall be answered by (1) checking the responsive box or boxes on the Questionnaire, and (2)

attaching the relevant medical document/s: Part II, Question 1 including subparts a-f. Part II, Question 1, including subparts a-f may not be answered solely by attachment unless a claimant and counsel acting in good faith does not know the answer to the questions in that section. In that circumstance, it is acceptable to check the "Other" box, state that the answer is not known, and attach the relevant medical document(s), consistent with the provisions of ¶ 2 of this Order.

5. Claimants who elect to supplement their Questionnaire responses shall make a good faith effort to do so within thirty days of the date of this Order (subject to extension, upon agreement with the Debtors or Order by the Court).

6. If the claimant intends to supplement their Questionnaire responses counsel for such claimants must assert within 30 days of this Order regardless of any extension granted for actual supplementation whether or not any previously made and/or additional objections to the Questionnaire are being asserted to the part of the Questionnaire response that is being supplemented. Thus, for each question he or she plans to supplement, the Claimant must indicate whether or not a previously lodged objection has been withdrawn or modified by the supplementation, within thirty days of the date of this Order. All objections to those portions of the Questionnaire that are not supplemented, or objections made by claimants who do not plan to supplement their prior responses, shall remain in force and continue as originally asserted.

Dated: **October 12**_____, 2006

*Judith K. Fitzgerald*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge