# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | Re: Docket Nos. 9300, 9302, 9315, 12405 |
| | ) | |
| Debtors. | ) | |

**AMENDED NOTICE OF DEADLINES AND PROCESS REGARDING
OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS**

**To: All Claimants With Pending Asbestos Property Damage Claims. Please read this Notice carefully as it may affect your filed claims against W. R. Grace:**

1.  On August 29, 2005, the Court entered two Orders with respect to Asbestos Property Damage Claims. The first Order was the Case Management Order for the Adjudication of Asbestos Property Damage Claims Objections (the "PD Claims CMO") (Docket No. 9300) and the second was the Case Management Order for the Estimation of Asbestos Property Damage Liabilities (the "Estimation CMO") (Docket No. 9302). The estimation of PD Claims pursuant to the Estimation CMO was being litigated by the Debtors, on the one hand, and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") and certain PD Claimants who elected to participate, on the other hand.

2.  On September 1, 2005, pursuant to the PD Claims CMO, the Debtors filed their Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims (the 15th Omnibus Objection) (Docket No. 9315) wherein the Debtors objected to certain Asbestos Property Damage Claims ("PD Claims").

3.  As of the date of this Notice, there are 656 pending PD Claims. The Debtors objected to all of these PD Claims in the 15th Omnibus Objection. These claims consist of 504 U. S. Traditional Claims, 97 Canadian Claims and 55 claims which were designated in the PD Proofs

of Claim as "Category 2" claims, defined as claims regarding "Allegations with respect to one of Grace's vermiculite mining, milling or processing operations." **All of these pending PD Claims are the subject of this Notice**.

4.  On August 31, 2006, the Court entered an Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims ("Order"). Copies of that Order and the attached exhibits to that Order, including a schedule of remaining discovery, are included with this Notice. They set forth the schedule going forward for discovery, various other deadlines and for the adjudication of objections which the Debtors have raised in the 15th Omnibus Objection to certain PD Claims. As a result of the Order, Phase II of the Estimation will <u>not</u> go forward at this time, and this Order supercedes any and all scheduling orders previously entered by the Court regarding Asbestos Property Damage Claims, including the schedule set forth in the Estimation CMO.

5.  Moreover, pursuant to the Order:

(i)    Parties may file summary judgment motions by the deadlines set forth in the Order as follows:

(A)    Motions for summary judgment or to dismiss regarding product identification, limitations periods, and the Libby issue may be filed by any party at **any time prior to 4:00 p.m., Eastern time, February 16, 2007**. Responses must be filed no later than **4:00 p.m., Eastern time, on March 19, 2007**. Replies must be filed not later than **4:00 p.m., Eastern time, on March 23, 2007**, and shall be limited to five (5) pages. Cross-motions for summary judgment will <u>NOT</u> be treated as responses. These motions will be heard in Pittsburgh, Pennsylvania, on **April 9, 2007, at 9:00 a.m., Eastern time**.

(B)    Motions for summary judgment or to dismiss regarding lack of hazard may be filed by any party at **any time prior to 4:00 p.m., Eastern time, on March 20, 2007**. Responses must be filed no later than **4:00 p.m., Eastern time, on April 20, 2007**. Replies must be filed not later than **4:00 p.m., Eastern time, on April 26, 2007**, and shall be limited to five (5) pages. Cross-motions for

2

summary judgment will NOT be treated as responses. These motions will be heard in Pittsburgh, Pennsylvania, on May 7, 2007, at 9:00 a.m., Eastern time.

(ii)     There will be a **hearing on January 29, 30 and 31, commencing at 9:00 a.m. Eastern time each day,** in Pittsburgh, Pennsylvania, regarding whether the use of surface dust sample collection and analysis is admissible in accordance with Federal Rule of Evidence 702 to assess or establish whether the Debtors' asbestos-containing products are defective or unreasonably dangerous (the "Methodology Issue"). **All parties will be bound by the Court's determination in this regard and may elect to participate.** Any PD Claimant which hereafter so elects shall be required to designate experts and submit expert reports addressing the Methodology Issue and otherwise comply with the Schedule set forth in Exhibit B attached hereto. The PD Committee may continue to be a party to the Methodology Issue; however, the PD Committee does not and cannot represent an individual PD Claimant or defend against an objection to any individual PD claim.

6.     Certain substantive objections previously lodged by the Debtors in the 15th Omnibus Objection to PD Claims will be adjudicated in two evidentiary hearings, as follows:

(A)     On **April 23, 24 and 25, 2007, commencing at 9:00 a.m. Eastern time,** in Pittsburgh, Pennsylvania. (the "April 2007 hearing"), the Debtors' objections related to product identification and limitations periods will be adjudicated. More specifically, these objections are:

(1)     **Product Identification.** These objections relate to claims that allegedly fail to demonstrate, either through bulk sampling data or other evidence, that some or all of the products allegedly installed or applied in the properties were asbestos-containing or were manufactured or sold by the Debtors. The objections were set forth in objections C-2 through C-4 and F-4 in the 15th Omnibus Objection.

3

(2) **Limitations Periods.** These objections relate to claims that allegedly are barred by assumption of risk, statute of limitations, statute of repose and/or laches. The objections were set forth in objections D-1 through D-6, F-1 and F-5 in the 15th Omnibus Objection.

(B) Additionally, objections with respect to the Category 2 claims related to residences in the Libby, Montana area alleging that the property has already been or will be remediated by the EPA (the "Libby issue") will be adjudicated at the April 2007 hearing. This objection was set forth in objection G-2 in the 15th Omnibus Objection.

(C) On **May 30 and 31, 2007, commencing at 9:00 a.m., Eastern time,** in Pittsburgh, Pennsylvania (the "May 2007 hearing"), the Debtors' objections related to **lack of hazard** will be tried. More specifically, these objections relate to PD Claims that the Debtors' contend fail to demonstrate that the Debtors' asbestos-containing products allegedly installed in claimants' buildings create an unreasonable risk of harm, including but not limited to the Debtor's contention that these PD Claims (i) provide no measurement of relevant asbestos levels, (ii) rely exclusively on dust sampling results that are irrelevant and scientifically unreliable, (iii) rely on air sampling results that are inapplicable, or (iv) attach air sampling results that do not support the existence of a health hazard. These objections were set forth in objections E-1 through E-4 and F-5 in the 15th Omnibus Objection.

Dated: _____, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

4