# **EXHIBIT 1**

Case 01-01139-AMC    Doc 13412-1    Filed 10/13/06    Page 1 of 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| ) | **Hearing Date: October 23, 2006 2:00 P.M.** |
| Debtors. ) | |
| ) | Re: Docket Nos. 11365, 11522 |
| ) | |

**DEBTORS' REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER AGAINST ANDERSON
MEMORIAL'S REQUESTS FOR 30(B)(6) DEPOSITIONS AND DOCUMENTS**

On December 13, 2005, the law firm of Speights & Runyan served five 30(b)(6) deposition notices and related requests for documents on the Debtors. These Notices are attached to the Debtors' December 19, 2005 Motion for Protective Order (Dkt. No. 11365) at Exhibits A - E. At the September 25, 2006 hearing, Speights agreed that depositions on notice issues -- i.e., the first two deposition notices, Exhibits A and B to the Debtors' Motion, are no longer appropriate. That leaves in contention three deposition notices which, as set forth below, are so far afield from any class certification issue that it is plain that they have been exhumed at this time for only one purpose: delay. As set forth more fully herein and in the Debtors' Motion for Protective Order, the Debtors respectfully request that the Court grant the Motion as to each of the five deposition notices.

1. During the September 25, 2006 hearing, Speights raised these depositions notices, although he had not asked for discovery issues to be placed on the agenda for that hearing.

2. At the September 25 hearing, Speights stated that he no longer seeks discovery on notice issues. He also stated that only one of the deposition notices dealt with

issues regarding adequate notice in connection with the bar date for property damage claims. (While Speights also stated that there were six deposition notices, there were only five, attached as Exhibits A through E to the Debtors' Motion for Protective Order.) In fact, actually two of the five deposition notices dealt with notice issues:

- Ex. A to the Debtors' Motion for Protective Order:
    - the Debtors' knowledge of how many of the hundreds of thousands of people that received notice of the Bar Date from the Debtors held potential property damage claims against the Debtors; and

- Ex. B to the Debtors' Motion for Protective Order:
    - the Debtors' knowledge of and efforts to determine the addresses and owners of buildings that allegedly contain Grace asbestos-containing materials.

3.  Thus, two of Speights' deposition notices (Exhibits A and B to the Debtors' Motion) have, according to Speights' representations to this Court on September 25, been withdrawn.

4.  Still at issue, then, are Speights' three other December 2005 deposition notices, on the following topics:

- Ex. C to the Debtors' Motion for Protective Order:
    - the Debtors' knowledge of and pre-petition efforts to settle the Anderson Memorial class action filed in South Carolina;

- Ex. D to the Debtors' Motion for Protective Order:
    - the Debtors' knowledge of efforts in 2001 to exclude Anderson Memorial, Speights & Runyan, or Daniel Speights from the Official Committee of Property Damage Creditors; and

- Ex. E to the Debtors' Motion for Protective Order:
    - The Debtors' communications with the Celotex Asbestos Settlement Trust or the Bodily Injury Trust Advisory Committee regarding

2

property damage claims filed by Speights & Runyan or through Anderson Memorial Hospital.

5. These three deposition notices do not bear even the slightest connection or relevance to Anderson Memorial Class Certification issues. These notices were, in December 2005, simply fishing expeditions for the sole purpose of delay. Now, in October 2006, this is even more apparent.

6. The Debtors' purported knowledge of and pre-petition efforts to settle the South Carolina Anderson Memorial class action have nothing to do with whether, given that thousands of property damage claims have been expunged in these Chapter 11 cases, class certification is either necessary or appropriate or helpful. The other two deposition topics are so far afar as to be not even worth comment.

7. It is not surprising, therefore, that Speights has *never* filed a substantive response to the Debtors' December 19, 2005 Motion for Protective Order. Speights' January 10, 2006 "Response" (Dkt. No. 11522) did not "respond" at all -- it simply stated that the Court had asked for briefing on a distinct legal issue. Thus, the points set forth in the Debtors' Motion remain unrebutted.

WHEREFORE, for the foregoing reasons and as set forth in the Debtors' December 19, 2005 Motion for Protective Order Against Anderson Memorial's Requests for 30(b)(6) Depositions and Documents (Dkt. No. 11365), the Debtors respectfully request that their Motion for Protective Order be granted.

Dated: October 13, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Co-Counsel for Debtors and Debtors in Possession