## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | )   SS: |
| COUNTY OF COOK | ) |

## TWENTIETH SUPPLEMENTAL AFFIDAVIT OF DISINTERESTEDNESS UNDER 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014

Richard M. Cieri, being duly sworn, deposes and says:

1.      I am a partner in the firm of Kirkland & Ellis LLP ("K&E"), Citigroup Center, 153 East 53rd Street, New York, New York 10022. I am authorized to make this affidavit on K&E's behalf.

---

[1]      The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.    On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et. seq. ("Chapter 11").

3.    On April 2, 2001, K&E filed an application to be retained as Debtors' counsel in the Debtors' Chapter 11 cases (the "Application"). By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Cases and all related matters. K&E has filed the following affidavits in support of the Application:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession, filed April 2, 2001 (the "Original Affidavit");

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 17, 2001 (the "First Supplement");

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 2, 2001 (the "Second Supplement");

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 25, 2001 (the "Third Supplement");

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed September 13, 2001 (the "Fourth Supplement");

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 24, 2001 (the "Fifth Supplement");

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed November 13, 2001 (the "Sixth Supplement");

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 11, 2002 (the "Seventh Supplement");

- Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 23, 2002 (the "Eighth Supplement");

- Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 19, 2002 (the "Ninth Supplement");

- Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr P. 2014, filed September 18, 2002 (the "Tenth Supplement");

- Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed March 11, 2003 (the "Eleventh Supplement");

- Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed September 20, 2004, and the Amendment to the Twelfth Supplement, filed December 2, 2004, (the "Twelfth Supplement");

- Thirteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed February 10, 2005 (the "Thirteenth Supplement");

- Fourteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 14, 2005 (the "Fourteenth Supplement");

- Fifteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed December 12, 2005 (the "Fifteenth Supplement";

- Sixteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed March 20, 2006 (the "Sixteenth Supplement";

- Seventeenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 17, 2006 (the "Seventeenth Supplement";

- Eighteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 22, 2006 (the "Eighteenth Supplement"; and

- Nineteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 23, 2006 (the "Nineteenth

3

Supplement"); together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement, the Sixth Supplement, the Seventh Supplement, the Eighth Supplement, the Ninth Supplement, the Tenth Supplement, the Eleventh Supplement, the Twelfth Supplement and Amendment to Twelfth Supplement, the Thirteenth Supplement, the Fourteenth Supplement, the Fifteenth Supplement, the Sixteenth Supplement, the Seventeenth Supplement, and the Eighteenth Supplement, the "Prior Affidavits").

4.    I submit this Twentieth Supplemental Affidavit (the "Twentieth Supplement") to provide additional disclosure required under Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). Unless otherwise stated in this Twentieth Supplement, I have personal knowledge of the facts set forth herein.

5.    None of the additional representations described herein are materially adverse to the interests of the Debtors' estates.

6.    As stated in the Prior Affidavits, K&E continues to learn of parties who have or may have had relationships to the Debtors. Thereafter, as is reasonably practicable, K&E will file additional supplemental affidavits as required by Fed. R. Bankr. P. 2014(a).

### Additional Disclosures

A.    **Conflict Searches Relating to the Seventeenth Omnibus Objection to Claims**

7.    K&E has searched its electronic database for its connection, if any, to the claimants to whose claims the Debtors objected in the Debtors' Seventeenth Omnibus Objection to Claims (Substantive), filed on September 18, 2006 [Docket No. 13254] (such objection, the "Seventeenth Omnibus Objection", and, such searches, the "Claim Searches"). The Seventeenth Omnibus Objection claimants are listed on **Exhibit A** attached hereto.

4

**B.     Update Searches**

8.     In addition to completing the Claim Searches, K&E has also recently completed updated conflicts searches on all the entities and individuals whose names were previously searched during the pendency of the Cases (such searches, the "Update Searches"). Such names include:  certain of the Debtors' vendors, lessors, customers, insurers, investment bankers, bank creditors, letters of credit providers, officers and directors, significant equity security holders, significant unsecured creditors, claimants whose claims are the subject of a claims objection, litigation co-defendants, ordinary course professionals, other parties in interest, and any additional Federal Rule of Bankruptcy Procedure Rule 2002 parties not otherwise searched.  Because of the large number of names of entities and individuals for which K&E has completed the Update Searches, and because the identity of each has previously been disclosed in the Prior Affidavits, those names are not repeated on **Exhibit A.**

**C.     Results of Claim Searches and Update Searches**

9.     **Exhibit B**[2] lists the client connections found as a result of both the Claim Searches and the Update Searches.[3]

10.     Based on the conflicts searches conducted to date and described herein, to the best of my knowledge, neither K&E nor any partner, of counsel or associate thereof has any connection with the Debtors, their creditors or any other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the

---

[2]    On **Exhibit B**, the term "current client" means a K&E client to whom time was posted in the twelve months before the date hereof.  On **Exhibit B**, the term "former client" means a K&E client for which the most recent time was posted between 36 and twelve months before the date hereof.  As a general matter, K&E does not disclose client connections to former clients if the most recent time was posted more than 36 months prior to the date of the affidavit at issue.

[3]    However, to the extent that the Update Searches resulted in disclosures identical to the disclosures made in Prior Affidavits, those results are not repeated here.

K&E 11350645.10

United States Trustee, except as disclosed or otherwise described: (a) below, (b) in the Prior Affidavits, or (c) in the Application.

**Specific Disclosures**

11.    As disclosed below and in the attached exhibits, K&E represents certain of the Debtors' creditors, customers, financial advisors, and/or other parties in interest in matters unrelated to the Debtors and the Cases.    None of the representations described herein are materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders thereof.

12.    As disclosed on **Exhibit B**, K&E currently represents Toyota Motor Sales USA, Inc.  Toyota Motor Sales USA, Inc. is an affiliate of Toyota Motor Credit Corp., a creditor of the Debtors whose claims are the subject of the Seventeenth Omnibus Objection.  K&E's representation of Toyota Motor Sales USA, Inc. concerns matters unrelated to the Debtors and the Cases.

13.    As disclosed on **Exhibit B**, K&E formerly represented Bankers Trust Co., New York.  Bankers Trust Co., New York is an affiliate of Bankers Trust Company, a creditor of the Debtors whose claims are the subject of the Seventeenth Omnibus Objection.  K&E's former representation of Bankers Trust Co., New York concerns matters unrelated to the Debtors and the Cases.

**Disclosure of K&E Employee Connections**

14.    Wolfgang Nardi, a banking associate, started working in K&E's Munich, Germany office on July 3, 2006.  Before joining K&E, from June 2004 to June 2006, Mr. Nardi worked as an associate in the banking/acquisition finance department of Clifford Chance LLP ("Clifford Chance"), and worked on that firm's representation of:

6

        (a)     Deutsche Bank AG and an affiliate.   Deutsche Bank AG is a creditor of the Debtors whose claims are the subject of a claims objection;

        (b)     JPMorgan Europe Limited, which is a subsidiary of JP Morgan Chase & Co. ("JPMorgan Co."). JP Morgan Co. provided a letter of credit to the Debtors and is a member of the Unsecured Creditors' Committee appointed in the Cases; and

        (c)     JP Morgan Chase Bank, N.A., a creditor whose claims are subject to a claims objection in the Cases.   Additionally, JPMorgan Co. subsidiary Bank One Purchasing Card is a vendor to the Debtors.

None of Mr. Nardi's representations at Clifford Chance involved transactions related to the Debtors or the Cases.

        15.     In addition, prior to working at Clifford Chance, from February 2002 to May 2004, Mr. Nardi worked as an associate in the banking department of Linklaters Oppenhoff & Radler.   At that firm, he represented Bank of America N.A. with respect to a syndicated facilities agreement for Fresenius Medical Care AG.   Bank of America Corporation and certain of its affiliates and subsidiaries are significant creditors of the Debtors.   In particular, Bank of America N.A. is a provider of the Debtors' debtor-in-possession financing and a claimant whose claims are the subject of a claims objection.   Fresenius Medical Care AG and several of its affiliates are significant creditors of the Debtors.   Out of an abundance of caution, K&E has formally screened Mr. Nardi from the Cases.

        16.     June H. Lee, a corporate associate, started in K&E's New York office on July 10, 2006.   Before joining K&E, from October 2002 to April 2006, Ms. Lee worked as an associate (and from May to August 2001 as a summer associate) at Milbank, Tweed, Hadley &

7

McCloy LLP, and worked on that firm's representation of JPMorgan Chase Bank in a number of corporate matters unrelated to the Debtors. JPMorgan Chase Bank's roles in the Cases are described in Paragraph 14 above. Out of an abundance of caution, K&E has formally screened Ms. Lee from the Cases.

17.    Dena Young, a case assistant, started in K&E's Washington, D.C. office on July 17, 2006. Prior to joining K&E, from May to August 2003, and during the summer of 2000, Ms. Young worked as an intern at the Law Offices of Weitz and Luxenberg, P.C., and worked on that firm's representation of various individual plaintiffs in personal injury-related claims involving asbestos. Due to the nature of the Cases and out of an abundance of caution, K&E has formally screened Ms. Young from the Cases.

18.    Paul Fabsik, a restructuring legal assistant, started in K&E's New York office on July 24, 2006. Prior to joining K&E, from June 2005 to July 2006, Mr. Fabsik worked as a litigation case manager at Dewey Ballantine LLP, and worked on that firm's representation of Blackstone LLP in litigation unrelated to the Debtors. Before that, from August 2001 to July 2004, Mr. Fabsik worked as a litigation/bankruptcy legal assistant at Milbank, Tweed, Hadley & McCloy LLP, and worked on that firm's representation of Chase Manhattan Bank N.A. in a bankruptcy-related matter unrelated to the Debtors. The Blackstone Group is financial advisor to the Debtors and the ultimate parent of Blackstone LLP. Out of an abundance of caution, K&E has formally screened Mr. Fabsik from the Cases.

19.    Matta Setty, a project assistant/case assistant coordinator, started in K&E's Chicago office on July 31, 2006. Prior to joining K&E, from June 2001 to June 2006, Ms. Setty worked as a paralegal, paralegal coordinator, and paralegal manager at Clausen Miller, P.C., and worked on that firm's representation of Lloyds of London, Continental Casualty

8

Insurance, and St. Paul Fire & Marine in a matter unrelated to the Debtors. These three insurers, and/or certain of their affiliates, are creditors and/or adverse or potentially adverse parties in the Debtors' Chapter 11 cases. Out of an abundance of caution, K&E has formally screened Ms. Setty from the Cases.

20.     Paul Zier, a corporate partner, started in K&E's Chicago office on July 31, 2006. Prior to joining K&E, from October 1999 to September 2005, Mr. Zier worked as an associate at Sonnenschein Nath & Rosenthal LLP, and worked on that firm's representation of Fresenius Medical Care Holdings Inc. in a acquisitions/mergers-related matter, where Fresenius Medical Care AG, Fresenius AG, and Banc of America Securities LLC were interested parties. The roles in the Cases of both the various Fresenius entities and the various Bank of America entities are set forth in Paragraph 15 above. Out of an abundance of caution, K&E has formally screened Mr. Zier from the Cases.

21.     Angela M. Butcher, an associate, started in K&E's Washington, D.C. office on September 5, 2006. Prior to joining K&E, from June 2005 to June 2006, Ms. Butcher worked as a law clerk for the Honorable Carlos T. Bea in the United States Court of Appeals for the Ninth Circuit, during which time Judge Bea heard the appeal of the decision *United States of America v. W. R. Grace & Co., Kootenai Development Corporation, and W. R. Grace & Co. – Conn.*, No. 03-35924. Though Ms. Butcher was not assigned to the matter, she participated in discussions of the matter during chamber meetings and law clerk conversations. Out of an abundance of caution, K&E has formally screened Ms. Butcher from the Cases.

22.     Jeffrey Bossert Clark, a partner, returned to K&E's Washington, D.C. office on July 31, 2006. Before returning to K&E, Mr. Clark worked as deputy assistant attorney general in the Environment and Natural Resources Division of the United States Department of

9

Justice ("DOJ"), and worked on the litigation captioned *United States of America v. W. R. Grace & Co., Kootenai Development Corporation, and W. R. Grace & Co. – Conn.* (the same litigation the appeal of which is described in Paragraph 21 above). Out of an abundance of caution, K&E has formally screened Mr. Clark from the Cases.

        23.    Lauren Shumejda, an associate, started in K&E's New York office on September 18, 2006. Prior to joining K&E, from May to July 2005, Ms. Shumejda worked as a summer associate at Stroock, Stroock & Lavan LLP, and worked on that firm's representation of JP Morgan in a real estate-related matter. Due to the roles of various JPMorgan entities in the Cases that are described in Paragraph 14 above, out of an abundance of caution, K&E has formally screened Ms. Shumejda from the Cases.

        24.    Michelle Reid, a restructuring legal assistant, started in K&E's Chicago office on September 25, 2006. Prior to joining K&E, from November 2002 to August 2004, Ms. Reid worked as a senior bankruptcy paralegal at Anderson Kill & Olick, P.C., and worked on that firm's representation of an undisclosed client in a matter involving the Debtors. Out of an abundance of caution, K&E has formally screened Ms. Reid from the Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _October 20, 2006_

_Richard M Cieri_

Richard M. Cieri
Kirkland & Ellis LLP
153 E. 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Subscribed and sworn to before me this 20th day of October, 2006.

_Clinton J. Boyd_

Notary Public
My Commission Expires:

**"OFFICIAL SEAL"**
Clinton J. Boyd
Notary Public, State of Illinois
My Commission Expires Oct. 23, 2006

11

K&E 11350645.10