IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> ) **Chapter 11** <br> **W.R. GRACE & CO., et al.** ) **Case No. 01-01139 (JKF)** <br> ) **(Jointly Administered)** <br> **Debtors.** ) <br> ) | |

**FOURTH SUPPLEMENTAL DECLARATION OF ROGER FRANKEL UNDER
FED. R. BANKR. P. 2014 AND 5002 IN SUPPORT OF APPLICATION
FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
ORRICK, HERRINGTON & SUTCLIFFE LLP AS BANKRUPTCY COUNSEL
TO DAVID T. AUSTERN AS FUTURE CLAIMANTS' REPRESENTATIVE**

I, ROGER FRANKEL, state:

1. I am a partner in the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), and maintain an office for the practice of law at The Washington Harbour, 3050 K Street, N.W., Washington, D.C. 20007. I am admitted to practice law before the Bars of the District of Columbia and the State of Maryland, and am authorized to execute this Fourth Supplemental Declaration on behalf of Orrick. Orrick is bankruptcy counsel to David T. Austern, the Future Claimants' Representative appointed by the Court in the above-captioned cases (the "FCR"), pursuant to an Order entered on May 8, 2006, which authorized Orrick's employment effective as of February 6, 2006.

2. On March 9, 2006, I submitted my declaration pursuant to Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Rules") in support of the Application of the FCR seeking the entry of an Order authorizing the retention and employment of Orrick as his bankruptcy counsel (the "Application") (Dkt. No. 12022). On August 1, 2006, I submitted my first supplemental declaration pursuant to the Rules in support of the Application (Dkt. No. 12896). On August 21, 2006, I submitted my second supplemental declaration pursuant to the

Rules in support of the Application (Dkt. No. 13019). On October 18, 2006, I submitted my third supplemental declaration pursuant to the Rules in support of the Application (Dkt. No. 13421).

3. Except as is otherwise provided below, the facts set forth in this declaration are based upon my personal knowledge, upon records maintained by Orrick in the ordinary course of its business, which have been reviewed by me and/or by other partners or employees of Orrick at my direction, or upon information known by other partners or employees of Orrick and conveyed to me.

4. It is my understanding that PricewaterhouseCoopers LLP ("PWC") is employed as auditor and tax consultant to the Debtors pursuant to a modified Order entered by the Court on June 18, 2002, authorizing the employment of PWC in these cases *nunc pro tunc* to January 10, 2002. As noted at paragraph 11(f)(i) of my original declaration, Orrick represents PriceWaterhouseCoopers LLP ("PWC") in matters unrelated to these Chapter 11 proceedings. As noted in my third supplemental declaration, in September 2002, more than three years before I joined Orrick (and before the FCR was appointed in these cases), Orrick represented Thomas Hayes, a CPA who at the time was an auditor employed by PWC and had participated in PWC's past audits of Grace, in connection with his deposition in the Sealed Air adversary proceeding. In my third supplemental declaration, I stated that Orrick will not represent PWC or Mr. Hayes in connection with these bankruptcy proceedings.

5. Out of an abundance of caution, Orrick has erected an ethical wall in this matter. Upon reflection, the scope of this ethical wall has been modified from what I described in my third supplemental declaration to consist of an ethical wall between (i) those attorneys who represented Mr. Hayes at his deposition, or who in connection with their work on behalf of PWC

2

have any knowledge relating to W.R. Grace or its affiliates, and (ii) those attorneys who are involved in these Chapter 11 cases.

6. In addition, Orrick has engaged PWC as a consultant in connection with certain due diligence involving a potential business combination.

7. I make this Fourth Supplemental Declaration out of an abundance of caution, and not because I believe the matters set forth herein are within the scope of Rules 2014 or 5002.

8. Orrick will use reasonable efforts to identify any additional relevant fact or relationship not previously disclosed. If any such fact or relationship is discovered, Orrick will, as soon as reasonably practicable, file additional supplemental declarations with the Court, as appropriate.

* * * * * *

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Roger Frankel

Executed on October 27, 2006

3