IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No. 13252 + 13403 |
| | ) | October 23, 2006; Agenda Item No. 2 |

## ORDER AUTHORIZING THE SETTLEMENT
## AND PAYMENT OF CERTAIN TAX CLAIMS

Upon consideration of the Debtors' Motion for the entry of an Order authorizing

the Debtors to enter into a settlement with the Government[2] with respect to Employment Taxes

and make prompt payment of $13 million in settlement thereof; and due and proper notice of the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are hereby authorized to (i) accept the Settlement, (ii) make prompt payment to the Government of $13 million, and (iii) perform any other acts that are necessary or useful to implement the Settlement; and it is further

ORDERED that the Debtors are authorized to take whatever action may be necessary to consummate the transactions contemplated by the Settlement; and it is further

ORDERED that upon payment by the Debtors to the Government of the amounts required by the Settlement, (i) Proof of Claim 15361 shall be deemed fully satisfied and expunged and (ii) all amounts stated in Proof of Claim 835 for Employment Taxes shall be deemed fully satisfied and expunged and such Proof of Claim shall be reduced to the amount of $129,000,000 (relating to alleged liability for corporate income tax); the Debtors preserve their rights, however, to object to the remaining amount stated in Proof of Claim 835 on whatever grounds are appropriate and the Debtors may instruct the Claims Agent to mark the Official Claims Register to reflect the expungement of Proof of Claim 15361 and the reduction of Proof of Claim 835 as outlined herein; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

2

ORDERED that this Order is effective immediately upon its entry.

Wilmington, Delaware

Dated: Oct. 30, 2006

_Judith K. Fitzgerald_

Honorable Judith K. Fitzgerald
U. S. Bankruptcy Judge

3

DOCS_DE:121441.1