# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) Re: Docket Nos. 12823, 13004, 13130, 12924, |
| | ) 12927, 12929, 12930, 12931, 12944, 12932, |
| | ) 12933, 12934, 12935, 12936, 12937, 12938, |
| | ) 12939, 12940, 12945, 12946, 12947, 12960, |
| | ) 12963, 12970, 12974, 12980, 13067, 13161, |
| | ) 13141, 13142, 13144, 13157, 13158, 13160 |
| | ) |

## ORDER CONCERNING SCHEDULE FOR MOTIONS TO COMPEL REGARDING THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE AND SCHEDULE FOR SUPPLEMENTATION OF QUESTIONNAIRE RESPONSES

WHEREAS, the Court has expressed a preference that it hear motions to compel regarding individual claimants' responses to the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire"); and

WHEREAS, various law firms representing the claimants have requested additional time for supplementing their responses to the Questionnaire in compliance with this Court's Order Concerning Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire ("October 12 Order") (Docket No. ___) (Oct. 12, 2006); and

WHEREAS, the Debtors have conferred with the Official Committee of Asbestos Personal Injury Claimants ("PI Committee") and various law firms representing large numbers of claimants, which are represented by Stutzman, Bromberg, Esserman & Plifka, P.C. (the "Stutzman Firms") and Montgomery McCracken Walker & Rhoads LLP

(the "MMWR Firms"), and agreement has been reached among the Debtors, the Stutzman Firms, and the MMWR Firms[1]; and

WHEREAS the PI Committee has no objection to the entry of this order and has informed numerous but not all law firms representing Grace asbestos personal injury claimants of the schedule contained in this order and that it was not opposing entry of the order;

IT IS HEREBY ORDERED THAT:

1. The following schedule will apply to subsequent motions to compel concerning the Questionnaire that the Debtors may file:

- November 1-3, 2006: Law firms representing claimants who returned Questionnaires shall in good faith notify Debtors as to which objections to the questions contained in the Questionnaire the claimants are maintaining, if any, and which objections the claimants are withdrawing, if any, and in no event later than November 10, 2006.

- November 9, 2006: Debtors file motions to compel addressing claimants' failures to provide certain information on the basis of the claimants' objections that have been identified on or before November 3, 2006.

- November 10-17: Debtors file motions to compel addressing the claimants' failure to provide certain information on the basis of the claimants' objections that have been identified after November 3, 2006.

---

[1] The MMWR Firms agreeing to abide by the terms of the order are: Wise & Julian, P.C.; Kazan, McLain, Abrams, Fernandez, Lyons, Farrise & Greenwood, A Professional Law Corporation; Waters & Kraus LLP; Shingler & Simon, LLP; Paul, Hanley & Harley, LLP; Rose Klien & Marias, LLP; Early Ludwick & Sweeney; and Early & Strauss.

2

- November 27, 2006:   Responses to the motions to compel filed on or before November 9, 2006 must be filed.

- November 28, 2006:   Responses to the motions to compel filed on or before November 17, 2006 must be filed.

- December 1, 2006:   Debtors' reply briefs must be filed. Reply briefs shall be limited to five pages per reply.

- December 5, 2006:   Hearing on motions to compel to be held in Pittsburgh.

This schedule only pertains to motions to compel for the failure to provide information in response to the Questionnaire. It does not apply to motions to compel challenging the sufficiency of any response to the Questionnaire. Debtors' may bring such motions at the appropriate time after the claimants have completed supplementation of their Questionnaire responses; and it is further ordered that

2. The Stutzman Firms and MMWR Firms, to the extent that they intend to supplement their claimants' Questionnaire responses, must use their best efforts to begin supplementing their production on a rolling basis no later than November 11, 2006. All supplementation, including any supplementation ordered as the result of this Court's rulings on any motions to compel filed with the Court in accordance with the schedule set forth in ¶ 1 above, must be completed no later than January 12, 2007. Other law firms who comply with the objection and briefing schedule set forth in ¶ 1 above may also supplement their Questionnaire submissions in accordance with the terms set forth in this paragraph. Firms who do not comply with the objection and briefing schedule set forth in ¶ 1 above are bound by and must comply with the supplementation schedule set forth in

3

the October 12 Order the provisions of which shall remain in effect and it is further ordered that

3. Claimants who submit proofs of claim for non-settled asbestos personal injury claims on or before November 15, 2006, but who have not completed the Questionnaires shall complete and return Questionnaires on or before January 12, 2007;

4. Discussions are continuing between the Debtors, the Stutzman Firms, the MMWR Firms and the PI Committee regarding a protocol under which claimants asserting non-mesothelioma cancer claims must produce certain chest x-rays to the Debtors. To the extent that certain issues remain concerning this protocol, those issues will be taken up with the Court at the hearing to be held on December 5, 2006.

Dated: _____, 2006

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge