IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*[1], | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re: Docket No. 13120 |

## LOUISIANA CLAIMANTS' JOINT PRELIMINARY DESIGNATION OF FACT AND EXPERT WITNESSES REGARDING THE SCHEDULE FOR THE ADJUDICATION OF PRODUCT IDENTIFICATION AND LIMITATIONS PERIODS ISSUES, AS DESCRIBED IN THE 15TH OMNIBUS OBJECTIONS

The Louisiana Claimants herein identified[2] hereby make their Joint Preliminary Designation of Fact and Expert Witnesses pursuant to the Amended Exhibit B To Order Setting Various Deadlines Regarding Objections To Asbestos Property Damage Claims, attached to the Amended Order Setting Various Deadlines Regarding Objections To Asbestos Property Damage

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The Louisiana Claimants (hereinafter "Louisiana Claimants") filing this Preliminary Designation of Fact and Expert Witnesses are as follows: Acadia Parish School Board; Caddo Parish School Board; Calcasieu Parish School Board; East Baton Rouge Parish School Board; Jefferson Parish School Board; Jefferson Davis Parish School Board; Lafayette Parish School Board; LaFourche Parish School Board; LaSalle Parish School Board; Nachitoches Parish School Board; St. Martin Parish School Board; Roman Catholic Church of the Archdiocese of New Orleans; Brother Martin High School; Congregation of Immaculate Conception Church; Congregation of St. Dominic Catholic Church; Congregation of St. Louise de Marillac Church; Congregation of St. Francis Assissi Church; Congregation of St. Francis Xavier Cabrini Church; Congregation of St. Francis Xavier Church; Congregation of St. Joan of Arc Church – LaPlace, Louisiana; Congregation of St. Joan of Arc Church; Congregation of St. Mary Magdalen Catholic Church; Congregation of St. Philip Neri Catholic Church; Congregation of St. Pius X Roman Catholic Church; Congregation of St. Raymond Roman Catholic Church; Congregation of St. Rita Roman Catholic Church; and Mt. Carmel Academy of New Orleans.

Claims dated October 13, 2006, and more specifically with regard to the Phase for Adjudication Product Identification and Limitation Periods.

I.

**Product Identification**

**Expert Witnesses**

Subject Matter of Testimony

The Louisiana Claimants (hereinafter "Louisiana Claimants") intend to call during the Adjudication Phase for Product Identification expert witnesses(s) who will testify regarding the micro-analytical testing of asbestos containing material ("ACM") bulk samples which were obtained from buildings owned or operated by such Claimants and for which a product identification report was filed with the Proof of Claim or supplemented thereto. Such expert witnesses(s) will be qualified and experienced in the fields of materials characterization, microscopy, chemistry and/or similar scientific disciplines and will in their testimony compare the results of the testing of such bulk samples to W.R. Grace's ("Grace") known product formulas and/or related formula documents in order to make a match to specific Grace fireproofing and/or acoustical ACM products. The written product identification reports identifying Grace as the manufacturer of the ACM products in the Louisiana Claimant's buildings, and/or other product identification information, have been filed with the Proof of Claim forms for the buildings at issue, and/or were produced to Grace in discovery in the pre-existing and pending lawsuit filed against Grace, namely *Jefferson Parish School Board, et. al., vs. W.R. Grace & Co., et al.*, Cause No. 88-3844, in the United States District Court for the Eastern District of Louisiana. The written product identification reports were prepared and submitted by William Longo, Ph.D., Charles Sclar, Ph.D., and/or Arthur Rohl (now deceased).

061106182017.doc                                                    2

Exhibit "A" attached hereto more fully describes Claimant's preliminary designation of such expert witnesses(s).

## Fact Witnesses

<u>Subject Matter of Testimony</u>

To the extent that additional product identification related evidence has been filed with the claim forms or will be timely supplemented on behalf of certain of the Louisiana Claimants for certain buildings, such additional evidence is documentary and consist of building construction specifications, architectural plans, approvals or other similar historical construction related documents, or advertisements placed by Grace in trade journals or similar publications – which further identifies the presence of Grace ACM in specific buildings owned/operated by Claimants. Such documentary evidence has been filed with the Proofs of Claim and/or will be supplemented. This evidence may be offered as an ancient document and/or fact witnesses may be offered to authenticate such documents. In general, such fact witnesses would include Claimants' custodian of records or other similar representative. In addition to the witnesses whose testimony will include the subject matter discussed above, Exhibit "B" attached hereto more fully sets forth Claimant's preliminary designation of such fact witnesses.

In addition to the fact witnesses described in the above paragraph and preliminarily designated in Exhibit "B", the Louisiana Claimants may call as fact witnesses any representative and or employee of Newman Marchive Partnership, Inc. (hereinafter "Newman Partnership"), including but not limited to Michael T. Newman, president and owner of Newman Partnership, 2800 Youree Drive, Suite 310, Shreveport, Louisiana 71104. Any of such referenced individuals may be called by any Louisiana Claimant on the subject of chain of custody of the ACM bulk samples obtained from Claimant's buildings at issue and transmitted to MAS Laboratories,

and/or Dr. Charles Sclar, and/or Dr. Arthur Rohl, or with regard to other similarly related issues, including but not limited to information regarding the bulk sample data sheets. Additionally, for certain Claimants' buildings and ACM products, such individuals may provide additional product identification related factual testimony in connection with their experience acquired over decades in the inspection of hundreds of buildings which have been determined and/or admitted by Grace to contain Grace ACM products. This evidence may include, but is not limited to, the appearance and characteristics of Grace ACM in place and bulk samples of such material. Exhibit "C" more fully sets forth the preliminary designation of such witnesses.

Further, with regard to the product identification issues the Louisiana Claimants may call as fact witnesses past and/or present employees of Grace or their licensees and/or distributors and representatives. Such individuals may have knowledge regarding the manufacture and sale of Grace's ACM products, product formulations, variations or additives, including plant and/or production changes, alterations and/or manufacturing quality control problems and/or sales/distribution market share for particular ACM products in regions of the country or states. In addition to such fact witnesses with knowledge of the subject matter described in this paragraph, the Louisiana Claimants may call any individual listed on their preliminary product identification fact witness designation in Exhibit "D" attached hereto.

Further, the Louisiana Claimants reserve the right to call as an expert or fact witness any other such witness listed by any other party, including Claimants, the Debtor, or the PD Committee, and the subject of their testimony will be the same as that listed by such other party.

II.

## Limitation Periods

### Fact Witnesses

<u>Subject Matter of Testimony</u>

The Louisiana Claimants believe that issues regarding statutes of limitation/repose and laches are affirmative defenses for which the Debtor has the burden of going forward and as well as the burden of proof. Debtor's Objections in the 15th Omnibus Objections are lodged in typical broad generalities without reference or citation to a specific statute or applicable state law. Therefore, the Louisiana Claimants have not been provided with notice by Debtor of any specific allegations with regard to these issues. Consequently, it is difficult if not impossible to anticipate the exact objection, if any, Debtor may have to specific claims of any of the Louisiana Claimants.

However, notwithstanding this fact and considering the lack of notice regarding Debtor's specific objections, if any, and out of an abundance of precaution, the Louisiana Claimants intend to preliminarily designate as fact witnesses, each of such Claimants' representatives who are described and set forth in Exhibit "B" in Roman numeral I above. Such witnesses names and addresses are incorporated by reference herein as potential fact witnesses for the respective Louisiana Claimants on the issue of Limitation periods in the event it is necessary to offer such factual testimony to rebut a specific allegation of Debtor's which has yet to be alleged.

Again, although the Louisiana Claimants are without knowledge regarding any specific objections to their claims regarding Limitation periods, in the event that Debtors subsequently make such allegations, then the fact witnesses identified in Exhibit "B" might be expected to testify regarding the history of the buildings, the Grace ACM products, and the Claimant's

knowledge or lack thereof with regard to such facts as well as the presence of building contamination, if any, associated with the said Grace ACM products.

Additionally, the Louisiana Claimants further anticipate calling as fact witnesses past and/or current representatives of Grace, the "Safe Building Alliance" and/or representatives of other former asbestos manufacturers or other companies, entities or organizations who will testify regarding the Debtor's misrepresentations regarding their products characteristics', or ability to release asbestos fibers or hazard in relation thereto. Specifically, Grace, through its own representations and through the Safe Building Alliance, represented for many years to building owners throughout the country that their ACM fireproofing and acoustical products were safe, did not release asbestos fibers, and would not create a hazard for occupants or workers. The Louisiana Claimants may call as a potential fact witness any such individual to testify regarding the subject matter discussed above and in addition any of the individuals set forth in Exhibit "E" attached hereto.

### Expert Witnesses

Subject Matter of Testimony

Additionally, the Louisiana Claimants may call as an expert witness any of the individuals listed on Exhibit "F" who are qualified by reason of their education and experience to testify regarding those facts which were historically known and/or reasonably available to building owners regarding the performance, characteristics of asbestos-containing surface treatment products such as Grace's asbestos fireproofing and acoustical products and/or hazards in regard thereto.

Further, the Louisiana Claimants reserve the right to call as an expert or fact witness any other such witness listed by any other party, including Claimants, the Debtor, or the PD Committee, and the subject of their testimony will be the same as that listed by such other party.

DATED: November 6, 2006

*[signature]*

Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:	(302) 654-0248
Facsimile:	(302) 654-0728
Email:	loizides@loizides.com

*Counsel for the Louisiana Asbestos Property Damage Claimants*

Richard A. Bordelon
Denechaud and Denechaud, LLP
1010 Common Street, Suite 3010
New Orleans, LA 70112
Telephone:	(504) 522-4756
Facsimile:	(504) 568-0783
Email:	rablaw@bellsouth.net

*General Counsel for Roman Catholic Church of the Archdiocese of New Orleans; Brother Martin High School; Congregation of Immaculate Conception Church; Congregation of St. Dominic Catholic Church; Congregation of St. Louise de Marillac Church; Congregation of St. Francis Assissi Church; Congregation of St. Francis Xavier Cabrini Church; Congregation of St. Francis Xavier Church; Congregation of St. Joan of Arc Church – LaPlace, Louisiana; Congregation of St. Joan of Arc Church; Congregation of St. Mary Magdalen Catholic Church; Congregation of St. Philip Neri Catholic Church; Congregation of St. Pius X Roman Catholic Church; Congregation of St. Raymond Catholic Church; Congregation of St. Rita Roman Catholic Church; and Mt. Carmel Academy of New Orleans*

Robert C. McCall
BAGGETT MCCALL BURGESS WATSON &
GAUGHAN
3006 Country Club Road
Post Office Drawer 7820
Lake Charles, LA 70606-7820
Telephone: (337) 478-8888
Facsimile: (337) 478-8946

*General Counsel for Acadia Parish School Board; Calcalsieu Parish School Board; Jefferson Davis Parish School Board; Lafayette Parish School Board; LaSalle Parish School Board; and St. Martin Parish School Board*

Jack A. Grant
GRANT & BARROW, APLC
238 Huey P. Long Avenue
P.O. Box 484
Gretna, LA 70054
Telephone: (504) 368-7888
Facsimile: (504) 368-7263
Email: jgrant@grantbarrow.com

*General Counsel for Jefferson Parish School Board and LaFourche Parish School Board*

Kenneth F. Sills
HAMMONDS & SILLS
Street Address:
1111 S. Foster Drive, Suite C
Baton Rouge, LA 70806
Mailing Address:
P.O. Box 65236
Baton Rouge, LA 70896
Telephone: (225) 923-3462
Facsimile: (225) 923-0315
Email: ksills@hamsil.com

*General Counsel for East Baton Rouge Parish School Board and Natchitoches Parish School Board*

Fred H. Sutherland
ATTORNEY AT LAW
400 Travis Street, Suite 1610
Shreveport, LA 71101
Telephone:    (318) 676-1515
Facsimile:     (318) 676-1516
Email: sutherlandlaw@bellsouth.net

*General Counsel for Caddo Parish School Board*