IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: November 20, 2006 2:00 P.M.** |
| Debtors. | ) | **Objection Deadline: November 13, 2006 at** |
| | ) | **4:00 P.M.** |
| | ) | **November 20, 2006 Agenda Item No. 7** |
| | ) | |

## DEBTORS' MOTION FOR PROTECTIVE ORDER AGAINST ANDERSON MEMORIAL'S OCTOBER 30, 2006 REQUESTS FOR 30(B)(6) DEPOSITIONS AND DOCUMENTS

On October 30, 2006, the law firm of Speights & Runyan, representing Anderson Memorial Hospital, served on the Debtors discovery requests and deposition notices which, given the extent to which Anderson class certification matters have been substantially narrowed, seek information that has no bearing on the decision that this Court must make regarding whether to certify an Anderson class.

Anderson Memorial class certification issues have been substantially narrowed, in several ways:

- *First*, Anderson must meet Rule 23's requirements.

- *Second*, the record in this case and the rulings of this Court have further narrowed Anderson class issues, in two ways:

    - The Court has ruled that the Debtors' notice program was appropriate. Thus, the identities of all claimants who lodged property damage claims with this Court are known; and

    - Through motion practice regarding lack of authority, limitations periods, and other issues, there are now only 637 PD claimants before this Court. And, each of these claimants is represented by counsel. Of these 736 PD claims. 166 are Speights U.S. claims.

- *Third*, based on pleadings from the *Anderson Memorial* South Carolina case, which have been submitted to this Court, the class that was conditionally certified as to Grace was solely a class of South Carolina claimants. There are now three (3) South Carolina PD Claims pending before this Court.

In light of these multiple ways in which Anderson class issues have been narrowed, it does not make sense to certify an Anderson class, and the broad discovery sought by Speights (attached hereto as Exhibit A) is unnecessary.

Finally, several of Speights' requests seek settlement communications. Discovery into such settlement communications (if any) is protected from discovery by Federal Rule of Evidence 408, as will be discussed in the brief to be submitted by the Debtors on Friday November 10. And, permitting depositions to proceed on settlement-related issues would simply lead to objections to every question during the deposition.

For these reasons, as set forth more fully herein, the Debtors respectfully request that the Court grant this Motion for a Protective Order prohibiting the discovery sought as to each topic and request in Speights' October 30 discovery requests and deposition notices.

## FACTUAL BACKGROUND

1. At the October 23, 2006 omnibus hearing, the Court stated that Speights' previously-served December 2005 Anderson Memorial discovery requests were overly broad and did not seek information pertinent to class certification requirements. Ex. B, 10/23/06 Tr. at 75-76. The Court directed Speights to narrow his December 2005 discovery requests and serve requests truly focused on class certification issues:

> Asking someone to give you everything they have related to a topic, I think, is simply a fishing expedition. And even the rules of discovery don't give you that much. I think you need to narrow this topic. . . . That request, Mr. Speights, is just overly broad. It would require the Debtor to go through every document in the Debtor -- in every file that the Debtor had since 1992. And I don't think the discovery rules require the Debtor to do that

. . .

2

> So I think we respect to the discovery to the extent that the request is as broad as it is, I can't even see how it's calculated to lead to relevant admissible evidence because it's too broad. So I think you ought to narrow the scope, whether the Debtor raised that issue or not.

Ex. B, 10/23/06 Tr. at 76-78.

2.  Speights did not do so. Instead, on October 30, 2006, he served extremely broad, non-tailored requests that once again seek "all documents" (except pleadings) in the Debtors' files on a host of issues that have no bearing on whether certification will advance the interests of these bankruptcy cases or whether the requirements of Rule 23 can be met given the fact that there are only 637 pending PD claims, all represented by counsel, and only 3 South Carolina PD claims.

3.  Speights has requested deposition testimony and "all documents" regarding:

- Anderson's South Carolina lawsuit, Anderson's Motion to Certify in South Carolina, the certification hearing, any purported efforts to delay same; and The circumstances surrounding the South Carolina Circuit Court's certification of a statewide class as to W.R. Grace.[1]

- Members or potential members of the putative Anderson class;

- Damage estimates of Anderson's individual and class claims;

- Any position the Debtors took with respect to Anderson's request to be included on the Official Committee of Asbestos Property Damage Claimants;

- Any evaluation of Anderson's individual or class claims prior to the debtors filing their Petition for Reorganization; and

- The Debtors' knowledge prior to September 1, 2005, of Anderson's individual and class proofs of claim.

---

[1] As this Court has recognized, the South Carolina court did NOT certify a class as to W.R. Grace. Upon an ex parte request from Speights, that court *conditionally* certified a class as to several defendants including W.R. Grace. After the Debtors April 2, 2001 Chapter 11 filing, the South Carolina court certified a class but not as to W.R. Grace.

3

4. Speights also requested "all documents" (except pleadings) relating to the following topics:

- the identity of any asbestos-containing surface treatment in any building owned or operated by Anderson and potential membership of Anderson's putative class, including buildings located in South Carolina and outside of South Carolina;

- communications with witnesses involving any issues in Anderson's efforts to obtain class certification;

- the Debtors' knowledge concerning the facts or factual assertions relating to Anderson's putative class action;

- any amount that could or should be set aside for the resolution of Anderson's claim, including any insurance reserve;

- communications between the Debtors and insurers relating to Anderson's claims; and

- communications with any building owners regarding Speights' Anderson proofs of claims.

## ARGUMENT

### I. The Debtors Object to the Discovery Requests on Multiple Grounds.

5. Contrary to the Court's explicit instructions at the October 23 hearing, Speights has not served proper discovery requests. He has once again sought "all documents" on a vast number of broad topics, as well as deposition testimony on most of these topics.

6. The Debtors thus object to Speights' deposition notices and discovery requests on the following grounds:

- The requests seek information that is irrelevant and not reasonably calculated to lead to the discovery of information relevant to Anderson class certification.

- The requests are extremely burdensome and overly broad, in that they seek "all document" (except certain pleadings) relating to at sixteen broad document requests and eleven broad deposition topics.

4

- The requests seek production of documents and deposition testimony that are subject to privileges including but not limited to the attorney-client privilege and work product privilege.

- The requests purport to impose obligations, burdens and duties on the Debtors that vastly exceed the requirements or permissible scope of discovery under the Federal Rules.

## II. The Discovery Is Unnecessary Because Rule 23's Requirements Cannot Be Met.

7. To certify a class of claimants in a Chapter 11 case, a bankruptcy court must undertake a two-step analysis. *First*, to warrant class certification, the court must determine whether a class action "makes sense" and will advance the interests of the bankruptcy. *Second*, even if claimants can demonstrate that a class may be an acceptable way to proceed in a particular Chapter 11 case, the claimants must also satisfy the elements of Fed. R. Civ. P. 23 -- numerosity, commonality, typicality and adequacy of representation. Speights' discovery requests seek information that has absolutely no bearing on these requirements.[2]

8. At the January 26 hearing, this Court recognized that, as to the PD Claims then pending before this Court, "There are not that many claims left. I really just don't see that need for class certification in that sense." (Ex. C, 1/26/06 Tr. at 75:22-23). At that time, after numerous objections had been resolved and hundreds of PD claims had been expunged, there were 959 pending PD claims. (Ex. D, 1/25/06 Tr. at 8.)

9. Now, as of November 6, 2006, there are 637 total pending PD claims (including only 166 U.S. Speights claims, 97 Canadian Speights claims and only 3 South Carolina claims) -- even fewer claims than in January, when the Court initially recognized that,

---

[2] Rule 23 states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

because there were not many PD claims still remaining in this case, the numerosity requirement for class certification cannot be met. Thus, it is even clearer now, in November 2006, that the requirements of Rule 23 cannot be met.

10. Indeed, this Court recognized this again at the October 23 hearing: "If we're down to, seriously, 180 claims, if in fact that's the case, I'm not sure where we're going, because I just can't see where the numerosity issue is going to be satisfied, even if all of the other elements of Rule 23 are met. I can't see how that's going to provide a benefit to this Estate to attempt to do that in a class method." (Ex. B, 10/23/06 Tr. at 69-70).

11. In addition to Speights' discovery requests regarding the identities of building owners, Speights' requests' for "all documents" on the following topics, in addition to being privileged and confidential, have nothing to do with Rule 23's requirements:

- communications with witnesses involving Anderson's efforts to obtain class certification;

- amounts that could or should be set aside for resolution of Anderson's claim, including any insurance reserve; and

- communications between the Debtor and any insurance carrier relating to Anderson's claims.

12. The rest of Speights' discovery requests also have nothing to do with numerosity, commonality, typicality, and adequacy of representation -- the fundamental requirements of Rule 23.

13. Discovery regarding settlement discussions (if indeed there were any) will be addressed by the Debtors' brief regarding FRE 408, to be filed on November 10.

### III. Speights Cannot Use Class Certification to Circumvent the Debtors' Bar Date and Notice Program.

14. This Court has recognized that there was a Bar Date for PD Claims in March 2003 and that the Debtors' notice program was extensive and that any issues regarding

6

notice to putative PD claimants cannot now be re-examined at this late date: "I do not believe at this point it's appropriate to look outside the proofs of claim that were filed -- proofs of claim that were filed because we had a bar date that I found to be appropriate. So the universe of claims is going to be the proofs of claim filed in the Court." (Ex. B, 10/23/06 Tr. at 67:18-22). Therefore, claims that have never been filed before this Court cannot be made part of a putative class.

15. Only in the *total absence of notice* could it possibly be appropriate to "give class members what may amount to an additional opportunity to meet an otherwise applicable bar date." *Sacred Heart*, 177 B.R. at 22. "If the putative unnamed class members have clearly received actual or constructive notice of the bankruptcy case and the bar date, denial of the implementation of the class proof of claim appears advisable." *Id.*

16. Thus, Speights' deposition requests regarding "members or potential members of the putative statewide and worldwide classes whom Anderson purports to represent" and "knowledge prior to September 1, 2005, of Anderson's individual and class proofs of claim" and related request for documents regarding "potential membership of Anderson's putative class, including buildings located in South Carolina and outside of South Carolina" seek entirely inappropriate and irrelevant information. Because of the March 2003 Bar Date and extensive notice program, Speights simply cannot seek discovery that is intended to bring before this Court thousands of claims that were not before this Court by March 2003.

7

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that their Motion for Protective Order be granted.

Dated: November 6, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP.

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Co-Counsel for Debtors and Debtors in Possession