# EXHIBIT A



"Dan Speights"
<DSpeights@speightsrunyan.
com>

10/30/2006 04:40 PM

To   <dbernick@kirkland.com>, "Lisa Esayian"
     <lesayian@kirkland.com>

cc   "Bud Fairey" <BFairey@speightsrunyan.com>, "Christopher
     Loizides" <lolzides@loizides.com>

bcc

Subject   Anderson Discovery


<<final notice of depo_001.pdf>> <<final amended 30b6_001.pdf>> <<final amended r_p_001.pdf>>


Attached hereto please find revised discovery which I am herewith serving upon you.

            

final notice of depo_001.pdf    final amended 30b6_001.pdf    final amended r_p_001.pdf

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Bankr. Procedure, counsel for Anderson Memorial Hospital will take the deposition of the Records Custodian(s) for all documents which refer to or relate to Anderson Memorial Hospital's lawsuit prior to the date the debtors filed their Petition for Reorganization.

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), B&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

The deposition will take place on Tuesday, November 21, 2006, at 10:00 a.m. at the offices of Loizides & Associates, Legal Arts Building, 1225 King Street, Suite 800, Wilmington, DE 19801, before a notary public or other officer duly authorized to administer oaths. The deposition shall continue on successive business days thereafter, as necessary, until completion.

Christopher D. Loizides (#3968)
Michael J. Joyce (#4563)
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728 (fax)
E-mail: loizides@loizides.com

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

October 30, 2006                    By: _____

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION(S)

**PLEASE TAKE NOTICE** that, pursuant to Rules 26, 30(b)(5) and 30(b)(6) of

the Federal Rules of Civil Procedure and Rules 9014, 7026, 7030(b)(5), and 7030(b)(6)

of the Federal Rules of Bankr. Procedure, Anderson Memorial Hospital ("Anderson")

will take the deposition of the debtors, who shall designate one or more persons to testify

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

as to what is known or reasonably available to the organization regarding the following subjects:

1.      Anderson's South Carolina lawsuit.

2.      Members or potential members of the putative statewide and worldwide classes whom Anderson purports to represent.

3.      Any damage estimates of Anderson's individual and class claims.

4.      Anderson's Motion to Certify in South Carolina.

5.      The certification hearing in South Carolina.

6.      Any efforts to delay the South Carolina certification.

7.      The circumstances surrounding the South Carolina Circuit Court's certification of a statewide class as to W.R. Grace.

8.      Any position the debtors took with respect to Anderson's request to be included on the Official Committee of Asbestos Property Damage Claimants.

9.      Any evaluation of Anderson's individual or class claims prior to the debtors filing their Petition for Reorganization.

10.     Any settlement discussions with Anderson or its counsel.

11.     Knowledge prior to September 1, 2005, of Anderson's individual and class proofs of claim .

The deposition will take place on Thursday, November 30, 2006, at 11:00 a.m. at the offices of Loizides & Associates, Legal Arts Building, 1225 King Street, Suite 800, Wilmington, DE 19801, before a notary public or other officer duly authorized to administer oaths. The deposition shall continue on successive business days thereafter, as necessary, until completion.

Christopher D. Loizides (#3968)
Michael J. Joyce (#4563)
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728 (fax)
E-mail: loizides@loizides.com


SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile:  (803) 943-4599

October 30, 2006                    By:_____

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## AMENDED REQUESTS FOR PRODUCTION TO THE DEBTORS

TO: THE DEBTORS AND THEIR ATTORNEYS, KIRKLAND & ELLIS

Pursuant to Federal Rule of Bankruptcy Procedure 7034 and Rule 34 of the Federal Rules of Civil Procedure, Anderson Memorial Hospital ("Anderson") hereby propounds and serves the following written Requests for Production to be answered

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GBC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

separately and fully in writing under oath within thirty (30) days from date of service hereof.

These Requests for Production shall be deemed continuing so as to require supplemental production when additional information with respect to these requests is obtained by you or your counsel. Such supplemental responses should be served within a reasonable time after such information is discovered.

## I. INSTRUCTIONS AND/OR DEFINITIONS

A. Any objections should be made seriatim, setting forth the specific objection, the specific basis of the objection, and a description with particularity of the information which you object to producing.

B. When used in these Requests, the term Debtors includes "you" or "your" or any synonym thereof, whether singular or plural, and is intended to and shall embrace and include present and former counsel for the Debtors, all agents, servants, employees, representatives and others who are in possession of or who may have obtained information for or on behalf of the Debtors, and shall include all present and former subsidiaries, divisions, affiliates, and predecessor entities.

C. The term "document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, without limitation, correspondence, memoranda, analysis, notes, messages, letters, telegrams, teletypes, telefaxes, bulletins, meetings or other communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books,

2

reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, work-sheets, workpapers, reconciliations, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including microfilm, videotape, recordings, motion pictures) and electronic, mechanical or electric recordings or representations of any kind (including without limitation tapes, cassettes, discs and records). The term "document" includes all computer-generated and computer-stored information, including electronic mail and information stored as "back-up."

## REQUESTS FOR PRODUCTION

1.      All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which refer to or relate to Anderson's lawsuit, including, but not limited to, all documents which refer or relate to Anderson's Motion to Certify; members or potential members of the putative statewide and worldwide classes; any evaluation of Anderson's lawsuit, including its request for class certification; any order entered by the South Carolina Circuit Court; any damage estimates; the prerequisites for class certification, including commonality, typicality, numerosity, and adequacy; and the potential effects of a delay in the certification proceedings.

2.      All documents which refer to or relate to Anderson's request to be included on the Official Committee of Asbestos Property Damage Claimants.

3.      All documents generated from the date the debtors filed their Petition for Reorganization until October 1, 2001, which refer to or relate to any proceedings in Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until October 1, 2001.

4.      All documents generated from the date the debtors filed their Petition for Reorganization until September 1, 2005, which refer to or relate to Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until September 1, 2005.

5.      All documents generated prior to September 1, 2005, which refer to or relate to Anderson's individual and class claims in this bankruptcy.

3

6.    All documents except pleadings served and filed which refer to or relate to the identity of any asbestos-containing surface treatment in any building owned or operated by Anderson.

7.    All documents except pleadings served and filed which refer to or relate to or discuss the potential membership of Anderson's putative class, including buildings located in South Carolina and outside of South Carolina.

8.    All documents which reflect or refer to any communication made with any lay or expert witnesses involving any issues in Anderson's efforts to obtain class certification.

9.    All documents which refer or relate to the debtors' knowledge concerning the facts or factual assertions relating to Anderson's putative class action.

10.    All documents which refer to any amount that could or should be set aside for the resolution of Anderson's claim, including any insurance reserve.

11.    All documents which refer to or relate to communications between the debtors and any insurance carrier relating to Anderson, including its individual and putative class claims.

12.    All documents which refer to or relate to communications between the debtors and any other person or entity, including any other defendant, relating to Anderson, including its individual and putative class claims.

13.    All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which reflect any evaluation of Anderson's individual or class claims.

14.    All documents except pleadings served and filed which refer to or relate to any prepetition efforts the debtor made to settle or compromise Anderson's lawsuit.

15.    All documents which refer or relate to any communications with any building owners regarding any proofs of claim filed by Anderson's counsel.

16.    Any partial or complete list or index of documents relating to Anderson and any putative class which it purports to represent.

Christopher D. Loizides (#3968)
Michael J. Joyce (#4563)
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728 (fax)

4

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

October 30, 2006                     By:

5