# EXHIBIT B

```
          UNITED STATES BANKRUPTCY COURT
                DISTRICT OF DELAWARE


IN RE:                         :    Chapter 11
                               :
W.R. Grace & Co., et al.,      :
                               :
     Debtor(s).                :    Bankruptcy #01-01139 (JKF)
...........................................................

                     Wilmington, DE
                    October 23, 2006
                       2:00 p.m.

              TRANSCRIPT OF OMNIBUS HEARING
        BEFORE THE HONORABLE JUDITH K. FITZGERALD
              UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

| | |
|---|---|
| For The Debtor(s): | David M. Bernick, Esq.<br>Kirkland & Ellis, LLP<br>200 E. Randolph Drive<br>Chicago, IL 60601 |
| | Janet S. Baer, Esq.<br>Kirkland & Ellis, LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005 |
| | Barbara H. Harding, Esq.<br>Kirkland & Ellis, LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005 |
| | James O'Neill, Esq.<br>Pachulski, Stang, Ziehl,<br>Young, Jones & Weintraub<br>919 North Market Street<br>Wilmington, DE 19801 |
| For Official Committee of:<br>Unsecured Creditors | Kenneth Pasquale, Esq.<br>Stroock Stroock & Lavan, LLP<br>180 Maiden Lane<br>New York, NY 10038 |

1  when the action's filed.

2       MR. SPEIGHTS:  It was filed as a class action

3  complaint.

4       THE COURT:  Okay.  Then as of December of 1992,

5  everything after that, isn't it going to be either subject to

6  some litigation privilege or some settlement privilege and

7  therefore covered by Rule 408?

8       MR. SPEIGHTS:  Your Honor, I suggest to you

9  respectfully, there's no way to know that.  I mean, they can

10 file the privilege log if you think that, but I can't imagine

11 everything even in their lawyer's file is privileged.  I mean,

12 the lawyer, I mean -- I have my own files.  You know, I can't

13 imagine everything that I put in there is privileged.  But

14 we'll see.

15      But there may be things other than what's in the lawyer's

16 files.  There may be an analysis by, you know, an accountant on

17 something.  There may be an analysis by another type of expert.

18 There may be statements from one employee to the next, which

19 are not privileged.  And that -- you know, privilege is really

20 seeking legal advice from a lawyer.  That's a much narrower

21 subject than both Mr. Bernick and I representing other clients

22 sometimes try to make it to be.

23      THE COURT:  All right.  Well, I think that request,

24 to the extent it's a document request, is too broad.  Asking

25 somebody to give them -- to give you everything they have

1  related to a topic, I think, is simply a fishing expedition.
2  And even the rules of discovery don't give you that much. I
3  think you need to narrow this topic.
4     With respect to a deposition of a person knowledgeable,
5  I'll ask the Debtor to identify a person. You can take your
6  deposition. And to the extent that you get a discovery request
7  in that is more limited in scope and the documents are claimed
8  to be privileged by the Debtor, then they'll have to produce a
9  privilege log in advance of the deposition if in fact that's
10 what they intend to do.
11    But that request, Mr. Speights, I think, is just overly
12 broad. It would require the Debtor to go through every
13 document in the Debtor -- in every file that the Debtor ever
14 had since 1992. And I don't think the discovery rules are --
15 require --
16    MR. SPEIGHTS: All right --
17    THE COURT: -- the Debtor to do that.
18    MR. SPEIGHTS: Your Honor, I understand that and
19 I'll do what Your Honor says but in fairness to myself --
20 sometimes I give myself a little fairness -- Grace never made
21 that objection from last December about over broad. It was on
22 relevancy grounds and on the grounds that it was intended for
23 delay. I'll be glad to do it. I just want to make it clear
24 that had Grace written me a letter saying overly broad in your
25 request and all, I would have worked in that behalf. I just

77

1  don't want to be the one -- we're about to go to scheduling --
2  to say well, Mr. Speights, you caused a delay because your
3  request is overly broad.  I'll do that as quickly as I can and
4  get him a revised request.
5      THE COURT:  None of this -- is this point is about
6  delaying, Mr. Speights.  I've been holding this off because I
7  want to see what the resolution -- what the universe of
8  resolution is with respect to the property damage claims.  The
9  Debtors just put up this chart that essentially shows that
10 there about 180 claims left that may fall into this universe.
11 I think if -- I mean, you may have some disagreement, I don't
12 know.
13     But I'll just assume for the moment that that's what the
14 documents will show with respect to the number of claims that
15 you have filed on behalf of your clients and Anderson that
16 would be included in the broadest scope of this request.  And
17 if that is the case, then we know that number.  So the number
18 isn't going to be the issue.  Whether it meets the numerocity
19 is a different question.  But at least we know the finite
20 number.  And then there are some other claims there apparently
21 from other entities that were not represented by you but have
22 other Counsel involved.
23     So I think with respect to the discovery to the extent
24 that the request is as broad as it is, I can't even see how
25 it's calculated to lead to relevant admissible evidence because

1  it's too broad. So I think you need to narrow the scope,
2  whether the Debtor raised that issue or not. So how much time
3  do you want to recraft the document notice and the deposition
4  notice with respect to what was Point 1 on the board before?
5       MR. SPEIGHTS: One week, Your Honor.
6       MR. BERNICK: One week? Just so we're clear, Your
7  Honor, the issue is class discovery. He says I want to know
8  what Grace knew and said about Anderson. There is no
9  connection between these two that's apparent. It is our view
10 that the former question, that is what did Grace know, say
11 about Anderson is explicitly violative of Rule 23 and the
12 provisions for discovery associated with Rule 23. Has been
13 squarely rejected by the Supreme Court, which says you do not
14 litigate the merits -- class -- of the case before deciding --
15      THE COURT: But I --
16      MR. BERNICK: -- class certification.
17      THE COURT: -- don't think that's what the request
18 said. It said, knew about property damage claims and the
19 Anderson Memorial --
20      MR. BERNICK: What --
21      THE COURT: -- class action. But regardless, I've
22 said that it's too broad and it has to be recast.
23      MR. BERNICK: Well, but that's the point, Your
24 Honor, is that even today we have no articulation about
25 discovery that is specific to the elements of Rule 23. Like --