W.R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139

Exhibit A

| Debtor: | Settling Parties: | Description of Settlement |
|---|---|---|
| W. R. Grace & Co. ("Grace") | Zurich American Insurance Company, Zurich Holding Company of America, Inc., the attorneys general of New York, Connecticut and Illinois, the Superintendent of Insurance for the State of New York -and- Grace | This matter involves a settlement in the amount of $200,257.83 that the Debtors are eligible to receive from a settlement fund established by Zurich American Insurance Company and Zurich Holding Company of America, Inc. (collectively "Zurich") pursuant to a settlement agreement between Zurich and the attorneys general of New York, Connecticut and Illinois and a separate agreement between Zurich and the Superintendent of Insurance for the State of New York (collectively, the "Three-State Agreement") pertaining to an investigation of the marketing, sale, renewal and placement or servicing of insurance and reinsurance and broker compensation practices and accounting and public reporting practices. The Three-State Agreement contains allegations that "Zurich US" (as defined in the Three-State Agreement) participated in schemes to steer business and in the rigging of bids for excess casualty insurance through Marsh & McLennan Companies, Inc. or Marsh Inc. (collectively, "Marsh"). Policyholders of Zurich US that purchased or renewed excess casualty insurance policies (other than excess workers' compensation policies) through Marsh where those policies had inception or renewal dates on or after January 1, 2000, through and including September 30, 2004, are eligible to receive compensation from the settlement fund. The Debtors believe that this settlement is fair and reasonable to the Debtors because it results from negotiations between Zurich and the attorneys general of New York, Connecticut and Illinois and the Superintendent of Insurance for the State of New York and because the Debtors believe that the cost to independently investigate and litigate the Debtors' claims would be prohibitive. A condition to receipt of compensation from the settlement fund is execution by Grace of the releases included in Exhibit B. |

W.R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139
Exhibit B

Supporting Materials

September 8, 2006

**ZURICH**


00021418 4 ZD 002131

PRESIDENT
WR GRACE & CO.
7500 GRACE DRIVE
COLUMBIA, MD 21044-4098

Dear President:

During the past two years, the insurance industry has undergone significant regulatory review, resulting in new standards of conduct and increased transparency.

Zurich views these changes as being in the best interest of insurance consumers. We are instituting greater transparency in our producer compensation system, and are working closely with our producers to ensure a seamless transition for our policyholders.

As part of a settlement with the attorneys general of New York, Connecticut and Illinois and the Superintendent of Insurance for the State of New York, we established a settlement fund for Zurich US customers that purchased or renewed excess casualty policies (other than excess workers' compensation) through Marsh & McLennan Companies, Inc. or Marsh Inc. with inception or renewal dates between January 1, 2000, and September 30, 2004. According to our records, your company purchased qualifying insurance from us during this time frame that makes your company eligible to participate in this settlement. The enclosed notice outlines the eligibility criteria and your rights and options under the terms of the settlement agreement.

Also enclosed is a statement detailing the amount of money your company is eligible to receive, further details on how we arrived at this amount, a release that your company is required to sign in order to participate in this settlement fund and a document containing questions and answers concerning the enclosed material. If any of this material does not accompany this letter, please contact the Zurich American Settlement Administrator at:

    Phone: 800-698-5042 (Domestic)
    Phone: 507-384-4903 (International)
    e-mail: ZurichSettlementAdministrator@Rustconsulting.com

If you will not be the person making the decision about participating in this settlement fund, please forward this material to the appropriate person. You also can contact us at the number listed above and we will resend this information to that person. Please note the deadline for electing to participate in the Zurich settlement fund is January 17, 2007. Payments to participants will be mailed on or before February 28, 2007. If you have questions about your company's participation in this process or how your company's amount was calculated, please contact the Zurich American Settlement Administrator.

We thank you for your business and the opportunity to help your organization address its risk management needs. We look forward to a renewed and strong working relationship in the future.

Sincerely,

*Axel Lehmann*

Axel P. Lehmann
Chief Executive Officer
Zurich American Insurance Company

To Zurich Eligible Policyholders:

This notice is to inform you of your eligibility to participate in a settlement fund established by Zurich American Insurance Company and Zurich Holding Company of America, Inc. (collectively, "Zurich") pursuant to a settlement agreement that Zurich reached with the attorneys general for the States of New York, Connecticut and Illinois and a separate agreement between Zurich and the Superintendent of Insurance for the State of New York (collectively, the "Three-State Agreement"). A copy of the Three-State Agreement is available at http://www.zurichna.com/zus/zurichus.nsf/pages/Zurich+Spotlight in an article titled, "Zurich announces settlement with New York, Connecticut and Illinois."

The Three-State Agreement arises out of an investigation relating to the marketing, sale, renewal, placement or servicing of insurance and reinsurance and broker compensation practices, and accounting and public reporting practices, including those related to nontraditional and finite insurance and reinsurance (the "Investigation"). The Three-State Agreement contains allegations that "Zurich US" (as defined in the Three-State Agreement) participated in schemes to steer business and in the rigging of bids for excess casualty insurance through Marsh & McLennan Companies, Inc. or Marsh Inc. (collectively "Marsh"). Pursuant to the Three-State Agreement, Zurich has established an $88,000,000 settlement fund (the "Excess Casualty Fund"). Policyholders of Zurich US that purchased or renewed excess casualty insurance policies (other than excess workers' compensation policies) through Marsh where those policies had inception or renewal dates on or after January 1, 2000, through and including September 30, 2004, are eligible to receive compensation from the Excess Casualty Fund ("Eligible Policyholders").

Our records show that your company meets the criteria to be an Eligible Policyholder. However, in order to receive a cash distribution from the Excess Casualty Fund, you must affirmatively elect to participate in the Excess Casualty Fund. Your decision to participate (or not) is entirely voluntary. The purpose of this letter is to advise you of what you must do to participate in the Excess Casualty Fund, the consequences of participating, and other factors that you might want to consider in deciding whether to participate.

### *What Your Company Is Eligible to Receive from the Excess Casualty Fund*

Under the Three-State Agreement, there is no need for you to demonstrate that your company suffered any actual harm or injury from any alleged action taken by Zurich. Instead, Zurich, the attorneys general for the States of New York, Connecticut and Illinois and the Superintendent of Insurance for the State of New York (collectively, the "Settling Parties") agreed to a formula to determine an amount available from the Excess Casualty Fund for each Eligible Policyholder. A statement setting out the amount you are eligible to receive from the Excess Casualty Fund is included with this notice.

### *What You Must Do to Participate in the Excess Casualty Fund*

**IF YOU WISH TO PARTICIPATE IN THE EXCESS CASUALTY FUND, YOU MUST SIGN AND RETURN THE ENCLOSED RELEASE TO THE ADDRESS INDICATED. THE SIGNED RELEASE MUST BE POSTMARKED BY NO LATER THAN JANUARY 17, 2007. A SELF-ADDRESSED, POSTAGE-PAID ENVELOPE IS INCLUDED FOR YOUR CONVENIENCE.**

By signing the Release – the form of which was agreed to by the Settling Parties – you will give up your right to pursue any lawsuit or claims against Zurich or any of its affiliated entities (including Zurich Financial Services) and/or its current or former employees or directors with respect to any matter that was covered by the Investigation or which relates to, or arises out of, the allegations contained in the Three-State Agreement ("Release"). As discussed below, if you sign the Release, it

may affect your participation in the Class Action Settlement (described below) and will affect your ability to participate in other settlements that Zurich may enter or judgments or awards that may be made against Zurich regarding the allegations contained in the Three-State Agreement. Your execution of the Release will not affect your ability to make claims against or obtain relief from entities or individuals not related to Zurich.

### *What Will Happen if You Do Not Participate in the Excess Casualty Fund*

If you decide not to participate in the Excess Casualty Fund, you will retain any rights you might have to pursue a claim against Zurich, including through the class action that is described below. However, if you decide not to participate in the Excess Casualty Fund, you will not receive any payment from the Excess Casualty Fund.

### *How Payment from the Excess Casualty Fund Will Be Made*

If you sign and return the enclosed Release to the address indicated and it is postmarked no later than January 17, 2007, payment from the Excess Casualty Fund (in the amount indicated in the attached Distribution Statement) will be mailed to you on or before February 28, 2007. Furthermore, as set out in the Three-State Agreement, "if any money remains in the Excess Casualty Fund as of **December 8, 2007,** any such funds shall be distributed by **January 8, 2008,** on a pro rata basis" to those policyholders that have elected to participate in the Excess Casualty Fund by timely returning the signed Release.

**THUS, THE ACTUAL CASH DISTRIBUTION YOU RECEIVE MAY BE MORE THAN IS SET OUT ON THE ATTACHED DISTRIBUTION STATEMENT IF THERE IS LESS THAN FULL PARTICIPATION BY ELIGIBLE POLICYHOLDERS IN THE EXCESS CASUALTY FUND.**

In no event will any of the monies in the Excess Casualty Fund be refunded to Zurich.

### *The Class Action/Multi-State Settlement*

The allegations contained in the Three-State Agreement regarding broker compensation and insurance placement practices have also given rise to federal class actions (which have been consolidated in *In re Insurance Brokerage Antitrust Litigation*, Civ. No. 04-5184 (D.N.J.) (the "Class Action") state class actions and investigations by other state attorneys general and state departments of insurance. Other insurers and certain brokers are also named as defendants in the private litigation.

With regard to the Class Action, Zurich recently entered into a settlement agreement with plaintiffs pursuant to which it agreed to settle the claims made in the litigation (the "Class Action Settlement"). If approved by the court, the Class Action Settlement will resolve and dismiss with prejudice all claims that have been made or could have been made in the Class Action as to Zurich and those subsidiaries of Zurich Financial Services as set forth in the Class Action Settlement.

In addition, Zurich has also entered into settlement agreements with a group of state attorneys general and with certain state departments of insurance in connection with their investigations into broker compensation and insurance placement practices (collectively, the "Multi-State Agreement"). Under the Multi-State Agreement, Zurich agreed to a settlement fund in conjunction with the Class Action Settlement, whereby at least $121,800,000 will be distributed in connection with those settlement agreements (collectively, the "Class Action/Multi-State Settlement") – with a possibility under certain circumstances that Zurich will be required to fund an additional $29,900,000 in connection with the

2

Class Action Settlement. If approved by the court, participation in the settlement fund set up by the Class Action/Multi-State Settlement will be described in a separate notice that will be sent to you at a later date.

**IF THE CLASS ACTION SETTLEMENT IS APPROVED BY THE COURT, THESE FUNDS WILL BE DISTRIBUTED TO A CLASS THAT WILL INCLUDE YOUR COMPANY AS WELL AS OTHER POLICYHOLDERS THAT ARE NOT ELIGIBLE POLICYHOLDERS UNDER THE THREE-STATE AGREEMENT, INCLUDING POLICYHOLDERS UNDER COMMERCIAL PROPERTY / CASUALTY INSURANCE POLICIES OTHER THAN EXCESS CASUALTY POLICIES AND POLICYHOLDERS THAT PURCHASED INSURANCE USING THE SERVICES OF BROKERS OTHER THAN MARSH.**

The class covered by the Class Action Settlement, which is subject to court approval, consists in relevant part of all individuals or entities who, from August 26, 1994, through September 1, 2005, inclusive:

- Engaged the services of any of the Defendant Brokers (as defined in the Class Settlement) in connection with the purchase or renewal of commercial insurance or reinsurance, except life insurance, from any of the Zurich Insurers (as defined in the Class Settlement) or from any of the Insurer Defendants (as defined in the Class Settlement) or any insurance company that is not an affiliate or subsidiary of a Zurich Insurer, or

- Engaged the services of any other broker in connection with the purchase or renewal of commercial insurance or reinsurance, except life insurance, from any of the Zurich Insurers (as defined in the Class Action Settlement).

Eligible Policyholders under the Three-State Agreement also fall within the definition of Settlement Class Members under the Class Action Settlement and thus are also eligible to participate in the Class Action/Multi-State Settlement subject to court approval. However, Eligible Policyholders under the Three-State Agreement are *not* able to participate in *both* the settlement relief distributed under the Three-State Agreement and the settlement relief distributed under the Class Action Settlement for the policies covered by the Three-State Agreement – *i.e.*, excess casualty insurance policies (other than excess workers' compensation policies) purchased through Marsh with inception or renewal dates between January 1, 2000, and September 30, 2004. **Each Three-State Eligible Policyholder will have to determine in which – if any – settlement fund they will participate for those particular policies.**

However, if you are a Three-State Eligible Policyholder and decide to participate in the settlement fund created under the Three-State Agreement, you might still be eligible to participate in the Class Action settlement fund to the extent you purchased or renewed a commercial insurance policy or reinsurance, except life insurance, that is not covered by the Three-State Agreement but is covered by the Class Action Settlement. If, for example, you have two policies (Policy A and Policy B) that both fall within the class definition in the Class Action Settlement, but only Policy A is covered by the Three-State Agreement, you may choose to participate in the Class Action Settlement only for Policy B and obtain relief under the Three-State Agreement for Policy A. Alternatively, you may choose instead to participate in the Class Action Settlement for both Policy A and Policy B, and give up your right to participate in the Three-State Settlement as to Policy A. You may not obtain relief for Policy A under the Class Action Settlement if you make a claim for relief for that policy under the Three-State Agreement.

3

The options available to you as an Eligible Policyholder are illustrated below:



You will be able to participate in the Class Action Settlement for any eligible policies not covered by the Three-State Agreement, even if you sign the enclosed Release, because the Class Action Agreement requires the Zurich Defendants not to enforce the Release in the context of providing settlement relief under the Class Action Settlement for policies not covered by the Three-State Agreement. Zurich has, however, reserved its rights to fully enforce the Release outside the context of the Class Action Settlement. Thus, if you receive settlement relief under the Three-State Agreement, but decide to request exclusion from the Class Action Settlement for any policies not covered by the Three-State Agreement, you will not be allowed to make claims based upon those non-covered policies to the extent the claims were made or could have been made in the Class Action. If you bring such a claim, Zurich will enforce the Release against you to the fullest extent allowed.

The Class Action Settlement is subject to court approval. There is no guarantee that such approval will be obtained. It is possible that changes to the class or allocation of settlement proceeds will be made as a result of the court's review. Payment of the additional amounts under the Multi-State Agreement is also conditioned upon court approval of the Class Action Settlement. There is no way to predict what amount you would receive under the Class Action/Multi-State Settlement until after the court approves the Class Action Settlement. We are not able to advise you as to which settlement (if any) you should participate in for policies covered by the Three-State Agreement.

If the Class Action Settlement is approved by the court, you will receive a separate notice that will describe the Class Action Settlement and your rights to participate in the Class Action/Multi-State Settlement.

If you have any questions about participation in the Excess Casualty Fund established by the Three-State Agreement and are in the United States, Canada or a United States territory, you may contact the Zurich American Settlement Administrator by e-mail at ZurichSettlementAdministrator@Rustconsulting.com, or by telephone at 800-698-5042. If you are outside of the United States, Canada or a United States territory, please use the appropriate international access code followed by 507-384-4903.

4

## Questions and Answers
## Zurich US
## Three-State Settlement Communication

- **Why did I receive this letter?**
  You are eligible to participate in a settlement fund established by agreements between Zurich and the attorneys general for the States of New York, Illinois and Connecticut and the Superintendent of Insurance for the State of New York (the "Three-State Agreement").

- **How much money am I eligible to receive?**
  A statement setting forth the minimum amount you are eligible to receive from the settlement fund is included with the enclosed notice. The actual cash distribution you receive, however, may end up being more than is indicated in the statement if there is less than full participation in this settlement by eligible policyholders.

- **How do I participate?**
  If you wish to participate in this settlement, you must sign and return the enclosed Release. No other action on your part is required.

- **Where do I send the Release?**
  A self-addressed, postage-paid return envelope is enclosed for your convenience. If the envelope is misplaced, please mail the Release to:

  - Zurich American Settlement Administrator
    PO Box 1849
    Faribault, MN 55021-1897

- **By what date must I send the signed Release in order to participate in the settlement?**
  The signed Release must be postmarked by January 17, 2007.

- **If I sign the Release, will I still be able to participate in a settlement fund Zurich has agreed to establish to settle claims made in litigation (the "Class Action Settlement") and to resolve other state investigations?**
  Yes, provided the court approves the Class Action Settlement and you were issued another commercial property / casualty policy by Zurich through Marsh or any other broker or agent that is not covered by the Three-State Agreement (i.e., excess casualty insurance policies, other than excess workers' compensation, issued through Marsh that incepted or renewed between January 1, 2000, and September 30, 2004).

- **Will I still receive a cash distribution under the Three-State Agreement if the Class Action Settlement described above is not approved?**
  Yes. You will receive, at a minimum, the amount indicated in the enclosed statement provided you return a signed Release that is postmarked by January 17, 2007.

- **When will I receive my money?**
  If you return a signed Release to the address indicated and it is postmarked no later than January 17, 2007, the amount indicated in the enclosed statement will be mailed to you on or before February 28, 2007.

- **Will participation in the settlement fund impact the payment of any losses covered by any Zurich policy?**
  No. You will still be paid for a loss that is covered under any Zurich policy.

- **If I sign the Release, what claims will I be releasing?**
  By signing the Release, you will give up your right to pursue any lawsuit or claims against Zurich or any of its affiliated entities (including Zurich Financial Services) and/or its current or former employees or directors with respect to any matter that relates to the marketing, sale, renewal, placement or servicing of insurance and reinsurance and broker compensation practices, and accounting and public reporting practices, including those related to nontraditional and finite insurance and reinsurance.

- **What if I do nothing / send nothing back?**
  You will not be entitled to participate in the settlement fund under the Three-State Agreement. You may still be able to participate in the Class Action Settlement.

- **My question is not specifically answered above. Now what do I do?**
  Please refer to the enclosed notice, which provides more detailed information or contact the Zurich American Settlement Administrator by telephone at 800-698-5042 (international callers dial 507-384-4903) or e-mail at ZurichSettlementAdministrator@Rustconsulting.com.

Zurich Distribution Statement (1)

Policyholder Name: W. R. GRACE & CO.
Policyholder Address: 7500 GRACE DR
COLUMBIA, MD 21044-4009

| | Policy Number | Policy Effective Date | Written Premium (1) | Distribution Amount (2) |
|---|---|---|---|---|
| 1. | 2940015 | 06/30/2004 | $491,999.00 | $35,110.36 |
| 2. | 2940015 | 06/30/2003 | $492,000.00 | $35,110.43 |
| 3. | 2940015 | 06/30/2000 | $121,000.00 | $8,634.88 |
| 4. | 2940015 | 06/30/2001 | $153,900.00 | $10,982.71 |
| 5. | 2940015 | 06/30/2002 | $427,800.00 | $30,528.95 |
| TOTALS | | | | $120,367.33 |

(1) This distribution statement is based on Zurich US' records as of April 30, 2006, of premiums written by Zurich US in connection with excess casualty insurance, other than excess workers' compensation, purchased or renewed by you or your firm through Marsh & McLennan Companies, Inc. or Marsh Inc. with inception or renewal dates during the period from January 1, 2000, through September 30, 2004. If the policy information is not correct, please call toll-free 800-698-5042. International callers dial 507-384-4903.

(2) Amount of money you are eligible to receive for each listed policy upon signing the accompanying Release and mailing it back postmarked no later than January 17, 2007.



Zurich Distribution Statement (1)

Policyholder Name: WR GRACE & CO.
Policyholder Address: 7500 GRACE DRIVE
COLUMBIA, MD 21044-4098

| Policy Number | Policy Effective Date | Written Premium (1) | Distribution Amount (2) |
|---|---|---|---|
| 1. 7027454 | 06/30/2003 | $484,750.00 | $34,593.05 |
| 2. 7027454 | 06/30/2004 | $484,750.00 | $34,593.05 |
| 3. 7027521 | 06/30/2003 | $75,000.00 | $5,352.20 |
| 4. 7027521 | 06/30/2004 | $75,000.00 | $5,352.20 |
| TOTALS | | | $79,890.50 |

(1) This distribution statement is based on Zurich US' records as of April 30, 2006, of premiums written by Zurich US in connection with excess casualty insurance, other than excess workers' compensation, purchased or renewed by you or your firm through Marsh & McLennan Companies, Inc. or Marsh Inc. with inception or renewal dates during the period from January 1, 2000, through September 30, 2004. If the policy information is not correct, please call toll-free 800-698-5042. International callers dial 507-384-4903.

(2) Amount of money you are eligible to receive for each listed policy upon signing the accompanying Release and mailing it back postmarked no later than January 17, 2007.



## RELEASE

This RELEASE (the "Release") is executed this _____ day of _____, 2006, by RELEASOR (defined below) in favor of RELEASEE (defined below).

### DEFINITIONS

"RELEASOR" refers to <u>W. R. GRACE & CO.</u> and any of its affiliates, subsidiaries, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers acting on behalf of RELEASOR.

"RELEASEE" refers to Zurich Financial Services, Zurich Holding Company of America Inc. and Zurich American Insurance Company and any of their subsidiaries, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers (collectively, "Zurich").

"ASSURANCE" refers to an Assurance of Discontinuance and Voluntary Compliance between Zurich US and the Attorney General of the State of New York, the Attorney General of the State of Illinois and the Attorney General of the State of Connecticut (collectively, "Attorneys General") dated March 27, 2006, and an accompanying stipulation between Zurich and the Superintendent of Insurance for the State of New York ("NYSI") dated March 27, 2006, relating to (i) investigation by each of the Attorneys General and NYSI related to Zurich's alleged use of contingent commission agreements or placement service agreements to steer business; and (ii) investigations by each of the Attorneys General and NYSI related to Zurich's alleged participation in bid-rigging schemes.

### RELEASE

1. In consideration for the total payment of $120,367.33 in accordance with the terms of the ASSURANCE, RELEASOR does hereby fully release, waive and forever discharge RELEASEE from any and all claims, demands, debts, rights, causes of action or liabilities whatsoever, including known and unknown claims, now existing or hereafter arising, in law, equity or otherwise, whether under state, federal or foreign statutory or common law, and whether possessed or asserted directly, indirectly, derivatively, representatively or in any other capacity (collectively, "claims"), to the extent any such claims are based upon, arise out of or relate to, in whole or in part, (i) any of the allegations, acts, omissions, transactions, events, types of conduct or matters described in the ASSURANCE, or were subject to investigation by any of the Attorneys General and NYSI as referenced in the ASSURANCE; (ii) any allegations, acts, omissions, transactions, events, types of conduct or matters that are the subject of <u>In re Insurance Brokerage Antitrust Litigation</u>, MDL No. 1663, or the actions pending in the United States District Court for the District of New Jersey captioned <u>In re Insurance Brokerage Antitrust Litigation</u>, Civ. No. 04-5184 (FSH), and <u>In re Employee Benefit Insurance Brokerage Antitrust Litigation</u>, Civ. No. 05-1079 (FSH) or any related actions filed or transferred to the United States District Court for the District of New Jersey that are consolidated into either of the preceding Civil Action dockets; or (iii) any allegations of bid-rigging or of the use of contingent commission agreements or placement service agreements to steer business arising from acts or conduct on or before the date of the ASSURANCE; provided, however, that RELEASOR does not hereby release, waive, or discharge RELEASEE from any claims that are based upon, arise out of or relate to (a) the purchase or sale of Zurich's securities; and (b) Zurich's Life Insurance Operations (as defined by the ASSURANCE to which this Release is an exhibit); (c) Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange and their respective subsidiaries.

2. In the event that the total payment referred to in paragraph 1 is not made for any reason, then this RELEASE shall be deemed null and void, provided that any payments received by RELEASOR shall be credited to Zurich in connection with any claims that RELEASOR may assert against Zurich, or that are asserted on behalf of RELEASOR or by a class of which RELEASOR is a member, against Zurich.

3. This RELEASE may not be changed orally and shall be governed by and interpreted in accordance with the internal laws of the State of New York, without giving effect to choice of law principles, except to the extent that federal law requires that federal law governs. Any disputes arising out of or related to this RELEASE shall be subject to the exclusive jurisdiction of the Supreme Court of the State of New York or, to the extent federal jurisdiction exists, the United States District Court for the Southern District of New York.

4. RELEASOR represents and warrants that the claims have not been sold, assigned or hypothecated in whole or in part.

Dated: _____ ___/ ___ ___/ ___ ___

_____     _____
RELEASOR                           By

_____     _____
Print Name                         Title



## RELEASE

This RELEASE (the "Release") is executed this _____ day of _____, 2006, by RELEASOR (defined below) in favor of RELEASEE (defined below).

### DEFINITIONS

"RELEASOR" refers to WR GRACE & CO. and any of its affiliates, subsidiaries, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers acting on behalf of RELEASOR.

"RELEASEE" refers to Zurich Financial Services, Zurich Holding Company of America Inc. and Zurich American Insurance Company and any of their subsidiaries, associates, general or limited partners or partnerships, predecessors, successors, or assigns, including, without limitation, any of their respective present or former officers, directors, trustees, employees, agents, attorneys, representatives and shareholders, affiliates, associates, general or limited partners or partnerships, heirs, executors, administrators, predecessors, successors, assigns or insurers (collectively, "Zurich").

"ASSURANCE" refers to an Assurance of Discontinuance and Voluntary Compliance between Zurich US and the Attorney General of the State of New York, the Attorney General of the State of Illinois and the Attorney General of the State of Connecticut (collectively, "Attorneys General") dated March 27, 2006, and an accompanying stipulation between Zurich and the Superintendent of Insurance for the State of New York ("NYSI") dated March 27, 2006, relating to (i) investigation by each of the Attorneys General and NYSI related to Zurich's alleged use of contingent commission agreements or placement service agreements to steer business; and (ii) investigations by each of the Attorneys General and NYSI related to Zurich's alleged participation in bid-rigging schemes.

### RELEASE

1. In consideration for the total payment of $79,890.50 in accordance with the terms of the ASSURANCE, RELEASOR does hereby fully release, waive and forever discharge RELEASEE from any and all claims, demands, debts, rights, causes of action or liabilities whatsoever, including known and unknown claims, now existing or hereafter arising, in law, equity or otherwise, whether under state, federal or foreign statutory or common law, and whether possessed or asserted directly, indirectly, derivatively, representatively or in any other capacity (collectively, "claims"), to the extent any such claims are based upon, arise out of or relate to, in whole or in part, (i) any of the allegations, acts, omissions, transactions, events, types of conduct or matters described in the ASSURANCE, or were subject to investigation by any of the Attorneys General and NYSI as referenced in the ASSURANCE; (ii) any allegations, acts, omissions, transactions, events, types of conduct or matters that are the subject of In re Insurance Brokerage Antitrust Litigation, MDL No. 1663, or the actions pending in the United States District Court for the District of New Jersey captioned In re Insurance Brokerage Antitrust Litigation, Civ. No. 04-5184 (FSH), and In re Employee Benefit Insurance Brokerage Antitrust Litigation, Civ. No. 05-1079 (FSH) or any related actions filed or transferred to the United States District Court for the District of New Jersey that are consolidated into either of the preceding Civil Action dockets; or (iii) any allegations of bid-rigging or of the use of contingent commission agreements or placement service agreements to steer business arising from acts or conduct on or before the date of the ASSURANCE; provided, however, that RELEASOR does not hereby release, waive, or discharge RELEASEE from any claims that are based upon, arise out of or relate to (a) the purchase or sale of Zurich's securities; and (b) Zurich's Life Insurance Operations (as defined by the ASSURANCE to which this Release is an exhibit); (c) Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange and their respective subsidiaries.

2. In the event that the total payment referred to in paragraph 1 is not made for any reason, then this RELEASE shall be deemed null and void, provided that any payments received by RELEASOR shall be credited to Zurich in connection with any claims that RELEASOR may assert against Zurich, or that are asserted on behalf of RELEASOR or by a class of which RELEASOR is a member, against Zurich.

3. This RELEASE may not be changed orally and shall be governed by and interpreted in accordance with the internal laws of the State of New York, without giving effect to choice of law principles, except to the extent that federal law requires that federal law governs. Any disputes arising out of or related to this RELEASE shall be subject to the exclusive jurisdiction of the Supreme Court of the State of New York or, to the extent federal jurisdiction exists, the United States District Court for the Southern District of New York.

4. RELEASOR represents and warrants that the claims have not been sold, assigned or hypothecated in whole or in part.

Dated: ____ ____ / ____ ____ / ____ ____

_____     _____
RELEASOR                                 By

_____     _____
Print Name                               Title

