**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Date: November 22, 2006 @ 4:00 p.m.** |
| | ) | **Hearing Date: December 5, 2006 @ 1:00 p.m.** |
| | | **Before the Honorable Judith K. Fitzgerald, U.S. Bankruptcy Court, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219** |

**MOTION FOR AN ORDER PURSUANT TO SECTION 107(b) OF
THE BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND LOCAL RULE 9018-1(b)
AUTHORIZING THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS, AND DIRECTING THE CLERK OF THE
COURT, TO FILE UNDER SEAL THE MOTION OF THE OFFICIAL
COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO
<u>COMPEL PRODUCTION OF DOCUMENTS</u>**

The Official Committee of Asbestos Personal Injury Claimants (the "Committee"), by and through its undersigned counsel, hereby moves (the "Motion") for the entry of an order pursuant to Section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Committee, and directing the Clerk of the Court, to file under seal the Motion of the Official Committee of Asbestos Personal Injury Claimants to Compel Production of Documents ("Discovery Motion"). In support of this Motion, the Committee respectfully represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over these proceedings, the parties and property affected thereby, and the Motion, pursuant to 28 U.S.C. §§157(b) and 1334.  Venue is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  The statutory predicates for the relief requested in the Motion are Section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 9018-1(b) of the Local Rules.

## BACKGROUND

2.      On or about April 1, 2001, W.R. Grace & Co. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court.  The Debtors continue to be in possession of their respective properties and are operating and managing their respective businesses and assets, as debtors–in–possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  The proceedings are being jointly administered, for procedural purposes, pursuant to an Order of this Court.

3.      No Trustee or examiner has been appointed in the Debtors' chapter 11 cases.  On April 13, 2001, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Property Damage Claimants, and the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code.  On May 24, 2004, this Court signed an Order appointing David T. Austern as the Legal Representative for Future Asbestos Claimants.

4.      Pursuant to the discussion with the Court during the October 23, 2006 omnibus Hearing, the Committee is filing the Discovery Motion for the entry of an order

compelling the Debtors to respond to document request numbers 47 and 66 of the

Committee's First Set of Requests for Production of Documents Directed to the Debtors.

The Discovery Motion, as well as certain exhibits thereto, contains information provided

to the Committee by the Debtors upon agreement to maintain the confidentiality of the

information, or taken in connection with a confidential discovery proceeding.  The

Debtors have designated this information as confidential.  Therefore, the Committee

seeks to have this Court enter an order permitting the filing of the Discovery Motion (and

exhibits thereto) under seal so as to protect the Debtors' asserted interest in the

confidential, commercial information and the Committee's agreement to maintain the

confidentiality of the information.

## **RELIEF REQUESTED**

5.      By this Motion, the Committee requests authority to file the Discovery

Motion under seal for *in camera* review by this Court.

6.      In pertinent part, Section 107(b) of the Bankruptcy Code provides:

(b) On request of a party in interest, the bankruptcy court shall, and on the
bankruptcy court's own motion, the bankruptcy court may--
> (1)      protect an entity with respect to a trade secret or
> confidential research development, or commercial information;

7.      Similarly, Bankruptcy Rule 9018, provides:

On motion or on its own initiative, with or without notice, the court may
make any order which justice requires (1) to protect the estate or any
entity in respect of a trade secret or other confidential research,
development, or commercial information, (2) to protect any entity against
scandalous or defamatory matter contained in any paper filed in a cased
under the Code, or (3) to protect governmental matters that are made
confidential by statute or regulation. If an order is entered under this rule
without notice, any entity affected thereby may move to vacate or modify
the order, and after a hearing on notice the court shall determine the
motion.

8.     The relief sought herein is the least intrusive means of achieving the goal of protecting the integrity of the judicial process, protecting legitimate confidential commercial information, and fostering the creation of a full and fair record for the Court's adjudication of disputes.  *In re 50-Off Stores*, 213 B.R. 646, 659 (Bankr. W.D. Tex. 1997) ("The sealing device permits the court to do its job fully, permitting both a full inquiry and assuring the protection of the asset the cause of action represents.).

9.     It is a long-standing practice in the federal courts for relevant evidence to be received at trial *in camera*, so as to protect the non-public character of qualified material while allowing the Court to perform its adjudicative functions.  *See John T. Lloyd Lab., Inc. v. Lloyd Bros. Pharmaceuticals, Inc.*, 131 F.2d 703, 707 (6th Cir. 1942) (trial court ordered to receive evidence in trade secret litigation *in camera*); *Standard & Poor's Corp. v. Commodity Exch., Inc.,* 541 F. Supp. 1273, 1276 (S.D.N.Y. 1982) (closure of part of trial may be ordered to preserve trade secret confidentiality and avoid irreparable harm).

10.     The Committee submits that it is necessary to file the Discovery Motion under seal as it contains confidential information relating to the Debtors' policies regarding the settling and/or litigating of asbestos personal injury claims and the history of personal injury judgments against the Debtors, which the Debtors seek to maintain as confidential.  Additionally, as noted, the information contained in the Discovery Motion was either provided to the Committee by the Debtors upon agreement to maintain the confidentiality of the information, or obtained in connection with a confidential deposition proceeding.  Consequently, the Committee seeks the relief requested herein.

11.     The Discovery Motion has been served on the Office of the United States Trustee, the counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, counsel to the Official Committee of Asbestos Property Damage Claimants, counsel to the Official Committee of Equity Security Holders, and counsel to David T. Austern, the Legal Representative for Future Asbestos Claimants.

## **NO PRIOR REQUEST**

12.     No previous motion to file under seal the Discovery Motion has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests entry of an order authorizing the Committee, and directing the Clerk of the Court, to file under seal the Motion of the Official Committee of Asbestos Personal Injury Claimants to Compel Production of Documents and granting other and further relief as is just and equitable.

Dated: November 7, 2006

CAMPBELL & LEVINE, LLC

*/s/ Mark T. Hurford*
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 North King Street, Suite 300
Wilmington, DE  19801
(302) 426-1900 (telephone)
(302) 426-9947 (facsimile)

-and-

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue
New York, NY  10152-3500
(212) 319-7125

-and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
Nathan D. Finch
Walter B. Slocombe
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C.  20005
(202) 862-5000

*Counsel to the Official Committee of*
*   Asbestos Personal Injury Claimants*