## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: 12/1/06** |
| | ) | **Hearing Date: 12/18/06 @ 2:00 p.m.** |

## TENTH QUARTERLY APPLICATION OF PHILLIPS, GOLDMAN & SPENCE, P.A. AS LOCAL COUNSEL TO DAVID T. AUSTERN, FUTURE CLAIMANTS' OF REPRESENTATIVE FOR COMPENSATION AND REIMBURSEMENT EXPENSES FOR THE PERIOD OF JULY 1, 2006 THROUGH SEPTEMBER 30, 2006

Phillips, Goldman & Spence, P.A., ("PG&S"), local counsel to David T. Austern, Future Claimants Representative (the "FCR"), pursuant to sections 327, 330 and 331 of title 11 of the U.S. Bankruptcy Code, (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the *Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members* ("Interim Compensation Order") [Docket No. 198], and the *Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members* ("Amended Interim Compensation Order") [Docket No. 1949], and Del. Bankr. LR 2016-2, hereby applies for an order allowing it (i) compensation in the amount of $30,594.00 for the reasonable and necessary legal services PG&S has rendered to the FCR and reimbursement of expenses in the amount of $1,597.70 (the "Tenth Quarterly Fee Application") in these cases for the interim quarterly fee period from July 1, 2006 through September 30, 2006 (the "Fee Period"). In support of this Tenth Quarterly Fee Application, PG&S respectfully represents the following:

2

## Background

1. On April 2, 2001 (the ("Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 27, 2004, the Court entered its *Order Authorizing the Retention and Employment of Phillips, Goldman & Spence, P.A. as Local Bankruptcy Counsel to David T. Austern, Future Claimants Representative* [Docket No. 6478] (the "Retention Order"). The Retention Order authorizes PG&S to be compensated at its hourly rates charged for services of this type and necessary out of pocket expenses incurred, subject to its applications to the Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

## Monthly Interim Fee Applications Covered Herein

3. Pursuant to the procedures set forth in the Interim Compensation Order as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such applications, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the professional may submit to the Court a

3

certification of no objections whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Pursuant to the Amended Interim Compensation Order, within forty-five (45) days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by the Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or any Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the Tenth Quarterly Fee Application for compensation for services rendered that PG&S has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, and covers the Fee Period of July 1, 2006 through September 30, 2006.

6. PG&S filed the following Monthly Fee Applications for interim compensation during this Quarterly Fee Application period:

    a. *Twenty-Sixth Monthly Interim Application of Phillips, Goldman & Spence, P.A. as Local Counsel to David T. Austern, Future Claimants' Representative, for Compensation for Services Rendered and Reimbursement of Expenses for the Period of July 1, 2006 through July 31, 2006* (the "Twenty-Sixth Monthly Fee Application") [Docket No. 13079] which is attached hereto as Exhibit "A"; and

b.  *Twenty-Seventh Monthly Interim Application of Phillips, Goldman & Spence, P.A. as Local Counsel to David T. Austern, Future Claimants' Representative for Compensation and Reimbursement of Expenses for the Period of August 1, 2006 to August 31, 2006* (the "Twenty-Seventh Monthly Fee Application") [Docket No. 13333], which is attached hereto as Exhibit "B"; and

c.  *Twenty-Eighth Monthly Interim Application of Phillips, Goldman & Spence, P.A. as Local Counsel to David T. Austern, Future Claimants' Representative for Compensation and Reimbursement of Expenses for the Period of September 1, 2006 to September 30, 2006* (the "Twenty-Eighth Monthly Fee Application") [Docket No. 13518], which is attached hereto as Exhibit "C".

7.  The period for objecting to the fees and expense reimbursement requested in the Twenty-Sixth and Twenty-Seventh Fee Applications has passed without any objections being filed, whereupon PG&S filed its Certificates of No Objection with the Court, and the Debtors were authorized to pay the interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested. The objection Deadline for the Twenty-Eighth Monthly Fee Applications covered herein is November 20, 2006. If no objections are filed, PG&S will file the requisite Certificate of No Objection to that Monthly Fee Application.

8.  PG&S has advised and represented the FCR as local counsel, focusing on due diligence with respect to the Debtors and events occurring in these cases, and on protecting the rights of the future claimants with respect to actions taken by the Debtors, the Committees and other parties in interest.

## Previous Quarterly Fee Applications

9.  PG&S previously filed the following Quarterly Fee Applications:

a.  *First Quarterly Application of Phillips, Goldman & Spence, P.A., Local Bankruptcy Counsel to David T. Austern, Future Claimant's Representative for Compensation for Services Rendered and Reimbursement of Expenses for the time period May 24, 2004 through*

5

*June 30, 2004*, filed on October 27, 2004 [Docket No. 6752] (the "First Quarterly Fee Application"); and

b. *Second Quarterly Interim Application of Phillips, Goldman & Spence, P.A. as Local Counsel to David T. Austern, Future Claimants' Representative for Compensation and Reimbursement of Expenses for the Period of July 1, 2004 to September 30, 2004* [Docket No. 6940] (the "Second Quarterly Fee Application"); and

c. *Third Quarterly Interim Application of Phillips, Goldman & Spence, P.A. as Local Counsel to David T. Austern, Future Claimants' Representative for Compensation and Reimbursement of Expenses for the Period of October 1, 2004 Through December 31, 2004* [Docket No. 7783] (the "Third Quarterly Fee Application").

d. *Fourth Quarterly Application of Phillips, Goldman & Spence, P.A., Local Bankruptcy Counsel to David T. Austern, Future Claimant's Representative for Compensation for Services Rendered and Reimbursement of Expenses for the time period January 1, 2005 Through March 31, 2005* [Docket No. 8303] (the "Fourth Quarterly Fee Application").

e. *Fifth Quarterly Application of Phillips, Goldman & Spence, P.A., Local Bankruptcy Counsel to David T. Austern, Future Claimant's Representative for Compensation for Services Rendered and Reimbursement of Expenses for the time period April 1, 2005 Through June 30, 2005* [Docket No. 9096] (the "Fifth Quarterly Fee Application").

f. *Sixth Quarterly Application of Phillips, Goldman & Spence, P.A., Local Bankruptcy Counsel to David T. Austern, Future Claimant's Representative for Compensation for Services Rendered and Reimbursement of Expenses for the time period July 1, 2005 Through September 30, 2005* [Docket No. 11477] (the "Sixth Quarterly Fee Application").

g. *Seventh Quarterly Application of Phillips, Goldman & Spence, P.A., Local Bankruptcy Counsel to David T. Austern, Future Claimant's Representative for Compensation for Services Rendered and Reimbursement of Expenses for the time period October 1, 2005 Through December 31, 2005* [Docket No. 11746] (the "Seventh Quarterly Fee Application").

h. *Eighth Quarterly Interim Application of Phillips, Goldman & Spence, P.A. as Local Counsel to David T. Austern, Future Claimants' Representative for Compensation and Reimbursement of Expenses for the Period of*

*January 1, 2006 through March 31, 2006* [Docket No. 12556] (the "Eighth Quarterly Fee Application).

i. *Ninth Quarterly Interim Application of Phillips, Goldman & Spence, P.A. as Local Counsel to David T. Austern, Future Claimants' Representative for Compensation and Reimbursement of Expenses for the Period of April 1, 2006 through June 30, 2006* [Docket No. 113078] (the "Ninth Quarterly Fee Application).

10. The objection deadline for parties to file objections to the Ninth Quarterly Fee Application is December 1, 2006, and the Court has set December 18, 2006 as the hearing date for the Ninth Quarterly Fee Application. PG&S will file its Certificate of No Objection for the Ninth Quarterly fee Application after December 1, 2006.

## Relief Requested

11. By this Tenth Quarterly Fee Application, PG&S requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual necessary expenses incurred by PG&S for the Fee Period as detailed in the Application, less any amounts previously paid to PG&S pursuant to the Monthly Applications and the procedures set forth in the Interim Compensation Order. As stated above, the services provided and the related expenses incurred are fully described in the Monthly Applications, referenced hereto as Exhibits A through C.

## Disinterestedness

12. As disclosed in the following affidavits:

   a. *Declaration of John C. Phillips, Jr. under Fed. R. Bankr. P. 2014 and 2016(b) in Support of Application for an Order Authorizing Retention and Employment of Phillips, Goldman & Spence, P.A., as Local Bankruptcy Counsel to David T. Austern, Future Claimants' Representative, Pursuant to Section 1103(a) of the Bankruptcy Code* (the "Original Declaration"), filed on June 21, 2004; and

   b. *Supplemental Declaration of John C. Phillips, Jr. Under Fed. R. Bankr. P. 2014 and 5002 in Support of Application for an Order Authorizing*

> *Retention and Employment of Phillips, Goldman & Spence, P.A., as Delaware Bankruptcy Co-Counsel to David T. Austern as Future Claimants' Representative* (the "First Supplemental Declaration"), filed on October 13, 2004.

PG&S does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

13. PG&S may have in the past represented, may currently represent and will likely in the future represent parties in interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. PG&S disclosed in its Declarations, its connections to parties in interest that it has been able to ascertain using its reasonable efforts. PG&S will update the Declarations when necessary and when PG&S becomes aware of material new information.

## Representations

14. PG&S believes that the Tenth Quarterly Application complies with the requirements of Del.Bankr.LR 20126-2 and the Amended Interim Compensation Order.

15. PG&S performed the services for which it is seeking compensation on behalf of or for the FCR and the future asbestos claimants whom he represents.

16. During the Fee Period, PG&S has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, but has sought an interim compensation payment pursuant to the Interim Compensation Order.

17. Pursuant to Fed. R. Bankr. P. 2016(b), PG&S has not shared, nor has it agreed to share, any compensation it has or will receive with any other party or person other than with the

partners, counsel and associates of PG&S. PG&S has not agreed to share any compensation another person or party has received, or may receive, in connection with the Chapter 11 Cases.

WHEREFORE, PG&S respectfully requests that the Court enter an order providing that (a) for the Fee Period of July 1, 2006 through September 30, 2006, an administrative allowance be made to PG&S in the sum of (i) $30,594.00 as compensation for reasonable and necessary professional services rendered to the FCR and (ii) $1,597.70 for reimbursement of actual and necessary costs and expenses, for a total of $32,191.70; (b) the Debtors be authorized and directed to pay PG&S the outstanding amount of such sums less any sums previously paid to PG&S pursuant to the Monthly Application and the procedures set forth in the Interim Compensation Order; and (c) this Court grant such further relief as is equitable and just.

PHILLIPS, GOLDMAN & SPENCE, P.A.

JOHN C. PHILLIPS, JR., ESQUIRE (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210
Local Counsel to David T. Austern,
Future Claimants Representative

Date: November 8, 2006