# Exhibit 1

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Barbara Mack Harding
To Call Writer Directly:
202 879-5081
bharding@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200

June 26, 2006

**By First Class Mail**

Re: W. R. Grace Bankruptcy

Dear Counsel:

As many of you likely are aware, the parties to the asbestos personal injury liability estimation proceeding have been engaged in Court-ordered mediation. Regrettably, little progress has been made. Accordingly, under the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities (Aug. 29, 2005) and the Amended Case Management Order for the Estimation of Asbestos Personal Injury Liabilities (Mar. 27, 2006), this matter is going to proceed to an estimation trial.

The Court has ordered you and your clients to complete the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire") served on September 12, 2005. The Court also has stated that any objections to the Questionnaire are due on July 12, 2006, the same date that the Questionnaire responses are due. *See* Tr. of Hr'g at 26-27, 39 (Apr. 17, 2006). Some counsel for prospective claimants already have filed their Questionnaires and raised various objections to the Questionnaire. Additionally, other claimants, through counsel, have raised objections by separate correspondence concerning the Questionnaire. At the April Omnibus Hearing, the Court indicated that these objections should be resolved promptly. *See id.* at 39 ("If there is no settlement through mediation, then on July 24th, I'll just have to look at the questionnaires with the debtor, if you're prepared to do it, if not, we'll do it in August as to what the objections are and deal with it at that time.") And at the most recent Omnibus Hearing, the Court indicated that Grace could pursue mediation of certain core objections immediately. Pursuant to the Court's directive, Grace intends to bring certain objections before Judge Whelan, the discovery mediator. Judge Whelan has indicated that he is available for mediation on July 6, 2006, beginning at 10 a.m. Grace intends to address three issues in the mediation:

1. Stating objections in lieu of answering the questions;

2. Responding to questions by attachment; and

3. The failure of Claimant or his or her counsel to sign the Questionnaire.

Other issues related to the Questionnaire may be addressed during a separate mediation at a later date. All persons who are required to respond to the Questionnaire are invited to participate in the mediation, even if you or your client have not yet filed your Questionnaire responses or objections.

Chicago       London       Los Angeles       Munich       New York       San Francisco

KIRKLAND & ELLIS LLP

June 26, 2006
Page 2

      Grace reminds the parties that the Court already has approved the questions contained in the Questionnaire and the Questionnaire itself. The Court's approval was given following an extensive process which took place over several months and during which the Court considered the objections regarding the Questionnaire lodged by the various parties to the estimation. Accordingly, any objection to the Questionnaire process or an individual Question is improper, and Grace believes it will be dismissed. *See* Tr. of Hr'g at 176-77, 207-291 (Jul. 19, 2005) ([The Court]: "Well, but what they'll say Mr. Bernick, in answer to the question is I object, it's not relevant, and it's burdensome, and then I'm going to be right here making rulings on it anyway, so why don't we just do it and get it done."); Tr. of Hr'g at 27 (Apr. 17, 2006) ([The Court]: "But, to the extent that an objection is to the question that's being asked, I don't expect either a mediator or me to have to go through that. I've already decided that's an appropriate question to be asked.").

      Finally, pursuant to the Court's order, the Mediator's fees and costs related to this mediation process will not be paid by W.R. Grace, but will be shared equally by the parties to the mediation. *See* Order Governing Procedures for Compensating the Discovery Mediator at ¶ 8 (Jan. 10, 2006) ("If a discovery issue or dispute identified in the Mediator's fee application is related to a dispute between the Debtors and an individual claimant or individual claimants, the fees and expenses shall be paid in equal share by all parties to the mediation.").

      Sincerely,

      Barbara Mack Harding

cc:    Nathan D. Finch, Esq.
       Richard Wyron, Esq.
       Matthew Kramer, Esq.
       Gary Becker, Esq.
       Kenneth Pasquale, Esq.
       Daniel Cohn, Esq.
       Raymond Mullady, Esq.