# Exhibit 4

# BARON & BUDD

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS

3102 OAK LAWN AVENUE
SUITE 1100
DALLAS, TEXAS 75219-4281
(214) 521-3605
Telecopier (214) 520-1181

November 3, 2006

<u>VIA E-MAIL</u>

Barbara Harding
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Suite 1200
Washington DC 20005-5793

    Re:    *In re WR Grace*; Questionnaire Objections of Baron & Budd, P.C.,
            Silber Pearlman, LLP and LeBlanc & Waddell, LLP

Dear Barbara:

    I am writing on behalf of Baron & Budd, P.C., Silber Pearlman, LLP and LeBlanc & Waddell, LLP (hereinafter "BB/SP/LW"). Although all of these firms are also represented by Stutzman, Bromberg, Esserman & Plifka, PC, I am writing directly since, as you know, Sandy Esserman is out of the country. Feel free, however, to contact me directly about this matter as well.

    A couple of assumptions need to be understood from the outset in order to place the rest of this letter in context. <u>First</u>, BB/SP/LW assume that to the extent Judge Fitzgerald has already ruled that an objection previously made is valid, no further discussion of that objection is needed, and those objections are maintained. <u>Second</u>, to the extent that a specific objection is made, withdrawal of a general objection on the same subject matter will have no affect upon the specific objection. <u>Third</u>, all objections are in place vis-a-vis the X-Rays until that issue is worked out separately.

    Those assumptions being stated, of the general objections, we will maintain general objection No. 8, although we are not withholding any documents nor information based on that objection. We will also maintain objection No. 2 to the instructions, to the extent the instruction would cause a questionnaire response to reveal information and material protected by the consulting expert privilege of Rule 26(b)(4)(B), FED. R. CIV. P.

BARON & BUDD, P. C.

To Barbara Harding
November 3, 2006 - Page 2

    As for our specific objections to the questionnaire items, BB/SP/LW will maintain all of their objections to Parts II.1(a)-(f), II.2-II.7 concerning information and materials protected by the consulting expert privilege of Rule 26(b)(4)(B), FED. R. CIV. P.

    In addition, as to Parts II.2-7, we will maintain our objections (attorney-client privilege, vague and ambiguous) as to the "yes" or "no" questions about the "relationship" between counsel and doctors, since we believe that our present answers are sufficient. And, we will maintain our objections (harassing and duplicative), but only insofar as they are needed to make sure that as to clients with second-disease cases, it is sufficient to complete Part II based upon their malignancy diagnosis (supplying also the underlying asbestosis diagnostic materials), and by not having to fill out Part II a second time for the client's asbestosis.

    As to Part VI, we will maintain our objections (unreasonably burdensome, harassing and not reasonably calculated to lead to discovery of admissible evidence) as to job sites, employers and occupations *where no exposure to asbestos is alleged*.

    As for Parts VII.1.a (Litigation) and VII.b (Claims), we will maintain our objections that they are: (1) overly broad – since the questions are not limited to asbestos-related personal-injury diseases; (2) not reasonably calculated to lead to discovery of admissible evidence and as seeking confidential and private information – since the basis of dismissal for each and every defendant dismissed in a claimant's lawsuit, the judgment or verdict amount, if any, and the amount of individual settlements with defendants other than Grace, are irrelevant, and because many of the settlement agreements in question contain an obligation to keep the settlement amounts confidential; and (3) unduly burdensome – since we do not keep track of the "basis" for dismissal, it would be impossible to determine the basis for dismissal.

    Other than the objections stated, and subject to the opening assumptions, we will not be maintaining our other objections. As in the past, we are willing to discuss any concerns you have regarding these objections, but hope you will find that this explanation is satisfactory (as we believe that it is) so we can get on with the process of supplementation without the distraction and delay that further proceedings on these issues will cause.

                                             Very truly yours,

                                             Alan B. Rich

ABR/hs

cc:    Sander Esserman, Esq.
        Nate Finch, Esq.
        Mark T. Hurford, Esq.