# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Docket No. |
| | ) | |

### MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS REPRESENTED BY KELLEY & FERRARO, LLP AND/OR FERRARO & ASSOCIATES, PA TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

In response to the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire"), the clients represented by Kelley & Ferraro L.L.P. (collectively, the "Kelley & Ferraro Claimants") and the clients of Ferraro & Associates, P.A. (collectively, the "Ferraro Claimants") have objected to providing information in response to certain questions posed in the Questionnaire.[1] Because the objections are unfounded, Grace hereby moves to compel the Kelley & Ferraro Claimants and the Ferraro Claimants to provide all the information requested in the Questionnaire.[2]

### ARGUMENT

The Court approved the Questionnaire after extensive briefing, argument, and consideration, and already has ruled that general relevance objections are unfounded and should

1.

---

[1] The clients represented by Kelley & Ferraro who have returned Questionnaires are identified in Exhibit A (attached). The clients represented by Ferraro & Associates who have returned Questionnaires are identified in Exhibit B (attached).

[2] Grace moves only to compel responses to questions to which the Kelley & Ferraro Claimants and Ferraro Claimants have objected in lieu of providing responsive information. As the Court is aware, pursuant to this Court's Order Concerning Debtors' Motion to Compel, Claimants have until November 13, 2006 to supplement their Questionnaire responses. Grace reserves its right to raise any and all objections to the sufficiency of the Kelley & Ferraro Claimants' and Ferraro Claimants' responses until the supplementation of their Questionnaire responses is complete.

Case 01-01139-AMC    Doc 13619    Filed 11/09/06    Page 2 of 12

not be maintained. Additionally, the Court has addressed the general burden objections related to providing the information requested in the Questionnaire by permitting response by way of attachment and by providing an additional year to provide the requested information. Accordingly, all general relevance and burden objections raised by the Kelley & Ferraro Claimants and the Ferraro Claimants should be overruled on their face. *See* Memorandum of Points and Authorities Concerning Background of the Questionnaire Approval Process and Objections Previously Addressed by the Court ("Background Memorandum") (attached as Exhibit C).[3]

Moreover, rather than follow this Court's instructions to narrow and focus any remaining objections, both of these firms chose to broaden their objections, further taxing this Court with even more meritless contentions. The Kelley & Ferraro Claimants and the Ferraro Claimants not only are standing on <u>all</u> of the original objections stated in their Questionnaires — including dozens of objections on the basis of "relevance" or "burdensome" — but they have also attempted to incorporate new, even broader objections. In the e-mails confirming their intent to

---

1. 

[3] The Ferraro & Associates Claimants refused to answer Question 3 in Part I, Section A, relating to the Claimant's race for the purposes of evaluating the pulmonary function test results, Questions 2-7 in Part II, relating to the diagnoses of their conditions or diseases and the relationships between the Claimants, their counsel, and the doctors responsible for their diagnoses, Question 7 in Part IV, relating to the Claimants' indirect exposure to Grace asbestos - containing products all questions in Part VII, Section B, relating to the Claimants' non-litigation asbestos - and silica-related asbestos - and silica-related claims, and Part VIII, relating to claims by dependents or related persons, on general relevance grounds.

The Kelley & Ferraro Claimants refused to answer Questions 2-7 in Part II, relating to the diagnoses of the Claimants' conditions or diseases and the relationships between the Claimants, their counsel, and the doctors responsible for their diagnoses, Question 7 in Part VII, Section B, relating to the dismissal of any asbestos- or silica-related claims, and Part VIII, relating to claims by dependents or related persons, on general relevance grounds.

Additionally, the Kelley & Ferraro Claimants refused to answer Part V, relating to exposure to non-Grace asbestos-containing products, and Questions 3, 4 and 7 in Part VII, Section A, relating to asbestos- and silica-related litigation, on non-specific burden grounds.

For the reasons stated in the Background Memorandum, the Court should overrule these objections.

2

stand on their objections, counsel for these Claimants claimed that they were "further incorporat[ing] all objections to the Questionnaires as voiced during the September 11, 2006 hearing, as well as subsequent hearings on the Questionnaire issue." Email from D. Jagolinzer to D. Bernick (Nov. 3, 2006) (attached as Exhibit D); Email from T. Wilson to D. Bernick (Nov. 3, 2006) (attached as Exhibit E).  Clearly, such broad-based incorporation of unspecified objections is without merit. *See American Civil Liberties Union v. Gonzales*, 237 F.R.D. 120, 131 (E.D. Pa. 2006)  (noting that Courts have interpreted Fed. R. Civ. P. 33(b)(4) to require that "specific objections must be tied to a particular interrogatory or a class thereof and, thus, general objections to an entire set of interrogatories are improper"); *Porter v. Nationscredit Consumer Discount Co.*, 2004 WL 1753255, at *1 (E.D. Pa. July 8, 2004) ("It is neither the Court's job, nor that of Defense Counsel, to assign objections to each individual discovery request.  Although general objections may be included as Plaintiff chooses, she must be specific as to which objection applies to which discovery request instead of using the catch-all see above objections").

In connection with all other objections raised by the Kelley & Ferraro Claimants and the Ferraro Claimants, it is fundamental, under both Federal Rule of Civil Procedure 26 and Federal Rule of Bankruptcy Procedure 7026, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026.  Accordingly, under a motion to compel, the initial burden is on the moving party to demonstrate that the discovery sought is relevant.  Once the relevance showing has been satisfied,  the "party resisting discovery" bears the burden of  making a specific showing as to why the information sought does not have to be provided.  *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (citations omitted).  Because the Court already has ruled

that all the questions in the Questionnaire are relevant, *see* Order Concerning Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Personal Injury Questionnaire ("MTC Order") (Docket No. 13393) (Oct. 12, 2006) at ¶ 1, the burden rests with the firms raising the objections and resisting the discovery to demonstrate why their objections should be sustained.

The Kelley & Ferraro Claimants refused to answer seven questions and the Ferraro Claimants refused to answer three questions based on their objections. These questions are contained in Part VII of the Questionnaire, relating to the Claimants' previous litigation and claims regarding asbestos and/or silica exposure. However, neither the Kelley & Ferraro Claimants nor the Ferraro Claimants are justified for the following reasons:

- First, the Ferraro Claimants refused to answer Questions 5 and 6 of Part VII, Section A, relating to any judgment, verdict, or settlement of an asbestos or silica-related lawsuit, and Question 6 of Part VII, Section B, relating to the amount of any settlement of an asbestos- or silica-related claim, on the grounds that such questions are precluded by Florida Statute §90.408. That objection is unfounded both because the Florida statute, like its counterpart in the Federal Rules of Evidence, addresses the admissibility, but not the discoverability, of certain settlement assessments and because the Florida statute does not bar the discoverability, and potentially the admissibility, of the requested information.

- Second, the Kelley & Ferraro Claimants refused to answer Questions 5 and 6 of Part VII, Section A, relating to any judgment, verdict, or settlement of an asbestos- or silica-related lawsuit, and Questions 2, 3, 4, 5, and 6 of Part VII, Section B, relating to asbestos- or silica-related claims, on the grounds that such questions are precluded by *Fantozzi v. Sandusky Cement Products* (1992), 64 Ohio St. 3d 601. That objection is unfounded as the *Fantozzi* case has no relationship to these issues. Assuming that the Kelley & Ferraro Claimants intended to cite case law interpreting Ohio's version of Rule 408 as grounds for their refusal to respond to Questions 5 and 6 of Part VII, Section A and Questions 2-6 of Part VII, Section B, this argument fails both because Ohio Rule 408, like its counterpart in the Federal Rules of Evidence, addresses the admissibility, but not the discoverability, of settlement agreements and because Ohio Rule 408 does not bar the discoverability, and potentially the admissibility, of the requested information.

**I.  THE FERRARO CLAIMANTS' OBJECTION UNDER FLORIDA LAW IS UNFOUNDED.**

The Ferraro Claimants maintain objections to the following portions of Part VII of the Questionnaire on the grounds that such questions are precluded by Florida Statute § 90.408:

| **Question** | **Text of Question** | **Text of Objection** |
| --- | --- | --- |
| Part VII, Section A, Question 5 | Has a judgment or verdict been entered [in any lawsuits regarding asbestos or silica where Claimant is a plaintiff]? If yes, please indicate verdict amount for each defendant. | Objection: See Florida Statute §90.408 |
| Part VII, Section A, Question 6 | Was a settlement agreement reached in this lawsuit? If yes and the settlement was reached on or after April 2, 2001, please indicate the following: a. Settlement amount for each defendant. b. Applicable defendants. c. Disease or condition alleged. d. Disease or condition settled (if different than disease or condition alleged). | Objection: See Florida Statute §90.408 |
| Part VII, Section B, Question 6 | Please indicate settlement amount [for any settlement of a claim regarding asbestos and/or silica brought by the Claimant]. | Objection: See Florida Statute §90.408 |

*See, e.g.*, Questionnaire of N. P. at WR Grace PIQ 021524-0021; Questionnaire of L. K. at WR GRACE PIQ 31996-0022 (submitted by Kelley & Ferraro) (collectively, attached as Exhibit F);

5

Questionnaire of W. H. at WR GRACE PIQ 018335-0022; Questionnaire of F. H. WR GRACE PIQ 018334-0022 (submitted by Ferraro & Associates) (collectively, attached as Exhibit G).[4]

As an initial matter, this objection is without merit because it improperly purports to apply Florida procedural law to this estimation proceeding. The estimation process is governed by the bankruptcy procedural rules, which require courts to apply both the federal rules of civil procedure and the federal rules of evidence. Fed. R. Bankr. P. 9017; *see also In re USG Corp.*, 290 B.R. 223, 227 (Bankr. D. Del. 2003).

Nevertheless, even under Florida law, the Ferraro Claimants' objection to providing basic and limited information regarding the parties to a settlement agreement, the amount of the settlement, and the diseases or conditions alleged in the litigation and/or claim in the settlement is not well-founded as it confuses the admissibility of evidence with the discoverability of information. Although information regarding settlements may not be admissible as evidence at trial pursuant to Fla. Stat. Ann. § 90.408, that does not preclude discovery of the specific and information requested in the Questionnaire. *See*, *e.g.*, *Wal-Mart Stores, Inc. v. Ballasso*, 789 So.2d 519, 520 (Fla. App. 2001).

"Although the Florida statute . . . is more generalized under the Florida statute than its federal counterpart, the scope of the privilege — at least in this regard — is fundamentally the same." Federal courts have often balanced the broad scope of Fed. R. Civ. P. 26 and the restrictions of Fed. R. Evid. 408 by allowing discovery of information relating to final settlement agreements, but not settlement negotiations. In an attempt to address the concern that "the purpose of Rule 408 to encourage settlement of disputes might be chilled by fear that

1.

---

[4] These exemplars are representative of the Questionnaires submitted on behalf of the Claimants named in Exhibits A and B. Grace will make available to the Court the Questionnaire for any individual named in Exhibits A and B upon the Court's request.

negotiations might be discoverable," *Clark v. Experian Info. Solutions, Inc.*, 2006 WL 626820, at *3 (N.D. Ill. Jan. 6, 2006), courts have distinguished discovery of final settlement agreements or the terms thereof from discovery of the negotiations of settlements. *See*, *e.g.*, *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980-82 (6th Cir. 2003) (holding that settlement negotiations are entitled to the protections of a "settlement privilege" precluding discovery but finding that the settlement agreement may still be discoverable and admissible for other purposes); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 685 (D. Kan. 2004) (rejecting claim that any settlement negotiations privilege would extend to "the terms of the settlements and the agreements themselves"); *Tribune Co. v. Purcigliotti*, 1996 WL 337277, at *4, n.1 (S.D.N.Y. June 19, 1996) (compelling discovery of a settlement agreement while recognizing that, with regard to settlement-related communications, "[t]he Court can conceive of distinctions both in the relevance of such documents and the interest in protecting them"). Recognizing that the "distinction between the settlement agreement and settlement negotiations has merit," one Court explained:

> The negotiations themselves do not impact on the scope of liability and have no probative value. The settlement agreement, if any, is the culmination of the [] negotiations and any positions taken by the parties prior to any final agreement are insignificant. Furthermore, if the negotiations were subject to disclosure, this would undermine the important policy of promoting settlement.

*White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368-69 (N.D. Ill. 2001).

Critically, here, the type of information sought in the Questionnaire is considerably narrower than the type of information that is addressed by Rule 408. In the Questionnaire, Grace is seeking only basic information regarding the terms of the final settlement agreements. Grace has not sought production of even the settlement agreements themselves, much less discovery of settlement negotiations. For that reason, at the July 19, 2005 omnibus hearing, the Court

7

specifically held that Grace was allowed to ask the Claimants to "identify the defendant, get the amount, and the disease," recognizing that these questions were "appropriate."  Tr. Hr'g at 283 (July 19, 2005); see also *id.* at 282 ("It seems to me that -- you can say … identify the defendants with whom you settled, the amounts, and for what disease.").  The Court also ruled that these questions are intended to elicit admissible information: "To the extent that the [Claimant] is making a claim here that may be duplicative [of a] claim that it alleged against somebody else and for which it recovered, the debtor's entitled to know that."  *Id.* at 283.

## II.    THE KELLEY & FERRARO CLAIMANTS' OBJECTION UNDER OHIO LAW IS UNFOUNDED.

The Kelley & Ferraro Claimants maintain objections to the following portions of the Questionnaire on the grounds that such questions are precluded by *Fantozzi v. Sandusky Cement Products* (1992), 64 Ohio St. 3d 601 (1992):

| **Question** | **Text of Question** | **Text of Objection** |
| --- | --- | --- |
| Part VII, Section A, Question 5 | Has a judgment or verdict been entered [in any lawsuits regarding asbestos or silica where Claimant is a plaintiff]?  If yes, please indicate verdict amount for each defendant. | Objection:  *See Fantozzi v. Sandusky Cement Products (1992), 64 Ohio St. 3d 601.* |
| Part VII, Section A, Question 6 | Was a settlement agreement reached in this lawsuit? If yes and the settlement was reached on or after April 2, 2001, please indicate the following: a. Settlement amount for each defendant.  b. Applicable defendants.  c. Disease or condition alleged.  d. Disease or condition settled (if different than disease or condition alleged). | Objection:  *See Fantozzi v. Sandusky Cement Products (1992), 64 Ohio St. 3d 601.* |

| **Question** | **Text of Question** | **Text of Objection** |
|---|---|---|
| Part VII, Section B, Question 2 | Date the claim [relating to asbestos and/or silica brought by the Claimant] was submitted: | Objection: *See Fantozzi v. Sandusky Cement Products (1992), 64 Ohio St. 3d 601.* |
| Part VII, Section B, Question 3 | Person or entity against whom the claim [relating to asbestos and/or silica brought by the Claimant] was submitted: | Objection: *See Fantozzi v. Sandusky Cement Products (1992), 64 Ohio St. 3d 601.* |
| Part VII, Section B, Question 4 | Description of claim [relating to asbestos and/or silica brought by the Claimant]: | Objection: *See Fantozzi v. Sandusky Cement Products (1992), 64 Ohio St. 3d 601.* |
| Part VII, Section B, Question 5 | Was claim [relating to asbestos and/or silica brought by the Claimant] settled? | Objection: *See Fantozzi v. Sandusky Cement Products (1992), 64 Ohio St. 3d 601.* |
| Part VII, Section B, Question 6 | Please indicate settlement amount [for any settlement of a claim regarding asbestos and/or silica brought by the Claimant]. | Objection: *See Fantozzi v. Sandusky Cement Products (1992), 64 Ohio St. 3d 601.* |

*See, e.g.*, Questionnaire of N. P. at WR GRACE PIQ 021524-0021 (emphasis original).

From a review of the case cited in support of their refusal to respond to these questions, it is fairly apparent that the Kelley & Ferraro Claimants mistakenly cited *Fantozzi*. *Fantozzi* addresses two questions: (1) whether it is reversible error for a trial court to order a prerecorded videotape trial over the objections of both parties without reflecting that is has made the appropriate analysis; and (2) whether a personal injury claim for the loss of enjoyment of life is an element of damages separate from other allowable damages, such as pain and suffering or permanent disability. *See Fantozzi*, 64 Ohio St. 3d at 601.

Neither question addressed in *Fantozzi* provides any basis for the Kelley & Ferraro Claimants' refusal to provide information regarding settlements of asbestos or silica-related litigation or claims, and there is nothing in that decision that relates to this issue. Without

clarification, Grace cannot be expected to know what grounds Claimants intended to cite as support for their refusal to answer each of these questions, nor should Grace be required to consider what potential objections the Kelley & Ferraro Claimants may have intended. *See Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996) ("Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."). Thus, to the extent that the Kelley & Ferraro Claimants have offered no reasonable basis for their objection to these questions and have made no attempt to explain the basis for their reliance on *Fantozzi*, they should be compelled to respond.

Given that Ohio has its own counterpart to Fed. R. Evid. 408 and other Claimants have relied on either Fed. R. Evid. 408 or a state law counterpart as grounds for refusing to respond to these questions in Part VII of the Questionnaire, Grace presumes that the Kelley & Ferraro Claimants intended to cite Ohio case law applying Ohio Evid. R. 408. Even if that were their intention, however, Ohio Evid. R. 408 does not provide a sufficient basis for failing to respond to these questions.

First, as discussed above, federal law, not state law, governs this issue, and nothing in Fed. R. Evid. 408 would preclude Grace's requested discovery. See Fed. R. Bankr. P. 9017. The Court has already ruled that the limited questions Grace has included in the Questionnaire are permissible; thus, the Kelley & Ferraro Claimants have no grounds for refusing to provide this information.

Second, even if Ohio law did govern this issue, the reliance on Ohio Evid. R. 408 is similarly insufficient to justify the Kelley & Ferraro Claimants' refusal to answer these questions. The Ohio Rule, which is identical to Fed. Evid. R. 408, does not preclude the

10

admissibility of settlement agreements when they are used for a purpose other than proving liability or the validity of a claim. *See Cummins v. Great Door & Supply, Inc.*, 2003 WL 21998425, at *3 (Ohio App. 7th Dist.) (Aug. 20, 2003) (citing *Beck v. Cianchetti*, 1 Ohio St. 3d 231, 439 N.E.2d 417) (1982)); *Owens-Corning Fiberglas Corp. v. Am. Centennial Ins. Co.*, 660 N.E.2d 828, 831 (Ohio Ct. Com. Pl. 1995). As such evidence may be *admissible* under Ohio Evid. R. 408, it is clearly *discoverable* under that rule.

## CONCLUSION

For the foregoing reasons, Debtors respectfully request that the Court overrule the objections lodged by the Kelley & Ferraro Claimants and the Ferraro Claimants in lieu of providing answers to the questions posed in the Questionnaire and require that Claimants provide the required information within 30 days of any order issued by this Court.

Wilmington, Delaware
Dated:  November 9, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000


KIRKLAND & ELLIS LLP
Barbara M. Harding
David Mendelson
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:   (202) 879-5000
Facsimile:    (202) 879-5200

*and*

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession