# Exhibit F



# W.R. Grace
# Asbestos Personal Injury Questionnaire

**REDACTED**

Re:
Kelley & Ferraro LLP
1300 East Ninth Street
1901 Penton Media Building
Cleveland, Ohio 44114

REC'D JUL 12 2006

 000378117837

WR GRACE PIQ 021524-0002

# W. R. Grace
## Asbestos Personal Injury
## Questionnaire

{D0050647:1 }

WR GRACE PIQ 021624-0003

[THIS PAGE INTENTIONALLY LEFT BLANK.]

{D0050647:1 }

WR GRACE PIQ 021624-0004

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

|  |  |
|---|---|
| __IF SENT BY U.S. MAIL__ | __IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE__ |
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN  55021 | FARIBAULT, MN  55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

i

WR GRACE PIQ 021624-0006

## INSTRUCTIONS

### A.  GENERAL

1.  This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related personal injury or wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to:  (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates).  It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors.  It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2.  Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service.  A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.

Do **not** send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel.  Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3.  Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4.  All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006.  Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5.  Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B.  PART I -- Identity of Injured Person and Legal Counsel

Respond to all applicable questions.  If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm.  If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire.  Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C.  PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed.  To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:**  This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:**  Please attach all x-ray readings and reports.  You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:**  Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

**WR GRACE PIQ 021524-0006**

## D. PART III – Direct Exposure to Grace Asbestos-Containing Products

In Part III, please provide the requested information for the job and site at which you w
asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing product. If your exposure
was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the
industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the
Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III
are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial
causal role in the development of the disease.

### Occupation Codes

| | |
|---|---|
| 01. Air conditioning and heating installer/maintenance | 31. Iron worker |
| 02. Asbestos miner | 32. Joiner |
| 03. Asbestos plant worker/asbestos manufacturing worker | 33. Laborer |
| 04. Asbestos removal/abatement | 34. Longshoreman |
| 05. Asbestos sprayer/spray gun mechanic | 35. Machinist/machine operator |
| 06. Assembly line/factory/plant worker | 36. Millwright/mill worker |
| 07. Auto mechanic/bodywork/brake repairman | 37. Mixer/bagger |
| 08. Boilermaker | 38. Non-asbestos miner |
| 09. Boiler repairman | 39. Non-occupational/residential |
| 10. Boiler worker/cleaner/inspector/engineer/installer | 40. Painter |
| 11. Building maintenance/building superintendent | 41. Pipefitter |
| 12. Brake manufacturer/installer | 42. Plasterer |
| 13. Brick mason/layer/hod carrier | 43. Plumber - install/repair |
| 14. Burner operator | 44. Power plant operator |
| 15. Carpenter/woodworker/cabinetmaker | 45. Professional (e.g., accountant, architect, physician) |
| 16. Chipper | 46. Railroad worker/carman/brakeman/machinist/conductor |
| 17. Clerical/office worker | 47. Refinery worker |
| 18. Construction - general | 48. Remover/installer of gaskets |
| 19. Custodian/janitor in office/residential building | 49. Rigger/stevedore/seaman |
| 20. Custodian/janitor in plant/manufacturing facility | 50. Rubber/tire worker |
| 21. Electrician/inspector/worker | 51. Sandblaster |
| 22. Engineer | 52. Sheet metal worker/sheet metal mechanic |
| 23. Firefighter | 53. Shipfitter/shipwright/ship builder |
| 24. Fireman | 54. Shipyard worker (md. repair, maintenance) |
| 25. Flooring installer/tile installer/tile mechanic | 55. Steamfitter |
| 26. Foundry worker | 56. Steelworker |
| 27. Furnace worker/repairman/installer | 57. Warehouse worker |
| 28. Glass worker | 58. Welder/blacksmith |
| 29. Heavy equipment operator (includes truck, forklift, & crane) | 59. Other |
| 30. Insulator | |

### Industry Codes

| | |
|---|---|
| 001. Asbestos abatement/removal | 109. Petrochemical |
| 002. Aerospace/aviation | 110. Railroad |
| 100. Asbestos mining | 111. Shipyard-construction/repair |
| 101. Automotive | 112. Textile |
| 102. Chemical | 113. Tire/rubber |
| 103. Construction trades | 114. U.S. Navy |
| 104. Iron/steel | 115. Utilities |
| 105. Longshore | 116. Grace asbestos manufacture or milling |
| 106. Maritime | 117. Non-Grace asbestos manufacture or milling |
| 107. Military (other than U.S. Navy) | 118. Other |
| 108. Non-asbestos products manufacturing | |

WR GRACE PIQ 021924-0007

**E.  PART IV – Indirect Exposure to Grace Asbestos-Containing Products**

In Part IV, please provide the information requested for any injury alleged to have been caused by expos̲ asbestos-containing products through contact/proximity with another injured person.  If you allege exposure through contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person.  For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F.  PART V -- Exposure to Non-Grace Asbestos-Containing Products**

In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party.  If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked.  For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G.  PART VI -- Employment History**

In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H.  PART VII – Litigation and Claims Regarding Asbestos and/or Silica**

In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII -- Claims by Dependents or Related Persons**

Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss of consortium.  If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J.  PART IX -- Supporting Documentation**

In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X -- Attestation that Information is True, Accurate and Complete**

By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

**PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL**

WR GRACE PIQ 021624-0008

**a.   GENERAL INFORMATION**   REDACTED

1.   Name of Claimant: _____   2. Gender: ☐ Male ☐ Female
     First                    MI                    Last

3.   Race (for purposes of evaluating Pulmonary Function Test results): ............................... ☐ White/Caucasian
                                                                                                       ☐ African American
                                                                                                       ☐ Other

4.   Last Four Digits of Social Security Number:                    5.  Birth Date:

6.   Mailing Address: _____
                     Address              City          State/Province    Zip/Postal Code

7.   Daytime Telephone Number: ......................................................... ( __ __ __ ) __ __ __ - __ __ __ __

**b.   LAWYER'S NAME AND FIRM**

1.   Name of Lawyer:  Thomas M. Wilson, Esq

2.   Name of Law Firm With Which Lawyer is Affiliated:  Kelley & Ferraro LLP

3.   Mailing Address of Firm:  1300 E. 9th Street, Suite 1901  Cleveland, OH  44114
                              Address              City          State/Province    Zip/Postal Code

4.   Law Firm's Telephone Number or Lawyer's Direct Line: ......................................... ( 216 ) 575 - 0777

     X   Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in
         lieu of sending such materials to you.

**c.   CAUSE OF DEATH (IF APPLICABLE)**

1.   Is the injured person living or deceased? ......................................................................... X Living   ☐ Deceased
     If deceased, date of death:................................................................................. __ __ / __ __ / __ __ __ __

2.   If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete
     the following:
         Primary Cause of Death (as stated in the Death Certificate):   If deceased, see attached death certificate

         Contributing Cause of Death (as stated in the Death Certificate): _____

**PART II: ASBESTOS-RELATED CONDITION(S)**

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the
instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and
diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis
and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your
convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1.   Please check the box next to the condition being alleged:
     ☐ Asbestos-Related Lung Cancer            ☐ Mesothelioma
     X Asbestosis                              ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)
     ☐ Other Asbestos Disease                  ☐ Clinically Severe Asbestosis

     a.   Mesothelioma:   If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the
          following (check all that apply):
          ☐   diagnosis from a pathologist certified by the American Board of Pathology
          ☐   diagnosis from a second pathologist certified by the American Board of Pathology
          ☐   diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial
              causal role in the development of the condition
          X   other (please specify):  Objection: See attached medical information

1



WR GRACE PIQ 021624-0009

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

**b. Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

X other (please specify): Objection: See attached medical information

**c. Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon    ☐ pharyngeal    ☐ esophageal    ☐ laryngeal    ☐ stomach cancer

☐ other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

X other (please specify): Objection: See attached medical information

2



WR GRACE PIQ 021624-0010

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

d.  **Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐  a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐  asbestosis determined by pathology

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a $FEV1/FVC$ ratio greater than or equal to 65% predicted

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

X   other (please specify): Objection: See attached medical information

e.  **Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  asbestosis determined by pathology

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a $FEV1/FVC$ ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

X   other (please specify): Objection: See attached medical information

3



WR GRACE PIQ 021624-0011

**PART II  ASBESTOS-RELATED CONDITION(S) (Continued)**

f.  **Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  diagnosis determined by pathology

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  a chest x-ray reading  other than those described above

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing: Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐  a pulmonary function test other than that discussed above

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐  a CT Scan or similar testing

☐  a diagnosis other than those above

X  other (please specify):  <u>Objection:  See attached medical information</u>

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

4

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 021624-0012

2.  **Information Regarding Diagnosis**

Date of Diagnosis: ....................................................................................................................3/17/1996

Diagnosing Doctor's Name: <u>See attached medical information</u>

Diagnosing Doctor's Specialty: <u>See attached medical information</u>

Diagnosing Doctor's Mailing Address: <u>See attached medical information</u>
                           Address

_____

City                                 State/Province               Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: See attached medical information........................... __ __ __ — __ __ __

**With respect to your relationship to the diagnosing doctor, check all applicable boxes:**

Was the diagnosing doctor your personal physician? <u>Objection: contains terms not defined nor understood</u> ☐ Yes  ☐ No

Was the diagnosing doctor paid for the diagnostic services that he/she performed? <u>Objection: relevance</u>  ☐ Yes  ☐ No

*If yes, please indicate who paid for the services performed*:  Objection: relevance

Did you retain counsel in order to receive any of the services performed by the

diagnosing doctor? <u>Objection: relevance</u>...............................................................................☐ Yes  ☐ No

Was the diagnosing doctor referred to you by counsel? <u>Objection: relevance</u> ...............................☐ Yes  ☐ No

Are you aware of any relationship between the diagnosing doctor and your

legal counsel? <u>Objection: relevance</u> ............................................................................................☐ Yes  ☐ No

*If yes, please explain:* _____

_____

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine
at the time of the diagnosis? <u>See attached medical information</u> ................................................☐ Yes  ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the
diagnosis? <u>See attached medical information</u> .............................................................................☐ Yes  ☐ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to
diagnosis? <u>See attached medical information</u>.............................................................................☐ Yes  ☐ No

Did the diagnosing doctor perform a physical examination? <u>See attached medical information</u>........☐ Yes  ☐ No

Do you currently use tobacco products? <u>Objection: relevance</u> .....................................................☐ Yes  ☐ No

Have you ever used tobacco products? .........................................................................................☐ Yes  ☐ No

If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco
products and the dates and frequency with which such products were used: <u>Objection: relevance</u>

☐  Cigarettes      Packs Per Day (half pack = .5) _____   Start Year __ __ __ __  End Year __ __ __ __

☐  Cigars          Cigars Per Day _____             Start Year __ __ __ __  End Year __ __ __ __

☐  If Other Tobacco Products, please specify (e.g., chewing tobacco): _____
          Amount Per Day _____   Start Year __ __ __ __  End Year __ __ __ __

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? <u>See attached medical</u>

<u>Information.</u> ...............................................................................................................................☐ Yes  ☐ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

3.  **Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

☐  Mobile laboratory  ☐ Job site  ☐ Union Hall  ☒ Doctor office  ☐ Hospital  X Other: <u>Objection: relevance</u>

Address where chest x-ray taken: <u>Objection: relevance</u>
                            Address

_____

City                                 State/Province               Zip/Postal Code

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 021624-0013

4. **Information Regarding Chest X-Ray Reading** See attached medical information

**Date of Reading:** __ __ / __ __ / __ __ __ __          **ILO score:** _____

**Name of Reader:** _____

**Reader's Daytime Telephone Number:** ........................................( __ __ __ ) __ __ __ - __ __ __ __

**Reader's Mailing Address:** _____
                              Address

_____
City                              State/Province                    Zip/Postal Code

**With respect to your relationship to the reader, check all applicable boxes:**

Was the reader paid for the services that he/she performed  Objection: relevance ..................................☐ Yes  ☐ No

*If yes, please indicate who paid for the services performed*: Objection: relevance

Did you retain counsel in order to receive any of the services performed

by the reader?  Objection: relevance ...........................................................................................☐ Yes  ☐ No

Was the reader referred to you by counsel?  Objection: relevance ...........................................☐ Yes  ☐ No

Are you aware of any relationship between the reader and your legal counsel? Objection: relevance........☐ Yes  ☐ No

*If yes, please explain:* _____

**Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?**

............................................................................................................................X Yes  ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation,  specialty, and the method through
which the reading was made:* _____

5. **Information Regarding Pulmonary Function Test:** See attached medical information Date of Test: __ __ / __ __ / __ __

List your height in feet and inches when test given: See attached medical information .._____ ft _____ inches

List your weight in pounds when test given: See attached medical information ..................................._____ lbs

Total Lung Capacity (TLC): See attached medical information..........................................._____ % of predicted

Forced Vital Capacity (FVC): See attached medical information ........................................_____ % of predicted

FEV1/FVC Ratio: See attached medical information ........................................................._____ % of predicted

Name of Doctor Performing Test (if applicable): See attached medical information

Doctor's Specialty: See attached medical information

Name of Clinician Performing Test (if applicable): See attached medical information

Testing Doctor or Clinician's Mailing Address: __See attached medical information _____
                                                Address

_____
City                              State/Province                    Zip/Postal Code

Testing Doctor or Clinician's Daytime Telephone Number: See attached medical information __ __ __ __

Name of Doctor Interpreting Test: __See attached medical information _____

Doctor's Specialty: _____See attached medical information

Interpreting Doctor's Mailing Address: __See attached medical information _____
                                         Address

_____
City                              State/Province                    Zip/Postal Code

Interpreting Doctor's Daytime Telephone Number: See attached medical information __ __ __ - __ __ __ __

6

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 021524-0014

With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician? Objection: relevance....... ☐ Yes ☐ No

Was the testing doctor and/or clinician paid for the services that he/she performed? Objection: relevance ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:*.............. Objection: relevance _____

Did you retain counsel in order to receive any of the services performed by the testing doctor

or clinician? Objection: relevance........................................................................................ ☐ Yes ☐ No

Was the testing doctor or clinician referred to you by counsel? Objection: relevance ............................... ☐ Yes ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal

counsel? Objection: relevance .............................................................................................. ☐ Yes ☐ No

*If yes, please explain:* _____

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? See attached medical information................................................. ☐ Yes ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? Objection: relevance ................................................. ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? Objection: relevance ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* ___ Objection: relevance _____

Did you retain counsel in order to receive any of the services performed by the

doctor? Objection: relevance ................................................................................................ ☐ Yes ☐ No

Was the doctor referred to you by counsel? Objection: relevance........................................... ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? Objection: relevance ........ ☐ Yes ☐ No

*If yes, please explain* _____

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?............................... ☐ Yes ☐ No
See attached medical information

6.  **Information Regarding Pathology Reports:**

Date of Pathology Report: See attached medical information ....................................... __ __ / __ __ / __ __ __ __

**Findings:** See attached medical information

**Name of Doctor Issuing Report:** See attached medical information

**Doctor's Specialty:** See attached medical information

**Doctor's Mailing Address:** See attached medical information
Address

| City | State/Province | Zip/Postal Code |
|---|---|---|

Doctor's Daytime Telephone Number: See attached medical information...... ( __ __ __ ) __ __ __ - __ __ __ __

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? Objection: relevance ............................................... ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? Objection: relevance.................... ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the

doctor? Objection: relevance ................................................................................................ ☐ Yes ☐ No

Was the doctor referred to you by counsel? Objection: relevance............................................ ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? Objection: relevance ........ ☐ Yes ☐ No

{D0050647:1 }

*If yes, please explain:* ................. _____

WR GRACE PIQ 021524-0016

**Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?**

See attached medical information ..................................................................................................... ☐ Yes  ☐ No

7

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 021524-0016

7. With respect to the condition alleged, have you received medical treatment from a doctor for the condition?

See attached medical information ............................................................................................☐ Yes ☐ No

*If yes, please complete the following:*

Name of Treating Doctor: ___ See attached medical information _____

Treating Doctor's Specialty: ____ See attached medical information _____

Treating Doctor's Mailing Address: ___ See attached medical information _____
                                                              Address

_____
City                                              State/Province                          Zip/Postal Code

Treating Doctor's Daytime Telephone number: See attached medical information   __ __ __ - __ __ __ __

Was the doctor paid for the services that he/she performed? See attached medical information ............☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* .... See attached medical information _____

Did you retain counsel in order to receive any of the services performed by the doctor? Objection: relevance ...........

[REMAINDER OF PAGE INTENTIONALLY BLANK]

8

WR GRACE PIQ 021524-0017

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products

(b) A worker who personally removed or cut Grace asbestos-containing products

(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

Site of Exposure:

Site Name: See Exhibit A                    Location: _____

Site Type: ☐ Residence   ☐ Business    Site Owner: _____

Employer During Exposure: _____

Unions of which you were a member during your employment: _____

| Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupational Code (If Code "O," specify) | Industry Code (If Code "O," specify) | Nature of Exposure (Indicate letter from above. If you specified "f," describe the product, where products were installed, mixed, removed, or cut, or your exposure in terms of your proximity to such areas) |
|---|---|---|---|---|---|
| Job 1 Description: | See Exhibit A | | | | |
| Job 2 Description: | | | | | |
| Job 3 Description: | | | | | |
| Job 4 Description: | | | | | |
| Job 5 Description: | | | | | |
| Job 6 Description: | | | | | |

9

{D0005647i1 }

PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUC

WR GRACE PIQ 021624-0016

1.  Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person? ...................................................................................................☐ Yes ☐ No

    *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products.  For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2.  Please indicate the following information regarding the other injured person:

    Name of Other Injured Person: _____    Gender: ☐ Male ☐ Female

    Last Four Digits of Social Security Number: __ __ __ __        Birth Date: __ __ / __ __ / __ __ __ __

3.  What is your Relationship to Other Injured Person: ...................................☐ Spouse ☐ Child ☐ Other

4.  Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:
    _____

5.  Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:
    From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

6.  Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:
    _____

7.  Has the Other Injured Person filed a lawsuit related to his/her exposure? ...........................................☐ Yes ☐ No
    *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

    Caption: _____

    Case Number: _____    File Date: __ __ / __ __ / __ __ __ __

    Court Name: _____

8.  Nature of Your Own Exposure to Grace Asbestos-Containing Product:
    _____

9.  Dates of Your Own Exposure to Grace Asbestos-Containing Product:
    From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:
    _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

10

{D0050647:1 }

## PART IV: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against whom you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

Objection: Burdensome/Public Record

| Party Against which Lawsuit or Claim was Filed:<br><br>See attached Complaint cover sheet | | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code (Pages 57-59, specify) | Industry Code (Pages 60-61, specify) | Was exposure this clothing, or in ground areas where products were being installed, mixed, removed or cut? If yes, please indicate your level of proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| **Site of Exposure 1** | Job 1 Description: | | | | | | |
| Site Name:  Objection:<br>Burdensome: Public<br>Documents | Job 2 Description: | | | | | | |
| Address: | Job 3 Description: | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | | | | | | | |
| **Site of Exposure 2** | Job 1 Description: | | | | | | |
| Site Name: | Job 2 Description: | | | | | | |
| Address: | | | | | | | |
| City and State: | Job 3 Description: | | | | | | |
| Site Owner: | | | | | | | |
| **Site of Exposure 3** | Job 1 Description: | | | | | | |
| Site Name: | | | | | | | |
| Address: | Job 2 Description: | | | | | | |
| City and State: | Job 3 Description: | | | | | | |
| Site Owner: | | | | | | | |

WR GRACE PIQ 021624-0019

11

{D00596474.1}

## PART VI: EMPLOYMENT HISTORY

WR GRACE PIQ 021624-0020

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**Occupation Code:** _____  If Code 59, specify: <u>See Exhibit A</u>

**Industry Code:** _____  If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __       **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
       Address

_____
City                  State/Province            Zip/Postal Code

**Occupation Code:** _____  If Code 59, specify: . _____

**Industry Code:** _____  If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __       **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
       Address

_____
City                  State/Province            Zip/Postal Code

**Occupation Code:** _____  If Code 59, specify: . _____

**Industry Code:** _____  If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __       **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
       Address

_____
City                  State/Province            Zip/Postal Code

**Occupation Code:** _____  If Code 59, specify: . _____

**Industry Code:** _____  If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __       **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
       Address

_____
City                  State/Province            Zip/Postal Code

{D0050647:1 }

**PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA**

WR GRACE PIQ 021524-0021

### a. LITIGATION

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica? ................................................ X Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit. For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption:  See Complaint cover sheet

   Case Number: _____  File Date: __ __ / __ __ / __ __ __ __

   Court Name:  Cuyahoga County Court of Common Pleas

3. Was Grace a defendant in the lawsuit? Objection: Burdensome/Public Document ................................ ☐ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? Objection: See docket and pleadings in case which are public records.
   ☐ Yes ☐ No

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

   Objection: burdensome. Please see docket and pleadings filed in the case which are public records

   5. Has a judgment or verdict been entered? Objection: See Fantozzi v Sandusky Cement Products (1992), 64 Ohio St.3d 601 ................................................................................................ ☐ Yes ☐ No

   *If yes, please indicate verdict amount for each defendant(s):* _____

   6. 6.  Was a settlement agreement reached in this lawsuit? Objection: See Fantozzi v Sandusky Cement Products (1992), 64 Ohio St.3d 601. ................................................................ ☐ Yes ☐ No

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*
   a. Settlement amount for each defendant: _____
   b. Applicable defendants: _____
   c. Disease or condition alleged: _____
   d. Disease or condition settled (if different than disease or condition alleged): _____

7. Were you deposed in this lawsuit? Objection: Public Document. See attached docket and pleading ........ ☐ Yes ☐ No

   If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.

### b. CLAIMS

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? ................................................ X Yes ☐ No

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted: Objection: See Fantozzi v Sandusky Cement Products (1992), 64 Ohio St.3d 601

3. Person or entity against whom the claim was submitted:
   Objection: See Fantozzi v Sandusky Cement Products (1992), 64 Ohio St.3d 601

4. Description of claim: Objection: See Fantozzi v Sandusky Cement Products (1992), 64 Ohio St.3d 601

5. Was claim settled? Objection: See Fantozzi v Sandusky Cement Products (1992), 64 Ohio St.3d 601 ........ ☐ Yes ☐ No

6. Please indicate settlement amount: Objection: See Fantozzi v Sandusky Cement Products (1992), 64 Ohio St.3d 601
   ................................................................................................ $

7. Was the claim dismissed or otherwise disallowed or not honored? Objection: relevance ........................ ☐ Yes ☐ No

   *If yes, provide the basis for dismissal of the claim:* ................................................ _____

13

{D0050647:1 }

WR GRACE PIQ 021624-0022

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

Name of Dependent or Related Person: <u>Objection: relevance; See Complaint Cover Sheet</u>..  Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: __ __ __ __          Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent: ........................................................................................................☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other  If other, please specify _____

Mailing  Address: _____
               Address

_____

City                                State/Province                        Zip/Postal Code

Daytime Telephone number : ..................................................... ( __ __ __ ) __ __ __ - __ __ __ __

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.
**Copies:  See attached medical information**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products
☐ Supporting documentation of other asbestos exposure

☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
☐ Death Certification

**Originals:**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products

☐ Supporting documentation of other asbestos exposure
☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____

_____

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful.  This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim.  The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury,** that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: *Ehm M. Wil. POA*          Date:2/03/2006

Please Print Name:  <u>Thomas M Wilson, Esq as POA</u>

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____          Date: 2/03/2006

Please Print Name:  <u>Thomas M. Wilson, Esq.</u>

14

{D0050647:1 }

WR GRACE PIQ 021624-0023

Exhibit "A"

Name: _____ ____

**REDACTED**

S.S#: _____

| JOBSITE | CITY | STATE | YEARS WORKED |
|---------|------|-------|--------------|
| CONRAIL | PITTSBURGH | PA | 10/1/1947 – 2/1/1987 |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |

418643

{D0050647:1}

Case Summary



WR GRACE PIQ 021524-0024





**Gerald E. Fuerst, Clerk of Courts**
**Court of Common Pleas · Cuyahoga County, Ohio**





### C A S E   S U M M A R Y

| | |
|---|---|
| Case Number: | **REDACTED** |
| Case Title: | |
| Case Designation: | ASBESTOS TORT-PRODUCT LIAB |
| Filing Date: | 03/13/2001 |
| Judge: | RICHARD-ASBEST MCMONAGLE |
| Magistrate: | N/A |
| Room: | N/A |
| Next Action: | N/A |
| File Location: | RET.45 MAG./JUSTICE CENTER |
| Last Status: | ACTIVE |
| Last Status Date: | 03/01/2002 |
| Last Disposition: | NEWLY FILED |
| Last Disposition Date: | 03/13/2001 |
| Prayer Amount: | $25,000.00 |

Print Page | Close Window | Disclaimers | Printer Friendly Version
Information on the Internet is updated every 30 minutes.

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please click here

**RAY HARRON, M.D.**
DIPLOMATE AMERICAN BOARD OF RADIOLOGY
DIPLOMATE AMERICAN BOARD OF NUCLEAR MEDICINE

WR GRACE PIQ 021524-0026

P. O. BOX 400
BRIDGEPORT, WV 26330

**REDACTED**

NAME

ADDRESS

CITY & STATE

| UNIT NO. | PHYSICIAN | | AGE | PHONE NUMBER | | BIRTHDATE | | DATE 7/1/99 |
|---|---|---|---|---|---|---|---|---|
| RESPONSIBLE PARTY | | S.S. # | | INSURANCE CO. | | | POLICY NO. | |
| ADDRESS | STREET-ROUTE-BOX | | | TOWN-CITY-STATE | ZIP | | CONTRACT OF | |
| PATIENT HISTORY | | | | | | | | |

EXAMINATION

CHEST DATED 5/18/99:  This is a quality three overexposed film.  There are primary s,
secondary s sized opacities involving four lower lung zones, profusion 1/0.


IMPRESSION:
1.  Bilateral interstitial fibrosis consistent with asbestosis.


                              Ray A. Harron, M.D.
                         Diplomate of the American
                         Board of Radiology

RAH/kc




Form No. 102

**REDACTED**

TYPE OF READING

| A | B | P |

WORKER'S Social Security Number

WR GRACE PIQ 021524-0026

---

**1A. DATE OF X-RAY**  `5-18-99`

**1B. FILM QUALITY**  | 1 | 2 | 3 | U/R |  If Not Grade 1 Give Reason: _required_

**1C. IS FILM COMPLETELY NEGATIVE?**  YES ☐ Proceed to Section 5   NO ☒ Proceed to Section 2

---

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**  YES ☒ COMPLETE 2B and 2C   NO ☐ PROCEED TO SECTION 3

**2B. SMALL OPACITIES**

a. SHAPE/SIZE

| PRIMARY | | SECONDARY | |
|---|---|---|---|
| p | ☒ | p | ☒ |
| q | t | q | t |
| r | u | r | u |

b. ZONES

| ☒ | ☒ |
|---|---|
| ☒ | ☒ |

R   L

c. PROFUSION

| 0/- | 0/0 | 0/1 |
|---|---|---|
| ☒1/0 | 1/1 | 1/2 |
| 2/1 | 2/2 | 2/3 |
| 3/2 | 3/3 | 3/4 |

**2C. LARGE OPACITIES**

SIZE | ☒ | A | B | C |

PROCEED TO SECTION 3

---

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**  YES ☐ COMPLETE 3B, 3C and 3D   NO ☒ PROCEED TO SECTION 4

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (plaque)

SITE | 0 | R | L |

b. COSTOPHRENIC ANGLE

SITE | 0 | R | L |

**a. CIRCUMSCRIBED (plaque)**

SITE IN PROFILE | 0 | R |

i. WIDTH | 0 | A | B | C |
ii. EXTENT | 0 | 1 | 2 | 3 |

FACE ON
iii. EXTENT | 0 | 1 | 2 | 3 |

SITE IN PROFILE | 0 | L |

i. WIDTH | 0 | A | B | C |
ii. EXTENT | 0 | 1 | 2 | 3 |

FACE ON
iii. EXTENT | 0 | 1 | 2 | 3 |

**3C. PLEURAL THICKENING...Chest Wall**

b. DIFFUSE

SITE IN PROFILE | 0 | R |

i. WIDTH | 0 | A | B | C |
ii. EXTENT | 0 | 1 | 2 | 3 |

FACE ON
iii. EXTENT | 0 | 1 | 2 | 3 |

SITE IN PROFILE | 0 | L |

| 0 | A | B | C |
| 0 | 1 | 2 | 3 |
| 0 | 1 | 2 | 3 |

---

**3D. PLEURAL CALCIFICATION**

SITE | 0 | R |   EXTENT

| a. | DIAPHRAGM......... | 0 | 1 | 2 | 3 |
| b. | WALL............. | 0 | 1 | 2 | 3 |
| c. | OTHER SITES...... | 0 | 1 | 2 | 3 |

SITE | 0 | L |   EXTENT

| a. | DIAPHRAGM......... | 0 | 1 | 2 | 3 |
| b. | WALL............. | 0 | 1 | 2 | 3 |
| c. | OTHER SITES...... | 0 | 1 | 2 | 3 |

PROCEED TO SECTION 4

---

**4A. ANY OTHER ABNORMALITIES?**  YES ☐ COMPLETE 4B and 4C   NO ☒ PROCEED TO SECTION 5

**4B. OTHER SYMBOLS** (OBLIGATORY)

| o | ax | bu | ca | cn | od | cp | cv | di | ef | em | es | fr | hi | ho | id | ih | kl | pi | px | rp | tb |

Report items which may be of present clinical significance in this section | OD | (Specify od.)

Date Attorney Notified.

**4C. OTHER COMMENTS** _____

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C.  YES ☐ NO ☐   PROCEED TO SECTION 6

---

**5. FILM READER'S INITIALS**  | R | A | H |

Complete if social security number is not furnished.

PHYSICIAN'S SOCIAL SECURITY NUMBER *  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

DATE OF READING | 7 | | 1 | | 9 9 |

_Ray A. Harron_

Harron, Ray A., M.D.
901 West Main Street, Bridgeport, WV  26330

## ALVIN J. SCHONFELD, D.O., F.C.C.P., F.A.A.D.E.P
### PULMONARY MEDICINE
### OCCUPATIONAL LUNG DISEASE

WR GRACE PIQ 021624-0027

438 W. ST. JAMES PLACE
CHICAGO, IL  60614

PHONE:  1-773-472-2810
FAX:  1-773-472-2809
PAGE:  1-888-691-8521

March 5, 2001

Kelley & Ferraro
Attention:  Michael V. Kelley, Esq.
1901 Bond Ct., 1300 E. 9th Street
Cleveland, OH  44144

Re:   Patient:
      SSN:              **REDACTED**
      DOB:

Dear Mr. Kelley:

This is a physician's report pertaining to the above-named client whom I had the pleasure of interviewing and examining on the above date.

**RESPIRATORY SYMPTOMS:**  He has had dyspnea on exertion as well as some cough and mucus production for about 10 years.

**PAST MEDICAL HISTORY:**  Positive for rheumatic heart disease, appendicitis, colon cancer, tonsillectomy, prostatic hypertrophy and hypercholesterolemia.

**MEDICATIONS:**  Flomax and Zocor.

**SMOKING HISTORY:**  He smoked less then one-half pack of cigarettes a day between the ages of 30 and 55 years old.

**OCCUPATIONAL HISTORY:**  From 1943 until 1947 he served on numerous ships as a merchant seaman.  He worked in the engine room as a fire and water tender and was exposed to significant amounts of asbestos in the engine room of various ships.

From 1947 until 1987 he worked for the Pennsylvania/Penn Central/Conrail Railroad as a brakeman and conductor.  He rode on both steam and diesel engines and was in and out of the roundhouse.  During these intervals he indicated significant exposure to aerosolized asbestos.

(continued Page 2)

DIPLOMATE - AMERICAN BOARDS OF INTERNAL MEDICINE AND PULMONARY DISEASE
NIOSH B READER
CERTIFIED, AMERICAN BOARD OF INDEPENDENT MEDICAL EXAMINERS

**ALVIN J. SCHONFELD, D.O., F.C.C.P., F.A.A.D.E.P.**

WR GRACE PIQ 021524-0028

To: Kelley & Ferraro
Re:
Page 2          REDACTED

**PHYSICAL EXAMINATION:** Physical examination revealed an alert and oriented male in no acute distress. Head and neck exam was unremarkable. Lungs were clear to auscultation. Cardiac exam revealed a regular rate and rhythm without murmurs. Abdomen was soft and without masses. A midline abdominal scar is noted. Extremities showed 1 + pitting edema, no clubbing or cyanosis.

**CHEST X-RAY:** PA chest x-ray dated 5/18/99 was read by Dr. Harron according to the 1980 ILO Classification and showed an ILO score of s/s 1/0 bilaterally with no pleural changes.

**SPIROMETRY:** Spirometry dated 3/5/01 met ATS guidelines and was normal. FVC was 4.36 L or 99% of predicted. $FEV_1$/FVC ratio was 73%.

**IMPRESSION:**
1)    On the basis of the medical history review, which is inclusive of a significant exposure to asbestos dust, the physical examination and chest radiograph, the diagnosis of bilateral asbestosis is established within a reasonable degree of medical certainty.
2)    History of colon cancer which is an asbestos-related malignancy.
3)    Lower extremity edema for which medical follow-up is indicated.

**RECOMMENDATIONS:**
1)    He is at increased risk for the development of lung cancer, mesothelioma and other non-pulmonary malignancies associated with asbestos exposure.
2)    He should be advised to have yearly chest x-rays, pulmonary function screening and screening for gastrointestinal malignancy.
3)    He should be advised that chest x-rays and pulmonary function may deteriorate in the absence of further asbestos exposure.
4)    He should be advised to refrain from the use of all tobacco-containing products.

This report serves only to establish the presence of possible asbestos-related conditions and does not establish a doctor-patient relationship.

I hope that the above information is useful to you.

Sincerely,

Alvin J. Schonfeld, D.O., FCCP, FAADEP

ALVIN J. SCHONFELD D.O., F.C.C.P.
438 WEST ST. JAMES PLACE
CHICAGO, IL  60614

**REDACTED**

WR GRACE PIQ 021624-0029

PT:                                                          HT: 70.0 in    DATE: 03/05/2001
PT#:                              AGE: 76 SEX: M  WT: 185.0 lb   TIME: 14:01:49
PRED-COLLINS3 BP: 760 TEMP: 24.0        RACE: C  TECH: BS RRT

|                      |          | Predicted | Pre-Drug* Actual | %Pred |
|----------------------|----------|-----------|------------------|-------|
| FVC                  | (L)      | 4.39      | 4.36             | 99    |
| FEV1                 | (L)      | 3.32      | 3.20             | 96    |
| FEV1/FVC             | (%)      | 76        | 73               | 97    |
| FEF25-75%            | (L/S)    | 2.87      | 2.10             | 73    |
| FEFmax               | (L/S)    |           | 9.11             |       |
| TET                  | (SEC)    |           | 7.72             |       |



THIS TEST MEETS ATS STANDARDS

**REDACTED**

WR GRACE PIQ 021624-0030

Pt. Name:
Pre-Drug

Date: 03/05/2001
Set #: 0



| Effort | FVC | FEV1 | FEV1% | F25/75 | PEFR |
|--------|------|------|-------|--------|------|
| Pred | 4.39 | 3.32 | 75 | 2.87 | |
| 1 | 4.17 | 3.36 | 80 | 3.49 | 6.35 |
| 2 | 4.20 | 3.28 | 78 | 2.69 | 9.41 |
| 3 BEST | 4.36 | 3.20 | 73 | 2.10 | 9.11 |
| | | | | | |
| | | | | | |

**REDACTED**

Pt. Name:
Pre-Drug

Date: 03/05/2001
Set #: 0

| Effort | FVC | FEV1 | FEV1% | F25/75 | PEFR |
|--------|------|------|-------|--------|------|
| Pred | 4.39 | 3.32 | 75 | 2.87 | |
| 1 | 4.17 | 3.36 | 80 | 3.49 | 6.35 |
| 2 | 4.20 | 3.28 | 78 | 2.69 | 9.41 |
| 3 BEST | 4.36 | 3.20 | 73 | 2.10 | 9.11 |
| | | | | | |
| | | | | | |

**REDACTED**



ID NO.   :   164204374
AGE      :   74 years
SEX      :   MALE
RACE     :   CAUCASIAN
HEIGHT   :   70 in.
WEIGHT   :   175 lbs.

TECH.    :   Roby
Date     :   05/18/99
Time     :   10:50
Ambient Conditions: 760 mm Hg at 22.0 C
BTPS Corr. Factor : 1.092
Selected Normals  : COMPOSITE

DOCTOR:

TEST NO. 01 FVC            05/18/99 10:51

| INDEX | UNT | MEAS | PRED | %PRED | %VAR |
|-------|-----|------|------|-------|------|
| FVC | L | 3.98 | 4.02 | 99 | N/A |
| FEV 1 | L | 3.12 | 3.15 | 99 | N/A |
| FEV1/FVC | % | 78.4 | 78.9 | 99 | N/A |
| FEF25-75 | L/S | 2.9 | 3.1 | 94 | N/A |
| PEF | L/S | 6.3 | 7.9 | 80 | N/A |

FORCED EXPIRATORY TIME:   7.0 SEC

TEST NO. 02 FVC            05/18/99 10:51

| INDEX | UNT | MEAS | PRED | %PRED | %VAR |
|-------|-----|------|------|-------|------|
| FVC | L | 3.94 | 4.02 | 98 | 1.0 |
| FEV 1 | L | 3.12 | 3.15 | 99 | .0 |
| FEV1/FVC | % | 79.2 | 78.9 | 100 | 1.0 |
| FEF25-75 | L/S | 2.9 | 3.1 | 94 | .0 |
| PEF | L/S | 8.3 | 7.9 | 105 | 31.7 |

FORCED EXPIRATORY TIME:   7.5 SEC

SMI III  SUMMARY  REPORTS

BEST TEST SUMMARY  TESTS 01-04  05/18/99

| INDEX | NO | MEAS | PRED | %PRED | %VAR |
|-------|-----|------|------|-------|------|
| FVC | 01 | 3.98 | 4.02 | 99 | 1.0 |
| FEV 1 | 03 | 3.16 | 3.15 | 100 | 1.3 |
| FEV1/FVC% | -- | 79.4 | 78.9 | 101 | .0 |
| FEF25-75 | 01 | 2.9 | 3.1 | 94 | .0 |
| PEF | 01 | 6.3 | 7.9 | 80 | 31.7 |

SPIROMETRIC RESULTS APPEAR NORMAL



WR GRACE PIQ 021524-0032



FR :•KELLY & FERRARO
KATE FITZGERALD
127 PUBLIC SQUARE
2200 KEY TOWER
CLEVELAND     OH 44114

Airborne Express

WEIGHT(LBS)
67

TO : rUST cONSULTING INC.
cLAIMS pROCESSING aGENT
201 sIYNDALE aVE
re: wr gRACE & cO. bANKRUPTCY
fARIBAULT     MN
ATTN:rUST cONSULTING INC.
PKG:46407659664

PIECES
1

ZIPCODE
55021

ORIGIN        SHIPMENT NO.        SHIP DATE
CLE           46407659664         07/11/2006

ADDITIONAL INFORMATION

SERVICE                SPECIAL HANDLING SERVICES
EXP

MNAQ 0A

46407659664

# W. R. Grace
# Asbestos Personal Injury Questionnaire



WR GRACE PIQ 31998-0001

REC'D JUL 1 2 2006

10315607104815

RE:

**REDACTED**

Kelley & Ferraro L L P
1901 Penton Media Building
1300 East Ninth Street
Cleveland OH 44114



000378104815

WR GRACE PIQ 31998-0002

[THIS PAGE INTENTIONALLY LEFT BLANK:]



WR GRACE PIQ 31998-0003

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

{D0050647:1 }



[THIS PAGE INTENTIONALLY LEFT BLANK.]

{D0050647:1 }



WR GRACE PIQ 31996-0005

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

| IF SENT BY U.S. MAIL | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
|---|---|
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

i



## INSTRUCTIONS

**A. GENERAL**

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related person wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.

   Do **not** send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

**B. PART I -- Identity of Injured Person and Legal Counsel**

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

**C. PART II -- Asbestos-Related Condition(s)**

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

ii



WR GRACE PIQ 31996-0007

**D. PART III -- Direct Exposure to Grace Asbestos-Containing Products**

In Part III, please provide the requested information for the job and site at which you we asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing prod was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

## Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator
31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (*e.g.*, accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

## Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing
109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

**E.  PART IV -- Indirect Exposure to Grace Asbestos-Containing Products**

In Part IV, please provide the information requested for any injury alleged to have been caused by exposure asbestos-containing products through contact/proximity with another injured person.  If you allege exposure through contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person.  For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F.  PART V -- Exposure to Non-Grace Asbestos-Containing Products**

In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party.  If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked.  For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G.  PART VI -- Employment History**

In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H.  PART VII -- Litigation and Claims Regarding Asbestos and/or Silica**

In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII -- Claims by Dependents or Related Persons**

Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss of consortium.  If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J.  PART IX -- Supporting Documentation**

In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X -- Attestation that Information is True, Accurate and Complete**

By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

iv



WR GRACE PIQ 31998-0009

## PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

### a. GENERAL INFORMATION

1. Name of Claimant:      2. Gender: ☐ Male ☐ Female
          First        MI        Last

3. Race (for purposes of evaluating Pulmonary Function Test results): ................................☐ White/Caucasian
                                           ☐ African American

### REDACTED

                                        ☐ Other

4. Last Four Digits of Social Security Number:        5. Birth Date:

6. Mailing Address:
        Address            City            State/Province      Zip/Postal Code

7. Daytime Telephone Number: ...................................................... ( _ _ _ ) _ _ _ - _ _ _ _

### b. LAWYER'S NAME AND FIRM

1. Name of Lawyer: Thomas M. Wilson, Esq.

2. Name of Law Firm With Which Lawyer is Affiliated: Kelley & Ferraro LLP

3. Mailing Address of Firm: 1300 E. 9th Street, Suite 1901 Cleveland, OH 44114
                       Address            City            State/Province      Zip/Postal Code

4. Law Firm's Telephone Number or Lawyer's Direct Line: ........................................ ( 216 ) 575 - 0777

     X   Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

### c. CAUSE OF DEATH (IF APPLICABLE)

1. Is the injured person living or deceased? .............................................................. X Living    ☐ Deceased
   If deceased, date of death:.................................................................................. _ _ / _ _ / _ _ _ _

2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:
        Primary Cause of Death (as stated in the Death Certificate): _If deceased, see attached death certificate_
        Contributing Cause of Death (as stated in the Death Certificate): _____

## PART II: ASBESTOS-RELATED CONDITION(S)

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1. Please check the box next to the condition being alleged:

   ☐ Asbestos-Related Lung Cancer           ☐ Mesothelioma
   X Asbestosis                        ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)
   ☐ Other Asbestos Disease          ☐ Clinically Severe Asbestosis

   a. **Mesothelioma:** If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):
        ☐ diagnosis from a pathologist certified by the American Board of Pathology
        ☐ diagnosis from a second pathologist certified by the American Board of Pathology
        ☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition
        X other (please specify): _Objection: See attached medical information_

1

WR GRACE PIQ 31998-0010

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

b. **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

X other (please specify): <u>Objection: See attached medical information</u>

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon    ☐ pharyngeal    ☐ esophageal    ☐ laryngeal    ☐ stomach cancer

☐ other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

X other (please specify): <u>Objection: See attached medical information</u>

2


WR GRACE PIQ 31998-0011

PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

**d.  Clinically Severe Asbestosis:**  If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐  a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a  second B-reader certified by the National Institute for Occupational Safety and Health

☐  asbestosis determined by pathology

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

**X**  other (please specify):  <u>Objection:  See attached medical information</u>

**e.  Asbestosis:**  If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a  second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  asbestosis determined by pathology

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

**X**  other (please specify):  <u>Objection:  See attached medical information</u>



WR GRACE PIQ 31998-0012

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

f.   **Other Asbestos Disease:** If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  diagnosis determined by pathology

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  a chest x-ray reading  other than those described above

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEVl/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐  a pulmonary function test other than that discussed above

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐  a CT Scan or similar testing

☐  a diagnosis other than those above

X  other (please specify):  <u>Objection:  See attached medical information</u>

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

4

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 51996-0015

2. **Information Regarding Diagnosis**

Date of Diagnosis: ..................................................................................................3/17/1996

Diagnosing Doctor's Name:  <u>See attached medical information</u>

Diagnosing Doctor's Specialty: <u>See attached medical information</u>

Diagnosing Doctor's Mailing Address: <u>See attached medical information</u>
Address

City                                            State/Province                          Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: See attached medical information ........................... __ __ __ __

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician<u>? Objection: contains terms not defined nor undertsood</u>☐ Yes ☐ No

Was the diagnosing doctor paid for the diagnostic services that he/she performed? <u>Objection: relevance</u> ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* <u>Objection: relevance</u>

Did you retain counsel in order to receive any of the services performed by the

diagnosing doctor? <u>Objection: relevance</u>...............................................................................☐ Yes ☐ No

Was the diagnosing doctor referred to you by counsel? <u>Objection: relevance</u> ...........................................☐ Yes ☐ No

Are you aware of any relationship between the diagnosing doctor and your

legal counsel? <u>Objection: relevance</u> ...............................................................................................☐ Yes ☐ No

*If yes, please explain:* _____

_____

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? <u>See attached medical information</u> ...............................................☐ Yes ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? <u>See attached medical information</u> ...........................................................☐ Yes ☐ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? <u>See attached medical information</u> ...................................................................☐ Yes ☐ No

Did the diagnosing doctor perform a physical examination? <u>See attached medical information</u> ..............☐ Yes ☐ No

Do you currently use tobacco products? <u>Objection: relevance</u> ...............................................................☐ Yes ☐ No

Have you ever used tobacco products? ...................................................................................☐ Yes ☐ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:* <u>Objection: relevance</u>

☐ Cigarettes          Packs Per Day (half pack = .5) _____   Start Year __ __ __ __   End Year __ __ __ __

☐ Cigars                 Cigars Per Day _____                          Start Year __ __ __ __   End Year __ __ __ __

☐ If Other Tobacco Products, please specify (e.g., chewing tobacco): _____
          Amount Per Day _____                          Start Year __ __ __ __   End Year __ __ __ __

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? <u>See attached medical</u>

<u>Information.</u> ...........................................................................................................................☐ Yes ☐ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

_____

3. **Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

☐  Mobile laboratory  ☐ Job site ☐ Union Hall ☐ Doctor office ☐ Hospital  X Other: <u>Objection: relevance</u>

Address where chest x-ray taken: <u>Objection: relevance</u>
Address

City                                            State/Province                          Zip/Postal Code

5

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 31998-0014

4. **Information Regarding Chest X-Ray Reading** See attached medical information

Date of Reading: __ __ / __ __ / __ __ __ __            ILO score: _____

Name of Reader: _____

Reader's Daytime Telephone Number:...................................( __ __ __ ) __ __ __ - __ __ __ __

Reader's Mailing Address: _____
                          Address

_____
City                              State/Province                    Zip/Postal Code

**With respect to your relationship to the reader, check all applicable boxes:**

Was the reader paid for the services that he/she performed  Objection: relevance ...................... ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* Objection: relevance

Did you retain counsel in order to receive any of the services performed

by the reader? Objection: relevance ............................................................................... ☐ Yes ☐ No

Was the reader referred to you by counsel? Objection: relevance ............................ ☐ Yes ☐ No

Are you aware of any relationship between the reader and your legal counsel? Objection: relevance........ ☐ Yes ☐ No

*If yes, please explain:* _____

**Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?**

.......................................................................................................................X Yes ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

5. **Information Regarding Pulmonary Function Test:** See attached medical information Date of Test: __ / __ __ / __ __

List your height in feet and inches when test given: See attached medical information .._____ ft _____ inches

List your weight in pounds when test given:  See attached medical information ..........................._____ lbs

Total Lung Capacity (TLC): See attached medical information......................................._____% of predicted

Forced Vital Capacity (FVC): See attached medical information .................................._____% of predicted

FEV1/FVC Ratio: See attached medical information ......................................................._____% of predicted

Name of Doctor Performing Test (if applicable):  See attached medical information

Doctor's Specialty: See attached medical information

Name of Clinician Performing Test (if applicable): See attached medical information

Testing Doctor or Clinician's Mailing Address:  See attached medical information
                                                Address

_____
City                              State/Province                    Zip/Postal Code

Testing Doctor or Clinician's Daytime Telephone Number: See attached medical information __ __ __ __

Name of Doctor Interpreting Test:   See attached medical information _____

Doctor's Specialty:_____ See attached medical information _____

Interpreting Doctor's Mailing Address:   See attached medical information _____
                                          Address

_____
City                              State/Province                    Zip/Postal Code

Interpreting Doctor's Daytime Telephone Number: See attached medical information __ __ __ - __ __ __ __

6

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 31998-0015

With respect to your relationship to the doctor or clinician who performed the pulmonary applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician? Objection: relevance ....... ☐ Yes ☐ No

Was the testing doctor and/or clinician paid for the services that he/she performed? Objection: relevance ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* ............... Objection: relevance

Did you retain counsel in order to receive any of the services performed by the testing doctor

or clinician? Objection: relevance ...................................................................................... ☐ Yes ☐ No

Was the testing doctor or clinician referred to you by counsel? Objection: relevance ................. ☐ Yes ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal

counsel? Objection: relevance ......................................................................................... ☐ Yes ☐ No

*If yes, please explain:* _____

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? See attached medical information ................................ ☐ Yes ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? Objection: relevance .......................................... ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? Objection: relevance ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* ___ Objection: relevance _____

Did you retain counsel in order to receive any of the services performed by the

doctor? Objection: relevance .............................................................................................. ☐ Yes ☐ No

Was the doctor referred to you by counsel? Objection: relevance ..................................... ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? Objection: relevance ....... ☐ Yes ☐ No

*If yes, please explain*

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed? ........................... ☐ Yes ☐ No
See attached medical information

6.  **Information Regarding Pathology Reports:**

Date of Pathology Report: See attached medical information ........................................ __ __ / __ __ / __ __ __ __

Findings:    See attached medical information

Name of Doctor Issuing Report:    See attached medical information

Doctor's Specialty:    See attached medical information

Doctor's Mailing Address:    See attached medical information
                     Address

| City | State/Province | Zip/Postal Code |
|---|---|---|

Doctor's Daytime Telephone Number: See attached medical information ...... ( __ __ __ ) __ __ __ - __ __ __ __

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? Objection: relevance ........................................ ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? Objection: relevance ...................... ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the

doctor? Objection: relevance .............................................................................................. ☐ Yes ☐ No

Was the doctor referred to you by counsel? Objection: relevance ...................................... ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? Objection: relevance ....... ☐ Yes ☐ No

{D0050647:1 }

*If yes, please explain:* ................_____

WR GRACE PIQ 31998-0016

**Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?**

See attached medical information ................................................................................................☐ Yes ☐ No

7

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 31898-0017

7.  **With respect to the condition alleged, have you received medical treatment from a doctor for the condition?**
    See attached medical information ...................................................................................................☐ Yes ☐ No

    *If yes, please complete the following:*

    **Name of Treating Doctor:** ___See attached medical information_____

    **Treating Doctor's Specialty:** ___See attached medical information_____

    **Treating Doctor's Mailing Address:** ___See attached medical information_____
    Address

    _____
    City                                              State/Province                        Zip/Postal Code

    **Treating Doctor's Daytime Telephone number:** See attached medical information __ __ __ - __ __ __ __

    **Was the doctor paid for the services that he/she performed?** See attached medical information ............☐ Yes ☐ No

    *If yes, please indicate who paid for the services performed:* ....___See attached medical information_____

    **Did you retain counsel in order to receive any of the services performed by the doctor?** Objection: relevance ...........



                              [REMAINDER OF PAGE INTENTIONALLY BLANK]

8

WR GRACE PIQ 31996-0018

# PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a)  A worker who personally mixed Grace asbestos-containing products

(b)  A worker who personally removed or cut Grace asbestos-containing products

(c)  A worker who personally installed Grace asbestos-containing products

(d)  A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e)  A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f)  If other, please specify.

Site of Exposure:

Site Name:  See Exhibit A

Site Type:  ☐ Residence  ☐ Business        Site Owner:

Location:

Employer During Exposure:

Unions of which you were a member during your employment:

| | Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code (I/Code 599 specify) | Industry Code (I/Code 599 specify) | "Was exposure due to working in or around areas where products was being installed, mixed, removed, or cut? If so, please indicate your regular proximity to such areas." | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| Job 1 Description: | See Exhibit A | | | | | | |
| Job 2 Description: | | | | | | | |
| Job 3 Description: | | | | | | | |
| Job 4 Description: | | | | | | | |
| Job 5 Description: | | | | | | | |
| Job 6 Description: | | | | | | | |

9

[D06094711]

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

WR GRACE PIQ 31996-0018

1.  Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person? ........................................................................................................ ☐ Yes ☐ No

    *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2.  Please indicate the following information regarding the other injured person:

    Name of Other Injured Person: _____ Gender: ☐ Male ☐ Female

    Last Four Digits of Social Security Number: __ __ __ __      Birth Date: __ __ / __ __ / __ __ __ __

3.  What is your Relationship to Other Injured Person: ................................ ☐ Spouse ☐ Child ☐ Other

4.  Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:

    _____

5.  Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:

    From: __ __ / __ __ / __ __ __ __      To: __ __ / __ __ / __ __ __ __

6.  Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:

    _____

7.  Has the Other Injured Person filed a lawsuit related to his/her exposure? ............................................ ☐ Yes ☐ No

    *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

    Caption: _____

    Case Number: _____ File Date: __ __ / __ __ / __ __ __ __

    Court Name: _____

8.  Nature of Your Own Exposure to Grace Asbestos-Containing Product:

    _____

9.  Dates of Your Own Exposure to Grace Asbestos-Containing Product:

    From: __ __ / __ __ / __ __ __ __      To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:

    _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

10

{D0050647:1 }

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.
In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

Objection: Burdensome/Public Record

Party Against which Lawsuit or Claim was Filed:

See attached Complaint cover sheet

| | | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code (Code 90) (specify) | Industry Code (Code 90) (specify) | Was exposure due to working in or around areas where product was being installed, mixed, removed or cut? (Yes, please indicate whether your were a worker or in proximity to the work) | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| **Site of Exposure 1** | Job 1 Description: | | | | | | |
| Site Name: Objection: Burdensome; Public Documents | Job 2 Description: | | | | | | |
| Address: | Job 3 Description: | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | | | | | | | |
| **Site of Exposure 2** | Job 1 Description: | | | | | | |
| Site Name: | Job 2 Description: | | | | | | |
| Address: | Job 3 Description: | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | | | | | | | |
| **Site of Exposure 3** | Job 1 Description: | | | | | | |
| Site Name: | Job 2 Description: | | | | | | |
| Address: | Job 3 Description: | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | | | | | | | |

11

WR GRACE PIQ 31996-0020

DK0936471.1



## PART VI: EMPLOYMENT HISTORY

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**Occupation Code:** _____   If Code 59, specify: <u>See Exhibit A</u>

**Industry Code:** _____   If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __          **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
       Address

_____
City                                   State/Province                     Zip/Postal Code

**Occupation Code:** _____   If Code 59, specify: _____

**Industry Code:** _____   If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __          **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
       Address

_____
City                                   State/Province                     Zip/Postal Code

**Occupation Code:** _____   If Code 59, specify: _____

**Industry Code:** _____   If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __          **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
       Address

_____
City                                   State/Province                     Zip/Postal Code

**Occupation Code:** _____   If Code 59, specify: _____

**Industry Code:** _____   If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __          **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
       Address

_____
City                                   State/Province                     Zip/Postal Code

{D0050647:1 }



## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA

WR GRACE PIQ 31998-0022

### a. LITIGATION

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica? .................................X Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit. For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption:  <u>See Complaint cover sheet</u>

   Case Number: _____  File Date: __ __ / __ __ / __ __ __ __

   Court Name:  <u>Cuyahoga County Court of Common Pleas</u>

3. Was Grace a defendant in the lawsuit? <u>Objection: Burdensome/Public Document</u> ..............................☐ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? <u>Objection: See docket and pleadings in case which are public records.</u>
   ☐ Yes ☐ No

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

   <u>Objection: burdensome. Please see docket and pleadings filed in the case which are public records</u>

   5. Has a judgment or verdict been entered? <u>Objection: See Fantozzi v Sandusky Cement Products (1992), 64Ohio St.3d601</u> ................................................................................................☐ Yes ☐ No

   *If yes, please indicate verdict amount for each defendant(s):* _____

   6. 6. Was a settlement agreement reached in this lawsuit? <u>Objection: See Fantozzi v Sandusky Cement Products (1992), 64Ohio St.3d601</u>. ..............................................☐ Yes ☐ No

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant: _____

   b. Applicable defendants: _____

   c. Disease or condition alleged: _____

   d. Disease or condition settled (if different than disease or condition alleged): _____

7. Were you deposed in this lawsuit? Objection: Public Document. See attached docket and pleading .........☐ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

### b. CLAIMS

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)?.................................................X Yes ☐ No

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted: <u>Objection: See Fantozzi v Sandusky Cement Products (1992), 64Ohio St.3d601</u>

3. Person or entity against whom the claim was submitted:
   <u>Objection: See Fantozzi v Sandusky Cement Products (1992), 64Ohio St.3d601</u>

4. Description of claim: <u>Objection: See Fantozzi v Sandusky Cement Products (1992), 64Ohio St.3d601</u>

5. Was claim settled? <u>Objection: See Fantozzi v Sandusky Cement Products (1992), 64Ohio St.3d601</u> ........☐ Yes ☐ No

6. Please indicate settlement amount: <u>Objection: See Fantozzi v Sandusky Cement Products (1992), 64Ohio St.3d601</u>
   ..................................................................................................$_____

7. Was the claim dismissed or otherwise disallowed or not honored? Objection:relevance..........................☐ Yes ☐ No

   *If yes, provide the basis for dismissal of the claim:* ........................................ _____

13

{D0050647:1 }

WR GRACE PIQ 31988-0023

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

Name of Dependent or Related Person: Objection: relevance: See Complaint Cover Sheet... Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: __ __ __ ' __ __     Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent: ................................................................................................................☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other If other, please specify _____

Mailing  Address: _____
                   Address

_____

City                              State/Province                  Zip/Postal Code

Daytime Telephone number: ..................................................... ( __ __ __ ) __ __ __ - __ __ __ __

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.
**Copies:** See attached medical information

- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products
- ☐ Supporting documentation of other asbestos exposure

- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
- ☐ Death Certification

**Originals:**

- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products

- ☐ Supporting documentation of other asbestos exposure
- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs: _____

_____

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _Thm M.Wil .POA_____   Date:2/03/2006

Please Print Name:  Thomas M Wilson, Esq as POA

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____   Date: 2/03/2006

Please Print Name:  Thomas M. Wilson, Esq.

14

{D0050647:1 }

Exhibit "A"

WR GRACE PIQ 31998-0024

Name: REDACTED

S.S#:

| JOBSITE | CITY | STATE | YEARS WORKED |
|---------|------|-------|--------------|
| Chrysler Corp | Twinsburg | OH | 1/1/1953 - 12/1/1993 |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |
|  |  |  | - |

418405

{D0050647:}

Case Summary



 

# Gerald E. Fuerst, Clerk of Courts
## Court of Common Pleas - Cuyahoga County, Ohio

### Case Summary Listing



| Docket | Case Parties | Costs | Service | All | New Search |
|---|---|---|---|---|---|

Main Menu

| | |
|---|---|
| Case Number: | **REDACTED** |
| Case Title: | |
| Case Designation: | ASBESTOS TORT-PRODUCT LIAB |
| Filing Date: | 12/19/2000 |
| Judge: | RICHARD-ASBEST MCMONAGLE |
| Magistrate: | N/A |
| Room: | N/A |
| Next Action: | N/A |
| File Location: | PEND.FILE |
| Last Status: | ACTIVE |
| Last Status Date: | 3/1/2002 |
| Last Disposition: | NEWLY FILED |
| Last Disposition Date: | 12/19/2000 |
| Prayer Amount: | $ 25000.00 |

CMSW504

Print Page | Close Window | Disclaimers

Information on this Web site is updated every 30 minutes. Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

For questions/comments please contact cpdock@cuyahogacounty.us



WR GRACE  PIQ  31998-0026

## RAY HARRON, M.D.
DIPLOMATE AMERICAN BOARD OF RADIOLOGY
DIPLOMATE AMERICAN BOARD OF NUCLEAR MEDICINE

P. O. BOX 400
BRIDGEPORT, WV 26330

NAME␣          **REDACTED**          _____

ADDRESS_____

CITY & STATE_____

| UNIT NO. | PHYSICIAN | | AGE | PHONE NUMBER | BIRTHDATE | | DATE 03/21/00 |
|---|---|---|---|---|---|---|---|
| RESPONSIBLE PARTY | | S.S. # | | INSURANCE CO. | | | POLICY NO. |
| ADDRESS | STREET-ROUTE-BOX | | | TOWN-CITY-STATE | ZIP | CONTRACT OF | |
| PATIENT HISTORY | | | | | | | |

EXAMINATION

CHEST DATED 10/6/99:  There are primary s, secondary s sized opacities involving six lung zones, profusion 1/0.  Rule out cancer right midzone and right upper zone.

IMPRESSION:
1.   Bilateral interstitial fibrosis consistent with asbestosis.
2.   Rule out cancer on the right, see the doctor.


Ray A. Harron, M.D.
Diplomate of the American
Board of Radiology

RAH/kc

Form No. 102

WR GRACE PIQ 31998-0027

# ALVIN J. SCHONFELD, D.O., F.C.C.P., F.A.A.D.E
## PULMONARY MEDICINE
## OCCUPATIONAL LUNG DISEASE

438 W. ST. JAMES PLACE
CHICAGO, IL 60614-2750

PHONE: 1-773-472-2810
FAX:    1-773-472-2809
PAGE:   1-888-691-8521

August 1, 2002

KELLEY/MIDDLEBURG HEIGHTS

Re:    Patient:
       SSN:            **REDACTED**
       DOB:

**PAST MEDICAL HISTORY:**  He has had dyspnea on exertion, cough and mucus production for about three years.  He has a history of hypertension.

**MEDICATIONS:**  One antihypertensive.  He does not recall its name.

**SMOKING HISTORY:**  Three cigarettes per day, ages 18 to 28 years old.

**OCCUPATIONAL HISTORY:**  Between 1953 and 1993 he worked at Chrysler Corporation as a spot welder.  He worked around asbestos products which included asbestos curtains, pipe covering, insulation and gloves.

**PHYSICAL EXAMINATION:**  Physical examination revealed an alert and oriented male in no acute distress.  Head and neck exam was unremarkable.  Lungs were clear to auscultation.  Cardiac exam revealed a regular rate and rhythm without murmurs.  Abdomen was soft and without masses.  Extremities showed no clubbing, cyanosis or edema.

**CHEST X-RAY:**  Chest x-ray 10/6/99 read by Dr. Harron had an ILO score of S/S, 1/0 bilaterally with no pleural changes.

**SPIROMETRY:**  Spirometry 8/1/02 met ATS Guidelines and was normal.

(Continued Page 2)

DIPLOMATE - AMERICAN BOARDS OF INTERNAL MEDICINE AND PULMONARY DISEASE
NIOSH B READER
CERTIFIED, AMERICAN BOARD OF INDEPENDENT MEDICAL EXAMINERS

# ALVIN J. SCHONFELD, D.O., F.C.C.P., F.A.A.D.E.P.



WR GRACE PIQ 31996-0028

To:    **KELLEY/MIDDLEBURG HEIGHTS**
Re:
Page 2                                **REDACTED**

**IMPRESSION:**
1)    On the basis of the patient's significant occupational exposure to asbestos dust and
      chest radiograph, the diagnosis of bilateral asbestosis is established within a
      reasonable degree of medical certainty.  This diagnosis is causally related to his
      workplace exposure at Chrysler Corporation.

**RECOMMENDATIONS:**
1)    He is at increased risk for the development of lung cancer, mesothelioma and other
      non-pulmonary malignancies associated with asbestos exposure.
2)    He should be advised to have yearly chest x-rays, pulmonary function screening and
      screening for gastrointestinal malignancy.
3)    He should be advised that chest x-rays and pulmonary function may deteriorate in the
      absence of further asbestos exposure.
4)    He should be advised to refrain from the use of all tobacco-containing products.

Thank you for asking me to review this case.

Sincerely,

Alvin J. Schonfeld, D.O., FCCP, FAADEP

AJS:hss/mh



WR GRACE PIQ 31998-0029

DR. ALVIN J. SCHONFELD
438 WEST ST. JAMES PLACE
CHICAGO, IL  60614

**REDACTED**

PT:                                              HT: 73.0 in    DATE: 08/01/2002
PT#: 429602625                    AGE: 69 SEX: M    WT: 165.0 lb    TIME: 08:15:03
PRED-COLLINS3 BP: 760 TEMP: 24.0          RACE: B   TECH: WCS RRT
     ----- Predicted Values Have Been Race Corrected -----
                                          Pre-Drug*

| Spirometry |        | Predicted | Actual | %Pred |
|------------|--------|-----------|--------|-------|
| FVC        | (L)    | 4.25      | 4.28   | 101   |
| FEV1       | (L)    | 3.23      | 3.24   | 100   |
| FEV1/FVC   | (%)    | 76        | 76     | 100   |
| FEF25-75%  | (L/S)  | 3.29      | 2.61   | 79    |
| FEFmax     | (L/S)  |           | 8.73   |       |
| TET        | (SEC)  |           | 6.74   |       |







**REDACTED**



WR GRACE PIQ 31998-0030

| Pt. Name: | | Pt. ID: | Date: 08/01/2002 |
| Pre-Drug | | | Set # : 0 |



| Effort | FVC | FEV1 | FEV1% | F25/75 | PEFR |
|--------|------|------|-------|--------|------|
| Pred | 4.25 | 3.23 | 75 | 3.29 | |
| 1 BEST | 4.28 | 3.24 | 75 | 2.61 | 8.73 |
| 4 | >3.88 | >2.86 | 73 | 2.03 | 8.05 |
| 5 | >3.63 | >2.70 | 74 | 2.08 | 5.52 |
| 6 | 4.18 | 3.11 | 74 | 2.27 | 9.93 |

**REDACTED**

| Pt. Name: | | Pt. ID: | Date: 08/01/2002 |
| Pre-Drug | | | Set # : 0 |

| Effort | FVC | FEV1 | FEV1% | F25/75 | PEFR |
|--------|------|------|-------|--------|------|
| Pred | 4.25 | 3.23 | 75 | 3.29 | |
| 1 BEST | 4.28 | 3.24 | 75 | 2.61 | 8.73 |
| 4 | >3.88 | >2.86 | 73 | 2.03 | 8.05 |
| 5 | >3.63 | >2.70 | 74 | 2.08 | 5.52 |
| 6 | 4.18 | 3.11 | 74 | 2.27 | 9.93 |

## REDACTED

WR GRACE PIQ 31998-0031

TYPE OF READING

| A | X P |

WORKER'S Social Security Number:

**1A. DATE OF X-RAY** `10-6-99`

**1B. FILM QUALITY** [X] 1  [ ] 2  [ ] 3  [ ] U/R    If Not Grade 1 Give Reason:

**1C. IS FILM COMPLETELY NEGATIVE?**
YES [ ] Proceed to Section 5    NO [X] Proceed to Section 2

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?** YES [X]  COMPLETE 2B and 2C    NO [ ] PROCEED TO SECTION 3

**2B. SMALL OPACITIES**

a. SHAPE/SIZE

| PRIMARY | | SECONDARY | |
|---|---|---|---|
| p | [X] q | p | q |
| q | t | q | t |
| r | u | r | u |

b. ZONES

| R | L |
|---|---|
| [X] | [X] |
| | [X] |
| | [X] |

c. PROFUSION

| 0/- | 0/0 | 0/1 |
|---|---|---|
| [X] | 1/0 | 1/1 | 1/2 |
| 2/1 | 2/2 | 2/3 |
| 3/2 | 3/3 | 3/4 |

**2C. LARGE OPACITIES**
SIZE [0] A B C

PROCEED TO SECTION 3

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?** YES [ ]  COMPLETE 3B, 3C and 3D    NO [ ] PROCEED TO SECTION 4

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (plaque)
SITE O R L

b. COSTOPHRENIC ANGLE
SITE O R L

**3C. PLEURAL THICKENING...Chest Wall**

a. CIRCUMSCRIBED (plaque)

SITE IN PROFILE [O R]  [O L]
i. WIDTH  O A B C   O A B C
FACE ON
iii. EXTENT  0 1 2 3   0 1 2 3

b. DIFFUSE

SITE IN PROFILE [O R]  [O L]
i. WIDTH  O A B C   O A B C
ii. EXTENT  0 1 2 3   0 1 2 3
FACE ON
iii. EXTENT  0 1 2 3   0 1 2 3

**3D. PLEURAL CALCIFICATION**

SITE [O R] EXTENT
a. DIAPHRAGM......... 0 1 2 3
b. WALL.............. 0 1 2 3
c. OTHER SITES....... 0 1 2 3

SITE [O L] EXTENT
a. DIAPHRAGM......... 0 1 2 3
b. WALL.............. 0 1 2 3
c. OTHER SITES...... 0 1 2 3

PROCEED TO SECTION 6

**4A. ANY OTHER ABNORMALITIES?** YES [X]  COMPLETE 4B and 4C    NO [ ] PROCEED TO SECTION 5

**4B. OTHER SYMBOLS (OBLIGATORY)**

| O | ax | bu | [X] | ca | cn | cb | op | cv | di | ef | em | es | fr | hi | ho | id | ih | kl | pi | px | rp | tb |

Report items which may be of present clinical significance in this section  [OD]  (Specify od.) *RoGa Rmz, Ruz*    Date Attorney Notified. | 5 | 2 | 1 | 0 0 |

**4C. OTHER COMMENTS**

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C.  YES [X]  NO [ ]  PROCEED TO SECTION 5

**5. FILM READER'S INITIALS** | R | A | H |
Complete if social security number is not furnished:

PHYSICIAN'S SOCIAL SECURITY NUMBER * 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

*Ray A Harron M.D.*

Harron, Ray A., M.D.
901 West Main Street, Bridgeport, WV  26330

DATE OF READING | 3 | 2-7 | 0 0 |



WR GRACE PIQ 31996-0032

©1999

**FedEx** Express  *USA Airbill*    8412 0937 4653    02 15    Recipient's Copy

**1 From** This portion can be removed for Recipient's records.

Date 7-11-04    FedEx Tracking Number    8412 0937 4653
Sender's PHIL
Name                                    Phone 216 575-0777
Company KELLEY & FERRARO LLP
Address 1300 E 9TH ST STE 1901
City CLEVELAND    State OH    ZIP 44114-1582

**2 Your Internal Billing Reference** KELLEY 0

**3 To**
Recipient's
Name
Company Rust Consulting Inc.
Claims Processing Agent
RE: WR Grace & Co. Bankruptcy
Address 201 S Lyndale Ave
Faribault, MN 55021

City    State    ZIP

4a **Express Package Service**
☐ FedEx Priority Overnight
☑ FedEx Standard Overnight
☐ FedEx First Overnight
☐ FedEx 2Day
☐ FedEx Express Saver

4b **Express Freight Service**
☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

5 **Packaging**
☐ FedEx Envelope    ☐ FedEx Pak    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

6 **Special Handling**
☐ SATURDAY Delivery
☐ HOLD Weekday at FedEx Location
☐ HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
☐ No    ☐ Yes As per attached Shipper's Declaration    ☐ Yes Shipper's Declaration not required    ☐ Dry Ice Dry Ice, 9, UN 1845
☐ Cargo Aircraft Only

7 **Payment** Bill to:
☑ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

Total Packages    Total Weight    Total Charges

8 **Release Signature** Sign to authorize delivery without obtaining signature.    447

8412 0937 4653

0250898785