# Exhibit E

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire



WR GRACE PIQ 27781-0001

10315607039116

RE:    **REDACTED**

Hartley & O`Brien
827 Main Street
Wheeling WV 26003

Due to space limitations, claimant reserves ALL objections for any blank response.

REC'D JUL 1 2 2006

000868039116

WR GRACE PIQ 27781-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

WR GRACE PIQ 27781-0003

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) |
|  | ) |

Due to spa[ce] reserves A... ...ty blank response.

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

<table>
<tr><td><u>IF SENT BY U.S. MAIL</u></td><td><u>IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE</u></td></tr>
<tr><td>RUST CONSULTING, INC.<br>CLAIMS PROCESSING AGENT<br>RE: W.R. GRACE & CO. BANKRUPTCY<br>P.O. BOX 1620<br>FARIBAULT, MN 55021</td><td>RUST CONSULTING, INC.<br>CLAIMS PROCESSING AGENT<br>RE: W.R. GRACE & CO. BANKRUPTCY<br>201 S. LYNDALE AVE.<br>FARIBAULT, MN 55021</td></tr>
</table>

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL <u>NOT</u> BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES <u>NOT</u> MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

# INSTRUCTIONS



## A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos wrongful death claim." This term is intended to cover any lawsuit alleging any claim for pe that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.

   Do **not** send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

## B. PART I – Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

## C. PART II – Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies; with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

## D. **PART III – Direct Exposure to Grace Asbestos-Containing Products**

In Part III, please provide the requested information for the job and site at which you we asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing prod was a result of your employment, use the list of occupation and industry codes below to indicate yo industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.



Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

### Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator
31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (*e.g.*, accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

### Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing
109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

**E. PART IV – Indirect Exposure to Grace Asbestos-Containing Products**

In Part IV, please provide the information requested for any injury alleged to have been cau asbestos-containing products through contact/proximity with another injured person. If you contact/proximity with multiple injured persons, please complete a separate Part IV for each convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.



**F. PART V – Exposure to Non-Grace Asbestos-Containing Products**

In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party. If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G. PART VI – Employment History**

In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V. Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H. PART VII – Litigation and Claims Regarding Asbestos and/or Silica**

In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I. PART VIII – Claims by Dependents or Related Persons**

Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure. One example of such a claim would be a claim for loss of consortium. If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J. PART IX – Supporting Documentation**

In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire. As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed. Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K. PART X – Attestation that Information is True, Accurate and Complete**

By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

WR GRACE PIQ 27781-0007

## PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

**a.  GENERAL INFORMATION**

REDACTED

1. **Name of Claimant:** _____    2. **Gender:** ☑ Male   ☐ Female

    First _____ MI _____ Last

3. **Race (for purposes of evaluating Pulmonary Function Test results):** .................................... ☐ White/Caucasian

    ☐ African American

    ☐ Other

4. **Last Four Digits of Social Security Number:** _____    5. **Birth Date:** _____

6. **Mailing Address:** _____

    Address                     City                 State/Province          Zip/Postal Code

7. **Daytime Telephone Number:** ................................................................

**b.  LAWYER'S NAME AND FIRM**

1. **Name of Lawyer:** JAMES M. O'BRIEN

2. **Name of Law Firm With Which Lawyer is Affiliated:** HARTLEY & O'BRIEN PLLC

3. **Mailing Address of Firm:** 2001 MAIN ST SUITE 600 WHEELING WV 26003

    Address                     City                 State/Province          Zip/Postal Code

4. **Law Firm's Telephone Number or Lawyer's Direct Line:** ........................ ( 304 ) 233 - 0777

    ☑ Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

**c.  CAUSE OF DEATH (IF APPLICABLE)**

1. **Is the injured person living or deceased?** ................................................ ☑ Living   ☐ Deceased

    If deceased, date of death: ......................................................... ___ / ___ / ___

2. **If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:**

    Primary Cause of Death (as stated in the Death Certificate): _____

    Contributing Cause of Death (as stated in the Death Certificate): _____

## PART II: ASBESTOS-RELATED CONDITION(S)

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1. **Please check the box next to the condition being alleged:**

    ☐ Asbestos-Related Lung Cancer            ☐ Mesothelioma

    ☐ Asbestosis                                        ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)

    ☐ Other Asbestos Disease                      ☐ Clinically Severe Asbestosis

    a. **Mesothelioma:** If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):

    ☐ diagnosis from a pathologist certified by the American Board of Pathology

    ☐ diagnosis from a second pathologist certified by the American Board of Pathology

    ☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition

    ☐ other (please specify): _____

1

WR GRACE PIQ 27781-0008

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

b. **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were y         y lung cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

☐ other (please specify):_____

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon        ☐ pharyngeal        ☐ esophageal        ☐ laryngeal        ☐ stomach cancer

☐ other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

☐ other (please specify): _____

2

## PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

WR GRACE PIQ 27781-0009

**d. Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis b (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other (please specify): _____

**e. Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other (please specify): _____

3

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 27781-0010

f.   **Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, an those above, was your diagnosis based on the following (check all that apply):

☐   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐   diagnosis determined by pathology

☐   a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐   a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐   a chest x-ray reading other than those described above

☐   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐   a pulmonary function test other than that discussed above

☐   a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐   a CT Scan or similar testing

☐   a diagnosis other than those above

☐   other (please specify): _____

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

4

**PART II. ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 27781-0011

**2.   Information Regarding Diagnosis**

Date of Diagnosis: .......................................................................... _ _ / _ _ / _ _ _ _

Diagnosing Doctor's Name: _____

Diagnosing Doctor's Specialty: _____

Diagnosing Doctor's Mailing Address: _____

_____
Address

_____
City                                              State/Province                              Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: ......................... ( _ _ _ ) _ _ _ - _ _ _ _

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician?................................................. ☐ Yes  ☐ No

Was the diagnosing doctor paid for the diagnostic services that he/she performed?................... ☐ Yes  ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor?........... ☐ Yes  ☐ No

Was the diagnosing doctor referred to you by counsel?................................................. ☐ Yes  ☐ No

Are you aware of any relationship between the diagnosing doctor and your legal counsel?.................... ☐ Yes  ☐ No

*If yes, please explain:* _____

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? ................................................................. ☐ Yes  ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? ................................................................. ☐ Yes  ☐ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis?................................................................. ☐ Yes  ☐ No

Did the diagnosing doctor perform a physical examination? ................................................ ☐ Yes  ☐ No

Do you currently use tobacco products? ................................................................. ☐ Yes  ☐ No

Have you ever used tobacco products?................................................................. ☐ Yes  ☐ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

☐   **Cigarettes**       **Packs Per Day (half pack = .5)** _____   **Start Year** _ _ _ _   **End Year** _ _ _ _

☐   **Cigars**          **Cigars Per Day** _____       **Start Year** _ _ _ _   **End Year** _ _ _ _

☐   **If Other Tobacco Products, please specify (e.g., chewing tobacco):** _____

              **Amount Per Day** _____       **Start Year** _ _ _ _   **End Year** _ _ _ _

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? .................. ☐ Yes  ☐ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

_____

**3.   Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

☐   Mobile laboratory  ☐ Job site  ☐ Union Hall  ☐ Doctor office  ☐ Hospital  ☐ Other: _____

Address where chest x-ray taken: _____
                                  Address

_____
City                                              State/Province                              Zip/Postal Code

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 27781-0012

4. **Information Regarding Chest X-Ray Reading**

   Date of Reading: __ __ / __ __ / __ __ __ __          ILO score: _____

   Name of Reader: _____

   Reader's Daytime Telephone Number:.................................... ( __ __ __ ) __ __ __ - __ __ __ __

   Reader's Mailing Address: _____
   Address

   City _____ State/Province _____ Zip/Postal Code

   With respect to your relationship to the reader, check all applicable boxes:

   Was the reader paid for the services that he/she performed:......................................☐ Yes ☐ No

   *If yes, please indicate who paid for the services performed:* _____

   Did you retain counsel in order to receive any of the services performed by the reader? ...........☐ Yes ☐ No

   Was the reader referred to you by counsel?.................................................................☐ Yes ☐ No

   Are you aware of any relationship between the reader and your legal counsel? ....................☐ Yes ☐ No

   *If yes, please explain:* _____

   **Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?**

   ..................................................................................................................☐ Yes ☐ No

   *If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

5. **Information Regarding Pulmonary Function Test:** ..........................Date of Test: __ __ / __ __ / __ __ __ __

   List your height in feet and inches when test given: ............................ _____ ft _____ inches

   List your weight in pounds when test given: ...................................................... _____ lbs

   Total Lung Capacity (TLC):................................................................._____% of predicted

   Forced Vital Capacity (FVC):.............................................................._____% of predicted

   FEV1/FVC Ratio:............................................................................._____% of predicted

   Name of Doctor Performing Test (if applicable): _____

   Doctor's Specialty: _____

   Name of Clinician Performing Test (if applicable): _____

   Testing Doctor or Clinician's Mailing Address: _____
   Address

   City _____ State/Province _____ Zip/Postal Code

   Testing Doctor or Clinician's Daytime Telephone Number: ...................... ( __ __ __ ) __ __ __ - __ __ __ __

   Name of Doctor Interpreting Test: _____

   Doctor's Specialty: _____

   Interpreting Doctor's Mailing Address: _____
   Address

   City _____ State/Province _____ Zip/Postal Code

   Interpreting Doctor's Daytime Telephone Number: ...................... ( __ __ __ ) __ __ __ - __ __ __ __

6

## PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

WR GRACE PIQ 27781-0013

With respect to your relationship to the doctor or clinician who performed the pulmonary fu... applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician? ............................... ☐ Yes ☐ No

Was the testing doctor and/or clinician paid for the services that he/she performed? ............................... ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed*: _____

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?.. ☐ Yes ☐ No

Was the testing doctor or clinician referred to you by counsel?............................................... ☐ Yes ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ............. ☐ Yes ☐ No

*If yes, please explain*: _____

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? ............................................... ☐ Yes ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? ............................................... ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? ............................................... ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed*: _____

Did you retain counsel in order to receive any of the services performed by the doctor? ............................ ☐ Yes ☐ No

Was the doctor referred to you by counsel? ............................................... ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ............................ ☐ Yes ☐ No

*If yes, please explain* _____

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?............................ ☐ Yes ☐ No

6.  **Information Regarding Pathology Reports:**

Date of Pathology Report: .................................................................. __ __ / __ __ / __ __ __ __

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
Address

_____
City                              State/Province                    Zip/Postal Code

Doctor's Daytime Telephone Number: .......................................... ( __ __ __ ) __ __ __ - __ __ __ __

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? ............................................... ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? ............................................... ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed*: _____

Did you retain counsel in order to receive any of the services performed by the doctor? ............................ ☐ Yes ☐ No

Was the doctor referred to you by counsel? ............................................... ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ............................ ☐ Yes ☐ No

*If yes, please explain*: _____

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?

.................................................................. ☐ Yes ☐ No

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 27781-0014

7. **With respect to the condition alleged, have you received medical treatment from a doct**

.............................................................................................................................................. ☐ Yes ☐ No

*If yes, please complete the following:*

**Name of Treating Doctor:** _____

**Treating Doctor's Specialty:** _____

**Treating Doctor's Mailing Address:** _____

_____
Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

**Treating Doctor's Daytime Telephone number:** ..................... ( __ __ __ ) __ __ __ - __ __ __ __

**Was the doctor paid for the services that he/she performed?** ................................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

**Did you retain counsel in order to receive any of the services performed by the doctor?** .................... ☐ Yes ☐ No

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

8

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING [

WR GRACE PIQ 27781-0016

1.  Are you asserting an injury caused by exposure to Grace asbestos-containing products th
    with another injured person? ......................................................................................... ☐ Yes ☐ No

    *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2.  Please indicate the following information regarding the other injured person:

    Name of Other Injured Person: _____ Gender: ☐ Male ☐ Female

    Last Four Digits of Social Security Number: __ __ __ __        Birth Date: __ __ / __ __ / __ __

3.  What is your Relationship to Other Injured Person: ......................☐ Spouse  ☐ Child  ☐ Other

4.  Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:

    _____

5.  Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:

    From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

6.  Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:

    _____

7.  Has the Other Injured Person filed a lawsuit related to his/her exposure?.........................☐ Yes ☐ No

    *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

    Caption: _____

    Case Number: _____ File Date: __ __ / __ __ / __ __ __ __

    Court Name: _____

8.  Nature of Your Own Exposure to Grace Asbestos-Containing Product:

    _____

9.  Dates of Your Own Exposure to Grace Asbestos-Containing Product:

    From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:

    _____

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products

(b) A worker who personally removed or cut Non-Grace asbestos-containing products

(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

**WR GRACE PIQ  27781-0017**

**Party Against which Lawsuit or Claim was Filed:**

| | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 39, specify | Industry Code If Code 119, specify | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| **Site of Exposure 1** | | | | | | |
| Site Name: | | | | | | |
| Address: | | | | | | |
| City and State: | | | | | | |
| Site Owner: | | | | | | |
| Job 1 Description: | | | | | | |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| **Site of Exposure 2** | | | | | | |
| Site Name: | | | | | | |
| Address: | | | | | | |
| City and State: | | | | | | |
| Site Owner: | | | | | | |
| Job 1 Description: | | | | | | |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| **Site of Exposure 3** | | | | | | |
| Site Name: | | | | | | |
| Address: | | | | | | |
| City and State: | | | | | | |
| Site Owner: | | | | | | |
| Job 1 Description: | | | | | | |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |

11

## PART VI: EMPLOYMENT HISTORY



WR GRACE PIQ 27761-0018

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**Occupation Code:** _____ If Code 59, specify: _____

**Industry Code:** _____ If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
                Address

City                                        State/Province                Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: _____

**Industry Code:** _____ If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
                Address

City                                        State/Province                Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: _____

**Industry Code:** _____ If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
                Address

City                                        State/Province                Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: _____

**Industry Code:** _____ If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
                Address

City                                        State/Province                Zip/Postal Code

## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SI

WR GRACE PIQ 27781-0019

### a.  LITIGATION

1.  Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?...........................☑ Yes ☐ No

    *If yes, please complete the rest of this Part VII(a) for each lawsuit.   For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2.  Please provide the caption, case number, file date, and court name for the lawsuit you filed:

    Caption: _____

    Case Number: _____    REDACTED    _____    File Date: _____

    Court Name: _____

3.  Was Grace a defendant in the lawsuit? ...........................................................☑ Yes ☐ No

4.  Was the lawsuit dismissed against any defendant? ...........................................☐ Yes ☐ No

    *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

    _____

    _____

5.  Has a judgment or verdict been entered?...........................................................☐ Yes ☐ No

    *If yes, please indicate verdict amount for each defendant(s):* _____

6.  Was a settlement agreement reached in this lawsuit? .........................................☐ Yes ☐ No

    *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

    a.  Settlement amount for each defendant: _____

    b.  Applicable defendants: _____

    c.  Disease or condition alleged: _____

    d.  Disease or condition settled (if different than disease or condition alleged): _____

7.  Were you deposed in this lawsuit? ...................................................................☐ Yes ☐ No

    *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

### b.  CLAIMS

1.  Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? .........................................☐ Yes ☐ No

    *If yes, please complete the rest of this Part VII(b).  If no, please skip to Part VIII.*

2.  Date the claim was submitted:........................................................ _ _ / _ _ _ / _ _ _ _ _

3.  Person or entity against whom the claim was submitted: _____

4.  Description of claim: _____

5.  Was claim settled? ...........................................................................................☐ Yes ☐ No

6.  Please indicate settlement amount: ........................................................ $_____

7.  Was the claim dismissed or otherwise disallowed or not honored? ...................☐ Yes ☐ No

    *If yes, provide the basis for dismissal of the claim:* _____

13

REDACTED

| | |
|---|---|
| **PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSON** | WR GRACE PIQ 27781-0020 |

Name of Dependent or Related Person: _____    Gender: ☐ Male ☑ Female

Last Four Digits of Social Security Number: ‾    · Birth Date: _____

Financially Dependent: .................................................................................☑ Yes ☐ No

Relationship to Injured Party: ☑ Spouse ☐ Child ☐ Other  If other, please specify _____

Mailing Address: _____    _____
                          Address

City _____    State/Province _____    Zip/Postal Code _____

Daytime Telephone number: ...............................................................

## PART IX:  SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**

- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products
- ☐ Supporting documentation of other asbestos exposure

- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
- ☐ Death Certification

**Originals:**

- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products

- ☐ Supporting documentation of other asbestos exposure
- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____

_____

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful.  This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim.  The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 & 3571. **TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____    Date: __ __ / __ __ / __ __ __ __

Please Print Name: _____

*Due to space limitations, claimant reserves ALL objections for any response.*

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____    Date: 12 / 16 / 2005

Please Print Name: James M. O'Brien
                              Attorney at Law

14

**APPENDIX D**

Additional Copies of Part III of the Questionnaire    Name of Claimant: Michael G. Brown    Last 4 Digits of SSN: 0048

**PART III DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS**

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products
(b) A worker who personally removed or cut Grace asbestos-containing products
(c) A worker who personally installed Grace asbestos-containing products
(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

Site of Exposure:

Site Name: _____    Location: _____

Site Type: ☐ Residence  ☒ Business    Site Owner: _____

Employer During Exposure: _____    Unions of which you were a member during your employment: _____

REDACTED

Job 1 Description:
Job 2 Description:
Job 3 Description:
Job 4 Description:
Job 5 Description:
Job 6 Description:

WR GRACE PIQ 27781-0021

WR GRACE PIQ  27781-0022

**APPENDIX D**

Additional Copies of Part III of the Questionnaire          Name of Claimant: Michael C Brown          Last 4 Digits of SSN: 0 0 4 8

**PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS**

please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(d)   A worker who personally mixed Grace asbestos-containing products
(e)   A worker who personally removed or cut Grace asbestos-containing products
(f)   A worker who personally installed Grace asbestos-containing products

(g)   A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others
(h)   A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others
(i)   If other, please specify.

**Site of Exposure:**

Site Name: _____

Site Type: ☐ Residence ☒ Business          Site Owner: _____

Employer During Exposure: _____          Location: REDACTED

Unions of which you were a member during your employment: IBEW

| Products | Basis for Identification of Grace Product | Dates of Exposure (Month/Year to Month/Year) | Occupation Codes (see pg 9) | Industry Codes (see pg 9) | Were you working on the job site when asbestos-containing product was being installed, mixed, removed, or cut? | Nature of Exposure |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Job 1 Description: REDACTED

Job 2 Description: REDACTED

Job 3 Description:

Job 4 Description:

Job 5 Description:

Job 6 Description:

REDACTED

WORKER'S Social Secr    mber    TYPE OF READING    IDENTI

A B P

WR GRACE PIQ 27781-0023

| 1A. DATE OF X-RAY | 1B. FILM QUALITY | 1 Not Grade 1 Give Reason | 1C. IS FILM COMPLETELY NEGATIVE? |
|---|---|---|---|
| MONTH DAY YR | X 2 3 4 | | YES    Proceed to Section b    NO ☒    Proceed to Section 2 |

| 2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? | YES ☒ | COMPLETE 2B and 2C | NO | PROCEED TO SECTION 3 |
|---|---|---|---|---|

**2B. SMALL OPACITIES**

a. SHAPE/SIZE

| PRIMARY | SECONDARY |
|---|---|
| p ☒ | p ☒ |
| q t | q t |
| r u | r u |

b. ZONES

| ☒ | X |
| X | X |
| ☒ | ☒ |

R    L

c. PROFUSION

| % | % | % |
| ☒ | X | ½ |
| ⅔ | ☒ | ½ |
| ½ | ½ | ¾ |

**2C. LARGE OPACITIES**

SIZE ☒ A B C

PROCEED TO SECTION 3

| 3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? | YES | COMPLETE 3B, 3C and 3D | NO ☒ | PROCEED TO SECTION 4 |
|---|---|---|---|---|

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (pleura)

SITE O R L

b. COSTOPHRENIC ANGLE

SITE O R L

**3C. PLEURAL THICKENING ... Chest Wall**

a. CIRCUMSCRIBED (plaques)

| | SITE O R | SITE O L |
|---|---|---|
| IN PROFILE | O A B C | O A B C |
| i. WIDTH | 0 1 2 3 | 0 1 2 3 |
| ii. EXTENT | 0 1 2 3 | 0 1 2 3 |
| FACE ON iii. EXTENT | 0 1 2 3 | 0 1 2 3 |

b. DIFFUSE

| | SITE O R | SITE O L |
|---|---|---|
| IN PROFILE | O A B C | O A B C |
| i. WIDTH | 0 1 2 3 | 0 1 2 3 |
| ii. EXTENT | 0 1 2 3 | 0 1 2 3 |
| FACE ON iii. EXTENT | 0 1 2 3 | 0 1 2 3 |

**3D. PLEURAL CALCIFICATION**

| SITE O R EXTENT | | SITE O L EXTENT | |
|---|---|---|---|
| a. DIAPHRAGM | 0 1 2 3 | a. DIAPHRAGM | 0 1 2 3 |
| b. WALL | 0 1 2 3 | b. WALL | 0 1 2 3 |
| c. OTHER SITES | 0 1 2 3 | c. OTHER SITES | 0 1 2 3 |

PROCEED TO SECTION 4

| 4A. ANY OTHER ABNORMALITIES? | YES | COMPLETE 4B and 4C | NO ☒ | PROCEED TO SECTION 5 |
|---|---|---|---|---|

**4B. OTHER SYMBOLS (OBLIGATORY)**

O | ax | bu | ca | cn | co | cp | cv | di | ef | em | es | fr | hi | ho | id | ih | kl | pi | px | ra | tb

Report items which may be of present clinical significance in this section.

00 ☒    SPECIFY od

Date Personal Physician notified?

MONTH DAY YR

**4C. OTHER COMMENTS**

☐ No asbestosis

☒ Consistent with    ac in

☐ Consistent with asbestos related disease

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C    YES ☐ NO ☐

PROCEED TO SECTION 5

**5. FILM READER'S INITIALS**

R A H

PHYSICIAN'S SOCIAL SECURITY NUMBER

0 5 5 2 6 1 2 9 4

NAME (LAST—FIRST—MIDDLE)

Ray A. Harron, MD    P O Box 400

STREET ADDRESS    CITY    STATE    ZIP CODE
901 West Main Street    Bridgeport    WV    26330

DATE OF READING

MONTH DAY YR

Ray A. Harron, MD

# Hartley & O'Brien, PLLC
## Attorneys & Counselors at Law



WR GRACE PIQ  27761-0024

R. DEAN HARTLEY (WV, PA & KY)
JAMES M. O'BRIEN (WV, PA & KY)
LESLIE ANN JAMES (WV & PA)
MICHAEL P. GIERTZ (WV & OH)
J. ZACHARY ZATEZALO (WV & TX)
J. MICHAEL PRASCIK (WV)

The Wagner Building
2001 Main Street • Suite 600
Wheeling, WV 26003

www.toxictortlawyers.com

Telephone: (304) 233-0777
Telecopier: (304) 233-0774

July 11, 2006

**Via Federal Express**

Claims Processing Agent
RUST CONSULTING, INC.
201 S. Lyndale Avenue
Faribault, MN  55021

        Re:   **W.R. Grace & Co. Bankruptcy**

Dear Sir or Madam:

    Enclosed you will find 908 W.R. Grace Asbestos Personal Injury Questionnaires for the claimants on the attached list.

    If there are any problems or you need any other information, feel free to contact me via phone or e-mail at mburge@hartleyobrien.com.

                Sincerely,

                MISSY BURGE
                SETTLEMENT COORDINATOR

Enc.



WR GRACE PIQ 27781-0026

FedEx | Ship Manager | Label 7927 9171 6907                    Page 1 of 1

From:    Origin ID:   (304)233-0777
MISSY BURGE
HARTLEY & O'BRIEN, PLLC
2001 MAIN STREET
SUITE 600
WHEELING, WV 26003

**FedEx** Express

CL89532969/17/02

Ship Date: 11JUL06
ActWgt: 30 LB
System#: 5449958/INET2500
Account#: S *********

Dimmed: 17 X 11 X 9 IN

REF: WR Grace Questionnaires

Delivery Address Bar Code

SHIP TO:    (507)333-4300         BILL SENDER
**Attn: WR Grace Claims Processor**
**Rust Consulting, Inc.**
**201 S Lyndale Avenue**

**Faribault, MN 55021**



**PRIORITY OVERNIGHT**                    **WED**
                                        Deliver By:
TRK#   **7927  9171  6826**   FORM        12JUL06
                              0201   **MSP**      AA

**55021**   -MN-US

# NR FBLA



# W. R. Grace
# Asbestos Personal Injury
# Questionnaire



WR GRACE PIQ 44944-0001

Due to space limitations, claimant
reserves ALL objections for any
blank response.

10315607024032
RE:
Hartley & O`Brien
827 Main Street
Wheeling WV 26003

REC'D JUL 1 2 2006

**REDACTED**



000868024032

WR GRACE PIQ  44944-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

WR GRACE PIQ 44944-0003

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

*Due to space limitations, claimant reserves ALL objections for any blank response.*

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

| IF SENT BY U.S. MAIL | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
|---|---|
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

WR GRACE PIQ   44944-0004

## INSTRUCTIONS

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will not be accepted and will not be deemed filed.

   Do not send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page 1 (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I -- Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

**D. PART III – Direct Exposure to Grace Asbestos-Containing Products**

In Part III, please provide the requested information for the job and site at which you were WR GRACE PIQ 44944-0005 asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing product. If your exposure was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

## Occupation Codes

| | |
|---|---|
| 01. Air conditioning and heating installer/maintenance | 31. Iron worker |
| 02. Asbestos miner | 32. Joiner |
| 03. Asbestos plant worker/asbestos manufacturing worker | 33. Laborer |
| 04. Asbestos removal/abatement | 34. Longshoreman |
| 05. Asbestos sprayer/spray gun mechanic | 35. Machinist/machine operator |
| 06. Assembly line/factory/plant worker | 36. Millwright/mill worker |
| 07. Auto mechanic/bodywork/brake repairman | 37. Mixer/bagger |
| 08. Boilermaker | 38. Non-asbestos miner |
| 09. Boiler repairman | 39. Non-occupational/residential |
| 10. Boiler worker/cleaner/inspector/engineer/installer | 40. Painter |
| 11. Building maintenance/building superintendent | 41. Pipefitter |
| 12. Brake manufacturer/installer | 42. Plasterer |
| 13. Brick mason/layer/hod carrier | 43. Plumber - install/repair |
| 14. Burner operator | 44. Power plant operator |
| 15. Carpenter/woodworker/cabinetmaker | 45. Professional (e.g., accountant, architect, physician) |
| 16. Chipper | 46. Railroad worker/carman/brakeman/machinist/conductor |
| 17. Clerical/office worker | 47. Refinery worker |
| 18. Construction - general | 48. Remover/installer of gaskets |
| 19. Custodian/janitor in office/residential building | 49. Rigger/stevedore/seaman |
| 20. Custodian/janitor in plant/manufacturing facility | 50. Rubber/tire worker |
| 21. Electrician/inspector/worker | 51. Sandblaster |
| 22. Engineer | 52. Sheet metal worker/sheet metal mechanic |
| 23. Firefighter | 53. Shipfitter/shipwright/ship builder |
| 24. Fireman | 54. Shipyard worker (md. repair, maintenance) |
| 25. Flooring installer/tile installer/tile mechanic | 55. Steamfitter |
| 26. Foundry worker | 56. Steelworker |
| 27. Furnace worker/repairman/installer | 57. Warehouse worker |
| 28. Glass worker | 58. Welder/blacksmith |
| 29. Heavy equipment operator (includes truck, forklift, & crane) | 59. Other |
| 30. Insulator | |

## Industry Codes

| | |
|---|---|
| 001. Asbestos abatement/removal | 109. Petrochemical |
| 002. Aerospace/aviation | 110. Railroad |
| 100. Asbestos mining | 111. Shipyard-construction/repair |
| 101. Automotive | 112. Textile |
| 102. Chemical | 113. Tire/rubber |
| 103. Construction trades | 114. U.S. Navy |
| 104. Iron/steel | 115. Utilities |
| 105. Longshore | 116. Grace asbestos manufacture or milling |
| 106. Maritime | 117. Non-Grace asbestos manufacture or milling |
| 107. Military (other than U.S. Navy) | 118. Other |
| 108. Non-asbestos products manufacturing | |

**E.  PART IV – Indirect Exposure to Grace Asbestos-Containing Products**
In Part IV, please provide the information requested for any injury alleged to have been c[  ]ce asbestos-containing products through contact/proximity with another injured person.  If y[  ]gh contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person.  For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F.  PART V -- Exposure to Non-Grace Asbestos-Containing Products**
In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party.  If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked.  For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G.  PART VI -- Employment History**
In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H.  PART VII -- Litigation and Claims Regarding Asbestos and/or Silica**
In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII -- Claims by Dependents or Related Persons**
Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss of consortium.  If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J.  PART IX -- Supporting Documentation**
In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X -- Attestation that Information is True, Accurate and Complete**
By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

| PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL |
|---|

WR GRACE PIQ 44944-0007

**a.   GENERAL INFORMATION**

1.  **Name of Claimant:**                                                     2. **Gender:** ☒ Male  ☐ Female
        First                         MI                         Last

3.  **Race (for purposes of evaluating Pulmonary Function Test results):**.................... ☒ White/Caucasian
                                                        ☐ African American
                                                        ☐ Other

4.  **Last Four Digits of Social Security Number:**            5. **Birth Date:** ___ ___ ___

6.  **Mailing Address:**
        Address                City            State/Province        Zip/Postal Code

7.  **Daytime Telephone Number:**

**b.   LAWYER'S NAME AND FIRM**

1.  **Name of Lawyer:** JAMES M. O'BRIEN

2.  **Name of Law Firm With Which Lawyer is Affiliated:** Hartley O'Brien PLLC

3.  **Mailing Address of Firm:** 2001 Main St - Suite 600  Wheeling WV 26003
        Address            City        State/Province    Zip/Postal Code

4.  **Law Firm's Telephone Number or Lawyer's Direct Line:** ...................... (304) 233 - 0777

    ☒ Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in
      lieu of sending such materials to you.

**c.   CAUSE OF DEATH (IF APPLICABLE)**

1.  **Is the injured person living or deceased?** ..................................................... ☐ Living  ☒ Deceased
    If deceased, date of death: ....................................................... 08 / 01 / 1993

2.  **If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete
    the following:**
        Primary Cause of Death (as stated in the Death Certificate): Respiratory Failure
        Contributing Cause of Death (as stated in the Death Certificate): Lung Carcinoma - Possible
                                                        Pulmonary Botulism

| PART II: ASBESTOS-RELATED CONDITION(S) |
|---|

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the
instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and
diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis
and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your
convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1.  **Please check the box next to the condition being alleged:**
    ☒ Asbestos-Related Lung Cancer            ☐ Mesothelioma
    ☒ Asbestosis                    ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)
    ☐ Other Asbestos Disease            ☐ Clinically Severe Asbestosis

    a.  **Mesothelioma:** If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the
        following (check all that apply):
        ☐ diagnosis from a pathologist certified by the American Board of Pathology
        ☐ diagnosis from a second pathologist certified by the American Board of Pathology
        ☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial
          causal role in the development of the condition
        ☐ other (please specify):

1

REDACTED

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 44944-0008

b. **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you lung cancer based on the following (check all that apply):

- ☒ findings by a pathologist certified by the American Board of Pathology

- ☒ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

- ☒ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

- ☒ evidence of asbestosis determined by pathology

- ☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

- ☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

- ☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

- ☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

- ☐ other (please specify): _____

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

- ☐ colon    ☐ pharyngeal    ☐ esophageal    ☐ laryngeal    ☐ stomach cancer
- ☐ other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

- ☐ findings by a pathologist certified by the American Board of Pathology

- ☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

- ☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

- ☐ evidence of asbestosis determined by pathology

- ☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

- ☐ other (please specify): _____

2

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ  44944-0009

d. **Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other (please specify): _____

e. **Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☒ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☒ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☒ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other (please specify): _____

PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

WR GRACE PIQ 44844-0010

f.    **Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, a those above, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  diagnosis determined by pathology

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐  a chest x-ray reading  other than those described above

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐  a pulmonary function test other than that discussed above

☐  a  supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐  a CT Scan or similar testing

☐  a diagnosis other than those above

☐  other (please specify): _____

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

4

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ  44944-0011

**2.  Information Regarding Diagnosis**

Date of Diagnosis: _09/26/1995_

Diagnosing Doctor's Name: _Anthony D. Cuzzocrea, MD_

Diagnosing Doctor's Specialty: _pathologist_

Diagnosing Doctor's Mailing Address: _PO Box 12946,_
<span></span>                                                Address

_Roanoke_                                        _VA_                        _24029_
City                                                      State/Province            Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: ( _703_ ) _985_ - _8020_

**With respect to your relationship to the diagnosing doctor, check all applicable boxes:**

Was the diagnosing doctor your personal physician? .................................................... ☐ Yes ☐ No

Was the diagnosing doctor paid for the diagnostic services that he/she performed? .............. ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? .......... ☐ Yes ☐ No

Was the diagnosing doctor referred to you by counsel? ................................................ ☐ Yes ☐ No

Are you aware of any relationship between the diagnosing doctor and your legal counsel? ...................... ☐ Yes ☐ No

*If yes, please explain:* _____

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? ............................................................................ ☐ Yes ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? ............................................................................................ ☐ Yes ☐ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? ............................................................................................... ☐ Yes ☐ No

Did the diagnosing doctor perform a physical examination? ........................................... ☐ Yes ☐ No

Do you currently use tobacco products? ..................................................................... ☐ Yes ☒ No

Have you ever used tobacco products? ....................................................................... ☐ Yes ☒ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

☐  Cigarettes        Packs Per Day (half pack = .5) _____   Start Year __ __ __ __   End Year __ __ __ __

☐  Cigars            Cigars Per Day _____   Start Year __ __ __ __   End Year __ __ __ __

☐  If Other Tobacco Products, please specify (e.g., chewing tobacco): _____
         Amount Per Day _____   Start Year __ __ __ __   End Year __ __ __ __

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? ................... ☐ Yes ☐ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

_____

**3.  Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

☐  Mobile laboratory  ☐ Job site  ☐ Union Hall  ☐ Doctor office  ☐ Hospital  ☐ Other: _____

Address where chest x-ray taken: _____
                                         Address

_____
City                                                      State/Province            Zip/Postal Code

WR GRACE PIQ 44944-0012

**PART II:  ASBESTOS-RELATED CONDITION(S) (Continued)**

4.   **Information Regarding Chest X-Ray Reading**

Date of Reading: 01/13/1994           ILO score: 1/1

Name of Reader: Richard B. Levine MD

Reader's Daytime Telephone Number: (215) 884-1523

Reader's Mailing Address: 304 Dogwood Lane

Address

Elkins Park                              PA                    19117

City                            State/Province                Zip/Postal Code

With respect to your relationship to the reader, check all applicable boxes:

Was the reader paid for the services that he/she performed.................................☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the reader? ...........☐ Yes ☐ No

Was the reader referred to you by counsel?.................................................☐ Yes ☐ No

Are you aware of any relationship between the reader and your legal counsel? ..........☐ Yes ☐ No

*If yes, please explain:* _____

**Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?**
.....................................................................................☒ Yes ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation,  specialty, and the method through which the reading was made:* _____

5.   **Information Regarding Pulmonary Function Test:** .................Date of Test: __ __ / __ __ / __ __ __ __

List your height in feet and inches when test given: ..................................... _____ ft _____ inches

List your weight in pounds when test given: .................................................. _____ lbs

Total Lung Capacity (TLC):.................................................._____% of predicted

Forced Vital Capacity (FVC): .................................................._____% of predicted

FEV1/FVC Ratio: .................................................._____% of predicted

Name of Doctor Performing Test (if applicable): _____

Doctor's Specialty: _____

Name of Clinician Performing Test (if applicable): _____

Testing Doctor or Clinician's Mailing Address: _____

Address

_____

City                              State/Province                Zip/Postal Code

Testing Doctor or Clinician's Daytime Telephone Number: ....................( __ __ __ ) __ __ __ - __ __ __ __

Name of Doctor Interpreting Test: _____

Doctor's Specialty: _____

Interpreting Doctor's Mailing Address: _____

Address

_____

City                              State/Province                Zip/Postal Code

Interpreting Doctor's Daytime Telephone Number: ...................................( __ __ __ ) __ __ __ - __ __ __ __

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 44944-0013

**With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:**

If the test was performed by a doctor, was the doctor your personal physician? ........................ ☐ Yes ☐ No

Was the testing doctor and/or clinician paid for the services that he/she performed? ................. ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:*_____

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?.. ☐ Yes ☐ No

Was the testing doctor or clinician referred to you by counsel? ........................................ ☐ Yes ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ............ ☐ Yes ☐ No

*If yes, please explain:* _____

**Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test?** ........................................ ☐ Yes ☐ No

**With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:**

Was the doctor your personal physician? ........................................ ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? ........................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ............ ☐ Yes ☐ No

Was the doctor referred to you by counsel? ........................................ ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ...................... ☐ Yes ☐ No

*If yes, please explain* _____

**Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?** ................. ☐ Yes ☐ No

6. **Information Regarding Pathology Reports:**

Date of Pathology Report: ........................................ *07 / 21 / 1995*

Findings: *Lung Cancer*

Name of Doctor Issuing Report: *Anthony D. Cuzzocrea, MD*

Doctor's Specialty: *pathologist*

Doctor's Mailing Address: *PO Box 12946*
*Roanoke*    Address    *VA*    *24029*
City                        State/Province          Zip/Postal Code

Doctor's Daytime Telephone Number: ........................................ *(703) 985-8020*

**With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:**

Was the doctor your personal physician? ........................................ ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? ........................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ............ ☐ Yes ☐ No

Was the doctor referred to you by counsel? ........................................ ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ...................... ☐ Yes ☐ No

*If yes, please explain:* _____

**Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?**

........................................ ☐ Yes ☐ No

**PART II:  ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ  44944-0014

7.   **With respect to the condition alleged, have you received medical treatment from a doctor**
...................................................................................................................................... ☐ Yes ☐ No

*If yes, please complete the following:*

**Name of Treating Doctor:** _____

**Treating Doctor's Specialty:** _____

**Treating Doctor's Mailing Address:** _____
                                                    Address

| City | State/Province | Zip/Postal Code |
|---|---|---|

**Treating Doctor's Daytime Telephone number:** ............................................ ( _ _ _ ) _ _ _ - _ _ _ _

**Was the doctor paid for the services that he/she performed?** ........................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

**Did you retain counsel in order to receive any of the services performed by the doctor?** ........ ☐ Yes ☐ No


[REMAINDER OF PAGE INTENTIONALLY BLANK]

8

WR GRACE PIQ  44944-0015

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products

(b) A worker who personally removed or cut Grace asbestos-containing products

(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

**Site of Exposure:**

Site Name: _____    Location: __Clifton Forge, VA__

Site Type: ☐ Residence  ☒ Business    Site Owner: _____

Employer During Exposure: __C & O__

Unions of which you were a member during your employment: _____

| | Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code (if Code is "D," specify) | Industry Code (if Code is "D," specify) | Nature of Exposure |
|---|---|---|---|---|---|---|
| Job 1 Description: | Zonolite Spray-Tex Regular | | 1943 - 1987 | 17 | 10 | E |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| Job 4 Description: | | | | | | |
| Job 5 Description: | | | | | | |
| Job 6 Description: | | | | | | |

9

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING

WR GRACE PIQ 44944-0016

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person? ................................................................................................ ☐ Yes ☐ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: _____ Gender: ☐ Male ☐ Female

   Last Four Digits of Social Security Number: __ __ __ __          Birth Date: __ __ / __ __ / __ __

3. What is your Relationship to Other Injured Person: ................................... ☐ Spouse ☐ Child ☐ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:

   _____

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:

   From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:

   _____

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? ............................... ☐ Yes ☐ No

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____ File Date: __ __ / __ __ / __ __ __ __

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:

   _____

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:

   From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:

    _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WR GRACE PIQ 44944-0017

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products
(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

| Party Against which Lawsuit or Claim was Filed: | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| **Site of Exposure 1** <br> Site Name: <br> Address: <br> City and State: <br> Site Owner: | Job 1 Description: | | | | | |
| | Job 2 Description: | | | | | |
| | Job 3 Description: | | | | | |
| **Site of Exposure 2** <br> Site Name: <br> Address: <br> City and State: <br> Site Owner: | Job 1 Description: | | | | | |
| | Job 2 Description: | | | | | |
| | Job 3 Description: | | | | | |
| **Site of Exposure 3** <br> Site Name: <br> Address: <br> City and State: <br> Site Owner: | Job 1 Description: | | | | | |
| | Job 2 Description: | | | | | |
| | Job 3 Description: | | | | | |

11

## PART VI: EMPLOYMENT HISTORY

WR GRACE PIQ 44944-0018

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

Occupation Code: _____    If Code 59, specify: _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __    End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
                    Address

_____
City                                        State/Province                    Zip/Postal Code


Occupation Code: _____    If Code 59, specify: _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __    End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
                    Address

_____
City                                        State/Province                    Zip/Postal Code


Occupation Code: _____    If Code 59, specify: _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __    End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
                    Address

_____
City                                        State/Province                    Zip/Postal Code


Occupation Code: _____    If Code 59, specify: _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __    End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
                    Address

_____
City                                        State/Province                    Zip/Postal Code

12

**PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR S|**

WR GRACE PIQ 44944-0019

## a. LITIGATION

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?........................☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit.   For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption: _Ehch v. OCF_

   Case Number: _95-C-215m_     File Date: _12/22/1995_

   Court Name: _Circuit Court of Marshall County, WV_

3. Was Grace a defendant in the lawsuit? ...............................................................☒ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? ..........................................☐ Yes ☐ No

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

   _____

   _____

5. Has a judgment or verdict been entered? ...........................................................☐ Yes ☐ No

   *If yes, please indicate verdict amount for each defendant(s):* _____

6. Was a settlement agreement reached in this lawsuit? .......................................☐ Yes ☐ No

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant: _____

   b. Applicable defendants:_____

   c. Disease or condition alleged: _____

   d. Disease or condition settled (if different than disease or condition alleged):_____

7. Were you deposed in this lawsuit? ....................................................................☐ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

## b. CLAIMS

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? ..........................................☐ Yes ☐ No

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted:...........................................................___/___/_____

3. Person or entity against whom the claim was submitted: _____

4. Description of claim: _____

5. Was claim settled? ..........................................................................................☐ Yes ☐ No

6. Please indicate settlement amount: _____ $_____

7. Was the claim dismissed or otherwise disallowed or not honored? ................☐ Yes ☐ No

   *If yes, provide the basis for dismissal of the claim:* _____

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSON

WR GRACE PIQ 44944-0020

Name of Dependent or Related Person: _____ Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: __ __ __ __    Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent: ...........................................................................................................☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other If other, please specify _____

Mailing Address: _____
          Address

City                                        State/Province                    Zip/Postal Code

Daytime Telephone number: .................................................... ( __ __ __ ) __ __ __ - __ __ __ __

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products
☐ Supporting documentation of other asbestos exposure

☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
☐ Death Certification

**Originals:**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products

☐ Supporting documentation of other asbestos exposure
☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____
_____

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____    Date: __ __ / __ __ / __ __ __ __

Please Print Name: _____    *Due to space limitations, claimant reserves ALL objections for any blank response.*

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _James M. O'Brien_    Date: _12/16/2005_
Please Print Name: _James M. O'Brien_
          _Attorney at Law_

14



WR GRACE PIQ  44944-0021

# APPENDIX C
## Additional Copies of Part II of the Questionnaire

**PART II: ASBESTOS-RELATED CONDITION(S)**

REDACTED

Name of Claimant: __                                   Last 4 Digits of SSN:

4.  **Information Regarding Chest X-Ray Reading**

Date of Reading: _08/21/2000_          ILO score: _1/2_

Name of Reader: _Ray A. Harron, MD_

Reader's Daytime Telephone Number: ............................ _(304) 622-3900_

Reader's Mailing Address: _901 W. Main St._
                          Address

_Bridgeport_                              _WV_          _26330_
City                             State/Province      Zip/Postal Code

**With respect to your relationship to the reader, check all applicable boxes:**

Was the reader paid for the services that he/she performed ...................................☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the reader? ...........☐ Yes ☐ No

Was the reader referred to you by counsel? ..........................................................☐ Yes ☐ No

Are you aware of any relationship between the reader and your legal counsel? .................☐ Yes ☐ No

*If yes, please explain:*

**Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?**
..............................................................................................................☒ Yes ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:*

5.  **Information Regarding Pulmonary Function Test:** .....................Date of Test: ___/___/___

List your height in feet and inches when test given:.....................................____ft ____inches

List your weight in pounds when test given:.................................................____lbs

Total Lung Capacity (TLC): .....................................................................____% of predicted

Forced Vital Capacity (FVC): ...................................................................____% of predicted

FEV1/FVC Ratio: ...................................................................................____% of predicted

Name of Doctor Performing Test (if applicable):

Doctor's Specialty:

Name of Clinician Performing Test (if applicable):

Testing Doctor or Clinician's Mailing Address:
                                          Address

City                              State/Province           Zip/Postal Code

Testing Doctor or Clinician's Daytime Telephone Number: .................( ____ ) ____ - ____

Name of Doctor Interpreting Test:

Doctor's Specialty:

Interpreting Doctor's Mailing Address:
                                   Address

City                              State/Province           Zip/Postal Code

Interpreting Doctor's Daytime Telephone Number: .................( ____ ) ____ - ____

**APPENDIX C**
**Additional Copies of Part II of the Questionnaire**



WR GRACE PIQ 44944-0022

**PART II: ASBESTOS RELATED CONDITIONS**

Name of Claimant: _____    Last 4 Digits of SSN: __ __ __ __

With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician? .................... ☐ Yes  ☐ No

Was the testing doctor and/or clinician paid for the services that he/she performed? .................... ☐ Yes  ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? .... ☐ Yes  ☐ No

Was the testing doctor or clinician referred to you by counsel? .................... ☐ Yes  ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ............ ☐ Yes  ☐ No

*If yes, please explain:* _____

Was the testing doctor certified as a pulmologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? .................... ☐ Yes  ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? .................... ☐ Yes  ☐ No

Was the doctor paid for the services that he/she performed? .................... ☐ Yes  ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? .................... ☐ Yes  ☐ No

Was the doctor referred to you by counsel? .................... ☐ Yes  ☐ No

Are you aware of any relationship between the doctor and your legal counsel? .................... ☐ Yes  ☐ No

*If yes, please explain* _____

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed? .................... ☐ Yes  ☐ No

6.  **Information Regarding Pathology Reports:**

Date of Pathology Report: ............................... __ __ / __ __ / __ __ __ __

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
                          Address

_____
City                    State/Province            Zip/Postal Code

Doctor's Daytime Telephone Number: _____ ( ___ ___ ) ___ ___ - ___ ___ ___ ___

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? .................... ☐ Yes  ☐ No

Was the doctor paid for the services that he/she performed? .................... ☐ Yes  ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? .................... ☐ Yes  ☐ No

Was the doctor referred to you by counsel? .................... ☐ Yes  ☐ No

Are you aware of any relationship between the doctor and your legal counsel? .................... ☐ Yes  ☐ No

*If yes, please explain:* _____

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?

.................... ☐ Yes  ☐ No

COMMUNITY HOSPITAL OF ROANOKE VALLEY

DEPARTMENT OF PATHOLOGY

P.O. BOX 12946      ROANOKE, VIRGINIA 24029



WR GRACE PIQ  44944-0023

ONE: (703) 985-8020

## PATHOLOGY REPORT

TH NO.: 95-S-4995       M.R. NO.: 465660                    ROOM: ICU

TE OF                  DATE                              DATE
RGERY: 7/19/95         RECEIVED:  7/20/95                REPORTED: 7/21/95

AME:                                       AGE: 68          SEX: M

RGEON: Polk

RE-OP DIAG.: Left Lung Nodule              REDACTED

PERATION: Left Thoracotomy, Lobectomy

OST-OP DIAG.: Same

PECIMEN: A)  Upper Lobe Nodule - Left Lung (Frozen)
         B)  Level #5
         C)  Level #6
         D)  Level #7
         E)  Level #11
         F)  Left Upper Lung Lobe

ROSS:

ubmitted in 6 parts:

: FROZEN SECTION DIAGNOSIS: POSITIVE FOR CARCINOMA, FAVOR ADENOCARCINOMA
                      (DMH)

ceived fresh for frozen section, identified as "upper lobe nodule, left
ung", is a 6 x 4 x 3.5 cm. portion of lung with a dark purple, smooth
leural surface.  There is a 2.5 cm. in diameter area of depression with a
entral, 0.3 cm. in diameter dimple.  The pleura in this area is inked.
ectioning reveals a 5 x 3 x 2.7 cm., moderately defined, tan-brown,
ranular, rubbery nodule.  A portion of the nodule with the dimpled pleura
s frozen.  The small amount of uninvolved parenchyma is tan-brown and
pongy.  The frozen section is submitted as A-FS-1; 3 additional sections
s A2-4.

B)  Received in formalin, identified as "level 5 lymph node", are two dark
ray to black, finely granular lymph nodes measuring 0.5 and 1 cm. in
reatest dimension.  (Submitted as B1 and B2)

)  Received in formalin, identified as "level 6" lymph node is a 1.7 x 0.5
x 0.2 cm. irregular portion of tan-pink soft tissue.  No lymph node is
rossly identified.  (All as C1)

ANTHONY D. CUZZOCREA, M.D.          WILLIAM E. JEFFERSON, III, M.D.          F. LEE TUCKER, M.D.

# PATHOLOGY REPORT

COMMUNITY HOSPITAL OF ROANOKE VALLEY

DEPARTMENT OF PATHOLOGY

P.O. BOX 12946         ROANOKE, VIRGINIA 24029

E: (703) 985-8020

WR GRACE PIQ 44944-0024

## PATHOLOGY REPORT

e 2

iE:

**REDACTED**

NUMBER: 95-S-4995

Received in formalin, identified as "level 7 lymph node" are 2 portions dark red-brown soft tissue measuring from 1 x 0.5 x 0.4 cm. to 2.2 x 1 x cm. Four dark gray to black, finely granular lymph nodes are ntified, ranging from 0.6 to 1.5 cm. in greatest dimension. (Half of h submitted as D1 and D2)

Received in formalin, identified as "level 11 lymph node" is a 2.7 x x 0.7 cm., dark gray to black lymph node. On sectioning, this appears three connected lymph nodes. This has been longitudinally bisected and t is submitted as E1.

Received in formalin, identified as "left upper lung lobe", is a 16.5 x x 2.5 cm., 206 gram lobe of lung with dark pink, wrinkled pleura. On medial anterior aspect is a 13.2 cm. incision along the long axis which been closed with staples. On the inferior medial aspect, 0.7 cm. below bronchial resection margin, is a 6.2 cm. in length incision along the ng axis, which has also been closed with staples. 7 parabronchial lymph des with dark gray to black, finely granular surfaces are identified, nging from 0.7 to 1.5 cm. in greatest dimension. (Half of each is bmitted in F1-3)

e bronchial and vascular margins appear free of tumor. The parenchyma is rk red and congested. There is no gross evidence of residual tumor at e previous biopsy site. No additional nodules are noted in the renchyma. (Representative sections as F4-9)

mmary of sections:
-FS-1 - upper lobe nodule, frozen section
 - nodule with dimpled pleura
 - nodule and parenchyma
 - left upper lobe of lung parenchyma away from nodule
,2 - level 5 lymph nodes
 - level 6 lymph nodes
.2 - level 7 lymph nodes
 - level 11 lymph nodes
3 - parabronchial lymph nodes of left upper lobe of lung
 - vascular margin
 - bronchial margin
-5 - parenchyma around biopsy site
 - parenchyma away from biopsy site

ANTHONY D. CUZZOCREA, M.D.          WILLIAM E. JEFFERSON, III, M.D.          F. LEE TUCKER, M.D.

COMMUNITY HOSPITAL OF ROANOKE VALLEY

PHONE: (703) 985-8020

DEPARTMENT OF PATHOLOGY

P.O. BOX 12946    -ROANOKE, VIRGINIA 24029



WR GRACE PIQ 44944-0025

## PATHOLOGY REPORT

Page 3

NAME:     REDACTED                          NUMBER: 95-S-4995

MICROSCOPIC:

A1-4) Sections are of lung.  There is a poorly defined nodule present, composed of dense fibrous tissue throughout which there are scattered small aggregates and glandular neoplastic cells.  The glands are lined by definite columnar epithelium and show focal areas of mucin production.  The aggregates appear more solid and all show some evidence of pleomorphism, vesicular nuclei and mitotic activity.  In one of the central area there appears to be a bronchiole present that is partially lined by ciliated epithelium, but also partially by neoplastic epithelium.  Whether this is invasion of the neoplasm or represents a site of origin cannot be determined.  Necrosis is present.  Mucoid aggregates are present and free-floating tumor is noted in alveolar spaces away from the main nodule.  The tumor extends quite close to the pleural surface, but I do not see any evidence in these sections of penetration of the pleura.

B1,2)  Two lymph nodes are identified.  No evidence of neoplasm is noted. Anthracosis is present.

C1)  Sections are of one lymph node.  There is no evidence of metastatic or primary neoplasm present.

D1,2)  Sections are of four lymph nodes.  No evidence of metastatic or primary tumor is noted.

E1)  Sections are of three lymph nodes.  No evidence of atypia is present. No metastatic or primary neoplasm is identified.

F1-3)  Sections reveal 8 portions of lymph nodes.  Again, anthracosis is present but no evidence of metastatic or primary neoplasm is identified.

F4,5)  Sections of the bronchial and vascular margins do not reveal any evidence of neoplasm.

F6-8)  Additional sections around the biopsy site reveal areas of fibrosis and in one section there appear to be some dysplastic columnar epithelial cells lining what appear to be alveolar spaces.  No evidence of definite malignancy, however, is identified.

F9)  Sections of the parenchyma away from the biopsy site appear unremarkable.

ANTHONY D. CUZZOCREA, M.D.          WILLIAM E. JEFFERSON, III, M.D.          F. LEE TUCKER, M.D.

## PATHOLOGY REPORT

COMMUNITY HOSPITAL OF ROANOKE VALLEY

HONE: (703) 985-8020

DEPARTMENT OF PATHOLOGY
P.O. BOX 12946        ROANOKE, VIRGINIA 24029

WR GRACE PIQ 44944-0026

## PATHOLOGY REPORT

Page 4

NAME:        REDACTED                    NUMBER: 95-S-4995

DIAGNOSIS:
UPPER LOBE NODULE, LEFT LUNG:
- MODERATELY DIFFERENTIATED ADENOCARCINOMA, PARTIALLY MUCINOUS.
- TUMOR APPROXIMATES BUT DOES NOT PENETRATE PARIETAL PLEURA.
LEVEL 5 LYMPH NODES (2):
- NO EVIDENCE OF METASTATIC TUMOR.
LEVEL 6 LYMPH NODE (1):
- NO EVIDENCE OF METASTATIC TUMOR.
LEVEL 7 LYMPH NODES (4):
- NO EVIDENCE OF METASTATIC TUMOR.
LEVEL 11 LYMPH NODES (3):
- NO EVIDENCE OF METASTATIC TUMOR.
LEFT UPPER LOBE OF LUNG:
- FOCUS OF RESIDUAL DYSPLASTIC EPITHELIUM.
- RESECTED BRONCHIAL AND VASCULAR MARGINS FREE OF TUMOR.
PARABRONCHIAL LYMPH NODES (8):
- NO EVIDENCE OF METASTATIC TUMOR.


SUMMARY

Histologic type:    Adenocarcinoma, partially mucinous
Histologic grade:   Moderately differentiated.
Tumor size:         5 cm.
Extent:             Approximating but not penetrating pleura, resected
                    margins free of tumor
Lymph nodes(18):    No evidence of neoplasm.


FF:ADC:mrm

ANTHONY B. CUZZOCREA, M.D.          WILLIAM E. JEFFERSON, III, M.D.          F. LEE TUCKER, M.D.

## PATHOLOGY REPORT

# RICHARD B. LEVINE, M.D.

*Practice Limited to Radiology*

WR GRACE PIQ 44944-0027

304 Dogwood Lane
Elkins Park, PA 19117
(215) 884-1523

January 13, 1994

**REDACTED**

The chest in two projections 1/13/94 demonstrates the trachea,
mediastinal structures and cardiac silhouette to be intact.
Interstitial fibrosis is noted within the lower lung zones bi-
laterally.  The ILO classification is consistent with T-T, 1-1.
There is also a calcified pleural plaque posteriorly on the right.
This combination of findings is typical of previous occupational
exposure to asbestos dust and diagnostic of asbestosis.

SUMMARY:

Asbestosis.

*Richard B. Levine M. D.*

*Diplomate American Board of Radiology*
*N I O S H. "B" Reader*

COMMONWEALTH OF VIRGINIA
CERTIFIED COPY OF DEATH RECORD

**COMMONWEALTH OF VIRGINIA - CERTIFICATE O** WR GRACE PIQ 44944-0028
DEPARTMENT OF HEALTH - DIVISION OF VITAL RECORDS - RIC........

COPY A
FOR DIVISION OF VITAL RECORDS

REGISTRATION AREA NUMBER **204**    CERTIFICATE NUMBER **33**    STATE FILE NUMBER

**DECEDENT**

1. FULL NAME OF DECEDENT (first) (middle) (last)    2. SEX

3. DATE OF DEATH (mo) (day) (year) **August 1, 1995**    4. AGE **68** years    IF UNDER 1 YEAR months days    IF UNDER 1 DAY    5. DATE OF BIRTH (mo) (day) (year)    6. WAS DECEDENT EVER IN U.S. ARMED FORCES

**PLACE OF DEATH**

7. NAME OF HOSPITAL OR INSTITUTION OF DEATH (if none, so state) **Alleghany Regional Hospital**    Out Pat. Emer Rm    DOA    Inpatient [X]    8. COUNTY OF DEATH (if independent city, leave blank) **Alleghany**

9. CITY OR TOWN OF DEATH    Inside city or town limits? yes [X] no    10. STREET ADDRESS OR RT. NO. OF PLACE OF DEATH

**USUAL RESIDENCE OF DECEDENT**

11. STATE (OR FOREIGN COUNTRY) OF DECEDENT'S RESIDENCE    12. COUNTY OF DECEDENT'S RESIDENCE (if independent city, leave blank)

13. CITY OR TOWN OF RESIDENCE    Inside city or town limits?    14. STREET ADDRESS OR RT. NO. OF RESIDENCE    ZIP **24**

**PERSONAL DATA OF DECEDENT**

15. NAME OF DECEDENT'S FATHER    16. MAIDEN NAME OF DECEDENT'S MOTHER

17. RACE OF DECEDENT **White**    18. OF HISPANIC ORIGIN? If yes, specify Cuban, Mexican, Puerto Rican, etc. no [X] yes    19. EDUCATION (Specify only highest grade completed) Elementary/Secondary (0-12) **11** College (1-4 or 5 +) **4**

20. COUNTRY OF WHAT COUNTRY **USA**    21. BIRTHPLACE (state or country)    22. NEVER MARRIED    DIVORCED    MARRIED [X]    WIDOWED    23. IF MARRIED OR WIDOWED, NAME OF SPOUSE (if divorced leave blank)

24. SOCIAL SECURITY NUMBER    25. USUAL OR LAST OCCUPATION    26. KIND OF BUSINESS OR INDUSTRY    27. INFORMANT - OR SOURCE OF INFORMATION

**CAUSE OF DEATH**

TO PHYSICIAN:

Complete and sign medical certification (Item 28) and return both copies to funeral director as soon as possible after determination of cause.

NOTE: "Pending" must be indicated, to state in part I and notify registrar of final decision as soon as possible.

PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line.

IMMEDIATE CAUSE (Final disease or condition resulting in death) → **Respiratory Failure**    DUE TO OR AS A CONSEQUENCE OF:

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST → **Lung Carcinoma**    DUE TO OR AS A CONSEQUENCE OF: **Possible Pulmonary Embolism**

PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I

INTERVAL ONSET AN

26A. AUTOPSY?    26B. AUTHORIZED BY?

28A. IF FEMALE, WAS THERE A PREGNANCY IN PAST 3 MONTHS?    28B. IF EXTERNAL CAUSE IT WAS PRIMARY / CONTRIBUTING TO CAUSE OF DEATH    28D. DESCRIBE HOW INJURY RELATING TO DEATH OCCURRED

28B. TIME OF INJURY (mo.) (day) (yr)    28C. INJURY OCCURRED    while at work / not while at work    28E. PLACE OF INJURY (home, farm, factory, street, office bldg., etc.)    28F. (city or town)    (county)

To the best of my knowledge, death occurred at **11:50** (a.m.) (p.m.) on the date and place and from the cause

ACTUAL SIGNATURE    DATE SIGNED **8/3/95**

NAME OF ATTENDING PHYSICIAN **Jorge Gordinho, M.D.**    ADDRESS OF ATTENDING PHYSICIAN **Low Moor, Virginia**

**FUNERAL DIRECTOR**

29. BURIAL    REMOVAL    CREMATION [XX]    30. PLACE OF BURIAL, REMOVAL ETC. **Blue Ridge Cremation ( Alleghany Memorial Park, Low M** (name of cemetery or crematory) (city or county)

31. (Signature of funeral director or person legally filing this certificate)    NAME OF FUNERAL HOME AND ADDRESS: **Nicely Funeral Home, Inc. Clifton Forge, Va. 24422**

**REGISTRAR**

32. (signature of registrar) **Wanda O'More** Deputy    DATE RECORD FILED: **08-03-95**

RESERVED FOR REGISTRAR'S USE

THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT REPRODUCTION OF THE ORGINAL RECORD FILED W THE CLIFTON FORGE DEPARTMENT OF HEALTH CLIFTON FORGE, VIRGINIA

DATE ISSUED _____

REGISTRAR OR DEPUTY

(SEAL)
ANY REPRODUCTION OF THIS DOCUMENT IS PROHIBITED BY STATUTE.   DO NOT ACCEPT UNLESS IT BEARS TH IMPRESSED SEAL OF THE CLIFTON FORGE HEALTH DEPARTMENT OF HEALTH CLEARLY AFFIXED. SECTION 32-353.27, CODE OF VIRGINIA, AS AMENDED.

REDACTED



WR GRACE PIQ 44944-0029

WILL & INVENTORY BOOK **033** PAGE **746**

VIRGINIA:  IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF ALLEGHANY COUNTY
THE    TWELFTH  DAY OF AUGUST, 1995

RE:                                         **REDACTED**

<u>O R D E R   O F   P R O B A T E</u>

A ONE-PAGE, apparently holographic,paper writing dated April 1, 1963
and purporting to be the true Last Will and Testament of                , now
deceased, having been presented to this court on the dated listed above and
offered for probate by            the sole heir-at-law and sole beneficiary
under the paper writing at hand and the individual nominated therein as executor,

AND, IT APPEARING that            last resided at 1014 Cliftwood
Circle near the City of Clifton Forge but within the County of Alleghany and
within the jurisdiction of this court and that the decedent was, at the time the
document at hand was executed, over the age of 18 years and capable of making
testamentary writings, and that he intended to create, through the execution of
the paper writing at hand, his true Last Will and Testament,

AND, MARY C. PAXTON and BETTY LOU SCHROCK, residents of this
Commonwealth, having both been duly sworn and having deposed and said that they
are well-acquainted with the handwriting of the decedent and, being shown the
purported writing of April 1, 1963, having said they believe it to be wholly in
the handwriting of the decedent and that the signature is the genuine signature of
the decedent and that they are disinterested in the estate of the decedent,

THEREUPON, the one-page, holographic paper writing of April 1, 1963
and now under discussion is ADJUDGED and ESTABLISHED to be the true Last Will and
Testament of               , now deceased, and is ORDERED to be now recorded
as such in the current will and inventory book of this court.

AND, FINALLY, there being no request to appoint a personal
representative for this estate and there being no apparent need to do so, no
appointment is made at this time. Notice of probate and affidavit thereof are
apparently waived under provisions of §64.1-122.2(B) of the Code of Virginia.

ENTER: AUGUST 14, 1995

MICHAEL D. WOLFE, CLERK
ALLEGHANY COUNTY CIRCUIT COURT

REDACTED

REDACTED

# Hartley & O'Brien, PLLC
### Attorneys & Counselors at Law


WR GRACE PIQ 44944-0090

R. DEAN HARTLEY (WV, PA & KY)
JAMES M. O'BRIEN (WV, PA & KY)
LESLIE ANN JAMES (WV & PA)
MICHAEL P. GIERTZ (WV & OH)
J. ZACHARY ZATEZALO (WV & TX)
J. MICHAEL PRASCIK (WV)

The Wagner Building
2001 Main Street • Suite 600
Wheeling, WV 26003

www.toxictortlawyers.com

Telephone: (304) 233-0777
Telecopier: (304) 233-0774

July 11, 2006

**Via Federal Express**

Claims Processing Agent
RUST CONSULTING, INC.
201 S. Lyndale Avenue
Faribault, MN  55021

    **Re:  W.R. Grace & Co. Bankruptcy**

Dear Sir or Madam:

    Enclosed you will find 152 W.R. Grace Asbestos Personal Injury Questionnaires for the claimants on the attached list.

    If there are any problems or you need any other information, feel free to contact me via phone or e-mail at mburge@hartleyobrien.com.

               Sincerely,

               MISSY BURGE
               SETTLEMENT COORDINATOR

Enc.


WR GRACE  PIQ  44944-0031

FedEx | Ship Manager | Label7927 9171 6907

Page 1 of 1

From:    Origin ID:  (304)233-0777
MISSY BURGE
HARTLEY & O'BRIEN, PLLC
2001 MAIN STREET
SUITE 600
WHEELING, WV 26003

FedEx Express

E

CLS##3356A/1D22

Ship Date: 11JUL06
ActWgt: 30 LB
System#: 5449958/INET2500.
Account#: S-*********

DIMmed: 17 X 11 X 9 IN

REF: WR Grace Questionnaires



Delivery Address Bar Code

SHIP TO:   (507)333-4300        BILL SENDER
**Attn: WR Grace Claims Processor**
**Rust Consulting, Inc.**
**201 S Lyndale Avenue**

**Faribault, MN 55021**



**PRIORITY OVERNIGHT**                **WED**
                                    Deliver By:
TRK#   7927 9171 6907   FORM      12JUL06
                        0201
                                **MSP**      AA

55021    -MN-US

## NR FBLA

