# Exhibit G

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

WR GRACE PIQ 39628-0001

**a.** GENERAL INFORMATION                    **REDACTED**

1.  Name of Claimant: _____  2. Gender: [ ] Male [ ] Female

          First              MI              Last

3.  Race (for purposes of evaluating Pulmonary Function Test results):.................................... [ ] White/Caucasian

                    See attached PFT, if applicable               [ ] African American

                                                                 [ ] Other

4. Last Four Digits of Social Security Number:     **REDACTED**          5. Birth Date: ___ ___ ___

6. Mailing Address: _____

          Address              City              State/Province      Zip/Postal Code

7. Daytime Telephone Number:.......................................................................... ;

**b.** LAWYER'S NAME AND FIRM

1.  Name of Lawyer:                    Paul Matheny, Esq.

2.  Name of Law Firm With Which Lawyer is Affiliated:    Law Offices of Peter G. Angelos, P.C.

3.  Mailing Address of Firm:    5905 Harford Road      Baltimore      Maryland        21214-1846
                                Address              City              State/Province      Zip/Postal Code

4.  Law Firm's Telephone Number or Lawyer's Direct Line:          (410) 951 – 7173 & (410) 426 - 3200

     [X]  Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending
          such materials to you.

**c.** CAUSE OF DEATH (IF APPLICABLE)

1. Is the injured person living or deceased?............................................................[x] Living [ ] Deceased
     If deceased, date of death:.........................................................................

2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:
     Primary Cause of Death (as stated in the Death Certificate):            _____

     Contributing Cause of Death (as stated in the Death Certificate):        _____

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this
Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the
same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses
or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as
Appendix C to this Questionnaire. Subject to foregoing objections, the answers to questions a through f and each subpart thereof
may be derived from the attached medical documentation.

1.  Please check the box next to the condition being alleged:

     [ ] Asbestos-Related Lung Cancer        [ ] Mesothelioma

     [ ] Asbestosis                          [x] Other Cancer (cancer not related to lung cancer or mesothelioma)

     [ ] Other Asbestos Disease              [ ] Clinically Severe Asbestosis

     a. Mesothelioma: If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all
        that apply):

          [ ] diagnosis from a pathologist certified by the American Board of Pathology

          [ ] diagnosis from a second pathologist certified by the American Board of Pathology

          [ ] diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in
             the development of the condition

          [ ] other (please specify): _____

                                        I

          BARCODE: 000264071153

REC'D JUL 1 2 2006

WR GRACE PIQ 39628-0002

b.  **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

[] findings by a pathologist certified by the American Board of Pathology

[] evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

[] evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

[] evidence of asbestosis determined by pathology

[] evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

[] evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

[] diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

[] a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

[] other (please specify): _____

c.  **Other Cancer:**

_Subject to foregoing objections, one or more of the following may apply._
_The answer may be derived from the attached medical documentation._

(i)  If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

[] colon    [] pharyngeal    [] esophageal    [] laryngeal    [] stomach cancer

[] other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

[] findings by a pathologist certified by the American Board of Pathology

[] evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

[] evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health.

[] evidence of asbestosis determined by pathology

[] a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

[] other (please specify): _____

2

BARCODE: 000264071153

WR GRACE PIQ 39628-0003

d. **Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check all that apply):

[ ] diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

[ ] a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

[ ] a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

[ ] asbestosis determined by pathology

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

[ ] a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

[ ] other (please specify): _____

e. **Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

[ ] diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

[ ] a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

[ ] a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

[ ] asbestosis determined by pathology

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

[ ] a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

[ ] other (please specify): _____

3

BARCODE: 000264071153



WR GRACE PIQ 39628-0004

PART III. ASBESTOS-RELATED CONDITION(S) (Continued)

**f.** **Other Asbestos Disease:** If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

[ ]  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

[ ]  diagnosis determined by pathology

[ ]  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse    pleural Pneumoconioses (2000)
         thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and*

[ ] a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

[ ] a chest x-ray reading  other than those described above

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

[ ]  a pulmonary function test other than that discussed above

[ ]  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

[ ]  a CT Scan or similar testing

[ ]  a diagnosis other than those above

[ ] other (please specify):  _____


[REMAINDER OF PAGE INTENTIONALLY BLANK]

BARCODE:  000264071153



WR GRACE PIQ 39628-0005

**2. Information Regarding Diagnosis** <u>Subject to foregoing objections, please refer to claimant's responses below and the medical records attached hereto.</u>

Date of Diagnosis: _____

Diagnosing Doctor's Name: _____

Diagnosing Doctor's Specialty: _____

Diagnosing Doctor's Mailing Address: _____
                                                  Address

_____
City                               State/Province               Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: _____

With respect to your relationship to the diagnosing doctor, check all applicable boxes: <u>Except as otherwise indicated, please refer to the foregoing objections with respect to claimant's relationship to doctors and clinicians.</u>

Was the diagnosing doctor your personal physician?.................................................................. [ ] Yes [ ] No

Was the diagnosing doctor paid for the diagnostic services that he/she performed?............................ [ ] Yes [ ] No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor?.............. [ ] Yes [ ] No

Was the diagnosing doctor referred to you by counsel?............................................................ [ ] Yes [ ] No

Are you aware of any relationship between the diagnosing doctor and your legal counsel?................... [ ] Yes [ ] No

*If yes, please explain:* _____

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? <u>See attached medical documentation, if applicable.</u>...................................... [ ] Yes [ ] No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? <u>See attached medical documentation, if applicable.</u>............................................... [ ] Yes [ ] No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? <u>See attached medical documentation, if applicable.</u>...................................................... [ ] Yes [ ] No

Did the diagnosing doctor perform a physical examination? <u>See attached medical documentation, if applicable.</u> [ ] Yes [ ] No

Do you currently use tobacco products?............................................................................ [ ] Yes [X] No

Have you ever used tobacco products?............................................................................. [ ] Yes [X] No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

[ ]  Cigarettes      Packs Per Day (half pack = .5) _____    Start Year _____ End Year _____

[ ]  Cigars          Cigars Per Day _____         Start Year _____ End Year _____

[ ]  If Other Tobacco Products, please specify (e.g., chewing tobacco):
              Amount Per Day _____      Start Year _____      End Year _____

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")?............................ [ ] Yes [ ] No
    <u>See attached medical documentation, if applicable.</u>

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*
    <u>See attached medical documentation, if applicable.</u>

**3. Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one): <u>Subject to foregoing objections, please refer to the attached medical documentation.</u>

[ ]  Mobile laboratory  [ ] Job site  [ ] Union Hall  [ ] Doctor office  [ ] Hospital  [ ] Other: _____

Address where chest x-ray taken: _____
                                         Address

_____
City                               State/Province              Zip/Postal Code

BARCODE: 000264071153

WR GRACE PIQ 39628-0008

**4. Information Regarding Chest X-Ray Reading** Subject to the foregoing objections, please refer to responses below and attached medical documentation.

Date of Reading: _____     ILO score: _____

Name of Reader: _____

Reader's Daytime Telephone Number: ........................................................ _____

Reader's Mailing Address: _____
                                   Address

City _____     State/Province _____     Zip/Postal Code _____

With respect to your relationship to the reader, check all applicable boxes: Except as otherwise indicated, please refer to the foregoing objections with respect to claimant's relationship to doctors and clinicians.

Was the reader paid for the services that he/she performed ........................................... [ ] Yes [ ] No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the reader? ........ [ ] Yes [ ] No

Was the reader referred to you by counsel? ........................................... [ ] Yes [ ] No

Are you aware of any relationship between the reader and your legal counsel? ..................... [ ] Yes [ ] No

*If yes, please explain:* _____

Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?

Please refer to the attached medical reports, if applicable. ...................................... [ ] Yes [ ] No

No[ ] Yes [ ] No
*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

5.    **Information Regarding Pulmonary Function Test:** Subject to foregoing objections, ...... Date of Test: _____
                                                          please refer to responses below and attached PFT, if applicable.

List your height in feet and inches when test given: See attached PFT, if applicable ............ ____ ft ____ inches

List your weight in pounds when test given: See attached PFT, if applicable .................... ____ lbs

Total Lung Capacity (TLC): See attached PFT, if applicable ..................................... ____ % of predicted

Forced Vital Capacity (FVC): See attached PFT, if applicable ................................... ____ % of predicted

FEV1/FVC Ratio: See attached PFT, if applicable ............................................... ____ % of predicted

Name of Doctor Performing Test (if applicable): See attached PFT, if applicable

Doctor's Specialty:     See attached PFT, if applicable

Name of Clinician Performing Test (if applicable): ...................................See attached PFT, if applicable

Testing Doctor or Clinician's Mailing Address: See attached PFT, if applicable _____
                                                          Address

City _____     State/Province _____     Zip/Postal Code _____

Testing Doctor or Clinician's Daytime Telephone Number: See attached PFT, if applicable ... _____

Name of Doctor Interpreting Test:     See attached PFT, if applicable

Doctor's Specialty:          See attached PFT, if applicable

Interpreting Doctor's Mailing Address:     See attached PFT, if applicable.
                                              Address

City _____     State/Province _____     Zip/Postal Code _____

Interpreting Doctor's Daytime Telephone Number: .........................................See attached PFT, if applicable

6

BARCODE:  000264071153

WR GRACE PIQ 39628-0007

With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes: Except as otherwise indicated, please refer to the foregoing objections with respect to claimant's relationship to doctors and clinicians.

If the test was performed by a doctor, was the doctor your personal physician?................................................................ [ ] Yes [ ] No

Was the testing doctor and/or clinician paid for the services that he/she performed?............................................................ [ ] Yes [ ] No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?................. [ ] Yes [ ] No

Was the testing doctor or clinician referred to you by counsel?.................................................................................. [ ] Yes [ ] No

Are you aware of any relationship between either the doctor or clinician and your legal counsel?................................. [ ] Yes [ ] No

*If yes, please explain:* _____

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? See attached medical documentation, if applicable. .......................................... [ ] Yes [ ] No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:   Except as otherwise indicated, please refer to the foregoing objections with respect to claimant's relationship to doctors and clinicians.

Was the doctor your personal physician?................................................................................................................ [ ] Yes [ ] No

Was the doctor paid for the services that he/she performed?................................................................................... [ ] Yes [ ] No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor?...................................... [ ] Yes [ ] No

Was the doctor referred to you by counsel?........................................................................................................... [ ] Yes [ ] No

Are you aware of any relationship between the doctor and your legal counsel?..................................................... [ ] Yes [ ] No

*If yes, please explain* _____

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?                                                       [ ] Yes [ ] No
Please refer to the attached medical documentation, if applicable.

6.   Information Regarding Pathology Reports: Subject to the foregoing objections, please refer to responses below and attached medical documentation, if applicable.

Date of Pathology Report:..........................................................................._____

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
                          Address

| City | State/Province | Zip/Postal Code |
| --- | --- | --- |

Doctor's Daytime Telephone Number:....................................................................

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes: Except as otherwise indicated, please refer to the foregoing objections with respect to claimant's relationship to doctors and clinicians.

Was the doctor your personal physician?................................................................................................................ [ ] Yes [ ] No

Was the doctor paid for the services that he/she performed?................................................................................... [ ] Yes [ ] No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor?...................................... [ ] Yes [ ] No

Was the doctor referred to you by counsel?........................................................................................................... [ ] Yes [ ] No

Are you aware of any relationship between the doctor and your legal counsel?..................................................... [ ] Yes [ ] No

*If yes, please explain:* _____

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?
See attached medical documentation, if applicable.................................................................................................. [ ] Yes [ ] No

BARCODE: 000264071153

WR GRACE PIQ 39628-0008

7. With respect to the condition alleged, have you received medical treatment from a doctor for the condition? <u>Please refer to the foregoing objections.</u>

.......................................................................................................................................................................................................... [] Yes [] No

*If yes, please complete the following:*

Name of Treating Doctor: _____

Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____
                                                    Address

City                                            State/Province                         Zip/Postal Code

Treating Doctor's Daytime Telephone number:.............................................. _____

Was the doctor paid for the services that he/she performed?...................................................................[] Yes [] No

*If yes, please indicate who paid for the services performed:*...................................... _____

Did you retain counsel in order to receive any of the services performed by the doctor?...........................[] Yes [] No


[REMAINDER OF PAGE INTENTIONALLY BLANK]

BARCODE: 000264071153

WR GRACE PIQ 39628-0009

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products

(b) A worker who personally removed or cut Grace asbestos-containing products

(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

Site of Exposure: Subject to the foregoing objections, please refer to the attached WHS, if applicable. For additional information responsive to this question, the claimant has provided an executed Social Security Statement of Earnings Authorization Form.

Site Name: _____    Location: _____

Site Type: [ ]Residence [ ]Business    Site Owner: _____

Employer During Exposure: _____    Unions of which you were a member during your employment: _____

| Job 1 Description: | | | | | | |
|---|---|---|---|---|---|---|
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| Job 4 Description: | | | | | | |
| Job 5 Description: | | | | | | |
| Job 6 Description: | | | | | | |

9

BARCODE: 00264071153

WR GRACE PIQ 39628-0010

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person?..................................................................................[] Yes [X] No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person: Subject to the foregoing objections, please refer to attached WHS, if applicable.

   Name of Other Injured Person: _____     Gender: [ ] Male [ ] Female

   Last Four Digits of Social Security Number: _____     Birth Date: _____

3. What is your Relationship to Other Injured Person: Subject to the foregoing objections, please refer to attached WHS, if applicable. .......................................................... [ ]Spouse [ ] Child [ ]Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:
   Subject to the foregoing objections, please refer to attached WHS, if applicable.

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:
   Subject to the foregoing objections, please refer to attached WHS, if applicable.
   From: _____     To: _____

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:
   Subject to the foregoing objections, please refer to attached WHS, if applicable.

7. Has the Other Injured Person filed a lawsuit related to his/her exposure?..................................................[] Yes [ ] No
   Subject to the foregoing objections, please refer to attached WHS, if applicable.

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____     File Date: _____

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:
   Subject to the foregoing objections, please refer to attached WHS, if applicable.

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:
   Subject to the foregoing objections, please refer to attached WHS, if applicable.
   From: _____     To: _____

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:

    Subject to the foregoing objections, please refer to attached WHS, if applicable.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

10

BARCODE: 000264071153

WR GRACE PIQ 39628-0011

BARCODE: 000264071153

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked. In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

Party Against which Lawsuit or Claim was Filed:

See attached list of parties against which lawsuit or claim was filed.

Subject to the foregoing objections, for exposure information, see attached WHS, if applicable. For additional information responsive to this question, the claimant has provided an executed Social Security Statement of Earnings Authorization Form.

| Site of Exposure 1 | Job 1 Description: | | | | | |
|---|---|---|---|---|---|---|
| Site Name: | | | | | | |
| Address: | Job 2 Description: | | | | | |
| City and State: | | | | | | |
| Site Owner: | Job 3 Description: | | | | | |
| Site of Exposure 2 | Job 1 Description: | | | | | |
| Site Name: | | | | | | |
| Address: | Job 2 Description: | | | | | |
| City and State: | | | | | | |
| Site Owner: | Job 3 Description: | | | | | |
| Site of Exposure 3 | Job 1 Description: | | | | | |
| Site Name: | | | | | | |
| Address: | Job 2 Description: | | | | | |
| City and State: | | | | | | |
| Site Owner: | Job 3 Description: | | | | | |

WR GRACE PIQ 39628-0012

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed. <u>Subject to the foregoing objections, please refer to attached WHS, if applicable. For additional information responsive to this question, the claimant has provided an executed Social Security Statement of Earnings Authorization Form.</u>

Occupation Code: _____    If Code 59, specify:........................... _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: _____    End of Employment: _____

Location: _____

       Address

_____    _____    _____
City                                                          State/Province                Zip/Postal Code

Occupation Code: _____    If Code 59, specify:........................... _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: _____    End of Employment: _____

Location: _____

       Address

_____    _____    _____
City                                                          State/Province                Zip/Postal Code

Occupation Code: _____    If Code 59, specify:........................... _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: _____    End of Employment: _____

Location: _____

       Address

_____    _____    _____
City                                                          State/Province                Zip/Postal Code

Occupation Code: _____    If Code 59, specify:........................... _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: _____    End of Employment: _____

Location: _____

       Address

_____    _____    _____
City                                                          State/Province                Zip/Postal Code

BARCODE:  000264071153

12



WR GRACE PIQ 39628-0013

REDACTED

**a.**  **LITIGATION**  Subject to the foregoing objections, please refer to claimant's responses below. Claimant's responses limited to the asbestos-related lawsuit where the Debtor was sued.

1.  Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?.................................................. ☒ Yes ☐ No

 *If yes, please complete the rest of this Part VII(a) for each lawsuit.  For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2.  Please provide the caption, case number, file date, and court name for the lawsuit you filed:

 Caption: _____ vs. AC & S et al. _____

 Case Number: ___99002704_____  File Date: _12/17/1999___

 Court Name: _BALTIMORE CITY CIRCUIT COURT_____

3.  Was Grace a defendant in the lawsuit?............................................................................................ ☒ Yes ☐ No

4.  Was the lawsuit dismissed against any defendant? Subject to the foregoing objections, please see attached..............[ ] Yes [ ] No
 List of parties, if applicable.

 *If yes, please provide the basis for dismissal of the lawsuit against each defendant:* Please refer to foregoing objections

5.  Has a judgment or verdict been entered? Subject to the foregoing objections, please see attached list of parties,...[ ] Yes [ ] No
 if applicable.

 *If yes, please indicate verdict amount for each defendant(s):* _____

6.  Was a settlement agreement reached in this lawsuit? Subject to the foregoing objections, please see attached........ [ ] Yes [ ] No
 List of Parties, if applicable.

 *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

 a.  Settlement amount for each defendant: Please refer to the foregoing objections.

 b.  Applicable defendants:  Subject to the foregoing objections, please see attached List of Parties, if applicable.

 c.  Disease or condition alleged: Subject to the foregoing objections, please see attached List of Parties, if applicable.

 d.  Disease or condition settled (if different than disease or condition alleged): Subject to the foregoing objections, please
 see attached List of Parties, if applicable.

7.  Were you deposed in this lawsuit? Please refer to foregoing objections...................................................... [ ] Yes [ ] No

 *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

**b.**  **CLAIMS**  Subject to the foregoing objections, please refer to Claimant's responses below. Claimant's responses are limited
 to asbestos-related personal injury claims.

1.  Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust
 (other than a formal lawsuit in court)?.................................................................................................. [ ] Yes [ ] No

 *If yes, please complete the rest of this Part VII(b).  If no, please skip to Part VIII.*

2.  Date the claim was submitted: ................ Subject to the foregoing objections, please see attached List of Parties, if applicable.

3.  Person or entity against whom the claim was submitted: Subject to the foregoing objections, please see attached List of Parties,
 if applicable.

4.  Description of claim: Subject to the foregoing objections, asbestos personal injury claim.

5.  Was claim settled? Subject to the foregoing objections, please see attached List of Parties, if applicable.................[ ] Yes [ ] No

6.  Please indicate settlement amount: Please refer to foregoing objections.............................................$ _____

7. Was the claim dismissed or otherwise disallowed or not honored? Subject to the foregoing objections, please see attached List
 of Parties, if applicable............................................................................................................... [ ] Yes [ ] No

 *If yes, provide the basis for dismissal of the claim:* ..........................................Please refer to the foregoing objections

13

BARCODE: 000264071153

▪ ████████████████████████████████████

WR GRACE PIQ 39828-0014

Subject to the foregoing objections, please refer to attached list of dependents, if applicable.

Name of Dependent or Related Person: _____    Gender:    [ ] Male [ ] Female

Last Four Digits of Social Security Number: _____    Birth Date: _____

Financially Dependent:....................................................................................................[ ] Yes [ ] No

Relationship to Injured Party:[ ] Spouse [ ] Child  [ ] Other ...............If other, please specify _____

Mailing Address: _____
                              Address

City                                    State/Province                    Zip/Postal Code

Daytime Telephone number: .......................................................

████████████ SPECIFIC ██████████

Please use the checklists below to indicate which documents you are submitting with this form. Copies:

[x] Medical records and/or report containing a diagnosis                      [ ] X-rays
    (if applicable)                                                          [x] X-ray reports/interpretations (if applicable)
[x] Lung function test results (if applicable)                                [ ] CT scans
[x] Lung function test interpretations (if applicable)                        [x] CT scan reports/interpretations (if applicable)
[x] Pathology reports (if applicable)                                         [ ] Depositions from lawsuits indicated in Part VII
[x] Supporting documentation of exposure to Grace                                 of this Questionnaire
    asbestos-containing products (if applicable)                             ☐ Death Certification (if applicable)
[x] Supporting documentation of other asbestos exposure
    (if applicable)

Originals:

[ ] Medical records and/or report containing a diagnosis          [ ] Supporting documentation of other asbestos exposure
[ ] Lung function test results                                    [ ] X-rays
[ ] Lung function test interpretations                            [ ] X-ray reports/interpretations
[ ] Pathology reports                                             [ ] CT scans
[ ] Supporting documentation of exposure to Grace                 [ ] CT scan reports/interpretations
    asbestos-containing products                                  [ ] Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____

_____

████████ ██████████ INFORM ██████ █████ AND ██████

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 & 3571.
TO BE COMPLETED BY THE INJURED PERSON.

I swear, under penalty of perjury, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____    **REDACTED**    Date: 1-20-06

Please Print Name: _____

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____    Date: 12 / 09 / 2005

Please Print Name: **Paul Matheny, Esq.**

14

BARCODE: 000264071153

# LAW OFFICES OF PETER G. ANGELOS
## List of Parties Against Which Lawsuit or Claim Was Filed

CLIENT SSN:
CLIENT NAME:       **REDACTED**

| DEFENDANT | STATUS | DISEASE ALLEGED | DISEASE SETTLED |
|---|---|---|---|
| A C & R INSULATION CO., INC. | Unresolved | | |
| A.P. GREEN INDUSTRIES, INC. | Unresolved | | |
| AC&S, INC. | Unresolved | | |
| ANCHOR PACKING, CO. | Unresolved | | |
| ARMSTRONG WORLD INDUSTRIES INC | Unresolved | | |
| ASBESTOS CLAIMS MGMT CORP. | Unresolved | | |
| CELOTEX CORPORATION | Settled | ALD | ALD |
| COMBUSTION ENGINEERING | Settled | OCCAT3 | OCCAT3 |
| DRESSER INDUSTRIES | Settled | | |
| E.L. STEBBINGS & CO., INC. | Unresolved | | |
| EAGLE-PICHER INDUSTRIES | Settled | COLON/GI CANCER | COLON/GI CANCER |
| FORTY-EIGHT INSULATIONS, INC. | Settled | COLON/GI CANCER | COLON/GI CANCER |
| FOSTER WHEELER CORPORATION | Settled | COLON/GI CANCER | COLON/GI CANCER |
| GARLOCK, INCORPORATED | Settled | COLON/GI CANCER | COLON/GI CANCER |
| GEORGIA PACIFIC CORPORATION | Settled | COLON/GI CANCER | COLON/GI CANCER |
| H.K. PORTER CO., INC. | Settled | COLON/GI CANCER | COLON/GI CANCER |
| HALLIBURTON TECHNICAL SERVICES, INC. | Settled | | |
| HAMPSHIRE INDUSTRIES, INC. | Unresolved | | |
| HARBISON-WALKER REFRACTORIES (DRESSER) | Settled | COLON/GI CANCER | COLON/GI CANCER |
| HARBISON-WALKER REFRACTORIES COMPANY | Settled | | |
| J.H. FRANCE REFRACTORIES CO. | Settled | ALD | ALD |
| JOHN CRANE-HOUDAILLE, INC. | Unresolved | | |
| KRAFFT-MURPHY COMPANY | Unresolved | | |
| LLOYD E. MITCHELL, INC. | Unresolved | | |
| MCCORMICK ASBESTOS COMPANY | Unresolved | | |
| METROPOLITAN LIFE INS. CO. | Settled | COLON/GI CANCER | COLON/GI CANCER |
| MINNESOTA MINING & MANUFACTURING CO. | Settled | COLON/GI CANCER | COLON/GI CANCER |
| NATIONAL GYPSUM COMPANY | Unresolved | | |
| OWENS-CORNING FIBERGLAS CORP. | Unresolved | | |
| OWENS-ILLINOIS, INC. | Unresolved | | |
| PFIZER CORPORATION | Unresolved | | |
| PITTSBURGH -CORNING CORP. | Unresolved | | |
| PORTER-HAYDEN | Unresolved | | |
| POTOMAC ELECTRIC POWER COMPANY | Unresolved | | |
| QUIGLEY CO., INC. | Unresolved | | |
| RAPID AMERICAN CORPORATION | Unresolved | | |
| RHI REFRACTORIES AMERICA | Unresolved | | |
| RUBEROID | Unresolved | | |
| TURNER & NEWALL | Unresolved | | |
| U.S. MINERAL PRODUCTS CO. | Unresolved | | |
| UNIROYAL FIBER & TEXTILE | Dismissed | | |
| UNIROYAL, INC. | Unresolved | | |

000264071153

# LAW OFFICES OF PETER G. ANGELOS
## List of Parties Against Which Lawsuit or Claim Was Filed

WR GRACE PIQ 39828-0016

CLIENT SSN:
CLIENT NAME:          **REDACTED**

| DEFENDANT | STATUS | DISEASE ALLEGED | DISEASE SETTLED |
|---|---|---|---|
| UNITED STATES GYPSUM COMPANY | Unresolved | | |
| W.R. GRACE & CO. - CONN. | Unresolved | | |
| WALTER E. CAMPBELL CO., INC. | Unresolved | | |
| WESTINGHOUSE ELECTRIC CORP. | Unresolved | | |

000264071153

WR GRACE PIQ 39628-0017

## AUTHORIZATION FOR RELEASE OF EARNINGS INFORMATION AND EMPLOYMENT RECORDS FROM THE SOCIAL SECURITY ADMINISTRATION

**AUTHORIZATION:**

I hereby authorize the Social Security Administration to furnish to the law firm of Kirkland & Ellis, LLP, its partners, employees and agents, any and all earnings information and employment records ("SSA Employment Records") pertaining to:

Name:          **REDACTED**

Other Name(s) Used (Including Maiden Name):

**REDACTED**

_____          _____
Social Security Number          Date of Birth

I hereby further authorize Kirkland & Ellis, LLP to prepare and sign a Request for Social Security Earnings Information (Form SSA-7050-F4) on my behalf in order to permit Kirkland & Ellis, LLP to request my SSA Employment Records from the Social Security Administration.

**AUTHORIZED PERSONS AND ENTITIES:**

This release authorizes Kirkland & Ellis, LLP to obtain, receive and use my SSA Employment Records in connection with the bankruptcy estimation proceeding within *In re W.R. Grace & Co. et al.*, United States District Court for the District of Delaware, Case No. 01-01139 (JKF)("W.R. Grace Estimation Proceeding").

This Authorization is contingent upon the following information being disclosed only to persons involved in the W.R. Grace Estimation Proceeding, that it will be held in strict confidence by persons who receive it, and that it will be used only for purposes related to the proceeding: (1) my social security number; (2) my SSA Employment Records; and (3) information contained in my SSA Employment Records when disclosed in conjunction with my name, address, or social security number.

**DURATION:**

This Authorization shall become effective immediately and shall expire upon final resolution of the W.R. Grace Estimation Proceeding identified above.

SIGNATURE:          **REDACTED**                    *1-20-06*

_____                              _____
Signature                                          Date

If the Authorization is signed by a Personal Representative of the individual, a description of such representative's authority to act for the individual.   Personal Representative, if applicable

( BARCODE:  000264071153 )

WR GRACE PIQ 39628-0018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | } | Chapter 11 |
| | } | |
| W.R. GRACE & CO., et al | } | Case No. 01-1139(JKF) |
| | } | (Jointly Administered) |
| Debtors. | } | |

### CLAIMANT'S OBJECTIONS AND RESPONSES TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Claimant[1], by and through his/her counsel, Law Offices of Peter G. Angelos, P.C., submits the following objections and responses to the "W.R. Grace Asbestos Personal Injury Questionnaire" ("Questionnaire"). In order to maintain the integrity of the formatting on Debtor's Questionnaire, Claimant has set out all of his/her general and specific objections in the following separate sections of this response and hereby incorporates each of these objections into Claimant's Questionnaire responses by reference herein.

### CLAIMANT'S GENERAL OBJECTIONS TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Claimant hereby files these objections in response to the Questionnaire propounded by W.R. Grace.

1.     Claimant objects to the Questionnaire and its Instructions to the extent that they impose discovery obligations beyond those of the Federal Rules of Bankruptcy Procedure and/or the rules of civil procedure in the state where Claimant filed an asbestos personal injury lawsuit. Claimant will respond to the discovery Questionnaire in accordance with those rules. Claimant objects to the Instructions as they make document requests that are overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Claimant contends that the burden and expense of responding to Debtor's Questionnaire in the format requested by Debtor outweighs its likely benefit.

2.     Claimant objects to the Questionnaire and its Instructions to the extent that they seek information or identification of documents that are attorney work product, subject to the attorney-client or consulting expert privileges, or are otherwise not discoverable under the Federal Rules of Bankruptcy Procedure or the rules of civil procedure in the state where Claimant filed an asbestos personal injury lawsuit. Claimant further objects to the Questionnaire and its Instructions to the extent it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. Inadvertent disclosure of any such information or documents shall not constitute waiver of any privilege.

3.     By providing responses to the Questionnaire, the claimant does not concede that the information provided is discoverable, relevant, or admissible. All responses are provided subject to the objections set forth herein. Each claimant reserves the right to challenge further discovery into the subject matter of the Questionnaire.

---

[1]     Throughout these Objections and Responses, the "Claimant" means the person identified in the Questionnaire Part I, Subsection a, whether living or deceased, who has or had an alleged asbestos-related disease and who filed an asbestos-related lawsuit either directly or through his/her Estate.

WR GRACE PIQ 39628-0019

4.      Claimant objects to any request in the Questionnaire that seeks any information that is not in the Claimant's control, custody, or possession; is already in the control, custody or possession of the Debtor; or is obtainable with equal or greater facility by the Debtor.  The answers to the majority of the questions in Debtor's Questionnaire may be derived or ascertained from documents produced in connection with Claimant's asbestos personal injury lawsuit to which Debtor was a party prior to filing for bankruptcy ("Claimant's Asbestos Lawsuit").  Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document from which the answer may be derived as permitted by Rule 33(d) of the Federal Rules of Civil Procedure as incorporated by Rule 7033 of the Federal Rules of Bankruptcy Procedure.

5.      In response to this Questionnaire, Claimant objects to the extent that the questions are vague, ambiguous and premature.  Moreover, Claimant objects to this Questionnaire to the extent that the scope and content of the information sought is unreasonably cumulative and duplicative.

6.      Claimant objects to this Questionnaire to the extent it requires Claimant to compile documents or information from sources not presently available to Claimants, including documents created or compiled by third parties.  Claimant objects to the Questionnaire to the extent it purports to require Claimant to gather and summarize information contained in voluminous papers that are already matters of public record.

7.      Claimant objects to this Questionnaire to the extent that the questions and their discreet sub-parts exceed twenty-five (25) in number.

8.      By submitting this response to the Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court.  Claimant reserves (i) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C. § 157(b)(5).

WR GRACE PIQ 39628-0020

### CLAIMANT'S SPECIFIC OBJECTIONS TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

**INSTRUCTIONS**

1.     Claimant objects to Instruction A.1 to the extent that it purports to include claims under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement or indemnity on the ground that it is overly broad and requests information that is not relevant to the subject matter of the estimation proceeding.

2.     Claimant objects to Instruction C in its entirety and Instruction J regarding medical supporting documentation on the ground that it is vague, ambiguous and exceeds the scope of discovery in that it seeks information and documents from experts that is not discoverable and is subject to the work product and consulting expert privileges.  Claimant further objects to the portion of the instruction requiring claimant to "complete a separate Part II for each initial diagnosis and any previous or subsequent diagnosis or diagnostic tests that change or conflict with the initial diagnosis," on the ground that the burden outweighs its likely benefit.  Claimant further objects to the instruction to attach **all** x-ray readings and reports and **all** pulmonary function test ("PFT") results on the ground that it is overly broad and ambiguous.  Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.  Without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of Fed. R. Civ. P. 26(b)(4)(B):

>     (a).    Claimant objects to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

>     (b)    Claimant objects to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

>     (c)    Claimant objects to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

>     (d).    Claimant objects to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the raw data and all spirometric tracings, on which the results are based."

>     (e).    Claimant objects to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

>     (f).    Claimant objects to Part II of the Discovery Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses."  Claimant urges this objection with regard to all "conditions" for which disclosure is requested.

Subject to the foregoing, Claimant will attach any x-rays reports, B-reads, pulmonary function tests or pathology reports considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit.

WR GRACE PIQ 39628-0021

3.      Claimant objects to Instruction D to the extent that it requests Claimant to "attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease" on the ground that it is ambiguous and exceeds the scope of discovery in that it requests documents that are subject to the work product privilege. Further, Claimant has been barred by the Bankruptcy Code Section 362 stay from pursuing discovery against Debtors.

## PART I: IDENTITY OF INJURED PERSONS AND LEGAL COUNSEL

### Subsection (a)(7) - Daytime Telephone Number of client

Claimant objects to this inquiry on the ground that it is neither relevant nor likely to lead to the discovery of admissible evidence. Claimant is represented by counsel, as reflected herein, and may only be contacted through counsel.

## PART II: ASBESTOS-RELATED CONDITION(S)

1.      **General Objections.**  Claimant objects to Part II of the Questionnaire in its entirety on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceeding, information that is privileged, and information from experts that is non-discoverable and is subject to the consulting expert and work product privileges. Additionally, the information sought may be derived from the Claimant's discoverable medical records, which are attached to the Questionnaire. Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from Claimant's discoverable medical reports attached to the Questionnaire. Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communication between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or a representative of any attorney for Claimant. In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant.

2.      **Subsection 1(a)-(f) - Condition Being Alleged.**  Claimant objects to this question and each of its subparts (a-f) on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceeding, and information from experts that is non-discoverable and is subject to the consulting expert and work product privileges. Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from the claimant's discoverable medical reports attached to the Questionnaire. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.      **Subsection 2 - Information Regarding Diagnosis.**

a.      Claimant objects to Part II, Subsection 2 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information from experts that is non-discoverable, and seeks information that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary

WR GRACE  PIQ  39628-0022

to this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information already contained in documents provided with Claimant's Questionnaire answers, and is, therefore, obtainable with equal or greater facility by the Debtors. Claimant's diagnosis of an asbestos-related condition may be based on one or more diagnostic test(s), pathology report(s) or physical examination(s). Therefore, asking Claimant to state a "date of diagnosis" is vague and ambiguous. Claimant has attached to this Questionnaire a copies of such experts' reports along with any available x-ray readings, pulmonary function test reports ("PFT") and/or pathology reports considered by Claimant's medical experts in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. Diagnosis dates and information sufficient to establish the elements for an asbestos-related cause of action under applicable state law for individual claimants can be derived from the attached reports. Other specific answers to questions from Part II, subsection 2 may also be derived or ascertained from the medical documents attached.

b.    Claimant further objects to the following questions in Part II, Subsection 2 regarding Claimant's relationship to the diagnosing doctor on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician?    ☐    Yes    ☐    No
    Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.

Was the diagnosing doctor paid for the diagnostic services that he/she performed? ☐    Yes    ☐    No
*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? ☐ Yes ☐ No
    Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges is misleading and biased and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to and/or forwarded a copy of Claimant's medical records to a medical doctor qualified to give opinions regarding asbestos-related disease.

Was the diagnosing doctor referred to you by counsel?    ☐    Yes    ☐    No
    Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.

Are you aware of any relationship between the diagnosing doctor and your legal counsel? ☐ Yes   ☐  No
    Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.

*If yes, please explain:*

---

    Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

WR GRACE PIQ 39628-0023

4.    **Subsection 3 - Information Regarding Chest X-Ray (Location of X-Ray)**

Claimant objects to Part II, Subsection 3 on the ground that it is harassing, and exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information from experts that is non-discoverable, and seeks information that is subject to the consulting expert and work product privileges. Claimant further objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray.

Subject to and without waiving the foregoing, please refer to Claimant's medical records attached hereto.

5.    **Subsection 4 - Information Regarding Chest X-Ray Reading (Results of X-Ray)**

a.    Claimant objects to Part II, Subsection 4 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, information from experts is non-discoverable, and information that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Additionally, Claimant objects to this question on the ground that it is duplicative of other questions herein, and thus is unduly burdensome. Claimant objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray. Subject to and without waiving the foregoing, in response to Part II, subsection 4, Claimant has provided information regarding Claimant's certified B-reader report considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. Claimant has provided copies of Claimant's B-reader reports as may be applicable.

b.    Claimant objects to Part II, subsection 4 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the diagnosing doctor;" if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 4 regarding Claimant's relationship to the reader on the ground that these questions are leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

. WR GRACE PIQ 39628-0024

With respect to your relationship to the reader, check all applicable boxes:
Was the reader paid for the diagnostic services that he/she performed?          ☐     Yes     ☐     No
*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the reader?     ☐     Yes     ☐     No
   Further, Claimant specifically objects to this question on the ground that it is violative of the
   attorney-client communications and/or attorney work product privileges, is misleading and
   biased and cannot be fairly or completely answered with a "yes" or "no." Claimant retained
   counsel in order to determine whether he/she had an asbestos-related claim. As part of that
   analysis, Claimant's counsel referred Claimant to and/or forwarded a copy of Claimant's x-ray to
   a medical doctor qualified to give opinions regarding asbestos-related disease.
Was the reader referred to you by counsel?          ☐     Yes     ☐     No
   Further, Claimant objects to this question on the ground that it is violative of the attorney-client
   communication and/or attorney work product privileges.
Are you aware of any relationship between the reader and your legal counsel?     ☐     Yes     ☐     No
   Further, Claimant objects to this question on the ground that it is violative of the attorney-client
   communication and/or attorney work product privileges.
*If yes, please explain:*
   The certified B-reader was retained by Claimant through Claimant's counsel to provide expert
   medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of
   Claimant's claim under state law.

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and
documents attached hereto.

6.   **Subsection 5 - Information Regarding Pulmonary Function Test**

   a.   Claimant objects to Part II, Subsection 5 on the ground that it exceeds the scope of
        discovery in that it seeks information that is not relevant to the subject matter of the
        estimation proceeding, that is non-discoverable, and that is subject to the consulting
        expert, work product and attorney-client privileges. Claimant further objects to this
        question as it is not reasonable and necessary to this proceeding and is harassing.
        Additionally, Claimant objects to this question to the extent that it purports to require
        Claimant to gather and summarize information contained in documents already provided
        herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to
        and without waiving the foregoing, in response to Part II, Subsection 5, Claimant has
        provided copies of all medical reports, including pulmonary function tests ("PFT") , if
        available, considered by Claimant's medical expert in forming his/her opinion in
        connection with Claimant's Asbestos Lawsuit.

   b.   Claimant objects to Part II, subsection 5 of the Discovery Questionnaire as violative of the
        attorney-client communication and/or attorney work product privileges to the extent that it
        asks:  "if Claimant retained counsel in order to receive any of the services performed by
        the diagnosing doctor;" if "the diagnosing doctor was referred to you by counsel"; and if
        Claimant is "aware of any relationship between the diagnosing doctor and your legal
        counsel".  Claimant further objects to the following questions in Part II, Subsection 5
        regarding Claimant's relationship to the doctor or clinician who performed the pulmonary
        function test on the ground that these questions are leading, harassing and seek

WR GRACE PIQ 39628-0025

information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

With respect to your relationship to the doctor or clinician who performed the pulmonary function test, check all applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician?  ☐ Yes   ☐     No
    *Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.*

Was the testing doctor and/or clinician paid for the diagnostic services that he/she performed? ☐  Yes ☐  No
    *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? ☐ Yes   ☐    No
    **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to a doctor or clinician qualified to perform a pulmonary function test.**

Was the testing doctor or clinician referred to you by counsel? ☐      Yes      ☐      No
    **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ☐ Yes   ☐   No
    **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**
    *If yes, please explain:*
    **The doctor or clinician who performed the pulmonary function test was the doctor or clinician retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**

---

    c.    Claimant objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor interpreting the results of the pulmonary function test on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

WR GRACE PIQ 39828-0028

With respect to your relationship to the doctor interpreting the results of the pulmonary function test, check all applicable boxes:

Was the doctor your personal physician?                    ☐    Yes    ☐    No
> Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.

Was the doctor paid for the services that he/she performed?          ☐    Yes    ☐    No
> *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?    ☐    Yes    ☐    No
> Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to a medical doctor qualified to interpret the results of Claimant's pulmonary function test.

Was the doctor referred to you by counsel?          ☐    Yes    ☐    No
> Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.

Are you aware of any relationship between either the doctor or clinician and your legal counsel?    ☐ Yes ☐    No
> Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.
> *If yes, please explain:*
> The doctor who interpreted the results of the pulmonary function test was the doctor retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

7.    **Subsection 6 - Information Regarding Pathology Reports**

   a.    Claimant objects to Part II, Subsection 6 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

   b.    Claimant objects to Part II, subsection 6 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the diagnosing doctor;" if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 4 regarding Claimant's relationship to the doctor issuing the pathology report on the ground

WR GRACE PIQ 39628-0027

that these questions are leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician?        ☐    Yes    ☐    No
        Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.

Was the doctor paid for the services that he/she performed?        ☐    Yes    ☐    No
        *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?  ☐    Yes    ☐    No
        Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim.

Was the doctor referred to you by counsel?        ☐    Yes    ☐    No
        Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.

Are you aware of any relationship between either the doctor or clinician and your legal counsel?  ☐  Yes  ☐  No
        Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.
        *If yes, please explain:*

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

8.    **Subsection 7 - Medical Treatment From Doctor for Condition Alleged**

Claimant objects to this question on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is harassing. Additionally, Claimant objects to Part II, subsection 7 of the Discovery Questionnaire to the extent that it asks if Claimant "retained counsel in order to receive any of the services performed by the diagnosing doctor."

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

## PART III:  DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects to Part III in its entirety on the ground that it is onerous, unduly burdensome and harassing in that it would require a great amount of time, labor and expense to create a chart of exposure to Debtor's products in the format requested by Debtor. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the Claimant's Work History Sheet ("WHS") attached hereto.

WR GRACE PIQ 39628-0928

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

1.    Claimant objects to Part IV, question 1 to the extent that it is vague and ambiguous with regard to the use of the terms "contact/proximity" and "injured person". Claimant further objects to this question on the ground that it implicitly asserts unproven conclusions as established facts. Specifically, Claimant may have been injured by exposure to Grace products as a result of contact or proximity to another person, but not necessarily an "injured" person. To the best of Claimant's ability, Claimant understands the question to ask whether Claimant's injury is caused solely by contact/proximity with another person. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

2.    Claimant objects to Part IV, question 2 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.    Claimant objects to Part IV, question 3 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4.    Claimant objects to Part IV, question 4 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.    Claimant objects to Part IV, question 5 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Claimant also objects to this question on the ground that Claimant may not know the specific day, month,


WR GRACE PIQ 39628-0029

and year of another person's exposure and therefore cannot answer the question. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.    Claimant objects to Part IV, question 6 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

7.    Claimant objects to Part IV, question 7 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

8.    Claimant objects to Part IV, question 8 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

9.    Claimant objects to Part IV, question 9 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

10.   Claimant objects to Part IV, question 10 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Additionally, Claimant objects to this question on the ground that Claimant may not recall the exact day, month, and year his or her exposure began or ended, and, in that regard, this question is unduly burdensome. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects to Part V as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Claimant objects to this interrogatory on the ground that it is unduly burdensome, onerous and harassing in that it would require great amount of time, labor and expense to create a chart of exposure in the format requested by Debtor

WR GRACE PIQ 39628-0030

and then to create a separate chart for each party against which Claimant has filed an asbestos lawsuit or claim. Claimant further objects to Part V to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Work History Sheet. In addition, Claimant has attached to the Questionnaire a List of Parties Against which a Lawsuit or Claim was Filed ("List of Parties").

## PART VI: EMPLOYMENT HISTORY

Claimant objects to Part VI on the ground that it is unduly burdensome and harassing and it would require a great amount of time, labor and expense to complete this section of the Questionnaire in the format requested by Debtors. Claimant further objects to this question because it requires Claimant to compile or summarize information from Claimant's Social Security records that is obtainable with equal or greater facility by the Debtor. Claimant further objects to providing information, including but not limited to, the occupation and industry codes for employers or jobsites where Claimant has not alleged any asbestos exposure as it exceeds the scope of permissible discovery in that it is not relevant to the subject matter of the estimation proceeding, and is harassing to Claimant.

Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where an executed Authorization for Release of Earnings Information and Employment Records from the Social Security Administration, and Claimant's Work History Sheet.

## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA

### Subsection a. - Litigation

1.    Claimant objects to Part VII, Subsection a, question 1 as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits; and further, it is not limited to the lawsuit in which Debtor was sued. Claimant responds to this entire Subsection a (questions 1 through 7) as if the question were so limited. Claimant further objects to this subpart to the extent that it requires Claimant to summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Responding to Part VII, Subsection a in the format in Debtor's Questionnaire is harassing and unduly burdensome. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto. Claimant's counsel does not represent Claimant in a lawsuit regarding silica.

2.    Claimant objects to Part VII, Subsection a, question 2, to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

WR GRACE PIQ 39628-0031

3.  Claimant objects to Part VII, Subsection a, question 3 on the ground that it is harassing in that Grace knows equally as well as Claimant whether or not it was named as a defendant in Claimant's lawsuit, if any. Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Further, Claimant objects to this subpart on the ground that it exceeds the permissible scope of discovery in that it seeks information that is not relevant to the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4.  Claimant objects to Part VII, Subsection a, question 4 on the ground that it seeks information that is neither relevant nor necessary to the estimation proceeding. Whether a particular defendant has been dismissed has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that it is unduly burdensome to provide the basis for dismissal for each of the dismissed defendants, if any. Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.  Claimant objects to Part VII, Subsection a, question 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant or necessary to the estimation proceeding. The existence and amount of any verdict or judgment against any defendant other than Debtor has no bearing on Debtor's several share of the liability. Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.  Claimant objects to Part VII, Subsection a, question 6 and each of its subparts regarding settlements reached in the lawsuit as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding and requests privileged or confidential information. Specifically, the terms of the settlement agreements, if any, including the settlement amounts, if any, are irrelevant to an <u>aggregate</u> estimate of Debtor's liability. Claimant further objects to this subpart as it is overly broad to the extent that it seeks information beyond *asbestos-related personal injury* lawsuits. Settlements with other defendants are irrelevant to Debtor's several share of the liability, and Debtor would get a set-off or credit for such settlements only for the cases that were tried all the way to judgment, which clearly will not happen in the context of the present proceeding. Further, for a majority of defendants, any settlement agreements are subject to a confidentiality agreement.

    Claimant specifically objects to providing the "disease or condition alleged" and the "the disease or condition settled" (Part VII.a.6(c) and (d)) on the ground that it is ambiguous and harassing. Claimant filed a lawsuit alleging Claimant suffered injuries proximately caused by Claimant's exposure to asbestos-containing products designed, manufactured and sold by the Defendants named in the lawsuit, and any settlements were related to those allegations. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the List of Parties attached hereto. Claimant has provided information regarding the status of his/her claim against the Defendants named in Claimant's Asbestos Lawsuit in the attached List of Parties.

WR GRACE PIQ 39628-0092

7.  Claimant objects to Part VII, Subsection a, question 7 on the ground that it is overly broad and unduly burdensome. Further, Claimant's deposition testimony is duplicative of information already provided herein. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

**Subsection b - Claims**

1.  Claimant objects to Part VII, Subsection b, question 1 as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding and requests privileged or confidential information. Claimant further objects that responding to Part VII, Subsection b in the format in Debtors' Questionnaire is harassing and unduly burdensome. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Claimant responds to this entire subsection b (questions 1 through 7) as if the questions were so limited. Subject to and without waiving the foregoing, Claimant has provided information regarding the status of his asbestos claim against any asbestos trust in the attached List of Parties.

2.  Claimant objects to Part VII, Subsection b, questions 2 and 3 on the ground that it seeks information that is neither relevant nor necessary to the estimation proceeding. The date and entity against whom a claim was submitted has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos- related personal injury* claims. Subject to and without waiving the foregoing, please see the attached List of Parties.

3.  Claimant objects to Part VII, Subsection b, questions 5 and 6 regarding settlements with an asbestos trust as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding and requests privileged or confidential information. The settlement amounts are not relevant to an aggregate estimate of Debtor's liability or to Debtor's several share of the liability. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Subject to and without waiving the foregoing, Claimant has noted the settled claims on the attached List of Parties.

4.  Claimant objects to Part VII, Subsection b, question 7 on the ground that it seeks information that is neither relevant nor necessary to the estimation proceeding. Whether a particular defendant has been dismissed has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that it is unduly burdensome to provide the basis for dismissal for each of the dismissed defendants, if any, and it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.



WR GRACE PIQ 39628-0633

## PART VIII:  CLAIMS BY DEPENDENTS OR RELATED PERSONS

Claimant objects to Part VIII on the ground that information regarding dependents or related persons who sued the Debtors before April 2, 2001 is equally available to Debtors.  Subject to and without waiving the foregoing, Claimant has provided information regarding Claimant's dependents where available.  Please see attached Dependents List and Debtors' own records for information regarding dependents.

## QUESTIONNAIRE RESPONSES

Claimant hereby incorporates by reference all of the foregoing general and specific objections into Claimant's Questionnaire responses and has provided the following responses subject to those objections.  Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document(s) from which the answer may be derived, including but not limited to Claimant's medical records, Claimant's Work History Sheet (referred to in Questionnaire response as "WHS").  In addition, Claimant has compiled information responsive to the Questionnaire in the attached List of Parties Against which a Lawsuit or Claim Was Filed (referred to in the Questionnaire responses as "List of Parties"), List of Dependents and provided an executed Authorization for Release of Earnings Information and Employment Records from the Social Security Administration.

Dated:  7/10/06

THE LAW OFFICES OF
PETER G. ANGELOS, P.C.

PAUL M. MATHENY
5905 Harford Road
Baltimore, Maryland 21214
(410) 426-3200
(410) 426-6166

LAW OFFICES

# PETER G. ANGELOS
A PROFESSIONAL CORPORATION

UNION PARK CENTER
5905 HARFORD ROAD
BALTIMORE, MARYLAND 21214-1846
410-426-3200    FAX 410-426-1269
(800) 492-3240

WR GRACE PIQ 39628-0034

PAUL M. MATHENY (MD)
DIRECT DIAL: (410) 951-7173
FAX: (410) 426-6166

E-MAIL: pmatheny@lawpga.com

OTHER OFFICES:
PHILADELPHIA, PENNSYLVANIA
HARRISBURG, PENNSYLVANIA
BETHLEHEM, PENNSYLVANIA
WILMINGTON, DELAWARE
KNOXVILLE, TENNESSEE

July 10, 2006

Rust Consulting, Inc.
Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
201 S. Lyndale Avenue
Faribault, MN 55021

Re: Asbestos Personal Injury Questionnaires

Dear Claims Processing Agent:

Enclosed please find completed questionnaires submitted on behalf of clients of the Law Offices of Peter G. Angelos, P.C.   Accompanying the questionnaires are medical records, asbestos exposure/work history information and dependents information for each applicable client.  In addition to the questionnaires and supporting documentation, I am also submitting objections to the W. R. Grace Asbestos Personal Injury Questionnaire for of each client.

The completed questionnaires, supporting documentation and the objections are all submitted in electronic format on DVDs.  They are saved in PDF format and organized in folders for each client.  The medical reports are located in one folder, Questionnaire is another folder and a supplemental folder contains the supporting documentation.

The majority of our clients identified as having pre-petition claims against the debtor have completed the questionnaire.  However, some of our deceased clients's questionnaires could not be completed due to lack of a personal representatives.  We will supplement this submission as these matters resolve.

Should you have any questions concerning this submission, please contact me at 410-951-7173.

Sincerely,

Paul M. Matheny

PMM
Enclosures.

ONE CHARLES CENTER
100 N. CHARLES STREET
BALTIMORE, MD 21201-3812
410-649-2000
(800) 252-8622
FAX 410-659-1760,81,82

COURT TOWERS, SUITE 300
210 W. PENNSYLVANIA AVENUE
TOWSON, MD 21204
410-825-7300
FAX 410-296-2541

STEELWORKERS' HALL
540 DUNDALK AVENUE
BALTIMORE, MD 21224-2997
410-633-8100
FAX 410-633-0460

63 HENDERSON AVENUE
CUMBERLAND, MD 21502-2452
301-759-2700
FAX 301-759-2703

WR GRACE PIQ 39628-0035



█████████████████████████████████████████

WR GRACE PIQ 39805-0001

## a. GENERAL INFORMATION                REDACTED

1. Name of Claimant: _____                2. Gender: [ ] Male [ ] Female
   
   First                    MI                    Last

3. Race (for purposes of evaluating Pulmonary Function Test results):...........................    [ ] White/Caucasian
   
   _See attached PFT, if applicable_     [ ] African American
   
   [ ] Other                    **REDACTED**

4. Last Four Digits of Social Security Number: _____    5. Birth Date: _____

6. Mailing Address: _____
   
   Address                    City                    State/Province                    Zip/Postal Code

7. Daytime Telephone Number: _____

## b. LAWYER'S NAME AND FIRM

1. Name of Lawyer:                    Paul Matheny, Esq.

2. Name of Law Firm With Which Lawyer is Affiliated:    Law Offices of Peter G. Angelos, P.C.

3. Mailing Address of Firm:    5905 Harford Road        Baltimore        Maryland        21214-1846
   
   Address                    City                    State/Province                    Zip/Postal Code

4. Law Firm's Telephone Number or Lawyer's Direct Line:...............................    (410) 951 – 7173 & (410) 426 - 3200

   [X] Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

## c. CAUSE OF DEATH (IF APPLICABLE)

1. Is the injured person living or deceased?.........................................    [ ] Living  [X] Deceased

   If deceased, date of death: _____

2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:

   Primary Cause of Death (as stated in the Death Certificate): _____

   Contributing Cause of Death (as stated in the Death Certificate): _____

█████████████████████████████████████████

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire. Subject to foregoing objections, the answers to questions a through f and each subpart thereof may be derived from the attached medical documentation.

1. Please check the box next to the condition being alleged:

   [X] Asbestos-Related Lung Cancer        [ ] Mesothelioma
   [ ] Asbestosis        [ ] Other Cancer (cancer not related to lung cancer or mesothelioma)
   [ ] Other Asbestos Disease        [ ] Clinically Severe Asbestosis

   a. Mesothelioma: If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):

   [ ] diagnosis from a pathologist certified by the American Board of Pathology

   [ ] diagnosis from a second pathologist certified by the American Board of Pathology

   [ ] diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition

   [ ] other (please specify): _____

1

BARCODE: 000781097081

REC'D JUL 12 2006

WR GRACE PIQ 39806-0092

PART II. ASBESTOS-RELATED CONDITIONS (continued)

b.  **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

> **Subject to foregoing objections, one or more of the following may apply. The answer may be derived from the attached medical documentation.**

[ ]  findings by a pathologist certified by the American Board of Pathology

[ ]  evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

[ ]  evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

[ ]  evidence of asbestosis determined by pathology

[ ]  evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

[ ]  evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

[ ]  diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

[ ]  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

[ ]  other (please specify): _____

c.  **Other Cancer:**

(i)   If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

[ ] colon          [ ] pharyngeal          [ ] esophageal          [ ] laryngeal          [ ] stomach cancer

[ ] other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

[ ] findings by a pathologist certified by the American Board of Pathology

[ ] evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

[ ] evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health.

[ ] evidence of asbestosis determined by pathology

[ ] a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

[ ] other (please specify): _____

2

BARCODE: 000781097081

WR GRACE PIQ 39806-0003

**d.  Clinically Severe Asbestosis:**If alleging Clinically Severe Asbestosis, was your diagnosis based on th apply):

[ ]   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

[ ]   a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

[ ]   a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

[ ]   asbestosis determined by pathology

[ ]   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

[ ]   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

[ ]   a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

[ ]   other (please specify):  _____

**e.  Asbestosis:**If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

[ ]   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

[ ]   a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

[ ]   a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

[ ]   asbestosis determined by pathology

[ ]   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

[ ]   a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

[ ]   other (please specify):  _____

3

BARCODE: 000781097081

████████████████████████████████████████████████████████

WR GRACE PIQ 39806-0004

f.   **Other Asbestos Disease:** If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other th̶ was your diagnosis based on the following (check all that apply):

[ ]   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

[ ]   diagnosis determined by pathology

[ ]   a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse    pleural Pneumoconioses (2000)
thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and*

[ ] a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

[ ] a chest x-ray reading  other than those described above

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

[ ]   a pulmonary function test other than that discussed above

[ ]    a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

[ ]   a CT Scan or similar testing

[ ]   a diagnosis other than those above

[ ] other (please specify):   _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

4

BARCODE:  000781097081

WR GRACE PIQ 39806-0005

**2. Information Regarding Diagnosis** Subject to foregoing objections, please refer to claimant's responses b[...] records attached hereto.

Date of Diagnosis: _____    _____

Diagnosing Doctor's Name: _____

Diagnosing Doctor's Specialty: _____

Diagnosing Doctor's Mailing Address: _____
    Address

_____
City                                State/Province            Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: _____    _____

With respect to your relationship to the diagnosing doctor, check all applicable boxes: Except as otherwise indicated, please refer to the foregoing objections with respect to claimant's relationship to doctors and clinicians.

Was the diagnosing doctor your personal physician? ................................................................ [ ] Yes [ ] No

Was the diagnosing doctor paid for the diagnostic services that he/she performed? ................... [ ] Yes [ ] No

If yes, please indicate who paid for the services performed: _____

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? ............... [ ] Yes [ ] No

Was the diagnosing doctor referred to you by counsel? .......................................................... [ ] Yes [ ] No

Are you aware of any relationship between the diagnosing doctor and your legal counsel? ............... [ ] Yes [ ] No

If yes, please explain: _____

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? See attached medical documentation, if applicable. ............................................ [ ] Yes [ ] No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? See attached medical documentation, if applicable. ............................................ [ ] Yes [ ] No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? See attached medical documentation, if applicable. ............................................ [ ] Yes [ ] No

Did the diagnosing doctor perform a physical examination? See attached medical documentation, if applicable. [ ] Yes [ ] No

Do you currently use tobacco products? ........................................................................ [ ] Yes [ ] No

Have you ever used tobacco products? ........................................................................ [ ✗ ] Yes [ ] No

If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:

[ ✗ ] Cigarettes    Packs Per Day (half pack = .5) __1__    Start Year _1940_ End Year _1998_

[ ] Cigars    Cigars Per Day _____    Start Year _____ End Year _____

[ ] If Other Tobacco Products, please specify (e.g., chewing tobacco): _____
    Amount Per Day _____    Start Year _____ End Year _____

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? ................... [ ] Yes [ ] No
    See attached medical documentation, if applicable. _____

If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:
    See attached medical documentation, if applicable.

**3. Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one): Subject to foregoing objections, please refer to the attached medical documentation.

[ ] Mobile laboratory [ ] Job site [ ] Union Hall [ ] Doctor office [ ] Hospital [ ] Other: _____

Address where chest x-ray taken: _____
    Address

_____
City                                State/Province            Zip/Postal Code

BARCODE: 000781097081

5

PART — ASBESTOS-RELATED CONDITIONS (continued)

WR GRACE PIQ 39805-0006

4. Information Regarding Chest X-Ray Reading: Subject to the foregoing objections, please refer to responses in medical documentation.

Date of Reading: _____          ILO score: _____

Name of Reader: _____

Reader's Daytime Telephone Number: _____

Reader's Mailing Address: _____
                        Address

_____
City                                State/Province                Zip/Postal Code

With respect to your relationship to the reader, check all applicable boxes: Except as otherwise indicated, please refer to the foregoing objections with respect to claimant's relationship to doctors and clinicians.

Was the reader paid for the services that he/she performed? ............................................. [ ] Yes [ ] No

If yes, please indicate who paid for the services performed: _____

Did you retain counsel in order to receive any of the services performed by the reader? ................ [ ] Yes [ ] No

Was the reader referred to you by counsel? .................................................... [ ] Yes [ ] No

Are you aware of any relationship between the reader and your legal counsel? ...................... [ ] Yes [ ] No

If yes, please explain: _____

Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?
Please refer to the attached medical reports, if applicable. ...................................... [ ] Yes [ ] No
Not [ ] Yes [ ] No
If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made: _____

5.   Information Regarding Pulmonary Function Test: Subject to foregoing objections,.......Date of Test: _____
                                            please refer to responses below and attached PFT, if applicable.

List your height in feet and inches when test given: See attached PFT, if applicable........................ _____ ft _____ inches

List your weight in pounds when test given: See attached PFT, if applicable................................ _____ lbs

Total Lung Capacity (TLC): See attached PFT, if applicable................................................. _____% of predicted

Forced Vital Capacity (FVC): See attached PFT, if applicable.............................................. _____% of predicted

FEV1/FVC Ratio: See attached PFT, if applicable......................................................... _____% of predicted

Name of Doctor Performing Test (if applicable): See attached PFT, if applicable

Doctor's Specialty:    See attached PFT, if applicable

Name of Clinician Performing Test (if applicable): _____ See attached PFT, if applicable

Testing Doctor or Clinician's Mailing Address: See attached PFT, if applicable _____
                                            Address

_____
City                                State/Province                Zip/Postal Code

Testing Doctor or Clinician's Daytime Telephone Number: See attached PFT, if applicable ...

Name of Doctor Interpreting Test:    See attached PFT, if applicable

Doctor's Specialty:    See attached PFT, if applicable

Interpreting Doctor's Mailing Address: See attached PFT, if applicable.
                                    Address

_____
City                                State/Province                Zip/Postal Code

Interpreting Doctor's Daytime Telephone Number: ........................................... See attached PFT, if applicable

6

BARCODE:  000781097081