WR GRACE PIQ 39805-0007

With respect to your relationship to the doctor or clinician who performed the pulmonary function boxes: **Except as otherwise indicated, please refer to the foregoing objections with respect to claimant and clinicians.**

If the test was performed by a doctor, was the doctor your personal physician?...................................................... [ ] Yes [ ] No

Was the testing doctor and/or clinician paid for the services that he/she performed?........................................ [ ] Yes [ ] No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?.................... [ ] Yes [ ] No

Was the testing doctor or clinician referred to you by counsel?........................................................... [ ] Yes [ ] No

Are you aware of any relationship between either the doctor or clinician and your legal counsel?................................ [ ] Yes [ ] No

*If yes, please explain:* _____

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? See attached medical documentation, if applicable.............................................. [ ] Yes [ ] No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes: **Except as otherwise indicated, please refer to the foregoing objections with respect to claimant's relationship to doctors and clinicians.**

Was the doctor your personal physician?............................................................................... [ ] Yes [ ] No

Was the doctor paid for the services that he/she performed?.......................................................... [ ] Yes [ ] No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor?.............................. [ ] Yes [ ] No

Was the doctor referred to you by counsel?............................................................................ [ ] Yes [ ] No

Are you aware of any relationship between the doctor and your legal counsel?........................................ [ ] Yes [ ] No

*If yes, please explain* _____

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?                          [ ] Yes [ ] No
Please refer to the attached medical documentation, if applicable. _____

6. **Information Regarding Pathology Reports: Subject to the foregoing objections, please refer to responses below and attached medical documentation, if applicable.**

Date of Pathology Report:................................................................... _____

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
Address

| City | State/Province | Zip/Postal Code |
|---|---|---|

Doctor's Daytime Telephone Number:....................................................

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes: **Except as otherwise indicated, please refer to the foregoing objections with respect to claimant's relationship to doctors and clinicians.**

Was the doctor your personal physician?............................................................................... [ ] Yes [ ] No

Was the doctor paid for the services that he/she performed?.......................................................... [ ] Yes [ ] No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor?.............................. [ ] Yes [ ] No

Was the doctor referred to you by counsel?............................................................................ [ ] Yes [ ] No

Are you aware of any relationship between the doctor and your legal counsel?........................................ [ ] Yes [ ] No

*If yes, please explain:* _____

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?

See attached medical documentation, if applicable..................................................................... [ ] Yes [ ] No

7

BARCODE: 000781097081

WR GRACE PIQ 39806-0008

7. With respect to the condition alleged, have you received medical treatment from a doctor for the condition? Please re
foregoing objections.

..................................................................................................................................................................... [ ] Yes [ ] No

*If yes, please complete the following:*

Name of Treating Doctor: _____

Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____

                                 Address

| City | State/Province | Zip/Postal Code |
| --- | --- | --- |

Treating Doctor's Daytime Telephone number:................................................................ _____

Was the doctor paid for the services that he/she performed?................................................[ ] Yes [ ] No

*If yes, please indicate who paid for the services performed:*.....................................  _____

**Did you retain counsel in order to receive any of the services performed by the doctor?**............................[ ] Yes [ ] No

[REMAINDER OF PAGE INTENTIONALLY BLANK]

8

BARCODE: 000781097081

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

    (a) A worker who personally mixed Grace asbestos-containing products

    (b) A worker who personally removed or cut Grace asbestos-containing products

    (c) A worker who personally installed Grace asbestos-containing products

    (d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

    (e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

    (f) If other, please specify.

**Site of Exposure: Subject to the foregoing objections, please refer to the attached WHS, if applicable. For additional information responsive to this question, the claimant has provided an executed Social Security Statement of Earnings Authorization Form.**

Site Name: _____ Location: _____

Site Type: [ ]Residence [ ]Business    Site Owner: _____

Employer During Exposure: _____ Unions of which you were a member during your employment: _____

| | | | | | |
|---|---|---|---|---|---|
| Job 1 Description: | | | | | |
| Job 2 Description: | | | | | |
| Job 3 Description: | | | | | |
| Job 4 Description: | | | | | |
| Job 5 Description: | | | | | |
| Job 6 Description: | | | | | |

WR GRACE PIQ 39806-0009

BARCODE: 000781097081



WR GRACE PIQ 39605-0010

**PART IV: INJURY FROM EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS**

1.  Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity

    with another injured person?.................................................................................................................[ ] Yes [X] No

    *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2.  Please indicate the following information regarding the other injured person: Subject to the foregoing objections, please refer to attached WHS, if applicable.

    Name of Other Injured Person: _____          Gender: [ ] Male [ ] Female

    Last Four Digits of Social Security Number: _____          Birth Date: _____

3.  What is your Relationship to Other Injured Person: Subject to the foregoing objections, please refer to attached WHS, if applicable. .......................................................................... [ ] Spouse [ ] Child [ ] Other

4.  Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:
    Subject to the foregoing objections, please refer to attached WHS, if applicable.

5.  Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:
    Subject to the foregoing objections, please refer to attached WHS, if applicable.
                                                      From: _____          To: _____

6.  Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:
    Subject to the foregoing objections, please refer to attached WHS, if applicable.

7.  Has the Other Injured Person filed a lawsuit related to his/her exposure?.................................................[ ] Yes [ ] No
         Subject to the foregoing objections, please refer to attached WHS, if applicable.

    *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

    Caption: _____

    Case Number: _____          File Date: _____

    Court Name: _____

8.  Nature of Your Own Exposure to Grace Asbestos-Containing Product:
    Subject to the foregoing objections, please refer to attached WHS, if applicable.

9.  Dates of Your Own Exposure to Grace Asbestos-Containing Product:
    Subject to the foregoing objections, please refer to attached WHS, if applicable.
                                                      From: _____          To: _____

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:

    Subject to the foregoing objections, please refer to attached WHS, if applicable.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

BARCODE: 000781097081

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked. In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products
(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

| Party Against which Lawsuit or Claim was Filed: |
| --- |
| See attached list of parties against which lawsuit or claim was filed. |

Subject to the foregoing objections, for exposure information, see attached WHS, if applicable. For additional information responsive to this question, the claimant has provided an executed Social Security Statement of Earnings Authorization Form.

| Site of Exposure 1 | Job 1 Description: | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| Site Name: | | | | | | |
| Address: | Job 2 Description: | | | | | |
| City and State: | | | | | | |
| Site Owner: | Job 3 Description: | | | | | |
| Site of Exposure 2 | Job 1 Description: | | | | | |
| Site Name: | | | | | | |
| Address: | Job 2 Description: | | | | | |
| City and State: | | | | | | |
| Site Owner: | Job 3 Description: | | | | | |
| Site of Exposure 3 | Job 1 Description: | | | | | |
| Site Name: | | | | | | |
| Address: | Job 2 Description: | | | | | |
| City and State: | | | | | | |
| Site Owner: | Job 3 Description: | | | | | |

11

WR GRACE PIQ 39805-0011

BARCODE: 000781097081

WR GRACE PIQ 39805-0012

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed. Subject to the foregoing objections, please refer to attached WHS, if applicable. For additional information responsive to this question, the claimant has provided an executed Social Security Statement of Earnings Authorization Form.

Occupation Code: _____    If Code 59, specify:............................    _____

Industry Code: _____    If Code 118, specify: _____    _____

Employer: _____

Beginning of Employment: _____    End of Employment: _____

Location: _____
    Address

City _____    State/Province _____    Zip/Postal Code _____

Occupation Code: _____    If Code 59, specify:............................    _____

Industry Code: _____    If Code 118, specify: _____    _____

Employer: _____

Beginning of Employment: _____    End of Employment: _____

Location: _____
    Address

City _____    State/Province _____    Zip/Postal Code _____

Occupation Code: _____    If Code 59, specify:............................    _____

Industry Code: _____    If Code 118, specify: _____    _____

Employer: _____

Beginning of Employment: _____    End of Employment: _____

Location: _____
    Address

City _____    State/Province _____    Zip/Postal Code _____

Occupation Code: _____    If Code 59, specify:............................    _____

Industry Code: _____    If Code 118, specify: _____    _____

Employer: _____

Beginning of Employment: _____    End of Employment: _____

Location: _____
    Address

City _____    State/Province _____    Zip/Postal Code _____

BARCODE: 000781097081

WR GRACE PIQ 39806-0013

**a.** **LITIGATION** Subject to the foregoing objections, please refer to claimant's responses below. C
limited to the asbestos-related lawsuit where the Debtor was sued.

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?.................................................. [X] Yes [ ] No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit. For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption: _____ vs. AC & S et al. _____

   Case Number: C-48-AB-2004-028 _____    File Date: 02/20/2004 _____

   Court Name: NORTHAMPTON COUNTY COURT OF COMMON PLEAS _____

3. Was Grace a defendant in the lawsuit?................................................................................................. [ ] Yes [ ] No

4. Was the lawsuit dismissed against any defendant? Subject to the foregoing objections, please see attached...........[ ] Yes [ ] No
   list of parties, if applicable.

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:* Please refer to foregoing objections _____

5. Has a judgment or verdict been entered? Subject to the foregoing objections, please see attached list of parties,....[ ] Yes [ ] No
   if applicable.

   *If yes, please indicate verdict amount for each defendant(s):* _____
6. Was a settlement agreement reached in this lawsuit? Subject to the foregoing objections, please see attached.........[ ] Yes [ ] No
   List of Parties, if applicable.

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant:    Please refer to the foregoing objections.

   b. Applicable defendants:    Subject to the foregoing objections, please see attached List of Parties, if applicable.

   c. Disease or condition alleged: Subject to the foregoing objections, please see attached List of Parties, if applicable.

   d. Disease or condition settled (if different than disease or condition alleged): Subject to the foregoing objections, please see
      attached List of Parties, if applicable.

7. Were you deposed in this lawsuit? Please refer to foregoing objections.................................................. [ ] Yes [ ] No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

**b.** **CLAIMS** Subject to the foregoing objections, please refer to Claimant's responses below. Claimant's responses are limited
to asbestos-related personal injury claims.

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust
   (other than a formal lawsuit in court)?.......................................................................................... [ ] Yes [ ] No

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted: .................... Subject to the foregoing objections, please see attached List of Parties, if applicable.

3. Person or entity against whom the claim was submitted: Subject to the foregoing objections, please see attached List of Parties,
   if applicable.

4. Description of claim: Subject to the foregoing objections, asbestos personal injury claim.

5. Was claim settled? Subject to the foregoing objections, please see attached List of Parties, if applicable.................[ ] Yes [ ] No

6. Please indicate settlement amount: Please refer to foregoing objections................................................$ _____

7. Was the claim dismissed or otherwise disallowed or not honored? Subject to the foregoing objections, please see attached List
   of Parties, if applicable.......................................................................................................... [ ] Yes [ ] No

   *If yes, provide the basis for dismissal of the claim:*........................................................Please refer to the foregoing objections

REDACTED

13

**BARCODE: 000781097081**

WR GRACE PIQ 39806-0014

Subject to the foregoing objections, please refer to attached list of dependents, if applicable.

Name of Dependent or Related Person: _____   Gender: [ ] Male [ ] Female

Last Four Digits of Social Security Number: _____   Birth Date: _____

Financially Dependent: ..................................................................................[ ] Yes [ ] No

Relationship to Injured Party: [ ] Spouse [ ] Child [ ] Other .............If other, please specify _____

Mailing Address: _____

Address _____

City _____   State/Province _____   Zip/Postal Code _____

Daytime Telephone number: .......................................................

Please use the checklists below to indicate which documents you are submitting with this form. Copies:

[x] Medical records and/or report containing a diagnosis (if applicable)
[x] Lung function test results (if applicable)
[x] Lung function test interpretations (if applicable)
[x] Pathology reports (if applicable)
[x] Supporting documentation of exposure to Grace, asbestos-containing products (if applicable)
[x] Supporting documentation of other asbestos exposure (if applicable)

[ ] X-rays
[x] X-ray reports/interpretations (if applicable)
[ ] CT scans
[x] CT scan reports/interpretations (if applicable)
[ ] Depositions from lawsuits indicated in Part VII of this Questionnaire
[x] Death Certification (if applicable)

Originals:

[ ] Medical records and/or report containing a diagnosis
[ ] Lung function test results
[ ] Lung function test interpretations
[ ] Pathology reports
[ ] Supporting documentation of exposure to Grace asbestos-containing products

[ ] Supporting documentation of other asbestos exposure
[ ] X-rays
[ ] X-ray reports/interpretations
[ ] CT scans
[ ] CT scan reports/interpretations
[ ] Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.
TO BE COMPLETED BY THE INJURED PERSON.

I swear, under penalty of perjury, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____

Please Print Name: _____   **REDACTED**   Date: 2-4-06

TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____   Date: 12 / 09 / 2005

Please Print Name: **Paul Matheny, Esq.**

BARCODE: 000781097081



# LAW OFFICES OF PETER G. ANGELOS
## Direct Exposure to Debtor's Asbestos Containing Products

**CLIENT SSN:**

**CLIENT NAME:**    REDACTED

**Site of Exposure**

Site Name:           BETHLEHEM STEEL
Site Sub-location:   MILL/LEHIGH
City:                BETHLEHEM                          State:  PA
Employer             UNKNOWN
Site Work Dates:     01/01/40      To:  12/31/85
Union:               STEELWORKER
Occupation Code:  56                             Industry Code:  104

**Products:**   (Identified by personal or co-worker).

| Manufacturer | Trade Name | Purpose |
|---|---|---|
|  | MONO-KOTE | CEMENT |
| WR GRACE | MONO-KOTE MK3 | BAGS |

000781097081

# LAW OFFICES OF PETER G. ANGELOS
## List of Parties Against Which Lawsuit or Claim Was Filed

CLIENT SSN:

CLIENT NAME:    **REDACTED**

| DEFENDANT | STATUS | DISEASE ALLEGED | DISEASE SETTLED |
|---|---|---|---|
| A.P. GREEN INDUSTRIES, INC. | Unresolved | | |
| A.W. CHESTERTON COMPANY | Unresolved | | |
| AC&S, INC. | Unresolved | | |
| ALLIED SIGNAL INC. | Unresolved | | |
| ARMSTRONG WORLD INDUSTRIES INC | Unresolved | | |
| AVENTIS CROP SCIENCE, INC. | Unresolved | | |
| CELOTEX CORPORATION | Settled | LUNG CANCER | LUNG CANCER |
| CLEAVER-BROOKS CORPORATION | Unresolved | | |
| COMBUSTION ENGINEERING | Settled | LUNG CANCER | LUNG CANCER |
| CROWN, CORK & SEAL CO., INC. | Unresolved | | |
| DAIMLER CHRYSLER CORP. | Unresolved | | |
| DIXON TICONDEROGA CO. | Unresolved | | |
| FAIRMONT SUPPLY COMPANY | Unresolved | | |
| FERRO ENGINEERING DIVISION | Unresolved | | |
| FIBREBOARD CORPORATION | Unresolved | | |
| FLINTKOTE CO. | Unresolved | | |
| FORD MOTOR COMPANY | Unresolved | | |
| FORTY-EIGHT INSULATIONS, INC. | Settled | ALD | ALD |
| FOSECO, INC. | Unresolved | | |
| FOSTER WHEELER CORPORATION | Unresolved | | |
| GAF CORPORATION | Unresolved | | |
| GARLOCK, INCORPORATED | Settled | ALD | ALD |
| GENERAL ELECTRIC COMPANY | Unresolved | | |
| GENERAL MOTORS CORP. | Unresolved | | |
| GENERAL REFRACTORIES CORP. | Unresolved | | |
| GOODYEAR TIRE & RUBBER CO. | Unresolved | | |
| H.B. FULLER COMPANY | Unresolved | | |
| H.K. PORTER CO., INC. | Settled | ALD | ALD |
| HARBISON-WALKER REFRACTORIES (DRESSER) | Unresolved | | |
| HERCULES CHEMICAL COMPANY | Unresolved | | |
| HERCULES, INC. | Unresolved | | |
| J.H. FRANCE REFRACTORIES CO. | Settled | ALD | ALD |
| JOHN CRANE-HOUDAILLE, INC. | Unresolved | | |
| METROPOLITAN LIFE INS. CO. | Settled | LUNG CANCER | LUNG CANCER |
| MINNESOTA MINING & MANUFACTURING CO. | Unresolved | | |
| MORGAN ENGINEERING fka ALLIANCE MACHINES | Unresolved | | |
| MORGAN ENGINEERING fka MORGAN CRANE | Unresolved | | |
| NORTH AMERICAN REFRACTORIES CO | Unresolved | | |
| OWENS-CORNING FIBERGLAS CORP. | Unresolved | | |
| OWENS-ILLINOIS GLASS CO. | Unresolved | | |
| PARS MFG. CO. | Unresolved | | |
| PFIZER CORPORATION | Unresolved | | |

000781097081



WR GRACE  PIQ  39806-0017

## LAW OFFICES OF PETER G. ANGELOS
### List of Parties Against Which Lawsuit or Claim Was Filed

CLIENT SSN:

CLIENT NAME:　　**REDACTED**

| DEFENDANT | STATUS | DISEASE ALLEGED | DISEASE SETTLED |
|---|---|---|---|
| PREMIER REFRACTORIES, INC. | Unresolved | | |
| QUIGLEY CO., INC. | Unresolved | | |
| RAPID AMERICAN CORPORATION | Unresolved | | |
| READING CRANE & ENGINEERING | Unresolved | | |
| REUNION INDUSTRIES, INC. | Unresolved | | |
| SHEPARD NILES | Unresolved | | |
| U.S. MINERAL PRODUCTS CO. | Unresolved | | |
| UNION CARBIDE CORPORATION | Unresolved | | |
| UNIROYAL FIBER & TEXTILE | Unresolved | | |
| UNIROYAL, INC. | Unresolved | | |
| UNITED STATES GYPSUM COMPANY | Unresolved | | |
| UNIVERSAL REFRACTORIES COMPANY | Unresolved | | |
| VIACOM, INC. | Unresolved | | |
| W.R. GRACE & CO. - CONN. | Unresolved | | |

000781097081

# LAW OFFICES OF PETER G. ANGELOS
## Client Dependent Report



WR GRACE PIQ 39805-0018

**CLIENT SSN:**

**CLIENT NAME:** _____ REDACTED _____

Dependent Name:
Dependent SSN:
Date of Birth:
Relationship:
Address:          REDACTED
City:
State:
Zip Code:
Phone:

Dependent Name:
Dependent SSN:
Date of Birth:
Relationship:      Surviving Child
Address:
City:             REDACTED
State:
Zip Code:
Phone:

000781097081



WR GRACE PIQ 39806-0019

CLIENT INFORMATION          FEELEY FORM           DATE: 11/6/00
PGA File # :   ALN49815

| | |
|---|---|
| NAME  : | MARITAL STATUS: |
| D.O.B.: | Widowed |
| D.O.D.:     **REDACTED** | |
| S.S.# : | DEPENDENT CHILDREN: |
| | |
| SPOUSE: | None |
| D.O.B.: | |
| D.O.D.: | |
| S.S.# : | |

| | |
|---|---|
| EMPLOYMENT INFORMATION: | ASBESTOS EXPOSURE: |
| | |
| U.S.W.A. | Total # Years: 40 |
| "Super Dor" Asbestos Shingles Siding | |
| | Specific Years: USWA 1940,1969-1985 |
| LOCAL #: 2599 | SuperDor 1946-1969 |

| | |
|---|---|
| SMOKING HISTORY: | AUTOPSY: |
| | |
| YES_X   NO___ | YES ___   NO  X |
| | |
| IF YES, | |
| FROM: 1945-Present | |

DIAGNOSIS INFORMATION:

| Name of Doctor: | Date of Diagnosis: | Diagnosis |
|---|---|---|
| 1. John B. Paulus, D.O. | 12/11/98 | Asbestosis |

CHEST X-RAY INFORMATION:

| Name of Doctor: | Date of X-Ray: | Result of X-Ray |
|---|---|---|
| 1. James V. Scutero, M.D. | 10/30/98 | Interstitial Fibrosis |

SUIT FILED???
YES_x_ NO____
IF YES,
COURT  : Northampton County Court of Common Pleas
CASE # : C0048AB2000000340



WR GRACE PIQ 39806-0020

## AUTHORIZATION FOR RELEASE OF EARNINGS INFORMATION AND EMPLOYMENT RECORDS FROM THE SOCIAL SECURITY ADMINISTRATION

**AUTHORIZATION:**

I hereby authorize the Social Security Administration to furnish to the law firm of Kirkland & Ellis, LLP, its partners, employees and agents, any and all earnings information and employment records ("SSA Employment Records") pertaining to:

Name:

**REDACTED**

Other Name(s) Used (Including Maiden Name):

REDACTED

Social Security Number          Date of Birth

**REDACTED**

I hereby further authorize Kirkland & Ellis, LLP to prepare and sign a Request for Social Security Earnings Information (Form SSA-7050-F4) on my behalf in order to permit Kirkland & Ellis, LLP to request my SSA Employment Records from the Social Security Administration.

**AUTHORIZED PERSONS AND ENTITIES:**

This release authorizes Kirkland & Ellis, LLP to obtain, receive and use my SSA Employment Records in connection with the bankruptcy estimation proceeding within *In re W.R. Grace & Co. et al.*, United States District Court for the District of Delaware, Case No. 01-01139 (JKF)("W.R. Grace Estimation Proceeding").

This Authorization is contingent upon the following information being disclosed only to persons involved in the W.R. Grace Estimation Proceeding, that it will be held in strict confidence by persons who receive it, and that it will be used only for purposes related to the proceeding: (1) my social security number; (2) my SSA Employment Records; and (3) information contained in my SSA Employment Records when disclosed in conjunction with my name, address, or social security number.

**DURATION:**

This Authorization shall become effective immediately and shall expire upon final resolution of the W.R. Grace Estimation Proceeding identified above.

**SIGNATURE:**

**REDACTED**                         2-4-06
                                      Date

If the Authorization is signed by a Personal Representative of the individual, a description of such representative's authority to act for the individual.  Personal Representative, if applicable

BARCODE: 000781097081



*Allentown Internal Medicine, Ltd.*
*John B. Paulus, D.O., Internist*
*Diplomate American Board of Internal Medicine*



WR GRACE PIQ 39806-0021

December 11, 1998

Attorney George Weber
60 W. Broad Street
Suite 104
Bethlehem, PA 18018

RE:

### REDACTED



Dear Attorney Weber:

**HISTORY OF PRESENT ILLNESS:** This 78 year old gentlemen was evaluated for asbestos related lung disease.

**PULMONARY HISTORY:**                    describes a decrease in his exercise capacity over the last decade. He enjoys walking and has noted a marked decrease in his ability to walk up a slight incline without significant shortness of breath. He has a cough, more severe in the morning which is productive of white sputum. He has occasionally coughed up some blood. He wheezes or "whistles" especially with any exertion. He becomes markedly short of breath with one flight of steps and has pleuritic chest pain with any exertion. He describes an increase in the frequency and severity of "chest colds", experiencing 5 or 6 per Winter season. He denies having TB, asthma or sinusitis as an explanation for his increased pulmonary symptoms which he describes as "bronchitis".

**OCCUPATIONAL HISTORY:** After high school, in 1940, at the age of 20 Mr.            worked for approximately 1 ½ years at Bethlehem Steel as an electric welder. He was then drafted and served in the south Pacific for almost 5 years. He returned after suffering denge fever and complained of residual malaria. He tried to resume working at Bethlehem Steel, but a physician recommended that he seek "outdoor" employment and he then became an independent subcontractor for building and siding. He recalls using "super door" asbestos shingles in his work on an almost daily basis. After 20 years, he states there was a housing recession and he returned to work at Bethlehem Steel from 1969 until 1985 as an electric welder. He occasionally wore a respirator, but recalls being in the direct vicinity of the pipe fitters as they covered and uncovered the pipes, without respiratory protection. He was also working in the direct vicinity of the brick layers as they placed asbestos block to reline the furnaces.

(continued)

OMEGA BUILDING    •    1150 S. CEDAR CREST BLVD., SUITE 101    •    ALLENTOWN, PENNSYLVANIA 18103
TELEPHONE (610) 776-6666    •    FAX (610) 776-0179



WR GRACE PIQ 39805-0022

He was exposed to asbestos cement, either being poured, cut or drilled. As an electric welder he used asbestos products for heat and fireproofing protection, and also worked with asbestos gaskets and covers. He wore asbestos clothing.

**SOCIAL HISTORY:**   He smokes ½ pack of cigarettes per day. He denies using alcohol.

**PAST MEDICAL HISTORY:**   Is negative for rheumatic fever, scarlet fever, diabetes, TB, hepatitis, heart disease, kidney disease, seizures or migraines. He has hypertension, diagnosed 10 years ago.

**PAST SURGICAL HISTORY:**   He recently underwent a colonoscopy, right inguinal hernia (possibly exacerbated by frequent coughing).

**CURRENT MEDICATIONS:**   Include Dilacor, Asa and occasional sleeping tablet

**REVIEW OF SYSTEMS:**   In general, he denies weight loss, fever or chills, but has occasional night sweats. He has increased fatigue as described above. He denies having headache, but complains of occasional sore throat and hoarseness. He has chest pain with exertion and hemoptysis as described above. He occasionally has GERD. He denies having abdominal pain, constipation or melena, but occasional hip and leg pain.

**PHYSICAL EXAMINATION:**   Reveals a 78 year old gentlemen, somewhat unsteady. BP is 150/80. Pulse 80. Respiration 20. Height 5'7". Weight 210 pounds. HEENT exams shows no sclerokeratoiritis. No neck vein distension. He wears dentures. Chest exam reveals bilateral crackles. Heart sounds are distant. Abdomen soft, non tender with no organomegaly or masses. Rectal exam was deferred. Extremities show a trace of edema with no calf tenderness.

**PULMONARY FUNCTION TESTS:**   Demonstrate decrease in CO diffusion.

**CHEST X-RAY:**   Demonstrate irregular opacities.

**IMPRESSION:**   This 78 year old gentlemen suffers from pulmonary asbestosis based on his documented occupation exposure at Bethlehem Steel. After a latency period consistent with asbestos lung disease he has developed pulmonary symptoms which prevent his enjoyment of leisure activities, such as walking. He has considerable distress when he faces an incline. His PFT's demonstrate decreased CO diffusion capacity and on physical examination he has bilateral crackles. His chest x-ray is compatible with asbestos lung disease.

(continued)

WR GRACE PIQ 39805-0023

REDACTED

was advised the increased risk of pulmonary, pleural or gastrointestinal malignancy because of his asbestos exposure.

Sincerely,

John B. Paulus, D.O., Diplomate, American Board of Internal Medicine

JBP/tk



WR GRACE PIQ 39805-0024

# JAMES V. SCUTERO, M.D.

Pulmonary Disease, Inhalation Allergies, and Occupational Pulmonary Medicine

3100 London Blvd., Suite 4 • Portsmouth, VA 23707 • Phone (757) 393-6069 • Fax (757) 397-7561

**REDACTED** (left margin)

**REDACTED** (right margin)

WORKER'S Social Security Number _____   TYPE OF READING [ A / B / P ]   FACILITY IDENTIFICATION [ ][ ][ ][ ]

| 1A. DATE OF X-RAY | 1B. FILM QUALITY | If Not Grade 1 Give Reason: | 1C. IS FILM COMPLETELY NEGATIVE? |
|---|---|---|---|
| MONTH DAY YR | [✓] 2 3 U/R | | YES [ ] Proceed to Section 5   NO [ ] Proceed to Section 2 |

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**  YES [✓] COMPLETE 2B and 2C   NO [ ] PROCEED TO SECTION 3

**2B. SMALL OPACITIES**
- a. SHAPE/SIZE — PRIMARY: p s [✓(q)] r u   SECONDARY: p s [✓(q)] r u
- b. ZONES
- c. PROFUSION: 0/- 0/0 0/1 | 1/0 1/1 1/2 | 2/1 2/2 2/3 | 3/2 3/3 3/+
- R L

**2C. LARGE OPACITIES**  SIZE [∅] A B C   PROCEED TO SECTION 3

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**  YES [ ] COMPLETE 3B, 3C and 3D   NO [✓] PROCEED TO SECTION 4

**3B. PLEURAL THICKENING**
- a. DIAPHRAGM (plaque) SITE [ O R L ]
- b. COSTOPHRENIC ANGLE SITE [ O R L ]

**3C. PLEURAL THICKENING ... Chest Wall**

| | a. CIRCUMSCRIBED (plaque) | | b. DIFFUSE | |
|---|---|---|---|---|
| SITE | O R | O L | O R | O L |
| IN PROFILE i. WIDTH | 0 A B C | 0 A B C | 0 A B C | 0 A B C |
| ii. EXTENT | 0 1 2 3 | 0 1 2 3 | 0 1 2 3 | 0 1 2 3 |
| FACE ON iii. EXTENT | 0 1 2 3 | 0 1 2 3 | 0 1 2 3 | 0 1 2 3 |

**3D. PLEURAL CALCIFICATION**

| SITE O R EXTENT | | SITE O L EXTENT |
|---|---|---|
| a. DIAPHRAGM 0 1 2 3 | | a. DIAPHRAGM 0 1 2 3 |
| b. WALL 0 1 2 3 | | b. WALL 0 1 2 3 |
| c. OTHER SITES 0 1 2 3 | | c. OTHER SITES 0 1 2 3   PROCEED TO SECTION 4 |

**4A. ANY OTHER ABNORMALITIES?**  YES [ ] COMPLETE 4B and 4C   NO [✓] PROCEED TO SECTION 5

**4B. OTHER SYMBOLS (OBLIGATORY)**

[ O ] ax bu ca cn co cp cv di ef em es fr hi ho id ih kl pi px rp tb

Report items which may be of present clinical significance in this section.   (SPECIFY od.) [ OD ]   Date Personal Physician notified?  MONTH DAY YR

**4C. OTHER COMMENTS**
_____
_____
_____

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C?  [ YES NO ]  PROCEED TO SECTION 5

**5. FILM READER'S INITIALS** [ J N S ]   PHYSICIAN'S SOCIAL SECURITY NUMBER* [ ][ ][ ][ ][ ][ ][ ][ ][ ]   DATE OF READING  MONTH DAY YR  [ 11 ][ 13 ][ 78 ]

Complete if social security number is not furnished:

NAME (LAST—FIRST—MIDDLE) _____

STREET ADDRESS _____  CITY _____  STATE __  ZIP CODE _____

*Furnishing your social security number is voluntary. Your refusal to provide this number will not affect your right to participate in this program.

PULMONARY FUNCTION LABORATORY REPORT

PT:                                                                    PT#:

DATE: 12/11/98    TIM

HT: 67.Q in      WT: 210.0 lb      SEX: M   AGE: 78   BP: 761   TEMP
PHYSICIAN: PAULUS                  TECH: ESK
SMK HX: SMOKES CIGARETTES 50Y 0.5P/DAY     25PACK/YRS
DIAGNOSIS: N/A
CALIBRATION VERIFIED

PRED-COLLINS3

|              |         | Pre-Drug* Actual | %Pred | Predicted |
|--------------|---------|---------|-------|-----------|
| Spirometry   |         |         |       |           |
| FVC          | (L)     | 2.18    | 56    | 3.89      |
| FEV1         | (L)     | 1.18    | 40    | 2.95      |
| FEV1/FVC     | (%)     | 54      | 71    | 77        |
| FEV3         | (L)     | 1.72    | 49    | 3.48      |
| FEV3/FVC     | (%)     | 79      | 87    | 90        |
| FEFmax       | (L/S)   | 4.23    |       |           |
| FEF25-75%    | (L/S)   | 0.47    | 18    | 2.64      |
| FEF25%       | (L/S)   | 1.16    |       |           |
| FEF50%       | (L/S)   | 0.53    |       |           |
| FEF75%       | (L/S)   | 0.17    |       |           |
| FIVC         | (L)     | 1.71    |       |           |
| FIF50%       | (L/S)   | 3.79    |       |           |
| TET          | (SEC)   | 8.56    |       |           |

|              |         | Pre-Drug* Actual | %Pred | Predicted |
|--------------|---------|---------|-------|-----------|
| Spirometry   |         |         |       |           |
| SVC          | (L)     | 2.02    | 52    | 3.89      |
| Test Length  | (SEC)   | 23.10   |       |           |

|              |         | Pre-Drug* Actual | %Pred | Predicted |
|--------------|---------|---------|-------|-----------|
| Spirometry   |         |         |       |           |
| MVV          | (L/MIN) | 47      | 44    | 108       |
| Test Length  | (SEC)   | 12.00   |       |           |

|              |         | Pre-Drug* Avg Actual | %Pred | Predicted |
|--------------|---------|---------|-------|-----------|
| Lung Volumes |         |         |       |           |
| IC           | (L)     | 1.74    | 58    | 3.00      |
| ERV          | (L)     | 0.28    | 28    | 0.99      |
| RV           | (L)     | 5.51    | 225   | 2.45      |
| TLC          | (L)     | 7.53    | 117   | 6.45      |
| RV/TLC       | (%)     | 73      | 192   | 38        |
| FRC          | (L)     | 5.79    | 168   | 3.44      |

|                        | Pre-Drug* Avg Actual | %Pred | Predicted |
|------------------------|---------|-------|-----------|
| Diffusion              |         |       |           |
| DCO  ml/min/mmHg       | 24.37   | 90    | 27.08     |
| DCO(adj)  ml/min/mmHg  | 24.37   | 90    | 27.08     |
| D/VA                   | 3.35    | 77    | 4.36      |
| D/VA(adj)              | 3.35    | 77    | 4.36      |
| Hb (gm/100ml)          | 14.60   |       |           |
| Washout Volume (L)     | 1.00    |       |           |

GOOD EFFORT AND COOPERATION

WR GRACE PIQ 99805-0026





WR GRACE  PIQ  39805-0027



REGISTER OF WILLS OF NORTHAMPTON COUNTY, PENNSYLVANIA

CERTIFICATE OF GRANT OF LETTERS TESTAMENTARY

COUNTY FILE NO. 2002-0965
STATE FILE NO. 4802-0965

ESTATE OF:

**REDACTED**

SOCIAL SECURITY NO.

WHEREAS, ON THE 14TH DAY OF AUGUST, 2002, A WILL DATED 07/07/1999, WAS ADMITTED TO PROBATE AS THE LAST WILL OF:

**REDACTED**

LATE OF THE CITY OF                WHO DIED ON 07/22/2002, AND

WHEREAS, A TRUE COPY OF THE WILL AS PROBATED IS ANNEXED HERETO

THEREFORE, I, DOROTHY L. COLE, REGISTER OF WILLS IN AND FOR THE COUNTY OF NORTHAMPTON, IN THE COMMONWEALTH OF PENNSYLVANIA, HEREBY CERTIFY THAT I HAVE THIS DAY GRANTED LETTERS TO

WHO BEING DULY QUALIFIED AS EXECUTRIX AGREED TO ADMINISTER THE ESTATE ACCORDING TO LAW, ALL OF WHICH FULLY APPEARS OF RECORD IN MY OFFICE AT NORTHAMPTON COUNTY COURTHOUSE, EASTON, PENNSYLVANIA

IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED THE SEAL OF MY OFFICE THE

14TH DAY OF AUGUST, 2002

DOROTHY L. COLE
REGISTER OF WILLS

SHERYL A. SELLERS
DEPUTY REGISTER OF WILLS

REDACTED



WR GRACE PIQ 38805-0028

... ... information there given is correctly copied from an original certificate of death ...
Local Registrar. The original certificate will be forwarded to the State Vital Records Office for permanent ...

**WARNING: It is illegal to duplicate this copy by photostat or photograph.**

Fee for this certificate, $2.00

*Jean B. Leister*
Local Registrar

P    8310945
No.

*July 25, 2002*
Date

COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH • VITAL RECORDS
CERTIFICATE OF DEATH

REDACTED

39

NAME OF DECEDENT

AGE 69 YRS

COUNTY OF DEATH

RACE — White

MARITAL STATUS — Married

PLACE OF DISPOSITION — Humanity Gifts Registry

DATE OF DISPOSITION — July 24, 2002

LOCATION — Philadelphia, PA

TIME OF DEATH — 11:30 A.

DATE PRONOUNCED DEAD — July 22, 2002

IMMEDIATE CAUSE —
Acute Respiratory Failure
DUE TO — Probable Pulmonary Embolus
DUE TO — Metastatic Lung Carcinoma

MEDICAL EXAMINER/CORONER

LICENSE NUMBER — MD-029856-L
DATE SIGNED — July 23, 2002

NAME AND ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH —
Samuel R. Clamber, M.D.
618 Delaware Avenue
Bethlehem, Pa. 18015

*Jean B. Leister*    46,4911    *July 24, 2002*

NAME OF DECEDENT — Becker, Frank

This is to certify that this is a true copy of the record which is on file in the Pennsylvania Division of Vital with Act 66, P.L. 304, approved by the General Assembly, June 29, 1953.



WR GRACE PIQ 36905-0029

**WARNING: It is illegal to duplicate this copy by photostat or photograph.**

Robert S. Zimmerman, Jr.
Robert S. Zimmerman, Jr., MPH
Secretary of Health



Charles Hardester
Charles Hardester
State Registrar

JUL 1 8 2002

Military Status

0177256
No.

Date

REDACTED

COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH • VITAL RECORDS
CERTIFICATE OF DEATH

| NAME OF DECEDENT | | SEX | | DATE OF DEATH |
|---|---|---|---|---|
| | | Male | | |

| AGE | | | | | | | |
|---|---|---|---|---|---|---|---|
| 82 Yrs. | | | | | | | |

DECEDENT'S USUAL OCCUPATION: Welder
KIND OF BUSINESS/INDUSTRY: Bethlehem Steel
U.S. ARMED FORCES
EDUCATION: 12
MARITAL STATUS: Widowed
RACE: White

FATHER'S NAME (First, Middle, Last)

METHOD OF DISPOSITION: Cremation
DATE OF DISPOSITION: 7/2/02
PLACE OF DISPOSITION: Cedar Hill Memorial Park
LOCATION: 908 Hanover Ave, Allentown

O'Donnell
LICENSE NUMBER: 013690 L
NAME AND ADDRESS OF FACILITY: O'Donnell FH
PN 19109

Bruce M. Chesela RN
PN351284 L
6/28/02

TIME OF DEATH: 10:50A
DATE PRONOUNCED DEAD: 6/28/02

27. PART II:
IMMEDIATE CAUSE: Lung Cancer
DUE TO (OR AS A CONSEQUENCE OF):
DUE TO (OR AS A CONSEQUENCE OF):

| WAS AUTOPSY PERFORMED? | MANNER OF DEATH | DATE OF INJURY | TIME OF INJURY | INJURY AT WORK? | DESCRIBE HOW INJURY OCCURRED |
|---|---|---|---|---|---|
| | Natural / Homicide / Accident / Pending Investigation / Suicide / Could not be determined | | | | |

CERTIFIER
Mary Skolneck D.O.
LICENSE NUMBER: OS-009718-L
July 1 2002
NAME AND ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH:
Tracy Skolnick
1510 Valley Center Pkwy
Bethlehem PA 18017

REGISTRAR'S SIGNATURE AND NUMBER
13,93,61
JUL 0 2 2002



WR GRACE PIQ 39805-0030

Sandra L. Schantz

REGISTER OF WILLS

CERTIFICATE OF GRANT OF LETTERS

FILE NO. 2002-0970

ESTATE OF

SOCIAL SECURITY NO.                    **REDACTED**

WHEREAS, on the Date of July 08, 2002
instrument dated September 25, 2001
was admitted to probate as the last will of

who died on the date of June 28, 2002.

THEREFORE, I, Sandra L. Schantz, Register of Wills in and for the
County of Lehigh, in the Commonwealth of Pennsylvania, do certify that I
have this date July 08, 2002
granted Letters TESTAMENTARY

who having duly qualified as  EXECUTOR
and having agreed to administer the estate according to law, all of which
fully appears of record in my office at Allentown, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the
seal of my office the date of July 08, 2002.

Register of Wills

PER
Deputy



WR GRACE PIQ 39606-0031

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | } | Chapter 11 |
| | } | |
| W.R. GRACE & CO., et al | } | Case No. 01-1139(JKF) |
| | } | (Jointly Administered) |
| Debtors. | } | |

## CLAIMANT'S OBJECTIONS AND RESPONSES TO THE
## W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

      Claimant[1], by and through his/her counsel, Law Offices of Peter G. Angelos, P.C., submits the following objections and responses to the "W.R. Grace Asbestos Personal Injury Questionnaire" ("Questionnaire"). In order to maintain the integrity of the formatting on Debtor's Questionnaire, Claimant has set out all of his/her general and specific objections in the following separate sections of this response and hereby incorporates each of these objections into Claimant's Questionnaire responses by reference herein.

## CLAIMANT'S GENERAL OBJECTIONS TO THE W.R. GRACE ASBESTOS
## PERSONAL INJURY QUESTIONNAIRE

      Claimant hereby files these objections in response to the Questionnaire propounded by W.R. Grace.

1.     Claimant objects to the Questionnaire and its Instructions to the extent that they impose discovery obligations beyond those of the Federal Rules of Bankruptcy Procedure and/or the rules of civil procedure in the state where Claimant filed an asbestos personal injury lawsuit. Claimant will respond to the discovery Questionnaire in accordance with those rules. Claimant objects to the Instructions as they make document requests that are overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Claimant contends that the burden and expense of responding to Debtor's Questionnaire in the format requested by Debtor outweighs its likely benefit.

2.     Claimant objects to the Questionnaire and its Instructions to the extent that they seek information or identification of documents that are attorney work product, subject to the attorney-client or consulting expert privileges, or are otherwise not discoverable under the Federal Rules of Bankruptcy Procedure or the rules of civil procedure in the state where Claimant filed an asbestos personal injury lawsuit. Claimant further objects to the Questionnaire and its Instructions to the extent it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. Inadvertent disclosure of any such information or documents shall not constitute waiver of any privilege.

3.     By providing responses to the Questionnaire, the claimant does not concede that the information provided is discoverable, relevant, or admissible. All responses are provided subject to the objections set forth herein. Each claimant reserves the right to challenge further discovery into the subject matter of the Questionnaire.

---

[1]    Throughout these Objections and Responses, the "Claimant" means the person identified in the Questionnaire Part I, Subsection a, whether living or deceased, who has or had an alleged asbestos-related disease and who filed an asbestos-related lawsuit either directly or through his/her Estate.



WR GRACE PIQ  39806-0032

4.       Claimant objects to any request in the Questionnaire that seeks any information that is not in the Claimant's control, custody, or possession; is already in the control, custody or possession of the Debtor; or is obtainable with equal or greater facility by the Debtor.  The answers to the majority of the questions in Debtor's Questionnaire may be derived or ascertained from documents produced in connection with Claimant's asbestos personal injury lawsuit to which Debtor was a party prior to filing for bankruptcy ("Claimant's Asbestos Lawsuit").  Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document from which the answer may be derived as permitted by Rule 33(d) of the Federal Rules of Civil Procedure as incorporated by Rule 7033 of the Federal Rules of Bankruptcy Procedure.

5.       In response to this Questionnaire, Claimant objects to the extent that the questions are vague, ambiguous and premature.  Moreover, Claimant objects to this Questionnaire to the extent that the scope and content of the information sought is unreasonably cumulative and duplicative.

6.       Claimant objects to this Questionnaire to the extent it requires Claimant to compile documents or information from sources not presently available to Claimants, including documents created or compiled by third parties.  Claimant objects to the Questionnaire to the extent it purports to require Claimant to gather and summarize information contained in voluminous papers that are already matters of public record.

7.       Claimant objects to this Questionnaire to the extent that the questions and their discreet sub-parts exceed twenty-five (25) in number.

8.       By submitting this response to the Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court.  Claimant reserves (i) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C. § 157(b)(5).



WR GRACE PIQ 39806-0033

## CLAIMANT'S SPECIFIC OBJECTIONS TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

### INSTRUCTIONS

1.    Claimant objects to Instruction A.1 to the extent that it purports to include claims under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement or indemnity on the ground that it is overly broad and requests information that is not relevant to the subject matter of the estimation proceeding.

2.    Claimant objects to Instruction C in its entirety and Instruction J regarding medical supporting documentation on the ground that it is vague, ambiguous and exceeds the scope of discovery in that it seeks information and documents from experts that is not discoverable and is subject to the work product and consulting expert privileges. Claimant further objects to the portion of the instruction requiring claimant to "complete a separate Part II for each initial diagnosis and any previous or subsequent diagnosis or diagnostic tests that change or conflict with the initial diagnosis," on the ground that the burden outweighs its likely benefit. Claimant further objects to the instruction to attach all x-ray readings and reports and all pulmonary function test ("PFT") results on the ground that it is overly broad and ambiguous. Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. Without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of Fed. R. Civ. P. 26(b)(4)(B):

      (a).    Claimant objects to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

      (b)    Claimant objects to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

      (c)    Claimant objects to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

      (d).    Claimant objects to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the raw data and all spirometric tracings, on which the results are based."

      (e).    Claimant objects to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

      (f).    Claimant objects to Part II of the Discovery Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses." Claimant urges this objection with regard to all "conditions" for which disclosure is requested.

      Subject to the foregoing, Claimant will attach any x-rays reports, B-reads, pulmonary function tests or pathology reports considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit.



WR GRACE PIQ 39805-0034

3.     Claimant objects to Instruction D to the extent that it requests Claimant to "attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease" on the ground that it is ambiguous and exceeds the scope of discovery in that it requests documents that are subject to the work product privilege. Further, Claimant has been barred by the Bankruptcy Code Section 362 stay from pursuing discovery against Debtors.

## PART I: IDENTITY OF INJURED PERSONS AND LEGAL COUNSEL

### Subsection (a)(7) - Daytime Telephone Number of client

Claimant objects to this inquiry on the ground that it is neither relevant nor likely to lead to the discovery of admissible evidence. Claimant is represented by counsel, as reflected herein, and may only be contacted through counsel.

## PART II: ASBESTOS-RELATED CONDITION(S)

1.     **General Objections.**  Claimant objects to Part II of the Questionnaire in its entirety on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceeding, information that is privileged, and information from experts that is non-discoverable and is subject to the consulting expert and work product privileges. Additionally, the information sought may be derived from the Claimant's discoverable medical records, which are attached to the Questionnaire. Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from Claimant's discoverable medical reports attached to the Questionnaire. Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communication between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or a representative of any attorney for Claimant. In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant.

2.     **Subsection 1(a)-(f) - Condition Being Alleged.**  Claimant objects to this question and each of its subparts (a-f) on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceeding, and information from experts that is non-discoverable and is subject to the consulting expert and work product privileges. Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from the claimant's discoverable medical reports attached to the Questionnaire. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.     **Subsection 2 - Information Regarding Diagnosis.**

a.     Claimant objects to Part II, Subsection 2 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information from experts that is non-discoverable, and seeks information that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary


WR GRACE PIQ 39806-0035

to this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information already contained in documents provided with Claimant's Questionnaire answers, and is, therefore, obtainable with equal or greater facility by the Debtors. Claimant's diagnosis of an asbestos-related condition may be based on one or more diagnostic test(s), pathology report(s) or physical examination(s). Therefore, asking Claimant to state a "date of diagnosis" is vague and ambiguous. Claimant has attached to this Questionnaire a copies of such experts' reports along with any available x-ray readings, pulmonary function test reports ("PFT") and/or pathology reports considered by Claimant's medical experts in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. Diagnosis dates and information sufficient to establish the elements for an asbestos-related cause of action under applicable state law for individual claimants can be derived from the attached reports. Other specific answers to questions from Part II, subsection 2 may also be derived or ascertained from the medical documents attached.

b.    Claimant further objects to the following questions in Part II, Subsection 2 regarding Claimant's relationship to the diagnosing doctor on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

**With respect to your relationship to the diagnosing doctor, check all applicable boxes:**

Was the diagnosing doctor your personal physician?    ☐ Yes    ☐ No
   **Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**
Was the diagnosing doctor paid for the diagnostic services that he/she performed? ☐    Yes    ☐    No
*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? ☐ Yes ☐ No
   **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges is misleading and biased and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to and/or forwarded a copy of Claimant's medical records to a medical doctor qualified to give opinions regarding asbestos-related disease.**
Was the diagnosing doctor referred to you by counsel?      ☐    Yes    ☐    No
   **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**
Are you aware of any relationship between the diagnosing doctor and your legal counsel? ☐ Yes   ☐   No
   **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**
*If yes, please explain:*

---

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.


WR GRACE PIQ S9805-0036

4.    **Subsection 3 - Information Regarding Chest X-Ray (Location of X-Ray)**

Claimant objects to Part II, Subsection 3 on the ground that it is harassing, and exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information from experts that is non-discoverable, and seeks information that is subject to the consulting expert and work product privileges. Claimant further objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray.

Subject to and without waiving the foregoing, please refer to Claimant's medical records attached hereto.

5.    **Subsection 4 - Information Regarding Chest X-Ray Reading (Results of X-Ray)**

a.    Claimant objects to Part II, Subsection 4 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, information from experts is non-discoverable, and information that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Additionally, Claimant objects to this question on the ground that it is duplicative of other questions herein, and thus is unduly burdensome. Claimant objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray. Subject to and without waiving the foregoing, in response to Part II, subsection 4, Claimant has provided information regarding Claimant's certified B-reader report considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. Claimant has provided copies of Claimant's B-reader reports as may be applicable.

b.    Claimant objects to Part II, subsection 4 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the diagnosing doctor;" if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 4 regarding Claimant's relationship to the reader on the ground that these questions are leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.



WR GRACE PIQ 38805-0037

With respect to your relationship to the reader, check all applicable boxes:

Was the reader paid for the diagnostic services that he/she performed?     ☐     Yes     ☐     No

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the reader?     ☐     Yes     ☐     No

> **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to and/or forwarded a copy of Claimant's x-ray to a medical doctor qualified to give opinions regarding asbestos-related disease.**

Was the reader referred to you by counsel?     ☐     Yes     ☐     No

> **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

Are you aware of any relationship between the reader and your legal counsel?     ☐     Yes     ☐     No

> **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

*If yes, please explain:*

> **The certified B-reader was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

**6.    Subsection 5 - Information Regarding Pulmonary Function Test**

a.    Claimant objects to Part II, Subsection 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Additionally, Claimant objects to this question to the extent that it purports to require Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, in response to Part II, Subsection 5, Claimant has provided copies of all medical reports, including pulmonary function tests ("PFT") , if available, considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit.

b.    Claimant objects to Part II, subsection 5 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the diagnosing doctor;" if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor or clinician who performed the pulmonary function test on the ground that these questions are leading, harassing and seek



WR GRACE PIQ 38805-0038

information that is not relevant to the proceeding.  Claimant has additional, specific objections for the questions noted below.

---

**With respect to your relationship to the doctor or clinician who performed the pulmonary function test, check all applicable boxes:**

If the test was performed by a doctor, was the doctor your personal physician?   ☐ Yes   ☐   No
        **Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the testing doctor and/or clinician paid for the diagnostic services that he/she performed? ☐   Yes  ☐ No
        *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? ☐ Yes  ☐   No
        **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no."  Claimant retained counsel in order to determine whether he/she had an asbestos-related claim.  As part of that analysis, Claimant's counsel referred Claimant to a doctor or clinician qualified to perform a pulmonary function test.**

Was the testing doctor or clinician referred to you by counsel? ☐        Yes        ☐        No
        **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ☐ Yes  ☐ No
        **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**
        *If yes, please explain:*
        **The doctor or clinician who performed the pulmonary function test was the doctor or clinician retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**

---

c.      Claimant objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor interpreting the results of the pulmonary function test on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, leading, harassing and seek information that is not relevant to the proceeding.  Claimant has additional, specific objections for the questions noted below.

WR GRACE PIQ 39805-0039

With respect to your relationship to the doctor interpreting the results of the pulmonary function test, check all applicable boxes:

Was the doctor your personal physician?          ☐   Yes   ☐   No
   Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.

Was the doctor paid for the services that he/she performed?          ☐   Yes   ☐   No
   *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?   ☐   Yes   ☐   No
   Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to a medical doctor qualified to interpret the results of Claimant's pulmonary function test.

Was the doctor referred to you by counsel?          ☐   Yes   ☐   No
   Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.

Are you aware of any relationship between either the doctor or clinician and your legal counsel?   ☐   Yes   ☐   No
   Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.
   *If yes, please explain:*
   The doctor who interpreted the results of the pulmonary function test was the doctor retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

7.    **Subsection 6 - Information Regarding Pathology Reports**

   a.    Claimant objects to Part II, Subsection 6 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

   b.    Claimant objects to Part II, subsection 6 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the diagnosing doctor;" if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 4 regarding Claimant's relationship to the doctor issuing the pathology report on the ground

WR GRACE PIQ 39805-0040

that these questions are leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician?         ☐  Yes    ☐   No

      **Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the doctor paid for the services that he/she performed?    ☐  Yes   ☐   No

      *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?  ☐  Yes  ☐  No

      **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim.**

Was the doctor referred to you by counsel?    ☐  Yes   ☐   No

      **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

Are you aware of any relationship between either the doctor or clinician and your legal counsel?  ☐  Yes  ☐  No

      **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

      *If yes, please explain:*

---

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

8.    **Subsection 7 - Medical Treatment From Doctor for Condition Alleged**

Claimant objects to this question on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is harassing. Additionally, Claimant objects to Part II, subsection 7 of the Discovery Questionnaire to the extent that it asks if Claimant "retained counsel in order to receive any of the services performed by the diagnosing doctor."

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

**PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS**

Claimant objects to Part III in its entirety on the ground that it is onerous, unduly burdensome and harassing in that it would require a great amount of time, labor and expense to create a chart of exposure to Debtor's products in the format requested by Debtor. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the Claimant's Work History Sheet ("WHS") attached hereto.



WR GRACE PIQ 39805-0041

## PART IV:  INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

1.  Claimant objects to Part IV, question 1 to the extent that it is vague and ambiguous with regard to the use of the terms "contact/proximity" and "injured person".  Claimant further objects to this question on the ground that it implicitly asserts unproven conclusions as established facts. Specifically, Claimant may have been injured by exposure to Grace products as a result of contact or proximity to another person, but not necessarily an "injured" person.  To the best of Claimant's ability, Claimant understands the question to ask whether Claimant's injury is caused solely by contact/proximity with another person.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

2.  Claimant objects to Part IV, question 2 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person".  Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries.  Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire.  Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.  Claimant objects to Part IV, question 3 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person".  Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries.  Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire.  Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4.  Claimant objects to Part IV, question 4 to the extent that it is vague and ambiguous with regard to the use of the undefined term  "Other Injured Person".  Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire.  Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.  Claimant objects to Part IV, question 5 to the extent that it is vague and ambiguous with regard to the use of the undefined term  "Other Injured Person".  Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire.  Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding.  Claimant also objects to this question on the ground that Claimant may not know the specific day, month,



WR GRACE PIQ 39805-0042

and year of another person's exposure and therefore cannot answer the question. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.      Claimant objects to Part IV, question 6 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

7.      Claimant objects to Part IV, question 7 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

8.      Claimant objects to Part IV, question 8 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

9.      Claimant objects to Part IV, question 9 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

10.     Claimant objects to Part IV, question 10 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Additionally, Claimant objects to this question on the ground that Claimant may not recall the exact day, month, and year his or her exposure began or ended, and, in that regard, this question is unduly burdensome. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects to Part V as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Claimant objects to this interrogatory on the ground that it is unduly burdensome, onerous and harassing in that it would require great amount of time, labor and expense to create a chart of exposure in the format requested by Debtor



WR GRACE PIQ 39806-0043

and then to create a separate chart for each party against which Claimant has filed an asbestos lawsuit or claim. Claimant further objects to Part V to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Work History Sheet. In addition, Claimant has attached to the Questionnaire a List of Parties Against which a Lawsuit or Claim was Filed ("List of Parties").

## PART VI: EMPLOYMENT HISTORY

Claimant objects to Part VI on the ground that it is unduly burdensome and harassing and it would require a great amount of time, labor and expense to complete this section of the Questionnaire in the format requested by Debtors. Claimant further objects to this question  because it requires Claimant to compile or summarize information from Claimant's Social Security records that is obtainable with equal or greater facility by the Debtor. Claimant further objects to providing information, including but not limited to, the occupation and industry codes for employers or jobsites where Claimant has not alleged any asbestos exposure as it exceeds the scope of permissible discovery in that it is not relevant to the subject matter of the estimation proceeding, and is harassing to Claimant.

Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where an executed Authorization for Release of Earnings Information and Employment Records from the Social Security Administration, and Claimant's Work History Sheet.

## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA

### Subsection a. - Litigation

1.    Claimant objects to Part VII, Subsection a, question 1 as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits; and further, it is not limited to the lawsuit in which Debtor was sued. Claimant responds to this entire Subsection a (questions 1 through 7) as if the question were so limited. Claimant further objects to this subpart to the extent that it requires Claimant to summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Responding to Part VII, Subsection a in the format in Debtor's Questionnaire is harassing and unduly burdensome. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto. Claimant's counsel does not represent Claimant in a lawsuit regarding silica.

2.    Claimant objects to Part VII, Subsection a, question 2, to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.



WR GRACE PIQ 39805-0044

3.    Claimant objects to Part VII, Subsection a, question 3 on the ground that it is harassing in that Grace knows equally as well as Claimant whether or not it was named as a defendant in Claimant's lawsuit, if any.  Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Further, Claimant objects to this subpart on the ground that it exceeds the permissible scope of discovery in that it seeks information that is not relevant to the estimation proceeding.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4.    Claimant objects to Part VII, Subsection a, question 4 on the ground that it seeks information that is neither relevant nor necessary to the estimation proceeding.  Whether a particular defendant has been dismissed has no bearing on Debtor's several share of the liability.  Additionally, Claimant objects on the ground that it is unduly burdensome to provide the basis for dismissal for each of the dismissed defendants, if any.  Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.    Claimant objects to Part VII, Subsection a, question 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant or necessary to the estimation proceeding.  The existence and amount of any verdict or judgment against any defendant other than Debtor has no bearing on Debtor's several share of the liability.  Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.    Claimant objects to Part VII, Subsection a, question 6 and each of its subparts regarding settlements reached in the lawsuit as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding and requests privileged or confidential information.  Specifically, the terms of the settlement agreements, if any, including the settlement amounts, if any, are irrelevant to an <u>aggregate</u> estimate of Debtor's liability. Claimant further objects to this subpart as it is overly broad to the extent that it seeks information beyond *asbestos-related personal injury* lawsuits.  Settlements with other defendants are irrelevant to Debtor's several share of the liability, and Debtor would get a set-off or credit for such settlements only for the cases that were tried all the way to judgment, which clearly will not happen in the context of the present proceeding.  Further, for a majority of defendants, any settlement agreements are subject to a confidentiality agreement.

    Claimant specifically objects to providing the "disease or condition alleged" and the "the disease or condition settled" (Part VII.a.6(c) and (d)) on the ground that it is ambiguous and harassing. Claimant filed a lawsuit alleging Claimant suffered injuries proximately caused by Claimant's exposure to asbestos-containing products designed, manufactured and sold by the Defendants named in the lawsuit, and any settlements were related to those allegations.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the List of Parties attached hereto. Claimant has provided information regarding the status of his/her claim against the Defendants named in Claimant's Asbestos Lawsuit in the attached List of Parties.


WR GRACE PIQ 39805-0046

7.  Claimant objects to Part VII, Subsection a, question 7 on the ground that it is overly broad and unduly burdensome. Further, Claimant's deposition testimony is duplicative of information already provided herein.   Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

## Subsection b - Claims

1.  Claimant objects to Part VII, Subsection b, question 1 as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding and requests privileged or confidential information. Claimant further objects that responding to Part VII, Subsection b in the format in Debtors' Questionnaire is harassing and unduly burdensome. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Claimant responds to this entire subsection b (questions 1 through 7) as if the questions were so limited. Subject to and without waiving the foregoing, Claimant has provided information regarding the status of his asbestos claim against any asbestos trust in the attached List of Parties.

2.  Claimant objects to Part VII, Subsection b, questions 2 and 3 on the ground that it seeks information that is neither relevant nor necessary to the estimation proceeding. The date and entity against whom a claim was submitted has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos- related personal injury* claims. Subject to and without waiving the foregoing, please see the attached List of Parties.

3.  Claimant objects to Part VII, Subsection b, questions 5 and 6 regarding settlements with an asbestos trust as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding and requests privileged or confidential information. The settlement amounts are not relevant to an aggregate estimate of Debtor's liability or to Debtor's several share of the liability. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Subject to and without waiving the foregoing, Claimant has noted the settled claims on the attached List of Parties.

4.  Claimant objects to Part VII, Subsection b, question 7 on the ground that it seeks information that is neither relevant nor necessary to the estimation proceeding. Whether a particular defendant has been dismissed has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that it is unduly burdensome to provide the basis for dismissal for each of the dismissed defendants, if any, and it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.



WR GRACE PIQ 39905-0046

## PART VIII:  CLAIMS BY DEPENDENTS OR RELATED PERSONS

Claimant objects to Part VIII on the ground that information regarding dependents or related persons who sued the Debtors before April 2, 2001 is equally available to Debtors.  Subject to and without waiving the foregoing, Claimant has provided information regarding Claimant's dependents where available.  Please see attached Dependents List and Debtors' own records for information regarding dependents.

## QUESTIONNAIRE RESPONSES

Claimant hereby incorporates by reference all of the foregoing general and specific objections into Claimant's Questionnaire responses and has provided the following responses subject to those objections.  Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document(s) from which the answer may be derived, including but not limited to Claimant's medical records, Claimant's Work History Sheet (referred to in Questionnaire response as "WHS").  In addition, Claimant has compiled information responsive to the Questionnaire in the attached List of Parties Against which a Lawsuit or Claim Was Filed (referred to in the Questionnaire responses as "List of Parties"), List of Dependents and provided an executed Authorization for Release of Earnings Information and Employment Records from the Social Security Administration.

Dated: 7/10/06

THE LAW OFFICES OF
PETER G. ANGELES, P.C.


PAUL M. MATHENY
5905 Harford Road
Baltimore, Maryland 21214
(410) 426-3200
(410) 426-6166

LAW OFFICES

# PETER G. ANGELOS
A PROFESSIONAL CORPORATION

UNION PARK CENTER
5905 HARFORD ROAD
BALTIMORE, MARYLAND 21214-1846
410-426-3200   FAX 410-426-1269
(800) 492-3240

WR GRACE PIQ 39805-0047

PAUL M. MATHENY (MD)
DIRECT DIAL: (410) 951-7173
FAX: (410) 426-6166

E-MAIL: pmatheny@lawpga.com

OTHER OFFICES:
PHILADELPHIA, PENNSYLVANIA
HARRISBURG, PENNSYLVANIA
BETHLEHEM, PENNSYLVANIA
WILMINGTON, DELAWARE
KNOXVILLE, TENNESSEE

July 10, 2006

Rust Consulting, Inc.
Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
201 S. Lyndale Avenue
Faribault, MN 55021

Re: Asbestos Personal Injury Questionnaires

Dear Claims Processing Agent:

Enclosed please find completed questionnaires submitted on behalf of clients of the Law Offices of Peter G. Angelos, P.C.   Accompanying the questionnaires are medical records, asbestos exposure/work history information and dependents information for each applicable client.  In addition to the questionnaires and supporting documentation, I am also submitting objections to the W. R. Grace Asbestos Personal Injury Questionnaire for of each client.

The completed questionnaires, supporting documentation and the objections are all submitted in electronic format on DVDs.  They are saved in PDF format and organized in folders for each client.  The medical reports are located in one folder, Questionnaire is another folder and a supplemental folder contains the supporting documentation.

The majority of our clients identified as having pre-petition claims against the debtor have completed the questionnaire.  However, some of our deceased clients's questionnaires could not be completed due to lack of a personal representatives.  We will supplement this submission as these matters resolve.

Should you have any questions concerning this submission, please contact me at 410-951-7173.

Sincerely,

Paul M. Matheny

PMM
Enclosures.

ONE CHARLES CENTER
100 N. CHARLES STREET
BALTIMORE, MD 21201-3812
410-649-2000
(800) 252-6622
FAX 410-659-1780,81,82

COURT TOWERS, SUITE 300
210 W. PENNSYLVANIA AVENUE
TOWSON, MD 21204
410-825-7200
FAX 410-296-2541

STEELWORKERS' HALL
540 DUNDALK AVENUE
BALTIMORE, MD 21224-2997
410-633-8100
FAX 410-633-0460

63 HENDERSON AVENUE
CUMBERLAND, MD 21502-2452
301-759-2700
FAX 301-759-2703

WR GRACE PIQ 39806-0048





DHL

Origin. Waybill Number: MTN 39584551941

1 800 Call-DHL

Next Day 10:30
Next Day 12:00
Next Day 3:00

2nd Day

39584 551941
39584 551941

Payment:
Bill to: Receiver  3rdParty
Paid in Advance
Billing Reference (will appear on Invoice)
# of Pkgs  Weight(LBS)  1  1

Special Instructions
SAT  HAA
LAB

MNABOA

FROM
PETER G ANGELOS
LAW OFFICE
5905 HARFORD RD
BALTIMORE        MD 21214
410-426-3200

559333866

TO
Rust Consulting
201 S. Lyndale Avenue
Faribault    MN 55021
Claims Processing Agent 800432 1909

*9-5-8-4-5-5-1-9-4-1*

001 (03/04) V 11-1
PACKAGE LABEL