**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al*. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Docket No. |
| | ) | |

**MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS REPRESENTED BY GOLDBERG PERSKY & WHITE P.C. AND MICHAEL B. SERLING, P.C. TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

In response to the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire"), the clients represented by Goldberg Persky & White P.C. and the clients of Michael B. Serling, P.C. (collectively, the "Goldberg/Serling Claimants"), have objected to providing information in response to certain questions posed in the Questionnaire. Because the objections are unfounded, Grace hereby moves to compel the Goldberg/Serling Claimants to provide all the information requested in the Questionnaire.[1]

The Goldberg Persky Claimants have informed Grace that they do not intend to respond to the Questionnaires until disputes between Grace and the Goldberg/Serling claimants regarding whether the Claimants have entered into valid settlement agreements with Grace are resolved. *See* Ltr. from M. Meyer to B. Harding (Oct. 27, 2006) (attached as Exhibit C). Grace files the present motion at this time in order to provide the Goldberg/Serling Claimants sufficient

---

1 The clients represented by Goldberg Persky who have returned Questionnaires are listed in Exhibit A (attached). The clients represented by Michael B. Serling who have returned Questionnaires are listed in Exhibit B (attached).

opportunity to supplement their responses should the Court find in favor of Grace with respect to the issues presented herein.[2]

## ARGUMENT

The Court approved the Questionnaire after extensive briefing, argument and consideration, and already has ruled that general relevance objections are unfounded and should not be maintained. Additionally, the Court has addressed the general burden objections related to providing the information requested in the Questionnaire by permitting response by way of attachment and by providing an additional year to provide the requested information. Accordingly, all general relevance and burden objections raised by the Goldberg/Serling Claimants should be overruled on their face. *See* Memorandum of Points and Authorities Concerning Background of the Questionnaire Approval Process and Objections Previously Addressed by the Court ("Background Memorandum") (attached as Exhibit D).[3]

In connection with all other objections raised by the Goldberg/Serling Claimants, it is fundamental, under both Federal Rule of Civil Procedure 26 and Federal Rule of Bankruptcy Procedure 7026, that "[p]arties may obtain discovery regarding any matter, not privileged, that is

---

2 Grace moves only to compel responses to questions in which Goldberg/Serling Claimants have objected in lieu of providing responsive information. As the Court is aware, pursuant to this Court's Order Concerning Debtors' Motion to Compel, Claimants have until November 13, 2006 to supplement their Questionnaire responses. Grace reserves its right to raise any and all objections to the sufficiency of the Goldberg/Serling Claimants' responses until the supplementation of their Questionnaire responses is complete.

3 The Goldberg/Serling Claimants refuse to answer questions contained in Part V, relating to the Claimants' non-Grace asbestos exposures, to Question 6 in Part VII, Section A, relating to the settlement of asbestos- and silica-related litigation and Questions 2-7 in Part VII, Section B on relevance grounds. That objection is unfounded as the Court has already ruled on the questions' relevance, and the Goldberg/Serling Claimants have made no showing that a particular question is not relevant to a particular Claimant's claim as required by the Court.

The Goldberg/Serling Claimants refused to answer Part V, relating to the claimants' non-Grace asbestos exposures, Question 4 in Part VII, Section A, relating to dismissal of asbestos- and silica-related lawsuits brought by the Claimants, and Questions 2-7 in Part VII, Section B, relating to non-litigation asbestos- and silica-related claims, on burden grounds. That objection is baseless as the Goldberg/Serling Claimants have not demonstrated *any* burden associated with providing these answers, let alone a burden that is "undue." Moreover, the fact that the information may be equally available to Grace does not excuse the Goldberg/Serling Claimants from their affirmative discovery obligations.

relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. Accordingly, under a motion to compel, the initial burden is on the moving party to demonstrate that the discovery sought is relevant. Once the relevance showing has been satisfied, the "party resisting discovery" bears the burden of making a specific showing as to why the information sought does not have to be provided. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (citations omitted). Because the Court already has ruled that all the questions in the Questionnaire are relevant, *see* Order Concerning Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Personal Injury Questionnaire ("MTC Order") (Docket No. 13393) (Oct. 12, 2006) at ¶ 1, the burden rests with the firms raising the objections and resisting the discovery to demonstrate why their objections should be sustained.

The Goldberg/Serling Claimants refused to answer a number of questions based on their various objections. Those objections are posed to questions relating to: (1) the Claimants' retention of counsel (Part II of the Questionnaire); (2) the Claimants' non-Grace asbestos exposures (Part V of the Questionnaire); and (3) the asbestos - and silica-related litigation and claims brought by the Claimants (Part VII of the Questionnaire). However, none of the Goldberg/Serling Claimants' objections are justified for the following reasons:

- First, the Goldberg Persky Claimants refused to answer question 6 in Part VII, Section A, relating to the settlement of asbestos- and silica-related litigation brought by the Claimants on the grounds that such information is not discoverable at this stage of the litigation under relevant state law. Although void of critical specificity that would allow the Court to assess the merits of the claim, this objection appears to be a variety of relevance objection that should be rejected as the Court has already deemed the discovery sought to be relevant to the proceeding at hand -- *i.e.*, the estimation.

- Second, the Goldberg/Serling Claimants refused to answer Question 6 in Part VII, Section A, relating to the settlement of asbestos- and silica-related litigation brought by the Claimants and Questions 2-7 in Part VII, Section B, relating to non-litigation asbestos- and silica-related claims, on grounds of confidentiality. This objection must fail, as confidentiality agreements do not immunize facts concerning a settlement from discovery.

- Third, the Goldberg/Serling Claimants refused to answer the subparts of Questions 2, 4, 5, 6, and 7 in Part II relating to the purpose of the retention of counsel on the grounds that the questions violate the attorney-client privilege. This objection is baseless as it is undisputed that questions relating to the general purpose of a person's legal representation is not privileged information and, thus, does not implicate any privilege nor have the Goldberg/Serling Claimants established that any such privilege applies.

- Fourth, the Goldberg/Serling Claimants refused to answer Question 6 in Part VII, Section A, relating to the settlement of asbestos- and silica-related litigation brought by the Claimants, and Questions 2-7 in Part VII, Section B, relating to non-litigation asbestos- and silica-related claims on the grounds that providing such information would chill settlement discussions with other defendants. The Goldberg/Serling Claimants cite no support for this proposition and there is no bar to the discovery of information relating to settlements.

## I. THE GOLDBERG PERSKY CLAIMANTS' STATE LAW RELEVANCE OBJECTION IS UNSUPPORTED.

The Goldberg Persky Claimantsobject to the following portions of the Questionnaire, as non-discoverable under state law:[4]

| Question | Text of Question | Text of Objection |
|---|---|---|
| Part VII, Section A, Question 6 | Settlement amount for each defendant [with whom the Claimant settled asbestos- or silica-related litigation]. | Claimant objects on the basis … such information is not discoverable under controlling state law at this stage of litigation. |

*See e.g.*, Questionnaire of G. G. at WR GRACE PIQ, 001779-026; Questionnaire of J. P. at WR GRACE PIQ 001786-026, (submitted by Goldberg Persky) (collectively attached as Exhibit E).[5] This objection must fail as the Court has already ruled that these questions are relevant to the *estimation* proceedings for the purposes of discovery needed by Grace for its experts. *See* MTC Order at ¶ 1; s*ee* also Tr. of Hr'g at 251 (Sept. 11, 2006) ("[I]n looking at relevance I am looking

4 This objection was asserted solely by the Goldberg Persky Claimants.

5 All exemplars cited are representative of the Questionnaires submitted on behalf of the Claimants named in Exhibit A and Exhibit B. Grace will make available to the Court the Questionnaire for any individual named in Exhibit A and/or Exhibit B upon the Court's request.

at what the experts may need."); Tr. of Hr'g at 51-52 (Dec. 19, 2005) ("What you expect to do is get the medical criteria that support [the Claimants'] claims so that your experts for the purposes of estimation can do their own analysis of that medical criteria and determine … whether or not that criteria is reliable and can be replicated and/or meets other standards.").

Goldberg Persky Claimants do not provide any citation to this "controlling state law." *See Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996) ("Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."). Indeed, the Goldberg Persky Claimants have brought cases under the law of at least three states (Pennsylvania, West Virginia, and Michigan), yet they have not cited to a single provision of any state's law that would prevent the Claimants from providing the requested discovery.

## II. THE GOLDBERG/SERLING CLAIMANTS HAVE IMPROPERLY ASSERTED CLAIMS OF PRIVILEGE.

The Goldberg/Serling Claimants have asserted objections based on the attorney-client privilege and attorney work product with respect to the following portions of the Questionnaire:

| Question | Text of Question | Text of Objection |
|---|---|---|
| Part II, Questions 2, 3, 4, 5, 6, 7 | Did you retain counsel in order to receive the services provided by the [] doctor | Goldberg Persky Claimants: Claimant objects on the grounds that information concerning the attorney-client relationship is privileged.<br>Serling Claimants: Claimant objects for the reason that information concerning the attorney-client relationship is privileged. |

*See e.g.,* Questionnaire of G. G. at WR GRACE PIQ at 001779-012 – 001779-019 (submitted by Goldberg Persky); Questionnaire of W. H. at WR GRACE PIQ 005235-026; Questionnaire of J.

M. at WR GRACE PIQ 006522-021 (submitted by Michael B. Serling) (collectively attached as Exhibit F).

Under established Third Circuit law, the burden of proving that the attorney-client privilege or work product doctrines apply and prevent the discovery of otherwise relevant information falls on the party asserting the privilege. *See In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 187 (D.N.J. 2003) ("The party asserting the privilege bears the burden of establishing those facts that are the essential elements of the privileged relationship."). Indeed, "a party who alleges privilege as a reason for not complying with a [discovery request] has the burden of proof to assert ***specific facts*** relating to specific documents [or communications] and cannot rely on conclusory statements." *Mass. Sch. of Law v. Am. Bar Assoc.*, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996) (emphasis added). The Goldberg/Serling Claimants' privilege claim is utterly devoid of any facts, let alone specific facts, that would justify their objections. Indeed, the entirety of the Goldberg/Serling Claimants' claim of privilege is contained in the conclusory statement that the objected-to questions may seek information that is "privileged." This is not enough. *See id.* at 1178 ("The purpose of the rule is to provide a party whose discovery is constrained by a claim of privilege with information sufficient to evaluate the claim and to resist it. The party claiming the privilege cannot decide the limits of his entitlement.").

It is undisputed that the attorney-client privilege "extends only to *communications* and not to facts." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) (emphasis in original); *Synalloy Corp. v. Gray*, 142 F.R.D. 266, 268 (D. Del. 1992). Likewise, the work product protection protects documents or opinions created in anticipation of litigation. *See Leonen v. Johns-Manville*, 135 F.R.D. 94, 96 (D.N.J. 1990) (holding that the work product doctrine "while protective of an attorney's opinions, does not protect the ***facts*** that underlie the opinions" and

"[a] party may obtain such facts through the adversarial process ***by asking questions*** in the appropriate areas") (emphasis added). Thus, questions seeking factual information as opposed to communications between the Claimant and his or her attorney or documents prepared by the attorney in anticipation of litigation do not fall within the privilege and must be answered. *See Upjohn*, 449 U.S. at 395; *Leonen*, 135 F.R.D. at 96.

It is similarly undisputed that questions relating to the general purpose of retaining counsel are factual in nature and, thus, fall outside the scope of the attorney-client privilege. Courts have uniformly held that, barring unusual circumstances, "[i]nquiry into the general nature of the legal services provided by counsel does not necessitate an assertion of the privilege because the general nature of services is not protected." *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1273 (Fed. Cir. 2001) (citing *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999)); *see also In re Grand Jury Proceedings*, 722 F.2d 303, 308 (6th Cir. 1983) ("The mere 'fact of consultation including the component facts of . . . scope or object of employment' is not privileged.") (citing McCormick, Evidence, § 90 (2d ed. 1972)) (collecting cases).

As the information sought by Grace is factual in nature and does not seek to invade a valid attorney-client privileged communication and the Goldberg/Serling Claimants have made no effort to meet their burden in establishing both that an attorney-client relationship existed and that the request would require the disclosure of communications protected by the attorney-client privilege, the objection is insufficient. The Goldberg/Serling Claimants should be compelled to provide the requested information.

## III. THE EXISTENCE OF CONFIDENTIALITY AGREEMENTS DOES NOT EXCUSE THE GOLDBERG/SERLING CLAIMANTS' OBLIGATION TO PRODUCE INFORMATION REGARDING SETTLEMENTS.

The Goldberg/Serling Claimants lodge a confidentiality objection to the following questions:

| Question | Text of Question | Text of Objection |
|---|---|---|
| Part VII, Section A, Question 6 | Settlement amount for each defendant [with whom the claimant settled asbestos- or silica-related litigation]. | Claimant objects for the reason that such information is confidential …. Moreover, the disclosure of such information would chill settlement discussions with any remaining defendants. |
| Part VII, Section B, Question 2 | Please indicate the settlement amount [for each asbestos- or silica-related claim brought by the claimant]. | Claimant objects for the reason that such information is confidential …. Moreover, the disclosure of such information would chill settlement discussions with any remaining defendants. |
| Part VII, Section B, Question 3 | Person or entity against whom the claim was submitted. | Claimant objects for the reason that such information is confidential …. Moreover, the disclosure of such information would chill settlement discussions with any remaining defendants. |
| Part VII, Section B, Question 4 | Description of claim. | Claimant objects for the reason that such information is confidential …. Moreover, the disclosure of such information would chill settlement discussions with any remaining defendants. |
| Part VII, Section B, Question 5 | Was claim settled? | Claimant objects for the reason that such information is confidential …. Moreover, the disclosure of such information would chill settlement discussions with any remaining defendants. |
| Part VII, Section B, Question 6 | Please indicate settlement amount. | Claimant objects for the reason that such information is confidential …. Moreover, the disclosure of such information would chill settlement discussions with any remaining defendants. |
| Part VII, Section B, Question 7 | Was the claim dismissed or otherwise disallowed or not honored? *If yes, provide the basis for dismissal of the claim.* | Claimant objects for the reason that such information is confidential …. Moreover, the disclosure of such information would chill settlement discussions with any remaining defendants. |

*See e.g.*, Questionnaire of G. G. at WR GRACE PIQ 001779-026.

These objections must fail for two reasons. First, the Goldberg/Serling Claimants fail to make specific allegations regarding these purported confidentiality agreements to allow the Court to determine whether any such privilege would apply. Second, even if the Goldberg/Serling Claimants' factual allegations were sufficient, which they are not, the mere existence of a confidentiality agreement does not prevent the disclosure of the terms of a settlement agreement.

### A. The Goldberg/Serling Claimants' Allegations Are Insufficient to Support a Claim of Confidentiality.

The Goldberg/Serling Claimants, as the parties seeking to resist the requested discovery, "must state with specificity the objection and how it relates to the particular request being opposed." *Harding*, 914 F. Supp at 1102. Instead, however, the Goldberg/Serling Claimants make cursory, equivocal allegations of some unspecified confidentiality interest.

In their response to Part VII, Section A, Question 6, for example, which asks for the amount of settlements reached with defendants in asbestos- or silica-related litigation, the Goldberg/Serling' Claimants state, "such information is confidential." *See e.g.,* Questionnaire of G. G. at WR GRACE PIQ 001779-026. This conclusory assertion of confidentiality is devoid of several key details that would be necessary for the Court to assess the propriety of any confidentiality claim. First, the Goldberg/Serling Claimants' objections render it impossible to determine the scope of the potential objection. Does the claimed confidentiality interest apply to all settlements entered into between a particular claimant, some, or none? Without specific allegations as to the scope of the purported confidentiality interest, the Court cannot possibly ascertain the alleged propriety of the objection. *See* Tr. of Hr'g at 282-83 (Jul. 19, 2005) ([The Court]: "I don't know what the scopes of those [confidentiality] agreements are."). At a

minimum, the Claimants must provide proof of the existence of a confidentiality agreement interest, and the scope of the confidentiality interest.

### B. As a Matter of Law, Grace Is Entitled to Information Regarding the Amounts of the Goldberg/Serling Claimants' Settlements and Trust Claims.

Regardless of the sufficiency of their factual allegations, the Goldberg/Serling Claimants' allegation that the mere existence of a confidentiality interest or agreement bars discovery of the amounts of various litigation and trust settlements is without merit as a matter of law. There is no bar on the discovery of settlement agreements, or the information contained within such agreements. Indeed, settlement-related information and agreements may be discovered if it is relevant to the "subject matter involved in the pending action … [or it] appears reasonably calculated to lead to the discovery of admissible evidence." *Griffin v. Mashariki*, 1997 WL 756914, at *1 (S.D.N.Y. Dec. 8, 1997) (collecting cases).

Accordingly, courts have found that "litigants cannot shield a settlement agreement from discovery ***merely because it contains a confidentiality provision***." *Cleveland Constr., Inc. v. Whitehouse Hotel, Ltd.*, 2004 WL 385052, at *1 (E.D. La. Feb. 25, 2004) (*quoting ABF Capital Mgmt. v. Askin Capital*, 2000 WL 191698, at *2 (S.D.N.Y. Feb. 10, 2000)) (emphasis added). Indeed, this Court agreed when this issue arose in connection with its consideration of the Questionnaire during the July 2005 omnibus hearing. The PI Committee, acting on behalf of the interests of the Personal Injury Claimants (including the Goldberg/Serling Claimants), objected to questions regarding the amounts of settlements with various defendants on the grounds that such settlements contain confidentiality agreements. *See* Tr. of Hr'g at 282 (Jul. 19, 2005). Over the PI Committee's objection, the Court ordered that the Claimants "identify the defendants with whom [the Claimants] settled, the amount, and for what disease," and stated that a defendant "can come in and contest it if [a Claimant] violates their agreements." *Id.*

To the extent that the Court believes that such information needs protection from disclosure outside the Bankruptcy proceedings, the proper course is not to deny Grace access to the information, but to issue a protective order that restricts the use of the information obtained in response to these questions to the estimation proceedings. As the Third Circuit has recognized: "The court, in its discretion, is authorized … to fashion a set of limitations that ***allows as much relevant material to be discovered as possible***, while preventing unnecessary intrusions into the legitimate interests -- including … confidentiality interests -- that might be harmed by the release of the material sought." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (emphasis added).

### C. The Goldberg/Serling Claimants' Allegation That Requiring Settlement Information to Be Produced Would "Chill Settlement Negotiations With Other Defendants" Is Meritless

The Goldberg/Serling Claimants also object to producing settlement-related information on the grounds that the required production "would chill settlement negotiations with other defendants." *See e.g.*, Questionnaire of G. G. at WR GRACE PIQ 001779-026. This is not a valid basis upon which to withhold discovery.

The Goldberg/Serling Claimants' objection to providing the most basic information regarding the parties to a settlement agreement, the amount of the settlement, and the diseases or conditions alleged in the litigation and/or claim and in the settlement is not well-founded as it confuses the admissibility of evidence with the discoverability of information. *See*, *e.g.*, *Rates Tech. Inc. v. Cablevision Sys. Corp.*, 2006 WL 3050879, at *3 (E.D.N.Y. Oct. 20, 2006) ("The premise of Plaintiff's objection that these documents will be inadmissible at trial pursuant to FRE 408 is as Judge Wall correctly pointed out, premature and irrelevant to the question of discoverability before the Court."). Although under some circumstances final settlement agreements *may* not be admissible as evidence at trial pursuant to Fed. R. Evid. 408, they clearly

are discoverable in certain situations. *See Key Pharm. v. ESI-Lederle, Inc.*, Civ. A. No. 96-1219, 1997 WL 560131, at *2 (E.D. Pa. Aug. 29, 1997) (allowing discovery of settlement agreements where relevant and likely to lead to the discovery of admissible evidence); *Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 561-562 (D. N .J. 1994) (same); *Fid. Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D.Pa. 1993) (same).

In an attempt to address the concern that "the purpose of Rule 408 to encourage settlement of disputes might be chilled by fear that negotiations might be discoverable. …" *Clark v. Experian Info. Solutions, Inc.*, 2006 WL 626820, at *3 (N.D. Ill. Jan. 6, 2006), courts have distinguished discovery of final settlement agreements or the terms thereof from discovery of the negotiations of settlements. *See, e.g., Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980-82 (6th Cir. 2003) (holding that settlement negotiations are entitled to the protections of a "settlement privilege" precluding discovery but finding that the settlement agreement may still be discoverable and admissible for other purposes); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 685 (D. Kan. 2004) (rejecting claim that any settlement negotiations privilege would extend to "the terms of the settlements and the agreements themselves"); *Tribune Co. v. Purcigliotti*, 1996 WL 337277, at *4, n.1 (S.D.N.Y. June 19, 1996) (compelling discovery of a settlement agreement while recognizing that, with regard to settlement-related communications, "[t]he Court can conceive of distinctions both in the relevance of such documents and the interest in protecting them"). Recognizing that the "distinction between the settlement agreement and settlement negotiations has merit," one Court explained:

> The negotiations themselves do not impact on the scope of liability and have no probative value. The settlement agreement, if any, is the culmination of the [] negotiations and any positions taken by the parties prior to any final agreement are insignificant.

> Furthermore, if the negotiations were subject to disclosure, this would undermine the important policy of promoting settlement.

*White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368-69 (N.D. Ill. 2001).

Critically, here, the type of information sought in the Questionnaire is considerably narrower than the type of information that is addressed by Rule 408. In the Questionnaire, Grace is seeking only basic information regarding the terms of the final settlement agreements. It has not sought production of even the settlement agreements themselves, much less discovery of settlement negotiations. For that reason, at the July 19, 2005 omnibus hearing, the Court specifically held that Grace was allowed to ask the Claimants to "identify the defendant, get the amount, and the disease," recognizing that these questions were "appropriate." Tr. Hr'g at 283 (July 19, 2005); see also *id.* at 282 ("It seems to me that — you can say … identify the defendants with whom you settled, the amounts, and for what disease."). The Court also ruled that these questions are intended to elicit admissible information: "To the extent that the [Claimant] is making a claim here that may be duplicative of a claim that it alleged against somebody else and for which it recovered, the debtor's entitled to know that." *Id.* at 283.

While Rule 408 may limit the ultimate admissibility of settlement information, and may limit the discovery of certain settlement negotiations, it provides no basis for precluding the narrowly-tailored discovery currently sought by Grace. Whether the evidence regarding the Goldberg/Serling Claimants' previous settlements will be admissible at the estimation hearing is not a question currently before the Court. The Claimants have offered no basis for finding that disclosure of the information sought will chill settlement negotiations or that such disclosure is precluded by Rule 408.

## CONCLUSION

For the foregoing reasons, Debtors respectfully request that the Court overrule the objections lodged by the Goldberg/Serling Claimants in lieu of providing answers to the questions posed in the Questionnaire and require that Claimants provide the required information no later than January 12, 2007.

Wilmington, Delaware
Dated: November 9, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

KIRKLAND & ELLIS LLP
Barbara M. Harding
David Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*and*

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession