# Exhibit E

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire



RE:
Goldberg, Persky & White, P.C.
4800 Fashion Square Boulevard
Suite 260
Saginaw, MI 48604-2602

**REDACTED**

REC'D JAN 1 2 2006



000630025097

WR GRACE-PIQ 001779-002

[THIS PAGE INTENTIONALLY LEFT BLANK.]



WR GRACE-PIQ 001779-003

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al., | ). Case No. 01-01139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

|  |  |
|---|---|
| **IF SENT BY U.S. MAIL** | **IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE** |
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.



WR GRACE-PIQ  001779-004

## INSTRUCTIONS

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related personal injury or wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.

   **Do not** send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I – Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

WR GRACE-PIQ 001779-005

**D. PART III – Direct Exposure to Grace Asbestos-Containing Products**
In Part III, please provide the requested information for the job and site at which you were exposed to Grace asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing product. If your exposure was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

## Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator
31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (*e.g.*, accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

## Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing
109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

WR GRACE-PIQ 001779-006

**E. PART IV – Indirect Exposure to Grace Asbestos-Containing Products**

In Part IV, please provide the information requested for any injury alleged to have been caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person. If you allege exposure through contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F. PART V -- Exposure to Non-Grace Asbestos-Containing Products**

In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party. If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G. PART VI – Employment History**

In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V. Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H. PART VII -- Litigation and Claims Regarding Asbestos and/or Silica**

In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I. PART VIII -- Claims by Dependents or Related Persons**

Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure. One example of such a claim would be a claim for loss of consortium. If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J. PART IX -- Supporting Documentation**

In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire. As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed. Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K. PART X -- Attestation that Information is True, Accurate and Complete**

By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

## PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

WR GRACE-PIQ 001779-007

### a. GENERAL INFORMATION

Claimant objects to this Questionnaire for multiple reasons. The questionnaire is unduly burdensome especially given the time frame in which claimant is required to answer. Much of the information requested is equally accessible to WR Grace and claimant is being requested in many instances to compile, categorize and summarize information from documents that WR Grace can analyze as readily as claimant. The request for information include detailed requests for discovery information normally obtained as part of a discovery process in the underlying state court action, but claimant has been precluded from obtaining individual discovery against WR Grace by virtue of the bankruptcy stay. As such, the discovery requests violate claimant's fundamental due process rights and, if used in any fashion to determine the merits of the claim itself, claimant's right to a trial by jury. Parts of the information requested are privileged and confidential, Without waiving these objections, claimant is responding to this Questionnaire for the purposes indicated in the Preface to the Questionaire, i.e. "...GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION." Claimant objects to the use of this information for any reason to deny the merits of the claim and specifically limits the use of the information to "...prioritize" the claim as represented in the Questionnaire.

1. Name of Claimant:     **REDACTED**

       First                    ....                    Last

2. Gender: [X] Male [ ] Female

3. Race (for purposes of evaluating Pulmonary Function Test results): ......................... [ ] White/Caucasian

       [ ] African American

       [ ] Other

4. Last Four Digits of Social Security Number:     **REDACTED**     5. Birth Date: _____

6. Mailing Address: _____

       Address                    City                    State/Province                    Zip/Postal Code

7. Daytime Telephone Number: ...........................................................................

### b. LAWYER'S NAME AND FIRM

1. Name of Lawyer:    __Lane Clack__

2. Name of Law Firm With Which Lawyer is Affiliated:  __Goldberg, Persky & White, P.C.__

3. Mailing Address of Firm:  __4800 Fashion Square Boulevard, Suite 260   Saginaw, MI 48604-2602__

       Address                    City                    State/Province                    Zip/Postal Code

4. Law Firm's Telephone Number or Lawyer's Direct Line: ............................................. __( 989) 799-4848__

   [X] Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

### c. CAUSE OF DEATH (IF APPLICABLE)

1. Is the injured person living or deceased? ................................................................: [ ]Living [X] Deceased
   If deceased, date of death:................................................................................... __12/2/1998__

2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:

   Primary Cause of Death (as stated in the Death Certificate): _Mɩtɐstɐtɩr    Aɗɛnɩcɐrcɩnʋbɑ_

   Contributing Cause of Death (as stated in the Death Certificate): _____

1

**PART II: ASBESTOS-RELATED CONDITION(S)**

WR GRACE-PIQ 001779-008

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1. **Please check the box next to the condition being alleged:**

   ☑ Asbestos-Related Lung Cancer      ☐ Mesothelioma

   ☐ Asbestosis      ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)

   ☐ Other Asbestos Disease      ☐ Clinically Severe Asbestosis

   a. **Mesothelioma:** If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):

        ☐ diagnosis from a pathologist certified by the American Board of Pathology

        ☐ diagnosis from a second pathologist certified by the American Board of Pathology

        ☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition

        ☐ other (please specify): _____

2

PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

WR GRACE-PIQ  001779-009

b. **Asbestos-Related Lung Cancer:**  If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

- [x] findings by a pathologist certified by the American Board of Pathology
- [ ] evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health
- [ ] evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health
- [ ] evidence of asbestosis determined by pathology
- [ ] evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health
- [ ] evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health
- [ ] diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)
- [ ] a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer
- [ ] other (please specify):_____

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

- [ ] colon   [ ] pharyngeal   [ ] esophageal   [ ] laryngeal   [ ] stomach cancer
- [ ] other, please specify:_____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

- [ ] findings by a pathologist certified by the American Board of Pathology
- [ ] evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health
- [ ] evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health
- [ ] evidence of asbestosis determined by pathology
- [ ] a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer
- [ ] other (please specify):_____

3



**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE-PIQ 001779-010

**d.    Clinically Severe Asbestosis:**  If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check all that apply):

☐   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐   a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐   a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐   asbestosis determined by pathology

☐   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

☐   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

☐   a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐   other (please specify):_____

**e.    Asbestosis:**  If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

☐   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☑   a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐   a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐   asbestosis determined by pathology

☐   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐   a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐   other (please specify):_____

4



**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

f.   **Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

☐   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐   diagnosis determined by pathology

☐   a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐   a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐   a chest x-ray reading  other than those described above

☐   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐   a pulmonary function test other than that discussed above

☐   a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐   a CT Scan or similar testing

☐   a diagnosis other than those above

☐   other (please specify): _____

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**    WR GRACE-PIQ 001779-012

**2.  Information Regarding Diagnosis**

Claimant objects for the reason that the information requested below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Claimant also objects because it would be unduly burdensome to require claimant to reproduce the information in summary fashion which is readily contained in the attached medical reports. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.

Date of Diagnosis: ........................................................... 04/29/1990

Diagnosing Doctor's Name: _Dr Tong_

Diagnosing Doctor's Specialty: _Pathology_

Diagnosing Doctor's Mailing Address: _St Mary_
                                         Address

_Saginaw    MI_
City                                         State/Province                    Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: .....................................( _ _ _ ) _ _ _ - _ _ _ _

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician? ...................................................... [X] Yes   ☐ No

Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship

Was the diagnosing doctor paid for the diagnostic services that he/she performed? ................................... [X] Yes   ☐ No

*If yes, please indicate who paid for the services performed:* Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? .......... ☐ Yes   [✗] No

Claimant objects for the reason that information concerning the attorney/client relationship is privileged.

Was the diagnosing doctor referred to you by counsel? ................................................................. ☐ Yes   [✗] No

See the attached medical reports and records.

Are you aware of any relationship between the diagnosing doctor and your legal counsel? ....................... ☐ Yes   [X] No

*If yes, please explain:* _____

_____

6

WR GRACE-PIQ 001779-013

Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.

Claimant refers WR Grace to the attached medical reports or records to determine if the medical doctor performed a physical examination. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial..

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis?............................................................................................................ ☐ Yes ☑ No

See attached medical records and reports

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?............................................................................................................ ☑ Yes ☐ No

See attached medical records and reports

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis?............................................................................................................ ☑ Yes ☐ No

See attached medical records and reports

Did the diagnosing doctor perform a physical examination?................................................................. ☑ Yes ☐ No

See attached medical records and reports

Do you currently use tobacco products?............................................................................................ ☐ Yes ☑ No

Have you ever used tobacco products? ............................................................................................ ☑ Yes ☐ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

| ☑ | Cigarettes | Packs Per Day (half pack = .5) | 1.5 | Start Year | 1986 | End Year | 1993 |
| ☐ | Cigars | Cigars Per Day | | Start Year | | End Year | |
| ☐ | If Other Tobacco Products, please specify (e.g., chewing tobacco): | | | | | | |

Amount Per Day _____ Start Year _____ End Year _____

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")?.................. ☐ Yes ☑ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

_____

## 3. Information Regarding Chest X-Ray

Claimant objects for the reason that claimant it is unclear what "your chest x-ray" refers to. In response to the question and without waiving the objection, claimant refers WR Grace to the attached medical records and reports.

Please check the box next to the applicable location where your chest x-ray was taken (check one):

☐ Mobile laboratory ☐ Job site ☐ Union Hall ☐ Doctor office ☑ Hospital ☐ Other: _____

Address where chest x-ray taken: 5t May
                                    Address

City Segina    State/Province M)    Zip/Postal Code

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**


WR GRACE-PIQ 001779-014

**4. Information Regarding Chest X-Ray Reading**

Claimant objects for the reason that the information requested below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require that claimant's reproduce in summary form the evidence which is readily obtainable from the attached records. The information requested is contained to the extent available in the attached medical records and reports

Date of Reading: 03 24, 2000    ILO score: 1/1

Name of Reader: Ella Kazwini, MD

Reader's Daytime Telephone Number: (734) 936-4366

Reader's Mailing Address: University of M,
_Address_

Ann Arbor    MI
_City_    _State/Province_    _Zip/Postal Code_

**With respect to your relationship to the reader, check all applicable boxes:**

Was the reader paid for the services that he/she performed .................................................. [X] Yes ☐ No

*If yes, please indicate who paid for the services performed:* Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received

Did you retain counsel in order to receive any of the services performed by the reader? ........................... ☐ Yes ☐ No

Claimant objects for the reason that information concerning the attorney-client relationship is privileged

Was the reader referred to you by counsel? .................................................................. ☐ Yes ☐ No

See the attached medical reports and records.

Are you aware of any relationship between the reader and your legal counsel? ........................ ☐ Yes [X] No

*If yes, please explain:* _____

**Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?**
.................................................................................................................... [✓] Yes ☐ No

Claimant objects for the reason the information requested is equally accessible to WR Grace from the attached medical reports and the NIOSH list of certified B readers. Claimant is informed and believes that doctors consulted by counsel who complete ILO forms are generally NIOSH certified readers.

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

Claimant objects for the reasons stated in the previous question and claimant refers WR Grace to the attached medical records for the information requested.

**5. Information Regarding Pulmonary Function Test:** ........................ Date of Test: ___ / ___ / _____

Claimant objects for the reason that the information requested below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require that claimant's reproduce in summary form the evidence which is readily obtainable from the attached records. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.
See the attached medical records and reports for the information that is available.

List your height in feet and inches when test given: ................................ _____ ft _____ inches

List your weight in pounds when test given: ................................ _____ lbs

8

WR GRACE-PIQ 001779-015

**Total Lung Capacity (TLC):** ............................................................................................ _____ % of predicted

**Forced Vital Capacity (FVC):** ...................................................................................... _____ % of predicted

**FEV1/FVC Ratio:** ............................................................................................................ _____ % of predicted

**Name of Doctor Performing Test (if applicable):** _____

**Doctor's Specialty:** _____

**Name of Clinician Performing Test (if applicable):** _____

**Testing Doctor or Clinician's Mailing Address:** _____

Address

_____

City                                          State/Province                        Zip/Postal Code

**Testing Doctor or Clinician's Daytime Telephone Number:** .................... ( __ __ __ ) __ __ __ - __ __ __ __

**Name of Doctor Interpreting Test:** _____

**Doctor's Specialty:** _____

**Interpreting Doctor's Mailing Address:** _____

Address

_____

City                                          State/Province                        Zip/Postal Code

**Interpreting Doctor's Daytime Telephone Number:** ................................ ( __ __ __ ) __ __ __ - __ __ __ __

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE-PIQ 001779-016

**With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:**

If the test was performed by a doctor, was the doctor your personal physician? ........................................ ☐ Yes ☐ No

Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship.

Was the testing doctor and/or clinician paid for the services that he/she performed?............................... ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed*: Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?.. ☐ Yes ☐ No

Claimant objects for the reason that information concerning the attorney-client relationship is privileged.

Was the testing doctor or clinician referred to you by counsel?................................................................. ☐ Yes ☐ No

See the attached medical reports and records.

Are you aware of any relationship between either the doctor or clinician and your legal counsel?............ ☐ Yes ☒ No

*If yes, please explain:* _____

**Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test?** ..................................................................... ☐ Yes ☐ No

Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.

**With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:**

Was the doctor your personal physician?......................................................................................... ☒ Yes ☐ No

Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship.

Was the doctor paid for the services that he/she performed? ............................................................. ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed*: Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received

Did you retain counsel in order to receive any of the services performed by the doctor?............................ ☐ Yes ☐ No

Claimant objects for the reason that information concerning the attorney-client relationship is privileged.

Was the doctor referred to you by counsel? ................................................................................... ☐ Yes ☐ No

See the attached medical reports and records.

Are you aware of any relationship between the doctor and your legal counsel?........................................ ☐ Yes ☒ No

10

WR GRACE-PIQ 001779-017

*If yes, please explain* _____

**Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?** ........................... ☐ Yes ☐ No

Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.

6.   **Information Regarding Pathology Reports:**

Claimant objects for the reason that the information requested below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require that claimant's reproduce in summary form the evidence which is readily obtainable from the attached records. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.
See the attached medical records and reports for information that is available.

Date of Pathology Report: ........................................... 04/29/1990

Findings: _Adeno carcinoma_

Name of Doctor Issuing Report: _Dr Tong_

Doctor's Specialty: _Pathology_

Doctor's Mailing Address: _3+ Mary_
_____ Address

_Sejina_ City          _M_ State/Province          Zip/Postal Code

Doctor's Daytime Telephone Number: ........................................... (____) ____ - _____

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? ........................................................... ☒ Yes ☐ No

Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship.

Was the doctor paid for the services that he/she performed? ................................................. ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received.

Did you retain counsel in order to receive any of the services performed by the doctor? ........................... ☐ Yes ☒ No

Claimant objects for the reason that information concerning the attorney-client relationship is privileged.

Was the doctor referred to you by counsel? ........................................................... ☐ Yes ☒ No

See the attached medical reports and records.

Are you aware of any relationship between the doctor and your legal counsel? ........................................ ☐ Yes ☒ No

*If yes, please explain:* _____

WR GRACE-PIQ 001779-018

**Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?**

...................................................................................................................................................................... ☑ Yes   ☐ No

Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE-PIQ  001779-019

7.  **With respect to the condition alleged, have you received medical treatment from a doctor for the condition?** ................................................................. ☑ Yes ☐ No

Objection for the reason that it is unclear what is meant by the term "medical treatment". Claimant believes that all work reflected in the attached medical records and reports involves medical treatments. Without waiving the objection, Claimant refers WR Grace to the attached medical reports and records for work performed by the medical doctor.

*If yes, please complete the following:*

**Name of Treating Doctor:** _____ Various _____

**Treating Doctor's Specialty:** _____

**Treating Doctor's Mailing Address:** _____
                                        Address
_____ Segnar _____         MI _____
City                                State/Province          Zip/Postal Code

**Treating Doctor's Daytime Telephone number:** ........................... ( _ _ _ ) _ _ _ — _ _ _ _

**Was the doctor paid for the services that he/she performed?** ................................. ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:*  Claimant has responsibility for payment for all services.  If medical condition was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received.

**Did you retain counsel in order to receive any of the services performed by the doctor?**...................... ☐ Yes ☑ No

Claimant objects for the reason that information concerning the attorney-client relationship is privileged.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WR GRACE-PIQ 001779-020

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects for the reason that the request is unduly burdensome give the time constraints claimant has to provide the information. For many years prior to WR Grace's bankruptcy, claimant through claimant's counsel had a rolling agreement with WR Grace which prevented litigation and discovery against WR Grace. Claimant is now being requested to produce trial ready evidence without the ability to individually discover evidence against WR Grace concerning specific job sites worked at by claimant and in a time frame that is unrealistically short. In addition, WR Grace historically has resolved claims for exposure at the job sites at issue, and WR Grace has access to the information concerning exposure which has been provided to WR Grace as part of prior administrative settlements. This request is therefore redundant and the information is as readily available to WR Grace as to claimant. Without waiving these objections, see attached for the exposure information currently available to claimant. In addition, claimant refers WR Grace to the Master Product Identification Evidence which has been submitted for all claimants and is incorporated herein by reference.

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a)  A worker who personally mixed Grace asbestos-containing products

(b)  A worker who personally removed or cut Grace asbestos-containing products

(c)  A worker who personally installed Grace asbestos-containing products

(d)  A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e)  A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f)  If other, please specify.

Site of Exposure:

Site Name: _____                    Location: _____

Site Type: ☐ Residence ☐ Business    Site Owner: _____

Employer During Exposure: _____

Unions of which you were a member during your employment: _____

| Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code (see Appendix E to specify) | Industry Code (see Appendix E to specify) | Was exposure due to working on or around areas where product was being installed, mixed, removed, or cut? If yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| Job 1 Description: Greytan | Zonlit | Quarter | 1963 1984 | 26 | 14 | Oke grorking |
| Job 2 Description: | | | | | | |

14

WR GRACE-PIQ 001779-021

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Job 3 Description: | | | | | | | | | | | | |
| Job 4 Description: | | | | | | | | | | | | |
| Job 5 Description: | | | | | | | | | | | | |
| Job 6 Description: | | | | | | | | | | | | |
| Job 7 Description: | | | | | | | | | | | | |
| Job 8 Description: | | | | | | | | | | | | |
| Job 9 Description: | | | | | | | | | | | | |
| Job 10 Description: | | | | | | | | | | | | |
| Job 11 Description: | | | | | | | | | | | | |
| Job 12 Description: | | | | | | | | | | | | |
| Job 13 Description: | | | | | | | | | | | | |
| Job 14 Description: | | | | | | | | | | | | |
| Job 15 Description: | | | | | | | | | | | | |
| Job 16 Description: | | | | | | | | | | | | |

15

**PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRO[**

WR GRACE-PIQ 001779-022

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person?.................................................................................................... ☐ Yes ☒ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: _____ Gender: ☐ Male ☐ Female

   Last Four Digits of Social Security Number: __ __ __ __       Birth Date: __ __ / __ __ / __ __

3. What is your Relationship to Other Injured Person: ............................................... ☐ Spouse ☐ Child ☐ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:
   _____

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:
   From: __ __ / __ __ / __ __ __ __     To: __ __ / __ __ / __ __ __ __

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:
   _____

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? .......................................... ☐ Yes ☐ No
   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____     File Date: __ __ / __ __ / __ __ __ __

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:
   _____

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:
   From: __ __ / __ __ / __ __ __ __     To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:
    _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects for the reason that the request is unduly burdensome and equally accessible to WR Grace as claimant. Claimant is being requested to produce trial ready evidence in an unrealistically short time frame and in a time frame that does not necessarily track the discovery schedules of the underlying tort case. Further, this information is not necessary to determine exposure to a WR Grace product and would be irrelevant in determining whether a prima facie case exists against WR Grace. Additionally, WR Grace has equal access to this information. Without waiving these objections, claimant refers WR Grace to claimant's complaint in the underlying tort case which contains claimant's allegations of exposure and defendants' responses and motions concerning complaint's allegations.

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

Party Against Which Lawsuit or Claim was Filed: _____

| | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code (Code 30, specify) | Industry Code (Code 118, specify) | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| Site of Exposure 1 | | | | | | |
| Site Name:_____ | | | | | | |
| Address:_____ | | | | | | |
| City and State:_____ | | | | | | |
| Site Owner:_____ | | | | | | |
| Job 1 Description:_____ | | | | | | |
| Job 2 Description:_____ | | | | | | |
| Job 3 Description:_____ | | | | | | |
| Site of Exposure 2 | | | | | | |
| Site Name:_____ | | | | | | |
| Address:_____ | | | | | | |
| City and State:_____ | | | | | | |
| Site Owner:_____ | | | | | | |
| Job 1 Description:_____ | | | | | | |
| Job 2 Description:_____ | | | | | | |
| Job 3 Description:_____ | | | | | | |

17

WR GRACE-PIQ 001779-023



WR GRACE-PIQ 001779-024

| Site of Exposure 3 | Job 1 Description: | | |
| Site Name: | | | |
| Address: | Job 2 Description: | | |
| City and State: | | | |
| Site Owner: | Job 3 Description: | | |

18



**PART VI: EMPLOYMENT HISTORY**

See attached work history.

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**Occupation Code:** _26_  If Code 59, specify: _____

**Industry Code:** _104_  If Code 118, specify: _____

**Employer:** _Genrel  Mutun_

**Beginning of Employment:** __ __ / __ __ / 1963  **End of Employment:** __ __ / __ __ / 2000

**Location:** _Grey Iron_
Address

**City** _Sejnaw_              _MI_
State/Province          Zip/Postal Code

**Occupation Code:** _____  If Code 59, specify: _____

**Industry Code:** _____  If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __  **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
Address

**City** _____
State/Province          Zip/Postal Code

**Occupation Code:** _____  If Code 59, specify: _____

**Industry Code:** _____  If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __  **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
Address

**City** _____
State/Province          Zip/Postal Code

**Occupation Code:** _____  If Code 59, specify: _____

**Industry Code:** _____  If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __  **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
Address

**City** _____
State/Province          Zip/Postal Code

**PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR**

WR GRACE-PIQ 001779-026

**a. LITIGATION**

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica? ............................................ ☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit. For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption: __

   **REDACTED**

   Case Number: __96-011598-NP-5__        File Date:_ 2/28/1996

   Court Name:__Saginaw County Circuit Court__

3. Was Grace a defendant in the lawsuit? .................................................................................... ☒ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? .................................................................... ☐ Yes ☐ No

   Claimant objects because this request is unduly burdensome. As WR Grace well-knows, during the course of a lawsuit defendants are dismissed or added as evidence develops. In order to accurately answer this question, claimant would have to review the docket of the entire case which WR Grace can do as readily as claimant.

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*
   Claimant objects for the reasons stated above

5. Has a judgment or verdict been entered? .................................................................................... ☐ Yes ☒ No

   Claimant interprets "judgment or verdict" to mean a finding of liability after a trial on the merits of an unliquidated claim. Based upon this understanding the answer is "no".

   *If yes, please indicate verdict amount for each defendant(s):* _____

6. Was a settlement agreement reached in this lawsuit? ................................................................ ☒ Yes ☐ No

   Claimant objects for the reason that such information is confidential and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the disclosure of such settlement information would chill settlement discussions with any remaining defendants. Claimant also objects because such information is not discoverable under controlling state law at this stage of litigation.

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*
   a.  Settlement amount for each defendant: _____
   b.  Applicable defendants:_____
   c.  Disease or condition alleged: _____
   d.  Disease or condition settled (if different than disease or condition alleged):_____

7. Were you deposed in this lawsuit? ............................................................................................ ☒ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

WR GRACE-PIQ 001779-027

**b.   CLAIMS**

1.  Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? .......................................................... [X] Yes ☐ No

    *If yes, please complete the rest of this Part VII(b).  If no, please skip to Part VIII.*

Claimant objects on the basis that the information requested is confidential and is not reasonably calculated to lead to the discovery of any admissible evidence.  In addition, by violating the confidentiality of settlements, disclosure of such information would chill settlement discussions with other defendants.  The request is also unduly burdensome.  Claimant further objects because the information, if not confidential, would be equally accessible to WR Grace by subpoena.  It would be as burdensome for claimant to assemble the information as for WR Grace to do it.

2.  Date the claim was submitted: .................................................................................. __ __ / __ __ / __ __ __ __

3.  Person or entity against whom the claim was submitted: _____

4.  Description of claim: _____

5.  Was claim settled? ............................................................................................................ ☐ Yes ☐ No

6.  Please indicate settlement amount: ............................................................... $_____

7.  Was the claim dismissed or otherwise disallowed or not honored? ................................ ☐ Yes ☐ No

    *If yes, provide the basis for dismissal of the claim:* _____



WR GRACE-PIQ 001779-028

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

Objection for the reason that the requested information is vague. Claimant is unclear about what is meant by the term "dependents or related persons". Because of this lack of clarity, claimant will answer only with respect to individuals claimed as dependents on IRS income tax returns currently if the asbestos victim is alive or prior to the time of death if the asbestos victim is deceased.

Name of Dependent or Related Person: _____ Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: __ __ __ __    Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent: .................................................................................................☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other  If other, please specify _____

Mailing Address: _____
        Address

City _____ State/Province _____ Zip/Postal Code _____

Daytime Telephone number: ..................................................... ( __ __ __ ) __ __ __ - __ __ __ __

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**
- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☑ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products
- ☐ Supporting documentation of other asbestos exposure

- ☑ X-rays
- ☑ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
- ☑ Death Certification

**Originals:**
- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products

- ☐ Supporting documentation of other asbestos exposure
- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

`WR GRACE-PIQ  001779-029`

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.

**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true. accurate and complete.

Signature: _              **REDACTED**              _____ Date: _1 / 04 / 06___

Please Print Name

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____              Date: 11/30/2005

Please Print Name:   Lane Clack



WR GRACE-PIQ 001779-030

# WR Grace - Client Job Summary    G1156-4

**Client:**

## REDACTED

| Approximate Work Years | Job |
| --- | --- |
| 1963 to 1988 | General Motors Grey Iron Foundry, Saginaw, MI |

*WR Grace ClaimID:*   000630025097



| STATE OF MICHIGAN PROBATE COURT COUNTY OF SAGINAW | RE-ISSUED LETTERS OF AUTHORITY FOR PERSONAL REPRESENTATIVE | FILE NO |
| --- | --- | --- |

WR GRACE-PIQ 001779-031

Estate of _____ **REDACTED** _____

TO:  | Name, address, and telephone no.

**REDACTED**

You have been appointed and qualified as personal representative of the estate on 1-20-99 You are authorized
to do and perform all acts authorized by law except as to the following:  Date

☐ Real estate or ownership interests in a business entity excluded from your responsibilities in your acceptance of appointment
☐ Restrictions:

☒ These letters expire: N/A
_____  Date
Date

_____   P-34432
Judge (formal proceedings)/Register (informal proceedings)    Bar no

SEE OTHER SIDE FOR NOTICE OF DUTIES.

CAROLYN BERNSTEIN                    P44566
Attorney name (type or print)              Bar no.
One Tuscola St., Ste. 300
Address
Saginaw, MI 4960?          (517) 776-6650
City  state, zip                   Telephone no.

I certify that I have compared this copy with the original on file and that it is a correct copy of the original and that these letters
are in full force and effect as of the date on the letters.

_____         _____
Date                          Deputy register

Do not write below this line - For court use only

MCL 700 3103; MSA 27.13103; MCL 700.3307; MSA 27.13307
MCL 700 3414; MSA 27.13414; MCL 700.3504; MSA 27.13504
PC 572  (3/00)  LETTERS OF AUTHORITY FOR PERSONAL REPRESENTATIVE    MCL 700 3601; MSA 27 13601; MCR 5 202(A)


WR GRACE-PIQ 001779-032

**Jeffrey A. Kahn, M.D.**

1854 Winding Oaks Way
Naples, Florida 34109
941/596-8491

May 30, 2000

Susan E. Jurik
Goldberg, Persky, Jennings & White
Plaza North
4800 Fashion Square Boulevard, Suite 260
Saginaw, MI 48604-2602

**REDACTED**

RE: :
    Case #: 96-011598-NP-5          DOD: 12/02/98

Dear Ms. Jurik:

As you requested, I have reviewed the following medical reports and records on the above referenced case:

- The Death Certificate of :           listing the cause of death as "Primary Bronchogenic Adenocarcinoma Right Lower Lobe",

- St. Mary's Medical Center Pathology Reports C 253-98: "Positive for Malignant Cells", C 341-91: Sputum, Normal and C 340-91: FNA Lung: Purulent Exudate,

- Covenant HealthCare Surgical Pathology Reports SP-93-18266: Right lower paratracheal lymph nodes negative for malignancy and SP-93-18596: "Right lower lobe resection showing: Grade II bronchoalveolar adenocarcinoma"; NG-93-01137: Bronchial washings negative for malignancy,

- ILO Report of Ella A. Kazerooni, MD, dated 03/24/00 on a film of 07/02/98 in which both parenchymal and pleural abnormalities of pneumoconiosis are noted,

- Medical Records of Jacob C. Ninan, MD,

- Medical Records of Val Hereza, MD,

- Covenant HealthCare Medical Records including the admissions of 11/13/96 for upper GI endoscopy, 11/11/93 to 11/17/93 for thoracotomy, 11/04/93 for workup of a right lower lobe lesion and bronchoscopy, 05/11/82 to 05/14/82 for pneumonia, and 10/19/81 to 10/21/81 for hemorrhoids,

- St. Mary's Hospital Medical Records including those from the hospitalizations of

REDACTED



**REDACTED**

Page Two/Three

08/05/98, 07/20/98 to 07/29/98 for deep vein thrombosis (DVT) of the left leg, 06/27/98 to 07/05/98 for DVT, 06/02/98 to 06/11/98 for pulmonary embolism, and 04/27/98 to 05/07/98 for abdominal pain related to adrenal metastases,

- Visiting Nurse Association Records.          **REDACTED**

It is my understanding that            ⸴ was exposed to asbestos in his employment at the General Motors Grey Iron Foundry from 1963 to 1988.  In his work,            had continuous responsibilities which involved (1) contact with asbestos containing insulation, refractory and building materials consisting of pipecovering, block, cements, castables, millboard, asbestos cloth, asbestos paper installed on and around cupolas, tower core ovens, vertical core ovens, horizontal core ovens, steamlines, piping, duct work, heat exchangers, furnaces, kilns, ladles and other equipment; (2) working in cooperation with and in close proximity to co-workers, plant personnel, asbestos workers and bricklayers involved in the handling, mixing, fabrication and application of asbestos containing insulation, refractories and building materials, work around asbestos clothing; (3) disturbance, deterioration, friability and removal of asbestos products; (4) Clean up of asbestos scrap; (5) shipping, handling and storage of asbestos products; (6) warehousing and housekeeping of asbestos products; (7) contamination of asbestos dusts in the work place resulting from plant operations and the above existing conditions.

It is also my understanding that            ⸴ smoked 1 ½ packs of cigarettes per day from 1956 to 1993.

I examined twenty microscopic slides from the laboratories of Covenant HealthCare. Sixteen of the slides are labeled "SP-93-18596". The sections of lung contain portions of a well-differentiated adenocarcinoma that has multiple foci of necrosis.  The neoplasm is mucin producing (and is mucin-stain positive).  At the periphery of the tumor, aerogenous spread, a feature typical of bronchoalveolar carcinomas, is seen.  Origin from bronchus is present and identifies the lesion as a primary lung cancer.

Apart from the tumor, the lung is involved by mild emphysema and it contains a small quantity of a variety of foreign materials.  Fine black particles predominate.  Large, irregularly shaped, sharply angulated black particles and both thick and thin black fibers are present. The foreign material is located in perivascular, peribronchial, septal and pleural connective tissues.  These findings represent mixed dust pneumoconiosis.

Mild focal interstitial fibrosis is present.  These findings are consistent with a diagnosis of asbestosis, as was diagnosed radiologically.

I also examined four slides from Covenant HealthCare labeled "SP-93-18266".  They contain sections of lymph nodes, some of which have mild anthracosis and non-specific reactive changes.  There is no neoplasia in these nodes.

REDACTED

**REDACTED**

Page Three/Three



WR GRACE-PIQ  001779-034

Of the ten slides from the St. Mary's Hospital laboratories that I examined, two are labeled "C-253-98". One of these has sections of a cell block and the other is a pap stained smear. This material, obtained by FNA from the region of the adrenal mass, contains poorly differentiated metastatic carcinoma consistent with origin from the primary lung cancer. There are no malignant cells present in the other eight slides from St. Mary's laboratories, four of which are pap-stained smears labeled "C-341-91" and three are pap-stained smears labeled "C-340-91". The fourth slide labeled "C-340-91" contains sections of a cell block preparation.

As a result of my review of the medical records and the work history, it is my opinion, which I express with a reasonable degree of medical certainty, that          long exposure to asbestos was a significant contributing factor for his developing his primary lung cancer and his death. Asbestos is a known carcinogen that is responsible for producing a variety of malignancies, most commonly cancer of the lung. Prolonged asbestos exposure increases the risk of developing lung cancer ninety fold in individuals who have been cigarette smokers. Furthermore, adenocarcinomas of the lung are not common neoplasms in men as young as _          was unless they had prolonged asbestosis exposure and were cigarette smokers.

It is also my opinion, which I again express with a reasonable degree of medical certainty, that          ' long exposure to asbestos was responsible for his developing asbestosis, as was diagnosed radiologically. This opinion is supported by the finding of mixed dusts in the sections of lung, indicating unprotected exposure to respiratory dusts.          prolonged exposure to asbestos was also responsible for his developing pleural plaque formation, as was diagnosed radiologically.

If you would like me to expand upon the opinions made in this letter, please let me know.


Sincerely yours,

Jeffrey A. Kahn, MD

REDACTED

STATE OF MICHIGAN
DEPARTMENT OF COMMUNITY HEALTH
CERTIFICATE OF DEATH

LF
CF   98-2118

1565   WR GRACE-PIQ 001779-035

REDACTED

**1 DECEDENT'S NAME** (First Middle Last)

| 2 Sex | 3 DATE OF DEATH (Month Day Year) |
|---|---|
| Male | December 2, 1998 |

**DECEDENT**

| 4a AGE Last Birthday | 4b UNDER 1 YEAR | 4c UNDER 1 DAY | 5 DATE OF BIRTH (Month Day Year) |
|---|---|---|---|
| 57 | MONTHS DAYS | HOURS MINUTES | |

7a LOCATION OF DEATH
HOSPITAL OR OTHER INSTITUTION

8 USUAL OCCUPATION
Pipefitter

KIND OF BUSINESS OR INDUSTRY
Foundry/Automotive

| 10a CURRENT RESIDENCE STATE | 10b COUNTY | 10c LOCALITY | 10d STREET AND NUMBER |
|---|---|---|---|

11 BIRTHPLACE (City and State or Foreign Country)

12 SURVIVING SPOUSE (If wife give maiden name)

14 WAS DECEDENT EVER IN U.S. ARMED FORCES?
No

15 RACE
English/Irish/Dutch

16 RACE
White

17 DECEDENT'S EDUCATION
Elementary (0-12)    College (14 or 5 +)
01

**PARENTS**

18 FATHER'S NAME (First Middle Last)

19 MOTHER'S NAME (First Middle Surname before first marriage)

**INFORMANT**

20a INFORMANT'S NAME (Type Print)

**REDACTED**

**DISPOSITION**

21 METHOD OF DISPOSITION
Burial

22a PLACE OF DISPOSITION (Name of Cemetery Crematory or other place)
Roselawn Memorial Gardens

22b LOCATION City or Village State
Saginaw, Michigan

24 SIGNATURE OF FUNERAL SERVICE LICENSEE

25 LICENSE NUMBER
5.565

25 NAME AND ADDRESS OF FACILITY
W.L. Case & Company
4480 Mackinaw Road, Saginaw, MI 48603

**CAUSE OF DEATH**

26 PART I

| | | Approximate Interval Between Onset and Death |
|---|---|---|
| DUE TO (OR AS A CONSEQUENCE OF) | METASTATIC ADENO CARCINOMA ADRENAL AND RETROPERITONEAL NODES | 8 MONTHS |
| DUE TO (OR AS A CONSEQUENCE OF) | PRIMARY BRONCHOGENIC ADENO CARCINOMA RIGHT LOWER LOBE | 5 YEARS |

PART II Other significant conditions contributing to death but not resulting in the underlying cause given in Part I

31a WAS AN AUTOPSY PERFORMED?
No

28 ACTUAL PLACE OF DEATH
Home

29 WAS CASE REFERRED TO MEDICAL EXAMINER?
No

30b DATE SIGNED
12/4/98

30b TIME OF DEATH
8:28 A M

31 NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER
JACOB C NINAN MD

32a NAME AND ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH
JACOB C NINAN 4705 TOWNE CENTRE SAGINAW, MI  48604

031528

**CERTIFIER**

**MEDICAL EXAMINER**

34a REGISTRAR'S SIGNATURE

34b DATE FILED
December 7, 1998

**RECORDED**

STATE OF MICHIGAN ]
COUNTY OF SAGINAW ] ss

I, ROLAND G. NIEDERSTADT, Clerk of said County of Saginaw and Clerk of the Circuit Court for said County, do hereby certify that this is an exact reproduction of the certificate for the person named therein as it now appears in the permanent record of the Saginaw County Clerk's Office.

WITNESSED the Seal of said Court and County on this date:

DEC 0 7 1998                                    A.D.

SEAL.                                    SAGINAW COUNTY CLERK

1998 DEC -9 P 12: 45

MILDRED M. CODAK
REGISTER OF DEEDS
SAGINAW COUNTY, MI.

REDACTED

ST. MARY'S MEDICAL CENTER
830 S. Jefferson
Saginaw, MI 48601-2594

**NON-GYN CYTOPATHOLOGY REPORT**

WR GRACE-PIQ 001779-036

| PATIENT: | LOCALE: | AGE-SEX: | 58 M |
| --- | --- | --- | --- |
| DOCTOR: FARRAR/HEREZA,V./CADY,D. | | MR# | 157295 |
| SPECIMEN: | DATE RECEIVED: 4/29/98 | ITEM(S) 2 | LAB# C 253-98 |

**CLINICAL DATA**

Retroperitoneal and right adrenal mass.  H/O lung Ca 4 years ago.

**SPECIMEN SPECIFICATION**

type/source:   FNA / Retroperitoneal mass

processing:   Smears x 4   Cell block x 1

Intraprocedural consultation by pathologist: PERFORMED

**CYTOLOGIC FINDINGS**

Cellularity -  Hypercellular

Diathesis   Neoplastic

[X] POSITIVE FOR MALIGNANT CELLS (see Comment)

**COMMENT:**

Cellular materials present on smears and cell block sections show
features diagnostic of metastatic non-small cell lung cancer most
consistent with adenocarcinoma.

code: 9
GT:jt  05/01

GEORGE K TONG, M.D.

ST. MARY'S MEDICAL CENTER
839 S. Jefferson
Saginaw, MI 48601-2594

## NON-GYN CYTOPATHOLOGY REPORT

WR GRACE-PIQ 001779-037

PATIENT:                                    LOCALE:                          AGE-SEX:        58  M

**REDACTED**

DOCTOR:                                                                      MR#       157295

SPECIMEN:              DATE RECEIVED:    9/03/91      ITEM(S)      2      LAB#     C 341-91

### SPECIMEN SPECIFICATION

        type source:    NONGYN / Sputum

        processing:     Smears x 6, Cell block x 1

### CYTOLOGIC FINDINGS

        Cellularity -  Moderate

        Diathesis   -  None

    [X] NORMAL SPECIMEN.

    GT/sf    Date Out:09/04/91     CODE:1        GEORGE K. TONG, M.D.

REDACTED                **CYTOPATHOLOGY REPORT**


WR GRACE-PIQ 001779-038

Patient:                                    3S          Age-Sex:  50 M

Doctor : GUIDOT,C./RAO,M./JORDAN,F. M.D.              MR#     157295

Clinical Data: RUL lung mass and/or consolidation with mediastinal adenopath

SPECIMEN: Date Received:  8/30/91  Item(s) 2         Lab# C 340-91

SPECIMEN SPECIFICATION

       type/source:   NONGYN/FNA of lung

       processing:    Smears X7      Cell Block X1

       Intraprocedural consultation by pathologist.

CYTOLOGIC FINDINGS

       Cellularity - Hypercellular

       Diathesis  -  Inflammatory

   ABNORMAL SPECIMEN.  PURULENT EXUDATE.

COMMENT:

       All smears and cell block sections contain abundant PMN's.

       Rare diploccoci noted.  Specimen is negative for malignant

       cells.  Cellular changes of Pneumonic Consolidation.

jkt   Date Out: 8-30-91      CODE: 2           GEORGE K. TONG, M.D.



## Covenant HealthCare
1447 N.Harrison  Saginaw, Michigan  48602



WR GRACE-PIQ  001779-039

**Laboratory Services**

Medical Laboratory Director: John Finger, MD

Name:
Med Rec #:        (0001)264039        Age:  58 YRS  Sex: M
Account #:        026403920637        DOB:
Admit Physician: RAO, MINOO K                11/04/93
Nursing Station: KF AMBULATORY SURG   Room/Bed:    /
                Other info:

REDACTED

## SURGICAL PATHOLOGY REPORT

Case Number:  SP-93-18266          Surgery/Collection Date:      11/04/93
                                   Received Date/Time: 11/05/93 / 7302

**TISSUE SOURCE/DESCRIPTION**
  Right lower paratracheal lymph nodes

**PRE-OP DIAGNOSIS**
  Cancer right left lobe

**POST-OP DIAGNOSIS**
  Same

### INTERPRETATION
  11/06/93 11:37
  Lymph nodes, right lower paratracheal:  Reactive follicular hyperplasia and
  sinus histiocytosis.  Negative for malignancy.
  4


  NJH:NJH:DJN      By: NICHOLAS J. HRUBY, M.D.
  11/06/93          (Electronic Signature)

**GROSS EXAMINATION**

  The specimen consists of mucoid and tan fragments aggregating 1 cm.  All
  embedded in one block.

  PCC:DMP  11/06/93

**MICROSCOPIC EXAMINATION**
  Sections show multiple portions of lymph node with reactive follicular
  hyperplasia and sinus histiocytosis.  No tumor is seen.

---

Requesting Physician/Surgeon:                    Report Date/Time: 05/19/00 / 1336
RAO, MINOO K                                          Page:  1      End of report.
Copy to:                          **REDACTED**

                                                 Name: (
    . SGH PATIENTS          LAB INTERNAL FILE COPY          MR #: (0001)264039
                                                     Location:





MR GRACE-PIQ 001779-040

**Saginaw Medical Center**
1000 Houghton Saginaw, Michigan 48602

The Laboratory for
St. Luke's / Saginaw General Hospitals

**Pathologists**

P. Colligan, MD    N. Hruby, MD    U. Moeser, MD
J. Finger, MD    K. Kline, MD

Name:
Med Rec #:        (0001)264039          Age:  52 YRS  Sex: M
Account #:        026403920637          DOB:
Admit Physician: RAO, MINOO K           AD:   11/04/93
Nursing Station: SGH NORTH OP SURGERY Room/Bed:      /
                 Other info:



REDACTED

## SURGICAL PATHOLOGY REPORT

Case Number:  SP-93-18266            Surgery/Collection Date/Time: 11/04/93 / 0839
                                     Received Date/Time: 11/05/93 / 0839

TISSUE SOURCE/DESCRIPTION
    Right lower paratracheal lymph nodes

PRE-OP DIAGNOSIS
    Cancer right left lobe

POST-OP DIAGNOSIS
    Same

### INTERPRETATION
    11/06/93 11:37
    Lymph nodes, right lower paratracheal:  Reactive follicular hyperplasia and
    sinus histiocytosis.  Negative for malignancy.
    4

GROSS EXAMINATION

    The specimen consists of mucoid and tan fragments aggregating 1 cm.  All
    embedded in one block.

    PCC:DMP  11/06/93

MICROSCOPIC EXAMINATION
    Sections show multiple portions of lymph node with reactive follicular
    hyperplasia and sinus histiocytosis.  No tumor is seen.

    NJH:NJH:DJN    By: NICHOLAS J. HRUBY, M.D.
    11/06/93        (Electronic Signature)

Requesting Physician/Surgeon:  RAO, MINOO K       DD:  11/04/93      Report Date/Time: 11/06/93 / 1833
Consulting Physicians:                                                       Page:   2   End of report.
                                                                   Name:
                                      REDACTED                      MR #:  (0001)264039



 **Saginaw Medical Center**
1000 Houghton  Saginaw, Michigan 48602

**The Laboratory for**
St. Luke's / Saginaw General Hospitals
**Pathologists**
P. Colligan, MD   N. Hruby, MD   U. Moeser, MD
J. Finger, MD   K. Kline, MD





Name:
Med. Rec #:        (0001)264039          Age:  52 YRS   Sex: M
Account #:        026403923145
Admit Physician: RAO, MINOO K            AD:   11/11/93
Nursing Station: SGB - 6MAIN             Room/Bed: G613/A
Other info:                                        00

REDACTED

## SURGICAL PATHOLOGY REPORT

Case Number:  SP-93-18596        Surgery/Collection Date/Time: 11/11/93 / 0939
                                 Received Date/Time: 11/11/93 / 0939

**TISSUE SOURCE/DESCRIPTION**
A.  Bx. main lesion rt. lower lobe for FS
B.  Portion of ribs, rt.
C.  Interlobar lymph node
D.  Ant. hilar lymph node
E.  Right lower lobe

**PRE-OP DIAGNOSIS**
Ca RL lobe

**POST-OP DIAGNOSIS**
Same

**INTERPRETATION**
A.  Wedge biopsy right lower lobe, primary grade II pulmonic adenocarcinoma,
    bronchoalveolar cell type.
B.  Portion of rib, removed in course of surgery, no pathologic diagnosis.
C.D.  Interlobar and anterior hilar lymph nodes, negative for malignancy.
E.  Right lower lobe resection showing:
    1.  Grade II bronchoalveolar cell adenocarcinoma, 4 x 3.5 x 4 cm.
        Tumor does not involve pleural surface.
    2.  Bronchial margin of resection grossly and microscopically free
        of neoplasm.
    3.  Sections of multiple areas outside the tumor, negative for
        malignancy.
11/12/93 14:17

# MALIGNANT

9   tr

Requesting Physician/Surgeon: RAO, MINOO K        DD:  11/17/93        Report Date/Time: 11/17/93 / 1906
Consulting Physicians:                            Page:   3    Continued on next page...
                                                 Name:
                                                        MR #: (0001)264039
                                                        Room/Bed: G613 /A

FINAL REPORT

REDACTED



● **Saginaw Medical Center**
1000 Houghton Saginaw, Michigan 48602

**REDACTED**



PIQ 001779-042



**The Laboratory for**
St. Luke's / Saginaw General Hospitals

**Pathologists**

P. Colligan, MD    N. Hruby, MD    U. Moeser, MD
J. Finger, MD    K. Kline, MD

Name:
Med Rec #:          (0001)264039           Age: 52 YRS   Sex: M
Account #:      026403923145               DOB:
Admit Physician: RAO, MINOO K              AD:   11/11/93
Nursing Station: SGH - 6MAIN               Room/Bed: G613/A
                 Other Info:                         00

---

## SURGICAL PATHOLOGY REPORT

Case Number:  SP-93-18596         Surgery/Collection Date/Time: 11/11/93 / 0939
                                  Received Date/Time: 11/11/93 / 0939

**GROSS EXAMINATION**

A.  Received from the right lower lobe is a gray tan lung biopsy, 3 x 1.5 x .2 cm.

B.  The specimen consists of two segments of rib, the larger 2 x 2 x .2 cm. There is no gross evidence of neoplasm.  Representative sections are submitted for decal.

C.  The specimen consists of a lymph node measuring 15 x 5 x 4 mm.  All embedded in one block.

D.  The specimen consists of a lymph node measuring 10 x 8 x 4 mm.  All embedded in one block.

E.  Received in a formalin container is the right lower lobe of lung weighing 400 grams.  The bronchial margin of resection appears free of tumor. Sections of the major bronchi reveal no tumor in the bronchial mucosa. However, adjacent to the hilar area outside the previous biopsy is a large tumor mass measuring 4 x 3.5 x 4 cm.  The tumor mass is relatively firm and has a grayish color.  Sections of the lung at 1 cm intervals above and below the line of tumor reveal no additional tumor nodules.  Multiple areas are sampled, eight blocks.
PCC/dn

PCC:DJN  11/12/93

**FROZEN SECTION INTERPRETATION**

Malignant grade II adenocarcinoma  was rendered in writing and by phone to Dr. Rao.

PCC:DJN  11/12/93

**MICROSCOPIC EXAMINATION**

A.  Paraffin sections reveal a well differentiated grade II adenocarcinoma, somewhat suggestive of bronchoalveolar cell carcinoma.

B.  Sections of rib tissue reveal benign bony and marrow tissue.

C.D.  Sections of the nodes from interlobar and anterior hilar lymph nodes reveal reactive lymphoid hyperplasia and are negative for malignancy.

E.  Sections of bronchial margins of resection reveal a lining of benign respiratory bronchoepithelium.  There is no evidence of neoplasm.  Sections of tumor reveal proliferation of malignancy of a single layer of columnar cells along the bronchoalveolar skeletal network of the lung.  Because of the pleomorphic nuclei and stratification a diagnosis of grade 2 bronchoalveolar cell carcinoma is made.  The tumor does not extend to the pleural surface.

---

Requesting Physician/Surgeon: RAO, MINOO K      DD:  11/17/93      Report Date/Time: 11/17/93 / 1906
Consulting Physicians:                                            Page:    4    Continued on next page
                                                        Name:
                                          MR #: (0001)264039
                                          Room/Bed: G613 /A

FINAL REPORT

**REDACTED**



 

**Saginaw Medical Center**
1000 Houghton  Saginaw, Michigan  48602

**REDACTED**

The Laboratory for
St. Luke's / Saginaw General Hospitals

**Pathologists**

P. Colligan, MD    N. Hruby, MD    U. Moeser, MD
J. Finger, MD    K. Kline, MD

Name:
Med Rec #:        (0001)264039          Age:  52 YRS   Sex: M
Account #:        026403923145          DOB:
Admit Physician: RAO, MINOO K           AD:   11/11/93
Nursing Station: SGH - 6MAIN            Room/Bed: G613/A
Other info:                                      00

## SURGICAL PATHOLOGY REPORT

Case Number:  SP-93-18596          Surgery/Collection Date/Time: 11/11/93 / 0939
                                   Received Date/Time: 11/11/93 / 0939

MICROSCOPIC EXAMINATION
     The mucicarmine stains are positive for mucin.   Sections from the lung
     outside the area of tumor reveal no additional microscopic foci of tumor.

     PCC:PCC:DJN     By: PAUL C. COLLIGAN, M.D.
     11/12/93           (Electronic Signature)

Requesting Physician/Surgeon: RAO, MINOO K          DD:  11/17/93     Report Date/Time: 11/17/93 / 1906
Consulting Physicians:                                                        Page:   5    End of report.
                                                             Name:
                                                                   MR #:  (0001)264039

**REDACTED**





**Covenant HealthCare**
1447 N.Harrison Saginaw, Michigan 48602

**REDACTED**

PIQ 001779-044

**Laboratory Services**
Medical Laboratory Director: John Finger, MD



Name:
Med Rec #:        (0001)264039          Age: 58 YRS  Sex: M
Account #:        026403920637          DOB:
Admit Physician: RAO, MINOO K                    11/04/93
Nursing Station: KF AMBULATORY SURG     Room/Bed:      /
Other info:

## NON-GYN CYTOLOGY REPORT

Accession Number: NG-93-01137          Collection Date      11/04/93
                                       Received Date/Time: 11/04/93 / 3382

**SPECIMEN SOURCE**
    BRONCHIAL WASH, UNSPECIFIED

**CLINICAL INFORMATION**
    None given

**GROSS DESCRIPTION**

    The specimen consists of slides from a cell block and four Papanicolaou
    slides of the cell washing.
    KMW:PCC

## INTERPRETATION
    11/05/93 15:26Negative for malignancy.
    Bronchial washings, negative for malignant cells.


    11/05/93  Screened by: PCC
    11/05/93  Verified by: NICHOLAS J. HRUBY, M.D.
                           (Electronic Signature)

**PATHOLOGIST COMMENT**

    Many well preserved benign bronchoepithelial cells are seen on the
    preparation.

---

Requesting Physician/Surgeon:                    Report Date/Time: 05/19/00 / 1336
RAO, MINOO K                                          Page:   1    End of report.
Copy to:                    **REDACTED**

                                                 Name:
        SGH PATIENTS       LAB INTERNAL FILE COPY     MR #: (0001)264039
                                                      Location:

# B-Reading Roentgenographic Interpretation

Ella A. Kazerooni, M.D.
Associate Professor
Division of Thoracic Imaging
Department of Radiology
University of Michigan Medical Center

1500 E. Medical Center Drive
Ann Arbor, MI 48109-0326
Phone: (734) 936-4366
Fax: (734) 936-9723
email: ellakaz@umich.edu



Patient's Name: REDACTED
Worker's SS#:
Date of Birth:
Date of Reading: 03/24/00

REDACTED

**1A. DATE OF X-RAY** MONTH DAY YR

**1B. FILM QUALITY** 1 2 3 U/R — If Not Grade 1 Give Reason: Copy

**1C. IS FILM COMPLETELY NEGATIVE?** YES ☐ Proceed to Section 5 — NO ☒ Proceed to Section 2

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?** YES ☒ COMPLETE 2B and 2C — NO ☐ PROCEED TO SECTION 3

**2B. SMALL OPACITIES**

a. SHAPE/SIZE — PRIMARY: p s / q t / r u — SECONDARY: p s / q t / r u

b. ZONES — R L

c. PROFUSION: 0/- 0/0 0/1 — 1/0 1/1 1/2 — 2/1 2/2 2/3 — 3/2 3/3 3/+

**2C. LARGE OPACITIES** SIZE 0 A B C — PROCEED TO SECTION 3

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?** YES ☒ COMPLETE 3B, 3C and 3D — NO ☐ PROCEED TO SECTION 4

**3B. PLEURAL THICKENING**
a. DIAPHRAGM (plaque) SITE 0 R L
b. COSTOPHRENIC ANGLE SITE 0 R L

**3C. PLEURAL THICKENING . . . Chest Wall**

a. CIRCUMSCRIBED (plaque)
SITE 0 R | 0 L
IN PROFILE i. WIDTH 0 A B C | 0 A B C
ii. EXTENT 0 1 2 3 | 0 1 2 3
FACE ON iii. EXTENT 0 1 2 3 | 0 1 2 3

b. DIFFUSE
SITE 0 R | 0 L
IN PROFILE i. WIDTH 0 A B C | 0 A B C
ii. EXTENT 0 1 2 3 | 0 1 2 3
FACE ON iii. EXTENT 0 1 2 3 | 0 1 2 3

**3D. PLEURAL CALCIFICATION**
SITE 0 R — EXTENT | SITE 0 L — EXTENT
a. DIAPHRAGM 0 1 2 3 | 0 1 2 3
b. WALL 0 1 2 3 | 0 1 2 3
c. OTHER SITES 0 1 2 3 | 0 1 2 3
PROCEED TO SECTION 4

**4A. ANY OTHER ABNORMALITIES?** YES ☒ COMPLETE 4B and 4C — NO ☐ PROCEED TO SECTION 5

**4B. OTHER SYMBOLS (OBLIGATORY)**
0 ax bu ca cn co cp cv di ef em es fr hi ho id ih kl pi px rp tb

Report items which may be of present clinical significance in this section. OD (SPECIFY od.) S/P R thoracotomy

Date Personal Physician notified? MONTH DAY YR

**4C. OTHER COMMENTS**

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C. YES NO — PROCEED TO SECTION 5



WR GRACE-PIQ 001779-046

## Attorneys of Record List

GM FOUNDRY CASES - GROUP 2

G1232 - 00 -

Paul B. Hynes, Esq., Esq.
Harvey, Kruse, Westen & Milan, PC
1050 Wilshire Drive
Suite 320
Troy, MI 48084
Telephone: 248-649-7800
Fax: 248-649-2316
Attorney for CCR

Gary D. Sharp, Esq.
Foley & Mansfield, PLLP
6905 Telegraph Road
Suite 114
Bloomfield Hills, MI 48301
Telephone: 248-540-9636
Fax: 248-540-9639
Attorney for Durabla Mfg.

C. Randal Mitseff, Esq.
Hickey & Cianciolo, PC
400 Renaissance Center
Suite 1010
Detroit, MI 48243
Telephone: 313-396-4600
Fax: 313-396-4601
Attorney for Duro Supply

Robert S. Krause, Esq.
Dickinson Wright, PLLC
One Detroit Center
500 Woodward Avenue, #4000
Detroit, MI 48226
Telephone: 313-223-3500
Fax: 313-223-3598
Attorney for GAF Corporation

Kevin T. Kennedy, Esq.
Blake, Kirchner, Symonds, MacFarlane, Larson &
Smith, PC
1432 Buhl Building
Detroit, MI 48226
Telephone: 313-961-7321
Fax: 313-961-5972
Attorney for Hollinger & Co.

Loretta M. Ames, Esq.
Plunkett & Cooney, PC
243 Congress
Suite 800
Detroit, MI 48226-3260
Telephone: 313-965-3900
Fax: 313-961-0029
Attorney for Rapid-American


WR GRACE-PIQ 001779-047

## In The Matter Of:

### *ABERNATHY  v.*
### *20TH CENTURY GLOVE CORPORATION*

---

### REDACTED

### *Vol. 1, December 8, 1997*

---

### *Hamilton-Legato Deposition Centers*
### *Detroit  -  Troy  -  Grand Rapids  -  Ann Arbor*
### *2560 Crooks Rd.*
### *Troy, MI  48084*
### *(248) 244-9700    FAX: (248) 244-8804*

*Original File AMGATES.ASC, 59 Pages*
*Min-U-Script® File ID: 0109608507*

## Word Index included with this Min-U-Script®

**ABERNATHY   v.**
**20TH CENTURY GLOVE CORPORATION**

Vol. 

WR GRACE-PIQ 001779-048

Page 1

[1]            STATE OF MICHIGAN

[2]    IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

[3]

[4]

[5]

    WILLIAM C. ABERNATHY, et al.,

[6]

    Plaintiffs,    Case No: 94-3154 NP,

[7]

            et al.

[8]

    -vs-        TRIAL DATE: 2-18-97

[9]

20TH CENTURY GLOVE CORP. OF

[10]

TEXAS, et al.,

[11]

    Defendants.

[12]

[13]

[14]

[15]

[16]

[17]           **REDACTED**

[18]

DEPONENT:

[19]

DATE:        Monday, December 8, 1997

[20]

TIME:        1:55 p.m.

[21]

LOCATION:    310 Johnson Street, Delta College,

[22]

        International Center, Suite V

[23]

        Saginaw, Michigan

[24]

REPORTER:    Angela R. Mitchell, CSR-2151

[25]

Page 2

[1]    GOLDBERG, PERSKY, JENNINGS & WHITE, P.C.

[2]    BY: MR. LEE W. DAVIS

[3]    4800 Fashion Square Boulevard, Suite 260

[4]    Saginaw, Michigan  48604-2602

[5]    (517) 799-4848

[6]        Appearing on behalf of Plaintiffs.

[7]

[8]    PEPPER, HAMILTON & SCHEETZ

[9]    BY: MS. ONNIE BARNES JACQUE

[10]   100 Renaissance Center, 36th Floor

[11]   Detroit, Michigan  48243-1157

[12]   (313) 393-7439

[13]       Appearing on behalf of Uniroyal.

[14]

[15]   HARVEY, KRUSE, WESTEN & MILAN, P.C.

[16]   BY: MR. MILTON S. KARFIS

[17]   1050 Wilshire Drive, Suite 320

[18]   Troy, Michigan  48084-1526

[19]   (248) 649-7800

[20]       Appearing on behalf of CCR.

[21]

[22]

[23]

[24]

[25]

**REDACTED**

Vol. 1, December 8, 1997                    20TH CENTURY G

WR GRACE-PIQ 001779-049

Page 3

[1]
[2]  HARVEY, KRUSE, WESTEN & MILAN, P.C.
[3]  BY: MS. DENISE L. WINIARSKI
[4]  1050 Wilshire Drive, Suite 320
[5]  Troy, Michigan 48084-1526
[6]  (248) 649-7800
[7]      Appearing on behalf of U.S. Mineral.
[8]
[9]  HENDRICKSON & LONG
[10] BY: MR. ERIC N. KITZMILLER
[11] 214 Capitol Street
[12] P.O. Box 11070
[13] Charleston, West Virginia 25339
[14] (304) 346-5500
[15]     Appearing on behalf of Westinghouse.
[16]
[17] RILEY, McNULTY, HEWITT & SWEITZER
[18] BY: MR. PATRICK A. HEWITT
[19] 650 Washington Road
[20] Pittsburgh, Pennsylvania 15228
[21] (412) 341-9300
[22]     Appearing on behalf of Ajax
[23]     Magnethermic Corp.
[24] ALSO PRESENT:
[25] MS. ELAINE GATES

Page 4

[1]
[2]  WITNESS                    PAGE
[3]
[4]  **REDACTED**
[5]
[6]  Examination by Mr. Karis          5
[7]  Examination by Ms. Jacque        32
[8]  Examination by Ms. Winiarski     40
[9]  Examination by Mr. Hewitt        44
[10] Re-Examination by Ms. Jacque     48
[11] Re-Examination by Ms. Winiarski  55
[12] Re-Examination by Ms. Jacque     56
[13]
[14]
[15]
[16]
[17]
[18]       E X H I B I T S
[19]
[20] NUMBER      IDENTIFICATION      PAGE
[21]
[22] Ex. No. 1   Grey Iron Co-Workers   58
[23] Ex. No. 2   Grey Iron Co-Workers   58
[24]
[25]