

WR GRACE-PIQ 006522-011

## PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

2.  **Information Regarding Chest X-Ray Reading**
    Claimant objects for the reason that the information requested  below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require that claimant's reproduce in summary form the evidence which is readily obtainable from the attached records. The information requested is contained to the extent available in the attached medical records and reports.

Date of Reading: __ __ / __ __ / __ __ __ __          ILO score: _____

Name of Reader: _____

Reader's Daytime Telephone Number: .......................................................... ( __ __ ) __ __ __ - __ __ __ __

Reader's Mailing Address: _____
                                                Address

_____
City                                                    State/Province                          Zip/Postal Code

**With respect to your relationship to the reader, check all applicable boxes:**

Was the reader paid for the services that he/she performed................................................... ☒ Yes  ☐ No

*If yes, please indicate who paid for the services performed:* _____

Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received _____

Did you retain counsel in order to receive any of the services performed by the reader?............................ ☐ Yes  ☐ No

**Claimant objects for the reason that information concerning the attorney-client relationship is privileged.**

Was the reader referred to you by counsel? ................. ☐ Yes  ☐ No  See the attached medical reports and records.

Are you aware of any relationship between the reader and your legal counsel?........................................ ☐ Yes  ☒ No

*If yes, please explain:* _____

Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?

Claimant objects for the reason the information requested is equally accessible to WR Grace from the attached medical reports and the NIOSH list of certified B readers. Claimant is informed and believes that doctors consulted by counsel who complete ILO forms are generally NIOSH certified readers.

...................................................................................................................... ☐ Yes  ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation,  specialty, and the method through which the reading was made:* _____

Claimant objects for the reasons stated in the previous question and claimant refers WR Grace to the attached medical records for the information requested.

5.  **Information Regarding Pulmonary Function Test:** ............................. Date of Test: __ __ / __ __ / __ __ __ __
    Claimant objects for the reason that the information requested  below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require that claimant's reproduce in summary form the evidence which is readily obtainable from the attached records.  Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed.  WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.

See the attached medical records and reports for the information  that is available.

List your height in feet and inches when test given: ......................................._____ ft _____ inches

List your weight in pounds when test given:.................................................................._____ lbs

6

WR GRACE-PIQ 006522-012

**Total Lung Capacity (TLC):** ...................................................................................._____ % of predicted

**Forced Vital Capacity (FVC):** ..............................................................................._____ % of predicted

**FEV1/FVC Ratio:** .................................................................................................._____ % of predicted

**Name of Doctor Performing Test (if applicable):**_____

**Doctor's Specialty:** _____

**Name of Clinician Performing Test (if applicable):**_____

**Testing Doctor or Clinician's Mailing Address:** _____
<div align="center">Address</div>

_____
City                                                      State/Province                                      Zip/Postal Code

**Testing Doctor or Clinician's Daytime Telephone Number:**.........................( __ __ __ ) __ __ __ - __ __ __ __

**Name of Doctor Interpreting Test:** _____

**Doctor's Specialty:** _____

**Interpreting Doctor's Mailing Address:** _____
<div align="center">Address</div>

_____
City                                                      State/Province                                      Zip/Postal Code

**Interpreting Doctor's Daytime Telephone Number:** ....................................( __ __ __ ) __ __ __ - __ __ __ __



WR GRACE-PIQ 006522-013

## PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician?........................................ ☐ Yes ☐ No

**Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship.**

Was the testing doctor and/or clinician paid for the services that he/she performed? ................................ ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

**Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received**

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?.. ☐ Yes ☐ No

**Claimant objects for the reason that information concerning the attorney-client relationship is privileged.**

Was the testing doctor or clinician referred to you by counsel? ................................................................. ☐ Yes ☐ No

**See the attached medical reports and records.**

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ............ ☐ Yes ☒ No

*If yes, please explain:* _____

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? ................................................................................................... ☐ Yes ☐ No

**Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.**

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician?.................................................................................... ☒ Yes ☐ No

**Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship.**

Was the doctor paid for the services that he/she performed? ................................................................. ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

**Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received**

Did you retain counsel in order to receive any of the services performed by the doctor? ............................ ☐ Yes ☐ No

**Claimant objects for the reason that information concerning the attorney-client relationship is privileged..**

Was the doctor referred to you by counsel?................. ☐ Yes ☐ No **See the attached medical reports and records.**

Are you aware of any relationship between the doctor and your legal counsel? ........................................ ☐ Yes ☒ No

*If yes, please explain* _____

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?.............................................☐ Yes ☐ No

Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.

2.  **Information Regarding Pathology Reports:**

Claimant objects for the reason that the information requested below is equally accessible to WR Grace from the attached medical records and reports and claimant refers WR Grace to the attached medical records and reports. Additionally, it would be unduly burdensome to require that claimant's reproduce in summary form the evidence which is readily obtainable from the attached records. Claimant further objects because this case has not yet been set for trial as to WR Grace and full trial workup as to WR Grace may not yet have been completed. WR Grace's discovery request is therefore untimely under applicable state law and may not reflect the evidence to be adduced against WR Grace at trial.

See the attached medical records and reports for information that is available.

Date of Pathology Report:...................................................................... __ / __ __ / __ __ __ __

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
                          Address

_____
City                          State/Province                          Zip/Postal Code

Doctor's Daytime Telephone Number: ............................................ ( __ __ __ ) __ __ __ - __ __ __ __

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician?.................................................................. ☒ Yes ☐ No

Claimant objects to the term "personal physician" for the reason that it is vague. Without waiving the objection, claimant interprets "personal" to mean a physician who reviewed information personal to claimant, and claimant asserts that the physicians who found asbestos-related disease in claimant reviewed personal information concerning claimant. Claimant has attached copies of medical reports and records, and claimant refers WR Grace to such records to determine the nature of the relationship.

Was the doctor paid for the services that he/she performed?.................................................. ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Claimant has responsibility for payment for all services. If medical consultation was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received

Did you retain counsel in order to receive any of the services performed by the doctor? ........................... ☐ Yes ☒ No

Claimant objects for the reason that information concerning the attorney-client relationship is privileged.

Was the doctor referred to you by counsel?.................. ☐ Yes ☐ No See the attached medical reports and records.

Are you aware of any relationship between the doctor and your legal counsel? ........................................ ☐ Yes ☒ No

*If yes, please explain:* _____

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?
.................................................................................................................☐ Yes ☐ No

Claimant objects for the reason that the identity of the medical doctors is disclosed in the attached medical reports or records and claimant refers WR Grace to such records. WR Grace has equal accessibility to the national registries which list board certifications for medical providers. Claimant is informed and believes that medical providers consulted by claimant's counsel are board certified in their appropriate fields. Claimant does not have personal knowledge concerning medical providers not consulted by counsel, but assumes this knowledge is accessible to WR Grace from the appropriate certification entities.

7

WR GRACE-PIQ 006522-015

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

7.  With respect to the condition alleged, have you received medical treatment from a doctor for the condition?

.................................................................................................................................☐ Yes  ☐ No

Objection for the reason that it is unclear what is meant by the term "medical treatment". Claimant believes that all work reflected in the attached medical records and reports involves medical treatments. Without waiving the objection, Claimant refers WR Grace to the attached medical reports and records for work performed by the medical doctor.

*If yes, please complete the following:*

Name of Treating Doctor: _____

Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____
                                     Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

Treating Doctor's Daytime Telephone number: ............................................ ( __ __ __ ) __ __ __ - __ __ __ __

Was the doctor paid for the services that he/she performed? ............................................. ☒ Yes  ☐ No

Claimant has responsibility for payment for all services. If medical condition was provided in connection with claimant's legal claim, the costs of such services are normally advanced by claimant's law firm and deducted from any settlements received.

*If yes, please indicate who paid for the services performed:*_____

Did you retain counsel in order to receive any of the services performed by the doctor?.......................☐ Yes  ☐ No

Claimant objects for the reason that information concerning the attorney-client relationship is privileged.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

WR GRACE-PIQ  006522-016

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects for the reason that the request is unduly burdensome give the time constraints claimant has to provide the information. For many years prior to WR Grace's bankruptcy, claimant through claimant's counsel had a tolling agreement with WR Grace which prevented WR Grace. Claimant is now being requested to produce trial ready evidence without the ability to individually discover evidence against WR Grace concerning specific job sites worked at by claimant and a time frame that is unrealistically short. In addition, WR Grace historically has resolved claims for exposure at the job sites at issue, and WR Grace has access to the information concerning exposure which has been provided to WR Grace as part of prior administrative settlements. This request is therefore redundant and the information is as readily available to WR Grace as to claimant. Without waiving these objections, see attached for the exposure information currently available to claimant.

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products
(b) A worker who personally removed or cut Grace asbestos-containing products
(c) A worker who personally installed Grace asbestos-containing products
(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

Site of Exposure:
Site Name: _____
Site Type: ☐ Residence ☐ Business     Site Owner: _____     Location: _____
Employer During Exposure: _____     Unions of which you were a member during your employment: _____

| | Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code *If Code 59, specify.* | Industry Code *If Code 118, specify.* | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? *If Yes, please indicate your regular proximity to such areas* | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| Job 1 Description | | | | | | | |
| Job 2 Description | | | | | | | |
| Job 3 Description | | | | | | | |



MR GRACE-PIQ 006522-017

| Job 4 Description | Job 5 Description | Job 6 Description |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

9



WR GRACE-PIQ 006522-018

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects for the reasons set forth in all previous objections set forth above. Information regarding exposures from co-workers using W.R. Grace products or others is contained in the attached documents.

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity

   with another injured person? ............................................................................................... ☐ Yes ☐ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: _____ Gender: ☐ Male ☐ Female

   Last Four Digits of Social Security Number: __ __ __ __      Birth Date: __ __ / __ __ / __ __

3. What is your Relationship to Other Injured Person: ................................ ☐ Spouse ☐ Child ☐ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:

   _____

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:

   From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:

   _____

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? ............................. ☐ Yes ☐ No

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____ File Date: __ __ / __ __ / __ __ __ __

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:

   _____

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:

   From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:

    _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects for the reason that the request is unduly burdensome and equally accessible to WR Grace as claimant. Claimant is being requested to produce trial ready evidence in an unrealistically short time frame and in a time frame that does not necessarily track the discovery schedules of the underlying tort case. Further, this information is not necessary to determine exposure to a WR Grace product and would be irrelevant in determining whether a prima facie case exists against WR Grace. Additionally, WR Grace has equal access to this information. Without waiving these objections, claimant refers WR Grace to claimant's complaint in the underlying tort case which contains claimant's allegations of exposure and defendants' responses and motions concerning complaint's allegations.

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked. In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products
(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

WR GRACE-PIQ    006522-019

11

| Party Against which Lawsuit or Claim was Filed: | | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| Site of Exposure 1 | Job 1 Description: | | | | | | |
| Site Name: | Job 2 Description: | | | | | | |
| Address: | Job 3 Description: | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | | | | | | | |
| Site of Exposure 2 | Job 1 Description: | | | | | | |
| Site Name: | Job 2 Description: | | | | | | |
| Address: | Job 3 Description: | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | | | | | | | |
| Site of Exposure 3 | Job 1 Description: | | | | | | |
| Site Name: | Job 2 Description: | | | | | | |
| Address: | Job 3 Description: | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | | | | | | | |



WR GRACE-PIQ 006522-020

## PART VI: EMPLOYMENT HISTORY

**See attached work history.**

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**Occupation Code:** _____ If Code 59, specify: ._____

**Industry Code:** _____ If Code 118, specify:_____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __        **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
    Address

_____
City                                    State/Province                    Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: ._____

**Industry Code:** _____ If Code 118, specify:_____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __        **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
    Address

_____
City                                    State/Province                    Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: ._____

**Industry Code:** _____ If Code 118, specify:_____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __        **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
    Address

_____
City                                    State/Province                    Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: ._____

**Industry Code:** _____ If Code 118, specify:_____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __        **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
    Address

_____
City                                    State/Province                    Zip/Postal Code

WR GRACE-PIQ 006522-021

## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA

### a: LITIGATION

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica? .......................................... ☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit.   For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption:    _____

   Case Number:    **REDACTED**              File Date: _____

   Court Name: _____

3. Was Grace a defendant in the lawsuit? ...................................................................................... ☐ Yes ☐ No
   (If no) Claimant's counsel had an administrative settlement agreement with WR Grace. As part of this agreement, claimant agreed to refrain from suing WR Grace in exchange for resolving claims after evaluation of medical information and exposure. The tolling agreement was in effect at the time that WR Grace filed for Chapter 11 reorganization.

4. Was the lawsuit dismissed against any defendant? ...................................................................... ☐ Yes ☐ No
   Claimant objects because this request is unduly burdensome.  As WR Grace well-knows, during the course of a lawsuit defendants are dismissed or added as evidence develops. In order to accurately answer this question, claimant would have to review the docket of the entire case which WR Grace can do as readily as claimant.

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*
   Claimant objects for the reasons stated above.

   _____

   _____

5. Has a judgment or verdict been entered? ................................................................................... ☐ Yes ☐ No
   *If yes, please indicate verdict amount for each defendant(s):* _____

6. Was a settlement agreement reached in this lawsuit? .................................................................. ☐ Yes ☐ No

   Claimant objects for the reason that such information is confidential and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the disclosure of such settlement information would chill settlement discussions with any remaining defendants.  Claimant also objects because such information is not discoverable under controlling state law at this stage of litigation.

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*
   a. Settlement amount for each defendant: _____
   b. Applicable defendants: _____
   c. Disease or condition alleged: _____
   d. Disease or condition settled (if different than disease or condition alleged): _____

7. Were you deposed in this lawsuit? .............................................................................................. ☐ Yes ☐ No
   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

Claimant objects for the reason that request is unduly burdensome and WR Grace has an equal ability to obtain a copy of a deposition from the court reporting service which took the deposition. Claimant was required to pay the court reporting service for a copy of the deposition and each defendant in a case is also required to pay for its copy of a depositon.

13

WR GRACE-PIQ 006522-022

## b. CLAIMS

1.  Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)?............................................................................................ ☒ Yes ☐ No

    *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

    Claimant objects on the basis that the information requested is confidential and is not reasonably calculated to lead to the discovery of any admissible evidence.  In addition, by violating the confidentiality of settlements, disclosure of such information would chill settlement discussions with other defendants. The request is also unduly burdensome.  Claimant further objects because the information, if not confidential, would be equally accessible to WR Grace by subpoena. It would be as burdensome for claimant to assemble the information as for WR Grace to do it.

2.  Date the claim was submitted: ...................................................................................... __ __ / __ __ / __ __ __ __

3.  Person or entity against whom the claim was submitted: _____

4.  Description of claim: _____

5.  Was claim settled?............................................................................................................ ☐ Yes ☐ No

6.  Please indicate settlement amount:............................................................$_____

7.  Was the claim dismissed or otherwise disallowed or not honored?...................................... ☐ Yes ☐ No

    *If yes, provide the basis for dismissal of the claim:*_____

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

||||||| KR GRACE-PIQ .006522-023

Objection for the reason that the requested information is vague. Claimant is unclear about wh̶ KR GRACE-PIQ .006522-023 term "dependents or related persons". Because of this lack of clarity, claimant will answer only with respect to individuals claimed as dependents on IRS income tax returns currently if the asbestos victim is alive or prior to the time of death if the asbestos victim is deceased.

Name of Dependent or Related Person: .... Gender: ☐ Male ☒ Female

Last Four Digits of Social Security Number: **0** Birth Date:

Financially Dependent: ............................................................................................................ ☒ Yes ☐ No

Relationship to Injured Party: ☒ Spouse ☐ Child ☐ Other If other, please specify _____

Mailing Address: _____

Address       **REDACTED**

City       State/Province       Zip/Postal Code

Daytime Telephone number: ...............................................................

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.
**Claimant objects because the request is unduly burdensome and that the attached documentation is sufficiently identified**

**Copies:**

| | |
|---|---|
| ☐ Medical records and/or report containing a diagnosis | ☐ X-rays |
| ☐ Lung function test results | ☐ X-ray reports/interpretations |
| ☐ Lung function test interpretations | ☐ CT scans |
| ☐ Pathology reports | ☐ CT scan reports/interpretations |
| ☐ Supporting documentation of exposure to Grace asbestos-containing products | ☐ Depositions from lawsuits indicated in Part VII of this Questionnaire |
| ☐ Supporting documentation of other asbestos exposure | ☐ Death Certification |

**Originals:**

| | |
|---|---|
| ☐ Medical records and/or report containing a diagnosis | ☐ Supporting documentation of other asbestos exposure |
| ☐ Lung function test results | ☐ X-rays |
| ☐ Lung function test interpretations | ☐ X-ray reports/interpretations |
| ☐ Pathology reports | ☐ CT scans |
| ☐ Supporting documentation of exposure to Grace asbestos-containing products | ☐ CT scan reports/interpretations |
| | ☐ Death Certification |

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____       Date:___ __ / __ ___ / __ __ __ __

Please Print Name:       **REDACTED**

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____       Date: **January 9, 2006**

Please Print Name: **Eric B. Abramson**

14



WR GRACE-PIQ  006522-024

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BY:
MAR 07 2001

**REDACTED**

ASBESTOS DOCKET

Plaintiffs,

vs.

01-107854 NP  3/07/2001
JDG:MIES/COLOMBO ASBESTOS
MIRACLE JOHN H JR
vs
A P GREEN REFRACTORIES COMPANY

**A.P. GREEN REFRACTORIES COMPANY,**
a Delaware Corporation;
**A.J. BAXTER COMPANY,**
a Michigan Corporation;
**ADIENCE, INC.,**
Successor in Interest to
Adience Company, LP as
Successor in Interest to BMI, Inc.,
a Delaware Corporation;
**AMCHEM PRODUCTS, INC.,**
a Delaware Corporation;
(Benjamin Foster Company);
**ANDCO-ANDERSON CONSTRUCTION, INC.,**
a/k/a A.E. Anderson Construction,
a Delaware Corporation;
**ARGO PACKING COMPANY,**
a Pennsylvania Corporation;
**ARTHUR J. PEACOCK & COMPANY,**
a Michigan Corporation;
**B.F. GOODRICH COMPANY,**
a New York Corporation;
**BW/IP INTERNATIONAL, INC.,**
a Delaware Corporation,
in its own right and as parent
corporation to Byron Jackson Pump
Division;
**BALTIMORE ENNIS LAND COMPANY, INC.,**
an Ohio Corporation,
a/k/a Belci, f/k/a Gibson-Holmans;
**BIGELOW-LIPTAK CORPORATION,**
n/k/a A. P. Green Services, Inc.,
a Michigan Corporation;
**THE BOOMER COMPANY,**
a Michigan Corporation;
**BROWN INSULATION;**
a Michigan Corporation;
**CERTAINTEED CORPORATION,**
a Delaware Corporation;
**CHICAGO FIRE BRICK COMPANY,**
an Illinois Corporation;

01 MAR -7 PH 3:38

CATHY GARRETT
WAYNE CO. COUNTY CLERK

LAW OFFICES
MICHAEL B. SERLING, P.C.
0 NORTH OLD WOODWARD AVE.
SUITE 408
BIRMINGHAM, MICH. 48009

(248) 647-6966

1



WR GRACE-PIQ 006522-025

COMBUSTION ENGINEERING, INC.,
a Delaware Corporation;
COON DEVISSER COMPANY,
a Michigan Corporation;
CORHART REFRACTORIES,
a New York Corporation;
CROWN CORK AND SEAL COMPANY,
a New York Corporation;
DAUBERT CHEMICAL COMPANY, INC.,
an Illinois Corporation;
DURAMETALLIC CORPORATION,
a Michigan Corporation;
EXCELSIOR, INC.,
an Illinois Corporation;
F.B. WRIGHT COMPANY,
a Michigan Corporation;
FEDERAL-MOGUL CORPORATION,
a Michigan Corporation,
in its own right and as
Successor in Interest to
Turner & Newall, Moog Automotive, Inc.,
Wagner Electric Corporation and
Wagner Electrical Brake Division;
FLEXITALLIC GASKET COMPANY, INC.,
a Connecticut Corporation;
THE FLINTKOTE COMPANY,
a Delaware Corporation;
FOSECO, INC.,
a Delaware Corporation,
in its own right and as Successor
to Gibson-Homans Co., Baltimore
Ennis Land Co., Inc., and
as Subsidiary of Foseco Plc;
FURON COMPANY,
f/k/a Sepco Corp.,
a California Corporation;
GARLOCK, INC.,
an Ohio Corporation;
GENERAL ELECTRIC COMPANY,
a New York Corporation;
GENERAL REFRACTORIES,
a Pennsylvania Corporation;
GOODYEAR TIRE & RUBBER COMPANY,
an Ohio Corporation;
GOULDS PUMPS, INCORPORATED,
a Delaware Corporation
GREENE, TWEED & COMPANY,
a Pennsylvania Corporation;
HARBISON-WALKER REFRACTORIES,
a Division of Dresser Industries,
In., a Pennsylvania Corporation;

LAW OFFICES
CHAEL B. SERLING, P.C.
⊃ NORTH OLD WOODWARD, AVE.
SUITE 406
IIRMINGHAM, MICH. 48009

(248) 647-6966

2


WR GRACE-PIQ 006522-026

IMO INDUSTRIES, INC.,
a/k/a DeLaval Turbines, Inc.,
a Delaware Corporation;
INGERSOLL-RAND COMPANY,
a New Jersey Corporation;
ITT INDUSTRIES, INC.,
an Indiana Corporation
in its own right and as
Successor in Interest to
ITT Grinnell;
KAISER ALUMINUM AND CHEMICAL
CORPORATION, in its own right
successor to Kaiser Refractories,
a Division of Kaiser Aluminum,
a Delaware Corporation;
KVAERNER U.S., INC.,
as Successor in Interest to
Arthur G. McKee & Co.,
Davy, Inc. & Davy McKee Corp.,
a Delaware Corporation;
MARLO SEALING COMPANY, INC.,
a Connecticut Corporation,
in its own right and as Successor
in Interest to The Marlo Company, Inc.;
METROPOLITAN LIFE INSURANCE COMPANY,
a/k/a Metropolitan Insurance Company,
a Delaware Corporation;
MIDLAND ROSS CORPORATION,
an Ohio Corporation,
in its own right and as
Successor in Interest to
Surface Combustion;
MINNESOTA MINING AND
MANUFACTURING COMPANY (3M),
a Delaware Corporation;
NORTH AMERICAN REFRACTORIES COMPANY,
an Ohio Corporation;
OGLEBAY NORTON COMPANY,
f/k/a Ferro Engineering,
a Delaware Corporation;
OWENS ILLINOIS, INC.,
a Ohio Corporation;
PARKER-HANNIFIN CORP.,
an Ohio Corporation,
as parent corporation of
Parker Packing Division;
PEERLESS PUMP COMPANY,
n/k/a Sterling Fluid Systems (USA, INC.),
a Delaware Corporation;
PLIBRICO COMPANY,
a Delaware Corporation;

LAW OFFICES
CHAEL B. SERLING, P.C.
) NORTH OLD WOODWARD AVE.
SUITE 406
IIRMINGHAM, MICH. 48009
(248) 647-6966

3



WR GRACE-PIQ 006522-027

QUIGLEY CO., INC.,
a New York Corporation;
RADIATOR SPECIALTY COMPANY,
a North Carolina Corporation;
RAPID-AMERICAN CORPORATION,
a Delaware Corporation, in its
own right and as successor to
PHILIP CAREY MANUFACTURING COMPANY,
and to PANACON CORPORATION, and to
PHILIP CAREY CORPORATION;
REX/ROTO CORPORATION
a Michigan Corporation;
RICHARD KLINGER, INC.,
a Delaware Corporation;
RUST INTERNATIONAL, INC.,
a Delaware Corporation
in its own right and as successor
in interest to M.W. Kellogg Company,
and the Swindell Dressler Company;
SVI CORPORATION,
a Delaware Corporation,
in its own right and as Successor
in Interest to Stockham Valve &
Fittings, Inc.;
SCHAD BOILER SETTING COMPANY,
d/b/a Schad Refractory Construction
Company, a Michigan Corporation;
SEAWAY MECHANICAL CONTRACTORS, INCORPORATED,
a Michigan Corporation;
SINGER SAFETY COMPANY,
an Illinois Corporation;
SOUTHERN URETHANE AND PACKING,
a Michigan Corporation;
STANDARD FUEL ENGINEERING COMPANY,
a Michigan Corporation;
THE STANLEY-CARTER COMPANY,
a Michigan Corporation;
SUR-SEAL GASKET AND PACKING, INC.,
an Ohio Corporation;
SURE SEAL PRODUCTS COMPANY,
an Illinois Corporation;
T & N, plc.,
f/k/a Turner and Newall, Ltd.,
a Foreign Corporation;
THIEM CORPORATION,
a/k/a Universal Refractories, Inc.,
a Delaware Corporation;
UNIROYAL, INC.,
a/k/a United States Rubber
Company, Inc.,
a New Jersey Corporation;

LAW OFFICES
CHAEL B. SERLING, P.C.
) NORTH OLD WOODWARD AVE.
SUITE 406
IIRMINGHAM, MICH. 48009
(248) 647-6966

4



WR GRACE-PIQ 006522-028

UNITED STATES GYPSUM COMPANY,
a Delaware Corporation;
W.R. GRACE & CO.-CONN.,
a Connecticut Corporation;
WITCO CORPORATION, a Delaware Corporation,
in its own right and as successor in interest to
The Richardson Company, Hercules Products Division of
Chemprene and Hercules Packing Corporation;

    Defendants.
_____/

RUSSELL R. BEAUDOEN (P41185)
MICHAEL B. SERLING, P.C.
Attorneys for Plaintiffs
280 N. Old Woodward Ave., Ste. 406
Birmingham, Michigan  48009
(248)  647-6966
_____/

### NOTICE OF COMPLAINT
### COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

NOW COME Plaintiffs, by and through their Attorneys, MICHAEL B. SERLING, P.C., and for their Complaint against each Defendant, state as follows:

1.   In compliance with Wayne County Circuit Court Judge Robert J. Colombo, Jr.'s Case Management Order of February 21, 1997, paragraph III. D., a Complaint was filed with the Court's "Master File" (Case No.: 93-325280-NP) entitled "Asbestos Master Complaint--Married Plaintiff and Spouse," Standard Pleading No. 101.   Plaintiffs adopt by reference each and every allegation in this Master Complaint.

2.   Pursuant to the Court's Case Management Order of February 21, 1997, Plaintiffs,

**REDACTED**

LAW OFFICES
CHAEL B. SERLING, P.C.
9 NORTH OLD WOODWARD AVE.
SUITE 406
BIRMINGHAM, MICH. 48009

(248) 647-6966

5


WR GRACE-PIQ  006522-029

**REDACTED**

Disease:  Asbestosis

Date of Diagnosis: October 18, 2000

Period of Exposure to Asbestos: 1950-1985
(1950-1970 - exposure through father)

Occupation:  Laborer

Employer:  McLouth Steel

Known Job Sites and Years at Job Sites:
         See Attachment "A"

Identity of all Known Non-Parties:
         See Attachment "B"

Reasonably Known Medical Information:
         See Attachment "C"

Social Security Printout included:  No
(check one)    Yes ___    No _X_ (has been ordered)

Geographical Situs of Asbestos
Exposure:  Wayne County, Michigan.

A TRIAL BY JURY IS HEREBY DEMANDED TO DETERMINE ALL
ISSUES.

RUSSELL R. BEAUDOEN (P41185)
Attorney for Plaintiffs
280 N. Old Woodward, Ste. 406
Birmingham, Michigan  48009
(248) 647-6966

LAW OFFICES
CHAEL B. SERLING, P.C.
3 NORTH OLD WOODWARD AVE.
SUITE 406
BIRMINGHAM, MICH. 48009

(248) 647-6966

DATED:    March 5, 2001

6



WR GRACE-PIQ 006522-030

## ATTACHMENT "A"
## REDACTED

In compliance with Wayne County Circuit Court Judge Robert J. Colombo, Jr.'s Order No. 11 of March 21, 1997, paragraph A, Plaintiff reserves the right to update asbestos product exposure identification after investigation of the case and review of the Social Security Printout and in accordance with the Court's Case Management Order deadline for submission of a final product identification brochure.  Plaintiff's Known Job Site Information is as follows:

| KNOWN JOB SITES | YEARS AT JOB SITES |
| --- | --- |
| McLouth Steel | **REDACTED** |
| McLouth Steel | 1968-1985 |

LAW OFFICES
CHAEL B. SERLING, P.C.
> NORTH OLD WOODWARD AVE.
SUITE 406
BIRMINGHAM, MICH. 48009

(248) 647-6966

7



WR GRACE-PIQ 006522-031

**REDACTED**         ATTACHMENT "B"

    In compliance with Wayne County Circuit Court Judge Robert J. Colombo, Jr.'s Case Management Order No. 11 of March 21, 1997, second paragraph of paragraph A, Plaintiff's Notice of Non-Parties are as follows:

ARMSTRONG WORLD INDUSTRIES

BABCOCK & WILCOX COMPANY

CELOTEX CORPORATION

CAREY CANADA, INC.

EAGLE-PICHER INDUSTRIES, INC.

FIBREBOARD CORPORATION

GAF CORPORATION

JOHNS-MANVILLE CORPORATION

MANVILLE CORP.

ASBESTOS CLAIMS MANAGEMENT CORP. (F/K/A NATIONAL GYPSUM)

OWENS CORNING FIBERGLAS CORPORATION

PITTSBURGH CORNING CORPORATION

ldkc:\wp\complain\miracle.joh

LAW OFFICES
CHAEL B. SERLING, P.C.
NORTH OLD WOODWARD AVE.
SUITE 406
IRMINGHAM, MICH. 48009

(248) 647-6966

8.


WR GRACE-PIQ 006522-032

## ATTACHMENT "C"

### REDACTED

In compliance with Wayne County Circuit Court Judge Robert J. Colombo, Jr.'s Order No. 13 of December 17, 1999, paragraphs A, B, C and D, all reasonably known medical information is as follows:

Dr. Mark A. Snider, M.D.
730 N. Macomb St.
Suite 300
Monroe, MI 48162                    12/00-Present – Primary care

Athens Clinic
23265 Eureka Rd.
Taylor, MI 48180
Dr. Andrew Athens, D.O.              1984-00 – Primary care

Mercy Memorial Hospital
718 N. Macomb
Monroe, MI 48166                     1998 – Kidney

Detroit Osteopathic Hospital
12523 Third Ave.
Highland Park, MI 48203
Dr. Henry Coleman                    1984 – Heart operation

University of Michigan Hospital
1500 E. Medical Center Drive
Ann Arbor, MI 48109-0306             1968 – Heart operation

LAW OFFICES
CHAEL B. SERLING, P.C.
NORTH OLD WOODWARD AVE.
SUITE 406
IRMINGHAM, MICH. 48009

(248) 647-6966

ATTACHMENT "C"

9

MICHAEL B. SERLING, P.C.
*Attorneys and Counselors at Law*
280 NORTH OLD WOODWARD AVENUE
SUITE 406
BIRMINGHAM, MICHIGAN 48009

(248) 647-6966
FAX (248) 647-9630

MICHAEL B. SERLING
RUSSELL R. BEAUDOEN
THOMAS A. SMITH
ERIC B. ABRAMSON

OF COUNSEL
GOLDBERG, PERSKY,
JENNINGS & WHITE, P.C.
PITTSBURGH/SAGINAW

OF COUNSEL
PHILIP J. GOODMAN, P.C.

WR GRACE-PIQ 006522-033

April 12, 2002

Clerk of the Court
Wayne County Circuit Court
201 Coleman A. Young Municipal Center
Detroit, Michigan  48226

**REDACTED**

    RE:                                      v A.P. Green
           Refractories Co., et al. - Case No.: 01-107854-NP

Dear Clerk:

    Enclosed for filing please find the following documents regarding the above entitled cause of action:

    1.    Plaintiff('s') Answer to Defendants' First Standard Set of Interrogatories with Exhibits "A", "B", "C", "D" and "E" attached; and

    2.    Proof of Service (with Attorney of Record list attached).

                            Sincerely,

                            Michael B. Serling

MBS:ldk
Enc.
cc  All Counsel of Record

ldkc:\wp\interr\interr.ltr


WR GRACE-PIQ    006522-034

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

REDACTED

01-107854 NP  3/07/2001
JDG:MIES/COLOMBO ASBESTOS

Plaintiffs.

-v-                                    vs
                                       A P GREEN REFRACTORIES COMPANY

A.P. GREEN REFRACTORIES INC.,
et al                                /
                  Defendants.
                                     /

MICHAEL B. SERLING, (P20225)
Attorney for Plaintiffs
280 N. Old Woodward
Suite 406
Birmingham, Michigan 48009
(248)647-6966                        /

ANSWER OF PLAINTIFF TO DEFENDANTS'
FIRST SET OF INTERROGATORIES

TO:    ALL ATTORNEYS OF RECORD:

In accordance with the provisions of the Michigan General

Court Rules, Plaintiff hereby answers the First Set of Interrogatories of

Defendants served on Plaintiff's counsel.

Plaintiff,        **REDACTED**          reserves the

right to amend or supplement his/her answers if he/she thinks that inadvertent

omissions or errors have been made or if additional or more accurate

information becomes available that is required to be provided by the Michigan

General Court Rules.

LAW OFFICES
HAEL B. SERLING, P.C.
ORTH OLD WOODWARD AVE.
SUITE 406
MINGHAM, MICH. 48009

(248) 647-6966

1


WR GRACE-PIQ 006522-035

1.    State all names by which you have been known, your date

of birth (and date of death if applicable), all occupations; social security

number, normal adult weight and height; weight at present or on date or death

as the case may be.

ANSWER:    1)
           2)
           3)
           4)

           5)         **REDACTED**
           6)


2.    State the address of each place of residence that you

have occupied during the last twenty (20) years, and all other previous cities

and states of residence, from age 16 to date of death. (specify dates of

residence.)

ANSWER:              **REDACTED**


3.    State your past and present marital status, giving addresses of

past and present spouses and children, and reason for termination of marriage.

Please also identify all persons dependent upon you, setting forth the inclusive

dates of such dependency.

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
IMINGHAM, MICH. 48009

(248) 647-6966

WR GRACE-PIQ 006522-036

ANSWER:

Children:                    REDACTED




                    REDACTED




4.   Set forth your schooling, including public, private or trade schools,

setting forth the dates of attendance and grade or level attended.

ANSWER:    Monroe High School – 10th grade
           Monroe, MI.


5.   Have you ever been a member of the armed forces of the United

States?  If so, state the following:

ANSWER:    No.

                    (a)    The branch of the services, serial
                           number and highest rank held;

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
    SUITE 406
:MINGHAM, MICH. 48009

  (248) 647-6966

                           3


WR GRACE-PIQ 006522-037

(a)     The branch of the services, serial number and highest rank held;

ANSWER:     N/A

(b)     The beginning and ending dates of you military service;

ANSWER:     N/A

(c)     The types of discharge that you received;

ANSWER:     N/A

(d)     Whether you were given a physical examination which included x-rays prior to the time you entered the service;

ANSWER:     N/A

(e)     Whether you received any injury while in the military service;

ANSWER:     N/A

(f)     Whether you sustained or incurred any illness while in the military service;

ANSWER:     N/A

(g)     Whether you were given a physical examination which included x-rays upon leaving the service;

ANSWER:     N/A

(h)     Whether you claim disability for any injury or physical condition arising out of your military service.

ANSWER:     N/A

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
MINGHAM, MICH. 48009

(248) 647-6966

4


WR GRACE-PIQ 006522-038

6.   State fully and in detail the date, place and nature of each:

ANSWER:    Plaintiff objects to this Interrogatory for the reason that it is
overbroad, irrelevant and not calculated to lead to the discovery of admissible
evidence.  Without waiving Plaintiff's objection, Plaintiff states:

        (a)    Felony conviction;

            ANSWER:    No.

        (b)    Crime involving theft, dishonesty or false
            statement regardless of the punishment.

            ANSWER:    No.

7.   With respect to each job on which you can presently recall
working with or around asbestos products, state separately the following as to
each such job:

ANSWER:    Please see Exhibit "A" attached hereto and Plaintiff's Social
Security Printout.  Plaintiff objects to the balance of this Interrogatory on the
basis that it is so broad, indiscriminate and unreasonable that it would  be
unduly burdensome and oppressive to require Plaintiff to answer.  Plaintiff has
worked with hundreds of asbestos containing products, the identity of which is
sometimes known and sometimes not known.  Response to this question
would unfairly present a false impression that plaintiff was only exposed to
those products which Plaintiff is now able to specifically recall.  The attached
was compiled from memory.  This should in no way be construed as to
contain each and every asbestos containing product to which Plaintiff was

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
IMINGHAM, MICH. 48009

(248) 647-6966

5



WR GRACE-PIQ 006522-039

exposed. Plaintiff maintains that he was exposed to the products of all manufacturers of asbestos products shipped in Plaintiff's geographic work place during Plaintiff's career.

(a)   The name and address of each employer For whom you worked and the length of employment with each.

(b)   The location of each job (stating the plant site, city, county and state);

(c)   With regard to the above listed jobs, please give a description of the job, and the nature of any asbestos exposure, including information regarding co-workers, supervisors, storage, et c., regarding each of these jobs;

(d)   For each job site, the type and identity of each such asbestos had contact or around which you worked, including the name of the product, the type of description of each such product and the manufacturer of the product;

(e)   As to each job site, state whether the employer, union, or anyone provided showers for employees;

(f)   As to each job site, state whether the employer, union or anyone provided separate lockers for both work and personal clothing.

8.   If company employer or union sponsored physical examinations were required or made available, and if so state:

ANSWER:   No.

(a)   Whether required or optional;

LAW OFFICES

:HAEL B. SERLING, P.C.

NORTH OLD WOODWARD AVE.

SUITE 406

RMINGHAM, MICH. 48009

(248) 647-6966

6


WR GRACE-PIQ 006522-040

ANSWER:    N/A

(b)    Frequency and dates of the examination;

ANSWER:    N/A

(c)    Nature and extent of examinations:

ANSWER:    N/A

(d)    Whether x-ray examinations were included;

ANSWER:    N/A

(e)    Frequency, including specific dates and time when you submitted to such examinations;

ANSWER:    N/A

(f)    Your detailed reasons for failing to submit to such examination when required or made available.

ANSWER:    N/A

(g)    Results of each examination;

ANSWER:    N/A

(h)    Name, address, phone number of any examining physician, nurse or technician or clinic.

ANSWER:    N/A

9.  Has any of your work ever entailed working with other than asbestos material or under such ventilation conditions that you were subject to exposure to fibers, particles or other substance in the air, such as, but not

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
MINGHAM, MICH. 48009

(248) 647-6966

7



WR GRACE-PIQ 006522-041

limited to, sand, coal, fiberglass, etc. If so, give the details setting forth the

employer, dates of employment, working conditions and substance involved.

ANSWER:    No, other than fiberglass exposure and exposure to other

substances in Defendant's products as related in Exhibit "A" attached hereto.


10.  To your knowledge, have any of your employers taken or had

taken on their behalf air sampling, or did any government or other agency take

air sampling at such employment sites? If so, identify said employer and give

the details of the taking of air sampling, including the identity of the taker, the

frequency of the taking and results thereof.

ANSWER:    No.


11.  Have you ever been discharged or voluntarily left a position or

changed residence due to health reason? If so, please state in detail the

date(s), place(s) and medical conditions(s)

ANSWER:    Yes, I had to leave McLouth Steel because I had to have a heart
                      valve put in – 1984.


12. Have you ever been hospitalized operated upon or confined to an

institution, been an outpatient of any hospital, clinic, nursing hoe, suffered any

personal injuries or illnesses other than those involved in this lawsuit? If so:

LAW OFFICES
HAEL B. SERLING, P.C.
(ORTH OLD WOODWARD AVE.
SUITE 406
IMINGHAM, MICH. 48009

(248) 647-6966

8



WR GRACE-PIQ 006522-042

ANSWER:    Please see Exhibit "B" and Exhibit "C" attached.  Please also see answer to Interrogatory 5 (h) and 16, as applicable.

(a)    The date, place names of person involved and circumstances surrounding each such injury and related health care;

(b)    The nature and extent of the injury of illnesses, including all ill effects or disabilities remaining at the time of the last treatment or examination;

(c)    The  nature or extent of the injuries of illnesses, including any il effects or disabilities remaining at the time of answering these Interrogatories;

(d)    The names and addresses of all persons who treated or examined you, together with the date of the last treatment or examination;

(e)    The nature, source and amount of any disability benefits, pensions, or together with the date of the last treatment or examination;

13. With respect to each physician or medical practitioner who examined or treated you from your eighteenth birthday, unless exposed prior to that time, state the following:

ANSWER:    Please see Exhibit "B" and Exhibit "C" attached.

(a)    The name and address of each such physician or practitioner;

(b)    The complaint which caused you to see that particular physician or practitioner;

LAW OFFICES
HAEL B. SERLING, P.C.
NORTH OLD WOODWARD AVE.
SUITE 406
RMINGHAM, MICH. 48009

(248) 647-6966

9



WR GRACE-PIQ 006522-043

(c)    The type of examination and type of treatment that each physician or practitioner gave you;

(d)    The date or dates on which you were examined and treated by each physician or practitioner.

14. For each and every condition and symptom, indication, malaise or affliction which you contend to be directly or indirectly related to any disease, disability or physical condition or state of your body or health, and which you contend is relevant to this lawsuit as having any effect on your health and well-being, please state the following:

(a)    Nature and description of such symptom;

ANSWER:    Refer to Plaintiff's medical records and Exhibits "B" and "C".

(b)    The disease, disability or physical condition to which said symptoms are related, and the nature or extent of such relationship;

ANSWER:    Refer to Plaintiff's medical records and Exhibit "B" and "C".

(c)    The date, time, place and manner in which such symptom first manifested itself, regardless of whether you were aware of the significance of any such symptom;

ANSWER:    See Exhibits "B" and "C"

LAW OFFICES
HAEL B. SERLING, P.C.
NORTH OLD WOODWARD AVE.
SUITE 406
RMINGHAM, MICH. 48009
· (248) 647-6966

10



WR GRACE-PIQ  006522-044

(d)     When such symptoms were made known to you, if you were previously unaware of the same, including all pertinent information as to the source of such knowledge;

ANSWER:     See Exhibits "B" and "C"

(e)     Whether you contend such symptom is related in any fashion to asbestosis or pleuritis or any other condition from which you allegedly suffer, and the nature and extent of such relationship.

ANSWER:     Yes.

15. When did you receive a diagnosis of such symptoms?  Set forth all details of the persons involved in making the diagnosis, results of the diagnosis, and what was done by or to you as a result of such diagnosis.

ANSWER:     Plaintiff was diagnosed with Asbestosis on 10/18/00.  Please also see Exhibits "B" and "C".

(a)     Identify all documents related to such diagnosis.

(b)     Produce all such documents.

16. Have you ever at any time made a claim for or received any health or accident insurance benefits, worker's compensation payments, disability benefits, pensions, accident compensation payments or veteran's disability compensation awards?  If so, state for each:

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
IMINGHAM, MICH. 48009

(248) 647-6966

11



ANSWER:    Yes.

(a)    The circumstances under which you received the benefits, awards or payments;

ANSWER:    Disability Retirement

(b)    The illness, injury or injuries for which you received the benefits, awards or payments;

ANSWER:    Heart valve replacement

(c)    The names and addresses of your employers at the time of each injury or illness for which such an award was received or claimed;

ANSWER:    McLouth

(d)    The names and addresses of the examining doctors for each injury or illness;

ANSWER:    Refer to Exhibit "C"

(e)    The names of the superiors, officers, boards of tribunals before which or to whom the claim or claims were made or filed  and the dates made or filed;

ANSWER:    Disability Pension

(f)    The amounts of the benefits, awards or payments;

ANSWER:    $520/monthly

(g)    The dates covering the times during which you received the benefits, awards or payments;

ANSWER:    1986-present

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
MINGHAM, MICH, 48009

(248) 647-6966

12


WR GRACE-PIQ 006522-046

    (h)    The agencies or insurance companies from whom you received the awards, benefits or payments;

            ANSWER:   McLouth Steel

17. Please set forth specifically and in detail, all other examinations, tests and doctor visits which you may have received through your union, place of employment or other agency, other than those listed above.

ANSWER:    Please see answer to Interrogatories 8 and 13.

18. Have you had or do you now have any health accident, life or hospitalization insurance policies (individual or group)? If so, state the name, type of insurance, the address of the insurance company, the dates of commencement and expiration of coverage, policy limits and policy number.

ANSWER:   None.

19. Other than as answered in Interrogatory 16, have you ever made any claims or filed suit for damages for any personal injury? If so, state:

ANSWER:   No.

    (a)    The persons against whom said claim was made;

            ANSWER:   N/A

    (b)    The basis of such claim;

            ANSWER:   N/A

LAW OFFICES
HAEL B. SERLING, P.C.
JORTH OLD WOODWARD AVE.
SUITE 406
IMINGHAM, MICH. 48009

(248) 647-6966

13



WR GRACE-PIQ 006522-047

(c)    The nature and extent of the injuries claimed;

ANSWER:   N/A

(d)    The present status of such claim, and if concluded, the final result, including the amount of any settlement.

ANSWER:    N/A

20. Have you ever been a party to any other litigation? If so, describe:

ANSWER:    Please see answer to Interrogatory 19.

(a)    The nature of the suit;

(b)    The date, court and place where the suit was filed.

21. On what date did you first become aware that Asbestosis was a compensable occupational disease under a state or federal worker's compensation act, stating by what means and under what circumstances you became so aware.

ANSWER:    Plaintiff objects to this Interrogatory for the reason it is irrelevant when Plaintiff became aware that asbestosis was a compensable occupational disease under a worker's compensation act.

22. Are you aware that any adverse effects of exposure to asbestos

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
IMINGHAM, MICH. 48009
(248) 647-6966

14



WR GRACE-PIQ 006522-048

and asbestos products may be cumulative in nature and that continued

exposure to such materials by one suffering from asbestos or related illnesses

may have a significant adverse effect on the extent and severity of such

illness? If the answer is affirmative, please state:

ANSWER:    Plaintiff objects to this Interrogatory for the reason that it is

argumentative and calls for a conclusion beyond the scope of Plaintiff's

knowledge.

     (a)    The date, time and place that you first acquired such awareness;

     (b)    The specific identity of each source of information providing or leading to such awareness;

     (c)    Any change in your behavior, life style, occupation, work habits, etc., precipitated by such awareness;

    23. After being informed that you were suffering from asbestosis,

pleuritis or any alleged asbestos-related illness, did you continue to engage in

any activity or occupation in which you encountered subsequent exposure to

asbestos or asbestos containing materials? If your answer is affirmative,

please state:

ANSWER:    No.

     (a)    Nature and description of such activity or occupation, including the employer on a work site;

           ANSWER:    N/A

LAW OFFICES
HAEL B. SERLING, P.C.
ORTH OLD WOODWARD AVE.
SUITE 406
MINGHAM, MICH. 48009

(248) 647-6966

15



WR GRACE-PIQ  006522-049

(b)    Your detailed reasons for engaging in such activity or occupation;

ANSWER:    N/A

(c)    Whether your participation in such activity or occupation and consequential exposure to asbestos or asbestos containing materials was contrary to medical or professional advice (including such advice from employers, union representatives, publications, etc.); if so, state in detail.

ANSWER:    N/A

1.    The identity, description, address, etc., of each source of such advice;

ANSWER:    N/A

2.    The date, time and place such advice was given;

ANSWER:    N/A

3.    Identity of each person present or aware of such advice being given to you.

ANSWER:    N/A

24. State whether you ever made any complaint about working with asbestos products, and if so, the details of any such complaints, including when made, to whom made, the nature of such complaint, and the consequent action by any parties as a result of such complaint.

ANSWER:    No.

LAW OFFICES
HAEL B. SERLING, P.C.
NORTH OLD WOODWARD AVE.
SUITE 406
RMINGHAM, MICH. 48009

(248) 647-6966

16


WR GRACE-PIQ 006522-050

25. Have you at any time during your life ever used any device (mask, respirator), or taken any action, measure of precaution (i.e., use of handkerchiefs, home medications), to reduce your possible exposure to, or inhalation of, asbestos dust or fibers?  If the answer is affirmative, state:

ANSWER:    No.

> (a)    The make, model and type;
>
> ANSWER:    N/A
>
> (b)    From whom received;
>
> ANSWER:    N/A
>
> (c)    The company or employer requirements regarding use of such device;
>
> ANSWER:    N/A
>
> (d)    The identity of all documents concerning such requirements or recommendations;
>
> ANSWER:    N/A
>
> (e)    The date and time of each period of use of such device.
>
> ANSWER:    N/A

26. Did any of your employers, co-workers, or union members ever suggest or recommend that you might or should use any device to reduce your possible exposure to, or inhalation of, asbestos dust or fibers?  If your answer is yes, state:

ANSWER:    No.

LAW OFFICES
HAEL B. SERLING, P.C.
NORTH OLD WOODWARD AVE.
SUITE 406
RMINGHAM, MICH. 48009

(248) 647-6966

17



WR GRACE-PIQ 006522-051

(a)    The identity of such individual;

ANSWER:    N/A

(b)    The date, time and place when such suggestion or recommendation  was made;

ANSWER:    N/A

(c)    The identity of each person present when such suggestion or recommendation was made to or received by you;

ANSWER:    N/A

(d)    The identity of each person receiving same or similar suggestions or recommendations;

ANSWER:    N/A

(e)    The exact wording and content of such suggestion or recommendation or the substance thereof;

ANSWER:    N/A

(f)    Whether such suggestion or recommendation was written or oral, and:

ANSWER:    N/A

(1)    If written, the identity of each writing;

ANSWER:    N/A

(2)    If oral, set forth all persons involved and the details as to the manner in which such suggestion or recommendation was presented.

ANSWER:    N/A

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
MINGHAM, MICH. 48009

(248) 647-6966

18


WR GRACE-PIQ 006522-052

(g)    The type, make and model of each device referred to in each such suggestion or recommendation;

ANSWER:    N/A

(h)    The nature of any action, if any, taken by you in response to such suggestion;

ANSWER:    N/A

(i)    Describe in detail your reasons for any response to such suggestions or recommendation short of complete conformity thereto.

ANSWER:    N/A


27. Have you ever been confined to bed or home as a result of any injury, illness or emotional or psychological illness or distress? If so, state in detail:

ANSWER:    Yes.

(a)    The dates during which you were confined to your home or bed;

ANSWER:    1986-heart valve

(b)    The address where such confinement took place;

ANSWER:    Home

(c)    Identify those persons who have had knowledge of such confinement;

ANSWER:    Ex-wife, Suzanne

(d)    Identify those persons who cared for you during such confinement;

LAW OFFICES
HAEL B. SERLING, P.C.
NORTH OLD WOODWARD AVE.
SUITE 405
IMINGHAM, MICH. 48009

(248) 647-6966

19



NR GRACE-PIQ 006522-053

ANSWER:          **REDACTED**

28. State your average weekly or monthly earnings at the time of your last full time employment.

ANSWER:    Refer to Exhibit "E".

29. State fully and in detail your annual earnings for the past ten years, setting forth the names of employers and the amounts if different employers were involved during this period of time.

ANSWER:    Please see Plaintiff's Social Security Printout.

30. Please set forth the effective date of your retirement and whether:

ANSWER:    1985

      (a)    The retirement was mandatory or voluntary;

           ANSWER:    Mandatory.

      (b)    The reasons for your retirement;

           ANSWER:    Heart valve replacement.

      (c)    Alleged wage loss if any.

           ANSWER:    Please see Answer to Interrogatories #39.

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 408
MINGHAM, MICH. 48009

(248) 647-6966



WR GRACE-PIQ  006522-054

31. With regard to Plaintiff's medical condition, relevant working condition, or other circumstances complained of in this action, or related to the subject matter of this lawsuit, do you have knowledge of any photographs, charts, drawings, diagrams or other graphic representations concerning the same? If so:

ANSWER:    Unknown.

    (a)    How many pictures or documents were prepared?

            ANSWER:    N/A

    (b)    On what dates were they taken or prepared?

            ANSWER:    N/A

    (c)    What views, scenes or objects do they depict?

            ANSWER:    N/A

    (d)    Identify the person making or preparing the same;

            ANSWER:    N/A

    (e)    Identify the person having custody of the same;

            ANSWER:    N/A

    (f)    Which of the above documents were made by you or on your behalf?

            ANSWER:    N/A

32. Have you made any statement which was reduced to writing concerning the facts of this lawsuit or events concerning your medical history or asbestos exposure history, and the damages claimed to any person,

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
IMINGHAM, MICH. 48009
(248) 647-6966

21


WR GRACE-PIQ 006522-055

including but not limited to, any police or law officer, insurance company representative, investigator, state or federal agent, or employee of any kind, or anyone else? If so, state the name and address of each and every such person or organization to whom these statements or reports were made, the dates made, and the purpose of which they were made.

ANSWER:    Plaintiff objects to this Interrogatory as calling for information protected under the attorney work product doctrine.  Without waiving Plaintiff's objection, Plaintiff states, please see Plaintiff's medical records.

          (a)     Identify all such statements.

                ANSWER:

33. Do you or have you ever smoked tobacco products?

ANSWER:    No.

34. If your answer is affirmative, state in detail:

          (a)     The type of tobacco products which you smoke or have smoked, i.e., cigarettes, cigars, pipes, etc., stating whether you inhale or inhaled the smoke or not;

                ANSWER:    N/A

          (b)     The daily frequency with which you smoke or have smoked the same, i.g., two packages of cigarettes daily, two pipefulls of tobacco daily, three cigars a day, etc;

                ANSWER:    N/A

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
MINGHAM, MICH. 48009

(248) 647-6966



WR GRACE-PIQ 006522-056

(c)     The dates and time periods during which you have smoked;

ANSWER:    N/A

(d)     For any time period when you commenced smoking tobacco products after a period of having stopped smoking, your reasons for resuming;

ANSWER:    N/A

(e)     If you smoke or have smoked cigarettes, please state the average number of packs per day so consumed in each of the years that you have smoked;

ANSWER:    N/A

(f)     Whether you were ever advised by any physician to stop smoking and if so, the date, name and address of each physician who gave you any such advice and whether you followed the advice. If so, for what period of time did you follow said advice?

ANSWER:    N/A

(g)     State the particular commercial brand or brands of tobacco products used by you for the periods related above.

ANSWER:    N/A

35. Are you aware of the United States Surgeon General's warning placed on all cigarette packages and advertisements? If so, when did you become aware?

ANSWER:    N/A

LAW OFFICES
HAEL B. SERLING, P.C.
ORTH OLD WOODWARD AVE.
SUITE 406
MINGHAM, MICH. 48009

(248) 647-6966


WR GRACE-PIQ 006522-057

36. Have you ever read the warning referred to the preceding Interrogatory?

ANSWER: N/A

37. Have you ever smoked any tobacco products subsequent to being aware of or reading the warnings referred to in the preceding Interrogatories, if so, please specify the type of tobacco product.

ANSWER: N/A

38. State whether or not Plaintiff claims any permanent, total or partial disability to date or to date of death as the case may be. If so, set forth the details thereof.

ANSWER: Yes, partially disabled due to progressive asbestos related lung disease.

39. State whether or not Plaintiff claims any diminution in earning power. If so, set forth the details thereof.

ANSWER: To be furnished.

40. State in detail the time the Plaintiff claims was missed from work as a result of the conditions complained of herein.

ANSWER: To be furnished.

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
MINGHAM, MICH. 48009
(248) 647-6966

WR GRACE-PIQ 006522-058

41. With respect to any and all special damages being claimed, set forth:

ANSWER:    Full compilation is not yet complete.  This Interrogatory will be supplemented.

| | |
|---|---|
| (a) | The hospital bills with dates and amounts thereof; |
| (b) | Medical bills with dates and amounts and names of persons rendering same; |
| (c) | Nursing bills with dates and amounts and identity of persons rendering same; |
| (d) | Loss of earnings, with identity of employers; |
| (e) | Any other special damages, specifying the type, amount and nature of same. This is to include any and all damages being claimed in this action, including any funeral expense where wrongful death is claimed. |

42. State whether there has been any settlement with any  person or party of all claim or part of a claim being asserted herein, or similar to the claims being asserted herein by which any money or other benefit was received, and if so, set forth the details thereof, including the claim date, the identity of the person against whom the claim was made, the identity  of the person who settled the claim, the amount of the settlement, and the date thereof.

ANSWER:    No, not at this time.

LAW OFFICES
HAEL B. SERLING, P.C.
NORTH OLD WOODWARD AVE.
SUITE 406
IMINGHAM, MICH. 48009

(248) 647-6966

25


WR GRACE-PIQ  006522-059

43. Were you a member of any labor union at any time from 1940 to the present time? If so, state for each such union membership:

ANSWER:    Yes.

    (a)    The identity of such union;

        ANSWER:    Steelworkers Union

    (b)    The identity of any officials known by you;

        ANSWER:    Unknown.

    (c)    The dates and time periods during which you maintained membership in such union.

        ANSWER:    1968-1986, when Mclouth closed down.

44. Have you ever received, been provided with or had made available to you, in any manner, a publication known as "The Asbestos Worker"? If so, set forth:

ANSWER:    No.

    (a)    The manner of receipt in which the publication was made available to you, i.e. provided by union, employer, labor group, etc. Distributed at meetings, subscription, purchase, free, etc.;

        ANSWER:    N/A

    (b)    The identity of each and every person and/or entity which provided or made the publication available to you.

LAW OFFICES
HAEL B. SERLING, P.C.
NORTH OLD WOODWARD AVE.
SUITE 406
RMINGHAM, MICH. 48009

(248) 647-6966

26



HR GRACE-PIQ 006522-060

ANSWER:    N/A

    (c)    The frequency of receipt, i.e., regular, occasionally, etc.

            ANSWER:    N/A

    (d)    The pertinent dates and time period during which the publication was received, provided, or made available to you;

            ANSWER:    N/A

    (e)    The publication date, issue and volume number of each issue;

            ANSWER:    N/A

    (f)    Did you read such publications?

            ANSWER:    N/A

45. If you were a member of a labor union other than the International Association of Heat and Frost Insulators and Asbestos Workers, did you receive any newspapers, newsletters or other publications from such union?

ANSWER:    Yes.

46. If your answer to the preceding is in the affirmative, state:

    (a)    The type of each publication received;

            ANSWER:    Steelworkers Letter.

    (b)    The frequency with which such publications were received;

LAW OFFICES
HAEL B. SERLING, P.C.
IORTH OLD WOODWARD AVE.
SUITE 406
MINGHAM, MICH. 48009

(248) 647-6966

27