

WR GRACE PIQ 68800-0032

c. The registration of a deferred claim in the Court-supervised Registry to be known as the Asbestos Deferred Registry, and notice (as defined herein) to such person or entities who may be subject to suit at a later date will constitute public notice to such persons that is sufficient to satisfy the "commencement" requirements embodied in the statutes of limitations, e.g., Ill. Rev. Stat, ch. 110, §13-202, §13-203, and §13-209 and the statute of repose, Ill. Rev. Stat., ch. 110, §13-213.

D. The registration of a deferred claim within the Registry is not a "case in controversy", because the registrant does not seek monetary damages or other judicial relief. Accordingly, the Clerk of the Court need not require the payment of a filing fee by a registrant, and the registrant is not required to serve summons pursuant to Ill. Rev. Stat., ch. 110A Rules 101, et seq.

III. ORDER

A. It is ordered in accordance with the aforesaid Findings of Fact and Conclusions of Law, that the "Asbestos Deferred Registry" ("Registry") is hereby established as a repository for certain claims for asbestos-related personal injury that are deferred until such time, if ever, that such persons develop evidence of impairment consistent with the terms and conditions set our herein below.

B. It is further ordered that this Order is intended as a device to administer and direct the handling of claims for non-malignant diseases allegedly caused by exposure to asbestos.

4

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



WR GRACE PIQ 58880-0033

Unless and only to the extent stated hereinafter, this Order shall not affect the manner in which claims for asbestos-related malignancies are filed and prosecuted.

       c.   It is further ordered that this Registry shall be administered by the Judges and Clerk of the Circuit Court of Cook County pursuant to such terms and provisions as follow.

<u>TERMS AND PROVISIONS</u>

1.   The following provisions establish a Registry for all asbestos personal injury claims registered or to be registered in the Circuit Court of Cook County (referred to below as "claims"), the procedures by which claims are placed on and removed from the Registry, and provisions for ordering claims as they move from the Registry to the trial dockets of the Circuit Court of Cook County (the "courts").

      a.   The terms "impaired," "impairment," and "asbestos-related" are used herein solely as a means of separating claims and ordering them for disposition. The use of these terms in the context of this order, whether by plaintiffs, defendants or the courts, shall not be deemed to be a finding or admission that any physical conditions or changes are or are not asbestos related in a legal or factual sense, and shall not constitute to any extent a basis for a finding of liability against any person.

      b.   Similarly, the use and adoption by the Court of any standard measurement for testing or the reporting of test results shall not be deemed a final and conclusive adoption or endorsement of that particular standard by the courts or any counsel or the rejection of any competing or alternative standard, but reflects only the selection of a reasonable and consistent system to help ensure that uniform standards are maintained as between individual claims.

91L-38-1709


WR GRACE PIQ 56800-0034

c.  Whenever the provisions of this document require that
the plaintiff or claimant's counsel make service of
specified material, service shall be accomplished in
the following manner: Plaintiffs' counsel shall file
the original of the material with the Clerk of the
Court, and shall include with such filing a certificate
of service which shows the names, addresses and dates
of service upon all other persons.  Simultaneously with
the filing with the Clerk, Plaintiffs' counsel shall
serve a complete and legible copy of the material being
filed upon Defendants by first class mail.

2.  The requirements of Illinois Supreme Court Rule 137 shall
apply to all papers filed by counsel or parties in connection
with the Registry.  All claims registered by persons who claim a
history of asbestos exposure, and who can demonstrate an objec-
tive asbestos-related physical finding (such as pleural plaques),
but who do not meet the minimum criteria for impairment defined
herein, or who have not manifested a cancer certified as
asbestos-related as described below, shall be placed upon the
Registry, and shall remain on the Registry until and unless
removed in accordance with the procedures established herein.

a.  Upon motion of a claimant and notice to all Defendants,
the Court may, in special circumstances and for good
cause shown, permit a claimant who meets the criteria
for exiting the Registry to remain on the Registry.

3.  For the purposes of this order, "present claims" shall be
defined as all lawsuits filed and served, but not actually on
trial, in the courts as of the close of business March 26, 1991.
All claims made in the courts beginning March 27, 1991, shall be
considered "future claims."

4.  Within ten (10) days of the entry of this order, each
Defendant who is presently a party in any present claim shall,
using the caption of the Asbestos Registry, file with the Clerk
of the Court and serve upon all Defendants Counsel and all
Plaintiffs' counsel with whom they have present claims pending a
designation, by name, address and title, of the person who is to
be served with documents and filings made in accordance with this

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.


WR GRACE PIQ 56800-0035

order.  Notice of any changes of counsel will promptly be given
to the Clerk and to plaintiff's counsel.

### Present Claims

6.    Within 90 days from March 26, 1991, each plaintiffs' attor-
ney with present claims pending in the courts shall file with the
Clerk of the Court (along with a certificate of service) and
serve upon Defendants' Counsel a listing of all present claims,
except for those which allege an asbestos-related cancer or
mesothelioma.  This listing of present claims shall be organized
as follows:

    a.    A general listing of all such claims, alphabetically by
       last name, and for each claim providing also first
       name, date of filing, docket number, a listing of
       defendants named and served, exposure period, and
       asbestos-related condition alleged to exist; and

    b.    A Claimant Registry Information form, in the format
       attached hereto as Exhibit A, for all such claims; and

    c.    A draft order transferring to the Asbestos Registry
       each such claim.

    d.    For each claim alleged by the Plaintiff to be eligible
       for removal from the Registry, the documentation set
       forth in paragraph 12 below is required to support
       removal.  All claims for which no request or documen-
       tation for removal is submitted shall remain on the
       Registry.

All present lawsuits in which an asbestos-related cancer or
mesothelioma is alleged shall remain on the active docket.
Lawsuits currently pending in which persons who filed suit based
upon pleural thickening or pleural plaque are now deceased and
whose survivors are now acting as representatives of the original
plaintiff's estate shall not be placed upon the Registry.

7.    Within 30 days of the plaintiffs' counsel's submissions to
the Defendants' Counsel, any objecting Defendant shall file with

91L- 38 - 1711



WR GRACE PIQ 66800-0036

Plaintiffs' counsel and the Clerk of the Court a submission which
states in not more than one page per claimant, any objections
Defendant has concerning whether each claimant alleged by plaint-
iffs' counsel to be eligible for removal from the Registry meets
the criteria established herein for removal.  The Court will
decide any disagreements on the papers thus submitted, and will
issue an order determining which claims are removed from the
Registry.  Hearings will be conducted only if the Court, sua
sponte, so orders, or if the Court, in the exercise of its
discretion, grants any party's request for a hearing.  All other
claims will remain on the Registry but subject to removal in the
future if other criteria established in this order are satisfied.

8.    All present claims that remain upon the Registry after the
proceedings described in paragraphs 6 and 7 above shall be
considered "inactive" upon the conditions and with the reserva-
tions of rights contained in paragraph 10 of this order.  All
applicable statutes of limitations as to such cases shall be
considered tolled as of the original date of filing to the extent
of the alleged asbestos-related claims alleged in the pleadings
up to that time, and as to the defendants named up to that time.

<u>Future Claims</u>

9.    Each Claimant or plaintiffs' attorney filing a future claim
shall, in the first instance file an Asbestos Personal Injury
Information Sheet as in Exhibit B.  Those cases which allege an
asbestos-related cancer or mesothelioma certified by a qualified
expert may proceed with filing a complaint on the active docket
and obtaining service of process on all defendants named.  For
all other <u>i.e.</u>, non-malignant claims, a claimant Registry Form
(New Claims) as in Exhibit C must be filed, with the Clerk of the
Court.  For these non-malignant claims, service will be made in
accordance with paragraph 1.c upon the designated service person
listed in paragraph 4 above for each entity who would be named as
a defendant in the event a lawsuit were filed ("notice of claim
defendants").  No filing fee shall be assessed or paid with
respect to the filing of a Claimant Registry form, but the stan-
dard filing fee shall be paid in the event the claim is removed
from the Registry and placed on the active docket in accordance
with the provisions of paragraph 11.  All future claims in which

911- 38 - 1712.


WR GRACE PIQ 66800-0037

an asbestos-related cancer or mesothelioma are alleged may be
filed directly on the active asbestos docket, and the standard
filing fee will be paid at that time.

10.  The filing of an Asbestos Personal Injury Information Sheet
and Claimant Registry Form and proper service upon the Clerk of
the Court and Defendants' Counsel shall constitute placement on
the Registry, and shall toll all applicable statutes of limita-
tions as of the date of filing and service, regarding any claim
of the claimant, claimant's spouse, children, dependents and
their estates arising from the alleged asbestos-related condi-
tion(s) alleged in the Registry form, but only with respect to
the notice of claim defendants.

11.  If any claimant contends that his or her case is one which
is immediately subject to removal from the Registry, then claim-
ant's counsel shall file, along with the Claimant Registry Form,
a Request for Removal and Leave to File a Complaint, in the form
attached hereto as Exhibit D, with supporting documentation, and
shall serve the original of Exhibit D upon the Clerk of the
Court, and shall make service upon all notice of claim defendants
in accordance with paragraph 1.c. Any objecting defendants
shall, within 30 days of receipt of Exhibit D, file a document
not exceeding two pages for each plaintiff stating Defendants'
position concerning only the issue of whether the claimant meets
the criteria established by this order for removal from the
Registry. The Court shall promptly decide any conflict on the
papers thus submitted, without a hearing, and shall enter an
order determining the issue. The Court may, however, at its
discretion and with or without a request from the parties,
require a hearing. If the Court decides the issue in favor of
the claimant, the case will be removed from the Registry and
plaintiffs' counsel may file a complaint and pursue service of
process as in any other case. The previous date of tolling
established in paragraph 10 above will control issues concerning
the statute of limitations as to notice of claim defendants and
disease processes alleged in the Claimant Registry form and
accompanying documents. However, nothing in this section or in
this Registry order is intended to or shall be construed against
any defendant to have waived the requirements for valid service
of process, or to have obviated the necessity for personal

9bl- 38- 1713


WR GRACE PIQ 68900-0038

service when a complaint is filed.  The duty to effect service of
process shall not be triggered until the filing of the complaint.

<u>Criteria for Removal From the Registry</u>

12.  Claims may be removed from the Registry in only the follow-
ing ways:

   a.   A claimant may be voluntarily removed from the Registry
        upon the filing of a certificate by the claimant's
        attorney which states that the claimant is withdrawing
        his/her claims, and understands that all tolling of
        limitations will cease upon the filing of the certifi-
        cate.  The claimant's counsel shall file the original
        of such document with the Clerk of the Court and shall
        make service upon other parties in accordance with
        paragraph 1.c.

   b.   A claimant may file a Request For Removal in the form
        attached as Exhibit D along with the accompanying
        documents and the required certifications required by
        Exhibit D.  The original of such Request and documen-
        tation will be filed with the Clerk of the Court and be
        served upon other parties in accordance with paragraph
        1.c.

   (1)  The minimum criteria for exiting the Asbestos Registry
        pursuant to Paragraph 12(b) are as follows:

      (a)(1)   A chest x-ray with an ILO rating of 1/0 or
               greater, as read by a certified B-Reader; <u>and</u>

         (2)   A pulmonary function test performed under the
               supervision of and interpreted by a board-
               certified pulmonologist which demonstrates
               either:

               (i)  Total Lung Capacity below 80%

                    or

10

912 · 38 · 1714



WR GRACE PIQ 58800-0039

          (ii)  A diffusing capacity for oxygen of less
               than 70% of normal <u>and</u> an FEV-1/FVC
               ratio of 75% of predicted or greater.

                  <u>or</u>

(b)  A chest x-ray with an ILO rating of 1/1 or greater
    as read by a certified B-reader <u>and</u> a pulmonary
    function test performed under the supervision of
    and interpreted by a board-certified pulmonologist
    which demonstrates a Diffusing Capacity below 80%.

                <u>or</u>

(c)  Upon exceptional circumstances and for good cause
    shown and upon notice to all parties, a party may
    by petition to the Court demonstrate actual
    impairment equal to or greater than that set forth
    in (1) and (2) above.  Examples of the type of
    such evidence contemplated hereunder would
    include:

        (1)  Evidence of asbestosis determined
    pathologically, or

        (2)  Evidence that impairment due to
    interstitial fibrosis or pleural encasement is so
    severe that pulmonary function testing cannot be
    completed.

(2)  The original request for removal with the accompanying
    mandatory documentation described above will be filed
    with the Clerk of the Court, and service upon other
    parties shall be made in accordance with paragraph 1.c.
    Within 30 days of the Claimant's filing, any objecting
    Defendant shall submit in a document not exceeding two
    pages, a statement of its position concerning whether
    the claim meets the minimum requirements for removal.
    The original of such response shall be filed with the
    Clerk of the Court, and copies served upon all counsel
    by first class mail.

912- 38. 1715


WR GRACE PIQ 66800-0040

(a)   If the parties agree to removal, the Clerk
will note the claim removed from the Regis-
try, and the Claimant's counsel may proceed
with filing a complaint and service of pro-
cess.

(b)   If the parties do not agree, the Court will
determine the issue promptly upon the papers
without a hearing, and will issue an appro-
priate order. The Court may, however, at its
discretion and with or without a request from
the parties, require a hearing.

(c)   When an order is entered permitting the
removal of a future claim from the Registry,
the claimant shall file a complaint, the
Clerk shall assign to the complaint a new Law
Division docket number, and the complaint
shall be placed on the active asbestos
docket. As to present claims, plaintiff may
serve those defendants who had appeared in
the original action by service in accordance
with paragraph 1(c) of this Order. In all
other circumstances, service of process shall
be effected in accordance with the provisions
therefor contained in the Illinois Code of
Civil Procedure and Supreme Court Rules.

(d)   In any present case, any fees previously paid
by any defendant, including appearance fees
and jury demand fees, shall be deemed to
apply to the new complaint filed by plaintiff
upon exit from the Registry. In the event
that no party named in the new complaint had
filed a jury demand on the original
complaint, any party may demand and pay the
fee for a trial by jury in accordance with
Illinois Code of Civil Procedure, §2-115.

(e)   When a complaint is filed upon removal of the
claim from the Registry, the presiding judge

12

91/. 38 - 1716.


WR GRACE PIQ 66900-0041

of the independent calendar "In re: Asbestos
Cases" shall determine if it is appropriate
to assign the case to Mandatory Arbitration,
pursuant to the Illinois Code of Civil
Procedure, Ill. Rev. Stat. ch. 110 par. 2-
1001A through 2-1009A, Supreme Court
Arbitration Rules 86 through 95, Ill. Rev.
Stat. ch. 110A, par. 86-95 and Rule 18 of the
Circuit Court of Cook County. Notwith-
standing this assignment, all motions shall
be filed, noticed and presented on the inde-
pendent calendar "In re Asbestos Cases,"
before the presiding judge of that calendar.

(f)   If, in addition to the documentation required
above for removal, the claimant attaches an
affidavit from a treating or examining physi-
cian that the alleged asbestos related condi-
tions which are alleged to be the basis for
removal will more likely than not cause the
death of the claimant within twelve (12)
months from the date of the submission of the
request for removal, the claimant may further
request expedited discovery and trial. Ser-
vice of such affidavits and request shall be
in accordance with paragraph 1.c.

(3)   The same pulmonary function and testing and/or chest x-
ray information that was referenced in a Claimant's
Exhibit A or C as a basis to file the original claim
with the Registry may not be used in whole or in part
as the foundation for a later request for removal from
the Registry.

### Miscellaneous Provisions

(A)   The terms of this order may not be modified except by a
stipulation signed by all parties and entered by the court,
or by Order of the Court following notice to all parties of
record.

13

912. 38. 1717.


WR GRACE PIQ 56860-0042

(B)    The fact that a claimant satisfies the exit criteria for
non-malignant lung disease shall not be construed as an
admission that he has asbestosis, nor shall the exit crite-
ria be cited, referred to or otherwise used at trial of any
case as diagnostic criteria for the determination of whether
a plaintiff in fact has asbestosis.  Rather, such criteria
are established only for the purpose of determining when a
claimant may activate a Registry claim into an action.

(C)    Acting pursuant to this Order of Court, or placing a claim
on the Registry is not to be considered as an admission of
liability by any of the potential defendants, nor an admis-
sion by any claimant that he or she is not suffering any
injury or disability from their asbestos related condition.
The existence of the Registry, and the fact that the claim
was placed on the Registry shall not be admissible in any
subsequent case, except for the limited purpose of a judge
determining whether the provisions of the Registry order
were complied with in that particular case.

(D)    All claims filed on or moved to the Asbestos Registry shall
bear the caption "In re:  Asbestos Registry," as well as the
name of the claimant and all entities which would be named
as a defendant in the event a lawsuit is filed ("notice
defendants").  All claims on the Registry shall bear a
Registry number assigned by the Clerk of the Court.  The
Clerk of the Court will enter on the Court's computer the
claimant's name, current address and date of placement on
the Registry.

(E)    Any defendant not named on a claimant's Registry Form (Ex-
hibit C) shall not be named or served as a defendant in the
event the claim is placed on the active docket.  However,
nothing contained herein shall limit in any manner the
rights of defendants to name additional parties as third-
party defendants, in the event a claim is placed on the
active docket.

(F)    So long as claims remain on the Registry, they are exempt
from discovery provisions of the Illinois and Circuit Court
of Cook County rules, and they shall not "age" for any

91Z. 38..1718.



WR GRACE PIQ 56800-0043

purpose. When a claim is placed on the active docket, it shall receive a new number, assigned by the Clerk.

(G)   All filings shall be on an individual basis. No claims on behalf of a group or class of claimants shall be permitted.

(H)   For all future claims, a filing fee shall be assessed by the Clerk and paid at the time a claim is placed on the active docket. For all present claims, no additional fees (including filing fees, appearance fees or jury demand fees) will be assessed for a claim already on the active docket which is transferred to the Registry, or for a claim when it is transferred from the Registry to the active docket.

(I)   With regard to future claims, or any present case for any defendant not already properly served, this Order shall not effect or modify the rules regarding service of process necessary in the event such a claim is removed from the Registry and a complaint is filed on the active docket. Proper personal service of all defendants named in such a complaint is required.

(J)   Failure to give notice to any notice of claim defendant of placement of a claim on the Registry shall not toll the statute of limitations as to that defendant. A notice of claim defendant who has received notice of placement of a claim on the Registry but does not receive notice of a Request for removal from the Registry may assert any objections it may have had to removal from the Registry after the complaint has been filed and served.

(K)   The filing by any defendant of any papers in connection with objecting to a request by a claimant to come off the Registry, or the appearance by any defendant at a hearing ordered by the Court in connection with such a request shall not be deemed an "appearance" submitting to jurisdiction in the event the claim is placed on the active docket and a lawsuit is commenced.

(L)   Any amendments to this Order shall be prospective only.

91L. 38. 1719



WR GRACE PIQ 50800-0044

(M) This Order shall be published in <u>The Daily Law Bulletin</u> and its provisions shall be incorporated into and made a part of the rules of the Circuit Court of Cook County. Notice of any proposed amendments to this Order shall be published in <u>The Daily Law Bulletin</u>. In the event the Court orders that personal notice of any amendments, late court orders or other matters to any claimant is required, service by the clerk by U.S. mail to claimant's attorney, or if no attorney is listed, to the last known address of the claimant as stated on the Registry form, shall constitute sufficient service. Copies of this Order and any amendments shall be available in the Clerk's office and the office of the judge presiding over the asbestos related personal injury cases.

(N) This Order shall be severable and if any portions of this Order are stricken or modified on appeal, it shall not diminish the effectiveness of this Order.

Judge Dean M. Trafelet

MAR 2 6 1991

_____                _____
DATE                                        JUDGE DEAN M. TRAFELET

Clerk of the Circuit Court 100

16

912. 38. 1720.



IN THE CIRCUIT COURT OF COOK COUNTY
ASBESTOS REGISTRY CALENDAR

IN RE:                              *
                                    *
    ASBESTOS REGISTRY                *      Case No. 91 L _____
                                    *      Registry No. _____

Claimant Registry Information Form - Pending Claim

1.   Registrant's Name: _____
2.   Former case number_____; Filed:_____
3.   Registrant's Current Address: _____
4.   Defendants named and served in original lawsuit:_____
     _____
     _____
     _____
     _____
5.   Registrant's Date of Birth: _____
6.   Registrant's Social Security Number: _____
7.   Registrant's Statement of Exposure:  Plaintiff was occupa-
     tionally exposed to asbestos-containing materials during the
     years _____ to _____ in the course of his employment as a
     _____ during which years he worked as a__
                         (trade or occupation)
     member of Local #_____ of the _____.
                                            (Union)
8.   Plaintiff's most recent chest x-ray dated _____ re-
     veals:

     a.   Pleural plaques YES ☐   NO ☐
          Pleural thickening YES ☐   NO ☐
     b.   Parenchymal abnormalities YES ☐   NO ☐
          Profusion rating _____
     c.   If profusion 1/0 or greater, list pulmonary function
          test results:
          Test Date:_____
          TLC_____ DLCO_____ FEV-1_____ FVC_____ FEV-1/FVC_____

_____            _____
     DATE                          CLAIMANT OR CLAIMANT'S ATTORNEY

Attorney's Name
Address

Attorney ID No.


                    EXHIBIT A        91L. 38. 1721



WR GRACE PIQ 58800-0048

This form shall be completed for any person who, after March 26, 1991, seeks to file a claim for personal injury and damages caused by exposure to asbestos.

ASBESTOS PERSONAL INJURY INFORMATION SHEET

Claimant's Name _____.
Date of Birth ____/____/____.
Social Security No. ____-____-____.
Current Address _____

1. I, _____, claimant or counsel for claimant herein, have read and am familiar with the provisions of this Court's Order dated March 26, 1991 regarding the classification of different types of claims for asbestos-related personal injury for the purposes of placement of any individual claim on the active trial docket or on the deferred asbestos Registry of the Circuit Court of Cook County.

2. _____ (Claimant's name) has been diagnosed on

_____ (date) by Dr. _____ as having:

(check appropriate box(es):

☐ a)   Malignant pleural mesothelioma.
☐ b)   Malignant peritoneal mesothelioma.
☐ c)   Malignant lung cancer.
☐ d)   Malignant gastrointestinal cancer.
☐ e)   Other malignancy (specify) _____.
☐ f)   Parenchymal changes consistent with asbestosis.
☐ g)   Non-malignant pleural changes.
☐ h)   None of the above.

3. If boxes 2(a), (b), (c), (d) or (e) are checked, have you received from a qualified expert an opinion that the cancer is causally connected to asbestos exposure?  Yes ☐  No ☐.

If "yes," identify the qualified expert _____, and the Clerk will accept the filing of a complaint.

If "No," you must obtain such a report before proceeding with the prosecution of a claim.

Once the complaint is filed, you must place summons for service on all defendants named.

4. If you have checked box 2(f) [and not boxes 2(a), (b), (c), (d), or (e)], please state:

a)   Your or your client's most recent chest x-ray was taken on ____/____/____ and revealed:

EXHIBIT B

91L-38.1722.


WR GRACE PIQ 56800-0047

   i)   Pleural plaques? ☐ YES   ☐ NO
   ii)  Pleural thickening? ☐ YES   ☐ NO
   iii) Parenchymal changes consistent with pneumoconio-
       sis? ☐ YES   ☐ NO.  With a profusion level on
       the ILO scale __/__.

  b)   If you answered yes to (iii) and the ILO rating is 1/0
      or greater, list your or your client's most recent
      pulmonary function test results in the following cate-
      gories:  TLC _____; DLCO _____; FEV-1 _____; FVC _____;
      FEV-/1/FVC Ratio _____.  Date of Testing: _____/_____/-
      _____.  Please complete No. 5.

5.  If you have checked boxes 2(f), (g) or (h), respond to the
following:  Based on my review of this Court's Order dated March
26, 1991, and the current evidence of impairment of myself or my
client, I certify that this claim meets the criteria for:

  ☐  a)    Filing as an active case in the Circuit Court, and
          I am filing such case.
  ☐  b)    Filing on the Asbestos Registry.
  ☐  c)    None of the above.

Dated _____       _____
                       Claimant's/Attorney's Signature

Attorney's Name
Address

Attorney ID No.

912.38.1723.



WR GRACE PIQ 56800-0048

IN THE CIRCUIT COURT OF COOK COUNTY
ASBESTOS REGISTRY CALENDAR

IN RE:                          *
                                *
     ASBESTOS REGISTRY          *      Case No. 91 L _____
                                *      Registry No. _____

Claimant Registry Form - New Claim

1.   Registrant's Name: _____

2.   Registrant's Date of Birth: _____

3.   Registrant's Social Security Number: _____

4.   Registrant's Current Address: _____

5.   Registrant's Statement of Exposure:  I believe that I was
     occupationally exposed to asbestos-containing materials
     during the years _____ to _____ in the course of my employ-
     ment as a _____ during which years I
     worked as a
     (trade or occupation)
     member of Local #_____ of the _____.
                                              (Union)
     Names of each company that would be sued as a defendant if
     the case was placed on the active docket:_____
     _____
     _____
     _____
     _____

6.   Registrant's Statement of Injury:  On _____, 198__, I
     was informed by Dr. _____ that I have the following
     medical evidence of non-malignant, physical changes due to
     asbestos exposure.  Chest x-ray dated _____/_____/_____
     revealed:

     a.   Pleural plaques YES ☐   NO ☐
          Pleural thickening YES ☐  NO ☐
     b.   Parenchymal abnormalities YES ☐  NO ☐
          Profusion rating _____/_____

EXHIBIT C

912· 38 · 1724·

WR GRACE PIQ 56800-0049

c.    If profusion 1/0 or greater, list pulmonary function
      test results:  Test Date:___/_____
      TLC_____ DLCO_____ FEV-1_____ FVC_____ FEV-1/FVC_____

_____          _____
      DATE                   Registrant's/Attorneys Signature

Attorney's Name
Address

Attorney ID No.

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


WR GRACE PIQ 58800-0050

IN THE
CIRCUIT COURT OF
COOK COUNTY

IN RE:                          *
                                *
        ASBESTOS REGISTRY    *  Registry No. _____
                                        *

        Request for Removal From Asbestos Registry
             and for Leave to File Complaint

1.  Claimant's Name: _____
                        Last      First      Middle

2.  Date original Claimant Registry Form was filed:

    _____

3.  I hereby request removal of the above-captioned claim from
    the Registry.

4.  The specific asbestos related condition(s) claimed is/are:



5.  The reasons for this request are as follows (here state the
    specific reasons for removal, specifying which criteria have
    been satisfied):

    _____

    _____

    _____

    _____

    _____

6.  The following documentation required by the Registry order
    is attached hereto in support of this request:

    _____  dated_____

    _____  dated_____

    _____  dated_____

    _____  dated_____

    _____  dated_____

                    EXHIBIT D

                                    96L-38-1726



7.    I certify in accordance with Rule 137 of the Illinois
      Supreme Court Rules that the foregoing information is true
      and correct, and hereby request that the above-named
      claimant's case be removed from the Registry and that leave
      be granted to file a complaint.

Dated _____          _____
                           Signature of Claimant or Claimant's
                           Counsel


                    Certificate of Service


91-38- 1727



WR GRACE PIQ 56800-0052

SANFORD E. RABUSHKA, M.D., M.M.

LOUIS A. WEISS MEMORIAL HOSPITAL
4646 NORTH MARINE DRIVE
CHICAGO, ILLINOIS 60640

February 13, 1989

**REDACTED**

CHEST:

Examination demonstrates increased lung markings in the lung field diffusely. These are described in the accompanying ILO report. The heart is normal. The trachea is midline. The film is somewhat over exposed. There is no evidence of pleural thickening and no other abnormality of the chest is detected. The heart size is normal.

<u>Conclusion</u>:    Interstitial fibrotic change as described in the accompanying ILO report.

RADIOLOGIST:  Sanford E. Rabushka, M.D., M.M.

SER:mc

S.S. #        **REDACTED**



WR GRACE PIQ 66600-0063

**PHYSICIAN'S REPORT**

Report of Dr. Peter Orris dated 2/24/89

JARVIS MEDICARE



WR GRACE PIQ 56800-0064

California Avenue at 15th Street
Chicago, Illinois 60608
650-6621

February 24, 1989

**REDACTED**

Dear

I am writing to give you the results of your examination which we performed on
February 10, 1989 in order to detect asbestos-related diseases. as you know,
the exam consisted of a medical and an occupation history, simple breathing
tests (spirometry), a limited physical examination, a chest x-ray, and an
educational session. This letter will summarize your results and make
recommendations for further evaluation if it is needed.

If you have medical problems that are not related to asbestos and which you
were already aware of, we will not discuss them here. It is important for you
to remember that this exam was a screening exam only, and not a comprehensive
exam. If you have other medical questions that are not answered here, do talk
to your own doctor.

RESULTS:

Your blood pressure was elevated 150/90. Physical examination of your chest
showed wheezing. Your breathing tests were normal. Your chest x-ray showed
scarring uggestive of an asbestos related disease. We tested your stool for
the presence of blood. None was present.

RECOMMENDATIONS:

Your blood pressure was elevated. This should be re-checked by a doctor.

Based on the above results, we conclude that the changes in your lungs are
consistent with the type of injury and disease caused by asbestos. You should
discuss this condition with a doctor who is knowledgeable in the area of
asbestos-related diseases. We would be happy to provide this service for you,
call 650-6480, or you may consult your own physician or ask your business
manager for a referral. at a minimum, you should be examined on a yearly
basis with repeat x-rays and breathing tests. Additionally, you can obtain a
more complete follow-up evaluation, which would include more extensive lung
function testing and a more complete physical examination.

Anyone with past exposure to asbestos, with or without disease from asbestos,
needs periodic medical care. Everyone over 40 needs a yearly pulmonary
function test and examination of stool for microscopic blood, and a rectal
examination, to find possible signs of colon cancer. In addition, you should
see your personal doctor if you develop persistent chest pain, a persistent
cough, or any other persistent problem.



WR GRACE PIQ 68800-0055

At the screening, we discussed the importance of proper procedures and equipment any time you work with asbestos.  If you have questions about how to work safely with asbestos, refer to the union's manual and talk to your local union.

We will be attending a local union meeting in the near future to discuss the screening and take questions as well; your local will notify you of the date. It is very important that you attend this meeting.  We would also be happy to discuss these recommendations with you or your doctor.

Sincerely,

Peter Orris, M.D.,M.P.H.
Medical Director
Managed Care Program

**REDACTED**



WR GRACE PIQ 66800-0056
Expires 9/84

DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE

CENTERS FOR DISEASE CONTROL
National Institute for Occupational Safety and Health
Federal Mine Safety and Health Act of 1977
Medical Examination Program
ROENTGENOGRAPHIC INTERPRETATION

NOTE: Please record your interpretation of
a single film by placing an "x" in
the appropriate boxes on this form
and return it promptly to.

Receiving Center
Appalachian Laboratory for
Occupational Safety and Health
Box 4258
Morgantown, West Virginia 26505

| WORKER'S Social Security Number | TYPE OF READING | FACILITY IDENTIFICATION |
|---|---|---|
| | A [X] P | C H |

| 1A. DATE OF X-RAY | 1B. FILM QUALITY | If not Grade 1 Give Reason: | 1C. IS FILM COMPLETELY NEGATIVE? |
|---|---|---|---|
| MONTH DAY YR | 1 [X] 3 n/a | | YES ☐ Proceed to Section 5   NO [X] Proceed to Section 2 |

| 2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? | YES [X] COMPLETE 2B and 2C   NO ☐ PROCEED TO SECTION 3 |
|---|---|

**2B. SMALL OPACITIES**

a. SHAPE/SIZE
PRIMARY / SECONDARY

| | |
|---|---|
| p / s | p / s |
| q / t | q / t |
| r / u | r / u |

b. ZONES
R L

c. PROFUSION

**2C. LARGE OPACITIES**

SIZE [X] A B C

PROCEED TO SECTION 3

| 3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? | YES ☐ COMPLETE. 3B, 3C and 3D   NO [X] PROCEED TO SECTION 4 |
|---|---|

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (plaque)
SITE  O R L

b. COSTOPHRENIC ANGLE
SITE  O P L

**3C. PLEURAL THICKENING ... Chest Wall**

a. CIRCUMSCRIBED (plaque)

| | SITE | O R | O L |
|---|---|---|---|
| IN PROFILE | i. WIDTH | O A B C | O A B C |
| | ii. EXTENT | 0 1 2 3 | 0 1 2 3 |
| FACE ON | iii. EXTENT | 0 1 2 3 | |

b. DIFFUSE

| | SITE | O R | O L |
|---|---|---|---|
| IN PROFILE | i. WIDTH | O A B C | O A B C |
| | ii. EXTENT | 0 1 2 3 | 0 1 2 3 |
| FACE ON | iii. EXTENT | 0 1 2 3 | 0 1 2 3 |

**3D. PLEURAL CALCIFICATION**

| SITE | O R EXTENT | O L EXTENT |
|---|---|---|
| a. DIAPHRAGM | 0 1 2 3 | a. DIAPHRAGM  0 1 2 3 |
| b. WALL | 0 1 2 3 | b. WALL  0 1 2 3 |
| c. OTHER SITES | 0 1 2 3 | c. OTHER SITES  0 1 2 3 |

PROCEED TO SECTION 4

| 4A. ANY OTHER ABNORMALITIES? | YES ☐ COMPLETE 4B and 4C   NO [X] PROCEED TO SECTION 5 |
|---|---|

**4B. OTHER SYMBOLS (OBLIGATORY)**

[O] ax bu ca cn co cp cv di ef em es fr hi ho id ih kl pi px rp tb

Report items which may be of present clinical significance in this section.

(SPECIFY od.)
OD

Date Personal Physician notified?
MONTH DAY YR

**4C. OTHER COMMENTS**

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C?   YES ☐ NO ☐   PROCEED TO SECTION 5

| 5. FILM READER'S INITIALS | PHYSICIAN'S SOCIAL SECURITY NUMBER* | DATE OF READING |
|---|---|---|
| | | MONTH DAY YR |

Complete if social security number is not furnished:

NAME (LAST-FIRST-MIDDLE)  *Gasford*  *Rabushka* M.D.

STREET ADDRESS          CITY          STATE    ZIP CODE

*Furnishing your social security number is voluntary.  Your refusal to provide this number*



WR GRACE PIQ 56800-0057

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | } | Chapter 11 |
| | } | |
| W.R. GRACE & CO., et al | } | Case No. 01-1139(JKF) |
| | } | (Jointly Administered) |
| Debtors. | } | |

## CLAIMANT'S OBJECTIONS AND RESPONSES TO THE

## W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Claimant , by and through his/her counsel, Cooney and Conway, submits the following objections and responses to the "W.R. Grace Asbestos Personal Injury Questionnaire" ("Questionnaire"). In order to maintain the integrity of the formatting on Debtor's Questionnaire, Claimant has set out all of his/her general and specific objections in the following separate sections of this response and hereby incorporates each of these objections into Claimant's Questionnaire responses by reference therein.

## CLAIMANT'S GENERAL OBJECTIONS TO THE W.R. GRACE ASBESTOS

## PERSONAL INJURY QUESTIONNAIRE

Claimant hereby files these objections in response to the Questionnaire propounded by W.R. Grace.

Claimant objects to the Questionnaire and its Instructions to the extent that they impose discovery obligations beyond those of the Federal Rules of Bankruptcy Procedure and/or the rules of civil procedure in Illinois, which is the state where Claimant filed an asbestos personal injury claim. Claimant's Illinois claim is a "deferred asbestos registry claim" and subject to the rules and



WR GRACE PIQ 56800-0058

provisions of the Circuit Court of Cook County's orders in the matter of *In re: Asbestos Deferred Registry.*

This order ("the deferred docket order") allows a plaintiff who has been diagnosed with asbestos-related disease, but presently exhibits no impairment, to file an action and be placed on an inactive or deferred docket until his condition deteriorates to disability, if ever. **The order exempts any claim on the deferred docket from discovery provisions.** If and when plaintiff develops a prescribed degree of impairment, plaintiff may request removal from the deferred docket. *Burns v. Celotex Corp.*, 225 Ill. App. 3d 200, 201 (Ill. App. Ct. 1992). See also *In re Asbestos Cases*, 224 Ill. App. 3d 292, 298 (Ill. App. Ct. 1991)

Claimant will respond to the discovery Questionnaire in accordance with those rules.

Claimant objects to the Instructions as they make document requests that are overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Claimant contends that the burden and expense of responding to Debtor's Questionnaire in the format requested by Debtor outweighs its likely benefit.

Claimant objects to the Questionnaire and its Instructions to the extent that they seek information or identification of documents that are attorney work product, subject to the attorney-client or consulting expert privileges, or are otherwise not discoverable under the Federal Rules of Bankruptcy Procedure or the Illinois rules of civil procedure. Claimant further objects to the Questionnaire and its Instructions to the extent it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. Inadvertent disclosure of any such information or documents shall not constitute waiver of any privilege.

By providing responses to the Questionnaire, the claimant does not concede that the information provided is discoverable, relevant, or admissible. All responses are provided subject


WR GRACE PIQ 56800-0059

to the objections set forth herein. Each claimant reserves the right to challenge further discovery into the subject matter of the Questionnaire.

Claimant objects to any request in the Questionnaire that seeks any information that is not in the Claimant's control, custody, or possession; is already in the control, custody or possession of the Debtor; or is obtainable with equal or greater facility by the Debtor.  Plaintiff is precluded, pursuant to the Deferred Docket Order, from engaging in any discovery in this matter. Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document from which the answer may be derived as permitted by Rule 33(d) of the Federal Rules of Civil Procedure as incorporated by Rule 7033 of the Federal Rules of Bankruptcy Procedure. Where appropriate, Claimant has attached the relevant document(s).

In response to this Questionnaire, Claimant objects to the extent that the questions are vague, ambiguous and premature.  Moreover, Claimant objects to this Questionnaire to the extent that the scope and content of the information sought is unreasonably cumulative and duplicative.

Claimant objects to this Questionnaire to the extent it requires Claimant to compile documents or information from sources not presently available to Claimants, including documents created or compiled by third parties.  Claimant objects to the Questionnaire to the extent it purports to require Claimant to violate the deferred docket order in order to gather and summarize voluminous information.

Claimant objects to this Questionnaire to the extent that the questions and their discreet sub-parts exceed twenty-five (25) in number.



WR GRACE PIQ 59800-0060

By submitting this response to the Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court. Claimant reserves (I) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C. § 157(b)(5).



WR GRACE PIQ 59800-0061

### CLAIMANT'S SPECIFIC OBJECTIONS TO THE W.R. GRACE

### ASBESTOS PERSONAL INJURY QUESTIONNAIRE

**INSTRUCTIONS**

1.      Claimant objects to Instruction A.1 to the extent that it purports to include claims under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement or indemnity on the ground that it is overly broad and requests information that is not relevant to the subject matter of the estimation proceeding.

2.      Claimant objects to Instruction C in its entirety and Instruction J regarding medical supporting documentation on the ground that it is vague, ambiguous and exceeds the scope of discovery in that it seeks information and documents from experts that is not discoverable and is subject to the work product and consulting expert privileges. Claimant further objects to the portion of the instruction requiring claimant to "complete a separate Part II for each initial diagnosis and any previous or subsequent diagnosis or diagnostic tests that change or conflict with the initial diagnosis", on the ground that the burden outweighs its likely benefit. Claimant further objects to the instruction to attach **all** x-ray readings and reports and **all** pulmonary function test ("PFT") results on the ground that it is overly broad and ambiguous. Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. Without limiting the foregoing, Claimant



WR GRACE PIQ 58800-0062

objects to the following provisions of the Discovery Questionnaire as violative of Fed. R. Civ. P.

26(b)(4)(B):

(a).  Claimant objects to Section C of the Instructions to the extent that it requests the

completion of Part II of the Discovery Questionnaire "if you received diagnoses and

diagnostic tests relating to the same condition by multiple doctors."

.(b)  Claimant objects to Section C of the Instructions to the extent that it requests the

production of "any and all documents" that "support or conflict with your diagnosis."

©)  Claimant objects to Section C of the Instructions to the extent that it requests the

production of "all x-ray readings and reports."

(d).  Claimant objects to Section C of the Instructions to the extent that it requests the

production of "all pulmonary function test results, including the raw data and all

spirometric tracings, on which the results are based."

(e).  Claimant objects to Section J of the Instructions to the extent that it requests the

production of "any and all documents" that "support or conflict with your diagnosis."

(f).  Claimant objects to Part II of the Discovery Questionnaire to the extent that it

WR GRACE  PIQ  56800-0083

requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses."

Subject to the foregoing, Claimant will attach any x-rays reports, B-reads, pulmonary function tests or pathology reports considered by Claimant's medical treater, if any, in forming his/her opinion in connection with Claimant's Asbestos Registry filing.

3.    Claimant objects to Instruction D to the extent that it requests Claimant to "attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease" on the ground that it is ambiguous and exceeds the scope of discovery in that it requests documents that are subject to the work product privilege. Further, Claimant has been barred by the Bankruptcy Code Section 362 stay from pursuing discovery against Debtors, and is further barred by the Courts order in *In re: Asbestos Deferred Registry.*.

## PART I: IDENTITY OF INJURED PERSONS AND LEGAL COUNSEL

### Subsection (a)(7) - Daytime Telephone Number of client

Claimant objects to this inquiry on the ground that it is neither relevant nor likely to lead to



WR GRACE PIQ 58800-0084

the discovery of admissible evidence.  Claimant is represented by counsel, as reflected herein, and may only be contacted through counsel.

## PART II: ASBESTOS-RELATED CONDITION(S)

1.    **General Objections.**  Claimant objects to Part II of the Questionnaire in its entirety on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceeding, is not discoverable pursuant to the Court's order in *In re: Asbestos Deferred Registry,* information that is privileged, and other information that is non-discoverable. Additionally, the information sought is more easily derived from the Claimant's discoverable medical records, which are attached to the Questionnaire.  Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from   Claimant's discoverable medical reports attached to the Questionnaire.  Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communication between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or a representative of any attorney for Claimant.  In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant.

2.    **Subsection 1(a)-(f) - Condition Being Alleged**.  Claimant objects to this question and each


WR GRACE PIQ 66800-0066

of its subparts (a-f) on the ground that it exceeds the scope of discovery in that it seeks information

not relevant to the estimation proceeding, and information from experts that is non-discoverable and

is subject to the consulting expert and work product privileges. Claimant further objects on the

ground that the information requested by this question and its sub-parts is equally available to the

Debtor in that it may be derived from the claimant's discoverable medical reports attached to the

Questionnaire. Subject to and without waiving the foregoing, please see Claimant's Questionnaire

responses and the documents attached hereto.

3.    **Subsection 2 - Information Regarding Diagnosis.**

a.    Claimant objects to Part II, Subsection 2 on the ground that it exceeds the scope of

discovery in that it seeks information that is not relevant to the subject matter of the estimation

proceeding, seeks information from experts that is non-discoverable pursuant to the Court's order

in *In re: Asbestos Deferred Registry.*, and seeks information that is subject to the consulting expert,

work product and attorney-client privileges. Claimant further objects to this question as it is not

reasonable and necessary to this proceeding and is harassing. Claimant further objects to this

question to the extent that it purports to require Claimant to gather and summarize information

already contained in documents provided with Claimant's Questionnaire answers, and is, therefore,

obtainable with equal or greater facility by the Debtors. Claimant's diagnosis of an asbestos-related

condition may be based on one or more diagnostic test(s), or physical examination(s). Therefore,

asking Claimant to state a "date of diagnosis" is vague and ambiguous. Subject to and without

waiving the foregoing, in response to Part II, Subsection 2, Claimant has provided the date of the



WR GRACE PIQ 66800-0066

medical report prepared by Claimant's treating physician regarding Claimant's asbestos-related disease as needed to establish the elements of Claimant's claim under state law and has answered the questions regarding such doctor, if such information was readily available. Claimant has attached to this Questionnaire a copy of such physician's report along with any available x-ray readings, pulmonary function test reports ("PFT") and/or pathology reports considered by Claimant's doctor in forming his/her opinion in connection with Claimant's Asbestos Registry Claim. In addition to specifying and attaching a copy of the records from which the answer to Part II, subsection 2 may be derived or ascertained and without waiving Claimant's right to do so pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Claimant has set out in the Questionnaire response the information that is contained in the medical reports and that was readily available to Claimant's attorney.

Claimant further objects to the following questions in Part II, Subsection 2 regarding Claimant's relationship to the diagnosing doctor on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

**With respect to your relationship to the diagnosing doctor, check all applicable boxes:**

Was the diagnosing doctor your personal physicians?        ☐        Yes

☐        No



WR GRACE PIQ 06800-0067

**Further, Claimants specifically objects to this question on the ground that it is vague and ambiguous.**

Was the diagnosing doctor paid for the diagnostic services that he/she performed?

     ☐    Yes  ☐    No

If yes, please indicate who paid for the services performed:


Did you retain counsel in order to receive any of the services performed by the diagnosing doctor?    ☐ Yes    ☐No

**Further, Claimants specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work products privileges is misleading and biased and cannot be fairly or completely answered with a "yes" or "no".**

Was the diagnosing doctor referred to you by counsel?    ☐    Yes    ☐

    No

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privilege.**

Are you aware of any relationship between the diagnosing doctor and your legal counsel?

     ☐    Yes  ☐    No

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

*If yes, please explain:*



WR GRACE PIQ 66800-0068

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

4.    **Subsection 3 - Information Regarding Chest X-Ray (Location of X-Ray)**

Claimant objects to Part II, Subsection 3 on the ground that it is harassing, and exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information that is non-discoverable pursuant to the Court's order in *In re: Asbestos Deferred Registry*, and seeks information that is subject to the consulting expert and work product privileges. Claimant further objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray.

5.    **Subsection 4 - Information Regarding Chest X-Ray Reading (Results of X-Ray)**

a.    Claimant objects to Part II, Subsection 4 on the ground that it exceeds the scope of discovery in that



WR GRACE PIQ 56800-0069

it seeks information that is not relevant to the subject matter of the estimation proceeding, information that is non-discoverable pursuant to the Court's order in *In re: Asbestos Deferred Registry,* and information that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Additionally, Claimant objects to this question on the ground that it is duplicative of other questions herein, and thus is unduly burdensome. Claimant objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray. Subject to and without waiving the foregoing, in response to Part II, subsection 4, Claimant has provided information regarding Claimant's certified B-reader report considered by Claimant's medical treater in forming his/her opinion in connection with Claimant's Asbestos Registry Claim. Claimant has set out in the Questionnaire response the information relating to Claimant's certified B-reader report.


b.    Claimant objects to Part II, subsection 4 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the diagnosing doctor;" if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 4 regarding Claimant's relationship to the reader on the ground that these questions are leading, harassing, vague and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.



WR GRACE PIQ 56800-0070

**With respect to your relationship to the reader, check all applicable boxes:**

Was the reader paid for the diagnostic services that he/she performed?    ☐

     Yes    ☐    No

*If yes, please indicate who paid for the services performed:*


Did you retain counsel in order to receive any of the services performed by the reader?

     ☐    Yes    ☐    No

**Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no."**

Was the reader referred to you by counsel?    ☐    Yes    ☐    No

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

Are you aware of any relationship between the reader and your legal counsel?

     ☐    Yes    ☐    No

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

*If yes, please explain:*



WR GRACE PIQ 56890-0071

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

**6.      Subsection 5 - Information Regarding Pulmonary Function Test**

a.      Claimant objects to Part II, Subsection 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable pursuant to the Court's order in *In re: Asbestos Deferred Registry,* and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Additionally, Claimant objects to this question to the extent that it purports to require Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, in response to Part II, Subsection 5, Claimant has provided information regarding Claimant's pulmonary function test ("PFT") considered by Claimant's medical treater in forming his/her opinion in connection with Claimant's Asbestos registry Claim. Claimant has set out in the Questionnaire response the information relating to Claimant's PFT report that was readily available to Claimant's. .

b.      Claimant objects to Part II, subsection 5 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if



WR GRACE PIQ 56800-0072

Claimant retained counsel in order to receive any of the services performed by the diagnosing doctor;" if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor or clinician who performed the pulmonary function test on the ground that these questions are leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

==================================================================

**With respect to your relationship to the doctor or clinician who performed the pulmonary function test, check all applicable boxes:**

If the test was performed by a doctor, was the doctor your personal physician?
☐ Yes ☐    No

**Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the testing doctor and/or clinician paid for the diagnostic services that he/she performed? ☐ Yes ☐        No

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? ☐ Yes ☐        No



WR GRACE PIQ 59800-0073

**Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no."**

Was the testing doctor or clinician referred to you by counsel?    ☐Yes  ☐ No

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ☐ Yes ☐    No

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

*If yes, please explain:*

_____

c.    Claimant objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor interpreting the results of the pulmonary function test on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

_____



WR GRACE PIQ 68900-0074

**With respect to your relationship to the doctor interpreting the results of the pulmonary function test, check all applicable boxes:**

Was the doctor your personal physician?          ☐      Yes    ☐      No

**Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the doctor paid for the services that he/she performed?                    ☐

     Yes    ☐      No

    *If yes, please indicate who paid for the services performed:*


Did you retain counsel in order to receive any of the services performed by the doctor?

    ☐      Yes    ☐      No

**Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no."**

Was the doctor referred to you by counsel?    ☐      Yes    ☐      No

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

Are you aware of any relationship between either the doctor or clinician and your legal counsel?      ☐   Yes      ☐      No



WR GRACE PIQ 56800-0076

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.**

*If yes, please explain:*

_____

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

7.    **Subsection 6 – Information Regarding Pathology Reports**

a.    Claimant objects to Part II, Subsection 6 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable pursuant to the Court's order in *In re: Asbestos Deferred Registry*, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

b.    Claimant objects to Part II, subsection 6 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if



WR GRACE PIQ 56800-0076

Claimant retained counsel in order to receive any of the services performed by the diagnosing doctor;" if "the diagnosing doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 4 regarding Claimant's relationship to the doctor issuing the pathology report on the ground that these questions are leading, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

**With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:**

Was the doctor your personal physician?         ☐    Yes    ☐    No

**Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the doctor paid for the services that he/she performed?         ☐

    Yes    ☐    No

    *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?

    ☐    Yes    ☐    No



Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communications and/or attorney work product privileges, is misleading and biased and cannot be fairly or completely answered with a "yes" or "no."

Was the doctor referred to you by counsel?   ☐    Yes    ☐    No

Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.

Are you aware of any relationship between either the doctor or clinician and your legal counsel?    ☐  Yes      ☐  No

*If yes, please explain:*

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

8.    **Subsection 7 – Medical Treatment From Doctor for Condition Alleged**

Claimant objects to this question on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable pursuant to the Court's order in *In re: Asbestos Deferred Registry,* and that is subject



WR GRACE PIQ 56800-0078

to expert, work product and attorney-client privileges. Claimant further objects to this question as it is harassing. Additionally, Claimant objects to Part II, subsection 7 of the Discovery Questionnaire to the extent that it asks if Claimant "retained counsel in order to receive any of the services performed by the diagnosing doctor."

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached thereto.

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects to Part III in its entirety on the ground that it is non-discoverable pursuant to the Court's order in *In re: Asbestos Deferred Registry*. Additionally, Claimant objects on the ground that the requests is onerous, unduly burdensome and harassing in that it would require a great amount of time, labor and expense to create a chart of exposure to Debtor's products in the format requested by Debtor. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, and which Claimant, by virtue of placement on the Deferred Docket, is enjoined from collecting.

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

1.  Claimant objects to Part IV in its entirety on the ground that it is non-discoverable pursuant



WR GRACE PIQ 56800-0079

to the Court's order in *In re: Asbestos Deferred Registry*. Additionally, Claimant objects on the ground that the requests is onerous, unduly burdensome and harassing in that it would require a great amount of time, labor and expense to create a chart of exposure to Debtor's products in the format requested by Debtor. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, and which Claimant, by virtue of placement on the Deferred Docket, is enjoined from collecting.

2.      Claimant objects to Part IV, question 2 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other **Injured** Person". Specifically, there may not be an "Other **Injured** Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant violate the Court's order in *In re: Asbestos Deferred Registry*. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding.

3.      Claimant objects to Part IV, question 3 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other **Injured** Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant violate the Court's order in *In re: Asbestos Deferred Registry*. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding.

4.      Claimant objects to Part IV, question 4 to the extent that it is vague and ambiguous with



regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other **Injured** Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant violate the Court's order in *In re: Asbestos Deferred Registry*. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding.

5.      Claimant objects to Part IV, question 5 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other **Injured** Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant violate the Court's order in *In re: Asbestos Deferred Registry*. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Claimant also objects to this question on the ground that Claimant may not know the specific day, month, and year of another person's exposure and therefore cannot answer the question

6.      Claimant objects to Part IV, question 6 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other **Injured** Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant violate the Court's order in *In re: Asbestos Deferred Registry*. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding.

7.      Claimant objects to Part IV, question 7 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an


WR GRACE PIQ 56800-0881

"Other **Injured** Person" responsible for Claimant's injuries.  Claimant  further objects to this question to the extent that it requires Claimant violate the Court's order in *In re: Asbestos Deferred Registry*.  Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding.

8.      Claimant objects to Part IV, question 8 to the extent that it requires Claimant violate the Court's order in *In re: Asbestos Deferred Registry*.  Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous.

9.      Claimant objects to Part IV, question 9 to the extent that it requires Claimant violate the Court's order in *In re: Asbestos Deferred Registry*.  Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous.

10.      Claimant objects to Part IV, question 10 to the extent that it requires Claimant violate the Court's order in *In re: Asbestos Deferred Registry*.  Additionally, Claimant objects to this question on the ground that Claimant may not recall the exact day, month, and year his or her exposure began or ended, and, in that regard, this question is unduly burdensome.

**PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS**

Claimant objects to Part V as it exceeds the permissible scope of discovery in that it is not



WR GRACE PIQ 56800-0082

relevant to the subject matter of the estimation proceeding. Claimant objects to this interrogatory on the ground that it is unduly burdensome, onerous and harassing in that it would require great amount of time, labor and expense to create a chart of exposure in the format requested by Debtor and then to create a separate chart for each party against which Claimant has filed an asbestos claim. Claimant further objects to Part V to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor.

Claimant objects to Part 5 to the extent it purports to require Claimant to violate the deferred docket order in order to gather and summarize voluminous information.

Claimant further objects to Part 5 to the extent that it requires Claimant to provide any information regarding Claimant's exposure to other manufacturer's asbestos products as evidence of such exposures are not relevant or admissible under Illinois law. *Lipke v. Celotex,* 153 Ill.App.3d 498, 505 N.E.2d 1213, 1220, 1221 (1st Dist. 1987), app. dismissed, 536 N.E.2d 327 (1990), *Nolan v. Weil-McLain,* 2006 Ill. App. LEXIS 558; *Kochan v. Owens Corning,* 610 N.E. 683 (1993), *Spain v. Owens Corning,* 304 Ill. App. 3d 356, 710 N.E.2d 528; 237 Ill. Dec. 898 (1999), *Tragarz v. Keene* 980 F. 2d 411 (7th cir. 1992). Liability for asbestos injuries in Illinois is joint and several. 735 ILCS 2-1118 (2004). Claimant's Registry Claim is filed in Illinois, and Illinois law controls the relevance and admissibility of evidence, particularly as here, where such exposure evidence has no relevance to the estimation hearing.

## PART VI: EMPLOYMENT HISTORY

WR GRACE PIQ 66800-0083

Claimant objects to Part VI on the ground that it is unduly burdensome and harassing and it would require a great amount of time, labor and expense to complete this section of the Questionnaire in the format requested by Debtors. Claimant objects to the Questionnaire to the extent it purports to require Claimant to violate the deferred docket order in order to gather and summarize voluminous information.

Claimant further objects to providing information, including but not limited to, the occupation and industry codes for employers or job sites where Claimant has not alleged any asbestos exposure as it exceeds the scope of permissible discovery in that it is not relevant to the subject matter of the estimation proceeding, and is harassing to Claimant.

**PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA**

**Subsection a. - Litigation**

1.      Claimant objects to Part VII, Subsection a, question 1 as it is overly broad in that it is not limited to *asbestos- related personal injury* lawsuits. Claimant responds to this entire Subsection a (questions 1 through 7) as if the question were so limited. Claimant further objects to this subpart inasmuch as Claimant's deferred asbestos docket claim is not considered a lawsuit under the terms of the Registry Order.

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto. Claimant's counsel does not represent Claimant in any claim

WR GRACE PIQ 56800-0084

regarding silica.

2.      Claimant objects to Part VII, Subsection a, question 2, to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos- related personal injury* lawsuits.  Claimant further objects to this subpart inasmuch as Claimant's deferred asbestos docket claim is not considered a lawsuit under the terms of the Registry Order..

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.      Claimant objects to Part VII, Subsection a, question 3 on the ground that it is harassing in that Grace knows equally as well as Claimant whether or not it was named as a Registry Notice Recipient  Claimant's Registry filing..  Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos- related personal injury* lawsuits. Claimant further objects to this subpart inasmuch as Claimant's deferred asbestos docket claim is not considered a lawsuit under the terms of the Registry Order.

Further, Claimant objects to this subpart on the ground that it exceeds the permissible scope of discovery in that it seeks information that is not relevant to the estimation proceeding.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.



WR GRACE PIQ 66800-0085

4.      Claimant objects to Part VII, Subsection a, question 4 on the ground that it seeks information that is neither relevant nor necessary to the estimation proceeding. . Claimant further objects to this subpart inasmuch as Claimant's deferred asbestos docket claim is not considered a lawsuit under the terms of the Registry Order..

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.      Claimant objects to Part VII, Subsection a, question 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant or necessary to the estimation proceeding.   Claimant further objects to this subpart inasmuch as Claimant's deferred asbestos docket claim is not considered a lawsuit under the terms of the Registry Order..

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.      Claimant objects to Part VII, Subsection a, question 6 and each of its subparts regarding settlements reached in the lawsuit as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding and requests privileged or confidential information.  Specifically, the terms of the settlement agreements, if any, including the settlement amounts, if any, are irrelevant to an aggregate estimate of Debtor's liability. Claimant further objects to this subpart inasmuch as Claimant's deferred asbestos docket claim is not considered a lawsuit under the terms of the Registry Order.



WR GRACE PIQ 56800-0088

7.     Claimant objects to Part VII, Subsection a, question 7 on the ground that it is overly broad

and unduly burdensome. . Claimant further objects to this subpart inasmuch as Claimant's deferred

asbestos docket claim is not considered a lawsuit under the terms of the Registry Order, and

depositions are prohibited by the Deferred Registry order.

**Subsection b - Claims**

1.     Claimant objects to Part VII, Subsection b, question 1 as it exceeds the permissible scope of

discovery in that it is not relevant to the subject matter of the estimation proceeding and requests

privileged or confidential information.   Claimant further objects that responding to Part VII,

Subsection b in the format in Debtors' Questionnaire is harassing and unduly burdensome.

Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited

to *asbestos-related personal injury* claims. Claimant responds to this entire subsection b (questions

1 through 7) as if the questions were so limited.

2.     Claimant objects to Part VII, Subsection b, questions 2 and 3 on the ground that it seeks

information that is neither relevant nor necessary to the estimation proceeding. The date and entity

against whom a claim was submitted has no bearing on Debtor's joint and several share of the

liability.   Additionally, Claimant objects on the ground that this question is overly broad in that it

is not limited to *asbestos- related personal injury* claims.

3.     Claimant objects to Part VII, Subsection b, questions 5 and 6 regarding settlements with an

asbestos trust as it exceeds the permissible scope of discovery in that it is not relevant to the subject

matter of the estimation proceeding and requests privileged or confidential information.   The


WR GRACE PIQ 68900-0087

settlement amounts are not relevant to an <u>aggregate</u> estimate of Debtor's liability or to Debtor's joint and several share of the liability.  Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos- related personal injury* claims.

4.      Claimant objects to Part VII, Subsection b, question 7 on the ground that it seeks information that is neither relevant nor necessary to the estimation proceeding.  .  Claimant further objects to this subpart inasmuch as Claimant's deferred asbestos docket claim is not considered a lawsuit under the terms of the Registry Order.

**PART VIII:  CLAIMS BY DEPENDENTS OR RELATED PERSONS**

Claimant objects to Part VIII on the ground that there are no provisions for dependant or derivative claims under the Pleural Registry Order.



WR GRACE PIQ 66800-0088

**QUESTIONNAIRE RESPONSES**

Claimant hereby incorporates by reference all of the foregoing general and specific objections into Claimant's Questionnaire responses and has provided the following responses subject to those objections. Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document(s) from which the answer may be derived, including but not limited to Claimant's medical records and Deferred Asbestos Docket form.

Respectfully submitted,

Kathy Byrne
Cooney and Conway
120 N. LaSalle St., 30th Floor
Chicago, IL 60602
(312) 236-6166
(312) 236-3029 – Fax

LAW OFFICES

# COONEY & CONWAY

30TH FLOOR

ROBERT J. COONEY (1924-1995)

KEVIN J. CONWAY

ROBERT J. COONEY, JR.

JOHN D. COONEY

WILLIAM R. FAHEY

120 NORTH LASALLE STREET

CHICAGO, ILLINOIS 60602

(312) 236-6166

FAX (312) 236-3029

MAINDESK@COONEYCONWAY.COM

JAMES T. NEWMAN
TIMOTHY R. OCASEK
DANIEL T. STANTON
JAMES E. OCASEK
JAMES R. HOPKINSON
KATHY BYRNE
MICHAEL D. MULVIHILL
MICHAEL J. LUBECK
MICHAEL T. EGAN
LAWRENCE R. WEISLER
TIMOTHY G. MARTIN

July 11, 2006


Rust Consulting, Inc.
Claims Processing Agent
Re: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Ave.
Faribault, MN 55021


RE: W.R. Grace Co. - Cooney and Conway Questionnaires


To Whom it May Concern:

Attached, please find a CD with completed questionnaires and supporting documents for the cases found on Exhibit 1. We have maintained original copies, which of course remain available to you at your request.

If you require any additional information, please do not hesitate to contact John Cooney, Bill Fahey or myself.

Very truly yours,

COONEY AND CONWAY

Kathy Byrne
KB/wca

WR GRACE PIQ 66900-0090

# FedEx® US Airbill

Express

**FedEx Tracking Number** 8558 7914 0916

**1 From** This portion can be removed for Recipient's records.

Date 7/11/06

**FedEx Tracking Number** 8558 7914 0916

Sender's Name William Ayres

Company COONEY & CONWAY

Phone 312 236-6166

Address 120 N LA SALLE ST FL 30

City CHICAGO   State IL   ZIP 60602

**2 Your Internal Billing Reference** 56-0446   00-0445   Re: WR Grace/10)
Bankruptcy

**3 To**

Recipient's Name Claims Processing Agent

Company Rust Consulting Inc.

Recipient's Address 201 S Lyndale Ave

City Faribault   State MN   ZIP 55021

0329250270

8558 7914 0916

**4a Express Package Service**
*Packages up to 150 lbs.*

- [ ] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**
*Packages over 150 lbs.*

- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**

- [ ] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**

SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
- [ ] No
- [ ] Yes
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** Bill to:

- [x] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages   Total Weight   Total Declared Value   Total Charges 519

**8 NEW Residential Delivery Signature Options**

- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

RECIPIENT: PEEL HERE

45

52

fedex.com 1800.GoFedEx 1.800.463.3339

Invalid Image File: https://secureweb.rustconsulting.com/WRGracePIQWebRepository/testpage.aspx?Documentid=PIQ056800&ImageId=Thumbs.db
Absolute Filename: https://secureweb.rustconsulting.com/WRGracePIQWebRepository/testpage.aspx?Documentid=PIQ056800&ImageId=Thumbs.db
Relative Filename: https://secureweb.rustconsulting.com/WRGracePIQWebRepository/testpage.aspx?Documentid=PIQ056800&ImageId=Thumbs.db