**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) Docket No. | |
| | ) | |

**MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS REPRESENTED BY LIPSITZ PONTERIO, LLC TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

In response to the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire"), the clients of Lipsitz Ponterio, LLC (collectively, the "Lipsitz Ponterio Claimants"), have objected to providing information in response to certain questions posed in the Questionnaire.[1] Because the objections are unfounded, Grace hereby moves to compel the Lipsitz Ponterio Claimants to provide all the information requested in the Questionnaire.[2]

**ARGUMENT**

The Court approved the Questionnaire after extensive briefing, argument, and consideration, and already has ruled that general relevance objections are unfounded and should not be maintained. Additionally, the Court has addressed the general burden objections related to providing the information requested in the Questionnaire by permitting response by way of attachment and by providing an additional year to provide the requested information.

---

[1] The clients represented by Lipsitz Ponterio who have returned Questionnaires are identified in Exhibit A (attached).

[2] Grace moves only to compel responses to questions in which the Lipsitz Ponterio Claimants have objected in lieu of providing responsive information. As the Court is aware, pursuant to this Court's Order Concerning Debtors' Motion to Compel, Claimants have until November 13, 2006 to supplement their Questionnaire responses. Grace reserves its right to raise any and all objections to the sufficiency of the Lipsitz Ponterio Claimants' responses until the supplementation of their Questionnaire responses is complete.

Accordingly, all general relevance and burden objections raised by the Lipsitz Ponterio Claimants should be overruled on their face. *See* Memorandum of Points and Authorities Concerning Background of the Questionnaire Approval Process and Objections Previously Addressed by the Court ("Background Memorandum").[3]

In connection with all other objections raised by the Lipsitz Ponterio Claimants, it is fundamental, under both Federal Rule of Civil Procedure 26 and Federal Rule of Bankruptcy Procedure 7026, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. Accordingly, under a motion to compel, the initial burden is on the moving party to demonstrate that the discovery sought is relevant. At that time, the "party resisting discovery must show specifically how [the requested information] is not relevant or how each question is overly broad, burdensome or oppressive." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (citations omitted).

The Lipsitz Ponterio Claimants refused to answer a number of questions in Part VII of the Questionnaire based on their various objections. Those questions relate to: (1) the basis for the dismissal of the claimants' asbestos or silica-related litigation (Part VII of the Questionnaire); and (2) the claimants' settlement of asbestos- and silica-related litigation. However, none of Lipsitz Ponterio Claimants' objections are justified for the following reasons:

- First, the Lipsitz Ponterio Claimants refused to answer question 6 in Part VII, Section A, relating to settlement amounts in asbestos- and silica-related litigation, on the grounds that such information is irrelevant under New York state law. This objection fails both because the estimation proceeding is governed by federal law and because

---

[3] The Lipsitz Ponterio Claimants refused to answer certain sub-parts to Questions 2, 4, 5, 6 and 7 in Part II, relating to the medical basis for Claimants' diagnoses and the relationship between Claimants, their counsel, and the doctors responsible for their diagnoses, and Question 4 in Part VII, Section A, relating to asbestos- and silica-related litigation, on general relevance grounds. Additionally, the Lipsitz Ponterio Claimants refused to answer certain sub-parts to Questions 2, 4,5 6, and 7 in Part II, Part V, relating to exposure to non-Grace asbestos-containing products, and Question 4 in Part VII, Section A on burden grounds.

- the New York law cited by the Lipsitz Ponterio Claimants does not preclude discovery into these matters.

- Second, the Lipsitz Ponterio Claimants refused to answer question 6 in Part VII, Section A, relating to asbestos- and silica-related litigation, on grounds of confidentiality. This objection must fail too, as confidentiality agreements do not immunize facts concerning a settlement from discovery.

## I. THE LIPSITZ PONTERIO CLAIMANTS' STATE-LAW RELEVANCE OBJECTION IS UNFOUNDED

The Lipsitz Ponterio Claimants maintain relevance objections under New York state law to the following portion of the Questionnaire:

| Question | Text of Question | Text of Objection |
|---|---|---|
| Part VII, Section A, Question 6 | Settlement amount for each defendant [with whom the claimant settled asbestos- or silica- related litigation]. | [T]he amount of settlement under New York law, and particularly pursuant to the provision of General Obligations Law § 15-108 is not relevant to these proceedings unless or until a verdict is entered and a judgment is molded. |

*See, e.g.*, Questionnaire of P. R. at WR GRACE PIQ 009822-016, Questionnaire of H. J. at WR GRACE PIQ 009827-014 (attached collectively as Exhibit B).[4] This objection is without merit for two reasons. First, this objection must fail as the Court has already ruled that these questions are relevant to the *estimation* proceedings for the purposes of discovery needed by Grace for its experts. *See* October 12 Order at ¶ 1; *see also* Background Memo. at 2; Tr. of Hr'g at 251 (Sept. 11, 2006) ("[I]n looking at relevance I am looking at what the experts may need."); Tr. of Hr'g at 51-52 (Dec. 19, 2005) ("What you expect to do is get the medical criteria that support [the Claimants'] claims so that your experts for the purposes of estimation can do their own analysis

---

[4] These exemplars are representative of the Questionnaires submitted by the Lipsitz Ponterio Claimants. Grace will make the Questionnaire of any claimant listed in Exhibit A available to the Court at the Court's request.

3

of that medical criteria and determine … whether or not that criteria is reliable and can be replicated and/or meets other standards.").

Second, this objection is without merit because it improperly purports to apply New York substantive law to preclude evidence from this estimation proceeding on the basis of relevance. The estimation process is governed by the bankruptcy procedural rules, which require courts to apply both the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Fed. R. Bankr. P. 9017; *see also In re USG Corp.*, 290 B.R. 223, 227 (Bankr. D. Del. 2003).

Nevertheless, even under New York law, the Lipsitz Ponterio Claimants' objection is not well-founded. New York General Obligations Law § 15-108 deals with the obligations of a joint tortfeasor when another tortfeasor is released from liability. It provides that:

> When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.

General Obligations Law, § 15-108. Section 15-108 stands for the unremarkable proposition that one defendant's settlement does not release another liable defendant from his or her share of the liability. *Id.* However, nothing in § 15-108 explicitly or implicitly precludes discovery regarding such settlements. *See id.*

As discussed above, federal procedural law, including the Federal Rules of Civil Procedure and the Federal Rules of Evidence, govern an estimation proceeding. Thus, a matter is discoverable if the discovery "reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Kopacz v. Delaware River & Bay Auth.*, 225 F.R.D. 494,

497 (D.N.J. 2004) (internal citations and quotation marks omitted). Here, the Court has explicitly recognized the relevance of information regarding settlements, stating: "To the extent that the [Claimant] is making a claim here that may be duplicative [of a] claim that it alleged against somebody else and for which it recovered, the debtor's entitled to know that." Tr. of Hr'g at 283 (Jul. 19, 2006). Accordingly, as the provision of the New York state law cited by the Lipsitz Ponterio Claimants does not bar discovery as to such matters, the Lipsitz Ponterio Claimants should be required to provide the requested and relevant information.

## II. THE EXISTENCE OF CONFIDENTIALITY AGREEMENTS DOES NOT EXCUSE THE LIPSITZ PONTERIO CLAIMANTS' OBLIGATION TO PRODUCE INFORMATION REGARDING SETTLEMENTS.

The Lipsitz Ponterio Claimants lodge a confidentiality objection to the following question:

| **Question** | **Text of Question** | **Text of Objection** |
| --- | --- | --- |
| Part VII, Section A, Question 6 | Settlement amount for each defendant [with whom the claimant settled asbestos- or silica-related litigation]. | Claimants object to providing further information in response to Part 7(a)(6) and object especially to the request for the amount of recovery by settlement with particular defendants. Settlements are a matter of private contract law, and are generally entered into with mutual assurances of confidentiality. |

*See* Questionnaire of P.R. at WR GRACE PIQ 009822-016.

This objection must fail for two reasons. First, the Lipsitz Ponterio Claimants fail to make sufficiently specific allegations regarding these purported confidentiality agreements to allow the Court to determine whether any such privilege from discovery would apply. Second, even if the Lipsitz Ponterio Claimants' factual allegations were sufficient, which they are not, the

mere existence of a confidentiality agreement does not prevent the disclosure of the terms of a settlement agreement in litigation.

      A.      **The Lipsitz Ponterio Claimants' Allegations Are Insufficient To Support A Claim Of Confidentiality.**

The Lipsitz Ponterio Claimants, as the parties seeking to resist the requested discovery, "must state with specificity the objection and how it relates to the particular request being opposed." *See Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996) ("Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."). Instead, the Lipsitz Ponterio Claimants make cursory, equivocal allegations of some unspecified confidentiality interest.

In their response to Part VII, Section A, Question 6, for example, which asks for the amount of settlements reached with defendants in asbestos- or silica-related litigation, the Lipsitz Claimants state, "Settlements are a matter of private contract law, and are ***generally*** entered into with mutual assurances of confidentiality." *See*, *e.g.*, Questionnaire of P.R. at WR GRACE PIQ 009822-016 (emphasis added). This conclusory assertion of confidentiality is devoid of several key details that would be necessary for the Court to assess the propriety of any confidentiality claim. First, by stating that the settlements "*generally* are entered into with mutual assurances of confidentiality," the Lipsitz Ponterio Claimants render it impossible to determine the scope of the potential objection. Does the claimed confidentiality agreement apply to all settlements entered into between a particular Claimant, some, or none? Second, not all confidentiality agreements are equivalent in scope. There is no way to determine whether, under the "confidentiality agreement" generically cited by the Lipsitz Ponterio Claimants, the disclosure of all information is purportedly prohibited or whether only the disclosure of certain information is allegedly

6

barred.  Moreover, confidentiality provisions frequently have express exceptions that permit the disclosure of the confidential material upon a court order.

Without specific allegations as to the terms of the purported confidentiality agreements, the Court cannot possibly ascertain the alleged propriety of the objection.  *See* Tr. of Hr'g at 282-83  (Jul. 19, 2005) ([The Court]: "I don't know what the scope of those agreements are.").  At a minimum, the Claimants must provide proof of the existence of a confidentiality agreement, the identities of the parties subject to the confidentiality agreement, and the scope of the confidentiality agreement, so it can be litigated.

      **B.**     **As A Matter Of Law, Grace Is Entitled To Information Regarding The Amounts Of The Lipsitz Ponterio Claimants' Settlements And Trust Claims.**

Regardless of the sufficiency of their factual allegations, the Lipsitz Ponterio Claimants' allegation that the mere existence of a confidentiality provision bars discovery of the amounts of various litigation and trust settlements is without legal merit.  The law does not bar the discovery of settlement agreements, nor the information contained within such agreements.  Settlement-related information and agreements may be discovered if they are relevant to the "subject matter involved in the pending action … [or such discovery] appears reasonably calculated to lead to the discovery of admissible evidence."  *Griffin v. Mashariki*, 1997 WL 756914, at *1 (S.D.N.Y. Dec. 8, 1997) (collecting cases).

Accordingly, courts have found that "litigants cannot shield a settlement agreement from discovery ***merely because it contains a confidentiality provision***."  *Cleveland Constr., Inc. v. Whitehouse Hotel, Ltd. P'ship*, 2004 WL 385052, at *1 (E.D. La. Feb. 25, 2004) (*quoting ABF Capital Mgmt. v. Askin Capital*, 2000 WL 191698, at *2 (S.D.N.Y. Feb. 10, 2000)).  This Court agreed with this very point when this issue arose in connection with its consideration of the Questionnaire during the July 2005 omnibus hearing.  The PI Committee, acting on behalf of the

7

interests of the Personal Injury Claimants (including the Lipsitz Ponterio Claimants) objected to questions regarding the amounts of settlements with various defendants on the grounds that such settlements contain confidentiality agreements. Tr. of Hr'g at 282-83 (Jul. 19, 2005). Over the PI Committee's objection, the Court ordered that the claimants "identify the defendants with whom [the Claimants] settled, the amount, and for what disease," and stated that a defendant "can come in and contest it if [a Claimant] violates their agreements." *Id.*[5]

To the extent that the Court believes that such information needs protection from disclosure outside the Bankruptcy proceedings, the proper course is not to deny Grace access to the information, but to issue a protective order that restricts the use of the information obtained in response to these questions to the estimation proceedings. As the Third Circuit made clear: "The [C]ourt, in its discretion, is authorized by this subsection to fashion a set of limitations that ***allows as much relevant material to be discovered as possible***, while preventing unnecessary intrusions into the legitimate interests -- including … confidentiality interests -- that might be harmed by the release of the material sought." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (emphasis added).

## CONCLUSION

For the foregoing reasons, Debtors respectfully request that the Court overrule the objections lodged by the Lipsitz Ponterio Claimants and require that Claimants provide the required information on or before January 12, 2007.

Wilmington, Delaware
Dated: November 9, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000


KIRKLAND & ELLIS LLP
Barbara M. Harding
David Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:   (202) 879-5000
Facsimile:    (202) 879-5200

*and*

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession