**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Docket No. |
| | ) | |

## <u>MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS REPRESENTED BY THORNTON & NAUMES LLP AND ALWYN H. LUCKEY, P.A. TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE</u>

In response to the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire"), the clients represented by Thornton & Naumes LLP and Alwyn H. Luckey, P.A., have objected to providing information in response to certain questions posed in the Questionnaire.[1]  Because the objections are unfounded, Grace hereby moves to compel the Thornton & Naumes Claimants and the Alwyn Luckey Claimants to provide all the information requested in the Questionnaire.[2]

## <u>ARGUMENT</u>

The Court approved the Questionnaire after extensive briefing, argument, and consideration, and already has ruled that general relevance objections are unfounded and should not be maintained.  Additionally, the Court has addressed the general burden objections related to providing the information requested in the Questionnaire by permitting response by way of

---

[1]  The clients represented by Thornton & Naumes and who have returned Questionnaires are identified in Exhibit A (attached).  The clients represented by Alwyn Luckey and who have returned Questionnaires are identified in Exhibit B (attached).

[2]  Grace moves only to compel responses to questions to which the Thornton & Naumes Claimants and the Alwyn Luckey Claimants have objected in lieu of providing responsive information.  As the Court is aware, pursuant to this Court's Order concerning Debtors' Motion to Compel, Claimants have until November 13, 2006 to supplement their Questionnaire responses.  Grace reserves its right to raise any and all objections to the sufficiency of the Thornton & Naumes Claimants' and Alwyn Luckey Claimants' responses until the supplementation of their Questionnaire responses is complete.

attachment and by providing an additional year to provide the requested information. Accordingly, all general relevance and burden objections raised by the Thornton & Naumes Claimants and the Alwyn Luckey Claimants should be overruled on their face. *See* Memorandum of Points and Authorities Concerning Background of the Questionnaire Approval Process and Objections Previously Addressed by the Court ("Background Memorandum") (attached at Exhibit C).[3]

In connection with all other objections raised by the Thornton & Naumes Claimants and the Alwyn Luckey Claimants, it is fundamental, under both Federal Rule of Civil Procedure 26 and Federal Rule of Bankruptcy Procedure 7026, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. Accordingly, under a motion to compel, the initial burden is on the moving party to demonstrate that the discovery sought is relevant. Once the relevance showing has been satisfied, the "party resisting discovery" bears the burden of making a specific

---

[3] The Thornton & Naumes Claimants refused to answer subparts of Questions 2, 4, 5, 6, and 7 in Part II, relating to the relationship between the claimants, their counsel, and the doctors responsible for their diagnoses with the alleged diseases, Question 3, relating to information concerning the Claimants' chest x-ray, Questions 4-6 in Part VII, Section A, relating to asbestos- or silica-related litigation brought by the Claimants, and all questions in Part VII, Section B, relating to non-litigation asbestos and silica claims brought by the Claimants on relevance grounds. Similarly, the Alwyn Luckey Claimants refused to answer Question 3 of Part I, Section A, relating to the Claimants' race, all Questions in Part V, relating to exposure to non-Grace asbestos-containing products, Questions 5 and 6 in Part VII, Section A, and all questions in Part VII, Section B on relevance grounds. As discussed in the Background Memorandum, that objection is unfounded as the Court has already ruled on the questions' general relevance of the Thornton & Naumes Claimants and Alwyn Luckey Claimants have made no showing that a particular question is not relevant to a particular Claimant's claim as required by the Court.

The Thornton & Naumes also Claimants refused to answer subparts of Questions 2, 4, 5 and 6 in Part II, relating to the professional certifications of the doctors responsible for the diagnosis of the Claimant the subpart of Question 2 in Part II, relating to whether the diagnosing physician had received the Claimant's complete medical, occupational and smoking history prior to rendering the diagnosis, Questions 4 and 5 in Part VII, Section A, relating to asbestos- or silica-related litigation brought by the Claimant, and Question 7 in Part VII, Section B, relating to non-litigation asbestos and silica claims brought by the Claimant, on burden grounds. As discussed in the Background Memorandum, that objection is baseless as the Thornton & Naumes Claimants have not demonstrated *any* burden associated with providing these two answers, let alone a burden that is "undue."

showing as to why the information sought does not have to be provided. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (citations omitted). Because the Court already has ruled that all the questions in the Questionnaire are relevant, *see* Order Concerning Debtor's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Personal Injury Questionnaire ("MTC Order") (Docket No. 13393) (Oct. 12, 2006) at ¶ 1, the burden rests with the firms raising the objections and resisting the discovery to demonstrate why their objections should be sustained.

The Thornton & Naumes Claimants and the Alwyn Luckey Claimants refused to answer a number of questions based on their various objections. Those questions relate to: (1) the medical support for the Claimants' alleged diagnosis (Part II of the Questionnaire), and (2) Asbestos and Silica Related Litigation and Claims (Part VII of the Questionnaire).[4] However, none of the Thornton & Naumes Claimants' or Alwyn Luckey Claimants' objections are justified for the following reasons:

- First, the Thornton & Naumes Claimants refused to answer subparts of Part II, Questions 2, 4, 5, 6 and 7, relating to the relationship between the Claimants, their counsel, and the doctors responsible for their diagnoses with the alleged diseases, Question 6 in Part VII, Section A, relating to asbestos- or silica-related litigation brought by the Claimants, and all Questions in Part VII, section B, relating to non-litigation asbestos and silica claims brought by the Claimants, on grounds of attorney-client privilege. The Alwyn Luckey Claimants similarly refused to answer Question 6 in Part VII, Section A on privilege grounds. These objections must fail, as the Questionnaire simply seeks facts, not attorney-client communications, and the Thornton & Naumes Claimants and Alwyn Luckey Claimants have failed to establish that the attorney-client privilege applies.

- Second, the Thornton & Naumes Claimants refused to answer subparts of Questions 2, 4, 5, 6 and 7 in Part II, relating to the relationship between the Claimants, their counsel and the doctors responsible for their diagnoses with the alleged disease, Question 6 in Part VII, Section A, relating to asbestos- or silica-related litigation brought by the Claimants, and all questions in Part VII, section B, relating to non-litigation asbestos and silica claims brought by the Claimants, on grounds of

---

[4]    The Alwyn Luckey Claimants object solely to Question 6 in Part VII, Section A.

confidentiality.  This objection, too, must fail, as the Thornton & Naumes Claimants have cited to no authority that would immunize from discovery either information concerning settlements or information concerning the relationships between Claimants, their counsel, and the doctors responsible for their diagnoses.

- Third, the Thornton & Naumes Claimants refused to answer subparts of Questions 2, 4, 5, 6, and 7 in Part II, relating to the relationship between the Claimants, their counsel and the doctors responsible for their diagnoses with the alleged diseases, on grounds of physician-patient privilege.  This objection is unfounded, as the majority of the Thornton & Naumes Claimants' claims are brought pursuant to Massachusetts law, which does not recognize the physician-patient privilege.  Moreover, even if the privilege were recognized, the Claimants, by suing Grace for an asbestos-related injury, have put their medical condition, diagnosis, and treatment squarely "at issue;" thus, the privilege is waived and the requested information must be produced.

## I.    THE THORNTON & NAUMES CLAIMANTS AND ALWYN LUCKEY CLAIMANTS HAVE IMPROPERLY ASSERTED CLAIMS OF PRIVILEGE.

The Thornton & Naumes Claimants and the Alwyn Luckey Claimants have asserted objections based on the attorney-client privilege with respect to the following portions of the Questionnaire:

| Question | Text of Question | Text of Objection |
|---|---|---|
| Part II, Questions 2, 3, 4, 5, 6, 7[5] | Was the [] doctor referred to you by counsel? | Claimant objects to this question on the grounds that it is … subject to attorney/client privilege. |
| Part II, Questions 2, 3, 4, 5, 6 and 7[6] | Did you retain counsel in order to receive any of the services performed by the [] doctor? | Claimant objects to this question on the grounds that it is … subject to attorney/client privilege. |

---

[5]    This objection is raised solely by the Thornton & Naumes Claimants.

[6]    This objection is raised solely by the Thornton & Naumes Claimants.

| **Question** | **Text of Question** | **Text of Objection** |
|---|---|---|
| Part VII, Section A, Question 6 | Settlement amount for each defendant [with whom the claimant settled asbestos- or silica-related litigation]. | Thornton & Naumes Claimants: Claimant objects to this question on the grounds that it is … subject to the attorney/client privilege.<br><br>Alwyn Luckey Claimants: This plaintiff raises objection as … [t]he information is client/attorney privileged. |
| Part VII, Section B, all questions[7] | Asbestos- and Silica-Related Claims. | Claimant objects to this question on the grounds that it is … subject to the attorney/client privilege. |

*See* Questionnaire of R. A. at WR GRACE PIQ 55638-0006-55638-0010 and 55638-0015;

Questionnaire of R. C. at WR GRACE PIA 55760-0006-55760-0010 and 55760-0015 (submitted

by Thornton & Naumes) (collectively, attached as Exhibit D); Questionnaire of J. P. at W.R.

Grace PIQ 44583-0011-44583-0014 and 44583-0019; Questionnaire of S. H. at W.R. Grace PIQ

46790-0011-46790-0014 and 46790-0019 (submitted by Alwyn Luckey) (collectively, attached

as Exhibit E).[8]

### A.    The Information Sought in the Questionnaire Is Purely Factual in Nature.

Under established Third Circuit law, the burden of proving that the attorney-client

privilege or work product doctrines apply and prevent the discovery of otherwise relevant

information falls on the party asserting the privilege. *See In re Gabapentin Patent Litig.*, 214

F.R.D. 178, 187 (D.N.J. 2003) ("[T]he party asserting the privilege bears the burden of

---

[7]    This objection is raised solely by the Thornton & Naumes Claimants.

[8]    These exemplars are representative of the Questionnaires submitted on behalf of the Claimants listed in Exhibits A and B.  Grace will make available to the Court the Questionnaire for any individual named in Exhibits A and B at the Court's request.

establishing those facts that are the essential elements of the privileged relationship."). Indeed, "a party who alleges privilege as a reason for not complying with a [discovery request] has the burden of proof to assert *specific facts* relating to specific documents [or communications] and cannot rely on conclusory statements." *Mass. Sch. of Law v. Am. Bar Assoc.*, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996) (emphasis added).  The Thornton & Naumes and Alwyn Luckey Claimants' privilege assertion is utterly devoid of any facts, let alone specific facts that would be sufficient to justify their claim.  The entirety of the claim of privilege is contained in the conclusory statement that the objected-to questions may seek information that is "subject to attorney/client privilege" or "client/attorney privileged."  This is not enough.  *See id.*  ("The purpose of the rule is to provide a party whose discovery is constrained by a claim of privilege with information sufficient to evaluate the claim and to resist it.  The party claiming the privilege cannot decide the limits of his entitlement.").

It is undisputed that the attorney-client privilege "extends only to *communications* and not to facts."  *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) (emphasis in original); *Synalloy Corp. v. Gray*, 142 F.R.D. 266, 268 (D. Del. 1992).  Thus, questions seeking factual information as opposed to communications between the Claimant and his or her attorney or documents prepared by the attorney in anticipation of litigation do not fall within the privilege and must be answered.  *See Upjohn*, 449 U.S. at 395; *Leonen*, 135 F.R.D. at 96.

It is similarly clear that questions relating to the general purpose of retaining counsel are factual in nature, and thus, fall outside the scope of the attorney-client privilege.  Accordingly, "[i]nquiry into the general nature of legal services provided by Counsel does not necessitate an assertion of the privilege because the general nature of services is not protected."  *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1273 (Fed. Ct. 2001).  The mere "fact of consultation" or the

"scope or object of employment" is likewise not privileged.  *See In re Grand Jury Proceeding*, 722 F.2d 303, 308 (6th Cir. 1983).

The questions to which the Thornton & Naumes Claimants and Alwyn Luckey Claimants assert their privilege objections seek this precise type of information:

- Part II, Questions 2, 4, 5, 6, and 7 ask whether the claimant "retained counsel" in order to receive any of the services provided by the doctor in question.

- Part II, Questions 2, 4, 5 and 6 further ask the Claimant whether the doctor in question was hired to perform the services as a result of being "referred to you by counsel" or whether the Claimant is "aware of any relationship between" the doctor in question "and your legal counsel."

- Part VII, Section A, Question 6 asks for the amount of any settlement agreement reached by a Claimant in other asbestos- or silica-related litigation as well as other objective information concerning the settlement.

- Part VII, Section B asks for objective information regarding non-litigation asbestos- and silica-related claims brought by the Claimant, including the dates of such claims, the person or entity against whom such a claim was brought and the amount of such claims.

As the information sought by Grace is factual in nature and does not seek to invade a valid attorney-client privileged communication, and the Thornton & Naumes Claimants and Alwyn Luckey Claimants have made no effort to meet their burden in establishing both that an attorney-client relationship existed and that the request would require the disclosure of communications protected by the attorney-client privilege, its objection is insufficient.  The Thornton & Naumes Claimants and Alwyn Luckey Claimants should be compelled to provide the requested information.

     **B.**     **The Thornton & Naumes Claimants and Alwyn Luckey Claimants Have Not Established The Existence Of An Attorney-Client Relationship Of The Relevant Times.**

In order for the Thornton & Naumes Claimants and the Alwyn Luckey Claimants to object to these questions on the grounds of attorney-client privilege, they must first establish that

an attorney-client relationship existed at the time of any such communication.  *See*, *e.g.*, *McCrink v. Peoples Benefit Life Ins. Co.*, 2004 WL 2743420, at *2-3 (E.D. Pa. Nov. 29, 2004) (setting forth elements of an assertion of attorney-client privilege); *Montgomery County v. MicroVote Corp.,* 175 F.3d 296, 301 (3d Cir. 1999) ("The attorney-client privilege demands the existence of a relationship in which an attorney is acting in his professional capacity as a lawyer.") (quoting *Yi v. Commonwealth, Dept. of Transp., Bureau of Licensing,* 646 A.2d 603, 605 (1994)).  Unless such a relationship existed at the time of the alleged communication, there is no basis for refusing to provide the information requested.   The Thornton & Naumes Claimants and Alwyn Luckey Claimants have not provided any information from which the Court may determine whether an attorney-client relationship existed when, for example, the Claimant was referred to a doctor and diagnosed with the asserted disease or condition.  In order for the Thornton & Naumes Claimants and Alwyn Luckey Claimants to be allowed to refuse to provide the information requested by Grace, they should, at a minimum, first be required to provide competent evidence showing the existence of an attorney-client relationship at the relevant times and for the relevant purposes.

II.     **A PURPORTED CONFIDENTIALITY INTEREST DOES NOT EXCUSE THE THORNTON & NAUMES CLAIMANTS' OBLIGATION TO PRODUCE INFORMATION REGARDING SETTLEMENTS OR INFORMATION REGARDING THE RELATIONSHIP BETWEEN THE CLAIMANTS, THEIR COUNSEL AND THEIR DOCTORS.**

The Thornton & Naumes Claimants lodge a confidentiality objection to the following questions:[9]

---

[9]     The Alwyn Luckey Claimants do not refuse to respond to the Questionnaire on the basis of this objection.

| __Question__ | __Text of Question__ | __Text of Objection__ |
|---|---|---|
| Part II, Questions 2, 4, 5, 6, and 7 | Is the [] doctor your personal physician? | Claimant objects to this question as it calls for information that is confidential in nature…. |
| Part II, Questions 2, 4, 5, 6, and 7 | Did you retain counsel in order to receive any of the services performed by the [] doctor? | Claimant objects to this question as it calls for information that is confidential in nature…. |
| Part VII, Section A, Question 6 | Settlement amount for each defendant [with whom the claimant settled asbestos- or silica-related litigation]. | Claimant objects to this question as it calls for information that is confidential in nature…. |
| Part VII, Section B, all questions | Please indicate the settlement amount [for each asbestos- or silica-related claim brought by the claimant]. | Claimant objects to this question as it calls for information that is confidential in nature…. |

*See* Questionnaire of R. A. at WR GRACE PIQ 55638-0006-55638-0010 and 55638-0015.

This objection must fail for two reasons. First, the Thornton & Naumes Claimants fail to make sufficiently specific allegations regarding the nature of this purported confidentiality interest to allow the Court to determine whether any such privilege from discovery would apply. Second, even if the Thornton & Naumes Claimants factual allegations were sufficient, which they are not, a confidentiality interest does not immunize either information regarding settlements or the relationship between a claimant, his or her counsel and the doctor(s) responsible for his or her diagnosis from discovery.

## A.    The Thornton & Naumes Claimants' Vague Allegations Are Insufficient to Support a Claim of Confidentiality.

The Thornton & Naumes Claimants, as the parties seeking to resist the requested discovery, "must state with specificity the objection and how it relates to the particular request being opposed." *Harding v. Data Transport, Inc.*, 914 F.Supp. 1084, 1102 (D.N.J. 1996) ("Broad-based, non-specific objections are almost impossible to assess on their merits, and fall

woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."). However, instead the Thornton & Naumes Claimants make cursory, equivocal allegations of some unspecified confidentiality interest. *See* Questionnaire of R. A. at WR GRACE PIQ 55638-0041 (alleging that the questions' "the information is confidential in nature"). The Thornton & Naumes Claimants cite no legal authority supporting these broad-based confidentiality allegations, but expects Grace and the Court to read their minds to divine what body of law to apply.

**B.     The Thornton & Naumes Claimants' Claims of Confidentiality Have No Merit.**

No matter what the origin, it is clear that the information requested is not confidential. The Thornton & Naumes Claimants raise confidentiality objections to two types of questions: (1) questions relating to settlements; and (2) questions relating to the relationship between the claimants' the doctors and their attorneys. Neither type of question is protected by any confidentiality interest.

**1.   Information Regarding Settlements Are Not Immunized from Discovery Based on Confidentiality.**

The Thornton & Naumes Claimants' allegation that the mere existence of a confidentiality interest bars discovery of the amounts of various litigation and trust settlements is without legal merit. There is no bar on the discovery of settlement agreements, or the information contained within such agreements. Indeed, settlement-related information and agreements may be discovered if it is relevant to the "subject matter involved in the pending action … [or it] appears reasonably calculated to lead to the discovery of admissible evidence." *Griffin v. Mashariki*, 1997 WL 756914 at *1 (S.D.N.Y. Dec. 8, 1997) (collecting cases).

Accordingly, courts have found that "litigants cannot shield a settlement agreement from discovery ***merely because it contains a confidentiality provision***." *Cleveland Constr., Inc. v.*

*Whitehouse Hotel, Ltd.*, 2004 WL 385052, *1 (E.D. La. Feb. 25, 2004) (*quoting ABF Captial Mgmt. v. Askin Capital*, 2000 WL 191698, *2 (S.D.N.Y. Feb. 10, 2000)).  Indeed, this Court agreed with this very point when this issue arose in connection with its consideration of the Questionnaire during the July 2005 omnibus hearing.  The PI Committee, acting on behalf of the interests of the personal injury claimants (including the Thornton & Naumes Claimants) objected to questions regarding the amounts of settlements with various defendants on the grounds that such settlements contain confidentiality agreements.  Tr. of Hr'g at 282-83 (Jul. 19, 2005).  Over the PI Committee's objection, the Court ordered that the claimants "identify the defendants with whom [the claimants] settled, the amount, and for what disease," and stated that a defendant "can come in and contest it if [a claimant] violates their agreements."  *Id.*

### 2. There is no confidentiality interest that protects information about the relationships between the claimants, their counsel and their doctors.

There is no confidentiality interest that would bar the disclosure of information related to the claimant's medical condition.  The majority of the Thornton & Naumes Claimants have brought claims under Massachusetts law.  While Massachusetts does recognize that communications between a physician and patient are confidential, that confidentiality *only* prevents disclosure outside the context of litigation.  *See Alberts v. Devine*, 395 Mass. 59, 65 (1985) (finding that a patient has a nonstatutory, civil remedy against a physician if the physician, without the patient's consent, makes an *out of court* disclosure of confidential information obtained in the course of the physician-patient relationship); P.J. Liacos, MASSACHUSETTS EVIDENCE 737 (6th ed. 1994).  Disclosure in the context of litigation brought by the claimant is not barred.  *Id.*

Moreover, to the extent that the Court believes that such information needs protection from disclosure outside the Bankruptcy proceedings, the proper course is not to deny Grace

access to the information, but to issue a protective order that restricts the use of the information

obtained in response to these questions to the estimation proceedings.  As the Third Circuit has

held:  "The Court, in its discretion, is authorized to fashion a set of limitations that ***allows as***

***much relevant material to be discovered as possible***, while preventing unnecessary intrusions

into the legitimate interests including … confidentiality interests that might be harmed by the

release of the material sought." *See Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

### III.    THORNTON & NAUMES CLAIMANTS' PHYSICAN-PATIENT PRIVILEGE OBJECTION IS MERITLESS.

The Thornton & Naumes Claimants object to the following questions on the grounds of

physician patient-privilege:[10]

| Question | Text of Question | Text of Objection |
|---|---|---|
| Part II, Questions 2, 4, 5, 6, and 7 | Is the [] doctor your personal physician? | Claimant objects to the question as it calls for information that is confidential in nature and subject to doctor/patient privilege. |
| Part II, Questions 2, 4, 5, 6, and 7 | Are you aware of any relationship? | Claimant objects to the question as it calls for information that is confidential in nature and subject to doctor/patient privilege. |

Questionnaire of R. A. at WR GRACE PIQ 55638-0006-55638-0010.   This objection is

meritless.   First, the majority of the Thornton & Naumes Claimants' cases were brought in

Massachusetts.  It is well-established that Massachusetts does not recognize the physician patient

privilege.  *See Medina v. Pillemer*, 2005 WL 3627226, *10 n.3 (Mass. Super. Dec. 23, 2005);

*Commonwealth v. Clayton*, 752 N.E.2d 788, 792 (Mass. App. Ct. 2001); *Commonwealth v.*

*Dube*, 601 N.E.2d 467 (Mass. 1992); P.J. Liacos, MASSACHUSETTS EVIDENCE 737 (6th ed.

---

[10]    The Alwyn Luckey Claimants do not refuse to respond to the Questionnaire on the basis of this objection.

1994).  Second, the Thornton & Naumes Claimants have cited no authority that even suggests that the physician-patient privilege covers the facts of the relationship between a personal injury plaintiff, his or her counsel, and the doctor(s) responsible for his or her diagnosis and/or treatment.  Moreover, by placing their medical condition "at issue," the Claimants have waived any privilege that would otherwise apply.  *See, e.g., Williams v. Rene*, 72 F.3d 1096, 1103 (3d Cir. 1995) (finding that "by putting his physical condition at issue, plaintiff waived the physician patient privilege").

## CONCLUSION

For the foregoing reasons, Debtors respectfully request that the Court overrule the objections lodged by the Thornton & Naumes Claimants and the Alwyn Luckey Claimants in lieu of providing answers to the questions posed in the Questionnaire and require that Claimants provide the required information on or before January 12, 2007.

Wilmington, Delaware
Dated:  November 10, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000


KIRKLAND & ELLIS LLP
Barbara M. Harding
David Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:     (202) 879-5000
Facsimile:     (202) 879-5200

*and*

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

14