# Exhibit E



WR GRACE  PIQ  44583-0001

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

REDACTED

WR GRACE PIQ 44583-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]



WR GRACE PIQ 44563-0003

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

| IF SENT BY U.S. MAIL | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
|---|---|
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.



WR GRACE PIQ 44593-0004

## INSTRUCTIONS

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related person wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will not be accepted and will not be deemed filed.

   Do not send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I -- Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

**D.** **PART III – Direct Exposure to Grace Asbestos-Containing Products**

In Part III, please provide the requested information for the job and site at which you were  asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing product.

was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

## Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator
31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (*e.g.*, accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

## Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing
109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

**E. PART IV – Indirect Exposure to Grace Asbestos-Containing Products**

In Part IV, please provide the information requested for any injury alleged to have been caused by expost WR GRACE PIQ 44593-0008 asbestos-containing products through contact/proximity with another injured person. If you allege expos. contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F. PART V -- Exposure to Non-Grace Asbestos-Containing Products**

In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party. If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G. PART VI – Employment History**

In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V. Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H. PART VII – Litigation and Claims Regarding Asbestos and/or Silica**

In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I. PART VIII -- Claims by Dependents or Related Persons**

Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure. One example of such a claim would be a claim for loss of consortium. If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J. PART IX -- Supporting Documentation**

In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire. As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed. Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K. PART X -- Attestation that Information is True, Accurate and Complete**

By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.



WR GRACE PIQ 44683-0007

**PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL**

**a. GENERAL INFORMATION**

1. Name of Claimant: _____  2. Gender: _____

First          MI          Last

3. Race (for purposes of evaluating Pulmonary Function Test results): ......................... ☐ White/Caucasian

Plaintiff raises objection as this interrogatory does not lead to discovery of admissible evidence ...... ☐ African American

☐ Other

4. Last Four Digits of Social Security Number: _____  5. Birth Date: _____

6. Mailing Address: _____

Address          City          State/Province          Zip/Postal Code

7. Daytime Telephone Number: .........................................

**b. LAWYER'S NAME AND FIRM**

1. Name of Lawyer: _____  Alwyn H. Luckey

2. Name of Law Firm With Which Lawyer is Affiliated: _____  Law Firm of Alwyn H. Luckey, P.A.

3. Mailing Address of Firm: _____  Post Office Box 724, Ocean Springs, MS 39566-0724

Address          City          State/Province          Zip/Postal Code

4. Law Firm's Telephone Number or Lawyer's Direct Line: _____  ( 228 ) 875 - 3175

xx Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

**c. CAUSE OF DEATH (IF APPLICABLE)**

1. Is the injured person living or deceased? .........................................  X Living ___ Deceased

If deceased, date of death: .........................................

2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:

Primary Cause of Death (as stated in the Death Certificate):   See Death Certificate attached hereto

Contributing Cause of Death (as stated in the Death Certificate):   See Death Certificate attached hereto

**PART II: ASBESTOS-RELATED CONDITION(S)**

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1. Please check the box next to the condition being alleged: See attached medical records for condition.

___ Asbestos-Related Lung Cancer          ___ Mesothelioma

___ Asbestosis          ___ Other Cancer (cancer not related to lung cancer or mesothelioma)

___ Other Asbestos Disease          ___ Clinically Severe Asbestosis

a. Mesothelioma: If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):

___ diagnosis from a pathologist certified by the American Board of Pathology

___ diagnosis from a second pathologist certified by the American Board of Pathology

___ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition

___ other (please specify): See medical record(s) attached hereto.

REDACTED

1

REC'D JUL 1 9 2006

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**


WR GRACE PIQ  44583-0008

**b.** **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed w̲_ _____ lung cancer based on the following (check all that apply):

___ findings by a pathologist certified by the American Board of Pathology

___ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

___ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

___ evidence of asbestosis determined by pathology

___ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

___ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

___ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

___ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

___ other (please specify): <u>See medical record(s) attached hereto.</u>

**c.** **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

___ colon      ___ pharyngeal      ___ esophageal      ___ laryngeal      ___ stomach cancer

___ other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

___ findings by a pathologist certified by the American Board of Pathology

___ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

___ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

___ evidence of asbestosis determined by pathology

___ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

___ other (please specify): <u>See medical record(s) attached hereto.</u>

2



PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

WR GRACE PIQ 44583-0009

d. **Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis based (check all that apply):

___ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

___ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health.

___ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

___ asbestosis determined by pathology

___ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

___ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

___ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

___ other (please specify): See medical record(s) attached hereto.

e. **Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

___ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

___ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

___ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

___ asbestosis determined by pathology

___ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

___ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

___ other (please specify): See medical records attached hereto.

3



WR GRACE PIQ 44583-0010

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

f.   **Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

___   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

___   diagnosis determined by pathology

___   a chest x-ray reading   conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

___   a chest x-ray reading   conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

___   a chest x-ray reading  other than those described above

___   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

___   a pulmonary function test other than that discussed above

___   a supporting medical diagnosis and supporting documentation establishing  that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

___   a CT Scan or similar testing

___   a diagnosis other than those above

___   other (please specify): <u>See medical record(s) attached hereto.</u>

[REMAINDER OF PAGE INTENTIONALLY BLANK]

| PART II:  ASBESTOS-RELATED CONDITION(S) (Continued) |
|---|

WR GRACE PIQ  44563-0011

2. **Information Regarding Diagnosis**

Date of Diagnosis:..............................................................................................................10/18/2004

Diagnosing Doctor's Name: _____ Michael Crain

Diagnosing Doctor's Specialty: See medical record(s) attached hereto. The requested information is as readily available to W. R. Grace as it is to the claimant.

Diagnosing Doctor's Mailing Address: See medical record(s) or report(s) attached hereto.

Diagnosing Doctor's Daytime Telephone Number: See medical record(s) attached hereto.

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician? ........................................................☐ Yes   xx No

Was the diagnosing doctor paid for the diagnostic services that he/she performed? .......................... xx Yes   ☐No

*If yes, please indicate who paid for the services performed:* The plaintiff's law firm paid with reimbursement from client

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? ..........☐ Yes   xx No

Was the diagnosing doctor referred to you by counsel?........................................................☐ Yes   xx No

Are you aware of any relationship between the diagnosing doctor and your legal counsel? ......................xx Yes   ☐No

*If yes, please explain:* The relationship is one of the testing facility to recommends or suggests a law firm or the law firm schedules appointments on behalf of this plaintiff with the testing facility. This plaintiff has no documentation to indicate whether this plaintiff contacted the law firm or the testing facility first.

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis?...See attached medical record(s). The requested information is as readily available to W. R. Grace as it is to the claimant..............................................................☐ Yes   ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?....See medical record(s) attached hereto. The requested information is as readily available to W. R. Grace as it is to the claimant ................................................................................☐ Yes   ☐ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis?.....See medical record(s) attached hereto............................+..........................xx Yes   ☐ No

Did the diagnosing doctor perform a physical examination? See medical record(s) attached ..........☐ Yes   ☐ No

Do you currently use tobacco products?...................................................................X Yes   . . No

Have you ever used tobacco products? ................................................................ ... X Yes  X No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

| | | |
|---|---|---|
| X   Cigarettes | Packs Per Day (half pack = .5) .5 | Start Year 1935 End Year  Present |
| __   Cigars | Cigars Per Day | Start Year End Year  Present |
| __   If Other Tobacco Products, please specify (e.g., chewing tobacco): | | |
| | Amount Per Day | Start Year | End Year |

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")?...................☐ Yes   ☐ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

3. **Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

xx  Mobile laboratory  ☐ Job site  ☐ Union Hall  ☐ Doctor office  ☐ Hospital  ☐ Other: _____

Address where chest x-ray taken: The address is not recalled at this time.
                                                     Address

_____                         _____            _____
City                                                          State/Province                          Zip/Postal Code



WR GRACE PIQ 44683-0012

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

4. Information Regarding Chest X-Ray Reading

   Date of Reading: <u>See medical record(s) attached</u>        ILO score: <u>See medical record(s) attached</u>

   Name of Reader: <u>See medical record(s) attached</u>

   Reader's Daytime Telephone Number: .................................................... <u>See medical record(s) attached</u>

   Reader's Mailing Address: <u>See medical record(s) attached</u>

   With respect to your relationship to the reader, check all applicable boxes:

   Was the reader paid for the services that he/she performed ................................................... xx Yes ☐ No

   *If yes, please indicate who paid for the services performed:* <u>The law firm paid with reimbursement by the client.</u>

   Did you retain counsel in order to receive any of the services performed by the reader?.. See below........ ☐ Yes ☐ No

   Was the reader referred to you by counsel?....... <u>See below</u> ......................................... ☐ Yes ☐ No

   Are you aware of any relationship between the reader and your legal counsel?.............................. xx Yes ☐ No

   *If yes, please explain:* <u>The relationship is one of the testing facility to recommends or suggests a law firm or the law firm</u>
   <u>schedules appointments on behalf of this plaintiff with the testing facility.</u>

   Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?
   <u>See medical record(s) attached hereto. The requested information is as readily available to W. R. Grace as it is to the</u>
   <u>claimant</u> ........................................................................................... ☐ Yes ☐ No

   *If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through*
   *which the reading was made:* <u>See attached medical record(s). The requested information is as readily available to W. R.</u>
   <u>Grace as it is to the claimant.</u>

5. Information Regarding Pulmonary Function Test: ................................ Date of Test: <u>See attached medical record(s)</u>

   List your height in feet and inches when test given: ............................................ <u>See attached medical record(s)</u>

   List your weight in pounds when test given: .................................................... <u>See attached medical record(s)</u>

   Total Lung Capacity (TLC): ........................................................................ <u>See attached medical record(s)</u>

   Forced Vital Capacity (FVC): ....................................................,............... <u>See attached medical record(s)</u>

   FEV1/FVC Ratio: ................................................................................. <u>See attached medical record(s)</u>

   Name of Doctor Performing Test (if applicable): <u>See attached medical record(s)</u>

   Doctor's Specialty: <u>See attached medical record(s). The requested information is as readily available to W. R. Grace as</u>
   <u>it is to the claimant</u>

   Name of Clinician Performing Test (if applicable): <u>See attached medical record(s)</u>

   Testing Doctor or Clinician's Mailing Address: <u>See attached medical record(s)</u>
   Address

   _____
   City                                          State/Province                    Zip/Postal Code

   Testing Doctor or Clinician's Daytime Telephone Number: ..........................................(<u>See attached medical record(s)</u>

   Name of Doctor Interpreting Test: <u>See attached medical record(s)</u>

   Doctor's Specialty: <u>See attached medical record(s). The requested information is as readily available to W. R. Grace as</u>
   <u>it is to the claimant.</u>

   Interpreting Doctor's Mailing Address: <u>See attached medical record(s)</u>
   Address

   _____
   City                                          State/Province                    Zip/Postal Code

   Interpreting Doctor's Daytime Telephone Number: ........................................ <u>See attached medical record(s)</u>

6

**PART II:  ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 44583-0013

With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician?..........................................☐ Yes  xx No

Was the testing doctor and/or clinician paid for the services that he/she performed?..................................xx Yes  ☐ No
*If yes, indicate who paid for the services:* The law firm paid with actual or obligation of reimbursement by the client.

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?..☐ Yes  xx No

Was the testing doctor or clinician referred to you by counsel? See below...................................................☐ Yes  ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel?..........xx Yes  ☐ No
*If yes, please explain:* The relationship is one of the testing facility to recommends or suggests a law firm or the law firm schedules appointments on behalf of this plaintiff with the testing facility.

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? See medical record(s) attached. The requested information is as readily available to W. R. Grace as it is to the claimant ...............................................................................................☐ Yes ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician?....................................................................................................☐ Yes  xx No

Was the doctor paid for the services that he/she performed? ...................................................................xx Yes  ☐ No
*If yes, please indicate who paid for the services performed:* .............The law firm paid with reimbursement by the client.

Did you retain counsel in order to receive any of the services performed by the doctor?............................☐ Yes  xx No

Was the doctor referred to you by counsel? See below................................................................................☐ Yes  ☐ No

Are you aware of any relationship between the doctor and your legal counsel?.......................................xx Yes  ☐ No
*If yes, please explain:* The relationship is one of the testing facility to recommends or suggests a law firm or the law firm schedules appointments on behalf of this plaintiff with the testing facility.

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed? ..unknown............☐ Yes  ☐ No

6.   **Information Regarding Pathology Reports:**

Date of Pathology Report: ......................................................................See medical record(s) attached hereto.

**Findings:**   See medical record(s) attached hereto.

Name of Doctor Issuing Report:                                         See medical record(s) attached hereto.

**Doctor's Specialty:**   See medical record(s) attached hereto. The requested information is as readily available to W. R. Grace as it is to the claimant

**Doctor's Mailing Address:** See medical record(s) attached hereto.

**Doctor's Daytime Telephone Number:**...................................................See medical record(s) attached hereto.

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician?....................................................................................................☐ Yes  xx No

Was the doctor paid for the services that he/she performed? ...................................................................xx Yes  ☐ No
*If yes, please indicate who paid for the services performed:* The law firm paid with reimbursement by the client.

Did you retain counsel in order to receive any of the services performed by the doctor?...................:.......☐ Yes .xx No

Was the doctor referred to you by counsel? See below................................................................................☐ Yes  ☐ No

Are you aware of any relationship between the doctor and your legal counsel?.......................................xx Yes  ☐ No
*If yes, please explain:* The relationship is one of the testing facility to recommends or suggests a law firm or the law firm schedules appointments on behalf of this plaintiff with the testing facility.

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?
See medical record(s) attached hereto. The requested information is as readily available to W. R. Grace as it is to the claimant. ..........................................................................................................................................☐ Yes  ☐ No

7

WR GRACE PIQ  44583-0014

## PART II:  ASBESTOS-RELATED CONDITION(S) (Continued)

7.  With respect to the condition alleged, have you received medical treatment from a doctor for the cond.

.................................................................................................................................................... ☐ Yes  <u>xx</u>  No

*If yes, please complete the following:*

Name of Treating Doctor: _____

Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____

Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

Treating Doctor's Daytime Telephone number: .......................................... ( _ _ _ ) _ _ _ - _ _ _ _

Was the doctor paid for the services that he/she performed?............................................................. ☐ Yes  ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? .................. ☐ Yes  ☐ No

[REMAINDER OF PAGE INTENTIONALLY BLANK]

8

WR GRACE PIQ 44583-0015

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products

(b) A worker who personally removed or cut Grace asbestos-containing products

(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

Site of Exposure:

Site Name: Pullman Standard                    Location: Bessemer AL

Site Type: ☐ Residence  xx  Business

Site Owner: Pullman Standard

Employer During Exposure: Pullman Standard Unions of which you were a member during your employment:

| | Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/days, days/year) | Occupation Code If Code 59, specify | Industry Code If Code 39, specify | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| Job 1 Description: | Zonolite | Sight of product and/or logo; word of mouth as product was used | 1946 - 1949 | Sheet metal worker | | Yes, exposure was close enough to place plaintiff in a dusty area surrounding the product(s) | (b), (c), (d) and (e) |
| Job 2 Description: | | | | | | | |
| Job 3 Description: | | | | | | | |
| Job 4 Description: | | | | | | | |
| Job 5 Description: | | | | | | | |
| Job 6 Description: | | | | | | | |

9

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

WR GRACE PIQ 44583-0016

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person? ............................................................................................ xx Yes ☐ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: <u>unknown</u>          Gender: ☐ Male ☐ Female

   Last Four Digits of Social Security Number: <u>unknown</u>          Birth Date: <u>unknown</u>

3. What is your Relationship to Other Injured Person: .................................☐ Spouse ☐ Child xx Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:
   <u>While I was working alongside other craftsmen I was exposed to asbestos containing products with which they were working.</u>

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products: From: <u>unknown</u> To: <u>unknown</u>

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:
   <u>Without further discovery, it is unknown as there are many co-workers that I believe were working with these products.</u>

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? <u>Unknown</u> ............................☐ Yes ☐ No

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: ,

   Case Number:          Date:          **REDACTED**

   Court Name: ,

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:
   <u>Please refer to page 9, category "nature of Exposure".</u>

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:
   ...........................................................................From: <u>Refer to page 9</u> To: <u>Refer to page 9</u>

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product: .............<u>By sight of the products.</u>

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WR GRACE PIQ 44593-0017

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked. In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

| Party Against which Lawsuit or Claim was Filed: | | Product(s) | Dates and Frequency of Exposure (hours/days, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| **Site of Exposure 1** | Job 1 Description: | * | * | * | * | * | * |
| Site Name: | | | | | | | |
| Address: | Job 2 Description: | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | Job 3 Description: | | | | | | |
| **Site of Exposure 2** | Job 1 Description: | | | | | | |
| Site Name: | | | | | | | |
| Address: | Job 2 Description: | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | Job 3 Description: | | | | | | |
| **Site of Exposure 3** | Job 1 Description: | | | | | | |
| Site Name: | | | | | | | |
| Address: | Job 2 Description: | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | Job 3 Description: | | | | | | |

* Plaintiff objects to this Request as it is not designed to lead to discoverable evidence. Also, W. R. Grace is should be in possession of this information as it is contained in Plaintiff's Complaint and any amendments thereto.

11



WR GRACE  PIQ  44683-0018

## PART VI: EMPLOYMENT HISTORY

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

Occupation Code: _____    If Code 59, specify: _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __    End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
       Address

_____
City                              State/Province         Zip/Postal Code

Occupation Code: _____    If Code 59, specify: _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __    End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
       Address

_____
City                              State/Province         Zip/Postal Code

Occupation Code: _____    If Code 59, specify: _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __    End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
       Address

_____
City                              State/Province         Zip/Postal Code

Occupation Code: _____    If Code 59, specify: _____

Industry Code: _____    If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __    End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
       Address

_____
City                              State/Province         Zip/Postal Code

**PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SIL...**

WR GRACE PIQ 44683-0019

**a.    LITIGATION**

1.  Have you ever been a plaintiff in a lawsuit regarding asbestos or silica? ...................................... xx Yes ☐ No

    *If yes, please complete the rest of this Part VII(a) for each lawsuit.  For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2.  Please provide the caption, case number, file date, and court name for the lawsuit you filed:

    Caption:

    Case Number:          **REDACTED**                          File Date:

    Court Name:

3.  Was Grace a defendant in the lawsuit? ................................................................................ xx Yes ☐ No

4.  Was the lawsuit dismissed against any defendant? ................................................................ ☐ Yes ☐ No

    *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*
    This plaintiff raises objection as this interrogatory does not lead to the discovery of admissible evidence.

5.  Has a judgment or verdict been entered? .............................................................................. ☐ Yes xx No

    *If yes, please indicate verdict amount for each defendant(s):*

6.  Was a settlement agreement reached in this lawsuit? This plaintiff raises objection as this interrogatory does not lead to the discovery of admissible evidence. The information is client/attorney privileged. .............................. ☐ Yes ☐ No

    *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

    a.    Settlement amount for each defendant:

    b.    Applicable defendants:

    c.    Disease or condition alleged:

    d.    Disease or condition settled (if different than disease or condition alleged):

7.  Were you deposed in this lawsuit? ........................................................................................ ☐ Yes xx No

    *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

**b.    CLAIMS**

1.  Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? ............................................................ ☐ Yes ☐ No
    This plaintiff raises objection as this interrogatory does not lead to the discovery of admissible evidence.

    *If yes, please complete the rest of this Part VII(b).  If no, please skip to Part VIII.*

2.  Date the claim was submitted: ........................................................................ ___ / ___ / _____

3.  Person or entity against whom the claim was submitted:

4.  Description of claim:

5.  Was claim settled? ................................................................................................................ ☐ Yes ☐ No

6.  Please indicate settlement amount: ................................................................ $

7.  Was the claim dismissed or otherwise disallowed or not honored? ...................................... ☐ Yes ☐ No

    *If yes, provide the basis for dismissal of the claim:*

WR GRACE PIQ 44583-0020

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

Name of Dependent or Related Person: _____    Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: __ __ __ __ .        Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent: .................................................................................................. ☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other  If other, please specify _____

Mailing Address: _____
                Address

_____
City                      State/Province            Zip/Postal Code

Daytime Telephone number: ...................................................... ( ___ ) ___ - _____

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**

☑ Medical records and/or report containing a diagnosis     ☐ X-rays
☐ Lung function test results     ☐ X-ray reports/interpretations
☒ Lung function test interpretations     ☐ CT scans
☐ Pathology reports     ☐ CT scan reports/interpretations
☐ Supporting documentation of exposure to Grace     ☐ Depositions from lawsuits indicated in Part VII
    asbestos-containing products           of this Questionnaire
☐ Supporting documentation of other asbestos exposure     ☐ Death Certification

**Originals:**

☐ Medical records and/or report containing a diagnosis     ☐ Supporting documentation of other asbestos exposure
☐ Lung function test results     ☐ X-rays
☐ Lung function test interpretations     ☐ X-ray reports/interpretations
☐ Pathology reports     ☐ CT scans
☐ Supporting documentation of exposure to Grace     ☐ CT scan reports/interpretations
    asbestos-containing products     ☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, <u>under penalty of perjury</u>, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____    Date: _____
          **REDACTED**
Please Print Name: _____

*Objection is raised as the signature is redundant by virtue of the Responses being certified by counsel representing the claimant. Signature of this Response is not designed to lead to discoverable evidence.

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _Alwyn H. Luckey_____    Date: _7/10/2004_
Please Print Name: ___ALWYN H. LUCKEY or R. MICHAEL CUNNINGHAM, II___

14


WR GRACE PIQ  44683-0021

## LARRY M. MITCHELL, M.D.

INTERNAL MEDICINE

BUFORD PLAZA, SUITE 1
3055 McFARLAND BOULEVARD
NORTH PORT, AL 35476

TELEPHONE (205)-339-9533

DATE:             October 28, 1994

NAME:
ADDRESS:          **REDACTED**

SSN:
DOB:              **REDACTED**
DATE OF EXPOSURE:

CHIEF COMPLAINT:   Dyspnea

PRESENT ILLNESS:   The patient relates a progressive onset of dyspnea over the past few years to a class 2*
limitation. (Dyspnea with fast walking on level ground or when walking up a hill; patient can keep pace with
persons of same age and body build on level ground but not on hills or stairs.)  This is associated with a cough.
He has had some chest pains and pneumonia on one occasion.  He denies night sweats.  He smokes 2-3 cigarettes
per day and has done so for four years duration.

OCCUPATIONAL EXPOSURE HISTORY:     The man worked in several capacities at Pullman Standard and
U.S. Steele.  He worked on track boxcar, sheet metal dipper, galvanized department, etc.  This was from 1946 to
1950.  During his employment, he had occasion to be exposed to asbestos materials.

PAST HISTORY:   No history of diabetes, tuberculosis or cancer.  He has had no significant operations.   He is
hypertensive on Diazide.  He denies allergies.

FAMILY HISTORY:     No history of  high blood pressure, diabetes, tuberculosis or lung disease.

SOCIAL HISTORY:                      **REDACTED**

REVIEW OF SYSTEMS:  There is no history of connective tissue disease, cancer chemotherapy, pulmonary
toxic drugs or lung irradiation.



WR GRACE PIQ 44693-0022

**REDACTED**

Page Two

PHYSICAL EXAMINATION:

GENERAL:          **REDACTED**

VITAL SIGNS:  Blood Pressure   -  174/92
                     Pulse                 -  64
                     Respiration        -

HEAD:     Normocephalis.

NECK:  Supple without masses.

CHEST: He has a normal excursion.  Vocal fremitus is equal bilaterally.  Percussion note is within
          normal limits.  On auscultation the chest is clear.

EXTREMITIES: No clubbing or cyanosis.

SKIN, NAILS & HAIR:   Within normal limits.

PULMONARY FUNCTION TESTS:   Pulmonary function test done on 10/28/94 reveals a forced vital capacity
of 53% of predicted.  Total lung capacity is reduced to 59% of predicted.  The DLCO is calculated at 75% of
predicted.  These parameters being indicative of restrictive lung disease.

CHEST X-RAY: Please see attached radiographic report.

IMPRESSION:     Pulmonary asbestosis.

DISCUSSION:       The diagnosis "Pulmonary asbestosis" means that this individual is suffering from an
abnormality of the parenchymal lung tissue consistent with interstitial fibrosis as a result of exposure to asbestos
products.



WR GRACE PIQ 44583-0023

**REDACTED**

Page Three

RECOMMENDATIONS:    1. Chest x-ray every six months.
                    2. Follow-up by local physician.
                    3. Cessation of cigarette smoking.

_Larry Mitchell M.D_
_____
Larry M. Mitchell, M.D.

*References

1) Guides to the Evaluation of Permanent Impairment, ed. 2.  Chicago, American Medical Association, 1984,
by permission.

WR GRACE PIQ 44683-0024

Pulmonary Testing Services, Inc.
P.O. Box 2205
Pascagoula, Mississippi 39569
Pulmonary Function Report

**REDACTED**

Name:                                      ID#:
Age:                                       Room:Out/P     Date:28-OCT-94
Sex/Race:                                  Temp/Pres: 23 C / 760 mmHg
Height:          **REDACTED**              Physician:Larry Mitchell
Weight:                                    Tested by:R Colgan C.R.T.T.

|  |  | PRED | PRE-RX BEST | PRE-RX %PRED | POST-RX BEST | POST-RX %PRED | %CHG |
|---|---|---|---|---|---|---|---|
| SPIROMETRY (BTPS) | | | | | | | |
| FVC | Liters | 3.70 | 1.97 # | 53* | | | |
| FEV1 | Liters | 2.80 | 1.69 # | 60* | | | |
| FEV1/FVC | % | 77 | 86 # | | | | |
| FEF25-75% | L/Sec | 2.51 | 2.03 | 81 | | | |
| IsoFEF25-75 | L/Sec | 2.51 | 2.03 | 81 | | | |
| FEF75-85% | L/Sec | | 0.54 | | | | |
| FEF50% | L/Sec | | 2.35 | | | | |
| PEF | L/Sec | | 4.90 | | | | |
| FET100% | Sec | | 2.8 | | | | |
| FIVC | Liters | 3.70 | 2.10 # | 57* | | | |
| PI | L/Sec | | 2.96 | | | | |
| FEF50/FIF50 | Unitless | | 1.42 | | | | |
| Vol Extrap | Liters | | 0.16 | | | | |
| E Code | | | 11111 | | | | |

|  |  | PRED | PRE-RX AVG | PRE-RX %PRED | POST-RX AVG | POST-RX %PRED | %CHG |
|---|---|---|---|---|---|---|---|
| LUNG VOLUMES (BTPS) | | | | | | | |
| VC | Liters | 3.70 | 1.97 # | 53* | | | |
| TLC | Liters | 6.25 | 3.68 # | 59* | | | |
| RV | Liters | 2.44 | 1.71 | 70 | | | |
| RV/TLC | % | 39 | 46 | | | | |
| FRC He | Liters | 3.34 | 1.93 | 58* | | | |
| ERV | Liters | | 0.22 | | | | |
| IC | Liters | | 1.75 | | | | |

------
# = OUTSIDE 95% CONFIDENCE INTERVAL   * = OUTSIDE NORMAL RANGE

WR GRACE PIQ 44583-0025

PAGE 2

Pulmonary Function Report

Name:   **REDACTED**                        ID#:   **REDACTED**

|  |  | PRED | PRE-RX | | POST-RX | | |
|---|---|---|---|---|---|---|---|
|  |  |  | AVG | %PRED | AVG | %PRED | %CHG |
| | DIFFUSION | | | | | | |
| DLCO | ml/Min/mmHg | 25.9 | 19.5 | 75 | | | |
| DLCO/VA | 1/Min/mmHg | 4.36 | 4.89 | 112 | | | |
| Krogh's K | 1/Min | | 4.22 | | | | |
| VA | Liters | | 3.99 | | | | |
| CO T.C. | Sec | | 14.2 | | | | |
| IVC | Liters | | 2.31 | | | | |
| FI He | % | | 10.0 | | | | |
| FE He | % | | 5.4 | | | | |
| FI CO | % | | 0.300 | | | | |
| FE CO | % | | 0.099 | | | | |
| BHT | Sec | | 7.00 | | | | |

# = OUTSIDE 95% CONFIDENCE INTERVAL    * = OUTSIDE NORMAL RANGE
CALIBRATION:    PRED: 3.29        ACTUAL: EXP 3.29    INSP 3.29
IPS-0L10-08 IPS-0H10-07   N-2103-4



Pulmonary Testing Services, Inc.
P.O. Box 2205
Pascagoula, Mississippi 3956°
Pulmonary Function Report

**REDACTED**

Name:
Age:
Sex/Race:
Height:
Weight:

**REDACTED**

ID#:
Room:Out/P     Date:28-OCT-94
Temp/Pres: 23 C / 760 mmHg
Physician:Larry Mitchell
Tested by:R Colgan C.R.T.T.





WR GRACE PIQ 44589-0027

# FedEx Express  US Airbill

FedEx Tracking Number: **8507 8290 2378**

Recipient's

**1 From** *This portion can be removed for Recipient's records.*

Date: 4-11-06   FedEx Tracking Number: 8507 8290 2378

Sender's Name: Mindy   Phone: 228 875-3175

Company: ALWYN LUCKEY ATTY AT LAW

Address: 2016 BIENVILLE BLVD STE 102   Dept./Floor/Suite/Room

City: OCEAN SPRINGS   State: MS   ZIP: 39564-3004

**2 Your Internal Billing Reference**

**To**

Recipient's Name: PIQA Consulting   Phone:

Company: Claims Processing + Vgant

Recipient's Address: 2015 Lyndale Ave
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address:   Dept./Floor/Suite/Room
To request a package be held at a specific FedEx location, print FedEx address here.

City: Faribault   State: MN   ZIP: 55621

**4a Express Package Service** — *Packages up to 150 lbs.*
- [X] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight

**4b Express Freight Service** — *Packages over 150 lbs.*
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [X] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes (As per attached Shipper's Declaration)
- [ ] Yes (Shipper's Declaration not required)
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** *Bill to:*
- [X] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages   Total Weight   Total Charges

**8 Sign to Authorize Delivery Without a Signature**

8507 8290 2378

0296949274

466

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire



W/R GRACE  PIQ  46790-0001

REDACTED

WR GRACE PIQ  46790-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]



WR GRACE PIQ 46790-0003

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

|  | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL |
|---|---|
| IF SENT BY U.S. MAIL | SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

## INSTRUCTIONS

**A. GENERAL**

1.  This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related pers WR GRACE PIQ 46790-0004 wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2.  Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will not be accepted and will not be deemed filed.

    Do not send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3.  Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4.  All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5.  Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

**B. PART I – Identity of Injured Person and Legal Counsel**
Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

**C. PART II -- Asbestos-Related Condition(s)**
Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.



**D. PART III – Direct Exposure to Grace Asbestos-Containing Products**

In Part III, please provide the requested information for the job and site at which you were [exposed to]
asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing produ[ct]
was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the
industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the
Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III
are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial
causal role in the development of the disease.

## Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator

31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (*e.g.*, accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

## Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing

109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

**E.  PART IV – Indirect Exposure to Grace Asbestos-Containing Products**
In Part IV, please provide the information requested for any injury alleged to have been caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person.  If you allege exposure through contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person.  For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F.  PART V – Exposure to Non-Grace Asbestos-Containing Products**
In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party.  If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked.  For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G.  PART VI -- Employment History**
In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H.  PART VII – Litigation and Claims Regarding Asbestos and/or Silica**
In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII – Claims by Dependents or Related Persons**
Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss of consortium.  If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J.  PART IX -- Supporting Documentation**
In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X -- Attestation that Information is True, Accurate and Complete**
By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

## PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

**a.** **GENERAL INFORMATION**

WR GRACE PIQ 46790-0007

REDACTED

1. Name of Claimant:

        First               MI            Last                  **2. Gender:** M

3. Race (for purposes of evaluating Pulmonary Function Test results): .................................. ☐ White/Caucasian

Plaintiff raises objection as this interrogatory does not lead to discovery of admissible evidence ...... ☐ African American

                                             ☐ Other

4. Last Four Digits of Social Security Number:          5. Birth Date:

6. Mailing Address:

        Address                   City           State/Province     Zip/Postal Code

7. Daytime Telephone Number: ...................................................................................

                                              **REDACTED**

**b.** **LAWYER'S NAME AND FIRM**

1. Name of Lawyer:                                      Alwyn H. Luckey

2. Name of Law Firm With Which Lawyer is Affiliated:      Law Firm of Alwyn H. Luckey, P.A.

3. Mailing Address of Firm:            Post Office Box 724, Ocean Springs, MS 39566-0724

                   Address                     City       State/Province     Zip/Postal Code

4. Law Firm's Telephone Number or Lawyer's Direct Line:      ( 228 ) 875 - 3175

    xx  Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

**c.** **CAUSE OF DEATH (IF APPLICABLE)**

1. Is the injured person living or deceased? ....................................................... X Living __ Deceased

    If deceased, date of death: ........................................................

2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:

    Primary Cause of Death (as stated in the Death Certificate):    See Death Certificate attached hereto

    Contributing Cause of Death (as stated in the Death Certificate):    See Death Certificate attached hereto

## PART II: ASBESTOS-RELATED CONDITION(S)

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1. Please check the box next to the condition being alleged: See attached medical records for condition.

    __ Asbestos-Related Lung Cancer              __ Mesothelioma

    __ Asbestosis                            __ Other Cancer (cancer not related to lung cancer or mesothelioma)

    __ Other Asbestos Disease              __ Clinically Severe Asbestosis

    **a.** **Mesothelioma:** If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):

        __ diagnosis from a pathologist certified by the American Board of Pathology

        __ diagnosis from a second pathologist certified by the American Board of Pathology

        __ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition

        __ other (please specify): See medical record(s) attached hereto.

REC'D JUL 1 2 2006



b. **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed WR GRACE PIQ 46790-0008 lung cancer based on the following (check all that apply):

___ findings by a pathologist certified by the American Board of Pathology

___ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

___ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

___ evidence of asbestosis determined by pathology

___ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

___ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

___ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

___ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

___ other (please specify): <u>See medical record(s) attached hereto.</u>

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

___ colon ___ pharyngeal ___ esophageal ___ laryngeal ___ stomach cancer

___ other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

___ findings by a pathologist certified by the American Board of Pathology

___ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

___ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

___ evidence of asbestosis determined by pathology

___ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

___ other (please specify): <u>See medical record(s) attached hereto.</u>

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**



WR GRACE PIQ 46790-0009

**d.  Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis ba (check all that apply):

___ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

___ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

___ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

___ asbestosis determined by pathology

___ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating total lung capacity less than 65% predicted

___ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

___ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

___ other (please specify): <u>See medical record(s) attached hereto.</u>

**e.  Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

___ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

___ a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

___ a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

___ asbestosis determined by pathology

___ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

___ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

___ other (please specify): <u>See medical records attached hereto.</u>

PART II: ASBESTOS-RELATED CONDITION(S) (Continued)



WR GRACE PIQ 46790-0010

f.    **Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, and/or conditions those above, was your diagnosis based on the following (check all that apply):

___  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

___  diagnosis determined by pathology

___  a chest x-ray reading   conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

___  a chest x-ray reading   conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

___  a chest x-ray reading  other than those described above

___  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

___  a pulmonary function test other than that discussed above

___  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

___  a CT Scan or similar testing

___  a diagnosis other than those above

___  other (please specify): See medical record(s) attached hereto.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

4

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 46790-0011

2. **Information Regarding Diagnosis**

   Date of Diagnosis:..................................................................................................7/28/2001

   Diagnosing Doctor's Name: _____ James Ballard

   Diagnosing Doctor's Specialty: See medical record(s) attached hereto. The requested information is as readily available to W. R. Grace as it is to the claimant.

   Diagnosing Doctor's Mailing Address: See medical record(s) or report(s) attached hereto.

   Diagnosing Doctor's Daytime Telephone Number: See medical record(s) attached hereto.

   With respect to your relationship to the diagnosing doctor, check all applicable boxes:

   Was the diagnosing doctor your personal physician? ........................................................ ☐ Yes  xx No

   Was the diagnosing doctor paid for the diagnostic services that he/she performed? .................... xx Yes  ☐ No

   *If yes, please indicate who paid for the services performed:* The plaintiff's law firm paid with reimbursement from client

   Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? .......... ☐ Yes  xx No

   Was the diagnosing doctor referred to you by counsel?........................................................ ☐ Yes  xx No

   Are you aware of any relationship between the diagnosing doctor and your legal counsel? ...................... xx Yes  ☐ No

   *If yes, please explain:* The relationship is one of the testing facility to recommends or suggests a law firm or the law firm schedules appointments on behalf of this plaintiff with the testing facility. This plaintiff has no documentation to indicate whether this plaintiff contacted the law firm or the testing facility first.

   Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis?...See attached medical record(s). The requested information is as readily available to W. R. Grace as it is to the claimant.............................................................................. ☐ Yes  ☐ No

   Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?....See medical record(s) attached hereto. The requested information is as readily available to W. R. Grace as it is to the claimant ............................................................................................ ☐ Yes  ☐ No

   Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis?.....See medical record(s) attached hereto................................................+........................ xx Yes  ☐ No

   Did the diagnosing doctor perform a physical examination? See medical record(s) attached .......... ☐ Yes  ☐ No

   Do you currently use tobacco products?............................................................................ __ Yes  X No

   Have you ever used tobacco products? ............................................................................. __ Yes  __ No

   *If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

   | | | |
   |---|---|---|
   | __ Cigarettes | Packs Per Day (half pack = .5) | Start Year  End Year |
   | __ Cigars | Cigars Per Day | Start Year  End Year |
   | __ If Other Tobacco Products, please specify (e.g., chewing tobacco): | | |
   | | Amount Per Day | Start Year              End Year |

   Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")?................... ☐ Yes  ☐ No

   *If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

   _____

   _____

3. **Information Regarding Chest X-Ray**

   Please check the box next to the applicable location where your chest x-ray was taken (check one):

   xx Mobile laboratory  ☐ Job site  ☐ Union Hall  ☐ Doctor office  ☐ Hospital  ☐ Other: _____

   Address where chest x-ray taken: The address is not recalled at this time.
                                     Address

   _____        _____        _____
   City                                    State/Province                          Zip/Postal Code

5

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 46790-0012

4.   **Information Regarding Chest X-Ray Reading**

   **Date of Reading:** See medical record(s) attached          **ILO score:** See medical record(s) attached

   **Name of Reader:**                                                                       See medical record(s) attached

   **Reader's Daytime Telephone Number:** ....................................................... See medical record(s) attached

   **Reader's Mailing Address:** See medical record(s) attached

   **With respect to your relationship to the reader, check all applicable boxes:**

   Was the reader paid for the services that he/she performed ........................................................ xx Yes ☐ No

   *If yes, please indicate who paid for the services performed:* The law firm paid with reimbursement by the client.

   Did you retain counsel in order to receive any of the services performed by the reader?.. See below ....... ☐ Yes ☐ No

   Was the reader referred to you by counsel?....... See below..................................................... ☐ Yes ☐ No

   Are you aware of any relationship between the reader and your legal counsel?............................. xx Yes ☐ No

   *If yes, please explain:* The relationship is one of the testing facility to recommends or suggests a law firm or the law firm schedules appointments on behalf of this plaintiff with the testing facility.

   **Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?**

   See medical record(s) attached hereto. The requested information is as readily available to W. R. Grace as it is to the claimant ........................................................................................................................... ☐ Yes ☐ No

   *If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* See attached medical record(s). The requested information is as readily available to W. R. Grace as it is to the claimant.

5.   **Information Regarding Pulmonary Function Test:** ............................. **Date of Test:** See attached medical record(s)

   **List your height in feet and inches when test given:** ........................................ See attached medical record(s)

   **List your weight in pounds when test given:** ................................................ See attached medical record(s)

   **Total Lung Capacity (TLC):** .................................................................. See attached medical record(s)

   **Forced Vital Capacity (FVC):** ............................................................... See attached medical record(s)

   **FEV1/FVC Ratio:** ........................................................................... See attached medical record(s)

   **Name of Doctor Performing Test (if applicable):** See attached medical record(s)

   **Doctor's Specialty:**   See attached medical record(s). The requested information is as readily available to W. R. Grace as it is to the claimant

   **Name of Clinician Performing Test (if applicable):** See attached medical record(s)

   **Testing Doctor or Clinician's Mailing Address:** See attached medical record(s)
                                                                            Address

   | City | State/Province | Zip/Postal Code |
   |------|----------------|-----------------|

   **Testing Doctor or Clinician's Daytime Telephone Number:** ...................................(See attached medical record(s)

   **Name of Doctor Interpreting Test:**                                                  See attached medical record(s)

   **Doctor's Specialty:** See attached medical record(s). The requested information is as readily available to W. R. Grace as it is to the claimant.

   **Interpreting Doctor's Mailing Address:** See attached medical record(s)
                                                                     Address

   | City | State/Province | Zip/Postal Code |
   |------|----------------|-----------------|

   **Interpreting Doctor's Daytime Telephone Number:** ........................................... See attached medical record(s)

6

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 46790-0013

With respect to your relationship to the doctor or clinician who performed the pulmonary fu applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician? ........................... ☐ Yes  xx No

Was the testing doctor and/or clinician paid for the services that he/she performed? ................................. xx Yes  ☐ No
*If yes, indicate who paid for the services:* The law firm paid with actual or obligation of reimbursement by the client.

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? .. ☐ Yes  xx No

Was the testing doctor or clinician referred to you by counsel? See below. ...................................... ☐ Yes  ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel? .......... xx Yes  ☐ No

*If yes, please explain:* The relationship is one of the testing facility to recommends or suggests a law firm or the law firm schedules appointments on behalf of this plaintiff with the testing facility.

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? See medical record(s) attached. The requested information is as readily available to W. R. Grace as it is to the claimant ................................................................................................. ☐ Yes ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? ................................................................................. ☐ Yes  xx No

Was the doctor paid for the services that he/she performed? ....................................................... xx Yes  ☐ No

*If yes, please indicate who paid for the services performed:* ............. The law firm paid with reimbursement by the client.

Did you retain counsel in order to receive any of the services performed by the doctor? ........................... ☐ Yes  ☐ No

Was the doctor referred to you by counsel? See below. ................................................................. ☐ Yes  ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ......................................... xx Yes  ☐ No

*If yes, please explain:* The relationship is one of the testing facility to recommends or suggests a law firm or the law firm schedules appointments on behalf of this plaintiff with the testing facility.

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed? ..unknown............ ☐ Yes  ☐ No

6.  **Information Regarding Pathology Reports:**

Date of Pathology Report: .......................................................................See medical record(s) attached hereto.

Findings:    See medical record(s) attached hereto.

Name of Doctor Issuing Report:                                    See medical record(s) attached hereto.

Doctor's Specialty:    See medical record(s) attached hereto. The requested information is as readily available to W. R. Grace as it is to the claimant

Doctor's Mailing Address:  See medical record(s) attached hereto.

Doctor's Daytime Telephone Number: ....................................................See medical record(s) attached hereto.

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? ................................................................................. ☐ Yes  xx No

Was the doctor paid for the services that he/she performed? ....................................................... xx Yes  ☐ No

*If yes, please indicate who paid for the services performed:*        The law firm paid with reimbursement by the client.

Did you retain counsel in order to receive any of the services performed by the doctor? ........................... ☐ Yes  xx No

Was the doctor referred to you by counsel? See below. ................................................................. ☐ Yes  ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ......................................... xx Yes  ☐ No

*If yes, please explain:* The relationship is one of the testing facility to recommends or suggests a law firm or the law firm schedules appointments on behalf of this plaintiff with the testing facility.

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?

See medical record(s) attached hereto. The requested information is as readily available to W. R. Grace as it is to the claimant. ......................................................................................................... ☐ Yes  ☐ No

**PART II. ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 46790-0014

7.  With respect to the condition alleged, have you received medical treatment from a doctor for the con ........................................................................................................................................ □ Yes xx No

*If yes, please complete the following:*

Name of Treating Doctor: _____

Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____
                               Address

_____
City                                State/Province                Zip/Postal Code

Treating Doctor's Daytime Telephone number: ............................................. ( __ __ __ ) __ __ __ - __ __ __ __

Was the doctor paid for the services that he/she performed? ................................................................ □ Yes □ No

*If yes, please indicate who paid for the services performed:* . _____

Did you retain counsel in order to receive any of the services performed by the doctor? .................... □ Yes □ No

[REMAINDER OF PAGE INTENTIONALLY BLANK]

8

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a)  A worker who personally mixed Grace asbestos-containing products

(b)  A worker who personally removed or cut Grace asbestos-containing products

(c)  A worker who personally installed Grace asbestos-containing products

(d)  A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e)  A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f)  If other, please specify.

**Site of Exposure:**

Site Name:  Dow Chemical                                      Location: Madison IL

Site Type:  ☐ Residence   xx  Business

Site Owner: _Dow Chemical_

Employer During Exposure: _Dow Chemical_  Unions of which you were a member during your employment:

| Product(s) | Basis for identification of Each Grace Product | Dates and Frequency of Exposure (hour/day, day/year) | Occupation Code (W Code(s) (specify) | Industry Code (W Code(s) (specify) | Were you physically present in the immediate area where the product was being installed, mixed, removed or cut? (Were you in close proximity to such areas?) | Nature of Exposure |
|---|---|---|---|---|---|---|
| Zonolite | Sight of product and/or logo; word of mouth as product was used | 1963 - 1970 | Brick mason/layer /hod car | | Yes, exposure was close enough to place plaintiff in a dusty area surrounding the product(s) | (b), (c), (d) and (e) |
| Job 1 Description: | | | | | | |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| Job 4 Description: | | | | | | |
| Job 5 Description: | | | | | | |
| Job 6 Description: | | | | | | |

WR GRACE PIQ 46790-0016

9

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

WR GRACE  PIQ  46790-0016

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact ~~probably~~ with another injured person?...................................................................................... xx Yes ☐ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: <u>unknown</u>                    Gender: ☐ Male ☐ Female

   Last Four Digits of Social Security Number: <u>unknown</u>         Birth Date: <u>unknown</u>

3. What is your Relationship to Other Injured Person:.................................☐ Spouse ☐ Child xx Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:
   <u>While I was working alongside other craftsmen I was exposed to asbestos containing products with which they were working.</u>

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:  From: <u>unknown</u> To: <u>unknown</u>

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:
   <u>Without further discovery, it is unknown as there are many co-workers that I believe were working with these products.</u>

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? <u>Unknown</u>............................☐ Yes ☐ No
   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: <u>Eddie Anderson ET. AL. v Pittsburgh Corning Corpor</u>

   Case Number: <u>99-0149</u> File Date: <u>11/1/1999</u>

   Court Name: <u>Circuit Court of Jefferson County, Mississippi</u>

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:
   <u>Please refer to page 9, category "nature of Exposure".</u>

   9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:
      ...........................................................................................From: <u>Refer to page 9</u> To: <u>Refer to page 9</u>

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:  ...............<u>By sight of the products.</u>


[REMAINDER OF PAGE INTENTIONALLY BLANK]


10

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked. In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products
(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

WR GRACE PIQ 46790-0017

**Party Against which Lawsuit or Claim was Filed:**

| | | Dates and Frequency of Exposure (hours/day/year) | Condition Code (W Code) | Industry Code (I Code) | Were you present during the work involving non-Grace asbestos-containing products being installed, mixed, removed or cut? | Nature of Exposure |
|---|---|---|---|---|---|---|
| Site of Exposure 1 | Job 1 Description: | * | * | * | * | * |
| Site Name: | Job 2 Description: | | | | | |
| Address: | | | | | | |
| City and State: | Job 3 Description: | | | | | |
| Site Owner: | | | | | | |
| Site of Exposure 2 | Job 1 Description: | | | | | |
| Site Name: | Job 2 Description: | | | | | |
| Address: | | | | | | |
| City and State: | Job 3 Description: | | | | | |
| Site Owner: | | | | | | |
| Site of Exposure 3 | Job 1 Description: | | | | | |
| Site Name: | Job 2 Description: | | | | | |
| Address: | | | | | | |
| City and State: | Job 3 Description: | | | | | |
| Site Owner: | | | | | | |

11

* Plaintiff objects to this Request as it is not designed to lead to discoverable evidence. Also, W. R. Grace is should be in possession of this information as it is contai
Plaintiff's Complaint and any amendments thereto.

## PART VI: EMPLOYMENT HISTORY

WR GRACE PIQ 46790-0018

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**Occupation Code:** _____ If Code 59, specify: ._____

**Industry Code:** _____ If Code 118, specify:_____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
        Address

_____
City                         State/Province         Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: ._____

**Industry Code:** _____ If Code 118, specify:_____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
        Address

_____
City                         State/Province         Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: ._____

**Industry Code:** _____ If Code 118, specify:_____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
        Address

_____
City                         State/Province         Zip/Postal Code

**Occupation Code:** _____ If Code 59, specify: ._____

**Industry Code:** _____ If Code 118, specify:_____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __    **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
        Address

_____
City                         State/Province         Zip/Postal Code

12

**PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SI**

WR GRACE PIQ  46790-0019

**a.  LITIGATION**

1.  Have you ever been a plaintiff in a lawsuit regarding asbestos or silica? ................................. xx Yes ☐ No

    *If yes, please complete the rest of this Part VII(a) for each lawsuit. For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2.  Please provide the caption, case number, file date, and court name for the lawsuit you filed:

    Caption: _____ us. Pittsburg Corning

    Case Number: 44-044 _____  File Date: 11 01 99 ____

    Court Name: Circuit Court of Jefferson County, MS ____

3.  Was Grace a defendant in the lawsuit? ................................................................. xx Yes ☐ No

4.  Was the lawsuit dismissed against any defendant? ................................................. ☐ Yes ☐ No

    *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*
    This plaintiff raises objection as this interrogatory does not lead to the discovery of admissible evidence.

5.  Has a judgment or verdict been entered? ................................................................. ☐ Yes xx No

    *If yes, please indicate verdict amount for each defendant(s):* _____

6.  Was a settlement agreement reached in this lawsuit? This plaintiff raises objection as this interrogatory does not lead to the discovery of admissible evidence. The information is client/attorney privileged.. ............................. ☐ Yes ☐ No

    *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

    a.  Settlement amount for each defendant: _____

    b.  Applicable defendants: _____

    c.  Disease or condition alleged: _____

    d.  Disease or condition settled (if different than disease or condition alleged): _____

7.  Were you deposed in this lawsuit? ................................................................. ☐ Yes xx No

    *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

**b.  CLAIMS**

1.  Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? ................................................................. ☐ Yes ☐ No
    This plaintiff raises objection as this interrogatory does not lead to the discovery of admissible evidence.

    *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2.  Date the claim was submitted: ................................................. __ / __ / ____

3.  Person or entity against whom the claim was submitted: _____

4.  Description of claim: _____

5.  Was claim settled? ................................................................. ☐ Yes ☐ No

6.  Please indicate settlement amount: ................................. $ _____

7.  Was the claim dismissed or otherwise disallowed or not honored? ................................. ☐ Yes ☐ No

    *If yes, provide the basis for dismissal of the claim:* _____

REDACTED

13

WR GRACE PIQ 46790-0020

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

Name of Dependent or Related Person: _____  Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: __ __ __ __    Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent: ...................................................................................☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other  If other, please specify _____

Mailing Address: _____
                       Address

_____
City                              State/Province                    Zip/Postal Code

Daytime Telephone number: .................................. ( __ __ __ ) __ __ __ - __ __ __ __

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

Copies:
- ☑ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products
- ☐ Supporting documentation of other asbestos exposure

- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
- ☐ Death Certification

Originals:
- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products

- ☐ Supporting documentation of other asbestos exposure
- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571. **TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____  **REDACTED**  Date: 0 2 / 0 3 / 2 0 0 6

Please Print Name: _____

*Objection is raised as the signature is redundant by virtue of the Responses being certified by counsel representing the claimant. Signature of this Response is not designed to lead to discoverable evidence.

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____  Date: 7 / 1 0 / 2006

Please  Print  Name:    ALWYN  H.  LUCKEY  or  R.  MICHAEL  CUNNINGHAM,  II

14

Jul 25 01 12:24p    ANNE C. BURKE    228-875-3269



WR GRACE PIQ 46790-0021

James W. Ballard, M.D.                                NIOSH Certified B-Reader

4012 Greystone Drive  ●  Birmingham, AL 35242
P.O. Box 381088  ●  Birmingham, AL 35238

X-RAY EVALUATION

July 23, 2001

James L. Farragut, Jr.
Attorney at Law                              **REDACTED**
P. O. Box 1543
Pascagoula, MS 39568-1543

Re:                                                   SSN:

HISTORY: Worked at Dow Chemical from 1959-1962 as a laborer.

Chest radiograph(s) dated 05/27/99 is reviewed for the presence of and classification
of pneumoconiosis according to the ILO 80 classification.

Film quality is grade 2 due to slight underexposure.  Inspection of the lung
parenchyma demonstrates interstitial changes in the mid and lower lung zones
bilaterally, consisting of small and irregular opacities of size and shape s/t, profusion
1/0.

Pleural plaques are seen face on bilaterally, extent of 2 bilaterally.  Pleural thickening
is seen in the minor fissure.  No parenchymal infiltrates, nodules or masses are seen.
The heart is of normal size and the mediastinal structures are unremarkable.

CONCLUSION:  I have reviewed the occupational history and chest x-ray of the
referenced individual.  Based upon that history and the chest x-ray findings compatible
with bilateral interstitial lung disease, it is my opinion, to a reasonable degree of
medical certainty, that the x-ray changes are due to asbestosis, acquired through
occupational exposure to asbestos.

James W. Ballard, M.D.

James W. Ballard, M.D.

072301.far[acb/b]



WR GRACE PIQ 46790-0022

_Howard R. Brock, M.D._
_5604 Vista Bonita Dr. North_
_Mobile, AL 36693_
_(334) 660-1829_

**REDACTED**                                        May 27, 1999

X-RAY:  Patient has been diagnosed POSITIVE by a Certified B-reader.  Chest radiographs include a PA and Lateral views.

HISTORY: This is a 60 year old male who was exposed to friable asbestos, silica and benzene materials since 1959.  He is now a non-smoker, having smoked from the age of 16 to 57.  Patient has a history of undescended testicle (age 10) and angioplasty.  He is currently taking Mevacor and Metoprolol.

PHYSICAL EXAM: Upon examination there appears to be no edema and no clubbing of the extremities.  Patient does not complain of shortness of breath upon exertion, but does complain of a persistent, productive cough.  Chest wall: Normal.  Lung auscultation: Abnormal breath sounds.  Heart auscultation: Normal.

DIAGNOSIS:   Due to this patient's exposure to asbestos and upon my physical examination,  I concur with the positive asbestosis diagnosis rendered by the Certified B-reader.

PROGNOSIS: Due to the latency between the exposure to asbestos and the onset of clinically significant asbestos related disease, the patient is at an increased risk for the development of bronchiogenic carcinoma, mesothelioma, and other cancers, as well as deterioration in pulmonary function.  Since these conditions may occur many years after active exposure termination, close clinical follow-up, to include annual pulmonary function re-evaluation is recommended.

This report pertains only to asbestos related disease, and is not as a comprehensive medical evaluation of all health problems.

Howard R. Brock, M.D.

**RAY HARRON, M.D.**
DIPLOMATE AMERICAN BOARD OF RADIOLOGY
DIPLOMATE AMERICAN BOARD OF NUCLEAR MEDICINE



WR GRACE PIQ 46790-0023

P. O. BOX 400
BRIDGEPORT, WV 26330

NAME **REDACTED**

ADDRESS

CITY & STATE

| UNIT NO. | PHYSICIAN | | AGE | PHONE NUMBER | | BIRTHDATE | | DATE 7/10/99 |
|---|---|---|---|---|---|---|---|---|
| RESPONSIBLE PARTY | | S.S.# | | INSURANCE CO. | | | | POLICY NO. |
| ADDRESS | | STREET-ROUTE-BOX | | TOWN-CITY-STATE | ZIP | | CONTRACT OF | |
| PATIENT HISTORY | | | | | | | | |

EXAMINATION

CHEST DATED 5/27/99:  There are primary s, secondary t sized opacities involving four
lower lung zones, prfosuion 1/0.  There is thickening of the interlobar fissure.


IMPRESSION:
1.  Bilateral interstitial fibrosis consistent with asbestosis.



Ray A. Harron, M.D.
Diplomate of the American
Board of Radiology


RAH/kc



Form No 102

**REDACTED**


WR GRACE PIQ  46790-0025

WORKER'S Social Security Number

TYPE OF READING  A [P]

FACILITY IDENTIFICATION

**1A. DATE OF X-RAY**
MONTH 0 5  DAY 2 7  YEAR 9 1

**1B. FILM QUALITY** 1 [2] 3 U/R
If not Grade 1 Give Reason: *slightly under exposed*

**1C. IS FILM COMPLETELY NEGATIVE?**
YES ☐ Proceed to Section 5
NO [X] Proceed to Section 2

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**
YES [X] COMPLETE 2B and 2C
NO ☐ Proceed to Section 3

**2B. SMALL OPACITIES**
a. SHAPE / SIZE
PRIMARY: [p] q r / t u
SECONDARY: p [s] q r / u

b. ZONES
R L

c. PROFUSION
0/- 0/0 0/1
[1/0] 1/1 1/2
2/1 2/2 2/3
3/2 3/3 3/+

**2C. LARGE OPACITIES**
SIZE [Ø] A B C
Proceed to Section 3

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**
YES [X] COMPLETE 3B, 3C and 3D
NO ☐ Proceed to Section 4

**3B. PLEURAL THICKENING**
a. DIAPHRAGM (plaque)
SITE [Ø] R L
b. COSTOPHRENIC ANGLE
SITE [Ø] R L

**3C. PLEURAL THICKENING . . . Chest Wall**
a. CIRCUMSCRIBED (plaque)
SITE O [R] | O [X]
IN PROFILE
i. WIDTH [Ø] A B C | [X] A B C
ii. EXTENT [1] 2 3 | [1] 2 3
FACE ON
iii. EXTENT 0 1 [2] 3 | 0 1 [2] 3

b. DIFFUSE
SITE [Ø] R | [X] L
IN PROFILE
i. WIDTH O A B C | O A B C
ii. EXTENT 0 1 2 3 | 0 1 2 3
FACE ON
iii. EXTENT 0 1 2 3 | 0 1 2 3

**3D. PLEURAL CALCIFICATION**
SITE [Ø] R EXTENT

| | 0 | 1 | 2 | 3 |
|---|---|---|---|---|
| a. DIAPHRAGM | 0 | 1 | 2 | 3 |
| b. WALL | 0 | 1 | 2 | 3 |
| c. OTHER SITES | 0 | 1 | 2 | 3 |

[Ø] L EXTENT

| | 0 | 1 | 2 | 3 |
|---|---|---|---|---|
| a. DIAPHRAGM | 0 | 1 | 2 | 3 |
| b. WALL | 0 | 1 | 2 | 3 |
| c. OTHER SITES | 0 | 1 | 2 | 3 |

Proceed to Section 4

**4A. ANY OTHER ABNORMALITIES?**
YES [X] COMPLETE 4B and 4C
NO ☐ Proceed to Section 5

**4B. OTHER SYMBOLS (OBLIGATORY)**
O ax bu ca cn co cp cv di ef em es fr hi ho id ih kl [X] px rp tb
(SPECIFY ed.)

Report items which may be of present clinical significance in this section.
OD _____

Date Personal Physician notified?
MONTH  DAY  YR

**4C. OTHER COMMENTS**
_____
_____
_____

SHOULD WORKER SEE PERSONEL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C.
YES NO  Proceed to Section 5

**5. FILM READER'S INITIALS**
J W B

PHYSICIAN'S SOCIAL SECURITY NUMBER*
4 1 7 5 0 3 1 1 5

DATE OF READING
MONTH 0 7  DAY 3 0  YR 0 1

Complete if social security number is not turnished:

NAME (LAST—FIRST—MIDDLE)
_____

STREET ADDRESS    CITY    STATE    ZIP CODE

*Furnishing your social security number is voluntary. Your refusal to provide this number will not affect your right to participate in this program.



WR GRACE PIQ 46790-0024

*Howard R. Brock, M.D.*
*5604 Vista Bonita Dr. North*
*Mobile, AL 36693*
*(334) 660-1829*

**REDACTED**                                      May 27, 1999

**X-RAY:** Patient has been diagnosed POSITIVE by a Certified B-reader. Chest radiographs include a PA and Lateral views.

**HISTORY:** This is a 60 year old male who was exposed to friable asbestos, silica and benzene materials since 1959. He is now a non-smoker, having smoked from the age of 16 to 57. Patient has a history of undescended testicle (age 10) and angioplasty. He is currently taking Mevacor and Metoprolol.

**PHYSICAL EXAM:** Upon examination there appears to be no edema and no clubbing of the extremities. Patient does not complain of shortness of breath upon exertion, but does complain of a persistent, productive cough. Chest wall: Normal. Lung auscultation: Abnormal breath sounds. Heart auscultation: Normal.

**DIAGNOSIS:** Due to this patient's exposure to asbestos and upon my physical examination, I concur with the positive asbestosis diagnosis rendered by the Certified B-reader.

**PROGNOSIS:** Due to the latency between the exposure to asbestos and the onset of clinically significant asbestos related disease, the patient is at an increased risk for the development of bronchiogenic carcinoma, mesothelioma, and other cancers, as well as deterioration in pulmonary function. Since these conditions may occur many years after active exposure termination, close clinical follow-up, to include annual pulmonary function re-evaluation is recommended.

This report pertains only to asbestos related disease, and is not as a comprehensive medical evaluation of all health problems.

Howard R. Brock, M.D.



WR GRACE PIQ 45790-0026

# FedEx Express. US Airbill

FedEx Tracking Number **8507 8290 2378**

**1 From**
This portion can be removed for Recipient's records.

Date 7-1-00  FedEx Tracking Number 8507 8290 2378

Sender's Name **Mindy**

Phone **228 875-3175**

Company **ALWYN LUCKEY ATTY AT LAW**

Address **2016 BIENVILLE BLVD STE 102**

City **OCEAN SPRINGS**  State **MS**  ZIP **39564-3004**

**2 Your Internal Billing Reference**

**3 To**
Recipient's Name **Trust Consulting**  Phone

Company **Claims Processing Agent**

Recipient's Address **2015 Lyndale Ave**

Address
To request a package to be held at a specific FedEx location, print FedEx address here.

City **Faribault**  State **MN**  ZIP **55021**

**4a Express Package Service**  Packages up to 150 lbs.
- [x] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**  Packages over 150 lbs.
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [x] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?
- [ ] No
- [ ] Yes (As per attached Shipper's Declaration)
- [ ] Yes (Shipper's Declaration not required)
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** Bill to:
- [x] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages     Total Weight     Total Charges

**8 Sign to Authorize Delivery Without a Signature**

8507 8290 2378

0296949274

466