

WR GRACE PIQ 017400-0050

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |

REDACTED

## GENERAL OBJECTIONS TO CLAIMANT DISCOVERY QUESTIONNAIRE

_____ ("Claimant") hereby makes the following general objections to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Discovery Questionnaire"):

1.      Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by an expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.  Without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of Fed.R.Civ.P. 26(b)(4)(B):

(a)     Claimant objects to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

(b)     Claimant objects to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

(c)     Claimant objects to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

(d)     Claimant objects to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the raw data and all spirometric tracings, on which the results are based."

(e)     Claimant objects to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

(f)     Claimant objects to Part II of the Discovery Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses."  Claimant urges this objection with regard to all "conditions" for which disclosure is requested.



WR GRACE PIQ 017400-0051

2.    Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communication between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or representative of any attorney for Claimant.  In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant.  Specifically, and without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges:

     (a)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if Claimant "retained counsel in order to receive any of the services performed by the diagnosing doctor."

     (b)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if "the diagnosing doctor was referred to you by counsel."

     (c)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel" unless Claimant's knowledge was obtained other than through communication with Claimant's legal counsel and/or his/her representative.

     (d)    These objections are urged with regard to each instance that the above questions are asked in sections 2, 3, 4, 5, 6 and 7 of Part II of the Discovery Questionnaire.

3.    Claimant further objects to Part VII of the Discovery Questionnaire to the extent that it seeks disclosure of information relating to litigation and claims regarding silica as irrelevant to the issues concerning Claimant's asbestos claim against W.R. Grace & Co. and/or its affiliated debtors.

4.    Claimant further objects to Section a.6 and b.1-7 of Part VII of the Discovery Questionnaire to the extent that it seeks disclosure of settlements reached with other defendants that are subject to binding confidentiality agreements, and further objection is made in that said information exceeds the permissible scope of discovery regarding credit and/or offset information. Further objection is made in that the information sought is not relevant to the claims estimation process.

5.    These general objections are made in addition to, and without waiver of, any specific objections contained within the responses to the Discovery Questionnaire itself.  The covering sheet is intended to be, and is hereby, incorporated into the Discovery Questionnaire as if repeated therein verbatim in full.



WR GRACE PIQ 017400-0052

6.     By submitting this response to the Discovery Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the Unites States Bankruptcy Court for the District of Delaware, or to any other court.  Claimant reserves (i) all objections to the jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C. § 157(b)(5).

Respectfully Submitted,

**REDACTED**

Respectfully Submitted,

Scott W. Wert, Esq.
TX State Bar No. 00794835
*Foster & Sear, L.L.P.*
524 E. Lamar Blvd., Suite 200
Arlington, TX 76011
PH:     (817) 633-3355
FAX:   (817) 633-5507
swert@fostersear.com

# FOSTER & SEAR, L.L.P.
## ATTORNEYS AT LAW
524 EAST LAMAR BOULEVARD, SUITE 200
ARLINGTON, TX 76011



WR GRACE PIQ 017400-0063

(817)  633-3355
(800)  631-5908
(817)  633-5507 FACSIMILE

July 7, 2006

United State Bankruptcy Court
District of Delaware
Clerk of Court
824 Market Street, 3rd Floor
Wilmington, DE 19801

**Re:    *Cause No. 01-01139 (JKF); W. R. Grace & Co., et al., Debtor; In Proceedings for
a Reorganization under Chapter II***

Dear Clerk:

Enclosed for filing please find two discs containing W. R. Grace Asbestos Personal Injury
Questionnaires in PDF format for each claimant named on the enclosed list.

I have also included hard-copies of the Questionnaires.  Please place your file-mark stamp
on each, and return them to me in the same boxes they were shipped in.  I have enclosed return
FedEx labels for your convenience.

Thank you for your cooperation.  Please feel free to contact me at 817-633-3355 if you have
any questions or concerns.

Sincerely,

FOSTER & SEAR, L.L.P.

*Denise*

Denise Clement,
Settlement Department


WR GRACE PIQ 017400-0054



# W. R. Grace
# Asbestos Personal Injury
# Questionnaire



WR GRACE PIQ 017406-0001

WR GRACE PIQ 017405-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

VR GRACE PIQ 017406-0003

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

|  | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL |
|---|---|
| IF SENT BY U.S. MAIL | SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

i

## INSTRUCTIONS

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related pe[  ] wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injur[y] that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, [ ], produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will not be accepted and will not be deemed filed.

    Do not send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I -- Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

**D. PART III – Direct Exposure to Grace Asbestos-Containing Products**

In Part III, please provide the requested information for the job and site at which you were  asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing product was a result of your employment, use the list of occupation and industry codes below to indicate your occupation industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

## Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator

31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (e.g., accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

## Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing

109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

iii

**E.  PART IV – Indirect Exposure to Grace Asbestos-Containing Products**
In Part IV, please provide the information requested for any injury alleged to have been caused by expo
asbestos-containing products through contact/proximity with another injured person.  If you allege exp
contact/proximity with multiple injured persons, please complete a separate Part IV for each injured pers
convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.



UR GRACE PIQ 017405-0006

**F.  PART V -- Exposure to Non-Grace Asbestos-Containing Products**
In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim
alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against
multiple parties, the Court has ordered that you must complete a separate Part V for each party.  If exposure was in
connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and
the industry in which you worked.  For your convenience, additional copies of Part V are attached as Appendix F to this
Questionnaire.

**G.  PART VI -- Employment History**
In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in
Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the
industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if
additional space is needed.

**H.  PART VII – Litigation and Claims Regarding Asbestos and/or Silica**
In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII -- Claims by Dependents or Related Persons**
Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued
the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving
physical injury to him-/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss
of consortium.  If you are asserting such a claim, complete the entire Questionnaire, providing all information and
documentation regarding the injured person.

**J.  PART IX – Supporting Documentation**
In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As
indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals
upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or
conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial
causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace
will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in
which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please
indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X -- Attestation that Information is True, Accurate and Complete**
By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your
knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then
the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured
person.

The legal representative of the injured person must complete and sign Part X where indicated.

**PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL**

WR GRACE PIQ 017406-0007

## a. GENERAL INFORMATION

REDACTED

1. Name of Claimant: _____    _____    _____    2. Gender: ☒ Male ☐ Female
   First              MI          Last

3. Race (for purposes of evaluating Pulmonary Function Test results):..................... ☒ White/Caucasian
   ☐ African American
   ☐ Other

4. Last Four Digits of Social Security Number: _____    5. Birth Date: _____

6. Mailing Address: _
   Address                    City              State/Province      Zip/Postal Code

7. Daytime Telephone Number:......................

REDACTED

## b. LAWYER'S NAME AND FIRM

1. Name of Lawyer: Scott W. Wert

2. Name of Law Firm With Which Lawyer is Affiliated: Foster + Sear, LLP

3. Mailing Address of Firm: 524 E. Lamar Blvd #200    Arlington    Tx    76011
   Address              City          State/Province    Zip/Postal Code

4. Law Firm's Telephone Number or Lawyer's Direct Line: ..................... ( 8 1 7 ) 6 3 3 - 3 3 5 5

   ☒ Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

## c. CAUSE OF DEATH (IF APPLICABLE)

1. Is the injured person living or deceased?............................................................... ☒ Living ☐ Deceased
   If deceased, date of death: ................................................... ___ / ___ / _____

2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:
   Primary Cause of Death (as stated in the Death Certificate): _____

   Contributing Cause of Death (as stated in the Death Certificate): _____

**PART II: ASBESTOS-RELATED CONDITION(S)**

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1. Please check the box next to the condition being alleged:
   ☐ Asbestos-Related Lung Cancer          ☐ Mesothelioma
   ☐ Asbestosis                            ☒ Other Cancer (cancer not related to lung cancer or mesothelioma)
   ☒ Other Asbestos Disease                ☐ Clinically Severe Asbestosis

   a. Mesothelioma: If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):
      ☐ diagnosis from a pathologist certified by the American Board of Pathology
      ☐ diagnosis from a second pathologist certified by the American Board of Pathology
      ☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition
      ☐ other (please specify): _____

1

REC'D JUL 12 2006

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 017405-0008

b. **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed with lung cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

☐ other (please specify): _____

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon    ☐ pharyngeal    ☐ esophageal    ☐ laryngeal    ☐ stomach cancer

☐ other, please specify: *PROSTRATE*

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☒ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

☐ other (please specify): _____

2

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 017406-0009

d. **Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis based (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other (please specify): _____

e. **Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other (please specify): _____

3

**PART II  ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 017406-0010

f.   **Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

- [ ] diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

- [ ] diagnosis determined by pathology

- [ ] a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

- [ ] a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

- [x] a chest x-ray reading  other than those described above

- [ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

- [x] a pulmonary function test other than that discussed above

- [ ] a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

- [ ] a CT Scan or similar testing

- [ ] a diagnosis other than those above

- [ ] other (please specify): _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

4

**PART II. ASBESTOS RELATED CONDITION(S) (Continued)**

VR GRACE PIQ 017405-0011

2. **Information Regarding Diagnosis**

Date of Diagnosis: _See Attached Exhibit A_ ___ / ___ / ____

Diagnosing Doctor's Name: _See Attached Exhibit A_

Diagnosing Doctor's Specialty: _See Attached Exhibit A_

Diagnosing Doctor's Mailing Address: _See Attached Exhibit A_
Address

| City | State/Province | Zip/Postal Code |
|---|---|---|

Diagnosing Doctor's Daytime Telephone Number: ................................. (See ) Attached Exhibit A

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician?.................................................................. ☐ Yes ☒ No

Was the diagnosing doctor paid for the diagnostic services that he/she performed?................... ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor?........... ☐ Yes ☒ No

Was the diagnosing doctor referred to you by counsel?.................................................................. ☒ Yes ☐ No

Are you aware of any relationship between the diagnosing doctor and your legal counsel?........................ ☐ Yes ☒ No

*If yes, please explain:* _N/A_

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? ..................................................................................................................... ☒ Yes ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? ................................................................................... _N/A_ ........... ☐ Yes ☐ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? ................................................................................................................................................... ☒ Yes ☐ No

Did the diagnosing doctor perform a physical examination? ................................................................. ☒ Yes ☐ No

Do you currently use tobacco products? ............................................................................................. ☐ Yes ☒ No

Have you ever used tobacco products?................................................................................................. ☒ Yes ☐ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

☒ Cigarettes       Packs Per Day (half pack = .5) _2_       Start Year _1942_ End Year _1975_

☐ Cigars       Cigars Per Day _____       Start Year ___ ___ ___ ___ End Year ___ ___ ___ ___

☐ If Other Tobacco Products, please specify (e.g., chewing tobacco): _____
       Amount Per Day _____       Start Year ___ ___ ___ ___ End Year ___ ___ ___ ___

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")?.................. ☐ Yes ☐ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

_____

3. **Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

☒ Mobile laboratory  ☐ Job site  ☐ Union Hall  ☐ Doctor office  ☐ Hospital  ☐ Other: _____

Address where chest x-ray taken: _N/A_
Address

_Tyler, Texas_
City                                    State/Province                    Zip/Postal Code

REDACTED

5

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

VR GRACE PIQ 017405-0012

4.  **Information Regarding Chest X-Ray Reading** See Attached Exhibit A

Date of Reading: ___/___/___                    ILO score: _____

Name of Reader: See Attached Exhibit A

Reader's Daytime Telephone Number: See Attached Exhibit ( A ) ___-_____

Reader's Mailing Address: See Attached Exhibit A
Address

City                              State/Province                    Zip/Postal Code

With respect to your relationship to the reader, check all applicable boxes:

Was the reader paid for the services that he/she performed... ............... ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* **REDACTED**

Did you retain counsel in order to receive any of the services performed by the reader?........................... ☐ Yes ☒ No

Was the reader referred to you by counsel? ................................................................................... ☒ Yes ☐ No

Are you aware of any relationship between the reader and your legal counsel?........................................ ☐ Yes ☒ No

*If yes, please explain:* N/A

**Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?**

.............................................................................................................................................................. ☒ Yes ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* N/A

5.  **Information Regarding Pulmonary Function Test:** See Attached Exhibit A Date of Test: ___/___/___

List your height in feet and inches when test given: See Attached Exhibit A ft _____ inches

List your weight in pounds when test given: See Attached Exhibit A _____ lbs

Total Lung Capacity (TLC): See Attached Exhibit A _____ % of predicted

Forced Vital Capacity (FVC): See Attached Exhibit A _____ % of predicted

FEV1/FVC Ratio: ................................. See Attached Exhibit A _____ % of predicted

Name of Doctor Performing Test (if applicable): See Attached Exhibit A

Doctor's Specialty: See Attached Exhibit A

Name of Clinician Performing Test (if applicable): See Attached Exhibit A

Testing Doctor or Clinician's Mailing Address: See Attached Exhibit A
Address

City                              State/Province                    Zip/Postal Code

Testing Doctor or Clinician's Daytime Telephone Number:................... ( See ) Attached Exhibit A

Name of Doctor Interpreting Test: See Attached Exhibit A

Doctor's Specialty: See Attached Exhibit A

Interpreting Doctor's Mailing Address: See Attached Exhibit A
Address

City                              State/Province                    Zip/Postal Code

Interpreting Doctor's Daytime Telephone Number: See Attached Exhibit A

6

**PART II.  ASBESTOS-RELATED CONDITION(S) (Continued)**

VR GRACE PIQ 017405-0013

With respect to your relationship to the doctor or clinician who performed the pulmonary applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician?..................... ☐ Yes ☒ No

Was the testing doctor and/or clinician paid for the services that he/she performed? ................. ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:.__*

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? .. ☐ Yes ☒ No

Was the testing doctor or clinician referred to you by counsel? ........................................ ☒ Yes ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ............ ☐ Yes ☒ No

*If yes, please explain:* _____N/A_____

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test?........................................................ ☒ Yes ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? ............................................................. ☐ Yes ☒ No

Was the doctor paid for the services that he/she performed?........................................... ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor? ................ ☐ Yes ☒ No

Was the doctor referred to you by counsel?............................................................ ☒ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? .......................... ☐ Yes ☒ No

*If yes, please explain*

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?........................... ☒ Yes ☐ No

6.  **Information Regarding Pathology Reports:**

Date of Pathology Report:...................... *N/A* ........................ __ __ / __ __ / __ __ __ __

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
                          Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

Doctor's Daytime Telephone Number: ...................................... ( __ __ __ ) __ __ __ - __ __ __ __

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? ............................................................. ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed?........................................... ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ................ ☐ Yes ☐ No

Was the doctor referred to you by counsel?............................................................ ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? .......................... ☐ Yes ☐ No

*If yes, please explain:* _____

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?

............................................................................................ ☐ Yes ☐ No

REDACTED

REDACTED

**PART II. ASBESTOS-RELATED CONDITION(S) (Continued)**

W.R. GRACE PIQ 017405-0914

7.   With respect to the condition alleged, have you received medical treatment from a doctor for the condition?

...................................................................................................................................... ☐ Yes ☐ No

*If yes, please complete the following:*

Name of Treating Doctor: _____

Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____
                                                  Address

_____

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

Treating Doctor's Daytime Telephone number: .................................... ( _ _ _ ) _ _ _ - _ _ _ _

Was the doctor paid for the services that he/she performed? ...................................................... ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* ._____

Did you retain counsel in order to receive any of the services performed by the doctor? ...................... ☐ Yes ☐ No


[REMAINDER OF PAGE INTENTIONALLY BLANK]


8

WR GRACE PIQ 017405-0016

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products

(b) A worker who personally removed or cut Grace asbestos-containing products

(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

Site of Exposure:

Site Name: _See Attached Exhibit B_    Location: _____

Site Type: ☐ Residence ☐ Business    Site Owner: _____

Employer During Exposure: _____

Unions of which you were a member during your employment: _____

| Product(s) / Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, /year) | Occupation Code | Industry Code | Nature of Exposure (Was exposure due to working with or around the asbestos-containing products, or was it due to being in an area where the products were being installed, mixed, removed or cut by others?) |
|---|---|---|---|---|
| Job 1 Description: | | | | |
| Job 2 Description: | | | | |
| Job 3 Description: | | | | |
| Job 4 Description: | | | | |
| Job 5 Description: | | | | |
| Job 6 Description: | | | | |

**PART IV. INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODU**

VR GRACE PIQ 017405-0018

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person? ............................................................................................ ☐ Yes ☒ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: _____    Gender: ☐ Male ☐ Female

   Last Four Digits of Social Security Number: __ __ __ __    Birth Date: __ __ / __ __ / __ __

3. What is your Relationship to Other Injured Person: .................................... ☐ Spouse ☐ Child ☐ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:

   _____

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:

   From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:

   _____

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? ............................................ ☐ Yes ☐ No

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____    File Date: __ __ / __ __ / __ __ __ __

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:

   _____

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:

   From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:

    _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party.  For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products
(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

| Party Against which Lawsuit or Claim was Filed: See Attached Exhibit C | | Product(s) | Dates and Frequency of Exposure (from/to) (mo./day/year) | Occupation Code | Industry Code | Was exposure due to working, living at or near a facility, or in a jobsite where product was being installed, mixed, removed or cut? | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| **Site of Exposure 1** | Job 1 Description: | See | Attached | Exhibit | B | | |
| Site Name: | Job 2 Description: | | | | | | |
| Address: | | | | | | | |
| City and State: | Job 3 Description: | | | | | | |
| Site Owner: | | | | | | | |
| **Site of Exposure 2** | Job 1 Description: | | | | | | |
| Site Name: | Job 2 Description: | | | | | | |
| Address: | | | | | | | |
| City and State: | Job 3 Description: | | | | | | |
| Site Owner: | | | | | | | |
| **Site of Exposure 3** | Job 1 Description: | | | | | | |
| Site Name: | Job 2 Description: | | | | | | |
| Address: | | | | | | | |
| City and State: | Job 3 Description: | | | | | | |
| Site Owner: | | | | | | | |

11

WR GRACE PIQ 017406-0017



VR GRACE PIQ 017405-0018

## PART VI: EMPLOYMENT HISTORY

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

Occupation Code: _____ If Code 59, specify: _See Attached Exhibit B_

Industry Code: _____ If Code 118, specify: _See Attached Exhibit B_

Employer: _____ See Attached Exhibit B_

Beginning of Employment: __ __ / __ __ / __ __ __ __     End of Employment: __ __ / __ __ / __ __ __ __

Location: _____ See Attached Exhibit B_

Address

City                         State/Province                         Zip/Postal Code

Occupation Code: _____ If Code 59, specify: _See Attached Exhibit B_

Industry Code: _____ If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __     End of Employment: __ __ / __ __ / __ __ __ __

Location: _____

Address

City                         State/Province                         Zip/Postal Code

Occupation Code: _____ If Code 59, specify: _See Attached Exhibit B_

Industry Code: _____ If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __     End of Employment: __ __ / __ __ / __ __ __ __

Location: _____

Address

City                         State/Province                         Zip/Postal Code

Occupation Code: _____ If Code 59, specify: _See Attached Exhibit B_

Industry Code: _____ If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __     End of Employment: __ __ / __ __ / __ __ __ __

Location: _____

Address

City                         State/Province                         Zip/Postal Code

12

## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR

WR GRACE PIQ 017405-0019

### LITIGATION

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?............................................ ☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit.   For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption: ___See Attached Exhibit C___

   Case Number: ___See Attached Exhibit C___   File Date: _1 2 / 1 3 / 1 9 9 9_

   Court Name: ___See Attached Exhibit C___

3. Was Grace a defendant in the lawsuit? ............................................................................ ☒ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? ........................................................ ☒ Yes ☐ No

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*
   ___See General Objections and further objection is made in that answer calls for attorney work-product.___

5. Has a judgment or verdict been entered?.......................................................................... ☐ Yes ☒ No

   *If yes, please indicate verdict amount for each defendant(s):_____*

6. Was a settlement agreement reached in this lawsuit? ...................................................... ☒ Yes ☐ No

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant: ___See General Objections___

   b. Applicable defendants: ___See General Objections___

   c. Disease or condition alleged: ___See General Objections___

   d. Disease or condition settled (if different than disease or condition alleged): _____

7. Were you deposed in this lawsuit? .................................................................................. ☐ Yes ☒ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

### CLAIMS

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? ........................................ ☐ Yes ☐ No

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted: ___See General Objections___ ___ / ___ / _____

3. Person or entity against whom the claim was submitted: ___See General Objections___

4. Description of claim: ___See General Objections___

5. Was claim settled? ........................................................................................................... ☐ Yes ☐ No

6. Please indicate settlement amount: ...................................................................... $_____

7. Was the claim dismissed or otherwise disallowed or not honored? ................................ ☐ Yes ☐ No

   *If yes, provide the basis for dismissal of the claim:_____*

WR GRACE PIQ 017405-0020

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

Name of Dependent or Related Person: _____ Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: __ __ __ __   Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent: ........................................................................................☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other  If other, please specify _____

Mailing Address: _____
　　　　　　　　　Address

_____
City                                    State/Province              Zip/Postal Code

Daytime Telephone number: .................................................... ( __ __ __ ) __ __ __ - __ __ __ __

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**

☒ Medical records and/or report containing a diagnosis
☐ Lung function test results
☒ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products
☒ Supporting documentation of other asbestos exposure

☐ X-rays
☒ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
☐ Death Certification

**Originals:**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products

☐ Supporting documentation of other asbestos exposure
☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____ **REDACTED** ___   Date: 2 / 06 / 06 ____

Please Print Name: _____ —

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____   Date: 02 / 16 / 2006

Please Print Name: Scott W. Wert

14



WR GRACE PIQ 017405-0021

## STEPHEN N. FISHER, M.D.
### BOARD CERTIFIED RADIOLOGIST
### NIOSH CERTIFIED B READER

PATIENT NAME:
SOCIAL SECURITY NUMBER:        **REDACTED**

**PA AND LATERAL CHEST RADIOGRAPHS:** dated 12-29-98 were evaluated for the presence of pneumoconiosis, utilizing the ILO (1980) guidelines.

The heart, mediastinum, and pulmonary vasculature are normal. Irregular interstitial opacities are observed in both mid and lower lung zones, the size and shape of which are classified as t/t, and the profusion is 2/1. The pleural surfaces are normal and no other significant defects are found.

**OPINION:** BILATERAL INTERSTITIAL FIBROTIC CHANGES CONSISTENT WITH ASBESTOSIS IN A PATIENT WHO HAS HAD AN ADEQUATE EXPOSURE HISTORY AND LATENT PERIOD.

STEPHEN N. FISHER, MD/ABN/407

*Stephen N. Fisher MD.*

**EXHIBIT
"A"**

REDACTED

**STEPHEN N. FISHER, M.D.**
**5600 Munhall Road, # 803**
Pittsburgh, PA 15217



W/R GRACE PIQ 017405-0022

TYPE OF READING    A B/C P

FACILITY IDENTIFICATION

| 1A. DATE OF X-RAY | 1B. FILM QUALITY IF NOT GRADE 1 GIVE REASON : | 1C. IS FILM COMPLETELY NEGATIVE? |
|---|---|---|
| -29-98 | ☒ 2  3  U/R | YES ☐ PROCEED TO SECTION 6   NO ☒ PROCEED TO SECTION 2 |

**A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**    YES ☒ COMPLETE 2B AND 2C    NO ☐ PROCEED TO SECTION 3

**B. SMALL OPACITIES**    **2C. LARGE OPACITIES**

A. SHAPE / SIZES

PRIMARY | SECONDARY | B. ZONES

| p s | p s |
| q t | q t |
| u | r u |

R  L

C. PROFUSION

| 0/ | 0/0 | 0/1 |
|---|---|---|
| 1/0 | 1/1 | 1/2 |
| 2/1 | 2/2 | 2/3 |
| 3/2 | 3/3 | 3/4 |

SIZE   ☒ 0  A  B  C

PROCEED TO SECTION 3

**A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**    YES ☐ COMPLETE 3B,3C AND 3D    NO ☒ PROCEED TO SECTION 4

**B. PLEURAL THICKENING**

DIAPHRAGM (PLAQUE)

SITE  ☐ O R L

COSTOPHRENIC ANGLE

SITE  ☐ O R L

**3C.  PLEURAL THICKENING .... CHEST WALL**

**A. CIRCUMSCRIBED (plaque)**

| | O R | O L |
|---|---|---|
| SITE | | |
| IN PROFILE | O A B C | O A B C |
| I. WIDTH | 0 1 2 3 | 0 1 2 3 |
| II. EXTENT | | |
| FACE ON | 0 1 2 3 | 0 1 2 3 |
| III. EXTENT | | |

**B. DIFFUSE**

| | O R | O L |
|---|---|---|
| SITE | | |
| IN PROFILE | O A B C | O A B C |
| I. WIDTH | 0 1 2 3 | 0 1 2 3 |
| II. EXTENT | | |
| FACE ON | 0 1 2 3 | 0 1 2 3 |
| III. EXTENT | | |

**D. PLEURAL CALCIFICATION**

| SITE | O | R | EXTENT | | | | O | L | EXTENT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A. DIAPHRAGM | 0 | 1 | 2 | 3 | | A. DIAPHRAGM | 0 | 1 | 2 | 3 |
| B. WALL | 0 | 1 | 2 · | 3 | | B. WALL | 0 | 1 | 2 | 3 |
| C. OTHER SITES | 0 | 1 | 2 | 3 | | C. OTHER SITES | 0 | 1 | 2 | 3 |

PROCEED TO SECTION 4

**4A. ANY OTHER ABNORMALITIES?**    YES ☐ COMPLETE 4B AND 4C    NO ☒ PROCEED TO SECTION 5

**4B. OTHER SYMBOLS (OBLIGATORY)**

| ca | ax | bu | ca | cn | co | cp | cv | di | ef | em | es | fr | hi | ho | id | ih | kl | pi | px | rp | tb |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

REPORT ITEMS WHICH
MAY BE OF PRESENT    SPECIFY OD   [ OD ]
CLINICAL SIGNIFICANCE
IN THIS SECTION

DATE PERSONAL PHYSICIAN NOTIFIED?

**4C. OTHER COMMENTS:**

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C    YES  NO

PROCEED TO SECTION 5

| 5. FILM READER'S INITIALS | PHYSICIANS SOCIAL SECURITY NUMBER | DATE OF READING |
|---|---|---|
| S N F | 3 2 6  3 2 3  4 2 5 | JAN 23 1999 |





www.swpulmonary.com

REDACTED

September 5, 2001

Foster & Sear Law Office
1201 North Watson Road, Suite 145
Arlington, Texas 76006

RE:          **REDACTED**

Dear Sirs,

I saw               on September 5, 2001 during an evaluation for asbestos related disease. He is a 76-year-old white male with consistent dyspnea on exertion that he has noticed for the last couple of years. He has a chronic daily cough sometimes productive of purulent sputum. He has been prescribed an albuterol inhaler, but has not noticed a great deal of benefit. He has also had hoarseness for about two years. He has not had pleurisy. He smoked one and a half packs a day for 30 years and quit in 1975.

His asbestos exposure began in 1941 when he was in the navy stationed on ships with asbestos insulation. He did not work with the insulation per say. From 1947 to 1962 he worked for printing companies and he used powdered asbestos fibers and applied that to the mouth of the casting box and he would re-apply that material every 3-4 months. He would remove the fibers by hand out of a bag, mix it with water and then apply it. He would also have to clean old asbestos off the mouth of the casting box to repeat the process.

His past medical history is remarkable for gall bladder and prostate cancer surgery. He has pernicious anemia, diabetes since 1987, high cholesterol.

He is allergic to sulfa and Compazine.

His family history is noncontributory.

His review of systems is positive for nocturia x 2, anemia responsive to B12 and no significant arthritis.

On physical exam, he is a well-developed, well-nourished, white male in no respiratory distress with a husky voice. His blood pressure is 118/80. His heart rate is 68. His respiratory rate is 14 and unlabored. His conjunctivae were not pale. His sclerae were nonicteric. His sinuses were nontender. His nasal mucosa looked normal. His pharynx was red and he had fair dentition. He had no JVD and no submandibular or supraclavicular adenopathy. He had good carotid pulsations. He had trace clubbing. He

Tol Kabynamit, M.D.
Randall Rosenblatt, M.D., P.A.
Fernando Torres, M.D.
Ofelia M. Usea, M.D.
Joseph Viroslav, M.D., P.A.

Richard Hazen, M.D., P.A.
Peter Heldbrink, M.D., P.A.

John Hughes, M.D., P.A.

Wyatt E. Rousseau, M.D., P.A.
Kenney Weinmeister, M.D., P.A., MBA
Gary L. Weinstein, M.D., P.A.

5939 Harry Hines Blvd., Suite 711
Dallas, Texas  75235
(214) 879-6555  phone
(214) 879-6312  fax

2001 North MacArthur Blvd., Suite 660
Irving, Texas  75061
(972) 259-3221  phone
(972) 259-2477  fax

6124 West Parker Road, Suite 131
Plano, Texas  75093
(972) 981-7762  phone
(972) 981-7766  fax

8220 Walnut Hill Lane, Suite 408
Dallas, Texas  75231
(214) 345-4062  phone
(214) 345-4066  fax


WR GRACE PIQ 017405-0024

**REDACTED**

RE:
September 5, 2001
Page Two



Had good radial brachial and dorsal pedal pulses. Cardiac examination revealed no displacement of his PMI and no S3 or murmur. Lung examination showed no dullness to percussion, normal tactile fremitus, no egophony and nonclearing rales isolated to the posterior and lateral aspects of both lung bases. To summarize, he had bilateral, nonclearing rales. His abdomen was benign without organomegaly, no masses and normal bowel sounds. He had good upper and lower extremity strength.

His pulmonary functions showed a normal spirometry and lung volume, but his diffusion capacity was moderately impaired.

His chest x-ray showed bilateral, pleural thickening and bilateral, irregular, parenchymal opacities that were small in size and mild in abundance. I see no evidence of a respiratory tract malignancy.
        has asbestosis with physiologic impairment and asbestos related pleural disease.

I hope this information is helpful.

Sincerely,

John D. Hughes, M.D.

JDH/lc

### HOLLAND BIEBER & ASSOCIATES, INC.

VR GRACE PIQ 017405-0026

**Patient:** REDACTED

SS# :

**Date:** 09/05/01

**Physician:** Dr. J. Hughes

**Technician:** VA/MA

Age: 76    Height(in): 69    Weight(lb): 217

Gender: Male    Race: Caucasian

## Pulmonary Function Analysis



### Spirometry




|  |  | Ref | Pre Meas | Pre % Ref |
|---|---|---|---|---|
| FVC | Liters | 4.22 | 4.63 | 110 |
| FEV1 | Liters | 3.20 | 3.14 | 98 |
| FEV1/FVC | % | 76 | 68 | |
| FEF25-75% | L/sec | 2.82 | 1.75 | 62 |
| FEF50% | L/sec | | 2.48 | |
| PEF | L/sec | | 8.57 | |

### Lung Volumes



|  |  | | | |
|---|---|---|---|---|
| VC | Liters | 4.22 | 4.63 | 110 |
| IC | Liters | 2.79 | 3.77 | 135 |
| ERV | Liters | 1.39 | 0.79 | 56 |
| FRC N2 | Liters | 3.65 | 3.07 | 84 |
| RV | Liters | 2.51 | 2.21 | 88 |
| TLC | Liters | 6.82 | 6.84 | 100 |
| RV/TLC | % | 38 | 32 | |

### Diffusion



|  |  | | | |
|---|---|---|---|---|
| DLCO | mL/mmHg/min | 29.8 | 15.9 | 53 |
| VA | Liters | | 6.63 | |
| DLCO/VA | mL/mHg/min/L | 4.50 | 2.40 | 53 |
| IVC | Liters | | 4.16 | |

Comments:
Good patient effort for al PFTs3

*Any Info: Foster & Sear*
City: Lufkin, TX

PF Reference: Crapo/Hsu

**HOLLAND BIEBER & ASSOCIATES, INC.**



REDACTED

Date: 09/05/01    Foster & Sear          Pre

**Flow Volume Loop** ----

| | Ref | Best | % Ref | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|---|---|---|
| FVC | 4.22 | 4.63 | 110 | 4.63 | 4.46 | 4.23 | 4.20 | 4.17 |
| FEV1 | 3.20 | 3.14 | 98 | 3.14 | 3.09 | 3.12 | 3.05 | 2.99 |
| FEV1/FVC | 76 | 68 | | 68 | 69 | 74 | 73 | 72 |
| FEF25-75% | 2.82 | 1.75 | 62 | 1.75 | 1.79 | 2.32 | 2.30 | 2.07 |
| PEF | | 8.57 | | 7.03 | 7.35 | 7.72 | 8.57 | 7.97 |

**HOLLAND BIEBER & ASSOCIATES, INC.**



Date: 09/05/01    Foster & Sear         Pre

Single Breath DLCO —                    **REDACTED**



**HOLLAND BIEBER & ASSOCIATES, INC.**



WR GRACE PIQ 017405-0028

Date: 09/05/01    Foster & Sear    Pre

### Single Breath DLCO —

**REDACTED**

| | Ref | Best | % Rel | 1 | 2 |
|---|---|---|---|---|---|
| DLCO | 29.8 | 15.8 | 53 | 16.1 | 15.6 |
| DL Adj | 29.8 | 15.9 | 53 | 16.1 | 15.6 |
| IVC | | 4.16 | | 4.15 | 4.16 |
| VA | | 6.53 | | 6.44 | 6.82 |
| DL/VA Adj | | 2.40 | | 2.51 | 2.29 |

Trial 2    Discard  1.95    CH4  0.173
Collection  0.96    CO  0.122



NAME:
NICKNAME:                 **REDACTED**
GROUP NAME:

VR GRACE PIQ 017405-0029

## Work History Sheet

EMPLOYER:        Harris Printing and
                 Stationary Co.

JOB SITE:        Harris Printing and
                 Stationary Co.

CITY, STATE:     Henderson, Tx

DATE OF JOB:     01/01/1947 - 12/31/1947

EXPOSURE TO
ASBESTOS PRODUCTS:

LENGTH OF JOB:
MY DUTIES AT THIS JOB SITE:
Apprentice

WAS JOB NEW CONSTRUCTION   ;
REPAIR   __X__ ; OR BOTH

WAS JOB INDOORS?  __X__ ;
OUTDOORS? ; or BOTH

ASBESTOS MATERIALS USED ON THIS JOB:

NAMES OF COWORKERS & JOB TITLES

DID YOU WEAR A RESPIRATOR, MASK OR
OTHER PROTECTIVE DEVICE ON THIS JOB
TO AVOID INHALATION OF ANY DUST OR
FUMES INCLUDING ASBESTOS DUST? _No_

COMMENTS:

SEE ATTACHMENT 'A'
FOR PRODUCTS USED AT VARIOUS SITES

WORK HISTORY SHEET - Page 1

(pyw) 03/13/

**EXHIBIT
"B"**

**REDACTED**

NAME:                          **REDACTED**
NICKNAME:
GROUP NAME:

VR GRACE PIQ 017405-0030

### Work History Sheet

EMPLOYER:    Marcus Park Printing      NAMES OF COWORKERS & JOB TITLES
             Co.

JOB SITE:    Marcus Park Printing
             Co.
                                                    **REDACTED**
CITY, STATE: Henderson,Tx

DATE OF JOB: 01/01/1948 - 12/31/1962


EXPOSURE TO
ASBESTOS PRODUCTS:                    DID YOU WEAR A RESPIRATOR, MASK OR
                                      OTHER PROTECTIVE DEVICE ON THIS JOB
LENGTH OF JOB:                        TO AVOID INHALATION OF ANY DUST OR
MY DUTIES AT THIS JOB SITE:           FUMES INCLUDING ASBESTOS DUST? *No*
Printer Press Operator   Floorman

WAS JOB NEW CONSTRUCTION   ;
REPAIR  __X__ ; OR BOTH               COMMENTS:

WAS JOB INDOORS?  __X__ ;
OUTDOORS? ; or BOTH


ASBESTOS MATERIALS USED ON THIS JOB:

                    SEE ATTACHMENT 'A'
            FOR PRODUCTS USED AT VARIOUS SITES


WORK HISTORY SHEET - Page 2

                                      (pyw) 03/13/2001
      **REDACTED**

**REDACTED**



WR GRACE PIQ 017405-0031

### Work History Sheet

| | | |
|---|---|---|
| EMPLOYER: | Three Forks Hearld | NAMES OF COWORKERS & JOB TITLES |
| JOB SITE: | Three Forks Hearld | |
| CITY, STATE: | Three Forks, Montana | |
| DATE OF JOB: | 01/01/1955 - 12/31/1955 | |

EXPOSURE TO
ASBESTOS PRODUCTS:

LENGTH OF JOB:
MY DUTIES AT THIS JOB SITE:
Printer Clean Up Crew

DID YOU WEAR A RESPIRATOR, MASK OR
OTHER PROTECTIVE DEVICE ON THIS JOB
TO AVOID INHALATION OF ANY DUST OR
FUMES INCLUDING ASBESTOS DUST? *No.*

WAS JOB NEW CONSTRUCTION ;
REPAIR OR BOTH

COMMENTS:

WAS JOB INDOORS? ;
OUTDOORS? ; or BOTH

EXPLAIN MATERIALS USED ON THIS JOB:

SEE ATTACHMENT 'A'
FOR PRODUCTS USED AT VARIOUS SITES

WORK HISTORY SHEET - Page 3

**REDACTED**

(pyw) 03/13/2001

NAME:
NICKNAME:          **REDACTED**
GROUP NAME:

VR GRACE PIQ 017406-0032

## Work History Sheet

EMPLOYER:        Longview News                NAMES OF COWORKERS & JOB TITLES

JOB SITE:        Longview News

CITY, STATE:     Longview,Tx

DATE OF JOB:     01/01/1960 - 12/31/1960
                 (intermittently)


EXPOSURE TO                                  DID YOU WEAR A RESPIRATOR, MASK OR
ASBESTOS PRODUCTS:                           OTHER PROTECTIVE DEVICE ON THIS JOB
                                             TO AVOID INHALATION OF ANY DUST OR
LENGTH OF JOB:                               FUMES INCLUDING ASBESTOS DUST? *No*
MY DUTIES AT THIS JOB SITE:
Printer

WAS JOB NEW CONSTRUCTION  ;                  COMMENTS:
REPAIR  ; OR BOTH

WAS JOB INDOORS?  _X_ ;
OUTDOORS? ; or BOTH


ASBESTOS MATERIALS USED ON THIS JOB:


                    SEE ATTACHMENT 'A'
            FOR PRODUCTS USED AT VARIOUS SITES

                        **REDACTED**              (pyw) 03/13/2001

NAME:  
NICKNAME:  
GROUP NAME:

**REDACTED**

MR GRACE PIQ 017406-0033

<u>Work History Sheet</u>

EMPLOYER:                                        NAMES OF COWORKERS & JOB TITLES

JOB SITE:             **REDACTED**            **REDACTED**

CITY, STATE:   Henderson,Tx

DATE OF JOB:   01/01/1962 - 12/31/1985

EXPOSURE TO                           DID YOU WEAR A RESPIRATOR, MASK OR
ASBESTOS PRODUCTS:                    OTHER PROTECTIVE DEVICE ON THIS JOB
                                      TO AVOID INHALATION OF ANY DUST OR
LENGTH OF JOB:                        FUMES INCLUDING ASBESTOS DUST?
MY DUTIES AT THIS JOB SITE:
Printer Owner

WAS JOB NEW CONSTRUCTION  ;
REPAIR  ; OR BOTH                     COMMENTS:

WAS JOB INDOORS?  __X__;
OUTDOORS? ; or BOTH

ASBESTOS MATERIALS USED ON THIS JOB:

SEE ATTACHMENT 'A'
FOR PRODUCTS USED AT VARIOUS SITES

<u>WORK HISTORY SHEET</u> - Page 5

(pyw) 03/13/2001

**REDACTED**

REDACTED

Group Name:



## ATTACHMENT A
## Product List

| ASBESTOS MATERIALS USED ON THIS JOB AND COMPANY | Worked With | Around |
|---|---|---|
| **Block Ins** | | |
| Pabco | N | Y |
| **Boilers** | | |
| Babcock & Wilcox | N | Y |
| **Contractors** | | |
| Brown & Root Inc | N | Y |
| **Felt & Cloth** | | |
| Unknown | N | Y |
| **Gaskets** | | |
| Victor | N | Y |
| **Ins Cement** | | |
| Johns-Manville | N | Y |
| Pabco | N | Y |
| **Joint Compound** | | |
| Paco Quik-Set | N | Y |
| **Pipe Covering** | | |
| Unknown | N | Y |
| **Ref Cement** | | |
| Unknown | N | Y |
| **Roof Coating** | | |
| Georgia-Pacific | N | Y |



CAUSE NO. DV99-9739-H

**REDACTED**

IN THE DISTRICT COURT

EASON; RAYMOND ALEXANDER
EDWARDS; LAMON CHARLES ESPY AND
ELLA JEAN ESPY; LEOTHUS JONES AND
LUCY RICHARD JONES; RAY L. LUNDAY
AND ELIZABETH LUNDAY; HUGH
MCSWEENEY AND REBECCA
MCSWEENEY; LEROY MORRIS AND
BETTY LOYD MORRIS; CECIL FLOYD
WALLACE AND WILLA BERRDEAN
WALLACE;

DALLAS COUNTY, T E X A S

Plaintiffs,

VS.

PITTSBURGH CORNING CORPORATION
(successor to UNARCO INDUSTRIES, INC.);
GARLOCK INC; CROWN CORK AND SEAL
COMPANY, INC. (successor to MUNDET
CORK COMPANY); METROPOLITAN LIFE
INSURANCE COMPANY; FOSTER
WHEELER ENERGY CORPORATION; W. R.
GRACE & CO.-CONN. (successor to W. R.
GRACE & COMPANY); NORTH AMERICAN
REFRACTORIES COMPANY; PROKO
INDUSTRIES, INC.; THE SYNKOLOID
COMPANY; GEORGIA-PACIFIC
CORPORATION (individually and as successor
to BESTWALL GYPSUM COMPANY); U.S.
MINERAL PRODUCTS COMPANY; THE
FLINTKOTE COMPANY; UNIROYAL
HOLDING, INC. (successor to U. S. RUBBER
COMPANY); KELLY-MOORE PAINT
COMPANY, INC.; AQUA-CHEM, INC. (d/b/a
CLEAVER-BROOKS DIVISION); RAPID-
AMERICAN CORPORATION (f/k/a GLEN
ALDEN CORPORATION) (as successor-by-
merger to GLEN ALDEN CORPORATION,
BRIGGS MANUFACTURING CO., PHILIP

160th JUDICIAL DISTRICT

PLAINTIFFS' ORIGINAL ASBESTOS PETITION, TEXAS EXPOSURE AND/OR TEXAS RESID...
U:\dallas\yarbrough\orig.PET.wpd\bjr

**EXHIBIT
"C"**


WR GRACE PIQ 017405-0036

CAREY CORPORATION AND PHILIP                    §
CAREY MANUFACTURING COMPANY);                   §
KAISER ALUMINUM & CHEMICAL                      §
CORPORATION; COMBUSTION                          §
ENGINEERING, INC.; RILEY STOKER                  §
CORPORATION; GENERAL ELECTRIC                    §
COMPANY; GAF CORPORATION (successor              §
to RUBEROID CORPORATION); U.S.                   §
GYPSUM COMPANY;  ARMSTRONG                       §
WORLD INDUSTRIES, INC. (successor to             §
ARMSTRONG CORK COMPANY);                         §
ASBESTOS CLAIMS MANAGEMENT                       §
CORPORATION (c/o NEW NATIONAL                    §
GYPSUM COMPANY , f/k/a  NATIONAL                 §
GYPSUM COMPANY); QUIGLEY                          §
COMPANY, INC.; GASKET HOLDINGS,                  §
INC., (successor to FLEXITALLIC GASKET           §
COMPANY); DANA CORPORATION;                      §
GENERAL REFRACTORIES COMPANY; J.T.               §
THORPE COMPANY; KELLOGG-BROWN &                  §
ROOT, INC. (f/k/a BROWN & ROOT, INC.             §
which was f/k/a BROWN & ROOT USA, INC.,          §
BROWN & ROOT USA DELAWARE INC. and               §
which is the successor-in-interest to BROWN &    §
ROOT USA INC.);  ACandS, INC.; FEDERAL-          §
MOGUL CORPORATION (Individually and as           §
successor-in-interest to T&N plc, f/k/a TURNER   §
& NEWELL PLC); T&N plc (f/k/a TURNER &           §
NEWELL PLC); P.P.G. INDUSTRIES, INC.             §
(successor to PITTSBURGH CORNING                 §
CORPORATION); INGERSOLL-RAND                     §
COMPANY; TRI-PLEX, INC.; CERTAINTEED             §
CORPORATION; ALLIED SIGNAL; BORG-                §
WARNER CORPORATION; FORD MOTOR                   §
COMPANY; DAIMLERCHRYSLER                          §
CORPORATION (f/k/a and as successor-in-          §
interest to CHRYSLER CORPORATION);               §
DAIMLERCHRYSLER MOTORS                            §
CORPORATION (f/k/a and as Successor-in-          §
Interest to CHRYSLER CORPORATION);               §
GENERAL MOTORS; MOOG AUTOMOTIVE,                 §
INC. (successor-in-interest to WARNER            §
ELECTRIC CORPORATION); PNEUMO                    §
ABEX CORPORATION (successor-in-interest          §

**REDACTED**

WR GRACE PIQ 017405-0037

ABEX CORPORATION and AMERICAN §
BRAKE SHOE COMPANY); ARVIN §
INDUSTRIES, INC.; THE MAREMONT §
CORPORATION (a subsidiary of ARVIN §
INDUSTRIES, INC.); §
§
Defendants. §
§

## PLAINTIFFS' ORIGINAL ASBESTOS PETITION
## TEXAS EXPOSURE AND/OR TEXAS RESIDENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, (the name and residence of each Plaintiff is shown on the attached Exhibit "A" and incorporated herein for all purposes) complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

1.      Plaintiffs reside in the State of Texas, resided in the State of Texas at the time of their exposure to asbestos fibers in Defendants' products, and/or sustained substantial exposure to asbestos fibers in Defendants products while in the State of Texas.

2.      Certain Defendants named herein reside in this County and maintain a principal office in this County.  Therefore, venue properly lies in this County.  Discovery shall be conducted under Level 3 in accordance with the 1999 Master Asbestos Case Management Order section V, part A.

3.      The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

4.      Defendant PITTSBURGH CORNING CORPORATION may be served with citation in this action by service of citation upon its corporate headquarters, Attn.: Ms. Julie Stephens, Legal Department, 800 Presque Isle Drive, Pittsburgh, PA 15239-2799.  Said

PLAINTIFFS' ORIGINAL ASBESTOS PETITION, TEXAS EXPOSURE AND/OR TEXAS RESIDENT - Page 3

**REDACTED**



WR GRACE PIQ 017405-0038

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |

REDACTED

### GENERAL OBJECTIONS TO CLAIMANT DISCOVERY QUESTIONNAIRE

_____ ("Claimant") hereby makes the following general objections to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Discovery Questionnaire"):

　　　1.　　　Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by an expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.  Without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of Fed.R.Civ.P. 26(b)(4)(B):

　　　(a)　　Claimant objects to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

　　　(b)　　Claimant objects to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

　　　(c)　　Claimant objects to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

　　　(d)　　Claimant objects to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the raw data and all spirometric tracings, on which the results are based."

　　　(e)　　Claimant objects to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

　　　(f)　　Claimant objects to Part II of the Discovery Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses."  Claimant urges this objection with regard to all "conditions" for which disclosure is requested.



WR GRACE PIQ 017406-0039

2.    Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communication between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or representative of any attorney for Claimant.  In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant.  Specifically, and without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges:

    (a)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if Claimant "retained counsel in order to receive any of the services performed by the diagnosing doctor."

    (b)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if "the diagnosing doctor was referred to you by counsel."

    (c)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel" unless Claimant's knowledge was obtained other than through communication with Claimant's legal counsel and/or his/her representative.

    (d)    These objections are urged with regard to each instance that the above questions are asked in sections 2, 3, 4, 5, 6 and 7 of Part II of the Discovery Questionnaire.

3.    Claimant further objects to Part VII of the Discovery Questionnaire to the extent that it seeks disclosure of information relating to litigation and claims regarding silica as irrelevant to the issues concerning Claimant's asbestos claim against W.R. Grace & Co. and/or its affiliated debtors.

4.    Claimant further objects to Section a.6 and b.1-7 of Part VII of the Discovery Questionnaire to the extent that it seeks disclosure of settlements reached with other defendants that are subject to binding confidentiality agreements, and further objection is made in that said information exceeds the permissible scope of discovery regarding credit and/or offset information.  Further objection is made in that the information sought is not relevant to the claims estimation process.

5.    These general objections are made in addition to, and without waiver of, any specific objections contained within the responses to the Discovery Questionnaire itself.  The covering sheet is intended to be, and is hereby, incorporated into the Discovery Questionnaire as if repeated therein verbatim in full.



WR GRACE PIQ 017406-0040

6.      By submitting this response to the Discovery Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the Unites States Bankruptcy Court for the District of Delaware, or to any other court.  Claimant reserves (i) all objections to the jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C. § 157(b)(5).


Respectfully Submitted,




**REDACTED**




Respectfully Submitted,


_____
Scott W. Wert, Esq.
TX State Bar No. 00794835
*Foster & Sear, L.L.P.*
524 E. Lamar Blvd., Suite 200
Arlington, TX 76011
PH:    (817) 633-3355
FAX:   (817) 633-5507
swert@fostersear.com

# FOSTER & SEAR, L.L.P.
## ATTORNEYS AT LAW
524 EAST LAMAR BOULEVARD, SUITE 200
ARLINGTON, TX 76011

(817)  633-3355
(800)  631-5908
(817)  633-5507 FACSIMILE

July 7, 2006

United State Bankruptcy Court
District of Delaware
Clerk of Court
824 Market Street, 3rd Floor
Wilmington, DE 19801

> **Re:** *Cause No. 01-01139 (JKF); W. R. Grace & Co., et al., Debtor; In Proceedings for a Reorganization under Chapter II*

Dear Clerk:

Enclosed for filing please find two discs containing W. R. Grace Asbestos Personal Injury Questionnaires in PDF format for each claimant named on the enclosed list.

I have also included hard-copies of the Questionnaires. Please place your file-mark stamp on each, and return them to me in the same boxes they were shipped in. I have enclosed return FedEx labels for your convenience.

Thank you for your cooperation. Please feel free to contact me at 817-633-3355 if you have any questions or concerns.

Sincerely,

FOSTER & SEAR, L.L.P.

Denise Clement,
Settlement Department



VR GRACE PIQ 017406-0042