**Exhibit H**



# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

**REDACTED**

RE:

Motley Rice LLC

P.O. Box 1792

Mount Pleasant, SC 29465

REC'D JUL 1 1 2006

*000171038050*



WR GRACE PIQ 51670-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]



WR GRACE PIQ 51670-0003

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

IF SENT BY U.S. MAIL

RUST CONSULTING, INC.
CLAIMS PROCESSING AGENT
RE: W.R. GRACE & CO. BANKRUPTCY
P.O. BOX 1620
FARIBAULT, MN 55021

IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE

RUST CONSULTING, INC.
CLAIMS PROCESSING AGENT
RE: W.R. GRACE & CO. BANKRUPTCY
201 S. LYNDALE AVE.
FARIBAULT, MN 55021

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

WR GRACE PIQ 51670-0004

## INSTRUCTIONS

**A. GENERAL**

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related personal injury or wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.

   Do **not** send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

**B. PART I -- Identity of Injured Person and Legal Counsel**

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

**C. PART II -- Asbestos-Related Condition(s)**

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

WR GRACE PIQ 51670-0005

**D. PART III – Direct Exposure to Grace Asbestos-Containing Products**

In Part III, please provide the requested information for the job and site at which you were exposed to Grace asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing product. If your exposure was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

## Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator
31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (*e.g.*, accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

## Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing
109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

WR GRACE   PIQ   61870-0008

**E. PART IV – Indirect Exposure to Grace Asbestos-Containing Products**
In Part IV, please provide the information requested for any injury alleged to have been caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person. If you allege exposure through contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F. PART V – Exposure to Non-Grace Asbestos-Containing Products**
In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products <u>other than</u> Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party. If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G. PART VI – Employment History**
In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V. Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H. PART VII – Litigation and Claims Regarding Asbestos and/or Silica**
In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I. PART VIII – Claims by Dependents or Related Persons**
Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace <u>not</u> involving physical injury to him-/herself on account of his/her own exposure. One example of such a claim would be a claim for loss of consortium. If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J. PART IX – Supporting Documentation**
In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire. As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed. Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K. PART X – Attestation that Information is True, Accurate and Complete**
By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

WR GRACE PIQ 51670-0007

REDACTED

## PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

**a. GENERAL INFORMATION**

1. Name of Claimant:

2. Gender:                                                                 Male

3. Race (for purposes of evaluating Pulmonary Function Test     Not Available
   results):

4. Last Four Digits of Social Security Number:

5. Birth Date:

6. Mailing Address:                                              **REDACTED**

7. Daytime Telephone Number:


**b. LAWYER'S NAME AND FIRM**

1. Name of Lawyer:                                  Joseph F. Rice, Esquire

2. Name of Law Firm With Which Lawyer is Affiliated:   Motley Rice LLC

3. Mailing Address of Firm:                         Post Office Box 1792
                                                    Mount Pleasant, SC 29465

4. Law Firm's Telephone Number or Lawyer's Direct Line:   843-216-9000

[X]   Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.


**c. CAUSE OF DEATH (IF APPLICABLE)**

1. Is the injured person living or deceased?              Living

   If deceased, date of death:

2. If the injured person is deceased, then attach a copy of the
   death certification to this Questionnaire and complete the
   following:

   Primary Cause of Death (as stated in the Death
   Certificate):

   Contributing Cause of Death (as stated in the Death
   Certificate):


## PART II: ASBESTOS-RELATED CONDITION(S)

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire

**1. Condition being alleged:   See attached Medical Profile and attached Medical Records**

[ ] Asbestos-Related Lung Cancer          [ ] Mesothelioma

[ ] Asbestosis                            [ ] Other Cancer (cancer not related to lung cancer or
                                              mesothelioma)

[ ] Other Asbestos Disease                [ ] Clinically Severe Asbestosis

a. **Mesothelioma:**  If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following
   (check all that apply):

   **[Objection 1]**  diagnosis from a pathologist certified by the American Board of Pathology

   **[Objection 1]**  diagnosis from a second pathologist certified by the American Board of Pathology

1

WR GRACE PIQ 61670-0008

**[Objection 1]** diagnosis and documentation supporting exposure to Grace asbestos-containing produc[t] substantial causal role in the development of the condition

[ ] other (please specify):

**b. Asbestos-Related Lung Cancer:**  If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

**[Objection 1]** findings by a pathologist certified by the American Board of Pathology

**[Objection 1]** evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** evidence of asbestosis determined by pathology

**[Objection 1]** evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

**[Objection 2]** a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

other (please specify):

**c. Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

[] colon          [] pharyngeal          [] esophageal          [] laryngeal          [] stomach cancer

[ ] other, please specify:

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

**[Objection 1]** findings by a pathologist certified by the American Board of Pathology

**[Objection 1]** evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

[ ] evidence of asbestosis determined by pathology

**[Objection 2]** a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

[ ] other (please specify):

**d. Clinically Severe Asbestosis:**  If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check all that apply):

2

WR GRACE PIQ 51670-0009

**[Objection 1]** diagnosis of a pulmonologist or internist certified by the American Board of Internal Me

**[Objection 1]** a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

[ ] asbestosis determined by pathology

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

**[Objection 2]** a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

[ ] other (please specify):

e. **Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

**[Objection 1]** diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

**[Objection 1]** a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

**[Objection 1]** a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

[ ] asbestosis determined by pathology

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

**[Objection 2]** a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

[ ] other (please specify):

f. **Other Asbestos Disease:** If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

**[Objection 1]** diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

[ ] diagnosis determined by pathology

**[Objection 1]** a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

**[Objection 1]** a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of*

3

WR GRACE PIQ 61670-0010

*Radiographs and Pneumoconioses* (2000)

[ ] a chest x-ray reading other than those described above

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's Lung *Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

[ ] a pulmonary function test other than that discussed above

**[Objection 2]** a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

[ ] a CT Scan or similar testing

[ ] a diagnosis other than those above

[ ] other (please specify):

2. **Information Regarding Diagnosis   See Attached Medical Profile and Medical Records**

**Date of Diagnosis:**

**Diagnosing Doctor's Name:**

**Diagnosing Doctor's Specialty:**                                    **[ Objection 1]**

**Diagnosing Doctor's Mailing Address:**                        **[ Objection 2]**

**Diagnosing Doctor's Daytime Telephone Number:**      **[ Objection 2]**

**With respect to your relationship to the diagnosing doctor, check all applicable boxes:**

Was the diagnosing doctor your personal physician?          **[ Objection 3]**

Was the diagnosing doctor paid for the diagnostic services that **[ Objection 3]**
he/she performed?

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services   **[ Objection 3]**
performed by the diagnosing doctor?

Was the diagnosing doctor referred to you by counsel?        **[ Objection 3]**

Are you aware of any relationship between the diagnosing      **[ Objection 3]**
doctor and your legal counsel?

*If yes, please explain:*

**Was the diagnosing doctor certified as a pulmonologist or   [ Objection 1]**
**internist by the American Board of Internal Medicine at**
**the time of the diagnosis?**

**Was the diagnosing doctor certified as a pathologist by the   [ Objection 1]**
**American Board of Pathology at the time of the diagnosis?**

**Was the diagnosing doctor provided with your complete        See Attached Medical Records**
**occupational, medical and smoking history prior to**
**diagnosis?**

**Did the diagnosing doctor perform a physical                        See Attached Medical Records**
**examination?**

**Do you currently use tobacco products?                               See Attached Medical Profile**

**Have you ever used tobacco products?                                 See Attached Medical Profile**

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

WR GRACE PIQ 51870-0011

| [ ] Cigarettes | Packs Per Day<br>(half pack = .5) | Start Year | End Year |
| [ ] Cigars | Cigars Per Day | Start Year | End Year |

[ ] If Other Tobacco Products, please specify (e.g., chewing tobacco):

| | Amount Per<br>Day | Start Year | End Year |

Have you ever been diagnosed with chronic obstructive
pulmonary disease ("COPD")?

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:* See Attached
Medical Records

3. **Information Regarding Chest X-Ray   Objection 3**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

[ ] Mobile    [ ] Job site    [ ] Union Hall    [ ] Doctor office  [ ] Hospital    [ ] Other:
laboratory

Address where chest x-ray taken:  Objection 3

4. **Information Regarding Chest X-Ray Reading   See Objection Below and Attached Medical Profile**

Date of Reading:

ILO score:

Name of Reader:

Reader's Daytime Telephone Number:            **Objection 3**

Reader's Mailing Address:              **Objection 3**

With respect to your relationship to the reader, check all applicable boxes:

Was the reader paid for the services that he/she performed    **[Objection 3]**

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services   **[Objection 3]**
performed by the reader?

Was the reader referred to you by counsel?         **[Objection 3]**

Are you aware of any relationship between the reader and your  **[Objection 3]**
legal counsel?

*If yes, please explain:*

Was the reader certified by the National Institute for     **[Objection 2]**
Occupational Safety and Health at the time of the reading?

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which
the reading was made:*

[Objection 2]

5. **Information Regarding Pulmonary Function Test:** See Objections Below and Attached Medical Profile or Medical
Records

Date of Test:

List your height in feet and inches when test given:    _____ ft _____inches

List your weight in pounds when test given:      _____lbs

Total Lung Capacity (TLC):          _____% of predicted

Forced Vital Capacity (FVC):          _____% of predicted

FEV1/FVC Ratio:            _____% of predicted



Name of Doctor Performing Test (if applicable):
Doctor's Specialty:                                              Objection 2
Name of Clinician Performing Test (if applicable):
Testing Doctor or Clinician's Mailing Address:                  Objection 2
Testing Doctor or Clinician's Daytime Telephone Number:  Objection 2
Name of Doctor Interpreting Test:
Doctor's Specialty:                                              Objection 2
Interpreting Doctor's Mailing Address:                          Objection 2
Interpreting Doctor's Daytime Telephone Number:                 Objection 2

**With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:**

If the test was performed by a doctor, was the doctor your          [Objection 3]
personal physician?

Was the testing doctor and/or clinician paid for the services      [Objection 3]
that he/she performed?

*If yes, please indicate who paid for the services performed*:      [Objection 3]

Did you retain counsel in order to receive any of the services     [Objection 3]
performed by the testing doctor or clinician?

Was the testing doctor or clinician referred to you by counsel?   [Objection 3]

Are you aware of any relationship between either the doctor or     [Objection 3]
clinician and your legal counsel?

*If yes, please explain:*

**Was the testing doctor certified as a pulmonologist or           [Objection 2]
internist by the American Board of Internal Medicine at
the time of the pulmonary function test?**

**With respect to your relationship to the doctor interpreting
the results of the pulmonary function test check all
applicable boxes:**

Was the doctor your personal physician?                            [Objection 3]

Was the doctor paid for the services that he/she performed?        [Objection 3]

*If yes, please indicate who paid for the services performed*:      [Objection 3]

Did you retain counsel in order to receive any of the services     [Objection 3]
performed by the doctor?

Was the doctor referred to you by counsel?                         [Objection 3]

Are you aware of any relationship between the doctor and your      [Objection 3]
legal counsel?

*If yes, please explain*

**Was the doctor interpreting the pulmonary function test          [Objection 2]
results certified as a pulmonologist or internist by the
American Board of Internal Medicine at the time the test
results were reviewed?**

6. **Information Regarding Pathology Reports:  See Objections Below and Attached Medical Profile or Medical Records**
   Date of Pathology Report:
   Findings:
   Name of Doctor Issuing Report:
   Doctor's Specialty:                                          [Objection 2]

WR GRACE PIQ 51670-0013

Doctor's Mailing Address:                                      [Objection 2]

Doctor's Daytime Telephone Number:                            [Objection 2]

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician?                       [Objection 3]

Was the doctor paid for the services that he/she performed?   [Objection 3]

*If yes, please indicate who paid for the services performed:*   [Objection 3]

Did you retain counsel in order to receive any of the services   [Objection 3]
performed by the doctor?

Was the doctor referred to you by counsel?                    [Objection 3]

Are you aware of any relationship between the doctor and your [Objection 3]
legal counsel?

*If yes, please explain:*                                     [Objection 3]

**Was the doctor certified as a pathologist by the American**   [Objection 2]
**Board of Pathology at the time of the diagnosis?**

7. **With respect to the condition alleged, have you received**
**medical treatment from a doctor for the condition?**

   *If yes, please complete the following:*

   **Name of Treating Doctor:**

   **Treating Doctor's Specialty:**                           Objection 2

   **Treating Doctor's Mailing Address:**                     Objection 2

   **Treating Doctor's Daytime Telephone number:**            Objection 2

   **Was the doctor paid for the services that he/she**        Objection 3
   **performed?**

   *If yes, please indicate who paid for the services performed:*   Objection 3

   **Did you retain counsel in order to receive any of the**   Objection 3
   **services performed by the doctor?**



WR GRACE PIQ 51670-0014

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products
(b) A worker who personally removed or cut Grace asbestos-containing products
(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

Site of Exposure:  See Grace Exposure Profile Attached hereto

Site Name:

Location:

Site Type:                                    [ ] Residence   [ ] Business

Site Owner:

Employer During Exposure:

Unions of which you were a member during your employment:

| Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
| Job N Description: |  |  |  |  |  |  |

**PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODU[**

WR GRACE PIQ 51870-0016

1.  Are you asserting an injury caused by exposure to Grace    [See Attached Grace Exposure Profile]
    asbestos-containing products through contact/proximity
    with another injured person?

    *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2.  Please indicate the following information regarding the other injured person:

    Name of Other Injured Person:

    Gender:

    Last Four Digits of Social Security Number:

    Birth Date:

3.  What is your Relationship to Other Injured Person:

4.  Nature of Other Injured Person's Exposure to Grace
    Asbestos-Containing Products:

5.  Dates Other Injured Person was Exposed to Grace    From:  To:
    Asbestos-Containing Products:

6.  Other Injured Person's Basis for Identification of
    Asbestos-Containing Product as Grace Product:

7.  Has the Other Injured Person filed a lawsuit related to
    his/her exposure?

    *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

    Caption:

    Case Number:

    File Date:

    Court Name:

8.  Nature of Your Own Exposure to Grace
    Asbestos-Containing Product:

9.  Dates of Your Own Exposure to Grace    From:  To:
    Asbestos-Containing Product:

10. Your Basis for Identification of Asbestos-Containing
    Product as Grace Product:



WR GRACE  PIQ  51870-0016

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

See Attached Non Grace Exposure Profile

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products

(b) A worker who personally removed or cut Non-Grace asbestos-containing products

(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

| Party Against which a Lawsuit or Claim was Filed: | | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| Site of Exposure N | Job N Description: | | | | | | |
| Site Name: | Job P Description: | | | | | | |
| Address: | | | | | | | |
| City and State: | | | | | | | |
| Site Owner: | | | | | | | |

**PART VI: EMPLOYMENT HISTORY**

WR GRACE PIQ 51670-0017

See Attached Exposure Profile

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**Occupation Code:**                                    If Code 59, specify:

**Industry Code:**                                       If Code 118, specify:

**Employer:**

**Beginning of Employment:**

**End of Employment:**

**Location:**

11

WR GRACE PIQ 51670-0018

## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA

### a. LITIGATION

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?                                    [Yes]

   *If yes, please complete the rest of this Part VII(a) for each lawsuit. For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed: See Attached Litigation Profile and Objection 4

   Caption:

   Case Number:

   File Date:

   Court Name:

3. Was Grace a defendant in the lawsuit?                ["Yes, but verification of this information can be achieved by referencing litigation documents, pleadings, and records in the Debtors' possession."]

4. Was the lawsuit dismissed against any defendant?          [Objection 4]

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

5. Has a judgment or verdict been entered?                [Objection 4]

   *If yes, please indicate verdict amount for each defendant(s):*

6. Was a settlement agreement reached in this lawsuit?

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant:             [Objection 4]

   b. Applicable defendants:                            [Objection 4]

   c. Disease or condition alleged:                     [Objection 4]

   d. Disease or condition settled (if different than disease or   [Objection 4]
      condition alleged):

7. Were you deposed in this lawsuit?

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

### b. CLAIMS

1. Have you ever asserted a claim regarding asbestos and/or    [Objection 4]
   silica, including but not limited to a claim against an
   asbestos trust (other than a formal lawsuit in court)?

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted:                        [Objection 4]

3. Person or entity against whom the claim was submitted:   [Objection 4]

4. Description of claim:                                 [Objection 4]

5. Was claim settled?                                    [Objection 4]

6. Please indicate settlement amount:                   [Objection 4]

7. Was the claim dismissed or otherwise disallowed or not   [Objection 4]
   honored?

   *If yes, provide the basis for dismissal of the claim:*

WR GRACE PIQ 51670-0019

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

Name of Dependent or Related Person:                    N/A

Gender:

Last Four Digits of Social Security Number:

Birth Date:

Financially Dependent:

Relationship to Injured          [ ] Spouse    [ ] Child       [ ] Other If other, please
Party:                                                                  specify

Mailing Address:

Daytime Telephone number:

## PART IX:  SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.  **See Attached Documents**

Copies:

[ ] Medical records and/or report containing a diagnosis        [ ] X-rays

[ ] Lung function test results                                  [ ] X-ray reports/interpretations

[ ] Lung function test interpretations                          [ ] CT scans

[ ] Pathology reports                                           [ ] CT scan reports/interpretations

[ ] Supporting documentation of exposure to Grace               [ ] Depositions from lawsuits indicated in Part VII of this
asbestos-containing products                                    Questionnaire

[ ] Supporting documentation of other asbestos exposure         [ ] Death Certification

Originals:

[ ] Medical records and/or report containing a diagnosis        [ ] Supporting documentation of other asbestos exposure

[ ] Lung function test results                                  [ ] X-rays

[ ] Lung function test interpretations                          [ ] X-ray reports/interpretations

[ ] Pathology reports                                           [ ] CT scans

[ ] Supporting documentation of exposure to Grace asbestos'     [ ] CT scan reports/interpretations
containing products

                                                                [ ] Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in
which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate
the documents for which you are seeking reimbursement and attach a receipt for such costs:

13

### PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.

**TO BE COMPLETED BY THE INJURED PERSON. Objection 5**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____

Please Print Name:_____

Date:_____

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature:

Please Print Name: Joseph F. Rice, Esquire

Date:        07/10/2006

14


WR GRACE  PIQ  51670-0021

# Per Motley Rice cover letter: "Enclosed with this packet is a CD that sets forth Product Identification evidence…".

# The information contained on this CD has been attached and can be referenced at PIQ Doc ID 51574, pages 21 to 4363.

# Motley Rice LLC Medical Profile

WR GRACE PIQ 61670-0022

## Asbestos Related Diagnosis Information

| Disease Category | Diagnosis | Primary | DX-Date | Physician | Exam Type |
|---|---|---|---|---|---|
| Non Malignant | Asbestosis | | 05/06/1997 | Gaziano, Dominic | Physical Exam |

## Radiology Information

| Type | X-Ray/CT Scan Date | Impression | Report Date | Physician | Facility |
|---|---|---|---|---|---|

## B-Reading Information

| X-Ray Date | Date of Reading | B-Reader | FQ | Completely Negative? | CXR Profusion | Pleural | B2 or Greater? | Other Symbols |
|---|---|---|---|---|---|---|---|---|
| 09/09/1996 | 09/28/1996 | Gaziano, Dominic | 1 | No | 1/1 | | | |

## PFT Information

| Type | PFT-Date | PFT-Facility | FVC% | FEV1/FVC | TLC% | DLCO% |
|---|---|---|---|---|---|---|
| Pre - Rx | 04/25/1997 | Chest Medical Services | 109.0 | 81 | 99.0 | 89.0 |
| Pre - Rx | 06/13/2005 | Ashland Medical Group | 103.0 | 81 | 109.0 | 95.0 |

## Tobacco History

**Did the individual formerly smoke? Yes**
**Is the individual currently smoking? No**
**Has the individual ever used any smokeless tobacco products? Yes**

| Type | Volume (Per Day) | Quantity | Start Year | End Year | Pack Years |
|---|---|---|---|---|---|
| Cigarettes | Packs | 1 PPD | 12/31/1967 | 12/31/1983 | |

15

114700.000

## Motley Rice LLC Asbestos Exposure Profile



WR GRACE PIQ 51670-0023

Exposee Name          **REDACTED**
Last 4 of SSN

### A.  W.R. Grace & Company Exposure

| Job Site | Start - End Date | Employer / Union | Industry | Occupation |
|---|---|---|---|---|
| Dayton Malleable Iron Company | 1969 - 1984 | Dayton Malleable Foundry / N. A. | | |

**Products:**  Zonolite High Temperature Cement - W.R. Grace & Company
Zonolite Monokote Fireproofing (MK-3) - W.R. Grace & Company

### B.  Other Asbestos Exposure

| Job Site | Start - End Date | Employer / Union | Industry | Occupation |
|---|---|---|---|---|
| Allied Chemical Corp. | 1988 - Present | Armco Inc. / N. A. | | |

1

114700.000

## Motley Rice LLC Asbestos Litigation Profile



WR GRACE PIQ 51670-0024

| Caption | Court | Civil Action Number | State Filed | Date Filed |
|---|---|---|---|---|
| Hankins et al. vs. Anchor Packing Co., et al. | Boyd County Circuit Court of Kentucky | 97-CI-00824 | KY | 08/21/1997 |

**Motley Rice LLC -- Medical Documentation Follows**


WR GRACE PIQ 51670-0025

WR GRACE PIQ 51670-0026

# D. GAZIANO, M.D.
## CHEST MEDICAL SERVICES, INC.

BOARD CERTIFIED IN
INTERNAL MEDICINE - DISEASES OF CHEST

SUITE 404
3100 MacCORKLE AVENUE, S.E.
CHARLESTON, WEST VIRGINIA 25304

TELEPHONE 304-346-1811
FAX 304-343-3086

May 6, 1997

Ness, Motley, Loadholt, Richardson & Poole
P.O. Box 365
Barnwell, SC 29812

Re:     **REDACTED**

Dear Sirs:

            was seen in my office at your request on 4/25/97 for evaluation of occupational lung disease.

**Occupational History:** This 46 year old man worked in a foundry from 1969 to 1984 making casting for automobiles. He was exposed to asbestos around ovens and pipes from ovens covered with asbestos. He tore asbestos off ovens to make repairs. From 1984 to 1988 he did body work on automobiles with exposure to silica from molds of sand at the foundry. He also did some protected sand blasting in auto finishing. Since 1988 he has worked at A. K. Steel in equipment operations with exposure to asbestos siding.

**Past Medical History:** He had varicose vein stripping in 1994. No other serious illnesses or operations. No known drug allergies. He takes no medications.

**Smoking History:** He smoked one pack of cigarettes a day for 16 years and stopped smoking in 1984.

**Review of Systems:** He has mild hearing loss on the left. He wears reading glasses. He has occasional back pain. No cough or phlegm. He gets short of breath with exertion or climbing stairs. No chest pain or heart disease. He has nocturia. The review of systems is otherwise unremarkable.

**Family History:** Father, mother, wife, one sister and two children living and well.

**Physical Examination:** Height 5'10 1/2", weight 203#, pulse 80, BP 160/85, respirations 16. Well-developed, well-nourished man in no acute distress. Pupils were round, equal, and reactive to light and accommodation. Conjunctivae pink. Canals clear. Tympanic membranes normal. Nasal septum was intact. Tongue was in the midline. Throat was negative. Neck was supple with no mass or thyroid enlargement. Lungs had rales laterally bilaterally which did not clear with cough. Heart was regular without murmur, thrill, gallop or cardiac enlargement. The abdomen was flat and soft with no mass or organ enlargement. Extremities

REDACTED



WR GRACE PIQ 61670-0027

Ness, Motley, Loadholt, Richardson & Poole
Re:
Page 2                                        **REDACTED**

revealed good pulses without edema or clubbing.

Chest X-ray:  Chest x-ray of 9/9/96 showed irregular opacities throughout both lungs.

Pulmonary Function Test:  Normal ventilatory function.  Lung volumes were normal. Diffusing capacity for carbon monoxide was normal.

It is my opinion that            has asbestosis with a minimal degree of pulmonary functional impairment.

It is my understanding that you will provide            with a copy of this report.  I would recommend that he obtain yearly chest x-rays and pulmonary function tests every two years.  If his physician should have any questions concerning this exam, please feel free to contact me.

Sincerely yours,

Dominic Gaziano, M.D.

DG/lyl

**REDACTED**



WR GRACE PIQ 51670-0028

**REDACTED**

3100 MacCORKLE AVE. S.E. SUITE 404
CHARLESTON, W.V. 25304  (304) 346-1811

HT: 70.0 in   DATE: 04/25/97
AGE: 46   SEX: M   WT: 203.0 lb   TIME: 09:30:22
OCC:

FK HX:
DIAGNOSIS:                    TEMP: 23.6      HAZARD:
PHYSICIAN: DR. GAZIANO        BP: 760         TECH: BEVERLY MARSH

|  |  |  | Pre-Drug* |  |
|---|---|---|---|---|
| Spirometry |  | Predicted | Actual | %Pred |
| FVC | (L) | 4.97 | 5.42 | 109 |
| FV1 | (L) | 3.70 | 4.38 | 118 |
| FV1/FVC | (%) | 74 | 81. | 109 |
| FV3 | (L) | 4.83 | 4.95 | 103 |
| FV3/FVC | (%) | 97 | 91 | 94 |
| FF25-75% | (L/S) | 3.73 | 4.97 | 133 |
| FFmax | (L/S) | 9.20 | 9.34 | 102 |
| FT | (SEC) |  | 12.94 |  |

|  |  |  | Pre-Drug* |  |
|---|---|---|---|---|
| Spirometry |  | Predicted | Actual | %Pred |
| FV | (L/MIN) | 137 | 140 | 103 |
| Test Length | (SEC) |  | 10.00 |  |

|  |  |  | Pre-Drug* Avg |  |
|---|---|---|---|---|
| Lung Volumes |  | Predicted | Actual | %Pred |
| FC | (L) | 7.11 | 7.01 | 99 |
| RC | (L) | 3.94 | 3.45 | 88 |
| F | (L) | 2.14 | 1.83 | 86 |
| C | (L) | 4.97 | 5.17 | 104 |
| C | (L) | 3.17 | 3.56 | 112 |
| RV | (L) | 1.81 | 1.62 | 89 |
| V/TLC | (%) | 30 | 26 | 87 |
| e Equil. | (MIN) |  | 2.75 |  |

|  |  |  | Pre-Drug* 3G |  |
|---|---|---|---|---|
| Diffusion | ml/min/mmHg | Predicted | Actual | %Pred |
| sb(adj) | ml/min/mmHg | 36.93 | 33.03 | 89 |
| A(sb) | (L) | 7.11 | 6.89 | 97 |
| /VA(adj) |  | 5.41 | 4.79 | 89 |
| D (gm/100ml) |  |  | 16.30 |  |
| DHb (%) |  |  | 2.20 |  |

CARBOXY AND HEMOGLOBIN ARE CORRECTED.



WR GRACE  PIQ  61670-0029

**REDACTED**

REDACTED




WR GRACE PIQ 51870-0030



FVC PRES



FVC PRES        (Sec)



FRC/He.  % RV ■ ERU ∥ IC


WR GRACE PIQ 61670-0031



## OLLINS CHART PAPER
WARREN E. COLLINS, INC. BRAINTREE, MA. 02184

**REDACTED**

TURED BY WARREN E. COLLINS, INC., 229 WOOD ROAD, BRAINTREE, MA.   02184   (617) 843-0610
PRINTED IN U.S.A.
REORDER CHART PAPER 022025


WR GRACE PIQ 61670-0032





WR GRACE PIQ 51670-0033

**REDACTED**

**AFFIDAVIT**
Of Significant Occupational Exposure

I, _____ , being duly sworn, depose and say:

1.  I had Significant Occupational Exposure to asbestos.  I understand the phrase "on a regular basis" as used here means every workday for a substantial part of the workday. I state that for at least five years time, out of all the years I worked, I (*write your initials indicating one or more of the following*):

    __X__  a.  personally handled raw asbestos fibers on a regular basis;

    _____ b.  personally fabricated asbestos-containing products so that in the fabrication process I was exposed on a regular basis to raw asbestos fibers;

    _____ c.  personally altered, repaired or otherwise worked with an asbestos-containing product such that I was exposed on a regular basis to asbestos fibers;

    _*DMW*_ d.  was employed in an industry and occupation such that I worked on a regular basis within ten to twenty feet of workers engaged in the activities described in (a), (b) and/or (c);

2.  The workplace exposure to asbestos I described in Paragraph 1 above *was not* simply working at a factory or other facility where pipes or other parts of the building or machinery were insulated with asbestos that was altered, repaired, or otherwise worked with *once in a while.* Either I or other workers within ten to twenty feet of me handled raw asbestos or fabricated, altered, repaired or otherwise worked with asbestos-containing products *every workday for a substantial part of the workday for a total of at least five years all together.*

3.  The workplace(s) where I had Significant Occupational Exposure to asbestos, and the jobs I performed there were (*give name of facility, city and state, and dates of the exposure; use additional paper if necessary*):

    Dayton Malleable, Amcast Iron Foundry, Ironton, Ohio
    1969 - 1984   worked as a Millwright



4.    If the only part of Paragraph 1 that I initialed was 1(d), because I did not personally work with raw asbestos or asbestos-containing products on a regular basis but worked within ten to twenty feet of workers who did, the tasks those workers performed on a regular basis were:

_Millwrights and Furnace Employers Predormed_
_This Job_

### REDACTED

Signature

State of _Ohio_

County of _Lawr_

Subscribed and sworn to this _5th_ day of _May_, 2006, before me, the undersigned, a notary public in and for the county and state written above, and as witnessed by my hand and official seal.

My commission expires the _04_ day of _May_, 20_06_

Notary Signature

HELEN Y. MCINTYRE
Notary Public, State of Ohio
My Commission Expires 5-14-06



WR GRACE PIQ 51670-0035

COMMONWEALTH OF KENTUCKY
BOYD CIRCUIT COURT
ACTION NO. 97-CI-00824

AUG 21  1 05 PM '97

| | |
|---|---|
| STEVEN E. HANKINS and<br>DONNA HANKINS, | ) |
| | ) |
| JAMES V. MAYNARD, | ) |
| | ) |
| ROBERT L. NORRIS and<br>KATHY NORRIS, | ) |
| | ) |
| RICHARD TOWNSEND and<br>SHIRLEY TOWNSEND, | ) |
| | ) |
| **REDACTED** | ) |
| | ) |
| RONALD KELLEY and<br>LISA KELLEY, | ) |
| | ) |
| CHARLES LEGG III and<br>KEITHANN LEGG, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANCHOR PACKING COMPANY; | ) |
| | ) |
| A. P. GREEN INDUSTRIES, INC.; | ) |
| | ) |
| ARMSTRONG WORLD INDUSTRIES, INC.; | ) |
| | ) |
| A. W. CHESTERTON COMPANY; | ) |
| | ) |
| FLEXITALLIC GASKET COMPANY, INC.; | ) |
| | ) |
| FLINTKOTE COMPANY; | ) |
| | ) |
| GAF CORPORATION (RUBEROID); | ) |
| | ) |
| GARLOCK, INC.; | ) |
| | ) |
| GENERAL REFRACTORIES COMPANY; | ) |
| | ) |
| GEORGIA-PACIFIC CORPORATION; | ) |
| | ) |

C O M P L A I N T

1

WR GRACE PIQ 51670-0038

HARBISON-WALKER REFRACTORIES;        )
                                     )
KAISER REFRACTORIES;                 )
                                     )
METROPOLITAN LIFE INSURANCE          )
COMPANY;                             )
                                     )
NATIONAL GYPSUM COMPANY;             )
                                     )
NORTH AMERICAN REFRACTORIES          )
COMPANY/NARCO;                       )
                                     )
OWENS-CORNING FIBERGLAS              )
CORPORATION;                         )
                                     )
PITTSBURGH-CORNING CORPORATION;      )
                                     )
RAPID-AMERICAN CORPORATION;          )
                                     )
ROSS BROTHERS CONSTRUCTION           )
COMPANY;                             )
                                     )
RUTLAND FIRE CLAY COMPANY;           )
                                     )
UNIROYAL, INC.;                      )
                                     )
UNITED STATES GYPSUM COMPANY;        )
                                     )
U. S. MINERAL PRODUCTS COMPANY;      )
                                     )
WESTINGHOUSE ELECTRIC CORPORATION;   )
                                     )
W. R. GRACE & COMPANY;               )
                                     )
                    Defendants.      )
_____)


## COMPLAINT

Come now the Plaintiffs for their Complaint and state as follows:

1.   (a)   Plaintiffs, Steven E. Hankins and Donna Hankins, reside in Lawrence County, Ohio.   Plaintiff, Steven E. Hankins, Social Security Number 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, was at all times relevant hereto employed in an industry in Boyd County, Kentucky, namely,

WR GRACE PIQ 51670-0037

REDACTED

Provost

**DOMINIC GAZIANO, M.D., F.C.C.P.**
CHEST MEDICAL SERVICES, INC.
PULMONARY DISEASES & INTERNAL MEDICINE
3100 MacCORKLE AVE., S.E.
SUITE 404
CHARLESTON, WV 25304

304-345-1811

| 1. Miner's Name (Print) | 1A. Date of X-ray | 1B. Miner's Social Security Number | 1C. Film Quality (if not Grade 1. Give Reason): |
|---|---|---|---|
| | 0 9 0 9 9 6 MO. DAY YR. | | 1 2 3 4 |

| 2D. Is Film Completely Negative? | 2A. Any Parenchymal Abnormalities Consistent with Pneumoconiosis? |
|---|---|
| YES ☐ Proceed to Section 5 NO ☒ Complete Section 2A | YES ☒ Complete 2B and 2C NO ☐ Proceed to Section 3 |

**2B. SMALL OPACITIES**

| a. SHAPE/SIZE | | b. ZONES | c. PROFUSION |
|---|---|---|---|
| PRIMARY | SECONDARY | | 0/- 0/0 0/1 |
| p | p | R | 1/0 1/1 1/2 |
| q | q | L | 2/1 2/2 2/3 |
| r | r | | 3/2 3/3 3/+ |

**2C. LARGE OPACITIES**

SIZE ☒ A 0 0    Proceed to Section 3

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**

YES ☐ Complete 3B, 3C and 3D    NO ☒ Proceed to Section 4

**3B. PLEURAL THICKENING**

| a. Diaphragm (in view) | | 3C. PLEURAL THICKENING ... Chest Wall |
|---|---|---|
| SITE  O R L | a. CIRCUMSCRIBED (plaque) | b. DIFFUSE |

**3D. PLEURAL CALCIFICATION**

| | SITE  O R    EXTENT | | O L    EXTENT |
|---|---|---|---|
| a. Diaphragm | 0 1 2 3 | a. Diaphragm | 0 1 2 3 |
| b. Wall | 0 1 2 3 | b. Wall | 0 1 2 3 |
| c. Other Sites | 0 1 2 3 | c. Other Sites | 0 1 2 3 |

Proceed to Section 4

**4A. ANY OTHER ABNORMALITIES**

YES ☐ Complete 4B and 4C    NO ☒ Proceed to Section 5

**4B. OTHER SYMBOLS (OBLIGATORY)**

ax bu ca cg cn co cp cv di ef em es fr hi ho id ih kl pi px ra rp tb od

REPORT ITEMS WHICH MAY BE OF PRESENT CLINICAL SIGNIFICANCE IN THIS SECTION    (Specify od)    Date Personal Physician notified?    MO. DAY YR.

**4C. OTHER COMMENTS**

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C?    Yes No    Proceed to Section 5

**5A. FACILITY PROVIDING ROENTGENOGRAPHIC EXAMINATION**

Film Identification

PHYSICIAN'S SIGNATURE
BOARD CERTIFIED IN PULMONARY
DISEASES AND INTERNAL MEDICINE
PNEUMOCONIOSIS "B" READER

DATE OF READING    9/25/96    (Mo. Day. Yr.)



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JFK) |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

### General Objections to Claimant Discovery Questionnaire

("Claimant") hereby makes the following general objections to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Discovery Questionnaire"):

I.      Pursuant to Federal Rule of Civil Procedures (26)(b)(4)(B), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. Additionally, discovery is ongoing and claimant reserves the right to supplement its response. Without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of Fed. R. Civ. P. 26(b)(4)(B):

(A)   Claimant objections to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

(B)   Claimant objects to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

(C)   Claimant objects to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

(D)   Claimant objects to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based."

(E)   Claimant objects to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

WR GRACE PIQ 61670-0039

(F)     Claimant objects to Part II of the Discovery Questionnaire to the extent
        that it requests disclosure of "diagnoses and diagnostic tests" by "multiple
        doctors" concerning "previous or subsequent diagnoses or diagnostic tests
        that change or conflict with the original diagnoses." Claimant urges this
        objection with regard to all "condition(s)" for which disclosure is
        requested.

II.     Claimant further objects to the Discovery Questionnaire to the extent that it seeks
disclosure of any privileged communications between Claimant, and/or a representative
of Claimant, and any attorney for Claimant, and/or a representative of any attorney for
Claimant. In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant
objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work
product of any attorney for Claimant, including but not limited to the mental impressions,
conclusions, opinions or legal theories of any attorney or other representative of
Claimant. Specifically, and without limiting the foregoing, Claimant objects to the
following provisions of the Discovery Questionnaire as violative of the attorney-client
communication and/or attorney work product privileges.

(A)     Claimant objects to Part II of the Discovery Questionnaire to the extent
        that it asks if Claimant "retain[ed] counsel in order to receive any of the
        services performed by the diagnosing doctor."

(B)     Claimant objects to Part II of the Discovery Questionnaire to the extent
        that it asks if "the diagnosing doctor was referred to you by counsel."

(C)     Claimant objects to Part II of the Discovery Questionnaire to the extent
        that it asks if Claimant is "aware of any relationship between the
        diagnosing doctor and your legal counsel" unless Claimant's knowledge
        was obtained other than through communication with Claimant's legal
        counsel and/or his/her representative.

(D)     These objections are urged with regard to each instance that the above
        questions are asked in sections 2, 3, 4, 5, 6, and 7 of Part II of the
        Discovery Questionnaire.

III.    Claimant further objects to Section a.6 of Part VII of the Discovery
Questionnaire to the extent that it seeks disclosure of settlements reached with other
defendants that are subject to binding confidentiality agreements.

IV.     These general objections are made in addition to, and without waiver of,
any specific objections contained within the response to the Discovery Questionnaire
itself. This covering sheet is intended to be, and is hereby, incorporated into the
Discovery Questionnaire as if repeated therein verbatim in full.


WR GRACE PIQ 51670-0040

V.    By submitting this response to the Discovery Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court.  Claimants reserve (i) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C § 157(b)(5).

Respectfully submitted,

Joseph F. Rice, Esquire
Motley Rice LLC
P.O. Box 1792
Mt. Pleasant, South Carolina 29465
843-216-9000
843-216-9450 fax

3



WR GRACE PIQ 51670-0041

## Key To Additional Objections

Obj. 1:  See General Objections, and furthermore, Objection, to the extent that this item is requesting information from the claimant that the claimant does not have and for which the burden of obtaining said information is the same for the debtors as it is for the claimant.  Where available it has been included and or attached.  Board Certifications of some physicians may be reflected on the attached medical records.  A list of NIOSH certified B-readers obtained by claimant's counsel from NIOSH has been attached hereto.

Obj. 2:  See General Objections, and attached medical and exposure records.

Obj. 3:  See General Objections and the request is vague and burdensome, and furthermore, unlikely to lead to the discovery of admissible evidence.  Notwithstanding that objection, see attached medical profile and records.

Obj. 4:  See General Objections.

Obj. 5:  Claimant's counsel has verified and signed this discovery response pursuant to the Federal Rules of Civil Procedure.

WR GRACE PIQ 51670-0042



MotleyRice

Joseph F. Rice
Licensed in SC
DIRECT DIAL 843.216.9159
DIRECT FAX 843.216.9290
JRice@motleyrice.com

July 10, 2006

**VIA FEDERAL EXPRESS**
Rust Consulting, Inc.
Claims Processing Agent
Re: WR Grace & Co.
201 S. Lyndale Ave.
Faribault, MN 55021

In re: W.R. Grace & Co., et al., Debtors
     Case No. 01-01139 (JFK)
     Asbestos Personal Injury Questionnaire

Dear Sir or Madam:

Enclosed with this packet is a CD that sets forth Product Identification evidence and a data DVD that contains the initial responses we have generated in PDF format on behalf of certain clients to whom this Firm is providing representation in the above-referenced bankruptcy proceeding. The within responses pertain obviously to the blank questionnaire forms that were served upon tens of thousands of individuals who had sued W.R. Grace or one of its affiliated entities in the tort system prior to April 2, 2001, for personal injury or death caused by exposure to an asbestos-containing product for which Grace or a related entity was and remains legally responsible.

First, a prefatory comment with regard to the process by which this Firm was forced to ascertain on whose behalf a questionnaire response might be required and would be submitted. Unfortunately, the face of each blank questionnaire sent to this Firm (several thousand in number) included only a potential claimant's name and a unique barcode. No other information was provided with the questionnaire that would have enabled us perhaps to identify precisely the exact client for whom it was intended. As we have indicated to you before, this Firm represents thousands of asbestos personal injury claimants, a multitude of whom share common names. We requested that you provide us with a Social Security number for each claimant whose questionnaire you sent us, but this information you refused, or were unable, to furnish. Accordingly, we are providing responses only for those clients whose identity and status as a potential Grace claimant we could confidently and prudently determine. Otherwise, to disclose in this proceeding confidential and privileged information concerning other uninvolved clients would subject this Firm to potential civil liability and disciplinary proceedings.

www.motleyrice.com

Motley Rice LLC
Attorneys at Law

| MT. PLEASANT | BARNWELL | PROVIDENCE | HARTFORD | ATLANTA |
|---|---|---|---|---|
| 28 BRIDGESIDE BLVD. | 1750 JACKSON ST. | 321 SOUTH MAIN ST. | ONE CORPORATE CENTER | 600 WEST PEACHTREE ST. |
| P.O. BOX 1792 | P.O. BOX 365 | P.O. BOX 6067 | 20 CHURCH ST. 17TH FLOOR | SUITE 800 |
| MT. PLEASANT, SC 29465 | BARNWELL, SC 29812 | PROVIDENCE, RI 02940 | HARTFORD, CT 06103 | ATLANTA, GEORGIA 30308 |
| 843-216-9000 | 803-224-8800 | 401-457-7700 | 860-882-1681 | 404-201-6900 |
| 843-216-9450 FAX | 803-259-7048 FAX | 401-457-7708 FAX | 860-882-1682 FAX | 404-201-6959 FAX |



WR GRACE PIQ 51670-0043

Secondly, consistent with the provisions of the Federal Rules of Civil Procedure that govern discovery proceedings like the one initiated by these Debtors, in our enclosed responses we have answered many of the questions or interrogatories propounded, objected to others, and where entirely appropriate have attached relevant documents meant to be responsive to the questions posed. The net effect of this manner of responding is to equalize as between the Debtors and the responding party the burden of obtaining or producing the information sought. In this vein, be advised that we have also included in this packet a pleading that sets forth with supporting citations the grounds, both general and specific, for any and all objections interposed.

Thirdly, you will observe that in responding in this fashion on behalf of the claimants whose identity we could ascertain, we have obviously converted the questionnaire to an electronic format. But we have done so without changing the order or substance of the questions posed, and have included with each separate claimant response the unique barcode assigned to the claimant. These measures are clearly permissible under the case management orders previously entered by the Court. Also, take note that for those claimants for whom we did not have a barcode, we generated a questionnaire response with a designated barcode of "UNAVAILABLE."

Finally, be advised that as counsel for the various claimants identified in the enclosed responses, we do hereby reserve the right to supplement any response or documentation provided on their behalf, notwithstanding any purported deadline that the Debtors have sought to impose. We do hereby reserve as well the right to respond after the specified due date of July 12, 2006, to any blank questionnaire that was sent to this Firm concerning a client whom we are able subsequent thereto to identify for the first time, or to a questionnaire that was, without notice to us, mailed directly to a claimant (or a third party) to whom this Firm may be authorized or obligated to provide representation herein.

Any questions concerning this letter or the within responses should be directed to the undersigned.

Sincerely,

Joseph F. Rice

JRF/rc
Enclosures

2





# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

**REDACTED**

RE:

Motley Rice LLC

P.O. Box 1792

Mount Pleasant, SC 29465

REC'D JUL 1 1 2006



*000171019096*

WR GRACE PIQ 51618-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]

WR GRACE PIQ 61618-0003

<div align="center">
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
</div>

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

| IF SENT BY U.S. MAIL | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
|---|---|
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

<div align="center">i</div>

WR GRACE PIQ 51618-0004

## INSTRUCTIONS

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related personal injury or wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will not be accepted and will not be deemed filed.

   Do not send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I -- Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

ii

WR GRACE PIQ 51818-0005

**D. PART III – Direct Exposure to Grace Asbestos-Containing Products**

In Part III, please provide the requested information for the job and site at which you were exposed to Grace asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing product. If your exposure was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

## Occupation Codes

| | |
|---|---|
| 01. Air conditioning and heating installer/maintenance | 31. Iron worker |
| 02. Asbestos miner | 32. Joiner |
| 03. Asbestos plant worker/asbestos manufacturing worker | 33. Laborer |
| 04. Asbestos removal/abatement | 34. Longshoreman |
| 05. Asbestos sprayer/spray gun mechanic | 35. Machinist/machine operator |
| 06. Assembly line/factory/plant worker | 36. Millwright/mill worker |
| 07. Auto mechanic/bodywork/brake repairman | 37. Mixer/bagger |
| 08. Boilermaker | 38. Non-asbestos miner |
| 09. Boiler repairman | 39. Non-occupational/residential |
| 10. Boiler worker/cleaner/inspector/engineer/installer | 40. Painter |
| 11. Building maintenance/building superintendent | 41. Pipefitter |
| 12. Brake manufacturer/installer | 42. Plasterer |
| 13. Brick mason/layer/hod carrier | 43. Plumber - install/repair |
| 14. Burner operator | 44. Power plant operator |
| 15. Carpenter/woodworker/cabinetmaker | 45. Professional (*e.g.*, accountant, architect, physician) |
| 16. Chipper | 46. Railroad worker/carman/brakeman/machinist/conductor |
| 17. Clerical/office worker | 47. Refinery worker |
| 18. Construction - general | 48. Remover/installer of gaskets |
| 19. Custodian/janitor in office/residential building | 49. Rigger/stevedore/seaman |
| 20. Custodian/janitor in plant/manufacturing facility | 50. Rubber/tire worker |
| 21. Electrician/inspector/worker | 51. Sandblaster |
| 22. Engineer | 52. Sheet metal worker/sheet metal mechanic |
| 23. Firefighter | 53. Shipfitter/shipwright/ship builder |
| 24. Fireman | 54. Shipyard worker (incl. repair, maintenance) |
| 25. Flooring installer/tile installer/tile mechanic | 55. Steamfitter |
| 26. Foundry worker | 56. Steelworker |
| 27. Furnace worker/repairman/installer | 57. Warehouse worker |
| 28. Glass worker | 58. Welder/blacksmith |
| 29. Heavy equipment operator (includes truck, forklift, & crane) | 59. Other |
| 30. Insulator | |

## Industry Codes

| | |
|---|---|
| 001. Asbestos abatement/removal | 109. Petrochemical |
| 002. Aerospace/aviation | 110. Railroad |
| 100. Asbestos mining | 111. Shipyard-construction/repair |
| 101. Automotive | 112. Textile |
| 102. Chemical | 113. Tire/rubber |
| 103. Construction trades | 114. U.S. Navy |
| 104. Iron/steel | 115. Utilities |
| 105. Longshore | 116. Grace asbestos manufacture or milling |
| 106. Maritime | 117. Non-Grace asbestos manufacture or milling |
| 107. Military (other than U.S. Navy) | 118. Other |
| 108. Non-asbestos products manufacturing | |

WR GRACE PIQ 51618-0008

**E.  PART IV – Indirect Exposure to Grace Asbestos-Containing Products**
In Part IV, please provide the information requested for any injury alleged to have been caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person.  If you allege exposure through contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person.  For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F.  PART V -- Exposure to Non-Grace Asbestos-Containing Products**
In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party.  If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked.  For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G.  PART VI – Employment History**
In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H.  PART VII -- Litigation and Claims Regarding Asbestos and/or Silica**
In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII --- Claims by Dependents or Related Persons**
Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss of consortium.  If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J.  PART IX -- Supporting Documentation**
In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X – Attestation that Information is True, Accurate and Complete**
By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

## PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

**a. GENERAL INFORMATION**

1. Name of Claimant:

2. Gender: Male

3. Race (for purposes of evaluating Pulmonary Function Test   Not Available
results):

4. Last Four Digits of Social Security Number:

5. Birth Date:

6. Mailing Address: **REDACTED**

7. Daytime Telephone Number:

**b. LAWYER'S NAME AND FIRM**

1. Name of Lawyer: Joseph F. Rice, Esquire

2. Name of Law Firm With Which Lawyer is Affiliated: Motley Rice LLC

3. Mailing Address of Firm: Post Office Box 1792
Mount Pleasant, SC 29465

4. Law Firm's Telephone Number or Lawyer's Direct Line:   843-216-9000

[X] Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

**c. CAUSE OF DEATH (IF APPLICABLE)**

1. Is the injured person living or deceased? Deceased

If deceased, date of death: 11/01/1990

2. If the injured person is deceased, then attach a copy of the
death certification to this Questionnaire and complete the
following:

Primary Cause of Death (as stated in the Death
Certificate):

Contributing Cause of Death (as stated in the Death    See Attached Death Certificate (If Available)
Certificate):

## PART II: ASBESTOS-RELATED CONDITION(S)

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire

**1. Condition being alleged: See attached Medical Profile and attached Medical Records**

[ ] Asbestos-Related Lung Cancer      [ ] Mesothelioma

[ ] Asbestosis      [ ] Other Cancer (cancer not related to lung cancer or
mesothelioma)

[ ] Other Asbestos Disease      [ ] Clinically Severe Asbestosis

a. **Mesothelioma:** If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following
(check all that apply):

**[Objection 1]** diagnosis from a pathologist certified by the American Board of Pathology

**[Objection 1]** diagnosis from a second pathologist certified by the American Board of Pathology

1

**[Objection 1]** diagnosis and documentation supporting exposure to Grace asbestos-containing prod substantial causal role in the development of the condition

WR GRACE PIQ 61818-0008

[ ] other (please specify):

b. **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

**[Objection 1]** findings by a pathologist certified by the American Board of Pathology

**[Objection 1]** evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** evidence of asbestosis determined by pathology

**[Objection 1]** evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

**[Objection 2]** a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

other (please specify):

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

[ ] colon        [ ] pharyngeal        [ ] esophageal        [ ] laryngeal        [ ] stomach cancer

[ ] other, please specify:

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

**[Objection 1]** findings by a pathologist certified by the American Board of Pathology

**[Objection 1]** evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

**[Objection 1]** evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

[ ] evidence of asbestosis determined by pathology

**[Objection 2]** a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

[ ] other (please specify):

d. **Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check all that apply):

2

[Objection 1] diagnosis of a pulmonologist or internist certified by the American Board of Internal

[Objection 1] a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in complia[nce] set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

[Objection 1] a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

[ ] asbestosis determined by pathology

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

[Objection 2] a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

[ ] other (please specify):

**e. Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

[Objection 1] diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

[Objection 1] a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

[Objection 1] a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

[ ] asbestosis determined by pathology

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

[Objection 2] a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

[ ] other (please specify):

**f. Other Asbestos Disease:** If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

[Objection 1] diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

[ ] diagnosis determined by pathology

[Objection 1] a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

[Objection 1] a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's 2000 *International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of*

WR GRACE PIQ 51618-0010

*Radiographs and Pneumoconioses* (2000)

[ ] a chest x-ray reading other than those described above

[ ] a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's Lung *Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

[ ] a pulmonary function test other than that discussed above

**[Objection 2]** a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

[ ] a CT Scan or similar testing

[ ] a diagnosis other than those above

[ ] other (please specify):

2. **Information Regarding Diagnosis    See Attached Medical Profile and Medical Records**

**Date of Diagnosis:**

**Diagnosing Doctor's Name:**

**Diagnosing Doctor's Specialty:**                          [ Objection 1]

**Diagnosing Doctor's Mailing Address:**                  [ Objection 2]

**Diagnosing Doctor's Daytime Telephone Number:**    [ Objection 2]

**With respect to your relationship to the diagnosing doctor, check all applicable boxes:**

Was the diagnosing doctor your personal physician?          [ Objection 3]

Was the diagnosing doctor paid for the diagnostic services that [ Objection 3]
he/she performed?

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services    [ Objection 3]
performed by the diagnosing doctor?

Was the diagnosing doctor referred to you by counsel?          [ Objection 3]

Are you aware of any relationship between the diagnosing          [ Objection 3]
doctor and your legal counsel?

*If yes, please explain:*

**Was the diagnosing doctor certified as a pulmonologist or**    [ Objection 1]
**internist by the American Board of Internal Medicine at**
**the time of the diagnosis?**

**Was the diagnosing doctor certified as a pathologist by the**    [ Objection 1]
**American Board of Pathology at the time of the diagnosis?**

**Was the diagnosing doctor provided with your complete**    See Attached Medical Records
**occupational, medical and smoking history prior to**
**diagnosis?**

**Did the diagnosing doctor perform a physical**          See Attached Medical Records
**examination?**

**Do you currently use tobacco products?**                See Attached Medical Profile

**Have you ever used tobacco products?**                  See Attached Medical Profile

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

WR GRACE PIQ 51618-0011

| | | | |
|---|---|---|---|
| [ ] Cigarettes | Packs Per Day (half pack = .5) | Start Year | End Year |
| [ ] Cigars | Cigars Per Day | Start Year | End Year |

[ ] If Other Tobacco Products, please specify (e.g., chewing tobacco):

| | | | |
|---|---|---|---|
| | Amount Per Day | Start Year | End Year |

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")?

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:* See Attached Medical Records

3. **Information Regarding Chest X-Ray   Objection 3**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

[ ] Mobile laboratory    [ ] Job site    [ ] Union Hall    [ ] Doctor office    [ ] Hospital    [ ] Other:

Address where chest x-ray taken: **Objection 3**

4. **Information Regarding Chest X-Ray Reading    See Objection Below and Attached Medical Profile**

Date of Reading:

ILO score:

Name of Reader:

Reader's Daytime Telephone Number:          **Objection 3**

Reader's Mailing Address:          **Objection 3**

With respect to your relationship to the reader, check all applicable boxes:

Was the reader paid for the services that he/she performed          [Objection 3]

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services          [Objection 3]
performed by the reader?

Was the reader referred to you by counsel?          [Objection 3]

Are you aware of any relationship between the reader and your [Objection 3]
legal counsel?

*If yes, please explain:*

Was the reader certified by the National Institute for          [Objection 2]
Occupational Safety and Health at the time of the reading?

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:*

[Objection 2]

5. **Information Regarding Pulmonary Function Test: See Objections Below and Attached Medical Profile or Medical Records**

Date of Test:

List your height in feet and inches when test given:          _____ ft _____inches

List your weight in pounds when test given:          _____lbs

Total Lung Capacity (TLC):          _____% of predicted

Forced Vital Capacity (FVC):          _____% of predicted

FEV1/FVC Ratio:          _____% of predicted

WR GRACE PIQ 61618-0012

Name of Doctor Performing Test (if applicable):
Doctor's Specialty:                                              Objection 2
Name of Clinician Performing Test (if applicable):
Testing Doctor or Clinician's Mailing Address:                  Objection 2
Testing Doctor or Clinician's Daytime Telephone Number:  Objection 2
Name of Doctor Interpreting Test:
Doctor's Specialty:                                             Objection 2
Interpreting Doctor's Mailing Address:                         Objection 2
Interpreting Doctor's Daytime Telephone Number:               Objection 2

**With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:**

| | |
|---|---|
| If the test was performed by a doctor, was the doctor your personal physician? | [Objection 3] |
| Was the testing doctor and/or clinician paid for the services that he/she performed? | [Objection 3] |
| *If yes, please indicate who paid for the services performed:* | [Objection 3] |
| Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? | [Objection 3] |
| Was the testing doctor or clinician referred to you by counsel? | [Objection 3] |
| Are you aware of any relationship between either the doctor or clinician and your legal counsel? | [Objection 3] |

*If yes, please explain:*

**Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test?**                          [Objection 2]

**With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:**

| | |
|---|---|
| Was the doctor your personal physician? | [Objection 3] |
| Was the doctor paid for the services that he/she performed? | [Objection 3] |
| *If yes, please indicate who paid for the services performed:* | [Objection 3] |
| Did you retain counsel in order to receive any of the services performed by the doctor? | [Objection 3] |
| Was the doctor referred to you by counsel? | [Objection 3] |
| Are you aware of any relationship between the doctor and your legal counsel? | [Objection 3] |

*If yes, please explain*

**Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?**                          [Objection 2]

**6. Information Regarding Pathology Reports: See Objections Below and Attached Medical Profile or Medical Records**
Date of Pathology Report:
Findings:
Name of Doctor Issuing Report:
Doctor's Specialty:                                             [Objection 2]

Doctor's Mailing Address:                                    [Objection 2]

Doctor's Daytime Telephone Number:                           [Objection 2]

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician?                      [Objection 3]

Was the doctor paid for the services that he/she performed?  [Objection 3]

*If yes, please indicate who paid for the services performed:*  [Objection 3]

Did you retain counsel in order to receive any of the services   [Objection 3]
performed by the doctor?

Was the doctor referred to you by counsel?                   [Objection 3]

Are you aware of any relationship between the doctor and your [Objection 3]
legal counsel?

*If yes, please explain:*                                    [Objection 3]

Was the doctor certified as a pathologist by the American    [Objection 2]
Board of Pathology at the time of the diagnosis?

7. With respect to the condition alleged, have you received
   medical treatment from a doctor for the condition?

   *If yes, please complete the following:*

   Name of Treating Doctor:

   Treating Doctor's Specialty:                              Objection 2

   Treating Doctor's Mailing Address:                        Objection 2

   Treating Doctor's Daytime Telephone number:               Objection 2

   Was the doctor paid for the services that he/she          Objection 3
   performed?

   *If yes, please indicate who paid for the services performed:*  Objection 3

   Did you retain counsel in order to receive any of the     Objection 3
   services performed by the doctor?

7


WR GRACE PIQ 51618-0014

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products

(b) A worker who personally removed or cut Grace asbestos-containing products

(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

Site of Exposure:   See Grace Exposure Profile Attached hereto

Site Name:

Location:

Site Type:                    [ ] Residence    [ ] Business

Site Owner:

Employer: During Exposure:

Unions of which you were a member during your employment:

| Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

Job N Description:



WR GRACE PIQ 51818-0016

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODU(

1.  Are you asserting an injury caused by exposure to Grace     [See Attached Grace Exposure Profile]
    asbestos-containing products through contact/proximity
    with another injured person?

    *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2.  Please indicate the following information regarding the other injured person:

    Name of Other Injured Person:

    Gender:

    Last Four Digits of Social Security Number:

    Birth Date:

3.  What is your Relationship to Other Injured Person:

4.  Nature of Other Injured Person's Exposure to Grace
    Asbestos-Containing Products:

5.  Dates Other Injured Person was Exposed to Grace     From:  To:
    Asbestos-Containing Products:

6.  Other Injured Person's Basis for Identification of
    Asbestos-Containing Product as Grace Product:

7.  Has the Other Injured Person filed a lawsuit related to
    his/her exposure?

    *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

    Caption:

    Case Number:

    File Date:

    Court Name:

8.  Nature of Your Own Exposure to Grace
    Asbestos-Containing Product:

9.  Dates of Your Own Exposure to Grace     From:  To:
    Asbestos-Containing Product:

10. Your Basis for Identification of Asbestos-Containing
    Product as Grace Product:

9

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

See Attached Non Grace Exposure Profile

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products

(b) A worker who personally removed or cut Non-Grace asbestos-containing products

(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

| Party Against which Lawsuit or Claim was Filed: | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| Site of Exposure N | Job N Description: | | | | | |
| Site Name: | Job P Description: | | | | | |
| Address: | | | | | | |
| City and State: | | | | | | |
| Site Owner: | | | | | | |



WR GRACE PIQ  61618-0016

## PART VI: EMPLOYMENT HISTORY

WR GRACE PIQ 51618-0017

**See Attached Exposure Profile**

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**Occupation Code:**                                      If Code 59, specify:

**Industry Code:**                                         If Code 118, specify:

**Employer:**

**Beginning of Employment:**

**End of Employment:**

**Location:**

11

PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SI

WR GRACE  PIQ  61618-0018

**a. LITIGATION**

1. Have you ever been a plaintiff in a lawsuit regarding       [Yes]
   asbestos or silica?

   *If yes, please complete the rest of this Part VII(a) for each lawsuit.  For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:  See Attached Litigation Profile and Objection 4

   Caption:

   Case Number:

   File Date:

   Court Name:

3. Was Grace a defendant in the lawsuit?       ["Yes, but verification of this information can be achieved by referencing litigation documents, pleadings, and records in the Debtors' possession."]

4. Was the lawsuit dismissed against any defendant?       [Objection 4]

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

5. Has a judgment or verdict been entered?       [Objection 4]

   *If yes, please indicate verdict amount for each defendant(s):*

6. Was a settlement agreement reached in this lawsuit?

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

     a. Settlement amount for each defendant:       [Objection 4]

     b. Applicable defendants:       [Objection 4]

     c. Disease or condition alleged:       [Objection 4]

     d. Disease or condition settled (if different than disease or       [Objection 4]
       condition alleged):

7. Were you deposed in this lawsuit?

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

**b. CLAIMS**

1. Have you ever asserted a claim regarding asbestos and/or       [Objection 4]
   silica, including but not limited to a claim against an
   asbestos trust (other than a formal lawsuit in court)?

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted:       [Objection 4]

3. Person or entity against whom the claim was submitted:       [Objection 4]

4. Description of claim:       [Objection 4]

5. Was claim settled?       [Objection 4]

6. Please indicate settlement amount:       [Objection 4]

7. Was the claim dismissed or otherwise disallowed or not       [Objection 4]
   honored?

   *If yes, provide the basis for dismissal of the claim:*

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

WR GRACE PIQ 51618-0019

Name of Dependent or Related Person:                    N/A

Gender:

Last Four Digits of Social Security Number:

Birth Date:

Financially Dependent:

**Relationship to Injured Party:**          [ ] Spouse    [ ] Child    [ ] Other If other, please specify

Mailing Address:

Daytime Telephone number:


## PART IX:  SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.  **See Attached Documents**

**Copies:**

[ ] Medical records and/or report containing a diagnosis

[ ] Lung function test results

[ ] Lung function test interpretations

[ ] Pathology reports

[ ] Supporting documentation of exposure to Grace asbestos-containing products

[ ] Supporting documentation of other asbestos exposure

[ ] X-rays

[ ] X-ray reports/interpretations

[ ] CT scans

[ ] CT scan reports/interpretations

[ ] Depositions from lawsuits indicated in Part VII of this Questionnaire

[ ] Death Certification

**Originals:**

[ ] Medical records and/or report containing a diagnosis

[ ] Lung function test results

[ ] Lung function test interpretations

[ ] Pathology reports

[ ] Supporting documentation of exposure to Grace asbestos' containing products

[ ] Supporting documentation of other asbestos exposure

[ ] X-rays

[ ] X-ray reports/interpretations

[ ] CT scans

[ ] CT scan reports/interpretations

[ ] Death Certification


Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

WR GRACE PIQ 51618-0020

### PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.

**TO BE COMPLETED BY THE INJURED PERSON. Objection 5**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____    _____

Please Print Name:_____

Date:_____

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature:

Please Print Name:  Joseph F. Rice, Esquire

Date:  07/10/2006

14



WR GRACE  PIQ  51818-0021

# Per Motley Rice cover letter: "Enclosed with this packet is a CD that sets forth Product Identification evidence…".

# The information contained on this CD has been attached and can be referenced at PIQ Doc ID 51574, pages 21 to 4363.

009110.000

## Motley Rice LLC Asbestos Exposure Profile



WR GRACE PIQ 51618-0022

**Exposee Name**          **REDACTED**

**Last 4 of SSN**

### A. W.R. Grace & Company Exposure

| Job Site | Start - End Date | Employer / Union | Industry | Occupation |
|---|---|---|---|---|

### B. Other Asbestos Exposure

| Job Site | Start - End Date | Employer / Union | Industry | Occupation |
|---|---|---|---|---|
| | 01/00/1950 - 01/00/1986 | Asbestos Workers Local Union #48 / N. A. | | 26 Insulator |
| Habersham County Schools | 01/00/1951 - 01/00/1954 | N. A. / N. A. | School | 26 Insulator |
| Franklin County Schools | 01/00/1953 - 01/00/1956 | N. A. / N. A. | School | 26 Insulator |
| Hart County Schools | 01/00/1953 - 01/00/1956 | N. A. / N. A. | School | 26 Insulator |
| Piedmont Hospital | 01/00/1956 - 01/00/1960 | North Brothers / N. A. | Hospital | 26 Insulator |
| Atlanta Gas Light Company | 01/00/1958 - 01/00/1959 | N. A. / N. A. | Public Utility | 26 Insulator |
| Fort Benning Hospital | 01/00/1959 - 01/00/1960 | North Brothers / N. A. | Hospital | 26 Insulator |
| Chamblee Telephone Company | 01/00/1959 - 01/00/1960 | Mundet Cork Company / N. A. | | 26 Insulator |
| Florida State University | 01/00/1960 - 01/00/1961 | Industry Insulation Co. / N. A. | School | 26 Insulator |
| Various Sites | 01/00/1960 - 01/00/1969 | N. A. / N. A. | Construction | 26 Insulator |
| Florida State College (Forestry Building) | 01/00/1961 - 01/00/1962 | Industry Insulation Co. / N. A. | College | 26 Insulator |

009110.000

## Motley Rice LLC Asbestos Litigation Profile



WR GRACE PIQ 51618-0023

| Caption | Court | Civil Action Number | State Filed | Date Filed |
|---------|-------|---------------------|-------------|------------|
| | Habersham County Magistrate Court, Georgia | 89-5238(3) | GA | 06/30/1989 |

# Motley Rice LLC Medical Profile



## Asbestos Related Diagnosis Information

| Disease Category | Diagnosis | Primary | DX-Date | Physician | Exam Type |
|---|---|---|---|---|---|
| Lung Cancer | Lung Cancer | Undetermined | 04/06/1987 | Turk, L. Newton | Pathology Report |
| Non Malignant | Asbestosis | N/A (Applies to Non-Mal Only) | 06/12/1987 | Turk, L. Newton | |
| Lung Cancer | Lung Cancer | | 02/14/1988 | Tate, Charles F. | |
| Non Malignant | Asbestosis | N/A (Applies to Non-Mal Only) | 04/17/1988 | Tate, Charles F. | |

## Radiology Information

| Type | X-Ray/CT Scan Date | Impression | Report Date | Physician | Facility |
|---|---|---|---|---|---|

## B-Reading Information

| X-Ray Date | Date of Reading | B-Reader | FQ | Completely Negative? | CXR Profusion | Pleural | B2 or Greater? | Other Symbols |
|---|---|---|---|---|---|---|---|---|
| 03/13/1987 | 01/25/1988 | Silbiger, Martin | 1 | No | 1/1 | Bilateral | Yes | |

## PFT Information

| Type | PFT-Date | PFT-Facility | FVC% | FEV1/FVC | TLC% | DLCO% |
|---|---|---|---|---|---|---|

## Tobacco History

Did the individual formerly smoke? Yes
Is the individual currently smoking?
Has the individual ever used any smokeless tobacco products? Yes

| Type | Volume (Per Day) | Quantity | Start Year | End Year | Pack Years |
|---|---|---|---|---|---|
| Cigarettes | Packs | 3 PPD | 12/31/1937 | 12/31/1980 | |

**Motley Rice LLC -- Medical Documentation Follows**

WR GRACE PIQ 51618-0025



WR GRACE PIQ 51618-0028

**REDACTED**

PIEDMONT HOS. 'AL
ATLANTA, GEORGIA

SURGEON:
L Newton Turk III    DATE    04/06/8?

CLINICAL DX:
RT LUNG NODULE/PNEUMONIA

OPERATIVE DX:

PREVIOUS OPERATION

ANATOMIC
SOURCE OF
SPECIMEN
1)PLEURA - STUDY FOR ASBESTOS
2)WEDGE OF RLL - CULTURES IF NEC
CHECK MARGIN WHERE STITCH IS

FROZEN SECTION

PHYSICIAN'S COPY

634

M.D. VONMAN, M.D.
DIRECTOR OF LABORATO?

HOSP #:        585357

DOB:

L Newton Turk III MD

Age:  65      Sex:

ACCESSION NO: SOA187

387-3120   04/06/87

---

## SURGICAL PATHOLOGY REPORT

GROSS DESCRIPTION

1) THE SPECIMEN LABELED PLEURA, STUDY FOR ASBESTOS, CONSISTS OF AN IRREGULARLY-SHAPED FRAGMENT OF THICKENED PLEURA MEASURING 6 X 3.5 X .5 CM. THE CONSISTENCY IS LEATHERY AND THE COLOR IS YELLOWISH-GREY.  REPRESENTATIVE SECTIONS ARE SUBMITTED. (6)

2) THE SPECIMEN LABELED WEDGE OF RIGHT LOWER LOBE CONSISTS OF A WEDGE FRAGMENT OF LUNG WEIGHING 13 GM AND MEASURING 6 X 4.5 X 2 CM.  SECTIONING REVEALS A POORLY CIRCUMSCRIBED TUMOR MASS WHICH MEASURES 2 X 1.5 X 1 CM. ONE AREA MARKED WITH SUTURE IS NOTED TO BE THE CLOSEST EXCISIONAL MARGIN.  ON FROZEN SECTION, THE TUMOR HAS BEEN REPORTED AS BRONCHOALVEOLAR CARCINOMA AND FROZEN SECTION OF THE EXCISIONAL MARGIN HAS BEEN REPORTED AS POSITIVE FOR TUMOR. REPRESENTATIVE SECTIONS ARE SUBMITTED. (4)

3) THE SPECIMEN LABELED WEDGE SECTION, RIGHT UPPER LOBE OF LUNG, CONSISTS OF A WEDGE FRAGMENT OF LUNG WEIGHING 16 GM AND MEASURING 6 X 4.5 X 1.5 CM. SECTIONING REVEALS A POORLY CIRCUMSCRIBED TUMOR MASS WHICH MEASURES 1.5 X 1 X 1 CM.  ONE AREA ON THE SURFACE OF THE SPECIMEN HAS BEEN MARKED WITH SUTURE WHICH ON FROZEN SECTION HAS BEEN REPORTED AS EXCISIONAL MARGIN POSITIVE FOR TUMOR.  THE FROZEN SETION OF THE MAIN TUMOR HAS BEEN REPORTED AS BRONCHOALVEOLAR CARCINOMA.  REPRESENTATIVE SECTIONS ARE SUBMITTED. (3)

4) THE SPECIMEN LABELED MARGIN, RIGHT LOWER LOBE OF LUNG, CONSISTS OF A STRIP OF LUNG TISSUE MEASURING 6.5 X 1 X .3 CM.  FROZEN SECTION OF THIS SPECIMEN HAS BEEN REPORTED NEGATIVE FOR MALIGNANCY.

5) THE SPECIMEN LABELED MARGIN, RIGHT UPPER LOBE, CONSISTS OF A FRAGMENT OF LUNG TISSUE MEASURING 6 X 1.5 X 1 CM.  FROZEN SECTION OF THIS SPECIMEN HAS BEEN REPORTED NEGATIVE FOR MALIGNANCY.  REPRESENTATIVE SECTIONS ARE SUBMITTED. (3)

MDV/DBS

CONTINUED

| DATE | PATHOLOGIST | DATE | REVIEWED BY | 001329 |
|------|-------------|------|-------------|--------|


WR GRACE PIQ 51818-0027

REDACTED

T HOS AL
GEORGIA

L. Newton Turk III M    04/06/8

H.D. VOHMAN, M.D.
DIRECTOR OF LABORATOR

Harrison,

HOSP 2<VISIT NO>-MR2<MED RECORD>

DOB:

L Newton Turk III MD

OPERATIVE DXI

PREVIOUS OPERATION

ANATOMIC
SOURCE OF
SPECIMEN

Age:          Sex:

FROZEN SECTION         O.R. ROOM NO.

S0T5128  04/06/07

PHYSICIAN'S COPY

SURGICAL PATHOLOGY REPORT

GROSS DESCRIPTION
PAGE 2

MICROSCOPIC DIAGNOSIS

1.  SEGMENT OF PLEURA SHOWING EXTENSIVE FIBROSIS AND HYALINIZATION

2.  MODERATELY DIFFERENTIATED BRONCOALVEOLAR CARCINOMA, WEDGE RIGHT LOWER LOBE
    EXTENDING BEYOND THE EXCISIONAL MARGIN

3.  MODERATELY DIFFERENTIATED BRONCHOALVEOLAR CARCINOMA, WEDGE RIGHT UPPER
    LOBE EXTENDING BEYOND THE EXCISIONAL MARGIN

4,5.  MARGINS OF RIGHT LOWER AND UPPER LOBES OF LUNG, NEGATIVE FOR MALIGNANCY

COMMENT:

THE LUNG TISSUE SURROUNDING THE TUMORS REVEAL AN EXTENSIVE DEGREE OF FIBROSIS
AND MODERATE EMPHYSEMA.  EIGHT BLOCKS OF TISSUE SPECIMEN HAVE BEEN UTILIZED
FOR IRON STAINS, INCLUDING THE SECTIONS OF PLEURA REVEALING SCATTERED ASBESTOS
FIBERS WITHIN THE PLEURA AS WELL AS THE LUNG TISSUE.

HDV/DMF

4-8-87          M Darius Vohman/MD
DATE            PATHOLOGIST                    DATE              REVIEWED BY    007528



WR GRACE PIQ 61618-0028

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REDACTED

|                                                        |   |                              |
| ------------------------------------------------------ | - | ---------------------------- |
|                                                        | ) |                              |
| PLAINTIFFS,                                            | ) |                              |
|                                                        | ) |                              |
| vs.                                                    | ) | CIVIL ACTION NO.:            |
|                                                        | ) |                              |
| THE CELOTEX CORPORATION,                               | ) | Plaintiffs demand a          |
| Successor in Interest to                               | ) |    jury trial                |
| Philip Carey Manufacturing                             | ) |                              |
| Co., Philip Carey Corp.,                               | ) |                              |
| Briggs Manufacturing Co., and                          | ) |                              |
| Panacon Corp.,                                         | ) |                              |
| A Delaware Corporation;                                | ) |                              |
|                                                        | ) |                              |
| OWENS-CORNING FIBERGLASS CORP.,                        | ) |                              |
| A Delaware Corporation;                                | ) |                              |
|                                                        | ) |                              |
| FIBREBOARD CORPORATION,                                | ) |                              |
| A Delaware Corporation;                                | ) |                              |
|                                                        | ) |                              |
| GAF CORPORATION,                                       | ) |                              |
| A Delaware Corporation,                                | ) |                              |
|                                                        | ) |                              |
| ARMSTRONG WORLD INDUSTRIES,                            | ) |                              |
| INC., A Pennsylvania Corporation;                      | ) |                              |
|                                                        | ) |                              |
| RAYMARK INDUSTRIES, INC.,                              | ) |                              |
| Successor In Interest to Raybestos-                    | ) |                              |
| Manhattan, Inc.,                                       | ) |                              |
| A Connecticut Corporation;                             | ) |                              |
|                                                        | ) |                              |
| EAGLE-PICHER INDUSTRIES, INC.,                         | ) |                              |
| An Ohio Corporation;                                   | ) |                              |
|                                                        | ) |                              |
| KEENE CORPORATION,                                     | ) |                              |
| A New Jersey Corporation;                              | ) |                              |
|                                                        | ) |                              |
| PITTSBURGH-CORNING CORPORATION,                        | ) |                              |
| A Pennsylvania Corporation;                            | ) |                              |
|                                                        | ) |                              |
| GARLOCK, INC.,                                         | ) |                              |
| A New York Corporation,                                | ) |                              |
|                                                        | ) |                              |
| AC&S, INC.,                                            | ) |                              |
| A Pennsylvania Corporation,                            | ) |                              |
|                                                        | ) |                              |
| U.S. MINERAL PRODUCTS CO.,                             | ) |                              |
| A New Jersey Corporation;                              | ) |                              |
|                                                        | ) |                              |



WR GRACE PIQ 61618-0029

NATIONAL GYPSUM COMPANY,      )
A Delaware Corporation;,      )
                             )
UNITED STATES GYPSUM COMPANY, )
A Delaware Corporation;      )
                             )
OWENS-ILLINOIS, INC.,        )
An Ohio Corporation,         )
                             )
CAREY-CANADA, INC. (Carey Canadian )
Mines, Ltd.),                )
A Foreign Corporation,       )
                             )
COMBUSTION ENGINEERING, INC., )
A Delaware Corporation,      )
                             )
H.K. PORTER COMPANY, INC.    )
individually and as successor to )
Southern Textile Corporation and )
Southern Asbestos Company,   )
A Pennsylvania Corporation,  )
                             )
            DEFENDANTS.      )

**REDACTED**

<div style="transform: rotate(90deg)">REDACTED</div>

## COMPLAINT

NOW COME the Plaintiffs,                    and LOIS

, citizens and residents of the State of Georgia, and

sue the Defendants and allege as follows:

### JURISDICTION

I.

Jurisdiction is founded on diversity of citizenship and

the matter in controversy exceeds, exclusive of interest and

costs the sum of Ten Thousand ($10,000.00) Dollars.  That as is

evidenced by the caption of the instant Complaint which is

specifically incorporated herein, the Defendants are foreign

corporations who are amenable to the jurisdiction of the Courts

of Georgia or who are subject to the jurisdiction of the Courts

2



WR GRACE PIQ 51618-0030

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**REDACTED**

|  |  |
|---|---|
| PLAINTIFFS, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CELOTEX CORPORATION, | ) |
| Successor in Interest to | ) |
| Philip Carey Manufacturing | ) |
| Co., Philip Carey Corp., | ) |
| Briggs Manufacturing Co., and | ) |
| Panacon Corp., | ) |
| A Delaware Corporation; | ) |
| | ) |
| OWENS-CORNING FIBERGLASS CORP., | ) |
| A Delaware Corporation; | ) |
| | ) |
| FIBREBOARD CORPORATION, | ) |
| A Delaware Corporation; | ) |
| | ) |
| GAF CORPORATION, | ) |
| A Delaware Corporation, | ) |
| | ) |
| ARMSTRONG WORLD INDUSTRIES, | ) |
| INC., A Pennsylvania Corporation; | ) |
| | ) |
| RAYMARK INDUSTRIES, INC., | ) |
| Successor In Interest to Raybestos- | ) |
| Manhattan, Inc., | ) |
| A Connecticut Corporation; | ) |
| | ) |
| EAGLE-PICHER INDUSTRIES, INC., | ) |
| An Ohio Corporation; | ) |
| | ) |
| KEENE CORPORATION, | ) |
| A New Jersey Corporation; | ) |
| | ) |
| PITTSBURGH-CORNING CORPORATION, | ) |
| A Pennsylvania Corporation; | ) |
| | ) |
| GARLOCK, INC., | ) |
| A New York Corporation, | ) |
| | ) |
| AC&S, INC., | ) |
| A Pennsylvania Corporation, | ) |
| | ) |
| U.S. MINERAL PRODUCTS CO., | ) |
| A New Jersey Corporation; | ) |

CIVIL ACTION NO.: _____

Plaintiffs demand a
jury trial

WR GRACE PIQ 61618-0031

NATIONAL GYPSUM COMPANY,          )
A Delaware Corporation;,           )
                                   )
UNITED STATES GYPSUM COMPANY,      )
A Delaware Corporation;            )
                                   )
OWENS-ILLINOIS, INC.,              )
An Ohio Corporation,               )
                                   )
CAREY-CANADA, INC. (Carey Canadian )
Mines, Ltd.),                      )
A Foreign Corporation,             )
                                   )
COMBUSTION ENGINEERING, INC.,      )
A Delaware Corporation,            )
                                   )
H.K. PORTER COMPANY, INC.          )
individually and as successor to   )
Southern Textile Corporation and   )
Southern Asbestos Company,         )
A Pennsylvania Corporation,        )
                                   )
            DEFENDANTS.            )

COMPLAINT

    NOW COME the Plaintiffs,                      and

        , citizens and residents of the State of Georgia, and

sue the Defendants and allege as follows:

JURISDICTION

I.

    Jurisdiction is founded on diversity of citizenship and

the matter in controversy exceeds, exclusive of interest and

costs the sum of Ten Thousand ($10,000.00) Dollars.  That as is

evidenced by the caption of the instant Complaint which is

specifically incorporated herein, the Defendants are foreign

corporations who are amenable to the jurisdiction of the Courts

of Georgia or who are subject to the jurisdiction of the Courts

REDACTED

2



WR GRACE PIQ 61618-0032

**REDACTED**

DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE

OMB No. 68-5 1322
Expires 9/84

CENTERS FOR DISEASE CONTROL
National Institute for Occupational Safety and Health
Federal Mine Safety and Health Act of 1977
Medical Examination Program

ROENTGENOGRAPHIC INTERPRETATION

NOTE: Please record your interpretation of
a single film by placing an "x" in
the appropriate boxes on this form
and return it promptly to:

Reading Center
Appalachian Laboratory for
Occupational Safety and Health
Box 4258
Morgantown, West Virginia 26505

| WORKER'S Social Security Number | TYPE OF READING | FACILITY IDENTIFICATION |
|---|---|---|
| | A X P | |

**1A.** DATE OF X-RAY — **1B.** FILM QUALITY — If not Grade 1 State Reason Best Film Available — **1C.** IS FILM COMPLETELY NEGATIVE? YES / NO X

**2A.** ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? YES X / COMPLETE 2B and 2C / PROCEED TO SECTION 3

**2B.** SMALL OPACITIES

a. SHAPE/SIZE — PRIMARY / SECONDARY
b. ZONES — R / L
c. PROFUSION

**2C.** LARGE OPACITIES — SIZE 0 A B C — PROCEED TO SECTION 3

**3A.** ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? YES X / COMPLETE 3B, 3C and 3D / NO / PROCEED TO SECTION 4

**3B.** PLEURAL THICKENING
a. DIAPHRAGM (plaque) — SITE O X
b. COSTOPHRENIC ANGLE — SITE O X

**3C.** PLEURAL THICKENING...Chest Wall
a. CIRCUMSCRIBED (plaque) — b. DIFFUSE
IN PROFILE — SITE O R / O L
i. WIDTH
ii. EXTENT
FACE ON
iii. EXTENT

**3D.** PLEURAL CALCIFICATION — SITE O X / EXTENT
a. DIAPHRAGM
b. WALL
c. OTHER SITES

**4A.** ANY OTHER ABNORMALITIES? YES / COMPLETE 4B and 4C / NO / PROCEED TO SECTION 5

**4B.** OTHER SYMBOLS (OBLIGATORY)

Report items which may be of primary clinical significance in this section. OD (SPECIFY od.)

Date Personal Physician notified

**4C.** OTHER COMMENTS

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C? YES / NO / PROCEED TO SECTION 5

**5.** FILM READER'S INITIALS — PHYSICIAN'S SOCIAL SECURITY NUMBER — DATE OF READING

NAME (LAST—FIRST—MIDDLE)

23301 West Oak Dr   Tonja H   3362

STREET ADDRESS   CITY   STATE   ZIP CODE

*Furnishing your social security number is voluntary. Your refusal to provide this number
will not affect your right to participate in this program.

CDC/NIOSH (M) 2.2
REV. 4/10
☆ U.S. Government Printing Office 1967—561-648




WR GRACE PIQ 51618-0033

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JFK) |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |
|  | ) |  |

<u>**General Objections to Claimant Discovery Questionnaire**</u>

("Claimant") hereby makes the following general objections to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Discovery Questionnaire"):

I.    Pursuant to Federal Rule of Civil Procedures (26)(b)(4)(B), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.   Additionally, discovery is ongoing and claimant reserves the right to supplement its response.  Without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of Fed. R. Civ. P. 26(b)(4)(B):

(A)    Claimant objections to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

(B)    Claimant objects to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

(C)    Claimant objects to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

(D)    Claimant objects to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based."

(E)    Claimant objects to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

1



WR GRACE PIQ 51618-0034

    (F)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses." Claimant urges this objection with regard to all "condition(s)" for which disclosure is requested.

II.    Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communications between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or a representative of any attorney for Claimant. In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant. Specifically, and without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges.

    (A)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if Claimant "retain[ed] counsel in order to receive any of the services performed by the diagnosing doctor."

    (B)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if "the diagnosing doctor was referred to you by counsel."

    (C)    Claimant objects to Part II of the Discovery Questionnaire to the extent that it asks if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel" unless Claimant's knowledge was obtained other than through communication with Claimant's legal counsel and/or his/her representative.

    (D)    These objections are urged with regard to each instance that the above questions are asked in sections 2, 3, 4, 5, 6, and 7 of Part II of the Discovery Questionnaire.

    III.    Claimant further objects to Section a.6 of Part VII of the Discovery Questionnaire to the extent that it seeks disclosure of settlements reached with other defendants that are subject to binding confidentiality agreements.

    IV.    These general objections are made in addition to, and without waiver of, any specific objections contained within the response to the Discovery Questionnaire itself. This covering sheet is intended to be, and is hereby, incorporated into the Discovery Questionnaire as if repeated therein verbatim in full.


WR GRACE PIQ 51618-0035

V.    By submitting this response to the Discovery Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court.  Claimants reserve (i) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C § 157(b)(5).

Respectfully submitted,

Joseph F. Rice, Esquire
Motley Rice LLC
P.O. Box 1792
Mt. Pleasant, South Carolina 29465
843-216-9000
843-216-9450 fax

3



WR GRACE PIQ 61618-0036

# Key To Additional Objections

Obj. 1:  See General Objections, and furthermore, Objection, to the extent that this item is requesting information from the claimant that the claimant does not have and for which the burden of obtaining said information is the same for the debtors as it is for the claimant.  Where available it has been included and or attached.  Board Certifications of some physicians may be reflected on the attached medical records.  A list of NIOSH certified B-readers obtained by claimant's counsel from NIOSH has been attached hereto.

Obj. 2:  See General Objections, and attached medical and exposure records.

Obj. 3:  See General Objections and the request is vague and burdensome, and furthermore, unlikely to lead to the discovery of admissible evidence.  Notwithstanding that objection, see attached medical profile and records.

Obj. 4:  See General Objections.

Obj. 5:  Claimant's counsel has verified and signed this discovery response pursuant to the Federal Rules of Civil Procedure.

WR GRACE PIQ 61818-0037

# MotleyRice

Joseph F. Rice
Licensed in SC
DIRECT DIAL 843.216.9159
DIRECT FAX 843.216.9290
JRice@motleyrice.com

July 10, 2006

**VIA FEDERAL EXPRESS**
Rust Consulting, Inc.
Claims Processing Agent
Re: WR Grace & Co.
201 S. Lyndale Ave.
Faribault, MN 55021

In re: W.R. Grace & Co., et al., Debtors
Case No. 01-01139 (JFK)
Asbestos Personal Injury Questionnaire

Dear Sir or Madam:

Enclosed with this packet is a CD that sets forth Product Identification evidence and a data DVD that contains the initial responses we have generated in PDF format on behalf of certain clients to whom this Firm is providing representation in the above-referenced bankruptcy proceeding. The within responses pertain obviously to the blank questionnaire forms that were served upon tens of thousands of individuals who had sued W.R. Grace or one of its affiliated entities in the tort system prior to April 2, 2001, for personal injury or death caused by exposure to an asbestos-containing product for which Grace or a related entity was and remains legally responsible.

First, a prefatory comment with regard to the process by which this Firm was forced to ascertain on whose behalf a questionnaire response might be required and would be submitted. Unfortunately, the face of each blank questionnaire sent to this Firm (several thousand in number) included only a potential claimant's name and a unique barcode. No other information was provided with the questionnaire that would have enabled us perhaps to identify precisely the exact client for whom it was intended. As we have indicated to you before, this Firm represents thousands of asbestos personal injury claimants, a multitude of whom share common names. We requested that you provide us with a Social Security number for each claimant whose questionnaire you sent us, but this information you refused, or were unable, to furnish. Accordingly, we are providing responses only for those clients whose identity and status as a potential Grace claimant we could confidently and prudently determine. Otherwise, to disclose in this proceeding confidential and privileged information concerning other uninvolved clients would subject this Firm to potential civil liability and disciplinary proceedings.

www.motleyrice.com

Motley Rice LLC
Attorneys at Law

| MT. PLEASANT | BARNWELL | PROVIDENCE | HARTFORD | ATLANTA |
|---|---|---|---|---|
| 28 BRIDGESIDE BLVD. | 1750 JACKSON ST. | 321 SOUTH MAIN ST. | ONE CORPORATE CENTER | 600 WEST PEACHTREE ST. |
| P.O. BOX 1792 | P.O. BOX 365 | P.O. BOX 6067 | 20 CHURCH ST., 17TH FLOOR | SUITE 800 |
| MT. PLEASANT, SC 29465 | BARNWELL, SC 29812 | PROVIDENCE, RI 02940 | HARTFORD, CT 06103 | ATLANTA, GEORGIA 30308 |
| 843-216-9000 | 803-224-8800 | 401-457-7700 | 860-882-1681 | 404-201-6900 |
| 843-216-9450 FAX | 803-259-7048 FAX | 401-457-7708 FAX | 860-882-1682 FAX | 404-201-6959 FAX |



WR GRACE PIQ 51618-0036

Secondly, consistent with the provisions of the Federal Rules of Civil Procedure that govern discovery proceedings like the one initiated by these Debtors, in our enclosed responses we have answered many of the questions or interrogatories propounded, objected to others, and where entirely appropriate have attached relevant documents meant to be responsive to the questions posed. The net effect of this manner of responding is to equalize as between the Debtors and the responding party the burden of obtaining or producing the information sought. In this vein, be advised that we have also included in this packet a pleading that sets forth with supporting citations the grounds, both general and specific, for any and all objections interposed.

Thirdly, you will observe that in responding in this fashion on behalf of the claimants whose identity we could ascertain, we have obviously converted the questionnaire to an electronic format. But we have done so without changing the order or substance of the questions posed, and have included with each separate claimant response the unique barcode assigned to the claimant. These measures are clearly permissible under the case management orders previously entered by the Court. Also, take note that for those claimants for whom we did not have a barcode, we generated a questionnaire response with a designated barcode of "UNAVAILABLE."

Finally, be advised that as counsel for the various claimants identified in the enclosed responses, we do hereby reserve the right to supplement any response or documentation provided on their behalf, notwithstanding any purported deadline that the Debtors have sought to impose. We do hereby reserve as well the right to respond after the specified due date of July 12, 2006, to any blank questionnaire that was sent to this Firm concerning a client whom we are able subsequent thereto to identify for the first time, or to a questionnaire that was, without notice to us, mailed directly to a claimant (or a third party) to whom this Firm may be authorized or obligated to provide representation herein.

Any questions concerning this letter or the within responses should be directed to the undersigned.

Sincerely,

Joseph F. Rice

JRF/rc
Enclosures



WR GRACE PIQ 51618-0039

# ecFEX

## Express

*The World On Time.*®

**For FedEx Express® Shipments Only**

Align top of FedEx Express Shipping Label here.

BILL SENDER

5m:   Origin ID: (843)216-9301
my Broadwell
oley Rice LLC
8 Bridgeside Blvd.

Pleasant, SC 29465

IIP TO:
VR Grace
:/O Rust Consulting, Inc.
:01 S. Lyndale Avenue

aribault, MN 55021

Ship Date: 10JUL06
ActWgt 1 LB
System# 5078658/NET2600
Account# S ********

Delivery Address Bar Code

REF: 900604

STANDARD OVERNIGHT

TRK# 7921 4770 9913          FORM
                             0201

55021        -MN-US

XH FBLA

MSP

TUE
Deliver By:
11JUL06
AA.