# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Docket No. |
| | ) | |

### MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS REPRESENTED BY MORRIS, SAKALARIOS & BLACKWELL, PLLC TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

In response to the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire"), the clients represented by Morris, Sakalarios & Blackwell, PLLC (collectively, the "Morris Sakalarios Claimants") have objected to providing information in response to certain questions posed in the Questionnaire.[1] Because the objections are unfounded, Grace hereby moves to compel the Morris Sakalarios Claimants to provide all the information requested in the Questionnaire.[2]

### ARGUMENT

The Court approved the Questionnaire after extensive briefing, argument, and consideration, and already has ruled that general relevance objections are unfounded and should not be maintained. Additionally, the Court has addressed the general burden objections related to providing the information requested in the Questionnaire by permitting response by way of

---

[1] The clients represented by Morris Sakalarios who have returned Questionnaires are identified in Exhibit A (attached).

[2] Grace moves only to compel responses to questions in which the Morris Sakalarios Claimants have objected in lieu of providing responsive information. As the Court is aware, pursuant to this Court's Order Concerning Debtors' Motion to Compel, Claimants have until November 13, 2006 to supplement their Questionnaire responses. Grace reserves its right to raise any and all objections to the sufficiency of the Morris Sakalarios Claimants' responses until the supplementation of their Questionnaire responses is complete.

attachment and by providing an additional year to provide the requested information. Accordingly, all general relevance and burden objections raised by the Morris Sakalarios Claimants should be overruled on their face. *See* Memorandum of Points and Authorities Concerning Background of the Questionnaire Approval Process and Objections Previously Addressed by the Court ("Background Memorandum") (attached as Exhibit B).[3]

In connection with all other objections raised by the Morris Sakalarios Claimants, it is fundamental, under both Federal Rule of Civil Procedure 26 and Federal Rule of Bankruptcy Procedure 7026, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026. Accordingly, under a motion to compel, the initial burden is on the moving party to demonstrate that the discovery sought is relevant. Once the relevance showing has been satisfied, the "party resisting discovery" bears the burden of making a specific showing as to why the information sought does not have to be provided. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (citations omitted). Because the Court already has ruled that all the questions in the Questionnaire are relevant, *see* Order Concerning Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Personal Injury Questionnaire ("MTC Order") (Docket No. 13393) (Oct. 12, 2006) at ¶ 1, the burden rests with the firms raising the objections and resisting the discovery to demonstrate why their objections should be sustained.

---

[3] The Morris Sakalarios Claimants refused to answer all questions in Part V, Questions 3, 4, 5 and 6 in Part VII, Section A and all questions in Part VII, Section B on relevance grounds. That objection is unfounded as the Court has already ruled on the questions' relevance and the Morris Sakalarios Claimants have made no showing that a particular question is not relevant to a particular claimant's claim as required by the Court.

The Morris Sakalarios Claimants refused to answer Part III, Questions 2, 3, 4, 5 and 6 in Part VII, Section A, and all questions in Part VII, Section B on burden grounds. That objection is baseless as the Morris Sakalarios Claimants have not demonstrated *any* burden associated with providing these two answers, let alone a burden that is "undue."

For the reasons stated in the Background Memorandum, Grace respectfully requests that the Court overrule the Morris Sakalarios Claimants' relevance and burden objections.

The Morris Sakalarios Claimants refused to answer seven questions based on their various objections. Those questions relate to: (1) the Claimants' Grace-related asbestos exposures (Part III of the Questionnaire); (2) the Claimants' Non-Grace-related asbestos exposures (Part V of the Questionnaire); and (3) Asbestos-and Silica-Related Litigation and Claims (Part VII of the Questionnaire). However, none of Morris Sakalarios Claimants' objections are justified for the following reasons:

- First, the Morris Sakalarios Claimants refused to answer Questions 2, 3, 4, 5, 6 and 7 in Part VII, Section A, and all questions in Part VII, Section B on grounds of confidentiality. This objection must fail, as confidentiality agreements do not immunize facts concerning a settlement from discovery.

- Second, the Morris Sakalarios Claimants refused to answer Part III on grounds that Grace failed to provide certain discovery in response to requests posed to it by the PI Committee in connection with the estimation. This objection is frivolous as Grace has not withheld the information claimed by the Morris Sakalarios Claimants and, even if true, which it is not, such a failure would not excuse the Morris Sakalarios Claimants of their obligations to provide the discovery as ordered by the Court.

- Third, the Morris Sakalarios Claimants refused to answer Part V, Questions 3, 4, 5 and 6 in Part VII, Section A, and all questions in Part VII, Section B on the grounds that the Questionnaire exceeds the number of interrogatories permissible under Federal Rule of Civil Procedure 33(a). This objection is baseless as the Questionnaire is not simply a set of interrogatories, but a hybrid discovery tool, part interrogatory, part document request, and part deposition by written question. However, even if Rule 33(a) applied, parties are allowed to exceed the 25 interrogatory limit with the Court's permission, which the Court granted when it approved the Questionnaire.

**I.    THE EXISTENCE OF CONFIDENTIALITY AGREEMENTS DOES NOT EXCUSE THE MORRIS SAKALARIOS CLAIMANTS' OBLIGATION TO PRODUCE INFORMATION REGARDING SETTLEMENTS.**

The Morris Sakalarios Claimants lodge a confidentiality objection to the following questions:

| **Question** | **Text of Question** | **Text of Objection** |
|---|---|---|
| Part VII, Section A, Question 6 | Settlement amount for each defendant [with whom the claimant settled asbestos- or silica-related litigation]. | [C]laimant objects to this request [on the grounds that] it seeks information which confidential and protected by the terms of certain settlement agreements. |

| **Question** | **Text of Question** | **Text of Objection** |
|---|---|---|
| Part VII, Section B, Question 6 | Please indicate the settlement amount [for each asbestos- or silica-related claim brought by the claimant]. | Claimant objects to this request [on the grounds that] it seeks information which is confidential and protected by the terms of certain settlement agreements and/or trust provisions. |

*See*, *e.g.*, Questionnaire of R.T., WR GRACE PIQ 010189-0019; Questionnaire of B.S., WR GRACE PIQ 010185-0019 (attached collectively as Exhibit C).[4]

This objection must fail for two reasons. First, the Morris Sakalarios Claimants fail to make sufficiently specific allegations regarding these purported confidentiality agreements to allow the Court to determine whether any such privilege from discovery would apply. Second, even if the Morris Sakalarios Claimants' factual allegations were sufficient, which they are not, the mere existence of a confidentiality agreement does not prevent the disclosure of the terms of a settlement agreement in litigation.

### A. The Morris Sakalarios Claimants Allegations Are Insufficient To Support A Claim Of Confidentiality.

The Morris Sakalarios Claimants, as the parties seeking to resist the requested discovery, "must state with specificity the objection and how it relates to the particular request being opposed." *See Harding v. Dana Transport, Inc*, 914 F. Supp. 1084, 1102 (D.N.J. 1996) ("Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."). Instead, the Morris Sakalarios Claimants make cursory, equivocal allegations of some unspecified confidentiality interest.

---

[4] These examples are representative of the Questionnaires submitted by the Morris Sakalarios Claimants. Grace will make the Questionnaire of any Claimant listed in Exhibit A available at the Court's request.

Specifically, in their responses to Part VII, Section A, Question 6 and Section 13, Question 6, which asks for the value of settlements reached with defendants in asbestos- or silica-related litigation, the Morris Sakalarios Claimants object on the grounds that the question seeks "information which confidential and protected by the terms of *certain* settlement agreements." *See*, *e.g.*, Questionnaire of R.T. at WR GRACE PIQ 010189-0019 (emphasis added). This conclusory assertion of confidentiality is devoid of several key details that would be necessary for the Court to assess the propriety of any confidentiality claim. First, by stating that "certain settlement agreements" preclude the dissemination of settlement information, the Morris Sakalarios Claimants' objections render it impossible to determine the scope of the potential objection. Does the claimed confidentiality agreement apply to all settlements entered into between a particular Claimant, some, or none? Second, the allegation omits the terms of the purported confidentiality agreement. Not all confidentiality agreements are equivalent in scope. There is no way to determine whether, under the "confidentiality agreement" generically cited by the Morris Sakalarios Claimants, the disclosure of all information is purportedly prohibited or whether only the disclosure of certain information is allegedly barred. Moreover, confidentiality provisions frequently have express exceptions that permit the disclosure of the confidential material upon a court order. Without specific allegations as to the terms of the purported confidentiality agreements, the Court cannot possibly ascertain the alleged propriety of the objection. *See* Tr. of Hr'g at 282-83 (Jul. 19, 2005) ([The Court]: "I don't know what the scope of those agreements are."). At a minimum, the Claimants must provide proof of the existence of a confidentiality agreement, the identity of the parties subject to the confidentiality agreements, and the scope of the confidentiality agreement, so it can be litigated.

### B.  As A Matter Of Law, Grace Is Entitled To Information Regarding The Amounts Of The Morris Sakalarios Claimants' Settlements And Trust Claims.

Regardless of the insufficiency of factual support for their objections, the Morris Sakalarios Claimants' position that the mere existence of a confidentiality provision bars discovery of the amounts of various litigation and trust settlements is without legal merit. The law does not bar the discovery of settlement agreements, nor the information contained within such agreements. Settlement-related information and agreements may be discovered if it is relevant to the "subject matter involved in the pending action … [or it] appears reasonably calculated to lead to the discovery of admissible evidence." *Griffin v. Mashariki*, 1997 WL 756914, at *1 (S.D.N.Y. Dec. 8, 1997) (collecting cases).

Accordingly, courts have found that "litigants cannot shield a settlement agreement from discovery **merely because it contains a confidentiality provision**." *Cleveland Constr., Inc. v. Whitehouse Hotel, Ltd. P'ship.*, 2004 WL 385052, at *1 (E.D. La. Feb. 25, 2004) (*quoting ABF Capital Mgmt. v. Askin Capital*, 2000 WL 191698, at *2 (S.D.N.Y. Feb. 10, 2000)). This Court agreed with this very point when this issue arose in connection with its consideration of the Questionnaire during the July 2005 omnibus hearing. The PI Committee, acting on behalf of the interests of the Personal Injury Claimants (including the Morris Sakalarios Claimants) objected to questions regarding the amounts of settlements with various defendants on the grounds that such settlements contain confidentiality agreements. Tr. of Hr'g at 282-83 (Jul. 19, 2005). Over the PI Committee's objection, the Court ordered that the Claimants "identify the defendants with whom [the Claimants] settled, the amount, and for what disease," and stated that a defendant "can come in and contest it if [a Claimant] violates their agreements." *Id.*

To the extent that the Court believes that such information needs protection from disclosure outside the Bankruptcy proceedings, the proper course is not to deny Grace access to

6

the information, but to issue a protective order that restricts the use of the information obtained in response to these questions to the estimation proceedings. As the Third Circuit made clear, "The [C]ourt, in its discretion, is authorized by this subsection to fashion a set of limitations that *allows as much relevant material to be discovered as possible*, while preventing unnecessary intrusions into the legitimate interests — including . . . confidentiality interests — that might be harmed by the release of the material sought." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (emphasis added).

## II.  ANY PURPORTED FAILURE TO PROVIDE THE PI COMMITTEE WITH CERTAIN DISCOVERY DOES NOT EXCUSE THE MORRIS SAKALARIOS CLAIMANTS' DISCOVERY OBLIGATIONS.

The Morris Sakalarios Claimants object to providing the information requested in Part III (Direct Exposure to Grace Asbestos-Containing Products) on the grounds that "Claimants object to responding to said questions when the Asbestos Claimants Committee has served substantial discovery on Grace asking for their historical exposure records and product records and Grace has objected to the production of the same." Questionnaire of R.T. at WR GRACE PIQ 010189-0015. This objection is wholly without merit.

As an initial matter, Grace has not refused to produce documents relating to Grace's products and exposures to the PI Committee. Nothing could be further from the truth. Grace has provided access to its document repository to the PI Committee; hundreds of boxes of documents have been sent, as well as electronic copies, of all documents requested by the PI Committee from the Respository. Indeed, the remaining disputes between the PI Committee and Grace relate mostly to aggregate asbestos estimates and confidential settlement strategy. Grace has been diligent in trying to provide the PI Committee with the documents it wants. Second, even if the Morris Sakalarios Claimants' allegations were true, which they are not, their objection is without legal merit. Federal Rule of Civil Procedure 26(a) expressly provides that "a party … is

7

not excused from making its discovery disclosures … because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1). Thus, irrespective of whether Grace has produced information requested by the PI Committee, which it has, the Morris Sakalarios Claimants must provide information in response to the questions posed in the Questionnaire.

### III. THE MORRIS SAKALARIOS CLAIMANTS' REFUSAL TO RESPOND TO THE QUESTIONNAIRE ON THE GROUNDS THAT IT EXCEEDS THE PERMISSIBLE NUMBER OF INTERROGATORIES IS UNJUSTIFIED.

The Morris Sakalarios Claimants object and refuse to answer the following questions on the grounds that the Questionnaire exceeds the permissible number of interrogatories allowed under the Federal Rules of Civil Procedure:

| **Question** | **Text of Question** | **Text of Objection** |
|---|---|---|
| Part V | Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging asbestos exposure to asbestos-containing products <u>other than</u> Grace products. | Claimant objects to this request [on the grounds] that the Fed. R. of Civ. P. limit the number of questions to 30 [sic]. |
| Part VII, Section A, Question 2 | Please provide the caption, case number, file date and court name for each lawsuit you filed. | Claimant objects to this request [on the grounds] that the Fed. R. of Civ. P. limit the number of questions to 30 [sic]. |
| Part VII, Section A, Question 3 | Was Grace a defendant in the lawsuit? | Claimant objects to this request [on the grounds] that the Fed. R. of Civ. P. limit the number of questions to 30 [sic]. |
| Part VII, Section A, Question 4 | Please provide the basis for the dismissal of the lawsuit against each defendant [in each asbestos or silica-related lawsuit brought against the defendant]. | Claimant objects to this request [on the grounds] that the Fed. R. of Civ. P. limit the number of questions to 30 [sic]. |

| **Question** | **Text of Question** | **Text of Objection** |
|---|---|---|
| Part VII, Section A, Question 5 | Please indicate the verdict amount against each defendant [in the claimant's asbestos- or silica-related lawsuit]. | Claimant objects to this request [on the grounds] that the Fed. R. of Civ. P. limit the number of questions to 30 [sic]. |
| Part VII, Section A, Question 6 | Settlement amount for each defendant [with whom the claimant settled asbestos- or silica-related litigation]. | Claimant objects to this request [on the grounds] that the Fed. R. of Civ. P. limit the number of questions to 30 [sic]. |
| Part VII, Section B, Questions 2-7 | 2. Date claim [for an asbestos- or silica-related injury]; 3. Person or entity against whom the claim was submitted; 4. Description of claim; 5. Was claim settled; 6. Please indicate settlement amount; 7. Was the claim dismissed or otherwise disallowed? *If yes, provide the basis for dismissal* | Claimant objects to this request [on the grounds] that the Fed. R. of Civ. P. limit the number of questions to 30 [sic]. |

*See*, *e.g.*, Questionnaire of R.T., WR GRACE PIQ 010189-0017 and WR GRACE PIQ 010189-0019.

The Morris Sakalarios Claimants' objections are misplaced for two reasons. First, the Questionnaire is not simply a set of interrogatories, but is a hybrid discovery tool: it is a streamlined discovery tool, approved by the Court as part of its discretionary powers pursuant to the Bankruptcy Code, particularly 11 U.S.C. §502(c), which allows for the estimation of "any contingent or unliquidated claim." In particular, the Court recognized that this Questionnaire would alleviate the need for Grace to conduct hundreds of thousands of depositions as well as issue other discovery. Tr. of Hr'g at 80 (Jun. 27, 2005). Claimants cannot merely single out and designate the Questionnaire as a set of Rule 33 interrogatories and respond (or, in this case, refuse to respond) as though it were such.

Second, even if Rule 33(a) did govern the form and content of the Questionnaire, the Court gave Grace permission to exceed the prescribed number of interrogatories when it

approved the Questionnaire. While Rule 33(a) provides that a party may not serve interrogatories "exceeding 25 in number," it also provides that "[l]eave to serve additional interrogatories *shall be granted* to the extent consistent with the principles of Rule 26(b)(2)." Fed. R. Civ. P. 33(a) (emphasis added). The Court granted leave to Grace when it approved the contents of the Questionnaire. Indeed, the Court undertook the line-by-line analysis, in part, because it was concerned that the initial Questionnaire proposed by Grace went "a little far." Tr. of Hr'g at 176 (Jul. 19, 2005). In approving the Questionnaire and ordering that all holders of pre-petition asbestos-related personal injury claims complete it, the Court recognized that the Claimants would be required to answer more than the 25 questions permitted under Rule 33. Thus, leave to exceed the default Rule 33 limit was granted, and the Morris and Sakalarios Claimants may not unilaterally refuse to answer self-selected questions on those grounds.

## CONCLUSION

For the foregoing reasons, Debtors respectfully request that the Court overrule the objections lodged by the Morris Sakalarios Claimants in lieu of providing answers to the questions posed in the Questionnaire and require that Claimants provide the required information on or before January 12, 2007.

Wilmington, Delaware
Dated:  November 9, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

KIRKLAND & ELLIS LLP
Barbara M. Harding
David Mendelson
Brian T. Stansbury

Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

*and*

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

11

C:\Documents and Settings\ien\Local Settings\Temporary Internet Files\OLK11\2006.11.09 Morris Sakalarios MTC FINAL FINAL FINAL.doc