# Exhibit C

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire


WR GRACE PIQ 010189-0001



10315607122633

RE:                    **REDACTED**

Morris & Sakalarios
610 West Pine Street
Hattiesburg MS 39401

REC'D JUN 2 8 2006

000938122633

WR GRACE PIQ 010189-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]



WR GRACE PIQ 010189-0003

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

In re:                                          )       Chapter 11
                                                )
W. R. GRACE & CO., et al.,                      )       Case No. 01-01139 (JKF)
                                                )       Jointly Administered
               Debtors.                         )
                                                )

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

|  |  |
|---|---|
| IF SENT BY U.S. MAIL | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

## INSTRUCTIONS

**A. GENERAL**

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related personal injury or wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will not be accepted and will not be deemed filed.

   Do not send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

**B. PART I – Identity of Injured Person and Legal Counsel**

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

**C. PART II – Asbestos-Related Condition(s)**

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

WR GRACE PIQ 010139-0005

## D. PART III – Direct Exposure to Grace Asbestos-Containing Products

In Part III, please provide the requested information for the job and site at which you were exposed to Grace asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing product. If your exposure was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

### Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator
31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (e.g., accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

### Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing
109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

**E.  PART IV – Indirect Exposure to Grace Asbestos-Containing Products**

In Part IV, please provide the information requested for any injury alleged to have been caused by asbestos-containing products through contact/proximity with another injured person.  If you allege exposure through contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person.  For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F.  PART V -- Exposure to Non-Grace Asbestos-Containing Products**

In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party.  If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked.  For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G.  PART VI -- Employment History**

In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H.  PART VII -- Litigation and Claims Regarding Asbestos and/or Silica**

In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII -- Claims by Dependents or Related Persons**

Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss of consortium.  If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J.  PART IX -- Supporting Documentation**

In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X -- Attestation that Information is True, Accurate and Complete**

By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

| PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL | |||| (barcode) WR GRACE PIQ 010189-0007 |

**a. GENERAL INFORMATION**          REDACTED

1. Name of Claimant:                                    2. Gender: ☒ Male ☐ Female

First          MI          Last

3. Race (for purposes of evaluating Pulmonary Function Test results):.................... ☒ White/Caucasian

REDACTED

☐ African American

☐ Other

4. Last Four Digits of Social Security Number          Birth Date:

6. Mailing Address:

Address          City          State/Province          Zip/Postal Code

7. Daytime Telephone Number:.............................(

**b. LAWYER'S NAME AND FIRM**

1. Name of Lawyer: Anthony Sakalarios

2. Name of Law Firm With Which Lawyer is Affiliated: MORRIS SAKALARIOS + Blackwell

3. Mailing Address of Firm: 1817 Mardy     Hattiesburg MS     39401

Address          City          State/Province          Zip/Postal Code

4. Law Firm's Telephone Number or Lawyer's Direct Line:.................(601) 544-3343

☐ Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

**c. CAUSE OF DEATH (IF APPLICABLE)**

1. Is the injured person living or deceased?................................................................ ☒ Living ☐ Deceased

If deceased, date of death: ....................................................... __ __ / __ __ / __ __ __ __

2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:

Primary Cause of Death (as stated in the Death Certificate): _____

Contributing Cause of Death (as stated in the Death Certificate): _____

| PART II: ASBESTOS-RELATED CONDITION(S) |

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1. Please check the box next to the condition being alleged:

☐ Asbestos-Related Lung Cancer          ☐ Mesothelioma

☒ Asbestosis          ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)

☒ Other Asbestos Disease          ☐ Clinically Severe Asbestosis

a. **Mesothelioma:** If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):

☐ diagnosis from a pathologist certified by the American Board of Pathology

☐ diagnosis from a second pathologist certified by the American Board of Pathology

☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition

☐ other (please specify):_____

1

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**



WR GRACE PIQ 010189-0008

**b.  Asbestos-Related Lung Cancer:**  If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

☐  findings by a pathologist certified by the American Board of Pathology

☐  evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐  evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐  evidence of asbestosis determined by pathology

☐  evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐  evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐  diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

☐  other (please specify): _____

**c.  Other Cancer:**

(i)  If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon       ☐ pharyngeal       ☐ esophageal       ☐ laryngeal       ☐ stomach cancer

☐ other, please specify: _____

(ii)  Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐  findings by a pathologist certified by the American Board of Pathology

☐  evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐  evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐  evidence of asbestosis determined by pathology

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

☐  other (please specify): _____

## PART II:  ASBESTOS-RELATED CONDITION(S) (Continued)

WR GRACE PIQ 010189-0009

d.  **Clinically Severe Asbestosis:**  If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐  a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐  asbestosis determined by pathology

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating total lung capacity less than 65% predicted

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐  other (please specify): _____

e.  **Asbestosis:**  If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐  asbestosis determined by pathology

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☒  other (please specify): _____ See Attachment _____

3

**PART II:  ASBESTOS-RELATED CONDITION(S) (Continued)**



WR GRACE PIQ 010189-0010

f.   **Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

☐   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐   diagnosis determined by pathology

☐   a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐   a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐   a chest x-ray reading  other than those described above

☐   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐   a pulmonary function test other than that discussed above

☐   a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐   a CT Scan or similar testing

☐   a diagnosis other than those above

☒   other (please specify):  ___*See Attachment*_____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

4

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 010189-0011

2. **Information Regarding Diagnosis**

Date of Diagnosis: _____ *See Attachment* _____ / _____ / _____

Diagnosing Doctor's Name: _____

Diagnosing Doctor's Specialty: _____

Diagnosing Doctor's Mailing Address: _____
Address

City _____ State/Province _____ Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: ................................. ( _____ ) _____ - _____

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician?................................................ ☐ Yes ☒ No

Was the diagnosing doctor paid for the diagnostic services that he/she performed?........ ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____ *Costs Adv. by Atty.* _____

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor?........ ☒ Yes ☐ No

Was the diagnosing doctor referred to you by counsel?................................................ ☒ Yes ☐ No

Are you aware of any relationship between the diagnosing doctor and your legal counsel?................ ☐ Yes ☐ No

*If yes, please explain:* _____

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? ........................................... ☐ Yes ☒ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? ............................................................... ☐ Yes ☒ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? ................................................................ ☐ Yes ☐ No

Did the diagnosing doctor perform a physical examination? ................................ ☐ Yes ☒ No

Do you currently use tobacco products? ................................................ ☐ Yes ☒ No

Have you ever used tobacco products? ................................................ ☐ Yes ☒ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

☐ Cigarettes    Packs Per Day (half pack = .5) _____    Start Year _____    End Year _____

☐ Cigars    Cigars Per Day _____    Start Year _____    End Year _____

☐ If Other Tobacco Products, please specify (e.g., chewing tobacco): _____
Amount Per Day _____    Start Year _____    End Year _____

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? ............ ☐ Yes ☒ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

_____

3. **Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

☒ Mobile laboratory  ☐ Job site  ☐ Union Hall  ☐ Doctor office  ☐ Hospital  ☐ Other: _____

Address where chest x-ray taken: _____ *Motel* _____
Address

_Pine Bluff_ _____ _Ark_ _____
City                         State/Province              Zip/Postal Code

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 010189-0012

4. **Information Regarding Chest X-Ray Reading**

   Date of Reading: __ __ / __ __ / __ __ __ __    ILO score: _____

   Name of Reader: _____ *See Attachment* _____

   Reader's Daytime Telephone Number: ....................................... ( __ __ __ ) __ __ __ - __ __ __ __

   Reader's Mailing Address: _____
                          Address

   _____
   City                          State/Province           Zip/Postal Code

   **With respect to your relationship to the reader, check all applicable boxes:**

   Was the reader paid for the services that he/she performed ................... ☑ Yes ☐ No

   *If yes, please indicate who paid for the services performed:* _Costs Adv. by Atty_

   Did you retain counsel in order to receive any of the services performed by the reader? ................... ☑ Yes ☐ No

   Was the reader referred to you by counsel? ............................................. ☑ Yes ☐ No

   Are you aware of any relationship between the reader and your legal counsel? ................... ☐ Yes ☐ No

   *If yes, please explain:* _____

   **Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?**
   ................................................................................................ ☒ Yes ☐ No

   *If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

5. **Information Regarding Pulmonary Function Test:** ........................... Date of Test: __ __ / __ __ / __ __ __ __

   List your height in feet and inches when test given: ........................ ____ ft ____ inches

   List your weight in pounds when test given: ........ *See Attachment* ____ lbs

   Total Lung Capacity (TLC): ........................................................ ____ % of predicted

   Forced Vital Capacity (FVC): ..................................................... ____ % of predicted

   FEV1/FVC Ratio: ....................................................................... ____ % of predicted

   Name of Doctor Performing Test (if applicable): _____

   Doctor's Specialty: _____

   Name of Clinician Performing Test (if applicable): _____

   Testing Doctor or Clinician's Mailing Address: _____
                                 Address

   _____
   City                          State/Province           Zip/Postal Code

   Testing Doctor or Clinician's Daytime Telephone Number: ................ ( __ __ __ ) __ __ __ - __ __ __ __

   Name of Doctor Interpreting Test: _____

   Doctor's Specialty: _____

   Interpreting Doctor's Mailing Address: _____
                                Address

   _____
   City                          State/Province           Zip/Postal Code

   Interpreting Doctor's Daytime Telephone Number: ..................... ( __ __ __ ) __ __ __ - __ __ __ __

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 010189-0013

**With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:**

If the test was performed by a doctor, was the doctor your personal physician? ............................ ☐ Yes ☒ No

Was the testing doctor and/or clinician paid for the services that he/she performed? ..................... ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* Costs Adv. by AH_

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?.. ☐ Yes ☒ No

Was the testing doctor or clinician referred to you by counsel?.............................................. ☒ Yes ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel?............. ☐ Yes ☐ No

*If yes, please explain:* _____

**Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test?** ............................................................ ☒ Yes ☐ No

**With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:**

Was the doctor your personal physician? .................................................................. ☐ Yes ☒ No

Was the doctor paid for the services that he/she performed? ................................................ ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:* Costs Adv. by AH_

Did you retain counsel in order to receive any of the services performed by the doctor? ..................... ☐ Yes ☒ No

Was the doctor referred to you by counsel? ................................................................ ☒ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ............................. ☐ Yes ☐ No

*If yes, please explain* _____

**Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?** ...................... ☒ Yes ☐ No

6. **Information Regarding Pathology Reports:**

Date of Pathology Report: ..................................................... ___ ___ / ___ ___ / ___ ___ ___ ___

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
Address

City _____ State/Province _____ Zip/Postal Code

Doctor's Daytime Telephone Number: ..................................... ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

**With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:**

Was the doctor your personal physician? .................................................................. ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? ................................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ..................... ☐ Yes ☐ No

Was the doctor referred to you by counsel? ................................................................ ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ............................. ☐ Yes ☐ No

*If yes, please explain:* _____

**Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?**
................................................................................................... ☐ Yes ☐ No

| PART II: ASBESTOS-RELATED CONDITION(S) (Continued) | |

WR GRACE PIQ 010189-0014

7. With respect to the condition alleged, have you received medical treatment from a doctor ...................................................................................................................................... ☐ Yes ☒ No

*If yes, please complete the following:*

Name of Treating Doctor: _____

Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____
                                     Address

_____
City                              State/Province            Zip/Postal Code

Treating Doctor's Daytime Telephone number: ..................................... ( _ _ _ ) _ _ _ - _ _ _ _

Was the doctor paid for the services that he/she performed? ..................................................... ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ..................... ☐ Yes ☐ No


[REMAINDER OF PAGE INTENTIONALLY BLANK]

WR GRACE PIQ 010189-0015

# PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products

(b) A worker who personally removed or cut Grace asbestos-containing products

(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

Site of Exposure:
Site Name: __International Paper__     Location: __Pine Bluff, AR__

Site Type: ☐ Residence ☑ Business     Site Owner: _____

Employer During Exposure: _____

Unions of which you were a member during your employment: _____

| | Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| Job 1 Description: | Zeono-white | | 1988-1999 | | 118 paper | | b, e |
| Job 2 Description: | Poultry products | personal TD | | 59 mill | paper mill | | b, c |
| Job 3 Description: | Prep - Coats | | | maintenance | | = installed & removed/replaced plaster and insulation | |
| Job 4 Description: | | | | | | | |
| Job 5 Description: | Zonolite products | | | 9 | | worked on | |
| Job 6 Description: | Block filler | | | 10 | | Boilers | |

Vermiculite Plaster
Bagged Zonolite

— Also worked on paper machines

9

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING



WR GRACE PIQ 010169-0016

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person? ..................................................................................................□ Yes ☑ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: _____ Gender: □ Male □ Female

   Last Four Digits of Social Security Number: __ __ __ __          Birth Date: __ __ / __ __ / __ __ __ __

3. What is your Relationship to Other Injured Person: ................................□ Spouse □ Child □ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:
   _____

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:
   From: __ __ / __ __ / __ __ __ __     To: __ __ / __ __ / __ __ __ __

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:
   _____

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? ...........................................□ Yes □ No

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____ File Date: __ __ / __ __ / __ __ __ __

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:
   _____

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:
   From: __ __ / __ __ / __ __ __ __     To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:
    _____

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

WR GRACE PIQ 010189-0017

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked. In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products
(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

**Party Against which Lawsuit or Claim was Filed:** _____

| | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| **Site of Exposure 1** Site Name: ____ Address: ____ City and State: ____ Site Owner: ____ | | | | | | |
| Job 1 Description: | | | | | | |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| **Site of Exposure 2** Site Name: ____ Address: ____ City and State: ____ Site Owner: ____ | | | | | | |
| Job 1 Description: | | | | | | |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| **Site of Exposure 3** Site Name: ____ Address: ____ City and State: ____ Site Owner: ____ | | | | | | |
| Job 1 Description: | | | | | | |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |

11

## PART VI: EMPLOYMENT HISTORY



WR GRACE PIQ 010189-0018

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

Occupation Code: _____ If Code 59, specify: _____

Industry Code: _____ If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __          End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
                    Address

City                                          State/Province                    Zip/Postal Code

Occupation Code: _____ If Code 59, specify: _____

Industry Code: _____ If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __          End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
                    Address

City                                          State/Province                    Zip/Postal Code

Occupation Code: _____ If Code 59, specify: _____

Industry Code: _____ If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __          End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
                    Address

City                                          State/Province                    Zip/Postal Code

Occupation Code: _____ If Code 59, specify: _____

Industry Code: _____ If Code 118, specify: _____

Employer: _____

Beginning of Employment: __ __ / __ __ / __ __ __ __          End of Employment: __ __ / __ __ / __ __ __ __

Location: _____
                    Address

City                                          State/Province                    Zip/Postal Code

**PART VII:  LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SIL**



WR GRACE PIQ 010189-0019

**a.    LITIGATION**

1.  **Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?** ............................ ☒ Yes  ☐ No

    *If yes, please complete the rest of this Part VII(a) for each lawsuit.   For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*  *See  Attachment*

2.  **Please provide the caption, case number, file date, and court name for the lawsuit you filed:**

    **Caption:** _____

    **Case Number:** _____   **File Date:** ___ / ___ / _____

    **Court Name:** _____

3.  **Was Grace a defendant in the lawsuit?** ............................................. ☐ Yes  ☐ No

4.  **Was the lawsuit dismissed against any defendant?** ...................................... ☐ Yes  ☐ No

    *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

    _____

    _____

5.  **Has a judgment or verdict been entered?** ......................................... ☐ Yes  ☐ No

    *If yes, please indicate verdict amount for each defendant(s):* _____

6.  **Was a settlement agreement reached in this lawsuit?** ................................ ☐ Yes  ☐ No

    *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

    a.    Settlement amount for each defendant: _____

    b.    Applicable defendants: _____

    c.    Disease or condition alleged: _____

    d.    Disease or condition settled (if different than disease or condition alleged): _____

7.  **Were you deposed in this lawsuit?** .............................................. ☐ Yes  ☐ No

    *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

**b.    CLAIMS**

1.  **Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)?** ...................... ☒ Yes  ☐ No

    *If yes, please complete the rest of this Part VII(b).  If no, please skip to Part VIII.*  *See Attachment*

2.  **Date the claim was submitted:** ............................................. ___ / ___ / _____

3.  **Person or entity against whom the claim was submitted:** _____

4.  **Description of claim:** _____

5.  **Was claim settled?** ................................................... ☐ Yes  ☐ No

6.  **Please indicate settlement amount:** ............................... $_____

7.  **Was the claim dismissed or otherwise disallowed or not honored?** ..................... ☐ Yes  ☐ No

    *If yes, provide the basis for dismissal of the claim:* _____

WR GRACE PIQ 010189-0020

## PART VIII:  CLAIMS BY DEPENDENTS OR RELATED PERSONS

Name of Dependent or Related Person: _____ Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: __ __ __ __ · Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent: ............................................................................................☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other  If other, please specify _____

Mailing  Address: _____
                  Address

City _____  State/Province _____ Zip/Postal Code

Daytime Telephone number: ............................................. ( __ __ __ ) __ __ __ - __ __ __ __

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.
**Copies:**

☑ Medical records and/or report containing a diagnosis
☑ Lung function test results
☑ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products
☐ Supporting documentation of other asbestos exposure

☐ X-rays
☑ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
☐ Death Certification

**Originals:**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products

☐ Supporting documentation of other asbestos exposure
☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful.  This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim.  The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire :

Signature: X_____     **REDACTED**          Date: 11/04/2005

Please Print Name: _____

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____     Date: 12/13/2005

Please Print Name: Anthony Savalarios

14

REDACTED


WR GRACE PIQ 010189-0021

## MORRIS, SAKALARIOS & BLACKWELL
### A PROFESSIONAL LIMITED LIABILITY COMPANY
1817 Hardy Street 39401-4914
P.O. Drawer 1858 39403-1858
Hattiesburg, Mississippi
Telephone 601-544-3343
Facsimile 601-544-9814
Toll Free Number 888-716-2404
www.morris-sakalarios.com

F. MARVIN MORRIS, III
ANTHONY SAKALARIOS
CHARLES G. BLACKWELL
*SARA MORRIS FARRIS

STACEY LEA SIMS
SHAUN R. CADE
CHARLES G. BLACKWELL, JR.
NICHOLAS SAKALARIOS
*also admitted in Alabama

| Company Name | To Company |
| --- | --- |
| Haliburton | 6000 |
| Narco | 7 |
| New Narco | 10/25/04 |
| 48 Ins | 05/29/03 |
| CE | 05/20/02 |
| JM | 06/19/01 |
| Pfizer | 10/5/05 |
| Eagle | 10/02/01 |
| Shook Fletcher | 02/13/02 |
| CEL | 08/21/01 |
| BW | 07/06/01 |
| Congoleum | 08/15/03 |
| ACS | 08/12/02 |



WR GRACE PIQ 010189-0022



# James W. Ballard, M.D.

## NIOSH Certified B-Reader

3932 Knollwood Drive  ●  Birmingham, AL 35243

**X-RAY EVALUATION**

February 14, 2001

Anthony Sakalarios
Morris, Sakalarios & Blackwell, PLLC
201 Hardy St.
Hattiesburg, MS 39401

Re:                    **REDACTED**                    SSN:    **REDACTED**

Chest radiograph(s) dated 01/26/01 is reviewed for the presence of and classification of pneumoconiosis according to the ILO 80 classification.

Film quality is grade 2 due to slight overexposure.  Inspection of lung parenchyma demonstrates interstitial changes in the mid and lower lung zones bilaterally, consisting of small and irregular opacities of size and shape t/t, profusion 1/0.

There are no pleural plaques or pleural calcifications.  Pleural thickening is seen in the minor fissure.  No parenchymal infiltrates, nodules or masses are seen.  The heart is of normal size and the mediastinal structures are unremarkable.

CONCLUSION:  The above parenchymal changes are consistent with asbestosis provided the subject's exposure history and period of latency are appropriate.

James W. Ballard, M.D.

James W. Ballard, M.D.

021301.mor[acb/b]

**REDACTED**

WR GRACE PIQ 010189-0023

WORKER'S Social Security Number

TYPE OF READING

| A | ☒ | P |

IDENTIFICATION

**1A. DATE OF X-RAY**

| MONTH | DAY | YEAR |
| 0 1 | 2 6 | 0 1 |

**1B. FILM QUALITY** If not Grade 1 Give Reason: *Slightly over-exposed*

| 1 | ☒ 2 | 3 | U/R |

**1C. IS FILM COMPLETELY NEGATIVE?**

YES ☐ Proceed to Section 5    NO ☒ Proceed to Section 2

---

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**

YES ☒ COMPLETE 2B and 2C    NO ☐ Proceed to Section 3

**2B. SMALL OPACITIES**

a. SHAPE / SIZE

PRIMARY

| p | s |
| q | ☒ r |
| r | u |

SECONDARY

| p | s |
| q | ☒ r |
| r | u |

b. ZONES

(marked R L)

c. PROFUSION

| 0/- | 0/0 | 0/1 |
| ☒ 1/0 | 1/1 | 1/2 |
| 2/1 | 2/2 | 2/3 |
| 3/2 | 3/3 | 3/+ |

**2C. LARGE OPACITIES**

SIZE | ☒ O | A | B | C |

Proceed to Section 3

---

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**

YES ☐ COMPLETE 3B, 3C and 3D    NO ☒ Proceed to Section 4

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (plaque)

SITE | O | R | L

b. COSTOPHRENIC ANGLE

SITE | O | R | L

**3C. PLEURAL THICKENING... Chest Wall**

a. CIRCUMSCRIBED (plaque)

| | SITE | O | R | | | O | L | | |
| IN PROFILE i. WIDTH | | O | A | B | C | O | A | B | C |
| FACE ON ii. EXTENT | | 0 | 1 | 2 | 3 | 0 | 1 | 2 | 3 |
| iii. EXTENT | | 0 | 1 | 2 | 3 | 0 | 1 | 2 | 3 |

b. DIFFUSE

| | SITE | O | R | | | O | L | | |
| IN PROFILE i. WIDTH | | O | A | B | C | O | A | B | C |
| FACE ON ii. EXTENT | | 0 | 1 | 2 | 3 | 0 | 1 | 2 | 3 |
| iii. EXTENT | | 0 | 1 | 2 | 3 | 0 | 1 | 2 | 3 |

**3D. PLEURAL CALCIFICATION**

| | SITE | O | R | EXTENT | | | | SITE | O | L | EXTENT | | | |
| a. DIAPHRAGM | | | | 0 | 1 | 2 | 3 | a. DIAPHRAGM | | | 0 | 1 | 2 | 3 |
| b. WALL | | | | 0 | 1 | 2 | 3 | b. WALL | | | 0 | 1 | 2 | 3 |
| c. OTHER SITES | | | | 0 | 1 | 2 | 3 | c. OTHER SITES | | | 0 | 1 | 2 | 3 |

Proceed to Section 4

---

**4A. ANY OTHER ABNORMALITIES?**

YES ☒ COMPLETE 4B and 4C    NO ☐ Proceed to Section 5

**4B. OTHER SYMBOLS (OBLIGATORY)**

O   ax   bu   ca   cn   co   cp   cv   di   ef   em   es   fr   hi   ho   id   ih   kl   ☒ od   px   rp   tb

Report items which may be of present clinical significance in this section.

(SPECIFY od.) | OD | _____

Date Personal Physician notified?

| MONTH | DAY | YR |

**4C. OTHER COMMENTS**

SHOULD WORKER SEE PERSONEL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C.

YES ☐ NO ☐ Proceed to Section 5

---

**5. FILM READER'S INITIALS**

| J W B |

**PHYSICIAN'S SOCIAL SECURITY NUMBER***

| 4 | 7 | 5 | 0 | 3 | 1 | 5 |

**DATE OF READING**

| MONTH | DAY | YR |
| 0 2 | 1 4 | 0 1 |

Complete if social security number is not furnished:

NAME (LAST—FIRST—MIDDLE)

STREET ADDRESS    CITY    STATE    ZIP CODE

*Furnishing your social security number is voluntary. Your refusal to provide this number will not affect your right to participate in this program.

P-91-5205 REV. 11/91 P



WR GRACE PIQ 010189-0024

**Asbestos Medical Evaluation**　　　　　　　**Dr. Gregory A. Nayden**
　　　　　　　　　　　　　　　　　　　　　　Board Certified in Internal Medicine

**REDACTED**　　　　　　SSN: ·　　　　　　　　　　May 22, 2001

## History:

**Occupational:** ___ is a 63 year old who reports exposure to asbestos material from 1958 through 1999. He was exposed while working around gaskets, valve packing, furnaces, boilers, firebrick, gloves, insulation, and overhead piping insulated with asbestos as a paper mill worker, laborer, in the power house, and in maintenance. He also worked alongside pipefitters, boilermakers, and insulators. He complains of shortness of breath with exertional activities such as climbing stairs and dry cough, but denies chest pain. He has no prior smoking history.

**Past Medical:** None.

**Physical Exam:** The patient is normal appearing for stated age and is alert, oriented, and in no apparent respiratory distress. The chest is normal. The lungs are clear to auscultation. The heart has a regular rhythm with no murmurs or gallops. The fingers show no clubbing or cyanosis, and the ankles show no edema.

**Pulmonary Function Testing:** Performed 05/22/2001 utilizing Crapo/Hsu predicted values for spirometry, lung volumes, and diffusion.

FVC = 3.44L (91% predicted)　　　　　　TLC = 4.93L (85% predicted)
FEV1 = 2.65L (88% predicted)　　　　　　DLCO mL/mmHg/min = 21.3(77% predicted)
FEV1/FVC = 77%　　　　　　　　　　　　DLCO/VA 1/min/mmHg = 3.41(69% predicted)
These values are consistent with a mild obstructive defect and a mild reduction of diffusing capacity.

**Chest Radiography:** CXR dated 01/26/2001 was evaluated by Dr. James Ballard on 02/14/2001 and revealed irregular interstitial opacities in both mid and lower lung zones, the size and shape of which are classified as t/t and the profusion of 1/0. The pleural surfaces are normal.

**Diagnostic Impression:**
　　1. Bilateral interstitial fibrotic changes consistent with pulmonary asbestosis.
　　2. Given the asbestos exposure history, pulmonary function testing, and physical examination results, I concur with the NIOSH B-Readers radiographic evaluation.

**Prognosis/Recommendations:** Due to the latency period between exposure to asbestos and the proof of clinically significant asbestos-related disease, patients have an increased risk of developing bronchogenic carcinoma, mesothelioma, and other cancers, as well as the further deterioration in pulmonary function, even in the absence of additional asbestos exposure, therefore close clinical follow-up is recommended.

_S. Nayden_
Dr. Gregory A. Nayden



### AMERICAN MEDICAL TESTING INC.
### 4324 N    MOST DR. MOBILE AL. 36609



WR GRACE PIQ 010189-0025

Name:                    **REDACTED**                Id: PA-53
Gender: Male                                          Date: 05/22/01
Age: 63    Race: Caucasian                            Temp: 21    PBar: 762
Height(in): 64    Weight(lb): 196                     Physician: NAYDEN
Any Info:                                             Technician: John McMurry CRTT

| Spirometry | (BTPS) | PRED | PRE-RX BEST | %PRED | POST-RX BEST | %PRED | % Chg |
|---|---|---|---|---|---|---|---|
| FVC | Liters | 3.78 | 3.44 | 91 | | | |
| FEV1 | Liters | 3.02 | 2.65 | 88 | | | |
| FEV1/FVC | % | 80 | 77 | | | | |
| FEF25-75% | L/sec | 3.06 | 2.26 | 74 | | | |
| FEF50% | L/sec | | 2.97 | | | | |
| PEF | L/sec | | 6.37 | | | | |
| MVV | L/min | | | | | | |

**REDACTED**

| Lung Volumes | (BTPS) | | | | |
|---|---|---|---|---|---|
| TLC | Liters | 5.83 | 4.93 | 85. | |
| RV | Liters | 1.98 | 1.49 | 75 | |
| RV/TLC | % | 34 | 30 | | |
| FRC N2 | Liters | 2.97 | 2.58 | 87 | |
| VC | Liters | 3.78 | 3.44 | 91 | |

| Diffusion | | | | | |
|---|---|---|---|---|---|
| DLCO | mL/mmHg/min | 27.7 | 21.3 | 77 | |
| DL Adj | mL/mmHg/min | 27.7 | 21.3 | 77 | |
| DLCO/VA | mL/mmHg/min/L | 4.94 | 3.41 | 69 | |
| DL/VA Adj | mL/mmHg/min/L | | 3.41 | | |
| VA | Liters | | 6.26 | | |

Flow

PRE___    POST___

Volume

FVC    FEV1    FRC N2    DLCO

Comments:

Interpretation:

( ) = OUTSIDE  95% CONFIDENCE INTERVAL        Norm Set: Crapo/Hsu            Version: IVS-0101-05-1A

AMERICAN MEDICAL TESTING INC.
4324 MIDMOST DR. MOBILE AL. 36609


WR GRACE PIQ 010189-0026

**Date: 05/22/01**                    **Pre**

**REDACTED**

**Flow Volume Loop** ---                    **- PA-53**

| | Ref | Best | % Ref | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|---|---|---|
| FVC | 3.78 | 3.44 | 91 | 3.06 | 3.21 | 2.80 | 3.30 | 3.44 |
| FEV1 | 3.02 | 2.65 | 88 | 2.43 | 2.18 | 2.18 | 2.47 | 2.65 |
| FEV1/FVC | 80 | 77 | | 79 | 68 | 78 | 75 | 77 |
| FEF25-75% | 3.06 | 2.26 | 74 | 2.35 | 1.41 | 2.06 | 2.02 | 2.26 |
| PEF | | 6.37 | | 4.52 | 6.15 | 4.46 | 4.55 | 6.37 |





AMERICAN MEDICAL TESTING INC.
4324 MIDMOST DR. MOBILE AL. 36609

WR GRACE PIQ 010189-0027

**Date: 05/22/01**          **Pre**          **REDACTED**

**Flow Volume Loop ·**                    **- PA-53**

| | Ref | Best | % Ref | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|---|---|---|
| FVC | 3.78 | 3.44 · | 91 | 3.06 | 3.21 | 2.80 | 3.30 | 3.44 |
| FEV1 | 3.02 | 2.65 | 88 | 2.43 | 2.18 | 2.18 | 2.47 | 2.65 |
| FEV1/FVC | 80 | 77 | · | 79 | 68 | 78 | 75 | 77 |
| FEV3/FVC | 93 | 91 | | 94 | 89 | 95 | 91 | 91 |
| FET100% | | 8.87 | | 5.42 | 10.44 | 5.99 | 11.10 | 8.87 |
| FEF25-75% | 3.06 | 2.26 | 74 | 2.35 | 1.41 | 2.06 | 2.02 | 2.26 |
| FEF25% | | 6.01 | | 4.32 | 4.71 | 4.37 | 4.44 | 6.01 |
| FEF50% | | 2.97 | | 2.95 | 1.55 | 2.66 | 2.74 | 2.97 |
| FEF75% | | 0.84 | | 0.86 | 0.78 | 0.47 | 0.66 | 0.84 |
| PEF | | 6.37 | | 4.52 | 6.15 | 4.46 | 4.55 | 6.37 |
| FVL ECode | | 000000 | | 011 | 000 | 011 | 000 | 000 |
| FIVC | 3.78 | 0.65 | 17 | 0.13 | 0.72 | 0.13 | 0.60 | 0.65 |
| PIF | | 1.38 | | 0.99 | 0.88 | 0.64 | 1.24 | 1.38 |
| FEF/FIF50 | | 2.19 | | 3.68 | 1.84 | 4.65 | 2.30 | 2.19 |

AMERICAN MEDICAL TESTING INC.
4324 MIDMOST DR. MOBILE AL. 36609



**Date: 05/22/01**                     Pre                     **REDACTED**

Lung Volumes  ---                                  - PA-53

|      | Ref | Best | % Ref | 1 |
|------|-----|------|-------|------|
| TLC  | 5.83 | 4.93 | 85 | 4.93 |
| VC   | 3.78 | 3.44 | 91 | 2.40 |
| FRC N2 | 2.97 | 2.58 | 87 | 2.58 |
| IC   | 2.50 | 2.35 | 94 | 2.35 |
| RV   | 1.98 | 1.49 | 75 | 2.53 |

| N2  1.3 % | FRC 2.57 L |
|-----------|------------|

Wash Time 1.1 Min

AMERICAN MEDICAL TESTING INC.
4324 MIDMOST DR. MOBILE AL. 36609

WR GRACE PIQ 010189-0029

**Date: 05/22/01**              Pre                    **REDACTED**

**Lung Volumes — 1**                          **PA-53**

|        | Ref   | Best   | % Ref | 1     |
|--------|-------|--------|-------|-------|
| TLC    | 5.83  | 4.93   | 85    | 4.93  |
| VC     | 3.78  | 3.44   | 91    | 2.40  |
| FRC N2 | 2.97  | 2.58   | 87    | 2.58  |
| IC     | 2.50  | 2.35   | 94    | 2.35  |
| ERV    | 1.25  | 0.05   | 4     | 0.05  |
| RV     | 1.98  | 1.49   | 75    | 2.53  |
| RV/TLC | 34    | 30     |       | 51    |
|        |       |        |       |       |
| LCI    |       | 6.23   |       | 6.23  |
| Wash Time |    | 1.1    |       | 1.1   |
|        |       |        |       |       |
| LVol ECode |   | 000000 |       | 00    |
|        |       |        |       |       |
| VE     | 7.6   | 9.6    | 126   | 9.6   |
| Vt     |       | 0.71   |       | 0.71  |
| f      |       | 13     |       | 13    |
|        |       |        |       |       |
| LVol Time |    | 15:23  |       | 15:23 |
| LVol Date |    | 05/22  |       | 05/22 |

AMERICAN MEDICAL TESTING INC.
4324 MIDMOST DR. MOBILE AL. 36609

WR GRACE PIQ 010189-0030

**Date: 05/22/01**                    **Pre**

**Single Breath DLCO —**                    **- PA-53**          **REDACTED**

| | Ref | Best | % Ref | 1 | 2 |
|---|---|---|---|---|---|
| DLCO | 27.7 | 21.3 | 77 | 20.6 | 22.0 |
| DL Adj | 27.7 | 21.3 | 77 | 20.6 | 22.0 |
| IVC | | 3.74 | | 3.65 | 3.93 |
| VA | | 6.26 | | 6.47 | 6.05 |
| DL/VA Adj | | 3.41 | | 3.19 | 3.64 |

AMERICAN MEDICAL TESTING INC.
4324 MIDMOST DR. MOBILE AL. 36609

**REDACTED**

WR GRACE PIQ 010189-0031

Date: 05/22/01                          Pre

**Single Breath DLCO**                           **PA-53**

|            | Ref   | Best  | % Ref | 1     | 2     |
|------------|-------|-------|-------|-------|-------|
| DLCO       | 27.7  | 21.3  | 77    | 20.6  | 22.0  |
| DL Adj     | 27.7  | 21.3  | 77    | 20.6  | 22.0  |
| DLCO/VA    | 4.94  | 3.41  | 69    | 3.19  | 3.64  |
| DL/VA Adj  |       | 3.41  |       | 3.19  | 3.64  |
| IVC        |       | 3.74  |       | 3.65  | 3.83  |
| VA         |       | 6.26  |       | 6.47  | 6.05  |
| BHT        |       | 10.61 |       | 10.67 | 10.56 |
| FI CH4     |       | 0.300 |       | 0.300 | 0.300 |
| FE CH4     |       | 0.169 |       | 0.159 | 0.179 |
| FI CO      |       | 0.300 |       | 0.300 | 0.300 |
| FE CO      |       | 0.100 |       | 0.097 | 0.103 |
| DLCO ECode |       | 0000  |       | 000   | 000   |
| DLCO Date  |       | 05/22 |       | 05/22 | 05/22 |
| DLCO Time  |       | 15:30 |       | 15:30 | 15:34 |



WR GRACE PIQ 010189-0032

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                )      Chapter 11

                     )

W. R. GRACE & CO., et al.     )      Case No. 01-01139 (JKF)

                     )      Jointly Administered

     Debtors.           )

                     )

### Claimant's Responses and Objections to
### W. R. Grace Asbestos Personal Injury Questionnaire

Pursuant to the Federal Rules of Civil Procedure, the Claimant, provides the following Response and Objection to the Debtor's Asbestos Personal Injury Questionnaire:

#### *Preliminary Statement and General Objections*

The Claimant incorporates herein, as if copied in full, claimant's completed Asbestos Personal Injury Questionnaire.

The Claimant's Response to each question incorporates this Preliminary Statement and the following General Objections:

1.     The Claimant objects to these questions to the extent that they seek information subject to the attorney-client privilege or which constitutes protected work product.

2.     The Claimant objects to any discovery request that purports to impose upon it any obligation not expressly set forth in the Federal Rules of Civil Procedure.

3.     The Claimant objects to any discovery request to the extent that the time period(s) referenced therein is/are not limited in scope.

4.     The Claimant objects to any discovery request to the extent it seeks to require



WR GRACE PIO 010189-0083

Claimant to provide information which is equally available to the Defendant.

5.    The Claimant objects to any discovery request to the extent that it seeks disclosure

of information generated by persons other than the Claimant or the Claimant's

counsel that has come into the possession of the Claimant or Claimant's counsel

during the course of discovery and trial preparation in asbestos-related litigation.

6.    The Claimant objects to any discovery request to the extent that it improperly calls

for a legal, medical or scientific opinion or conclusion which Claimant is not

qualified to render.

7.    The Claimant does not concede that any response to any discovery request is or

will be admissible evidence at any hearing regarding this action.

Without waiving any of the foregoing General Objections, which are incorporated by

reference in each of the following responses, the Claimant states as follows:

**Part II. Asbestos-Related Condition(s)**

1.    Claimant objects to this Question as Rule 33 specifically authorizes a party to

produce documents from which the interrogatory may be answered in lieu of

answering the interrogatories where "the burden of deriving the answer is

substantially the same for the party serving the interrogatory as the party served."

2.    Claimant objects to this Question as Rule 33 specifically authorizes a party to

produce documents from which the interrogatory may be answered in lieu of

answering the interrogatories where "the burden of deriving the answer is

substantially the same for the party serving the interrogatory as the party served."

Claimant objects to the term "diagnosing doctor" in that said term is not defined.

2



WR GRACE PIQ 010189-0034

Without waiving objection, the plaintiff would state that the Date of Diagnosis,

Diagnosing Doctor's Name, Diagnosing Doctor's Specialty, Mailing Address and

Daytime Telephone Number (if known) is located on the Medical Record attached

hereto.

Further, Claimant objects to the term "relationship" as being vague and undefined.

Claimant and his/her counsel are unable to determine the intended connotation;

therefore, claimant is unable to respond to this question.    Without waiving said

objection, claimant and his/her counsel are not related by blood or marriage to any

diagnosing doctor.

Claimant objects to the term "complete" as being vague and undefined.

Claimant and/or his/her counsel were unable to determine the intended

connatation of said phrase; thus, claimant literally interpreted said phrase...

Accordingly, each claimant responded "No" because a complete occupational

history and medical history would have included irrelevant information which was

not provided such as employment and medical history unrelated to asbestos.

Finally, Claimants objects to the term "all" as being overly broad, unduly

burdensome, and oppressive.    The response to this request would impose

unnecessary and unreasonable costs on the claimant.    The materials being

requested by Grace are beyond the possession, custody or control of the claimant

and the burden of obtaining the information in response to this request is the same

for the debtor as it is for the claimant.

4.    Claimant objects to this Question as Rule 33 specifically authorizes a party to



WR GRACE PIQ 010189-0035

produce documents from which the interrogatory may be answered in lieu of answering the interrogatories where "the burden of deriving the answer is substantially the same for the party serving the interrogatory as the party served." The Date of the Reading, ILO Score, Name of Reader, Reader's Daytime Telephone Number (if known), and Mailing Address may be located on the medical records attached.

The Date of the Reading, ILO Score, Name of Reader, Reader's Daytime Telephone Number (if known), and Mailing Address may be located on the medical records attached.

Further, Claimant objects to the term "relationship" as being vague and undefined. Claimant and his/her counsel are unable to determine the intended connotation; therefore, claimant is unable to respond to this question.   Without waiving said objection, claimant and his/her counsel are not related by blood or marriage to any diagnosing doctor.

5.     Claimant objects to this Question as Rule 33 specifically authorizes a party to produce documents from which the interrogatory may be answered in lieu of answering the interrogatories where "the burden of deriving the answer is substantially the same for the party serving the interrogatory as the party served." The information requested is located on the medical records attached.

Further, Claimant objects to the term "relationship" as being vague and undefined. Claimant and his/her counsel are unable to determine the intended connotation; therefore, claimant is unable to respond to this question.   Without waiving said

4



WR GRACE PIQ 010189-0036

objection, claimant and his/her counsel are not related by blood or marriage to any diagnosing doctor.

6.    Claimant objects to this Question as Rule 33 specifically authorizes a party to produce documents from which the interrogatory may be answered in lieu of answering the interrogatories where "the burden of deriving the answer is substantially the same for the party serving the interrogatory as the party served." The information requested is located on the medical records attached where applicable.

Further, Claimant objects to the term "relationship" as being vague and undefined. Claimant and his/her counsel are unable to determine the intended connotation; therefore, claimant is unable to respond to this question.   Without waiving said objection, claimant and his/her counsel are not related by blood or marriage to any diagnosing doctor.

### Part III: Direct Exposure to Grace Asbestos-Containing Products

Claimant objects to this request as being unduly burdensome and oppressive. Further said request is vague and ambiguous as to the term "any and all documents establishing exposure."   Finally, Claimant objects to responding to said questions when the Asbestos Claimants Committee has served substantial discovery on Grace asking for their historical exposure records and product records and Grace has objected to the production of same.  Without waiving said objections, see claimant's response located on page nine.

### Part V:   Exposure to Non-Grace Asbestos-Containing Products

5


WR GRACE PIQ 010189-0037

Claimant objects to this request as being unduly burdensome and oppressive.

Claimant objects to this request in that the Fed. R. of Civ. P. limit the number of

questions to 30.   Further, Claimant objects to this request in that the scope of

discovery is limited to matters that are relevant. Further, the debtor had ample

opportunity by discovery ongoing in the original actions to obtain the information

sought.   Finally, claimant objects to this request as "the burden or expense of the

proposed discovery outweighs its likely benefit, taking into account the needs of

the case, the importance of the issues at stake in the litigation, and the importance

of the proposed discovery in resolving the issue."  Without waiving said

objection, claimant's counsel has filed the following cases on behalf of its clients:

> *Ray H. Beasley, et al., v. Goulds Pump Trading Corporation, et al*, Circuit Court of Forrest County, Mississippi, Civil Action No. CI02-0303.

> *Harold Wilborn, et al., v. Alstom Power, Inc., et al.*, Circuit Court of Forrest County, Mississippi, Civil Action No. CI02-0310.

> *Eleanor R. Archey, et al., v. Ingersoll Rand Company*, Circuit Court of Jones County, Mississippi, Second Judicial District, Civil Action No. 2002-228-CV7.

> *Marvin L. Davis, et al, v. Amchem Products, Inc., et al*, Circuit Court of Forrest County, Mississippi, Civil Action No. CI02-0258.

> *Henry Byrd, et al., v. The Flintkote Company and Zurn Industries*; Circuit Court of Forrest County, Mississippi, Civil Action No. C1-99-0246.

> *Marion C. Bentley et al. v. Crane Co., et al.*
> Circuit Court of Newton County, Mississippi; Civil Action No.04-CV-219NWC

> *Claude Rhines, et al., v. A. O. Smith, et al.*
> Circuit Court of Covington County, Mississippi; Civil Action No. 2002-



WR GRACE PIQ 010189-0038

191C

*Emery Burch, et al. v. A. O. Smith, et al.*
Circuit Court of Jones County, Mississippi; First Judicial District; Civil
Action No.2002-90-CV12

*Palmer Fletcher, et al., v. A. O. Smith, et al.*
Circuit Court of Humphreys County, Mississippi; Civil Action No. 2002-
0162;

*Michael R. Flynn, et al., v. ACCO Chain & Lifting, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No.
2002-144-CV4;

*Bobby G. Hall, et al., v. A. O. Smith, et al.*
Circuit Court of Adams County, Mississippi; Civil Action No. 02-KV-
0817-J

*Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al*
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil
Action No. 2000-134-CV8

*Charles W. Irby, et al., v. A-Bex Corporation, et al*
Second Judicial District of the Circuit Court of Jones County, Mississippi;
Civil Action No.:  2002-31-CV1

*Edward Jones, et al. vs. A. O. Smith, et al.,*
Circuit Court of Jasper County, Mississippi; First Judicial District; Civil
Action No. 12-0148

*Wendell R. Lambert, et al., v. A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2002-
0105

*Fred Newsom, v . . A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2004-
0144E
Originally filed in and severed and transferred from:
Wendell R. Lambert, et al., v. *A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2002-
0105


WR GRACE PIQ 010189-0059

*Samuel McDuffey, v. A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2004-0143E
Originally filed in and severed and transferred from:
Wendell R. Lambert, et al., v. *A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2002-0105

*Robert E. Pitts, et al. v. Metropolitan Life Insurance Company, et al.*
Circuit Court of Jones County, Mississippi, Second Judicial District ; Civil Action No. 2001-3-CV1

*Paul Touchstone, et al., v. A-Bex Corporation, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No. 2002-2-CV1

*Ronald Adams v. Alco Industries, et al.*
In the United States District Court For the Southern District of Mississippi Southern Division ; Civil Action No. 1:04CV730GRo

*John Alamia, et al.* v. *A. O. Smith, et al.*
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
United States District Court for the Southern District of Mississippi, Southern Division
Civil Action No. 1:04CV750Gro
originally filed in and severed and transferred from:
Emery Burch, et al. v. A. O. Smith, et al.
Circuit Court of Jones County, Mississippi; First Judicial District; Civil Action No.2002-90-CV12

*Aminte Defore, et al. v. A.O. Smith, et al.;*
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
In the United States District Court for the Southern District of Mississippi, Southern Division; Civil Action No. 1:04CV656GRo;
originally filed in and severed and transferred from:
*Edward Jones, et al v. A. O. Smith, et al;*
In the Circuit Court of Jasper County, Mississippi, ; Civil Action No. 12-0148



WR GRACE PIQ 010189-0040

*Ben Dickens, et al. v. A. R. Wilfley & Sons, et al.;*
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
In the United States District Court for the
Southern District of Mississippi, Southern Division;  Civil Action No. 1:04cv641WJG;
originally filed in and severed and transferred from:
Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil Action No. 2000-134-CV8

*Ora Aaron, et al. v. A. R. Wilfley & Sons, et al.;*
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
In the United States District Court for the
Southern District of Mississippi, Southern Division;  Civil Action No. 1:04cv603WJG;
originally filed in and severed and transferred from:
Claude Rhines, et al., v. *A. O. Smith, et al.*
Circuit Court of Covington County, Mississippi; Civil Action No. 2002-191C

*Bobby L. Clark, et al., v. A.W. Chesterton, et al.*
Circuit Court of Hinds County, Action No.  251-04-000836-CIV

*Roy Barry, et al., v. A.O. Smith, et al.*
In the United States District Court for the Southern District of Mississippi
Southern Division; Civil Action No. 1:04CV731GRo

*Hubert D. Stuart, et al., v. A.O. Smith, et al*
*Circuit Court of Hinds County, Mississippi; First Judicial District*
*Civil Action No.  251-04-244*

*Paul Brumfield, et al. v. A-Bex Corporation, et al.*
In the Circuit Court of Jones County, Mississippi, Second Judicial District
Civil Action No. 2004-253CV12
originally filed in and severed and transferred from:
Paul Touchstone, et al., v. A-Bex Corporation, et al
Second Judicial District, Jones County, Mississippi; Civil Action No. 2002-2-CV1

9


WR GRACE PIQ 010189-0041

*Harold J. Anderson, et al., v. Goulds Pump Trading Corporation, et al,*
Circuit Court of Forrest County, Mississippi, Civil Action No. CI02-0303

*Frank Bankston, et al v. Westinghouse Electric Corporation, et al.,*
United States District Court, Southern District of Mississippi,
Southern Division, Civil Action No. 1:01CV162GR

*Jack Chandler v. American Cyanamid Co., et al.*
In the Circuit Court of Jones County, Mississippi; Second Judicial District
Civil Action No. 2005-50-CV3
originally filed in and severed and transferred from:
*Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al*
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil
Action No. 2000-134-CV8

*Archie W. Courtney v. Acco Chain & Lifting, et al.*
In the Circuit Court of Jones County, Mississippi, Second Judicial District
Civil Action No. 2004-219-CV9
originally filed in and severed and transferred from:
*Michael R. Flynn, et al., v. ACCO Chain & Lifting, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No.
2002-144-CV4;

*Thurman Ferguson, v.* Circuit Court of Adams County, Mississippi; Civil
Action No. 02-KV-0817-J
originally filed in and severed and transferred from:
*Bobby G. Hall, et al., v. A. O. Smith, et al.*
Circuit Court of Adams County, Mississippi; Civil Action No. 02-KV-
0817-J

*Donald Dunaway, v. A.O. Smith, et al;* Circuit Court of Forrest County,
Mississippi; Civil Action No. CI-05-0022
originally filed in and severed and transferred from:
Claude Rhines, et al., v. *A. O. Smith, et al.*
Circuit Court of Covington County, Mississippi; Civil Action No. 2002-
191C

*J. C. Butler, v. A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2004-
0141E
Originally filed in and severed and transferred from:
Wendell R. Lambert, et al., v. *A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2002-
0105


WR GRACE PIQ 010189-0042

*Willie Funches, v. A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2004-0142E
Originally filed in and severed and transferred from:
Wendell R. Lambert, et al., v. *A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2002-0105

*James Parish v. American Standard, Inc.., et al.*
In the Circuit Court of Jones County, Mississippi; Second Judicial District
Civil Action No. 2005-51-CV3
originally filed in and severed and transferred from:
*Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al*
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil
Action No. 2000-134-CV8

*Faye E. Hamilton, etc. v. Allen-Bradley Co., et al.*
United States District Court, Southern District, Southern Division
Civil Action No. 1:04CV732Gro

*Henry T. Ray v. Acco Chain & Lifting, et al.*
In the Circuit Court of Jones County, Mississippi, Second Judicial District
Civil Action No. 2004-218-CV9
originally filed in and severed and transferred from:
*Michael R. Flynn, et al., v. ACCO Chain & Lifting, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No.
2002-144-CV4;

*Charles Shannon, Jr. v. Acco Chain & Lifting, et al.*
In the Circuit Court of Jones County, Mississippi, Second Judicial District
Civil Action No. 2004-220-CV9
originally filed in and severed and transferred from:
*Michael R. Flynn, et al., v. ACCO Chain & Lifting, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No.
2002-144-CV4;

*Larry Thigpen v. Acco Chain & Lifting, et al.*
In the Circuit Court of Jones County, Mississippi, Second Judicial District
Civil Action No. 2004-221-CV9
originally filed in and severed and transferred from:
*Michael R. Flynn, et al., v. ACCO Chain & Lifting, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No.
2002-144-CV4;

11


WR GRACE PIQ 010189-0043

*Thomas Wilson v. Westinghouse Electric Corporation, et al*
Circuit Court of Perry County, Mississippi
Civil Action No. 2004-0027CI
originally filed in and severed and transferred from:
*Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al*
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil
Action No. 2000-134-CV8

Debtor can obtain copies all pleadings, documents and orders filed regarding said

claimant by reviewing said court files.   Further, to the extent, claimant has

responded to written discovery or been deposed and plaintiff and/or his counsel

has copies of same, said information is being attached.   Finally, claimant's

additional work history is set forth in Part VI.

**Part VII: Litigation and Claims Regarding Asbestos and/or Silicia**

a.  Claimant objects to this request as being unduly burdensome and oppressive.

Claimant objects to this request in that the Fed. R. of Civ. P. limit the number of

questions to 30.   Further, Claimant objects to this request in that the scope of

discovery is limited to matters that are relevant. Further, the debtor had ample

opportunity by discovery ongoing in the original actions to obtain the information

sought.   Finally, claimant objects to this request as "the burden or expense of the

proposed discovery outweighs its likely benefit, taking into account the needs of

the case, the importance of the issues at stake in the litigation, and the importance

of the proposed discovery in resolving the issue." Without waiving said

objection, claimant's counsel has filed the following cases on behalf of its clients:

*Ray H. Beasley, et al., v. Goulds Pump Trading Corporation, et al*, Circuit
Court of Forrest County, Mississippi, Civil Action No. CI02-0303.

*Harold Wilborn, et al., v. Alstom Power, Inc., et al.,* Circuit Court of
Forrest County, Mississippi, Civil Action No. CI02-0310.


WR GRACE PIQ 010189-0044

*Eleanor R. Archey, et al., v. Ingersoll Rand Company*, Circuit Court of Jones County, Mississippi, Second Judicial District, Civil Action No. 2002-228-CV7.

*Marvin L. Davis, et al, v. Amchem Products, Inc., et al,* Circuit Court of Forrest County, Mississippi, Civil Action No. CI02-0258.

*Henry Byrd, et al., v. The Flintkote Company and Zurn Industries;* Circuit Court of Forrest County, Mississippi, Civil Action No. CI-99-0246.

*Marion C. Bentley et al. v. Crane Co., et al.*
Circuit Court of Newton County, Mississippi; Civil Action No.04-CV-219NWC

*Claude Rhines, et al., v. A. O. Smith, et al.*
Circuit Court of Covington County, Mississippi; Civil Action No. 2002-191C

*Emery Burch, et al. v. A. O. Smith, et al.*
Circuit Court of Jones County, Mississippi; First Judicial District; Civil Action No.2002-90-CV12

*Palmer Fletcher, et al., v. A. O. Smith, et al.*
Circuit Court of Humphreys County, Mississippi; Civil Action No. 2002-0162;

*Michael R. Flynn, et al., v. ACCO Chain & Lifting, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No. 2002-144-CV4;

*Bobby G. Hall, et al., v. A. O. Smith, et al.*
Circuit Court of Adams County, Mississippi; Civil Action No. 02-KV-0817-J

*Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al*
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil Action No. 2000-134-CV8

*Charles W. Irby, et al., v. A-Bex Corporation, et al*
Second Judicial District of the Circuit Court of Jones County, Mississippi; Civil Action No.: 2002-31-CV1

*Edward Jones, et al. vs. A. O. Smith, et al.,*
Circuit Court of Jasper County, Mississippi; First Judicial District; Civil Action No. 12-0148

13



WR GRACE PIQ 010189-0046

*Wendell R. Lambert, et al., v. A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2002-0105

*Fred Newsom, v. . A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2004-0144E
Originally filed in and severed and transferred from:
Wendell R. Lambert, et al., v. *A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2002-0105

*Samuel McDuffey, v. A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2004-0143E
Originally filed in and severed and transferred from:
Wendell R. Lambert, et al., v. *A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2002-0105

*Robert E. Pitts, et al. v. Metropolitan Life Insurance Company, et al.*
Circuit Court of Jones County, Mississippi, Second Judicial District ; Civil Action No. 2001-3-CV1

*Paul Touchstone, et al., v. A-Bex Corporation, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No. 2002-2-CV1

*Ronald Adams v. Alco Industries, et al.*
In the United States District Court For the Southern District of Mississippi Southern Division ; Civil Action No. 1:04CV730GRo

*John Alamia, et al.* v. *A. O. Smith, et al.*
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
United States District Court for the Southern District of Mississippi, Southern Division
Civil Action No. 1:04CV750Gro
originally filed in and severed and transferred from:
Emery Burch, et al. v. A. O. Smith, et al.
Circuit Court of Jones County, Mississippi; First Judicial District; Civil Action No.2002-90-CV12

*Aminte Defore, et al. v. A.O. Smith, et al.;*
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
In the United States District Court for the Southern District of Mississippi,



WR GRACE PIQ 010189-0046

Southern Division; Civil Action No. 1:04CV656GRo;
originally filed in and severed and transferred from:
*Edward Jones, et al v. A. O. Smith, et al;*
In the Circuit Court of Jasper County, Mississippi, ; Civil Action No. 12-0148

*Ben Dickens, et al. v. A. R. Wilfley & Sons, et al.;*
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
In the United States District Court for the
Southern District of Mississippi, Southern Division;  Civil Action No.
1:04cv641WJG;
originally filed in and severed and transferred from:
Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil
Action No. 2000-134-CV8

*Ora Aaron, et al. v. A. R. Wilfley & Sons, et al.;*
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
In the United States District Court for the
Southern District of Mississippi, Southern Division;  Civil Action No.
1:04cv603WJG;
originally filed in and severed and transferred from:
Claude Rhines, et al., v. *A. O. Smith, et al.*
Circuit Court of Covington County, Mississippi; Civil Action No. 2002-191C

*Bobby L. Clark, et al., v. A.W. Chesterton, et al*
Circuit Court of Hinds County, Action No.  251-04-000836-CIV

*Roy Barry, et al., v. A.O. Smith, et al.*
In the United States District Court for the Southern District of Mississippi
Southern Division; Civil Action No. 1:04CV731GRo

*Hubert D. Stuart, et al., v. A.O. Smith, et al*
*Circuit Court of Hinds County, Mississippi; First Judicial District*
*Civil Action No.  251-04-244*

*Paul Brumfield, et al. v. A-Bex Corporation, et al.*
In the Circuit Court of Jones County, Mississippi, Second Judicial District
Civil Action No. 2004-253CV12
originally filed in and severed and transferred from:
Paul Touchstone, et al., v. A-Bex Corporation, et al
Second Judicial District, Jones County, Mississippi; Civil Action No.
2002-2-CV1

15



WR GRACE PIQ 010189-0047

*Harold J. Anderson, et al., v. Goulds Pump Trading Corporation, et al,*
Circuit Court of Forrest County, Mississippi, Civil Action No. CI02-0303

*Frank Bankston, et al v. Westinghouse Electric Corporation, et al.,*
United States District Court, Southern District of Mississippi,
Southern Division, Civil Action No. 1:01CV162GR

*Jack Chandler v. American Cyanamid Co., et al.*
In the Circuit Court of Jones County, Mississippi; Second Judicial District
Civil Action No. 2005-50-CV3
originally filed in and severed and transferred from:
*Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al*
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil
Action No. 2000-134-CV8

*Archie W. Courtney v. Acco Chain & Lifting, et al.*
In the Circuit Court of Jones County, Mississippi, Second Judicial District
Civil Action No. 2004-219-CV9
originally filed in and severed and transferred from:
*Michael R. Flynn, et al., v. ACCO Chain & Lifting, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No.
2002-144-CV4;

*Thurman Ferguson, v.* Circuit Court of Adams County, Mississippi; Civil
Action No. 02-KV-0817-J
originally filed in and severed and transferred from:
*Bobby G. Hall, et al., v. A. O. Smith, et al.*
Circuit Court of Adams County, Mississippi; Civil Action No. 02-KV-
0817-J

*Donald Dunaway, v. A.O. Smith, et al;* Circuit Court of Forrest County,
Mississippi; Civil Action No. CI-05-0022
originally filed in and severed and transferred from:
Claude Rhines, et al., v. *A. O. Smith, et al.*
Circuit Court of Covington County, Mississippi; Civil Action No. 2002-
191C

*J. C. Butler, v. A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2004-
0141E
Originally filed in and severed and transferred from:
Wendell R. Lambert, et al., v. *A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2002-
0105



WR GRACE PIQ 010189-0048

*Willie Funches, v. A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2004-0142E
Originally filed in and severed and transferred from:
*Wendell R. Lambert, et al., v. A. O. Smith, et al.*
Circuit Court of Lawrence County, Mississippi; Civil Action No. 2002-0105

*James Parish v. American Standard, Inc., et al.*
In the Circuit Court of Jones County, Mississippi; Second Judicial District
Civil Action No. 2005-51-CV3
originally filed in and severed and transferred from:
*Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al*
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil
Action No. 2000-134-CV8

*Faye E. Hamilton, etc. v. Allen-Bradley Co., et al.*
United States District Court, Southern District, Southern Division
Civil Action No. 1:04CV732Gro

*Henry T. Ray v. Acco Chain & Lifting, et al.*
In the Circuit Court of Jones County, Mississippi, Second Judicial District
Civil Action No. 2004-218-CV9
originally filed in and severed and transferred from:
*Michael R. Flynn, et al., v. ACCO Chain & Lifting, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No.
2002-144-CV4;

*Charles Shannon, Jr. v. Acco Chain & Lifting, et al.*
In the Circuit Court of Jones County, Mississippi, Second Judicial District
Civil Action No. 2004-220-CV9
originally filed in and severed and transferred from:
*Michael R. Flynn, et al., v. ACCO Chain & Lifting, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No.
2002-144-CV4;

*Larry Thigpen v. Acco Chain & Lifting, et al.*
In the Circuit Court of Jones County, Mississippi, Second Judicial District
Civil Action No. 2004-221-CV9
originally filed in and severed and transferred from:
*Michael R. Flynn, et al., v. ACCO Chain & Lifting, et al*
Second Judicial District, Jones County, Mississippi; Civil Action No.
2002-144-CV4;

*Thomas Wilson v. Westinghouse Electric Corporation, et al*
Circuit Court of Perry County, Mississippi
Civil Action No. 2004-0027CI
originally filed in and severed and transferred from:



WR GRACE PIQ 010189-0049

*Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al*
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil
Action No. 2000-134-CV8

Debtor can obtain copies all pleadings, documents and orders filed regarding said

claimant by reviewing said court files.

Additionally, claimant objects to this request in that it seeks information which is

confidential and protected by the terms of certain settlement agreements.

Further, to the extent, claimant has been deposed and plaintiff and/or his counsel

has copies of same, said transcript is being attached.

b.  Claimant objects to these requests as being overly broad, unduly burdensome,

oppressive and beyond the scope of discovery.   Notwithstanding said objection

and to the extent claimant has filed a claim regarding asbestos, claimant attaches

hereto a chart providing the name of the person or entity against whom the claim

was submitted, the date said claim was submitted, and the date payment was

received, if any.  Finally, claimant objects to this request in that it seeks

information which is confidential and protected by the terms of certain settlement

agreements and/or trust provisions.

**Part IX:  Supporting Documentation**

Claimant objects to this request as being overly broad, unduly burdensome,

oppressive, and beyond the scope of discovery.  Without waiving objection,

claimant would affirmatively state that numerous document production have

occurred in Mississippi Asbestos Litigation wherein certain employers have

tendered records which may be responsive hereto.   All of said documents are

located at Choice Copy Service, 125 South Congress Street, Jackson, Mississippi,


WR GRACE PIQ 010189-0060

and may be reviewed by Debtor at said location or copied at debtor's expense by

direct contact with Choice Copy Service.

RESPECTFULLY SUBMITTED, this the _22_ day of _December_, 2005.


ANTHONY SAKALARIOS, ESQ.
ATTORNEY FOR PLAINTIFFS

ANTHONY SAKALARIOS, ESQ.
MORRIS, SAKALARIOS & BLACKWELL, PLLC
Post Office Drawer 1858
HATTIESBURG, MS 39403-1858
(601)544-3343
(601)544-9814 FACSIMILE



WR GRACE PIQ 010189-0051

## MORRIS, SAKALARIOS & BLACKWELL
### A PROFESSIONAL LIMITED LIABILITY COMPANY

F. MARVIN MORRIS, III
ANTHONY SAKALARIOS
CHARLES G. BLACKWELL
*SARA MORRIS FARRIS

1817 Hardy Street 39401-4914
P. O. Drawer 1858 39403-1858
Hattiesburg, Mississippi
Telephone 601-544-3343
Facsimile 601-544-9814
www.morris-sakalarios.com

STACEY LEA SIMS
SHAUN R. CADE
CHARLES G. BLACKWELL, JR.
NICHOLAS SAKALARIOS
*also admitted in Alabama

June 23, 2006

SENT VIA UPS
Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Avenue
Faribault, MN  55021

      RE:   W.R. Grace & Company

Dear Claims Processing:

Enclosed herein in the boxes numbered 1-12, please find original W.R. Grace Asbestos Personal Injury Questionnaires with accompanying documents. Additional questionnaires will be forth coming in the next few days.

Do not hesitate to contact me if you have any questions. Thank you for your attention to this matter. With kindest personal regard, I remain

Sincerely,

Stacey Lea Sims
SLS/bjm
Enclosure



WR GRACE PIQ 010189-0062

FROM:
BARBARA MCCLURE
(601) 544-3343
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 HARDY ST.
HATTIESBURG MS 39401-4914

SHIP TO:
WR GRACE PROCESSING DEPARTMENT
(601) 544-3343
RUST CONSULTING INC.
201 S. LYNDALE AVENUE
FARIBAULT MN 55021

REF 1: MSB-WR GRACE
REF 2: PACKAGE 2 OF 12

33 LBS    1 OF 1

SHIPPING DOCUMENT ONLY

BILLING: P/P

UPS GROUND

TRACKING #: 1Z A41 13V 03 4436 9159

MN 550 2-01

Fold here and place in label pouch

UOW  8.0/16 PP LaserJet 8.5/LGA 04/2006

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire



10315607122465
RE:                                **REDACTED**
Morris & Sakalarios
610 West Pine Street
Hattiesburg MS 39401

RECD JUN 2 0 2006

000938122465

WR GRACE PIQ 010185-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

WR GRACE PIQ 010186-0003

In re:                                    ) Chapter 11
                                          )
W. R. GRACE & CO., et al.,                ) Case No. 01-01139 (JKF)
                                          ) Jointly Administered
                    Debtors.              )
                                          )

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

| IF SENT BY U.S. MAIL | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
|---|---|
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.



## INSTRUCTIONS

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-re wrongful death claim." This term is intended to cover any lawsuit alleging any claim for perso. that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.

   Do **not** send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I – Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II – Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

ii