

WR GRACE PIQ 36027-0001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:                                  )    Chapter 11
                                        )
W. R. GRACE & CO., et al.,              )    Case No. 01-01139 (JKF)
                                        )    Jointly Administered
         Debtors.                       )
                                        )

# W. R. Grace
# Asbestos Personal Injury

*Budd*

YOU HAVE RECEIVED THIS QUES~~...~~ ... ...D ONE OR MORE OF THE DEBTORS LISTED
IN APPENDIX A ATTACHED TO T~~...~~ ...TCY ON APRIL 2, 2001 FOR AN ASBESTOS-
RELATED PERSONAL INJURY OR ... ...LLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YO~~...~~ ...JANUARY 12, 2006 TO RUST CONSULTING,
INC., THE CLAIMS PROCESSING A~~...~~

        IF SENT BY U.S. MAIL                        ...TED PARCEL
                                                    ...VERY SERVICE

            RUST CONSULTIN~~...~~
            CLAIMS PROCESSI~~...~~
            RE: W.R. GRACE &~~...~~                 ,
            P.O. BOX 1620
            FARIBAULT, MN 5~~...~~                  ...RUPTCY

A QUESTIONNAIRE (AND ANY A~~...~~              OF THE QUESTIONNAIRE) WILL <u>NOT</u> BE
CONSIDERED UNLESS RECEIVED

THIS QUESTIONNAIRE IS AN OFFIC~~...~~                          ...N WITH ESTIMATING GRACE'S ASBESTOS-
RELATED PERSONAL INJURY AND ... ... ...NAIRE IS BEING USED BY W. R. GRACE AS
A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY
AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK
TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF
REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY
CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS
COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE
FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF
A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES <u>NOT</u> MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED
OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR
CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

i



WR GRACE PIQ 35027-0002

## INSTRUCTIONS

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related personal injury or wrongful death" is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.

   Do **not** send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I -- Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray reading and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

M5656

WR GRACE PIQ 3G027-0003

### PART III -- Direct Exposure to Grace Asbestos-Containing Products

In Part III, please provide the requested information for the job and site at which you were exposed to Grace asbestos-containing product of exposure to each Grace asbestos-containing product. If your exposure was a result of your employment, use the list of occupation an to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

### Occupational Codes

| | | | |
|---|---|---|---|
| 01. | Air conditioning and heating installer/maintenance | 31. | Iron worker |
| 02. | Asbestos miner | 32. | Joiner |
| 03. | Asbestos plant worker/asbestos manufacturing worker | 33. | Laborer |
| 04. | Asbestos removal/abatement | 34. | Longshoreman |
| 05. | Asbestos sprayer/spray gun mechanic | 35. | Machinist/machine operator |
| 06. | Assembly line/factory/plant worker | 36. | Millwright/mill worker |
| 07. | Auto mechanic/bodywork/brake repairman | 37. | Mixer/bagger |
| 08. | Boilermaker | 38. | Non-asbestos miner |
| 09. | Boiler repairman | 39. | Non-occupational/residential |
| 10. | Boiler worker/cleaner/inspector/engineer/installer | 40. | Painter |
| 11. | Building maintenance/building superintendent | 41. | Pipefitter |
| 12. | Brake manufacturer/installer | 42. | Plasterer |
| 13. | Brick mason/layer/hod carrier | 43. | Plumber - install/repair |
| 14. | Burner operator | 44. | Power plant operator |
| 15. | Carpenter/woodworker/cabinetmaker | 45. | Professional (e.g., accountant, architect, physician) |
| 16. | Chipper | 46. | Railroad worker/carman/brakeman/machinist/conductor |
| 17. | Clerical/office worker | 47. | Refinery worker |
| 18. | Construction - general | 48. | Remover/installer of gaskets |
| 19. | Custodian/janitor in office/residential building | 49. | Rigger/stevedore/seaman |
| 20. | Custodian/janitor in plant/manufacturing facility | 50. | Rubber/tire worker |
| 21. | Electrician/inspector/worker | 51. | Sandblaster |
| 22. | Engineer | 52. | Sheet metal worker/sheet metal mechanic |
| 23. | Firefighter | 53. | Shipfitter/shipwright/ship builder |
| 24. | Fireman | 54. | Shipyard worker (md. repair, maintenance) |
| 25. | Flooring installer/tile installer/tile mechanic | 55. | Steamfitter |
| 26. | Foundry worker | 56. | Steelworker |
| 27. | Furnace worker/repairman/installer | 57. | Warehouse worker |
| 28. | Glass worker | 58. | Welder/blacksmith |
| 29. | Heavy equipment operator (includes truck, forklift, & crane) | 59. | Other |
| 30. | Insulator | | |

### Industry Codes

| | | | |
|---|---|---|---|
| 001. | Asbestos abatement/removal | 109. | Petrochemical |
| 002. | Aerospace/aviation | 110. | Railroad |
| 100. | Asbestos mining | 111. | Shipyard-construction/repair |
| 101. | Automotive | 112. | Textile |
| 102. | Chemical | 113. | Tire/rubber |
| 103. | Construction trades | 114. | U.S. Navy |
| 104. | Iron/steel | 115. | Utilities |
| 105. | Longshore | 116. | Grace asbestos manufacture or milling |
| 106. | Maritime | 117. | Non-Grace asbestos manufacture or milling |
| 107. | Military (other than U.S. Navy) | 118. | Other |
| 108. | Non-asbestos products manufacturing | | |

iii

**E. PART IV — Indirect Exposure to Grace Asbestos-Containing Products**
In Part IV, please provide the information requested for any injury alleged to have been caused by exposure to Grace asbestos-containing contact/proximity with another injured person. If you allege exposure through contact/proximity with multiple injured persons, please Part IV for each injured person. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F. PART V — Exposure to Non-Grace Asbestos-Containing Products**
In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party. If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G. PART VI — Employment History**
In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V. Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H. PART VII — Litigation and Claims Regarding Asbestos and/or Silica**
In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I. PART VIII — Claims by Dependents or Related Persons**
Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure. One example of such a claim would be a claim for loss of consortium. If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J. PART IX — Supporting Documentation**
In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire. As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed. Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K. PART X — Attestation that Information is True, Accurate and Complete**
By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

PART I. IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

WR GRACE PIQ 35027-0005

**a. GENERAL INFORMATION** ___ REDACTED ___

1. Name of Claimant: _____   2. Gender: ☒ Male  ☐ Female
   _____
   First                        MI                        Last

3. Race (for purposes of evaluating Pulmonary Function Test results): . . . . . . . See Attached PFT, if applicable  ☐  White/Caucasian

### REDACTED
                                                                                    ☐  African American
                                                                                    ☐  Other

4. Last Four Digits of Social Security Number: _____   5. Birth Date: _____

6. Mailing Address: _____
   _____
   Address                        City                    State/Province    Zip/Postal Code

7. Daytime Telephone Number: . . . . . . . . . . . . . . . . . . . . . . . . . . .   (361) 547-8051

**b. LAWYER'S NAME AND FIRM**

1. Name of Lawyer:   Natalie Duncan

2. Name of Law Firm With Which Lawyer is Affiliated:   Baron & Budd, P.C.

3. Mailing Address of Firm:   3102 Oak Lawn Ave. Suite 1100    Dallas         TX        75219-4281
                              Address                          City           State/Province   Zip/Postal Code

4. Law Firm's Telephone Number or Lawyer's Direct Line: . . . . . . . . . . . . . . . . . . . .   (214)521-3605

   ☒  Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such
      materials to you.

**c. CAUSE OF DEATH (IF APPLICABLE)**

1. Is the injured person living or deceased? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ☐  Living   ☒  Deceased

   If deceased, date of death: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   01/28/2004

2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the
   following:

   Primary Cause of Death (as stated in the Death Certificate): _____ See attached death certificate _____

   Contributing Cause of Death (as stated in the Death Certificate): _____ See attached death certificate _____

PART II. ASBESTOS RELATED CONDITIONS

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this
Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the
same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses
or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as
Appendix C to this Questionnaire. **Subject to the foregoing objections, please refer to response below.**

1. Please check the box next to the condition being alleged:

   ☒  Asbestos-Related Lung Cancer          ☐  Mesothelioma

   ☐  Asbestosis                            ☐  Other Cancer (cancer not related to lung cancer or mesothelioma)

   ☐  Other Asbestos Disease                ☐  Clinically Severe Asbestosis

   a. **Mesothelioma:** If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):

      ☐  diagnosis from a pathologist certified by the American Board of Pathology

      ☐  diagnosis from a second pathologist certified by the American Board of Pathology

      ☐  diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial casual role in the
         development of the condition

      ☐  other (please specify): _____

REC'D JUL 11 2006

1

PART II: ASBESTOS-RELATED CONDITIONS (Continued)

WR GRACE PIQ 35027-0006

b. **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cance (check all that apply): <u>Subject to the foregoing objections, one or more of the following may apply. The answer ma_ attached medical documentation.</u>

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

☐ other (please specify): _____

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon     ☐ pharyngeal     ☐ esophageal     ☐ laryngeal     ☐ stomach cancer

☐ other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

☐ other (please specify): _____

2


WR GRACE PIQ 35027-0007

**d.    Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing: Selection of Reference Values and Interpretive Strategies*, demonstrating total lung capacity less than 65% predicted

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing: Selection of Reference Values and Interpretive Strategies*, demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other (please specify): _____

**e.    Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing: Selection of Reference Values and Interpretive Strategies*, demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other (please specify): _____

3



WR GRACE PIQ 35027-0008

PART II: ASBESTOS-RELATED CONDITIONS (Continued)

**f.   Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than t diagnosis based on the following (check all that apply):

☐   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐   diagnosis determined by pathology

☐   a chest x-ray conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐   a chest x-ray conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐   a chest x-ray reading other than those described above

☐   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing: Selection of Reference Values and Interpretive Strategies*, demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐   a pulmonary function test other than that discussed above

☐   a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐   A CT Scan or similar testing

☐   a diagnosis other than those above

☐   other (please specify): _____

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

PART II. ASBESTOS-RELATED CONDITIONS (Continued)

WR GRACE PIQ 35027-0009

2.  **Information Regarding Diagnosis**  Subject to the foregoing objections, please refer to claimant's responses below and attached hereto.

Date of Diagnosis: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   06/03/2002

Diagnosing Doctor's Name:   Parmar, Jaywant , M.D.

Diagnosing Doctor's Specialty:   PATHOLOGIST

Diagnosing Doctor's Mailing Address:   162 Seneca Drive
Address

Wheeling                                           WV                                    26003
City                                               State/Province                      Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: . . . . . . . . . . . . . . . . .   (304)277-2129

With respect to your relationship to the diagnosing doctor, check all applicable boxes: Subject to the foregoing objections, please refer to responses below.

Was the diagnosing doctor your personal physician? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ☐ Yes   ☒ No

Was the diagnosing doctor paid for the diagnostic services that he/she performed? . . . . . . . . . . . . . . . . .   ☒ Yes   ☐ No

*If yes, please indicate who paid for the services performed:*   Claimant paid for the services through his/her counsel.
Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? Please   ☐ Yes ☐ No
refer to the foregoing objections.

Was the diagnosing doctor referred to you by counsel? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ☐ Yes   ☐ No
Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the
question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant
through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as
needed to establish the elements of Claimant's claim under state law.

Are you aware of any relationship between the diagnosing doctor and your legal counsel? . . . . . . . . . . . . .   ☐ Yes   ☐ No

*If yes, please explain:*     Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot
be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel
to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of
Claimant's claim under state law.

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine
at the time of the diagnosis? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . N/A ☐ Yes   ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the
diagnosis? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ☒ Yes   ☐ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to
diagnosis? . . . . . . . . . . . . . . . . . . . . . . . . . . . See attached medical documentation, if applicable   ☐ Yes   ☐ No

Did the diagnosing doctor perform a physical examination? See attached medical documentation, if applicable   ☐ Yes   ☐ No

Do you currently use tobacco products? . . . . . . . . . See attached interrogatory responses, if applicable   ☐ Yes   ☐ No

Have you ever used tobacco products? . . . . . . . . . . . . . . . . . . See attached interrogatory responses, if applicable   ☐ Yes   ☐ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:* See attached interrogatory responses, if applicable.

| ☒ Cigarettes | Packs Per Day (half pack = .5) | 1 | Start Year _____ | End Year _____ |
| ☐ Cigars | Cigars Per Day | | Start Year _____ | End Year _____ |
| ☐ If Other Tobacco Products, please specify (e.g., chewing tobacco): | | | | |
| | Amount Per Day | _____ | Start Year _____ | End Year _____ |

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? . . . . . . . . . . .   ☐ Yes   ☐ No
See attached medical documentation, if applicable

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*
  See attached medical documentation, if applicable

5

3.   Information Regarding Chest X-Ray

WR GRACE PIQ 36027-0010

Please check the box next to the applicable location where your chest x-ray was taken (check one): **Subject to the fore** please refer to attached deposition, if available, and attached medical documentation.

☐  Mobile laboratory     ☐  Job site     ☐  Union Hall     ☐  Doctor office     ☐  Hospital     ☐  Other: _____

Address where chest x-ray taken: _____

_____ Address _____

| City | State/Province | Zip/Postal Code |

**PART II: ASBESTOS-RELATED CONDITIONS (Continued)**

4.   Information Regarding Chest X-Ray Reading   **Subject to the foregoing objections, please refer to responses below and attached medical documentation.**

Date of Reading:     08/25/2004                                    **ILO score:**     1/1

Name of Reader:     Lucas, Philip H., M.D.

Reader's Daytime Telephone Number: . . . . . . . . . . . . . . . . . . . . . . .     (601)663-1280

Reader's Mailing Address:     Neshoba County Hospital
_____ Address _____

Philadelphia                                                   MS                              39350
City                                                          State/Province              Zip/Postal Code

With respect to your relationship to the reader, check all applicable boxes: **Subject to the foregoing objections, please refer to responses**

Was the reader paid for the services that he/she performed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ☒ Yes   ☐ No

*If yes, please indicate who paid for the services performed:*     Claimant paid for the services through his/her counsel.

Did you retain counsel in order to receive any of the services performed by the reader? **Please refer to the foregoing objections.**     ☐ Yes   ☐ No

Was the reader referred to you by counsel? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ☐ Yes   ☐ No
Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Are you aware of any relationship between the reader and your legal counsel? . . . . . . . . . . . . . . . . . . . . . . .     ☐ Yes   ☐ No

*If yes, please explain:*     Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ☒ Yes   ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

5.   Information Regarding Pulmonary Function Test:  **Subject to the foregoing objections, please refer to responses below and attached PFT.**     Date of Test:   12/14/2000

List your height in feet and inches when test given:  **See Attached PFT, if applicable**     _____ ft  _____ inches

List your weight in pounds when test given:  **See Attached PFT, if applicable**     _____ lbs

Total Lung Capacity (TLC):  **See Attached PFT, if applicable**     124     % of predicted

Forced Vital Capacity (FVC):  **See Attached PFT, if applicable**     92     % of predicted

FEV1/FVC Ratio:  **See Attached PFT, if applicable**     61     % of predicted

Name of Doctor Performing Test (if applicable):     See Attached PFT, if applicable.

Doctor's Specialty:     See Attached PFT, if applicable.

Name of Clinician Performing Test (if applicable):     See Attached PFT, if applicable.

Testing Doctor or Clinician's Mailing Address:     See Attached PFT, if applicable
_____ Address _____

6

WR GRACE PIQ 35027-0011

| City | State/Province |
| --- | --- |

Testing Doctor or Clinician's Daytime Telephone Number: . . . . .  See Attached PFT, if applicable  (_____) _____

Name of Doctor Interpreting Test:     Petroff, Peter

Doctor's Specialty:     PULMONOLOGIST

Interpreting Doctor's Mailing Address:     Independent Medical Associates, P.A.
                                                           Address

| San Antonio | TX | 78229 |
| --- | --- | --- |
| City | State/Province | Zip/Postal Code |

Interpreting Doctor's Daytime Telephone Number: . . . . . . . . . . . . . . . .     (210)614-6378

### PART II: ASBESTOS-RELATED CONDITIONS (Continued)

With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes: **Subject to the foregoing objections, please refer to responses below.**

If the test was performed by a doctor, was the doctor your personal physician? . . . . . . . . . . . . . . . . . . . . . .     ☐ Yes  ☒ No

Was the testing doctor and/or clinician paid for the services he/she performed? . . . . . . . . . . . . . . . . . . . .     ☒ Yes  ☐ No

*If yes, please indicate who paid for the services performed:*     Claimant paid for the services through his/her counsel.

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?     ☐ Yes  ☐ No
**\*Please refer to the foregoing objections.**

Was the testing doctor or clinician referred to you by counsel? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ☐ Yes  ☐ No
Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no."  The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Are you aware of any relationship between either the doctor or clinician and your legal counsel? . . . . . . . . . . .     ☐ Yes  ☐ No

*If yes, please explain:*     Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no."  The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ☒ Yes  ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ☐ Yes  ☒ No

Was the doctor paid for the services that he/she performed? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ☒ Yes  ☐ No

*If yes, please indicate who paid for the services performed:*     Claimant paid for the services through his/her counsel.

Did you retain counsel in order to receive any of the services performed by the doctor?  **\*Please refer to the foregoing objections.**     ☐ Yes  ☐ No

Was the doctor referred to you by counsel? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ☐ Yes  ☐ No
Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no."  The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Are you aware of any relationship between the doctor and your legal counsel? . . . . . . . . . . . . . . . . . . . . .     ☐ Yes  ☐ No

*If yes, please explain*     Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no."  The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed? . . . . . . . . . . . . . .     ☒ Yes  ☐ No

6.    Information Regarding Pathology Reports: **Please refer to Part II, Question 2, and attached medical documentation.**

       Date of Pathology Report: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _____

Findings:

Name of Doctor Issuing Report:

Doctor's Specialty:

Doctor's Mailing Address:

WR GRACE PIQ 36027-0012

Address

| City | State/Province | Zip/Postal Code |

Doctor's Daytime Telephone Number: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . □ Yes    □ No

Was the doctor paid for the services that he/she performed? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . □ Yes    □ No

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor? . . . . . . . . . . . . . . . . . . . . . . . □ Yes    □ No

Was the doctor referred to you by counsel? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . □ Yes    □ No

Are you aware of any relationship between the doctor and your legal counsel? . . . . . . . . . . . . . . . . . . . . □ Yes    □ No

*If yes, please explain:*

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . □ Yes    □ No

**PART II. ASBESTOS-RELATED CONDITION(S) (Continued)**

7.   With respect to the condition alleged, have you received medical treatment from a doctor for the condition? **Please refer to the foregoing objections.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . □ Yes    □ No

*If yes, please complete the following:*

Name of Treating Doctor:

Treating Doctor's Specialty:

Treating Doctor's Mailing Address:

Address

| City | State/Province | Zip/Postal Code |

Treating Doctor's Daytime Telephone Number: . . . . . . . . . . . . . . . . . . . . . . . .

Was the doctor paid for the services that he/she performed? . . . . . . . . . . . . . . . . . . . . . . . . . □ Yes    □ No

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor? . . . . . . . . . . . . . . . . . . . . . □ Yes    □ No

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

8

WR GRACE PIQ 35027-0013

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products

(b) A worker who personally removed or cut Grace asbestos-containing products

(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify

Site of Exposure: Subject to the foregoing objections, please refer to the attached WHS, Interrogatory responses, Statement of Earnings and/or depositions, if applicable

Site Name: _____

Site Type: ☐ Residence  ☐ Business

Employer During Exposure: _____

Location: _____

Site Owner: _____

Unions of which you were a member during your employment: _____

| Products | Basis for Identification of Grace Products | Place and Frequency of Exposure (days/year/hrs/day) | Description | Industry Code | Were all Grace asbestos-containing products you allege exposure to installed or applied at the site by a contractor, subcontractor or third party? | Nature of Exposure |
|---|---|---|---|---|---|---|
| Job 1 Description: | | | | | | |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| Job 4 Description: | | | | | | |
| Job 5 Description: | | | | | | |
| Job 6 Description: | | | | | | |

9

WR GRACE PIQ 36027-0014

**PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS**

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person? Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.  ☐ Yes  ☐ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person: Subject to the foregoing objections, please refer to the attached WHS, interrogatory responses and deposition, if applicable.

   Name of Other Injured Person: _____  Gender: ☐ Male ☐ Female

   Last Four Digits of Social Security Number: ___ - ___ ___ ___ ___  Birth Date: ___ / ___ / ___

3. What is your Relationship to Other Injured Person: Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.  ☐ Spouse ☐ Child ☐ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:
   Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products: Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.
   From: _____  To: _____

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:
   Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? Subject to the foregoing objections, please  ☐ Yes  ☐ No refer to attached WHS, interrogatory responses and deposition, if applicable. . . . . . . . . . . . . . . . . .

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*
   Caption: _____
   Case Number: _____  File Date: _____
   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:
   Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product: Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.
   From: ___ / ___ / ___  To: ___ / ___ / ___

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:
    Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## PART V. EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a)  A worker who personally mixed Non-Grace asbestos-containing products

(b)  A worker who personally removed or cut Non-Grace asbestos-containing products

(c)  A worker who personally installed Non-Grace asbestos-containing products

(d)  A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others.

(e)  A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f)  If other, please specify.

**Party Against which Lawsuit or Claim was Filed:**

See Attached List of Parties Against Which Lawsuit or Claim Was Filed.

Subject to the foregoing objections, for exposure information, see attached WHS, interrogatory responses, co-worker work history sheets and deposition, if applicable.

| Products | Dates and Frequency of Exposure (Beginning/End Year) | Occupation Code | Industry Code | Was exposure due to work with or in the vicinity of the product? If so, describe below. | Nature of Exposure |
|---|---|---|---|---|---|
| **Site of Exposure 1**<br>Site Name:<br>Address:<br>City and State:<br>Site Owner: | Job 1 Description:<br>Job 2 Description:<br>Job 3 Description: | | | | |
| **Site of Exposure 2**<br>Site Name:<br>Address:<br>City and State:<br>Site Owner: | Job 1 Description:<br>Job 2 Description:<br>Job 3 Description: | | | | |
| **Site of Exposure 3**<br>Site Name:<br>Address:<br>City and State:<br>Site Owner: | Job 1 Description:<br>Job 2 Description:<br>Job 3 Description: | | | | |

11

WR GRACE PIQ 35027-0015

**WR GRACE PIQ 35027-0016**

## PART VI  EMPLOYMENT HISTORY

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your
For each job, include your employer, location of employment, and dates of employment.  Only include jobs at which you worked for at least one month.  Please
use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.  **Subject to the foregoing objections, please refer to
attached Itemized Statement of Earnings, WHS and deposition, if applicable.**

Occupation Code: _____     If Code 59, specify: _____

Industry Code: _____     If Code 118, specify: _____

Employer: _____

Beginning of Employment: ___ ___ / ___ ___ / ___ ___ ___ ___      End of Employment: ___ ___ / ___ ___ / ___ ___ ___ ___

Location: _____
       Address

_____
City                                   State/Province              Zip/Postal Code

Occupation Code: _____     If Code 59, specify: _____

Industry Code: _____     If Code 118, specify: _____

Employer: _____

Beginning of Employment: ___ ___ / ___ ___ / ___ ___ ___ ___      End of Employment: ___ ___ / ___ ___ / ___ ___ ___ ___

Location: _____
       Address

_____
City                                   State/Province              Zip/Postal Code

Occupation Code: _____     If Code 59, specify: _____

Industry Code: _____     If Code 118, specify: _____

Employer: _____

Beginning of Employment: ___ ___ / ___ ___ / ___ ___ ___ ___      End of Employment: ___ ___ / ___ ___ / ___ ___ ___ ___

Location: _____
       Address

_____
City                                   State/Province              Zip/Postal Code

Occupation Code: _____     If Code 59, specify: _____

Industry Code: _____     If Code 118, specify: _____

Employer: _____

Beginning of Employment: ___ ___ / ___ ___ / ___ ___ ___ ___      End of Employment: ___ ___ / ___ ___ / ___ ___ ___ ___

Location: _____
       Address

_____
City                                   State/Province              Zip/Postal Code

12

PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA

WR GRACE PIQ 35027-0017

**a.** **LITIGATION** Subject to the foregoing objections, please refer to Claimant's responses below. Claimant's responses are limited to the asbestos-related lawsuit where Debtor was sued.

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica? . . . . . . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit. For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire.*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption: _____ vs. UNITED STATES GYPSUM COMPANY _____

   Case Number:  01-00486-G _____  File Date: _01/19/2001_____

   Court Name:  134TH JUDICIAL DISTRICT _____

3. Was Grace a defendant in the lawsuit? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? Subject to the foregoing objections, see attached         ☐ Yes ☐ No
   List of Parties, if applicable.

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

   Please refer to foregoing objections.
   _____

5. Has a judgment or verdict been entered? Subject to the foregoing objections, see attached List of         ☐ Yes ☐ No
   Parties, if applicable.

   *If yes, please indicate verdict amount for each defendant(s):*        Please refer to the foregoing objections.
   _____

6. Was a settlement agreement reached in this lawsuit? Subject to the foregoing objections, please see        ☐ Yes ☐ No
   attached List of Parties, if applicable.

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant:     Please refer to the foregoing objections.

   b. Applicable defendants:     Subject to the foregoing objections, please see attached List of Parties, if applicable.

   c. Disease or condition alleged:     Subject to the foregoing objections, please see attached List of Parties, if
      applicable.

   d. Disease or condition settled (if different than disease or condition alleged): Subject to the foregoing objections, please
      see attached List of Parties, if applicable.

7. Were you deposed in this lawsuit? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

**b.** **CLAIMS** Subject to the foregoing objections, please refer to Claimant's responses below. Claimant's responses are limited to asbestos-related personal injury claims.

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an
   asbestos trust (other than a formal lawsuit in court)? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted: Subject to the foregoing objections, please see         ___ __ / ___ __ / __ __ __ __
   attached List of Parties, if applicable.

3. Person or entity against whom the claim was submitted:     Subject to the foregoing objections, please see attached List of
   Parties, if applicable.

4. Description of claim:     Subject to the foregoing objections, please see attached List of Parties, if applicable.

5. Was claim settled? Subject to the foregoing objections, please see attached List of Parties, if         ☐ Yes ☐ No
   applicable.

6. Please indicate settlement amount: Please refer to the foregoing objections.     _____

7. Was the claim dismissed or otherwise disallowed or not honored? Subject to the foregoing objections,     ☐ Yes ☐ No
   please see attached List of Parties, if applicable.

   *If yes, provide the basis for dismissal of the claim:*     Please refer to the foregoing objections.
   _____

13

REDACTED

646206

WR GRACE PIQ 36027-0018

## PART VIII. CLAIMS BY DEPENDENTS OR RELATED PERSONS

Subject to the foregoing objections, please see below for information regarding spouse, if applicable and to attached responses regarding other dependents if applicable.

Name of Dependent or Related Person: _____N/A_____ Gender: ☐ Male  ☐ Female

Last Four Digits of Social Security Number: _____ Birth Date: _____

Financially Dependent: ............................................................ ☐ Yes  ☐ No

Relationship to Injured Party: ☐ Spouse  ☐ Child  ☐ Other  If other, please specify _____

Mailing Address: _____
              Address

City _____ State/Province _____ Zip/Postal Code _____

Daytime Telephone number: ...........................................

## PART IX. SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**

☒ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☒ Supporting documentation of exposure to Grace asbestos-containing products
☒ Supporting documentation of other asbestos exposure

☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☒ Depositions from lawsuits indicated in Part VII of this Questionnaire
☒ Death Certification

**Originals:**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products

☐ Supporting documentation of other asbestos exposure
☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT Scan reports/interpretations
☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

## PART X. ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in the Questionnaire is true, accurate and complete.

Signature: ___DECEASED_____ Date: ____/____/_____

Please Print Name: _____

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____**REDACTED**_____ Date: _12_/_05_/_2005_

Please Print Name: _____

14

WR GRACE PIQ 35027-0019

**LIST OF PARTIES AGAINST WHICH A LAWSUIT OR CLAIM WAS FILED PART IV A. LITIGATION**

Subject to the foregoing objections, please refer to the responses below for a list of each Party against which a lawsuit or claim was filed as requested in Part V of the Questionnaire and for information responsive to Part VII of the Questionnaire.

| DEFENDANT | DEFENDANT STATUS (Question VII a. 4-6) | DISEASE OR CONDITION ALLEGED | DISEASE OR CONDITION SETTLED |
|---|---|---|---|
| A. P. Green Industries, Inc. | UNRESOLVED | | |
| A. P. Green Services, Inc. | UNRESOLVED | | |
| A.C. and S., Inc. | UNRESOLVED | | |
| Ametek, Inc. | SETTLED | LC | LC |
| Aqua-Chem, Inc. | SETTLED | LC | LC |
| AstenJohnson, Inc. | SETTLED | LC | LC |
| Building Materials Corporation of America | UNRESOLVED | | |
| Certainteed Corporation | SETTLED | LC | LC |
| Champlain Cable Corporation | SETTLED | LC | LC |
| Crown Cork & Seal Company, Inc. | DISMISSED | | |
| Dow Chemical Company, successor by merger to Union Carbide Corp. | DISMISSED | | |
| Dresser Industries, Inc, successor-by-merger to Brown & Root | SETTLED | LC | LC |
| FEDERAL MOGUL CORPORATION | UNRESOLVED | | |
| Federal Mogul Global Growth, Ltd. | UNRESOLVED | | |
| FLINTKOTE | SETTLED | LC | LC |
| Foster Wheeler North America Corporation fka Foster Wheeler Energy | SETTLED | LC | LC |
| G-I Holdings, Inc. | UNRESOLVED | | |
| GAF Corporation | UNRESOLVED | | |
| General Refractories Company | UNRESOLVED | | |
| Georgia-Pacific Corporation | SETTLED | LC | LC |
| Harbison-Walker Refractories | SETTLED | LC | LC |
| INDRESCO INC. | SETTLED | LC | LC |
| J. T. THORPE CO. | SETTLED | LC | LC |
| Kellogg, Brown & Root, Inc, successor-by-merger to Brown & Root, Inc. | SETTLED | LC | LC |
| Kelly-Moore Paint Company | SETTLED | LC | LC |
| Metropolitan Life Insurance Company, Inc. | SETTLED | LC | LC |
| National Gypsum Company | UNRESOLVED | | |
| North American Refractories | SETTLED | LC | LC |
| Owens-Illinois, Inc. | UNRESOLVED | | |



WR GRACE PIQ 35027-0020

| | | | |
|---|---|---|---|
| Proko Industries, Inc. | SETTLED | LC | LC |
| Quigley Company, Inc. | SETTLED | LC | LC |
| Rapid American Corporation | DISMISSED | | |
| Riley Power, Inc. (f/k/a Babcock Borsig Power, Inc.) | SETTLED | LC | LC |
| Synkoloid | UNRESOLVED | | |
| TURNER & NEWELL | UNRESOLVED | | |
| Turner & Newell Industries, Inc. | UNRESOLVED | | |
| Turner & Newell, Ltd. | UNRESOLVED | | |
| U. S. Mineral Products Co. | UNRESOLVED | | |
| Union Carbide Corporation | SETTLED | LC | LC |
| Uniroyal Holdings, Inc. | DISMISSED | | |
| United States Gypsum Company | UNRESOLVED | | |
| W. R. Grace & Co. | UNRESOLVED | | |
| Zurn Industries, Inc. | SETTLED | LC | LC |





WR GRACE PIQ 35027-0021

## LIST OF PARTIES AGAINST WHOM ANOTHER ASBESTOS CLAIM WAS FILED AND THE STATUS OF THE CLAIM

| DATE CLAIM WAS SUBMITTED | ENTITY AGAINST WHOM CLAIM WAS SUBMITTED | DESCRIPTION OF CLAIM | CLAIM STATUS |
|---|---|---|---|
| 5/16/2003 | 3M Company, f/k/a Minnesota Mining and Manufacturing Company, a/k/a 3M | ASBESTOS - PERSONAL INJURY | SETTLED |
| 7/10/2001 | Babcock & Wilcox Company | ASBESTOS - PERSONAL INJURY | UNRESOLVED |
| 1/8/2003 | CELOTEX CORPORATION | ASBESTOS - PERSONAL INJURY | UNRESOLVED |
| 5/28/2002 | Combustion Engineering Inc. | ASBESTOS - PERSONAL INJURY | SETTLED |
| 2/27/2003 | Eagle Picher Industries, Inc. | ASBESTOS - PERSONAL INJURY | SETTLED |
| 6/28/2002 | Garlock, Inc. | ASBESTOS - PERSONAL INJURY | SETTLED |
| 4/30/2003 | General Electric Company | ASBESTOS - PERSONAL INJURY | SETTLED |
| 6/29/2001 | H. K. PORTER | ASBESTOS - PERSONAL INJURY | SETTLED |
| 3/17/2003 | Halliburton Entities | ASBESTOS - PERSONAL INJURY | SETTLED |
| 2/18/2002 | Rockwool Mfg., Co. | ASBESTOS - PERSONAL INJURY | UNRESOLVED |
| 1/8/2003 | Unarco Industries, Inc. | ASBESTOS - PERSONAL INJURY | SETTLED |
| 4/21/2005 | WESTERN MACARTHUR | ASBESTOS - PERSONAL INJURY | UNRESOLVED |



WR GRACE PIQ 35027-0022

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | } | Chapter 11 |
| | } | |
| W.R. GRACE & CO., et al | } | Case No. 01-1139(JKF) |
| | } | (Jointly Administered) |
| Debtors. | } | |

## CLAIMANT'S OBJECTIONS AND RESPONSES TO THE
## W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Claimant[1] _____, by and through his counsel, Baron & Budd, P.C., submits the following objections and responses to the "W.R. Grace Asbestos Personal Injury Questionnaire" ("Questionnaire"). In order to maintain the integrity of the formatting on Debtor's Questionnaire, Claimant has set out all of his/her general and specific objections in the following separate sections of this response and hereby incorporates each of these objections into Claimant's Questionnaire responses by reference herein.

## CLAIMANT'S GENERAL OBJECTIONS TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Claimant hereby files these objections in response to the Questionnaire propounded by W.R. Grace.

1.      Claimant objects to the Questionnaire and its Instructions to the extent that they impose discovery obligations beyond those of the Federal Rules of Bankruptcy Procedure and/or the rules of civil procedure in the state where Claimant filed an asbestos personal injury lawsuit. Claimant will respond to the discovery Questionnaire in accordance with those rules. Claimant objects to the Instructions as they make document requests that are overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Claimant contends that the burden and expense of responding to Debtor's Questionnaire in the format requested by Debtor outweighs its likely benefit.

2.      Claimant objects to the Questionnaire and its Instructions to the extent that they seek information or identification of documents that are attorney work product, subject to the attorney-client or consulting expert privileges, or are otherwise not discoverable under the Federal Rules of Bankruptcy Procedure or the rules of civil procedure in the state where Claimant filed an asbestos personal injury lawsuit. Claimant further objects to the Questionnaire and its Instructions to the extent it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or

---

[1]      Throughout these Objections and Responses. the "Claimant" means the person identified in the Questionnaire Part I. Subsection a. whether living or deceased. who has or had an alleged asbestos-related disease and who filed an asbestos-related lawsuit either directly or through his/her Estate.

REDACTED

WR GRACE PIQ 36027-0023

preparation for trial and who is not expected to be called as a witness at trial. Inadvertent disclosure of any such information or documents shall not constitute waiver of any privilege.

3.      By providing responses to the Questionnaire, the claimant does not concede that the information provided is discoverable, relevant, or admissible. All responses are provided subject to the objections set forth herein. Each claimant reserves the right to challenge further discovery into the subject matter of the Questionnaire.

4.      Claimant objects to any request in the Questionnaire that seeks any information that is not in the Claimant's control, custody, or possession; is already in the control, custody or possession of the Debtor; or is obtainable with equal or greater facility by the Debtor. The answers to the majority of the questions in Debtor's Questionnaire may be derived or ascertained from interrogatory responses and documents produced in connection with Claimant's asbestos personal injury lawsuit to which Debtor was a party prior to filing for bankruptcy ("Claimant's Asbestos Lawsuit"). Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document from which the answer may be derived as permitted by Rule 33(d) of the Federal Rules of Civil Procedure as incorporated by Rule 7033 of the Federal Rules of Bankruptcy Procedure.

5.      In response to this Questionnaire, Claimant objects to the extent that the questions are vague, ambiguous and premature. Moreover, Claimant objects to this Questionnaire to the extent that the scope and content of the information sought is unreasonably cumulative and duplicative.

6.      Claimant objects to this Questionnaire to the extent it requires Claimant to compile documents or information from sources not presently available to Claimants, including documents created or compiled by third parties. Claimant objects to the Questionnaire to the extent it purports to require Claimant to gather and summarize information contained in voluminous papers that are already matters of public record.

7.      Claimant objects to this Questionnaire to the extent that the questions and their discreet sub-parts exceed twenty-five (25) in number.

8.      By submitting this response to the Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court. Claimant reserves (i) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C. § 157(b)(5).



WR GRACE PIQ 36027-0024

## CLAIMANT'S SPECIFIC OBJECTIONS TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

### INSTRUCTIONS

1.      Claimant objects to Instruction A.1 to the extent that it purports to include claims under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement or indemnity on the ground that it is overly broad and requests information that is not relevant to the subject matter of the estimation proceeding.

2.      Claimant objects to Instruction C in its entirety and Instruction J regarding medical supporting documentation on the ground that it is vague, ambiguous and exceeds the scope of discovery in that it seeks information and documents from experts that is not discoverable and is subject to the work product and consulting expert privileges. Claimant further objects to the portion of the instruction requiring claimant to "complete a separate Part II for each initial diagnosis and any previous or subsequent diagnosis or diagnostic tests that change or conflict with the initial diagnosis", on the ground that the burden outweighs its likely benefit. Claimant further objects to the instruction to attach **all** x-ray readings and reports and **all** pulmonary function test ("PFT") results on the ground that it is overly broad and ambiguous. Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.  Without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of Fed. R. Civ. P. 26(b)(4)(B):

> (a).  Claimant objects to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

> (b).  Claimant objects to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

> (c).  Claimant objects to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

> (d).  Claimant objects to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the raw data and all spirometric tracings, on which the results are based."

> (e).  Claimant objects to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

> (f).  Claimant objects to Part II of the Discovery Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original



WR GRACE PIQ 35027-0025

diagnoses." Claimant urges this objection with regard to all "conditions" for which disclosure is requested.

Subject to the foregoing, Claimant will attach any x-rays, B-reads, pulmonary function tests or pathology reports considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit.

3.    Claimant objects to Instruction D to the extent that it requests Claimant to "attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease" on the ground that it is ambiguous and exceeds the scope of discovery in that it requests documents that are subject to the work product privilege. Further, Claimant has been barred by the Bankruptcy Code Section 362 stay from pursuing discovery against Debtors.

## PART I:  IDENTITY OF INJURED PERSONS AND LEGAL COUNSEL

### Subsection (a)(7) - Daytime Telephone Number of client

Claimant objects to this inquiry on the ground that it is neither relevant nor likely to lead to the discovery of admissible evidence. Claimant is represented by counsel, as reflected herein, and may only be contacted through counsel.

## PART II:  ASBESTOS-RELATED CONDITION(S)

1.    **General Objections.**  Claimant objects to Part II of the Questionnaire in its entirety on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceeding, information that is privileged, and information from experts that is non-discoverable and is subject to the consulting expert and work product privileges. Additionally, the information sought may be derived from the Claimant's discoverable medical records, which are attached to the Questionnaire. Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from  Claimant's discoverable medical reports attached to the Questionnaire. Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communication between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or a representative of any attorney for Claimant. In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant.



2.    **Subsection 1(a)-(f) - Condition Being Alleged.**  Claimant objects to this question and each of its subparts (a-f) on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceeding, and information from experts that is non-discoverable and is subject to the consulting expert and work product privileges.  Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from the claimant's discoverable medical reports attached to the Questionnaire. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.    **Subsection 2 - Information Regarding Diagnosis.**

   a.    Claimant objects to Part II, Subsection 2 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information from experts that is non-discoverable, and seeks information that is subject to the consulting expert, work product and attorney-client privileges.  Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing.  Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information already contained in documents provided with Claimant's Questionnaire answers, and is, therefore, obtainable with equal or greater facility by the Debtors.  Claimant's diagnosis of an asbestos-related condition may be based on one or more diagnostic test(s), pathology report(s) or physical examination(s).  Therefore, asking Claimant to state a "date of diagnosis" is vague and ambiguous.  Subject to and without waiving the foregoing, in response to Part II, Subsection 2, Claimant has provided the date of the medical report prepared by the medical doctor designated by Claimant in Claimant's Asbestos Lawsuit to provide expert medical opinions regarding Claimant's asbestos-related disease as needed to establish the elements of Claimant's claim under state law and has answered the questions regarding such doctor, if such information was readily available.  Claimant has attached to this Questionnaire a copy of such expert's report along with any available x-ray readings, pulmonary function test reports ("PFT") and/or pathology reports considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit.  In addition to specifying and attaching a copy of the records from which the answer to Part II, subsection 2 may be derived or ascertained and without waiving Claimant's right to do so pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Claimant has set out in the Questionnaire response the information that is contained in the medical reports and  that was readily available to Claimant's attorney in electronic form.

   b.    Claimant further objects to the following questions in Part II, Subsection 2 regarding Claimant's relationship to the diagnosing doctor on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, are harassing and seek information that is not relevant to the proceeding.  Claimant has additional, specific objections for the questions noted below.


WR GRACE PIQ 36027-0027

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician?  ☐  Yes  ☐  No
   Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.
Was the diagnosing doctor paid for the diagnostic services that he/she performed? ☐  Yes  ☐  No
*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor?  ☐
Yes ☐ No
   Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to and/or forwarded a copy of Claimant's medical records to a medical doctor qualified to give opinions regarding asbestos-related disease.
Was the diagnosing doctor referred to you by counsel?  ☐  Yes  ☐  No
   Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.
Are you aware of any relationship between the diagnosing doctor and your legal counsel? ☐ Yes  ☐ No
   Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

   Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

4.    **Subsection 3 - Information Regarding Chest X-Ray (Location of X-Ray)**

   Claimant objects to Part II, Subsection 3 on the ground that it is harassing, and exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information from experts that is non-discoverable, and seeks information that is subject to the consulting expert and work product privileges. Claimant further objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray.

   Subject to and without waiving the foregoing, please refer to Claimant's deposition, if available, and any medical records attached hereto.


WR GRACE PIQ 35027-0028

5.    **Subsection 4 - Information Regarding Chest X-Ray Reading (Results of X-Ray)**

a.    Claimant objects to Part II, Subsection 4 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, information from experts that is non-discoverable, and information that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Additionally, Claimant objects to this question on the ground that it is duplicative of other questions herein, and thus is unduly burdensome. Claimant objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray.   Subject to and without waiving the foregoing, in response to Part II, Subsection 4, Claimant has provided information regarding Claimant's certified B-reader report considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. Claimant has set out in the Questionnaire response the information relating to Claimant's certified B-reader report that was readily available to Claimant's attorney in electronic form.

b.    Claimant objects to Part II, Subsection 4 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks:  "if Claimant retained counsel in order to receive any of the services performed by the reader;" if "the reader was referred to you by counsel"; and if Claimant is "aware of any relationship between the reader and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 4 regarding Claimant's relationship to the reader on the ground that these questions are harassing and seek information that is not relevant to the proceeding.  Claimant has additional, specific objections for the questions noted below.



WR GRACE PIQ 36027-0029

With respect to your relationship to the reader, check all applicable boxes:
Was the reader paid for the diagnostic services that he/she performed?    ☐    Yes    ☐    No
*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the reader?    ☐    Yes    ☐    No
      Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to and/or forwarded a copy of Claimant's x-ray to a medical doctor qualified to give opinions regarding asbestos-related disease.
Was the reader referred to you by counsel?    ☐    Yes    ☐    No
      Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.
Are you aware of any relationship between the reader and your legal counsel?    ☐    Yes    ☐    No
      Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

      Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

6.     **Subsection 5 - Information Regarding Pulmonary Function Test**

    a.    Claimant objects to Part II, Subsection 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Additionally, Claimant objects to this question to the extent that it purports to require Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, in response to Part II, Subsection 5, Claimant has provided information regarding Claimant's pulmonary function test ("PFT") considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. Claimant has set out in the Questionnaire response the information relating to Claimant's PFT report that was readily available to Claimant's counsel in electronic form.


WR GRACE PIQ 35027-0030

b.  Claimant objects to Part II, subsection 5 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the testing doctor or clinician;" if "the testing doctor or clinician was referred to you by counsel"; and if Claimant is "aware of any relationship between the testing doctor or clinician and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor or clinician who performed the pulmonary function test on the ground that these questions are harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

With respect to your relationship to the doctor or clinician who performed the pulmonary function test, check all applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician?   ☐ Yes   ☐   No
 Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.
Was the testing doctor and/or clinician paid for the diagnostic services that he/she performed? ☐      Yes ☐  No
 *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? ☐ Yes  ☐   No
 Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to a doctor or clinician qualified to perform a pulmonary function test.
Was the testing doctor or clinician referred to you by counsel?       ☐      Yes   ☐   No
 Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.
Are you aware of any relationship between either the doctor or clinician and your legal counsel? ☐ Yes ☐   No
 Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.
 *If yes, please explain:*

---

c.  Claimant objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor interpreting the results of the pulmonary function test on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, harassing and seek information that is not relevant to



WR GRACE PIQ 36027-0031

the proceeding. Claimant has additional, specific objections for the questions noted below.

---

With respect to your relationship to the doctor interpreting the results of the pulmonary function test, check all applicable boxes:

Was the doctor your personal physician?             ☐     Yes     ☐     No
  Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.
Was the doctor paid for the services that he/she performed?             ☐     Yes     ☐     No
  *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?     ☐     Yes     ☐     No
  **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to a medical doctor qualified to interpret the results of Claimant's pulmonary function test.**
Was the doctor referred to you by counsel?             ☐     Yes     ☐     No
  **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**
Are you aware of any relationship between the doctor and your legal counsel?  ☐  Yes  ☐  No
  **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**
  *If yes, please explain:*

---

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

7.    **Subsection 6 - Information Regarding Pathology Reports**

    a.    Claimant objects to Part II, Subsection 6 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.



b.    Claimant objects to Part II, Subsection 6 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the doctor;" if "the doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the doctor and your legal counsel." Claimant further objects to the following questions in Part II, Subsection 6 regarding Claimant's relationship to the doctor issuing the pathology report on the ground that these questions are harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician?    ☐    Yes    ☐    No

**Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the doctor paid for the services that he/she performed?    ☐    Yes    ☐    No

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?    ☐    Yes    ☐    No

**Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim.**

Was the doctor referred to you by counsel?    ☐    Yes    ☐    No

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**

Are you aware of any relationship between the doctor and your legal counsel?    ☐    Yes    ☐    No

**Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**

---

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

8.    **Subsection 7 – Medical Treatment From Doctor for Condition Alleged**

Claimant objects to this question on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is harassing. Additionally, Claimant objects to Part II, Subsection 7 of the Discovery Questionnaire to the extent that it asks if Claimant "retained counsel in order to receive any of the services performed by the doctor," on the ground that it is violative of the attorney-client communication and/or attorney work product



WR GRACE PIQ 35027-0033

privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no."
Claimant retained counsel in order to determine whether he/she had an asbestos-related claim.

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses
and documents attached thereto.

**PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS**

Claimant objects to Part III in its entirety on the ground that it is onerous, unduly burdensome
and harassing in that it would require a great amount of time, labor and expense to create a
chart of exposure to Debtor's products in the format requested by Debtor. Claimant further
objects to this question to the extent that it requires Claimant to compile or summarize
information made available to Debtor that is obtainable with equal or greater facility by the
Debtor. Subject to and without waiving the foregoing objections, the information responsive to
this request may be derived from the documents attached to Claimant's Questionnaire,
including, where available, Claimant's Work History Sheet ("WHS"), Claimant's Answers to
Interrogatories filed in connection with Claimant's Asbestos Lawsuit (referred to in the
Questionnaire response as "interrogatory responses") and the work history sheets of some of
Claimant's coworkers.

**PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS**

1.  Claimant objects to Part IV, question 1 to the extent that it is vague and ambiguous with regard
    to the use of the terms "contact/proximity" and "injured person". Claimant further objects to
    this question on the ground that it implicitly asserts unproven conclusions as established facts.
    Specifically, Claimant may have been injured by exposure to Grace products as a result of
    contact or proximity to another person, but not necessarily an "injured" person. To the best of
    Claimant's ability, Claimant understands the question to ask whether Claimant's injury is caused
    solely by contact/proximity with another person. Subject to and without waiving the foregoing,
    please see Claimant's Questionnaire responses and the documents attached hereto.

2.  Claimant objects to Part IV, question 2 to the extent that it is vague and ambiguous with regard
    to the use of the undefined term "Other Injured Person". Specifically, there may not be an
    "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this
    question to the extent that it requires Claimant to compile or summarize information made
    available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is
    actually attached to this Questionnaire. Additionally, Claimant objects to this question as it
    exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the
    estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's
    Questionnaire responses and the documents attached hereto.

3.  Claimant objects to Part IV, question 3 to the extent that it is vague and ambiguous with regard
    to the use of the undefined term "Other Injured Person". Specifically, there may not be an



WR GRACE PIQ 36027-0034

"Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4.    Claimant objects to Part IV, question 4 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.    Claimant objects to Part IV, question 5 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Claimant also objects to this question on the ground that Claimant may not know the specific day, month, and year of another person's exposure and therefore cannot answer the question. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.    Claimant objects to Part IV, question 6 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

7.    Claimant objects to Part IV, question 7 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made



WR GRACE PIQ 35027-0035

available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire.  Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

8.    Claimant objects to Part IV, question 8 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor.  Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

9.    Claimant objects to Part IV, question 9 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor.  Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

10.   Claimant objects to Part IV, question 10 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor.  Additionally, Claimant objects to this question on the ground that Claimant may not recall the exact day, month, and year his or her exposure began or ended, and, in that regard, this question is unduly burdensome.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

## PART V:  EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects to Part V as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein.  Claimant objects to this interrogatory on the ground that it is unduly burdensome, onerous and harrassing in that it would require a great amount of time, labor and expense to create a chart of exposure in the format requested by Debtor and then to create a separate chart for each party against which Claimant has filed an asbestos lawsuit or claim.  Claimant further objects to Part V to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor.  Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Work History Sheet, Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit ("interrogatory responses") and the work history sheets of some of Claimant's coworkers.  In addition, Claimant has attached to the Questionnaire a List of Parties Against which a Lawsuit or Claim was Filed ("List of Parties").



WR GRACE PIQ 35027-0036

## PART VI: EMPLOYMENT HISTORY

Claimant objects to Part VI on the ground that it is unduly burdensome and harassing and it would require a great amount of time, labor and expense to complete this section of the Questionnaire in the format requested by Debtors. Claimant further objects to this question because it requires Claimant to compile or summarize information from Claimant's Social Security records that is obtainable with equal or greater facility by the Debtor. Claimant further objects to providing information, including but not limited to, the occupation and industry codes for employers or jobsites where Claimant has not alleged any asbestos exposure as it exceeds the scope of permissible discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein, and is harassing to Claimant.

Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Itemized Statement of Earnings prepared by the Social Security Administration, Claimant's Work History Sheet, and Claimant's deposition, if available.

## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA

### Subsection a. - Litigation

1.  Claimant objects to Part VII, Subsection a, question 1 as it is overly broad in that it is not limited to *asbestos- related personal injury* lawsuits; and further, it is not limited to the lawsuit in which Debtor was sued. Claimant responds to this entire Subsection a (questions 1 through 7) as if the question were so limited. Claimant further objects to this subpart to the extent that it requires Claimant to summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Responding to Part VII, Subsection a in the format in Debtor's Questionnaire is harassing and unduly burdensome. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto. Claimant's counsel does not represent Claimant in a lawsuit regarding silica.

2.  Claimant objects to Part VII, Subsection a, question 2, to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos- related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.  Claimant objects to Part VII, Subsection a, question 3 on the ground that it is harrassing in that Grace knows equally as well as Claimant whether or not it was named as a defendant in Claimant's lawsuit, if any. Claimant objects to this subpart as it is



WR GRACE PIQ 35027-0037

overly broad in that it is not limited to *asbestos- related personal injury* lawsuits.
Further, Claimant objects to this subpart on the ground that it exceeds the permissible
scope of discovery in that it seeks information that is not relevant to the estimation
proceeding, nor reasonably calculated to lead to admissible evidence therein. Subject
to and without waiving the foregoing, please see Claimant's Questionnaire responses
and the documents attached hereto.

4.      Claimant objects to Part VII, Subsection a, question 4 on the ground that it seeks
information that is neither relevant, nor necessary to the estimation proceeding, nor
reasonably calculated to lead to admissible evidence therein. Whether a particular
defendant has been dismissed has no bearing on Debtor's several share of the liability.
Additionally, Claimant objects on the ground that it is unduly burdensome to provide
the basis for dismissal for each of the dismissed defendants, if any. Claimant further
objects to this subpart as it is overly broad in that it is not limited to *asbestos- related
personal injury* lawsuits. Subject to and without waiving the foregoing, please see
Claimant's Questionnaire responses and the documents attached hereto.

5.      Claimant objects to Part VII, Subsection a, question 5 on the ground that it exceeds the
scope of discovery in that it seeks information that is not relevant, nor necessary to the
estimation proceeding, nor reasonably calculated to lead to admissible evidence therein.
The existence and amount of any verdict or judgment against any defendant other than
Debtor has no bearing on Debtor's several share of the liability. Claimant objects to
this subpart as it is overly broad in that it is not limited to *asbestos- related personal
injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's
Questionnaire responses and the documents attached hereto.

6.      Claimant objects to Part VII, Subsection a, question 6 and each of its subparts
regarding settlements reached in the lawsuit as it exceeds the permissible scope of
discovery in that it is not relevant to the subject matter of the estimation proceeding, nor
reasonably calculated to lead to admissible evidence therein and requests privileged or
confidential information. Specifically, the terms of the settlement agreements, if any,
including the settlement amounts, if any, are irrelevant to an aggregate estimate of
Debtor's liability. Claimant further objects to this subpart as it is overly broad to the
extent that it seeks information beyond *asbestos- related personal injury* lawsuits.
Settlements with other defendants are irrelevant to Debtor's several share of the
liability, and Debtor would get a set-off or credit for such settlements only for the cases
that were tried all the way to judgment, which clearly will not happen in the context of
the present proceeding. Further, for a majority of defendants, any settlement
agreements are subject to a confidentiality agreement.

Claimant specifically objects to providing the "disease or condition alleged" and the "the
disease or condition settled" (Part VII.a.6(c) and (d)) on the ground that it is ambiguous
and harassing. Claimant filed a lawsuit alleging Claimant suffered injuries proximately
caused by Claimant's exposure to asbestos-containing products designed,



WR GRACE PIQ 35027-0038

manufactured and sold by the Defendants named in the lawsuit, and any settlements were related to those allegations. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the List of Parties attached hereto. Claimant has provided information regarding the status of his/her claim against the Defendants named in Claimant's Asbestos Lawsuit in the attached List of Parties.

7.    Claimant objects to Part VII, Subsection a, question 7 on the ground that it is overly broad and unduly burdensome. Further, Claimant's deposition testimony is duplicative of information already provided herein. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

## Subsection b - Claims

1.    Claimant objects to Part VII, Subsection b, question 1 as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein, and requests privileged or confidential information. Claimant further objects that responding to Part VII, Subsection b in the format in Debtors' Questionnaire is harassing and unduly burdensome. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Claimant responds to this entire subsection b (questions 1 through 7) as if the questions were so limited. Subject to and without waiving the foregoing, Claimant has provided information regarding the status of his asbestos claim against any asbestos trust in the attached List of Parties.

2.    Claimant objects to Part VII, Subsection b, questions 2, 3 and 4 on the ground that it seeks information that is neither relevant to the estimation proceeding, nor necessary to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein. The date and entity against whom a claim was submitted has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos- related personal injury* claims. Subject to and without waiving the foregoing, please see the attached List of Parties.

3.    Claimant objects to Part VII, Subsection b, questions 5 and 6 regarding settlements with an asbestos trust as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein, and requests privileged or confidential information. The settlement amounts are not relevant to an <u>aggregate</u> estimate of Debtor's liability or to Debtor's several share of the liability. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos- related personal injury* claims. Subject to and without waiving the foregoing, Claimant has noted the settled claims on the attached List of Parties.


WR GRACE PIQ 35027-0039

4.    Claimant objects to Part VII, Subsection b, question 7 on the ground that it seeks
information that is neither relevant, nor necessary to the estimation proceeding, nor
reasonably calculated to lead to admissible evidence therein.  Whether a particular
defendant has been dismissed has no bearing on Debtor's several share of the liability.
Additionally, Claimant objects on the ground that it is unduly burdensome to provide
the basis for dismissal for each of the dismissed defendants, if any, and it is overly
broad in that it is not limited to *asbestos- related personal injury* lawsuits.  Subject to
and without waiving the foregoing, please see Claimant's Questionnaire responses and
the  documents attached hereto.

## PART VIII:  CLAIMS BY DEPENDENTS OR RELATED PERSONS

Claimant objects to Part VIII on the ground that information regarding dependents or related
persons who sued the Debtors before April 2, 2001 is equally available to Debtors.  Subject to
and without waiving the foregoing, Claimant has provided information regarding Claimant's
spouse where available.  Please see attached interrogatory responses and Debtors' own
records for information regarding dependents.



WR GRACE PIQ 35027-0040

## QUESTIONNAIRE RESPONSES

Claimant hereby incorporates by reference all of the foregoing general and specific objections into Claimant's Questionnaire responses and has provided the following responses subject to those objections.  Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document(s) from which the answer may be derived, including but not limited to Claimant's medical records, Claimant's Work History Sheet (referred to in the  Questionnaire response as "WHS"), Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit (referred to in the Questionnaire response as "interrogatory responses"), work history sheets of Claimant's coworkers (referred to in the Questionnaire responses as "Coworker WHS"), Claimant's Itemized Statement of Earnings prepared by the Social Security Administration (referred to in the Questionnaire responses as "Statement of Earnings") and Claimant's deposition.  In addition, Claimant has compiled information responsive to the Questionnaire in the attached List of Parties Against which a Lawsuit or Claim Was Filed (referred to in the Questionnaire responses as "List of Parties").



WR GRACE PIQ 36027-0041

Respectfully submitted,

BARON & BUDD
A PROFESSIONAL CORPORATION
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
PHONE NO.: (214) 521-3605
FAX NO.: (214) 520-1181

By: _____

RUSSELL BUDD
TX BAR NO. 03312400

WR GRACE PIQ 35027-0042

# BARON & BUDD

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
SUITE 1100
3102 OAK LAWN AVENUE
DALLAS, TEXAS 75219-4281
(214) 521-3605
TELECOPIER (214) 520-1181

FREDERICK M. BARON
RUSSELL W. BUDD (TX & LA)
BRENT M. ROSENTHAL
LISA A. BLUE, PH.D.
MARY E. SKELNIK
STEVEN D. WOLENS
MELISSA K. HUTTS (TX & MO)
STEVE BAUGHMAN-JENSEN
ALLEN M. STEWART (TX & PA)
LAURA BAUGHMAN (TX & MO)
LAURIE J. MEGGESIN
ALAN B. RICH (TX & IL)
ELLEN A. PRESBY
SCOTT SUMMY (TX & MO)
MISTY A. FARRIS
KEVIN D. MCHARGUE
JAMES D. PIEL (TX & OK)
S. ANN SAUCER (TX & LA)
LANCE A. POOL (TX & OK)
JOHN J. SPILLANE
BEN K. DUBOSE
LAWRENCE G. GETTYS (TX & LA)

FRANK E. GOODRICH
CELESTE A. EVANGELISTI (TX, AR & MN)
CHARLA G. ALDOUS
CARY L. MCDOUGAL
STEVEN T. BARON

OF COUNSEL

JANICE PENNINGTON (TX & AZ)
JOHN L. YATES
BRUCE W. STECKLER

DIANE M. ANDREW (IL & MO Only)
SAM T. RICHARD (TX & OK)
CHRISTINA E. MANCUSO
SCOTT MORRISON
WESLEY K. YOUNG
STEPHEN C. JOHNSTON
WILLIAM K. TAPSCOTT, JR. (TX, AR & WI)
AMY J. SHAHAN
PATRICK O'NEAL (LA Only)
ANDREA S. BOURNE

VIRGINIA ADAMS MARENTETTE
J. H. GRIMES (TX & KY)
MARTY A. MORRIS
LAURA M. CABUTTO
SCOTT R. FRIELING
NATALIE F. DUNCAN
CARLA M. BURKE (TX & NJ)
TIFFANY NEWLIN DICKENSON (TX & MS)
JACQUELINE MONTEJANO
REY FERNÁNDEZ
EDMOND L. MARTIN
DONNA J. BLEVINS
STEPHANIE BROOKS LESMES
DAVID T. RITTER
CHRIS J. PANATIER
RENÉE MELANÇON
THERESA NELSON RUCK (KY & OH Only)
D. CARL MONEY (TX & MO)
CHAD R. COTTEN
BRIAN K. PEACOCK
ERIN ANDERSON FARRIS
JORY D. LANGE, JR.

STEPHEN T. BLACKBURN (TX & GA)
RANDALL K. PULLIAM (TX & AR)
JOHN L. LANGDOC (TX & CA)
AMANDA R. TYLER
ROXANNE MCKENZIE LINTON (LA Only)
DENYSE F. CLANCY
RYAN C. LEGGEIRO (TX & CO)
BART DALTON (TX & GA)
DAVID L. GREEN
CLAIRE T. BRIGGS
M. CRISTINA SANCHEZ
STEPHEN LIU
TINA POTTER
SHARON D. BAUTISTA
CHARLES E. SOECHTING, JR.
CAROLIN K. SHINING (CA & IL Only)
PAUL M. LYNCH (TX & AL)
CARRIE A. HILL
SHERRY L. TALTON
SUSAN LAUREA LASALLE
ELIZABETH A. SALINAS
ROBERT D. CRAIN

July 10, 2006

**VIA FEDERAL EXPRESS**

Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Avenue
Faribault, MN 55021

RE:    **W.R. Grace Asbestos Personal Injury Questionnaires**

Dear Sir/Madam:

Enclosed please find ten (10) CDs with Claimant's Objections and Responses to the W.R. Grace Asbestos Personal Injury Questionnaire for the Claimants listed on the attached Exhibit 1. Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document(s) from which the answer may be derived. Due to the volume, these documents are not attached to the Questionnaire, but will be made available for inspection and/or copying in the Dallas offices of Baron & Budd, P.C. during reasonable office hours upon reasonable notice.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Natalie F. Duncan

NFD:brw

Enclosure

I:\Natalie\wr grace\rust consulting 71006.wpd



FedEx | Ship Manager | Label 7927 9120 3134

Page 1 of 1

FedEx Express

**E**

Ship Date: 10JUL06
ActWgt: 5 LB
System#: 9472717/INET2500
Account#: S*********

REF: Ttwg_mail_077006.xls

Delivery Address Bar Code

From:  Origin ID: (214)521-3605
David Belcher
BARON AND BUDD
3102 Oak Lawn Ave.
Suite 1100
Dallas, TX 75219

BILL SENDER

SHIP TO: (800)224-4459
W.R. Grace Bankruptcy
Rust Consulting, Inc.
201 S. Lyndale Avenue

Faribault, MN 55021



PRIORITY OVERNIGHT

TUE
Deliver By:
11JUL06

TRK# 7927 9120 3134   FORM
0201

MSP    AA

55021   -MN-US

NR FBLA