WR GRACE PIQ 46905-0030

counsel".

WR GRACE PIQ 46906-0031

Claimant further objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor or clinician who performed the pulmonary function test on the ground that these questions are harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

**With respect to your relationship to the doctor or clinician who performed the pulmonary function test, check all applicable boxes:**

If the test was performed by a doctor, was the doctor your personal physician?  ☐ Yes  ☐  No
    **Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the testing doctor and/or clinician paid for the diagnostic services that he/she performed? ☐ Yes ☐ No
    *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? ☐ Yes ☐  No
    **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to a doctor or clinician qualified to perform a pulmonary function test.**

Was the testing doctor or clinician referred to you by counsel? ☐  Yes  ☐  No
    **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ☐ Yes ☐ No
    **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**
    *If yes, please explain:*

---

    c.    Claimant objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor interpreting the results of the pulmonary function test on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.



.WR GRACE PIQ  46905-0032

With respect to your relationship to the doctor interpreting the results of the pulmonary function test, check all applicable boxes:

Was the doctor your personal physician?  ☐  Yes  ☐  No
   **Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the doctor paid for the services that he/she performed?  ☐  Yes  ☐  No
   *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?  ☐  Yes  ☐  No
   **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to a medical doctor qualified to interpret the results of Claimant's pulmonary function test.**

Was the doctor referred to you by counsel?  ☐  Yes  ☐  No
   **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**

Are you aware of any relationship between the doctor and your legal counsel?  ☐  Yes  ☐  No
   **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**
   *If yes, please explain:*

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

7.  **Subsection 6 - Information Regarding Pathology Reports**

   a.   Claimant objects to Part II, Subsection 6 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary in this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

   b.   Claimant objects to Part II, Subsection 6 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the doctor;" if "the doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 6 regarding Claimant's relationship to the doctor issuing the pathology report on the ground that these questions are harassing and

WR GRACE PIQ 46905-0033

seek information that is not relevant to the proceeding.  Claimant has additional, specific objections for the questions noted below.

| With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes: |
| --- |
| Was the doctor your personal physician?                        ☐    Yes      ☐    No |
|       **Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.** |
| Was the doctor paid for the services that he/she performed?                              ☐    Yes      ☐    No |
|       *If yes, please indicate who paid for the services performed:* |
| Did you retain counsel in order to receive any of the services performed by the doctor?  ☐    Yes    ☐    No |
|       **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no."  Claimant retained counsel in order to determine whether he/she had an asbestos-related claim.** |
| Was the doctor referred to you by counsel?              ☐    Yes      ☐    No |
|       **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.  Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no."  The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.** |
| Are you aware of any relationship between the doctor and your legal counsel?  ☐  Yes  ☐  No |
|       **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges.  Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no."  The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.** |
|       *If yes, please explain:* |

     Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

8.    **Subsection 7 - Medical Treatment From Doctor for Condition Alleged**

     Claimant objects to this question on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges.  Claimant further objects to this question as it is harassing.  Additionally, Claimant objects to Part II, Subsection 7 of the Discovery Questionnaire to the extent that it asks if Claimant "retained counsel in order to receive any of the services performed by the doctor," on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no."  Claimant retained counsel in order to determine whether he/she had an asbestos-related claim.

     Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached thereto.



WR GRACE PIQ 46906-0034

**PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS**

Claimant objects to Part III in its entirety on the ground that it is onerous, unduly burdensome and harassing in that it would require a great amount of time, labor and expense to create a chart of exposure to Debtor's products in the format requested by Debtor. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Work History Sheet ("WHS"), Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit (referred to in the Questionnaire response as "interrogatory responses") and the work history sheets of some of Claimant's coworkers.

**PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS**

1.    Claimant objects to Part IV, question 1 to the extent that it is vague and ambiguous with regard to the use of the terms "contact/proximity" and "injured person". Claimant further objects to this question on the ground that it implicitly asserts unproven conclusions as established facts. Specifically, Claimant may have been injured by exposure to Grace products as a result of contact or proximity to another person, but not necessarily an "injured" person. To the best of Claimant's ability, Claimant understands the question to ask whether Claimant's injury is caused solely by contact/proximity with another person. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

2.    Claimant objects to Part IV, question 2 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.    Claimant objects to Part IV, question 3 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4.    Claimant objects to Part IV, question 4 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may



not be an "Other Injured Person" responsible for Claimant's injuries. Claimant fur[...] objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.      Claimant objects to Part IV, question 5 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Claimant also objects to this question on the ground that Claimant may not know the specific day, month, and year of another person's exposure and therefore cannot answer the question. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.      Claimant objects to Part IV, question 6 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

7.      Claimant objects to Part IV, question 7 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

8.      Claimant objects to Part IV, question 8 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

9.      Claimant objects to Part IV, question 9 to the extent that it requires Claimant to compile

WR GRACE PIQ 46906-0036

or summarize information made available to Debtor that is obtainable with equal greater facility by the Debtor.  Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.



WR GRACE PIQ 46906-0037

10.    Claimant objects to Part IV, question 10 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Additionally, Claimant objects to this question on the ground that Claimant may not recall the exact day, month, and year his or her exposure began or ended, and, in that regard, this question is unduly burdensome. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects to Part V as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein. Claimant objects to this interrogatory on the ground that it is unduly burdensome, onerous and harrassing in that it would require a great amount of time, labor and expense to create a chart of exposure in the format requested by Debtor and then to create a separate chart for each party against which Claimant has filed an asbestos lawsuit or claim. Claimant further objects to Part V to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Work History Sheet, Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit ("interrogatory responses") and the work history sheets of some of Claimant's coworkers. In addition, Claimant has attached to the Questionnaire a List of Parties Against which a Lawsuit or Claim was Filed ("List of Parties").

## PART VI: EMPLOYMENT HISTORY

Claimant objects to Part VI on the ground that it is unduly burdensome and harassing and it would require a great amount of time, labor and expense to complete this section of the Questionnaire in the format requested by Debtors. Claimant further objects to this question because it requires Claimant to compile or summarize information from Claimant's Social Security records that is obtainable with equal or greater facility by the Debtor. Claimant further objects to providing information, including but not limited to, the occupation and industry codes for employers or jobsites where Claimant has not alleged any asbestos exposure as it exceeds the scope of permissible discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein, and is harassing to Claimant.

Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Itemized Statement of Earnings prepared by the Social Security Administration, Claimant's Work History Sheet, and Claimant's deposition, if available.



WR GRACE PIQ 46905-0038

**PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SIL**

**Subsection a. - Litigation**

1. Claimant objects to Part VII, Subsection a, question 1 as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits; and further, it is not limited to the lawsuit in which Debtor was sued. Claimant responds to this entire Subsection a (questions 1 through 7) as if the question were so limited. Claimant further objects to this subpart to the extent that it requires Claimant to summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Responding to Part VII, Subsection a in the format in Debtor's Questionnaire is harassing and unduly burdensome. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto. Claimant's counsel does not represent Claimant in a lawsuit regarding silica.

2. Claimant objects to Part VII, Subsection a, question 2, to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3. Claimant objects to Part VII, Subsection a, question 3 on the ground that it is harrassing in that Grace knows equally as well as Claimant whether or not it was named as a defendant in Claimant's lawsuit, if any. Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Further, Claimant objects to this subpart on the ground that it exceeds the permissible scope of discovery in that it seeks information that is not relevant to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4. Claimant objects to Part VII, Subsection a, question 4 on the ground that it seeks information that is neither relevant, nor necessary to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein. Whether a particular defendant has been dismissed has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that it is unduly burdensome to provide the basis for dismissal for each of the dismissed defendants, if any. Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5. Claimant objects to Part VII, Subsection a, question 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant, nor necessary to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein. The existence and amount of any verdict or


WR GRACE PIQ 46906-0039

judgment against any defendant other than Debtor has no bearing on Debtor's several share of the liability. Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.    Claimant objects to Part VII, Subsection a, question 6 and each of its subparts regarding settlements reached in the lawsuit as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein and requests privileged or confidential information. Specifically, the terms of the settlement agreements, if any, including the settlement amounts, if any, are irrelevant to an <u>aggregate</u> estimate of Debtor's liability. Claimant further objects to this subpart as it is overly broad to the extent that it seeks information beyond *asbestos-related personal injury* lawsuits. Settlements with other defendants are irrelevant to Debtor's several share of the liability, and Debtor would get a set-off or credit for such settlements only for the cases that were tried all the way to judgment, which clearly will not happen in the context of the present proceeding. Further, for a majority of defendants, any settlement agreements are subject to a confidentiality agreement.

Claimant specifically objects to providing the "disease or condition alleged" and the "the disease or condition settled" (Part VII.a.6(c) and (d)) on the ground that it is ambiguous and harassing. Claimant filed a lawsuit alleging Claimant suffered injuries proximately caused by Claimant's exposure to asbestos-containing products designed, manufactured and sold by the Defendants named in the lawsuit, and any settlements were related to those allegations. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the List of Parties attached hereto. Claimant has provided information regarding the status of his/her claim against the Defendants named in Claimant's Asbestos Lawsuit in the attached List of Parties.

7.    Claimant objects to Part VII, Subsection a, question 7 on the ground that it is overly broad and unduly burdensome. Further, Claimant's deposition testimony is duplicative of information already provided herein. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

**Subsection b - Claims**

1.    Claimant objects to Part VII, Subsection b, question 1 as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein, and requests privileged or confidential information. Claimant further objects that responding to Part VII, Subsection b in the format in Debtors' Questionnaire is harassing and unduly burdensome. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Claimant responds to this entire subsection b (questions 1 through 7) as if the questions were so limited. Subject to and without waiving the foregoing, Claimant has provided information regarding the status of his asbestos claim against any asbestos trust in the attached



List of Parties.

2.     Claimant objects to Part VII, Subsection b, questions 2, 3 and 4 on the ground that it seeks information that is neither relevant, nor necessary to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein. The date and entity against whom a claim was submitted has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Subject to and without waiving the foregoing, please see the attached List of Parties.

3.     Claimant objects to Part VII, Subsection b, questions 5 and 6 regarding settlements with an asbestos trust as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein, and requests privileged or confidential information. The settlement amounts are not relevant to an <u>aggregate</u> estimate of Debtor's liability or to Debtor's several share of the liability. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Subject to and without waiving the foregoing, Claimant has noted the settled claims on the attached List of Parties.

4.     Claimant objects to Part VII, Subsection b, question 7 on the ground that it seeks information that is neither relevant, nor necessary to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein. Whether a particular defendant has been dismissed has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that it is unduly burdensome to provide the basis for dismissal for each of the dismissed defendants, if any, and it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

## PART VIII:  CLAIMS BY DEPENDENTS OR RELATED PERSONS

Claimant objects to Part VIII on the ground that information regarding dependents or related persons who sued the Debtors before April 2, 2001 is equally available to Debtors. Subject to and without waiving the foregoing, Claimant has provided information regarding Claimant's spouse where available. Please see attached interrogatory responses and Debtors' own records for information regarding dependents.



WR GRACE PIQ 46995-0041

## QUESTIONNAIRE RESPONSES

Claimant hereby incorporates by reference all of the foregoing general and specific objections into Claimant's Questionnaire responses and has provided the following responses subject to those objections. Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document(s) from which the answer may be derived, including but not limited to Claimant's medical records, Claimant's Work History Sheet (referred to in the Questionnaire response as "WHS"), Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit (referred to in the Questionnaire response as "interrogatory responses"), work history sheets of Claimant's coworkers (referred to in the Questionnaire responses as "Coworker WHS"), Claimant's Itemized Statement of Earnings prepared by the Social Security Administration (referred to in the Questionnaire responses as "Statement of Earnings") and Claimant's deposition. In addition, Claimant has compiled information responsive to the Questionnaire in the attached List of Parties Against which a Lawsuit or Claim Was Filed (referred to in the Questionnaire responses as "List of Parties").

**SILBER PEARLMAN, LLP**

By: *Michael J. Hanners*
       Michael J. Hanners
       State Bar No. 00796702

2711 N. Haskell
5th Floor, LB32
Dallas, Texas 75204
(214) 874-7000
(214) 824-8100 Fax



WR GRACE PIQ 46905-0042

# SILBER PEARLMAN, L L P

### Attorneys and Counselors

TELEPHONE (214) 874-7000            2711 N. HASKELL AVE.; FIFTH FLOOR, LB 32; DALLAS, TEXAS 75204-2911            FAX (214) 824-8100

July 10, 2006

Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Ave.
Faribault, MN 55021

   RE: W.R. Grace & Co. Claimant's Objections and Responses
     Pierce Alexander, Sr.

Dear Claim Processing Agent:

  Enclosed please find Claimant's Objections and Responses to the W.R. Grace Asbestos
Personal Injury Questionnaire and Questionnaire Responses for Claimant.
Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as
for Claimant, Claimant has specified in Claimant's Questionnaire response the document(s) from
which the answer may be derived.  Due to the volume, these documents are not attached to the
Questionnaire but will be made available for inspection and/or copying in the Dallas offices of
Silber Pearlman, LLP during reasonable office hours upon reasonable notice.

    Sincerely yours,

    SILBER PEARLMAN, LLP

    *Michael J. Hanners*

    Michael J. Hanners

Enclosures

REDACTED

rad0FF3C.wpd



# SILBER PEARLMAN, L L P

### *Attorneys and Counselors*

TELEPHONE (214) 874-7000     2711 N. HASKELL AVE.; FIFTH FLOOR, LB 32; DALLAS, TEXAS 75204-2911     FAX (214) 824-8100

July 11, 2006

**VIA HAND DELIVERY**

Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Ave.
Faribault, MN 55021

    RE:   **W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Dear Claims Processing Agent:

    Enclosed please find a CD-ROM containing "Claimant's Objections and Responses to the W.R. Grace Asbestos Personal Injury Questionnaire" and Questionnaire Responses for each of the 3,201 Claimants listed on the attached Exhibit 1. Because the burden of deriving or ascertaining answers for certain questions is substantially the same for Debtor as for Claimants, Claimants have specified in their Questionnaire responses the document(s) from which the answers may be derived. Due to the volume, these documents are not attached to the Questionnaire but will be made available for inspection and/or copying in the Dallas offices of Silber Pearlman, LLP during reasonable office hours upon reasonable notice.

    Should you have any questions or concerns regarding the enclosed documents please do not hesitate to contact me at (214) 874-7000.

           Sincerely,
           **SILBER PEARLMAN LLP**

           Liz McPeak
           Legal Assistant

Enclosures



WR GRACE PIQ 48905-0044

## ACKNOWLEDGMENT OF RECEIPT

| Sent by: | Liz McPeak |
|---|---|
| Date: | July 12, 2006 |
| Deliver to: | Rust Consulting, Inc.<br>Claims Processing Agent<br>RE: W.R. Grace & Co. Bankruptcy<br>201 S. Lyndale Ave.<br>Faribault, MN 55021 |
| Document: | W.R. Grace Asbestos Personal Injury Questionnaires - Silber Pearlman |
| Signature: | X |
| Printed Name: | |
| Delivered by: | Michael J. Hanners |

**KEEP THIS COPY FOR YOUR RECORDS.**



WR GRACE PIQ 46806-6046

**SILBER PEARLMAN, L L·P**

*Attorneys and Counselors*
2711 N. HASKELL AVE.
FIFTH FLOOR, LB 32
DALLAS, TEXAS 75204

To:

Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Ave.
Faribault, MN 55021



WR GRACE PIQ 46802-0001

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

|  | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL |
|---|---|
| IF SENT BY U.S. MAIL | SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

i

REDACTED

WR GRACE PIQ 46902-0002

## INSTRUCTIONS

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related personal injury or wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will not be accepted and will not be deemed filed.

   Do not send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered filed.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I -- Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray reading and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

ii

**REDACTED**

W R GRACE  PIQ  46902-0003

### PART III – Direct Exposure to Grace Asbestos-Containing Products

In Part III, please provide the requested information for the job and site at which you were exposed to Grace asbestos-containing products. Indicate the source of exposure to each Grace asbestos-containing product. If your exposure was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

#### Occupational Codes

| | |
|---|---|
| 01. Air conditioning and heating installer/maintenance | 31. Iron worker |
| 02. Asbestos miner | 32. Joiner |
| 03. Asbestos plant worker/asbestos manufacturing worker | 33. Laborer |
| 04. Asbestos removal/abatement | 34. Longshoreman |
| 05. Asbestos sprayer/spray gun mechanic | 35. Machinist/machine operator |
| 06. Assembly line/factory/plant worker | 36. Millwright/mill worker |
| 07. Auto mechanic/bodywork/brake repairman | 37. Mixer/bagger |
| 08. Boilermaker | 38. Non-asbestos miner |
| 09. Boiler repairman | 39. Non-occupational/residential |
| 10. Boiler worker/cleaner/inspector/engineer/installer | 40. Painter |
| 11. Building maintenance/building superintendent | 41. Pipefitter |
| 12. Brake manufacturer/installer | 42. Plasterer |
| 13. Brick mason/layer/hod carrier | 43. Plumber - install/repair |
| 14. Burner operator | 44. Power plant operator |
| 15. Carpenter/woodworker/cabinetmaker | 45. Professional (e.g., accountant, architect, physician) |
| 16. Chipper | 46. Railroad worker/carman/brakeman/machinist/conductor |
| 17. Clerical/office worker | 47. Refinery worker |
| 18. Construction - general | 48. Remover/installer of gaskets |
| 19. Custodian/janitor in office/residential building | 49. Rigger/stevedore/seaman |
| 20. Custodian/janitor in plant/manufacturing facility | 50. Rubber/tire worker |
| 21. Electrician/inspector/worker | 51. Sandblaster |
| 22. Engineer | 52. Sheet metal worker/sheet metal mechanic |
| 23. Firefighter | 53. Shipfitter/shipwright/ship builder |
| 24. Fireman | 54. Shipyard worker (md. repair, maintenance) |
| 25. Flooring installer/tile installer/tile mechanic | 55. Steamfitter |
| 26. Foundry worker | 56. Steelworker |
| 27. Furnace worker/repairman/installer | 57. Warehouse worker |
| 28. Glass worker | 58. Welder/blacksmith |
| 29. Heavy equipment operator (includes truck, forklift, & crane) | 59. Other |
| 30. Insulator | |

#### Industry Codes

| | |
|---|---|
| 001. Asbestos abatement/removal | 109. Petrochemical |
| 002. Aerospace/aviation | 110. Railroad |
| 100. Asbestos mining | 111. Shipyard-construction/repair |
| 101. Automotive | 112. Textile |
| 102. Chemical | 113. Tire/rubber |
| 103. Construction trades | 114. U.S. Navy |
| 104. Iron/steel | 115. Utilities |
| 105. Longshore | 116. Grace asbestos manufacture or milling |
| 106. Maritime | 117. Non-Grace asbestos manufacture or milling |
| 107. Military (other than U.S. Navy) | 118. Other |
| 108. Non-asbestos products manufacturing | |

REDACTED

**E.  PART IV -- Indirect Exposure to Grace Asbestos-Containing Products**
In Part IV, please provide the information requested for any injury alleged to have been·caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person.  If you allege exposure through contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person.  For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F.  PART V -- Exposure to Non-Grace Asbestos-Containing Products**
In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party.  If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked.  For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G.  PART VI -- Employment History**
In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H.  PART VII -- Litigation and Claims Regarding Asbestos and/or Silica**
In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII -- Claims by Dependents or Related Persons**
Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss of consortium.  If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J.  PART IX -- Supporting Documentation**
In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X -- Attestation that Information is True, Accurate and Complete**
By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

REDACTED

**PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL**

WR GRACE PIQ 46902-0005

**a.  GENERAL INFORMATION**

1.  Name of Claimant: _____  2.  Gender:  ☒ Male   ☐ Female

    First        MI        Last

3.  Race (for purposes of evaluating Pulmonary Function Test results): ......... <u>See Attached PFT, if applicable.</u>  ☐ White/Caucasian
    ☐ African American
    ☐ Other

4.  Last Four Digits of Social Security Number: _____   5.  Birth Date: _____

6.  Mailing Address: _____

    Address        City        State/Province    Zip/Postal Code

7.  Daytime Telephone Number: .................................

**b.  LAWYER'S NAME AND FIRM**

1.  Name of Lawyer: <u>Michael J. Hanners</u>

2.  Name of Law Firm With Which Lawyer is Affiliated: <u>Silber Pearlman, LLP</u>

3.  Mailing Address of Firm: <u>2711 N. Haskell Ave, 5th FL - LB 32</u>   <u>Dallas</u>   <u>Texas</u>   <u>75204</u>

    Address        City        State/Province    Zip/Postal Code

4.  Law Firm's Telephone Number or Lawyer's Direct Line: ....................   <u>(214) 874-7000</u>

    ☒ Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

**c.  CAUSE OF DEATH (IF APPLICABLE)**

1.  Is the injured person living or deceased? .....................................   ☒ Living   ☐ Deceased

    If deceased, date of death: ...............................................

2.  If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:

    Primary Cause of Death (as stated in the Death Certificate): _____

    Contributing Cause of Death (as stated in the Death Certificate): _____

**PART II: ASBESTOS RELATED CONDITIONS**

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire. <u>Subject to the foregoing objections, please refer to response below.</u>

1.  Please check the box next to the condition being alleged:

    ☐ Asbestos-Related Lung Cancer    ☐ Mesothelioma

    ☒ Asbestosis    ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)

    ☐ Other Asbestos Disease    ☐ Clinically Severe Asbestosis

    a.  Mesothelioma: If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):

        ☐ diagnosis from a pathologist certified by the American Board of Pathology

        ☐ diagnosis from a second pathologist certified by the American Board of Pathology

        ☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial casual role in the development of the condition

        ☐ other (please specify): _____

REC'D JUL 1 2 2006

REDACTED

WR GRACE  PIQ  46902-0006

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

b. **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

☐ other (please specify): _____

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon ☐ pharyngeal ☑ esophageal ☐ laryngeal ☐ stomach cancer

☐ other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

☐ other (please specify): _____

WR GRACE PIQ  46902-0007

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

d.  **Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐  a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐  asbestosis determined by pathology

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐  other (please specify): _____

e.  **Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply): **Subject to the foregoing objections, one or more of the following may apply.  The answer may be derived from the attached medical documentation.**

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐  a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐  asbestosis determined by pathology

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐  other (please specify): _____

WR GRACE PIQ 46902-0008

PART IE. ASBESTOS-RELATED CONDITION(S) (Continued)

f.  **Other Asbestos Disease:** If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

☐   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐   diagnosis determined by pathology

☐   a chest x-ray conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐   a chest x-ray conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses (2000)*

☐   a chest x-ray reading other than those described above

☐   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐   a pulmonary function test other than that discussed above

☐   a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐   A CT Scan or similar testing

☐   a diagnosis other than those above

☐   other (please specify):  _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WR GRACE PIQ 46902-0008

PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

2. **Information Regarding Diagnosis** Subject to the foregoing objections, please refer to claimant's responses below and the medical records attached hereto.

Date of Diagnosis: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      06/28/2001

Diagnosing Doctor's Name:    Malik, Aamir S.

Diagnosing Doctor's Specialty:    PULMONOLOGIST

Diagnosing Doctor's Mailing Address:
                       Address

City                         State/Province             Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: . . . . . . . . . . . . . . . . . . .

With respect to your relationship to the diagnosing doctor, check all applicable boxes: Subject to the foregoing objections, please refer to responses below.

Was the diagnosing doctor your personal physician? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No

Was the diagnosing doctor paid for the diagnostic services that he/she performed? . . . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:*    Claimant paid for the services through his/her counsel.
Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? Please refer ☐ Yes ☐ No
to the foregoing objections.

Was the diagnosing doctor referred to you by counsel? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Are you aware of any relationship between the diagnosing doctor and your legal counsel? . . . . . . . . . . . . . . . ☐ Yes ☐ No

*If yes, please explain:*    Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? . . . . . . . . . . . . . . . . . . . . . . See attached medical documentation, if applicable. ☐ Yes ☐ No

Did the diagnosing doctor perform a physical examination? See attached medical documentation, if applicable. ☐ Yes ☐ No

Do you currently use tobacco products? . . . . . . . . . . See attached interrogatory responses, if applicable. ☐ Yes ☐ No

Have you ever used tobacco products? . . . . . . . . . . . . . . . . . . . . . See attached interrogatory responses, if applicable. ☐ Yes ☐ No
*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:* See attached interrogatory responses, if applicable.

| ☐ Cigarettes | Packs Per Day (half pack = .5) ___ | See Attached Interrogatory Responses, if applicable | Start Year ___ | End Year ___ |
|---|---|---|---|---|
| ☐ Cigars | Cigars Per Day ___ | | Start Year ___ | End Year ___ |
| ☐ If Other Tobacco Products, please specify (e.g., chewing tobacco): | | | | |
| | Amount Per Day ___ | | Start Year ___ | End Year ___ |

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? . . . . . . . . . . . . ☐ Yes ☐ No
See attached medical documentation, if applicable.

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*
   See attached medical documentation, if applicable.

WR GRACE PIQ 46902-0010

3. **Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one): Subject to the foregoing objections, please refer to attached deposition, if available, and attached medical documentation.

☐ Mobile laboratory    ☐ Job site    ☐ Union Hall    ☐ Doctor office    ☐ Hospital    ☐ Other: _____

Address where chest x-ray taken: _____

| Address |
|---|

| City | State/Province | Zip/Postal Code |
|---|---|---|

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

4. **Information Regarding Chest X-Ray Reading** Subject to the foregoing objections, please refer to responses below and attached medical documentation.

Date of Reading:    11/20/2004    ILO score:    1/0

Name of Reader:    Lucas, Phillip

Reader's Daytime Telephone Number: . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Reader's Mailing Address: _____

| Address |
|---|

| City | State/Province | Zip/Postal Code |
|---|---|---|

With respect to your relationship to the reader, check all applicable boxes: Subject to the foregoing objections, please refer to responses below.

Was the reader paid for the services that he/she performed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒ Yes    ☐ No

*If yes, please indicate who paid for the services performed:*    Claimant paid for the services through his/her counsel.

Did you retain counsel in order to receive any of the services performed by the reader? Claimant paid for the services    ☐ Yes    ☐ No
through his/her counsel.

Was the reader referred to you by counsel? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes    ☐ No
Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Are you aware of any relationship between the reader and your legal counsel? . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes    ☐ No

*If yes, please explain:*    Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes    ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:*

5. **Information Regarding Pulmonary Function Test:** Subject to the foregoing objections, please    Date of Test:    06/28/2001
refer to responses below and attached PFT.

List your height in feet and inches when test given:    See Attached PFT, if applicable    _____ ft    _____ inches

List your weight in pounds when test given:    See Attached PFT, if applicable    _____ lbs

Total Lung Capacity (TLC):    See Attached PFT, if applicable    96.000    % of predicted

Forced Vital Capacity (FVC):    See Attached PFT, if applicable    103.000    % of predicted

FEV1/FVC Ratio:    See Attached PFT, if applicable    86.000    % of predicted

Name of Doctor Performing Test (if applicable): _____

Doctor's Specialty:    See Attached PFT, if applicable.

Name of Clinician Performing Test (if applicable): _____

Testing Doctor or Clinician's Mailing Address:    See Attached PFT, if applicable

| Address |
|---|

| City | State/Province | Zip/Postal Code |
|---|---|---|

WR GRACE PIQ 46902-0011

8373267

Testing Doctor or Clinician's Daytime Telephone Number: ....... See Attached PFT, if applicable ( )

Name of Doctor Interpreting Test:        Malik, Aamir S.

Doctor's Specialty:        PULMONOLOGIST

Interpreting Doctor's Mailing Address:

Address

| City | State/Province | Zip/Postal Code |

Interpreting Doctor's Daytime Telephone Number: ....................

WR GRACE PIQ  46902-0012

**PART III. ASBESTOS-RELATED CONDITION(S) (Continued)**

With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes: **Subject to the foregoing objections, please refer to responses below.**

If the test was performed by a doctor, was the doctor your personal physician? . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No

Was the testing doctor and/or clinician paid for the services he/she performed? . . . . . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:*     Claimant paid for the services through his/her counsel.

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? . . . . . . . . ☐ Yes ☐ No
**\*Please refer to the foregoing objections.**

Was the testing doctor or clinician referred to you by counsel? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Are you aware of any relationship between either the doctor or clinician and your legal counsel? . . . . . . . . . . . . . . . ☐ Yes ☐ No

*If yes, please explain:*     Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☒ No

Was the doctor paid for the services that he/she performed? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

*If yes, please indicate who paid for the services performed:.*     Claimant paid for the services through his/her counsel.

Did you retain counsel in order to receive any of the services performed by the doctor? **\*Please refer to the foregoing objections.**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

Was the doctor referred to you by counsel? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Are you aware of any relationship between the doctor and your legal counsel? . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

*If yes, please explain*     Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed? . . . . . . . . . . . . . . . . . ☒ Yes ☐ No

6.  **Information Regarding Pathology Reports:**

Date of Pathology Report: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
                          Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

Doctor's Daytime Telephone Number: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . N/A ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? . . . . . . . . . . . . . . . . . . . . . . . . . . . N/A ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor? ................................. ☐ Yes  ☐ No

Was the doctor referred to you by counsel? ........................................................................... ☐ Yes  ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ................................. ☐ Yes  ☐ No

*If yes, please explain:*

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? .......................

☐ Yes  ☐ No

**PART II: ASBESTOS RELATED CONDITION(S) (Continued)**

7. With respect to the condition alleged, have you received medical treatment from a doctor for the condition? **Please refer to the foregoing objections.**

...................................................................................................... ☐ Yes  ☐ No

*If yes, please complete the following:*

Name of Treating Doctor:

Treating Doctor's Specialty:

Treating Doctor's Mailing Address:

Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

Treating Doctor's Daytime Telephone Number: ..................................

Was the doctor paid for the services that he/she performed? ................................................... ☐ Yes  ☐ No

*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor? ........................ ☐ Yes  ☐ No

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WR GRACE PIQ 46902-0014

## PART IID: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a)  A worker who personally mixed Grace asbestos-containing products

(b)  A worker who personally removed or cut Grace asbestos-containing products

(c)  A worker who personally installed Grace asbestos-containing products

(d)  A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e)  A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f)  If other, please specify

Site Name: _____                    Location: _____

Site Type:  ☐ Residence   ☐ Business         Site Owner: _____

Employer During Exposure: _____

Unions of which you were a member during your employment: _____

Site of Exposure: Subject to the foregoing objections, please refer to the attached WHS interrogatory responses, Statement of Earnings and/or depositions, if applicable.

| | Nature of Exposure | Were you present when Grace asbestos-containing products were being installed, mixed, removed or cut by others? | Industry Code | Occupation Code | Date(s) on which you were exposed to Grace asbestos-containing products | Were you exposed during construction or renovation of the building? |
|---|---|---|---|---|---|---|
| Job 1 Description: | | | | | | |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| Job 4 Description: | | | | | | |
| Job 5 Description: | | | | | | |
| Job 6 Description: | | | | | | |

10