WR GRACE PIQ 46902-0016

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person? **Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.**    ☐ Yes    ☐ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person: **Subject to the foregoing objections, please refer to the attached WHS, interrogatory responses and deposition, if applicable.**

   Name of Other Injured Person: _____    Gender:    ☐ Male    ☐ Female

   Last Four Digits of Social Security Number: ____ ____ ____ ____    Birth Date: ____ / ____ / ____

3. What is your Relationship to Other Injured Person: **Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.**    ☐ Spouse    ☐ Child    ☐ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:

   Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products: **Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.**

   From: _____    To: _____

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:

   Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? **Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.** .....................    ☐ Yes    ☐ No

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____    File Date: _____

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:

   Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product: **Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.**

   From: ____ / ____ / ____    To: ____ / ____ / ____

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:

    Subject to the foregoing objections, please refer to attached WHS, interrogatory responses and deposition, if applicable.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

WR GRACE PIQ 46902-0016

## PART IV: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked. In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products

(b) A worker who personally removed or cut Non-Grace asbestos-containing products

(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

**Party Against which Lawsuit or Claim was Filed:**

**See Attached List of Parties Against Which Lawsuit or Claim Was Filed.**

Subject to the foregoing objections, for exposure information, see attached WHS, Interrogatory responses, co-worker work history sheets and deposition, if applicable.

| Site of Exposure | | Date Installed/Removed/ Exposed (hours/day) | Occupation Code | Industry Code | Was exposure to the above in connection with products installed in an area where Grace products were installed? | Nature of Exposure |
|---|---|---|---|---|---|---|
| **Site of Exposure 1** | Job 1 Description: | | | | | |
| Site Name: | Job 2 Description: | | | | | |
| Address: | | | | | | |
| City and State: | Job 3 Description: | | | | | |
| Site Owner: | | | | | | |
| **Site of Exposure 2** | Job 1 Description: | | | | | |
| Site Name: | Job 2 Description: | | | | | |
| Address: | | | | | | |
| City and State: | Job 3 Description: | | | | | |
| Site Owner: | | | | | | |
| **Site of Exposure 3** | Job 1 Description: | | | | | |
| Site Name: | Job 2 Description: | | | | | |
| Address: | | | | | | |
| City and State: | Job 3 Description: | | | | | |
| Site Owner: | | | | | | |

12

**PART VI EMPLOYMENT HISTORY**

WR GRACE PIQ 46902-0017

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed. <u>Subject to the foregoing objections, please refer to attached Itemized Statement of Earnings, WHS and deposition, if applicable.</u>

**Occupation Code:** _____   If Code 59, specify: _____

**Industry Code:** _____   If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** ____ / ____ / _____   **End of Employment:** ____ / ____ / _____

**Location:** _____
   Address

City _____   State/Province _____   Zip/Postal Code _____

**Occupation Code:** _____   If Code 59, specify: _____

**Industry Code:** _____   If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** ____ / ____ / _____   **End of Employment:** ____ / ____ / _____

**Location:** _____
   Address

City _____   State/Province _____   Zip/Postal Code _____

**Occupation Code:** _____   If Code 59, specify: _____

**Industry Code:** _____   If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** ____ / ____ / _____   **End of Employment:** ____ / ____ / _____

**Location:** _____
   Address

City _____   State/Province _____   Zip/Postal Code _____

**Occupation Code:** _____   If Code 59, specify: _____

**Industry Code:** _____   If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** ____ / ____ / _____   **End of Employment:** ____ / ____ / _____

**Location:** _____
   Address

City _____   State/Province _____   Zip/Postal Code _____

WR GRACE PIQ 46802-0018

**PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA**

**a.** **LITIGATION** Subject to the foregoing objections, please refer to Claimant's responses below. Claimant's responses are limited to the asbestos-related lawsuit where Debtor was sued.

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica? ........................... ☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit. For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire.*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption:  Huston, Ronald Leroy, Sr. vs. Owens-Corning Corporation

   Case Number:  99-06459                                        File Date:  06/04/1999

   Court Name:  201st Judicial District

3. Was Grace a defendant in the lawsuit? ................................................ ☒ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? Subject to the foregoing objections, see attached List    ☐ Yes ☐ No
   of Parties, if applicable.

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

   Please refer to foregoing objections.

5. Has a judgment or verdict been entered? Subject to the foregoing objections, see attached List of    ☐ Yes ☐ No
   Parties, if applicable.

   *If yes, please indicate verdict amount for each defendant(s):*        Please refer to the foregoing objections.

6. Was a settlement agreement reached in this lawsuit? Subject to the foregoing objections, please see    ☐ Yes ☐ No
   attached List of Parties, if applicable.

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant:        Please refer to the foregoing objections.

   b. Applicable defendants:        Subject to the foregoing objections, please see attached List of Parties, if applicable.

   c. Disease or condition alleged:        Subject to the foregoing objections, please see attached List of Parties, if applicable.

   d. Disease or condition settled (if different than disease or condition alleged):        Subject to the foregoing objections,
      please see attached List of Parties,
      if applicable.

7. Were you deposed in this lawsuit? ................................................ ☒ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

**b.** **CLAIMS** Subject to the foregoing objections, please refer to Claimant's responses below. Claimant's responses are limited to asbestos-related personal injury claims.

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an
   asbestos trust (other than a formal lawsuit in court)? ........................................ ☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted: Subject to the foregoing objections, please see        ___ / ___ / _____
   attached List of Parties, if applicable.

3. Person or entity against whom the claim was submitted:        Subject to the foregoing objections, please see attached List of
   Parties, if applicable.

4. Description of claim:        Subject to the foregoing objections, please see attached List of Parties, if applicable.

5. Was claim settled? Subject to the foregoing objections, please see attached List of Parties, if applicable.    ☐ Yes ☐ No

6. Please indicate settlement amount: Please refer to the foregoing objections.

7. Was the claim dismissed or otherwise disallowed or not honored? Subject to the foregoing objections,    ☐ Yes ☐ No
   please see attached List of Parties, if applicable.

   *If yes, provide the basis for dismissal of the claim:*        Please refer to the foregoing objections.

WR GRACE  PIQ  46902-0019

## PART VIII. CLAIMS BY DEPENDANTS OR RELATED PERSONS

Subject to the foregoing objections, please see below for information regarding spouse, if applicable and to attached interrogatory responses regarding other dependents if applicable.

Name of Dependent or Related Person: ___N/A_____  Gender: ☐ Male  ☐ Female

Last Four Digits of Social Security Number: _____  Birth Date: _____

Financially Dependent: .................................................................. ☐ Yes  ☐ No

Relationship to Injured Party:  ☐ Spouse  ☐ Child  ☐ Other  If other, please specify _____

Mailing Address: _____
Address

City _____ State/Province _____ Zip/Postal Code _____

Daytime Telephone number: .......................................................

## PART IX. SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**

☒ Medical records and/or report containing a diagnosis     ☐ X-rays

☐ Lung function test results     ☐ X-ray reports/interpretations

☐ Lung function test interpretations     ☐ CT scans

☐ Pathology reports     ☐ CT scan reports/interpretations

☒ Supporting documentation of exposure to Grace     ☒ Depositions from lawsuits indicated in Part VII
asbestos-containing products     of this Questionnaire

☒ Supporting documentation of other asbestos exposure     ☐ Death Certification

**Originals:**

☐ Medical records and/or report containing a diagnosis     ☐ Supporting documentation of other asbestos exposure

☐ Lung function test results     ☐ X-rays

☐ Lung function test interpretations     ☐ X-ray reports/interpretations

☐ Pathology reports     ☐ CT scans

☐ Supporting documentation of exposure to Grace     ☐ CT Scan reports/interpretations
asbestos-containing products     ☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____

## PART X. ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.

**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, under penalty of perjury, that, to the best of my knowledge, all of the foregoing information contained in the Questionnaire is true, accurate and complete.

Signature: _____  Date: _12_/_10_/_2005_

**REDACTED**

Please Print Name: _____

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____  Date: ___/___/_____

Please Print Name: _____

WR GRACE PIQ  46902-0020

LIST OF PARTIES AGAINST WHOM A SUIT OR CLAIM WAS FILED: PARTY IN LITIGATION — For a list of each Party against which a lawsuit or claim was filed as requested in Part V of the Questionnaire and for information responsive to Part VII of the Questionnaire.

Subject to the foregoing objections, please refer to the responses below for a list of each Party against which a lawsuit or claim was filed as requested in Part V of the Questionnaire and for information responsive to Part VII of the Questionnaire.




WR GRACE PIQ 46902-0021

## LIST OF PARTIES AGAINST WHICH A SUIT OR CLAIM WAS FILED FOR THIS CLAIM

| DATE CLAIM WAS SUBMITTED | ENTITY AGAINST WHOM CLAIM WAS SUBMITTED | DESCRIPTION OF CLAIM | CLAIM STATUS |
|---|---|---|---|
| 9/28/2000 | Celotex | ASBESTOS - PERSONAL INJURY | SETTLED |
| 10/3/2000 | Eagle Picher | ASBESTOS - PERSONAL INJURY | SETTLED |
| 7/11/2001 | H. K. Porter | ASBESTOS - PERSONAL INJURY | SETTLED |
| 9/12/2001 | Johns-Manville | ASBESTOS - PERSONAL INJURY | SETTLED |
| 10/10/1910 | UNR Asbestos Disease Claims Trust | ASBESTOS - PERSONAL INJURY | UNRESOLVED |



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | } | Chapter 11 |
| | } | |
| W.R. GRACE & CO., et al | } | Case No. 01-1139(JKF) |
| | } | (Jointly Administered) |
| Debtors. | } | |

REDACTED

**CLAIMANT'S OBJECTIONS AND RESPONSES TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Claimant[1] , by and through his counsel, Silber Pearlman, LLP, submits the following objections and responses to the "W.R. Grace Asbestos Personal Injury Questionnaire" ("Questionnaire"). In order to maintain the integrity of the formatting on Debtor's Questionnaire, Claimant has set out all of his/her general and specific objections in the following separate sections of this response and hereby incorporates each of these objections into Claimant's Questionnaire responses by reference herein.

**CLAIMANT'S GENERAL OBJECTIONS TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Claimant hereby files these objections in response to the Questionnaire propounded by W.R. Grace.

1. Claimant objects to the Questionnaire and its Instructions to the extent that they impose discovery obligations beyond those of the Federal Rules of Bankruptcy Procedure and/or the rules of civil procedure in the state where Claimant filed an asbestos personal injury lawsuit. Claimant will respond to the discovery Questionnaire in accordance with those rules. Claimant objects to the Instructions as they make document requests that are overly broad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Claimant contends that the burden and expense of responding to Debtor's Questionnaire in the format requested by Debtor outweighs its likely benefit.

2. Claimant objects to the Questionnaire and its Instructions to the extent that they seek information or identification of documents that are attorney work product, subject to the attorney-client or consulting expert privileges, or are otherwise not discoverable under the Federal Rules of Bankruptcy Procedure or the rules of civil procedure in the state where Claimant filed an asbestos personal injury lawsuit. Claimant further objects to the Questionnaire and its Instructions to the extent it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. Inadvertent disclosure of any such information or documents shall not constitute waiver of any privilege.

---

1 Throughout these Objections and Responses, the "Claimant" means the person identified in the Questionnaire Part I, Subsection a, whether living or deceased, who has or had an alleged asbestos-related disease and who filed an asbestos-related lawsuit either directly or through his/her Estate.

WR GRACE PIQ 46992-0023

3.    By providing responses to the Questionnaire, the claimant does not concede that the information provided is discoverable, relevant, or admissible. All responses are provided subject to the objections set forth herein. Each claimant reserves the right to challenge further discovery into the subject matter of the Questionnaire.

4.    Claimant objects to any request in the Questionnaire that seeks any information that is not in the Claimant's control, custody, or possession; is already in the control, custody or possession of the Debtor; or is obtainable with equal or greater facility by the Debtor. The answers to the majority of the questions in Debtor's Questionnaire may be derived or ascertained from interrogatory responses and documents produced in connection with Claimant's asbestos personal injury lawsuit to which Debtor was a party prior to filing for bankruptcy ("Claimant's Asbestos Lawsuit"). Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document from which the answer may be derived as permitted by Rule 33(d) of the Federal Rules of Civil Procedure as incorporated by Rule 7033 of the Federal Rules of Bankruptcy Procedure.

5.    In response to this Questionnaire, Claimant objects to the extent that the questions are vague, ambiguous and premature. Moreover, Claimant objects to this Questionnaire to the extent that the scope and content of the information sought is unreasonably cumulative and duplicative.

6.    Claimant objects to this Questionnaire to the extent it requires Claimant to compile documents or information from sources not presently available to Claimants, including documents created or compiled by third parties. Claimant objects to the Questionnaire to the extent it purports to require Claimant to gather and summarize information contained in voluminous papers that are already matters of public record.

7.    Claimant objects to this Questionnaire to the extent that the questions and their discreet sub-parts exceed twenty-five (25) in number.

8.    By submitting this response to the Questionnaire, Claimant does not intend to, and hereby does not, submit to the jurisdiction of the United States District Court for the District of Delaware, to the United States Bankruptcy Court for the District of Delaware, or to any other court. Claimant reserves (i) all objections to jurisdiction and/or venue, (ii) all protections afforded under Federal Rule of Civil Procedure 45 and Federal Bankruptcy Rule of Procedure 9016, and (iii) the right to jury trial afforded under 28 U.S.C. § 157(b)(5).


WR GRACE PIQ 46902-0024

## CLAIMANT'S SPECIFIC OBJECTIONS TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

### INSTRUCTIONS

1.    Claimant objects to Instruction A.1 to the extent that it purports to include claims under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement or indemnity on the ground that it is overly broad and requests information that is not relevant to the subject matter of the estimation proceeding.

2.    Claimant objects to Instruction C in its entirety and Instruction J regarding medical supporting documentation on the ground that it is vague, ambiguous and exceeds the scope of discovery in that it seeks information and documents from experts that is not discoverable and is subject to the work product and consulting expert privileges.  Claimant further objects to the portion of the instruction requiring claimant to "complete a separate Part II for each initial diagnosis and any previous or subsequent diagnosis or diagnostic tests that change or conflict with the initial diagnosis", on the ground that the burden outweighs its likely benefit.  Claimant further objects to the instruction to attach **all** x-ray readings and reports and **all** pulmonary function test ("PFT") results on the ground that it is overly broad and ambiguous.  Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.  Without limiting the foregoing, Claimant objects to the following provisions of the Discovery Questionnaire as violative of Fed. R. Civ. P. 26(b)(4)(B):

    (a).    Claimant objects to Section C of the Instructions to the extent that it requests the completion of Part II of the Discovery Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

    (b).    Claimant objects to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

    (c).    Claimant objects to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

    (d).    Claimant objects to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the raw data and all spirometric tracings, on which the results are based."

    (e).    Claimant objects to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

    (f).    Claimant objects to Part II of the Discovery Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses."  Claimant urges this objection with regard to all "conditions" for which disclosure is requested.



WR GRACE PIQ 46902-0026

Subject to the foregoing, Claimant will attach any x-rays, B-reads, pulmonary function tests or pathology reports considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit.

3.      Claimant objects to Instruction D to the extent that it requests Claimant to "attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease" on the ground that it is ambiguous and exceeds the scope of discovery in that it requests documents that are subject to the work product privilege. Further, Claimant has been barred by the Bankruptcy Code Section 362 stay from pursuing discovery against Debtors.

## PART I: IDENTITY OF INJURED PERSONS AND LEGAL COUNSEL

### Subsection (a)(7) - Daytime Telephone Number of client

Claimant objects to this inquiry on the ground that it is neither relevant nor likely to lead to the discovery of admissible evidence. Claimant is represented by counsel, as reflected herein, and may only be contacted through counsel.

## PART II: ASBESTOS-RELATED CONDITION(S)

1.      **General Objections.** Claimant objects to Part II of the Questionnaire in its entirety on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceeding, information that is privileged, and information from experts that is non-discoverable and is subject to the consulting expert and work product privileges. Additionally, the information sought may be derived from the Claimant's discoverable medical records, which are attached to the Questionnaire. Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from Claimant's discoverable medical reports attached to the Questionnaire. Claimant further objects to the Discovery Questionnaire to the extent that it seeks disclosure of any privileged communication between Claimant, and/or a representative of Claimant, and any attorney for Claimant, and/or a representative of any attorney for Claimant. In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), Claimant objects to the Discovery Questionnaire to the extent that it seeks disclosure of the work product of any attorney for Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Claimant.

2.      **Subsection 1(a)-(f) - Condition Being Alleged**. Claimant objects to this question and each of its subparts (a-f) on the ground that it exceeds the scope of discovery in that it seeks information not relevant to the estimation proceeding, and information from experts that is non-discoverable and is subject to the consulting expert and work product privileges. Claimant further objects on the ground that the information requested by this question and its sub-parts is equally available to the Debtor in that it may be derived from the claimant's discoverable medical reports attached to the Questionnaire. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.



WR GRACE PIQ   46992-0026

3.     **Subsection 2 - Information Regarding Diagnosis.**

    a.     Claimant objects to Part II, Subsection 2 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information from experts that is non-discoverable, and seeks information that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information already contained in documents provided with Claimant's Questionnaire answers, and is, therefore, obtainable with equal or greater facility by the Debtors. Claimant's diagnosis of an asbestos-related condition may be based on one or more diagnostic test(s), pathology report(s) or physical examination(s). Therefore, asking Claimant to state a "date of diagnosis" is vague and ambiguous. Subject to and without waiving the foregoing, in response to Part II, Subsection 2, Claimant has provided the date of the medical report prepared by the medical doctor designated by Claimant in Claimant's Asbestos Lawsuit to provide expert medical opinions regarding Claimant's asbestos-related disease as needed to establish the elements of Claimant's claim under state law and has answered the questions regarding such doctor, if such information was readily available. Claimant has attached to this Questionnaire a copy of such expert's report along with any available x-ray readings, pulmonary function test reports ("PFT") and/or pathology reports considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. In addition to specifying and attaching a copy of the records from which the answer to Part II, subsection 2 may be derived or ascertained and without waiving Claimant's right to do so pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Claimant has set out in the Questionnaire response the information that is contained in the medical reports and  that was readily available to Claimant's attorney in electronic form.

    b.     Claimant further objects to the following questions in Part II, Subsection 2 regarding Claimant's relationship to the diagnosing doctor on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, are harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.



WR GRACE PIQ 46902-0027

**With respect to your relationship to the diagnosing doctor, check all applicable boxes:**

Was the diagnosing doctor your personal physician? ☐ Yes ☐ No
    Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.

Was the diagnosing doctor paid for the diagnostic services that he/she performed? ☐ Yes ☐ No
*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? ☐ Yes ☐ No
    Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to and/or forwarded a copy of Claimant's medical records to a medical doctor qualified to give opinions regarding asbestos-related disease.

Was the diagnosing doctor referred to you by counsel? ☐ Yes ☐ No
    Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Are you aware of any relationship between the diagnosing doctor and your legal counsel? ☐ Yes ☐ No
    Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.
*If yes, please explain:*

    Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

4.    **Subsection 3 - Information Regarding Chest X-Ray (Location of X-Ray)**

    Claimant objects to Part II, Subsection 3 on the ground that it is harassing, and exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, seeks information from experts that is non-discoverable, and seeks information that is subject to the consulting expert and work product privileges. Claimant further objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray.

    Subject to and without waiving the foregoing, please refer to Claimant's deposition, if available, and any medical records attached hereto.



WR GRACE PIQ 46902-0028

5.    **Subsection 4 - Information Regarding Chest X-Ray Reading (Results of X-Ray)**

a.    Claimant objects to Part II, Subsection 4 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, information from experts that is non-discoverable, and information that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Additionally, Claimant objects to this question on the ground that it is duplicative of other questions herein, and thus is unduly burdensome. Claimant objects to this question on the ground that it is vague and ambiguous in that Claimant may have had multiple chest x-rays taken that do not change or conflict with Claimant's initial diagnosis of an asbestos-related condition and it would be duplicative, unduly burdensome and harassing to require Claimant to complete a separate Part II for each chest x-ray. Subject to and without waiving the foregoing, in response to Part II, Subsection 4, Claimant has provided information regarding Claimant's certified B-reader report considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. Claimant has set out in the Questionnaire response the information relating to Claimant's certified B-reader report that was readily available to Claimant's attorney in electronic form.

b.    Claimant objects to Part II, Subsection 4 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the reader;" if "the reader was referred to you by counsel"; and if Claimant is "aware of any relationship between the reader and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 4 regarding Claimant's relationship to the reader on the ground that these questions are harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.



WR GRACE PIQ 48902-0029

With respect to your relationship to the reader, check all applicable boxes:
Was the reader paid for the diagnostic services that he/she performed?    ☐   Yes   ☐   No
*If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the reader?   ☐   Yes   ☐   No
    **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to and/or forwarded a copy of Claimant's x-ray to a medical doctor qualified to give opinions regarding asbestos-related disease.**
Was the reader referred to you by counsel?       ☐   Yes   ☐   No
    **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**
Are you aware of any relationship between the reader and your legal counsel?   ☐   Yes   ☐   No
    **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**
*If yes, please explain:*

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

6.    **Subsection 5 - Information Regarding Pulmonary Function Test**

    a.    Claimant objects to Part II, Subsection 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Additionally, Claimant objects to this question to the extent that it purports to require Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, in response to Part II, Subsection 5, Claimant has provided information regarding Claimant's pulmonary function test ("PFT") considered by Claimant's medical expert in forming his/her opinion in connection with Claimant's Asbestos Lawsuit. Claimant has set out in the Questionnaire response the information relating to Claimant's PFT report that was readily available to Claimant's counsel in electronic form.

    b.    Claimant objects to Part II, subsection 5 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the testing doctor or clinician;" if "the testing doctor or clinician was referred to you by counsel"; and if Claimant is "aware of any relationship between the testing doctor or clinician and your legal

WR GRACE PIQ 46902-0030

counsel".



Claimant further objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor or clinician who performed the pulmonary function test on the ground that these questions are harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

With respect to your relationship to the doctor or clinician who performed the pulmonary function test, check all applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician? ☐ Yes ☐ No
Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.

Was the testing doctor and/or clinician paid for the diagnostic services that he/she performed? ☐ Yes ☐ No
If yes, please indicate who paid for the services performed:

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? ☐ Yes ☐ No
Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to a doctor or clinician qualified to perform a pulmonary function test.

Was the testing doctor or clinician referred to you by counsel? ☐ Yes ☐ No
Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ☐ Yes ☐ No
Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.
If yes, please explain:

c.    Claimant objects to the following questions in Part II, Subsection 5 regarding Claimant's relationship to the doctor interpreting the results of the pulmonary function test on the ground that these questions are violative of the attorney-client communication and/or attorney work product privileges, harassing and seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.



WR GRACE PIQ 46802-0032

With respect to your relationship to the doctor interpreting the results of the pulmonary function test, check all applicable boxes:

Was the doctor your personal physician?    ☐    Yes    ☐    No
    **Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the doctor paid for the services that he/she performed?    ☐    Yes    ☐    No
    *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor?    ☐    Yes    ☐    No
    **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim. As part of that analysis, Claimant's counsel referred Claimant to a medical doctor qualified to interpret the results of Claimant's pulmonary function test.**

Was the doctor referred to you by counsel?    ☐    Yes    ☐    No
    **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**

Are you aware of any relationship between the doctor and your legal counsel?    ☐    Yes    ☐    No
    **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**
    *If yes, please explain:*

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

7.    **Subsection 6 - Information Regarding Pathology Reports**

    a.    Claimant objects to Part II, Subsection 6 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is not reasonable and necessary to this proceeding and is harassing. Claimant further objects to this question to the extent that it purports to require Claimant to gather and summarize information contained in documents already provided herewith, and is thus obtainable with equal or greater facility by the Debtor. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

    b.    Claimant objects to Part II, Subsection 6 of the Discovery Questionnaire as violative of the attorney-client communication and/or attorney work product privileges to the extent that it asks: "if Claimant retained counsel in order to receive any of the services performed by the doctor;" if "the doctor was referred to you by counsel"; and if Claimant is "aware of any relationship between the doctor and your legal counsel". Claimant further objects to the following questions in Part II, Subsection 6 regarding Claimant's relationship to the doctor issuing the pathology report on the ground that these questions are harassing and



seek information that is not relevant to the proceeding. Claimant has additional, specific objections for the questions noted below.

---

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? ☐ Yes ☐ No

> **Further, Claimant specifically objects to this question on the ground that it is vague and ambiguous.**

Was the doctor paid for the services that he/she performed? ☐ Yes ☐ No

> *If yes, please indicate who paid for the services performed:*

Did you retain counsel in order to receive any of the services performed by the doctor? ☐ Yes ☐ No

> **Further, Claimant specifically objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim.**

Was the doctor referred to you by counsel? ☐ Yes ☐ No

> **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "referred to you" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**

Are you aware of any relationship between the doctor and your legal counsel? ☐ Yes ☐ No

> **Further, Claimant objects to this question on the ground that it is violative of the attorney-client communication and/or attorney work product privileges. Claimant objects to this question since "relationship" is vague and ambiguous; therefore, the question cannot be answered with either a "yes" or a "no." The doctor was retained by Claimant through Claimant's counsel to provide expert medical opinions in Claimant's Asbestos Lawsuit as needed to establish the elements of Claimant's claim under state law.**
>
> *If yes, please explain:*

---

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached hereto.

8.  **Subsection 7 – Medical Treatment From Doctor for Condition Alleged**

Claimant objects to this question on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant to the subject matter of the estimation proceeding, that is non-discoverable, and that is subject to the consulting expert, work product and attorney-client privileges. Claimant further objects to this question as it is harassing. Additionally, Claimant objects to Part II, Subsection 7 of the Discovery Questionnaire to the extent that it asks if Claimant "retained counsel in order to receive any of the services performed by the doctor," on the ground that it is violative of the attorney-client communication and/or attorney work product privileges, is misleading and cannot be fairly or completely answered with a "yes" or "no." Claimant retained counsel in order to determine whether he/she had an asbestos-related claim.

Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and documents attached thereto.



WR GRACE PIQ 46902-0094

## PART III:  DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects to Part III in its entirety on the ground that it is onerous, unduly burdensome and harassing in that it would require a great amount of time, labor and expense to create a chart of exposure to Debtor's products in the format requested by Debtor.  Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor.  Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Work History Sheet ("WHS"), Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit (referred to in the Questionnaire response as "interrogatory responses") and the work history sheets of some of Claimant's coworkers.

## PART IV:  INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

1.    Claimant objects to Part IV, question 1 to the extent that it is vague and ambiguous with regard to the use of the terms "contact/proximity" and "injured person".  Claimant further objects to this question on the ground that it implicitly asserts unproven conclusions as established facts.  Specifically, Claimant may have been injured by exposure to Grace products as a result of contact or proximity to another person, but not necessarily an "injured" person.  To the best of Claimant's ability, Claimant understands the question to ask whether Claimant's injury is caused solely by contact/proximity with another person.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

2.    Claimant objects to Part IV, question 2 to the extent that it is vague and ambiguous with regard to the use of the undefined term  "Other Injured Person".  Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries.  Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire.  Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.    Claimant objects to Part IV, question 3 to the extent that it is vague and ambiguous with regard to the use of the undefined term  "Other Injured Person".  Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries.  Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire.  Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4.    Claimant objects to Part IV, question 4 to the extent that it is vague and ambiguous with regard to the use of the undefined term  "Other Injured Person".  Specifically, there may



WR GRACE PIQ 46802-0036

not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.   Claimant objects to Part IV, question 5 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Claimant also objects to this question on the ground that Claimant may not know the specific day, month, and year of another person's exposure and therefore cannot answer the question. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.   Claimant objects to Part IV, question 6 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

7.   Claimant objects to Part IV, question 7 to the extent that it is vague and ambiguous with regard to the use of the undefined term "Other Injured Person". Specifically, there may not be an "Other Injured Person" responsible for Claimant's injuries. Claimant further objects to this question to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire. Additionally, Claimant objects to this question as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

8.   Claimant objects to Part IV, question 8 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

9.   Claimant objects to Part IV, question 9 to the extent that it requires Claimant to compile



WR GRACE PIQ 46902-0036

or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor. Claimant further objects to the use of the term "Nature" in that it is vague and ambiguous. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.



WR GRACE PIQ 46902-0037

10.   Claimant objects to Part IV, question 10 to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor.  Additionally, Claimant objects to this question on the ground that Claimant may not recall the exact day, month, and year his or her exposure began or ended, and, in that regard, this question is unduly burdensome.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

## PART V:  EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Claimant objects to Part V as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein.  Claimant objects to this interrogatory on the ground that it is unduly burdensome, onerous and harrassing in that it would require a great amount of time, labor and expense to create a chart of exposure in the format requested by Debtor and then to create a separate chart for each party against which Claimant has filed an asbestos lawsuit or claim.  Claimant further objects to Part V to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor.  Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Work History Sheet, Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit ("interrogatory responses") and the work history sheets of some of Claimant's coworkers.  In addition, Claimant has attached to the Questionnaire a List of Parties Against which a Lawsuit or Claim was Filed ("List of Parties").

## PART VI:  EMPLOYMENT HISTORY

Claimant objects to Part VI on the ground that it is unduly burdensome and harassing and it would require a great amount of time, labor and expense to complete this section of the Questionnaire in the format requested by Debtors.  Claimant further objects to this question because it requires Claimant to compile or summarize information from Claimant's Social Security records that is obtainable with equal or greater facility by the Debtor.  Claimant further objects to providing information, including but not limited to, the occupation and industry codes for employers or jobsites where Claimant has not alleged any asbestos exposure as it exceeds the scope of permissible discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein, and is harassing to Claimant.

Subject to and without waiving the foregoing objections, the information responsive to this request may be derived from the documents attached to Claimant's Questionnaire, including, where available, Claimant's Itemized Statement of Earnings prepared by the Social Security Administration, Claimant's Work History Sheet, and Claimant's deposition, if available.



WR GRACE  PIQ  46902-0038

**PART VII:  LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA**

**Subsection a. - Litigation**

1.  Claimant objects to Part VII, Subsection a, question 1 as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits; and further, it is not limited to the lawsuit in which Debtor was sued.  Claimant responds to this entire Subsection a (questions 1 through 7) as if the question were so limited.  Claimant further objects to this subpart to the extent that it requires Claimant to summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor, or that is actually attached to this Questionnaire.  Responding to Part VII, Subsection a in the format in Debtor's Questionnaire is harassing and unduly burdensome.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.  Claimant's counsel does not represent Claimant in a lawsuit regarding silica.

2.  Claimant objects to Part VII, Subsection a, question 2, to the extent that it requires Claimant to compile or summarize information made available to Debtor that is obtainable with equal or greater facility by the Debtor.  Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

3.  Claimant objects to Part VII, Subsection a, question 3 on the ground that it is harrassing in that Grace knows equally as well as Claimant whether or not it was named as a defendant in Claimant's lawsuit, if any.  Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits.  Further, Claimant objects to this subpart on the ground that it exceeds the permissible scope of discovery in that it seeks information that is not relevant to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

4.  Claimant objects to Part VII, Subsection a, question 4 on the ground that it seeks information that is neither relevant, nor necessary to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein.  Whether a particular defendant has been dismissed has no bearing on Debtor's several share of the liability.  Additionally, Claimant objects on the ground that it is unduly burdensome to provide the basis for dismissal for each of the dismissed defendants, if any.  Claimant further objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits.  Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

5.  Claimant objects to Part VII, Subsection a, question 5 on the ground that it exceeds the scope of discovery in that it seeks information that is not relevant, nor necessary to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein.  The existence and amount of any verdict or


WR GRACE PIQ 46002-0039

judgment against any defendant other than Debtor has no bearing on Debtor's several share of the liability. Claimant objects to this subpart as it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

6.      Claimant objects to Part VII, Subsection a, question 6 and each of its subparts regarding settlements reached in the lawsuit as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein and requests privileged or confidential information. Specifically, the terms of the settlement agreements, if any, including the settlement amounts, if any, are irrelevant to an <u>aggregate</u> estimate of Debtor's liability. Claimant further objects to this subpart as it is overly broad to the extent that it seeks information beyond *asbestos-related personal injury* lawsuits. Settlements with other defendants are irrelevant to Debtor's several share of the liability, and Debtor would get a set-off or credit for such settlements only for the cases that were tried all the way to judgment, which clearly will not happen in the context of the present proceeding. Further, for a majority of defendants, any settlement agreements are subject to a confidentiality agreement.

Claimant specifically objects to providing the "disease or condition alleged" and the "the disease or condition settled" (Part VII.a.6(c) and (d)) on the ground that it is ambiguous and harassing. Claimant filed a lawsuit alleging Claimant suffered injuries proximately caused by Claimant's exposure to asbestos-containing products designed, manufactured and sold by the Defendants named in the lawsuit, and any settlements were related to those allegations. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the List of Parties attached hereto. Claimant has provided information regarding the status of his/her claim against the Defendants named in Claimant's Asbestos Lawsuit in the attached List of Parties.

7.      Claimant objects to Part VII, Subsection a, question 7 on the ground that it is overly broad and unduly burdensome. Further, Claimant's deposition testimony is duplicative of information already provided herein. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

**Subsection b - Claims**

1.      Claimant objects to Part VII, Subsection b, question 1 as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein, and requests privileged or confidential information. Claimant further objects that responding to Part VII, Subsection b in the format in Debtors' Questionnaire is harassing and unduly burdensome. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Claimant responds to this entire subsection b (questions 1 through 7) as if the questions were so limited. Subject to and without waiving the foregoing, Claimant has provided information regarding the status of his asbestos claim against any asbestos trust in the attached



List of Parties.

2.     Claimant objects to Part VII, Subsection b, questions 2, 3 and 4 on the ground that it seeks information that is neither relevant, nor necessary to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein. The date and entity against whom a claim was submitted has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Subject to and without waiving the foregoing, please see the attached List of Parties.

3.     Claimant objects to Part VII, Subsection b, questions 5 and 6 regarding settlements with an asbestos trust as it exceeds the permissible scope of discovery in that it is not relevant to the subject matter of the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein, and requests privileged or confidential information. The settlement amounts are not relevant to an <u>aggregate</u> estimate of Debtor's liability or to Debtor's several share of the liability. Additionally, Claimant objects on the ground that this question is overly broad in that it is not limited to *asbestos-related personal injury* claims. Subject to and without waiving the foregoing, Claimant has noted the settled claims on the attached List of Parties.

4.     Claimant objects to Part VII, Subsection b, question 7 on the ground that it seeks information that is neither relevant, nor necessary to the estimation proceeding, nor reasonably calculated to lead to admissible evidence therein. Whether a particular defendant has been dismissed has no bearing on Debtor's several share of the liability. Additionally, Claimant objects on the ground that it is unduly burdensome to provide the basis for dismissal for each of the dismissed defendants, if any, and it is overly broad in that it is not limited to *asbestos-related personal injury* lawsuits. Subject to and without waiving the foregoing, please see Claimant's Questionnaire responses and the documents attached hereto.

## PART VIII:  CLAIMS BY DEPENDENTS OR RELATED PERSONS

Claimant objects to Part VIII on the ground that information regarding dependents or related persons who sued the Debtors before April 2, 2001 is equally available to Debtors. Subject to and without waiving the foregoing, Claimant has provided information regarding Claimant's spouse where available. Please see attached interrogatory responses and Debtors' own records for information regarding dependents.



WR GRACE PIQ 46902-0041

## QUESTIONNAIRE RESPONSES

Claimant hereby incorporates by reference all of the foregoing general and specific objections into Claimant's Questionnaire responses and has provided the following responses subject to those objections. Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as for Claimant, Claimant has specified in Claimant's Questionnaire response the document(s) from which the answer may be derived, including but not limited to Claimant's medical records, Claimant's Work History Sheet (referred to in the Questionnaire response as "WHS"), Claimant's Answers to Interrogatories filed in connection with Claimant's Asbestos Lawsuit (referred to in the Questionnaire response as "interrogatory responses"), work history sheets of Claimant's coworkers (referred to in the Questionnaire responses as "Coworker WHS"), Claimant's Itemized Statement of Earnings prepared by the Social Security Administration (referred to in the Questionnaire responses as "Statement of Earnings") and Claimant's deposition. In addition, Claimant has compiled information responsive to the Questionnaire in the attached List of Parties Against which a Lawsuit or Claim Was Filed (referred to in the Questionnaire responses as "List of Parties").

**SILBER PEARLMAN, LLP**

By: _Michael J. Hanners_
     Michael J. Hanners
     State Bar No. 00796702

2711 N. Haskell
5th Floor, LB32
Dallas, Texas 75204
(214) 874-7000
(214) 824-8100 Fax

WR GRACE  PIQ  46902-0042

# SILBER PEARLMAN, LLP
### Attorneys and Counselors

TELEPHONE (214) 874-7000              2711 N. HASKELL AVE.; FIFTH FLOOR, LB 32; DALLAS, TEXAS 75204-2911              FAX (214) 824-8100

July 10, 2006

Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Ave.
Faribault, MN 55021

      RE:   W.R. Grace & Co. Claimant's Objections and Responses
              Victor David Alfonso

Dear Claim Processing Agent:

     Enclosed please find Claimant's Objections and Responses to the W.R. Grace Asbestos
Personal Injury Questionnaire and Questionnaire Responses for Claimant
Because the burden of deriving or ascertaining the answer is substantially the same for Debtor as
for Claimant, Claimant has specified in Claimant's Questionnaire response the document(s) from
which the answer may be derived.  Due to the volume, these documents are not attached to the
Questionnaire but will be made available for inspection and/or copying in the Dallas offices of
Silber Pearlman, LLP during reasonable office hours upon reasonable notice.

            Sincerely yours,

            SILBER PEARLMAN, LLP

            Michael J. Hanners

Enclosures

REDACTED

radDBB53.wpd



# SILBER PEARLMAN, L L P
### *Attorneys and Counselors*

TELEPHONE (214) 874-7000          2711 N. HASKELL AVE.; FIFTH FLOOR, LB 32; DALLAS, TEXAS 75204-2911          FAX (214) 824-8100

July 11, 2006

**VIA HAND DELIVERY**

Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Ave.
Faribault, MN 55021

      RE:   **W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

Dear Claims Processing Agent:

      Enclosed please find a CD-ROM containing "Claimant's Objections and Responses to the W.R. Grace Asbestos Personal Injury Questionnaire" and Questionnaire Responses for each of the 3,201 Claimants listed on the attached Exhibit 1. Because the burden of deriving or ascertaining answers for certain questions is substantially the same for Debtor as for Claimants, Claimants have specified in their Questionnaire responses the document(s) from which the answers may be derived. Due to the volume, these documents are not attached to the Questionnaire but will be made available for inspection and/or copying in the Dallas offices of Silber Pearlman, LLP during reasonable office hours upon reasonable notice.

      Should you have any questions or concerns regarding the enclosed documents please do not hesitate to contact me at (214) 874-7000.

              Sincerely,
              **SILBER PEARLMAN LLP**

              Liz McPeak
              Legal Assistant

Enclosures

5532047.1


WR GRACE PIQ 46902-0044

## ACKNOWLEDGMENT OF RECEIPT

| Sent by: | Liz McPeak |
|---|---|
| Date: | July 12, 2006 |
| Deliver to: | Rust Consulting, Inc.<br>Claims Processing Agent<br>RE: W.R. Grace & Co. Bankruptcy<br>201 S. Lyndale Ave.<br>Faribault, MN 55021 |
| Document: | W.R. Grace Asbestos Personal Injury Questionnaires - Silber Pearlman |
| Signature: | X |
| Printed Name: | |
| Delivered by: | Michael J. Hanners |

KEEP THIS COPY FOR YOUR RECORDS.


WR GRACE PIQ 46902-0045

## SILBER PEARLMAN, L L·P

*Attorneys and Counselors*
2711 N. HASKELL AVE.
FIFTH FLOOR, LB 32
DALLAS, TEXAS 75204

To:

Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Ave.
Faribault, MN 55021