IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket No. 13588 |
| | ) | Hearing Date: November 20, 2006 @ 2:00pm |

### ANDERSON MEMORIAL HOSPITAL'S RESPONSE TO DEBTORS' MOTION FOR PROTECTIVE ORDER AGAINST ANDERSON MEMORIAL HOSPITAL'S OCTOBER 30, 2006 REQUEST FOR 30(B)(6) DEPOSITIONS AND DOCUMENTS

Anderson Memorial Hospital ("Anderson"), by and through its counsel, Speights & Runyan ("S&R"), hereby responds to the Debtors' Motion for Protective Order Against Anderson's October 30, 2006 Requests for 30(b)(6) Depositions and Documents ("Motion") as follows:

### I. BACKGROUND

On September 1, 2005, the Debtors initiated a contested proceeding against Anderson and a large number of other property damage claimants with the filing of Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims. Pursuant to In Re Charter Co., 876 F.2d 866 (11th Cir. 1989), Anderson then timely filed a Motion for Class Certification. In response, the Debtors filed a Brief in Opposition in which they argued, *inter alia*:

- The class certification that was granted to South Carolina Plaintiffs in *Anderson Memorial* was awarded under circumstances and procedures that are so suspect and improper that they should not be credited by this Court. Id. at 27.

- The burden is on the claimant seeking class certification to establish each element [of Rule 23]. Id. at 27.

061113161618.DOC

- Speights' proposed class action cannot claim to be superior in any way to the case management plans that the Court has already enunciated for the estimation of claims in these cases. Id. at 27.

- Even if 23(b) were satisfied, however, the criteria under Rule 23(a) - numerosity, commonality, typicality and adequacy of representation – cannot be met. Id. at 27.

- [Certifying a class] will create a group of creditors that is unknown, and largely unknowable, in its size and complexity. Id. at 29.

- With respect to adequate representation and adequate protection of the proposed class, there is no showing that Anderson Memorial Hospital and its counsel will adequately represent other members of the proposed class. Quite the opposite is true. Id. at 30.

- [I]n the *Celotex* Bankruptcy, where Speights also represented Anderson Memorial Hospital, Speights purported to finally and fully compromise the claims and rights of a class of South Carolina building owners without notice to the class and an opportunity to be heard as required by both South Carolina and Federal Rule 23. Id. at 31.

In response to Debtors' arguments, Anderson promptly served its discovery on December 13, 2005. The Debtors filed a Motion for Protective Order on December 19, 2005. The Motion was then deferred while the Court considered a discreet issue regarding notice and later while all parties participated in an unsuccessful plan mediation. Thereafter, on October 13, 2006, on the eve of the last omnibus hearing, Debtors filed a Reply in Support of Motion for Protective Order. *Significantly, neither in its Motion for Protective Order nor in its Reply in Support of Motion for Protective Order did the Debtors argue that the discovery was overly broad or that Rule 408 was implicated.*

The Debtors' Motion for Protective Order then came to be heard at the October 23, 2006 omnibus hearing. The Court recognized that Anderson should be allowed to go forward with certain parts of its discovery, but thought its request for documents was overly broad. As explained by the Court:

> THE COURT: All right. Well, I think that request, to the extent it's a document request, is too broad. Asking somebody to give them -- to give you everything they have related to a topic, I think, is simply a fishing expedition. And even the rules of discovery don't give you that much. I think you need to narrow this topic. With respect to a deposition of a person knowledgeable, I'll ask the Debtor to identify a person. You can take your deposition. And to the extent that you get a discovery request in that is more limited in scope and the documents are claimed to be privileged by the Debtor, then they'll have to produce a privilege log in advance of the deposition if in fact that's what they intend to do. But that request, Mr. Speights, I think, is just overly broad. It would require the Debtor to go through every document in the Debtor -- in every file that the Debtor ever had since 1992. And I don't think the discovery rules are – require –

Hearing (October 23, 2006) at 75-76.

The Court directed Anderson to serve the Debtors with its revised discovery by Monday, October 30, 2006, and that the Debtors should then serve Anderson with any Motion for Protective Order by the following Monday, November 6, 2006. Hearing (October 23, 2006) at 88. Pursuant to this directive, Anderson served the Debtors with its revised discovery on October 30, 2006, both electronically at 4:40 p.m. [3:30 p.m. Chicago time], and by hard copy. Anderson severed its request for documents (which the Court directed it to revise) and its request for depositions (which the Court ruled Anderson could take). Specifically, Anderson served Amended Requests for Production to the Debtors seeking all documents except pleadings relating to sixteen specific topics and an Amended Notice of Rule 30(b)(6) Depositions dealing with eleven subject matters. In addition, Anderson served a Notice of Deposition of the Debtors' custodian for all documents "which refer or relate to Anderson Memorial Hospital's lawsuit prior to the date the Debtors filed their Petition for Reorganization."

During the evening of November 6, 2006, the Debtors apparently filed the instant Motion. The Debtors served S&R with a copy of this Motion by regular mail, which did not arrive until Friday, November 10, 2006

## II. ARGUMENT

### A. This Court Has Already Ruled

As reflected above, the Court has already ruled that Anderson may take its depositions, and, subject to the Rule 408 issue which is being separately briefed, may proceed with its request for documents pursuant to an amended request which is not overly broad. Despite the Debtors' arguments that the discovery should be denied because the Motion for Certification has no merit, Anderson will not again reargue all the reasons why it is premature to rule on certification issues until there is a hearing in that regard.[1] The Court put that issue to bed at the last hearing.

### B. The Debtors Have Failed to Show that Discovery is Overly Broad

The Debtors have the burden of proof to show that Anderson's discovery is "overly broad" such that "[it] would require the Debtor to go through every document . . . in every file that the Debtor ever had since 1992." Hearing (October 23, 2006) at 75-76. Whether those documents exist, and the extent of the documents, may well be known by persons currently employed by Grace, and those persons may well know that their

---

[1] Grace would have this Court accept its unfounded representations rather than permit Anderson to establish a factual record.

061113161618.DOC                                  4

documents are limited in nature. There is no basis to conclude that Anderson's request is overly broad. Mere lawyer talk in a pleading does not meet this burden.

DATED: November 13, 2006

_____
Christopher D. Loizides (#3968)
Michael J. Joyce (#4563)
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728 (fax)
E-mail: loizides@loizides.com

- and -

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone:(803) 943-4444
Facsimile: (803) 943-4599

*Counsel for Anderson Memorial Hospital*