IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | **Hearing Date: November 20, 2006** |
| | | **Agenda Item No. 4** |

## CERTIFICATION OF COUNSEL REGARDING SECOND AMENDED SETTLEMENT AGREEMENT AND MUTUAL RELEASE WITH LLOYD'S UNDERWRITERS

1.      On May 15, 2006 the Debtors filed their motion ("Motion") for entry of an order approving the Settlement Agreement and Mutual Release (the "Settlement Agreement") by and between the Debtors and certain underwriters at Lloyd's London (the "Lloyd's Underwriters"). A copy of the original Settlement Agreement was attached to the Motion as <u>Exhibit A</u>.

2.      The Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"), the Future Claimants Representative ("FCR"), and the Libby Claimants all filed objections to the Motion.[1]

3.      On August 18, 2006, the Debtors filed a Certification of Counsel and an amended Settlement Agreement which the Debtors filed to address some of the issues raised in the objections.  As indicated in the Certification of Counsel, the amended Settlement Agreement was acceptable to the Debtors, Lloyds's Underwriters and the Official Committee of Unsecured Creditors' (the "OCUC") but not to the PI Committee , PD Committee or the FCR.

4.      On August 21, 2006, the Motion came before the Court for hearing. Based on the arguments of counsel and the comments of the Court, the Motion was continued while the parties

---

[1] The Official Committee of Asbestos Property Damage Claimants filed a Joinder to the objections filed by the PI Committee and the FCR.

attempted to further revise the Settlement Agreement in order to address the issues raised at the August 21, 2006 hearing.

5.    Thereafter, the Debtors and counsel for the PI Committee, FCR, OCUC and Lloyds Underwriters engaged in extensive negotiations and exchanged numerous revised drafts of the Settlement Agreement and the related Settlement Account Agreement ("Escrow Agreement") in an attempt to resolve their differences and achieve consensus.

6.    As a result, the Debtors hereby submit a second amended Settlement Agreement which contains extensive changes from the Settlement Agreements formerly submitted to the Court as well as the attachments which include the Escrow Agreement.[2] This second amended Settlement Agreement and its attachments including the Escrow Agreement are acceptable to the Debtors, Lloyds Underwriters, the OCUC, the PI Committee, and the FCR.[3]

7.    The second amended Settlement Agreement and its attachments address essentially all of the issues that were raised by the various objectors and the Court. The second amended Settlement Agreement addresses and resolves these issues as follows:[4]

(a)    It eliminates the Trust as a party to the Settlement Agreement entirely and instead, to the extent that the Trust is contemplated to have any obligations as a result of the Settlement Agreement, those obligations may only occur if the Trust receives the Settlement Funds or such obligations are contained within the anticipated confirmed chapter 11 Plan or the Trigger Date may not occur. (See Sections II.E. and VIII.A.);

---

[2]    The Debtors' also attach a red-line of the document showing changes from the version of the Settlement Agreement filed with the Court on August 18, 2006.

[3]    Due to a family emergency, counsel for the PD Committee was unable to review the final revised documents prior to the submission of this certification. As a result, while the parties do not anticipate any objections by the PD Committee, those documents are still subject to the PD Committee's comments. The Debtors will notify the Court as soon as they hear from the PD Committee which they anticipate will be prior to the November 20, 2006 hearing.

[4]    All capitalized items herein shall have the same definitions as outlined in the Settlement Agreement and the Motion.

2

—

(b)     It sets forth obligations of the Trust only in the event that all of the Settlement Funds are disbursed to the Trust. (See Sections II.E and IX);

(c)     It eliminates the Trust's obligation to provide any Indemnity.  Only the Reorganized Debtors will be providing an Indemnity (except to the extent that the Trust has the duty under the Plan to defend application to Lloyd's Underwriters and Equitas of the 524(g) channeling injunction) and the Indemnity to be provided also excepts out claims for fraudulent conduct, criminal conduct, gross malfeasance or misfeasance, or intentional wrongdoing. (See Section V.A);

(d)     It provides that the Settlement Amount shall be held in escrow "for the benefit of the holders of the types of Claims to which the Grace Parties were provided coverage under the Subject Policies," until the respective interests of such claimants, if any, with respect to the Settlement Funds, shall have been determined or otherwise agreed to and the Settlement Account Agent has distributed the Settlement Funds to a particular Entity or Entities pursuant to the confirmed Plan or as ordered by the Bankruptcy Court. (See Section II.B);

(e)     It provides that in the event that the types of Claims, including Asbestos Claims, for which the Grace Parties were provided coverage under the Subject Policies, are paid in full pursuant to the confirmed Plan from sources other than the Settlement Funds, then the Settlement Funds shall revert back to the Reorganized Debtors subject to the confirmed Plan or an order of the Bankruptcy Court. (See Section II.D);

(f)     It makes the Trust's obligation to defend the 524(g) Injunction conditioned upon receipt of the Settlement Funds or a condition to be provided for in the Plan. (See Sections II.E and VIII.A(5));

(g)     It allows for cooperation on providing documents and information.  The Reorganized Debtors' obligations to provide claims data to Lloyd's Underwriters or Equitas is limited to data the Reorganization Debtors have in their possession or to which they have the right to obtain access from the Trust.  The Trust is not required to provide any documents or information directly to Lloyd's Underwriters or Equitas unless the Trust receives the Settlement Funds or the Plan provides otherwise. (See Sections II.E and IX.); and

(h)     The Escrow Agreement is attached and it is consistent with the Settlement Agreement.

8.     For the reasons stated in the Motion, the Debtors believe in their reasonable business judgment that the Settlement Agreement, as amended, is a good and fair settlement of Lloyd's Underwriters' obligations under the Subject Policies and in the best interest of the estates and their creditors.  The PI Committee, FCR and OCUC have all indicated that they have

3

no objections to approval of the Settlement Agreement and its attachments in their present form. As a result, the Court should enter an Order approving the Settlement Agreement and its attachments in the form attached hereto.


Dated:  November 13, 2006          KIRKLAND & ELLIS LLP
                                   David M. Bernick PC
                                   Janet S. Baer
                                   200 East Randolph Drive
                                   Chicago, Illinois 60601
                                   Telephone:  (312) 861-2000
                                   Facsimile:  (312) 861-2200

                                   and

                                   PACHULSKI STANG ZIEHL YOUNG JONES &
                                   WEINTRAUB LLP.

                                   *James E. O'Neill* (signature)

                                   Laura Davis Jones (Bar No. 2436)
                                   James E. O'Neill (Bar No. 4042)
                                   919 North Market Street, 17th Floor
                                   P.O. Box 8705
                                   Wilmington, Delaware 19899-8705 (Courier 19801)
                                   Telephone: (302) 652-4100
                                   Facsimile:  (302) 652-4400

                                   Co-Counsel for the Debtors and Debtors in Possession

K&E 11417248.8