## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |

**STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL OF APPELLANT, PRUDENTIAL INSURANCE COMPANY OF AMERICA, REGARDING THE BANKRUPTCY COURT'S OCTOBER 24, 2006 ORDER (DOCKET NO. 13457)**

Pursuant to Fed. R. Bankr. P. 8006, Appellant, Prudential Insurance Company of America ("Prudential"), hereby files its Statement of Issues to be Presented on Appeal and Designation of Items to be Included in the Record on Appeal, in connection with Prudential's Notice of Appeal From the October 24, 2006 Order (Docket No. 13457) of United States Bankruptcy Court Judge Judith K. Fitzgerald (the "Bankruptcy Court") (Docket No. 13553, filed on November 1, 2006).

### ISSUES TO BE PRESENTED ON APPEAL

1.　　Did the Bankruptcy Court err in disregarding a June 9, 1994 Opinion and Order entered by the United States District Court for the District of New Jersey, which Opinion and Order required that the statute of limitations of New Jersey be applied to Prudential's claims?

2.　　Did the Bankruptcy Court err by failing to apply the doctrine of issue preclusion to bar the above-captioned Debtors from relitigating an issue that was extensively litigated and decided by the June 9, 1994 Opinion and Order entered by the United States District Court for the District of New Jersey?

3.　　Did the Bankruptcy Court err by refusing to find that the June 9, 1994 Opinion and Order of the United States District Court for the District of New Jersey was a final order?

4.　　Did the Bankruptcy Court err in its choice of law analysis and application, resulting in the dismissal of Prudential's claims on a statute of limitations basis?

5. Did the Bankruptcy Court err by reaching a decision that replaced Prudential's pre-bankruptcy state law rights with the less favorable state law rights of the bankruptcy forum chosen by the Debtors?

6. Did the Bankruptcy Court err by failing to follow Delaware choice of law doctrine as recently stated in Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Co., Inc., 866 A.2d 1 (Del. 2005), and by allowing the Debtors, who chose Delaware as the litigation forum, to misuse the forum-shopping prevention provisions of the Delaware "Borrowing Statute," 10 Del. C. § 8121, to bar Prudential's claims?

7. Did the Bankruptcy Court err in failing to consider the "resident exception" to Delaware's "Borrowing Statute," 10 Del. C. § 8121, in dismissing Prudential's claims?

8. Did the Bankruptcy Court err in dismissing Prudential's claims on a statute of limitations basis without the development of a proper factual record?

## DESIGNATION OF CONTENTS FOR INCLUSION IN RECORD ON APPEAL[1]

**A.    Items from the Bankruptcy Court Record**

| Item No. | Docket No. | Description |
|---|---|---|
| 1. | 9315 | Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims |
| 2. | 10571 | Response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as It Relates to Damage at (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946) and (8) 110 Milam (Claim No. 6950) |
| 3. | 10686 | Exhibit A to Response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as It Relates to Damage at (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946) and (8) 110 Milam (Claim No. 6950) |

---

[1] Each designated document includes any and all attachments and exhibits.

| Item No. | Docket No. | Description |
|---|---|---|
| 4. | 10687 | Exhibit B and C to Response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as It Relates to Damage at (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946) and (8) 110 Milam (Claim No. 6950) |
| 5. | 10688 | Exhibit D to Response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as It Relates to Damage at (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946) and (8) 110 Milam (Claim No. 6950) |
| 6. | 10689 | Exhibit E and F to Response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as It Relates to Damage at (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946) and (8) 110 Milam (Claim No. 6950) |
| 7. | 10690 | Exhibit G to Response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as It Relates to Damage at (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946) and (8) 110 Milam (Claim No. 6950) |
| 8. | 10691 | Exhibit H to Response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as It Relates to Damage at (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946) and (8) 110 Milam (Claim No. 6950) |
| 9. | 10692 | Exhibit I, J and K to Response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as It Relates to Damage at (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946) and (8) 110 Milam (Claim No. 6950) |

| Item No. | Docket No. | Description |
|---|---|---|
| 10. | 10693 | Exhibit L to Response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as It Relates to Damage at (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946) and (8) 110 Milam (Claim No. 6950) |
| 11. | 10694 | Exhibit M and N to Response to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as It Relates to Damage at (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6949); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946) and (8) 110 Milam (Claim No. 6950) |
| 12. | 11428 | Brief In Support of Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims |
| 13. | 11592 | Sur-Reply of the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims as it Relates to Damage at:(1) Century Center I (Claim No. 6945) and (2) Century Center IV (Claim No. 6948) |
| 14. | 11691 | Transcript of Hearing Held before the Honorable Judith K. Fitzgerald 1/24/06 |
| 15. | 11727 | Debtors' Supplemental Brief as to Two Prudential Claims Barred by Statute of Limitations under Georgia Law |
| 16. | 13129 | Supplemental Brief of the Prudential Insurance Company of America as to (I) Issue Preclusion of Debtors' Claims Objections and (II) Applicable Choice of Law |
| 17. | 13240 | Supplemental Brief in Support of the Application of Georgia's Statute of Limitations to Prudential Insurance Company of America's Asbestos PD claims for Georgia Buildings |
| 18. | 13342 | Transcript of Hearing Held on September 25, 2006 before Hon. Judith K. Fitzgerald |
| 19. | 13457 | Order: Disallowing and Expunging as Time-Barred Two Asbestos PD Claims Filed by Prudential Insurance Company of America on Account of Buildings Located in Georgia |
| 20. | 13553 | Notice of Appeal #06-70 from the October 24, 2006 Order of United States Bankruptcy Court Judge Judith K. Fitzgerald |

B. **Items from the Record of *The Prudential Insurance Co. of America, et al. v. U.S. Gypsum, et al.*, Civ. Act. No. 87-4238 (HAA), currently pending in the United States District Court for the District of New Jersey**[2]

| Item No. | Description |
|---|---|
| 21. | Opinion and Order dated June 9, 1994 denying Defendant's Motion for Summary Judgment |
| 22. | Opinion and Order dated August 26, 1994 denying Defendants' Motions for Interlocutory Appeal (Docket No. 340) |
| 23. | Order Dated December 28, 1994 by the United States Court of Appeals for the Third Circuit denying Petition for Writ of Mandamus (Case No. 94-5690) |
| 24. | Order and Opinion dated June 20, 2001 granting Defendants' Motion for Summary Judgment (Opinion reported as: Prudential Insurance Co. of America v. U.S. Gypsum Co., 146 F. Supp. 2d 643 (D.N.J. 2001)) |
| 25. | Opinion dated February 20, 2004 of the United States Court of Appeals for the Third Circuit (Reported as Prudential Insurance Co. of America v. U.S. Gypsum Co., 359 F.3d 226 (3d Cir. 2004)) |

[remainder of page intentionally left blank]

---

[2] The proceedings in the United States District Court for the District of New Jersey were heavily litigated, resulting in hundreds of documents filed with the Court. In its pleadings before the Bankruptcy Court, Prudential offered to make available to the Bankruptcy Court items from the District Court litigation docket. (See, e.g., Supplemental Brief of the Prudential Insurance Company of America as to (I) Issue Preclusion of Debtors' Claims Objections and (II) Applicable Choice of Law (Docket No. 13129) at 10, n. 3.) As a result, Prudential further designates and will make available to this Court any and all pleadings from the District Court litigation that were offered to the Bankruptcy Court for its review.

Wilmington, Delaware
Dated: November 13, 2006

          By: /s/ Laurie S. Polleck
          Laurie S. Polleck, Esq. (#4300)
          JASPAN SCHLESINGER HOFFMAN LLP
          913 North Market Street, 12th Floor
          Wilmington, DE  19801
          Tel: (302) 351-8000
          Fax: (302) 351-8010
          Email: lpolleck@jshllp-de.com

          - and -

          RIKER DANZIG SCHERER HYLAND
            & PERRETTI LLP
          Joseph L. Schwartz, Esq..
          Curtis M. Plaza, Esq.
          Craig T. Moran, Esq.
          Headquarters Plaza
          One Speedwell Avenue
          P.O. Box 1981
          Morristown, New Jersey 07962-1981
          (973) 538-0800
          Email: jschwartz@riker.com
          Email: cplaza@riker.com
          Email: cmoran@riker.com

          Co-counsel for Appellant, The Prudential Insurance Company of America

3702776.2