# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Hearing Date: December 18, 2006 at 2:00 p.m.**
**Responses Due: December 1, 2006 at 4:00 p.m.**

## DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel of record, file this Nineteenth Omnibus Objection to Claims (the "Nineteenth Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.  The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

### Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date").

2

DOCS_DE:122760.1

**The Objection And Request For Relief**

5. By this Nineteenth Omnibus Objection, the Debtors seek disallowance of the claims listed under the heading "Claim To Be Expunged" on the exhibits attached hereto[2] for the reasons described herein and in such exhibits:

(a) Each claim set forth as "Amended" in Exhibit A attached hereto is a claim that have been superseded by an amended claim filed subsequently to such original claim (the "Amended Claims");

(b) Each claim set forth as "Duplicate" in Exhibit B attached hereto is a claim that is duplicative of a claim previously filed (the "Duplicate Claims"); and

(c) Each claim set forth as "Late Filed" in Exhibit C attached hereto is a claim that was filed after the Bar Date established by the Court (the "Late Filed Claims").

**The Amended Claims**

6. The Debtors object to the Amended Claims because these claims have been superseded by an amended claim filed subsequent to such claim. Therefore, the Amended Claims listed on Exhibit A under the heading "Claim To Be Expunged" should be disallowed and expunged.

7. If the Debtors' objection to the Amended Claims is sustained, the claims listed as "surviving claim" (the "Surviving Amended Claims") on Exhibit A will remain on the claims

---

[2] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

registry subject to the Debtors' right to object to the Surviving Amended Claims in the future on any grounds allowed under applicable law. Claimants holding Amended Claims will suffer no prejudice by having their Amended Claims disallowed and expunged, because the Surviving Amended Claims, the more recent of the claimants' claims against the Debtors, will remain on the claims registry after the corresponding Amended Claims are expunged.

## The Duplicate Claims

8. The Debtors object to the Duplicate Claims pursuant to Section 502(b)(1) of the Bankruptcy Code because these claims are duplicative of other claims filed by the same creditor. Therefore, the Duplicate Claims listed on Exhibit B under the heading "Claim To Be Expunged" should be disallowed and expunged.

9. If the Debtors' objection to the Duplicate Claims is sustained, the claims listed as "surviving claim" on Exhibit B (the "Surviving Non-Duplicate Claims") will remain on the claims registry subject to the Debtors' right to object to the Surviving Non-Duplicate Claims in the future on any grounds allowed under applicable law. Claimants holding Duplicate Claims will suffer no prejudice by having their Duplicate Claims disallowed and expunged, because the Surviving Non-Duplicate Claims will remain on the claims registry after the corresponding Duplicate Claims are expunged.

## The Late Filed Claims

10. The Debtors object to the Late Filed Claims pursuant to Section 502(b)(1) of the Bankruptcy Code. The Late Filed Claims were filed after the Bar Date established by the Court. Therefore, the Late Filed Claims listed on Exhibit C should be disallowed and expunged.

## Separate Contested Matters

11.     If a response is filed regarding any claim listed in the Nineteenth Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim and the objection by the Debtors thereto asserted in the Nineteenth Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Nineteenth Omnibus Objection shall be deemed a separate order with respect to each claim.

## Responses to Omnibus Objections

12.     To contest an objection, a claimant must file and serve a written response to this Nineteenth Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on December 1, 2006. Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on December 1, 2006, at the following addresses:

> Kirkland & Ellis LLP
> 777 South Figueroa Street
> Los Angeles, California 90017
> Attn:   Lori Sinanyan, Esq.
>
> -and-
>
> Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn:  James E. O'Neill, Esq.
>
> Co-Counsel for the Debtors

DOCS_DE:122760.1

13. Every Response to this Nineteenth Omnibus Objection must contain at a minimum the following:

(a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Nineteenth Omnibus Objection to which the Response is directed;

(b) the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c) the specific factual basis and supporting legal argument upon which the party will rely in opposing the Nineteenth Omnibus Objection;

(d) any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

(e) the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

14. If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order disallowing and expunging the claim, without further notice to the claimant or a hearing.

DOCS_DE:122760.1

### Replies to Responses

15. The Debtors may, at their option, file and serve a reply to a claimant's Response.

### Reservation

16. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Nineteenth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Nineteenth Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

17. Notwithstanding anything contained in this Nineteenth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Nineteenth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

18. The Debtors will serve copies of this Nineteenth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

19. Bankruptcy Management Corporation, the Debtors' reconciliation agent, will serve a copy of the Nineteenth Omnibus Objection and the exhibits thereto upon those creditors that have filed claims that are affected by the Nineteenth Omnibus Objection.

20. The Debtors submit that notice of this Nineteenth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

21. No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

22. This Nineteenth Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

DOCS_DE:122760.1

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging each of the claims more fully described in this Nineteenth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: November 13, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL 60601-6636
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

_/s/ James E. O'Neill_
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

DOCS_DE:122760.1