IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: December 1, 2006 at 4:00 p.m.**
**Hearing Date:        December 18, 2006 at 2:00 p.m.**

## MOTION AND OBJECTION SEEKING ENTRY OF AN ORDER (A) EXPUNGING OR (B) REDUCING AND ALLOWING CLAIMS PAID POST-PETITION

The above-captioned Debtors submit this motion and objection (the "Motion") seeking

entry of an order (A) expunging or (B) reducing and allowing claims paid post-petition.  In

support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1.       This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      The statutory basis for the relief requested herein are sections 105(a) and

502(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001 and 3007

of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy

Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules").

### Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11

Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and,

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate

their businesses and manage their properties as debtors in possession.

4.      By an order dated April 25, 2002, this Court set March 31, 2003 as the last date

for filing proofs of claim for all prepetition claims relating to asbestos property damage, non-

asbestos claims (including all governmental claims) and medical monitoring claims.

5.      In connection with their review of all claims filed to date against the Debtors'

estates, the Debtors have identified certain claims that the Debtors' records show were paid post-

petition, either in full or in part (collectively, the "Satisfied Claims"). Certain of these Satisfied

Claims were paid pursuant to the Debtors' authority under orders of the Court authorizing such

payments. The other Satisfied Claims were post-petition obligations incurred by the Debtors in

the regular and ordinary course of operating their business, and were paid pursuant to the

Debtors' authority under section 363(c)(1) of the Bankruptcy Code.

6.      Some of the Satisfied Claims were paid in full by the Debtors after the Petition

Date (the "Fully Satisfied Claims"). Other Satisfied Claims were paid only in part by the

Debtors after the Petition Date (the "Partially Satisfied Claims").

2

7.      In addition, as specified in the attached exhibits, a few of the Partially Satisfied

Claims also asserted amounts that the Debtors could not verify.  The Debtors have thoroughly

reviewed their books and records and proofs of claim, as well as the supporting documentation

provided by each claimant, and have determined that the amount of each such claim is

overstated.  Therefore, in addition to the Debtors' request to reduce the amount of these certain

Partially Satisfied Claims based on post-petition payments, the Debtors object to the amount of

these claims that could not be verified.

### Relief Requested

8.      The Debtors request entry of an order expunging the Fully Satisfied Claims and

reducing and allowing the Partially Satisfied Claims.

### Basis for the Requested Relief

9.      Section 502(b)(1) of the Bankruptcy Code directs a court to disallow claims

against a debtor to the extent that "such claim is unenforceable against the debtor and property of

the debtor, under any agreement or applicable law."  Section 105(a) of the Bankruptcy Code

allows a court to issue any order "that is necessary or appropriate to carry out the provisions of

[Title 11]."

10.     If the payments to the holders of the Satisfied Claims had been made prior to the

Petition Date, the Debtors would simply file an objection to those claims.  The Local Rules,

however, specifically state that "an objection to a claim on the basis that the claim has been paid

or satisfied post-petition is not a valid objection." *See Del.Bankr.LR 3007-1(e)(iii)(I)(2).*

11.     In recognition of this prohibition contained in Local Rule 3007-1(e)(iii)(I)(2), the

Debtors are not filing an objection to the Satisfied Claims based on post-petition payments made

by the Debtors.  Instead, so that the Debtors may "clean up" their claims register by eliminating

obligations that have been satisfied or that cannot be verified according to the Debtors' books

3

and records, the Debtors simply request by this Motion that the Court enter an order pursuant to Bankruptcy Code section 105(a) expunging the Fully Satisfied Claims and reducing and allowing the Partially Satisfied Claims.

## Argument

12.    The payment of the Satisfied Claims by the Debtors makes those claims unenforceable against the Debtors and their property under applicable law. In the case of the Fully Satisfied Claims, such claims are wholly unenforceable. In the case of the Partially Satisfied Claims, such claims are unenforceable to the extent of the payments already made. In the case of certain of the Partially Satisfied Claims with respect to which the Debtors' books and records also reflect a smaller amount owing, such claims are unenforceable to the extent that the claimants cannot prove that they are owed the amounts they have asserted.

A.    **The Newly Reconciled Satisfied Claims**

13.    The Debtors have reviewed their books and records and have determined that the Fully Satisfied Claims listed on Exhibit A have been satisfied by payments made after the Petition Date and that no further payments or distributions are required on account of such claims. Accordingly, the Debtors request entry of an order expunging those claims, so that the official claims register is accurate, both for purposes of voting on any plan of reorganization filed in the Debtors' cases and making distributions under any plan.

14.    The Debtors have also determined that the Partially Satisfied Claims listed on Exhibit B have been partially satisfied by payments made after the Petition Date and, in some cases, the amounts claimed could not be verified or reconciled with the Debtors' books and records. Accordingly, the Debtors request entry of an order reducing those claims by the amounts paid and the amounts that could not be verified and allowing them in such reduced

4

amount, so that again the official claims register is accurate, both for purposes of voting on any plan of reorganization filed in the Debtors' cases and making distributions under any plan.

B.    **The December 2004 Notice of Claims Previously Satisfied**

15.    On or about December 14, 2004, the Debtors served a Notice of Claims Previously Satisfied (the "December 2004 Notice") upon holders of claims who had received post-petition payments. The December 2004 Notice informed the claimants that, if they disputed the Debtors' information with respect to the payment of their claims, they should file a response to the December 2004 Notice with the Court and serve a copy of the response on counsel for the Debtors by January 14, 2005. No responses to the December 2004 Notice were received. No order of this Court was requested by the Debtors in connection with the December 2004 Notice.

16.    The December 2004 Notice included three exhibits. One exhibit listed filed claims that had been fully satisfied by payments made after the Petition Date such that no further payments or distributions are required on account of such claims. That exhibit to the December 2004 Notice is attached hereto as Exhibit C. Accordingly, the Debtors request entry of an order also expunging those claims, so that the official claims register is accurate, both for purposes of voting on any plan of reorganization filed in the Debtors' cases and making distributions under any plan.

17.    The second exhibit to the December 2004 Notice listed filed claims that had been partially satisfied by payments made after the Petition Date and, in some cases, where the amounts claimed could not be verified or reconciled with the Debtors' books and records. That exhibit to the December 2004 Notice is attached hereto as Exhibit D. Accordingly, the Debtors request entry of an order reducing those claims by the amounts paid and the amounts that could not be verified and allowing them in such reduced amount, so that the official claims register is

5

accurate, both for purposes of voting on any plan of reorganization filed in the Debtors' cases and making distributions under any plan.

18.    The third exhibit to the December 2004 Notice listed scheduled claims that had been fully satisfied by payments made after the Petition Date such that no further payments or distributions are required on account of such scheduled claims.  That exhibit to the December 2004 Notice is attached hereto as Exhibit E.  Accordingly, the Debtors request entry of an order expunging those claims, so that the official claims register is accurate, both for purposes of voting on any plan of reorganization filed in the Debtors' cases and making distributions under any plan.

## Responses to Motion

19.    To contest the relief requested by this Motion, a claimant must file and serve a written response to this Motion (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on December 1, 2006.  Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware:  824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on **December 1, 2006,** at the following addresses:

> Kirkland & Ellis LLP
> 777 South Figueroa Street
> Los Angeles, California 90017-5800
> Attn:  Lori Sinanyan
>         -and-
> Pachulski Stang Ziehl Young Jones & Weintraub LLP
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn:  James E. O'Neill
>
> Co-Counsel for the Debtors

6

20.     Every Response must contain at a minimum the following:

(a)     a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Motion to which the Response is directed;

(b)     the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c)     the specific factual basis and supporting legal argument upon which the party will rely in opposing the Motion;

(d)     any supporting documentation, to the extent it was not included with a proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

(e)     the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim and who possesses authority to reconcile, settle, or otherwise resolve the amount of the claim on behalf of the claimant.

21.     If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order expunging or reducing and allowing the claim, as applicable, without further notice to the claimant or a hearing.

## Replies to Responses

22.     The Debtors may, at their option, file and serve a reply to a claimant's Response.

## Reservation

23.     Notwithstanding anything contained in this Motion or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Motion; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

24.     The Debtors will serve copies of this Motion (with all exhibits) on (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as

DOCS_DE:122775.1

agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and the Future Claimants Representative, (v) counsel for the claimants on each of <u>Exhibits A-E</u> or the claimants themselves if not represented by counsel and (vi) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.

      25.     In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**<u>No Prior Relief</u>**

      26.     No previous application for the relief sought herein has been made to this or any other Court.

8

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (i) expunging the claims listed on Exhibits A, C and E, (ii) reducing the claims listed on Exhibits B and D and allowing those claims in the amounts described on Exhibits B and D, (iii) directing Rust Consulting, Inc. to mark the official claims register in accordance with the foregoing, and (iv) granting such other and further relief as is just and proper.

Dated: November 13, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

Laura Davis Jones (#2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession