IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: December 1, 2006 at 4:00 p.m. |
| | ) | Hearing Deadline: December 18, 2006 at 2:00 p.m. |
| | ) | |

APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
<u>OGILVY RENAULT LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS
IN POSSESSION</u>

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this application (the "Application") for the entry of an order pursuant to sections 327(a) and 330 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the retention of Ogilvy Renault LLP ("OR") as special counsel for the Debtors and in support thereof, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food' N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a. British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

### Jurisdiction

1.  This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

2.  The statutory bases for the relief requested herein are Sections 327(a) and 330 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016.

### Background

3.  On April 2, 2001, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Relief Requested

4.  The Debtors respectfully request the entry of an order pursuant to sections 327(a) and 330 of the Bankruptcy Code authorizing them to employ and retain OR as special counsel for the Debtors to perform certain legal services during the course of these Chapter 11 Cases, primarily relating to pending asbestos property damage and personal injury claims identified as having been brought by Canadian claimants (the "Canadian Claims").

### Basis For Relief Requested

5.  The Debtors have selected OR as special counsel to advise them in connection with matters relating to the Canadian Claims because of OR's longstanding representation of an affiliated entity of the Debtors, Grace Canada, Inc. ("Grace Canada"), and more recently, the Debtors themselves, in Canadian proceedings (the "Canadian Proceedings") arising out of the Chapter 11 Cases.

6. Since 2001, OR and certain of its partners and associates have worked with U.S. legal counsel to the Debtors in connection with, *inter alia*, formulating strategy in respect of asbestos claims against the Debtors and Grace Canada. OR has, among other things, initiated or participated in the following steps in the Canadian Proceedings:

(a) On December 5, 2002, OR obtained an order from a Canadian court (the "Canadian Court") recognizing the U.S. Bankruptcy Court's bar date order with respect to property damage claims in Canada in accordance with its terms.

(b) On November 14, 2005, pursuant to a motion brought by OR, the Canadian Court granted an order recognizing the modified preliminary injunction granted by the U.S. Bankruptcy Court on January 22, 2002. The effect of the November 14, 2005 order was to stay nine separate class actions that had been commenced in Canada against Grace Canada and certain of the Debtors, affiliated entities and third parties. The November 14, 2005 order also stayed any asbestos-related claims against the Canadian government, a co-defendant in the nine class action suits.

(c) On February 8, 2006, the Canadian Court granted an order appointing representative counsel on behalf of Canadian claimants who have certain asbestos-related property damage and personal

injury claims against the Debtors, affiliated entities, third parties and the Canadian government.

7.  As a consequence of the foregoing, OR is intimately familiar with many of the complex legal issues that have arisen and are likely to arise in connection with the ongoing issues related to the Chapter 11 Cases.

8.  Further, OR has extensive experience and expertise in bankruptcy and insolvency, personal injury, and class action proceedings in Canada, the areas of practice in respect of which OR's representation is sought. As such, the Debtors submit that OR is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors during these Chapter 11 Cases. Thus, OR's retention as special counsel for the Debtors is in the best interest of the Debtors and their estates.

## Scope Of Proposed Retention

9.  Subject to the oversight and orders of this Court, the Debtors currently seek to retain OR:

(a) to advise and assist the Debtors and their U.S. legal counsel with respect to research, preparation of materials for court, and Canadian expert-related issues; and

(b) such other related services as the Debtors and their U.S. legal counsel may deem necessary or desirable. OR has indicated its willingness to render the necessary professional services described above as special counsel to the Debtors.

10.     The Debtors have obtained authorization to employ and retain the law firms of Kirkland & Ellis LLP and Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC to serve as bankruptcy and reorganization counsel to the Debtors. OR will not serve as general bankruptcy and reorganization counsel to the Debtors. While it is possible that certain aspects of the representations will necessarily involve both OR and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services OR will provide will be unique and specialized rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel. The Debtors are very mindful of the need to avoid the duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of OR's role as special counsel to the Debtors.

### No Adverse Interest

11.     To the best of the Debtors' knowledge, and based upon the Affidavit of Teresa J. Walsh (the "Walsh Affidavit") filed in support of the Application, OR does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which OR is to be employed. Further, to the best of the Debtors' knowledge and based on the Walsh Affidavit, OR does not have any connection with any creditors or other parties-in-interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees.

### Compensation

12.     In accordance with Section 330 of the Bankruptcy Code, the Debtors propose to compensate OR on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by OR. The primary

members of OR who will be handling the above matters and their current hourly rates charged for this matter are:

| | Attorney | Hourly Rate (CDN) |
|---|---|---|
| (a) | Derrick C. Tay | $850 per hour |
| (b) | Ian Ness | $635 per hour |
| (c) | Karen Galpern | $575 per hour |
| (d) | Orestes Pasparakis | $535 per hour |
| (e) | Teresa Walsh | $490 per hour |
| (f) | Jennifer Stam | $400 per hour |
| (g) | Allison Kuntz | $270 per hour |
| (h) | Karen Whibley (Law Clerk) | $210 per hour |
| (i) | Penny Adams (Law Clerk) | $140 per hour |
| (j) | Katie Legree (Law Clerk) | $95 per hour |
| (k) | (Articling Student) | $160 per hour |

13.   Based on the complexity of the issues involved, the Debtors believe that they will necessarily require the services of experienced senior partners such as Messrs. Tay and Ness. Accordingly, the Debtors believe that the staffing and the hourly rates set forth above are reasonable and should be approved.

14.   As set forth in the Walsh Affidavit, the hourly rates described above are subject to periodic adjustment to reflect economic and other conditions. Other counsel or law clerks may from time to time serve the Debtors in the matters for which OR's retention is sought. OR's rates are set at a level designed to compensate OR fairly for the work of its lawyers and law clerks and to cover fixed and routine overhead expenses. It is OR's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, facsimile and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals", computerized research, messengers, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary

overhead expenses such as secretarial and other overtime. OR will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to OR's other clients. OR believes that is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

15. OR will submit interim and final applications for compensation in accordance with Sections 330 and 331 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further orders of the Court.

### Conclusion

16. For the reasons set forth above and in the Walsh Affidavit, the Debtors believe that OR is well qualified to act on the Debtors' behalf. In light of their longstanding representation of Grace Canada and more recently certain Debtors in the Canadian Proceedings, and their expertise in the fields of bankruptcy and insolvency, personal injury, and class action proceedings in Canada, the Debtors further believe that the retention of OR is necessary and in the best interest of the Debtors and their estates.

### Notice

17. Notice of this Application has been given to: (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders, (iii) counsel to the official committees appointed by the United States Trustee and the Future Claimants' Representative and (iv) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**No Prior Request**

18. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the retention and employment of OR as special counsel for the Debtors and granting such other and further relief as is just and proper.

Wilmington, Delaware
Dated: November 13, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
And

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
Co-Counsel for the Debtors and Debtors in Possession