IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**CLAIMANTS REPRESENTED BY
THE LAW FIRM OF DIES & HILE, LLP'S
AMENDED DESIGNATION OF FACT AND EXPERT
WITNESSES REGARDING THE SCHEDULE FOR THE
ADJUDICATION OF PRODUCT IDENTIFICATION AND LIMITATIONS
PERIODS ISSUES, AS DESCRIBED IN THE 15TH OMNIBUS OBJECTIONS**

The Claimants[1] represented by the law firm of Dies & Hile L.L.P. (hereinafter the "Dies & Hile" Claimants) hereby make their Amended Designation of Fact and Expert Witnesses pursuant to the Amended Exhibit B To Order Setting Various Deadlines Regarding Objections To Asbestos Property Damage Claims, attached to the Amended Order Setting Various Deadlines Regarding Objections To Asbestos Property Damage Claims dated October 13, 2006, and more specifically with regard to the Phase for Adjudication Product Identification and Limitation Periods.

---

[1] The Asbestos Property Damage Claimants represented by the law firm of Dies & Hile, L.L.P., on whose behalf this Amended Designation of Fact and Expert Witnesses Regarding the Schedule for the Adjudication of Product Identification and Limitations Periods Issues, as Described in the 15th Omnibus Objections, is served, include the following: State of Arizona; State of Arkansas; State of Connecticut; State of Oklahoma; State of Oregon; City of Amarillo, Texas; City of Houston, Texas; Coleman Housing Authority; El Paso County, Texas; Harlingen Housing Authority; Sabine River Authority of Texas; City of Phoenix, Arizona; City of Tucson, Arizona; Maricopa County, Arizona; Cook County, Illinois; City of Eugene, Oregon; Eastern Oregon University; Oregon Health & Science University; Oregon State University; Portland State University; Southern Oregon University; University of Oregon; Western Oregon University; Six Hundred Building Ltd.; BNC Forum LP Texas Limited Partnership; and EPEC Realty, Inc.

061115124014.DOC

I.

## Product Identification

### Expert Witnesses

Subject Matter of Testimony

The Dies & Hile Claimants intend to call during the Adjudication Phase for Product Identification expert witnesses(s) who will testify regarding the micro-analytical testing of asbestos containing material ("ACM") bulk samples which were obtained from buildings owned or operated by such Claimants and for which a product identification report was filed with the Proof of Claim or supplemented thereto. Such expert witnesses(s) will be qualified and experienced in the fields of materials characterization, microscopy, chemistry and/or similar scientific disciplines and will in their testimony compare the results of the testing of such bulk samples to W.R. Grace's ("Grace") known product formulas and/or related formula documents in order to make a match to specific Grace fireproofing and/or acoustical ACM products. The Materials Analytical Services ("MAS") Report signed by William Longo, PHD., and/or other product identification information, has been filed with each Proof of Claim form for each building at issue. Exhibit "A" attached hereto more fully describes Claimant's preliminary designation of such expert witnesses(s).

### Fact Witnesses

Subject Matter of Testimony

To the extent that additional product identification related evidence has been filed with the claim forms or will be timely supplemented on behalf of certain Dies & Hile Claimants for certain buildings, such additional evidence is documentary and consist of building construction specifications, architectural plans, approvals or other similar historical construction related

documents, or advertisements placed by Grace in trade journals or similar publications – which further identifies the presence of Grace ACM in specific buildings owned/operated by Claimants. Such documentary evidence has been filed with the Proofs of Claim and/or will be supplemented. This evidence may be offered as an ancient document and/or fact witnesses may be offered to authenticate such documents. In general, such fact witnesses would include Claimants' custodian of records or other similar representative. In addition to the witnesses whose testimony will include the subject matter discussed above, Exhibit "B" attached hereto more fully sets forth Claimant's preliminary designation of such fact witnesses.

In addition to the fact witnesses described in the above paragraph and preliminarily designated in Exhibit "B", the Dies & Hile Claimants may call as fact witnesses any representative and or employee of Construction Inspector's Inc., including but not limited to Kenneth Pigg, Licensed Asbestos Inspector #600759, 2002 Bishop, Orange, Texas 77630; Tom Manning, Licensed Asbestos Inspector #602286, Rt. 2, Box 3116, Jasper, Texas 75951; John Mertian, Licensed Asbestos Inspector #600989, 432 FM 2992, Woodville, Texas 75979; and/or Wade Anderson, Certified Asbestos Inspector employed by the firm of Gobbell Hays Partnership, an Architectural and Environmental Engineering firm with offices in Nashville, Tennessee, Denver, Colorado, San Antonio, Texas, and other locations. Any of such referenced individuals may be called by any Dies & Hile Claimant on the subject of chain of custody of the ACM bulk samples obtained from Claimant's buildings at issue and transmitted to MAS Laboratories by Construction Inspector's Inc., or with regard to other similarly related issues, including but not limited to information regarding the bulk sample data sheets. Additionally, for certain claimants' buildings and ACM products, such individual may provide additional product identification related factual testimony in connection with their experience acquired over decades

in the inspection of thousand of buildings which have been determined and/or admitted by Grace to contain Grace ACM products. This evidence may include, but is not limited to, the appearance and characteristics of Grace ACM in place and bulk samples of such material. Exhibit "C" more fully sets forth the preliminary designation of such witnesses.

Further, with regard to the product identification issues the Dies & Hile Claimants may call as fact witnesses past and/or present employees of Grace or their licensees and/or distributors and representatives. Such individuals may have knowledge regarding the manufacture and sale of Grace's ACM products, product formulations, variations or additives, including plant and/or production changes, alterations and/or manufacturing quality control problems and/or sales/distribution market share for particular ACM products in regions of the country or states. In addition to such fact witnesses with knowledge of the subject matter described in this paragraph, the Dies & Hile Claimants may call any individual listed on their preliminary product identification fact witness designation in Exhibit "D" attached hereto.

Further, the Dies & Hile Claimants reserve the right to call as an expert or fact witness any other such witness listed by any other party, including Claimants, the Debtor, or the PD Committee, and the subject of their testimony will be the same as that listed by such other party.

II.

**Limitation Periods**

**Fact Witnesses**

Subject Matter of Testimony

The Dies & Hile Claimants believe that issues regarding statutes of limitation/repose and laches are affirmative defenses for which the Debtor has the burden of going forward and as well as the burden of proof. Debtor's Objections in the 15th Omnibus Objections are lodged in typical

broad generalities without reference or citation to a specific statute or applicable state law. Therefore, the Dies & Hile Claimants have not been provided with notice by Debtor of any specific allegations with regard to these issues. Consequently, it is difficult if not impossible to anticipate the exact objection, if any, Debtor may have to specific claims of any of the Dies & Hile Claimants. Further, as stated to the Court on several occasions by Debtor's counsel, the overwhelming majority of the Dies & Hile Claimants are governmental entities for whom the applicable statutes of limitation/repose and/or laches do not run or apply because they are protected by the doctrine of nullum tempus or sovereign immunity.

However, notwithstanding this fact and considering the lack of notice regarding Debtor's specific objections, if any, and out of an abundance of precaution, the Dies & Hile Claimants intend to preliminarily designate as fact witnesses, each of such Claimants' representatives who are described and set forth in Exhibit "B" in paragraph Roman Numeral I above. Such witnesses names and addresses are incorporated by reference herein as potential fact witnesses for the respective Dies & Hile Claimants on the issue of Limitation periods in the event it is necessary to offer such factual testimony to rebut a specific allegation of Debtor's which has yet to be alleged.

Again, although the Dies & Hile Claimants are without knowledge regarding any specific objections to their claims regarding Limitation periods, in the event that Debtors subsequently make such allegations, then the fact witnesses identified in Exhibit "B" might be expected to testify regarding the history of the buildings, their design and construction as affecting the Grace ACM, the Grace ACM products, the Claimant's knowledge with regard to the presence or absence of building contamination associated with the said Grace ACM products, the condition of the Grace ACM and efforts to maintain such ACM by operations and maintenance and/or other similar actions. EPEC Realty Claimant anticipates that the individuals listed in Exhibit

"B" for such claimant may also testify regarding the DMA field trial performed on the ACM in approximately June 1998, Grace's inspection of the ACM prior to beginning such field test, their conversations with W.R. Grace representatives, their understanding of the basis for selection of the ACM, and their observations of the said field test, the DMA, and the ACM.

Additionally, Dies & Hile Claimants further anticipate calling as fact witnesses past and/or current representatives of Grace, the "Safe Building Alliance" and/or representatives of other former asbestos manufacturers or other companies, entities or organizations who will testify regarding the Debtor's misrepresentations regarding their products characteristics', or ability to release asbestos fibers or hazard in relation thereto. Specifically, Grace, through its own representations and through the Safe Building Alliance, represented for many years to building owners throughout the country that their ACM fireproofing and acoustical products were safe, did not release asbestos fibers, and would not create a hazard for occupants or workers. The Dies & Hile Claimants may call as a potential fact witness any such individual to testify regarding the subject matter discussed above and in addition any of the individuals set forth in Exhibit "E" attached hereto.

### Expert Witnesses

Subject Matter of Testimony

Additionally, given the fact that Debtors' have failed to identify any specific Limitations periods objections as to the Dies & Hile Claimants other than the aforementioned shot-gun general allegations in their 15th Omnibus Objections, and again out of an abundance of precaution, the Dies & Hile Claimants may call any of the expert witnesses identified in Exhibit "F" attached hereto to testify. Such expert witnesses may testify regarding the condition of the ACM material in Claimants' buildings including whether such materials have caused any

contamination of the building in the past and/or likelihood of such in the future, steps to maintain the ACM in place including operation and maintenance or other similar actions, and factors influencing the ACM such as the design or construction of the building.

Additionally, Dies & Hile Claimants may call as an expert witness any of the individuals listed on Exhibit "G" who are qualified by reason of their education and experience to testify regarding those facts which were known and/or available to building owners regarding whether such fireproofing and/or acoustical products contained asbestos, the characteristic of asbestos-containing surface treatment products such as Grace's asbestos fireproofing and acoustical products to dust and release asbestos fibers and/or the potential hazards in regard thereto.

Further, the Dies & Hile Claimants reserve the right to call as an expert or fact witness any other such witness listed by any other party, including Claimants, the Debtor, or the PD Committee, and the subject of their testimony will be the same as that listed by such other party.

DATED: November 15, 2006

Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:       loizides@loizides.com

- and -

Martin W. Dies, Esquire
DIES & HILE, L.L.P.
1009 Green Avenue
Orange, TX 77630
Telephone:    (409) 883-4394
Facsimile:    (409) 883-4814
Email:        mwdies@aol.com

*Counsel for the Dies & Hile Asbestos Property Damage Claimants*