**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Case No. 01-01139 |
| | § | |
| W.R. Grace & Co., | § | (Chapter 11) |
| | § | |
| Debtor. | § | Hon. Judith Fitzgerald |

**OBJECTIONS OF BARON & BUDD, P.C. AND CONDITIONAL OBJECTION OF SILBER PEARLMAN, LLP TO THE DEBTOR'S NOTIFICATIONS THAT CERTAIN SETTLED CLAIMS ARE BEING CONTESTED PURSUANT TO THE ORDER OF AUGUST 24, 2006**

TO THE HONORABLE COURT:

Baron & Budd, P.C. files its objections, and Silber Pearlman, LLP files its conditional objection, to the Debtor's notifications that certain of their Settled Claims are being contested by the Debtor pursuant to the Order of August 24, 2006, and would show as follows:

1.      On August 24, 2006, this Court entered an Order which set forth certain procedures relating to the filing of Proofs of Claims. That Order specified that for claims settled pre-petition, a Proof of Claim was required, but no Questionnaire need be filed. If, however, the Debtor disputed whether the particular claim was settled, it must notify the claimant and supply a Questionnaire, which Questionnaire would have to be completed and filed unless in turn the claimant objected to the Debtor's dispute notification, setting forth "why that holder believes he or she should not be required to fill out and return the Questionnaire." Currently, the Court has set for December 18, 2006 the hearing on whether such Questionnaires need to be filled out and returned.

2.      Sixteen claimants represented by Baron & Budd, P.C. (identified on the Debtor's November 6, 2006 letter attached hereto as Exhibit A) were notified that their claims were contested. In addition, while the Debtor did state that it disputed the claims of several hundred other claimants represented by Baron & Budd, P.C., it only requested additional information about those claims, it did not request that those additional claimants fill out Questionnaires, nor were Questionnaires provided for those claimants to fill-out.

3.      Certain claimants represented by Silber Pearlman, LLP were also notified that their claims were being contested, although the Debtor did not request that those additional claimants fill out Questionnaires, since those claimants already filled-out Questionnaires. Debtor's letter to Silber Pearlman, dated November 8, 2006 is attached hereto as Exhibit B.

**Objections and Conditional Objection of Baron & Budd**

4.      As indicated above, the Debtor has specifically contested 16 claims of clients of Baron & Budd. The basis of the contests were that the claimants did not supply releases to the Debtor.[1] Baron & Budd objects to the Debtors' contest because supplying releases was not a condition precedent to the settlements. While the Debtor's obligation to pay the agreed upon amount of the settlement[2] may be contingent upon receipt of a release, the validity of and binding

---

[1] All 14 yet undelivered releases will be supplied to the Debtor. The one release with missing pages (Jewell Williams) will be replaced with a complete copy. One release (Abshire), which was attached to the proof of claim, is presumably contested because the last four digits of the claimant's social security number were omitted from the proof of claim form because of a technical glitch. His last four digits are '8022.

[2] It should be noted that the amount of money to be paid in settlement of a claim is set forth in the letters that confirm the settlements, not in the releases as implied in Debtor's letter. The releases themselves merely contain boilerplate recitals of consideration, such as "one dollar

nature of the settlement is not.  Since the absence of a release does not mean that the case is not settled, no Questionnaire is required.

    5.    The Baron & Budd claimants also conditionally object to the Debtor's statements in its November 6, 2006 letter concerning claims about which Questionnaires are *not* being sought.  The only purpose of the process in the August 24, 2006 Order is to determine whether or not a claimant who asserts a settlement should also have to fill-out a Questionnaire; it is in no way intended to be a determination of a claim objection under Rule 3007, FED. R. BANKR. P.  Nevertheless, even though the Debtor is not asking these claimants to fill-out a Questionnaire, these claimants would make it clear by way of this conditional objection that the Debtor's position – that these other settlements are defective for failing to supply "supporting information (particularly regarding exposure) for these claimants" – is legally and factually unfounded.  These claims were settled as they were reached for trial on the state court docket.  The terms of these settlements did not include a requirement that exposure information be provided – which makes perfect sense since, *as cases reached on a trial docket*, the Debtor had the opportunity to conduct any and all discovery on this issue they so desired prior to settling the cases, and each plaintiff filed written discovery responses in the cases as mandated by local court rules.[3]

---

and other good and valuable consideration."

[3] Even were this a claim objection, the filing of the objection and this response would create contested matters and begin a litigation-based process for resolving the claims.  The claimants would, however, be entitled to litigate the claim with all of the procedures available in contested matters, including discovery (*See* Rule 9014, FED. R. BANKR. PRO.), and the contest would have to be adjudicated by the District Court since it concerns a personal injury or wrongful death claim.  *See* 28 U.S.C. § 157(b)(2)(B).

OBJECTIONS OF BARON & BUDD, P.C., AND CONDITIONAL OBJECTION OF SILBER
PEARLMAN, LLP TO THE DEBTOR'S NOTIFICATIONS THAT CERTAIN SETTLED
CLAIMS ARE BEING CONTESTED PURSUANT TO THE ORDER OF AUGUST 24, 2006 – Page 3

**Silber Pearlman**

6.    Silber Pearlman's objection is also conditional, since the Debtor has not requested that the claimants be ordered to fill-out Questionnaires.  By way of this conditional objection, these claimants would make it clear, however, that their settlements are all valid, contrary to the statements in the Debtor's letter.  The Debtor's letter of November 8, 2006 did not specify the nature of the alleged defect in the settlements, so it is difficult to address the issue.  If, for example, the Debtor believes that those settlements are not valid because of an alleged lack of supporting information or releases, supplying those items were not conditions precedent to settlement, only to the obligation of the Debtor to make payments under the settlement.[4]

WHEREFORE these objecting claimants respectfully pray that the Debtor's contests be overruled, and that they not be required to fill out Questionnaires, and that they receive all other relief to which they are justly entitled.

---

[4] The Silber Pearlman claimants also incorporate the additional reservations of rights asserted by the Baron & Budd claimants in footnote 3.

| | |
|---|---|
| Dated: November 17, 2006 | Respectfully submitted, |
| | BARON & BUDD, P.C. |
| | By: _____/s/_____<br>      Alan B. Rich |
| | 3102 Oak Lawn Avenue, Suite 1100<br>Dallas, Texas 75247<br>(214) 521-3605<br>(214) 520-1181 (Fax) |

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A Professional Corporation**

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons

2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900
(214) 969-4999 (Fax)

**Co-Counsel for Baron & Budd, P.C. and Silber Pearlman, LLP**

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon counsel of record for the Debtor, the United States Trustee, and counsel for Official Committees, and all other counsel of record registered in the ECF system, through the ECF system, on this 17th day of November, 2006.

_____/s/_____
Alan B. Rich