# EXHIBIT E

**Response to Question No. 31**

Evidence pertaining to disturbance or modification of asbestos-containing materials in the property includes Prudential's abatement and renovation efforts, as set forth in the Responses to Question Nos. 10, 22, 23 and 25. In addition, the report of William H. Ewing, attached hereto in Exhibit E, specifically addresses modifications and disturbances of the asbestos-containing materials in the building.

In addition, this building was the subject of a previous litigation entitled <u>The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al.</u>, as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to any disturbance or modification of asbestos-containing materials on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law-firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

## PART 4: ASBESTOS LITIGATION AND CLAIMS

**Response to Questions A.2 and B.1**

This building was the subject of previous litigation, captioned: <u>The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation</u>, Civil Action No. 87-4277 and <u>The</u>

7

Prudential Insurance Company of America, et al. v. National Gypsum Company, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

The Complaint in The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al. was filed on October 20, 1987. The Complaint in The Prudential Insurance Company of America v. National Gypsum was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit F.

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankruptcy proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

### C. MISCELLANEOUS PROVISIONS

1. No Waiver of Security or Rights: In executing and filing this proof of claim, Prudential does not waive any right to security held by it or for its benefit or any other right or rights that Prudential has or may have against Debtors or any other person or persons.

2. Right to Amend Reserved: Prudential expressly reserves the right to amend or supplement this proof of claim (including, but not limited to, for purposes of

8

produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### Response to Questions A.2 and B.1

This building was the subject of previous litigation, captioned: The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation, Civil Action No. 87-4277 and The Prudential Insurance Company of America, et al. v. National Gypsum Company, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

The Complaint in The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al. was filed on October 20, 1987. The Complaint in The Prudential Insurance Company of America v. National Gypsum was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit F.

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankruptcy proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

8

of asbestos-containing materials on the property to W.R Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel is already in possession of documents which may be further responsive to this question. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### Response to Questions A.2 and B.1

This building was the subject of previous litigation, captioned: The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation, Civil Action No. 87-4277 and The Prudential Insurance Company of America, et al. v. National Gypsum Company, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

The Complaint in The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al. was filed on October 20, 1987. The Complaint in The Prudential Insurance Company of America v. National Gypsum was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit F.

006949-000020

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankruptcy proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

C. **MISCELLANEOUS PROVISIONS**

1. No Waiver of Security or Rights: In executing and filing this proof of claim, Prudential does not waive any right to security held by it or for its benefit or any other right or rights that Prudential has or may have against Debtors or any other person or persons.

2. Right to Amend Reserved: Prudential expressly reserves the right to amend or supplement this proof of claim (including, but not limited to, for purposes of asserting a claim for rejection damages, administrative priority, fixing the amount of damages, fees, costs and expenses referred to herein) at any time and in any respect.

3. Jurisdiction Only Over Claim: In filing the within claim, Prudential does not submit itself to the jurisdiction of the Court for any other purpose other than with respect to such claim.

4. Additional Claims: This proof of claim is made without prejudice to the filing by Prudential of additional proofs of claim with respect to any other indebtedness or liability of Debtors to Prudential.

3250970.01

006949-000021

counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

### PART 4: ASBESTOS LITIGATION AND CLAIMS

#### Response to Questions A.2 and B.1

This building was the subject of previous litigation, captioned: The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation, Civil Action No. 87-4277 and The Prudential Insurance Company of America, et al. v. National Gypsum Company, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

The Complaint in The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al. was filed on October 20, 1987. The Complaint in The Prudential Insurance Company of America v. National Gypsum was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit F.

006950-000020

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankrupcty proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

### C. MISCELLANEOUS PROVISIONS

1. <u>No Waiver of Security or Rights:</u>  In executing and filing this proof of claim, Prudential does not waive any right to security held by it or for its benefit or any other right or rights that Prudential has or may have against Debtors or any other person or persons.

2. <u>Right to Amend Reserved:</u>  Prudential expressly reserves the right to amend or supplement this proof of claim (including, but not limited to, for purposes of asserting a claim for rejection damages, administrative priority, fixing the amount of damages, fees, costs and expenses referred to herein) at any time and in any respect.

3. <u>Jurisdiction Only Over Claim:</u>  In filing the within claim, Prudential does not submit itself to the jurisdiction of the Court for any other purpose other than with respect to such claim.

4. <u>Additional Claims:</u>  This proof of claim is made without prejudice to the filing by Prudential of additional proofs of claim with respect to any other indebtedness or liability of Debtors to Prudential.

3253660.01

006950-000021

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### Response to Questions A.2 and B.1

This building was the subject of previous litigation, captioned: <u>The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation</u>, Civil Action No. 87-4277 and <u>The Prudential Insurance Company of America, et al. v. National Gypsum Company</u>, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

The Complaint in <u>The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al.</u> was filed on October 20, 1987. The Complaint in <u>The Prudential Insurance Company of America v. National Gypsum</u> was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit G.

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankruptcy proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

9

**Response to Question No. 31**

The asbestos-containing fireproofing in this property was fully abated in 1984, in connection with the demolition of the building, as set forth in the Responses to Question Nos. 22, 23 and 25.

In addition, this building was the subject of a previous litigation entitled The Prudential Insurance Company of America, et al. v. United States Gypsum Company, et al., as set forth in Part 4 of the Proof of Claim Form, in which extensive discovery was conducted. Prudential produced documents relating to any disturbance or modification of asbestos-containing materials on the property to W.R. Grace and its counsel, Anthony J. Marchetta, Esq. of the Morristown, New Jersey law firm of Pitney, Hardin, Kipp and Szuch LLP. Therefore, W.R. Grace, or its counsel, is already in possession of any other documents which may be further responsive to this request. In the event that W.R. Grace is unable to obtain such responsive documentation previously produced to its counsel, to the extent the documents are in Prudential's possession, they will be made available upon reasonable request.

## PART 4: ASBESTOS LITIGATION AND CLAIMS

**Response to Questions A.2 and B.1**

This building was the subject of previous litigation, captioned: The Prudential Insurance Company of America, et al. v. United States Gypsum Co.; W.R.Grace & Co.; The Celotex Corporation; United States Mineral Products Co.; Keene Corporation; Asbestospray Corporation, Civil Action No. 87-4277 and The Prudential Insurance Company of America, et al. v. National Gypsum Company, Civil Action No. 87-4328. These cases were filed in the United States District Court for the District of New Jersey.

7

The Complaint in The Prudential Insurance Company of America, et al. v. United States Gypsum Co., et al. was filed on October 20, 1987. The Complaint in The Prudential Insurance Company of America v. National Gypsum was filed on October 21, 1987. These actions were consolidated on October 17, 1988. On April 13, 1989, Prudential filed its First Amended Complaint and Jury Demand in the consolidated litigation. Copies of the First Amended Complaint, and the face pages of the two earlier Complaints, are attached hereto as Exhibit F.

No lawsuit other than what is set forth above has been brought, but that litigation did include claims of joint and several liability. During the pendency of the above identified action all of the defendants filed for bankruptcy or dissolution. While there are claims pending in several bankruptcy proceedings and there is also a pending appeal, the claim related to the property that is the subject of this Proof of Claim is only being pursued against W.R. Grace & Co.

## C. MISCELLANEOUS PROVISIONS

1. No Waiver of Security or Rights: In executing and filing this proof of claim, Prudential does not waive any right to security held by it or for its benefit or any other right or rights that Prudential has or may have against Debtors or any other person or persons.

2. Right to Amend Reserved: Prudential expressly reserves the right to amend or supplement this proof of claim (including, but not limited to, for purposes of asserting a claim for rejection damages, administrative priority, fixing the amount of damages, fees, costs and expenses referred to herein) at any time and in any respect.

8