# EXHIBIT G



West's F.S.A. § 95.031

▷

**Effective: June 12, 2003**

West's Florida Statutes Annotated Currentness
  Title VIII. Limitations (Chapters 93-96)
    Chapter 95. Limitations of Actions; Adverse Possession (Refs & Annos)

→ **95.031. Computation of time**

Except as provided in subsection (2) and in s. 95.051 and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.

(1) A cause of action accrues when the last element constituting the cause of action occurs. For the purposes of this chapter, the last element constituting a cause of action on an obligation or liability founded on a negotiable or nonnegotiable note payable on demand or after date with no specific maturity date specified in the note, and the last element constituting a cause of action against any endorser, guarantor, or other person secondarily liable on any such obligation or liability founded on any such note, is the first written demand for payment, notwithstanding that the endorser, guarantor, or other person secondarily liable has executed a separate writing evidencing such liability.

(2)(a) An action founded upon fraud under s. 95.11(3), including constructive fraud, must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.

(b) An action for products liability under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence, rather than running from any other date prescribed elsewhere in s. 95.11(3), except as provided within this subsection. Under no circumstances may a claimant commence an action for products liability, including a wrongful death action or any other claim arising from personal injury or property damage caused by a product, to recover for harm allegedly caused by a product with an expected useful life of 10 years or less, if the harm was caused by exposure to or use of the product more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product. All products, except those included within subparagraph 1. or subparagraph 2., are conclusively presumed to have an expected useful life of 10 years or less.

1. Aircraft used in commercial or contract carrying of passengers or freight, vessels of more than 100 gross tons, railroad equipment used in commercial or contract carrying of passengers or freight, and improvements to real property, including elevators and escalators, are not subject to the statute of repose provided within this subsection.

2. Any product not listed in subparagraph 1., which the manufacturer specifically warranted, through express representation or labeling, as having an expected useful life exceeding 10 years, has an expected useful life commensurate with the time period indicated by the warranty or label. Under such circumstances, no action for products liability may be brought after the expected useful life of the product, or more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product, whichever is later.

3. With regard to those products listed in subparagraph 1., except for escalators, elevators, and improvements to real property, no action for products liability may be brought more than 20 years after delivery of the product to its first purchaser or lessor who was not engaged in the business of selling or leasing the product or of using the product as a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

West's F.S.A. § 95.031

component in the manufacture of another product. However, if the manufacturer specifically warranted, through express representation or labeling, that the product has an expected useful life exceeding 20 years, the repose period shall be the time period warranted in representations or label.

(c) The repose period prescribed in paragraph (b) does not apply if the claimant was exposed to or used the product within the repose period, but an injury caused by such exposure or use did not manifest itself until after expiration of the repose period.

(d) The repose period prescribed within paragraph (b) is tolled for any period during which the manufacturer through its officers, directors, partners, or managing agents had actual knowledge that the product was defective in the manner alleged by the claimant and took affirmative steps to conceal the defect. Any claim of concealment under this section shall be made with specificity and must be based upon substantial factual and legal support. Maintaining the confidentiality of trade secrets does not constitute concealment under this section.

CREDIT(S)

Laws 1974, c. 74-382, § 3; Laws 1975, c. 75-234, § 1; Laws 1977, c. 77-54, § 2; Laws 1978, c. 78-289, § 1; Laws 1978, c. 78-418, § 1; Laws 1980, c. 80-280, § 1; Laws 1981, c. 81-259, § 44. Amended by Laws 1985, c. 85-80, § 10, eff. July 30, 1985; Laws 1986, c. 86-272, § 2; Laws 1990, c. 90-105, § 2, eff. June 17, 1990; Laws 1999, c. 99-225, § 11, eff. July 1, 1999; Laws 2003, c. 2003-154, § 20, eff. June 12, 2003.

HISTORICAL AND STATUTORY NOTES

**Amendment Notes:**

Laws 1975, c. 75-234, added the second sentence to subsec. (1).

Laws 1977, c. 77-54, amending subsec. (1), substituted "negotiable or nonnegotiable note" for "written instrument", "note" for "instrument," and "any such note" for "a written instrument payable on demand or after date".

Laws 1978, c. 78-289, added subsec. (3).

Laws 1978, c. 78-418, § 1, amending subsec. (2) inserted "within 12 years after" following "product to its original purchaser or". Section 3 of the law provides that the amendment to subsec. (2) is applicable to products liability actions based on either tort or contract causes of action and is applicable only to causes of action accruing on or after October 1, 1978.

For applicability of subsection (2) of this section as amended by Laws 1978, c. 78-418, see § 46.051.

Laws 1980, c. 80-280, § 1, substituted at the end of subsec. (3) "1983" for "1980".

Laws 1981, c. 81-259, was a reviser's correction bill prepared pursuant to § 11.242. See Reviser's Note--1981.

Laws 1985, c. 85-80, § 10, eff. July 30, 1985, a reviser's bill, deleted subsec. (3) of this section which expired by its own terms on July 1, 1983.

Laws 1986, c. 86-272, § 2, substituted "an action for fraud under s. 95.11(3) must be begun" for "within twelve years after the date of delivery of the completed product to its original purchaser or" and deleted following "regardless of the date" the words "the defect in the product or".

Laws 1986, c. 86-272, provided therein that section 2 of the law take effect July 1, 1986; however, approval by the governor occurred subsequent thereto. The Florida Supreme Court in an advisory opinion to the governor of July 19, 1979 (374 So.2d 959) stated in part "* * * the effective date provided in the bill is inoperative unless the bill becomes law on or before that date" and concludes that under such circumstances the provision of Const. Art. 3, § 9, that the law take effect on the sixtieth day after adjournment sine die of the session of the legislature in which

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

West's **F.S.A. § 95.031**

enacted, is applicable.

Laws 1990, c. 90-105, § 2, eff. June 17, 1990, reenacted the introduction and subsecs. (1) and (2) without change "for the purpose of incorporating the amendment to section 95.051, Florida Statutes, in references thereto".

Section 3 of Laws 1990, c. 90-105, eff. June 17, 1990, provides:

"This act shall take effect upon becoming a law and shall apply to causes of action accruing on or after the effective date."

Laws 1999, c. 99-225, § 11, rewrote subsec. (2), which formerly read:

"(2) Actions for products liability and fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered."

Laws 1999, c. 99-225, § 12(1), provides that:

"(1) The amendments to section 95.031(2), Florida Statutes, made by this act shall apply to any action commenced on or after the effective date of that section, regardless of when the cause of action accrued, except that any action for products liability which would not have been barred under section 95.031(2), Florida Statutes, prior to the amendments to that section made by this act may be commenced before July 1, 2003, and, if it is not commenced by that date and is barred by the amendments to section 95.031(2), Florida Statutes, made by this act, it shall be barred."

Laws 1999, c. 99-225, § 34, provides that:

"It is the intent of this act and the Legislature to accord the utmost comity and respect to the constitutional prerogatives of Florida's judiciary, and nothing in this act should be construed as any effort to impinge upon those prerogatives. To that end, should any court of competent jurisdiction enter a final judgment concluding or declaring that any provision of this act improperly encroaches upon the authority of the Florida Supreme Court to determine the rules of practice and procedure in Florida courts, the Legislature hereby declares its intent that any such provision be construed as a request for rule change pursuant to s. 2, Art. 5 of the State Constitution and not as a mandatory legislative directive."

Laws 2003, c. 2003-154, § 20, in subsec. (2)(a), substituted "founded upon" for "for" following "An action" and inserted ", including constructive fraud," preceding "must be begun within the period prescribed in this chapter,".

Laws 2003, c. 2003-154, § 21, provides:

"The amendments to section 95.031, Florida Statutes, are remedial in nature and shall have retrospective effect."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.