# EXHIBIT H

MN ST § 541.051  
M.S.A. § 541.051

Page 1

Minnesota Statutes Annotated Currentness
  Judicial Procedure, District Court (Ch. 530-552)
    Chapter 541. Limitation of Time, Commencing Actions

→ **541.051. Limitation of action for damages based on services or construction to improve real property**

**Subdivision 1. Limitation; service or construction of real property; improvements.** (a) Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury or, in the case of an action for contribution or indemnity, accrual of the cause of action, nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or the owner's representative can occupy or use the improvement for the intended purpose.

(b) For purposes of paragraph (a), a cause of action accrues upon discovery of the injury or, in the case of an action for contribution or indemnity, upon payment of a final judgment, arbitration award, or settlement arising out of the defective and unsafe condition.

(c) Nothing in this section shall apply to actions for damages resulting from negligence in the maintenance, operation or inspection of the real property improvement against the owner or other person in possession.

(d) The limitations prescribed in this section do not apply to the manufacturer or supplier of any equipment or machinery installed upon real property.

**Subd. 2. Action allowed; limitation.** Notwithstanding the provisions of subdivision 1, in the case of an action which accrues during the ninth or tenth year after substantial completion of the construction, an action to recover damages may be brought within two years after the date on which the action accrued, but in no event may an action be brought more than 12 years after substantial completion of the construction.

**Subd. 3. Not construed.** Nothing in this section shall be construed as extending the period prescribed by the laws of this state for the bringing of any action.

**Subd. 4. Applicability.** For the purposes of actions based on breach of the statutory warranties set forth in section 327A.02, or to actions based on breach of an express written warranty, such actions shall be brought within two years of the discovery of the breach. In the case of an action under section 327A.05, which accrues during the ninth or tenth year after the warranty date, as defined in section 327A.01, subdivision 8, an action may be brought within two years of the discovery of the breach, but in no event may an action under section 327A.05 be brought more than 12 years after the effective warranty date.

CREDIT(S)

Laws 1965, c. 564, § 1, eff. May 22, 1965. Amended by Laws 1977, c. 65, § 8, eff. Jan. 1, 1978; Laws 1980, c. 518, § § 2 to 4; Laws 1986, c. 444; Laws 1986, c. 455, § 92; Laws 1988, c. 607, § 1, eff. April 25, 1988; Laws 1990, c. 555, § 13; Laws 2004, c. 196, § 1.

HISTORICAL AND STATUTORY NOTES

2006 Electronic Update

2004 Legislation

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

MN ST § 541.051  
M.S.A. § 541.051

Page 2

Laws 2004, c. 196, § 1, rewrote subd. 4, which formerly read:

"This section shall not apply to actions based on breach of the statutory warranties set forth in section 327A.02, or to actions based on breach of an express written warranty, provided such actions shall be brought within two years of the discovery of the breach."

2000 Main Volume

The 1977 amendment added subd. 4.

The 1980 amendment revised subds. 1, 2, and 4 which formerly read:

"Subdivision 1. Except where fraud is involved, no action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or construction of such improvement to real property more than two years after discovery thereof, nor, in any event more than ten years after the completion of such construction. This limitation shall not be applied in favor of any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe conditions of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action.

"Subd. 2. Notwithstanding the provisions of subdivision 1, in the case of such an injury to property or the person, or such an injury causing wrongful death, which injury occurred during the tenth year after the completion of such construction, an action to recover damages for such an injury or wrongful death may be brought within one year after the date on which such injury occurred, irrespective of the date of death, but in no event may such an action be brought more than 11 years after the completion of such construction."

"Subd. 4. This section shall not apply to actions based on breach of the statutory warranties set forth in section 327A.02."

Laws 1986, c. 444, authorized the removal of nonsubstantive gender specific references.

Laws 1986, c. 455, § 92, in subd. 1 decreased the time period after which causes of action under this subd. shall not accrue from 15 to 10 years; and in subd. 2 substituted "ninth or tenth year" for "14th or 15th year" and "twelve years" for "17 years".

The 1988 amendment substituted "of the injury or, in the case of an action for contribution or indemnity, accrual of the cause of action" for "thereof" in the first sentence of subd. 1(a) and added the provisions of subd. 1(b), both subdivisions effective April 25, 1988 to apply to matters pending on or instituted on or after April 25, 1988.

Laws 1988, c. 547, provided that an action originally governed by § 541.051, based on construction that was substantially completed between September 15, 1977, and January 1, 1978, may be brought according to § 541.051 until January 1, 1989, notwithstanding that the action would otherwise be barred by § 541.051. Laws 1988, c. 547, also states that this limitation does not shorten any other limitation period under which an action may be brought.

The 1990 amendment, in subd. 1, added par. (d), excepting manufacturers and suppliers of equipment or machinery installed upon real property from the limitations of this section.

Laws 1990, c. 555, § 24 provides in part that this amendment is effective May 4, 1990 and applies to all causes of action arising on or after that date.

LAW REVIEW AND JOURNAL COMMENTARIES

Architects in Minnesota Law. Samuel D. Heins, 51 Hennepin Law. 14 (Nov.- Dec. 1981).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

MN ST § 541.051  
M.S.A. § 541.051

Page 3

A comparative analysis of Minnesota products liability law and the Restatement of Torts: Products liability, Mike Steenson. 24 Wm.Mitchell L.Rev. 1 (1998).

Liability and loss allocation for economic losses in construction litigation involving design professionals. Larry D. Espel, 13 Wm.Mitchell L.Rev. 81 (1987).

Limitation of actions involving improvements to real property: Scope and applicability of Minnesota Stats. § 541.051. Hon. Edward D. Mulally and Mark Bloomquist, 13 Minn.Trial Law. 16 (Summer 1988).

Statute of limitations in construction-related cases: The return to common law and common sense. Keith J. Halleland and Thomas F. Nelson, 57 Hennepin Law. 8 (May-June 1988).

Statutory warranties on new homes. 64 Minn.L.Rev. 413 (1980).

Tort reform in Minnesota--the impact of the 1986 legislative enactments on general civil litigations. Charles E. Spevacek, 10 Hamline L.Rev. 461 (1987).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.