IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |

**Hearing Date: TBD**
**Related Docket No: 9315**

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO F.R.B.P. 7056 DISALLOWING
AND EXPUNGING 10 TIME-BARRED ASBESTOS PROPERTY DAMAGE CLAIMS
<u>FILED ON ACCOUNT OF BUILDINGS IN THE STATE OF NEW YORK</u>**

The Debtors file this motion pursuant to Federal Rule of Bankruptcy Procedure

7056 for an order disallowing and expunging ten (10) time-barred Asbestos Property Damage

("PD") Claims that were filed on account of buildings located in the State of New York

(collectively, the "NY Claims," which are identified at Exhibit A). The NY Claims assert

property damage on account of the alleged presence of Monokote-3, a Grace asbestos-added

fireproofing product, that was allegedly installed in the subject buildings during their initial

periods of construction, which for every NY Claim was during or before 1973.

In considering this Motion, Delaware's choice of law principles direct the Court

to apply New York's statute of limitations to the NY Claims. New York's applicable limitations

period is three years, and under prevailing New York jurisprudence, this prescriptive period

began to run when the Grace asbestos-containing products were allegedly installed in the subject

properties. Therefore, the limitations period began to run with respect to the NY claims in 1973

(at the latest), and the NY Claims were required to have been brought before 1976 (at least). However, the claimants did not file the NY Claims until March 2003, *at least twenty-seven (27) years after the statute of limitations had lapse*d with respect to each NY Claim. Therefore, the NY Claims are proscribed as a matter of law, and the Debtors request an order pursuant to Federal Rule of Bankruptcy Procedure 7056 disallowing and expunging each of them.

## Facts and Background

1.      As demonstrated by the relevant pages from the claim forms attached as Exhibit B, the claimants filed the ten (10) NY Claims on or before March 31, 2003, the claims bar date for Asbestos PD Claims against the Debtor.

2.      The NY Claims were all filed on account of buildings constructed during or before 1973. *See* Relevant Pages from the NY Claim forms, attached as Exhibit C. The NY Claims allege property damage due to the presence of Monokote-3 ("MK-3"), which allegedly was installed at the time the buildings were originally constructed. *See* Relevant Pages from the NY Claim forms, attached as Exhibit D. MK-3 is an asbestos-added fireproofing product that Grace sold in the United States until July 4, 1973, when Grace[1] permanently ceased selling MK-3 in the U.S. MK-3 was sprayed on structural steel to prevent or delay collapse in the event of a fire.

3.      On September 1, 2005, in their *Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims* (Dkt. No. 9315), the Debtors objected to each NY Claim

---

[1] For purposes of this Brief, the term "Grace" refers to W. R. Grace & Co. and/or its affiliated entities that are Debtors in these Chapter 11 cases, either collectively or in their individual capacities, as appropriate.

on multiple bases, including that each claim was time-barred under New York's statute of

limitations based upon the claimants' constructive and actual notice (Categories D-2 and D-4).

*Id.* at 32, 35.

### Relief Requested

4.    The Debtors request an order disallowing and expunging the NY Claims,

because these Claims were asserted against Grace in March 2003 -- at least 27 years after the

applicable statute of limitations had run with respect to each NY Claim.[2]

### Jurisdiction

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  *See In re U.S.*

*Abatement  Corp.*, 79 F.3d 393 (5th Cir. 1996).  Venue is proper before this Court pursuant to 28

U.S.C. §§1408 and 1409.

6.    The statutory predicates for the relief sought herein are Sections 105(a),

502, and 558 of chapter 11 of title 11 of the United States Code and Federal Rule of Bankruptcy

Procedure 7056.  These provisions grant this Court the authority to disallow and expunge the NY

Claims, should the Court determine that there are no issues of material fact and the claims are

deficient as a matter of law.  *See, e.g., In re Allegheny Health Educ. & Research Found.*, No. 05-

3841, 2006 WL 1440228 (3d Cir. May 25, 2006) (affirming bankruptcy court's order granting

summary judgment to debtor on a proof of claim and dismissing the subject claim); *In re Genesis*

---

[2]  In this Motion, the Debtors do not seek an adjudication of other objections to the NY Claims asserted in the
Fifteen Omnibus Objection.  The Debtors reserve their right to prosecute their remaining objections to the NY
Claims at a later time, in the event that the Court does not grant this Motion in full.

*Health Ventures, Inc.*, 112 Fed.Appx. 140 (3d Cir. 2004) (affirming bankruptcy court's finding

that bankruptcy proof of claims failed to raise a genuine issue of material fact and granting

summary judgment to the debtors estimating the claim at zero).

### Legal Argument

I.    **Summary Judgment is Appropriate Because There is No Issue of Material Fact, and Grace is Entitled to Judgment as a Matter of Law.**

7.    Federal Rule of Civil Procedure 56[3] provides that summary judgment

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247

(1986).

8.    A fact is "material" only if it affects the result of the proceeding, and, a

fact is in dispute only when the opposing party submits evidence such that a trial would be

required to resolve the differences. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975), *cert.*

*denied*, 425 U.S. 904 (1976); *In re CIS*, 214 B.R. 108, 118 (Bankr. S.D.N.Y. 1997). The Court's

function on a summary judgment motion is to determine whether there are any genuine issues of

material fact to be tried, and not to resolve any factual disputes. *Anderson*, 477 U.S. at 248-49;

---

[3] Federal Rule of Bankruptcy Procedure 7056 applies here because (i) Fed.R.Bankr.P. 9014(c) states that F.R.B.P. 7056 is applicable in "contested matters"; and (ii) objecting to a proof of claim - as Grace did to the NY Claims in the 15th Omnibus Objection - "'creates a dispute which is a contested matter' within the meaning of Bankruptcy Rule 9014 ..." *In re Los Gatos Lodge, Inc.*, 278 F.3d 890, 894 (9th Cir. 2002).

*Rule v. Brine, Inc.*, 85 F.3d 1002, 1010 (2d Cir. 1996); *Schering Corp. v. Home Ins. Co.*, 712

F.2d 4, 9 (2d Cir. 1983).

   9. In ruling on a motion for summary judgment, the court is required to draw

all factual inferences in favor of, and take all factual assertions in the light most favorable to, the

party opposing summary judgment. *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358 (3d Cir.

1987). If the movant meets its burden, the burden shifts to the nonmoving party to come forward

with evidence of a genuine issue of material fact. *Rule*, 85 F.3d at 1011. The evidence favoring

the nonmoving party must be more than merely colorable, and it must do more than simply show

that there is some metaphysical doubt as to the material fact. *Anderson,* 477 U.S. at 249. There

must be evidence upon which the finder-of-fact may reasonably rely, and the nonmoving party

may not simply rely on speculation, conclusory allegations and mere denials to raise genuine

issues of material fact. *Childers v. Joseph,* 842 F.2d 689 (3d Cir. 1988).

   10. Additionally, where the non-movant, such as the claimant in the present

instance, bears the burden of proof on the issue which is the subject of the summary judgment

motion and is confronted by the defendant's argument that the facts established through the

discovery process do not support the claim, that party must identify evidence of record sufficient

to establish every element essential to the claim. *Celotex*, 477 U.S. at 323; *Equimark Com. Fin.*

*Co. v. C.I.T. Fin. Serv. Corp.*, 812 F.2d 141 (3d Cir. 1987).

   11. For purposes of the present Motion, the NY Claim forms provide all of the

salient facts. That is because the Court-approved Asbestos Property Damage Proof of Claim

Form directed claimants to provide all of the information required by the Form (or a short

description of why such information was unavailable). *See* General Instructions to Asbestos

Property Damage Proof of Claim Form (attached hereto as Exhibit E). All of the NY Claim

forms state that they were filed on account of buildings constructed during or before 1973, when

MK-3 was allegedly installed during construction.[4] As described more fully below, the

applicable three-year statute of limitations began to run when the product was installed in the

subject properties. Therefore, even viewed in the light most favorable to the NY Claimants,

these claims had been proscribed for at least twenty-seven years before they were filed before

this Court.

## II.    This Court Must Apply New York's Statute of Limitations to Determine Whether the NY Claims are Time-Barred.

12.    To determine the appropriate state's statute of limitations to apply to the

NY Claims, the Court must consider Delaware's choice of law rules, as this Court has already

determined in the context of determining that certain claims filed by Prudential Insurance

Company against the Debtors were time-barred. *See* Order Disallowing and Expunging as Time-

Barred Two Asbestos PD Claims Filed by Prudential Insurance Company on Account of

Buildings Located in Georgia ("Order re Prudential Georgia Claims", Dkt. No. 13457). Under

Delaware choice of law rules, New York's statute of limitations applies to the NY Claims,

because (i) the subject properties are located in New York; and (ii) Delaware has no direct

interest in the claims.

---

[4] For purposes of this Motion, these statements are binding upon the respective NY Claimants. *In re Basin Res. Corp.*, 182 B.R. 489 (Bankr. N.D. Tex. 1995) (creditor's statement in proof of claim that oil and gas interests of debtor were securities, was conclusively binding on creditor); *see also Larson v. Groos Bank*, 204 B.R. 500, 502 (W.D. Tex. 1996) ("factual assertions in pleadings, which have not been superceded by amended pleadings, are judicial admissions against the party that made them.").

6

A.    **Delaware Choice of Law Principles Apply.**

13.    When presented with a choice of law issue, this Court must look to

Delaware choice of law principles. *See* Order re Prudential Georgia Claims; *see also In re PHP*

*Healthcare Corp.*, 128 Fed. Appx. 839, 843 (3rd Cir. 2005) ("[W]e will adopt the choice of law

rule of Delaware—the state in which the Bankruptcy Court resides."); *In re Gaston & Snow*, 243

F.3d 599, 605-07 (2d Cir. 2001); *In re Payless Cashways*, 203 F.3d 1081, 1084 (8th Cir. 2000);

*In re Gibson,* 234 B.R. 776, 779 (Bankr. N.D. Cal. 1999) ("The majority rule requires the

application of the law of the forum state, including that state's choice of law rules."); *In re*

*Merritt Dredging Co., Inc.*, 839 F.2d 203, 205-06 (4th Cir. 1988).

14.    Following this approach, this Court recently applied Delaware's

"borrowing statute" to determine the limitations period applicable to two claims arising from

buildings located in Georgia. *See* Order re Prudential Georgia Claims.

15.    Similarly, the United States Bankruptcy Court for the Western District of

Pennsylvania applied Pennsylvania's borrowing statute when faced with a choice between two

states' limitations periods. *See, In re Global Indus. Tech.*, 333 B.R. 251, 254 (Bankr. W.D. Pa.

2005) (J. Fitzgerald) ("These bankruptcies were filed in the Western District of Pennsylvania.

Thus, we rely on Pennsylvania's borrowing statute to resolve any conflict with another state's

limitations period."). Accordingly, since the Grace cases were filed in Delaware, this Court

should apply Delaware choice of law principles to determine the limitations periods that governs

the NY Claims.

7

**B.    Delaware's Borrowing Statute Selects the Limitations Period of the State Where the Subject Properties are Located.**

16.    Delaware choice of law principles require application of New York's statute of limitations to the NY Claims. Delaware's "borrowing statute" codifies Delaware's approach to choice of law issues relating to statutes of limitations. *See* 10 Del. C. § 8121 (2005). To prevent forum shopping, this statute requires application of the limitations period of the state where the claim at issue "arose" if it is shorter than Delaware's limitations period:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of *whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose*, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.

10 Del. C. § 8121 (2005) (emphasis added).

17.    The Delaware borrowing statute "shorten[s] the period of limitation applicable to actions arising in foreign jurisdictions if the foreign statute specifies a shorter period" and therefore requires application New York's shorter limitations period. *Pack v. Beech Aircraft Co.*, 132 A.2d 54, 57 (Del. 1957).

18.    *First*, for purposes of the borrowing statute, the NY Claims "arose" in new York. "Delaware courts, when confronted with a substantive choice of law situation in a tort action will apply the law of the *lex loci delicti*, i.e., the law of the state where the tort or injury occurred." *Hill v. Equitable Trust Co.*, 562 F.Supp. 1324, 1334 (D. Del. 1983), *citing Dymond v. Nat'l Broading Co., Inc.,* 559 F.Supp. 734, 737 (D. Del. 1983), *Thornton v. Carroll*, 490 F.Supp. 455, 457 (D. Del. 1980). In the present instance, that state is New York – the state

8

where the allegedly damaged properties are located. *Pennzoil Prod. Co. v. Colelli & Assoc.*, 149 F.3d 197, 202 (3d Cir. 1998) ("[S]ince Pennzoil claims to have suffered damage to its refinery equipment in Pennsylvania, that is where—for jurisdictional purposes—we must conclude the alleged injury occurred."); *Paoletto v. Beech Aircraft Co.*, 464 F.2d 976, 979 (3d Cir. 1972) (finding that a claim arose at the "place of the injury" rather than the "place of the negligence"); *May v. Remington Arms Co., Inc.,* No. Civ. A. 94C-08-27OFSS, 2005 WL 2155229, at *2 (Del. Sup. Aug. 31, 2005) (applying North Carolina statute of limitations to products liability claim and determining that the alleged "injury" occurred in North Carolina, the State where the plaintiff was harmed).

19.    In this respect, the Eighth Circuit's holding in *Building Erection Servs., Inc. v. JLG, Inc.*, 376 F.3d 800 (8th Cir. 2004), is directly on-point. There, a Kansas corporation sued for damage to its Missouri property stemming from a crane failure in Missouri. The court held -- for purposes of Missouri's borrowing statute -- that the claim accrued in Missouri: "[W]e believe a corporate injury accrues at the place where the physical property is damaged, not at the place where the corporation feels the secondary economic effects of the injury." *Id.* at 804-05.

20.    *Second*, New York has adopted a strict limitations periods that bars the NY Claims. As explained more fully below, New York has a three-year statute of limitations, which began running when the product was installed in the subject properties.[5] To prevent

---

[5] In Delaware, the borrowing statute borrows not only the foreign statute of limitation, considered for the purpose of a foreign cause of action to be part of the foreign state's substantive body of law, (*Dymond v. National Broad. Co.*, 559 F.Supp. 734, 736 (1983)), but also all of its accoutrements. *Frombach v. Gilbert Assoc.*, 236 A.2d 363 (Del. 1957), *cert. denied,* 391 U.S. 906 (1968). Included among such accoutrements are rules governing the time when the cause of action accrued. *Plumb v. Cottle*, 492 F.Supp. 1330, 1336 (D. Del. 1980).

9

forum shopping, Delaware's borrowing statute selects this limitations period over Delaware's longer period.[6]

      21.    Therefore, under Delaware choice of law analysis, the NY Claims are governed by N.Y. C.P.L.R. § 214 (McKinney 1990), which creates a 3-year period within which an action to recover damages for personal injury or injury to property caused by latent effects of exposure to any substance must be commenced. *See* N.Y. C.P.L.R. § 214 (McKinney 1990) (attached as Exhibit F); *see also 888 7th Ave. Associates Ltd. Partnership v. AAER Sprayed Insulations*, 199 A.D.2d 50 (N.Y App. Div. 1993) (applying CPLR § 214's three year proscription period in asbestos property damage lawsuit); *MRI Broadway Rental, Inc. v. United States Mineral Prods. Co.*, 704 N.E.2d 550 (N.Y. 1998) (same).

      22.    This result is simple and comports with common sense -- New York is the State where the buildings at issue are located; where the alleged property damage occurred; and where any monitoring, maintenance, or remediation would take place. *See, e.g., In re Asbestos School Litig.*, No. 83-0268, 1991 WL 3890, at *2 (E.D. Pa. Jan 9, 1991) ("Any asbestos-containing materials present in Hawaii schools were installed in that state and any abatement or repair will take place there. These contacts are such that the laws of Hawaii, including its statues of limitations and repose are properly applied by this court.").

---

[6] Delaware's statute of repose has a six-year limitations period. *See* 10 Del. C. § 8127. "For borrowing purposes, there is no helpful distinction between statutes of repose and limitation." *May v. Remington Arms Co., Inc.*, 2005 WL 2155229, at *2 (Del. Sup. 2005). Accordingly, Delaware's borrowing statute selects New York's shorter three-year statute of limitations.

III.    **Under New York's Statute of Limitations, the NY Claims Have Been Proscribed For At Least Twenty-Seven Years.**

23.    Under prevailing New York jurisprudence, New York's three-year statute of limitations for the NY Claims began running at the time the MK-3 allegedly was installed in the subject buildings. *MRI Broadway Rental,* 704 at N.E. 2d. 551; *888 7th Ave. Assocs. Ltd. P'ship,* 199 A.D.2d at 51.

24.    In *MRI Broadway Rental,* a Manhattan building owner sought "damages for the cost of performing abatement work on asbestos fireproofing that was installed when the building was constructed." 704 N.E.2d at 551. The defendants moved for summary judgment, arguing that plaintiff's claim was time-barred under New York's statute of limitations, which began running when the asbestos-containing material was installed in the building. Plaintiff opposed the motion arguing that the statute of limitation did not accrue until the building was "contaminated." *Id.* at 552.

25.    In granting defendant's motion, the court specifically adopted defendant's "installation standard" and held that, "[c]onsistent with our long line of precedents ... for Statute of Limitations purposes, plaintiff's injury occurred when the asbestos-containing material was installed." Id. at 551 (emphasis added). In so doing, the court noted the following problem with plaintiff's proposed "contamination" standard:

> In keeping with the important purposes of avoiding stale claims and providing defendants with a degree of certainty and predictability in risk assessment, our precedents have rejected accrual dates which cannot be ascertained with any degree of certainty, in favor of a bright line approach.

(*Id.* at 553.) As the *MRI Broadway Rental* court acknowledged, its decision was "[c]onsistent with our long line of precedents." *Id.* at 551. For example, in *888 7th Ave.*

11

*Assocs. Ltd. P'ship,* another action by a building owner to recover for property damage

allegedly caused by the presence of asbestos-containing material, another New York

court determined that plaintiff's cause of action was "governed by the three-year Statute

of Limitations of CPLR 214 and accrued when the asbestos actually began to cause

harm." 199 A.D.2d at 51.

26.    Therefore, the limitations period began to run as to the NY Claims at the

time the MK-3 allegedly was installed in the subject properties. Given that (i) the NY Claim

forms state that the MK-3 was installed in the subject properties during or before 1973; and (ii)

New York has a three-year statute of limitations for asbestos property damage actions, the statute

of limitations for the NY Claims expired (at the latest) in 1976 -- some twenty-seven years

before the NY Claims were filed.[7]

*[Remainder of Page Intentionally Left Blank]*

---

[7] To the extent the NY Claims may have been covered under New York's Toxic Tort Revival Act, which revived "every action for personal injury, injury to property or death caused by the latent effects of exposure to ⋯ asbestos ... within property which is barred as of [July 1, 1986]" [1986 N.Y.Laws, ch. 682, § 4], the NY Claims would still be barred. Actions covered under this act were revived for one year. *Id.* Accordingly, if the Toxic Tort Revival Act did apply to the NY Claims, then they would have been revived for one year beginning on July 1, 1986 and terminating on June 30, 1987. The NY Claimants failed to assert their claims during that temporary revival period and, therefore, cannot take advantage of any benefits that may have been available under the act.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form of the proposed order attached hereto as Exhibit G, (i) finding that New

York's applicable statute of limitation proscribes each of the claims; and (ii) disallowing and

expunging with prejudice each of the NY Claims.

Dated: November 17, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

_James E. O'Neill_

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in
Possession

13