**Exhibit E**

# WILENTZ
# GOLDMAN
# &SPITZER P.A.

### ATTORNEYS AT LAW

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
(732) 636-8000
Fax (732) 855-6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
(732) 542-4500
Fax (732) 493-8387

110 William Street
26th Floor
New York, NY 10038-3901
(212) 267-3091
Fax (212) 267-3828

http://www.wilentz.com

Please reply to:
Woodbridge
Direct Dial: (732) 855-6189
Direct Fax: (732) 726-6627

DAVID T. WILENTZ (1919-1988)
O. GEORGE GOLDMAN (1922-1959)
HENRY M. SPITZER (1926-1968)

WARREN W. WILENTZ
MATTHIAS D. DLEO
MORRIS BROWN
FREDERIC K. BECKER
NICHOLAS L. SANTOWASSO
RICHARD F. LERT
JOHN A. HOFFMAN
STEPHEN F. BARCAN
FRANCIS V. BONELLO
VINCENT P. MALTESE
DAVID M. WILDSTEIN
GORDON J. GOLUM
MARVIN J. BRAUTH
STUART A. HOBERMAN
STEPHEN A. SPITZER
ANNE S. BABINEAU
CHRISTINE D. PETRUZZELL
BRIAN J. MOLLOY
RANDALL J. RICHARDS
JOSEPH J. JANKOWSKI
DAVID S. GORDON
FREDERICK J. DENNEHY
ROY H. TANZMAN
STEVEN J. TRIPP
JAY J. ZIZNEWSKI
ALAN WASSERMAN
JAMES E. TRABILSY
MAUREEN S. BINETTI
ANTHONY J. PANNELLA, JR.
MICHAEL J. BARRETT
MICHAEL F. SCHAFF
ANGELO JOHN CIFALDI
FRANCIS X. JOURNICK, JR.
KEVIN M. BERRY
NOEL S. TONNEMAN
JOHN T. KELLY
C. KENNETH SHANK
BARRY A. COOKE
JON C. KUPLK
PETER R. HERMAN
EDWARD T. KOLL

HESSER G. McBRIDE, JR.
ERIC JOHN MARCY
ROBERT C. KAUTZ
VIOLA S. LORDI
LYNNE M. KIZIS
KEVIN P. RODDY
STEVEN P. MARSHALL
DOUGLAS WATSON LUBIC
CHERYL J. OEHKDORF
LISA A. GORAB
RUSSELL J. FISHKIND
FRED HOPKE
CHARLES F. VUOTTO JR.
DONALD F. TAYLOR
BARRY R. EUGARMAN
BRETT R. HARRIS
ALFRED M. ANTHONY
DARREN M. GELUSKA
MATTHEW M. WEISSMAN
WILLIAM J LINTON
DONNA M. JENNINGS
GIOVANNI ANZALONE
PETER A. GREENBAUM
WILLARD C. SHIH
BLAIR R. ZWILLMAN
STEVEN R. ENIS
LAWRENCE C. WEINER

OF COUNSEL
ROBERT A. PETITO
HAROLD O. SMITH
ALFRED J. HILL (1982-2002)
ROBERT J. CIRAFESI (1970-2004)
ALAN D. HANDLER
DOUGLAS T. HAGUE
MYRON ROSNER
R. BENJAMIN COHEN

COUNSEL
DAVID P. PEPE
SUSANNE B. ODONOHUE
RISA A. KLEINER
RUTH D. MARCUS
RICHARD J BYRNES
JAY V. SURCENT
LEE ANN McCABE

LAURIE E. MEYERS
JAMES P LUNDY
ELIZABETH FARLEY MURPHY
JAMES E. TONREY, JR.
DEIRDRE WOULFE PACHECO
ROBERTO BENITES

ASSOCIATES
LINDA LASHBROOK
LORETTA KIRSCH PRIVES
YVONNE MARCUSE
ELIZABETH C. DELL
ABBY RESNICK-PARIGIAN
BRIAN KALVER
ELLEN TORREGROSSA-O'CONNOR
NANCY A. SLOWE
KELLY A. ERHARDT-WOJIE
JEFFREY J. BROCKNER
JAMES E. McGURE
FRANCINE E. TAJFEL
ELIZABETH SISO BAIR
RONALD P. COLICCHIO
M. MATTHEW MANNION
DANIEL M SERVISS
JESSICA STEIN ALLEN
COURTENAY C. HANSEN
TODO C. LEHDER
JOHN M. CANTALUPO
JOHN E. HOGAN
DONNA A. McBARRON
DANIEL R. WASP
JOSEPH R. ZAPATA, JR.
JOHN P MURDOCH II
ANNA MARIA TEJADA
MARY H. SMITH
EDWARD J ALBOWICZ
THOMAS P KELLY
ANNA I MONFORTH
STEPHANIE D. GIRONDA
EVERETT M JOHNSON
ALEX LYUBARSKY
KEVEN H FRIEDMAN
GREGORY D SHAFFER
JESSICA S. PYATT

LOUIS J. SEMINSKI, JR.
JARRET B. LEWIS
LILLIANA PLATA
ROBERT L SELVERS
ERIK C ACOSTA
PAMELA R GOLD-ZAFRA
ALYSON M. LEONE
JULIE A DEMAREF
VINCENT CHENG
MICHAEL J. WEISSLITZ
JONATHAN M. BUSCH
JAMIE M. BENNETT
KEITH L. HOVEY
GEMMA L ABERNOVICH
KRISTEN M BENEDETTO
GIRA A. DESAI
JOSEPH J. RUSSELL JR.
JON S. POLEVOY
DEEPA KAIREN
DANIELA PRUM8
CHERYL E. CONNORS
RUTH A. RAULS
JAMES J. TRACY
JOSHUA A. FREEMAN
CHAD B. SIMON

n Certified Civil Trial Attorney
◇ Certified Criminal Trial Attorney
‡ Certified Matrimonial Attorney
† Certified Workers Compensation Attorney
* National Certified Civil Trial Specialist
  Approved by the ABA
1 Not admitted NJ
2 Admitted NY
3 Admitted PA
4 Admitted CT
5 Admitted DC
6 Admitted MA
7 Admitted MO
8 Admitted VA
9 Admitted CA
10 Admitted FL
11 Admitted IL

November 10, 2006

*VIA ELECTRONIC TRANSMISSION,*
*FACSIMILE & REGULAR MAIL*

Barbara Harding, Esq.
Kirkland & Ellis
655 Fifteenth Street, N.W.
Washington, D.C. 20005

     Re:  W.R. Grace & Co., et al., Debtors
          D.Del. Lead Ch. 11 Case No. 01-01139 JKF
          - **PERSONAL INJURY QUESTIONNAIRES**

Dear Ms. Harding:

     Pursuant to the scheduling order, the following constitutes the initial response on behalf of asbestos-related personal injury/wrongful death claimants represented by Wilentz, Goldman & Spitzer ("WGS Claimants") who did or will complete a questionnaire.

PERSONAL INJURY QUESTIONNAIRES:

     WGS Claimants hereby make the following general objections to the W.R. Grace Asbestos Personal Injury Questionnaire (the "API Questionnaire"):

#2822040



**WILENTZ**
**GOLDMAN**
**&SPITZER P.A.**
ATTORNEYS AT LAW

Barbara Harding, Esq.
November 10, 2006
Page 2

      1.    Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), the WGS Claimants object to the API Questionnaire to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. Without limiting the foregoing, Claimant objects to the following provisions of the API Questionnaire as violative of Fed. R. Civ. P. 26(b)(4)(B):

    (a)    WGS Claimants object to Section C of the Instructions to the extent that it requests the completion of Part II of the API Questionnaire "if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors."

    (b)    WGS Claimants object to Section C of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

    (c)    WGS Claimants object to Section C of the Instructions to the extent that it requests the production of "all x-ray readings and reports."

    (d)    WGS Claimants object to Section C of the Instructions to the extent that it requests the production of "all pulmonary function test results, including the raw data and all spirometric tracings, on which the results are based."

    (e)    WGS Claimants object to Section J of the Instructions to the extent that it requests the production of "any and all documents" that "support or conflict with your diagnosis."

    (f)    WGS Claimants object, with respect to all "conditions" for which disclosure is requested, to Part II of the API Questionnaire to the extent that it requests disclosure of "diagnoses and diagnostic tests" by "multiple doctors" concerning "previous or subsequent diagnoses or diagnostic tests that change or conflict with the original diagnoses."

#2822040

**WILENTZ
GOLDMAN
&SPITZER P.A.**
ATTORNEYS AT LAW

Barbara Harding, Esq.
November 10, 2006
Page 3

2.    WGS Claimants further object to the API Questionnaire to the extent that it seeks disclosure of any privileged communication between any WGS Claimant, and/or a representative of any WGS Claimant, and any attorney for any WGS Claimant, and/or a representative of any attorney for any WGS Claimant.  In addition, pursuant to Federal Rule of Civil Procedure 26(b)(3), WGS Claimants object to the API Questionnaire to the extent that it seeks disclosure of the work product of any attorney for any WGS Claimant, including but not limited to the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of any WGS Claimant.  Specifically, and without limiting the foregoing, WGS Claimants object to the following provisions of the API Questionnaire as violative of the attorney-client communication and/or attorney work product privileges:

(a)    WGS Claimants object to Part II of the API Questionnaire to the extent that it asks if WGS Claimants "retained counsel in order to receive any of the services performed by the diagnosing doctor."

(b)    WGS Claimants object to Part II of the API Questionnaire to the extent that it asks if "the diagnosing doctor was referred to you by counsel."

(c)    WGS Claimants object to Part II of the API Questionnaire to the extent that it asks if Claimant is "aware of any relationship between the diagnosing doctor and your legal counsel" unless WGS Claimant's knowledge was obtained other than through communication with WGS Claimant's legal counsel and/or his/her representative.

(d)    Objections (a) through (c) above apply with regard to each instance that the above demands are made in sections 2, 3, 4, 5, 6 and 7 of Part II of the API Questionnaire.

3.    WGS Claimants further object to Section a.6 of Part VII of the API Questionnaire to the extent that it seeks disclosure of settlements reached with other defendants that are subject to binding confidentiality agreements.

#2822040



4.    Certain information called for by the API Questionnaire has not routinely been the subject of discovery in New York or New Jersey asbestos litigation where the WGS Claimants' asbestos-related personal injury/wrongful death actions were originally filed. Further, some of the WGS Claimants required to respond to the API Questionnaire herein have not yet had their cases listed for trial and under local practice and procedure, little or no discovery has yet been conducted in those matters. Accordingly, ongoing discovery in underlying litigation may reveal further information such as additional medical evidence in support of WGS Claimants' asbestos claims, and, WGS Claimants' work history and exposure to asbestos products of W.R. Grace and other debtor entities.

Information about exposure to W.R. Grace products and asbestos products of other manufacturers and suppliers was compiled based on presently accessible information in counsel's files, but may not be complete particularly as W.R. Grace and related entities have had the benefit of the automatic stay provisions of 11 U.S.C. §362 for over 5 (five) and a half years. In addition, neither counsel nor WGS Claimants would have had any reason to compile and maintain information about exposure to asbestos products of defendants who had already settled WGS Claimants' lawsuit as to them. Some WGS Claimants' lawsuits were commenced against one hundred or more manufacturers and suppliers of asbestos products and the considerable burden on claimant and counsel of investigating each and every non-Grace asbestos exposure, for the sole, present purpose of this API Questionnaire, would outweigh any benefit to the debtor. Over two thousand hours of WGS support staff and attorney time have already been expended to comply as fully as possible with the requirement to answer the API Questionnaire on behalf of WGS Claimants.

Parts III and V of the API Questionnaire call for information not called for in standard court approved discovery in New Jersey or New York asbestos litigation where the within claims were originally asserted, and demand it in a format not otherwise created or maintained by WGS Claimants' counsel. In many instances, claimants who worked in the construction trades do not recall the asbestos products they were exposed to on a site-by-site basis as set forth in the API Questionnaire format. Over careers spanning decades they may have worked at hundreds of different job sites for various contractors as assigned by their trade union and there frequently

#2822040



are not records of all those jobs, their location, duration, etc. Local law does not necessarily require that kind of site-specific product identification to sustain a claim.

With respect to WGS Claimants with claims pending in New Jersey, consistent with New Jersey law and practice, WGS Claimants set forth the manufacturers and suppliers of asbestos products, responsible contractors, equipment that was assembled, sealed or insulated with asbestos products, and other means by which the injured party was exposed to asbestos, in certified answers to court-ordered interrogatories. In endeavoring to be as responsive as possible, excerpts were attached to the API Questionnaire, which excerpts specify the job sites where the claimant/injured person was exposed to asbestos, and produced identification information.

With respect to WGS Claimants with claims pending in New York, consistent with New York law and practice, discovery is not undertaken until a matter is trial listed, and recovery under New York law in a multiple-employer/multiple-job-site case does not always require site-specific product identification. Though still subject to continuing investigation and discovery, in endeavoring to be as responsive as possible, we attached to the API Questionnaire responses a list of the job sites where that claimant was exposed to asbestos, and claimant's personal asbestos product identification information, to the extent these were presently known.

5. As a result of discovery conducted in New Jersey and New York asbestos litigation in the 1980's, W.R. Grace provided the undersigned counsel with authenticated invoices of its sales of asbestos products in the New York and New Jersey area and lists of jobsites where its products were installed. This information is available upon request.

6. WGS Claimants and counsel are aware of debtor's counsel's preference that the API Questionnaire not be answered by means of attachments. There is, however, completely inadequate space provided to respond to many questions, especially the Part VII questions about settlements and claims. Accordingly, labeled spreadsheets were provided with respect to that information.

#2822040

**WILENTZ
GOLDMAN
&SPITZER P.A.**
ATTORNEYS AT LAW

Barbara Harding, Esq.
November 10, 2006
Page 6

7.   We do not maintain records of our clients' race and therefore did not respond to questions regarding same.

8.   These general objections are made in addition to, and without waiver of, any specific objections contained within any particular WGS Claimant's responses to the API Questionnaire. This objection position statement is intended to be, and is hereby, incorporated into each of the WGS Claimants' API Questionnaire responses as if repeated therein verbatim in full.

Please be guided accordingly.

Sincerely,

Deirdre Woulfe Pacheco

cc:   Sander L. Esserman, Esq.
      David Klingler, Esq.
      David Parsons, Esq.
(via electronic transmission and regular mail)

#2822040