**Exhibit G**

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire



WR GRACE PIQ 57602-0001



10315607113980
RE:
Simmons Firm, L L C
301 Evans Suite 300
PO Box 559
Wood River IL 62095

**REDACTED**

REC'D JUL 1 8 2006



000476113980

WR GRACE PIQ 67502-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]



WR GRACE PIQ 67602-0003

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

| IF SENT BY U.S. MAIL | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
|---|---|
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.



## INSTRUCTIONS

### A. GENERAL

1.  This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2.  Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will not be accepted and will not be deemed filed.

    Do not send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3.  Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4.  All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5.  Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I -- Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

*   Mesothelioma
*   Asbestos-Related Lung Cancer
*   Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
*   Clinically Severe Asbestosis
*   Asbestosis
*   Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.



### D.  PART III – Direct Exposure to Grace Asbestos-Containing Products

In Part III, please provide the requested information for the job and site at which you were e: asbestos-containing products.  Indicate the dates of exposure to each Grace asbestos-containing product. was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site.  If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site.  For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

### Occupation Codes

01.  Air conditioning and heating installer/maintenance
02.  Asbestos miner
03.  Asbestos plant worker/asbestos manufacturing worker
04.  Asbestos removal/abatement
05.  Asbestos sprayer/spray gun mechanic
06.  Assembly line/factory/plant worker
07.  Auto mechanic/bodywork/brake repairman
08.  Boilermaker
09.  Boiler repairman
10.  Boiler worker/cleaner/inspector/engineer/installer
11.  Building maintenance/building superintendent
12.  Brake manufacturer/installer
13.  Brick mason/layer/hod carrier
14.  Burner operator
15.  Carpenter/woodworker/cabinetmaker
16.  Chipper
17.  Clerical/office worker
18.  Construction - general
19.  Custodian/janitor in office/residential building
20.  Custodian/janitor in plant/manufacturing facility
21.  Electrician/inspector/worker
22.  Engineer
23.  Firefighter
24.  Fireman
25.  Flooring installer/tile installer/tile mechanic
26.  Foundry worker
27.  Furnace worker/repairman/installer
28.  Glass worker
29.  Heavy equipment operator (includes truck, forklift, & crane)
30.  Insulator
31.  Iron worker
32.  Joiner
33.  Laborer
34.  Longshoreman
35.  Machinist/machine operator
36.  Millwright/mill worker
37.  Mixer/bagger
38.  Non-asbestos miner
39.  Non-occupational/residential
40.  Painter
41.  Pipefitter
42.  Plasterer
43.  Plumber - install/repair
44.  Power plant operator
45.  Professional (e.g., accountant, architect, physician)
46.  Railroad worker/carman/brakeman/machinist/conductor
47.  Refinery worker
48.  Remover/installer of gaskets
49.  Rigger/stevedore/seaman
50.  Rubber/tire worker
51.  Sandblaster
52.  Sheet metal worker/sheet metal mechanic
53.  Shipfitter/shipwright/ship builder
54.  Shipyard worker (md. repair, maintenance)
55.  Steamfitter
56.  Steelworker
57.  Warehouse worker
58.  Welder/blacksmith
59. Other

### Industry Codes

001.  Asbestos abatement/removal
002.  Aerospace/aviation
100.  Asbestos mining
101.  Automotive
102.  Chemical
103.  Construction trades
104.  Iron/steel
105.  Longshore
106.  Maritime
107.  Military (other than U.S. Navy)
108.  Non-asbestos products manufacturing
109.  Petrochemical
110.  Railroad
111.  Shipyard-construction/repair
112.  Textile
113.  Tire/rubber
114.  U.S. Navy
115.  Utilities
116.  Grace asbestos manufacture or milling
117.  Non-Grace asbestos manufacture or milling
118.  Other

**E.  PART IV – Indirect Exposure to Grace Asbestos-Containing Products**

In Part IV, please provide the information requested for any injury alleged to have been cause asbestos-containing products through contact/proximity with another injured person.   If you contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person.   For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F.  PART V – Exposure to Non-Grace Asbestos-Containing Products**

In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party.   If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked.   For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G.  PART VI – Employment History**

In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H.  PART VII – Litigation and Claims Regarding Asbestos and/or Silica**

In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII – Claims by Dependents or Related Persons**

Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss of consortium.   If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J.  PART IX – Supporting Documentation**

In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X – Attestation that Information is True, Accurate and Complete**

By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

| PART I:  IDENTITY OF INJURED PERSON AND LEGAL COUNSEL |
|---|

WR GRACE PIQ 57502-0007

**a.**  GENERAL INFORMATION          REDACTED

1.  Name of Claimant: _____   2. **Gender:** ☒ Male  ☐ Female
    First          MI          Last

3.  Race (for purposes of evaluating Pulmonary Function Test results):........................ ☐ White/Caucasian
                    REDACTED                    ☐ African American
                                       ☐ Other

4.  Last Four Digits of Social Security Number: _____  5. Birth Date: _____

6.  Mailing Address: _____
              Address          City          State/Province     Zip/Postal Code

7.  Daytime Telephone Number: ......................................................................

**b.**  LAWYER'S NAME AND FIRM

1.  Name of Lawyer:  Robert W. Phillips.
2.  Name of Law Firm With Which Lawyer is Affiliated: Simmons Cooper LLC.
3.  Mailing Address of Firm: 707 Berkshire Blvd.  East Alton, IL 62024
              Address          City          State/Province     Zip/Postal Code
4.  Law Firm's Telephone Number or Lawyer's Direct Line: ...................... (618) 259-2222
    ☐ Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in
       lieu of sending such materials to you.

**c.**  CAUSE OF DEATH (IF APPLICABLE)

1.  Is the injured person living or deceased? ...................................................... ☐ Living  ☒ Deceased
    If deceased, date of death: ................................................................ 07/23/1999
2.  If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete
    the following:
       Primary Cause of Death (as stated in the Death Certificate): Lung Cancer.
       Contributing Cause of Death (as stated in the Death Certificate): _____

| PART II:  ASBESTOS-RELATED CONDITION(S) |
|---|

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the
instructions to this Questionnaire.  If you have been diagnosed with multiple conditions and/or if you received diagnoses and
diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis
and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis.  For your
convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1.  Please check the box next to the condition being alleged:
    ☒ Asbestos-Related Lung Cancer          ☐ Mesothelioma
    ☐ Asbestosis                    ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)
    ☐ Other Asbestos Disease          ☐ Clinically Severe Asbestosis

    a.  **Mesothelioma:**  If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the
        following (check all that apply):
        ☐ diagnosis from a pathologist certified by the American Board of Pathology
        ☐ diagnosis from a second pathologist certified by the American Board of Pathology
        ☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial
           causal role in the development of the condition
        ☐ other (please specify): _____

1

PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

WR GRACE PIQ 57602-0008

**b.  Asbestos-Related Lung Cancer:**  If alleging Asbestos-Related Lung Cancer, were you lung cancer based on the following (check all that apply):

☒ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☒ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

☐ other (please specify):_____

**c.  Other Cancer:**

(i)  If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon     ☐ pharyngeal     ☐ esophageal     ☐ laryngeal     ☐ stomach cancer

☐ other, please specify:_____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

☐ other (please specify): _____

2

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ  57602-0009

**d.** **Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis based on (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other (please specify): _____

**e.** **Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other (please specify): _____

3

| PART II: ASBESTOS-RELATED CONDITION(S) (Continued) |
|---|

WR GRACE PIQ 57502-0010

**f.  Other Asbestos Disease:**  If alleging any asbestos-related injuries, medical diagnoses, and/or those above, was your diagnosis based on the following (check all that apply):

☐  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐  diagnosis determined by pathology

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐  a chest x-ray reading  other than those described above

☐  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEVI/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐  a pulmonary function test other than that discussed above

☐  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐  a CT Scan or similar testing

☐  a diagnosis other than those above

☐  other (please specify): _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 57602-0011

**2.  Information Regarding Diagnosis**

Date of Diagnosis: .................................................................... 08/20/1999

Diagnosing Doctor's Name: Charles W. Ferris

Diagnosing Doctor's Specialty: _____

Diagnosing Doctor's Mailing Address: See Attached
<div align="center">Address</div>

_____

City _____ State/Province _____ Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: ...................................... ( ___ ) ___ - ____

**With respect to your relationship to the diagnosing doctor, check all applicable boxes:**

Was the diagnosing doctor your personal physician? ............................................. ☐ Yes ☐ No

Was the diagnosing doctor paid for the diagnostic services that he/she performed? ............ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? ........... ☐ Yes ☐ No

Was the diagnosing doctor referred to you by counsel? ...................................... ☐ Yes ☐ No

Are you aware of any relationship between the diagnosing doctor and your legal counsel? ........................ ☐ Yes ☐ No

*If yes, please explain:* _____

_____

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? ........................................................ ☐ Yes ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? ........................................................ ☐ Yes ☐ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? ........................................................ ☐ Yes ☐ No

Did the diagnosing doctor perform a physical examination? ........................................ ☐ Yes ☐ No

Do you currently use tobacco products? ........................................................ ☐ Yes ☒ No

Have you ever used tobacco products? ........................................................ ☒ Yes ☐ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

☒ Cigarettes     Packs Per Day (half pack = .5) 1     Start Year 1939 End Year ____

☐ Cigars     Cigars Per Day _____     Start Year ____ End Year ____

☐ If Other Tobacco Products, please specify (e.g., chewing tobacco): _____
   Amount Per Day _____     Start Year ____     End Year ____

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? ................. ☐ Yes ☐ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

_____

**3.  Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

☐ Mobile laboratory ☐ Job site ☐ Union Hall ☐ Doctor office ☐ Hospital ☐ Other: _____

Address where chest x-ray taken: _____
<div align="center">Address</div>

_____

City _____ State/Province _____ Zip/Postal Code

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 57502-0012

**4. Information Regarding Chest X-Ray Reading**

Date of Reading: 08/29/1997                    ILO score: 0/1

Name of Reader: Alvin J. Schonfeld

Reader's Daytime Telephone Number: ................................................ (____) ____ - ____

Reader's Mailing Address: See Attached
              Address

_____
City                                    State/Province                    Zip/Postal Code

With respect to your relationship to the reader, check all applicable boxes:

Was the reader paid for the services that he/she performed....................................☐ Yes  ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the reader? ...........☐ Yes  ☐ No

Was the reader referred to you by counsel?..........................................................☐ Yes  ☐ No

Are you aware of any relationship between the reader and your legal counsel? ...................☐ Yes  ☐ No

*If yes, please explain:* _____

Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?
......... See Attached ....................................................................☐ Yes  ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

**5. Information Regarding Pulmonary Function Test:**............Date of Test: ___ / ___ / _____

List your height in feet and inches when test given: See Attached _____ ft _____ inches

List your weight in pounds when test given: .................................................... _____ lbs

Total Lung Capacity (TLC):....................................................._____% of predicted

Forced Vital Capacity (FVC): ..................................................._____% of predicted

FEV1/FVC Ratio: .............................................................._____% of predicted

Name of Doctor Performing Test (if applicable): _____

Doctor's Specialty: _____

Name of Clinician Performing Test (if applicable): _____

Testing Doctor or Clinician's Mailing Address: _____
                Address

_____
City                                    State/Province                    Zip/Postal Code

Testing Doctor or Clinician's Daytime Telephone Number: ..................... (__ __ __) __ __ __ - __ __ __ __

Name of Doctor Interpreting Test: _____

Doctor's Specialty: _____

Interpreting Doctor's Mailing Address: _____
                Address

_____
City                                    State/Province                    Zip/Postal Code

Interpreting Doctor's Daytime Telephone Number: ..................................... (__ __ __) __ __ __ - __ __ __ __

6

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

With respect to your relationship to the doctor or clinician who performed the pulmonary fun... applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician? .........................□ Yes  □ No

Was the testing doctor and/or clinician paid for the services that he/she performed? ...................□ Yes  □ No

*If yes, please indicate who paid for the services performed:*. _____

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?..□ Yes  □ No

Was the testing doctor or clinician referred to you by counsel?...............................................□ Yes  □ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ...........□ Yes  □ No

*If yes, please explain:* _____

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? ... *See Attached*........................................□ Yes  □ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? .......................................................................□ Yes  □ No

Was the doctor paid for the services that he/she performed? ...............................................□ Yes  □ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ...........□ Yes  □ No

Was the doctor referred to you by counsel? ...................................................................□ Yes  □ No

Are you aware of any relationship between the doctor and your legal counsel? ........................□ Yes  □ No

*If yes, please explain* _____

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed? *See Attached* □ Yes  □ No

6.  **Information Regarding Pathology Reports:**

Date of Pathology Report: ..........................................................___ __ / ___ __ / __ __ __ __

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
                 Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

Doctor's Daytime Telephone Number: ........................................ ( ___ ___ ___ ) ___ __ __ - __ __ __ __

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? .......................................................................□ Yes  □ No

Was the doctor paid for the services that he/she performed? ...............................................□ Yes  □ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ...........□ Yes  □ No

Was the doctor referred to you by counsel? ...................................................................□ Yes  □ No

Are you aware of any relationship between the doctor and your legal counsel? ........................□ Yes  □ No

*If yes, please explain:* _____

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?

.......................................................................................................................□ Yes  □ No

7

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 57502-0014

7. With respect to the condition alleged, have you received medical treatment from a doctor for.

.......................................................................................................................... ☐ Yes ☐ No

*If yes, please complete the following:*

Name of Treating Doctor: _____

Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____

Address

_____

City                              State/Province                         Zip/Postal Code

Treating Doctor's Daytime Telephone number: ....................................... ( _ _ _ ) _ _ _ - _ _ _ _

Was the doctor paid for the services that he/she performed?............................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor?.................. ☐ Yes ☒ No

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a)  A worker who personally mixed Grace asbestos-containing products

(b)  A worker who personally removed or cut Grace asbestos-containing products

(c)  A worker who personally installed Grace asbestos-containing products

(d)  A worker at a site where Grace asbestos-containing products were being installed, mixed, removed, or cut by others

(e)  A worker in a space where Grace asbestos-containing products were being installed, mixed, removed, or cut by others

(f)  If other, please specify.

**Site of Exposure:**

Site Name: _____    Location: _____

Site Type: ☐ Residence ☐ Business    Site Owner: _____

Employer During Exposure: _____

Unions of which you were a member during your employment: _____

| Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify | Industry Code If Code 58, 718, specify | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| Job 1 Description: | | | | | | |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| Job 4 Description: | | | | | | |
| Job 5 Description: | | | | | | |
| Job 6 Description: | | | | | | |

WR GRACE PIQ  57502-0016

9

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRO

WR GRACE PIQ 57502-0016

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person? ........................................................................................ ☐ Yes ☐ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: _____ Gender: ☐ Male ☐ Female

   Last Four Digits of Social Security Number: __ __ __ __     Birth Date: __ __ / __ __ / __ __

3. What is your Relationship to Other Injured Person: ......................................... ☐ Spouse ☐ Child ☐ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:

   _____

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:

   From: __ __ / __ __ / __ __ __ __   To: __ __ / __ __ / __ __ __ __

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:

   _____

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? ........................................... ☐ Yes ☐ No

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____   File Date: __ __ / __ __ / __ __ __ __

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:

   _____

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:

   From: __ __ / __ __ / __ __ __ __   To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:

    _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

   (a) A worker who personally mixed Non-Grace asbestos-containing products
   (b) A worker who personally removed or cut Non-Grace asbestos-containing products
   (c) A worker who personally installed Non-Grace asbestos-containing products

   (d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
   (e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
   (f) If other, please specify.

**Party Against which Lawsuit or Claim was Filed:** _____

| | Product(s) | Dates and Frequency of Exposure. (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| **Site of Exposure 1** Site Name:___ Address:___ City and State:___ Site Owner:___ | Job 1 Description: | | | | | |
| | Job 2 Description: | | | | | |
| | Job 3 Description: | | | | | |
| **Site of Exposure 2** Site Name:___ Address:___ City and State:___ Site Owner:___ | Job 1 Description: | | | | | |
| | Job 2 Description: | | | | | |
| | Job 3 Description: | | | | | |
| **Site of Exposure 3** Site Name:___ Address:___ City and State:___ Site Owner:___ | Job 1 Description: | | | | | |
| | Job 2 Description: | | | | | |
| | Job 3 Description: | | | | | |

11

WR GRACE PIQ 57502-0017

## PART VI:  EMPLOYMENT HISTORY

WR GRACE PIQ  67502-0018

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work ~~~~~ ~~ ~~ including your current employment.  For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

Occupation Code:    _____   If Code 59, specify: _____

Industry Code:    _____   If Code 118, specify: _____

Employer:   _____

Beginning of Employment: __ __ / __ __ / __ __ __ __        End of Employment:  __ __ / __ __ / __ __ __ __

Location:   _____
                    Address

_____
City                                                State/Province                        Zip/Postal Code


Occupation Code:    _____   If Code 59, specify: _____

Industry Code:    _____   If Code 118, specify: _____

Employer:   _____

Beginning of Employment: __ __ / __ __ / __ __ __ __        End of Employment:  __ __ / __ __ / __ __ __ __

Location:   _____
                    Address

_____
City                                                State/Province                        Zip/Postal Code


Occupation Code:    _____   If Code 59, specify: _____

Industry Code:    _____   If Code 118, specify: _____

Employer:   _____

Beginning of Employment: __ __ / __ __ / __ __ __ __        End of Employment:  __ __ / __ __ / __ __ __ __

Location:   _____
                    Address

_____
City                                                State/Province                        Zip/Postal Code


Occupation Code:    _____   If Code 59, specify: _____

Industry Code:    _____   If Code 118, specify: _____

Employer:   _____

Beginning of Employment: __ __ / __ __ / __ __ __ __        End of Employment:  __ __ / __ __ / __ __ __ __

Location:   _____
                    Address

_____
City                                                State/Province                        Zip/Postal Code

**PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILIC**

WR GRACE PIQ 57502-0019

### a. LITIGATION

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?.................................. ☐ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit. For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption: _____

   Case Number: _____ File Date: ___ / ___ / _____

   Court Name: _____

3. Was Grace a defendant in the lawsuit? ....................................................................... ☐ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? ....................................................... ☐ Yes ☐ No

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

   _____

   _____

5. Has a judgment or verdict been entered?.................................................................... ☐ Yes ☐ No

   *If yes, please indicate verdict amount for each defendant(s):* _____

6. Was a settlement agreement reached in this lawsuit? .................................................. ☐ Yes ☐ No

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant: _____

   b. Applicable defendants: _____

   c. Disease or condition alleged: _____

   d. Disease or condition settled (if different than disease or condition alleged): _____

7. Were you deposed in this lawsuit? ............................................................................. ☐ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire*

### b. CLAIMS

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? .......................................... ☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted:................................................................... __ / __ / 1998

3. Person or entity against whom the claim was submitted: _48 Insulations_

4. Description of claim: _____

5. Was claim settled? .................................................................................... ☐ Yes ☐ No

6. Please indicate settlement amount: ................................................. $_____

7. Was the claim dismissed or otherwise disallowed or not honored? .............................. ☐ Yes ☐ No

   *If yes, provide the basis for dismissal of the claim:* _____

13



WR GRACE PIQ 57602-0020

## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA

### a. LITIGATION

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?.............................☐ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit.   For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption: _____

   Case Number: _____   File Date: __ __ / __ __ / __ __ __ __

   Court Name: _____

3. Was Grace a defendant in the lawsuit?...............................................................................☐ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? ...........................................................☐ Yes ☐ No

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

   _____

   _____

5. Has a judgment or verdict been entered?............................................................................☐ Yes ☐ No

   *If yes, please indicate verdict amount for each defendant(s):* _____

6. Was a settlement agreement reached in this lawsuit? ........................................................☐ Yes ☐ No

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant: _____

   b. Applicable defendants:_____

   c. Disease or condition alleged: _____

   d. Disease or condition settled (if different than disease or condition alleged):_____

7. Were you deposed in this lawsuit? .....................................................................................☐ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

### b. CLAIMS

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? ..........................................................☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(b).  If no, please skip to Part VIII.*

2. Date the claim was submitted:.................................................................... __ __ / __ __ / 2002

3. Person or entity against whom the claim was submitted: _Amatex_____

4. Description of claim: _____

5. Was claim settled? .........................................................................................................☐ Yes ☐ No

6. Please indicate settlement amount: ..........................................................$_____

7. Was the claim dismissed or otherwise disallowed or not honored? ...................................☐ Yes ☐ No

   *If yes, provide the basis for dismissal of the claim:_____*

**PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILI**



WR GRACE PIQ 57502-0021

**a.  LITIGATION**

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?............................☐ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit.  For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption: _____

   Case Number: _____ File Date: __ __ / __ __ / __ __ __ __

   Court Name: _____

3. Was Grace a defendant in the lawsuit? ...............................................................................☐ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? ...........................................................☐ Yes ☐ No

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

   _____

   _____

   _____

5. Has a judgment or verdict been entered?............................................................................☐ Yes ☐ No

   *If yes, please indicate verdict amount for each defendant(s):* _____

6. Was a settlement agreement reached in this lawsuit? ........................................................☐ Yes ☐ No

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a.  Settlement amount for each defendant: _____

   b.  Applicable defendants:_____

   c.  Disease or condition alleged: _____

   d.  Disease or condition settled (if different than disease or condition alleged):_____

7. Were you deposed in this lawsuit? .....................................................................................☐ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire*

**b.  CLAIMS**

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? ...........................................................☒ Yes ☐ No

   *If yes, please complete the rest of this Part VII(b).  If no, please skip to Part VIII.*

2. Date the claim was submitted:...........................................................__ __ / __ __ / 2000

3. Person or entity against whom the claim was submitted: _Johns Manville_

4. Description of claim: _____

5. Was claim settled? ............................................................................................................☐ Yes ☐ No

6. Please indicate settlement amount: ...............................................................$_____

7. Was the claim dismissed or otherwise disallowed or not honored? .....................................☐ Yes ☐ No

   *If yes, provide the basis for dismissal of the claim:_____*

**PART VII:  LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILI**

WR GRACE  PIQ  67502-0022

**a.    LITIGATION**

1.    Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?..................................☒ Yes ☐ No

      *If yes, please complete the rest of this Part VII(a) for each lawsuit.   For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2.    Please provide the caption, case number, file date, and court name for the lawsuit you filed:

      Caption:  _A.W. Chesterton, Inc., etal.,_

      Case Number:  _01-L-96_ _____ - _____    File Date:  _01/18/2001_

      Court Name:  _Madison - Third Judicial Court._

3.    Was Grace a defendant in the lawsuit?...........................................................................................☒ Yes ☐ No

4.    Was the lawsuit dismissed against any defendant?.......................................................................☒ Yes ☐ No

      *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

      _____

      _____

5.    Has a judgment or verdict been entered?.......................................................................................☐ Yes ☒ No

      *If yes, please indicate verdict amount for each defendant(s):* _____

6.    Was a settlement agreement reached in this lawsuit?...................................................................☐ Yes ☐ No

      *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

      a.    Settlement amount for each defendant:  _____

      b.    Applicable defendants: _____

      c.    Disease or condition alleged: _____

      d.    Disease or condition settled (if different than disease or condition alleged): _____

7.    Were you deposed in this lawsuit?.................................................................................................☐ Yes ☐ No

      *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

**b.    CLAIMS**

1.    Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)?.....................................................☐ Yes ☐ No

      *If yes, please complete the rest of this Part VII(b).  If no, please skip to Part VIII.*

2.    Date the claim was submitted:_____ __ __ / __ __ / __ __ __ __

3.    Person or entity against whom the claim was submitted:  _See attached._

4.    Description of claim: _____

5.    Was claim settled?........................................................................................................................☐ Yes ☐ No

6.    Please indicate settlement amount: _____$_____

7.    Was the claim dismissed or otherwise disallowed or not honored?............................................☐ Yes ☐ No

      *If yes, provide the basis for dismissal of the claim:* _____

13

WR GRACE PIQ 67602-0023

| PART VIII:  CLAIMS BY DEPENDENTS OR RELATED PERSONS |
|---|

Name of Dependent or Related Person: _____   Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: __ __ __ __       Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent:.................................................................................................☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other  If other, please specify _____

Mailing  Address: _____
                  Address

City                            State/Province                    Zip/Postal Code

Daytime Telephone number: .................................................... ( __ __ __ ) __ __ __ - __ __ __ __

| PART IX:  SUPPORTING DOCUMENTATION |
|---|

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**

- ☒ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☒ Lung function test interpretations
- ☒ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products
- ☐ Supporting documentation of other asbestos exposure

- ☐ X-rays
- ☒ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
- ☒ Death Certification

**Originals:**

- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products

- ☐ Supporting documentation of other asbestos exposure
- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____

| PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE |
|---|

The information provided in this Questionnaire must be accurate and truthful.  This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim.  The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 & 3571.
**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____   Date:__ __ / __ __ / __ __ __ __

Please Print Name: _____

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature:             **REDACTED**     __  Date: 06 / 21 / 20 06

Please Print Name: _____

WR GRACE PIQ 57502-0024

**REDACTED**

**Summary of Client Work History**

Last:                                                                                    Middle:

| SPAM: | | | | SPAM Type: SPAM | |
|---|---|---|---|---|---|

Trade Description:

Years of Exposure:    01/01/1947    to    01/01/1984                                    **REDACTED**

Asbestos Disease:    Lung Cancer                    Date Of Death:    07/23/1999

Environmental Exposure:                            Diagnosis Date:    08/20/1999

Spouse:

| Date Filed | Case Number | Matter Number | Trial Group | | Jurisdiction | |
|---|---|---|---|---|---|---|
| 01/18/2001 | 01-L-96 | Asb0100-003105 | Nov. 2002 - BYRON | | IL - Madison | |

| Start Date | End Date | Employer | City | State | Job Description |
|---|---|---|---|---|---|
| 1947 | 1950 | Brookside Pratt Mining Co. - Birmingham, AL | | | Miner |
| 1951 | 1964 | ABF - St. Louis, MO | | | Unloaded Trailers |
| 1964 | 1977 | Meramec Mining - Sullivan, MO | | | Miner |
| 1979 | 1979 | West Asphalt - Sullivan, MO | | | Paved |
| 1981 | 1984 | Maverick Tube Co. - Union, MO | | | Wired Oil Well Pipe |

# Individualized Review Claim Form

Pa WR GRACE PIQ 67502-0025

## PART 10: SIGNATURE PAGE

**All claims must be signed by the claimant, or the person filing on his/her behalf (such as the personal representative or attorney).**

I have reviewed the information submitted on this claim form and all documents submitted in support of this claim. To the best of my knowledge under penalty of perjury, the information submitted is accurate and complete.

*Signature of Claimant or Representative*

*Please print the name and relationship to the claimant of the signatory above.*

**Please review your submission to ensure it is complete.**

☐

☐ Death Certificate (if applicable)

☐ Certificate of Official Capacity (if personal representative is filing form)

☐ Medical Records as requested in instructions

Proof of Celotex or Carey Canada product exposure as set out in instructions

EXHIBIT

*A*

 **IRC**   CLAIM FORM: INDIVIDUALIZED REVIEW   

WR GRACE PIQ 57502-0026

# PART 10: Signature Page

**All claims must be signed by the claimant, or the person filing on his/her behalf (such as the personal representative or attorney).**

I have reviewed the information submitted on this claim form and all documents submitted in support of this claim. To the best of my knowledge under penalty of perjury, the information submitted is accurate and complete.

<div style="border:1px solid"> </div>

*Signature of Claimant or Representative*

<div style="border:1px solid"> </div>

*Please print the name and relationship to the claimant of the signatory above.*

**Please review your submission to ensure it is complete.**

☐ Death Certificate (if applicable)

☐ Certificate of Official Capacity (if personal representative is filing form)

☐ Medical Records as requested in instructions

☐ Proof of Eagle-Picher product exposure as set out in instructions

☐ W-2 and first page of 1040 for last year of full employment



EXHIBIT
B

.WR GRACE PIQ 57502-0027

**Part 5: Injured Party or Official Representative Signature Page**

**All claims must be signed by the Injured Party, or the person filing on his/her behalf (such as the Official Representative or Attorney.) The Injured Party or the Official Representative may only sign Part 5. The Attorney may only sign Part 6.**

I have reviewed the information submitted on this claim form (including Addendum A, if applicable) and all documents submitted in support of this claim. To the best of my knowledge under penalty of perjury, the information submitted is accurate and complete.

_____          _____
*Signature of Injured Party or Official Representative*          *Printed Name*

_____
*Please print the relationship to the Injured Party of the signatory above*

**EXHIBIT**

*C*

WR GRACE PIQ 57502-0028

**Part 6: Attorney Signature Page**

This Part 6 must be completed if Part 5 was not completed. The Attorney must submit this claim form and attach one or more of the documents checked below as Proof of Exposure.

[ _ ] Separate Injured Party Affidavit
[ _ ] Separate Injured Party Representative Affidavit
[ _ ] Co-worker and/or Family Member Affidavit
[ _ ] Verified Work History
[ _ ] Answers to Interrogatories with verification page. Specify pertinent page number(s)_____
[ _ ] Deposition Transcript with cover page(s). Specify pertinent page number(s)_____
[ _ ] Sales, Construction, or Other Receipts
[ _ ] Other _____

By signing below, the attorney certifies that the information and materials with respect to this claim (including Addendum A, if applicable) are being submitted pursuant to and subject to the provisions of Rule 11 of the Federal Rules of Civil Procedure.

Executed on the _____ day of _____, 20___

_____          _____
Signature of Attorney                                      Printed Name

**Part 7: Attorney Certification and Warranty of Official Representative's Authority**

This part must be executed by the Attorney only if (i) the Injured Party has an Official Representative and (ii) a Certificate of Official Capacity or the Affidavit & Indemnity establishing the Official Representative's capacity is not submitted with this claim form. (The Affidavit & Indemnity form may be obtained from the Trust website or by request from the Trust). By signing below, the Attorney certifies and warrants that this claim is filed on behalf of the Injured Party by the Official Representative and that the Official Representative is authorized by law to file this claim on behalf of the Injured Party.

By signing below, the attorney certifies that the information and materials with respect to this claim (including Addendum A, if applicable) are being submitted pursuant to and subject to the provisions of Rule 11 of the Federal Rules of Civil Procedure.

_____          _____
Signature of Attorney                                      Printed Name

**Please review your submission to ensure it is complete**
[ _ ] Death Certificate (if applicable)
[ _ ] Prior Release (if applicable)
[ _ ] Official Capacity Documents (if personal or other Official Representative is filing form)
[ _ ] Medical Records as required by the TDP and as requested in the Instructions
[ _ ] Proof of asbestos exposure as required by the TDP and as requested in the Instructions
[ _ ] Tolling Agreement referred to in Part 4, if applicable.



WR GRACE PIQ 57602-0029

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

REDACTED | as )
)
)
Plaintiff, )
)
vs. )       NO.   01 L 96
)
A.W. CHESTERTON, INC., et al., )
)
Defendants. )

## O R D E R

Cause coming on to be heard on the Motion of The Simmons Firm, LLC to Substitute Special Administrator, and the Court having considered the Motion and being fully advised in the premises, hereby orders as follows:

1.    That                              is appointed as Special Administrator pursuant to 735 ILCS 5/2-1008 and 740 ILCS 180/2.1.

2.    That                      , as Special Administrator, is empowered to prosecute the above-entitled cause in the name and place of                with full powers to compromise and settle his respective claims.

3.    That                   , is hereby empowered to substitute herself as Special Administrator by interlineation reflecting his appointment as Special Administrator to prosecute the above claim.

DATED: _____    _____
                                                    JUDGE

REDACTED

MISSOURI DEPARTMENT OF HEALTH
**CERTIFICATE OF DEATH**

STA WR GRACE PIQ 57502-0030

124 -

TYPE/PRINT IN PERMANENT BLACK INK. FOR INSTRUCTIONS SEE OTHER SIDE HANDBOOK.

**REGISTRATION DISTRICT NO.** 055    **REGISTRAR'S NUMBER** 115

**DECEDENT**

1. DECEDENT'S NAME (First, Middle, Last) — REDACTED
2. SEX — MALE
3. DATE OF DEATH (Month, Day, Year) — JULY 23, 1999
4. SOCIAL SECURITY NO. — 
5a. AGE - Last Birthday (Years) — 69
5b. UNDER 1 YEAR — MONTHS / DAYS
5c. UNDER 1 DAY — HOURS / MINUTES
6. DATE OF BIRTH (Month, Day, Year) —
7. BIRTHPLACE (City and State or foreign Country) —

8. WAS DECEDENT EVER IN U.S. ARMED FORCES? ☐ Yes ☒ No ☐ Unk.
9a. PLACE OF DEATH (Check only one; see instructions on other side)
HOSPITAL: ☐ Inpatient ☐ ER/Outpatient ☐ DOA OTHER: ☐ Nursing Home ☒ Residence ☐ Other (Specify)
9b. FACILITY NAME (If not institution, give street and number)
9c. CITY, TOWN, OR LOCATION OF DEATH
9d. COUNTY OF DEATH

10. MARITAL STATUS - Married, Never Married, Widowed, Divorced, (Specify) — MARRIED
11. SURVIVING SPOUSE'S NAME (If wife, give maiden name)
12a. DECEDENT'S USUAL OCCUPATION (Give kind of work performed most of working life. Do not use retired.) — MINER
12b. KIND OF BUSINESS OR INDUSTRY — IRON MINING

13a. RESIDENCE - STATE
13b. COUNTY
13c. CITY, TOWN, OR LOCATION
13d. ZIP CODE

13e. STREET AND NUMBER — REDACTED
13f. INSIDE CITY LIMITS ☒ Yes ☐ No
15. YEARS AT PRESENT ADDRESS ☐ Under 5 ☐ 5-9 ☒ 10-19 ☐ 20 or more

14. WAS DECEDENT OF HISPANIC ORIGIN (Specify No or Yes - If yes, specify Cuban, Mexican, Puerto Rican, etc.) ☒ No ☐ Yes Specify:
15. RACE - American Indian, Black, White, etc. (Specify) — WHITE
16. DECEDENT'S EDUCATION (Specify only highest grade completed) Elementary/Secondary (0-12) — 8TH / College (1-4 or 5+)

**PARENTS**

17. FATHER'S NAME (First, Middle, Last) — REDACTED
18. MOTHER'S NAME (First, Middle, Maiden Surname)

**INFORMANT**

19a. INFORMANT'S NAME (Type/Print)
19b. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code)

**DISPOSITION**

20a. BURIAL, CREMATION, OTHER (Specify) — BURIAL
20b. DATE OF DISPOSITION (Month, Day, Year) — JULY 28, 1999
20c. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) — LEA CEMETERY
20d. LOCATION - City or Town, State — LEASBURG, MISSOURI

21. SIGNATURE OF FUNERAL SERVICE LICENSEE OR PERSON ACTING AS SUCH
22a. NAME AND ADDRESS OF FACILITY — CUBA, MISSOURI 65453 BRITTON FUNERAL HOME, INC., 904 WEST WASHINGTON,
22b. FUNERAL ESTABLISHMENT LICENSE NUMBER — 1857

23. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line.

| | | Approximate Interval Between Onset and Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | a. Long Cancer | 2 mth |
| Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (disease or injury that initiated events resulting in death) LAST | DUE TO (OR AS A CONSEQUENCE OF): b. | |
| | DUE TO (OR AS A CONSEQUENCE OF): c. | |

PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I.

24. IF DECEASED WAS FEMALE 10-49, WAS SHE PREGNANT IN THE LAST 90 DAYS? ☐ Yes ☐ No ☐ Unk.
25a. WAS AN AUTOPSY PERFORMED? ☐ Yes ☐ No
25b. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? ☐ Yes ☒ No

26. MANNER OF DEATH
☒ Natural
☐ Accident
☐ Suicide
☐ Homicide
☐ Pending Investigation
☐ Could not be Determined
27a. DATE OF INJURY (Month, Day, Year)
27b. TIME OF INJURY — M
27c. WAS INJURY ALCOHOL-RELATED? (yes/unknown to deceased) ☐ Yes ☐ No ☐ Unk.
27d. INJURY AT WORK ☐ Yes ☐ No
27e. DESCRIBE HOW INJURY OCCURRED
27f. PLACE OF INJURY - At home, farm, street, factory, office building, etc. (specify)
27g. LOCATION (Street and Number or Rural Route Number, City or Town, State)

**CERTIFIER**

28a. (Specify)
☒ CERTIFYING PHYSICIAN
☐ MEDICAL EXAMINER/CORONER
28b. To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated. (Signature and Title) ►
28c. DATE SIGNED (Month, Day, Year) — 8/2/99
28d. TIME OF DEATH — 8:00P

29a. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN, MEDICAL EXAMINER OR CORONER) (Type or Print) — H Shen 3009 w Bella Rd 5zL No 6313)
29b. MO. LICENSE NUMBER — R16373
30. WAS CASE REFERRED TO MEDICAL EXAMINER/CORONER? ☐ Yes ☒ No

31. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print)
32. REGISTRAR'S SIGNATURE ► Shirley J. Steele
33. DATE RECEIVED BY LOCAL REGISTRAR (Month, Day, Year) — 08/13/99

**THIS IS A CERTIFIED COPY OF AN ORIGINAL DOCUMENT.**
(Do not accept if rephotographed, or if seal impression cannot be felt.)

THE REPRODUCTION OF THIS DOCUMENT IS PROHIBITED BY LAW (sec. 193.315, RSMo 1986)

STATE OF MISSOURI
Co. of Crawford } ss

I HEREBY CERTIFY that this is an exact reproduction of the certificate for the person named therein as it now appears in the permanent records of the Bureau of Vital Records of the Missouri Department of Health. Witness my hand as County Registrar of Vital Statistics and the Seal of the Missouri Department of Health this date of

August 16, 1999

Shirley J. Steele
Registrar of Vital Statistics

WR GRACE PIQ 67602-0031



**Drexel**
UNIVERSITY

School of Public Health

Arthur L. Frank, M.D., Ph.D.
Professor of Public Health
Director, Center for Environmental and Occupational Health



RECEIVED
OCT 16 2002
By

October 9, 2002

Laurie Droit
Medical Paralegal
The Simmons Firm, L.L.C.
707 Berkshire Boulevard
P.O. Box 521
East Alton, Ill 62024

RE:                           **REDACTED**

Dear Ms. Droit:



REDACTED

        I am in receipt of records in the case of            . and have been asked to review them and render my judgment regarding the presence or absence of any asbestos related disease.

        The records show that            . was occupationally exposed to a wide variety of asbestos containing materials over his working lifetime.  He was also a cigarette smoker for much of his life.

        In 1986,            was seen by Dr. Ohar who evaluated him and found evidence of asbestosis. Ironically, her report mentions that he would be at high risk for developing lung cancer.

        Unfortunately, in 1999            did develop a cancer of the lung which, when found, was noted to be widely metastatic and he died shortly thereafter in July 1999 with his death certificate listing as his cause of death the lung cancer that was present.  An autopsy was done and tissues were examined by Dr. Dikman, who noted the presence of interstitial fibrosis as the cancer.

        Based upon my review of the records sent me, it is my opinion, held with a reasonable degree of medical certainty, that            developed two asbestos related problems.  First, I believe that he had asbestosis as a result of his exposure to asbestos given the findings on evaluation of his lung tissue. Secondly, he developed and died of a lung cancer due to his exposure to asbestos in conjunction with his habit of cigarette smoking.  It is well documented in the scientific literature that those individuals who smoke and also have exposure to asbestos have a markedly increased risk of developing lung cancer, far above the risk of smoking alone.

        Should you have any questions about this matter please feel free to contact me.
Sincerely yours,

Arthur L. Frank

Arthur L. Frank, M.D, Ph.D.

ALF/bjh

Mail Stop 660, 245 N. 15th Street, Philadelphia, PA 19102-1192 ▪ TEL 215.762.3930  FAX 215.762.4088  E-MAIL alf13@drexel.edu

  

BJC **HEALTH SYSTEM**℠ **MISSOURI BAPTIST MEDICAL CENTER**

WR GRACE PIQ 67602-0032

**3015 North Ballas Road**
**Saint Louis, Missouri 63131**
**(314)996-7284**

REDACTED

**AUTOPSY REPORT**

| | | |
|---|---|---|
| Patient Name: | | |
| Gender/Race: M | Service: | Accession #: **MA99-15** |
| DOB: | Hospital: MBHS | Expiration Date: |
| Address: | MRN: | Autopsy Date: 7/24/99 13:49 |
| | | Report Issued: 8/20/99 |

Physician(s):    Anthony S. Shen, M.D.
Armela R. Agasino, M.D.

## DIAGNOSIS:

Carcinoma of the right upper lobe of the lung, with metastatic lesions of the right middle and lower lobe

Multiple metastases involving diaphragmatic pleura and liver

Severe panacinar emphysema of the lungs with chronic bronchitis; clinical history of asbestos exposure (see microscopic/summary)

Negative for pleural plaques

Multiple pleural adhesions

Aneurysm of proximal right coronary artery

Autopsy exam negative for evidence of other primary sites of neoplasia (gastrointestinal system/hepatobiliary system/pancreas/genitourinary system, negative for evidence of neoplasia)

Focal nodular hyperplasia of adrenal gland

Examining Pathologist: Charles W. Ferris, M.D.
***Report Reviewed and Electronically Signed By Charles W. Ferris, M.D.***
Examination performed at Missouri Baptist Medical Center

## CLINICAL IMPRESSION AND HISTORY:

Dr. Anthony Shen has requested limited autopsy on behalf of the family for this patient who was seen in consultation at Missouri Baptist Hospital in Sullivan. The clinical history is severe, advanced pulmonary disease with COPD. He developed bilateral lung lesions clinically believed to represent carcinoma. After consultation, the patient declined both biopsy and treatment because of his extremely poor pulmonary function. The autopsy permit indicates that the patient died at home and was then transferred to Missouri Baptist Hospital for post mortem examination. The objectives of the autopsy (stated by Dr. Shen) is to confirm the clinical impression of carcinoma, evaluate the impact of alleged asbestos exposure, and obtain anatomical confirmation of the severity of his pulmonary dysfunction. No other objectives are provided to me prior to and at the time of autopsy.

| CHARLES D. SHORT, M.D. Pathologist (314) 996-5213 | VIRGILIO P. DUMADAG, M.D. Pathologist (314) 996-5219 | CHARLES W. FERRIS, M.D. Pathologist (314) 996-5214 | JOSEPH N. MARCUS, M.D. Pathologist (314) 996-5218 | NASREEN QAZI, M.D. Pathologist (314) 996-8946 | HANNAH KRIGMAN, M.D. Pathologist (314) 996-5015 |
|---|---|---|---|---|---|

**REDACTED**

**FINAL REPORT**

WR GRACE PIQ 57502-0033

Clinical Summary:

## GROSS DESCRIPTION:
### EXTERNAL EXAMINATION:

The autopsy is begun at 9:30, 7/24/99. The time of death is indicated as 2000 hours on 7/23/99. This is a Caucasian man in a plaid shirt, blue shorts, and partially wrapped in a blanket. He is left in the morgue refrigerator with the door marked with his identifying information. Dr. Tony Shen is called and confirms that this indeed is Mr.

The patient appears to be in a good state of nutrition. He is edentulous (dentures accompany body). The eyes are brown with 7 mm pupils. There is livor mortis on the back and well developed rigor mortis throughout. There are several seborrheic keratoses on the face. Generally, there are no significant skin lesions suggestive of neoplasia. Ecchymoses are seen on the arms bilaterally. The chest has an increased A-P dimension. A Duragesic patch is present on the left thorax. The abdomen is negative for palpable masses and fluid waves. The upper and lower extremities are unremarkable. The back is unremarkable. There is a small amount of skin slippage on the left forearm. No decubitus ulcers are seen.

INCISIONS: The body is entered through a Y-shaped incision. Organs have normal anatomic relationships.

THORACIC CAVITY: There are numerous adhesions between the lungs and the chest wall. No pleural plaques are seen. There is no evidence of an effusion. Atherosclerosis is present in the thoracic aorta. Great vessels have the normal configuration and anatomic relationships. Numerous neoplastic nodules are seen on the diaphragmatic surface (superior side) which measure up to 1.5 cm in greatest dimensions.

LUNGS: The right and left lungs have a moderate amount of anthracotic pigment in the pleura and appear emphysematous. A 12 cm diameter neoplastic mass is present in the right upper lobe, and has a grey partially necrotic cut surface. Smaller lesions are seen in the middle and lower lobes. The left lobe has no grossly identifiable neoplastic lesions at the time of prosection. There is an emphysematous-like bleb in the left upper lobe, which collapses on incision. There is no gross evidence of pulmonary edema. There is gross evidence of panacinar emphysema.

HEART: Heart weight is approximately 360 grams.

The right coronary artery is remarkable for the presence of an aneurysm with luminal thrombus located approximately 2 cm from the ostia. There is no significant occlusion associated with the aneurysm. No significant occlusive lesions are seen in the main coronary vessels. The myocardium is normal in thickness. Valves are normal in diameter and pliability. No gross evidence of infarction is seen.

ABDOMINAL CAVITY: Abdominal cavity has normal anatomical relationships. There is mild atherosclerosis of the abdominal aorta.

LIVER: The liver weighs approximately 2500 grams. There are numerous neoplastic nodules, the largest measuring 8 cm in diameter. These are estimated to involve approximately 10% of the cross sectioned area throughout the liver. The liver is negative for congestion. The gallbladder is distended with viscus bile. The biliary tree, including gallbladder, is negative for neoplastic lesions.

PANCREAS: The pancreas is normal in size and configuration. No evidence of neoplasia is seen.

GASTROINTESTINAL SYSTEM: The esophagus has a tan pink mucosa and is negative for gross evidence of neoplastic lesions. The stomach has a somewhat grey tan mucosa and contains approximately 150 cc of cloudy fluid. It is negative for evidence of neoplasia. The small intestine and large intestine contain mucinous material and feces, respectively. The small intestine is unremarkable. The colon is unremarkable. There is no evidence of neoplasia.

| CHARLES D. SHORT, M.D. Pathologist (314) 996-5213 | VIRGILIO P. DUMADAG, M.D. Pathologist (314) 996-5219 | CHARLES W. FERRIS, M.D. Pathologist (314) 996-5214 | JOSEPH N. MARCUS, M.D. Pathologist (314) 996-5218 | NASREEN QAZI, M.D. Pathologist (314) 996-5946 | HANNAH KRIGMAN, M.D. Pathologist (314) 996-5015 |
|---|---|---|---|---|---|