# Exhibit H

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire





1031:5607085574
RE:
Wilentz Goldman & Spitzer
PO Box 10
90 Woodbridge Center Drive
Woodbridge NJ 07095

**REDACTED**

REC'D JUL 1 2 2006



000512085574

WR GRACE PIQ 57784-0002

[THIS PAGE INTENTIONALLY LEFT BLANK.]



WR GRACE PIQ 57764-0003

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

<u>IF SENT BY U.S. MAIL</u>

RUST CONSULTING, INC.
CLAIMS PROCESSING AGENT
RE: W.R. GRACE & CO. BANKRUPTCY
P.O. BOX 1620
FARIBAULT, MN 55021

<u>IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE</u>

RUST CONSULTING, INC.
CLAIMS PROCESSING AGENT
RE: W.R. GRACE & CO. BANKRUPTCY
201 S. LYNDALE AVE.
FARIBAULT, MN 55021

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL <u>NOT</u> BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES <u>NOT</u> MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

## INSTRUCTIONS

WR GRACE PIQ 57764-0004

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos or wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to:  (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates).  It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors.  It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service.  A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.

   Do **not** send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel.  Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006.  Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I -- Identity of Injured Person and Legal Counsel

Respond to all applicable questions.  If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm.  If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire.  Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed.  To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis.  For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:**  This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:**  Please attach all x-ray readings and reports.  You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:**  Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

WR GRACE PIQ 57764-0006

## D. PART III – Direct Exposure to Grace Asbestos-Containing Products

In Part III, please provide the requested information for the job and site at which you were asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing produ was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

### Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator
31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (*e.g.*, accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

### Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing
109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

**E.  PART IV – Indirect Exposure to Grace Asbestos-Containing Products**
In Part IV, please provide the information requested for any injury alleged to have been ca[...] asbestos-containing products through contact/proximity with another injured person.  If yo[...] contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person.  For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F.  PART V -- Exposure to Non-Grace Asbestos-Containing Products**
In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party.  If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked.  For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G.  PART VI -- Employment History**
In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H.  PART VII -- Litigation and Claims Regarding Asbestos and/or Silica**
In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII – Claims by Dependents or Related Persons**
Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss of consortium.  If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J.  PART IX -- Supporting Documentation**
In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X -- Attestation that Information is True, Accurate and Complete**
By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

## PART I:  IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

WR GRACE PIQ 67764-0007

### a.  GENERAL INFORMATION

REDACTED

1.  **Name of Claimant:** _____  **2. Gender:** ☒ Male ☐ Female
    First ___ MI ___ Last

3.  **Race (for purposes of evaluating Pulmonary Function Test results):** Not on File
    ☐ White/Caucasian
    ☐ African American
    ☐ Other

4.  **Last Four Digits of Social Security Number:** _____  5. **Birth Date:** ___  REDACTED

6.  **Mailing Address:** _____
    Address ___ City ___ State/Province ___ Zip/Postal Code

7.  **Daytime Telephone Number:** .................... Client Represented by Counsel, DO NOT CONTACT.

### b.  LAWYER'S NAME AND FIRM

1.  **Name of Lawyer:** Kevin M. Berry, Esq.
2.  **Name of Law Firm With Which Lawyer is Affiliated:** Wilentz, Goldman, & Spitzer
3.  **Mailing Address of Firm:** 88 Pine St.   New York   NY   10005
    Address ___ City ___ State/Province ___ Zip/Postal Code
4.  **Law Firm's Telephone Number or Lawyer's Direct Line:** .................... (212) 267-3091

    ☒ Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

### c.  CAUSE OF DEATH (IF APPLICABLE)

1.  **Is the injured person living or deceased?** .................... ☐ Living  ☒ Deceased
    If deceased, date of death: .................... 12/03/2004

2.  If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:
    **Primary Cause of Death** (as stated in the Death Certificate): Not available
    **Contributing Cause of Death** (as stated in the Death Certificate): Not available

## PART II:  ASBESTOS-RELATED CONDITION(S)

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire.  If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis, and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis.  For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1.  Please check the box next to the condition being alleged:

    ☐ Asbestos-Related Lung Cancer      ☐ Mesothelioma
    ☐ Asbestosis                        ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)
    ☐ Other Asbestos Disease            ☐ Clinically Severe Asbestosis

    a.  **Mesothelioma:**  If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):
        ☐ diagnosis from a pathologist certified by the American Board of Pathology
        ☐ diagnosis from a second pathologist certified by the American Board of Pathology
        ☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition
        ☐ other (please specify): _____

1

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued**

WR GRACE PIQ 57764-0008

**b.  Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were ........ry lung cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

☐ other (please specify):_____

**c.  Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon    ☐ pharyngeal    ☐ esophageal    ☐ laryngeal    ☐ stomach cancer

☐ other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

☐ other (please specify): _____

2



## PART II:  ASBESTOS-RELATED CONDITION(S) (Continued)

d. **Clinically Severe Asbestosis:**  If alleging Clinically Severe Asbestosis, was your diagnosis (check all that apply):

- ☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

- ☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

- ☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health

- ☐ asbestosis determined by pathology

- ☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

- ☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

- ☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

- ☐ other (please specify): _____

e. **Asbestosis:**  If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

- ☒ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

- ☒ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

- ☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

- ☐ asbestosis determined by pathology

- ☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

- ☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

- ☐ other (please specify): _____

3

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 57764-0010

f.   **Other Asbestos Disease:** If alleging any asbestos-related injuries, medical diagnoses, at those above, was your diagnosis based on the following (check all that apply):

☒ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ diagnosis determined by pathology

☐ a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a chest x-ray reading  other than those described above

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐ a pulmonary function test other than that discussed above

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐ a CT Scan or similar testing

☐ a diagnosis other than those above

☒ other (please specify): _Breading showing bilateral pleural plaques_

[REMAINDER OF PAGE INTENTIONALLY BLANK]

4

| PART II:  ASBESTOS-RELATED CONDITION(S) (Continued) |
|---|

WR GRACE PIQ 57784-0011

**2.  Information Regarding Diagnosis**

Date of Diagnosis: ....................................................... 01/0_____

Diagnosing Doctor's Name:  Dr. Stephen Newman

Diagnosing Doctor's Specialty:  Pulmonary Medicine

Diagnosing Doctor's Mailing Address:  35 Beaverson Blvd. -7C

Brick, NJ  08723

City                                       State/Province                    Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: ........................ (732) 920 - 8022

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

Was the diagnosing doctor your personal physician?................................................................. ☐ Yes ☒ No

Was the diagnosing doctor paid for the diagnostic services that he/she performed?...... unknown ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed*: _____

Did you retain counsel in order to receive any of the services performed by the diagnosing doctor?.......... ☐ Yes ☐ No *See objection*

Was the diagnosing doctor referred to you by counsel?.......................... *See objection* ☐ Yes ☐ No

Are you aware of any relationship between the diagnosing doctor and your legal counsel?...................... ☐ Yes ☒ No

*If yes, please explain:* _____

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? ........................................................................................ ☒ Yes ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? ........................................................................................................ ☐ Yes ☒ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? ...................................................................... unknown ................ ☐ Yes ☐ No

Did the diagnosing doctor perform a physical examination? ............................................... ☐ Yes ☐ No

Do you currently use tobacco products? ........................................................................ ☐ Yes ☒ No

Have you ever used tobacco products? ........................................................................ ☒ Yes ☐ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

☒ Cigarettes      Packs Per Day (half pack = .5) 1      Start Year 1952 End Year 1982

☐ Cigars          Cigars Per Day _____      Start Year ___ ___ ___  End Year ___ ___ ___

☐ If Other Tobacco Products, please specify (e.g., chewing tobacco): _____

          Amount Per Day _____      Start Year ___ ___ ___  End Year ___ ___ ___

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? ................. ☐ Yes ☐ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

**3.  Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

☒ Mobile laboratory ☐ Job site ☐ Union Hall ☐ Doctor office ☐ Hospital ☐ Other: _____

Address where chest x-ray taken: 1132 Hempstead Tpke.

Franklin Square,  NY

City                                       State/Province                    Zip/Postal Code

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE PIQ 57764-0012

4. **Information Regarding Chest X-Ray Reading**

   Date of Reading: 01/06/2000                    ILO score: 1/1; a-3; a-3

   Name of Reader: Dr. Stephen Newman

   Reader's Daytime Telephone Number: see above        (____) ____-____

   Reader's Mailing Address: see above
   _____
   Address

   _____
   City                              State/Province        Zip/Postal Code

   With respect to your relationship to the reader, check all applicable boxes:

   Was the reader paid for the services that he/she performed.................... unknown ........ ☐ Yes ☐ No

   *If yes, please indicate who paid for the services performed:* _____

   Did you retain counsel in order to receive any of the services performed by the reader? See objection ☐ Yes ☐ No

   Was the reader referred to you by counsel?....................... See objection ☐ Yes ☐ No

   Are you aware of any relationship between the reader and your legal counsel? ...... See objection ☐ Yes ☐ No

   *If yes, please explain:* _____

   Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?
   ................................................................................................................ ☒ Yes ☐ No

   *If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

5. **Information Regarding Pulmonary Function Test:** ..................Date of Test: __/__/____

   List your height in feet and inches when test given: .......................................... ft _____ inches

   List your weight in pounds when test given: .......................................................... lbs

   Total Lung Capacity (TLC):.........................................................% of predicted

   Forced Vital Capacity (FVC): ....................................................% of predicted

   FEV1/FVC Ratio: ......................................................................% of predicted

   Name of Doctor Performing Test (if applicable): _____

   Doctor's Specialty: _____

   Name of Clinician Performing Test (if applicable): _____

   Testing Doctor or Clinician's Mailing Address: _____
   _____
   Address

   _____
   City                              State/Province        Zip/Postal Code

   Testing Doctor or Clinician's Daytime Telephone Number: ..................(____) ____-____

   Name of Doctor Interpreting Test: _____

   Doctor's Specialty: _____

   Interpreting Doctor's Mailing Address: _____
   _____
   Address

   _____
   City                              State/Province        Zip/Postal Code

   Interpreting Doctor's Daytime Telephone Number: ..................(____) ____-____

## PART II:  ASBESTOS-RELATED CONDITION(S) (Continued)

WR GRACE PIQ 57784-0013

With respect to your relationship to the doctor or clinician who performed the pulmonary function test, check all applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician? ......................................... ☐ Yes ☐ No

Was the testing doctor and/or clinician paid for the services that he/she performed? ................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?.. ☐ Yes ☐ No *See objection*

Was the testing doctor or clinician referred to you by counsel? ........................... *See objection* ☐ Yes ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ............ ☐ Yes ☐ No *See objection*

*If yes, please explain:* _____

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? ........................................................................................ ☐ Yes ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? ........................................................................................ ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? ............................................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? *See objection* ☐ Yes ☐ No

Was the doctor referred to you by counsel? ........................... *See objection* ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? *See objection* ☐ Yes ☐ No

*If yes, please explain* _____

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed? ............................. ☐ Yes ☐ No

6.  **Information Regarding Pathology Reports:**

Date of Pathology Report: ..................................................... __ __ / __ __ / __ __ __ __

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
Address

_____
City                                     State/Province                          Zip/Postal Code

Doctor's Daytime Telephone Number: ................................. ( __ __ __ ) __ __ __ - __ __ __ __

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

Was the doctor your personal physician? ........................................................................................ ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? ............................................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? *See objection* ☐ Yes ☐ No

Was the doctor referred to you by counsel? ........................... *See objection* ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? *See objection* ☐ Yes ☐ No

*If yes, please explain:* _____

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?

........................................................................................................................................... ☐ Yes ☐ No

7

| PART II:  ASBESTOS-RELATED CONDITION(S) (Continued) | |
|---|---|

WR GRACE  PIQ  57764-0014

7. With respect to the condition alleged, have you received medical treatment from a docto .......................................................................................................................... ☐ Yes ☐ No

*If yes, please complete the following:*

Name of Treating Doctor: _____

Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____

_____
Address

_____
City                            State/Province              Zip/Postal Code

Treating Doctor's Daytime Telephone number: .................................... ( __ __ __ ) __ __ __ - __ __ __ __

Was the doctor paid for the services that he/she performed? ................................................. ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor *See Objection* ☐ Yes ☐ No

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a)  A worker who personally mixed Grace asbestos-containing products

(b)  A worker who personally removed or cut Grace asbestos-containing products

(c)  A worker who personally installed Grace asbestos-containing products

(d)  A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e)  A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f)  If other, please specify.

**Site of Exposure:**

Site Name: __World Trade Center__    Location: __New York, NY__

Site Type: ☐ Residence ☐ Business    Site Owner: _____

Employer During Exposure: _____    Unions of which you were a member during your employment: _____

| Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| Job 1 Description: Police Officer | Claimant & WR Grace Documents | Unknown | 59 Police Officer | 118 public safety | yes | D |
| Job 2 Description: | | | | | | |
| Job 3 Description: | | | | | | |
| Job 4 Description: | | | | | | |
| Job 5 Description: | | | | | | |
| Job 6 Description: | | | | | | |

WR GRACE PIQ 57764-0015

9

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PI

WR GRACE PIQ 57784-0016

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products thro............................ with another injured person? .................................................................................................. ☐ Yes ☐ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: _____  Gender: ☐ Male ☐ Female

   Last Four Digits of Social Security Number: __ __ __ __      Birth Date: __ __ / __ __ / __ __

3. What is your Relationship to Other Injured Person: ...............................☐ Spouse  ☐ Child  ☐ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:
   _____

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:
   From: __ __ / __ __ / __ __ __ __      To: __ __ / __ __ / __ __ __ __

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:
   _____

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? ............................. ☐ Yes ☐ No

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____  File Date: __ __ / __ __ / __ __ __ __

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product:
   _____

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product:
   From: __ __ / __ __ / __ __ __ __      To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:
    _____

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

10

WR GRACE PIQ 57764-0017

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked. In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products
(b) A worker who personally removed or cut Non-Grace asbestos-containing products
(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

| Party Against which Lawsuit or Claim was Filed: | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify. | Industry Code If Code 118, specify. | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| **Site of Exposure 1** Site Name: ___ | Job 1 Description: ___ | See attached Response to Part V | | | | |
| Address: ___ | Job 2 Description: ___ | | | | | |
| City and State: ___ | | | | | | |
| Site Owner: ___ | Job 3 Description: ___ | | | | | |
| **Site of Exposure 2** Site Name: ___ | Job 1 Description: ___ | | | | | |
| Address: ___ | Job 2 Description: ___ | | | | | |
| City and State: ___ | | | | | | |
| Site Owner: ___ | Job 3 Description: ___ | | | | | |
| **Site of Exposure 3** Site Name: ___ | Job 1 Description: ___ | | | | | |
| Address: ___ | Job 2 Description: ___ | | | | | |
| City and State: ___ | | | | | | |
| Site Owner: ___ | Job 3 Description: ___ | | | | | |

11

## PART VI: EMPLOYMENT HISTORY



W/R GRACE PIQ 57764-0018

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience, including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

Occupation Code: 59        If Code 59, specify: _____

Industry Code: 107        If Code 118, specify: _____

Employer: U.S. Army

Beginning of Employment: 01/01/1952        End of Employment: 01/01/1984

Location: _____
          Address

City _____ State/Province _____ Zip/Postal Code _____

---

Occupation Code: 17        If Code 59, specify: _____

Industry Code: 18        If Code 118, specify: U.S. Post Office

Employer: _____

Beginning of Employment: 01/01/1957        End of Employment: 01/01/1962

Location: _____
          Address

City _____ State/Province _____ Zip/Postal Code _____

---

Occupation Code: 59        If Code 59, specify: Police Officer

Industry Code: 118        If Code 118, specify: Housing Authority

Employer: New York City Housing Authority

Beginning of Employment: 01/01/1962        End of Employment: 01/01/1984

Location: Baruch Houses & Marble Hill Houses
          Address

City New York        State/Province NY        Zip/Postal Code

---

Occupation Code: _____        If Code 59, specify: _____

Industry Code: _____        If Code 118, specify: _____

Employer: _____

Beginning of Employment: __/__/____        End of Employment: __/__/____

Location: _____
          Address

City _____ State/Province _____ Zip/Postal Code _____

12

| PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR S| |
|---|---|

WR GRACE PIQ 57764-0019

### a.  LITIGATION

1.  **Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?**.................................☒ Yes ☐ No

    *If yes, please complete the rest of this Part VII(a) for each lawsuit.  For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2.  **Please provide the caption, case number, file date, and court name for the lawsuit you filed:**

    **Caption:** Chinero V. Abb Wminus Crost

    **Case Number:** 114842/00          **File Date:** 07/07/2000

    **Court Name:** Supreme Court State of Das York.

3.  **Was Grace a defendant in the lawsuit?**.................................................☒ Yes ☐ No

4.  **Was the lawsuit dismissed against any defendant?**.................................☒ Yes ☐ No

    *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*
    ＊ See attached spreadsheet.
    lack of product identification

5.  **Has a judgment or verdict been entered?**.................................................☐ Yes ☒ No

    *If yes, please indicate verdict amount for each defendant(s):* _____

6.  **Was a settlement agreement reached in this lawsuit?**.................................☒ Yes ☐ No

    *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:* See attached spreadsheet
    a.  Settlement amount for each defendant: _____ ○ accompanying objection>
    b.  Applicable defendants: _____
    c.  Disease or condition alleged: _____
    d.  Disease or condition settled (if different than disease or condition alleged): _____

7.  **Were you deposed in this lawsuit?**.................................................☐ Yes ☒ No

    *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

### b.  CLAIMS

1.  **Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)?**.................................☒ Yes ☐ No

    *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.* ＊ See attached spreadsheet.

2.  **Date the claim was submitted:**.................................................___ /___ /_____

3.  **Person or entity against whom the claim was submitted:** _____

4.  **Description of claim:** _____

5.  **Was claim settled?**.................................................☐ Yes ☐ No

6.  **Please indicate settlement amount:** .................................$_____

7.  **Was the claim dismissed or otherwise disallowed or not honored?**.................................☐ Yes ☐ No

    *If yes, provide the basis for dismissal of the claim:* _____

13

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSON

WR GRACE PIQ 57764-0020

Name of Dependent or Related Person: **REDACTED** _____ Gender: |_| Male |☑| Female

Last Four Digits of Social Security Number: , Birth Date: __ __ / __ __ / __ __ __ __

Financially Dependent:......................................................................................................|☒| Yes |_| No

Relationship to Injured Party: |☒| Spouse |_| Child |_| Other If other, please specify _____

Mailing Address: **REDACTED** _____

City                                        State/Province                        Zip/Postal Code

Daytime Telephone number: _Client Represented by Counsel, Do not Call_

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**

- |_| Medical records and/or report containing a diagnosis
- |_| Lung function test results
- |_| Lung function test interpretations
- |_| Pathology reports
- |_| Supporting documentation of exposure to Grace asbestos-containing products
- |_| Supporting documentation of other asbestos exposure

- |_| X-rays
- |_| X-ray reports/interpretations
- |_| CT scans
- |_| CT scan reports/interpretations
- |_| Depositions from lawsuits indicated in Part VII of this Questionnaire
- |_| Death Certification

**Originals:**

- |_| Medical records and/or report containing a diagnosis
- |_| Lung function test results
- |_| Lung function test interpretations
- |_| Pathology reports
- |_| Supporting documentation of exposure to Grace asbestos-containing products

- |_| Supporting documentation of other asbestos exposure
- |_| X-rays
- |_| X-ray reports/interpretations
- |_| CT scans
- |_| CT scan reports/interpretations
- |_| Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____

_____

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571. **TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: ____                                        Date: _0 6 / 2 6 / 2 0 0 6_

Please Print Name:        **REDACTED**        _____

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _K. Bry_                                    Date: _7 / 10 / 2006_

Please Print Name: _Kevin Berry_ _____

14



WR GRACE PIQ 57764-0021

### RESPONSE TO PART V

The information requested does not presently exist in the format specified.  Entities other than
W.R. Grace who were named as defendants in claimant's third party asbestos lawsuit are set
forth in the accompanying Defendant Summary Spreadsheet.  However, since the exposures
happened years ago, the claimant does not have personal knowledge of the present responsible
entities named in the litigation on his/her behalf, and how such would be proven at trial is
counsels' attorney work product.  Further, the defendants named may not remain as active
litigants due to bankruptcy, insolvency, settlement, dismissal, summary judgment, etc.

Consistent with New York law and practice where the claim was filed, discovery is not
undertaken until a matter is trial listed, and recovery under New York law in a multiple employer
– multiple job site case does not always require site specific product identification.  Though still
subject to continuing investigation and discovery, in effort to be as responsive as possible,
attached is a list of the job sites where claimant was exposed to asbestos, and claimant's personal
asbestos product identification information, to the extent these are presently known.

**REDACTED**

WR GRACE PIQ  57764-0022

# WR GRACE DEFENDANT SUMMARY
## Client Defendant Summary

7/6/2006

1 of 5

REDACTED

| Plaintiff Last | Plaintiff First | Defendant | Defendant Status | Plaintiff / Defendant Status | Settlement Agreement Name and Date |
|---|---|---|---|---|---|
| | | A.C.&S., INC. | Bankrupt | | |
| | | A.O. SMITH CORPORATION | Active | Not a defendant | |
| | | A.P. GREEN INDUSTRIES, INC. | Bankrupt | | |
| | | A.W. CHESTERTON COMPANY | Active | | A.W. CHESTERTON COMPANY: Jan 5 2001 |
| | | ABB LUMMUS CREST, INC. | Stayed | | |
| | | AMERICAN HARDWARE AND PAINT CO., I | Active | | AMERICAN HARDWARE AND PAINT CO., IN: Dec 21 2000 |
| | | AMERICAN STANDARD INC. | Active | | |
| | | ANCHOR PACKING COMPANY, THE | Bankrupt | | |
| | | ARMSTRONG WORLD INDUSTRIES, INC. | Bankrupt | | |
| | | ASBESTOS CLAIMS MANAGEMENT CORP | Bankrupt | | |
| | | ASBESTOSPRAY CORP. | Insolvent | | |
| | | BABCOCK & WILCOX COMPANY, THE | Bankrupt | | |
| | | BANKRUPTCY-CELOTEX ASBESTOS SET | Bankrupt | | BANKRUPTCY-CELOTEX ASBESTOS SETTLEMENT TRUST |
| | | BANKRUPTCY-EAGLE-PICHER PERSONA | Bankrupt | | BANKRUPTCY-EAGLE-PICHER PERSONAL INJURY SETTLEMENT TRUST |
| | | BANKRUPTCY-FORTY-EIGHT INSULATION | Bankrupt | | BANKRUPTCY-FORTY-EIGHT INSULATION |
| | | BANKRUPTCY-H.K. PORTER ASBESTOS T | Bankrupt | | BANKRUPTCY-H.K. PORTER ASBESTOS TRUST |
| | | BANKRUPTCY-MANVILLE PERSONAL INJU | Bankrupt | | BANKRUPTCY-MANVILLE PERSONAL INJURY SETTLEMENT TRUST |
| | | BANKRUPTCY-UNR ASBESTOS-DISEASE | Bankrupt | | BANKRUPTCY-UNR ASBESTOS-DISEASE CLAIMS TRUST |
| | | BERGEN INDUSTRIAL SUPPLY CO., INC. | Active | Not a defendant | |
| | | BLACKMAN-PLUMBING SUPPLY COMPAN | Active | Not a defendant | |
| | | BORG WARNER MORSE TEC INC. | Active | Not a defendant | |
| | | BURNHAM CORPORATION | Active | | |
| | | BURNS AND ROE ENTERPRISES, INC. | Bankrupt | | BURNS AND ROE ENTERPRISES, INC.: Dec 4 2000 |
| | | C.E. THURSTON & SONS, INCORPORATE | Bankrupt | | |
| | | CALON INSULATION CORP. | Active | Not a defendant | |
| | | CAREY CANADA, INC. | Bankrupt | | |
| | | CELOTEX CORPORATION, THE | Bankrupt | | |
| | | CENTRAL HUDSON GAS & ELECTRIC COF | Active | | CENTRAL HUDSON GAS & ELECTRIC CORPO: July 26, 2001 |
| | | CERRO WIRE & CABLE CO., INC. | Active | | |
| | | CERTAINTEED CORPORATION | Active | | |
| | | CLEAVER-BROOKS COMPANY | Active | | |
| | | COMBUSTION ENGINEERING, INC. | Bankrupt | | COMBUSTION ENGINEERING, INC.: Feb 26 2001 |
| | | CONGOLEUM CORPORATION, THE | Bankrupt | Not a defendant | |
| | | CONSOLIDATED EDISON COMPANY OF N | Active | | |

WR GRACE PIQ 57764-0023

7/6/2006

2 of 5

# WR GRACE DEFENDANT SUMMARY
## Client Defendant Summary

| Plaintiff Last | Plaintiff First | Defendant | Defendant Status | Plaintiff / Defendant Status | Settlement Agreement Name and Date |
|---|---|---|---|---|---|
| REDACTED | | COURTER & COMPANY, INCORPORATED | Active | | COURTER & COMPANY, INCORPORATED: Dec 12 2000 |
| | | CROWN, CORK & SEAL COMPANY, INC. | Active | | CROWN, CORK & SEAL COMPANY, INC.: Jun 14, 2001 |
| | | DAIMLERCHRYSLER CORPORATION | Active | Not a defendant | |
| | | DANA CORPORATION | Bankrupt | | |
| | | DB RILEY, INC. | Active | Not a defendant | |
| | | DUCT MATE INDUSTRIES, INC. | Active | | |
| | | DURABLA MANUFACTURING COMPANY | Active | | DURABLA MANUFACTURING COMPANY: Nov 21 2000 |
| | | DURO DYNE CORPORATION | Active | | DURO DYNE CORPORATION: Dec 4 2000 |
| | | E&B MILL SUPPLY CO. | Active | Not a defendant | |
| | | EAGLE-PICHER INDUSTRIES, INC. | Bankrupt | | |
| | | EASTCO INDUSTRIAL SAFETY CORPORA | Bankrupt | | |
| | | EASTERN REFRACTORIES COMPANY, IN | Active | | |
| | | EMPIRE-ACE INSULATION MFG. CORP. | Insolvent | | |
| | | FIBREBOARD CORPORATION | Bankrupt | | |
| | | FLEXITALLIC GROUP, INC., THE | Bankrupt | | FLEXITALLIC GROUP, INC., THE: Sep 21 2000 |
| | | FLINTKOTE COMPANY, THE | Bankrupt | | |
| | | FORD MOTOR COMPANY | Active | Not a defendant | |
| | | FOSTER WHEELER CORPORATION | Active | | FOSTER WHEELER CORPORATION: Dec 21 2000 |
| | | GAF CORPORATION | Bankrupt | | |
| | | GARLOCK, INC. | Active | | |
| | | GENERAL ELECTRIC COMPANY | Active | | |
| | | GENERAL MOTORS CORPORATION | Active | Not a defendant | |
| | | GENERAL REFRACTORIES COMPANY | Collection Iss | | |
| | | GEORGE A. FULLER COMPANY | Active | | |
| | | GEORGIA-PACIFIC CORPORATION | Active | | GEORGIA-PACIFIC CORPORATION: Jun 21, 2001 |
| | | GIAMBOI BROS., INC. | Active | | GIAMBOI BROS., INC.: Dec 21 2000 |
| | | GUYON GENERAL PIPING, INC. | Active | | GUYON GENERAL PIPING, INC.: Dec 21, 2000 |
| | | H.B. SMITH COMPANY, INC. | Active | Not a defendant | |
| | | H.K. PORTER COMPANY, INC. | Bankrupt | | |
| | | HARBISON-WALKER REFRACTORIES CO. | Bankrupt | | |
| | | HERCULES CHEMICAL COMPANY, INC. | Active | Not a defendant | |
| | | HONEYWELL INTERNATIONAL, INC. | Active | Not a defendant | |
| | | I.U. NORTH AMERICA, INC. | Active | | |
| | | IMO INDUSTRIES INC. | Active | | |

**WR GRACE DEFENDANT SUMMARY**
**Client Defendant Summary**

7/6/2006

WR GRACE PIQ 57764-0024

| Plaintiff Last | Plaintiff First | Defendant | Defendant Status | Plaintiff / Defendant Status | Settlement Agreement Name and Date |
|---|---|---|---|---|---|
| | | INGERSOLL-RAND COMPANY | Active | | INGERSOLL-RAND COMPANY: Dec 19, 2000 |
| | | J.H. FRANCE REFRACTORIES CO., INC. | Active | | J.H. FRANCE REFRACTORIES CO., INC.: Dec 21 2000 |
| | | JANOS INDUSTRIAL INSULATION, INC. | Insolvent | | |
| | | JOHN SORE, INC. | Active | | JOHN SORE, INC.: June 22 2001 |
| | | JOHN W. WALLACE & CO. | Active | | |
| | | KAISER ALUMINUM & CHEMICAL CORPOF | Bankrupt | | |
| | | KAISER GYPSUM COMPANY, INC. | Active | | |
| | | KEENE CORPORATION | Bankrupt | | |
| | | KENTILE FLOOR, INC. | Bankrupt | | |
| | | KEWANEE-ROSS CORPORATION | Active | Not a defendant | |
| | | KING INSULATION COMPANY, INC. | Active | | KING INSULATION COMPANY, INC.: April 25 2001 |
| | | KOHLER COMPANY | Active | Not a defendant | |
| | | LEEDS & NORTHRUP COMPANY | Active | | |
| | | LONG ISLAND LIGHTING COMPANY | Active | | |
| | | M.H. DETRICK COMPANY | Bankrupt | | |
| | | M.J. KELLY CO. | Active | | |
| REDACTED | | MADSEN & HOWELL, INC. | Active | Not a defendant | |
| | | MAREMONT CORPORATION | Active | | |
| | | MARIO & DIBONO PLASTERING CO., INC. | Active | | |
| | | METROPOLITAN REFRACTORIES CORPO | Bankrupt | | |
| | | MINNESOTA MINING & MANUFACTURING | Active | | MINNESOTA MINING & MANUFACTURING COMPANY: May 12, 2004 |
| | | MORSE-DIESEL INTERNATIONAL INC. | Active | | |
| | | NATIONAL SERVICES INDUSTRIES, INC. | Active | | |
| | | NEW YORK PROTECTIVE COVERING IND | Collection Iss | | |
| | | NORTH AMERICAN REFRACTORIES CO. | Bankrupt | | |
| | | NOSROC CORPORATION | Active | | |
| | | ORANGE AND ROCKLAND UTILITIES, INC | Active | | |
| | | OWENS-CORNING FIBERGLAS CORPORA | Bankrupt | | |
| | | OWENS-ILLINOIS, INC. | Active | | OWENS-ILLINOIS, INC.: Dec 14, 2005 |
| | | PEERLESS HEATER COMPANY, THE | Active | Not a defendant | |
| | | PFIZER, INC. | Stayed | | |
| | | PITTSBURGH CORNING CORPORATION | Bankrupt | | |
| | | PORTER HAYDEN COMPANY | Bankrupt | Not a defendant | |
| | | PPG INDUSTRIES, INC. | Stayed | | |

WR GRACE PIQ  57764-0025

# WR GRACE DEFENDANT SUMMARY
## Client Defendant Summary

7/6/2006

4 of 5

| Plaintiff Last | Plaintiff First | Defendant | Defendant Status | Plaintiff / Defendant Status | Settlement Agreement Name and Date |
|---|---|---|---|---|---|
| REDACTED | | Pre-Pack A.C.&S., Inc. | Pre-Pack | | Pre-Pack A.C.&S., Inc.: Nov 21, 2003 |
| | | Pre-Pack Combustion Engineering | Pre-Pack | | Pre-Pack Combustion Engineering: Jun 3, 2003 |
| | | Pre-Pack Halliburton | Pre-Pack | | Pre-Pack Halliburton: Mar 14 2003 |
| | | Pre-Pack Narco/Honeywell | Pre-Pack | | Pre-Pack Narco/Honeywell: Mar 14, 2003 |
| | | PUERTO RICO SAFETY EQUIPMENT COR | Bankrupt | | |
| | | PULMOSAN SAFETY EQUIPMENT CORPO | Active | | |
| | | QUIGLEY COMPANY, INC. | Bankrupt | | |
| | | RAPID AMERICAN CORP. | Collection Iss | | |
| | | RARITAN SUPPLY COMPANY | Active | Not a defendant | |
| | | RESEARCH COTTRELL, INC. | Active | | RESEARCH COTTRELL, INC.: Jan 1 1981 |
| | | RHONE-POULENC, INC. | Active | | |
| | | ROBERT A. KEASBEY COMPANY | Collection Iss | | |
| | | ROBERTSON CECO CORPORATION | Active | | ROBERTSON CECO CORPORATION - H.H. ROBERTSON: Dec 4, 2000 |
| | | ROCK WOOL MANUFACTURING COMPAN | Bankrupt | | |
| | | ROCKBESTOS WIRE AND CABLE CO. | Active | | |
| | | RUTLAND FIRE CLAY COMPANY | Bankrupt | | |
| | | S.W. ANDERSON SALES CORP. | Active | | |
| | | SAFEGUARD INDUSTRIAL EQUIPMENT C | Insolvent | | SAFEGUARD INDUSTRIAL EQUIPMENT CO.: July 21, 2005 NY |
| | | SEQUOIA VENTURES, INC. | Active | | |
| | | SID HARVEY INDUSTRIES, INC. | Active | | |
| | | SOUTHERN TEXTILE CORPORATION | Bankrupt | | |
| | | SPRAYCRAFT CORPORATION | Insolvent | | |
| | | STANDARD INSULATION CO. | Insolvent | | |
| | | STATE INSULATION CORP. | Active | Not a defendant | |
| | | STONE & WEBSTER ENGINEERING CORF | Bankrupt | | |
| | | TEXACO REFINING and MARKETING INC. | Active | Not a defendant | |
| | | THOMAS O'CONNOR & CO., INC. | Active | | THOMAS O'CONNOR & CO., INC.: June 22 2001 |
| | | TISHMAN LIQUIDATING CORP. | Active | | |
| | | TISHMAN REALTY & CONSTRUCTION CO | Active | | |
| | | TREADWELL CORPORATION | Active | | |
| | | TURNER & NEWALL, P.L.C. | Bankrupt | | |
| | | TURNER CONSTRUCTION COMPANY | Active | | |
| | | UNION CARBIDE CORPORATION | Active | | |
| | | UNIROYAL, INC. | Active | | UNIROYAL, INC.: Sep 21 2000 |



WR GRACE PIQ 57764-0026

5 of 5

WR GRACE DEFENDANT SUMMARY
Client Defendant Summary

7/6/2006

| Plaintiff Last | Plaintiff First | Defendant | Defendant Status | Plaintiff / Defendant Status | Settlement Agreement Name and Date |
|---|---|---|---|---|---|
| | | UNITED STATES GYPSUM COMPANY | Bankrupt | | |
| | | UNITED STATES MINERAL PRODUCTS CO | Bankrupt | | |
| | | UTICA BOILERS, INC. | Active | Not a defendant | |
| | | VIACOM, INC. | Active | | |
| | | W.R. GRACE & CO. - CONN. | Bankrupt | | |
| | | WEIL–McLAIN | Active | | |
| | | WOLFF & MUNIER SERVICE COMPANY, IN | Bankrupt | | |
| REDACTED | | WOOLSULATE CORPORATION | Active | | WOOLSULATE CORPORATION: Jan 1 1981 |
| | | WORTHINGTON CORPORATION | Bankrupt | | WORTHINGTON CORPORATION: Sep 21 2000 |
| | | YORK INDUSTRIES CORP. | Active | | YORK INDUSTRIES CORP.: Oct 30, 2002 |



WR GRACE  PIQ  57784-0027

7/6/2006

3jc0y01_1
Bankruptcy Claims Export



| Defendant | Claim Type | Claim Settlement Amount | Pl. Last | Pl. First | Claim File Date | Claim Rejected | Claim Deactivated | Claim Disallowed |
|---|---|---|---|---|---|---|---|---|
| BANKRUPTCY-CELOTEX ASBESTOS SETTLE | Settlement Trust Claim | | | | 06/28/2000 | | | |
| BANKRUPTCY-EAGLE-PICHER PERSONAL IN | Settlement Trust Claim | 0.00 | | | 06/28/2000 | | | 11/04/2002 |
| BANKRUPTCY-FORTY-EIGHT INSULATION | Settlement Trust Claim | 0.00 | | | 06/28/2000 | | | |
| BANKRUPTCY-H.K. PORTER ASBESTOS TRU | Settlement Trust Claim | 0.00 | | | 06/28/2000 | 03/02/2001 | | |
| BANKRUPTCY-MANVILLE PERSONAL INJUR | Settlement Trust Claim | 1,250.00 | | | 06/28/2000 | 07/12/2004 | | |
| BANKRUPTCY-UNR ASBESTOS-DISEASE CL | Settlement Trust Claim | | | | 09/24/2003 | | | |
| Pre-Pack Combustion Engineering | PrePack Claim | 3,000.00 | | | 06/28/2000 | | | |
| Pre-Pack Halliburton | PrePack Claim | 4,000.00 | | | | | | |
| Pre-Pack Narco/Honeywell | PrePack Claim | 6,000.00 | | | | | | |

**REDACTED**





WR GRACE PIQ 57764-0028

### Stephen L. Newman, M.D., M.B.A. F.A.C.P., F.C.C.P. FASDA

American Board Certified in
Internal, Pulmonary, Critical Care
And
Sleep Disorders Medicine

35 Beaverson Blvd. 7C
Brick, New Jersey 08723

Telephone  (732) 920-8022
Fax          (732) 920-8066

Philip A. Pahigian, Esq.
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
Box 10  Suite 900
Woodbridge, New Jersey   07095

RE:              **REDACTED**

Dear Mr. Pahigian,                          January  14, 2000

I have read the chest x-ray taken on December 18, 1999 at Franklin Square, NY and have enclosed my ILO grade B reader report.  There is evidence of asbestos related parenchymal and pleural disease.

A follow-up examination, scheduled by your office, to determine the severity of the asbestos related disease is recommended.

Sincerely,

Stephen L. Newman, M.D., F.A.C.P., F.C.C.P.

**REDACTED**

TYPE OF READING

A | P

WR GRACE PIQ 57784-0029

| 1A. DATE OF X-RAY | 1B. FILM QUALITY | If Not Grade 1 Give Reason: | 1C. IS FILM COMPLETELY NEGATIVE? |
|---|---|---|---|
| MONTH DAY YR | 1 2 3 U/R | | YES — Proceed to Section 5    NO — Proceed to Section 2 |

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**   YES — COMPLETE 2B and 2C    NO — PROCEED TO SECTION 1

**2B. SMALL OPACITIES**

a. SHAPE/SIZE
PRIMARY: p q r s t u   SECONDARY: p q r s t u

b. ZONES   R L

c. PROFUSION
0/- 0/0 0/1
1/0 1/1 1/2
2/1 2/2 2/3
3/2 3/3 3/4

**2C. LARGE OPACITIES**
SIZE  0 A B C   PROCEED TO SECTION 3

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**   YES — COMPLETE 3B, 3C and 3D    NO — PROCEED TO SECTION 4

**3B. PLEURAL THICKENING**
a. DIAPHRAGM (plaque) SITE R L
b. COSTOPHRENIC ANGLE SITE R L

**3C. PLEURAL THICKENING . . . Chest Wall**
a. CIRCUMSCRIBED (plaque)
SITE 0 R / 0 L
IN PROFILE WIDTH 0 A B C / 0 A B C
ii EXTENT 0 1 2 3 / 0 1 2 3
FACE ON iii EXTENT 0 1 2 3 / 0 1 2 3

b. DIFFUSE
SITE 0 R / 0 L
IN PROFILE i WIDTH 0 A B C / 0 A B C
ii EXTENT 0 1 2 3 / 0 1 2 3
FACE ON iii EXTENT 0 1 2 3 / 0 1 2 3

**3D. PLEURAL CALCIFICATION**
SITE R EXTENT
a. DIAPHRAGM 0 1 2 3
b. WALL 0 1 2 3
c. OTHER SITES 0 1 2 3

SITE L EXTENT
a. DIAPHRAGM 0 1 2 3
b. WALL 0 1 2 3
c. OTHER SITES 0 1 2 3
PROCEED TO SECTION 4

**4A. ANY OTHER ABNORMALITIES?**   YES — COMPLETE 4B and 4C    NO — PROCEED TO SECTION 5

**4B. OTHER SYMBOLS (OBLIGATORY)**
0, ax bu ca cn co cp cv di ef em es fr hi ho id kl pi px rp tb

Report items which may be of present clinical significance in this section.   (SPECIFY od.) STERNAL WIRES   Date Personal Physician notified? MONTH DAY YR

**4C. OTHER COMMENTS**

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C?  YES NO   PROCEED TO SECTION 5

**5. FILM READER'S INITIALS**
SLN

PHYSICIAN'S SOCIAL SECURITY NUMBER
052 40 7722

DATE OF READING
MONTH DAY YR
01 02 05

**Newman Stephen Lawrence**
35 Beaverson Blvd Suite 7C Brick, NJ 08723

Complete if social security number is not furnished

*Furnishing your social security number is voluntary.*

# WILENTZ
# GOLDMAN
# &SPITZER P.A.

ATTORNEYS AT LAW

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
(732) 636-8000
Fax (732) 855-6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
(732) 542-4500
Fax (732) 493-8387

Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 267-3091
Fax (212) 267-3828

http://www.wilentz.com

Please reply to:
Woodbridge
Direct Dial: (732) 855-6082
Direct Fax: (732) 726-6612



July 11, 2006

**VIA UPS OVERNIGHT DELIVERY**
Rust Consulting, Inc.
Claims Processing Agent
Re: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Avenue
Faribault, MN  55021

Re:  **W.R. Grace Asbestos Personal Injury Questionnaires**

Dear Claims Agent:

We represent various holders of pre-petition personal injury claims.  With regard to the debtors Discovery Questionnaire to claimants, due July 12, 2006, we advise as follows:

a.  Annexed at Exhibit A is a spreadsheet listing 406 claimants represented by our firm for whom we are enclosing completed and signed Questionnaires.

b.  Annexed at Exhibit B is a spreadsheet listing 119 claimants represented by our firm for whom we are enclosing unsigned copies of Questionnaires.  Originals were forwarded to our clients and they have not as yet been returned to us signed.  When we do receive the signed originals, we will forward them under separate cover unless we are advised by you to the contrary.

#3789380#3789380

# WILENTZ
# GOLDMAN
# &SPITZER P.A.
### ATTORNEYS AT LAW



July

Page 2

  c. Annexed at Exhibit C are three spreadsheets listing a
total of 364 of our clients for whom no Questionnaire
is being answered.  According to our records, the pre-
petition claims of these clients had been fully
disposed of prior to the filing date of the petition,
either by settlement, dismissal, summary judgment,
etc.

  If you have any questions, please contact me or my Bankruptcy
Coordinator, Donna Briganti at (732) 855-6082.

           Sincerely,

           LYNNE M. KIZIS

LMK/db/hd
cc: Kevin M. Berry, Esq.
   Wilentz, Goldman & Spitzer, New York



ERIC WESLEK
2122673091
WILENTZ GOLDMAN & SPITZER - N
88 PINE STREET, 9TH FLOOR
NEW YORK NY 10005

**29 LBS**          **1 OF 1**

SHIP TO:
CLAIMS PROCESSING AGENT
RUST CONSULTING, INC.
201 LYNDALE AVE S
**FARIBAULT  MN 55021-5799**

## MN 550 2-01

**UPS NEXT DAY AIR**          **1**
TRACKING #: 1Z 66W 833 01 9301 1316

BILLING: P/P

Client / Matter #: 145851.002

CS 8.5.19.0    W00IE60 54.0A 04/2005    ✳TM