## C. RELATED PARTY MEDICAL MONITORING CLAIM

*If you claim exposure to asbestos brought into your household by a family member who* WR GRACE-PIQ 002326-035 *uch Grace employee in your household and describe the time period of each such exposure, their job(s) and employment location(s).*

**Grace Employee Name:**

First Name            Middle Name            Last Name

1. **Asbestos Exposure dates:**

   From          To

   Month   Year      Month   Year

2. **Grace Employee Occupation:**

   description

3. **Employment Location:**

**Grace Employee Name:**

First Name            Middle Name            Last Name

1. **Asbestos Exposure dates:**

   From          To

   Month   Year      Month   Year

2. **Grace Employee Occupation:**

   description

3. **Employment Location:**

## D. ZONOLITE ATTIC INSULATION EXPOSURE (LINCOLN COUNTY, MT)

Do you or did you have Zonolite Attic Insulation in your home during any period of [ ] in Lincoln County?

WR GRACE-PIQ 002326-036

☐ Yes   ☒ No

Where was/is it located in your home?   ☐ Attic   ☐ Other (specify) _____

Did you personally install that insulation?   ☐ Yes   ☐ No

Has the Zonolite Attic Insulation ever been moved and/or disturbed by you?

☐ Yes   ☐ No

If yes, specify when and in what manner the Zonolite Attic Insulation was moved and/or disturbed.

Date

| Month | Year |  | Description |

For incidents in which the Zonolite Attic Insulation was moved and/or disturbed, how long did you stay in close proximity to the insulation after you disturbed it?

☐ Less than 1 hour   ☐ 5-8 hours
☐ 1-4 hours   ☐ Other (please specify) _____

## E. ASBESTOS TESTING

Has there ever been any testing or sampling for the presence of asbestos on the property at which you reside or resided in Lincoln County?

☐ Yes   ☒ No

If yes, provide when, by whom, the type of testing or sampling, and the results (e.g. air, bulk and dust sampling).

If Yes, when?

Date:

| Month | - | Day | - | Year |

Sample Location:

Who took the sample:

Sample results:

Continue on next page > > >

3847108

2007276

**E.   continued...**

Date:

Month    Day    Year

WR GRACE-PIQ 002326-037

Sample Location:

Who took the sample:

Sample results:

> If Yes, Attach To This Form All
> Documents Related To Any Testing
> Of The Property.

## PART IV: QUESTIONS APPLICABLE TO FORMER WORKERS AT W.R. GRACE EXPANSION PLANTS (OTHER THAN IN LIBBY, MONTANA)

**Have you ever worked at a W.R. Grace vermiculite expansion plant other than in Libby, Montana? If yes, answer the questions in this Part.**

Name of Plant:

Plant Address:

Street Address

City                                                              State          Zip Code
                                                                  /Province      /Postal Code

Employment Dates at this Plant:

From                        To

Month    Year              Month    Year

Occupation at this Plant:

Continue on next page > > >

IV. continued...

Name of Plant:

Plant Address:

Street Address

City                                                                                    State          Zip Code
                                                                                        /Province      /Postal Code

Employment Dates at this Plant:

From                        To

Month    Year          Month  -  Year

Occupation at this Plant:

Have you ever brought or filed any worker's compensation claims against Grace?

☐ Yes        ☐ No

If yes, answer this section.

1.  Describe the injury for which you sought compensation.

2.  When was the claim filed?   Date

Month  -  Year

3.  What was the result of the claim?   ☐ Claim Paid   ☐ Claim Denied   ☐ Pending   ☐ Other (please describe)

WR GRACE-PIQ 002326-038

# PART V: Questions Applicable To Persons Who Were Employed As Commercial Installers or Removers of Zonolite Attic I

*This section should be completed by claimants who allege significant exposure to Zonolite A... t of installing or removing that product in residences while employed by insulation contractors ... es.*

**Have you ever personally installed or removed Zonolite Attic Insulation as an employee of a commercial insulation business or other construction business?**

☐ Yes    ☒ No

*If yes, answer the questions in this Part:*

| During what time period(s) did you install or remove Zonolite Attic Insulation? | From [ ][ ] - [ ][ ][ ][ ] Month    Year | To [ ][ ] - [ ][ ][ ][ ] Month    Year |
|---|---|---|
| | From [ ][ ] - [ ][ ][ ][ ] Month    Year | To [ ][ ] - [ ][ ][ ][ ] Month    Year |
| | From [ ][ ] - [ ][ ][ ][ ] Month    Year | To [ ][ ] - [ ][ ][ ][ ] Month    Year |

**List your employer(s) and job(s) and employment location(s) during each time period in which you installed or removed Zonolite Attic Insulation.**

1. **Employment dates:**

   From [ ][ ] - [ ][ ][ ][ ]    To [ ][ ] - [ ][ ][ ][ ]
   Month    Year         Month    Year

2. **Occupation:**

   description

3. **Employer's Name:**

4. **Employer's Address:**

   Street Address

   City    State/Province    Zip Code/Postal Code

   Country (if not U.S.)

**List the percentage of time during that period that you personally installed or removed Zonolite Attic Insulation.**

**For each employer for whom you installed or removed Zonolite Attic Insulation, describe the protective equipment you used while working in proximity to the Zonolite Attic Insulation.**

**Percentage of time:**    **Protective equipment used:**

[ ][ ][ ] %    ☐ respirator    ☐ face mask    ☐ special clothing    ☐ other protective equipment    ☐ none

*Continue on next page >>>*

3847111

2007276

V. continued...

1. **Employment dates:**
   From
   [ ][ ] - [ ][ ][ ][ ]
   Month    Year

   To
   [ ][ ] - [ ][ ][ ][ ]
   Month    Year

WR GRACE-PIQ 002326-040

2. **Occupation:**
   [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
   *description*
   [                                                                    ]

3. **Employer's Name:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

4. **Employer's Address:**
   [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
   *Street Address*
   [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]    State    Zip Code
   *City*                                                           /Province  /Postal Code
   [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]  [ ][ ]  [ ][ ][ ][ ][ ]
   *Country (if not U.S.)*

List the percentage of time during that period that you personally installed or removed Zonolite Attic Insulation.

For each employer for whom you installed or removed Zonolite Attic Insulation, describe the protective equipment you used while working in proximity to the Zonolite Attic Insulation.

**Percentage of time:** [ ][ ][ ] %   **Protective equipment used:** ☐ respirator  ☐ face mask  ☑ special clothing  ☐ other protective equipment  ☐ none

---

1. **Employment dates:**
   From
   [ ][ ] - [ ][ ][ ][ ]
   Month    Year

   To
   [ ][ ] - [ ][ ][ ][ ]
   Month    Year

2. **Occupation:**
   [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
   *description*
   [                                                                    ]

3. **Employer's Name:** [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

4. **Employer's Address:**
   [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
   *Street Address*
   [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]    State    Zip Code
   *City*                                                           /Province  /Postal Code
   [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]  [ ][ ]  [ ][ ][ ][ ][ ]
   *Country (if not U.S.)*

List the percentage of time during that period that you personally installed or removed Zonolite Attic Insulation.

For each employer for whom you installed or removed Zonolite Attic Insulation, describe the protective equipment you used while working in proximity to the Zonolite Attic Insulation.

**Percentage of time:** [ ][ ][ ] %   **Protective equipment used:** ☐ respirator  ☐ face mask  ☐ special clothing  ☐ other protective equipment  ☐ none

## PART VI: Other Exposures To Asbestos Materials

MR GRACE-PIQ 002326-041

*This section should be completed by all claimants. It asks for information about any additional asbestos or asbestos-containing products you have had in your lifetime. DO NOT repeat any of the information requested in the previous sections of this form.*

List all of the asbestos product(s) or material(s) you have been exposed to, describe how you were exposed to that product or material, and identify the time period of each exposure. A supplemental form is provided if you have been exposed to more than one additional asbestos product or material:

**Asbestos product or material:**
SPRAY-APPLIED CEILING TEXTURES & FIREPROOFING

**Manufacturer or Source of the product or material:**
UNKNOWN AT THIS TIME

**Describe how exposure occurred:**
Installed + removed aesbestos-containing products

If the exposure occurred while you were working, list your occupation, employer, and job location:

**Occupation** FIREMAN STEAMFITTER & CHIEF ENGINEER

**Employer** CAMARILLO STATE HOSPITAL

**Job location** CAMARILLO CA

If exposure occurred from work-related application of asbestos products, how close were you to the application or removal of the product? Personally removed + installed asbestos-containing products, + worked closely with others doing same

**Time period(s) of the exposure:**

From [  ] - 1948 Month Year    To [  ] - 1957 Month Year    From [  ] - [  ] Month Year    To [  ] - [  ] Month Year

**Have you ever made a claim relating to this exposure?**
☒ Yes    ☐ No

If yes, answer this section:

a. Please describe the claim or lawsuit.

**REDACTED**

b. When was the claim or lawsuit filed? Date 05 - 2000 Month Year

c. Where was the claim or lawsuit filed (court or other claims authority)?
**Court or Claims Authority:**
Name: ALAMEDA COUNTY CA
City: SUPERIOR COURT    State/Province: CA

d. What was the result of the lawsuit or claim?
☐ Judgement or Verdict Entered    ☐ Settled Not Paid    ☐ Other (please describe)
☐ Settled and Paid    ☒ Pending

*Continue on next page > > >*

3847113

2007276

Did your additional exposure occur because you shared a household with an occu[...]on (such as a spouse or a parent who worked in proximity to asbestos)?

▼ ☐ Yes    ☐ No

WR GRACE-PIQ 002326-042

If yes, list the time period of that household exposure:

From [ ][ ]-[ ][ ][ ][ ]    To [ ][ ]-[ ][ ][ ][ ]
     Month   Year                Month    Year

List the name of the occupationally exposed household member:

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]  [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]  [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
First Name                                Middle Name                          Last Name

List his or her occupation, employer and employment location, and describe how that person brought asbestos from the workplace into your household:

Occupation  [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Employer  [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Employment location  [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

How it was brought home

[                                                                              ]

## PART VII: SIGNATURE

**All claims must be signed by the claimant or the person filing on his/her behalf (such as the personal representative or attorney).**

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. To the best of my knowledge, the information is accurate and complete.

_Ronald J Sa_ (signature)

SIGNATURE OF CLAIMANT,
REPRESENTATIVE, OR ATTORNEY

[0][1]-[1][2]-[2][0][0][6]
Month   Day   Year

Name of Signatory, if not the claimant

[R][O][N][A][L][D][ ][J][ ][S][A][W][N][G][L][E][R][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Relationship of Signatory to Claimant

[A][T][T][O][R][N][E][Y][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

IF THE SIGNATURE IS NOT THAT OF THE CLAIMANT,
PLEASE PRINT THE NAME OF THE SIGNATORY ABOVE AND INDICATE THE
RELATIONSHIP TO THE CLAIMANT

## THE PENALTY FOR SUBMITTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO 5 YEARS, OR BOTH. 18 U.S.C. §§ 152, 3571

3847114

2007276

REDACTED              Exhibit A

Part VII: Litigation and Claims Regarding Asbestos and/or Silica

a. Litigation

4.

| | |
|---|---|
| American Standard | DWOP |
| Aqua Chem, Inc. | DWOP |
| Hopeman Bros. | DWOP |
| John Crane, Inc. | DWOP |
| Metalclad | DWOP |
| Soco Lynch | DWOP |
| Todd Shipyards Corp. | DWP |

WR GRACE-PIQ 002326-043



WR GRACE-PIQ 002326-044

# WORK

# HISTORY

Work History

WR GRACE-PIQ 002326-045

## REDACTED

Decedent                            was exposed to asbestos in the manner and during
the time periods set forth below:

### A. United States Navy (1937 - 1941)

Decedent served as a seaman in the United States Navy from 1937 through 1941. He
went through boot camp at the United States Naval Training Center in Great Lakes, Illinois, and
served in Sitka, Alaska for 18 months where he performed work as a fireman in the boiler room
facilities of the Sitka Naval Air Station. He was present when others, including outside
contractors, installed and removed insulation products in these boiler room facilities and other
locations at the base. Decedent also served as a boiler room fireman aboard the *U.S.S. Langley,
U.S.S. Memphis, U.S.S. Mead Destroyer, U.S.S. Wyoming,* and the *U.S.S. Texas.* While serving
aboard these vessels, decedent routinely applied and removed asbestos containing products
including, but not limited to pipe covering, block and cement, and decedent was present when
others performed these tasks. Decedent was also present when other workers installed and
removed a wide variety of asbestos containing products, including but not limited to pipe
covering, block, cement, gaskets, packing, cloth and refractory products. Decedent was assigned
to the engine and boiler room compartments of these vessels and was exposed to asbestos which
was on and contained within the boilers and other equipment associated with these
compartments. Decedent assisted in and was present during both minor repairs and major
overhauls of these vessels. Decedent sustained both a direct and bystander exposure to asbestos.

### B. San Diego Marine Construction Company (1942 - 1943)

Decedent worked as a pipe fitter for the San Diego Marine Construction Company, a
shipyard in San Diego, California for a period of two years from 1942 through 1943. He worked
aboard ships that were being constructed and repaired as part of the United States war effort
during World War II. His duties required him to install and remove asbestos containing gaskets
and packing, and also required him to install and remove asbestos containing insulation
including, but limited to pipe covering, block, and cement. Decedent regularly and routinely
worked in the same compartment as other workers who installed and removed asbestos
containing insulation, packing, gaskets, cloth and refractory products. Decedent was also present
when other workers performed refractory work on the boilers of these vessels, and was present
when workers constructed the interior walls and compartments of these ships. Decedent
sustained both a direct and bystander exposure to asbestos.

### C. United States Merchant Marines (1943 - 1945)

Decedent served as a wiper, fireman and engineer in the United States Merchant Marine
from 1943 through 1945. He sailed aboard oil tankers in both the Atlantic and Pacific oceans
during World War II. He served as a wiper, fireman and engineer in the boiler and engine rooms
of the *S.S. Broad River, S.S Fort Donelson,* and the *S.S. Mission Santa Clara.* While serving in
the boiler and engine rooms of these vessels, decedent routinely applied and removed asbestos
containing insulation including, but not limited to pipe covering, block and cement, and decedent

WR GRACE-PIQ 002326-046

was present when others performed these tasks. Decedent was also present when other workers installed and removed a wide variety of asbestos containing products, including but not limited to pipe covering, block, cement, gaskets, packing, cloth and refractory products. Decedent was assigned to the engine and boiler room compartments of these vessels and was exposed to asbestos was on and contained within the boilers and other equipment associated therewith. Decedent assisted in and was present during both minor repairs and major overhauls of these vessels. Decedent sustained both a direct and bystander exposure to asbestos.

### D. Camarillo State Hospital (1948 - 1959)

Decedent worked as fireman, steam fitter, and chief engineer at the Camarillo State Hospital in Camarillo, California from 1948 through 1959. Decedent was responsible for the overall maintenance of the facility, including the maintenance and operation of the boilers. His duties required him to perform, and required him to work in close proximity to others who performed, a variety of tasks including but not limited to the installation and removal of asbestos containing products. The list of asbestos containing products to which decedent was exposed includes, but is not limited to, gaskets, packing, pipe covering, block, cement, drywall, wall board, joint compound, spray applied ceiling textures, wall textures, spray applied fireproofing, and refractory products. Decedent sustained both a direct and bystander exposure to asbestos.

### E. Paso Robles School for Boys (1959 - 1964)

Decedent worked as fireman, steam fitter, and chief engineer at the Paso Robles School for Boys in Paso Robles, California from 1959 through 1964. Decedent was responsible for the overall maintenance of the facility, including the maintenance and operation of the boilers. His duties required him to perform, and required him to work in close proximity to others who performed, a variety of tasks including but not limited to the installation and removal of asbestos containing products. The list of asbestos containing products to which decedent was exposed includes, but is not limited to, gaskets, packing, pipe covering, block, cement, drywall, wall board, joint compound, spray applied ceiling textures, wall textures, spray applied fireproofing, and refractory products. Decedent sustained both a direct and bystander exposure to asbestos.

### F. California Institute for Women (1964 - 1969)

Decedent worked as fireman, steam fitter, and chief engineer at the California Institute for Women in Ontario, California from 1964 through 1969. Decedent was responsible for the overall maintenance of the facility, including the maintenance and operation of the boilers. His duties required him to perform, and required him to work in close proximity to others who performed, a variety of tasks including but not limited to the installation and removal of asbestos containing products. The list of asbestos containing products to which decedent was exposed includes, but is not limited to, gaskets, packing, pipe covering, block, cement, drywall, wall board, joint compound, spray applied ceiling textures, wall textures, spray applied fireproofing, and refractory products. Decedent sustained both a direct and bystander exposure to asbestos.

### G. California State University, Hayward (1969 - 1975)

Decedent worked as fireman, steam fitter, and chief engineer at the California State University campus in Hayward, California from 1969 through 1975. Decedent was responsible for the overall maintenance of the facility, including the maintenance and operation of the

WR GRACE-PIQ 002326-047

boilers. His duties required him to perform, and required him to work in close proximity to others who performed, a variety of tasks including but not limited to the installation and removal of asbestos containing products. The list of asbestos containing products to which decedent was exposed includes, but is not limited to, gaskets, packing, pipe covering, block, cement, drywall, wall board, joint compound, spray applied ceiling textures, wall textures, spray applied fireproofing, and refractory products. Decedent sustained both a direct and bystander exposure to asbestos.



WR GRACE-PIQ 002326-048

# DEATH CERTIFICATE

CERTIFICATION OF VITAL RECORD

# COUNTY of CONTRA COSTA
## MARTINEZ, CALIFORNIA

WR GRACE-PIQ 002326-049

### CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY—NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV. 1103)

| STATE FILE NUMBER | | | LOCAL REGISTRATION NUMBER |
|---|---|---|---|

**DECEDENT PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|

| | | | 6. SEX | 7. DATE OF DEATH M/D/D/CC/YY | 8. HOUR |
|---|---|---|---|---|---|
| | | | M | 08/06/2000 | 0930 |

| 10. SOCIAL SECURITY NO. | 11. MILITARY SERVICE | 12. MARITAL STATUS | 13. EDUCATION—YEARS COMPLETED |
|---|---|---|---|
| NB | [X] Yes [ ] No Unk | MARRIED | 16 |

| 14. RACE | 15. HISPANIC—SPECIFY | | 16. USUAL EMPLOYER |
|---|---|---|---|
| WHITE | [ ] Yes [X] No | | CAL STATE UNIVERSITY OF HAYWARD |

| 17. OCCUPATION | 18. KIND OF BUSINESS | 19. YEARS IN OCCUPATION |
|---|---|---|
| CHIEF OF PLANT OPERATIONS | UNIVERSITY | 27 |

| 20. RESIDENCE—(STREET AND NUMBER OR LOCATION) | | | | | |
|---|---|---|---|---|---|

**USUAL RESIDENCE**

| 21. CITY | | 22. ZIP CODE | 24. YRS IN COUNTY | 25. STATE OR FOREIGN COUNTRY |
|---|---|---|---|---|

**INFORMANT**

| | 30. LAST (MAIDEN NAME) |
|---|---|

**SPOUSE AND PARENT INFORMATION**

| 35. NAME OF MOTHER—FIRST | 36. MIDDLE | 37. LAST (MAIDEN) | 38. BIRTH STATE |
|---|---|---|---|

**DISPOSITION(S)**

| 40. | 08/10/2000 | MEMORY GARDENS CEMETERY 2011 ARNOLD WAY, CONCORD, CA |
|---|---|---|

**FUNERAL DIRECTOR AND LOCAL REGISTRAR**

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NO. |
|---|---|---|
| BURIAL | Mark L Cappuccio | 7555 |

| 44. LICENSE NO. OF FUNERAL DIRECTOR | 45. SIGNATURE OF LOCAL REGISTRAR | 46. DATE M/D/D/CC/YY |
|---|---|---|
| PITTSBURG FUNERAL CHAPEL, INC. | FD-510 | 08/09/2000 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. FACILITY (OTHER THAN HOSPITAL) | 104. COUNTY |
|---|---|---|---|
| USUAL RESIDENCE | [ ] IP [ ] ER/OP [ ] DOA | | CONTRA COSTA |

| 105. STREET ADDRESS—(STREET AND NUMBER OR LOCATION) | 106. CITY |
|---|---|
| 176 MAUREEN CIRCLE | PITTSBURG |

**CAUSE OF DEATH**

| 107. DEATH WAS CAUSED BY (ENTER ONLY ONE CAUSE PER LINE FOR A, B, C, AND D) | | TIME INTERVAL BETWEEN ONSET AND DEATH | 108. DEATH REPORTED TO CORONER |
|---|---|---|---|
| IMMEDIATE CAUSE (A) | CARCINOMA OF THE RIGHT LUNG | 3 MONS | [X] Yes [ ] No |
| DUE TO (B) | | | 109. BIOPSY PERFORMED |
| | | | [ ] Yes [ ] No |
| DUE TO (C) | | | 110. AUTOPSY PERFORMED |
| | | | [X] Yes [ ] No |
| DUE TO (D) | | | 111. USED IN DETERMINING CAUSE |
| | | | [ ] Yes [X] No |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN 107 |
|---|

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? IF YES, LIST TYPE OF OPERATION AND DATE |
|---|
| RIGHT LUNG BIOPSY, 04/25/2000 |

**PHYSICIAN'S CERTIFICATION**

| 114. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE M/D/D/CC/YY |
|---|---|---|---|
| 05/10/2000 | | G12883 | 08/08/2000 |

| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP |
|---|
| DAN BEN-ZEEV M.D. 120 LA CASA VIA, WALNUT CREEK, CA 94598 |

**CORONER'S USE ONLY**

| 119. | 120. INJURY AT WORK | 121. INJURY DATE M/D/D/CC/YY | 122. HOUR | 123. PLACE OF INJURY |
|---|---|---|---|---|
| | [ ] Yes [ ] No | | | |

| 124. DESCRIBE HOW INJURY OCCURRED (EVENTS WHICH RESULTED IN INJURY) |
|---|

| 119. MANNER OF DEATH |
|---|
| [ ] NATURAL [ ] SUICIDE [ ] HOMICIDE [ ] ACCIDENT [ ] PENDING INVESTIGATION [ ] COULD NOT BE DETERMINED |

| 125. LOCATION (STREET AND NUMBER OR LOCATION AND CITY, ZIP) |
|---|

| 126. SIGNATURE OF CORONER OR DEPUTY CORONER | 127. DATE M/D/D/CC/YY | 128. TYPED NAME, TITLE OF CORONER OR DEPUTY CORONER |
|---|---|---|

**STATE REGISTRAR**

| A | B | C | D | E | F | G | H | FAX AUTH. NO. 0694--E.C. | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|---|

257882

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } SS
COUNTY OF CONTRA COSTA

DATE ISSUED  AUG 1 0 2000

This is a true and exact reproduction of the document officially registered and placed on file in the office of the CONTRA COSTA COUNTY DEPARTMENT OF HEALTH SERVICES.

CONTRA COSTA COUNTY HEALTH OFFICER

This copy not valid unless prepared on engraved border displaying seal and signature of Contra Costa County Health Officer.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

REDACTED



WR GRACE-PIQ 002326-050

# COMPLAINT



WR GRACE-PIQ 002326-051

ENDORSED
FILED
ALAMEDA COUNTY

MAY 0 5 2000

CLERK OF THE SUPERIOR COURT
By Yolanda Smith, Deputy

1   Ronald J. Shingler, Esq. (C.S.B. #142089)
    Richard Hobin, Esq. (C.S.B. #76791)
2   HOBIN & SHINGLER, LLP
    1011 "A" Street
3   Antioch, California 94509
    (925) 757-7020
4
    Attorneys for Plaintiff
5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF ALAMEDA

i       REDACTED          and         )   CASE NO. 826152-8
                                      )
12                 Plaintiffs,         )   COMPLAINT FOR PERSONAL
                                      )   INJURIES; NEGLIGENCE; STRICT
13      vs.                            )   LIABILITY; FAILURE TO WARN;
                                      )   BREACH OF WARRANTIES; FRAUD;
14      OWENS CORNING, individually and as )   CONSPIRACY; ENTERPRISE
        successor in interest to MARINE )   LIABILITY; LOSS OF CONSORTIUM
15      ENGINEERING AND SUPPLY COMPANY )
        INC.; ACANDS, INC.; ALTA BUILDING )
16      MATERIALS CO.; A.P. GREEN INDUSTRIES )
        INC. ; A.P. GREEN SERVICES, INC., fka )
17      BIGELOW-LIPTAK CORPORATION; )
        AMERICAN STANDARD, individually and as )
18      successor in interest in U.S. RADIATOR and )
        KEWANNE BOILERS; ARMSTRONG )
19      WORLD INDUSTRIES, INC., individually and )
        as successor in interest to ASBESTOS SUPPLY )
20      COMPANY; AQUA-CHEM, INC., individually )
        and as successor in interest to CLEAVER )
21      BROOKS; COMBUSTION ENGINEERING, )
        INC., individually and as successor in interest to )
22      M.H. DETRICK, WALSH REFRACTORIES, )
        and REFRACTORY AND INSULATION, )
23      INC.; CROWN CORK & SEAL COMPANY, )
        INC., individually and as successor in interest to )
24      MUNDET CORK CORP.; E.J. BARTELS; )
        FIBREBOARD CORPORATION, individually )
25      and as successor in interest to PLANT RUBBER )
        AND ASBESTOS WORKS; FOSTER )
26      WHEELER CORPORATION; FOSTER )
        WHEELER ENERGY CORPORATION, )
27      individually and as successor in interest to )
        FOSTER WHEELER CORPORATION; GAF )
28      CORPORATION; GARLOCK, INC.; GASKET )

                                1

WR GRACE-PIQ 002326-052

1  HOLDINGS, INC., fka FLEXITALLIC, INC.;   )
   HOPEMAN BROTHERS, INC.; J.T.  THORPE   )
2  AND SON, INC.; J.T. THORPE, INC.; JOHN   )
   CRANE, INC.;  MACARTHUR COMPANY,   )
3  individually, and as parent, alter ego and   )
   successor in interest to WESTERN ASBESTOS   )
4  CO., BAY CITIES ASBESTOS CO. and   )
   WESTERN MACARTHUR COMPANY;   )
5  METALCLAD INSULATION   )
   CORPORATION; OWENS-ILLINOIS, INC.;   )
6  PLANT INSULATION COMPANY,   )
   individually and as successor in interest to   )
7  PLANT ASBESTOS COMPANY; RAPID   )
   AMERICAN CORPORATION, individually   )
8  and as successor in interest to PANACON   )
   CORP., PHILIP CAREY MANUFACTURING   )
9  CORP., CAREY CANADA, INC., and PHILIP   )
   CORP.;  RAYMOND INTERIOR SYSTEMS -   )
10 NORTH, fka JAMES L. WHITTAKER, INC.;   )
   RILEY STOKER CORPORATION; SOCO-   )
11 LYNCH CORPORATION, individually and as   )
   successor in interest to WESTERN CHEMICAL   )
12 AND MANUFACTURING; SYD   )
   CARPENTER, MARINE CONTRACTOR,   )
13 INC.; T&N, LTD., fka T&N PLC, as successor   )
   in interest to TURNER & NEWALL PLC and   )
14 TURNER & NEWALL, LTD.; THOMAS DEE   )
   ENGINEERING COMPANY; THORPE   )
15 INSULATION COMPANY, individually and as   )
   successor in interest to ASBESTOS PRODUCTS   )
16 OF SAN DIEGO; UNITED STATES MINERAL   )
   PRODUCTS COMPANY; W.R. GRACE &   )
17 CO. - CONN; WESTERN MACARTHUR   )
   COMPANY, individually and as successor in   )
18 interest to WESTERN ASBESTOS CO. and   )
   BAY CITIES ASBESTOS CO. and FIRST   )
19 DOE through TWO HUNDREDTH DOE,   )
   inclusive,   )
20                                                        )
            Defendants.                    )
21  _____   )

REDACTED

22        Plaintiff                              complains of defendants, and each of them, and
   alleges:
23

24                          FIRST CAUSE OF ACTION
                                    (Negligence)
25

26        1.      Plaintiff                          brings this action on his own behalf and

27  hereinafter is referred to as "plaintiff."  Plaintiff knows of no other parties who should be named

28  as a plaintiff herein.

                                            2

Moore Complaint

1    Ronald J. Shingler, Esq. (C.S.B. #142089)
     Richard Hobin, Esq. (C.S.B. #76791)
2    HOBIN & SHINGLER, LLP
     1011 "A" Street
3    Antioch, CA  94509
     (925)  757-7020
4
     Attorneys for Plaintiffs
5

6

7

8                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF ALAMEDA

10   **REDACTED**        and

11                                          )    CASE NO. 835568-9
                                            )
12              Plaintiffs,                  )    **FIRST AMENDED COMPLAINT FOR
                                            )    WRONGFUL DEATH; NEGLIGENCE;
13   vs.                                     )    STRICT LIABILITY; FAILURE TO
                                            )    WARN; BREACH OF WARRANTIES;
14   GARLOCK, INC.; ACANDS, INC.;            )    FRAUD; CONSPIRACY; AND
     ALTA BUILDING MATERIALS CO.;            )    ENTERPRISE LIABILITY**
15   AMERICAN STANDARD, INC.                 )
     individually and as successor in interest to )
16   U.S. RADIATOR and KEWANNE               )
     BOILERS; AQUA-CHEM, INC.,               )
17   individually and as successor in interest to )
     CLEAVER BROOKS; COMBUSTION              )
18   ENGINEERING, INC., individually and as )
     successor in interest to M.H. DETRICK,  )
19   WALSH REFRACTORIES, and                 )
     REFRACTORY AND INSULATION,              )
20   INC.;  FOSTER WHEELER                    )
     CORPORATION; FOSTER WHEELER             )
21   ENERGY CORPORATION, individually        )
     and as successor in interest to FOSTER  )
22   WHEELER CORPORATION; GASKET             )
     HOLDINGS, INC., fka FLEXITALLIC,        )
23   INC.; HARBISON WALKER                    )
     REFRACTORIES CO., formerly a division   )
24   of DRESSER INDUSTRIES, INC.;            )
     MACARTHUR COMPANY, individually,        )
25   and as parent, alter ego and successor in )
     interest to WESTERN ASBESTOS CO.,       )
26   BAY CITIES ASBESTOS CO. and              )
     WESTERN MACARTHUR COMPANY;              )
27   METALCLAD INSULATION                    )
     CORPORATION; OWENS-ILLINOIS,            )
28   INC.; PLANT INSULATION COMPANY,         )
     individually and as successor in interest to )

                                  1

END
ALAMEDA COUNTY

FEB 0 9 2001

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

WR GRACE-PIQ 002326-053

PLANT ASBESTOS COMPANY; )
RAYMOND INTERIOR SYSTEMS - )
NORTH, fka JAMES L. WHITTAKER, )
INC.; RILEY STOKER CORPORATION; )
SOCO-LYNCH CORPORATION, )
individually and as successor in interest to )
WESTERN CHEMICAL AND )
MANUFACTURING; MARINE )
CONTRACTOR, INC.; T&N, LTD., fka )
T&N PLC, as successor in interest to )
TURNER & NEWALL PLC and TURNER )
& NEWALL, LTD.; THOMAS DEE )
ENGINEERING COMPANY; THORPE )
INSULATION COMPANY, individually )
and as successor in interest to ASBESTOS )
PRODUCTS OF SAN DIEGO; TODD )
SHIPYARDS CORPORATION; UNITED )
STATES MINERAL PRODUCTS )
COMPANY; W.R. GRACE & CO. - )
CONN; WESTERN MACARTHUR )
COMPANY, individually and as successor )
in interest to WESTERN ASBESTOS CO. )
and BAY CITIES ASBESTOS CO. and )
FIRST DOE through TWO HUNDREDTH )
DOE, inclusive, )
)
            Defendants. )
)

WR GRACE-PIQ  002326-054

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16      Plaintiffs                          ar                              complain of
17  defendants, and each of them, and allege:
18                          FIRST CAUSE OF ACTION
19                               (Negligence)
20      1.      Plaintiff                              is the surviving spouse of
       , deceased (hereinafter referred to as "decedent").                         is
22  the sole surviving child of decedent                         and
23           are collectively referred to hereinafter as "plaintiff."  Plaintiff knows of no other
24  parties who should be named as a plaintiff herein.
25      2.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as
26  DOES 1 through 200, inclusive, and therefore sues these defendants by such fictitious names.
27  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.
28  Plaintiff is informed and believes and thereon alleges that each of said fictitiously named

REDACTED

                                                    2

‖‖‖‖‖ WR GRACE-PIQ 002326-055

1  Ronald J. Shingler, Esq. (C.S.B. #142089)
   Aaron H. Simon, Esq. (C.S.B. #67552)
2  Richard Hobin, Esq. (C.S.B. #76791)
   HOBIN, SHINGLER & SIMON, LLP
3  1011 A Street
   Antioch, California 94509
4  (925) 757-7585

5  Attorneys for Plaintiffs

ALA              JUN 3 0 2003

CLERK OF THE SUPERIOR COURT
By Shanika Hatfield, Deputy

6

7

8                  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
                      IN AND FOR THE COUNTY OF ALAMEDA
9

10        _____, individually          )    Case No. 826152-8
          and as successor in interest to           )    (Lead Case)
11                                                   )
                                                     )
12                       Plaintiff,                  )
          vs.                                        )
13                                                   )
          OWENS-CORNING, et al.,                     )
14                                                   )
                         Defendants.                 )
15        _____          )

16                                and                     Case No. 835568-9

17        _____                AMENDMENT TO COMPLAINT
                                                     )
18                       Plaintiffs,                 )
          vs.                                        )
19                                                   )
          GARLOCK, INC., ET AL.                      )
20                                                   )
                         Defendants.                 )
21        _____          )

22            Plaintiffs hereby amend the complaint in this action by substituting the true name

23   "CONGOLEUM CORPORATION" in place of the fictitious name "DOE 4" everywhere the

24   fictitious name "DOE 4" appears or is referenced in the complaint.

25   DATED: June 27, 2003                   HOBIN, SHINGLER & SIMON, LLP

26

27

28                                          _____
                                            RONALD J. SHINGLER
                                            Attorneys for Plaintiffs

                                            1

Moore - Amendment to Complaint
Case No. 826152-8 (Lead Case) and 835568-9

REDACTED



WR GRACE-PIQ 002326-056

# MEDICALS

WR GRACE-PIQ 002326-057

1   Ronald J. Shingler (C.S.B #142089)
    Richard Hobin (C.S.B # 76791)
2   HOBIN & SHINGLER, LLP
    1011 "A" Street
3   Antioch, CA 94509
    (925) 757-7585
4
    Attorneys for Plaintiffs
5

6

7

8

9                   IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

                         IN AND FOR THE COUNTY OF ALAMEDA
10

11              and                    )   CASE NO.: 826152-8
                                       )
12        Plaintiffs,                  )   DECLARATION OF
                                       )   DAN BEN-ZEEV, M.D.
13   vs.                               )
                                       )
14   OWENS CORNING, et al.             )
                                       )
15        Defendants.                  )
                                       )
16                                     )

17        I, Dan Ben-Zeev, M.D., declare:

18        I am an oncologist licensed to practice medicine in the State of California.  My office is

19   located at 110 La Casa Via, Suite 210, Walnut Creek, California 94598.

20                            has been one of my patients since May 10, 2000.              was

21   diagnosed with carcinoma of the lung, with a possible differential diagnosis of mesothelioma, on

22   May 2, 2000.  (Attached hereto as Exhibit A is a true and correct copy of the Mayo Clinic

23   pathology report confirming the diagnosis in this case.)              last visit to my office was

24   on May 10, 2000.

25                    condition of carcinoma of the lung is terminal and there is substantial

26   medical doubt that he will survive more than six (6) months beyond the date of this declaration.

27   //

28   //

REDACTED

Faxed
5-22-00

WR GRACE-PIQ 002326-058

1  It is my understanding that                    deposition may be taken.  As

2  condition deteriorates his ability to give meaningful deposition testimony will likewise

3  deteriorate.  Therefore if his deposition is to be taken, it should be taken as soon as is reasonably

4  possible.

5      I declare under penalty of perjury of the laws of the State of California that the foregoing

6  is true and correct.

7      Executed this 22 day of May, 2000 in Walnut Creek, California.

8

9

10

11  DAN BEN-ZEEV, M.D.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REDACTED





Mayo Clinic Scottsdale
13400 East Shea Boulevard
Scottsdale, Arizona 85259
480-301-8000

May 2, 2000

Jeffrey L. Curtis, M.D.                     Re:
John Muir Medical Center                    Your No:    00-5244
Department of Pathology                     Our No:     OS00-1053
1601 Ygnacio Valley Road
Walnut Creek, CA  94598

**REDACTED**

Dear Jeff:

This will follow up my telephone call to your office regarding                    I agree with your
observations and differential diagnosis.  This 82-year-old man has chronic effusions, and biopsies of
lung and pleura have been performed.  These biopsies show malignant tumor infiltrating pleura and
lung.  The involvement of the pleura is somewhat patchy, which would be unusual for mesothelioma,
and the degree of lung involvement, including vascular infiltration, would also be unusual for
mesothelioma.  Cytologically I thought this looked more like carcinoma than mesothelioma, given the
degree of atypia that was present.  Immunohistochemically, this lesion gave the following reactions:
PSA negative, chromogranin negative, keratin positive, thyroid transcription factor negative, EMA
positive, CD31 negative, Calretinin negative, cytokeratin 5/6 negative, CD15 positive, MOC 31 positive,
CEA positive (both poly and monoclonal), and B72.3 positive.  On balance, the histology and
immunohistochemistry strongly favor carcinoma.

My diagnosis reads as follows: Biopsies of lung and pleura showing involvement by poorly
differentiated carcinoma.

Thank you for the opportunity to review this case.

Sincerely,

Thomas V. Colby, M.D.

TVC/alw

faxed to mCohen
5·9 at 10·40 A·m

JOHN MUIR MEDICAL CENTER
*John Muir/Mt. Diablo F⎯ ʾem*
1601 Ygnacio Valley Roa⎯ ⎯nut Creek, CA 94598-3194 (925) 947-5390

T. EDWIN POORE,
MEDICAL DIREC

PATH DEPT COPY

WR GRACE-PIQ 002326-060

Patient:
Unit #
Ordering Physician: DR. S. WOLFE
Copy(s) to:  *M. Cohen*

**REDACTED**

Case#00-5244
Age:  82    Sex:  M
Received:    4-25-00

D✓

## PATHOLOGY REPORT

CLINICAL SUMMARY:          RT. THORACOSCOPY & BX; DRAINAGE OF
                          PLEURAL FLUID

PRE-OP DIAGNOSIS:
POST-OP DIAGNOSIS:
SPECIMEN OF:              1.    RT. PLEURAL BIOPSY
                          2.    RT. LUNG BX
INTRAOP CONSULT:          FS (#2) NONSMALL CELL CA JEFFREY CURTIS, MD

---

GROSS DESCRIPTION 4-25:  The specimen is received in two parts.

Received in #1 labeled "right pleural biopsy" are multiple fragments of tan-pink
fibrous-appearing tissue ranging in size from 2 mm-1.4 cm, all embedded in #1.
Some of the fragments appear to have calcified.

Received in #2 labeled "right lung biopsy" are two reddish-brown tissue fragments
stapled along one edge. The fragments measure 2.0 cm x 1.2 cm x 1.0 cm and
3.2 cm x 2.4 cm x 0.8 cm. Both contain firm nodules, the largest 1.5 cm in
maximum dimension, consistent with neoplasm. Tissue selected for frozen section
and representative sections of the remaining tissue are submitted in 2A and B.
JLC:me
Gt/4-25

MICROSCOPIC DESCRIPTION 4-27:  The right pleural biopsy shows fibrous pleural
plaque with focal chronic inflammation and dystrophic calcification, but no
evidence of neoplasm. Focal mesothelial hyperplasia inflammation is identified on
the surface of some of the fragments.

Permanent sections of the right lung biopsy confirm the frozen section diagnosis of
nonsmall cell carcinoma. The tumor is a poorly differentiated adenocarcinoma with
focal rudimentary gland formation and signet ring differentiation. In many areas,
the tumor has an undifferentiated appearance, infiltrating a fibrotic stroma and
pleura as single cells, narrow cords, packets, and trabeculae. Some of the latter
areas suggest possible neuroendocrine differentiation, however, a chromogranin
stain is negative. Prominent angiolymphatic invasion is seen. The tumor focally
appears to invade muscular walled arteries and arterioles, and also fills alveolar
spaces.

*Faxed to M. Cohen*
*4-27 at 11:00A -me*
*5/10 12:30 FAX TO DR DENZER*

CONT ON PAGE 2

## ⚠ JOHN MUIR MEDICAL CENTER

*John Muir/Mt. Diablo Health System*

1601 Ygnacio Valley Road, Walnut Creek, CA 94598-3194 (925) 947-5390

T. EDWIN POORE
MEDICAL DIRE

WR GRACE-PIQ 002326-061

Patient:              **REDACTED**
Unit #
Ordering Physician:DR. S. WOLFE
Copy(s) to:

Case#00-5244
Age:  82    Sex:  M
Received:  4-25-00

### MICROSCOPIC DIAGNOSIS:

RIGHT PLEURAL BIOPSY:

CALCIFIED FIBROUS PLEURAL PLAQUE.

RIGHT LUNG BIOPSY:

INFILTRATING POORLY DIFFERENTIATED ADENOCARCINOMA WITH
PLEURAL AND ANGIOLYMPHATIC INVASION.

Note:  Dr. Larner has seen this case.

> *The immunoperoxidase stain reported above was developed and
> its performance characteristics determined by John Muir Clinical
> Laboratory.  It has not been cleared or approved by the U.S.
> Food and Drug Administration, although such approval is not
> required for analyte-specific reagents of this type.*

JLC:cb
Mt/4-27

JEFFREY L. CURTIS, M.D.

T.E. POORE M.D.   B. LARNER M.D.   M. SCOTT M.D.   J. CURTIS M.D.

55 (9/98)

**JOHN MUIR MEDICAL CENTER LABORATORY / YGNACIO PATHOLOGY MEDICAL GROUP.**



WR GRACE-PIQ 002326-062

# INTERROGATORIES

WR GRACE-PIQ 002326-063

1  Ronald J. Shingler, Esq. (C.S.B. #142089)
   Richard Hobin, Esq. (C.S.B. #76791)
2  **HOBIN & SHINGLER, LLP**
   1011 "A" Street
3  Antioch, California 94509
   (925) 757-7020
4
   Attorneys for Plaintiffs
5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF ALAMEDA

10    **REDACTED**      and I          )   CASE NO. 835568-9
                                       )
11                                     )   **PLAINTIFFS RESPONSES TO**
              Plaintiffs,              )   **INTERROGATORIES**
12                                     )   **(WRONGFUL DEATH)**
      vs.                              )
13                                     )
      GARLOCK, INC., et al.,           )
14                                     )
              Defendants.              )
15    _____  )

16  Propounding Party:   Designated Defense Counsel Berry & Berry

17  Responding Party:    Plaintiffs                          and

18  Set No.:             One

19        Plaintiffs hereby respond to interrogatories propounded by coordinating defendant,

20  BERRY & BERRY.

21  **INTRODUCTION**

22        The responses that follow are based on information possessed by plaintiffs' attorney,

23  unless otherwise privileged, as well as information known to plaintiffs.  Plaintiffs may not have

24  any information concerning a particular response.  Verification by plaintiffs is not an indication

25  that they have any knowledge concerning any particular response.

26  **RESPONSE TO INTERROGATORY NO. 1**

27        (a)              **REDACTED**

28        (b)

_____
General Order Interrogatory Responses - Wrongful Death
Case No. 835568-9

WR GRACE-PIQ 002326-064

1    (c)

2    (d)

3    (e)

4    (f)

5    (g)

6    (h)           **REDACTED**

7    (i)

8    (j)

9    (k)

10    (l)

11

12    (m)

13    (n)   N/A.

14    (o)

15    (p)

16    (q)         **REDACTED**

17    (r)

18    **RESPONSE TO INTERROGATORY NO. 2:**

19    (a)

20    (b)

21    (c)

22    (d)       **REDACTED**

23    (e)

24    (f)

25    (g)   N/A.

26    (h)

27    (i)       **REDACTED**

28    (j)

2

WR GRACE-PIQ 002326-065

| | | |
|---|---|---|
| 1 | (k) | |
| 2 | (l) | |
| 3 | (m) | |
| 4 | (n) | **REDACTED** |
| 5 | (o) | |
| 6 | (p) | |
| 7 | (q) | Retired. |
| 8 | (r) | None. |
| 9 | (s) | N.A. |
| 10 | (t) | N/A. |

**RESPONSE TO INTERROGATORY NO. 3:**

| Name/Occupation | Date of Birth | Address |
|---|---|---|
| **REDACTED** | | |

No.

**RESPONSE TO INTERROGATORY NO. 5:**

Father:

(a)

(b)    **REDACTED**

(c)

Mother:

(a)

(b)    **REDACTED**

(c)

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs object to this interrogatory on the grounds that it is burdensome, oppressive, vague and ambiguous as to what constitutes "blood relative," and is not likely to lead to

3



WR GRACE-PIQ 002326-066

1    admissible evidence. Without waiving said objections, plaintiffs respond:

2        Yes.

3        (a)        **REDACTED**

4        (b)

5    **RESPONSE TO INTERROGATORY NO. 7:**

6        Plaintiffs object to this interrogatory on the grounds that it is burdensome, oppressive,

7    vague and ambiguous as to what constitutes "blood relative," and is not likely to lead to

8    admissible evidence. Without waiving said objections, plaintiffs respond:

9        (a)

10        (b)

11        (c)        **REDACTED**

12        (d)

13        (e)

14    **RESPONSE TO INTERROGATORY NO. 8:**

15        Plaintiffs object to this interrogatory on the grounds that it is overbroad, irrelevant to the

16    subject matter of the instant action, not likely to lead to admissible evidence and is an invasion of

17    the plaintiffs' rights to privacy. Furthermore, *Smith v. Superior Court* (1961) 189 Cal.App.2d 6,

18    is a case on point concerning this subject. Without waiving this objection, plaintiffs respond:

19        1937 - 1941        -        Great Lakes, Illinois.

20        1942        -        San Diego, California.

21        1943 - 1945        -        Colton, California.

22        1946 - 1947        -        Bishop, California.

23        1947 - 1948        -        Lone Pine, California.

24        1948 - 1959        -        Oxnard, California.

25        1959 - 1964        -        Paso Robles, California.

26        1964 - 1969        -        Upland, California.

27        1969 - 1975        -        Montclare (now Union City), California.

28        1975 - 1978        -        382 Rivera Drive, Union City, California.

4

WR GRACE-PIQ 002326-067

REDACTED

**RESPONSE TO INTERROGATORY NO. 9**:

Plaintiffs object to this interrogatory on the grounds that it is overbroad and vague as to the meaning of "formal on-the-job training" and "safety classes." Without waiving said objections, plaintiffs respond:

graduated from Pawnee City High School, in Pawnee City, Nebraska in May 15, 1936. He attended a Junior College in Ventura, California during the 1955 academic year. His studies included courses in supervising.          also took correspondence courses at the University of Madison, Wisconsin, which he completed in 1955. He did not attain a degree.

**RESPONSE TO INTERROGATORY NO. 10**:

No.

**RESPONSE TO INTERROGATORY NO. 11**:

Yes.

**(a) United States Navy (1937 - 1941)**

served as a seaman in the United States Navy from 1937 through 1941. He went through boot camp at the United States Naval Training Center in Great Lakes, Illinois, and served in Sitka, Alaska for 18 months where he performed work as a fireman in the boiler room facilities of the Sitka Naval Air Station. He was present when others, including outside contractors, installed and removed insulation products in these boiler room facilities and other locations at the bas          also served as a boiler room fireman aboard the *U.S.S. Langley*, *U.S.S. Memphis*, *U.S.S. Mead Destroyer*, *U.S.S. Wyoming*, and the *U.S.S. Texas*. While serving aboard these vessels,          routinely applied and removed asbestos containing products including, but not limited to pipe covering, block and cement, and he was present when others

5



WR GRACE-PIQ 002326-068

1 | performed these ta~                was also present when other workers installed and removed a

2 | wide variety of asbestos containing products, including but not limited to pipe covering, block,

3 | cement, gaskets, packing, cloth and refractory products. '         ; was assigned to the engine

4 | and boiler room compartments of these vessels and was exposed to asbestos which was on and

5 | contained within the boilers and other equipment associated with these compartmen·

      assisted in and was present during both minor repairs and major overhauls of these

7 | vessels.          sustained both a direct and bystander exposure to asbestos.

8 |     **(b)  United States Merchant Marines (1943 – 1945)**

9 |               served as a wiper, fireman and engineer in the United States Merchant Marine

10 | from 1943 through 1945.  He sailed aboard oil tankers in both the Atlantic and Pacific oceans

11 | during World War II.  He served as a wiper, fireman and engineer in the boiler and engine rooms

12 | of the *S.S. Broad River, S.S Fort Donelson,* and the *S.S. Mission Santa Clara*.  While serving in

13 | the boiler and engine rooms of these vessel:           routinely applied and removed asbestos

14 | containing insulation including, but not limited to pipe covering, block and cement, and he was

15 | present when others performed these tasks.           was also present when other workers

16 | installed and removed a wide variety of asbestos containing products, including but not limited to

17 | pipe covering, block, cement, gaskets, packing, cloth and refractory products.           was

18 | assigned to the engine and boiler room compartments of these vessels and was exposed to

19 | asbestos was on and contained within the boilers and other equipment associated therewith.

20 |      assisted in and was present during both minor repairs and major overhauls of these

21 | vessels.           sustained both a direct and bystander exposure to asbestos.

22 | **RESPONSE TO INTERROGATORY NO. 12:**

23 |      Plaintiffs object to this interrogatory on the grounds that it is overbroad, burdensome, and

24 | an invasion of plaintiffs' right to privacy.  Further, defendants have these medical records or

25 | plaintiffs' attorney will make these medical records available at a mutually convenient time in

26 | our office for the defendants' coordinating counsel for medical discovery.  Without waiving said

27 | objections, plaintiffs respond:

28 | ///

REDACTED

General Order Interrogatory Responses - Wrongful Death
Case No. 835568-9

NR GRACE-PIQ  002326-069

(a)  Baldemero DeLeon, M.D. (Primary)
     1479 Ygnacio Valley Road, #201
     Walnut Creek, CA 94598
     1988 to August 2000:  regular checkups, diagnosis and referral to Dr. Cohen for
     treatment of mesothelioma.

(b)  Michael Cohen, M.D. (Pulmonologist)
     130 La Casa Via, #208
     Walnut Creek, CA 94598
     March 2000 to August 2000: diagnosis and treatment of mesothelioma.

(c)  Andrew J. Benn, M.D. (Cardiologist)
     130 La Casa Via
     Walnut Creek, CA 94598
     Approximately 1989 to August 2000: diagnosis and treatment of atrial fibrillation
     and treatment with coumadin.

(d)  Dan Ben-Zeev, M.D. (Oncologist)
     110 La Casa Via, #210
     Walnut Creek, CA 94598
     May 2, 2000 to August 2000: diagnosis and treatment of mesothelioma.

(e)  Anthony Demeo, M.D. (Allergist)
     1844 San Miguel Drive
     Walnut Creek, CA 94598
     1983 to August 2000: treatment of allergies.

**RESPONSE TO INTERROGATORY NO. 13:**

| Name/Address of Hospital | Dates of Treatment | Reason for Hospital Visit |
| --- | --- | --- |
| John Muir Medical Center<br>1601 Ygnacio Valley Road<br>Walnut Creek, CA | 1983 | had a spirometry after showing signs of COPD, with wheezing and shortness of breath. |
| Mt. Diablo Hospital Emergency Room<br>2540 East Street<br>Concord, CA | 1996 | became very weak, collapsed and had a head contusion. |
| John Muir Hospital<br>1601 Ygnacio Valley<br>Walnut Creek, CA | March 28, 2000<br>April 4, 2000 | had laboratory work, CT Scan, Thoracentesis and Thoracotomy. |

**RESPONSE TO INTERROGATORY NO. 14:**

had multiple chest x-rays and a single C.T. scan performed at the various doctor's offices and hospitals listed in Interrogatories 12 and 13.  Plaintiffs are not qualified to give the results, conclusions, and/or diagnosis from each film and scan, and therefore objects to this portion of the interrogatory on the grounds that it calls for the opinion of an expert and/or a medical professional.

7

REDACTED

WR. GRACE-PIQ 002326-070

**RESPONSE TO INTERROGATORY NO. 15:**

Not Applicable.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiffs object to this interrogatory on the grounds that it overbroad, burdensome. Defendants have these medical records or plaintiffs' attorney will make them available at a mutually convenient time in its office for the defendants' coordinating counsel for medical discovery. Without waiving said objections, plaintiffs respond:

Decedent was taking Coumadin 3mg, Zocor 10mg, Diovan HCT 160/125 and 125 mg and 5/500 mg of Vicodin.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiffs object to this interrogatory on the grounds that it is overbroad, burdensome, an invasion of plaintiffs' right to privacy, irrelevant to the subject matter of this lawsuit, and not likely to lead to admissible evidence. Without waiving said objections, plaintiffs respond:

Plaintiffs' attorney will make available to the defendants' coordinating counsel for medical discovery any documents regarding decedent's chest conditions and any other related problems available at a mutually convenient time, in our office.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiffs object to this interrogatory on the grounds that it calls for a medical opinion which plaintiffs are not qualified to give. Without waiving said objection, plaintiffs respond:

(a)     Weight loss, extreme fatigue, chest pain and wheezing.

(b)     Asbestos-related lung cancer and asbestosis due to exposure to asbestos containing products.

(c)     On March 28, 2000 was seen by Dr. DeLeon complaining of chest pain and was ordered to undergo a CAT Scan.   Diagnosed April 12, 2000.

(d)     Weight loss as well as extreme visible fatigue.

(e)     Entire body.

(f)     Plaintiffs incorporate by reference as though fully set forth herein their response to Interrogatory No. 12.

8

WR GRACE-PIQ 002326-071

(g) Plaintiffs incorporate by reference as though fully set forth herein their responses to Interrogatory No. 12.

(h) Yes from March 2000 until his death.

**RESPONSE TO INTERROGATORY NO. 19:**

(a) April 11, 2000

(b) Dr. DeLeon
1479 Ygnacio Valley Road, Suite 201
Walnut Creek, CA
(925) 932-1018

Dr. Michael Cohen
Pulmonary Specialist
130 La Casa Via, Suite 208
Walnut Creek, CA
(925) 944-0166

Dr. Ramin Khashayar
Pulmonary Specialist
130 La Casa Via, Suite 208
Walnut Creek, CA
(925)944-0166

(c) Dr. Cohen performed a Thoracentesis which drained 1200cc of amber-colored fluid from the lungs. Dr. Steven Wolfe performed a Thoracotomy on April 4, 2000.

(d) Plaintiffs incorporate by reference their responses to Interrogatories 12 and 13 above as though fully set forth herein.

(e) Decedent and Mrs. Moore on April 11, 2000.

(f) Not Applicable.

(g) Plaintiffs incorporate by reference their responses to Interrogatories 12 and 13 above as though fully set forth herein.

(h) Yes.

(i) Plaintiffs incorporate by reference their responses to Interrogatories 12 and 13 above as though fully set forth herein.

**RESPONSE TO INTERROGATORY NO. 20:**

No.

**RESPONSE TO INTERROGATORY NO. 21:**

(a) Yes.

WR GRACE-PIQ 002326-072

1  (b)    Contra Costa County Superior Court.

2  (c)                    **REDACTED**

3  (d)    Spouse.

4  (e)    Dan Ben-Zeev, M.D. (Oncologist), 110 La Casa Via, #210

5         Walnut Creek, CA 94598.

6  (f)    Carcinoma of the Right Lung.

7  (g)

8

9  **RESPONSE TO INTERROGATORY NO. 22:**

10     Yes, a limited autopsy.

11  (a)                    **REDACTED**

12  (b)

13  (c)    For removal of decedent's lungs to confirm the diagnosis of asbestos related

14         disease.

15  (d)    Steven Glasgow, M.D.
           Alta Bates Hospital
16         2450 Ashby Avenue
           Berkeley, CA
17
    (e)    August 6, 2000.
18
19  (f)    Asbestos-related lung cancer and asbestosis due to exposure to asbestos

20         containing products.

21  (g)    Dr. Samuel Hammar's report has been previously provided to designated defense

22         counsel, Berry & Berry.  The pathology studies thereby confirmed the diagnosis of

23         asbestos related disease.

24  (h)    Dr. Samuel Hammar's report has been previously provided to designated defense

25         counsel, Berry & Berry.

26  **RESPONSE TO INTERROGATORY NO. 23:**
27     Yes.
28  (a)    John Muir Medical Center.

                              10



WR GRACE-PIQ 002326-073

**REDACTED**

1    (b)    Dr. S. Wolfe.

2    (c)    Dr. Samuel Hammar's office.

3    (d)    April 25, 2000.

4 **RESPONSE TO INTERROGATORY NO. 24:**

5    Plaintiffs incorporate by reference as though fully set forth herein their response to

6 Interrogatory No. 12.

7 **RESPONSE TO INTERROGATORY NO. 25:**

8    No.

9 **RESPONSE TO INTERROGATORY NO. 26:**

10    Yes.

11 **RESPONSE TO INTERROGATORY NO. 27:**

12    (a)    1937 - 1956.

13    (b)    Inhaled.

14    (c)    One pack per day.

15    (d)    No.

16    (e)    Never restarted.

17    (f)    One pack per day.

18    (g)    Camels.

19 **RESPONSE TO INTERROGATORY NO. 28:**

20    No.

21 **RESPONSE TO INTERROGATORY NO. 29:**

22    Plaintiffs object to this interrogatory on the grounds that it is an invasion of privacy,

23 irrelevant and not likely to lead to admissible evidence.  Without waiving these objections,

24 plaintiffs respond as follows:    drank socially up until approximately 1948, at which

25 time he quit drinking alcohol entirely.

26 **RESPONSE TO INTERROGATORY NO. 30:**

27    Plaintiffs object to this interrogatory as vague and ambiguous.  Without waiving any

28 objection, plaintiffs respond:  Plaintiffs recall the following information about

11

WR GRACE-PIQ 002326-074

**REDACTED**

1  employers and work locations:

2  **(a) United States Navy (1937 - 1941)**

3             served as a seaman in the United States Navy from 1937 through 1941.  He

4  went through boot camp at the United States Naval Training Center in Great Lakes, Illinois, and

5  served in Sitka, Alaska for 18 months where he performed work as a fireman in the boiler room

6  facilities of the Sitka Naval Air Station.              .vas present when others, including outside

7  contractors, installed and removed insulation products in these boiler room facilities and other

8  locations at the base.            also served as a.boiler room fireman aboard the *U.S.S. Langley,*

9  *U.S.S. Memphis, U.S.S. Mead Destroyer, U.S.S. Wyoming,* and the *U.S.S. Texas.*  While serving

10  aboard these vessels, he routinely applied and removed asbestos containing products including,

11  but not limited to pipe covering, block and cement, and he was present when others performed

12  these tasks.            was also present when other workers installed and removed a wide

13  variety of asbestos containing products, including but not limited to pipe covering, block,

14  cement, gaskets, packing, cloth and refractory products.            was assigned to the engine

15  and boiler room compartments of these vessels and was exposed to asbestos which was on and

16  contained within the boilers and other equipment associated with these compartments.

17         assisted in and was present during both minor repairs and major overhauls of these

18  vessels.           sustained both a direct and bystander exposure to asbestos.

19  **(b) San Diego Marine Construction Company (1942 - 1943)**

20             worked as a pipe fitter for the San Diego Marine Construction Company, a

21  shipyard in San Diego, California for a period of two years from 1942 through1943.  He worked

22  aboard ships that were being constructed and repaired as part of the United States war effort

23  during World War II.  His duties required him to install and remove asbestos containing gaskets

24  and packing, and also required him to install and remove asbestos containing insulation

25  including, but limited to pipe covering, block, and cement.            regularly and routinely

26  worked in the same compartment as other workers who installed and removed asbestos

27  containing insulation, packing, gaskets, cloth and refractory products.            was also

28  present when other workers performed refractory work on the boilers of these vessels, and was

12



WR GRACE-PIQ 002326-075

REDACTED

1    present when workers constructed the interior walls and compartments of these ships.

2    sustained both a direct and bystander exposure to asbestos.

3    **(c)  United States Merchant Marines (1943 - 1945)**

4    served as a wiper, fireman and engineer in the United States Merchant Marine

5    from 1943 through 1945.  He sailed aboard oil tankers in both the Atlantic and Pacific oceans

6    during World War II.  He served as a wiper, fireman and engineer in the boiler and engine rooms

7    of the *S.S. Broad River, S.S Fort Donelson,* and the *S.S. Mission Santa Clara.*  While serving in

8    the boiler and engine rooms of these vessels, he routinely applied and removed asbestos

9    containing insulation including, but not limited to pipe covering, block and cement, and he was

10    present when others performed these tasks          was also present when other workers

11    installed and removed a wide variety of asbestos containing products, including but not limited to

12    pipe covering, block, cement, gaskets, packing, cloth and refractory product          was

13    assigned to the engine and boiler room compartments of these vessels and was exposed to

14    asbestos was on and contained within the boilers and other equipment associated therewith.

15    assisted in and was present during both minor repairs and major overhauls of these

16    vessels.          sustained both a direct and bystander exposure to asbestos.

17    **(d)  Camarillo State Hospital (1948 - 1959)**

18    worked as fireman, steam fitter, and chief engineer at the Camarillo State

19    Hospital in Camarillo, California from 1948 through 1959.          was responsible for the

20    overall maintenance of the facility, including the maintenance and operation of the boilers.  His

21    duties required him to perform, and required him to work in close proximity to others who

22    performed, a variety of tasks including but not limited to the installation and removal of asbestos

23    containing products.  The list of asbestos containing products to which plaintiff was exposed

24    includes, but is not limited to, gaskets, packing, pipe covering, block, cement, drywall, wall

25    board, joint compound, spray applied ceiling textures, wall textures, spray applied fireproofing,

26    and refractory products          sustained both a direct and bystander exposure to asbestos.

27    **(e)  Paso Robles School for Boys (1959 - 1964)**

28    worked as fireman, steam fitter, and chief engineer at the Paso Robles School

13



WR GRACE-PIQ 002326-076

REDACTED

1   for Boys in Paso Robles, California from 1959 through 1964.              was responsible for the

2   overall maintenance of the facility, including the maintenance and operation of the boilers.

3              duties required him to perform, and required him to work in close proximity to others

4   who performed, a variety of tasks including but not limited to the installation and removal of

5   asbestos containing products.  The list of asbestos containing products to which he was exposed

6   includes, but is not limited to, gaskets, packing, pipe covering, block, cement, drywall, wall

7   board, joint compound, spray applied ceiling textures, wall textures, spray applied fireproofing,

8   and refractory products.              stained both a direct and bystander exposure to asbestos.

9          **(f)  California Institute for Women (1964 - 1969)**

10             worked as fireman, steam fitter, and chief engineer at the California Institute

11  for Women in Ontario, California from 1964 through1969.              was responsible for the

12  overall maintenance of the facility, including the maintenance and operation of the boilers.  His

13  duties required him to perform, and required him to work in close proximity to others who

14  performed, a variety of tasks including but not limited to the installation and removal of asbestos

15  containing products.  The list of asbestos containing products to which          was exposed

16  includes, but is not limited to, gaskets, packing, pipe covering, block, cement, drywall, wall

17  board, joint compound, spray applied ceiling textures, wall textures, spray applied fireproofing,

18  and refractory products.          sustained both a direct and bystander exposure to asbestos.

19         **(g)  California State University, Hayward (1969 - 1975)**

20             worked as fireman, steam fitter, and chief engineer at the California State

21  University campus in Hayward, California from 1969 through 1975.              was responsible

22  for the overall maintenance of the facility, including the maintenance and operation of the

23  boilers.  His duties required him to perform, and required him to work in close proximity to

24  others who performed, a variety of tasks including but not limited to the installation and removal

25  of asbestos containing products.  The list of asbestos containing products to which plaintiff was

26  exposed includes, but is not limited to, gaskets, packing, pipe covering, block, cement, drywall,

27  wall board, joint compound, spray applied ceiling textures, wall textures, spray applied

28  fireproofing, and refractory products          sustained both a direct and bystander exposure

14



WR GRACE-PIQ 002326-077

1   to asbestos.

2   **RESPONSE TO INTERROGATORY NO. 31:**

3        **United States Navy (1937 - 1941)**

4        (a)   Plaintiffs incorporate by reference their responses to Interrogatory No. 30 above as
5              though fully set forth herein.

6        (b)   Plaintiffs incorporate by reference their response to Interrogatory No. 30 above as
7              though fully set forth herein.

8        (c)   Yes.

9        (d)   Yes.

10       (e)   Pipe covering, block, cement, gaskets, packing, gloves, rope, cloth, and refractory
11             products, among others.

12       (f)   Plaintiffs incorporate by reference her response to Interrogatory No. 30 above as
13             though fully set forth herein..

14       (g)   Plaintiffs recalls that              served as a boiler room fireman aboard the *U.S.S.*
15             *Langley, U.S.S. Memphis, U.S.S. Mead Destroyer, U.S.S. Wyoming,* and the *U.S.S.*
16             *Texas*

17       (h)   Unknown.

18       (i)   Unknown.

19       **San Diego Marine Construction Company (1942 - 1943)**

20       (a)   Plaintiffs incorporate by reference their response to Interrogatory No. 30 above as
21             though fully set forth herein..

22       (b)   Plaintiffs incorporate by reference their response to Interrogatory No. 30 above as
23             though fully set forth herein.

24       (c)   Yes.

25       (d)   Yes.

26       (e)   Pipe covering, block, cement, gaskets, packing, insulation, gloves, rope, cloth, and
27   refractory products, among others.

28       (f)   Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

REDACTED

NR GRACE-PIQ 002326-078

1    fully set forth herein.

2        (g)    Plaintiffs do not recall the names of the ships decedent worked on.

3        (h)    Unknown.

4        (i)    Unknown.

5    **United States Merchant Marines (1943 - 1945)**

6        (a)    Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

7    fully set forth herein.

8        (b)    Plaintiff incorporate by reference their response to Interrogatory No. 30 as though

9    fully set forth herein.

10       (c)    Yes.

11       (d)    Yes.

12       (e)    Pipe covering, block, cement, gaskets, packing, insulation, gloves, rope, cloth, and

13   refractory products, among others.

14       (f)    Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

15   fully set forth herein.

16       (g)    Plaintiffs recall decedent served as a wiper, fireman and engineer aboard the *S.S.*

17   *Broad River, S.S., Fort Donelson,* and the *S.S. Mission Santa Clara.*

18       (h)    Unknown.

19       (i)    Unknown.

20   **Camarillo State Hospital (1948 - 1959)**

21       (a)    Plaintiffs incorporates by reference their response to Interrogatory No. 30 as

22   though fully set forth herein.

23       (b)    Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

24   fully set forth herein.

25       (c)    Yes.

26       (d)    Yes.

27       (e)    Pipe covering, block, cement, gaskets, packing, drywall, wall board, joint

28   compound, spray applied ceiling textures, wall textures, spray applied fireproofing and refractory

16

1  products.

2      (f)    Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

3  fully set forth herein.

4      (g)    Not Applicable.

5      (h)    Unknown.

6      (i)    Unknown.

7  **Paso Robles School for Boys (1959 - 1964)**

8      (a)    Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

9  fully set forth herein.

10     (b)    Plaintiffs incorporate by reference her response to Interrogatory No. 30 as though

11 fully set forth herein.

12     (c)    Yes.

13     (d)    Yes.

14     (e)    Pipe covering, block, cement, gaskets, packing, wall board, joint compound, spray

15 applied ceiling textures, wall textures, spray applied fireproofing and refractory products.

16     (f)    Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

17 fully set forth herein.

18     (g)    Not Applicable.

19     (h)    Unknown.

20     (i)    Unknown.

21 **California Institute for Women (1964 - 1969)**

22     (a)    Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

23 fully set forth herein.

24     (b)    Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

25 fully set forth herein.

26     (c)    Yes.

27     (d)    Yes.

28     (e)    Pipe covering, block, cement, gaskets, packing, insulation, gloves, rope, cloth, and

17

General Order Interrogatory Responses - Wrongful Death
Case No. 835568-9


WR GRACE-PIQ 002326-080

1 refractory products, among others.

2     (f)     Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

3 fully set forth herein.

4     (g)     Not Applicable.

5     (h)     Unknown.

6     (i)     Unknown.

7     _California State University, Hayward (1969 - 1975)

8     (a)     Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

9 fully set forth herein.

10     (b)     Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

11 fully set forth herein.

12     (c)     Yes.

13     (d)     Yes.

14     (e)     Gaskets, packing, pipe covering, block, cement, drywall, wall board, joint

15 compound, spray applied ceiling textures, wall textures, spray applied fireproofing, and

16 refractory products, among others.

17     (f)     Plaintiffs incorporate by reference their response to Interrogatory No. 30 as though

18 fully set forth herein.

19     (g)     Not Applicable.

20     (h)     Unknown.

21     (i)     Unknown.

22 **RESPONSE TO INTERROGATORY NO. 32:**

23     Unknown.

24 **RESPONSE TO INTERROGATORY NO. 33:**

25     (a)     Plaintiffs claim exposure at all of the employments listed in response to

26 Interrogatories 30 and 31.

27     (b)     Plaintiffs' counsel herein is informed and believes and based thereon, that

28     exposures and the years of exposure, that the manufacturers included all defendants

REDACTED

18

WR_GRACE-PIQ 002326-081

1  named herein.  These materials include all those products itemized in Response to Interrogatory

2  No. 31(e) above.

3      (c)  Unknown at this time; investigation and discovery are continuing.

4      (d) Plaintiffs referred to asbestos as "asbestos."

5      (e)  Plaintiffs refer defendants to Owens-Corning Fiberglass picture books for the

6  information sought here; investigation and discovery are continuing;

7      (f) Unknown.

8      Investigation and discovery are continuing.

9  **RESPONSE TO INTERROGATORY NO. 34:**

10      (a)  At this time, plaintiffs cannot recall specific cartons, containers or wrappings of

11  asbestos-containing materials.

12      Investigation and discovery are continuing.

13      (b)  Plaintiffs object to this subpart of the interrogatory on the grounds that it calls for

14  speculation.

15      (c)  Plaintiffs refer defendants to documents in the possession of defendants, contractors

16  and subcontractors at decedent's worksites and decedent's employers.

17      (d)  Plaintiffs refer defendants to their responses to Interrogatory number 31 above.

18      Investigation and discovery is continuing.

19  **RESPONSE TO INTERROGATORY NO. 35:**

20      Plaintiffs object to this interrogatory to the extent that it calls for privileged information

21  that is the work product of plaintiffs' attorney or otherwise requires such disclosure of

22  information that would constitute a violation of various section 362(a) stay orders of the Federal

23  Bankruptcy Courts.  Without waiving said objections, plaintiffs respond:

24      At the present time, plaintiffs' counsel has no reason to believe that decedent was

25  exposed to asbestos products manufactured or sold by companies who were not named as

26  defendants in this action.

27      Investigation and discovery is continuing.

28  **RESPONSE TO INTERROGATORY NO. 36:**

19

General Order Interrogatory Responses – Wrongful Death
Case No. 835568-9

WR GRACE-PIQ 002326-082

1    Unknown.

2    RESPONSE TO INTERROGATORY NO. 37:

3    Despite plaintiffs' reasonable and good faith efforts to obtain information, due to the

4    passage of time, plaintiffs are not in possession of information responsive to this interrogatory.

5    Investigation and discovery are continuing.

6    RESPONSE TO INTERROGATORY NO. 38:

7    Plaintiffs are unaware of a person responsive to this interrogatory.

8    Investigation and discovery continuing.

9    RESPONSE TO INTERROGATORY NO. 39:

10    Plaintiffs are not in possession of documents responsive to this interrogatory.

11    Investigation and discovery are continuing.

12    RESPONSE TO INTERROGATORY NO. 40:

13    No.

14    RESPONSE TO INTERROGATORY NO. 41:

15    Not to plaintiffs' knowledge.

16    Investigation and discovery are continuing.

17    RESPONSE TO INTERROGATORY NO. 42:

18    Not to plaintiffs' knowledge.

19    Investigation and discovery are continuing.

20    RESPONSE TO INTERROGATORY NO. 43:

21    No.

22    RESPONSE TO INTERROGATORY NO. 44:

23    No.

24    RESPONSE TO INTERROGATORY NO. 45:

25    No.

26    RESPONSE TO INTERROGATORY NO. 46:

27    No.

28    RESPONSE TO INTERROGATORY NO. 47:

20

General Order Interrogatory Responses - Wrongful Death
Case No. 835568-9

1     No.

WR GRACE-PIQ 002326-083

2    **RESPONSE TO INTERROGATORY NO. 48:**

3     No.

4    **RESPONSE TO INTERROGATORY NO. 49:**

5     No.

6    **RESPONSE TO INTERROGATORY NO. 50:**

7     Decedent retired in 1975.

8    **RESPONSE TO INTERROGATORY NO. 51:**

9     Not applicable.

10    **RESPONSE TO INTERROGATORY NO. 52:**

11     No.

12    **RESPONSE TO INTERROGATORY NO. 53:**

13     Not applicable.

14    **RESPONSE TO INTERROGATORY NO. 54:**

15     Plaintiffs are currently gathering information responsive to this interrogatory and will

16 make it available to defendants once it is obtained.

17     Investigation and discovery are continuing.

18    **RESPONSE TO INTERROGATORY NO. 55:**

19     Plaintiffs are currently gathering information responsive to this interrogatory and will

20 make it available to defendants once it is obtained.

21     Investigation and discovery are continuing.

22    **RESPONSE TO INTERROGATORY NO. 56:**

23     Plaintiffs are currently gathering information responsive to this interrogatory and will

24 make it available to defendants once it is obtained.

25     Investigation and discovery are continuing.

26    **RESPONSE TO INTERROGATORY NO. 57:**

27     Objection.  Collateral source, outside the scope of discovery, and unduly intrusive into

28 the private affairs of plaintiffs.

General Order Interrogatory Responses – Wrongful Death
Case No.  835568-9

1 | ///

WR GRACE-PIQ 002326-084

2 | **RESPONSE TO INTERROGATORY NO. 58:**

3 | Pittsburg Funeral Chapel, 2295 Railroad Avenue, Pittsburg, California 94565.

4 | **RESPONSE TO INTERROGATORY NO. 59:**

5 | Yes.

6 | (a)    August 10, 2000.

7 | (b)    Memory Gardens, 2011 Arnold Industrial Way, Concord, California.

8 | **RESPONSE TO INTERROGATORY NO. 60:**

9 | No.

10 | **RESPONSE TO INTERROGATORY NO. 61:**

11 | Objection. Collateral source, outside the scope of discovery, and unduly intrusive into

12 | the private affairs of plaintiffs. Without waiving said objections, plaintiffs respond:

13 | Plaintiffs are in the process of gathering this information and will provide it to counsel

14 | once it has been compiled.

15 | **RESPONSE TO INTERROGATORY NO. 62:**

16 | No.

17 | **RESPONSE TO INTERROGATORY NO. 63:**

18 | (a)

                    **REDACTED**

19 | (b)

20 | (c)    Worker's Compensation Appeals Board in San Francisco, California.

21 | (d)    Pending.

22 | **RESPONSE TO INTERROGATORY NO. 64:**

23 | Yes.

24 | (                    and                    filed a personal injury and loss of

25 | consortium claim in the Alameda County Superior Court for damages arising out

26 | of                development of asbestos related cancer.

27 | (b)    Alameda County Superior Court, Oakland, California on May 5, 2000.

28 | (c)    Asbestos related cancer.

22



WR GRACE-PIQ 002326-085

1    (d)    Pending.

2  **RESPONSE TO INTERROGATORY NO. 65:**

3    No.

4  **RESPONSE TO INTERROGATORY NO. 66:**

5    Plaintiffs object to this interrogatory on the basis of collateral source, outside the scope of

6  discovery, and unduly intrusive into the private affairs of plaintiffs.

7  **RESPONSE TO INTERROGATORY NO. 67:**

8    Plaintiffs incorporate by reference as though fully set forth herein their response to

9  Interrogatory No. 66.

10  **RESPONSE TO INTERROGATORY NO. 68:**

11    Plaintiffs do not know of any persons responsive to this interrogatory.

12    Investigation and discovery are continuing.

13  **RESPONSE TO INTERROGATORY NO. 69:**

14    Other than documents previously provided in this action, plaintiffs have no further

15  documents to provide to defendants at this time.

16  **RESPONSE TO INTERROGATORY NO. 70:**

17    Yes.

18  **RESPONSE TO INTERROGATORY NO. 71:**

19    The Social Security records have been or will be supplied to designated defense counsel

20  Berry & Berry.

21  **RESPONSE TO INTERROGATORY NO. 72:**

22    Yes.  Photographs of the decedent have previously been provided to Defendants.

23  **RESPONSE TO INTERROGATORY NO. 73:**

24    Plaintiffs have no objection to providing photographs of decedent.

25  **RESPONSE TO INTERROGATORY NO. 74:**

26        was employed during the Korean War, approximately 1951 - 1953 for the

27  Federal Government at the Yards Dock Supply Offices in Oxnard, California, as a clerk.  Since

28  that time, she has not been employed outside of the home.

REDACTED

23

General Order Interrogatory Responses - Wrongful Death
Case No.  835568-9

WR GRACE-PIQ 002326-086

1   ///

2   **RESPONSE TO INTERROGATORY NO. 75:**

3       Yes.

4   **RESPONSE TO INTERROGATORY NO. 76:**

5       (a)    Outside the scope of discovery and unduly intrusive into the private affairs of the

6              plaintiffs.

7       (b)    Not Applicable.

8       (c)    Not Applicable.

9       (d)    Not Applicable.

10  **RESPONSE TO INTERROGATORY NO. 77:**

11      No.

12  **RESPONSE TO INTERROGATORY NO. 78:**

13      No.

14  **RESPONSE TO INTERROGATORY NO. 79:**

15      (a)    Plaintiff                        is the surviving widow of                   e and

16             she is not employed. She was born on April 28, 1915.

17

18      (b)    All twelve months.

19  **RESPONSE TO INTERROGATORY NO. 80:**

20      No.

21  **RESPONSE TO INTERROGATORY NO. 81:**

22      No.

23  **RESPONSE TO INTERROGATORY NO. 82:**

24      No.

25  **RESPONSE TO INTERROGATORY NO. 83:**

26      No.

27  **RESPONSE TO INTERROGATORY NO. 84:**

28      No.

24

REDACTED