

WR GRACE PIQ 59076-0047

*et al., v.* RAYBESTOS-MANHATTAN, *et al.*

Case No. SFSC 998956 (WD)

### EXHIBIT A

#### EMPLOYERS/JOB SITES OF DECEDENT

**1.   MARINE ELECTRIC CO.**, San Francisco, CA

**Dates:**    1956-1970
**Title:**    Electrician; Shop Foreman

**Duties:**   Decedent's duties included, but were not limited to rewiring motors, stripping and repairing armatures, manufacturing carbon brushes, and replacing parts on commercial food equipment (restaurant equipment). Discovery and investigation are continuing.

**Job Sites:**   Decedent spent most of his time in the shop; however, he did perform repairs aboard ships at various piers in San Francisco, Alameda Naval Air Force Station, and aboard ships docked at the Standard Oil Refinery in Richmond and at the C&H Sugar Refinery in Crockett.   Discovery and investigation are continuing.

**Asbestos-Containing Materials:**   Including, but not limited to, asbestos insulation on motor windings, armature electrical coils, asbestos sheets, asbestos tape, asbestos paper.   Discovery and investigation are continuing.

Decedent had significant exposure to asbestos dust and fibers from work performed by other trades aboard the ships he was on. The following are manufacturers of asbestos-containing materials including, but not limited to:

**Manufacturers of Asbestos-Containing Materials:**   Including, but not limited to Anchor Packing, Pittsburg Corning, Quintec, SB Decking, American Asbestos, Rapid American, Armstrong World Industries, HK Porter Cement, Flintkote, GAF, Garlock, Atlas, AP Green, Flexitallic, Foster Wheeler, General Refractories, Harbison Walker, KAAC, Johns Mansville, US Gypsum, Baldwin-Ehret Hill, Eagle Picher Industries, Amatex, Keene Corp., Owens-Illinois. Discovery and investigation are continuing.

Discovery and investigation are continuing as to manufacturers of asbestos-containing insulation for wires, cables, electrical coils, and any other asbestos-containing insulation used in the electrical trade.

**Co-Workers:**   Including but not limited to Charles Lindsay, Ron Munz, and Bob Cruz Wheeler.

**Trades:**   Discovery and investigation are continuing.

REDACTED

REDACTED  


WR GRACE PIQ 59076-0046

*et al. v. RAYBESTOS-MANHATTAN, et al.*

Case No. SFSC 998956 (WD)

**2.    DAHL-BECK ELECTRIC**, 580 Howard, San Francisco, CA

**Dates:**      1971-1985
**Title:**      Electrician and Marine Electrician

**Duties:**  Rewiring motors, stripping and repairing armatures, repairing food equipment aboard ships and repairing restaurant food equipment (i.e., ranges). To rewire motors, decedent would have to remove the old windings which were insulated with asbestos. To perform repair on armatures, decedent would have to burn off the asbestos insulation with a torch.  Decedent was a qualified electrician, and while aboard ships he would often perform electrical repair in all parts of a ship, which included removal of old wire asbestos insulation and replacement, pulling cable through various compartments which involved penetrating bulkheads. Decedent also serviced ranges and other food equipment in the galley. Decedent rewired motors on generators, winches, cranes, ship pumps, and elevators.

For approximately 2 years (1975-1977), decedent specialized in servicing commercial food equipment in restaurants, and specialized in servicing ranges manufactured by General Electric Hot Point. During this time, Dahl-Beck Electric had a contract with General Electric to service their commercial food equipment under warranty. The commercial food equipment that decedent serviced included ranges, stoves, ovens, deep fryers, vent hoods, grills, toasters, and garbage disposals.  Decedent removed and replaced terminal boards in ranges which were made out of asbestos sheets. Dahl-Beck purchased asbestos sheets that decedent used to make new terminal boards for ranges that he serviced. Decedent had a fully equipped van to service the restaurant food equipment at the job site.

**Job Sites:**  Decedent performed work at the following shipyards, including but not limited to:

Bethlehem SF, Hunters Point, Todd Alameda, Triple A, Alameda Naval Air Station, Port Chicago, Port of Oakland.

Decedent performed work for the following ship companies in the Bay Area, including but not limited to:

Matson Navigation, American President Lines, Pacific Far East Lines, Pacific Ship Repair, States Lines, American Export, US States Lines, Sealand, and Prudential Lines. Decedent also worked aboard ships at various shipyards for contract work with Frost Electric and West Wind.

Decedent also performed his work on ships docked at C&H Sugar Refinery in Crockett, Standard Oil in Richmond, and Exxon in Benecia.

EXHIBIT A - Plaintiff's Responses
Defendants' GO129 Set 2                    2.

 

WR GRACE PIQ 59076-0049

**REDACTED**

_, et al. v. RAYBESTOS-MANHATTAN, et al._
Case No. SFSC 998956 (WD)

Decedent serviced commercial food equipment in restaurants throughout the Bay Area, including, but not limited to:  Yetwah Restaurant, 2140 Clement Street, SF; New Asia (fka Asia Gardens), 772 Pacific, SF; and The Fish Market, 3295 El Camino Real, Palo Alto.

**Ships:**

Decedent performed repairs aboard many ships during the course of his employment with Dahl-Beck Electric.  The following is a partial list of ships on which decedent performed repairs in the Bay Area.  Discovery and investigation are continuing:

<u>Alameda Naval Air Station</u>:    Enterprise, Carl Vinson, Coral Sea, Oriskany, Ranger II, Wabash, Neptune, White Plains.

<u>American President Lines</u>:    President Buchanan, President Arthur, President Adams, President Coolidge, President Fillmore, President Garfield, President Grant, President Harding, President Harrison, President Hayes, President Hoover, President Jackson, President Jefferson, President Johnson, President Tyler, President Wilson, President Lincoln, President Cleveland, President Roosevelt, President Monroe, President Pierce, President McKinley, President Madison, President Taft, President Taylor, President Van Buren, Southwestern Victory, American Mail, Philippine Mail, Japan Mail, Washington Mail, Canada Mail, Brazil Victory, Bucknell Victory, Dartmouth Victory, Del Valley, Hoosier Mariner.

<u>Matson Navigation (Pier 36)</u>:    Island Princess, Mariposa, Monterey, Lurline, Californian, Hawaiian, Matsonia, Sierra, Transonida, Ventura, Alameda, Coast Progress, Sonoma.

<u>Pacific Far East Lines (Pier 42)</u>: Alaska Bear, Contest, High Flyer, Indian Bear, Lanikai, Pacific Bear, Golden Bear, Korea Bear, California Bear, Hawaii Bear, Oregon Bear, Guam Bear, Hong Kong Bear, India Bear, Japan Bear, Canada Bear, Philippine Bear, Thailand Bear, Sioux Falls Victory, Swarthmore Victory, Radcliff Victory, Santa Venetia, Sea Fair, Contest, Fleetwood, Flying Dragon, Golden Mariner, Keystone Mariner, Old Colony Mariner, Tar Heel Mariner, Leilani, Thomas Cuffe, Wm. Luckenbach.

<u>Prudential Lines (Grace Lines)</u>:    Prudential Sea Jet, Santa Adela, Santa Alicia, Santa Ana, Santa Anita, Santa Cruz, Santa Eliana, Santa Fe, Santa Flavia, Santa Inez, Santa Juana, Santa Juanita, Santa Leonor, Santa Magdelena, Santa Malta, Santa Maria, Santa Mariana, Santa Mariani, Santa Mercedes, Santa Monica, Santa Regina, Santa Victoria.

<u>C&H Sugar Refinery Ships</u>:    Decedent performed work on one or more of the following ships:    Manukai, Moku Pahu, Hawaiian

 

WR GRACE PIQ 58076-0050

**REDACTED**

_____ _et al. v. RAYBESTOS-MANHATTAN, et al._
Case No. SFSC 998956 (WD)

Merchant, Hawaiian Lumberman, Hawaiian Queen, Hawaiian Monarch. Decedent spent 2-3 weeks repairing a generator after it had caught fire on one of the ships.

Standard Oil: HD Collier, Hilger Brown, Chevron Mississippi, Nevada Standard, Arizona Standard, Battle Creek, FS Bryant, Fort Mims, Hawaiian Standard, Idaho Falls, Idaho Standard, JH MacGarigill, JH Tuttle, JL Hanna, Lombardi, ME Lombardi, Oregon Standard, RC Stoner, Utah Standard, WH Berg, Washington Standard.

The following is a list of miscellaneous list of ships on which decedent performed repairs. Discovery and investigation are continuing.

Bon Homme Richard, SO Bland, Chicago, Hornet, Hancock, Samuel Gompers, Houston, Baltimore, Pittsburg, Trenton, Wichita, Kansas City, Dutton, Vanguard, Whippoorwill, Pigeon, Flint, Excel, Tyson Lykes, Arnold, Peoria, Wheeling, Ciudad De Calle, Chauvenet, Wheeling, Silas Bent, Comanche, Kingsport, Flyer, San Pedro, St. Louis, Long Beach, Rose City, Oakland, San Juan, Joseph D. Potts.

In the early 1970's, decedent was performing repairs aboard the Joseph D. Potts at the Bethlehem Shipyard in San Francisco, when there was an explosion on the ship. Discovery and investigation are continuing.

In 1970, decedent was performing repairs aboard the Japan Bear at the Alameda Reefer Dock when there was a fire on the ship. Decedent and other Dahl-Beck workers had to pull all the cable on the ship.

**Asbestos-Containing Materials:**

Motors: Windings insulated with asbestos and electrical coils (in the armatures) insulated with asbestos. Decedent performed work on the motors manufactured by the following: Crocker Willard, Alliance, Alice Chamblers, Seamans.

Ranges: Removal and replacement of asbestos sheets for use as terminal boards. Majority of the ranges were manufactured by General Electric Hot Point.

Wire/Cable: While aboard ships, decedent also performed repair on wiring and cable insulated with asbestos. Decedent pulled cables which involved penetrating bulkheads, thereby exposing him to asbestos dust and fibers from the bulkheads. Discovery and investigation are continuing.

Decedent had significant exposure to asbestos dust and fibers from work performed by other trades aboard the ships he was on.

**REDACTED**

 

WR GRACE PIQ 59076-0051

_et al. v. RAYBESTOS-MANHATTAN, et al._
Case No. SFSC 998956 (WD)

The following are manufacturers of asbestos-containing materials including, but not limited to:

**Manufacturers of Asbestos-Containing Materials:** Including, but not limited to Anchor Packing, Pittsburg Corning, Quintec, SB Decking, American Asbestos, Rapid American, Armstrong World Industries, HK Porter Cement, Flintkote, GAF, Garlock, Atlas, AP Green, Flexitallic, Foster Wheeler, General Refractories, Harbison Walker, KAAC, Johns Mansville, US Gypsum, Baldwin-Ehret Hill, Eagle Picher Industries, Amatex, Keene Corp., Owens-Illinois. Discovery and investigation are continuing.

Discovery and investigation are continuing as to manufacturers of asbestos-containing insulation for wires, cables, electrical coils, and any other asbestos-containing insulation used in the electrical trade.

**Distributors of Asbestos-Containing Materials:** Including, but not limited to Douglas Insulation. Discovery and investigation are continuing.

**Trades:** Including, but not limited to Triple A Machine Shop, Dee Engineering, Western MacArthur, Plant Insulation, OCF, Thorpe Insulation, General Engineering. Discovery and investigation are continuing.

**Co-Workers:** Including, but not limited to Jim Stangland, Charlie Koffler, Henry Sass, Glen Germeshausen, Bob Wheeler, Archie Inman, Bob Powell, Ken Manley, John Hernandez. Discovery and investigation are continuing.

3. **CITY & COUNTY OF SF**
   **Parking & Traffic Div., San Francisco, CA**

**Dates:** 1985-1997
**Title:** Electrician

**Duties:** Maintenance and installation of traffic signals. Decedent removed transite conduit and wire insulation when repairing the master cable. He would have to chop off the transite conduit and replaced the conduit insulation with PVC. Discovery and investigation are continuing.

**Job Sites:** Decedent worked in almost all intersections of San Francisco; discovery and investigation are continuing to obtain specific job sites. On information and belief, decedent worked at well over 500 sites. Three major sites where the decedent worked are the area running along Guerrero Street in the Mission District, Franklin Street, and the Great Highway.

  

**REDACTED**

_et al. v. RAYBESTOS-MANHATTAN, et al._

Case No. SFSC 998956 (WD)

**Other Trades:** Discovery and investigation are continuing.

**Co-Workers:** Including but not limited to George Basley and Joe Pond. Discovery and investigation are continuing.

**Asbestos-Containing Materials:** Including but not limited to transite conduit, wire insulation. Discovery and investigation are continuing.

 

**REDACTED**

_____ ____ _____ *et al. v. RAYBESTOS-MANHATTAN, et al.*
Case No. 998956 (WD)

WR GRACE PIQ 59078-0053

## EXHIBIT B

See Attached.

 

**REDACTED**

WR GRACE PIQ 59078-0064

_____ _et al. v. RAYBESTOS-MANHATTAN, et al._
Case No. 998956 (WD)

### EXHIBIT C

This response contains the most responsive information that plaintiff and counsel have.  Plaintiff has limited knowledge of her husband's work history, and due to the complex nature of the specific product identification discovery and investigation are continuing.

Decedent was not provided protection from breathing airborne asbestos dust and fibers, nor was he provided information as to the hazards of breathing airborne asbestos dust and fibers during the course of his employment.  Further, decedent was not provided information as to the hazards of breathing asbestos dust and fibers.

Discovery and investigation are continuing.

  

WR GRACE PIQ 59078-0065

REDACTED

_et al. v. RAYBESTOS-MANHATTAN, et al._
Case No. SFSC 998956 (WD)

### EXHIBIT D

During his employment, plaintiff was exposed to asbestos-containing materials other than those he personally installed, removed, disturbed, or handled.  He worked in close proximity to laggers, pipefitters, welders, riggers, boilermakers, mechanics, and others.  Each of these trades was involved in installing, removing, disturbing, or handling asbestos.  It was common for all of these trades to be working in close proximity depending on the stage of the work they were involved in.  Safety precautions were not taken by decedent's employer, union, or employee association, to protect him from breathing airborne asbestos dust and fibers.  Discovery and investigation are continuing.

Decedent's was exposed to airborne asbestos dust and fibers aboard ships where he performed electrical repairs in all areas that contained electrical wiring, which involved removing asbestos insulation from wiring and cable and disturbing asbestos insulation in various parts of the ship including pipe insulation.  Decedent's work also involved exposure to airborne asbestos dust and fibers in the galley where work was performed by others and where he performed repairs on food equipment, i.e., ranges.  Decedent was also exposed to asbestos generated by the work performed by other workers who, as a part of their task, sawed off pipe insulation in close proximity to decedent, thereby exposing decedent to extensive airborne asbestos dust and fibers.

Discovery and investigation are continuing.

  

**REDACTED**

*et al. v. RAYBESTOS-MANHATTAN, et al.*

Case No. SFSC 998956 (WD)

### EXHIBIT E

Investigation and discovery are continuing as to depositions of any of the individuals identified in response to interrogatory number one (1) and the circumstances surrounding such depositions. This matter is a topic of ongoing research. Plaintiff reserves the right to supplement this response with subsequently discovered information, including the names of any other witnesses not yet identified. Discovery and investigation are continuing.

REDACTED



WR GRACE PIQ 68078-0067

___et al. v. RAYBESTOS-MANHATTAN, et al.___

Case No. SFSC 998956 (WD)

### EXHIBIT F

Plaintiff objects to this interrogatory on the grounds that it is overbroad, burdensome and harassing and that it is cumulative of information already provided by plaintiff in Plaintiff's Answers to Standard Interrogatories Propounded by Defendants Set 1.  Plaintiff is currently unaware of any other relevant, non-privileged documents responsive to this request that have not already been provided to defendants or that are not equally available to defendants through their own investigation.

Plaintiff reserves the right to supplement this response with subsequently discovered information as any such information is discovered.

 

**REDACTED**

WR GRACE PIQ 69076-0068

*v. RAYBESTOS-MANHATTAN*

Case No. 999168

### EXHIBIT G

Plaintiff has expended a great deal of energy to provide complete and straightforward responses to each and every part and subpart of this interrogatory. Due to the complex nature of specifying each and every contractor/vendor dating back several decades, there may be details that the plaintiff cannot remember and/or cannot be obtained. However, this response contains the most responsive information that plaintiff and/or counsel have to date.

Proper safety precautions were not taken by decedent's employer, union, or employee association, to protect him from breathing airborne dust and fibers.

Discovery and investigation are continuing.

1  Dean A. Hanley, Esq.  (State Bar No. 169507)
   Philip A. Harley, Esq.  (State Bar No. 147407)
2  PAUL, HANLEY & HARLEY LLP
   1608 Fourth Street, Suite 300
3  Berkeley, California 94710
   Telephone:  (510) 559-9980
4  Facsimile:  (510) 559-9970

5  Attorneys for Claimant

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF DELAWARE

10

11

12  In Re:                          )  Case No. 01-1139-JKF
                                    )
13  W.R. GRACE & CO., et al.        )  **Chapter 11**
                                    )
       Debtors.                     )
14                                  )  **CLAIMANTS' RESPONSES AND**
                                    )  **OBJECTIONS TO DEBTORS'**
15                                  )  **STANDARD QUESTIONNAIRE**
                                    )
16                                  )

17                                          , by and through his/her attorneys of record, PAUL,

18  HANLEY & HARLEY, LLP, hereby responds with supplemental information and objections to

19  W.R. GRACE & CO.'s Asbestos Personal Injury Questionnaire:

20       **Part II/ 2, 4, 5, 6 & 7:**

21       The injured party,                    . was seen by numerous physicians for Asbestosis.

22  Claimant presumes that all physicians were paid in the ordinary course by the injured party/

23  claimant(s), an insurance plan and/ or government program; however such information is not

24  readily available.  Claimant contends that such a review would be overly burdensome and

25  require unfair and unnecessary expenditure of investigative time, preparation and cost to

26  substantiate a further response to which would be of no use in any event. Claimant refers debtor

27

28

REDACTED


WR GRACE PIQ 59076-0080

to the interrogatory responses and medical records pertaining to the injured party for additional information.

**Part III:**

Claimant contends that it is irrelevant whether the injured party was exposed to asbestos-containing product manufactured or sold by W.R. Grace at more than one work site. Exposure at one such site is sufficient for purposes of a claim, and any additionally requested identification is immaterial and irrelevant. For the purposes of this questionnaire, claimant's counsel has not reviewed or further investigated information related to exposure at any additional work sites. Claimant's counsel contends that such a review would be overly burdensome and require unfair and unnecessary expenditure of investigative time, preparation and cost. Moreover, W.R. Grace's liability to claimant is determined by California substantive tort law, which does not require any exposure to a defendant's product or direct conduct. As pled in the underlying complaint herein, claimant alleges that defendant W.R. Grace acted in concert with others and conspired to, inter alia, suppress knowledge of the dangers of asbestos and the risks of exposure thereto, which is a sufficient basis for the imposition of liability.

**Part V:**

Claimant declines to provide information responsive to this part on the grounds that it is wholly irrelevant and immaterial to the claim made upon this debtor. Further, providing such information in overly burdensome, is invasive of attorney-client and attorney work-product privileges, and privacy rights. Claimant's counsel contends that to provide such information would be overly burdensome and require unfair and unnecessary expenditure of investigative time, preparation and cost.

**Part VI:**

Claimant's work history is thoroughly detailed in the provided "Joint Defense" Interrogatories. Claimant declines to provide additional information responsive to this part with respect to all other occupational work history of the injured party on the grounds that it is wholly irrelevant and immaterial to the claim made upon this debtor. Further, providing such information is overly burdensome, is invasive of attorney-client and attorney work-product

REDACTED



WR GRACE PIQ 69076-0081

1  privileges, and privacy rights.  The injured party,                    , worked for numerous

2  employers, all of which, except as provided, is irrelevant to the claim for injuries sustained as the

3  result of exposure to debtor's asbestos-containing products.  Claimant's counsel contends that to

4  provide such information would be overly burdensome and require unfair and unnecessary

5  expenditure of investigative time, preparation and cost.

6      **Part VII, a, 4:**

7      Claimant declines to provide information responsive to this part on the grounds that it is

8  wholly irrelevant and immaterial to the claim made upon the debtor.  Further, providing such

9  information is overly burdensome, is invasive of attorney-client and attorney work-product

10 privileges, and privacy rights.  Claimant's counsel contends that to provide such information

11 would be overly burdensome and require unfair and unnecessary expenditure of investigative

12 time, preparation and cost.  Claimant's counsel refers debtor to San Francisco County Superior

13 Court file for this matter for the information requested.

14      **Part VII, a, 4 and 6:**

15      Claimant declines to respond to provide information responsive to this part on the

16 grounds that the information sought is irrelevant and immaterial to the claim made upon this

17 debtor.  The questionnaire seeks information relating to the plaintiff's settlements with entities

18 that are no longer a party to claimant's action.  The responses to these questions are protected by

19 the right of privacy under *Hinshaw, Winkler, Draa, Marsh & Still v. Superior Court* (1996) 51

20 Cal.App. 4th 233.  Further, providing such information would on its face be a violation of

21 binding confidentiality agreement(s), is overly burdensome, is invasive of attorney-client,

22 settlement and attorney work-privileges, and an invasion of privacy rights.

23      **Part VII, b, 2-7:**

24      Claimant has responded to sub-part (1) only.  Claimant declines to respond to sub-

25 parts (2) through (7) on the grounds that the information sought is irrelevant and immaterial to

26 the claim made upon this debtor.  Further, providing such information is overly burdensome, is

27 invasive of attorney-client, settlement and attorney work-privileges, and an invasion of privacy

28 rights.

WR GRACE PIQ 59076-0062

**Part IX:**

Claimant has provided the caption pages for all deposition transcripts taken of testimony given by plaintiffs in either the personal injury or wrongful death actions. Claimant has not provided full transcripts pursuant to the standard custom, practice and policy in California State Court litigation, which prohibit parties from circulating or otherwise reproducing official deposition transcripts, the contents of which are the property of the Certified Court Reporter identified in the caption page, from whom copies may be purchased.

**Part X:**

Only claimant's counsel has signed this questionnaire, as he is authorized to do on behalf of claimant. The process of obtaining claimant signatures for this questionnaire is impractical, unnecessary, overly time consuming and burdensome.

DATED: July 11, 2006

PAUL, HANLEY & HARLEY LLP

By: _____

J. Rae Lovko,
Attorneys for Claimant



WR GRACE  PIQ  59076-0063

https://www.campusship.ups.com/cship/create?ActionOriginPair=print__PrinterPage&P...

7/11/2006

JODIE BRYANT
510-559-9980
PAUL HANLEY HARLEY LLP
1608 FOURTH STREET, SUITE 300
BERKELEY  CA 94710

8 LBS                    1 OF 1

SHIP TO:
    RE: W.R. GRACE & CO. BANKRUPTCY
    RUST CONSULTING
    201 LYNDALE AVE S
    FARIBAULT  MN 55021-5799

MN 550 2-01

UPS NEXT DAY AIR                    1

TRACKING #: 1Z 491 AR1 01 9787 6107

BILLING: P/P

Client Code: 998                    TM

CS 8.5.19.0    W00IE60 54.0A 04/2006

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

WR GRACE-PIQ 000189-001



10315607025759

RE:
Early, Ludwick & Sweeney, L L C
One Century Tower, 11th Floor
265 Church Street
PO Box 1866
New Haven CT 06508

REDACTED

RECEIVED DEC 1 4 2005



000324025759

WR GRACE-PIQ 000189-002

[THIS PAGE INTENTIONALLY LEFT BLANK.]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: ) Chapter 11
)
W. R. GRACE & CO., et al., ) Case No. 01-01139 (JKF)
) Jointly Administered
Debtors. )
)

`WR GRACE-PIQ 000189-003`

# W. R. Grace
# –Asbestos Personal Injury Questionnaire

YOU HAVE **RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.**

**IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:**

|  |  |
|---|---|
| IF SENT BY U.S. MAIL | IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE |
| RUST CONSULTING, INC. | RUST CONSULTING, INC. |
| CLAIMS PROCESSING AGENT | CLAIMS PROCESSING AGENT |
| RE: W.R. GRACE & CO. BANKRUPTCY | RE: W.R. GRACE & CO. BANKRUPTCY |
| P.O. BOX 1620 | 201 S. LYNDALE AVE. |
| FARIBAULT, MN 55021 | FARIBAULT, MN 55021 |

**A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.**

**THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.**

**THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.**

**BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.**

i



## INSTRUCTIONS

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.

   Do **not** send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I – Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II – Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.


WR GRACE-PIQ 000189-005

## D. PART III – Direct Exposure to Grace Asbestos-Containing Products

In Part III, please provide the requested information for the job and site at which you were exposed to asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing product. If your exposure was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

### Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator
31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (*e.g.*, accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

### Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing
109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

**E.  PART IV – Indirect Exposure to Grace Asbestos-Containing Products**

In Part IV, please provide the information requested for any injury alleged to have been [caused] asbestos-containing products through contact/proximity with another injured person.  If [you had] contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person.  For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F.  PART V -- Exposure to Non-Grace Asbestos-Containing Products**

In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products.  If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party.  If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked.  For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G.  PART VI – Employment History**

In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V.  Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job.  Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H.  PART VII -- Litigation and Claims Regarding Asbestos and/or Silica**

In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I.  PART VIII – Claims by Dependents or Related Persons**

Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure.  One example of such a claim would be a claim for loss of consortium.  If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J.  PART IX – Supporting Documentation**

In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire.  As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed.  Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K.  PART X – Attestation that Information is True, Accurate and Complete**

By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete.  If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

## PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

WR GRACE-PIQ 000189-007

**a.  GENERAL INFORMATION**

1. **Name of Claimant:** _____    2. **Gender:** ☑ Male ☐ Female

    Last

3. **Race**    REDACTED    s):.................................... ☐ White/Caucasian

    ☐ African American

    ☑ Other _ un known

4. **Last Four Digits of Social Security Number:** __ __ __ __    5. **Birth Date:** __ / __ __ / __ __ __ __

6. **Mailing Address:** _____

    Address    City    State/Province    Zip/Postal Code

7. **Daytime Telephone Number:**................................... ( __ __ __ ) __ __ __ - __ __ __ __

**b.  LAWYER'S NAME AND FIRM**

1. **Name of Lawyer:** *BRIAN KENNEY*    **EARLY, LUDWICK, SWEENEY & STRAUSS**
    An Association of Professional L.L.C.s
2. **Name of Law Firm With Which Lawyer is Affiliated:** ____    **EARLY, LUDWICK & SWEENEY** L.L.C.
    One Century Tower, 11th Floor
3. **Mailing Address of Firm:** ____    265 Church Street/P.O. Box 1866
    New Haven, Connecticut 06508-1866

    Address    City    State/Province    Zip/Postal Code

4. **Law Firm's Telephone Number or Lawyer's Direct Line:**........................... ( 203 ) 777 - 7799

    ☑ Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of sending such materials to you.

**c.  CAUSE OF DEATH (IF APPLICABLE)**

1. **Is the injured person living or deceased?**...........................................................☑ Living ☐ Deceased
    If deceased, date of death: .................................................................. __ __ / __ __ / __ __ __ __

2. **If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:**

    Primary Cause of Death (as stated in the Death Certificate): _____

    Contributing Cause of Death (as stated in the Death Certificate): _____

## PART II:  ASBESTOS-RELATED CONDITION(S)

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

1. **Please check the box next to the condition being alleged:**

    ☐ Asbestos-Related Lung Cancer    ☐ Mesothelioma

    ☑ Asbestosis    ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)

    ☐ Other Asbestos Disease    ☐ Clinically Severe Asbestosis

    **a. Mesothelioma:** If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that apply):

    ☐ diagnosis from a pathologist certified by the American Board of Pathology

    ☐ diagnosis from a second pathologist certified by the American Board of Pathology

    ☐ diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in the development of the condition

    ☐ other (please specify):_____

1

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

b. **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were lung cancer based on the following (check all that apply):

WR GRACE-PIQ 000189-008

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

☐ other (please specify):_____

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon    ☐ pharyngeal    ☐ esophageal    ☐ laryngeal    ☐ stomach cancer

☐ other, please specify: _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer

☐ other (please specify): _____

2

## PART II: ASBESTOS-RELATED CONDITION(S) (Continued)

WR GRACE-PIQ  000189-009

d.  **Clinically Severe Asbestosis:**  If alleging Clinically Severe Asbestosis, was your diagnosis (check all that apply):

- [ ]  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine
- [ ]  a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health
- [ ]  a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a second B-reader certified by the National Institute for Occupational Safety and Health
- [ ]  asbestosis determined by pathology
- [ ]  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted
- [ ]  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted
- [ ]  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis
- [ ]  other (please specify): _____

e.  **Asbestosis:**  If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

- [ ]  diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine
- [X]  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)
- [ ]  a chest x-ray reading  conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a second B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)
- [ ]  asbestosis determined by pathology
- [ ]  a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted
- [ ]  a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis
- [ ]  other (please specify): _____

3

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE-PIQ 000189-010

f.   **Other Asbestos Disease:** If alleging any asbestos-related injuries, medical diagnoses, and/
those above, was your diagnosis based on the following (check all that apply):

☐   diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐   diagnosis determined by pathology

☐   a chest x-ray reading conducted in compliance with the standards set forth in the International Labour
Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by
the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO
grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO
International Classification of Radiographs and Pneumoconioses* (2000)

☐   a chest x-ray reading conducted in compliance with the standards set forth in the International Labour
Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader
certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0
on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the
ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐   a chest x-ray reading other than those described above

☐   a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic
Society's *Lung Function Testing: Selection of Reference Values and Interpretive Strategies,* demonstrating a
FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80%
predicted or (b) forced vital capacity less than 80% predicted

☐   a pulmonary function test other than that discussed above

☐   a supporting medical diagnosis and supporting documentation establishing that exposure to Grace
asbestos-containing products had a substantial causal role in the development of the condition

☐   a CT Scan or similar testing

☐   a diagnosis other than those above

☐   other (please specify): _____

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

4

WR GRACE-PIQ 000189-011

**PART II  ASBESTOS-RELATED CONDITION(S) (Continued)**

2. **Information Regarding Diagnosis**

   Date of Diagnosis: ................................................................. _06/27/1995_

   Diagnosing Doctor's Name: _____ R. Than Myint_

   Diagnosing Doctor's Specialty: _____ B-Reader_

   Diagnosing Doctor's Mailing Address: _P.O. Box 15551_

   _____
   Address

   _Tampa, FL  33684_
   City                                State/Province        Zip/Postal Code

   Diagnosing Doctor's Daytime Telephone Number: ........................ ( _813_ ) _885-1435_

   With respect to your relationship to the diagnosing doctor, check all applicable boxes:

   Was the diagnosing doctor your personal physician?.............................................................. ☐ Yes ☒ No

   Was the diagnosing doctor paid for the diagnostic services that he/she performed?................................. ☒ Yes ☐ No

   *If yes, please indicate who paid for the services performed:* _advanced by attorney - reimbursed by client_

   Did you retain counsel in order to receive any of the services performed by the diagnosing doctor?............ ☐ Yes ☒ No

   Was the diagnosing doctor referred to you by counsel? ................................................... ☒ Yes ☐ No

   Are you aware of any relationship between the diagnosing doctor and your legal counsel?....................... ☐ Yes ☐ No

   *If yes, please explain:* _____ ☒ unknown

   **Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis?** ........................ ☒ _unknown_ ........ ☐ Yes ☐ No

   **Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?** ........................ ☒ _unknown_ ........ ☐ Yes ☐ No

   **Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis?** ........................ ☒ _unknown_ ........ ☐ Yes ☐ No

   **Did the diagnosing doctor perform a physical examination?** ........................................... ☐ Yes ☒ No

   **Do you currently use tobacco products?** ................................................................... ☐ Yes ☒ No

   **Have you ever used tobacco products?** ...................................................................... ☒ Yes ☐ No

   *If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

   ☒ Cigarettes    Packs Per Day (half pack = .5) _0.75_  Start Year _1978_ End Year _1986_

   ☐ Cigars    Cigars Per Day _____    Start Year __ __ __ __ End Year __ __ __ __

   ☐ If Other Tobacco Products, please specify (e.g., chewing tobacco): _____
   Amount Per Day _____    Start Year __ __ __ __ End Year __ __ __ __

   **Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")?**.................. ☐ Yes ☒ No

   *If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:*

   _____

   _____

3. **Information Regarding Chest X-Ray**

   Please check the box next to the applicable location where your chest x-ray was taken (check one):

   ☐ Mobile laboratory ☐ Job site ☐ Union Hall ☐ Doctor office ☐ Hospital ☐ Other: _____

   Address where chest x-ray taken: _____
   Address

   _____
   City                                State/Province        Zip/Postal Code

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE-PIQ 000189-012

4. **Information Regarding Chest X-Ray Reading**

   Date of Reading: 06 / 27 / 1995          ILO score: _____

   Name of Reader: _____ R. Than Myint _____

   Reader's Daytime Telephone Number: ........................................ ( 8 / 3 ) 8 8 5 - 1 4 3 5

   Reader's Mailing Address: _____ P. O. Box 15551 _____
               Address

   _____ Tampa, FL 33684 _____
   City                        State/Province           Zip/Postal Code

   With respect to your relationship to the reader, check all applicable boxes:

   Was the reader paid for the services that he/she performed .................................. ☒ Yes ☐ No

   *If yes, please indicate who paid for the services performed:* advanced by attorney / reimbursed by client

   Did you retain counsel in order to receive any of the services performed by the reader? ............ ☐ Yes ☒ No

   Was the reader referred to you by counsel? ................................................. ☒ Yes ☐ No

   Are you aware of any relationship between the reader and your legal counsel? ................... ☐ Yes ☐ No

   *If yes, please explain:* _____ Unknown

   **Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading?**
   ............................................................................................. ☒ Yes ☐ No

   *If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

5. **Information Regarding Pulmonary Function Test:** ........................ Date of Test: __ __ / __ __ / __ __ __ __

   List your height in feet and inches when test given: ................................ _____ ft _____ inches

   List your weight in pounds when test given: ...................................................... _____ lbs

   Total Lung Capacity (TLC): ............................................................ _____ % of predicted

   Forced Vital Capacity (FVC): ......................................................... _____ % of predicted

   FEV1/FVC Ratio: ...................................................................... _____ % of predicted

   Name of Doctor Performing Test (if applicable): _____

   Doctor's Specialty: _____

   Name of Clinician Performing Test (if applicable): _____

   Testing Doctor or Clinician's Mailing Address: _____
               Address

   _____
   City                   State/Province           Zip/Postal Code

   Testing Doctor or Clinician's Daytime Telephone Number: ..................... ( __ __ __ ) __ __ __ - __ __ __ __

   Name of Doctor Interpreting Test: _____

   Doctor's Specialty: _____

   Interpreting Doctor's Mailing Address: _____
               Address

   _____
   City                   State/Province           Zip/Postal Code

   Interpreting Doctor's Daytime Telephone Number: ..................... ( __ __ __ ) __ __ __ - __ __ __ __

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE-PIQ 000189-013

**With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:**

If the test was performed by a doctor, was the doctor your personal physician? ........................................ ☐ Yes ☐ No

Was the testing doctor and/or clinician paid for the services that he/she performed? ................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician?.. ☐ Yes ☐ No

Was the testing doctor or clinician referred to you by counsel? ........................................ ☐ Yes ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ............ ☐ Yes ☐ No

*If yes, please explain:* _____

**Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test?** ........................................ ☐ Yes ☐ No

**With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:**

Was the doctor your personal physician? ........................................ ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? ........................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ...................... ☐ Yes ☐ No

Was the doctor referred to you by counsel? ........................................ ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ........................... ☐ Yes ☐ No

*If yes, please explain* _____

**Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed?** ........................... ☐ Yes ☐ No

6. **Information Regarding Pathology Reports:**

Date of Pathology Report: ........................................ __ __ / __ __ / __ __ __ __

Findings: _____

Name of Doctor Issuing Report: _____

Doctor's Specialty: _____

Doctor's Mailing Address: _____
                          Address

City                              State/Province                    Zip/Postal Code

Doctor's Daytime Telephone Number: ........................................ ( __ __ __ ) __ __ __ - __ __ __ __

**With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:**

Was the doctor your personal physician? ........................................ ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? ........................................ ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ...................... ☐ Yes ☐ No

Was the doctor referred to you by counsel? ........................................ ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ........................... ☐ Yes ☐ No

*If yes, please explain:* _____

**Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis?**

........................................ ☐ Yes ☐ No

**PART II: ASBESTOS-RELATED CONDITION(S) (Continued)**

WR GRACE-PIQ 000189-014

7.  With respect to the condition alleged, have you received medical treatment from a doctor
.................................................................................................................................. ☐ Yes ☒ No

*If yes, please complete the following:*

Name of Treating Doctor: _____

Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____
                                Address

| City | State/Province | Zip/Postal Code |
|------|----------------|-----------------|

Treating Doctor's Daytime Telephone number: .......................................... ( _ _ _ ) _ _ _ - _ _ _ _

Was the doctor paid for the services that he/she performed? ............................................. ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ..................... ☐ Yes ☐ No


**[REMAINDER OF PAGE INTENTIONALLY BLANK]**


8

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products
(b) A worker who personally removed or cut Grace asbestos-containing products
(c) A worker who personally installed Grace asbestos-containing products
(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others
(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by others
(f) If other, please specify.

Site of Exposure:

Site Name: Raybestos-Manhatten     Location: Stratford, CT

Site Type: ☐ Residence  ☒ Business    Site Owner: Raymark Industries

Employer During Exposure: Raymark Industries    Unions of which you were a member during your employment: _____

| | Product(s) | Basis for Identification of Each Grace Product | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code (If Code 99, specify) | Industry Code (If Code 100, specify) | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|---|
| Job 1 Description: | Zonol.te Hyperlastant | Co-work | 1979-1982 | 03 | 117 | Yes/Close | D |
| Job 2 Description: | Zonol.te mono lok mt3 | Co-work | 1979-1982 | 03 | 117 | Yes/Close | ① |
| Job 3 Description: | | | | | | | |
| Job 4 Description: | | | | | | | |
| Job 5 Description: | | | | | | | |
| Job 6 Description: | | | | | | | |

WR GRACE-PIQ 000189-015

9

**PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING P**

WR GRACE-PIQ 000189-016

1.  Are you asserting an injury caused by exposure to Grace asbestos-containing products th
    with another injured person? ................................................................................ ☐ Yes ☐ No
    *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2.  Please indicate the following information regarding the other injured person:

    Name of Other Injured Person: _____ Gender: ☐ Male ☐ Female

    Last Four Digits of Social Security Number: __ __ __ __        Birth Date: __ __ / __ __ / __ __

3.  What is your Relationship to Other Injured Person: ................................ ☐ Spouse ☐ Child ☐ Other

4.  Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products:
    _____

5.  Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products:
    From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

6.  Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product:
    _____

7.  Has the Other Injured Person filed a lawsuit related to his/her exposure? ........................... ☐ Yes ☐ No
    *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

    Caption: _____

    Case Number: _____  File Date: __ __ / __ __ / __ __ __ __

    Court Name: _____

8.  Nature of Your Own Exposure to Grace Asbestos-Containing Product:
    _____

9.  Dates of Your Own Exposure to Grace Asbestos-Containing Product:
    From: __ __ / __ __ / __ __ __ __    To: __ __ / __ __ / __ __ __ __

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product:
    _____

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

  (a) A worker who personally mixed Non-Grace asbestos-containing products
  (b) A worker who personally removed or cut Non-Grace asbestos-containing products
  (c) A worker who personally installed Non-Grace asbestos-containing products
  (d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
  (e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others
  (f) If other, please specify.

**Party Against which Lawsuit or Claim was Filed:**

_____

| | Product(s) | Dates and Frequency of Exposure (hours/day, days/year) | Occupation Code If Code 59, specify | Industry Code If Code 11a, specify | Was exposure due to working in or around areas where product was being installed, mixed, removed, or cut? If Yes, please indicate your regular proximity to such areas | Nature of Exposure |
|---|---|---|---|---|---|---|
| **Site of Exposure 1** | | | | | | |
| Site Name:___ | | | | | | |
| Address:___ | | | | | | |
| City and State:___ | | | | | | |
| Site Owner:___ | | | | | | |
| Job 1 Description:___ | | | | | | |
| Job 2 Description:___ | | OBJECTION: SEE ATTACHED | | | | |
| Job 3 Description:___ | | | | | | |
| **Site of Exposure 2** | | | | | | |
| Site Name:___ | | | | | | |
| Address:___ | | | | | | |
| City and State:___ | | | | | | |
| Site Owner:___ | | | | | | |
| Job 1 Description:___ | | | | | | |
| Job 2 Description:___ | | | | | | |
| Job 3 Description:___ | | | | | | |
| **Site of Exposure 3** | | | | | | |
| Site Name:___ | | | | | | |
| Address:___ | | | | | | |
| City and State:___ | | | | | | |
| Site Owner:___ | | | | | | |
| Job 1 Description:___ | | | | | | |
| Job 2 Description:___ | | | | | | |
| Job 3 Description:___ | | | | | | |

WR GRACE-PIQ 000189-017

11

## PART VI: EMPLOYMENT HISTORY

WR GRACE-PIQ 000189-018

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial jobs, including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**Occupation Code:** _____    If Code 59, specify: _____

**Industry Code:** _____    If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __        **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
              Address

_____
City                                        State/Province                        Zip/Postal Code

**Occupation Code:** _____    If Code 59, specify: _____

**Industry Code:** _____    If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __        **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
              Address

## OBJECTION: SEE ATTACHED

_____
City                                        State/Province                        Zip/Postal Code

**Occupation Code:** _____    If Code 59, specify: _____

**Industry Code:** _____    If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __        **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
              Address

_____
City                                        State/Province                        Zip/Postal Code

**Occupation Code:** _____    If Code 59, specify: _____

**Industry Code:** _____    If Code 118, specify: _____

**Employer:** _____

**Beginning of Employment:** __ __ / __ __ / __ __ __ __        **End of Employment:** __ __ / __ __ / __ __ __ __

**Location:** _____
              Address

_____
City                                        State/Province                        Zip/Postal Code

12

## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/O

WR GRACE-PIQ 000189-019

**REDACTED**

### a. LITIGATION

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica?........................................☒Yes ☐ No

   *If yes, please con                                    vsuit. For your convenience, additional copies of Part VII are attached*

   Caption:

2. Please provide tl    VS. ASBESTOS CORPORATION    name for the lawsuit you filed:
   LIMITED, ET AL
   Case #: BA2-96-0334068S  File Date: 06/20/96

   Caption:  ___

   Case Number: _____    File Date: ___/___/____

   Court Name: _Superior Court of Fairfield at Bridgeport_

3. Was Grace a defendant in the lawsuit? ..................................................................................☒Yes ☐ No

4. Was the lawsuit dismissed against any defendant? ...................................................................☐ Yes ☐ No

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:*

   _____

   _____

5. Has a judgment or verdict been entered?...................................................................................☐ Yes ☐ No

   *If yes, please indicate verdict amount for each defendant(s):* _____

6. Was a settlement agreement reached in this lawsuit? ................................................................☐ Yes ☐ No

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

   a. Settlement amount for each defendant: _                                            _____

   b. Applicable defendants:_____    **OBJECTION: A (4-7)**    _____

   c. Disease or condition alleged: _____    **SEE ATTACHED**    _____

   d. Disease or condition settled (if different than disease or condition alleged):_____

7. Were you deposed in this lawsuit? ...........................................................................................☐ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire.*

### b. CLAIMS

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? ...................................................☒Yes ☐ No

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted:................................................................... __ __/__ __/__ __ __ __

3. Person or entity against whom the claim was submitted: _____

4. Description of claim: ___    **OBJECTION: B (2-7)**    _____

5. Was claim settled? ............    **SEE ATTACHED**    ......................☐ Yes ☐ No

6. Please indicate settlement amount: ...............................................$_____

7. Was the claim dismissed or otherwise disallowed or not honored? .........................................☐ Yes ☐ No

   *If yes, provide the basis for dismissal of the claim:_____*

13

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSON

WR GRACE-PIQ 000189-020

Name of Dependent or Related Person: _____          Gender: ☐ Male ☒ Female

Last Four Digits of Social Security Number: _         __ / __ __ / __ __ __ __

Financially Dependent:................................. **REDACTED**         .....................☒ Yes ☐ No

Relationship to Injured Party: ☒ Spouse ☐ Child ☐ Other If other, please specify) _____

Mailing  Address: _____
                              Address

City                              State/Province                    Zip/Postal Code

Daytime Telephone number: ....................................................... ( __ __ __ ) __ __ __ - __ __ __ __

## PART IX:  SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☒ Supporting documentation of exposure to Grace asbestos-containing products
☐ Supporting documentation of other asbestos exposure

☐ X-rays
☒ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
☐ Death Certification

**Originals:**

☐ Medical records and/or report containing a diagnosis
☐ Lung function test results
☐ Lung function test interpretations
☐ Pathology reports
☐ Supporting documentation of exposure to Grace asbestos-containing products

☐ Supporting documentation of other asbestos exposure
☐ X-rays
☐ X-ray reports/interpretations
☐ CT scans
☐ CT scan reports/interpretations
☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation.  Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:

_____

_____

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful.  This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim.  The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 & 3571. **TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _~ C.~_                          Date: _12/06/2005_

Please Print Name: _Brian Kenney_

## TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _~ P. ~_                          Date: _12/06/2005_

Please Print Name: _Brian Kenney_

14



WR GRACE-PIQ 000189-021

**R. THAN MYINT, M.D., D.I.H.,F.A.C.O.M.**
**5071 SAVARESE CIRCLE**
**P.O. BOX 15551**
**TAMPA, FL 33684**
**Phone 813 885-1435**

RE:     **REDACTED**
SS #
DOB

**ASBESTOS EXPOSURE:**
    Occupation   Raymark Plantworker
    Year began   1978
    Year ended   1983

To Whom It May Concern:

I am a physician licensed in the State of Florida.  I am Board Certified in Industrial Health and Public Health.  I am also a certified "B" reader.

I have reviewed the x-ray and asbestos exposure history of the above named patient.  It is my opinion to a reasonable degree of medical certainty, that the claimant has the following asbestos related conditions:

    ✓       bilateral interstitial lung disease related to his asbestos exposure,
           or asbestosis-- patient's ILO B reading is 1/0 or greater
    _____  bilateral pleural plaques or pleural thickening related to his asbestos
           exposure, or pleural disease
    _____  other: _____

Date

R. Than Myint, M.D.

**OCCUPATIONAL MEDICINE & INDUSTRIAL HEALTH SERVICES**

# OCCUPATIONAL MEDICINE & INDUSTRIAL HEALTH SERVICES

5071 Savarese Circle • Tampa West Industrial Park • Tampa, Florida 33614
P.O. Box 15551 • Tampa, Florida 33684
Phone: (813) 885-1435 or 885-1436

**REDACTED**

WR GRACE-PIQ 000189-022

**WORKER'S Social Security Number**  [ | | | | | | | | | ]

**TYPE OF READING**  [A | P]

**FACILITY IDENTIFICATION**  [ | | | | ]

| 1A. DATE OF X-RAY | 1B. FILM QUALITY 1 2 3 | 1C. IS FILM COMPLETELY NEGATIVE? |
|---|---|---|
| 06 12 85 | Septum 1 Staged | YES ☐   NO ☒ |

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**   YES ☒   NO ☐   COMPLETE 2B and 2C   PROCEED TO SECTION 3

**2B. SMALL OPACITIES**

a. SHAPE/SIZE
PRIMARY: p q r — SECONDARY: s t u

b. ZONES — R L

c. PROFUSION

**2C. LARGE OPACITIES**
SIZE [ A B C ]
PROCEED TO SECTION 3

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**   YES ☐   COMPLETE 3B, 3C and 3D   NO ☒   PROCEED TO SECTION 4

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (plaque)
SITE [ O R L ]

b. COSTOPHRENIC ANGLE
SITE [ O R L ]

**3C. PLEURAL THICKENING . . Chest Wall**

a. CIRCUMSCRIBED (plaque)

| | SITE [O R] | SITE [O L] |
|---|---|---|
| IN PROFILE | [O A B C] | [O A B C] |
| i. WIDTH | [0 1 2 3] | [0 1 2 3] |
| ii. EXTENT | | |
| FACE ON iii. EXTENT | [0 1 2 3] | [0 1 2 3] |

b. DIFFUSE

| | SITE [O R] | SITE [O L] |
|---|---|---|
| IN PROFILE | [O A B C] | [O A B C] |
| i. WIDTH | [0 1 2 3] | [0 1 2 3] |
| ii. EXTENT | | |
| FACE ON iii. EXTENT | [0 1 2 3] | [0 1 2 3] |

**3D. PLEURAL CALCIFICATION**

| | SITE [O R] EXTENT | | SITE [O L] EXTENT |
|---|---|---|---|
| a. DIAPHRAGM | [0 1 2 3] | a. DIAPHRAGM | [0 1 2 3] |
| b. WALL | [0 1 2 3] | b. WALL | [0 1 2 3] |
| c. OTHER SITES | [0 1 2 3] | c. OTHER SITES | [0 1 2 3] |

PROCEED TO SECTION 4

**4A. ANY OTHER ABNORMALITIES?**   YES ☒   COMPLETE 4B and 4C   NO ☐   PROCEED TO SECTION 5

**4B. OTHER SYMBOLS (OBLIGATORY)**

[ O ax bu ca cn co cp cv di et em es fr ☒ ho id ih kt pi px rb tb ]

Report items which may be of present clinical significance in this section.   [OD]   (SPECIFY od.)

Date Personal Physician notified?   [MONTH DAY YR]

**4C. OTHER COMMENTS**   Date Read 6 27 85 PH Chest
pulmonary robertson

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C?   YES ☒   NO   PROCEED TO SECTION 5



AFFIDAVIT OF

Now comes being duly sworn, makes oath as follows:

1. I Have personal knowledge of he facts hereinafter set forth.

2. My date of birth is and my social security number is

REDACTED

3. This affidavit concerns my employment as a plantworker at Raymark Industries, Inc. formerly known as Raybestos-Manhattan in Stratford, Connecticut during the years approximately 1979 to 1982.

4. I the course of my employment I worked with and/or around asbestos and various asbestos-containing products and materials. I also worked alongside other tradesman such as insulators, plumbers, electricians, carpenters, etc. who were using asbestos and various asbestos-containing products while installing, repairing, or renovating the Raybestos-Manhattan plant in Stratford, CT.

5. I breathed air containing particles of dust arising from asbestos and asbestos-containing materials at these jobs.

6. This affidavit is not meant to be inclusive and may be supplemented in the future.

REDACTED

5/20/98
Date

STATE: Connecticut
COUNTY OF: New Haven

Subscribed and sworn to before me on this 20th day of May, 1998.

Notary Public
My Commission Expires:

JEAN A. DANIELS
NOTARY PUBLIC
My Commission Expires November 30, 2000



WR GRACE-PIQ  000189-024

## AFFIDAVIT OF JOSEPH SALEMI

Now comes Joseph Salemi being duly sworn, makes oath as follows:

1. I have personal knowledge of the facts hereinafter set forth.

2. My date of birth is 12/08/28 and my Social Security Number is 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.

3. I have worked worked with and been exposed to asbestos and various asbestos-containing products throughout my employment as an insulator/asbestos worker, member of Local 33 during the years 1946 to 1991.

4. I worked with and/or around asbestos and various asbestos-containing products and materials.   I also worked alongside other tradesmen  such as insulators, plumbers, steamfitters, pipefitters, boilermakers, etc. who were using asbestos and various asbestos-containing products.

5  I breathed air containing particles of dust arising from asbestos and asbestos-containing materials at these jobsites.

6. I specifically recall using and/or being exposed to asbestos-containing products manufactured and/or distributed by W.R. Grace. I specifically recall working with and/or around High Temperature Insulating Cement and Zonolite High Temperature Cement at the following jobsite during the dates listed below:

Raymark Industries, Inc. formerly            1960 - 1963
Raybestos-Manhattan
Stratford, CT

7. This affidavit is not meant to be inclusive and may be supplemented in the future.

11/17/95
Date

Joseph Salemi
Joseph Salemi


STATE OF:  CT

COUNTY OF:  Middlesey

Subscribed and sworn to before me on this 17th day of November, 1995.

Sandra E Kustai
Notary Public
My Commission Expires: 12/31/99

WR GRACE-PIQ 000189-025

| JOBSITE | DEFENDANT | PRODUCT | YR | IDENTIFIER |
|---------|-----------|---------|-----|-----------|
| Raybestos Manhattan Stratford, CT | WR GRACE | High temperature insulating cement | 1960-63 | J. Salemi |
| | | Zonolite High temperature cement | 1960-63 | J. Salemi |
| | | Zonolite Mono-kote MK-3 | 1969 | W. Bannon |
| | | Zonolite Spra-Tex | 1969 | W. Bannon |
| | | High Temperature insulating cement | 1950 | J. Brangi |
| | | Zonolite High Temperature cement | 1950 | J. Brangi |


WR GRACE-PIQ 000189-026

W.R. Grace Asbestos Personal Injury Questionnaire Objections

| Part 5 | Claimant objects to all discovery sought by W.R. Grace with respect to any party against which claimant has filed a lawsuit or a claim alleging exposure to asbestos-containing products. Claimant objects because the request does not appear reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request would unduly burden the claimant. Moreover, W.R. Grace improperly seeks to shift to the claimant the burden of proving its affirmative claims for contribution against other parties. Finally, the claimant further objects that such a request for information is vague and overly broad. |
|---|---|
| Part 6 | Claimant objects to all discovery sought by W.R. Grace with respect to any party against which claimant has filed a lawsuit or a claim alleging exposure to asbestos-containing products. Claimant objects because the request does not appear reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request would unduly burden the claimant. Moreover, W.R. Grace improperly seeks to shift to the claimant the burden of proving its affirmative claims for contribution against other parties. Finally, the claimant further objects that such a request for information is vague and overly broad. |
| Part 7, Section A, Questions 4-7 | Claimant objects because the request does not seem reasonably calculated to lead to discovery of admissible evidence, and would unduly burden the claimant. Claimant objects to providing information to Part 7(a)(6), and object especially to the request for the amount of recovery by settlement with particular defendants. Settlements are a matter of private contract law, and are generally entered into with mutual assurance of confidentiality. |
| Part 7, Section B, Questions 2-7 | Claimant objects because the request does not seem reasonably calculated to lead to discovery of admissible evidence, and would unduly burden the claimant. |


WR GRACE-PIQ 000189-027

# EARLY

# LUDWICK

# SWEENEY &

# STRAUSS

ATTORNEYS AT LAW
An Association of Professional L.L.C.s

EARLY, LUDWICK & SWEENEY, L.L.C.
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799  (Fax) (203) 785-1671
web site: www.elslaw.com
e-mail: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY*
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY*
RON MICHAEL MENEO, L.L.C.‡
ETHAN J. EARLY**
CHRISTOPHER MEISENKOTHEN***
MICHAEL J. LUZZI††
BRIAN F. EARLY‡‡
JOHN E. DEATON***
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY‡‡
EDWARD H. BURKE**
MARK G. STRAUSS
Of Counsel

EARLY & STRAUSS, L.L.C.
360 Lexington Avenue
New York, NY 10017
(212) 986-2233  (Fax) (212) 986-2255
web site: www.elslaw.com
e-mail: els@elslaw.com

JAMES F. EARLY*
MARK G. STRAUSS**
LINDALEA P. LUDWICK††
MARK BIBRO††
ETHAN J. EARLY**
BRIAN F. EARLY†††
BRENDAN M. DOYLE††
R. MICHAEL MENEO, Esq. L.L.C.
Of Counsel

* CT & NH Bar
† CT Bar
†† CT & RI Bar
** NY, NJ, PA, DC, MO & IL Bar
‡ CT, MA & NY
* CT & NY Bar
** NY Bar
*** CT, NY, ME & GA Bar
*** MA, RI & MA Bar
*** CT, NY & CA Bar
‡‡ CT, RI & MA Bar
‡‡‡ NY, CA & DC Bar
* CT & MA Bar
** CT, FL & USDC

VIA FEDERAL EXPRESS

December 12, 2005

Rust Consulting, Inc.
Claims Processing Agent
RE: W.R. Grace & Co. Bankruptcy
201 S. Lyndale Ave.
Faribault, MN  55021

RE:    W.R. Grace Asbestos Personal Injury Questionnaire

Dear Claims Processing Agent:

Pursuant to the requirements of the plan of reorganization for the W.R.
Grace Trust, enclosed, please find the completed W.R. Grace Asbestos
Personal Injury Questionnaires along with supporting documents for
our clients on the attached list.  This is in compliance with the January
12, 2006 deadline.

Thank you for your kind attention to this matter.  If you should have
any questions, please contact us at our New Haven office.

Sincerely,
EARLY, LUDWICK & SWEENEY, L.L.C.

Theresa Oberempt
Legal Assistant

/to
Enclosure

RECEIVED DEC 1 4 2005

W.R. Grace Claimants



WR GRACE-PIQ 000189-028

**Box 1 Contains:**

| Client Name | SS# | Jurisdiction |
|---|---|---|
| Acquaviva, Maurice J. | 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 | Connecticut |
| Ahern, Michael | 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 | New York |
| Ambrose, Paul | 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 | Connecticut |
| Amenta, Sebastian | 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 | Connecticut |
| Anderson, Harold F. | 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 | Connecticut |
| Ariel, Alan | 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 | New York |
| Augeri, Joseph | 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 | Connecticut |
| Badamo, Albert | 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 | New York |
| Bagge, Edward | 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 | Connecticut |
| Battista, Emilio | 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 | New York |
| Beckwith, Dorothy | 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 | Connecticut |
| Beiro, Sandy | 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 | New York |
| Belcher, Barbara | 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 | Connecticut |
| Best, Leo | 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 | Connecticut |
| Bigl, Wilfred | 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 | Connecticut |
| Bily, John | 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 | Connecticut |
| Birsen, Kenneth | 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 | New York |
| Borsay, William J. | 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 | Connecticut |
| Boyer, Paul A. | 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 | New York |
| Boyle, John W. | 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 | New York |
| Brewster, Jack | 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 | New York |
| Breymayer, Gerhardt F. | 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 | Connecticut |
| Brown, Fred | 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 | New York |
| Brown, Henry H. | 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 | Connecticut |
| Budinich, Richard E. | 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 | New York |
| | | |
| Bullock, Lawrence | 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 | Connecticut |
| Bunnell, Michael | 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 | Connecticut |
| Burbank, Stephen | 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 | Connecticut |
| Byczek, Marion J. | 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 | New York |
| Cafano, George | 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 | Connecticut |
| Campbell, Charles J. | 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 | New York |
| Campbell, Joseph E. | 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 | Connecticut |
| Capece, William M. | 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 | Connecticut |
| Carofano, Ralph Sr. | 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 | Connecticut |
| Cassella, James | 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 | Connecticut |
| Castellano, Joseph | 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 | Connecticut |
| Celia, Sr., Francis J. | 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 | Connecticut |
| Ceslik, Gene | 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 | Connecticut |
| Chapman, Roger L. | 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 | Connecticut |
| Christianson, Bernard | 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 | Connecticut |
| Cirillo, Ralph | 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 | Connecticut |
| Civitello, Jr., Alfred J. | 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 | Connecticut |
| Clark, Raymond | 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 | Connecticut |
| Cohen, Maurice W. | 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 | Connecticut |
| Colavecchio, Donato | 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 | Connecticut |

REDACTED

RECEIVED DEC 1 4 2005


WR GRACE-PIQ  000189-029

| | | |
|---|---|---|
| Collishaw, Richard | 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 | New York |
| Concelmo, Joseph | 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 | Connecticut |
| Condon, James G. | 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 | Connecticut |
| Conroy, Eugene | 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 | Connecticut |
| Convertito, Sr., Vincent | 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 | Connecticut |
| Corcoran, James J. | 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 | New York |
| Cornacchia, Antonio S. | 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 | Connecticut |
| Corvo, Jr., Louis | 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 | Connecticut |
| Coughanour, Frank | 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 | New York |
| Coyne, Patrick | 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 | New York |
| Crean, Thomas | 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 | Connecticut |
| Crouch, James | 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 | Connecticut |
| Damato, Alfred | 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 | Connecticut |
| Depew, Allen | 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 | Connecticut |
| Deslauriers, Mary L. | 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 | Connecticut |
| DeVito, Roosevelt E. | 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 | Connecticut |
| Dohoney, Jr., Edward | 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 | Connecticut |
| Dupuis, Leo A. | 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 | Connecticut |
| Dyer, Richard | 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 | Connecticut |
| Eager, Ralph J. | 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 | Connecticut |
| Eichelkraut, Gertrude C. | 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 | Connecticut |
| Elliott, Richard Sr. | 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 | Connecticut |
| Ereshena, Frank | 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 | Connecticut |
| Fasolo, Frank | 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 | Connecticut |
| Fecteau, Edward | 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 | Connecticut |
| Feest, Edward | 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 | Connecticut |
| Fessina, Antonio | 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 | New York |
| Fitzgerald, Jean | 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 | Connecticut |
| Fontanella, John | 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 | Connecticut |
| Fraser, William | 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 | Connecticut |
| French, Sr., James W. | 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 | Connecticut |
| Garellick, Sam | 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 | New York |
| Gehnrich, Charles A. | 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 | New York |
| Genga, Albo | 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 | Connecticut |
| George, Raymond | 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 | Connecticut |
| Gervascio, Frank J. | 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 | Connecticut |
| Giordano, Frank | 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 | New York |
| Giunta, Joseph | 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 | Connecticut |
| Goldberg, Stuart | 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 | New York |
| Grady, Frederick | 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 | Connecticut |
| Grandel, Joseph | 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 | Connecticut |
| Gray, Martin J. | 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 | New York |
| Guaglianone, Jr., Amedeo S. | 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 | Connecticut |
| Gulick, Peter | 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 | Connecticut |
| Guthrie, Joseph | 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 | Connecticut |
| Hafner, Frank | 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 | New York |
| Hajnal, Joseph | 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 | Connecticut |
| Hall, Joseph D. | 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 | Connecticut |
| Hampton, Nathaniel C. | 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 | Connecticut |
| Hanlon, Sr., Edward M. | 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 | Connecticut |
| Hansen, Raymond | 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 | Connecticut |

RECEIVED DEC 1 4 2005

RECEIVED DEC 1 4 2005

WR GRACE-PIQ 000189-030

| Name | SSN | State |
|------|-----|-------|
| Hawkins, John | 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 | New York |
| Hempelman, Harry | 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 | New York |
| Hering, Howard | 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 | New York |
| Hickman, Donald W. | 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 | New York |
| Hillen, John | 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 | New York |
| Hodgkins, Curtis | 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 | Connecticut |
| Holewiak, Edward | 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 | Connecticut |
| Horan, John | 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 | Connecticut |
| Huskisson, Kenneth | 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 | New York |
| Hylinski, Steven | 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 | Connecticut |
| Ingala, Charles A, Sr. | 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 | New York |
| Ivey, Albert J. | 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 | Connecticut |
| Jacques, Adelard | 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 | Connecticut |
| Kay, David | 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 | New York |
| Kaye, Richard | 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 | Connecticut |
| Kearns, Thomas O. | 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 | Connecticut |
| Killard, John Sr. | 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 | New York |
| Killeran, Edward | 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 | Connecticut |
| Kinbar, Jacob M. | 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 | New York |
| King, Sanford | 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 | Connecticut |
| Knapp, Vincent | 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 | Connecticut |
| Kopke, Gerald A. | 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 | Connecticut |
| Korolyshun, Russell T. | 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 | Connecticut |
| Kovner, Hyman | 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 | Connecticut |
| Kuchta, Francis | 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 | Connecticut |
| Kumnick, Robert | 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 | Connecticut |
| Kuzniar, Joan M. | 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 | Connecticut |
| Labonia, Michael | 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 | Connecticut |
| Lamberton, John, T. | 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 | Connecticut |
| Lane, William | 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 | Connecticut |
| Lanni, James | 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 | Connecticut |
| Lantieri, Salvatore | 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 | Connecticut |
| Larsen, Berry | 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 | Connecticut |
| Larsen, Lawrence E. | 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 | Connecticut |
| Lavrik, Chester T. | 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 | New York |

RECEIVED DEC 1 4 2005



WR GRACE-PIQ 000189-031

ORIGIN ID:OXCA
203/777-7799
EARLY, LUDWICK & SWEENEY
FL 11CENTURYTOWER
265 CHURCH ST
NEW HAVEN, CT 06510

CAD # 409110
DATE: 12DEC05
ACTUAL WGT : 34 LBS

PKGID:to-quest

**TO:**
CLAIM PROCESSING AGENT
RUST CONSULTING, INC. 800-432-1909
201 S. LYNDALE AVE
FAIRBAULT, MN 55021



FedEx Revenue Barcode



Delivery Address Barcode (FedEx EDR)

**FedEx** EXPRESS SAVER

THU

CAD # 409110 12DEC05

Deliver By:
15DEC05

TRK# 6915 1113 6429  FORM 0201    **RST**    AA

55021 -MN-US    **L7 0WAA**



RECEIVED DEC 1 4 2005

# W. R. Grace
# Asbestos Personal Injury Questionnaire



WR GRACE-PIQ 001106-001

10315607002960

RE:

Wartnick, Chaber, Harowitz & Tigerman
101 California Street, Suite 2200
San Francisco CA 94111

**REDACTED**

REC'D JAN 0 9 2006



001015002960

WR GRACE-PIQ 001106-002

[THIS PAGE INTENTIONALLY LEFT BLANK.]



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

WR GRACE-PIQ 001106-003

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

IF SENT BY U.S. MAIL

RUST CONSULTING, INC.
CLAIMS PROCESSING AGENT
RE: W.R. GRACE & CO. BANKRUPTCY
P.O. BOX 1620
FARIBAULT, MN 55021

IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE

RUST CONSULTING, INC.
CLAIMS PROCESSING AGENT
RE: W.R. GRACE & CO. BANKRUPTCY
201 S. LYNDALE AVE.
FARIBAULT, MN 55021

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. THE QUESTIONNAIRE IS BEING USED BY W. R. GRACE AS A MEANS TO SEEK INFORMATION ABOUT YOUR ASBESTOS CLAIM. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

## INSTRUCTIONS

### A. GENERAL

1. This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injury that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates): It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2. Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.

   Do **not** send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3. Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4. All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5. Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I – Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II – Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

**Supporting Documents for Diagnosis:** This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

**X-rays and B-reads:** Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

**Pulmonary Function Tests:** Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.