IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **W. R. GRACE & CO., *et al.*** [1] ) | Chapter 11 |
| ) | |
| **Debtors.** ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |

## STIPULATION REINSTATING CLAIM OF ROBERT LOCKE AND REFERRAL OF CLAIM TO ADR PROGRAM

This stipulation is entered into this 13th day of November, 2006, between the above-captioned debtors (collectively, the "Debtors"), Robert J. Bettacchi ("Bettacchi") and Robert H. Locke ("Locke").

WHEREAS, on or about May 18, 1999, Locke filed the case captioned Robert Locke v. W. R. Grace and Robert Bettacchi, No. 99-2530, (Mass. Sup. Ct., Middlesex Cty.), (the "Locke Action"), asserting claims of employment discrimination against the Debtors and Bettacchi, the then Senior Vice President of W. R. Grace & Co. and W. R. Grace & Co.-Conn., and President

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food ☐N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

of Grace Performance Chemicals, one of the Debtors' two major operating units (collectively, the "Defendants"); and

WHEREAS, on or about January 2, 2001, the Massachusetts Superior Court entered an order granting a motion to compel the Defendants to respond to certain discovery requests submitted by Locke and another order granting a motion to compel discovery was entered in May 2001 (together, the "Discovery Order"); and

WHEREAS, on or about January 22, 2001, the Defendants filed a motion for summary judgment seeking a judgment in favor of the Defendants on all counts of the Locke Action (the "Summary Judgment Motion"); and

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code; and

WHEREAS, on or about April 27, 2001, the Court entered a preliminary injunction staying actions against certain non-debtor affiliates of the Debtors which was later extended to stay actions against current and former directors, officers and employees of the Debtors arising out of their employment with the Debtors, including the Locke Action (the "Injunction"); and

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims; and

WHEREAS, on March 28, 2003, Locke filed a Proof of Claim (the "Claim") against the Debtors, Claim No. 9566 in the amount of approximately $6 - 7 million for age and handicap discrimination as alleged in the Locke Action; and

WHEREAS, on or about May 19, 2003, the parties entered into a stipulation which partially lifted the automatic stay and the Injunction to permit the parties to the Locke Action to complete discovery as set forth in the Discovery Order, prosecute and defend the Summary Judgment Motion and to take such actions as necessary or appropriate to exercise their rights of appeal, if any, with respect to the Summary Judgment Motion, until such rights had been exhausted; and

WHEREAS, on or about November 16, 2004, the Summary Judgment Motion was granted with respect to the age discrimination claims but denied with respect to the disability claims; and

WHEREAS, on November 8, 2004, this Court approved the Debtors' motion to establish an alternative dispute resolution program to liquidate certain prepetition claims (D.I. 6853) (the "ADR Order"); and

WHEREAS, on or about May 18 2005, the Debtors, through attorneys assigned to file omnibus objection to claims, filed the Ninth Omnibus Claims Objection (D.I. 8464) (the "Omnibus Objection") to 34 claims, which included an objection to the Claim on a "no liability" basis, and served such Omnibus Objection on the notice party listed in the Claim as counsel to Locke, David Casey at Bingham McCutchen, 150 Federal Street, Boston, MA 02110; and

WHEREAS, Locke failed to respond to the Omnibus Objection and, on June 27, 2005, this Court entered an order expunging the Claim; and

WHEREAS, at the time of the filing of the Omnibus Objection, the Debtors, through their lead bankruptcy counsel Janet Baer, had been working with counsel for Locke at the Smith Katzenstein Furlow firm and did not know that the Claim was included in the Omnibus

Objection, nor had she had any interaction with counsel at Bingham McCutchen with respect to this matter; and

WHEREAS, the Debtors, subject to Bankruptcy Court approval, have agreed to reinstate the Claim as specified herein; and

WHEREAS, since the age discrimination claim portion of the Claim has already been denied pursuant to the order granting the Summary Judgment Motion in part, the Debtors have agreed to reinstate the disability portion of the Claim only and to submit that portion of the Claim for resolution under the terms of the ADR Order; and

WHEREAS, counsels for each Locke and Bettacchi have reviewed the ADR Order; and

WHEREAS, since the Locke Action has been pending for over 7 years and remains unresolved, the parties have agreed that the best alternative at this time is to attempt to resolve the remaining portion of the Claim which relates to disability pursuant to the terms of the ADR Program; and

WHEREAS, the parties have agreed that attempting to resolve the Claim, under the terms of the ADR Order, should also include attempting to resolve all claims against Bettacchi as well; and

WHEREAS, pursuant to the ADR Order, the Debtors must first file an objection to a disputed claim and, after the claimant has responded to the Debtors' objection, the Debtors are authorized to submit the disputed claim to the ADR Program established under the ADR Order; and

WHEREAS, Debtors' counsel anticipates that such objection to the reinstated disability portion of the Claim will be filed on or before December 18, 2006.

K&E 11469881.5

NOW, THEREFORE, in consideration of the terms and conditions contained herein, the Debtors, Bettacchi and Locke hereby stipulate and agree as follows:

1. The disability portion of the Claim shall be reinstated.

2. Each of the parties have elected to participate in the Alternative Dispute Resolution Procedures established by the ADR Order.

3. By electing to participate in the ADR Program, each of the parties are agreeing to be bound by the terms of the ADR Procedures. Among other things, the ADR Procedures provide that <u>failure of a claimant to take certain actions</u>, including, but not limited to (i) participating in good faith, (ii) timely submitting a substantially completed statement of claims, or (iii) paying for one half of all mediation costs, <u>may result in the disallowance of the claim</u>.

4. By electing to participate in the ADR Program, Locke is also agreeing to have his claims against Bettacchi addressed as well.

5. Upon approval of this Stipulation by the Bankruptcy Court, the Debtors shall direct their Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect that the disability portion of Claim No. 9566 shall be reinstated and the disability portion of the Claim will be referred to mediation under the terms of the ADR Order.

6. Notwithstanding the forgoing, this Stipulation and Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon execution of this Stipulation by the parties, the Debtors will promptly prepare and file the appropriate Motion for approval with the Bankruptcy Court.

7. In the event this Stipulation is not approved by the Bankruptcy Court prior to January 31, 2007, this Stipulation shall be null and void unless otherwise mutually agreed to by the parties.

Robert H. Locke
("Locke")

By: *[signature]*

Name: Etta R. Wolfe

Title: Attorney for Robert H. Locke

W. R. Grace & Co., et al.
("Debtors")

By: *[signature]*

Name: James E. O'Neill

Title: Attorney for Debtors

Robert J. Bettacchi
("Bettacchi")

By: *[signature]*

Name: Lisa J. Damon

Title: Attorney for Robert J. Bettacchi

6

K&E 11460581.5