## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., et al., | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) | **Re: Docket No. 13406** |

## SUPPLEMENTAL DESIGNATION OF FACT
## AND EXPERT WITNESSES ON BEHALF OF
## CERTAIN ASBESTOS PROPERTY DAMAGE CLAIMANTS
## OF SPEIGHTS & RUNYAN AND THE BRANDI LAW FIRM

Speights & Runyan and The Brandi Law Firm hereby designate fact and expert witnesses as required by the Amended PD Case Management Order, Exhibit B, dated October 13, 2006 on behalf of the following listed California Property Damage Claimants: #10930-Pacific Freeholds aka 100 Pine Street; #9848-UC Berkeley-ASUC-King Union Bldg; #9849-UC Berkeley-Boalt Hall (Robbins Law Library); #9850 UC Berkeley-Calvin; #9909-UC Berkley-Campbell Hall; #9910-UC Berkeley-Davis Bldg; #9895 UC Berkeley-Eschelman Bldg; #9896 UC Berkeley-Etcheverey Bldg.; #9897 UC Berkeley-Kroeber Bldg.; #9878 UC Berkeley-Lawrence Hall; #9881-UC Berkeley-Wheeler Hall; #9879 UC Berkeley-Zellerbach Center; #9880-UC Berkeley-Zellerbach Playhouse Lobby; #9847 UC Davis-Chemistry Annex; #9846-UC Davis-Mrack Bldg.; #9843 UC Davis-National Primate Center; #9845-UC Davis-Physical Science Library; #9844-UC Davis-Shields Library; #9892-UC Davis Med. Center-Cypress Bldg.; #9891-UC Davis Med. Center-Hospital (East Wing and North Wing); #9890-UC Davis Med. Center-Professional Bldg.; #9869-UC Irvine-Computer Science Bldg.; #9858-UC Irvine-Engineering; #9859-UC Irvine-Medical Center Bldg 53; #9868-UC Irvine-Physical

Science (Rowland Hall); #9860-UC Irvine-Science Lecture Hall; #9851-UC Los Angeles-Boelter Hall; #9852-UC Los Angeles-Hedrick Hall; #9853-UC Los Angeles-Life Sciences; #9854-UC Los Angeles-Math & Science Hallway; #9855-UC Los Angeles-Melnitz Hall;#9856-UC Los Angeles-Rieber Hall; #9857-UC Los Angeles-Sproul Hall; #9882-UC Riverside-A&I Dorms; #9883-UC Riverside-Olmstead Hall Theater; #9885 UC Riverside-Physics 2000 Theater; #9884-UC Riverside-Physics Room 2158; #9887-UC Riverside-Watkins Art Gallery; #9886-UC Riverside-Watkins House; #9840-UC San Diego-Hillcrest Hospital Emergency Dept.; #9841-UC San Diego-Humanities & Social Sciences; #9893-UC San Diego-McGill Hall (ak/a Psychology and Linguistics Bldg.); #9862-UC San Francisco-Ambulatory Care Center; #9863-UC San Francisco-Health Sciences IR East; #9865-UC San Francisco-Health Sciences IR West; #9861-UC San Francisco-Joseph M. Long Hospital (Children's Hospital); #9866-UC San Francisco-Laurel Heights; #9867-UC San Francisco-Millberry Union Bldg.; #9864-UC San Francisco-Moffitt Hospital;#9870-UC Santa Barbara-Biology II;#9871-UC Santa Barbara-Buchanan Hall; #9872-UC Santa Barbara-Campbell Hall; #9873-UC Santa Barbara-Campbell Hall Projection Room; #9874-UC Santa Barbara-Music Bldg.;# 9875 UC Santa Barbara-North Hall; 9876 UC Santa Barbara-Psychology Bldg.; #9877 UC Santa Barbara-Student Health Bldg.; #9848-UC Berkeley-ASUC-King Union Bldg; #9849-UC Berkeley-Boalt Hall (Robbins Law Library); #9850 UC Berkeley-Calvin; #9909-UC Berkley-Campbell Hall; #9910-UC Berkeley-Davis Bldg; #9895 UC Berkeley-Eschelman Bldg; #9896 UC Berkeley-Etcheverey Bldg.; #9897 UC Berkeley-Kroeber Bldg.; #9878 UC Berkeley-Lawrence Hall; #9881-UC Berkeley-Wheeler Hall; #9879 UC Berkeley-Zellerbach Center; #9880-UC Berkeley-Zellerbach Playhouse Lobby; #9847 UC Davis-Chemistry Annex; #9846-UC Davis-Mrack Bldg.; #9843 UC

Davis-National Primate Center; #9845-UC Davis-Physical Science Library; #9844-UC Davis-Shields Library; #9892-UC Davis Med. Center-Cypress Bldg.; #9891-UC Davis Med. Center-Hospital (East Wing and North Wing); #9890-UC Davis Med. Center-Professional Bldg.; #9869-UC Irvine-Computer Science Bldg.; #9858-UC Irvine-Engineering; #9859-UC Irvine-Medical Center Bldg 53; #9868-UC Irvine-Physical Science (Rowland Hall); #9860-UC Irvine-Science Lecture Hall; #9851-UC Los Angeles-Boelter Hall; #9852-UC Los Angeles-Hedrick Hall; #9853-UC Los Angeles-Life Sciences; #9854-UC Los Angeles-Math & Science Hallway; #9855-UC Los Angeles-Melnitz Hall; #9856-UC Los Angeles-Rieber Hall; #9857-UC Los Angeles-Sproul Hall; #9882-UC Riverside-A&I Dorms; #9883-UC Riverside-Olmstead Hall Theater; #9885 UC Riverside-Physics 2000 Theater; #9884-UC Riverside-Physics Room 2158; #9887-UC Riverside-Watkins Art Gallery; #9886-UC Riverside-Watkins House; #9840-UC San Diego-Hillcrest Hospital Emergency Dept.; #9841-UC San Diego-Humanities & Social Sciences; #9893-UC San Diego-McGill Hall (ak/a Psychology and Linguistics Bldg.); #9862-UC San Francisco-Ambulatory Care Center; #9863-UC San Francisco-Health Sciences IR East; #9865-UC San Francisco-Health Sciences IR West; #9861-UC San Francisco-Joseph M. Long Hospital (Children's Hospital); #9866-UC San Francisco-Laurel Heights; #9867-UC San Francisco-Millberry Union Bldg.; #9864-UC San Francisco-Moffitt Hospital; #9870-UC Santa Barbara-Biology II; #9871-UC Santa Barbara-Buchanan Hall; #9872-UC Santa Barbara-Campbell Hall; #9873-UC Santa Barbara-Campbell Hall Projection Room; #9874-UC Santa Barbara-Music Bldg.; #9875 UC Santa Barbara-North Hall; #9876-UC Santa Barbara-Psychology Bldg.; #9877-UC Santa Barbara-Student Health Bldg.

California State University claims:    #10597-Chico Butte Hall, #10621-Chico Physical Science, #9888-Dominguez Hills Education Resource Center, #9838-Fresno McKee Fisk, #10319-Fresno North Gymnasium, #10303-Fresno Psychology, #9889-Fresno Science, #10053- Fullerton Humanities, #10019-Fullerton Physical Education, #10020-Fullerton PJ&G Pollak Library, #10058-Fullerton Performing Arts, #11962-Hayward Meikle John Hall, #11957-Hayward Music & Business, #9839-Humboldt Forbes PE Complex, #9842-Humboldt Natural Resources Bldg, #10237-Long Beach Main Library, #12616-Long Beach University Theatre, #10018-Pomona Gymnasium (Kellogg), #10078-Pomona Darlene May Gym, #9988-Sacramento Alpine Hall, #9970-Sacramento Kadema Hall, #9928-San Diego Art II, #9925-San Diego – Aztec Center, #10230-San Diego East Commons and East Commons Addition, #9993-San Diego – West Commons, #10160-San Francisco Hensill Hall, #11918-San Jose Cafeteria, #11735-San Luis Obispo Administration, #11819-San Luis Obispo Engineering West and Engineering West Addition, #11817-San Luis Obispo Farm Shop, #11802-San Luis Obispo Mott Physical Education, #11800-San Luis Obispo Research & Development, #11745-San Luis Obispo Transportation, #11876-Stanilaus Drama, #11866-Stanilaus Music.

**Fact Witnesses**

1.    Subject to its reservation of rights, claimant may offer the deposition testimony of Kevin Fay taken in In re: Asbestos Schools Litigation on November 30, 1988.  The subject matter and substance of Mr. Fay's testimony are fully set forth in the deposition transcript and exhibits attached thereto.

2.    Subject to its reservation of rights, claimant may offer the deposition testimony of John Welch taken in In re: Asbestos Schools Litigation on November 6, 17

and 18, 1988. The subject matter and substance of Mr. Welch's testimony are fully set forth in the deposition transcript and exhibits attached thereto.

3.      Subject to its reservation of rights, claimant may offer the deposition testimony of Kenneth Millian taken in <u>County of Jasper/Blue Cross Blue Shield of SC v. W. R. Grace & Co.</u> on February 21 and October 26, 1990. The subject matter and substance of Mr. Millian's testimony are fully set forth in the deposition transcript and exhibits attached thereto.

4.      Subject to its reservation of rights, claimant may offer the deposition testimony of Edlu Thom taken in <u>County of Jasper v. W. R. Grace & Co</u>. on February 22, 1990. The subject matter and substance of Mr. Thom's testimony are fully set forth in the deposition transcript and exhibits attached thereto.

5.      Subject to its reservation of rights, claimant may offer the deposition testimony of Carolyn Tieger taken in <u>In re: Asbestos Schools Litigation</u> on November 29, 1988. The subject matter and substance of Mr. Welch's testimony are fully set forth in the deposition transcript and exhibits attached thereto.

6.      Claimants may also offer the testimony by deposition of the following persons who, at the time of the deposition were or had been Grace employees, designers who specified Grace products or applicators who applied Grace products in buildings, relating to Grace's manufacture, marketing and application of its Monokote products:

> Robert Beder
> Connecticut Mutual vs. W.R. Grace
> May 22, 1995
>
> Harold D. Bishop
> State Farm Mutual Auto Insurance vs. W.R. Grace
> May 13, 1992

Elijah David Bossier
Security Homestead Association vs. W.R. Grace
June 15,1989

Glen Carpenter
Jeannine Galbreath, et al. vs. U.S. Gypsum Co., et al.
September 21, 1997

Richard Connor
Cheshire Medical Center vs. W.R. Grace
July 10, 1990

Creighton Crowe
The First Savings Banks vs. W. R. Grace
September 3, 1992

Hal Garrett
Liberty Life Insurance Company vs. W.R. Grace
June 2, 1989

Ross Lee
Los Angeles Unified School District vs. W. R. Grace
February 21, 1992

P.J. Lyons
State Farm Mutual Automobile vs. W.R. Grace
May 19,1992

Robert H. Ritterbush
Montana-Dakota Utilities Company vs. W. R. Grace
December 13, 1990

Samuel Lee Templeton
Greenville County School District vs. US Gypsum Company, et. al.
January 4, 1984

7.    Subject to its reservation of rights, to the extent that the Debtors dispute the authenticity of admissibility of their own documents and records, claimant reserves the right to call or designate the deposition testimony of Grace representatives regarding the source, content and authenticity of Grace's own records.

# Regents of the University of California

**Additional Fact Witnesses**

1.     Subject to its reservation of rights, claimant may offer testimony of Cliff Bowen. The subject matter and substance of Mr. Bowen's testimony may relate to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when UC discovered that Grace's asbestos-containing products were contaminating UC buildings as well as actions taken to minimize asbestos exposure from that contamination.

2.     Subject to its reservation of rights, claimant may offer testimony of George Getgen. The subject matter and substance of Mr. Getgen's testimony may relate to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when UC discovered that Grace's asbestos-containing products were contaminating UC buildings as well as actions taken to minimize asbestos exposure from that contamination.

**Additional Expert Witnesses**

1.     Subject to its reservation of rights, claimant identifies William E. Longo, Material Analytical Services, Inc., 3945 Lakefield Court Suwannee, GA 30024. He may testify to the identity of Grace asbestos containing products in UC buildings including information regarding sampling and testing performed as well as procedures, methodology, and results. To the extent that Grace offers testimony in its statute of

limitations defense concerning contamination caused by Grace's asbestos containing products, Dr. Longo may testify in response to those issues. This expert testimony will, necessarily, include factual testimony regarding these topics as well.

2.      Subject to its reservation of rights, claimant identifies William Ewing, Compass Environmental, 1751 McCollum Parkway, NW, Kennesaw GA  30144-5908. He may testify concerning sampling and testing performed in UC buildings as well as procedures, methodology, and results of that sampling and testing.  To the extent that Grace offers testimony in its statute of limitations defense concerning the knowledge of UC about the presence and potential hazard of asbestos in Grace's Monokote products or contamination from those products, Mr. Ewing may testify in response to those issues. This expert testimony will, necessarily, include factual testimony regarding these topics as well.

3.      Subject to its reservation of rights, claimant identifies Todd Dawson.  He may testify to the identity and location of Grace asbestos containing products in UC buildings including information regarding sampling and testing performed as well as procedures, methodology, and results.  This expert testimony will, necessarily, include factual testimony regarding these topics as well.

4.      Subject to its reservation of rights, claimant identifies Jack Halliwell, Halliwell Engineering Associates Incorporated, 865 Waterman Avenue, East Providence, RI 02914-1340.  To the extent that Grace offers testimony in its statute of limitations defense concerning the knowledge of building owners, designers and applicators about the presence and potential hazard of asbestos in Grace's Monokote products or relating to

contamination from those products, Mr. Halliwell may testify in response to those issues. This expert testimony will, necessarily, include factual testimony regarding these topics as well.

## California State University System

**Additional Fact Witnesses**

1.      Subject to its reservation of rights, claimant may offer testimony of Certified Testing Laboratories. The subject matter and substance of their testimony may relate to the identification of Grace's products in its buildings. They may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

2.      Subject to its reservation of rights, claimant may offer testimony of Baker Consultants. The subject matter and substance of their testimony may relate to the identification of Grace's products in its buildings. They may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

3.      Subject to its reservation of rights, claimant may offer testimony of Patrick Mulligan. The subject matter and substance of Mr. Mulligan's testimony may relate to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were

contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

4.      Subject to its reservation of rights, claimant may offer testimony of Ian Currie.  The subject matter and substance of Ian Currie's testimony may relate to the identification of Grace's products in its buildings.  He may also testify in response to issues raised by Grace in its statute of limitations defense.  This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

5.      Subject to its reservation of rights, claimant may offer testimony of Joyce Kerley.  The subject matter and substance of Ms. Kerley's testimony may relate to the identification of Grace's products in its buildings.  She may also testify in response to issues raised by Grace in its statute of limitations defense.  This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

6.      Subject to its reservation of rights, claimant may offer testimony of Alex Kremer.  The subject matter and substance of Mr. Kremer's testimony may relate to the identification of Grace's products in its buildings.  He may also testify in response to issues raised by Grace in its statute of limitations defense.  This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

7.      Subject to its reservation of rights, claimant may offer testimony of James Fointinella. The subject matter and substance of Mr. Fointinella's testimony may relate to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

8.      Subject to its reservation of rights, claimant may offer testimony of Stewart Salot. The subject matter and substance of Mr. Salot's testimony may relate to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

9.      Subject to its reservation of rights, claimant may offer testimony of Paul Jordan. The subject matter and substance of Mr. Jordan's testimony may relate to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

10.     Subject to its reservation of rights, claimant may offer testimony of Joseph Mallari. The subject matter and substance of Mr. Mallari's testimony may relate to the identification of Grace's products in its buildings. He may also testify in response to

issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

11.     Subject to its reservation of rights, claimant may offer testimony of Santra Plumleigh. The subject matter and substance of Mr. Plumleigh's testimony may relate to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

12.     Subject to its reservation of rights, claimant may offer testimony of Louis Ortiz. The subject matter and substance of Mr. Ortiz's testimony may relate to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

13.     Subject to its reservation of rights, claimant may offer testimony of Bill Hutton. The subject matter and substance of Mr. Hutton's testimony may relate to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony

concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings as well as actions taken to minimize asbestos exposure from that contamination.

14.    Claimant designates Glennda Morse who will testify about CSU's buildings on the campus of CSU Chico including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

15.    Claimant designates Lane Koluvek who will testify about CSU's buildings on the campus of CSU Dominquez Hills including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

16.    Claimant designates Barbara Haber who will testify about CSU's buildings on the campus of CSU East Bay including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony

concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

17.     Claimant designates Robert Boyd who will testify about CSU's buildings on the campus of CSU Fresno including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

18.     Claimant designates Willaim van der Pol who will testify about CSU's buildings on the campus of CSU Fullerton including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

19.     Claimant designates Robert Schulz who will testify about CSU's buildings on the campus of Humboldt State University including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony

concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

20.     Claimant designates Maryann Rozanski who will testify about CSU's buildings on the campus of CSU Long Beach including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

21.     Claimant designates David Patterson who will testify about CSU's buildings on the campus of CSU Cal Poly Pomona including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

22.     Claimant designates Ron Richardson who will testify about CSU's buildings on the campus of CSU Sacramento including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony

concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

23.    Claimant designates Scott Burns who will testify about CSU's buildings on the campus of CSU San Diego including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

24.    Claimant designates Robert Hutson who will testify about CSU's buildings on the campus of CSU San Francisco including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

25.    Claimant designates William Shum who will testify about CSU's buildings on the campus of CSU San Jose including issues related to product identification and statute of limitations issues. This may include when claimant first learned the identity of the Grace products. The witness may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony

concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

26.     Claimant designates GleMark Hunterwho will testify about CSU's buildings on the campus of CSU Poly San Luis Obispo including issues related to product identification and statute of limitations issues.  This may include when claimant first learned the identity of the Grace products.  The witness may also testify in response to issues raised by Grace in its statute of limitations defense.  This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

27.     Claimant designates Robert Gallegos who will testify about CSU's buildings on the campus of CSU Stanislaus including issues related to product identification and statute of limitations issues.  This may include when claimant first learned the identity of the Grace products.  The witness may also testify in response to issues raised by Grace in its statute of limitations defense.  This may include testimony concerning when CSU discovered that Grace's asbestos-containing products were contaminating CSU buildings on that campus as well as actions taken to minimize asbestos exposure from that contamination.

**Additional Expert Witnesses**

1.     Subject to its reservation of rights, claimant identifies ACC Environmental Consultants. He may testify to the identity of Grace asbestos containing products in CSU buildings including information regarding sampling and testing performed as well as procedures, methodology, and results.  To the extent that Grace offers testimony in its

statute of limitations defense concerning the knowledge of UC about the presence and potential hazard of asbestos in Grace's Monokote products, ACC Environmental may testify in response to those issues. This expert testimony will, necessarily, include factual testimony regarding these topics as well.

2.      Subject to its reservation of rights, claimant identifies William E. Longo, Material Analytical Services, Inc., 3945 Lakefield Court Suwannee, GA  30024.  He may testify to the identity of Grace asbestos containing products in CSU buildings including information regarding sampling and testing performed as well as procedures, methodology, and results.  To the extent that Grace offers testimony in its statute of limitations defense concerning contamination caused by Grace's asbestos containing products, Dr. Longo may testify in response to those issues.  This expert testimony will, necessarily, include factual testimony regarding these topics as well.

3.      Subject to its reservation of rights, claimant identifies William Ewing, Compass Environmental, 1751 McCollum Parkway, NW, Kennesaw GA  30144-5908. He may testify concerning sampling and testing performed in CSU buildings as well as procedures, methodology, and results of that sampling and testing.  To the extent that Grace offers testimony in its statute of limitations defense concerning the knowledge of CSU about the presence and potential hazard of asbestos in Grace's Monokote products or contamination from those products, Mr. Ewing may testify in response to those issues. This expert testimony will, necessarily, include factual testimony regarding these topics as well.

4.      Subject to its reservation of rights, claimant identifies Todd Dawson.  He may testify to the identity and location of Grace asbestos containing products in CSU buildings including information regarding sampling and testing performed as well as

procedures, methodology, and results. This expert testimony will, necessarily, include factual testimony regarding these topics as well.

5.      Subject to its reservation of rights, claimant identifies Jack Halliwell, Halliwell Engineering Associates Incorporated, 865 Waterman Avenue, East Providence, RI 02914-1340. To the extent that Grace offers testimony in its statute of limitations defense concerning the knowledge of building owners, designers and applicators about the presence and potential hazard of asbestos in Grace's Monokote products or relating to contamination from those products, Mr. Halliwell may testify in response to those issues. This expert testimony will, necessarily, include factual testimony regarding these topics as well.

## Pacific Freeholds - 100 Pine

**Additional Fact Witnesses**

1.      Subject to its reservation of rights, claimant may offer testimony of Louise Wilson. The witness may testify about matters raised in her deposition which Grace took on January 26, 2001. The witness may also testify as to the identification of Grace's products in its buildings. She may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when Pacific Freeholds discovered that Grace's asbestos-containing products were contaminating Pacific Freeholds' buildings as well as actions taken to minimize asbestos exposure from that contamination.

2.      Subject to its reservation of rights, claimant may offer testimony of Gerry Zalkovsky. The witness may testify about matters raised in his deposition which Grace took on April 4-5, 2000. The witness may also testify as to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its

statute of limitations defense. This may include testimony concerning when Pacific Freeholds discovered that Grace's asbestos-containing products were contaminating Pacific Freeholds' buildings as well as actions taken to minimize asbestos exposure from that contamination.

3.    Subject to its reservation of rights, claimant may offer testimony of Thomas Walker. The subject matter and substance of Mr. Walker's testimony may relate to testing and inspections done in Pacific Freehold's building at 100 Pine Street, San Francisco, CA. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when Pacific Freeholds discovered that Grace's asbestos-containing products were contaminating Pacific Freeholds' buildings as well as actions taken to minimize asbestos exposure from that contamination.

4.    Subject to its reservation of rights, claimant may testimony taken of Ellen O. Hanson. The witness may testify about matters raised in her deposition which Grace took on January 17, 2001. The witness may also testify as to the identification of Grace's products in its buildings. She may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when Pacific Freeholds discovered that Grace's asbestos-containing products were contaminating Pacific Freeholds' buildings as well as actions taken to minimize asbestos exposure from that contamination.

5.    Subject to its reservation of rights, claimant may offer testimony of Frank Juszyck. The witness may testify about matters raised in his deposition which Grace took on February 15, 2001. The witness may also testify as to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its

statute of limitations defense. This may include testimony concerning when Pacific Freeholds discovered that Grace's asbestos-containing products were contaminating Pacific Freeholds' buildings as well as actions taken to minimize asbestos exposure from that contamination.

6. Subject to its reservation of rights, claimant may offer testimony of Celia Green. The witness may testify about matters raised in her deposition which Grace took on March 2, 2001. The witness may also testify as to the identification of Grace's products in its buildings. She may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when Pacific Freeholds discovered that Grace's asbestos-containing products were contaminating Pacific Freeholds' buildings as well as actions taken to minimize asbestos exposure from that contamination.

7. Subject to its reservation of rights, claimant may offer testimony of Anthony Michael Koblenz. The witness may testify about matters raised in his deposition which Grace took on December 18, 2000. The witness may also testify as to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when Pacific Freeholds discovered that Grace's asbestos-containing products were contaminating Pacific Freeholds' buildings as well as actions taken to minimize asbestos exposure from that contamination.

8. Subject to its reservation of rights, claimant may offer testimony of David Peugh. The witness may testify about matters raised in his deposition which Grace took on February 21, 2001. The witness may also testify as to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its

statute of limitations defense. This may include testimony concerning when Pacific Freeholds discovered that Grace's asbestos-containing products were contaminating Pacific Freeholds' buildings as well as actions taken to minimize asbestos exposure from that contamination.

9. Subject to its reservation of rights, claimant may offer testimony of James Price. The witness may testify about matters raised in his deposition which Grace took on December 18, 2000. The witness may also testify to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when Pacific Freeholds discovered that Grace's asbestos-containing products were contaminating Pacific Freeholds' buildings as well as actions taken to minimize asbestos exposure from that contamination.

10. Subject to its reservation of rights, claimant may offer testimony of Philip Slatin. The witness may testify about matters raised in his deposition which Grace took on January 24, 2001. The witness may also testify as to the identification of Grace's products in its buildings. He may also testify in response to issues raised by Grace in its statute of limitations defense. This may include testimony concerning when Pacific Freeholds discovered that Grace's asbestos-containing products were contaminating Pacific Freeholds' buildings as well as actions taken to minimize asbestos exposure from that contamination.

11. Subject to its reservation of rights, claimant may offer testimony of George Dolim. The witness may also testify as to the identification of Grace's products in its building and decisions made during the design phase regarding fireproofing. He may also testify in response to issues raised by Grace in its statute of limitations defense.

12. Subject to its reservation of rights, claimant may offer testimony of Thomas Hubbard. The witness may also testify as to the identification of Grace's products in its building including the construction specifications and issues related to the fireproofing contractor. He may also testify in response to issues raised by Grace in its statute of limitations defense.

13. Subject to its reservation of rights, claimant may offer testimony of Dawson Deane. The witness may also testify as to the identification of Grace's products in its building, the construction process, interaction with the fireproofing contractor during construction, and the reasons for choosing Grace's product. He may also testify in response to issues raised by Grace in its statute of limitations defense.

**Additional Expert Witnesses**

1. Subject to its reservation of rights, claimant identifies Pickering Environmental Consultants, Inc/Pickering Firm, Inc., 6775 Lenox Center CT, Memphis, TN 38115. They may testify to the inspections and testing performed in Pacific Freeholds building including information regarding sampling and testing performed as well as procedures, methodology, and results.

2. Subject to its reservation of rights, claimant identifies Crawford/FPE, 1135 Broad Street, Clifton, NJ 07013. They may testify to the inspections and testing performed in Pacific Freeholds building including information regarding sampling and testing performed as well as procedures, methodology, and results.

3. Subject to its reservation of rights, claimant identifies Clayton Environmental/ Clayton Group Services, Inc., 45525 Grand River Avenue, #200, Novi, MI. 48375. They may testify to the inspections and testing performed in Pacific

Freeholds building including information regarding sampling and testing performed as well as procedures, methodology, and results.

4. Subject to its reservation of rights, claimant identifies Gobbel-Hayes Partners, 217 5th Avenue, N, Nashville, TN 37219. They may testify to the inspections and testing performed in Pacific Freeholds building including information regarding sampling and testing performed as well as procedures, methodology, and results.

5. Subject to its reservation of rights, claimant identifies Barry Mitchum. He may testify to the inspections and testing performed in Pacific Freeholds building including information regarding sampling and testing performed as well as procedures, methodology, and results.

6. Subject to its reservation of rights, claimant identifies James R. Millette, Ph.D., MVA Scientific Consultants, 3300 Breckinridge Boulevard, Suite 400, Duluth, GA 30096. He may testify to the identity of Grace asbestos containing products in Pacific Freeholds buildings including information regarding sampling and testing performed as well as procedures, methodology, and results. This expert will, necessarily, include factual testimony regarding these topics as well.

7. Subject to its reservation of rights, claimant identifies Jack Halliwell, Halliwell Engineering Associates Incorporated, 865 Waterman Avenue, East Providence, RI 02914-1340. To the extent that Grace offers testimony in its statute of limitations defense concerning the knowledge of building owners, designers and applicators about the presence and potential hazard of asbestos in Grace's Monokote products or relating to contamination from those products, Mr. Halliwell may testify in response to those issues. This expert testimony will, necessarily, include factual testimony regarding these topics as well.

**Reservation of Rights**

The claimants reserve the right to supplement or amend witness lists, witness disclosures, deposition designations, expert reports or other disclosures as new or additional information may become available, or as may be permitted by the applicable rules of procedure or the Court.    Specifically, claimants note that the Statute of Limitations is an affirmative defense which the Debtors bear the burden of proving. Therefore, claimants specifically reserve their rights to amend, supplement or add additional witnesses in response to the evidence or witnesses disclosed by the Debtors. Additionally, the claimants further reserve the right to name or present new or additional fact or expert witnesses in rebuttal of any fact or expert witness identified by the Debtors.

DATED:  November 22, 2006

Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:      (302) 654-0248
Facsimile:      (302) 654-0728
E-mail:      loizides@loizides.com

Thomas J. Brandi
Terence D. Edwards
THE BRANDI LAW FIRM
44 Montgomery Street Suite 1050
San Francisco CA  94104
Telephone:      (415) 989-1800
Facsimile:      (415) 989-1801

C. Alan Runyan (SC Fed. ID No. 4837)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC  29924
Telephone:      (803) 943-4444
Facsimile:      (803) 943-4599

*Counsel for Certain Asbestos Property Damage
Claimants of Speights & Runyan and the Brandi Law
Firm*