IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

## NOTICE OF INTENTION TO TAKE THE VIDEO TAPED DEPOSITION OF ROGER MORSE

To:   Defendant W.R. Grace & Co.

PLEASE TAKE NOTICE that the Asbestos Property Damage ("PD") Committee will take the video taped deposition of ROGER MORSE commencing at 9:00 a.m. on Tuesday, the 12th day of December, 2006, at the office of Reed Smith LLP, 435 Sixth Avenue, Pittsburgh, Pennsylvania 15219. ROGER MORSE shall be required to produce at his deposition the documents set forth on the Subpoena Duces Tecum attached hereto as Exhibit A. The deposition will be upon oral examination before a Notary Public or other officer authorized to administer oaths by the laws of the United States or the State of Pennsylvania.

You are invited to attend and cross-examine.

Dated this 22nd day of November, 2006.

                                Respectfully submitted,

                                DIES & HILE, L.L.P.

                                Martin W. Dies, Esquire
                                1009 Green Avenue
                                Orange, Texas  77630
                                (409) 883-4394 telephone
                                (409) 883-4814 fax

and

BILZIN SUMBERG DUNN BAENA
  PRICE & AXELROD LLP

Scott L. Baena (admitted pro hac vice)
Jay M. Sakalo (admitted pro hac vice)
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2336
(303) 374-7580

and

FERRY, JOSEPH & PEACE, P.A.


 /s/ Lisa L. Coggins
Michael B. Joseph  (Del. Bar No. 392)
Theodore J. Tacconelli  (Del. Bar No. 2678)
Lisa L. Coggins  (Del. Bar No. 4234)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
(302) 573-1555 telephone

Counsel for the Official Committee of Asbestos
Property Damage Claimants


Copies furnished to:

Atkinson-Baker, Inc. Court Reporting
Telephone 1-800-288-3376
Fax 1-800-925-5910

EXHIBIT A - MORSE

The witness, Roger Morse (also referred to as "he"), shall be required to bring to the deposition the following documents:

1. All documents, data, objects, publications or other materials which the witness has been provided in connection with this bankruptcy case, or which he has reviewed or upon which he will rely for his opinions in connection with the "Methodology" issue and/or adjudication phase in this case, including without limitation any articles, studies, presented papers, correspondence, reports, draft reports, plans, protocols, guidelines, critiques, books, photographs, slides, videotapes, charts, data, testimonies, depositions, presentations, asbestos bulk, dust and/or air samples, or testimony results thereof.

2. All expert reports he has prepared in connection with this bankruptcy case, including but not specifically limited to: the October 17, 2005 Report of Roger G. Morse AIA on ASTM Microvacuuming Dust Sampling Methods; the October 17, 2005 Report of Roger G. Morse AIA on Summary of Information Available to Building Owners and Managers About Asbestos in Buildings, 1970 – 1995; the January 19, 2006 Rebuttal Report of Roger G. Morse AIA on ASTM Microvacuuming Dust Sampling Methods and the November 14, 2006 Rebuttal Report of Roger G. Morse AIA on Expert Report of William E. Longo, Ph.D., Prepared on Behalf of the Property Damage Asbestos Claimants Represented by the Law Firm of Dies & Hile LLP dated October 25, 2006.

3. The "Plasters Study" allegedly involving 5,000 samples collected in 233 buildings performed by such witness which is discussed in the Roger G. Morse, AIA Rebuttal Report on Expert Report of William E. Longo, Ph.D. Prepared on Behalf of the Property Damage Asbestos Claimants Represented by the Law Firm of Dies & Hile, LLP, dated October 25, 2006, and dated November 14, 2006 ("Morse November 14, 2006 Rebuttal Report"), including all backup data and materials.

4. The "literature sources" referenced in such Morse November 14, 2006 Rebuttal Report or relied upon by said witness to form his opinions regarding asbestos in ambient air as a source for asbestos found in samples of settled dust.

5. The E.J. Chatfield article dated May 1983 including all backup and any correspondence to or from the witness and E.J. Chatfield which is referenced in the Morse November 14, 2006 Rebuttal Report concerning the witness' opinion regarding asbestos levels measured in ambient air.

6. Any building(s) reports, assessments or surveys authored in whole or in part by such witness which discusses or references the use of dust sampling in such building(s) and/or results of such dust sampling.

7. Any reports or studies discussing or referencing the results of any dust sampling for asbestos obtained or requested to be obtained by such witness during the time he was associated with the firm of Morse Zehnter Associates, Dyanki, Inc., Roger G. Morse Associates, Entek Environmental & Technical Services, Inc., Morse Ciraulo Associates, and Langer-Dion Morse Associates.

8. Any asbestos related studies, surveys, assessments, data, or research, whether published or unpublished, authored in whole or in part by such witness in connection with dust in the outside or ambient air as a source or potential source of dust inside a building.

9. Any correspondence between such witness and the EPA or any asbestos regulatory agency or entity discussing asbestos dust, air or bulk sampling.