## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Related to Docket No. 13061 |
| | ) | Hrg. Date: December 18, 2006 |
| | ) | Obj. Due: November 24, 2006 |
| | ) | |

### OBJECTION OF WILENTZ, GOLDMAN & SPITZER P.A.
### TO THE DEBTOR'S NOTIFICATION THAT CERTAIN SETTLED CLAIMS ARE
### BEING CONTESTED PURSUANT TO THE ORDER OF AUGUST 24, 2006

Wilentz, Goldman & Spitzer, P.A. ("Wilentz") files its objection to the

Debtor's notification that certain of their Settled Claims are being contested by the

Debtor pursuant to the Order of August 24, 2006 (the "Notification of Dispute") (the

"Objection"), and would show as follows:

1.    On August 24, 2006, this Court entered an Order which set forth

certain procedures relating to the filing of Proofs of Claims (Docket No. 13061) (the

"Order").  That Order specified that for claims settled pre-petition, a Proof of Claim

was required, but no Questionnaire need be filed.  If, however, the Debtor disputed

whether the particular claim was settled, it must notify the claimant within 21 days

of the entry of the order and supply a Questionnaire, which Questionnaire would

have to be completed and filed unless in turn the claimant objected to the Debtor's

dispute notification, setting forth "why that holder believes he or she should not be

required to fill out and return the Questionnaire."  Currently, the Court has set for December 18, 2006 the hearing on whether such Questionnaires need to be filled out and returned.

2.    67 claimants represented by Wilentz (identified on the Debtor's November 10, 2006 letter attached hereto as Exhibit A) were notified that their claims were contested.  The Proof of Claim submissions for the 67 settled claimants involved included:

- a copy of the settlement confirmation correspondence (names of persons not involved in these bankruptcy proceedings were redacted); and,

- a release form signed by the claimant.

3.    As a threshold matter, the letter from Grace purporting to dispute these claims is dated November 10, 2006.  This is almost a week outside the 21 day period afforded to Grace under the order within which it must notify claimants of a dispute.  Grace therefore waived the right to dispute the claims, and this Court should grant Wilentz's objection to the dispute on that grounds alone.

4.    Furthermore, Wilentz can only rely on its own records and has no control over what Grace's books and records happen to reflect.  Wilentz has provided information sufficient to evidence the settled nature of the claims.  Any failure on the part of Grace to accurately record its settlements is not fit reason for the Bankruptcy Court to afford weight to any alleged dispute – the settlements are adequately documented and a Proof of Claim filed according to this Court's procedure.  The settlements were all negotiated with Grace defense counsel and

Page 2

evidenced by the documents provided with the Proofs of Claim.  Grace has not

contended that its defense counsel lacked the authority to enter binding settlements

on its behalf.

5.      Each of the pertinent Proofs of Claim is accompanied by a release and

settlement documentation identifying each claimant.  Grace complains that the

releases do not include settlement amounts, but such inclusion is not standard

practice in the jurisdiction in which these cases were litigated.  The releases

executed are forms that were designed by a consortium of defense counsel, with the

participation of the pertinent New Jersey and New York courts.  The release forms

do not state the settlement amount.  The form of release executed here was in use

in the applicable Superior Court of New Jersey and Supreme Court of New York for

over a decade before the filing of the bankruptcy petition, and for numerous

reasons, none of the settling parties had any interest in memorializing or

publicizing the settlement amount.

6.      Grace claims that certain of the releases are not signed, and certain of

the signed releases are not dated.  Grace identifies specifically just one release that

is not dated.  Wilentz will be glad to endeavor to find and provide the letter

forwarding the release to Grace's then-defense counsel, as that would show the

latest possible date of signature.  If Grace believes there are other deficient releases

submitted with the Proof of Claim materials, it should identify them with

specificity, so that each such other instance, if any, can be addressed.

7.    Although Wilentz has provided full documentation for each Proof of Claim, under applicable New Jersey and New York contract law, the validity of a settlement agreement, *per se*, is not affected by whether post-settlement documentation has been completed.  If Grace persists in the belief that this is a pertinent basis upon which to dispute settled status, it should identify with specificity those Proofs of Claim for which it believes no executed release was submitted.  To the extent supplementary material is available, it will be provided; for those instances where it is not presently available, it remains irrelevant as a matter of applicable law.

WHEREFORE these objecting claimants respectfully pray that the Debtor's contests be ruled untimely and that this Objection be granted, or otherwise that the Debtor's contests be overruled, and that the objecting claimants receive all other relief to which they are justly entitled.

Dated: November 22, 2006

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:   (214) 969-4999

/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone:  (302) 656-7540
Facsimile:   (302) 656-7599
E-mail:  dan@dkhogan.com

**COUNSEL FOR**
**WILENTZ, GOLDMAN & SPITZER, P.A.**