THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related Docket No. 13598 |

Requested Hearing Date:  December 5, 2006 at 8:30 a.m.
Requested Objection Deadline:  November 30, 2006 at 12:00 Noon

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO
FILE UNDER SEAL W.R. GRACE & CO.'S OPPOSITION TO MOTION
OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY
CLAIMANTS TO COMPEL PRODUCTION OF DOCUMENTS**

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby move this Court (the "Motion") for the entry of an order authorizing the

Debtors to file under seal W.R. Grace & Co.'s Opposition to Motion of the Official Committee of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Asbestos Personal Injury Claimants to Compel Production of Documents (the "Opposition"). In support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. The Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2). Venue of these proceedings and this motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in the Motion are Section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 9018-1(b) of the Local Rules.

### Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. The Debtors have continued in possession of their respective properties and have continued to operate and manage their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

### Relief Requested

5. The Debtors seek authority to file the Opposition under seal. The Debtors will also request that the proceedings and any portions of the record which relate to the Debtors' confidential material be kept confidential and remain under seal.

6. On November 7, 2006, the Official Committee of Asbestos Personal Injury Claimants (the "ACC") filed its Motion to Compel Production of Documents (the "Discovery Motion") (Docket No. 13598; Filed November 7, 2006).

7. On November 7, 2006 the Future Claimants Representative ("FCR") filed his Memorandum in Support and Joinder to the Discovery Motion (the "Memorandum") (Docket No. 13602; Filed November 7, 2006).

8. The ACC and the FCR filed Motions seeking authority to file the Discovery Motion and the Memorandum under seal at Docket Nos. 13597 and 13601 respectively.

9. Pursuant to section 107(d) of the Bankruptcy Code and Fed. R. Bankr. P. 9018, the Debtors seek an Order from the Court: (a) authorizing the Debtors to file under seal W.R. Grace & Co.'s Opposition to Motion of the Official Committee of Asbestos Personal Injury Claimants to Compel Production of Documents, and directing that the Opposition to Motion shall remain under seal and confidential.

**Basis for Relief Requested**

10. Section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) Protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) Protect a person with respect to scandalous or defamatory

matter contained in a paper filed in a case under this title. 11 U.S.C. § 107(b) (2006).

11. Fed. R. Bankr. P. 9018 defines the procedures by which a party may move for relief under section 107(b), providing that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . .." Local Rule 9018-1(b) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b). According to section 107(b), a court must protect confidential commercial information. *In re Frontier Group, LLC*, 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000).

12. As stated in ¶ 10 of the ACC's seal motion;

> The Committee submits that it is necessary to file the Discovery Motion under seal as it contains confidential information relating to the Debtors' policies regarding the settling and/or litigating of asbestos personal injury claims and the history of personal injury judgments against the Debtors, which the Debtors seek to maintain as confidential. Additionally, as noted, the information contained in the Discovery Motion was either provided to the Committee by the Debtors upon agreement to maintain the confidentiality of the information, or obtained in connection with a confidential deposition proceeding. Consequently, the Committee seeks the relief requested herein.

13. As stated in ¶ 10 of the FCR's seal motion;

> The FCR submits that it is necessary to file the Discovery Memorandum (and exhibits thereto) under seal as it contains confidential information relating to the Debtors' policies regarding the settling and/or litigating of asbestos personal injury claims and the history of personal injury judgments against the Debtors, which the Debtors seek to maintain as

confidential. Additionally, as noted, the information contained in the Discovery Memorandum was either provided to the FCR by the Debtors upon agreement to maintain the confidentiality of the information, or obtained in connection with a confidential deposition proceeding. Consequently, the FCR seeks the relief requested herein.

14. In an abundance of caution, the Debtors seek authority to file its Opposition under seal for the reasons recognized by the ACC and the FCR.

15. The Debtors submit that good cause exists for the Court to grant the relief requested herein.

### Notice

16. Notice of this Motion has been given to the following parties: (i) the Office of the United States Trustee; (ii) Counsel to the Creditors' Committee (iii) counsel to Asbestos PI Committee; and (iv) Counsel to the FCR; and (v) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

17. No prior motion for the relief requested herein has been made to this or any other Court.

### Conclusion

WHEREFORE, the Debtors respectfully requests the entry of an order authorizing the Debtors to file under seal W.R. Grace & Co.'s Opposition to Motion of the Official Committee of Asbestos Personal Injury Claimants to Compel Production of Documents, and directing that the Opposition shall remain under seal.

Dated: November 22, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession