IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| W.R. GRACE & CO., et al | ) | Case No. 01-1139(JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## CLAIMANTS' OBJECTION AND RESPONSE TO W.R. GRACE'S ATTEMPT TO DISPUTE AND CONTEST SETTLED PRE-PETITION ASBESTOS PI CLAIMS

Claimants, by and through their counsel, Cooney and Conway, submit the following objection and response to W.R. Grace's attempt to dispute and contest that the 125 claimants listed on Exhibit A do not possess valid pre-petition settlement claims with WR Grace.

Claimants hereby file this objection in response to a letter sent to claimant's counsel on November 8, 2006, wherein counsel for the debtor notified claimant's counsel that the Debtor's records did not correspond with the claimants' proof of claim forms.

1. The 125 Claimants listed on Exhibit A submitted their proof of claim forms and supporting evidence to the Debtor's agent, Rust Consulting, on October 12, 2006, pursuant to the Court's August 24, 2006 Order. All 125 had previously settled their claims with Grace.

2. Counsel for Claimants also submitted proof of claim forms for 349 additional settled

but unpaid claims, with the same supporting evidence, to Debtor's agent on the same date. Grace is not contesting these claims.

3. On November 8, 2006, counsel for debtor wrote to Claimant's counsel disputing that the 125 claims on Exhibit A were settled claims. (A copy of the letter is attached as Exhibit B). Grace counsel stated in the letter that Grace's "records do not correspond with the settlements described in the proof of claims forms and supporting materials that Cooney and Conway submitted".

4. A copy of the evidence submitted in support of the Claimants' proofs of claim is attached as Exhibit C. It consists of correspondence between then counsel for WR Grace Jay Hughes and John Cooney of the Cooney and Conway firm, confirming the settlement agreement and listing the claimants to whom the settlement applied. The agreement contemplated four separate payments of 25%. All 125 claimants are listed in the argument.

5. Not only did the submitted correspondence establish the existence of the settlement agreement covering the Claimants listed on Exhibit A, but Grace made its initial settlement payment to the claimants in care of the Cooney and Conway firm on February 9, 2001. A copy of the check is attached as Exhibit D. The amount constitutes 50% of the settlement total. (The 50% amount covers the 25% payment that Grace was scheduled to pay on November 15, 2000, as well as the 25% due in February 2001). Claimants received one-half of the settlement payment owed them.

6. Claimants object to Debtor Grace's contesting their proofs of claim. Their claims were specifically settled with Grace. Grace made a partial payment on the settlement of the claims. Partial payment of a fixed and certain demand which is due and not in dispute is no satisfaction of the whole debt . *Pritchett v. Asbestos Claims Mgmt. Corp.*, 332 Ill. App. 3d 890, 899 (Ill. App. Ct. 2002).

Grace has not satisfied its whole debt, and should not be permitted to contest claims based upon a valid settlement agreement which it has not fully performed.

Wherefore, for all of the reasons stated above, Claimants (as listed on Exhibit A), OBJECT to Grace's disputing and contesting their settlements and Proofs of Claim, and request this Honorable Court to enter an order allowing Claimants to pursue their claims as Pre-Petition Settled Claimants, and any other relief the Court deems appropriate.

Respecfully Submitted,
COONEY & CONWAY

By one of its attorneys

KATHY BYRNE
COONEY & CONWAY
120 N. LaSalle St, Suite 3000
Chicago, IL 60602
(312) 236-6166
Firm ID #90200