IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al* | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Hearing Date: December 5, 2006 |

### CLAIMANTS' REPRESENTED BY MICHAEL B. SERLING, P.C., ("SERLING CLAIMAINTS") REQUEST FOR ENTRY OF PROTOCOL CONCERNING PRODUCTION OF CHEST X-RAYS OF ASBESTOS PERSONAL INJURY, PRE-PETITION CLAIMANTS WITH NON-MESOTHELIOMA. MALIGNANT CLAIMS

In a letter dated October 23, 2006 (Exhibit 1, attached) W.R. Grace & Co. ("Grace") requested claimants provide chest x-rays supporting the allegation that his or her cancer is asbestos-related.

Grace's letter sought these x-rays by asking claimants to do the work needed to track down their whereabouts, obtain possession of them and undertake the procedures and pay for the cost of sending them to Grace's agent, Rust Consulting, Inc. ("Rust"). On November 3, 2006, counsel for Serling Claimants sent a letter to Grace (Exhibit 2, attached) agreeing to give Grace "access" to the requested x-rays, but providing that Grace make the request and pay for the cost of obtaining these from third-party medical facilities and physicians. Grace has not responded to this letter.

Grace simply ignores the fact that these claimants and/or their personal representatives, are ill, living on fixed incomes and many are unable to track down and assemble the x-rays sought by Grace on such short notice. Furthermore, Grace ignores the financial burden which each claimant would have to bear in undertaking the process of finding x-rays, packaging them and delivering them to Rust. These are costs which Grace should bear, rather than imposing

1

financial burdens upon claimants which are seemingly intended to frustrate pursuit of claims by those least able to bear the upfront costs of providing the documentation sought by Grace.

Fed.R.Civ.P. 34 permits a party to request another party to produce documents or to inspect and copy tangible things: " . . . which are in the possession, custody or control of the party upon whom the request is served"; and Fed.R.Civ.P. 45 provides the ability to obtain x-rays which are in the custody and control of non-parties, i.e., medical facilities and treating physicians.

Grace's proposed order unduly burdens claimants, forcing them to go out and locate x-rays from medical facilities and physicians which may be far distant from their homes, and undergo the bureaucratic process necessary to get these x-rays to Grace. Under Fed.R.Civ.P. 34 and 45, Grace is already empowered to obtain these x-rays without burdening claimants, and claimants have already agreed to sign whatever release is required to permit Grace to obtain the x-rays.

> "The 1991 amendment to Fed.R.Civ.P. 45 was also undertaken to facilitate access to information held by third parties. Thought the process may still seem arduous, it is simplified over the previous requirements of Rule 34(c). <u>Use of Rules 34 and 45 is available and will allow for production of such documents as may be in the possession of physicians, hospitals and the like.</u> A prudent plaintiff might well want to make such information available for opposing counsel or provide a release directly to the medical care provided to allow release of the records. If that is not done, then counsel may avail themselves of Fed.R.Civ.P. 34 to obtain the records and secure an appropriate order to allow those records to be produced."

<u>Neil v Boulder</u>, 142 F.R.D. 325, 327 (D.Colo. 1992) (Emphasis supplied)

Clearly, if Grace wants original x-rays, then they should bear both the cost and the "arduous" burden of obtaining them. Claimants are willing to sign the releases necessary to accomplish Grace's goal. However, claimants should not be forced to personally undertake the

entire process of getting the records which Grace has authority to obtain itself under Fed.R.Civ.P. 34 and 45.

The attached proposed order (Exhibit 3, attached) provides Grace with all of the authority necessary to obtain the x-rays it wants. However, this order avoids burdening claimants with the cost, expense and effort to accomplish this goal and correctly places that responsibility on Grace.

Respectfully Submitted,

MICHAEL B. SERLING, P.C.

Philip J. Goodman (P14168)
Of Counsel
280 N. Old Woodward Avenue, Suite 407
Birmingham, MI 48009
248-647-9300
248-647-8481 fax

Dated: November 21, 2006
C:\Diane 2006\PJG\MBSPC\WR GRACE\Request for Entry of Protocol - x-rays.doc