IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al | ) | Case No. 01-1139(JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## RESPONSE OF ASBESTOS PERSONAL INJURY CLAIMANTS REPRESENTED BY SIMMONSCOOPER LLC TO MOTION TO COMPEL

COME NOW certain asbestos personal injury claimants (each, a "SimmonsCooper Claimant") in receipt of the "W.R. Grace Asbestos Personal Injury Questionnaire" ("Questionnaire"), by and through their counsel SimmonsCooper LLC, and hereby respond to the *Motion to Compel Asbestos Personal Injury Claimants Represented by SimmonsCooper LLC to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire* ("Motion to Compel") filed by Debtor W.R. Grace & Co. ("W.R. Grace"), and its debtor affiliates. In support, the SimmonsCooper Claimants state as follows:

1. By Order dated August 24, 2006, the Court set October 16, 2006, as the deadline for filing proofs of claim for settled asbestos personal injury claims.

2. By this same Order, the Court set November 15, 2006, as the deadline for filing proofs of claim for unsettled, non-liquidated, asbestos personal injury claims held by those asbestos personal injury claimants who met certain arcane requirements related to filing suit and service upon W.R. Grace prior to the Petition Date.

3. At a hearing before the Court on September 11, 2006 (relating to certain initial disputes among the parties concerning responses to the Questionnaire), the Court

ruled, first, that asbestos personal injury claimants with validated "settled" claims did not need to respond to the Questionnaire. The Court ruled, second, that only those non-settled asbestos personal injury claimants who filed proofs of claim for unsettled, non-liquidated claims by the appropriate bar date must respond to the Questionnaire.

4. A number of the SimmonsCooper Claimants filed settled proofs of claim and had same "validated" by W.R. Grace as "true" settled and liquidated claims.

5. None of the SimmonsCooper Claimants filed an unsettled, non-liquidated proof of claim for an asbestos personal injury claim by the applicable bar date.

6. By letter dated November 11, 2006, counsel for the SimmonsCooper Claimants informed counsel for W.R. Grace that none of the SimmonsCooper Claimants were required to respond to the Questionnaire (or any subsequent motion to compel further responses thereto) by virtue of the fact that all such claimants either held validated "settled" claims or else declined to file proofs of claim for "unsettled" claims.

7. On November 17, 2006, W.R. Grace filed the Motion to Compel, seeking to compel further responses to the Questionnaire from the SimmonsCooper Claimants, relating to contesting certain asserted privileges and objections raised by the SimmonsCooper Claimants (in their initial responses to the Questionnaire, on or about July 12, 2006).

8. Following an exchange of electronic mail correspondence, counsel for W.R. Grace agreed to withdraw the Motion to Compel as to the SimmonsCooper Claimants. However, as of the date of the preparation and filing of this Response, the Motion to Compel has not formally been withdrawn.

9.      The SimmonsCooper Claimants submit that the Motion to Compel as to them is moot by virtue of having been voluntarily withdrawn by W.R. Grace, but reserve the right to file further substantive responses to the Motion to Compel should it become necessary.

WHEREFORE, the Claimants respectfully request that the Court deny the Motion to Compel as withdrawn and moot, and grant such other and further relief as the Court deems just and proper.

Dated: November 27, 2006          Respectfully submitted,

SIMMONSCOOPER LLC

_____*/s/ Robert W. Phillips*_____
Robert W. Phillips
707 Berkshire Boulevard
East Alton, IL 62024
Phone (618) 259-2222
Fax (618) 259-2251
rphillips@simmonscooper.com

Counsel for SimmonsCooper Claimants