IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | } | Chapter 11 |
| | ) | |
| | } | |
| W.R. GRACE & CO., et al | } | Case No. 01-1139(JKF) |
| | ) | |
| | } | (Jointly Administered) |
| Debtors. | } | |

## CLAIMANTS' RESPONSE TO
## W.R. GRACE'S MOTION TO COMPEL

Claimants, by and through their counsel, Cooney and Conway, submit the following response to Debtor WR Grace's motion to compel further answers to Grace's questionnaire. A list of claimants is attached to this response as Exhibit 1.

**Prefatory note**:

Debtor WR Grace has raised numerous issues in its motions to compel. The vast majority of these issues appear to be made in each of its motions, and are the subject of responsive briefs from several firms. In an effort to avoid redundancy, the Cooney and Conway Claimants join and adopt the responses submitted by all counsel for claimants on the repetitive issues, including confidentiality agreements. Grace has raised two issues that appear to be unique to the Cooney and Conway cases-- the mandatory prohibition on discovery in the pleural registry cases and the *Lipke-Tragarz* doctrine prohibiting admissibility of exposure to other manufacturers products. This response addresses those two issues.

**1. Grace's Motion to Compel Ignores Illinois' Mandatory Deferred Docket Provisions.**

Grace's motion to compel concerns 191 claimants represented by the Cooney and Conway law firm. The claimants represented by Cooney and Conway are either plaintiffs with lawsuits filed in

the State of Illinois, the Northern District of Illinois or they are deferred docket registrants whose claims are registered with either the Circuit Court of Cook County Asbestos Registry or the Asbestos Registry of the United States District Court for the Northern District of Illinois. Of the 191 questionnaires sent to the Cooney and Conway law firm by Grace, the vast majority, (146), are addressed to pleural registry claimants.

Illinois has had its mandatory registry in place for fifteen years. WR Grace was an active proponent of the registry's creation in 1991. Claimants' submit that the mandatory provisions of the deferred asbestos registries in Cook County and in the Northern District of Illinois place them in a substantially different position than other claimants in terms of availability of proof of exposure and medical reports. Plaintiffs respectfully suggest to the Court that the following overview of the creation and use of the registry in Illinois Courts will be of great assistance to this Court in determining the outcome of the motion to compel.

The Honorable Dean M. Trafelet of Circuit Court of Cook County entered an order creating the Asbestos Registry on March 21, 1991. (A copy of the registry order is attached as Exhibit 2.) The order was not undertaken lightly, it followed more than a year of court-supervised negotiation among a committee of attorneys representing Plaintiffs and Defendants, including WR Grace. Shortly thereafter, an almost identical pleural registry order was entered in the United States District Court for the Northern District of Illinois. In ordering the mandatory federal registry, the Honorable Charles P. Kocoras, presiding judge of the asbestos docket, wrote:

> The moving plaintiffs and concurring defendants believe that these cases do not presently justify the expense of the full panoply of litigation, including motions, discovery and trial. The plaintiffs are not interested in presently pressing their claims (recovery in these types of cases is either small or nonexistent), and the concurring defendants are not interested in forcing

these plaintiffs to adjudicate their claims in the normal course of events.

*In re Asbestos II,* 142 F.R.D. 152, 153 (D. Ill. 1991)

Judge Kocoras then expressly ruled:

16. Claims in the Registry are exempt from discovery provisions. When a claim is placed on the active docket, it shall receive a new civil docket number.

*In re Asbestos II*, 142 F.R.D. 152, 157 (D. Ill. 1991)

Since 1991, the Cook County and Northern District mandatory pleural dockets have served their purpose admirably. The Court has been able to turn its attention to the fully impaired docket and has achieved an exemplary disposition rate. Cook County asbestos cases actually proceed as swiftly as or faster than non-asbestos cases. Had there been no mandatory registry, Illinois asbestos cases would most likely face a backlog similar to those reported in sister states.

The pleural registry was challenged by defendants other than Grace. The Illinois Appellate Court upheld the lower court's implementation of the registry. See *In re Asbestos Cases*, 224 Ill. App. 3d 292, 586 N.E.2d 521 (1991)

All discovery is prohibited under the pleural registry order. The prohibition is key, since neither defendants nor plaintiffs would agree to a stay of litigation of the cases if the expense of discovery continued. Grace's questionnaires require that the plaintiffs violate this prohibition and engage in discovery and investigation that are wholly prohibited by the registry order.

Grace offers no compelling reason for this Court to enter an order that would disrupt a standing prohibition on such discovery. The 146 cases subject to the registry order have submitted their

medical records and work histories to the maximum extent allowed by the registry order[1]. In contrast, the remaining, non-registry claimants have submitted extensive medical and work histories in response to the questionnaire. It is not a matter of bad faith or obstruction on the part of the registry claimants or their counsel. These claimants are operating under a specific order prohibiting discovery, and claimants respectfully request that this Court not imperil the Deferred Asbestos Docket, or imperil these claimants' status thereupon by requiring claimants to violate its express terms.

## 2. Grace Ignores the Specific Asbestos Provisions of Illinois Law Regarding Exposure to Other Defendant's Asbestos Products, Thus Skewing a Valid Estimation Process

Under Illinois law, evidence of exposure to other manufacturer's products is inadmissable. *Lipke v. Celotex*, 153 Ill.App.3d 498, 505 N.E.2d 1213, 1220, 1221 (1st Dist. 1987), app. dismissed, 536 N.E.2d 327 (1990). In *Lipke*, the Illinois Court succinctly stated the doctrine and its purpose:

> Illinois courts have long recognized that there can be more than one proximate cause of an injury. In such a situation, one guilty of negligence cannot avoid responsibility merely because another person is guilty of negligence contributing to the same injury . . . where such guilt exists it is no defense that some other person or thing contributed to bringing about the result for which damages are claimed. Either or both parties are liable for all damages sustained. Thus, the fact that plaintiff used a variety of asbestos products does not relieve defendant of liability for his injuries. Evidence of such exposure is not relevant.
>
> *Lipke* at 1221. (Citations omitted).

---

[1] The registry order establishes minimum PFT and X-Ray results to establish sufficient exposure to be placed on the deferred docket.

During the next two decades, Lipke was upheld over and over again in decisions reported throughout the state, including *Johnson v. Owens Corning* 738 N.E.2d 927; *2000 Ill. LEXIS 1367, 250 Ill. Dec. 458;Spain v. Owens Corning.* 185 Ill. 2d 667; 720 N.E.2d 1106; 1999 Ill. LEXIS 1190; 242 Ill. Dec. 151, *Kochan v. Owens Corning*, 152 Ill. 2d 561, 622 N.E.2d 1208, 190 Ill. Dec. 891 (1993), and most recently *Nolan v. Weil Mclain* No. 4-05-0328 (4th District Appellate Court, June 27, 2006).

WR Grace attempts to parse these holdings by arguing that the *Lipke* doctrine speaks to admissibility rather than discovery. However, by arguing this point Grace ignores its past <u>repeated</u> statements to this Court that the questionnaire is not a discovery tool. The Debtor cannot have it both ways. Grace must make up its mind as to whether or not the questionnaire is actually a discovery mechanism, and thus subject to all Rule 26 provisions.

In *Tragarz v. Keene Corporation*, 980 F2d 411 (1992), the Seventh Circuit Court of Appeals applied the *Lipke* decision to federal cases as well. (WR Grace was a defendant in *Tragarz* until shortly before trial, when it settled.). The *Tragarz* Court addressed both the issue of admissibility for the purpose of causation, and for comparative fault under the Illinois statutory exception for asbestos injuries, and found that evidence of exposures to other defendants products were not admissible for either purpose.

The Illinois statute states

> Notwithstanding the provisions of Section 2-1117, in any action in which the trier of fact determines that the injury or damage for which recovery is sought was caused by an act involving the discharge into the environment of any pollutant, including any waste, hazardous substance, irritant or contaminant, including, but not limited to smoke, vapor, soot, fumes, acids, alkalis,

> **asbestos**, toxic or corrosive chemicals, radioactive waste or mine tailings, and including any such material intended to be recycled, reconditioned or reclaimed, any defendants found liable shall be jointly and severally liable for such damage.        735 ILCS 2-1118

The *Tragarz* Court engaged in a four-page analysis of the meaning and legislative history, and reached the conclusion that such evidence is of the joint and several statute, and its relationship to the inadmissibility of evidence of exposure to other manufacturer's products. The Court ultimately held:

> Because a comparison of the joint and several liability provision and IEPA indicates that discharge into the environment under the joint and several liability statute includes large discharges of asbestos into an internal workplace environment, and because such an interpretation is consistent with, and in fact promotes, the legislative purpose reflected in the legislative history, we agree with the district court's conclusion that this case involves a discharge into the environment of asbestos under 2-1118 of the joint and several liability statute. **This means that the district court appropriately excluded evidence of Mr. Tragarz's exposure to other manufacturer's products.**
>
> *Tragarz* at 430

Claimants' objections to Grace's inquiry as to non-Grace products are based upon the *Lipke-Tragarz* doctrine, which is Illinois asbestos law. In the non-registry cases, claimants have provided answers to interrogatories and deposition testimony which include evidence of exposures to non-Grace products. Under the law of the state in which claimants' lawsuits were filed that is the extent of what defendants are entitled to under discovery. Such evidence is not admissible for use at trial, nor should it be admitted for the purpose of estimation, since it has no bearing on Grace's liability

for damages. Admitting evidence of other exposures for the purpose of estimation will totally skew the statistics that Grace purportedly seeks to model, inasmuch as it will allow the Debtor to discount its liability to an extent not allowed under Illinois law. Clearly, as in every asbestos bankruptcy plan consummated thus far, the particularities of each venue's laws will have to be a factor accounted for in determining claim values. Allowing evidence of non-Grace exposure into the estimation process deprives the Illinois claimants of their right to have their claims considered fairly. For this reason, Claimants urge this Court to deny Debtor Grace's motion to compel.

Wherefore, for the reasons stated above, Claimants respectfully request this Honorable Court to deny Debtor WR Grace's motion to compel, and enter and such other relief that the Court deems appropriate.

Respectfully submitted,

_____
One of the attorneys for the Claimants

Kathy Byrne

Cooney and Conway
120 N. LaSalle 30th Floor
Chicago, Il. 60602
312 236 6166