*FINAL*
*Entered*
*3/26/91*

IN THE
CIRCUIT COURT OF
COOK COUNTY

IN RE:                          *
                                *
        ASBESTOS CASES          *   Judge Dean M. Trafelet
                                *

## ORDER TO ESTABLISH REGISTRY FOR CERTAIN ASBESTOS MATTERS

This Court has conducted hearings, taken evidence on
the cause, development and consequences of latent diseases that
occur due to exposure to asbestos and heard the arguments of
counsel on the motion made by certain plaintiffs and certain
defendants for the establishment of a judicially supervised
Registry of certain types of claims.  Based on the foregoing, the
Court makes the following findings of fact and conclusion of law
and enters its Order:

## I.   FINDINGS OF FACT

A.   There are several different types of diseases or
processes that have been associated with exposure to asbestos,
including certain types of malignancies and certain non-malignant
processes.

Asbestos can be a cause of non-malignant physical
changes in the lung and in the pleura.

Asbestosis is a disease of the lung, which can progress
with time from a non-impairing (or subclinical) stage to an
impairing (or clinically diagnosable) stage.  The precise crite-
ria for the diagnosis of "asbestosis" is the subject of some
dispute among physicians who specialize in the diagnosis and
treatment of lung disorders.  This Court has heard evidence on



PLAINTIFF'S
EXHIBIT
2

the subject.  This Court has adopted those minimum criteria for the purposes of this Order.

Asbestos can cause non-malignant changes within the pleura called "pleural plaques" and "pleural thickening". Medical experts generally agree that pleural plaques and pleural thickening can be evidence of exposure to asbestos but, except in extremely rare cases, they do not cause impairment.

B.    The Court has the inherent power to control cases on its docket and to order the trial or disposition of these cases in a manner consistent with an economical allocation of judicial resources and with the parties' interests.  The volume of asbestos-related personal injury claims now pending in the Circuit Court of Cook County presents a serious threat of calendar congestion to the Court.  A substantial number of cases filed in this Court involve plaintiffs who claim significant asbestos exposure, but who are not now physically ill.  In some of these cases, there may be a progression of an asbestos-related condition resulting in disability to the plaintiff.  In others, the disease process will progress no further.

C.    The plaintiffs and their attorneys have filed many cases that involve no present impairment, because they reasonably believe that the statute of limitations will expire before their diseases progress to a stage that is impairing.

D.    Defendants have expended substantial sums in appearing, engaging in pre-trial discovery, and defending against such claims.  Many have had their available resources severely

strained and believe that their resources can be better expended if focused on those cases that involve claims of actual and current conditions of impairment.

E.   This Court has reviewed the methods employed by other court systems within these United States in their efforts to resolve the tension in latent disease claims between the right of a claimant to prosecute a claim at such time as he knew or should have known that he was injured by reason of the claimed tortious act or omission of another and the right of a defendant to protection against stale claims.  The Court finds that a Registry under terms set forth herein below represents an appropriate balance between the respective rights of plaintiff and defendant.

## II.   CONCLUSIONS OF LAW

A.   This Court has the inherent authority to manage and control its docket in order to achieve its constitutional mandate to adjudicate claims in accord with the common and statutory law and public policy of this State.

B.   Commensurate with its inherent authority to establish and control its docket, this Court has the authority to set certain claims or potential claims in a deferred status until such time that the claim is appropriate for judicial attention and relief, and the use of such deferred Registry is proper when a claim involves an asbestos-related condition that has not progressed to a stage that the person has suffered actual impairment.

3

C.   The registration of a deferred claim in the Court-supervised Registry to be known as the Asbestos Deferred Registry, and notice (as defined herein) to such person or entities who may be subject to suit at a later date will constitute public notice to such persons that is sufficient to satisfy the "commencement" requirements embodied in the statutes of limitations, e.g., Ill. Rev. Stat, ch. 110, §13-202, §13-203, and §13-209 and the statute of repose, Ill. Rev. Stat., ch. 110, §13-213.

D.   The registration of a deferred claim within the Registry is not a "case in controversy", because the registrant does not seek monetary damages or other judicial relief.   Accordingly, the Clerk of the Court need not require the payment of a filing fee by a registrant, and the registrant is not required to serve summons pursuant to Ill. Rev. Stat., ch. 110A Rules 101, et seq.

III. ORDER

A.   It is ordered in accordance with the aforesaid Findings of Fact and Conclusions of Law, that the "Asbestos Deferred Registry" ("Registry") is hereby established as a repository for certain claims for asbestos-related personal injury that are deferred until such time, if ever, that such persons develop evidence of impairment consistent with the terms and conditions set our herein below.

B.   It is further ordered that this Order is intended as a device to administer and direct the handling of claims for non-malignant diseases allegedly caused by exposure to asbestos.

4

Unless and only to the extent stated hereinafter, this Order shall not affect the manner in which claims for asbestos-related malignancies are filed and prosecuted.

C.    It is further ordered that this Registry shall be administered by the Judges and Clerk of the Circuit Court of Cook County pursuant to such terms and provisions as follow.

## TERMS AND PROVISIONS

1.    The following provisions establish a Registry for all asbestos personal injury claims registered or to be registered in the Circuit Court of Cook County (referred to below as "claims"), the procedures by which claims are placed on and removed from the Registry, and provisions for ordering  claims as they move from the Registry to the trial dockets of the Circuit Court of Cook County (the "courts").

   a.    The terms "impaired," "impairment," and "asbestos-related" are used herein solely as a means of separating claims and ordering them for disposition.  The use of these terms in the context of this order, whether by plaintiffs, defendants or the courts, shall not be deemed to be a finding or admission that any physical conditions or changes are or are not asbestos related in a legal or factual sense, and shall not constitute to any extent a basis for a finding of liability against any person.

   b.    Similarly, the use and adoption by the Court of any standard measurement for testing or the reporting of test results shall not be deemed a final and conclusive adoption or endorsement of that particular standard by the courts or any counsel or the rejection of any competing or alternative standard, but reflects only the selection of a reasonable and consistent system to help ensure that uniform standards are maintained as between individual claims.

c.  Whenever the provisions of this document require that the plaintiff or claimant's counsel make service of specified material, service shall be accomplished in the following manner: Plaintiffs' counsel shall file the original of the material with the Clerk of the Court, and shall include with such filing a certificate of service which shows the names, addresses and dates of service upon all other persons.  Simultaneously with the filing with the Clerk, Plaintiffs' counsel shall serve a complete and legible copy of the material being filed upon Defendants by first class mail.

2.   The requirements of Illinois Supreme Court Rule 137 shall apply to all papers filed by counsel or parties in connection with the Registry.  All claims registered by persons who claim a history of asbestos exposure, and who can demonstrate an objective asbestos-related physical finding (such as pleural plaques), but who do not meet the minimum criteria for impairment defined herein, or who have not manifested a cancer certified as asbestos-related as described below, shall be placed upon the Registry, and shall remain on the Registry until and unless removed in accordance with the procedures established herein.

a.  Upon motion of a claimant and notice to all Defendants, the Court may, in special circumstances and for good cause shown, permit a claimant who meets the criteria for exiting the Registry to remain on the Registry.

3.   For the purposes of this order, "present claims" shall be defined as all lawsuits filed and served, but not actually on trial, in the courts as of the close of business March 26, 1991. All claims made in the courts beginning March 27, 1991, shall be considered "future claims."

4.   Within ten (10) days of the entry of this order, each Defendant who is presently a party in any present claim shall, using the caption of the Asbestos Registry, file with the Clerk of the Court and serve upon all Defendants Counsel and all Plaintiffs' counsel with whom they have present claims pending a designation, by name, address and title, of the person who is to be served with documents and filings made in accordance with this

order.  Notice of any changes of counsel will promptly be given
to the Clerk and to plaintiff's counsel.

## Present Claims

6.   Within 90 days from March 26, 1991, each plaintiffs' attor-
ney with present claims pending in the courts shall file with the
Clerk of the Court (along with a certificate of service) and
serve upon Defendants' Counsel a listing of all present claims,
except for those which allege an asbestos-related cancer or
mesothelioma.  This listing of present claims shall be organized
as follows:

   a.   A general listing of all such claims, alphabetically by
        last name, and for each claim providing also first
        name, date of filing, docket number, a listing of
        defendants named and served, exposure period, and
        asbestos-related condition alleged to exist; and

   b.   A Claimant Registry Information form, in the format
        attached hereto as Exhibit A, for all such claims; and

   c.   A draft order transferring to the Asbestos Registry
        each such claim.

   d.   For each claim alleged by the Plaintiff to be eligible
        for removal from the Registry, the documentation set
        forth in paragraph 12 below is required to support
        removal.  All claims for which no request or documen-
        tation for removal is submitted shall remain on the
        Registry.

All present lawsuits in which an asbestos-related cancer or
mesothelioma is alleged shall remain on the active docket.
Lawsuits currently pending in which persons who filed suit based
upon pleural thickening or pleural plaque are now deceased and
whose survivors are now acting as representatives of the original
plaintiff's estate shall not be placed upon the Registry.

7.   Within 30 days of the plaintiffs' counsel's submissions to
the Defendants' Counsel, any objecting Defendant shall file with

plaintiffs' counsel and the Clerk of the Court a submission which
states in not more than one page per claimant, any objections
Defendant has concerning whether each claimant alleged by plaint-
iffs' counsel to be eligible for removal from the Registry meets
the criteria established herein for removal.  The Court will
decide any disagreements on the papers thus submitted, and will
issue an order determining which claims are removed from the
Registry.  Hearings will be conducted only if the Court, sua
sponte, so orders, or if the Court, in the exercise of its
discretion, grants any party's request for a hearing.  All other
claims will remain on the Registry but subject to removal in the
future if other criteria established in this order are satisfied.

8.   All present claims that remain upon the Registry after the
proceedings described in paragraphs 6 and 7 above shall be
considered "inactive" upon the conditions and with the reserva-
tions of rights contained in paragraph 10 of this order.  <u>All
applicable statutes of limitations</u> as to such cases shall be
considered tolled as of the original date of filing to the extent
of the alleged asbestos-related claims alleged in the pleadings
up to that time, and as to the defendants named up to that time.

## Future Claims

9.   Each Claimant or plaintiffs' attorney filing a future claim
shall, in the first instance file an Asbestos Personal Injury
Information Sheet as in Exhibit B.  Those cases which allege an
asbestos-related cancer or mesothelioma certified by a qualified
expert may proceed with filing a complaint on the active docket
and obtaining service of process on all defendants named.  For
all other <u>i.e.</u>, non-malignant claims, a claimant Registry Form
(New Claims) as in Exhibit C must be filed, with the Clerk of the
Court.  For these non-malignant claims, service will be made in
accordance with paragraph 1.c upon the designated service person
listed in paragraph 4 above for each entity who would be named as
a defendant in the event a lawsuit were filed ("notice of claim
defendants").  No filing fee shall be assessed or paid with
respect to the filing of a Claimant Registry form, but the stan-
dard filing fee shall be paid in the event the claim is removed
from the Registry and placed on the active docket in accordance
with the provisions of paragraph 11.  All future claims in which

an asbestos-related cancer or mesothelioma are alleged may be filed directly on the active asbestos docket, and the standard filing fee will be paid at that time.

10.   The filing of an Asbestos Personal Injury Information Sheet and Claimant Registry Form and proper service upon the Clerk of the Court and Defendants' Counsel shall constitute placement on the Registry, and shall toll all applicable statutes of limitations as of the date of filing and service, regarding any claim of the claimant, claimant's spouse, children, dependents and their estates arising from the alleged asbestos-related condition(s) alleged in the Registry form, but only with respect to the notice of claim defendants.

11.   If any claimant contends that his or her case is one which is immediately subject to removal from the Registry, then claimant's counsel shall file, along with the Claimant Registry Form, a Request for Removal and Leave to File a Complaint, in the form attached hereto as Exhibit D, with supporting documentation, and shall serve the original of Exhibit D upon the Clerk of the Court, and shall make service upon all notice of claim defendants in accordance with paragraph 1.c.  Any objecting defendants shall, within 30 days of receipt of Exhibit D, file a document not exceeding two pages for each plaintiff stating Defendants' position concerning only the issue of whether the claimant meets the criteria established by this order for removal from the Registry.  The Court shall promptly decide any conflict on the papers thus submitted, without a hearing, and shall enter an order determining the issue.  The Court may, however, at its discretion and with or without a request from the parties, require a hearing.  If the Court decides the issue in favor of the claimant, the case will be removed from the Registry and plaintiffs' counsel may file a complaint and pursue service of process as in any other case.  The previous date of tolling established in paragraph 10 above will control issues concerning the statute of limitations as to notice of claim defendants and disease processes alleged in the Claimant Registry form and accompanying documents.  However, nothing in this section or in this Registry order is intended to or shall be construed against any defendant to have waived the requirements for valid service of process, or to have obviated the necessity for personal

service when a complaint is filed.  The duty to effect service of process shall not be triggered until the filing of the complaint.

### Criteria for Removal From the Registry

12.  Claims may be removed from the Registry in only the following ways:

  a.  A claimant may be voluntarily removed from the Registry upon the filing of a certificate by the claimant's attorney which states that the claimant is withdrawing his/her claims, and understands that all tolling of limitations will cease upon the filing of the certificate.  The claimant's counsel shall file the original of such document with the Clerk of the Court and shall make service upon other parties in accordance with paragraph 1.c.

  b.  A claimant may file a Request For Removal in the form attached as Exhibit D along with the accompanying documents and the required certifications required by Exhibit D.  The original of such Request and documentation will be filed with the Clerk of the Court and be served upon other parties in accordance with paragraph 1.c.

  (1)  The minimum criteria for exiting the Asbestos Registry pursuant to Paragraph 12(b) are as follows:

    (a)(1)   A chest x-ray with an ILO rating of 1/0 or greater, as read by a certified B-Reader; and

    (2)    A pulmonary function test performed under the supervision of and interpreted by a board-certified pulmonologist which demonstrates either:

        (i)  Total Lung Capacity below 80%

            or

10

       (ii) A diffusing capacity for oxygen of less
than 70% of normal <u>and</u> an FEV-1/FVC
ratio of 75% of predicted or greater.

<u>or</u>

(b)   A chest x-ray with an ILO rating of 1/1 or greater
as read by a certified B-reader <u>and</u> a pulmonary
function test performed under the supervision of
and interpreted by a board-certified pulmonologist
which demonstrates a Diffusing Capacity below 80%.

<u>or</u>

(c)   Upon exceptional circumstances and for good cause
shown and upon notice to all parties, a party may
by petition to the Court demonstrate actual
impairment equal to or greater than that set forth
in (1) and (2) above.  Examples of the type of
such evidence contemplated hereunder would
include:

    (1)  Evidence of asbestosis determined
pathologically, or

    (2)  Evidence that impairment due to
interstitial fibrosis or pleural encasement is so
severe that pulmonary function testing cannot be
completed.

(2)   The original request for removal with the accompanying
mandatory documentation described above will be filed
with the Clerk of the Court, and service upon other
parties shall be made in accordance with paragraph 1.c.
Within 30 days of the Claimant's filing, any objecting
Defendant shall submit in a document not exceeding two
pages, a statement of its position concerning whether
the claim meets the minimum requirements for removal.
The original of such response shall be filed with the
Clerk of the Court, and copies served upon all counsel
by first class mail.

(a)  If the parties agree to removal, the Clerk will note the claim removed from the Registry, and the Claimant's counsel may proceed with filing a complaint and service of process.

(b)  If the parties do not agree, the Court will determine the issue promptly upon the papers without a hearing, and will issue an appropriate order.  The Court may, however, at its discretion and with or without a request from the parties, require a hearing.

(c)  When an order is entered permitting the removal of a future claim from the Registry, the claimant shall file a complaint, the Clerk shall assign to the complaint a new Law Division docket number, and the complaint shall be placed on the active asbestos docket.  As to present claims, plaintiff may serve those defendants who had appeared in the original action by service in accordance with paragraph 1(c) of this Order.  In all other circumstances, service of process shall be effected in accordance with the provisions therefor contained in the Illinois Code of Civil Procedure and Supreme Court Rules.

(d)  In any present case, any fees previously paid by any defendant, including appearance fees and jury demand fees, shall be deemed to apply to the new complaint filed by plaintiff upon exit from the Registry.  In the event that no party named in the new complaint had filed a jury demand on the original complaint, any party may demand and pay the fee for a trial by jury in accordance with Illinois Code of Civil Procedure, §2-115.

(e)  When a complaint is filed upon removal of the claim from the Registry, the presiding judge

12

of the independent calendar "In re: Asbestos Cases" shall determine if it is appropriate to assign the case to Mandatory Arbitration, pursuant to the Illinois Code of Civil Procedure, Ill. Rev. Stat. ch. 110 par. 2-1001A through 2-1009A, Supreme Court Arbitration Rules 86 through 95, Ill. Rev. Stat. ch. 110A, par. 86-95 and Rule 18 of the Circuit Court of Cook County. Notwithstanding this assignment, all motions shall be filed, noticed and presented on the independent calendar "In re Asbestos Cases," before the presiding judge of that calendar.

(f)   If, in addition to the documentation required above for removal, the claimant attaches an affidavit from a treating or examining physician that the alleged asbestos related conditions which are alleged to be the basis for removal will more likely than not cause the death of the claimant within twelve (12) months from the date of the submission of the request for removal, the claimant may further request expedited discovery and trial.  Service of such affidavits and request shall be in accordance with paragraph 1.c.

(3)   The same pulmonary function and testing and/or chest x-ray information that was referenced in a Claimant's Exhibit A or C as a basis to file the original claim with the Registry may not be used in whole or in part as the foundation for a later request for removal from the Registry.

## Miscellaneous Provisions

(A)   The terms of this order may not be modified except by a stipulation signed by all parties and entered by the court, or by Order of the Court following notice to all parties of record.

(B)   The fact that a claimant satisfies the exit criteria for non-malignant lung disease shall not be construed as an admission that he has asbestosis, nor shall the exit criteria be cited, referred to or otherwise used at trial of any case as diagnostic criteria for the determination of whether a plaintiff in fact has asbestosis. Rather, such criteria are established only for the purpose of determining when a claimant may activate a Registry claim into an action.

(C)   Acting pursuant to this Order of Court, or placing a claim on the Registry is not to be considered as an admission of liability by any of the potential defendants, nor an admission by any claimant that he or she is not suffering any injury or disability from their asbestos related condition. The existence of the Registry, and the fact that the claim was placed on the Registry shall not be admissible in any subsequent case, except for the limited purpose of a judge determining whether the provisions of the Registry order were complied with in that particular case.

(D)   All claims filed on or moved to the Asbestos Registry shall bear the caption "In re: Asbestos Registry," as well as the name of the claimant and all entities which would be named as a defendant in the event a lawsuit is filed ("notice defendants"). All claims on the Registry shall bear a Registry number assigned by the Clerk of the Court. The Clerk of the Court will enter on the Court's computer the claimant's name, current address and date of placement on the Registry.

(E)   Any defendant not named on a claimant's Registry Form (Exhibit C) shall not be named or served as a defendant in the event the claim is placed on the active docket. However, nothing contained herein shall limit in any manner the rights of defendants to name additional parties as third-party defendants, in the event a claim is placed on the active docket.

(F)   So long as claims remain on the Registry, they are exempt from discovery provisions of the Illinois and Circuit Court of Cook County rules, and they shall not "age" for any

14

purpose.  When a claim is placed on the active docket, it shall receive a new number, assigned by the Clerk.

(G)  All filings shall be on an individual basis.  No claims on behalf of a group or class of claimants shall be permitted.

(H)  For all future claims, a filing fee shall be assessed by the Clerk and paid at the time a claim is placed on the active docket.  For all present claims, no additional fees (including filing fees, appearance fees or jury demand fees) will be assessed for a claim already on the active docket which is transferred to the Registry, or for a claim when it is transferred from the Registry to the active docket.

(I)  With regard to future claims, or any present case for any defendant not already properly served, this Order shall not effect or modify the rules regarding service of process necessary in the event such a claim is removed from the Registry and a complaint is filed on the active docket. Proper personal service of all defendants named in such a complaint is required.

(J)  Failure to give notice to any notice of claim defendant of placement of a claim on the Registry shall not toll the statute of limitations as to that defendant.  A notice of claim defendant who has received notice of placement of a claim on the Registry but does not receive notice of a Request for removal from the Registry may assert any objections it may have had to removal from the Registry after the complaint has been filed and served.

(K)  The filing by any defendant of any papers in connection with objecting to a request by a claimant to come off the Registry, or the appearance by any defendant at a hearing ordered by the Court in connection with such a request shall not be deemed an "appearance" submitting to jurisdiction in the event the claim is placed on the active docket and a lawsuit is commenced.

(L)  Any amendments to this Order shall be prospective only.

15

(M)   This Order shall be published in <u>The Daily Law Bulletin</u> and
its provisions shall be incorporated into and made a part of
the rules of the Circuit Court of Cook County.   Notice of
any proposed amendments to this Order shall be published in
<u>The Daily Law Bulletin</u>.   In the event the Court orders that
personal notice of any amendments, late court orders or
other matters to any claimant is required, service by the
clerk by U.S. mail to claimant's attorney, or if no attorney
is listed, to the last known address of the claimant as
stated on the Registry form, shall constitute sufficient
service.   Copies of this Order and any amendments shall be
available in the Clerk's office and the office of the judge
presiding over the asbestos related personal injury cases.

(N)   This Order shall be severable and if any portions of this
Order are stricken or modified on appeal, it shall not
diminish the effectiveness of this Order.

_Judge Dean M. Trafelet_

NOV 26 1991

_____               _____
DATE                                    JUDGE DEAN M. TRAFELET

_Clerk of the Circuit Court_

16

IN THE CIRCUIT COURT OF COOK COUNTY
ASBESTOS REGISTRY CALENDAR

IN RE:                              *
                                    *
     ASBESTOS REGISTRY              *     Case No. 91 L _____
                                    *     Registry No.  _____

          Claimant Registry Information Form - Pending Claim

1.   Registrant's Name: _____
2.   Former case number_____; Filed:_____
3.   Registrant's Current Address: _____
4.   Defendants named and served in original lawsuit:_____
     _____
     _____
     _____.

5.   Registrant's Date of Birth: _____
6.   Registrant's Social Security Number: _____
7.   Registrant's Statement of Exposure:  Plaintiff was occupa-
     tionally exposed to asbestos-containing materials during the
     years _____ to _____ in the course of his employment as a
     _____ during which years he worked as a__
                         (trade or occupation)
     member of Local #_____ of the _____.
                                              (Union)

8.   Plaintiff's most recent chest x-ray dated _____ re-
     veals:

     a.   Pleural plaques YES ☐    NO ☐
          Pleural thickening YES ☐  NO ☐
     b.   Parenchymal abnormalities YES ☐   NO ☐
          Profusion rating _____
     c.   If profusion 1/0 or greater, list pulmonary function
          test results:
          Test Date:_____
          TLC_____  DLCO_____  FEV-1_____  FVC_____  FEV-1/FVC_____


_____            _____
     DATE                          CLAIMANT OR CLAIMANT'S ATTORNEY

Attorney's Name
Address

Attorney ID No.


                         EXHIBIT A

This form shall be completed for any person who, after March 26, 1991, seeks to file a claim for personal injury and damages caused by exposure to asbestos.

## ASBESTOS PERSONAL INJURY INFORMATION SHEET

Claimant's Name _____.
Date of Birth _____/_____/_____. -
Social Security No. _____-_____-_____.
Current Address _____

1. I, _____, claimant or counsel for claimant herein, have read and am familiar with the provisions of this Court's Order dated March 26, 1991 regarding the classification of different types of claims for asbestos-related personal injury for the purposes of placement of any individual claim on the active trial docket or on the deferred asbestos Registry of the Circuit Court of Cook County.

2. _____ (Claimant's name) has been diagnosed on

_____ (date) by Dr. _____ as having:

(check appropriate box(es):

| | | |
|---|---|---|
| ☐ | a) | Malignant pleural mesothelioma. |
| ☐ | b) | Malignant peritoneal mesothelioma. |
| ☐ | c) | Malignant lung cancer. |
| ☐ | d) | Malignant gastrointestinal cancer. |
| ☐ | e) | Other malignancy (specify) _____. |
| ☐ | f) | Parenchymal changes consistent with asbestosis. |
| ☐ | g) | Non-malignant pleural changes. |
| ☐ | h) | None of the above. |

3. If boxes 2(a), (b), (c), (d) or (e) are checked, have you received from a qualified expert an opinion that the cancer is causally connected to asbestos exposure? Yes ☐ No ☐.

If "yes," identify the qualified expert _____, and the Clerk will accept the filing of a complaint.

If "No," you must obtain such a report before proceeding with the prosecution of a claim.

Once the complaint is filed, you must place summons for service on all defendants named.

4. If you have checked box 2(f) [and not boxes 2(a), (b), (c), (d), or (e)], please state:

a) Your or your client's most recent chest x-ray was taken on _____/_____/_____ and revealed:

EXHIBIT B

i)   Pleural plaques? ☐ YES      ☐ NO
ii)  Pleural thickening?   ☐ YES      ☐ NO
iii) Parenchymal changes consistent with pneumoconio-
     sis? ☐ YES      ☐ NO.  With a profusion level on
     the ILO scale __/__.

b)  If you answered yes to (iii) and the ILO rating is 1/0
    or greater, list your or your client's most recent
    pulmonary function test results in the following cate-
    gories:  TLC _____; DLCO _____; FEV-1 _____; FVC _____;
    FEV-/1/FVC Ratio _____.  Date of Testing: _____/_____/-
    _____.  Please complete No. 5.

5.  If you have checked boxes 2(f), (g) or (h), respond to the
following:  Based on my review of this Court's Order dated March
26, 1991, and the current evidence of impairment of myself or my
client, I certify that this claim meets the criteria for:

☐  a)   Filing as an active case in the Circuit Court, and
        I am filing such case.
☐  b)   Filing on the Asbestos Registry.
☐  c)   None of the above.

Dated _____            _____
                             Claimant's/Attorney's Signature

Attorney's Name
Address

Attorney ID No.

IN THE CIRCUIT COURT OF COOK COUNTY
ASBESTOS REGISTRY CALENDAR

IN RE:                          *
                                *
     ASBESTOS REGISTRY           *      Case No. 91 L _____
                                *      Registry No. _____

Claimant Registry Form - New Claim

1.  Registrant's Name: _____

2.  Registrant's Date of Birth: _____

3.  Registrant's Social Security Number: _____

4.  Registrant's Current Address: _____

5.  Registrant's Statement of Exposure:  I believe that I was
    occupationally exposed to asbestos-containing materials
    during the years _____ to _____ in the course of my employ-
    ment as a _____ during which years I
    worked as a
    (trade or occupation)
    member of Local #_____ of the _____.
                                         (Union)

    Names of each company that would be sued as a defendant if
    the case was placed on the active docket:_____

    _____
    _____
    _____.

6.  Registrant's Statement of Injury:  On _____, 198__, I
    was informed by Dr. _____ that I have the following
    medical evidence of non-malignant, physical changes due to
    asbestos exposure.  Chest x-ray dated _____/_____/_____
    revealed:

    a.  Pleural plaques YES ☐   NO ☐
        Pleural thickening YES ☐   NO ☐
    b.  Parenchymal abnormalities YES ☐   NO ☐
        Profusion rating ____/____

EXHIBIT C

c.   If profusion 1/0 or greater, list pulmonary function
     test results:  Test Date:____/_____
     TLC_____  DLCO_____  FEV-1_____  FVC_____  FEV-1/FVC_____


_____          _____
       DATE                       Registrant's/Attorneys Signature

Attorney's Name
Address

Attorney ID No.

```
                        IN THE
                   CIRCUIT COURT OF
                     COOK COUNTY

IN RE:                        *
                              *
         ASBESTOS REGISTRY    *   Registry No. _____
                              *
```

                Request for Removal From Asbestos Registry
                      and for Leave to File Complaint

1.   Claimant's Name: _____
                       Last        First        Middle

2.   Date original Claimant Registry Form was filed:

     _____

3.   I hereby request removal of the above-captioned claim from
     the Registry.

4.   The specific asbestos related condition(s) claimed is/are:

     _____

5.   The reasons for this request are as follows (here state the
     specific reasons for removal, specifying which criteria have
     been satisfied):

     _____

     _____

     _____

     _____

     _____

6.   The following documentation required by the Registry order
     is attached "hereto in support of this request:

     _____     dated_____

     _____     dated_____

     _____     dated_____

     _____     dated_____

     _____     dated_____

                        EXHIBIT D

7.    I certify in accordance with Rule 137 of the Illinois
      Supreme Court Rules that the foregoing information is true
      and correct, and hereby request that the above-named
      claimant's case be removed from the Registry and that leave
      be granted to file a complaint.


Dated _____      _____
                          Signature of Claimant or Claimant's
                          Counsel


              Certificate of Service

7.  I certify in accordance with Rule 137 of the Illinois
    Supreme Court Rules that the foregoing information is true
    and correct, and hereby request that the above-named
    claimant's case be removed from the Registry and that leave
    be granted to file a complaint.

Dated _____          _____
                           Signature of Claimant or Claimant's
                           Counsel


                    Certificate of Service