THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Case No.: 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors | ) | |

### MEMORANDUM OF KELLEY & FERRARO LLP AND THE FERRARO LAW FIRM IN OPPOSITION TO MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS REPRESENTED BY KELLEY & FERRARO LLP AND/OR THE FERRARO LAW FIRM TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

W. R. Grace ("Grace"), in its Motion To Compel Asbestos Personal Injury Claimants Represented By Kelley & Ferraro, LLP and/or Ferraro & Associates, PA To Respond To The W.R. Grace Asbestos Personal Injury Questionnaire ("Motion to Compel"), initially argues that because the "Court approved the Questionnaire" that "general relevance objections are unfounded and should be not be maintained." (Motion to Compel, pp1-2). However, in reaching this conclusion, Grace ignores the fact that all matters relating to the drafting and wording of the Questionnaire took place prior to the Bar Date, and therefore, took place prior to the filing of Proof of Claims ("POC") by Kelley & Ferraro, LLP. ("K&F") and Ferraro & Associates, PA ("Ferraro") on behalf of the asbestos-related creditors that these law firms represent. To this end, Grace cannot demonstrate that either K&F nor Ferraro were involved directly in either the briefing or the discussions of any of the issues underlying the requests contained within the Questionnaire. As these issues were determined prior to this Court having obtained jurisdiction over any creditor represented by K&F or Ferraro ("K&F/Ferraro creditors"), *Langenkamp v. C.A. Culp*, 498 US 42 (1991) (it is the filing of a claim against the debtor which triggers the allowance

or disallowance of claim and therefore the Bankruptcy Court's jurisdiction over the creditor), the K&F/Ferraro creditors should not now be prejudiced. In the instant case, thousand upon thousands of asbestos claimants have had their rights affected without first being brought into the litigation. This lack of procedural due process, in and of itself, is sufficient to preclude Grace's Motion to Compel.[1]

More importantly, Grace's purported service of the Questionnaires, on the clients of K&F and Ferraro, was inappropriate and without effect as this Court still lacked personal jurisdiction over these creditors at the time Grace propounded this discovery. See gen *Sasson v. Sokoloff, M.D.*, 424 F3d 864, 869 (9th Cir. 2005) ("By filing a proof of claims, the creditor in this case became subject to the bankruptcy court's in personal jurisdiction…"). In the instant case, until the K&F/Ferraro creditors filed their proof of claims, any judgment entered by this Court, which affected the rights of the K&F/Ferraro creditors, was void. *English Sports Betting, Inc. v. Tostigan*, 2002 WL 461653 (E.D. Pa 2002), citing with authority In Re *Tuli*, 172 F3d 707,712 (9th Cir. 1999)("judgment entered without personal jurisdiction over parties is void"). Consequently, the necessity of completing a Questionnaire as a preliminary requirement for filing a proof of claim, is without legal basis

What occurred in the instant case is nothing less than putting the cart before the horse. This Court required that K&F/Ferraro creditors, upon pain of forfeiture of their claims, respond to the Questionnaires, i.e., general discovery requests, prior to being subject to the jurisdiction of the Court.[2]  However, as noted above, until this Court obtained jurisdiction over the

---

[1] Federal civil Rule 33 specifically limits the use of interrogatories to "parties":
  (a) Availability. Without leave of court or written stipulation, any party may serve any other party written interrogatories,… (Emphasis Supplied.)  These same restrictions should apply to Questionnaire responses.
[2] At best, now that the K&F/Ferraro creditors have filed proof of claims, the issue of the propriety, nature, substance and service of the Questionnaires, as to the K&F/Ferraro creditors, may be properly adjudicated by this Court.

K&F/Ferraro creditors, it could not require discovery responses from the K&F/Ferraro creditors.[3] In fact, until the individual proof of claims were filed by the K&F/Ferraro creditors, this Court could not determine the relevancy of any discovery proposed by Grace as it relates to these claims. This is particularly true when the objections now being raised by the K&F/Ferraro creditors are based, in part, upon underlying state law issues such as (1) the application and interpretation of Florida Statute 90.408 and (2) the application of the Ohio Supreme Court's ruling in *Fidelholtz v. Peller*(1998), 81 Ohio St. 3d 197. Both Florida Statute 90.408 and the *Fidelholtz* decision relate to the propriety of a blanket order to obtain information as to other judgments and settlements that the K&F/Ferraro creditors may have received. (See responses to Questionnaire, Part VII, Questions 5 and 6.) For example, in *Fidelholtz*, the Ohio Supreme Court held that information relating to settlements obtained by a plaintiff is relevant only if the co-defendant is first determined to be a person "liable in tort." Thus, in this case, only if Grace initiates a declaratory judgment action against each of the co-defendants in each of the cases of K&F/Ferraro creditors, and prevails, will the information be discoverable. Until Grace demonstrates that any settling co-defendant is a person liable in tort, under substantive state law, this information remains irrelevant.[4] In any event, K&F provided Grace with the Complaint cover sheet which set forth the claimant's name, case number and Court where the case was filed. This then allowed Grace to obtain information on any judgment obtained by the claimant. Thus Grace had equal access to the same information that the K&F/Ferraro creditors have access to. In this situation, the K&F/Ferraro creditors complied with the requirements of Federal Civil Rule 33. See *Spector Freight Systems, Inc. v. The Home Indemnity Company*, 58 F.R.D. 162

---

[3] The docket clearly reflects that this Court required that discovery responses be filed by the K&F/Ferraro creditors prior to the filing of proof of claim.

[4] This Court should be mindful of the purpose espoused by Grace for the need for the Questionnaires, i.e., claim estimation; however, whether an individual has settled a claim against a co-defendant is not relevant to the actual

(N.D. Ill 1973) (since all information is available equally to each party, no compelling reason exists to require specific interrogatory responses).

Additionally, Grace requires that the K&F/Ferraro creditors respond to the Questionnaires in a specific manner which is convenient to Grace, irrespective of the hardship such a response would cause to the K&F/Ferraro creditors. Why? The answer is simple. By requiring the K&F/Ferraro creditors to respond in a particular manner, Grace will ease the burden on itself in creating its own litigation database. Unfortunately, Grace's attempt to use K&F/Ferraro creditors to do Grace's work is without legal basis and should be denied. *Olmert v. Nelson*, 60 F.R.D. 369 (D.C. 1973) (no party may be compelled to do interrogating parties' investigation for him).

For the reasons set forth above, along with law and argument provided to this Court at the September 11, 2006 hearing and the August 4, 2006 Joint Memorandum of Kelley & Ferraro LLP and The Ferraro Law Firm In Response to Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (Docket No. 12937), it is respectfully requested that this Honorable Court issue an Order denying, in all aspects, Grace's Motion to Compel.

    Respectfully submitted,

    KELLEY & FERRARO LLP

    <u>/s/ Electronically filed Thomas M. Wilson</u>
    THOMAS M. WILSON (0038933)
    2200 Key Tower
    127 Public Square
    Cleveland, Ohio  44114
    (216) 575-0777
    (216) 575–0799 (fax)

I:\TMW\MEMORANDUM IN OPPOSITION.doc

---

existence of the claim against Grace. See In Re *Financial Securities Litigation*, 74 F.R.D. 497 (S.D. Cal 1975)(interrogatories must be tailored only to what is necessary to the issue at hand).