IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 13598 |
| | ) | Hearing Date: December 5, 2006 |
| | ) | |

**W.R. GRACE & CO.'S OPPOSITION TO FUTURE CLAIMANTS' REPRESENTATIVE'S MEMORANDUM IN SUPPORT AND JOINDER IN THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS[1]**

W.R. Grace & Co. ("Grace" or "Debtors") submits this separate response to the Future Claimants' Representative's ("FCR") joinder in the Official Committee of Asbestos Personal Injury Claimants' ("ACC") Motion to Compel production of documents in order to address three points:[2] First, there is no bedrock principle of federal law (including the four cases cited by the FCR) which requires that an asbestos estimation abide by the preferred methodology of the ACC/FCR's experts by extrapolating liability from past settlements. The FCR's suggestion to this effect conflates an issue of law with a contention of fact, and an erroneous contention of fact at that. Second, the assertion that the FCR "needs" discovery of matters that are privileged and inadmissible is both wrong and inappropriate as a proffered legal justification for violating

---

[1] This pleading was filed to correct a typographical error in the earlier filed version.

[2] Grace agreed to a briefing schedule that called for a response to the ACC's Motion to Compel by Wednesday, November 22, 2006. Due to administrative oversight, Debtors were not aware until November 22, 2006 that the FCR joinder also included a brief with substantive arguments. Debtors alerted the FCR, and the FCR agreed to permit Debtors to file a short response by Monday, November 27, 2006.

recognized privileges and the rules of evidence. Third, the FCR's reliance upon the *Sealed Air* litigation undercuts rather than supports its position.

The FCR's principal effort is to urge the Court to "go with the flow" of recent decisions regarding the estimation of the asbestos liabilities of other debtors. This is hardly legal analysis and is misleading both because it is predicated on the incorrect premise that those decisions have application to this case, and because it implies that the proper methodology for estimating Grace's merits-based liability will be informed by those decisions. The four cases cited by the FCR found as facts certain amounts of asbestos liabilities based on the submissions of the parties, which chose to assume that prior settlements reflected the debtors' liability rather than examining the underlying indicators of the debtors' liability. Grace was not a party to those cases, none of the cases had focused on obtaining actual claim-specific information regarding legal liability, and historical settlements were used as benchmarks for liability by both sides. All that these cases illustrate factually is that the case before the Court here is very different.

In the context of the pending motion to compel, the principal difference is that none of the cases cited by the FCR address squarely the only legal issue that need be resolved in connection with the pending motion. There are many legal issues that will affect the estimation in this case. There will be issues concerning the standards for confirmation and how they must be applied. There will be issues concerning the procedural and evidentiary rules for estimation under the Bankruptcy Code. Thus, the Court will have to address whether the estimation methodologies employed by both sides meet *Daubert* standards -- that being a true issue of law on which precedent can be found, as opposed to the non-legal proposition that the FCR seeks to extract from the prior estimation decisions. With regard to the pending motion, the Court must determine whether the use of prior settlements to determine legal liability comports with Federal

Rule of Evidence 408, which is made applicable to these estimation proceedings by Bankruptcy Rule 9017. The FCR can point to nothing in the prior estimation decisions that is germane to this issue. Nor can it cite any decision whatsoever which stands for the proposition that Rule 408 does not really mean what it says, *i.e.*, that settlements may not be used as evidence of liability. Fraudulent conveyance decisions, discussed briefly below, are not to the contrary.

The FCR's further insistence that he should get access to privileged and inadmissible materials because he "needs" it, just as Grace needed the Questionnaire, is similarly devoid of legal analysis. Yes, both sides have different approaches to estimation, and, yes, discovery should afford both sides access to the EVIDENCE they need to pursue those approaches. But that is just the point -- it must be evidence that is sought and the requests must comply with the Rules. Discovery is not just "each side gets whatever it wants," as we have seen painfully demonstrated in the months of litigation that have been used to scale back the Questionnaire. Here, it is not admissible evidence that is the target of the requests, rather it is inadmissible evidence which by its very nature is not relevant to the current proceedings.

Finally, the FCR quite remarkably cites the *Sealed Air* litigation in support of his cause. What is remarkable is the FCR's utter failure even to address the nature of the issue in that case, much less disclose the circumstances under which the cited testimony was offered. That case was a fraudulent conveyance action arising out of the 1996 and 1998 spin-off's of Grace's medical products and packaging businesses. The case focused on how the transactions took place and what was known (or reasonably inferable from what was known) regarding Grace's asbestos liability at the time of the transactions. The issue was NOT Grace's actual legal liability, as Judge Wolin explained: "The Court need not determine the exact value of the post-1998 claims." *In re W.R. Grace & Co.*, 281 B.R. 852, 866 (Bankr. D. Del. 2002). In so defining

the issue before him, Judge Wolin echoed the same ruling by Judge Brown in the *Babcock & Wilcox* case. *Id.* And so the *Sealed Air* case was an explication of history, specifically, the history of how Grace estimated its ongoing asbestos liabilities at the time of the transactions at issue. Those estimates were explored factually and through the testimony of Grace witnesses, such as those whose testimony is quoted by the FCR. They were witnesses who testified to the factors that affected the asbestos reserves and the estimates. In so doing, they did not open the door, even in the *Sealed Air* case, to the individual settlements themselves. They certainly did not place anything at issue in this case, which has an entirely different legal focus. Nor did the witnesses ever testify that any of the settlements established liability for any of the claims now before this Court. That liability is the only thing at issue here and was not an issue in the *Sealed Air* case. The FCR's reliance upon the *Sealed Air* case is strong evidence of what is not cited by the FCR because it does not exist -- either that Rule 408 is abrogated or that Grace has agreed to use its settlement history to establish the scope of its legal liability.

For these reasons, the FCR's joinder provides no support for the ACC's motion to compel, and the ACC's motion to compel should be denied.

Dated: November 27, 2006

Respectfully submitted:

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

*/s/ James E. O'Neill*

Laura Davis Jones (#2436)
James E. O'Neill (#4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession