IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____
:
In Re: : Chapter 11
:
W. R. GRACE & CO., et al. : Case No. 01-01139 (JFK)
: Jointly Administered
Debtors-in-possession. :
_____

OPPOSITION TO MOTION TO COMPEL ASBESTOS PERSONAL INJURY
CLAIMANTS REPRESENTED BY THORNTON & NAUMES LLP AND
ALWYN H. LUCKEY, P.A. TO RESPOND TO THE W.R. GRACE
ASBESTOS PERSONAL INJURY QUESTIONNAIRE

The claimants represented by the Law Firm of Alwyn H. Luckey, P.A. hereby submit their Opposition to the Motion to Compel which was filed by the debtors-in-possession, herein "Grace", on or about November 10, 2006. The grounds supporting this opposition are as follows:

Overview

While the Court did approve the Questionnaire after much consideration, W. R. Grace continues to maintain that because the Questionnaire was approved that no objections are allowed to be raised and are indefensible.

The Motion to Compel filed against the Law Firm of Alwyn H. Luckey, P.A. is combined with that of another firm. The facts specific to one law firm are not specific to the other. In other words, the W. R. Grace's Motion to Compel improperly joined two law firms that have weak connections to one another. The law firms make different types of objections. The Order, as proposed by W. R. Grace Co., is objectionable on its face as the parties to whom the Motion is directed are not related.

Argument

W. R. Grace desires a ruling on particular objections raised by the Law Firm of Alwyn H. Luckey, P. A. as follows:

Part I, Section a, Question 3: This question requests the race of the claimant. Claimants objected as it seeks information that is not lead to discovery of admissible evidence for any estimation proceeding. In addition, the law firm does not track race as part of its data collection from clients; therefore, any attempt to compile such information would be unduly burdensome and expensive.

Part II, Questions 2, 3, 4, 5, 6: Grace requests information regarding medical reports. W. R. Grace complains that the Law Firm of Alwyn Luckey, P.A. asserted objections to these questions based upon attorney-client privilege; however, no objections were raised on the Questionnaire. The claimants of the Law Firm of Alwyn H. Luckey, P.A. answered these questions as fully as possible. (See Exhibit 'A', a copy of the Questionnaires that are referenced in Grace's Motion to Compel) In response to Grace's Motion to Compel, the claimants' filed their Response to a Motion to Compel that exerted an objection based upon Fed. R. Civ. P. (26)(b)(4)(B) claiming objection to the extent that it seeks disclosure of facts known or opinions held by any expert who has been retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. The facts are fully set forth establishing a privileged relationship. *Mass. Sch. Of Law v. Am. Bar Assoc.*, 914 F.Supp. 1172, 1178 (E.D. Pa. 1996). Further, to the extent that Part II requests information from the Claimant that the Claimants do not have and for which the burden of obtaining said information is the same for the Debtors as it is for the

Claimants, the Claimants object. For instance, the claimant and/or the claimants' attorneys may have known at a particular time whether a physician was certified by the American Board of Internal Medicine, American Board of Pathology, etc.; however, does not have any notes or documents that indicate the affiliation. The debtor has the same access to this information as does the claimants.

Pursuant to Fed. R. Civ. P. 26(b)(3), the Claimants object to Question 2 to the extent that the requests violate attorney-client communication and attorney work product privileges. The claimant has answered the questions as fully as possible without violating any communication between a lawyer and client.

Part V: This question requests identification of W. R. Grace products of exposure by brand name. Without the reciprocal process of W. R. Grace producing information the debtor wields an unfair opportunity over the claimant. W. R. Grace is asking that the claimant tell the debtor which product they were exposed to and at which site while they have refused to provide the reciprocal information in the past (i.e. where there products were located and at which sites they were located). The identification of products is further complicated by the Grace's automatic stay, under §362 of the Bankruptcy Code. With no incentive to incur the cost of document and site inspections outside the discovery process, the claimant is lacking available information necessary to respond to the request made by Grace to name every Grace product at every work site of exposure. All of the evidence the claimants intend to use against Grace is not obtainable under the stay of proceedings. Grace cannot require the claimants to provide the information necessary that Grace can do for itself. See *Olmert v. Nelson,* 60 F. R.D. 369,370 (D.D.C. 1973). Further, *Artiebolaget Vargos v. Clark*, 8 F.R.D. 635, 636

(D.D.C. 1949) is clear that a "litigant cannot compel his adversary to go to work for him." The claimant cannot be forced to do burdensome analysis of data that the debtor can equally do for itself. See *Miller v. Pruneda,* 2004 WL 3927832 (N.D. W.Va. Jul. 20, 2004).

<u>Part VII, Section A, Question 5</u>: This question requests whether a judgment or verdict has been entered. In W. R. Grace's footnote, numbered three (3), on page two of the Motion, they state that '*the Alwyn Luckey Claimants refused to answer Question 3 of Part I, Section A, relating to the Claimants' race, all Questions in Part V, relating to exposure to non-Grace asbestos-containing products,* **Questions 5** *and 6 in Part VII, Section A, and all questions in Part VII, Section B on relevance grounds*'. To the contrary, the claimants did not object, but answered the question by marking either 'yes' or 'no' where indicated on the Questionnaire. Grace's complaint is only noted in this footnote and no further comments or requests for relief are made elsewhere in their Motion as to this particular question.

<u>Part VII, Section A, Question 6</u>: Grace requests whether a settlement has been reached. Claimants objected to the extent that the Questionnaire seeks information that is neither relevant nor necessary to the estimation proceeding by requesting the basis for all dismissals of lawsuits and settlement details. Whether a particular defendant has been dismissed has no bearing on the Debtor's share of the liability. The Debtor would receive a set-off or credit for settlements only for the cases that were tried to judgment. Further, the disclosure of settlement reached with other defendants that are subject to binding confidentiality agreements and is also not relevant to estimation proceedings.

<u>Part VII, Section B, All Questions</u>: This question requests all information surrounding any claim that the Claimant may have made with any asbestos trust. Claimants object to this

question as it seeks information that is not relevant to the estimation proceeding and requests privileged or confidential information. Further, the disclosure of settlement reached with other defendants that are subject to binding confidentiality agreements and is also not relevant to estimation proceedings.

Generally, without specifying a numbered question, Grace says that no competent evidence was provided showing the existence of an attorney-client relationship at the relevant times and for the relevant purposes. However, Grace doesn't ask a question about a specific time or set forth a purpose other than for estimation purposes.

Wherefore, for the reasons stated herein and upon such other grounds as may be established at the oral hearing on Debtor's Motion to Compel, claimants represented by the Law Firm of Alwyn H. Luckey, P.A. respectfully request that the Court enter an order sustaining their objections to the Discovery Questionnaire, both general and specific, denying the Motion to Compel, and granting such other and further relief as may be just and proper and to which they are entitled.

Respectfully submitted,

LAW FIRM OF ALWYN H. LUCKEY, P.A.
A Professional Association
2016 Bienville Blvd.
Post Office Box 724
Ocean Springs, Mississippi 39566-0724
Telephone: (228) 875-3175
Facsimile:   (228) 872-4719
Attorneys for Claimants


By:     /s/ Alwyn H. Luckey
        ALWYN H. LUCKEY