# EXHIBIT 1

```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE


IN RE:                          .    Chapter 11
                                .
W.R. GRACE & CO., et al.,       .    Case No. 01-01139(JKF)
                                .    Jointly Administered
          Debtors.              .
                                .    June 19, 2006 (1:56 p.m.)
                                .    (Wilmington)


                   TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDITH K. FITZGERALD
             UNITED STATES BANKRUPTCY COURT JUDGE
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1          MR. INSELBUCH: And that's why come later in July,
2  that is when we come to exclusivity, we would like to be in a
3  position to go forward so that both sets of evidence can be
4  prepared at the same time, and so we can have a hearing where
5  we put on our evidence, the debtor will put on its evidence,
6  and then the Court will be in the position to determine which
7  of two plans can be confirmed.
8          THE COURT: Well, I don't know about which of two
9  plans.  I'm not sure on which of any plan at the moment.  I
10 think what I need is to get an estimation and then we'll see
11 where we go with plans.
12         MR. BERNICK: Between now and July, Your Honor, can
13 we - We would ask that with respect - I don't know if Your
14 Honor still wants to have objections that go to the face of
15 the questionnaire mediated -
16         THE COURT: Frankly, if you're going to set a bar
17 date, I don't think that's going to be necessary, because at
18 some point in time, I'm going to treat the questionnaires as
19 an appropriate interrogatory, and if there are legitimate
20 objections, we're going to take the objections, and if not,
21 then I'll do an order that compels people to answer.  I think
22 that's what needs to happen but it needs to happen in a
23 fashion that gives everyone the due process notice that
24 they're entitled to have and to raise whatever issues are
25 there.  So, it's up to you, Mr. Bernick, if you want to try

1  I think, a disconnect, respectfully, Your Honor, is Mr.
2  Inselbuch then says, Oh, you're going to be asking them in
3  the questionnaire for all kinds of things that they don't
4  know because they haven't had the opportunity to prosecute
5  their claim against Grace.
6        THE COURT: Well, I already went through that issue
7  in deciding that the questions were appropriate.
8        MR. BERNICK: Right.
9        THE COURT: So, I'm not going to revisit that issue
10 except as to particular plaintiffs who may really not have
11 the information for whatever reason.  And Mr. Inselbuch's
12 point that they have the right to raise an objection, I
13 think, is a valid one.  They do have that right.
14       MR. BERNICK: They do have that right, but to then
15 further say they've not been able or their law firms haven't
16 been able to find out whether people have got claims against
17 Grace because of the stay, I don't think that that is being
18 forthright with the Court.  In the sense that, this is very
19 mature litigation.  The products that Grace made have been a
20 subject to exhaustive discovery.  I don't dispute that there
21 may be, you know, a handful of people or some number of
22 individuals with respect to whom there really hasn't been
23 discovery that would relate to a product where in some
24 fashion that can be identified.  And that's fine, but the
25 touchstone, Your Honor, is not whether each individual