# MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
## ATTORNEYS AT LAW

NATALIE D. RAMSEY
ADMITTED IN PENNSYLVANIA

DIRECT DIAL
215-772-7354

nramsey@mmwr.com

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
FAX 215-772-7620

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856-488-7700
FAX 856-488-7720

300 DELAWARE AVENUE, SUITE 750
WILMINGTON, DE 19801
302-504-7800
FAX 302-504-7820

1235 WESTLAKES DRIVE, SUITE 200
BERWYN, PA 19312
610-889-2210
FAX 610-889-2220

220 WEST GAY STREET
WEST CHESTER, PA 19380-2934
610-350-3150
FAX 610-430-8718

November 3, 2006

*By Email*

Barbara Mack Harding, Esquire
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, DC 20005-5793

David E. Mendelson, Esquire
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, DC 20005-5793

Re:   In re W.R. Grace & Co., et al.

Dear Ms. Harding:

I write on behalf of the following firms identified as the "MMWR Firms" in that certain Consent Order filed with the Court on November 2, 2006 (the "Consent Order"), namely Wise & Julian, P.C.("W&J"), Kazan, McClain, Abrams, Fernandez, Lyons, Farrise & Greenwood, A Professional Law Corporation ("Kazanlaw"); Waters & Kraus, LLP ("W&K"); Hobin, Shingler & Simon, LLP ("HSS"); Paul, Hanley & Harley LLP ("PHH"); Rose, Klein & Marias, LLP ("RKM"); Early, Ludwick & Sweeney ("ELS"); and Early & Strauss ("ES"). In addition, this letter is sent on behalf of Clapper, Patti, Schweizer & Mason ("CPS&M") and Harowitz & Tigerman, LLP ("H&T"), which firms also agree to the terms set forth in the Consent Order. Finally, this letter is provided on behalf of the Grace Certain Cancer Claimants ("GCCC"). The MMWR Firms, CPS&M, H&T and GCCC are collectively referred to herein as "the Firms."

Most of the Firms submitted objections to W.R. Grace regarding the Questionnaire and/or filed responses to the Grace's Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "Motion to Compel"). In addition, some of the Claimants represented by the Firms are also members of GCCC, which filed a response to the Motion to Compel styled as the GCCC's Response in Opposition to the

2126998v1

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

Barbara Mack Harding, Esquire
David E. Mendelson, Esquire
November 3, 2006
Page 2

    W.R. Grace Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (the "GCCC Response"). Each of the Firms, on behalf of their client Claimants, are preserving and restating as though incorporated herein all objections previously stated to the Questionnaire and their objections raised in response to W.R. Grace's Motion to compel responses to the Questionnaire, and adopt by reference all objections raised in the objections of the other Firms, in the responses of other Firms to the Motion to Compel, and in the GCCC Response.

    Notwithstanding their objections, the Firms have responded or will respond[1] to the Questionnaire except as set forth below.

    W&J, RKM and CPS&M have responded to the Questionnaire notwithstanding their stated and maintained objections. That is, none of these Firms has refused to provide information based on such stated objections. Please note, however, that to the extent that Grace takes the position that further information or detail is required, these Firms reserve the right to refuse to provide additional information based on their existing objections and the objections referenced below.

    With respect to Kazanlaw, PHH, W&K, HSS, ES, ELS, H&T and the GCCC, no information will be produced that falls within the following categories:

    (1) For the reasons described in the GCCC Response, the mesothelioma claimants of these firms will not respond to the questions regarding exposure to carcinogens other than asbestos, exposures at locations other than W.R. Grace workplaces, and diagnostic testing other than conclusive pathology evidence of mesothelioma. As described in the GCCC Response, these sections are irrelevant to mesothelioma claimants because of the peculiar characteristics of that disease. Specific reference is made to parts II, 2-5 and V of the Questionnaire.

---

[1] Please note that due to the automatic stay, for the past five years the claimants represented by the Firms have been prevented from doing site-specific and individual-specific discovery of W.R. Grace and related Debtors. Had such discovery been obtained, it is believed that there would be evidence (or additional evidence) of substantial exposure to hazardous asbestos fibers emitted from products manufactured, sold, or distributed by W.R. Grace or other related Debtors, or to asbestos fibers for which Grace has legal responsibility. Moreover, even where discovery was conducted and/or completed, certain of the requested information was not obtained by the claimants because (a) such information was not required by Grace as a condition of settlement prior to the filing of its bankruptcy case and/or (b) the applicable state law did/does not require that such information be presented in order to maintain and/or prevail in asserting a claim against an asbestos defendant. Accordingly, the Questionnaire responses reflect currently available information, but do not include all of the responsive information that the claimants and/or the Firms believe to exist.

2126998v1

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

Barbara Mack Harding, Esquire
David E. Mendelson, Esquire
November 3, 2006
Page 3

    (2) The Firms will not provide information that is privileged or otherwise confidential, including but not limited to (a) information regarding settlements with other defendants as such information is both privileged and protected by confidentiality agreements; and (b) information that is invasive of the attorney-client privilege, attorney work-product privilege, and/or privacy rights. Specific reference is made to parts V, VII section A, 4-7 and VII section B, 2-7.

    (3) The Firms will not respond to information that is equally available to the Debtor, including information regarding the activity in and/or current status of any lawsuit filed regarding asbestos or silica. Specific reference is made to part VII, section A, 4-7. In addition, as reflected in the Consent Order, there is no present agreement regarding the Debtor's demand for turnover of original x-rays. The Firms are prepared to work with the Debtor in ways such as providing authorizations to enable the Debtor to obtain the sought x-rays, to the extent not needed for medical care or ongoing litigation. The Firms will not deliver original x-rays to the Debtor, nor identify consulting experts.

All of the Firms reserve the right to identify additional objections on behalf of their respective clients to and including November 10, as provided by the Order Concerning Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire dated October 12, 2006 and the Consent Order.

                                  Very truly yours,

                                  Natalie D. Ramsey
                                  (not admitted to practice in Delaware;
                                  application for *pro hac* admission pending)

NDR:mr

cc:    MMWR Firms
        Clapper, Patti, Schweizer & Mason
        Harowitz & Tigerman, LLP

2126998v1