IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | In Proceedings for a Reorganization under Chapter 11 |
| ) | |
| W.R. Grace & Co., et al., ) | Case No. 01-01139-JKF |
| ) | |
| Debtors. ) | Hearing: December 5, 2006 at __:00 _.m. |
| ) | |

## DECLARATION OF PETER A. KRAUS, ESQ. IN SUPPORT OF RESPONSE OF THE MMWR FIRMS TO DEBTORS' MOTION TO COMPEL THE MMWR FIRMS' ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

I, Peter A. Kraus, hereby declare as follows:

1. I am an attorney duly licensed to practice in the State of Texas, and I am a partner at Waters & Kraus, L.L.P., A Limited Liability Partnership, representing certain asbestos claimants against W.R. Grace & Co. If called as a witness, I could and would testify competently to the truth of the matters stated in this Declaration. All of the matters set forth in this declaration are true and correct and are based upon my personal knowledge.

2. The amount of settlement paid by each asbestos defendant varies between jurisdiction and between law firms within those jurisdictions. The amount of settlement for a similar case with the same disease and similar exposure also varies between different plaintiff law firms. Most defendants insist upon a strict confidentiality agreement for all settlements, and my firm also typically insists on such a confidentiality agreement in order to protect its own interests. The reason for these confidentiality agreements is that a non-settling plaintiff's knowledge of higher settlements negotiated with a settling plaintiff would cause the non-settling plaintiff to raise his or her settlement demands. Conversely, a non-settling defendant's knowledge of a settling defendant's settlement would cause the non-

2133286v1

settling defendant to demand lower settlement amounts. In short, a party with knowledge of other parties' settlement amounts gains an unfair advantage in its own negotiations.

3. All settlements that have been negotiated on behalf of my firms' W.R. Grace claimants against other asbestos defendants were made with defendants that insisted on not only strict confidentiality as all the plaintiffs firms, but to all defense attorneys, insurance companies, and everyone outside of our law firm and our own clients.

4. Our law firm actively litigates cases against dozens of asbestos defendants on an ongoing basis. In most of our cases, there are two dozen or more defendants in the same case.

5. If any information covered by confidentiality provisions of settlement agreements, including settlement amounts, were to be provided to any third party in breach of the confidentiality provisions, then my client would have breached the terms of his or her settlement agreement, and would be subject to motions for sanctions, which could include severe consequences, including complete forfeiture of the settlement payment.

6. It would be severely prejudicial to the litigation of all the cases we have presently, and those that we will file in the future, to allow any defense attorney or insurance company who is involved in asbestos litigation to review our settlements with particular defendants. It would not only be an invasion of privacy for our clients, but it would give the particular attorney or company a road map to our analyses of the values of different cases and the liabilities of different defendants. It will have a chilling effect on future settlement negotiations.

Pursuant to 28 U.S.C. section 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 27th day of November 2006.

_____
Peter A. Kraus, Esq.

2

2133286v1