IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>W.R. GRACE & CO., et al.<br><br>                  Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Date:    December 5, 2006<br>Time:   8:30 a.m.<br>Place:  Pittsburg, PA |

**JOINDER AND OPPOSITION TO DEBTOR'S MOTION TO COMPEL**

The Wartnick Law Firm, on behalf of its clients who are claimants that did not receive and have not filed questionnaires (the "Wartnick Unlisted Claimants")[1], hereby joins (and incorporates by reference) the Opposition filed by the MMWR Firms in response to the debtor's Motion to Compel Asbestos Personal Injury Claimants' to Respond to Personal Injury Questionnaire (the "Motion").

In addition to the relief requested in the Opposition, the Wartnick Unlisted Claimants request any Order on the Motion provide:

1.     That the Wartnick Unlisted Claimants shall have until April 2, 2007, to comply with the Order;

2.     That original X-Rays shall be returned to the respective claimant's law firm within one month (not three months) of its delivery to the debtor and that if the debtor is served with a demand and affidavit showing that prompt return of the original X-Ray is necessary to be

---

[1] These are asbestos claimants who have timely filed claims but did not receive nor return questionnaires and were not listed as subject claimants/clients of the Wartnick Firm on Exhibit G to the Motion. They include about 107 claimants. All other claimants represented by the Wartnick Firm have filed Questionnaires with objections and are part of the MMWR Firms' Asbestos Claimants.

013065.0003\797445.1

produced in a legal proceeding or for medical treatment, then the debtor shall return the original X-Ray within seven days of such demand.

3.   That the debtor's estate shall be liable for any damages sustained by claimants resulting from any delay by the debtor in returning the X-Ray or from any damage caused to the X-Ray by the debtor or its agents, and such liability shall be deemed an administrative expense.

## DISCUSSION

Provisions 2 and 3 are reasonable and necessary to protect the interests of claimants who need the original X-Rays to establish liability in other pending legal proceedings or for medical treatment. Thirty days should be sufficient time for the debtor's experts to evaluate the original X-Ray. If the debtor damages the X-Ray to the detriment of a claimant, the debtor's estate should be responsible for such damages. These provisions reflect a balance of responsibilities, are not unreasonable and should protect the claimants' interests.

Provision 1 is not unreasonable in view of the debtor's plan to hold the X-Rays for 3 months. The Wartnick Unlisted Claimants have submitted their objections to the Questionnaire and had offered to use their best efforts to file them on January 12 once the objections were resolved. However, that offer was rejected by the debtor and the January 12 date is unrealistic for the Wartnick Firm to comply. The proposed April 2 date is realistic and should not delay the debtor's evaluation of the claims for estimation purposes. (The Wartnick firm would be willing to stagger production: one-third by February 1, one-third by March 1 and one-third by April 1).

Finally, the Wartnick Firm wishes to address the issue of sanctions. Any sanction should be proportionate to the offence. Here, the debtor is seeking to compel claimants to respond to hundreds of questions, some relevant, some not, in order to enable it to estimate its total liability. If a claimant responds with answers that would enable a reasonable person to estimate liability

but does not or cannot answer all questions, should its claim be disallowed?  Disallowance is too harsh a remedy where the claimants have substantially complied.

But if harsh remedies are imposed, they should be imposed both ways.  Thus if the debtor fails to answer any discovery propounded by the claimants, its objection to such claimant's claim should be dismissed with prejudice.

Dated:  November 28, 2006
*/s/ Mark S. Bostick*
Mark S. Bostick (CA State Bar No. 111241)
Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor, Oakland, CA 94607
Telephone:  (510) 834-6600
Facsimile:  (510) 588-4933
E-mail:  mbostick@wendel.com
Counsel for the Wartnick Law Firm