IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | **Related to Dkt. No. 13735** |

**MODIFIED ORDER GRANTING**

**DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S JANUARY 18, 2006 SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD OF DEBTORS' STIPULATION REINSTATING CLAIM OF ROBERT LOCKE AND REFERRAL OF CLAIM TO ADR PROGRAM**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move this Court (the "Motion"), pursuant to Del. Bankr. LR 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 102 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), for an Order shortening the notice period with respect to the *Stipulation Reinstating Claim of Robert Locke and Referral of Claim to ADR Program* (the "Locke Stipulation") and for leave from this Court's *Amended*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Date __11-21-06__

Docket # __13735__

*Order Scheduling Omnibus Hearing Dates for 2006* [Docket 11562] (the "Scheduling Order"),

dated January 18, 2006, so that the Locke Stipulation may be heard at the Debtors' December 18,

2006 omnibus hearing that is scheduled in the above-referenced bankruptcy cases.

Pursuant to the Scheduling Order, motions to be heard at the December 18, 2006

omnibus hearing were to be filed on or before November 13, 2006.

Del. Bankr. LR 9006-1(c) provides that unless the Federal Rules of Bankruptcy

Procedure or the Local Rules state otherwise, "all motion papers shall be filed and served in

accordance with Local Rule 2002-1(b) at least fifteen (15) days (eighteen (18) days if service is

by mail) prior to the hearing date."

Bankruptcy Rule 9006(c) provides that when an act is required to be done within a

specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or

without motion or notice order the period reduced." Similarly, Del.Bankr.LR 9006-1(e) provides

in pertinent part that "no motion will be scheduled on less notice than required by these Rules or

the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the

exigencies justifying shortened notice."

Accordingly, the Debtors file this motion seeking an Order of this Court for leave of the

Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to

enable the Debtors to have the Locke Stipulation heard at the Debtors' next omnibus hearing on

December 18, 2006 at 2:00 p.m. The Debtors also respectfully request that the Court establish

December [1], 2006 at 12:00 p.m. as the deadline to object to the Locke Stipulation.

The Locke Action described in detail in the Locke Stipulation has been pending for over

7 years and remains unresolved. Over the last several months, Debtors' counsel has labored to

get all of the parties involved to agree that the best alternative at this time is to attempt to resolve

2

the claims described in the Locke Stipulation pursuant to the terms of the ADR Program. Pursuant to the ADR Order, the Debtors must first file an objection to a disputed claim and, after the claimant has responded to the Debtors' objection, the Debtors are authorized to submit the disputed claim to the ADR Program established under the ADR Order. Since the claim described in the Locke Stipulation was expunged by this Court, the Debtors have agreed, subject to Bankruptcy Court approval, to reinstate the claim as specified in the Locke Stipulation. The claim must first be reinstated so that the Debtors may file an objection and then refer the claim to the ADR Program for resolution. The Debtors desire to refer this matter to the ADR Program as expeditiously as possible now that all parties have agreed to work to resolve the claims.

Given the nature of the relief requested in the Locke Stipulation, that all parties thereto are in agreement, and the fact that 27 days notice of the hearing in this matter and 10 days notice of the objection will be provided to all parties in interest, the Debtors respectfully submit that the limited notice described above is appropriate, as is leave from the Scheduling Order.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors leave from the Scheduling Order, (ii) shortening the notice period with respect to the Locke Stipulation, and (iii) and setting the objection deadline to the Locke Stipulation at December 1, 2006 at 12:00 p.m., as set forth above.

Dated: November 21, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

K&E 11494006.1

PACHULSKI STANG ZIEHL YOUNG JONES &
WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession


**The Locke Stipulation is hereby scheduled to be heard at the Debtors' December 18, 2006
omnibus hearing.**

**Any objections to the Locke Stipulation must be filed and served
so as to be received by December [1], 2006 at 12:00 p.m.** prevailing Eastern time

6

**SO ORDERED** this 28th day
of November 2006


The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge