IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Related to Docket No. 13704 |
| | ) | |
| | ) | Hrg. Date: December 5, 2006 |

### RESPONSE OF WEITZ & LUXENBERG, P.C. AND WILENTZ GOLDMAN & SPITZER, P.A. TO THE DEBTORS' MOTION TO COMPEL ASBESTOS PERSONAL INJURY CLAIMANTS REPRESENTED BY WEITZ & LUXENBERG, P.C., SIMMONSCOOPER, LLP AND WILENTZ GOLDMAN & SPITZER, P.A. TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Weitz & Luxenberg, P.C. ("Weitz & Luxenberg") and Wilentz Goldman & Spitzer, P.A. ("Wilentz Goldman") (collectively, "Respondents" with each being a "Respondent"), counsel for and on behalf of certain personal injury claimants (collectively, the "Claimants"),[1] by and through their undersigned attorneys, hereby file this supplemental response to the Debtor's Motion to Compel Asbestos Personal Injury Claimants Represented by Weitz & Luxenberg, P.C., SimmonsCooper, LLP and Wilentz Goldman & Spitzer, P.A. to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire [Docket No. 13704] (the "Motion to Compel") filed herein by W.R. Grace & Co., et al. ("Grace" or "Debtor"). Respondents respectfully show the Court as follows:

---

[1] The names of the individual Claimants from whom Grace seeks to compel discovery are listed in the exhibits to the Motion to Compel.

Page 1

## ADOPTION AND INCORPORATION OF SEPARATELY-FILED RESPONSE

Grace has filed separate, but almost identical, motions to compel discovery against claimants represented by a number of different law firms. In fact, the sections of the Motion to Compel filed against the Claimants herein that deal with the issues of consulting experts, attorney-client and work product privileges and the confidentiality of settlements appears to be identical – to the word – to the motions filed against the claimants represented by other law firms.

For such reason, in order not to burden the Court with additional identical briefing, Respondents hereby adopt and incorporate herein the combined response filed by the law firms of Foster & Sear, et al. [Docket No. 13805] (the "Combined Response"), a copy of which is attached hereto as Exhibit "A". The Court is respectfully directed to the Combined Response with regard to (i) the response to Grace's so-called Memorandum of Points and Authorities, etc., and (ii) the briefing and discussion relating to the consulting expert privilege, the attorney-client and work product privileges, and the confidentiality of settlements (hereafter referred to as the "Common Legal Issues"). Attached hereto as Exhibits "B" and "C" are the Declarations of Arthur Luxenberg of Weitz & Luxenberg, and Dierdre Pacheco of Wilentz Goldman, which support the arguments made in the Combined Response as well as the discussion below regarding an additional specific objection made by Wilentz Goldman.

## GRACE IS NOT ENTITLED TO INFORMATION REGARDING A CLAIMANT'S RACE BEYOND WHAT HAS ALREADY BEEN PROVIDED

In addition to the Common Legal Issues, Grace has moved to overrule one specific objection raised by Wilentz Goldman. Specifically, in footnote 3 of the Motion to Compel, Grace asks the Court to compel the Claimants represented by Wilentz Goldman to reveal their "race." [2]

Grace's stated reason in the Questionnaire for asking for such information is "for purposes of evaluating Pulmonary Function Test results."[3] *See* Questionnaire, Part I, Section A, Question 3. As established by the Declaration of Deirdre Pacheco, such information is typically noted on the pulmonary function test result itself. Declaration of Deirdre Pacheco ¶ 11. Thus, to the extent that the information is relevant for such purpose, Grace already has the information.

To the extent that Grace demands that information regarding race be provided for every Claimant, including those who have not undertaken pulmonary

---

[2] Together with the Common Legal Issues, this is the only specific objection that Grace has moved to overrule in the Motion to Compel. Because the Court has ordered that claimants and their law firms are entitled to raise objections to specific questions, as to which Grace must make a specific motion, this supplemental response addresses only the specific objections raised by Grace in the Motion to Compel, and the Court's rulings should be limited to such specific objections. See Order Concerning Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire, 1-2, Oct. 12, 2006 (Dkt. No. 13393) ("1. … [T]here may be specific individual questions that for reasons particular to an individual's circumstances or claim, a question in the Questionnaire is not relevant to his or her claim or is unduly burdensome or invades a privilege, and he or she may separately raise his or her specific objections… ."); *see also* Hr'g Tr. 252, Sept. 11, 2006 (Dkt. No. 13823) (THE COURT: "I cannot give you rulings that say every single objection is overruled. I can't do that. You haven't even pointed me to every objection that people have made.").

[3] Question 3 in Part I, Section A of the Questionnaire reads as follows:

**"Race (for purposes of evaluating Pulmonary Function Test results): …………..**  ☐ **White/Caucasian**
☐ **Afro American**
☐ **Other "**

function tests, the question is entirely inappropriate.  If a Claimant has not received a pulmonary function test, Grace does not need the information.  The question is irrelevant, discriminatory and violative of law.  *See, e.g.,* 42 U.S.C. 1981.  Moreover, Wilentz does not collect or maintain information regarding its clients' race.  Declaration of Deirdre Pacheco ¶ 11.  If Grace wants to collect such improper information, it has the Claimants' addresses and can contact them directly.  Wilentz will not ask such information of its clients.  *Id.* at 12.

### PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Respondents pray that the Motion to Compel be denied in its entirety, and that Respondents be afforded such other relief, individually and/or jointly, as to which they may be entitled.

Dated: November 28, 2006

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:   (214) 969-4999

**COUNSEL FOR RESPONDENTS**

        /s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone:  (302) 656-7540
Facsimile:   (302) 656-7599
E-mail:  dan@dkhogan.com

**LOCAL COUNSEL FOR RESPONDENTS**