IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.** | § | **Case No. 01-1139 (JKF)** |
| | § | **(Jointly Administered)** |
| **Debtors** | § | **Hearing Date: December 5, 2006** |

## RESPONSE TO DEBTORS' NOTICE OF FAILURE TO REACH AGREEMENT ON PROTOCOL CONCERNING PRODUCTION OF CHEST X-RAYS OF CLAIMANTS WITH MALIGNANCIES OTHER THAN MESOTHELIOMA

TO THE HONORABLE JUDGE OF THIS COURT:

On November 17, 2006, W. R. Grace ("Grace") notified the Court that "it has been unable to reach agreement with Claimants' counsel and the PI Committee regarding a protocol for claimants alleging an asbestos-related cancer other than mesothelioma . . . to submit original chest x-rays upon which their claims are based to a centralized repository maintained by the Court's claims agent, Rust Consulting ("Rust")." As a result, Grace submitted a Proposed Order asking the Court to order the following protocol:

1. Claimants be required to send their original chest x-rays to Rust by January 12, 2007, unless the x-rays were in the possession of Claimants' treating physician in which case copies would be acceptable; and
2. Rust be required to establish and maintain a repository for the x-rays so that they could be reviewed by three or more B-readers until April 12, 2007 by which time the x-rays would be returned to the Claimants.

### I. Argument and Authorities

Claimants represented by The Carlile Law Firm ("the Carlile Claimants") are opposed to Grace's Proposed Order. The Carlile Claimants should not be required to send their original chest x-rays to Rust because these x-rays are the essential evidence for their claims against not only Grace but other defendant entities as well. Importantly, many of these other defendant entities are not in bankruptcy and, hence, are more liquid than

Response to Debtor's Notice of Failure to Reach Agreement                            1

Grace. Carlile Claimants cannot determine the precise magnitude of the risk that their original chest x-rays will be lost or damaged if they are sent to Rust. But the risk cannot be ignored due to the large number of individuals with asbestos-related claims against Grace. In any case, even if the risk of loss or damage is small, the effect of any such loss or damage to Carlile Claimants' claims against other more liquid defendant entities would be very substantial. Carlile Claimants' should not be required to risk much to gain little even if the risk is small.

Carlile Claimants acknowledge that Grace has a right to assess the value of their claims against its bankrupt estate. But this assessment can be adequately performed without the Carlile Claimants risking loss or damage to their original chest x-rays. In accordance with the discovery procedures of the federal rules, Carlile Claimants are willing to provide copies of their chest x-rays to Grace and to make their original chest x-rays available for inspection at the offices of The Carlile Law Firm. See Fed. R. Civ. P. 26(a)(1)(B), 34(a). The Federal Rules of Civil Procedure do not require the Carlile Claimants to relinquish possession of its original chest x-ray. Copies of the Carlile Claimants' chest x-rays should allow Grace to perform an adequate assessment of the claims of the Carlile Claimants. See Grace's Proposed Order in which Grace states that *copies* of x-rays in the possession of the Claimant's treating physician are acceptable. And if Grace determines that it wants to examine the original chest x-rays of some or all Carlile Claimants, it may perform the examination at a reasonable time at their current location or at the offices of The Carlile Law Firm (which is the current location of many original chest x-rays). See *Weaver v. Evans*, 1997 WL 833168 (D. Kan. 1997) (holding that defendant was not entitled to the removal of x-rays from their current location due to

the risk of damage or loss and holding that copies of the x-rays as well as the right to inspect the x-rays at their current location were sufficient for purposes of discovery).

## II. Conclusion

Carlile Claimants request that the Court enter the Proposed Order for a protocol for the production of the chest x-rays of asbestos claimants with malignant claims besides mesothelioma. This Order requires these claimants to provide copies of their chest x-rays and to allow inspection of their original chest x-rays at a reasonable time at their current location or at the offices of counsel for the Claimants.

Respectfully submitted,

THE CARLILE LAW FIRM, L.L.P.
5006 East End Boulevard South
Marshall, Texas 75672-9778
Telephone: 903-938-1655
Telecopier: 903-938-0235

/s/
Paul W. Turner
Texas State Bar No.: 24037619

## Certificate of Service

The undersigned certifies that a true and correct copy of the above and foregoing has been served upon all counsel of record by e-filing, in accordance with the Federal Rules of Civil Procedure on November 30, 2006.

/s/
Paul W. Turner