# EXHIBIT 1



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOMCO INTERNATIONAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | Civil Action No. H-89-3112 |
| | § | |
| NL INDUSTRIES, INC. AND | § | |
| NL ACME TOOL, INC., | § | |
| | § | |
| Defendants. | § | |

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

### I. RECITALS

WHEREAS, on or about September 13, 1989, plaintiff Homco International, Inc. ("Homco") filed suit against defendants NL Industries, Inc. and NL Acme Tool, Inc. ("NL") in Civil Action No. H-89-3112 in the United States District Court for the Southern District of Texas, Houston Division (the "U.S. District Court Litigation");

WHEREAS, NL asserted counterclaims against Homco seeking contribution;

WHEREAS, the claims and counterclaims in this action relate to expenditures incurred or to be incurred by Homco to address certain environmental conditions at a series of oilfield service properties ("the Acme Tool Properties") transferred to Homco by NL pursuant to an Asset Purchase Agreement dated October 16, 1987 ("Asset Purchase Agreement");

WHEREAS, the specific claims and counterclaims in this action are set forth in Homco's complaint and NL's counterclaims, which are on file in this cause and which are incorporated herein by reference for all purposes; and

WHEREAS, on or about March 31, 1993 Homco transferred many of the Acme Tool Properties to Weatherford International Incorporated ("Weatherford") under the terms of an asset purchase agreement (the "Weatherford Asset Purchase Agreement") and Homco has specific contractual obligations to Weatherford relating to the environmental condition of those Acme Tool Properties transferred;

WHEREAS, by executing this Mutual Release and Settlement Agreement ("Agreement"), and without any admission of liability on the part of any party, Homco and NL, subject to the terms of this Agreement, desire to settle fully all claims that were or could have been asserted in this lawsuit arising out of environmental conditions at the Acme Tool Properties, except the Corff Litigation, as hereinafter defined;

WHEREAS, the parties wish to avoid publicity regarding the terms and conditions of this Agreement;

WHEREAS, Homco and NL recognize that a trial on the issues involved in this cause would be extremely expensive and desire that this cause should be disposed of without trial in order to avoid the expense of litigation; and

WHEREAS, subject to the terms of this Agreement, Homco and NL desire to resolve any third-party or governmental claims that may be asserted as a result of

environmental conditions at the Acme Tool Properties in an expeditious and cost-effective manner;

NOW, THEREFORE, for and in consideration of the mutual covenants, agreements, and releases contained herein, and for other good and valuable consideration, Homco and NL agree as follows:

## II. DEFINITIONS

A.    "Acme Tool Properties" means the oilfield service facilities transferred by NL to Homco under the terms of the Asset Purchase Agreement, which are located in or near the following cities:

> Bakersfield, California
> Brawley, California
> Long Beach, California
> Santa Paula, California
> Grand Junction, Colorado
> Great Bend, Kansas
> Liberal, Kansas
> Plainville, Kansas
> Lafayette, Louisiana
> Kalkaska, Michigan
> Mount Pleasant, Michigan
> Laurel, Mississippi
> Glendive, Montana
> Clayton, New Mexico
> Hobbs, New Mexico
> Dickinson, North Dakota
> Williston, North Dakota
> Elk City, Oklahoma
> Healdton, Oklahoma
> Lindsay, Oklahoma
> Oklahoma City, Oklahoma
> Woodward, Oklahoma
> Abilene, Texas

> Borger, Texas
> Corpus Christi, Texas
> Houston, Texas
> Kilgore, Texas
> Laredo, Texas
> Odessa, Texas
> Sonora, Texas
> Victoria, Texas
> Wichita Falls, Texas
> Vernal, Utah
> Casper, Wyoming
> Evanston, Wyoming
> Gillette, Wyoming
> Powell, Wyoming
> Riverton, Wyoming
> Rock Springs, Wyoming

B.     "Corff Litigation" means the case styled N. C. Corff, Ltd. v. Homco International, Inc., which is pending in the District Court of Oklahoma County, Case No. CJ-92-3937-10.

C.     "Environmental Conditions" means (1) violations existing on October 16, 1987 of one or more Environmental Laws in effect on that date; or (2) releases of any hazardous waste, hazardous substance, hazardous material, or any other pollutant or contaminant, whether or not regulated under any Environmental Law; or (3) any other conditions that may pose a material liability under any Environmental Law; provided that Environmental Conditions shall not include a release of any hazardous waste, hazardous substance, hazardous material, or any other pollutant or contaminant that is readily attributable to an event or condition occurring on or after October 16, 1987.

D.    "Environmental Costs" means all costs incurred by Homco or NL necessary to address Environmental Conditions at the Acme Tool Properties, but the term does not include any costs incurred by Homco to perform studies or other due diligence work in connection with the sale of the Acme Tool Properties to Weatherford, costs incurred to increase the value of an Acme Tool Property for reasons not required to address an Environmental Condition, costs incurred by a party to review and provide comments to work proposed at an Acme Tool Property, Third Party Claim Costs, Governmental Claim Costs, penalties (which are governed by Section IV(F)), punitive or exemplary damages, costs incurred for the services provided by employees of Homco or NL, or attorneys fees incurred by Homco or NL.

E.    "Environmental Laws" means all federal, state, and local laws, regulations, ordinances, orders, or directives, whose principal or substantial purpose is the protection of human health or the environment, as well as any common law principles, theories, or causes of action, including causes of action sounding in tort, asserted to address a threat or potential threat to property, human health, welfare, or the environment arising from a release of any hazardous waste, hazardous substance, hazardous material, or any other pollutant or contaminant.

F.    "Governmental Claim Costs" means all costs incurred by Homco or NL necessary to address an Environmental Condition as a result of any claim, demand, or cause of action asserted under any Environmental Law by a governmental entity, but does not include any punitive or exemplary damages, costs incurred to increase the value of an Acme

Tool Property for reasons not required to address an Environmental Condition, penalties (which are governed by Section IV(F)), costs incurred for the services provided by employees of Homco or NL, or attorneys fees incurred by Homco or NL.

G.     "Third Party Claim Costs" are all costs incurred by Homco or NL necessary to address an Environmental Condition as a result of any claim, demand, or cause of action asserted under any Environmental Law by persons or entities that are not parties to this Agreement and are not governmental entities, but the term does not include any punitive or exemplary damages, costs incurred to increase the value of an Acme Tool Property for reasons not required to address an Environmental Condition, penalties (which are governed by Section IV(F)), costs incurred for the services provided by employees of Homco or NL, or attorneys fees incurred by Homco or NL.

H.     "Homco" means Homco International, Inc., W. R. Grace & Co., Grace Energy Corporation, and any predecessors, successors, subsidiaries, affiliates, assigns, and the present and former agents, employees, officers and directors thereof.

I.     "NL" means NL Industries, Inc. and NL Acme Tool, Inc., and any predecessors, successors, subsidiaries, affiliates, assigns, and the present and former agents, employees, officers and directors thereof. The obligations of NL Industries, Inc. and NL Acme Tool, Inc. under this Agreement shall be joint and several.

J.     "Weatherford" means Weatherford International Incorporated, and any predecessors, successors, assignees, agents, employees, officers, and directors thereof.

K.     "The parties" means Homco and NL. A "party" means Homco or NL.

### III.  PAST COSTS

Not later than December 3, 1993, NL will complete the wire transfer to W. R. Grace & Co.--Conn. account number 901-1-013572 at the Chase Manhattan Bank, New York, ABA routing number 021000021 of Eight Million Five Hundred Thousand Dollars ($8,500,000) plus interest earned on that sum, at the rate of five per centum per annum during the period beginning on July 30, 1993 and ending on the date of payment (the "Section III Payment").

### IV.  FUTURE COSTS

A.      Sharing of Costs.

Except as provided in this Agreement, Homco and NL will share equally all Environmental Costs, Third Party Claim Costs, and Governmental Claim Costs for action taken or work performed after February 26, 1993 as a result of or relating to conditions or events at any Acme Tool Property.

B.      Kalkaska Michigan and Odessa, Texas Properties.

For costs of action taken or work performed by Homco or NL after February 26, 1993 as a result of or relating to conditions or events at the Kalkaska, Michigan and Odessa, Texas Acme Tool Properties,

1.      Homco will pay twenty-five percent (25%) and NL will pay seventy-five percent (75%) of all Environmental Costs and all Governmental Claim Costs;

2.    Homco will pay one hundred percent (100%) of all Third Party Claim Costs arising from or in any manner relating to the operation of these facilities on or after October 16, 1987; and

3.    NL will pay one hundred percent (100%) of all Third Party Claim Costs arising from or in any manner relating to the operation or condition of these facilities before October 16, 1987.

All Third Party Claim Costs arising from or in any manner relating to contamination caused by an act of disposal will be considered to arise from or relate to the operation of an Acme Tool Property on the date of the act of disposal of the contaminants, although the contaminants may have subsequently leaked, been released, or migrated after the date of the act of disposal.

C.    Payment.

Homco and NL each will pay its share of all costs described under this Section IV within thirty (30) days after receipt of a statement and supporting documentation from the other party.  Any amounts not paid within this period, including amounts awarded in arbitration pursuant to Section VII, shall accrue interest at the prime rate set by Morgan Guaranty Bank & Trust of New York in effect at the end of the month preceding the date that payment is made.  Interest will accrue during the period beginning on the date that payment is due and ending on the date of payment.  The statement and supporting documentation will be sufficient for purposes of this Agreement if it consists of a summary of the work performed by the submitting party since the submission of the preceding

statement; a tabulation of the costs comprising the amount requested; copies of any reports or correspondence received by the submitting party or sent to governmental entities or third parties since the date of the preceding statement; and copies of the invoices received from vendors, contractors, and other representatives in the normal course of business and approved for payment, to the extent that these materials have not previously been submitted pursuant to Section V of this Agreement. NL represents that it has not incurred any Environmental Costs, Governmental Claim Costs, or Third Party Claim Costs between October 16, 1987 and the date of this Agreement. Homco represents that between February 26, 1993 and June 30, 1993 it has been invoiced for approximately $133,500.00 in Environmental Costs, Governmental Claim Costs, and Third Party Costs at all Acme Tool Properties other than Kalkaska, Michigan, and Odessa, Texas, and that it has been invoiced for approximately $218,300.00 of such costs at the Kalkaska, Michigan, and Odessa, Texas, properties.

D.    Disputes About Future Costs.

Any disputes pursuant to this Section IV will be submitted to binding arbitration under the procedures set out in Section VII. Either party may initiate arbitration at any time following the failure of any party to tender full payment within the thirty (30) day period set out in Section IV(C). Disputed amounts may be aggregated into a single arbitration proceeding.

E.    <u>Punitive or Exemplary Damages.</u>

Each party will pay all of the punitive or exemplary damages, if any, assessed against that party in litigation arising from or in any manner relating to the operation or condition of the Acme Tool Properties. Where the possibility exists that Homco and NL could be found jointly and severally liable for a single punitive or exemplary damages amount, the parties will take whatever actions are necessary or desirable to obtain separate determinations of the amount of punitive or exemplary damages to be assessed against each party. In the event that punitive or exemplary damages are assessed against Homco and NL jointly and severally, and if the parties are unable to agree about an appropriate allocation, the parties will submit the question of allocation to binding arbitration under the procedures set out in Section VII.

F.    <u>Penalties.</u>

Homco and NL will have sole discretion to defend or settle any action brought against it by a governmental entity seeking to assess a penalty and/or fine relating to the operation or condition of an Acme Tool Property. If either Homco or NL believes it paid a fine or penalty for which the other party is responsible, in whole or in part, it may submit a statement and supporting documentation requesting payment from the other party. If the other party refuses to pay the requested amount, then the party that paid the penalty may submit the dispute to binding arbitration under the procedures set out in Section VII. A party that proposes to settle an action brought by a governmental entity seeking to assess

such a penalty or fine shall provide notice and opportunity to comment to the other party as provided in Section V(G) of this Agreement.

G.    Attorneys Fees and Costs.

Each party will pay for its own attorneys fees and related costs incurred to address conditions at the Acme Tool Properties or in litigation arising from or relating to conditions or events at the Acme Tool Properties.

H.    Cooperation.

Nothing in this Agreement requires the parties to or prevents the parties from cooperating in the defense of any claim asserted by a governmental entity or third party, including the Corff Litigation, nor shall this Agreement prevent any party from asserting any positions or defenses it believes it may have.

## V. RESPONSIBILITIES REGARDING FUTURE ACTION OR WORK UNDERTAKEN PURSUANT TO THIS AGREEMENT

A.    Responsibility for Additional Work.

Homco will be responsible for the performance of all additional work at the Acme Tool Properties following the effective date of this Agreement, except that NL may perform such additional work it is obligated to do as a result of any claim, demand, or cause of action asserted by a governmental entity or third party.  Each party will retain control over decisions regarding additional work performed by that party at the Acme Tool Properties after the date of this Agreement.

B.    <u>Notification of Proposed Work</u>.

Following the execution of this Agreement, each party will promptly provide to the other party's designated technical representative copies of all documentation generated following February 26, 1993 related to the work performed or actions taken to address Environmental Conditions at the Acme Tool Properties, as such documentation is received, delivered, or generated. Within thirty (30) days following the execution of this Agreement, Homco shall provide NL with copies of all documents relating to the Environmental Conditions of the Acme Tool Properties that were generated prior to February 26, 1993 and which were not previously provided. Upon reasonable request, each party will use reasonable efforts to provide clarification of any matter contained in such documentation. Upon receipt of any documentation relating to proposed work at any Acme Tool Property pursuant to this Agreement, the other party will have ten (10) working days to consult with and provide comments to the proposing party concerning the proposed work, including the scope and projected cost of the proposed work. The party reviewing the comments shall consider and evaluate such comments prior to making a final resolution regarding the proposed work. If a party proposing work believes in good faith that fewer than ten (10) working days are available for review because of pending or threatened enforcement action, claims made by third parties, or other deadlines, it will notify the receiving party of the applicable time constraints, and the parties will make reasonable arrangements to achieve an expedited review. Nothing in this Agreement requires either

party to modify the scope of the proposed work as a result of the other party's consultation or comments.

C.    Coordination with Weatherford and Access.

Homco shall be solely responsible for coordination with Weatherford of action or work performed under this Agreement at any Acme Tool Property controlled by Weatherford. Homco shall be solely responsible for arranging and obtaining access to the Acme Tool Properties and shall obtain from Weatherford an agreement to permit NL's designated representatives to inspect the Acme Tool Properties as is reasonably necessary under this Agreement.

D.    Indemnity Against Weatherford Suits.

Notwithstanding Section IV(G) of this Agreement, Homco agrees to indemnify and hold NL harmless against any and all costs and expenses (including reasonable attorneys fees) incurred by NL to defend any action brought by Weatherford arising from or relating to a breach by Homco of the Weatherford Asset Purchase Agreement; provided, however, that this indemnification obligation shall not extend to any costs and expenses that are Environmental Costs or Third Party Claim Costs, and any such Environmental Costs or Third Party Claim Costs shall be governed by Section IV of this Agreement.

E.    Weatherford Not Third-Party Beneficiary.

The parties hereto mutually represent, warrant, and agree that this Agreement creates no rights, claims, or causes of action for Weatherford and that Weatherford is not a third-party beneficiary of this Agreement.

F.    Notice of Government or Third-Party Claims.

Except as otherwise provided in this Agreement, with respect to any government or third-party private claim or cause of action seeking Environmental Costs, Government Claim Costs, or Third-Party Claim Costs asserted against Homco or NL, Homco and NL shall promptly provide written notice to each other of the existence of such claim or cause of action.

G.    Notice of Settlement of Claims.

1.    Except as otherwise provided in this Agreement, neither Homco nor NL shall settle any government or third-party private claim or cause of action seeking Governmental Claim Costs or Third-Party Claim Costs without first providing reasonable notice to the other party.  In the event a party settles such claim without first providing reasonable notice, it shall not be entitled to recover any Environmental Governmental Claim Costs or Third-Party Claim Costs under this Agreement paid in such settlement.

2.    After receiving notice of a proposed settlement, the party receiving such notice shall have twenty-one (21) days to object in writing to such proposed settlement. A party's failure to respond within the 21-day period shall constitute a concurrence to the proposed settlement.  If a party objects to a proposed settlement, such objection shall be

made in writing and shall reasonably describe the basis for the objection. Upon receipt of any objection, the parties shall confer and attempt to resolve in good faith any disagreement relating to the proposed settlement. Nothing in this Agreement prevents a party from concluding a settlement in fewer than twenty-one (21) days after notice has been provided if the party believes in good faith that waiting twenty-one (21) days will seriously jeopardize the chance for securing an equally favorable settlement. In such a case, the party proposing to settle will exert all reasonable efforts to notify the other party of its intention to conclude the settlement in fewer than twenty-one (21) days.

      3.     If the parties are unable to resolve an objection to any proposed settlement under this Agreement, or if the party proposing to settle believes in good faith that waiting twenty-one (21) days will seriously jeopardize the chance for securing an equally favorable settlement, the party proposing to settle may nevertheless arrange for such settlement. If the other party subsequently refuses to pay its share of the settlement as provided in this Agreement, the settling party may submit the dispute about the reasonableness of the settlement to binding arbitration as provided in Section VII of this Agreement.

## VI. DISMISSAL OF LITIGATION AND RELEASES

A.    <u>Dismissal With Prejudice</u>.

      Homco and NL will stipulate to a dismissal with prejudice of all claims, cross-claims, and counterclaims held or asserted against each other in the U.S. District Court Litigation and the <u>Corff</u> Litigation. No party will appeal any aspect of this lawsuit.

B.    Release by Homco.

Except as provided in this Agreement, Homco hereby releases, acquits, forever discharges, and covenants not to sue NL, all its present and former agents, employees, representatives, officers and directors, attorneys, successors and assigns, all its present and former parents, subsidiaries, and affiliated companies and their present and former agents, employees, representatives, officers and directors, attorneys, successors and assigns for all claims, demands, and causes of actions of any and every character, known or unknown, in contract or in tort, and any other cause of action that is or was related to Environmental Conditions at the Acme Tool Properties, or that was or could have been asserted in any complaint filed by Homco against NL arising out of or related to such claims by Homco. The release provided in this Section VI(B) shall be effective as to the claims arising under or in the U.S. District Court Litigation and the Corff Litigation upon the receipt by Homco of the Section III Payment.

C.    Release by NL.

Except as provided in this Agreement, NL hereby releases, acquits, forever discharges, and covenants not to sue Homco, all its present and former agents, employees, representatives, officers and directors, attorneys, successors and assigns, all its present and former parents, subsidiaries, and affiliated companies and their present and former agents, employees, representatives, officers and directors, attorneys, successors and assigns for all claims, demands, and causes of action of any and every character, known or unknown, in contract or in tort, and any other cause of action that is or was related to Environmental Conditions at the Acme Tool Properties or that was or could have been asserted in any complaint or counterclaims filed by NL against Homco arising out of or related to such claims by Homco.  The release provided in this Section VI(C) shall be effective as to the claims arising under or in the U.S.

-16 -

District Court Litigation and the <u>Corff</u> Litigation upon the receipt by Homco of the Section III Payment.

D.    <u>Other Obligations Unaffected</u>.

Notwithstanding anything to the contrary in this Agreement, the obligations of Homco and NL in the Asset Purchase Agreement other than the obligations that relate to the Environmental Conditions of the Acme Tool Properties are not altered or affected by this Agreement and all obligations of Homco and NL in the Asset Purchase Agreement relating to the Environmental Conditions of the Acme Tool Properties are terminated except as set forth in this Agreement.

E.    <u>Capital Contribution</u>.

All payments to Homco due under this Agreement will be made by NL Industries, Inc. To the extent that any payment made by NL Industries, Inc. is deemed to be or determined to be, in whole or in part, the obligation of NL Acme Tool, Inc., that part of the payment deemed to be or determined to be the obligation of NL Acme Tool, Inc. shall be a capital contribution from NL Industries, Inc. to NL Acme Tool, Inc.

## VII. BINDING ARBITRATION

A.    <u>Nature of Arbitration</u>.

Disputes submitted to arbitration under this Agreement shall be resolved by binding arbitration before a panel of three arbitrators. Homco will select one arbitrator, NL will select one arbitrator, and the two-selected arbitrators will agree on the third neutral arbitrator. The party seeking arbitration shall name its arbitrator in its demand, along with

a detailed statement of the issues to be arbitrated and the facts relating to issues. The responding party shall have forty-five (45) days to respond with a detailed statement of facts and issues and to name its arbitrator. In the event the selected arbitrators cannot agree on the third arbitrator, the American Arbitration Association ("AAA") shall select the third arbitrator. The Rules of the AAA will govern. The first arbitration under this Agreement shall be held in any major city in the contiguous United States designated by the party not initiating the arbitration. Subsequent arbitrations shall be held in any major city in the contiguous United States designated by the party that did not designate the site of the previous arbitration. The decision of the arbitrators will be final and not subject to appeal. The costs of the arbitration including, but not limited to, the cost of establishing and maintaining an escrow account as required in Section VII(B) hereof, other than attorneys fees and related costs, shall be paid by the party that, in the opinion of the arbitrators, does not substantially prevail in the arbitration. Consistent with any arbitration award, any amount held in escrow and the accrued interest thereon shall be released to the prevailing party.

B.    Escrow.

Upon initiation of arbitration to recover net costs (considering the claims of both parties) in excess of $250,000 incurred under this Agreement, the party from whom the cost is sought will place the amount of the disputed costs into an interest-bearing escrow account at a bank acceptable to the other party. Any amount awarded in arbitration will include the interest earned on the amount awarded.

-18 -

## VIII.  GENERAL PROVISIONS

A.    Settlement Not an Admission of Liability.

The execution of this Agreement shall not be construed as an admission of liability on the part of any party hereto in any respect.

B.    Ownership of Claim.

Homco represents that it is the sole owner of the claims asserted in this suit and that no portion of the claims has been sold, assigned, pledged, or hypothecated.

C.    Reliance on Attorneys.

The parties represent that their attorneys have fully explained the meaning and effect of this Agreement.  The parties represent that they have read and understand this Agreement.  The parties acknowledge that they have not relied upon any representation made by an adverse party in executing this Agreement.

D.    Successors and Assigns.

This Agreement shall be binding upon and inure to the benefit of the representatives, successors and assigns, and legal representatives of all parties hereto, as well as their respective officers, directors, and employees.

E.    Amendment.

This Agreement may not be altered or amended except by an agreement in writing signed by all of the parties hereto.

F.    Governing Law.

This Agreement shall be construed and enforced under and in accordance with and shall be governed by the laws of the State of Texas without regard to Texas conflict of law principles.

G.    Counterparts.

This Agreement may be simultaneously executed in several counterparts, each of which shall be an original and each of which shall constitute but one and the same instrument.

H.    Complete Agreement.

The parties agree that this Agreement constitutes the full, final, and complete settlement of the differences herein specified and supersedes all other written or oral exchanges, arrangements, or negotiations between them concerning the subject matter of this Agreement. The parties further state that there are no representations, agreements, or arrangements, or understandings, oral or written, concerning the subject matter of this Agreement that are not fully expressed and incorporated herein.

I.    Enforcement.

In the event that there is legal action other than arbitration to enforce, defend, or construe any of the provisions in this Agreement, the prevailing party shall be entitled to reimbursement of all expenses and costs incurred, including reasonable attorneys fees.

J.    <u>Notices</u>.

Notices under this Agreement will be sent by a confirmed copy and certified mail, return receipt requested.  Notices will be deemed made when a confirmed telecopy is sent.  Until changed by written notice delivered to the other party, all notices shall be sent as follows:

> <u>Notice to Homco</u>:
>
> > Homco International, Inc.
> > c/o G.E.C. Management Corporation
> > 13455 Noel Road, Suite 1500
> > Dallas, TX 75420
> > Attn:  Anthony G. Riddlesperger
> > Fax:  (214) 770-0215 .
>
> With copies to:
>
> > W.R. Grace & Co.
> > One Town Center Road
> > Boca Raton, FL 33486
> > Attn:  R. H. Beber
> > Fax:  (407) 362-1970
> >
> > and
> >
> > Christopher B. Amandes
> > Vinson & Elkins L.L.P.
> > 2500 First City Tower
> > 1001 Fannin
> > Houston, TX 77002-6760
> > Fax:  (713) 758-2346

Notices to NL:

> Janet D. Smith
> Associate General Counsel
> NL Industries, Inc.
> 445 Park Avenue
> New York, NY 10022
> Fax:  (212) 421-7207

> With copies to:

> Barry L. Sams
> NL Industries, Inc.
> P. O. Box 1090
> Hightstown, NJ 08520
> Fax:  (609) 443-2374
>      and

> James H. Schink, P.C.
> Kirkland & Ellis
> 200 East Randolph Drive
> Chicago, IL 60601
> Fax:  (312) 861-2200

K.    Authority.

Each party represents and warrants that it has the authority to enter into this Agreement.

L.    Confidentiality.

Homco and NL agree that the terms of this settlement shall be held in strict confidence.  Neither party, nor any of its agents, consultants, employees, officers or directors, shall divulge, disseminate, or release any of the terms or conditions of this Agreement to any person other than that party's insurance carriers or except as required by law upon advice of that party's counsel.

M.    Headings.

The headings in this Agreement are for the convenience of the parties and are

not to be used in construing the document.

IN WITNESS WHEREOF, the parties have caused this instrument to be executed

to be effective ____OCTOBER   29_____, 1993.

HOMCO INTERNATIONAL, INC.          NL INDUSTRIES, INC.

BY ___Frank L. Ryan___          BY ___David B. Garten___

TITLE: ___President___          TITLE: __VICE PRESIDENT__

                                NL ACME TOOL, INC.

                                BY_____

                                TITLE:_____

APPROVED:


_____
H. RONALD WELSH
State Bar No. 21167600
VINSON & ELKINS L.L.P.
2500 First City Tower
1001 Fannin
Houston, Texas 77002-6760
Telephone: (713) 758-2268
Telecopier:  (713) 758-2346

ATTORNEYS FOR HOMCO INTERNATIONAL, INC.

M.    Headings.

The headings in this Agreement are for the convenience of the parties and are not to be used in construing the document.

IN WITNESS WHEREOF, the parties have caused this instrument to be executed to be effective _____, 1993.


HOMCO INTERNATIONAL, INC.          NL INDUSTRIES, INC.

BY_____          BY_____

TITLE:_____          TITLE:_____


                                                   NL ACME TOOL, INC.


                                                   BY _Shen E. Alderton_

                                                   TITLE:_____
                                                        TREASURER

APPROVED:


_____
H. RONALD WELSH
State Bar No. 21167600
VINSON & ELKINS L.L.P.
2500 First City Tower
1001 Fannin
Houston, Texas 77002-6760
Telephone: (713) 758-2268
Telecopier:  (713) 758-2346

ATTORNEYS FOR HOMCO INTERNATIONAL, INC.

M.    Headings.

The headings in this Agreement are for the convenience of the parties and are

not to be used in construing the document.

IN WITNESS WHEREOF, the parties have caused this instrument to be executed

to be effective _____, 1993.


HOMCO INTERNATIONAL, INC.          NL INDUSTRIES, INC.

BY_____          BY_____

TITLE:_____          TITLE:_____


                                         NL ACME TOOL, INC.


                                         BY_____

                                         TITLE:_____

APPROVED:

H. RONALD WELSH
State Bar No. 21167600
VINSON & ELKINS L.L.P.
2500 First City Tower
1001 Fannin
Houston, Texas 77002-6760
Telephone: (713) 758-2268
Telecopier:  (713) 758-2346

ATTORNEYS FOR HOMCO INTERNATIONAL, INC.

JAMES L. WARE
State Bar No. 20861800
MCLEOD, ALEXANDER, POWEL & APFFEL, P.C.
820 Rosenberg Street
P. O. Box 629
Galveston, Texas 77553-0629
Telephone:  (409) 763-2481
Telecopier:  (409) 763-2481


JAMES H. SCHINK, P.C.
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312)-861-2000
Telecopier:  (312)-861-2200

ATTORNEYS FOR DEFENDANTS NL INDUSTRIES, INC. AND
NL ACME TOOL, INC.

JAMES L. WARE
State Bar No. 20861800
MCLEOD, ALEXANDER, POWEL & APFFEL, P.C.
820 Rosenberg Street
P. O. Box 629
Galveston, Texas 77553-0629
Telephone:  (409) 763-2481
Telecopier:  (409) 763-2481


JAMES H. SCHINK, P.C.
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312)-861-2000
Telecopier:  (312)-861-2200

ATTORNEYS FOR DEFENDANTS NL INDUSTRIES, INC. AND
NL ACME TOOL, INC.

STATE OF TEXAS      )
                           )

COUNTY OF HARRIS   )

      BEFORE ME, the undersigned authority, on this date personally appeared _____ _Frank  L. Ryan_ as _President_ of Homco International, Inc., known to me to be the person whose name is subscribed to the foregoing Mutual Release and Settlement Agreement, and acknowledged to me that he executed the same in his capacity above stated, for the purposes and consideration therein expressed.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE on _November 1_, 1993.

_____
Notary Public in and for the State of Texas

My commission expires: _Oct. 1, 1994_

SUE SWANSON
Notary Public, State of Texas
My Commission Expires 10/01/94

STATE OF TEXAS )
)
COUNTY OF HARRIS )

BEFORE ME, the undersigned authority, on this date personally appeared _____ *DAVID B GARTEN* as *VICE PRESIDENT* _____ of NL Industries, Inc., known to me to be the person whose name is subscribed to the foregoing Mutual Release and Settlement Agreement, and acknowledged to me that he executed the same in his capacity above stated, for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on *OCTOBER* _____ *29*, 1993.



IRENE PEPE
MY COMMISSION EXPIRES
November 29, 1997

_Irene Pepe_
Notary Public in and for the State of Texas

My commission expires: *11-29-97* _____

STATE OF TEXAS       )
                              )
COUNTY OF HARRIS   )

BEFORE ME, the undersigned authority, on this date personally appeared _____ _James L. Ware_ as _Attorney for_ _____ of NL Industries, Inc., known to me to be the person whose name is subscribed to the foregoing Mutual Release and Settlement Agreement, and acknowledged to me that he executed the same in his capacity above stated, for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on _November 1_ _____, 1993.

_Donna R. Gray_
Notary Public in and for the State of Texas

My commission expires:_____

DONNA R. GRAY
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCTOBER 27, 1994

STATE OF NEW YORK      )
                       )
COUNTY OF NEW YORK     )


    BEFORE ME, the undersigned authority, on this date
personally appeared Susan E. Alderton as Treasurer of NL Acme
Tool, known to me to be the person whose name is subscribed to
the foregoing Mutual Release and Settlement Agreement, and
acknowledged to me that she executed the same in her capacity
above stated, for the purposes and consideration therein
expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE ON _October 28, 1993,_
1993.


_____
_Janet D Smith_
Notary Public in and for the State of New York

My commission expires: _May 26, 1994_

JANET D. SMITH
NOTARY PUBLIC, State of New
No. 31-4996916
Qualified in New York County
Commission Expires May 26, 19_94_


- 27 -