# Exhibit 1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| In re: | § | Case No. 01-01139 |
| --- | --- | --- |
|  | § |  |
| W.R. Grace & Co., | § | (Chapter 11) |
|  | § |  |
| Debtor. | § | Hon. Judith Fitzgerald |

## DECLARATION OF ALAN B. RICH

1. My name is Alan B. Rich. I am an attorney practicing law with the law firm of Baron & Budd, P.C. ("B&B"). B&B represents thousands of individuals with claims against W.R. Grace, et al. ("Debtors") for personal injuries or wrongful deaths caused by exposure to asbestos-containing products manufactured or distributed by the Debtors. I am familiar with and have for the purposes of this Declaration familiarized myself with my firm's use of x-rays in asbestos-related personal injury cases pending in the tort system.

2. It is my understanding that the Debtors demand possession of original x-rays of the clients of my firm who are making a claim in this bankruptcy for an asbestos-related non-mesothelioma malignancy. For any such claimant with an active case in the tort system, providing the Debtors with an original x-ray (or the firm's only copy of such an x-ray) would significantly hinder that cancer victim's ability to prosecute his or her claims in court. For these claimants, x-rays are a necessary element for their cases to proceed in the tort system.

DECLARATION OF ALAN B. RICH – Page 1

3.  In Texas, where the majority of my firm's clients' cases are pending, asbestos pretrial proceedings are centralized in the Texas Multidistrict Litigation. The Case Management Order governing the Texas MDL[1] requires that x-rays be provided to the defendants at least 30-days prior to a plaintiff even being permitted to request that the MDL court remand a malignancy case back to the local trial court for trial. (CMO §III, ¶B(1)(g)). The CMO also requires that in *in extremis* cases, *i.e.* "Fast Track" cases, x-rays be provided almost immediately, and before the depositions in the case can be taken. (CMO §III, ¶A(1)(c), (A)(3)(b)). Therefore, these cases would also not be able to be worked-up for trial and remanded for trial in the absence the client's x-rays.

4.  To put it plainly, if a cancer claimant has to surrender his or her x-ray to the Debtors, these claimants' cases would not be permitted to proceed through the discovery process and to trial in the tort system. To a claimant suffering from a malignancy, this is tantamount to staying his or her case against all defendants, and removing the case from the active trial docket.

5.  B&B is willing to permit Grace to access x-rays in its possession, where appropriate under the discovery rules, for the purposes of inspection or copying. Such inspection would subject to appropriate assertions of privilege and to safeguards designed to ensure the integrity of the evidence. B&B is willing to provide to the Debtors copies of x-rays that are discoverable at Debtors' expense. For x-rays which may not currently be in the possession of B&B, B&B is willing to provide the necessary assistance to facilitate Debtors' access to such x-rays, subject to any applicable privileges.

---

[1] *See* "Case Management Order," *In re Asbestos Litigation*, No. 2004-03964 (11th District Court, Harris County, Texas), attached hereto as Exhibit A.

DECLARATION OF ALAN B. RICH – Page 2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 1, 2006.

_____
Alan B. Rich

NO. 2004-03964

| | | |
|---|---|---|
| IN RE | § | IN THE DISTRICT COURT OF |
| | § | |
| ASBESTOS LITIGATION | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | 11TH JUDICIAL DISTRICT |

## CASE MANAGEMENT ORDER

This Order applies to all related asbestos-exposure and tag-along cases transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Texas Rule of Judicial Administration 13. See TEX. JUD. ADMIN. 13 and to related asbestos-exposure cases filed initially in this Court after September 1, 2003. Consistent with this Court's authority, as set forth in Rule 13.6(b), this Order is intended to facilitate the pretrial administration of those cases. All MDL cases are deemed Level 3.

Wherever this Order provides for an action to occur within a certain number of days "of transfer," it means within that number of days of the signing of this Order, or of transfer, whichever is later. The date of transfer is the date the notice of transfer is filed in the trial court, or in this Court, whichever is later. See TEX. JUD. ADMIN. 13.5(a), (e). For cases filed initially in this Court, the date of transfer is the date of original filing. If Plaintiff amends his pleadings to add new Defendants or significant new allegations against existing Defendants, in the time period allowed by this Order, then all times that run from the date "of transfer" shall instead run from the date of such amendment and Plaintiff must seek supplemental certification for those new Defendants.

I. **Timing of Notice of Transfer to the MDL.**

    A. Any Defendant may file a notice of transfer to this Court in the following cases:

        1. Cases filed after the effective date of this Order: within thirty (30) days of that Defendant's answer date;

        2. Cases filed before the effective date of this Order: within sixty (60) days of the effective date of this Order, or within thirty (30) days after the Defendant's answer date, whichever is later.

    B. A Plaintiff may file a notice of transfer to this Court in the following cases:

        1. Cases filed after the effective date of this Order: within thirty (30) days of any Defendant's answer date;

        2. Cases filed before the effective date of this Order: within sixty (60) days of the effective date of this Order.

FILED
CHARLES BACARISSE
District Clerk
5:25
JUL 2 9 2004
Harris County, Texas
By_____
Deputy

3. A notice of transfer filed by any party outside the time limits set out in this Order will be considered ineffective, absent a showing of good cause.

4. The filing of a notice of transfer shall not constitute a waiver of any Defendant's own challenge to jurisdiction and/or venue or special appearance.

II. **Initial Pleadings.**

A. Within thirty (30) days of transfer, to the extent not previously provided, each Plaintiff shall file individual pleadings in which

1. Each Plaintiff shall state facts supporting the Plaintiff's claims regarding jurisdiction and venue in conformity with the Texas Rules of Civil Procedure.

2. Each Plaintiff shall identify each Defendant against whom the Plaintiff is asserting a claim.

3. Each Plaintiff shall identify the claims that are being asserted against each Defendant, whether products or premises, or both, or some other theory of liability (including, but not limited to, manufacturing defect, marketing defect, design defect, strict liability, negligence, gross negligence, conspiracy, enterprise liability, and premises liability). The identity and location of each premises allegation shall be stated. The illness or injury of the Plaintiff shall be stated. Any product claimed to be responsible should also be stated, to the extent known.

4. Any Plaintiff who is alleging secondary exposure shall clearly state such claim and answer 1-3 above providing information relative to the person or persons through whom they allege such exposure.

B. Attorneys for Plaintiff electing Fast-Track status shall file and serve a notice of Fast-Track status on all parties.

III. **Trial Docket.**

A. Fast-Track Docket.

1. Expedited Depositions.

For good cause, a Fast-Track Plaintiff's deposition may be taken on an expedited basis. The deposition shall be taken on the following terms:

(a) Plaintiff will provide at least seven (7) business days' notice of such deposition. The notice period shall begin to run on the date actually received. E-mail and facsimile service is preferred.

(b) The notice, signed by Plaintiff's counsel, shall state the cause requiring the deposition to be expedited.

(c) Plaintiff will use "extreme diligence" in providing complete responses to the "Fast-Track" portions of Master Discovery Requests and Requests for Disclosure. Such responses shall provide as much information as is available in the exercise of "extreme diligence" and shall be served at least seven (7) business days before the deposition.

(d) Any Defendant that does not believe good cause for the expedited deposition has been shown, or believes that the Plaintiff has failed to comply with the requirements of subparagraphs (a), (b) and (c) above, shall, within three (3) business days of receipt of the deposition notice, notify Plaintiff's counsel, in writing, of the objection and arrange a telephone hearing with the Court. The notice of objection shall include a notice of hearing stating the date and time of the hearing.

(e) The deposition may take place at: (1) a location in close proximity to the Plaintiff's home, other than a private residence; (2) in the Plaintiff's home, if Plaintiff is physically unable to give a deposition in another location; or (3) any other location agreed upon by the parties.

2. Non-Expedited Depositions.

(a) Each Plaintiff is to be presented for deposition, unless physically unable.

(b) The deposition of each Plaintiff is limited to six (6) hours of deposition time per side.

(c) Before such deposition, each Plaintiff will use "extreme diligence" in providing complete responses to Master Discovery Requests and Requests for Disclosure at least twenty-one (21) days before the deposition.

3. Requirements for Conditional Certification Requesting Remand and Trial Date.

Before Plaintiff's counsel files a Conditional Certification Requesting Remand and Trial Date, Plaintiff shall:

(a) Serve upon Defendants complete answers to Master Discovery Requests and Requests for Disclosure.

    (b)    Provide to Defendants the materials and documents requested in the "Fast-Track" portions of the Master Discovery Requests.

    (c)    Appear for an oral deposition. If Plaintiff is unable to appear for an oral deposition, Plaintiff will not be allowed to testify at trial.

    (d)    Provide to Defendants, in response to master discovery, (1) the identity of all fact witnesses, including a concise summary of the anticipated testimony of each; (2) all experts Plaintiff may call; and, (3) the identity of known exhibits Plaintiff may offer at trial. Witnesses designated should be a complete list of witnesses expected to be called and should not include witnesses that, in good faith, will not be called. Witnesses not named will be allowed to testify, only after heightened scrutiny as to the reason they were not previously named.

    (e)    Submit to a physical examination by a qualified physician, in accordance with the procedures set forth in Texas Rules of Civil Procedure 204.2 and 204.3, if requested by a Defendant.

4.    If for any reason Plaintiff cannot, after the exercise of "extreme diligence," provide the materials or information required in Section III.A.3 above, Plaintiff's counsel shall prepare a letter to Defendants' counsel detailing the good cause as to why such materials or information cannot be provided.

5.    Conditional Certification Requesting Remand and Trial Date

    (a)    Upon completion of the requirements for Conditional Certification Requesting Remand and Trial Date, or a showing of good cause as to why information or materials cannot be provided:

        i.    Plaintiff's counsel may file a Conditional Certification Requesting Remand and Trial Date. This conditional certification shall be faxed or e-mailed to all parties.

        ii.    Within fourteen (14) days of receipt of a Conditional Certification Requesting Remand and Trial Date, any Defendant that does not believe that the requirements of Section III.A.3 have been met shall notify Plaintiff's counsel, in writing, of the specific deficiencies it believes to exist and arrange for a telephone hearing with this Court. Any party may arrange for a hearing with this Court, but the failure by an objecting Defendant to request such a hearing date within fourteen (14) days of certification shall constitute a waiver of such objection.

        iii.    If no objections to conditional certification are timely raised, or the objections to certification are overruled, the case is certified and certification is effective from the date conditional certification was served.

    (b)    Remand shall be 120 days after certification, unless otherwise ordered by this Court.

    (c)    Within thirty (30) days of certification, this Court will begin conferring with the trial court to set the case for trial. This Court, in conjunction with the trial court, may set a transferred case for trial at such time and on such a date as will promote the convenience of the parties and witnesses and the just and efficient disposition of all related proceedings. This Court will confer with the trial court regarding potential trial settings or other matters regarding remand. The trial court must cooperate reasonably with this Court, and this Court must defer appropriately to the trial court's docket. The trial court must not continue or postpone a trial setting, without the concurrence of this Court. The parties shall receive at least forty-five (45) days notice of an initial trial setting. It shall be the responsibility of Plaintiff's counsel to notify all parties of any trial setting.

6.    Pre-Certification Discovery.

    (a)    The parties may conduct discovery, prior to certification, pursuant to the Texas Rules of Civil Procedure.

    (b)    To the extent not previously answered, Plaintiff shall respond to master discovery within forty-five (45) days from notice of Fast-Track status and Defendants shall respond within seventy-five (75) days of such notice. Notwithstanding any other provisions in this Order, objections and claims of privilege shall be timely if asserted when the original response to the question or request is made.

    (c)    Within fourteen (14) days of receipt of Responses to Master Discovery from all parties, a presumption exists that adequate time for discovery has passed for purposes of no-evidence motions for summary judgment.

7.    Post-Certification Discovery.

    (a)    Generally, depositions of fact witnesses should be taken before those of expert witnesses. Exceptions to this are expected to exist on a regular basis.

    (b)    Generally, depositions of Plaintiff's expert witnesses should be taken before those of Defendants' expert witnesses, within the

    same area of expertise. Exceptions to this are expected on a regular basis.

- (c) Except for depositions of Defendants' medical experts, the time period to take depositions shall expire sixty (60) days after Certification.

- (d) Defendants shall produce all medical experts relying upon pathology for deposition within ninety (90) days of the date such pathology material was provided to the Defendant's counsel.

8. Post-Certification Motions.

- (a) All motions, other than motions in limine, shall be filed no later than ninety (90) days after certification.

- (b) Motions to challenge the qualification of experts, and/or the admissibility of expert testimony, shall be filed no later than ninety (90) days after certification.

- (c) Reports shall be provided for Plaintiff-specific medical causation experts, upon request. Reports shall be provided for other experts only upon motion and order.

9. Other Discovery Matters.

- (a) No other interrogatories, requests for production, or requests for disclosure shall be served, nor responses required, without leave of this Court. Generally, after receipt of a Plaintiff's initial responses to master discovery, non-duplicative narrowly focused additional interrogatories and requests for production applicable to a specific Plaintiff or Defendant will be allowed on a regular basis, upon request for leave of this Court to serve discovery of this nature.

- (b) In the event of the death of a Plaintiff, Plaintiff's counsel shall notify Defendants, by letter or discovery response, whether an autopsy of any type, private or public, has been performed upon the deceased and, if so, provide the autopsy report to all parties within thirty (30) days of its receipt.

B. Normal-Track Docket.

Cases not covered by the Fast-Track provisions set out in Section III.A of this Order shall be governed by the Normal-Track provisions ("Normal-Track Cases") in Section III.B. Nothing in the Normal-Track provisions (Section III.B) shall supercede the Fast-Track provisions (Section III.A). The presumption is that cases governed by Section III.B will be ready for remand and trial at the end of twelve months in the MDL. The Normal-Track cases will proceed in two groups

with varying schedules. The cases will be grouped as malignancy and non-malignancy cases based on the alleged asbestos-related disease. The provisions for malignancy cases are set out in Section III.B.1 and for non-malignancy cases in Section III.B.2 below. Conditional Certification Requesting Remand and Trial may not be filed sooner than 180 days for malignancy cases and 270 days for non-malignancy cases from the date of transfer.

1. For Normal-Track malignancy claims, the following procedures shall apply:

    (a) Plaintiff shall provide complete answers or objections to master discovery, including completed authorization forms. Objections and claims of privilege shall be timely if made at or before the time original answers to master discovery is served.

    (b) Each Plaintiff is to be presented for deposition, unless physically unable, within ninety (90) days from the date Plaintiffs respond to master discovery. The presumption is that Plaintiffs' counsel will schedule Plaintiffs' deposition by agreement. Notices shall only be served after reasonable attempts to schedule Plaintiffs' depositions have failed. Depositions will be taken pursuant to the Texas Rules of Civil Procedure and be limited to six (6) hours per side.

    (c) Unless physically unable, each Plaintiff shall submit to one physical examination by a qualified physician, in accordance with the procedures set forth in Texas Rules of Civil Procedure 204.2 and 204.3, upon written request by a Defendant. Efforts shall be made for this examination to take place in connection with the Plaintiff's deposition. The physical examination shall be in the county of the deposition, in the county where suit is pending, or such other location as agreed upon by counsel. All doctors performing such an examination shall promptly produce a report of such examination. Reports relating to the examination shall be produced to Plaintiff's counsel within thirty (30) days of receipt by defense counsel. Within thirty (30) days of receipt of itemized written request by plaintiffs' counsel, the defense counsel requesting the examination shall reimburse plaintiff for all reasonable costs incurred by plaintiffs in connection with such examination.

    (d) Each fact witness shall be identified by Plaintiff within 120 days of original responses to master discovery; supplemental designations of fact witnesses within forty-five (45) days of remand may cause a delay in the remand of the case. If a fact witness is represented by plaintiff's counsel, it shall be noted.

(e) Each fact witness within control of Plaintiff or Plaintiff's counsel whom the Plaintiff intends to call to testify shall be presented for deposition, upon request by any Defendant, within a reasonable time, but no later than 180 days of original responses to master discovery, unless otherwise ordered by the Court.

(f) Each expert witness for the Plaintiff shall be identified no later than sixty (60) days prior to filing a Conditional Certification Requesting Remand and Trial. Supplemental designation of expert witnesses within sixty (60) days of remand may cause a delay in the remand of the case.

(g) All pathological materials, Plaintiff-specific diagnosing medical reports, x-rays, and CT Scans that Plaintiffs have obtained shall be provided to Liaison Counsel thirty (30) days prior to filing a Conditional Certification Requesting Remand and Trial.

(h) Each expert witness whom Plaintiff intends to call to testify shall be presented for deposition, upon the written request of any Defendant, no later than forty-five (45) days before the assigned trial date.

(i) Each Defendant shall provide answers or objections to master discovery within forty-five (45) days of plaintiffs' original responses to master discovery. Objections and claims of privilege shall be timely if made at or before the time original answers to master discovery is served.

(j) The fact witnesses for each Defendant shall be identified within 180 days after plaintiff's original responses to master discovery; Supplemental designations may be made until thirty (30) days prior to assigned trial date. If a fact witness is represented by defendant's counsel, it shall be noted. The expert witnesses for each defendant shall be identified no later than sixty (60) days after plaintiff's expert witnesses have been identified pursuant to subsection (f) above.

(k) The fact witnesses within control of Defendant or defense counsel and expert witnesses whom each Defendant intends to call to testify shall be presented for deposition within a reasonable time of the written request of another party.

(l) All x-rays and CT scans obtained by defense counsel shall be provided to Plaintiff's counsel prior to trial. All x-rays and CT scans shall be returned.

2. For Normal-Track non-malignancy claims, the following procedures shall apply:

   (a) Plaintiff shall provide complete answers or objections and claims of privilege to Master Discovery, including completed authorization forms. Objections and claims of privilege shall be timely if made at or before the time original answers to master discovery is served.

   (b) Each Plaintiff is to be presented for deposition, unless physically unable, within ninety (90) days from the date plaintiffs respond to master discovery. The presumption is that Plaintiffs' counsel will schedule Plaintiffs' deposition by agreement. Notices shall only be served after reasonable attempts to schedule Plaintiffs' depositions have failed. Depositions will be taken pursuant to the Texas Rules of Civil Procedure and be limited to six (6) hours per side.

   (c) Unless physically unable, each Plaintiff shall submit to one physical examination by a qualified physician, in accordance with the procedures set forth in Texas Rules of Civil Procedure 204.2 and 204.3, upon written request by a Defendant. Efforts shall be made for this examination to take place in connection with the Plaintiff's deposition. The physical examination shall be in the county of the deposition, in the county where suit is pending, or such other location as agreed upon by counsel. All doctors performing such an examination shall promptly produce a report of such examination. Reports and any chest x-rays taken by the IME doctor relating to the examination shall be produced within thirty (30) days of receipt by defense counsel. Within thirty (30) days of receipt of an itemized written request from plaintiffs' counsel, the defense counsel requesting the examination shall reimburse plaintiff for all reasonable costs incurred by plaintiff in connection with such examination.

   (d) Each fact witness shall be identified by Plaintiff within 180 days of original responses to master discovery. Supplemental designations of witnesses within forty-five (45) days of remand may cause a delay in the remand of the case. If a fact witness is represented by plaintiff's counsel, it shall be noted.

   (e) All x-rays, CT Scans, and diagnosing medical reports that Plaintiff has obtained shall be provided to Liaison Defense Counsel thirty (30) days prior to filing Conditional Certification Requesting Remand and Trial and all x-rays, and CT Scans provided to Liaison Counsel by Plaintiff counsel shall be returned fifteen (15) days prior to trial.

(f) Each Defendant shall provide answers or objections or claims of privilege to master discovery within forty-five (45) days of Plaintiffs' original responses to master discovery. Objections and claims of privilege shall be timely if made at or before the time original answers to master discovery is served.

(g) The fact witnesses for each Defendant shall be identified within 210 days after Plaintiffs' original responses to master discovery. Supplemental designations may be made until thirty (30) days prior to assigned trial date. If a fact witness is represented by defendant's counsel, it shall be noted.

(h) An informal settlement conference will be scheduled within thirty (30) days following the filing of Request for Conditional Certification Requesting Remand and Trial.

(i) Plaintiff's expert witnesses shall be identified sixty (60) days prior to trial date.

(j) Each expert witness Plaintiff intends to call to testify shall be presented for deposition upon the written request of any Defendant fourteen (14) days prior to trial date.

(k) The fact witnesses for each Defendant shall be identified thirty (30) days prior to trial date.

(l) The expert witnesses each Defendant intends to call to testify shall be presented for deposition, upon written request of the Plaintiff, no later than seven (7) days prior to trial date.

(m) All x-rays and CT Scans obtained by defense counsel shall be provided to plaintiff's counsel prior to trial. All x-rays and CT Scans so provided shall be returned.

3. Conditional Certification Requesting Remand and Trial Date.

(a) Plaintiff may not file a Conditional Certification Requesting Remand and Trial Date until completion of III.B.1(a)-(g) in malignancy cases or III.B.2(a)-(e) in non-malignancy cases or a showing of good cause as to why information or materials cannot be provided. This Conditional Certification Requesting Remand and Trial Date shall be served by fax or e-mail.

(b) Within fourteen (14) days of receipt of Conditional Certification Requesting Remand and Trial Date, any Defendant that does not believe the requirements of III.B.1(a)-(g) or III.B.2(a)-(e) have been met, shall notify Plaintiffs' counsel in writing of the specific deficiencies it believes exist and arrange a hearing with this Court.

Any party may arrange a hearing with this Court, but the failure by an objecting defendant to request a hearing date on such objection within fourteen (14) days of receipt of Conditional Certification Requesting Remand and Trial shall constitute waiver of such objection.

(c) If no objections to conditional certification are timely raised or the objections to certification are overruled, the case is certified and certification is effective on the date conditional certification is served. The failure of a Defendant to request an IME shall not constitute an objection to Conditional Certification.

(d) Remand shall be no sooner than 180 days after certification in malignancy cases or ninety (90) days after certification in non-malignancy cases unless otherwise ordered by the Court.

(e) Within thirty (30) days of certification, this Court will begin conferring with the trial court to set the case for trial. The pretrial court, in conjunction with the trial court, may set a transferred case for trial at such time and on such a date as will promote the convenience of the parties and witnesses and the just and efficient disposition of all related proceedings. The pre-trial court will confer, with the trial court regarding potential trial settings or other matters regarding remand. The trial court must cooperate reasonably with the pretrial court and the pretrial court must defer appropriately to the trial court's docket. The trial court must not continue or postpone a trial setting without the concurrence of the pretrial court. It shall be the responsibility of plaintiff's counsel to notify all parties of any trial setting.

4. Additional provisions governing Normal-Track claims.

(a) Depositions of fact witnesses should be taken before those of expert witnesses, unless the parties agree otherwise.

(b) Depositions of Plaintiff's expert witnesses shall be taken before defense expert witnesses, within the same area of expertise, unless the parties agree otherwise.

(c) No other interrogatories, requests for production, or requests for disclosure shall be served, nor responses required, without leave of this Court. Generally, after receipt of a Plaintiff's initial responses to master discovery, non-duplicative narrowly focused additional interrogatories and requests for production applicable to a specific Plaintiff or Defendant will be allowed on a regular basis, upon request for leave of this Court to serve discovery of this nature.

5. It is presumed that remand for claims on the Normal Track will occur within approximately twelve (12) months. Failure to meet the procedures set forth above shall void any presumption regarding remand to the trial court.

## IV. Trial Preparation.

All pre-trial proceedings shall take place in the pre-trial court. There shall be a pretrial hearing in each Fast-Track case. In Normal-Track Cases, the pretrial court shall set a pretrial hearing immediately prior to remand.

(a) Seven (7) days prior to the pretrial hearing, the parties shall exchange final exhibit and witness lists, deposition designations, and motions in limine.

(b) The parties shall confer on objections to such designations and motions, prior to pretrial hearing, and provide counter designations.

## V. Bankrupt Defendants.

Upon receiving notice of an automatic stay against a bankrupt Defendant, this Court will, within fourteen (14) days, sever all known causes of action or claims brought by or against such bankrupt Defendant into Cause Number _____. When an automatic stay against a bankrupt Defendant is lifted and that Defendant has not received a discharge in bankruptcy, a party has ninety (90) days to advise this Court that such party wishes to proceed against the Defendant. Failure of a party to advise this Court of that party's intent to proceed against such Defendant within ninety (90) days after such party receives notice of such lifting of the automatic stay will result in an automatic dismissal for want of prosecution, but will not affect that Defendant's designation as a responsible third party.

## VI. Court Administration.

A. Within thirty (30) days of transfer, or the date of this Order, whichever is later, Defendants shall confer and designate one counsel to serve as "Liaison Defense Counsel" for that specific case. Liaison Defense Counsel will promptly file and serve a notice notifying this Court and all parties of the designation. Unless otherwise specified in this Order, Liaison Defense Counsel shall coordinate, among Defendants: (1) to schedule Plaintiff's deposition; (2) to schedule a medical examination of Plaintiff; and (3) to schedule pathology review. Should such Liaison Defense Counsel's client(s) resolve the case, a notice of withdrawal as Liaison Defense Counsel shall promptly be filed and the Defendants shall promptly appoint new Liaison Defense Counsel.

B. The Defendants, through Liaison Defense Counsel, or other designee, shall work with Plaintiff's counsel to agree upon a third-party records ordering service(s) to share equally in the reasonable acquisition and copying costs of medical records, pathology, and x-rays provided to Defendants, pursuant to this Order.

C.  The Clerk of this Court shall maintain a master service list of all counsel representing parties in any case to which this Order applies. All counsel for each party shall be listed once, and any party required to serve any notice in an asbestos case governed by this Order shall serve one copy of the notice document upon counsel for each party, as appearing on the master service list. If a party is represented by more than one law firm, each law firm shall be listed on the master service list. The list shall be updated periodically and posted by the Clerk on the Harris County District Court website at http://www.justex.net. Any counsel substituting into any case to which this Order applies shall inform the Clerk of their appearance and request inclusion in the master service list rather than filing motions and orders to substitute in individual cases. Parties shall be responsible for updating the master service list as needed.

D.  The Clerk of this Court shall maintain a file entitled "In Re: MDL Asbestos Litigation," which may be referred to as the "MDL Master Asbestos File." All motions, orders, and other instruments that apply to all asbestos cases shall only be filed in the MDL Master Asbestos File and shall be captioned "In Re: MDL Asbestos Litigation" (Cause No. _____) and bear the name of the motion. A motion, order, or other instrument filed in the MDL Master Asbestos File is deemed filed in each and every asbestos case to which it may be applicable and is incorporated by reference into such case for all purposes. Any motion or other instrument not applicable to all asbestos-related cases shall be captioned with the individual case name and contain the individual case's cause number.

E.  Counsel may file for admission pro hac vice in accordance with the Texas Government Code. Once a pro hac vice admission is granted for counsel, such counsel may participate in any MDL proceeding. Admission of an attorney pro hac vice does not extend to the trial of the underlying action following remand. Moreover, a pro hac vice motion is not mandatory for the use of out-of-state attorneys who appear on behalf of a party at a deposition taking place in a state other than Texas.

F.  Telephone hearings are encouraged and may be scheduled with the Coordinator of this Court. The party requesting the hearing shall arrange for a dial-in telephone conference and provide notice and the dial-in number to all known parties.

G.  Any attorney may designate one or more e-mail addresses (limited to 5) for purposes of service. Such designation(s) shall be made on the master service list referenced in Section VI.C. Whenever service or notice is permitted by e-mail by this Order, such service shall be to the e-mail address provided. The e-mail shall state the lead plaintiff, the cause number, the law firm representing the plaintiff and give a brief description of any attachments to the e-mail. The "subject" line of the e-mail shall include the phrase "MDL Service" in all circumstances.

VII. **Miscellaneous Provisions.**

    A. By appearing, each Defendant is deemed to have pleaded all issues of contribution as to all of the Defendants without the necessity of a separate cross-action. Defendants must separately plead any indemnity claims against co-Defendants. Each Defendant is also deemed to generally deny any cross-claim filed against it without further pleading.

    B. Whenever a Defendant is nonsuited, dismissed, or in any way released from an asbestos case by a Plaintiff, any cross-claim, counterclaim or other claim for contribution brought by a co-Defendant against the Defendant being nonsuited or dismissed is automatically deemed dismissed without further order of the Court, unless a party files a written objection to the dismissal of that cross-claim or counterclaim within thirty (30) days from the party's dismissal or nonsuit by the Plaintiff, or as soon as possible if within thirty (30) days of trial.

    C. This Court may permit alternative dispute resolution, if the parties mutually agree to participate. The Trial Court will not order alternative dispute resolution without the consent of the pre-trial court.

    D. For monthly hearings and other matters, parties are encouraged to utilize teleconferencing, to the extent such technology is available and will facilitate convenience.

    E. Should any hearing be canceled by agreement of the parties directly involved in the hearing, including the movants, parties joining motions to be heard, and any respondent, shall not be required to seek agreement from all parties to a particular case to cancel the hearing.

    F. The filing of a tag-along notice of transfer by any party will be deemed a filing on behalf of all parties in that lawsuit.

    G. Unless specifically addressed in this Case Management Order, the Texas Rules of Civil Procedure will govern all deadlines.

    H. Except for the trial date, any other deadline may be amended by agreement.

    I. Cases filed after May 24, 2004 are not eligible for Fast-Track status if Plaintiff is not or never has been a resident of the State of Texas, except for good cause shown.

## VIII. Termination of Transfer.

The purposes of transfer of individual cases shall be deemed "fulfilled" when either (1) this Court has rendered a final and appealable judgment, or (2) this Court determines that pretrial proceedings have been completed to such a degree that the purposes of the transfer have been fulfilled or no longer apply.

SIGNED on the 20th day of July, 2004.

_____
THE HONORABLE MARK DAVIDSON