# Exhibit A



Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1991 WL 94083 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Briefs and Other Related Documents
Brooks v. SingletaryN.D.Ill.,1991.Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Billy J. BROOKS, Plaintiff,
v.
Jimmy SINGLETARY, et al., Defendants.
**No. 88-C-2865.**

May 24, 1991.

*MEMORANDUM OPINION AND ORDER*
JOAN B. GOTTSCHALL, United States Magistrate Judge.
**\*1** This matter is before the court on plaintiff's motion to compel and for sanctions. For the reasons set forth below, the motion to compel is granted and the motion for sanctions is denied.

BACKGROUND

Plaintiff Billy J. Brooks originally filed this lawsuit complaining of a violation of his Eighth Amendment rights while an inmate at the Stateville Penitentiary ("Stateville"). Later, the complaint was amended to add a claim that officials at Stateville and at several other state correctional institutions retaliated against plaintiff for having sought redress in the federal courts. This first amended complaint, which incorporates the retaliation claim as Count II, was filed on April 2, 1989.

The actions giving rise to the retaliation claim are also the subject of a number of other lawsuits in the Southern District of Illinois and the Central District of Illinois. Because of these other lawsuits, Count II of the first amended complaint was ultimately dismissed on October 24, 1990. This dismissal was predicated not on an assessment of the merits, but on a determination that plaintiff's retaliation claims should be tried in the districts where plaintiff's other lawsuits were pending.[FN1] Bearing in mind that Count II was part of this lawsuit from April to October 1990, the court considers the history of this discovery dispute.

The chain of events culminating in the present motion began when plaintiff sought to obtain compliance with three records subpoenas. Two of the subpoenas, directed to records custodians at Stateville, sought plaintiff's medical records and "[a]ll records regarding Billy J. Brooks, N-28382, including but not limited to the master file, disciplinary reports, counseling reports, psychiatric evaluations, and all other reports and evaluations regarding Billy J. Brooks." Plaintiff's Reply to Defendants' Response to Motion for Sanctions ("Reply Brief"), Ex. A. The other subpoena, served on defendant Michael P. Lane, Director of Department of Corrections, ordered production of "[a]ll records regarding Dwight Nevens and Jimmy Singletary, including but not limited to all evaluations, personnel files, disciplinary reports and complaints, investigations, recommendations, and all reports concerning Dwight Nevens' and Jimmy Singletary's employment history." Reply Brief, Ex. B. All three subpoenas bear return dates in January 1990, before the amendment of the complaint. At that point in time, only incidents at Stateville were at issue.

On February 14, 1990, plaintiff moved to compel compliance with the subpoenas and for sanctions. The motion was brought against the Illinois Department of Corrections ("DOC"). In that motion plaintiff alleged that the materials produced pursuant to the subpoenas were incomplete. Among the problems encountered, defendants had refused to produce plaintiff's psychiatric evaluations. The materials concerning defendant Singletary were also incomplete, as evidenced by defendants' failure to disclose or to produce materials concerning a lawsuit brought by Singletary against DOC. Judge Grady granted in part the motion to compel [FN2] and he denied plaintiff's motion for sanctions. Although the record before this court does not contain a transcript of the February 14 hearing, the parties agree that defendants were directed to submit an affidavit attesting that the production requested by the subpoenas was complete.

**\*2** Subsequently, the parties entered into a protective order concerning DOC's personnel records and DOC tendered two affidavits attesting to the authenticity of records produced pursuant to all three subpoenas. Reply Brief, Exs. C and D. In a letter of May 4, 1990, counsel for plaintiff expressed his belief that the affidavits were inadequate, as they did not attest

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1991 WL 94083 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

that all relevant records held by the DOC had been produced. Reply Brief, Ex. E.

At a status hearing of May 8, 1990, plaintiff advised Judge Grady that defendants had not provided the affidavit required under his February order. The following colloquy between the court, counsel for plaintiff (Mr. Kriss) and counsel for defendants (Mr. Zimmermann) took place:

MR. KRISS: ... We believe that we are entitled to an affidavit that simply says we have made a reasonable search of our files, of all files that are reasonably expected to contain responsive documents, you have them.

We brought this to the attention of the defendant's counsel, and we just have no commitment on that.

MR. ZIMMERMANN: Judge, I think we can do that, it is just the matter that the institutions have several files.

THE COURT: That is the point.

MR. KRISS: That is the point exactly.

MR. ZIMMERMANN: It is just a matter of making sure that they do search them all. I can't make that representation that they have-

THE COURT: I think it would even be better rather than to the affidavit in conclusory terms, have them specify what files they have checked.

MR. ZIMMERMANN: I agree, your Honor.

THE COURT: They can further state those are the only files that would be likely to contain any relevant information.

MR. KRISS: That would be helpful.

THE COURT: This is not a matter of distrusting anybody, but it is a job sometimes to get all the documents, and plaintiff is entitled to know that a sincere effort has been made.

Transcript of Proceedings before the Honorable John F. Grady, May 8, 1990 at 2-3.

At that hearing counsel did not address the fact that the underlying subpoenas of plaintiff's prison records were directed only to the records custodian at Stateville. From Mr. Zimmermann's reference to "institutions," however, one might surmise that records were also being searched at institutions other than Stateville. The lack of specificity in the record is problematical because by that time, the amended complaint, with its allegations concerning other institutions, had recently been filed. Regarding the new discovery necessitated by that amendment, counsel for plaintiff simply stated that "we are currently in the process of trying to complete the paper stage of discovery, interrogatories, document request." Transcript of May 8, 1990 at 2. From the transcript one cannot ascertain whether there had been problems with new requests for discovery from other institutions.

The minute order of May 8, 1990, states that "defendant is to file a discovery affidavit within 14 days." Admittedly, that affidavit was not filed. On July 11, 1990 plaintiff moved to compel DOC to file the affidavit and to produce the documents previously requested. At that time, Judge Grady referred the discovery issues raised by plaintiff's motion to this court. [FN3] There was no ruling on the issue of the affidavit.

**\*3** The question of the affidavit was brought to this court's attention at a September 5, 1990 hearing on plaintiff's renewed motion to compel. At that time, this court ordered the parties to hold a discovery conference within a short time frame. The court also determined that documents from correctional institutions other than Stateville and from administrative offices within the DOC were relevant and should be produced.

At the discovery conference of September 27, 1990, DOC staff attorney Katherine Novak ("Novak") described her efforts to assemble these documents responsive to plaintiff's requests.[FN4] These efforts to secure records from institutions other than Stateville were admittedly not made until after the September 5 hearing. Nor were records sought with respect to defendant Nevens, Novak being of the belief that Nevens' involvement in this lawsuit was not significant.

This court has carefully reviewed the transcript of the parties' discovery conference and the description by Novak of her efforts to locate relevant records. Besides acknowledging that certain voluminous chronological or "chron" files were not searched, Novak also stated that she did not personally search the files of each institution. Instead, she relied on litigation coordinators and other prison personnel to search files designated by her for records relating to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                               Page 3
Not Reported in F.Supp., 1991 WL 94083 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

plaintiff and defendant Singletary. The files searched were, however, normally designated by Novak. At the time of the discovery conference, some information so assembled was already in the possession of Assistant Attorney General John Zimmermann ("Zimmermann"), counsel of record for defendants. At numerous points in the conference, Zimmermann or Novak promised that the documents would be turned over to plaintiff in the near future. Novak further promised to submit a number of statements attesting to the availability of documents or to her efforts to procure them. The record indeed contains many promises to follow up on plaintiff's requests.

The conference terminated with the following exchange between plaintiff's attorney and Novak:

Mr. von Schleicher: Okay. As a final follow-up question, are there any documents that exist that we have not talked about here, regarding Singletary, Nevens, and/or Brooks, that have not been produced or that you represented will not soon be produced in the near future, other than those in the chron file, and the warden's chron file, and those at IYC, Joliet, in the individual youth inmate files?

Ms. Novak: Not that I am aware of, or I don't believe I ever represented that I checked on Nevens. I did indicate that I would check on files regarding him, but I-to this date, I have not.

Transcript of Proceedings of September 27, 1990 ("Tr.") at 175-176.

As is the case throughout the entire transcript, Novak's attitude appears cooperative. At several points, plaintiff's counsel expresses concern that additional documents might be found in the chronological file, but he does not demand access to those files. For instance, although the chronological files are kept by date, there is no request for information pertaining to specific dates.

**\*4** In this court's view, the bad faith of which plaintiff complains is simply not apparent on the record of the discovery conference. Indeed, the court has observed only one point at which plaintiff's counsel specifically indicates that defendants' representations concerning DOC records are not true. At that point, plaintiff's counsel asked about a "desk file" that was kept in a drawer of Stateville's warden's desk. Tr. at 61. In response, defendants' attorney responded that he had not asked each of the individual defendants (as opposed to DOC) whether they had in their possession documents concerning plaintiff. Tr. at 62. Plaintiff cites this answer as proof of misconduct, but he has not demonstrated that he served requests for production on the individual defendants. While counsel's very narrow interpretation of discovery requests is perhaps overly rigid, this court cannot conclude that counsel's uncompromising position rises to a violation of court order. The only clear violation of a court order is the failure to produce a "discovery affidavit" within 14 days of May 8, 1990.

On the present record, this court is unable to determine the extent to which discovery matters remain unresolved. Although the transcript of the discovery conference indicates that there should have been a good deal of follow-up, plaintiff's supplemental brief points to only one deficiency in the production after the discovery conference. Thus, plaintiff alleges that "Mr. Zimmermann still has responsive documents and two videotapes in his office, stored there for several months now, but has failed to produce them despite his assurances to do so." Reply Brief at 7. While the videotapes are among the forthcoming production discussed at the discovery conference, plaintiff has not complained of failure to produce any other of the items promised at the conference. Given this lack of specificity, one can only speculate as to other items improperly withheld.

Overall, this court cannot conclude that an award of sanctions is appropriate. DOC did not produce a discovery affidavit within 14 days of May 8, but it did produce documents from other institutions after this court explicitly found them to be relevant. While this court in no way condones defendants' practice of very narrowly interpreting and responding to plaintiff's discovery requests, the record suggests that plaintiff has attempted orally to expand the scope of document production in this case. Plaintiff bases his argument on deposition subpoenas, but argues that the scope of discovery was expanded by comments made orally at status hearings. Although the scope of discovery requested is often expanded in this way, a litigant seeking to enforce a court order must present a record that makes the scope of the order clear. The necessary clarification not having been provided in this case, at most this court can find that DOC has failed to provide some form of affidavit. Given the uncertainty surrounding the type of affidavit to be submitted, and in view of the other indications of defendants' subsequent compliance with discovery, this court considers sanctions to be inappropriate at this point in time.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1991 WL 94083 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

**\*5** Nonetheless, there remain several matters to be resolved. First, the court orders DOC to produce within 10 days of this order any materials promised at the discovery conference, but which have not yet been turned over to plaintiff.[FN5] Second, plaintiff is entitled to an affidavit specifying all the sources checked in DOC's search for relevant documents concerning plaintiff, Singletary and Nevens. Said affidavit should also specify any sources such as the chronological files, which would be likely to contain relevant information but which have not been checked. That statement should explain the reasons why those sources were not checked and it should contain DOC's representation as to the completeness of the material produced. DOC is also ordered to provide, under protective order, addresses known to it at which one might contact its former employees listed in Plaintiff's First Set of Interrogatories-Interrogatory No. 1. Finally, DOC is ordered to allow plaintiff to inspect the originals of the illegible and obstructed documents listed in plaintiff's attorney's letter of September 24, 1990. *See* Defendants' Response to Plaintiff's Motion to Compel and for Sanctions, Ex. I. Defendants shall also provide written explanations of their reactions and their failure to produce the items listed on page 2 of plaintiff's attorney's letter of September 24, 1990. Unless otherwise specified, compliance with all the above orders is to be within 20 days of this decision.

CONCLUSION

For the reasons set forth above, plaintiff's motion to compel is granted, defendants' compliance to be on the terms set forth in the text of this memorandum opinion and order. Plaintiff's motion for sanctions is denied.

>    [FN1.] A second amended complaint has since been filed. Defendants' motion to dismiss that complaint is presently under advisement.
>
>    [FN2.] On the present motion, plaintiff contends that this was the second time Judge Grady ordered production of documents. The docket does not, however, reflect the earlier order, said to have been entered on February 1, 1990.
>
>    [FN3.] Judge Grady went on to consider a question of telephonic access to counsel, which had also been raised at the May 8 status hearing. Given the presence of this other more pressing issue, the parties may have devoted less attention to details of the affidavit issue than would otherwise be the case.
>
>    [FN4.] Novak was assigned to the case on August 21, 1990. Novak Aff. ¶ 3.
>
>    [FN5.] This production would include plaintiff's records from institutions other than Stateville, as information in those records might lead to the discovery of admissible evidence.

N.D.Ill.,1991.
Brooks v. Singletary
Not Reported in F.Supp., 1991 WL 94083 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 1:88cv02865 (Docket) (Apr. 18, 1988)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.