# Exhibit C



Not Reported in F.Supp.2d
Page 1
Not Reported in F.Supp.2d, 2004 WL 1080155 (W.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Malone v. Med Inn Centers of America, LLCW.D.N.Y.,2004.Only the Westlaw citation is currently available.

United States District Court,W.D. New York.
Darrell A. MALONE, Individually and Sharon Malone, as wife of Darrell A. Malone, Plaintiffs,
v.
MED INN CENTERS OF AMERICA, LLC, Defendant.
**No. 00-CV-0720E(SR).**

April 20, 2004.

Eugene Tenney, The Law Office of Eugene C. Tenney, Esq., Buffalo, NY, for Plaintiffs.
John Wallace, Quackenbush, Cessario & Hamlin, Buffalo, NY, for Defendant.

MEMORANDUM and ORDER [FN1]

FN1. This decision may be cited in whole or in any part.ELFVIN, J.

***1** Presently before the Court is defendant's motion, pursuant to Rules 26, 35 and 37 of the Federal Rules of Civil Procedure ("FRCvP"), to preclude Darrell A. Malone ("plaintiff") from offering certain evidence at trial due to his alleged failure to abide by its discovery demands. Defendant alternatively seeks an order conditionally granting its motion unless plaintiff responds to its outstanding discovery demands within twenty days. Finally, defendant seeks an Order compelling the plaintiff to submit to a vocational rehabilitation examination. Trial of this case is set to begin on June 7, 2004.

Familiarity with the facts of this case are presumed.[FN2] Plaintiff brought this action seeking to recover for injuries that allegedly occurred when he fell off of a ladder on a construction site. Plaintiff initially alleged in a February 6, 2001 verified bill of Particulars that he had sustained head injuries, loss of consciousness and lower and mid-back pain. Plaintiff claimed that these injuries are permanent. Thereafter, the parties proceeded with discovery. Subsequent to plaintiff's deposition on June 24, 2002, defendant served plaintiff with a June 26 letter demanding (1) authorization permitting defendant to obtain original radiographic films, x-rays, MRI films and other imaging studies of plaintiff's lower back for independent review by a medical physician, (2) complete copies of plaintiff's income tax returns together with any wage earnings statements, W-2 and 1099 forms for the years 1993 to the present and (3) an agreement by plaintiff to voluntarily appear for a vocational rehabilitation examination. Defendant subsequently sent several letters to plaintiff's attorney, Eugene C. Tenney, Esq., repeating such requests. Although it appears that plaintiff had initially agreed to some of defendant's requests, plaintiff did not fully comply therewith. When subsequent correspondences among the parties and the undersigned failed to resolve the dispute, defendant filed a motion to compel on February 28, 2003. The matter was submitted to Magistrate Judge Schroeder who issued a March 31, 2003 Order by which he (1) ordered plaintiff to provide defendant's examining physician with the pertinent original radiographic and MRI films, (2) ordered plaintiff to provide defendant with complete copies of his tax returns from 1993 to 1998,[FN3] (3) extended the discovery deadline to May 23, 2003 and (4) denied without prejudice defendant's motion to compel plaintiff to appear for a vocational rehabilitation examination pending resolution of plaintiff's decision whether to have additional surgery. *See* Docket # 50. Plaintiff subsequently served defendant, in April 2003, with an Amended Bill of Particulars, wherein he alleged additional injuries - to wit, injuries to his neck, shoulders and cervical spine. Defendant then served plaintiff with an April 21, 2003 Notice of Deposition in order to question him regarding the newly-claimed injuries. Thereafter, defendant sent numerous letters to plaintiff in effort to gain compliance with its discovery demands. Such efforts have apparently proven unsuccessful as plaintiff has failed to fully comply with either the defendant's discovery demands or Judge Schroeder's March 31 Order.

FN2. A more detailed recitation of plaintiff's allegations and claims in this case is set forth in this Court's October 6, 2003 Memorandum and Order by which the parties' motions for summary judgment were resolved. *See* *Malone v. Med Inn Ctrs. of America, LLC,* 2003 WL 23351811 (W.D.N.Y.2003).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN3. Judge Schroeder subsequently modified such Order so as to permit plaintiff to provide W-2 statements, rather than his complete tax returns, for the period from 1993 to 1998. *See* Docket # 62.

***2** In opposing the motion, Tenney concedes that most of defendant's discovery demands have not been met but explains that such failures are chiefly attributed to the fact that the plaintiff resides in Texas.[FN4] With regard to plaintiff's earnings for the years 1993-1998, Tenney contends that he has already provided defendant with plaintiff's W-2 statements for the years 1995-1998. Finally, Tenney argues that defendant is not entitled to conduct a vocational rehabilitation examination of the plaintiff. Tenney Aff. ¶ 11.

FN4. Although Tenney asserted in his February 24, 2004 affidavit that he would attempt to disclose the relevant radiographic films to defendant, defendant's counsel asserted at oral argument, on April 2, that he still had not received all of the original films that he had requested. With regard to plaintiff's deposition, Tenney asserts "[a]s soon as [he] can afford to come to Buffalo, the deposition can be taken by Defendant." Tenney Aff. ¶ 8.

A medical examination pursuant to FRCvP 35 may be obtained if the "physical condition * * * of a party * * * is in controversy" and the movant can show "good cause" for its necessity. FRCvP 35(a); *see also* Schlagenhauf v. Holder, 379 U.S. 104, 118-119, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) (discussing FRCvP 35(a)'s "good cause" requirement). "A plaintiff in a negligence action who asserts mental or physical injury * * * places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf,* at 119 (internal citation omitted). Defendant has shown good cause for the need to conduct a vocational rehabilitation examination of the plaintiff. Plaintiff's physical condition has been placed in controversy. According to his Expert Disclosure, plaintiff has retained Ronald R. Reiber, Ph.D., an economist who intends to testify regarding plaintiff's lost earnings. In particular, Reiber has calculated that plaintiff has lost future earnings in the amount of $956,882. *See* Pl.'s Ex. K. Defendant argues that plaintiff will claim that his injuries have caused him to be totally and permanently incapacitated inasmuch as such amounts are not offset by alternative earnings. Plaintiff does not dispute defendant's assertions. Thus, the Court finds that defendant has made the requisite showing pursuant to FRCvP 35(a) [FN5] and its motion to compel plaintiff to submit to a vocational rehabilitation examination will be granted.

FN5. Defendant's expert, Alan Winship, C.R.C., qualifies as a "suitably licensed" examiner under FRCvP 35(a) inasmuch as he is a Certified Rehabilitation Counselor with more than twenty-five years of relevant experience. *See* Pl.'s Ex. L.

With regard to the other outstanding discovery issues, although the Court will not order the preclusion of evidence at this time due to the drastic nature of such a remedy,[FN6] the Court hereby advises plaintiff that failure to comply with this Order may result in such a sanction. With a trial date set for June 7, there is still time to remedy the situation.

FN6. *See Amer. Stock Exch. v. Mopex, Inc.,* 215 F.R.D. 87, 93 (S.D.N.Y.2002) ("Preclusion of evidence is generally a disfavored action."); *see also Ward v. Nat'l Geographic Soc'y,* 2002 WL 27777, at *2 (S.D.N.Y.2002) (describing preclusion as a "drastic remedy" and as one that should be imposed only in rare cases where a party's conduct represents flagrant bad faith).

Accordingly, it is hereby ORDERED that defendant's motion for preclusion is denied without prejudice, that defendant's motion to compel is granted and that plaintiff, Darrell A. Malone, shall submit to a vocational rehabilitation examination before Alan Winship, C.R.C., at Winship Rehabilitation Inc., 60 Innsbruck Drive, Cheektowaga, N.Y., 14227, on or before May 21, 2004, that plaintiff shall appear for a deposition at the Law Offices of John J. Quackenbush, Jr., 60 Lakefront Boulevard, Suite 102, in Buffalo, N.Y ., on or before May 21, 2004, and it is further

***3** ORDERED that plaintiff shall provide the following to defendant within 30 days of the filing of this Order: (1) any outstanding original radiographic films, x-rays and MRI films, (2) plaintiff's W-2 statements for the years 1993 and 1994 and verification that such statements, as well as the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Page 3
Not Reported in F.Supp.2d, 2004 WL 1080155 (W.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

statements for 1995 through 1998, are complete listings of all wages earned by plaintiff over that time period and (3) complete responses to defendant's specific inquiries regarding plaintiff's expert, Dr. Ronald R. Reiber, - *viz.*, specificity with respect to Dr. Reiber's calculations regarding plaintiff's purported loss of household services and the names of the cases in which he has testified as an expert at trial or by deposition in the proceeding four years -, and it is further

ORDERED that failure to comply with any part of this Court Order may result in sanctions against the plaintiff, including an Order precluding the use of such evidence at trial.

W.D.N.Y.,2004.
Malone v. Med Inn Centers of America, LLC
Not Reported in F.Supp.2d, 2004 WL 1080155 (W.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00720 (Docket) (Aug. 21, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.