# Exhibit D



Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1989 WL 99744 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Murphy v. U.S.N.D.Ill., 1989.Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Edward Murphy, Plaintiff,
v.
UNITED STATES of America, Defendant.
**No. 87 C 5731.**

Aug. 14, 1989.

MEMORANDUM OPINION AND ORDER
PARSONS, District Judge.
*1 The plaintiff, one Edward Murphy (who is now being represented by his widow, Antoinette Murphy, as special administrator of his estate), filed a motion for a rule to show cause against his former attorney, one Carl F. Schroder. In his motion the plaintiff asks this court to find Attorney Schroeder in contempt of court if Schroeder continues to refuse to turn over to plaintiff's new counsel certain medical records and x-rays plaintiff had personally or through counsel obtained from the defendant, the Veteran's Administration (V.A.).

Attorney Schroeder asserts that this court lacks personal jurisdiction over him in this matter. He acknowledges that he has the requested records but that he is keeping them under an attorney's lien for fees and expenses, this in accordance with Illinois law. Sanders v. Seelye, 128 Ill. 631, 21 N.E. 601 (1889). He further contends that even if inpersonam jurisdiction can be established over him, his possession of the plaintiff's medical records is lawful because of Illinois' recognition of the common law attorney's lien.

I. FACTS

The plaintiff, Edward Murphy, is a veteran who was treated at the Hines V.A. Hospital in Chicago (Hines) for injuries he allededly received at a local tavern called Lee-Vi's. Plaintiff claims that he received negligent and careless medical care while he was treated at Hines. It is further alleged that he received permanent injury as a result of the negligence for which he has brought suit.

Plaintiff first retained the aforementioned Attorney Carl F. Schroeder in pursuing the claims against Hines. The hospital loaned to Mr. Murphy the x-rays and records related to his injury and he delivered them to Attorney Schroeder who was to use them to prepare the plaintiff's case. These x-rays and hospital records may be more than mere copies. There is some indication that they are the originals. These presumed originals have remained in Attorney Schroeder's possession even until this present time.

Shortly following the receipt of the physical possession of the plaintiff's medical records by Schroeder, the plaintiff and Schroeder discontinued their attorney-client relationship. Soon thereafter, plaintiff retained new counsel, an attorney named Frank J. Mackay. When Mackay filed this case and requested to recover the Hines medical records from Schroeder, Schroeder refused to turn them over, stating that he, Schroeder, had not been compensated for the work he had performed and for the expenses he had incurred in his pursuit of the case, and that he would not return the records until he had been reimbursed and paid.

Mackay then served Schroeder with a discovery, non-testimonial subpoena duces tecum in this case. He did this in an attempt to force Schroeder to return the documents. He did not need Schroder as a witness. Schroeder, however, again refused to comply, alleging, as mentioned previously, that the court has no jurisdiction over him; and that he has, in any case, a valid attorney's lien on plaintiff's medical records.

*2 The return of a rule to show cause for failure to obey the subpeona was set down on a date certain before the court. Schroeder appeared at the hearing, but first informed the court by letter, that, while he was making himself available to answer any questions, his appearance was voluntary and did not constitute any act of obedience to the subpoena.

The plaintiff, through his new counsel, now challenges Schroeder's refusal to comply with the subpoena, asserting that the court has established jurisdiction over Schroeder, both by way of the subpoena; and by way of Schroeders' voluntary appearance at the subpoena hearing. Plaintiff also says that Schroeder cannot, as a matter of law, have a common law attorney's lien on plaintiff's medical records.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1989 WL 99744 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

## II.  POWER OVER SCHROEDER

### A.)  Subpoena

During the course of discovery in a case before it, a federal court may obtain in personam jurisdiction over a third party by his being served by one of the parties to the case with a valid deposition subpoena. This procedure is provided for by the Fed. R. Civ. P. 45(a) and (b), which allow a non-party, such as Schroder, when being deposed pursuant to the deposition subpoena, to be ordered to produce documents for inspection and copying. Nowhere in the rule, however, is it stated that documents can be subpoened alone, that is, without requesting their production in conjunction with a deposition or a trial. Turner v. Parsons, 596 S. Supp. 185, 186 (E.D. Penn. 1984). Further research by this court indicates that nearly all of the recently reported decisions support this interpretation. Bowers v. Buchanan, 110 F.R.D. 405 (S.D. W. Va. 1986); See Ghandi v. Police Dept. of City of Detroit, 74 F.R.D. 115 (E.D. Mich. 1977); U.S. v. Inernational Business Machines Corp., 71 F.R.D. 88 (S.D. N.Y. 1976); McLean v. Prudential S.S. Co., 36 F.R.D. 421 (E.D. Va. 1976); Newmark v. Abeel, 106 F. Supp. 768 (S.D. N.Y. 1952). (This court understands that revision of Rule 45 is under consideration by a committee of the Judicial Conference of the United States in order to correct this weakness in its provisions.)

The court in Bowers suggested the following motivation for the propostion that a subpoena duces tecum is limited to use in conjunction with a deposition or trial:
One reason for the restrictive interpretation is the potential for abuse of the subpoena. The subpoena invokes the power of the Court and, therefore, has the capacity to disrupt the lives of non-parties. A procedure which allowed parties to send out subpoenas duces tecum at will could result in a form of one-sided discovery. In this vein, the requirement that a notice of deposition be filed prior to issuance of a deposition subpoena duces tecum serves as a brake on runaway use of the instrument. Likewise, the practical requirements of trial have a natural depressant effect on the overzealous use of subpoenas and can weed out marginal utilization.

Bowers, 110 F.R.D. at 406.

**\*3** Here, however, plaintiff is intereted solely in the production of documents. This limited interest was stated on the subpoena. Since the subpoena duces tecum was issued without its serving as a subpoena ad testificandum, the subpoena's command is silent as against the person of Schroeder. This court has not acquired in personam jurisdiction over Schroeder himself by way of this subpoena.

### B.)  Appearance

As mentioned in the previous section, the plaintiff asserts that even if the subpoena was defective, Schroeder waived any objections he may have had to those defects in the subpoena duces tecum when he appeared voluntarily at the subpoena hearing. The question therefore remains whether Schroeder's appearance, despite his expressed intent not to be subjected to the court's jurisdiction, constitutes, as a matter of law, a waiver of the subpoena's infirmity for the limited purpose of document production.

It is well established that subpoena defects can be waived by an appearance before the court <u>if such appearance is made without objection to the validity of the subpoena.</u> Johnson v. Waters, 111 U.S. 640, 673 (1983) (emphasis added). The fact that Schroeder expressed his desire to remain outside the court's jurisdiction serves to negate any assertion that Schroeder waived his right to challenge the subpoena's defects. This court is constrained to find at this time, that Schroeder, by his personal attendance upon the court, did not submit himself to the court's jurisdiction.

## III.  THE X-RAY AND MEDICAL FILE IN QUESTION

While personal jurisdiction over Schroeder cannot be established by way of the non-testimonial duces tecum subpoena or by way of Schroeder's reserved appearance before the court, it is unnecessary at the same time to address the validity of Schroeder's asserted attorney's lien. This is especially true considering the obligation that the defendant V.A. hospital has to retain to itself documents and records of the patient. For the purposes of not only protecting the patient but protecting itself, the governing bodies have set forth various regulations involving the retention of records. See Veterans Administration Department of Medicine and Surgery, Veteran Administration Records Control Schedule

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1989 WL 99744 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

10-1 (1988) (hereinafter RCS 10-1). In fact, as a matter of enforcement, those governing bodies have set forth not only financial penalties for violations of the regulations, but have set forth criminal penalties as well. See 44 U.S.C. § 3106; see also, 5 U.S.C. 552a. At this time, and for these reasons, I observe that it is unnecessary for the plaintiff to seek from the first attorney copies of the medical records obtain from the defendant V.A., when the plaitniff can, by use of discovery under Rule 34, cause the defendant, the V.A. itself, to produce copies of the x-rays and medical records.

It must be recognized at the outset, and of this the court takes judicial notice, that it is a generally accepted rule that a hospital's medical records are owned by the hospital, subject to the patient's interest in the information contained in the records. See Joint Commission on Accreditation of Hospitals, Accreditation Manuals for Hospitals 83 (1984). While it is recognized that the medical records are owned by the hospital, the patient generally has a right to review his or her records. Id. However, it is essential that the hospital have an effective procedure for safeguarding medical records, not only to protect the patient, but to prevent intentional alteration or falsification of records by hospital staff or by an individual who intends to file a personal injury claim against a practitioner or the hospital, or otherwise use the records in an unlawful manner. See W. Roach, S. Schernoff & C. Esley, Medical Records and the Law 71 (1985). As owners of the medical records and x-rays, it is the V.A. hospital's responsibility to establish safeguards against the removal or loss of records. 44 U.S.C. § 3105. The authority for such maintenance and preservation of records for the V.A. hospital, in particular, is set forth in 38 U.S.C. § 210(c)(1) and 38 U.S.C. ch. 17. It is from these statutes that the actual regulation manual for the V.A. hospital is created (RCS 10-1).

**\*4** The regulations set forth in RCS 10-1 require the V.A. to retain the originals of medical records[FN1] for several years. Under the RCS 10-1 regulations it is stated that medical record folder files have an overall retention period of 75 years. RCS 10-1, § XXII, Item No. 136-5. This provision states that record folders are to be retained at the medical facility for 3 years after the last period activity. After 3 years of patient inactivity, the medical record folders are separated into perpetual medical records (this applies to certain prescribed portions of the records which are selected out and placed in an envelope labeled 'Perpetual Medical Record') and inactive medical records. Inactive records are retired to the servicing Federal Records Center. The perpetual medical records are to be maintained for the remaining 72 years at the medical center. If the inactive records are not recalled to the sending facility (for reactivation due to readmission of the patient or for other reasons) they will be destroyed after 72 years from the date of transfer (75 years from the date of last episode of care).

It is obvious from the regulations that the V.A. has a responsibility to retain the plaintiff's recordrs, if not at the medical center, at the Federal Records Center. If it has, in fact, given away the original copies of the records in question, it should have retained, at least, copies of the originals. However, if the V.A. did not retain some form of the documents, it is in a position to implead Attorney Schroeder and seek an order compelling him to return to it the copies he has in order that it can comply with this court's discovery order. Fed. R. Civ. P. 14(a).

CONCLUSION

Petitioner's motion to show cause is stricken for these reasons: (1) This court does not acquire sufficient jurisdiction over Attorney Schroeder by virtue of the Rule 45 subpoena served upon him to order him to surrender the documents he is withholding since his appearance before the court was limited to contesting jurisdiction; and (2) it is unnecessary for the plaintiff to seek from him copies of the medical records of the defendant V.A., since plaintiff can by use of discovery under Rule 34, cause the V.A. itself to produce copies of the documents. In view of the foregoing, the current motion to show cause is moot and the same therefore is striken. The clerk is directed forthwith to set this case for a hearing on the status of pre-trial discovery at a convenient date and time at least 30 days hence. In the meantime, the court will hear any emergency motion of either of the parties when noticed up pursuant to our local rule. And it is so ordered.

> FN1 44 U.S.C. 6602 defines records, in part, as including 'all books, papers, maps, photographs, or other documentary materials, regardless of physical form of characteristics, made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency . . . as evidence of the organization,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 4
Not Reported in F.Supp., 1989 WL 99744 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

      functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of data in them.'

N.D.Ill., 1989.
Murphy v. U.S.
Not Reported in F.Supp., 1989 WL 99744 (N.D.Ill.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.