# Exhibit G

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1997 WL 833168 (D.Kan.)
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents
Weaver v. EvansD.Kan.,1997.Only the Westlaw citation is currently available.
United States District Court, D. Kansas.
Regina WEAVER, Plaintiff,
v.
Gerald D. EVANS, Defendant.
**No. 97-1138-FGT.**

Dec. 10, 1997.

MEMORANDUM AND ORDER
REID, Magistrate J.
**\*1** On October 29, 1997, defendant filed a motion for an order for production of medical records (Doc. 24-25). A response was filed on November 14, 1997 (Doc. 32), and a reply brief was filed on December 1, 1997 (Doc. 38).

When a party makes their medical condition an element or factor of their claim or defense, that party has completely waived the physician-patient privilege and all medical records of that party are relevant and discoverable. *See Lake v. Steeves,* 161 F.R.D. 441, 441-42 (D.Kan.1994). There is no dispute that plaintiff has placed her medical condition in issue in this case. The sole issue raised in this motion concerns defendant's desire to obtain the original x-rays from medical providers for examination. Plaintiff's concern is that allowing the original x-rays to be removed from the medical provider would create a risk of unintentional damage or loss to those x-rays.

As with any documents that are sought in discovery, courts do not generally require that the original copies be turned over to the custody and control of the other party. It has generally been deemed sufficient to make documents available for inspection and copying. The court can see no reason to depart from that general practice in this case. Defendant can personally inspect the original x-rays at the business location of the medical providers. In addition, the defendant can request that a copy be made of the x-rays. This will allow the defendant the discovery that he is entitled to while allowing the original x-rays to remain with the medical provider, where they should properly be maintained for purposes of present and future medical care of the plaintiff.

IT IS THEREFORE ORDERED that defendant's motion for an order for production of medical records (Doc. 24) is granted in part. Defendant shall prepare an order for the signature of both counsel as set forth in Exhibit A of Document 25, except that the order shall reflect that x-rays shall be made available for inspection by attorneys of record and/or designated representatives of the parties in this case, and that copies of the x-rays may be obtained at the expense of the party requesting such reproduction.

The second motion before the court is defendant's motion for production or duplication of employment, personnel and payroll records of the plaintiff, filed on October 29, 1997 (Doc. 26-27). A response was filed on November 14, 1997 (Doc. 33), and a reply brief was filed on December 1, 1997 (Doc. 39).

Plaintiff's complaint alleges that because of the negligence of the defendant, she claims that she has suffered lost wages and will lose

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1997 WL 833168 (D.Kan.)
**(Cite as: Not Reported in F.Supp.)**

wages in the future. Thus, plaintiff has placed in issue in this case her past, present, and potential future employment and employability. This court has always taken a very liberal position in regards to discovery. *Gheesling v. Chater,* 162 F.R.D. 649, 650 (D.Kan.1995). Plaintiff argues that the discovery request is overly broad, amounts to an invasion of her privacy, and could hinder her efforts to obtain future employment. Given the very broad parameters of discovery, the court does not find the request to be too broad. While the request does invade her privacy and theoretically could impact her efforts to obtain future employment, whatever privacy concerns the plaintiff may have have been waived when she filed a lawsuit and claimed lost wages in the past and lost wages in the future. With this claim, defendant should reasonably be allowed to probe plaintiff's employment history and records in order to determine for themselves what impact, if any, this accident may have had in the past and in the future on her ability to work and the wages she may have been able to earn but for the accident. Plaintiff simply cannot have it both ways. She can't bring a lawsuit claiming lost wages, but at the same time bar or limit the defendant's ability to examine her employment history in order to determine the impact of the accident on her ability to earn income. Any privacy concerns raised by plaintiff can be adequately protected by means of a protective order agreed to by the parties.

**\*2** While technically defendant can issue subpoenas to the past, present, and potentially future employers based on a list of such employers provided by the plaintiff, plaintiff would be well advised to agree to an order for the production of employment records. First, an agreed order could contain language limiting the use, access to, and dissemination of such records. Second, it is the common practice of counsel in this court to agree to such language for employment records when they are in issue in the case. The court can see no reason why counsel in this case cannot reach such an agreement. If such an agreement cannot be reached, then defendant would be entitled to issue subpoenas. However, the information provided by those subpoenas would not be subject to any protective order.

IT IS THEREFORE ORDERED that defendant is entitled to the employment records of the plaintiff (Doc. 26). Counsel shall attempt to reach agreement on an order for production of those records. If counsel cannot reach an agreement, then defendant may issue subpoenas for the production of those records.

The last motion before the court is defendant's motion for a 45 day extension of time to name his experts, filed on December 1, 1997 (Doc. 40). This court has established a policy whenever changes are sought in any of the deadlines established in a scheduling order entered in the case. Whenever counsel in a case file a motion to extend one or more deadlines set forth in the scheduling order, they will be required to indicate in the motion exactly how much additional time is being requested, and what other deadlines in the scheduling order will be impacted by the proposed extension(s). If other deadlines will be impacted, then the motion should set forth what modifications are requested for those deadlines. If other deadlines will not be impacted by the motion, that should be stated in the motion. Prior to filing any motion for an extension of time, counsel will be required to consult with opposing counsel regarding the proposed extension(s) and what modifications are proposed, if any,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1997 WL 833168 (D.Kan.)
**(Cite as: Not Reported in F.Supp.)**

regarding other deadlines in the scheduling order. The position of opposing counsel must be set forth in any motion for extension of time. Since these guidelines have not been followed, the motion will be denied without prejudice. In addition, the court will not entertain any motion for additional time that requests that they have so many days after some other event has occurred. A definite date must be proposed by the party seeking the additional time.

IT IS THEREFORE ORDERED that the motion for extension of time (Doc. 40) is denied without prejudice.

Copies of this order shall be mailed to counsel of record for the parties.

D.Kan.,1997.
Weaver v. Evans
Not Reported in F.Supp., 1997 WL 833168 (D.Kan.)

Briefs and Other Related Documents (Back to top)

• 6:97cv01138 (Docket) (Mar. 27, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.