# Exhibit H

115. United States District Court
Southern District of Texas
ENTERED
JAN 2 6 2004
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| SILICA PRODUCTS LIABILITY | § | MDL Docket No. 1553 |
| LITIGATION | § | ALL CASES |
| | § | |

*Order 5A*

### ORDER FOR ESTABLISHMENT OF DOCUMENT DEPOSITORIES AND ELECTRONIC BULLETIN BOARD

It is ORDERED:

1. **Establishment of Depositories.** Subject to the instructions in Order 4, a document depository shall be established in Corpus Christi, Texas. This depository will contain equipment for producing copies and separately counting the copies that are made for each party.

    The Custodian of the Document Depository, the Law Offices of Mikal Watts ("the Custodian") shall prepare and maintain a Summation Database of all documents placed in the Depository.

2. **Establishment of Electronic Bulletin Board.** The Custodian, Lead, Liaison and Steering Committee Counsel for Plaintiffs and Defendants are directed to meet and confer for the purpose of establishing an informational electronic bulletin board capable of being accessed by computer to obtain notices, announcements, discovery requests, and Court orders relating to proceedings and events in this litigation and also to provide electronic versions of transcripts of status conferences, orders, cases, opinions, schedules of

depositions, and some or all of the materials filed with the document depository. Counsel may recommend, by motion, that a portion of the bulletin board be accessible only to counsel for plaintiffs, counsel for defendants, or both. Any limitations, however, should be restricted to (1) matters that represent the work product of attorneys for plaintiffs or defendants and are not otherwise available to other persons, and (2) matters that are confidential under a protective order issued by this court. The bulletin board should be established so that it is compatible with most communications software, with a view toward making it publicly available.

A.  All service of motions, discovery requests, and Court orders shall be made by Liaison Counsel via the website or approved e-mail substitution. Each counsel will be provided a password for access and each is ordered to check the website once per week. One Liaison Counsel for Plaintiffs and one Liaison Counsel for Defendants will be appointed to post this information to the website. Each Liaison Counsel is ordered to check weekly with the United States Clerk's Office in Corpus Christi, Texas to add any new counsel to the service website.

B.  Counsel using computers to prepare documents sent to the clerk or to the judge's chambers are asked to retain computer-readable text files of these documents. The

court contemplates that procedures will be established for maintaining an electronic library and bulletin board of these files for quick and inexpensive access by other litigants and interested members of the public.

3. The Custodian shall make the Summation Database available, in the form of indices, on the MDL 1553 website. Neither documents produced by the parties nor depositions shall be accessible via the website.

4. All parties shall include with each submission of documents to the Depository an electronic index of the documents being submitted, and this electronic index shall be supplied in a comma-delimited ASCII format, unless the parties make other advance arrangements with the Custodian;

5. Prior to submitting documents for placement in the Depository, each party shall first determine whether the document has already been placed in the Depository. Insofar as it is practicable, the Depository Staff shall determine whether a submitted document is already in the depository, and if so, the duplicate document will be returned to the sender;

6. Counsel shall develop and use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation. All copies of the same document should ordinarily be assigned the same identification number. Any party desiring the placement of documents within

the Depository shall obtain an identification number from the Custodian prior to submitting documents for placement in the Depository;

7. Any party submitting documents to the Depository shall pre-mark the documents with "MDL 1553," the assigned MDL depository number, and a case name designation; and

8. Parties may submit documents to the Depository on DVD or CDRom. The depository will scan any document not previously scanned. The cost of scanning will be shared equally by the parties.

9. Existing English translations of all foreign-language documents shall be filed with the documents.

10. **Access, Copying, Log.** Counsel appearing for any party in this litigation and the staffs of their respective law firms working on these cases shall have reasonable access during business hours to each document in any such depository and may copy or obtain copies at the inspecting parties' expense. Such inspection shall not be subject to monitoring by any party. A log will be kept of all persons who enter and leave the depository, and only duplicate copies of documents may be removed from the depository except by leave of court. Access to, and copying of, confidential documents is subject to the limitations and requirements of the order protecting against unauthorized disclosure of such documents.

11. After the initial deposit of documents in the depository, notice shall be given to both Liaison Counsel of all subsequent deposits.

12. Once the procedures have been established, the Custodian shall provide the Court with a proposed Order governing the Depository Guidelines that will govern MDL 1553.

SIGNED and ENTERED on this the 23rd day of January, 2004.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE