IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| W.R. Grace & Company | ) |
| | ) Case No. 01-01139 JFK |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: December 5, 2006 at 8:30 a.m.** |

**JACOBS & CRUMPLAR, P.A.'S RESPONSE TO THE DEBTORS' NOTICE OF FAILURE TO REACH AGREEMENT AND REQUEST FOR ENTRY OF DEBTORS' PROPOSED PROTOCOL CONCERNING PRODUCTION OF CHEST X-RAYS OF ASBESTOS PERSONAL INJURY, PRE-PETITION CLAIMANTS WITH <u>NON-MESOTHELIOMA, MALIGNANT CLAIMS</u>**

**NOW COME** Plaintiffs, represented by the firm of Jacobs & Crumplar, P.A., and respond to the Debtors' notification of failure to reach agreement and proposed protocol concerning original x-rays.

1. Grace raises several items with respect to why it believes original x-rays must be provided. However, counsel herein urges that the decisions and orders that Grace has cited do not substantiate their claim. With respect to the order in *USG. Corp.* Case No. 01-2094 at 36 (D. Del. 2005), although the Court did order that x-rays should be produced, it was under normal rules of discovery which required the Debtors to come and view the originals. Plaintiffs' counsel has agreed to allow originals to be viewed at their offices or where a hospital has refused to provide originals to Plaintiffs' counsel, that the Debtors will have to go to the hospital to obtain visual inspection of the originals. It is an impossibility when hospitals outside of the jurisdiction of the Court where Plaintiffs have brought the action refuse to provide originals, for any of Plaintiffs' counsel to comply with Grace's alleged protocol. Plaintiffs urge that providing of copies is the intent of the opinion cited.

2. With respect to *In Re Silica Prods.Liab.Litig,* 298 F. Supp. 2d 563 (S.D. Tex. 2005) the x-ray production issue was by a consent motion and was basically an ability to withdraw whatever x-rays were in the MDL repository and not necessarily originals.

3. Grace also refers to *Malone v. Med Inn Centers of America*, LLC, 2004 WL 1080155 at *3 (W.D.N.Y., April 20, 2004). In Malone, the court merely ordered that the outstanding original radiographic films, etc. be made available for inspection, not that they be turned over to the Defendants in their original form. This decision was with respect to the adverse party, the Plaintiffs, refusing to produce the x-rays even for inspection. Thus, it is not on point.

4. With respect to *In re G-I Holdings, Inc.*, 2006 WL 2403531 at *23 (Bankr. D.N J. August 11, 2006), the Court did make any order with respect to production of original x-rays, but only stated that any discovery plan agreed to by the parties must address the rightful concerns of the Plaintiff of original x-rays or other original records that are non replaceable. Plaintiffs urge that the protocol proposed by Debtor does not have sufficient safeguards to have the original xrays in a depository and provides no penalty for loss of the irreplaceable medical material. If the court approves any protocol, it must contain some penalty that would assure the claimant receive the maximum award finally allowed under the trust if the original if lost by the Debtor.

5. Plaintiffs' counsel has not attached affidavits. The affidavits of W.R. Grace's experts were reviewed with interest. However, in asbestos litigation, copies have always been provided because of the refusal of institutions to provide the originals, which are their record, of the Plaintiff's treatment. It is for this reason that it is clear that the request, although possibly the most desirable, is one that almost never occurs. The only original x-rays that are provided for viewing are usually the x-rays that are taken by Plaintiffs' or Defendant's experts, and even there, they are only available at the location where the x-rays are stored if the originals are required to be viewed in most instances.

6. Based upon the above, Plaintiffs' counsel does not oppose production of x-rays where Plaintiffs' counsel has possession of them with respect to copies being provided to W.R. Grace. However, Plaintiffs' counsel does object to Grace requiring x-rays, which are not in Plaintiffs' counsel's possession, being ordered to be produced. In many cases, these films have never been

utilized beyond the x-ray reading performed at the institution where the x-rays were taken, and the production of originals other than the location where the institution has control over the x-rays or other films is clearly beyond Plaintiffs' counsel's ability.

WHEREFORE, Plaintiffs request that Debtor's request be denied.

Respectfully submitted,

**JACOBS & CRUMPLAR, P.A.**

By: */s/ Robert Jacobs, Esquire*
Robert Jacobs, Esquire (Bar No. 0244)
2 East 7th Street, P.O. Box 1271
Wilmington, DE 19899
Telephone: (302) 656-5445
Fax: (302) 656-5875
*Attorney for Asbestos Personal Injury Claimants*

Date: December 1, 2006
S:\wp70\Bankruptcies\Asbestos Bankruptcies\W.R. Grace Co - 13,754\Pleadings\120106_Response to Debtors Notice of XRay Protocol.rj.doc