IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>Jointly Administered<br><br>**Hearing Date: December 5, 2006 at 8:30 a.m.**<br>**Related Docket No. 13702** |

## LIBBY CLAIMANTS' OBJECTION TO DEBTORS' PROPOSED PROTOCOL CONCERNING PRODUCTION OF CHEST X-RAYS

Claimants injured by exposure to tremolite asbestos from the Debtors' operations near Libby, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby object to the Debtors' Notice of Failure to Reach Agreement and Request for Entry of Debtors' Proposed Protocol Concerning Production of Chest X-Rays of Asbestos Personal Injury, Pre-Petition Claimants with Non-Mesothelioma, Malignant Claims filed November 17, 2006 [Docket No. 13702] (the "Proposed X-Ray Protocol"). As more fully set forth below, the requested x-rays are essential to the Libby Claimants' present and future medical care and are likely in the possession of treating physicians. As such, the Libby Claimants are willing to provide copies of the requested x-rays at Grace's expense (to the extent not covered by the current document production protocol in place at the Center for Asbestos Related Disease ("CARD"))[2] or, alternatively, access to inspect the requested x-rays in satisfaction of their obligations under the Federal Rules of Civil Procedure.

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 12645], as it may be amended and restated from time to time.

[2] Pursuant to the Order Authorizing Discovery from Dr. Alan C. Whitehouse and Certifying Issues for Patient Privacy for Judge Donald W. Molloy [Docket No. 12607] and the related Protective Order Relating to Production of Medical Records [Docket No. 12608], both dated June 5, 2006 (the "Whitehouse Discovery Orders"), CARD is producing copies of the Libby Claimants' medical records, including x-rays.

393.001-14826.doc

The Proposed X-Ray Protocol, however, does not offer the Libby Claimants either option. Instead, the Proposed X-Ray Protocol improperly requests original x-rays in the first instance and inappropriately shifts the burden to the Libby Claimants to pay the costs incurred in delivering originals or copies of the requested x-rays to Grace's agent, Rust Consulting, Inc. ("Rust").[3] In support of this Objection, the Libby Claimants state:

### Background

1. On April 2, 2001, Grace and several of its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Grace continues to operate its business and manage its properties as debtor-in-possession.

2. On October 23, 2006, Grace's counsel wrote to counsel for the Libby Claimants and requested originals or copies (if the original x-ray was in the possession of the claimants' treating physician) of chest x-rays for those claimants with asbestos-related cancer other than mesothelioma. Because the requested x-rays are essential to the Libby Claimants' present and future medical care and are likely in the possession of treating physicians, on October 31 and November 17, 2006, counsel to the Libby Claimants responded to the request by informing Grace that copies of the x-rays would be delivered if the costs associated with obtaining the copies were paid by Grace. Grace did not respond.

3. Instead on November 17, 2006, Grace, by means of a notice (not a motion), filed the Proposed X-Ray Protocol. The Proposed X-Ray Protocol demands that original x-rays or copies of x-rays that are in the possession of treating physicians be delivered to Rust. The

---

[3] In addition to the objections set forth herein, the Libby Claimants also join in the objections to the Proposed X-Ray Protocol filed by the law firms represented by Stutzman, Bromberg, Esserman & Plifka, P.C. [Docket No. 13877].

2

393.001-14826.doc

Proposed X-Ray Protocol makes no provision for the payment of the costs incurred for delivering (copying and shipping) the requested x-rays to Rust.

4. On November 30, 2006 and December 1, 2006, counsel to the Libby Claimants and Grace conferred about the Proposed X-Ray Protocol. To the extent not already included in CARD protocol, the Libby Claimants notified Grace of their willingness to provide (i) copies of the requested x-rays at Grace's expense or (ii) access to the original requested x-rays for inspection at the location where the films are currently being held. In light of the discovery production protocol already in place at CARD and Grace's own willingness to accept copies of x-rays, the Libby Claimants considered the proposal to be reasonable. Grace did not agree.

## **Argument**

5. To satisfy their obligations under the Federal Rules of Civil Procedure, the Libby Claimants are willing to deliver Grace copies of the requested x-rays, provided, that, Grace prepays the costs for copying and shipping the x-ray films. Alternatively, the Libby Claimants are willing to provide Grace access to the original x-rays for inspection at the location where the films are currently being held. Under no circumstance, do the Libby Claimants agree to deliver original x-rays to Grace or Rust.

6. Fed. R. Civ. P. 34 governs the production of documents in civil litigation. This Rule provides:

> (a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, *to inspect and copy*, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or *to inspect and copy, test, or sample* any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served. . . .

3

* * *

> (b) Procedure. The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity. The request shall specify a *reasonable time, place, and manner of making the inspection* and performing the related acts . . . .

Fed. R. Civ. P. 34(a), (b) (emphasis added). The Libby Claimants' proposal to deliver copies of x-rays at Grace's expense or to provide access to the originals for inspection is in accordance with the requirements of Fed. R. Civ. P. 34. Any further obligation (*i.e.* to relinquish original x-rays) upon the Libby Claimants is not warranted under the Federal Rules of Civil Procedure. See Weaver v. Evans, 1997 WL 833168 (D. Kan. 1997) (copies of x-rays are sufficient for discovery purposes; original x-rays must remain with the medical provider for purposes of present and future medical care).

7.     In sum, Grace is already set to receive copies of x-rays pursuant to the CARD document production approved by the Whitehouse Discovery Orders. To the extent that the requested x-rays of the Libby Claimants are not included in that CARD document production protocol, the Libby Claimants are willing to provide copies of (or access to inspect) the x-rays at Grace's expense in satisfaction of Fed. R. Civ. P. 34.

393.001-14826.doc

## Conclusion

Based on the foregoing, the Proposed X-Ray Protocol should be denied.

Dated: December 1, 2006                    LANDIS RATH & COBB LLP

_____
Adam G. Landis (No. 3407)
Kerri Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Daniel C. Cohn, Esq.
Christopher M. Candon, Esq.
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

Counsel for Libby Claimants