IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Related Docket Nos. 13598, 13602, 13772, 13799, 13873 |
| | ) Hearing Date: December 5, 2006 @ 8:30 a.m. |
| | ) Related Agenda Item No. 1 |
| | ) |

### FUTURE CLAIMANTS' REPRESENTATIVE'S REPLY IN SUPPORT OF ITS MEMORANDUM IN SUPPORT AND JOINDER IN THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

David T. Austern, the Court-appointed legal representative for future asbestos claimants ("Future Claimants' Representative" or "FCR") hereby submits this Reply in further support of the Official Committee of Asbestos Personal Injury Claimants' (the "ACC") Motion to Compel Production of Documents. In support of this reply, the FCR respectfully represents as follows:

This Court has affirmed that it will permit each party to pursue the estimation methodology of its choosing, and will therefore allow each party to obtain discovery necessary to that end. The Debtors have chosen to ignore this in their present Opposition to the FCR and instead assume into fact that their unprecedented estimation method, which focuses on the merits of individual claims through the Questionnaire and the "liability filter" they have concocted, is the exclusive estimation method to be employed in this proceeding. Only after assuming exclusive use of their method of establishing individual claim liability can the Debtors then argue that Federal Rule of Evidence 408 ("Rule 408") prohibits the use of settlement history to establish such liability. The

Debtors ask this Court to ignore that *every* precedent involving asbestos liability estimation has in fact chosen the method advocated by the ACC and FCR: estimating *aggregate* asbestos claim liability without finding legal liability as to any specific claim. Settlement evidence under the method proposed by the ACC and FCR would then be used not to establish liability but to better understand and estimate the current aggregate liability, and Rule 408 would thus be inapplicable. The Debtors place the proverbial cart before the horse, first assuming the premise that their estimation method will not only survive a *Daubert* challenge but also be employed as the exclusive method of estimation in this bankruptcy, and then arguing from that premise.

Estimation through use of historical settlements, a method which is backed by all relevant precedents, is very likely to survive any *Daubert* challenge and be put to use by the ACC and FCR in this bankruptcy.[1] Evidence of the Debtors' considerations when choosing whether to settle past claims will then be highly important in estimating aggregate asbestos liability. Such evidence will facilitate determination of the proper weight to accord to these past settlements under present conditions, by evidencing to what extent those past considerations do or do not deviate from present ones. The Debtors' attempts in their Opposition to shield this critical evidence are unavailing.

Controlling precedent demonstrates that estimation based upon past settlement history is the preferred method for estimating aggregate asbestos liability. As demonstrated by the cases cited in the FCR's Memorandum, every federal court that has

---

[1] The courts in *In re Federal-Mogul Global, Inc., et al.*, 330 B.R. 133, 140 (D. Del. 2005) and *In re Babcock & Wilcox Co.*, 274 B.R. 230, 256 (E.D. La. 2002) each rejected *Daubert* challenges to the methodology employed by Dr. Mark Peterson, the ACC's expert in those cases and here.

2

estimated the value of aggregate asbestos claims, including the District Court of Delaware, has done so by examining historical settlement values. In response to this consistent line of cases, the Debtors fail to cite a single case, instead asserting that "[t]he FCR's principal effort is to urge the Court to 'go with the flow' of recent decisions." (Grace's Opp. to FCR at 2.) This assertion is an ironic *endorsement* of the FCR's position because, although it is a crude way to describe it, "going with the flow" is exactly what our common law system advocates. *See, e.g., Payne v. Tennessee*, 501 U.S. 808, 827 (1991) ("*Stare decisis* is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.").

While it is true that the cases cited in the FCR's Memorandum did not opine directly upon whether the use of historical settlements is the ***only*** proper estimation method, those cases necessarily deemed it at least ***a*** proper estimation method, unlike the Debtors' estimation method, which lacks a single precedent to validate it. Evidence of the Debtors' settlement strategies, as in the asbestos estimation cases cited in the FCR's Memorandum, will be "crucial" to placing proper weight on the Debtors' historical settlement values. *See In re Federal-Mogul Global, Inc., et al.*, 330 B.R. 133, 140 (D. Del. 2005)("Plaintiffs presented Mr. Paul Hanly ('Hanly'), the primary outside defense counsel for [the debtor] in the United States for the twenty years preceding its bankruptcy, to describe [the debtor's] litigation strategies in response to its mounting asbestos liability . . . Hanly's evidence was ***crucial*** because it shed light on the task of

3

placing the appropriate weight on [the debtor's] historical settlements . . .") (emphasis added).

Further, contrary to the Debtors' assertions, Rule 408 does not prohibit use of evidence pertaining to settlement negotiations taking place in litigation separate from the subject litigation. The Debtors' present counsel attempted in another court the same Rule 408 argument that they now present to this Court, and counsel's theory was rejected. *In re Babcock & Wilcox Co.*, 274 B.R. 230, 256 (E.D. La. 2002). Further, the ACC's Motion and the ACC's Reply, incorporated herein by reference, provide many cases that directly hold that Rule 408 applies only to settlement discussions of the specific claim at issue, and not to later, separate litigation.

The *Sealed Air* adversary proceeding, which included an estimation of the Debtors' aggregate asbestos liability and permitted presentation of evidence regarding their settlement strategies, is appropriate guidance in this proceeding. In an attempt to dodge *Sealed Air*, the Debtors point out an inconsequential difference between *Sealed Air* and the present bankruptcy proceeding, *i.e.* that *Sealed Air* involved a potential fraudulent conveyance. This distinction is immaterial; what is material is that *Sealed Air* included an aggregate estimate of the Debtors' asbestos liability, which is exactly what is being determined in this bankruptcy. This Court, as in *Sealed Air*, should permit discovery of the highly relevant considerations made by the Debtors' attorneys in settling past asbestos personal injury claims.

The Debtors seek to erect a barrier against discovery of their historical settlement strategies, yet have failed to demonstrate that such evidence is irrelevant or protected. The Debtors' considerations in settling past claims are necessary to accurately calculating

an estimate under the method advocated by the ACC and the FCR, as this evidence will reveal, among other things, whether the Debtors considered the realities of and potential for changes in the tort system that they now claim invalidate their historical settlements.

December 1, 2006                    Respectfully submitted,


ORRICK, HERRINGTON & SUTCLIFFE LLP


*/s/ Raymond G. Mullady, Jr.*
Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 339-8400

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Counsel for David T. Austern,*
*Future Claimants' Representative*