IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: December 18, 2006 2:00 P.M.** |
| Debtors. | ) | **Pittsburgh, PA** |
| | ) | **Agenda Item No. 11** |
| | ) | |

## DEBTORS' BRIEF REGARDING SETTLED PRE-PETITION ASBESTOS PI CLAIMS

This brief sets forth the Debtors' (also referred to herein as Grace) positions regarding the approximately 35,000 Asbestos PI Proofs of Claim submitted by claimants as purportedly "Settled Pre-Petition Asbestos PI Claims" as defined in the August 24, 2006 Order as to All Pre-Petition Asbestos PI Litigation Claims (the "August 24, 2006 Order"). Grace seeks entry of an Order requiring claimants to submit Questionnaires for approximately 9,000 of these claims for which signed, pre-petition releases (for purposes of this brief, "Releases") have not been provided and are not in Grace's records. Such claims are Non-Settled Pre-Petition Asbestos PI Claims.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

As set forth in more detail below, Grace reviewed the 35,000 Proofs of Claim and sent letters to the claimants' counsel either (i) agreeing that claims are "Settled Pre-Petition Asbestos PI Claims" or (ii) stating that certain claims are *not* "Settled Pre-Petition Asbestos PI Claims" and notifying the claimants' counsel that they should submit Questionnaires for these contested claims, if they have not already done so. After the claimants' firms received Grace's counsel's letters, some of the firms contacted Grace's counsel and provided additional information. A few of the firms filed Objections contesting Grace's positions. In the end, the claims fall into the following four categories:

- *Partially paid Settled Pre-Petition Asbestos PI Claims*: Grace agrees that these claims are Settled Pre-Petition Asbestos PI Claims within the meaning of the August 24, 2006 Order. Therefore, these claimants do not need to file Questionnaires. However, Grace reserves the right to contest the amount of remaining settlement payments due. These Claims are discussed in Argument Section I.

- ***Claims submitted as Settled Pre-Petition Asbestos PI Claims that Grace does not contest*** These are claims for which the claimants provided Releases (and, in some cases, additional evidence of settlements) and/or Grace has such Releases in its records. These claimants do not need to file Questionnaires. These Claims are discussed in Argument Section II.

- ***Claims submitted as Settled Pre-Petition Asbestos PI Claims and the claimants have provided Releases, but Grace either cannot confirm the settlement amounts, or supporting information was not provided to Grace prior to the Petition Date, or the claims may already have been paid.*** These are claims for which the claimants have provided Releases (and, in some cases, additional evidence of settlements) but the claims are not in Grace's records as settled, unpaid claims. Some of these firms have not provided to Grace medical and exposure information required by settlement arrangements with these firms. Other claimants in this category either have not provided information regarding the dollar amounts of their purported settlements, or Grace may have already paid their claims. At this time, Claimants in this third category do not need to file Questionnaires if they have not already done so, although Grace reserves the right to request such Questionnaires at a later date. These claims are discussed in Argument Section III.

- ***Claims submitted as Settled Pre-Petition Asbestos PI Claims but the claimants have not provided Releases and Grace's records do not reflect that these are settled claims.*** These Claims are Non-Settled Pre-Petition

2

>Asbestos PI Claims. Therefore, these Claimants must file Questionnaires, by January 12, 2007. These Claims are listed in Exhibit B and discussed in Argument Section IV.

These four categories of claims, and the numbers of claims in each category, by firm, are summarized in Exhibit A hereto.

As to the fourth category of claims, listed on Exhibit B, for the reasons set forth below, the Grace respectfully requests that the Court enter an order, in the form or substantially in the form set forth in Exhibit C finding that: (i) these claims are Non-Settled Pre-Petition Asbestos PI Claims; (ii) the claimants must submit Questionnaires by January 12, 2007 if they have not already submitted such Questionnaires; and (iii) such Questionnaires must be in compliance with all applicable orders of the Court, including all rulings made as a consequence of the December 5, 2006 hearing regarding Questionnaire issues.

## FACTUAL BACKGROUND

1. The August 24, 2006 Order established a sequence and deadlines for dealing with Settled and Non-Settled Asbestos PI Claims.

2. The Order defined Settled Pre-Petition Asbestos PI Claim as "an asbestos-related claim for personal injury or wrongful death alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing material to which one or more of the Debtors were alleged to be legally responsible, and such claim against one or more of the Debtors:

>(1) was filed in court as a lawsuit or civil action prior to April 2, 2001; and
>
>(2) *is* subject to a settlement agreement that (a) is evidenced by a writing dated prior to April 2, 2001 (which the holder must attach to their Asbestos PI Proof of Claim), (b) is enforceable under applicable non-bankruptcy law, (c) provides for a release of one or more of the Debtors, and (d) has not been fully paid or satisfied by any of the Debtors.

August 24, 2006 Order at page 3 (emphasis in original).

3

DOCS_DE:123206.1

3.   The Order defined Non-Settled Pre-Petition Asbestos PI Claim as "an asbestos-related claim for personal injury or wrongful death alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing material to which one or more of the Debtors were alleged to be legally responsible, and such claim against one or more of the Debtors:

> (1) was filed in court as a lawsuit or civil action prior to April 2, 2001;
>
> (2) has not been dismissed or otherwise resolved with prejudice;
>
> (3) has not been fully satisfied by any of the Debtors (either by fully-paid settlement or judgment) and
>
> (4) is *not* subject to a settlement agreement that (a) is evidenced by a writing dated prior to April 2, 2001 (which the holder must attach to their Asbestos PI Proof of Claim), (b) is enforceable under applicable non-bankruptcy law, and (c) provides for a release of one or more of the Debtors.

August 24, 2006 Order at page 2 (emphasis in original).

4.   A supplemental Stipulated Order clarified that "the Bar Date Order and consequent requirement of filing of an Asbestos PI Proof of Claim form for unliquidated asbestos personal injury claims applies only to those claimants who filed an asbestos related personal injury or wrongful death lawsuit and served it on Grace prior to April 2, 2001." Sept. 25, 2006 Stipulated Order at page 1.

5.   Pursuant to the August 24, 2006 Order, claimants submitted proofs of claim, and, in some cases, supporting materials to the claims processing agent, Rust Consulting, from early September 2006 until the Bar Date, October 16, 2006.

6.   As of October 17, 2006, Rust had received approximately 35,000 proofs of claim, many with supporting materials, for proofs of claim that purportedly are Settled Pre-Petition Asbestos PI Claims.

7. After receiving copies of these voluminous proofs of claim and supporting documents from Rust, Grace reviewed them. As required by the August 24, 2006 Order, Grace examined the proofs of claim and supporting materials, compared them to Grace's records and notified claimants that either: (i) Grace did not dispute that the claims were Settled Pre-Petition Asbestos PI Claims for purposes of the August 24, 2006 Order; or (2) Grace disputes that the claim is a Settled Pre-Petition Asbestos PI Claim within the meaning of the Order, either because no Release was provided by the claimant, or because Grace's records were inconsistent with the proof of claim, or both.

8. Five firms -- Baron & Budd; Silber Perlman; Wilentz, Goldman & Spitzer; Cooney & Conway; and Brayton Purcell -- filed objections. The issues raised by the Baron, Silber, Wilentz and Cooney firms are discussed in Sections III and IV below. Grace believes that it has resolved its disputes with the Brayton firm regarding Settled Pre-Petition Asbestos PI Claims and anticipates that the Brayton firm will be withdrawing its objection.[2]

9. Some firms followed up with questions or supplemental information or provided additional Releases in response to communications from Grace's counsel. For example, Goldberg Persky & White submitted 2557 claims but only 59 Releases by the October 16, 2006 Bar Date. After communications with Debtors' counsel, on November 8 GPW submitted an additional 1659 Releases. In addition to these 1659 Releases, Grace has additional GPW Releases in Grace's records. Thus, as of the filing of this brief, there are now 668 claims

---

[2] Brayton Purcell submitted Releases for some of Brayton Purcell's claimants but no Releases for 110 claimants. By letter dated November 6, Grace objected to the 110 no-Release claims and, in the objection letter, noted that correspondence between Brayton Purcell and Grace's local counsel in the underlying asbestos matters specifically stated that Releases must be executed in order to resolve the claims. Subsequently, Grace has located Releases for these 110 claims in Grace's records. Thus, Grace no longer contests any of the claims that Brayton Purcell submitted as Settled Pre-Petition Asbestos PI Claims.

5

for which GPW has not submitted Releases and Grace does not have Releases in its files. These claims are discussed in Section IV below.

   10. Taking into account the materials received by the October 16 Bar Date as well as supplemental materials subsequently provided by certain firms, there are 9,000 claims for which no Releases were provided, and Grace's records do not reflect that these are Settled Pre-Petition Claims. As to these claims, in accordance with the August 24, 2006 Order, Questionnaires must be submitted by January 12, 2007, for the reasons set forth below.

## ARGUMENT

### I. Claimants with Partially Paid Settled Claims Do Not Need to Submit Questionnaires.

   11. Two law firms -- (i) Reaud, Morgan & Quinn; and (ii) Environmental Litigation Group -- submitted a total of 10,000 proofs of claim for purportedly settled claims. These firms have received partial settlement payments from Grace. Grace agrees that the claims submitted by these firms as Settled, Pre-Petition Asbestos PI Claims are Settled, Pre-Petition Asbestos PI Claims, although the amounts of remaining payments due to these firms are in dispute in an adversary proceeding before this Court. These firms do not need to submit Questionnaires for these claims.[3]

### II. Claimants Who Provided Signed, Pre-Petition Releases that Correspond to Grace's Records Do Not Need to Submit Questionnaires.

   12. For certain firms, *all* of the claims that they submitted as purportedly "Settled Pre-Petition Asbestos PI Claims" either: (i) included Releases (and, in some cases,

---

[3] The purportedly settled claims of Reaud Morgan & Quinn and Environmental Litigation Group are the subject of an adversary proceeding before this Court involving these firms, Grace and National Union Fire Insurance Company, captioned *W.R. Grace & Co.-Conn. v. National Union Fire Ins. Co.* and *National Union Fire Ins. Co. v. Reaud Morgan & Quinn, Inc. and Environmental Litigation Group, P.C.*, Adv. Proc. No. 02-01657, Bankr. D. Del. Certain installment payments purportedly owed for settlements with these firms are in dispute in the adversary proceeding. In agreeing that these two firms do not need to submit Questionnaires for these purportedly settled claims, Grace does not waive any of the arguments that it has made in the *National Union* litigation.

additional information) *and* the claims matched Grace's records for settled, unpaid claims; or (ii) the proofs of claim did not include Releases but Grace has located the Releases in its records. Grace thus agrees that these firms' claims are Settled Pre-Petition Asbestos PI Claims for purposes of the August 24, 2006 Order. No Questionnaires are needed for these claims.

13. These firms are:

Law Offices of Peter G. Angelos
Boechler, P.C.
Brayton Purcell
Brookman, Rosenberg, Brown & Sandler
Campbell Cherry Harrison Davis & Dove, P.C.
Early Ludwick & Sweeney
Foster & Sear LLP
Johnson & Childs
James D. Burns
Lipsitz & Ponterio, LLC
Michael B. Serling, P.C.
Paul, Hanley & Harley, LLP
Pfeiffer & Fabian
Rose, Klein & Marias
Shinaberry and Meade, L.C.
Stephen L. Shackelford
D. William Venable
The Wartnick Firm

14. Other firms submitted a mixture of (i) claims that Grace agrees are Settled Pre-Petition Asbestos PI Claims, and (ii) claims that Grace has contested and continues to contest because the claimants did not provide Releases and Grace's own records do not reflect that these are Settled Pre-Petition Asbestos PI Claims. For these firms, as to the claims that Grace does not contest, Grace agrees that no Questionnaires are needed.

15. For such firms, as to the claims that Grace *does* contest and contends are *not* Settled Pre-Petition Asbestos PI Claims, Questionnaires must be provided, by January 12, 2007, for the reasons set forth in Section IV below. These claims are listed on Exhibit B hereto.

DOCS_DE:123206.1

### III. For Claimants Who Submitted Signed Pre-Petition Releases, But Whose Claims Grace Contends Are Not Settled Claims Because Supporting Information Required by the Relevant Settlement Agreements Was Not Provided to Grace Prior to the Petition Date, Questionnaires Are Not Needed.

16. Five law firms provided Releases for all claims that they contend are Settled Pre-Petition Asbestos PI Claims. However, after multiple searches of Grace's records, Grace has not been able to find evidence that these claims are in fact Settled Pre-Petition Asbestos PI Claims. These firms and their claims are:

- Baron & Budd: Baron & Budd submitted a total of 700 purportedly settled claims. For 597 of these claims, Baron & Budd provided Releases, as well as other documentation showing that the claims were settled, Grace's record are in accord, and thus Grace agreed that these claims are Settled Pre-Petition Asbestos PI Claims. As Grace has already informed Baron & Budd, they need not submit Questionnaires for these claims. However, for 103 of their claims, although Baron & Budd provided Releases, as well as pre-petition correspondence with Grace's counsel showing that the claims were settled, Grace's records do not indicate that these claims are Settled Pre-Petition Asbestos PI Claims.[4] For these 120 claims, Grace did not receive medical and exposure information to support the claim. Thus, Grace does not consider these claims to be fully resolved, unless and until medical and exposure information are provided.

- Sutter Law Firm and Lundy & Davis: The Sutter and Lundy firms submitted proofs of claim for, respectively, 56 and 197 purportedly Settled Pre-Petition Asbestos PI Claims. The Sutter and Lundy firms submitted Releases for each of these claims. However, Grace's records do not reflect that these claims are Settled Pre-Petition Asbestos PI Claims. For these claims, Grace did not receive medical and exposure information to support the claim. Thus, Grace does not consider these claims to be fully resolved, unless and until medical and exposure information are provided.

- Wilentz, Goldman & Spitzer: Wilentz Goldman & Spitzer submitted 66 proofs of claim with signed releases. The Debtors' records do not reflect that these claims are Settled Pre-Petition Asbestos PI Claims. In fact, these claims do not appear in Grace's records means that the claims were never submitted to Grace. On November 28, 2006, Wilentz informed Debtors' counsel that, for their claimants, they will provide additional information demonstrating

---

[4] For 16 of these 103 claims, Baron & Budd did not submit Releases to Rust but subsequently indicated that they do have Releases for these claims and will submit them to Rust and to Grace's counsel. Conditioned upon receiving these 16 Releases, for now Grace accepts that these 16 claims do have Releases.

that the claims are Settled Pre-Petition Asbestos PI Claims. In the mean time, because Wilentz's proof of claim forms state that Questionnaires have already been submitted for these claims, Questionnaires are not needed at this time.

- Parron Law Firm: The Parron firm submitted proofs of claim for 39 purportedly Settled Pre-Petition Asbestos PI Claims. Grace agreed that 32 of these 39 claims were Settled Pre-Petition Asbestos PI Claims. As to the remaining seven (7) claims, neither the Releases submitted by the Parron firm nor the proof of claim forms themselves state the settlement amounts, and the claims do not appear in Grace's records as Settled Pre-Petition Asbestos PI Claims. Thus, Grace cannot confirm that these seven claims are Settled Pre-Petition Asbestos PI Claims and, even if they are, the liquidated settlement amounts are not known.

17. As to these claims, it is not necessary for claimants who have not already submitted Questionnaires to submit them. However, Grace reserves the right to contest the amounts of some or all of these purported settlements, to seek medical and exposure information supporting these claims and to demonstrate that some of these claims have already been paid.

18. Similarly, Cooney & Conway submitted 474 proofs of claims for purportedly Settled Pre-Petition Asbestos PI Claims. 349 of these claims match Grace's records and Questionnaires are not needed for these claims. 125 of Cooney & Conway's claims do not match Grace's records as *unpaid* Settled Pre-Petition Asbestos Claims and thus Grace objected to these claims. Cooney & Conway filed an Objection providing correspondence between Grace and the Cooney firm and stating that Grace made an initial 50% settlement payment to Grace in February 2001. Cooney Objection at 2. However, the fact that Grace made a lump-sum 50% settlement payment does not resolve the question of whether the claim of a particular claimants is an unpaid Settled Pre-Petition Claim. In addition, Grace's records reflect that most of the 125 claimants have been fully paid. Thus, it appears that Grace and the Cooney firm may account differently for allocations of settlement funds and specific claimants whose claims have and have not been partially or fully paid. For present purposes, however, Grace agrees that none of the

9

474 claimants for whom Cooney & Conway submitted proofs of claim for purportedly Settled Pre-Petition Asbestos PI Claims need to submit Questionnaires.

## IV. Claimants Who Did Not Provide Signed, Pre-Petition Releases and For Whom Grace's Records Do Not Reflect That the Claims Are Settled Pre-Petition Asbestos PI Claims Must Submit Questionnaires, If Not Already Submitted.

### A. Claimants Who Did Not Provide Signed Pre-Petition Releases

19. Approximately 9,000 proofs of claim were submitted for purportedly "Settled Pre-Petition Asbestos PI Claims" without Releases. Grace's counsel notified the firms representing these claimants that Releases were not provided for all or certain of their claims. Grace also checked its own records for Releases for these claims. For the following firms, Releases do not exist (based on the firms' submissions to Rust and Grace's own records) for at least some of their claims. The specific claims are listed on Exhibit B hereto:

>Baldwin & Baldwin, LP
>Barrett Law Offices
>Brent Cook & Associates
>Bruegger & McCullough, P.C.
>Danny E. Cupit, P.C.
>Early, Ludwick & Sweeney, LLC
>Goldberg, Persky & White
>Heard, Robins, Cloud & Lubell, LLP
>Jacobs & Crumplar, P.A.
>Kelley & Ferraro LLP
>Lanier Firm
>David M. Lipman, P.A.
>Alwyn H. Luckey, P.A.
>F. Gerald Maples / Maples & Kirwan
>Masters Law Firm L.C.
>John R. Mitchell, L.C.
>Law Offices of Matthew P. Bergman
>McHarvey Heberling
>Motley Rice
>Nix, Patterson & Roach, LLP
>O'Brien Law Firm
>Locks Law Firm (Greitzer & Locks)
>Porter & Malouf, P.A.
>Law Firm of Larry Norris
>Schroetter Goldmark & Bender

>Shepard Law Firm
>Silber Perlman
>SimmonsCooper[5]
>Waters & Kraus LLP
>William Roberts Wilson, P.A.
>Wysoker, Glassner, Weingartner, Gonzalez & Lockspeiser

20.  Exhibit B hereto identifies the claimants for whom these firms did not provide Releases and Releases are not in Grace's records. As to these claimants, Grace respectfully requests that the Court enter an order, in the form provided herewith as Exhibit C, finding that: (i) these claims are Non-Settled Pre-Petition Asbestos PI Claims; (ii) the claimants must submit Questionnaires by January 12, 2007 if the claimants have not already submitted such Questionnaires; and (iii) such Questionnaires must be in compliance with all applicable orders of the Court, including all rulings made as a consequence of the December 5, 2006 hearing regarding Questionnaire issues.

### B.  Basis for Requiring Questionnaires From These Claimants

#### (1)  Waiver

21.  Of all of these firms, only Silber Perlman filed an Objection (styled as a "Conditional Objection") to Grace's position. The August 24, 2006 Order provides that "[u]pon receipt of the Questionnaire, a holder of a Contested Settled Claim shall have thirty (30) calendar days to fill out and return the Questionnaire unless (1) such holder has already filled out and returned the Questionnaire or (2) such holder, within fourteen (14) calendar days after receipt of the Questionnaire, files an objection setting forth, among other things, why that holder believes

---

[5] SimmonsCooper submitted some claims for which Releases do exist. Grace does not contest such claims. SimmonsCooper also submitted 37 claims for which Releases do not exist and Grace does contest such claims. However, in the November 27, 2006 Response filed by SimmonsCooper to Grace's Motion to Compel with respect to certain Questionnaire issues, SimmonsCooper indicated that it is not going to submit any of these contested "settled" claims as "non-settled" claims. If so, then, these 37 claims are barred, and this Court need not include the 37 SimmonsCooper claims on the list of claimants that must file Questionnaires by January 12, 2007. Out of an abundance of caution, for now Grace has included these 37 claims on Exhibit B hereto.

11

he or she should not be required to fill out and return the Questionnaire. If such an objection is not filed within that 14-day period, such holder will be required to fill out and return the Questionnaire within thirty (30) calendar days after such holder's receipt of the Questionnaire." August 24, 2006 Order at pages 5-6.

22. Thus, under the August 24, 2006 Order, all firms that have not filed an Objection to Grace contesting their claims have waived their rights to contest Grace's position that their claims are not Settled Pre-Petition Asbestos PI Claims.

### (2) Failure to Satisfy Definition of Settled Pre-Petition Asbestos PI Claims Under 8/24/06 Order

23. Although all of these firms except for Silber Perlman have waived their objections, in this section Grace explains why, if a Release was not provided with the corresponding claim, then simply stated, these claims fall under the definition of Non-Settled Pre-Petition Asbestos PI Claim and a Questionnaire is required.

24. It is hornbook law that to be enforceable, a settlement agreement must possess all of the elements of a valid contract: there must be "a definitive offer and acceptance, consideration, and parties who have the capacity and authority to agree as they do." 15A Am. Jur. 2d, Compromise and Settlement § 10 (2002). The parties be clearly identified, they must be competent and have authority to enter into the contract, and there must be mutuality of obligation. *See* 17A Am. Jur. 2d Contracts § 16(1991)(parties must have the capacity and the authority to contract for a compromise agreement to be binding; mutual assent of two or more persons competent to contract required). Where essential terms have been left open or undefined, there is no mutuality, and agreements are considered too indefinite to be enforced. *See generally* 15A Am. Jur. 2d Compromise and Settlement § 11 (2006) ("a valid compromise

requires the mutual assent of the parties, and a meeting of their minds on all the essential terms of the agreement").

25.  In cases involving a generic settlement protocol covering thousands of clients, similar to the arrangements between many firms and Grace, it is often difficult to prove each of these elements. In such situations, courts have recognized that a release is the one document that would show that a claimant had knowledge and agreed to a settlement. *See In re Babcock and Wilcox*, 2002 WL 1874836 (E.D.La. 2002). In *Babcock*, the bankruptcy court disallowed claims on the basis that the claimants had not submitted executed releases to the debtors before the petition date. *Id.* at *2. When one of the claimants appealed the disallowance of its claims on the ground that it lacked a sufficient pre-petition release, the District Court upheld the bankruptcy court's decision, recognizing repeatedly that "the one document that would have shown that appellant or his estate was aware of the settlement and agreed to it was a release[]" and "the one document that would have reflected appellant's or the estate's knowledge that there was a settlement is a release, which counsel does not have." *Id.* at *5.

26.  This Court has recognized the same principle in these chapter 11 cases. During the August 21, 2006 hearing, this Court specifically noted that a release will be required in order for a claim to be considered a settled claim, and for the claimant to avoid submitting a Questionnaire:

> THE COURT: It's going to be a real easy matter of interpretation if it's up to me, and I'm going to look at the four corners of the documents, and it's either going to provide that somebody has in fact settled a claim for a specific number, that there will be or has been a release given, that the debtor will pay or has paid a certain amount of money, and pretty much, that's going to be it. And if it doesn't have those magic components to it, it's not going to be a settlement. So, I don't think it's going to be all that tough.

*See* Aug. 21, 2006 Tr. at 159, lines 9-18.

13

27.     Indeed, this Court recognized that a release is a necessary element of a settlement because "[i]n most instances the debtor has the right to take a look at those claims before they are paid and doesn't have to pay [until] the release is in, which is one reason why it's a good idea to have a release." *See* Aug. 21, 2006 Tr. at 155, lines 2-5.

28.     Accordingly, this Court endorsed a bright line standard if written evidence of a settlement exists and ordered that "if the releases exist they should be attached" to proofs of claim for purportedly settled claims. *See* Aug. 21, 2006 Tr. at 156, lines 18-19.

29.     The receipt of a release signed by a claimant is indeed critical. Although individual state laws may differ as to the necessity of memorializing a settlement agreement in writing, in most cases, an executed release provides the only evidence that any individual claimant had ever accepted and is legally bound by the terms of Grace's settlement offer. There may have been a settlement between the law firms, but unless and until an individual claimant signs a release, the individual claimant is not bound by the terms of the settlement offer. Because claimants could reject the settlement at any time prior to the submission of a release, enforcing purported law firm agreements against Grace, in the absence of Releases, would impermissibly bind the Debtors without any commensurate obligation on the individual claimants. Where one party can just "walk away" from the supposed agreement, mutuality of obligation is absent, and there is no enforceable settlement. *See Iacono v. Lyons,* 16 S.W. 3d 92, 94 (Tex. App. 2000) ("A contract must be based upon a valid consideration, in other words, mutuality of obligation"); *Geisinger Clinic v. DiCuccio,* 606 A.2d 509, 512 (Pa. Super. Ct. 1992) ("A contract is evidenced by a mutuality of obligation. . . . If a mutuality of promises is absent, the contract is unenforceable."); *United States v. Harrison Cty.,* 265 F. Supp. 76, 84 (S.D. Miss 1967) ("Mutuality is essential to the validity of any enforceable contract")(applying Mississippi

law), *rev'd on other grounds,* 399 F.2d 485 (5th Cir. 1968); *J. Caldarera & Co. v. Louisiana Stadium & Exposition Dist.,* 750 So.2d 284, 288 (La.Ct. App. 5th Cir. 2000) ("both parties must be bound in order for there to be a contract"), *writ denied,* 756 So.2d 1144 (La. 2000).

30. For claims that lack Releases, this Court has directed that if there is a court order or a transcript that shows that there has been a settlement, such documents must also be attached to the proofs of claim, and "that will be sufficient at this point in time to avoid filling out the questionnaire until the debtor has a chance to verify that the records are what they are, but if it's an oral agreement, the questionnaires are to be submitted." *See* Aug. 21, 2006 Tr. at 153, lines 23-25 and 154, lines 1-6.

31. Thus, for claimants for whom (i) Releases do not exist; and (ii) the claimants have not provided the Debtors with a court order or transcript that shows that the claim meets the criteria of a Settled Pre-Petition Asbestos PI Claim, then the claim should not be treated as a Settled Pre-Petition Asbestos PI Claim, and the Court should require a Questionnaire to be submitted. However, here, none of the claimants for whom Releases do not exist provided a court order or transcript demonstrating that their claims were settled.

32. Thus, for all claimants listed on Exhibit B, Grace respectfully requests that the Court enter an order finding that: (i) these claims are Non-Settled Pre-Petition Asbestos PI Claims; (ii) the claimants must submit Questionnaires by January 12, 2007 if the claimants have not already submitted such Questionnaires; and (iii) such Questionnaires must be in compliance with all applicable orders of the Court, including all rulings made as a consequence of the December 5, 2006 hearing regarding Questionnaire issues.

## V.     Other Issues

33. Asbestos Associates (John M. Deakle, Esq.): This firm submitted nine hundred and seventy three (973) purportedly settled claims. This firm did not submit any

information regarding settlement amounts. The Debtors' records do reflect that these claims are settled, but, based on information received, it is impossible to know whether the Debtor and Asbestos Associates agree on the liquidated amounts for these claims. Asbestos Associates does not need to file Questionnaires for these claims, but the Debtors reserve the right to contest the dollar value of these claims.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Proposed Order attached hereto as Exhibit C be entered by the Court.

Dated: December 1, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

*James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Co-Counsel for Debtors and Debtors in Possession