UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | **Chapter 11** |
| ) | |
| W.R. GRACE & CO., et al., ) | **Case No. 01-01139(JKF)** |
| ) | **(Jointly Administered)** |
| Debtors. ) | **Hearing Date: December 5, 2006** |

**RESPONSE OF CLAIMANTS REPRESENTED BY GOLDBERG, PERSKY & WHITE TO DEBTORS' NOTICE OF FAILURE TO REACH AGREEMENT AND REQUEST FOR ENTRY OF DEBTORS' PROPOSED PROTOCOL CONCERNING PRODUCTION OF CHEST X-RAYS OF ASBESTOS PERSONAL INJURY, PRE-PETITION CLAIMANTS WITH NON-MESOTHELIOMA, MAGLIGNANT CLAIMS**

Claimants represented by Goldberg, Persky & White, P.C. (the "Goldberg Claimants"), through their undersigned counsel, respond to the Notice of Failure to Reach Agreement and Request for Entry of Debtors' Proposed Protocol Concerning Production of Chest X-Rays of Asbestos Personal Injury, Pre-Petition Claimants with Non-Mesothelioma, Malignant Claims filed by the Debtors, W.R. Grace Co. and affiliates ("Grace") as follows:

### Introduction

Grace has sent questionnaires to all personal injury claimants requesting, among other things, chest x-rays. Grace has now filed a Notice of Failure to Reach Agreement and has requested that this Court enter Grace's proposed protocol concerning chest x-rays. This protocol would require all original x-rays to be submitted to a central repository at Rust Consulting ("Rust"), located in Fairbault, MN. Claimants represented by Goldberg, Persky & White, P.C. (the "Goldberg Claimants") object to the proposed protocol because (1) many of the Goldberg Claimants are not required to answer Grace's questionnaire under this Court's orders, and (2) the Federal Rules of Civil Procedure should govern discovery of the x-rays in question.

## Argument

I. The Goldberg Claimants are not required to respond to Grace's Questionnaire under this Court's Orders.

The questionnaire prepared by Grace has already been the subject of several motions and objections. The Goldberg Claimants have consistently contended that many of such claimants are subject to a pre-petition settlement agreement with Grace and, as such, need not complete the questionnaire. Goldberg, Persky & White, P.C. ("GPW") has previously filed objections to a Motion to Compel filed by Grace, and has discussed the background of the settlement agreements entered into by GPW and Grace. In that response, GPW noted that this Court entered an Order dated October 24, 2005 (docket No. 10825) which clarified that under the PI CMO, persons with enforceable pre-petition settlement agreements are not required to complete the questionnaire. Many of the Goldberg Claimants are subject to a settlement agreement between GPW and Grace as of May 1, 2000. More recently, this Court held a hearing at which it reiterated that "I'm not going to compel them [the Goldberg Claimants] to submit any further answers until I know whether they have to fill out the questionnaire in the first place." Tr. Of Hr'g at 227 (Sept. 11, 2006). Because it is not yet determined whether the Goldberg Claimants must complete the Questionnaire at all, Grace's Motion to Compel should be denied.

II. The Federal Rules of Civil Procedure should govern discovery of the x-rays in question.

Rule 34 of the Federal Rules of Civil Procedure provide that documents and things produced for inspection and copying are to be produced in "a reasonable time, place and manner." FRCP 34(b). Therefore, should this Court determine that the Goldberg Claimants are indeed required to submit the x-rays Grace requests, they should not be required to do so on Grace's overly burdensome terms.

2

No claimants should be required to hand over original x-rays to Grace. Should a claimant be required to provide x-rays, Grace will have the opportunity to inspect original x-rays at their current location(s) or to have a copy sent to a different location, provided Grace pays any costs incurred in copying and shipping. To suggest that any further burden be placed on claimants is inconsistent with the Rules of Civil Procedure. Furthermore, the cases cited in Grace's Notice stand for the unremarkable proposition that parties may discover x-rays where they are relevant. Although Grace cites *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563 (S.D. Tex. 2005) as "establishing a repository of original x-rays," the over-200-page opinion in that case does not indicate that the court did any such thing. None of the other cases cited by Grace involves any party being ordered to transfer possession of an original x-ray, either.

Even if such a repository were established, Rule 45 of the Federal Rules of Civil Procedure provides that no party can be required to produce a document or thing more than 100 miles from the place where a subpoena is served. FRCP 45. Since Grace's proposed repository would be in Fairbault, Minnesota, well over 100 miles from GPW, none of the Goldberg Claimants should be required to submit to Grace's request.

Since Grace has failed to request production of these x-rays in any sort of reasonable place or manner, its Request should be denied.

### Conclusion

For the foregoing reasons, Grace's Request for Entry of Debtors' Proposed Protocol Concerning Production of Chest X-Rays of Asbestos Personal Injury, Pre-Petition Claimants with Non-Mesothelioma, Malignant Claims should be denied as to the Goldberg Claimants.

                        GOLDBERG, PERSKY & WHITE, P.C.

                        */s/ Mark C. Meyer*
                        Mark C. Meyer
                        David B. Rodes
                        1030 Fifth Avenue
                        Pittsburgh, PA  15219
                        412-471-3980
                        412-471-8308 (Fax)
                        mmeyer@gpwlaw.com

Date: December 1, 2006