**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| _____ ) | ) | |
| **IN RE:** | ) | **Chapter 11** |
|  | ) | |
| **W.R. GRACE & CO.,** *et al.,* | ) | Case No. 01-01139 (JKF) |
|  | ) | Jointly Administered |
|  | ) | |
| **Debtors.** | ) | |
|  | ) | Hrg. Date:  December 5, 2006 |
|  | ) | |
| _____ ) | ) | Ref. Docket No. 13702 |

**RESPONSE AND OPPOSITION OF MOTLEY RICE LLC TO DEBTOR'S REQUEST FOR ENTRY OF DEBTOR'S PROPOSED PROTOCOL CONCERNING THE PRODUCTION OF CHEST X-RAYS IN RESPONSE TO DEBTOR'S <u>QUESTIONNAIRE.</u>**

COMES NOW, Motley Rice LLC, (hereinafter "Motley Rice") a law firm representing various asbestos personal injury claimants, and hereby files this Response and Opposition to Debtor's Request for Entry of Debtor's Proposed Protocol Concerning the Production of Chest X-rays in Response to Debtor's Questionnaire.  In support of its Response, Motley Rice states as follows:

Motley Rice received a letter from counsel for W.R. Grace & Co. and its affiliates (hereinafter "Grace") that requested that Motley Rice provide Rust Consulting with "any and all chest x-rays that support the Claimant's allegation that his or her cancer is asbestos-related, all chest x-rays that were taken within 2 years of the Claimant's diagnosis, and/or any chest x-ray that has been taken since the Claimant has been diagnosed with cancer, within 30 days of receiving this letter."  Exhibit "A", attached hereto and incorporated herein, letter from Ms. Barbara Mack Harding.  Counsel for Grace demands that, should Motley Rice not be in

possession of an original x-ray, Motley Rice is to secure a copy that is then to be provided to Rust Consulting. *Id.* Grace's submitted Proposed Protocol echoes these sentiments.

Yet again, Grace is attempting to foist the cost of implementing its claims processing on Claimants and counsel for Claimants. The request by Grace goes beyond the scope of the Federal Rules of Civil Procedure that govern this matter and should be denied. Rule 34 of the Federal Rules of Civil Procedure provides that:

> Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, **to inspect and copy**, any designated documents . . . or **to inspect and copy, test or sample any tangible things** . . . which are in the possession, custody or control of the party upon whom the request is served.

Fed. R. Civ. P. 34(a) (emphasis added). Rule 34 further states that in response to a request for documents, the party shall state "that **inspection and related activities** will be permitted as requested . . . ." Fed. R. Civ. P. 34(b) (emphasis added). Thus, there is no language contained in Rule 34 that supports Grace's contention that Motley Rice must provide, at its own expense, original and/or copies of chest x-rays to Grace. Indeed, it would be strange, if not entirely unheard of, for discovery rules to require that a party provide the only original copies of evidence to an opponent, as Grace posits, for keeping and review. The language of the Rule does, however, give credence to an alternative offered by Motley Rice—namely to allow for an inspection of the x-rays by representatives from Grace in a reasonable manner. *See* Exhibit "B", Declaration of John A. Baden attached hereto and incorporated herein by reference.

A review of the relevant case law offers further support for Motley Rice's position. It has routinely been held that inspection, rather than production, of original documents is sufficient to comply with discovery requests. *In re Kolinsky*, 140 B.R. 79, 87 (Bankr. S.D.N.Y. 1992) ("The defendants have a right to **inspect** the originals.") (citing 4 James Wm. Moore, Moore's Federal

2

Practice, § 26-184 (2d ed. 1991)) (emphasis added); *Neuberg v. Michael Reese Hosp. and Medical Center*, 1992 WL 477018, at *2n.3 (N.D.Ill. 1992) ("As necessary, defendants should furnish new copies or allow plaintiffs to inspect the original policies."); *Brooks v. Singletary*, 1991 WL 94083, at *5 (N.D.Ill. 1991) ("[The compelled party] is ordered to allow plaintiff to inspect the originals of the illegible and obstructed documents . . . ."); *U.S. ex rel. Camillo v. Ancilla Systems, Inc.*, 233 F.R.D. 520, 523 (S.D.Ill. 2005) ("Any fears of spoliation of evidence should be allayed by the very fact that the hospital remains in possession of the original records.").

In *Weaver v. Evans*, one court addressed the very issue before this Court—one party's attempt to procure original x-rays from a medical provider. 1997 WL 833168, at *1 (D.Kan. 1997). The party from whom the x-rays were sought feared, as Motley Rice does presently, "that allowing the original x-rays to be removed from the medical provider would create a risk of unintentional damage or loss to those x-rays." *Id*. The court ruled that:

> As with any documents that are sought in discovery, courts do not generally require that the original copies be turned over to the custody and control of the other party. It has generally been deemed sufficient to make documents available for inspection and copying. The court can see no reason to depart from that general practice in this case. Defendant can personally inspect the original x-rays at the business location of the medical providers. In addition, the defendant can request that a copy be made of x-rays. This will allow the defendant the discovery that he is entitled to while allowing the original x-rays to remain with the medical provider, where they should properly be maintained for purposes of present and future medical care of plaintiff.

*Id*. This case is directly on point and Motley Rice urges this Court to adopt the sound reasoning and holding of the court in *Weaver* quoted above.

To be clear, Motley Rice is not, by filing this Response, declaring that Grace has no right to relevant chest x-rays of Claimants. Instead, Motley Rice submits that Grace's proposal for acquiring this information is misguided, improper, and unsupported by case law or the rules of civil procedure. Motley Rice offers Grace two alternatives that are in accord with the Federal

Rules of Civil Procedure and would still enable Grace to acquire the sought after chest x-rays. The provision of original chest x-rays to Grace is, in many cases, impossible because Motley Rice needs the chest x-rays for the prosecution of ongoing cases of the Claimants. Exhibit "B", Declaration of John A. Baden, attached hereto and incorporated herein by reference.

Moreover, even if Motley Rice provided Grace with copies of x-rays Motley Rice has in its possession, such an undertaking would be extremely, financially onerous. Fairness dictates that Motley Rice, as counsel for creditors with claims for personal injuries against Grace, the debtor, should not be expected to shoulder such a financial burden on its own. Finally, Motley Rice is not in possession of the original chest x-rays of Claimants in some cases because the originals are in the possession of third parties such as medical professionals or facilities on behalf of Claimants. *Id*. The above-mentioned practical concerns, in addition to the relevant case law and the Federal Rule at issue, all argue for the adoption of Motley Rice's proposed plan and the rejection of Grace's misguided proposal.

Motley Rice objects to Grace's Proposed Protocol as untimely and improper and submits that Motley Rice has not been afforded adequate time within which to prepare a response to the Proposed Protocol in violation of applicable rules of procedure and in derogation of Motley Rice and its clients' due process rights. Motley Rice joins in the Responses and Objections to Grace's Proposed Protocol filed by other firms representing Claimants from whom discovery is sought, including, but not limited to the Response of firms represented by Stutzman, Bromberg, Esserman & Plifka Regarding Questionnaire-Related Issues to Request for Entry of Debtors' Proposed Protocol Concerning Production of Chest X-rays.

WHEREFORE, premises considered, Motley Rice prays that this Honorable Court enter an order that requires Grace, should it continue to seek a review of certain chest x-rays, to either

pay for the copying of the relevant, designated chest x-rays or to send representatives to conduct an inspection of the relevant chest x-rays where they are normally kept and that the inspection be conducted in a reasonable manner. Motley Rice further prays that it be granted such other necessary, proper, and equitable relief as this Court deems proper.

This 4th day of December, 2006.

                                    RESPECTFULLY SUBMITTED,

                                    /s/  John E. Herrick              .
                                    JOHN E. HERRICK
                                    MOTLEY RICE LLC
                                    28 Bridgeside Blvd.
                                    P.O. Box 1792
                                    Mount Pleasant, SC 29465
                                    Tel. (843) 216-9000
                                    Fac. (843) 216-9440
                                    Email:  jherrick@motleyrice.com

                                    COUNSEL FOR VARIOUS
                                    ASBESTOS PERSONAL INJURY
                                    CLAIMANTS