IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) <br> ) <br> W.R. Grace & Co., et al., ) <br> ) <br> Debtors. ) <br> ) <br> ) | In Proceedings for a Reorganization under Chapter 11 <br><br> Case No. 01-01139-JKF <br><br> Hearing: December 5, 2006 at __:00 _.m. |

**DECLARATION OF JAMES F. EARLY, ESQ. IN SUPPORT OF THE RESPONSE OF THE MMWR FIRMS TO DEBTORS' MOTION TO COMPEL THE MMWR FIRMS' ASBESTOS PERSONAL INJURY CLAIMANTS TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

I, James F. Early, hereby declare as follows:

1. I am an attorney duly licensed to practice in the States of New Hampshire and Connecticut, and I am a member of Early, Ludwick & Sweeney, LLC and Early & Strauss, LLC representing certain asbestos claimants against W.R. Grace & Co. If called as a witness, I could and would testify competently to the truth of the matters stated in this Declaration.

2. The amount of a settlement paid by each asbestos defendant varies between jurisdiction and between law firms within those jurisdictions. The amount of a settlement for a similar case with the same disease and similar exposure also varies between different plaintiffs' law firms. Some defendants insist upon a strict confidentiality agreement for settlements. The reason for these confidentiality agreements is that a non-settling plaintiff's knowledge of higher settlements negotiated with a settling plaintiff would cause the non-settling plaintiff to raise his or her settlement demands. Conversely, a non-settling defendant's knowledge of a settling defendant's settlement would cause the non-settling defendant to demand lower settlement amounts. In short, a party with knowledge of other parties' settlement amounts gains an unfair advantage in its own negotiations. Whether or

not a specific confidentiality agreement is in place, I consider all settlements to be made with a mutual understanding of confidentiality.

3. The vast majority of all settlements that have been negotiated on behalf of my firms' W.R. Grace claimants against other asbestos defendants were made with defendants with either a specific confidentiality agreement or with the mutual understanding of confidentiality between my firm(s) and firms working on behalf of defendants.

4. My law firms actively litigate cases against dozens of asbestos defendants on an ongoing basis. In most of our cases, there may be two dozen or more defendants in the same case. As a case progresses to trial, some defendants may settle earlier than other defendants.

5. With regard to our asbestos cases filed in Connecticut, judges have refused to force us to disclose settlement information to defendants remaining at the time of trial. After a verdict has been reached, a judge may request settlement information in his discretion for purposes of remititur or additur. With regard to our asbestos cases filed in Rhode Island, the trial judge has ruled that we only have to disclose settlement information on the cusp of trial and not before. By that time the vast majority of defendants have settled and usually only a very small number remain. To the best of my knowledge, over the past approximate 10 years involving hundreds of asbestos cases on the trial docket, the number of times we have been forced to disclose under the judge's order has been very few. To disclose earlier would hinder settlements with defendants in advance of trial. With regard to our asbestos cases filed in New York, we have never had to disclose settlement information to any defendant.

6. If any information covered by confidentiality provisions of settlement agreements, including settlement amounts, were to be provided to any third party in breach of written, or oral confidentiality provisions, then my client would have breached the terms of his or her settlement

agreement, and could be subject to motions for sanctions, which could include severe consequences, including complete forfeiture of the settlement payment.

7.  It would be severely prejudicial to the litigation of all the cases we have presently, and those that we will file in the future, to allow any defense attorney or insurance company who is involved in asbestos litigation to review our settlements with particular defendants. It would not only be an invasion of privacy for our clients, but it would give the particular attorney or company a road map to our analyses of the values of different cases and the liabilities of different defendants.

Pursuant to 28 U.S.C. section 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this ___4th___ day of December 2006.

_____
James F. Early, Esq.