## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*, | ) | **Case No. 01-1139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

## NOTICE OF DEPOSITION AND SUBPOENA

To All Parties on the Attached Service List:

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, made applicable by Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure, the United States District Court for the Southern District of Alabama issued a subpoena (a copy of which is attached hereto) for Rhonda Mason. This subpoena was served on November 22, 2006. The subpoena required Rhonda Mason to appear, with certain requested documents, on December 15, 2006 beginning at 9:00 AM CST at the offices of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., 6251 Monroe Street, Suite 200, Daphne, AL 36526.

**TAKE FURTHER NOTICE** that the deposition shall be conducted before a person duly authorized to administer oaths in the relevant jurisdiction and will continue day-to-day until concluded. Testimony shall be taken by stenographic means and will also be recorded by sound-and-visual means. You are invited to attend and to cross-examine.

Dated: November 30, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Ellen Therese Ahern
Jonathan Friedland
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

KIRKLAND & ELLIS LLP
Barbara Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.P
_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

In Re: W. R. Grace Co., et al.

    v.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 01-1139
United States Bankruptcy Court
District of Delaware (Wilmington)

TO: Rhonda Mason
   10000 Border Ct.
   Grand Bay, AL 36541

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

**X**☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Offices of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.<br>6251 Monroe Street, Suite 200, Daphne, AL, 36526 or at another location agreed upon by you and the<br>Issuing Officer of this subpoena, identified below. | DATE AND TIME<br>12/15/2006 9:00 a.m. CST |
|---|---|

**X**☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit "A" and "B" regarding the documents and/or objects to be produced and the scope of the production.

| PLACE<br>Offices of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.<br>6251 Monroe Street, Suite 200, Daphne, AL, 36526 or at another location agreed upon by you and the<br>Issuing Officer of this subpoena, identified below. | DATE AND TIME<br>12/08/2006 5:00 p.m. CST |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Ellen Ahern* | DATE<br>11/18/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ellen Ahern, Esq., Kirkland & Ellis LLP
200 East Randolph Drive, Chicago, IL 60601
Telephone: 312-861-2335

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | *November 22, 2006* | *10000 Border Court Grand Bay, AL 36541* |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *Rhonda Mason* | *Hand Deliver* |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| *Joseph Wisnoski* | *Private Investigator* |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___ *11 / 22 / 2006* ___
/DATE

SIGNATURE OF SERVER

*P.O. Box 471*
ADDRESS OF SERVER

*Bridgeland, MS 39158 - 0471*

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.    The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2.    "Mrs. Mason," "You," or "Your" shall mean and include Rhonda Mason to whom this request is directed, and any member of her household, employment or staff as well as any business entity with which she is affiliated, or any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to her direction and control of, any of them.

3.    "Heath Mason" shall mean and include Mr. Charlie Heath Mason, owner and incorporator of N&M, Inc., any member of his staff or other business entity with which he is affiliated, or any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

4.    "Debtors" or "Grace" shall mean and include any of the following entities, either individually or collectively:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-

B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

5. "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim. Such claims shall include, but are not limited to, claims for emotional harm, mental distress and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed or sold by the Debtors.

6. "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys,

consultants, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them. "Claimant" shall include, without limitation, Persons listed in the text-searchable, electronic media file on the CD-ROM/computer disk that is Attachment B.

7.    "Claimants' Firm" shall mean any lawyers who represent or represented a Claimant and their predecessors, successors, affiliates, divisions and acquired law firms thereof, and any partners, employees, agents, investigators, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of said entity.

8.    "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

9.    "Silica-Related Disease" shall mean any bodily injury, sickness or disease, or impairment alleged to have been caused by exposure to silica or silica-containing products.

10.    "Doctor" shall mean any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated party to provide any of the following services:    "B-Reading," chest x-ray reading    or interpretation, performing, administering or interpreting pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

11.    "Screening Company" shall mean any Person who has been hired, retained, consulted, or otherwise paid on behalf of you, the Claimant or a Claimants' Firm or any affiliated party to provide any of the following services:    administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining Doctors to perform medical

3

examinations and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

12.    "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

13.    "B-reading" shall mean and include, without limitation, a physician's report of finding from a Claimant's chest radiograph, using the classification system devised by the ILO.

14.    "Medical Services" shall mean and include, without limitation, any and all tests or examinations which are used in the diagnosis of pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations.  Such tests or examinations include, but are not limited to, "B-reading," chest x-ray reading or interpretation,, performing, administering or interpreting PFTs, performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

15.    "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis and/or detect pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review.  Such tests or examinations include, but are not limited to: the administration of x-rays, the PFTs, or the taking of occupational or asbestos or silica exposure histories.

4

16.    As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

17.    "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

18.    "Person" includes a natural person or any business, legal, or government entity or association.

19.    "Identify," when used in reference to:

a.    a natural person, shall mean to state the person's full name, present or last-known home address and telephone number, present or last-known job title, employment address and telephone number.

b.    any other person, shall mean to state the person's full name and present or last known-address (designating which); and

c.    a document, shall mean to describe the document by date, author(s), addressee(s), recipient(s), title and general subject matter and content.

20.    Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

21.    Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in chronological order, setting forth as to each the following:    (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

22.    If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

5

23.   Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

24.   References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

**REQUEST NO. 1:**

All documents relating to Medical Services or Screening Services you provided to any Claimant.

**REQUEST NO. 2:**

All documents relating to your, Heath Mason's or N&M., Inc.'s (or Netherland & Mason, Inc.'s or any Screening Company's) practices and procedures for providing Medical Services or Screening Services including, but not limited to, any instructions, handouts, manuals, guidebooks, questionnaires, protocols or criteria.

**REQUEST NO. 3:**

All documents relating to any correspondence, contacts, relationships, agreements, business dealings, meetings, proposals or contracts between you, Heath Mason, N&M, Inc., Netherland & Mason, Inc., any Screening Company and any Claimants' Firm or Doctor.

**REQUEST NO. 4:**

All x-ray logs, sign-in logs, pulmonary function test calibration logs or other documents recording the number, name of individuals and/or locations for the days that you provided Medical Services or Screening Services for any Claimant.

**REQUEST NO. 5:**

All documents relating to, and identifying, wages, payments or other compensation you received from Heath Mason, N&M, Inc., Netherland & Mason, Inc., any Screening Company any Claimants' Firm or any Doctor.

**REQUEST NO. 6:**

All calendars, date books, memoranda books, expense account records or appearance diaries or documents relating to the dates and locations of the Medical Services and/or Screening Services in which you participated or were present.

**REQUEST NO. 7:**

All documents describing your, or Heath Mason's , N&M, Inc.'s, Netherland & Mason, Inc.'s or any Screening Company's record keeping practices relating to the provision of Medical Services or Screening Services provided to any person for an Asbestos-Related Disease.

**REQUEST NO. 8:**

All documents produced or provided by you or any member of your immediate family in response to any request or subpoena from the United States Congress, or any Committee or Member thereof.

**REQUEST NO. 9:**

All documents indicating any application for and certifications and/or licensing you have received with any state or federal agency.

**REQUEST NO. 10:**

All documents relating to your training to perform any Medical Services or Screening Services.

**REQUEST NO. 11:**

All documents and pleadings from your divorce file with Mr. Heath Mason relating to N&M, Netherland & Mason, Inc. or any Screening Company.

**REQUEST NO. 12:**

All documents relating to any current or prior notice of review from any health-related agency or regulatory body, authority, governmental agency, claims services, service provider, or claims manager that you or Heath Mason, N&M, Inc., Netherland & Mason, Inc. or any Screening Company have received related to the sufficiency, reliability and/or acceptability of practices and procedures for providing Medical Services or Screening Services.

**REQUEST NO. 13:**

All documents relating to any current or prior legal action or proceeding where a court, adjudicating body, or judge has addressed, questioned, considered, made a determination related to, or otherwise referred to the sufficiency, reliability and/or acceptability of your, Heath Mason's, N&M, Inc.'s, Netherland & Mason, Inc.'s or any Screening Company's practices and procedures for providing Medical Services or Screening Services.

**REQUEST NO. 14:**

All documents relating to, and identifying, any health-related agency or regulatory body, authority, governmental agency, claims services, service provider, or claims manager who has ever deemed your, Heath Mason's, N&M, Inc.'s, Netherland & Mason, Inc.'s or any Screening Company's practices and procedures for providing Medical Services or Screening Services to be insufficient, unreliable, and/or otherwise unacceptable.

**REQUEST NO. 15:**

All documents relating to any current or preceding regulatory or disciplinary action or proceeding against you, Heath Mason, N&M, Inc., Netherland & Mason, Inc. or any Screening Company and/or any Person with whom any of these entities are affiliated (including, without limitation, any medical facility or business with whom any of these entities are affiliated) related to any Medical Services or Screening Services.

**REQUEST NO. 16:**

All documents reviewed and/or used by you to prepare for the deposition noticed herewith.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO.,** *et al.,* | ) | **Case No. 01-1139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

### SUBPOENA TO TESTIFY AT DEPOSITION AND PRODUCE DOCUMENTS
### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(b) AND 45

TO:     Rhonda Mason
        10000 Border Ct.
        Grand Bay, AL  36541

**YOU ARE COMMANDED TO APPEAR** to testify at a deposition in the matter styled

*In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JKF), currently pending in the United States

Bankruptcy Court, District of Delaware, to be conducted in the law offices of Carr, Allison, Pugh,

Howard, Oliver & Sisson, P.C., located at 6251 Monroe Street, Suite 200, Daphne, Alabama

36526, on December 15, 2006, at 9:00 a.m. CST, or at such other time and place mutually agreed

upon by counsel for the parties.  The deposition will continue from day-to-day until complete.

The deposition will be taken before an official authorized by law to administer oaths, and,

pursuant to Federal Rule of Civil Procedure 30(b)(2), will be recorded by both stenographic

means and sound-and-visual means.

**YOU ARE FURTHER COMMANDED TO PRODUCE** the categories of documents

set forth in Attachment "A" to this subpoena.  You are further requested to make the categories

of documents set forth in Attachment "A" available to the undersigned counsel for W.R. Grace

& Co. for inspection and copying at least one week before the first deposition scheduled as a

result of this Subpoena.

This subpoena has been issued by the United States District Court for the Southern District of Mississippi. You must appear, give testimony, and produce all of the materials described in this subpoena and its attachments for inspection and copying and must do so at the time and place set out in this subpoena. Your failure to do so may be punished as a contempt of the United States District Court for the Southern District of Mississippi.

Pursuant to the requirements of Federal Rule of Civil Procedure 45(a)(1)(D), a copy of the provisions of Rule 45(c) and (d) of the of the Federal Rules of Civil Procedure are reproduced as an attachment to this subpoena.

Dated: November 17, 2006

KIRKLAND & ELLIS LLP
David M. Bernick
Ellen Therese Ahern
Salvatore Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone:     (312) 861-2000
Facsimile:     (312) 861-2200

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
Fred Krutz
Walter G. Watkins
Marcy B. Croft
Mary M. Ratliff
200 South Lamar Street, Suite 100
Jackson, MS  39201

-and-

2

KIRKLAND & ELLIS LLP
Barbara M. Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:     (202) 879-5000
Facsimile:     (202) 879-5200

3

PROVISIONS OF RULE 45(c) and (d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

  (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

  (2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

     (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

  (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)    fails to allow reasonable time for compliance;

        (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial to be commanded to travel from any such place within the state in which the trial is held, or

        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv)   subjects a person to undue burden.

**(d)** DUTIES IN RESPONDING TO SUBPOENA

    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2.      "Mrs. Mason," "You," or "Your" shall mean and include Rhonda Mason to whom this request is directed, and any member of her household, employment or staff as well as any business entity with which she is affiliated, or any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to her direction and control of, any of them.

3.      "Heath Mason" shall mean and include Mr. Charlie Heath Mason, owner and incorporator of N&M, Inc., any member of his staff or other business entity with which he is affiliated, or any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

4.      "Debtors" or "Grace" shall mean and include any of the following entities, either individually or collectively:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-

B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

5.     "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim.    Such claims shall include, but are not limited to, claims for emotional harm, mental distress and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed or sold by the Debtors.

6.     "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys,

2

consultants, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them. "Claimant" shall include, without limitation, Persons listed in the text-searchable, electronic media file on the CD-ROM/computer disk that is Attachment B.

7.    "Claimants' Firm" shall mean any lawyers who represent or represented a Claimant and their predecessors, successors, affiliates, divisions and acquired law firms thereof, and any partners, employees, agents, investigators, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of said entity.

8.    "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

9.    "Silica-Related Disease" shall mean any bodily injury, sickness or disease, or impairment alleged to have been caused by exposure to silica or silica-containing products.

10.    "Doctor" shall mean any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated party to provide any of the following services:    "B-Reading," chest x-ray reading    or interpretation, performing, administering or interpreting pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

11.    "Screening Company" shall mean any Person who has been hired, retained, consulted, or otherwise paid on behalf of you, the Claimant or a Claimants' Firm or any affiliated party to provide any of the following services:    administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining Doctors to perform medical

examinations and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

12.    "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

13.    "B-reading" shall mean and include, without limitation, a physician's report of finding from a Claimant's chest radiograph, using the classification system devised by the ILO.

14.    "Medical Services" shall mean and include, without limitation, any and all tests or examinations which are used in the diagnosis of pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations.  Such tests or examinations include, but are not limited to, "B-reading," chest x-ray reading or interpretation,, performing, administering or interpreting PFTs; performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

15.    "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis and/or detect pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review.  Such tests or examinations include, but are not limited to: the administration of x-rays, the PFTs, or the taking of occupational or asbestos or silica exposure histories.

16.    As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

17.    "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

18.    "Person" includes a natural person or any business, legal, or government entity or association.

19.    "Identify," when used in reference to:

a.    a natural person, shall mean to state the person's full name, present or last-known home address and telephone number, present or last-known job title, employment address and telephone number.

b.    any other person, shall mean to state the person's full name and present or last known-address (designating which); and

c.    a document, shall mean to describe the document by date, author(s), addressee(s), recipient(s), title and general subject matter and content.

20.    Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made. .

21.    Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in. chronological order, setting forth as to each the following:    (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

22.    If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

23.    Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

24.    References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

### REQUEST NO. 1:

All documents relating to Medical Services or Screening Services you provided to any Claimant.

### REQUEST NO. 2:

All documents relating to your, Heath Mason's or N&M., Inc.'s (or Netherland & Mason, Inc.'s or any Screening Company's) practices and procedures for providing Medical Services or Screening Services including, but not limited to, any instructions, handouts, manuals, guidebooks, questionnaires, protocols or criteria.

### REQUEST NO. 3:

All documents relating to any correspondence, contacts, relationships, agreements, business dealings, meetings, proposals or contracts between you, Heath Mason, N&M, Inc., Netherland & Mason, Inc., any Screening Company and any Claimants' Firm or Doctor.

### REQUEST NO. 4:

All x-ray logs, sign-in logs, pulmonary function test calibration logs or other documents recording the number, name of individuals and/or locations for the days that you provided Medical Services or Screening Services for any Claimant.

### REQUEST NO. 5:

All documents relating to, and identifying, wages, payments or other compensation you received from Heath Mason, N&M, Inc., Netherland & Mason, Inc., any Screening Company any Claimants' Firm or any Doctor.

**REQUEST NO. 6:**

All calendars, date books, memoranda books, expense account records or appearance diaries or documents relating to the dates and locations of the Medical Services and/or Screening Services in which you participated or were present.

**REQUEST NO. 7:**

All documents describing your, or Heath Mason's , N&M, Inc.'s, Netherland & Mason, Inc.'s or any Screening Company's record keeping practices relating to the provision of Medical Services or Screening Services provided to any person for an Asbestos-Related Disease.

**REQUEST NO. 8:**

All documents produced or provided by you or any member of your immediate family in response to any request or subpoena from the United States Congress, or any Committee or Member thereof.

**REQUEST NO. 9:**

All documents indicating any application for and certifications and/or licensing you have received with any state or federal agency.

**REQUEST NO. 10:**

All documents relating to your training to perform any Medical Services or Screening Services.

**REQUEST NO. 11:**

All documents and pleadings from your divorce file with Mr. Heath Mason relating to N&M, Netherland & Mason, Inc. or any Screening Company.

**REQUEST NO. 12:**

All documents relating to any current or prior notice of review from any health-related agency or regulatory body, authority, governmental agency, claims services, service provider, or claims manager that you or Heath Mason, N&M, Inc., Netherland & Mason, Inc. or any Screening Company have received related to the sufficiency, reliability and/or acceptability of practices and procedures for providing Medical Services or Screening Services.

**REQUEST NO. 13:**

All documents relating to any current or prior legal action or proceeding where a court, adjudicating body, or judge has addressed, questioned, considered, made a determination related to, or otherwise referred to the sufficiency, reliability and/or acceptability of your, Heath Mason's, N&M, Inc.'s, Netherland & Mason, Inc.'s or any Screening Company's practices and procedures for providing Medical Services or Screening Services.

**REQUEST NO. 14:**

All documents relating to, and identifying, any health-related agency or regulatory body, authority, governmental agency, claims services, service provider, or claims manager who has ever deemed your, Heath Mason's, N&M, Inc.'s, Netherland & Mason, Inc.'s or any Screening Company's practices and procedures for providing Medical Services or Screening Services to be insufficient, unreliable, and/or otherwise unacceptable.

**REQUEST NO. 15:**

All documents relating to any current or preceding regulatory or disciplinary action or proceeding against you, Heath Mason, N&M, Inc., Netherland & Mason, Inc. or any Screening Company and/or any Person with whom any of these entities are affiliated (including, without limitation, any medical facility or business with whom any of these entities are affiliated) related to any Medical Services or Screening Services.

**REQUEST NO. 16:**

All documents reviewed and/or used by you to prepare for the deposition noticed herewith.

8