**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF REED SMITH LLP**
**FOR THE TWENTY-FIRST INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Reed Smith LLP for the Twenty-First Interim Period.

**BACKGROUND**

1.  Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors. In the Application, Reed Smith seeks approval of fees totaling $737,153.00 and costs totaling $18,268.23 for its services from April 1, 2006, through June 30, 2006.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Reed Smith an initial report based on our review, and received a response from Reed Smith, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted that two entries by MTH ($140) totaling 5.9 hours appear to be clerical in nature. The entries are provided below.

| | | | |
|---|---|---|---|
| 06/15/06 | MTH | 2.00 | ........; compiled and distributed various documentation (including articles and depositions) for reproduction of same (1.2). |
| 06/16/06 | MTH | 4.70 | Compile and reproduce government's expert documentation and distribute same to W. R. Grace litigation team. |

We have been consistent in recommending that clerical tasks be billed at no more than $80.00 per hour. In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 855 n.34 (3rd Cir. 1994), the Court stated that "the statute [11 U.S.C. 330] plainly specifies that the type of service performed by a paralegal (including whether it is clerical) affects the rate of compensation, not compensability vel non." Busy Beaver at 849. In keeping with that opinion, we asked Reed Smith to explain why the time for these activities should not be compensated at $80.00 per hour. Reed Smith's response is provided as Response Exhibit 1. We appreciate the response and concur with the proposed reduction of $144.00 for the specified entries. Thus, we recommend a reduction of $144.00 in fees.

4.      We noted that the expense summary in the application shows $1,098.60 for air travel, but we find no detail to support the entry. We asked Reed Smith to provide a listing of all entries

covered by the figure, along with documentation that the flight or flights were booked at coach or economy level. The firm's response is provided as Response Exhibit 2. We appreciate the response and offer no objection to this expense.

5. We noted that Reed Smith appears to be still charging $.15 per page for printing. Effective February 1, 2006 the Delaware Local rules were amended, lowering the maximum printing charge to $.10 per page. We asked Reed Smith to recalculate all printing charges throughout the application period and indicate the proper monetary reduction. The firm's response is provided as Response Exhibit 3. We appreciate the response and thus recommend a reduction of $2,838.25 in expenses.

## CONCLUSION

6. Thus, we recommend approval of fees totaling $737,009.00 ($737,153.00 minus $144.00) and costs totaling $15,429.98 ($18,268.23 minus $2,838.25) for Reed Smith's services from April 1, 2006, through June 30, 2006.

                                                    Respectfully submitted,

                                                    **WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
                                                    Warren H. Smith
                                                    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1270
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 5th day of December, 2006.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Richard Keuler, Esq.
Reed Smith LLP
1201 Market Street, Ste. 1500
Wilmington, DE 19801

Douglas Cameron
Reed Smith LLP
P. O. Box 2009
Pittsburgh, PA 15230-2009

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Response Exhibit 1

1. In Paragraph 3 of the Initial Report, the Fee Auditor observes that two entries by Mariel T. Howard entered for June 15 and 16, 2006 (respectively), totaling 5.9 hours, appear to be clerical in nature. On June 15, 2006, Ms. Howard billed 1.2 hours for "compil[ing] and distribut[ing] various documentation (including articles and depositions) for reproduction of same," and on June 16, 2006, Ms. Howard billed 4.7 hours for "compil[ing] and reproduc[ing] government's expert documentation and distribute same to W.R. Grace litigation team." Ms. Howard's hourly rate during this period was $140.

2. Ms. Howard is a paralegal for Reed Smith and provides paraprofessional assistance to Reed Smith attorneys in their representation of the Debtors. In that capacity, one of her tasks is to maintain, manage and work with voluminous sets of documents and related materials relating to various issues in the Debtors' grand jury investigation and criminal prosecution pending in Montana. With respect to that task, Ms. Howard is required not only to be able to locate and provide materials to Reed Smith attorneys upon their request (and occasionally to reproduce those materials, if needed), but also to have a substantive understanding of the materials' contents to determine what materials are responsive to an attorney's request.

3. Ms. Howard's time entries for June 15 and 16, 2006 reflect time spent reviewing and identifying documents that were required to be circulated to the Reed Smith litigation team, and in preparing those documents to be copied and circulated. The June 15 charges do not include any time spent on the actual copying of any of those documents; however, a portion of the June 16 charge does reflect time spent copying documents collected for distribution. Reed Smith believes that all of the time entered for June 15, and no less than half of the time entered for June 16, reflect paraprofessional work that should be compensated at Ms. Howard's full hourly rate of $140.

4. Given the foregoing, Reed Smith believes that the full 1.2 hours charged on June 15, 2006, and 2.3 hours of the 4.7 hours charged on June 16, 2006, should be paid at full value ($140 per hour). Reed Smith agrees that the balance of the time charged on June 16, 2006 (2.4 hours) should be charged at the clerical task rate of $80. This would result in a fee reduction of $144, which Reed Smith will not contest.

Response Exhibit 2

The air travel charge in question is detailed at page 3 of the expense detail for the Grand Jury Investigation Matter (Matter No. 60035) in Reed Smith's Sixtieth Monthly Fee Application. The entry states as follows:
> Air Travel Expense - - VENDOR: JAMES J. RESTIVO, JR. TRAVEL TO AND FROM WASH DC FOR MEETING WITH DAVE EVANS (6/13/06) [$1,098.60]

This expense entry corresponds to the fee entry on June 13, 2006 for James J. Restivo, Jr., which is set forth at page 8 of the fee detail for the Grand Jury Investigation Matter (Matter No. 60035) in Reed Smith's Sixtieth Monthly Fee Application, and which states:
> Meeting with D. Evans and W. Jacobson in Washington, DC. [4.0]

Documentation of this air travel charge is attached hereto as Exhibit A. Mr. Restivo's trip from Pittsburgh to Washington, DC was booked on a US Airways Express flight, which service did not offer any first-class seats. Mr. Restivo's return flight to Pittsburgh was via first-class carriage; however, this was a result of a free upgrade based on Mr. Restivo's membership in US Airways' preferred traveler program. The return flight was charged to the Debtor at the coach-class rate.

Response Exhibit 3

Reed Smith has reviewed the amended Local Rules, and has specifically reviewed Local Rule 2016-2(e)(iii), which states that rates for copying charges shall not exceed $.10 per page. Until now, Reed Smith has charged $.15 per page for in-house copying, printing and scanning, and on occasion has charged $1.00 per page for in-house color copying projects. Reed Smith will revise its per-page in-house copying, printing and scanning charges going forward to comply with the amended Local Rule.

With respect to the in-house copying, printing and scanning charges reflected in Reed Smith's 21st Quarterly Fee Application, the re-calculated charges from each of the expense details included in the application are set forth in the chart below.

| Monthly App. | Matter Name/Invoice No. | No. of Pages | Re-Calculated Charge |
|---|---|---|---|
| 58th Monthly App. (April 2006) | Litigation and Litigation Consulting (60026) (Inv. No. 1406952) | 1,151 | $115.10 |
| 58th Monthly App. (April 2006) | Grand Jury Investigation (60035) (Inv. No. 1409653) | 19,194 | $1,919.40 |
| 59th Monthly App. (May 2006) | Litigation and Litigation Consulting (60026) (Inv. No. 1417488 | 825 | $82.50 |
| 59th Monthly App. (May 2006) | Grand Jury Investigation (60035) (Inv. No. 1417491) | 10,602 | $1,060.20 |
| 60th Monthly App. (June 2006) | Litigation and Litigation Consulting (60026) (Inv. No. 1429967) | 865 | $86.50 |
| 60th Monthly App. (June 2006) | Grand Jury Investigation (60035) (Inv. No. 1429968) | 19,508 | $1,950.80 |

**Total Recalculated Charge: $5,214.50**

**Total Copying/Printing/Scanning Charges in 21st Quarterly App.: $8,052.75**

**Difference: $2,838.25**

Reed Smith will not contest a $2,838.25 reduction in its compensation due to the recalculation of its in-house copying/printing/scanning charges in the 21st Quarterly Application.