# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP
## FOR THE TWENTY-FIRST INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Twenty-First Interim Fee Application of Stroock & Stroock & Lavan, LLP (the "Application").

## BACKGROUND

1. Stroock & Stroock & Lavan, LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors. In the Application, Stroock seeks approval of fees totaling $332,978.00 and costs totaling $5,849.79 for its services from April 1, 2006, through June 30, 2006, as well as payment of fees and costs of $63,467.50 for Navigant Consulting ("Navigant"), an asbestos issues expert[1].

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, Local Rule

---

[1] We do not review the fees and costs of Navigant, and thus we do not render any opinion on these fees and costs.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Stroock 21int 4-6.06.wpd

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Stroock an initial report based on our review, and received a response from Stroock, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted six meetings or hearings in which multiple Stroock professionals participated. These are provided as Exhibit A. We asked Stroock to examine the exhibit and in each instance state why it was necessary for each professional to be present and what specific area of expertise each brought to the meeting. Stroock's response is provided as Response Exhibit 1. We appreciate the response and offer no objection to these fees.

## CONCLUSION

4. Thus we recommend approval of fees totaling $332,978.00 and costs totaling $5,849.79 for Stroock's services from April 1, 2006, through June 30, 2006.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 5th day of December, 2006.

_____
      Warren H. Smith

**SERVICE LIST**
<u>Notice Parties</u>

**The Applicant**
Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1. On April 17, 2006, AK, LK and KP attended a hearing. The total time spent including any preparation and non-working travel time was 14.80 hours[2] for a total fee of $8,920.00. Please explain why this hearing required the attendance of three firm members?

04/17/2006     Travel time to and from Delaware (2.0).
               Kruger, L.     2.0

04/17/2006     Travel to Wilmington, DE for omnibus hearing (2.0).
               Pasquale, K.     2.0

04/14/2006     Attend to 4/17/06 hearing notice (.1); office conference LK re: hearing (.1); conference call D. Bernick re: hearing (.1).
               Krieger, A.     0.3

04/14/2006     Office conference with A. Krieger regarding agenda for Court hearing (.2); telephone call with D. Bernick regarding agenda for Court hearing, presentations and mediation effort (.2); preparation for hearing on 4/17 (.2).
               Kruger, L.     0.6

04/14/2006     Preparation for April 17 omnibus hearing (.8).
               Pasquale, K.     0.8

04/17/2006     Attend (telephonically) court hearing (1.9) and prepare memorandum to the Committee re: same (1.0).
               Krieger, A.     2.9

04/17/2006     Preparation for and attend court hearing regarding mediation, exclusivity, estimation, questionnaire issues and Libby claimants (3.2).
               Kruger, L.     3.2

04/17/2006     Preparation for and participated in omnibus court hearing (3.0).
               Pasquale, K.     3.0

2. On April 19, 2006, AK, LK and KP attended a mediation session. The total time spent including any preparation time was 20.00 hours for a total fee of $13,462.50. Please explain why this mediation session required the attendance of three firm members?

---

[2] Time for this entry was located in the following two Project Categories - (i) Travel - Non-Working and (ii) Hearings.

**FEE AUDITOR'S FINAL REPORT** - Page 5
wrg FR Stroock 21int 4-6.06.wpd

04/03/2006  Office conference LK re: mediation (.1).
  Krieger, A.    0.1

04/04/2006  Telephone call Judge Pointer re: status of mediation (.1); telephone call Jan Baer re: mediation status (.1).
  Krieger, A.    0.2

04/04/2006  Telephone call with K. Pasquale, A. Krieger and Company regarding presentation regarding upcoming motions, Court hearing and mediation (.6); telephone call with Judge Pointer regarding mediation status (.2).
  Kruger, L.    0.8

04/10/2006  Office conference LK, KP re: conversation with Judge Pointer regarding asbestos committees' agreement and then with T. Maher re: same and mediation session (.6).
  Krieger, A.    0.6

04/10/2006  ..............; confer with Kruger, Krieger re: mediation issues (.8).
  Pasquale, K.    0.9

04/11/2006  Confer L. Kruger re: mediation issues (.3); attention to same (.4).
  Pasquale, K.    0.7

04/13/2006  Telephone call with M. Shelnitz regarding mediation.
  Kruger, L.    0.4

04/14/2006  Office conferences LK re: mediation and 4/19/056 meeting (.2); attend to memoranda re: mediation (.1).
  Krieger, A.    0.3

04/14/2006  Emails regarding mediation arrangements (.3).
  Kruger, L.    0.3

04/18/2006  Telephone conference M. Shelnitz, J. Baer, R. Fink re: mediation, upcoming matters (.4); exchanged memoranda with L. Hamilton, S. Cunningham re: 4/19/06 mediation session (.1); telephone call S. Cunningham re: same, Committee meeting (.2); telephone call Judge Pointer re: mediation session (.2); telephone conference E. Ordway re: mediation (.1); attend to financial information (.4).
  Krieger, A.    1.4

04/18/2006  Attend to preparation for 4/19/06 mediation session (1.2).
  Krieger, A.    1.2

04/18/2006  Telephone call with K. Pasquale and Judge Pointer regarding his attendance at the

        mediation by phone (.3); preparation for mediation (.6); prepare for and meeting with E. Ordway regarding financial review prior to mediation (.2).
        Kruger, L.    1.1

04/18/2006    Conference call with debtors, counsel re: plan mediation (.4); preparation for mediation and related issues (.8).
        Pasquale, K.    1.2

04/19/2006    Office conference E. Ordway re: mediation (.2); meeting with LK, KP and Ed Ordway re: mediation and review of financial information (.2); mediation with Judge Pointer and representatives for the asbestos committee and futures representatives (2.0).
        Krieger, A.    2.4

04/19/2006    Office conference with K. Pasquale, A. Krieger and E. Ordway preparing for mediation with ACC, PD, PI and FR (1.2) and with ACC, PD, PI, FR, Financial Advisors and Judge Pointer at which proposal presented (1.5).
        Kruger, L.    2.7

04/19/2006    Preparation for and mediation session with PD, PI, FCR (3.5); conference call with T. Maher re: same (.3); reviewed Sealed Air PI claims estimation expert reports re: claims issues (2.0).
        Pasquale, K.    5.8

3. On May 30, 2006, AK, LK and KP attended a mediation session. The total time spent including any preparation time was 24.90 hours[3] for a total fee of $17,010.00. Please explain why this mediation session required the attendance of three firm members?

05/30/2006    Pre mediation meeting with LK, KP and Capstone (1.7);..........
        Krieger, A.    2.4

05/17/2006    ..............; office conference with K. Pasquale and A. Krieger and telephone call with bank debt holder regarding mediation (.4); telephone call with E. Inselbach regarding mediation (.2); telephone call with T. Maher regarding mediation results and next steps (.4);..............
        Kruger, L.    2.5

05/17/2006    Confer L. Kruger, A. Krieger re: mediation issues (.3); telephone conferences certain bank debt holders re: mediation participation (.3);...........
        Pasquale, K.    1.2

---

[3] Time for this entry was located in the following two Project Categories - (i) Committee, Creditors', Noteholders', or Equity Holders' and (ii) Plan and Disclosure Statement.

**FEE AUDITOR'S FINAL REPORT** - Page 7
wrg FR Stroock 21int 4-6.06.wpd

| | |
|---|---|
| 05/19/2006 | Attention to Capstone analysis and related mediation issues (.5).<br>Pasquale, K.    0.5 |
| 05/22/2006 | Office conference with K. Pasquale, A. Krieger and M. Epstein regarding mediation issues (.7); telephone calls with large debt holders regarding attendance at mediation (.2); telephone call with another large debt holder regarding attendance at mediation (.3).<br>Kruger, L.    1.2 |
| 05/22/2006 | Confer A. Krieger, L. Kruger re: mediation position of Committee (.5).<br>Pasquale, K.    0.5 |
| 05/23/2006 | Telephone conferences A. Krieger and certain bank debt holders re: mediation (.4); attention to mediation issues (.3).<br>Pasquale, K.    0.7 |
| 05/24/2006 | Attend to multiple memoranda re: bank debt holders determination not to attend mediation (.2); attend to multiple memoranda and conference call with Judge Pointer and Robin Hinkle re: 5/30/06 mediation (.6); memorandum to LK re: substance of conversation with mediator (.1); attend to memoranda from R. Hinkle re: confirming 5/30/06 mediation and memoranda to LK, KP re: same (.3); attend to parties' memoranda re: attendance at mediation (.2); telephone call and exchanged memorandum with G. Becker re: mediation (.4).<br>Krieger, A.    1.8 |
| 05/24/2006 | Review R. Hinkel's emails regarding mediation (.2).<br>Kruger, L.    0.2 |
| 05/24/2006 | Telephone conference to mediators with A. Krieger re: status (.3).<br>Pasquale, K.    0.3 |
| 05/25/2006 | Attend to memoranda to the Mediator re: Committee members attendance at the Mediation (.2); attend to parties' memoranda re: mediation participants (.1).Krieger, A.    0.3 |
| 05/26/2006 | Preparation for mediation session (recent Capstone work) (.8).<br>Pasquale, K.    0.8 |
| 05/29/2006 | Attend to analyses for 5/30/06 mediation.<br>Krieger, A.    0.4 |
| 05/30/2006 | Mediation at Kirkland & Ellis with members of the Creditors' Committee and |

representatives for all parties (3.2) follow-up meeting with Committee members (.5).
Krieger, A.     3.7

05/30/2006   Office conference with K. Pasquale, A. Krieger, E. Ordway and S. Cunningham preparing for mediation and considering prospects and strategy (2.0); mediation at Kirkland & Ellis (3.7).
Kruger, L.     5.7

05/30/2006   Preparation for and mediation session with all parties (5.5).
Pasquale, K.     5.5

4. On May 10, 2006, AK, LK and KP attended a mediation session. The total time spent including any preparation time was 17.00 hours for a total fee of $11,272.50. Please explain why this mediation session required the attendance of three firm members?

05/09/2006   Telephone call Robin Hinkle re: mediation (.2);.................
Krieger, A.     0.5

05/10/2006   Exchanged memoranda with LK re: mediation (.1); telephone call R. Hinkle re: mediation (.1); telephone call Ed Ordway re: mediation (.1); exchanged memoranda with R. Hinkle re: mediation (.2);...........
Krieger, A.     1.1

05/11/2006   Attend to multiple memoranda re: 5/16/06 mediation session and additional scheduling matters (.6).
Krieger, A.     0.6

05/12/2006   Memorandum to R. Hinkle re: mediation (.1); exchanged memoranda with S. Baena re: same (.1).
Krieger, A.     0.2

05/15/2006   Telephone call Ed Ordway re: mediation (.1); exchanged memoranda with LK re: mediation inquiry (.1); attend to memoranda re: mediation (.3).
Krieger, A.     0.5

05/15/2006   Preparation for mediation, review of financial information and POR (.6); office conference with A. Krieger regarding mediation (.1).
Kruger, L.     0.7

05/15/2006   Preparation for mediation (review of Capstone analyses) (.8).
Pasquale, K.     0.8

05/16/2006   Preparation for mediation (1.2); to midtown office and meeting with Ed Ordway, LK

and KP re: mediation (1.3); mediation at Kirkland & Ellis with representatives for all parties and follow-up meeting with representatives (2.8).
Krieger, A.     5.3

05/16/2006   Office conference with K. Pasquale, A. Krieger, E. Ordway preparing for mediation (1.6); attend mediation with K. Pasquale, A. Krieger, D. Bernick, E. Inselbach, et al. (2.1);...........
Kruger, L.     4.4

05/16/2006   Preparation for and mediation session re: POR and related discussions with debtor's counsel.
Pasquale, K.     4.5

5. On June 10, 2006, AK, LK and KP attended a meeting. The total time spent including any preparation time was 15.30 hours for a total fee of $10,135.00. Please explain why this meeting required the attendance of three firm members?

| Date | Initials | Hours | Description |
|---|---|---|---|
| 06/01/06 | AK | 2.70 | ...........; attend to Capstone analysis (.8); prepare materials for Committee meeting with the Debtors (.6); exchanged memoranda with Committee member re meeting (.3); exchanged memoranda with Pam Zilly re: meeting participants (.2); attend to presentation materials for June 2, 2006 meeting with the Debtors (.6). |
| 06/01/06 | KP | 0.50 | Preparation for meeting with company/review of company's presentation materials (.5). |
| 06/02/06 | AK | 4.50 | Committee meeting with Grace representatives (4.3);......... |
| 06/02/06 | LK | 4.00 | Preparation for and conference with Committee and Tarola, Shelnitz, Baer, et al. regarding 2006 business plan, legal issues and strategy (4.0). |
| 06/02/06 | KP | 4.00 | Committee meeting with company and professionals re: business plan, status (4.0). |

6. On June 19, 2006, KP, AK and LK attended a hearing in Pittsburgh. The total time spent including any preparation and non-working travel time was 14.40 hours[4] for a total fee of $8,295.00. Please explain why this hearing required the attendance of three (3) firm members?

| Date | Initials | Hours | Description |
|---|---|---|---|
| 06/19/06 | LK | 3.60 | Travel attending Grace hearing (3.6) |

---

[4] Time for this entry was located in two (2) Project Categories - (i) Travel - Non Working and (ii) Hearings.

| Date | Initials | Hours | Description |
|---|---|---|---|
| 06/19/06 | KP | 2.00 | Travel attendant to omnibus hearing (split w/USG) (2.0). |
| 06/16/09 | LK | 0.80 | Preparation for Omnibus hearing (.5); telephone call with M. Shelnitz regarding upcoming Court hearing and NJ issues (.3). |
| 06/16/06 | KP | 0.50 | Preparation for omnibus hearing (.5). |
| 06/19/06 | AK | 2.40 | Attend hearing (telephonically) before Judge Fitzgerald re: status of plan mediation (2.3);............ |
| 06/19/06 | LK | 2.70 | Preparation for and participation in Omnibus Hearing regarding mediation and bar date (2.7). |
| 06/19/06 | KP | 2.50 | Participation for and participated in omnibus hearing (2.5). |

Response Exhibit 1

The Report notes six hearings or meetings in which three firm professionals participated and seeks an explanation as to the need for each participant to be present and the specific area of expertise each professional brought to each hearing or meeting. (Report at paragraph 3).  In responding to the Report, Stroock has combined several of the meetings or hearings, as appropriate.

As a general response, Stroock states it has informed the Fee Auditor on several prior occasions that the issues in these cases require from time to time the participation at meetings and hearings of professionals with expertise from different disciplines within Stroock and depending upon the needs of the particular matter at issue, professionals at different levels of responsibility within the same legal discipline.  As the Application generally reflects, Mr. Kruger, a senior partner in the financial restructuring group, while certainly knowledgeable about the day to day motions filed in these cases, focuses on global and all long-term plan and chapter 11 strategy and emergence issues, including issues in respect of plan exclusivity, as well as other chapter 11 issues of importance to the Creditors' Committee.  Mr. Pasquale, a partner in the litigation department, focuses upon all of the litigation and asbestos claim-related issues in these cases, including all aspects of the asbestos claims' estimation and objection proceedings in these cases, and is necessarily involved in plan and emergence issues given the material impact that asbestos–related issues have on these matters.  Ms. Krieger has the day to day overall responsibility for these cases including review of all motions and pleadings filed in these cases before Judge Fitzgerald, prepares many of the memoranda for the Creditors' Committee and provides bankruptcy-related services including those with respect to plan structure, confirmation and emergence issues inherent in these cases.  It is Stroock's position that each of these professionals play necessary but distinct roles in the proceedings which are not duplicative and for whose services Stroock should be compensated in full.  Indeed, these three attorneys, with few exceptions, constitute the Stroock "team" responsible for this matter, thereby ensuring efficiency and consistency in the representation of the Creditors' Committee.

April 17, 2006 Hearing
<u>June 19, 2006 Hearing</u>

Exhibit A to the Report notes that Messrs Kruger and Pasquale and Ms. Krieger attended hearings on April 17, 2006 (the "April 17 Hearing") in Wilmington, DE. and June 19, 2006 (the "June 19 Hearing") in Pittsburgh, PA.  The Report states that the total time spent in connection with the April 17 Hearing, including preparation and non-working travel time was 14.8 hours for a total fee of $8,920.00[1] and that the total time spent in connection with the June 19 Hearing, including preparation and non-working travel time was 14.4 hours for a total fee of $8,295.00.

As a general matter, whether multiple attorneys from Stroock attend a certain hearing is dependent on the nature and importance of the matters to be heard by the Court.  It happened to be that the matters to be heard during the April 17 Hearing and June 19 Hearing addressed certain of the central

---

[1] Stroock observes that not all of the fees included in this amount result from the fact that more than one attorney attended the April 17 Hearing and reserves its rights to further address this point should that become necessary.

**FEE AUDITOR'S FINAL REPORT** - Page 12
wrg FR Stroock 21int 4-6.06.wpd

issues in these cases today. During the April 17 Hearing, the Court was scheduled to hear (i) argument on the Debtors' motion for a further extension of their exclusive plan and solicitation periods, a position strongly opposed by the asbestos committees and the representative for future asbestos claims, (ii) a status report on the mediation of a consensual plan of reorganization, (iii) argument on a number of asbestos claims' estimation and objection-related matters, including obtaining discovery for the PI Estimation from the Libby Claimants and (iv) the Libby Claimants' motion to have the Debtors' estates pay, as administrative expenses, the legal fees and expenses of the Libby Claimants' counsel in connection with services rendered in the PI Estimation and plan process; a position which the Creditors' Committee filed an objection to and counsel from Stroock prepared to argue to the Court. During the June 19 Hearing, the Court was scheduled to hear a report on the status of the plan mediation. Although a number of mediation sessions had been held during March, April and May 2006 and a proposal was made and considered, the Creditors' Committee and other parties in interest had not been able to reach agreement on a framework for a fully consensual plan. Various parties reached the conclusion and wanted to convey to the Court the view that further mediation sessions would not be fruitful at this time, and that the Court should move forward without further delay to estimate the magnitude of the Debtors' liability for asbestos personal injury claims, to adjudicate the Debtors' objections in respect of asbestos property damage claims and to issue the Court's decision on ZAI.

Given the breadth and importance to the Creditors' Committee of the issues expected to be heard by the Court at these Hearings, it is Stroock's view that it was appropriate for both Messrs Kruger and Pasquale to attend these Hearings in person. Ms. Krieger only attended the Hearings telephonically. It is Stroock's position that it was more effective for its representation of the Creditors' Committee, as well as efficient for these estates, for Ms. Krieger to listen to the Hearings, rather than debrief Messrs Kruger or Pasquale and then read the transcript weeks later when it ultimately is entered on the Court's docket. Further, telephonic attendance at the Hearings enables Ms. Krieger to promptly communicate about the Hearings to the Creditors' Committee and to respond to the calls she receives from unsecured creditors after the Hearings are concluded. Stroock therefore submits that the compensation sought in respect of the services rendered in connection with the April 17 Hearing and the June 19 Hearing should be allowed in its entirety.

**April 19, 2006, Mediation Session**
**May 16, 2006[2], Mediation Session**
**May 30, 2006 Mediation Session**

As stated above, the Report notes that three firm professionals participated in these meetings and seeks an explanation as to the need for each participant to be present and the specific area of expertise each brought to the meeting. (Report at paragraph 3).

---

[2] The Fee Auditor's Report incorrectly identifies this mediation session that took place on May 16, 2006 as one that occurred on May 10, 2006.

As reflected in the Application, following the February 21, 2006 hearing, Judge Fitzgerald appointed a mediator to assist the parties with negotiations aimed at achieving a fully consensual plan. The first mediation session occurred over a two-day period in March 2006.

The three meetings identified in the Report were plan mediation sessions conducted by Judge Pointer and/or his partner Robin Hinkle that Stroock attended along with representatives for each of the asbestos committees and the futures claim representative, and various other parties.[3] The Creditors' Committee also attended the May 30, 2006 mediation session.

Clearly, these plan mediation sessions require the participation of each of the three Stroock attorneys with primary responsibility for this matter because each brings a specific expertise and knowledge base to the mediation process. Mr. Kruger's role is apparent as lead counsel and principal spokesperson on behalf of the Creditors' Committee. In addition, given that negotiations over a plan for these cases necessarily have to address the parties' disparate views about the magnitude of the Debtors' liability for asbestos personal injury and property damage claims, a plan structure to provide for those claims and the as yet unquantified potential liabilities stemming from criminal and civil actions pending against the Debtors by various governmental entities the participation of Mr. Pasquale in all such plan mediation sessions is essential. Further, the efficient and effective representation of the Creditors' Committee also requires the participation of Ms. Krieger, whose day-to-day knowledge of each of the particular events in the bankruptcy cases is likewise essential to informing the Committee's positions on the issues pertinent to the mediation effort. Moreover, Ms. Krieger, on behalf of the Creditors' Committee, has responsibility for communicating with the Debtors and their advisors in the preparation of the plan on file with the Court and ensuring that it embodies the Creditors' Committee's comments and would be similarly responsible for services related to the preparation of any amendments to the current plan or any other plan. Accordingly, Stroock submits that the proper representation of the Creditors' Committee at each mediation session identified by the Fee Auditor required the participation of each of Messrs. Kruger and Pasquale and Ms. Krieger in the performance of their respective distinct roles in these cases on behalf of the Creditors' Committee.

Stroock further states that all of the services that were rendered in advance of, and in preparation for, these mediation sessions had to be rendered on behalf of the Creditors' Committee no matter how many attorneys from Stroock actually attended the mediations. These services include, but are not limited to, discussions and meetings to review relevant financial information and plan proposals with Capstone Advisory Group, the Creditors' Committee's financial advisor, discussions with and the preparation of memoranda for the Creditors' Committee, and communications with Judge Pointer,

---

[3] Because these discussions are confidential, Stroock is not able to provide more detail in this Response as to the matters discussed during the mediation sessions, or to provide any more detail with respect to the services it rendered in connection with preparing for these services and its communications with the Creditors' Committee and the Committee's financial advisor, Capstone, beyond the detail already provided in the Application.

**FEE AUDITOR'S FINAL REPORT** - Page 14
wrg FR Stroock 21int 4-6.06.wpd

Robin Hinkle, Debtors' counsel and others regarding the mediations.[4] Accordingly, Stroock submits that the compensation sought in respect of all of the services identified by the Report as having been rendered in connection with the mediation sessions should be allowed in its entirety.

June 2, 2006 Meeting[5]

This in-person Creditors' Committee meeting, held in New York, was attended by Messrs. Kruger and Pasquale and Ms. Krieger. The Report states that such counsel billed an aggregate amount of $10,135.00 for 15.3 hours of time in connection with this meeting including preparation time. The meeting was lengthy, lasting four (4) hours, and contained full presentations from the Debtors and their advisers on numerous matters and a discussion with the Creditors' Committee. The matters addressed by the Debtors with the Committee include, among other matters, the Debtors' 2006 business plan and the results of the Debtors' financial performance in 2005, issues in respect of the PI Estimation, the PI Questionnaire and various other asbestos claim-related matters, issues in respect of the pending criminal and civil actions against the Debtors, the Debtors' consideration of an acquisition of another business and the status of pending motions and upcoming matters. As already stated, it is Stroock's position that Messrs. Kruger, Pasquale and Ms. Krieger play roles which are distinct from each other and bring different and necessary expertise and services to the Creditors' Committee. Consequently, Stroock believes that the attendance of all of the counsel presented at the June 2, 2006 meeting was appropriate, and that allowance of the compensation sought with respect to such services should be granted in its entirety.

While the Creditors' Committee and its professionals are very cognizant of concerns regarding professionals fees incurred in these cases, and makes every effort to avoid duplication of services, it is Stroock's position, in summary, that there are often times when attendance by multiple attorneys from Stroock are required and justified by the circumstances and breadth of and/or importance of the matters being addressed and that omnibus hearings before the Court, plan-related negotiations and Creditors' Committee meetings are often those types of circumstances.

Thank you for considering our response. Please do not hesitate to contact us, if you have any questions or would like to discuss any or all of these matters further.

---

[4] Stroock further notes that certain of the services identified in Exhibit A of the Report as services rendered with respect to these mediation sessions are not correctly identified by the Fee Auditor as services specifically related to the mediation sessions. Accordingly, Stroock reserves its rights to further address these entries and other specifically identified time entries should that become necessary.

[5] The Report incorrectly identifies this meeting that took place on June 2, 2006 as one that occurred

**FEE AUDITOR'S FINAL REPORT** - Page 15
wrg FR Stroock 21int 4-6.06.wpd