IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 13406 |
| | ) | |

PRELIMINARY DESIGNATION OF FACT
AND EXPERT WITNESSES RELATING TO THE
ALLEGED LACK OF HAZARD FROM DEBTORS' ASBESTOS
PRODUCTS OF CERTAIN ASBESTOS PROPERTY DAMAGE CLAIMANTS

Pursuant to the Court's October 13, 2006 Amended Scheduling Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims, Speights & Runyan ("S&R"), by and on behalf of Anderson Memorial Hospital ("Anderson") and the class of property damage claimants it seeks to represent, hereby preliminarily designates the following fact and expert witnesses with respect to the issues of the alleged lack of hazard from the Debtors' asbestos products:

**Fact Witnesses**

1. Subject to its reservation of rights, Anderson identifies Marc Chapman, previously taken on April 10, 1995 in Anderson Memorial Hospital v. W. R. Grace & Co., 92-CP-25-279. The subject matter and substance of Mr. Chapman's testimony are fully set forth in the deposition transcript and exhibits attached thereto.

2. Subject to its reservation of rights, Anderson may offer deposition testimony of Hugh Kellog, previously taken on May 2, 1996 in Anderson Memorial Hospital v. W. R. Grace & Co., 92-CP-25-279. The subject matter and substance of Mr. Kellog's testimony are fully set forth in the deposition transcript and exhibits attached thereto.

3.  Subject to its reservation of rights, Anderson identifies William Ewing or another representative of Compass Environmental, 1751 McCollum Parkway, NW, Kennesaw GA 30144-5908. Representatives of Compass Environmental, including Mr. Ewing may offer testimony regarding inspections of buildings owned by Anderson Memorial Hospital, asbestos-contamination caused by the release of asbestos fibers from Debtors' products, bulk and debris sampling performed, operations and maintenance procedures undertaken to protect workers from exposure to asbestos, the chain of custody of those samples, and that those buildings contain asbestos materials manufactured by W. R. Grace & Co.

4.  Subject to its reservation of rights, Anderson identifies Dr. Donald Pinchin or a representative of Pinchin Environmental, 5749 Coopers Avenue Mississauga, Ontario LAZ 1R9, who will testify regarding the contamination caused by the release of asbestos fibers from Debtors' products in Canadian buildings, the operations and maintenance procedures undertaken to protect workers from exposure to asbestos, as well as the inspection of certain buildings and the chain of custody of samples taken. He may offer testimony in the field asbestos identification and buildings inspections, the need for operations and maintenance procedures to protect workers from asbestos exposure, the causes and effects of asbestos contamination, his work, experience and publications involving, and may testify regarding his expertise and experience with state and federal regulations as they relate to the identification, control and removal of asbestos-containing materials.

5.  Subject to its reservation of rights, Anderson identifies Dr. William Longo or another representative of Materials Analytical Services, 3945 Lakefield Court, Suwannee, GA 30024, who will testify regarding the analytical analysis of samples taken from buildings

owned by Anderson and other claimants, the chain of custody of those samples, and that those buildings contain asbestos materials manufactured by W. R. Grace & Co.

6. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Wilfred Archambo taken in *Connecticut Mutual Life v. W. R. Grace & Co.*, on April 24, 1995.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

7. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. C. Roy Babb taken in Bellsouth Communications v. W. R. Grace & Co. on June 30, 1994.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

8. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Harold Bishop taken in State Farm Mutual Insurance Co. v. W. R. Grace & Co., taken on May 13, 1992. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

9. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Ralph J. Bragg taken in Blue Cross and Blue Shield of SC/Multimedia Corporation v. W. R. Grace & Co., taken on January 18, 1990. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

10. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Glen Carpenter taken in Galbreath, et al v. United States Gypsum Co., on September 21, 1987.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

11. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Creighton Crowe taken in First Savings Bank, FSB v. W. R. Grace & Co., on September 3, 1992. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

12. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Robert Debastiani taken in Clayton Center Asso. v. W. R. Grace & Co., on September 11, 1991.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

13. Subject to its reservation of rights, Anderson may offer the deposition testimony of Dr. Arnold Rosenberg taken in Northridge Company/Southridge Company v. W. R. Grace & Co. on March 11, 1994. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

14. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Raymond Rothfelder taken in Clayton Center Asso v. W. R. Grace & Co., taken on September 4, 1991. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

15. Subject to its reservation of rights, Anderson may offer the deposition testimony of Dr. William Smith taken in Mercer University v. National Gypsum Co., taken on January 21 and 22, 1986. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

16. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Wesley Snowden taken in Blue Cross and Blue Shield of SC v. W. R. Grace & Co., taken on April 4, 1990. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

17. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Samuel Templeton taken in Greenville County School Dist. v. W. R. Grace & Co. and Liberty Life Insurance Co. v. W. R. Grace & Co.; taken on January 4, 1984, July 16, 1984 and June 19, 1989. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

18. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Mr. Joseph M. Timmons taken in Greenville County School Dist. v. W. R. Grace & Co. on January 5, 1984 and July 12, 1984. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

19. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. James Verhalen, taken in Montana-Dakota Utilities v. W. R. Grace & Co., on August 14, 1991.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

20. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Carter Watson taken in R. Gordon Matthews, et al. v. Fluor Corp., on September 25, 1992.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

21. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Robert Walsh taken in Blue Cross and Blue Shield of SC v. W. R. Grace & Co., on May 24, 1990. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

22. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Elwood S. Wood taken in Greenville Hospital Systems v. W. R. Grace & Co., on January 16, 1988. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

23. Subject to its reservation of rights, Anderson may offer the deposition testimony of Dr. Douglas Fowler taken in Blue Cross and Blue Shield of SC v. W. R. Grace & Co. on November 30, 1990. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

24. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. James R. McLeod taken in Anderson Memorial Hospital v. W. R. Grace & Co. on April 14, 1994. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

25. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Floyd Gebert taken in Greenville City Hall v. W. R. Grace & Co. on January 17, 1986.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

26. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. J. Peter Grace taken in Greenville Hospital System and Liberty Life Insurance Co. on August 15, 1989. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

27. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Lloyd Grace taken in Clayton Center Asso v. W. R. Grace & Co. on May 18, 1990. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

28. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Charles Guenther taken in Clayton Center Asso v. W. R. Grace & Co on September 12, 1989.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

29. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Earl Lovick taken in Greenville County School Dist. v. W. R. Grace & Co. on December 20, 1983.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

30. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. P. J. Lyons taken in State Farm Mutual Insurance Co. v. W. R. Grace & Co on May 19, 1992.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

31. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Jeremiah McCarthy taken in Pacific Northwest Bell v. W. R. Grace & Co. on March 2, 1988.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

32. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Judson McDougal taken in Clayton Center Asso v. W. R. Grace & Co. on September 12, 1989.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

33. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Kenneth Millian taken in Jasper County/Blue Cross Blue Shield of SC v. W. R. Grace & Co on February 21, 1990. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

34. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Donald Mueller taken in In re: Massachusetts Asbestos Cases on March 22, 1984. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

35.  Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Marvin Odesky taken in the State of Maryland v. W. R. Grace & Co., et al on January 14, 1986.

The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

36.  Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Walter Payment in Greenville News/Blue Cross and Blue Shield of SC v. W. R. Grace & Co. and MDU v. W. R. Grace & Co. on January 16, 1990 and August 29, 1991. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

37.  Subject to its reservation of rights, claimant identifies Jack Halliwell, Halliwell Engineering Associates Incorporated, 865 Waterman Avenue, East Providence, RI 02914-1340. Mr. Halliwell may testify as to his opinion concerning the knowledge of building owners, designers and applicators about the presence and potential hazard of asbestos in Grace's Monokote products or relating to contamination from those products, Mr. Halliwell may testify in response to those issues. This expert testimony will, necessarily, include factual testimony regarding these topics as well.

38.  Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Robert M. Berhinig taken in the State of North Dakota v W. R. Grace & Co., et al on March 7, 1995. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

39.  Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Elijah David Bossier taken in the Security Homestead Association v. W. R.

Grace & Co., et al. matter on June 15, 1989. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

40. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. John P. Callahan taken in the Blue Cross/Blue Shield of SC v W. R. Grace & Co., et al on January 19, 1990. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

41. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Roger Cole taken in the City of Greenville v W. R. Grace & Co., et al on December 13, 1985. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

42. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. William Culver taken in the TransAmerica Insurance Corporation of California vs. W. R. Grace & Co., et al on June 6, 1995. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

43. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Robert T. Frohlich taken in the Clayton Center Associates v W. R. Grace & Co., et al on September 19, 1991. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

44. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Hal Garrett taken in the Liberty Life Insurance Company v W. R. Grace & Co., et al on June 2, 1989. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

45. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. William A. Garrison taken in the State of North Dakota v W. R. Grace & Co., et al on January 31, 1996. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

46. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Thomas E. Hamilton taken in the Greenville County School District v W. R. Grace & Co., et al on December 19, 1983. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

47. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. George D. Hitchcock taken in the Kershaw County Board of Education v W. R. Grace & Co., et al on November 4, 1986. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

48. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Richard L. Kempthorne taken in the Dock Crowe v Southern Textile Corporation, et al. on August 5, 1986. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

49. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Ross Lee taken in the Los Angeles Unified School District vs. Owens Corning Fiberglas Corp, et al. on February 21, 1992. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

50. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Robert A. Merther taken in the Anderson Memorial Hospital v W. R. Grace & Co., et al on September 18, 1995. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

51. Subject to its reservation of rights, Anderson may offer the deposition testimony of Ms. Marjorie Metcalf taken in the Anderson Memorial Hospital v W. R. Grace & Co., et al on December 8, 1994. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

52. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Fred Raymond Moody taken in the Associate Realty Investors/Piedmont Center v W. R. Grace & Co., et al on December 21, 1994. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

53. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Eugene Perrine taken in the State of North Dakota v W. R. Grace & Co., et al on September 7, 1995. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

54. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Paul B. Reif taken in the Richland County School District 1 v W. R. Grace & Co., et al on May 31, 1983. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

55. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Kurt A. Rose taken in the State of North Dakota v W. R. Grace & Co., et al on January 31, 1996. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

56. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Donald J. Ruble taken in the State of North Dakota v W. R. Grace & Co., et al on January 31, 1996. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

57. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Richard Schneider taken in the Richland County School District 1 v W. R. Grace & Co., et al on August 18, 1983. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

58. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Rodney M. Vining taken in the State of North Dakota v W. R. Grace & Co., et al on January 15, 1997. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

59. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Douglas P. Fowler taken in the Gate City Federal Savings Bank v. W. R. Grace & Co., et al on January 15, 1993. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

60. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Richard Kempthorne taken in the 7th Day Adventist v W. R. Grace & Co., et al on January 27, 1992. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

61. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Tom Martin taken in the Clayton Center Associates v W. R. Grace & Co., et al on October 3, 1991. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

62. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. Robert A. Murphy taken in the Prince George Center, Inc. v W. R. Grace & Co., et al on December 18, 1995. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

63. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. William B. Reitze taken in the In Re: Johns-Manville Corporation, et al. on June 17, 1986. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

64. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. James Verhalen taken in the University System of New Hampshire vs. National Gypsum, et al. on June 6, 1989. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

65. Subject to its reservation of rights, Anderson may offer the deposition testimony of Mr. John Frederick Welch taken in Re: Asbestos School Litigation on November 17, 1988. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

66. Subject to its reservation of rights, Anderson may offer the deposition testimony of Julie Chi Sun Yang taken in the Richland County School District One vs. Johns-Manville Sales Corp, et al. on June 1-2, 1983. The subject matter and substance of this testimony is fully set forth in the deposition transcript and exhibits attached thereto.

67. Subject to its reservation of rights, to the extent that the Debtors dispute the authenticity of admissibility of their own documents and records, Anderson reserves the right to call or designate the deposition testimony of Grace representatives regarding the source, content and authenticity of Grace's own records.

**Expert Witnesses**

1. Subject to its reservation of rights, Henry A. Anderson, M.D, 1 West Wilson Street, Room 150, Madison, WI 53702. Dr. Anderson is an epidemiologist and a medical doctor, board certified in Preventative Medicine, specializing in Occupational Medicine. He may offer testimony concerning the potential health effects of exposure to asbestos, including non-occupational and/or environmental exposure such as to in-place asbestos containing materials in buildings. He also may offer testimony concerning medical epidemiology with regard to asbestos health effects, applicable medical and scientific studies and literature, and as well, related issues of public health policy. He may offer further testimony in response to additional matters or testimony of other experts.

2.  Subject to its reservation of rights, William M. Ewing, CIH, Compass Environmental, Inc., 1751 McCollum Parkway, NW, Kennesaw GA 30144-5908. Mr. Ewing is a Certified Industrial Hygienist. He may offer testimony in the field asbestos identification and buildings inspections, the need for operations and maintenance procedures to protect workers from asbestos exposure, the causes and effects of asbestos contamination, his work, experience and publications involving, and may testify regarding his expertise and experience with state and federal regulations as they relate to the identification, control and removal of asbestos-containing materials.

3.  Subject to its reservation of rights, claimant identifies Jack Halliwell, Halliwell Engineering Associates Incorporated, 865 Waterman Avenue, East Providence, RI 02914-1340. Mr. Halliwell may testify as to his opinion concerning the knowledge of building owners, designers and applicators about the presence and potential hazard of asbestos in Grace's Monokote products or relating to contamination from those products, Mr. Halliwell may testify in response to those issues. This expert testimony will, necessarily, include factual testimony regarding these topics as well.

4.  Dr. William E. Longo, PhD., Materials Analytical Services, Inc., 3945 Lakefield Court, Suwannee, GA 30024. Dr. Longo may testify as to his opinion regarding the identification of products manufactured by W. R. Grace & Co. through the use of scientific constituent analysis techniques.

5.  Dr. Donald Pinchin, Pinchin Environmental, 5749 Coopers Avenue Mississauga, Ontario LAZ 1R9. Dr. Pinchin may testify as to his opinions regarding the identification of products manufactured by W. R. Grace & Co. and may further testify regarding his training and experience with respect to the various Provincial asbestos

regulations that apply to the identification, control and removal of asbestos-containing materials in the various Canadian Provinces. He may offer testimony in the field asbestos identification and buildings inspections, the need for operations and maintenance procedures to protect workers from asbestos exposure, the causes and effects of asbestos contamination, his work, experience and publications involving, and may testify regarding his expertise and experience with state and federal regulations as they relate to the identification, control and removal of asbestos-containing materials.

**Reservation of Rights**

Anderson and the claimants it represents reserve the right to supplement or amend its preliminary witness lists, witness disclosures, deposition designations, expert reports or other disclosures as new or additional information may become available, or as may be permitted by the applicable rules of procedure or the Court. Specifically, Anderson reserves its rights to amend, supplement or add additional witnesses in response to the evidence or witnesses disclosed by the Debtors. Additionally, Anderson and the claimants it represents further reserve the right to name or present new or additional fact or expert witnesses in rebuttal of any fact or expert witness identified by the Debtors and reserve their rights to use testimony identified by any other party.

DATED: December 7, 2006

Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:        loizides@loizides.com

- and -

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC  29924
Telephone:    (803) 943-4444
Facsimile:    (803) 943-4599

*Counsel for Anderson Memorial Hospital*