IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al., | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 13406 |

## DEBTORS' PRELIMINARY WITNESS DISCLOSURE
## FOR ADJUDICATION OF LACK OF HAZARD ISSUES

In accordance with this Court's October 13, 2006 Amended Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims ("PD Claims"), Docket No. 13406, the Debtors hereby submit their preliminary witness disclosures for the Adjudication of Lack of Hazard issues, as described in the 15th Omnibus Objection. This disclosure is divided into three parts. *First*, the Debtors list the fact witnesses that they anticipate calling to testify at the hearing live or by deposition, along with the subject(s) on which those witnesses are expected to testify. *Second*, the Debtors list the expert witnesses that they have retained to provide hearing testimony, the nature of their expertise, and the currently anticipated subject(s) of their testimony. *Third*, the Debtors identify other types of expert witnesses that they have not yet retained to testify at the hearing, but anticipate they may retain in the future, to provide hearing testimony.

In addition to the witnesses listed below, the Debtors reserve the right to call to testify at the hearing: (1) any fact or expert witness listed on any other party's witness disclosure for the Adjudication of Lack of Hazard issues; and, (2) any claimant who submitted a PD Claim, as well as any Person that signed any PD Claim proof of claim form, to testify regarding the facts surrounding the claims(s) that they submitted and/or signed. In addition, the Debtors continue to analyze the PD Claims submitted in these Chapter 11 cases and reserve the right to supplement

this disclosure with additional fact and expert witnesses that may be needed to address lack of hazard issues raised by those PD Claims.

I.      **Fact Witnesses**

1.      **EPA representative or other person knowledgeable** of the EPA's inspection and/or remediation work in Libby, MT, if necessary, to testify concerning the EPA's inspection and/or remediation work in Libby, MT area and/or Libby properties that have been, or will be, inspected and/or remediated by the EPA.

2.      **Custodian of Records**, if necessary, to authenticate Grace documents.

II.     **Retained Expert Witnesses**

3.      **Morton Corn, Ph.D.** Dr. Corn is an environmental health engineer and industrial hygienist. He holds a Ph.D. in industrial hygiene from Harvard University and is a professor emeritus in the Department of Environmental Health Sciences at Johns Hopkins University. Between October 1975 and January 1977, he served as Assistant Secretary of Labor for Occupational Safety and Health. In that capacity, he served as head of the Occupational Safety and Health Administration (OSHA). He has received many awards during his career, including the Cummings Award, which is given once a year by the American Industrial Hygiene Association for the most outstanding contribution in the field if industrial hygiene. Dr. Corn may testify about the current and historical standards, policies, and regulations applicable to asbestos and asbestos-containing products. He may explain the various methods and technologies for measuring asbestos in the air and may render an opinion as to asbestos levels in buildings. In addition, Dr. Corn may testify about assessing the risk to building occupants, maintenance workers, custodians and others of exposure to asbestos-containing materials in buildings. Dr. Corn may also comment on the issue of quantitative risk assessment and explain how government regulators have calculated theoretical risks for exposure to low levels of asbestos concentrations. He may also opine that such calculated theoretical risks can best be

understood when compared to other risks commonly experienced. He may give an opinion about any alleged release of asbestos from asbestos-containing materials and the potential for re-entrainment of particles from surfaces. He may also give an opinion about the maintenance of asbestos-containing materials under operations and maintenance plans, and the necessity or lack of necessity for removal or enclosure of asbestos-containing materials in buildings. Finally, he may also be expected to give testimony consistent with or analogous to the substance of the testimony given in previous property damage cases prosecuted by Martin Dies, Edward Westbrook and Daniel Speights on behalf of PD claimants.

4.    **William G. Hughson, M.D., D. Phil.** Dr. Hughson is a medical doctor and epidemiologist with extensive expertise in the evaluation and treatment of patients who have been exposed to asbestos. He holds an M.D. from the University of Calgary and a Ph.D. in epidemiology from Oxford University, where he was a Rhodes Scholar. He is Board Certified by the American College of Physicians in internal medicine and pulmonary medicine, and is Board Certified by the American Board of Preventive Medicine in occupational medicine. Dr. Hughson is currently Director of the Center of Occupational & Environmental Medicine and Clinical Professor of Medicine at the University of California. Dr. Hughson's testimony will address the relationship between asbestos exposure and disease. Dr. Hughson will describe, based on his clinical experience as well as the scientific literature, the nature and magnitude of the risk of disease from exposure to asbestos in buildings. He will explain how dose, fiber type, and fiber size affect the risk of disease and will address the linear no-threshold hypothesis. He will discuss epidemiological and other studies of the risk of disease from asbestos exposure. Finally, he may also be expected to give testimony consistent with or analogous to the substance of the testimony given in previous property damage cases prosecuted by Martin Dies, Edward Westbrook and Daniel Speights on behalf of PD claimants.

5.    **Lewis N. Klar, Q.C.** Lewis N. Klar is a Professor of Law at the University of Alberta in Edmonton, Alberta, Canada. Professor Klar specializes in Canadian tort law and is

the author of one of the leading treatises on the subject. He studied at McGill University, where he received his B.A. in 1967, his B. C. L. in 1970, and his Masters in Law in 1973. He is an elected member of the American Law Institute, and in 2002 he was designated a Queen's Counsel in recognition of his contributions to the legal scholarship. Professor Klar will testify as an expert witness regarding Canadian tort law and its application to asbestos property damage claims. He will discuss Canadian legal principles governing tort liability, including but not limited to the negligence standard and the economic loss doctrine, and will explain how those principles apply to asbestos property damage claims in particular. He will also discuss the 1995 Prievest judgment, which held among other things that Grace's Mk-3 fireproofing was not an inherently dangerous product, and the judgment's implications for the litigation of asbestos property damage claims in Canada. He may also offer an opinion as to the likelihood of success of Canadian asbestos property damage claims.

6.      **Richard Lee, Ph.D**. Dr. Lee is a microscopist, material analyst, and theoretical physicist with expertise in the constituent analysis of asbestos samples and the measurement and analysis of asbestos levels. He earned a Ph.D. in solid state physics from Colorado State University, and held positions as a physics professor at Purdue University and a research scientist at United States Steel Company before starting RJ Lee Group, a firm that provides research, analytical, and consulting services relating to material characterization. Dr. Lee's testimony will cover the techniques regarding the collection, analysis, and measurement of asbestos levels in buildings and building materials, the availability of various analytical techniques, the results of such techniques and the development of scientific knowledge on same. He may discuss the standards and regulations governing asbestos in air, and the levels of asbestos in buildings, including the buildings at issue in the PD Claims, and ambient air. Finally, he may also give testimony consistent with or analogous to the substance of the testimony given in previous property damage cases prosecuted by Martin Dies, Edward Westbrook and Daniel Speights on behalf of PD claimants.

7. **Roger G. Morse, A.I.A.** Roger Morse is an architect with expertise in asbestos evaluation and control. He earned his degree in architecture from Rensselaer Polytechnic Institute and is licensed to practice architecture in ten states and the District of Columbia. He has received specialized training in asbestos and has served on several professional committees and panels concerned with asbestos issues. He is currently President of Morse Zehnter Associates, a firm that provides consulting services in the fields of architecture, indoor air quality, forensic investigations, and environmental issues in buildings, including specific services relative to asbestos. Mr. Morse may testify concerning the federal government's enactment of statutes, promulgation of regulations and issuance of guidance documents. Mr. Morse may give an opinion about the maintenance of asbestos-containing materials under operations and maintenance plans and the extent to which maintenance workers and contractors have occasion to impact asbestos-containing materials. He may also testify concerning maintenance and renovation activities typically employed in the buildings at issue. He may address the techniques regarding the collection, analysis, and measurement of asbestos levels in buildings and building materials, and the development of scientific knowledge on the same. He may discuss the standards and regulations governing asbestos in buildings and the levels of asbestos in buildings and the ambient air. Mr. Morse may opine on the historical knowledge, practices and policies of architects regarding the use of asbestos in building products. He may describe the development, use, and characteristics of asbestos-containing materials in building construction. Finally, he may also be expected to give testimony consistent with or analogous to the substance of the testimony given in previous property damage cases prosecuted by Martin Dies, Edward Westbrook and Daniel Speights on behalf of PD claimants.

8. **Michael J. Trebilcock.** Michael J. Trebilcock is a Professor of Law and Economics at the University of Toronto in Toronto, Ontario, Canada. He serves as director of the University's Law and Economics Programme, was appointed a University Professor in recognition of his contributions to Programme and was appointed a University Professor in

DOCS_DE:123398.1

- 5 -

recognition of his contributions to legal scholarship. Professor Trebilcock earned his L.L.B. in 1961 (New Zealand) and his L.L.M. in 1962 (Adelaide) and holds Honorary Doctorates in Laws from McGill University and the Law Society of Upper Canada. He is a Fellow of the Royal Society of Canada and has published numerous articles and books on tort law and other topics. Professor Trebilcock will testify as an expert witness regarding Canadian tort law and its application to asbestos property damage claims. He will discuss Canadian legal principles governing tort liability, including but not limited to the negligence standard and the economic loss doctrine, and will explain how those principles apply to asbestos property damage claims in particular. He will also discuss the 1995 Prievest judgment, which held among other things that Grace's Mk-3 fireproofing was not an inherently dangerous product, and the judgment's implications for the litigation of asbestos property damage claims in Canada. He may also offer an opinion as to the likelihood of success of Canadian asbestos property damage claims.

### III.    Other Potential Expert Witnesses

9.    **Expert(s) on Canadian Claim Issues.** The Debtors may call on expert(s) to address the historical knowledge, practices and policies in Canada regarding the sale and use of asbestos-containing products in buildings or to address whether evidence, if any, offered by claimants meets their duty under Canadian law to prove that, under the circumstances that existed at the time, Grace acted negligently in supplying the asbestos-containing products at issue.

10.    **Expert(s)** to address the lack of hazard at the properties that are at issue in the Libby Claims to the extent those claims are not resolved in prior to the hearing on the lack of hazard issues.

*[Portion of Page Left Intentionally Blank]*

Dated: December 7, 2006                    KIRKLAND & ELLIS LLP

                                                        David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and
Debtors in Possession