## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF CAPLIN & DRYSDALE,
### CHARTERED FOR THE TWENTY-FIRST INTERIM PERIOD

This is the finall report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Caplin & Drysdale, Chartered for the Twenty-First Interim Period (the "Application").

### BACKGROUND

1.      Caplin & Drysdale, Chartered ("Caplin") was retained as national counsel to the Official Committee of Asbestos Personal Injury Claimants.  In the Application, Caplin seeks approval of fees totaling $337,931.75 and costs totaling $140,737.24 for its services from April 1, 2006, through June 30, 2006.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the

District of Delaware, and the Third Circuit Court of Appeals.  We served on Caplin an initial report

based on our review, and received a response from Caplin, portions of which response are quoted

herein.

## DISCUSSION

3.      In our initial report, we noted that throughout the application period, two Caplin

professionals spent a total of 26.6 hours and $5,922.00 on seemingly clerical tasks.  (See Exhibit A)

We have been consistent in recommending that tasks such as these be billed at no more than $80.00

per hour.  In <u>In re Busy Beaver Bldg. Centers, Inc</u>., 19 F.3d 833, 855 n.34 (3rd Cir. 1994), the Court

stated that "the statute [11 U.S.C. 330] plainly specifies that the type of service performed by a

paralegal (including whether it is clerical) affects the rate of compensation, not compensability <u>vel</u>

<u>non</u>." <u>Busy Beaver</u> at 849.  In keeping with that opinion, we asked Caplin to examine the exhibit and

respond as to why time for these tasks should not be reduced to $80.00 per hour.  Caplin's response

is provided as Response Exhibit 1.  We appreciate the response; however, given the wording of the

fee entries, we cannot interpret such tasks as "compile", "retrieve" and "duplicate" as anything but

essentially clerical in nature.  As such, we recommend that the 26.6 hours in question be billed at

$80.00 per hour, resulting in a total of $2,128.00 rather than the $5,922.00 billed.  Thus, we

recommend a reduction of $3,794.00 ($5,922.00 minus $2,128.00) in these fees.

4.      We noted that on June 21, 2006, six firm members attended a meeting (one Member,

two Of Counsel and three Associates).  The total time spent including any preparation time was

33.60 hours for a total fee of $11,553.00.  The entries are provided below.

| 06/19/06 | NDF | 1.20 | ..........; prepare for meeting with FCR lawyers re case issues (0.5). |
|---|---|---|---|
| 06/21/06 | ALV | 11.30 | Strategy meeting (and preparation for meeting) with attorneys for the ACC and the Futures Representative (7.0);............. |
| 06/21/06 | JAL | 6.20 | .........; prep. for meeting w/the FCR's counsel (.20); meeting w/NDF, JPW, DKG, ALV, SME and the FCR's counsel from Orrick re: estimation proceeding strategy and discovery planning (5.80);............. |
| 06/21/06 | NDF | 6.30 | Meet with FCR lawyers to discuss estimation case issues and strategy (5.5);............. |
| 06/21/06 | DKG | 8.50 | Strategy meeting (6.0);............. |
| 06/21/06 | JPW | 3.00 | Meeting with Future Rep. re discovery |
| 06/21/06 | SME | 5.60 | Meet w/NDF, DKG, JPW, JAL and futures representatives re: strategy planning. |

We asked Caplin to explain the necessity of each professional's attendance and the specific expertise each brought to the meeting. Caplin's response is provided as Response Exhibit 2. We appreciate the response and accept the explanation therein. We thus offer no objection to these fees.

## CONCLUSION

5.     Thus, recommend approval of  fees totaling $334,137.75 ($337,931.75 minus $3,794.00) and costs totaling $140,737.24 for Caplin's services from April 1, 2006, through June 30, 2006.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____

      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of December, 2006.

_____
      Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Elihu Inselbuck
Peter Van N. Lockwood
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| | | | |
|---|---|---|---|
| 04/04/06 | DBS | 0.30 | Compile transcript for attorney review. |
| 04/05/06 | DBS | 0.80 | Compile deposition exhibits for attorney review. |
| 04/07/06 | DBS | 0.30 | Compile documents for attorney review |
| 04/13/06 | DBS | 0.50 | Compile deposition exhibits for attorney review. |
| 04/14/06 | DBS | 1.10 | Compile deposition exhibits for attorney review. |
| 04/17/06 | DBS | 0.40 | Compile correspondence for attorney review. |
| 05/03/06 | DBS | 0.50 | Compile expert report for attorney review. |
| 06/01/06 | ADK | 0.50 | Retrieved and duplicated Court documents for RCT. |
| 06/05/06 | DBS | 2.70 | Compile document production for expert review (.6); compile and organize case materials for upcoming strategy meeting (2.1). |
| 06/06/06 | DBS | 0.40 | Compile and organize case materials for upcoming strategy meeting. |
| 06/12/06 | DBS | 0.70 | Compile deposition transcript and disclosure statement for attorney review. |
| 06/16/06 | DBS | 1.20 | Compile documents for attorney review and case files. |
| 06/19/06 | DBS | 1.70 | Compile documents for attorney review and case files. |
| 06/20/06 | DBS | 1.50 | Compile documents for attorney review and case files. |
| 06/21/06 | DBS | 5.20 | Compile deposition transcripts and other documents for attorney review and case files. |
| 06/22/06 | DBS | 4.80 | Compile deposition transcripts and other documents for attorney review and case files. |
| 06/23/06 | DBS | 1.10 | Compile deposition transcripts and other documents for attorney review and case files. |

| 06/26/06 | DBS | 1.20 | Compile documents for attorney review and case files. |
| 06/27/06 | DBS | 0.90 | Compile deposition transcripts for attorney review and case files. |
| 06/30/06 | DBS | 0.80 | Compile documents for attorney review and case files. |

Response Exhibit 1

You inquire in paragraph 3 of the Initial Report regarding services provided by Caplin & Drysdale paralegals Andrew D. Katznelson and David B. Smith, respectively. The tasks performed by Mr. Smith and Mr. Katznelson were not clerical in nature and required legal training and judgment, and hence should be fully compensated.

On June 1, 2005, Mr. Katznelson employed Pacer, a legal database, to search the Grace dockets and retrieve documents that had been filed by the Court for Ms. Tobin, who was conducting legal research and preparing a legal memorandum.  The reference in Mr. Katznelson's time entry to "duplication" of documents does not describe the legal work that he performed, but rather the minute or two that Mr. Katznelson spent feeding the retrieved documents into a photocopier.  Clerical personal are not trained to employ Pacer or other legal databases and research tools, so that, if Mr. Katznelson had not obtained the documents requested by Ms. Tobin, she would have had to have retrieved those materials herself, a much higher cost to the Debtors' estates.

Similarly, in April 2006 and June 2006, Mr. Smith compiled and organized deposition exhibits, deposition transcripts, correspondence, a document production, and other case materials for review by Caplin & Drysdale attorneys and expert witness.  This task required obtaining, organizing, indexing and labeling legal documents, including the use of on-line legal databases.  The clerical staff is not trained to identify and index transcripts, document productions, court papers and other legal materials.  Again, had such tasks not been performed by Mr. Smith or another Caplin & Drysdale paralegal, they would have been assigned to an attorney at a much higher hourly billing rate.

Response Exhibit 2

You inquire in paragraph 4 of the Initial Report regarding a strategy meeting that took place on June 21, 2006. The June 21 meeting was attended by Caplin & Drysdale attorneys, the Future Claims Representative, and the Future Claims Representative's counsel to plan for the Grace estimation hearing (the "Estimation Hearing"), a proceeding in which Grace's multi-billion dollar asbestos liability was to be determined by the Court. Attending on behalf of the Committee were Nathan D. Finch, Adam VanGrack, Jeffrey A. Liesemer, Danielle K. Graham, James Wehner and Stacie M. Evans. The strategy session included discussions regarding the division of effort between the Futures Representative and the Committee, selection and ordering of witnesses, and selection of exhibits and other evidentiary materials. Mr. Finch participated in his capacity as the Committee's lead attorney in the Estimation Hearing. Mr. Liesemer had led discovery efforts regarding the Estimation Hearing and reported regarding deposition testimony and other evidentiary matters, while Mr. Wehner, who had assisted in discovery, provided input regarding insurance-related and other issues that had been addressed during discovery. In addition, Mr. VanGrack, Ms. Graham, and Ms. Evans provided input regarding witness and exhibit preparation.

It was essential that all Estimation Hearing team members attend this basic strategy session. Moreover, due to the extent of the Debtors' asbestos liabilities and the complexity and number of issues to be addressed at the Estimation Hearing regarding those liabilities, six Caplin & Drysdale attorneys were assigned to the litigation team and attended the meeting.