IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 11604 |
| Debtors. | ) | |
| | ) | Proposed Objection Deadline: December 15, 2006 |
| | ) | Proposed Hearing Date: December 18, 2006 @ 2:00 PM |

## ANDERSON MEMORIAL HOSPITAL'S MOTION TO COMPEL DEPOSITION OF DEBTORS' RECORDS CUSTODIAN(S)

Anderson Memorial Hospital ("Anderson"), by and through Rule 7037 of the Federal Rules of Bankruptcy Procedure and Rule 37 of the Federal Rules of Civil Procedure, hereby moves the Court for an Order compelling the Debtors to produce their "Records Custodian(s) for all documents which refer to or relate to Anderson Memorial Hospital's lawsuit prior to the date the debtors filed their Petition for Reorganization," as set forth in Anderson's Notice of Deposition dated October 30, 2006 ("Custodian Notice," attached hereto as Exhibit A). The deposition was scheduled for Tuesday, November 21, 2006, the day after the November omnibus hearing, but the Debtors failed and refused to produce a witness at that time. Prior to filing the instant Motion to Compel, Anderson initiated and participated in a meet and confer regarding this Custodian Notice, but the Debtors still refused to produce a witness.

### I. BACKGROUND

On December 13, 2005, Anderson served limited 30(b)(6) discovery to contest the Debtors' assertions in their brief in opposition to Anderson's Motion to Certify. The Debtors immediately filed a Motion for Protective Order ("First Motion for Protective Order") [Doc. 11365]. For an entire year since then, the Debtors have managed to avoid responding to *any* discovery.

At the October omnibus hearing, the Court recognized that Anderson is entitled to conduct certification discovery, but expressed the view that the December 2005 discovery was overly broad because it would require the Debtors to go through every document in every file that the Debtors ever had since 1992. Hearing (October 23, 2006) at 76. The Court directed Anderson to recast its discovery by October 30, 2006, which Anderson did. In response, the Debtors filed their "Motion for Protective Order Against Anderson Memorial's October 30, 2006 Requests for 30(b)(6) Depositions and Documents" ("Second Motion for Protective Order") [Doc. 13588]. The instant Motion to Compel does **not** address Anderson's amended discovery or the Debtors' Second Motion for Protective Order.[1]

At the same time it recasted its December 2005 discovery, Anderson served its basic Custodian Notice to narrow the question of the scope and location of documents dealing with Anderson and to deal with the Court's overly broad concern. During the November omnibus hearing, Anderson confirmed its understanding that the second Motion for Protective Order did not address the Custodian Notice, which was scheduled for the next day:

> We served three pleadings on Grace, three discovery pleadings on Grace, within the week that Your Honor provided. First of all, Your Honor, we served Grace with a notice of deposition, not a 30(b)(6) notice of deposition, but a notice of deposition of the custodian of documents relating to Anderson Memorial Hospital that existed prior to the bankruptcy. **That deposition is set for tomorrow. I don't believe, and I don't construct the debtors' brief to say that it has objected to that deposition.** There's no document request in connection with it. It's just try to get a hold of what these documents are, or might exist. Tr. (November 20, 2006) at 37 (emphasis supplied).

Significantly, Grace did not contest Anderson's understanding during the ensuing 72 pages of argument regarding Anderson's discovery. If the Debtors had objected, presumably this narrow dispute involving only one Custodian Deposition could have been resolved at that time, thus obviating the necessity for this Motion to Compel and a further hearing. However, the Debtors

---

[1] The Debtors have finally agreed to file an item by item response to Anderson's Amended discovery no later than Monday, December 11, 2006.

waited until after the hearing to inform Anderson that they would not be producing any witness the following day because, they said, the Custodian Notice was subject to their Second Motion for Protective Order.

## II. ARGUMENT

The Debtors' Second Motion for Protective Order does not apply to Anderson's Custodian Notice. The title of the Debtors' Second Notice of Deposition explicitly states that it is made with respect to Anderson's "October 30, 2006 Requests for 30(b)(6) Depositions and Documents," which Anderson had amended at the Court's directive. Nowhere in the Second Motion for Protective Order do the Debtors refer to Anderson's new and separate Custodian Notice, much less make any specific argument concerning Anderson's effort simply to take the deposition of the Custodian of documents relating to Anderson. Nor do the Debtors question Anderson's assertion on the record that the Debtors had not objected to this discovery. Because the Debtors did not file a Motion for Protective Order as to the Custodian Deposition, they should have produced the witness as scheduled, and now should be required to do so immediately.

Anderson recognizes that the Debtors contend that their Second Motion for Protective Order applies to the Custodian Deposition, and, in fairness, the Debtors did attach a copy of the Notice to their Motion. However, even if the Motion could be interpreted to cover the Custodian Deposition, the Debtors completely fail to set forth any reasonable argument that Anderson's straightforward Custodian Notice should be quashed. Indeed, it is hard to imagine any Custodian Deposition being overly broad or violating Rule 408, which were the Court's sole concerns at the October hearing.

The Debtors' Second Motion for Protective Order is largely devoted to the same argument they have made and lost on multiple occasions: that Anderson should not be entitled to

any discovery. Aside from this standard refrain, the Debtors list four specific objections to Anderson's 30(b)(6) discovery which are clearly not relevant to the Custodian Notice:

(1) The Debtors first object on the ground that, "The requests seek information that is irrelevant and not reasonably calculated to lead to the discovery of information relevant to Anderson class certification." Id. at 4. This is nothing but a repeat of the Debtors' position that Anderson is not entitled to any discovery, an argument that the Court has consistently rejected over the past year. If a deposition to determine the whereabouts of documents relating to the lawsuit at issue cannot reasonably lead to the discovery of admissible evidence, then there is no discovery available to Anderson. Moreover, since the Court raised the issue of whether Anderson's 30(b)(6) discovery is overly broad, the Debtors have asserted that "at a certain point discovery is excessive. It's too costly. It's too time consuming. It is harassing." Hearing (November 20, 2006) at 62. The easiest way to test such assertions is to depose the person most knowledgeable about the documents that exist.

(2) The Debtors next object on the ground that, "The requests are extremely burdensome and overly broad, in that they seek 'all document'[sic] (except certain pleadings) relating to at 16 broad document requests and 11 broad deposition topics." Id. Obviously this objection does not relate to Anderson's Custodian Notice, which does not request documents, and seeks testimony only from the Custodian of documents which refer or relate to Anderson's lawsuit before this bankruptcy. Indeed, it defies logic to suggest that any Notice of Deposition of a Records Custodian for documents limited to one case can be burdensome or overly broad. In fact, the Custodian's deposition will help determine if Anderson's other discovery requests are overly broad, as the Debtors now contend.

(3) The Debtors next object on the ground that, "The requests seek production of documents and deposition testimony that are subject to privileges including, but not limited to,

the attorney-client privilege and work product privilege." Id. at 5. Under no stretch of the imagination can the existence and whereabouts of documents invade any privilege.

(4) Finally, the Debtors object on the ground that, "The requests purport to impose obligations, burdens and duties on the Debtors that vastly exceed the requirements or permissible scope of discovery under the Federal Rules." Id. This ground is simply a restatement of ground one. It strains credulity to suggest that a Custodian Deposition "vastly" exceeds the scope of discovery.

### III. CONCLUSION

Anderson would respectfully request that it be permitted to proceed with the Custodian deposition without further delay.

DATED: December 8, 2006

_____
Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

- and -

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

*Counsel for Anderson Memorial Hospital*

**CERTIFICATION**

Pursuant to Local District Court Rule 7.1.1, as applicable under Local Bankruptcy Rule 1001-1(b), counsel for the moving party certifies that counsel has made a reasonable effort to reach agreement with the opposing attorneys for the Debtors on the matters set forth in this motion by having a telephonic meet and confer with the Debtors' counsel on December 6, 2006, but has not been able to resolve this matter.

DATED: December 8, 2006

_____
Christopher D. Loizides (No. 3968)
Michael J. Joyce (No. 4563)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

- and -

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

*Counsel for Anderson Memorial Hospital*