# Exhibit 20

## AFFIDAVIT OF RICHARD LEVINE

I, Richard Levine, MD, hereby depose and say as follows:

1. I am a board certified radiologist and a N.I.O.S.H. certified "B" reader.

2. My areas of expertise and practice as a radiologist extend to Nuclear Medicine, Mammography and diagnostic radiology-imagining, as well as Occupational Dust Disorders as a "B" reader. I practice my radiologic specialty interpreting x-rays for findings consistent or inconsistent with previous occupational exposure to dusts. My interpretation is based upon my training as a radiologist and my certification. During the past year, I have spent approximately 5-10% of my practice time reviewing x-rays for the presence or absence of occupational dust diseases and writing reports based upon my observations. The larger portion of that percentage of my time reviewing x-rays is expended in reviewing them for the presence or absence of findings consistent with previous occupational exposure to asbestos.

3. My role is limited to a screening triage function. The screening helps determine whether an individual should undergo a complete clinical examination by a pulmonologist, without which no conclusive diagnosis of any occupational dust disease can be made.

4. On many occasions, I have received x-rays sent from imaging companies, law firms, or manufacturers of asbestos products for my review in each of the four areas of my specialization. Undoubtedly, many of the x-rays sent to me for my review from each of these sources sought my interpretation whether the findings were consistent or inconsistent with previous occupational exposure to dusts. On receiving these x-rays, I

do not know that any of my reads are intended to be used in connection with litigation, much less whether the reports are to be utilized by Plaintiffs or Defendants.

5. I would expect that were my "B" read report inconsistent with occupational dust disease, no litigation would ensue where that person is a Plaintiff, and that were my report consistent with such disease, then that person would undergo whatever tests and examinations are necessary to make a clinical diagnosis of the presence or absence of such disease.

6. I expect that there should be a clinical diagnosis of occupational dust disease to support any claims. My triage function does not provide such a diagnosis, nor am I trained to make such a clinical diagnosis, or to treat persons with such diseases. None of my reports are intended to, and can not be used as evidence of the presence or absence of an occupational dust disease. No such conclusion can be made from a "B" read.

7. Should a report regarding any specific x-ray conclude that there are conditions consistent with such prior exposure, the presence or absence of such a disease can only be established after a full clinical examination and history by a pulmonologist or other appropriate specialist.

8. My findings are intended to, and do, serve a triage function, enabling the person or entity sending the x-ray to me to obtain my radiologic impression, so that such persons can direct the individuals whose x-rays I view to a pulmonologist or other specialist for the procedures necessary to make the clinical diagnosis.

9. Any person who purports to rely upon my "B" read or resulting report as a diagnosis of asbestosis or silicosis is wrong and does so without my authorization.

10. In none of my specialties have I ever requested or received a differential fee for my services rendered depending upon the radiologic conclusion I draw. The same attaches to my "B" read function.

FURTHER AFFIANT SAYETH NOT.

*Richard B Levine, M.D.*
Richard Levine, MD

State of                         :
                                 : ss
County of                        :

Sworn to and subscribed before me, this __1__ day of __May__, 2006.

*Michelle Serafino*
Notary Public

My Commission Expires:

_____

256950

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MICHELLE SERAFINO, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 5, 2009

3