**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & Co., et al,** | ) | **Case No. 01-1139 (JKF)** |
| | ) | **Jointly Administered** |
| Debtor. | ) | |

**RESPONSE OF CAPLIN & DRYSDALE, CHARTERED TO FEE AUDITOR'S
FINAL REPORT REGARDING CAPLIN & DRYSDALE, CHARTERED'S
TWENTY-FIRST INTERIM  FEE APPLICATION**

Caplin & Drysdale, Chartered ("Caplin & Drysdale"), national counsel to the

Official Committee of Asbestos Claimants  (the "Committee") respectfully submits this

Response to the Fee Auditor's Final Report, filed December 8, 2006 ("Final Report"),

Regarding Caplin & Drysdale's Twenty-First Interim Fee Application, for the period

April 1, 2006 through June 30, 2006 (the "Application Period").

**I.**

**Introduction**

1.        Since its retention by the Committee as national counsel following the

filing of these Chapter 11 proceedings in 2001, Caplin & Drysdale has filed fee

applications for the actual, reasonable and necessary fees that it has accrued and costs

that it has incurred in assisting and advising the Committee in performing its

responsibilities on behalf of asbestos bodily-injury claimants.

2.        In the Application, Caplin & Drysdale seeks approval of fees totaling

$337,931.75 for professional services and reimbursement of costs totaling $140,737.24

for Caplin & Drysdale's services from April 1, 2006 through June 30, 2006 ("Application

Period"). <u>See</u> Exhibit A, attached hereto.

3.    After reviewing the Application, the Fee Auditor presented an initial

report ("Initial Report") in which he raised questions about various entries in the

Application and requested that Caplin & Drysdale clarify specific items and provide

additional materials in order for the audit to be completed

4.    Caplin & Drysdale responded to the Initial Report, <u>see</u> Exhibit B, attached

hereto ("C&D Reply"), and the Fee Auditor's general satisfaction with Caplin &

Drysdale's response to his queries is indicated in the Final Report.

5.    The Fee Auditor continues to recommend the reduction, however, of fees

totaling $3,794.00 regarding paralegal services provided by Caplin & Drysdale

paraprofessionals Andrew Katznelson and David B. Smith.  The Fee Auditor asks that

those services be compensated at $80.00 per hour rather than at Mr. Katznelson's usual

hourly rate of $185 and Mr. Smith's usual hourly rate of $220 stating that he regards the

services provided by Mr. Katnelson and Mr. Smith as "clerical" in nature. (Final Report

at ¶ 3.)

## II.

## <u>Argument</u>

6.      In response to the Fee Auditor's query in the Initial Report regarding why

the activities cited should not be regarded as clerical, Caplin & Drysdale stated as

follows:

> On June 1, 2005, Mr. Katznelson employed Pacer, a legal
> database, to search the Grace dockets and retrieve documents that had
> been filed by the Court for Ms. Tobin, who was conducting legal research
> and preparing a legal memorandum.  The reference in Mr. Katznelson's
> time entry to "duplication" of documents does not describe the legal work
> that he performed, but rather the minute or two that Mr. Katznelson spent
> feeding the retrieved documents into a photocopier.  Clerical personal are
> not trained to employ Pacer or other legal databases and research tools, so
> that, if Mr. Katznelson had not obtained the documents requested by Ms.
> Tobin, she would have had to have retrieved those materials herself, a
> much higher cost to the Debtors' estates.
>
> Similarly, in April 2006 and June 2006, Mr. Smith compiled and
> organized deposition exhibits, deposition transcripts, correspondence, a
> document production, and other case materials for review by Caplin &
> Drysdale attorneys and expert witness.  This task required obtaining,
> organizing, indexing and labeling legal documents, including the use of
> on-line legal databases.  The clerical staff is not trained to identify and
> index transcripts, document productions, court papers and other legal
> materials.  Again, had such tasks not been performed by Mr. Smith or
> another Caplin & Drysdale paralegal, they would have been assigned to an
> attorney at a much higher hourly billing rate.

(C&D Reply at I.)

7.      Caplin & Drysdale believes that its fees and expenses have been and are

consistent with both the public interest and the requirements of the Bankruptcy Code, and

hence are fully compensable.  <u>See</u> <u>*In re*</u> <u>Busy Beaver Bldg. Ctrs., Inc.</u>, 19 F.3d 833, 841

(3d Cir. 1994) (discussing Court's "inherent obligation to monitor the debtor's estate and

to serve the public interest").  Caplin & Drysdale further maintains that the information

supplied to the Fee Auditor in response to his query in the Initial Report sufficiently

establishes that the paralegal services questioned by the fee auditor required legal training and skill, and hence are compensable at the paralegals' full hourly rates.

9.     Further, while Caplin & Drysdale recognizes that the initial time entries by Mr. Katznelson and Mr. Smith may not have fully and sufficiently described their services on the dates and questions, we believe that our explanation provides the necessary detail and more than meets any reasonable burden that might be imposed regarding the demonstration that such tasks required legal training and skills.

10.     Specifically, Caplin & Drysdale explained to the Fee Auditor that Mr. Katznelson and Mr. Smith were identifying and compiling pleadings, exhibits, transcripts and other legal documents, including by employing the legal database, Pacer, and were compiling such materials into annotated case files for Caplin & Drysdale attorneys.  The clerical staff is not trained or equipped to use Pacer or categorize documents by case, proceeding, and procedural posture. These tasks require legal training and skill and, but for the training and availability of our paralegals, would have to have been performed by lawyers, at substantially higher rates.

11.     Moreover, the Fee Auditor provides no explanation regarding why he has rejected Caplin & Drysdale's explanations, but merely reiterates the terms that had been used in the paralegal's respective fee entries and stating that "we cannot interpret such tasks. . . . as anything but clerical in nature."  (Final Report at ¶ 3.)

12.     In fact, the purpose of the Initial Report is to permit the professional to expand upon and explain items in the fee application that have been questioned by the Fee Auditor.  Caplin & Drysdale responded to the Fee Auditor, as indicated above, by further explaining and the tasks performed by Mr. Katznelson and Mr. Smith that were

referenced in the fee entries contained in the Application.

13.     The Fee Auditor's statement in the Final Report, however, refers only to the fee entries as contained in the Application, completely ignoring the responses contained in the C&D Reply.   (See Final Report at ¶ 3.)   We believe that our responses adequately addressed the Fee Auditors concerns and should have been taken into account in determining Caplin & Drysdale's fees.

14.     Indeed, we believe that the tasks that we have described are not merely paralegal rather than clerical, but are core services provided by any trained paralegal, and contend that, in supplying the descriptions referenced above in our response to the Initial Report, we have sufficiently stated, and documented, the nature of the services provided so as to meet whatever evidentiary burden might be reasonably required to justify our obtaining our full fees for such services.

## Conclusion

For all the foregoing reasons, the Court should reject the Fee Auditor's recommendations in the Final Report, and Caplin & Drysdale should receive payment of the paralegal fees described above.

CAPLIN & DRYSDALE, CHARTERED


/s/Elihu Inselbuch
Elihu Inselbuch
375 Park Avenue
New York, NY  10152-3500
(212) 319-7125

-and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
One Thomas Circle, N.W. 12th Floor
Washington, D.C.  20005
(202) 862-5000

- and -

CAMPBELL & LEVINE, LLC
Kathleen Campbell Davis (I.D. #4229)
800 N. King St., Suite 300
Wilmington, DE  19801
(302) 426-1900

Counsel for the Official Committee
 of Asbestos Personal Injury Claimants

Date:  December 13, 2006