

Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
212-319-7125  212-644-6755 Fax
www.caplindrysdale.com

December 5, 2006

**Via Federal Express and E-mail**

Warren H. Smith, Esq.
Warren H. Smith & Associates
Fee Auditor
Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201

    Re:   W.R. Grace & Co. et al.
               Fee Application of Caplin & Drysdale for the 21st Interim Period

Dear Mr. Smith:

      I am writing in response to your initial report ("Initial Report") regarding Caplin & Drysdale's Fee Application for the Twenty-First Interim Period. We believe that the information provided below responds to your questions concerning our expenses for this interim period, but encourage your further inquiry, if there is anything more that you would like to have.

    I.    **Paralegal Time**

      You inquire in paragraph 3 of the Initial Report regarding services provided by Caplin & Drysdale paralegals Andrew D. Katznelson and David B. Smith, respectively. The tasks performed by Mr. Smith and Mr. Katznelson were not clerical in nature and required legal training and judgment, and hence should be fully compensated.

      On June 1, 2005, Mr. Katznelson employed Pacer, a legal database, to search the Grace dockets and retrieve documents that had been filed by the Court for Ms. Tobin, who was conducting legal research and preparing a legal memorandum. The reference in Mr. Katznelson's time entry to "duplication" of documents does not describe the legal work that he performed, but rather the minute or two that Mr. Katznelson spent feeding the retrieved documents into a photocopier. Clerical personal are not trained to employ Pacer or other legal databases and research tools, so that, if



Warren H. Smith, Esq.
December 5, 2006
Page 2

Mr. Katznelson had not obtained the documents requested by Ms. Tobin, she would have had to have retrieved those materials herself, a much higher cost to the Debtors' estates.

Similarly, in April 2006 and June 2006, Mr. Smith compiled and organized deposition exhibits, deposition transcripts, correspondence, a document production, and other case materials for review by Caplin & Drysdale attorneys and expert witness. This task required obtaining, organizing, indexing and labeling legal documents, including the use of on-line legal databases. The clerical staff is not trained to identify and index transcripts, document productions, court papers and other legal materials. Again, had such tasks not been performed by Mr. Smith or another Caplin & Drysdale paralegal, they would have been assigned to an attorney at a much higher hourly billing rate.

## II.    June 21, 2006 Strategy Meeting

You inquire in paragraph 4 of the Initial Report regarding a strategy meeting that took place on June 21, 2006. The June 21 meeting was attended by Caplin & Drysdale attorneys, the Future Claims Representative, and the Future Claims Representative's counsel to plan for the Grace estimation hearing (the "Estimation Hearing"), a proceeding in which Grace's multi-billion dollar asbestos liability was to be determined by the Court. Attending on behalf of the Committee were Nathan D. Finch, Adam VanGrack, Jeffrey A. Liesemer, Danielle K. Graham, James Wehner and Stacie M. Evans. The strategy session included discussions regarding the division of effort between the Futures Representative and the Committee, selection and ordering of witnesses, and selection of exhibits and other evidentiary materials. Mr. Finch participated in his capacity as the Committee's lead attorney in the Estimation Hearing. Mr. Liesemer had led discovery efforts regarding the Estimation Hearing and reported regarding deposition testimony and other evidentiary matters, while Mr. Wehner, who had assisted in discovery, provided input regarding insurance-related and other issues that had been addressed during discovery. In addition, Mr. VanGrack, Ms. Graham, and Ms. Evans provided input regarding witness and exhibit preparation.

It was essential that all Estimation Hearing team members attend this basic strategy session. Moreover, due to the extent of the Debtors' asbestos liabilities and the complexity and number of issues to be addressed at the Estimation Hearing regarding those liabilities, six Caplin & Drysdale attorneys were assigned to the litigation team and attended the meeting.



Warren H. Smith, Esq.
December 5, 2006
Page 3

      We believe that the above information responds to the questions posed in your Initial Report. Please feel free to contact me if you have any further questions or require additional information.

Very truly yours,

Rita C. Tobin

RCT:dar