IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>Jointly Administered<br><br>**Ref. No. 13885** |

## LIBBY CLAIMANTS' LIMITED RESPONSE TO DEBTORS' BRIEF REGARDING SETTLED PRE-PETITION ASBESTOS CLAIMS

Claimants injured by exposure to tremolite asbestos from the Debtors' operations near Libby, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby submit this limited response to the Debtors' Brief Regarding Settled Pre-Petition Asbestos Claims (the "Brief") [Docket No. 13885], solely to preserve the Libby Claimants' argument that certain of their claims must be allowed on the basis of enforceable prepetition settlements. As grounds therefor, the Libby Claimants state:

1. On October 12, 2006, certain Libby Claimants submitted their proof of claim forms and supporting settlement evidence to the Debtors' agent, Rust Consulting, Inc. ("Rust").

2. On November 3, 2006, Debtors' counsel notified Libby Claimants' counsel in a letter that several of the claims were being contested as settled claims because the claimants did not provide "signed release forms . . . ." Under Montana law, however, settlements do not require a written, signed agreement or written, signed release to be binding. See Hetherington v.

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 13940], as it may be amended and restated from time to time.

393.001-14951.doc

Ford Motor Co., 257 Mont. 395, 399 (Mont. 1993).[2] Here, as in <u>Hetherington</u>, the Libby Claimants did not obtain signed release forms. Notwithstanding the absence of the signed release forms, the Libby Claimants' settlements are analogous to the settlement approved in <u>Hetherington</u> and meet the Montana standard for an enforceable settlement.

3. As stated in the Brief, and according to the August 24, 2006 Order as to All Pre-Petition Asbestos PI Litigation Claims (the "Order"), with respect to each claim that the claimant asserts but the Debtors contest was settled prior to bankruptcy, the claimant is entitled to file a Questionnaire or file an objection "setting forth, among other things, why that holder believes he or she should not be required to fill out and return a Questionnaire." Order at pp. 5-6. Each of the Libby Claimants as to whom there is a dispute about whether the claim was settled has already submitted a Questionnaire to Rust on or before July 10, 2006. Therefore, no further action by the claimant or order of this Court is required at this time.[3] This limited response has been filed for the purpose of preserving the Libby Claimants' argument that claims that were the subject of a prepetition settlement enforceable under Montana law must be allowed on that basis.

Dated: December 14, 2006
Wilmington, Delaware

LANDIS RATH & COBB LLP

_____
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

---

[2] It is a fundamental principle of bankruptcy law that (except for express limitations on allowance of claims such as are found in Section 502(b) of the Bankruptcy Code) the validity of claims is determined under applicable non-bankruptcy law. <u>Raleigh v. Illinois Dept. of Revenue</u>, 530 U.S. 15 (2000).

[3] Certain of the Libby Claimants are supplementing their Questionnaires. The Libby Claimants have been submitting their supplements on a rolling basis to Rust and expect to meet the January 12, 2007 deadline.

2

393.001-14951.doc

3

Daniel C. Cohn
Christopher M. Candon
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

Counsel for the Libby Claimants