# EXHIBIT
# F

Westlaw.

Not Reported in F.Supp.2d                                                                                                              Page 1
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Caban v. Sedgwick County Sheriff's Dept.D.Kan.,2000.Only the Westlaw citation is currently available.
United States District Court, D. Kansas.
Edward CABAN, et al., Plaintiffs,
v.
SEDGWICK COUNTY SHERIFF'S DEPARTMENT, Defendant.
No. 98-1196-CM.

May 18, 2000.

*MEMORANDUM AND ORDER*
HUMPHREYS.
\*1 This matter is before the court on the following motions:
I. Defendant's motion for a protective order (Doc. 136),
II. Defendant's motion for a protective order (Doc. 141), and
III. Plaintiffs' motion to compel (Doc. 144).

For the reasons set forth below, the motions will be granted in part and denied in part.

*Background*

Plaintiffs are African-Americans who work as detention deputies at the Sedgwick County Adult Detention Facility. They allege that defendant has discriminated against them on the basis of their race. Plaintiffs' theories of recovery include 1) a pattern and practice of discrimination in recruiting, hiring, promoting, training, job assignment, discipline, and termination; 2) policies and procedures which have a disparate impact with respect to promotions and overtime; and 3) a pattern and practice of discrimination and harassment which constitute a hostile work environment. Discovery and pretrial proceedings in this complex case have a tortured history, in large part because of the professional limitations of plaintiffs' original counsel, a solo practitioner. He has withdrawn and plaintiffs are now represented by a team of attorneys with experience in civil rights litigation.

Plaintiffs' current counsel entered their appearances in November 1999 and moved to amend the complaint and for additional discovery. Defendant vigorously opposed the motion, arguing that an amended complaint and more discovery would be unfair in a case which had been on file since June 1998. Despite defendant's opposition, the court granted the motion to amend and allowed additional discovery but admonished plaintiffs that the burdens associated with their discovery requests would be carefully evaluated. Defendant was encouraged to seek protective orders where specific discovery requests were unduly burdensome.

Consistent with the court's admonition, defendant filed motions for protective orders concerning plaintiffs' written discovery requests (Doc. 136) and Rule 30(b)(6) deposition notices (Doc. 141). Plaintiffs countered with a motion to compel defendant to answer discovery requests (Doc. 144). The parties conferred in good faith both before and after filing their motions and have reached agreement on a number of disputes. The unresolved issues and specific discovery requests still in dispute are listed below:

A. Temporal scope of discovery

i. Production Request Nos. 18 and 20
ii. County Rule 30(b)(6) deposition topics 1, 2, 4-6, 14 and 15
iii. Sheriff Dept. Rule 30(b)(6) deposition topics 2, 9-12, 18 and 19

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
(Cite as: Not Reported in F.Supp.2d)

B. Commissioned versus noncommissioned officers

i. Interrogatory Nos. 3, 13-17
ii. Production Request Nos. 7, 9, 15, 18-21 and 23
iii. County Rule 30(b)(6) deposition topics 1, 2, 4-8, 11 17, 19 and 20
iv. Sheriff Dept. Rule 30(b)(6) deposition topics 2, 7, 8, 10, 12, 15, 16 and 20

C. Contention requests

i. Interrogatory Nos. 8-10
ii. Production Request No. 4
*2 iii. Sheriff Dept. Rule 30(b)(6) deposition topic 21

D. The 1999 promotion test

i. Interrogatory No. 16
ii. Production Request No. 7
iii. County Rule 30(b)(6) deposition topic 17
iv. Sheriff Dept. Rule 30(b)(6) deposition topic 12

E. Excess interrogatories

i. Interrogatory Nos. 25-28

F. Inmates and nonparties

i. Interrogatory No. 20
ii. Production Request Nos. 12, 13, 21 and 24
iii. County Rule 30(b)(6) deposition topics 2-8, 12-17 and 19
iv. Sheriff Dept. Rule 30(b)(6) deposition topics 1-3, 6-10 and 14-19

G. Miscellaneous Documents

*Analysis*

A brief explanation is necessary to understand the organization of the discovery disputes and the court's rulings. As demonstrated by this opinion, the parties present a large number of discovery requests with multiple objections which contribute to organizational difficulties in the written opinion. The court has attempted to rule on the issues and requests in the manner presented by the parties' letter to the court, attached as Exhibit 1 to this memorandum and order. Where appropriate, the court has provided a general ruling before addressing the specific discovery requests listed under each topic.

A. Temporal Scope of Discovery

The issue before the court is whether defendant must produce information concerning promotions and inmate abuse from 1982 to the present.[FN1] Plaintiffs request information dating back to 1982 because one of the plaintiffs was hired in 1982. Arguing that plaintiffs' discrimination claims prior to 1993 are barred by the statute of limitations, defendant contends that information prior to 1993 should be "off limits" in discovery. In an effort to compromise, defendant proposes discovery from 1990 forward. Plaintiffs counter that 1) defendant incorrectly asserts a dispositive motion argument in response to the discovery controversy, 2) the statute of limitations does not establish a bar date for discovery in a "pattern and practice" case, and 3) plaintiffs have asserted a "continuing violation" theory which nullifies defendant's statute of limitations defense.

FN1. The dispute over the temporal scope relates only to the discovery requests listed under this topic heading. The parties agree that defendant will produce employment histories for each plaintiff from the date each plaintiff was hired. Also, the parties agree that the temporal scope for other discovery requests runs from 1990 to the present.

Defendant's position that pre-1983 discovery is "off limits" based on the statute of limitations is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 3
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
(Cite as: Not Reported in F.Supp.2d)

unpersuasive. It is well established that discovery of conduct predating the liability period for a discrimination claim is relevant and courts have commonly extended the scope of discovery to a reasonable number of years prior to the liability period. *See, e.g. James v. Newspaper Agency Corp.,* 591 F.2d 579 (10th Cir.1979)(4 years); *Lyoch v. Anheuser-Busch Co.,* 164 F.R.D. 62, 67 (E.D.Mo.1995)(4 years); *Milner v. Nat'l Sch. of Health Tech.,* 73 F.R.D. 628, 632 (E.D.Pa .1977)(5 years prior to alleged violation). Rather than impose a discovery restriction based on the statute of limitations, the court's task is to balance the relevance of the information against the burden on the defendant. *Clarke v. Mellon Banc,* 1993 WL 170950, at *2 (E.D.Pa. May 11, 1993).

*3 Moreover, because one of the plaintiffs was hired in 1982 and alleges a continuing violation, information back to 1982 is relevant. *Daneshvar v. Graphic Technology, Inc.,* 1998 WL 726091 at *1 (D .Kan. Oct. 9, 1998). Although defendant argues that plaintiffs cannot satisfy the standards for a continuing violation, the facts are disputed and cannot be resolved in this discovery motion. However, when ruling on the individual discovery requests, the court will balance the relevance against the burden of providing information back to 1982.

1. Production Request No. 18

Plaintiffs seek all documents reflecting or concerning the criteria for promotions of Sedgwick County Detention Deputies from 1983 to date. The request for *all documents reflecting or concerning the criteria back to 1983* is overly broad and unduly burdensome. Defendant shall produce only those documents which *describe the promotion criteria* from 1983 to 1990. For the period 1990 forward, defendant shall produce the broader category of documents which *reflect or concern* the promotion criteria.

2. Production Request No. 20

Plaintiffs seek all documents constituting, referring to, or concerning the "promotion list provided by personnel" as defined by Sheriff Hill in his deposition at pages 89-90.[FN2] The request for *all documents referring to or concerning* promotion lists *back to 1982* is unduly burdensome. Defendant shall produce only those documents which *constitute* the promotion lists from personnel *from 1983 to 1990.* Defendant shall produce the broader category of documents, *referring to or concerning* the promotion list, *from 1990 forward.* [FN3]

> FN2. The court has not had the benefit of Sheriff Hill's deposition testimony at pages 89-90. However, the parties seem comfortable with this document description and debate only the time frame and commissioned officer material.
>
> FN3. Defendant's objection concerning the distinction between noncommissioned and commissioned officers will be discussed at pages 10-11 and 14.

3. County Rule 30(b)(6) Deposition Topic No. 1

Plaintiffs seek deposition testimony by a Sedgwick County representative concerning the County's *role* in personnel matters, including recruitment, hiring, training, promotions, and discipline within the Sheriff's Department. The request seeks relevant background information concerning the County's *role,* if any, in defendant's personnel matters. The County shall provide a deposition witness to testify on this topic.

4. County Rule 30(b)(6) Deposition Topic No. 2

Plaintiffs seek deposition testimony concerning " promotion lists" created by the County for officers assigned to the detention facility from 1982 through the present. Plaintiffs' request *concerning* " promotion lists" dating back to 1982 shall be denied because it is overly broad and unduly burdensome. The request is too general, given the time frame involved. The County's obligation to produce deposition testimony on this topic shall be limited to 1990 forward.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

### 5. County Rule 30(b)(6) Deposition Topic Nos. 4 through 5

Plaintiffs seek deposition testimony concerning complaints and reports of inmate abuse by Sheriff Department deputies and the County's response to those complaints. As discussed at pages 18-22, the request to compel testimony on this topic shall be denied.

### 6. County Rule 30(b)(6) Deposition Topic No. 6

*4 Plaintiffs seek deposition testimony concerning the authenticity and accuracy of personnel documents concerning Sheriff Department officers assigned to the Detention Facility. The County shall provide a deposition witness to testify concerning the authenticity and accuracy of personnel documents, but only after plaintiffs designate the documents in issue.[FN4]

> FN4. This type of issue is generally resolved by a stipulation between the parties. Neither party has explained why court intervention is necessary.

### 7. County Rule 30(b)(6) Deposition Topic Nos. 14 and 15

Topic No. 14 requests testimony concerning "the promotion history of all detention deputies." Topic No. 15 requests deposition testimony concerning " the qualifications for promotion of similarly situated, non-minority officers in each plaintiff's class, including education, experience and training." Although the information requested is relevant, the use of a Rule 30(b)(6) deposition, in the context of the 17 plus years of promotion history, is highly inefficient and unduly burdensome. The County will not be required to produce a deposition witness to testify about these issues prior to 1990.[FN5] Further, the "similarly situated, non-minority officers" shall be limited to those who began their career at the detention center.

> FN5. If the court were presented with a document request for promotion histories and qualifications, the court would order production.

### 9. Sheriff Department Rule 30(b)(6) Deposition Topic No. 2

Topic No. 2 requests deposition testimony from the Sheriff's Department concerning "the 'promotion lists' used to determine eligibility of detention deputies for promotion" from 1982 to the present. Plaintiffs' request for deposition testimony *concerning* "promotion lists" dating *back to 1982* shall be denied because it is overly broad and unduly burdensome. The topic request is too general, given the time frame involved, and defendant shall provide deposition testimony for the period 1990 forward.

### 10. Sheriff Department Rule 30(b)(6) Deposition Topic No. 9 and 10

Topic 9 requests deposition testimony concerning " the promotion history of all detention deputies from 1982 through the present." Topic No. 10 requests testimony concerning "the qualifications for promotion of similarly [situated] non-minority officers in each plaintiff's class, including, but not limited to, education, experience, and training." Although the information is relevant, use of a Rule 30(b)(6) deposition to acquire the information, from 1982 forward, is highly inefficient and unduly burdensome. The Sheriff's Department shall only be required to provide deposition testimony on this topic from 1990 forward.

### 11. Sheriff Department Rule 30(b)(6) Deposition Topic No. 11

Topic No. 11 requests testimony on the work shift differentials in effect for all shifts of officers in the Detention Facility from 1982 forward. This information is relevant and no showing has been made that this request imposes a significant burden on defendant. Defendant shall provide deposition testimony on this topic from 1982 forward.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 5
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

### 12. Sheriff Department Rule 30(b)(6) Deposition Topic No. 12

Topic No. 12 requests testimony on promotional tests and answers for sergeant and lieutenant positions from 1982 to the present. The request for Rule 30(b)(6) testimony reaching back to 1982 is highly inefficient and unduly burdensome. Defendant's obligation to produce deposition testimony concerning this topic shall be limited to 1990 forward.

### 13. Sheriff Department Rule 30(b)(6) Deposition Topic No. 18

*5 Topic No. 18 requests testimony concerning defendant's policies and procedures for responding to complaints of inmate abuse. Defendant shall provide testimony concerning this topic beginning with 1985, the date Sheriff Hill took office.

### 14. Sheriff Department Rule 30(b)(6) Deposition Topic No. 19

Plaintiffs seek deposition testimony concerning "all incidents of inmate injuries or death at the Sheriff's Department, and defendant's response to such incidents." For the reasons stated at pages 18-22, this request shall be denied.

### B. Commissioned Versus Noncommissioned Officers

Plaintiffs have propounded discovery which seeks information about both noncommissioned and commissioned officers. Defendant has provided information concerning noncommissioned officers (detention deputies, corporals, sergeants, and lieutenants) but objects to producing information about commissioned officers. Defendant argues that plaintiffs are all noncommissioned officers; thus, information about commissioned officers is irrelevant and unduly burdensome to produce. Plaintiffs counter that racial discrimination hindered their ability to become commissioned officers and that the information is relevant to damage calculations.

By way of background, defendant employs two categories of officers within the sheriff's department: "commissioned" and "noncommissioned." "Commissioned" officers include road patrol deputies, detectives, and others possessing arrest powers and authority to carry firearms. In order to become a commissioned officer, an applicant must 1) apply for and agree to accept a job as a road patrol deputy, 2) pass both a written and physical test, and 3) attend an academy for commissioned officers. Only commissioned officers are eligible to become captains and majors. "Non-commissioned" officers, such as plaintiffs, are limited to detention-related activities and responsibilities.

Defendant's argument is not persuasive. Information concerning commissioned officers has relevance, in the context of discovery, to plaintiffs' disparate treatment and disparate impact theories as well as damage calculations. However, similar to the temporal scope issue, the court will weigh relevance against the burden of production in ruling on the individual discovery requests.

### 1. Interrogatory Nos. 3 and 13

Interrogatory No. 3 seeks the identity of documents containing employment requirements for five detention facility positions. If the requirements were not maintained in written format, plaintiffs ask " whether and how such requirements were communicated to plaintiffs." The positions are:
(a) detention deputy
(b) sergeant
(c) lieutenant
(d) captain
(e) major

Interrogatory No. 13 asks for the salary and benefits for those positions from 1983 forward. The information requested is relevant and defendant shall answer the interrogatories.[FN6]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 6
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

> FN6. The interrogatory answers shall be limited to positions within the Detention Facility.

### 2. Interrogatory No. 14

Plaintiffs ask for the rank, rates of pay and benefits and all changes in the rates of pay for twenty-two named individuals. Defendant produced the information for all but four commissioned officers. The information concerning the four commissioned officers is relevant to damages and the burden of production is minimal; therefore the interrogatory shall be fully answered.

### 3. Interrogatory No. 15

*6 Plaintiffs request the number of overtime hours worked and rates of pay for eight individuals. To the extent defendant's objection is based on the distinction between noncommissioned versus commissioned officers, the objection is overruled and defendant shall fully answer the interrogatory. FN7

> FN7. Neither party explains where these eight employees work. Defendant is obligated to provide information on those eight employees only if they work in the detention facility.

### 4. Interrogatory No. 16

Plaintiffs ask for all job categories in the Detention Facility where openings have occurred since 1983. For each opening, plaintiffs ask for additional information concerning the number of applicants, race, tests, interviews, and the name of the individual selected. Defendant's objection based on the noncommissioned versus commissioned officer distinction is rejected and defendant shall fully answer the interrogatory.

### 5. Interrogatory No. 17

For the positions described in Interrogatory No. 16, plaintiffs ask for the policies and procedures for publicizing job openings in the Detention Facility. Defendant shall fully answer this interrogatory.

### 6. Production Request No. 7

Plaintiffs request all tests used for promotion and job assignment. Defendant shall produce the tests and plaintiffs' scores. However, production of tests shall be limited to tests used for positions within the Detention Facility.

### 7. Production Request No. 9

Plaintiffs request *all* job descriptions for *all* positions in the Sedgwick County Sheriffs Department from 1983 to date. This case involves discrimination claims within the Detention Facility and the request for descriptions of *all* positions outside the Detention Facility is overly broad. The request to compel is denied.

### 8. Production Request No. 15

Plaintiffs request all overtime records for all detention deputies. Defendant shall fully respond to this production request.FN8

> FN8. Lieutenants, captains, and majors are not eligible for overtime so defendant's response is not as burdensome as suggested.

### 9. Production Request No. 18

The court has partially ruled on this production request when it addressed the temporal scope of production (page 6). With respect to Defendant's objection concerning noncommissioned versus commissioned officer, the objection is rejected. Defendant shall produce the documents related to the criteria for commissioned officer promotions.

### 10. Production Request No. 19

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 7
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiffs request "all documents constituting personnel policies," including policies on hiring, retention, promotions, demotions, and terminations. Defendant shall produce this information.

### 11. Production Request No. 20

The court has partially ruled on this production request when it addressed the temporal scope of production (page 6). With respect to Defendant's objection concerning noncommissioned versus commissioned officer, the objection is rejected. Defendant shall produce the documents related to the criteria for commissioned officer promotions.

### 12. Production Request No. 21

Plaintiffs request all documents reflecting meetings by the Sedgwick County Sheriff's Civil Service Board which concern the plaintiffs, race relations at the Detention Facility, or any injury to inmates. The court finds nothing in this request which raises the distinction between noncommissioned and commissioned officers, thus the objection concerning commissioned officers is rejected.

### 13. Production Request No. 23

*7 Plaintiffs seek all documents reflecting discussions about promotions of the "command staff" as the term was used by Sheriff Hill in his deposition at pages 87-88. Defendant's objection based on noncommissioned versus commissioned officers is overruled. Defendant shall fully respond to the document request.

### 14. County Rule 30(b)(6) Deposition Topic Nos. 1, 2, 4-8, 11-17, 19 and 20 and Sheriff Department Rule 30(b)(6) Deposition Topic Nos. 2, 7, 8, 10, 12, 15, 16, and 20

These deposition topics concern employment histories, promotion criteria, and inmate abuse or mistreatment. Defendant's objection concerning the noncommissioned versus commissioned officer distinction is rejected.[FN9]

   FN9. Many topics are the subject of other rulings in this opinions which the court will not repeat here.

### C. Contention requests

Defendant objects that certain discovery requests are overly broad and improper "contention" requests. This issue is not susceptible to a general ruling and requires evaluation of the specific requests.

### 1. Interrogatory No. 8

Defendant objects that Interrogatory No. 8 is vague and overly broad. The court agrees. Interrogatory No. 8 is an unusual request and must be quoted in full to understand the ruling:
You contend in paragraph 55 of your Answer to the Second Amended Complaint that legitimate nondiscriminatory reasons provide the basis for your job actions taken regarding Plaintiffs. For each plaintiff, identify:
(a) the job action in issue; and
(b) the legitimate nondiscriminatory reasons in support of that decision.

Paragraph 55 is a generalized statement of one of defendant's defenses to plaintiffs' discrimination claims. The interrogatory is unusual in that it attempts to place the burden on defendant to identify the "job actions" upon which plaintiffs' discrimination claims are based, a nearly impossible task given the changes and amendments to plaintiffs' claims. Plaintiffs' request to compel Interrogatory No. 8 is denied.

### 2. Interrogatory No. 9

Plaintiffs ask defendant to identify the factual and legal basis for the contention in paragraph 50 of the answer that "plaintiffs lack standing, in whole or in part, to assert claims regarding alleged discrimination in the Sedgwick County Sheriff's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 8
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

Department." Contrary to defendant's assertion, plaintiffs are entitled to know the basis for the assertion that they lack standing. Plaintiffs' request to compel an answer to this interrogatory is granted.

### 3. Interrogatory No. 10

Plaintiffs ask defendant to explain paragraph 56 of its answer that "Plaintiffs' damages and injuries, if any, are not of the nature and extent they have alleged." The answer to this interrogatory depends in large part upon plaintiffs' damage claims. Plaintiffs have not specified their damages; therefore, it is impossible for defendant to answer this interrogatory. The request to compel shall be denied.

### 4. Production Request No. 4

Plaintiffs request that defendant produce "[a]ll documents upon which you base any of your affirmative defenses." This request is overly broad and denied.

### 5. Sheriff Department Rule 30(b)(6) Deposition Topic No. 21

*8 Topic No. 21 asks defendant to provide deposition testimony concerning "[t]he factual basis for the affirmative defenses asserted by defendant in paragraphs 49-56 of the answer to the second amended complaint. This request is overly broad and denied.

### D. The 1999 Test

Plaintiffs' request production of any tests used for promotions and the results for each plaintiff. Defendant produced tests for the years 1993-98 but objects to producing the 1999 test and answers because defendant intends to use the test again and disclosure will imperil the integrity of the examination process. Production of the 1999 test is relevant to plaintiffs' allegation of disparate impact and will be ordered produced. However, disclosure shall be limited to plaintiff's counsel, absent further order of the court. The parties shall confer and submit an appropriate protective order. This ruling resolves Interrogatory No. 16, Production Request No. 7, County Rule 30(b)(6) Deposition Topic No. 17, and defendant's Rule 30(b)(6) Deposition Topic No. 12.

### E. Excessive Interrogatories

Defendant objects to answering Interrogatory Nos. 25 through 28, arguing that the number of plaintiffs' interrogatories exceed the limit of twenty-five (25) found in Fed.R.Civ.P. 33(a).[FN10] For good cause shown, plaintiff is granted leave to exceed the limit of twenty-five and defendant's objection is overruled. Defendant shall answer Interrogatory Nos. 25 through 28.

   FN10. Defendant considered Interrogatory No. 6 as two interrogatory questions. Defendant's interpretation of Interrogatory No. 6 is too narrow; however, the court will not belabor the point.

### F. Inmates and Nonparties

Defendant argues that any information concerning the treatment of inmates is irrelevant because plaintiffs are employees, not inmates. Further, defendants argue that the requests are overly broad and unduly burdensome. Plaintiffs counter that evidence of abuse or mistreatment of African-American inmates is relevant to show a racially hostile environment.

The court is persuaded that discovery of hostility toward African American inmates has relevance to this case, particularly if plaintiffs are able to show that they personally observed or were aware of the abusive incidents. However, plaintiffs' discovery requests are overly broad and unduly burdensome because they seek discovery of virtually every allegation of inmate abuse within the Detention Facility. The Detention Facility "books" approximately 30,000 individuals per year and review of each file back to 1990 would be an undue

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 9

Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

burden on defendant. The court will deny the broad requests for discovery but permit a limited sampling, as described in greater detail below, to determine whether a pattern of abuse toward African-American inmates exists.

Since 1995, the Sheriff's Professional Standards Unit ("Internal Affairs") has received forty-one complaints concerning claims of excessive force by inmates and/or Sheriff's staff. This five year period and the number of complaints provides an adequate discovery sample concerning a pattern and practice of abuse based on race.

Although the court will permit discovery concerning this pool of forty-one complaints, plaintiffs' current discovery requests for any and all information concerning inmate abuse complaints are overly broad.[FN11] The court will permit plaintiff to inquire as to the 1) nature of the complaint, 2) race of the inmate, 3) date and time of the complaint, 4) names of the officers and supervisors involved, and 5) findings by the Internal Affairs Unit.[FN12] Disclosure of this information shall be limited to plaintiffs' counsel, absent further court order. The information shall be used only in connection with this case. The issue concerning nonparties is less well-defined. Defendant argues that inmates have a " privacy right" and should not be identified by name. However, no authority is offered for such a privilege. Defendant also argues that plaintiffs' coworkers should not be identified by name.

> FN11. This is an employment discrimination case and discovery must be limited to reasonable boundaries. Conducting detailed, full-blown discovery on each and every allegation of inmate abuse is beyond the bounds of reason. The focus should be whether a pattern of racial abuse exists and whether plaintiffs were present and/or aware of the alleged incidents.

> FN12. As an alternative, defendant may, at its option, allow plaintiffs to review the Internal Affairs Unit files on the forty-one complaints.

*9 Defendant's generalized objections concerning the identification of inmates and coworkers are not persuasive and rejected. Were defendant able to articulate a specific harm to either an inmate or coworker, the court would consider entry of a protective order concerning identification. However, defendant offers nothing to support its general objection. With these rulings in mind, the court addresses the specific discovery requests under this topic heading.

1. Interrogatory No. 20

Plaintiffs request that defendant identify all investigations, whether by defendant or other regulatory authority or agency, conducted in response to any allegation of discrimination or harassment at "your facilities." Defendant objects that the request is overly broad because it is not limited to *racial* discrimination or harassment and that "your facilities" includes other facilities besides the Detention Facility. The court agrees that the interrogatory is overly broad. However, defendant is obligated answer to the extent the interrogatory is not objectionable. Fed.R.Civ.P. 33(b)(1). Defendant shall identify the investigations of racial discrimination or racial harassment at the Detention Facility.

2. Production Request No. 12

Plaintiffs request "all information concerning inmate census setting forth the racial makeup." The request, as stated, is overly broad. Defendant shall produce, to the extent it exists, any summary document which indicates the racial makeup of the inmate population from 1990 forward.

3. Production Request No. 13

Plaintiffs request all documents that reflect any inmate deaths occurring at the Sedgwick County Jail from 1983 to date. Plaintiffs' request for *all documents* is overly broad and an unwarranted fishing expedition. The request to compel shall be denied.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 10
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

### 4. Production Request No. 21

Plaintiffs request all documents reflecting the meetings of the Sedgwick County Sheriff's Civil Service Board that concerned plaintiffs, race relations at the Detention Facility, or any injury to inmates at the facility. Plaintiffs' request for discovery on any injury to inmates is denied as overly broad and unduly burdensome.

### 5. Production Request No. 24

Plaintiffs request all documents, including photographs, videotapes, and "booking activity logs," reflecting or recording injuries to inmates from 1983 to date. The request is denied as overly broad and unduly burdensome.

### 6. County Rule 30(b)(6) Deposition Topic Nos. 3-5 and Sheriff Department Rule 30(b)(6) Deposition Topic No. 19

These topics concern inmate abuse and are denied as overly broad and unduly burdensome.

### 7. County Rule 30(b)(6) Deposition Topic Nos. 2, 6, 7, 12 17, and 19 and Sheriff Department Rule 30(b)(6) Deposition Topic No. 1-3, 6-10, and 14-18

These topics concern personnel matters within the Sheriff Department. To the extent the topics require identification of officers by name, defendant's objection is overruled.[FN13]

> FN13. A number of the topics request testimony concerning policies and procedures and do not require testimony concerning individuals.

### 8. County Rule 30(b)(6) Deposition Topic No. 8

*10 This topic requests testimony concerning number and racial composition of Sedgwick County employees. This case involves the Sheriff Department and more specifically the Detention Facility. Plaintiffs' request for County-wide information is denied.

### G. Miscellaneous Documents

The parties have been unable to resolve whether " defendant must produce in their entirety the *documents listed on pages 14-19 of plaintiff's motion to compel.*" Pages 14 through 19 of plaintiffs' motion contain a description of thirty-eight Bates stamped documents which plaintiffs seek to compel discovery. However, none of the thirty-eight documents are associated with a specific discovery request. Moreover, plaintiffs provide only a short comment with each description, stating that the need for the document outweighs defendants' concerns over security and/or inmate privacy. Defendant's response brief failed to even comment on this portion of plaintiffs' motion. Although the parties request a ruling on production, neither party has been helpful in articulating the issues to be resolved under this topic heading. Under the circumstances, the court declines to rule on the thirty-eight documents.[FN14]

> FN14. Frankly, the court is unable to determine what issue the court is asked to resolve. If the issue concerns "inmate privacy rights," the court overrules that objection (page 20).

IT IS THEREFORE ORDERED that defendant's motions for protective order (Doc. 136 & 141) and plaintiffs' motion to compel (Doc. 144) are GRANTED IN PART and DENIED IN PART, consistent with the rulings stated herein. Defendant shall provide their discovery responses on or before June 2, 2000.

D.Kan.,2000.
Caban v. Sedgwick County Sheriff's Dept.
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)

Briefs and Other Related Documents (Back to top)

• 2001 WL 34030715 (Verdict and Settlement

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 11
Not Reported in F.Supp.2d, 2000 WL 1480481 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

Summary) (May 21, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.