IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: January 4, 2007 at 4:00 p.m.**
Hearing Date: To be determined

## TWENTY-SECOND QUARTERLY INTERIM APPLICATION OF PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR JULY 1, 2006 THROUGH SEPTEMBER 30, 2006

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl Young Jones & Weintraub LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | May 3, 2001 |
| Period for which Compensation and Reimbursement is Sought: | July 1, 2006 through September 30, 2006 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $115,148.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $107,184.36 |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

This is a:     _ monthly          xx interim          _ final application.

The total time expended for preparation of this fee application is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.[2]

## PRIOR APPLICATIONS FILED:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/10/01 | 04/02/01 – 04/30/01 | $ 62,472.75 | $ 23,277.13 | $ 62,472.75 | $ 23,277.13 |
| 08/09/01 | 05/01/01 – 05/31/01 | $ 29,929.00 | $ 15,670.64 | $ 29,929.00 | $ 15,670.64 |
| 09/07/01 | 06/01/01 – 06/30/01 | $ 30,195.50 | $ 37,763.45 | $ 30,195.50 | $ 37,763.45 |
| 09/11/01 | 07/01/01 – 07/31/01 | $ 17,040.50 | $ 20,323.76 | $ 17,040.50 | $18,184.95[3] |
| 10/31/01 | 08/01/01 – 08/31/01 | $ 9,407.50 | $ 20,486.61 | $ 9,407.50 | $ 20,486.61 |
| 11/13/01 | 09/01/01 – 09/30/01 | $ 13,158.00 | $ 10,035.46 | $ 13,158.00 | $ 10,035.46 |
| 11/27/01 | 10/01/01 – 10/31/01 | $ 13,420.75 | $ 8,922.92 | $ 13,420.75 | $ 8,922.92 |
| 01/22/02 | 11/01/01 – 11/30/01 | $ 39,991.50 | $ 22,398.11 | $ 39,991.50 | $ 22,398.11 |
| 01/30/02 | 12/01/01 – 12/31/01 | $ 35,017.00 | $ 13,575.07 | $ 32,778.50 | $ 13,575.07 |
| 04/02/02 | 01/01/02 – 01/31/02 | $ 48,356.50 | $ 38,671.08 | $ 48,356.50 | $ 38,671.08 |
| 05/31/02 | 02/01/02 – 02/28/02 | $ 46,611.50 | $ 25,627.01 | $ 46,611.50 | $ 25,627.01 |
| 06/06/02 | 03/01/02 – 03/31/02 | $ 44,145.00 | $ 29,280.21 | $ 41,141.00[4] | $ 29,280.21 |
| 06/28/02 | 04/01/02 – 04/30/02 | $ 49,562.00 | $ 25,475.46 | $ 49,562.00 | $ 25,475.46 |
| 07/12/02 | 05/01/02 – 05/31/02 | $ 42,495.50 | $ 21,543.54 | $ 42,495.50 | $ 21,543.54 |
| 08/13/02 | 06/01/02 – 06/30/02 | $ 32,819.00 | $ 29,869.61 | $ 32,539.00[5] | $29,776.36[6] |
| 10/01/02 | 07/01/02 – 07/31/02 | $ 22,630.00 | $ 17,187.01 | $ 22,630.00 | $ 17,187.01 |
| 10/30/02 | 08/01/02 – 08/31/02 | $ 34,536.00 | $ 45,540.43 | $ 34,536.00 | $ 45,540.43 |

---

[2] The actual number of hours expended preparing this Application and the corresponding compensation requested will be set forth in PSZYJ&W's subsequent fee applications.

[3] In the Court's Order approving quarterly fee applications for the First, Second and Third Periods, the Court approved $248,394.00 in fees which reflects a reduction of $2,283.50. For the purposes of this application, we have noted the reduction in the last month of that period.

[4] In the Court's Order approving quarterly fee applications for the Fourth Period, the Court approved $136,109.00 for fees which reflects a reduction of $3,004.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[5] In the Court's Order approving quarterly fee applications for the Fifth Period, the Court approved $124,596.50 for fees which reflects a reduction of $280.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[6] In the Court's Order approving quarterly fee applications for the Fifth Period, the Court approved $76,795.36 for expenses which reflects a reduction of $93.25. For the purposes of this application, we have noted the reduction in the last month of that period.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 11/14/02 | 09/01/02 – 09/30/02 | $ 32,858.50 | $ 33,313.79 | $ 30,731.00[7] | $11,436.76[8] |
| 12/30/02 | 10/01/02 – 10/31/02 | $ 19,370.50 | $ 24,488.86 | $ 19,370.50 | $ 24,488.86 |
| 01/21/03 | 11/01/02 – 11/30/02 | $ 25,948.50 | $ 31,181.03 | $ 25,948.50 | $ 31,181.03 |
| 01/30/03 | 12/01/02 – 12/31/02 | $ 16,407.00 | $ 14,016.95 | $ 16,263.00[9] | $ 14,016.95 |
| 03/18/03 | 01/01/03 – 01/31/03 | $ 25,984.50 | $ 19,035.00 | $ 25,984.50 | $ 19,035.00 |
| 04/23/05 | 02/01/03 – 02/28/03 | $ 18,094.50 | $ 23,616.14 | $ 18,094.50 | $ 23,616.14 |
| 06/17/03 | 03/01/03 – 03/31/03 | $ 15,853.00 | $ 15,586.33 | $15,740.50[10] | $ 15,586.33 |
| 07/21/03 | 04/01/03 – 04/30/03 | $12,140.50[11] | $ 17,776.64 | $ 12,140.50 | $ 17,776.64 |
| 08/13/03 | 05/01/03 – 05/31/03 | $ 13,234.50 | $ 16,624.15 | $ 13,234.50 | $ 16,624.15 |
| 09/02/03 | 06/01/03 – 06/30/03 | $ 9,888.50[12] | $ 14,033.07 | $ 9,888.50 | $ 14,033.07 |
| 09/29/03 | 07/01/03 – 07/31/03 | $ 18,546.50 | $ 18,663.30 | $ 18,546.50 | $ 18,663.30 |
| 10/24/03 | 08/01/03 – 08/31/03 | $ 20,376.00 | $ 43,075.91 | $ 20,376.00 | $ 43,075.91 |
| 10/30/03 | 09/01/03 – 09/30/03 | $ 24,433.50 | $ 19,744.93 | $24,410.00[13] | $ 19,744.93 |
| 12/03/03 | 10/01/03 – 10/31/03 | $ 22,988.00 | $ 30,531.15 | $ 22,988.00 | $ 30,531.15 |
| 12/29/03 | 11/01/03 – 11/30/03 | $ 20,729.50 | $ 33,211.18 | $ 20,729.50 | $ 33,211.18 |
| 01/26/04 | 12/01/03 – 12/31/03 | $ 22,073.00 | $ 19,772.62 | $ 22,073.00 | $ 19,772.62 |
| 03/24/04 | 01/01/04 – 01/31/04 | $ 22,238.50 | $ 13,200.84 | $ 22,238.50 | $ 13,200.84 |
| 04/05/04 | 02/01/04 – 02/29/04 | $ 20,551.50 | $ 13,096.88 | $ 20,551.50 | $ 13,096.88 |
| 05/11/04 | 03/01/04 – 03/31/04 | $ 25,911.00 | $ 19,056.44 | $ 25,911.00 | $ 19,056.44 |
| 06/18/04 | 04/01/04 – 04/30/04 | $ 21,730.50 | $ 15,444.69 | $ 21,730.50 | $ 15,444.69 |
| 07/20/04 | 05/01/04 – 05/31/04 | $ 21,891.00 | $ 20,728.27 | $ 21,891.00 | $ 20,728.27 |
| 07/30/04 | 06/01/04 – 06/30/04 | $ 25,219.00 | $ 33,778.62 | $ 25,219.00 | $ 33,778.62 |
| 09/27/04 | 07/01/04 – 07/31/04 | $ 18,385.50 | $ 24,458.32 | $ 18,385.50 | $ 24,458.32 |
| 10/14/04 | 08/01/04 – 08/31/04 | $ 36,394.00 | $ 45,292.19 | $ 36,394.00 | $ 45,292.19 |
| 12/17/04 | 09/01/04 – 09/30/04 | $ 30,767.50 | $ 25,111.50 | $ 30,767.50 | $ 25,111.50 |

[7] In the Court's Order approving quarterly fee applications for the Sixth Period, the Court approved $87,897.00 for fees which reflects a reduction of $2,127.50. For the purposes of this application, we have noted the reduction in the last month of that period.

[8] In the Court's Order approving quarterly fee applications for the Sixth Period, the Court approved $95,393.85 for expenses which reflects a reduction of $647.38. For the purposes of this application, we have noted the reduction in the last month of that period.

[9] In the Court's Order approving quarterly fee applications for the Seventh Period, the Court approved $61,582.00 for fees which reflects a reduction of $144.00. For the purposes of this application, we have noted the reduction in the last month of that period.

[10] In the Court's Order approving quarterly fee applications for the Eighth Period, the Court approved $59,819.50 for fees which reflects a reduction of $112.50. For the purposes of this application, we have noted the reduction in the last month of that period.

[11] Due to a clerical error, an incorrect amount was requested in the April 2003 fee application although the correct amount was requested in the 9th Quarterly fee application. This amount reflects the correct amount on the bill attached to the April 2003 fee application.

[12] This amount reflects a voluntary reduction of $1,248.50 from the fees of $11,137.00 by PSZYJ&W for the June 2003 fee application period. The $11,137.00 amount was requested in error in the June 2003 fee application as well as the 9th Quarterly fee application and subsequently approved by Order dated December 195, 2003. The amount listed is the correct amount.

[13] In the Court's Order approving quarterly fee applications for the Tenth Period, the Court approved $63,332.50 for fees which reflects a reduction of $23.50. For the purposes of this application, we have noted the reduction in the last month of that period.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 01/12/05 | 10/01/04 – 10/31/04 | $ 48,426.50 | $ 38,476.13 | $ 48,426.50 | $ 38,476.13 |
| 01/28/05 | 11/01/04 – 11/30/04 | $ 38,293.00 | $ 45,333.34 | $ 38,293.00 | $ 45,333.34 |
| 02/03/05 | 12/01/04 – 12/31/04 | $ 35,898.50 | $ 32,468.11 | $ 35,898.50 | $ 32,468.11 |
| 03/25/05 | 01/01/05 – 01/31/05 | $ 43,205.00 | $ 43,350.70 | $43,147.00[14] | $ 43,350.70 |
| 04/11/05 | 02/01/05 – 02/28/05 | $ 31,155.00 | $ 48,274.20 | $ 31,155.00 | $ 48,274.20 |
| 04/27/05 | 03/01/05 – 03/31/05 | $ 24,291.50 | $ 22,823.74 | $ 24,291.50 | $ 22,823.74 |
| 06/22/05 | 04/01/05 – 04/30/05 | $ 37,512.00 | $ 14,813.08 | $ 37,512.00 | $ 14,813.08 |
| 07/15/05 | 05/01/05 – 05/31/05 | $ 26,114.50 | $ 43,949.18 | $ 26,114.50 | $ 43,949.18 |
| 08/19/05 | 06/01/05 – 06/30/05 | $ 27,609.50 | $ 21,315.97 | $ 27,609.50 | $ 21,315.97 |
| 10/03/05 | 07/01/05 – 07/31/05 | $ 38,213.00 | $ 44,301.75 | $ 38,213.00 | $ 44,301.75 |
| 10/28/05 | 08/01/05 – 08/31/05 | $ 28,971.50 | $ 31,439.92 | $ 28,971.50 | $ 31,439.92 |
| 11/28/05 | 09/01/05 – 09/30/05 | $ 44,764.00 | $ 36,267.24 | $44,386.00[15] | $ 36,267.24 |
| 12/20/05 | 10/01/05 – 10/31/05 | $ 50,950.00 | $103,851.05 | $ 50,950.00 | $103,851.05 |
| 01/13/06 | 11/01/05 – 11/30/05 | $ 36,400.50 | $ 43,157.91 | $ 36,400.50 | $ 43,157.91 |
| 02/01/06 | 12/01/05 – 12/31/05 | $ 36,758.50 | $ 43,874.74 | $ 36,758.50 | $ 43,874.74 |
| 03/28/06 | 01/01/06 – 01/31/06 | $ 52,254.00 | $ 48,711.17 | $ 41,803.20 | $ 48,711.17 |
| 04/14/06 | 02/01/06 – 02/28/06 | $ 33,777.00 | $ 20,287.51 | $ 27,021.60 | $ 20,287.51 |
| 05/23/06 | 03/01/06 – 03/31/06 | $ 37,490.00 | $ 42,269.65 | $ 29,992.00 | $ 42,269.65 |
| 06/08/06 | 04/01/06 – 04/30/06 | $ 23,329.00 | $ 13,404.99 | $ 18,663.20 | $ 13,404.99 |
| 07/10/06 | 05/01/06 – 05/31/06 | $ 22,086.50 | $ 20,308.04 | $ 17,669.20 | $ 20,308.04 |
| 09/11/06 | 06/01/06 – 06/30/06 | $ 28,381.00 | $ 20,172.11 | $ 22,704.80 | $ 20,172.11 |
| 09/26/06 | 07/01/06 – 07/31/06 | $ 42,241.50 | $ 17,213.10 | $ 33,793.20 | $ 17,213.10 |
| 10/18/06 | 08/01/06 – 08/31/06 | $ 34,823.50 | $ 52,621.31 | $ 27,858.80 | $ 52,621.31 |
| 11/30/06 | 09/01/06 – 09/30/06 | $ 38,083.50 | $ 37,349.95 | Pending | Pending |

---

[14] This amount reflects a reduction of $58.00 due to a billing error in the January 2005 fee application which resulted in an over-bill of $58.00.

[15] In the Court's Order approving quarterly fee applications for the Eighteenth Period, the Court approved $111,570.50 in fees which reflects a reduction of $378.00. For the purposes of this application, we have noted the reduction in the last month of that period.

## PSZYJ&W PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed[16] | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $675.00 | 1.20 | $ 810.00 |
| Scotta E. McFarland | Of Counsel 2000; Member of CA Bar since 1993; Member of TX Bar since 1980; Member of DE Bar since 2002 | $450.00 | 0.30 | $ 135.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $445.00 | 144.20 | $64,169.00 |
| William L. Ramseyer | Of Counsel; Member of CA Bar since 1980 | $395.00 | 6.40 | $ 2,528.00 |
| Curtis A. Hehn | Partner 2006; Member of PA and NJ Bars since 1997; Member of DE Bar since 2002 | $350.00 | 6.80 | $ 2,380.00 |
| Sandra G.M. Selzer | Associate 2003; Member of DE Bar since 2002 | $295.00 | 1.00 | $ 295.00 |
| Louise R. Tuschak | Paralegal 2000 | $155.00 | 13.70 | $ 2,123.50 |
| Karina K. Yee | Paralegal 2000 | $155.00 | 8.90 | $ 1,379.50 |
| Patricia E. Cuniff | Paralegal 2000 | $155.00 | 170.20 | $26,381.00 |
| Cheryl A. Knotts | Paralegal 2000 | $150.00 | 4.20 | $ 630.00 |
| Marlene S. Chappe | Paralegal 2001 | $150.00 | 11.50 | $ 1,725.00 |
| Rita M. Olivere | Case Management Assistant 2000 | $ 85.00 | 1.80 | $ 153.00 |
| Donna C. Crossan | Case Management Assistant 2000 | $ 85.00 | 4.50 | $ 382.50 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 80.00 | 93.40 | $ 7,472.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 70.00 | 6.00 | $ 420.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 70.00 | 7.50 | $ 525.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 65.00 | 56.00 | $ 3,640.00 |

Total Fees:    $115,148.50
Total Hours:       537.60
Blended Rate:  $    214.19

---

[16] Some professional time that was spent during the Interim Period may be reflected in a subsequent application and some professional time that was spent during the previous Interim Period may be reflected in this Application.

## TASK CODE SUMMARY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Asset Disposition | 2.10 | $ 644.50 |
| Case Administration | 233.30 | $23,557.50 |
| WRG-Claims Analysis (Asbestos) | 59.40 | $19,359.00 |
| WRG-Claim Analysis | 1.60 | $ 538.00 |
| WRG-Employ. App., Others | 3.50 | $ 744.50 |
| Employee Benefit/Pension | 1.10 | $ 401.00 |
| WRG-Fee Apps., Applicant | 14.70 | $ 4,420.00 |
| WRG-Fee Applications, Others | 79.80 | $16,446.00 |
| Litigation (Non-Bankruptcy) | 133.80 | $46,365.00 |
| Plan & Disclosure Statement | 7.50 | $ 2,549.00 |
| Stay Litigation | 0.80 | $ 124.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[17] | Total Expenses |
|---|---|---|
| Auto Travel Expense | Eagle Limo Service | $ 615.30 |
| Working Meals | 821 Market Street; Healy's Café | $ 102.50 |
| CD Duplication |  | $ 360.00 |
| Delivery/Courier Service | Tristate; Worldwide Express | $16,167.22 |
| Express Mail | DHL and Federal Express | $ 5,426.13 |
| Filing Fee | USBC | $ 26.00 |
| Fax Transmittal (outgoing only) |  | $ 486.00 |
| Hotel Expense | Renaissance Hotel | $ 215.95 |
| Court Research | Pacer | $ 1,224.24 |
| Outside Reproduction Expense | Digital Legal Services | $18,435.12 |
| Postage | US Mail; Digital Legal Services | $15,710.46 |
| Reproduction Expense | Business Express | $46,351.50 |
| Transcript | J&J Transcribers | $ 1,462.16 |
| Legal Research | Westlaw | $ 601.78 |

---

[17] PSZYJ&W may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: January 4, 2007 at 4:00 p.m.**
Hearing Date: To be determined

### TWENTY-SECOND QUARTERLY INTERIM APPLICATION OF PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR JULY 1, 2006 THROUGH SEPTEMBER 30, 2006

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Official Committee Members', signed April 17, 2002 (the "Amended

Administrative Order"), amending the Court's 'Administrative Order Pursuant to Sections 105(a)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001, the law firm of Pachulski Stang Ziehl Young Jones & Weintraub LLP ("PSZYJ&W") hereby files this Twenty-Second Quarterly Interim Application of Pachulski Stang Ziehl Young Jones & Weintraub LLP for Compensation and for Reimbursement of Expenses for July 1, 2006 through September 30, 2006 (the "Twenty-Second Quarterly Fee Application").

By this Twenty-Second Quarterly Fee Application PSZYJ&W seeks the interim allowance of compensation in the amount of $115,148.50 and reimbursement of actual and necessary expenses in the amount of $107,184.36 for a total of $222,332.86, or one hundred percent (100%) of all compensation and expense reimbursement requested, for the period July 1, 2006 through September 30, 2006 (the "Interim Period"). In support of this Twenty-Second Quarterly Fee Application, PSZYJ&W respectfully represents as follows:

## Background

1.  On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants, and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.      By this Court's order dated May 3, 2001, Debtors were authorized to retain PSZYJ&W as their counsel, effective as of the respective petition dates, with regard to the filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The Retention Order authorizes Debtors to compensate PSZYJ&W at PSZYJ&W's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and

final fee applications of the professional. The professional is also to file a quarterly interim fee application.

### Monthly Fee Applications Covered Herein

6. Prior to the filing of this Twenty-Second Quarterly Fee Application, the July 1, 2006 through September 30, 2006 monthly fee applications of PSZYJ&W had been filed with the Court pursuant to the Administrative Order and Amended Administrative Order. The July 1, 2006 through September 30, 2006 monthly applications are the subject of this Twenty-Second Quarterly Fee Application.

7. On or about September 26, 2006, PSZYJ&W filed the Sixty-Fourth Monthly Application of Pachulski Stang Ziehl Young Jones & Weintraub LLP for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From July 1, 2006 through July 31, 2006 (the "Sixty-Fourth Monthly," Docket No. 13306), requesting $42,241.50 in fees and $17,213.10 in expenses. No objections were received with respect to the Sixty-Fourth Monthly, and a certificate of no objection was filed on October 25, 2006, (Docket No. 13470). The Sixty-Fourth Monthly is attached hereto as Exhibit A.

8. On or about October 18, 2006, PSZYJ&W filed its Sixty-Fifth Monthly Application of Pachulski Stang Ziehl Young Jones & Weintraub LLP for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From August 1, 2006 through August 31, 2006 (the "Sixty-Fifth Monthly," Docket No. 13425), requesting $34,823.50 in fees and $52,621.31 in expenses. No objections were received with

respect to the Sixty-Fifth Monthly, and a certificate of no objection was filed on November 8, 2006, (Docket No. 13609). The Sixty-Fifth Monthly is attached hereto as Exhibit B.

9.  On or about November 30, 2006, PSZYJ&W filed its Sixty-Sixth Monthly Application of Pachulski Stang Ziehl Young Jones & Weintraub LLP for Compensation for Services Rendered and Reimbursement of Expenses as Co-counsel to the Debtors for the Period From September 1, 2006 through September 30, 2006 (the "Sixty-Sixth Monthly," Docket No. 13871 requesting $38,083.50 in fees and $37,349.95 in expenses. The Sixty-Sixth Monthly is pending. The Sixty-Sixth Monthly is attached hereto as Exhibit C.

10.  The monthly fee applications covered by this Twenty-Second Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by PSZYJ&W during the Interim Period as well as other detailed information required to be included in fee applications. Those monthly applications, attached hereto as Exhibits A, B, and C, are incorporated herein by reference.

### Requested Relief

11.  By this Twenty-Second Quarterly Fee Application, PSZYJ&W requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZYJ&W from July 1, 2006 through September 30, 2006.[2] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court and are attached hereto as Exhibits A, B, and C.

---

[2] PSZYJ&W reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

12. At all relevant times, PSZYJ&W has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

13. All services for which compensation is requested by PSZYJ&W were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

14. During the Interim Period, PSZYJ&W has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between PSZYJ&W and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

15. The professional services and related expenses for which PSZYJ&W requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZYJ&W's professional responsibilities as attorneys for Debtors in their chapter 11 cases. PSZYJ&W's services have been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

WHEREFORE, PSZYJ&W respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of July 1, 2006 through September 30, 2006, an allowance be made to PSZYJ&W in the sum of $115,148.50 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $107,184.36 for reimbursement of actual and necessary costs and expenses incurred, for a total of $222,332.86, that Debtors be authorized and directed to pay to PSZYJ&W the

outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: December 8, 2006

          PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

          */s/ Laura Davis Jones*
          Laura Davis Jones (Bar No. 2436)
          James E. O'Neill (Bar No. 4042)
          919 North Market Street, 17th Floor
          P.O. Box 8705
          Wilmington, DE 19899-8705 (Courier 19801)
          Telephone: (302) 652-4100
          Facsimile: (302) 652-4400

          Co-counsel for Debtors and Debtors in Possession

**VERIFICATION**

STATE OF DELAWARE       :
                        :
COUNTY OF NEW CASTLE    :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl Young Jones & Weintraub LLP, and have been admitted to appear before this Court.

b) I have personally performed some of the legal services rendered by Pachulski Stang Ziehl Young Jones & Weintraub LLP as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZYJ&W.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

_____
James E. O'Neill

SWORN AND SUBSCRIBED
before me this 11th day of _____, 2006.

_____
Notary Public
My Commission Expires: 11/4/07

MARY E. CORCORAN
Notary Public
State of Delaware
My Commission Expires Nov. 4, 2007

91100-001\DOCS_DE:122069.1