IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re ) | Chapter 11 |
| ) |  |
| W. R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) |  |
| ) | **Response Date: TBD** |
| Debtors. ) | **Hearing Date: TBD** |
| ) |  |

## MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR LEAVE TO DESIGNATE AN EXPERT REGARDING CONSTRUCTIVE NOTICE FOR PROPERTY DAMAGE CLAIMS

TO:   THE HONORABLE JUDITH K. FITZGERALD,
      UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Asbestos Property Damage Claimants (the "**PD Committee**") of the above-captioned debtors and debtors in possession (the "**Debtors**"), by and through undersigned counsel, respectfully moves the Court for leave to designate an expert on the issue of "Constructive Notice" in connection with the Debtors' objections to individual asbestos property damage claims ("**PD Claims**").

### PRELIMINARY STATEMENT

1.   In October 2005, the Debtors urged that "the Court during Phase I of the estimation proceedings should convene a hearing at which it considers and decides the issue of when property owners were on constructive notice of property damage claims under the laws of three key states that have the highest number of claims, California, New York and Louisiana." *Debtors' Brief in Support of an Estimation Hearing on Constructive Notice in Property Damage Claims*, p. 2. The PD Committee vociferously objected to the Debtors' unprecedented attempt to have this Court decide Constructive Notice for statute of limitations purposes on an omnibus

basis as part of Phase I of the estimation of PD Claims (the **"PD Estimation"**) without regard for the particularized knowledge and facts pertinent to each individual asbestos property damage claimant. *See, Response and Memorandum of Law of the Official Committee of Asbestos Property Damage Claimants In Opposition to Debtors' Brief in Support of an Estimation Hearing on Constructive Notice in Property Damage Claims* (the **"PD Committee Constructive Notice Objection"**).

2. On October 17, 2005, the Debtors provided their initial disclosure of Phase I fact and expert witnesses and, in that disclosure, the Debtors designated Roger H. Morse, AIA, as a fact and expert witness in respect of the Constructive Notice issue and they also provided the *Report of Robert H. Morse AIA On Summary of Information Available to Building Owners and Managers About Asbestos in Buildings, 1970 – 1995* (the **"Morse Report"**). However, the Morse Report was rendered altogether inconsequential by the Court's determination of the correctness of the PD Committee's position at the November 14, 2005 Omnibus Hearing, and the Court's refusal to consider Constructive Notice globally as part of Phase I of the PD Estimation. At least, that is what we thought. At the November 14, 2005 Omnibus Hearing, the Court stated:

> But I think Mr. Baena is correct, from limited research I've been able to do so far, I don't think you can knock out every building in California by saying that as of a certain date everybody in California knew that asbestos in a building created some property damage claim that should have been addressed by the -- should have been raised with and then addressed by the Debtor.

Transcript of Hearing, Nov. 14, 2005, at 82.

3. On November 6, 2006, in accordance with the Court's case management order governing the Debtors' objections to individual PD Claims, the Debtors filed their *Preliminary Witness Disclosure for Adjudication of Product Identification, Limitations Periods and the Libby Claims Issues*. By this disclosure, the Debtors once again designated Mr. Morse as their expert on Constructive Notice and proffered as follows:

> Mr. Morse may testify as a fact and expert witness about the issue of constructive notice and information available to building owners <u>based upon his literature reviews</u>, his consulting experience and his experiences with historical standards, policies and regulations applicable to asbestos and asbestos-containing products over time, including the federal government's enactment of statutes, promulgation of regulations and issuance of guidance documents. <u>Mr. Morse has previously submitted an expert report entitled "Summary of Information Available to Building Owners and Managers About Asbestos in Buildings, 1970 – 1995."</u> He may supplement that report with additional information or information available in specific geographic areas. (emphasis added).

4. Thusly, the Debtors now seek to use Mr. Morse to do the very same thing that the Court determined the Debtors could not do as part of Phase I of the estimation of PD Claims. Consequently, the PD Committee intends to move to strike (the "**Motion to Strike**") Mr. Morse and the Morse Report in conjunction with the Debtors' objections to individual PD Claims based on Constructive Notice.[1]

5. As the PD Committee could not and did not anticipate the Debtors' attempt to recycle Mr. Morse or the Morse Report in an effort to paint all property damage claimants with the same brush for purposes of Constructive Notice, without any regard for the applicable state law standard for Constructive Notice or the specific relevance of any of Mr. Morse's opinions to each individual property damage claimant, the PD Committee did not designate its own expert to refute Mr. Morse's opinions and testimony in the context of individual claims objections. Thus, while the PD Committee will argue against the use of Mr. Morse or the Morse Report by its Motion to Strike, in an abundance of caution, the PD Committee hereby seeks leave to designate its own expert on the issue of Constructive Notice and, more specifically, to refute Mr. Morse

---

[1] Mr. Morse has submitted a total of four expert reports: the October 17, 2005 Summary of Information Available to Building Owners and Managers About Asbestos in Buildings, 1970 – 1995, the October 17, 2005 Report on ASTM Microvacuuming Dust Sampling Methods, the January 19, 2006 Rebuttal Report on ASTM Microvacuuming Dust Sampling Methods and the November 14, 2006 Rebuttal Report on Expert Report of William E. Longo, Ph.D. The October 17, 2005 Summary of Information Available to Building Owners and Managers About Asbestos in Buildings, 1970 – 1995 is the only report which discusses the issue of Constructive Notice and it is only this Report which the PD Claimants which will be subject of the Motion to Strike.

and the Morse Report on the effect of information found in the media over the years concerning asbestos in buildings. The expert to be designated by the PD Committee will opine on what can be concluded from a communications perspective about such published information.

6. The PD Committee has previously employed Hilsoft Notifications and Todd B. Hilsee as it notification expert in this bankruptcy case. It would be the intention of the PD Committee to designate Mr. Hilsee as its expert on the Constructive Notice issue as aforesaid.

7. The Debtors will not be prejudiced by the granting of this motion for at least four reasons. <u>First</u>, while the preliminary designations of experts who will testify in respect of the Constructive Notice issue on behalf of any party in interest was to have been made by November 6, 2006, the reports of such experts testifying on behalf of holders of PD Claims are not due until January 17, 2007. The Debtors' experts' reports are due on December 21, 2006. Thus, beyond the mere preliminary designations of experts, nothing further was or is required to be done in respect thereof on behalf of property damage claimants before January 17, 2007. <u>Second</u>, the Debtors were not entitled to a preview of the identity of experts that would be offered against them or the subjects upon which those experts will testify before the November 6, 2006 deadline for the submission of preliminary designations of experts. Thus, the Debtors' designations of its Constructive Notice experts could not have been informed by such information. <u>Third</u>, by the PD Committee Constructive Notice Objection, the Debtors were explicitly made aware of the PD Committee's objection to the use of Mr. Morse and the Morse Report and the PD Committee's expressed reservation of the right to move to strike Mr. Morse as an expert and/or to strike Mr. Morse's testimony on the Constructive Notice issue. (Footnote No. 13 on page 12 of the PD Committee Constructive Notice Objection). <u>Fourth</u>, discovery in respect of the Constructive Notice issue cannot commence until January 24, 2007, and thus, the Debtors will not have lost

any time or opportunity to conduct discovery in respect of the PD Committee's expert, Mr. Hilsee.

8. The very use of Mr. Morse and the Morse Report in wholesale fashion in respect of all PD Claims subject of the Constructive Notice defense renders all issues concerning the qualifications of Mr. Morse, and the admissibility of the Morse Report, as well as the rebuttal thereof, overarching issues generally affecting all such PD Claims.[2] Thus, this motion and the Motion to Strike by the PD Committee is entirely consistent with the view expressed by the Court at the July 24, 2006 omnibus hearing concerning the role of the PD Committee in connection with the Debtors' objections to individual PD Claims. *See*, 7/24/06 Tr. at 166.

WHEREFORE, the Official Committee of Asbestos Property Damage Claimants respectfully moves this Honorable Court for leave to file its preliminary designation of Todd B. Hilsee as an expert that the PD Committee may call to testify in respect of the testimony of Robert H. Morse and the Morse Report and for such other and further relief as the Court deems appropriate.

Dated:  December 18, 2006         BILZIN SUMBERG BAENA
                                  PRICE & AXELROD LLP

                                  Scott L. Baena (admitted pro hac vice)
                                  Jay M. Sakalo (admitted pro hac vice)
                                  Matthew I. Kramer (admitted pro hac vice)
                                  2500 Wachovia Financial Center
                                  200 South Biscayne Boulevard
                                  Miami, Florida 33131-2336
                                  (305) 374-7580

                                  and

---

[2] 591 of the remaining 602 PD Claims are subject of the Debtors' Constructive Notice objection.

FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
(302) 575-1555


By:   /s/ Theodore J. Tacconelli
        Theodore J. Tacconelli
        (Del. Bar No. 2678)

Co-Counsel for the Official Committee of Asbestos Property Damage Claimants