# EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**W.R. GRACE & CO.'S RESPONSES AND OBJECTIONS TO ASBESTOS CLAIMANTS' COMMITTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

From the beginning of Debtor W. R. Grace & Co.'s ("Grace") involvement in asbestos litigation in the early 1980s through the date of Grace's bankruptcy filing, virtually every asbestos-related claim made against Grace related to Grace's Zonolite line of products that had been manufactured by the Zonolite Company, which Grace acquired in 1963, or by its Construction Products Division ("CPD"). Therefore, in responding to discovery requests in asbestos litigation, Grace focused its review of documents on those that concerned such products in which asbestos was added as part of the product's formulation ("commercial asbestos containing products") and vermiculite products. Grace will produce in response to these requests any and all materials produced to any party at any time in connection with personal injury asbestos related litigation and/or documents produced in connection with the EPA investigation of Grace's vermiculite mine and mill in Libby, Montana, as well as the various class actions relating to Zonolite Attic Insulation ("ZAI").

1. Grace objects to the definitions and instructions contained in Asbestos Claimants' Committee's ("PI Committee") First Set of Requests for Production of Documents Directed to the Debtors (collectively, "Requests for Production") to the extent that said definitions and instructions purport to impose discovery obligations beyond those required by Fed. R. Civ. P. 26 and 34 and Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.

2. Grace objects to the Requests for Production to the extent they seek information or identification of documents beyond the permissible scope of discovery or impose burdens beyond those permitted by the applicable rules of civil procedure. Grace further objects to the requests to the extent they seek information that will be presented by expert witnesses on the grounds that such inquiry is premature.

68. For the time period January 1, 1995 to January 1, 2002 any letter from Grace or its counsel to Grace's outside auditors (Price WaterhouseCoopers or any other accounting firm which provided audit services to Grace) which mentions or describes Grace's Asbestos personal injury litigation.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to the extent this request seeks the production of documents protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine and/or are otherwise immune from discovery. Grace further objects to this request to the extent it seeks information about settlement negotiations, which is inadmissible under Rule 408 of the Federal Rules of Evidence. Subject to and without waiving these objections and/or the General Objections above, and to the extent they exist therein, Grace will produce the collections of documents discussed in its General Objections at a mutually agreeable time.

69. Documents setting forth any estimate of asbestos personal injury liability prepared by or for Grace between January 1, 1996 and the present which attempts to estimate the aggregate amount of Grace liability to present and future asbestos personal injury plaintiffs.

RESPONSE: Grace objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace further objects to the extent this request calls for documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further responding, Grace states that it has previously produced its Case Management System on disc in this case, which may contain information responsive to this request. Grace is willing to again produce its Case Management System if counsel for the PI Committee so requests. To the extent this request seeks information not available in the Case Management System, Grace objects as the request is overly broad and unduly burdensome.

70. Produce any list of "Agreed jobsites" that were incorporated into or attached as exhibits to any settlement agreement ever entered into between Grace and any asbestos personal injury claimant.

RESPONSE: Grace objects to this request as vague on the grounds that the terms "Agreed jobsite" is a term not commonly used by Grace and which have no meaning in this context. Grace further objects to this request as overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Grace also objects to this request to the extent that it seeks documents related to settlement negotiations, which are inadmissible under Rule 408 of the Federal Rules of Evidence. Subject to and without waiving these objections and/or the General Objections above and, to the extent such documents exist therein, Grace will produce the collections of documents described in its General Objections at a mutually agreeable time.