IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. [1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DEBTORS' OBJECTION TO CERTAIN CLAIMS FILED BY DEL TACO, INC.
AND WILLIAM C. BAKER, ET AL.
AND AGREEMENT FOR REFERRAL TO MEDIATION**

This Court approved the Debtors' motion to establish an alternative dispute resolution program to liquidate certain prepetition claims (D.I. 6853) (the "ADR Order") on November 8, 2004. Del Taco, Inc. ("Del Taco") and William C. Baker, et al.[2] (the "Baker Claimants") filed the Del Taco Claims and the Baker Claims (defined below), respectively, against the Debtors. The Baker Claimants subsequently assigned the Baker Claims to Del Taco. Since these claims remain unresolved and have been subject to litigation for over nine years, the parties have agreed

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] William C. Baker, Eber E. Jaques, Bradford H Miller, Montgomery R. Fisher, Sharon R. Ormsbee, Marilyn Rea, and the Fisher Trust. *See* Exhibit D, Claim #13943, Attachment 1.

that the best alternative at this time is to attempt to resolve the claims against the Debtors under the terms of the ADR Order.

Pursuant to the ADR Order, the Debtors must first file an objection to a disputed claim and, after the claimant has responded to the Debtors' objection, the Debtors are authorized to submit the disputed claim to the ADR Program established under the ADR Order. The Debtors hereby object to the Claim (the "Objection"). In support hereof, the Debtors state the following:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

### Background

3. On April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. By an order dated April 25, 2002, this Court set March 31, 2003, as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date").

5. On March 31, 2003 Del Taco, Inc. filed proofs of claim against each of the following Debtors: (i) W. R. Grace & Co. Conn. ("Grace") and (ii) Creative Food 'N Fun Company ("Creative"), a subsidiary of Grace. The Debtors' claims agent has designated these

2

claims as Claim #13964 and #14648, respectively (collectively the "Del Taco Claims," copies of which are attached hereto as Exhibit A and Exhibit B). The Del Taco Claims seek recovery for indemnification allegedly owed by Debtors pursuant to a Modification Agreement (defined below) in connection with the litigation and resolution of a lawsuit between the Baker Claimants and Del Taco commenced in the Superior Court of the State of California, for the County of Orange, entitled *Baker, et al. v. W.R. Grace & Co., et al.*, Case No 758512 (the "Baker Action"). The Del Taco Claims are based on state contract law and assert claims in an unknown amount.

6. Additionally, on March 31, 2003, the Baker Claimants filed proofs of claim against: (i) DTG, Inc., Del Taco Corporation, and Taco Villa; (ii) Creative; and (iii) Grace. Only Grace and Creative are Debtors. The Debtors' claims agent has designated these claims as Claim #13942, #13943, and #13944, respectively (collectively the "Baker Claims," copies of which are attached hereto as Exhibit C, Exhibit D, and Exhibit E). The Baker Claims assert $75,000,000 in unsecured claims and seek: (i) recovery of royalties allegedly owed under a Conveyance Agreement between Del Taco, Inc. and DTG, Inc. dated September 16, 1977 (the "Royalty Agreement");[3] (ii) breach of implied covenant of good faith and fair dealing; and (iii) interference with contract.[4]

7. The Del Taco and Baker Claims arise out of a complicated and intertwined history.[5] In 1977, DTI entered into the Royalty Agreement with DTG. This agreement provided that DTG had exclusive rights to open stores under the Del Taco brand outside of California and Yuma, Arizona (the "Domestic Territory") in return for 1% of the gross receipts to be paid to DTI. Royalty Agreement § 3.01 at 5. Additionally, DTI had an option to recapture the right to

---

[3] A copy of the Royalty Agreement can be found in Exhibit C at exhibit 1.
[4] Del Taco, Inc. ("DTI"), who is a party to the Royalty Agreement, is a different entity from the Del Taco that is asserting the Del Taco Claims and DTG who is a predecessor in interest to Creative.
[5] A diagram of the relevant parties to the transactions has been attached as Exhibit F.

3

open stores in the Domestic Territory (for a $10,000 per store fee, up to four million dollars and 1% of the gross receipts per store) if DTG did not open sufficient stores within a certain time period (the "Article 4 Option"). *Id.* §§ 4.03 and 4.04 at 7 and 8. Creative is the successor to DTG's interests under the Royalty Agreement.

8.  In April 1979, DTI assigned its rights to receive royalty payments under Royalty Agreement § 3.01 to most of the Baker Claimants who subsequently transferred interests to the remaining Baker Claimants. Allegedly, DTI also assigned the Article 4 Option to the Baker Claimants. DTG subsequently changed its name to Del Taco Corporation.[6] In 1984 Creative bought Del Taco Corporation, including the rights and obligations under the Royalty Agreement.

9.  In 1988 DTI was sold to AWR II, which subsequently changed its name to Del Taco, the current claimant. In connection with that sale, DTI and a number of the Baker Claimants represented to AWR II that DTI (and not the Baker Claimants) owned the Article 4 Option. In 1992 Grace decided to exit the restaurant business and reconvey all rights to open new stores under the Royalty Agreement back to Del Taco. Del Taco and Creative entered into the Modification and Purchase Agreement dated July 7, 1992 (the "Modification Agreement")[7] which changed, among other things, Article 4's requirement that DTI pay Creative a $10,000 per store fee and 1% of gross receipts for stores opened in the Domestic Territory to a flat $350,000 fee. This, along with related equipment sales to other companies, effectively ended Grace's restaurant related business by transferring all rights to open Del Taco restaurants back to Del Taco.

10. In 1994, Del Taco filed a declaratory judgment action against the Baker Claimants and Creative asserting that Royalty Agreement § 3.01 did not require any payments

---

[6] This entity is a separate corporation from either Del Taco or DTI.
[7] A copy of the Modification Agreement can be found in Exhibit A at exhibit 1.

4

from Del Taco to the Baker Claimants. *Del Taco, Inc v. William C. Baker, et al.*, Case No. 730152 (Cal. Super. Ct. Orange County 1994). The Superior Court granted Del Taco's summary judgment motion, determining the Baker Claimants were not owed such royalties by Del Taco. That judgment is now final.

11. Despite the 1994 judgment, the Baker Claimants filed an action in 1996 against Creative and Del Taco alleging that Grace and Creative owed royalties to the Baker Claimants under Royalty Agreement. Article 3.01 and for tortious interference with contract. The gravaman of the tortious interference claim was that by entering into the Modification Agreement with Del Taco, Creative interfered with the assignment of the Article 4 Option from DTI to the Baker Claimants. The Baker Claimants alleged that **Grace** owed them section 3.01 royalties for all stores opened by **Del Taco** after the Modification Agreement. The tortious interference claim was dismissed on the merits because it was time barred. That judgment was subsequently affirmed in May 2000 and is now final (together with the 1994 judgment, the "Judgments," copies of which are attached hereto as Exhibit G). The remaining royalty claim was stayed when Grace filed for Chapter 11 relief on the Petition Date.

12. Subsequent to the Claims Bar Date, Del Taco settled its claims with the Baker Claimants and now owns both its claims and the Baker Claimants' claims against the Debtors.

### The Objections

13. For the reasons discussed below, Debtors request that this Court: (i) disallow and expunge Del Taco Claim #14648 as duplicative, (ii) limit Del Taco Claim #13964 to litigation costs, not including any settlement, incurred in the defense of the Baker Action, (iii) disallow and expunge Baker Claims #13942 and #13943 as duplicative, and (iv) disallow and expunge Baker Claim #13944 as invalid.

### (a) General Objections -- Duplicative Claims

14. The Debtors seek disallowance of Del Taco Claim #14648 because it is entirely duplicative of Del Taco Claim #13964. Del Taco Claim #14648 asserts *exactly the same* claims as Del Taco Claim #13964, except that Del Taco Claim #14648 is asserted against Creative and Del Taco Claim #13964 is asserted against Grace. The amounts sought in these Claims are properly asserted only against Grace which is the Debtors' operating corporation. Creative is a non-operating shell corporation with little to no assets.

15. Further, Creative will have no relevance for purposes of any potential distribution made on account of the Del Taco Claims pursuant to the Debtors' anticipated chapter 11 reorganization plan (the "Plan"). The Debtors anticipate that the Plan will provide for the substantive consolidation of all of the Debtors for purposes of the Plan. Accordingly, all of the Debtors' collective assets will likely be available to satisfy their collective liabilities. This is a further reason to disallow Claim #14648 asserted against Creative.

16. The Debtors likewise seek disallowance of Baker Claims #13942 and #13943. Baker Claims #13942 and 13943 assert *exactly the same* claims as Claim #13944. Claim #13942 is asserted against DTG, a non-debtor predecessor in interest to Creative. Claim #13943 is asserted against Creative. Claim #13944 is asserted against Grace. For the reasons stated in paragraphs 13 and 14 above, the amounts sought in these Claims are properly asserted only against Grace, which is the Debtors' operating corporation.

### (b) Substantive Objections

#### (i) The Del Taco Claims

17. Del Taco Claim #13964 asserts unsecured nonpriority claims in an unknown amount based on an alleged right to indemnification related to settling the Baker Claimants' Claims under the Modification Agreement.

18. The Debtors object to the as yet unspecified amounts associated with settling the Baker Claimants' claims. The Debtors, under Modification Agreement § 8(a), only have to indemnify Del Taco for claims related to royalty payments under § 3.01 of the Royalty Agreement. *See* Modification Agreement at § 10. The Judgments made clear that Del Taco was not liable to the Baker Claimants for payment of the Article 3 royalties. Therefore, any settlement amounts paid by Del Taco to the Baker Claimants to resolve litigation are not covered by the indemnification provision and any claims based on portions of the settlement reflecting costs other than litigation costs related to the 1994 action, which concerned Article 3 royalties, should be disallowed.

### (ii) The Baker Claims

19. Del Taco, standing in the Baker Claimants' shoes, asserts in Claim #13944 an unsecured nonpriority claim under three separate theories: (A) tortious interference with contract, (B) breach of contract, and (C) breach of covenant of good faith and fair dealing. Claim #13944 is for a total of $25,000,000, but the amount for each cause of action is not specified.

### (A) Tortious Interference with Article 4 Rights

20. The Debtors object to the claim of tortious interference with contract as specified in Claim #13944 because it is barred by res judicata. The California Superior Court granted summary judgment on this issue and that judgment is final. Therefore, Del Taco, which has stepped into the Baker Claimants' shoes, is prevented from relitigating that issue. Additionally, the lawsuit is time barred because it was not filed within the statutory period for tortious interference with contract claims as outlined in CAL. CIV. PROC. CODE § 339 (WEST 2006).

21. Therefore, with respect to the tortious interference with contract claim, the Debtors request that the Court disallow Claim #13944 entirely.

### (B) Breach of Contract Section 3.01 Royalties

22. Debtors object to the breach of contract portion of Claim #13944 because: (i) the Royalty Agreement has not been breached and no amounts are owed to Del Taco; (ii) Del Taco is estopped from asserting that it is owed royalties under the Royalty Agreement due to its statements and positions taken in litigation with the Baker Claimants; (iii) Del Taco is estopped from asserting that it is owed amounts under section 3.01 of the Modification Agreement; (iv) the purported assignment of the Article 4 rights to the Baker Claimants was invalid; and (v) the Baker Claimants, and therefore, Del Taco, are estopped from asserting that the Modification breached alleged Article 4 rights.

23. Therefore, with respect to the breach of contract claims, the Debtors request that the Court disallow Claim #13944 entirely.

### (C) Breach of Covenant of Good Faith and Fair Dealing

24. Debtors object to the breach of Covenant of Good Faith and Fair Dealing portion of the Baker Claims because: (i) Debtors have at all times and with respect to all relevant transactions negotiated in good faith; (ii) there have been no breaches of contract that could breach the Covenant of Good Faith and Fair Dealing; (iii) Del Taco is estopped from asserting a breach because it was a party to the transaction that allegedly breached the Covenant of Good Faith and Fair Dealing; and (iv) the Baker Claimants, and therefore, Del Taco, are estopped from asserting a breach of the Covenant of Good Faith and Fair Dealing because of representations made during the sale of DTI to AWR II.

25. Therefore, with respect to the breach of the Covenant of Good Faith and Fair Dealing, the Debtors request that the Court disallow Claim #13944 entirely.

## Reservation

26. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Objection or on the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims and to file all other objections relating to these claims. Separate notice and hearing will be scheduled for any such objection.

## Notice

27. Debtors will serve copies of this Objection (with exhibits) on (i) the Office of the United States Trustee and (ii) Del Taco, which is asserting the relevant claims. Debtors will serve copies of this Objection (without exhibits) on: (i) counsel to each of the official committees appointed by the United States Trustee; (ii) counsel for the Future Claimants' Representative; (iii) counsel to the debtor in possession lender and (iv) all parties that have requested that they be served with all pleadings filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002 (exhibits will be made available upon request).

28. The Debtors submit that notice of this Objection as outlined above is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

## No Previous Request

29. No previous request for the specific relief set forth herein has been made to this or any other court.

## Compliance With Rule 3007-1

30. This Objection and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, and reducing, as appropriate, each of the claims more fully described in this Objection to Del Taco and Baker Claimants Claims and/or listed on the exhibits attached hereto.

Dated: December 18, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
Samuel Gross
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Curtis A. Hehn (Bar No. 4264)
919 North Market Street, 167h Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession