# EXHIBIT G

COURT OF APPEAL-4TH DIST. DIV. 3
**FILED**

MAY 3 2000

_____
Deputy Clerk



*NOT TO BE PUBLISHED*

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| WILLIAM C. BAKER et al., | G021973 |
| Plaintiffs and Appellants, | (Super. Ct. No. 758512) |
| v. | O P I N I O N |
| W.R. GRACE & CO. et al., | |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Robert E. Thomas, Judge. Affirmed in part and reversed in part.

Corbett & Steelman, Richard B. Specter and Mark M. Monachino for Plaintiffs and Appellants.

Greenberg Glusker Fields Claman & Machtinger, Jeffrey Spitz and Elizabeth A. Basini for Defendants and Respondents.

\*      \*      \*

Without first affording the parties oral argument, the trial court granted

defendants' motion for summary judgment.[1] And it did so in an enigmatic (if not

inscrutable) minute order which, among other things, sheds little, if any, light on the facts

or law which it found to be dispositive and, as a result, makes resolution of this appeal a

daunting endeavor.[2] Nevertheless, plaintiffs argue, and we agree, that the judgment in an

earlier declaratory relief action does not collaterally estop plaintiffs' causes of action

sounding in contract.[3] Consequently, we reverse that portion of the judgment based upon

a finding of collateral estoppel.

---

[1]    The issue is not urged by plaintiffs, but we could reverse on this ground alone.
(*Gwartz v. Superior Court* (1999) 71 Cal.App.4th 480; *Mediterranean Construction Co.
v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257.)

[2]    Plaintiffs do not attack the order on this ground either, but the trial court's minute
order deciding defendants' motion for summary judgment was clearly deficient under
Code of Civil Procedure section 437c, subdivision (g). It requires as follows: "Upon the
grant of a motion for summary judgment, on the ground that there is no triable issue of
material fact, the court shall, by written or oral order, specify the reasons for its
determination. The order shall specifically refer to the evidence proffered in support of,
and if applicable in opposition to, the motion which indicates that no triable issue exists."
In a long line of cases, we and other appellate panels have enforced these strictures
emphatically. (See, e.g., *Truck Ins. Exchange v. Amoco Corp.* (1995) 35 Cal.App.4th
814, 828; *Payless Drug Store v. Superior Court* (1993) 20 Cal.App.4th 277, 278-279;
*Greater Irvine Credit Union v. Superior Court* (1986) 186 Cal.App.3d 1189, 1192; *Tera
Pharmaceuticals, Inc. v. Superior Court* (1985) 170 Cal.App.3d 530, 532.)

[3]    Only some of plaintiffs' causes of action applied to defendants W.R. Grace &
Company or Creative Food 'N Fun Company. Of those, only the complaint's first,
second, third, and seventh causes of action were apparently disposed of on collateral
estoppel grounds. Plaintiffs' ninth cause of action, a tort claim for intentional
interference with contractual relations, was also dismissed (presumably on statute-of-
limitations grounds) in the final order proposed by defense counsel and subsequently
signed by the judge.

2

However, with respect to plaintiffs' cause of action for intentional interference with contractual relations (which would not have been disposed of by way of collateral estoppel), we conclude this claim is barred by the applicable two-year statute of limitations. Accordingly, we affirm summary adjudication as to it.

I

On September 16, 1977, the original Del Taco, Inc. (Del Taco) a fast-food Mexican restaurant whose principal place of business was California, entered into an agreement (the "Conveyance Agreement") with DTG, Inc. (the predecessor of defendant Creative Food 'N Fun Company, a subsidiary of defendant W.R. Grace & Co.). The Conveyance Agreement granted to DTG the exclusive right to use the Del Taco name and system throughout what the agreement refers to as the "Domestic Territory," defined as everywhere in the United States save for California and part of Arizona, which was retained by Del Taco.

In exchange, DTG promised in Article 3 of the agreement that it would pay Del Taco a fee (referred to by the parties as the Article 3 "Percentage Fee") equal to one percent of the gross receipts of each Del Taco restaurant it opened in the Domestic Territory. Although the Conveyance Agreement did not obligate DTG to open any specific number of Del Taco restaurants in any given year, Article 4 of the agreement provided that if DTG opened fewer than 25 in a given year, then Del Taco, after providing notice, could itself open one for every one DTG failed to open in the Domestic Territory, up to and including 25. Article 4 also provided that if Del Taco exercised this option, it would, among other things, pay DTG $10,000 per restaurant, plus a reverse royalty equal to one percent of that restaurant's gross receipts.

On April 27, 1979, Del Taco assigned its right to receive the one percent Article 3 Percentage Fee to its then-shareholders, who (along with their assignees and/or

3

successors) are the plaintiffs in this action.[4] The assignment agreement did not itself
transfer Del Taco's Article 4 rights — i.e., the option possessed by Del Taco upon certain
circumstances to open Del Taco restaurants in the Domestic Territory with the correlative
duty to pay DTG a fee equal to one percent of each such store's gross receipts. Rather,
plaintiffs assert, and defendants deny, that Del Taco transferred its Article 4 rights in a
side agreement.[5] This, as we will conclude, is the issue that cries out for a resolution on
the merits.

This state of affairs essentially persisted until July 7, 1992, when Del Taco
and DTG's successor, defendant Creative Food 'N Fun Company, agreed to modify the
Conveyance Agreement.[6] In the 1992 "Modification and Purchase Agreement," Del
Taco and Creative substantially altered the provisions of Article 4.[7] Among other things,

---

[4]    Specifically, plaintiffs — who are also sometimes referred to as the "Royalty
Holders" because of their right to receipt of the one-percent royalty — are William C.
Baker, Eber E. Jaques, Bradford H. Miller, Montgomery R. Fisher, Sharon R. Ormsbee,
Marilyn Rea, and The Fisher Trust.

[5]    As proof, plaintiffs point to an April 27, 1979 letter from Wayne W. Armstrong, a
Del Taco executive, to DTG's successor, Del Taco Corporation, informing it of the
assignment of Del Taco's right to the one-percent Percentage Fee under Article 3, but
also stating that, "effective April 27, 1979, [Del Taco] has transferred to the Shareholders
listed above all of [Del Taco's] rights under Article 4 of the Conveyance Agreement."

[6]    We use the word "essentially" advisedly. That is, during the period between the
1979 assignment and the 1992 modification of the Conveyance Agreement, several
changes, which are immaterial to the outcome of this appeal, took place. Among them,
on March 30, 1981, Del Taco and DTG's successor amended the Conveyance Agreement,
removing restrictions upon franchising Del Taco restaurants in the Domestic Territory.
Defendants note that this amendment refers to the assignment of Del Taco's assignment
of the Article 3 Percentage Fee to Del Taco's shareholders, but says nothing about any
Article 4 assignment.

[7]    Plaintiffs, who claimed they now possessed certain of the Article 4 rights affected
by the modification, were not parties to the 1992 Modification and Purchase Agreement.

4

the Modification and Purchase Agreement replaced the $10,000 per store charge and the one percent reverse royalty payable by Del Taco upon exercise of its Article 4 option to open Del Taco restaurants in the Domestic Territory, with a one-time universal payment of $350,000. In return Creative promised not to open or franchise additional Del Taco restaurants in the Domestic Territory. Del Taco opened its first restaurant in the Domestic Territory under the Modification and Purchase Agreement on May 1, 1993.

Controversy soon arose over whether the "Royalty Holders" (i.e., plaintiffs and appellants in this appeal) were entitled to collect Percentage Fees (or any money) for each restaurant opened in the Domestic Territory by Del Taco. As a result, Del Taco commenced an action (referred to sometimes as the "Prior Action") on May 24, 1994, for declaratory relief, naming both Creative and the Royalty Holders as defendants.[8] The complaint averred the existence of a dispute among the parties "with respect to their rights and obligations under the Conveyance Agreement . . . and the Modification Agreement in that [Del Taco] contends that it is not obligated to pay the Percentage Fee provided for at [Article 3] of the Conveyance Agreement to the Royalty Holders with respect to any Del Taco restaurants that it may open . . . in the 'Domestic Territory,' . . . because the Percentage Fee is payable solely upon 'Gross Receipts of Company [DTG, Inc.] Stores in the Domestic Territory' and not upon the gross receipts of any stores that [Del Taco] . . . may open in the Domestic Territory." Accordingly, Del Taco requested a declaration from the court setting forth "the rights and obligations of the parties with respect to the Percentage Fee provided for at *paragraph 3.01* of the Conveyance Agreement." (Italics added.)

---

[8]     Actually, Del Taco initially filed this declaratory relief action on November 24, 1993, as an adversary proceeding in Del Taco's Chapter 11 bankruptcy proceeding. However, the case was dismissed and subsequently refiled in superior court.

In time Del Taco brought a motion for summary judgment, which the court granted, ordering plaintiff to draft an order and judgment. Initially, however, it was uncertain exactly what the court had ordered. That is because the court made some statements at oral argument suggesting its ruling would far exceed the relief requested in Del Taco's complaint and declare that the Royalty Holders were entitled to no payment whatsoever, either under Article 3 or Article 4 — neither from Del Taco nor Creative with respect to restaurants opened in the Domestic Territory by Del Taco following the Modification and Purchase Agreement.[9] However, Del Taco's counsel tried twice, and Creative's attorneys once, to obtain court approval for an order to that effect.[10] The court, however, rejected all three proposals and, instead, ordered the Royalty Holders' counsel to try its hand at crafting an order.

The proposed order submitted by the Royalty Holders fared somewhat better. Tracking closely the relief requested in Del Taco's complaint, it stated, "Plaintiff DEL TACO, INC., requests a Declaration of its obligations, pursuant to the Conveyance Agreement, . . . to pay the 'Percentage Fee' set forth therein, to the ROYALTY

---

[9]     Among other things the court stated, "the motion needs to be granted and must be granted because . . . the percentage fee applies only to the stores originally cited by the defendant in the Domestic Territory and not to the stores later placed by the plaintiff in the Domestic Territory after the plaintiff paid the $350,000 buyout fee because the defendant didn't generate enough business. [A]rticle four payment is not one that now is flowing through. . . . [¶] It rather is a payment that is . . . not payable to the Royalty Holders. Only the paragraph three Percentage Fee is payable to the Royalty Holders."

[10]     For example, Del Taco proposed the following order: "The Royalty Holders are not entitled to receive any payments, including payments under Sections 3 or 4 of the Conveyance Agreement, based on the ownership or operation of restaurants in the 'Domestic Territory' by [Del Taco]." Similarly, Creative offered the following in its proposed order: "The Royalty Holders are not entitled to receive any royalty payments based on gross receipts of restaurants which are or may he owned, operated or franchised by plaintiff Del Taco."

6

HOLDERS." The proposed order stated, "The 'Percentage Fee' is only payable under Article 3 of the Conveyance Agreement, and is payable thereunder by DTG, Inc., and not by Plaintiff DEL TACO, INC."

Del Taco and Creative inveighed mightily against this proposed order. For example, Del Taco objected that it "is directly contrary to the court's ruling" at the hearing. Instead, the court should order that Del Taco "has no duty to pay the 'Percentage Fee' or any Article 4 payments under the Conveyance Agreement to [the Royalty Holders]." Likewise, Creative asserted that the "Proposed Order is inaccurate and misleading in a number of significant respects.". Chief among them, Creative argued, was that the proposed order was too narrow, dealing only with the Percentage Fee required by Article 3. Instead, Del Taco requested that the court make "a declaration as to whether any fees were payable to the Royalty Holders by Del Taco, Inc., pursuant to the agreement between the parties, based on restaurants opened by Del Taco, Inc." However, the court's view of what Del Taco requested and the conclusions it drew from the evidence adduced by the parties differed significantly. Accordingly, the court adopted the Royalty Holders' proposed order that "[u]nder the Conveyance Agreement, Plaintiff DEL TACO, INC., has no duty to pay the 'Percentage Fee' set forth therein to [the Royalty Holders], with respect to any Del Taco Restaurants that it may open."[11]

The Royalty Holders filed this action on January 16, 1996, in pursuit of the elusive royalty payments for the Del Taco restaurants in the Domestic Territory opened

---

[11]     Reflecting its apparent desire to tailor the relief granted closely to that requested by the Del Taco, Inc., complaint, the court elided one sentence from the proposed findings — the only finding going beyond Article 3 and touching upon Article 4 obligations — which, as drafted, read, "Pursuant to the Conveyance Agreement, Plaintiff DEL TACO, INC.'s only duty to pay any monies thereunder arises under Article 4 of the Conveyance Agreement."

7

by Del Taco following the adoption of the Modification and Purchase Agreement in 1992. As to defendants Creative and, its parent, W.R. Grace & Co., plaintiffs articulated four causes of action sounding in contract and one tort claim for intentional interference with contract. When defendants subsequently moved for summary judgment, they asserted the judgment in Del Taco's declaratory relief action (the "Prior Action") collaterally estopped plaintiffs' contract claims and that plaintiffs' intentional interference cause of action foundered on the two-year statute of limitations set forth in Code of Civil Procedure section 339, subdivision 1. As to collateral estoppel, defendants argued that, while the literal scope of the Prior Action's judgment is quite narrow, the true breadth of the judgment is augmented by statements, disclosed in the reporter's transcript, made by that court in the course of oral argument on the motion that led to the judgment.

Plaintiffs' contrary assertions were in vain, however. Dispensing with any oral argument on the motion, the court ruled by minute order, the brevity of which is, perhaps, telltale: "Motion for summary judgment is granted. [¶] The court takes judicial notice of Del Taco's successful action to obtain declaratory relief that it owed no Percentage Fee payments to the Royalty Holders, (plaintiffs in this action). Moving party's objection to the 'pass through' characterization is sustained because it contradicts the plain meaning of the Conveyance Agreement. Objections to the Terrano declaration are overruled. He is the CFO of Del Taco and can testified to the contents of the declaration."[12] Plaintiffs' tort claim for intentional interference apparently fell through the judicial cracks, for the minute order said absolutely nothing specifically pertaining to that cause of action or to the statute of limitations (the basis of defendants' challenge to

---

12      With respect to judicial notice, we are told that the court also granted judicial notice of a videotape of proceedings in the Prior Action. We grant defendants' motion to take judicial notice of the same tape, although we do not find it particularly illuminating for reasons explained in the text. (See pp. 9-10, *infra*.)

8

the claim). However, the order — which was drafted by defense counsel — states summary judgment is granted as to this claim, as well, a sentiment with which the trial court apparently agreed because it signed that proposed order.

## II

Plaintiffs argue the trial court erroneously granted summary judgment against them on collateral estoppel grounds, contending the judgment in the Prior Action by Del Taco for declaratory relief did not determine whether, or on what grounds, the Royalty Holders were entitled to payment by Creative for Del Taco's restaurants in the Domestic Territory. The determination of an issue by one court can preclude its relitigation in a subsequent proceeding, but only where: (1) The issue in each proceeding is identical; (2) the issue was actually litigated and (3) necessarily decided in the first proceeding; (4) estoppel is asserted against a party (or someone in privity) to the former action; and (5) the earlier determination is final. (*McCutchen v. City of Montclair* (1999) 73 Cal.App.4th 1138, 1144.)

Plaintiffs assert, and we agree, that the issue decided in the Prior Action — that only DTG, Inc. was bound by the Conveyance Agreement to pay the Royalty Holders the Article 3 Percentage Fee — is far from identical with the question at issue here, which is whether DTG's successor (i.e., Creative) is liable to the Royalty Holders, under Article 3 *or otherwise*, on account of Del Taco restaurants opened in the Domestic Territory by Del Taco.

Defendants argue that the judgment from the Prior Action must include oral statements of opinion made by the court during argument on the underlying summary judgment motion. Although we agree that, in appropriate circumstances, statements made by a court during a hearing may be used to help give meaning to the subsequent written judgment, we disagree that the circumstances here are appropriate for such use of prior

9

oral pronouncements. That is, oral opinions of a trial court may appropriately be used for many reasons — for example, "for the purpose of discovering the process by which the trial court arrived at its ultimate conclusion," or perhaps to give specific meaning to a generalized judicial edict — but they may not be used to impeach a judgment or written findings by the court. (*Tract Development Services, Inc. v. Kepler* (1988) 199 Cal.App.3d 1374, 1385-1386; see also, *Earhart v. William Low Co.* (1979) 25 Cal.3d 503, 508, fn. 4; *Birkenfeld v. City of Berkeley* (1976) 17 Cal.3d 129, 161.)

The statements offered by defendants here do not give specific meaning to a generalized judicial holding with which they are otherwise consistent. Rather, as Del Taco's counsel squarely, and emphatically, put it in objecting to the Royalty Holders' proposed order (which the court subsequently adopted), those statements are "*directly contrary*" to the judgment in the Prior Action. In sum, the judicial statements are not offered to elaborate, but to impermissibly impeach, the Prior Action's judgment.[13] (*Tract Development Services, Inc. v. Kepler, supra,* 199 Cal.App.3d at pp. 1385-1386.)

### III

Plaintiffs also challenge the trial court's judgment that their cause of action for intentional interference with contractual relationship was barred by the two-year statute of limitations in Code of Civil Procedure section 339, subdivision 1. They contend, in the alternative, that they had no actual or constructive knowledge sufficient to trigger commencement of the statute more than two years before filing their complaint

---

[13]    Our certainty on this issue is fortified by the fact that the court, on at least three occasions (and perhaps more, depending on how one quantifies them), rejected pleas by Del Taco and Creative that it adopt a holding that would have collaterally estopped plaintiffs here — that is, a holding to the effect that neither Del Taco nor Creative owed plaintiffs a penny on account of the post-Modification Del Taco restaurants opened by Del Taco in the Domestic Territory. Put another way, that the court did not adopt such a holding cannot be attributed to oversight for inadvertence.

and, in any event, the doctrine of constructive notice (or, as plaintiffs put it, "delayed accrual") does not apply to section 339, subdivision 1.

Plaintiffs allege that defendants, by entering the Modification and Purchase Agreement in 1992 with Del Taco, intended to, and did, induce an interference with the contract between plaintiffs and Del Taco, by which the latter assigned the right to receive Percentage Fees to plaintiffs. As noted above, the first restaurant opened by Del Taco pursuant to the Modification and Purchase Agreement was on May 1, 1993. As defendants note, under the Conveyance Agreement the first royalty payment (which would also have been the first Percentage Fee payment) was payable no later than September 1, 1993. And plaintiffs were aware of this — i.e., both the tortious conduct (the Modification and Purchase Agreement) and the damages (that no Percentage Fee were paid on the gross receipts of that restaurant) — no later than December 1993, when they were served with Del Taco's complaint in the Prior Action. Accordingly, plaintiffs had until no later than December 1995 to commence this action, but missed the deadline by waiting until January 1996.

Plaintiffs respond that, in effect, actual notice is required to commence the statute of limitations for intentional interference with contractual relations. That is, they simply assert that defendants cite no cases holding that constructive notice or delayed accrual apply to section 339, subdivision 1. We are not persuaded. The notion that constructive notice commences the running of the statute of limitations derives from common law and is a rule of general applicability. (See generally *Samuels v. Mix* (1999) 22 Cal.4th 1, 11-12, 15-16; *McKelvey v. Boeing North American, Inc.* (1999) 73 Cal.App.4th 151, 160.) We can conceive of no reason, and plaintiffs offer none, to preclude its application here.

11

The judgment is affirmed in part and reversed in part. No costs on appeal are awarded in this interim proceeding, but may be assessed on behalf of the parties ultimately prevailing in the discretion of the superior court.

CROSBY, J.

WE CONCUR:

SILLS, P. J.

RYLAARSDAM, J.

12

RCV BY:greenberg.glusker    : 3-24-97 ; 4:59PM ;    714 9539451→GREENBERG.GLUSKER et:# 2

1    JEFFREY SPITZ (State Bar No. 119343)
     ELISABETH A. BASINI (State Bar No. 156569)
2    GREENBERG GLUSKER FIELDS
     CLAMAN & MACHTINGER LLP
3    1900 Avenue of the Stars
     Suite 2000
4    Los Angeles, California  90067-4590
     (310) 553-3610

5    Attorneys for Cross-complainants and Defendants
6    W. R. Grace & Co. - Conn., formerly known as
     W. R. Grace & Co., and
7    Creative Food 'N Fun Company



**FILED**

ORANGE COUNTY SUPERIOR COURT

MAR 11 1997

ALAN SLATER, Executive Officer/Clerk

BY S. ANGELL

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF ORANGE

11    WILLIAM C. BAKER, EBER E.       )    CASE NO. 758512
     JAQUES, BRADFORD H. MILLER,   )
12    MONTGOMERY R. FISHER,        )    [Assigned to The Honorable Robert
     SHARON R. ORMSBEE, MARILYN   )    E. Thomas For All Purposes]
13    REA and THE FISHER TRUST,     )
14         Plaintiffs,             )    [PROPOSED] ORDER
                                     )    GRANTING MOTION OF
15        v.                     )    DEFENDANTS AND CROSS-
                                     )    COMPLAINANTS W. R. GRACE
16    W.R. GRACE & CO., a Connecticut   )    & CO. - CONN. AND CREATIVE
     corporation; CREATIVE FOOD 'N    )    FOOD 'N FUN COMPANY FOR
17    FUN COMPANY, a Delaware       )    SUMMARY JUDGMENT
     corporation; DEL TACO, INC., a     )
18    California corporation; and DOES 1   )
     through 50, inclusive,          )
19                                        )    Date: January 17, 1997
         Defendants.              )    Time: 1:30 P.M.
20                                        )    Dept: 25
21    DEL TACO, INC., a California      )
     corporation,                   )    Discovery Cut-off: None
22                                        )    Motion Cut-off: None
         Cross-complainant,         )    Trial Date: None
23                                        )
24        v.                     )    [Motion for Summary Adjudication,
                                       )    Separate Statement, Declarations of
25    WILLIAM C. BAKER, EBER E.      )    Jeffrey Spitz and Robert J.
     JAQUES, BRADFORD H. MILLER,   )    Terrano, Request for Judicial
26    WAYNE W. ARMSTRONG, JOHN   )    Notice and Notice of Lodging
     C. CROFTON, and DOES 1 through   )    Videotape Filed Concurrently
27    50, inclusive,                )    Herewith]
                                       )
28          Cross-defendants.         )

DOCUMENT PREPARED ON RECYCLED PAPER

1  CREATIVE FOOD 'N FUN, a )
   Delaware corporation and W. R. )
2  GRACE & CO. - CONN. a )
   Connecticut corporation, )
                                    )
3                                   )
           Cross-complainants, )
4                                   )
        v.                          )
5                                   )
   WILLIAM C. BAKER, EBER E. )
6  JAQUES, BRADFORD H. MILLER, )
   WAYNE W. ARMSTRONG, JOHN )
7  C. CROFTON, and ROES 1-50, )
                                    )
8          Cross-defendants. )
                                    )
9  _____ )
                                    )
10 WAYNE W. ARMSTRONG, )
                                    )
11         Cross-Complainant, )
                                    )
12      v. )
                                    )
13 O'MELVENEY & MYERS, a )
   professional general partnership, and )
14 ROES 1 to 100, inclusive, )
                                    )
15         Cross-Defendants. )
   _____ )
16
17
18
19
20
21
22
23
24
25
26
27
28

            DOCUMENT PREPARED ON RECYCLED PAPER

RCV BY:greenberg glusker    : 3-24-97 ; 5:00PM ;         714  9539451→GREENBERG. GLUSKER  et:# 4

1    The Motion of defendants W.R. Grace & Co. -- Conn. and Creative Food 'N

2  Fun Company ("defendants") for Summary Judgment or, in the Alternative, Summary

3  Adjudication of Issues, came on regularly for hearing on January 17, 1997 in

4  Department 25 of the above-entitled Court before the Honorable Robert E. Thomas,

5  Judge presiding.  Appearances were as noted on the record.

6

7    The Court, having considered the papers submitted in support of and in

8  opposition to the Motion, the evidence submitted and the oral argument of counsel, the

9  Court finds that there is no triable issue of material fact and that defendants are

10  entitled to judgment as a matter of law.

11

12    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

13

14    1.    Judgment be and hereby is entered in favor of defendants and against

15  plaintiffs with respect to the first, second, third, sixth, seventh and ninth causes of

16  action in the Complaint;

17

18    2.    That plaintiffs take nothing by way of their Complaint; and

19

20    3.    Defendants are awarded their costs of suit in the amount of $_____.

21

22  DATED: 3 - 11      , 1997

23

24                By: _____

25                    Robert E. Thomas
                     Judge of the Superior Court

26

27

28

3229000008-618952.1                    3              DOCUMENT PREPARED ON RECYCLED PAPER

RCV BY:groenberg.glusker    ; 3-24-97 ; 5:00PM ;    714  9539451→GREENBERG. GLUSKER_et:# 5

## *PROOF OF SERVICE*
*1013A (3) CCP Revised 5/1/88*

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 7020 Hayvenhurst Ave., Unit E, Van Nuys, CA 91406

On December 20, 1996, I served the foregoing document described as [PROPOSED] ORDER GRANTING MOTION OF DEFENDANTS AND CROSS-COMPLAINANTS W. R. GRACE & CO.-CONN. FORMERLY KNOWN AS W. R. GRACE & CO. AND CREATIVE FOOD N FUN COMPANY FOR SUMMARY JUDGMENT on the interested parties in this action

___    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

__X__    by placing _ the original _X_ a true copy thereof enclosed in sealed envelopes addressed as follows:

RICHARD B. SPECTER, ESQ.
CORBETT & STEELMAN
SUITE 200
18200 VON KARMAN AVENUE
IRVINE, CA 92612-1086

### BY MAIL:

___    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

___    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 20, 1996, at Los Angeles, California.

### BY PERSONAL SERVICE:

__X__    I caused to be delivered by hand such envelope to the offices of the addressee.

Executed on December 20, 1996, at Los Angeles, California.

__X__ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__ (Fed)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Time Machine_____                    _____
                                              Signature

3229000008-603290.1

RCV BY:greenberg glusker    ; 3-24-97 ; 5:01PM ;        714 9589451→GREENBERG, GLUSKER et;# 6

**PROOF OF SERVICE**
*1013A (3) CCP Revised 5/1/88*

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Los Angeles, CA 90067.

On December 20, 1996, I served the foregoing document described as [PROPOSED] ORDER GRANTING MOTION OF DEFENDANTS AND CROSS-COMPLAINANTS W. R. GRACE & CO.-CONN. FORMERLY KNOWN AS W. R. GRACE & CO. AND CREATIVE FOOD N FUN COMPANY FOR SUMMARY JUDGMENT on the interested parties in this action

__X__    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

__      by placing __ the original __ a true copy thereof enclosed in sealed envelopes addressed as follows:

#### BY MAIL:

__      I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

__      As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 20, 1996, at Los Angeles, California.

#### BY PERSONAL SERVICE:

__      I caused to be delivered by hand such envelope to the offices of the addressee.

Executed on December 20, 1996, at Los Angeles, California.

__X__ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__ (Fed)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

__ROSEMARIE GALVEZ__                        _____
                                                    Signature

3229000008-603290.1

RCV BY:greenberg.glusker      : 3-24-97 : 5:01PM :        714 9539451→GREENBERG.GLUSKER et:# 7

SERVICE LIST

William C. Baker, et al. v. W.R. Grace & Co., et al.
Orange County Superior Court Case No. 768512


PAUL A. RICHLER, ESQ.                    Attorneys for Defendant and Cross-Complainant
MORGAN, LEWIS & BOCKIUS                   Del Taco, Inc.
22ND FLOOR
801 SOUTH GRAND AVENUE
LOS ANGELES, CA 90017-4615


WAYNE W. ARMSTRONG, ESQ.                 In Pro Per, and Attorney for John C. Crofton
7281 DUMOSA AVENUE, #7
YUCCA VALLEY, CA 92284-3782


3229000008-603290.1

1 | Richard B. Specter, Bar No.: 114090
CORBETT & STEELMAN
2 | A Professional Law Corporation
18200 Von Karman Avenue, Suite 200
3 | Irvine, California 92715-1086
(714)  553-9266
4
Attorneys for William C. Baker, Eber E. Jaques, Bradford H.
5 | Miller, Montgomery R. Fisher, Sharon R. Ormsbee, Marilyn Rea,
and The Fisher Trust
6

**FILED**
ORANGE COUNTY SUPERIOR COURT

JUN 2 1 1995

ALAN SLATER, Executive Officer/Clerk
BY J. ASHWORTH

7

**RECEIVED**
ORANGE COUNTY SUPERIOR COURT
BUT NOT FILED
JUN 2 0 1995
ALAN SLATER, Executive Officer/Clerk
DEPUTY

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | FOR THE COUNTY OF ORANGE

12

13 | DEL TACO, INC.,                    )    CASE NO. 73 01 52
                                       )
14 |           Plaintiff,              )    ASSIGNED FOR ALL PURPOSES
                                       )    TO: JUDGE RONALD L. BAUER
15 |      vs.                          )    DEPARTMENT: 23
                                       )
16 | WILLIAM C. BAKER, EBER E. JAQUES, )    [PROPOSED] ORDER GRANTING
    BRADFORD H. MILLER, MONTGOMERY)         MOTION FOR SUMMARY
17 | R. FISHER, SHARON R.             )     JUDGMENT AND JUDGMENT
    WINTERHALTER, aka SHARON R.       )
18 | MILLER, MARILYN ROBINSON, aka    )
    MARILYN JAQUES, THE FISHER        )
19 | TRUST; AND CREATIVE FOOD 'N FUN ) Date: May 2 and 9, 1995
    COMPANY, a Delaware Corporation,  )    Time: 1:30 p.m.
20 |                                   )    Dept: 23
              Defendants.             )
21 | _____)    TRIAL DATE: Vacated

22

23

24 |       The Motion of Plaintiff DEL TACO, INC., for Summary Judgment or, in the

25 | alternative, Summary Adjudication of Issues came on for hearing before this Court

26 | on May 2, 1995, and was continued for further hearing on May 9, 1995. Plaintiff

27 | DEL TACO, INC., appeared by its counsel, Paul A. Richler, Esquire, of Morgan,

28 | Lewis & Bockius. Defendant and joining party, CREATIVE FOOD 'N FUN

74  01/20Jun95

EXHIBIT I
PAGE 332

1  COMPANY, appeared by its counsel, Elisabeth A. Basini, Esquire, of Greenberg,

2  Glusker, Fields, Claman & Machtinger.  Defendants and Responding Parties

3  WILLIAM C. BAKER, EBER E. JAQUES, BRADFORD H. MILLER, MONTGOMERY R.

4  FISHER, SHARON R. ORMSBEE, MARILYN REA, and The FISHER TRUST

5  (hereinafter jointly referred to as the "ROYALTY HOLDERS") appeared by their

6  counsel, Richard B. Specter, Esquire, of the firm of Corbett & Steelman.

7       Having considered all of the evidence set forth in the papers submitted and

8  the inferences reasonably deducible therefrom, and the respective arguments of

9  counsel, the Court finds that there is no triable issue of material fact, and that

10 Plaintiff DEL TACO, INC., is entitled to a Judgment in the form of a Declaration

11 consistent with its pleadings, as a matter of law, pursuant to California Code of

12 Civil Procedure Section 437c, for the following reasons:

13       1.   Plaintiff DEL TACO, INC., requests a Declaration of its obligations,

14 pursuant to the Conveyance Agreement, attached as Exhibit 1 to its Complaint

15 herein, to pay the "Percentage Fee" set forth therein, to the ROYALTY HOLDERS.

16 ~~2.   Pursuant to the Conveyance Agreement, Plaintiff DEL TACO, INC.'s~~

17 ~~only duty to pay any monies thereunder arises under Article 4 of the Conveyance~~

18 ~~Agreement.~~

19       3.   The "Percentage Fee" is only payable under Article 3 of the

20 Conveyance Agreement, and is payable thereunder by DTG, Inc., and not by

21 Plaintiff DEL TACO, INC.

22

23       THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

24 Judgment be entered in favor of Plaintiff DEL TACO, INC., as follows:

25

26       Under the Conveyance Agreement, Plaintiff DEL TACO, INC., has no duty

27 to pay the "Percentage Fee" set forth therein to Defendants WILLIAM C. BAKER,

28

7.  31/20Jun95

-2-

EXHIBIT ___I___
PAGE ___333___

1  EBER E. JAQUES, BRADFORD H. MILLER, MONTGOMERY R. FISHER, SHARON R.

2  ORMSBEE, MARILYN REA, and THE FISHER TRUST, with respect to any Del Taco

3  Restaurants that it may open.

4

5  DATED: _Jene 21_, 1995                *RONALD L. BAUER*

6                                        RONALD L. BAUER
                                         Judge of the Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

76 .31/20Jun95                          -3-

EXHIBIT __I__
PAGE ___334___

1                           PROOF OF SERVICE BY MAIL

2           I am employed in the County of Los Angeles, State of

3   California.   I am over the age of 18 and not a party to the

4   within action.   My business address is 801 South Grand Avenue,

5   Los Angeles, California 90017.

6           On July 10, 1995, I caused the foregoing document(s),

7   described as **JUDGMENT ON ORDER GRANTING SUMMARY JUDGMENT** to be

8   served by mail upon the person(s) shown below, by placing a

9   true and correct copy (copies) thereof in an envelope

10  (envelopes) addressed as follows:

11  Marc S. Cohen
    Elisabeth Basini
12  Greenberg, Glusker, Fields,
      Claman & Machtinger
13  1900 Avenue of the Stars
    Suite 2000
14  Los Angeles, California   90067-4590

15  Ken E. Steelman
    Richard B. Specter
16  Corbett & Steelman
    18200 Von Karman Avenue
17  Suite 200
    Irvine, California   92715-1086
18
    sealing said envelope(s), and placing it (them) for collection
19
    and mailing on that same date following the ordinary business
20
    practices of Morgan, Lewis & Bockius, at its place of business,
21
    located at 801 South Grand Avenue, Los Angeles, California
22
    90017.   I am readily familiar with the business practices of
23
    Morgan, Lewis & Bockius for collection and processing of
24
    correspondence for mailing with the United States Postal
25
    Service.   Pursuant to said practices the envelope(s) would be
26
    deposited with the United States Postal Service that same day
27
    in the ordinary course of business.   (CCP § 1013a(3).)
28

EXHIBIT __C__
PAGE __335__

1      Executed on July 10, 1995, at Los Angeles,

2   California.   I declare under penalty of perjury under the laws

3   of the State of California and the United States of America

4   that the above is true and correct.

5

6       Michelle M. Anderson                             Signature
        Type or Print Name

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___I___
PAGE ___336___