# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |

STIPULATION RESOLVING CLAIMS OF

WILLIAMS INDUSTRIES, INC.

This stipulation is entered into this 14th day of August 2006, between W.R. Grace & Co. ("W. R. Grace" or "Debtor") and its affiliates (collectively, the "Debtors") and Williams Industries, Inc. ("Claimant").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food ɴ Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

WHEREAS, Claimant timely filed one Proof of Claim against the Debtors with respect to the site located at 235 West First Street, Bayonne, New Jersey owned by Claimant (the "Williams Site"):

| Claim No. | Amount | Priority | Basis |
|---|---|---|---|
| 14075 | $10,000,000 | Unsecured, Non-Priority | Remediation |

WHEREAS Claimant and Debtor W. R. Grace are parties to a Settlement Agreement dated April 30, 1993 regarding the Williams Site, pursuant to which Debtor completed remediation of the referenced property in 1999, except for the securing of a Classification Exception Area determination from the New Jersey Department of Environmental Protection (NJDEP) for groundwater contamination.

WHEREAS at the time Debtors filed for bankruptcy in April 2001, W. R. Grace, through its subsidiary Remedium Group, Inc., was working with the NJDEP to complete a sampling plan relating to property adjacent to the Williams property owned by the Port Authority of New York and New Jersey ("Port Authority").

WHEREAS Debtors have settled the Port Authority's bankruptcy claim which settlement includes an agreement that the Port Authority will apply to the NJDEP for a Classification Exception Area determination for its property and the Williams property.

2

NOW THEREFORE, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim Number 14075 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $45,000 which allowed claim is inclusive of pre- or post-petition interest up to the effective date of the Debtors' anticipated confirmed chapter 11 Plan or Plans (the "Plan"). All other amounts outlined in Claim No. 14075 shall hereby be disallowed and expunged.

2. The Debtors acknowledge a pre-petition, unsecured, non-priority claim of Claimant in the total amount of $45,000 which claim will be paid in the same manner as all other similarly situated claims, pursuant to the Debtors' Plan, without any further obligation of Claimant to submit invoices or other documentation for the costs of the work outlined herein to reimburse Claimant.

3. Upon approval of this Stipulation by the Bankruptcy Court, the Debtors shall direct their Claims Agent, Rust Consulting, Inc. ("Claims Agent"), to mark the Claims Register to reflect that Claim No. 14075 shall be allowed as outlined herein.

4. Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition or post-petition claims against the Debtors with respect to any costs relating to the Site other than enforcement of the obligations of Debtor set forth in this agreement.

5. Claimant agrees to allow and provide access to the Port Authority to (a) the Williams Site (Lot No. 2 on the tax map of the City of Bayonne), and (b) the portion of the adjacent property (Lot 3 on the tax map of the City of Bayonne) that is owned by the Port Authority and leased by Claimant, for monitoring and sampling activities, including the installation of

3

additional monitoring wells, as necessary, or as required by federal, state or local regulatory authorities.

6. Claimant agrees to sign a Deed Notice for the Williams Site.

7. Claimant agrees to take full responsibility for maintaining, at its own expense, the existing cap on the Williams Site.

8. The parties shall take whatever additional action, if any, is necessary to make sure that Claim No. 14075 is allowed as outlined herein.

9. The release contained in Paragraph 4 hereof shall be expressly conditioned upon the approval by NJDEP of both the Deed Notice referenced in Paragraph 6 hereof and a No Further Action Letter for the Williams Site to be expeditiously obtained by W.R. Grace at its sole cost and expense.

Williams Industries, Inc.
("Claimant")

By: _____
William Rubenstein
Vice President

W. R. Grace & Co., et al.
("Debtors")

By: _____
William M. Corcoran
Vice President
Public and Regulatory Affairs

4