# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Case no. 01-01139 (JFK) |
| ) | Jointly Administered |
| Debtors ) | |
| ) | Re: Docket Nos. 13619-13622, 13624- |
| ) | 13628, 13703 & 13704 |

## ADDITIONAL ORDER REGARDING MOTIONS TO COMPEL CLAIMANTS TO RESPOND TO THE W.R. GRACE & CO. ASBESTOS PERSONAL INJURY QUESTIONNAIRE

The parties to this proceeding have submitted a Joint Proposed Order as to all issues on which they have agreed, save the following two issues below.

Upon consideration of the various Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire (Docket Nos. 13619-13622, 13624-13628, 13703 & 13704), all oppositions and responses thereto, all relevant papers and filings, and all argument on the Motions;

IT IS HEREBY ORDERED on this _____ day of _____, 2006 that:

1. Claimants' objections to the production of documents, including but not limited to ILO forms, B-read reports, narrative reports, diagnosing letters, notes of physical examination, based on Fed. R. Civ. P. 26(b)(4)(B), are OVERRULED IN PART. The Court has ruled that Rule 26(b)(4)(B) does not apply to the screening process. All documents generated through or in connection with screening for asbestos or silica related disease must be produced. To the extent documents relating to a claimant's medical condition were created outside the screening process, the Court has ruled that Rule 26(b)(4)(B) will protect from disclosure only those documents created by a true consulting doctor in response to a direct request from a law firm to evaluate a specific claimant or that claimant's medical documents, and where that law firm was retained by the claimant prior to the law firm seeking that evaluation. Nothing in this Order excuses claimants from their obligation to produce any information requested by the Questionnaire related to the underlying facts of a claimant's alleged medical condition. Likewise, nothing in this Order relieves a claimant from their obligation to provide all relevant medical tests related to their alleged medical condition.

2. All other objections addressed in Grace's motions to compel but not addressed by Claimants at the December 5, 2006 hearing are OVERRULED.

**SO ORDERED**

_____

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge