**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case no. 01-01139 (JFK) |
| | ) | Jointly Administered |
| Debtors | ) | |
| | ) | Re: Docket Nos. 13619-13622, 13624- |
| | ) | 13628, 13703 & 13704 |

## ANNOTATION IN SUPPORT OF ADDITIONAL ORDER REGARDING MOTIONS TO COMPEL CLAIMANTS TO RESPOND TO THE W.R. GRACE & CO. ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Grace submits this annotated Order, indicating at bullets below the citations to the record supporting Grace's proposed language.

1.  *"Claimants' objections to the production of documents, including but not limited to ILO forms, B-read reports, narrative reports, diagnosing letters, notes of physical examination, based on Fed. R. Civ. P. 26(b)(4)(B), are OVERRULED IN PART. The Court has ruled that Rule 26(b)(4)(B) does not apply to the screening process. All documents generated through or in connection with screening for asbestos or silica related disease must be produced. To the extent documents relating to a claimant's medical condition were created outside the screening process, the Court has ruled that Rule 26(b)(4)(B) will protect from disclosure only those documents created by a true consulting doctor in response to a direct request from a law firm to evaluate a specific claimant or that claimant's medical documents, and where that law firm was retained by the claimant prior to the law firm seeking that evaluation. Nothing in this Order excuses claimants from their obligation to produce any information requested by the Questionnaire related to the underlying facts of a claimant's alleged medical condition. Likewise, nothing in this Order relieves a claimant from their obligation to provide all relevant medical tests related to their alleged medical condition."*

    • Tr. of H'rg (Dec. 5, 2006) pp. 184:18-185:10

    > THE COURT: Okay, in any event, my preliminary, well
    > no. My rulings with respect to what I can determine without
    > the need to go back into those briefs is, the underlying
    > medical data are to be disclosed. And to the extent that the
    > consulting expert is really a consulting expert for the law
    > firm, without anything to do with the client itself, himself,
    > herself, then that is not discoverable. So if --
    > hypothetically, just so I can try to make this clear. If the

      law firm had 500 clients was going to trial, and hired an absolute independent doctor who had no connection with the plaintiffs whatsoever to review evidence for purposes of helping and assisting with trial strategy. That report would not be discoverable. So the distinctions I'm making right now are simply reports that are purely and only for the purpose of consultation without any connection to the underlying medical data, except to review it, to give a report, and the medical da ta [sic] itself, the medical data is to be disclosed, those high level reports are not.

- Tr. of H'rg (Dec. 5, 2006) p. 186:13-17

      [MR. BERNICK:]… In the sense that the underlying data X rays, Your Honor already has determined are discoverable. If there is underlying spherometry tests I would assume that there is no disagreement that they should be produced.
      THE COURT: They should be produced.

- The remainder of this paragraph is based upon the Court's rulings during the telephonic conference (Dec. 19, 2006) for which there is not yet a transcript.

- Grace notes that the Claimants' proposed language does not discuss the "screening" process which appeared to be one of the cornerstones of the Court's ruling on this issue during the Dec. 19, 2006 telephonic conference.

2. *"All other objections addressed in Grace's motions to compel but not addressed by Claimants at the December 5, 2006 hearing are OVERRULED."*

- Tr. of H'rg (Dec. 5, 2006) p. 246:8-11

      THE COURT: And to the extent that somebody doesn't speak on this record, I'm not hearing it later. So, if you have a position and you haven't advocated it, then I guess it is overruled because I'm not hearing it later.

- Tr. of H'rg (Dec. 5, 2006) p. 258:7-10

      THE COURT: Any objection that I'm ruling on today, those rulings are going to be the same as to everybody. So, whether you're specifically named or not named, when I've ruled it's going to bind everybody.

- Grace objects to the Claimants' proposed language because it does not accurately recite Your Honor's rulings as reflected in the above-quoted language, and a review of the entire transcript. Grace respectfully requests that any Order entered on this issue properly reflect the Court's statements and rulings as quoted above.