# **EXHIBIT "B"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case no. 01-01139 (JFK) |
| | ) | Jointly Administered |
| Debtors | ) | 11/14/05 Agenda Item No. 8 |
| | ) | |

## SUPPLEMENTAL ORDER REGARDING MOTIONS TO COMPEL CLAIMANTS TO RESPOND TO THE W.R. GRACE & CO. ASBESTOS PERSONAL INJURY QUESTIONNAIRE

The Court has considered the various Motions to Compel Claimants to Respond to the W. R. Grace & Co. Asbestos Personal Injury Questionnaire (Docket Nos. 13619, 13620, 13621, 13622, 13623, 13624, 13625, 13626, 13627, 13628,. 13703, and 13704 ) (the "Motions to Compel"), all oppositions and responses thereto, all relevant papers and filings, and all argument on the Motions to Compel.

The Court has entered a separate order (the "Main Order") as to which the parties agreed to form, which addresses most of the issues raised by the Motions to Compel. This supplemental order is entered to address two issues as to which the parties could not agree. Accordingly, the Court hereby rules as follows:

IT IS HEREBY ORDERED that:

1. Various Claimants objected to answering certain questions on the ground that producing the responsive information would invade the consulting expert privilege set forth in Fed. R. Civ. P. 26(b)(4)(B). The Debtors' motion to compel with regard to such objections is DENIED, and the facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial ("Consulting Experts") are not discoverable. Grace has not established the existence of exceptional circumstances which justify taking discovery of Consulting Experts. However, the Court holds that physicians or other medical professionals who examined a Claimant prior to the time an attorney-client relationship was established between the Claimant and a lawyer are not Consulting Experts and the

        Claimants shall provide the responsive information with regard to such professionals. Opinions or analyses performed by a medical expert who is not a treating physician after the creation of an attorney-client relationship between the claimant and a lawyer and as to which the expert has not been identified as a testifying expert by the claimant are presumptively those of Consulting Experts and are protected from discovery pursuant to Rule 26(b)(4)(B).

2.      This order and the Main Order address only the objections made by the Claimants who were the subject of the Debtors' Motions to Compel. The Court is not making rulings on issues or objections that were not presented in the Motions to Compel or at the hearing on December 5, 2006.

**SO ORDERED this** _____ **day of** _____**, 2006.**

_____

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge