IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Objection Deadline: March 16, 2007 at 4:00 p.m. |
| | ) | Hearing: April 2, 2007 at 2:00 p.m. |

FINAL APPLICATION OF CIBC WORLD MARKETS CORP.
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS FORMER FINANCIAL ADVISOR TO
DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE
FOR THE PERIOD JUNE 4, 2004 THROUGH JANUARY 31, 2006

Pursuant to 11 U.S.C. §§ 330 and 331 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, entered March 17, 2003 (the "Administrative Order"), CIBC World Markets Corp. ("CIBC"), Former Financial Advisor to David T. Austern, Future Claimants Representative ("FCR") appointed in the above-referenced case, by its final application (the "Final Fee Application") for compensation and reimbursement of expenses, hereby moves this Court for entry of an order pursuant to sections 330 and 331 of title 11, United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

(i) authorizing and directing the payment of all amounts previously held back or remaining unpaid during the Interim Compensation Period pursuant to the prior orders of this Court in the amount of $26,924.06; and (ii) awarding it final compensation for professional services rendered as former financial advisor to the FCR in the final amount listed in the chart below:

| FINAL FEE PERIOD | FEES REQUESTED AND APPROVED | EXPENSES APPROVED[2] | TOTAL |
|---|---|---|---|
| June 4, 2004 through January 31, 2006 | $1,835,000.00 | $22,573.14 | $1,857,573.14 |

and in support of its Application, CIBC respectfully represents as follows:

## Background

1. On April 21, 2001 (the "Petition Date"), W.R. Grace Co. and 61 affiliates (collectively the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtors have been operating its business and managing its property as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. The FCR's retention of CIBC as financial advisor was approved effective as of June 4, 2004 pursuant to an Order entered by this Court on September 27, 2004.

3. The CIBC professionals responsible for this representation have withdrawn from CIBC, and as of February 1, 2006 joined Piper Jaffray & Co. ("Piper"). On March 1, 2006, the FCR applied to this Court for an Order authorizing the retention of Piper pursuant to an engagement agreement dated February 16, 2006 as his financial advisor. On May 8, 2006 this

---

[2] The total amount of approved fees and expenses reflect reductions totaling $542.23 as recommended by the fee auditor and/or voluntarily agreed to by CIBC World Markets Corp.

2

Court entered an Order authorizing the FCR to employ Piper as financial advisor *nunc pro tunc* as February 13, 2006.

4.  Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may file objections or responses thereto. If there is no objection or response filed by any parties within twenty (20) days of the date of filing and service of the Application, and if the Court does not schedule a hearing on the Application, then the Debtors are authorized and directed to pay the professional 80% of fees and 100% of expenses requested for the Application Period. CIBC has been paid the 80% fees and 100% expenses for all monthly filings in this case.

## Jurisdiction

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Compensation Paid

6.  All services for which CIBC requests compensation were performed as financial advisor for or on behalf of David T. Austern as the FCR in these jointly administered cases.

## The Administrative Order

7.  The Administrative Order in this case approved and set forth certain procedures for the interim and monthly payment of professional fees and reimbursement of expenses, subject to the final approval of this Court.

8.  The Administrative Order requires that professionals bill the Debtors on a monthly basis and serve copies of such monthly statements on the certain parties set forth in the

3

Administrative Order, including Debtors' counsel and the United States Trustee. After a brief review period, and in the absence of objection by any of the parties, the Debtors on behalf of the FCR pays its professionals eighty percent (80%) of the professional fees incurred and one hundred percent (100%) of the expenses incurred for the prior month. Accordingly, each month twenty percent (20%) of the professional fees incurred are "held back" subject to application and approval by this Court.

9. Pursuant to the Administrative Order in these cases, during the Interim Compensation Period, CIBC already has requested and received certain compensation and reimbursement of expenses from the Debtors on behalf of the FCR. CIBC submits that it has complied with the procedures set forth in the Administrative Order. Accordingly, pursuant to the provisions of the Administrative Order and the monthly invoices provided by CIBC to the FCR, CIBC has received payment from the Debtors, on behalf of the FCR, and is requesting final approval of its total fees in the amount of $1,835,000.00 and final approval of its total costs in the amount of $22,573.14 for the for a total of $1,857,573.14 for the Final Compensation Period of June 4, 2004 through January 31, 2006.

## Relief Requested

10. CIBC also requests final approval of the fees and costs listed in the chart below for the period of June 4, 2004 through January 31, 2006:

4

| COVERED PERIOD | FEES REQUESTED AND APPROVED | EXPENSES APPROVED[3] | TOTAL |
|---|---|---|---|
| June 4, 2004 through January 31, 2006 (Final Compensation Period) | $1,835,000.00 | $22,573.14 | $1,857,573.14 |

12.   CIBC submits that each of the factors set forth in 11 U.S.C. § 330(a)(3) has been met with respect to its previously filed applications for compensation and reimbursement, justifying the approval of its final fees and expenses requested herein. In particular, the time spent on the services requested in this application was reasonable, 11 U.S.C. § 330(a)(3)(A). The rates charged by CIBC were reasonable, 11 U.S.C. § 330(a)(3)(B). The services performed by the firm were necessary and beneficial to the administration of the Debtors' estate, both at the time the services were rendered and thereafter, 11 U.S.C. § 330(a)(3)(C). Each of CIBC's individual professionals performed services within a reasonable amount of time commensurate with the complexity, importance and nature of the subject matter, 11 U.S.C. § 330(a)(3)(D). The compensation requested by CIBC is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy matters. 11 U.S.C. § 330(a)(3)(E).

13.   Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, CIBC has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with this case.

14.   CIBC certifies that the FCR has previously received and reviewed the invoices of fees and expenses as requested in this Final Application and has previously approved them.

---

[3] The total amount of approved fees and expenses reflect reductions totaling $542.23 as recommended by the fee auditor and/or voluntarily agreed to by CIBC World Markets Corp.

5

WHEREFORE, CIBC respectfully request this Court to enter an order (i) authorizing and directing the payment of all amounts previously held back during the Final Compensation Period in the total amount of $26,924.06, pursuant to the prior orders of this Court; (ii) awarding it final compensation for professional services rendered as former financial advisor to the FCR in the final amounts of $1,835,000.00 in fees and $22,573.14 in expenses for a total of $1,857,573.14 for the period June 4, 2004 through January 31, 2006 and (iv) granting such other relief as this Court deems is just and proper.

CIBC WORLD MARKETS CORP.

By: *[signature]*
Marshall A. Heinberg
300 Madison Avenue
New York, New York 10017
(212) 885-4744
Former Financial Advisor to Davis T. Austern
Future Claimants' Representative

Dated: December 14, 2006