IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Re: Docket Nos. 14014 and 14015 |

**MOTION OF ZONOLITE ATTIC INSULATION PROPERTY DAMAGE CLAIMANTS
FOR LEAVE TO APPEAL BANKRUPTCY COURT'S ORDER
RESOLVING MOTION FOR PARTIAL SUMMARY JUDGMENT,
CROSS MOTIONS FOR SUMMARY JUDGMENT, AND
SCHEDULING A STATUS CONFERENCE, ENTERED IN THESE CASES
ON DECEMBER 14, 2006, DOCKET NUMBER 14015 (THE "ORDER") AND
MEMORANDUM OPINION RELATING THERETO,
DOCKET NUMBER 14014 (THE "OPINION")[1]**

The Zonolite Attic Insulation Property Damage Claimants ("ZAI Claimants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §158(a)(3) and Fed.R.Bankr.P. 8003, move for leave to appeal the Bankruptcy Court's Order Resolving Motion For Partial Summary Judgment, Cross Motions For Summary Judgment, And Scheduling A Status Conference, entered in these cases on December 14, 2006, docket number 14015 (the "Order") and the Memorandum Opinion relating thereto, docket number 14014 (the "Memorandum Opinion").

**STATEMENT OF FACTS**

1. On April 1, 2001, the Debtors commenced these Chapter 11 cases by filing their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the

---

[1] Although the ZAI Claimants believe that the December 14, 2006 Order is a final Order and subject to mandatory review, they file this Motion for Leave to Appeal in the event Grace alleges or the Court determines that certain aspects of the Order are interlocutory.

"Bankruptcy Code"). Since that time, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Debtors filing their Petitions for Relief, a statewide class of Zonolite Attic Insulation ("ZAI") property damage claimants had been duly certified by the Honorable Judge Kathleen O'Conner on December 19, 2000 in Washington state.

3. On November 19, 2001, ZAI Claimants Jackie and Bonnie Lewis and others filed a Motion for Class Certification of ZAI Claims in the Bankruptcy Court as an adversary action, which sought a nationwide class for all ZAI Claimants. Lewis, et al. v. W.R. Grace, et al., Case No. 01-8810 (Docketed 12/17/01) (subsequently dismissed without prejudice).

4. On April 12, 2002, Debtors filed proofs of claim for 10 individual ZAI Claimants pursuant to 11 U.S.C. §501(c).

5. On May 3, 2002, the individuals in whose names Debtors filed proofs of claim filed a Motion to Strike those proofs of claim with the Bankruptcy Court. (D.I. 2045)

6. The Bankruptcy Court denied the ZAI Claimants' Motion to Strike on May 20, 2002 and gave the ZAI Claimants 10 days to file amended proofs of claim.

7. On May 30, 2002, the individual ZAI Claimants filed amended proofs of claim as instructed by the Bankruptcy Court, and pursuant to the Court's direction, reserved their right to file a class proof of claim on behalf of similarly situated ZAI Claimants. (D.I. 2131 to 2134)

8. On June 10, 2002, Debtors filed objections to ZAI Claimants' amended proofs of claim (the "ZAI Claims"). (D.I. 2193)

9. On July 10, 2002, the ZAI Claimants filed a response asserting the validity of the ZAI Claims. (D.I. 2363)

10. During hearings on July 22, 2002, August 26, 2002 and September 23, 2002, the Bankruptcy Court determined that before deciding: (i) whether the ZAI Claims should be required to proceed individually, as Debtors desired, or in a single proof of claim on behalf of a class, as the ZAI Claimants requested; and (ii) whether a ZAI claims bar date should be established and, if so, what type of notice program would be appropriate, the Court would address what it characterized as a "threshold issue" of "whether ZAI poses an unreasonable risk of harm." The Bankruptcy Court ordered a "Science Trial" proceeding to take place on this Court-designated issue and appointed special counsel for the ZAI Claimants for purposes of the Science Trial.

11. The ZAI Claimants argued to the Bankruptcy Court that the Court's formulation of the Science Trial issue was not the proper or relevant inquiry for an asbestos property damage contamination claim, and that the proper focus of the inquiry should be on building contamination. (See, e.g., July 22, 2002 Tr. at 81-86). (D.I. 2502).

12. The Bankruptcy Court determined nevertheless to proceed with a ZAI Science Trial centered on the Court's "unreasonably dangerous" concept, and on October 21, 2002 it entered an Order setting forth a pretrial discovery and motion schedule. The Court limited the scope of discovery to "what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm." (December 14, 2006 Memorandum Opinion, at 4.) (D.I. 14014).

13. On July 7, 2003, Debtors filed a motion to consolidate the actions of the ZAI Claimants pursuant to Rule 42 of the Federal Rules of Civil Procedure, for the purpose of determining whether ZAI creates an unreasonable risk of harm. (D.I. 4010)

14. Following discovery, Debtors and the ZAI Claimants filed opposing motions for summary judgment. The ZAI Claimants also filed a motion for partial summary judgment on the

issues of (i) whether ZAI is contaminated with asbestos, (ii) whether ZAI releases asbestos fibers when disturbed during ordinary homeowner activities, (iii) whether ZAI can contaminate homes/pose an unreasonable danger upon disturbance, and (iv) whether the ZAI Claimants have viable claims under tort, consumer protection, and other legal theories.

15. The Court conducted a hearing on the summary judgment motions on October 18, 2004.

16. On December 14, 2006, the Court issued its Memorandum Opinion (D.I. 14014) and Order Resolving Motion For Partial Summary Judgment, Cross Motions For Summary Judgment, And Scheduling A Status Conference ("Order") (D.I. 14015), which the ZAI Claimants presently appeal. (A copy of the Memorandum Opinion is attached hereto as Exhibit A. A copy of the Order is attached as Exhibit B.)

## STATEMENT OF QUESTIONS PRESENTED AND RELIEF SOUGHT

17. The questions to be presented upon appeal are:

   a. Whether the Bankruptcy Court erred in granting summary judgment when there were conflicting issues of material fact and inferences to be drawn from those material facts, and whether the Court made factual findings as to disputed issues by improperly favoring evidence supporting Debtors' position.

   b. Whether the Bankruptcy Court erred by failing to ascertain or apply the substantive state laws governing the product liability claims of the respective ZAI Claimants.

c. Whether the Bankruptcy Court erred by failing to ascertain or apply the substantive state laws governing the consumer protection claims of the respective ZAI Claimants.

d. Whether the Bankruptcy Court erred by superimposing an unprecedented, federal "unreasonably dangerous" test on all legal claims of the respective ZAI Claimants.

e. Whether the Bankruptcy Court erred by imposing "risk of disease" as a prerequisite to cognizable harm compensable under applicable consumer protection statutes.

f. Whether the Bankruptcy Court erred by imposing "risk of disease" as a prerequisite to cognizable tort-based property damage claims.

g. Whether the Bankruptcy Court erred by holding that no facts permit the conclusion that ZAI is "unreasonably dangerous."

h. Whether the Bankruptcy Court erred by failing to evaluate "unreasonably dangerous" under applicable risk/utility or consumer expectation analyses.

i. Whether the Bankruptcy Court erred by imposing a strict liability "unreasonably dangerous" test on all tort-based claims for property damage.

j. Whether the Bankruptcy Court erred in equating ZAI property damage claims to so-called "stigma" claims.

k. Whether the Bankruptcy Court erred in relying on so-called "comparative risk" evidence.

5

18. The ZAI Claimants seek reversal of the Bankruptcy Court's Memorandum Opinion and Order to the extent it granted Debtors' Motion for Summary Judgment and denied the ZAI Claimants' Motion.

## REASONS WHY LEAVE TO APPEAL SHOULD BE GRANTED

19. Pursuant to 28 U.S.C. §158(a), final orders of a bankruptcy court are subject to mandatory review. Interlocutory orders, however, are subject to the discretion of the federal district court and may be heard "with leave of court" as provided in 28 U.S.C. §158(a)(3). Bankruptcy Rule 8003 directs the manner in which a motion for leave to appeal is to be filed.

20. Neither the Bankruptcy Code nor the Bankruptcy Rules set forth the applicable standard for leave to appeal an interlocutory order by a federal district court. Some courts look to 28 U.S.C. §1292(b) -- the statute governing appeals from the district courts to the courts of appeals -- for guidance. See, In re Delaware and Hudson Ry. Co., 96 B.R. 469 (D. Del. 1989), aff'd, 884 F.2d 1383 (3d Cir. 1989); see also, First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963 (D. Del. 1986); In re Hooker Investments, Inc., 122 B.R. 659 (S.D.N.Y. 1991). Section 1292(b) permits appeal where the interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).

21. The December 14 Memorandum Opinion and Order meet the requirements of Section 1292(b). They should also be reviewed immediately because they may seriously affect the evaluation of the ZAI Claims at a critical juncture of this bankruptcy, and impede Debtors' reorganization if an appeal is delayed.

22.     The December 14 Memorandum Opinion and Order fundamentally depart from 20 years of asbestos property damage precedent in holding that an asbestos property contamination claim requires elements of proof of personal injury, such as epidemiological evidence of asbestos disease from ZAI in homes, a "doubling dose" of exposure, or asbestos air levels exceeding the OSHA occupational time-weighted averages.  No such evidence has been required by numerous state and federal courts sitting in diversity that have tried many asbestos property damage cases over the last two decades.  Rather, these courts recognize that the issue in an asbestos property damage case is whether the property has been contaminated by asbestos, as typically shown by scientific testing that the asbestos material can release fibers ("fiber release test") and that the released fibers have contaminated some portion of the building ("settled dust testing").  The December 14 Memorandum Opinion and Order's fundamental departure from controlling legal precedent should be addressed and reversed because it creates significant confusion as to the viability of certain of the ZAI Claimants' legal theories in this bankruptcy.  The Bankruptcy Court itself recognized the potential importance of its Memorandum Opinion and Order in stating, "the determination made herein may prove to be fatal to the property damage claims ...."  (December 14, 2006 Memorandum Opinion, at 53.)

23.     As reflected in the December 14 Memorandum Opinion and Order, there have been settlement discussions concerning the ZAI Claims, and there have also been broader discussions supervised by a court-ordered mediator.  Although those discussions have been unsuccessful to date, it is likely that such discussions will be ongoing.  The ZAI Claims are a significant aspect of the Debtors' bankruptcy.  The Bankruptcy Court noted its concern with ZAI when it stated that "special procedures would be needed to administer this claims process," and that there was a "huge number of potential claims."  (December 14, 2006 Memorandum Opinion,

at 3-4). To the extent the Bankruptcy Court's Memorandum Opinion and Order may be read to undermine the viability of some aspects of the ZAI Claims, they may significantly impede any progress toward achieving consensual resolution among the key constituencies in the Debtors' bankruptcy.

24. As announced in open Court, the ZAI Claimants, other asbestos property damage claimants, and the asbestos personal injury claimants have reached an agreement on an allocation of available funds in the Debtors' reorganization. These asbestos constituencies are presently seeking to have Grace's exclusivity period terminated. Should that occur, it is likely that the asbestos interests could propose relatively quickly a plan of reorganization to end this bankruptcy. The continued viability of the December 14 Memorandum Opinion and Order may impede this process as well.

25. Respectfully, the Bankruptcy Court's Memorandum Opinion and Order contain findings that rely on a selective reading of the record, misinterpret the record, or ignore contrary evidence, all in violation of the established summary judgment standard. Immediate review can correct these errors and permit evaluation of the ZAI Claims to proceed under the proper state substantive law standards.

## CONCLUSION

WHEREFORE, the ZAI Claimants respectfully request that pursuant to 28 U.S.C. §158(a)(3) and Bankruptcy Rule 8003, the District Court grant leave to appeal the December 14, 2006 Order.

*(signature block on following page)*

Dated: December 22, 2006
       Wilmington, Delaware

                                     RICHARDSON, PATRICK,
                                     WESTBROOK & BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina  29464
Telephone:  (843) 727-6500

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, Washington  99201
Telephone:  (509) 455-3966

-and-

WILLIAM D. SULLIVAN, LLC


       /s/ William D. Sullivan
William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, Delaware  19801
Telephone:  (302) 428-8191

*Special Counsel for ZAI Claimants*