## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., et al., ) | Case no. 01-01139 (JFK) |
| ) | Jointly Administered  13999 |
| Debtors ) | RE: |
| ) | 11/14/05 Agenda Item No. 8   14097 |

### ORDER REGARDING MOTIONS TO COMPEL CLAIMANTS TO RESPOND TO THE W.R. GRACE & CO. ASBESTOS PERSONAL INJURY QUESTIONNAIRE

The Court has considered the various Motions to Compel Claimants to Respond to the W. R. Grace & Co. Asbestos Personal Injury Questionnaire (Docket Nos. 13619, 13620, 13621, 13622, 13623, 13624, 13625, 13626, 13627, 13628, 13703, and 13704) (the "Motions to Compel"), all oppositions and responses thereto, all relevant papers and filings, and all argument on the Motions to Compel.

IT IS HEREBY ORDERED that:

1. Various Claimants have objected on the grounds that the attorney-client privilege protects the answers to the three sub-questions in Part II, Questions 2, 4, 5, 6, and 7 relating to the purpose of retention of counsel, whether counsel for the Claimant referred the Claimant to a particular doctor, and the relationship between the doctor and the Claimants' counsel. The Court holds that these specific questions are not protected by the attorney-client privilege or the work product doctrine and that answering these questions does not constitute a subject matter waiver of any privilege. The Debtors' Motions to Compel the answers to these three questions in Part II, Questions 2, 4, 5, 6, and 7 are hereby GRANTED,;

2. Various Claimants objected on grounds of burden and relevance to providing information required by Part V of the Questionnaire relating to the Claimants' non-Grace asbestos exposures. The Debtors' Motions to Compel the answers to Part V of the Questionnaire are hereby GRANTED. In responding to the information required by Part V of the Questionnaire, Claimants are only required to provide information that is known to them at this time.

3. The Debtor's Motion to Compel with respect to the relevance objection raised to the provision of certain medical information for mesothelioma Claimants is DENIED. All Claimants alleging a diagnosis of mesothelioma who rely on pathology for the evidence of their disease must provide pathology reports

supporting or contradicting their diagnosis as soon as possible, but in no event later than January 12, 2007. Any Claimant who alleges that he or she has mesothelioma and who relies upon pathology as evidence of their disease is not required to answer the questions in Part II of the questionnaire other than Part II Questions 1 and 1a, subject to further order of this Court. Mesothelioma claimants not relying on pathology as evidence of their disease must answer the questions in Part II.

4. Various Claimants raised objections on the ground of confidentiality to providing information about Claimants' asbestos- and silica-related settlements as required by Part VII, Section A, Question 6 and Part VII, Section B, Question 6. Such objections are OVERRULED IN PART. Claimants are ordered to provide only the following information in response to Part VII, Section A, Question 6 and Part VII, Section B, Question 6: the aggregate amount of settlement monies paid to the plaintiff for asbestos or silica-related injuries, the total number of defendants with whom the Claimant settled, and the disease for which each claim was settled (if different from the disease alleged in Part II, Question 1 of the Questionnaire). Further, the information may be used by Grace, its counsel, its agents, and its experts in connection with this estimation proceeding only, and is to be kept confidential and may not be used by any person other than the Claimant for any purpose other than this estimation.

5. Various Claimants objected on the ground of burden to providing information regarding the dismissal of Claimants' asbestos- and silica- related claims as required by Part VII, Section A, Question 4 and Part VII, Section B, Question 7. Grace's Motions to Compel responses to these questions are GRANTED IN PART AND DENIED IN PART. Claimants are required to provide only the following information about the resolution of claims against other defendants if such information is available in Counsel's database(s), if Counsel maintains such information in databases, or if Counsel does not maintain such information in databases, in Counsel's files: whether the claim was dismissed (voluntarily or involuntarily) or settled. Where such information is unavailable, Claimants are to so indicate in their Questionnaire responses.

6. Various Claimants objected on the grounds of burden to providing the race of the Claimant as required by Part I, Section A, Question 3 for purposes of evaluating the Claimant's pulmonary function test. Grace's Motion to Compel Answers to questions concerning race are GRANTED IN PART AND DENIED IN PART. Claimants are required to provide information concerning their race if any such information is available in Counsel's files.

7. Claimants must supplement their Questionnaire responses in accordance with the provisions of this Order and the Court's October 12 2006 Order Concerning Debtors' Motion to Compel Asbestos Personal Injury Claimants to Respond to the W.R. Grace Personal Injury Questionnaire (Docket No. 13393), no later than January 12, 2007.

2

8.  The Court will enter a separate Order relating to issues upon which the parties could not agree.

SO ORDERED this 22 day of Dec., 2006.

*Judith K. Fitzgerald*

The Honorable Judith K. Fitzgerald JKF
United States Bankruptcy Judge