IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | Related Docket Nos. 14014, 14015, 14140, 14147 |

**UNOPPOSED MOTION OF DEBTORS, W. R. GRACE & CO., ET AL., FOR EXTENSION OF TIME TO ANSWER THE MOTION OF ZONOLITE ATTIC INSULATION PROPERTY DAMAGE CLAIMANTS FOR LEAVE TO APPEAL**

Debtors W. R. Grace & Co., et al., ("Grace"), hereby move (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 8003(a) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), for entry of an order extending until January 9, 2007, the deadline by which Grace may file an answer in opposition to the motion for leave to appeal, dated December 22, 2006 (Docket No.14147) (the "Interlocutory

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Appeal Motion"), filed by the Zonolite Attic Insulation Property Damage Claimants (the "ZAI Claimants") with respect to the Court's Order Resolving Motions for Partial Summary Judgment, Cross Motions for Summary Judgment and Scheduling a Status Conference and the Memorandum Opinion relating thereto (the "ZAI Opinion"), entered in these cases on December 22, 2006 (Docket Nos. 14015 and 14014). In support of this Motion, Grace respectfully states as follows:

**Relief Requested**

1. On December 22, 2006, this Court issued its ZAI Opinion (Docket Nos. 14015 and 14014) in these cases. The ZAI Opinion (a) granted in part Grace's motion for summary judgment as to the threshold issue of unreasonable risk of harm; (b) found that there is no unreasonable risk of harm from ZAI; (c) denied in part the ZAI Claimants motion for summary judgment as to the threshold issue; (d) denied without prejudice the ZAI Claimants' motion for partial summary judgment; (e) found that there is no dispute regarding the fact that ZAI is contaminated with asbestos and can release asbestos fibers when disturbed; (f) granted and denied certain *Daubert* objections as set forth in the ZAI Opinion and (g) Ordered that a status conference regarding the remainder of Claimants' and Debtors motions for summary judgment will be heard on January 22, 2006, which date by request of the ZAI Claimants has now been re-set to Febuary 26, 2007.

2. On December 22, 2006, the ZAI Claimants filed a notice of appeal (Docket No. 14140)(the "Notice of Appeal") from the ZAI Opinion, seeking appellate review in the United States District Court for the District of Delaware (the "District Court") of the ZAI Opinion.

3. Also on December 22, 2006, the ZAI Claimants filed their Interlocutory Appeal Motion in this Court, seeking leave from the District Court to pursue an interlocutory appeal from the ZAI Opinion pursuant to 28 U.S.C. § 158(a)(3).

4. By this Motion, Grace respectfully requests that its deadline to file an answer to the Interlocutory Appeal Motion be extended through and including January 9, 2007.

5. Counsel for Grace has conferred with counsel for the ZAI Claimants prior to filing this Motion and counsel for ZAI Claimants has indicated that they do not oppose the extension requested hereby.

### Basis For Relief

6. Bankruptcy Rule 8003(a) provides: "Within 10 days after service of the motion [for leave to appeal], an adverse party may file with the clerk an answer in opposition." Fed. R. Bankr. P. 8003(a). Based on Bankruptcy Rule 8003(a), Grace's deadline to answer the Interlocutory Appeal Motion therefore may be as early as January 2, 2006.

7. Bankruptcy Rule 8003(b) provides:

> The clerk shall transmit the notice of appeal, the motion for leave to appeal and any answer thereto to the clerk of the district court or the clerk of the bankruptcy appellate panel **as soon as all parties have filed answer or the time for filing an answer has expired.** The motion and answer shall be submitted without oral argument unless otherwise ordered.

Fed. R. Bankr. P. 8003(b) (emphasis added). Based on the foregoing, it appears that this Court retains the power to entertain a motion to extend the answer deadline under Bankruptcy Rule 8003(a) until such time as the clerk of this Court is required to transmit the Notice of Appeal, the Interlocutory Motion and any answer thereto to the clerk of the District Court.

8. Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b) and Local Bankruptcy Rule 9006-2 authorize this Court to extend the deadline for answering the Interlocutory Appeal Motion. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 9006(b) provides, in relevant part, that,

3

K&E 11551787.1

"when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged in the District Court Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

9. In the context of this case, it is clear that cause exists to grant an extension through and including January 9, 2007 of the deadline by which Grace must answer the Interlocutory Appeal Motion. First, absent the requested extension, Grace would be prejudiced because it would be required to respond to the Interlocutory Appeal Motion within a brief period of time, made all the shorter by the fact that the Christmas and New Year holidays occurs in the middle of it. The ZAI Opinion and issues raised by the Interlocutory Appeal Motion deserve careful time and attention. Second, the ZAI Claimants have advised Grace that they consent to the requested extension. Third, the brief extension requested will not unduly delay the disposition of the Interlocutory Appeal Motion. The ZAI Claimants themselves requested that the status conference with respect to the remainder of the motions for summary judgment be delayed until late February.

10. Accordingly, for all of the foregoing reasons, Grace respectfully submits that its deadline to answer the Interlocutory Appeal Motion should be extended through and including January 9, 2007.

WHEREFORE, Grace respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) granting this Motion, (ii) extending its deadline to answer the Interlocutory Appeal Motion through and including January 9, 2007 and (iii) granting such other and further relief as is just and proper.

Dated: December 28, 2006

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

5

K&E 11551787.1