IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
|  | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) | Re: Docket Nos. 13619-13622, |
|  | ) | 13624-13628, 13703, 13704 & 14150 |
|  | ) |  |
|  | ) |  |

**REVISED SUPPLEMENTAL ORDER REGARDING MOTIONS
TO COMPEL CLAIMANTS TO RESPOND TO THE
W.R. GRACE & CO. ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

The parties to this proceeding submitted a Joint Order which the Court has entered ("the Main Order") as to all issues on which they have agreed, save for two issues. The Court entered a "Supplemental Order" (Docket No. 14150) on December 22, 2006, as to these two issue.

Upon further consideration of the various Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire (Docket Nos. 13619-13622, 13624-13628, 13703 & 13704), all oppositions and responses thereto, all relevant papers and filings, and all argument on the Motions, including Certain Asbestos Claimants' Firms' Motion to Alter or Amend Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire Pursuant to Fed. R. Bankr. P. 9023, Alternative Request for Entry of a Protective Order, and Memorandum in Support Thereof,

IT IS HEREBY ORDERED this _____ day of _____, 2007, that the Supplemental Order is hereby withdrawn and this Revised Supplemental Order altering and amending the Supplemental Order is substituted therefor.

F:\GG\X\XX001-0002\Briefing\Proposed Order

IT IS FURTHER ORDER that:

1. Various Claimants objected to answering certain questions on the ground that producing the responsive information would invade the consulting expert privilege set forth in Fed. R. Civ. P. 26(b)(4)(B). Debtors' motion to compel with regard to such objections is GRANTED IN PART and DENIED IN PART. The facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial ("Consulting Experts") are not discoverable. Debtors have not demonstrated the existence of exceptional circumstances which justify taking discovery of Consulting Experts at this time. As to any information requested regarding those who are not Consulting Experts, no privilege applies and the responsive information with regard to such professionals shall be provided by Claimants. Consulting Experts include, without limitation, those solicited by the lawyer/law firm regarding a specific Claimant or that Claimant's medical documents substantially contemporaneously or after the lawyer/law firm had formed an attorney-client relationship with the specific Claimant. The privilege applies to Consulting Experts who are not identified as testifying experts and will be abrogated if, as and when said Consulting Expert is identified as a testifying expert.

2. Nothing in this Order or in the Main Order addresses objections that have not been raised, briefed and/or argued as noticed on any omnibus or ancillary hearing agenda related to this Order. However, the rulings of the court in this Order and in the Main Order apply to all Claimants who had notice of the Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personnel Injury Questionnaire and to the Asbestos Claimants Committee and the Future Claims Representative, both of which actively participated in the briefing and/or argument on this matter.

_____
Judith K. Fitzgerald
United States Bankruptcy Judge