IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et. al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline: January 5, 2007 |
| | ) | Hearing Date: January 23, 2007 at 8:30 a.m. |
| | ) | |
| | ) | Re: D.I. 14063 |

**RESPONSE OF CARTUS CORPORATION, FORMERLY KNOWN AS CENDANT MOBILITY SERVICES CORPORATION, TO DEBTORS' TWENTIETH OBJECTION TO CLAIMS (SUBSTANTIVE)**

Claimant Cartus Corporation ("Cartus"), formerly known as Cendant Mobility Services Corporation ("Cendant"),[1] by and through its undersigned counsel, hereby responds to the Debtors' (the "Debtors") Twentieth Omnibus Objection to Claims (Substantive) [D.I. 14063] (the "Objection"), and, in support thereof, states as follows:

## BACKGROUND

1. Both prior to and since the commencement date (the "Petition Date") of the above-captioned jointly administered bankruptcy cases, Cartus supplied employee relocation services to debtor W.R. Grace & Co. ("Grace") (Case No. 01-01139 (JKF)). These services included, but were not limited to, home sale and home purchase, household-goods shipping, move management, temporary housing, and settling-in services for employees of Grace who relocated from their homes to other regions of the country in connection with their employment by Grace.

---

[1] On May 19, 2006, Cendant, a Delaware corporation, filed a Certificate of Amendment to Certificate of Incorporation with the Secretary of the State of Delaware, changing Cendant's name to Cartus Corporation.

1501358/2

2. As of the Petition Date, Cartus had approved and/or provided services in connection with relocation and home sales for several dozen employees of Grace. Cartus was not paid for certain services that it rendered to Grace.

3. Accordingly, on March 26, 2003, Cartus timely filed a proof of claim (claim number 9837) (the "Proof of Claim") in Grace's bankruptcy case, asserting an unsecured non-priority claim for $270,250.62. Attached to the Proof of Claim was a schedule of all outstanding invoices and the invoices themselves. A copy of the proof of claim is attached hereto as Exhibit A.[2]

4. On December 18, 2006, the Debtors filed the Objection, alleging that the invoices for which Cartus seeks payment were "not in books and records and cannot validate with the exception of" various invoices totaling $8,930.20.

## ARGUMENT

5. The Objection must be overruled, and Cartus' Proof of Claim allowed, because (i) the Debtors, through their Objection, have failed to provide evidence sufficient to overcome the prima facie validity of the Proof of Claim; (ii) the Objection fails to meet the requirement under Del. Bankr. L.R. 3007-1(e)(iii)(J)(4) that the objecting party submit an affidavit or declaration stating that the objecting party has made "reasonable efforts to research the claim on debtor's books and records;" and, (iii) under Del. Bankr. L.R. 3007-1(f)(iii), all grounds for a substantive objection must be raised in such objection, and the Debtors' sole basis for the Objection is unfounded.

---

[2] Because the original copies of invoices attached to the Proof of Claim contain sensitive personal information about employees of Grace with respect to whom Cartus provided relocation services, the invoices furnished with the attached proof of claim are redacted to exclude the employees' social security numbers and addresses.

2

1501358/2

A. *The Debtors Do Not Provide Evidence Equal in Force to Cartus' Prima Facie Proof of Claim So As to Rebut the Presumption of the Validity of the Proof of Claim*

6. Fed. R. Bankr. P. 3001(f) provides that "[a] proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim." The prima facie validity of the Proof of Claim is "strong enough to carry over a mere formal objection without more." Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991). However, where an objection is filed, the objecting party bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim. In re Allegheny Int'l, Inc., 954 F.2d 167, 173–74 (3d Cir. 1992) (stating that "[t]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claims' legal sufficiency").

7. The Debtors are required to present to the Court "evidence *equal in force* to the prima facie case." In re Allegheny Int'l, 954 F.2d at 173 (emphasis added). See also Official Committee of Unsecured Creditors of Radnor Holdings Corp. v. Tennebaum Capital Partners, LLC (In re Radnor Holdings Corp.), Case No. 06-10894 (PJW), Adv. Pro. No. 06-50909, 2006 WL 3346191 (Bankr. D. Del. Nov. 17, 2006) (attached hereto as Exhibit B) (the debtor is required to present to the Court "substantial evidence" in support of its Objection) (citing In re Mid-American Waste Sys., Inc., 284 B.R. 53, 65 (Bankr. D. Del. 2002) (party objecting to properly filed proof of claim bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of claim); Brown v. IRS (In re Brown), 82 F.3d 801 (8th Cir. 1996) (a claim's presumptive validity

3

1501358/2

is not altered unless an objection is supported by *substantial evidence*) (emphasis in original)). In short, the Debtors must "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." In re Holm, 954 F.2d at 623.

8. It is only if the objecting party overcomes the prima facie effect of the claim that the burden reverts to the claimant. Id. at 174. "The threshold question then is whether the Debtor has rebutted the otherwise prima facie effect of the proof of claim." In re L. Washington & Assoc., Inc., Case No. 00-12173 DWS, 2000 WL 1780329, *2 (Bankr. E.D. Pa. Nov. 22, 2000) (attached hereto as Exhibit C).

9. In this case, the Objection contains no "substantial evidence" to overcome the presumptive validity of the Proof of Claim, and the Objection presents evidence that is far less than equal in force to Cartus' well-documented and highly detailed prima facie case. Cartus provided very specific details and appropriate documentation in support of its Proof of Claim, including, without limitation, providing invoices that identified the name of each employee with respect to whom Cartus provided services, the social security numbers of those employees, their addresses, the nature of the services provided, invoice dates and invoice numbers. Together, this information should be more than adequate to facilitate reconciliation of Cartus' claim under a reasonably-conducted search of well-organized books and records.

10. The Debtors' Objection, however, is just a conclusory "books and records" denial, with nothing in the way of meaningful detail, and is, alone, insufficient to carry the Debtors' burden of rebutting the presumptive validity of Cartus' claim. See, e.g., In re Williams, Case No. 92-50546, 1994 WL 329328, *3 (Bankr. S.D. Ga. 1994) (attached

1501358/2

hereto as <u>Exhibit D</u>). As one commentator recently has noted, "a debtor's books and records have no inherent magical power. Objectors cannot invoke them as a talisman to ward off the presumptively valid claims of creditors." Patrick A. Jackson, <u>Conceptualizing Claims Objections, Part II: "Books and Records" Revisited</u>, Am. Bankr. Inst. J., July/August 2006, at 71. The Debtors' bare, unsupported assertion that their books and records do not reflect the amounts set forth in the Proof of Claim represents but the slimmest of evidence, and is patently insufficient to rebut the validity of Cartus' Proof of Claim.

11. Along with the Objection, the Debtors filed the Declaration of Mark A. Shelnitz (the "Declaration") in support of the Objection. Neither the Declaration nor the Objection itself identify whether the Debtors' books and records are complete and well-organized for the period encompassed by the Proof of Claim. Moreover, the Debtors, through their Objection, do not describe the scope of the search of the Debtors' books and records that the Debtors undertook.

12. The Debtors do not deny that Cartus provided the services set forth in the Proof of Claim. The Debtors also do not deny that the employees identified in the Proof of Claim were employed by Grace, that those employees were relocated in the course of their employment with the Grace, and that Cartus provided relocation services for Grace with respect to those employees. Furthermore, the Debtors do not deny that Grace requested from Cartus the services for which Cartus invoiced Grace, and do not deny that Grace received the invoices from Cartus.

13. The Debtors' burden "includes placing the creditor on notice as to what aspects of the claim a debtor finds objectionable." <u>Smith v. Sprayberry Square Holdings, Inc. (In re</u>

1501358/2

Smith), 249 B.R. 328, 333 (Bankr. S.D. Ga. 2000). Moreover, "The objecting party may not rebut the prima facie case merely by stating that the amount . . . claimed . . . is not correct." In re White, 168 B.R. 825, 828 (Bankr. D. Conn. 1994). Instead, "the objector must affirmatively *produce* evidence to counter the creditor's claim." In re Make Meat Corp., Case No. 98-civ-4990 (HB), 1999 WL 178788, *4 (S.D.N.Y. March 31, 1999) (emphasis in original) (attached hereto as Exhibit E). The Debtors do not carry this burden in their Objection. Indeed, the Debtors' only evidence is the bare assertion that various Cartus invoices are "not in books and records and cannot [be] validate[d]." This assertion is simply insufficient to overcome the probative force of Cartus' well-documented and supported Proof of Claim.

 **B.**  *The Objection Does Not Comply with the Requirement under this Court's Local Rules that the Debtors Affirm that the Debtors Have "Made Reasonable Efforts to Research the Claim" On the Debtors' Books and Records*

14. Del. Bankr. L.R. 3007-1(e)(iii)(J)(4), which governs procedures for asserting substantive claims objections "based on the debtor's lack of any books and records relating to the claim," requires that such a claim objection be accompanied by an affidavit or declaration stating "that the objector has made reasonable efforts to research the claim on the debtor's books and records." Although the Debtors did file the Declaration in support of the Objection, the Declaration does not contain the requisite sworn representation as to the reasonableness of the search of the records that the Debtors undertook before objecting to Cartus' timely-filed and appropriately-documented claim.

15. As described above at paragraph 9, the Proof of Claim contained highly-detailed information of the type that should have facilitated a straightforward investigation by the Debtors of the Proof of Claim. Although the Debtors, through the Declaration, allege

that their search has occupied "considerable resources and time," and was carried out in such a way as to "ensure a high level of diligence" (Declaration, ¶ 5), and, in their Objection, claim that they "thoroughly reviewed" the books and records (Objection, ¶ 7) the Debtors do not address the very issue with which Del. Bankr. L.R. 3007-1(e)(iii)(J)(4) is concerned – the *reasonableness* of the Debtors' efforts.

16. Although the Local Rules of the United States Bankruptcy Court for the District of Delaware do not define the term "reasonable" in the context of its use in Del. Bankr. L.R. 3007-1(e)(iii)(J)(4), and there is no caselaw that the Defendants could locate discussing what constitutes a "reasonable" books and records search under Del. Bankr. L.R. 3007-1(e)(iii)(J)(4), the Debtors' search cannot have been reasonable. The Debtors do not state that they searched the Debtors' records by, for example, and without limitation, invoice number, employee name, employee social security number, or employee location. With all of this information having been provided to the Debtors by Cartus, a search of each of those criteria should have revealed that Grace requested the services provided by Cartus, that Cartus provided those services, and that Cartus invoiced Grace for those services. Even if the Debtors did search their records according to all of those criteria (and any other reasonable criteria) and failed to locate the aforementioned information, that failure would tend to show that the Debtors' books are unreliable.

17. The Declaration therefore is deficient, and dooms the Objection as improperly and insufficiently documented, and presumptively unreasonable and unreliable. Accordingly, the Objection fails to meet the simple and straightforward standard required of a "books and records" proof of claim objection, and must be dismissed.

C. *Because the Debtors' Sole Ground for This Substantive Objection is Unfounded, the Objection Should be Overruled, and Cartus' Claim Allowed*

18. Del. Bankr. L.R. 3007-1(f)(iii) provides that a substantive objection must include all substantive grounds for the objection. Consequently, as the Debtors' Objection is a substantive objection, and the only ground raised by the Debtors for their Objection is unfounded, the Debtors' Objection should be overruled, and Cartus' claim should be allowed.

19. To the extent that the Debtors reserves their "right to object in the future to" the Proof of Claim "on any ground" (Objection, ¶ 16), such reservation of rights is at odds with Del. Bankr. L.R. 3007-1(f)(iii). The Debtors have, therefore, exhausted their ability to object to the Proof of Claim on substantive grounds, and, having failed to meet their burden, are barred from coming before this Court again to assert newly-crafted substantive objections to the Proof of Claim. Thus, should the Debtors file a further substantive objection to the Proof of Claim, such a substantive objection would have to be overruled. See In re Stone & Webster, Inc., 335 B.R. 300, 302 (Bankr. D. Del. 2005) (noting that, prior to the Court's adoption of Del. Bankr. L.R. 3007-1(f)(iii) in September 2002, such reservation of rights was common practice, and allowing supplementation of a substantive objection filed prior to the adoption of Del. Bankr. L.R. 3007-1(f)(iii)).

WHEREFORE, because the Debtors have failed to provide evidence sufficient to overcome the presumption of validity that is afforded Cartus' claim, Cartus respectfully requests that (i) the Objection be overruled; (ii) Cartus' Proof of Claim be allowed; and (iii) that the Court grant such other relief as is just and proper.

Dated: January 3, 2007    **MORRIS JAMES LLP**

*Thomas M. Horan* (signature)
Carl N. Kunz, III (Bar No. 3201)
(PRIMARY CONTACT)
Thomas M. Horan (Bar No. 4641)
(PRIMARY CONTACT)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
E-mail: thoran@morrisjames.com

*Counsel for Cartus Corporation*

9

1501358/2