# **EXHIBIT D**

Westlaw.

Not Reported in B.R.  
Not Reported in B.R., 1994 WL 329328 (Bkrtcy.S.D.Ga.)  
(Cite as: Not Reported in B.R.)

Page 1

C  
In re WilliamsBkrtcy.S.D.Ga.,1994.Only the Westlaw citation is currently available.
United States Bankruptcy Court, S.D. Georgia, Savannah Division.
In re Bruce WILLIAMS, Lesa Gorman Williams, Debtors.
No. 92-50546.

March 30, 1994.

William R. Little, III, Waycross, Ga., for debtors.
Karrollanne K. Cayce, Savannah, Ga., for Chapter 13 Trustee.

*MEMORANDUM OPINION*  
JAMES D. WALKER, Jr., Bankruptcy Judge.

*1 This matter is before the Court on Objection To Deficiency Claim filed by Sylvia Brown, Chapter 13 trustee in this case. This objection requires an analysis of burdens of proof and persuasion in claim objection proceedings. For the reasons stated here, the trustee's objection is sustained.

*FINDINGS OF FACT*

Security Pacific Housing Services ("Security Pacific") held a security interest in the mobile home owned by Bruce and Lesa Williams ("Debtors"). The mobile home secured two claims, one of Thirteen Thousand Four Hundred and Four Dollars and Nineteen Cents ($13,404.19), and another of Four Hundred Nine Dollars and Thirteen Cents ($409.13). This Court entered an order on June 30, 1993, lifting the automatic stay and permitting Security Pacific to foreclose on its interest in the mobile home. Following the foreclosure, Security Pacific filed an amended unsecured deficiency proof of claim for Seven Thousand Nine Hundred Twenty-Two Dollars and Ninety-Nine Cents ($7,922.99). The amendment appears to relate to the larger of the two previous claims.

The Chapter 13 trustee filed an Objection to Security Pacific's deficiency claim on January 26, 1994, and a hearing was held on March 3, 1994. Security Pacific failed to respond to the trustee's objection and made no appearance at the hearing.

On March 12, 1993, the Debtors' Chapter 13 Plan was confirmed at a 36% dividend to unsecured creditors. The Debtors valued the mobile home at Eleven Thousand Dollars ($11,000.00) without objection from Security Pacific. The amended claim did not include any attachments as required by Bankruptcy Rule 3001(c). Consequently, nothing is known about the foreclosure of the mobile home that would aid in deciding whether the amount realized was reasonable. It is impossible to determine how the amended claim was calculated except to conclude that Security Pacific believes that a credit in the amount of the reduction was appropriate.

*CONCLUSIONS OF LAW*

Burden of proof allocations are governed by principles of fairness, common sense, and logic. "A guiding principle is to assign the burden to the 'party who presumably has peculiar means of knowledge enabling him to prove its falsity if it is false.' ". *First Nat. Bank v. Hurricane Elkhorn Coal Corp.*, 763 F.2d 188, 190 (6th Cir.1985) citing 9 J. Wigmore, Evidence in Trials at Common Law, § 2486 at 290 (rev. 1981). Such guiding principles are equally applicable to claim objection proceedings in bankruptcy cases.

A proof of claim is sufficient to establish prima facie proof of a valid debt for purposes of distribution of estate assets. *Whitney v. Dresser*, 200 U.S. 532 (1906); 11 U.S.C. § 502(a); Bankruptcy Rule 3001(f). The allegations of a proof of claim are taken as true if "... those allegations set forth all the necessary facts to establish a claim and are not self-contradictory ...". 3 Collier On Bankruptcy, ¶ 502.02, pp. 502-22-502.23 (15th Ed.1993). Therefore, the initial burden of persuasion rests upon the party objecting to the claim to come forward with sufficient evidence to defeat the allegations contained in the proof of claim. *Id.* The objecting party must produce evidence equal to the probative value of the proof of claim itself. *Id.* Although the burden of persuasion shifts, the burden of proof always rests upon the claimant. *Id.* Once the objector produces evidence equal to the weight given to the claim itself, the claimant must carry the burden of proof of demonstrating the validity of the claim by a preponderance of the evidence. *Id.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.
Not Reported in B.R., 1994 WL 329328 (Bkrtcy.S.D.Ga.)
**(Cite as: Not Reported in B.R.)**

Page 2

*2 This Court finds that the proof of claim filed by Security Pacific sets forth facts sufficient to prove a claim, and is not self-contradictory. Therefore, the burden of persuasion rests upon the trustee to show by "substantial evidence" or evidence equal to that of the proof of claim that Security Pacific's proof of claim is invalid. *Juniper Development Group v. Kahn (In re Hemingway Transport Inc.)*, 993 F.2d 915, 925 (1st Cir.1993) citing Norton Bankruptcy Law & Practice, Bankruptcy Rules at 191 (1992). This Court must decide what constitutes "substantial evidence".

The term "substantial evidence" is not defined by the *Juniper* court. Likewise there is no specific guidance in the Bankruptcy Code or Rules. However, it does appear that the amount of evidence necessary to rebut the prima facie showing of validity of a claim is not difficult to meet. *In re Schaumburg Hotel Owner Ltd. Partnership*, 97 B.R. 943 (Bankr.N.D.Ill.1989). To rebut the statutory presumption, the objector must show facts sufficient to demonstrate that an actual dispute exists regarding the validity or amount of the claim. *In re Hydorn*, 94 B.R. 608 (Bankr.W.D.Mo.1988).

Evidence can be measured both qualitatively and quantitatively. The evidentiary principle stated by the Sixth Circuit in the *Hurricane Elkhorn Coal* case requires that parties with unique knowledge regarding a claim should bear the burden of proof regarding the truth or falsity of such a claim. This principle is applicable to disputes regarding a proof of claim to the extent the Code or Rules do not explicitly require otherwise.

The amount of evidence available to an objector and the claimant respectively is a factor to be considered by the Court in determining if the objector has presented "sufficient evidence" to counter the presumption of validity given a proof of claim. If the claimant possesses knowledge regarding the claim which is not similarly available to the objector, and the claimant fails to appear or respond to the objector, the court may infer that the evidence which would be presented would not be favorable to the claimant. *C.f. Matter of Evangeline Refining Co.*, 890 F.2d 1312 (5th Cir.1989) (unexplained failure to call non-hostile witness with direct knowledge of the matter being developed by the party raises the inference that the testimony would be unfavorable). The principles of "fairness, common sense, and logic" advanced by the Sixth Circuit in *Hurricane Elkhorn Coal* favor this method of interpreting the "substantial evidence" requirement. To hold otherwise would allow a claimant to prevail over an objection merely by refusing to take part in the proceedings.

In the June 30, 1993, hearing on the trustee's objection, the trustee contended that 1) allowing Security Pacific's claim as filed would unreasonably diminish the dividend to unsecured creditors over the length of the plan; 2) the amount of the claim following the repossession and sale of the collateral was excessive; and 3) the sale was not conducted in a commercially reasonable manner. In order to substantiate her objection, the trustee pointed to the amount of the amended proof of claim, and urged that the amount of the new claim as compared to the original claim and the Debtors' valuation of the collateral indicated that the sale by the creditor was not conducted in a commercially reasonable manner. The trustee also cited applicable non-bankruptcy law that secured parties have the burden of showing the commercial reasonableness of a foreclosure sale. *Bryant v. General Motors Acceptance Corp.*, 184 Ga.App. 323, 324 (1987). Such a state law presumption is substantive, and must be applied by federal courts. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Security Pacific did not take part in the hearing, or respond to the trustee's objection.

*3 The Court finds that the trustee has met her burden. The mere fact that the trustee objected to the proof of claim is not sufficient to carry the trustee's burden. The failure of Security Pacific to produce evidence regarding the sale or to respond or provide any contrary evidence lends credibility to the trustee's contentions. *Matter of Evangeline*, supra. The evidence presented by the trustee regarding the amount of the amended proof of claim, considered together with the valuation of the collateral in the schedules and the state law presumptions regarding foreclosure sales constitutes evidence sufficient to overcome the statutory validity given to Security Pacific's claim. Security Pacific has failed to carry its burden of proof.

An order in accordance with this memorandum opinion will be entered.

### ORDER

In accordance with the memorandum opinion entered this date, it is hereby

ORDERED that the Objection To Deficiency Claim filed by the Chapter 13 trustee is hereby

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R. Page 3
Not Reported in B.R., 1994 WL 329328 (Bkrtcy.S.D.Ga.)
**(Cite as: Not Reported in B.R.)**

SUSTAINED.

SO ORDERED.

Bkrtcy.S.D.Ga.,1994.
In re Williams
Not Reported in B.R., 1994 WL 329328 (Bkrtcy.S.D.Ga.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.