IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 13980** |
| | | **Hearing Date: January 23, 2007, 8:30 a.m.** |
| | | **(in Wilmington, DE)** |

## DEBTORS' RESPONSE TO ANDERSON MEMORIAL HOSPITAL'S MOTION TO COMPEL DEPOSITION OF DEBTORS' RECORDS CUSTODIAN

Given the extent to which Anderson class certification matters have been narrowed, a class cannot possibly be certified, and a deposition of a Grace records custodian is unnecessary. Nonetheless, Dan Speights continues to seek a pointless records custodian deposition. This request and his Motion should be denied.

On October 30, 2006, the law firm of Speights & Runyan, representing Anderson Memorial Hospital, served on the Debtors extremely broad discovery -- including sixteen document requests, a 30(b)(6) deposition notice with eleven topics, and a notice for a deposition of a Grace records custodian on the topic of "all documents which refer to or relate to Anderson Memorial Hospital's lawsuit prior to the date the debtors filed their Petition for Reorganization." These broad, unfocused requests were served at a time when Anderson Memorial class certification issues have been substantially narrowed:

- *First*, the Court has made it clear that Anderson must meet Rule 23's requirements;

- *Second*, the record in this case and the rulings of this Court have further narrowed Anderson class issues, in two ways:

  - This Court has repeatedly rejected the central premise of the motion for class certification -- and Anderson Memorial's only argument in support of Rule 23's superiority requirement -- by finding unequivocally that

<s>

</s>

Grace's notice program was appropriate and resolved long ago. *See, e.g.*, 10/23/06 Tr. at 67; 8/21/06 Tr. at 274. Thus, the identities of all claimants who lodged property damage claims with this Court are known; and

- Through motion practice regarding lack of authority, limitations periods, and other issues, there are now only 628 PD claimants before this Court. And, each of these claimants is represented by counsel, including many counsel other than Dan Speights.

- *Third*, the class that was conditionally certified as to Grace was solely a class of South Carolina claimants. There are now only three (3) South Carolina PD Claims pending before this Court.[1]

On this record, Speights simply cannot satisfy Rule 23's superiority and numerosity requirements -- no matter what discovery he seeks from Grace. In light of these multiple ways in which Anderson class issues have been narrowed, a class cannot be certified and the records custodian deposition sought by Speights is both unnecessary and inappropriate.

Moreover, Speights plainly wants the records custodian deposition for the improper purpose of probing into the existence of privileged settlement communications and analyses in Grace's in-house and outside counsel files related to the *Anderson Memorial* lawsuit. Discovery into such settlement communications and counsel analysis is protected from discovery by Federal Rule of Evidence 408, as was discussed in the brief submitted by the Debtors on November 10, 2006 (Dkt. 13630). At the November 20 omnibus hearing, this Court agreed that information that is protected by Rule 408 cannot be subject to discovery because it is not admissible. Thus, permitting the records custodian deposition to proceed would turn into a fishing expedition for inadmissible settlement-related documents and would simply lead to objections to every question during the deposition.

---

[1] All three of the remaining South Carolina claims are Anderson Memorial claims: No. 9914 (Anderson Memorial Hospital, statewide South Carolina class claim), No. 9911 (Anderson Memorial Hospital "worldwide" class claim) and No. 11008 (Anderson Memorial Hospital individual claim). There are no other pending South Carolina claims.

For these reasons, as set forth more fully herein, the Debtors respectfully request that the Court deny Anderson Memorial's motion to compel a depositions of a Grace records custodian.

**FACTUAL BACKGROUND**

1. At the October 23, 2006 omnibus hearing, the Court stated that Speights' previously-served December 2005 Anderson Memorial discovery requests were overly broad and did not seek information pertinent to class certification requirements. 10/23/06 Tr. at 75-76. The Court directed Speights to narrow his requests and serve requests truly focused on class certification issues:

> Asking someone to give you everything they have related to a topic, I think, is simply a fishing expedition. And even the rules of discovery don't give you that much. I think you need to narrow this topic. . . . That request, Mr. Speights, is just overly broad. It would require the Debtor to go through every document in the Debtor -- in every file that the Debtor had since 1992. And I don't think the discovery rules require the Debtor to do that
>
> . . .
>
> So I think we respect to the discovery to the extent that the request is as broad as it is, I can't even see how it's calculated to lead to relevant admissible evidence because it's too broad. So I think you ought to narrow the scope, whether the Debtor raised that issue or not.

*Id.* at 76-78.

2. Speights did not do so. Instead, on October 30, 2006, he served extremely broad, non-tailored requests that once again seek "all documents" (except pleadings) in the Debtors' files on a host of issues that have no bearing on whether certification will advance the interests of these bankruptcy cases or whether the requirements of Rule 23 can be met given the fact that there are only 628 pending PD claims and only 3 South Carolina PD claims.

3. At the November 20, 2006 omnibus hearing, the Court directed Speights to articulate what element of class certification -- i.e., numerosity, commonality, typicality,

3

adequacy, superiority -- his discovery requests are related to. 11/20/06 Tr. at 53. The reasons for this were made clear: "My concern, Mr. Speights, is I want to make sure that what we're doing is discovery related to certification, not to something else. Not to merits. Not to something else. But to certification. So, if you tied it to an element, then at least it's tied to an element. That was the basis on which I went forward at the last hearing and what I thought was going to happen with your amended discovery request." *Id.* at 55.

4.      Speights has not articulated which, if any, element of class certification the records custodian deposition pertains to.

5.      On December 13, 2006 the Debtors served written responses and objections to each of Speights' sixteen document requests, no matter how broad and irrelevant they were. In these responses, specifically stated that, "for purposes of Anderson Memorial's class certification motion in this bankruptcy proceeding, Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy." Thus, Grace has taken adequacy issues off the table for purposes of resolving class certification in this bankruptcy case. As a result, no discovery is necessary regarding adequacy.

6.      Despite Grace providing to Speights individual responses to each of his document requests and withdrawing adequacy objections, Speights is still seeking to compel a records custodian deposition -- and still has not articulated how it is relevant to numerosity, commonality, typicality or superiority.

### ARGUMENT

I.   **The Documents At Issue in the Records Custodian Deposition Notice are Irrelevant to Class Certification**

7.      Speights seeks to compel a deposition of a Grace records custodian on the topic of "all documents which refer to or relate to Anderson Memorial Hospital's lawsuit prior to

4

the date the debtors filed their Petition for Reorganization." In support of his motion, Speights argues that a "deposition to determine the whereabouts of documents relating to the lawsuit at issue" can lead to the discovery of admissible evidence, and that "under no stretch of the imagination can the existence and whereabouts of documents invade any privilege." Motion at 4-5. Both of these statements plainly are false.

8. At the November 20 hearing, the Court specifically directed Speights to tie his requested discovery to some element of class certification. He has not done so -- and cannot do so -- with respect to this records deposition. The whereabouts of pre-bankruptcy documents relating to Anderson's lawsuit simply has no bearing on class certification.

9. Moreover, a records custodian deposition is unnecessary because, given the current posture of this bankruptcy case, Rule 23's requirements cannot be met no matter what the results of the deposition are.

10. To certify a class of claimants in a Chapter 11 case, a bankruptcy court must undertake a two-step analysis. *First*, to warrant class certification, the court must determine whether a class action "makes sense" and will advance the interests of the bankruptcy. *Second*, even if claimants can demonstrate that a class may be an acceptable way to proceed in a particular Chapter 11 case, the claimants must also satisfy the elements of Fed. R. Civ. P. 23 -- numerosity, commonality, typicality and adequacy of representation.

11. At the January 26, 2006 hearing, this Court recognized that "There are not that many claims left. I really just don't see that need for class certification in that sense." (1/26/06 Tr. at 75). At that time, after numerous objections had been resolved and hundreds of PD claims had been expunged, there were 959 pending PD claims. 1/25/06 Tr. at 8.

12. This Court recognized this again at the October 23, 2006 hearing: "I'm not sure where we're going, because I just can't see where the numerosity issue is going to be satisfied, even if all of the other elements of Rule 23 are met. I can't see how that's going to provide a benefit to this Estate to attempt to do that in a class method." 10/23/06 Tr. at 69-70. And again at the November 20 hearing: "I have articulated some concerns on the record, particularly with the numerosity issue. I'm concerned as to whether there is numerosity."

13. Now, as of January 2007, there are 628 pending PD claims (including only 166 U.S. Speights claims, 89 Canadian Speights claims and only 3 South Carolina claims) -- far fewer claims than in January 2006, when the Court initially recognized that the numerosity requirement for class certification cannot be met. It is even clearer now that the requirements of Rule 23 cannot be met, regardless of the "whereabouts" of any Grace documents.

## II.   The Documents At Issue in the Records Custodian Deposition Notice are Privileged.

14. The request seeks a deposition about documents that are protected by multiple privileges including but not limited to the attorney-client privilege and work product privilege. During the November 20 omnibus hearing, Speights himself made it absolutely clear that the reason he wants a deposition of a records custodian is to obtain privileged documents from Grace's counsel's files: "I believe that we are dealing with documents that, in all likelihood are in one of -- one, two, three places. Either in Boca Raton, Florida, where Grace's in-house counsel have managed the litigation for many years . . . I suspect that local counsel in South Carolina and Grace's national counsel Cahill Gordon in New York City probably have Anderson files, unless Grace asked them to be returned to them." 11/20/06 Tr. at 38.

15. This Court has already recognized that the Federal Rules do not permit discovery into information that is inadmissible because it is privileged: Rule 408 "deals with discovery in that discovery has to be calculated to lead to relevant and admissible evidence. And

if the evidence is not admissible because Rule 408 prohibits it from being used in evidence, then it can't be calculated to lead to relevant and admissible evidence. So, although it, itself, is an evidentiary rule, nonetheless there are implications for discovery purposes." *Id.* at 45.

16. For these reasons, a records custodian deposition regarding documents in the files of Grace's in-house and outside counsel -- which is expressly the discovery that Speights wants -- is simply not appropriate discovery. If allowed to proceed, it will inevitably be a fishing expedition for privileged materials that this Court has already made clear need not be produced.

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that their Motion for Protective Order be granted.

Dated: January 5, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Co-Counsel for Debtors and Debtors in Possession