## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | **Re:  Docket No. 14203** |
| | ) | |

## DEBTORS' REQUEST FOR EXPEDITED CONSIDERATION AND SUMMARY DENIAL OF CERTAIN ASBESTOS CLAIMANTS' FIRMS MOTION TO ALTER OR AMEND SUPPLEMENTAL ORDER REGARDING MOTIONS TO COMPEL CLAIMANTS TO RESPOND TO THE W.R. GRACE & CO. ASBESTOS PERSONAL INJURY QUESTIONNAIRE

The pending motion is plainly a request for reconsideration -- filed after almost two years of Questionnaire-related litigation and days before the Claimants' final supplementation of their responses are due.  The standard on such a motion is that it should not be granted unless necessary to "correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.*, 98 Fed. Appx. 78, 81 (3d Cir. 2004) (citations omitted). This standard does not mean that a party may simply move for reconsideration whenever it loses on an issue that it considers important. *See Hurst v. City of Rehoboth Beach*, 2006 WL 3366389, at *6 (D. Del. Nov. 21, 2006) ("A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.").  Rather, reconsideration is appropriate only where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)) (citations omitted).  No such circumstances are present here, nor do the law firms seeking reconsideration allege anything even close.

Although styled as a motion to alter or amend the Court's prior ruling, the law firms' motion is nothing more than an attempt to re-argue what this Court has considered and ruled on at least three times before:

- Grace's request for documents relating to the Claimants' diagnoses first was considered by the Court when it approved the Questionnaire in July 2005. *See* 7/19/05 Hr'g Tr. at 233-234. At that hearing, Stutzman, Bromberg, Esserman & Plifka, which brings this current motion on behalf of certain law firms, appeared and did not object to the Court requiring Claimants to attach documentation relating to their diagnosis on the grounds of a consulting expert privilege. *See id.* at 4, 229-234.

- In the context of Grace's motion to compel, the consultancy privilege issue was extensively litigated by the individual law firms. *See* 12/05/06 Hr'g Tr. at 102-188; *see also, e.g.,* 11/27/05 Joint Response of Foster & Sear, *et al.,* (Docket No.13805). Additionally, the Court heard over two hours of argument on this particular issue during the December 5, 2006 hearing concerning the motions to compel. *See* 12/05/06 Hr'g Tr. at 102-188.

- After the Motion to Compel hearing, the Court ordered further briefing on this specific issue. *See* 12/7/06 Order Granting In Part and Denying In Part W.R. Grace & Co.'s Motion for Reconsideration (Docket No. 13947). The Court then held a further telephonic hearing on the issue on December 19, 2006. *Notably*, at that hearing, the Court articulated its rulings -- namely, that doctors, B-readers or other medical professionals who perform initial Claimant screenings (irrespective of whether the Claimant had an attorney at the time of the screening) are not subject to the consulting expert privilege. *See* 12/19/06 Hr'g Tr. at 18-19. The Court's Order, which was issued ten days after the hearing, *simply memorialized* these rulings. At *no* time between the Court's oral ruling and the issuance of the Order, did any Claimants' firm file objection or seek reconsideration.

Despite the extensive consideration undertaken by the Court, the moving law firms seek to excise completely the two paragraphs that comprise the core of the Court's Order. *See* 1/2/07 Certain Asbestos Claimants' Firms' Motion to Alter or Amend Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire Pursuant to Fed. R. Bankr. P. 9023, Alternative Request for Entry of a Protective

Order, And Memorandum in Support Thereof at 4 (Docket No. 14203).[1]  The law firms argue, *yet again*, the position rejected by the Court -- that screenings were undertaken "in anticipation of litigation" and therefore documents generated at those screenings are entitled to near absolute protection. *Id.* at 5-7. This view is both contrary to the applicable law and blind to the factual realities of the screening mechanism. The Court's decision is fully supported by the factual record and the relevant law.

    While the Claimants would have the Court believe that the consulting expert protection applies so long as litigation was a glimmer in the eyes of a Claimant when he or she first saw a doctor, that is simply not the law. *See SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 483 (E.D. Pa. 2005) (citations omitted) (holding that a document is prepared in anticipation of litigation only where "the material [in question was] produced because of the prospect of litigation and *for no other purpose*") (emphasis added).   In this case, the Court properly perceived that the *fundamental* purpose of a person attending a screening is to determine if the person is sick. *See* 12/5/06 Hr'g Tr. at 138 ("If someone has seen a client for 'diagnostic purposes' ... I don't see how there is a consulting privilege."); 12/19/06 Hr'g Tr. at 18 ("[M]y concern was that that initial opportunity for the [Claimant] to try to find out whether the [Claimant] even has a medical condition at all was not subject to a consultant privilege."). Indeed, while they state that litigation was anticipated during the screenings, no law firm has alleged or even argued that the *sole* purpose of the screenings was for litigation. Thus, because they are, by their nature, intended to determine if individuals have a sickness and are not undertaken solely for the purpose of litigation, the Court, at paragraph 5 of the Order, properly

---

[1]    For the Court's convenience, the Claimants' Firms' Motion is attached as Exhibit A.

found that screenings for disease, whether or not there is an attorney-client relationship in place, are not protected by the consulting expert privilege.

The Court further recognized that an examination of a Claimant by a doctor, B-reader or other medical professional cannot be protected by the consulting expert privilege if there is no attorney-client relationship between the Claimant and the law firm asserting the privilege. 12/19/06 Hr'g Tr. at 18-20. As the Court stated, the mere fact that the attorneys may have been involved behind the scenes, recruiting the potential Claimants and paying for the screenings does not magically transform these diagnostic screenings into litigation consultations. *See id.* at 19 ("In many instances there isn't even an attorney-client relationship at that point in time, so I can't see how there can be an attorney-consultant relationship when there's no client as to which the attorney can consult at that point."); *see also* 12/12/06 (Corrected) Additional Brief in Support of W.R. Grace & Co.'s Motion to Compel Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire at 4-5 (Docket No. 14003) (describing manner in which screenings were conducted). The Court's Order, at paragraph 6, properly and accurately recites the Court's ruling concerning this issue.

The Court thus did not misapprehend the Claimants' firms' positions nor did it render a decision on a matter not at issue. Instead, the Court fully and properly considered the facts, the law and the parties' positions of the parties and rendered a decision that the Claimants' firms simply do not like. As such, the moving law firms have not met the high burden required for reconsideration and the Court should summarily deny the motion.[2]

---

[2]    The protective order proffered by the movants is inappropriate. While Grace obviously could live with an order that allows Grace to use the evidence freely in its own case, the movants are really asking the Court to issue an order which serves their collateral purposes and not the protection of any legal rights of the Claimants here. The Claimants have put their health issue in this litigation and, as in any other case, must recognize that this evidence may be more harmful to them in other cases, but that is not a matter appropriate for relief in this case,
(Continued...)

4

It is also critical that consideration of this facially-flawed motion be expedited, so as to protect the current Case Management Order, which was negotiated with the expectation and understanding that all information required by the Questionnaire, as ordered by this Court, would be received by January 12, 2007.

Wilmington, Delaware
Dated: January 5, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Ellen T. Ahern
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000


KIRKLAND & ELLIS LLP
Barbara M. Harding
David Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

---

any more than it would be appropriate for a court to issue a protective order for corporate documents because they might be damaging to a company in other litigation.

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

**Co-Counsel for the Debtors and Debtors-in-Possession**