# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Related to Docket No. 14150 |
| | ) | |

**CERTAIN ASBESTOS CLAIMANTS' FIRMS' MOTION TO ALTER OR
AMEND SUPPLEMENTAL ORDER REGARDING MOTIONS TO
COMPEL CLAIMANTS TO RESPOND TO THE W.R. GRACE & CO.
ASBESTOS PERSONAL INJURY QUESTIONNAIRE PURSUANT
TO FED. R. BANKR. P. 9023, ALTERNATIVE REQUEST FOR ENTRY
OF A PROTECTIVE ORDER, AND MEMORANDUM IN SUPPORT THEREOF**

By this motion (the "Motion") made pursuant to FED. R. BANKR. P. 9023,

certain law firms (collectively, the "Firms")[1] that each represent asbestos personal

injury claimants against W.R. Grace & Co. and its affiliated debtors (collectively,

"Grace") respectfully request that the Court alter or amend its "Supplemental Order

Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co.

Asbestos Personal Injury Questionnaire" (the "Order", Dkt. No. 14150) entered of

---

[1]   The Firms are Baron & Budd, P.C.; Foster & Sear, L.L.P.; The Law Offices of Peter G. Angelos,
      A Professional Corporation; LeBlanc & Waddell, LLP; Provost & Umphrey, LLP; Silber
      Pearlman, LLP; Weitz & Luxenberg, P.C.; and the Williams Bailey Law Firm, L.L.P., on behalf
      of the Claimants they represent.

Docket # _14203_
Date _1/2/2007_

record on December 22, 2006.[2] Alternatively, as set forth below, the Firms request entry of a protective order. Pursuant to FED. R. BANKR. P. 8002(b)(2), the timely filing of this Motion suspends the running of appellate deadlines with respect to the Order until this Motion (and any other motions of the types described in Rule 8002(b)), are disposed of. In connection therewith, the Firms would respectfully show the Court as follows:

## A. Introduction

1.      FED. R. BANKR. P. 9023 provides that "Rule 59 F.R.Civ.P. applies in bankruptcy cases under the [Bankruptcy] Code [subject to an exception not applicable here]." FED. R. CIV. P. 59(e) does not specify what constitutes permissible grounds for granting a motion to alter or amend a judgment, but the Third Circuit has held that the determination of such a motion is commended to the trial court's discretion and is subject to review only for an abuse of discretion. Thus, a trial court's decision and decision-making process with respect to a Rule 59(e) motion must be reasonable. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

2.      The Court will recall that the Firms (together with other law firms representing asbestos personal injury claimants represented by the Montgomery, McCracken firm) could not agree as to a form of order with respect to the Court's

---

[2]    The Motion is in the nature of a motion for reconsideration, the "functional equivalent" of a motion to alter or amend according to the Third Circuit. *Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1987)).

rulings pertaining to the consulting expert privilege. Accordingly, the firms collectively submitted a proposed form of supplemental order addressing that issue and Grace submitted a competing form of order. For its part, the Asbestos Claimants' Committee indicated that it would not oppose entry of the firms' proposed supplemental order, but that it would oppose entry of Grace's version.

3.    Numbered paragraph 1 of the Order addresses the consulting expert privilege and contains elements from both competing forms of order submitted, as well as original content supplied by the Court. Its text is set forth below. For ease of reference, the nine sentences that comprise the paragraph have been separately numbered. The alterations and amendments sought by this Motion are highlighted, with proposed deletions shown as "strike-throughs" and proposed additions bracketed in bold-faced italics. A proposed revised order, embodying the requested alterations and amendments, is attached hereto as Exhibit A.

> [1] Various Claimants objected to answering certain questions [contained in Grace's Claimant Questionnaire] on the ground that producing the responsive information would invade the consulting expert privilege set forth in Fed. R. Civ. P. 26(b)(4)(B).
>
> [2] Debtors' motion to compel with regard to such objections is GRANTED IN PART and DENIED IN PART.
>
> [3] The facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial ("[C]onsulting Experts") are not discoverable.
>
> [4] Debtors have not demonstrated the existence of exceptional circumstances which justify taking discovery of Consulting Experts at this time.

[5] ~~However, the Court finds that physicians, B-Readers, or other medial [sic] professionals who first "screened" a Claimant (that is, prior to the time that any other diagnosis of an asbestos-related disease or injury was sought or known) are not Consulting Experts.~~

[6] ~~Further, physicians, B-Readers and other medical professionals who examined a Claimant prior to the time an attorney-client relationship was established between the Claimant and the lawyer or law firm which asserts the privilege are not Consulting Experts.~~

[7] As to any information requested regarding those who are not Consulting Experts, no privilege applies and the responsive information with regard to such professionals shall be provided by Claimants.

[8] Consulting Experts ~~are~~ [*include, without limitation*] those solicited by the lawyer/law firm regarding a specific Claimant or that Claimant's medical documents [*substantially contemporaneously or*] after the lawyer/law firm had formed an attorney-client relationship with the specific Claimant.

[9] The privilege applies to Consulting Experts who are not identified as testifying experts and will be abrogated if, as and when said Consulting Expert is identified as a testifying expert.

4.    The Court is entirely correct, given Grace's failure to demonstrate the requisite "exceptional circumstances", that "facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial ('[C]onsulting Experts') are not

-4-

discoverable." Order ¶ 1, sentences 3 & 4. FED. R. CIV. P. 26(b)(4)(B) expressly so provides.[3]

5.      Rule 26(b)(4)(B), of course, prohibits discovery from consulting experts retained both before and after litigation is actually filed.  Indeed, the rule by its terms covers (i) experts retained "in anticipation of litigation" (*i.e.*, before the litigation commences) and also (ii) experts retained in "preparation for trial" (*i.e.*, after the litigation commences). FED. R. CIV. P. 26(b)(4)(B). Once an attorney is consulted and a lawsuit filed, any examination of a claimant by a medical expert is protected. If an attorney refers a client to a physician or other medical professional for examination, the "visit [to the doctor] occur[s] in anticipation of litigation and comes within the ambit of Rule 26(b)(4)." *Dominguez v. Syntex Labs., Inc.,* 149 F.R.D. 158, 160 (S.D. Ind. 1993). But the same protection is also available before a suit is filed when litigation is anticipated.

6.      The phrase "anticipation of litigation" appears in both Rule 26(b)(4) (pertaining to expert witnesses) and Rule 26(b)(3) (pertaining to general work product). It has been broadly construed in both contexts. There is no requirement

---

[3]   Rule 26(b)(4)(B) provides as follows:

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

that litigation be certain or definite, but only that there is a "prospect of litigation." *In re Sinking of Barge "Ranger I" Casualty Near Galveston, Tex. on May 10, 1979,* 92 F.R.D. 486, 489 (S.D. Tex. 1981); *see also Hercules, Inc. v. Exxon Corp,* 434 F. Supp. 136, 151 (D. Del. 1977) (construing the phrase "anticipation of litigation" under FED. R. CIV. P. 26(b)(3)). "The fact that litigation may still be a contingency" does not render a work product privilege inapplicable "if the prospect of litigation is identifiable." *Hercules, Inc.,* 434 F. Supp. at 151. In *Hickman v. Taylor,* the Supreme Court held that the work product doctrine protects the work of a lawyer made "with an eye toward litigation." *Hickman v. Taylor,* 329 U.S. 495, 512 (1947). There is no requirement that a specific claim have actually arisen at the time, so long as there is a prospect that litigation is possible. *In re Sealed Case,* 146 F.3d 881, 885-87 (D.C. Cir. 1998).

7.      Similarly, Rule 26(b)(4)(B) does not limit itself to any specific litigation, but instead protects the work of consulting experts "retained by a party in anticipation of *any* litigation." *Shipes v. BIC Corp.,* 154 F.R.D. 301, 309 (M.D. Ga. 1994) (emphasis added). The rule is not case specific. *Id.*

### B. Claimants Who Have Retained Counsel But Are Yet to Be Diagnosed with Asbestos-Related Disease or Injury Assuredly Anticipate Litigation within the Meaning of FED. R. CIV. P. 26(b)(4)(B)

8.      The most troublesome aspect of paragraph 1 of the Order is embodied in the fifth and sixth sentences thereof, as to which deletion is sought by way of this

Motion. They provide as follows:

> [5] However, the Court finds that physicians, B-Readers, or
> other medial [sic] professionals who first "screened" a Claimant
> (that is, prior to the time that any other diagnosis of an
> asbestos-related disease or injury was sought or known) are
> not Consulting Experts. [6] Further, physicians, B-Readers
> and other medical professionals who examined a Claimant
> prior to the time an attorney-client relationship was
> established between the Claimant and the lawyer or law firm
> which asserts the privilege are not Consulting Experts.

Order ¶ 1, sentence 5. With these sentences, the Court declares that an
undiagnosed Claimant who consults with counsel prior to being screened is
incapable of anticipating litigation, a proposition that conflicts with Rule
26(b)(4)(B). Under the rule, litigation *can* be anticipated *before* an initial diagnosis
is obtained. What better indication is there that a Claimant anticipates litigation
than his decision to consult with counsel prior to consulting with a medical
professional (*i.e.*, submitting to a "screening")? The Order embodies an
inappropriately narrow construction of "anticipation of litigation" that would have
the effect of narrowing the ambit of the privilege contemplated by Rule 26(b)(4)(B).

9.    Based on the Order, it appears the Court believes, as a matter of law,
that undiagnosed Claimants – *even those who have engaged legal counsel* – are
incapable of anticipating eventual litigation. Under Rule 26(b)(4)(B), of course, if
litigation *is* anticipated the inquiry ends, and any consultation with an expert is
within the coverage of the consulting expert privilege unless the Claimant later
indicates that the consultant will testify.

-7-

10.    It is an acknowledged fact that millions of Americans have been exposed to asbestos.[4] It is also widely known that the deleterious effects of asbestos exposure are compounded by unusually long latency periods associated with various asbestos diseases.  An individual may not become ill until 40 years after initial exposure.  *See Kane v. Johns-Manville Corp.*, 843 F.2d 636, 639 (2d Cir. 1988). Many peoples' life experiences have made their exposure to toxic asbestos likely and, in many instances, a virtual certainty – raising the very real prospect of eventual illness or even death.  Such experiences include, without limitation, known occupational exposure, work history in industries where asbestos use is (or was) prevalent, present or former co-workers falling victim to asbestos diseases, relevant military experience, and sharing a household with someone exposed to asbestos. Many such people can and do reasonably and prudently anticipate litigation *prior* to being diagnosed with asbestos disease.  That is why many of them consult with counsel during the latency period of their afflictions (*i.e.*, prior to their diagnoses).[5] Given the history of asbestos disease and asbestos litigation in this country, can anyone credibly assert that there is no prospect of litigation for these people? Indeed, how can a person who has been exposed to asbestos more demonstrably

---

[4]    A report commissioned by the Chief Justice of the United States in 1990 acknowledged that asbestos exposure was "inflicted upon millions of Americans" and that the death toll could reach as many as 265,000 by the year 2015.  *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 598 (1997) (quoting Report of The Judicial Conference Ad Hoc Committee on Asbestos Litigation 2-3 (Mar.1991)).

[5]    Many unions, for example, have acquainted their members with the risks and realities of asbestos exposure and sponsor medical screenings for vulnerable populations of their members.

convey his anticipation of the prospect of litigation than by retaining a personal injury attorney?

### C. Even Unrepresented Claimants Yet to Be Diagnosed with Asbestos-Related Disease or Injury Can Anticipate Litigation within the Meaning of FED. R. CIV. P. 26(b)(4)(B)

11.      Even for undiagnosed Claimants who stoically "wait out" the latency period before engaging counsel, periodic consultation with medical professionals prior to diagnosis (*i.e.*, participating in some manner of "screening") furthers two salutary objectives. Such Claimants pro-actively monitor their physical well-being and, just as importantly, maintain an appropriately high degree of vigilance concerning avenues of recourse should asbestos-related illness eventually strike. There is no requirement in Rule 26(b)(4)(B) that an attorney engage the consulting expert on behalf of a client – only that the consultant be "retained or specially employed ... in anticipation of litigation ... ." FED. R. CIV. P. 26(b)(4)(B); *see Otto v. Box U.S.A. Group, Inc.,* 177 F.R. D. 698, 699 ("[A] plaintiff who creates work-product material before hiring an attorney is still permitted to take advantage of the work-product doctrine.").

12.      As worded, however, the Order presumes that there is a requirement that counsel engage the consultant on a client's behalf. The eighth sentence of paragraph 1 of the Order provides that "Consulting Experts are those solicited by the lawyer/law firm regarding a specific Claimant or that Claimant's medical documents after the lawyer/law firm had formed an attorney-client relationship with the specific Claimant." Order ¶ 1, sentence 8.  Modification of the eighth

sentence is sought because, as currently worded, it curtails the scope of the privilege codified in Rule 26(b)(4)(B). The Firms propose two changes. First, the Firms would ask the Court to substitute the phrase "include, without limitation" for the word "are" where it appears in the eighth sentence. Second, the Firms ask the Court to insert the phrase "substantially contemporaneously or" prior to the word "after" where it appears in the sentence. As so modified, the sentence would read as follows:

> Consulting Experts include, without limitation, those solicited by the lawyer/law firm regarding a specific Claimant or that Claimant's medical documents substantially contemporaneously or after the lawyer/law firm had formed an attorney-client relationship with the specific Claimant.

These modifications are proposed so as to harmonize the Order with the underlying rule by properly recognizing that, while counsel may engage a Consulting Expert on a client's behalf, there is no such requirement in Rule 26(b)(4)(B) for the consulting expert privilege to be operative.

### D. <u>Alternatively, the Entry of a Protective Order Is Warranted</u>.

13.    In the alternative, if the Court denies this Motion or declines to grant any portion of the relief sought herein, a protective order preserving the confidentiality of the information that will be produced should be entered. The information regarding consulting experts is held by the firms in confidence and is not disclosed to adverse parties unless the consultant is designated as a testifying

expert. The Firms have previously provided sworn evidence of this to the Court.[6]

14.    If such information were produced without protection in this case, it may become available to insurance companies who are currently defending other cases in the tort system. Adverse insurers are certainly not intended beneficiaries of the Court's rulings on Grace's motions to compel. Accordingly, if the Court requires the production of such confidential information, the Court should enter an order limiting its use to Grace in this case only, and prohibiting the release of such information to any other party and/or its use in any other case or proceeding.

## Conclusion

For the reasons stated, the Firms respectfully pray that the Court alter or amend its Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire" entered of record

---

[6]    *See e.g.,* Declaration of Colin Moore of Provost & Umphrey Law Firm, LLP, attached as Exhibit C to the Combined Response of Foster & Sear, *et al.,* to the Debtors' Motion to Compel, etc. [Dkt. No. 13805]. ("In many of our litigation cases, including the cases currently pending against Debtors, our client, or my law firm on behalf of our client, has retained or specially employed physicians or other medical professionals as expert witnesses in anticipation of litigation or preparation for trial, and who are not expected to be called as witnesses at trial (a "Consulting Expert"). In such cases we do not disclose the identity, opinion, reports or materials of the Consulting Expert(s) to the adverse party in such litigation, but instead hold such information in confidence. The facts known to and opinions of Consulting Experts are not required to be disclosed, as a matter of law and fundamental jurisprudence, in all of the jurisdictions where the cases are pending."); *see also,* attached to Dkt. No. 13805, Declarations of (i) Scott Wert of Foster & Sear [Exh. A]; (ii) Robert Shuttlesworth of Williams Bailey Law Firm, L.L.P. [Exh. B]; (iii) Armand J. Volta, Jr. of The Law Offices of Peter G. Angelos, A Professional Corporation [Exh. D]; Natalie Duncan of Baron & Budd, P.C. [Exh. E]; (iv) Jeffrey A. O'Connell of Silber Pearlman, LLP [Exh. F]; and (v) Cameron Waddell of LeBlanc & Waddell, LLP; and Declaration of Arthur Luxenberg of Weitz & Luxenberg, attached as Exh. B to Dkt. No. 13819.

-11-

on December 22, 2006 as docket item 14150 by deleting the fifth and sixth

sentences from numbered paragraph 1 thereof and by modifying the eighth

sentence of such paragraph as described above.  Should the Court decline to grant

the requested relief, a protective order preserving the confidentiality of the

consulting expert information should be entered as described above.

Dated: January 2, 2007

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

**COUNSEL FOR VARIOUS FIRMS**
**REPRSENTING ASBESTOS CLAIMANTS**


/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)

**THE HOGAN FIRM**

1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone:  (302) 656-7540
Facsimile:  (302) 656-7599
E-mail:  dan@dkhogan.com

**LOCAL COUNSEL FOR VARIOUS FIRMS**
**REPRSENTING ASBESTOS CLAIMANTS**

-12-

# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Re: Docket Nos. 13619-13622, |
| | ) | 13624-13628, 13703, 13704 & 14150 |
| | ) | |
| | ) | |

### REVISED SUPPLEMENTAL ORDER REGARDING MOTIONS
### TO COMPEL CLAIMANTS TO RESPOND TO THE
### W.R. GRACE & CO. ASBESTOS PERSONAL INJURY QUESTIONNAIRE

The parties to this proceeding submitted a Joint Order which the Court has entered ("the Main Order") as to all issues on which they have agreed, save for two issues. The Court entered a "Supplemental Order" (Docket No. 14150) on December 22, 2006, as to these two issue.

Upon further consideration of the various Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire (Docket Nos. 13619-13622, 13624-13628, 13703 & 13704), all oppositions and responses thereto, all relevant papers and filings, and all argument on the Motions, including Certain Asbestos Claimants' Firms' Motion to Alter or Amend Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire Pursuant to Fed. R. Bankr. P. 9023, Alternative Request for Entry of a Protective Order, and Memorandum in Support Thereof,

IT IS HEREBY ORDERED this _____ day of _____, 2007, that the Supplemental Order is hereby withdrawn and this Revised Supplemental Order altering and amending the Supplemental Order is substituted therefor.

Page 1 of 3

F:\GG\X\XX001-0002\Briefing\Proposed Order

IT IS FURTHER ORDER that:

1.      Various Claimants objected to answering certain questions on the ground that producing the responsive information would invade the consulting expert privilege set forth in Fed. R. Civ. P. 26(b)(4)(B).  Debtors' motion to compel with regard to such objections is GRANTED IN PART and DENIED IN PART.  The facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial ("Consulting Experts") are not discoverable.  Debtors have not demonstrated the existence of exceptional circumstances which justify taking discovery of Consulting Experts at this time.  As to any information requested regarding those who are not Consulting Experts, no privilege applies and the responsive information with regard to such professionals shall be provided by Claimants.  Consulting Experts include, without limitation, those solicited by the lawyer/law firm regarding a specific Claimant or that Claimant's medical documents substantially contemporaneously or after the lawyer/law firm had formed an attorney-client relationship with the specific Claimant. The privilege applies to Consulting Experts who are not identified as testifying experts and will be abrogated if, as and when said Consulting Expert is identified as a testifying expert.

2.      Nothing in this Order or in the Main Order addresses objections that have not been raised, briefed and/or argued as noticed on any omnibus or ancillary hearing agenda related to this Order.  However, the rulings of the court in this Order and in the Main Order apply to all Claimants who had notice of the Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personnel Injury Questionnaire and to the Asbestos Claimants Committee and the Future Claims Representative, both of which actively participated in the briefing and/or argument on this matter.

Page 2 of 3

_____

Judith K. Fitzgerald
United States Bankruptcy Judge

F:GG\X\XX001-0002\Briefing\Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF)<br>Jointly Administered |
| Debtors. | Re: Docket Nos. 13619-13622,<br>13624-13628, 13703, 13704 & 14150 |

**REVISED SUPPLEMENTAL ORDER REGARDING MOTIONS
TO COMPEL CLAIMANTS TO RESPOND TO THE
W.R. GRACE & CO. ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

The parties to this proceeding submitted a Joint Order which the Court has entered ("the Main Order") as to all issues on which they have agreed, save for two issues. The Court entered a "Supplemental Order" (Docket No. 14150) on December 22, 2006, as to these two issue.

Upon further consideration of the various Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire (Docket Nos. 13619-13622, 13624-13628, 13703 & 13704), all oppositions and responses thereto, all relevant papers and filings, and all argument on the Motions, including Certain Asbestos Claimants' Firms' Motion to Alter or Amend Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire Pursuant to Fed. R. Bankr. P. 9023, Alternative Request for Entry of a Protective Order, and Memorandum in Support Thereof,

IT IS HEREBY ORDERED this _____ day of _____, 2007, that the Supplemental Order is hereby withdrawn and this Revised Supplemental Order altering and amending the Supplemental Order is substituted therefor.

Page 1 of 3

IT IS FURTHER ORDER that:

1.      Various Claimants objected to answering certain questions on the ground that producing the responsive information would invade the consulting expert privilege set forth in Fed. R. Civ. P. 26(b)(4)(B).  Debtors' motion to compel with regard to such objections is GRANTED IN PART and DENIED IN PART.  The facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial ("Consulting Experts") are not discoverable.  Debtors have not demonstrated the existence of exceptional circumstances which justify taking discovery of Consulting Experts at this time.  As to any information requested regarding those who are not Consulting Experts, no privilege applies and the responsive information with regard to such professionals shall be provided by Claimants.  Consulting Experts include, without limitation, those solicited by the lawyer/law firm regarding a specific Claimant or that Claimant's medical documents substantially contemporaneously or after the lawyer/law firm had formed an attorney-client relationship with the specific Claimant. The privilege applies to Consulting Experts who are not identified as testifying experts and will be abrogated if, as and when said Consulting Expert is identified as a testifying expert.

2.      Nothing in this Order or in the Main Order addresses objections that have not been raised, briefed and/or argued as noticed on any omnibus or ancillary hearing agenda related to this Order.  However, the rulings of the court in this Order and in the Main Order apply to all Claimants who had notice of the Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personnel Injury Questionnaire and to the Asbestos Claimants Committee and the Future Claims Representative, both of which actively participated in the briefing and/or argument on this matter.

Page 2 of 3

F:\GG\X\XX001-0002\Briefing\Proposed Order

_____
Judith K. Fitzgerald
United States Bankruptcy Judge