IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.,* | ) Case No. 01-01139 (JFK) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: D.I. 14062 |
| | ) Hearing Date: January 23, 2007 @ 8:30 a.m. |
| | ) Objection Deadline: January 5, 2007 @ 4:00 p.m. |

**DEL TACO, INC.'S RESPONSE TO DEBTORS' OBJECTIONS
TO CERTAIN CLAIMS FILED BY DEL TACO, INC.
AND WILLIAM C. BAKER, *ET AL.***

Del Taco, Inc. ("Del Taco") respectfully submits the following response to the Debtors' "Objection to Certain Claims Filed by Del Taco, Inc. and William C. Baker, *et al.*" (the "Objection") [D.I. 4062]:

**<u>Jurisdiction</u>**

1. Del Taco admits that this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Del Taco contends that this Court should abstain from hearing this proceeding because there is presently pending before the Superior Court for the County of Orange, State of California, a lawsuit entitled *William C. Baker, et al. v. W.R. Grace & Co., et al.,* Case No. 758512, which raises all, or substantially all, of the issues raised by the Objection, which case has been substantially litigated before that court and can be timely adjudicated by that court. Further, liquidation of this claim objection will be governed by non-bankruptcy law. Del Taco, therefore, intends to file a timely motion before this Court seeking to have this Court abstain

from exercising its jurisdiction over this proceeding and an order modifying the automatic stay so that the claims at issue herein can be liquidated by the Orange County Superior Court.

### Burden of Proof

3.      As noted by <u>Collier</u>:

> The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure 3001(f) and Code section 502(a).  Unless the trustee, as objector, introduced evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim.

4 <u>Collier on Bankruptcy</u> (15th ed. rev. ) ¶ 502.02[3][f].   Here, the Objection does not contend that any of the proofs of claim at issue were improperly filed and the Objection does not include any evidence bearing on the validity of the proofs of claim to which it is directed.   Therefore, the Objection must be overruled because the Debtors have failed to satisfy their burden of proving the invalidity of the claims placed at issue by the Objection.

### Background Facts

4.      For at least 10 years prior to 1977, Del Taco, Inc. had engaged in the business of owning and operating for its own account, and franchising, fast food restaurants featuring Mexican dishes.

5.      In 1977, Del Taco, Inc. and DTG, Inc. entered into a "Conveyance Agreement." pursuant to which, among other things:

(a)      Del Taco, Inc. granted the right to use the Del Taco tradename, trademark and system to DTG, Inc.;

(b)     DTG, Inc. licensed the right to use the Del Taco tradename, trademark and system to Del Taco, Inc. in areas other than the "Domestic Territory";[1]

(c)     DTG, Inc. agreed to pay Del Taco, Inc. a fee equal to 1% of the Gross Receipts of "Company Stores" in the Domestic Territory (the "Article 3 Fee");

(d)     W.R. Grace & Co. ("Grace") agreed to guarantee DTG, Inc.'s obligations under the Conveyance Agreement;

(e)     Del Taco, Inc. reserved the right to open new restaurants in the Domestic Territory in the event that DTG, Inc. failed to open a minimum number of restaurants in the Domestic Territory within a specified period of time (the "Article 4 Option"); and

(f)     DTG, Inc.'s right to assign its rights under the Conveyance Agreement was restricted and, to the extent that DTG, Inc. was permitted to assign its rights under the Conveyance Agreement, (i) any assignee was required to assume DTG's obligations under the Conveyance Agreement and (ii) Grace's guarantee of those obligations was required to remain in full force and effect.

The purpose of the provisions noted at paragraphs 5(d)-(f), above, was to ensure that Del Taco, Inc. received the percentage fee on the Gross Receipts of all restaurants opened in the Domestic Territory, other than restaurants that it opened pursuant to the Article 4 Option, and to permit Del Taco, Inc. to open restaurants by exercising the Article 4 Option in the event that DTG, Inc. failed to open a substantial number of restaurants within a specified time period.

6.     Creative Food N' Fun Company is the successor to DTG, Inc. under the Conveyance Agreement.

---

[1]     The "Domestic Territory" consisted, essentially, of the United States, other than California and Yuma, Arizona.

7.    In 1978, Del Taco, Inc. sold a one-fifth interest in its right to receive the Article 3 Fee, other than the first $300,000 in each year, to each of William Baker ("Baker"), Kendall Simpson ("Simpson"), Bradford Miller ("Miller"), Montgomery Fisher ("Fisher") and Eber Jaques ("Jaques") (the "1978 Assignment").

8.    In 1979, Del Taco, Inc. transferred a one-fifth interest in its remaining rights to the Article 3 Fee, as well as its right to exercise the Article 4 Option, to each of Baker, Simpson Miller, Fisher and Jaques (the "1979 Assignment").    Creative was notified of the foregoing assignment by letter dated April 27, 1979.[2]

9.    Following the 1979 Assignment, Jaques and Miller each transferred one-half of their interests under the 1978 Assignment and the 1979 Assignment to their former wives, Marilyn Rea ("Rea") and Sharon Ormsbee ("Ormsbee").

10.    In 1988, the then shareholders of Del Taco, Inc., Baker, Simpson, Jaques, Miller, Wayne Armstrong and John Crofton sold their shares of stock in Del Taco, Inc. to AWR II Acquisition Corporation ("AWR") pursuant to the terms and conditions of an "Agreement and Plan of Merger" (the "Merger Agreement").    Del Taco, Inc. was then merged into AWR, which then changed its name to Del Taco, Inc., the holder of the claims to which this proceeding relates.    The assignment of the Article 4 Option pursuant to the 1979 Assignment was not disclosed in the Merger Agreement and the assignment of the Article 4 Option pursuant to the 1979 Assignment was inconsistent with certain of the representations and warranties made by the sellers to AWR in the Merger Agreement.    Therefore, AWR, now Del Taco, was unaware of the

---

[2]    A copy of that letter is attached as Exhibit 5 to Claim Nos. 13942, 13943 and 13944, which are attached to the Objection.

1978 Assignment and the 1979 Assignment when it assumed operation of Del Taco's business following the merger.

11.     In 1992, Del Taco and Creative entered into a Modification and Purchase Agreement (the "Modification Agreement") pursuant to which, among other things:

(a)     Del Taco (which continued to be unaware of the assignment of the Article 4 Option to Baker, Simpson, Miller, Fisher, Jaques, Ormsbee and Rea) purported to exercise the Article 4 Option;

(b)     Del Taco and Creative purported to amend the payments due from Del Taco to Creative under the Article 4 Option;

(c)     Creative agreed to indemnify Del Taco against certain claims; and

(d)     Grace guaranteed Creative's obligations to Del Taco under the Modification Agreement.

12.     In 1994, Del Taco filed an action against Baker, Jaques, Miller, Fisher, Ormsbee and Rea (the "Baker Parties"), and Creative, styled *Del Taco, Inc. v. Baker, et al.,* Superior Court for the County of Orange, State of California, Case No. 73 01 52 ("Baker 1"), seeking a declaration regarding its obligation to pay the Article 3 Fee to the Baker Parties.  That action ended in a summary judgment determining that Del Taco was not obligated to pay the Baker Parties the Article 3 Fee with respect to any restaurants that it might open.  That judgment, which is now final, did not adjudicate Creative's obligation to pay the Article 3 Fee on account of restaurants operated by Del Taco or Del Taco's franchisees, or Grace's obligations as guarantor of Creative's obligations.

13.    In 1996, the Baker Parties filed a suit against Grace, Creative and Del Taco, styled *Baker, et al. v. Grace, et al.,* Superior Court for the County of Orange, State of California, Case No. 758512 ("Baker 2"). That suit alleged, among other things, that:

(a)    Creative and Grace had failed to pay all of the Article 3 Fees due to the Baker Parties;

(b)    Creative and Del Taco had breached their obligations under the Conveyance Agreement that had been assigned to the Baker Parties by entering into the Modification Agreement; and

(c)    Del Taco and Creative had interfered with the Baker Parties' contractual right to obtain the Article 3 Fee by purporting to exercise the Article 4 Option in the Modification Agreement.

14.    Among other relief, the complaint in Baker 2 sought:

(a)    Damages equal to amounts due for the Article 3 Fee;

(b)    Damages for Defendants' alleged interference with the Baker Parties' right to receive the Article 3 Fee as a result of the Modification Agreement; and

(c)    A declaration as to the Baker Parties' right to receive the Article 3 Fee in the future.

15.    On March 11, 1997, the Superior Court granted Creative's and Grace's motions for summary judgment in Baker 2, determining that all of the Baker Parties' claims, other than the claim for tortious interference, were barred by the judgment in Baker 1 and that the claim for tortious interference was barred by the applicable statute of limitations. On May 3, 2000, the California Court of Appeal reversed the judgment, holding that the judgment in Baker 1 was limited to a determination of Del Taco's obligation to the Baker Parties, not Creative's

obligations. The Court of Appeal, however, "affirm[ed] summary adjudication" as to the Superior Court's determination that the tortious interference claim was barred by the statute of limitations.[3]

16.    On September 11, 1998, during the pendency of the Baker Parties' appeal from the judgment in favor of Creative and Grace, Del Taco filed its own motion for summary judgment in Baker 2. Like Creative and Grace's motion, that motion was granted by the Superior Court and the judgment resulting from that motion was appealed by the Baker Parties to the Court of Appeal. On November 8, 2001, the Court of Appeal reversed the judgment in Del Taco's favor. Relying upon the case of <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 90 Cal. App. 4th 902, 109 Cal. Rptr. 2d 417 (2001), which had been decided after the decision on the appeal from the judgment in favor of Creative and Grace, the Court of Appeal determined that factual issues existed as to whether the statute of limitations had run on the Baker Parties' tortious interference claim and reversed the judgment in Del Taco's favor on that claim.[4]

17.    On April 2, 2001, after Baker 2 had been pending for nearly four and one-half years, Creative and Grace commenced their bankruptcy cases by filing voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), staying the prosecution of that case as to Creative and Grace.

18.    On March 31, 2003, the claims bar date in this bankruptcy case, Del Taco and the Baker Parties filed the proofs of claim that are at issue in the Objection. Del Taco filed two proofs of claim, one against Creative, based upon its indemnity obligations under the

---

[3]    A copy of the Court of Appeal's decision on the Baker Parties' appeal from the judgment entered in favor of Creative and Grace is attached hereto as Exhibit 1.

[4]    Subsequent to the Court of Appeal decision involving the judgment in favor of Del Taco, the California Supreme Court granted review in the <u>Korea Supply</u> case and the Court of Appeal decision in that case was superseded by the California Supreme Court's opinion. <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29 (2003).

Modification Agreement, (Claim No. 14648) and one against Grace, based upon its guaranty of Creative's obligations under the Modification Agreement (Claim No. 13964).  The Baker Parties filed three proofs of claim, against Del Taco Restaurants, Inc. (Claim No. 13942), Creative (Claim No. 13943) and Grace (Claim No. 13944).  The Baker Parties' claims seek relief as pled in their complaint in Baker 2.

19.    On September 6, 2005, Del Taco and the Baker Parties entered into a Settlement Agreement pursuant to which, among other things:

(a)    The Baker Parties released their claims against Del Taco;

(b)    The Baker Parties assigned their rights under Claim Nos. 13942, 13943 and 13944 to Del Taco; and

(c)    Del Taco paid the Baker parties the sum of $15,250,000.

### Duplicative Claims Objection

20.    As noted in the Objection, Del Taco filed a claim against Creative based upon its indemnity obligations under the Modification Agreement (Claim No. 14648) and a claim against Grace based upon its guaranty of those obligations (Claim No. 13964).  The Objection seeks an order disallowing Del Taco's claim against Creative as duplicative of its claim against Grace based upon two arguments.

21.    First, the Objection asserts that the claim is properly asserted only as against Grace, as Grace is the Debtors' operating corporation and Creative is a "non-operating shell corporation with little to no assets."  The fact that Creative may or may not have sufficient assets to pay a substantial dividend on account of Claim No. 14648, or that Creative may or may not presently be engaging in any business activities, is immaterial to whether or not Claim No. 14648 states a valid claim against Creative.  Creative's primary obligation under the

Modification Agreement is a separate obligation from Grace's guarantee of that obligation. Therefore, while Del Taco may not ultimately receive a substantial dividend on account of Claim No. 14648 due to Creative's insolvency, the fact that Grace may have guaranteed Creative's obligation is not a reason for disallowing Del Taco's claim against Creative.

22.     Second, the Objection also asserts that that Del Taco's claim against Creative should be disallowed as duplicative because the "Debtors anticipate that the Plan will provide for the substantive consolidation of all of the Debtors for purposes of the Plan." This Court has not yet approved a plan of reorganization in this case, let alone a plan providing for the substantive consolidation of Creative's and Grace's bankruptcy estates.    Accordingly, the Debtors' anticipation of such a plan, or how that plan may treat claims where one of the consolidated estates guaranteed the obligations of another one of the consolidated estates, is sheer speculation that cannot support the disallowance of Del Taco's claim against Creative.

23.     As noted above, the Baker Parties filed three proofs of claim, Claim No. 13942 against Del Taco Restaurants, Inc., Claim No. 13943 against Creative and Claim No. 13944 against Grace. The Objection seeks the disallowance of the claims against Del Taco Restaurants, Inc. and Creative based upon the same rationale as it seeks the disallowance of Del Taco's Claim against Creative.    That objection should be overruled for the same reasons as it should be overruled as to Del Taco's claim against Creative.

## Substantive Objections

### The Del Taco Claims

24.     The Objection concedes that Del Taco is entitled to a claim, to the extent of its litigation costs related to Baker 1.  *See*, Objection at ¶ 18.  Therefore, to that extent, at least, the Objection should be overruled.

25.    The Objection should also be overruled as it misconstrues the scope of Creative's

indemnity obligations under the Modification Agreement and the basis of Del Taco's settlement

with the Baker Parties.

26.    The Modification Agreement obligates Creative to:

> indemnify and hold harmless [Del Taco] . . . from and against any
> and all Losses arising from or out of or with respect to litigation
> commenced in any federal or state court in which [Del Taco] is a
> defendant, claiming liability for amounts allegedly payable under
> Section 3.01 of the Conveyance Agreement.[5]

Modification Agreement, ¶ 8(a).    This provision obligates Creative to indemnify Del Taco

against the sums paid under its Settlement Agreement with the Baker Parties for two reasons.

27.    First, the above quoted provision of the Modification Agreement merely requires

that the litigation giving rise to the indemnity claim seek to recover "amounts allegedly payable

under Section 3.01 of the Conveyance Agreement."    It does not require that a contractual

obligation to pay the Article 3 Fee required by Section 3.01 of the Conveyance Agreement

constitute the legal basis upon which such amounts are sought.    The Baker Parties' damage

theory as to Del Taco in Baker 2 was that the Modification Agreement interfered with the Baker

Parties' rights to the Article 3 Fee due under Section 3.01 of the Conveyance Agreement, giving

rise to a claim for the amounts otherwise payable under that section.    As a result, those claims are

within the scope of Creative's indemnity obligation.

28.    Second, it is indisputable that the Baker Parties claimed in Baker 2 that Creative

and Grace were liable for amounts allegedly payable under Section 3.01 of the Conveyance

Agreement and that the claims that Del Taco compromised in the Settlement Agreement were

---

[5]    The Modification Agreement defines "Losses" as all "losses, claims, damages, liabilities and expenses,
including (but without limiting the generality of the foregoing) reasonable attorneys' fees and other legal
expenses." Modification Agreement at ¶ 8(a).

claims "arising from or out of or with respect to" that litigation. Thus, whether or not there was any connection between the measure of damages sought to be recovered from Del Taco and the amounts otherwise payable under Section 3.01 of the Conveyance Agreement, because the settlement was made with respect to litigation in which Del Taco was a defendant and which claimed liability for amounts allegedly payable under Section 3.01 of the Conveyance Agreement, the settlement payment falls within the scope of Creative's indemnity obligation.

### The Baker Parties' Claims

#### Tortious Interference

29.    The Objection asserts that the Baker Parties' claim for tortious interference with contract should be disallowed for two reasons: (a) it is barred by the doctrine of res judicata and (b) it is barred by the applicable statute of limitations. Neither ground of objection is meritorious.

30.    First, in order for the doctrine of *res judicata* to apply, there must be a final judgment. People ex rel. Gow v. Mitchell Bros. Santa Ana Theater, 101 Cal. App. 3d 296, 306, 161 Cal. Rptr. 562 (1980). There is no final judgment in Creative's or Grace's favor in Baker 2 because the judgment that was entered by the Superior Court was reversed and the Court of Appeal merely "affirm[ed] summary adjudication" as to Creative's and Grace's statute of limitations defense.

31.    The Court of Appeal's decision might well constitute "law of the case," were this proceeding to be adjudicated in the Orange County Superior Court. Application of the "law of the case" doctrine, however, is discretionary. Public Interest Research Group of New Jersey v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997) ("The law of the case doctrine does not limit a federal court's power; rather, it directs its exercise of its discretion."). The Objection

is devoid of any evidence that would allow this Court to exercise its discretion with respect to the application of the doctrine in this case.  Further, the doctrine is not applied when there has been a change in the law between the date of the decision giving rise to the "law of the case" and the date upon which a party seeks to apply the doctrine.  Public Interest Research Group, 123 F.3rd 111, 116, 117 ("This Circuit has recognized several "extraordinary circumstances" that warrant a court's reconsideration of an issue decided earlier in the course of litigation.  They include situations in which:  (1) new evidence is available; (2) a supervening new law has been announced;  or (3) the earlier decision was clearly erroneous and would create manifest injustice.").  Here, Creative and Grace rely upon a decision rendered by the Court of Appeal on May 30, 2000, determining that the statute of limitations had run on the Baker Parties' claim that the Modification Agreement tortiously interfered with their contractual rights.  On November 8, 2001, the Court of Appeal reached the opposite conclusion in the Baker Parties' appeal from the judgment on that same claim against Del Taco, relying upon a case decided between the dates of the two decisions (Korea Supply).  Therefore, it is clear that the "extraordinary circumstances" noted in Public Interest Group are present in this case.  As a result, there is no basis upon which this Court could apply the doctrine of law of the case to disallow the Baker Parties' tortious interference claim.

### Breach of Contract

32.     The Debtors have asserted five objections to the Baker Parties' claim that they are owed Article 3 Fees.  Each of those grounds of objection are discussed below.

33.     The Debtors' first ground of objection is that "the [Conveyance Agreement] has not been breached and no amounts are owed to Del Taco."  Objection, ¶ 22(a).  Paragraph 3.01(a) of the Conveyance Agreement requires Creative:

> to pay to [the Baker Parties] a fee equal to one percent (1%) of the
> Gross Receipts of Company Stores in the Domestic Territory.

The Conveyance Agreement defines "Company Store" as:

> a fast-food restaurant owned or operated by [Creative] or an
> Affiliate of [Creative] . . . which uses the name "Del Taco" and/or
> any material part of the Del Taco System and which sells Mexican
> food items . . .

Conveyance Agreement, ¶ 1.02. The Conveyance Agreement defines "Affiliate" as:

> a business entity controlled by or under common control with
> [Creative] or [Del Taco], respectively, <u>or franchised by</u> [Creative]
> or [Del Taco], respectively.

Conveyance Agreement, ¶ 1.01 (emphasis added). Webster's dictionary defines "franchise" as:

> the right or license granted to an individual or group to market a
> company's goods or services in a particular territory.

Pursuant to the Modification Agreement, Creative granted Del Taco the right to open Del Taco restaurants in the Domestic Territory, using the Del Taco trademark, tradename and system granted to Creative in the Conveyance Agreement. As a result, the Del Taco restaurants presently operating in the Domestic Territory are "franchises" of Creative and are therefore "Company Stores" upon which the Article 3 Fee is due to the Baker Parties from Creative. Because those fees have not been paid in full, and will continue to be owed based upon future Gross Receipts, the Debtors' objection to the Baker Parties' claims for breach of contract ought to be overruled.

34.    In addition, and in the alternative, in the event that a court were to determine that restaurants opened by Del Taco in the Domestic Territory were not Company Stores, Creative breached the provision of the Conveyance Agreement restricting Creative's right to assign its rights under the Conveyance Agreement. That provision provides, in pertinent part, that:

> All of the terms of this agreement shall be binding upon . . . the
> parties hereto and their respective successors and assigns, . . . but

> this Agreement and the rights and obligations of the parties
> hereunder shall not be assignable, except that (i) [Creative] may
> assign all or a part of its rights hereunder, provided that the
> Guarantee of W.R. Grace & Co. attached hereto remains in full
> force and effect, (a) to the transferee of substantially all of the
> assets of the company or to one or more Affiliates other than a
> franchisee of operations in the Domestic Territory, and (b) after
> five hundred (500) Company Stores have been opened in the
> Domestic Territory, to one or more franchisees of operations in the
> Domestic Territory; . . .

Conveyance Agreement, ¶ 14.03. The transactions resulting from the Modification Agreement breached the foregoing provision of the Conveyance Agreement in that: (a) the Modification Agreement did not require Del Taco to assume Creative's obligations under the Conveyance Agreement, (b) Grace did not reaffirm its Guarantee in conjunction with that transaction, (c) the "transfer" to Del Taco was not of "substantially all" of Creative's assets, (d) Del Taco was not an Affiliate of Creative,[6] and (e) as of the date of the Modification Agreement, less than 500 Company Stores had been opened in the Domestic Territory. Because those breaches resulted in destroying the Baker Parties' right to the Article 3 Fee (assuming that the restaurants opened or franchised by Del Taco are not "Company Stores"), the Baker Parties are entitled to damages arising from that breach equal to the Article Fees that they would otherwise have earned.

35. The Debtors' second ground of objection is that "Del Taco is estopped from asserting that it is owed royalties under the [Conveyance Agreement] due to its statements and positions taken in litigation with the Baker Claimants." Objection, ¶ 22(b). Because the Objection fails to specify what statements or positions allegedly give rise to the claimed estoppel, Del Taco is not able to respond substantively to this ground of objection.

---

[6] If Del Taco were an Affiliate of Creative, by definition, restaurants opened by Del Taco would be Company Stores. Conveyance Agreement, ¶ 1.02 (quoted above).

36.    The Debtors' third ground of objection is that "Del Taco is estopped from asserting that it is owed amounts under section 3.01 of the Modification Agreement (sic);" Objection, ¶ 22(c). Because the Objection fails to specify what statements or positions allegedly give rise to the claimed estoppel, Del Taco is not able to respond substantively to this ground of objection.

37.    The Debtors' fourth ground of objection is that "the purported assignment of the Article 4 rights to the Baker Claimants was invalid."  Because the Objection fails to specify either the facts or the legal theories giving rise to the alleged invalidity of the assignment of the Article 4 Option to the Baker Parties, Del Taco is not able to respond substantively to this objection.  Del Taco also notes that whether or not the assignment of the Article 4 Option to the Baker Parties was valid is not material as to whether or not there are any Article 3 Fees due from Creative to the Baker Parties or whether Creative breached its obligations to the Baker Parties based upon Del Taco's assignment of the Article 3 Fee to the Baker Parties.

38.    The Debtors' fifth ground of objection is that "the Baker Claimants, and therefore, Del Taco, are estopped from asserting that the Modification breached the Article 4 rights." Because the Objection fails to specify the facts giving rise to the alleged estoppel, Del Taco is not able to respond substantively to this objection.  Del Taco also notes that whether or not the assignment of the Article 4 Option to the Baker Parties was valid is not material as to whether or not there are any Article 3 Fees due from Creative to the Baker Parties or whether Creative breached its obligations to the Baker parties based upon Del Taco's assignment of the Article 3 Fee to the Baker Parties.

## Breach of the Covenant of Good Faith and Fair Dealing

39.    Under California law:

> There is implied in every contract a covenant by each party not to do anything which will deprive the other parties thereto of the benefits of the contract. . . . This covenant not only imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose.

1 Witkin, "Summary of California Law" (10th ed. 2005) § 798, quoting from Harm v. Frasher, 181 Cal. App. 2d 405, 417, 5 Cal. Rptr. 367 (1960).

40.     In this case, as noted above, the Conveyance Agreement required that the Baker Parties receive the Article 3 Fee on the Gross Receipts of all restaurants operated by Creative or under Creative's authority, other than restaurants opened by the Baker Parties themselves pursuant to their exercise of the Article 4 Option.[7]  In the event that this Court should determine that restaurants opened by Del Taco under the Modification Agreement are not "Company Stores" upon which the Article 3 Fee is due, the Modification Agreement would have the result of "depriving" the Baker Parties of "the benefits of the contract," and, as a result, Creative's entry into the Modification Agreement would violate the covenant of good faith and fair dealing implied into the Conveyance Agreement.

41.     The Objection asserts four grounds for disallowing the Baker Parties' claims based upon the covenant of good faith and fair dealing.  Each of those grounds of objection are discussed below.

---

[7]     In addition to requiring that Creative pay the Article 3 Fee on account of restaurants opened under Creative's authority, the Conveyance Agreement: (a) restricts Creative's right to assign its rights under the Conveyance Agreement, (b) requires that any assignee assume Creative's obligations under the Conveyance Agreement and (c) requires that Grace's guarantee of Creative's obligations under the Conveyance Agreement remain in full force and effect.  Conveyance Agreement, ¶ 14.03.  Therefore, the Conveyance Agreement attempted to insure that the Baker Parties would receive the Article 3 Fee by: (a) requiring that DTG pay the Article 3 Fee on restaurants that it opened or that were opened under its authority (Company Stores) and (b) precluding Creative from assigning its rights under the Conveyance Agreement to a party who was not also obligated to pay the Article 3 Fee on the restaurants that it opened.

42.    First, the Debtors assert that they "have at all times and with respect to all relevant transactions negotiated in good faith." Objection, ¶ 24(a). The Debtors "good faith," or lack thereof, is not material to the Baker Parties' claim that Creative violated the covenant of good faith and fair dealing, which focuses upon whether the party against whom the claim has been made has frustrated the expectations of the claimant, not the state of mind of the party against whom the claim is being made.

43.    Second, the Debtors assert that there "have been no breaches of contract that could breach the Covenant of Good Faith and Fair Dealing." Objection, ¶ 24(b). As noted above, in the event that a court were to determine that restaurants opened by Del Taco were not "Company Stores," the Baker Parties' will have been deprived of the benefits that they expected to receive by reason of the Conveyance Agreement, thereby causing the Modification Agreement to constitute a breach of the covenant of good faith and fair dealing implied into the Conveyance Agreement.

44.    Third, the Debtors assert that "Del Taco is estopped from asserting a breach because it was a party to the transaction that allegedly breached the Covenant of Good Faith and Fair Dealing." In order for an estoppel to arise under California law, each of the following elements must exist:

> (a) a representation or concealment of material facts (b) made with knowledge, actual or virtual, of the facts (c) to a party ignorant, actually and permissibly of the truth (d) with the intention, actual or virtual, that the ignorant party act on it and (e) that party was induced to act on it.

13, Witkin, "Summary of California Law" (10th ed. 2005) 527-528. The Objection fails to identify the representation or concealment upon which the alleged estoppel is based. Further, at the time that Del Taco entered into the Modification Agreement, it was not aware that the Article 4 Option had been assigned to the Baker Parties, although Creative and Grace were aware of that

fact as they had received a letter from the original Del Taco advising them of that fact. See Exhibit 5 to the Baker Parties' proofs of claim. Therefore, at a minimum, the second and third elements required to establish an estoppel are not present in this case.

45.    Fourth, the Debtors assert that "the Baker Claimants, and therefore, Del Taco, are estopped from asserting a breach of the Covenant of Good Faith and Fair Dealing because of the representations made during the sale of DTI to AWR II." It is clear that those representations cannot give rise to an estoppel in favor of the Debtors for the reason that the representations were not made to Creative or Grace, since neither of them were parties to the sale, and that, therefore, neither Creative nor Grace could possibly have been induced to act upon the representations. Further, as noted above, neither Creative nor Grace were ignorant of the true facts, having been advised of those facts in writing on April 27, 1979.

## Reservation of Rights

46.    Paragraph 26 of the Objection purports to reserve "the right to object in the future to any of the claims listed in this Objection or in the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Objection . . . " Del Taco objects to the foregoing purported reservation of rights on the basis that the Debtors cannot, by purporting to reserve their rights, alter the *res judicata* effect of any order that may be entered in this proceeding. Del Taco further objects to the foregoing purported reservation of rights as violative of this Court's Local Rule 3007-1(f)(iii), which provides, in substance, that a claim objection must contain all substantive objections to that claim and that an objection to a claim can only be amended as provided in Fed. R. Bankr. P. 7015.

**Alternative Dispute Resolution**

47.     The Objection states that "the parties have agreed that the best alternative at this time is to attempt to resolve the claims against the Debtors under the terms of the ADR Order." This is not precisely accurate.   Although the parties have discussed utilizing a mediator to attempt to resolve the Debtors' objections to Del Taco's and the Baker Parties' claims, Del Taco has not agreed, and will not agree, to participate in the ADR procedures established by this Court's "Order Pursuant to Sections 105(a), 362, 363, 502 and 503 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 Establishing an Alternative Dispute Resolution Program and to Permit the Debtors to Liquidate Certain Prepetition Claims" dated November 8, 2004 [D.I. 6853].  Del Taco remains amenable to mediating the disputes regarding the validity of the claims at issue before a mediator mutually acceptable to the parties.

WHEREFORE, Del Taco respectfully requests that:

48.     This proceeding be stayed pending the parties' completion of mediation;

49.     The Court overrule the Objection as the Objection does not overcome the *prima facie* validity of the claims at issue; or

50.     The Court continue the hearing of the Objection so as to permit:

(a)     Del Taco to file, and the Court to hear, a motion seeking to have this Court abstain from hearing this proceeding and modifying the automatic stay so as to permit the parties to liquidate their claims before the Orange County, California Superior Court; and

(b)    The parties to engage in discovery regarding the merits of the Objection including, without limitation, the factual bases, if any, for the objections noted at paragraphs 35-38, 44 and 45, above.

Dated:  January 5, 2007

*Kelly M Dawson*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Gregory W. Werkheiser (No. 3553)
Kelly M. Dawson (No. 4786)
1201 Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:    (302) 351-9229
Fax:    (302) 658-3989

-and-

MORGAN, LEWIS & BOCKIUS LLP
Paul A. Richler (California Bar Id # 59909)
Richard W. Esterkin (California Bar Id # 70769)
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071
Telephone:  (213) 612-2500
Fax:    (213) 612-2501

Attorneys for Del Taco, Inc.

,