**Exhibit 2**

1 of 1 DOCUMENT

**WILLIAM C. BAKER et al., Plaintiffs and Appellants, v. DEL TACO, INC., Defendant and Respondent.**

G025056

**COURT OF APPEAL OF CALIFORNIA, FOURTH APPELLATE DISTRICT, DIVISION THREE**

2001 Cal. App. LEXIS 1924

November 8, 2001, Filed

**NOTICE:**
[*1] NOT TO BE PUBLISHED IN OFFICIAL REPORTS. California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

**PRIOR HISTORY:**
Appeal from a judgment of the Superior Court of Orange County, Robert E. Thomas, Judge. Super. Ct. No. 75 85 12.

**DISPOSITION:**
Reversed and remanded.

**COUNSEL:**
Corbett & Steelman, Richard B. Specter and Mark M. Monachino for Plaintiffs and Appellants.

Morgan, Lewis & Bockius, Paul A. Richler, Theodore G. Spanos and Brian C. Reynolds for Defendant and Respondent.

**JUDGES:**
RYLAARSDAM, J. CONCUR: SILLS, P.J., BEDSWORTH, J.

**OPINIONBY:**
RYLAARSDAM

**OPINION:**

Plaintiffs William C. Baker, Eber E. Jaques, Bradford H. Miller, Montgomery R. Fisher, Sharon R. Ormsbee, Marilyn Rea, and The Fisher Trust appeal a summary judgment entered in favor of defendant Del Taco, Inc. They contend the court erred when it found their action was barred by collateral estoppel and res

**FACTS**

In 1977, defendant entered into an agreement (Conveyance Agreement) with the predecessor [*2] in interest of W.R. Grace & Co. (Since there is no difference between them in this appeal, for clarity, W.R. Grace & Co. and its predecessor are interchangeably referred to as Grace. Grace is a defendant in this action but not a party to this appeal.) Pursuant to the Conveyance Agreement, defendant granted Grace the exclusive right to use the Del Taco name and system within a defined territory. In exchange, as set forth in Article 3, Grace agreed to pay defendant an amount equal to one percent of the gross receipts of each restaurant opened in the territory ("percentage fee"). Article 4 gave defendant the option to open one restaurant for each one Grace failed to open, up to a maximum of 25. For each restaurant it opened pursuant to Article 4, defendant was required to pay Grace $10,000 and one percent of the gross receipts.

In the late 1970's, defendant assigned to plaintiffs, and/or their predecessors in interest, its right to receive payment of the Article 3 percentage fee and its right to exercise the option set out in Article 4 (assignment agreement). In 1992, without notice to plaintiffs, defendant and Grace entered into a Modification and Purchase Agreement whereby Grace sold [*3] back to defendant the right to open stores in the territory and its related rights to payment under Article 4, for $350,000.

In May 1993, defendant opened its first store after execution of the Modification Agreement. In 1994, defendant filed a declaratory relief action against plaintiffs, alleging it was not obligated to pay the Article 3 percentage fee to plaintiffs for any restaurant it might open (declaratory relief action). The court granted defendant's motion for summary judgment, ruling that "under the Conveyance Agreement, [defendant] had no duty to pay the 'Percentage Fee . . .'" to plaintiffs for any restaurant defendant opened. Final judgment was entered on



In 1996, plaintiffs filed the instant action against defendant and Grace for breach of contract, breach of the covenant of good faith and fair dealing, and interference with contract. Plaintiffs allege Grace is obligated to pay them the Article 3 percentage fee, and in the alternative, if Grace is not so obligated, defendant is liable in damages for interference with contract by entering into the Modification Agreement and exercising the Article 4 option which it had previously transferred to plaintiffs. [*4]

Grace filed a motion for summary judgment, which the court granted on the grounds plaintiffs' contract claims were barred by collateral estoppel and res judicata based on the judgment in the declaratory relief action. Although not stated in the minute order, the court also granted summary judgment as to the interference with contract claim based on the statute of limitations. Plaintiffs filed an appeal, and we issued an opinion reversing the judgment in part. We held that the issue decided in the declaratory relief action was "far from identical with the question at issue ...." (*Baker v. W.R. Grace & Co.* (May 3, 2000, G021973) [nonpub. opn.], p. 9.) We affirmed the judgment barring the cause of action for interference with contract based on the statute of limitations. (*Id.* at p. 3.)

While the first appeal was pending, defendant filed its motion for summary judgment relying on the same theories as Grace. The court granted the motion based on collateral estoppel and res judicata.

DISCUSSION

*Collateral Estoppel and Res Judicata*

Plaintiffs contend the court erred in granting summary judgment on the basis of collateral estoppel and res judicata because the issues [*5] in the instant action were not adjudicated in the declaratory relief action. Specifically, they contend their breach of contract claims were not litigated in the declaratory relief action. We agree.

A determination of an issue in a prior action bars its relitigation when (1) the instant issue is identical; (2) the issue was litigated and decided in the prior case; (3) the parties are the same in both actions; and (4) the first determination is final. (*McCutchen v. City of Montclair* (1999) 73 Cal.App.4th 1138, 1144.)

Without deciding any of the other elements, the record shows that the issue in this case is not identical to that litigated in the declaratory relief action. The judgment in the declaratory relief action provided that "under the Conveyance Agreement [defendant here] has no duty to pay the [Article 3] 'Percentage Fee' set forth  therein to [plaintiffs here] with respect to any Del Taco Restaurants that it may open." In this action, plaintiff is seeking payment of the percentage fee from Grace, not defendant. If Grace is not liable for the fee, plaintiffs seek damages from defendant for breach of the assignment agreement based on defendant's transfer [*6] of the Article option to Grace. These are distinctly separate issues.

*Statute of Limitations*

Although raised in the motion for summary judgment, the court did not rule on the question of whether the cause of action for interference with contract was barred by the statute of limitations. Both parties raise this issue on appeal. Defendant contends the cause of action is barred while plaintiffs argue the claim is timely because their delayed discovery of the breach tolled the statute. Because we reverse the judgment on the grounds of collateral estoppel and res judicata, this dispute is at issue.

A cause of action for interference with contract is governed by a two-year statute of limitations. (Code Civ. Proc., § 339, subd. 1; *Trembath v. Digardi* (1974) 43 Cal.App.3d 834, 836.) The general rule is that a cause of action accrues at the time of the actual breach. (*Trembath v. Digardi, supra,* 43 Cal.App.3d at p. 836.) On that basis, defendant argues the cause of action accrued when Grace and defendant executed the Modification Agreement, and at the latest, when defendant did not pay the percentage fee on time, a period [*7] longer than two years before plaintiffs filed the complaint.

However, the period cannot run before a party "is entitled to a legal remedy, not merely a symbolic judgment such as an award of nominal damages." (*Davies v. Krasna* (1975) 14 Cal.3d 502, 513; see *Charles Lowe Co. v. Xomox Corp.* (N.D. Cal., Dec. 27, 1999, No. C 95-0498 SI) 1999 WL 1293362, p. 9.) Plaintiffs contend the statute of limitations was tolled until they discovered the interference, and that once that occurred, they timely filed within the two-year period. Defendant argues that tolling does not apply.

Although there are numerous cases dealing with tolling of the statute for various tort causes of action, neither party cited and we did not find any case which discusses tolling in the context of a cause of action for interference with contract. We did, however, find a recent case which assists in our analysis. In *Korea Supply Co. v. Lockheed Martin Corp.* (2001) 90 Cal.App.4th 902, the court reviewed tolling of the statute for a cause of action for interference with prospective economic advantage on review of the sustaining of a demurrer. The complaint 

alleged the [*8] wrongful interference occurred almost a year and a half before plaintiffs discovered it and also alleged facts explaining the circumstances of the delayed discovery.

The court reversed, finding the allegations sufficient to withstand a demurrer. In so doing, it reiterated the general rule that tolling based on lack of discovery "'protects those who are ignorant of their cause of action through no fault of their own. It permits delayed accrual until a plaintiff knew or should have known of the wrongful conduct at issue. [Citation.]' [Citation.]" ( *Korea Supply Co. v. Lockheed Martin Corp., supra*, 90 Cal.App.4th at p. 916.)

Interference with contract and interference with prospective economic advantage are two sides of the same coin. ( *Buckaloo v. Johnson* (1975) 14 Cal.3d 815, 823, disapproved on another ground in *Korea Supply Co. v. Lockheed Martin Corp., supra*, 90 Cal.App.4th at p. 915.) Thus, because the delayed discovery rule applies to a cause of action for interference with prospective economic advantage, it logically also applies to the instant cause of action of interference with contract. (See also *Forcier v. Microsoft Corp.* (N.D. Cal. 2000) 123 F.Supp.2d 520, 531 [*9] [court rejected application of tolling rule to cause of action for interference with contract because the "claim would still be time-barred"].)

In *Korea*, the court noted that whether the circumstances surrounding the tort and its discovery would be sufficient to put a reasonable person on notice is generally a question of fact, not considered in ruling on a demurrer. ( *Korea Supply Co. v. Lockheed Martin Corp., supra*, 90 Cal.App.4th at p. 917.) Likewise, in ruling on a motion for summary judgment, a court does not make factual findings, it only determines whether there is a triable issue as to any material fact. ( *Molko v. Holy Spirit Assn* (1988) 46 Cal.3d 1092, 1107; see *Zavala v. Arce* (1997) 58 Cal.App.4th 915, 926.)

Plaintiffs submitted credible evidence in the form of declarations they did not learn defendant had opened a restaurant until March 1995, less than two years before they filed this action. This raises a triable issue of fact as to when the cause of action accrued, thereby defeating summary judgment.

DISPOSITION

The judgment is reversed. Since this is an interim proceeding, no costs on appeal are awarded at this [*10] time. They may be awarded in the discretion of the superior court to the party ultimately prevailing.

RYLAARSDAM, J.

WE CONCUR:

SILLS, P.J.

BEDSWORTH, J.