# EXHIBIT G



Not Reported in F.Supp.2d                                                                                     Page 1

Not Reported in F.Supp.2d, 2006 WL 355289 (N.D.Ohio)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Bondex Intern., Inc. v. Hartford Acc. and Indem. Co.N.D.Ohio,2006.Only the Westlaw citation is currently available.
United States District Court,N.D. Ohio, Eastern Division.
BONDEX INTERNATIONAL, INC., et al., Plaintiffs,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al., Defendants.
No. 1:03CV1322.

Feb. 15, 2006.

Christopher S. Williams, Matthew M. Mendoza, Michael E. Brittain, Shelly K. Hillyer, Calfee, Halter & Griswold, Dennis R. Lansdowne, Peter J. Brodhead, Spangenberg, Shibley & Liber, Cleveland, OH, for Plaintiffs.
Alan P. Jacobus, Wayne S. Karbal, Charles F. Morrissey, Karbal, Cohen, Economou, Silk & Dunne, Brian C. Coffey, Kathleen A. McQueeny, Michael J. Baughman, Cohn Baughman & Martin, Christopher J. Bannon, Howard J. Fishman, Aronberg Goldgehn Davis & Garmisa, Chicago, IL, Kevin M. Young, Tucker Ellis & West, David J. Fagnilli, Davis & Young, Andrew M. Wargo, Reid, Berry, Marshall & Wargo, Clifford C. Masch, Holly M. Wilson, Reminger & Reminger, Brian T. Winchester, McNeal, Schick, Archibald & Biro, Charles W. Zepp, Daniel F. Gourash, Robert D. Anderle, Porter, Wright, Morris & Arthur, Cleveland, OH, Peter Roldan, John Kavanagh, Rodney L. Eshelman, Susan Lee, Carroll, Burdick & McDonough, San Francisco, CA, Jeremiah L. O'Leary, Robert F. Cossolini, Budd Larner, Short Hills, NJ, Jeffrey J. Casto, Roetzel & Andress, Akron, OH, for Defendants.

MEMORANDUM OF OPINION
HEMANN, Magistrate J.

Docket # 273

*1 This matter is before the magistrate judge on referral. Before the court is the motion of plaintiffs, Bondex International, Inc.; RPM, Inc.; and Republic Powered Metals, Inc., to compel the production of documents (Docket # 273). Defendants, Hartford Accident and Indemnity Co., Century Indemnity Co., Continental Casualty Co., Columbia Casualty Co., Allstate Insurance Co., and Mt. McKinley Insurance Co., oppose plaintiffs' motion (Docket # 284). This order is limited to resolution of one specific request for production of documents. For the reasons described below the court grants plaintiffs' motion in part and overrules it in part.

I.

Plaintiffs' motion raises four issues regarding documents which they believe the court should compel defendants to produce. The court resolved three of the issues raised by plaintiffs in a teleconference with the parties on February 9, 2006.[FN1] Plaintiffs' remaining request is as follows:

> FN1. A court reporter was present at the teleconference, and a transcript of the discussion and the court's orders as to the other issues is available to counsel.

4. *Certain reinsurance-related documents.*
All reinsurance agreements pertaining to the policies Defendants issued to Plaintiffs, and all documents pertaining to any reinsurers' reserve settings and levels for those policies, and Defendants' communications with reinsurers relating to the [sic] their respective policies.

Defendants contend that the proprietary and confidential nature of reinsurance information

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 2006 WL 355289 (N.D.Ohio)
(Cite as: Not Reported in F.Supp.2d)

requires that these materials be protected from discovery, and they cite a number of cases for that proposition. An examination of these cases reveals, however, that they do not support such a conclusion. *Minnesota Sch. Bds. Assoc. Ins. Trust v. Employers Ins. Co. of Wausau,* 183 F.R.D. 627 (N.D.Ill.1999), involved letters to and from defendant's litigating attorney regarding the status of pending litigation and a letter from defendant's employee to another employee regarding communication with that attorney regarding the status of the litigation. The court found the letters to be protected by attorney-client privilege.FN2 *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.,* 139 F.R.D. 609 (E.D.Pa.1991), while related to the issue of whether an insurer's reserves are discoverable, does not hold that reinsurance information *per se* is protected from discovery. In *Independent Petrochemical Corp. v. Aetna Cas. & Sur. Co.,* 117 F.R.D. 283 (D.D.C.1986), discovery of information about reinsurance was denied on the grounds of relevance, not because the information was proprietary or confidential. Only in *Potomac Elec. Power Co. v. California Union Ins. Co.,* 136 F.R.D. 1, 3 (D.D.C.1990), did the court refer to proprietary information:

> FN2. *Herman v. Sunshine Chem. Specialties, Inc.,* 133 N.J. 329, 343-44, 627 A.2d 1081, 1088-89 (1993), is even less relevant. The issue in that case which is closest to the issues in the case at hand is the question of the extent to which a plaintiff is entitled to investigate a defendant's financial condition upon a finding that defendant is liable to plaintiff for punitive damages under New Jersey law.

[W]e conclude that the correspondence [regarding reinsurance]-if it exists-lacks sufficient indicia of relevance. This Court will not authorize a fishing expedition. In addition, the correspondence may well constitute proprietary information or be protected by the attorney-client privilege or the work product doctrine. Therefore, the discovery [the party] seeks does not appear "reasonably calculated to lead to the discovery of admissible evidence."

*2 A court's supposition that information about reinsurance "may well constitute proprietary information" is not sufficient to establish that information about reinsurance is privileged *per se.*

The court acknowledges that some communications between defendants and their reinsurers may be protected by the attorney-client privilege or work product privilege. Assertions of this privilege for particular documents should be made in the usual way and be accompanied by a privilege log. The court will deal with these assertions of privilege only insofar as the parties are unable to resolve them among themselves.

Defendants make a stronger case for their assertion that information about reserves is not discoverable. The court finds particularly persuasive the reasoning of the court in *Rhone-Poulenc Rorer.*
This Court is persuaded by the argument ... that a reserve essentially reflects an assessment of the value of the claim taking into consideration the likelihood of an adverse judgment. Such estimates of potential liability do not normally entail an evaluation of coverage based upon a thorough factual and legal consideration when routinely made as a claim analysis. This basic characteristic of reserve information was recognized by the court in *Union Carbide Corp. v. Travelers Indemnity Co.,* 61 F.R.D. 411 (W.D.Pa.1973)[,] which noted that internal opinions and conclusions are not discoverable. Where the reserves have been established based on legal input, the results and supporting papers most likely will be work-product and may also reflect attorney-client privilege communications.
Although these risk management documents being sought by plaintiffs may not have in themselves been prepared in anticipation of litigation, they may be protected from discovery to the extent that they disclose the individual case reserves calculated by defendants' attorneys. The individual case reserve figures reveal the mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim. By their very nature they are prepared in anticipation of litigation, and consequently, they are protected from discovery as opinion work-product. *Hickman v. Taylor,* 329 U.S. 495, 512, 67 S.Ct.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 3
Not Reported in F.Supp.2d, 2006 WL 355289 (N.D.Ohio)
**(Cite as: Not Reported in F.Supp.2d)**

385, 91 L.Ed. 451 (1947); *In re Murphy,* 560 F.2d 326, 336 (8th Cir.1977).

Thus, the aggregate reserve figures may give some insight into the mental processes of the lawyers in setting specific case reserves. This is inevitable, considering that these aggregates and averages are based upon the attorney's evaluations of the value of specific claims. Notably, this is not a situation where mental impressions are merely contained within and comprise a part of another document and can easily be redacted. Instead, the aggregate and average figures are derived from and necessarily embody the protected material. They could not be formulated without the attorney's initial evaluations of specific legal claims. Thus it is impossible to protect the mental impressions underlying the specific case reserves without also protecting the aggregate figures.

*3 It can be argued, of course, that while this Court is protecting the mental impression/opinion work product concerning the attorney's evaluation of the reserve necessary for each lawsuit that I should not grant similar protection to any risk management department's opinion work-product concerning an aggregate reserve necessary for the underlying litigation. I find no basis in Rule 26(b)(3) for this distinction. Rule 26(b)(3) requires a court to " protect against disclosure of the mental impressions, conclusions opinions or legal theories of an attorney *or other representative* of a party concerning the litigation." Federal Rule of Civil Procedure 26(b)(3) (emphasis added.) Thus protective work product is not confined to information or materials gathered or assembled by a lawyer. Instead, it includes materials gathered by any consultant, surety, indemnitor, insurer, agent, or even the party itself. Federal Rule of Civil Procedure 26(b)(3). The only question is whether the mental impressions were documented, by either a lawyer or non-lawyer in anticipation of litigation.

Finally, it should be stated that a party, in managing its litigation, should not be forced to provide materials to its opponent that necessarily reflect its lawyers' mental impressions regarding the litigation and containing its agents' mental impressions concerning the cost of the litigation. Were I to hold that the documents are discoverable as only indirectly reflecting the attorneys' impressions because they might be created for business planning purposes, such a holding would make it extremely hazardous for a business to finance and plan for its defense. The incidental effect of such a decision could be the failure of litigants to properly document and consider all the factors that bear upon the decision to try or settle lawsuits. Cf. *Hickman v. Taylor,* 329 U.S. at 511 ("Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. "). These documents based on mental impressions of its lawyers and representatives concerning litigation, strategy and costs may be of limited value, but they should not be the subject of discovery.

139 F.R.D. at 613-616 (emphasis added). Plaintiffs cite no case which persuasively rebuts the court's reasoning in *Rhone-Poulenc Rorer.*

This court agrees that evidence of the amount of reserves is not relevant because it is not necessarily based on a full knowledge of the facts and the law of the case. Instead, the number most often reflects a business decision, and a business decision, while perhaps of interest to plaintiffs, is not relevant to the litigation. Moreover, the decision is the work product of either legal counsel or members of the risk management department and hence is protected by Fed. R. Civ. Pro. 26(b)(3) and caselaw.

II.

For the reasons given above the court grants plaintiffs' motion to compel defendants to produce reinsurance agreements pertaining to the policies defendants issued to plaintiffs and defendants communications with reinsurers relating to the respective policies. To the extent such documents involve attorney/client privilege or work product doctrine, defendants shall identify them in a privilege log. Plaintiffs' motion is overruled with respect to their request for documents pertaining to any reinsurers' reserve settings and levels for the relevant policies.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 4
Not Reported in F.Supp.2d, 2006 WL 355289 (N.D.Ohio)
**(Cite as: Not Reported in F.Supp.2d)**

\*4 IT IS SO ORDERED.

N.D.Ohio,2006.
Bondex Intern., Inc. v. Hartford Acc. and Indem. Co.
Not Reported in F.Supp.2d, 2006 WL 355289 (N.D.Ohio)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1471362 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply to Counterclaim Filed by Defendant Allstate Insurance Company (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1206054 (Trial Pleading) Counterclaim of Allstate Insurance Company Solely as Successor-In-Interest to Northbrook Excess & Surplus Insurance Company (Mar. 28, 2006) Original Image of this Document (PDF)
• 2006 WL 1206053 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to Defendant Mt. McKinley's Motion for Reconsideration (Mar. 24, 2006) Original Image of this Document (PDF)
• 2006 WL 816231 (Trial Motion, Memorandum and Affidavit) Century Indemnity Company's Joinder in Defendants' Opposition to Plaintiffs' Motion to Compel (Feb. 6, 2006) Original Image of this Document (PDF)
• 2006 WL 499634 (Trial Motion, Memorandum and Affidavit) Reply Joinder of Defendant/Third Party Plaintiff, Mt. McKinley Insurance Company, in Further Support of Century Indemnity Company's Motion to Bifurcate and Stay Plaintiffs' Bad Faith Claims (Jan. 12, 2006) Original Image of this Document (PDF)
• 2005 WL 3336623 (Trial Motion, Memorandum and Affidavit) Joint Memorandum of Third Party Plaintiffs Continental Casualty Company, Columbia Casualty Company, Allstate Insurance Company and Century Indemnity Company in Reponse to Plaintiffs' Statement of Position Regarding Motion for Summary Judgment of Thir d Party Defendant Colony Specialty Insurance Company (Oct. 31, 2005) Original Image of this Document (PDF)
• 2005 WL 3336619 (Trial Motion, Memorandum and Affidavit) Memorandum of Defendant-Third Party Plaintiff, Mt. McKinley Insurance Company, in Response to Plaintiffs' ""Statement of Position" Regarding the Motion for Summary Judgment of Third Party Defendant, Colony Specialty Insurance Company (Oct. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3336618 (Trial Pleading) Plaintiffs' Reply to Defendant Mt. Mckinley Insurance Company's Amended Counterclaim (Oct. 13, 2005) Original Image of this Document (PDF)
• 2005 WL 2888641 (Trial Pleading) Answer and Amended Counterclaim of Mt. Mckinley Insurance Company to Plaintiffs' Complaint (Oct. 3, 2005) Original Image of this Document (PDF)
• 2005 WL 2888637 (Trial Pleading) First Amended Complaint for Declaratory Judgment, Breach of Contract, and Bad Faith (Sep. 30, 2005) Original Image of this Document (PDF)
• 2005 WL 2759391 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Third Party Plaintiffs in Further Support of Rule 56(f) Application (Aug. 12, 2005) Original Image of this Document (PDF)
• 2005 WL 3818329 (Trial Motion, Memorandum and Affidavit) Century Indemnity Company's Reply Brief in Support of Motion to Bifurcate and Stay Plaintiffs' Bad Faith Claim (Jan. 12, 2005) Original Image of this Document (PDF)
• 2004 WL 3147933 (Trial Pleading) Allstate Insurance Company's Third-Party Complaint against Colony Specialty Insurance Company (Dec. 24, 2004) Original Image of this Document (PDF)
• 2004 WL 3146550 (Trial Pleading) Amended Third-Party Complaint of Defendants Continental Casualty Company and Columbia Casualty Company (Nov. 9, 2004) Original Image of this Document (PDF)
• 2004 WL 3146506 (Trial Pleading) Answer of United States Fidelity and Guaranty Company to the Third-Party Complaint of Century Indemnity Company (Jul. 6, 2004) Original Image of this Document (PDF)
• 2004 WL 3146517 (Trial Pleading) Answer of Travelers Casualty and Surety Company to the Third-Party Complaint of Century Indemnity Company (Jul. 6, 2004) Original Image of this Document (PDF)
• 2004 WL 3146480 (Trial Pleading) Answer of Travelers Casualty and Surety Company to the Third-Party Complaint of Mt. Mckinley Insurance

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 5
Not Reported in F.Supp.2d, 2006 WL 355289 (N.D.Ohio)
**(Cite as: Not Reported in F.Supp.2d)**

Company f/k/a Gibraltar Casualty Company (Jun. 25, 2004) Original Image of this Document (PDF)
• 2004 WL 3146494 (Trial Pleading) Answer of United States Fidelity and Guaranty Company to the Third-Party Complaint of Mt. Mckinley Insurance Company f/k/a Gibraltar Casualty Company (Jun. 25, 2004) Original Image of this Document (PDF)
• 2004 WL 3124497 (Trial Pleading) Answer of Travelers Casualty and Surety Company to the Third-Party Complaint of Continental Casualty Company and Columbia Casualty Company (May 5, 2004) Original Image of this Document (PDF)
• 2004 WL 3146469 (Trial Pleading) Answer of Third-Party Defendant Colony Specialty Insurance Company to Third-Party Complaint of Defendant Mt. McKinley Insurance Company (Apr. 21, 2004) Original Image of this Document (PDF)
• 2004 WL 3124492 (Trial Pleading) Third-Party Complaint of Defendant Mt. Mckinley Insurance Company f/k/a Gibraltar Casualty Company (Apr. 20, 2004) Original Image of this Document (PDF)
• 2004 WL 3146454 (Trial Pleading) Answer of United States Fidelity & Guaranty Company to the Third-Party Complaint of Continental Casualty Company and Columbia Casualty Company (Apr. 19, 2004) Original Image of this Document (PDF)
• 2004 WL 3146439 (Trial Pleading) Answer of Third-Party Defendant Colony Specialty Insurance Company to Third-Party Complaint of Defendants Continental Casualty Company and Columbia Casualty Company (Mar. 9, 2004) Original Image of this Document (PDF)
• 2004 WL 3147922 (Trial Pleading) Answer of Third-Party Defendant Colony Specialty Insurance Company to Third-Party Complaint of Century Indemnity Company (Mar. 9, 2004) Original Image of this Document (PDF)
• 2004 WL 3146424 (Trial Motion, Memorandum and Affidavit) Defendantscontinental Casualtyco.Andcolumbia Casualtyco. 'Sbriefin Supportofmotionto Bifurcateandstaybad Faithissue (Feb. 13, 2004) Original Image of this Document (PDF)
• 2004 WL 3146384 (Trial Pleading) Third-Party Complaint of Century Indemnity Company (Feb. 10, 2004) Original Image of this Document (PDF)
• 2004 WL 3146399 (Trial Motion, Memorandum and Affidavit) Reply Brief of Mt. Mckinley Insurance Company in Further Support of Motion to Bifurcate Proceedings (Feb. 10, 2004) Original Image of this Document (PDF)
• 2004 WL 3146410 (Trial Pleading) Third-Party Complaint of Defendants Continental Casualty Company and Columbia Casualty Company (Feb. 10, 2004) Original Image of this Document (PDF)
• 2004 WL 3146377 (Trial Motion, Memorandum and Affidavit) Defendant Hartford Accident & Indemnity Company's Reply in Support of Motion to Bifurcate Proceedings (Feb. 9, 2004) Original Image of this Document (PDF)
• 2004 WL 3146335 (Trial Pleading) Answer of Defendant Continental Casualty Company to Plaintiffs' Complaint (2004) Original Image of this Document (PDF)
• 2003 WL 23999675 (Trial Pleading) Answer and Counterclaim of Mt. McKinley Insurance Company to Plaintiffs' Complaint Ury Demand Endorsed Hereon (Nov. 7, 2003) Original Image of this Document (PDF)
• 2003 WL 23991149 (Trial Pleading) Century Indemnity Company's Answer and Affirmative Defenses to Plaintiffs' Complaint (Sep. 12, 2003) Original Image of this Document (PDF)
• 2003 WL 23999667 (Trial Pleading) Defendant Hartford Accident and Indemnity Company's Answer to Complaint of Plaintiffs Bondex International, Inc., et Al. (Sep. 5, 2003) Original Image of this Document (PDF)
• 2003 WL 23999669 (Trial Pleading) Defendant Northbrook's Answer and Affirmative Defenses (Sep. 5, 2003) Original Image of this Document (PDF)
• 2003 WL 23991105 (Trial Pleading) Complaint for Declaratory Judgment, Breach of Contract, and Bad Faith (Jul. 3, 2003) Original Image of this Document (PDF)
• 1:03cv01322 (Docket) (Jul. 3, 2003)
• 2003 WL 23991133 (Trial Motion, Memorandum and Affidavit) Brief in Support of Defendant Mt. McKinley Insurance Company's Motion to Stay Proceedings, Dismiss or Transfer Venue (2003) Original Image of this Document (PDF)
• 2003 WL 23991168 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to Mt. Mckinley's Insurance Company's Motion to Stay, Dismiss or Transfer Complaint (2003) Original Image of this Document (PDF)
• 2003 WL 23991187 (Trial Motion, Memorandum

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 6

Not Reported in F.Supp.2d, 2006 WL 355289 (N.D.Ohio)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Plaintiffs' Reply to Defendant Mt. McKinley Insurance Company's Counterclaim (2003) Original Image of this Document (PDF)
• 2003 WL 23991205 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to Defendants Mt. Mckinley Insurance Company's and Hartford Accident & Indemnity Company's Motion to Bifurcate Proceedings (2003) Original Image of this Document (PDF)
• 2003 WL 23991216 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to Defendants Continental Casualty Co. and Columbia Casualty Co.'s Brief in Support of Mt. Mckinley and Hartford's Motion to Bifurcate Proceedings (2003) Original Image of this Document (PDF)
• 2003 WL 23999662 (Trial Pleading) Answer of Defendant Columbia Casualty Company to Plaintiffs' Complaint (2003) Original Image of this Document (PDF)
• 2003 WL 23999678 (Trial Motion, Memorandum and Affidavit) Defendants Mt. Mckinley Insurance Company's and Hartford Accident & Indemnity Company's Memorandum in Support of Motion to Bifurcate Proceedings (2003) Original Image of this Document (PDF)
• 2003 WL 23999746 (Trial Pleading) Amended Answer of Defendant Continental Casualty Company to Plaintiffs' Complaint (2003) Original Image of this Document (PDF)
• 2003 WL 23999752 (Trial Pleading) Amended Answer of Defendant Columbia Casualty Company to Plaintiffs' Complaint (2003) Original Image of this Document (PDF)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.