# EXHIBIT H

Westlaw.

Not Reported in F.Supp.                                                                                           Page 1

Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents
Montgomery v. Aetna Plywood, Inc.N.D.Ill.,1996.Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Howard R. MONTGOMERY, for Himself and For All Others Similarly Situated and for Aetna Plywood, Inc. Profit Sharing Plan, as Successor to Aetna Plywood, Inc. Employee Stock Ownership Plan, Nominal Defendant, Plaintiff,
v.
AETNA PLYWOOD, INC., a Delaware Corporation, Jeffrey Davis, a Trustee of Aetna Plywood, Inc., John Francione, a Trustee of Aetna Plywood, Inc., Peter John, a Trustee of Aetna Plywood, Inc., and Peter Thomsen, a Trustee of Aetna Plywood, Inc., Defendants.
No. 95 C 3193.

April 16, 1996.
Opinion on Reconsideration Jul 2, 1996.

*MEMORANDUM OPINION AND ORDER*
HART, District Judge.
*1 This is a putative class action brought by named plaintiff Howard Montgomery, a former employee of defendant Aetna Plywood, Inc. ("Aetna Plywood"). It is claimed to be on behalf of the putative class members themselves and for Aetna Plywood, Inc. Profit Sharing Plan (the "Plan"), as successor to nominal defendant Aetna Plywood, Inc. Employee Stock Ownership Plan (the "ESOP"). In addition to Aetna Plywood, the named defendants are four trustees of the ESOP, including Jeffrey Davis, who owns 100% of the stock of Aetna Plywood. Two of the trustee defendants, Davis and John Francione, are also alleged to be current trustees of the Plan. [FN1]

Plaintiff claims that the ESOP formerly owned approximately 95% of Aetna Plywood's outstanding stock and Davis approximately 5%. In June 1992, Aetna Plywood repurchased all of the ESOP's stock, making Davis the owner of 100% of Aetna Plywood's outstanding stock. The proceeds of the sale were transferred to the Plan, to be placed in more diverse investments for the participants' benefit. Montgomery claims that Aetna Plywood paid less than fair market value for the ESOP's shares and that the ESOP's trustees violated their fiduciary duties by accepting the low price. The putative class is the ESOP participants as of the time of the repurchase of the stock. Presently pending are a motion for class certification and a motion to file a Second Amended Complaint adding a securities fraud claim.[FN2]

The First Amended Complaint contains two counts, [FN3] all of them pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Count I is a claim for breach of fiduciary duty in violation of 29 U.S.C. §§ 1104 and 1109. Count II is a claim that the sale of the stock was a prohibited transaction in violation of 29 U.S.C. §§ 1106(a), 1106(b), and 1109. The proposed Second Amended Complaint seeks to add Count IV, a securities fraud claim pursuant to § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5. Defendants oppose the motion to amend on the grounds that the securities claim is futile because the transaction is not covered by the pertinent securities laws, it is not within the statute of limitations, and the named plaintiff did not actually rely on the allegedly fraudulent representation. They also contend that the motion to amend is too late because it comes too close to the close of discovery.

The alleged misrepresentations were contained in an April 24, 1992 letter advising ESOP participants of the impending transaction and requesting that they express their opinions as to whether they favored it, opposed it, or wanted the ESOP

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                    Page 2
Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

committee to decide. The alleged misrepresentations in the letter are: (1) there would be a more current valuation as of the date of the transfer (but the sales price had already been set); (2) the company would borrow money to repurchase the stock (but financing had already been arranged); (3) the owners of the remaining stock would be the Davis family (but Jeffrey Davis was to be the sole owner); (4) the investment plan that the proceeds would be placed in had, in the past, outperformed the increase in value of the stock (but this comparison was based on book value of the stock, not its fair market value); and (5) shares would be distributed on October 31, 1992 following a final valuation (but the shares were distributed in June 1992 and no final valuation was performed). Plaintiff also claims that defendants failed to disclose certain details about the transaction that the securities laws require be disclosed when a person will have more than 5% of a class of stock. *See* 15 U.S.C. §§ 78m(d)(1), 78n(d).

*2 Under Fed. R. Civ. P. 15(a), leave to amend is to "be freely given when justice so requires." Leave to amend, however, "may be denied where there is undue delay, bad faith, dilatory motive, a repeated failure to cure deficiencies, undue prejudice to the opponent, or where the amendment would be futile." *Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir. 1992). *Accord Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1298 (7th Cir. 1993). An amendment is futile "when it fails to state a valid theory of liability or could not withstand a motion to dismiss." *Bower,* 978 F.2d at 1008.

The Seventh Circuit has held that a beneficiary of a trust can satisfy the prudential standing requirements to bring a securities fraud claim based on securities purchased or sold for the trust. *See O'Brien v. Continental Illinois National Bank & Trust Co. of Chicago,* 593 F.2d 54, 59 (7th Cir. 1979); *Norris v. Wirtz,* 719 F.2d 256, 259 (7th Cir. 1983), *cert. denied,* 466 U.S. 929 (1984). However, no claim under the federal securities law can be made by the beneficiary against the trustee where full discretion to make investment decisions is granted to the trustee. *O'Brien,* 593 F.2d at 59-61; *Congregation of the Passion, Holy Cross Province v. Kidder Peabody & Co.,* 800 F.2d 177, 181-82 (7th Cir. 1986); *Ray v. Karris,* 780 F.2d 636, 640-41 (7th Cir. 1985). Under such circumstances, the real dispute is not a violation of federal securities laws, but whether the trustee violated fiduciary duties-- generally a state law claim, though here a federal claim because of the applicability of ERISA. This rule only applies if the trustee has full discretion over investment decisions; if the beneficiary retains at least some significant control over the investment decisions, a federal securities claim is still possible. *Norris,* 719 F.2d at 260.

Plaintiff contends in his brief that the ESOP participants retained the right to "quasi-approval" of the ESOP's sale of the stock. There is no contention that any ESOP document provided the beneficiaries with any right of approval. Instead, plaintiff points to the fact that the ESOP committee sought the participants' approval. The fact that the participants' views were solicited, however, did not give them the right of approval. Moreover, the form sent by the committee does not ask for the participants' approval. The April 24, 1992 letter states the committee "would like any *input* and/or *opinions*" concerning the transaction then under consideration by the committee and refers to the attached form as a "survey form." The response form itself is labeled as an "opinion form," with the choices to check being: in favor, opposed, or prefer committee to decide. There are also lines to note down any comments. Since plaintiff does not allege any facts or make any contentions showing that the trustees had other than full discretion to make the decision to sell the stock back to Aetna Plywood, there can be no claim under the federal securities law. [FN4] Permitting plaintiff to amend the complaint would be an exercise in futility. The motion for leave to file the Second Amended Complaint will be denied.

*3 ERISA provides: "A civil action may be brought--... (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2).

Section 1109 concerns breaches of fiduciary duty and provides in pertinent part:
Any person who is a fiduciary with respect to a plan

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

Page 3

who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary....

29 U.S.C. § 1109(a).

Counts I and II allege violations of two provisions of the subchapter that impose duties on fiduciaries. Count I alleges a violation of § 1104(a)(1) which requires investments be made in the interests of the participants and beneficiaries and in a prudent manner. It provides in part:
(1) ... a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--
(A) for the exclusive purpose of:
(i) providing benefits to participants and their beneficiaries ...;
(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
(C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; ....

29 U.S.C. § 1104(a)(1).

Count II is based on alleged violations of § 1106's prohibition against certain self-dealing transactions.
(a) Except as provided in section 1108 of this title:
(1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect--
(A) sale or exchange of ... any property between the plan and a party in interest;

(D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan;

(b) A fiduciary with respect to a plan shall not--
(1) deal with the assets of the plan in his own interest or for his own account, ....

29 U.S.C. § 1106.

Plaintiff's only claims are pursuant to § 1109. Section 1132(a)(2) permits individual participants or beneficiaries to bring such claims. *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 140 (1985). However, the only relief that may be obtained for violations of § 1109 is relief on behalf of the plan. *Id.* at 140-44; *Varity Corp. v. Howe,* 116 S. Ct. 1065, 1079 (1996);[FN5] *Anweiler v. American Electric Power Service Corp.,* 3 F.3d 986, 992 (7th Cir. 1993). Therefore, whether pursued individually or on behalf of a class, plaintiff could obtain the same relief, reimbursement to the ESOP (through the current Plan) for the entire amount, if any, that the ESOP was underpaid for the stock. However, as a prudential matter, the Seventh Circuit has held that this type of action should be pursued as either a class action or derivative action, in order to avoid inconsistent rulings and to ensure the interests of the beneficiaries are adequately represented. *Thornton v. Evans,* 692 F.2d 1064, 1080 (7th Cir. 1982).[FN6] *See also Kayes v. Pacific Lumber Co.,* 51 F.3d 1449, 1461-63 (9th Cir.), *cert. denied,* 116 S. Ct. 301 (1995); *Gruby v. Brady,* 838 F. Supp. 820, 827 (S.D.N.Y. 1993); *Mertens v. Kaiser Steel Retirement Plan,* 744 F. Supp. 917, 920-22 (N.D. Cal. 1990), *aff'd,* 948 F.2d 1105 (9th Cir. 1991); *Diduck v. Kaszycki & Sons Contractors, Inc.,* 737 F. Supp. 792, 799 (S.D.N.Y. 1990), *aff'd in part, rev'd in part on other grounds,* 974 F.2d 270 (2d Cir. 1992).

*4 The parties agree that Fed. R. Civ. P. 23.1 and 23.2 are inapplicable to this case since neither the Plan nor the ESOP are a corporation or unincorporated association, which are the only types of entities to which that rule applies. *Kayes,* 51 F.3d at 1463. While derivative actions other than pursuant to Rule 23.1 or 23.2 may be possible, *see*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                           Page 4
Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

*id.; Mertens,* 744 F. Supp. at 922-23, it will first be considered whether this is an appropriate case for class certification. Since class certification is found to be appropriate, it is unnecessary to consider whether the case could otherwise be pursued as a derivative action.

In order to be certified as a class action, all the requirements of Rule 23(a) must be satisfied as well as at least one of the subsections of Rule 23(b). The proposed class is: all participants in the ESOP as of the June 1992 repurchase of the shares, except defendants.

There are approximately 100 class members. This is a large enough class to satisfy the numerosity requirement of Rule 23(a)(1) and defendants do not contend otherwise.

Whether defendants breached their fiduciary duties and whether the price at which the shares were repurchased was a fair price involve questions of law and fact common to the class. Rule 23(a)(2) is satisfied.

The typicality requirement of Rule 23(a)(3) is satisfied if the named plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. " *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992), *cert. denied,* 506 U.S. 1051 (1993) (quoting *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983)). That requirement is satisfied here. *Cf. Gruby,* 838 F. Supp. at 827-28.

Defendants object that named plaintiff and his counsel do not satisfy the Rule 23(a)(4) requirement of adequate representation of the class. Defendants contend named plaintiff's interests are in conflict with others in the proposed class in that plaintiff is a former employee while many others in the class are still employed by Aetna Plywood.[FN7] Defendants contend this creates a conflict because current employees have an interest in the company remaining viable so it can keep employing them and that they also have an interest in maintaining profits that in part determine current and future contributions on their behalf into the Plan.[FN8] Defendants also contend the conflicting interests are exacerbated by the fact that named plaintiff now owns a competing company. Defendants contend named plaintiff and another person who allegedly instigated the litigation therefore have an interest in putting Aetna Plywood out of business to eliminate it as a competitor. Defendants also contend plaintiff's counsel is not competent to handle this litigation.

Defendants provide insufficient support for their contention that this lawsuit potentially threatens the viability of Aetna Plywood. They only point to the alleged fair value of the shares contained in the complaint (a number defendants otherwise characterize as "incredulous") and contend the resulting $11,241,856 of damages that would be calculated based on that value is a large sum that would put Aetna Plywood out of business or at least hamper its cash flow such that layoffs might be required. Even assuming maximum liability, defendants point to no current financial information to establish how this would affect the company. Moreover, defendants ignore who may be required to pay any damages that are won. Plaintiff points to discovery documents that Aetna Plywood has a fiduciary insurance policy that covers the present lawsuit. [FN9] Also, the trustee defendants (or perhaps an insurer for them) may be required to pay a substantial portion of any damages, including defendant Davis who allegedly used the transaction as an opportunity to withdraw substantial amounts of cash from the company. It has not been shown that there is a significant risk of job loss for the current employees. Neither has it been shown that there is a significant risk that any decrease in profit sharing contributions would be greater than the benefits of this lawsuit.

*5 It has not been shown that any significant conflict exists between current and former employees who are both members of the proposed class. It is not unusual for certified classes to contain current and former employees. *See Probe v. State Teachers' Retirement System,* 780 F.2d 776, 781 (9th Cir.), *cert. denied,* 476 U.S. 1170 (1986); *Becher v. Long Island Lighting Co.,* 164 F.R.D. 144, 152 (E.D.N.Y. 1996); *Walsh v. Northrop*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                         Page 5
Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

*Grumman Corp.*, 162 F.R.D. 440, 447-48 (E.D.N.Y. 1995); *Gruby*, 838 F. Supp. at 827; *Robertson v. National Basketball Association*, 389 F. Supp. 867, 898-99 (S.D.N.Y. 1975). In the present case, it is still in all class members' interest to prove that the violation occurred and to obtain maximum relief. There is nothing to indicate that named plaintiff is opposed to this common goal. No conflicts are shown that would preclude named plaintiff from being an adequate representative. *Cf. Probe, supra; Becher, supra; Gruby, supra.*

Defendants also contend that named plaintiff's deposition shows a lack of knowledge of and lack of interest in the suit. Plaintiff, however, points to other deposition testimony showing he has knowledge of the essential aspects of the case. He need not know all the details. Named plaintiff is sufficiently aware of the case to show he is an adequate representative.

Defendants also contend that plaintiff's counsel is inadequate. Defendants point to two cases in which counsel received less fees than he had requested. In one of those cases sanctions were imposed and counsel was found in contempt for having failed to pay the sanctions. Recently the sanctions themselves were vacated and remanded for further hearing. *See Retired Chicago Police Association v. City of Chicago*, 76 F.3d 856, 868-69 (7th Cir. 1996). The contempt finding was upheld.[FN10] *See id.* at 869-70. The cases cited by defendants have been considered. It is also considered that counsel has been involved in a number of class actions, many involving pension benefits. He has won substantial money damages in a number of them. Also, the briefs he has filed in this case and the oral presentations he has made during the frequent court appearances this case has generated show that counsel is capable of representing the class.

Named plaintiff and his counsel are found to be adequate to represent the class. Rule 23(a) is satisfied.

Still to be considered is Rule 23(b). *Thornton*, 692 F.2d at 1080, supports that a primary concern in this type of suit is to avoid inconsistent determinations. Since the relief sought is for the ESOP as a whole, multiple adjudications could produce inconsistent results placing inconsistent obligations upon defendants. Certification pursuant to Rule 23(b)(1)(A) is appropriate. *Becher*, 164 F.R.D. at 153; *Gruby*, 838 F. Supp. at 828; *Diduck*, 737 F. Supp. at 799. This is not the type of case in which an opt-out class would be appropriate; permitting individual plaintiffs to opt out could result in inconsistent determinations. *Diduck*, 737 F. Supp. at 799.

*6 This is a case, however, where the class should be notified of the pendency of the action and absent members given the opportunity to present their views. *See Mertens*, 744 F. Supp. at 921. Therefore, the parties will be required to send a Rule 23(c)(2) type notice, though not containing the opt-out provision. The notice shall advise the class members of the nature of the suit; the parties involved; the name, address, and phone number of class counsel; that all class members will be bound by the judgment, whether favorable or not; and of the option to seek individual representation and to move to intervene. If they have not already, defendants shall promptly provide plaintiff with a list of the class members. By April 23, 1996, plaintiff shall file his proposed notice to the class.

IT IS THEREFORE ORDERED that:

(1) Absent class members' motion for invitation to object to certification [[[60] is granted in part and denied in part. Absent class members are granted leave to file their objections. Plaintiff's motion to strike the objections [[[61] is denied.

(2) Defendants' motion to file surreply [111] is granted. Plaintiff's motion to strike defendants' response to the supplemental memorandum [112] is denied.

(3) Plaintiff's motion to file second amended complaint [90] is denied.

(4) Plaintiff's motion for class certification [26] is granted. A class is certified consisting of the following persons: All participants in the Aetna Plywood, Inc. Employee Stock Ownership Plan (the "ESOP") as of the June 1992 sale of the ESOP's

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 6

shares of Aetna Plywood, Inc. to Aetna Plywood, Inc, excluding all defendants.

(5) By April 23, 1996, plaintiff shall file his proposed notice to the class.

> FN1. The four trustees apparently are sued in their individual capacities.
>
> FN2. Defendants' motion to file a surreply is granted. Plaintiff's motion to strike defendants' response to plaintiff's supplemental memorandum is denied, but the arguments contained in that motion will be considered. Also, absent class members seek to intervene to file objections to class certification. The putative intervenors do not raise any arguments not otherwise raised by defendants, but their brief has been considered. Plaintiff's motion to strike those objections is denied.
>
> FN3. There was also a Count III claim for unjust enrichment which has previously been dismissed.
>
> FN4. Since the claim otherwise fails, there is no need to consider defendants' contentions regarding timeliness, reliance, and prejudicial delay.
>
> FN5. The parties cite *Varity* for the proposition that individual relief can be obtained for breaches of fiduciary duty. That case, however, concerns breaches that directly aggrieve an individual participant or beneficiary and do not fall under § 1109 , not claims for mismanagement of funds which expressly fall within the purview of § 1109.
>
> FN6. *Thornton* also indicates that the derivative action requirement of first demanding that the trustees pursue the action should be followed. Plaintiff alleges in his complaint that such a demand was made of the trustees of the Plan without

success and further pursuit of that avenue would be futile. Defendants do not factually dispute those allegations.

> FN7. Defendants assert in their brief, without support but also without objection, that 68.1% of the proposed class are still employed by Aetna Plywood.
>
> FN8. No Plan documents are provided to establish what, if any, portion of current and future contributions are based on actual profits of Aetna Plywood.
>
> FN9. The document provided does not specify the amount or type of coverage.
>
> FN10. The Seventh Circuit did not reach the merits of the contempt issue, holding that the arguments made on appeal had been waived. The sanctions were vacated based on procedural irregularities, not based on the merits of imposing sanctions.

*MEMORANDUM OPINION AND ORDER ON RECONSIDERATION*

July 2, 1996.

In this class action, former participants in the Aetna Plywood, Inc. Employee Stock Ownership Plan (the "ESOP") claim that defendants breached their fiduciary duties when defendant Aetna Plywood, Inc. ("Aetna Plywood") repurchased its stock from the ESOP for an allegedly undervalued price. The claims are pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically 29 U.S.C. § 1104, 1106, and 1109. In an order dated April 15, 1996, class certification was granted and leave to amend the complaint to add a securities fraud claim was denied. *See Montgomery v. Aetna Plywood, Inc.,* 1996 WL 189347 (N.D. Ill. April 16, 1996). Plaintiffs seek reconsideration of the denial of leave to amend and defendants seek reconsideration of class certification. Familiarity with the April 15 Ruling is presumed.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                              Page 7
Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Leave to amend to add a securities fraud claim was denied based on lack of standing. Consistent with Seventh Circuit precedents, it was held that plaintiffs lacked standing under federal securities laws because trustees of the ESOP had full discretion to make investment decisions for the ESOP. Plaintiffs now contend there was a provision of the ESOP, not previously provided to the court, that required participants' approval for the trustees' sale of the stock back to Aetna Plywood. That provision reads:

D. *Voting Company Stock.* All shares of Company Stock shall be voted by the Trustee at such time and in such manner as the Committee shall direct; provided, however, that, if the Committee instructs the Trustee to execute a proxy in favor of one or more of the members of the Committee, the Trustee shall comply with said instruction and the proxy shall be voted as the Committee shall direct. If the Committee shall fail or refuse to give the Trustee timely instructions as to how to vote any Company Stock which the Trustee otherwise has the right to vote, the Trustee shall not exercise its power to vote such Company Stock. However, as to any matter which involves the approval or disapproval of any corporate merger or consolidation, recapitalization, reclassification, liquidation, dissolution, sale of substantially all assets of a trade or business or similar transaction,' each Participant shall have the right to direct the voting of any Company Stock allocated to his Company Stock Account. In such event, the Committee shall be responsible for obtaining the instructions from each Participant as to the exercise of such voting rights and shall notify the Trustees of such instructions. Upon receipt of such instructions, the Trustee shall either so exercise such voting rights or, if so instructed by the Committee, execute a proxy in accordance with the instructions of the Committee. In either case, the Trustee shall incur no liability in connection therewith so long as the Trustee complies with such instructions.

The existence of this provision has no effect on the prior ruling. It was previously held that "no claim under the federal securities law can be made by the beneficiary against the trustee where full discretion to make investment decisions is granted to the trustee." 1996 WL 189347 at *2. The above quoted clause does not give the beneficiaries control over the ESOP Trustees' investment decisions. It only pertains to the beneficiaries' rights to vote on certain actions of Aetna Plywood, not investment decisions of the ESOP.[FN1] Since there is no showing that the ESOP Trustees lacked full discretion to make investment decisions for the ESOP, there is no basis for granting reconsideration as to the denial of leave to add a securities fraud claim. Whether any failure of the trustees to protect and extend the beneficiaries' voting rights is actionable under ERISA or admissible in the present case is another question. Plaintiffs' motion for partial reconsideration will be denied.

Defendants move for reconsideration of the grant of class certification or, alternatively, for certification of an interlocutory appeal. Defendants complain that the prior ruling improperly presumes class certification is appropriate and instead places the burden on defendants to show this is not an appropriate case for class certification. Named plaintiff, however, satisfied his burden of showing that he and his counsel were adequate representatives. Therefore, there was no reason to find otherwise unless defendants or the intervenors submitted information showing a conflict or other inadequacy.

It was and is undisputed that named plaintiff now works for a company that competes with Aetna Plywood. Defendants complained that this was a conflict because named plaintiff had an incentive to drive Aetna Plywood out of business whereas many of the class members are still employed by Aetna Plywood and have an interest in its continued vitality. It was unnecessary to consider that possible conflict because there was no evidence showing Aetna Plywood's continued vitality was actually threatened. On reconsideration, defendants still do not point to any such evidence.

But even assuming it is true that Aetna Plywood's vitality is threatened by this lawsuit, preserving jobs would not be a proper consideration. As class representative in this case, Montgomery represents a class of profit sharing beneficiaries, not a class of employees. Just as ESOP trustees would commit a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

Page 8

fiduciary violation if they placed preserving jobs for employees ahead of maximizing benefits for the ESOP's beneficiaries, *see Shoen v. AMERCO,* 885 F.Supp. 1332, 1348 (D.Nev.1994); *Central Trust Co., N.A. v. American Avents Corp.,* 771 F.Supp. 871, 874 (S.D.Ohio 1989); *Danaher Corp. v. Chicago Pneumatic Tool Co.,* 635 F.Supp. 246, 250 (S.D.N.Y.1986), the class representative in the present case must be a person who will seek to maximize ESOP benefits for the class. There is no contention that Montgomery and his counsel are inadequate for that purpose. Defendants' motion for reconsideration will be denied.

The ruling on class certification is not an appropriate issue for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). It is not a controlling question of law and an immediate appeal will not materially advance the ultimate termination of this litigation. *See Bates v. Tenco Services, Inc.,* 132 F.R.D. 165 (D.S.C.1990); *In re Folding Carton Antitrust Litigation,* 75 F.R.D. 727 (N.D.Ill.1977).

As required by the April 16 Ruling, plaintiffs submitted a proposed notice to the class. Defendants have presented some objections. Attached as Exhibit A, is the form of notice that should be sent out.[FN2] The notices shall be mailed within three weeks of the date of this ruling.

Plaintiffs seek to compel the production of valuation reports prepared by consultants. Defendants have submitted *in camera* two valuation reports prepared by consultants and consulting agreements or proposals prepared by those two consultants and four others, all of whom are not to be called as witnesses by defendants. The documents submitted support that the valuations were produced in anticipation of litigation and that the consulting agreements were solicited in anticipation of litigation. These documents are protected by the work product privilege. See Fed.R.Civ.P. 26(b)(3); *Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.,* 139 F.R.D. 609, 615 (E.D.Pa.1991). Plaintiffs' motion to compel will be denied.

Plaintiffs requested "all budgets, forecasts or business plans for Aetna Plywood, Inc. prepared in 1990, 1991, and 1992." Defendants responded there were no such documents. Plaintiffs move to compel relying on another case in which Aetna Plywood is involved in which documents labeled as "projections" were disclosed. Defendants respond that those documents are not really projections and, in any event, projections are not budgets, forecasts, or business plans. Defendants provided *in camera* a number of documents that were labeled as projections and also represent that all pertinent documents have been disclosed. To the extent any of the documents submitted in camera have not yet been disclosed, they shall be disclosed within 7 days.

Defendants may have been playing a semantical game with plaintiffs by contending projections are not "forecasts." However, no sufficient basis is found for imposing sanctions.

Plaintiffs complain that defendants' counsel has been contacting class members regarding the case. Defendants contend there has been no postcertification contact of class members by their counsel, but they request permission to initiate such contacts. Defendants also seek to limit plaintiffs' counsel's contact with class members.

Once a class action has been certified, as has this case, counsel for the plaintiff class is considered to be the representative of all class members who have not chosen to be represented by other counsel and the ethical prohibitions against counsel for one party directly communicating with the other party are in force. *Kleiner v. First National Bank of Atlanta,* 751 F.2d 1193, 1206-07 & n. 28 (11th Cir.1985); *Resnick v. American Dental Association,* 95 F.R.D. 372, 376-77 (N.D.Ill.1982); *Bower v. Bunker Hill Co.,* 689 F.Supp. 1032 (E.D.Wash.1985); *Haffer v. Temple University of Commonwealth System of Higher Education,* 115 F.R.D. 506, 513 (E.D.Pa.1987); *Tedesco v. Mishkin,* 629 F.Supp. 1474, 1483 (S.D.N.Y.1986); *Georgine v. Amchem Products, Inc.,* 160 F.R.D. 478, 495 n. 26 (E.D.Pa.1995), *vacated on other grounds,* 83 F.3d 610 (3d Cir.1996); *Manual for Complex Litigation* § 30.24 at 234 (3d ed. 1995) (" Manual"); N.D. Ill. Rules of Professional Conduct

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 9
Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

4.2. *See also Gulf Oil Co. v. Bernard,* 452 U.S. 89, 104 n. 21 (1981); *Union Carbide Corp. v. U.S. Cutting Service, Inc.,* 782 F.2d 710, 712 (7th Cir.1986). Citing *Gulf Oil,* defendants contend their First Amendment rights would be infringed. Unlike the present case, however, *Gulf Oil* involved communications by plaintiff counsel (that is the putative class members' potential counsel, not the putative class members' potential opposing counsel) and also involved communications prior to certification. That is a different circumstance than the present case. *See Union Carbide,* 782 F.2d at 712. A number of courts have specifically considered the type of situation in the present case and hold that a prohibition on opposing counsel communicating with members of a certified class does not violate the First Amendment. *See Kleiner, supra; Resnick, supra; Bower, supra; Haffer, supra.*

Defendants' counsel. will be prohibited from contacting members of the class regarding this litigation absent the consent of counsel for the class member.[FN3] As stated, the prohibition only applies to communications regarding the litigation. There is no prohibition on other communications, including communications necessary to conduct the daily business of Aetna Plywood. Defendants contend there will be a need to communicate with certain employees in order to prepare its case. Defendants have not specifically identified any such employees nor have they specifically identified their need. They also have not indicated that they sought permission for such communications and were turned down by plaintiffs' counsel. No sufficient showing has been made to presently grant any exception. If the need for such communication arises, defense counsel may seek leave of court for such communications, but only after first seeking permission from the class member's counsel. Counsel for the class member shall be reasonable in considering such requests. Also, if a motion before the court is necessary, a specific and particularized need must be shown.[FN4]

As for plaintiffs' attorneys' contact with their own clients, defendants complain that the attorneys may attempt to communicate with class members regarding additional litigation. That, however, is no basis for prohibiting contact. That is precisely the type of communication that *Gulf Oil* holds is protected by the First Amendment absent a clear and particularized showing of a need for prohibition. Defendants have not made any such showing.

Defendants also seek to prohibit plaintiffs' counsel from contacting senior management officials who are members of the class. That does involve potential problems. *Cf. Manual,* § 30.24 at 234. It is doubted that plaintiffs' counsel has a great need to contact such members of the class, particularly since discovery is already closed. Moreover, until such a need might arise, it is unnecessary to determine the appropriateness of any such contact. It is not being determined that plaintiffs' counsel is prohibited from contacting such employees. However, no such contact shall be made without first seeking leave of court to do so.[FN5]

Also pending are three motions by plaintiffs for leave to conduct further discovery. The motions overlap and are in part moot. Plaintiffs generally do not explain why they need any particular discovery that they have requested. Primarily, they seek information as to what Davis did with money he received from Aetna Plywood. While such information may be important for purposes of collecting any judgment that plaintiffs may obtain, it is not pertinent to either liability or damages. Plaintiffs do not contend that the corporation's records are inadequate to determine what amounts were distributed to Davis. What Davis did with that money and how he may have reported it on his tax returns is neither relevant to plaintiffs' claims nor likely to lead to the discovery of admissible evidence. Discovery will not be reopened for purposes of obtaining Davis's tax returns nor records of his checking accounts. Also, discovery will not be reopened to permit plaintiffs to depose Len Borhart regarding Davis's personal finances.

Plaintiffs also seek to depose Borhart regarding his role as Aetna Plywood's accountant. Plaintiffs do not specify what questions they may have other than regarding a document that does not exist. Plaintiffs have not made an adequate showing to reopen discovery for purposes of deposing Borhart.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.              Page 10

Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Plaintiffs seek certain projections of Jay Frischkorn. To the extent these have not already been provided to plaintiffs, defendants shall provide them within 7 days after the date of this order. To the extent plaintiffs still seek to depose Frischkorn, that aspect of the motion is denied since it has not been shown why that would be necessary.

Plaintiffs seek to depose Annette Drago regarding a conversation she claims to have overheard between Davis and an ESOP consultant. At his deposition, Davis denied remembering any such conversation. Drago is a member of the class in the present case, but also is engaged in litigation against Aetna Plywood and Davis regarding the termination of her employment with Aetna Plywood. Counsel for plaintiffs learned of the overheard conversation shortly before discovery closed because it was mentioned in the recently filed complaint of Drago. Plaintiffs also seek Davis's telephone records to show who he spoke to on the day of the alleged conversation. There is no need to depose Drago. Since she is a member of the class, counsel for the class is free to interview her. [FN6] At this point, discovery will not be reopened for purposes of seeking possible corroboration in telephone records.

The May 16 motion mentions the possibility of needing to depose persons at banks from which Aetna Plywood sought loans. No specific persons having been identified, it is assumed that this issue became moot after the documents were obtained and the motion is denied.
IT IS THEREFORE ORDERED that:

(1) Plaintiffs' motion for partial reconsideration of order denying plaintiffs to amend their complaint to add a securities law claim [129-1] is denied.

(2) Defendants' motion to reconsider order certifying class [127-1] and alternative motion for a 28 U.S.C. § 1292 finding [127-2] are denied.

(3) Defendants' motion to stay notice [125-1] is denied. Within three weeks after today's ruling, plaintiffs shall mail notice to the class in the form stated herein.

(4) Plaintiffs' motion to compel valuation reports based on new information [131-1] is denied.

(5) Plaintiffs' motion to compel based on new information [132-1] is granted in part and denied in part. Within 7 days, defendants shall disclose any " projection" documents not previously provided to plaintiffs. Plaintiffs' motion to impose sanctions on defendants' counsel for improperly withholding requested documents [132-2] is denied. (6) Plaintiffs' motion to enjoin defendants' counsel from directly contacting class members [135-1] is granted. Defendants' counsel shall not contact any member of the class regarding this litigation without obtaining permission of the class member's counsel or leave of court if counsel's permission is denied. Defendants' motion to enjoin plaintiffs' counsel from contacting current employees is denied in part and denied in part without prejudice. Plaintiffs' counsel must seek leave of court before contacting senior management officials of Aetna Plywood.

(7) Plaintiffs' motion to extend discovery period to depose certain key witnesses [134-1] is denied in part and granted in part. Within 7 days, defendants shall provide plaintiffs with Frischkorn's projections. Plaintiffs' motion for leave to depose key witnesses [148-1] is denied. Plaintiffs' motion to open discovery in order to depose newly discovered third parties and to request defendants to produce documents [154-1,2] is denied.

(8) In open court on August 13, 1996 at 9:15 a.m., the parties shall submit an original and copy of a topbound final pretrial order in full compliance with Local Rule 5.00.

*NOTICE OF CLASS ACTION*

This notice may affect your rights.
Please read carefully.

THIS IS NOTICE OF LITIGATION BEING PURSUED FOR THE CLASS OF WHICH YOU ARE BELIEVED TO BE A MEMBER.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                              Page 11

Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

YOU ARE NOT BEING SUED.

To: All Participants in the Aetna Plywood, Inc. Employee Stock Ownership Plan (the "ESOP") as of the June 1992 sale of the ESOP's shares of Aetna Plywood, Inc. to Aetna Plywood, Inc., excluding all Defendants.

*EXHIBIT A*

Your rights may be affected by a lawsuit pending in the United States District Court for the Northern District of Illinois, Civil Action No. 95 C 3193. Plaintiff, Howard R. Montgomery, charges that Aetna Plywood, Inc., Jeffery Davis, John Francione, Peter John, and Peter Thomsen (the "Defendants") breached their fiduciary duties by effecting or approving the 1992 sale of the ESOP's Aetna Plywood shares to Aetna Plywood, Inc., for a price below their fair market value. The Defendants deny these charges and state that the entire transaction was fair and in the best interests of the ESOP participants.

The Court has not ruled on the merits of Mr. Montgomery's charges or on the denials and other defenses made by the Defendants. The purpose of this notice is to advise you (who have been identified as possibly a participant in the ESOP in June 1992) of these events and of your rights.

*CLASS ACTION RULING*

The Court has certified the case as a class action for the benefit of the participants in the ESOP with Howard R. Montgomery (the "named plaintiff") as representative of the class and his attorney, Clinton A. Krislov & Associates, Ltd., as counsel for the class. The class consists of:
All participants in the Aetna Plywood, Inc. Employee Stock Ownership Plan (the "ESOP") as of the June 1992 sale of the ESOP's shares of Aetna Plywood, Inc. to Aetna Plywood, Inc., excluding all Defendants.

The decision of the Court that this lawsuit should proceed as a class action does not mean that the Court has ruled on the merits of the class's claims. The Court's decision does not mean that any money or other relief will be obtained for the class, because these are contested issues that have not been decided. Rather, the ruling simply means that the final outcome of this lawsuit-whether favorable to the Plaintiffs or the Defendants-will apply in like manner to you and every other member of the class.

*7 If you are a member of the class, you need take no action to retain that status. Any recovery obtained on your behalf will be credited to your account in the Aetna Plywood, Inc. Profit Shares Plan, based on the proportionate interest of your account in the Profit Sharing Plan. If any recovery is obtained, the recovery may be reduced by an award of attorney's fees to class counsel. If you wish to participate directly in this action, you may do so with independent counsel, whose expenses you may be required to pay subject to your agreement with that counsel and any possible statutory fee award.

*ADDITIONAL INFORMATION*

Any questions you have concerning the matters contained in this notice (including any corrections or changes of name and address) should not be directed to the Court, or Judge assigned to this case, but should be directed to your own attorney or class counsel:
CLINTON A. KRISLOV KRISLOV & ASSOCIATES, LTD. 222 North LaSalle Street Suite 810 Chicago, Illinois, 60601-1086 312/606-0500

Also, the court file in this case may be examined during regular business hours. The file is located at 219 South Dearborn Street, Room 2020, Chicago, Illinois. That office is open weekdays 9:00 a.m. to 4:30 p.m. Court personnel can only assist you in locating the file; they cannot answer any questions about the case.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                       Page 12

Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

> FN1. Since the clause does not pertain to investment decisions, it is unnecessary to consider defendants' contention that the provision is unenforceable because inconsistent with ERISA. *Cf. Central Trust Co. v. American Avents Corp.,* 771 F.Supp. 871, 874-75 (S.D.Ohio 1989).
>
> FN2. The layout may be modified to conform with printing requirements; the language shall not be changed.
>
> FN3. To the extent any class member chooses to be represented by an attorney other than those representing the named plaintiff, defense counsel would need the permission of that counsel, not named plaintiff's counsel.
>
> FN4. Although not discussed in their motion, in their request for relief plaintiffs seek to have defendants "turn over to class counsel all information obtained from class members." Since not argued, that request is denied.
>
> FN5. Neither party proposed any definition of "senior management." It is assumed plaintiffs recognize who would be considered to fall within that category.
>
> FN6. Since defendants object to permitting her deposition, they cannot complain that they have no opportunity to learn what she may have to say.

N.D.Ill.,1996.
Montgomery v. Aetna Plywood, Inc.
Not Reported in F.Supp., 1996 WL 189347 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 1:95cv03193 (Docket) (May. 30, 1995)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.