# EXHIBIT

# I

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | Case Nos. 01-1139 through 01-1200 |
| W.R. GRACE & CO., et al., | : | |
| | : | |
|       Debtors. | : | |
| --------------------------- | | |
| OFFICIAL COMMITTEE OF | : | Adv. No. 02-2210 |
| ASBESTOS PERSONAL INJURY | : | **[LEAD DOCKET]** |
| CLAIMANTS and OFFICIAL | : | |
| COMMITTEE OF ASBESTOS | : | |
| PROPERTY DAMAGE | : | |
| CLAIMANTS OF W.R. GRACE & | : | |
| CO., suing in behalf of | : | |
| the Chapter 11 Bankruptcy | : | |
| Estate of W.R. GRACE & | : | |
| CO., et al., | : | |
| | : | |
|       Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEALED AIR CORPORATION | : | |
| and CRYOVAC, INC., | : | |
| | : | |
|       Defendants. | : | |
| --------------------------- | | |
| OFFICIAL COMMITTEE OF | : | Adv. No. 02-2211 |
| ASBESTOS PERSONAL INJURY | : | |
| CLAIMANTS and OFFICIAL | : | |
| COMMITTEE OF ASBESTOS | : | |
| PROPERTY DAMAGE | : | |
| CLAIMANTS OF W.R. GRACE & | : | |
| CO., suing in behalf of | : | |
| the Chapter 11 Bankruptcy | : | |
| Estate of W.R. GRACE & | : | |
| CO., et al., | : | |
| | : | |
|       Plaintiffs, | : | |
| v. | : | |
| | : | |
| FRESENIUS MEDICAL CARE | : | |
| HOLDINGS, INC. and | : | |
| NATIONAL MEDICAL CARE, | : | |
| INC., | : | **ORDER TO COMPEL AND** |
| | : | **PROTECTIVE ORDER** |
|       Defendants. | : | |

26

This matter having been opened before the Court by the motion of plaintiff in the above-captioned adversary proceedings for an Order compelling production of documents created within the time frame relevant to these actions relating to W.R. Grace & Co.-Conn. ("Grace")'s monitoring of the matter titled <u>Georgine v. Amchem Products, Inc.</u> and documents prepared as part of Grace's calculation of asbestos and environmental reserves for its audited financial statements; and plaintiff having argued that Grace's objections on the ground that the documents contain attorney work product should be overruled on the ground of particular need and hardship and on other grounds; and Grace having appeared in opposition to this motion; and it appearing that parties have agreed on a form of protective order acceptable to Grace in the alternative should the Court grant plaintiff's motion; and the Court having found that plaintiff's ground of particular need and hardship justifies the relief sought herein; and the Court having found that there is no need to reach plaintiff's arguments based upon other grounds; and good cause appearing

It is this 21ST day of May, 2002

ORDERED that plaintiff's motion is granted and that Grace shall immediately produce under compulsion of this Order the documents described above, subject to the further terms and conditions of this Order to Compel and Protective Order, and it

2

is further

ORDERED that the Court adopts and incorporates by reference the form of protective order attached hereto, subject to the following amendments:

    1.   Application to the Court as specified in paragraph 3F shall be made in the first instance to the Special Master in the manner set forth in prior Orders of this Court and as may be further specified by the Special Master;

    2.   Subject to the requirement of due process, the Court may modify this Order to Compel and Protective Order at any time on its own motion or otherwise upon good cause shown;

and it is further

ORDERED that the findings and the effect of this Order to Compel and Protective Order are limited to the above-captioned adversary proceedings and this Order is without prejudice to the rights of any party to discovery in any other matter, including without limitation in proceedings in the above-captioned consolidated Chapter 11 cases In re W.R. Grace et alia, provided however, that production of documents or testimony pursuant to this Order to Compel and Protective Order shall not constitute a waiver of the attorney work product or other privilege against discovery of the information disclosed, and it is further

3

ORDERED that the Court shall not be bound by any provision in the Protective Order, including, without limitation, that the Court shall not be bound with respect to (a) whether any material designated confidential is properly so designated or should remain so, and (b) whether any document filed under seal pursuant to the protective order should properly be or remain under seal.

_____
ALFRED M. WOLIN, U.S.D.J.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 02 - 2210 |
| | ) | [LEAD DOCKET] |
| -against- | ) | |
| | ) | |
| SEALED AIR CORPORATION and | ) | |
| CRYOVAC, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | Adv. No. 02-2211 |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | **PROTECTIVE ORDER** |
| Plaintiffs, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| FRESENIUS MEDICAL CARE | ) | Affects Dockets 02-2210 and 02-2211 |
| HOLDINGS, INC. and | ) | |
| NATIONAL MEDICAL CARE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

IT IS HEREBY ORDERED that:

1. This Protective Order ("Order") shall govern (i) all confidential documents produced by any party in this action; (ii) all confidential documents produced by any third party; (iii) all confidential interrogatory answers, responses to requests to admit and other discovery materials produced or provided by the parties or third parties; and (iv) all confidential testimony given in this action. This Order shall also govern all confidential information derived from such documents, discovery responses and testimony, and all copies, excerpts, or summaries of them. This Order shall apply to the parties in this action and to all attorneys of record in this action and their agents, including but not limited to, consulting or testifying experts engaged by a party or its attorneys in this action.

2. For purposes of this Order, the following terms shall mean as follows:

A. The term "person" refers to all natural persons, corporations, unincorporated associations, partnerships, joint ventures, or other artificial persons of any kind no matter how identified or organized.

B. The term "document(s)" shall have the full meaning ascribed to it under Federal Rule of Civil Procedure 34 and Federal Rule of Bankruptcy Procedure 7034.

C. The term "testimony" includes all depositions and discovery responses given pursuant to the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

D. The term "party" or "parties" includes persons within the "control group" of any corporate entity. Any such person who reviews a document covered by this Order shall be advised of and shown a copy of this Order and, except for those

persons identified in Paragraphs 4(A)(1) and 4(A)(4), shall execute an acknowledgment in writing (attached hereto as Exhibit 1) that he or she has received a copy of this Order and is familiar with the provisions of it and all such persons shall: (i) be bound thereby; (ii) not use such documents or confidential testimony for any purpose other than in connection with the prosecution or defense of this action and not for any other purposes or any other case; (iii) not disclose any such document or confidential information, including information derived therefrom, to any person other than a person who has received a copy of this Order, has executed a written acknowledgment (in the form of Exhibit 1), and is subject to the provisions of this Order; and (iv) upon termination of his or her connection with this action, return such documents or information to the counsel who disclosed it in the first instance, or destroy such documents.

3. "Confidential Attorneys' Eyes Only" Documents:

    A. Any party may designate documents or other information as "Confidential Attorneys' Eyes Only" by designating it "Confidential Attorneys' Eyes Only" or "Subject To Protective Order" (collectively referred to hereinafter as "Confidential Attorneys' Eyes Only") in good faith. A party may designate as "Confidential Attorneys' Eyes Only" documents constituting: (i) highly confidential, commercially sensitive or trade secret information; or (ii) attorney work product produced in this matter over objection pursuant to Court Order.

    B. With respect to a document, the designation of Confidential Attorneys' Eyes Only shall be made by placing or affixing a stamp or marking upon