## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Related Docket Nos. 14044, 14248** |
| | ) |

**MOTION FOR AN ORDER PURSUANT TO SECTION 107(B) OF
THE BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND LOCAL RULE 9018-1(B)
AUTHORIZING THE FUTURE CLAIMANTS' REPRESENTATIVE, AND
DIRECTING THE CLERK OF THE COURT, TO FILE UNDER SEAL
"EXHIBIT A" TO THE OPPOSITION OF THE FUTURE CLAIMANTS'
REPRESENTATIVE TO W.R. GRACE & CO.'S MOTION TO QUASH 30(b)(6)
DEPOSITION NOTICE AND FOR A PROTECTIVE ORDER**

David T. Austern, the Court-appointed legal representative for future asbestos claimants (the "Future Claimants' Representative" or "FCR"), by and through his undersigned counsel, hereby moves (the "Motion") for the entry of an order pursuant to Section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the FCR, and directing the Clerk of the Court, to file under seal "Exhibit A" to the Opposition of the Future Claimants' Representative to W.R. Grace & Co.'s Motion to Quash 30(b)(6) Deposition Notice and For A Protective Order. In support of this Motion, the FCR respectfully represents as follows:

### JURISDICTION

1. The Court has jurisdiction over these proceedings, the parties and property affected thereby, and the Motion, pursuant to 28 U.S.C. §§157(b) and 1334. Venue is

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief requested in the Motion are Section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 9018-1(b) of the Local Rules.

## BACKGROUND

2. On or about April 2, 2001, W.R. Grace & Co. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtors continue to be in possession of their respective properties and are operating and managing their respective businesses and assets, as debtors-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The proceedings are being jointly administered, for procedural purposes, pursuant to an Order of this Court.

3. No Trustee or examiner has been appointed in the Debtors' chapter 11 cases. On April 13, 2001, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Property Damage Claimants, and the Official Committee of Asbestos Personal Injury Claimants (the "ACC") pursuant to Section 1102(a)(1) of the Bankruptcy Code. On May 24, 2004, this Court signed an Order appointing David T. Austern as the legal representative for future asbestos claimants.

4. Pursuant to the case management orders regarding the estimation of the Debtors' asbestos personal injury liabilities, the ACC and FCR served a notice of a Rule 30(b)(6) deposition on the Debtors on October 3, 2006. Despite numerous efforts among

the parties to meet and confer regarding the 30(b)(6) deposition notice, they have been unable to resolve their differences.

5. On December 15, 2006, the Debtors filed a Motion to Quash 30(b)(6) Deposition Notice and For A Protective Order (Docket No. 14044) (the "Debtors' Motion to Quash").

6. On January 5, 2007, the FCR filed his objection to the Debtors' Motion to Quash along with an exhibit ("Exhibit A"), which contains confidential information provided to the FCR by the Debtors upon agreement to maintain the confidentiality of the information. The Debtors have designated this information as confidential. Therefore, the FCR seeks to have this Court enter an order permitting the filing of Exhibit A under seal so as to protect the Debtors' asserted interest in the confidential, commercial information and the FCR's agreement to maintain the confidentiality of the information.

### RELIEF REQUESTED

5. By this Motion, the FCR requests authority to file Exhibit A under seal for *in camera* review by this Court.

6. In pertinent part, Section 107(b) of the Bankruptcy Code provides:

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
    (1) protect an entity with respect to a trade secret or confidential research development, or commercial information;

7. Similarly, Bankruptcy Rule 9018, provides:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a cased under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule

3

without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

8. The relief sought herein is the least intrusive means of achieving the goal of protecting the integrity of the judicial process, protecting legitimate confidential commercial information, and fostering the creation of a full and fair record for the Court's adjudication of disputes. *In re 50-Off Stores*, 213 B.R. 646, 659 (Bankr. W.D. Tex. 1997) (The sealing device permits the court to do its job fully, permitting both a full inquiry and assuring the protection of the asset the cause of action represents.).

9. It is a long-standing practice in the federal courts for relevant evidence to be received at trial *in camera*, so as to protect the non-public character of qualified material while allowing the Court to perform its adjudicative functions. *See John T. Lloyd Lab., Inc. v. Lloyd Bros. Pharmaceuticals, Inc.*, 131 F.2d 703, 707 (6th Cir. 1942) (trial court ordered to receive evidence in trade secret litigation *in camera*); *Standard & Poor's Corp. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1276 (S.D.N.Y. 1982) (closure of part of trial may be ordered to preserve trade secret confidentiality and avoid irreparable harm).

10. The FCR submits that it is necessary to file Exhibit A under seal as it contains confidential information relating to the Debtors' asbestos personal injury claims, which the Debtors seek to maintain as confidential. Additionally, as noted, the information contained in Exhibit A was provided to the FCR by the Debtors upon agreement to maintain the confidentiality of the information. Consequently, the FCR seeks the relief requested herein.

11. This Motion has been served on the Office of the United States Trustee, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, counsel to the Official Committee of Asbestos Property Damage Claimants, counsel to the Official Committee of Asbestos Personal Injury Claimants, counsel to the Official Committee of Equity Security Holders, and all parties listed on the Master Service List. An unsealed copy of Exhibit A has been served on the Office of the United States Trustee, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, counsel to the Official Committee of Asbestos Property Damage Claimants, counsel to the Official Committee of Asbestos Personal Injury Claimants, and counsel to the Official Committee of Equity Security Holders.

## NO PRIOR REQUEST

12. No previous motion to file Exhibit A under seal has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the FCR respectfully requests entry of an order authorizing the FCR, and directing the Clerk of the Court, to file under seal Exhibit A to the Opposition of the Future Claimants' Representative to W.R. Grace & Co.'s Motion to Quash 30(b)(6) Deposition Notice and For A Protective Order, and granting other and further relief as is just and equitable.

| | |
|---|---|
| January 5, 2007 | Respectfully submitted, |�

January 5, 2007

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Raymond G. Mullady, Jr.*
Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 339-8400

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Counsel for David T. Austern,*
*Future Claimants' Representative*