## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., <u>et al.</u>,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

Re: Docket Nos. 14014, 14015, 14147

## RESPONSE OF THE DEBTORS TO THE MOTION OF ZONOLITE ATTIC INSULATION PROPERTY DAMAGE CLAIMANTS FOR LEAVE TO APPEAL

The ZAI Claimants' request for leave to appeal the Bankruptcy Court's recently issued ZAI Opinion[2] should be denied. The ZAI Opinion is not a final Order. It is an interlocutory order that addresses but one threshold issue with respect to one type of claim asserted against the Debtors in these Chapter 11 cases: "whether the physical characteristics, use, and location of ZAI in homes creates an unreasonable risk of harm."[3] As stated in the ZAI Opinion, while that

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  Order Resolving Motion for Partial Summary Judgment, Cross Motions for Summary Judgment and Scheduling a Status Conference and Memorandum Opinion, dated December 14, 2006. (Dkt. Nos. 14014 and 14015).

[3]  ZAI Opinion at p.7.

decision resolved a fundamental issue in the process of addressing potential ZAI Claims, it may not be fully dispositive of all ZAI Claims.

The ZAI Claimants have not even attempted, much less met their burden, to demonstrate the requirements for interlocutory review. First, the ZAI Claimants have altogether ignored their burden of demonstrating the "exceptional circumstances" necessary to justify a departure from the basic policy of declining review until after entry of final judgment. For this reason alone, the ZAI Claimants' Motion for Leave should be denied.

Second, the ZAI Claimants fail to identify *any* "controlling question of law as to which there is a substantial ground for difference of opinion" or any "controlling legal precedent" the Bankruptcy Court allegedly failed to follow that would warrant interlocutory review of the ZAI Opinion.

The ZAI Claimants also fail to demonstrate that an immediate appeal of the ZAI Opinion would "materially advance" the Debtors' reorganization. The ZAI Claimants argue that the ZAI Opinion will somehow impede settlement discussions and conclusion of the chapter 11 cases. This argument alone does not meet the "exceptional circumstances" requirement. And, to the contrary, an immediate appeal of the ZAI Opinion would likely delay the ultimate termination of these bankruptcy cases. Nearly six years of bankruptcy proceedings, and a five-month litigation moratorium in 2006 for the express purpose of promoting settlement discussions failed to produce a settlement. Now, the Debtors are in the middle of discovery preparatory to an estimation of asbestos personal injury claims. Trial on that estimation, which is key to proceeding to confirmation of a Chapter 11 plan, is set for hearing in June 2007.

At the same time, the Bankruptcy Court continues to adjudicate and disallow traditional asbestos property damage claims and has entered a case management order setting trial on

2

various claims for April and May of 2007. An interlocutory, piecemeal review of the ZAI Opinion will interfere with that work and delay the ultimate resolution of the bankruptcy.

For all of these reasons, the ZAI Claimants' motion for leave to appeal the ZAI Opinion should be denied.

### Procedural Background

The ZAI Claimants' recitation of the procedural background of this matter is essentially correct. However, the ZAI Claimants omit any discussion of how the ZAI Claims fit into the overall Chapter 11 cases or what is left to do with respect to ZAI Claims in the context of the overall adjudication or estimation of asbestos property damage claims.

From the very beginning of these Chapter 11 cases, the Debtors sought approval of a detailed proof of claim form and bar date notice program for property damage claims involving one of the Debtors' specific products: Zonolite Attic Insulation ("ZAI").[4] The Debtors' approach was opposed by the ZAI Claimants, who favored class certification. The Bankruptcy Court decided that the first order of business should be to receive scientific evidence on whether ZAI creates any unreasonable risk of harm.[5]

On April 12, 2002, the Debtors, pursuant to Section 501(c) of the Bankruptcy Code, filed ten proofs of claim on behalf of claimants who were holders of ZAI Claims. The claims were filed as disputed claims. On May 20, 2002, the Court denied certain ZAI Claimants' motion to strike certain of the claims, and directed that (1) the ZAI Claimants file amended proofs of claim and (2) the Debtors file objections to the claims and any amended claims. The Court also

---

[4]   Debtors' Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and Approval of Notice Program. (Dkt. No. 586); Motion for Entry of Case Management Order, Establishment of Bar Date, Approval of Proof of Claim Forms and Approval of Notice Program. (Dkt. No. 587).

[5]   Tr. of Hr'g on 3/18/02 (Dkt. No. 1912) at 84-88, 116-118; Tr. of Hr'g on 4/22/02 (Dkt. No. 2057) at 11-17.

indicated that it would not take up any issues with respect to class claims or the certification of a ZAI class in the Chapter 11 cases until after the Court conducted a "science trial" with respect to ZAI. Thereafter, certain ZAI Claimants filed amended claims that asserted, inter alia, claims based on strict product liability, negligence, deceit, fraudulent concealment, fraud by non-disclosure, and unfair and deceptive business practices. The amended claims allege individual claim amounts between $10,000 and $40,000. The claims did not include any class allegations.

On June 10, 2002, the Debtors filed objections to the claims and the amended claims. (collectively, the "ZAI Claims").[6] The Debtors' objections included, but were not limited to:

- Lack of scientifically reliable evidence that ZAI poses an unreasonable risk of harm to the occupants of homes;

- Lack of scientifically reliable evidence that the mere presence of ZAI in an attic creates any airborne asbestos fibers;

- Lack of scientifically reliable evidence that the limited frequency of duration of potential disturbances of ZAI result in hazardous levels of airborne asbestos fibers;

- Lack of scientific data or studies establishing that such low level, sporadic non-occupational exposures to trace amounts of asbestos cause an increased risk of disease to building occupants;

- The theoretical risk of disease, if any, allegedly resulting from the ZAI is lower than the risk associate with many every day activities; and

- The ZAI Claims do not contain sufficient information to establish whether and to what extent the claimants actually suffered any damages.

On October 21, 2002, the Bankruptcy Court entered an order scheduling discovery and briefing with respect "to what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm." (the "Science Trial")[7] In that order, the Court directed that the Debtors file a consolidation motion under Rule 42 of the Federal Rules of Civil Procedure

---

[6]   Debtors' Omnibus Objection to Zonalite Attic Insulation Proofs of Claim (Dkt. No. 2193).

[7]   Order entered on 10/21/02 (Dkt. No. 2855).

together with any related *Daubert[8]*/summary judgment motions.   The Court also appointed

Special Counsel to represent the ZAI Claimants in the Science Trial proceedings. [9] Discovery

progressed, deadlines were extended and on July 7, 2003 the Debtors filed their Motion to

Consolidate the Actions of ZAI Claimants Pursuant to Rule 42.[10]  The ZAI Claimants did not

oppose the Debtors' Rule 42 Motion.

The Debtors' and ZAI Claimants submitted numerous expert reports and voluminous

materials that included, *inter alia*, extensive scientific testing concerning what the science

demonstrates with regard to whether ZAI poses an unreasonable risk of harm.   Months of

discovery ensued, including depositions of over twenty (20) fact witnesses and over a dozen

expert witnesses.

Cross motions for summary judgment were made and fully briefed – the full set of those

materials comprised thirteen (13) three-inch binders.[11]  The ZAI Claimants filed a motion for

---

[8]  *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

[9]  Special counsel was appointed pursuant to section 502 of the Bankruptcy Code to be paid by the Debtors' estates.

[10]  Dkt. No. 4010.

[11]  ZAI Claimants' Motion for Summary Judgment (Dkt. No. 4007); W.R.. Grace & Co.'s Motion for Summary Judgment (Dkt. No. 4009); Debtors' Motion in Limine o Exclude Evidence of Any Alleged Damages from the ZAI Science Trial (Dkt. No. 4012); ZAI Claimants' Motion for Summary Judgment (Dkt. No. 4018); ZAI Claimants' Motion in Limine to Exclude Dr. R.J. Lee's Opinion on Cleavage Fragments (Dkt. No. 4022); United States' Statement Regarding Asbestos Analysis Issues in W.R. Grace's Motion for Summary Judgment and Claimants' Motion to Exclude Dr. R.J. Lee's Opinion on Cleavage Fragments (Dkt. No. 4173); Grace's Memorandum in Opposition to ZAI Claimants' Motion for Partial Summary Judgment Regarding Consumer Protection Act Claims (Dkt. No. 4175); Response of ZAI Claimants to Debtors' Motion in Limine to Exclude Evidence of Any Alleged Damages from the ZAI Science Trial (Dkt. No. 4202); ZAI Claimants' Response to W.R. Grace's Motion for Summary Judgment (Dkt. No. 4204); Opposition of W.R. Grace & Co. to Claimants' Motion for Summary Judgment (Dkt. No. 4205); Opposition of W.R. Grace & Co. to Claimants' Motion to Exclude Dr. R.J. Lee's Opinion of Cleavage Fragments (Dkt. No. 4206); ZAI Claimants' Reply to Grace's Memorandum in Opposition to ZAI Claimants' Motion for Partial Summary Judgment re W.R. Grace's Consumer Protection Act Liability (Dkt. No. 4291); ZAI Claimants' Reply to W.R. Grace's Response to Claimants' Motion to Exclude Dr. R.J. Lee's Opinion on Cleavage Fragments (Dkt. No. 4293); ZAI Claimants' Reply to W.R. Grace's Response to Claimants' Motion for Summary Judgment (Dkt. No. 4294); Reply of W.R. Grace & Co. to United States' Statement Regarding Asbestos Analysis Issues in W.R. Grace's Motion for Summary Judgment and Claimants' Motion to Exclude Dr. R.J. Lee's Opinion on Cleavage Fragments (Dkt. No. 4296); Reply in Support of Debtors' Motion in Limine to Exclude Evidence of Any Alleged Damages from

partial summary judgment seeking an order specifying that there is no material issue of fact that ZAI is contaminated with asbestos and ZAI releases asbestos fibers into the air when disturbed during foreseeable homeowner activities in the attic. The ZAI Claimants also filed a motion for summary judgment requesting judgment as a matter of law that ZAI can contaminate homes/pose an unreasonable danger upon disturbance and that Claimants have viable claims under tort and/or other legal theories in the bankruptcy cases. Claimants proposed that a claims fund be established to compensate presently identified claimants and that provisions should be made for not-yet-identified claimants as homeowners encounter ZAI during foreseeable disturbance activities.

The Debtors contended that ZAI has been used safely in homes for over 70 years and thus does not pose an unreasonable risk of harm. The Debtors requested that the Court dismiss the property damage claims of the ZAI Claimants since the Claimants did not meet their burden to proffer valid scientific evidence sufficient to create a genuine issue of material fact on whether ZAI creates an unreasonable risk of harm. The Bankruptcy Court held a hearing on October 18, 2004.

On December 14, 2006, the Bankruptcy Court issued the ZAI Opinion[12] wherein it found that there is no dispute regarding the fact that ZAI is contaminated with asbestos and can release asbestos fibers when disturbed during foreseeable homeowner activities. However, the Bankruptcy Court went on to find that any such contamination was not sufficient to constitute an unreasonable risk of harm.[13] The Bankruptcy Court: (i) granted in part the Debtors' motion for

---

the ZAI Science Trial (Dkt. No. 4297); Reply of W.R. Grace & Co. to ZAI Claimants' Response to Grace's Motion for Summary Judgment (Dkt. No. 4298).

[12]   Dkt. Nos. 14015 and 14014.

[13]   ZAI Opinion at p. 51.

summary judgment that ZAI poses no unreasonable risk of harm; (b) denied in part the ZAI

Claimants' motion for summary judgment as to that issue; (c) denied without prejudice the ZAI

Claimants' motion for partial summary judgment; (d) found that there is no dispute regarding the

fact that ZAI is contaminated with asbestos and can release asbestos fibers when disturbed; (e)

granted and denied certain *Daubert* objections and (f) ordered a status conference regarding the

remainder of ZAI Claimants' and Debtors' motions for summary judgment for January 22, 2007,

which date by request of the ZAI Claimants has now been re-set to February 26, 2007.

On December 22, 2006, the ZAI Claimants (i) filed a notice of appeal[14](the "Notice of

Appeal") from the ZAI Opinion and (ii) filed their Motion for leave to pursue an interlocutory

appeal from the ZAI Opinion pursuant to 28 U.S.C. § 158(a)(3) (the "Motion for Leave").[15]

### ZAI Opinion

The ZAI Opinion is a careful, detailed and well-reasoned decision issued by a

knowledgeable Bankruptcy Judge after review and consideration of thousands of pages of

detailed pleadings, expert reports, depositions and other discovery. In addition to all of the

motions and briefs referenced in footnote 11 above, the evidence presented to the Bankruptcy

Court in the thirteen (13) three-inch binders and at the October 18, 2004 hearing included, *inter*

*alia*, the following:

- Five (5) expert reports and voluminous supporting materials submitted by Debtors;

- Seven (7) expert reports and voluminous supporting materials submitted by the ZAI
  Claimants;

- Governmental regulatory standards for asbestos, including permissible exposure
  limits;

---

[14]   Dkt. No. 14140.

[15]   Dkt No. 14147.

- Expert analyses of the results of extensive testing of ZAI conducted by Debtors' experts, ZAI Claimants' experts, the EPA and other professionals during disturbance of ZAI;

- Excerpts of depositions taken of numerous fact and expert witnesses, including the testimony of those experts who participated in the analyses of the above referenced scientific testing of ZAI;

- Testing and/or studies conducted by governmental agencies, including EPA and ATSDR, with respect to ZAI in Libby, Montana; and

- Pronouncements from governmental agencies, including EPA and ATSDR with respect to ZAI, including acknowledgements that scientific studies thus far failed to establish a scientific basis to show a relationship between ZAI and health risks.

After an analysis of the applicable legal standards for the cross motions for summary judgment and the admissibility of scientific evidence, the Bankruptcy Court addressed the ZAI Claimants' motion for partial summary judgment and concluded, as requested by the ZAI Claimants, that there was no dispute that ZAI is contaminated with asbestos and can release asbestos fibers when disturbed.[16] The Bankruptcy Court analyzed and rejected the Claimants' contentions that these finding alone established liability under state consumer protection statutes and theories such as stigma to real property.[17] The Bankruptcy Court then turned to the issue of whether there was scientifically reliable evidence sufficient to demonstrate that ZAI poses an unreasonable risk of harm.[18]

For the next 35 pages of the ZAI Opinion, the Bankruptcy Court conducted a thorough analysis of the evidence – including the admissibility of such evidence under the *Daubert* standard - and the legal theories and authorities advanced by both the Debtors and the ZAI

---

[16] ZAI Opinion at p. 15.

[17] ZAI Opinion at pp. 16-17.

[18] ZAI Opinion at p. 17.

Claimants in their cross motions for summary judgment.[19]   The Court's analysis included

extensive discussions of and citations to the record evidence (over 100 footnotes) and the

applicable case law upon which the Court relied.  The Bankruptcy Court then concluded that:

"Debtors' met their burden of identifying the absence of a genuine issue of material fact when

they provided risk assessment, industrial hygiene evaluation, and the ATSDR Libby study to

support a finding that ZAI does not pose an unreasonable risk of harm;"[20] and, the ZAI

Claimants failed to show a disputed material fact to establish that ZAI poses an unreasonable risk

of harm when they, *inter alia*, "failed to provide any epidemiological evidence or any risk

assessment," and "failed to account for lifetime exposure differences between the workplace and

a home attic insulated with ZAI."[21]   As a result, the Bankruptcy Court held:

> Without any scientifically reliable evidence indicating that ZAI
> poses an unreasonable risk of harm, this court must grant Grace's
> motion for summary judgment in part and deny Claimants' motion
> for summary judgment in part, limited to the threshold issue of
> unreasonable risk of harm as it pertains to all proofs of claim.
> While the determination made herein may prove to be fatal to the
> property damage claims, several different theories of liability were
> proposed in the individual proofs of claims and may still need to be
> addressed.[22]

While the Debtors are confident that the ZAI Opinion would be affirmed in all respects if

tested by appeal to the District Court, grounds for an immediate, interlocutory review of the ZAI

Opinion do not exist.

---

[19]   ZAI Opinion at pp. 17-51.

[20]   ZAI Opinion at pp. 51-52.

[21]   ZAI Opinion at p. 52.

[22]   ZAI Opinion at p. 53.

<u>Argument</u>

**A.    The ZAI Opinion Is Not a Final Order and Grounds Do Not Exist for Interlocutory
Review**

      **1.    The ZAI Opinion is clearly interlocutory**

Pursuant to 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from

"final judgments, orders and decrees" of bankruptcy courts.  An order is considered "final" when

it resolves the issues before the court leaving no related issues for later determination.  *See In re*

*G-I Holdings, Inc.*, 318 B.R. 66, 73 (D. N.J. 2004) ("A decision in a bankruptcy matter is final

when 'nothing remains for the [lower] court to do.'") (quoting *In re West Electronics Inc.,* 852

F.2d 79, 81 (3d Cir. 1988)); *In re Delaware and Hudson Ry. Co.*, 129 B.R. 388, 393 (D. Del.

1991) ("Generally, a final order is one which finally resolves a discrete set of issues, leaving no

related issues for later determination.").

      There is no serious dispute that the ZAI Opinion is not a final Order.  It is an

interlocutory order that both partially grants and partially denies cross motions for summary

judgment. Rule 56(c) of the Federal Rules of Civil Procedure itself indicates that partial

summary judgments are interlocutory.  *See* Fed. R. Civ. P. 56(c).  Courts have held the same.

*See  Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) ("The order, viewed apart from its

discussion of Rule 54(b), constitutes a grant of partial summary judgment limited to the issue of

petitioner's liability.  Such judgments are by their terms interlocutory, *see* Fed. R. Civ. P. 56(c),

and where assessment of damages or awarding of other relief remains to be resolved have never

been considered to be "final" within the meaning of 28 U.S.C. s 1291."); *Fireman's Fund Ins.*

*Co. v. Joseph J. Biafore, Inc.*, 526 F.2d 170 (3d Cir. 1975); *Coppa v. American Soc'y for Testing*

*Materials*, 2005 WL 1124180, at *1 (E.D. Pa. May 11, 2005); *Arista Records, Inc. v. Flea World, Inc.*, 2006 WL 2882990 (D. N.J. Oct. 10, 2006).[23]

The ZAI Opinion addressed a threshold issue as identified by the Bankruptcy Court: "the nature of the product – specifically, whether the physical characteristics, use, and location of ZAI in homes creates an unreasonable risk of harm." Although the Court indicated that this determination was "a critical factor in assessing the viability of the property damage claims and the practicability of the proposed procedures for administration of the claims process,"[24] the ZAI Opinion did not adjudicate all ZAI Claims per se and did not decide what procedure should be implemented to address ZAI Claims that might still be asserted against Grace in the Chapter 11 cases.

The ZAI Opinion is simply the first step in the process of addressing potential ZAI Claims. Indeed, in the ZAI Opinion, the Court specifically set the matter for a status hearing to address the very issue of where to go next in the process.

### 2.     Grounds do not exist for permitting interlocutory review

Section 158(a)(3) of the Judicial Code permits district courts to grant parties leave to appeal from "interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). In determining whether to grant leave to appeal an interlocutory order, district courts within the Third Circuit employ the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to

---

[23]    The Bankruptcy Court's denial of the ZAI Claimants' motion for summary judgment is also undeniably interlocutory. *See Rhone-Poulenc Surfactants and Specialties, L.P. v. Commissioner.*, 249 F.3d 175, 177 (3d Cir. 2001) (denial of summary judgment motion asserting that tax assessment was time-barred was interlocutory); *Bines v. Kulaylat*, 215 F.3d 381, 384 (3d Cir. 2000) ("As a general rule, we have no jurisdiction under 28 U.S.C. § 1291 to review interlocutory orders such as a denial of summary judgment."); *McNasby v. Crown Cork and Seal Co., Inc.*, 832 F.2d 47, 49 (3d Cir. 1987) ("Patently, the district court's order denying [the] motion to dismiss or in the alternative for summary judgment is not appealable under 28 U.S.C. § 1292(a)(1). Review of such orders must await the conclusion of the case in the district court."); *Mainguth v. Packard*, 2006 WL 1410737, at *1 (M.D. Pa. May 23, 2006) ("The denial of a motion for summary judgment is an interlocutory order.").

[24]    ZAI Opinion at p. 7.

the circuit courts of appeals. *See In re Edison Bros. Stores, Inc.*, 1996 WL 363806, at *3 (D. Del. June 27, 1996); *Dal-Tile Int'l., Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 (D. Del. 1996).

A court entertains an appeal of an interlocutory order under § 1292(b) only when the appellant establishes *exceptional* circumstances justifying a departure from the basic policy of postponing review until after entry of a final judgment. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978) (appellant has burden of persuading court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment"); *Edison Bros. Stores*, 1996 WL 363806, at *3 (same); *Dal-Tile,* 203 B.R. at 557 ("Additionally, a court will entertain an appeal under section 1292(b) only when an  appellant demonstrates that 'exceptional circumstances justify departure from the basic policy of postponing review until after the entry of final judgment.'").

In addition to the requirement of demonstrating an exceptional circumstance, under § 1292(b) an interlocutory appeal is permitted only when the order at issue: (a) involves a controlling question of law upon which there is (b) substantial grounds for difference of opinion, and (c) when an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Edison Bros. Stores*, 1996 WL 363806, at *3; *Delaware and Hudson Ry. Co.,* 96 B.R. at 469, 472 (D. Del. 1989).

In the present case, the Motion for Leave should be denied under 28 U.S.C. § 158 because the ZAI Claimants do not even attempt, much less meet their burden, to demonstrate the requirements for interlocutory review.  First and foremost, the ZAI Claimants ignore completely the "exceptional circumstances" requirement and for this reason alone, their Motion for Leave should be denied.

Beyond that, the ZAI Claimants' bald statement that the Court departed from "controlling legal precedent" [25] without citing to any such precedent is insufficient on its face. Asserting that there are controlling issues of law as to which there is substantial difference of opinion without citing to any cases supporting this assertion is telling. In fact, many of the issues stated in their Motion for Leave are not even issues of law but instead are factual issues. [26] *See Link v. Mercedes-Benz of N. Am., Inc.,* 550 F.2d 860, 863 (3d Cir. 1977) (Section 1292 "is not designed for review of factual matters but addresses itself to a 'controlling question of law.'").

Simply stating that the court departed from "20 years of asbestos property damage precedent" alone is neither accurate nor sufficient. *See Burns v. Lavender Hill Herb Farm, Inc.,* 2005 WL 545288, at *2 (E.D. Pa. Mar. 2, 2005) ("Plaintiff's disagreement with the Court's logic, without citation to contrary authority, does not create a legally sufficient difference of opinion."); *General Refractories Co. v. Allstate Ins. Co.,* 1995 WL 71044, at *1 (E.D. Pa. Feb. 22, 1995) ("First, plaintiff fails to establish that there are substantial grounds for difference of opinion. Merely asserting such difference . . . does not satisfy the more stringent requirements of § 1292(b).").

In addition to their failure to identify any state court precedent or state law the Bankruptcy Court allegedly failed to apply, the ZAI Claimants overlook the applicability of federal law to the scientific issues before the Bankruptcy Court. For example, the scientific

---

[25]  Motion for Leave at ¶ 22.

[26]  For example, the Motion for Leave lists the following two issues that the ZAI Claimants seek to present on appeal:

"Whether the Bankruptcy Court erred in granting summary judgment when there are conflicting issues of material fact and inferences to be drawn from those material facts, and whether the Court made factual findings as to disputed issues by improperly favoring evidence supporting Debtors' position." Motion for Leave at ¶ 17(a).

"Whether the Bankruptcy Court erred by holding that no facts permit the conclusion that ZAI is 'unreasonable dangerous.'" *Id.* at ¶ 17(g).

evidence introduced in the Science Trial was subject to Rule 702 of the Federal Rules of Evidence, the corresponding interpretation provided by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals,*[27] and the District of Delaware Bankruptcy Court's decision in *In re Armstrong World Industries.*[28] In fact, in the *In re Armstrong World Industries* decision, Judge Newsome addressed the same type of scientific issues at issue here under the *Daubert* standard. The Bankruptcy Court's thorough review and application of this federal law does not provide a basis for interlocutory review of the ZAI Opinion.

Simply put, the ZAI Claimants cannot demonstrate any exceptional circumstances to warrant an immediate, piecemeal appeal of the ZAI Opinion, nor can they meet the other requirements of § 1292(b). The ZAI Opinion determined but one threshold issue necessary to proceeding with further case management proposals for administering potential ZAI Claims.[29] The ZAI Opinion is merely one element with respect to one set of potential claims in these long-running and complex Chapter 11 cases. At this stage in the cases, it is counterproductive to be taking interlocutory appeals of isolated issues.

**B.    Interlocutory Review of the ZAI Opinion Would Be Detrimental At This Stage in the Cases**

The ZAI Claimants argue that if an appeal is delayed, the ZAI Opinion will impede settlement discussions and negatively impact an agreement that has been reached by the asbestos claimants with respect to an allocation of available funds in the Debtors' Chapter 11 plan.

---

[27] 509 U.S. 579 (1993).

[28] 285 B.R. 884 (Bankr. D. Del. 2002).

[29]    As noted above, the ZAI Opinion was the result of the Debtors' request in June 2001 (Dkt. Nos. 586 and 587), which was renewed in December 2004 (Dkt. No. 7250) and again in July 2005 (Dkt. No. 8995) to enter a case management order for the adjudication and estimation of ZAI liabilities which would include the setting of a bar date for the filing of ZAI Claims and the return of a proof of claim and a ZAI questionnaire.

Instead of negotiating with the Debtors, the ZAI Claimants and the other asbestos constituents apparently struck a bargain specifying how any funds paid to asbestos claimants under *any plan* proposed by *any party* will be divided (the "Asbestos Agreement"). Specifically, no matter what the plan or Bankruptcy Court orders provide, the Asbestos Agreement apparently dictates that a certain percentage of any funds distributed with respect to asbestos claims will go to pay PI claims and a certain percentage will go to pay PD claims. Further, the PD distribution shall be divided in a fixed percentage between traditional PD claims and ZAI Claims. Debtors understand that the asbestos claimants intend for the Asbestos Agreement to apply regardless of the Court's ruling on ZAI, its disallowance of more PD claims or its ultimate determinations of the value of certain claims among constituents in the estimation. The Bankruptcy Court has reacted with appropriate skepticism to the discussion of this feature of the Asbestos Agreement.[30]

The ZAI Claimants now attempt to use the existence of this deal as a basis for an interlocutory review of the ZAI Opinion. The ZAI Claimants have it backward. They have had over five years to engage in settlement discussions with the Debtors. That time period included a five-month moratorium on all litigation in these Chapter 11 cases ordered by the Bankruptcy Court last year. No consensual agreement with the Debtors was reached.

Contrary to the ZAI Claimants' suggestion, the ZAI Opinion will aid the Court in progressing toward conclusion of the necessary pieces of the puzzle to confirm a Chapter 11 plan. Permitting an interlocutory appeal of the ZAI Opinion will serve no useful purpose and only act as an unnecessary distraction at this critical stage in the Chapter 11 plan process.

The Debtors are in the middle of discovery with respect to an estimation of asbestos personal injury claims. Trial on that estimation, which is a key element necessary to proceed to

---

[30] See Tr. of Hr'g on 9/11/06 (Dkt. No. 13283) at p. 49-50.

confirmation of a Chapter 11 plan, is set for hearing in June, 2007.  At the same time, the Bankruptcy Court continues to adjudicate and disallow traditional asbestos property damage claims and has entered a case management order for the adjudication of those property damage claims that sets trials on various claims for April and May of 2007.

A request for interlocutory review of the ZAI Opinion is likely to delay the Court's adjudication of the remainder of the claims, a result that should not be countenanced by the Court.

### Conclusion

The Debtors are well on their way to concluding the final pieces necessary to ascertain the true scope of their asbestos liabilities.  Once the estimation proceedings set for hearing in June 2007 are concluded, the Debtors will be in a position to move forward on confirmation of their Chapter 11 plan.  An interlocutory appeal of the ZAI Opinion will do nothing to move this case forward and would only create an unnecessary distraction on one issue related to one type of claim at a time where the parties' full time and attention is critical to conclusion of these cases. The ZAI Opinion is not controlling to the entire plan process and its appeal at this time will only impede the process.  Its appeal should await the conclusion of the estimation process and plan confirmation, when it can be addressed with the many other issues that are likely to be appealed if the parties do not ultimately reach full consensus on a Chapter 11 plan.

WHEREFORE, the Debtors respectfully request that the Court deny the ZAI Claimants'

request for leave to appeal the Bankruptcy Court's ZAI Opinion.


Dated:  January 9, 2007          KIRKLAND & ELLIS LLP
                                 David M. Bernick, P.C.
                                 Janet S. Baer
                                 Salvatore F. Bianca
                                 200 East Randolph Drive
                                 Chicago, Illinois 60601
                                 Telephone:  (312) 861-2000
                                 Facsimile:  (312) 861-2200

                                 and

                                 PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
                                 WEINTRAUB LLP

                                 Laura Davis Jones (Bar No. 2436)
                                 James E. O'Neill (Bar No. 4042)
                                 919 North Market Street, 17th Floor
                                 P.O. Box 8705
                                 Wilmington, Delaware 19899-8705 (Courier 19801)
                                 Telephone: (302) 652-4100
                                 Facsimile:  (302) 652-4400

                                 Co-Counsel for the Debtors and Debtors in Possession