IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket No. 13406 |
| | ) | |

**CLAIMANTS REPRESENTED BY THE LAW FIRM OF DIES & HILE, L.L.P.'s
SUBMISSION OF SUPPLEMENTAL EXPERT REPORTS OF LAURA S. WELCH,
M.D., FACP, FACOEM, HENRY A. ANDERSON, M.D., AND CONSTRUCTION
INSPECTORS, INC., AND THE EXPERT REPORTS OF EUGENE JEROME MARK,
M.D., WILLIAM M. EWING, CIH, JAMES R. MILLETTE, PH.D., AND
MARTIN BENNETT, MATERIALS ANALYTICAL SERVICES ("MAS"), AND
FURTHER IDENTIFICATION AND EXPLANATION REGARDING THE
REPORTS OF WILLIAM LONGO, PH.D. PREVIOUSLY SUBMITTED,
REGARDING THE SCHEDULE FOR THE ADJUDICATION OF LACK
OF HAZARD ISSUES, AS DESCRIBED IN THE 15TH OMNIBUS OBJECTIONS**

In accordance with the Court's Amended Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims, dated October 13, 2006 (D.I. 13406), Claimants represented by the Law Firm of Dies & Hile, L.L.P. (the "D&H PD Claimants")[1] hereby submit their Submission of Supplemental Expert Reports of Laura S. Welch, M.D., FACP, FACOEM, Henry A. Anderson, M.D., and Construction Inspectors, Inc., and the Expert Reports of Eugene Jerome Mark, M.D., William M. Ewing, CIH, James R. Millette, Ph.D., and Martin Bennett, MAS, and Further Identification and Explanation Regarding the Reports of William Longo, Ph.D. Previously Submitted, Regarding the Schedule for the Adjudication of Lack of Hazard Issues, as Described in the 15th Omnibus Objections.

---

[1] The Asbestos Property Damage Claimants represented by the law firm of Dies & Hile, L.L.P., on whose behalf this Preliminary Designation of Fact and Expert Witnesses is being filed include the following: State of Arizona; State of Arkansas; State of Connecticut; State of Oklahoma; State of Oregon; City of Amarillo, Texas; City of Houston, Texas; Coleman Housing Authority; El Paso County, Texas; Harlingen Housing Authority; Sabine River Authority of Texas; City of Phoenix, Arizona; City of Tucson, Arizona; Maricopa County, Arizona; Cook County, Illinois; City of Eugene, Oregon; Eastern Oregon University; Oregon Health & Science University; Oregon State University; Portland State University; Southern Oregon University; University of Oregon; Western Oregon University; Six Hundred Building Ltd.; BNC Forum LP Texas Limited Partnership; and EPEC Realty, Inc.

070115111552.doc

I.

On December 7, 2006, the D&H PD Claimants filed their Preliminary Designation of Fact and Expert Witnesses Regarding Adjudication of Lack of Hazard Issue as Described in the 15th Omnibus Objections (D.I. 13744) (the "Designation of Fact and Expert Witnesses"). In this pleading the D&H PD Claimants identified their lack of hazard expert and fact witnesses, and the subject matter of their testimony. The D&H PD Claimants hereby fully incorporate by reference all matters set forth herein, including the exhibits and attachments to said Designation of Fact and Expert Witnesses.

II.

On December 21, 2006, the D&H PD Claimants filed Claimants Represented by the Law Firm of Dies & Hile, L.L.P.'s Submission of Expert Reports, and Identification of Any Additional Fact Witnesses and General Subject Matter of Testimony Regarding the Schedule for the Adjudication of Product Identification Issues, as Described in the 15th Omnibus Objections. In this pleading the D&H PD Claimants submitted their expert reports and/or other documentation regarding the issue of product identification. The D&H PD Claimants hereby fully incorporate by reference all matters set forth herein.

III.

On December 22, 2006, the D&H PD Claimants filed their Claimants' Represented by the Law Firm of Dies & Hile, L.L.P. Supplemental Designation of Fact and Expert Witnesses Regarding Adjudication of Lack of Hazard Issue as Described in the 15th Omnibus Objections (D.I. 13744) (the "Designation of Fact and Expert Witnesses"). In this pleading the D&H PD Claimants identified supplemental lack of hazard expert and fact witnesses, and the subject matter of their testimony. The D&H PD Claimants hereby fully incorporate by reference all matters set forth herein.

IV.

The D&H Claimants hereby file this Submission of Supplemental Expert Reports of Laura S. Welch, M.D., FACP, FACOEM (attached hereto as Exhibit A), Henry A. Anderson, M.D. (attached hereto as Exhibit B), and Construction Inspectors, Inc. (attached hereto as Exhibit C). The D&H Claimants additionally reference the report of Dr. Welch submitted in connection with the Methodology Issue (Expert Report, Laura S. Welch, M.D., FACP, FACOEM dated December 2005) and the report of Dr. Anderson submitted in connection with the Methodology Issue (Expert Report of Henry A. Anderson, M.D. dated December 2005), and hereby incorporate fully such reports as if filed herewith and state that Drs. Welch and Anderson may rely on those matters and opinions stated in their respective "Methodology Issue" reports above referenced and as well their Supplemental Reports herein filed, for the Hazard Adjudication phase.

V.

The D&H Claimants herewith submit the Supplemental Expert Report of Construction Inspectors, Inc. ("CI") (Exhibit C). A copy of this Report will be provided to Debtor and any party who requests the same. Additional CI Building Inspections Reports for certain D&H building claims have been filed with the claims facility and are the subject of a separate D&H Claimants' submission. This report does not supercede such separately submitted reports but is an additional and further report.

VI.

The D&H Claimants herewith submit the Expert Reports of William M. Ewing, CIH as follows:

A. Arizona Buildings Inspection Report dated November 30, 2006 ("Ewing Arizona Report") (attached hereto as Exhibit D).

B. Oregon Buildings Inspection Report dated January 11, 2007 ("Ewing Oregon Report") (attached hereto as Exhibit E).

The D&H Claimants note that they previously submitted a summary of the Ewing Arizona Report, however, that additional supplemental data from Millette Vanderwood Associates Laboratories ("MVA") has now been received for the Ewing Arizona Report as an addendum to such report. Therefore to avoid confusion, the Ewing Arizona Report with attached supplemental data from MVA is now being re-submitted as a complete document.

The Ewing Oregon Report contains backup data that consists of in excess of 600 hard copy pages. Due to the voluminous nature of the backup data for this Report, a Summary of such backup data is submitted herewith attached to the full report (Exhibit E). The full report and a CD of the backup are being provided to the Debtor separately. However, a party who wishes a copy of the backup data may request such, and D&H will provide a CD of such backup data. The D&H Claimants additionally reference the report of Mr. Ewing previously submitted in connection with the "Methodology Issue" (Application and Use of Dust Sampling for Asbestos dated December 2005) and adopt such report as if fully submitted herein. The D&H Claimants state that Mr. Ewing may testify regarding matters and/or opinions in connection with his Methodology Report referenced above, and/or in connection with the Ewing Arizona and/or Oregon Reports and the matters and opinions therein stated.

VII.

The D&H Claimants herewith submit the Expert Report of Eugene Jerome Mark, M.D. dated January 11, 2007 (attached hereto as Exhibit F). A copy of this Report will be provided to

Debtor and any party who requests the same. Dr. Mark may testify regarding the matters and/or opinions referenced in his Report and/or the Addendum to his Report entitled "Pathological Recognition of Diffuse Malignant Mesothelioma of the Pleura: The Significance of the Historical Perspective as Regards This Signal Tumor".

VIII.

The D&H Claimants herewith submit a copy of the Report of James Millette, Ph.D., (MVA) dated October 25, 2006 (attached hereto as Exhibit G). Although the D&H Claimants previously submitted a summary of this Report, to avoid confusion the full report is herewith now re-submitted. A copy of this Report will be provided to the Debtor, and to any other party who requests same. Further, Dr. Millette and/or a representative of MVA may testify in connection with the analysis performed by MVA in connection with the Ewing Arizona Report.

IX.

The D&H Claimants previously submitted a copy of the Expert Report of William E. Longo, Ph.D. Prepared on Behalf of the Property Damage Asbestos Claimants Represented by the Law Firm of Dies & Hile, LLP, dated October 25, 2006 (the "Longo D&H Claimants' Report"), and a summary of the backup materials which consisted of over one thousand five hundred pages hard copy. A copy of the entire report and backup data has previously been provided to Debtor, and D&H will provide a copy to any party who requests same. In addition to the above referenced Report, the D&H Claimants also hereby reference Dr. Longo's report entitled "The Reproducibility of the ASTM D-5755-3 Dust Method for the Quantification of Asbestos Surface Contamination of Dr. William E. Longo" dated December 8, 2005, submitted in connection with the "Methodology" Issue and incorporate the same as submitted herein. The D&H Claimants state that in connection with the hazard adjudication phase, Dr. Longo may

testify regarding his "Methodology" Report and the opinions and matters expressed therein, as well as the Longo D&H Claimants Report and the matters and opinions stated therein. Further, Dr. Longo and/or a representative of MAS may testify regarding the MAS analysis performed in connection with the Ewing Oregon Buildings Inspection Report.

X.

The D&H Claimants hereby file their submission of the Expert Report of Martin R. Bennett (MAS) Prepared on Behalf of the Property Damage Claimants Represented by the Law Firm of Dies & Hile, LLP dated January 11, 2007 ("Bennett Expert Report") (attached hereto as Exhibit H). Mr. Bennett may testify to the matter set forth in the Bennett Expert Report and further that he and/or a representative of MAS may testify regarding the analysis in connection with the Bennett Expert Report if necessary.

XI.

The supplemental expert reports and the expert reports submitted by D&H Claimants herewith do not supercede or amend any other expert or supplemental report which has been previously, separately submitted or which may be separately submitted.[2] Rather, the submissions herein should be construed as additional and further submissions.

---

[2] Separately submitted Dies & Hile L.L.P. Claimant's Expert and/or Supplemental Expert Reports include the following: Claimants Represented by The Law Firm of Dies & Hile, L.L.P's Submission Of Certain Expert Reports of William E. Longo, Ph.D., William M. Ewing, CIH, and James R. Millette, Ph.D. Regarding the Schedule for the Adjudication of Lack of Hazard Issues, as Described in the 15th Omnibus Objections, dated January 5, 2007; Claimant EPEC Realty Inc.'s Submission of the Expert Report of Environmental Resource Consultants (ERC) Regarding the Schedule for the Adjudication of Lack of Hazard Issues, as Described in the 15th Omnibus Objections, dated January 9, 2007; Claimants Represented by the Law Firm of Dies & Hile, L.L.P's Submission of Supplemental Expert Report of James R. Millette, Ph.D., Regarding the Schedule for the Adjudication of Lack of Hazard Issues, as Described in the 15th Omnibus Objections, dated January 11, 2007; and Claimants Represented by Dies & Hile, L.L.P.'S Submission of Expert Reports From Construction Inspector's, Inc., Gobbell Hays Partners, Inc., Martin Bennett of Materials Analytical Services, Inc., Andrew Gray of Oregon State University, Steve Pelkey of The University of Oregon, Gregg Taylor of Southern Oregon University, and Reuben Torres of Portland State University, Regarding Adjudication of the Lack of Hazard Issue as Described in the 15th Omnibus Objections, dated January 15, 2007.

XII.

The D&H PD Claimants reserve the right to supplement this submission with other additional expert reports and/or documentation and further reserve the right to call any other expert or fact witnesses designated by any other party in this matter.

DATED: January 15, 2007

_____
Christopher D. Loizides (No. 3968)
LOIZIDES & ASSOCIATES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:         loizides@loizides.com

- and -

Martin W. Dies, Esquire
DIES & HILE, L.L.P.
1009 Green Avenue
Orange, TX 77630
Telephone:   (409) 883-4394
Facsimile:    (409) 883-4814
Email:          mwdies@aol.com

*Counsel for the Dies & Hile Asbestos Property Damage Claimants*

## SUMMARY OF EXHIBITS

EXHIBIT A:  Supplemental Expert Report of Laura S. Welch, M.D., FACP, FACOEM dated January 12, 2007

EXHIBIT B:  Supplemental Expert Report of Henry A. Anderson, M.D. dated January 11, 2007

EXHIBIT C:  Supplemental Expert Report of Construction Inspectors, Inc. dated January 12, 2007

EXHIBIT D:  Arizona Buildings Inspection Report dated November 30, 2006

EXHIBIT E:  Oregon Buildings Inspection Report dated January 11, 2007

EXHIBIT F:  Expert Report of Eugene Jerome Mark, M.D. dated January 11, 2007

EXHIBIT G:  Expert Report of James Millette, Ph.D. (MVA) dated October 25, 2006

EXHIBIT H:  Expert Report of Martin R. Bennett (MAS) dated January 11, 2007

070115111552.doc