IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |

**SUPPLEMENTAL STATEMENT OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AS TO EXPERT WITNESSES**

The Prudential Insurance Company of America ("Prudential"), by and through its co-counsel Riker, Danzig, Scherer, Hyland & Perretti LLP and Jaspan Schlesinger Hoffman LLP, in connection with the Amended Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims entered on October 13, 2006 [Docket No. 13406] (the "Scheduling Order"), which Order relates to, among other things, the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims [Docket No. 9315] (the "15th Omnibus Objection"), hereby states as follows:

1.  Section III of Exhibit B to the Scheduling Order relates to "Adjudication of Lack of Hazard issues as described in the 15th Omnibus Objection." Prudential has previously disclosed the fact and expert witnesses that may testify for Prudential in connection with these issues, including, without limitation, Richard L. Hatfield; William M. Ewing, CIH; Jack Halliwell; and William E. Longo, Ph.D. See Response of the Prudential Insurance Company of America to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims As It Relates to Damage at: (1) Century Center I (Claim No. 6945); (2) Century Center IV (Claim No. 6948); (3) Brookhollow (Claim No. 6946); (4) First Florida Tower (Claim No. 6951); (5) Northwest Financial Center (Claim No. 6947); (6) Short Hills Office Building (Claim No. 6952); (7) Southdale Office Complex (Claim No. 6946); and (8) 1100 Milam (Claim No. 6950) [Docket

3723445.1

No. 10571] ("Prudential's Response") at 26-32; Prudential Insurance Company of America's Initial Disclosures of Fact and Expert Witnesses [Docket No. 9616]; Supplemental Designation of the Prudential Insurance Company of America of Fact and Expert Witnesses [Docket No. 14130] (the "Supplemental Designation").  Prudential has also previously disclosed this information to the Debtors in connection with pre-petition litigation on the same issues between Prudential and the Debtors in the United States District Court for the District of New Jersey captioned The Prudential Insurance Company of America, et al. v. United States Gypsum, et al., Civil Action Nos. 87-4227, 87-4238 (the "District Court Litigation").

    2. Prudential has previously provided the reports of its experts to the Debtors.  See Prudential's Response at Exhibits A through H; Supplemental Designation.  In connection with the District Court Litigation, Prudential also previously produced to the Debtors information regarding the qualifications and reports provided by these experts.  Prudential intends to rely upon these experts and expert reports in these proceedings.

    3. Prudential may also call at the hearing any expert or fact witness(es) identified by Counsel for the Official Committee of Asbestos Property Damage Claimants and may rely upon any expert reports as submitted by Counsel for the Official Committee of Asbestos Property Damage Claimants.

    4. Prudential reserves the right to substitute witnesses, and/or designate deposition testimony, affidavits, and/or certifications of witnesses in the event any of the above-referenced witnesses becomes unavailable.

    5. Prudential reserves the right to call witnesses and designate deposition testimony, affidavits, and/or certifications of witnesses in rebuttal to any witnesses called, or documents introduced into evidence, by the Debtors.

3723445.1

6. Prudential reserves the right to call witnesses or designate deposition testimony, affidavits, and/or certifications of witnesses in rebuttal to any affirmative defense or contention raised by the Debtors.

7. Prudential reserves the right to call witnesses or designate testimony from any deposition transcript designated by the Debtors.

8. Prudential reserves the right to call witnesses or designate deposition testimony, affidavits, and/or certifications of witnesses to introduce any document which is challenged by the Debtors, including challenges based on authenticity.

9. Prudential reserves the right to call witnesses listed on any other party's witness list.

January 15, 2007
Wilmington, Delaware

    /s/ Laurie Schenker Polleck
Laurie Schenker Polleck (No. 4300)
**JASPAN SCHLESINGER HOFFMAN LLP**
913 North Market Street, 12th Floor
Wilmington, DE  19801
Telephone:   (302) 351-8000
Facsimile:    (302) 351-8010

-and-

**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP**
Joseph L. Schwartz (N.J. Fed. Bar No. JS-5525)
Curtis M. Plaza (N.J. Fed. Bar No. CP-9111)
Headquarters Plaza
1 Speedwell Avenue, West Tower
P.O. Box 1981
Morristown, NJ  07960
Telephone:   (973) 538-0800
Facsimile:    (973) 538-1984

Attorneys for The Prudential Insurance Company of America