IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
| Debtors. | ) |

## NOTICE OF DEPOSITION DUCES TECUM OF
## ROBERT BEBER, JAY W. HUGHES AND DAVID B. SIEGEL

**PLEASE TAKE NOTICE** that the Official Committee of Asbestos Personal Injury Claimants (the "ACC") and David T. Austern, the Court-appointed legal representative for future asbestos claimants (the "FCR"), by and through their respective undersigned counsel, pursuant to Rule 26 and 30 of the Federal Rules of Civil Procedure, applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026 and 7030, will take the videotaped deposition upon oral examination of the following individuals (each a "Deponent," collectively, the "Deponents") **commencing at 9:30 a.m.** (and continuing from day to day until completed) at the offices of Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, D.C. 20005:

February 5, 2007:   Robert Beber

February 9, 2007:   Jay W. Hughes

February 12, 2007:   David B. Siegel

**PLEASE TAKE FURTHER NOTICE** that each of the Deponents shall produce the documents identified in the Stipulation and Order, entered by the Bankruptcy Court on December 21, 2006 (Docket No. 14101), attached hereto as Exhibit A, at the offices of Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, D.C. 20005 by no later than **January 24, 2007 at 5:00 p.m. EST.**

**PLEASE TAKE FURTHER NOTICE** that the depositions shall be conducted before a person authorized to administer oaths in the relevant jurisdiction. Testimony shall be taken by stenographic means and will also be recorded by videotape.

The ACC and FCR reserve the right to notice further depositions of each of the Deponents and/or to notice a deposition of the above-captioned Debtors pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The ACC and FCR further reserve the right to supplement or amend this Notice in connection with any matters arising in these bankruptcy proceedings.

Respectfully submitted,

CAMPBELL & LEVINE, LLC

Marla R. Eskin (#2989)
Mark T. Hurford (#3299)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-5000

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

Dated: January 17, 2007

ORRICK, HERRINGTON & SUTCLIFFE LLP

Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
Debra L. Felder
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 339-8400

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Counsel for David T. Austern,
Future Claimants' Representative*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related Docket Nos. 13598 and 13602 |
| | | 13772, 13785, 13799, 13873, 13884 |
| | | and 14043 |

## STIPULATION AND ORDER

To resolve the motion to compel filed by the Grace Official Committee of Asbestos Personal Injury Claimants ("ACC") on November 7, 2006 and joined by the Future Claimants Representative ("FCR") [Docket Nos. 13598 and 13602] Grace agrees to produce for deposition Jay Hughes, Robert Beber, and David Siegel, and to permit them to testify concerning any evaluation they conducted or criteria they used for settling pre-petition asbestos personal injury claims and the reasons why Grace chose to settle pre-petition asbestos personal injury claims, at the time those cases were settled. This does not include any opinions or analysis that post-date the bankruptcy petition or any non-contemporaneous analysis of the reasons for settlement. Grace also agrees to produce, prior to the depositions, and to permit questioning on, those documents created after January 1, 1995 that meet all of the following criteria: they are currently maintained by W.R. Grace's legal department; they were created contemporaneously with the decision to settle a pre-petition asbestos personal injury claim; they were considered contemporaneously by one or more of the three deponents in reaching Grace's decision to settle the claim; they are responsive to the requests for production at issue in the motion to compel; and, they are relevant to the deposition topics set out above. Grace will also search for and produce documents meeting the criteria set forth above that relate to bulk or inventory settlements to be specifically identified by the ACC and FCR, that were negotiated between January 1, 1992 and January 1, 1995.

By agreeing to this compromise, the parties do not waive any of their positions with respect to the motion to compel that is being resolved as set out above and reserve all their rights with respect to any future motions that may be filed with respect to the subjects of the motion to compel. The parties further agree that this Order shall not constitute a waiver of privilege, and all objections as to the admissibility of any documents discovered as a result of this Order or related to the subject matter are expressly preserved.

Dated: December 21, 2006

_____
The Honorable Judith K. Fitzgerald