IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

### Claimant's Supplemental Responses and Objections to
### W. R. Grace Asbestos Personal Injury Questionnaire

Pursuant to the Federal Rules of Civil Procedure, the Claimant, provides the following Response and Objection to the Debtor's Asbestos Personal Injury Questionnaire:

*Preliminary Statement and General Objections*

The Claimant incorporates herein, as if copied in full, claimant's completed Asbestos Personal Injury Questionnaire, and Claimant's Responses and Objections to W. R. Grace Asbestos Personal Injury Questionnaire previously provided.

The Claimant's Response to each question incorporates this Preliminary Statement and the following General Objections:

1. The Claimant objects to these questions to the extent that they seek information subject to the attorney-client privilege or which constitutes protected work product.

2. The Claimant objects to any discovery request that purports to impose upon it any obligation not expressly set forth in the Federal Rules of Civil Procedure.

3. The Claimant objects to any discovery request to the extent that the time period(s)

referenced therein is/are not limited in scope.

4. The Claimant objects to any discovery request to the extent it seeks to require Claimant to provide information which is equally available to the Defendant.

5. The Claimant objects to any discovery request to the extent that it seeks disclosure of information generated by persons other than the Claimant or the Claimant's counsel that has come into the possession of the Claimant or Claimant's counsel during the course of discovery and trial preparation in asbestos-related litigation.

6. The Claimant objects to any discovery request to the extent that it improperly calls for a legal, medical or scientific opinion or conclusion which Claimant is not qualified to render.

7. The Claimant does not concede that any response to any discovery request is or will be admissible evidence at any hearing regarding this action.

Without waiving any of the foregoing General Objections, which are incorporated by reference in each of the following responses, the Claimant states as follows:

**Part II. Asbestos-Related Condition(s)**

2,4,5,6, and 7.    Further, Claimant objects to the term "relationship" as being vague and undefined. Claimant and his/her counsel are unable to determine the intended connotation; therefore, claimant is unable to respond to this question. Without waiving said objection, claimant and his/her counsel are not related by blood or marriage to any diagnosing doctor. Further, claimant and/or his/her counsel had no relationship with the diagnosing doctor other than a professional relationship in order to

obtain an expert opinion regarding the claimant's asbestos condition.

**Part V: Exposure to Non-Grace Asbestos-Containing Products**

Claimant's counsel has filed the following cases on behalf of its clients:

*Archie W. Courtney, et al. v. Dresser Industries, Inc.*, Circuit Court of Second Judicial District, Jones County, Mississippi, Civil Action No. CI02-0310

*Ray H. Beasley, et al., v. Goulds Pump Trading Corporation, et al*, Circuit Court of Forrest County, Mississippi, Civil Action No. CI02-0303.

*Harold Wilborn, et al., v. Alstom Power, Inc., et al.*, Circuit Court of Forrest County, Mississippi, Civil Action No. CI02-0310.

*Eleanor R. Archey, et al., v. Ingersoll Rand Company*, Circuit Court of Jones County, Mississippi, Second Judicial District, Civil Action No. 2002-228-CV7.

*Marvin L. Davis, et al, v. Amchem Products, Inc., et al*, Circuit Court of Forrest County, Mississippi, Civil Action No. CI02-0258.

*Henry Byrd, et al., v. The Flintkote Company and Zurn Industries*; Circuit Court of Forrest County, Mississippi, Civil Action No. CI-99-0246.

*Claude Rhines, et al., v. A. O. Smith, et al.*
Circuit Court of Covington County, Mississippi; Civil Action No. 2002-191C

*Emery Burch, et al. v. A. O. Smith, et al.*
Circuit Court of Jones County, Mississippi; First Judicial District; Civil Action No.2002-90-CV12
*Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al*
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil Action No. 2000-134-CV8

*Edward Jones, et al. vs. A. O. Smith, et al.*,
Circuit Court of Jasper County, Mississippi; First Judicial District; Civil Action No. 12-0148

*Robert E. Pitts, et al. v. Metropolitan Life Insurance Company, et al.*
Circuit Court of Jones County, Mississippi, Second Judicial District ; Civil

Action No. 2001-3-CV1

*Aminte Defore, et al. v. A.O. Smith, et al.*;
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
In the United States District Court for the Southern District of Mississippi, Southern Division; Civil Action No. 1:04CV656GRo;
originally filed in and severed and transferred from:
*Edward Jones, et al v. A. O. Smith, et al;*
In the Circuit Court of Jasper County, Mississippi, ; Civil Action No. 12-0148

*Ben Dickens, et al. v. A. R. Wilfley & Sons, et al.*;
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
In the United States District Court for the
Southern District of Mississippi, Southern Division;  Civil Action No. 1:04cv641WJG;
originally filed in and severed and transferred from:
Estate of Charles Holder, et al v. Westinghouse Electric Corporation, et al
Circuit Court of Jones County, Mississippi; Second Judicial District; Civil Action No. 2000-134-CV8

*Ora Aaron, et al. v. A. R. Wilfley & Sons, et al.*;
Asbestos Products Liability Litigation (No. VI); Civil Action No. MDL 875
In the United States District Court for the
Southern District of Mississippi, Southern Division;  Civil Action No. 1:04cv603WJG;
originally filed in and severed and transferred from:
Claude Rhines, et al., v. *A. O. Smith, et al.*
Circuit Court of Covington County, Mississippi; Civil Action No. 2002-191C

*Frank Bankston, et al v. Westinghouse Electric Corporation, et al.*,
United States District Court, Southern District of Mississippi,
Southern Division, Civil Action No. 1:01CV162GR

A summary containing the name of each defendant in each suit, the basis of the claimant's claim, and the current status is attached hereto.   Further, Debtor can obtain copies of all pleadings, documents and orders filed regarding said claimant by reviewing said court files.

**Part VII: Litigation and Claims Regarding Asbestos and/or Silicia**

Section A, Question 6 and Section B, Question 6:  Attached hereto please find a chart detailing the

aggregate amount of settlement monies paid to the claimant for asbestos injuries, the total number of defendants with whom the claimant settled, and the disease for which each claim was settled (if different from the disease alleged in Part II, Question 1 of the Questionnaire).

Section A, Question 4 and Section B, Question 7: A summary containing the name of each defendant in each suit, the basis of the claimant's claim, and the current status is attached hereto.

RESPECTFULLY SUBMITTED, this the 12th day of January, 2007.

_____
ANTHONY SAKALARIOS, ESQ.
ATTORNEY FOR PLAINTIFFS

ANTHONY SAKALARIOS, ESQ.
MORRIS, SAKALARIOS & BLACKWELL, PLLC
Post Office Drawer 1858
HATTIESBURG, MS 39403-1858
(601)544-3343
(601)544-9814 FACSIMILE