THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al</u>. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

Objection Deadline: February 9, 2007
Hearing Date: Feb. 26, 2007, at 2:00 p.m.
Wilmington, Delaware

## <u>MOTION OF CERTAIN CLAIMANTS REPRESENTED BY REAUD, MORGAN & QUINN, L.L.P. TO AMEND INFORMAL PROOFS OF CLAIM, OR ALTERNATIVELY, FOR LEAVE TO ALLOW LATE FILING OF PROOFS OF CLAIM</u>

TO THE HONORABLE JUDGE FITZGERALD:

Comes now, Certain Claimants Represented by Reaud, Morgan & Quinn, L.L.P. ("Certain RMQ Claimants")[1], and file their Motion to Amend Informal Proofs of Claim, or Alternatively, for Leave to Allow Late Filing of Proofs of Claim (the "Motion") and in support of this Motion respectfully state as follows:

### I.    FACTS

1.  On August 29, 2005, the Court entered its Case Management Order for the Estimation of Asbestos Personal Injury Liabilities ("PI CMO") (Docket No. 9301) permitting the Debtor to serve a questionnaire upon all persons who the Debtor believed were asserting claims against the Debtor.

---

[1] The Certain RMQ Claimants are identified in the proofs of claim attached as Exhibit B hereto. Due to the volume of Exhibit B, it is being served only on the Debtors, the committees, the Furtures Representative and the U.S. Trustee. Any other party that desires a copy may obtain it by contacting the undersigned counsel or from the docket.

2.  Grace served nearly 179,000 questionnaires on claimants and their counsel on September 12, 2005.

3.  Pursuant to the PI CMO, the Responses to the questionnaire were to be completed and returned on or before July 12, 2006 (pursuant to the Order Modifying the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities Regarding the Extension of Time for Claimants to Respond to the Questionnaires (Docket No. 12314)).

4.  On August 24, 2006, the Court entered the Order as to all Pre-petition Asbestos PI Litigation Claims, Including Settled Claims, (I) Establishing Bar Dates; (II) Approving Proof of Claim Form; and (III) Approving Notice of Pre-petition Asbestos Personal-Injury Claims Bar Date (Docket No. 13061).  This Order set November 15, 2006 as the bar date for filing proofs of claim for non-settled asbestos personal injury claims (the "PI Bar Date").

5.  Attached hereto as Exhibit A to this Motion is the Declaration of Connie Eldred (the "Eldred Declaration"), which establishes the following facts:

6.  The Law Firm of Reaud, Morgan & Quinn, L.L.P. ("Reaud, Morgan & Quinn") prepared and timely submitted completed questionnaire responses (the "Questionnaire Responses") to Debtors' court-appointed agent, Rust Consulting, Inc. ("Rust Consulting"), for all of the Certain RMQ Claimants four months prior to the November 15, 2006 Bar Date.

2

7. Reaud, Morgan & Quinn prepared and had each Certain RMQ Claimant (or the legal representative of the claimant's estate, if deceased) execute the court-approved Proof of Claim form in September 2006 (attached hereto as Exhibit B).

8. Due to a clerical error, these Proofs of Claim were inadvertently misfiled and intermingled with other case files, and thus Reaud, Morgan & Quinn did not submit the fifty-nine (59) Proofs of Claim, attached as Exhibit B hereto, by the applicable Bar Date, November 15, 2006.

9. Reaud, Morgan & Quinn, upon discovery of their error in failing to file the fifty-nine (59) Proofs of Claim forms contained in Exhibit B, have acted expeditiously to correct the error.

10. For the reasons set forth below, this court should grant the Certain RMQ Claimants' Motion to Amend Informal Proofs of Claim, or in the alternative, allow the late filing of the Proofs of Claim by Certain RMQ Claimants.

## II.   ARGUMENT

### A. The Questionnaire Responses are informal proofs of claim.

11. The Court of Appeals for the Third Circuit recognizes the validity of informal proofs of claim if five elements are satisfied. These elements are as follows: (1) it must be in writing, (2) it must contain a demand by the creditor on the estate, (3) it must express an intent to hold the debtor liable for the debt, (4) it must be filed with the bankruptcy court, and (5) allowance

of an informal proof of claim is equitable based on the facts of the case. *See Agassi v. Planet Hollywood International, Inc.*, 269 B.R. 543, 550 (D. Del. 2001); *In re Joseph P. Petrucci*, 256 B.R. 704, 706 (Bankr. D.N.J. 2001). Applying the Third Circuit's standard for informal proofs of claim, the Questionnaire Responses filed on behalf of Certain RMQ Claimants with the court-appointed Claims Processing Agent, Rust Consulting, clearly qualify as informal proofs of claim. This Court should find that the Questionnaire Responses are informal proofs of claim and allow the Certain RMQ Claimants to amend their informal proofs of claim by filing the Proofs of Claim attached hereto as Exhibit B.

12.   To begin with, the first element is met because the Questionnaire Responses were unquestionably in writing.

13.   Next, the second and third elements are met because, by filing the Questionnaire Responses it is clear that the Certain RMQ Claimants were intending to make a demand on the estate and to hold the Debtors liable for their asbestos-related injuries. The first page of the Questionnaire plainly states as follows:

> YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.
>
> ***IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE*** BY JANUARY 12, 2006 TO

RUST CONSULTING, INC., THE CLAIMS PROCESSING
AGENT...

Grace Questionnaire at I (emphasis added).

The purpose of the Questionnaire in this case dictates that the very act of

filing the Questionnaire acts as a demand on the estate. This idea is further

illustrated by the Questionnaire's language that states:

> **BY TIMELY RETURNING THE QUESTIONNAIRE** AS
> COMPLETELY AND ACCURATELY AS POSSIBLE, **GRACE**, THE
> OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS
> REPRESENTATIVE **WILL SEEK TO PRIORITIZE THE
> PROCESSING OF YOUR CLAIM** UNDER ANY TRUST
> DISTRIBUTION PROCEDURES APPROVED AS PART OF A
> PLAN OF REORGANIZATION.

*Id* (emphasis added).

14. Thus, the Questionnaire not only recognizes that a claim is made

against the Debtors' estate, but anticipates the ultimate tendering of that

claim to a 524(g) Trust for payment. The Questionnaire process was created

as a tool to permit the debtor to gather evidence and evaluate the claims

ranged against it, and to permit input into the estimation process. Thus, the

filing of the Questionnaire by the Certain RMQ Claimants – by its very

nature and design – contains evidence of an unequivocal demand by a

creditor on the estate and expresses the clear intent to hold the Debtors liable

for their asbestos-related injuries.

15. The fourth element is satisfied because the Certain RMQ

Claimants filed their Questionnaire Responses with the court-appointed

Claims Processing Agent, Rust Consulting. As the 'Claims Processing Agent'

appellation indicates, Rust Consulting has been tasked by this Court with the processing of Proof of Claim forms in addition to its Questionnaire-related duties. The proofs of claim were to be submitted to Rust Consulting, acting as the agent of the Court for such purpose. Therefore, although the Questionnaire was not docketed with the Bankruptcy Court, it is – just like the Proof of Claim form – an official document approved by the Court to be completed and submitted to Rust Consulting, the Claims Processing Agent.

16. Finally, this Court's treatment of the Certain RMQ Claimants' Questionnaire Responses as informal proofs of claim is indubitably justified in light of the facts and equities of this case. The Questionnaire Responses submitted by the Certain RMQ Claimants provide all of the necessary information required on the Official Proof of Claim form created for this case (i.e. name and address of creditor, name of debtor(s), last four digits of the creditor's social security number, certain pre-petition lawsuit information, date of diagnosis, and creditor's signature) plus an abundance of additional information pertaining to all aspects of the creditors' claims. Thus, the Official Proof of Claim form—which was to be filed subsequently to the Questionnaire—does not provide the Debtors with any additional information regarding the claims necessary for the Debtors to process such claims. Moreover, this case is far from confirmation— the Questionnaire and Proof of Claim processes are part of the preliminary phase of an estimation trial. Therefore, treatment of the Questionnaire Responses as informal proofs of

claim will have no prejudice on the Debtor as they already have knowledge of the claims (and all the pertinent information surrounding such claims) through the filing of the Questionnaire Responses, well in advance of the confirmation of any plan.

17. Consequently, justice in light of the facts and equities of this case compels this Court to treat the Certain RMQ Claimants' Questionnaire Responses as informal proofs of claim and to allow their amendment through the filing of the formal Proofs of Claim attached hereto as Exhibit B.

### B. Alternatively, the Court should grant Certain RMQ Claimants leave to file late proofs of claim.

#### 1. *The Court may extend the Bar Date to permit late filing.*

18. In the event that the Court does not find that the Questionnaire Responses should be treated as informal proofs of claim subject to amendment, the facts support the Court granting leave to the Certain RMQ Claimants to file proofs of claim at this time. The United States Supreme Court has held that a bankruptcy court may extend, for cause, a bar date to permit a late filing if the failure to comply with the deadline was the result of excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993). The Court explained that Congress, by and through Federal Rule of Bankruptcy Procedure 9006(b)(1), "plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. The

7

Court noted that the determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surround the party's omission." *Id.* at 395.

19. The Court in *Pioneer* established several factors to consider in determining whether excusable neglect exists in a particular case. These factors are: (1) the danger of prejudice to the debtor and its potential impact on judicial proceedings, (2) the reason for the delay, including whether it was within the reasonable control of the movant, and (3) whether the movant acted in good faith. *Id.* at 395. "All factors must be considered and balanced; no one factor trumps the others." *In re Garden Ridge Corp.*, 348 B.R. 642, 645 (Bankr. D. Del. 2006).

   2. *There is absolutely no prejudice to the Debtor: The Debtor had already timely received questionnaire responses for the Certain RMQ Claimants prior to the November 15, 2006 Bar Date.*

20. Courts generally recognize that the late filing of claims prior to confirmation of a plan ordinarily does not cause any prejudice to the debtor. *See In re Herman's Sporting Goods, Inc.*, 166 B.R. 581, 584 (Bankr. D.N.J. 1994) ("The absence of a confirmed plan of reorganization indicates a lack of prejudice to the debtor."); *In re Sacred Heart Hosp.*, 286 B.R. at 897 (where claim was filed several months after the bar date but prior to confirmation of the Debtor's liquidating plan, "the 'danger of prejudice to the debtor' and the impact of the [claimant's] delay in filing its proof of claim upon the proceedings in this case is practically nil."); *In re Papp Int'l, Inc.*, 189 B.R.

939, 944 (Bankr. D. Neb. 1995) ("Several courts have concluded the lack of a confirmed plan indicates a lack of prejudice to the debtor, or in the alternative, that a confirmed plan indicates that prejudice will result to the debtor if a late filed proof of claim is permitted.") (citations omitted). This case is far from confirmation— no confirmation hearing has even been scheduled. The Debtors will not be prejudiced by the filing of late proofs of claim as they will have knowledge of the claims well in advance of the confirmation of any plan.

21. Moreover, the PI Bar Date was expressly intended as a limited purpose bar date to expedite the Questionnaire process[2]. However, the Certain RMQ Claimants, before the discovery that their Proofs of Claim had not been filed, timely filed their respective Questionnaire Responses in the case with the court-appointed agent, Rust Consulting. Therefore, the Debtors have been aware of the existence of the claims held by the Certain RMQ Claimants since (at least) July of 2006, and accordingly will not be prejudiced by the late filing of these fifty-nine (59) claims. Indeed, as the sole professed purpose of the PI Bar Date was to secure the completion of questionnaires, it serves no valid purpose in light of the prior submission of Questionnaire Responses by the Certain RMQ Claimants.

22. Several courts have determined that "prejudice to the Debtor as a result of the late filing is the primary consideration which must be made in

---

[2] The Debtors sought the PI Bar Date for the sole purpose of providing a jurisdictional hook to require the completion of questionnaires.

9

the *Pioneer* analysis." *In re Sacred Heart Hospital of Norristown*, 186 B.R. 891, 897 (Bankr. E.D. Pa. 1995); *see also Greyhound Lines, Inc. v. Rogers, (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 737 (5th Cir. 1995) ("Under Pioneer, the central inquiry is whether the *debtor* will be prejudiced."). Because the Debtors in the case at issue will not suffer any prejudice if the Court allows the Certain RMQ Claimants to file their Proofs of Claim two months after the November 15, 2006 deadline, this significant factor should weigh in favor of the Certain RMQ Claimants and should go "a long way towards winning the day…" *Sacred Heart*, 186 B.R. at 897.

### 3. *Length of delay and potential impact on judicial proceedings.*

23. "[T]he court should consider the length of delay in absolute terms." *In re Garden Ridge Corp.*, 348 B.R. 642, 646 (Bankr. D. Del. 2006), *citing In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 130 (3d Cir. 1999). Because a plan has not been confirmed in the case at issue and the case is currently only in the pretrial phase of an estimation process, in 'absolute terms', the two month delay in filing the Certain RMQ Claimants' Proofs of Claim will have no adverse impact on the administration of this case. For example, the Bankruptcy Court for the Eastern District of Pennsylvania in *In re Sacred Heart Hospital of Norristown* stated, "a long and logically unjustified delay which nevertheless has no significant impact on the debtor's case should, in our view, often be deemed excusable." 186 B.R. at 895; *see also Beltrami,* 178 B.R. at 392 (where court found, "…no plan was confirmed

prior to the request for extension of time to file the proof of claim. We conclude that the length of delay is not a factor in this case at this time with regard to the court administration of this case."); *see also In re Papp Int'l, Inc.*, 189 B.R. 939, 946 ("Under the particular circumstances of this case, even though this delay was about two years, judicial proceedings were not implicated, except to the extent the plan proponents will have to amend their proposed plans to deal with the IRS' proof of claim or litigate the merits of that claim.").

24. Notwithstanding the 'absolute terms' analysis, Courts have approved the late filing of claims for periods much longer than two months. *See In re Beltrami Enterprises, Inc.*, 178 B.R. 389 (Bankr. M.D. Pa. 1994) (two year delay between the bar date and the actual filing of the claim); *In re Papp Int'l, Inc.*, 189 B.R. 939, 946 (Bankr. D. Neb. 1995) (delay was about two years); *In re Dix.* 95 B.R. 134 (9th Cir. BAP 1988) (two year delay). Consequently, the Certain RMQ Claimants' two month delay in filing their Proofs of Claim will not have a negative impact on the efficient administration of judicial proceedings and therefore should be allowed as timely filed claims[3].

### 4. *The Certain RMQ Claimants acted in good faith.*

25. Counsel for the Certain RMQ Claimants diligently prepared the fifty-nine (59) Proofs of Claim attached hereto as Exhibit B, and obtained

---

[3] This is especially the case where, as here, the bar date was imposed for a limited purpose not applicable to the late-filing claimants.

signatures from each of the respective claimants in September of 2006, as reflected on each Proof of Claim form, two months prior to the Claims Bar Date, in anticipation of meeting the November 15, 2006 Bar Date. Further evidence that the Certain RMQ Claimants' are acting in good faith may be found in the fact that the Certain RMQ Claimants have timely filed their Questionnaire Responses in the case— the sole reason for the implementation of the PI Bar Date. Moreover, the Certain RMQ Claimants have not gained any tactical advantage by withholding the filing of their claims until after the Bar Date. Counsel for the Certain RMQ Claimants' admit that the late filing is the result of a simple clerical error, as discussed below, and that, upon discovery of such error, they have acted quickly to correct it.

5. *Reason for the delay.*

26. Counsel for the Certain RMQ Claimants admits that, due to a clerical error, they inadvertently failed to file the fifty-nine (59) Proofs Claim attached hereto as Exhibit B, and accepts the entire blame for the late filing. As explained in the Declaration of Connie Eldred, attached hereto as Exhibit A, Ms. Eldred was tasked with maintaining the fifty-nine (59) properly prepared and executed Proofs of Claim attached as Exhibit B and to facilitate their filing by the applicable Bar Date. However, these Proofs of Claim forms were inadvertently misfiled and intermingled with other case files in her office. Consequently, she did not locate, and therefore did not realize that

these Proofs of Claims were not filed until after the applicable Bar Date of November 15, 2006.

27.    Even though counsel for the Certain RMQ Claimants admit that they are wholly at fault for missing the applicable bar date, this Court stated in *In Re Garden Ridge Corporation*, "[a]lthough [claimant] was careless in its obligation to file its claim by the deadline, that fact standing alone does not support the denial of its claim. [T]he concept of excusable neglect clearly anticipates [carelessness by the claimant], i.e., neglect on the part of the one seeking to be excused." 348 B.R. at 647. "[The] reason for delay is only one of the four factors to be considered by this court." *In re Herman's Sporting Goods, Inc.*, 166 B.R. 581, 585 (Bankr. D.N.J. 1994). Therefore, even though this factor might, under some circumstances, weigh in favor of the Debtor, a weighing of the other three factors —prejudice, length of delay and the potential impact on the proceedings, and whether the movant is acting in good faith clearly weigh in favor of the Certain RMQ Claimants and collectively compel this Court to permit the late filing of the Proofs of Claim. Consequently, this Court should exercise its discretion under Fed. R. Bankr. P. 9006(b)(1), grant the Certain RMQ Claimants' Motion, and order that the subsequent filing of the Proofs of Claim be considered timely filed for all purposes.

WHEREFORE, the Certain RMQ Claimants pray for an order granting their Motion, allowing an amendment to their informal proofs of claim by the

filing of the proofs of claim attached hereto as Exhibit B or, in the

alternative, allowing the filing of their proofs of claim attached hereto as

Exhibit B in all respects as timely filed, and any further relief as this Court

determines to be just and proper.


Dated:  January 22, 2007                Sander L. Esserman
                                        Van J. Hooker
                                        David J. Parsons
                                        Briana L. Cioni
                                        **STUTZMAN, BROMBERG,**
                                        **ESSERMAN & PLIFKA,**
                                        **A Professional Corporation**
                                        2323 Bryan Street, Suite 2200
                                        Dallas, Texas 75201
                                        Telephone:  (214) 969-4900
                                        Facsimile:  (214) 969-4999
                                        E-mail:  esserman@stutzman-bromberg.com

                                        -AND-


                                        Kathleen M. Miller (I.D. no. 2898)
                                        **SMITH, KATZENSTEIN &**
                                        **FURLOW, LLP**
                                        The Corporate Plaza
                                        800 Delaware Avenue, 10th Floor
                                        P.O. Box 410
                                        Wilmington, Delaware 19899 (Courier 19801)
                                        Telephone:  (302) 652-8400
                                        Facsimile:  (302) 654-8405
                                        E-mail:  KMM@skfdelaware.com

                                        **ATTORNEYS FOR REAUD, MORGAN**
                                        **& QUINN, INC. AND**
                                        **ENVIRONMENTAL LITIGATION**
                                        **GROUP, P.C.**