## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:

W.R. GRACE & CO., et. al.,
      Debtors.

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, et al., | : | |
| Appellants, | : | CIVIL ACTION NO. 06-689 (RLB) |
| v. | : | Bankruptcy Case No. 01-1139 |
| W.R. GRACE & CO., et al., | : | |
| Appellees. | : | |

## MEMORANDUM AND ORDER

### I.

This appeal is from the October 3, 2006 order of the United States Bankruptcy Court for the District of Delaware. By that order, the Bankruptcy Court granted Debtor's ninth motion to extend the exclusive periods to file and solicit votes on a plan of reorganization.

### II.

This court's standard of review is whether the Bankruptcy Court abused its discretion in finding that Debtors had established cause for another extension; that is, was its decision arbitrary, fanciful or unreasonable.

Finding there was no abuse of discretion, this court will affirm the decision of the Bankruptcy Court.

### III.

Because the parties are familiar with the background, I will not repeat it here at length. Suffice it to say that the Bankruptcy Court, after conducting a lengthy hearing, determined that Debtor can propose a plan that is feasible within a reasonable time.

In order to accomplish that, the issue characterized as the major one by the Bankruptcy Court; estimation and valuation of Debtor's liability on account of asbestos claims, must be decided. To have competing plans would not advance the determination of that issue. There is no basis in the record to find, as Appellants argue, that the Bankruptcy Court's view of those two matters is unreasonable. Together, they constitute good cause to grant the extension.

In addition, the complexity of the case as well as the history of the litigation such as, for example, the assignment and reassignment of judges also support the Bankruptcy Court's finding of cause for granting the extension of exclusivity.

Finally, the extension is not open ended. Among other things, a hearing on estimation is scheduled for June, 2007 and the issue of extending exclusivity may be revisited at the July, 2007 omnibus hearing.

## IV.

Based upon the foregoing, the following order is entered:

**AND NOW**, this 23rd day of January, 2007, upon consideration of the Briefs of Appellants and Appellees, and the respective oral arguments before the court on January 22, 2007, it is hereby **ORDERED** that the order of the Bankruptcy Court of October 3, 2006 is **AFFIRMED**.

BY THE COURT:

RONALD L. BUCKWALTER, S.J.