# EXHIBIT A

{D0007918:1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related Docket Nos. 13598 and 13602 |

13702, 13785, 13799, 13803, 13834
and 14043

### STIPULATION AND ORDER

To resolve the motion to compel filed by the Grace Official Committee of Asbestos Personal Injury Claimants ("ACC") on November 7, 2006 and joined by the Future Claimants Representative ("FCR") [Docket Nos. 13598 and 13602] Grace agrees to produce for deposition Jay Hughes, Robert Beber, and David Siegel, and to permit them to testify concerning any evaluation they conducted or criteria they used for settling pre-petition asbestos personal injury claims and the reasons why Grace chose to settle pre-petition asbestos personal injury claims, at the time those cases were settled. This does not include any opinions or analysis that post-date the bankruptcy petition or any non-contemporaneous analysis of the reasons for settlement. Grace also agrees to produce, prior to the depositions, and to permit questioning on, those documents created after January 1, 1995 that meet all of the following criteria: they are currently maintained by W.R. Grace's legal department; they were created contemporaneously with the decision to settle a pre-petition asbestos personal injury claim; they were considered contemporaneously by one or more of the three deponents in reaching Grace's decision to settle the claim; they are responsive to the requests for production at issue in the motion to compel; and, they are relevant to the deposition topics set out above. Grace will also search for and produce documents meeting the criteria set forth above that relate to bulk or inventory settlements to be specifically identified by the ACC and FCR, that were negotiated between January 1, 1992 and January 1, 1995.

By agreeing to this compromise, the parties do not waive any of their positions with respect to the motion to compel that is being resolved as set out above and reserve all their rights with respect to any future motions that may be filed with respect to the subjects of the motion to compel. The parties further agree that this Order shall not constitute a waiver of privilege, and all objections as to the admissibility of any documents discovered as a result of this Order or related to the subject matter are expressly preserved.

Dated: December 21, 2006

_____
The Honorable Judith K. Fitzgerald