IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: March 16, 2007** |
| | ) | **Hearing Date: April 2, 2007 at 2:00 p.m.** |

## APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP AS SPECIAL IMMIGRATION COUNSEL FOR THE DEBTORS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this application (the "Application") for the entry of an order pursuant to sections 327(e) and 330 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the retention of Fragomen, Del Rey, Bernsen & Loewy, LLP ("Fragomen") as special immigration counsel for the Debtors and in support thereof, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1.  This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

2.  The statutory bases for the relief requested herein are Sections 327(e) and 330 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016.

## Background

3.  On April 2, 2001 each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Relief Requested

4.  The Debtors respectfully request the entry of an order pursuant to sections 327(e) and 330 of the Bankruptcy Code authorizing them to employ and retain Fragomen as special immigration counsel to perform certain strategic legal services they will require during the course of these Chapter 11 Cases. Specifically, and as more particularly described below, the Debtors seek authorization for Fragomen, their longtime legal advisors with respect to matters of immigration and nationality law, to advise and represent the Debtors with respect to any and all immigration and nationality matters, including the transfer of intra-company employees, the hiring of foreign nationals, and the processing of various petitions and applications with the

appropriate governmental agencies to obtain temporary or permanent lawful status in the United States, as well as countries around the world.

### Basis For Relief Requested

5. The Debtors have selected Fragomen as special immigration counsel to advise them in connection with all matters relating to the Debtors' immigration and nationality needs because of Fragomen's longstanding representation of the Debtors in such matters. Fragomen has represented the Debtors for over ten years. Because of its longstanding representation, Fragomen has intimate knowledge of the Debtors' businesses and affairs in addition to its extensive experience and expertise in the fields of U.S. and global immigration.

6. Since 1996, Fragomen and certain of its partners and associates have rendered legal services to the Debtors in connection with various immigration and related matters. As a consequence, Fragomen is intimately familiar with the complex legal issues that have arisen and are likely to arise in connection with any U.S. or global immigration matter. The Debtors believe that both the business interruption and the duplicative costs associated with obtaining substitute counsel to replace Fragomen would be harmful to the Debtors and their estates. Were the Debtors required to retain counsel other than Fragomen in connection with the specific and limited matters upon which the firm's advice is sought, the Debtors, their estates and all parties-in-interest would be unduly prejudiced by the time and expense necessary to replicate Fragomen's ready familiarity with the intricacies of the Debtors' business operations, and its immigration and nationality needs.

7. Further, Fragomen has extensive experience and expertise in immigration and nationality law, and the other related areas of practice as to which Fragomen's continued

representation is sought. As such, the Debtors submit that Fragomen is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors during these Chapter 11 Cases. Thus, Fragomen's retention as special immigration counsel is in the best interest of the Debtors and their estates.

8.  Prior to this Application, Fragomen has been retained as an ordinary course professional in the Chapter 11 Cases. Since April 2, 2001, Fragomen has billed approximately $587,808.75 in legal fees to the Debtors. In addition, Fragomen has sought reimbursement of $150,967.48 of its expenses, an amount that includes filing fees that Fragomen has advanced to the Debtors in connection with its work. This Court's Second Amended Order Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Businesses (docket #12855, dated July 24, 2006) authorizes the Debtors to pay such professionals up to $800,000during the pendency of the Chapter 11 Cases. While that Order does not specify whether reimbursed expenses should be counted against this cap, the Debtors seek to retain Fragomen as special counsel to ensure that the Debtors are authorized to pay Fragomen for its continued services.

## Scope Of Proposed Retention

9.  The Debtors currently seek to retain Fragomen, subject to the oversight and orders of this Court, to advise and represent the Debtors with respect to any and all immigration and nationality matters, including the transfer of intra-company employees, the hiring of foreign nationals, and the processing of various petitions and applications with the appropriate governmental agencies to obtain temporary or permanent lawful status in the United States, as well as countries around the world..

10.     Fragomen has indicated its willingness to render the necessary professional services described above as special immigration counsel to the Debtors.

11.     The Debtors have obtained authorization to employ and retain the law firms of Kirkland & Ellis LLP and Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC to serve as bankruptcy and reorganization counsel to the Debtors. Fragomen will not serve as general bankruptcy and reorganization counsel to the Debtors. While it is possible that certain aspects of the representations will necessarily involve both Fragomen and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services Fragomen will provide will be complementary rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel. The Debtors are very mindful of the need to avoid the duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Fragomen's role as special immigration counsel.

## No Adverse Interest

12.     To the best of the Debtors' knowledge, and based upon the Affidavit of Enrique Gonzalez III (the "Gonzalez Affidavit") filed in support of the Application and attached hereto as Exhibit A, Fragomen does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which Fragomen is to be employed, except as set forth in the Gonzalez Affidavit. Further, to the best of the Debtors' knowledge, Fragomen does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Gonzalez Affidavit.

## Compensation

13. In accordance with Section 330 of the Bankruptcy Code, the Debtors propose to compensate Fragomen at its customary transactional fees for services rendered, plus reimbursement of actual, necessary expenses incurred by Fragomen. A schedule of Fragomen's fees in effect through 2006 and a schedule of Fragomen's fees for 2007 are attached as exhibits to the Gonzalez Affidavit. As set forth in the Gonzalez Affidavit, the fee structure is subject to periodic adjustment to reflect economic and other conditions.

14. Fragomen will submit interim and final applications for compensation in accordance with Sections 330 and 331 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further orders of the Court.

## Conclusion

15. For the reasons set forth above and in the Gonzalez Affidavit, the Debtors believe that Fragomen is well qualified to act on the Debtors' behalf in light of their intimate knowledge of the Debtors' businesses and affairs and their expertise in the field of immigration and nationality law. The Debtors further believe that the engagement of Fragomen is essential to the Debtors' successful reorganization and that the retention of Fragomen is necessary and in the best interest of the Debtors and their estates.

## Notice

16. Notice of this Application has been given to: (i) the Office of the United States Trustee, (ii) the debtor-in-possession lenders, (iii) counsel to Chase Manhattan Bank as agent to prepetition lenders, (iv) counsel to the official committees appointed by the United States

Trustee, and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

17. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the retention and employment of Fragomen as special immigration counsel for the Debtors and granting such other and further relief as is just and proper.

Wilmington, Delaware
Dated: January 24, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

DOCS_DE:124600.1