IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP AS SPECIAL IMMIGRATION COUNSEL FOR THE DEBTORS

Upon the Application[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order pursuant to sections 327(e) and 330 of title 11 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and approving the retention of Fragomen, Del Rey, Bernsen & Loewy, LLP

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined in this Order have the meanings given to them in the Application.

("Fragomen") as special immigration counsel for the Debtors,; and it appearing that the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and the creditors and all parties-in-interest; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED, FOUND, AND DETERMINED THAT:

1. The Application is granted.

2. The Debtors are authorized to retain and employ Fragomen to advise and represent the Debtors with respect to any and all immigration and nationality matters, including the transfer of intra-company employees, the hiring of foreign nationals, and the processing of various petitions and applications with the appropriate governmental agencies to obtain temporary or permanent lawful status in the United States, as well as countries around the world.

3. Fragomen shall submit interim and final applications for compensation in accordance with Sections 330 and 331 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further orders of the Court. The Debtors may compensate Fragomen at its customary transactional fees for services rendered, plus reimbursement of actual, necessary expenses incurred by Fragomen in accordance with Section 330 of the Bankruptcy Code and any Order of this Court with respect to such matters.

4.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, which is final.

Dated: _____, 2007

                                      _____
                                      Judith K. Fitzgerald
                                      United States Bankruptcy Judge

DOCS_DE:124601.1