## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | Case No. 01-01139 (JKF) |
| W. R. GRACE & CO., *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Objection Deadline: February 20, 2007 |
| | : | Hearing Date: June 25, 2007 |

## SUMMARY COVERSHEET TO TWENTY-THIRD INTERIM FEE APPLICATION
## OF DAY PITNEY LLP[1]
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
## FOR OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006

| | |
|---|---|
| Name of Applicant: | **Day Pitney LLP** |
| Authorized to Provide Professional Services to: | **W. R. GRACE & CO.,** *et al.* |
| Date of Retention: | **May 30, 2001 (*nunc pro tunc* to April 2, 2001)** |
| Period for which compensation and reimbursement is sought: | **October 1, 2006 – December 31, 2006** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$80,846.50** |
| Amount of Expense Reimbursement Sought as actual, reasonable and necessary | **$1,304.25** |

This is a: ___ monthly  **X**  quarterly interim ___final application

The total time expended for fee application preparation is approximately 10 hours and the corresponding compensation requested is approximately $2,000.00.[2]

---

[1] As of January 1, 2007 and as the result of a merger, Pitney Hardin LLP became known as Day Pitney LLP Therefore, this fee application is being submitted by Day Pitney LLP for fees and expenses incurred by Pitney Hardin LLP for December 1, 2006-December 31, 2006. A Notice of Name Change was filed on January 11, 2007 at docket entry #14287.

[2] Applicant will apply to recover compensation relating to this Fee Application in a subsequent application.

1495688A01012907

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| August 14, 2001 #793 CNO filed September 20, 2001 #943 | 4/2/01 – 4/30/01 | $13,859.50 | $7,239.68 | Approved @ 80% ($11,087.60) | Approved @ 100% |
| August 14, 2001 #794 CNO filed September 20, 2001 #944 | 5/1/01 – 5/31/01 | $37,837.50 | $10,539.48 | Approved @ 80% ($30,270.00) | Approved @ 100% |
| August 14, 2001 #795 CNO filed September 20, 2001 #946 | 6/1/01 – 6/30/01 | $29,079.00 | $10,548.57 | Approved @ 80% ($23,263.20) | Approved @ 100% |
| August 14, 2001 #796; Approved 11/25/02 #3091 | 4/2/01 – 6/30/01 | $80,776.00 | $28,327.73 | Approved @ 100% | Approved @ 100% |
| September 27, 2001 #967 Amended Exhibit B October 30, 2001 #1050 CNO filed October 31, 2001 #1062 | 7/1/01 – 7/31/01 | $33,349.00 Voluntarily Reduced to $32,429.00 | $11,075.18 | Approved @ 80% ($25,943.20) | Approved @ 100% |
| October, 31, 2001 #1046 CNO filed November 28,2001 #1259 | 8/1/01 – 8/31/01 | $60,105.00 | $8,715.77 | Approved @ 80% ($48,084.00) | Approved @ 100% |

2

1495688A01012407

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| November, 30, 2001 #1292 CNO filed 12/21/01 #1419 | 9/1/01 – 9/30/01 | $94,112.50 | $10,714.88 | Approved @ 80% ($75,290.00) | Approved @ 100% |
| December 4, 2001 #1305 CNO filed 12/27/01 #1423 | 4/2/01 – 12/3/01 | $240,000.00 | $0.00 | Contingency Matter Approved @80% ($192,000.00) | N/A |
| December, 11, 2001 #1331 CNO filed 1/9/02 #1477 | 10/1/01 – 10/31/01 | $68,805.50 | $23,481.14 | Approved @ 80% ($55,044.40) | Approved @ 100% |
| January 9, 2002 #1481; Approved 11/25/02 #3091 | 7/1/01 – 9/30/01 | $186,646.50 | $30,505.83 | Approved @ 100% | Approved @ 100% |
| February 26, 2001 #1723 CNO filed 4/17/02 #1936 | 11/1/01 – 11/30/01 | $62,334.50 | $7,507.05 | Approved @ 80% ($49,867.60) | Approved @ 100% |
| February 26, 2001 #1722 CNO filed 4/17/02 #1937 | 12/1/01 – 12/31/01 | $85,347.50 | $10,019.15 | Approved @ 80% ($68,278.00) | Approved @ 100% |
| March 27, 2002 #1868 CNO filed 4/18/02 #1942 | 1/1/02 – 1/31/02 | $38,823.00 | $11,182.95 | Approved @ 80% ($31,058.40) | Approved @ 100% |
| March 28, 2002 #1871; Approved 11/25/02 #3091 | 10/1/01 – 12/31/01 | $456,487.00 | $28,241.08 | Approved @ 100% | Approved @ 100% |

3

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| April 17, 2002 #1938 CNO filed 5/9/02 #2031 | 2/1/02 – 2/28/02 | $67,270.10 | $8,972.08 | Approved @ 80% ($53,816.08) | Approved @ 100% |
| May 6, 2002 #2061 CNO filed 6/7/02 #2187 | 3/1/02 – 3/31/02 | $30,424.00 | $6,076.45 | Approved @ 80% ($24,339.20) | Approved @ 100% |
| June 19, 2002 #2259-60 | 1/1/02 – 3/31/02 | $136,517.10 | $26,231.48 | Approved @ $130,255.00 | Approved @ 100% |
| June 12, 2002 # 2208 CNO filed 7/9/02 #2349 | 4/1/02 – 4/30/02 | $33,180.00 | $1,119.59 | Approved @ 80% ($26,544.00) | Approved @ 100% |
| July 9, 2002 #2349 CNO filed 7/30/02 #2468 | 5/1/02 – 5/31/02 | $10,995.50 | $9,230.90 | Approved @ 80% ($8,796.40) | Approved @ 100% |
| August 23, 2002 #2596 CNO filed 9/17/02 #2696 | 6/1/02 – 6/30/02 | $28,403.00 | $3,922.05 | Approved @ 80% ($22,722.40) | Approved @ 100% |
| September 20, 2002 #2719 and 2721; Approved 11/25/02 #3092 | 4/1/02 – 6/30/02 | $72,578.50 | $14,272.56 | Approved @ 100% | Approved @ 100% |
| October 22, 2002 #2858 CNO filed 11/13/02 #2971 | 7/1/02 – 7/31/02 | $102,925.00 | $17,692.88 | Approved @ 80% ($82,340.00) | Approved @ 100% |
| November 14, 2002 #2977 CNO Filed 12/11/02 # 3139 | 8/1/02 – 8/31/02 | $51,745.50 | $7,075.39 | Approved @ 80% ($41,396.40) | Approved @ 100% |
| November 20, 2002 #3039 CNO filed 12/11/02 # 3135 | 9/1/02 – 9/30/02 | $29,291.10 | $4,744.95 | Approved @ 80% ($23,432.88) | Approved @ 100% |
| November 27, 2002 #3084 & #3087 Order | 7/1/02 – 9/30/02 | $183,969.60 | $29,513.22 | Approved for $182,143.10 | Approved |

4

I495688A01012407

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| filed 3/14/03; #3511 | | | | | |
| December 16, 2002 #3165 CNO filed 1/14/03 #3250 | 10/1/02 – 10/31/02 | $26,061.00 | $5,340.26 | Approved @ 80% ($20,848.80) | Approved @ 100% |
| December 27, 2002 #3198 Order signed 3/3/03 # 3446 | 4/4/01 – 12/3/01 | $240,000.00 | N/A | Approved | N/A |
| January 13, 2003 #3238 CNO filed 2/6/03 #3227 | 11/1/02 – 11/30/02 | $28,150.50 | $4,980.91 | Approved @ 80% ($22,520.40) | Approved @ 100% |
| February 6, 2003 #3345 CNO filed 3/27/03 #3557 | 12/1/02 – 12/31/02 | $21,414.00 | $3,594.17 | Approved @ 80% ($17,131.20 ) | Approved @ 100% |
| February 14, 2003 Order signed on 7/28/03 | 10/1/03 – 12/31/03 | $75,625.50 | $13,915.34 | Approved for $72,625.50 | Approved @ 100% |
| March 21, 2003 # 3536 CNO filed 4/15/03 #3666 | 1/1/03 – 1/31/03 | $77,836.00 | $6,477.81 | Approved @ 80% ($62,268.80) | Approved @ 100% |
| April 22, 2003 #3701 CNO filed 5/15/03 #3794 | 2/1/03 – 2/28/03 | $28,050.00 | $3,923.92 | Approved @ 80% ($22,440.00) | Approved @ 100% |
| May 28, 2003 #3836 CNO filed 7/3/03 #3999 | 3/1/03 – 3/31/03 | $14,142.00 | $471.79 | Approved @ 80% ($11,313.60) | Approved @ 100% |
| June 3, 2003 #3864 Order signed 9/22/03 #4480 | 1/1/03 – 3/31/03 | $120,028.00 | $10,873.52 | Approved for $118,379.00 | Approved @ 100% |
| June 18, 2003 #3912 CNO filed 7/11/03 #4054 | 4/1/03 – 4/30/03 | $21,507.50 | $370.10 | Approved @ 80% ($17,206.00) | Approved @ 100% |
| August 7, 2003 #4181 CNO filed 9/24/03 #4475 | 5/1/03 – 5/31/03 | $22,184.50 | $864.72 | Approved @ 80% ($17,747.60) | Approved @ 100% |
| September 9, | 6/1/03 – | $28,764.50 | $9,472.70 | Approved @ | Approved @ |

5

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 2003 #4407 CNO filed 10/2/03 #4524 | 6/30/03 | | | 80% ($23,011.60) | 100% |
| September 26, 2003 #4495 & 4496 | 4/1/03 – 6/30/03 | $72,456.50 | $10,707.52 | Approved for $72,456.50 | Approved @ 100% |
| October 17, 2003 #4583 CNO filed 11/12/03 #4685 | 7/1/03 – 7/31/03 | $11,104.50 | $2,829.93 | Approved @ 80% ($8,883.60) | Approved @ 100% |
| November 6, 2003 #4666 CNO filed 12/9/03 #4798 | 8/1/03 – 8/31/03 | $3,427.50 | $2,242.92 | Approved @ 80% ($2,742.00) | Approved @ 100% |
| November 25, 2003 #4751 CNO filed 12/16/03 #4813 | 9/1/03 – 9/30/03 | $9,912.00 | $2,311.40 | Approved @ 80% ($7,929.60) | Approved @ 100 % |
| December 16, 2003 #4822 & 4823 Order filed 4/26/04 | 7/1/03- 9/30/03 | $24,444.00 | $7,370.04 | Approved for $24,440.00 | Approved @ 100% |
| November 25, 2003 # 4752 CNO filed 12/16/03 #4814 | 10/1/03- 10/31/03 | $6,779.00 | $3,507.88 | Approved @ 80% ($5,423.20) | Approved @ 100% |
| December 31, 2003 #4893 CNO filed 2/3/04 #5052 | 11/1/03 – 11/30/03 | $16,464.50 | $2,478.06 | Approved @ 80% ($13,171.60) | Approved @ 100% |
| February 20, 2004 #5144 CNO filed 4/1/04 #5459 | 12/1/03 – 12/31/03 | $18,088.50 | $2,839.22 | Approved @ 80% ($14,470.80) | Approved @ 100% |
| February 25, 2004 #5165 Order filed 6/16/04 #5822 | 10/1/04 – 12/31/04 | $41,332.00 | $8,825.16 | Approved for $41,332.00 | Approved @ 100% |
| March 29, 2004 #5362 CNO filed 4/22/04 | 1/1/04 – 1/31/04 | $39,097.50 | $2,315.38 | Approved @ 80% ($31,278.00) | Approved @ 100% |
| April 20, 2004 #5464 CNO filed 6/22/04 #5872 | 2/1/04 – 2/29/04 | $61,379.50 | $2,435.48 | Approved @ 80% ($49,103.60) | Approved @ 100% |

1495688A01012407

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| June 1, 2004 #5678 CNO filed 6/22/04 #5873 | 3/1/04 – 3/31/04 | $266,775.00 | $9,819.15 | Approved @ 80% ($213,420.00) | Approved @ 100% |
| June 9, 2004 #5766 & 5767 Order filed 9/27/04 #6465 | 1/1/04 – 3/31/04 | $367,258.00 | $14,570.01 | Approved @ 100% ($367,258.00) | Approved @ 100% |
| July 1, 2004 #5915 CNO filed 7/28/04 | 4/1/04 – 4/30/04 | $242,320.50 | $33,506.28 | Approved @ 80% ($293,806.40) | Approved @ 100% |
| July 29, 2004 #6066 CNO filed 8/19/04 #6219 | 5/1/04 – 5/31/04 | $205,386.50 | $3,393.87 | Approved @ 80% ($164,309.20) | Approved @ 100% |
| August 12, 2004 #6162 CNO filed 9/7/04 #6325 | 6/1/04 – 6/30/04 | $181,394.50 | $41,141.14 | Approved @ 80% ($145,115.60) | Approved @ 100% |
| September 1, 2004 ## 6302; 6303 Order filed 1/26/05 #7622 | 4/1/04 – 6/30/04 | $629,101.50 | $78,003.35 | Approved for $629,101.50 | Approved @ 100% |
| September 17, 2004 #6416 CNO filed 10/13/04 #6609 | 7/1/04- 7/31/04 | $22,957.00 | $8,896.12 | Approved @ 80% ($18,365.60) | Approved @ 100% |
| October 14, 2004 #6631 CNO filed 11/9/04 #6854 | 8/1/04- 8/31/04 | $28,122.50 | $2,338.02 | Approved @ 80% (22,490.00) | Approved @ 100% |
| November 16, 2004 #6943 CNO filed 12/13/04 #7152 | 9/1/2004- 9/30/2004 | $25,615.50 | $3,246.99 | Approved @ 80% (20,492.40) | Approved @ 100% |
| November 17, 2004 #6966 Order filed 3/22/05 #8081 | 7/1/04- 9/30/04 | $76,695.00 | $14,481.13 | Approved for $76,695.00 | Approved @ 100% |
| December 16, 2004 #7198 CNO filed 1/25/05 #7621 | 10/1/04 – 10/31/04 | $27,632.50 | $4,766.94 | Approved @ 80% (22,106.00) | Approved @ 100% |
| January 10, 2005 #7521 CNO filed 2/2/05 #7670 | 11/1/04 – 11/30/04 | $31,261.00 | $11,977.87 | Approved @ 80% (25,008.80) | Approved @ 100% |
| February 11, | 12/1/04- | $112,852.00 | $4,502.70 | Approved @ | Approved @ |

7

1495688A01012407

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 2005 #7745 CNO filed 3/8/05 #7992 | 12/31/04 | | | 80% ($90,281.60) | 100% |
| March 16, 2005 ##8051-52 Order filed 6/29/05 #8728 | 10/1/04-12/31/04 | $171,475.50 | $21,247.51 | Approved for $171,475.50 | Approved @ 100% |
| March 18, 2005 #8076 CNO filed 4/26/05 #8286 | 1/1/05-1/31/05 | $44,219.00 | $3,351.01 | Approved @ 80% ($35,375.50) | Approved @ 100% |
| May 10, 2005 #8391 CNO filed 6/24/05 #8683 | 2/1/05-2/28/05 | $38,780.50 | $7,826.47 | Approved @ 80% ($31,024.40) | Approved @ 100% |
| May 16, 2005 #8443 CNO filed 6/24/05 #8684 | 3/1/05 – 3/31/05 | $42,702.00 | $3,222.62 | Approved @ 80% ($34,161.60) | Approved @ 100% |
| May 26, 2005 ##8511-12 Order filed 9/27/05 #9513 | 1/1/05 – 3/31/05 | $125,701.50 | $14,400.10 | Approved for $125,701.50 | Approved @ 100% |
| June 27, 2005 #8691 CNO filed 7/26/05 #9090 | 4/1/05-4/30/05 | $76,920.50 | $3,699.77 | Approved @ 80% ($61,536.40) | Approved @ 100% |
| July 20, 2005 #9035 CNO filed 8/19/05 #9220 | 5/1/05-5/31/05 | $73,041.00 | $4,608.05 | Approved @ 80% ($57,112.80) | Approved @ 100% |
| August 11, 2005 #9175 CNO filed 9/8/05 #9360 | 6/1/05 – 6/30/05 | $246,447.50 | $5,298.28 | Approved @ 80% ($197,158.00) | Approved @ 100% |
| August 19, 2005 #9210 Order filed 12/21/05 #11402 | 4/1/05 – 6/30/05 | $396,409.00 | $13,606.10 | Approved for $396,409.00 | Approved @ 100% |
| October 4, 2005 #9572 CNO filed 10/31/05 #10938 | 7/1/05 – 7/31/05 | $363,936.00 | $10,742.66 | Approved @ 80% ($291,148.80) | Approved @ 100% |
| October 20, 2005 #9708 CNO filed 11/15/05 #11091 | 8/1/05 – 8/31/05 | $276,504.50 | $21,554.17 | Approved @ 80% ($221,203.60) | Approved @ 100% |
| November 23, 2005 #11156 CNO filed December 16, | 9/1/05 – 9/30/05 | $243,011.00 | $7,658.60 | Approved @ 80% ($194,408.80) | Approved @ 100% |

8

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 2005 #11359 | | | | | |
| November 23, 2005 #11162 Order filed 3/27/06 #12121 | 7/1/05 – 9/30/05 | $883,451.50 | $39,955.43 | Approved for $883,451.50 | Approved @ 100% |
| January 31, 2006 #11681 CNO filed 3/9/06 #12027 | 10/1/05 – 10/31/05 | $189,747.50 | $9,364.24 | Approved @ 80% ($151,798.00) | Approved @ 100% |
| January 31, 2006 #11677 CNO filed 3/9/06 #12024 | 11/1/05 – 11/30/05 | $170,059.00 | $25,007.67 | Approved @ 80% ($136,047.20) | Approved @ 100% |
| February 14, 2006 #11774 CNO filed 3/9/06 #12028 | 12/1/05 – 12/31/05 | $135,672.00 | $2,489.35 | Approved @ 80% ($108,537.60) | Approved @ 100% |
| February 14, 2006 #11785 Order filed 6/16/06 #12660 | 10/1/05 – 12/31/05 | $495,478.50 | $36,861.26 | Approved for $495,478.50 | Approved @ 100% |
| April 5, 2006 #12205 CNO filed 5/20/06 # 12479; Amended CNO filed 6/7/06 #12612 | 1/1/06- 1/31/06 | $136,335.50 | $7,996.90 | Approved @ 80% ($109,084.40) | Approved @ 100% |
| April 14, 2006 #12243 CNO filed 5/20/06 #12478 | 2/1/06 – 2/28/06 | $101,184.50 | $6,294.63 | Approved @ 80% ($809,947.60) | Approved @ 100% |
| July 19, 2006 #12834 CNO filed 8/9/06 #12953 | 3/1/06 – 3/31/06 | $108,740.50 | $25,246.79 | Approved @ 80% ($86,992.40) | Approved @ 100% |
| July 19, 2006 #12834 Order filed 9/26/06 #13298 | 1/1/06 - 3/31/06 | $346,260.50 | $39,538.32 | Approved for $346,260.50 | Approved @ 100% |
| July 19, 2006 #12834 CNO filed 8/9/06 #12954 | 4/1/06 – 4/30/06 | $47,442.00 | $363.81 | Approved@ 80% ($37,953.60) | Approved @ 100% |

1495688A01012407

| Date Filed Docket No. | Period Covered | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| August 2, 2006 #12907 CNO filed 8/29/06 #13096 | 5/1/06 – 5/31/06 | $40,694.00 | $16,160.02 | Approved @ 80% ($32,555.20) | Approved @ 100% |
| August 3, 2006 #12920 CNO filed 8/29/06 #13097 | 6/1/06 – 6/30/06 | $52,860.00 | $11,368.11 | Approved @ 80% ($42,288.00) | Approved @ 100% |
| August 8, 2006 #12949 Order filed 12/19/06 #14069 | 4/1/06 – 6/30/06 | $140,996.00 | $27,891.94 | Approved for $140,996.00 | Approved @ 100% |
| September 5, 2006 #13136 CNO filed 9/28/06 #13315 | 7/1/06 – 7/31/06 | $16,131.00 | $12,069.87 | Approved @ 80% ($33,830.40) | Approved @ 100% |
| September 28, 2006 #13317 CNO filed 10/25/06 #13469 | 8/1/06- 8/31/06 | $36,807.00 | $184.24 | Approved @ 80% ($29,445.60) | Approved @ 100% |
| October 30. 2006 #13526 CNO filed 12/4/06 #13909 | 9/1/06- 9/30/06 | $14,467.00 | $470.65 | Approved @ 80% ($11,573.60) | Approved @ 100% |
| October 30. 2006 #13535 (Objections due 11/24/06) | 7/1/06- 9/30/06 | $67,405.00 | $12,724.76 | Pending | Pending |
| December 5, 2006 #13930 CNO filed 1/2/07 #14196 | 10/1/06- 10/31/06 | $26,557.50 | $0.00 | Approved @ 80% ($21,246.00) | $0.00 |
| December 28, 2006 #14179 CNO filed 1/25/07 #14394 | 11/1/06 – 11/30/06 | $23,552.00 | $1,048.56 | Approved @ 80% ($18,841.60) | Approved @ 100% |
| Pending | 12/1/06- 12/31/06 | $30,737.00 | $255.69 | Pending | Pending |
| Pending | 10/1/06- 12/31/06 | $80,846.50 | $1,304.25 | Pending | Pending |

1495688A01012907

**SUMMARY OF COMPENSATION FOR THE FEE PERIOD**
**OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006**

| Name of Professional Person | Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Anthony J. Marchetta | 1974 | 550.00 | 36.7 | $20,185.00 |
| Robert G. Rose | 1974 | 445.00 | 23.4 | $10,413.00 |
| William S. Hatfield | 1993 | 365.00 | 48.9 | $17,848.50 |
| Barry M. Benjamin | 1993 | 415.00 | 30.6 | $12,699.00 |
| Scott A. Zuber | 1987 | 435.00 | 2.1 | $913.50 |
| Elizabeth J. Sher | 1984 | 450.00 | 0.2 | $90.00 |
| **COUNSEL** | | | | |
| Brian E. Moffitt | 1992 | 360.00 | 28.9 | $10,404.00 |
| **ASSOCIATES** | | | | |
| Kristen Jasket Piper | 2000 | 270.00 | 11.9 | $3,213.00 |
| James Philip Spielberg | 1999 | 250.00 | 7.2 | $1,800.00 |
| **PARAPROFESSIONALS** | | | | |
| S. Parker | N/A | 135.00 | 24.3 | $3,280.50 |
| **Grand Total Time Reports (Hours and Dollars) for the Fee Period October 1, 2006 through December 31, 2006** | | | **214.2 Total Hours** | **$80,846.50** |

1495688A01012407

## SUMMARY OF EXPENSES FOR THE FEE PERIOD
## OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006

| TYPE OF EXPENSE | |
| --- | --- |
| Paid Document Management Tech #10501 S#8535 | $611.20 |
| Paid Document Management Tech #10501 S#8535 | $437.36 |
| PD GENESYS CONFERENCING FOR SERVICES RENDERED; MS; CK# 292672 | $17.39 |
| PD GENESYS CONFERENCING FOR SERVICES RENDERED; MS; CK# 292672 | $117.31 |
| Computer Assisted Research | $66.34 |
| Computer Assisted Research | $16.65 |
| Pd travel expenses; CK # 292808 | $8.00 |
| PD TRAVEL EXPENSE; RGR; CK# 292702 | $30.00 |
| **Grand Total Expenses for the Fee Period October 1, 2006 through December 31, 2006** | **$1,304.25** |

12

| COMPENSATION BY PROJECT CATEGORY FOR THE FEE PERIOD | | | | | |
| PROJECT CATEGORIES | Total of October 1, 2006 - October 31, 2006 | Total of November 1, 2006 - November 30, 2006 | Total of December 1, 2006 - December 31, 2006 | Total of October 1, 2006 - December 31, 2006 | Total of April 2, 2001 - December 31, 2006 |
|---|---|---|---|---|---|
| 01 - Asset Analysis and Recovery | | | | | $ 3,888.50 |
| 02 - Asset Disposition | | | | | $ 13,881.00 |
| 03 - Business Operations | | | | | $ 361,336.50 |
| 04 - Case Administration | $ 12,227.00 | $ 13,575.00 | $ 26,360.00 | $ 52,162.00 | $ 1,315,111.60 |
| 05 - Claims Analysis, Objection, & Resolution (Asbestos) | | | | | $ 6,449.00 |
| 07 - Committee, Creditors', Noteholders' or Equity Holders' | | | | | $ 1,830.00 |
| 08 - Employee Benefits/ Pension | | | | | |
| 09 - Employment Applications, Applicant | | | | | $ 882.00 |
| 10 - Employment Applications, Others | | | | | |
| 11 - Fee Applications, Applicant | $ 2,026.50 | | $ 1,665.00 | $ 3,691.50 | $ 118,727.50 |
| 12 - Fee Applications, Others | | | | | $ 1,179.00 |
| 13 - Financing | | | | | $ 201.00 |
| 14 - Hearings | | | | | $ 72,325.50 |
| 15 - Litigation and Litigation Consulting | $ 12,304.00 | $ 9,977.00 | $ 2,712.00 | $ 24,993.00 | $ 3,363,925.60 |
| 16 - Plan and Disclosure Statement | | | | | $ 41,393.00 |
| 17 - Relief from Stay Proceedings | | | | | $ 185.50 |
| 18 - Tax Issues | | | | | $ 4,247.00 |
| 19 - Tax Litigation | | | | | |
| 20 - Travel – Non Working | | | | | |
| 21 - Valuation | | | | | |
| 22 - ZAI Science Trial | | | | | |
| 23 - ZAI Science Trial – Expenses | | | | | |
| 24 - Other | | | | | $ 11,459.00 |
| 25 - Accounting/Auditing | | | | | |
| 26 - Business Analysis | | | | | |
| 27 - Corporate Finance | | | | | |
| 28 - Data Analysis | | | | | |
| TOTAL - FEES | $ 26,557.50 | $ 23,552.00 | $ 30,737.00 | $ 80,846.50 | $ 5,337,021.70 |
| TOTAL - EXPENSES | $ - | $ 1,048.56 | $ 255.69 | $ 1,304.25 | $ 525,032.50 |
| TOTAL FEES AND EXPENSES | $ 26,557.50 | $ 24,600.56 | $ 30,992.69 | $ 82,150.75 | $ 5,862,054.20 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re:* | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., *et al.*,[1] | : | Case No. 01-01139 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Objection Deadline: February 20, 2007 |
| | : | Hearing Date: June 25, 2007 |

**VERIFIED APPLICATION OF DAY PITNEY LLP FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.
R. GRACE & CO., *ET AL.*, FOR THE INTERIM PERIOD
OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the "Retention Order" (as defined

below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee

Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Day

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Pitney LLP ("Day Pitney"), special counsel and ordinary course professional[2] for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order approving:  (i) compensation in the amount of $80,846.50 for the reasonable and necessary legal services Day Pitney has rendered to the Debtors, which amount includes 80% of the fees already approved from prior monthly fee applications; and (ii) reimbursement in the amount of $1,304.25 for the actual and necessary expenses that Day Pitney incurred, which amount was previously paid in accordance with prior fee applications, in representing the Debtors (the "Application"), during the period from October 1, 2006 through December 31, 2006 (the "Fee Period").  In support of this Application, Day Pitney respectfully represents as follows:

### Retention of and Continuing Disinterestedness of Day Pitney

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (collectively, the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 12, 2001, the office of the United States Trustee appointed:  (i) a committee of unsecured creditors in the Chapter 11 Cases; (ii) a committee of asbestos personal injury claimants; and (iii) a committee of asbestos property damage claimants.  On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders.

---

[2] Through and including the August 2001 application, Day Pitney's fee requests have related only to three (3) matters for which Day Pitney was retained as special counsel to the Debtors.  Following discussions with the Office of the United States Trustee and counsel for Debtors, going forward Day Pitney will include in its fee applications all matters in which Day Pitney represents the Debtors either as special counsel or an ordinary course professional.

2

2.      By this Court's order dated May 30, 2001 (the Retention Order), the Debtors were authorized to retain Day Pitney as special counsel, effective as of the Petition Date, with regard to the following three (3) matters, more particularly described in the application filed in support of such retention:  (a) *In re Intercat, Inc.*; (b) *Maryland Cas. v. W. R. Grace & Co., et al.*; and (c) *Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al.*

3.      The Retention Order authorizes the Debtors to compensate Day Pitney at Day Pitney's hourly rates, which are being charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules, and orders of this Court.  A copy of the Retention Order is attached hereto as **Exhibit "A."**

As disclosed in the Affidavit of Anthony J. Marchetta in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to the Debtors (the "Marchetta Affidavit"), Day Pitney does not hold or represent any interest adverse to the Debtors' estates with respect to the matters on which Day Pitney is to be employed.

4.      Day Pitney may have in the past represented, may currently represent, and likely in the future will represent, parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.  Day Pitney disclosed in the Marchetta Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  Day Pitney will update the Marchetta Affidavit when necessary and when Day Pitney becomes aware of material new information.

3

5.    Day Pitney performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

6.    Day Pitney has received payments applied for and authorized under the Interim Compensation Order.

7.    Pursuant to Fed. R. Bank. P. 2016(b), Day Pitney has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Day Pitney; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases. This is the twelfth quarterly application for interim compensation for services rendered that Day Pitney has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

### Reasonable and Necessary Services Rendered by Day Pitney

8.    Day Pitney submits this Application pursuant to the Retention Order seeking approval of: (a) compensation in the amount of $80,846.50 for the reasonable and necessary legal services Day Pitney has rendered as special counsel to the Debtors in this Chapter 11 case during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications; and (b) reimbursement in the amount of $1,304.25 for the actual and necessary expenses that Day Pitney incurred in the rendition of required professional services on behalf of the Debtors, which amount has been paid in accordance with prior fee applications.

9.    Day Pitney has maintained detailed records of the time expended in rendering the professional services performed on behalf of the Debtors in this case. Such time

4

1495703A01012407

records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Day Pitney's practice. The individual time records were recorded by the attorney or legal assistant who rendered the particular services described. Annexed hereto as **Exhibit "B"** is a copy of the actual time records maintained by Day Pitney for services rendered during the Fee Period.

10.    Day Pitney also maintains records of all necessary expenses and disbursements (collectively, the "Expenses") incurred by Day Pitney in connection with the performance of its services. Attached hereto as **Exhibit "C"** is a complete breakdown of all the Expenses incurred during the Fee Period.

11.    Bankruptcy Code section 330 authorizes bankruptcy courts to award professionals employed by the Debtors under Bankruptcy Code Section 327 "reasonable compensation" for actual and necessary services rendered to the Debtors by such professionals. Under Bankruptcy Code section 330, the reasonableness of the compensation sought by a professional is determined by consideration of the nature, extent and value of such services, taking into account, *inter alia*, the following: (a) the time spent on such services; (b) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the task; and (c) the cost of comparable services for non-bankruptcy cases.

12.    Day Pitney respectfully submits that the professional services which it has rendered and the Expenses that it has incurred on behalf of the Debtors were necessary and have resulted in substantial benefits to the Debtors. Set forth below is a summary of the services provided by Day Pitney to the Debtors during the Fee Period. Based upon an analysis of each of

5

the foregoing, Day Pitney respectfully submits that the compensation sought in this Application is reasonable.

### Services Rendered

13.    During the Fee Period, Day Pitney rendered professional legal services, on an hourly basis, to the Debtors in connection with the following matters: *Chapter 11 Administration; Tahari, Ltd.; Weja, Inc.,* and *NJDEP v. W.R. Grace et al.* Day Pitney respectfully submits that the time entries on Exhibit "B" adequately describe the services rendered on those matters.

14.    A detailed summary of the engagement costs incurred for each of the above-noted matters is set forth in Exhibit "C."

### Representations

15.    Day Pitney believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

16.    Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Day Pitney reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

17.    In summary, by this Application, Day Pitney requests approval for compensation of fees and expenses in the total amount of $82,150.75 consisting of:   (a) $80,846.50 for reasonable and necessary professional services rendered during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications;

6

1495703A01012407

and (b) $1,304.25 for actual and necessary costs and expenses, which amount has already been approved from prior fee applications.

      WHEREFORE, Day Pitney respectfully requests the Court approve an award to Day Pitney of: (a) 100% of the reasonable and necessary professional services Day Pitney has rendered to the Debtors during the Fee Period, including the 80% already received on an interim basis by way of monthly fee applications and 100% reimbursement of the actual and necessary costs and expenses incurred by Day Pitney during the Fee Period; and (b) that all awarded fees and expenses be paid as administrative expenses of the Debtors' estates; and (c) that this Court grant such further relief as is equitable and just.

Florham Park, New Jersey
Dated: January 29, 2007

Respectfully submitted,
DAY PITNEY LLP

Anthony J. Marchetta, Esq.
(Mail) P. O. Box 1945
Morristown, NJ 07962-1945
(Delivery) 200 Campus Drive
Florham Park, NJ 07932-0950

1495703A01012907

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | Case No. 01-01139 (JKF) |
| W. R. GRACE and CO., *et al.*[1], | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Objection Deadline: February 20, 2007 |
| | : | Hearing Date: June 25, 2007 |

## FEE DETAIL FOR DAY PITNEY LLP'S
## TWENTY-THIRD INTERIM FEE APPLICATION FOR THE PERIOD
## FROM OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006

---

[1] The Debtors consist of the following 62 entities: W. R. Grace and Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace and Co.-Conn., A-1 Bit and Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., EandC Liquidating Corp., Emerson and Cuming, Inc.), Southern Oil, Resin and Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.