THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**<u>STIPULATION RESOLVING CERTAIN CLAIMS OF JPMORGAN CHASE BANK</u>**

This stipulation is entered into this 31 day of January, 2007 between W. R. Grace & Co. and its affiliates (collectively, the "Debtors"), and JPMorgan Chase Bank, N.A. ("JPMorgan").

**WHEREAS,** on or about April 2, 2001 (the "Petition Date"), the Debtors, including W. R. Grace & Co. ("Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. The Debtors' bankruptcy cases are pending as case numbers 01-1139 (JKF) through 01-1200 (JKF) (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &

**WHEREAS**, on April 2, 2001, the Bankruptcy Court issued an Order consolidating the Bankruptcy Cases for administrative purposes only under Case No. 01-1139 (JKF) (the "Jointly Administered Bankruptcy Case").

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its Bar Date Order (Docket No. 1963) which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

**WHEREAS**, on March 28, 2003, JPMorgan filed claim number 9159 in the Grace-Conn Bankruptcy Case against Grace-Conn and each of the remaining Debtors on account of amounts JPMorgan claimed were owed by the Debtors to JPMorgan pursuant to that certain 364-Day Credit Agreement, dated as of May 5, 1999 (the "1999 Credit Agreement").

**WHEREAS**, on March 28, 2003, JPMorgan filed claim number 9168 in the Grace-Conn Bankruptcy Case against Grace-Conn and each of the remaining Debtors on account of amounts JPMorgan claimed were owed by the Debtors to JPMorgan pursuant to that certain Credit Agreement, dated as of May 14, 1998 (the "1998 Credit Agreement, and together with the 1999 Credit Agreement, the "Credit Agreements").

**WHEREAS**, on or about March 28, 2003, JPMorgan filed an additional two proofs of claims against each of the remaining 61 Debtors in their respective Bankruptcy Cases (totaling 122 proofs of claims) on account of amounts JPMorgan claimed were owed by the Debtors to JPMorgan under the Credit Agreements (together with claim nos. 9159 and 9168, the "JPMorgan Claims").

---

Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2

**WHEREAS,** on January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization (the "Plan"). To date, the Plan has not been confirmed. The Plan proposes that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. Under the terms of the Plan, upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors (the "Consolidated Debtors") and shall be deemed one claim against and obligation of the Consolidated Debtors.

**WHEREAS,** the parties hereto have agreed to enter into this stipulation solely to afford the Debtors the administrative convenience of minimizing duplicative claims, and not to substantively alter JPMorgan's rights in respect of the JPMorgan Claims.

**NOW, THEREFORE,** for good and valuable consideration received, the parties hereby stipulate and agree as follows:

1. Claims numbered 9159 and 9168 (together, the "Consolidated JPMorgan Claims"), copies of which are attached hereto as <u>Exhibits A and B</u>, respectively, and made a part hereof, shall remain as the sole claims constituting JPMorgan Claims against the Debtors or the Debtors' bankruptcy estate(s) and, in each case, shall be deemed as one claim against and obligation of the Consolidated Debtors arising under the 1998 Credit Agreement and the 1999 Credit Agreement, respectively.

2. Claims numbered 8616-8620, 8723-8726, 9124-9158, 9160-9167, 9169-9172, 9194-9207, 9271, 9423-9472, and 9476 constitute JPMorgan Claims, as defined herein, and are duplicative of the Consolidated JPMorgan Claims, and shall be disallowed and expunged from the Claims Register for all purposes (such claims, the "Disallowed Claims"). Notwithstanding any other provision herein, to the extent that the Plan does not, or any other plan or plans of

reorganization confirmed in these chapter 11 cases do not, provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), the Disallowed Claims shall be reinstated, and JPMorgan shall be entitled to pursue all such claims, as appropriate.

3. The Debtors expressly reserve any and every objection that they now have or may have in the future to the substance of the Consolidated JPMorgan Claims, but forever waive and release any and every objection they may have to the JPMorgan Claims on the basis that such claims were improperly or untimely filed in the Bankruptcy Cases or the Consolidated Bankruptcy Case, or any of them, or that the claims should have been filed in each of the Bankruptcy Cases.

4. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

5. The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the following:

    (a) claims numbered 8616-8620, 8723-8726, 9124-9158, 9160-9167, 9169-9172, 9194-9207, 9271, 9423-9472, and 9476 shall be disallowed and expunged as outlined herein; and

    (b) claims numbered 9159 and 9168 shall remain on the claims register as outlined herein.

6. The parties shall take whatever additional action, if any, is necessary to ensure that JPMorgan's claims are treated as outlined herein.

**STIPULATED AND AGREED:**

| | |
|---|---|
| **JPMorgan Chase Bank, N.A.** | **W. R. GRACE & CO., et al.** |
| By: _____ <br> One of Their Attorneys | By: _____ <br> One of Their Attorneys |
| Peter Pantaleo <br> Simpson Thacher & Bartlett LLP <br> 425 Lexington Avenue <br> New York, NY 10017 <br><br> Counsel for JPMorgan Chase Bank | Janet S. Baer <br> Lori Sinanyan <br> Kirkland & Ellis LLP <br> 200 East Randolph Drive <br> Chicago, IL 60601 <br> (312) 861-2000 <br><br> and <br><br> Laura Davis Jones <br> Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC <br> 919 North Market Street, 16th Floor <br> P. O. Box 8705 <br> Wilmington, DE 19899-8705 <br> (302) 652-4100 <br><br> Co-Counsel for the Debtors and Debtors in Possession |