# EXHIBIT 3

{D0015844:1 }

LAW OFFICES

# COONEY & CONWAY

30TH FLOOR
120 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60602

(312) 236-6166
FAX (312) 236-3029
MAINDESK@COONEYCONWAY.COM

ROBERT J. COONEY (1924-1995)
KEVIN J. CONWAY
ROBERT J. COONEY, JR.
JOHN D. COONEY
WILLIAM R. FAHEY

JAMES T. NEWMAN
TIMOTHY R. OCASEK
DANIEL T. STANTON
JAMES E. OCASEK
JAMES R. HOPKINSON
KATHY BYRNE
MICHAEL D. MULVIHILL
MICHAEL J. LUBECK
MICHAEL T. EGAN
LAWRENCE R. WEISLER
TIMOTHY G. MARTIN
DANIEL T. RYAN

November 6, 2006

Barbara Mack Harding
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Re: W.R. Grace Bankruptcy--Personal Injury Questionnaire Supplementation

Dear Ms. Harding,

I am writing in response to your letter of October 18, 2006 regarding original X-rays in some of my client's cases. I am happy to work with you and your office on this issue.

First, we have no original X-rays in our possession. It has never been the practice in Cook County or Illinois to require original X-rays, and understandably, most hospitals in this area will only allow copies to be removed. We have copies of many of our client's X-rays. The usual practice in this jurisdiction is to put medical records, including copies of X-rays, with a central repository, such as Ikon or Record Copy Services, for a certain period of time and Defendants can then either request copies from the service at their own expense, or go to repository and view the records and X-rays. Occasionally a Defendant will instead obtain its own copies from the medical providers, in which case we provide the Defendant with a medical authorization. We would also agree to copy and ship the X-rays and other medical to you, as long as Grace agrees to reimburse us for the cost of the copying and shipping for the X-rays and medical.

I am happy to assist you in obtaining copies of the X-Rays, at Grace's expense, in either of these three ways, which all other Defendants have found to be acceptable and reasonable methods. I believe that these methods easily meet F.R.C.P. 34 requirements. I think that requiring the claimants to re-copy and ship the X-rays to a distant repository would be unduly burdensome, costly and probably be objectionable under F.R.C.P 45. And, as I previously explained, the production of original X-rays is simply not feasible. Furthermore, we cannot give up our copies, since we may need them for litigation and other purposes.

Please let me know how you wish to proceed in this matter.

Very truly yours,

COONEY & CONWAY

Kathy Byrne

cc:   Nathan D. Finch

# LANDRY & SWARR, L.L.C.
## Attorneys at Law

1010 Common Street, Suite 2050
New Orleans, Louisiana 70112

MICKEY P. LANDRY
FRANK J. SWARR
DAVID R. CANNELLA

Telephone: (504) 299-1214
Facsimile:  (504) 299-1215
E-Mail: lslaw@landryswarr.com

NOTARIES PUBLIC

October 31, 2006

**VIA FACSIMILE**
**202-879-5200**

Ms. Barbara Mack Harding
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

    Re:    **W.R. Grace Request for Claimants' X-Rays**
               **October 23, 2006 Memo**

Dear Ms. Harding:

    In response to your memo referenced above, (copy enclosed) please be advised that our firm represents those lung cancer claimants listed on Attachments A and B to this letter. Attachment A includes those claimants who have already submitted claims for payment to WR Grace; and Attachment B, those soon to be submitted.

    As you know, Federal Rule of Civil Procedure 34 requires only that a litigant produce documents or things "for inspection and copying" "in a reasonable time, place and manner" and FRCP 45 (relating to subpoenas) cannot compel a respondent to produce documents and things at a place more than 100 miles from the place where the subpoena is served, and that the Federal Rules also have protections that avoid placing burdens and costs on discovery recipients.

    Therefore, in order to assist you with your request for review of x-rays, we offer to make said x-rays available to you by either of the following 2 methods:
    1)    You can review the x-ray originals in the place where they are currently located, or
    2)    You can pay the cost for copying and shipping the copies to a different desired location

Page 2
October 31, 2006

    Thank you for your attention to this matter. Please feel free to contact me, or our claims administrator, Susan Burk, as to how we can further assist in getting you the materials requested.

                          Sincerely,

                          Mickey P. Landry

Copy:  Nathan D. Finch via e-mail to ndf@capdale.com

Enclosures

Attachment A

Landry & Swarr, LLC
W.R.Grace Lung Cancer Claimants - Previously Submitted
October 27, 2006

| Last Name | Fist Name | MI | Disease |
|---|---|---|---|
| Anderson | Alexander |  | Lung Cancer |
| Chiasson | Joseph | J. | Lung Cancer |
| Cortez | Daniel | J. | Lung Cancer |
| Curole | Kerry | J. | Lung Cancer |
| Gassenberger | Robin | J. | Lung Cancer |
| Haywood | Donald | F. | Lung Cancer |
| Johnson | Johnnie | L. | Lung Cancer |
| Leonard | Adrian | J. | Lung Cancer |
| Moorman | James | R. | Lung Cancer |
| Morvant | Charles | S. | Lung Cancer |
| Palermo | Jake |  | Lung Cancer |

Attachment B

Landry & Swarr, LLC
W.R.Grace Lung Cancer Claimants - Not Yet Submitted
October 27, 2006

| Last Name | Fist Name | MI | Disease |
|---|---|---|---|
| Jaufre | Alvin | | Lung Cancer |

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Barbara Mack Harding
To Call Writer Directly:
202 879-5081
bharding@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200
Dir. Fax: 202 879-5200

October 23, 2006

**VIA OVERNIGHT DELIVERY**

Re: W.R. Grace Bankruptcy -- Production of Chest X-rays

Dear Counsel:

I am contacting you because you represent one or more Claimants who have returned a W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire") and assert a claim based on a diagnosis of a cancer (other than a diagnosis of mesothelioma) that is alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing material for which one or more of the Debtors are alleged to be legally responsible. As part of the Questionnaire, the Bankruptcy Court for the District of Delaware has provided that "Grace may seek access to chest x-rays upon request." Questionnaire at ii. This letter is served as that request.

Thus, for each Claimant you represent who has alleged a non-mesothelioma asbestos-related cancer, please provide any and all chest x-rays that support the Claimant's allegation that his or her cancer is asbestos-related, all chest x-rays that were taken within 2 years of the Claimant's diagnosis, and/or any chest x-ray that has been taken since the Claimant has been diagnosed with cancer, within 30 days of receiving this letter. Please send the x-rays to Rust Consulting, Inc., 201 S. Lyndale Ave., Faribault, MN, 55201. If an x-ray is in the possession of the Claimant's treating physician, it is acceptable to provide copies of that x-ray. If, however, an x-ray is in the possession of someone other than the Claimant's treating physician (*e.g.*, counsel for the Claimant, a physician other than a treating physician, or a screening company), originals of that x-ray must be provided. If original x-rays are provided, they "will be returned within a reasonable period of time" after "professionals and experts have reviewed the documents." Questionnaire at iv. If copies of the x-ray are provided, once a trust is formed, the x-rays will be provided to the trust and the Claimant need not resubmit them. *See* Questionnaire at i.

If you have any questions, please feel free to contact me.