**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **IN RE:** | ) | **Chapter 11** |
|  | ) |  |
| **W.R. GRACE & CO.,** *et al.*, | ) | **Case No. 01-01139 (JKF)** |
|  | ) | **Jointly Administered** |
| **Debtors.** | ) | **Related to Docket No. 14441** |
|  | ) |  |
|  | ) | Hearing Date: February 2, 2007 @ 3:30 p.m. |
|  | ) | Objection Deadline February 1, 2007 @ 3:00 p.m. |

**OPPOSITION OF MOTLEY RICE LLC TO DEBTOR'S EXPEDITED MOTION TO MODIFY ORDER REGARDING PRODUCTION OF X-RAYS BASED ON SUBSTANTIAL NON-COMPLIANCE WITH ORDER AND JOINDER OF MOTLEY RICE LLC IN CERTAIN ASBESTOS CLAIMANTS' FIRMS' AND OTHER <u>CLAIMANTS' COUNSEL'S OPPOSITION TO THIS MOTION</u>**

COMES NOW, Motley Rice LLC, (hereinafter "Motley Rice") a law firm representing various asbestos personal injury claimants, and hereby files this Opposition to W.R. Grace & Co.'s (hereinafter "Grace") Expedited Motion to Modify Order Regarding Production of X-Rays Based on Substantial Non-Compliance with Order (hereinafter "Motion") and Joinder of Motley Rice LLC in Certain Asbestos Claimants' Firms' and Other Claimants' Counsel's Opposition to Grace's Motion. In support of its Opposition and Joinder, Motley Rice states as follows:

<u>**I. INTRODUCTION**</u>

Before this Court is the latest, although counsel for Grace's victims suspect probably not the last, attempt by Grace to twist and reshape a ruling of this Court, a ruling that Grace participated in, negotiated, and ultimately agreed to, into a weapon to be used against its victims and their counsel.[1] Even the title of Grace's Motion is a mischaracterization. Motley Rice **has**

---
[1] Motley Rice hereby and herewith expressly joins in, adopts, and incorporates by reference all responses of Certain Asbestos Claimants' Firms and other Claimants' counsel's oppositions to Grace's present Motion.

**complied** with this Court's Order of December 22, 2006 (hereinafter "Order"). Paragraph 3 of the Order, conspicuous by its absence from Grace's Motion, states:

> If it is not possible or reasonably practicable to obtain the certification described in Paragraph 2, the Claimant (or his counsel on his behalf) shall provide Grace by January 12, 2007 with a certification to such effect. **In such event and upon demand by Grace, the Claimant shall make his or her original x-ray available for inspection at his or her counsel's office within thirty (30 days) days of the demand by Grace….**"

Order at ¶ 3, p. 2 (emphasis added). There is nothing is this Paragraph, or anywhere else in the Order, that states that reliance on paragraph 3 is permissible only in "exceptional circumstances" as Grace contends in its Motion. Grace's Motion at p. 1. It is also noteworthy that such a contention is made without citation to any portion of the record in this proceeding. Neither the December 5, 2006 nor the December 19, 2006 hearing is referenced to support this allegation, although citations found on page 5 of Grace's Motion reveal a thorough combing of both transcripts. Grace's Motion at p. 5. Of course, the reason that the Motion contains no citation is because such a contention is not accurate. Grace's use of the term "exceptional circumstances" is necessary for its position because the usage allows Grace to attempt to paint Motley Rice's reliance on the paragraph 3 alternative as an indication "that they cannot comply with the requirements of the order …." Grace's Motion at 1. This is an outright falsehood and should not be tolerated by this Honorable Court. What Grace is actually attempting to do is contravene the Order of this Court and, in so doing, contravene the federal rules of discovery.

## II.  GRACE'S ACCEPTED MOTLEY RICE'S RELIANCE ON PARAGRAPH 3

Correspondence between Motley Rice and Grace shows that Motley Rice is in full compliance with the Order of this Court. As the January 5, 2007 letter of Jeanette Gilbert demonstrates, Motley Rice did not receive any correspondence from Grace by December 29, 2006—the deadline imposed by the Order of this Court. Exhibit "A", Correspondence, attached

2

hereto and incorporated herein by reference. In a January 11, 2007 reply to this letter, counsel for Grace, for the first time, advised Motley Rice that, despite using "its best efforts", Grace could not determine whether claimants represented by Motley Rice had x-ray evidence to support their claims. Thus, Grace stated that it would seek all x-ray evidence for Motley Rice claimants. Exhibit "A". On January 15, 2007, Motley Rice replied to these erroneous assertions and pointed out that Motley Rice claimants had provided both a cause of death, for non-mesothelioma malignancies, a medical profile for each claimant, and attachments including x-ray and b-read reports when applicable. Thus, Grace, not Motley Rice, utterly failed to comply with paragraph 6 of this Court's Order as Grace's "best efforts" did not extend, apparently, to actually reading the pertinent and easily accessible data submitted by Motley Rice claimants. Also in this letter, Motley Rice stated that it could not certify that a copy of the x-rays in its possession would be an exact duplicate of the original and, as contemplated by paragraph 3 of the Order, extended another invitation to Grace to come review x-rays located at Motley Rice offices. Exhibit "A".

Grace replied to this offer on January 18, 2007. In that correspondence, Grace conceded that Motley Rice had made the requisite certification as contemplated by paragraph 3 of the Order and stated that it would contact Motley Rice to coordinate a review of x-rays in Motley Rice's possession. Exhibit "A". On January 29, 2007, Motley Rice replied to this correspondence and included a list of claimant x-rays in its possession together with the location of each claimant's x-ray for Grace's convenience. Exhibit "A". Grace's reply to this letter was the current Motion before this Court.

### III. GRACE'S NEW POSITION HAS ALREADY BEEN REJECTED BY THIS COURT

Grace's position on the inspection of original x-rays is diametrically opposed to its position previously espoused before this Court. During the course of the December 5, 2006

hearing, Grace was insistent that it needed to review original x-rays. Tr. of Hr'g at p. 79 (Dec. 5, 2006). In response this Court stated: "You can certainly go look at the originals if that's the case…. If you want the opportunity to go see the originals I wholly agree you're entitled to that opportunity to go see them." Tr. of Hr'g at p. 80 (Dec. 5, 2006). Later, Grace, quoting Dr. Daniel Henry, stated "'Chest x-rays is [sic] one of the most difficult images to satisfactorily copy due to the anatomic detail presented, and a significant variation in the original exposure technique. Using copies of the conventional x-ray will compromise the evaluation process.'" Tr. of Hr'g at p. 83 (Dec. 5, 2006). Presently, however, Grace characterizes Motley Rice's inability to certify that a copy is an exact duplicate of an original x-ray as being disingenuous despite Grace's earlier acknowledgment of the inherent difficulty in making an exact copy of an x-ray. Such double-talk from Grace is, unfortunately, all too familiar.

Later, the Court reiterates its position on the production of original x-rays: "In terms of the expense, yes, I think it's up to Grace. **Otherwise they have to go look at the originals**." Tr. of Hr'g at p. 88 (Dec. 5, 2006) (emphasis added). Of course, Grace, quoted a portion of this exchange in its Motion, but somehow forgot to include the above-quoted language. Later, and most directly on point, the following exchange occurred between the Court and counsel for Motley Rice:

> Mr. Herrick: **And then the rule also allows for someone who is responding to discovery to allow somebody to come to their offices and view the documents**.
> The Court: **Yes**.
> Mr. Herrick: **I assume that rule remains with respect to the original chest x-ray.**
> The Court: **Yes.** If they want to go look at the originals they can certainly go look at the originals. They have that right. But nonetheless they're entitled to a certification that indicated that this is a duplicate. And if it can't be a duplicate for some reason then they'll say I can't get a duplicate, the image is faded or whatever. I don't know what the reasons will be, but **then Grace will know they have to go look at the original.**

4

Tr. of Hr'g at p. 91 (Dec. 5, 2006) (emphasis added). Of course, the Court and counsel for Motley Rice are correct as production of documents at opposing counsel's office is precisely what is contemplated by Bankruptcy Rule of Procedure 7034 and Federal Rule of Civil Procedure 34. Bankr. R. P. 7034; Fed. R. Civ. P. 34(a). Grace's attempt at expanding discovery beyond what is mandated and controlling should not be endorsed by this Court.

## IV.  CONCLUSION

A comparison of Motley Rice's conduct to the dictates of this Court's Order reveals that Motley Rice is in full compliance and no modification is warranted whatsoever. Grace asks this Court to revisit an issue that has been litigated ad nauseam and bestow on Grace privileges that go far beyond what is granted it in the bankruptcy and federal rules governing discovery. This Court has already acknowledged that the rules of discovery provide that one may properly respond to a production request by producing the sought after documents at counsel's office. There is no need to rehash or circumvent this well-established principle.

The underlying aim of Grace's current Motion is to somehow delay the long-awaited estimation hearing by claiming that its experts have not had sufficient time to review medical evidence. Grace is free to employ experts in the states where the x-rays are located and is its own master concerning how many of the x-rays it deems worthy of independent review. Grace seeks relief from a quandary of its own making. Apparently, Grace's hubris knows no bounds.

WHEREFORE, for the reasons stated herein and for the reasons stated in the Responses of other Claimants' firms, Grace's Expedited Motion to Modify Order Regarding Production of X-rays should be denied in its entirety and Motley Rice should be granted such other just, necessary, and equitable relief this Court deems proper.

Dated: February 1, 2007

        RESPECTFULLY SUBMITTED,

*/s/ John E. Herrick*
JOHN E. HERRICK
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
Tel. (843) 216-9000
Fac. (843) 216-9440
Email: jherrick@motleyrice.com

    and

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB # 3381)
Heiman, Gouge & Kaufman, LLP
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19899-1674
(302) 658-1800

COUNSEL FOR VARIOUS
ASBESTOS PERSONAL INJURY
CLAIMANTS