IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | **Re: Docket No. 14375** |

### DEBTORS' OPPOSITION TO FOSTER & SEAR'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE W.R. GRACE ASBESTOS PERSONAL INJURY QUESTIONNAIRE

Foster & Sear, apparently operating under the assumption that it is easier to seek forgiveness than permission, waited until January 22, 2007, six months after the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire") submission deadline had passed, to ask this Court, in essence, for an additional *eleven months* to complete less than 1,000 additional Questionnaires. This extension, if granted, would allow Foster & Sear to submit their discovery responses well past the date when final expert reports are submitted, upsetting one of the fundamental premises under which the current Case Management Order for the Estimation of Asbestos Personal Injury Liabilities was negotiated -- *i.e.*, that all Questionnaire responses would be submitted in a timely manner sufficient to permit the parties' experts to evaluate those responses. The Court should not allow the Foster & Sear Claimants to circumvent expert scrutiny of their responses.

In September 2005, Foster & Sear was served with approximately 5,200 Questionnaires for persons represented by Foster & Sear that Grace believed to hold pre-petition personal injury claims. In July 2006, at the deadline for the submission of the Questionnaires,

Foster & Sear returned 584 Questionnaires. At no time did Foster & Sear inform Grace or the Court that it had more than 584 Claimants or that additional time to respond to the Questionnaires was needed. Yet, in November 2006, after the Court had issued the Order As To All Pre-Petition Asbestos PI Litigation Claims, Including Settled Claims, (I) Establishing Bar Dates; (II) Approving Proof Of Claim Form; and (III) Approving Notice Of Pre-Petition Asbestos Personal-Injury Claims Bar Date (Docket No. 13061) (Aug. 24, 2006) ("Bar Date Order"), Foster & Sear submitted approximately 2,600 proofs of claim, alleging non-settled pre-petition personal injury claims. And, at that time, Foster & Sear neither submitted Questionnaires for those individuals (despite the fact that those Questionnaires were due on July 12, 2006), nor did they request any additional time to do so.

As the Court is well aware, the data obtained from the Questionnaires will be used by Grace's experts in their valuation of Grace's asbestos personal injury liabilities. *See, e.g.*, Tr. of Hr'g at 251 (Sept. 11, 2006). Under the current CMO, the Court-appointed claims agent, Rust Consulting, is to have the *final* version of the navigable database comprised of *all* responses to the Questionnaire to the parties to the estimation on March 2, 2007. Estimation expert reports are due on March 15, 2007. Those reports may be supplemented on April 27, 2007. Non-estimation expert reports have already been submitted and may be supplemented on March 30, 2007. If the extension sought were granted, the Foster & Sear Claimants' Questionnaires would not be due until well after all of those dates have passed. Thus, Grace's expert analysis would be deprived of the information regarding those claims, and all parties to the estimation may be prejudiced.

2

Moreover, while purporting to seek a four month extension, Foster & Sear's request is tantamount to an eleven-month extension. The final deadline for the submission of *all* Questionnaires was July 12, 2006. This includes the 997 Claimants for whom Foster & Sear are now seeking relief. The Court never granted a general extension of the July 12, 2006 Questionnaire deadline. It only issued two limited extensions under particularized circumstances. The first was an extension until January 12, 2007 for Claimants to supplement their initial Questionnaire responses. *See* Order Regarding Motions To Compel Claimants To Respond To The W.R. Grace & Co. Asbestos Personal Injury Questionnaire at ¶ 7 (Docket No. 14149) (Dec. 22, 2006). The second was an extension until January 12, 2007 for persons who believed their pre-petition litigation claims were settled, but the Court adjudicated as non-settled. *See* Order Regarding Questionnaires To Be Filed For Non-Settled Pre-Petition Asbestos PI Claims (Docket No. 14092) (Dec. 20, 2006). Neither exception applies to the Foster & Sear Claimants seeking relief. Since September 2005, Foster & Sear has been on notice that Grace believed these Claimants to have pre-petition asbestos personal injury claims. Foster & Sear has offered no justification for their failure to submit these Claimants' Questionnaires at the original deadline, nor did they seek an extension to do so until six months after the Questionnaires were due. This utter disregard for the Court's orders is inexcusable and should not be permitted by the Court.

Whereby, Grace respectfully requests that the Court deny Foster & Sear's motion and require Foster & Sear Claimants to submit their Questionnaires immediately, or in the alternative, to bar and disallow such Claimants from making a future claim against the anticipated Section 524(g) Trust. *See* Notice Of Bar Dates For Pre-Petition Asbestos Personal

3

DOCS_DE:124800.2

Injury Litigation Claims (Settled And Non-Settled) at 3, attached as Exhibit B to the Bar Date Order (Docket No. 13061).

| | |
|---|---|
| Wilmington, Delaware<br>Dated: February 1, 2007 | Respectfully submitted,<br><br>KIRKLAND & ELLIS LLP<br>David M. Bernick, P.C.<br>Ellen T. Ahern<br>Janet S. Baer<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>(312) 861-2000<br><br>KIRKLAND & ELLIS LLP<br>Barbara M. Harding<br>David Mendelson<br>Brian T. Stansbury<br>Amanda C. Basta<br>655 Fifteenth Street, NW<br>Washington, D.C. 20005<br>Telephone:    (202) 879-5000<br>Facsimile:    (202) 879-5200<br><br>*And*<br><br>PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP<br><br>*/s/ James E. O'Neill / by CAK with permission*<br><br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>919 North Market Street, 16th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>(302) 652-4100<br><br>**Co-Counsel for the Debtors and Debtors-in-Possession** |

4

DOCS_DE:124800.2