IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., *et al.*[1], | ) Chapter 11 |
| | ) |
| Debtors. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |

**STIPULATION FOR ENTRY OF AGREED ORDER REGARDING BNSF PROPERTY DAMAGE CLAIMS**

This stipulation is entered into this _19th_ day of January, 2007, between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Burlington Northern Santa Fe ("BNSF")

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

WHEREAS, on March 28, 2003, BNSF filed several proofs of claim, including but not limited to the following three proofs of claim which were filed as Asbestos Property Damage Claims for alleged clean-up cost incurred or to be incurred by BNSF in Denver, Colorado, Libby, Montana and Minot, North Dakota (the "Claims") described as follows:

| **Claim No.** | **Amount** | **Priority** | **Basis** |
|---|---|---|---|
| 8250 | unspecified | Asbestos Property Damage | Clean-Up Costs- Denver Colorado |
| 8251 | unspecified | Asbestos Property Damage | Clean-Up Costs-Libby, Montana |
| 8252 | unspecified | Asbestos Property Damage | Clean-Up Costs - Minot, North Dakota |

WHEREAS, on September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims (the "15th Omnibus Objection") wherein the Debtors objected to the Claims on several grounds.

WHEREAS, over the course of the past year, the Court has entered several Case Management Orders ("CMO's") with respect to Asbestos Property Damage Claims ("PD Claims") and the 15th Omnibus Objection.

WHEREAS, on October 13, 2006 the Court entered the Amended Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims (Docket No. 13406)(the "PD CMO") wherein various deadlines were set with respect to discovery, hearings on certain objections and motions for summary judgment regarding PD claims. The PD CMO listed all of

2

the claims to which it applied and included the BNSF Claims that are the subject of this Stipulation.

WHEREAS, the Claims are not traditional PD claims relating to one of the Debtors' asbestos containing products. The claims are essentially related to costs allegedly incurred or to be incurred and clean-up allegedly necessitated on BNSF's real property with respect to BNSF's transportation or handling of the Debtors' vermiculite and vermiculite related products. As such, the Claims are environmental clean up claims.

WHEREAS, BNSF, the Debtors and the Environmental Protection Agency ("EPA") are all involved in discussions and actions being taken or to be taken with respect to environmental clean-up that has been or will be done on BNSF's and the Debtors properties that are related to the Claims;

WHEREAS, the Debtors are presently negotiating a Settlement Agreement with the EPA (the "EPA Agreement") with respect to the allowance of many environmental claims. The draft EPA Agreement provides, among other things, that Claim no. 8250 with respect to BNSF's clean up costs relating to the Western Minerals Processing Site in Denver, Colorado will be an Allowed General Unsecured Claim in the amount of $1,017,106.20 and Claim no. 8252 with respect to BNSF's clean up costs relating to the Robinson Insulation Site in Minot, North Dakota will be an Allowed General Unsecured Claim in the amount of $17,300. However, negotiations with respect to the EPA Agreement have not been completed and once completed, the EPA Agreement will be subject to EPA approval, public comment, approval of any parties in interest in the Debtors chapter 11 cases and ultimately to Bankruptcy Court approval.

WHEREAS, Claim no. 8251 is not a part of the EPA Agreement. However, the Debtors and the EPA are in discussions with respect to the clean up costs incurred and to be incurred with

respect to both owned and non-owned properties in Libby, Montana (the "Libby Properties"), which discussions are expected to include the property at issue in Claim no. 8251.

WHEREAS, on November 27, 2006 BNSF served certain Requests for Production of Documents and Interrogatories on Grace with respect to the Claims and the matters outlined in the PD CMO and on December 20, 2006 BNSF provided their Expert Report with respect to Claim no. 8252.

WHEREAS, the parties have determined that it would be in the best interest of the Debtors, BNSF and the Debtors' estates for the objections with respect to the Claims to be held in abeyance pending the completion of the EPA Agreement and the discussions among the parties with respect to the Libby Properties.

WHEREFORE, the parties hereby Stipulate and Agree as follows:

1. The objections to the Claims outlined in the 15th Omnibus Objection and the PD CMO will be held in abeyance pending completion of the EPA Agreement and related discussions involving the Libby Properties.

2. The Claims, by this Stipulation and the Order to be entered in conjunction with the Stipulation, shall be excluded from the PD CMO and all deadlines currently set forth in the PD CMO with respect to the Claims shall be vacated.

3. This Stipulation shall not affect in any way the ultimate allowance or disallowance of the Claims or the adjudication of the objections to the Claims raised in the 15th Omnibus Objections to the Claims or otherwise and the parties preserve all rights with respect to the Claims and the 15th Omnibus Objection with respect to the Claims.

4. The parties hereto may agree to revive the adjudication of the Claims through the 15th Omnibus Objection process or any other process that may be appropriate, at any time.

Alternatively, if the parties cannot reach agreement with respect to how to finalize the adjudication of any or all of the Claims, or how to otherwise proceed with respect to the Claims, any party may at any time move for the Court to approve an appropriate process to do so. However, in no event shall the PD CMO apply to these Claims unless the parties so agree that some or all of the PD CMO should apply to the Claims.

Burlington Northern Santa Fe Railroad ("BNSF")

By: _____
Richard A. O'Halloran, Esquire
Counsel for BNSF
Burns, White & Hickton, LLC
531 Plymouth Rd., Suite 500
Plymouth Meeting, PA 19462
Telephone: 610-832-1111

W. R. Grace & Co., et al. ("Debtors")

By: _____
Janet S. Baer
One of the Debtors' attorneys
Kirkland & Ellis
200 E. Randolph Drive
Chicago, Illinois 60601-6636
Telephone: 312-861-2000