# **EXHIBIT A**

```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE

IN RE:                          .  Case No.  01-01139
                                .
  W. R. GRACE & CO., et al.,    .
                                .  5414 USX Tower Building
                   Debtors,     .  Pittsburgh, PA  15222
                                .  January 24, 2006
. . . . . . . . . . . . . . . . .  9:05 a.m.
```

TRANSCRIPT OF HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtors: | Kirkland & Ellis LLP<br>By: MICHELLE BROWDY, ESQ.<br>    SALVATORE BIANCA, ESQ.<br>    MICHAEL DIERKES, ESQ.<br>    MICHAEL ROSENBERG, ESQ.<br>    ERIN SKAURON, ESQ.<br>200 E. Randolph Drive<br>Chicago, IL  60601 |
| | W.R. Grace & Company<br>By: RICHARD FINKE, ESQ.<br>7500 Grace Drive<br>Columbia, MD  21044 |
| | Reed, Smith LLP<br>By: DOUGLAS CAMERON, ESQ.<br>435 Sixth Avenue<br>Pittsburgh, PA  15219 |
| Audio Operator: | Cathy Younker |

Proceedings recorded by electronic sound recording, transcript
produced by transcription service

---

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail: jjcourt@optonline.net

(609) 586-2311    Fax No. (609) 587-3599

1           MS. BROWDY:  And then, Your Honor, just to clarify
2  for our kind of bookkeeping purposes that we can set this for
3  the March 27th omnibus hearing?
4           THE COURT:  Yes.
5           MS. BROWDY:  Thank you, Your Honor.
6           MR. BIANCA:  Good morning, Your Honor, Salvatore
7  Bianca on behalf of the debtors.  The next two objections on
8  the agenda pertain to two claims filed by two different pro se
9  claimants.
10          THE COURT:  All right.  Excuse me just one second,
11 I'm sorry.
12          MR. BIANCA:  No problem.
13      (Pause.)
14          THE COURT:  Okay, thank you.
15          MR. BIANCA:  No problem.  I'll continue.  Claim No.
16 14400 was filed by Phillip Shawn Moore.  The debtors object to
17 Mr. Moore's claim because it excludes information regarding
18 whether he owns the property at issue and the date in which he
19 purchased the property.  These were questions 3(a)(3) and
20 3(a)(4) on the proof of claim form.  This information is
21 necessary to determine whether or not Mr. Moore has any basis
22 to even assert a claim for this property since his ownership is
23 not clear from the forms.
24          The response filed by Mr. Moore on October 20th of
25 2005 doesn't attempt to remedy this issue and -- of these

deficiencies on the claim form and in our reply, we reiterated the objection, reiterated the need for this information and we still have not received that. And no surreply was filed by Mr. Moore. On this basis, we seek the claim to be disallowed.

THE COURT: Is anybody representing Mr. Moore?

No one is responding.

And was Mr. Moore notified of today's hearing?

MR. BIANCA: Yes, he was.

THE COURT: All right. I will accept an order that disallows his claim for failure to state the essential elements of that claim.

MR. BIANCA: Thank you, Your Honor.

The next claim is Claim No. 15352, which was filed by Marcella Paulette. This was filed on a non-asbestos proof of claim form and purports to amend Claim No. 2361, which alleges property damage from MK-3 plaster and various finishing coats. The objector -- the debtors object to this claim because it lacks any kind of product identification information -- product identification documentation rather.

The case law is clear that a necessary prerequisite to recovery for an asbestos property damage claim is a showing that one of the debtors actually manufactured or sold the products for which the claim is alleged. Neither the claim nor any of claims filed by Ms. Paulette provide any documentation indicating a Grace product. All that was provided was a list

1 of renovations to her home. And indeed nowhere in any of the
2 documents does it even mention the presence of asbestos, much
3 less a Grace product.
4     The claimant's response indicates that she's never
5 seen any documents from the building contractor that she could
6 base the assertion that a Grace product is present on. And,
7 you know, the need for product ID documentation in this case is
8 particularly important because of the assertion that MK-3 is
9 present in her home. MK-3 was built -- was used on large scale
10 buildings, such as high rises, not individual residences.
11     And so, on the basis of any kind of -- lack of
12 product identification documentation, we request this claim to
13 be also disallowed.
14     THE COURT: Is anyone representing Ms. Paulette?
15     There's no response.
16     So I will accept an order that disallows her claims
17 for the reasons you've expressed on the record.
18     MR. BIANCA: Thank you, Your Honor.
19     THE COURT: And the debtor will submit both of those
20 orders?
21     MR. BIANCA: Yes, Your Honor.
22     THE COURT: All right.
23   (Pause.)
24     MS. BROWDY: Your Honor, that takes us to I think the
25 last argument for this morning, which are the Minneapolis