IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |

**AGREED MOTION FOR ENTRY OF AN ORDER CONFIRMING THAT DEPOSITION TESTIMONY OF DR. PHILIP H. LUCAS IS NOT WITHIN THE SCOPE OF THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT**

The Debtors respectfully request that this Court enter the attached order agreed upon by the parties confirming that the subpoenaed documents and deposition testimony of Dr. Philip H. Lucas relating to the screening and/or diagnosis of persons for asbestos litigation purposes are not within the scope of the Health Insurance Portability and Accountability Act (hereinafter "HIPAA").

## Background

1. Pursuant to the Federal Rules of Civil Procedure, subpoenas have been issued in the above-captioned action to various screening companies, doctors engaged by law firms or screening companies, doctors who screened and/or doctors who diagnosed holders of pre-petition litigation claims against Grace.

2. On February 13, 2006, the Clerk of the United States District Court for the Southern District of Mississippi issued a subpoena to Dr. Lucas for the production of documents, materials and items relating to expert services he performed on behalf of holders of pre-petition litigation claims and his appearance at a deposition. (*See* Exhibit A attached hereto).

K&E 11620514.1

3.  Dr. Lucas was engaged by various law firms to perform certain expert services, including review of x-rays, performing B-readings, reviewing medical history, and/or conducting physical exams for potential litigants in asbestos litigation.

## Basis for Relief

4.  Dr. Lucas, as an evaluating doctor hired for litigation purposes only, and not for medical treatment, does not fall within the ambit of the regulation. *See* 45 C.F.R. § 160.103. HIPAA protects the records of those receiving *medical care* from "covered entities." 45 C.F.R. § 164.502(a) ("A covered entity may not use or disclose protected health information, except as permitted or required by this subpart or by subpart C of part 160 of this subchapter."). Nor is Dr. Lucas a covered entity under HIPAA, which is defined as: (1) "a health plan;" (b) "a health care clearinghouse;" and (c) "a health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter." 45 C.F.R. § 160.103.

5.  *First*, Dr. Lucas, in his role as an evaluating doctor for purposes of litigation, does not constitute a "health plan" under the terms of the statute, which defines a health plan as an individual or group that "provides, or pays the cost of, medical care." 45 C.F.R. § 160.103. Dr. Lucas clearly does not "pay the cost" of health care for his patients. The intent of the statute's language is clearly designed to include medical insurers, not individual diagnosing doctors. *Id.* (noting examples of "health plans" as including health insurers, HMOs, Medicare, Medicaid, and many qualified government health programs). The context of the regulation clearly precludes Dr. Lucas from constituting a "health plan" unto his own.

6.  *Second*, Dr. Lucas does not constitute a "health care clearinghouse." Apart from the obvious difficulty in counting Dr. Lucas as a clearinghouse unto himself, the requirements of the statute go unmet. A clearinghouse for HIPAA purposes either:

> (1) Processes or facilitates the processing of health information received from another entity in a nonstandard format or containing nonstandard data content into standard data elements or a standard transaction; [or]
>
> (2) Receives a standard transaction from another entity and processes or facilitates the processing of health information into nonstandard format or nonstandard data content for the receiving entity.

45 C.F.R. §160.103. The regulation was promulgated to protect patients whose information is transferred between medical facilities at the same time as it moves from "nonstandard" into "standard" elements. Dr. Lucas' primary function is neither to process nor transfer his clients' information, and there is no evidence that Dr. Lucas performs such a role.

7.  *Finally*, Dr. Lucas is not a "health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter." Health care provider means "any other person or organization who furnishes, bills, or is paid for health care in the normal course of business." Performing mere diagnosis, without any potential offer for treatment by the physician, falls short of the definition of "health care provider" under HIPAA regulations. *See Beard v. City of Chicago*, 2005 WL 66074, at *2-3. In *Beard*, the Chicago Fire Department's medical section examined and evaluated employees to diagnose their fitness to return to work. Since the medical section rendered only a diagnosis, but did not provide treatment, the court found it unaffected by HIPAA regulations. *See id.* at *2 ("It does not appear that the Department's medical section actually provides medical care; it evaluates

medical conditions (and pays for fitness for return to duty evaluations) not for the purpose of treatment, but for the purpose of determining fitness to return to work.").

## Conclusion

For the above referenced reasons, the nature of his work, and the nature of the records he utilized and generated, Dr. Lucas, does not qualify as a "covered entity" under HIPAA. The Debtors and counsel for Dr. Lucas have agreed upon this motion and the attached order confirming that deposition testimony of Dr. Lucas is not covered by HIPAA. Accordingly, the Debtors respectfully request the Court enter the attached Order.

Dated: February 8, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB LLP.

_/s/ James E. O'Neill_
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession