IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**SUPPLEMENT TO AFFIDAVIT UNDER 11 U.S.C. § 327(e)**

| | | |
|---|---|---|
| STATE OF MARYLAND | ) | |
| | ) | ss: |
| COUNTY OF BALTIMORE CITY | ) | |

Arthur D. Guy, being duly sworn, upon his oath, deposes and says:

1.    I am a partner of Ernst & Young LLP, with offices located at 621 East Pratt St, Baltimore MD 21202 (the "Firm").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

CH\913906.2

2.     Throughout these chapter 11 cases, the Firm has provided services to the Debtors as an ordinary course professional, consisting of tax compliance, tax advisory services (including expatriate tax services) and employee global assignment services outsourcing to the Debtors (the "OCP Services").

3.     On or about March 18, 2003, I provided an Affidavit Under 11 U.S.C. § 327(e) (the "Original Affidavit") representing to this Court that the Firm was sufficiently disinterested to provide the OCP Services to the Debtors in accordance with the Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business entered by this Court on or about May 3, 2001 (the "OCP Order").

4.     I now provide this Supplement to the Original Affidavit to inform the Court and the interested parties in these cases that the Firm has recently been retained to provide buy-side due diligence services to assist a third party (the "New Client")[2] that is interested in potentially purchasing certain assets from the Debtors (the "Due Diligence Services"). There is and will be no overlap between the Firm's professionals that are providing the OCP Services to the Debtors and the Firm's professionals that will provide Due Diligence Services to the New Client.

5.     In addition, both the Debtors and the New Client have executed a waiver and consent (the "Consent Letter"), agreeing to allow the Firm to provide the OCP Services to the Debtors and the Due Diligence Services to the New Client. The Consent Letter further provides that, except as otherwise agreed in writing by the Debtors and the New Client,

---

[2] The identity of the New Client, and the New Client's interest in potentially purchasing assets from the Debtors, is not yet public at this time, and therefore the Firm is not able to disclose the name of the New Client at this time. The Debtors, however, are aware of the identity of the New Client.

confidential or privileged information in possession of the Firm's respective engagement teams for the Debtors and the New Client will remain confidential to the client served by that engagement team in accordance with applicable professional standards.

      6.    The Due Diligence Services are not related to the OCP Services, and therefore rendering the Due Diligence Services will not cause the Firm to represent or hold any interest adverse to the Debtors or their estates *with respect to the matters on which the Firm is employed by the Debtors, i.e., the OCP Services.* As a result, the Firm believes that it remains qualified to continue to provide the OCP Services to the Debtors while also providing the Due Diligence Services to the New Client.

Executed on February __7__, 2007.

                                                   Arthur D. Guy
                                                 Ernst & Young LLP

Sworn to and subscribed before me
this __7__ day of __February__, 2007

__Barbara Bellamy__
Notary Public
My Commission expires: __12-1-2010__

3

CH\913906.2