IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | **Objection Date: March 7, 2007 @ 4 p.m.** |
| | ) | |

# SIXTH INTERIM FEE APPLICATION OF ANDERSON KILL & OLICK, P.C., FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS OF W.R. GRACE & CO., FOR THE PERIOD OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006

| | |
|---|---|
| Name of Applicant: | Anderson Kill & Olick, P.C. |
| Authorized to Provide Professional Services to: | The Official Committee of Asbestos Personal Injury Claimants |
| Date of retention: | June 13, 2001, *nunc pro tunc* to April 12, 2001 |
| Period for which compensation and reimbursement is sought: | October 1, 2006 through December 31, 2006 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 74,785.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $ 525.88 |
| Total amount of holdback fees sought for applicable period: | $ 14,957.00 |

This is an: _____ monthly ___**X**___ interim _____ final application.

If this is not the first application filed, disclose the following for each prior application:

{D0080592.1 }

|  |  | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 11/15/05 (First Interim) | July through September 2005 | $16,348.00 | $186.75 | $16,348.00 | $186.75 |
| 2/14/06 (Second Interim) | October through December 2005 | $7,283.00 | $129.06 | $7,283.00 | $129.06 |
| 5/15/06 (Third Interim) | January through March 2006 | $ 17,264.50 | $ 46.48 | $17,264.50 | $46.48 |
| 8/14/06 (Fourth Interim) | April through June 2006 | $ 214,295.00 | $ 844.80 | Pending | Pending |
| 11/14/06 Fifth Interim | July through September 2006 | $ 84,800.00 | $ 596.91 | Pending | Pending |

**Monthly Interim Fee Applications for October 1, 2006 through December 31, 2006**:

|  |  | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 11/29/06 D.I. 13841 | October, 2006 | $14,376.00 (80% of $17,970.00) | $223.25 | Pending | Pending |
| 12/28/06 D.I. 14188 | November, 2006 | $34,092.00 (80% of $42,615.00) | $244.03 | Pending | Pending |
| 2/1/07 D.I. 14462 | December, 2006 | $11,360.00 (80% of $14,200.00) | $58.60 | Pending | Pending |

**SUMMARY OF COMPENSABLE TIME OF PROFESSIONALS FOR BILLING PERIOD OCTOBER 1, 2006 TO DECEMBER 31, 2006**

| Name, Position, Years Experience | Hours Billed | Hourly Rate | Amount of Fees |
|---|---|---|---|
| Robert M. Horkovich, Esq. | 34 | $700.00 | $23,800.00 |
| Ann V. Kramer, Esq. | 0 | $600.00 | $0.00 |
| Robert Y. Chung, Esq. | 110.9 | $400.00 | $44,360.00 |
| Glenn F. Fields, Insurance Specialist | 6.6 | $250.00 | $1,650.00 |
| Izak Feldgreber, Paralegal | 15 | $220.00 | $3,300.00 |
| Harris E. Gershman, Paralegal | 5.5 | $210.00 | $1,155.00 |
| Anne C. Suffern, Paralegal | 2.6 | $200.00 | $520.00 |
| Daryl Lyew, Paralegal | 0 | $190.00 | $0.00 |
| Kathleen Samet, Paralegal | 0 | $150.00 | $0.00 |
| Nichols J. Balsdon, Paralegal | 0 | $140.00 | $0.00 |
| Michaela C. Nitoi, Paralegal | 0 | $80.00 | $0.00 |
| **Total** | **174.1** | | **$74,785.00** |

**COMPENSATION SUMMARY BY PROJECT CATEGORY**

| Project Category | Total Hours for the Period 10/1/06 through 12/31/06 | Total Fees for the Period 10/1/06 through 12/31/06 |
|---|---|---|
| Asset Analysis & Recovery | 171.4 | $74,025.00 |
| Case Administration | 0 | $0.00 |
| Committee Matters | 0 | $0.00 |
| Non-Working Travel Time | 0 | $0.00 |
| Plan and Disclosure Statement | 0 | $0.00 |
| Hearings | 0 | $0.00 |
| Fee Applications, Applicant | 3.2 | $760.00 |
| Litigation | 0 | $0.00 |

| | | |
|---|---:|---:|
| Data Analysis | 0 | $0.00 |
| Financing | 0 | $0.00 |
| **TOTAL:** | **174.6** | **$74,785.00** |

## EXPENSE SUMMARY

| Expense Category | Provider, if applicable | Total Expenses For the Period October 1, 2006 through December 31, 2006 |
|---|---|---:|
| In-House Reproduction ($.10-cents per page) | | $174.00 |
| Facsimile (50-cents per page) | | $24.00 |
| Federal Express | | $30.10 |
| Long Distance Telephone | AT&T | $40.88 |
| Legal Research | | $0.00 |
| Travel & Meals | | $256.90 |
| **Total:** | | **$525.88** |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | **Objection Date: March 7, 2007 @ 4:00 pm** |

## SIXTH INTERIM FEE APPLICATION OF
## ANDERSON KILL & OLICK, P.C.,
## FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL INSURANCE COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS OF W.R. GRACE & CO., FOR THE PERIOD OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "Administrative Order"), the firm of Anderson Kill & Olick, P.C., ("AKO") hereby submits this Sixth interim application ("Sixth Interim Application") for compensation for professional services rendered as special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants (the "P.I. Committee") of the Debtor, W.R. Grace & Co., *et al.* (the "Debtors"), in an amount of $74,785.00 together with reimbursement of AKO's actual and necessary expenses incurred in the amount of $525.88 for the period commencing October 1, 2006 through and including December 31, 2006 (the "Period"). In support of this Sixth Interim Application, AKO respectfully represents as follows:

### I.   JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334.

## II.    BACKGROUND

2.     On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 under Title 11 of the United States Code (the "Bankruptcy Code").

3.     From the Petition Date through the date of this Sixth Interim Application, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On April 12, 2001, the Office of the United States Trustee appointed the P.I. Committee pursuant to section 1102 of the Bankruptcy Code.

5.     On March 18, 2005 the P.I. Committee filed and served its Application of the Official Committee of Asbestos Personal Injury Claimants to Retain and Employ Anderson Kill & Olick, P.C., (the "Retention Application"). Through the Retention Application, the P.I. Committee sought authorization to employ AKO as special insurance counsel, effective as of March 17, 2005.  On June 14, 2005, the Court entered the Order of Court Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bank. P. 2014(a), 2016 and 5002, Authorizing the Employment and Retention of Anderson Kill & Olick, P.C., as Special insurance counsel to the Official Committee of Asbestos Personal Injury Claimants, *nunc pro tunc* to March 17, 2005.

## III.    RELIEF REQUESTED

6.     Through this Sixth Interim Application, AKO seek allowance and payment of $74,785.00 in fees for services rendered during the Period and reimbursement of $525.88 for reasonable and necessary expenses incurred during the Period.  Thus, AKO seeks allowance and payment in the total amount of $75,310.88.

7.     AKO has received no payment and no promises for payment from any source for services rendered during the Period in connection with the case.  There exists no agreement or

understanding between AKO and any other person for the sharing of any compensation to be received for services rendered by AKO in the case.

8. All services for which compensation is requested by AKO pursuant to this Application were performed for or on behalf of the P.I. Committee in this case.

9. This is AKO's Sixth Interim Application.

### IV. SUMMARY OF SERVICES RENDERED

10. AKO maintains detailed records of the time spent as special insurance counsel for the P.I. Committee during the Period. Attached hereto as Exhibit A and incorporated herein by reference are true and correct copies of the monthly summaries prepared for the services rendered in this case by AKO. Exhibit A is in the same form regularly used by AKO to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services, the amount of time spent for each service and the designation of the professional who performed the service.

11. As set forth on Exhibit A, AKO rendered 174.6 hours of professional services during the Period, resulting in legal fees totaling $74,785.00 and associated reasonable and necessary expenses totaling $525.88.

12. The rates for the expenses incurred by AKO for which reimbursement is requested pursuant to this Application, as well as the basis for such rates for the identified expense items are set forth below:

a) Copy charges: AKO charges 10 cents per page for copies and such charge is based on an analysis of the cost to AKO to make a copy;

b) Computer research charges: AKO passes through on an exact cost basis all computer-assisted research charges; and

      c)    Out-going facsimile charges: AKO charges $0.50 for each page. These charges are based on an analysis of the cost to AKO to send facsimile transmissions. AKO does not pass through to its client's expenses or charges related to incoming facsimile transmissions.

      13.    Anderson Kill has extensive experience in matters of this nature and character. The firm possesses substantial and well–known expertise in analyzing complex insurance coverage and recovery issues. Among other things, Anderson Kill has successfully pursued insurance coverage on behalf of ten major asbestos defendants, as well as a great many other insurance policyholder clients. Anderson Kill has tried 17 major insurance coverage litigations on behalf of policyholders, prevailing in 15 of them, and has obtained billions of dollars in recoveries in well–publicized settlements in numerous other cases. Anderson Kill has extensive appellate experience in insurance coverage matters as well.

      14.    The PI Committee's activities and the services of Anderson Kill for the foreseeable future are expected to include, <u>inter</u> <u>alia</u>, the following responsibilities:

      a)    To advise the PI Committee regarding matters of Debtors' insurance coverage available for payment of asbestos–related, silica–related or other toxic exposure claims, including gaps in coverage, overlapping coverage provided by multiple carriers and availability of excess insurance coverage;

      b)    To review, analyze and advise the PI Committee on potential settlements between the Debtors and the Debtors' insurance carriers; and

      c)    To advise the PI Committee regarding issues related to the Debtors' insurance coverage in connection with these Chapter 11 cases.

      15.    The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statement attached as Exhibit A.

16.     Thus, through this Sixth Interim Application, AKO seeks payment of $74,785.00 in fees and $525.88 in expenses. A Notice of Sixth Interim Application will be filed and served on all parties requesting notice under Bankruptcy Rule 2002 and the Sixth Interim Application will be served on the parties specified in the Administrative Order.

### V.    ALLOWANCE OF COMPENSATION

17.     AKO have necessarily and properly expended 211 hours of services in performance of its duties as asbestos-bodily injury consultant to the P.I. Committee. Pursuant to the Administrative Order, AKO respectfully requests payment of an interim fee allowance of professional services in the amount of $74,785.00.  AKO have also necessarily incurred expenses in the amount of $525.88 in the performance of its duties to the P.I. Committee during the Period. AKO respectfully requests reimbursement of expenses in the amount of $525.88.

WHEREFORE, AKO respectfully requests that the Court enter an order approving this Sixth Interim Application and directing payment of $74,785.00 in fees and reimbursement of $525.88 in expenses (to the extent not already paid pursuant to the Administrative Order), and for such other and further relief as the Court deems just and proper.

ANDERSON KILL & OLICK, P.C

*/s/ Robert Y. Chung*
Robert Y. Chung
1251 Avenue of the Americas
New York, NY 10020-1182
(212) 278-1039

Special Insurance Coverage Counsel for the
Official Committee of Asbestos Claimants

Dated:  February 15, 2007