## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | **Case No. 01-1139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

### DECLARATION OF ALADDIN GHAFARI IN SUPPORT OF MACERICH FRESNO LIMITED PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE DEBTORS' FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS ON BASES OF STATUTE OF LIMITATIONS, LACHES, AND ASSUMPTION OF RISK

1.     I am the Senior Environmental Project Manager for The Macerich Management Company. I have held this position since early 1997. My duties include, among other things, ensuring that all activities and work undertaken at properties owned by The Macerich Company and its subsidiaries comply with federal, state and local environmental laws. In carrying out these duties, it is my responsibility to ensure the proper management, including where necessary, the abatement, of asbestos-containing materials ("ACM") at the Fresno Fashion Fair mall ("Mall"), a shopping center owned by a subsidiary of The Macerich Company, Macerich Fresno Limited Partnership (collectively "Macerich").

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      I am informed and believe that in 1987, Macerich purchased a limited ownership interest in the Mall. Macerich disposed of its ownership interest in 1988, but continued to manage the Mall from 1988 to the present. In 1996, Macerich purchased the Mall, and it is the current owner.

3.      The Mall has two wings, the East Wing and the West Wing. What is now referred to as the East Wing is the original mall structure, which I am informed and believe was constructed in 1970. The West Wing was built in 1982. Each wing contains numerous small retail spaces and a few large retail spaces, in addition to common areas. Macerich leases each of the retail spaces to retail businesses.

4.      The East Wing presently contains 65 small retail spaces, three large retail spaces for anchor stores (collectively, "retail spaces"), and a common area (the "common area").

5.      Macerich maintains records in the ordinary course of business with respect to the condition and maintenance of the East Wing facilities. It is part of my responsibilities to assure that such records are maintained and accurate. From my review of those business records, I am informed and believe that an asbestos survey of the East Wing of the Mall was performed in 1988 (the "1988 Survey"). The 1988 Survey indicated that the spray-applied fireproofing ("SAFP") on structural beams and cross members and some columns in the East Wing contained asbestos, and that most of the walls and studs behind existing dry walls were covered with SAFP over-spray. These beams and cross members are generally located in the ceiling cavity and walls of retail spaces, and in the common areas of the Mall. The 1988 Survey indicated that there was some delamination of the fireproofing on those structural beams, at locations within the East Wing. Limited air sampling conducted in connection with the 1988 Survey detected the presence of asbestos fibers, but at levels below Federal and California regulatory thresholds. I am informed and believe that the results of the 1988 Survey indicated the presence of asbestos-containing material at the Mall, but did not identify conditions that required abatement of the fireproofing material throughout the Mall structure.

2

6.      From my review of the business records, I am also informed and believe that, in 1996, Macerich commissioned another asbestos survey of the East Wing of the Mall (the "1996 Survey"), which was conducted in connection with Macerich's purchase of the Mall. Like the 1988 Survey, the 1996 Survey identified asbestos-containing SAFP on the structural beams and cross members throughout the East Wing of the Mall (except for six retail spaces that had been abated during 1992 and 1995). The 1996 Survey determined that the condition of the SAFP remained generally adequate. The results of air sampling also continued to indicate that ambient air asbestos levels were below regulatory thresholds. Thus, the condition of the SAFP did not require immediate abatement of the SAFP.

7.      The presence of the asbestos-containing SAFP, while not presenting a condition that required immediate removal to avoid health risks to the workers and public at the Mall, has interfered with Macerich's use of the Mall. Disturbance and removal of asbestos-containing SAFP is subject to Federal and California law pertaining to the disturbance and removal of asbestos-containing material. Applicable Federal and California law includes: section 112 of the Clean Air Act (42 U.S.C. § 7412) and associated federal regulations at Part 61, Subpart M of Title 40 of the Code of Federal Regulations; section 6300 et seq. of the California Labor Code and associated regulations in Title 8 of the California Code of Regulations; and Rule 4002 of the San Joaquin Valley Unified Air Pollution Control District. These authorities establish a number of requirements for activities that may disturb friable asbestos, including notification of appropriate agencies; worker training; protective work practices; asbestos isolation and containment procedures; spent waste disposal methods; and hazardous waste manifesting requirements.

8.      Each time a retail space "turns over" – i.e., when the existing tenant leaves- Macerich prepares the space for the new tenant's arrival according to the new tenant's specifications as provided in the lease. In some cases, the new tenant requires that Macerich renovate the space by repairing walls and ceiling tiles and repainting the space. Additionally, in situations where new tenants take their spaces "as is," these tenants frequently require that

3

Macerich deliver the spaces free of asbestos. As discussed above, the 1988 Survey and the 1996 Survey identified asbestos-containing SAFP on structural members throughout the Mall, and on adjacent areas as well due to "overspray" in the original application process, with friable asbestos identified in various locations. Macerich was also aware that, over time, the asbestos-containing SAFP might deteriorate, and lose its adhesion to the structural beams. Therefore, Macerich understood that while the existing condition of the SAFP would not require abatement, Macerich was likely to disturb friable asbestos each time Macerich renovated a retail space or the common areas. In addition, Macerich also understood that, if a tenant required the delivery of an asbestos-free space, Macerich would have to remove the SAFP from the space.

9.      To prevent friable asbestos-containing SAFP from releasing asbestos particles into the air during a during a renovation or an asbestos abatement required by an incoming tenant, Macerich is required to establish special asbestos handling methods, and it removes all of the asbestos-containing SAFP from the structural members before the new tenant moves in. In addition, in order to access the asbestos-containing SAFP, Macerich must remove the walls and ceiling tiles to expose the structural members on which the SAFP was applied as well as areas of overspray, and replace them when the abatement has been completed.

10.     Macerich has been required to expend substantial sums of money and staff time to comply with the legal requirements pertaining to removal of asbestos each time that it has renovated a retail space during a tenant turn-over. Moreover, compliance with the asbestos removal requirements added weeks to each turn-over, thereby reducing the period of time for which Macerich was able to collect rents for spaces that required abatement. Macerich expects to incur similar costs and interference with its use of the Mall during future abatement of retail spaces.

11.     It is not reasonable or commercially feasible for Macerich to remove asbestos-containing SAFP from a retail space while that space is occupied by a tenant. First, for each retail space, Macerich enters into a lease with the tenant. In general, the lease restricts Macerich's ability to enter a retail space for the purpose of conducting renovations. Second, as

4

described in paragraph 9, in order to remove asbestos-containing SAFP from the structural members, Macerich must remove the walls and ceiling tiles. This would require that Macerich order a tenant to vacate the retail space, including the removal of all its retail stock, display furniture, equipment and other supplies, until the asbestos abatement was completed and the walls and ceiling tiles were replaced. The entire asbestos abatement process (including the removal and replacement of walls and ceilings) can take up to a month, or even longer for larger spaces, severely disrupting the tenant's business.

12.    In 2003, Macerich renovated the common areas in the East Wing of the Mall. As part of this work, Macerich removed the asbestos-containing SAFP on the structural members in the common area, at a cost of approximately $1.2 million.

13.    On March 31, 2003, Macerich filed a Proof of Claim in the instant W.R. Grace bankruptcy proceeding (Exhibit 1). Macerich estimated that its present and future property damages associated with the asbestos-containing SAFP at the Mall would total approximately $8 million. By the end of 2006, Macerich had removed the asbestos-containing SAFP from 58 of the 65 retail spaces in the East Wing of the Mall, at a total cost of approximately $2.75 million. Going forward, Macerich must remove the asbestos-containing SAFP from 7 retail stores, plus two large anchor stores, in the East Wing. The current estimated cost of that additional abatement is $4.5 million.

14.    At my direction, Sigma Incorporated, an asbestos abatement consulting firm carried out an analysis of the asbestos-containing SAFP on the structural and cross beams at the East Wing, and compared the composition of the material on the beams with the composition of Zonolite Mono-Kote. Sigma reported that its analysis indicated that the composition of the fireproofing material on the beams was consistent with the composition of Zonolite Mono-Kote, a W.R. Grace product. On or about July 15, 2003, Macerich submitted an amendment to its March 31, 2003 Proof of Claim, attaching the Sigma report as evidence identifying the asbestos-containing SAFP at the Mall as Zonolite Mono-Kote, a product manufactured by W.R. Grace. I

5

have attached a summary of the Sigma report (Exhibit 2), which was included as part of the materials I submitted with the amendment to the March 31, 2003 Proof of Claim.

     I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: February 15, 2007

_____
Aladdin Ghafari

700631376v1

Exhibit 1

RECEIVED



APR 0 9 2003

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*



## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case, please see "The Debtors" section of the
*General Instructions for Completing Proof of Claim Forms*. The Debtors in this case are
collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a
Grace product *(other than Zonolite Attic Insulation)*, THIS ASBESTOS PROPERTY DAMAGE PROOF
OF CLAIM FORM MUST BE <u>RECEIVED</u> ON OR BEFORE 4:00 P.M. EASTERN TIME ON MARCH 31,
2003, or you will be forever barred from asserting or receiving payment for your claim.



# PART 1: CLAIMING PARTY INFORMATION

**NAME:**

| M | A | C | E | R | I | C | H | | F | R | E | S | N | O | | L | I | M | I | T | E | D | | P | A | R | T | N | E | R | S | H | I | P | | | | | |

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**          **F.E.I.N. (Business Claimants)**

*(last four digits of SSN)*

F.E.I.N.: 9 5 - 4 6 0 6 9 1 2

**Other names by which claiming party has been known (such as maiden name or married name):**

*First*          *MI*   *Last*

*First*          *MI*   *Last*

**GENDER:** ☐ MALE   ☐ FEMALE   ■

**Mailing Address:**

| 4 | 0 | 1 | | W | I | L | S | H | I | R | E | | B | L | V | D | , | | S | U | I | T | E | | 7 | 0 | 0 | | | | |

*Street Address*

| S | A | N | T | A | | M | O | N | I | C | A | | | | | | | | | | | | |        State (Province): C A      Zip Code (Postal Code): 9 0 4 0 1

*City*

| U | N | I | T | E | D | | S | T | A | T | E | S | | | | | | | | |

*Country*

# PART 2: ATTORNEY INFORMATION

**The claiming party's attorney, if any (You do not need an attorney to file this form):**

**Law Firm Name:**

**Name of Attorney:**

*First*          *MI*   *Last*

**Mailing Address:**

*Street Address*

*City*          State (Province): C A      *Zip Code (Postal Code)*

**Telephone:**

( ___ ) ___ - ____   ■

*Area Code*

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| Year | | | | Description | Demolition of ceiling & flooring in tenant spaces. |

| Year | 2 | 0 | 0 | 3 | Description | Demolition of ceiling & flooring in common area. |

| Year | | | | Description | See Attachment A. |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes   ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | | | | Description | Various rebuilds of tenant spaces at turnovers. |

| Year | | | | Description | See Attachment A. |

| Year | | | | Description | |

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1: Allegation with respect to asbestos from a Grace product in the property

☐ Category 2: Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

> • If you checked Category 1 in question 12, complete section C.
> • If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation

or

☒ Other   Specify: Further investigation is required. See Attachment A.

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| Year | | | | ☒ I did not install the product(s) |

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| Year | 1 | 9 | 6 | 9 | ☐ Don't know. |

9276103

1010867

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | Description | |
|---|---|---|
| *Year* | | |

| | Description | |
|---|---|---|
| *Year* | | |

| | Description | |
|---|---|---|
| *Year* | | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes    ☐ No    **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

See Attachment B.

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | Company/Individual | |
|---|---|---|
| *Year* | Type of testing: | |

| | Company/Individual | |
|---|---|---|
| *Year* | Type of testing: | |

| | Company/Individual | |
|---|---|---|
| *Year* | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes    ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | Description | |
|---|---|---|
| *Year* | Asbestos abatement in tenant spaces. | |

| 2 0 0 3 | Description | |
|---|---|---|
| *Year* | Asbestos abatement in common areas. | |

| | Description | |
|---|---|---|
| *Year* | See Attachment A. | |

36. How did you first learn of the presence of asbestos on your property?

Attach all documents relating or referring to the presence of asbestos on the property. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

37. If you do not have any documents relating or referring to the presence of asbestos on the property, explain why not and indicate who may have possession or control of any such documents with respect to the property.

38. Have you or anyone on your behalf made an effort to remove, contain and/or abate the asbestos on your property?

☐ Yes      ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession or control of the document.

If you provide a summary of the documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

39. If you do not have any documents relating or referring to the removal, containment and/or abatement of the asbestos on your property, explain why not and indicate who may have possession and control of such documents with respect to the property.

40. If you or someone on your behalf did not make an effort to remove, contain and/or abate the asbestos on your property, to the best of your knowledge, did anyone else make such an effort?

☐ Yes      ☐ No

9276107

1010867

# PART 4: ASBESTOS LITIGATION AND CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☒ No
   ☐ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B. below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption   `Federal - Mogul Global, Inc. et al.`

   b. Court where suit **originally filed:** `D E L A W A R E`     Docket No.: `0 1 - 1 0 5 7 8`
   *County/State*

   c. Date filed: `0 3` - `0 3` - `2 0 0 3`
   *Month   Day   Year*

   ---

   a. Caption

   b. Court where suit **originally filed:**     Docket No.:
   *County/State*

   c. Date filed:  -  -
   *Month   Day   Year*

   ---

   a. Caption

   b. Court where suit **originally filed:**     Docket No.:
   *County/State*

   c. Date filed:  -  -
   *Month   Day   Year*

(Attach additional pages if necessary.)

9276109                    1010867

## ATTACHMENT A

As required by the Bar Date Order, Macerich asserts this claim against W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.). However, Macerich's claim may be against one or more of the other Debtors. Macerich will amend its claim when and if it learns that this claim should have been asserted against a Debtor other than W. R. Grace & Co.

**Item 10.**

Each tenant of the property is responsible for its own "build-out" of leased space. Each time a space rolls-over, Macerich removes the ceiling and flooring (including all asbestos containing fireproofing) from that space and provides a clean shell to the new tenant.

Beginning in January 2003, Macerich has been removing the ceiling and flooring (including all asbestos containing fireproofing) from the property's common areas as part of ongoing renovations. The project is expected to take approximately six months.

Macerich estimates its total costs for removing asbestos containing fireproofing from the property to be $8 million. Macerich bases this estimate on expenses that it has incurred or that it anticipates it will incur for physical, economic or any other damage or injury to the property arising out of the installation, presence, removal or release of asbestos.

**Item 11.**

See Item 10.

**Item 13.**

In 1988, Macerich learned that asbestos containing fireproofing was present at the property. Macerich needs to investigate further to determine the brand name of that fireproofing. If it is determined that the Debtors did not produce the fireproofing present at the property, Macerich will withdraw this claim.

**Item 31.**

See Item 10.

10711612v1

**ATTACHMENT B**

# EXISTING GENERAL REPORTS

## FRESNO FASHION FAIR

As of March 24, 2003

THIS LIST DOES NOT INCLUDE PHASE I, PCA OR REPORTS NOT BINDED LOCATED IN FILES

| REPORT TITLE | CONSULTANT | REPORT DATE | CONSULTANT PROJECT # |
|---|---|---|---|
| ACM SURVEY (D4) | ATC | 2/23/98 | #82128.6024 |
| ACM MASTER SPECIFICATIONS (#II0) | ATC | Apr-96 | #82128.5010 |
| ACM SURVEY | ATC | 2/13/95 | #82126.0344 |
| ACM SURVEY | HLA | 3/13/98 | #40687.1 |
| LIMITED ACM SURVEY (EDMONDS JEWELERS) | KRAZAN & ASSOC. | 3/26/93 | #E93-052 |
| ACM MONITORING (G4A, G4B, D4) | ENV. INNOVATIONS | 3/9/98 | #213-872 |
| ACM SURVEY (D15,G12,G13,G14) | HLA | 6/29/98 | 41651.1 |
| ROOFING AND FIREPROOFING ACM ABATEMENT | ATC | 1/12/96 | 82126.0365 |
| ACM Testing Space L-1 & Mezzanine above mechanical room | Wells Fargo | 4/30/99 | none given |
| ACM SURVEY SPACES D-1, E-17, E-18,M-7 | HLA | 8/24/99 | 47920.1 |
| ACM SURVEY Spaces D2B,D5,E9,E17,F3 back hallway, F4,F5, F5A | Sigma | 3/20/01 | 94779 |
| ACM Survey Spaces D2A, G2, G3 & K7 | Sigma | 4/9/01 | 94798 |
| ACM Survey Space Wells Fargo | Sigma | 4/26/02 | 95191 |

10712263_2.XLS

Page 1

PAGE 1

# FRESNO FASHION FAIR ASBESTOS SURVEY

As of March 26, 2003

| REF # | TENANT NAME | SPACE # | GLA | ACM | TYPE | CONDITION | STATUS | COMMENTS |
|---|---|---|---|---|---|---|---|---|
| **DEI PROJECT #02008880106: 4/1/1988** | | | | | | | | |
| 1 | COMMON AREA | | | | | | | |
| | COMMON AREA- SEES | E4 | | POS | Spray applied fireproofing at N.E. employee access corridor ceiling cavity. | Good | | See 5/19/93 & 7/1/88 ACM reports. |
| | COMMON AREA- BENETTON | E5 | 1,375 | POS | Spray applied fireproofing debris at N.E. emp. access corridor ceiling cavity. | Friable | | |
| | COMMON AREA- F.F. OPTICAL | E3 | 1,100 | POS | Spray applied fireproofing debris at N.E. emp. access corridor ceiling cavity. | Good | | |
| | COMMON AREA- LANE BRYANT | F7 | 1,200 | POS | Spray applied fireproofing debris at N.E. emp. access corridor ceiling cavity. | | Abated, see report HLA 3/6/99 | |
| | COMMON AREA- LANE BRYANT | F7 | 5,250 | POS | Spray applied fireproofing debris at S.W. emp. access corridor ceiling cavity. | Friable | | |
| | COMMON AREA- LANE BRYANT | F7 | 5,250 | POS | Spray applied fireproofing at S.W. emp. access corridor ceiling cavity. | Good | | |
| 3 | ROGERS JEWELERS | D12 | 2,400 | POS | Spray applied fireproofing in front of store. | Good | | See 11/19/91 & 5/19/93 ACM reports. |
| 5 | COFFEES | G11 | 13,500 | POS | Spray applied fireproofing. | Friable | | See 2/14/92, 3/12/92, & 5/19/93 ACM reports. |
| 6 | GOTTSCHALK | | | POS | Spray applied fireproofing on beam, S.E. corner of ceiling cavity. | | Abated | Abated 6 & 7/96; See 5/19/93, 10/96 & 4/96 ACM reports |
| | | | | POS | Spray applied fireproofing in column middle of ceiling cavity. | | Abated | Abated 6 & 7/96 by Baker Pacific; monitored by Gale/Jordan |
| | | | | POS | Spray applied fireproofing debris on catwalk, middle of ceiling cavity. | | Abated | Abated 6 & 7/96 by Baker Pacific; monitored by Gale/Jordan |
| | | | | POS | Spray applied fireproofing in woman's dept. | | Abated | Abated 6 & 7/96 by Baker Pacific; monitored by Gale/Jordan |
| 7 | J.C.PENNEY | | | POS | Spray applied fireproofing on beam in fan room. | Good | | See 5/19/93 ACM report. |
| | | | | POS | Spray applied fireproofing on beam in stairwell leading to air handler units. | Friable | | |
| | | | | POS | Spray applied fireproofing in N.E. emergency stairwell, 2F. | Good | | |
| 9 | KAUFMAN'S | | | POS | Spray applied fireproofing on roof deck beams. | Friable | | See 5/19/93 ACM report. |
| **DEI PROJECT #02008880106: 7/12/1988** | | | | | | | | |
| 10 | ABOVE 1 HOUR PHOTO | D20 | 1,500 | POS | Spray applied fireproofing debris on beam in ceiling cavity. | | Abated | See 5/19/93, 3/13/98 ACM reports. |
| | | | | POS | Spray applied fireproofing on column in ceiling cavity. | | Abated | Abated by Northern & mont. by HLA rep, dated 3/26/99 |
| 11 | SUZIES CASUALS | F3 | 2,016 | POS | Spray on fireproofing. | | | See 6/18/02 & 5/19/93 ACM reports. |
| 12 | FOOT SCENE | E6 | 1,100 | POS | Spray applied fireproofing. | Friable | | See 5/19/93, 3/13/98 ACM reports. |
| | COMMON AREA | N/A | N/A | POS | Fireproofing. | Sensitable | | Debris present. See 4/11/88 & 5/19/93 ACM report. |
| **DEI PROJECT #02008880108: 9/6/88** | | | | | | | | |
| 14 | SAN FRANCISCO MUSIC BOX | F8 | 1,000 | POS | Spray applied fireproofing overspray. | Friable | | See 5/19/93 & 10/6/95 ACM report. |
| **DEI PROJECT #02008890106: 3/31/89** | | | | | | | | |
| 16 | CARLS JR. | E10 | 5,346 | POS | Spray applied fireproofing near hatch at front. | Friable | | See 3/30/90 & 5/19/93 ACM reports. See HLA report 10/10/98 |
| 17 | KINNEY SHOES | D11 | 4,200 | POS | Spray applied fireproofing on roof deck beams. | | Abated | See 9/91. F.P. abated by Northern & mont. By HLA 3/6/99 |
| **DEI PROJECT #02008900106:SE: 3/30/90** | | | | | | | | |
| 18 | ? | G2 | 1,400 | POS | Spray applied fireproofing. | Friable | | Not abated. See 5/19/93 & 4/9/01 ACM report. |
| 19 | ? | G3 | 1,000 | POS | Spray-applied fireproofing in sales area. | | | See 5/19/93 & 4/9/01 ACM reports. |
| 20 | THE LIMITED | E11 | | | Spray applied fireproofing remains. | | | See 5/19/93 ACM report. |
| 21 | C.H. BAKER | E12 | 3,500 | POS | Spray applied fireproofing on beams. | Friable | | See 5/19/93 ACM report. |
| 22 | KUSHINS | G10 | 6,000 | POS | Spray applied fireproofing. | | Abated | See 5/19/93 & 4/29/94 ACM reports. Abated 8/96 by PARC & monitored by ATC. |

10712189_2.XLS

PAGE2

## FRESNO FASHION FAIR ASBESTOS SURVEY

As of March 26, 2003

| REF # | TENANT NAME | SPACE # | GLA | ACM | TYPE | CONDITION | STATUS | COMMENTS |
|---|---|---|---|---|---|---|---|---|
| **DEI PROJECT #D7204699(X10)(13): 10/05/00:** | | | | | | | | |
| 23 | THE GAP | E18 | 3,900 | POS | Spray applied fireproofing on roof deck beams. | | Abated | Abated by PARC and monitored by Sigma J.B. 4/4/01 |
| 24 | HOWARD & PHIL'S | E17 | 3,250 | POS | Spray applied fireproofing on roof deck beams. | | Abated | Abated by PARC and monitored by Sigma J.B. 6/20/01 |
| 25 | THE WAREHOUSE - MRTW | E16 | 2,225 | POS | Spray applied fireproofing on the roof deck beams. | | Abated | Abated by PARC and monitored by Sigma J.B 6/20/01 |
| | | | | POS | Spray app. fireproofing in upper level storage area. | | Abated | Abated by PARC and monitored by Sigma J.B 10/2/02 |
| | | | | | Spray app. fireproofing on column, upper level storage. | | Abated | See 5/19/93 & 10/6/95 ACM reports. |
| 26 | THE WAREHOUSE - MRTW | E16 | 3,250 | POS | Spray applied fireproofing on the roof deck beams | | Abated | See 5/19/93 & 6/3/94 ACM reports. |
| 27 | LIMITED EXPRESS | E8 | 3,063 | POS | Spray applied fireproofing in the sales area. | | Abated | Abated by PARC and monitored by Sigma J.B 10/2/02 |
| 28 | EDMONDS JEWELERS | E15 | 4,200 | POS | Spray applied fireproofing on the roof deck beams. | Friable | | See 5/19/93 ACM report. |
| | | | | | | | Abated | See 3/26/03 & 5/19/93 ACM reports. |
| 29 | SEE'S CANDIES | E4 | 1,375 | POS | Spray applied fireproofing on the roof deck beams. | | Abated | Abated by PARC and monitored by Sigma J.B 10/2/02 |
| 30 | SAN FRANCISCO COFFEE & TEA | G1 | 180 | POS | Spray applied fireproofing on the roof deck beams. | Friable | | See 5/19/93 ACM report. |
| 31 | ELISONS SHOES | E7 | 3,600 | POS | Spray applied fireproofing on the roof deck beams. | Friable | | See 5/19/93 ACM report. |
| 32 | PARKLANE HOSIERY | D15 | 600 | POS | Spray applied fireproofing on the roof deck beams. | Friable | | See 5/19/93 ACM report. |
| | | | | | | | Abated | See HLA report dated 8/18/98 |
| 33 | LETITIS MATERNITY | D19 | 900 | POS | Spray applied fireproofing on the roof deck beams. | | | See 7/3/91, 5/19/93 & 6/29/98 ACM reports. |
| | | | | | | Friable | | See 5/19/93 ACM report. |
| 35 | EARTHCRAFT | D9 | 3,600 | POS | Spray applied fireproofing on the roof deck beams. | | Abated | Abated by PARC and monitored by Sigma, J.B 9/18/02 |
| 36 | PETITES WEST | D7 | 2,345 | POS | Spray applied fireproofing on the roof deck beams. | | Abated | See 5/19/93 ACM report. |
| 37 | B. DALTON BOOKSTORE | D5 | 4,440 | POS | Spray applied fireproofing on the roof deck beams. | | Abated | See 5/19/93 & 3/20/01 reports. |
| | | | | | | | Abated | Abated by PARC and monitored by Sigma, J.B dated 6/27/01 |
| 38 | LYNN'S HALLMARK | G7 | 3,573 | POS | Spray applied fireproofing on the roof deck beams. | | Abated | See 11/92. |
| | | | | POS | Spray applied fireproofing big cross beams in storage. | | Abated | See 7/3/91, 8/9/91, 5/19/93 &3/1/06 ACM reports. |
| 39 | FOOTLOCKER | F4 | 4,509 | POS | Spray applied fireproofing on the roof deck beams. | | Abated | See 5/19/93 & 3/20/01 ACM report. |
| 40 | FOXMOOR | E13 | 3,062 | POS | Spray applied fireproofing on the roof deck beams. | | Abated | See 5/19/93 ACM report. |
| | | | | | | | | ALL ACM abated by PARC and monitored by EIC |
| | | | | | | | | See EIC report dated 6/23/97 |
| **DEI PROJECT #D7204898(10)(14): 3/0/91:** | | | | | | | | |
| 43 | CRABTREE & EVELYN | F10 | 500 | POS | Spray applied fireproofing on roof deck beams. | Friable | | |
| | | | | POS | Spray applied fireproofing debris in ceiling cavity. | Friable | | See 5/19/93 ACM report. |
| **DEI PROJECT #14A2084A8(002A: 3/0/91:** | | | | | | | | |
| 45 | GREAT HOT DOG EXPERIENCE | D14 | 1,210 | POS | Spray applied fireproofing on roof deck beams. | Friable | Good | See 5/19/93 ACM report. |
| **LETTER FROM CARTER HAWLEY HALE DATED 8/0/90:** | | | | | | | | |
| 47 | WEINSTOCKS | | | POS | Spray on material on structural beams in elevator shaft. | | | See 5/19/93 ACM report. |
| | | | | POS | Spray on fireproofing on beams and columns at each floor, with some overspray on decking | | | |
| **DEI PROJECT #14A2084A0A003: 3/0/91:** | | | | | | | | |
| 48 | MORROWS NUT HOUSE | F9 | 510 | POS | Spray applied fireproofing on roof deck beams. | Friable | Good | See ACM report dated 5/19/93 |
| **DEI PROJECT #14A2084A0A004: 11/19/91:** | | | | | | | | |
| 3 | ROGERS JEWELERS | D12 | 2,400 | POS | Spray applied fireproofing on structural framework. | Friable | Good | See 4/11/88 & 5/19/93 ACM reports. |

10712189_2.XLS

PAGE3

## FRESNO FASHION FAIR ASBESTOS SURVEY

As of March 26, 2003

| REF # | TENANT NAME | SPACE # | GLA | ACM | TYPE | CONDITION | STATUS | COMMENTS |
|---|---|---|---|---|---|---|---|---|
| **DEI PROJECT #1A200AAB010: 3/00/02** | | | | | | | | |
| 61 | BENETTON | E5 | 1,100 | | Spray applied fireproofing (previous survey). | Friable | | See 5/19/93 ACM report. |
| **DEI PROJECT #1A200AAB011: 11/17/92** | | | | | | | | |
| 4 | WOOLWORTH | F5 | 45,921 | POS | Spray applied fireproofing (previous survey). | | Abated | See 4/11/88, 5/19/93 & 3/2/2001 ACM reports. Abated by PARC and monitored by Sigma J.B. dated 5/17/02. |
| 62 | KAY BEE TOYS | G9 | 3,750 | POS | Spray applied fireproofing (previous survey). | | Abated | Fireproofing abated Feb/March 1996; See 5/19/93 report. |
| 23 | THE GAP | E18 | 3,900 | POS | Spray applied fireproofing (previous survey). | | Abated | Abated by PARC and monitored by Sigma J.B. dated 4/4/01 |
| **DEI PROJECT #DD1BA0192: 5/19/93** | | | | | | | | |
| Note: The purpose of this asbestos survey was to obtain an overall characterization of the mall. The results may not be adequate for construction purposes. | | | | | | | | |
| 47 | WEINSTOCKS | A1 | 154,052 | POS / POS | Spray on material on structural beams in elevator shaft. Spray on fireproofing on beams and columns at each floor, with some overspray on decking. | | | See 9/6/89 ACM report. DEI was not permitted access to Weinstock's. Positive materials listed are from previous surveys as reported by Carter Hawley Hale. |
| 6 | GOTTSCHALK | B1 | 76,650 | POS | Spray-applied fireproofing in mezz. ceiling cavity (30,000 sf). | | Abated | Abated 6 & 7/96 by Baker Pacific; monitored by gale/jordan See 4/11/88, 1/0/96 & 4/96 ACM reports |
| 7 | J.C. PENNEY | C1 | 153,769 | POS | Spray applied fireproofing in mechanical room (50,000 sf). | Friable | Fair | See 4/11/88 ACM report. |
| **ATC PROJECT #82126.0363: 3/06/95** | | | | | | | | |
| 69 | OAK TREE | D8 | 2,400 | POS | Fireproofing (200 sf) | Friable | Good | See 5/19/93 ACM report |
| 25 | THE WEARHOUSE | E20 | 2,225 | POS | Fireproofing (200 sf) | Friable | Good | See 10/5/90 & 5/19/93 ACM reports |
| **ATC PROJECT #55900.07538: 1/02/96** | | | | | | | | |
| 6 | FORMER GOTTSCHALKS | B1 | 76,650 | POS | Spray applied fireproofing (100,000 sf) | | Abated | Abated 6 & 7/96 by Baker Pacific; monitored by gale/jordan |
| **GALE/JORDAN ASSOCIATES, INC. #CB6013.3 April 1996** | | | | | | | | |
| 6 | FORMER GOTTSCHALKS | B1 | 76,650 | POS | Fireproofing | | Abated | Abated 6 & 7/96 by Baker Pacific, monitored by gale/jordan See 4/11/88, 5/19/93 & 1/0/96 ACM reports |
| **HLA PROJECT #4608.0: 3/13/98** | | | | | | | | |
| 71 | NATUBALIZER | D13 | | POS | Fire proofing on beams and debris on ceiling tile (300 sf) | | Abated | See 5/19/93 report |
| 12 | THINGS REMEMBERED | E6 | | | Fire proofing on beams and debris on ceiling tile (300 sf) | Friable | Good | See HLA report dated 8/18/98 See 7/13/98 & 5/19/93 reports |
| **HLA PROJECT #47XA1.1 8/24/99** | | | | | | | | |
| 65 | AMERICA THE BEAUTIFUL DREAMER | D1 | 7,500 | POS | Fireproofing (1000 s.f.) | | Abated | See reports 6/20/65 & 5/19/93 Abated by APC & monitored by HLA J.B. dated 12/20/99 |
| 24 | FORMER HOWARD AND PHIL'S | E17 | 3,250 | POS | Fireproofing (1000 s.f.) | | Abated | Abated by PARC and monitored by Sigma, JB dated 6/20/01 |
| 23 | M-FASS | E18 | 3,900 | POS | Fireproofing (2000 s.f.) | | Abated | See reports 1/17/92, 10/6/90 7.6/20/95 Abated by APC & monitored by Sigma, J.B. dated 4/4/01 |

PAGE 4

# FRESNO FASHION FAIR ASBESTOS SURVEY

As of March 26, 2003

| REF # | TENANT NAME | SPACE # | GLA | ACM | TYPE | CONDITION | STATUS | COMMENTS |
|---|---|---|---|---|---|---|---|---|
| **Sigma Engineering PROJECT #94778 3/2001** | | | | | | | | |
| | | | | | Supplemental limited survey | | | |
| 123 | VACANT | D78 | 1,344 | POS | Spray applied fireproofing on beams and columns (250 s.f.) | Friable | Good | |
| 75 | WORK WORLD | E9 | 800 | POS | Spray applied fireproofing on beams and columns (800 s.f.) | Friable | Good | See 5/19/93 & 6/2/94 |
| 11 | CORRIDOR BEHIND F3 | | 120 | POS | Spray applied fireproofing (120 s.f.) | Friable | Good | |
| 39 | AFTERTHOUGHTS | F4 | 1,000 | POS | Spray applied fireproofing (500 s.f.) | | Abated | Abated by PARC and monitored by Sigma JB dated 6/17/02 |
| 4 | WORLD FOOTLOCKER | F5 | 12,160 | POS | Spray applied fireproofing in the corridor west of storage area (350 s.f.) | | Abated | See reports 5/19/93, 11/17/92 & 4/11/88 |
| | THE GAP | F5A | 7,500 | POS | Spray applied fireproofing (3500 s.f.) | Friable | Fair | |
| **Sigma Engineering PROJECT #94738 4/90** | | | | | | | | |
| 9 | PAYLESS SHOES | D2A | 4,200 | POS | Spray applied fireproofing on beams and columns (1100 s.f.) | Friable | Fair | |
| 18 | CRESENT JEWELER | G2 | 1,400 | POS | Spray applied fireproofing on beams and columns (1200 s.f.) | Friable | Fair | See 3/30/90 & 5/19/93 reports |
| 19 | JARMEN SHOES | G3 | 1,000 | POS | Spray applied fireproofing (1000 s.f.) | Friable | Fair | See 3/30/90 & 5/19/93 reports |

10712189_2.XLS

# ABATEMENT JOBBOOKS STATUS
## FRESNO FASHION FAIR
As of March 24, 2003

| REF # | SPACE | TENANT | CONSULTANT | REPORT DATE | CONSULTANT PROJECT # |
|---|---|---|---|---|---|
|  | E13-E14 |  | ENVIRONMENTAL INNOVATION | 6/23/97 | 213-814/815 |
|  |  | K G MEN'S STORE | APC CONTRACTORS, INC | 5/20/91 |  |
|  | D5 | B. DALTON BOOKSELLER | APC CONTRACTORS, INC |  |  |
|  |  | K G RETAIL | CERTIFIED SPECIALISTS |  |  |
|  |  | EDMONDS JEWELERS | RMC, INC | 4/30/91 | 303/993-05 |
|  |  | GNC | APC CONTRACTORS, INC | 3/12/93 |  |
|  | 2 | VICTORIA'S SECRET | APC CONTRACTORS, INC. | Sep-92 |  |
|  |  | MRS. FIELDS | PENCON | Nov-92 |  |
|  |  | BASKIN ROBBINS | APC CONTRACTORS, INC | Aug-93 |  |
|  |  | BASKIN ROBBINS | APC CONTRACTORS, INC | Oct-96 |  |
|  |  | THE LIMITED | APC CONTRACTORS, INC | Nov-96 |  |
|  |  | B. DALTON BOOKSELLER | HMS, INC. | 8/5/92 |  |
|  | K3 | GREAT HOT DOG EXPERIENCE | ENVIRONMENTAL INNOVATION | 7/9/91 | 91-BD-0071-RM-19 |
|  | F11 | CRABTREE & EVELYN | APC CONTRACTORS | 4/8/92 | 213-428 |
|  |  | TINDER BOX | DEI | 2/3/97 | D2889-0170 |
|  |  | ELISON SHOES | ENVIRONMENTAL INNOVATION | 2/5/93 | 213-467 |
|  |  | FORMER CENTER SERVICES | ENVIRONMENTAL INNOVATION | 8/24/92 | 213-494 |
|  |  | FORMER MAD HATTER | ENVIRONMENTAL INNOVATION | 11/17/92 | 213-459 |
|  |  | SBARRO'S | ENVIRONMENTAL INNOVATION | 7/27/92 | 213-653 |
|  | E4 | SEE'S | DEI | 6/2/95 | D2088B8010-5 |
|  |  | SEE'S | DEI | 11/15/88 | D2088-0169 |
|  |  | GAP/AFTERTHOUGHT STORE | ENVIRONMENTAL INNOVATION | 2/26/92 | 213-530 |
|  |  | JAY JABOBS | ENVIRONMENTAL INNOVATION | 7/6/93 | 213-680 |
|  |  | COFFEE'S | ENVIRONMENTAL INNOVATION | 6/26/95 | 213-427 |
|  | G2 | FORMER JARMAN'S SHOES | HMS, INC | 4/8/92 |  |
|  | D19 | LETTI'S MATERNITY SHOP | HMS, INC | 6/20/91 |  |
|  |  | MACY'S | GALE/JORDAN ASSOCIATES | MAY-JULY 96 | CP96022 |
|  |  | MACY'S | GALE/JORDAN ASSOCIATES | Jul-96 | CP96022.LBP |
|  |  | EDMONDS JEWELRY | APC |  |  |
| 83 | G5 | FORMER MILLER'S OUTPOST | EIC | 9/8/97 | 213-851 |
| 80,81,67 | G4A,B,D4 |  | EIC | 3/9/98 | 213-872 |
|  |  | Gottschalks - Restaurant area | AES | Jul-98 | N/A |
| 71,32 | D13,D15 |  | HLA | 8/18/98 | 41284.4 |
|  |  | Gottschalks:N. entrance roof deck | ACTION ENVIRONMENTAL SERVICES | 10/8/98 | none |
|  | E-10 | BODY AND BATH | HLA | 10/10/98 | 41284.4 |
|  | D-4 | K-G'S MEN'S STORE | CERTIFIED SPECIALISTS | 6/24/91 |  |
| 10 | D-20 |  | HLA | 3/26/99 | 41284.4 |
| 17,74 | D-11, E-3 |  | HLA | 3/8/99 | 41284.4 |
| 112 | N-2 |  | HLA | 6/23/99 | 41284.4 |

1071248_2.XLS

# ABATEMENT JOBBOOKS STATUS

## FRESNO FASHION FAIR

As of March 24, 2003

| REF # | SPACE | TENANT | CONSULTANT | REPORT DATE | CONSULTANT PROJECT # |
|-------|-------|--------|-----------|-------------|----------------------|
| | D-11, E-3 | | HLA | 12/20/99 | 49017.1 |
| | E-18 | | SIGMA | 4/4/01 | 94782 |
| | E-17 | | SIGMA | 6/20/01 | 94812 |
| | K-7 | | SIGMA | 6/20/01 | 94826 |
| | d-5 | | SIGMA | 7/27/01 | 94811 |
| | M7 | | SIGMA | 10/17/01 | 95017 |
| | G8 | | SIGMA | 2/26/02 | 95100 |
| | F3, F4, F5 | | SIGMA | 6/17/02 | 95200 |
| | E15, E16 | | SIGMA | 10/2/02 | 95248 |
| | D9 | | SIGMA | 9/18/02 | 95249 |

10712478_2.XLS

Exhibit 2

Name of Debtor:          W.R. Grace & Co.

Case Number:             01-01139 (JKF)

Name of Creditor:        Macerich Fresno Limited Partnership

Confirmation No.:        CN00012758 3-31-2003

In March 2003, Macerich Fresno Limited Partnership ("Macerich") retained Sigma Engineering, Inc. ("Sigma") to analyze the asbestos-containing fire proofing materials that are present at the Fresno Fashion Fair.  Sigma performed the analytical sampling on April 9, 2003 and determined that the sample of asbestos-containing material removed from the Fresno Fashion Fair had the same composition as "Zonolite Mono-Kote (MK-3)" manufactured by W.R. Grace & Co.  (A copy of Sigma's analytical report is attached.)  Accordingly, Macerich seeks to amend the Asbestos Property Damage Proof of Claim Form that it submitted on March 31, 2003 (Confirmation No. CN00012758 3-31-2003).  With respect to Item 13 of that Form, Macerich has determined that the asbestos-containing product for which it made its claim was "Monokote-3 fireproofing insulation."

Macerich submits the attached analytical report as "Attachment C" to Macerich's Asbestos Property Damage Proof of Claim Form in Case No. 01-01139 (JKF).