# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Re; Docket Nos. 14065, 14531, 14534, 14536, 14537
2/26/2007 Agenda No. 10

## DEBTORS' REPLY IN SUPPORT OF
## OBJECTION TO CLAIM OF ANTON F. VOLOVSEK

In December 2006, the Debtors filed an objection (the "Objection") to the $491 *billion* claim of Anton F. Volovsek ("Volovsek"). Over the last several months, Volovsek has sent, to the Debtors and Debtors' counsel, several pieces of correspondence, including an unofficial response to the Objection, all of which were filed by the Debtors, on Volovsek's behalf, at docket # 14531-14534 and 14536-14537 (collectively, the "Response").

Nothing in the Response adds any support to Volovsek's Claim. Nowhere does he assert that he has standing to bring criminal or antitrust violations. Not once does he present any viable cause of action against the Debtors on which to base his Claim. Volovsek does not cite any case law in support of his assertion that the Claim, which arose from the alleged actions of the Debtors in 1975, is not barred by the statute of limitations even though Volovsek failed to take any action until at least 1996. The Claim is nothing more than Volovsek's attempt to harass the Debtors and extort some sort of settlement. Indeed, Volovsek fails to mention that he actually filed a lawsuit against W. R. Grace & Co. in May 1999, alleging that the Debtors violated his constitutional rights regarding his roofing system patent, only to dismiss the case himself a month later.

As part of the Response, Volovsek provided the Debtors with a copy of a UCC-1 financing statement and a document labeled "common lien" both of which were filed in the State of Washington to allegedly secure his asserted Claim (collectively, the "Liens"). As there is no basis

K&E 11628291.2

for his Claim, it is evident that these Liens, just like the complaint, were filed only to harass the Debtors into a settlement. An exhibit attached by Volovsek as part of his Response specifically calls liens "a powerful weapon" and goes on to state "provoke the use of the Commercial Affidavit Process [CAP] against you, and you provoke the wrath of all that is just and right. Make no mistake! The CAP is a very lethal legal weapon in the war against injustice. When the CAP methodology is properly loaded and sighted on a wrongdoer, true and lasting justice is near at hand..."

Clearly, Volovsek has pursued his Claim and filed the Liens in an attempt to secure a settlement offer from the Debtors. But even when the facts and allegations are taken in a light most favorable to Volovsek, Volovsek's Claim is without merit and his Liens are without basis. Accordingly, this Court should (a) disallow and expunge the Claim pursuant to Bankruptcy Code § 502 and (b) void the Liens filed against the Debtors pursuant to Bankruptcy Code § 506(d).

## A. *Jurisdiction*

This Court has jurisdiction over, and may void, the asserted Liens under 28 U.S.C. §§ 1334 and 157(b)(2)(K) and 11 U.S.C. § 506(d).[1] Section 506(d) empowers bankruptcy courts to void liens supporting disallowed claims. *See, e.g., In re Webster*, 287 B.R. 703, 707 (Bankr. N.D. Ohio 2002) (if a claim is not allowed under § 502 of the Bankruptcy Code, then the lien securing such claim is void pursuant to § 506(d)); *In re Swiatek*, 231 B.R. 26, 28 (Bankr. Del. 1999).[2]

---

[1] *See In re Marcus Hook Devel. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991) (subject matter jurisdiction was proper under § 157(b)(2)(K), which states that 'determinations of the validity, extent, or priority of liens' are core proceedings in which the bankruptcy court could enter a final determination); *See also In re Atlas Fire Apparatus, Inc.*, 56 B.R. 927, 931 (Bankr. E.D.N.C. 1986) (core proceeding includes "determination of the validity, extent, or priority of liens").

[2] *See also In re Carter*, 177 B.R. 951, 956 (N.D. Okla. 1994) (same); *In re Demarah*, 188 B.R. 426, 432 (E.D. Cal. 1993) (same); *In re Vankell*, 311 B.R. 205, 213 (Bankr. E.D. Tenn. 2004) (same); *Harmon v. United States*, 101 F.3d 574, 581 (8th Cir. 1996) (a lien may be voided if the related claim is disallowed); *Collier on Bankruptcy*, ¶ 506.06[1][a] (15th ed. rev. 2006) (noting that "the [Supreme] Court determined that section 506(d) does not void liens on the basis of whether they are secured under section 506(a), but on the basis of whether the underlying claim is allowed or disallowed under section 502" and that this concept is consistent with the legislative history of section 506 - "the lien is void to the extent that the claim is not allowed"); 8A C.J.S. *Bankruptcy* § 555 ("Under the Bankruptcy Code, to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is generally void").

### B. Volovsek's lien is a nonconsensual common law lien

Volovsek filed both the UCC-1 and the common law lien in the state of Washington. Washington state law defines a "Nonconsensual common law lien" as a lien that: (i) is not provided for by a specific statute; (ii) does not depend upon the consent of the owner of the property affected for its existence; and (iii) is not a court-imposed equitable or constructive lien.[3]

The lien filed by Volovsek in Washington meets all of the requirements of a nonconsensual common law lien. Volovsek has not submitted any evidence showing that his lien arises under a specific statute. Also, the Debtors never consented to the lien.[4] Finally, the lien is not a court-imposed lien,[5] and Volovsek has not provided any evidence indicating otherwise. Therefore, the lien filed by Volovsek is a nonconsensual common law lien.

### C. Volovsek's nonconsensual common law lien is invalid and unenforceable under Washington state law.

Under Washington law, nonconsensual common law liens against real property are not recognized or enforceable.[6] In *AgAmerica FCB Inc. v. Murray*, the Ninth Circuit upheld "the district court's order extinguishing common law liens Murray placed on properties owned by AgAmerica and its employees."[7] The District Court Order that was affirmed states, "According to plaintiffs, 'A reasoned analysis attacking the basis for the Defendants' liens is impossible because the rationale supporting the liens is absurd.' This is true. These 'Consensual Commercial Liens'

---

[3] Wash. Rev. Code § 60.70.010(2).
[4] The Debtors' non-response to Volovsek's non-judicial "Commercial Affidavit of Default" does not constitute consent. This is not a judicial default, where the court may grant the petitioner relief sought for failure of the respondent to appear. Also, in the context of a lien, consent is an "explicit or implicit agreement between the parties." 51 Am. Jur. 2d *Liens* § 11. Here, there was no such agreement between the Debtors and Volovsek.
[5] Although Volovsek recorded his lien in Klickitat County, Washington, the filing itself does not make the lien "court-imposed." The lien was not granted by any court, and the recording office does not have the statutory authority to create a lien. In fact, Washington's recording statute does not even impose a duty on the recording official to determine the validity of the recorded document. *See* Wash. Rev. Code § 65.04.030. The Auditor's Office of Klickitat County confirmed that it does not verify or validate the substantive aspects of any document recorded at that office. If a document meets certain procedural requirements, it is usually recorded.
[6] Wash. Rev. Code § 60.70.020. *See also Shutt v. Moore*, 613 P.2d 1188, 1191 (Wash. 1980) ("Even assuming such [common law] 'liens' are lis pendens, they are invalid because the action does not affect title to real property.").
[7] No. 95-36245, 1996 WL 228513 (9th Cir. May 6, 1996) (unpublished).

3

together with accompanying materials are unintelligible.... 'There is no legal basis for filing these common-law liens, complaints, and commercial notices. Every court to consider the validity of these documents has found them to be without merit.'"[8] The very same facts and reasoning are applicable here and should lead to the same outcome -- voiding of Volovsek's Liens.

Under Washington law, nonconsensual common law liens against personal property are also not enforceable unless the claimant has actual lawful possession or exclusive control of the property."[9] Since we are not aware that Volovsek has lawful possession of or exclusive control over any of the Debtors' personal property, Volovsek's nonconsensual common law lien against the Debtors' personal property is also invalid and unenforceable under Washington law.

### D. Volovsek does not have a valid security interest in the assets of the Debtors and his UCC-1 financing statement should be invalidated.

Washington law defines a "secured party" as, among other things, "[a] person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to the secured is outstanding."[10] Volovsek has not provided any evidence of a security agreement with the Debtors.

Also, a security interest is enforceable against the debtor and third parties with respect to the collateral *only* if: "(1) Value has been given; (2) The debtor has rights in the collateral or the power

---

[8] No. 95-133-FVS, *AgAmerica, FCB, Inc. v Murray*, Judgment in a Civil Case, Docket No. 26 (ED of Washington October 23, 1995). *See also Liikane v. Cohen,* No. 88-4458, 1989 WL 150057 (9th Cir. Dec. 1, 1989) (unpublished) (In affirming the bankruptcy and district court orders that the appellant's complaint based upon an asserted nonconsensual common law lien against real property was frivolous, the 9th Circuit relied on Washington law for the proposition that "there was no legal basis for a common law lien against real property in that state.")

[9] Liens "claimed against any *personal property* shall not be recognized or enforceable if ... the claimant fails to retain actual lawfully acquired possession or exclusive control of the property." Wash. Rev. Code § 60.70.020 (emphasis added). *See also Murray v. Eisenberg*, 627 P.2d 146, 147-48 (Wash. 1981) ("The right to a common law lien is ... based directly on the idea of possession, and it is indispensable that the one claiming it have an independent and exclusive possession of the property. Such a lien arises only when possession is obtained, and exists only so long as it is retained.").

[10] Wash. Rev. Code § 62A.9A.102(a)(72)(A).

4

to transfer rights in the collateral to a secured party; and (3) One of ... [four] conditions is met."[11] Here, Volovsek has failed to satisfy the necessary elements.

Therefore, under Washington law, Volovsek's Lien does not grant him a valid security interest in the assets of the Debtors, invalidating his UCC-1 filing.

### E. Relief Requested.

As outlined in the Debtors' Objection and herein, it is clear that Volovsek's Claim against the Debtors is without merit and should be disallowed and expunged by this Court pursuant to Bankruptcy Code § 502. The Debtors further request that, pursuant to Bankruptcy Code § 506(d) and/or Washington state law, this Court void the Liens filed against the Debtors.

Dated: February 16, 2007                Respectfully submitted,

                                        KIRKLAND & ELLIS LLP
                                        Janet S. Baer
                                        Lori Sinanyan
                                        200 East Randolph Drive
                                        Chicago, IL  60601
                                        (312) 861-2000

                                        and

                                        PACHULSKI STANG ZIEHL YOUNG JONES &
                                        WEINTRAUB LLP

                                        /s/ James E. O'Neill
                                        Laura Davis Jones (Bar No. 2436)
                                        James E. O'Neill (Bar No. 4042)
                                        919 North Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, DE 19899-8705 (Courier 19801)
                                        (302) 652-4100

                                        Co-Counsel for Debtors and Debtors in Possession

---

[11] Wash. Rev. Code § 62A.9A.203(b) lists 4 conditions: (A) The debtor has authenticated a security agreement that provides a description of the collateral...; (B) The collateral is not a certified security and is in the possession of the secured party...; (C) The collateral is a certified security in registered form...; or (D) The collateral is deposit accounts, electronic chattel paper, investment property, or letter-of-credit rights, and the secured party has control ...

5