IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |

**Hearing Date: April 9, 2007**
**Pittsburgh, PA**
**Response Deadline: March 19, 2007**
**Related Docket No.: 9315**

## DEBTORS' "ROAD MAP" OF SUMMARY JUDGMENT MOTIONS TO EXPUNGE VARIOUS ASBESTOS PROPERTY DAMAGE CLAIMS

### I.    BACKGROUND

This "road map" is designed to summarize the Motions for Summary Judgment filed by the Debtors and it is designed to set forth in one place – rather than having them repeated in multiple motions – the process employed and the legal standards applicable to all of the Motions, including the Court's jurisdiction, the summary judgment standards, the burden of proof, the choice of law and the need for evidence of product identification.

On April 22, 2002, this Court issued an Order setting a Bar Date for, *inter alia*, Asbestos Property Damage Claims (Docket No. 1960) and required claimants to submit such claims pursuant to a court-approved Proof of Claim Form (the "Claim Form") (Docket No. 1963). Under the order, claimants were required to submit documentation supporting their claims within the Claim Form itself or as attachments to the Claim Form. The court-approved Instructions for filing these Claim Forms explicitly provided that claimants had to provide all the information required by the Claim Form or a short statement explaining why such information was not available.

Thus, each Property Damage Claimant was required to file specific information about each building involved in a claim including:  the date of its construction; the date the owner learned of the asbestos-containing materials in the building; product identification (such as bulk sampling documentation); and other information relevant to whether a particular claim in fact involved an asbestos-containing product of the Debtors, and whether the claim was barred by the statute of limitations, statute of repose or some other doctrine.

More than 4,200 Asbestos Property Damage ("PD") Claims were submitted pursuant to the above-described orders.  The Debtors filed omnibus non-substantive and substantive objections.  The non-substantive objections included objections to claims that had been superseded and duplicated.  (*See, e.g.*, 8th and 9th Omnibus Objections, Docket Nos. 7545 and 8465).  The Debtors also objected to a large number of claims that lacked authority from the claimants at the time the claims were filed.  (13th Omnibus Objection, Docket No. 9311).  The merits objections, filed on September 1, 2005, covered *inter alia* adequacy of product identification, statutes of limitation and proof of hazard (15th Omnibus Objection, Docket No. 9315).

Once these objections were filed, the claimants were required to respond within a time period prescribed by the Bankruptcy Rules and this Court's orders.  Various claimants did respond by filing general Responses to the Debtors' objections (*see, e.g.*, Responses of Speights & Runyan to Debtors' 13th and 15th Omnibus Objections, Docket Nos. 9607 and 11594) and responses for specific claims.  Some claimants also supplemented their Claim Forms.  The time period for all such responses has long come and gone, even taking into account extensions afforded by this Court for the disruptions caused by Hurricane Katrina.  Indeed, as noted by the PD Committee's counsel at the August 2006 Omnibus Hearing, "the time has come and gone

under the procedures with respect to the 15th Omnibus Objection for people to respond."
(8/21/06 Tr. at 176:23-25).

Most of the non-evidentiary objections were heard and adjudicated during the January
24-26, 2006 Property Damage hearings, during which a large number of Asbestos PD Claims
were disallowed and/or withdrawn. The Court also disallowed and expunged additional claims
in 2006 (including Minnesota stigma claims, Docket No. 12888, and Prudential's Georgia
claims, Docket No. 13457.)

Through this extensive two-year winnowing process, the vast majority of the originally-
filed 4,200 Asbestos PD Claims were expunged or withdrawn, and a lesser number were re-
classified as environmental or other claims, leaving 627 Asbestos PD Claims pending as of
today's filings. Pursuant to the PD Claims Case Management Order approved by this Court in
August 2006 and amended in October 2006 (Docket No. 13406), Debtors' summary judgment
motions, based upon the now-closed record with respect to substantive objections, seek to
expunge claims for lack of product identification, statutes of limitations, statutes of repose and
for other reasons.

## II.   THE CLAIM FORMS

The Court has seen examples of the Claim Forms submitted by claimants in connection
with prior motions by the Debtors to expunge certain claims. With respect to each claim, the
claim information is Bates-stamped with the claim number and the pages of the claim
information. For example, Claim No. 2636 is a claim by Virginia Thrasher for a residence in
Georgia. Each of the pages of the claim submission carries the designation "002636." Each
page of the claim submission is then consecutively numbered. Claim No. 2636 is for a product

- 3 -

not manufactured by Debtors, namely, asbestos siding. The undisputed factual support for this statement is found on page 2636-004, the first set of numbers being the claim number and the second set of numbers being the consecutively numbered pages of the claim submission.

### III.    THE RULE 1006 SUMMARIES

The Claim Forms for the 627 remaining claims are voluminous. Some forms attach thousands of pages of documents. By and large, there is no dispute concerning what information is in the submissions and the submissions themselves constitute admissions by the claimants. For example, in the claim example above, Virginia Thrasher admits that the allegedly asbestos-containing product in her residence is asbestos siding (2636-004).

Rather than burdening the Court and the parties with voluminous attachments of claim forms -- such as attaching the entire claim submittal of Virginia Thrasher in the above example of Claim No. 2636 -- Debtors are submitting summaries of Claim Forms with respect to various motions for summary judgment pursuant to Rule 1006 of the Federal Rules of Evidence. Rule 1006 provides that the contents of voluminous writings may be presented in the form of a chart, summary or calculation as long as the underlying material is made available for review and, if ordered by the Court, produced in court.

Accordingly, Debtors are submitting Rule 1006 summaries in lieu of attaching such voluminous forms to the motions. However, Debtors are also submitting an Appendix of Rule 1006 Summaries With Information Attached. The documents attached to the Summaries in the Appendix include copies of the specific relevant pages of a Claim Form and excerpts of key governmental or other public documents and court papers.

- 4 -

IV.    **DESCRIPTION OF THE SUMMARY JUDGMENT MOTIONS**

The following is a short description of Debtors' summary judgment motions that were either filed in November, 2006 or are being filed contemporaneously herewith.

A.    **ELEVEN (11) CLAIMS INVOLVING PRODUCTS WHICH ARE NOT DEBTORS' PRODUCTS.**

It is undisputed that the asbestos-containing products of the Debtors consisted of Monokote-3, a direct-to-steel spray-on fireproofing material, and various spray-on acoustical plasters (also referred to as "acoustical plastic"). Debtors have moved to expunge eleven (11) claims in which the undisputed facts in the Claim Forms establish that the product which is the subject of each claim is not a product of the Debtors. Seven (7) of these claims are like the example of Claim 2636 above, where the product in the claim is not something Debtors ever made or sold, such as asbestos siding, popcorn ceilings, vinyl asbestos tile, or duct material.

It is also undisputed that the Debtors' asbestos-containing spray-on products never contained mineral wool, cellulose, wood fibers or amosite asbestos. The remaining four (4) claims in this motion are ones in which the <u>only</u> bulk samples of surfacing material contained one or more of these components not found in Debtors' products.

B.    **CLAIMS BARRED BY LIMITATIONS, REPOSE, OR OTHER DEFENSES.**

1.    **Ten (10) New York Claims Barred by the Statute of Limitations.**

On November 17, 2006, Debtors filed a motion to expunge ten (10) New York claims (Docket No. 13701). Under the three-year New York statute of limitations, the limitations

period began to run upon installation of the product, which for these claims occurred at least 27

years before the claims were asserted here.

### 2.    Six (6) Prudential Claims Barred by Statutes of Limitations.

On November 17, 2006, Debtors filed a motion to expunge six (6) remaining Prudential

claims (Docket No. 13700).  The motion is based upon the fact that this Court and the New

Jersey District Court in another case have already found that Prudential was on notice of its

alleged property damage claims by 1981.  Therefore, the claims are barred by the respective state

statutes of limitations in each of the states in which the buildings are located.

### 3.    One Hundred Nine (109) California Claims Barred by the Statute of Limitations.

California State University (36 claims), the University of California (56 claims), the

California Department of General Services (16 claims) and the County of Sonoma (1 claim) all

prosecuted identical asbestos property damage claims in 1984, 1985, or 1990, at least 13 years

before the submission of their alleged property damage claims in this case.  These claims are

barred by the California three-year statute of limitations.

### 4.    One Hundred Twenty (120) Louisiana Claims Barred by the Statute of Limitations.

Louisiana has a one-year prescription (i.e., statute of limitations) period which begins to

run when a property owner knows or should have known of the presence of asbestos in its

building(s), that it poses a potential health risk, and that it must be dealt with at considerable

expense.  On January 17, 1983, a nationwide schools class action was filed, alleging the presence

of asbestos in school buildings, the potential health risks associated therewith, and the need to deal with asbestos-containing materials.

All but three of the parish and archdiocese claimants in this group concede that they knew of asbestos-containing materials in their buildings, their potential hazards, and the need to deal with them by 1984 at the latest. Most abated the material by 1984. The remaining three parish claimants knew or should have known the same information. Under Louisiana law, the filing of the nationwide class action tolled the running of the statute. However, these Louisiana entities opted out of the nationwide class action in 1988. Under Louisiana law, abandoning the class action destroyed the tolling effect of that action. Accordingly, suits for these property damage claims had to be filed no later than 1985; they were not. They are therefore barred by the one-year Louisiana prescription period.

> **5.** **Eleven (11) Claims Barred By the Statutes of Repose in Minnesota, North Carolina, Iowa and Tennessee.**

Under a statute of repose, a claim for property damage must be brought within a specific number of years from the construction of the building and/or the installation of the products in the construction of the building. A statute of repose bars claims brought after the statutory period regardless of the owner's knowledge of the claim, or lack thereof. These 11 claims are barred on their face by the applicable statutes of repose.

> **6.** **Eighty-eight (88) Canadian Claims Barred by Canadian "Ultimate Limitations" and Normal Limitations Statutes.**

The Canadian provinces of Alberta, British Columbia and Manitoba each has an "ultimate limitations" statute, which in effect is a statute of repose. Each of those provinces requires that a claim be brought within a specific number of years from the installation of the

- 7 -

product, regardless of the owner's knowledge of asbestos or lack thereof. Forty-four (44) claims

from these provinces were filed after the "ultimate limitations" period expired. The Canadian

normal limitations statutes, which are comparable to U.S. statutes of limitations, bar these 44

claims but also bar another 44 Canadian claims in light of the undisputed existence of Canadian

legislation requiring building owners to know about asbestos in their buildings and the

longstanding and widespread publicity in Canada of the controversy surrounding asbestos in

buildings.

> **7.     Nine (9) Claims in Wisconsin, Texas, Arkansas and Georgia
> Barred by State Statutes of Limitations and Seven (7) Claims
> Barred By Delaware's Three-Year Statute of Limitations.**

Nine (9) claimants admitted in their Claim Forms that they knew of their claims on a date

which would bar these claims under the statute of limitations in the state where the properties are

located. An additional seven (7) claimants admitted that, because of the presence of asbestos,

they abated or removed asbestos-containing materials from their buildings more than three years

prior to Debtors' bankruptcy. These claims are barred by Delaware's three-year statute of

limitations.

> **8.     Fifty-Two (52) Libby Claims Presenting No Damages.**

There are 52 claims from residents in the Libby, Montana area alleging the presence of

asbestos on their properties from Debtors' vermiculite mining and milling operations. The EPA

has exclusive responsibility for inspecting these properties for the presence of asbestos and, if it

so decides, for remediating these properties at no cost to the claimants. It is undisputed that 23

of these properties have been found by the EPA to contain no asbestos, thus requiring no

remediation, and thus causing no compensable damage. It is also undisputed that another 25

properties have been found to contain some asbestos and 20 of those have been remediated by the EPA and five, if remediation is required, will be remediated by the EPA at no cost to the owners. Finally, four claims are eligible for EPA inspection and, if needed, remediation.

## V.    LEGAL STANDARDS

### A.    JURISDICTION.

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). *See In re U.S. Abatement Corp.*, 79 F.3d 393 (5th Cir. 1996). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

The statutory predicates for the relief sought herein are Sections 105(a), 502, and 558 of Chapter 11 of Title 11 of the United States Code, and Federal Rule of Bankruptcy Procedure 7056. These provisions grant this Court the authority to disallow and expunge the claims if the Court determines that there are no issues of material fact and the claims are deficient as a matter of law. *See, e.g., In re Allegheny Health Educ. & Research Found.*, No. 05-3841, 2006 WL 1440228 (3rd Cir. May 25, 2006) (affirming order of summary judgment for debtor on proof of claim and dismissing subject claim); *In re Genesis Health Ventures, Inc.*, 112 Fed.Appx. 140 (3rd Cir. 2004) (proof of claim forms failed to raise a genuine issue of material fact and affirming summary judgment to the debtors estimating the claim at zero). Section 502(b)(1) requires disallowance of a claim to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason other than because such a claim is contingent or unmatured."

## B.    SUMMARY JUDGMENT STANDARDS AND THE BURDEN OF PROOF.

Federal Rule of Civil Procedure 56[1] provides that summary judgment is appropriate "when there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Summary judgment for a defendant is warranted where plaintiffs cannot establish an essential element of their claim. *ZAI Opinion* at 14 (Docket No. 14014), citing *Celotex*, 477 U.S. at 322; *see also Aronow Roofing Co. v. Gilbane Bldg. Co.*, 902 F.2d 1127, 1128 (3rd Cir. 1990)("Summary judgment will be granted where the nonmoving party fails to 'establish the existence' of an element essential to the case.")

The moving party bears the initial responsibility of identifying the absence of admissible evidence to support an essential element in a nonmoving party's case. *Id.* at 325.  Once the moving party has shown the absence of a genuine issue of material fact as to an essential element of the non-movant's case, the burden shifts to the nonmoving party to set forth affirmative evidence and specific facts showing that there is a genuine issue of material fact for trial. *ZAI Opinion* at 14 (Docket No. 14014), citing *Anderson*, 477 U.S. at 249-50.  A fact is "material" only if it affects the result of the proceeding, and, a fact is in dispute only when the opposing party submits evidence such that a trial would be required to resolve the differences. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975), *cert. denied*, 425 U.S. 904 (1976); *In re CIS*, 214 B.R. 108, 118 (Bankr. S.D.N.Y. 1997).

---

[1]    Federal Rule of Bankruptcy Procedure 7056 applies here because:  (1) Fed.R.Bankr.P. 901(c) states that F.R.B.P. 7056 is applicable in "contested matters"; and (2) objecting to a proof of claim – as Grace did to the Claims in the 15th Omnibus Objection – "'creates a dispute which is a contested matter' within the meaning of Bankruptcy Rule 9014 ..." *In re Los Gatos Lodge, Inc.*, 278 F.3d 890, 894 (9th Cir. 2002).

The evidence favoring the nonmoving party must be more than merely colorable, and it must do more simply than cast "metaphysical doubt" as to the material fact. *ZAI Opinion* at 14-15 (Docket No. 14014), citing *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Anderson*, 477 U.S. at 249. The standard is one of reasonableness: An issue is a "genuine issue of material fact" only if a reasonable fact-finder considering the evidence presented, could find for the nonmoving party. *Childers v. Joseph*, 842 F.2d 689, 694 (3rd Cir. 1988), citing *Anderson*, 477 U.S. at 242.

Here, the Debtors seek summary judgment on claims objections. The Claimants bear the initial burden of establishing facts sufficient to support a legal basis for their respective claims. *See Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992). If the assertions set forth in the claim meet this standard, then the claim is *prima facie* valid, and is deemed allowed pursuant to Bankruptcy Code § 502(a), unless a party in interest objects to the proof of claim. *See id; see also* Bankruptcy Rule 3001(f).

Although the burden of proof is placed on different parties at different times, the ultimate burden of persuasion is always on the claimant. *Allegheny*, 954 F.2d at 174; *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *see also In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993) ("If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of claim.") *In re Pugh*, 157 B.R. 898, 901 (9th Cir. BAP 1993) (holding claimant bears the ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence); *Smith v. Sprayberry Square Holdings, Inc. (In re Smith)*, 249 B.R. 328, 333 (Bankr. S.D. Ga. 2000) ("If the objecting party overcomes the *prima facie* validity of the claim, then the burden shifts to the claimant to prove its claim by a preponderance of the evidence").

- 11 -

Thus, when an objection is filed – as the Debtors did with respect to the claims by the 15th Omnibus Objection – the objecting party bears the initial burden of presenting sufficient evidence to overcome the presumed validity of the claim, even assuming that there is such presumed validity. *See Allegheny,* 954 F.2d at 173-74; *In re Pagnotti*, 269 B.R. 326, 331 (Bankr. M.D. Ga. 2001). But, the burden then shifts to the Claimants.

Where the PD claimants bear the initial burden of proof – as they do for product identification – and are confronted by the Debtors' argument that the facts established through the discovery process do not support the claim, the claimants must identify record evidence sufficient to establish every element essential to the claim. *Celotex,* 477 U.S. at 323; *Equimark Com. Fin. Co. v. C.I.T. Fin. Serv. Corp.*, 812 F.2d 141 (3rd Cir. 1987). Here, the PD Claimants have failed to provide any evidence demonstrating the presence of a Grace asbestos-containing product in the buildings for eleven (11) PD Claims. Accordingly, a reasonable fact-finder cannot find one of the necessary elements for these eleven PD Claims, and these claims must be disallowed.

The Debtors bear the initial burden of proof for a statute of limitations defense and for their Libby arguments. In briefs submitted today, the Debtors have presented more than sufficient evidence to overcome any presumed validity of the PD claims that are the subject of the Motions. The burden now shifts to the PD Claimants to provide record evidence sufficient to convince a reasonable fact-finder that the late claims are not time-barred and the Libby claimants are entitled to compensation from Grace.

- 12 -

### C.    PRODUCT IDENTIFICATION IS A NECESSARY REQUIREMENT FOR ASBESTOS PROPERTY DAMAGE CLAIMS.

The summary judgment motion described at page 5 above seeks the expungement of claims on the ground that such claims do not involve a Grace asbestos-containing product. "It is well established that product identification is an essential element of every products liability action." *In re Dow Corning Corp.*, 250 B.R. 298, 353-54 (Bankr. E.D. Mich. 2000). Accordingly, a necessary prerequisite to recovery for alleged asbestos property damage is a showing by a claimant that one of the Debtors' asbestos-containing products was installed in the building for which the claim is filed.

Courts routinely dismiss property damage claims for failure to provide adequate product identification. *E.g., University of New Hampshire v. United States Gypsum Co.*, 756 F. Supp. 640, 659 (D.N.H. 1991); *Catasauqua Area Sch. Dist. v. Raymark Indus., Inc.*, 662 F. Supp. 64, 66-67 (E.D. Pa. 1987); *210 E. 86th St. Corp. v. Combustion Eng'g, Inc.*, 821 F. Supp. 125 (S.D.N.Y. 1993). This Court has disallowed asbestos property damage claims in these Chapter 11 cases for failure to prove product identification (*see, e.g.,* Claim No. 15352) and has stated that if "there's no product ID, then I don't think I have a choice but to strike the claims." (1/25/06 Tr. at 45.) A claimant's unsupported belief that building materials were manufactured by the Debtors is insufficient to prevent dismissal of such claims. *See Catasauqua Area School Dist. v. Eagle-Picher Indus., Inc.*, 118 F.R.D. 566, 571 (E.D. Pa. 1988).

### D.    UNDER DELAWARE'S CHOICE OF LAW RULES, THIS COURT IS REQUIRED TO APPLY THE SHORTER OF THE STATUTE OF LIMITATIONS PERIOD UNDER DELAWARE LAW OR UNDER THE LAW OF THE STATE WHERE THE CLAIM AROSE.

Some of the summary judgment motions described at pages 5-8 above seek the expungement of claims barred by the applicable statute of limitations. To determine which

state's statute of limitations to apply to such summary judgment motions, this Court must apply

Delaware's choice of law rules. *See In re PHP Healthcare Corp.*, 128 Fed. Appx. 839, 843 (3rd

Cir. 2005); *In re Payless Cashways*, 203 F.3d 1081, 1084 (8th Cir. 2000); *In re Global Indus.*

*Tech.*, 333 B.R. 251, 254 (Bankr. W.D. Pa. 2005).

Pursuant to Delaware's "borrowing statute", the limitations period of the state where the

claim at issue "arose" applies if it is shorter than Delaware's limitations period:

> Where a cause of action arises outside of this State, an action cannot be brought in a court
> of this State to enforce such cause of action after the expiration of *whichever is shorter,*
> *the time limited by the law of this State, or the time limited by the law of the state or*
> *country where the cause of action arose*, for bringing an action upon such cause of
> action. Where the cause of action originally accrued in favor of a person who at the time
> of such accrual was a resident of this State, the time limited by the law of this State shall
> apply.

10 Del. C. § 8121 (2005) (emphasis added).

For purposes of the borrowing statute, Delaware courts apply the law of the *lex loci*

*delecti, i.e.,* the law of the state where the tort or injury occurred. *Hill v. Equitable Trust Co.,*

562 F. Supp. 1324, 1334 (D. Del. 1983), *Thornton v. Carroll*, 490 F. Supp. 455, 457 (D. Del.

1980).

Accordingly, Debtors' Motions for Summary Judgment based on limitations periods

utilize the shorter of the limitations period of either Delaware (three years) or the state in which

the buildings are located (e.g., the one-year prescription period in Louisiana for Louisiana

claims).

- 14 -

## VI.    CONCLUSION

Some of the foregoing property damage claims fall into more than one category of

reasons for being expunged.  Taking into account the fact that some buildings fall into more than

one category, the total number of claims that should be expunged for the reasons summarized

above is 420.

Dated:  February 16, 2007

REED SMITH LLP
James J. Restivo, Jr., Esq. (#10113)
Lawrence Flatley, Esq. (#21871)
Douglas E. Cameron, Esq. (#41644)
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
Samuel Blatnick
Michael Dierkes
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

By: _____
Co-Counsel for the Debtors and Debtors
in Possession

- 15 -