IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| W. R. GRACE & CO., et al.   ) | Chapter 11 |
| ) | |
| Debtors.    ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |

Hearing Date: April 9, 2007
Pittsburgh, PA
Response Date: March 19, 2007
Related Docket No. 9315

**DEBTORS' MOTION AND MEMORANDUM FOR AN ORDER PURSUANT TO F.R.B.P. 7056 DISALLOWING AND EXPUNGING ELEVEN (11) PROPERTY DAMAGE CLAIMS BARRED BY STATUTES OF REPOSE IN MINNESOTA, NORTH CAROLINA, IOWA AND TENNESSEE**

This motion seeks to expunge eleven (11) asbestos property damages claims that are barred by the statutes of repose of the states in which the properties are located.

Certain states have enacted statutes of repose that apply to Debtors' asbestos-containing surfacing products. These statutes of repose bar any claim relating to those products after a certain number of years from the manufacture, sale or installation of the products. Specifically: (1) Minnesota has a 10-year statute of repose that runs from completion of the building; (2) North Carolina has a 6-year statute of repose that runs from the last act of the defendant; (3) Iowa has a 15-year statute of repose that runs from the act or omission of the defendant that allegedly caused the damage; and (4) Tennessee has a 10-year statute of repose that runs from the sale of the product. Because claimants in these states allege that Debtors' products were sold to them and installed in their buildings more than 30 years ago, the claims subject to this motion are barred by the applicable statutes of repose.

## I. DEBTORS' PRODUCTS ALLEGEDLY WERE SOLD TO CLAIMANTS AND INSTALLED IN THEIR BUILDINGS OVER THIRTY YEARS AGO.

The following claims are subject to this motion: (1) the Minnesota claims of (a) the Church of St. Helena (No. 3512), (b) the Church of Holy Redeemer (No. 6933), (c) the City of Barnesville (No. 6936), (d) Bethesda Hospital (10523), and (e) First Presbyterian Church (No. 12780); (2) the North Carolina claims of (a) New Hanover Medical Center (No. 10672) and (b) Montgomery Memorial Hospital (No. 10673); (3) the Iowa claims of (a) the YMCA (No. 11153) and (b) St. Anthony's Hospital (No. 11151); and (4) the Tennessee claims of the National Bank Building (No. 11722) and First National Bank (No. 10533).

Each of these claimants was required to complete a property damage claim form (the "Claim Form") in connection with this proceeding. The Claim Form required claimants to state when the building subject to their claim was built and when the Debtors' product was installed in that building. The responses to those questions for the foregoing claimants were as follows:

| Claimant | State | Date Property Built | Date Product Installed |
|---|---|---|---|
| Church of St. Helena | MN | Pre-1969 | 1954 |
| Church of Holy Redeemer | MN | Pre-1969 | 1954 |
| City of Barnesville | MN | Pre-1969 | 1950 |
| Bethesda Hospital | MN | Pre-1969 | 1966 |
| First Presbyterian Church | MN | Pre-1969 | 1960 |
| New Hanover Med. Center | NC | Pre-1969 | 1954 |
| Montgomery Med. Hosp. | NC | 1969-1973 | 1970 |
| YMCA | IA | 1969-1973 | 1971 |
| St. Anthony's Hospital | IA | 1969-1973 | 1970 |
| National Bank Building | TN | 1969-1973 | 1970 |
| First National Building | TN | 1969-1973 | 1970 |

*See* Exhibit A (Rule 1006 Summary of Voluminous Writings).

As established by the admissions contained in these Claim Forms, the Debtors' products for which the claims are being made are alleged to have been sold and installed in the claimants'

buildings more than three decades ago.

## II. THE APPLICABLE STATES' STATUTES OF REPOSE BAR CLAIMANTS' ASBESTOS PROPERTY DAMAGE CLAIMS.

### A. MINNESOTA'S TEN-YEAR STATUTE OF REPOSE BARS THE MINNESOTA CLAIMANTS' CLAIMS.

Minnesota's statute of repose precludes any action arising out of an improvement to real property if not brought within ten (10) years after substantial completion of construction. *See* Minn. Stat. § 541.051. This statute applies to manufacturers of asbestos-containing products such as the Debtors. *See Appletree Square 1 Ltd. Partnership v. W. R. Grace & Co.*, 815 F. Supp. 1266, 1272 (D. Minn. 1993).

The Minnesota claimants admitted in their Claim Forms that the Debtors' products allegedly were installed in their buildings from 1950-1966. These claimants' claims accordingly were barred by Minnesota's 10-year statute of repose by 1970.

### B. NORTH CAROLINA'S SIX-YEAR STATUTE OF REPOSE BARS THE NORTH CAROLINA CLAIMANTS' CLAIMS.

North Carolina has a six-year statute of repose that applies to remote manufacturers of asbestos-containing materials such as the Debtors. *See Forsyth Memorial Hospital v. Armstrong World Indus., Inc.*, 444 S.E.2d 423 (N.C. 1994). That statute runs six years from the sale of the product. *See* N.C. Gen. Stat. § 1-50(6).

New Hanover Medical Center ("New Hanover") admitted in its Claim Form that the Debtors' product was installed in its North Carolina building in 1954. New Hanover's claim accordingly was barred by North Carolina's six-year statute of repose by 1960. Montgomery Medical Hospital ("Montgomery") similarly admitted in its Claim Form that the Debtors' product was installed in its buildings in 1970. Montgomery's claims were barred by North Carolina's six-year statute of repose by 1976.

### C. IOWA'S FIFTEEN-YEAR STATUTE OF REPOSE BARS THE IOWA CLAIMANTS' CLAIMS.

Iowa has enacted a statute of repose that precludes actions arising out of defective conditions in improvements to real property that are filed more than fifteen years after the act or omission of the defendant that allegedly caused the damage. *See* Iowa Code § 614.1 (11) (1993). Iowa's statute of repose bars actions against asbestos manufacturers unless commenced within fifteen years from when the product was manufactured. *See Tallman v. W.R. Grace & Co. – Conn.*, 558 N.W.2d 208 (Iowa 1997); *see also Eastern Iowa Propane, Ltd v. Honeywell, Inc.*, 652 N.W.2d 462 (Iowa 2002) (15-year statute of repose runs against manufacturers from the date of manufacture of the product).

Two Iowa claimants, the YMCA and St. Anthony's Hospital, admitted in their Claim Forms that Debtors' products were installed in their buildings in 1971 and 1970 respectively. Their claims accordingly were barred by Iowa's 15-year statute of repose by 1986 and 1985.

### D. TENNESSEE'S TEN-YEAR STATUTE OF REPOSE BARS THE TENNESSEE CLAIMANTS' CLAIMS.

Tennessee has a ten-year statute of repose that applies to asbestos property damage claims. *Wyatt v. A-Best Products Co., Inc.*, 924 S.W.2d 98 (Ct. App. Tenn. 1996); *see also* T.C.A. § 29-28-103(a). That ten-year period begins to run from the date of the sale of the asbestos-containing product. *Id.*

The National Bank and the First National Bank admitted in their Claim Forms that their buildings were built between 1969 and 1973 and that Debtors' asbestos-containing product allegedly was installed in 1970. Their claims accordingly were barred by Tennessee's 10-year statute of repose by 1980.

## **CONCLUSION**

The Court should disallow and expunge the foregoing eleven property damage claims that are barred by applicable statutes of repose by entering the attached proposed order.

Dated: February 16, 2007

REED SMITH LLP
James J. Restivo, Jr., Esq. (#10113)
Lawrence Flatley, Esq. (#21871)
Douglas E. Cameron, Esq. (#41644)
Traci S. Rea, Esq. (#76258)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
Co-Counsel for the Debtors and Debtors in Possession