UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| W. R. GRACE & CO., et al. ) | Chapter 11 |
| ) | |
| Debtors. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |

Hearing Date: April 9, 2007
Pittsburgh, PA
Response Deadline: March 19, 2007
Related Docket No. 9315

### DEBTORS' MOTION AND MEMORANDUM FOR AN ORDER PURSUANT TO F.R.B.P. 7056 DISALLOWING AND EXPUNGING SIXTEEN (16) TIME-BARRED ASBESTOS PROPERTY DAMAGE CLAIMS

This motion seeks to expunge nine (9) asbestos property damages claims that are barred by the statute of limitations of the states in which the properties subject to the claims are located and seven (7) additional claims that are barred by Delaware's three-year statute of limitations.

I. **SIXTEEN CLAIMS ARE BARRED BY EITHER THE STATUTES OF LIMITATIONS IN THE STATES WHERE THE PROPERTIES ARE LOCATED OR DELAWARE'S THREE-YEAR STATUTE OF LIMITATIONS.**

As set forth in Debtors' "Road Map" of Summary Judgment Motions To Expunge Various Asbestos Property Damage Claims ("Debtors' 'Road Map'"), Delaware's borrowing statute requires the Court to apply the shorter of Delaware's three-year statute of limitations or the statute of limitations of the state in which the property subject to the claim is located. *See* Debtors' "Road Map" at 13-14.

The following claims are barred by the statute of limitations in the states where the properties are located: (1) the Texas claims relating to (a) the Woodbury Apartments (No. 2763), (b) EPEC Realty (No. 5672), (c) the 600 Building (No. 5690), and (d) BNC Forum Lp (No. 5688); (2) the Arkansas claims of KARK-TV (Nos. 9912 and 9913); (3) the Georgia claims of Dodge County Hospital (No. 11550) and Virginia L. Thrasher (No. 2636); and (4) the

Wisconsin claim of Ronald Skarie (No. 6582).

The following claims are barred by Delaware's three-year statute of limitations: (1) Manor Oak (No. 10789); (2) Allegheny Center Associates (No. 9778); (3) Children's Hospital (No. 10962); (4) St. Luke's Hospital (No. 11106); (5) Titusville Hospital (No. 11144); (6) Ferrell Hospital (No. 11144); and (7) Investment Tower (No. 11179).

Each of these claimants was required to complete a property damage claim form (the "Claim Form") in connection with this proceeding. The Claim Form required the claimants to state when they first knew that asbestos was in their building and to list any remediation efforts and asbestos test results. Based on the admissions contained on the foregoing claimants' Claim Forms, their claims are barred by the statute of limitations of the state in which their properties are located and/or Delaware's three-year statute of limitations.

## II.   THE APPLICABLE STATES' STATUTES OF LIMITATIONS BAR NINE CLAIMANTS' PROPERTY DAMAGE CLAIMS.

### A.   THE TEXAS CLAIMANTS' CLAIMS ARE BARRED BY TEXAS' TWO-YEAR STATUTE OF LIMITATIONS.

Texas applies a two (2) year statute of limitations that begins to run when the claimant knew or should have known of an injury caused by another. *See S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

Woodbury Apartments (No. 2763) admitted in its Claim Form that it knew of the presence of asbestos in its building when it purchased the building in 1989. *Exhibit A*. At that time, a September 23, 1988 report was disclosed that found 2-5% chrysotile asbestos in building materials in the building. *Id.* Woodbury Apartments' claims accordingly were barred by Texas' two-year statute of limitations by 1991.[1]

---

[1]   Woodbury Apartments' claim (No. 2763) is also barred because it involves a product with a component not found in Debtors' asbestos-containing surfacing products, namely
Continued on following page

EPEC Realty (No. 5672) admitted in its Claim Form that it knew asbestos was in its building in 1996 when it purchased the property. *Id.* EPEC Realty further indicated in its Claim Form that asbestos testing was conducted on the property in 1987, 1988 and 1989. *Id.* Asbestos was abated from the property in 1998. *Id.* EPEC Realty's admissions that it incurred expenses in 1998 to abate or remove ACMs from its building establish sufficient knowledge of its alleged injury at that time to commence the running of Texas' two-year statute of limitations. Accordingly, EPEC Realty's claims were barred by Texas' two-year limitations period by no later than 2000.

The 600 Building (No. 5690) admitted in its Claim Form that it knew of the presence of asbestos in its building in 1985. *Id.* Asbestos testing in 1988 reported 10-15% asbestos in the building. *Id.* Asbestos was abated from the building in 1988, 1991, 1992 and 1997. *Id.* The 600 Building knew of its injuries at that time. The 600 Building's claims accordingly expired pursuant to Texas' two-year limitations period no later than 1990.

BNC Forum Lp (No. 5688) admitted in its Claim Form that it knew of the presence of asbestos in its building in 1998 when it purchased the property. *Id.* At the time of purchase, a July 17, 1991 Comprehensive Asbestos Survey was supplied which identified asbestos in the fireproofing in the building. *Id.* BNC Forum Lp's claims accordingly were barred by Texas' two-year statute of limitations no later than 2000.

B.   **ARKANSAS' THREE-YEAR STATUTE OF LIMITATIONS BARS KARK-TV'S CLAIMS.**

Arkansas has a three-year statute of limitations that runs from when the claimant knew of the nature of their injury and the causal connection of that injury to the product.

---

Continued from previous page
    cellulose. *See* Debtors' Motion for An Order Pursuant To F.R.B.P. 7056 Disallowing and Expunging Eleven (11) Asbestos Property Damage Claims Involving Products Not Made By The Debtor.

*Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992).

KARK-TV (Nos. 9912 and 9913) admitted in its Claim Forms that in 1988 it began an asbestos monitoring and maintenance program for the building that is the subject to its claims. *Exhibit A*. The program included extensive employee training on the hazards of asbestos-containing materials ("ACMs"). *Id.* On February 10, 1988, a survey for ACMs was completed in KARK-TV's building. *Id.* The survey found friable, asbestos-containing sprayed-on fireproofing and sprayed-on acoustical surfacing materials throughout the building. *Id.* Test results dated February 24, 1988 showed that the sprayed-on fireproofing contained between 6-21% chrysotile asbestos and the sprayed-on acoustical surfacing material contained between 7-21% chrysotile asbestos. *Id.*

In April and May of 1988, ACMs were removed from several different locations within KARK-TV's buildings. Asbestos abatement records indicate that 23,312 square feet of friable acoustical plaster were to be removed from the KARK-TV Channel 4 Building starting on April 7, 1988. *Id.* Test results dated April 7, 1988 detected 8% chrysotile in acoustical ceiling material in KARK-TV's building and 10% chrysotile in sprayed-on duct insulation in the building's control room. *Id.* In a second project on June 20, 1988, 1000 square feet of acoustical spray ceiling material was removed from KARK-TV's Transmitter Tower.

Given these undisputed facts, KARK-TV's claims were barred by Arkansas' three-year statute of limitations by the summer of 1991.

### C.  THE GEORGIA CLAIMANTS' CLAIMS ARE BARRED BY GEORGIA'S FOUR-YEAR STATUTE OF LIMITATIONS.

Georgia applies a four-year statute of limitations to asbestos property damage claims that runs from substantial completion of the building. *Corporation of Mercer*

*University v. National Gypsum Co.*, 368 S.E.2d 732 (Ga. 1988).

Dodge County Hospital (No. 11550) admitted in its Claim Form that the building for which it is making a claim was built between 1968-1973. *Exhibit A*. Dodge County Hospital purchased the property in 1970 and stated that it did not install the Debtors' products on the property. *Id.* Dodge County Hospital further attaches a December 9, 1970 invoice for the Debtors' product in support of its claim. *Id.* Dodge County Hospital's claims accordingly were barred by Georgia's four-year statute of limitations no later than 1974.

Virginia L. Thrasher (No. 2636) admitted in her Claim Form that the property for which she is making a claim was built before 1969. *Id.* Ms. Thrasher inherited the property in 1973 and states that she did not install any asbestos-containing products on the property. *Id.* Ms. Thrasher's claims accordingly were time barred under Georgia's four-year statute of limitations no later than 1977.[2]

### D.  THE WISCONSIN CLAIMANT'S CLAIM IS BARRED BY WISCONSIN'S SIX YEAR STATUTE OF LIMITATIONS.

Wisconsin has a six-year statute of limitations applicable to asbestos property damage claims that begins to run from the date upon which the plaintiff knew of the presence of asbestos in their building. *Banc One Building Management Corp. v. W. R. Grace Co. – Conn.*, 565 N.W.2d 154, 159 (Ct. App. Wisc. 1997).

Ronald Skarie (No. 6582) admitted in his Claim Form that he knew of the presence of asbestos in the building for which he is making his claim in 1992. *Exhibit A*. His claims accordingly were time barred by 1998.[3]

---

[2]   Ms. Thrasher's claim (No 2626) is also barred because it involves a product not manufactured or sold by Debtors, namely asbestos siding. *See* Debtors' Motion for An Order Pursuant To F.R.B.P, 7056 Disallowing and Expunging Eleven (11) Asbestos Property Damage Claims Involving Products Not Made By The Debtor.

[3]   Mr. Skarie's claim (No. 6582) is also barred because it involves a product not
Continued on following page

III. **DELAWARE'S THREE-YEAR STATUTE OF LIMITATIONS BARS SEVEN ADDITIONAL CLAIMS.**

Delaware's three-year limitations period begins to run at the time a claimant knew or should have known of its alleged injury. *See Becker v. Hamada, Inc.*, 455 A.2d 353 (Del. 1982); *Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254 (Del. Super. 1969). A claim is barred if a claimant knew or should have known of its injury prior to April 1998, three years before the bankruptcy was filed.

The following claimants submitted information in connection with their claims establishing that, not only did they know that asbestos was in their buildings by April 1998, but they also incurred costs to abate or remove ACMs in their buildings before that time:

| Claimant | Claim No. | Abatement/Removal |
|---|---|---|
| Manor Oak | 10789 | 1997 |
| Allegheny Center Associates | 9778 | 1980s |
| Children's Hospital | 10962 | 1991/1992 |
| St. Luke's Hospital | 10998 | 1992-1997 |
| Titusville Hospital | 11106 | 1991/1992 |
| Ferrell Hospital | 11144 | 1991/1992 |
| Investment Tower | 11179 | 1987, 1989-1991 |

Because these claimants abated and/or removed ACMs in their buildings due to the hazards associated with those materials more than three years before the bankruptcy was filed, their claims are barred by Delaware's three-year statute of limitations.

---

Continued from previous page
    manufactured or sold by Debtors, namely asbestos wrapping. *See* Debtors' Motion for An Order Pursuant To F.R.B.P, 7056 Disallowing and Expunging Eleven (11) Asbestos Property Damage Claims Involving Products Not Made By The Debtor.

## CONCLUSION

The Court should disallow and expunge the foregoing sixteen (16) property damage claims that are barred by applicable statutes of limitations by entering the attached proposed order.

Dated: February 16, 2007

REED SMITH LLP
James J. Restivo, Jr., Esq. (#10113)
Lawrence Flatley, Esq. (#21871)
Douglas E. Cameron, Esq. (#41644)
Traci S. Rea, Esq. (#72658)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
Co-Counsel for the Debtors and Debtors in Possession