EPA's SCHOOL ASBESTOS PROGRAM

1.  Q:  Why is EPA Concerned About
Asbestos-Containing Materials in
Schools?

  A:  EPA is concerned because
asbestos-containing materials can
release asbestos fibers into a school's
air where the fibers can be inhaled.
Exposure to asbestos fibers can cause
debilitating or fatal diseases.
Asbestos-containing materials were used
in constructing or renovating many
schools (and other buildings) throughout
the nation.

2.  Q:  What is EPA Doing About
Asbestos-Containing Materials in
Schools?

  A:  EPA has organized a joint Federal,
State and local effort to identify and
correct exposure problems caused
by asbestos-containing materials in
schools.  EPA's primary activities will
be to provide technical assistance
to States and school districts and to
act as an information clearinghouse for
Federal and State agencies and for
schools.

3.  Q:  What Kinds of Technical
Assistance is EPA Providing?

  A:  EPA has prepared a Guidance Package
that explains a step-by-step procedure
for identifying and correcting exposure

OPSB 00356

2.

problems caused by asbestos-containing
materials.  This Guidance Package
will be distributed, either directly or
through State asbestos program agencies,
to public school districts throughout
the nation in early spring 1979.  An EPA
contractor has produced a videotape
which highlights the procedures
explained in the Guidance Package.
Copies of this tape are available for
loan from EPA's ten Regional offices. At
each Regional office there is a
specially trained individual, the
Regional Asbestos Coordinator, who
will provide additional technical
assistance where needed.

4.  Q:  How is EPA Acting as an
Information Clearinghouse?

A:  In October 1978 EPA conducted a
telephone survey to learn of State and
local efforts to identify
asbestos-containing materials in schools
and to correct exposure problems caused
by those materials.  EPA has included a
reporting form in its Guidance Package
and will use the information submitted
on those reporting forms to update
the results of EPA's survey.  The data
collected by EPA will be available to
State and local officials upon request.

5.  Q:  Why Did EPA Become Involved?

A:  The October 1978 survey revealed a
need by the States and school districts
for technical assistance.  There were

OPSB 00357



4

BACKGROUND ON ASBESTOS

8.  Q:  What is Asbestos?

A:  Asbestos is a term used for a group
of naturally occurring minerals that
separate into fibers.  Asbestos fibers
are incombustible and cannot be
destroyed or degraded easily.  All forms
of asbestos have a tendency to break
into a dust of tiny fibers that can
float in the air and be inhaled or
swallowed.

9.  Q:  Why is Asbestos Hazardous?

A:  Epidemiological studies of asbestos
workers have shown that exposure to
asbestos increases the risks of
developing lung cancer, mesothelioma
(cancer of the lining of the lung and
abdomen), and asbestosis (chronic
lung disease).

10.  Q:  Is any Exposure to Asbestos
Hazardous?

A:  EPA believes that any exposure to
asbestos involves some increase of risk.
No safe level of exposure or "threshold"
level has ever been established.  It is
impossible to estimate confidently the
exact degree of risk associated with
low-level exposures.

OPSB 00359

17.  Q:  How Serious a Problem do These
Friable Materials Present?

A:  The problem varies significantly
from building to building depending on
the condition of the material, its
accessibility, and other factors.


18.  Q:  How Extensive is the Problem?

A:  EPA does not know how many schools
have asbestos exposure problems.  This
information will become available as
schools are inspected and the inspection
results are reported to EPA.  The
October 1978 survey indicates that about
5% of the public schools in the
country have been inspected.  Those
States that inspected all (or nearly
all) schools reported asbestos-
containing materials present in 1%-5% of
their schools.


ANSWERS TO FREQUENTLY ASKED QUESTIONS


19.  Q:  What Steps Does the Guidance
Package Recommend?

A:  The steps are: (1) visually
inspect the building for material which
might contain asbestos, (2) take bulk
samples of suspect material, (3) have
the bulk samples analyzed, (4) if there
is asbestos-containing material, perform
an exposure assessment to determine
if there is an exposure problem, and (5)
perform corrective action if necessary.

OPSB 00362

97th Congress } COMMITTEE PRINT
1st Session

# THE ATTORNEY GENERAL'S ASBESTOS LIABILITY REPORT TO THE CONGRESS

## PURSUANT TO SECTION 6(b) OF THE ASBESTOS SCHOOL HAZARD DETECTION AND CONTROL ACT OF 1980

## COMMITTEE ON EDUCATION AND LABOR
## UNITED STATES
## HOUSE OF REPRESENTATIVES

Documents Collection
U.S. Depository 227-A

DEC 28 1981

Tulane Law School Library
New Orleans, La. 70118

OPSB 00607

NOVEMBER 1981

Printed for the use of the Committee on Education and Labor
CARL D. PERKINS, Chairman

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1981

89-438 O

OPSB 00613

    (d) breach of implied warranties of merchantability and fitness for a particular purpose.

The basis for the restitution claim is the contention that the manufacturers have a duty to abate the asbestos hazard in the schools and that the public authorities performing that duty have a right to restitution from the manufacturers.

The strict liability and negligence claims are predicated on the manufacturers' failure to warn of the dangerous propensities of asbestos fibers, and failure to test to determine if friable asbestos could be hazardous. The implied warranty claims are based on the unsuitability of the product for its intended use.

6. The primary obstacles to successful litigation are:

    (a) A majority of American decisions have held that "economic loss" is not recoverable in tort. However, the presence of a hazardous product creates a situation in which it may be persuasively contended that tort recovery is appropriate against a manufacturer that sold asbestos products used in schools in the absence of warnings or tests.

    (b) Because of the time elapsed since installation of the asbestos, usually at least nine years, statutes of limitation constitute potential obstacles to recovery. However, the asbestos manufacturers continue to contend that friable asbestos in schools is not dangerous. The manufacturers are faced with the dilemma of on the one hand arguing that the danger "manifested" itself to commence the running of a "discovery" or "manifestation" statute of limitation, while on the other hand denying, even today, that the product is dangerous.

7. School authorities faced with substantial expenditures in removing or containing friable asbestos should, as a matter of the utmost urgency, consult with qualified counsel to determine whether they should file litigation on their own or as at least three school districts already have done. Urgency is necessary because of statutes of limitation. Litigation on the theories set forth in recommendation number 5 supra may prove a desirable method of reducing fiscal burdens on taxpayers. School districts contemplating litigation should consult with counsel to insure that adequate tests and other measures are performed and retained to support the proof requirements of litigation. Finally, we note that in the three cases we know of filed by school districts to date, each district retained qualified products liability counsel.

8. Though the problem of friable asbestos in the schools is in one sense a national one, the absence of federal law assigning liability suggests that the matters be resolved on the local or state level. The primary goal is to remedy hazardous situations

(XII)

as quickly as possible. Illusory hopes of federal assistance can obstruct rather than aid attainment of this goal.

At the same time, it is clearly in the national interest that those school districts facing substantial abatement expenditures be able to recover from those who manufactured and sold asbestos products without warning of the dangers or of breaching asbestos fibers. School districts should keep the Department of Justice informed about such litigation so that the Department can determine whether assistance in the litigation is appropriate. The Department contact for counsel representing state or local authorities is:

Policy, Legislation and Special Litigation Section
Land and Natural Resources Division
Room 2615 Main Justice Building
Washington D.C. 20530
(202) 633-2847

CONCLUSION

Litigation, but by school authorities rather than the federal government, should be quickly investigated by school authorities and their counsel as one potential means of reducing the fiscal impact on taxpayers of abating asbestos hazards in the schools. The federal government should support local school authorities in such litigation, but should not bring such actions on its own.

(XIII)

## PART 1: CLAIMING PARTY INFORMATION

NAME:

CADDO PARISH SCHOOL BOARD

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):    F.E.I.N. (Business Claimants)

72-6000224

*(last four digits of SSN)*

Other names by which claiming party has been known (such as maiden name or married name):

LOUISIANA

*First*    MI    *Last*    POLITICAL SUBDIVISION

*First*    MI    *Last*

GENDER:   ☐ MALE   ☐ FEMALE

Mailing Address:

1961 MIDWAY

*Street Address*

SHREVEPORT

*City*    LA *State (Province)*    71130 *Zip Code (Postal Code)*

USA

*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

BEARD & SUTHERLAND

Name of Attorney:

FRED

*First*    H   SUTHERLAND

*MI*   *Last*

Mailing Address:

400 TRAVIS STREET SUITE 1103

*Street Address*

SHREVEPORT

*City*    LA *State (Province)*    71101 *Zip Code (Postal Code)*

Telephone:

(318) 226-9001

*Area Code*

WR Grace    PD.10.40.1951
00010631
9276101    SR=622    SERIAL #

REC'D MAR 3 1 2003

010631-000002

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| 1986 | Description | SURFACE TREATMENT OF CEILINGS |
|---|---|---|
*Year*

| 1991 | Description | IN HOMOGENEOUS AREA H1 SPRAYED ON ACOUSTIC     (CON'T) |
|---|---|---|
*Year*

| | Description | |
|---|---|---|
*Year*

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes    ☒ No

If yes, please specify the dates and descriptions of such renovations.

| | Description | PLEASE SEE RESPONSE TO NO. 10 |
|---|---|---|
*Year*

| | Description | |
|---|---|---|
*Year*

| | Description | |
|---|---|---|
*Year*

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1: Allegation with respect to asbestos from a Grace product in the property

☐ Category 2: Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

* If you checked Category 1 in question 12, complete section C.
* If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☒ Other    Specify: AND ZONOLITE ACOUSTICAL PLASTER (ZAP)

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| 1965 |   ☐ I did not install the product(s) |
|---|---|
*Year*

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | ☐ Don't know. |
|---|---|
*Year*

9276103                                    **SERIAL #**

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| Year | Description | |
|------|-------------|---|
| | Description | |
| 1991 | Description | (CONTINUATION) PLASTER MATERIAL ABATED/REMOVED (CON'T) |
| Year | | |
| | Description | |
| Year | | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes   ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | Description | |
|------|-------------|---|
| Year | Description | |
| Year | Description | |

## B. Claim Category

12. For which category are you making a claim on the property?

☐ Category 1: Allegation with respect to asbestos from a Grace product in the property

☐ Category 2: Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 12, complete section C.
- If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☐ Other    Specify:

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| Year | ☐ I did not install the product(s) |
|------|------------------------------------|

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| Year | ☐ Don't know. |
|------|---------------|

9276103                          SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

   ☒ Yes   ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> THE DOCUMENTS ARE TOO VOLUMINOUS TO ATTACH. DUE TO A RECENT CHANGE IN RESPONSIBILITY FOR THE MAINTENANCE OF THESE DOCUMENTS, WE ARE PRESENTLY UNABLE TO PROVIDE THEM. CLAIMANT HAS PREVIOUSLY (9/15/89) PROVIDED TO THE DEBTOR THROUGH ITS COUNSEL, COPIES OF THE SPECIFICATIONS AND CONTRACT DOCUMENTS IT COULD FIND FOR    (CONTINUED)

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

> **1988**
> *Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> THE QUESTION IS UNCLEAR.  IN 1979 OR 1980 THE CADDO PARISH SCHOOL BOARD BEGAN AN ASBETOS CONTROL PROGRAM AS REQUIRED BY THE EPA TO LOCATE FRIABLE MATERIAL AND TO DETERMINE IF MATERIALS AT THE SCHOOL SITE CONTAINED ASBESTOS.  SAMPLES WERE TAKEN AT THE SCHOOL DURING LATE 1981 OR 1982 THE RESULTS OF WHICH    (CONTINUED)

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

> **1988**
> *Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> SEE THE RESPONSE TO QUESTION NO. 19 AND ATTACHMENTS.  BULK SAMPLES WERE TAKEN IN 1988 BY ASTEC INDUSTRIES, INC. TO IDENTIFY THE MANUFACTURER OF THE ACM. SAMPLES WERE TESTED AND IDENTIFIED BY DR. ARTHUR ROHL AS W. R. GRACE PRODUCTS--MONOKOTE-3 AND ZONALITE ACCOUSTIC PLASTER.

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

   ☒ Yes   ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> PLEASE SEE RESPONSE TO QUESTIONS, NO. 10 AND 17.  CLAIMANT'S RESPONSE TO QUESTION NO. 21 IS BASED ON THE ASSUMPTION THAT THE QUESTION APPLIES TO ALL RENOVATION EFFORTS UNDERTAKEN AFTER ACM WAS DETERMINED TO EXIST--EVEN THOSE EFFORTS UNDERTAKEN PRIOR TO THEIR IDENTIFICATION AS A GRACE PRODUCT. WITH RESPECT TO THE RESPONSE TO    (CONTINUED)

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

   ☐ Yes   ☐ No

**SERIAL #**

ACADIANA RESEARCH LABORATORY

Physics Department
University of Southwestern Louisiana
P.O. Box 44210
Lafayette, Louisiana  70504

RECORD OF BULK SAMPLE ANALYSIS FOR ASBESTOS

RSH: Caddo
DL: ~~Caddo Middle Magnet~~
~~Eden Gardens Junior High~~

Sprayed on ceiling material in N.W. corner of cafetorium

Sample I.D. No.:    111   (115 A)
Date received:  11 December 1981
Date analyzed:  6 April 1982

School Official
    in Charge;    Mr. Charles Miller
                  P. O. Box 37000
                  Shreveport, LA    71130

FINDINGS:25% asbestos (chrysotile); 10% wood fibers, 65%
         non-fibrous, non-asbestos material

yst:  G.J.B./D.L.B.

Analytical Method:  Polarized
Light Microscopy and Becke
Line Dispersive Staining

ctor:  Dr. D. L. Bernard

Quality Control Method:
Participation in RTI Bulk
Sample Quality Assurance
Program

Corrected June 1982 Encapsulated

Removed Aug 86

010631-000062

ACADIANA RESEARCH LABORATORY

Physics Department
University of Southwestern Louisiana
P.O. Box 44210
Lafayette, Louisiana  70504

------------------------------------------------

### RECORD OF BULK SAMPLE ANALYSIS FOR ASBESTOS

PARISH: Caddo

*Caddo Middle Magnet*

SCHOOL: ~~Eden Gardens Junior High~~

Sample I.D. No.:    112   (115 B)        *Sprayed-on ceiling material in N.E. corner of Cafetorium*

Date received: 11 December 1981
Date analyzed: 6 April 1982

School Official
    in Charge:  Mr. Charles Miller
                P. O. Box 37000
                Shreveport, LA   71130

FINDINGS:25% asbestos (chrysotile); 10% wood fibers, 65%
         non-fibrous, non-asbestos material

------------------------------------------------

Analyst: G.J.B./D.L.B.

Analytical Method:  Polarized
Light Microscopy and Becke
Line Dispersive Staining

------------------------------------------------

Director:  Dr. D. L. Bernard

Quality Control Method:
Participation in RTI Bulk
Sample Quality Assurance
Program

*Corrected June 1982 Encapsulated.*

*Removed Aug 1986*

010631-000063

ACADIANA RESEARCH LABORATORY

Physics Department
University of Southwestern Louisiana
P.O. Box 44210
Lafayette, Louisiana  70504

RECORD OF BULK SAMPLE ANALYSIS FOR ASBESTOS

Caddo *Caddo Middle Magnet*
~~Eden Gardens Junior High~~

Sample I.D. No.:    113  (175 c)

*Sprayed-on ceiling material in the entry of the Gym*

Date received:  11 December 1981
Date analyzed:  6 April 1982

School Official
    in Charge:  Mr. Charles Miller
                P. O. Box 37000
                Shreveport, LA   71130

FINDINGS: 25% asbestos (chrysotile); 10% wood fibers, 65%
          non-fibrous, non-asbestos material

G.J.B./D.L.B.

**Analytical Method:** Polarized
Light Microscopy and Becke
Line Dispersive Staining

tor:  Dr. D. L. Bernard

**Quality Control Method:**
Participation in RTI Bulk
Sample Quality Assurance
Program

*Corrected June 1982 Encapsulated*

*Removal Aug 86*

ACADIANA RESEARCH LABORATORY

Physics Department
University of Southwestern Louisiana
P.O. Box 44210
Lafayette, Louisiana  70504

------------------------------------------------

RECORD OF BULK SAMPLE ANALYSIS FOR ASBESTOS

Caddo *Caddo Middle Magnet*
~~Eden Gardens Junior High~~

*Pipe insulation in the Boiler Room*

Sample I.D. No.:    114  (175 D)

Date received:  11 December 1981
Date analyzed:   6 April 1982

School Official
   in Charge:   Mr. Charles Miller
                P. O. Box 37000
                Shreveport, LA    71130

FINDINGS:15% asbestos (amosite); 85% non-fibrous,
          non-asbestos material

------------------------------------------------

st: G.J.B./C.L.B.          | Analytical Method:  Polarized
                           | Light Microscopy and Becke
                           | Line Dispersive Staining
                           |
                           | ------------------------------
                           |
tor:  Dr. D. L. Bernard    | Quality Control Method:
                           | Participation in RTI Bulk
                           | Sample Quality Assurance
                           | Program

*Repaired Covered w/o # 46882*

ACADIANA RESEARCH LABORATORY

Physics Department
University of Southwestern Louisiana
P.O. Box 44210
Lafayette, Louisiana 70504

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RECORD OF BULK SAMPLE ANALYSIS FOR ASBESTOS

Caddo *Caddo Middle Magnet*
~~Eden Gardens Junior High~~

*Ceiling material in low hallway by the Band Room*

Sample I.D. No.:    115 (175 E)

Date received: 11 December 1981
Date analyzed: 6 April 1982

School Official
   in Charge:   Mr. Charles Miller
                P. O. Box 37000
                Shreveport, LA    71130

FINDINGS:25% asbestos (chrysotile); 10% wood fibers, 65%
         non-fibrous, non-asbestos material

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

nt: G.J.B./O.L.B.          |  Analytical Method:  Polarized
                           |  Light Microscopy and Becke
                           |  Line Dispersive Staining
                           |
                           |  ---------------------------
                           |
tor: Dr. D. L. Bernard     |  Quality Control Method:
                           |  Participation in RTI Bulk
                           |  Sample Quality Assurance
                           |  Program

*Corrected (Renewed) July 1982*
*during Project P-112*

010631-000066



## Caddo Parish School Board

### SHREVEPORT, LOUISIANA 71130

P. O. Box 37000
MALT STREET

AREA CODE 318
TELEPHONE 636-0210

_Dec 11 - 1981_
(Date)

Dr. Davy Bernard
Electron Microscopy Center
University of Southwestern Louisiana
P. O. Box 4210
Lafayette, Louisiana  70504

Dear Mr. Bernard:

As authorized under the state asbestos program, at no cost to the Caddo Parish School Board, we are enclosing _5_ samples from the _Eden Gardens Jr High_ school in _Shreveport La_. Please perform a polarized light microscope analysis and give the type and percentage of material in each sample as shown below:

#175 -A Sprayed on ceiling material in cafetorium N.W. Corner
#175- B    "    "    "    "    "    "    N. E.    "
#175- C    "    "    "    "  in the entry to the gym
#175 D Pipe insulation in the boiler room
#175 E Ceiling material in low hallway by the Band Room

PLEASE SEND THE RESULTS TO:  Mr. Charles Miller, Director of School Plant
Caddo Parish School Board, P. O. Box 37000
Shreveport, Louisiana  71130

PLEASE SEND A COPY TO:  Mr. H. M. Topel, Asbestos Technical Advisor
6AW-P U.S. EPA, Region VI, First International
Building, 1201 Elm Street, Dallas, TX  75270

Charles E.C.Miller
Director of School Plant

CECM/kws

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

CADDO PARISH SCHOOL BOARD

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**     **F.E.I.N. (Business Claimants)**

*(last four digits of SSN)*     72-6000224

Other names by which claiming party has been known (such as maiden name or married name):

LOUISIANA

*First*          *MI*     *Last*     POLITICAL SUBDIVISION

*First*          *MI*     *Last*

**GENDER:**  ☐ MALE     ☐ FEMALE                    ■

**Mailing Address:**

1961 MIDWAY
*Street Address*

SHREVEPORT                                    LA     71130
*City*                                        *State*  *Zip Code*
                                              *(Province)* *(Postal Code)*

USA
*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

**Law Firm Name:**

BEARD & SUTHERLAND

**Name of Attorney:**

FRED          H  SUTHERLAND
*First*       *MI* *Last*

**Mailing Address:**

400 TRAVIS STREET SUITE 1103
*Street Address*

SHREVEPORT                                    LA     71101
*City*                                        *State*  *Zip Code*
                                              *(Province)* *(Postal Code)*

**Telephone:**

(318) 226-9001     ■
*Area Code*

REC'D MAR 3 1 2003

9276101          WR Grace      PD.10.40.1952          **SERIAL #:**
                   00010632
                 SR=622

010632-000002

**A.** **Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| 1983 | Description | ENCAPSULATION/REMOVAL--LIBRARY, AUDITORIUM LOBBY |
|---|---|---|
| Year | | |

| 1984 | Description | ENCAPSULATION--ENTRANCE/ADMINISTRATIVE AREA |
|---|---|---|
| Year | | |

| 1996 | Description | WITH RESPECT TO 1996/1997 PROJECTS (CONTINUED) |
|---|---|---|
| Year | | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes    ☒ No

If yes, please specify the dates and descriptions of such renovations.

| | Description | PLEASE SEE RESPONSE TO nO. 10 |
|---|---|---|
| Year | | |

| | Description | |
|---|---|---|
| Year | | |

| | Description | |
|---|---|---|
| Year | | |

**B.** **Claim Category**

12. For which category are you making a claim on the property?

☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

• If you checked Category 1 in question 12, complete section C.
• If you checked Category 2 in question 12, complete section D.

**C.** **Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property**

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☒ Other    Specify:  MK3 AND ZONALITE ACOUSTICAL PLASTIC (ZAP)

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| 1967 | ☐ I did not install the product(s) |
|---|---|
| Year | |

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | ☐ Don't know. |
|---|---|
| Year | |

9276103                              SERIAL #

## PART 1: CLAIMING PARTY INFORMATION

NAME:

Natchitoches Parish School Board

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):    F.E.I.N. (Business Claimants)

72-0629556

*(last four digits of SSN)*

Other names by which claiming party has been known (such as maiden name or married name):

Louisiana    MI    political subdivision
*First*    Last

*First*    MI    Last

GENDER: ☐ MALE    ☐ FEMALE    ■

Mailing Address:

210 Royal Street
*Street Address*

Natchitoches    LA    71457
*City*    *State* *(Province)*    *Zip Code* *(Postal Code)*

USA
*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

Hammonds & Sills

Name of Attorney:

Kenneth    F    Sills
*First*    MI    Last

Mailing Address:

1111 South Foster Drive, Suite C
*Street Address*

Baton Rouge    LA    70806
*City*    *State* *(Province)*    *Zip Code* *(Postal Code)*

Telephone:

(225) 923-3462    ■
*Area Code*

WR Grace    PD.14.53.2642
    00011326
SR=651

REC'D MAR 3 1 2003

9276101

SERIAL #

011326-000002

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| 1983 | Description | Asbestos throughout school encapsulated |
Year

| 1998 | Description | Removal of sprayed ceiling material |
Year

| | | | | Description | |
Year

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☐ Yes    ☒ No

If yes, please specify the dates and descriptions of such renovations.

| | | | | Description | It is possible that some small area/short duration |
Year

| 1999 | Description | Removal of 100 linear feet of TSI insulation |
Year

| | | | | Description | |
Year

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

• If you checked Category 1 in question 12, complete section C.
• If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☒ Other    Specify:  Zonolite Acoustical Plastic

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| 1958 |    ☐ I did not install the product(s)
Year

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | | | |    ☐ Don't know.
Year

9276103                                          SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☒ Yes    ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

```
The documents related to the installation of the product in the property are too
voluminous to attach. The undersigned have copies in their possession. A copy of the
original specifications (extract) is attached.
```

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

```
1981
```
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

```
In 1981, samples were obtained from North Natchitoches Elementary School and tested
for the presence of asbestos. It was determined that ACM material was present on the
school property. A copy of the Asbestos Survey Worksheet and Record of Bulk Sample
Analysis for Asbestos has been attached.
```

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

```
1981
```
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

```
See the response to Question No. 19. In 1983 asbestos containing materials in the
entire school were encapsulated. The documentation which is available is attached. In
January of 1990, samples were taken by Astec Industries, Inc. of remaining asbestos
containing material. Initially samples were tested by Rohl.    (continued)
```

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

```
See answers to Questions No. 10, 19 and 21. Asbestos containing material in ceilings was
encapsulated at North Natchitoches Elementary School in 1983. In 1998, the ACM sprayed on
ceiling material was removed. Attached is a copy of the contract dated May 29, 1998 and the
Asbestos Abatement Summary dated August 17, 1998. Other correspondence concerning the removal
project are available.
```

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No

9276104                                    SERIAL #⌐



Blown on ceiling - abated in 1983 and reblown with K-13. Further tests indicate asbestos still present.

19268 sq. ft.



ABATEMENT DATA *NATCHITOCHES PARISH*
*SCHOOL BOARD*
SCHOOL DISTRICT

1. Is action planned?                                    Yes ✔No

2. If action is planned; explain when and how: _____
_____
_____
_____
_____
_____

3. Has action been taken?                               ✔Yes ___ No

4. Is action required?                                   Yes ✔No

5. Indicate which type of action and the date it was taken below.
   (Removal, Encapsulation, Enclosure, Deferred, Rewrap, other)

| | Action Type | Date | Square ft. | Linear ft. | Total Cost |
|---|---|---|---|---|---|
| PARKS 1. | REMOVAL | 615T83 | 42977 | | 23,861 |
| -LEM 2. | REMOVAL | 6115T83 | 13426 | | |
| OBELINE 2. LEM 3. | REMOVAL | 6115T83 | 51,055 | | 86,793 |
| NATCHITOCHES 4. | REMOVAL | 6115T83 | 60,290 | | |
| LEM 5. | REMOVAL | 6115T83 | 11,728 | | |
| IRVIEW 6. | | / / | | | |
| LEM 7. | | / / | | | |
| 8. | | / / | | | |
| 9. | | / / | | | |
| 10. | | / / | | | |

6. Total number of schools ___21___    *totAL cost of ALL*

7. Total number of students ___1622___    *work - 358,952*
                                          *BASE BID*
8. Total number of employees ___1050___

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

East Baton Rouge Parish School Board

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**

*(last four digits of SSN)*

**F.E.I.N. (Business Claimants)**

72-6000353

Other names by which claiming party has been known (such as maiden name or married name):

Louisiana
*First*    *MI*    political subdivision
*Last*

*First*    *MI*    *Last*

**GENDER:** ☐ MALE   ☐ FEMALE   ■

**Mailing Address:**

1050 South Foster Drive
*Street Address*

Baton Rouge
*City*

LA
*State (Province)*

70806
*Zip Code (Postal Code)*

USA
*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

**Law Firm Name:**

Hammonds & Sills

**Name of Attorney:**

Kenneth
*First*    F   Sills
*MI*    *Last*

**Mailing Address:**

1111 South Foster Drive, Suite C
*Street Address*

Baton Rouge
*City*

LA
*State (Province)*

70806
*Zip Code (Postal Code)*

**Telephone:**

(225) 923-3462   ■
*Area Code*

REC'D MAR 3 1 2003

9276101

WR Grace   PD.20.80.3967
00012651
SR=645

**SERIAL #**

012651-000002

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☒ Yes    ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> The documents related to the installation of the product in the property in 1959 are voluminous. The East Baton Rouge Parish School Board has in its possession the following files and documents: Baton Rouge High - alterations, renovations, additions, Correspondence, Operational Procedures, Baton Rouge High School (continued)

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

**1983**
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> Beginning in 1979 the East Baton Rouge Parish School Board began an asbestos control program as required by the EPA to locate friable material and to determine if materials at the school site contained asbestos. Samples of various materials were taken from a limited number of school sites and tested. (continued)

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

**1983**
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> See the response to Question No. 19 and refer to the attachments. Bulk samples taken for the entire site in April, 1989 by Astec Industries, Inc. to identify the manufacturer of the ACM. Sample No. 045-B1B has been identified by Dr. Longo as W.R. Grace product Zonolite Finish Coat. (continued)

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> The ceiling of the Rumpus Room was encapsulated in 1984 with F-100 encapsulant, latex paint by maintenance employees of the School Board. Attached is the correspondence about the encapsulation of the ceiling of the Rumpus Room. Other documents may have existed, but have not been located. In addition, see responses to Questions 10, 19 and 21.

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No

9276104                                    SERIAL #⌟

LOUISIANA STATE DEPARTMENT OF EDUCATION
OFFICE OF AUXILIARY PROGRAM

LA EDUCATIONAL FACILITIES ASBESTOS DETECTION PROGRAM

Physics Department
Southern University
Baton Rouge, Louisiana 70813

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RECORD OF BULK SAMPLE ANALYSES FOR ASBESTOS

PARISH:    EAST BATON ROUGE

SCHOOL:    BATON ROUGE HIGH MAGNET

         SAMPLE I.D. NUMBER:    2

         S.U. LAB ID NUMBER:    95B

         DATE OF RECEIPT    :    MAR 18 ,1983

         DATE ANALYZED    .:    MAY 2, 1983

         SCHOOL OFFICIAL IN:    MARY GUILLOT
         CHARGE

FINDINGS:    CHRYSOTILE 9%
             NON-FIBER BINDING 91%

ANALYST: __Teinher Wang_____        DIRECTOR:__W. Eugene Collins__

         __Yneatha W. Ruffin_____        _____

                                          _____

Analytical Method:  Polarized Light       Quality Control Method:  Participatic
                    Microscopy                               in RTI Bulk Sample Quality
                                                             Assurance Program

LOUISIANA STATE DEPARTMENT OF EDUCATION
OFFICE OF AUXILIARY PROGRAMS

LA EDUCATIONAL FACILITIES ASBESTOS DETECTION PROGRAM

Physics Department
Southern University
Baton Rouge, Louisiana 70813

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RECORD OF BULK SAMPLE ANALYSES FOR ASBESTOS

PARISH:     EAST BATON ROUGE

SCHOOL:     BATON ROUGE HIGH MAGNET

            SAMPLE I.D. NUMBER:    3

            S.U. LAB ID NUMBER:    35C

            DATE OF RECEIPT    :   MAR 18 , 1983

            DATE ANALYZED      :   MAY 2, 1983

            SCHOOL OFFICIAL IN:    MARY GUILLOT
            CHARGE

    FINDINGS:    AMOSITE 49%
                 NON-FIBER BINDING 51%

ANALYST:  Teinher Wang                    DIRECTOR:   W. Eugene Collins
          _____                    _____

          Ineatha W. Ruffin                           _____

Analytical Method:  Polarized Light       Quality Control Method:  Participatio
                    Microscopy                                     in RTI Bulk Sample Quality
                                                                   Assurance Program

012651-000038

LOUISIANA STATE DEPARTMENT OF EDUCATION
OFFICE OF AUXILIARY PROGRAMS

LA EDUCATIONAL FACILITIES ASBESTOS DETECTION PROGRAM

Physics Department
Southern University
Baton Rouge, Louisiana 70813

---

RECORD OF BULK SAMPLE ANALYSES FOR ASBESTOS

PARISH:    EAST BATON ROUGE

SCHOOL:    BATON ROUGE HIGH MAGNET

SAMPLE I.D. NUMBER:    4

S.U. LAB ID NUMBER:    95D

DATE OF RECEIPT    :    MAR 18 , 1983

DATE ANALYZED    :    MAY 2, 1983

SCHOOL OFFICIAL IN    MARY GUILLOT
CHARGE

FINDINGS:    CHRYSOTILE 33%    51%
AMOSITE 18%
NON-FIBER BINDING 49%

ANALYST:  Teinher Wang

Ineatha W. Ruffin

DIRECTOR:  W. Eugene Collins

Analytical Method:  Polarized Light
Microscopy

Quality Control Method:  Participation
in RTI Bulk Sample Quality
Assurance Program

012651-000039

LOUISIANA STATE DEPARTMENT OF EDUCATION
OFFICE OF AUXILIARY PROGRAM
S

LA EDUCATIONAL FACILITIES ASBESTOS DETECTION PROGRAM

Physics Department
Southern University
Baton Rouge, Louisiana 70813

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## RECORD OF BULK SAMPLE ANALYSES FOR ASBESTOS

PARISH:      EAST BATON ROUGE

SCHOOL:      BATON ROUGE HIGH MAGNET

SAMPLE I.D. NUMBER:   5

S.U. LAB ID NUMBER:   95E

DATE OF RECEIPT   :   MAR 18 ,1983

DATE ANALYZED   :   MAY 2, 1983

SCHOOL OFFICIAL IN:   MARY GUILLOT
CHARGE

FINDINGS:   AMOSITE 41%    } 44%
CHRYSOTILE 4%
WOOD FIBER 1%
NON-FIBER BINDING 54%

ANALYST:   Teinher Wang

        Ineatha W. Ruffin

Analytical Method:  Polarized Light
Microscopy

DIRECTOR:   W. Eugene Collins

Quality Control Method:  Participatio
in RTI Bulk Sample Quality
Assurance Program

012651-000040

## PART 1: CLAIMING PARTY INFORMATION

NAME:

`East Baton Rouge Parish School Board`

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):       F.E.I.N. (Business Claimants)

`72` - `6000353`

*(last four digits of SSN)*

Other names by which claiming party has been known (such as maiden name or married name):

`Louisiana`     `political subdivision`

*First*                    *MI  Last*

*First*                    *MI  Last*

GENDER: ☐ MALE   ☐ FEMALE

Mailing Address:

`1050 South Foster Drive`

*Street Address*

`Baton Rouge`     `LA`   `70806`

*City*                    *State*   *Zip Code*
                         *(Province)*  *(Postal Code)*

`USA`

*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

`Hammonds & Sills`

Name of Attorney:

`Kenneth`     `F` `Sills`

*First*                    *MI  Last*

Mailing Address:

`1111 South Foster Drive, Suite C`

*Street Address*

`Baton Rouge`     `LA`   `70806`

*City*                    *State*   *Zip Code*
                         *(Province)*  *(Postal Code)*

Telephone:

`(225)` `923` - `3462`

*Area Code*

REC'D MAR 3 1 2003

9276101       WR Grace      PD.20.80.3970       SERIAL #
                      00012654
                   SR=645

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☒ Yes    ☐ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> The documents related to the installation of the product in the property which was the result of a renovation in 1960 are voluminous. The East Baton Rouge Parish School Board has in its possession the following files and documents: Capital Middle correspondence, Capital Junior High, Payments...Purchase Orders, (continued)

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

**1983**
*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> Beginning in 1979 the East Baton Rouge Parish School Board began an asbestos control program as required by the EPA to locate friable material and to determine if materials at the school site contained asbestos. Samples of various materials were taken from a limited number of school sites and tested. (continued)

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

**1983**
*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> See the response to Question No. 19. The asbestos containing materials on the walls and ceilings of the gymnasium were removed during June-August 1984. A copy of the memorandum is attached. In August, 1989, samples of the ACM material which was left behind after the removal in 1984 such as overspray were tested and (continued)

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> See answers to Questions No. 10, 19 and 21.

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No

9276104

SERIAL #

CEILINGS, ETC. FOUND TO CONTAIN ASBESTOS:    JUNE 1983

* 1.  Bakerfield Elementary -  corrected (17,300 sq. ft.)  (492 students)

* 2.  Baton Rouge High - rompus room ceiling (5,500 sq. ft.) (1,103 students)

* 3.  Broadmoor Middle - foyer (corrected) (44,000 sq. ft.)  (658 students)
        all ceilings

* 4.  Capitol Middle - gym walls (16,000 sq. ft.)  (500 students)

* 5.  Choctaw Maintenance Service Center - corrected  (10,600 sq. ft.)

* 6.  Greenbriar Elementary - ceilings  (30,000 sq. ft.)  (373 students)

* 7.  McKinley Middle - blown on ceilings (Bldg. D) (6,000 sq. ft.)  (841 students)

* 8.  McKinley High - blown on ceilings  (60,000 sq. ft.)  (736 students)

* 9.  Progress Elementary - blown on ceilings (Corrected)  (23,000 sq. ft.) (312 students)

* 10. Sharon Hills Elementary - blown on ceilings  (24,600 sq. ft.) (485 students)

    11. South Greenville - blown on ceilings  (Closed School) (16,500 sq. ft.)

    12. School Board Office - blown on ceilings  (15,000 sq. ft.)

* 13. Westdale Elementary - corrected (16,500 sq. ft.) (284 students)

* 14. White Hills - have begun corrective action 6/83  (30,000 sq. ft.) (319 students)

* 15. Woodlawn High - blown on ceiling in gym, only  (8,400 sq. ft.)  (965 students)
        band and choral rooms          (2,000 sq. ft.)

* 16. Zachary Elementary - blown on ceilings in auditorium and cafeteria (5,680 sq. ft.)
        (700 students)

    (*) - Denotes corrected action has been taken

                                        331,080 sq ft.

**Maintenance Division**
**East Baton Rouge Parish School Board**
**2875 Michelli Drive**
**Baton Rouge, Louisiana 70805**

April 12, 1985

Memo to:  Mr. Ray Porta, Assistant Superintendent, Auxiliary Services

From:    Frank Scimeca

Subject:  Encapsulation Projects

Attached is information you asked for pertaining to monies spent,
number of schools and what is left to be done at this time.


FC:cm

CONTRACT COST FOR ENCAPSULATION PROJECTS:

| | | |
|---|---|---:|
| 1. | Westdale Elementary | $ 24,982.00 |
| 2. | Bakerfield Elementary | 35,404.70 |
| 3. | Progress Elementary | 49,585.30 |
| 4. | Broadmoor Middle (foyer of gym, only) | 3,194.25 |
| 5. | Greenbrier Elementary | 41,800.00 |
| 6. | Capitol Middle (gym, only) ( removed) | 44,600.00 |
| 7. | Woodlawn High (gym, removed) | 30,198.00 |
| 8. | McKinley High | 78,300.00 |
| | | $308,064.25 |

MAINTENANCE COST FOR ENCAPSULATION PROJECTS:

| | | |
|---|---|---:|
| 1. | White Hills Elementary | $ 34,886.00 |
| 2. | Sharon Hills Elementary | 19,429.44 |
| 3. | Broadmoor Middle | 32,119.98 |
| 4. | McKinley Middle (wing D, only) | 7,307.61 |
| 5. | Zachary Elementary (playroom & lunchroom, only) | 3,475.00 |
| 6. | Baton Rouge High Magnet | 5,180.56 |
| | | $102,398.59 |

COST FOR EQUIPMENT USED FOR ENCAPSULATION PROJECTS

| | | |
|---|---|---:|
| 1. | Two pumps at $1,500 each | $ 3,000.00 |
| 2. | Two paint guns at $1,800 each | 3,600.00 |
| 3. | Six tape guns at $16.00 each | 96.00 |
| 4. | Two 3/8" drills at $40.00 each | 80.00 |
| 5. | Four 6' ladders at $49.00 each | 196.00 |
| 6. | Two 8' ladders at $66.00 each | 132.00 |
| | | $ 7,104.00 |

| | |
|---|---:|
| LAB COST FOR BULK AND AIR SAMPLES (1980-84) | $ 3,366.00 |
| ESTIMATED COST FOR (12) FIRST LINE SUPERVISORS TO CHECK SCHOOLS WITH E.P.A. (4 HRS. EA. X $15.50/HR) | $ 744.00 |
| ESTIMATED COST FOR SCHOOLING ON ASBESTOS ABATEMENT (TRAVEL AND EXPENSES) | $ 3,458.62 |

GRAND TOTAL                                $425,135.46

The only encapsulation areas left to do at this time is the Central Office and boiler rooms at various schools.

OFFICE OF AUXILIARY PROGRAM

LA EDUCATIONAL FACILITIES ASBESTOS DETECTION PROGRAM

Physics Department
Southern University
Baton Rouge, Louisiana 70813

RECORD OF BULK SAMPLE ANALYSES FOR ASBESTOS

PARISH:    EAST BATON ROUGE

SCHOOL:    BATON ROUGE HIGH MAGNET

            SAMPLE I.D. NUMBER:    1

            S.U. LAB ID NUMBER:    95A

            DATE OF RECEIPT    :    MAR 18 ,1983

            DATE ANALYZED      :    MAY 2, 1983

            SCHOOL OFFICIAL IN:    MARY GUILLOT
            CHARGE

FINDINGS:    CHRYSOTILE 9%
             PAPER FIBER 1%
             NON-FIBER BINDING 90%

ANALYST:   Teinher Wang

           Ineatha W. Ruffin

DIRECTOR:   W. Eugene Collins

Analytical Method:  Polarized Light
                    Microscopy

Quality Control Method: Participatio:
    in RTI Bulk Sample Quality
    Assurance Program

012651-000036

## PART 1: CLAIMING PARTY INFORMATION

NAME:

JEFFERSON DAVIS PARISH SCHOOL BOARD

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):

*(last four digits of SSN)*

F.E.I.N. (Business Claimants)

72-6000580

Other names by which claiming party has been known (such as maiden name or married name):

*First*                    *MI*    *Last*

*First*                    *MI*    *Last*

GENDER: ☐ MALE    ☐ FEMALE

Mailing Address:

203 EAST PLAQUEMINE
*Street Address*

JENNINGS
*City*

LA
*State (Province)*

70546
*Zip Code (Postal Code)*

USA
*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

BAGGETT MCCALL BURGESS WATSON & GAUGHAN

Name of Attorney:

ROBERT
*First*

C    MCCALL
*MI*    *Last*

Mailing Address:

3006 COUNTRY CLUB ROAD
*Street Address*

LAKE CHARLES
*City*

LA
*State (Province)*

70605
*Zip Code (Postal Code)*

Telephone:

(337) 478-8888
*Area Code*

REC'D MAR 2 8 2003

WR Grace       PD.5.19.938
     00008025
SR=550

9276101

SERIAL #

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| 1982 | Description | ENCAPSULATION OF APPROX. 1000 SQ. FT. OF ACM |
Year

| | | | | | Description | ROUTINE MAINTENANCE MAY HAVE OCCURRED AFFECTING THE ASBESTOS |
Year

| | | | | | Description | |
Year

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes   ☐ No

If yes, please specify the dates and descriptions of such renovations.

| | | | | | Description | IT IS POSSIBLE THAT SOME SMALL (SEE ATTACHED CONTINUED RESPONSE) |
Year

| | | | | | Description | |
Year

| | | | | | Description | |
Year

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property
☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

> • If you checked Category 1 in question 12, complete section C.
> • If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation
☐ Other      Specify: ZONOLITE ACOUSTICAL PLASTIC

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| 1952 |   ☐ I did not install the product(s)
Year

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | | | | |   ☐ Don't know.
Year

9276103                     SERIAL #⌋

008025-000004

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes    ☒ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> A REASONABLE EFFORT HAS BEEN UNDERTAKEN TO LOCATE HISTORICAL/CONSTRUCTION DOCUMENTS RELATED TO THE PURCHASE/INSTALLATION OF THE PRODUCT, AS WELL AS OTHER SUPPORTING DOCUMENTS. IF AVAILABLE, THEY HAVE BEEN ATTACHED. CLAIMANT RETAINED AN ARCHITECT TO DESGIN THE BUILDING, AND TO ADMINISTER THE CONTRACT FOR CONSTRUCTION. THE GENERAL CONTRACTOR SELECTED SUBCONTRACTORS FOR MANY PHASES OF CONSTRUCTION, INCLUDING INSTALLATION OF THE FIREPROOFING MATERIALS. (SEE ATTACHED CONTINUED RESPONSE)

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

> 1982

*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> AN ASBESTOS INSPECTION SURVEY WAS CONDUCTED, BULK SAMPLES WERE TAKEN, AND LABORATORY ANALYSIS DETERMINED ACM. DOCUMENTATION OF TESTING FOR ACM REQUIRED BY EPA PRIOR TO AHERA CANNOT BE LOCATED ALTHOUGH A SEARCH IS CONTINUING AND DOCUMENTS DISCOVERED WILL BE PROVIDED. ASBESTOS ENVIRONMENTAL CONTROL, INC. CONDUCTED AHERA INSPECTION SURVEYS OF ALL SCHOOLS IN APPROXIMATELY 1988.

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

> 

*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> SEE ANSWER TO NO. 19. HOWEVER, CLAIMANT DID NOT KNOW THE MATERIAL WAS A GRACE PRODUCT UNTIL THE MATERIAL WAS ANALYZED TO DETERMINE THE IDENTITY OF THE MANUFACTURER OF THE ACM. A COPY OF THE ANALYSIS IS ATTACHED.

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> GENERALLY, ABATEMENT DOCUMENTS CORRESPONDING TO THE FOLLOWING CATEGORIES ARE ATTACHED TO THE EXTENT AVAILABLE 1. SUMMARY 2. SURVEY REPORT 3. REMOVAL SPECIFICATIONS 4. CONTRACTOR SUBMITTALS (CONTRACTOR'S LICENSE, EPA NOTIFICATION, LIABILITY INSURANCE, WASTE DISPOSAL MANIFEST, (SEE ATTACHED CONTINUED RESPONSE)

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No

9276104                    SERIAL #⌋

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| 1982 | Description | ENCAPSULATION OF ACM |

Year

| | Description | ROUTINE MAINTENANCE; HOWEVER, DOCUMENTS HAVE NOT BEEN LOCATED. |

Year

| | Description | |

Year

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes      ☐ No      **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

PLEASE SEE RESPONSE TO QUESTIONS 18, 19, 21, and 23. (SEE ATTACHED CONTINUED RESPONSE)

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes      ☐ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | Company/Individual | |
| | Type of testing: | |

Year

| | Company/Individual | |
| | Type of testing: | |

Year

| | Company/Individual | |
| | Type of testing: | |

Year

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes      ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | Description | GRACE'S ACM CAN BE DISTURBED BY ACTIVITIES (SEE ATTACHED CONTINUED RESPONSE) |

Year

| | Description | SEE RESPONSE NO. 10, 19, 21, 22, 23 AND 25. |

Year

| | Description | |

Year

9276105                                      **SERIAL #**

008025-000008

## ACADIANA RESEARCH LABORATORY

Physics Department
University of Southwestern Louisiana
P.O. Box 44210
Lafayette, Louisiana  70504

---

## RECORD OF BULK SAMPLE ANALYSIS FOR ASBESTOS

PARISH: Jefferson Davis

SCHOOL: Jennings High

Sample I.D. No.:    248

Date received: 29 July 1982
Date analyzed: 2 August 1982

School Official
    in Charge: Mr. Ernest P. Guidry
               Box 640
               Jennings, LA  70546

FINDINGS: 35% asbestos (chrysotile); 25% wood fiber, 40%
          non-fibrous, non-asbestos material

---

| | |
|---|---|
| Analyst:  R.M.C./D.L.B. | Analytical Method:  Polarized Light Microscopy and Becke Line Dispersive Staining |
| | --- |
| Director:  Dr. D. L. Bernard | Quality Control Method: Participation in RTI Bulk Sample Quality Assurance Program |