## PART 1: CLAIMING PARTY INFORMATION

NAME:

JEFFERSON PARISH SCHOOL BOARD

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):

*(last four digits of SSN)*

F.E.I.N. (Business Claimants)

72-6300059

Other names by which claiming party has been known (such as maiden name or married name):

POLITICAL
*First*   ☐ MI   SUBDIVISION
*Last*

JEFFERSON PARISH
*First*   ☐ MI   PUBLIC SCHOOL SYSTEM
*Last*

GENDER: ☐ MALE   ☐ FEMALE   ■

Mailing Address:

501 MANHATTAN BOULEVARD
*Street Address*

HARVEY
*City*

LA
*State (Province)*

70058
*Zip Code (Postal Code)*

USA
*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

GRANT & BARROW

Name of Attorney:

JACK
*First*   A
*MI*   GRANT
*Last*

Mailing Address:

238 HUEY P. LONG AVENUE
*Street Address*

GRETNA
*City*

LA
*State (Province)*

70053
*Zip Code (Postal Code)*

Telephone:

(504) 368-7888   ■
*Area Code*

WR Grace    PD.5.20.975
00008186
SR=554

REC'D MAR 2 8 2003

9276101

SERIAL #

**A. Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| 1981 | Description | ENCAPSULATION |
| Year | | |

| | Description | |
| Year | | |

| | Description | |
| Year | | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes    ☐ No

If yes, please specify the dates and descriptions of such renovations.

| 1960 | Description | IT IS POSSIBLE THAT SOME SMALL (SEE ATTACHED CONTINUED RESPONSE) |
| Year | | |

| | Description | |
| Year | | |

| | Description | |
| Year | | |

**B. Claim Category**

12. For which category are you making a claim on the property?

☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property
☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 12, complete section C.
- If you checked Category 2 in question 12, complete section D.

**C. Category 1 Claim:  Allegation With Respect To Asbestos From A Grace Product In The Property**

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation
☒ Other      Specify:  ZONOLITE ACOUSTICAL PLASTIC

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| 1960 | ☐ I did not install the product(s) |
| Year | |

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | ☐ Don't know. |
| Year | |

9276103

SERIAL #

## PART 1: CLAIMING PARTY INFORMATION

NAME:

ST. MARTIN PARISH SCHOOL BOARD

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):

*(last four digits of SSN)*

F.E.I.N. (Business Claimants)

72-6001274

Other names by which claiming party has been known (such as maiden name or married name):

*First* ___ *MI* ___ *Last*

*First* ___ *MI* ___ *Last*

GENDER: ☐ MALE   ☐ FEMALE

Mailing Address:

305 WASHINGTON STREET

*Street Address*

ST. MARTINVILLE

*City*

LA   70582

*State (Province)*   *Zip Code (Postal Code)*

USA

*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

BAGGETT MCCALL BURGESS WATSON & GAUGHAN

Name of Attorney:

ROBERT

*First*

C MCCALL

*MI*   *Last*

Mailing Address:

3006 COUNTRY CLUB ROAD

*Street Address*

LAKE CHARLES

*City*

LA   70605

*State (Province)*   *Zip Code (Postal Code)*

Telephone:

(337) 478-8888

*Area Code*

REC'D MAR 2 8 2003

WR Grace      PD.5.19.937
              00008024
SR=550

9276101

SERIAL #

**A.  Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| 1988 | Description | ABATEMENT OF APPROX. 4000 SQ. FT. OF ACM |
| Year | | |

| | Description | ROUTINE MAINTENANCE MAY HAVE OCCURRED AFFECTING THE ASBESTOS |
| Year | | |

| | Description | |
| Year | | |

11.  To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes      ☐ No

If yes, please specify the dates and descriptions of such renovations.

| | Description | IT IS POSSIBLE THAT SOMR SMALL (SEE ATTACHED CONTINUED RESPONSE) |
| Year | | |

| | Description | |
| Year | | |

| | Description | |
| Year | | |

**B.  Claim Category**

12.  For which category are you making a claim on the property?

☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 12, complete section C.
- If you checked Category 2 in question 12, complete section D.

**C.  Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property**

13.  For what alleged asbestos-containing product(s) are you making a claim?

☒ Monokote-3 fireproofing insulation

☐ Other      Specify: ZONOLITE ACOUSTICAL PLASTIC

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14.  When did you or someone on your behalf install the asbestos containing product(s) in the property?

| 1940 | ☐ I did not install the product(s) |
| Year | |

15.  If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| | ☐ Don't know. |
| Year | |

9 2 7 6 1 0 3                    SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes    ☒ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

A REASONABLE EFFORT HAS BEEN UNDERTAKEN TO LOCATE HISTORICAL/CONSTRUCTION DOCUMENTS RELATED TO THE
PURCHASE/INSTALLATION OF THE PRODUCT, AS WELL AS OTHER SUPPORTING DOCUMENTS.  IF AVAILABLE, THEY HAVE BEEN
ATTACHED. CLAIMANT RETAINED AN ARCHITECT TO DESGIN THE BUILDING, AND TO ADMINISTER THE CONTRACT FOR
CONSTRUCTION.  THE GENERAL CONTRACTOR SELECTED SUBCONTRACTORS FOR MANY PHASES OF CONSTRUCTION, INCLUDING
INSTALLATION OF THE FIREPROOFING MATERIALS. (SEE ATTACHED CONTINUED RESPONSE)

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

$\boxed{1}\boxed{9}\boxed{8}\boxed{8}$
*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

AN ASBESTOS INSPECTION SURVEY WAS CONDUCTED, BULK SAMPLES WERE TAKEN, AND LABORATORY ANALYSIS
DETERMINED ACM.  DOCUMENTATION OF TESTING FOR ACM REQUIRED BY EPA PRIOR TO AHERA CANNOT BE
LOCATED ALTHOUGH A SEARCH IS CONTINUING AND DOCUMENTS DISCOVERED WILL BE PROVIDED.  ASBESTOS
ENVIRONMENTAL CONTROL, INC. CONDUCTED AHERA INSPECTION SURVEYS OF ALL SCHOOLS IN APPROXIMATELY
1988.

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

$\boxed{1}\boxed{9}\boxed{8}\boxed{8}$
*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

SEE ANSWER TO NO. 19.  HOWEVER, CLAIMANT DID NOT KNOW THE MATERIAL WAS A GRACE PRODUCT UNTIL THE MATERIAL
WAS ANALYZED TO DETERMINE THE IDENTITY OF THE MANUFACTURER OF THE ACM.  A COPY OF THE ANALYSIS IS
ATTACHED.

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

GENERALLY, ABATEMENT DOCUMENTS CORRESPONDING TO THE FOLLOWING CATEGORIES ARE ATTACHED
TO THE EXTENT AVAILABLE 1. SUMMARY 2. SURVEY REPORT 3. REMOVAL SPECIFICATIONS 4.
CONTRACTOR SUBMITTALS (CONTRACTOR'S LICENSE, EPA NOTIFICATION, LIABILITY INSURANCE,
WASTE DISPOSAL MANIFEST, (SEE ATTACHED CONTINUED RESPONSE)

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No

9276104                    SERIAL #⌋

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| 1988 | Description | ABATEMENT OF ACM |
|---|---|---|

Year

| | Description | ROUTINE MAINTENANC; HOWEVER, DOCUMENTS HAVE NOT BEEN LOCATED |
|---|---|---|

Year

| | Description | |
|---|---|---|

Year

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes        ☐ No        **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

PLEASE SEE RESPONSE TO QUESTIONS 18, 19, 21, and 23. (SEE ATTACHED CONTINUED RESPONSE)

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes        ☐ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | Company/Individual | |
|---|---|---|
| Year | Type of testing: | |

| | Company/Individual | |
|---|---|---|
| Year | Type of testing: | |

| | Company/Individual | |
|---|---|---|
| Year | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes        ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | Description | GRACE'S ACM CAN BE DISTURBED BY ACTIVITIES (SEE ATTACHED CONTINUED RESPONSE) |
|---|---|---|

Year

| | Description | SEE RESPONSE NOS. 10, 19, 21, 22, 23 AND 25. |
|---|---|---|

Year

| | Description | |
|---|---|---|

Year

9 2 7 6 1 0 5                    SERIAL #

008024-000008



# St. Martin Parish School Board

**P.O. Box 859        St. Martinville, Louisiana 70582**

TELEPHONE 318-394-6261
318-332-4501
318-232-2600

NOLAN L. BRAUD
SUPERINTENDENT

EVANS "VON" OZEN
PRESIDENT

JAMES B. BULLIARD
VICE-PRESIDENT

DISTRICT 1
JAMES B. BULLIARD

DISTRICT 2
PAULMA JOHNSON

DISTRICT 3
MRS. DEBRA G. HEBERT

DISTRICT 4
HOWARD BOYER

DISTRICT 5
JACKIE J. THERIOT

DISTRICT 6
RODNEY J. LEDOUX

DISTRICT 7
EVANS "VON" OZEN

DISTRICT 8
GARY LEBLANC

DISTRICT 9
LEO "POPE" HUVAL

July 13, 1988

Mr. Stephen D. Gossen
Environmental Management Technologies, Ltd.
P. O. Box 15
Thibodaux, La. 70302

Dear Mr. Gossen:

At the regular School Board Meeting convened June 1,
1988, the Board approved the proposal of Environ-
mental Management Technologies, Ltd., for a total of
$62,138.00, in order to bring the St. Martin Parish
School System in compliance with Asbestos Hazard
Emergency Response Act of 1986 (PL99-519).

Please call when I may be of further assistance.

Sincerely yours,

Nolan L. Braud,
Superintendent

NLB:kr

cc:  Mr. Lindsey J. Landry
Board Members

"PARTNERS IN EDUCATION"

**Commission Des Ecoles De La Paroisse De St. Martin**

008024-000020

## PART 1: CLAIMING PARTY INFORMATION

NAME:

CALCASIEU PARISH SCHOOL BOARD

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):

*(last four digits of SSN)*

F.E.I.N. (Business Claimants)

72 - 6000235

Other names by which claiming party has been known (such as maiden name or married name):

*First*  *MI*  *Last*

*First*  *MI*  *Last*

GENDER: ☐ MALE  ☐ FEMALE

Mailing Address:

1724 KIRKMAN
*Street Address*

LAKE CHARLES
*City*

LA
*State*
*(Province)*

70601
*Zip Code*
*(Postal Code)*

USA
*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

BAGGETT MCCALL BURGESS WATSON & GAUGHAN

Name of Attorney:

ROBERT
*First*

C
*MI*

MCCALL
*Last*

Mailing Address:

3006 COUNTRY CLUB ROAD
*Street Address*

LAKE CHARLES
*City*

LA
*State*
*(Province)*

70605
*Zip Code*
*(Postal Code)*

Telephone:

(337) 478-8888
*Area Code*

REC'D MAR 2 8 2003

WR Grace    PD.5.19.947
00008034
SR=551

9276101

SERIAL #

008034-000002

**A.** **Real Property For Which A Claim Is Being Asserted (continued)**

If yes, please specify the dates and description of such renovations.

| Year | | |
|---|---|---|
| 1988 | Description | ENCAPSULATION OF APPROX. 2500 SQ. FT. OF ACM |

| Year | | |
|---|---|---|
|  | Description | ROUTINE MAINTENANCE MAY HAVE OCCURRED AFFECTING THE ASBESTOS |

| Year | | |
|---|---|---|
|  | Description |  |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes      ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | | |
|---|---|---|
|  | Description | IT IS POSSIBLE THAT SOME SMALL (SEE ATTACHED CONTINUED RESPONSE) |

| Year | | |
|---|---|---|
|  | Description |  |

| Year | | |
|---|---|---|
|  | Description |  |

**B.** **Claim Category**

12. For which category are you making a claim on the property?

☒ Category 1:  Allegation with respect to asbestos from a Grace product in the property

☐ Category 2:  Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

• If you checked Category 1 in question 12, complete section C.
• If you checked Category 2 in question 12, complete section D.

**C.** **Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property**

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation

☒ Other      Specify: ZONOLITE ACOUSTICAL PLASTIC

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

1951      ☐ I did not install the product(s)
Year

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| Year |
|---|
|  |   ☐ Don't know.

9276103                                          **SERIAL #**

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes    ☒ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> A REASONABLE EFFORT HAS BEEN UNDERTAKEN TO LOCATE HISTORICAL/CONSTRUCTION DOCUMENTS RELATED TO THE PURCHASE/INSTALLATION OF THE PRODUCT, AS WELL AS OTHER SUPPORTING DOCUMENTS. IF AVAILABLE, THEY HAVE BEEN ATTACHED. CLAIMANT RETAINED AN ARCHITECT TO DESGIN THE BUILDING, AND TO ADMINISTER THE CONTRACT FOR CONSTRUCTION. THE GENERAL CONTRACTOR SELECTED SUBCONTRACTORS FOR MANY PHASES OF CONSTRUCTION, INCLUDING INSTALLATION OF THE FIREPROOFING MATERIALS. (SEE ATTACHED CONTINUED RESPONSE)

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

**1988**
Year

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> AN ASBESTOS INSPECTION SURVEY WAS CONDUCTED, BULK SAMPLES WERE TAKEN, AND LABORATORY ANALYSIS DETERMINED ACM. DOCUMENTATION OF TESTING FOR ACM REQUIRED BY EPA PRIOR TO AHERA CANNOT BE LOCATED ALTHOUGH A SEARCH IS CONTINUING AND DOCUMENTS DISCOVERED WILL BE PROVIDED. ASBESTOS ENVIRONMENTAL CONTROL, INC. CONDUCTED AHERA INSPECTION SURVEYS OF ALL SCHOOLS IN APPROXIMATELY 1988.

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

**1988**
Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> SEE ANSWER TO NO. 19. HOWEVER, CLAIMANT DID NOT KNOW THE MATERIAL WAS A GRACE PRODUCT UNTIL THE MATERIAL WAS ANALYZED TO DETERMINE THE IDENTITY OF THE MANUFACTURER OF THE ACM. A COPY OF THE ANALYSIS IS ATTACHED.

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> GENERALLY, ABATEMENT DOCUMENTS CORRESPONDING TO THE FOLLOWING CATEGORIES ARE ATTACHED TO THE EXTENT AVAILABLE 1. SUMMARY 2. SURVEY REPORT 3. REMOVAL SPECIFICATIONS 4. CONTRACTOR SUBMITTALS (CONTRACTOR'S LICENSE, EPA NOTIFICATION, LIABILITY INSURANCE, WASTE DISPOSAL MANIFEST, (SEE ATTACHED CONTINUED RESPONSE)

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No

9276104

SERIAL #⌐

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| 1988 | Description | ENCAPSULATION OF ACM |
| Year | | |

| | Description | ROUTINE MAINTENANCE; HOWEVER, DOCUMENTS HAVE NOT BEEN LOCATED. |
| Year | | |

| | Description | |
| Year | | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes    ☐ No    **If Yes, Attach All Documents Related To Any Testing Of The Property.**

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

PLEASE SEE RESPOSNE TO QUESTIONS 18, 19, 21, and 23. (SEE ATTACHED CONTINUED RESPONSE)

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | Company/Individual | |
| Year | Type of testing: | |

| | Company/Individual | |
| Year | Type of testing: | |

| | Company/Individual | |
| Year | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes    ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | Description | GRACE'S ACM CAN BE DISTURBED BY ACTIVITIES (SEE ATTACHED CONTINUED RESPONSE) |
| Year | | |

| | Description | SEE RESPONSE NOS. 10, 19, 21, 22, 23 AND 25. |
| Year | | |

| | Description | |
| Year | | |

9276105

**SERIAL #**

008034-000008

## PART 1:  CLAIMING PARTY INFORMATION

NAME:

LASALLE PARISH SCHOOL BOARD

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):

*(last four digits of SSN)*

F.E.I.N. (Business Claimants)

72 - 6000656

Other names by which claiming party has been known (such as maiden name or married name):

*First*                                    MI  *Last*

*First*                                    MI  *Last*

GENDER:  ☐ MALE   ☐ FEMALE

Mailing Address:

3012 NORTH 1ST STREET

*Street Address*

JENA

*City*

LA

*State (Province)*

71342

*Zip Code (Postal Code)*

USA

*Country*

## PART 2:  ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

BAGGETT MCCALL BURGESS WATSON & GAUGHAN

Name of Attorney:

ROBERT

*First*

C  MCCALL

MI  *Last*

Mailing Address:

3006 COUNTRY CLUB ROAD

*Street Address*

LAKE CHARLES

*City*

LA

*State (Province)*

70605

*Zip Code (Postal Code)*

Telephone:

(337) 478 - 8888

*Area Code*

REC'D MAR 2 8 2003

WR Grace        PD.5.19.940
00008027
SR=550

9276101

SERIAL #

008027-000002

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes    ☒ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

A REASONABLE EFFORT HAS BEEN UNDERTAKEN TO LOCATE HISTORICAL/CONSTRUCTION DOCUMENTS RELATED TO THE PURCHASE/INSTALLATION OF THE PRODUCT, AS WELL AS OTHER SUPPORTING DOCUMENTS. IF AVAILABLE, THEY HAVE BEEN ATTACHED. CLAIMANT RETAINED AN ARCHITECT TO DESIGN THE BUILDING, AND TO ADMINISTER THE CONTRACT FOR CONSTRUCTION. THE GENERAL CONTRACTOR SELECTED SUBCONTRACTORS FOR MANY PHASES OF CONSTRUCTION, INCLUDING INSTALLATION OF THE FIREPROOFING MATERIALS. (SEE ATTACHED CONTINUED RESPONSE)

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

**1988**
*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

AN ASBESTOS INSPECTION SURVEY WAS CONDUCTED, BULK SAMPLES WERE TAKEN, AND LABORATORY ANALYSIS DETERMINED ACM. DOCUMENTATION OF TESTING FOR ACM REQUIRED BY EPA PRIOR TO AHERA CANNOT BE LOCATED ALTHOUGH A SEARCH IS CONTINUING AND DOCUMENTS DISCOVERED WILL BE PROVIDED. ASBESTOS ENVIRONMENTAL CONTROL, INC. CONDUCTED AHERA INSPECTION SURVEYS OF ALL SCHOOLS IN APPROXIMATELY 1988.

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

SEE ANSWER TO NO. 19. HOWEVER, CLAIMANT DID NOT KNOW THE MATERIAL WAS A GRACE PRODUCT UNTIL THE MATERIAL WAS ANALYZED TO DETERMINE THE IDENTITY OF THE MANUFACTURER OF THE ACM. A COPY OF THE ANALYSIS IS ATTACHED.

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

GENERALLY, ABATEMENT DOCUMENTS CORRESPONDING TO THE FOLLOWING CATEGORIES ARE ATTACHED TO THE EXTENT AVAILABLE 1. SUMMARY 2. SURVEY REPORT 3. REMOVAL SPECIFICATIONS 4. CONTRACTOR SUBMITTALS (CONTRACTOR'S LICENSE, EPA NOTIFICATION, LIABILITY INSURANCE, WASTE DISPOSAL MANIFEST, (SEE ATTACHED CONTINUED RESPONSE)

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☐ No

9276104

SERIAL #⌐

1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

5  JEFFERSON PARISH
   SCHOOL BOARD, et al

6  VERSUS                              CIVIL ACTION
                                       NO. 88-3844
7  W. R. GRACE AND COMPANY,            SECTION "F" (2)
   NATIONAL GYPSUM COMPANY and
8  UNITED STATES GYPSUM COMPANY

9

10

11                  Volume I of the 30(b)(6)
12  deposition of DONALD B. PFEFFERLE, 2714
    Bell Street, New Orleans, Louisiana 70119,
13  taken in the offices of MESSRS. HOUSE,
    LOONEY, GOLDEN, KINGSMILL & RIESS, 2100
    Energy Centre, 1100 Poydras Street, New
14  Orleans, Louisiana, on Tuesday, September
    4, 1990.
15

16

17  APPEARANCES:

18
        MESSRS. DENECHAUD & DENECHAUD
19      BY: THOMAS A. RAYER, ESQUIRE
        1412 Pere Marquette Building
20      New Orleans, Louisiana 70112
                ATTORNEYS FOR PLAINTIFFS
21

22      MESSRS. HOUSE, LOONEY, GOLDEN,
        KINGSMILL & RIESS
23      BY: VIRGINIA LOCOCO
        2100 Energy Centre
24      1100 Poydras Street
        New Orleans, Louisiana 70163
25              ATTORNEYS FOR NATIONAL GYPSUM
                COMPANY

ARCH 03313

134

1         BY MS. ARRAS:

2         Q.        This is a July 22, 1981,

3    letter from Gary Allen of Sun Belt

4    Associates regarding analysis of spray-on

5    ceiling material at St. Louise School which

6    contained 15 percent chrysotile asbestos,

7    so the sample would have been taken even

8    earlier than July 22 of '81, is that

9    correct, because that is when the results

10   were transmitted?

11        A.        It would have been taken

12   before it could have been sent in to the

13   laboratory.

14        Q.        Yes, I would assume as much.

15        A.        I'm just trying to get these

16   things back in alphabetical order.

17        Q.        Do you have anything about

18   Chinchuba?

19        A.        Yes.  I have something on

20   that too.

21        Q.        I think that would be the

22   non-saint file.

23        A.        Non-saints.  Chinchuba was

24   not a saint.

25                  (Discussion off the record).

ARCH 03446

135

1        A.        You asked about tabulations.

2    This is one on Shaw.  I don't usually have

3    a lot of these.  That is when I

4    square-footed the area (handing).

5        BY MS. ARRAS:

6        Q.        Oh, I see.

7        A.        Seton Academy, Chapelle High

8    School; where the heck is Chinchuba?

9                  This one was in '82,

10    Chinchuba.  Wait.  Here is another.  Oops,

11    some more.  This identifies the rooms, too

12    (handing).  Some of them were more thorough

13    than others.

14        Q.        It would appear that samples

15    were taken at Chinchuba Institute for the

16    Deaf on -- sometime prior to February 3rd,

17    1982, since that was the date that they

18    were received by the University of New

19    Orleans, Department of Biological Sciences,

20    Electron Microscope Laboratory.  In fact,

21    there is a transmittal letter from

22    Chinchuba dated February 21, 1983, that

23    begins, in January, 1982, we took three

24    samples.

25        A.        Wait.  She is referring to

ARCH 03447

136

1    these things, you see (indicating).

2         Q.      Yes, the samples were taken

3    in January of '82.

4         A.      That is earlier than this

5    whole bunch here (indicating).

6         Q.      Right.

7         A.      Yes.

8         Q.      And other than St. Louise de

9    Marillac and Chinchuba, are you aware of

10   any of the other schools that did testing

11   prior to April of '82?

12        A.      No, that is the only ones I'm

13   aware of.

14        Q.      Is it possible that pastors

15   could have had this analysis done earlier

16   and not communicated it to the Archdiocese?

17        A.      It would be rare.

18        Q.      But it's possible?

19        A.      It's possible but not

20   probable.

21        Q.      This came from the Shaw

22   non-saint file (handing).

23        A.      Non-saints.  It was probably

24   just right in here (indicating).

25        Q.      Turning, then, to the AHERA

ARCH 03448

1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF LOUISIANA

3

4    JEFFERSON PARISH                CIVIL ACTION
     SCHOOL BOARD, et al            NO. 88-3844
5
     VERSUS
6
     W.R. GRACE AND COMPANY,        SECTION "F"(2)
7    NATIONAL GYPSUM COMPANY
     and UNITED STATES GYPSUM
8    COMPANY
                                    NOV 26
9

10        Deposition of JOHN C. RICE, JR., 7225
11   Sardonyx Street, New Orleans, Louisiana
     70124, taken in the offices of PHELPS,
12   DUNBAR, MARKS, CLAVERIE & SIMS, 30th Floor,
     400 Poydras Street, New Orleans, Louisiana
13   70130, on Thursday, the 15th day of
     November, 1990.
14

15

16

17   APPEARANCES:

18        DENECHAUD & DENECHAUD
          (BY:  THOMAS A. RAYER, ESQ.)
19        1412 Pere Marquette Building
          New Orleans, Louisiana  70112
20
               ATTORNEYS FOR THE PLAINTIFFS
21

22

23

24                                  ARCH 05468

25

1    I was working at the Louisiana Catholic

2    Conference level.

3          Q.        Now, that would be the

4    superintendents of all the --

5          A.        Catholic schools.

6          Q.        In the State of Louisiana?

7          A.        In the State of Louisiana.

8          Q.        So that would impact on 33

9    civil parishes; is that what you were

10   talking about?

11         A.        Right.  See, here, I state in

12   the draft to them that this was something

13   that concerned construction before 1972.

14   When the attorney asked me that, I said, I

15   don't know, I don't remember what year it

16   was.  I remember there was an effective

17   date of asbestos that was used after a

18   given period of time, but I didn't remember

19   what that year was.

20         Q.        So the purpose of this letter

21   was to send it to all the --

22         A.        To get authorization to send

23   this (indicating).

24         Q.        And that second letter, which

25   apparently was finally -- it was actually

ARCH 05493

31

1    referred to was marked Rice No. 1 for

2    identification and is attached hereto).

3

4          BY MS. ARRAS:

5          Q.        In the last paragraph of your

6    April 5th, 1982 letter to the

7    superintendents, you indicate, I quote,

8    although you received copies of Act 268

9    last summer, I am attaching also a topical

10   summary for your convenience.

11          That means you would have

12   distributed, in the summer of '81, a copy

13   of Act 268 to the superintendents?

14          A.        I would assume so, yes.  As I

15   said, I don't remember dates.  You see,

16   when we reviewed the legislation, I worked

17   with the two people who represented the

18   Louisiana Catholic Conference up here, and

19   their concern was anything from infants to

20   old age, including cemetaries, so if

21   legislation appeared to impact on the

22   schools, we sent copies of that to the

23   schools, so I would have included that in

24   any normal distribution that I would have

25   made to the superintendents.          ARCH 05498

1      Q.      Now, subsequent to your mail

2  in to the superintendents, we have found

3  this document dated April 26th, 1982, again

4  on Louisiana Catholic Conference

5  letterhead, addressed to Catholic School

6  Principals from John C. Rice, ᵗr.,

7  Associate Superintendent for Government

8  Programs, Subject, Asbestos Detection

9  Testing.

10     Does that look at all

11  familiar to you?

12     A.      Yes, because it's probably

13  the -- this is nothing more than the retype

14  of the original draft.

15     Q.      All right. Now, I draw your

16  attention to the -- I think there is a

17  postscript at the bottom. It states,

18  quote, I'm aware that some of you, acting

19  on my earlier information, have already

20  tested. It is not necessary to retest.

21     Do you recall why you added a

22  postscript?

23     A.      It could have been at -- I'm

24  speculating because I really don't know.

25  It could have been, at a meeting, general

ARCH 05499

# Louisiana Catholic Conference

April 5, 1982

John C. Rice
Associate Director/
Superintendent
Office of Government Programs
7887 Walmsley Ave.
New Orleans, La. 70125

**TELEPHONE**
(504) 861-9521

TO:      Superintendents

FROM:   John C. Rice, Jr.
        Associate Superintendent for Government Programs

SUBJ:   Educational Facilities - Asbestos Detection Program

Act No. 268 of the 1981 Regular Session of the Louisiana Legislature
established the above-named program to create a mechanism for the
detection of friable asbestos in approved elementary and secondary
schools.

I am proposing to send the attached letter with enclosures to each
school. Please advise Howard of any needed corrections, additions,
deletions.

Although you received copies of Act 268 last summer, I am attaching
also a topical summary for your convenience.

**BOARD OF DIRECTORS**

Most Rev. Philip M. Hannan
Archbishop of New Orleans

Most Rev. Gerard L. Frey
Bishop of Lafayette

Most Rev. Lawrence P. Graves
Bishop of Alexandria-Shreveport

Most Rev. Joseph V. Sullivan
Bishop of Baton Rouge

Most Rev. Warren L. Boudreaux
Bishop of Houma-Thibodaux

Most Rev. Jude Speyrer
Bishop of Lake Charles

Most Rev. Harold R. Perry
Auxiliary, New Orleans

Most Rev. Stanley J. Ott
Auxiliary, New Orleans

Most Rev. William B. Friend
Auxiliary, Alexandria-Shreveport

Most Rev. Nicholas D'Antonio
Vicar General, New Orleans

Enclosures

JCR:db

ARCH 05519

Rice 1

October 7, 1982

TO:        All Pastors & Principals
FROM:   Howard Jenkins & Leonard Fine
RE:        Asbestos

Dear Pastors & Principals:

Attached is a list of required actions on your part relating to "Friable Asbestos-Containing Materials" in schools.

It is mandatory that the attached list of instructions be followed exactly.

If additional information or assistance is needed, please feel free to call Leonard Fine at the Office of Education.

Please respond to number four (4) in writing as soon as you have all the information needed.

Thank you for your usual excellent cooperation.

Sincerely,

Howard Jenkins
Superintendent

Leonard J. Fine
Assistant Superintendent for
    Business Management

HJ:jc

enclosure



ARCH 02607

**Archdiocese of New Orleans ● Department of Education**
7857 Wormsley Avenue New Orleans, Louisiana 70125 / Phone (504) 861-9521

TO:    ADMINISTRATORS OF CATHOLIC ELEMENTARY AND SECONDARY SCHOOLS IN THE
       ARCHDIOCESE OF NEW ORLEANS

*Copy of final draft delivered*
*To L. Fine 10/5/8○.*

RE:    Friable Asbestos-Containing
       Materials in Schools; Inspection
       Sampling, and Analyzing

A rule issued by the EPA affecting all public and private elementary and
secondary schools requires the following action on your part be completed
by May 27, 1982:

1.    Inspect all areas of school buildings for friable asbestos-containing
      materials.

      a.    Friable materials means any material applied onto walls,
            ceilings, structural members, piping, ductwork, or other
            parts of the buildings, which materials, when dry, may be
            crumbled, pulverized, or reduced to powder by hand pressure.
            Such material has usually been spray applied, and is
            generally textured or fluffy (not smooth), and easily marred,
            even by finger tip touch.

      b.    Inspection shall consist of looking for an touching all
            suspect materials, including surfaces concealed behind
            suspended accessible ceilings.  <u>Not all friable material
            contains asbestos, but all friable material is suspect
            and must be tested.</u>

      c.    All areas of school buildings means:
            classrooms, libraries, rest rooms, lounges, administrative
            rooms, corridors, stairways, cafeterias, gymnasiumns,
            assembly halls, dormitories, and maintenance, storage, or
            utility facilities essential to all such areas.

2.    If friable materials are present, take at least three samples from
      locations distributed throughout the area of friable materials,
      and label each sample container with a number, or reference code,
      that will enable you to identify each sample with respect to building
      and location within the building.  Keep a record of this identification
      code in your files.

      a.    Samples shall be taken using small sealable containers,
            such as pill containers, film containers, plastic or glass
            jars.

      b.    Samples shall penetrate the depth of the friable material to
            the hard under-surface.

      c.    If it appears to you that the same type of friable material
            exists throughout the buildings, or in several locations in
            the buildings, there is no need to sample each room.  The
            required three samples should be taken one from each of three
            representative areas, i.e. classroom, corridor, cafeteria.

ARCH 02608

    c.    Usually friable materials found on walls and ceilings is different from that used on structural members, piping, or ductwork. Each different type must be sampled.

3.    Have all samples analyzed for asbestos, using Polarized Light Microscopy, by an approved laboratory.

    a.    In all areas within the Archdiocese of New Orleans, samples will be analyzed without charge by contacting Dr. Roy Baerwald of the Biological Science Department of the University of New Orleans. (286-6307).

    b.    The samples that you furnish to the testing laboratory for analysis should be accompanied by a letter of transmittal when you forward or deliver the samples, and a copy of that letter should be kept in your files.

4.    It is required that you file with this office a report, or reports, showing the dates and results of your inspection, the dates when samples were taken and when they were transmitted for testing, and a copy of the report of the sample analysis furnished to you by the testing laboratory.

To aid you in locating and recognizing the type of material in question, the following general information should be helpful:

    a.    Schools built or renovated during the period following World War II to 1978 could possibly have asbestos-containing materials. Prior to and after that period it would be highly unlikely.

    b.    If present, it would usually be found on ceilings and on steel support beams and columns.

    c.    It is usually light beige or light gray in color, and seldom painted.

    d.    On steel the material has a fluffy or spongy appearance.

    e.    On ceilings, or walls, it would have an irregular, soft surface; or a uniformly textured, fairly firm surface. Where it is reachable, it would usually be found damaged or marked by the building occupants, especially in stair-wells.

    f.    Ceiling tiles, and hard, painted plaster ceilings are not friable, and should be of no concern.

You are encouraged to contact the Building Commission of the Archdiocese should you need assistance or further information.

ARCH 02609

## PART 1: CLAIMING PARTY INFORMATION

NAME:

Roman Catholic Church Archdiocese New Orleans

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**          **F.E.I.N. (Business Claimants)**

*(last four digits of SSN)*          72 - 0408960

Other names by which claiming party has been known (such as maiden name or married name):

Archdiocese of          New Orleans

*First*          *MI*          *Last*

*First*          *MI*          *Last*

**GENDER:** ☐ MALE   ☐ FEMALE

Mailing Address:

7887 Walmsley Ave.

*Street Address*

New Orleans          LA   70125

*City*          *State*   *Zip Code*
          *(Province)*   *(Postal Code)*

USA

*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

Dies & Hile L.L.P.

Name of Attorney:

Martin          W   Dies

*First*          *MI*   *Last*

Mailing Address:

1009 West Green Ave.

*Street Address*

Orange          TX   77630

*City*          *State*   *Zip Code*
          *(Province)*   *(Postal Code)*

Telephone:

(409) 883 - 4396

*Area Code*

WR Grace          PD.6.22.1086
          00008359
SR=557

REC'D MAR 2 8 2003

9276101          SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes    ☒ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> See attached response

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

**1983**
*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> See attached response

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

**1990**
*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> See attached response

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes    ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> See response to Question 10

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☐ Yes    ☒ No

**9276104**

**SERIAL #**

## PART 1: CLAIMING PARTY INFORMATION

**NAME:**

Roman Catholic Church Archdiocese New Orleans

*Name of individual claimant (first, middle and last name) or business claimant*

**SOCIAL SECURITY NUMBER (Individual Claimants):**  **F.E.I.N. (Business Claimants)**

72-0408966

*(last four digits of SSN)*

Other names by which claiming party has been known (such as maiden name or married name):

Archdiocese

*First*   *MI*   of New Orleans *Last*

*First*   *MI*   *Last*

**GENDER:** ☐ MALE  ☐ FEMALE   ■

**Mailing Address:**

7887 Walmsley Avenue

*Street Address*

New Orleans

*City*   LA *State (Province)*   70125 *Zip Code (Postal Code)*

USA

*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

**Law Firm Name:**

Dies & Hille LLP

**Name of Attorney:**

Martin

*First*   W *MI*   Dies *Last*

**Mailing Address:**

1009 West Green Ave

*Street Address*

Orange

*City*   TX *State (Province)*   77630 *Zip Code (Postal Code)*

**Telephone:**

(409) 883-4396   ■

*Area Code*

REC'D MAR 2 8 2003

WR Grace     PD.6.22.1091
00008364
SR=558

9 2 7 6 1 0 1

**SERIAL #**

008365-000002

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

    _ Yes    ☒ No

    If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

    If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

    > See attached response

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

    | 1 | 9 | 8 | 3 |
    Year

    Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

    If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

    > See attached response

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

    | 1 | 9 | 9 | 0 |
    Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

    > See attached response

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

    ☒ Yes    ☐ No

    If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

    If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

    > See Response to Question #10

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

    ☐ Yes    ☒ No

9276104                                    SERIAL #⌋