AO 88 (Rev. 1/94) Subpoena In a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI (SOUTHERN DIVISION)

In Re:  W.R. Grace Co., *et. al.*

## SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

v.

CASE NUMBER:[1]  **01-1139**
United States Bankruptcy Court
District of Delaware (Wilmington)

TO:   N&M, Inc.
      Heath Mason, Agent for Process
      2810 Andrew Avenue
      Pascagoula, MS 39567

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

XX☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 2810 Andrew Avenue Pascagoula, MS 39567, or at another location agreed upon by you and the Issuing Officer of this subpoena, identified below.  This deposition will be videotaped and stenographically recorded. | 12/19/2005  10:00 A.M. CST |

XX☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Exhibit "A" and "B" regarding the documents and/or objects to be produced and the scope of the production.

| PLACE | DATE AND TIME |
|---|---|
| 2810 Andrew Avenue Pascagoula, MS 39567, or at another location agreed upon by you and the Issuing Officer of this subpoena, identified below. | 12/19/2005  10:00 A.M. CST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Amanda Basta* | 11/21/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
   Amanda Basta, Esq., Kirkland & Ellis LLP
   655 Fifteenth Street, N.W. , Washington, D.C.  20005-5793
   Telephone: 202.879.5933
   (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 12/09/2005 | Gulf State Supply 6016 Hwy 63 Pascagoula, MS |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Charlis Heath Mason | Hand Delivered |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Joseph Wisnoski | Private Investigator |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___12_/_09_/_05___
DATE

SIGNATURE OF SERVER

PO Box 491
ADDRESS OF SERVER

Ridgeland MS  39158-0471

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

In re:                                )
                                      )
W. R. GRACE & CO., *et al.*,           )     **Case No.  01-1139**
                                      )     **United States Bankruptcy Court**
                                      )     **District of Delaware (Wilmington)**
            Debtors.                  )

## NOTICE OF DEPOSITION

**TO:**      N&M, Inc.
            Heath Mason, Agent for Process
            2810 Andrew Avenue
            Pascagoula, MS 39567


**DATE &**   DECEMBER 19, 2005 AT 10:00 A.M.
**TIME:**

**PLACE:**   2810 Andrew Avenue
            Pascagoula, MS 39567


     **YOU ARE COMMANDED TO APPEAR** to testify at a deposition in the matter styled *In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JKF), currently pending in the United States Bankruptcy Court, District of Delaware, to be conducted at 2810 Andrew Avenue, Pascagoula, MS 39567 on December 19, 2005 at 10:00 A.M., or at such other time and place mutually agreed upon by counsel for the parties. The deposition(s) will continue from day-to-day until complete. The deposition(s) will be taken before an official authorized by law to administer oaths, and, pursuant to Federal Rule of Civil Procedure 30(b)(2), will be recorded by both stenographic means and sound-and-visual means.

This Subpoena names as the deponent a private corporation or partnership or association. Pursuant to Federal Rule of Civil Procedure 30(b)(6), N & M, Inc., is required to identify and produce for deposition one or more officers, directors, managing agents, or other agents and employees to testify on its behalf, who are most knowledgeable as to the following matters known and reasonably available to N & M, Inc.:

(1) Medical Services or Screening Services provided to any Claimant,[1]

(2) practices and procedures for providing Screening Services for an Asbestos- or Silica-Related Disease or condition, including, but not limited to, the taking of occupational and/or exposure histories, and criteria for diagnosing an Asbestos- or Silica related disease or condition;

(3) any investigation, or review, of N & M, Inc.'s practices and procedures for providing Screening Services for an Asbestos - or Silica-Related Disease or condition, conducted by any health-related agency or regulatory body, authority, governmental agency or body (including, but not limited to, the United States Congress), claims services, service provider, or claims manager;

(4) correspondence or documents, or instructions and criteria (whether written or oral), provided to N & M, Inc., by a Claimants' Firm related to the provision of Screening Services for an Asbestos-Related Disease or condition, including, but not limited to, the evaluation and diagnosis of an Asbestos-Related Disease or condition;

(5) contracts, financial arrangements, or other agreement for any form of compensation between N & M, Inc., and any Claimants' Firm, Doctor or another Screening Company related to the provision of Screening Services for an asbestos or silica related disease or condition, including, but not limited to, financial incentives or bonuses offered and/or provided;

(6) practices and procedures for the referral of asbestos-related matters to, and from, any Claimants' Firm, Doctor or another Screening Company; and

(7) advertising and marketing practices.

---

[1]  For purposes of this subpoena, the terms "Asbestos-Related Disease," "Claimant," "Claimants' Firm," "Doctor," "Screening Company," "Medical Services," "Screening Services," "Silica-Related Disease") "Document," and "Related to," are to be given the meanings set forth in the Definitions and Instructions contained in Attachment "A."

N & M, Inc., is requested to provide to the undersigned counsel for W.R. Grace & Co. a written designation of the name(s) and employment title(s) of the person(s) designated to testify on its behalf. Such written designation is requested at least two weeks before the first deposition scheduled as a result of this Subpoena.

**YOU ARE FURTHER COMMANDED TO PRODUCE** the categories of documents set forth in Attachment "A" to this subpoena. N & M, Inc., is further requested to make the categories of documents set forth in Attachment "A" available to the undersigned counsel for W.R. Grace & Co. for inspection and copying at least two weeks before the first deposition scheduled as a result of this Subpoena.

This subpoena has been issued by the United States District Court for the Southern District of Mississippi. You must appear, give testimony, and produce all of the materials described in this subpoena and its attachments for inspection and copying and must do so at the time and place set out in this subpoena. Your failure to do so may be punished as a contempt of the United States District Court for the Southern District of Mississippi.

Pursuant to the requirements of Federal Rule of Civil Procedure 45(a)(1)(D), a copy of the provisions of Rule 45(c) and (d) of the of the Federal Rules of Civil Procedure are reproduced as an attachment to this subpoena.

Dated: November 18, 2005

3

KIRKLAND & ELLIS LLP
David M. Bernick
Jonathan Friedland
Salvatore Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

-and-

KIRKLAND & ELLIS LLP
Barbara M. Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
Paul L. McDonald
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

4

PROVISIONS OF RULE 45(c) and (d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

        (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)      fails to allow reasonable time for compliance;

        (ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial to be commanded to travel from any such place within the state in which the trial is held, or

        (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv)    subjects a person to undue burden.

(d)    DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

6

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2. "N & M," "You," or "Your" shall mean and include N & M, Inc., and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

3. "Debtors" or "Grace" shall mean and include any of the following entities, either individually or collectively:    W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace

International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

4. "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim. Such claims shall include, but are not limited to, claims for emotional harm, mental distress and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed or sold by the Debtors.

2

5. "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys, consultants, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them. "Claimant" shall include, without limitation, Persons listed in the text-searchable, electronic media file on the CD-ROM/computer disk that is Attachment B.

6. "Claimants' Firm" shall mean any lawyers who represent or represented a Claimant and their predecessors, successors, affiliates, divisions and acquired law firms thereof, and any partners, employees, agents, investigators, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of said entity.

7. "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

8. "Silica-Related Disease" shall mean any bodily injury, sickness or disease, or impairment alleged to have been caused by exposure to silica or silica-containing products.

9. "Doctor" shall mean any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated party to provide any of the following services: "B-Reading," chest x-ray reading or interpretation, performing, administering or interpreting

3

pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

10. "Screening Company" shall mean any Person who has been hired, retained, consulted, or otherwise paid on behalf of you, the Claimant or a Claimants' Firm or any affiliated party to provide any of the following services:  administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining Doctors to perform medical examinations and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

11. "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

12. "B-reading" shall mean and include, without limitation, a physician's report of finding from a Claimant's chest radiograph, using the classification system devised by the ILO.

13. "Medical Services" shall mean and include, without limitation, any and all tests or examinations which are used in the diagnosis of pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations. Such tests or examinations include, but are not limited to, "B-reading," chest x-ray reading or interpretation,, performing, administering or interpreting PFTs,

4

performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

14. "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis and/or detect pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review.  Such tests or examinations include, but are not limited to: the administration of x-rays, the PFTs, or the taking of occupational or asbestos or silica exposure histories.

15. As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

16. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

17. "Person" includes a natural person or any business, legal, or government entity or association.

18. "Identify," when used in reference to:

    a. a natural person, shall mean to state the person's full name, present or last-known home address and telephone number, present or last-known job title, employment address and telephone number.

    b. any other person, shall mean to state the person's full name and present or last known-address (designating which); and

    c. a document, shall mean to describe the document by date, author(s), addressee(s), recipient(s), title and general subject matter and content.

5

19. Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

20. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in chronological order, setting forth as to each the following: (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

21. If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

22. Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

23. References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

### REQUEST NO. 1:

All documents identifying Claimants for whom you provided Medical Services or Screening Services for asbestosis or any other Asbestos-Related Disease or condition.

6

**REQUEST NO. 2:**

All documents relating to your practices and procedures for providing Medical Services or Screening Services to any individual suspected of having Asbestos- or Silica-Related Disease, including, but not limited to, any instructions, protocols or criteria provided to you by any Claimants' Firm or Doctor.

**REQUEST NO. 3:**

All documents relating to any correspondence, contacts, relationships, agreements, business dealings, meetings, proposals or contracts between you and any Claimants' Firm or Doctor.

**REQUEST NO. 4:**

All documents relating to any correspondence, contacts, relationships, agreements, business dealings, meetings, proposals or contracts between you and any Doctor having provided Medical Services to diagnose asbestosis or any other Asbestos- Related Disease or condition, irrespective of whether the provision of those Medical Services resulted in a positive diagnosis of asbestosis or any other Asbestos-Related Disease.

**REQUEST NO. 5:**

All documents relating to any agreement or contract (whether written or oral) between you and/or any Person with whom you are affiliated (including, without limitation, any medical facility or business with whom you are affiliated), and any lawyer, labor union, Doctor, or Screening Company employee, representative, agent, or affiliate, for the provision of Medical Services or Screening Services in connection with asbestosis or any other Asbestos-Related Disease or condition, irrespective of whether the provision of those Medical Services or Screening Services resulted in a positive diagnosis for asbestosis or any other Asbestos-Related Disease.

**REQUEST NO. 6:**

All documents relating to any Medical Services or Screening Services provided by you to any Claimant, including, but not limited to, correspondence, memoranda, notes, statements, summaries, x-ray logs, reports, narratives, sign-in sheets, sign-out sheets, medical records, test results, x-rays, pictures, B-reads, diagrams, charts, photographs, invoices, billings, and receipts, irrespective of whether those Medical Services or Screening Services resulted in a positive diagnosis for Asbestos- -Related Disease.

**REQUEST NO. 7:**

All x-ray logs for the days that any Claimant was screened by you.

**REQUEST NO. 8:**

All blank form documents, including but not limited to ILO or B-reading forms or other forms on which x-ray interpretations are recorded, provided to you by any Claimants' Firm or Doctor, appearing on the Doctor's letterhead, or otherwise containing the Doctor's signature or a facsimile or stamp thereof.

**REQUEST NO. 9:**

All documents relating to, and identifying, the Person from whom you received payment for rendering Medical Services or Screening Services to any Claimant.

**REQUEST NO. 10:**

All documents relating to any compensation provided to you and/or any Person with whom you are affiliated (including, without limitation, any medical facility or business with whom you are affiliated) in connection with the provision of Medical Services or Screening Services provided to any Claimant in connection with the screening for or diagnosis of asbestosis or any other Asbestos-Related Disease or condition.

**REQUEST NO. 11:**

All documents relating to any communications between and among you, any other Person providing Medical Services or Screening Services to any Claimant, the Claimant, and/or Claimants' Firm with respect to the Medical Services or Screening Services provided to the Claimant.

**REQUEST NO. 12:**

All documents relating to any Doctor hired, retained or contracted by your company for the purpose of review, analysis, or diagnosis of any Asbestos-Related Disease or condition, including documents sufficient to show the dates of such services, total number of clients referred to such Doctor(s), and the payment structure for each Doctor, including, but not limited to, total payments per year to each Doctor.

**REQUEST NO. 13:**

All documents indicating the existence of a payment arrangement by which a Doctor would receive different fees or payments for the same matter depending on the opinion returned.

**REQUEST NO. 14:**

All calendars, date books, memoranda books, expense account records or appearance diaries or documents relating to the dates and locations of the examinations, pulmonary testings and or screenings in which you participated.

8

**REQUEST NO. 15:**

All documents describing your record keeping practices relating to the provision of Medical Services or Screening Services provided to any person for an Asbestos-Related Disease.

**REQUEST NO. 16:**

All documents relating to any current or prior notice of review from any health-related agency or regulatory body, authority, governmental agency, claims services, service provider, or claims manager that you have received related to the sufficiency, reliability and/or acceptability of your practices and procedures for providing Medical Services or Screening Services.

**REQUEST NO. 17:**

All documents relating to any current or prior legal action or proceeding where a court, adjudicating body, or judge has addressed, questioned, considered, made a determination related to, or otherwise referred to the sufficiency, reliability and/or acceptability of your practices and procedures for providing Medical Services or Screening Services.

**REQUEST NO. 18:**

All documents relating to, and identifying, any health-related agency or regulatory body, authority, governmental agency, claims services, service provider, or claims manager who has ever deemed your practices and procedures for providing Medical Services or Screening Services to be insufficient, unreliable, and/or otherwise unacceptable.

**REQUEST NO. 19:**

All documents relating to any current or preceding regulatory or disciplinary action or proceeding against you and/or any Person with whom you are affiliated (including, without limitation, any medical facility or business with whom you are affiliated) related to any Medical Services or Screening Services that you have provided.

**REQUEST NO. 20:**

All documents relating to any current or preceding legal action(s) or proceeding(s) against you related to any Medical Services or Screening Services that you have provided.

**REQUEST NO. 21:**

All documents produced or provided by you in response to any request or subpoena from the United States Congress, or any Committee or Member thereof.

**REQUEST NO. 22:**

All documents relating to the incorporation, organization, corporate structure and annual reporting of your business, including, without limitation, all past and present owners, shareholders or partners, dates of ownership or involvement, percentage of interest, current or

last known address and phone number, job title, duties and responsibilities, total compensation or profit earned, and all medical experience, training or credentials in diagnosing or treating respiratory diseases.

**REQUEST NO. 23:**

All documents indicating your application for and certifications, licensing and registration of x-ray, pulmonary testing or screening equipment, and screenings with any state or federal agency.

**REQUEST NO. 24:**

All documents reviewed and/or used by the 30(b)(6) witness designated on your behalf to prepare for the 30(b)(6) deposition noticed herewith.

10