UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., *et al.*, | § | Chapter 11 |
| | § | Jointly Administered |
| Debtors. | § | |

**OBJECTION TO DEBTORS' MOTION FOR EXPEDITED
CONSIDERATION OF AGREED MOTION FOR ENTRY OF
ORDER CONFIRMING THAT DEPOSITION TESTIMONY OF
DR. PHILIP H. LUCAS IS NOT WITHIN THE SCOPE OF THE
HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT**

**AND**

**OBJECTION TO AGREED MOTION FOR ENTRY OF ORDER
CONFIRMING THAT DEPOSITION TESTIMONY OF
DR. PHILIP H. LUCAS IS NOT WITHIN THE SCOPE OF THE
HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT**

All clients of Baron & Budd, P.C., Silber Pearlman, LLP and LeBlanc & Waddell, LLP who have retained Dr. Philip Lucas as a medical expert, whether testimonial or consulting (said clients are hereinafter referred to collectively as the "Clients"), by and through their counsel Baron & Budd, P.C., Silber Pearlman, LLP and LeBlanc & Waddell, LLP, file this their (1) Objection to Debtors' Motion for Expedited Consideration of Agreed Motion for Entry of Order Confirming That Deposition Testimony of Dr. Philip H. Lucas Is Not Within the Scope of the Health Insurance Portability and Accountability Act; and (2) Objection to Agreed Motion for Entry of Order Confirming That Deposition Testimony of Dr. Philip H. Lucas Is Not Within the Scope of the Health Insurance Portability and Accountability Act, and would show as follows:

1.      The Clients object to the heated rush of this process.  HIPPA is a very complex statute, and no court has rendered a cogent opinion on the issue of whether a doctor who otherwise is clearly a provider of heath care, is nevertheless outside the purview of HIPPA simply because his or her diagnosis is not done strictly for purposes of "treatment."

2.      The instant motion should be placed on a far more deliberate track and given the time, briefing, analysis and attention a complex and important question such as this one deserves.  Due Process demands no less.  Therefore, the hearing should be adjourned and a reasonable briefing schedule should be established.

3.      In the event the Court chooses to go forward on what, given the crush of time and the circumstances is really an uncontested motion, the Court should make sure that any order it enters is careful to reflect that fact, and to make sure that the bench and bar are aware that the Order is not "binding" on anyone other than the parties who moved, not precedential, leaving everyone, including the Court, free to deliberate deliberately when a similar motion is presented in a truly adversary form.

4.      On its merits, the Motion seeks relief to which the parties are not entitled.  Dr. Lucas and his reports are indeed covered by the HIPPA statute.  Indeed, the statutory language is so clear, that a brief reminder of the rules of statutory construction are in order.  As the Supreme Court has stated: "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982) (internal quotation marks omitted).  If the language is clear, then "the inquiry should end." *United States v. Ron Pair Enterprises*, 489 U.S.

235, 241 (1989).

5. The Debtors' position set forth in paragraph 7 of their agreed motion rises and falls on their assumption that under 45 C.F.R. §160.102(3), Dr. Lucas is not "A health care provider." He is, however, a health care provider under HIPPA.

6. As the regulations clearly state: "A covered entity [such as a "health care provider"] may not disclose protected health information..." 45 C.F.R. § 164.502(a).

7. The regulations define health care provider as follows:

**Health care provider means** a provider of services (as defined in section 1861(u) of the Act, 42 U.S.C. 1395x(u)), **a provider of medical or health services (as defined in section 1861(s) of the Act, 42 U.S.C. 1395x(s)**), and any other person or organization who furnishes, bills, or is paid for health care in the normal course of business.

45 C.F.R. §160.103. Thus, under HIPPA, a person or organization is a "health care provider" if it provides any of the medical or health services listed or described in 42 U.S.C. §1395x(s).

8. Section 1395x(s) is expansive, and covers the waterfront of medical services. Citation to just a few of its provisions is sufficient to show that Dr. Lucas is a "health care provider":

(s) Medical and other health services

The term "medical and other health services" means any of the following items or services:

    (1) physicians' services;

....

    (3) diagnostic X-ray tests (including tests under the supervision of a physician, furnished in a place of residence used as the patient's home, if the performance of such tests meets such conditions relating to health and safety as the Secretary may find necessary and including diagnostic mammography if conducted by a facility that has a certificate (or

**OBJECTION TO DEBTORS' MOTION FOR EXPEDITED CONSIDERATION OF AGREED MOTION, AND OBJECTION TO AGREED MOTION (HIPPA/Dr. Lucas) – Page** 3

provisional certificate) issued under section 354 of the Public Health Service Act [42 U.S.C.A. § 263b], diagnostic laboratory tests, and other diagnostic tests.

42 U.S.C. §1395x(s)

9. Since Dr. Lucas is a physician, he is a health care provider. Since Dr. Lucas performed diagnostic X-rays tests, he is a health care provider. There is absolutely no basis, as intimated by the Debtors' motion, to believe that a person is exempted from HIPPA because the medical services performed are diagnostic, versus therapeutic. That distinction is no where in the statute and would be silly policy besides. Surely, a medical provider cannot put someone's medical test results in the New York Times simply because the individual has no intention of getting any treatment based on those tests.

WHEREFORE, this court should deny the motion in all respects.

Respectfully Submitted,

BARON & BUDD, P.C.

By: _____/s/_____
Alan B. Rich
Texas State Bar No. 16842350

3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75247
(214) 521-3605
(214) 520-1181 (Fax)

Attorneys for the Clients of
Baron & Budd, P.C., Silber Pearlman, LLP
and LeBlanc & Waddell, LLP

CERTIFICATE OF SERVICE

I certify that on this 19th day of February, 2007, a true and correct copy of this document was served through the ECF system.

                                                                 /s/
                                                 Alan B. Rich