IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.* | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Re: Docket No. 14523 |

**REPLY IN SUPPORT OF DEBTORS' AGREED MOTION FOR
ENTRY OF AN ORDER CONFIRMING THAT DEPOSITION TESTIMONY
OF DR. PHILIP H. LUCAS IS NOT WITHIN THE SCOPE OF THE
HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT**

Grace's motion, to which Dr. Lucas agrees, simply confirms that Dr. Lucas cannot invoke the Health Insurance Portability And Accountability Act ("HIPAA") to avoid providing deposition testimony as requested in the subpoena served on February 13, 2006. Because Dr. Lucas initially objected to providing deposition testimony on the basis of HIPAA, the motion is, in essence, an agreed-upon motion to compel resolving the specific issue of HIPAA's lack of applicability. The Official Committee of Asbestos Personal Injury Claimants ("ACC") takes no position on the merits of the motion. Because there is no objection to the merits of this agreed motion, the relief sought by Grace (and agreed to by Dr. Lucas) -- an order confirming that HIPAA does not apply to Dr. Lucas's requested testimony -- should be granted. Similar HIPAA motions have been routinely granted in the asbestos multi-district litigation. *See In re Asbestos Products Liability Lit. (No. VI)*, (E.D. Pa., 01-00875) Dkt. Nos. 4535 (order re Dr. Dominic Gaziano); 4416 (order re Dr. James P. Krainson); 4417 (order re Dr. Robert J. Mezey); and 4435 (order re Respiratory Testing Services); *see also* Dkt. No. 4418 (agreed order re Innervisions Inc. and Innervisions Medical Services entered without motion). Copies of the motions and orders are attached hereto as <u>Exhibit A</u>.

Rather than take a position on the merits of the motion, the ACC instead raises a diversion. It requests -- without providing *any* support -- that the motion be denied because it claims that Grace should provide notice of the motion to any claimants "who were seen or whose medical records were reviewed by Dr. Lucas." (Opp. at ¶5, Dkt. No. 14554). As discussed below, the ACC's objection is without merit. Indeed, in the above-referenced examples where the asbestos multi-district litigation granted HIPAA orders, the orders were granted without requiring notice to individual claimants. *See In re Asbestos Products Liability Lit. (No. VI)*, (E.D. Pa., 01-00875) Dkt. Nos. 4535 (order re Dr. Dominic Gaziano); 4416 (order re Dr. James P. Kranson); 4417 (order re Dr. Robert J. Mezey); 4418 (agreed order re Innervisions Inc. and Innervisions Medical Services); 4435 (order re Respiratory Testing Services).[1]

## ARGUMENT

### A. THERE IS NO OBLIGATION TO PROVIDE NOTICE TO CLAIMANTS UNDER HIPAA.

As demonstrated in the motion, HIPAA clearly is not applicable to Dr. Lucas' deposition testimony. Dr. Lucas has admitted that, in his litigation practice, he is not a "treating physician," and disavows any physician-patient relationship. *See* Lucas Dep. at 40, *Bentley v. Crane Co.*, No. 92-7655 (Miss. Cir. Ct. June 15, 2002) (attached hereto as Exhibit B) ("They are not my patients in the strictest sense of the term."); *id.* at 174 (stating that x-rays were not reviewed "[i]n the capacity as a doctor/patient."); *id.* at 175 (admitting that x-rays were reviewed on behalf of lawyers, not individual patients). Dr. Lucas evaluates litigation claimants without treating them. *See id* at 133 (stating that he does not perform a differential diagnosis in his litigation practice because the attorneys are "not trying to treat" the claimants). Thus, Dr. Lucas fails to meet the

---

[1] The certificates of service attached to the motions that led to these orders indicate service to only the subpoenaed party's counsel. *See* Exhibit A. The agreed order re Innervisions Inc. and Innervisions Medical Services was entered without a motion.

2

definition of a "covered entity" under HIPAA. (*See* Mot. at ¶¶ 4-7, Dkt. No. 14523).

Nevertheless, the ACC's assertion that Grace should provide notice of the motion to all claimants evaluated by Dr. Lucas would be baseless ***even if HIPAA did apply***. First, under HIPAA, the burden of informing the claimants would lie with Dr. Lucas as the "covered entity," not Grace as the party requesting the information. *See, e.g.*, 45 C.F.R. § 164.512 ("When the covered entity is required by this section to inform the individual of, or when the individual may agree to, a use or disclosure permitted by this section, the covered entity's information and the individual's agreement may be given orally.") The facts here demonstrate the wisdom of placing the burden on the covered entity. Having performed the services at issue, Dr. Lucas is in a far better position than Grace to identify the claimants he evaluated.[2]

Second, HIPAA would not require Dr. Lucas to receive the consent of claimants to provide the requested deposition testimony. The HIPAA framers were concerned about the need for health information to be produced in litigation. *See Bayne v. Provost*, 359 F. Supp. 2d 234, 237 (N.D.N.Y. 2005) ("[I]t is evidently denudate that a purpose of HIPAA was that health information, that may eventually be used in litigation or court proceedings, should be made available during the discovery phase."). They thus fashioned disclosure avenues to ensure that judicial proceedings would not be imperiled by confidentiality claims. *See id.* ("[HIPAA] unequivocally permits health care providers and other covered entities to disclose protected

---

[2] The absurdity of the ACC's suggestion that Grace must notify any claimants or law firms for which Dr. Lucas performed services is demonstrated by the fact that it would be impossible for Grace to provide such notice. Grace has no way of knowing all the claimants, or even all of the law firms, for which Dr. Lucas has performed screening services. By serving the parties listed on the Rule 2002 list, which includes various law firms representing Grace claimants, Grace provided the best practicable notice of the motion. This same service list was provided with notice of the subpoena itself seeking Dr. Lucas' testimony almost a year ago.

health information *without patient consent* in judicial proceedings.") (emphasis added).[3] Accordingly, even if Dr. Lucas fell within HIPAA's reach, the statute expressly allows healthcare providers to release information regarding patients when backed by a court order:

> A covered entity may disclose protected health information in the course of any judicial or administrative proceeding ... In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order ....

45 C.F.R. § 164.512(e)(1). The ACC has provided no authority to the contrary.

## B. THE ACC'S OBJECTION SHOULD BE VIEWED AS AN UNTIMELY OBJECTION TO W.R. GRACE'S FEBRUARY 2006 SUBPOENA TO DR. LUCAS.

Because the motion simply confirms that Dr. Lucas cannot invoke HIPAA to avoid sitting for deposition, the ACC's objection should be seen for what it is -- an objection to Dr. Lucas providing the information requested by the subpoena. The time for the ACC to file an objection to the subpoena has long since passed. Notice of the deposition and subpoena was filed and served on March 3, 2006. (*See* Dkt. No. 11941). Under Federal Rule of Civil Procedure 45(c), parties had 14 days to object to the subpoena. The ACC did not object during that time nor at any time until the filing of this motion. Despite being on notice for almost a year of Grace's intent to depose Dr. Lucas, the ACC now argues at this late date that individual claimants must have an opportunity to object to information sought in the subpoena. The fact that the Debtors moved for an order confirming that Dr. Lucas cannot invoke HIPAA to avoid a

---

[3] *See also Harris v. Whittington*, 2007 WL 164031, at *3 (D. Kan. 2007) ("The problem with plaintiff's objection is that a citation to HIPAA, standing alone, does not provide the court with sufficient grounds for denying defendant's request for an order to disclose medical information. HIPAA rules and regulations contemplate the disclosure and use of medical information in a judicial proceeding and defendant is properly utilizing § 164.512(e)(1)(i) to secure that information."); *see also Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925-26 (7th Cir. 2004) ("All that [HIPAA] should be understood to do, therefore, is to create a procedure for obtaining authority to use medical records in litigation. . . . We do not think HIPAA is rightly understood as an Act of Congress that creates a privilege.").

deposition does not resurrect long-stale objections to the subpoena, and provide the ACC with a vehicle to cause unnecessary delay.

## C. THE ACC LACKS STANDING TO OBJECT TO THE SUBPOENA.

Finally, the ACC does not even have standing to object to information requested in the subpoena. Courts have held that "[i]n the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *see also Sneirson v. Chemical Bank*, 108 F.R.D. 159, 160 n. 2 (D. Del. 1985) ("Ordinarily, a party has no standing to object to discovery of a nonparty. However, an exception exists where a party claims 'some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty.'") (quoting *Dart Industries, Inc. v. Liquid Nitrogen Proc. Corp. of Cal.*, 50 F.R.D. 286, 291 (D. Del. 1970). Here, the ACC disavowed any claim of privilege in its objection by stating that it "takes no position on the merits of whether HIPAA applies to Dr. Lucas' testimony or the production of any records in his possession." (Opp. at ¶4). The ACC, thus, lacks standing to object to Dr. Lucas providing information requested in the subpoena. Accordingly, the ACC cannot object to the motion confirming that Dr. Lucas is required to provide the information requested by the subpoena.

**CONCLUSION**

For the above reasons and those in the motion, Grace respectfully requests that the Court grant the motion and enter an order confirming that deposition testimony of Dr. Philip H. Lucas is not within the scope of the Health Insurance Portability And Accountability Act.

Dated: February 19, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

6