# EXHIBIT A

# Motion and Order re Dr. Dominic Gaziano

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:      ASBESTOS PRODUCTS
              LIABILITY LITIGATION (NO. VI)

CIVIL ACTION NO.: MDL 875

THIS DOCUMENT RELATES TO: ALL ACTIONS

---

### PETITION FOR ENTRY OF ORDER

---

COME NOW Certain Defendants and respectfully petition this Court to enter an Order confirming that the subpoenaed documents and materials in the possession of Dr. Dominic Gaziano relating to the screening and/or diagnosis of persons for litigation purposes (which this Court has deemed discoverable per its prior orders on these issues) are not within the scope of the Health Insurance Portability and Accountability Act (hereinafter "HIPAA"). This petition is unopposed by legal counsel for Dr. Gaziano; and, for the reasons stated herein, this Petition should be granted.

1.      Pursuant to this Court's order dated March 23, 1999 (See Exhibit "A" attached hereto) specifically authorizing discovery regarding litigation screening, as well as the provisions of the Federal Rules of Civil Procedure, subpoenas have been issued to various screening companies and screening doctors responsible for screening and diagnosing plaintiffs for litigation purposes.

2.      The Clerk of this Court previously issued a subpoena to Dr. Gaziano requiring the production of documents, materials, and items that relate to his screening and/or diagnosis of potential litigants. (See Exhibit "B" attached hereto).

3.    Dr. Gaziano was engaged by various screening companies and law firms to screen and/or diagnose individuals with pneumoconiosis. The documents, materials, and items he utilized and generated were solely for litigation, rather than medical, purposes. Dr. Gaziano has specifically disavowed any physician-patient relationship with the potential litigants he screened. In addition, Dr. Gaziano did not treat nor did he provide health care for the potential litigants he screened.

4.    HIPAA defines a "covered entity" as follows:

Applicability

(a)    Except as otherwise provided, the standards, requirements, and implementation specifications adopted under this subchapter apply to the following entities:

    (1)    A health plan.
    (2)    A health care clearinghouse.
    (3)    A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter.

45 C.F.R. § 160.102(a)(1)-(3).

5.    For the above referenced reasons, the nature of his work, and the nature of the records he utilized and generated, Dr. Gaziano, does not qualify as a "covered entity" under HIPAA.

6.    Counsel for Dr. Gaziano, Attorney Mike Del Giudice, has informed Defendants that he does not oppose this petition and that production of the subpoenaed documents will proceed upon approval and entry of an order granting this petition.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully petition this Court to enter an order confirming that the subpoenaed documents and materials in the possession of Dr. Gaziano relating to the screening and/or diagnosis of persons for litigation purposes (which

this Court has deemed discoverable per its prior orders on these issues) are not within the scope

of HIPAA

THIS, the _31st_ day of July, 2006.

Walter G. Watkins, Jr. (MSB# 6988)
Marcy B. Croft (MSB# 10864)
Mary Margaret Ratliff (MSB# 100672)
Ashley E. Calhoun (MSB# 101303)

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100S
Post Office Box 22608
Jackson, Mississippi 39225-2608
Phone:       (601) 960-8600
Fax:         (601) 960-8613

## CERTIFICATE OF SERVICE

I hereby certify that I have this date mailed via United States mail, postage prepaid, or via electronic mail a true and correct copy of the foregoing document to Attorney Mike Del Giudice at his usual business address.

THIS, the 21st day of July, 2006.

MARCY B. CROFT

CRW

2576

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
MAR 23 1999
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

In Re:
ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)

This Document Relates To:
United States District Court
Multiple Jurisdictions
All Actions

Civil Action No. MDL 875

ORDER

Having considered the motion of Owens-Illinois, Inc. for an order authorizing discovery concerning litigation screenings, having reviewed the Court's prior orders authorizing discovery by Pittsburgh Corning Corporation on this subject and the discovery that has occurred under those orders, and pursuant to the authority of the Court to supervise discovery in connection with the continuation of these proceedings, the Court finds that further discovery is warranted as to litigation screening companies and the physicians they employ. Such discovery may include interrogatories, requests for production of documents and oral depositions. The request of Owens-Illinois does not include oral depositions of counsel for plaintiffs in the underlying litigation, and such depositions are not authorized by this order.

BY THE COURT:

Charles R. Weiner, Jr.

Dated: 3/19/99

ENTERED
3/24/99

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

Eastern _____ **DISTRICT OF** _____ Pennsylvania _____

In Re: Asbestos   Products Liability Litigation (No. VI)

V.

This Document Relates To: ALL ACTIONS

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] MDL 875

TO:   Dominic Gaziano, M.D.
      Chest Medical Services, Inc.
      3100 MacCorkle Avenue S.E., Suite 404
      Charleston, WV 25304

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit "A" for list; Production should be made to /coordinated with Trey Watkins, Esq. or Ashley Calhoun, Esq. of Forman Perry Watkins Krutz & Tardy LLP — (601)973-5904

| PLACE    At your residence, principal place of business or at another location agreed to by you and the person to whom production is to be made as indicated above. | DATE AND TIME   12/14/2005 at 9:00a.m. |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| **DATE** SERVED November 4, 2005 | **PLACE** Residence of Dr. Dominic Graziano 501 Sheridan Cir., Charleston, WV 25 314 |
| **SERVED ON (PRINT NAME)** Dominic Graziano | **MANNER OF SERVICE** hand-delivered |
| **SERVED BY (PRINT NAME)** Cathy Bartlett | **TITLE** Investigator |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___11/4/2005___
            **DATE**

_Cathy Bartlett_
**SIGNATURE OF SERVER**

LAW Investigative Group
**ADDRESS OF SERVER**

P.O. Box 471, Ridgeland, MS 39158

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## EXHIBIT "A"

**Definitions**

For purpose of this Subpoena, the following definitions shall apply:

1.  "Document" means, without limitations, the following original items, or a copy if only a copy exists, whether printed or recorded or reproduced by any mechanical process, including data stored on computers, hard drives, CPU's, tapes, disks, punch cards, or printouts, or written or produced by hand: Correspondence, electronic correspondence, memoranda, notes, records (pictorial or otherwise), letters, papers, books, pamphlets, periodicals, telegraphs, teletypes, facsimiles, other communications sent or received, diaries, calendars, telephone logs, drafts, work papers, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, lists, fliers, dockets, questionnaires, guidelines, contracts, agreements, criteria, forms, checklists, schedules, summaries, minutes, records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations, bills, invoices, purchase orders, statements, canceled checks, vouchers, W-2 forms, 1099 forms, receipts and other records of payments or sales, financial data, analyses, summaries or reports of consultants, statistical compilations, tabulations, tallies, plans, compilations or computer generated data, including any ancillary programming material, interviews, affidavits, printed matter (including published books, articles, speeches, and newspaper clippings), video tapes, microfiche, advertising or promotional matter, press releases, photographs and any marginal comments appearing on any document and all other writings.

2.  "Testing" or "screening" means any and all screening tests or exams that were conducted by you or screening tests or exams that are in your possession, custody or control, including but not limited to, any tests used to measure and assess pulmonary function, interstitial fibrosis and/or detect pulmonary disease, including asbestos related diseases, silica related diseases, mixed dust diseases, and any pneumoconiosis, and impairment therefrom, as well as any interpretation of such tests. Such tests or exams include, but are not limited to, pulmonary function tests such as simple spirometry, lung volume tests or diffusion capacity tests; complete blood counts; measurement of arterial blood gases; chest x-rays; physical examinations; and exercise testing.

3.  "You" and "your" refers to the person or entity to which this Subpoena is directed and includes that entity together with its officers, directors, incorporators, shareholders, employees, representatives, attorneys, agents, independent contractors, predecessors, successors, parent or affiliate companies and assigns and/or any other person or persons who has acted in association with the entity or directed the actions of said entity.

4. "Clients" or "Persons" means any person which you have rendered services to or for at any time, including but not limited to, diagnostic testing, medical screening or other testing performed.

5. "Pulmonary Testing, X-Ray or Screening Equipment or Machinery" includes, but is not limited to pulmonary testing equipment or machinery such as spirometers, body boxes, x-ray equipment, diffusion testing equipment, blood gas testing equipment, computer equipment, and related hardware or software, including related hard drives, disks and/or tapes.

## Materials to be Produced

1. Any and all documents and materials, including but not limited to all radiologists' narratives, B readers' reports, original chest x-rays, original x-ray jackets, pulmonary function tests, electronic files, electronic files of pulmonary function tests, occupational histories, medical histories, questionnaires, notes, and diagnostic reports, in your possession, custody or control and/or any other data currently in your possession, custody or control which in any way relates to, identifies or organizes the requested documents.

2. All files, including but not limited to patient files, relating to the testing, screening or diagnosing of any person.

3. All invoices prepared by you or on your behalf for services rendered in performing x-ray tests, B reads, physical examinations, pulmonary function tests or screenings, or any other testing or screening, or in generating reports or diagnoses for any client or person.

4. Any and all documents that reflect expenses submitted by you related to the screening of any person, including but not limited to credit card statements, receipts or other expense reports.

5. All documents relating to or reflecting payments for services rendered in connection with any person for whom you rendered x-ray tests, physical examinations, pulmonary function tests, B-reads, screenings, or generated reports or diagnoses.

6. Any and all signature stamps presently or formerly owned or used by you, on your behalf, or by or for any other business name by and through which you have operated, in connection with services rendered for any person screened or tested by you, or for whom you obtained a diagnosis.

7. Any and all documents, including but not limited to patient agreements, patient waivers, notices, letters, correspondence, business records, and/or communications, relating to the testing, screening or diagnosing of persons, including but not limited to correspondence between you and:

(a) any person or client;
(b) any persons' attorneys or other agents;
(c) any attorney;
(d) any union or union representative;
(e) any screening company; and
(f) any physician or technician.

8. All information regarding the medical equipment used to screen or test any person including but not limited to, model numbers and serial numbers of any and all PFT machines used in the testing or screening of any person; identification by model number and serial number of any other medical equipment used; set-up records, maintenance records, protocol and calibration records for any medical equipment used; and/or records of names of all persons present at the screening or testing who were qualified to use said equipment, including all relevant dates and states of qualification and licensor for the persons qualified to use such equipment or perform testing.

9. Any and all documents, contracts or other agreements concerning payment by the person, their attorneys, representatives, unions, insurance companies, physicians and/or any other entity or individual for the services rendered by you and the terms and conditions under which services were performed by you in connection with the testing, diagnosing or screening of or for any person or client.

10. All documents relating to advertisements or notices of available services offered by you or on your behalf, including but not limited to, television, radio, newspaper, and magazine advertisements, fliers, handbills, business cards, brochures, newsletters, phone scripts or mail outs for the days that any person was screened or tested.

11. Any and all documents, including but not limited to, documents which indicate results of any x-ray testings, physical examinations, pulmonary function testings or screenings of any person, including but not limited to re-examinations, re-tests, positive and negative tests, positive and/or negative test lists, and/or any criteria used for positive and/or negative tests and which list, tabulate, summarize, set forth or contain information about the number or percentage of persons who tested positive and/or negative for asbestos related disease at any of your screening or testing locations.

12. Any and all patient-type or client specific documents, including but not limited to, questionnaires, interview sheets or notes, information cards, written statements, recorded or taped oral statements, summaries of such statements, or summaries of such statements from any person, relied upon or which formed the basis for data entry and/or reports concerning gender, age, race, height, smoking history, exposure history, work history, medical history, patient identification number or other

variables noted on any pulmonary function test or study for any person and/or which formed the basis of any pulmonary function test and/or any physician report generated by you or on your behalf.

13. Copies of any and all guidelines, guidebooks, textbooks, study guide books, training manuals, equipment manuals, continuing education materials or any other procedure books relied upon, or referred to in conjunction with your x-ray testings, physical examinations, pulmonary function testings or screenings of any person, including but not limited to any manuals or text books related to the x-ray and/or pulmonary function testing equipment that you used to test any persons, your Clients and/or Patients, text books or manuals about the administration of x-rays, and/or your internal guidelines or procedures for testing, testing protocol and/or similar documents.

14. Any and all documents indicating your application for and/or certifications, licensing and/or registration of x-ray, pulmonary testing or screening equipment and/or screenings with any state or federal agency.

15. Any and all documents relating to the prescribing or ordering of tests and/or prescribing, ordering or purchasing of medical equipment for the testing, screening or diagnosing of persons and the administration and maintenance of that equipment.

16. Any and all documents that reflect the certification, licensing, training, education or other qualifications of your employees, agents, independent contractors or other third parties who performed, ordered or generated physical exams, pulmonary function tests, x-rays and/or reports about any person that you have tested or screened and the dates and states for each.

17. Any and all calendars, date books, memoranda books, expense account records or appearance, diaries or documents related to the dates and locations of the examinations, pulmonary testings and/or screenings by you.

18. Any and all documents relating to any denials, notices of violations, revocations, rescissions, or suspensions of your certifications, authorizations or licenses by any state or federal governmental entity, including but not limited to, any documents reflecting the imposition or issuance of fines, cease and desist orders, subpoenas to produce documents, or show cause orders issued to you.

19. Any and all documents relating to the reporting of any medical testing or results to local, state or national agencies for disease control or health, including any correspondence reflecting the number of persons or clients testing positive for any illness screened by you.

20. Any and all documents that reflect your payments of rent, your leasing arrangements, and/or any other arrangements made between you and any attorneys or law firms

relating to your occupancy of any premises or space used by you for your general business, screenings and/or testings.

21.    Any and all documents that reflect any payments made by you or any other consideration from you to your employees, agents, independent contractors or other third parties relating to referrals to you or otherwise obtaining clients or patients for you to test and/or screen.

22.    Any and all documents reflecting the gross revenue for your company for each year of operation, including any state or federal income tax filings.

23.    Any and all documents and related files that establish, relate or pertain to any medical doctor or practitioner prescribing the x-ray tests and the pulmonary function tests performed on any person or client.

24.    Any and all documents that identify all of your past or present employees, agents, independent contractors or other third parties performing services on your behalf, including dates of employment, current or last known address and telephone number, job title, duties and responsibilities, total compensation and experience, training or credentials in diagnosing respiratory diseases.

25.    Any and all materials and documents of any kind, which you have reviewed or received from any source concerning or relating to your production of information detailed above.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
      LIABILITY LITIGATION (NO. VI)

CIVIL ACTION NO.: MDL 875

THIS DOCUMENT RELATES TO:
ALL PENDING ACTIONS

FILED    SEP 1 4 2006

### ORDER

This cause has come before this court at the request of various parties regarding Dr. Dominic Gaziano, a non-party entity involved in the screening of potential litigants in asbestos litigation (hereinafter "Dr. Gaziano"). The parties have requested an order from this Court confirming that the documents and materials in the possession of Dr. Gaziano relating to his screening and/or diagnosis of persons for litigation purposes are not within the scope of the Health Insurance Portability and Accountability Act ("HIPAA"). Having been fully advised in the premises, this Court finds that the request for such an order should be granted.

IT IS THEREFORE, ORDERED THAT:

1.      Pursuant to prior orders of this Court and the provisions of the Federal Rules of Civil Procedure, subpoenas have been issued to various screening companies and doctors who screened and/or diagnosed plaintiffs in the above-referenced litigation.

2.      The Clerk of this Court issued a subpoena to Dr. Gaziano for the production of documents, materials and items relating to his screening and/or diagnosis of potential litigants, including those with claims filed in this Court.

3.      Dr. Gaziano was engaged by various screening companies and law firms to screen and/or diagnose individuals with pneumoconiosis for litigation rather than medical purposes. Given the nature of his work and the nature of the records generated by Dr. Gaziano, this Court finds that the documents, materials and items that are subject to this Court's subpoena do not fall within the scope of HIPAA.

SO ORDERED this the 14th day of August 2006.

ENTERED

SEP 1 5 2006

CLERK OF COURT

UNITED STATES DISTRICT COURT JUDGE
JAMES T. GILES

J.

**Motion and Orders re**
**Dr. James P. Krainson and Dr. Robert J. Mezey**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:        ASBESTOS PRODUCTS
              LIABILITY LITIGATION (NO. VI)

                                              CIVIL ACTION NO.: MDL 875

THIS DOCUMENT RELATES TO:
ALL PENDING ACTIONS                           FILED    FEB 1 3 2006

---

### PETITION FOR ENTRY OF ORDER

---

COMES NOW Certain Defendants and respectfully petition this Court to enter an Order confirming that the subpoenaed documents and materials in the possession of Dr. Robert Mezey and/or Dr. James Krainson relating to the screening and/or diagnosis of persons for litigation purposes (which this Court has deemed discoverable per its prior orders on these issues) are not within the scope of the Health Insurance Portability and Accountability Act (hereinafter "HIPAA"). This petition is unopposed by legal counsel for Drs. Mezey and Krainson; and, for the reasons stated herein, this Petition should be granted.

1.      Pursuant to this Court's order dated March 23, 1999 (See Exhibit "A" attached hereto) specifically authorizing discovery regarding litigation screening, as well as the provisions of the Federal Rules of Civil Procedure, subpoenas have been issued to various screening companies and screening doctors responsible for screening and diagnosing plaintiffs for litigation purposes.

2.      On October 14, 2005, the Clerk of this Court issued subpoenas to Drs. Robert Mezey and James Krainson requiring the production of documents, materials, and items that relate to their screening and/or diagnosis of potential litigants. (See Exhibit "B" attached hereto).

3.      Drs. Mezey and Krainson were engaged by various screening companies and law firms to screen and/or diagnose individuals with pneumoconiosis. The documents, materials, and items they utilized and generated were solely for litigation, rather than medical, purposes. Drs. Mezey and Krainson have not asserted any physician-patient relationship with the potential litigants they screened.   In addition, neither screening doctor treated nor provided health care for the potential litigants they screened.

4.      HIPAA defines a "covered entity" as follows:

Applicability

(a)     Except as otherwise provided, the standards, requirements, and implementation specifications adopted under this subchapter apply to the following entities:

(1)     A health plan.
(2)     A health care clearinghouse.
(3)     A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter.

45 C.F.R. § 160.102(a)(1)-(3).

5.      For the above referenced reasons, the nature of their work, and the nature of the records they utilized and generated, the subpoenaed screening doctors do not qualify as "covered entities" under HIPAA.

6.      Counsel for Drs. Mezey and Krainson, Attorney David Pollack, has informed Defendants that he does not oppose this petition and that production of the subpoenaed documents will proceed upon approval and entry of an order granting this petition.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully petition this Court to enter an order confirming that the subpoenaed documents and materials in the possession of Drs. Mezey and Krainson relating to the screening and/or diagnosis of persons for litigation

purposes (which this Court has deemed discoverable per its prior orders on these issues) are not within the scope of HIPAA

THIS, the 10th day of February, 2006.

_____
Walter G. Watkins, Jr. (MSB# 6988)
Marcy B. Croft (MSB# 10864)
Mary Margaret Ratliff (MSB# 100672)
Ashley E. Calhoun (MSB# 101303)

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100S
Post Office Box 22608
Jackson, Mississippi 39225-2608
Phone: (601) 960-8600
Fax: (601) 960-8613

## CERTIFICATE OF SERVICE

I hereby certify that I have this date mailed via United States mail, postage prepaid a true

and correct copy of the foregoing document to Attorney for Dr. Robert Mezey and Dr. James

Krainson, David Pollack, at his usual business address.

THIS, the 10th day of February, 2006.

MARY MARGARET RATLIFF

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

CIVIL ACTION NO.: MDL 875

THIS DOCUMENT RELATES TO:
ALL PENDING ACTIONS

### ORDER

    This cause has come before this Court at request of various parties regarding Dr. James P. Krainson, a non-party entity involved in the screening of potential litigants in asbestos litigation (hereinafter "Dr. Krainson"). The parties have requested an order from this Court confirming that the documents and materials in the possession of Dr. Krainson relating to his screening and/or diagnosis of persons for litigation purposes are not within the scope of the Health Insurance Portability and Accountability Act ("HIPAA"). Having been fully advised in the premises, this Court finds that the request for such an order should be granted.

    IT IS, THEREFORE, ORDERED THAT:

    1.    Pursuant to prior orders of this Court and the provisions of the Federal Rules of Civil Procedure, subpoenas have been issued to various screening companies and doctors who screened and/or diagnosed plaintiffs in the above-referenced litigation.

    2.    On October 14, 2005, the Clerk of this Court issued a subpoena to Dr. Krainson for the production of documents, materials and items relating to his screening and/or diagnosis of potential litigants, including those with claims filed in this Court.

    3.    Dr. Krainson was engaged by various screening companies and law firms to screen and/or diagnose individuals with pneumoconiosis for litigation rather than medical purposes. Given the nature of this work and the nature of the records generated by Dr. Krainson, this Court finds that the documents, materials and items that are subject to this Court's subpoena do not fall within the scope of HIPAA.

    SO ORDERED this the 17th day of February , 2006.

UNITED STATES DISTRICT COURT JUDGE
James T. Giles        J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
    LIABILITY LITIGATION (NO. VI)

CIVIL ACTION NO.: MDL 875

THIS DOCUMENT RELATES TO:
ALL PENDING ACTIONS

## ORDER

This cause has come before this Court at request of various parties regarding Dr. Robert J. Mezey, a non-party entity involved in the screening of potential litigants in asbestos litigation (hereinafter "Dr. Mezey"). The parties have requested an order from this Court confirming that the documents and materials in the possession of Dr. Mezey relating to his screening and/or diagnosis of persons for litigation purposes are not within the scope of the Health Insurance Portability and Accountability Act ("HIPAA"). Having been fully advised in the premises, this Court finds that the request for such an order should be granted.

IT IS, THEREFORE, ORDERED THAT:

1.    Pursuant to prior orders of this Court and the provisions of the Federal Rules of Civil Procedure, subpoenas have been issued to various screening companies and doctors who screened and/or diagnosed plaintiffs in the above-referenced litigation.

2.    On October 14, 2005, the Clerk of this Court issued a subpoena to Dr. Mezey for the production of documents, materials and items relating to his screening and/or diagnosis of potential litigants, including those with claims filed in this Court.

3.    Dr. Mezey was engaged by various screening companies and law firms to screen and/or diagnose individuals with pneumoconiosis for litigation rather than medical purposes. Given the nature of this work and the nature of the records generated by Dr. Mezey, this Court finds that the documents, materials and items that are subject to this Court's subpoena do not fall within the scope of HIPAA.

SO ORDERED this the 17th day of February, 2006.

UNITED STATES DISTRICT COURT JUDGE
James T. Giles     U.

**Motion and Order re Respiratory Testing Services**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:      ASBESTOS PRODUCTS
            LIABILITY LITIGATION (NO. VI)

CIVIL ACTION NO.: MDL 875

THIS DOCUMENT RELATES TO:
ALL PENDING ACTIONS

**FILED** MAR - 9 2006

PETITION FOR ENTRY OF ORDER

COMES NOW Certain Defendants and respectfully petition this Court to enter an Order confirming that the subpoenaed documents and materials in the possession of Respiratory Testing Services ("RTS") relating to the screening and/or diagnosis of persons for litigation purposes (which this Court has deemed discoverable per its prior orders on these issues) are not within the scope of the Health Insurance Portability and Accountability Act (hereinafter "HIPAA"). This petition is unopposed by legal counsel for RTS; and, for the reasons stated herein, this Petition should be granted.

1.      Pursuant to this Court's order dated March 23, 1999 (See Exhibit "A" attached hereto) specifically authorizing discovery regarding litigation screening, as well as the provisions of the Federal Rules of Civil Procedure, subpoenas have been issued to various screening companies and screening doctors responsible for screening and diagnosing plaintiffs for litigation purposes.

2.      On February 21, 2006, the Clerk of this Court issued a subpoena to RTS requiring the production of documents, materials, and items that relate to the company's screening and/or diagnosis of potential litigants. (See Exhibit "B" attached hereto).

3.      RTS was engaged by various law firms to screen and/or diagnose individuals with pneumoconiosis.  The documents, materials, and items that RTS utilized and generated were solely for litigation, rather than medical, purposes.  RTS has no physician-patient relationship and provided no medical treatment or health care for the potential litigants screened.

4.      HIPAA defines a "covered entity" as follows:

Applicability

(a)     Except as otherwise provided, the standards, requirements, and implementation specifications adopted under this subchapter apply to the following entities:
    (1)    A health plan.
    (2)    A health care clearinghouse.
    (3)    A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter.

45 C.F.R. § 160.102(a)(1)-(3).

5.      For the above referenced reasons, the nature of RTS's work, and the nature of the records utilized and generated, the subpoenaed screening enterprise does not qualify as "covered entity" under HIPAA.

6.      Counsel for RTS, Attorney Charles Fleming, has informed Defendants that he does not oppose this petition and that production of the subpoenaed documents will proceed upon approval and entry of an order granting this petition.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully petition this Court to enter an order confirming that the subpoenaed documents and materials in the possession of RTS relating to the screening and/or diagnosis of persons for litigation purposes (which this Court has deemed discoverable per its prior orders on these issues) are not within the scope of HIPAA.

THIS, the _6th_ day of March, 2006.

_Walter G. Watkins, Jr._

Walter G. Watkins, Jr. (MSB# 6988)
Marcy B. Croft (MSB# 10864)
Mary Margaret Ratliff (MSB# 100672)
Ashley E. Calhoun (MSB# 101303)


OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100S
Post Office Box 22608
Jackson, Mississippi 39225-2608
Phone: (601) 960-8600
Fax: (601) 960-8613

## CERTIFICATE OF SERVICE

I hereby certify that I have this date mailed via United States mail, postage prepaid a true and correct copy of the foregoing document to Attorney for RTS, Charles Fleming, at his usual business address.

THIS, the 8th day of March, 2006.

MARY MARGARET RATLIFF

CRW

(2576)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED

In Re:
ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)

MAR 23 1999

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

This Document Relates To: -
United States District Court
Multiple Jurisdictions
All Actions

Civil Action No. MDL 875

## ORDER

Having considered the motion of Owens-Illinois, Inc. for an order authorizing discovery

concerning litigation screenings, having reviewed the Court's prior orders authorizing discovery

by Pittsburgh Corning Corporation on this subject and the discovery that has occurred under

those orders, and pursuant to the authority of the Court to supervise discovery in connection with

the coordination of these proceedings, the Court finds that further discovery is warranted as to

litigation screening companies and the physicians they employ. Such discovery may include

interrogatories, requests for production of documents and oral depositions. The request of

Owens-Illinois does not include oral depositions of counsel for plaintiffs in the underlying

litigation, and such depositions are not authorized by this order.

BY THE COURT:

Dated: 3/19/99

Charles R. Weiner, Jr.

ENTERED
3/24/99

EXHIBIT

A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Pennsylvania |

In Re: Asbestos  Products Liability Litigation (No. VI)

V.

This Document Relates To: ALL ACTIONS

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] MDL 875

TO:  RTS
     5440 Jeanette Drive
     Theodore, AL 35582

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit "A" for list; Production should be made to /coordinated with Mary Margaret Ratliff, Esq. or Ashley Calhoun, Esq. of Forman Perry Watkins Krutz & Tardy LLP – (601) 969-4246

| PLACE      At your residence, principal place of business or at another location agreed to by you and the person to whom production is to be made as indicated above. | DATE AND TIME  4/05/2006 at 10:00am |
|---|---|

☑ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES 5440 Jeanette Drive    Theodore, AL 35582 | DATE AND TIME  4/05/2006 at 10:00am |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  2/21/2006 |
|---|---|
| ISSUING OFFICER'S |  |

of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district ...... ......ict under case number.

EXHIBIT
B

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## EXHIBIT "A"

**Definitions**

For purpose of this Subpoena, the following definitions shall apply:

1.  "Document" means, without limitations, the following original items, or a copy if only a copy exists, whether printed or recorded or reproduced by any mechanical process, including data stored on computers, hard drives, CPU's, tapes, disks, punch cards, or printouts, or written or produced by hand: Correspondence, electronic correspondence, memoranda, notes, records (pictorial or otherwise), letters, papers, books, pamphlets, periodicals, telegraphs, teletypes, facsimiles, other communications sent or received, diaries, calendars, telephone logs, drafts, work papers, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, lists, fliers, dockets, questionnaires, guidelines, contracts, agreements, criteria, forms, checklists, schedules, summaries, minutes, records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations, bills, invoices, purchase orders, statements, canceled checks, vouchers, W-2 forms, 1099 forms, receipts and other records of payments or sales, financial data, analyses, summaries or reports of consultants, statistical compilations, tabulations, tallies, plans, compilations or computer generated data, including any ancillary programming material, interviews, affidavits, printed matter (including published books, articles, speeches, and newspaper clippings), video tapes, microfiche, advertising or promotional matter, press releases and any marginal comments appearing on any document and all other writings.

2.  "Testing" or "screening" means any and all screening tests or exams that were conducted by you or screening tests or exams that are in your possession, custody or control, including but not limited to, any tests used to measure and assess pulmonary function, interstitial fibrosis and/or detect pulmonary disease, including asbestos related diseases, silica related diseases, mixed dust diseases, and any pneumoconiosis, and impairment therefrom, as well as any interpretation of such tests. Such tests or exams include, but are not limited to, pulmonary function tests such as simple spirometry, lung volume tests or diffusion capacity tests; complete blood counts; measurement of arterial blood gases; chest x-rays; physical examinations; and exercise testing.

3.  "You" and "your" refers to the entity to which this Subpoena is directed and includes that entity together with its officers, directors, incorporators, shareholders, employees, representatives, attorneys, agents, independent contractors, predecessors, successors, parent or affiliate companies and assigns and/or any other person or persons who has acted in association with the entity or directed the actions of said entity.

4.    "Clients" or "Persons" means any person which you have rendered services to or for
      at any time, including but not limited to, diagnostic testing, medical screening or
      other testing performed.

5.    "Pulmonary Testing, X-Ray or Screening Equipment or Machinery" includes, but is
      not limited to pulmonary testing equipment or machinery such as spirometers, body
      boxes, x-ray equipment, diffusion testing equipment, blood gas testing equipment,
      computer equipment, and related hardware or software, including related hard drives,
      disks and/or tapes.

**Materials to be Produced**

1.    Any and all documents and materials relating to the testing, screening or diagnosing
      of persons, including but not limited to all radiologists' narratives, B readers' reports,
      original chest x-rays, original x-ray jackets, pulmonary function tests, electronic files,
      electronic files of pulmonary function tests, occupational histories, medical histories,
      questionnaires, notes, and diagnostic reports, in your possession, custody or control
      and/or any other data currently in your possession, custody or control which in any
      way relates to, identifies or organizes the requested documents.

2.    Any and all documents regarding the incorporation, organization, corporate structure
      and annual reporting of your business, including all past and present owners,
      shareholders or partners, dates of ownership or involvement, percentage of interest,
      current or last known address and phone number, job title, duties and responsibilities
      and total compensation or profit earned and all medical experience, training or
      credentials in diagnosing or treating respiratory diseases.

3.    Any and all documents and materials requiring the signature of any person whom you
      tested or screened, or for whom you obtained a diagnoses.

4.    Any and all documents which contain information, generally or specifically, relating
      to the screening, testing or diagnoses of any person, including, but not limited to,
      sign-in sheets, sign-out sheets, screening day logs, screening day notes, screening day
      testing procedures, screening day personnel, x-ray logs, PFT logs, correspondence
      with screening persons, advertisements and any other information regarding the
      person(s) whom you tested or screened or for whom you provided a diagnosis and the
      diagnosis rate for each screening day.

5.    All invoices prepared by you or on your behalf for services rendered in performing
      x-ray tests, B reads, physical examinations, pulmonary function tests or screenings,
      or any other testing or screening, or in generating reports or diagnoses for any client
      or person.

6.    All documents and materials relating to or reflecting payments for services rendered
      in connection with the testing, screening or diagnosis of any client or person.

7.  Any and all documents and materials reflecting payments by you to your employees, agents, or independent contractors or to third parties for services rendered in performing x-ray tests, physical examinations, pulmonary function tests, B-reads, screenings or testing, or in generating reports or diagnoses for any person or client.

8.  Any and all documents reflecting loans or gifts to you or your employees, agents, independent contractors, including but not limited to, monetary loans, equipment purchases or loans, waiver of costs for services performed or equipment used, payment for travel or other expenses.

9.  Any and all signature stamps presently or formerly owned or used by you or on your behalf and any other business name by and through which you have operated, in connection with services rendered for any person screened or tested by you, or for whom you obtained a diagnosis.

10. Any and all documents, including but not limited to notices, letters, correspondence, business records, and/or communications, including but not limited to correspondence between you and:

    (a) any person or client;
    (b) any persons' attorneys or other agents;
    (c) any attorney;
    (d) any union or union representative;
    (e) any Screening Company; and
    (f) any physician or technician.

11. All information regarding the medical equipment used to screen or test any person including but not limited to, model numbers and serial numbers of any and all PFT machines used in the testing or screening of any person; identification by model number and serial number of any other medical equipment used; set-up records, maintenance records, protocol and calibration records for any medical equipment used; and/or records of names of all persons present at the screening or testing who were qualified to use said equipment, including all relevant dates and states of qualification and licensor for the persons qualified to use such equipment or perform testing.

12. Any and all information regarding any physician hired, retained or contracted by your company for the purpose of review, analysis or diagnosis of any disease, including dates of such services, total number of clients referred to such physician, and the payment structure for each physician including total payments per year to each physician and any information regarding the existence of a payment arrangement in which a physician would receive different fees or payments for the same matter depending on the opinion returned.

13.     Any and all documents, contracts or other agreements concerning payment by the person or client, their attorneys, representatives, unions, insurance companies, physicians and/or any other entity or individual for the services rendered by you.

14.     All documents relating to advertisements or notices of available services offered by you or on your behalf, including but not limited to, television, radio, newspaper, and magazine advertisements, fliers, handbills, business cards, brochures, newsletters, phone scripts or mail outs for the days that any person was screened or tested.

15.     Any and all information regarding the specific process used by your company to identify potential clients and the process used to diagnose and/or refer those clients for legal representation, including but not limited to, phone calls or solicitations to prospective clients, notes from interviews with prospective clients, information from third parties regarding prospective clients and any information regarding the subsequent processing of that information.

16.     Any and all documents, including but not limited to, computer disks, electronic files and/or documents generated for any persons x-ray testings, physical examinations, pulmonary function testings and/or screenings, including but not limited to all of your files maintained on each person or client, including but not limited to selection of counsel records, work history sheets, occupational information sheets, B-reader reports, ILO forms, demographic background information sheets, medical history sheets, pulmonary function test reports, all PFT results, including individual and multiple time volume curves, individual and multiple flow volume loops, individual and multiple tracings, individual and multiple lung volume and diffusion capacity results and graphs, all predicted values used, and multiple pulmonary function test efforts.

17.     Any and all documents provided to or made available to any person at your x-ray testings, physical examinations, pulmonary function testings and/or screenings or testings by you at any time, including any information about asbestos, silica, asbestos-related disease, silica-related disease, any other personal injury litigation, asbestos products, silica products, job sites or work sites that allegedly used asbestos or silica containing products, occupations that directly or indirectly handled asbestos or silica containing products, asbestos or silica attorneys, lists of manufacturers, exposure, work history or other criteria required by any attorney or law firm for the acceptance of those tested or screened by you as clients of the attorney or law firm, and/or asbestos or silica related litigation.

18.     Any and all documents, including but not limited to, documents which indicate results of any x-ray testings, physical examinations, pulmonary function testings or screenings of any person, including but not limited to re-examinations, re-tests, positive and negative tests, positive and/or negative test lists, and/or any criteria used for positive and/or negative tests and which list, tabulate, summarize, set forth or contain information about the number or percentage of persons who tested positive

and/or negative for asbestos related disease at any of your screening or testing locations.

19. Any and all patient-type documents, including but not limited to, questionnaires, interview sheets or notes, information cards, written statements, recorded or taped oral statements, summaries of such statements, or summaries of such statements from any person, relied upon or which formed the basis for data entry and/or reports concerning gender, age, race, height, smoking history, exposure history, work history, medical history, patient identification number or other variables noted on any pulmonary function test or study for any person and/or which formed the basis of any pulmonary function test and/or any physician report generated by you or on your behalf.

20. Copies of any and all guidelines, guidebooks, textbooks, study guide books, training manuals, equipment manuals, continuing education materials or any other procedure books relied upon, or referred to in conjunction with your x-ray testings, physical examinations, pulmonary function testings or screenings of any person, including but not limited to any manuals or text books related to the x-ray and/or pulmonary function testing equipment that you used to test any persons, your Clients and/or Patients, text books or manuals about the administration of x-rays, and/or your internal guidelines or procedures for testing, testing protocol and/or similar documents.

21. Any and all documents indicating your application for and/or certifications, licensing and/or registration of x-ray, pulmonary testing or screening equipment and/or screenings with any state or federal agency.

22. Any and all documents that reflect the certification, licensing, training, education or other qualifications of your employees, agents, independent contractors or other third parties who performed, ordered or generated physical exams, pulmonary function tests, x-rays and/or reports about any person that you have tested or screened and the dates and states for each.

23. Any and all calendars, date books, memoranda books, expense account records or appearance diaries or documents related to the dates and locations of the examinations, pulmonary testings and/or screenings by you.

24. Any and all documents relating to any denials, notices of violations, revocations, rescissions, or suspensions of your certifications, authorizations or licenses by any state or federal governmental entity, including but not limited to, any documents reflecting the imposition or issuance of fines, cease and desist orders, subpoenas to produce documents, or show cause orders issued to you.

25. Any and all documents relating to the reporting of any medical testing or results to local, state or national agencies for disease control or health, including any

correspondence reflecting the number of persons testing positive for any illness screened by you.

26.    Any and all documents that reflect your payments of rent, your leasing arrangements, and/or any other arrangements made between you and any attorneys or law firms relating to your occupancy of any premises or space used by you for your general business, screenings and/or testings.

27.    Any and all documents that reflect any payments made by you or any other consideration from you to your employees, agents, independent contractors or other third parties relating to referrals to you or otherwise obtaining clients or patients for you to test and/or screen.

28.    Any and all documents reflecting the gross revenue for your company for each year of operation, including any state or federal income tax filings.

29.    Any and all documents that reflect expenses submitted to you, including but not limited to credit card statements, receipts or other expense reports.

30.    Any and all documents and related files that establish, relate or pertain to any medical doctor or practitioner prescribing the x-ray tests and the pulmonary function tests performed on any person or client.

31.    Any and all documents that identify all of your past or present employees, agents, independent contractors or other third parties performing services on your behalf, including dates of employment, current or last known address and telephone number, job title, duties and responsibilities, total compensation and experience, training or credentials in diagnosing respiratory diseases.

32.    Any and all materials and documents of any kind, which you have reviewed or received from any source concerning or relating to your production of information detailed above.

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
    LIABILITY LITIGATION (NO. VI)

CIVIL ACTION NO.: MDL 875

THIS DOCUMENT RELATES TO: ALL ACTIONS

## ORDER

This cause has come before this Court at the joint request of various parties regarding Respiratory Testing Services ("RTS"), a non-party, involved in the screening of potential litigants in asbestos litigation. The parties have requested an order from this Court confirming that the documents and materials in the possession of RTS that relate to the company's screening and/or diagnosis of persons for litigation purposes are not within the scope of the Health Insurance Portability and Accountability Act (hereinafter "HIPAA"). Having been fully advised in the premises, this Court finds that the request for such an order should be granted.

IT IS, THEREFORE, ORDERED THAT:

1.    Pursuant to prior orders of this Court and the provisions of the Federal Rules of Civil Procedure, subpoenas have been issued to various screening companies and doctors who screened and/or diagnosed plaintiffs in the above-referenced litigation.

2.    On February 21, 2006, the Clerk of this Court issued a subpoena to RTS for the production of documents, materials and items relating to the company's screening and/or diagnosis of potential litigants, including those with claims filed in this Court.

3.    RTS was engaged by various law firms to screen and/or diagnose individuals with pneumoconiosis for litigation rather than medical purposes. Given the nature of this work and the nature of the records generated by RTS, this Court finds that the documents, materials and items that are subject to this Court's subpoena do not fall within the scope of HIPAA.

SO ORDERED this the 9th day of March, 2006.

UNITED STATES DISTRICT COURT JUDGE

James T. Giles    J.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully petition this Court to enter an order confirming that the subpoenaed documents and materials in the possession of RTS relating to the screening and/or diagnosis of persons for litigation purposes (which this Court has deemed discoverable per its prior orders on these issues) are not within the scope of HIPAA.

THIS, the ___ day of March, 2006.

Walter G. Watkins, Jr. (MSB# 6988)
Marcy B. Croft (MSB# 10864)
Mary Margaret Ratliff (MSB# 100672)
Ashley E. Calhoun (MSB# 101303)

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100S
Post Office Box 22608
Jackson, Mississippi 39225-2608
Phone: (601) 960-8600
Fax: (601) 960-8613

**Agreed Order re
Innervisions Inc. and Innervisions Medical Services**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

CIVIL ACTION NO.: MDL 875

THIS DOCUMENT RELATES TO:
ALL PENDING ACTIONS

## AGREED ORDER

This cause has come before this Court at the request of various parties regarding Innervisions, Inc. and Innervisions Medical Services, a non-party entity involved in the screening of potential litigants in asbestos litigation (hereinafter "Innervisions"). The parties agree that the documents and materials in the possession of Innervisions relating to screening and/or diagnosis of persons for litigation purposes are not within the scope of the Health Insurance Portability and Accountability Act ("HIPAA"). Having been fully advised in the premises, this Court finds that the request for such an order should be granted.

IT IS, THEREFORE, ORDERED THAT:

1.     Pursuant to prior orders of this Court and the provisions of the Federal Rules of Civil Procedure, subpoenas have been issued to various screening companies and doctors who screened and/or diagnosed plaintiffs in the above-referenced litigation.

2.     On October 31, 2005, the Clerk of this Court issued a subpoena to Innervisions, Inc. and Innervisions Medical Services for the production of documents, materials and items relating to the screening and/or diagnosis of potential litigants, including those with claims filed in this Court.

3.     Innervisions was engaged by various law firms to screen and/or diagnose individuals with pneumoconiosis for litigation rather than medical purposes. Given the nature of this work and the nature of the records generated by Innervisions, this Court finds that the documents, materials and items that are subject to this Court's subpoena do not fall within the scope of HIPAA.

SO ORDERED this the 22nd day of February, 2006.

UNITED STATES DISTRICT COURT JUDGE
James T. Giles, J.

Agreed to and Prepared by:

Mary Margaret Ratliff (MSB# 100672)
Walter G. Watkins, Jr. (MSB# 6988)
Marcy Croft (MSB# 10864)
Ashley Calhoun (MSB# 101303)
Forman Perry Watkins Krutz & Tardy LLP
Post Office Box 22608
Jackson, MS 39225-2608

Agreed to and Approved by:

Betsy Miller, Custodian of Records
Innervisions, Inc.
Innervisions Medical Services
211 E. Port Drive
Brandon, MS 39047