IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| ) | |
| Debtors. ) | Re: Docket No. 13120 |
| ) | |

## SUPPLEMENTAL ORDER REGARDING PRODUCTION OF X-RAYS BY NON-MESOTHELIMOMA CANCER CLAIMANTS

This Supplemental Order relates to the Expedited Motion to Modify Order Regarding Production of X-Rays Based on Substantial Non-Compliance with Order filed by W.R. Grace & Co., *et al.* (collectively, "Grace" or "Debtors"), which Grace sought leave to file on January 30, 2007, which leave was granted by the Court on January 31, 2007 ("Debtors' Emergency Motion"). This Supplemental Order supplements and, as provided herein, modifies, the Order Regarding X-Ray Evidence entered by the Court on December 22, 2006 (the "December 22 Order"). The Official Committee of Asbestos Personal Injury Claimants (the "ACC"); the Future Claimants' Representative (the "FCR"); firms Represented by Stutzman, Bromberg, Esserman & Plifka (the "Esserman Firms"); Cooney & Conway; Motley Rice; the Libby Claimants; firms represented by Montgomery, McCracken Walker & Rhoads, LLP (the "MMWR Firms"); and Kelley & Ferraro each filed separate papers opposing Debtors' Emergency Motion. On February 5, 2007, this Court heard arguments on Debtors' Emergency Motion from counsel for Grace, the ACC, the FCR, the Esserman Firms, the MMWR Firms, and the Libby Claimants, respectively, via telephone.

The Court declined at such hearing to find non-compliance with the December 22 Order on the part of any person or entity. Nevertheless, upon consideration of Debtors' Emergency Motion, the various oppositions thereto, and the arguments of counsel, and upon being advised that Grace, the Esserman Firms, and the MMWR Firms have agreed to the entry of this Supplemental Order and that neither the ACC nor the FCR oppose its entry (however, the ACC and the FCR expressly agree to the relief provided in Paragraph 4 below), it is hereby ORDERED that:

1. Any claimant (*i.e.*, any personal injury claimant alleging against Grace an asbestos-related cancer other than mesothelioma who has produced, alleged or indicated in a current Questionnaire response or in a Questionnaire response filed on or before January 12, 2007, that he or she has x-ray evidence that such cancer is attributable to asbestos exposure (such persons being collectively "Claimants" with each a "Claimant")) required to produce x-rays pursuant to the December 22 Order who (a) has submitted, or (b) submits by March 15, 2007 his or her

   (i) original chest x-ray; or

   (ii) a copy thereof with the certification described in numbered paragraph 2 of the December 22 Order;

to Rust Consulting, Inc. ("Rust") has no further obligation under this Supplemental Order.

2. Except as otherwise provided in this Supplemental Order, each Claimant who does not comply with Paragraph 1 hereof shall cause his or her original chest x-ray to be copied and shall instruct the copy service that a true and accurate copy is to be made. If a Claimant's original chest x-ray no longer exists or cannot be obtained by such Claimant, that non-existence or inability to obtain the original shall be certified in writing by counsel for the Claimant, and the best available copy of such Claimant's chest x-ray shall be sent out for copying with the same instruction to the copy

service set forth above. After copying is complete, each Claimant, through counsel, shall send the copy to Rust, together with a written certification as to such Claimant's submission that counsel is unaware of any material difference between the copy and the Claimant's original chest x-ray or best available copy of Claimant's chest x-ray, as the case may be. All such copies and certifications shall be sent to Rust no later than March 15, 2007.

3. In the event a copy of a Claimant's chest x-ray is already in the possession of such Claimant's counsel, then counsel may send the best available copy to Rust together with the written certification described in Paragraph 2 above on or before March 15, 2007, in lieu of obtaining another copy from the Claimant's original chest x-ray.

4. For purposes of the forthcoming proceeding to estimate Grace's liability for pending and future asbestos personal injury claims (the "Estimation Proceeding") only, and for no other purpose, each copy of a chest x-ray submitted to Rust in compliance with Paragraphs 1, 2 or 3 above will be deemed not to be materially different in any respect from the original chest x-ray; provided, however, that all parties to the Estimation Proceeding reserve the right to seek access to selected, particular Claimants' original chest x-rays (or best available copies if no original exists) in connection with testing the opinions of expert witnesses in the Estimation Proceeding.

5. As to each Claimant for whom no original chest x-ray or copy exists, written certification to this effect shall be made by such Claimant's counsel to Debtors' counsel no later than March 15, 2007.

6. Where a Claimant's chest x-ray exists (either a copy or the original) and neither such Claimant nor his or her counsel provides the original (or a copy thereof with a certification as

provided in numbered Paragraphs 1, 2 or 3 above), the Court will consider, upon expedited motion, how to facilitate Grace's inspection of such chest x-ray and whether to order that such Claimant's chest x-ray be sent to a repository of the Court.

7. Upon written request, Grace shall promptly reimburse a Claimant (or his or her counsel, as the case may be) for the actual and reasonable costs of (i) copying a chest x-ray, (ii) obtaining the certifications contemplated herein or in the December 22 Order from a medical professional or x-ray copy facility, (iii) obtaining a chest x-ray from a hospital, medical provider or other third party in the business of the storage and/or retrieval of medical records; and (iv) sending copies of chest x-rays to Rust. For purposes of this Paragraph 7, actual costs that aggregate to no more than $150 per chest x-ray (or copy) shall be presumed to be reasonable. Notwithstanding the foregoing, Grace shall not be responsible for the cost of obtaining chest x-rays from a Claimant's law firm's storage facility, nor shall Grace be responsible for any Claimant's law firm's internal or administrative costs in gathering and processing chest x-rays pursuant to the terms of this Supplemental Order or the December 22 Order.

8. All submissions to Rust required herein shall be made in the manner, and with the Claimant-specific information specified in, Paragraph 1 of the December 22 Order. Paragraph 5 of the December 22 Order shall apply to all chest x-rays sent to Rust pursuant to the terms of this Supplemental Order. Any (i) original chest x-ray sent to Rust pursuant to this Supplemental Order or the December 22 Order or (ii) copy, if the copy of the chest x-ray sent to Rust is the best copy available pursuant to Paragraph 3 above, shall be returned within sixty (60) days of written request to Rust by or on a Claimant's behalf. Upon entry of this Order, Claimants or their

counsel thereafter submitting original x-rays or best available copies pursuant to (i) and/or (ii) of the preceding sentence shall expressly identify the x-rays as such in writing in their submission to Rust. Upon the Effective Date of a confirmed plan of reorganization in Grace's chapter 11 cases or upon the finality of an order either dismissing Grace's chapter 11 cases or converting them to a liquidation proceeding, all chest x-rays not returned by Grace pursuant to the third sentence of this Paragraph 8 shall be destroyed or, upon written request by or on behalf of a Claimant, returned to the Claimant (or his or her counsel) unless otherwise ordered by the Court upon notice to affected Claimants.

9. Any certification concerning chest x-rays made pursuant to Paragraphs 1, 2, 3 or 5 above or pursuant to Paragraph 2 of the December 22 Order shall be solely for purposes related to the Estimation Proceeding and shall not be binding for any other purpose (such as, without limitation, the allowance or liquidation of any particular Claimant's asbestos personal injury claim).

10. All parties to the Estimation Proceeding are hereby entitled to supplement their expert reports in connection with the Estimation Proceeding (including expert reports dealing with both estimation and non-estimation issues in the Estimation Proceeding) with respect to any findings related to the review of the chest x-rays sent to Rust pursuant to this Supplemental Order or the December 22 Order, <u>provided that</u> any party so supplementing undertakes such review and effects its supplementation on a timely basis in the exercise of reasonable diligence, but in no event later than fifteen (15) days prior to the close of expert discovery in the Estimation Proceeding.

**IT IS SO ORDERED.**

_____  
JUDITH K. FITZGERALD  
United States Bankruptcy Judge

Wilmington, Delaware  
February __, 2007