## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | **Chapter 11** |
| W.R. GRACE & CO., <u>et al.</u> | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | Objection Deadline: June 8, 2007 at 4:00 p.m. |
| | ) | Hearing: June 25, 2007 at 2:00 p.m. |

### ELEVENTH QUARTERLY INTERIM FEE APPLICATION OF
### DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE,
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
### <u>FOR THE PERIOD OF OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006</u>

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this

Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals

and Official Committee Members, signed April 17, 2002, amending the Court's

Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code

Establishing Procedures for Allowance and Payment of Monthly Interim Compensation

and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the

"Administrative Order"), David T. Austern, the Future Claimants Representative

("FCR") hereby submits this eleventh quarterly interim application (the "Eleventh

Quarterly Interim Application") for an allowance of (i) compensation for professional

services rendered to W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for

the period of October 1, 2006 through December 31, 2006 (the "Interim Period"), and (ii)

the reimbursement of expenses incurred during the same period.

By this Eleventh Quarterly Fee Application the FCR seeks the interim allowance of compensation in the amount of $13,750.00 and reimbursement of actual and no necessary expenses for a total of $13,750.00, or 100% of all compensation and expense reimbursement requested, for the period October 1, 2006 through December 31, 2006 (the "Interim Period"). In support of this Eleventh Quarterly Interim Application, the FCR respectfully represents as follows:

### Jurisdiction

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

### Background

2.    On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.    By an Order entered September 27, 2004, the Court appointed the FCR for the above captioned cases effective as of May 24, 2004.

### Monthly Fee Applications Covered Herein

4.    The FCR filed his Twenty-Sixth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Period October 1-31, 2006 (the "Twenty-Sixth Monthly") on January 16, 2007 requesting $2,560.00 (80% of $3,200.00) in fees and no expenses [Docket No. 14314]. The deadline to file objections expired February 5, 2007 no objections were filed and the FCR filed a Certificate of No Objection on February 20, 2007 [Docket No. 14609]. The Twenty-Sixth Monthly is

-2-

attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

     5.     The FCR filed his Twenty-Seventh Monthly Application for

Compensation for Services Rendered and Reimbursement of Expenses for the Period

November 1-30, 2006 (the "Twenty-Seventh Monthly") on January 16, 2007 requesting

$6,000.00 (80% of $7,500.00) in fees and no expenses [Docket No. 14315]. The deadline

to file objections expired February 5, 2007; no objections were filed and the FCR filed a

Certificate of No Objection on February 20, 2007 [Docket No. 14611]. The Twenty-

Seventh Monthly is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.

     6.     The FCR filed his Twenty-Eighth Monthly Application for Compensation

for Services Rendered and Reimbursement of Expenses for the Period December 31,

2006 (the "Twenty-Eighth Monthly") on February 21, 2007 requesting $2,440.00 (80%

of $3,050.00) in fees and no expenses [Docket No. 14625]. The deadline to file

objections will expire on March 13, 2007. If no objections are filed, the FCR will file a

Certificate of No Objection shortly thereafter. The Twenty-Eighth Monthly is attached

hereto as <u>Exhibit C</u> and incorporated herein by reference.

     7.     The Twenty-Sixth, Twenty-Seventh and Twenty-Eighth Monthly Fee

Applications covered by this Eleventh Quarterly Fee Application contain detailed daily

time logs describing the actual and necessary services provided by the FCR during the

Interim Period as well as other detailed information to be included in fee applications.

**<u>Requested Relief</u>**

     8.     By this Eleventh Quarterly Application, the FCR requests that the Court

approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by the FCR from October 1, 2006 through December 31, 2006. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Twenty-Sixth, Twenty-Seventh, and Twenty-Eighth Monthly fee applications attached hereto as Exhibit A (October), B (November) and C (December).

9.     At all relevant times, the FCR has been an disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of future asbestos claimants.

10.    All services for which compensation is requested by the FCR were performed in his capacity as FCR and not on behalf of any Debtor, committee, creditor, or other person.

11.    Other than the Debtors' obligation to pay fees and expenses allowed by this Court, the FCR has received no payment and no promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases. There is no agreement or understanding between the FCR and any other person for the sharing of compensation to be received for services rendered in these cases.

WHEREFORE, the FCR respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period October 1, 2006 through December 31, 2006, an allowance be made to the FCR in the sum of $13,750.00 as compensation for reasonable and necessary professional services rendered and no expenses for a total of $13,750.00, that the Debtors be authorized and directed to pay to FCR the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

David T. Austern, Future Claimants Representative
3110 Fairview Park Drive, Suite 200
Falls Church, VA  22042-0683
(703) 205-0835

Dated: February 16, 2007

-5-