# PUBLIC NOTICE

US Army Corps of Engineers
Philadelphia District
2nd and Chestnut Street
Philadelphia, Pennsylvania
19106-2991
ATTN: CENAP-OP-R

Public Notice No.
Date: OCT 12 1990
Application No.
File No.
In Reply Refer to:
Regulatory Guidance Letter 90-7

Special Public Notice
Regulatory Guidance Letter 90-7
Clarification of the Phrase "Normal
Circumstances" as it pertains to Cropped
Wetlands

On 26 September 1990, Headquarters, U.S. Army Corps of Engineers issued the attached Regulatory Guidance Letter (RGL 90-7). The purpose of RGL 90-7 is to provide guidance on how areas that have been identified by SCS as "prior converted cropland" will be handled for purposes of Section 404 of the Clean Water Act. Specifically, RGL 90-7 provides that areas that qualify as "prior converted cropland" are not subject to Section 404. A related type of area identified by SCS as "farmed wetlands" as well as all prairie pothole and playa lake wetlands remain subject to Section 404. Definitions of "prior converted cropland" and "farmed wetlands" can be found in the attached RGL 90-7. Effective 26 September 1990 no permits from the Corps are required for any activities in prior converted cropland. On the other hand, activities that involve the discharge of dredged or fill material into "farmed wetlands" or playa or pothole wetlands will continue to require a permit from the Corps, unless the activity involves normal agricultural practices that are covered by the Section 404(f) exemptions.

The Corps is taking this action based on our experience and judgment that areas identified as "prior converted cropland" have been substantially altered from a hydrologic and vegetative perspective. The areas were once wetlands but the water regime has been altered by physical manipulation, such as drainage, to the extent that non-wetland crops can be grown. Furthermore, the areas are actively managed by cultivating upland crops to the extent that wetland vegetation does not occur. The hydrology has been altered to the extent that it meets minimally or not at all the criteria for a wetland in the wetland delineation manual. Since the vegetation is actively managed as agricultural crops and the water regime has been altered to the extent it may not meet the criteria in the manual, the Corps has determined that "prior converted cropland" should not be identified as waters of the U.S. for purposes of Section 404.

Regionally, the Corps of Engineers is working with the Environmental Protection Agency, and the Soil Conservation Service to develop procedures for the confirmation of the limits of jurisdiction under Section 404. We will be issuing a Public Notice announcing the local procedures as soon as they have been finalized.

This change in the manner in which the Corps handles "prior converted cropland" should not, in any way, be construed as a weakening of the Corps' regulation of waters of the U.S. under Section 404. Indeed, another reason that the Corps has decided not to regulate activities in "prior converted cropland" is so we can focus our attention on aquatic systems with demonstrated, ecologically valuable functions and values.

Kenneth M. Clow
Lieutenant Colonel, Corps of Engineers
District Engineer

Exhibit 1



**US Army Corps
of Engineers**
Office, Chief of Engineers

# Regulatory Guidance Letter

No. 90-7          Date 26 SEP 90          Expires 31 DEC 93

CECW-OR

SUBJECT: Clarification of the Phrase "Normal Circumstances" as it pertains to Cropped Wetlands.

1. The purpose of this regulatory guidance letter (RGL) is to clarify the concept of "normal circumstances" as currently used in the Army Corps of Engineers definition of wetlands (33 CFR 328.3(b)), with respect to cropped wetlands.

2. Since 1977, the Corps and the Environmental Protection Agency (EPA) have defined wetlands as:

> "areas that are inundated or saturated by surface or groundwater at a frequency and duration sufficient to support, and that under <u>normal circumstances</u> do support, a prevalence of vegetation typically adapted for life in saturated soil conditions..." (33 CFR 328.3(b)) (emphasis added).

While "normal circumstances" has not been defined by regulation, the Corps previously provided guidance on this subject in two expired "normal circumstances" RGLs (RGLs 82-2 and 86-9). These RGLs did not specifically deal with the issue of wetland conversion for purpose of crop production.

3. When the Corps adopted the <u>Federal Manual for Identifying and Delineating Jurisdictional Wetlands</u> (Manual) on 10 January 1989, the Corps chose to define "normal circumstances" in a manner consistent with the definition used by the Soil Conservation Service (SCS) in its administration of the Swampbuster provisions of the Food Security Act of 1985 (FSA). Both the SCS and the Manual interpret "normal circumstances" as the soil and hydrologic conditions that are normally present, without regard to whether the vegetation has been removed [7 CFR 12.31(b)(2)(i)] [Manual page 71].

CECW-OR
SUBJECT: Clarification of the Phrase "Normal Circumstances" as it pertains to Cropped Wetlands

4. The primary consideration in determining whether a disturbed area qualifies as a section 404 wetland under "normal circumstances" involves an evaluation of the extent and relative permanence of the physical alteration of wetlands hydrology and hydrophytic vegetation. In addition, consideration is given to the purpose and cause of the physical alterations to hydrology and vegetation. For example, we have always maintained that areas where individuals have destroyed hydrophytic vegetation in an attempt to eliminate the regulatory requirements of section 404 remain part of the overall aquatic system, and are subject to regulation under section 404. In such a case, where the Corps can determine or reasonably infer that the purpose of the physical disturbance to hydrophytic vegetation was to avoid regulation, the Corps will continue to assert section 404 jurisdiction.

5. The following guidance is provided regarding how the concept of "normal circumstances" applies to areas that are in agricultural crop production:

    a. "Prior converted cropland" is defined by the SCS (Section 512.15 of the National Food Security Act Manual, August 1988) as wetlands which were both manipulated (drained or otherwise physically altered to remove excess water from the land) and cropped before 23 December 1985, to the extent that they no longer exhibit important wetland values. Specifically, prior converted cropland is inundated for no more than 14 consecutive days during the growing season. Prior converted cropland generally does not include pothole or playa wetlands. In addition, wetlands that are seasonally flooded or ponded for 15 or more consecutive days during the growing season are not considered prior converted cropland.

    b. "Farmed wetlands" are wetlands which were both manipulated and cropped before 23 December 1985, but which continue to exhibit important wetland values. Specifically, farmed wetlands include cropped potholes, playas, and areas with 15 or more consecutive days (or 10 percent of the growing season, whichever is less) of inundation during the growing season.

CECW-OR
SUBJECT: Clarification of the Phrase "Normal Circumstances" as it pertains to Cropped Wetlands

    c. The definition of "normal circumstances" found at page 71 of the Manual is based upon the premise that for certain altered wetlands, even though the vegetation has been removed by cropping, the basic soil and hydrological characteristics remain to the extent that hydrophytic vegetation would return if the cropping ceased. This assumption is valid for "farmed wetlands" and as such these areas are subject to regulation under section 404.

    d. In contrast to "farmed wetlands", "prior converted croplands" generally have been subject to such extensive and relatively permanent physical hydrological modifications and alteration of hydrophytic vegetation that the resultant cropland constitutes the "normal circumstances" for purposes of section 404 jurisdiction. Consequently, the "normal circumstances" of prior converted croplands generally do not support a "prevalence of hydrophytic vegetation" and as such are not subject to regulation under section 404. In addition, our experience and professional judgment lead us to conclude that because of the magnitude of hydrological alterations that have most often occurred on prior converted cropland, such cropland meets, minimally if at all, the Manual's hydrology criteria.

    e. If prior converted cropland is abandoned (512.17 National Food Security Act Manual as amended, June 1990) and wetland conditions return, then the area will be subject to regulation under section 404. An area will be considered abandoned if for five consecutive years there has been no cropping, management or maintenance activities related to agricultural production. In this case, positive indicators of all mandatory wetlands criteria, including hydrophytic vegetation, must be observed.

    f. For the purposes of section 404, the final determination of whether an area is a wetland under normal circumstances will be made pursuant to the 19 January 1989 Army/EPA Memorandum of Agreement on geographic jurisdiction. For those

3

CECW-OR
SUBJECT: Clarification of the Phrase "Normal Circumstances" as it pertains to Cropped Wetlands

cropped areas that have previously been designated as "prior converted cropland" or "farmed wetland" by the SCS, the Corps will rely upon such a designation to the extent possible. For those cropped areas that have not been designated "prior converted cropland" or "farmed wetland" by the SCS, the Corps will consult with SCS staff and make appropriate use of SCS data in making a determination of "normal circumstances" for section 404 purposes. Although every effort should be made at the field level to resolve Corps/SCS differences in opinion on the proper designation of cropped wetlands, the Corps will make the final determination of section 404 jurisdiction. However, in order to monitor implementation of this RGL, cases where the Corps and SCS fail to agree on designation of prior converted cropland or farmed wetlands should be documented and a copy of the documentation forwarded to CECW-OR.

6. This policy is applicable to section 404 of the Clean Water Act only.

7. This guidance expires 31 December 1993 unless sooner revised or rescinded.

FOR THE COMMANDER:

PATRICK J. KELLY
Major General, USA
Director of Civil Works

4