IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: March 12, 2007 at 4:00 p.m.** |
| | ) | **Hearing Date: June 25, 2007 at 2:00 p.m.** |

**EIGHTEENTH INTERIM QUARTERLY FEE APPLICATION REQUEST
OF HAMILTON, RABINOVITZ & ALSCHULER, INC. FOR
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS CONSULTANTS TO THE
OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
FOR THE PERIOD OF OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006**

| | |
|---|---|
| Name of Applicant: | Hamilton, Rabinovitz & Alschuler, Inc. |
| Authorized to provide professional services to: | Official Committee of Asbestos Property Damage Claimants |
| Date of retention: | Retention order entered on February 20, 2002, <u>Nunc Pro Tunc</u>, to May 2, 2001 |
| Period for which compensation and reimbursement is sought: | October 1, 2006 through December 31, 2006 |
| Amount of compensation sought as actual reasonable and necessary: | $13,880.00 |
| Amount of expense reimbursement sought as actual reasonable and necessary: | $0.00 |

This is an: X interim ___ final application

This is the eighteenth quarterly application filed.

## ATTACHMENT "B" TO FEE APPLICATION
## SUMMARY OF HOURS – HR&A, Inc.

| Name of Professional Person | Position of Applicant | Number of Years in Position | Dept. | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Francine F. Rabinovitz | Exec V.P./Partner | N/A | N/A | $600.00 | 12.3 | $7,380.00 |
| Robert H. Sims | Associate | N/A | N/A | $500.00 | 1.2 | $600.00 |
| Paul K. Honig | Associate | N/A | N/A | $300.00 | 6.0 | $1,800.00 |
| Joshua S. Katz | Associate | N/A | N/A | $250.00 | 16.4 | $4,100.00 |
| | | | | Total: | 35.9 | $13,880.00 |
| | | | | | GRAND TOTAL | $13,880.00 |
| | | | | | Blended Rate: | $386.63 |

## COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Claims Analysis and Valuation/Claim Analysis, Objection & Resolution (Asbestos) | 35.9 | $13,880.00 |
| Total | 35.9 | $13,880.00 |

## EXPENSE SUMMARY

| | | | |
|---|---|---|---|
| 1. | Data Entry | | |
| 2. | Court Reporter | | |
| 3. | Messenger Services | | |
| 4. | Photocopies | | |
| | (a)   In-house copies @ .15 | N/A | |
| | (b)   Outside copies (at cost) | N/A | |
| 5. | Postage | | |
| 6. | Overnight Delivery Charges | | |
| 7. | Long Distance Telephone Charges | | |
| 8. | Telecopies | | |
| 9. | Research Materials | | |
| 10. | Miscellaneous expenses of J. Katz | | |
| 11. | Travel Expenses | | |
| | (a)   Airfare | | |
| | (b)   Meals | | |
| | (c)   Parking, Car Rental & Mileage | | |
| | (d)   Lodging | | |
| | (e)   Taxicabs | | |
| **TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENT** | | | N/A |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline: March 12, 2007 at 4:00 p.m. |
| | ) | Hearing Date: June 25, 2007 at 2:00 p.m. |

**EIGHTEENTH INTERIM QUARTERLY FEE APPLICATION REQUEST
OF HAMILTON, RABINOVITZ & ALSCHULER, INC. FOR
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS CONSULTANTS TO THE
OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS
FOR THE PERIOD OF OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006**

Hamilton, Rabinovitz & Alschuler, Inc. (the "Applicant"), consultants to the Official Committee of Asbestos Property Damage Claimants ("PD Committee") of the above-captioned debtors (the "Debtors") in this Court, hereby submits its eighteenth interim quarterly fee application (the "Application") pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the Administrative Fee Order (defined below) for approval and allowance of compensation for services rendered and for reimbursement of expenses incurred in connection therewith, respectfully represents as follows:

### I. Introduction

1. The Applicant, as consultants to the PD Committee, seeks (i) approval and allowance, pursuant to Section 331 of the Bankruptcy Code of compensation for the professional services rendered by Applicant as consultants for the PD Committee from October 1, 2006 through December 31, 2006 (the "Application Period") in the aggregate amount of $13,880.00 representing 35.9 hours of professional services and (ii) reimbursement of actual and necessary expenses incurred by the Applicant during the Application Period in connection with the rendition of such professional services in the aggregate amount of $0.00.

2. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On April 2, 2001, each of the Debtors filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate its business and manage their properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 cases have been procedurally consolidated and are being jointly administered. No trustee or examiner has been appointed in this case.

4. On April 12, 2001, the United States Trustee formed the PD Committee. Thereafter, the PD Committee approved the retention of Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin") as its counsel.

5. By order dated February 20, 2002, the Court authorized the PD Committee to retain the Applicant nunc pro tunc to May 2, 2001, pursuant to 11 U.S.C. §§ 1103 and 328, as consultants to the PD Committee in the Consolidated Cases.

6. This is the eighteenth interim quarterly fee application request that the Applicant has filed with the Court for an allowance of compensation and reimbursement of expenses for services rendered to the PD Committee. This application is submitted pursuant to the terms of the Administrative Order Under §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members approved by the Court on May 3, 2001, as amended by the Court's order of April 17, 2002 (collectively, the "Administrative Fee Order"). Previously, in accordance with the Administrative Fee Order, the Applicant has filed with the Court 2 monthly fee applications that are the subject of this Application, which are summarized as follows:

| Date Filed | Period Covered | Fees Requested | Expenses Requested | Objections |
|---|---|---|---|---|
| 12/04/2006 | 10/1/2006-10/31/2006 | $4,830.00 | $0.00 | N/A |
| 01/04/2006 | 11/1/2006-11/30/2006 | $3,050.00 | $0.00 | N/A |
| 1/31/2007 | 12/1/2006-12/31/2006 | $6,000.00 | $0.00 | N/A |
| **Totals** | | **$13,880.00** | **$0.00** | |

7. The Applicant has received no payment and no promise for payment from any source for services rendered in connection with these cases. There is no agreement or understanding

between the Applicant and any other person for the sharing of compensation to be received hereunder.

8. As stated in the Certification of Paul J. Silvern, Partner, attached hereto as Exhibit "A," all of the services for which compensation is sought herein were rendered for and on behalf of the PD Committee solely in connection with these cases.

### III. Summary of Services Rendered

9. In accordance with Local Rule 2016-2 dated December 12, 1996 and the Administrative Fee Order, and to assist the Court, the Debtors, the U.S. Trustee and other parties in interest in evaluating this Application, the primary services performed by the Applicant during the Application Period are summarized in the Summary attached hereto as Exhibit "B." The summary reflects certain services of major importance which required the special attention, efforts and skill of Applicant. The Applicant's services throughout the Application Period have been valuable to the PD Committee in providing consultation.

10. In accordance with the Administrative Fee Order and the Local Rules, a summary sheet of the professionals and their corresponding names, years of experience, hourly rates and the number of hours incurred by each is set forth on Attachment B. The hourly rates reflect what the Applicant generally charges its other clients for similar services. An itemization including identification of services performed by the professionals sorted by date and time keeper is attached hereto as Exhibit "C," which also contains a statement of the Applicant's disbursements, necessarily incurred in the performance of the Applicant's duties as consultants to the PD Committee.

### IV. Conclusion

11. The Applicant has necessarily and properly expended 35.9 hours of services in the performance of its duties as consultants to the PD Committee during the Application Period. Such services have a fair market value of $13,880.00. The work involved and thus the time expended, was carefully assigned in light of the expertise required for each particular task.

12. In addition, the Applicant incurred actual out-of-pocket expenses in connection with the rendition of services to the PD Committee in the sum of $0.00 for which it respectfully requests reimbursement in full.

13. The Applicant has reviewed the requirements set forth in Local Rule 2016-2 and believes that this Application for interim compensation complies therewith.

14. The Applicant has made no prior application in this or any other Court for the relief sought herein.

WHEREFORE, the Applicant respectfully requests pursuant to the Administrative Fee Order: a) the approval and allowance, pursuant to section 331 of the Bankruptcy Code of compensation for professional services rendered to the PD Committee during the Application Period of October 1, 2006 through December 31, 2006 in the amount of $13,880.00, b) the approval and allowance of Applicant's out-of-pocket expenses incurred in connection with the rendition of such services during the Application Period of October 1, 2006 through December 31, 2006 in the amount of $0.00; and c) such other relief as the Court deems just.

Dated: February 22, 2007

        BILZIN SUMBERG BAENA PRICE & AXELROD LLP
        Counsel to the Official Committee of Asbestos Property Damage Claimants
        2500 Wachovia Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131-2385
        Telephone: (305) 374-7580
        Facsimile: (305) 374-7593

        By: /s/ Jay M. Sakalo
            Scott L. Baena (Admitted Pro Hac Vice)
            Jay M. Sakalo (Admitted Pro Hac Vice)