IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Hearing Date: April 2, 2007 at 2:00 p.m.**
**Responses Due: March 16, 2007**

**DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CROSS-DEBTOR DUPLICATE CLAIMS (SUBSTANTIVE)**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel of record, file this Twenty-First Omnibus Objection to Claims (the "Twenty-First Omnibus Objection") to Cross-Debtor Duplicate Claims as defined herein. Each of the Claimants, or their affiliates, filed multiple identical claims for the same liability against multiple Debtors in these Chapter 11 Cases.

Over the last several month, the Debtors have renewed their efforts to resolve as many non-asbestos claims as possible. At present, there are approximately 1,000 open and active non-

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

asbestos claims on the Claims Register. However, it is extremely misleading, and does not accurately reflect the potential liabilities of the Debtors, to have the Claims Register reflect 1,000 unresolved non-asbestos claims when at least 550 of those claims are duplicative in nature.[2] In support of this Objection, the Debtors state as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

## Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

[2] Over the last several months, Debtors' counsel has been negotiating individual stipulations with certain of the claimants whose duplicate claims are being objected to herein. To the extent that the parties successfully execute a stipulation prior to the April 2, 2007 hearing date, the stipulation will be presented to this Court for approval and the relevant claims for such creditor will be removed from this Objection.

## Claims Bar Date

4. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). In the fall of 2006, the Court also set a bar date for asbestos personal injury litigation claims pending as of the chapter 11 petition date. No bar date has been established for claims related to Zonolite Attic Insulation.

## The Objection And Request For Relief

*Cross-Debtor Duplicate Claims*

5. By this Twenty-First Omnibus Objection, the Debtors object to, and seek an order disallowing and expunging the claims set forth in Exhibits A-C attached hereto[3] for the reasons described herein:

(a) Each claim set forth as "Other Cross-Debtor Duplicate" in Exhibit A attached hereto is a claim that is duplicative of a claim previously filed against one or more other Debtors in these Chapter 11 Cases (the "Other Cross-Debtor Duplicate Claims") and for which the Debtors seek expungement of the claim;

(b) Each claim set forth as "Sealed Air Cross-Debtor Duplicate" in Exhibit B attached hereto is a claim that is duplicative of a claim previously filed by Sealed Air Corporation or one of its affiliates against one or more other Debtors in these

[3] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. Unless otherwise stated, the inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

Chapter 11 Cases (the "Sealed Air Cross-Debtor Duplicate Claims") and for which the Debtors seek expungement of the claim; and

(c)    Each claim set forth as "Fresenius Cross-Debtor Duplicate" in Exhibit C attached hereto is a claim that is duplicative of a claim previously filed by Fresenius Medical Care Holdings, Inc. or one of its affiliates against one or more other Debtors in these Chapter 11 Cases (the "Fresenius Cross-Debtor Duplicate Claims" and together with the Sealed Air Cross-Debtor Duplicate Claims and the OtheCross-Debtor Duplicate Claims, the "Cross-Debtor Duplicate Claims") and for which the Debtors seek expungement of the claim.

6. To the extent that one or more of these claimants have filed multiple claims against the various Debtors based on a theory of joint and several liability, the Debtors assert that only one claim against the Debtors' operating entity, W. R. Grace & Co-Conn. (Case No. 01-1140), is appropriate. The Debtors filed their Amended Joint Plan of Reorganization (the "Plan"), on January 13, 2005, proposing that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors. The relief requested herein simply affords the Debtors the administrative convenience of minimizing duplicative claims prior to plan confirmation, and does not substantively alter a claimant's rights in respect of these claims.

7. With respect to the remainder of the Cross-Debtor Duplicate Claims, the same Claimant, or its affiliates, filed multiple claims for the same alleged liability. The Debtors have

reviewed their books and records and do not show any separate or independent basis for liability by the entities against whom the Cross-Debtor Duplicate Claims are asserted.

8. Thus, each Cross-Debtor Duplicate Claim is duplicative of another claim filed against the proper Debtor in these Chapter 11 Cases -- the Debtors' operating entity, W. R. Grace & Co-Conn. (Case No. 01-1140) (the "Cross-Debtor Surviving Claim"). In the case where a claimant has not alleged a joint and several liability, the Cross-Debtor Duplicate Claims are also objectionable as having been filed against the wrong Debtor.

9. Accordingly, the Debtors seek entry of an order (i) disallowing and expunging each Cross-Debtor Duplicate Claim listed on Exhibits A-C and (ii) leaving unaffected each Cross-Debtor Surviving Claim listed on Exhibits A-C. This relief is necessary to both prevent a situation where a Claimant receives duplicative or additional recovery on its claim and to maintain a proper and accurate Claims Register.

10. Where a creditor has filed different documentation in support of the Cross-Debtor Duplicate Claim and the Cross-Debtor Surviving Claim, the Debtors will treat all filed documentation as having been filed in support of the Cross-Debtor Surviving Claim. The Debtors reserve their right to further object to any of the Cross-Debtor Surviving Claims listed on Exhibits A-C on any ground whatsoever.

*Multiple Case Claims*

11. By this Twenty-First Omnibus Objection, the Debtors also object to, and seek an order disallowing and expunging, to the extent appropriate, the Multiple Case Claims set forth in Exhibits D for the reasons described herein.

12. Each of these four creditors listed on Exhibit D filed one proof of claim but noted that such claim was filed against Cases 01-1139 - 01-1200 (the "Multiple Case Claims"). The Debtors' Claims Agent, Rust Consulting, has only assigned one claim number to each of these

four Multiple Case Claims. To the extent appropriate, for the same reasons set forth for the Cross-Debtor Duplicate Claims above, the Debtors seek entry of an order (i) disallowing and expunging each of the four Multiple Case Claims listed on Exhibit D against Cases 01-1139 and 01-1141 - 01-1200 and (ii) leaving unaffected each Multiple Case Claims listed on Exhibit D against Case 01-1140.

**Separate Contested Matters**

13. If a response is filed regarding any claim listed in the Twenty-First Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim and the objection by the Debtors thereto asserted in the Twenty-First Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Twenty-First Omnibus Objection shall be deemed a separate order with respect to each claim.

**Responses to Omnibus Objections**

14. To contest an objection, a Claimant must file and serve a written response to this Twenty-First Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on March 16, 2007. Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on **March 16, 2007,** at the following addresses:

Kirkland & Ellis LLP
777 South Figueroa Street, 37th Floor
Los Angeles, California 90017
Attn: Lori Sinanyan

-and-

Pachulski Stang Ziehl Young Jones & Weintraub LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Attn: James E. O'Neill

Co-Counsel for the Debtors

15. Every Response to this Twenty-First Omnibus Objection must contain at a minimum the following:

(a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Twenty-First Omnibus Objection to which the Response is directed;

(b) the name of the Claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c) the specific factual basis and supporting legal argument upon which the party will rely in opposing the Twenty-First Omnibus Objection;

(d) any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

(e) the name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant.

16. If a Claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order disallowing and expunging the claim without further notice to the Claimant or a hearing.

**Replies to Responses**

17. The Debtors may, at their option, file and serve a reply to a Claimant's Response.

**Reservation**

18. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Twenty-First Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Twenty-First Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

19. Notwithstanding anything contained in this Twenty-First Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Twenty-First Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

**Notice**

20. The Debtors will serve copies of this Twenty-First Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

21. Bankruptcy Management Corporation, the Debtors' reconciliation agent, will serve a copy of the Twenty-First Omnibus Objection and the exhibits thereto upon those creditors that have filed claims that are affected by the Twenty-First Omnibus Objection.

22. The Debtors submit that notice of this Twenty-First Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

**No Previous Request**

23. No previous request for the specific relief set forth herein has been made to this or any other court.

**Compliance With Rule 3007-1**

24. This Twenty-First Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, except for Rule 3007-1(f)(i) and (f)(iii). The Debtors have filed a concurrent motion for leave from these Local Rules.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging each of the Cross-Debtor Duplicate Claims.

Dated: February 26, 2006

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

and

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

Co-Counsel for Debtors and Debtors in Possession