IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### DECLARATION OF MARK A. SHELNITZ IN SUPPORT OF DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

I, Mark A. Shelnitz, hereby declare that the following is true to the best of my knowledge, information and belief:

1.      I am the Vice President, General Counsel, and Secretary of W. R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Twenty-First Omnibus Objection (the "Twenty-First Omnibus Objection").

2.      I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Twenty-First Omnibus Objection and am, directly or

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

through the Debtors' personnel, attorneys, and Bankruptcy Management Corporation, the Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3.      Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4.      To date, more that 15,000 Proofs of Claim have been filed against the Debtors in these cases by holders of non-personal injury claims (the "Claimants").

5.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases.  These claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims, which are the subject of the Twenty-First Omnibus Objection.  Based on these efforts, the Debtors have determined that the claims listed in the Twenty-First Omnibus Objection should be disallowed and expunged as indicated in the Twenty-First Omnibus Objection.

6.      To the best of my knowledge and belief, I have determined that to the extent that one or more of the claimants have filed multiple claims against the various Debtors based on a theory of joint and several liability, the Debtors assert that only one claim against the Debtors' operating entity, W. R. Grace & Co-Conn. (Case No. 01-1140), is appropriate.

7.      The Debtors filed their Amended Joint Plan of Reorganization (the "Plan"), on January 13, 2005, proposing that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only.

15

8.      Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors.

9.      The relief requested in the Objection simply affords the Debtors the administrative convenience of minimizing duplicative claims prior to plan confirmation, and does not substantively alter a claimant's rights in respect of these claims.

10. With respect to the remainder of the Cross-Debtor Duplicate Claims, the same Claimant, or its affiliates, filed multiple claims for the same alleged liability.

11. The Debtors have reviewed their books and records and do not show any separate or independent basis for liability by the entities against whom the Cross-Debtor Duplicate Claims are asserted.

16

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

_Mark A. Shelnitz_
Mark A. Shelnitz
Vice President, General Counsel and Secretary


Subscribed and sworn to before me
This 26th day of February, 2007

_Diane E. Armstrong_

NOTARY PUBLIC, State of Maryland
My Commission Expires: 09/01/2008

17