IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: April 2, 2007 at 2:00 p.m.** |
| | ) | **Responses Due: March 16, 2007** |

## MOTION OF DEBTORS FOR LIMITED WAIVER OF DEL. BANKR. L. R. 3007-1 TO PERMIT FILING OMNIBUS OBJECTION TO APPROXIMATELY 550 CROSS-DEBTOR DUPLICATE CLAIMS

The Debtors hereby move for an order waiving, certain requirements and restrictions imposed by Delaware Bankruptcy Local Rule 3007-1 so that Debtors may file their Twenty-First Omnibus Objection to Cross-Debtor Duplicate Claims (the "Twenty-First Omnibus Objection" attached as Exhibit 1). While the Twenty-First Omnibus Objection is technically a substantive objection as contemplated by Local Rule 3007, the Twenty-First Omnibus Objection is, for all intents and purposes, a non-substantive duplicate claims objection.

To the extent Local Rule 3007 applies to the Twenty-First Omnibus Objection, the Debtors request that this Court waive: (i) the limitations concerning the number of claims that may be subject to a substantive omnibus objection and (ii) the requirement that the Debtors file all substantive objections to a particular claim in a single objection. Rather than raising all substantive objections with respect to the Cross-Debtor Duplicate Claims in the first instance, the Debtors have focused the Twenty-First Omnibus Objection on this administrative clean-up in an effort to eliminate hundreds of claims, prior to the Court having to adjudicate the merits of any of the legitimate surviving claims.

**Background**

1. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). In the fall of 2006, the Court also set a bar date for asbestos personal injury litigation claims pending as of the chapter 11 petition date. No bar date has been established for claims related to Zonolite Attic Insulation.

**The Debtors' Request for Leave to File Cross-Debtor Duplicate Claims Objection**

3. Sixteen creditors included in the Twenty-First Omnibus Objection filed approximately 563 claims against the Debtors. These multiple claims listed on the Claims Register paint an inaccurate picture of the Debtors' potential liabilities. The relief requested in the Twenty-First Omnibus Objection simply affords the Debtors the administrative convenience of minimizing duplicative claims prior to plan confirmation, and does not substantively alter a claimant's rights in respect of these claims.

4. To the extent that one or more of these claimants have filed multiple claims against the various Debtors based on a theory of joint and several liability, the Debtors assert that

2

only one claim against the Debtors' operating entity, W. R. Grace & Co-Conn. (Case No. 01-1140), is appropriate. The Debtors filed their Amended Joint Plan of Reorganization (the "Plan"), on January 13, 2005, proposing that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors. The relief requested in the Twenty-First Omnibus Objection simply affords the Debtors the administrative convenience of minimizing duplicative claims prior to plan confirmation, and does not substantively alter a claimant's rights in respect of these claims.

5. With respect to the remainder of the Cross-Debtor Duplicate Claims, the same Claimant, or its affiliates, filed multiple claims for the same alleged liability. The Debtors have reviewed their books and records and do not show any separate or independent basis for liability by the entities against whom the Cross-Debtor Duplicate Claims are asserted.

6. Thus, each Cross-Debtor Duplicate Claim is duplicative of another claim filed against the proper Debtor in these Chapter 11 Cases -- the Debtors' operating entity, W. R. Grace & Co-Conn. (Case No. 01-1140) (the "Cross-Debtor Surviving Claim"). In the case where a claimant has not alleged a joint and several liability, the Cross-Debtor Duplicate Claims are also objectionable as having been filed against the wrong Debtor.

7. Local Rule 3007-1, however, technically defines an objection based on duplicate claims filed against different debtors as substantive. As a result, without relief from the Local Rule, the Debtors would not be permitted to file objections to all approximately 550 claims in one omnibus objection -- it would actually have to file four separate omnibus objections -- and

3

would require the Debtors to assert all substantive objections it may have to the Cross-Debtor Duplicate Claims, not just the objection to the duplicative nature of these claims.

8.  Given the true non-substantive nature of the Twenty-First Omnibus Objection, proceeding in compliance with Local Rule 3007-1 makes no practical sense. The Twenty-First Omnibus Objection is much more in the nature of the type of objection contemplated by the Local Rules as being "non-substantive."

9.  If the Twenty-First Omnibus Objection is sustained, neither the Debtors nor the Court will be required to spend any more time on these Cross-Debtor Duplicate Claims. Furthermore, the Claims Register will more accurately reflect the true nature of the potential liabilities asserted against the Debtors, without being inflated several fold for duplicate claims.

### Relief Requested

10. Pursuant to Del. Bankr. L R 1001-1(c), the Debtors seek a limited waiver of the requirements and restrictions of Local Rule 3007-1 to file the Twenty-First Omnibus Objection with respect to (i) the limit on the number of claims that may be subject to a substantive omnibus claims objection; and (ii) the requirement that debtors assert all substantive objections to a particular claim in a single omnibus objection.

11. For the reasons indicated above, the Debtors believe that the relief requested is in the best interest of the estates, all creditors, and other parties in interest.

### Notice

12. The Debtors will serve copies of this Motion on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List"). Bankruptcy Management

Corporation, the Debtors' reconciliation agent, will serve a copy of the Motion thereto upon those creditors that have filed claims that are affected by the Twenty-First Omnibus Objection. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

13.  No prior request for the relief sought in this Motion has been made to this or any court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto (i) waiving certain requirements and restrictions imposed by Local Rule 3007-1; and (ii) granting such other and further relief as is just and proper.

Dated: February 26, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

DOCS_DE:125435.1