IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. [1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing Date: April 2, 2007 at 2:00 p.m.
Responses Due: March 16, 2007 at 4:00 p.m.

## DEBTORS' OBJECTION TO THE ROYALTY
## CLAIM OF CIRCLE BAR RANCH, INC.

The above-captioned debtors and debtors-in-possession (the "Debtors") object to the

Royalty Claim filed by Circle Bar and seek an order from this Court disallowing and expunging

the Royalty Claim.[2] In support, the Debtors state the following:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Terms not defined herein are defined in the Background section.

## Jurisdiction

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.      The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502, and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

## Background

3.      Between June 1974 and September 1980, W. R. Grace & Co. ("Grace") and Circle Bar Ranch, Inc. ("Circle Bar") entered into three different Option Agreements "A," "C," and "D" (collectively, the "Option Agreements").  The Option Agreements related to the purchase of certain real estate in Routt County, Colorado.  See Exhibit A at 20 (a letter summarizing the various agreements and discussing the royalty terms).

4.      The Option Agreements provide that if the options are exercised and Grace obtains the right to mine coal in areas in which the real estate is located, Grace is required to pay Circle Bar royalties for coal mined in those areas up to specified totals..  The options were exercised and the property sold to an affiliate of Grace in 1980.

5.      Grace never mined or produced any coal from the land purchased through the Option Agreements.

6.      Subsequently, Grace divested its coal related businesses.  In 1995, Grace sold essentially all the land purchased through the Option Agreements to Cottonwood Land Company ("Cottonwood") through the *"Agreement to Sell Real Property Known As the Williams Fork Mountain Ranch in Routt County, Colorado with H-G Coal Company and Axial Basin Ranch Company dated August 2, 1995,"* as amended on September 18 and September 22, 1995

2

(the "Cottonwood Real Estate Sale Agreements," attached as Exhibit B.) See Exhibit A at 5 and 9 (discussing the two sales).

7.    On April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

8.    By an order dated April 25, 2002, this Court set March 31, 2003, as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims.

9.    On March 25, 2003 Circle Bar filed claim numbered 6049 asserting liability of $3,536,552 (the "Royalty Claim," attached as Exhibit A) based on certain alleged breaches of the Option Agreements. The Royalty Claim alleges that: 1) in 1995, when Grace sold to Cottonwood the land it had purchased under the Option Agreements, Grace failed to obtain the required permission from Circle Bar; 2) Grace failed to inform Cottonwood of the royalty owed to Circle Bar; and 3) Grace owes Circle Bar royalties under the Option Agreements.

10.    As described in the *Declaration of James Sevem In Support of Debtors' Objection to the Royalty Claim of Circle Bar Ranch* (the "Sevem Declaration," attached as Exhibit C), Cottonwood still owns, and has not mined or produced any coal from, the land purchased from Grace.

**The Objections**

11.    The allegations asserted by Circle Bar in the Royalty Claim are meritless because: 1) the royalties contained in the Option Agreements are only due on coal "mined and produced" and no coal has been mined or produced by Grace, its affiliates, or Cottonwood; 2) the

3

allegations that Grace failed to receive permission from Circle Bar to sell the land and that Grace failed to inform Cottonwood of the royalty obligations are barred by the applicable statute of limitations; and 3) even if the claim is not barred by the statute of limitations, any damages would be speculative and therefore not allowed under Colorado law (the "Objection"). Accordingly, the Debtors request this Court entirely disallow and expunge the Royalty Claim.

### (a)    Grace Does Not Owe Circle Bar Any Royalties.

12.    Circle Bar alleges that Grace owes $3,536,552 in royalties based on the Option Agreements. However, in 1980 Circle Bar and Grace agreed that:

> [T]he obligation to make the royalty payments in the Option Agreements will arise **only** if Grace, the assignee, or an affiliate of either is granted the right to mine coal, in which event and **only** in which event the payments will be made with respect to any coal **mined, produced and sold** by Grace, the assignee, an affiliate of either, or anyone in privity of contract with any of the foregoing. (emphasis added)

See Exhibit A at 20. Grace and its affiliates never mined, produced, or sold any coal from the land purchased in the Option Agreements. See *Declaration of John McFarland in Support of the Debtors' Objection to the Royalty Claim of Circle Bar Ranch* at ¶ 5, attached as Exhibit D. Additionally, Cottonwood, Grace's assignee, has never mined, produced or sold any coal from the relevant property. See Sevem Declaration at ¶ 2. Thus, Grace has not breached any of its obligations with respect to the royalties. Furthermore, Grace does not owe, and will not owe, Circle Bar any royalties under the Option Agreements unless and until coal is mined. It is unclear at this point when, if ever, that will happen.

13.    Further, Circle Bar argues that because Grace is in bankruptcy and may "go out of business" Grace somehow owes the full royalty amount. See Exhibit A at 5. The fact that Grace may go out of business or is in bankruptcy is irrelevant to the issue of whether Grace owes Circle Bar royalties under the Option Agreements. As discussed above, the only

4

determining factor is whether coal has been mined from the properties at issue. Grace has not breached the royalty provisions of the Option Agreements because no coal has been mined to date. Therefore, Grace does not owe anything to Circle Bar.

**(b)     The Breach Of Contract Claims Relating To Improper Assignment And Failure To Inform Are Barred By The Applicable Statute Of Limitations.**

14.     Circle Bar also alleges that Grace breached the Option Agreements (a) by assigning the land acquired by the Option Agreements, without permission, to Cottonwood, and (b) by not informing Cottonwood of the royalties owed under the Option Agreements.

15.     The Option Agreements were executed in Colorado, which is also the situs of the land. Therefore, Colorado law applies to determine any questions over the effect of conveyance of the land. First National Bank v. Rostek, 182 Colo. 437, 514 P.2d 314 (1973) (Second Restatement of Conflict of Laws applies to Colorado); Restatement (Second) of Conflicts of Law: Validity and Effect of Conveyance of Interest in Land § 223 (1971) (the situs of the land determines which state's law applies to a suit over the effect of conveyance).

16.     Under Colorado law, there is a three year statute of limitations on contract actions. See Colo. Rev. Stat. Ann. § 13-80-101(1)(a). The time period to bring an action starts to accrue once the entity knows or should know that it has a cause of action. See Colo. Rev. Stat. Ann. § 13-80-108(6). At the very latest, Circle Bar knew of the alleged breach on July 24, 1997. See Exhibit A at 6 (a letter threatening a lawsuit over the alleged royalty obligations and referencing an earlier letter from Circle Bar dated July 24, 1997). Therefore, the statute of limitations expired on the two alleged breaches, at the very latest, on July 24, 2000, several years before the filing of the Royalty Claim.

5

(c)    **Any Damages Are Speculative.**

17.    Assuming arguendo that Grace has breached the option agreements and the three year statute of limitations does not apply, Grace does not have any liability to Circle Bar because any damages would be speculative. In the case of (a) failure to inform Cottonwood of the royalty provisions or (b) assigning the land without permission, the only possible damages would be lost royalties. As discussed above, there are no lost royalties because no coal has been mined from the land in question. Since Grace does not currently and may never owe Circle Bar anything under the Option Agreements, a damage award would be speculative and not allowed under Colorado law. See In re American Cable Productions, Inc., 62 B.R. 536, 539-40 (D. Col. 1986) (disallowing a royalty claim in bankruptcy because Colorado law does not allow for recovery of lost royalties when damages are not proven by the plaintiff and would be speculative).

**Reservation**

18.    The Debtors hereby reserve the right to object in the future to the Royalty Claim on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims and to file all other objections relating to these claims. Separate notice and hearing will be scheduled for any such objection.

**Notice**

19.    Debtors will serve copies of this Objection (with exhibits) on (i) the Office of the United States Trustee and (ii) Circle Bar Ranch, Inc. Debtors will serve copies of this Objection (without exhibits) on: (i) counsel to each of the official committees appointed by the United States Trustee; (ii) counsel for the Future Claimants' Representative; (iii) counsel to the debtor in possession lender; and (iv) all parties that have requested that they be served with all

6

pleadings filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002 (exhibits will be made available upon request).

20.    The Debtors submit that notice of this Objection as outlined above is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

21.    No previous request for the specific relief set forth herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging the Royalty Claim and grant any further and related relief as it may deem appropriate.

Dated: February 26, 2007

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

_James E. O'Neill_

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

and

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
Samuel Gross
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

Co-Counsel for Debtors and Debtors in Possession

7