F.   <u>Condemnation</u>.  To Seller's Knowledge, Seller has received no notice of any pending or threatened condemnation or eminent domain proceedings which will directly affect the Property or any part thereof.

G.   <u>No Mechanic's Liens</u>.  Seller has not ordered or contracted for any work or materials for the Property which may give rise to a mechanic's lien or claim for a mechanic's lien on all or any part of the Property.

DATED as of the day and year first written above.

SELLER:

AXIAL BASIN RANCH COMPANY, a Delaware general partnership

By:
Grace A-B Inc., a Delaware corporation, General Partner

By: _____
    R. D. Usilton, President

By:
Grace A-B II Inc., a Delaware corporation, General Partner

By: _____
    R. D. Usilton, president

H-G COAL COMPANY, a Delaware general partnership

By:
Coalgrace, Inc., a Delaware corporation, General Partner

By: _____
    R. D. Usilton, president

By:
Coalgrace II, Inc., a Delaware corporation, General Partner

By: _____
    R. D. Usilton, President

## COMMISSION AGREEMENT

THIS COMMISSION AGREEMENT (this "Agreement") is made and given this 2nd day of October, 1995, by Cushman & Wakefield of Colorado, Inc. ("C&W"), and Charlie Margolf ("Margolf"), to and for the benefit of Axial Basin Ranch Company, a Delaware general partnership ("ABR"), and H-G Coal Company, a Delaware general partnership ("H-G" and referred to herein together with ABR as "Seller").

### Recitals

A.  Simultaneously herewith, Seller is selling certain real property located in Routt County, Colorado (the "Property") pursuant to the Agreement for Sale of Real Property, dated August 2, 1995, as amended (the "Sale Agreement").  The buyer of the Property is Cottonwood Land Company, a Delaware corporation ("Buyer").

B.  C&W has acted as the broker for the sale and Margolf has assisted in identifying the Buyer for the sale. Seller and C&W are parties to the Exclusive Listing Agreement dated October 25, 1994 (the "Listing Agreement").

C.  The parties wish to confirm the agreements among them relating to the compensation of C&W and Margolf in connection with the sale of the Property.

### Agreement

In consideration of the payments recited below and the promises and agreements of the parties set forth herein, the sufficiency of which is hereby acknowledged by all parties hereto, the parties do hereby promise and agree as follows:

1.  <u>Commissions</u>.  Simultaneously herewith, Seller has paid $140,000 to C&W and $30,000 to Margolf, the receipt of which is hereby acknowledged by C&W and Margolf, respectively.

2.  <u>Payment to Margolf</u>.  Seller shall pay an additional fee to Margolf equal to $90,000.  Said amount shall be paid, from time to time, by Seller to Margolf as the Buyer makes payments of principal under the promissory note (the "Note") given by Buyer to Seller as part payment of the purchase price for the Property, with the portion of said $90,000 being paid to be equal to the proportion of the principal amount of the Note which is then paid.  For this purpose, the amounts paid against the principal of the Note shall only include amounts paid in cash, and no portion of the ~~$15,000~~ shall be payable with respect to any amount deemed paid in any other way, including without

limitation through the foreclosure or a deed in lieu of foreclosure of the deed of trust securing the Note.

       3.  <u>Acknowledgments</u>.  Margolf and C&W each hereby acknowledge that the amounts paid and payable by Seller pursuant to Sections 1 and 2 of this Commission Agreement are the full amounts payable under the Listing Agreement or otherwise in connection with the sale of the Property and that neither of them is entitled to any other compensation in connection with the sale of the Property.

       EXECUTED on the date first above written.

                    CUSHMAN & WAKEFIELD OF COLORADO, INC.

                    By: _____

                    Its: _____

                    _____
                    Charlie Margolf

## CERTIFICATE OF INCUMBENCY
### COTTONWOOD LAND COMPANY

I, James C. Sevem, Secretary of **Cottonwood Land Company**, a Delaware corporation, do hereby certify that each of the following persons has been duly elected to the office set opposite his or her name by the Board of Directors of the Company and that each such person occupies such office as of the date set forth below.

| | |
|---|---|
| J. L. Lautenschlager | President |
| T. S. Hilton | Vice President & Treasurer |
| J. C. Sevem | Secretary |
| J. L. Klinger | Assistant Secretary |
| D. C. Hegger | Assistant Treasurer |

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal of the Company this 29th day of September, 1995.

_____
Secretary

[SEAL]

## CERTIFICATE OF SECRETARY
## OF
## COTTONWOOD LAND COMPANY

The undersigned, J. C. Sevem, does hereby certify that:

1.      The undersigned is the duly elected, qualified and acting Secretary of Cottonwood Land Company (Cottonwood), a Delaware corporation, and that as such Secretary the undersigned has custody of the corporate records of Cottonwood and its corporate seal.

2.      That the attached resolution entitled "Actions Taken by Written Consent of the Borad of Directors of Cottonwood Land Company in Lieu of a Special Meeting," dated August 30, 1995, is a copy of a duly authorized and binding resolution of the corporation of that date and is still in full force and effect.

IN WITNESS WHEREOF, the undersigned has hereunto set his hand as of this 29th day of September, 1995.

Secretary as aforesaid

## ACTIONS TAKEN BY WRITTEN CONSENT
## OF THE BOARD OF DIRECTORS OF
## COTTONWOOD LAND COMPANY
## IN LIEU OF A SPECIAL MEETING

Pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, the undersigned being all Directors of Cottonwood Land Company, a Delaware corporation (the "Company"), hereby consent to, authorize and take the following actions, effective as of the date indicated with the same effect as by resolutions adopted at a meeting of the Board of Directors duly called and held:

<u>Approval of Certificate of Incorporation and Bylaws</u>

RESOLVED, That the Certificate of Incorporation and the Bylaws as presented herewith, are hereby adopted and made a part of the permanent records of the Company.

<u>Form of Stock Certificate</u>

RESOLVED, That the form of the stock certificate as presented herewith is hereby adopted and approved, and ordered to be attached with these minutes as a specimen.

<u>Issuance of Stock</u>

RESOLVED, That upon the payment by Peabody Holding Company, Inc. of $1,000.00, ten shares of common stock at a par value of $100.00 per share, shall be issued to and in the name of "Peabody Holding Company, Inc." and is to be delivered directly thereto.

<u>Corporate Seal</u>

RESOLVED, That the seal, an impression of which is affixed to the margin hereof, shall be the corporate seal of the Company.

<u>Qualification in Other States</u>

RESOLVED, That the proper officers of this Company are hereby authorized and directed, on behalf of the Company, to make and file such certificates, reports, or other instruments which may be required by applicable law or regulation, to qualify the Company to transact business in any state or foreign country which said officer shall determine to be necessary and proper.

Fiscal Year

RESOLVED, That the fiscal year of the Company will be from October 1 through September 30.

Authority to Execute

RESOLVED, That the President or any Vice President of the Company, is hereby authorized to execute, acknowledge and deliver, and, where appropriate or desirable, the Secretary or the Assistant Secretary is hereby authorized to attest or otherwise authenticate, any application, form, document, or instrument of any type or character whatsoever on behalf of the Company in order to carry on the ordinary business of the Company which is not the subject of a specific resolution of the Board of Directors of the Company, or in accordance with the specific terms of a resolution of the Board of Directors of the Company regarding a particular subject as limited by any such resolution; and

RESOLVED FURTHER, That any person dealing with the Company may rely on a Certificate of Incumbency executed and sealed by the Secretary or the Assistant Secretary of the Company certifying that such person occupies the office indicated on such certificate as of the date of such certificate, and accordingly possesses authority to execute papers on behalf of the Company as described in this resolution.

Election of Officers

RESOLVED, That the following persons are elected to the offices opposite their name, and they are to hold such office until the next annual meeting of the Board of Directors or until their successors are elected and qualified:

| | |
|---|---|
| J. L. Lautenschlager | President |
| T. S. Hilton | Vice President & Treasurer |
| J. C. Sevem | Secretary |
| J. L. Klinger | Assistant Secretary |
| D. C. Hegger | Assistant Treasurer |

General Banking

RESOLVED, That either the Treasurer or Assistant Treasurer, and either the President or any Vice President of the Company (hereinafter "Authorizing Officers") are hereby authorized and empowered on behalf of the Company to open, establish, maintain and close bank accounts (including custodian accounts, safe-deposit and night depository facilities) for and in the name of the Company or any of its divisions or under any other appropriate designation or title, in any one or more banks, trust companies or savings and loan associations (each such institution hereinafter referred to as a "depository bank") which they shall from time to time designate as depositories of the

funds, securities or other property of the Company or which have heretofore been so designated;

RESOLVED FURTHER, That any one of the Authorizing Officers is hereby authorized and empowered, on behalf of the Company, to draw and sign checks, drafts, instruments and other orders upon or with respect to any funds, securities or other property of the Company on deposit in any bank account of the Company now or hereafter established in any depository bank; that any one of the Authorizing Officers is hereby authorized and empowered, on behalf of the Company (i) to designate and empower, from time to time, either by name or by title, those other officers, employees and agents of the Company who shall have such authority to draw and sign, either individually or jointly, checks, drafts, instruments and other orders upon or with respect to such funds, securities or other property of the company on deposit in any depository bank, as the said two Authorizing Officers shall prescribe, and (ii) to impose from time to time, such limitations and conditions upon the signing authority of any such other officers, employees or agents, as the said two Authorizing Officers in their discretion  shall deem advisable;

RESOLVED FURTHER, That any one of the Authorizing Officers is hereby authorized and empowered, on behalf of the Company, to invest or cause to be invested any funds, securities or other property of the Company on deposit in any bank account of the Company now or hereafter established;

RESOLVED FURTHER, That the signatures of the Authorizing Officers may be effected by facsimile thereof on any and all checks, drafts or other instruments and orders of withdrawal and that each depository bank which is so notified in writing as hereinafter specified in these resolutions shall be entitled to honor any and all checks, drafts, instruments and other orders of withdrawal so signed if such facsimile resembles the facsimile signature on file with the bank; and

RESOLVED FURTHER, That the Secretary or any Assistant Secretary of the Company, is hereby authorized and empowered to certify in a signed, written instrument delivered to any depository bank of the Company, now or hereafter designated; a copy of the foregoing resolutions, and the names and signatures (both facsimile and manual) of the Authorizing Officers; and each such depository is hereby authorized to rely upon the said certificates or notifications signed by the Secretary or any Assistant Secretary unless and until the same is revoked or modified by a similar certificate or notification in writing so signed and delivered to it.

Ratification of Pre-Incorporation Acts

RESOLVED, That the actions taken prior to the incorporation of the Company but for and on behalf of the Company are hereby approved, ratified and adopted as if done pursuant to corporation authorization.

State of Delaware

# Office of the Secretary of State

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF INCORPORATION OF "COTTONWOOD LAND
COMPANY", FILED IN THIS OFFICE ON THE SEVENTEENTH DAY OF AUGUST,
A.D. 1995, AT 2 O'CLOCK P.M.

A CERTIFIED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO
THE NEW CASTLE COUNTY RECORDER OF DEEDS FOR RECORDING.



*Edward J. Freel, Secretary of State*

2532896   8100

950187174

AUTHENTICATION:       7612160

DATE:

08-17-95

# CERTIFICATE OF INCORPORATION
## OF
### COTTONWOOD LAND COMPANY

* * * * *

1.  The name of the corporation is Cottonwood Land Company.

2.  The address of its registered office in the State of Delaware is Corporation Trust Center, 1209 Orange Street, in the City of Wilmington, County of New Castle. The name of its registered agent at such address is The Corporation Trust Company.

3.  The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

4.  The total number of shares of stock which the corporation shall have authority to issue is Ten (10) and the par value of each of such shares is One Hundred Dollars and No Cents ($100.00) amounting in the aggregate to One Thousand Dollars and No Cents ($1,000.00).

5.  The board of directors is authorized to make, alter or repeal the by-laws of the corporation. Election of directors need not be by written ballot.

6.  The name and mailing address of the sole incorporator is:

> M. A. Brzoska
> Corporation Trust Center
> 1209 Orange Street
> Wilmington, Delaware  19801

7.  A director of the corporation shall not be personally liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director except for liability (i) for any breach of the director's duty of loyalty to the corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived any improper personal benefit.

8.  The corporation shall indemnify its officers, directors, employees and agents to the extent permitted by the General Corporation Law of Delaware.

I, THE UNDERSIGNED, being the incorporator hereinbefore named, for the purpose of forming a corporation pursuant to the General Corporation Law of the State of Delaware, do make this certificate, hereby declaring and certifying that this is my act and deed and the facts herein stated are true, and accordingly have hereunto set my hand this 17th day of  August , 19 95 .

_M. A. Brzoska_
Sole Incorporator

## TRANSAMERICA TITLE INSURANCE COMPANY

### COMMITMENT FOR TITLE INSURANCE
### SCHEDULE A

Commitment No.: 7821439 C-3

1. Effective Date: September 27, 1995 at 8:00 a.m.

2. Policy or policies to be issued:        Amount              Premium

   A. ALTA Owner's Policy              $ 3,500,000.00      $5,950.00
      Proposed Insured:

      Cottonwood Land Company, a Delaware Corporation

   B. ALTA Loan Policy                 $ 3,000,000.00      $   60.00
      Proposed Insured:

      Axial Basin Ranch Company, a Delaware General Partnership

      Work Charge                                          $18,000.00*
      Tax Certificates                                     $   170.00
      *NOTE:  WORK CHARGE HAS BEEN FULLY PAID               $

3. The estate or interest in the land described or referred to in this
   commitment and covered herein is fee simple and title thereto is at
   the effective date hereof vested in:

   Axial Basin Ranch Company, a Delaware General Partnership

4. The land referred to in this commitment is described as follows:

   (SEE ATTACHED PAGE FOR LEGAL DESCRIPTION)

                        TRANSAMERICA TITLE INSURANCE COMPANY

                        By John A. Zulevich
                              Authorized Signature

                        Issued:  September 28, 1995

JAZ/JLB

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE A - Continued

LEGAL DESCRIPTION

TOWNSHIP 4 NORTH, RANGE 88 WEST OF THE 6TH P.M.
COUNTY OF ROUTT, STATE OF COLORADO

Section 7:   Lot 1, N1/2SE1/4, SE1/4SW1/4;
Section 8:   Lot 4;
Section 18:  Lots 1, 2, 3, NE1/4NW1/4;
             EXCEPT that part of the following lying in Lot 3 of Section
             18, described by metes and bounds as follows:  beginning at a
             point whence the Southeast corner of Lot 4 of said Section
             bears South 624 feet (magnetic variation 16deg 45min east),
             thence North 56deg 30min West 411 feet, thence North 23deg
             27min East 163 feet, thence North 38deg 14min West 252 feet,
             thence North 89deg 43min West 155 feet, thence North 64deg
             22min West 80 feet, thence North 20deg East 217 feet, thence
             South 73deg 04min East 180 feet, thence South 83deg East 423
             feet, to the East line of said Lots 3 and 4, thence South
             along said East line 711 feet to the point of beginning.

TOWNSHIP 5 NORTH, RANGE 88 WEST OF THE 6TH P.M.
COUNTY OF ROUTT, STATE OF COLORADO

Section 17:  S1/2SW1/4;
Section 19:  E1/2NE1/4;
Section 20:  NW1/4, NW1/4SE1/4, W1/2NE1/4
             EXCEPT parcels of land conveyed to The County of Routt by
             deed recorded January 16, 1979 in Book 468 at Page 697;

             ALSO EXCEPT all those portions of the NW1/4NE1/4 of Section
             20, lying East of Routt County Road No. 53.

TOWNSHIP 4 NORTH, RANGE 89 WEST OF THE 6TH P.M.
COUNTY OF ROUTT, STATE OF COLORADO

Section 11:  SE1/4
Section 12:  W1/2SW1/4, SE1/4,Lots 1, 2 and 4
             EXCEPT that part of the following described parcel which lies
             within Lots 1 and 2, Section 12, T4N, R89W:
             A tract of land located partly in the SW1/4SW1/4 of Section
             36, T5N, R89W and partly in Lots 1 and 2, Section 12, T4N,
             R89W, bounded by a line described as follows:
             Beginning at a point on the Southerly line of said Section 36
             from which the SW corner of said Section 36 bears S 89deg

Page    2

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE A - Continued

LEGAL DESCRIPTION

04min W 398.47 feet; thence N 108.00 feet; thence N 70deg 07min E 292.00 feet; thence S 52deg 37min E 147.00 feet; thence S 06deg 57min W 270.00 feet; thence S 37deg 00min E 48.00 feet; thence S 58deg 17min 20sec E 26.82 feet to the Westerly right of way line of Routt County Highway No. 53; thence along said right of way S 31deg 00min 38sec W 39.98 feet; thence leaving said right of way N 77deg 58min 20sec W 244.35 feet; thence N 63deg 53min 57sec W 188.54 feet; thence S 38deg 40min W 165.00 feet; thence S 25deg 25min 51sec E 382.36 feet; thence S 46deg 30min W 575.00 feet; thence S 29deg 30min W 195.22 feet to the Westerly right of way line of said Highway No. 53; thence along said right of way S 58deg 17min 31sec W 89.25 feet; thence leaving said right of way N 54deg 00min W 316.84 feet; thence N 38deg 40min E 1285.00 feet to the point of beginning.

EXCEPT a tract of land in Lots 1 and 2 of Section 12, T4N, R89W of the 6th P.M., bounded by a line described as follows: Beginning at corner No. 1, from which the SW corner of Section 36, T5N, R89W bears N 50deg 53min 10sec W 356.83 feet; (Said point of beginning being a point on the boundary line of a tract of land conveyed to Ruby Construction Company, Inc., by deed recorded in Book 379 at Page 686); thence S 25deg 25min 51sec E 382.36 feet to corner 2; thence S 46deg 30min 00sec W 575.00 feet to corner 3; thence S 29deg 30min 00sec W 195.22 feet to corner 4 on the Northwesterly ROW line of Routt County Road No. 53; thence following the Northwesterly ROW line of said Routt County Road No. 53, 377.51 feet along a curve to the right having a radius of 3794.19 feet; the chord of which bears N 61deg 08min 32sec E 377.36 feet to corner 5; thence N 63deg 59min 34sec E 117.58 feet to corner 6; thence 168.55 feet along a curve to the left having a radius of 226.93 feet, the chord of which bears N 42deg 42min 53sec E 164.70 feet to corner 7; thence N 21deg 26min 12sec E 73.29 feet to corner 8; thence 47.94 feet along a curve to the right having a radius of 286.93 feet, the chord of which bears N 26deg 13min 25sec E 47.89 feet to corner 9; thence N 31deg 00min 38sec E 513.48 feet to corner 10; thence leaving said Northwesterly ROW line of Routt County Road 53 N 77deg 58min 20sec W 244.35 feet to corner 11, thence N 63deg 53min 57sec W 188.54 feet to corner 12; thence S 38deg 40min 00sec W 165.00 feet to corner 1 the point of beginning.

Section 13: N1/2NE1/4, that portion of the NE1/4SE1/4 lying North of the

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE A - Continued

LEGAL DESCRIPTION

County Road,
EXCEPT so much thereof as is contained within the following
described tract of land:
From the E1/4 corner of Section 13, T4N, R89W run S 52deg
50min W 706.35 feet and thence S 24deg 30min W 72 feet to
Corner No. 1 of said Tract; thence S 53deg 5min W 1247.4 feet
to Corner No. 2, thence N 57deg 40min W 2158.2 feet to Corner
No. 3; thence North 541 feet to Corner No. 4, thence East 758
feet to Corner No. 5, thence S 0deg 35min E 462 feet to
Corner No. 6, center of Section 13, thence N 88deg E 2019.6
feet to Corner No. 7, thence South 508.60 feet to Corner No.
1, the point of beginning.

That part of the S1/2NW1/4 lying North of the Williams Fork
Road,
EXCEPT a tract of land described as follows:
From 1/4 corner Commmon to Sections 13, T4N, R89W and Section
18, T4N, R88W, S 52deg 50min W 706.35 feet; thence S 24deg
30min W 72 feet to Corner No. 1 of Tract; thence S 53deg 5min
W 1247.4 feet to Corner No. 2; thence N 57deg 40min W 2158.2
feet to Corner No. 3; thence N 541 feet to Corner No. 4;
thence E 758 feet to Corner No. 5; thence S 0deg 35min E 462
feet to Corner No. 6 Center Section 13; thence N 88deg E
2019.6 feet to Corner No. 7; thence S 508.6 feet to Corner
No. 1 point of beginning.

EXCEPT an 8 acre tract of indefinite location as excepted in
Deed dated October 1, 1937, recorded October 1, 1937 in Book
193 at Page 138.


TOWNSHIP 5 NORTH, RANGE 89 WEST OF THE 6TH P.M.
COUNTY OF ROUTT, STATE OF COLORADO

Section 1:    Lots 7, 9, 10, 15, 16, 17 and 18.
Section 2:    Lots 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 20 and 21;
Lot 19, EXCEPT a tract bounded by a line described as
follows:
Beginning at the NW corner of said SE1/4SW1/4; thence East
along he North line of said SE1/4SW1/4 a distance of 760
feet; thence Southwest in a straight line and along the
western side of the proposed County Road on said ridge, a
distance of 945 feet to a point on the West line of said
SE1/4SW1/4 which is 588 feet due South from the place of
beginning; thence 588 feet due North to the Point of
Beginning.

Page    4

## TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:   7821439 C-3

### SCHEDULE A – Continued

### LEGAL DESCRIPTION

Section 3:   Lots 5, 6, 10, 11, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23,
             24, 25, 26 and 27.
Section 4:   Lots 2, 3, 4, S1/2, S1/2NW1/4, S1/2NE1/4
Section 9:   Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.
Section 10:  Lots 1, 2, 4, 5, 6, 9, 10, 11, 12, 13, 14 and 15;
             That part of Lots 3 and 8 which lies Southerly and Westerly
             of a straight line extending from the SW corner of Lot 1 of
             Section 4 to the NW corner of Lot 3 of Section 14 in said
             Township and Range.
Section 11:  Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 15, 16, 18, 19 and 20;
             Lots 11 and 12, EXCEPT a tract of land described as follows:
             Beginning at a point 454.2 feet East of the NW corner of Lot
             13 of said Section 11, thence N 63deg 26min E 647 feet to a
             point on the North line of Lot 12 of Section 11, thence N
             63deg 26min E 328.3 feet to a point on the East line of Lot
             11 of said Section 11, thence S 0deg 51min W 142.2 feet to
             the NE corner of said Lot 12, thence S 0deg 51min W 294.00
             feet, thence West 865.8 feet to the Point of Beginning.

             A tract of land in Lot 13 described as follows: Beginning at
             the NW corner of said Lot 13, thence East 454.2 feet along
             the North line of said Lot 13, thence S 63deg W 512.8 feet to
             a point on the West line of said Lot 13, thence N 0deg 51min
             E 233.5 feet to the Point of Beginning.
Section 12:  Lots 2 and 3.
Section 13:  Lots 1, 6, 9, 10, 11, 12, 13, 14, 15, 16 and 17.
Section 14:  Lots 6, 7, 8, 12, 13, 14, 15, 16, 17 and that part of Lots 3,
             4, 5, 9, 10 and 11 not lying within Tract 52.
Section 15:  Lots 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 15 and 16.
Section 16:  Lots 1, 2, 3, 4, 6, 7, 8, 9 and 10.
Section 20:  NE1/4
Section 21:  N1/2N1/2, N1/2SW1/4NE1/4, N1/2S1/2SW1/4NE1/4, N1/2SE1/4NW1/4,
             N1/2S1/2SE1/4NW1/4
Section 22:  E1/2, NW1/4, NE1/4NE1/4SW1/4
Section 23:  All
Section 24:  All
Section 25:  NE1/4NE1/4, S1/2NE1/4, W1/2NW1/4, SE1/4NW1/4, W1/2SE1/4,
             SE1/4SE1/4, SW1/4
Section 26:  All
Section 27:  NE1/4, NE1/4SE1/4
Section 35:  N1/2, SE1/4, N1/2SW1/4, SE1/4SW1/4
Section 36:  E1/2NE1/4, NW1/4, SE1/4, S1/2SW1/4
             EXCEPT that part of the following described parcel which lies
             within the SW1/4SW1/4, Section 36, T5N, R89W:
             A tract of land located partly in the SW1/4SW1/4 of Section
             36, T5N, R89W and partly in Lots 1 and 2, Section 12, T4N,

## TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

### SCHEDULE A - Continued

### LEGAL DESCRIPTION

R89W, bounded by a line described as follows:
Beginning at a point on the Southerly line of said Section 36 from which the SW corner of said Section 36 bears S 89deg 04min W 398.47 feet; thence N 108.00 feet; thence N 70deg 07min E 292.00 feet; thence S 52deg 37min E 147.00 feet; thence S 06deg 57min W 270.00 feet; thence S 37deg 00min E 48.00 feet; thence S 58deg 17min 20sec E 26.82 feet to the Westerly right of way line of Routt County Highway No. 53; thence along said right of way S 31deg 00min 38sec W 39.98 feet; thence leaving said right of way N 77deg 58min 20sec W 244.35 feet; thence N 63deg 53min 57sec W 188.54 feet; thence S 38deg 40min W 165.00 feet; thence S 25deg 25min 51sec E 382.36 feet; thence S 46deg 30min W 575.00 feet; thence S 29deg 30min W 195.22 feet to the Westerly right of way line of said Highway No. 53; thence along said right of way S 58deg 17min 31sec W 89.25 feet; thence leaving said right of way N 54deg 00min W 316.84 feet; thence N 38deg 40min E 1285.00 feet to the point of beginning.

### TOWNSHIP 5 NORTH, RANGE 89 WEST OF THE 6TH P.M.
### COUNTY OF ROUTT, STATE OF COLORADO

ORIGINAL SURVEY                                          RESURVEY

| | | |
|---|---|---|
| Section 1: | Lots 3, 4, SW1/4NW1/4 | |
| Section 2: | SE1/4NE1/4 | Tract 38 |
| Section 2: | N1/2SE1/4, SW1/4SE1/4, SE1/4SW1/4 | Tract 40 |
| Section 2: | SW1/4SW1/4 | |
| Section 10: | E1/2NE1/4 | |
| Section 11: | NW1/4NW1/4 | Tract 41 |
| Section 10: | SW1/4NE1/4, NW1/4SE1/4, E1/2SW1/4 | Tract 46 |
| Section 16: | All | Tract 51 |
| Section 14: | N1/2NW1/4, SW1/4NW1/4, NW1/4SW1/4 | Tract 52 |

### TOWNSHIP 6 NORTH, RANGE 89 WEST OF THE 6TH P.M.
### COUNTY OF ROUTT, STATE OF COLORADO

Section 33: SW1/4, Lots 6 and 11, and a tract in Lot 10 bounded by a line described as follows:
Beginning at the SW corner of said Lot 10; thence N 991 feet; thence S 46deg E 741 feet; thence S 30deg E 528 feet; thence W 812 feet to the point of beginning.
EXCEPT that part conveyed to The County of Routt by Right of Way Deed recorded January 14, 1931 in Book 170 at Page 311.

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE A - Continued

LEGAL DESCRIPTION


EXCEPT a tract of land bounded by a line described as follows:
Beginning at the NE corner of said Lot 6, thence South on the East line of Lot 6, 80 feet, thence N 49deg 22min W 110 feet, thence East 70 feet on the North line of said Lot 6 to the NE corner of said Lot 6, the place of beginning.
Section 34: Lot 16
Section 35: Lots 13, 14, 15 and 16.

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE A - Continued

REQUIREMENTS

The following are the requirements to be complied with prior to the issuance of said policy or policies.  Any other instrument recorded subsequent to the date hereof may appear as an exception under Schedule B of the policy to be issued.  Unless otherwise noted, all documents must be recorded in the office of the clerk and recorder of the county in which said property is located.

A.    Certificate from the Secretary of State or other appropriate officer of Delaware, showing that Cottonwood Land Company, a Delaware corporation is a duly organized and existing corporation under the laws of Delaware.

B.    Certified copy of Resolution of the governing board of the Cottonwood Land Company, a Delaware Corporation (authorizing the acquisition, the borrowing of money and execution of necessary documents) and reciting that the board has been duly authorized. Said Resolution must be properly certified by an Officer of the corporation with Corporate Seal affixed.  Said Resolution must be submitted to and approved by Transamerica Title Insurance Company, but need not be recorded.

C.    Deed, executed by the partners, from Axial Basin Ranch Company, a Delaware General Partnership to Cottonwood Land Company, a Delaware Corporation

       NOTE:        If this transaction constitutes the sale of the sole or major asset of the partnership, all partners must execute the above deed.

       NOTE:        Trade Name Affidavit of Axial Basin Ranch Company, recorded February 8, 1993 in Book 682 at Page 1494, discloses that the following persons are doing business under said name:

                    Grace A-B Inc., a Delaware Corporation
                    Grace A-B II Inc., a Delaware Corporation

D.    Deed of Trust from Cottonwood Land Company, a Delaware Corporation to the Public Trustee of the County of Routt for the use of Axial Basin Ranch Company, a Delaware General Partnership to secure $3,000,000.00.

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE B

EXCEPTIONS

The policy or policies to be issued will contain exceptions to the following unless the same are disposed of to the satisfaction of the Company:

1.  Rights or claims of parties in possession not shown by the public records.

2.  Easements, or claims of easements, not shown by the public records.

3.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, and any facts which a correct survey and inspection of the premises would disclose and which are not shown by the public records.

4.  Any lien, or right to a lien, for services, labor or material theretofore or hereafter furnished, imposed by law and not shown by the public records.

5.  Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires of record for value the estate or interest or mortgage thereon covered by this Commitment.

6.  Taxes due and payable; and any tax, special assessments, charge or lien imposed for water or sewer service, or for any other special taxing district.

7.  Reservations of (1) all coal; and (2) right of way for any ditches or canals constructed by authority of United States, in the following U.S. Patents:

| RECORDED | BOOK | PAGE | PROPERTY AFFECTED |
|---|---|---|---|
| August 12, 1920 | 77 | 545 | Lot 1 & N1/2SE1/4 Sec 7,T4N,R88W & Lot 4 Sec 8,T4N,R88W |
| November 22, 1919 | 115 | 167 | SE1/4SW1/4 Sec 7,T4N,R88W; NE1/4NW1/4 & Lots 1 & 2, Sec 18,T4N,R88W |
| February 23, 1924 | 124 | 337 | S1/2SW1/4 Sec 17,T5N,R88W & NW1/4,SW1/4NE1/4 & NW1/4SE1/4 |

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE B - Continued

EXCEPTIONS

Sec 20,T5N,R88W

| | | | |
|---|---|---|---|
| December 18, 1920 | 124 | 41 | SE1/4SW1/4 & SE1/4 Sec 35, T5N,R89W<br>SW1/4SW1/4 Sec 36,T5N,R89W<br>Lots 2 & 4,Sec 12,T4N,R89W |
| August 9, 1926 | 124 | 513 | Lots 8,9,10,11,12,16 & 17,Sec 2 T5N,R89W<br>Lots 5,6,14 & 16,Sec 3 T5N,R89W |
| November 1, 1922 | 124 | 232 | Lots 18,19 & 20,Sec 11 T5N,R89W<br>Lots 3,4,5,9 & 11, Sec 14 T5N,R89W |
| August 2, 1924 | 124 | 387 | Lots 5,6,7 & 13,Sec 2,T5N,R89W<br>Lot 16,Sec 34,T6N,R89W<br>Lots 13,14,15 & 16,Sec 35, T6N,R89W |
| March 15, 1922 | 124 | 154 | Lots 9,11&12,Sec 11,T5N,R89W |
| March 21, 1929 | 160 | 98 | Lots 7,10,15 & 18,Sec 1, T5N,R89W<br>Lots 2 & 3,Sec 12,T5N,R89W |
| March 31, 1928 | 160 | 48 | Lots 17,18,19,20,21,22,23,24, 25,26 & 27,Sec 3,T5N,R89W<br>Lot 1,Sec 10,T5N,R89W |
| May 24, 1938 | 160 | 409 | Lots 9,16 & 17,Sec 1,T5N,R89W<br>Lots 14,19,20 & 21,Sec 2 T5N,R89W<br>Lots 1 & 2,Sec 11,T5N,R89W |
| February 15, 1923 | 129 | 386 | Lot 2,Sec 10,T5N,R89W |
| October 30, 1920 | 124 | 23 | Lots 7,8,9,10,11 & 13, Sec 3, T5N,R89W<br>N1/2NE1/4 Sec 4,T5N,R89W<br>Lots 11 & 12,Sec 33,T6N,R89W |
| March 4, 1936 | 160 | 319 | Lots 14,15,16 & 17,Sec 14 T5N,R89W |

## TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

### SCHEDULE B - Continued

### EXCEPTIONS

| | | | |
|---|---|---|---|
| June 14, 1933 | 160 | 226 | S1/2SW1/4,Sec 23,T5N,R89W<br>W1/2NW1/4,Sec 26,T5N,R89W<br>E1/2,NE1/4,SW1/4NE1/4 &<br>NE1/4SE1/4,Sec 27,T5N,R89W |
| March 6, 1920 | 77 | 493 | Lot 10,Sec 33,T6N,R89W |
| June 22, 1920 | 77 | 523 | Lots 15 & 16,Sec 15,T5N,R89W<br>NW1/4 & W1/2NE1/4,Sec 22,T5N,R89W |
| August 27, 1920 | 77 | 549 | E1/2SE1/4,Sec 26,T5N,R89W<br>E1/2NE1/4,Sec 35,T5N,R89W<br>NW1/4,Sec 36,T5N,R89W |
| September 30, 1920 | 124 | 1 | Lots 2,6,7,8,12 & 13,Sec 14,<br>T5N,R89W<br>NW1/4NE1/4,Sec 23,T5N,R89W |
| October 20, 1920 | 124 | 16 | Lots 3,4,5 & 6,Sec 10,T5N,R89W<br>Lots 1,2,7 & 8,Sec 9,T5N,R89W |
| October 20, 1920 | 124 | 18 | Lots 3,4,5,6,7,8,15 & 16,<br>Sec 11,T6N,R89W<br>Lots 8 & 15,Sec 10,T5N,R89W |
| April 14, 1921 | 124 | 79 | W1/2NE1/4,NW1/4,N1/2SW1/4<br>Sec 35,T5N,R89W |
| February 4, 1922 | 124 | 142 | Lots 9,12,13 & 14,Sec 10,<br>T5N,R89W<br>Lots 2,3,4 & 6,Sec 15,T5N,R89W |
| May 31, 1923 | 124 | 279 | Lot 10,Sec 14,T5N,R89W<br>E1/2E1/2,Sec 22,T5N,R89W<br>W1/2NW1/4,NW1/4SW1/4,Sec 23<br>T5N,R89W |
| June 17, 1924 | 124 | 374 | NW1/4,Sec 4,T5N,R89W |
| June 30, 1924 | 124 | 380 | Lots 3,5,6,9,10,11 & 12<br>Sec 9,T5N,R89W<br>Lots 10 & 11,Sec 10,T5N,R89W |
| November 29, 1924 | 124 | 408 | Lots 5,7,8,10,11,12 & 13,<br>Sec 15,T5N,R89W<br>Lots 3 & 4,Sec 16,T5N,R89W |

## TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:   7821439 C-3

### SCHEDULE B - Continued

#### EXCEPTIONS

| | | | |
|---|---|---|---|
| March 10, 1927 | 124 | 571 | NW1/4SW1/4,NE1/4NW1/4,W1/2NW1/4 Sec 25,T5N,R89W NE1/4,Sec 26,T5N,R89W |
| April 26, 1927 | 124 | 584 | N1/2NW1/4,SW1/4NW1/4,NW1/4SW1/4 Sec 14,T5N,R89W |
| April 9, 1929 | 160 | 100 | Lot 7,Sec 16,T5N,R89W NE1/4,Sec 20,T5N,R89W NW1/4NW1/4,Sec 21,T5N,R89W |
| March 13, 1923 | 124 | 259 | Lots 8,9 & 10,Sec 16,T5N,R89W N1/2NE1/4,SW1/4NE1/4,E1/2NW1/4, Sec 21,T5N,R89W |
| June 24, 1920 | 77 | 525 | Lots 6,13 & 14,Sec 13,T5N,R89W |
| August 27, 1920 | 77 | 550 | NE1/4NE1/4,S1/2NE1/4,W1/2SE1/4, E1/2SW1/4,SW1/4SW1/4,Sec 25, T5N,R89W |
| July 31, 1937 | 160 | 378 | SE1/4SE1/4,Sec 25,T5N,R89W E1/2NE1/4,SE1/4SW1/4,SE1/4, Sec 36,T5N,R89W |
| April 8, 1940 | 160 | 489 | Lots 1,9,10,11,12,15,16 & 17, Sec 13,T5N,R89W |
| December 5, 1930 | 160 | 299 | Lot 13,Sec 9,T5N,R89W Lots 1,2 & 6,Sec 16,T5N,R89W |

8.   Reservation of (1) all coal and other minerals; and (2) right of way for any ditches or canals constructed by authority of the United States, in the following U.S. Patents:

| RECORDED | BOOK | PAGE | PROPERTY AFFECTED |
|---|---|---|---|
| October 24, 1938 | 160 | 424 | E1/2SE1/4,Sec 11,T4N,R89W W1/2SW1/4,Sec 12,T4N,R89W |
| September 28, 1939 | 160 | 385 | Lot 1 & SE1/4,Sec 12,T4N,R89W N1/2NE1/4,Sec 13,T4N,R89W |
| January 31, 1927 | 124 | 561 | S1/2NE1/4,S1/2,Sec 4,T5N,R89W Lot 4,Sec 9,T5N,R89W |

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE B - Continued

EXCEPTIONS

| | | | |
|---|---|---|---|
| June 6, 1952 | 251 | 371 | All of Sec 24,T5N,R89W |
| July 27, 1939 | 160 | 442 | SE1/4,S1/2NE1/4,NE1/4NE1/4,<br>NE1/4NW1/4,Sec 23,T5N,R89W |
| September 16, 1930 | 160 | 161 | SW1/4,Sec 22,T5N,R89W |
| May 8, 1941 | 160 | 532 | W1/2SE1/4,Sec 22,T5N,R89W<br>SE1/4NW1/4,NE1/4SW1/4,Sec 23,<br>T5N,R89W<br>NW1/4NE1/4,Sec 27,T5N,R89W |
| July 23, 1926 | 124 | 506 | E1/2NW1/4,W1/2SE1/4,SW1/4,<br>Sec 26,T5N,R89W |

9.    Reservation of (1) right of proprietor of any penetrating vein or
lode to extract his ore; and (2) right of way for any ditches or
canals constructed by authority of the United States, in the
following U.S. Patents:

| RECORDED | BOOK | PAGE | PROPERTY AFFECTED |
|---|---|---|---|
| July 5, 1913 | 77 | 83 | Lot 3,Sec 18,T4N,R88W<br>NE1/4SE1/4,Sec 13,T4N,R89W |
| December 26, 1925 | 148 | 468 | NW1/4NE1/4,Sec 20,T5N,R88W |
| April 19, 1909 | 49 | 449 | NE1/4,Sec 19,T5N,R88W |
| May 8, 1913 | 77 | 71 | W1/2SE1/4,Sec 11,T4N,R89W |
| May 1, 1918 | 103 | 299 | S1/2NW1/4,Sec 13,T4N,R89W |
| June 6, 1898 | 21 | 305 | SW1/4NE1/4,NW1/4SE1/4,E1/2SW1/4,<br>Section 10,T5N,R89W |
| December 9, 1902 | 28 | 106 | SW1/4SW1/4,Sec 2,T5N,R89W<br>E1/2NE1/4,Sec 10,T5N,R89W<br>NW1/4NW1/4,Sec 11,T5N,R89W |
| November 13, 1899 | 28 | 161 | Lots 3 & 4 & SW1/4NW1/4<br>Sec 1,T5N,R89W,SE1/4NE1/4,Sec<br>T5N,R89W |
| July 1, 1910 | 64 | 286 | SW1/4,Sec 33,T6N,R89W |

## TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

### SCHEDULE B - Continued

### EXCEPTIONS

10.    Reservation of right of proprietor of any penetrating vein or lode
       to extract his ore, in the following U.S. Patents:

| RECORDED | BOOK | PAGE | PROPERTY AFFECTED |
|---|---|---|---|
| August 28, 1891 | 6 | 321 | N1/2SE1/4,SW1/4SE1/4,<br>SE1/4SW1/4,Sec 2,T5N,R89W |

11.    All coal and minerals as reserved by Julia Belle Scott,
       administratrix, and Thomas Bosworth Scott, administrator of the
       Estate of Charles Pittman Scott, deceased in deed recorded March
       3, 1941 in Book 206 at Page 154, and any interests therein or
       rights thereunder.
       (Affects the NW1/4NE1/4 Section 20, T5N, R88W)

12.    A strip of land for a roadway, as conveyed by Quit Claim Deed
       recorded March 12, 1913 in Book 68 at Page 183, 20 feet in width,
       beginning about 75 feet west of the SW corner of Section 18, and
       running on an easy grade about 1/2 mile in a northerly direction,
       across the wooden bridge (Scott-Detwiller Bridge) now spaning the
       Williams Forks, to the main travelled County road on the north
       side of the Williams Forks; and being over and across the
       following quarter-sections: SE1/4SE1/4, Section 13, T4N, R89W of
       the 6th P.M., W1/2SW1/4, Section 18, T4N, R88W of the 6th P.M.

13.    Terms, agreements, provisions, conditions and obligations as
       contained in Surface User Agreement by and between Axial Basin
       Ranch Company and Hayden Gulch West Coal Company, owner and
       Peabody Coal Company, permittee recorded May 20, 1986 in Book 634
       at Page 1861.

       NOTE:     Continuation of the above Agreement recorded May 8, 1991
                 in Book 662 at Page 1892.
                 (Affects Section 20, T5N, R88W)

14.    All minerals, ores and metals of every kind and character and all
       coal, asphaltum, oil and other like substance, as reserved by
       Routt County in the deeds recorded August 15, 1946 in Book 221 at
       Page 493 and recorded April 13, 1977 in Book 433 at Page 140, and
       any interests therein or rights thereunder.
       (Affects E1/2NE1/4  Section 19)

## TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

### SCHEDULE B - Continued

### EXCEPTIONS

15.    All minerals, ores and metals of every kind and character and all coal, asphaltum, oil and other like substances, as reserved by Routt County in the deed recorded August 15, 1946 in Book 221 at Page 495, and any interests therein or rights thereunder. (Affects NW1/4SE1/4, SW1/4NE1/4 and NE1/4 Section 20, S1/2SW1/4 Section 17, T5N, R88W)

16.    Easement and right of way for private road, easement, highway or by-way as reserved in deeds recorded August 15, 1946 in Book 221 at Pages 493 and 495, affecting the following described property:

20 feet on each side of a centerline described as follows: Beginning at a point on the Dry Creek County road at a point whence the Northwest Corner of Section 20, T5N, R88W, bears N 89deg 50min W 4060 feet, thence S 80deg 21min W 2370 feet, thence N 80deg 29min W 180 feet, thence S 78deg 21min W 245 feet, thence S 80deg 11min W 330 feet, thence S 48deg 41min W 420 feet, thence S 64deg 01min W 440 feet, thence S 50deg 28min W 200 feet, thence S 28deg 36min W 115 feet, thence S 47deg 56min W 210 feet, thence S 34deg 51min W 650 feet, thence S 65deg 51min W 238 feet, thence S 74deg 31min W 280 feet, thence S 34deg 36min W 230 feet, thence S 48deg 16min W 140 feet, thence S 30deg 06min W 190 feet, thence S 40deg 05min W 160 feet, said last mentioned point being on the east line of the W1/2 of the NE1/4 of Section 19, T5N, R88W, whence the SE corner of the W1/2 of the NE1/4 of said Section 19, bears S 0deg 11min E 100 feet.

17.    Easements and the terms, agreements, provisions, conditions and obligations as contained in Agreement recorded May 24, 1979 in Book 475 at Page 520 and Plat filed May 24, 1979 at File No. 8339. (See instrument for property affected)

18.    Right of way, whether in fee or easement only, for for road purposes, as granted to J. Burton Tuttle by Hayden-Gulch West Coal Company, a partnership, recorded March 12, 1981 in Book 529 at Page 8, affecting the following described property:

A 60.00 foot wide road easement lying in the W1/2 of Section 33, T6N, R89W and the NW1/4 of Section 4, T5N, R89W of the 6th , Routt County, Colorado and lying 30.00 feet on either side of the following described centerline.

Beginning at a point on the north-south centerline of said Section 33, lying N 00deg 00min 38sec E, 3360.26 feet from the South 1/4 corner of said Section 33; thence S 56deg 31min 21sec W, 296.59 feet; thence 219.98 feet along the arc of a curve to the left, having a central angle of 14deg 00min 16sec and a radius of 900.00

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE B - Continued

EXCEPTIONS

feet, the chord of which bears S 49deg 31min 13sec W, 219.43 feet;
thence S 42deg 31min 05sec W, 294.29 feet; thence 169.91 feet
along the arc of a curve to the right, having a central angle of
7deg 03min 16sec and a radius of 1380.00 feet, the chord of which
bears S 46deg 02min 43sec W, 169.80 feet; thence S 49deg 34min
21sec W, 41.81 feet; thence 531.59 feet along the arc of a curve
to the left, having a central angle of 38deg 04min 20sec and a
radius of 800.00 feet, the chord of which bears S 30deg 32min
11sec W, 521.86 feet; thence S 11deg 30min 01sec W, 58.96 feet;
thence 179.06 feet along the arc of a curve to the right having a
central angle of 10deg 28min 07sec and a radius of 980.00 feet,
the chord of which bears S 16deg 44min 05sec W, 178.81 feet;
thence S 21deg 58min 08sec W, 518.88 feet; thence 228.32 feet
along the arc of a curve to the left, having a central angle of
10deg 03min 47sec and a radius of 1300.00 feet, the chord of which
bears S 16deg 56min 15sec W, 228.03 feet; thence S 11deg 54min
21sec W, 48.99 feet; thence 197.03 feet along the arc of a curve
to the right, having a central angle of 18deg 48min 55sec and a
radius of 600.00 feet, the chord of which bears S 21deg 18min
49sec W, 196.15 feet; thence S 30deg 43min 16sec W, 282.54 feet;
thence 150.14 feet along the arc of a curve to the left, having a
central angle of 03deg 19min 17sec and a radius of 2590.00 feet,
the chord of which bears S 29deg 03min 38sec W, 150.12 feet;
thence S 27deg 23min 59sec W, 224.62 feet; thence 199.87 feet along
the arc of a curve to the right, having a central angle of 03deg
46min 01sec and a radius of 3040.00 feet, the chord of which bears
S 29deg 17min 00sec W, 199.83 feet; thence S 31deg 10min 00sec W,
282.01 feet; thence 190.03 feet along the arc of a curve to the
left, having a central angle of 06deg 24min 17sec and a radius of
1700.00 feet, the chord of which bears S 27deg 57min 52sec W,
189.93 feet; thence S 24deg 45min 43sec W, 1013.34 feet; thence
199.33 feet along the arc of a curve to the left, having a central
angle of 11deg 39min 14sec and a radius of 980.00 feet, the chord
of which bears S 18deg 56min 06sec W, 198.99 feet; thence S 13deg
06min 29sec W, 198.33 feet; thence 149.80 feet along the arc of a
curve to the right, having a central angle of 02deg 56min 22sec
and a radius of 2920.00 feet, the chord of which bears S 14deg
34min 40sec W, 149.79 feet; thence S 16deg 02min 51sec W, 127.27
feet to a point on the west line of the NW1/4 of said Section 4
and the terminus, said point lying S 01deg 40min 02sec W, 1610.94
feet from the NW corner of said Section 4.

The north line of the NW1/4 of said Section 4 is considered to
bear N 89deg 18min 58sec E.

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE B - Continued

EXCEPTIONS

19.   All oil and gas as reserved by F.L. Colley in deed recorded June
      6, 1927 in Book 154 at Page 73, and any interests therein or
      rights thereunder.
      (Affects NW1/4SE1/4 Section 11, T5N, R89W)

20.   All coal, oil, gas, minerals and mineral rights as reserved by
      Stella M. Wright in the deed recorded April 16, 1952 in Book 251
      at Page 103, and any interests therein or rights thereunder.
      (Affects Lots 8 and 15, Section 10, T5N, R89W and Lots 3, 4, 5, 6,
      7, 8, 15 and 16, Section 11, T5N, R89W)

21.   Easement and right of way for electrical purposes granted to the
      United States by John Preece and Mary Preece, also known as Mary
      W. Preece, by instrument recorded March 7, 1963 in Book 312 at
      Page 169, affecting the following described property:

      Parcel No. 152-CC

      That part of Lot 9, Section 9 lying Northeast of a straight line
      running from the center of Section 9 to the NE corner of Tract 51,
      Lots 11 and 10, Tract 46 and Tract 41 in Section 10; Lots 5, 4, 3
      and 2 in Section 11; Lots 20 and 21 in Section 2; Lots 17, 18 and
      15 in Section 1, all in Township 5 North, Range 89 West of the 6th
      P.M., according to G.L.O. Supplemental Diagram, accepted August
      10, 1917. Said centerline is more particularly described as
      follows:
      Beginning at a point within said Lot 9, Section 9, 903.6 feet
      South and 692.1 feet West of the E1/4 corner of said Section 9;
      thence N 69deg 14min E 720.6 feet to a point on the East line of
      said Section 9, 648.4 feet southerly from said E1/4 corner Section
      9; thence continuing N 69deg 14min E, 5754.7 feet to a point on
      the East line of said Section 10, 1371.9 feet southerly from the
      NE corner of said Section 10; thence continuing N 69deg 14min E,
      4020.2 feet to a point on the North line of said Section 11,
      1612.4 feet westerly from the NE corner of said Section 11; thence
      continuing N 69deg 14min E, 1726.7 feet to a point on the East
      line of said Section 2, 592.5 feet northerly from the SE corner of
      said Section 2; thence continuing N 69deg 14min E, 2854.0 feet to
      a point on the East line of said Lot 15, Section 1, 1604.3 feet
      North and 2677.4 feet East of the SW corner of said Section 1.

      The above perpetual easement is 125 feet in width, being 62.5 feet
      left of and 62.5 feet right of the above described centerline.

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE B - Continued

EXCEPTIONS

22.    A perpetual easement and right of way for road purposes granted to
the United States of America by John Preece and Mary Preece, by
instrument recorded March 13, 1964 in Book 317 at Page 480,
affecting the following described property:

Parcel No. 152-CCAR

Strips of land in Tract 41, Lots 19 and 20, Section 2, and Lots 2
and 4, Section 11, all in Township 5 North, Range 89 West of the
6th P.M., as shown on the G.L.O. Supplemental Diagram accepted
August 10, 1917, 20.0 feet wide and included between lines
situated 10.0 feet left of and 10.0 feet right of the following
described centerline measured at right angles and/or radially
thereto:
Traverse "A"
Beginning at a point on the northerly ROW line of the
Curecanti-Hayden Transmission Line, N 29deg 01min E 96.8 feet from
the centerline Station 9604+50.9 of said transmission line, and S
20deg 24min E 1213.4 feet from the NW corner of said Section 11;
thence N 23deg 29min E, 138.5 feet; thence N 51deg 29min E 108.6
feet; thence N 38deg 10min E 402.10 feet to a point on the
southerly ROW line of a county road, N 74deg 26min E, 1457.7 feet
from the SW corner of said Section 2, also,
Traverse "B"
Beginning at a point on the southerly ROW line of a county road, N
8deg 11min E, 1334.4 feet fromt he S1/4 corner of said Section 2;
thence S 13deg 32min W 124.9 feet; thence S 33deg 21min W, 297.6
feet; thence S 40deg 18min W 300.4 feet; thence along a curve to
the left with a radius of 80.0 feet for an arc distance of 73.4
feet; thence S 12deg 15min E 259.9 feet; thence S 23deg 49min E
173.9 feet; thence S 39deg 41min E 298.1 feet; thence S 50deg
29min E 314.3 feet to a point on the northerly ROW line of the
said transmission line, N 50deg 29min W 72.0 feet from centerline
Station 9633+46.8 of said transmission line and S 61deg 08min E
392.6 feet from the N1/4 corner of said Section 11.

23.    A perpetual easement and right of way for road purposes granted to
the United States of America by John Preece and Mary Preece, by
instrument recorded November 28, 1969 in Book 339 at Page 731,
affecting the following described property:

Parcel No. 279(P)

A strip of land in Lot 3, Section 11, Lot 19, and Tract 40,
Section 2, Township 5 North, Range 89 West of the 6th P.M., as
shown on the G.L.O. Supplemental Diagram accepted August 10, 191',
30.0 feet wide and included between two lines being 15.0 feet left

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE B - Continued

EXCEPTIONS

of and 15.0 feet right of the following described centerline
measured at right angles or radially thereto:
Beginning at a point known as Access Road centerline Station
0+69.0 on the northerly ROW line of the Curecanti-Hayden
Transmission Line, 2048.3 feet North and 1726.4 feet East of the
West quarter corner of said Section 11; thence N 46deg 00min W,
159.7 feet; thence N 06deg 24min W, 359.3 feet; thence N 28deg
42min E, 414.0 feet; thence N 19deg 17min E 185.5 feet; thence N
39deg 53min E 216.6 feet; thence N 24deg 08min E 72.01 feet;
thence N 03deg 50min E 230.8 feet to a point known as Access Road
centerline Station 17+07.1 located on the centerline of a County
Road, 3516.8 feet North and 2015.4 feet East of said West quarter
corner of Section 11.

24.    One-half grantors interest in all oil, gas and other mineral
       rights as reserved by Joseph F. Livingston in the Deed to John
       Preece, Stanley Preece, Vaughn Preece and E.D. Davis, Executor of
       the Estate of Lee Preece, deceased in a deed recorded December 30,
       1952 in Book 253 at Page 474 and any interest therein or rights
       thereunder.

       (Affects Lots 2 and 3, Section 12, T5N, R89W)

25.    Entire interest in all coal, oil, gas and mineral rights as
       reserved by Vaughn Preece, Irene Preece, Stanley Preece, Virginia
       Preece, Dean Preece, Pearl Preece and Mary Eckert in a deed
       recorded February 22, 1960 in Book 296 at Page 169 and any
       interest therein or rights thereunder.

       (Affects Lots 2 and 3, Section 12, T5N, R89W)

26.    Entire interest in all coal, oil, gas and mineral rights as
       reserved by Mary Preece as guardian of the Estate of Carol Lee
       Preece in a deed recorded February 22, 1960 in Book 296 at Page
       179 and any interest therein or rights thereunder.

       (Affects Lots 2 and 3, Section 12, T5N, R89W)

27.    Entire interest in all coal, oil, gas and mineral rights as
       reserved by Mary Eckert as Administratrix of the Estate of Clet
       Heber Preece in a deed recorded February 22, 1960 in Book 296 at
       Page 208 and any interest therein or rights thereunder.

       (Affects Lots 2 and 3, Section 12, T5N, R89W)

TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:    7821439 C-3

SCHEDULE B - Continued

EXCEPTIONS

28. One-half grantors interest in all oil, gas and other mineral rights as reserved by John Preece, Mary Preece, Vaughn Preece, Irene Preece, Dean Preece, Pearl Preece, Stanley Preece, Virginia Preece in the Deed to Edward G. Skeeters and to Vaughey and Vaughey, a co-partnership in a deed recorded in Book 284 at Page 311 and any interest therein or rights thereunder.

(Affects Lots 2 and 3, Section 12, T5N, R89W)

29. An undivided 1/2 interest in and to all minerals, including oil and gas, as reserved by H.C. Meyers and Regina Meyers in the deed recorded August 8, 1968 in Book 333 at Page 722, and any interests therein or rights thereunder.
(Affects Lots 1, 9, 10, 11, 12, 15, 16 and 17, Section 13, T5N, R89W)

30. An undivided 1/2 of the oil and gas as reserved by Marvin D. Barnes and Constance L. Barnes in the deed recorded December 5, 1980 in Book 520 at Page 535, and any interests therein or rights thereunder.
(Affects Lots 1, 9, 10, 11, 12, 15, 16 and 17, Section 13, T5N, R89W)

31. All rights to any and all minerals, ore and metals of any kind and character, and all coal, asphaltum, oil, gas and other like substances in or under said land, the rights of ingress and egress for the purpose of mining, together with enough of the surface of the same as may be necessary for the proper and convenient working of such minerals and substances, as reserved in Patent from the State of Colorado, recorded June 14, 1923 in Book 128 at Page 541.
(Affects Section 16, T5N, R89W)

32. Easement for electric transmission line, being 125 feet in width, granted to the United States of America by Decree recorded February 22, 1963 in Book 312 at Page 27 of the Routt County, Colorado records. Said easement is said to traverse the following: Lots 9, 10 and 13 of Section 9, Tract 51 in Section 16, T5N, R89W.

33. Terms, agreements, provisions, conditions and obligations as contained in Agricultural and Livestock Grazing Lease dated December 5, 1980 for a term of 21 years from and after that date by and between Hayden-Gulch West Coal Company, a partnership consisting of Grace H-G Inc., a Delaware corporation and Hanna H-G Inc., a Delaware Corporation, as Lessor, and J. Burton Tuttle, as Lessee recorded December 5, 1980 in Book 520 at Page 637.

Page  20

## TRANSAMERICA TITLE INSURANCE COMPANY

Commitment No.:   7821439 C-3

### SCHEDULE B - Continued

### EXCEPTIONS

34.   The traverse and right of way for all ditches and canals over and across subject property, including, but not limited to the Hayden Bench Canal as disclosed by Plat recorded April 9, 1964 at File No. 6409 and the Rosette Ditch as disclosed by Plat recorded April 26, 1910 at File No. 1664.

35.   Any rights, interest or easements in favor of the riparian owners, the State of Colorado, the United States of America, or the general Public, which exist, have existed, or are claimed to exist in and over the waters and present and past bed and banks of all rivers, streams, creeks, reservoirs, lakes or other natural waterways.

36.   All coal, oil, gas, other minerals and mineral rights, and any interests therein or rights thereunder.

37.   Easements and rights of way for all roads and highways, including but not limited to Routt County Roads 29, 53, 59, 59B and 61.

38.   Lack of a right of access from various portions of subject property to any open public road.

      NOTE:      This exception is necessary because it does not appear from the instruments in the office of the Clerk and Recorder of the County in which subject property is situated that any right of access exists to an open public roadway to portions of said property.

Effective January 1, 1993, non-Colorado corporations that do not maintain a permanent place of, and are not authorized to do, business in Colorado, and nonresident individuals, partners, estates and trusts, will be subject to a Colorado withholding tax from the sales of Colorado real estate in excess of $100,000. The withholding tax will be the smaller of two percent of the sales price or the net proceeds from the sale of the real estate. The tax will be withheld by the title insurance company, its agent, or other closer and submitted to the Department of Revenue, where it will be credited to the seller's income tax account as an estimated payment. The seller can claim credit for the estimated payment when filing a Colorado return for the year of the sale.

The withholding is not done when any of the following apply:

(1)  The selling price of the property is $100,000 or less.

2)  A bank or corporate beneficiary holds the mortgage or deed of trust on the Colorado real estate and the property is acquired in judicial or nonjudicial foreclosure or by deed in lieu of foreclosure.

3)  The seller's 1099S Form shows a Colorado address and the check (or wired) proceeds are to be sent to a Colorado address (this is not applicable for corporations).

4)  The seller is an individual, partner, estate or trust that furnishes to the title insurance company an affirmation of Colorado residency signed under penalty of perjury (prescribed forms must be used).

5)  The seller is a corporation or partnership (in some cases) which furnishes to the title company an affirmation signed under penalty of perjury that it maintains a permanent place of business of Colorado (prescribed forms must be used).

6)  the seller is an individual who furnishes to the title company an affirmation signed under penalty of perjury that the property was the principal residence which qualifies for rollover gain provisions of Internal Revenue Code Section 1034 (prescribed forms must be used).

7)  The seller furnishes to the title company an affirmation signed under penalty of perjury that there will not reasonably be any Colorado income tax due as a result of the sale (prescribed forms must be used).

This flyer is intended primarily to make you aware of the new law. New questions arise regularly, and are being considered and answered by the Department of Revenue. Our personnel will be kept advised of new developments. Title companies are required to obtain the signed forms when necessary and to be certain the withholding is made when appropriate. They cannot, however, interpret the law or give legal advice. Interested parties might need to seek advice from tax counsel or accountants, or they may call the Department of Revenue at (303) 534-1209.

TRANSAMERICA TITLE INSURANCE COMPANY

NOTICE TO PROSPECTIVE INSURED OWNER:

Re: Mechanic's Lien and Gap Protection

This is to advise that TRANSAMERICA TITLE INSURANCE COMPANY makes available to its prospective insured owners, in conjunction with their TRANSAMERICA TITLE INSURANCE policy covering a single family residence, including a condominium or townhouse unit, protection against mechanic's liens. This protection is not automatic nor given in all cases, but is subject to the Company's Underwriting requirements, and does not cover those liens which arise out of work contracted for or entered into at the request of the insured owner.

These underwriting requirements include, but may not be limited to, the following:

1. Receipt by the Company of agreement(s) indemnifying it for any loss resulting from its granting of lien protection, executed by the seller, contractor or others who might have incurred debts which could result in mechanic's liens;

2. Information concerning the solvency and whereabouts of the parties set forth in Item No. 1, possibly including financial statements;

3. Evidence of payment of any bills which might have been incurred for work done on the property, depending upon the length of time elapsed since the last work was completed and what remains to be done;

4. In the event of extensive recent construction, whether on all of the improvements upon the property or not, additional items required may include: (a) the Company's review of the owner's and/or builder's history relative to construction projects previously completed or presently under construction; (b) review of the construction loan agreement, if applicable; (c) review of any performance or materialmen's bonds concerning this construction, if applicable; (d) payment of the appropriate charge for mechanic's lien protection during construction, if applicable.

This is also to advise that, pursuant to Regulation of the Colorado Insurance Commissioner, every title entity shall be responsible for all matters which appear of record prior to the time of recording, and subsequent to the effective date of the commitment, whenever the title entity conducts the closing and is responsible for recording or filing of legal documents resulting from the transaction which was closed. This does not include those matters created, suffered, assumed or agreed to by the insured. The prospective insured is advised to inquire of the closing entity as to whether it is an office of TRANSAMERICA TITLE INSURANCE COMPANY, or is an independent agent which will be the responsible entity relative to the closing only.

# Transamerica Title Insurance Company

**Arapahoe - Douglas Counties**
2000 West Littleton Boulevard, Littleton
(303) 795-4000

**Jefferson County**
1875 Carr Street, Lakewood
(303) 231-2800

·

·

**Denver - Adams Counties**
1800 Lawrence Street, Denver
(303) 291-4800

**Larimer County**
151 West Mountain Avenue, Fort Collins
(303) 493-6464

·

·

**Boulder County**
1317 Spruce Street, Boulder
(303) 443-7160

**Pueblo County**
627 North Main Street, Pueblo
(303) 543-0451

·

·

**El Paso County**
418 South Weber Street, Colorado Springs
(303) 634-3731

**Routt - Jackson Counties**
507 Lincoln Street, Steamboat Springs
(303) 879-1611

**Weld County**
1113 10th Avenue, Greeley
(303) 352-2283

## CONDITIONS AND STIPULATIONS

### Please read carefully

1.  This is a Commitment to issue one or more policies of title insurance in our Standard Form when the requirements set forth in the Commitment have been satisfied. The policy is available and should be examined before this Commitment is used if there is any question about coverage.

2.  Only the policies shown are committed to. If there are any changes in the transaction, order an amendment from us.

3.  The date on this Commitment is important. Nothing after that date has been considered by us.

4.  This Commitment is good for 6 months only. Extensions should be ordered from us if they are needed.

ISSUED BY

# TRANSAMERICA TITLE INSURANCE COMPANY

### LOAN POLICY OF TITLE INSURANCE

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, TRANSAMERICA TITLE INSURANCE COMPANY, a California corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A; or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, TRANSAMERICA TITLE INSURANCE COMPANY has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**TRANSAMERICA TITLE INSURANCE COMPANY**

Attest: *James J W Lynch Jr*

Secretary



By: *[signature]*

President

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

TRANSAMERICA TITLE INSURANCE COMPANY

POLICY OF TITLE INSURANCE

SCHEDULE A

Amount of Insurance:  $ 3,000,000.00

Policy No.:  7821439

Date of Policy:  October 4, 1995 at 3:40 p.m.


1.  Name of Insured:

Axial Basin Ranch Company, a Delaware General Partnership


2.  The estate or interest in the land described in this Schedule and which is encumbered by the insured mortgage is:  FEE SIMPLE


3.  The estate or interest referred to herein is at Date of Policy vested in:

Cottonwood Land Company, a Delaware Corporation


4.  The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described as follows:

Deed of Trust from Cottonwood Land Company, a Delaware corporation to the Public Trustee of the County of Routt for the use of Axial Basin Ranch Company, a Delaware general partnership to secure $3,000,000.00 dated October 2, 1995, recorded October 4, 1995 in Book 712 at Page 1032.


5.  The land referred to in this policy is described as follows:

(SEE ATTACHED PAGE FOR LEGAL DESCRIPTION)

TRANSAMERICA TITLE INSURANCE COMPANY

Policy No.:   7821439

LEGAL DESCRIPTION

TOWNSHIP 4 NORTH, RANGE 88 WEST OF THE 6TH P.M.
COUNTY OF ROUTT, STATE OF COLORADO

Section 7:   Lot 1, N1/2SE1/4, SE1/4SW1/4;
Section 8:   Lot 4;
Section 18:  Lots 1, 2, 3, NE1/4NW1/4;
             EXCEPT that part of the following lying in Lot 3 of Section
             18, described by metes and bounds as follows:  beginning at a
             point whence the Southeast corner of Lot 4 of said Section
             bears South 624 feet (magnetic variation 16deg 45min east),
             thence North 56deg 30min West 411 feet, thence North 23deg
             27min East 163 feet, thence North 38deg 14min West 252 feet,
             thence North 89deg 43min West 155 feet, thence North 64deg
             22min West 80 feet, thence North 20deg East 217 feet, thence
             South 73deg 04min East 180 feet, thence South 83deg East 423
             feet, to the East line of said Lots 3 and 4, thence South
             along said East line 711 feet to the point of beginning.

TOWNSHIP 5 NORTH, RANGE 88 WEST OF THE 6TH P.M.
COUNTY OF ROUTT, STATE OF COLORADO

Section 17:  S1/2SW1/4;
Section 19:  E1/2NE1/4;
Section 20:  NW1/4, NW1/4SE1/4, W1/2NE1/4
             EXCEPT parcels of land conveyed to The County of Routt by
             deed recorded January 16, 1979 in Book 468 at Page 697;

             ALSO EXCEPT all those portions of the NW1/4NE1/4 of Section
             20, lying East of Routt County Road No. 53.

TOWNSHIP 4 NORTH, RANGE 89 WEST OF THE 6TH P.M.
COUNTY OF ROUTT, STATE OF COLORADO

Section 11:  SE1/4
Section 12:  W1/2SW1/4, SE1/4, Lots 1, 2 and 4
             EXCEPT that part of the following described parcel which lies
             within Lots 1 and 2, Section 12, T4N, R89W:
             A tract of land located partly in the SW1/4SW1/4 of Section
             36, T5N, R89W and partly in Lots 1 and 2, Section 12, T4N,
             R89W, bounded by a line described as follows:
             Beginning at a point on the Southerly line of said Section 36
             from which the SW corner of said Section 36 bears S 89deg
             04min W 398.47 feet; thence N 108.00 feet; thence N 70deg
             07min E 292.00 feet; thence S 52deg 37min E 147.00 feet;
             thence S 06deg 57min W 270.00 feet; thence S 37deg 00min E
             48.00 feet; thence S 58deg 17min 20sec E 26.82 feet to the

TRANSAMERICA TITLE INSURANCE COMPANY

**Policy No.: 7821439**

SCHEDULE A – continued

LEGAL DESCRIPTION

Westerly right of way line of Routt County Highway No. 53;
thence along said right of way S 31deg 00min 38sec W 39.98
feet; thence leaving said right of way N 77deg 58min 20sec W
244.35 feet; thence N 63deg 53min 57sec W 188.54 feet; thence
S 38deg 40min W 165.00 feet; thence S 25deg 25min 51sec E
382.36 feet; thence S 46deg 30min W 575.00 feet; thence S
29deg 30min W 195.22 feet to the Westerly right of way line
of said Highway No. 53; thence along said right of way S
58deg 17min 31sec W 89.25 feet; thence leaving said right of
way N 54deg 00min W 316.84 feet; thence N 38deg 40min E
1285.00 feet to the point of beginning.

EXCEPT a tract of land in Lots 1 and 2 of Section 12, T4N,
R89W of the 6th P.M., bounded by a line described as follows:
Beginning at corner No. 1, from which the SW corner of
Section 36, T5N, R89W bears N 50deg 53min 10sec W 356.83
feet; (Said point of beginning being a point on the boundary
line of a tract of land conveyed to Ruby Construction
Company, Inc., by deed recorded in Book 379 at Page 686);
thence S 25deg 25min 51sec E 382.36 feet to corner 2; thence
S 46deg 30min 00sec W 575.00 feet to corner 3; thence S 29deg
30min 00sec W 195.22 feet to corner 4 on the Northwesterly
ROW line of Routt County Road No. 53; thence following the
Northwesterly ROW line of said Routt County Road No. 53,
377.51 feet along a curve to the right having a radius of
3794.19 feet; the chord of which bears N 61deg 08min 32sec E
377.36 feet to corner 5; thence N 63deg 59min 34sec E 117.58
feet to corner 6; thence 168.55 feet along a curve to the
left having a radius of 226.93 feet, the chord of which bears
N 42deg 42min 53sec E 164.70 feet to corner 7; thence N 21deg
26min 12sec E 73.29 feet to corner 8; thence 47.94 feet along
a curve to the right having a radius of 286.93 feet, the
chord of which bears N 26deg 13min 25sec E 47.89 feet to
corner 9; thence N 31deg 00min 38sec E 513.48 feet to corner
10; thence leaving said Northwesterly ROW line of Routt
County Road 53 N 77deg 58min 20sec W 244.35 feet to corner
11, thence N 63deg 53min 57sec W 188.54 feet to corner 12;
thence S 38deg 40min 00sec W 165.00 feet to corner 1 the
point of beginning.

Section 13:  N1/2NE1/4, that portion of the NE1/4SE1/4 lying North of the
County Road,
EXCEPT so much thereof as is contained within the following
described tract of land:
From the E1/4 corner of Section 13, T4N, R89W run S 52deg
50min W 706.35 feet and thence S 24deg 30min W 72 feet to
Corner No. 1 of said Tract; thence S 53deg 5min W 1247.4 feet

# TRANSAMERICA TITLE INSURANCE COMPANY

**Policy No.:  7821439**

### SCHEDULE A - continued

#### LEGAL DESCRIPTION

to Corner No. 2, thence N 57deg 40min W 2158.2 feet to Corner No. 3; thence North 541 feet to Corner No. 4, thence East 758 feet to Corner No. 5, thence S 0deg 35min E 462 feet to Corner No. 6, center of Section 13, thence N 88deg E 2019.6 feet to Corner No. 7, thence South 508.60 feet to Corner No. 1, the point of beginning.

That part of the S1/2NW1/4 lying North of the Williams Fork Road,
EXCEPT a tract of land described as follows:
From 1/4 corner Commmon to Sections 13, T4N, R89W and Section 18, T4N, R88W, S 52deg 50min W 706.35 feet; thence S 24deg 30min W 72 feet to Corner No. 1 of Tract; thence S 53deg 5min W 1247.4 feet to Corner No. 2; thence N 57deg 40min W 2158.2 feet to Corner No. 3; thence N 541 feet to Corner No. 4; thence E 758 feet to Corner No. 5; thence S 0deg 35min E 462 feet to Corner No. 6 Center Section 13; thence N 88deg E 2019.6 feet to Corner No. 7; thence S 508.6 feet to Corner No. 1 point of beginning.

EXCEPT an 8 acre tract of indefinite location as excepted in Deed dated October 1, 1937, recorded October 1, 1937 in Book 193 at Page 138.


## TOWNSHIP 5 NORTH, RANGE 89 WEST OF THE 6TH P.M. COUNTY OF ROUTT, STATE OF COLORADO

Section 1:  Lots 7, 9, 10, 15, 16, 17 and 18.
Section 2:  Lots 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 20 and 21; Lot 19, EXCEPT a tract bounded by a line described as follows:
Beginning at the NW corner of said SE1/4SW1/4; thence East along he North line of said SE1/4SW1/4 a distance of 760 feet; thence Southwest in a straight line and along the western side of the proposed County Road on said ridge, a distance of 945 feet to a point on the West line of said SE1/4SW1/4 which is 588 feet due South from the place of beginning; thence 588 feet due North to the Point of Beginning.
Section 3:  Lots 5, 6, 10, 11, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27.
Section 4:  Lots 2, 3, 4, S1/2, S1/2NW1/4, S1/2NE1/4
Section 9:  Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13.
Section 10: Lots 1, 2, 4, 5, 6, 9, 10, 11, 12, 13, 14 and 15;
That part of Lots 3 and 8 which lies Southerly and Westerly of a straight line extending from the SW corner of Lot 1 of Section 4 to the NW corner of Lot 3 of Section 14 in said

## TRANSAMERICA TITLE INSURANCE COMPANY

**Policy No.:   7821439**

### SCHEDULE A - continued

### LEGAL DESCRIPTION

Township and Range.

Section 11: Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 15, 16, 18, 19 and 20; Lots 11 and 12, EXCEPT a tract of land described as follows: Beginning at a point 454.2 feet East of the NW corner of Lot 13 of said Section 11, thence N 63deg 26min E 647 feet to a point on the North line of Lot 12 of Section 11, thence N 63deg 26min E 328.3 feet to a point on the East line of Lot 11 of said Section 11, thence S 0deg 51min W 142.2 feet to the NE corner of said Lot 12, thence S 0deg 51min W 294.00 feet, thence West 865.8 feet to the Point of Beginning.

A tract of land in Lot 13 described as follows: Beginning at the NW corner of said Lot 13, thence East 454.2 feet along the North line of said Lot 13, thence S 63deg W 512.8 feet to a point on the West line of said Lot 13, thence N 0deg 51min E 233.5 feet to the Point of Beginning.

Section 12: Lots 2 and 3.

Section 13: Lots 1, 6, 9, 10, 11, 12, 13, 14, 15, 16 and 17.

Section 14: Lots 6, 7, 8, 12, 13, 14, 15, 16, 17 and that part of Lots 3, 4, 5, 9, 10 and 11 not lying within Tract 52.

Section 15: Lots 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 15 and 16.

Section 16: Lots 1, 2, 3, 4, 6, 7, 8, 9 and 10.

Section 20: NE1/4

Section 21: N1/2N1/2, N1/2SW1/4NE1/4, N1/2S1/2SW1/4NE1/4, N1/2SE1/4NW1/4, N1/2S1/2SE1/4NW1/4

Section 22: E1/2, NW1/4, NE1/4NE1/4SW1/4

Section 23: All

Section 24: All

Section 25: NE1/4NE1/4, S1/2NE1/4, W1/2NW1/4, SE1/4NW1/4, W1/2SE1/4, SE1/4SE1/4, SW1/4

Section 26: All

Section 27: NE1/4, NE1/4SE1/4

Section 35: N1/2, SE1/4, N1/2SW1/4, SE1/4SW1/4

Section 36: E1/2NE1/4, NW1/4, SE1/4, S1/2SW1/4

EXCEPT that part of the following described parcel which lies within the SW1/4SW1/4, Section 36, T5N, R89W:

A tract of land located partly in the SW1/4SW1/4 of Section 36, T5N, R89W and partly in Lots 1 and 2, Section 12, T4N, R89W, bounded by a line described as follows: Beginning at a point on the Southerly line of said Section 36 from which the SW corner of said Section 36 bears S 89deg 04min W 398.47 feet; thence N 108.00 feet; thence N 70deg 07min E 292.00 feet; thence S 52deg 37min E 147.00 feet; thence S 06deg 57min W 270.00 feet; thence S 37deg 00min E 48.00 feet; thence S 58deg 17min 20sec E 26.82 feet to the Westerly right of way line of Routt County Highway No. 53; thence along said right of way S 31deg 00min 38sec W 39.98 feet; thence leaving said right of way N 77deg 58min 20sec W

TRANSAMERICA TITLE INSURANCE COMPANY

Policy No.:  7821439

SCHEDULE A - continued

LEGAL DESCRIPTION

244.35 feet; thence N 63deg 53min 57sec W 188.54 feet; thence
S 38deg 40min W 165.00 feet; thence S 25deg 25min 51sec E
382.36 feet; thence S 46deg 30min W 575.00 feet; thence S
29deg 30min W 195.22 feet to the Westerly right of way line
of said Highway No. 53; thence along said right of way S
58deg 17min 31sec W 89.25 feet; thence leaving said right of
way N 54deg 00min W 316.84 feet; thence N 38deg 40min E
1285.00 feet to the point of beginning.

## TOWNSHIP 5 NORTH, RANGE 89 WEST OF THE 6TH P.M.
## COUNTY OF ROUTT, STATE OF COLORADO

ORIGINAL SURVEY

RESURVEY

| | ORIGINAL SURVEY | RESURVEY |
|---|---|---|
| Section 1: | Lots 3, 4, SW1/4NW1/4 | |
| Section 2: | SE1/4NE1/4 | |
| Section 2: | N1/2SE1/4, SW1/4SE1/4, SE1/4SW1/4 | Tract 38 |
| Section 2: | SW1/4SW1/4 | Tract 40 |
| Section 10: | E1/2NE1/4 | |
| Section 11: | NW1/4NW1/4 | |
| Section 10: | SW1/4NE1/4, NW1/4SE1/4, E1/2SW1/4 | Tract 41 |
| Section 16: | All | Tract 46 |
| Section 14: | N1/2NW1/4, SW1/4NW1/4, NW1/4SW1/4 | Tract 51 |
| | | Tract 52 |

## TOWNSHIP 6 NORTH, RANGE 89 WEST OF THE 6TH P.M.
## COUNTY OF ROUTT, STATE OF COLORADO

Section 33: SW1/4, Lots 6 and 11, and a tract in Lot 10 bounded by a line
described as follows:
Beginning at the SW corner of said Lot 10; thence N 991 feet;
thence S 46deg E 741 feet; thence S 30deg E 528 feet; thence
W 812 feet to the point of beginning.
EXCEPT that part conveyed to The County of Routt by Right of
Way Deed recorded January 14, 1931 in Book 170 at Page 311.

EXCEPT a tract of land bounded by a line described as
follows:
Beginning at the NE corner of said Lot 6, thence South on the
East line of Lot 6, 80 feet, thence N 49deg 22min W 110 feet,
thence East 70 feet on the North line of said Lot 6 to the NE
corner of said Lot 6, the place of beginning.
Section 34: Lot 16
Section 35: Lots 13, 14, 15 and 16.

# TRANSAMERICA TITLE INSURANCE COMPANY

**Policy No.: 7821439**

## SCHEDULE B-PART I

**This Policy does not insure against loss or damage by reason of the following:**

1.  Rights or claims of parties in possession not shown by the public records.

2.  Easements, or claims of easements, not shown by the public records.

3.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, and any facts which a correct survey and inspection of the premises would disclose and which are not shown by the public records.

4.  Any lien, or right to a lien, for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

5.  Taxes for the year 1995 not yet due or payable.

6.  Reservations of (1) all coal; and (2) right of way for any ditches or canals constructed by authority of United States, in the following U.S. Patents:

| RECORDED | BOOK | PAGE | PROPERTY AFFECTED |
|---|---|---|---|
| August 12, 1920 | 77 | 545 | Lot 1 & N1/2SE1/4 Sec 7,T4N,R88W & Lot 4 Sec 8,T4N,R88W |
| November 22, 1919 | 115 | 167 | SE1/4SW1/4 Sec 7,T4N,R88W; NE1/4NW1/4 & Lots 1 & 2, Sec 18,T4N,R88W |
| February 23, 1924 | 124 | 337 | S1/2SW1/4 Sec 17,T5N,R88W & NW1/4,SW1/4NE1/4 & NW1/4SE1/4 Sec 20,T5N,R88W |
| December 18, 1920 | 124 | 41 | SE1/4SW1/4 & SE1/4 Sec 35, T5N,R89W SW1/4SW1/4 Sec 36,T5N,R89W Lots 2 & 4,Sec 12,T4N,R89W |
| August 9, 1926 | 124 | 513 | Lots 8,9,10,11,12,16 & 17,Sec 2 T5N,R89W Lots 5,6,14 & 16,Sec 3 T5N,R89W |

## TRANSAMERICA TITLE INSURANCE COMPANY

Policy No.:   7821439

### SCHEDULE B-PART I - continued

| | | | |
|---|---|---|---|
| November 1, 1922 | 124 | 232 | Lots 18,19 & 20,Sec 11 T5N,R89W<br>Lots 3,4,5,9 & 11, Sec 14 T5N,R89W |
| August 2, 1924 | 124 | 387 | Lots 5,6,7 & 13,Sec 2,T5N,R89W<br>Lot 16,Sec 34,T6N,R89W<br>Lots 13,14,15 & 16,Sec 35, T6N,R89W |
| March 15, 1922 | 124 | 154 | Lots 9,11&12,Sec 11,T5N,R89W |
| March 21, 1929 | 160 | 98 | Lots 7,10,15 & 18,Sec 1, T5N,R89W<br>Lots 2 & 3,Sec 12,T5N,R89W |
| March 31, 1928 | 160 | 48 | Lots 17,18,19,20,21,22,23,24, 25,26 & 27,Sec 3,T5N,R89W<br>Lot 1,Sec 10,T5N,R89W |
| May 24, 1938 | 160 | 409 | Lots 9,16 & 17,Sec 1,T5N,R89W<br>Lots 14,19,20 & 21,Sec 2 T5N,R89W<br>Lots 1 & 2,Sec 11,T5N,R89W |
| February 15, 1923 | 129 | 386 | Lot 2,Sec 10,T5N,R89W |
| October 30, 1920 | 124 | 23 | Lots 7,8,9,10,11 & 13, Sec 3, T5N,R89W<br>N1/2NE1/4 Sec 4,T5N,R89W<br>Lots 11 & 12,Sec 33,T6N,R89W |
| March 4, 1936 | 160 | 319 | Lots 14,15,16 & 17,Sec 14 T5N,R89W |
| June 14, 1933 | 160 | 226 | S1/2SW1/4,Sec 23,T5N,R89W<br>W1/2NW1/4,Sec 26,T5N,R89W<br>E1/2,NE1/4,SW1/4NE1/4 & NE1/4SE1/4,Sec 27,T5N,R89W |
| March 6, 1920 | 77 | 493 | Lot 10,Sec 33,T6N,R89W |
| June 22, 1920 | 77 | 523 | Lots 15 & 16,Sec 15,T5N,R89W<br>NW1/4 & W1/2NE1/4,Sec 22,T5N,R89W |
| August 27, 1920 | 77 | 549 | E1/2SE1/4,Sec 26,T5N,R89W<br>E1/2NE1/4,Sec 35,T5N,R89W<br>NW1/4,Sec 36,T5N,R89W |
| September 30, 1920 | 124 | 1 | Lots 2,6,7,8,12 & 13,Sec 14, |

TRANSAMERICA TITLE INSURANCE COMPANY

SCHEDULE B-PART I - continued

|  |  |  |  |
|---|---|---|---|
|  |  |  | T5N,R89W |
|  |  |  | NW1/4NE1/4,Sec 23,T5N,R89W |
| October 20, 1920 | 124 | 16 | Lots 3,4,5 & 6,Sec 10,T5N,R89W |
|  |  |  | Lots 1,2,7 & 8,Sec 9,T5N,R89W |
| October 20, 1920 | 124 | 18 | Lots 3,4,5,6,7,8,15 & 16, |
|  |  |  | Sec 11,T6N,R89W |
|  |  |  | Lots 8 & 15,Sec 10,T5N,R89W |
| April 14, 1921 | 124 | 79 | W1/2NE1/4,NW1/4,N1/2SW1/4 |
|  |  |  | Sec 35,T5N,R89W |
| February 4, 1922 | 124 | 142 | Lots 9,12,13 & 14,Sec 10, |
|  |  |  | T5N,R89W |
|  |  |  | Lots 2,3,4 & 6,Sec 15,T5N,R89W |
| May 31, 1923 | 124 | 279 | Lot 10,Sec 14,T5N,R89W |
|  |  |  | E1/2E1/2,Sec 22,T5N,R89W |
|  |  |  | W1/2NW1/4,NW1/4SW1/4,Sec 23 |
|  |  |  | T5N,R89W |
| June 17, 1924 | 124 | 374 | NW1/4,Sec 4,T5N,R89W |
| June 30, 1924 | 124 | 380 | Lots 3,5,6,9,10,11 & 12 |
|  |  |  | Sec 9,T5N,R89W |
|  |  |  | Lots 10 & 11,Sec 10,T5N,R89W |
| November 29, 1924 | 124 | 408 | Lots 5,7,8,10,11,12 & 13, |
|  |  |  | Sec 15,T5N,R89W |
|  |  |  | Lots 3 & 4,Sec 16,T5N,R89W |
| March 10, 1927 | 124 | 571 | NW1/4SW1/4,NE1/4NW1/4,W1/2NW1/4 |
|  |  |  | Sec 25,T5N,R89W |
|  |  |  | NE1/4,Sec 26,T5N,R89W |
| April 26, 1927 | 124 | 584 | N1/2NW1/4,SW1/4NW1/4,NW1/4SW1/4 |
|  |  |  | Sec 14,T5N,R89W |
| April 9, 1929 | 160 | 100 | Lot 7,Sec 16,T5N,R89W |
|  |  |  | NE1/4,Sec 20,T5N,R89W |
|  |  |  | NW1/4NW1/4,Sec 21,T5N,R89W |
| March 13, 1923 | 124 | 259 | Lots 8,9 & 10,Sec 16,T5N,R89W |
|  |  |  | N1/2NE1/4,SW1/4NE1/4,E1/2NW1/4, |
|  |  |  | Sec 21,T5N,R89W |
| June 24, 1920 | 77 | 525 | Lots 6,13 & 14,Sec 13,T5N,R89W |
| August 27, 1920 | 77 | 550 | NE1/4NE1/4,S1/2NE1/4,W1/2SE1/4, |

### TRANSAMERICA TITLE INSURANCE COMPANY

**Policy No.: 7821439**

**SCHEDULE B-PART I - continued**

|  |  |  |  |
|---|---|---|---|
|  |  |  | E1/2SW1/4,SW1/4SW1/4,Sec 25, T5N,R89W |
| July 31, 1937 | 160 | 378 | SE1/4SE1/4,Sec 25,T5N,R89W<br>E1/2NE1/4,SE1/4SW1/4,SE1/4, Sec 36,T5N,R89W |
| April 8, 1940 | 160 | 489 | Lots 1,9,10,11,12,15,16 & 17, Sec 13,T5N,R89W |
| December 5, 1930 | 160 | 299 | Lot 13,Sec 9,T5N,R89W<br>Lots 1,2 & 6,Sec 16,T5N,R89W |

7. Reservation of (1) all coal and other minerals; and (2) right of way for any ditches or canals constructed by authority of the United States, in the following U.S. Patents:

| RECORDED | BOOK | PAGE | PROPERTY AFFECTED |
|---|---|---|---|
| October 24, 1938 | 160 | 424 | E1/2SE1/4,Sec 11,T4N,R89W<br>W1/2SW1/4,Sec 12,T4N,R89W |
| September 28, 1939 | 160 | 385 | Lot 1 & SE1/4,Sec 12,T4N,R89W<br>N1/2NE1/4,Sec 13,T4N,R89W |
| January 31, 1927 | 124 | 561 | S1/2NE1/4,S1/2,Sec 4,T5N,R89W<br>Lot 4,Sec 9,T5N,R89W |
| June 6, 1952 | 251 | 371 | All of Sec 24,T5N,R89W |
| July 27, 1939 | 160 | 442 | SE1/4,S1/2NE1/4,NE1/4NE1/4, NE1/4NW1/4,Sec 23,T5N,R89W |
| September 16, 1930 | 160 | 161 | SW1/4,Sec 22,T5N,R89W |
| May 8, 1941 | 160 | 532 | W1/2SE1/4,Sec 22,T5N,R89W<br>SE1/4NW1/4,NE1/4SW1/4,Sec 23, T5N,R89W<br>NW1/4NE1/4,Sec 27,T5N,R89W |
| July 23, 1926 | 124 | 506 | E1/2NW1/4,W1/2SE1/4,SW1/4, Sec 26,T5N,R89W |

8. Reservation of (1) right of proprietor of any penetrating vein or lode to extract his ore; and (2) right of way for any ditches or canals constructed by authority of the United States, in the following U.S. Patents:

**TRANSAMERICA TITLE INSURANCE COMPANY**

**Policy No.:  7821439**

**SCHEDULE B-PART I - continued**

| RECORDED | BOOK | PAGE | PROPERTY AFFECTED |
|---|---|---|---|
| July 5, 1913 | 77 | 83 | Lot 3,Sec 18,T4N,R88W NE1/4SE1/4,Sec 13,T4N,R89W |
| December 26, 1925 | 148 | 468 | NW1/4NE1/4,Sec 20,T5N,R88W |
| April 19, 1909 | 49 | 449 | NE1/4,Sec 19,T5N,R88W |
| May 8, 1913 | 77 | 71 | W1/2SE1/4,Sec 11,T4N,R89W |
| May 1, 1918 | 103 | 299 | S1/2NW1/4,Sec 13,T4N,R89W |
| June 6, 1898 | 21 | 305 | SW1/4NE1/4,NW1/4SE1/4,E1/2SW1/4 Section 10,T5N,R89W |
| December 9, 1902 | 28 | 106 | SW1/4SW1/4,Sec 2,T5N,R89W E1/2NE1/4,Sec 10,T5N,R89W NW1/4NW1/4,Sec 11,T5N,R89W |
| November 13, 1899 | 28 | 161 | Lots 3 & 4 & SW1/4NW1/4 Sec 1,T5N,R89W,SE1/4NE1/4,Sec 2 T5N,R89W |
| July 1, 1910 | 64 | 286 | SW1/4,Sec 33,T6N,R89W |

9.  Reservation of right of proprietor of any penetrating vein or lode to extract his ore, in the following U.S. Patents:

| RECORDED | BOOK | PAGE | PROPERTY AFFECTED |
|---|---|---|---|
| August 28, 1891 | 6 | 321 | N1/2SE1/4,SW1/4SE1/4, SE1/4SW1/4,Sec 2,T5N,R89W |

10.  All coal and minerals as reserved by Julia Belle Scott, administratrix, and Thomas Bosworth Scott, administrator of the Estate of Charles Pittman Scott, deceased in deed recorded March 3, 1941 in Book 206 at Page 154, and any interests therein or rights thereunder.
(Affects the NW1/4NE1/4 Section 20, T5N, R88W)

TRANSAMERICA TITLE INSURANCE COMPANY

**Policy No.:  7821439**

SCHEDULE B-PART I - continued

11.   A strip of land for a roadway, as conveyed by Quit Claim Deed
      recorded March 12, 1913 in Book 68 at Page 183, 20 feet in width,
      beginning about 75 feet west of the SW corner of Section 18, and
      running on an easy grade about 1/2 mile in a northerly direction,
      across the wooden bridge (Scott-Detwiller Bridge) now spaning the
      Williams Forks, to the main travelled County road on the north
      side of the Williams Forks; and being over and across the
      following quarter-sections: SE1/4SE1/4, Section 13, T4N, R89W of
      the 6th P.M., W1/2SW1/4, Section 18, T4N, R88W of the 6th P.M.

12.   Terms, agreements, provisions, conditions and obligations as
      contained in Surface User Agreement by and between Axial Basin
      Ranch Company and Hayden Gulch West Coal Company, owner and
      Peabody Coal Company, permittee recorded May 20, 1986 in Book 634
      at Page 1861.

      NOTE:       Continuation of the above Agreement recorded May 8, 1991
                  in Book 662 at Page 1892.
                  (Affects Section 20, T5N, R88W)

13.   All minerals, ores and metals of every kind and character and all
      coal, asphaltum, oil and other like substance, as reserved by
      Routt County in the deeds recorded August 15, 1946 in Book 221 at
      Page 493 and recorded April 13, 1977 in Book 433 at Page 140, and
      any interests therein or rights thereunder.
      (Affects E1/2NE1/4  Section 19)

14.   All minerals, ores and metals of every kind and character and all
      coal, asphaltum, oil and other like substances, as reserved by
      Routt County in the deed recorded August 15, 1946 in Book 221 at
      Page 495, and any interests therein or rights thereunder.
      (Affects NW1/4SE1/4, SW1/4NE1/4 and NE1/4 Section 20, S1/2SW1/4
      Section 17, T5N, R88W)

15.   Easement and right of way for private road, easement, highway or
      by-way as reserved in deeds recorded August 15, 1946 in Book 221
      at Pages 493 and 495, affecting the following described property:

      20 feet on each side of a centerline described as follows:
      Beginning at a point on the Dry Creek County road at a point
      whence the Northwest Corner of Section 20, T5N, R88W, bears N
      89deg 50min W 4060 feet, thence S 80deg 21min W 2370 feet, thence
      N 80deg 29min W 180 feet, thence S 78deg 21min W 245 feet, thence
      S 80deg 11min W 330 feet, thence S 48deg 41min W 420 feet, thence
      S 64deg 01min W 440 feet, thence S 50deg 28min W 200 feet, thence
      S 28deg 36min W 115 feet, thence S 47deg 56min W 210 feet, thence
      S 34deg 51min W 650 feet, thence S 65deg 51min W 238 feet, thence
      S 74deg 31min W 280 feet, thence S 34deg 36min W 230 feet, thence
      S 48deg 16min W 140 feet, thence S 30deg 06min W 190 feet, thence
      S 40deg 05min W 160 feet, said last mentioned point being on the

Page   12

TRANSAMERICA TITLE INSURANCE COMPANY

Policy No.:  7821439

SCHEDULE B-PART I - continued

east line of the W1/2 of the NE1/4 of Section 19, T5N, R88W,
whence the SE corner of the W1/2 of the NE1/4 of said Section 19,
bears S 0deg 11min E 100 feet.

16.  Easements and the terms, agreements, provisions, conditions and
obligations as contained in Agreement recorded May 24, 1979 in
Book 475 at Page 520 and Plat filed May 24, 1979 at File No. 8339.
(See instrument for property affected)

17.  Right of way, whether in fee or easement only, for for road
purposes, as granted to J. Burton Tuttle by Hayden-Gulch West Coal
Company, a partnership, recorded March 12, 1981 in Book 529 at
Page 8, affecting the following described property:

A 60.00 foot wide road easement lying in the W1/2 of Section 33,
T6N, R89W and the NW1/4 of Section 4, T5N, R89W of the 6th , Routt
County, Colorado and lying 30.00 feet on either side of the
following described centerline.

Beginning at a point on the north-south centerline of said Section
33, lying N 00deg 00min 38sec E, 3360.26 feet from the South 1/4
corner of said Section 33; thence S 56deg 31min 21sec W, 296.59
feet; thence 219.98 feet along the arc of a curve to the left,
having a central angle of 14deg 00min 16sec and a radius of 900.00
feet, the chord of which bears S 49deg 31min 13sec W, 219.43 feet;
thence S 42deg 31min 05sec W, 294.29 feet; thence 169.91 feet
along the arc of a curve to the right, having a central angle of
7deg 03min 16sec and a radius of 1380.00 feet, the chord of which
bears S 46deg 02min 43sec W, 169.80 feet; thence S 49deg 34min
21sec W, 41.81 feet; thence 531.59 feet along the arc of a curve
to the left, having a central angle of 38deg 04min 20sec and a
radius of 800.00 feet, the chord of which bears S 30deg 32min
11sec W, 521.86 feet; thence S 11deg 30min 01sec W, 58.96 feet;
thence 179.06 feet along the arc of a curve to the right having a
central angle of 10deg 28min 07sec and a radius of 980.00 feet,
the chord of which bears S 16deg 44min 05sec W, 178.81 feet;
thence S 21deg 58min 08sec W, 518.88 feet; thence 228.32 feet
along the arc of a curve to the left, having a central angle of
10deg 03min 47sec and a radius of 1300.00 feet, the chord of which
bears S 16deg 56min 15sec W, 228.03 feet; thence S 11deg 54min
21sec W, 48.99 feet; thence 197.03 feet along the arc of a curve
to the right, having a central angle of 18deg 48min 55sec and a
radius of 600.00 feet, the chord of which bears S 21deg 18min
49sec W, 196.15 feet; thence S 30deg 43min 16sec W, 282.54 feet;
thence 150.14 feet along the arc of a curve to the left, having a
central angle of 03deg 19min 17sec and a radius of 2590.00 feet,
the chord of which bears S 29deg 03min 38sec W, 150.12 feet;
thence S 27deg 23min 59sec W, 224.62 feet;thence 199.87 feet along
the arc of a curve to the right, having a central angle of 03deg
46min 01sec and a radius of 3040.00 feet, the chord of which bears

## TRANSAMERICA TITLE INSURANCE COMPANY

**Policy No.:   7821439**

SCHEDULE B-PART I - continued

S 29deg 17min 00sec W, 199.83 feet; thence S 31deg 10min 00sec W, 282.01 feet; thence 190.03 feet along the arc of a curve to the left, having a central angle of 06deg 24min 17sec and a radius of 1700.00 feet, the chord of which bears S 27deg 57min 52sec W, 189.93 feet; thence S 24deg 45min 43sec W, 1013.34 feet; thence 199.33 feet along the arc of a curve to the left, having a central angle of 11deg 39min 14sec and a radius of 980.00 feet, the chord of which bears S 18deg 56min 06sec W, 198.99 feet; thence S 13deg 06min 29sec W, 198.33 feet; thence 149.80 feet along the arc of a curve to the right, having a central angle of 02deg 56min 22sec and a radius of 2920.00 feet, the chord of which bears S 14deg 34min 40sec W, 149.79 feet; thence S 16deg 02min 51sec W, 127.27 feet to a point on the west line of the NW1/4 of said Section 4 and the terminus, said point lying S 01deg 40min 02sec W, 1610.94 feet from the NW corner of said Section 4.

The north line of the NW1/4 of said Section 4 is considered to bear N 89deg 18min 58sec E.

18.   All oil and gas as reserved by F.L. Colley in deed recorded June 6, 1927 in Book 154 at Page 73, and any interests therein or rights thereunder.
(Affects NW1/4SE1/4 Section 11, T5N, R89W)

19.   All coal, oil, gas, minerals and mineral rights as reserved by Stella M. Wright in the deed recorded April 16, 1952 in Book 251 at Page 103, and any interests therein or rights thereunder.
(Affects Lots 8 and 15, Section 10, T5N, R89W and Lots 3, 4, 5, 6, 7, 8, 15 and 16, Section 11, T5N, R89W)

20.   Easement and right of way for electrical purposes granted to the United States by John Preece and Mary Preece, also known as Mary W. Preece, by instrument recorded March 7, 1963 in Book 312 at Page 169, affecting the following described property:

Parcel No. 152-CC

That part of Lot 9, Section 9 lying Northeast of a straight line running from the center of Section 9 to the NE corner of Tract 51, Lots 11 and 10, Tract 46 and Tract 41 in Section 10; Lots 5, 4, 3 and 2 in Section 11; Lots 20 and 21 in Section 2; Lots 17, 18 and 15 in Section 1, all in Township 5 North, Range 89 West of the 6th P.M., according to G.L.O. Supplemental Diagram, accepted August 10, 1917. Said centerline is more particularly described as follows:
Beginning at a point within said Lot 9, Section 9, 903.6 feet South and 692.1 feet West of the E1/4 corner of said Section 9; thence N 69deg 14min E 720.6 feet to a point on the East line of said Section 9, 648.4 feet southerly from said E1/4 corner Section 9; thence continuing N 69deg 14min E, 5754.7 feet to a point on

TRANSAMERICA TITLE INSURANCE COMPANY

SCHEDULE B-PART I - continued                    Policy No.:  7821439

the East line of said Section 10, 1371.9 feet southerly from the
NE corner of said Section 10; thence continuing N 69deg 14min E,
4020.2 feet to a point on the North line of said Section 11,
1612.4 feet westerly from the NE corner of said Section 11; thence
continuing N 69deg 14min E, 1726.7 feet to a point on the East
line of said Section 2, 592.5 feet northerly from the SE corner of
said Section 2; thence continuing N 69deg 14min E, 2854.0 feet to
a point on the East line of said Lot 15, Section 1, 1604.3 feet
North and 2677.4 feet East of the SW corner of said Section 1.

The above perpetual easement is 125 feet in width, being 62.5 feet
left of and 62.5 feet right of the above described centerline.

21.    A perpetual easement and right of way for road purposes granted to
       the United States of America by John Preece and Mary Preece, by
       instrument recorded March 13, 1964 in Book 317 at Page 480,
       affecting the following described property:

       Parcel No. 152-CCAR

       Strips of land in Tract 41, Lots 19 and 20, Section 2, and Lots 2
       and 4, Section 11, all in Township 5 North, Range 89 West of the
       6th P.M., as shown on the G.L.O. Supplemental Diagram accepted
       August 10, 1917, 20.0 feet wide and included between lines
       situated 10.0 feet left of and 10.0 feet right of the following
       described centerline measured at right angles and/or radially
       thereto:
       Traverse "A"
       Beginning at a point on the northerly ROW line of the
       Curecanti-Hayden Transmission Line, N 29deg 01min E 96.8 feet from
       the centerline Station 9604+50.9 of said transmission line, and S
       20deg 24min E 1213.4 feet from the NW corner of said Section 11;
       thence N 23deg 29min E, 138.5 feet; thence N 51deg 29min E 108.6
       feet; thence N 38deg 10min E 402.10 feet to a point on the
       southerly ROW line of a county road, N 74deg 26min E, 1457.7 feet
       from the SW corner of said Section 2, also,
       Traverse "B"
       Beginning at a point on the southerly ROW line of a county road, N
       8deg 11min E, 1334.4 feet fromt he S1/4 corner of said Section 2;
       thence S 13deg 32min W 124.9 feet; thence S 33deg 21min W, 297.6
       feet; thence S 40deg 18min W 300.4 feet; thence along a curve to
       the left with a radius of 80.0 feet for an arc distance of 73.4
       feet; thence S 12deg 15min E 259.9 feet; thence S 23deg 49min E
       173.9 feet; thence S 39deg 41min E 298.1 feet; thence S 50deg
       29min E 314.3 feet to a point on the northerly ROW line of the
       said transmission line, N 50deg 29min W 72.0 feet from centerline
       Station 9633+46.8 of said transmission line and S 61deg 08min E
       392.6 feet from the N1/4 corner of said Section 11.

**TRANSAMERICA TITLE INSURANCE COMPANY**

SCHEDULE B-PART I - continued

22.   A perpetual easement and right of way for road purposes granted to
the United States of America by John Preece and Mary Preece, by
instrument recorded November 28, 1969 in Book 339 at Page 731,
affecting the following described property:

Parcel No. 279(P)

A strip of land in Lot 3, Section 11, Lot 19, and Tract 40,
Section 2, Township 5 North, Range 89 West of the 6th P.M., as
shown on the G.L.O. Supplemental Diagram accepted August 10, 1917,
30.0 feet wide and included between two lines being 15.0 feet left
of and 15.0 feet right of the following described centerline
measured at right angles or radially thereto:
Beginning at a point known as Access Road centerline Station
0+69.0 on the northerly ROW line of the Curecanti-Hayden
Transmission Line, 2048.3 feet North and 1726.4 feet East of the
West quarter corner of said Section 11; thence N 46deg 00min W,
159.7 feet; thence N 06deg 24min W, 359.3 feet; thence N 28deg
42min E, 414.0 feet; thence N 19deg 17min E 185.5 feet; thence N
39deg 53min E 216.6 feet; thence N 24deg 08min E 72.01 feet;
thence N 03deg 50min E 230.8 feet to a point known as Access Road
centerline Station 17+07.1 located on the centerline of a County
Road, 3516.8 feet North and 2015.4 feet East of said West quarter
corner of Section 11.

23.   One-half grantors interest in all oil, gas and other mineral
rights as reserved by Joseph F. Livingston in the Deed to John
Preece, Stanley Preece, Vaughn Preece and E.D. Davis, Executor of
the Estate of Lee Preece, deceased in a deed recorded December 30,
1952 in Book 253 at Page 474 and any interest therein or rights
thereunder.

(Affects Lots 2 and 3, Section 12, T5N, R89W)

24.   Entire interest in all coal, oil, gas and mineral rights as
reserved by Vaughn Preece, Irene Preece, Stanley Preece, Virginia
Preece, Dean Preece, Pearl Preece and Mary Eckert in a deed
recorded February 22, 1960 in Book 296 at Page 169 and any
interest therein or rights thereunder.

(Affects Lots 2 and 3, Section 12, T5N, R89W)

25.   Entire interest in all coal, oil, gas and mineral rights as
reserved by Mary Preece as guardian of the Estate of Carol Lee
Preece in a deed recorded February 22, 1960 in Book 296 at Page
179 and any interest therein or rights thereunder.

(Affects Lots 2 and 3, Section 12, T5N, R89W)

## TRANSAMERICA TITLE INSURANCE COMPANY

**Policy No.:  7821439**

### SCHEDULE B-PART I - continued

26.    Entire interest in all coal, oil, gas and mineral rights as
       reserved by Mary Eckert as Administratrix of the Estate of Clet
       Heber Preece in a deed recorded February 22, 1960 in Book 296 at
       Page 208 and any interest therein or rights thereunder.

       (Affects Lots 2 and 3, Section 12, T5N, R89W)

27.    One-half grantors interest in all oil, gas and other mineral
       rights as reserved by John Preece, Mary Preece, Vaughn Preece,
       Irene Preece, Dean Preece, Pearl Preece, Stanley Preece, Virginia
       Preece in the Deed to Edward G. Skeeters and to Vaughey and
       Vaughey, a co-partnership in a deed recorded in Book 284 at Page
       311 and any interest therein or rights thereunder.

       (Affects Lots 2 and 3, Section 12, T5N, R89W)

28.    An undivided 1/2 interest in and to all minerals, including oil
       and gas, as reserved by H.C. Meyers and Regina Meyers in the deed
       recorded August 8, 1968 in Book 333 at Page 722, and any interests
       therein or rights thereunder.
       (Affects Lots 1, 9, 10, 11, 12, 15, 16 and 17, Section 13, T5N,
       R89W)

29.    An undivided 1/2 of the oil and gas as reserved by Marvin D.
       Barnes and Constance L. Barnes in the deed recorded December 5,
       1980 in Book 520 at Page 535, and any interests therein or rights
       thereunder.
       (Affects Lots 1, 9, 10, 11, 12, 15, 16 and 17, Section 13, T5N,
       R89W)

30.    All rights to any and all minerals, ore and metals of any kind and
       character, and all coal, asphaltum, oil, gas and other like
       substances in or under said land, the rights of ingress and egress
       for the purpose of mining, together with enough of the surface of
       the same as may be necessary for the proper and convenient working
       of such minerals and substances, as reserved in Patent from the
       State of Colorado, recorded June 14, 1923 in Book 128 at Page 541.
       (Affects Section 16, T5N, R89W)

31.    Easement for electric transmission line, being 125 feet in width,
       granted to the United States of America by Decree recorded
       February 22, 1963 in Book 312 at Page 27 of the Routt County,
       Colorado records. Said easement is said to traverse the following:
       Lots 9, 10 and 13 of Section 9, Tract 51 in Section 16, T5N, R89W.

TRANSAMERICA TITLE INSURANCE COMPANY

SCHEDULE B-PART I - continued            Policy No.:    7821439

32.    Terms, agreements, provisions, conditions and obligations as
       contained in Agricultural and Livestock Grazing Lease dated
       December 5, 1980 for a term of 21 years from and after that date
       by and between Hayden-Gulch West Coal Company, a partnership
       consisting of Grace H-G Inc., a Delaware corporation and Hanna H-G
       Inc., a Delaware Corporation, as Lessor, and J. Burton Tuttle, as
       Lessee recorded December 5, 1980 in Book 520 at Page 637.

33.    The traverse and right of way for all ditches and canals over and
       across subject property, including, but not limited to the Hayden
       Bench Canal as disclosed by Plat recorded April 9, 1964 at File
       No. 6409 and the Rosette Ditch as disclosed by Plat recorded April
       26, 1910 at File No. 1664.

34.    Any rights, interest or easements in favor of the riparian owners,
       the State of Colorado, the United States of America, or the
       general Public, which exist, have existed, or are claimed to exist
       in and over the waters and present and past bed and banks of all
       rivers, streams, creeks, reservoirs, lakes or other natural
       waterways.

35.    All coal, oil, gas, other minerals and mineral rights, and any
       interests therein or rights thereunder.

36.    Easements and rights of way for all roads and highways, including
       but not limited to Routt County Roads 29, 53, 59, 59B and 61.

37.    Lack of a right of access from various portions of subject
       property to any open public road.

       NOTE:    This exception is necessary because it does not appear
                from the instruments in the office of the Clerk and
                Recorder of the County in which subject property is
                situated that any right of access exists to an open
                public roadway to portions of said property.

TRANSAMERICA TITLE INSURANCE COMPANY

Policy No.:   7821439


SCHEDULE B-PART II

In addition to the matters set forth in Part I of this Schedule, the
title to the estate or interest in the land described or referred to in
Schedule A is subject to the following matters, if any be shown, but the
Company insures that such matters are subordinate to the lien or charge
of the insured mortgage upon said estate or interest:

NONE

## CONDITIONS AND STIPULATIONS
### (Continued)

**5. PROOF OF LOSS OR DAMAGE.**

In addition and after the notices required under Section 3 of these Conditions and Stipulations have been provided the Company, a proof of loss or damage signed and sworn to by the insured claimant ●he furnished to the Company within 90 days after the insured claimant shall ascertain the facts rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien ●mbrance on the title, or other matter insured against by this policy which constitutes the basis o●...●ss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the insured claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in this paragraph, unless prohibited by law or governmental regulations, shall terminate any liability of the Company under this policy as to that claim.

**6. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY.**

In case of a claim under this policy, the Company shall have the additional options:

(a) To Pay or Tender Payment of the Amount of Insurance or to Purchase the Indebtedness.

(i) to pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by the Company, up to the time of payment or tender of payment and which the Company is obligated to pay; or

(ii) to purchase the indebtedness secured by the insured mortgage for the amount owing thereon together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of purchase and which the Company is obligated to pay.

If the Company offers to purchase the indebtedness as herein provided, the owner of the indebtedness shall transfer, assign, and convey the indebtedness and the insured mortgage, together with any collateral security, to the Company upon payment therefor.

Upon the exercise by the Company of either of the options provided for in paragraphs a(i) or (ii), all liability and obligations to the insured under this policy, other than to make the payment required in those paragraphs, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, and the policy shall be surrendered to the Company for cancellation.

(b) To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.

(i) to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay; or

(ii) to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which ●● authorized by the Company up to the time of payment and which the Company is obligated to pay.

a the exercise by the Company of either of the options provided for in paragraphs b(i) or (ii), ●●.. ●ompany's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

**7. DETERMINATION AND EXTENT OF LIABILITY.**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.

(a) The liability of the Company under this policy shall not exceed the least of:

(i) the Amount of Insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in Section 2 (c) of these Conditions and Stipulations;

(ii) the amount of the unpaid principal indebtedness secured by the insured mortgage as limited or provided under Section 8 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time of loss or damage insured against by this policy occurs, together with interest thereon; or

(iii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy.

(b) In the event the insured has acquired the estate or interest in the manner described in Section 2(a) of these Conditions and Stipulations or has conveyed the title, then the liability of the Company shall continue as set forth in Section 7(a) of these Conditions and Stipulations.

(c) The Company will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

**8. LIMITATION OF LIABILITY.**

(a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, or otherwise establishes the lien of the insured mortgage, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b) In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(c) The Company shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of the Company.

(d) The Company shall not be liable for: (i) any indebtedness created subsequent to Date of Policy except for advances made to protect the lien of the insured mortgage and secured thereby and reasonable amounts extended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date of Policy, except construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the land which at Date of Policy were secured by the insured mortgage and which the insured was and continued to be obligated to advance at and after Date of Policy.

**9. REDUCTION OF INSURANCE; REDUCTION OR ●●RMINATION OF LIABILITY.**

..ll payments under this policy, except payments made for costs, attorneys' fees and expenses, ●. ..duce the amount of the insurance pro tanto. However, any payments made prior to the acquisition of title to the estate or interest as provided in Section 2(a) of these Conditions and Stipulations shall not reduce pro tanto the amount of the insurance afforded under this policy except to the extent that the payments reduce the amount of the indebtedness secured by the insured mortgage.

(b) Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made to protect the lien of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than the Amount of Insurance stated in Schedule A.

(c) Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) of these Conditions and Stipulations.

**10. LIABILITY NONCUMULATIVE.**

If the insured acquires title to the estate or interest in satisfaction of the indebtedness secured by the insured mortgage, or any part thereof, it is expressly understood that the amount of insurance under this policy shall be reduced by any amount the Company may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy.

**11. PAYMENT OF LOSS.**

(a) No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

**12. SUBROGATION UPON PAYMENT OR SETTLEMENT.**

(a) The Company's Right of Subrogation.

Whenever the Company shall have settled and paid a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued. If requested by the Company, the insured claimant shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The insured claimant shall permit the Company to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, the Company shall be subrogated to all rights and remedies of the insured claimant after the insured claimant shall have recovered its principal, interest, and costs of collection.

(b) The Insured's Rights and Limitations.

Notwithstanding the foregoing, the owner of the indebtedness secured by the insured mortgage, provided the priority of the lien of the insured mortgage or its enforceability is not affected, may release or substitute the personal liability of any debtor or guarantor, or extend or otherwise modify the terms of payment, or release a portion of the estate or interest from the lien of the insured mortgage, or release any collateral security for the indebtedness.

When the permitted acts of the insured claimant occur and the insured has knowledge of any claim of title or interest adverse to the title to the estate or interest or the priority or enforceability of the lien of the insured mortgage,.as insured, the Company shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any. lost to the Company by reason of the impairment by the insured claimant of the Company's right of subrogation.

(c) The Company's Rights Against Non-insured Obligors.

The Company's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

The Company's right of subrogation shall not be avoided by acquisition of the insured mortgage by an obligor (except an obligor described in Section 1(a) (i) of these Conditions and Stipulations) who acquires the insured mortgage as a result of an indemnity, guarantee, other policy of insurance, or bond and the obligor will not be an insured under this policy, notwithstanding Section ●●●● of these Conditions and Stipulations.

**13. ARBITRATION.**

Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured. All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect as Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permit a court to award attorneys' fees. The arbitration to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

**14. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT.**

(a) This policy together with all endorsements, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company. In interpreting any provision of this policy this policy shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the lien of the insured mortgage or of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c) No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or a validating officer or authorized signatory of the Company.

**15. SEVERABILITY.**

In the event any provision of this policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

**16. NOTICES, WHERE SENT.**

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to ●●●● ●●●● TITLE INSURANCE COMPANY, 44 MONTGOMERY STREET, SUITE 3450, SAN ●● ●● ●● ●●●●

---

NM2         PA 20
ALTA Loan Policy (10-17-92)
Cover Page
**Form 1191-6**

ORIGINAL

Valid Only If Face Page and Schedules A and B Are Attached

CERTIFICATE OF TAXES DUE

STATE OF COLORADO
COUNTY OF Routt        ss.

I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|
| Schedule no: 35   D   5345( 689-01)AGRIC   Current Taxes | 28.04 |
| Assessed to: CIRCLE BAR RANCH, INC. | |

LOTS 10 & 14   SEC 11-5-89   2.41A  1994 Taxes are paid          28.04
LOTS 2 & 3    SEC 12-5-89  67.06A
   TOTAL 69.47A

Total value = 430.00

| Tax Entity | Mill Levy | Tax |
|---|---|---|
| ROUTT COUNTY GENERAL | 16.6020 | 7.14 |
| WEST ROUTT LIBRARY | 1.2340 | .53 |
| SCHOOL DISTRICT RE #1 | 40.8800 | 17.58 |
| HAYDEN CEMETERY DISTR | .3910 | .17 |
| COLORADO RIVER | .3940 | .17 |
| UPPER YAMPA WATER DIS | 1.8210 | .78 |
| SOLANDT MEMORIAL HOSP | .2900 | .13 |
| WEST ROUTT FIRE DISTR | 3.5920 | 1.54 |
| Totals: | 65.2040 | 28.04 |

TOTAL TAXES DUE                    .00

Ordered by: TRANSAMERICA 7821439
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor

   IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 29TH
Day of September, 1995.

                              Kenneth W. Sigley
                              Treasurer of Routt County, Colorado

                         By ............................Deputy

Fee  $10.00

                                        TOTAL P.02

CERTIFICATE OF TAXES DUE                    CERT#....2428

STATE OF COLORADO
COUNTY OF Routt                    ss.

    I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 31   C     4267(   150-02)AGRIC    Current Taxes        12.3
Assessed to: AXIAL BASIN RANCH COMPANY

  TR IN LOTS 1 & 2   SEC 12-4-89    1994 Taxes are paid        12.3
  TOTAL 1.02A

  Total value = 120.00

| Tax Entity | Mill Levy | Tax |
|---|---|---|
| ROUTT COUNTY GENERAL | 16.6020 | 1.9 |
| WEST ROUTT LIBRARY | 1.2340 | .1 |
| SCHOOL DISTRICT RE #1 | 40.8800 | 4.9 |
| HAYDEN CEMETERY DISTR | .3910 | .0 |
| COLORADO RIVER | .3940 | .0 |
| UPPER YAMPA WATER DIS | 1.8210 | .2 |
| SOLANDT MEMORIAL HOSP | .2900 | .0 |
| TREASURER'S ADMIN. FE | | 5.0 |
| Totals: | 61.6120 | 12.3 |

TOTAL TAXES DUE                    .0

Ordered by: TRANSAMERICA 7821439
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 27TH
Day of September, 1995.

                    Kenneth W. Sigley
                    Treasurer of Routt County, Colorado

Fee  $10.00                    By........................................Dept

CERTIFICATE OF TAXES DUE                CERT#....2428

STATE OF COLORADO
COUNTY OF Routt                 ss.

I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 35   G    7707(  150-03)AGRIC    Current Taxes        109.5
Assessed to: AXIAL BASIN RANCH COMPANY

  S2SW4 SEC 17-5-88,        1994 Taxes are paid              109.5
  E2NE4 SEC 19-5-88,
  NW4, PT SW4NE4,                Tax Entity      Mill Levy    Tax
  PT NW4SE4 LYING W RCR 53
  SEC 20-5-88               ROUTT COUNTY GENERAL  16.6020    27.8
  TOTAL 342.73A             WEST ROUTT LIBRARY     1.2340     2.0
                            SCHOOL DISTRICT RE #1 40.8800    68.6
  Total value = 1,480.00    HAYDEN CEMETERY DISTR   .3910      .6
                            COLORADO RIVER          .3940      .6
                            UPPER YAMPA WATER DIS  1.8210     3.0
                            SOLANDT MEMORIAL HOSP   .2900      .4
                            WEST ROUTT FIRE DISTR  3.5920     6.0

                            Totals:               65.2040   109.5

                                           TOTAL TAXES DUE        .0

Ordered by: TRANSAMERICA 7821439
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 27TH
Day of September, 1995.
                                    Kenneth W. Sigley
                          ----------------------------------------
                            Treasurer of Routt County, Colorado

Fee  $10.00                By...........................................Depu

CERTIFICATE OF TAXES DUE

STATE OF COLORADO
COUNTY OF ROUTT                    ss.

I, the undersigned, County Treasurer in and for said County, do here
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile home
with the following exceptions, to wit:

| DESCRIPITON | AMOUNT |
|---|---|

Schedule no: 51        19465( 1616-01)AGRIC     Current Taxes        138
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

LOTS 1,9,10,11,12,15,16,17        1994 Taxes are paid              138.0
SEC 13-5-89
SHR                TOTAL 330A          Tax Entity      Mill Levy      Tax

Total value = 2,240.00             ROUTT COUNTY GENERAL    16.6020      37.1·
                                   WEST ROUTT LIBRARY       1.2340       2.7(
                                   SCHOOL DISTRICT RE #1   40.8800      91.5·
                                   HAYDEN CEMETERY DISTR     .3910        .8(
                                   COLORADO RIVER           .3940        .8(
                                   UPPER YAMPA WATER DIS    1.8210       4.0(
                                   SOLANDT MEMORIAL HOSP     .2900        .6!

                                   Totals:                61.6120     138.0]

TOTAL TAXES DUE        .0(

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH
Day of September, 1995.

                                   Kenneth W. Sigley
                        .............................................
                        Treasurer of Routt County, Colorado

Fee  $10.00                By........................................Deput·

CERTIFICATE OF TAXES DUE

STATE OF COLORADO
COUNTY OF ROUTT              ss.

    I, the undersigned, County Treasurer in and for said County, do he.
certify that there are no unpaid taxes, or unredeemed tax sales, .. appear. of
record in this office, on the following described real property or obile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 31        27751( 1616-02)AGRIC     Current Taxes        242.
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

    E2E2 SEC 23-5-89    160A        1994 Taxes are paid              242.7
    ALL SEC 24 5-89     640A SHR
        TOTAL 800A

    Total value = 5,940.00

| Tax Entity | Mill Levy | Tax |
|---|---|---|
| ROUTT COUNTY GENERAL | 16.6020 | 65.4: |
| WEST ROUTT LIBRARY | 1.2340 | 4.86 |
| SCHOOL DISTRICT RE #1 | 40.8800 | 161.0: |
| HAYDEN CEMETERY DISTR | .3910 | 1.5: |
| COLORADO RIVER | .3940 | 1.5: |
| UPPER YAMPA WATER DIS | 1.8210 | 7.1: |
| SOLANDT MEMORIAL HOSP | .2900 | 1.1: |
| Totals: | 61.6120 | 242.7: |

                                                TOTAL TAXES DUE        .0

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.   Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH
Day of September, 1995.

                                    Kenneth W. Sigley
                        ---------------------------------------------
                            Treasurer of Routt County, Colorado

Fee  $10.00                 By. ............................................Deput

CERTIFICATE OF TAXES DUE                              CERTN....2450

STATE OF COLORADO
COUNTY OF Routt                    ss.

    I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 31   D     5315(  1616-03)AGRIC     Current Taxes          627.2
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

| | |
|---|---|
| LOTS 4,5,11,12,13,PT TR 51,PT OF | 1994 Taxes are paid          627.2 |
| LOTS 3,6,9,10   SEC  9-5-89 | |

LOT 12 SEC 10-5-89,W2W2 SEC  4-5-89      Tax Entity     Mill Levy      Tax
LOTS 4,5,12,13,W2 OF LOTS 6,11 IN
  SEC 15-5-89 W2NW4,W2E2NW4              ROUTT COUNTY GENERAL    16.6020      169.0
  SEC 22-5-89                           WEST ROUTT LIBRARY       1.2340       12.5
LOTS 1,2,3,4,6,7,8,9,10; PT TR 51       SCHOOL DISTRICT RE #1   40.8800      416.1
  SEC 16-5-89 NE4   SEC 20-5-89         HAYDEN CEMETERY DISTR     .3910        3.9
N2N2;N2SW4NE4;N2S2SW4NE4;N2SE4 NW4;     COLORADO RIVER            .3940        4.0
N2S2SE4NW4   SEC 21-5-89                UPPER YAMPA WATER DIS    1.8210       18.5
SMR                      TOTAL 1988.11A SOLANDT MEMORIAL HOSP     .2900        2.9

Total value = 10,180.00              Totals:                  61.6120      627.2

---

                                                         TOTAL TAXES DUE        .0

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH
Day of September, 1995.

                                        Kenneth W. Sigley
                          ............................................
                          Treasurer of Routt County, Colorado

Fee  $10.00                    By................................................Deput

CERTIFICATE OF TAXES DUE                    CERTIF... 2430

STATE OF COLORADO
COUNTY OF ROUTT            88.

I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 51  D    5348( 1616-04)AGRIC     Current Taxes     1,496.5
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

LOTS 5-14,16,17,PT 19,20,21;                  1994 Taxes are paid              1,496.5
PT TR 38;ALL TR 40;PT TR 41
  SEC 2-5-89   655.77A
LOTS 5,6,10,11,13,14,16-27;PT TR 41
  SEC 3-5-89   567.97A

| Tax Entity | Mill Levy | Tax |
|---|---|---|
| ROUTT COUNTY GENERAL | 16.6020 | 403.2 |
| WEST ROUTT LIBRARY | 1.2340 | 29.9 |
| SCHOOL DISTRICT RE #1 | 40.8800 | 992.9 |
| HAYDEN CEMETERY DISTR | .3910 | 9.4 |
| COLORADO RIVER | .3940 | 9.5 |
| UPPER YAMPA WATER DIS | 1.8210 | 44.2 |
| SOLANDT MEMORIAL HOSP | .2900 | 7.0 |

LOTS 2,3;SE4NW4;S2NE4;E2SW4;SE 4
  SEC 4-5-89   441.73A
LOTS 1,2,PT 3,PT 6,7,8,PT 9,PT 10
  SEC 9-5-89   297.20A
LOTS 1-6,8-11,13-15;PT TR 41;
ALL TR 46   SEC 10-5-89   597.54A
              TOTAL 2510.01A

Total value = 24,290.00

Totals:                       61.6120    1496.5

TOTAL TAXES DUE              .C

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH
Day of September, 1995.

                    Kenneth W. Sigley
    .........................................
    Treasurer of Routt County, Colorado

Fee  $10.00

          By _____ .Deput

CERTIFICATE OF TAXES DUE

STATE OF COLORADO
COUNTY OF ROUTT                    SS.

I, the undersigned, County Treasurer in and for said County, do hereby certify that there are no unpaid taxes, or unredeemed tax sales, as appears of record in this office, on the following described real property or mobile homes with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 31   D       5349( 1617-01)AGRIC        Current Taxes        1,073.90
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

LOTS 3-8,15,16,18; PT TR 41
SEC 11-5-89      286.50A            1994 Taxes are paid              1,073.90
LOTS 4,9-11,14-17; TR 52
SEC 14-5-89      343.12A            Tax Entity        Mill Levy      Tax
LOTS 2,3,E2 6,7,8,10,E2 11,15,16
SEC 15-5-89      333.00A        ROUTT COUNTY GENERAL   16.6020     289.3
E2;E2E2NW4;NE2NE4SW4 SEC 22-5-89    WEST ROUTT LIBRARY      1.2340      21.5
   380.00A W2;W2E2  SEC 23-5-89      SCHOOL DISTRICT RE #1  40.8800     712.5
   480.00A W2;W2E2  SEC 26-5-89      HAYDEN CEMETERY DISTR    .3910       6.8
   480.00A                          COLORADO RIVER           .3940       6.8
NE4;NE4SE4  SEC 27-5-89   200.00A   UPPER YAMPA WATER DIS   1.8210      31.7
N2;N2SW4;SE4;SE4SW4 SEC 35-5-89     SOLANDT MEMORIAL HOSP    .2900       5.0
   600.00A
              TOTAL 3102.62A        Totals:               41.6120     1073.9

Total value = 17,430.00

===========================================        TOTAL TAXES DUE             .0
Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified hereby. Statements as to taxes or assessments on personal property or other taxable interests are provided as a courtesy and depend on the accuracy of property schedule numbers and/or taxpayer names provided by the requestor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH Day of September, 1995.

                              Kenneth W. Sigley
                     Treasurer of Routt County, Colorado

Fee: $10.00

                        By ................................................Deputy

CERTIFICATE OF TAXES DUE                    CERTIF...24050

STATE OF COLORADO
COUNTY OF Routt                    ss.

I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 31   0      5550( 1617-02)AGRIC      Current Taxes          101.6
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

SE4   SEC 11-4-89      160.00A       1994 Taxes are paid                 101.6
PT LOT 2,ALL LOT 4; W2SW4
SEC 12-4-89      161.88A            Tax Entity       Mill Levy     Tax
TR IN S2NW4   SEC 13-4-89      15.74A
                TOTAL 337.62A   ROUTT COUNTY GENERAL   16.6020      27.3
                                WEST ROUTT LIBRARY      1.2340       2.0
Total value = 1,650.00          SCHOOL DISTRICT RE #1  40.8800      67.4
                                HAYDEN CEMETERY DISTR    .3910        .6
                                COLORADO RIVER           .3940        .6
                                UPPER YAMPA WATER DIS   1.8210       3.0
                                SOLANDT MEMORIAL HOSP    .2900        .4

                                Totals:                61.6120     101.6

TOTAL TAXES DUE          .0

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH
Day of September, 1995.

                                Kenneth W. Sigley
................................................
                                Treasurer of Routt County, Colorado

Fee  $10.00

                    By........................................Deput

CERTIFICATE OF TAXES DUE

STATE OF COLORADO
COUNTY OF ROUTT                    ss.

I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 31    D      6116( 1617-03)AGRIC    Current Taxes      112.
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

| LOT 1; N2SE4;SE4SW4   SEC 7-4-88 | 1994 Taxes are paid |  |  | 112. |
|---|---|---|---|---|
| LOT 4    SEC 8-4-88 |  |  |  |  |
| LOTS 1,2,3; NE4NW4 LESS 2.67A | Tax Entity | Mill Levy | Tax |  |
| SEC 18 4-88 |  |  |  |  |
| SMR                TOTAL 373.03A | ROUTT COUNTY GENERAL | 16.6020 | 30. |  |
|  | WEST ROUTT LIBRARY | 1.2340 | 2. |  |
| Total value = 1,830.00 | SCHOOL DISTRICT RE #1 | 40.0800 | 74. |  |
|  | HAYDEN CEMETERY DISTR | .3910 | . |  |
|  | COLORADO RIVER | .3940 | . |  |
|  | UPPER YAMPA WATER DIS | 1.8210 | 3. |  |
|  | SOLANDT MEMORIAL HOSP | .2900 | . |  |
|  | Totals: | 61.6120 | 112. |  |

TOTAL TAXES DUE

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH
Day of September, 1995.

Kenneth W. Sigley
.................................................
Treasurer of Routt County, Colorado

Fee  $10.00                       By ................................................Dept

CERTIFICATE OF TAXES DUE                    CERTIF....245

STATE OF COLORADO
COUNTY OF Routt               ss.

I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile home
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 31   D      6124( 1617-04)AGRIC    Current Taxes        482.
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

| Legal | Tax Entity | Mill Levy | Tax |
|---|---|---|---|
| S2N2;NW4NW4;NE4NE4;SW4;W2SE4;S | 1994 Taxes are paid | | 482. |
| E4SE4 SEC 25-5-89 | | | |
| E2E2     SEC 26-5-89 | Tax Entity | Mill Levy | Tax |
| NW4;E2NE4;SE4;S2SW4 LESS 2A 1N | | | |
| SEC 36-5-89 LOT 1 LESS 2.21A; SE4 | ROUTT COUNTY GENERAL | 16.6020 | 129. |
| SEC 12-4-89 | WEST ROUTT LIBRARY | 1.2340 | 9. |
| N2NE4; PT OF NE4SE4  SEC 13-4-89 | SCHOOL DISTRICT RE #1 | 40.8800 | 320. |
| SMR      TOTAL 1452.09A | HAYDEN CEMETERY DISTR | .3910 | 3. |
| | COLORADO RIVER | .3940 | 3. |
| Total value = 7,830.00 | UPPER YAMPA WATER DIS | 1.8210 | 14. |
| | SOLANDT MEMORIAL HOSP | .2900 | 2. |
| | Totals: | 61.6120 | 482. |

TOTAL TAXES DUE

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28th
Day of September, 1995.

                          Kenneth W. Sigley
..............................................
              Treasurer of Routt County, Colorado


Fee  $10.00                 By................................Dep

CERTIFICATE OF TAXES DUE

CERTH....2450

STATE OF COLORADO
COUNTY OF Routt                          ss.

    I, the undersigned, County Treasurer in and for said County, do hereby certify that there are no unpaid taxes, or unredeemed tax sales, as appears of record in this office, on the following described real property or mobile homes with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 35        29512( 1618-01)AGRIC     Current Taxes        79.5
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

LOTS 6,13,14 SEC 13-5-89     123.51A   1994 Taxes are paid              79.5
LOTS 6,7,13 SEC 14-5-89      124.22A
SMR                 TOTAL 247.73A      Tax Entity       Mill Levy    Tax

Total value = 1,220.00

| Tax Entity | Mill Levy | Tax |
|---|---|---|
| ROUTT COUNTY GENERAL | 16.6020 | 20.2 |
| WEST ROUTT LIBRARY | 1.2340 | 1.5 |
| SCHOOL DISTRICT RE #1 | 40.8800 | 49.8 |
| HAYDEN CEMETERY DISTR | .3910 | .4 |
| COLORADO RIVER | .3940 | .4 |
| UPPER YAMPA WATER DIS | 1.8210 | 2.2 |
| SOLANDT MEMORIAL HOSP | .2900 | .3 |
| WEST ROUTT FIRE DISTR | 3.5920 | 4.3 |
| Totals: | 65.2040 | 79.5 |

                                         TOTAL TAXES DUE        .00

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified hereby.  Statements as to taxes or assessments on personal property or other taxable interests are provided as a courtesy and depend on the accuracy of property schedule numbers and/or taxpayer names provided by the requestor.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH Day of September, 1995.

                                     Kenneth W. Sigley
                        Treasurer of Routt County, Colorado

Fee   $10.00              By......................................................Deputy

CERTIFICATE OF TAXES DUE                          CERTIFICATE 2451

STATE OF COLORADO
COUNTY OF Routt                    ss.

I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 35   D       5346( 1618-03)AGRIC      Current Taxes        622.0
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

  LOTS 7,9,10,15,16,17,18; PT TR 38    1994 Taxes are paid              622.0
  SEC 1-5-89      330.82A
  LOTS 1,2,9,PT 11,PT 12,PT 13,19,20     Tax Entity      Mill Levy      Tax
  SEC 11-5-89     256.22A
  LOTS 3,5,8,12   SEC 14-5-89   153.24A ROUTT COUNTY GENERAL   16.6020   158.3
                  TOTAL 740.28A WEST ROUTT LIBRARY              1.2340    11.7
                                SCHOOL DISTRICT RE #1          40.8800   389.9
  Total value = 9,540.00        HAYDEN CEMETERY DISTR           .3910     3.7
                                COLORADO RIVER                  .3940     3.7
                                UPPER YAMPA WATER DIS          1.8210    17.3
                                SOLANDT MEMORIAL HOSP           .2900     2.7
                                WEST ROUTT FIRE DISTR          3.5920    34.2

                                Totals:                       65.2040   622.0

                                            TOTAL TAXES DUE              .0

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH
Day of September, 1995.

                                    Kenneth W. Sigley
                            ..............................................
                                Treasurer of Routt County, Colorado

Fee  $10.00

                            By..................................................Deput

CERTIFICATE OF TAXES DUE                    CERTIFICATE

STATE OF COLORADO
COUNTY OF Routt                  ss.

I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 35   G      7709( 1619-01)AGRIC        Current Taxes         11.0
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

  NW4NE4 (LESS 3.57A ROW) SEC 20-5-88   1994 Taxes are paid              11.0
  TOTAL 36.43A

  Total value = 170.00

| Tax Entity | Mill Levy | Tax |
|---|---|---|
| ROUTT COUNTY GENERAL | 16.6020 | 2.8 |
| WEST ROUTT LIBRARY | 1.2340 | .2 |
| SCHOOL DISTRICT RE #1 | 40.8800 | 6.9 |
| HAYDEN CEMETERY DISTR | .3910 | .0 |
| COLORADO RIVER | .3940 | .0 |
| UPPER YAMPA WATER DIS | 1.8210 | .3 |
| SOLANDT MEMORIAL HOSP | .2900 | .0 |
| WEST ROUTT FIRE DISTR | 3.5920 | .6 |
| Totals: | 65.2040 | 11.0 |

                                                      TOTAL TAXES DUE         .0
Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

   IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH
Day of September, 1995.

                                      Kenneth W. Sigley
                             ........................................
                             Treasurer of Routt County, Colorado

Fee  $10.00

                             By ........................................Deputy

CERTIFICATE OF TAXES DUE                    CERTH....2451

STATE OF COLORADO
COUNTY OF Routt                 ss.

I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 35   0      5311( 1618-02)AGRIC     Current Taxes        39.7
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

   W2SW4; PT LOT 6    SEC 33-6-89      1994 Taxes are paid           39.7
                 TOTAL 121.07A

   Total value = 610.00

| Tax Entity | Mill Levy | Tax |
|---|---|---|
| ROUTT COUNTY GENERAL | 16.6020 | 10.1 |
| WEST ROUTT LIBRARY | 1.2340 | .7 |
| SCHOOL DISTRICT RE #1 | 40.8800 | 24.9 |
| HAYDEN CEMETERY DISTR | .3910 | .2 |
| COLORADO RIVER | .3940 | .2 |
| UPPER YAMPA WATER DIS | 1.8210 | 1.1 |
| SOLANDT MEMORIAL HOSP | .2900 | .1 |
| WEST ROUTT FIRE DISTR | 3.5920 | 2.1 |
| Totals: | 65.2040 | 39.7 |

                                          TOTAL TAXES DUE         .0

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

   IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH
Day of September, 1995.

                              Kenneth W. Sigley
                    ...........................................
                       Treasurer of Routt County, Colorado

Fee  $10.00          By................................................Deputy

CERTIFICATE OF TAXES DUE                    CERTH....1451

STATE OF COLORADO
COUNTY OF Routt                ss.

I, the undersigned, County Treasurer in and for said County, do hereby
certify that there are no unpaid taxes, or unredeemed tax sales, as appears of
record in this office, on the following described real property or mobile homes
with the following exceptions, to wit:

| DESCRIPTION | AMOUNT |
|---|---|

Schedule no: 35    D      5551(  1618-04)AGRIC    Current Taxes          245.8
Assessed to: HAYDEN-GULCH WEST COAL COMPANY

    E2SW4; PT LOT 10, ALL LOT 11            1994 Taxes are paid          245.8
    SEC 33-6-89      131.16A
    LOT 16   SEC 34-6-89       41.80A            Tax Entity      Mill Levy      Tax
    LOTS 13,14,15,16 SEC 35-6-89
      167.31A                                    ROUTT COUNTY GENERAL    16.6020    62.5
                        TOTAL 340.35A        WEST ROUTT LIBRARY      1.2340     4.6
                                             SCHOOL DISTRICT RE #1  40.8800   154.1
    Total value = 3,770.00                   HAYDEN CEMETERY DISTR     .3910     1.4
                                             COLORADO RIVER            .3940     1.4
                                             UPPER YAMPA WATER DIS    1.8210     6.8
                                             SOLANDT MEMORIAL HOSP     .2900     1.1
                                             WEST ROUTT FIRE DISTR    3.5920    13.5

                                             Totals:                 65.2040   245.8

                                             TOTAL TAXES DUE              .0

Ordered by: TRANSAMERICA 7821439 JAZ
Only amounts of any taxes on real property and mobile homes are certified
hereby.  Statements as to taxes or assessments on personal property or other
taxable interests are provided as a courtesy and depend on the accuracy of
property schedule numbers and/or taxpayer names provided by the requestor.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 28TH
Day of September, 1995.

                                        Kenneth W. Sigley
                                   Treasurer of Routt County, Colorado


Fee  $10.00                      By.................................Depu


                                        TOTAL P.18

# ACORD. CERTIFICATE OF INSURANCE

DATE (MM/DD/YY)
26-Sep-95

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|

SEDGWICK JAMES OF NJ, INC.
   BECKER FARM ROAD
ROSELAND, NJ  07068          0-162

### COMPANIES AFFORDING COVERAGE

| INSURED | COMPANY A | INDEMNITY INS.CO. OF N. AMERICA |
|---|---|---|
| PEABODY HOLDING COMPANY, INC. AND SUBSIDIARIES 701 MARKET STREET, SUITE 700 ST. LOUIS, MO  63101-1826 | COMPANY B | |
| | COMPANY C | |
| | COMPANY D | |

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** | CGO G1 423000-2 | 10/01/95 | 10/1/96 | GENERAL AGGREGATE | $ N/A |
| | X COMMERCIAL GENERAL LIABILITY | | | | PRODUCTS-COMP/OP AGG | $ 2,000,000 |
| | CLAIMS MADE XX OCCUR | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | OWNER'S & CONT PROT | | | | EACH OCCURRENCE | $ 1,000,000 |
| | X BROAD FORM VENDORS COVERAGE INCLUDED | | | | FIRE DAMAGE (Any one fire) | $ 50,000 |
| | | | | | MED EXP (Any one person) | $ 5,000 |
| A | **AUTOMOBILE LIABILITY** | SCA HO 187821-9 | 10/01/95 | 10/1/96 | COMBINED SINGLE LIMIT | $ 1,000,000 |
| | X ANY AUTO | | | | | |
| | X ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | X SCHEDULED AUTOS | | | | | |
| | X HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | X NON-OWNED AUTOS | | | | | |
| | | | | | PROPERTY DAMAGE | $ |
| | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | ANY AUTO | | | | OTHER THAN AUTO ONLY: | |
| | | | | | EACH ACCIDENT | $ |
| | | | | | AGGREGATE | $ |
| | **EXCESS LIABILITY** | | | | EACH OCCURRENCE | $ |
| | UMBRELLA FORM | | | | AGGREGATE | $ |
| | OTHER THAN UMBRELLA FORM | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | STATUTORY LIMITS | |
| | THE PROPRIETOR/ PARTNERS/EXECUTIVE OFFICERS ARE: | INCL EXCL | | | EACH ACCIDENT | $ |
| | | | | | DISEASE - POLICY LIMIT | $ |
| | | | | | DISEASE - EACH EMPLOYEE | $ |
| | OTHER | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS    H.G. COAL IS HEREBY NAMED AS AN ADDITIONAL INSURED AS RESPECTS COTTONWOOD LAND COMPANY'S 13,000 ACRE PROPERTY LOCATED IN ROUTT COUNTY, COLORADO.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| H.G. COAL,I/C DAVIS, GRAHAM&STUBBS ,L.L.C. 4700 REPUBLIC PLAZA, 370 SOUTH SEVENTEENTH STREET NVER, CO  80202 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE   *Robert E.* |

ACORD 25-S (3/93)                                                                    © ACORD CORPORATION 1993

## REAL PROPERTY TRANSFER DECLARATION

1. Address or legal description of real property:
   Vacant Land, , Colorado

   Is this transaction among related parties:  Yes ____  No  X

3. Total sale price: ~~$3,500,000.00~~  $ 4,000,000  *PRICE INCLUDES PAYMENT FOR OTHER PROPERTIES NOT CURRENTLY CONVEYED*

4. What was the cash downpayment? $ 1,000,000.00

5. Did total sale price include a trade or exchange?  Yes ____  No  X

6. Did the buyer receive any personal property in the transaction?  Yes ____  No  X

   If yes, the approximate value:  N/A

7. Were mineral rights included in the sale?  Yes  X  No ____  *ANY APPURTENANT*

8. Were water rights included in the sale?  Yes  X  No ____  *ANY APPURTENANT*

9. If applicable, you may include goodwill for a going business.
   Approximate value of goodwill:  NONE

10. Was less than 100% interest in the real property conveyed?  Yes ____  No  X

11. Date of closing:  October 2, 1995

12. Was the loan new or assumed?  New  X  Assumed

13. What was the interest rate on the loan?  Ø %

14. What was the term of the loan?  5 YEARS

15. Were any points paid?  Yes ____  No  X   If yes, how many?  N/A
    And by whom?  N/A

SAMERICA TITLE INSURANCE COMPANY, although closing this transaction and/or providing this form, specifically disclaims any liability for, and is hereby released and held harmless by the undersigned from, any claim or loss resulting from the use of this form or the information on it.

16. Date: October 2, 1995

    ____ Grantor   X  Grantee  _Jack L. Lautenschlag_
    ____ Grantor  ____ Grantee  _____

DR 1083 (11/94)
COLORADO DEPARTMENT OF REVENUE
1375 SHERMAN STREET
DENVER CO 80261

# INFORMATION WITH RESPECT TO A CONVEYANCE
# OF A COLORADO REAL PROPERTY INTEREST

1.  Name(s) and address of transferor(s):•  Axial Basin Ranch Company

2.  Transferor is (check one):  ☐ individual        ☐ estate        ☐ trust
                                ☒ partnership       ☐ corporation   ☐ other (specify) _____

3.  Social Security Number(s) or Colorado account number of transferor:• _____

4.  Federal employer identification number of transferor:• _____

5.  Type of property sold: ____ Commercial Land

6.  Address or legal description of property sold:  see attached

7.  Date of closing:• _____ October 2, 1995

8.  Selling price of the property .............................. S• $4,000,000.00    INCLUDES PAYMENT FOR
                                                                  ~~3,500,000.00~~   OTHER PROPERTY
                                                                                     NOT CURRENTLY
9.  Selling price of this transferor's interest .............. S• _____    CONVEYED

10. If Colorado tax was withheld, check this box ............................................ ☐

11. Amount of Tax Withheld ........................................ S• _____

12. If withholding is not made, give reason (check one):
    a.  Affirmation of Colorado residency signed _____ ☐
    b.  Affirmation of permanent place of business signed _____ ☒
    c.  Affirmation of principal residence signed _____ ☐
    d.  Affirmation of no tax reasonably estimated to be due or no gain on sale signed _____ ☐
    e.  No net proceeds .......................................................... ☐

13. Name, address, and telephone number of the title insurance company or other person providing closing and settlement
    services with respect to this transfer: _____ Transamerica Title

        3700 E. Alameda Ave. #340

        Denver, CO  80209

        303-388-1221

    ┌─────────────────────────────────────────────────────────────────────┐
    │ File this form together with form 1079, if applicable, within 30 days of the closing date with the │
    │ **COLORADO DEPARTMENT OF REVENUE**                                    │
    │ **1375 Sherman Street**                                               │
    │ **Denver CO 80261**                                                   │
    └─────────────────────────────────────────────────────────────────────┘

## AFFIRMATION OF COLORADO RESIDENCY

I (we) hereby affirm that I am (we are) the transferor(s) or the fiduciary of the transferor of the property described on the front side of this form and that as of the date of closing I am (we are) or the estate or the trust is a resident of the State of Colorado.

Signed under the penalty of perjury:

_____          _____
Signature of transferor or fiduciary                                          Date

_____          _____
Spouse's signature if applicable                                              Date

## AFFIRMATION OF PERMANENT PLACE OF BUSINESS

I hereby affirm that the transferor of the property described on the front side of this form is a corporation which maintains a permanent place of business in Colorado or a partnership which staffs and maintains a permanent office in the State of Colorado.

Signed under the penalty of perjury:

_RD Usdin_____          _Oct 2, 1995___
Signature of corporate officer or general partner                             Date

## AFFIRMATION OF PRINCIPAL RESIDENCE

I (we) hereby affirm that I am (we are) the transferor(s) of the property described on the front side of this form and immediately prior to the transfer it was my (our) principal residence which could qualify for the roll over of gain provision of section 1034 of the internal revenue code.

Signed under the penalty of perjury:

_____          _____
Signature of transferor                                                       Date

_____          _____
Spouse's signature if applicable                                              Date

## AFFIRMATION OF NO REASONABLY ESTIMATED TAX TO BE DUE

I (we) hereby affirm that I am (we are) the transferor(s) or an officer of the corporate-transferor or a fiduciary of the estate or trust-transferor of the property described on the front side of this form, and I (we) further affirm that there will be no Colorado income tax reasonably estimated to be due on the part of the transferor(s) as the result of any gain realized on the transfer. If a partnership is held to be the transferor, I affirm that I am the general partner and that there will be no gain on the sale recognized for federal income tax purposes.

> *Please understand before you sign this affirmation that nonresidents of Colorado are subject to Colorado tax on gains from the sale of Colorado real estate to the extent such gains are included in federal taxable income.*

Signed under the penalty of perjury:

_____          _____
Signature of transferor, officer, fiduciary or general partner                Date

_____          _____
Spouse's signature if applicable                                              Date



**Commonwealth.**
Land Title Insurance Company

**TAX INFORMATION REPORTING SERVICE**

**SUBSTITUTE FORM 1099 S**

Form 4102 (3/93)

**Reporting Unit**

Transamerica Title
3700 E. Alameda AVe. #340
Denver, CO 80209

STAMP

1 Name of Branch, Agent, Approved Attorney

THIS IS IMPORTANT TAX INFORMATION AND IS BEING FURNISHED TO THE INTERNAL REVENUE SERVICE. IF YOU ARE REQUIRED TO FILE A RETURN, A NEGLIGENCE PENALTY OR OTHER SANCTION WILL BE IMPOSED ON YOU IF THIS ITEM IS REQUIRED TO BE REPORTED AND THE INTERNAL REVENUE SERVICE DETERMINES THAT IT HAS NOT BEEN REPORTED.

| 2 Case/File No. | 3 Agent/Dept No. | 4 Tax ID No. |
|---|---|---|
| 292471R | 20392 | 860719450 |

**Seller**

Axial Basin Ranch Company, a Delaware Partnership

ONE TOWN CENTER ROAD

BOCA RATON        FL 33486

NOTE: THIS FORM IS FOR USE ONLY BY COMMONWEALTH LAND TITLE - DO NOT MAIL TO INTERNAL REVENUE SERVICE.

| 10 Social Security/Tax ID No. | 15 Buyers Part of Real Estate Tax |
|---|---|
| | |

**Property**

Vacant Land - Routt County

11 Property Description (Address) Not To Exceed 39 Characters

4,000,000.00   ☐ Check box if consideration other than cash was or will be received.

12 Gross Proceeds

Note: Show full dollars only - no cents

| Month | Date | Year |
|---|---|---|
| 10 | 02 | 95 |

14 Closing Date

Seller is required by law to provide the correct taxpayer identification number. If correct taxpayer identification number is not provided, then he/she may be subject to civil or criminal penalties imposed by law.

ADDITIONAL PROPERTY TO BE CONVEYED BY AFFILIATE OF SELLER

UNDER PENALTIES OF PERJURY, I CERTIFY THAT THE TAXPAYER IDENTIFICATION NUMBER SHOWN IN THIS STATEMENT IS MY CORRECT TAXPAYER IDENTIFICATION NUMBER.

R D Wolf   Chairman of General Partners

SELLER                                          SELLER

**SELLER COPY**