IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. [1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | | |
| Debtors. | ) | **Hearing Date: April 2, 2007 at 2:00 p.m.** |
| | | **Responses Due: March 16, 2007 at 4:00 p.m.** |

## DEBTORS' OBJECTION TO THE DUPLICATE MEDICAL MONITORING CLAIM FILED BY RAPHEAL JAMIE PALAZZO

The Debtors hereby object to Claim # 2661, filed by Rapheal Jamie Palazzo ("Mr.

Palazzo"). Claim #2661 (attached hereto as Exhibit 1) is a claim for medical monitoring

expenses related to alleged asbestos exposure, but was filed on a non-asbestos proof of claim

form. Claim #2662 (attached hereto as Exhibit 2), also filed by Mr. Palazzo, is a medical

monitoring claim and was submitted on an asbestos medical monitoring proof of claim form. As

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Claim #2661 is duplicative of Claim #2662, the Debtors request that this Court expunge and disallow Claim #2661.

## Jurisdiction

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.      The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

## Background

3.      On April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4.      By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date").

5.      On or about March 31, 2003, Mr. Palazzo filed two claims against the Debtors in their respective chapter 11 cases as specified herein:

| Name of Creditor | Against which Debtor entities | Proof of Claim Nos. | Amount of Claim | Proof of Claim Form Used |
|---|---|---|---|---|
| Rapheal J. Palazzo | W. R. Grace & Co. | 2661 | $12,000 | Non-Asbestos Claim Form |
| Rapheal J. Palazzo | W. R. Grace & Co. | 2662 | Unspecified | Medical Monitoring Claim Form |

6.      On May 18, 2005, the Debtors filed the Eleventh Omnibus Objection to Claims (Docket Number 8466), objecting to Claim #2661.

2

7.      On May 29, 2005, Mr. Palazzo responded to the Debtors' objection to Claim #2661 (the "Response," attached hereto as Exhibit 3). The Response was not filed on the docket.

8.      On August 29, 2005, this Court approved the Debtors' withdrawal, without prejudice, of their objection to Claim #2661.

### The Objection

9.      On its face, Claim #2661 is not identical to Claim #2662 and does not state that the basis for the claim is medical monitoring. Claim #2661 instead lists the basis for the claim as "Medical expenses" and was filed on a non-asbestos proof of claim form. On the other hand, Claim #2662 was filed on a W.R. Grace & Co. Asbestos Medical Monitoring Proof of Claim Form, the form approved by this Court for medical monitoring. However, Mr. Palazzo's Response makes it clear that the basis for Claim #2661 is also medical monitoring. For example, the Response explicitly states that Claim #2661 is for Mr. Palazzo's future medical monitoring expenses - "prolonged exsposure [sic] to asbestos and related products [manufactured] by W.R. Grace and Co. and its 61 entities … makes cause for future monitoring at the claimants [sic] expense." The exhibits to the Response also refer to the alleged need for medical monitoring.

10.      Accordingly, the Debtors request that this Court: (i) consolidate Claim #2661 into Claim #2662, leaving Claim #2662 as the sole surviving claim on the claims register; (ii) disallow and expunge Claim #2661 as duplicative of Claim #2662; and (iii) order that all supporting documentation filed with Claim #2661 be deemed to have been properly filed with Claim #2662.

### Reservation

11.      The Debtors hereby reserve the right to object in the future to any of the claims listed in this Objection on any ground, and to amend, modify, and/or supplement this Objection,

3

including, without limitation, to object to amended claims and newly-filed claims and to file all other objections relating to these claims. Separate notice and hearing will be scheduled for any such objection.

### Notice

12.     The Debtors will serve copies of this Objection (with exhibits) on (i) the Office of the United States Trustee; (ii) Mr. Palazzo; (iii) counsel to each of the official committees appointed by the United States Trustee; (iv) counsel for the Future Claimants' Representative; (v) counsel to the debtor in possession lender; and (vi) all parties that have requested that they be served with all pleadings filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002.

13.     The Debtors submit that notice of this Objection as outlined above is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

14.     No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance with Bankruptcy Rule 3007

15.     This Objection and related exhibits attached hereto comply with Bankruptcy Rule 3007.

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) consolidating Claim #2661 into Claim #2662, leaving Claim #2662 as the sole surviving claim on the claims register; (ii) disallowing and expunging Mr. Palazzo's Claim #2661 as duplicative of Claim #2662; and (iii) stating that all supporting documentation filed with Claim #2661 be deemed to have been properly filed with Claim #2662.

4

Dated:  February 26, 2007

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

and

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

5