IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. [1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**DEBTORS' OBJECTION TO CERTAIN CLAIMS FILED BY BERGER & MONTAGUE, P.C. AND RICHARDSON, PATRICK, WESTBROOK & BROCKMAN, LLC**

Berger & Montague, P.C. ("Berger") filed 62 identical claims in these Chapter 11 cases, on behalf of a class, claiming $100 million from each of the Debtors based on a pre-petition class action settlement. Richardson, Patrick, Westbrook & Brockman, LLC ("Westbrook") also filed a claim, on behalf of a class, based on a pre-petition class action settlement. For the reasons set forth herein, the above-captioned debtors and debtors-in-possession (the "Debtors") object to, and seek an order from this Court disallowing and expunging, these claims. In support, the Debtors state the following:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Jurisdiction**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502, and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

**Background**

3. The Debtors were defendants in In re Asbestos School Litigation, Master File No. 83-0268 (E.D. Pa.), a class action consisting of all elementary and secondary public school districts and non-profit private schools in the United States. The class complaint alleged, *inter alia*, that the Debtors' asbestos-containing fireproofing and acoustical products caused property damage through the alleged release and reintrainment of asbestos fibers.

4. When the litigation was settled in 1994, the Debtors agreed to pay a cash amount and issue up to $100 million face amount in coupons (the "National Schools Settlement Agreement," the relevant portion are attached as Exhibit A.)

5. The coupons entitled the holder to a $2.50 discount per 50-lb. bag on certain of the Debtors' fireproofing and acoustical products (the "National Schools Coupons.") The District Court approved the settlement in 1995. The coupons expired in 2004.

6. The Debtors are prohibited from disclosing the cash consideration by a confidentiality clause in the National Schools Settlement Agreement.

7. The Debtors fully paid the cash portion of the settlement as of January 1996.

8. The Debtors were also defendants in Central Wesleyan College v. W. R. Grace & Co., et al., Civ. Act. No. 2:87-1860-8 (D.S.C.), a class action on behalf of all public and private colleges and universities in the United States. The class plaintiffs alleged, *inter alia*, that the

Debtors' asbestos-containing fireproofing and acoustical products did or would cause property damage by contaminating plaintiffs' buildings.

9. The litigation was settled in 2000, with the Debtors agreeing to pay $25 million in cash and issue up to $25 million face value in coupons ($2.50 discount per 50-lb. bag) (the "Central Wesleyan Coupons") for certain of the Debtors' fireproofing and acoustical products (the "Central Wesleyan Settlement Agreement," attached as Exhibit B). The coupons are due to expire in 2010.

10. The District Court approved the settlement on March 21, 2000.

11. The Debtors paid the cash portion in two separate payments in January and May, 2000.

12. Shortly after the Petition Date, the Debtors filed a motion seeking authority to honor both the National Schools Coupons and Central Wesleyan Coupons in the ordinary course of business: *Debtors' Motion for the Entry of An Order Clarifying the Order Authorizing the Debtors to Honor Certain Prepetition Obligations to Customers and Licensors and to Otherwise Continue in the Ordinary Course of Business Customer Programs and Practices* [Docket No. 1109] (the "Clarification Motion," attached as Exhibit C.).

13. In January 2002, the Bankruptcy Court entered an *Order Clarifying the Customer Practices Order* [Docket No. 1508] (the "Clarification Order," attached as Exhibit D) granting the relief requested in the Clarification Motion.

14. By order dated April 25, 2002, this Court set March 31, 2003, as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date").

3

15. Notwithstanding the Debtors' obvious commitment to honoring the Central Wesleyan Coupons, on March 27, 2003, Richardson, Patrick, Westbrook & Brockman, LLC ("Westbrook") filed Claim No. 7019 for $25 million, on behalf of a class, based on the Central Wesleyan Settlement Agreement (the "Central Wesleyan Claim," attached as Exhibit E).

16. Additionally, on March 28, 2003, Berger & Montague, P.C. ("Berger") filed 62 identical claims, Claims No. 9493-9552, 10547, and 10548, on behalf of a class, claiming $100 million from each of the Debtors based on the National Schools Settlement Agreement (the "National Schools Claims," a sample claim, Claim No. 9494, is attached as Exhibit F).

## The Objections

17. The Debtors hereby object to the claims because: 1) the National Schools Claims are: a) duplicative; b) invalid class claims filed without leave of the court; c) barred by *res judicata* because the Debtors have assumed or performed all the underlying obligations; and d) obligations that have expired on their own terms, and 2) the Central Wesleyan Claim is a) an invalid class claim filed without leave of the court, and b) barred by *res judicata* because the Debtors have assumed or performed all the underlying obligations (the "Objection"). In support, the Debtors state the following:

    **(a) Objection to the National Schools Claims**

        **(i) The National Schools Claims are Duplicative**

18. The Debtors seek disallowance of National Schools Claims Nos. 9493, 9495-9552, 10547 and 10548 because they are entirely duplicative of National Schools Claim No. 9494. National Schools Claims Nos. 9493, 9495-9552, 10547 and 10548 assert *exactly the same* claims as National Schools Claim No. 9494, except that National Schools Claims Nos. 9493, 9495-9552, 10547 and 10548 are asserted against each Debtor except W. R. Grace & Co.-Conn. and National Schools Claim No. 9494 is asserted against W. R. Grace & Co.-Conn.

4

19. The Debtors have reviewed their books and records and do not show any separate or independent basis for liability by the entities against whom National Schools Claims Nos. 9493, 9495-9552, 10547 and 10548 are asserted. Thus, National Schools Claims Nos. 9493, 9495-9552, 10547 and 10548 (i) were filed against the wrong Debtor and (ii) are duplicative of National Schools Claim No. 9494, which was filed against the proper Debtor, W. R. Grace & Co-Conn., the Debtors' operating entity. Specifically, the Debtors seek entry of an order disallowing and expunging National Schools Claims Nos. 9493, 9495-9552, 10547 and 10548. This relief is necessary to prevent the National Schools Claims holders from receiving duplicative or additional recovery on their claims.

### (ii)     Substantive Objections

20. Each of the National Schools Claims seeks an unsecured nonpriority claim of $100 million against one of the Debtors. The National Schools Claims should be disallowed and expunged because: (A) they are invalid class claims; (B) the Debtors have assumed or performed all the obligations under the National Schools Settlement Agreement; and (C) the National Schools Settlement Agreement has terminated by its own terms.

### (A)     The Class Claim is Invalid

21. The National Schools Claims should be disallowed and expunged because they are invalidly filed class claims. In order to file a class proof of claim, a claimant must first move the bankruptcy court to recognize the class. See Transcript of Record at 107,22 - 108, 3, In re W. R. Grace, Case No. 01-01139 (February 25, 2005) (Bankr. D. Del.). Berger never moved to allow a class proof of claim prior to the Bar Date and, because the Bar Date has passed, Berger cannot now move to have a class claim allowed.

### (B)     The Debtors Have Assumed or Performed All Obligations Under the National Schools Settlement Agreement

22.     The Clarification Motion and Order make clear that the Debtors assumed the National Schools Settlement Agreement and were honoring the National Schools Coupons in the ordinary course of business. Clarification Motion at 4-5; see also *Affidavit of Richard C. Finke in Support of the Debtors' Objection to Certain Claims Filed by Berger & Montague, P.C. and Richardson, Patrick, Westbrook & Brockman, LLC* at ¶15, attached as Exhibit G. Second, the cash portion of the National Schools Settlement Agreement was paid in full by June 1997. Therefore, the Debtors have either performed or assumed all of the obligations under the National Schools Settlement Agreement.

23.     Since the Debtors have assumed the National Schools Settlement Agreement, there was no prepetition breach to support an unsecured claim. See In re Cellnet Data Systems, Inc., 313 B.R. 604, 608-09 (Bankr. D. Del. 2004) (noting that by issuing an order approving a contract's assumption, the bankruptcy court "necessarily finds that no uncured default exists" (citations omitted)). The burden was on Berger to assert any breach at the time of the Clarification Motion. Id. As a result, any claim based on an allegation that the Debtors breached the agreement prepetition is barred by *res judicata.* See id. at 609; In re USN Communications, Inc., 280 B.R. 573, 586 (Bankr. D. Del. 2002); In re Mariner Post-Acute Network, Inc., 267 B.R. 46, 52 (Bankr. D. Del. 2001); Corestates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3rd Cir. 1999).

### (C)     The National Schools Settlement Agreement Has Terminated on its Own Terms

24.     Additionally, breaching the National Schools Settlement Agreement is no longer possible; the National Schools Coupons expired on their own terms in 2004 and the Debtors have not agreed in writing to extend the redemption period. See Exhibit B at 1. With the National Schools Coupons' expiration, all of the Debtors' obligations under the National Schools

6

Settlement Agreement came to an end. Since the Debtors have completed their obligations, there is no liability.

### (b) Objection to the Central Wesleyan Claim

25. The Central Wesleyan Claim seeks an unsecured nonpriority claim of $25 million against W. R. Grace & Co-Conn. based on the Central Wesleyan Settlement Agreement. The Central Wesleyan Claim should be disallowed and expunged because: (i) it is an invalid class claim, and (ii) the Debtors have performed or assumed all of the obligations under the Central Wesleyan Settlement Agreement.

### (i) The Class Claim is Invalid

26. The Central Wesleyan Claim is an invalidly filed class claim. In order to file a class proof of claim, a claimant must first move the bankruptcy court to recognize the class. See Transcript of Record at 107, 22 - 108, 3, In re W. R. Grace, Case No. 01-01139 (February 25, 2005) (Bankr. D. Del.). Westbrook never moved to allow a class proof of claim prior to the Bar Date and, because the Bar Date has passed, Westbrook cannot now move to have a class claim allowed. Therefore, the Debtors seek entry of an order disallowing and expunging the Central Wesleyan Claim.

### (ii) The Debtors Have Assumed or Performed All Obligations under the Central Wesleyan Settlement Agreement

27. The Clarification Motion and Order make clear that the Debtors have assumed the Central Wesleyan Coupons and are honoring them in the ordinary course of business. Clarification Motion at 4-5; see also *Affidavit of Richard C. Finke in Support of the Debtors' Objection to Certain Claims Filed by Berger & Montague, P.C. and Richardson, Patrick, Westbrook & Brockman, LLC* at ¶15. Second, the cash portion of the National Schools

7

Settlement Agreement was paid in January and March, 2000. Therefore, the Debtors have either assumed or performed all of the obligations under the Central Wesleyan Settlement Agreement.

28. Since the Debtors have assumed the National Schools Settlement Agreement and have not breached their obligations, any prepetition claim should be disallowed and expunged. See In re Cellnet Data Systems, Inc., 313 B.R. at 608-09 (noting that by issuing an order approving a contract's assumption, the bankruptcy court "necessarily finds that no uncured default exists" (citations omitted)). The burden was on Westbrook to assert any breach at the time of the Clarification Motion. Id. As a result, any claim based on an allegation that the Debtors breached the agreement prepetition is barred by *res judicata*. See id. at 609; In re USN Communications, Inc., 280 B.R. at 586; In re Mariner Post-Acute Network, Inc., 267 B.R. at 52; Corestates Bank, N.A. v. Huls America, Inc., 176 F.3d at 194.

## Reservation

29. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Objection or on the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to object to amended claims and newly-filed claims and to file all other objections relating to these claims. Separate notice and hearing will be scheduled for any such objection.

## Notice

30. Debtors will serve copies of this Objection (with exhibits) on (i) the Office of the United States Trustee; (ii) Berger & Montague, P.C; and (iii) Richardson, Patrick, Westbrook & Brockman, LLC. Debtors will serve copies of this Objection (without exhibits) on: (i) counsel to each of the official committees appointed by the United States Trustee; (ii) counsel for the Future Claimants' Representative; (iii) counsel to the debtor in possession lender; and (iv) all

parties that have requested that they be served with all pleadings filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002 (exhibits will be made available upon request).

31. The Debtors submit that notice of this Objection as outlined above is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

32. No previous request for the specific relief set forth herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging the National Schools Claims and the Central Wesleyan Claim.

Dated: February 27, 2007               Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
Samuel Gross
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

DOCS_DE:125477.1