# EXHIBIT 1

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: March 16, 2007 at 4:00 p.m.
Hearing Date: April 2, 2007 at 2:00 p.m.

**NOTICE OF DEBTORS' MOTION FOR LIMITED WAIVER OF DEL. BANKR. L.R. 3007-1 TO PERMIT FILING OMNIBUS OBJECTION TO APPROXIMATELY 550 CROSS-DEBTOR DUPLICATE CLAIMS**

TO: Parties required to receive notice pursuant to Del. Bankr. LR 2002-1 and parties affected by the Twenty-First Omnibus Claims Objection to Cross-Debtor Duplicate Claims.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") filed

the Debtors' Motion For Limited Waiver Of Del. Bankr. L.R. 3007-1 To Permit Filing Omnibus

Objection To Approximately 550 Cross-Debtor Duplicate Claims (the "Motion") with the United

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the Motion is attached hereto.

Objections or other responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court by March 16, 2007 at 4:00 p.m.

At the same time, you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel for the Debtors, Lori Sinanyan, Kirkland & Ellis LLP, 777 S. Figueroa St., Suite 3700, Los Angeles, CA 90017 and James E. O'Neill, Pachulski Stang Ziehl Young Jones & Weintraub LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982, and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131, and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (iv) counsel to the Official Committee of Personal Injury Claimants, Peter Van L. Lockwood, Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, DC 20005, and Mark T. Hurford, Campbell & Levine, LLC, 800 N. King Street, Suite 300, Wilmington, DE 19801; (v) counsel to the Official Committee of Equity Holders, Gary Becker, Kramer Levin

Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022, and Teresa K.D. Currier, Buchanan, Ingersoll & Rooney, P.C., 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397; (vi) counsel to the Future Claimants' Representative, Richard H. Wyron, Orrick, Herrington & Sutcliffe, LLP, 3050 K Street, NW, Suite 300, Washington, DC 20007, and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806; and (vii) the Office of the United States Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE 19801.

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

91100-001\DOCS_DE:124606.2

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE BANKRUPTCY COURT, 824 MARKET STREET, WILMINGTON DELAWARE ON APRIL 2, 2007 AT 2:00 P.M.

Dated: February 26, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: April 2, 2007 at 2:00 p.m.** |
| | ) | **Responses Due: March 16, 2007** |

**MOTION OF DEBTORS FOR LIMITED WAIVER OF DEL. BANKR. L. R. 3007-1 TO PERMIT FILING OMNIBUS OBJECTION TO APPROXIMATELY 550 CROSS-DEBTOR DUPLICATE CLAIMS**

The Debtors hereby move for an order waiving, certain requirements and restrictions imposed by Delaware Bankruptcy Local Rule 3007-1 so that Debtors may file their Twenty-First Omnibus Objection to Cross-Debtor Duplicate Claims (the "Twenty-First Omnibus Objection" attached as Exhibit 1). While the Twenty-First Omnibus Objection is technically a substantive objection as contemplated by Local Rule 3007, the Twenty-First Omnibus Objection is, for all intents and purposes, a non-substantive duplicate claims objection.

To the extent Local Rule 3007 applies to the Twenty-First Omnibus Objection, the Debtors request that this Court waive: (i) the limitations concerning the number of claims that may be subject to a substantive omnibus objection and (ii) the requirement that the Debtors file all substantive objections to a particular claim in a single objection. Rather than raising all substantive objections with respect to the Cross-Debtor Duplicate Claims in the first instance, the Debtors have focused the Twenty-First Omnibus Objection on this administrative clean-up in an effort to eliminate hundreds of claims, prior to the Court having to adjudicate the merits of any of the legitimate surviving claims.

DOCS_DE:125435.1

**Background**

1. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). In the fall of 2006, the Court also set a bar date for asbestos personal injury litigation claims pending as of the chapter 11 petition date. No bar date has been established for claims related to Zonolite Attic Insulation.

**The Debtors' Request for Leave to File Cross-Debtor Duplicate Claims Objection**

3. Sixteen creditors included in the Twenty-First Omnibus Objection filed approximately 563 claims against the Debtors. These multiple claims listed on the Claims Register paint an inaccurate picture of the Debtors' potential liabilities. The relief requested in the Twenty-First Omnibus Objection simply affords the Debtors the administrative convenience of minimizing duplicative claims prior to plan confirmation, and does not substantively alter a claimant's rights in respect of these claims.

4. To the extent that one or more of these claimants have filed multiple claims against the various Debtors based on a theory of joint and several liability, the Debtors assert that

2

only one claim against the Debtors' operating entity, W. R. Grace & Co-Conn. (Case No. 01-1140), is appropriate. The Debtors filed their Amended Joint Plan of Reorganization (the "Plan"), on January 13, 2005, proposing that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors. The relief requested in the Twenty-First Omnibus Objection simply affords the Debtors the administrative convenience of minimizing duplicative claims prior to plan confirmation, and does not substantively alter a claimant's rights in respect of these claims.

5. With respect to the remainder of the Cross-Debtor Duplicate Claims, the same Claimant, or its affiliates, filed multiple claims for the same alleged liability. The Debtors have reviewed their books and records and do not show any separate or independent basis for liability by the entities against whom the Cross-Debtor Duplicate Claims are asserted.

6. Thus, each Cross-Debtor Duplicate Claim is duplicative of another claim filed against the proper Debtor in these Chapter 11 Cases -- the Debtors' operating entity, W. R. Grace & Co-Conn. (Case No. 01-1140) (the "Cross-Debtor Surviving Claim"). In the case where a claimant has not alleged a joint and several liability, the Cross-Debtor Duplicate Claims are also objectionable as having been filed against the wrong Debtor.

7. Local Rule 3007-1, however, technically defines an objection based on duplicate claims filed against different debtors as substantive. As a result, without relief from the Local Rule, the Debtors would not be permitted to file objections to all approximately 550 claims in one omnibus objection -- it would actually have to file four separate omnibus objections -- and

3

would require the Debtors to assert all substantive objections it may have to the Cross-Debtor Duplicate Claims, not just the objection to the duplicative nature of these claims.

8. Given the true non-substantive nature of the Twenty-First Omnibus Objection, proceeding in compliance with Local Rule 3007-1 makes no practical sense. The Twenty-First Omnibus Objection is much more in the nature of the type of objection contemplated by the Local Rules as being "non-substantive."

9. If the Twenty-First Omnibus Objection is sustained, neither the Debtors nor the Court will be required to spend any more time on these Cross-Debtor Duplicate Claims. Furthermore, the Claims Register will more accurately reflect the true nature of the potential liabilities asserted against the Debtors, without being inflated several fold for duplicate claims.

### Relief Requested

10. Pursuant to Del. Bankr. L R 1001-1(c), the Debtors seek a limited waiver of the requirements and restrictions of Local Rule 3007-1 to file the Twenty-First Omnibus Objection with respect to (i) the limit on the number of claims that may be subject to a substantive omnibus claims objection; and (ii) the requirement that debtors assert all substantive objections to a particular claim in a single omnibus objection.

11. For the reasons indicated above, the Debtors believe that the relief requested is in the best interest of the estates, all creditors, and other parties in interest.

### Notice

12. The Debtors will serve copies of this Motion on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List"). Bankruptcy Management

4

Corporation, the Debtors' reconciliation agent, will serve a copy of the Motion thereto upon those creditors that have filed claims that are affected by the Twenty-First Omnibus Objection. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

13. No prior request for the relief sought in this Motion has been made to this or any court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto (i) waiving certain requirements and restrictions imposed by Local Rule 3007-1; and (ii) granting such other and further relief as is just and proper.

Dated: February 26, 2006

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*[signature]*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

DOCS_DE:125435.1

## Exhibit 1

**Debtors' Twenty-First Omnibus Objection To Cross-Debtor Duplicate Claims**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. ____ and |
| | ) | 4/2/07 Agenda Item No. __ |

**ORDER GRANTING LIMITED WAIVER OF DEL. BANKR. L. R. 3007-1 TO PERMIT FILING OMNIBUS OBJECTION TO APPROXIMATELY 550 CROSS-DEBTOR DUPLICATE CLAIMS**

This matter coming before the Court on the Motion of Debtors for Limited Waiver of Del. Bankr. L R 3007-1 to Permit Filing Omnibus Objection to Approximately 550 Cross-Debtor Duplicate Claims (the "Motion"); the Court having reviewed and considered the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the relief requested

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

therein is in the best interest of the Debtors and their estates; and (d) no further notice or hearing on the Motion being required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein:

1. IT IS HEREBY ORDERED THAT:

(a) Pursuant to Del. Bankr. L R 1001-1(c), the provisions of Local Rule 3007-1 that limit (to 150) the number of claims that properly may be subject to a substantive omnibus claims objection are hereby waived with respect to Debtors' Twenty-First Omnibus Objection to Cross-Debtor Duplicate Claims (the "Twenty-First Omnibus Objection").

(b) Pursuant to Local Rule 1001-1(c), the provisions of Local Rule 3007-1 that require a debtor to assert all substantive objections to a particular claim in a single omnibus objection are hereby waived as to the Twenty-First Omnibus Objection.

(c) This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: April ___, 2007

                                  The Honorable Judith K. Fitzgerald
                                  United States Bankruptcy Judge