## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: March 20, 2007 at 12:00 p.m. |
| | ) | Hearing Date: April 2, 2007 at 2:00 p.m |

## DEBTORS' APPLICATION TO EMPLOY FORMAN
## PERRY WATKINS KRUTZ & TARDY LLP

The above-captioned debtor and debtors in possession (collectively, the

"Debtors") hereby submit this application (the "Application") for the entry of an order pursuant

to sections 327(e) and 330 of Title 11 of the United States Bankruptcy Code (as amended, the

"Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing and

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. *(f/k/a Grace Specialty Chemicals, Inc.),* W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. *(f/k/a Circe Biomedical, Inc.),* CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. *(f/k/a Nestor-BNA, Inc.),* MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. *(f/k/a Environmental Liability Management, Inc.,* E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

approving the retention of Forman Perry Watkins Krutz & Tardy LLP ("Forman Perry") *nunc*

*pro tunc* to April 1, 2006 as special asbestos personal injury third party discovery counsel for the

Debtors and in support thereof, the Debtors respectfully represent as follows:

### Jurisdiction

1.      This Court has jurisdiction to entertain this Application pursuant to 28

U.S.C. §§ 157 and 1334.

2.      The statutory bases for the relief requested herein are Sections 327(e) and

330 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016.

### Background

3.      On April 2, 2001 each of the Debtors filed a voluntary petition for relief

under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter

11 Cases have been consolidated for administrative purposes only and, pursuant to sections

1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and

manage their properties as debtors in possession.

4.      On October 31, 2005, Forman Perry was retained by the Debtors as an

ordinary course professional (OCP) in the Chapter 11 Cases to provide legal services regarding

discovery related to its asbestos personal injury claims and related product claims. On December

19, 2005, Forman Perry filed its affidavit of disinterestedness to support its retention as an OCP.

See Docket No. 11490.

### Relief Requested

5.      The Debtors respectfully request the entry of an order pursuant to sections

327(e) and 330 of the Bankruptcy Code authorizing them to now employ and retain Forman

Perry *nunc pro tunc* to April 1, 2006 as special asbestos personal injury third party discovery counsel to perform certain strategic legal services they will require during the course of these Chapter 11 Cases. Specifically and as more particularly described below, the Debtors seek authorization for Forman Perry to advise and represent the Debtors with respect to certain key asbestos personal injury claims third party discovery.

### Basis for Relief Requested

6.      The Debtors have selected Forman Perry as special asbestos personal injury third party discovery counsel to advise them in all matters relating to the Debtors' acquisition and analysis of discovery from third parties such as screening companies and screening doctors because of Forman Perry's longstanding work on such matters. Forman Perry has intimate knowledge of and extensive experience and expertise in this type of third party discovery.

7.      Since 1986, Forman Perry has rendered legal services in connection with various asbestos and silica related matters throughout the United States. As a consequence, Forman Perry is intimately familiar with the complex factual and legal issues that have arisen and that are likely to arise in connection with the asbestos personal injury third party discovery undertaken by the Debtors. The Debtors believe that the costs associated with obtaining any other counsel to perform these services would be significantly higher than if Forman Perry is retained. Thus, were the Debtors required to retain counsel other than Forman Perry in connection with the matters on which the firm's advice is sought, the Debtors, their estates and all parties-in-interest would be unduly prejudiced by the time and expense necessary to replicate

Forman Perry's ready familiarity with the intricacies of the asbestos personal injury third party

discovery sought by Debtors.

   8.  Further, Forman Perry has extensive experience and expertise in obtaining

and analyzing third-party discovery related to the creation, screening, diagnosis, and handling of

asbestos and silica claims for which Forman Perry's continued representation is sought.  As such,

the Debtors submit that Forman Perry is well qualified and uniquely able to provide the

specialized legal advice sought by Debtors during these Chapter 11 Cases.  Thus, Forman Perry's

retention as special asbestos personal injury third party discovery counsel is in the best interest of

the Debtors and their estates.

   9.  As outlined above, Forman Perry was retained by the Debtors as an OCP

in the Chapter 11 Cases.  Since its retention as an OCP, Forman Perry has billed, and received

compensation for, approximately $350,225.30 in legal fees to the Debtors.  Forman Perry has

also incurred and been reimbursed for $177,444.61 in expenses associated with their work for

Debtors.  At the time of its initial retention as an OCP, Forman Perry directly paid Absalom, Inc.,

a document management vendor who collects documents, performs substantive coding and

creates and maintains database access, for its work on behalf of the Debtors.  Forman Perry then

billed the Debtors for reimbursement of Absalom, Inc.'s fees as a line item expense on their

invoices.

   10.  However, once the Debtors realized the extent of the work being done by

Absalom, the Debtors directed Absalom to bill the Debtors directly.  As a result, for the last

number of months and going forward, Absalom's services were not included in Forman Perry's

bills but were submitted to Debtors' counsel Kirkland & Ellis LLP who then submitted the

             4

Absalom bills as expenses to the Debtors on their fee applications consistent with this Court's

Order Authorizing the Retention of Experts (Docket No. 514) dated June 22, 2001.

   11. For the period April 1, 2006 through the date of this Application, Forman

Perry has incurred, billed and not received compensation for approximately $703,000.00 in legal

fees and $52,026.41 in expenses advanced to the Debtors in connection with asbestos personal

injury third party discovery.  Additionally from November 1, 2007 through the date of this

Application, Forman Perry has incurred and not yet billed the Debtors for approximately

$611,000 in legal fees and $200,000 in expenses, for a total amount owing of approximately $1.3

million in legal fees and $250,000 in expenses.  Due to the time involved in calculating complex

cost-sharing issues related to this work, a portion of these invoices were only recently submitted

to the Debtors, prompting the need for this Application and the *nunc pro tunc* relief requested.

This Court's Second Amended Order Authorizing the Debtors to Employ and Compensate

Certain Professionals Utilized in the Ordinary Course of the Debtors' Businesses (docket

#12855, dated July 24, 2006) authorizes the Debtors to pay OCP's up to $800,000 during the

pendency of the Chapter 11 Cases.  While that Order does not specify whether reimbursed

expenses should be counted against this cap, the Debtors seek to retain Forman Perry as special

counsel to ensure that the Debtors are authorized to pay Forman Perry for its recently incurred

services and its continued services which are expected to be significant for the next few months.

### *Nunc Pro Tunc* Approval

   12. The Debtors and Forman Perry acknowledge the large unpaid fees and

unreimbursed expenses outstanding to Forman Perry.  As outlined above, a portion of the

invoices for these fees and expenses were delayed for a time.  Forman Perry is providing services

to several clients with respect to obtaining and analyzing discovery from third parties such as screening companies and doctors. Forman Perry is splitting the costs of these services among these several clients. The Debtors are the beneficiaries of this cost-sharing agreement. However, the cost-sharing arrangement initially slowed down the timing with respect to receiving certain invoices, thus causing this build-up in fees and unreimbursed expenses. These delays have since been resolved and should not occur in the future.

13.     The Debtors request that the order authorizing the employment of Forman Perry be made effective as of April 1, 2006, the date on which the first work was performed that is reflected in an unpaid bill. Given the valuable services that Forman Perry has provided and the on-going need for these services, the Debtors submit that *nunc pro tunc* approval of this motion is appropriate under the circumstances and will not prejudice their respective estates and creditors.

### Scope of Proposed Retention

14.     The Debtors currently seek to retain Forman Perry, subject to the oversight and orders of this Court, to advise and represent Debtors with respect to certain key third party discovery conducted in connection with the evaluation of Debtors' asbestos-related personal injury claimants.

15.     Forman Perry has indicated its willingness to render the necessary professional services described above as special asbestos personal injury third party discovery counsel to the Debtors.

16.     The Debtors have obtained authorization to employ and retain the law firms of Kirkland & Ellis LLP and Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC to

serve as bankruptcy and reorganization counsel to the Debtors. Forman Perry will not serve as general bankruptcy and reorganization counsel to the Debtors. While it is possible that certain aspects of the representations will necessarily involve both Forman Perry and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services Forman Perry will provide will be complementary rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel. The Debtors are very mindful of the need to avoid the duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Forman Perry's role as special asbestos personal injury third party counsel.

### No Adverse Interest

17.    To the best of Debtors' knowledge, and based upon the Affidavit of Marcy B. Croft (the "Croft Affidavit") filed in support of the Application and attached hereto as Exhibit A, Forman Perry does not hold any interest adverse to the Debtors or their estates with respect to the matters for which Forman Perry is to be employed. Further, to the best of the Debtors' knowledge, Forman Perry does not have any connection with any creditors or other parties-in-interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except those discussed in the Croft Affidavit.

## Compensation

18.     In accordance with Section 330 of the Bankruptcy Code, the Debtors

propose to compensate Forman Perry on an hourly basis at its customary hourly rates for services

rendered, plus reimbursement of actual, necessary expenses incurred by Forman Perry.  Forman

Perry's customary hourly rates for services of this size and complexity are as follows:

| | |
|---|---|
| Senior Partners | $400-435 |
| Partners | $300-350 |
| Senior Associates | $200-250 |
| Associates | $170-200 |
| Paralegals | $95-105 |

19.     Based on the complexity of the issues involved, the Debtors believe that

the hourly rates set forth above are reasonable and should be approved.

20.     Forman Perry will submit interim and final applications for compensation

in accordance with Sections 330 and 331 of the Bankruptcy Code and the Federal Rules of

Bankruptcy Procedure, the Local Rules of Court, and such other and further orders of the Court.

The interim and final applications will include the recently incurred and unpaid approximately

$1.3 million in legal fees and $250,000 in expenses.

## Conclusion

21.     For the reasons set forth above and in the attached Affidavit, the Debtors

believe that Forman Perry is well qualified to act on the Debtors' behalf in light of their intimate

knowledge of the subject of the third party discovery which Debtors seek.  The Debtors further

believe that the engagement of Forman Perry is essential to the Debtors' successful

reorganization and that the retention of Forman Perry is necessary and in the best interest of Debtors and their estates.

## Notice

22.    Notice of this Application has been given to: (i) the Office of the United States Trustee, (ii) the debtor-in-possession lenders, (iii) counsel to the official committees appointed by the United States Trustee and the Future Claimants' Representative, and (iv) all those parties that requested services and notice of papers in accordance with Fed R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

23.    No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order,

substantially in the form attached hereto, authorizing the retention and employment of Forman

Perry as special asbestos personal injury third party discovery counsel *nunc pro tunc* to April 1,

2006 and granting such other and further relief as is just and proper.

Dated:  March 1, 2007

                        KIRKLAND & ELLIS LLP
                        David M. Bernick, P.C.
                        Janet S. Baer
                        Andrea L. Johnson
                        200 East Randolph Drive
                        Chicago, Illinois 60601
                        (312) 861-2000

                        and

                        PACHULSKI STANG ZIEHL YOUNG JONES
                        & WEINTRAUB LLP

                        Laura Davis Jones (Bar No. 2436)
                        James E. O'Neill (Bar No. 4042)
                        919 North Market Street, 17th Floor
                        P.O. Box 8705
                        Wilmington, DE 19899-8705
                        Telephone:  (302) 652-4100
                        Facsimile:  (302) 652-4400

                        Co-Counsel for the Debtors and Debtors in Possession