IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JFK) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Objection Deadline: March 20, 2007 at 12:00 p.m. |
| | ) Hearing Date: April 2, 2007 at 2:00 p.m |

### AFFIDAVIT OF MARCY B. CROFT IN SUPPORT OF THE DEBTORS' APPLICATION TO EMPLOY FORMAN PERRY WATKINS KRUTZ & TARDY LLP

STATE OF MISSISSIPPI
COUNTY OF HINDS

I, MARCY B. CROFT, being duly sworn, state as follows:

1.    I am an attorney at law and a Member of the Bar of the Supreme Court of the State of Mississippi and the Supreme Court of the State of Texas. I am a partner in the Jackson, Mississippi office of the law firm of Forman Perry Watkins Krutz & Tardy LLP ("Forman Perry"), which maintains its offices for the practice of law at, *inter alia*, 200 South Lamar Street,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Suite 100, Jackson, Mississippi, 39201. I am making this Affidavit in support of the Application ("the Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order authorizing the retention and employment of Forman Perry *nunc pro tunc* as special asbestos personal injury third party discovery counsel for the Debtors, pursuant to Sections 327(e) and 330 of the Bankruptcy Code. This Affidavit constitutes the statement of Forman Perry pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016.

2.  I am not related and, to the best of my knowledge after inquiry of Forman Perry's partners, counsel and associates, no other attorney of Forman Perry is related, to any judge of the United States Bankruptcy Court for the District of Delaware or to the United States Trustee for this District.

3.  Except as herein set forth, I do not hold or represent and, to the best of my knowledge and information, no other attorney of Forman Perry holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which Forman Perry's retention is sought. Insofar as Forman Perry has been able to ascertain, neither I, nor Forman Perry nor any partner, counsel, or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, except as hereinafter set forth.

4.  Since 1986, Forman Perry has rendered legal services in connection with various asbestos and silica related matters throughout the United States. As a consequence, Forman Perry is intimately familiar with the complex factual and legal issues that have arisen and that are likely to arise in connection with asbestos personal injury third party discovery undertaken by Debtors.

5. Forman Perry will provide such services as Forman Perry and the Debtors deem necessary, including but not limited to work related to certain key asbestos personal injury third party discovery.

6. On October 31, 2005, Forman Perry was retained by the Debtors as an ordinary course professional (OCP) in the Chapter 11 Cases to provide legal services for the defense of asbestos cases and other types of matters including product claims. On December 19, 2005, Forman Perry filed its affidavit of disinterestedness to support its retention as an OCP. Since its retention as an OCP, Forman Perry has billed, and received compensation for, approximately $350,225.30 in legal fees to the Debtors. Forman Perry has also incurred and been reimbursed for $177,444.61 in expenses associated with their work for Debtors. At the time of its initial retention as an OCP, Forman Perry directly paid Absalom, Inc., a document management vendor who collects documents, performs substantive coding and creates and maintains database access, for its work on behalf of the Debtors. Forman Perry then billed the Debtors for reimbursement of Absalom, Inc.'s fees as a line item expense on their invoices.

7. However, once the Debtors realized the extent of the work being done by Absalom, the Debtors directed Absalom to bill the Debtors directly. As a result, for the last number of months and going forward, Absalom's services were not included in Forman Perry's bills but were submitted to Debtors' counsel Kirkland & Ellis LLP who then submitted the Absalom bills as expenses to the Debtors on their fee applications consistent with this Court's Order Authorizing the Retention of Experts (Docket No. 514) dated June 22, 2001.

8. For the period April 1, 2006 through the date of this application, Forman Perry has incurred, billed and not received compensation for approximately $703,000 in legal fees and $52,026.41 in expenses advanced to the Debtors in connection with asbestos personal injury

third party discovery. Additionally from November 1, 2007 through the date of this application, Forman Perry has incurred and not yet billed the Debtors for approximately $611,000 in legal fees and $200,000 in expenses, for a total amount owing of approximately $1.3 million in legal fees and $250,000 in expenses. Due to the time involved in calculating complex cost-sharing issues related to Forman Perry's work, a portion of Forman Perry's invoices were only recently submitted to the Debtors, prompting the need for this Application and the *nunc pro tunc* relief requested.

9.  Forman Perry is providing services to several clients with respect to obtaining and analyzing discovery from third parties such as screening companies and doctors. Forman Perry is splitting the costs of these services among these several clients. The Debtors are the beneficiaries of this cost-sharing agreement. However, the cost-sharing agreement initially slowed down the timing with respect to receiving certain invoices, thus causing this build-up in unpaid fees and unreimbursed expenses. These delays have since been resolved and should not occur in the future.

10. Forman Perry has undertaken a comparison of a list of over 3,000 parties-in-interest in the Chapter 11 Cases against the most complete list currently available of Forman Perry's clients. To the best of my knowledge and information as a result of this comparison, it appears that no conflict of interest exists with respect to Forman Perry's representation of Debtors. Forman Perry may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 Cases, for persons that are parties in interest in the Debtors' Chapter 11 Cases. As part of its customary practices, Forman Perry is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, or parties-in-interest in these Chapter 11

Cases. Forman Perry does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

11. Forman Perry intends to apply to the Court for compensation for professional services rendered in connection with these cases, subject to approval of the Court and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and any Orders of this Court. Forman Perry's customary fees for services of this size and complexity are as follows:

| | |
|---|---|
| Senior Partners | $400-435 |
| Partners | $300-350 |
| Senior Associates | $200-250 |
| Associates | $170-200 |
| Paralegals | $95-105 |

12. Forman Perry fees are set at a level designed to compensate Forman Perry fairly for the work of its attorneys and paralegals. It is also Forman Perry's policy to charge its clients for such actual, necessary expenses incurred by Forman Perry in its representation of same.

13. No promises have been received by Forman Perry as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Forman Perry has not agreed to share, nor will it share, any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 1st day of March, 2007.

_____
MARCY B. CROFT
Partner
Forman Perry Watkins Krutz & Tardy LLP
200 South Lamar Street, Suite 100
Jackson, Mississippi 39201

Subscribed and Sworn to before me
this 1st day of March 2007

_____
Notary Public
My Commission expires: Notary Public State of Mississippi At Large
My Commission Expires: September 28, 2007
Bonded Thru Heiden, Brooks & Garland, Inc.