IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S DECEMBER 19, 2006 SCHEDULING ORDER AND DECEMBER 14, 2006 CASE MANAGEMENT ORDER REGARDING THE DEBTORS' APPLICATION TO EMPLOY FORMAN PERRY WATKINS KRUTZ & TARDY LLP

The Debtors hereby move this Court (the "Motion"), pursuant to Del. Bankr. LR 9006-1(c) and 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 102 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), for an Order for leave with respect to the *Debtors' Application to Employ*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Forman Perry Watkins Krutz & Tardy LLP* (the "Application") from this Court's *Amended Order Scheduling Omnibus Hearing Dates for 2007* [Docket 14068] (the "Scheduling Order"), dated December 19, 2006 and the *Second Amended Order Establishing Case Management Procedures and Hearing Schedule* [Docket 14028] (the "Case Management Order"), dated December 14, 2006, so that the Application may be heard at the Debtors' April 2, 2007 omnibus hearing.

Pursuant to the Scheduling and Case Management Orders, motions to be heard at the April 2, 2007 omnibus hearing were to be filed and served on or before February 26, 2007. Additionally, the Case Management Order requires that an objection deadline be at least 17 days prior to the omnibus hearing, *i.e.*, March 16, 2007.

Del. Bankr. LR 9006-1(c) provides that " . . . all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fifteen (15) days (eighteen (18) days if service is by mail) prior to the hearing date." Del. Bankr. LR 9006-1(c). Bankruptcy Rule 9006-1(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006-1(c). Similarly, Del. Bankr. LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. LR 9006-1(e).

Accordingly, the Debtors file this motion seeking an Order of this Court for leave from the Scheduling and Case Management Orders to enable the Debtors to have the Application heard at the Debtors' next omnibus hearing on April 2, 2007 at 2:00 p.m. The Debtors also

respectfully request that the Court establish March 20, 2007 at 12:00 p.m. as the deadline to respond to the Application.

The Debtors request leave from the Scheduling and Case Management Orders so that this Application may be heard at the April omnibus hearing, as the filing was delayed due to the Debtors working with Forman Perry to obtain an accurate and up-to-date amount of unpaid legal expenses and fees as of the date of this Application. As explained in the Application, certain invoices had been delayed for a time period due to Forman Perry providing services to several clients, including the Debtors, with respect to obtaining and analyzing discovery from third parties such as screening companies and doctors and the time involved in calculating complex cost-sharing issues related to this work.

Since the Debtors have filed and served the Application more than 18 days from the hearing, there is no prejudice to any party in interest. Additionally, extending the objection deadline by 4 days will ensure that all parties in interest have adequate time to respond. The Debtors respectfully submit that the extension of the objection deadline described above is appropriate, as is leave from the Scheduling and Case Management Orders.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors leave from the Scheduling and Case Management Orders, (ii) scheduling the Application to be heard at the Debtors' April 2, 2007 omnibus hearing, (iii) shortening the notice period with respect to the Application, and (iv) setting the objection deadline to the Application at March 20, 2007 at 12:00 p.m., as set forth above.

Dated: March 1, 2007

    KIRKLAND & ELLIS LLP
    David M. Bernick, P.C.
    Janet S. Baer
    Andrea L. Johnson
    200 East Randolph Drive
    Chicago, IL 60601
    Telephone: (312) 861-2000
    Facsimile: (312) 861-2200

    and

    PACHULSKI STANG ZIEHL YOUNG JONES
    & WEINTRAUB LLP

    */s/ James E. O'Neill*
    Laura Davis Jones (Bar No. 2436)
    James E. O'Neill (Bar No. 4042)
    919 North Market Street, 17th Floor
    P.O. Box 8705
    Wilmington, DE 19899-8705 (Courier 19801)
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400

    Co-Counsel for the Debtors and
    Debtors in Possession