**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP**
**FOR THE TWENTY-SECOND INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Twenty-Second Interim Fee Application of Stroock & Stroock & Lavan, LLP (the "Application").

**BACKGROUND**

1. Stroock & Stroock & Lavan, LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors. In the Application, Stroock seeks approval of fees totaling $380,213.50 and costs totaling $4,742.11 for its services from July 1, 2006, through September 30, 2006, as well as payment of fees and costs of $219,776.61 for Navigant Consulting ("Navigant"), an asbestos issues expert[1].

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, Local Rule

---

[1] We do not review the fees and costs of Navigant, and thus we do not render any opinion on these fees and costs.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Stroock 22int 4-6.06.wpd

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

3.  In our initial report, we noted three hearings attended by multiple Stroock professionals. These are provided as Exhibit A. We asked Stroock to examine the exhibit and in each instance state why it was necessary for each professional to be present and what specific area of expertise each brought to the meeting. Stroock's response is provided as Response Exhibit 1. We appreciate the response and offer no objection to these fees.

## CONCLUSION

4.  Thus we recommend approval of fees totaling $380,213.50 and costs totaling $4,742.11 for Stroock's services from July 1, 2006, through September 30, 2006.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 6th day of March, 2007.

_____
Warren H. Smith

**SERVICE LIST**
<u>Notice Parties</u>

**The Applicant**

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 141
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
Frank J. Perch, Esq.
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1. On July 24, 2006, KP, AK and LK (two Partners and one Associate) attended a court hearing. The total time spent including any preparation and non-working travel time was 31.20 hours[2] for a total fee of $2,2120.00.

| Date | Atty | Hours | Description |
|---|---|---|---|
| 07/24/06 | LK | 4.50 | Travel time to and from Court on 7/24/06 (4.5) |
| 07/24/06 | KP | 4.00 | Travel attendant to omnibus hearing. |
| 07/18/06 | LK | 0.70 | Telephone conference with K. Pasquale, J. Baer, debtor, creditor committee professionals regarding status and revise of court hearing agenda for 7/24/06 (.7). |
| 07/21/06 | LK | 1.40 | Preparation for hearing on exclusivity (.9); review questionnaire analysis (.3); office conference with K. Pasquale regarding exclusivity hearing (.2). |
| 07/21/06 | KP | 2.20 | Preparation for omnibus hearing (exclusivity, bar date, discovery) (2.0); telephone conference J. Baer re: same (.2). |
| 07/24/06 | AK | 5.80 | Attend (telephonically) Grace omnibus hearing |
| 07/24/06 | LK | 6.40 | Preparation for and attendance at WR Grace court hearing regarding PD estimation, exclusivity and related matters (6.4). |
| 07/24/06 | KP | 6.20 | Prep for and participation at omnibus hearing (6.2). |

2. On August 21, 2006, KP, AK and LK (two Partners and one Associate) attended a court hearing. The total time spent including any preparation and non-working travel time was 37.70 hours[3] for a total fee of $19,340.00.

| Date | Atty | Hours | Description |
|---|---|---|---|
| 08/21/06 | LK | 2.00 | Travel time to and from Court in Wilmington, DE (2.0). |
| 08/21/06 | KP | 4.50 | Travel attendant to omnibus Court hearing. |
| 08/15/06 | LK | 0.90 | Office conference with K. Pasquale, A. Krieger and by phone with debtor and professionals regarding 8/21 agenda, Libby litigation and related matters (.6); office conference with K. |

---

[2] Time for this entry was located in two Project Categories - (i) Travel - Non Working and (ii) Hearings.

[3] Time for this entry was located in two Project Categories - (i) Travel - Non Working and (ii) Hearings.

|          |    |      | Pasquale and A. Kreiger regarding same (.3). |
|----------|----|------|---|
| 08/20/06 | KP | 2.00 | Preparation for omnibus hearing. |
| 08/21/06 | AK | 7.70 | Attend to amended agenda notice for 8/21/06 hearing (.1); attend Court hearing (telephonically) (7.6). |
| 08/21/06 | LK | 3.20 | Preparation for and attend Court hearing in Wilmington, DE regarding Canadian issue, CMO, et al. (3.2). |
| 08/21/06 | KP | 8.70 | Preparation for and participated in omnibus court hearing. |

    3.    On September 11, 2006, KP, AK and LK (two Partners and one Associate) attended a court hearing. The total time spent including any preparation and non-working travel time was 43.70 hours[4] for a total fee of $24,832.50. Please explain why this hearing required the attendance of three firm members?

| 09/10/06 | LK | 4.00 | Non-working travel time to Pittsburgh, PA. |
|----------|----|------|---|
| 09/10/06 | KP | 4.50 | Travel to Pittsburgh for Court hearing |
| 09/11/06 | LK | 4.00 | Non-working travel time to NY. |
| 09/11/06 | KP | 4.00 | Return travel from Pittsburgh. |
| 09/05/06 | LK | 1.10 | Office conference with A. Krieger, K. Pasquale and telephone conference with J. Baer, M. Schelnitz, et al. regarding agenda items for 9/11 and 9/25, exclusivity, Speights, et al. (1.1). |
| 09/06/06 | LK | 0.20 | Review agenda for 9/11/06 hearing (.2). |
| 09/07/06 | KP | 2.20 | Preparation for September 11 hearing re: exclusivity, questionnaires. |
| 09/08/06 | AK | 0.90 | Attend to documents for 9/11/06 hearing (.8); attend to amended agenda notice for 9/11/06 hearing (.1). |
| 09/10/06 | LK | 1.20 | Preparation for hearing on exclusivity and questionnaire |
| 09/11/06 | AK | 7.20 | Attend (telephonically) Court hearing. |

---

[4] Time for this entry was located in two Project Categories - (i) Travel - Non Working and (ii) Hearings.

**FEE AUDITOR'S FINAL REPORT** - Page 6
wrg FR Stroock 22int 4-6.06.wpd

| | | | |
|---|---|---|---|
| 09/11/06 | LK | 7.20 | Preparation for and in Court before Judge Fitzgerald in Pittsburgh, PA. |
| 09/11/06 | KP | 7.20 | Participated in Court hearing re: exclusivity, questionnaire issues. |

Response Exhibit 1

The Report notes three hearings attended by three firm professionals and seeks an explanation as to the need for each participant to be present and the specific area of expertise each professional brought to each hearing. (Report at paragraph 3). In responding to the Report, Stroock has combined all of the hearings.

As a general response, Stroock states it has informed the Fee Auditor on several prior occasions that the issues in these cases require from time to time the participation at meetings and hearings of professionals with expertise from different disciplines within Stroock and depending upon the needs of the particular matter at issue, professionals at different levels of responsibility within the same legal discipline. As the Application generally reflects, Mr. Kruger, a senior partner in the financial restructuring group, while certainly knowledgeable about the day to day motions filed in these cases, focuses on global and all long-term plan and chapter 11 strategy and emergence issues, including issues in respect of plan exclusivity, as well as other chapter 11 issues of importance to the Creditors' Committee. Mr. Pasquale, a partner in the litigation department, focuses upon all of the litigation and asbestos claim-related issues in these cases, including all aspects of the asbestos claims' estimation and objection proceedings in these cases, and is necessarily involved in plan and emergence issues given the material impact that asbestos–related issues have on these matters. Ms. Krieger has the day to day overall responsibility for these cases including review of all motions and pleadings filed in these cases before Judge Fitzgerald, prepares many of the memoranda for the Creditors' Committee and

provides bankruptcy-related services including those with respect to plan structure, confirmation and emergence issues inherent in these cases.  It is Stroock's position that each of these professionals play necessary but distinct roles in the proceedings which are not duplicative and for whose services Stroock should be compensated in full.  Indeed, these three attorneys, with few exceptions, constitute the Stroock "team" responsible for this matter, thereby ensuring efficiency and consistency in the representation of the Creditors' Committee.

**July 24, 2006 Hearing**
**August 21, 2006 Hearing**
**September 11, 2006 Hearing**

Exhibit A to the Report notes that Messrs Kruger and Pasquale and Ms. Krieger attended hearings on July 24, 2006 (the "July 24 Hearing") and on August 21, 2006 (the "August 21 Hearing") in Wilmington, DE and the hearing on September 11, 2006 (the "September 11 Hearing") in Pittsburgh, PA (collectively, the "Hearings"). The Report states that the total time spent, including preparation and non-working travel time, in connection with (1) the July 24 Hearing, was 31.2 hours for a total fee of $2,2120.00[1], (2) the August 21 Hearing, was 37.7 hours for a total fee of $19,340.00 and (3) the September 11 Hearing, was 43.7 hours for a total fee of $24,832.50.[2]

As a general matter, whether multiple attorneys from Stroock attend a certain hearing is dependent on the nature and importance of the matters to be heard by the Court. As is evident below, it happened to be that the matters to be heard during these three hearings addressed central issues in these cases today. Each of the Hearings was lengthy running from over 6 hours to over 7.5 hours in length. During the July 24 Hearing, the Court was scheduled to hear (i) argument on the Debtors' motion for a further extension of their exclusive plan and

---

[1] This figure, which is as stated in the Report, is clearly incorrect. Stroock has not verified any of the figures in the Report at this time, but reserves the right to do so should that become necessary.

[2] Stroock observes that certain of the services identified in Exhibit A of the Report are services that would have been rendered even if fewer attorneys had attended the Hearings and accordingly, Stroock reserves its rights to further address this point should that become necessary.

**FEE AUDITOR'S FINAL REPORT** - Page 10
wrg FR Stroock 22int 4-6.06.wpd

solicitation periods, a position strongly opposed by the asbestos committees and the representative for future asbestos claims, (ii) a status report on consensual plan of reorganization discussions among the Debtors, the asbestos committees and the futures representative, (iii) argument on a number of asbestos claims' estimation and objection-related matters, including the Debtors' motion seeking the establishment of a bar date for pre-petition asbestos litigation claims and the objections thereto and (iv) a status report on the asbestos personal injury claims Questionnaires.  In addition, the Court was scheduled to hear argument on the Debtors' proposed $90.0 million settlement with Lloyd's Underwriters of insurance coverage for claims against the Debtors' including asbestos claims, a matter on which the Creditors' Committee was actively involved and which was contested by the asbestos committees, the future claims representative and the Libby Claimants.  Among the Court's rulings at the July 24 Hearing was approval of a revised case management order for the estimation of the personal injury claims, which scheduled the trial on the estimation hearing to commence in mid-June 2007.  Because of the length of the argument on several of the asbestos-claims related matters, several of the matters that were to be heard by the Court during the July 24 Hearing were continued to other hearing dates.  These matters included argument on the contested exclusivity extension motion which was continued to the September 11 Hearing, and argument on the contested Lloyd's settlement motion and issues with respect to the adjudication of traditional property damage claims which were continued to the August 21 Hearing.  Argument on these latter matters were heard during the August 21 Hearing, as were arguments on other issues relating to the

estimation of asbestos personal injury claims, including issues in respect of the failure of asbestos claimants to fill-in the Questionnaires and with respect to the personal injury claims bar date and the process for addressing traditional property damage claims. The September 11 Hearing was the date for the continued hearing on the Debtors' motion to extend exclusivity, as well as for the Court to hear substantive arguments on those issues raised by the Debtors' motion to compel responses to the Questionnaires that were not able to be resolved by the mediation held before Judge Whelan, the discovery mediator, at the end of August 2006, which Ms. Krieger attended.

Given the breadth and importance to the Creditors' Committee of the plan, asbestos claims estimation and objection-related issues expected to be heard by the Court at the Hearings, it is Stroock's view that it was appropriate for both Messrs Kruger and Pasquale to attend the Hearings in person. Ms. Krieger only attended the Hearings telephonically. It is Stroock's position that it was more effective for its representation of the Creditors' Committee, as well as efficient for these estates, for Ms. Krieger to listen to the Hearings, rather than debrief Messrs Kruger or Pasquale and then read the transcript weeks later when it ultimately is entered on the Court's docket. Further, telephonic attendance at the Hearings enables Ms. Krieger to be able to promptly communicate about the Hearings to the Creditors' Committee and to respond to the calls she receives from unsecured creditors after the Hearings are concluded. Stroock therefore submits that the compensation sought in respect of the services rendered in connection with the July 24 Hearing, the August 21 Hearing and the September 11 Hearing should be allowed in its

entirety. Accordingly, Stroock submits that the proper representation of the Creditors' Committee at each of the Hearings identified by the Fee Auditor required the participation of each of Messrs. Kruger and Pasquale and Ms. Krieger in the performance of their respective distinct roles in these cases on behalf of the Creditors' Committee.

While the Creditors' Committee and its professionals are very cognizant of concerns regarding professionals fees incurred in these cases, and makes every effort to avoid duplication of services, it is Stroock's position, in summary, that there are often times when attendance by multiple attorneys from Stroock are required and justified by the circumstances and breadth of and/or importance of the matters being addressed and that hearings before the Court addressing the central plan and asbestos claims-related matters are often those types of circumstances.