# THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Obj Deadline: March 26, 2007

**NINETEENTH QUARTERLY INTERIM FEE APPLICATION OF
THE BLACKSTONE GROUP L.P., AS FINANCIAL ADVISOR TO
W.R. GRACE & CO. AND AFFILIATES FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF
OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006**

## SUMMARY SHEET

| | |
|---|---|
| Name of Applicant: | The Blackstone Group L.P. |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | June 22, 2001, effective April 2, 2001 |
| Period for which compensation and reimbursement is sought: | October 1, 2006 through December 31, 2006 |
| Amount of Compensation sought as actual, reasonable and necessary: | $425,000.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $3,318.03 |

This is a    __ monthly    x  interim    ___ final application

## CUMULATIVE SUMMARY OF MONTHLY APPLICATIONS OF THE BLACKSTONE GROUP L.P., AS FINANCIAL ADVISOR TO W.R. GRACE & CO. AND AFFILIATES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD OF OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006

| Fee Application, Filing Date, Docket No. (if available) | Total Fees Requested | Total Expenses Requested | Certification of No Objection Filing Date, Docket No. | Amount of Fees Paid (80%) | Amount of Expenses Paid (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|
| 10/01/06 – 10/31/06, 02/28/07, Docket No. 14709 | $100,000.00 | $704.00 | NA | $0.00 | $0.00 | $0.00 |
| 11/01/06 – 11/30/06, 02/28/07, Docket No. 14710 | $175,000.00 | 1,104.42 | NA | 0.00 | 0.00 | 0.00 |
| 12/01/06 – 12/31/06, 02/28/07, Docket No. 14711 | $150,000.00 | 1,509.61 | NA | 0.00 | 0.00 | 0.00 |
| **Total** | **$425,000.00** | **$3,318.03** | | **$0.00** | **$0.00** | **$0.00** |

### CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY

| Project Category | Total Hours for the Interim Period | Total Fees for the Interim Periods[1] | Total Fees from the Petition Date[2] |
|---|---|---|---|
| Accounting/Auditing | 0.0 | NA | NA |
| Asset Dispositions | 0.0 | NA | NA |
| Business Analysis | 93.3 | NA | NA |
| Case Administration | 0.0 | NA | NA |
| Claims Analysis/Resolution | 0.0 | NA | NA |
| Committee | 20.9 | NA | NA |
| Corporate Finance | 0.0 | NA | NA |
| Employment Applications | 0.0 | NA | NA |
| Employee Benefits | 8.3 | NA | NA |
| Fee Applications | 0.0 | NA | NA |
| Financing | 4.0 | NA | NA |
| Hearings | 9.1 | NA | NA |
| Non-Working Travel Time | 49.1 | NA | NA |
| Other | 0.0 | NA | NA |
| Plan & Disclosure Statement | 352.0 | NA | NA |
| Tax Issues | 0.3 | NA | NA |
| Valuation | 37.4 | NA | NA |

---

[1] Blackstone does not bill by the hour; therefore, a calculation of total fees by hour, by category is not applicable.
2

## CUMULATIVE EXPENSE SUMMARY ($)

| Expense Categories | Total Expenses for the Interim Period | Total Expenses from the Petition date |
|---|---|---|
| Airfare/Railroad/Ground Transportation | 1,510.98 | $63,007.97 |
| Meals and Lodging | 893.05 | 20,809.32 |
| Research | 21.98 | 33,351.83 |
| Communications | 862.69 | 11,252.20 |
| Word Processing | 0.00 | 15,374.94 |
| Photocopying | 0.00 | 9,900.20 |
| Other | 29.33 | 5,503.05 |

## THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### NINETEENTH QUARTERLY INTERIM FEE APPLICATION OF THE BLACKSTONE GROUP L.P., AS FINANCIAL ADVISOR TO W.R. GRACE & CO. AND AFFILIATES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Retention Order (as defined herein), and this Court's *Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* ("Procedures"), The Blackstone Group L.P. ("Blackstone") hereby submits this nineteenth quarterly interim application (the "Nineteenth Quarterly Interim Application") for allowance of (i) compensation for actual and necessary professional services rendered by it as financial advisor to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for the period of October 1, 2006 through December 31, 2006 (the "Nineteenth Interim Period), and (ii) the reimbursement of expenses recorded in providing said services during the Nineteenth Interim Period.

In support of this Nineteenth Quarterly Interim Application, Blackstone respectfully represents as follows:

### I. Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### II. Background

2. Blackstone is financial advisor to the Debtors.

3. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On April 2, 2001, the Debtors applied to this Court for an order authorizing them to retain Blackstone pursuant to an engagement agreement dated February 15, 2001 (the "Engagement Agreement") as their financial advisor, effective as of the Petition Date.

5. On June 22, 2001, this Court entered an order (the "Retention Order") authorizing the Debtors to employ Blackstone as their financial advisor effective as of the Petition Date pursuant to the terms of the Engagement Agreement.

### III. Narrative Description of Blackstone's Activities During the Nineteenth Interim Period

6. The financial services provided by Blackstone to the Debtors during the Nineteenth Interim Period included:

- Advising the Debtors with respect to Plan of Reorganization issues and alternatives:
- Analyzing anticipated tax effects of various Plan alternatives;
- Analyzing funding alternatives for Plan alternatives;
- Attending meetings and conference calls with the Debtors and legal counsel with respect to a Plan;

- Analyzing the treatment and amount of claims including environmental and tax claims;

- Preparing cash flow analyses;

- Advising the Debtors, contacting potential buyers, and interfacing with the Committees' financial advisors, with respect to a divestiture;

- Advising the Debtors with respect to their pension funding motions;

- Attending Court hearings telephonically;

- Interfacing with the key creditor constituents (including the Official Committee of Unsecured Creditors, the Bodily Injury Asbestos Committee, the Property Damage Asbestos Committee, the Future Claims Representative and the Equity Committee, as well as their respective legal and financial advisors) related to the following:
    - Due diligence requests regarding claims, financial results, pension motions, and other Court motions; and

- Providing strategic and business advice in connection with the bankruptcy.

### IV. Blackstone's Request for Compensation and Reimbursement of Expenses

7. Pursuant to the Procedures, professionals may request monthly compensation and the reimbursement of expenses incurred. The notice parties listed in the Procedures may object to such a request. If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

8. Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request (the "Quarterly Interim Application") for interim approval and allowance of the monthly fee applications filed during the quarter covered by the Quarterly Interim Application. If this Court grants the relief requested in the Quarterly Interim Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the monthly fee applications covered by that

Quarterly Interim Application less any amounts previously paid in connection with the monthly fee applications. Any payment made pursuant to the monthly fee applications or the Quarterly Interim Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

### A. Blackstone's Request for Compensation

9. With this Nineteenth Quarterly Interim Application, Blackstone seeks interim allowance of compensation in the amount of $425,000.00 for the Nineteenth Period. Copies of Blackstone's invoices pertaining to the Nineteenth Interim Period are attached hereto as Exhibit A.

### B. Blackstone's Request for Reimbursement of Expenses

10. During the Nineteenth Interim Period, Blackstone has recorded expenses in the amount of $3,318.03. The details of these expenses are attached hereto as Exhibit A.

11. Car Services charges are for transportation provided by a car service company in New York as opposed to a yellow cab and are billed directly from the car service company and allocated to a client based on the client code provided at the time of the transportation. These charges generally are the expense for transportation to and from an airport, railroad station, place of work to home (if home is located outside New York City and after 8 p.m.) and exclusively cover charges for transportation in New York City and its environs.

12. Local Travel is primarily for cash out-of-pocket transportation expenses incurred either (i) in New York traveling to and from meetings related to the client's matter, traveling to/from home/office prior to normal working hours or after 8:00 pm, and the employee has traveled at those times as a result of the time exigencies of that client's matter or (ii) at the site of a meeting. If the employee lives outside Manhattan, it is permissible for that employee to take a car service since taking a taxi is impractical.

13. Meal Expenses include employee meals while traveling on client matters and in accordance with the restrictions set forth below and meals provided during meetings with the Debtors, committees and their advisors. Blackstone's general policy permits its employees to bill lunch or dinner meals to a client if the employee is required to provide services to the client during such meal time due to extreme time constraints. Blackstone employees are permitted to order meals in the office if the employee is required to work on client related matters after 8:00p.m. Blackstone caps its meal expenses at $25 per meal.

## V. **Requested Relief**

14. With this Nineteenth Quarterly Interim Application, Blackstone requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses recorded by Blackstone during the Nineteenth Interim Period. At all relevant times, Blackstone has been a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

15. All services for which Blackstone is requesting compensation were performed for or on behalf of the Debtors and not on behalf of any committee, creditor, or other person.

16. During the Nineteenth Interim Period, Blackstone has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases.

**WHEREFORE**, Blackstone respectfully requests that this Court enter an order, substantially in the form attached hereto, providing that, for the Nineteenth Interim Period:

a) An allowance be made to Blackstone in the sum of $425,000.00 as compensation for reasonable and necessary professional services rendered to the Debtors and in the sum of $3,318.03 for reimbursement of actual and necessary costs and expenses incurred, for a total of $428,318.03;

b) The Debtors be authorized and directed to pay to Blackstone's outstanding Monthly Fees and expenses for the Nineteenth Interim Period as follows:

| | |
|---|---|
| Total Fees | $425,000.00 |
| Total Expenses | 3,318.03 |
| Subtotal | $428,318.03 |
| Less Payments Received | (0.00) |
| **Amount Due Blackstone** | **$428,318.03** |

c) Grant such other and further relief as this Court deems just and proper.

Dated: March 6, 2007

                                                   The Blackstone Group L.P.
Financial Advisor to W.R. Grace & Co.

By: _/s/ Pamela D. Zilly_
Pamela D. Zilly
Senior Managing Director
345 Park Avenue
New York, NY 10154
(212) 583-5000
(212) 583-5707 (fax)

# THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## AFFIDAVIT

STATE OF NEW YORK   )
                                  ) ss.:
COUNTY OF NEW YORK )

Pamela D. Zilly being duly sworn, deposes and says:

1. I am a Senior Managing Director of the firm of The Blackstone Group L.P. ("Blackstone"), which firm maintains offices for providing financial advisory services at 345 Park Avenue, New York, New York 10154.  Blackstone is acting as financial advisor for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the captioned case.

2. This affidavit is submitted pursuant to Delaware Bankruptcy Local Rule 2016-2 in connection with Blackstone's Nineteenth Quarterly Interim Application for allowance of (i) compensation for services rendered to the Debtors for the period of October 1, 2006 through December 31, 2006 (the "Nineteenth Interim Period") in the amount of $425,000.00; and (ii) the reimbursement of expenses recorded during the Nineteenth Interim Period in the amount of $3,318.03.

3. All of the services for which Blackstone seeks compensation were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder.

4. No agreement or understanding exists between Blackstone and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

5. I have reviewed and I understand the requirements of Delaware Bankruptcy Local Rule 2016-2 and I believe that this Nineteenth Quarterly Interim Application fully complies with all provisions contained in said Order.

By: *Pamela D. Zilly*
Pamela D. Zilly
Senior Managing Director

Sworn to before me this
6 day of March 2007

_____
Notary Public

LINDA H. KRUSE
NOTARY PUBLIC, State of New York
No. 01KR4862933
Qualified in Richmond County
Certificate filed in New York County
Commission Expires June 23, 2010

2