## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF KIRKLAND & ELLIS
### FOR THE TWENTY-SECOND INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Kirkland & Ellis for the Twenty-Second Interim Period.

### BACKGROUND

1.      Kirkland & Ellis was retained as counsel to the Debtors.  In the Application, Kirkland & Ellis seeks approval of fees totaling $5,992,881.00 and costs totaling $987,943.71 for its services from July 1, 2006, through September 30, 2006.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on K&E an initial report based on our review, and received a response from K&E, portions of which response are quoted herein.

**DISCUSSION**

3.    In our initial report, we noted 17 conferences or meetings attended by multiple professionals.  (See Exhibit A.)  We asked K&E to examine the exhibit and in each instance to explain the need for each professional's presence and the particular area of expertise each brought to the meeting.  The firm's response is provided as Response Exhibit 1.  We appreciate the response and believe each professional's presence was adequately explained and justified except for attendance at the July 24 omnibus hearing and the September 25 omnibus hearing.

July 24, 2006 - Omnibus hearing

Associates Bianca, Blatnick and Basta show the following entries:

| | | | |
|---|---|---|---|
| 7/24/2006 | Salvatore F Bianca | 3.00 | Attend portions of omnibus hearing (telephonically). |
| 7/24/2006 | Samuel Blatnick | 3.00 | Attend portions of omnibus hearing (telephonically). |
| 7/24/2006 | Amanda C Basta | 4.20 | Attend   portions of July omnibus hearing (telephonically) re discovery of PI claimants and third-party witnesses (4.0);............ |

The response states, "Associates on the PI and PD teams, Mr. Bianca, Ms. Basta and Mr. Blatnick, assisted in preparation of various materials for the hearing and attended (telephonically) the portions of the hearing related to the matters in which s/he was involved."  While we offer no objection to the time these associates billed for preparation, the response does not adequately explain the need for these associates to attend the meeting telephonically, as no specific participation by any of them

is addressed.  We thus recommend a reduction of $1,530.00 (3.0 hours times $510.00) in Mr.

Bianca's billing; $1,095.00 (3.0 hours times $365.00) in Mr. Blatnick's billing; and $1,600.00 (4.0

hours times $400.00) in Ms. Basta's billing.  We thus recommend a total reduction in fees of

$4,225.00 for the July 24 hearing.

September 25, 2006 - Omnibus hearing

Associates Bianca and Blatnick show the following entries:

| 9/25/2006 | Salvatore F Bianca | 3.40 | Attend omnibus hearing via telephone. |
| 9/25/2006 | Samuel Blatnick | 7.50 | ... attend 9/26 hearing (4.5). |
| 9/25/2006 | Samuel Blatnick | 4.50 | Travel to Delaware for hearing (1.8) (billed at half time); return travel from Delware (2.7) (billed at half time). |

The response states, "Mr. Bernick, Ms. Esayian, Ms. Harding, Mr. Blatnick and I attended and

participated in this omnibus hearing.  Mr. Freedman and Mr. Bianca attended telephonically.  Mr.

Bernick presented the major contested matters, which included the Debtors' motion for production

of documents under Bankruptcy Rule 2004, objection to certain of Prudential's PD claims, objection

to certain of Speights & Runyan PD claims, schedule for Canadian PD claims to comply with the

Court's order, Anderson Memorial's motion for limited relief from the automatic stay, Anderson

Memorial's motion for class certification, objections to the Court's August 31 PD CMO and a status

report regarding PI questionnaires and related PI matters.  I presented certain bankruptcy-related

motions, and provided general support to Mr. Bernick on case issues.  Ms. Harding, the lead

litigation partner on the PI team, Mr. Freedman, restructuring partner on the plan and exclusivity

team, and Ms. Esayain, lead litigation partner on the PD team, participated in the hearing to prepare

and support Mr. Bernick's presentations.  Additionally, associates Mr. Bianca and Mr. Blatnick

assisted in the preparation of various materials for the hearings."

Again, we offer no objection to the time these associates billed for preparation; however, the response does not appear to justify the need for either Mr. Blatnick's attendance at the hearing or Mr. Bianca's participation telephonically. We thus recommend a reduction of $1,734.00 (3.4 hours times $510.00) for Mr. Bianca's billing and $2,463.75 (4.5 hours times $365.00 plus 4.5 hours times $182.50) for Mr. Blatnick's billing. We thus recommend a total reduction in fees of $4,197.75 for the September 25 hearing. Therefore, for the two hearings cited, we recommend a total reduction of $8,422.75 in fees.

4.      We noted that during the application period there were a number of entries regarding firm conflict checks. (See Exhibit B.) Conflict checks are normally not compensable. We asked K&E to review the exhibit and explain why each of these entries should be compensable. K&E's response is provided as Response Exhibit 2. We appreciate the response and offer no objection to these fees.

5.      We noted that during the application period several firm members spent a total of 406.10 hours for a total fee of $83,725.50 on trial logistics and trail site preparation. (See Exhibit C.) We asked K&E to explain why it was necessary for so many firm members to spend this much time on this matter. The firm's response is provided as Response Exhibit 3. We appreciate the response and offer no objection to these fees.

6.      We noted two instances in which the fee totals do not match the parenthetical entries. The entries are provided below.

On July 28, 2006, ETH had a time entry listed as 7.00 hours for a total fee of $3,675.00. The parenthetical entries total only 6.80 hours for a fee of $3,570.00. Difference in fee total is $105.00.

7/28/2006     Ellen T Ahern  7.00    Review focus group draft opening (1.3); review media articles (2.1); review expert materials and status of witness files and confer with S. McMillin re same (2.9); correspond with D. Rooney re logistics and file organization (.5).

On August 14, 2006, DMB had a time entry listed as 5.70 hours for a total fee of $4,816.50. The parenthetical entries total only 5.60 hours for a total fee of $4,732.00. Difference in fee total is $84.50.

8/14/2006     David M Bernick, P.C.   5.70    Review materials re criminal case (3.5); confer with M. Shelnitz re potential settlement (.8); confer re briefs in criminal case (1.3).

We asked K&E to respond as to whether these discrepancies represent accidental oversights and should therefore be deducted from the fee total. K&E responded as follows:

> The 7.00 hours was entered in error, and only 6.8 hours of Ms. Ahern's time on July 28th should have been billed to Grace. Therefore, K&E agrees that $105.00 should be deducted from the Fee Application. The 5.70 hours was entered in error, and only 5.6 hours of Mr. Bernick's time on August 14th should have been billed to Grace. Therefore, K&E agrees that $84.50 should be deducted from the Fee Application.

We appreciate the response and thus recommend a reduction of $189.50 in fees.

7.     We noted a consulting expense of $19,975.00 that lacks sufficient detail. The entry is provided below.

7/4/2006     19,975.00     Expert Fees - For Work Done 6/21 through 7/1 by Consulting Expert

While we are sensitive to the firm's need for confidentiality regarding the nature of some outside expert services, we still asked K&E to provide as much detail as reasonable regarding these fees so that they might be assessed. The firm's response is provided as Response Exhibit 4. We appreciate the response and offer no objection to these expenses.

8.     We noted three "beverage setup" charges that lack sufficient detail. The entries are provided below.

7/13/2006      64.00  EUREST - Overtime Transportation, Beverage Setup for 8 people, M. Browdy, 6/29/06

7/14/2006      14.00  Beverage Service

7/31/2006      76.00  Beverage Service

We asked K&E to provide more information regarding these entries. The firm's response is

provided as Response Exhibit 5. We appreciate the response and recommend a reduction of $90.00

in expenses.

9.      We noted a meal expense that lacks sufficient detail. The entry is provided below.

7/23/2006      143.32 SEAMLESSWEB PROFESSIONAL SOLUTIONS, INC - WORKING MEALS K&E ONLY, 07/17/06, Lunch for expert conference

We asked K&E to provide more information regarding this entry. The firm responded as follows:

> This meal expense was for lunch for ten individuals: Mr. Stansbury, Mr. McMillin, Mr. Fitzsimmons, 5 experts and 2 clients. Thus, the per-person meal expense was approximately $14.33, below the recommended per-person lunch ceiling expense, and so is properly chargeable to the estate.

We appreciate the response and offer no objection to this expense.

10.      We noted a transportation expense that appears excessive. The entry is provided

below.

5/31/2006      221.96 CLS WORLDWIDE CHAUFFEURED SRVS - Transportation to/from airport - 05/23/06 Harding, Barbara SFO to Navato

We asked the firm to explain the circumstances that required such a high transportation charge.

K&E responded as follows:

> Ms. Harding traveled from Washington, D.C. to Novato, California for a meeting with Scott McMillin and one of the PI experts to discuss analysis of certain data and his/her potential expert report. Ms. Harding took a 10 pm flight out of Dulles and landed at SFO airport at approximately midnight local time. Due to the late hour and the 40 miles distance from SFO airport to her hotel in Novato, CA, Ms. Harding

ordered a car service to take her to the hotel.  This was the charge for such service.
Ms. Harding did not rent a car as she was meeting Mr. McMillin at the hotel the next
day and Mr. McMillin had rented a car.  Thereafter, both Ms. Harding and Mr.
McMillin used the car for the rest of the trip.  For these reasons, K&E respectfully
requests approval of this transportation expense.

We accept this explanation and offer no objection to the expense.

11.    We noted an expense for investigative services.  The entry is provided below.

8/13/2006      324.75          Investigative services

Again, we are sensitive to the firm's need for confidentiality regarding the nature of some outside

expert services, but even so, the entry lacks sufficient detail to reasonably assess it.  We asked the

firm to provide as much detail as possible regarding the nature of these investigative services.  K&E

responded as follows:

> The Initial Report identifies an expense for investigative services with respect to
> which the Fee Auditor requests as much detail as possible regarding the nature of the
> investigative services.  As noted in the Initial Report, K&E must adhere to
> confidentiality regarding the nature of certain outside expert services.  The
> investigative services performed were used to prepare cross-examination material
> related to the criminal trial originally scheduled to commence on September 11, 2006
> in Missoula, Montana.  For these reasons, K&E respectfully requests approval of this
> investigative services expense.

We appreciate the response and offer no objection to this expense.

12.    We noted two computer-related expense entries that are almost identical.  The entries

are provided below.

8/29/2006      4,500.00        ETRIAL COMMUNICATIONS - Trial Office Expenses, GIS
                               Workstation; HP Laptop with 17" Display; Erisa Software: 2G Ram,
                               8/29/06

8/29/2006      4,500.00        ETRIAL COMMUNICATIONS - Trial Office Expenses, GIS
                               Workstations; HP 17" Display with ERISA Software Load, 8/29/06

We asked K&E to review the entries and to explain if they represent a duplication.  K&E responded

as follows:

> I have reviewed the invoices and they have different invoice numbers and the computer-related expenses are not duplicates. The invoices are for equipment rental and software for two GIS (Geographical Information Systems) capable computers. These computers were to be used at the criminal trial referenced in paragraph 1(c) and 9 above. Due to the amount of GIS work needed to be done for the criminal trial, it was necessary to have two machines. For these reasons, K&E respectfully requests approval of these computer-related expenses.

We appreciate the response and offer no objection to these expenses.

13.     We noted another computer-related expense that seems excessive without greater explanation. The entry is provided below.

8/29/2006     4,021.00     ETRIAL COMMUNICATIONS - Trial Office Expenses, Thinkpad T43 PM 1.86Ghz, 8/29/06

The expense appears much too high for one Thinkpad. We asked K&E to explain if more machines are referenced in the entry, or, if not, why the charge is so high. K&E responded as follows:

> The Initial Report identifies a computer-related expense that appears to be for one Thinkpad computer and requests an explanation of (i) whether more machines are referenced in the entry or (ii) if only one machine is referenced, why the expense should not be considered excessive. Below please find a breakout of the four different pieces of equipment which were included in this expense:

| Equipment | Cost | Total |
|---|---|---|
| Thinkpad T43 PM 1.86Ghz; 1G/40G HD/ Win XP | $2,520.00 | $4,021.00 |
| Dell GX280 Scanning Station Desktop P4; 1G/80G HD | $326.40 | |
| 18" Flat Panel Monitors LCD | $489.60 | |
| RICOH IS330DC Scanner w/ ADF 11/17 | $685.00 | |

We appreciate the response. While we understand that this is an equipment leasing expense, our research indicates that the charge for the Thinkpad exceeds the cost of purchasing the Thinkpad. We thus recommend an expense reduction of one-half of the amount indicated, $1,260.00.

14.    We noted two hotel charges that appear excessive.  The entries are provided below.

7/25/2006        484.36 Michael Shumsky, Hotel, Seattle, WA, 07/25/06, (Oral Argument)

7/26/2006        484.36 Michael Shumsky, Hotel, Seattle, WA, 07/26/06, (Oral Argument)

We asked K&E to provided more information regarding these entries.   K&E's response is provided as Response Exhibit 6.  We appreciate the response and thus recommend a reduction of $338.00 in expenses.

## CONCLUSION

15.    Thus we recommend approval of fees totaling $5,984,268.75 ($5,992,881.00 minus $8,612.25) and costs totaling $986,255.71 ($987,943.71 minus $1,688.00) for K&E's services from July 1, 2006, through September 30, 2006.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of March, 2007.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Janet S. Baer
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1.  On July 27, 2006, seven firm members (four Partners, two Associates and one Legal Assistant) attended a conference.  The total time spent including any preparation time was 47.70 hours for a total fee of $25,400.50.

| | | | |
|---|---|---|---|
| 7/26/2006 | Salvatore F Bianca | 3.50 | Prepare for conference re PD claims (1.2);......... |
| 7/26/2006 | Samuel Blatnick | 9.20 | ...........; prepare for conference re PD matters (1.0). |
| 7/27/2006 | Janet S Baer | 7.90 | Attend PD conference with client, team and Reed Smith (5.5);........... |
| 7/27/2006 | Salvatore F Bianca | 8.00 | Confer with client, Reed Smith, California counsel and Canadian counsel re PD claims (5.6);............. |
| 7/27/2006 | Michael Dierkes | 6.20 | Prepare for conference with client and co-counsel re PD claims (.7); conference re PD claims (5.5). |
| 7/27/2006 | Michael A Rosenberg | 7.00 | Attend PD strategy conference. |
| 7/27/2006 | Samuel Blatnick | 7.30 | Confer with R. Finke, D. Bernick, J. Baer, M. Browdy, S. Bianca, M. Dierkes and R. Smith re PD matters (6.2);............... |
| 7/27/2006 | David M Bernick, P.C. | 9.00 | Prepare for and attend conference with Reed Smith re PD and follow up tasks. |
| 7/27/2006 | Michelle H Browdy | 7.20 | PD team conference (6.0);............. |

2.  On July 24, 2006, ten firm members (seven Partners and three Associates) attended a hearing. The total time spent including any preparation and non-working travel time was 131.40 hours[1] for a total fee of $80,117.00.

| | | | |
|---|---|---|---|
| 7/6/2006 | Michelle H Browdy | 3.70 | Prepare for July omnibus hearing on PD issues. |
| 7/12/2006 | Janet S Baer | 0.50 | Attend to various matters on July omnibus hearing agenda and follow up re same. |

---

[1] Time for this entry was located in the following project categories - (i) Hearings and (ii) Travel Non-Working.

| 7/14/2006 | Janet S Baer | 0.70 | Confer with PD, PI and bankruptcy team members in preparation for July omnibus hearing. |
| 7/17/2006 | David E Mendelson | 0.50 | Prepare slides for July omnibus hearing. |
| 7/18/2006 | David E Mendelson | 4.80 | Confer re preparation for hearing with D. Bernick, A. Basta, E. Leibenstein (.8); review questionnaires to prepare materials for hearing (3.5); confer with A. Basta re materials for hearing (.5). |
| 7/18/2006 | Janet S Baer | 2.80 | Review July omnibus agenda and assemble materials for same (.4); review RMQ/National Union materials in preparation for hearing (2.0); confer with W. Sparks re status of numerous matters for July omnibus hearing and related matters (.4). |
| 7/18/2006 | Amanda C Basta | 1.70 | Confer with D. Mendelson re hearing preparation (1.0); confer with S. Rein, D. Boutrous, B. Giroux, P. King and D. Mendelson re same (.7). |
| 7/19/2006 | David E Mendelson | 5.80 | Prepare material for hearing and correspond re same. |
| 7/20/2006 | David E Mendelson | 9.20 | Prepare materials for hearing related to status of questionnaire responses, including analysis of Rust work product and review of questionnaires (8.4); review 2019 information for hearing (.8). |
| 7/20/2006 | Janet S Baer | 1.70 | Confer with D. Bernick re preparation for July omnibus hearing and issues re PD and PI (.7); review and assemble materials re same (1.0). |
| 7/20/2006 | Michelle H Browdy | 2.10 | Prepare for July omnibus hearing on PD claims. |
| 7/21/2006 | David E Mendelson | 1.20 | Confer with D. Bernick re July omnibus hearing (.8); confer with J. Baer re hearing, including staffing and logistics (.4). |
| 7/21/2006 | Janet S Baer | 2.50 | Review, organize and assemble materials for July omnibus hearing (1.5); confer re charts for July omnibus hearing on PD and questionnaire issues (.5); assemble charts and revise same (.5). |

| | | | |
|---|---|---|---|
| 7/21/2006 | Amanda C Basta | 5.50 | Prepare graphics and materials re questionnaires for July omnibus hearing (4.5); confer with D. Bernick, E. Leibenstein, J. Baer and D. Mendelson re hearing preparation re questionnaire related discovery issues (1.0). |
| 7/21/2006 | Michelle H Browdy | 7.80 | Prepare for July omnibus hearing re PD claims. |
| 7/21/2006 | Barbara M Harding | 4.10 | Review pleadings re omnibus hearing and draft correspondence re preparation issues (2.5); review documents re questionnaires, CMO and POC issues re preparation for omnibus hearing (1.6). |
| 7/22/2006 | David E Mendelson | 2.80 | Prepare materials for July omnibus hearing. |
| 7/23/2006 | David M Bernick, P.C. | 7.00 | Prepare for omnibus hearing. |
| 7/23/2006 | Michelle H Browdy | 4.60 | Prepare for July omnibus hearing. |
| 7/24/2006 | Deanna D Boll | 2.00 | Participate in portions of July omnibus hearing via telephone re PD claims, PI bar date and exclusivity. |
| 7/24/2006 | David E Mendelson | 4.70 | Attend July omnibus hearing telephonically (3.5); prepare materials for use at hearing (1.2). |
| 7/24/2006 | Janet S Baer | 10.50 | Review materials in preparation for July omnibus hearing and confer with client and D. Bernick re same (4.5); attend July omnibus hearing (6.0). |
| 7/24/2006 | Salvatore F Bianca | 3.00 | Attend portions of omnibus hearing (telephonically). |
| 7/24/2006 | Samuel Blatnick | 3.00 | Attend portions of omnibus hearing (telephonically). |
| 7/24/2006 | Amanda C Basta | 4.20 | Attend portions of July omnibus hearing (telephonically) re discovery of PI claimants and third-party witnesses (4.0);............ |
| 7/24/2006 | David M Bernick, P.C. | 11.00 | Prepare for and attend omnibus hearing. |
| 7/24/2006 | Michelle H Browdy | 10.60 | Prepare for July omnibus hearing (3.1); attend omnibus hearing (5.5); follow up re same (2.0). |
| 7/24/2006 | Theodore L Freedman | 4.50 | Attend portions of omnibus hearing (telephonically). |

| 7/24/2006 | Barbara M Harding | 4.10 | Review and draft correspondence re July omnibus hearing and confer with A. Basta and D. Mendelson re same (1.6); attend poritions of July omnibus hearing telephonically (2.5). |
|---|---|---|---|
| 7/24/2006 | Janet S Baer | 1.50 | Travel to Wilmington, Delaware for July omnibus hearing (billed at half time). |
| 7/24/2006 | David M Bernick, P.C. | 1.50 | Travel to omnibus hearing (billed at half time). |
| 7/25/2006 | Janet S Baer | 2.00 | Travel from Philadelphia, Pennsylvania to Chicago after July omnibus hearing (billed at half time). |

3.  On July 5-7, 2006, five firm members (three Partners and two Associates) attended joint defense conferences.  The total time spent including any preparation time was 122.70 hours for a total fee of $58,598.50.

| 7/3/2006 | Tyler D Mace | 3.20 | Review joint defense materials in advance of conference. |
|---|---|---|---|
| 7/3/2006 | Barbara M Harding | 3.00 | ...............; prepare for joint defense conference (2.5). |
| 7/5/2006 | Tyler D Mace | 12.00 | Prepare for conference with defense counsel (2.3); attend joint defense conference (9.7). |
| 7/5/2006 | Christopher C Chiou | 7.70 | Confer with joint defense counsel (6.3); review draft motions (1.4). |
| 7/5/2006 | William B Jacobson | 11.50 | .............; confer with joint defense team (8.5). |
| 7/5/2006 | Barbara M Harding | 9.20 | Prepare for joint defense conference (3.0); confer with joint defense team (6.2). |
| 7/5/2006 | Laurence A Urgenson | 8.00 | Prepare for conference with co-defense counsel and consultant re case status, strategy and trial preparation (2.5); confer re same (5.5). |
| 7/6/2006 | Tyler D Mace | 10.70 | Attend joint defense conference (9.5);............ |
| 7/6/2006 | Christopher C Chiou | 12.20 | Confer with joint defense counsel (8.8); prepare for same (.7);.................. |
| 7/6/2006 | William B Jacobson | 13.00 | Confer with joint defense team (10.5);........... |

| 7/6/2006 | Barbara M Harding | 4.00 | ..................; attend joint defense conference (1.2). |
|----------|-------------------|------|----------|
| 7/6/2006 | Laurence A Urgenson | 11.30 | .............; joint defense conference (1.5); attend joint defense conference (7.8);.............. |
| 7/7/2006 | Tyler D Mace | 13.50 | Attend joint defense conference (7.2);............ |
| 7/7/2006 | Christopher C Chiou | 15.40 | Confer with joint defense counsel (4.6); prepare for same (1.5);.............. |
| 7/7/2006 | William B Jacobson | 10.00 | .............; confer with defense team (6.3). |
| 7/7/2006 | Barbara M Harding | 10.50 | Prepare for joint defense conference (1.0); attend joint defense conference (5.0);.............. |
| 7/7/2006 | Laurence A Urgenson | 7.90 | .............; prepare for joint defense (1.0); attend joint defense conference (5.0);.............. |

4.  On July 12, 2006, eight firm members (five Partners and three Associates) attended a meeting in New York.  The total time spent including any preparation and non-working travel time was 75.00 hours[2] for a total fee of $39,004.50.

| 7/10/2006 | Barbara M Harding | 5.50 | ............; prepare for conference with D. Bernick and L. Urgenson re criminal trial (2.0). |
|-----------|-------------------|------|----------|
| 7/11/2006 | Salvatore F Bianca | 6.50 | ...............; prepare for team conference re strategy and trial preparation (1.5). |
| 7/11/2006 | Scott A McMillin | 2.00 | ...............; prepare for conference re expert/science aspects of trial (.3);............ |
| 7/12/2006 | Tyler D Mace | 7.50 | Confer with K&E team (5.2);.............. |
| 7/12/2006 | Salvatore F Bianca | 6.00 | Prepare for team conference re strategy and trial preparation (1.0); confer re same (5.0). |
| 7/12/2006 | Brian T Stansbury | 6.50 | Confer with A. Klapper, W. Jacobson, T. Mace, B. Harding, S. McMillin, S. Bianca and D. Bernick re status and strategy (6.0); prepare for same (.5). |

---

[2] Time for this entry was located in the following project categories - (i) Montana Grand Jury Investigation and (ii) Criminal Travel Matter, No Third Parties.

| 7/12/2006 | William B Jacobson | 6.00 | Confer with K&E team, including D. Bernick and L. Urgenson, re status and strategy. |
| 7/12/2006 | David M Bernick, P.C. | 7.00 | Prepare for and attend conference with criminal team. |
| 7/12/2006 | Barbara M Harding | 14.80 | ..................; confer with D. Bernick and defense team re trial strategy (3.0);........... |
| 7/12/2006 | Scott A McMillin | 8.30 | Prepare for team conference re trial preparation (1.2); confer re same (5.3);.............. |
| 7/12/2006 | Laurence A Urgenson | 5.50 | Confer with D. Bernick, W. Jacobson, B. Harding, A. Klapper, T. Mace, B. Stansbury, re case status and strategy (4.0);............... |
| 7/11/2006 | Salvatore F Bianca | 4.20 | ..................; travel from Houston to New York for team conference re trial preparation and strategy (billed at half time) (2.2). |
| 7/11/2006 | Brian T Stansbury | 5.30 | ................; travel to New York City for motion in limine conference (billed at half time) (2.8). |
| 7/11/2006 | William B Jacobson | 3.00 | Travel from Washington D.C. to New York City for conference with K&E team (billed at half time). |
| 7/12/2006 | Tyler D Mace | 4.10 | Travel from Washington D.C. to New York re K&E conference in New York and return to D.C. (including weather delays) (billed at half time). |
| 7/12/2006 | Salvatore F Bianca | 2.50 | Travel from New York to Chicago after team conference (numerous flight delays and ultimate flight cancellation) (billed at half time). |
| 7/12/2006 | Brian T Stansbury | 2.40 | Return travel to Washington, D.C. from New York after team conference (billed at half time). |
| 7/12/2006 | William B Jacobson | 3.30 | Return travel from New York conference to Washington D.C. (billed at half time). |
| 7/12/2006 | Scott A McMillin | 3.80 | Travel to and from New York for team conference re trial preparation (billed at half time). |

| 7/12/2006 | Laurence A Urgenson | 0.90 | Travel to and from New York for case status conference (billed at half time). |
| 7/13/2006 | Salvatore F Bianca | 2.00 | Return travel to Chicago from New York (billed at half time). |

5. On July 19 - 21, 2006, nine firm members (five Partners, three Associates and one Legal Assistant) attended the motions in limine hearings. The total time spent including any preparation and non-working travel time was 560.60 hours[3] for a total fee of $265,587.50.

| 7/13/2006 | Brian T Stansbury | 12.10 | .............; prepare slides for hearing (2.0). |
| 7/13/2006 | William B Jacobson | 9.40 | Prepare for motions hearings (7.0); confer with joint defense group (2.0);............. |
| 7/13/2006 | Barbara M Harding | 7.70 | Review pleadings and documents re preparation for oral argument on motions in limine. |
| 7/13/2006 | Scott A McMillin | 2.60 | Prepare for joint defense conference re motions in limine (1.7); confer re same (.9); confer re preparing for hearings on motions in limine (.5); review and revise pleading re same (.3); correspond with experts re same (.2). |
| 7/13/2006 | Laurence A Urgenson | 7.40 | .................; work on argument of pretrial motions (5.1); participate in joint conference re case status and strategy (1.8). |
| 7/14/2006 | Brian T Stansbury | 9.80 | ..............; review medical record in preparation of hearing (3.2); draft slides for hearing (1.8). |
| 7/14/2006 | William B Jacobson | 11.50 | Prepare for motion arguments. |
| 7/14/2006 | Barbara M Harding | 1.20 | Review documents and correspondence re motion in limine oral argument. |
| 7/14/2006 | Scott A McMillin | 2.80 | Confer re preparing for motion in limine arguments (1.2); review pleadings re same (.4); prepare for and attend conference with expert (.5); confer with co-counsel re preparation of data presentation for trial |

[3] Time for this entry was located in the following project categories - (i) Montana Grand Jury Investigation and (ii) Criminal Travel Matter, No Third Parties.

|            |                      |       | (.3); prepare for motion in limine and Daubert arguments (.4). |
|------------|----------------------|-------|----------------------------------------------------------------|
| 7/14/2006  | Laurence A Urgenson  | 8.50  | Prepare argument of pretrial motions (5.2);........... |
| 7/15/2006  | Brian T Stansbury    | 8.60  | Draft slides for hearing (6.5); review and summarize case law for hearing (1.6);................ |
| 7/15/2006  | William B Jacobson   | 8.10  | Prepare for motion arguments. |
| 7/15/2006  | Barbara M Harding    | 4.20  | Prepare for motions in limine hearings and correspond with L. Urgenson, W. Jacobson and B. Stansbury re same. |
| 7/15/2006  | Laurence A Urgenson  | 7.80  | Continue review and analysis of court orders and review research related to appeal options (.5); continue work on arguments of pretrial motions in limine (7.3). |
| 7/16/2006  | Salvatore F Bianca   | 0.60  | Review hearing slides. |
| 7/16/2006  | Brian T Stansbury    | 4.10  | Draft and revise slides for hearing (1.6); prepare for expert conference (1.2); prepare for hearing (1.3). |
| 7/16/2006  | William B Jacobson   | 8.60  | Prepare for arguments (2.8); confer with expert witness (5.8). |
| 7/16/2006  | Barbara M Harding    | 4.50  | Prepare for motion in limine hearings and correspond with B. Stansbury, M. Utgoff, W. Jacobson and L. Mellis re same. |
| 7/16/2006  | Scott A McMillin     | 2.30  | Prepare for motion in limine arguments and confer re same. |
| 7/17/2006  | Salvatore F Bianca   | 11.50 | Prepare graphics for hearing re motions in limine (4.5); confer with B. Harding and S. McMillin re same (.4); review expert report and pleadings re same (1.7); review pleadings re motions in limine (2.2); review and summarize significant cases in pleadings re same (1.2); review pleadings and expert reports (1.5). |
| 7/17/2006  | Brian T Stansbury    | 13.30 | Revise slides for hearing (1.5); generate and revise new slides for hearing (3.9); confer with experts, T. |

|            |                     |       | Fitzsimmons, S. McMillin, D. Kuchinsky, R. Senftleben re expert analysis (3.6); prepare for hearing (2.4); summarize cases from motion in limine (1.9). |
|------------|---------------------|-------|------|
| 7/17/2006  | William B Jacobson  | 4.70  | Review motions (1.2); prepare for hearings (2.5);......... |
| 7/17/2006  | Barbara M Harding   | 13.10 | Prepare for conference with client and expert re hearing preparation (4.6); confer with client and expert re same (1.0); review documents and pleadings re preparation for Daubert hearings (7.5). |
| 7/17/2006  | Scott A McMillin    | 14.20 | Prepare for conference with experts re analysis of data (1.5); confer re same (4.0); prepare for arguments on motions in limine and confer re same (8.7). |
| 7/18/2006  | Tyler D Mace        | 4.30  | Attend conference in Missoula with defense counsel re court hearings. |
| 7/18/2006  | Salvatore F Bianca  | 8.70  | Prepare for hearing and create graphics re same. |
| 7/18/2006  | Brian T Stansbury   | 9.30  | Prepare for hearing re motions in limine. |
| 7/18/2006  | William B Jacobson  | 8.50  | Prepare for hearings (3.0); confer with defense counsel (5.3); confer with S. Spivack (.2). |
| 7/18/2006  | Laura E Mellis      | 13.50 | Assist B. Harding and B. Stansbury in hearing preparation. |
| 7/18/2006  | Barbara M Harding   | 16.70 | Prepare for hearing (6.0); prepare for joint defense conference re hearing (.8); confer re same (2.4); prepare for 7/19 hearing and confer with B. Stansbury, S. McMillin and S. Bianca re same. (7.5). |
| 7/18/2006  | Scott A McMillin    | 13.80 | Prepare for joint defense (1.2); confer re same (2.3); re strategy for motion in limine hearings (5.5); prepare for motion in limine arguments and confer re same (8.3). |
| 7/18/2006  | Laurence A Urgenson | 12.50 | Prepare for arguments (8.5); prepare for defense counsel conference in Missoula re preparation for arguments and case status (.5); confer re same (3.5). |

| | | | |
|---|---|---|---|
| 7/19/2006 | Tyler D Mace | 10.70 | Attend motions in limine hearings (7.0);......................; review materials for opening statement project (2.1). |
| 7/19/2006 | Salvatore F Bianca | 16.90 | Attend motion in limine hearing (7.0); review oppositions filed by government (1.3); prepare for hearing and create graphics re same (8.6). |
| 7/19/2006 | Christopher C Chiou | 9.80 | ................; attend arraignment under superseding indictment (.8); attend oral arguments in District Court and conferences with K&E team re same (8.0);............. |
| 7/19/2006 | Brian T Stansbury | 18.80 | Prepare B. Harding for motion agreement (2.8); prepare B. Harding for hearing (.8); attend motion in limine hearing (7.0); confer with expert re potential testimony (.3); confer with expert re Whitehouse (.6); confer with expert re motion in limine (2.3);...............; draft slides re Whitehouse motion in limine (3.4). |
| 7/19/2006 | William B Jacobson | 13.00 | Prepare for hearings (2.0); attend motion hearings (9.5); confer with expert (1.5). |
| 7/19/2006 | Laura E Mellis | 17.50 | Assist B. Harding and B. Stansbury in hearing preparation. |
| 7/19/2006 | Barbara M Harding | 18.10 | Prepare for 7/19 hearing (5.1); attend hearing (6.5); prepare for 7/20 hearing (6.5). |
| 7/19/2006 | Scott A McMillin | 15.20 | Prepare for and participate in hearings on motions in limine and confer re same. |
| 7/19/2006 | Laurence A Urgenson | 16.00 | Prepare for arguments (8.0); represent client at hearing before Judge Molloy (8.0). |
| 7/20/2006 | Tyler D Mace | 11.50 | Confer with client (.8); attend motions in limine hearings (6.1); prepare opening statement project (2.1);......... |
| 7/20/2006 | Salvatore F Bianca | 8.20 | Prepare for hearings. |

| | | | |
|---|---|---|---|
| 7/20/2006 | Christopher C Chiou | 10.50 | Attend oral arguments in District Court and confer with K&E team re same (7.7); confer with expert (2.0);................... |
| 7/20/2006 | William B Jacobson | 12.60 | Confer with L. Urgenson (.8); confer with G. Winters (.3); prepare for motions hearing (1.0); attend motions hearing (7.5); confer with T. Mace and C. Chiou (.5); confer with defense counsel (2.5). |
| 7/20/2006 | Laura E Mellis | 13.00 | Assist B. Harding and B. Stansbury in preparation for and during hearing (11.0);........... |
| 7/20/2006 | Barbara M Harding | 13.70 | Prepare for hearing (6.2); attend hearing (6.5); attend joint defense conference (1.0). |
| 7/20/2006 | Scott A McMillin | 13.50 | Prepare for hearings on motions in limine (2.5); attend hearings (8.1); confer re trial preparation and strategy (1.2); participate in jury research exercises (1.7). |
| 7/20/2006 | Laurence A Urgenson | 15.30 | Prepare  for  arguments (5.0); represent client at hearing (8.0); confer re report of focus group consultants (2.3). |
| 7/21/2006 | Tyler D Mace | 4.50 | Attend court hearings. |
| 7/21/2006 | Christopher C Chiou | 3.60 | Attend oral arguments in District Court (2.4); confer with K&E team re same (1.2). |
| 7/21/2006 | William B Jacobson | 5.80 | Attend hearing (3.8); review case materials (2.0). |
| 7/21/2006 | Laura E Mellis | 5.00 | Assist B. Harding and S. McMillin in preparation for and during hearing. |
| 7/21/2006 | Scott A McMillin | 6.30 | Prepare for and participate in hearings re motions in limine (5.0); confer re motion in limine hearings and trial preparation (1.3). |
| 7/21/2006 | Laurence A Urgenson | 9.70 | Prepare for argument of pre-trial motions (3.0); confer with co-counsel re same (1.5); represent client during hearing (3.7);............... |
| 7/18/2006 | Tyler D Mace | 5.20 | Travel from Washington, D.C. to hearing in Missoula, Montana (billed at half time). |

| 7/18/2006 | Salvatore F Bianca | 3.50 | Travel from Chicago to Missoula, Montana for hearing (billed at half time). |
| 7/18/2006 | Christopher C Chiou | 3.70 | Travel from Washington, D.C. to Missoula, Montana (billed at half time). |
| 7/18/2006 | Brian T Stansbury | 4.00 | Travel to Missoula, Montana for hearing (billed at half time). |
| 7/18/2006 | William B Jacobson | 2.50 | Travel to Missoula, Montana (billed at half time). |
| 7/18/2006 | Laura E Mellis | 4.50 | Travel from Washington, D.C. to Missoula, Montana (billed at half time). |
| 7/18/2006 | Scott A McMillin | 1.50 | Travel from San Francisco to Missoula, Montana for hearings (billed at half time). |
| 7/20/2006 | Brian T Stansbury | 3.30 | Return travel from hearing in Montana (billed at half time). |
| 7/21/2006 | Tyler D Mace | 5.20 | Return travel from hearings in Missoula, Montana (billed at half time). |
| 7/21/2006 | Salvatore F Bianca | 3.70 | Return travel to Chicago, IL from Missoula, Montana (billed at half time). |
| 7/21/2006 | Christopher C Chiou | 3.90 | Return travel from Missoula, Montana (billed at half time). |
| 7/21/2006 | Brian T Stansbury | 1.50 | Continue return travel from hearing in Montana (billed at half time). |
| 7/21/2006 | William B Jacobson | 3.40 | Travel from Missoula, Montana to DC (billed at half time). |
| 7/21/2006 | Laura E Mellis | 4.50 | Return travel from Missoula, Montana to Washington, D.C. (billed at half time). |
| 7/21/2006 | Scott A McMillin | 3.60 | Return travel from hearings in Montana (billed at half time). |
| 7/21/2006 | Laurence A Urgenson | 3.10 | Return travel from Missoula, Montana to Washington, D.C. (billed at half time). |

6.   On August 9, 2006, four firm members (one Partner, two Associates and one Case Assistant) attended a meeting.  The total time spent including any preparation time 12.80 hour for a total fee of $4,326.00.

| 8/9/2006 | David E Mendelson | 10.50 | Review documents to prepare for conference with expert (3.5); confer with expert re same (2.1);.................. |
| 8/9/2006 | Brian T Stansbury | 3.10 | .........; confer with expert, S. Rein and D. Mendelson re expert report (2.0). |
| 8/9/2006 | Stephanie A Rein | 6.50 | ...........; prepare for conference with expert (4.0). |
| 8/9/2006 | Evan C Zoldan | 7.00 | Confer with expert witness (1.2);............. |

7.   On August 10, 2006, six firm members (three Partners, two Associates and one Legal Assistant) attended a meeting in Pittsburgh.  The total time spent including any preparation and non-working travel time was 30.30 hours[4] for a total fee of $15,212.50.

| 8/10/2006 | Deanna D Boll | 3.80 | Participate in PD claims conference (1.1);............ |
| 8/10/2006 | Salvatore F Bianca | 3.90 | Team conference re PD claims. |
| 8/10/2006 | Michael A Rosenberg | 8.30 | PD team conference (5.0);........... |
| 8/10/2006 | Samuel Blatnick | 4.30 | Confer with D. Bernick, M. Rosenberg, L. Esayian, R. Smith, S. Bianca and Canadian counsel re PD matters. |
| 8/10/2006 | David M Bernick, P.C. | 9.30 | Confer with PD team (4.0); prepare for same (1.5); ............ |
| 8/10/2006 | Lisa G Esayian | 5.50 | Confer with D. Bernick, K&E PD claims team, Reed Smith, Perkins Coie and Ogilvy Renault re PD claims issues (5.2);............ |
| 8/10/2006 | Salvatore F Bianca | 2.30 | Travel to and from Pittsburgh, PA for PD conference (billed at half time). |
| 8/10/2006 | Samuel Blatnick | 2.00 | Travel to Pittsburgh, PA for PD conference (billed at half time). |

---

[4] Time for this entry was located in two project categories - (i) Claims Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

| 8/10/2006 | David M Bernick, P.C. | 1.00 | Travel to Pittsburgh, PA for PD conference (billed at half time). |

8.  On August 29, 2006, six firm members (three Partners, one Associate and two Case Assistants) attended a mediation.  The total time spent including any preparation time was 84.70 hours for a total fee of $33,885.50.

| 8/22/2006 | Amanda C Basta | 9.50 | ………………; analyze questionnaire responses in preparation for discovery mediation (3.0);.......... |
| 8/23/2006 | Amanda C Basta | 10.90 | .............; analyze questionnaires in preparation for discovery mediation (3.5);.......... |
| 8/24/2006 | Barbara M Harding | 2.00 | Review documents in preparation for conference with Equity Committee and Unsecured Creditors' Committee. |
| 8/25/2006 | David E Mendelson | 8.70 | .................; prepare materials for mediation (.6);......... |
| 8/25/2006 | Barbara M Harding | 6.60 | .................; review documents and correspond with D. Mendelson and A. Basta re preparation for mediation session (2.1). |
| 8/27/2006 | David E Mendelson | 5.90 | Prepare materials for mediation (2.4);........... |
| 8/28/2006 | David E Mendelson | 10.70 | Prepare materials for mediation and confer with B. Harding re same (6.4);........... |
| 8/28/2006 | Amanda C Basta | 11.80 | ............;  analyze questionnaire responses and summarize same in preparation for discovery mediation (4.5); revise graphics in preparation for discovery mediation (.5);.............. |
| 8/28/2006 | Stephanie A Rein | 10.50 | .............; gather and organize materials for mediation (3.5);............ |
| 8/28/2006 | David M Boutrous | 11.00 | .............; confer with D. Mendelson and A. Basta re PI mediation (.7); prepare materials in preparation for PI mediation (3.5). |
| 8/28/2006 | Barbara M Harding | 9.10 | .............; prepare for mediation (2.6);............. |
| 8/29/2006 | David E Mendelson | 7.80 | Prepare for and attend mediation (7.4);......... |

| 8/29/2006 | Amanda C Basta | 11.10 | Analyze questionnaire responses and summarize same in preparation for discovery mediation (5.3); participate in discovery mediation (5.8). |
| 8/29/2006 | Stephanie A Rein | 9.80 | Prepare for mediation hearing (4.0); attend mediation hearing (2.0);........... |
| 8/29/2006 | David M Boutrous | 9.30 | ..............; assist D. Mendelson and A. Basta with PI mediation (2.9); prepare materials for PI mediation (5.0). |
| 8/29/2006 | Theodore L Freedman | 8.00 | Attend mediation on PI questionnaire. |
| 8/29/2006 | Barbara M Harding | 9.50 | Prepare for PI mediation (2.0); participate in mediation (5.9); confer with T. Freedman, D. Mendelson and A. Basta re same (1.1);............ |

9.   On August 21, 2006, eight firm members (six Partners and two Associates) attended a hearing. The total time spent including any preparation and non-working travel time was 178.30 hours[5] for a total fee of $103,694.50.

| 8/20/2006 | Janet S Baer | 2.00 | Travel from Chicago, IL to Wilmington, DE for August omnibus hearing (billed at half time). |
| 8/21/2006 | David M Bernick, P.C. | 2.00 | Travel to and from Pittsburgh, PA for hearing (billed at half time). |
| 8/22/2006 | Janet S Baer | 2.00 | Travel from Wilmington, DE to Chicago, IL after omnibus hearing (billed at half time). |
| 8/14/2006 | David E Mendelson | 1.70 | Confer with A. Basta and D. Boutrous re August omnibus hearing preparation (.5); review Rust analysis for purposes of hearing (1.2). |
| 8/14/2006 | Janet S Baer | 2.00 | Review files and prepare materials re Speights issues for August omnibus hearing. |
| 8/14/2006 | Lisa G Esayian | 0.50 | Confer with J. Baer re issues for August omnibus hearing. |

---

[5] Time for this entry was located in the following project categories - (i) Hearings and (ii) Travel Non-Working.

| 8/15/2006 | David E Mendelson | 2.20 | Review Rust analysis of various responses for purpose of preparing for August omnibus hearing. |
| 8/15/2006 | Janet S Baer | 1.50 | Review and organize additional materials re S&R objections for August omnibus hearing and revise outlines re same. |
| 8/15/2006 | Samuel Blatnick | 1.10 | Prepare materials for J. Baer and D. Bernick for August omnibus hearing. |
| 8/15/2006 | Amanda C Basta | 1.00 | Draft correspondence to experts re analysis in preparation for August omnibus hearing. |
| 8/15/2006 | Lisa G Esayian | 1.00 | Confer with Grace PD team re preparation for August omnibus hearing. |
| 8/15/2006 | Theodore L Freedman | 1.50 | Confer with client re preparation for Canada argument at hearing. |
| 8/16/2006 | David E Mendelson | 3.40 | Prepare slides for hearing (1.2); prepare materials for upcoming hearing (2.2). |
| 8/16/2006 | Janet S Baer | 1.50 | Confer re materials for August omnibus hearing and review same (.5); confer with D. Bernick re preparation for August omnibus hearing on all matters (.8); review August omnibus hearing agenda (.2). |
| 8/16/2006 | Samuel Blatnick | 5.50 | Prepare presentation materials for August omnibus hearing (4.6); confer with K&E PD team re August omnibus hearing matters (.9). |
| 8/16/2006 | Amanda C Basta | 9.50 | Analyze questionnaires in preparation for August omnibus hearing. |
| 8/16/2006 | David M Bernick, P.C. | 5.50 | Prepare for PD matters in omnibus hearing and confer re same. |
| 8/16/2006 | Barbara M Harding | 1.00 | Confer with D. Bernick and team re preparation for August omnibus hearing (.7); confer with A. Basta and D. Mendelson re same (.3). |
| 8/17/2006 | David E Mendelson | 3.00 | Draft memorandum re motion argument for motion to amend CMO and talking points for August omnibus |

|  |  |  | hearing (2.0); confer with A. Basta re preparation for upcoming hearing (.4); edit graphics for hearing (.6). |
|---|---|---|---|
| 8/17/2006 | Janet S Baer | 2.10 | Confer with D. Bernick re materials for August omnibus hearing (.3); assemble and review materials for August omnibus hearing for D. Bernick (1.5); review checklist re PD and PI issues for 8/21 hearing (.3). |
| 8/17/2006 | Samuel Blatnick | 7.70 | Review transcript from previous hearing and identify key portions relating to matters being heard at August omnibus hearing (3.3); research for and prepare memoranda and other materials for August omnibus hearing (4.4). |
| 8/17/2006 | Amanda C Basta | 3.00 | Draft graphics for omnibus hearing. |
| 8/17/2006 | David M Bernick, P.C. | 1.50 | Prepare for omnibus hearing. |
| 8/17/2006 | Lisa G Esayian | 1.30 | Confer with D. Bernick, R. Finke, J. Baer and Reed Smith team re issues re PD claims for August omnibus hearing. |
| 8/18/2006 | David E Mendelson | 2.00 | Confer with A. Basta re preparation for upcoming hearing (.6); review draft graphics for hearing and edit same (1.4). |
| 8/18/2006 | Janet S Baer | 5.20 | Review and assemble materials for August omnibus hearing (2.5); review agenda and confer re same (.3);.............; confer with D. Bernick re preparation for August omnibus hearing re PD and PI matters (1.0); confer with PD team re preparation for August omnibus hearing and PD task list projects (1.0). |
| 8/18/2006 | Samuel Blatnick | 4.80 | Confer with D. Bernick, J. Baer, M. Dierkes and L. Esayian re Grace August omnibus hearing (.8); confer with K&E PD team, R. Smith and Canadian counsel re 8/21/06 hearing matters (.8); prepare slides and other materials re same (3.2). |
| 8/18/2006 | Amanda C Basta | 2.80 | Draft graphics in preparation for August omnibus hearing (2.5); draft correspondence re same (.3). |

| 8/18/2006 | David M Bernick, P.C. | 2.50 | Prepare for omnibus hearing. |
|---|---|---|---|
| 8/18/2006 | Lisa G Esayian | 3.00 | Prepare various PD claims issues for August omnibus hearing. |
| 8/18/2006 | Theodore L Freedman | 1.00 | Prepare for oral argument re Canadian claims. |
| 8/19/2006 | David E Mendelson | 0.50 | Confer with A. Basta re materials for upcoming hearing and review/prepare materials for same. |
| 8/19/2006 | Samuel Blatnick | 3.40 | Research for and prepare slides, orders and other materials for August omnibus hearing. |
| 8/19/2006 | Amanda C Basta | 7.50 | Analyze questionnaire responses in preparation for August omnibus hearing (4.0); revise graphics for same (3.5). |
| 8/20/2006 | David E Mendelson | 3.80 | Prepare graphics and materials for August omnibus hearing and confer with A. Basta re same. |
| 8/20/2006 | Janet S Baer | 6.60 | Review various new materials and revise for omnibus hearing (.8); review all materials and organize in preparation for August omnibus hearing (1.0); prepare slide re 4/07 hearing on claims (.3); review correspondence and prepare materials for D. Bernick re claims and August omnibus hearing preparation (1.5); review transcripts and other materials re Anderson Memorial matters for same (3.0). |
| 8/20/2006 | Amanda C Basta | 1.50 | Review questionnaire responses in preparation for August omnibus hearing (.5); revise graphics for same (1.0). |
| 8/20/2006 | David M Bernick, P.C. | 5.00 | Prepare for omnibus hearing. |
| 8/21/2006 | David E Mendelson | 4.10 | Attend portions of August omnibus hearing telephonically (3.5); finalize materials for same (.6). |
| 8/21/2006 | Janet S Baer | 13.40 | Prepare for August omnibus hearing on all issues (5.0); attend August omnibus hearing (8.0);................ |
| 8/21/2006 | Samuel Blatnick | 8.50 | Attend PD portions of August omnibus hearing telephonically (6.0); review Anderson Memorial |

|            |                      |       | pleadings and research re conditional class certification for argument at August omnibus hearing (1.2); research for and prepare hearing materials for same (1.3). |
|------------|----------------------|-------|------------------------------------------------------------------------|
| 8/21/2006  | Amanda C Basta       | 7.50  | Attend August omnibus hearing telephonically.                          |
| 8/21/2006  | David M Bernick, P.C. | 15.00 | Prepare for and attend omnibus hearing.                                |
| 8/21/2006  | Lisa G Esayian       | 7.00  | Attend August omnibus hearing in Wilmington, DE.                       |
| 8/21/2006  | Theodore L Freedman  | 6.50  | Participate in oral argument re Canadian claims re August omnibus hearing. |
| 8/21/2006  | Elli Leibenstein     | 5.00  | Attend August omnibus hearing.                                         |

10. On August 23, 2006, ten firm members (three Partners, four Associates and three Legal Assistants) attended a pre-trial conference. The total time spent including any preparation and non-working travel time was 48.00 hours[6] for a total fee of $20,468.00.

| 8/24/2006 | Terrell D Stansbury  | 9.80  | Attend status conference hearing (1.5);............. |
| 8/24/2006 | Tyler D Mace         | 9.10  | Attend  status conference before Judge Molloy (2.0);.............. |
| 8/24/2006 | Salvatore F Bianca   | 2.50  | Attend pretrial conference. |
| 8/24/2006 | Christopher C Chiou  | 9.50  | Attend status conference (1.7);.......... |
| 8/24/2006 | Brian T Stansbury    | 3.20  | Attend status hearing (2.5);.............. |
| 8/24/2006 | Laura E Mellis       | 12.00 | Attend pre-trial court hearing (3.1);............ |
| 8/24/2006 | Caroline V Dolan     | 10.00 | Attend pre-trial hearing (2.0);................ |
| 8/24/2006 | Ellen T Ahern        | 10.50 | Attend pretrial conference (2.2);................ |
| 8/24/2006 | Scott A McMillin     | 10.80 | Participate in pretrial conference (2.8);............ |

---

[6] Time for this entry was located in the following categories - (i) Montana Grand Jury Investigation and (ii) Criminal Travel Matter, No Third Parties.

| | | | |
|---|---|---|---|
| 8/24/2006 | Laurence A Urgenson | 11.50 | Develop arguments for pretrial conference (2.0); ................; represent client at pretrial conference (2.2); ............ |
| 8/25/2006 | Salvatore F Bianca | 3.30 | Return travel to Chicago, IL from Missoula, MT (billed at half time). |
| 8/25/2006 | Scott A McMillin | 3.10 | Travel back from hearings in Missoula, MT (billed at half time). |
| 8/26/2006 | Terrell D Stansbury | 4.20 | Return travel from Missoula, MT to Washington, DC (billed at half time). |
| 8/27/2006 | Tyler D Mace | 6.00 | Return travel to Washington, DC from Missoula, MT (billed at half time). |
| 8/27/2006 | Christopher C Chiou | 2.90 | Return travel from Missoula, MT to Alexandria, VA (billed at half time). |
| 8/27/2006 | Laurence A Urgenson | 4.00 | Return travel from Missoula, MT to Washington, DC (billed at half time). |

11. On September 1, 2006, four firm members (three Partners and one Associate) attended a conference. The total time spent including any preparation time 3.10 hour for a total fee of $1,579.00.

| | | | |
|---|---|---|---|
| 9/1/2006 | Brian T Stansbury | 6.90 | Confer with B. Harding, D. Marchant and expert re expert report (.5); ........... |
| 9/1/2006 | Dawn D Marchant | 6.50 | Confer with expert and B. Harding re expert report (1.3); ................ |
| 9/1/2006 | Barbara M Harding | 4.70 | .............; confer with expert, A. Running, D. Marchant and B. Stansbury re same (.8); ............ |
| 9/1/2006 | Andrew R Running | 1.10 | Confer with B. Harding, D. Marchant and expert re expert preparation (.5); ............. |

12. On September 6, 2006, four firm members (two Partners and two Associates) attended a discovery conference. The total time spent including any preparation time 14.20 hour for a total fee of $6,004.50.

| | | | |
|---|---|---|---|
| 9/2/2006 | David E Mendelson | 4.60 | Prepare for discovery conference (1.5); ............ |

| 9/6/2006 | David E Mendelson | 8.90 | Attend discovery conference (1.5); prepare for same (1.1);............... |
|----------|-------------------|------|--------------------------------------------------------------------------|
| 9/6/2006 | Amanda C Basta | 5.30 | Prepare for discovery conference (.6); participate in same (2.9);.............. |
| 9/6/2006 | Evan C Zoldan | 10.80 | Prepare documents for discovery conference (1.3); confer with D. Mendelson and B. Harding re same (.3); confer with B. Harding and committees re outstanding discovery matters (2.8);............... |
| 9/6/2006 | Barbara M Harding | 6.50 | ...............; confer with D. Mendelson, E. Zoldan and A. Basta re conference (1.0); confer with committee representatives, A. Basta and E. Zoldan re PI discovery issues (1.2);.................... |

13. On September 7, 2006, three firm members (all Partners) attended an expert conference in Washington, D.C..  The total time spent including any preparation and non-working travel time was 13.80 hours[7] for a total fee of $7,114.00.

| 9/7/2006 | Ellen T Ahern | 3.80 | ...............; confer with expert (.7). |
|----------|---------------|------|-------------------------------------------|
| 9/7/2006 | Barbara M Harding | 10.10 | .............; prepare for conference with expert, S. McMillin and E. Ahern (2.0); confer re same (3.3);.............. |
| 9/7/2006 | Scott A McMillin | 5.90 | .............; prepare for conference with expert (1.8); confer re same (2.0);........... |
| 9/6/2006 | Scott A McMillin | 2.00 | Travel to Washington, D.C. for conference with expert (billed at half time). |
| 9/7/2006 | Scott A McMillin | 2.00 | Travel back from conference with expert in Washington, D.C. (billed at half time). |

---

[7] Time for this entry was located in two project categories - (i) Claims Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

14. On September 15, 2006, five firm members (two Partners, two Associates and one Legal Assistant) attended a discovery conference in Washington, D.C. The total time spent including any preparation and non-working travel time was 32.20 hours[8] for a total fee of $12,617.50.

| 9/15/2006 | Amanda C Basta | 7.00 | Prepare for conference re discovery issues (3.8); participate in same (3.2). |
| 9/15/2006 | Brian T Stansbury | 8.00 | Confer with experts, B. Harding, S. McMillin and E. Ahern re expert report (2.5); confer with expert re expert report (3.0); confer with experts re expert development (1.5);............ |
| 9/15/2006 | Laura E Mellis | 6.50 | Assist E. Ahern, B. Stansbury and A. Basta during expert conferences. |
| 9/15/2006 | Ellen T Ahern | 9.00 | Participate in conferences with various experts re draft reports (2.7);.............. |
| 9/15/2006 | Scott A McMillin | 6.60 | Prepare for conferences with experts (2.2); confer with experts (2.8);.............. |
| 9/14/2006 | Scott A McMillin | 1.00 | Travel to Washington D.C. for expert conference (billed at half time). |
| 9/15/2006 | Amanda C Basta | 1.50 | Return travel from Philadelphia (billed at half time). |
| 9/15/2006 | Scott A McMillin | 1.50 | Return travel from expert conference in Washington, D.C. (billed at half time). |

15. On September 27, 2006, five firm members (three Partners, one Associate and one Legal Assistant) attended an expert conference in Washington, D.C. The total time spent including any preparation and non-working travel time was 27.60 hours[9] for a total fee of $12,001.50.

| 9/27/2006 | Brian T Stansbury | 9.30 | Confer with B. Harding, J. Hughes, S. McMillin, E. Ahern and T. Fitzsimmons re expert reports (5.4); confer with expert re expert report (.5);........... |

[8] Time for this entry was located in two project categories - (i) Claims Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

[9] Time for this entry was located in two project categories - (i) Claims Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

| 9/27/2006 | Timothy J Fitzsimmons | 9.00 | Participate in K&E conference with client re expert reports (4.8);........... |
| 9/27/2006 | Ellen T Ahern | 8.00 | .............; confer with expert re expert report (2.1); confer with client re expert reports and strategy (.5);........... |
| 9/27/2006 | Barbara M Harding | 13.80 | .............; prepare for conference with client re same (5.3); confer with client, S. McMillin, E. Ahern, B. Stansbury and T. Fitzsimmons re same (1.5);.............. |
| 9/27/2006 | Scott A McMillin | 8.00 | Prepare for conference with client re expert reports on non-estimation issues (2.8); confer with client re same (2.5);................. |
| 9/26/2006 | Scott A McMillin | 1.00 | Travel to Washington, D.C. for client conference (billed at half time). |
| 9/27/2006 | Scott A McMillin | 1.20 | Return travel from client conference in Washington, D.C. (billed at half time). |

16. On September 11, 2006, eight firm members (four Partners, two Associates, one Legal Assistant and one Case Assistant) attended a hearing. The total time spent including any preparation and non-working travel time was 247.00 hours[10] for a total fee of $115,095.50.

| 9/5/2006 | David E Mendelson | 1.20 | Prepare slides for hearing and confer with A. Basta and B. Harding re same. |
| 9/6/2006 | David E Mendelson | 2.50 | Review and edit slides for hearing (2.2); confer with M. Utgoff re same (.3). |
| 9/6/2006 | Salvatore F Bianca | 3.80 | Create graphics for 9/11 hearing (2.5); confer with B. Harding, D. Mendelson, A. Basta and L. Mellis re same (.8); review materials re same (.5). |
| 9/6/2006 | Amanda C Basta | 3.30 | Draft content for slide presentation for hearing re motion to compel (3.0); draft correspondence re same (.3). |
| 9/6/2006 | Laura E Mellis | 0.50 | Confer with D. Mendelson re hearing slides. |

---

[10] Time for this entry was located in the following project categories - (i) Hearings and (ii) Travel Non-Working.

| 9/6/2006 | David M Bernick, P.C. | 5.50 | Prepare for 9/11 hearing (4.0); confer with team re same (1.5). |
|----------|----------------------|------|------------------------------------------------------------------|
| 9/6/2006 | Barbara M Harding | 1.70 | Review documents and confer with D. Mendelson, A. Basta and S. Bianca re draft graphics for 9/11 hearing. |
| 9/7/2006 | David E Mendelson | 4.40 | Prepare materials for 9/11 hearing. |
| 9/7/2006 | Salvatore F Bianca | 7.40 | Confer with J. Baer re 9/11 hearing preparation (.4); create graphics for 9/11 hearing (5.5); confer re same (1.5). |
| 9/7/2006 | Amanda C Basta | 10.00 | Revise graphics for September 11 hearing re motion to compel (7.8); review and analyze data re questionnaire responses in preparation for hearing re motion to compel (1.2); finalize summary of issues for hearing (1.0). |
| 9/7/2006 | Stephanie A Rein | 6.50 | Prepare materials for hearing (5.5); confer with D. Mendelson and A. Basta re hearing preparation (1.0). |
| 9/7/2006 | Laura E Mellis | 6.00 | Assist A. Basta in preparation of hearing slides. |
| 9/8/2006 | David E Mendelson | 4.60 | Prepare materials for 9/11 hearing (4.4); confer with expert re same (.2). |
| 9/8/2006 | Salvatore F Bianca | 10.00 | Confer with J. Baer re 9/11 hearing (.5); review materials re motion to compel for hearing (2.6); create graphics for 9/11 hearing re motion to compel (4.9); confer with B. Harding, D. Mendelson, A. Basta, M. Utgoff and S. Michaels re same (2.0). |
| 9/8/2006 | Amanda C Basta | 10.00 | Review and revise graphics for 9/11 hearing re motion to compel (8.9); participate in team conference re 9/11 hearing (1.1). |
| 9/8/2006 | Stephanie A Rein | 9.00 | Cite-check 9/11 hearing slides (2.0);...........; organize, identify and prepare materials for hearing (6.0). |
| 9/8/2006 | Laura E Mellis | 9.70 | Revise 9/11 hearing slides (6.7); prepare materials for hearing (3.0). |

| 9/8/2006 | Barbara M Harding | 4.20 | Review documents to prepare for 9/11 hearing (1.2); draft, review and revise graphics and demonstratives for 9/11 hearing (2.3); confer with A. Basta and D. Mendelson re same (.7). |
|---|---|---|---|
| 9/9/2006 | David E Mendelson | 2.40 | Prepare and coordinate preparation for 9/11 hearing. |
| 9/9/2006 | Laura E Mellis | 0.50 | Confer with D. Mendelson and A. Basta re 9/11 hearing slides. |
| 9/9/2006 | David M Bernick, P.C. | 2.00 | Prepare for hearing. |
| 9/10/2006 | David E Mendelson | 6.30 | Prepare materials for 9/11 hearing and coordinate same (5.8); confer with A. Basta and S. Rein re same (.5). |
| 9/10/2006 | Salvatore F Bianca | 9.60 | Prepare for 9/11 hearing (9.0); confer re same (.6). |
| 9/10/2006 | Amanda C Basta | 7.00 | Prepare for 9/11 hearing re motion to compel. |
| 9/10/2006 | Laura E Mellis | 2.00 | Assist A. Basta and S. Bianca in preparation for 9/11 hearing. |
| 9/10/2006 | David M Bernick, P.C. | 8.00 | Prepare for 9/11 hearing. |
| 9/10/2006 | Theodore L Freedman | 4.50 | Prepare for 9/11 hearing. |
| 9/10/2006 | Barbara M Harding | 7.30 | Prepare for 9/11 hearing re exclusivity and motion to compel and confer with team re same. |
| 9/11/2006 | David E Mendelson | 6.40 | Attend hearing telephonically and prepare materials to be used at hearing. |
| 9/11/2006 | Salvatore F Bianca | 9.50 | Attend special hearing re exclusivity and motion to compel (7.0); prepare for hearing (2.5). |
| 9/11/2006 | Amanda C Basta | 10.00 | Prepare for hearing re motion to compel (3.0); attend hearing re questionnaire analysis (7.0). |
| 9/11/2006 | Stephanie A Rein | 17.00 | Prepare materials for and attend hearing. |
| 9/11/2006 | Laura E Mellis | 2.00 | Confer with D. Mendelson re hearing preparation (.5); assist S. Rein and A. Basta during hearing (1.5). |

| | | | |
|---|---|---|---|
| 9/11/2006 | David M Bernick, P.C. | 9.00 | Prepare for and attend hearing. |
| 9/11/2006 | Theodore L Freedman | 15.00 | Prepare for and participate in hearing. |
| 9/11/2006 | Barbara M Harding | 15.20 | Prepare for and attend hearing re exclusivity and motion to compel. |
| 9/10/2006 | Salvatore F Bianca | 1.50 | Travel from Chicago to Pittsburgh for hearing (billed at half time). |
| 9/10/2006 | Amanda C Basta | 2.00 | Travel from Washington D.C. to Pittsburgh for hearing (billed at half time). |
| 9/10/2006 | Stephanie A Rein | 2.00 | Travel from Washington, D.C. to Pittsburgh for hearing (billed at half time). |
| 9/10/2006 | David M Bernick, P.C. | 2.00 | Travel from Chicago to Pittsburgh for hearing (billed at half time). |
| 9/11/2006 | Salvatore F Bianca | 2.00 | Return to Chicago from Pittsburgh (billed at half time). |
| 9/11/2006 | Amanda C Basta | 2.00 | Return travel from hearing in Pittsburgh (billed at half time). |
| 9/11/2006 | David M Bernick, P.C. | 2.50 | Return travel from Pittsburgh to Chicago (billed at half time). |

17. On September 25, 2006, seven firm members (five Partners and two Associates) attended a hearing. The total time spent including any preparation and non-working travel time was 114.50 hours[11] for a total fee of $68,355.50.

| | | | |
|---|---|---|---|
| 9/8/2006 | Samuel Blatnick | 4.60 | Review and modify agenda for 9/25 hearing (.3); create binder of Anderson Memorial materials for 9/25 hearing (2.3); review and identify materials for inclusion in 9/25 hearing binders (2.0). |
| 9/19/2006 | Lisa G Esayian | 2.50 | Prepare materials re PD issues for 9/25 hearing and confer with J. Baer re hearing preparation. |

---

[11] Time for this entry was located in the following project categories - (i) Hearings and (ii) Travel Non-Working.

| | | | |
|---|---|---|---|
| 9/20/2006 | David M Bernick, P.C. | 5.50 | Confer with team re 9/25 omnibus hearing (2.6); prepare for 9/25 omnibus hearing (2.9). |
| 9/20/2006 | Lisa G Esayian | 1.20 | Confer with D. Bernick and Grace team re PD issues for 9/25 hearing. |
| 9/21/2006 | Janet S Baer | 1.50 | Review and assemble materials for 9/25 omnibus hearing. |
| 9/21/2006 | David M Bernick, P.C. | 3.50 | Prepare for 9/25 omnibus hearing. |
| 9/21/2006 | Lisa G Esayian | 1.00 | Organize and annotate key Anderson Memorial materials for 9/25 hearing. |
| 9/22/2006 | Janet S Baer | 1.00 | Confer with S. Bianca and review correspondence re 9/25 hearing. |
| 9/22/2006 | Salvatore F Bianca | 0.30 | Confer with D. Bernick and S. Blatnick re 9/25 hearing preparation. |
| 9/22/2006 | Samuel Blatnick | 2.50 | Confer with S. Bianca and D. Bernick re hearing matters (.4); prepare materials for 9/25 hearing (2.1). |
| 9/22/2006 | David M Bernick, P.C. | 3.50 | Prepare for 9/25 omnibus hearing. |
| 9/22/2006 | Barbara M Harding | 2.30 | Draft correspondence and exhibits to prepare for omnibus hearing. |
| 9/23/2006 | Lisa G Esayian | 2.00 | Prepare for various PD claims issues for 9/25/06 hearing. |
| 9/24/2006 | Salvatore F Bianca | 6.90 | Prepare for 9/25 omnibus hearing (5.7); confer with D. Bernick, B. Harding, A Basta and S. Blatnick re same (1.2). |
| 9/24/2006 | Samuel Blatnick | 7.40 | Research for and prepare 9/25 hearing preparation materials. |
| 9/24/2006 | David M Bernick, P.C. | 4.00 | Prepare for 9/25 omnibus hearing. |
| 9/24/2006 | Barbara M Harding | 5.40 | Review documents and draft presentation materials re 9/25 omnibus hearing and correspond with A. Basta, |

|  |  |  | D. Bernick, L. Mellis, S. Bianca and consultants re same. |
|---|---|---|---|
| 9/25/2006 | Janet S Baer | 9.00 | Prepare for 9/25 omnibus hearing and confer re same (4.5); participate in September omnibus hearing (4.5). |
| 9/25/2006 | Salvatore F Bianca | 3.40 | Attend omnibus hearing via telephone. |
| 9/25/2006 | Samuel Blatnick | 7.50 | Assist D. Bernick in preparation for hearing (3.0); attend 9/26 hearing (4.5). |
| 9/25/2006 | David M Bernick, P.C. | 9.00 | Prepare for and attend omnibus hearing. |
| 9/25/2006 | Lisa G Esayian | 9.50 | Confer with D. Bernick re hearing preparation for PD issues and participate in omnibus hearing. |
| 9/25/2006 | Theodore L Freedman | 2.00 | Participate in telephonic court hearing. |
| 9/25/2006 | Barbara M Harding | 9.50 | Prepare for and participate in omnibus hearing. |
| 9/25/2006 | Janet S Baer | 3.00 | Travel to Delaware for September omnibus hearing (billed at half time) (1.5); travel from Delaware back to Chicago after same (1.5) (billed at half time). |
| 9/25/2006 | Samuel Blatnick | 4.50 | Travel to Delware for hearing (1.8) (billed at half time); return travel from Delware (2.7) (billed at half time). |
| 9/25/2006 | David M Bernick, P.C. | 2.00 | Travel to Delaware for omnibus hearing (billed at half time). |

Exhibit B

    1.  During the application period HB spent a total of 1.70 hours for a total fee of $476.00 on firm conflict checks.

| 7/11/2006 | Holly Bull | 2.00 | ............; review and respond to conflict query (.2);........ |
|---|---|---|---|
| 7/14/2006 | Holly Bull | 4.80 | ..............; correspond re conflicts and disclosure issues for purposes of supplemental affidavits (.4); review related memoranda (.3). |
| 7/24/2006 | Holly Bull | 1.60 | ............; respond to several conflicts-related inquiries (.4). |
| 7/31/2006 | Holly Bull | 4.40 | .......................; correspond with E. Kratofil re conflicts/disclosure status and issues (.4);......... |

    2.  During the application period HB and LAS (Of Counsel and Restructuring Conflict Coordinator) spent a total of 26.30 hours for a total fee of $5,312.00 on firm conflict checks.

| 8/4/2006 | Holly Bull | 3.90 | ..............; review recent conflicts memoranda re 20th supplemental affidavit (.5)............. |
|---|---|---|---|
| 8/14/2006 | Linda A Scussel | 1.00 | Conduct conflicts analysis update for creditors submitted as vendors. |
| 8/15/2006 | Linda A Scussel | 4.00 | Conduct conflicts analysis update for creditors submitted as vendors. |
| 8/15/2006 | Holly Bull | 0.90 | ..............; respond to several conflicts queries (.3);............ |
| 8/16/2006 | Linda A Scussel | 5.00 | Conduct conflicts analysis update for creditors submitted as vendors (3.7); conduct conflicts analysis update for creditors submitted as letters of credit providers (1.0); conduct conflicts analysis update for parties submitted as directors and officers (.3). |
| 8/16/2006 | Holly Bull | 4.40 | ..........; confer with E. Kratofil and L. Scussel re conflicts and disclosure matters (.5);........... |
| 8/17/2006 | Linda A Scussel | 1.00 | Conduct conflicts analysis update for parties submitted as directors and officers. |

| 8/21/2006 | Linda A Scussel | 2.50 | Conduct conflicts analysis update for creditors submitted as bank creditors. |
| 8/21/2006 | Holly Bull | 2.30 | ..........; respond to several conflicts-related queries (.4);........... |
| 8/22/2006 | Linda A Scussel | 0.30 | Conduct conflicts analysis update for creditors submitted as bank creditors. |
| 8/22/2006 | Holly Bull | 2.60 | ..........; respond to several conflicts-related queries (.5);.......... |
| 8/25/2006 | Holly Bull | 2.40 | ................; address conflicts and disclosure related issues and correspond with E. Kratofil re same (.8);.............. |
| 8/28/2006 | Linda A Scussel | 3.50 | Conduct conflicts analysis update for creditors submitted as bank creditors. |
| 8/29/2006 | Linda A Scussel | 2.30 | Conduct conflicts analysis update for creditors submitted as bank creditors. |
| 8/29/2006 | Holly Bull | 1.60 | .............; prepare conflicts and disclosure action list re claims objections, next supplemental affidavit (.6);.......... |
| 8/30/2006 | Holly Bull | 1.10 | ...............; correspond with L. Scussel re new conflicts searches and report and review materials re same (.8). |
| 8/31/2006 | Linda A Scussel | 2.00 | Conduct conflicts analysis update for creditors submitted as 5% equity holders (.5); conduct conflicts analysis update for creditors submitted as insurers (1.5). |
| 8/31/2006 | Holly Bull | 1.20 | ................; correspond with L. Scussel re conflicts search matters (.3). |

3.  During the application period HB and EJK (Of Counsel and Restructuring Specialist) spent a total of 37.90 hours for a total fee of $9,702.00 on firm conflict checks.

| 9/5/2006 | Holly Bull | 1.80 | Review conflicts results and reports re 17th omnibus claims objection and correspond with L. Scussel, E. Kratofil re same (1.4);............. |
| 9/6/2006 | Holly Bull | 5.80 | Review and follow up on conflicts and waiver letter issues for 17th omnibus claims objection (3.1);.........; confer and correspond with E. Kratofil re conflicts issues re 17th omnibus objection (.6); correspond with L. Scussel re same (.5). |
| 9/8/2006 | Ellen J Kratofil | 1.50 | Perform search and analysis re debtor affiliates for 20th supplemental affidavit. |
| 9/11/2006 | Holly Bull | 2.70 | Correspond with E. Kratofil and L. Scussel re conflicts follow-up procedures re 20th supplemental affidavit (.4); respond to several conflicts queries (.4); review updated conflicts results for 20th supplemental affidavit and follow up re same (1.9). |
| 9/14/2006 | Ellen J Kratofil | 1.50 | Update conflicts tracking chart re 17th omnibus claims objectees. |
| 9/14/2006 | Holly Bull | 4.80 | Analyze and address issues re updated conflicts searches on multiple affidavit categories (2.1); address and follow up on conflicts-related matters re 17th supplemental affidavit (2.7). |
| 9/15/2006 | Ellen J Kratofil | 2.50 | ................; review and follow up on various conflicts replies (.8). |
| 9/18/2006 | Ellen J Kratofil | 2.50 | Review and follow-up on various conflicts issues re 17th omnibus claims objection and 20th supplemental affidavit. |
| 9/18/2006 | Holly Bull | 3.70 | Review, consider and respond to several conflicts queries (.4); review and follow up on additional replies received re conflicts issues re 17th omnibus claims objection (1.2);............... |
| 9/19/2006 | Holly Bull | 3.50 | .............; review correspondence and materials re updated conflicts searches and follow up re same (1.9);............. |

| | | | |
|---|---|---|---|
| 9/20/2006 | Holly Bull | 4.00 | ...........; review reports for same (1.8);........... |
| 9/21/2006 | Holly Bull | 4.40 | ...............; review additional update searches for same (.8);.............. |
| 9/22/2006 | Holly Bull | 6.90 | ...................; review and annotate multiple update searches for 20th supplemental affidavit (1.9). |
| 9/25/2006 | Ellen J Kratofil | 2.50 | Review information re 20th supplemental affidavit (.7);............. |
| 9/25/2006 | Holly Bull | 5.60 | .................; complete review of multiple update searches for 20th supplemental affidavit and follow up re same (1.9). |
| 9/26/2006 | Ellen J Kratofil | 3.50 | Update conflicts tracking chart re new client connections from update search. |
| 9/27/2006 | Ellen J Kratofil | 2.50 | Draft and distribute conflict correspondence re new client connection for disclosure (1.4); review conflict replies re same (1.1). |
| 9/27/2006 | Holly Bull | 5.60 | Correspond with E. Kratofil re disclosure issues for 20th supplemental affidavit (1.5);........... |
| 9/28/2006 | Holly Bull | 8.40 | ...............; correspond with B. Portillo re conflicts projects (.4). |

Exhibit C

| 7/31/2006 | Daniel T Rooney | 8.50 | Prepare criminal trial logistics. |
| 8/1/2006 | Daniel T Rooney | 4.00 | Address and prepare logistical arrangements related to Montana trial site. |
| 8/1/2006 | Laura E Mellis | 7.00 | ..................; confer with D. Rooney re trial logistics (2.0); prepare for cross file assembly (4.0). |
| 8/2/2006 | Terrell D Stansbury | 7.50 | ..............; prepare logistics re trial database (1.5). |
| 8/2/2006 | Daniel T Rooney | 10.00 | Confer with ALPS team re logistical arrangements for trial space (3.1); confer with D. Vanderport re computer assets required for trial (6.9). |
| 8/3/2006 | Terrell D Stansbury | 9.00 | ........; prepare logistics re trial site and documents (1.5). |
| 8/3/2006 | Daniel T Rooney | 2.00 | Address logistical issues in preparation for criminal trial. |
| 8/3/2006 | Scott A McMillin | 7.80 | ...........; confer re trial logistics (.3). |
| 8/4/2006 | Terrell D Stansbury | 8.50 | Confer re logistics for trial (1.0);.......... |
| 8/4/2006 | Daniel T Rooney | 7.00 | Address and prepare logistical arrangements for Montana trial site. |
| 8/4/2006 | Scott A McMillin | 6.70 | Confer re trial logistics (1.8);............ |
| 8/4/2006 | Laurence A Urgenson | 8.10 | Confer with K&E team re trial logistics (.5);........... |
| 8/5/2006 | Daniel T Rooney | 2.00 | Attend to logistical arrangements related to Montana trial site. |
| 8/6/2006 | Scott A McMillin | 0.60 | ...........; confer re trial logistics (.2). |
| 8/7/2006 | Marvin R Gibbons, Jr. | 2.00 | Attend to issues re remote trial office. |
| 8/7/2006 | Daniel T Rooney | 10.00 | Confer with ALPS team and vendors re trial site office (7.8); confer with D. Vanderport re trial graphics and personnel (2.2). |

| 8/7/2006 | Robert D Higginbotham | 7.00 | Attend to issues re trial site. |
|----------|-----------------------|------|--------------------------------|
| 8/7/2006 | Maxwell Shaffer | 3.50 | Attend to issues re trial site and logistics for criminal trial. |
| 8/8/2006 | Marvin R Gibbons, Jr. | 10.00 | Prepare remote trial site matters. |
| 8/8/2006 | Robert D Higginbotham | 12.00 | Prepare Montana trial site. |
| 8/9/2006 | Marvin R Gibbons, Jr. | 10.00 | Prepare remote trial office. |
| 8/9/2006 | Terrell D Stansbury | 7.50 | ............; prepare logistics re trial site (.5). |
| 8/9/2006 | Daniel T Rooney | 10.80 | Confer with S. McMillin re witness files and trial logistics (1.5);............; coordinate logistical arrangements for Montana trial site (3.3). |
| 8/9/2006 | Robert D Higginbotham | 7.00 | Set up and prepare Montana trial site. |
| 8/10/2006 | Marvin R Gibbons, Jr. | 11.00 | Set up and prepare materials at remote trial office. |
| 8/10/2006 | Daniel T Rooney | 9.50 | Prepare logistical arrangements for Montana trial site (4.5);..................... |
| 8/10/2006 | Robert D Higginbotham | 7.00 | Set up and prepare Montana trial site. |
| 8/11/2006 | Marvin R Gibbons, Jr. | 11.00 | Attend to issues re remote trial office and set up same. |
| 8/11/2006 | Robert D Higginbotham | 10.50 | Prepare Montana trial site and attend to issues re same. |
| 8/12/2006 | Marvin R Gibbons, Jr. | 10.00 | Attend to issues re remote trial office and set up same. |
| 8/12/2006 | Daniel T Rooney | 3.00 | Attend to logistical issues related to Montana trial site. |
| 8/13/2006 | Marvin R Gibbons, Jr. | 5.00 | Attend to issues re remote trial office and set up same. |
| 8/14/2006 | Marvin R Gibbons, Jr. | 12.00 | Attend to issues re remote trial office and set up same. |

| Date | Name | Hours | Description |
|------|------|-------|-------------|
| 8/14/2006 | Daniel T Rooney | 10.00 | Attend to issues re and set up Missoula trial site. |
| 8/14/2006 | Maxwell Shaffer | 4.00 | ..............; assist with issues re set up of trial site (2.0). |
| 8/14/2006 | Laura E Mellis | 4.00 | Confer with M. Gibbons re trial office issues (1.5); confer with B. Stansbury, B. Giroux and M. Utgoff re same (2.5). |
| 8/15/2006 | Marvin R Gibbons, Jr. | 11.00 | Attend to issues re remote trial office and set up same. |
| 8/15/2006 | Daniel T Rooney | 15.50 | Attend to issues re Missoula trial site and set up same. |
| 8/15/2006 | Brian T Stansbury | 8.40 | Organize trial site (7.1);........... |
| 8/15/2006 | William B Jacobson | 6.50 | Attend to issues re set-up of trial office space, including conferences with vendors and staff (1.5);............. |
| 8/15/2006 | Laura E Mellis | 9.00 | ...................; confer with team re trial site issues (2.0); attend to issues re trial site office (1.5); organize trial site office (3.5). |
| 8/15/2006 | Britton R Giroux | 7.50 | Confer with B. Stansbury re trial site (4.0); prepare trial site (1.5);............. |
| 8/16/2006 | Marvin R Gibbons, Jr. | 11.00 | Attend to issues re remote trial office and set up same. |
| 8/16/2006 | Daniel T Rooney | 10.00 | ...............; coordinate trial office set up for other members of joint defense team (1.5). |
| 8/16/2006 | Maxwell Shaffer | 9.00 | ............; set up offices for trial (1.0);............. |
| 8/16/2006 | Laura E Mellis | 12.50 | .............; attend to issues re set up of trial site office (2.5);................ |
| 8/16/2006 | Caroline V Dolan | 10.50 | ............; organize matters at trial site (6.0). |
| 8/17/2006 | Marvin R Gibbons, Jr. | 11.00 | Attend to matters re set up of remote trial office. |

| | | | |
|---|---|---|---|
| 8/17/2006 | Daniel T Rooney | 11.00 | Set up trial office and network for members of joint defense team (6.5); confer with joint defense team (1.0);............... |
| 8/21/2006 | Daniel T Rooney | 16.50 | Prepare trial offices and network for joint defense group firms (5.7); prepare witness files (4.3); attend trial offices issues (1.8);............ |
| 8/21/2006 | Scott A McMillin | 12.70 | ............; address logistics for trial (2.0);............ |
| 8/22/2006 | Daniel T Rooney | 12.30 | Assist joint defense firms with office and network issues (5.5);................. |
| 8/28/2006 | Marvin R Gibbons, Jr. | 9.00 | Organize and break down remote trial office. |
| 8/28/2006 | Laura E Mellis | 8.50 | Organize and break down trial site office. |
| 8/29/2006 | Marvin R Gibbons, Jr. | 11.50 | Review materials and organize for break down of remote trial office. |
| 8/29/2006 | Daniel T Rooney | 11.30 | Review materials and organize to break down trial site. |
| 8/29/2006 | Maxwell Shaffer | 11.50 | Organize and index materials for graphics call outs (2.0); organize materials to break down trial site (9.5). |
| 8/29/2006 | Laura E Mellis | 7.80 | Organize materials for break down of trial site office. |
| 8/30/2006 | Marvin R Gibbons, Jr. | 10.00 | Organize materials for break down of remote trial office. |
| 8/30/2006 | Daniel T Rooney | 10.50 | Organize materials for break down of trial site. |
| 8/31/2006 | Marvin R Gibbons, Jr. | 8.00 | Organize materials to break down remote trial office. |
| 8/31/2006 | Daniel T Rooney | 7.50 | Review and organize materials for break down of remote trial office. |

Response Exhibit 1

1.    Attendance at Conferences and Hearings (¶ 3)

The Initial Report requests greater explanation concerning multiple professionals' attendance at, and preparation for, twelve conferences and five hearings. The following lettered paragraphs explain the topic(s) of each conference or hearing and the need for each professional's participation therein.  As has been explained before, it is not K&E's routine practice to have multiple K&E attorneys at conferences and hearings.  When multiple professionals participated in a conference, they did so because: (a) K&E made the conscious decision that it was more advantageous to have multiple professionals participate, rather than relying on information to "flow down" after the conference had concluded, and/or (b) a particular professional's input was required for certain portions of the conference.  In the latter case, that professional only participated in the relevant portions of the conference at issue.  In the case of hearings, in each instance that a particular professional participated, it was because that individual brought particular expertise and issue preparation to the hearing, and so his/her presence was critical.

Multiple professionals' participation/attendance at certain conferences has been particularly important in these Chapter 11 cases, because of the multiple proceedings pending in multiple forums, all of which are ultimately connected to these Chapter 11 cases.  It is critical that, for example, members of the criminal defense team meet regularly and coordinate with the asbestos personal injury ("PI") team, as many of the matters addressed in the defense of the criminal indictment will relate directly to the allowance and viability of certain PI claims.  In addition, discovery ongoing in the criminal case is running parallel with discovery in the PI estimation and coordination of these efforts has been necessary.

This reasoning will be further explained below, in the context of each individual questioned conference and hearing.

(a)    July 27, 2006 conference (Interim Report, Exhibit A, Item 1)

Bianca/ Blatnick/ Baer/ Dierkes/ Rosenberg/ Bernick/ Browdy

The July 27th conference was a key joint conference of the client, the asbestos property damage ("PD") team attorneys, attorneys from Reed Smith (the Debtors' traditional PD trial counsel), California counsel (the Debtors' traditional PD counsel for California claims) and Canadian counsel regarding PD claims estimation status, including developing a strategy for addressing the PD claims and a comprehensive roadmap for reaching those goals and assigning responsibilities for those tasks.  The time inquiries in question in the Initial Report relate to preparation time on July 26 and the conference itself on July 27.  Mr. Bernick participated in his role as senior attorney and quarterback of the entirety of the Debtors' cases across all forums (civil and criminal).  Ms. Browdy was in attendance as she was the senior litigation partner overseeing the PD process.  I attended in my role as restructuring partner working with the PD team.  Mr. Dierkes and Mr. Blatnick participated in their roles as the primary litigation associates on the PD Phase II

estimation sub-group.  Mr. Blatnick is in charge of limitation issues and Mr. Dierkes is in charge of hazard-related issues and experts.  Mr. Bianca attended as restructuring associate on the PD Phase II estimation team who was most familiar with the PD claims and product identification witnesses and issues.  Mr. Rosenberg attend in his role as legal assistant steeped in both the individual PD claims and the overall PD claims database and resolution process.

(b)    July 24, 2006 hearing (Interim Report, Exhibit A, Item 2)

Browdy/ Baer/ Mendelson/ Basta/ Harding/ Bernick/ Boll/ Bianca/ Blatnick/    Freedman

Mr. Bernick, Ms. Browdy and I attended and participated in this omnibus hearing.  Mr. Bernick presented the status report on the mediation and consensual plan discussions.  Mr. Bernick also argued the Debtors' motion for an order establishing a bar date for PI claims and presented the status reports on PI claims and questionnaires.  The Debtors' motion to extend exclusivity was also set for this hearing and Mr. Bernick was prepared to present the argument with respect to exclusivity extension.  However, this matter was continued to a later hearing.  Ms. Browdy, as the lead PD team partner, presented the Debtors' motion for a scheduling order regarding certain of the Debtors' objections to PD claims and presented the status report regarding PD claims and certain PD matters.  I addressed certain pure bankruptcy-related motions.  Ms. Harding, the lead litigation partner on the PI team, and Mr. Mendelson, the junior litigation partner on the PI team, attended (telephonically) the portions of the hearing relating to PI matters.  Mr. Freedman and Ms. Boll, restructuring partners on the plan and exclusivity team, attended (telephonically) certain portions of the hearing including those related to exclusivity and the plan process.  Mr. Freedman also has been working with Grace regarding the Canadian PD claims and was in attendance to help prepare and support the presentation regarding those claims.  Associates on the PI and PD teams, Mr. Bianca, Ms. Basta and Mr. Blatnick, assisted in preparation of various materials for the hearing and attended (telephonically) the portions of the hearing related to the matters in which s/he was involved.

(c)    July 5-7, 2006 joint defense conferences (Interim Report, Exhibit A, Item 3)

Mace/ Harding/ Chiou/ Jacobson/ Urgenson

The July 5th-7th conferences were "joint defense" telephone conferences scheduled for the K&E criminal defense team and the other law firms representing Grace and seven former Grace employees in preparation for the hearing on the defendant's pretrial motions to exclude the government's expert witness testimony and scientific evidence in the criminal trial originally scheduled to commence on September 11, 2006, in Missoula, Montana.  The charges related to the Debtors' former vermiculite mining and processing activities in Libby, Montana, as well as to events arising from EPA's cleanup of the Libby area, which began in November 1999.

Typically these calls are weekly but in this instance due to the hearing on the motions *in limine* set for two weeks later, the "joint defense" telephone conference extended over three days as it was necessary to coordinate the upcoming defense attorney arguments before Judge Molloy.

K&E attorneys on the criminal matter participate in these weekly conferences as matters specific to their area of responsibility are on the conference agenda. The joint defense conferences provide an opportunity for all criminal team co-counsel to discuss and coordinate various aspects of Grace's criminal defenses, including: review of discovery materials provided by the Government, discussion of research assignments, coordination of witness interviews, review of expert reports, and update of task lists. These conferences increasingly focused on trial strategy (including opening statements and the cross-examination of Government witnesses) as September 11, 2006 approached.

The weekly conferences also served as internal team meetings for the K&E criminal team, allowing partners to avoid the inefficiency of describing case status to various associates on multiple occasions. Since the joint defense conferences are generally in-person meetings for K&E (with other law firms participating via telephone), the meetings allow the team to coordinate work assignments for the upcoming week and discuss the status of in-progress projects.

Mr. Urgenson, the senior litigation partner on the criminal matter, is ultimately responsible for all of Grace's criminal defense efforts. He attended the July 5th-7th conferences in this capacity. Mr. Jacobson, the junior litigation partner on the criminal matter, manages the legal strategy, motions practice and factual development of Grace's defense. As such, his participation in this conference was necessary. Mr. Mace participated as the lead litigation associate on the criminal defense team, responsible for, among other things, the coordination of discovery and defense efforts with the individual defendants, as well as day-to-day management of the more junior associates assigned to the matter. Mr. Chiou participated in his role as junior litigation associate on the criminal matter, responsible for certain areas of legal research and specific factual development. He attended the July 5th-7th conferences in order to report on the outcome of his previous assignments and to receive new assignments. Finally, Ms. Harding attended in her role as the lead litigation partner on the PI team in order to be informed of substance and strategy underlying the motions at issue and the impact thereof on the PI portion of the bankruptcy case. Ms. Harding also served as the principal attorney arguing on behalf of Grace in support of its motion to exclude the government's scientific evidence.

(d)     July 12, 2006 meeting (Interim Report, Exhibit A, Item 4)

Harding/ Bianca/ McMillin/ Mace/ Stansbury/ Jacobson/ Bernick/ Urgenson

The July 12th meeting was a key in-person meeting of the K&E criminal defense team to prepare for the hearing on the approximately 25 motions *in limine* and to discuss the status and strategy for the September 11 criminal trial described in paragraph (c) above. The respective attorneys attended in their respective roles described under paragraph (c) above. Mr. McMillin participated in his role as criminal team partner responsible for expert development. Mr. Stansbury, a litigation associate on both the criminal and PI teams responsible for the development of expert reports, participated in that capacity. Mr. Bianca, a litigation associate on the criminal, PI and PD teams, participated as he was given responsibility for certain motions and related witnesses and for replying to several of the oppositions on the motions *in limine*. Each K&E attorney listed bore responsibility for one or more of the motions *in limine* (many of which related to expert issues) or replies and/or bore supervisory responsibility over all or some of the motions and replies.

Accordingly, each participated in order to update the team and discuss next steps towards preparing for the hearing. Mr. Bernick participated in order to provide his overall comments to the criminal team on the proposed strategy for the upcoming hearings. As discussed above, Mr. Bernick is both senior attorney and quarterback of the entirety of the Debtors' case, and thus it was particularly important that he both help formulate, and stay abreast of changes in, the developing strategy and trial theme of the criminal defense.

(e)     July 19-21, 2006 motions *in limine* hearings (Interim Report, Exhibit A, Item 5)

Stansbury/ Jacobson/ Harding/ McMillin/ Urgenson/ Bianca/ Mace/ Mellis/ Chiou

The July 19th-21st hearings were hearings scheduled solely to hear the over 25 motions *in limine* filed by Grace and by the Government in the criminal matter. The participating attorneys attended in their respective roles described under paragraphs (c) and (d) above. Different K&E attorneys were responsible for each motion or reply or bore supervisory responsibility over all or some of the motions and replies. To this end, Mr. McMillin, Mr. Urgenson, Mr. Jacobson and Ms. Harding each argued one or more motions.

Mr. Mace was in attendance in his capacity as senior litigation associate responsible for coordinating defense efforts within the joint defense. Mr. Mace and Mr. Chiou were also in Missoula to support the pretrial motion arguments of Mr. Urgenson and Mr. Jacobson. Over 25 motions were argued and Mr. Mace and Mr. Chiou provided legal research and factual support for Mr. Urgenson and Mr. Jacobson's arguments. Each of Mr. Stansbury and Mr. Bianca also spent a good deal of time helping the attorneys prepare for the hearings including reviewing and summarizing case law and preparing all hearing presentation slides. The presentations were adjusted and updated up to the start of the hearings, thus necessitating Mr. Stansbury's and Mr. Bianca's presence at the hearings.

Ms. Mellis, a legal assistant, spent time assisting the attorneys in their hearing preparations, assembling relevant case law at attorney request, and organizing hearing materials for the motions at issue. With so many motions at issue at these hearings, legal assistant support was particularly important to assist the attorneys in reviewing and organizing the materials. Ms. Mellis' presence at the hearing was equally vital, in order for her to assist the presenting attorneys with the necessary materials throughout the 3-day hearings. In addition, Ms. Mellis assisted the attorneys with follow-up work necessary after each of the hearing days.

(f)     August 9, 2006 meeting (Interim Report, Exhibit A, Item 6)

Mendelson/ Stansbury/ Rein/ Zoldan

The August 9th time entries listed in the Initial Report represents time related to two separate conferences. The first was an in-person conference in Philadelphia among D. Mendelson, B. Stansbury, S. Rein and a PI expert to discuss and provide comments to the expert's report on diagnostic standards. As discussed in paragraph (b) above, Mr. Mendelson is the junior litigation

partner on the PI team and participated as the partner ultimately responsible for this expert's report. Mr. Stansbury, a litigation associate on the PI team responsible for the preparation of this expert including review of literature and development of this expert's report, participated in that capacity. Ms. Rein, a litigation legal assistant, participated as she is responsible for the depository and day-to-day review of documents related to expert reports. Additionally, Ms. Rein took extensive notes during the meeting from which she created a PowerPoint presentation for the PI team.

Mr. Zoldan's time was spent in an unrelated conference with a different expert.

(g)    August 10, 2006 meeting (Interim Report, Exhibit A, Item 7)

Boll/ Bianca/ Rosenberg/ Blatnick/ Bernick/ Esayian

The August 10th conference was a joint conference of the asbestos property damage ("PD") team attorneys, attorneys from Reed Smith, California counsel and Canadian counsel regarding PD claims estimation status including developing a strategy for addressing the PD claims and a comprehensive roadmap for reaching those goals and assigning responsibilities for those tasks. Ms. Esayian was in attendance as she is now the senior litigation partner overseeing the PD process. Mr. Bernick, Mr. Blatnick, Mr. Bianca and Mr. Rosenberg participated in their roles as described in paragraph (a) above. Ms. Boll, a restructuring partner, was involved because of her knowledge of property damage claims and Canadian issues from the Babcock & Wilcox case.

(h)    August 29, 2006 mediation (Interim Report, Exhibit A, Item 8)

Basta/ Harding/ Mendelson/ Rein/ Boutrous/ Freedman

The August 29th mediation was a discovery mediation with a court-appointed mediator, Judge Roger Whelan, between the Debtors, counsel for asbestos PI claimants, the PI Committee, the Equity Committee and the Unsecured Creditors' Committee regarding estimation discovery disputes and the Debtors' motion to compel asbestos PI claimants to respond to the PI questionnaire involving approximately 25 law firms and in excess of 60,000 claims. The time inquiries in question in the Initial Report relate to preparation time on August 22nd through August 28th and the mediation itself on August 29th. Ms. Harding was the lead litigation partner handling the mediation. Mr. Mendelson and Ms. Basta participated in their roles as attorneys responsible for the PI questionnaire and assisted Ms. Harding in her preparation for the mediation including the review of questionnaires and drafting graphic presentations. Ms. Rein and Mr. Boutrous, litigation legal assistants, assisted Ms. Harding, Mr. Mendelson and Ms. Basta in preparing for the mediation. Ms. Rein attended a portion of the mediation in order for her to assist the presenting attorneys with the necessary materials. Mr. Freedman, a senior restructuring partner, attended the mediation to address any bankruptcy-specific questions.

(i)    August 21, 2006 hearing (Interim Report, Exhibit A, Item 9)

Baer/ Bernick/ Mendelson/ Esayian/ Blatnick/ Basta/ Freedman/ Bernick/ Harding/ Freedman/ Leibenstein

The matters heard at the August 21st omnibus hearing were numerous and quite complex. The hearing lasted approximately 7.5 hours. The matters up included the following: motion to amend the PI CMO, bar date motion for PI claims, motion to compel PI claimants to respond to the questionnaire, approval of a settlement agreement with Lloyd's Underwriters, objection to D. Slaughter's claim, motion for a scheduling order regarding certain of the Debtors' objection to PD claims including a discussion of Canadian jurisdictional issues, certain objections to Speights & Runyan PD claims and matters related to Anderson Memorial's motion for class certification.

Preparation for the hearing was extensive, and included legal research, preparation of PowerPoint presentations on numerous topics and review of Rust analysis of claims and factual information. Mr. Bernick conducted the portions of the hearing related to PD and PI matters. In addition to generally conducting the hearing and presenting certain bankruptcy-related issues, I argued the Lloyds settlement, to which there were numerous objections and addressed the notice of PD bar date materials as it pertains to Anderson Memorial. Ms. Esayian was in attendance as she is the senior litigation partner overseeing the PD process and supported Mr. Bernick's presentation regarding PD matters. Mr. Freedman, a senior restructuring partner, has been working with Grace regarding the Canadian PD claims and was in attendance to help prepare and support Mr. Bernick's presentation regarding those claims. Mr. Liebenstein is working directly with Grace's estimation experts and his attendance at the hearing was required to support Mr. Bernick. Ms. Harding participated in pre-hearing conferences regarding preparation for the hearing as she is the lead litigation partner on the PI team. Mr. Mendelson and Ms. Basta drafted presentations related to the PI matters and attended (telephonically) the portions of the hearing related to the matters in which s/he was involved. Mr. Blatnick drafted presentations related to the PD matters and attended (telephonically) the portions of the hearing related to the matters in which he was involved.

(j)    August 23, 2006 pre-trial conference (Interim Report, Exhibit A, Item 10)

Mace/ Bianca/ Chiou/ Mellis/ Dolan/ Ahern/ McMillin/ Urgenson/ T. Stansbury

The August 23, 2006 pre-trial conference was a massive pre-trial hearing before Judge Molloy regarding the September 11 criminal trial described in paragraph (c) above. Judge Molloy heard argument regarding the government's notice of appeal and request for a stay pending appeal. The attorneys and legal assistants attended in their respective roles described under paragraphs (c) and (d) above. Ms. Ahern, a litigation partner, attended the conference as she was assisting the criminal team on the scientific issues in the criminal trial. Additionally, Ms. Ahern attended as she is responsible for the PI causation experts and certain defensive discovery. As discussed in the prior responses, due to the overlap and necessity for coordinating strategy between the criminal defense team and the PI team, it often makes sense for attorneys from both of those teams to keep abreast of the status of each matter. Ms. Stansbury, a litigation legal assistant, and Ms. Dolan, a litigation case assistant, assisted the attorneys in their hearing preparations and their presence at the hearing was vital in order to assist the presenting attorneys with necessary materials.

(k)    September 1, 2006 conference (Interim Report, Exhibit A, Item 11)

Stansbury/ Marchant/ Harding/ Running

The September 1st conference was a telephone conference with Ms. Harding, Mr. Stansbury, Mr. Running, Ms. Marchant and an expert witness. The purpose of the conference was to review and analyze the expert's report regarding causation. Ms. Harding participated in her role as lead litigation partner on the PI team. Ms. Marchant, the junior litigation partner on the PI team, participated as the partner tasked with working with the causation experts. Mr. Stansbury attended in his role as senior associate responsible for expert reports and discovery; specifically, he attended in order to assist in developing the expert's report. Mr. Running, a litigation partner, participated in the conference as he was responsible for certain related defensive discovery responsibilities on the case.

     (l)     September 6, 2006 discovery conference (Interim Report, Exhibit A, Item 12)

Mendelson/ Basta/ Zoldan/ Harding

The September 6th conference was an in-person conference among the Debtors, the PI Committee and the FCR regarding Grace's responses to the PI Committee's and FCR's request for documentation and interrogatories. This conference was held in an attempt to resolve many months of discovery issues. Ms. Harding attended the conference as the lead litigation partner on the PI team and Mr. Mendelson attended a portion of the conference as the junior partner on the PI team. Mr. Zoldan and Ms. Basta assisted Ms. Harding in her preparation for the conference and attended the conference for the same purpose. Ms. Basta attended to address any issues specific to the production of third party documents and the Rust questionnaire database. Mr. Zoldan attended to address any issues specific to the Sealed Air documents and aggregate asbestos liability documents.

     (m)    September 7, 2006 expert conference (Interim Report, Exhibit A, Item 13)

Ahern/ Harding/ McMillin

The September 7th conference was an in-person conference among Ms. Harding, Mr. McMillin, Ms. Ahern and an expert witness. Ms. Harding participated in her role as lead litigation partner on the PI team. Ms. Ahern, a litigation partner, attended the meetings as she is responsible for the PI causation experts. Mr. McMillin, criminal team partner responsible for expert development, attended the meetings in order to stay informed of related PI expert issues. As discussed above and in prior responses, due to the overlap of scientific and expert issues and necessity for coordinating strategy between the criminal defense team and the PI team, it often makes sense for attorneys from both of those teams to meet, both with each other and with their mutual experts.

     (n)    September 15, 2006 discovery conference (Interim Report, Exhibit A, Item 14)

Basta/ Stansbury/ Mellis/ Ahern/ McMillin

These September 15th time entries actually represent one joint discovery conference and successive conferences in one day with different PI experts. The reasons for these meetings were: (1) to finalize the reports being prepared by the experts which were due approximately one week later, and (2) to allow PI team attorneys to stay informed of the status of all expert issues. The participating attorneys attended in their respective roles described under paragraphs (d), (h), and (m) above. Ms. Mellis, a PI team legal assistant, attended the conference in her role of assisting Mr. Stansbury with his expert witness identification and development responsibilities. Mr. McMillin, criminal team partner responsible for expert development, attended the discovery conference in his role described in paragraph (m) above. In addition, due to the stay of the criminal trial, Mr. McMillin and certain other criminal team members have subsequently joined the PI team to assist in preparation of similar experts and issues for the PI estimation.

(o)    September 27, 2006 expert conference (Interim Report, Exhibit A, Item 15)

Stansbury/ Fitzsimmons/ Ahern/ Harding/ McMillin

The September 27th conference was an in-person conference among Ms. Harding, Mr. McMillin, Mr. Stansbury, Ms. Ahern, Mr. Fitzsimmons and in-house attorneys of the Debtors held to review and analyze expert's draft reports for the PI estimation. The participating attorneys attended in their respective roles described under paragraphs (b), (d), (m) and (n) above.

Also attending was Mr. Fitzsimmons, a senior litigation legal assistant on the PI team, who has a strong science background and spends a good deal of time reviewing and analyzing various medical and other scientific reports. His presence at this conference was necessary in order for him to understand the scientific issues discussed by the experts, which understanding, in turn, allowed him to provide internal scientific guidance to criminal defense and PI team attorneys on some of the frequently-asked scientific issues.

.5 hours of Mr. Stansbury's time related to a separate conference with an expert regarding that expert's report. 2.1 hours of Ms. Ahern's time related to a separate conference with an expert regarding that expert's report.

(p)    September 11, 2006 hearing (Interim Report, Exhibit A, Item 16)

Mendelson/ Bianca/ Basta/ Mellis/ Bernick/ Harding/ Rein/ Freedman

The September 11th hearing was not a regularly scheduled omnibus hearing, but rather a specialized hearing scheduled solely to hear the Debtors' motion for an extension of exclusivity and the Debtors' motion to compel asbestos PI claimants to respond to the PI questionnaire. As discussed in paragraph (h) above, K&E attorneys attended a mediation on August 29th regarding the motion to compel. This hearing dealt with the issues that were not resolved through mediation with Judge Whelan. Mr. Bernick presented the very long and involved arguments with respect to exclusivity extension and the Debtors' motion to compel. As the only K&E attorney handling the hearing, Mr. Bernick had to spend considerable time in preparation. Ms. Harding, the lead litigation partner on the PI team, and Mr. Freedman, restructuring partner on the plan and exclusivity team,

attended the hearing to prepare and support Mr. Bernick's presentations. Mr. Mendelson, the junior partner on the PI team, attended (telephonically) the portions of the hearing relating to PI matters. Associates on the PI team, Mr. Bianca and Ms. Basta, assisted in preparation of various materials for the hearing including PowerPoint presentations under the supervision of Ms. Harding and Mr. Mendelson. The presentations were adjusted and updated up to the start of the hearings, thus necessitating Mr. Bianca and Ms. Basta's presence at the hearing. Ms. Mellis and Ms. Rein spent time assisting the attorneys in their hearing preparations including the preparation of the presentations. Ms. Rein's presence at the hearing was vital in order for her to assist the presenting attorneys with necessary materials.

     (q)     September 25, 2006 hearing (Interim Report, Exhibit A, Item 17)

     Blatnick/ Esayian/ Bernick/ Baer/ Bianca/ Harding/ Freedman

Mr. Bernick, Ms. Esayian, Ms. Harding, Mr. Blatnick and I attended and participated in this omnibus hearing. Mr. Freedman and Mr. Bianca attended telephonically. Mr. Bernick presented the major contested matters, which included the Debtors' motion for production of documents under Bankruptcy Rule 2004, objection to certain of Prudential's PD claims, objection to certain of Speights & Runyan PD claims, schedule for Canadian PD claims to comply with the Court's order, Anderson Memorial's motion for limited relief from the automatic stay, Anderson Memorial's motion for class certification, objections to the Court's August 31 PD CMO and a status report regarding PI questionnaires and related PI matters. I presented certain bankruptcy-related motions, and provided general support to Mr. Bernick on case issues. Ms. Harding, the lead litigation partner on the PI team, Mr. Freedman, restructuring partner on the plan and exclusivity team, and Ms. Esayain, lead litigation partner on the PD team, participated in the hearing to prepare and support Mr. Bernick's presentations. Additionally, associates Mr. Bianca and Mr. Blatnick assisted in the preparation of various materials for the hearings.

Response Exhibit 2

The Initial Report identifies a number of entries regarding firm conflicts checks to which the Fee Auditor suggests that conflicts checks are normally not compensable and requests an explanation as to why each of these entries should be compensable.

K&E believes that the time spent by Debtors' counsel during a Chapter 11 case complying with the heightened disclosure and conflicts rules of the Bankruptcy Code mandated by section 327 of the Bankruptcy Code and Bankruptcy Rule 2014 is compensable.

All of the time entries in Exhibit B constitute work performed under the direct mandate of the Bankruptcy Code. K&E was retained in this case pursuant to section 327 of the Bankruptcy Code. Section 327 mandates that all attorneys retained to represent a debtor must meet a distinct disinterestedness requirement and that they "not hold or present an interest adverse to the estate." 11 U.S.C. § 327; see also 11 U.S.C. 101(14) ("disinterested person" means that a person that "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.").

The court in In re Sterling Chemicals Holdings, Inc., recognized that the Bankruptcy Code imposes unique conflicts-related requirements on counsel and such conflicts checks are compensable. 293 B.R. 701, 703-04 (Bankr. S.D. Tex. 2003). The Bankruptcy Court for the Southern District of New York compared the situation to that in In re Rose Pass Mines, Inc. in which the Court of Appeals for the Fifth Circuit held that counsel for the trustee (or any professional hired under sections 327 or 1103) "should be entitled to reasonable compensation for preparation of fee applications and attendance at any necessary hearing [reasoning] that it would be 'penurious' for the Bankruptcy Court to impose rigid application requirements upon counsel as a condition of payment and yet not compensate the applicant for time and effort spent complying with the procedural requirements of the Code and Rules." 293 B.R. at 703 (discussing Rose Pass Mines, Inc. v. Howard (In re Rose Pass Mines, Inc.), 615 F.2d 1088 (5th Cir. 1980)). In addition, the Bankruptcy Court for the Northern District of New York held that, under the reasonable standard established by section 330, approximately 44 hours spent performing a conflicts check (totaling .05% of the firm's fee application) was reasonable and compensable. In re Bennett Funding Group, Inc., 213 B.R. 234 , 249-50 (Bankr. N.D.N.Y. 1997).

The requirement of a "disinterested" professional is not only valid at the time of the professional's retention but is an ongoing requirement that requires professionals to remain "disinterested." Case law has created a continuing duty to disclose connections as they are discovered or developed. See, e.g. In re Granite Partners, LP, 219 B.R. 22 (Bankr. S.D.N.Y. 1998). If the professionals do not disclose new connections, the Court may deny compensation pursuant to section 328. (Section 328 provides that "the court may deny the allowance of compensation for services and reimbursement of expenses of an professional persons . . . if, at any time during such professional persons' employment . . . such professional person is not a disinterested person, or

represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed."  11 U.S.C. § 328(c)).

Since K&E has an ongoing duty to remain "disinterested", K&E undertakes not only conflicts searches and analysis of new parties to the bankruptcy case but also must periodically repeat prior conflicts searches every 4 to 6 months to determine that there are no new connections.  It was disclosed in the affidavit supporting K&E's retention application that "K&E will periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, K&E will use reasonable efforts to identify such further developments and will promptly file a Supplemental Affidavit as Fed. R. Bankr. P. 2014(a) requires."

The time entries identified in <u>Exhibit B</u> pertain to conflicts searches and analysis of new parties to the bankruptcy case, conflicts searches and analysis of the holders of claims in which the Debtors intended to object in the 17th omnibus claims objection and replication of previous conflicts searches to confirm that there are no new facts or relationships.  Certain time entries also relate to preparation of K&E's 20th supplemental affidavit as required by Bankruptcy Rule 2014.  Finally, certain time entries pertain to maintenance of the list of potential conflicts which assists the Debtors' and the Debtors' ordinary course and retained professionals in complying with their obligations with respect to conflicts and other retention matters in the bankruptcy case.

Further, K&E represents that the time entries in <u>Exhibit B</u> which total approximately 65.9 hours (and total $15,490) is a reasonable amount to expend in the context of the size and complexity of this case.  The time entries are approximately 0.26% of the total fees for the Application.

The time entries in <u>Exhibit B</u> should also be compensable as the services not only are necessary to the administration of the case but also benefit the debtors' estate because debtors are able to hire large and sophisticated law firms to represent them.  <u>See</u> 11 U.S.C. §§ 330(4)(a)(ii)(I),(II).  As described in K&E's retention application in 2001, the Debtors sought to retain K&E because of K&E's "extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and because of its expertise, experience and knowledge practicing before bankruptcy courts . ." and because of "K&E's extensive experience in handling mass-tort litigation matters[.]"

Response Exhibit 3

The Initial Report identifies a number of time entries regarding trial logistics and trial site preparation. These time entries were related to the criminal trial described in paragraph (c) above. It was necessary for numerous firm members to spend this time due to the unique nature of the logistical hurdles for this trial. The joint defense trial team was extremely large and included not only K&E attorneys and paraprofessionals but also attorneys and paraprofessionals for the 7 joint defendants. When the trial site was set up and fully occupied, it became the largest law firm in the entire state of Montana.

K&E took the lead in setting up the trial space for the entire joint defense group of approximately 70 people. As Grace is paying the bills for the joint defense defendants, it was determined that it would be most efficient and economical for one trial site to be prepared and utilized for all parties. Only when necessary were attorneys involved in the actual trial logistics and trial site preparation. In most instances, K&E attorneys were only involved in the high-level discussions regarding the trial logistics and trial site preparation and the heavy lifting was handled by paraprofessionals with much lower billing rates.

Mr. Rooney, a senior litigation legal assistant took the lead in setting up the trial site with the assistance of Mr. Shaffer, a litigation project assistant, and Mr. Gibbons, K&E's trial set-up coordinator. Mr. Rooney traveled to the trial site to negotiate arrangements for the office space. K&E set up a complete networked computer system with internet connectivity, phone systems, electricity, copy machines and furniture (from desks and keyboards to trash cans). Numerous contracts regarding equipment and leases were negotiated. In addition, K&E attorneys and paraprofessionals were interfacing with the other joint defense group firms and their technology departments to ensure that all of the different firm's equipment and technology would work correctly.

Hundreds of boxes of documents were shipped from K&E's Chicago and DC offices. The materials needed to be organized for what was anticipated to be a 4 or 5 month trial. Ms. Stansbury was the legal assistant in charge of the assembly and organization of these materials. Ms. Mellis, Ms. Giroux, Ms. Dolan and Mr. Higginbotham assisted Ms. Stansbury with this enormous task.

The trial site set-up was being finalized in preparation for the September trial when the Government appealed certain rulings. Since it is anticipated that such appeals will delay commencement of the trial for at least a year, it was determined to be most cost-effective for the trial site to be broken down and for the parties to move out of the leased office space. Certain purchased materials and furniture were moved into storage. All boxes of documents were shipped back to K&E's Chicago or DC offices.

Response Exhibit 4

The Initial Report requests that K&E provide as much detail as possible regarding the consulting expense of $19,975.00. The consulting expert for this invoice was a medical doctor who reviewed and analyzed epidemiological materials for the Debtors.

The chart below outlines the services provided to the estate and further detail regarding the expenses:

| Invoice Dates and Services | Cost | Total |
|---|---|---|
| 06/21/06- 06/26/06- review epidemiological materials including conferences with E. Zoldan | $4,975.00 | $19,975.00 |
| 06/26/06- 06/28/06- review epidemiological materials including conferences with E. Zoldan | $5,000.00 | |
| 06/28/06-/06/29/06- review epidemiological materials | $5,000.00 | |
| 06/30/06-07/01/06- review epidemiological materials | $5,000.00 | |

For the above reasons, K&E respectfully requests approval of this consulting expert expense.

Response Exhibit 5

The Initial Report notes three "beverage setup" charges with respect to which the Fee Auditor requests (i) the nature of the beverage service and (ii) for the first entry, an explanation of the designation of the expense as an overtime transportation expense.  The expenses are set forth below, followed by K&E's response.

| | | |
|---|---|---|
| 7/13/2006 | 64.00 | EUREST- Overtime Transportation, Beverage Setup for 8 people, M. Browdy, 6/29/06 |

The first expense was for beverages and snacks for a working conference of eight people including the client.  The first beverage expense should not have been listed as an "overtime transportation" expense.

| | | |
|---|---|---|
| 7/14/2006 | 14.00 | Beverage Service |

The beverage expense on July 14 was related to a working meal.  After a review of the expenses related to the food portion of this working meal and in light of the Fee Auditor's cap, K&E agrees that $14.00 should be deducted from the Fee Application.

| | | |
|---|---|---|
| 7/31/2006 | 76.00 | Beverage Service |

The third expense was for beverages for K&E attorneys and paraprofessionals involved in a document review.  K&E agrees that $76.00 should be deducted from the Fee Application.

Response Exhibit 6

The Initial Report identifies two hotel expenses and, for each, requests the name of the hotel, the daily rate and any applicable taxes for both entries.

First, K&E will agree, for purposes of these two hotel expenses, to reduce the amounts charged to the Debtors' estate by the requisite amount (i.e., the amount by which the room charge, net of taxes, is above the recommended cap).   However, I would like to note that, with respect to these two expenses, as with numerous other hotel room expenses incurred by K&E that have fallen outside the recommended caps, K&E has booked the hotel rooms at the earliest time feasible given the shifting demands on the professionals working on the Debtors' cases.  K&E is aware of the Fee Auditor's recommended hotel room ceilings, and I send out periodic reminders to the entire Grace team to request that each Grace team member make every possible effort to stay within the recommended caps.  Sometimes, however, that is simply not possible or feasible.

Below please find each of the questioned expenses, followed by a breakout of the hotel room rate and the taxes.

(a)    7/25/2006    484.36    Michael Shumsky, Hotel, Seattle, 07/26/06, (Oral Argument)

| Room Rate | Room Taxes | | Total |
|---|---|---|---|
| $419.00 | State Tax | $36.03 | $484.36 |
| | Occupancy/ Tourism Tax | $29.33 | |
| | Total Taxes | $65.36 | |

To comply with the recommended $250 per night cap for hotels outside of New York City and Washington, D.C., K&E agrees to a reduction of $169.00 on this expense.

(b)    7/26/2006    484.36    Michael Shumsky, Hotel, Seattle, 07/26/06, (Oral Argument)

| Room Rate | Room Taxes | | Total |
|---|---|---|---|
| $419.00 | State Tax | $36.03 | $484.36 |
| | Occupancy/ Tourism Tax | $29.33 | |

| | Total Taxes | $65.36 | |
|---|---|---|---|

To comply with the recommended $250 per night cap for hotels outside of New York City and Washington, D.C., K&E agrees to a reduction of $169.00 on this expense.

On July 25 and 26, Mr. Shumsky stayed at the W Hotel in Seattle, WA to attend an oral argument. Several weeks prior to the hearing, attempts were made to reserve a hotel within a reasonable distance of the courthouse and all hotels were either booked or in the same price range as the W Hotel. The W Hotel was the best rate Mr. Shumsky could find for an acceptable hotel in close proximity to the courthouse.