IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline: March 28, 2007 @ 4:00pm |
| | | Hearing Date: April 2, 2007 @ 2:00pm |

**TWENTY-SECOND INTERIM QUARTERLY APPLICATION OF
RICHARDSON PATRICK WESTBROOK & BRICKMAN FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS ZAI LEAD SPECIAL COUNSEL FOR THE INTERIM PERIOD FROM
JULY 1, 2006 THROUGH SEPTEMBER 30, 2006[1]**

Pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Amended Interim Compensation Order" and collectively with the Interim Compensation Order, the "Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Richardson Patrick Westbrook & Brickman ("Applicant" or "RPWB"), ZAI Lead Special Counsel, hereby applies for an order allowing it: (i) compensation in the amount of $12,312.50 for the reasonable and necessary legal services RPWB has rendered; and (ii) reimbursement for the actual and necessary expenses RPWB has incurred in the

---

[1] RPWB became counsel in this matter over a year after it was filed. To conform with the titles of the quarterly applications being filed by the firms who have been in the case since its inception, RPWB is titling this the "Twenty-second" Interim Quarterly Application, (although it is actually RPWB's sixteenth such application).

amount of $ 0 (the "Twenty-Second Interim Quarterly Fee Application"), for the interim quarterly period from July 1, 2006 through September 30, 2006 (the "Fee Period"). In support of this Application, RPWB respectfully states as follows:

## Background

### Retention of RPWB

1. On April 2, 2001 (The "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order effective as of July 22, 2002, RPWB was appointed as ZAI Lead Special Counsel to prosecute the ZAI "Science Trial" issues on behalf of the ZAI Claimants' position against Debtors' position (the "Appointment Order"). The Appointment Order authorizes a total budget for ZAI Counsel of $1.5 million in fees and $500,000 in expenses for prosecuting the Science Trial, against which RPWB may be compensated for legal services at its hourly rates as specified to the Court, and for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this

Court[2]. On May 3, 2001, this Court entered the Interim Compensation Order and entered the Amended Interim Compensation Order on April 17, 2002. On July 28, 2003, the Court entered an Order increasing the budget by $950,000 per side for additional attorney fees and expenses. On September 27, 2004, the Court entered another Order increasing the budget by $750,000 per side for additional attorney fees and expenses.

**Monthly Interim Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application") subject to any objections lodged by the Notice Parties, as defined in the Compensation Order. If no objection is filed to a Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee

---

[2] The rates billed by RPWB are within the range of rates previously identified to the Court. The rates of the two principal RPWB partners involved here, Edward J. Westbrook ($650) and Robert M. Turkewitz ($400) were provided in the June 7, 2002 filing, "The Official Committee of Asbestos Property Damage Claimants' Response and Motion Pursuant to Section 503 of the Bankruptcy Code to Retain Special Counsel For the Purpose of Defending Objections to Zonolite Attic Insulation Proofs of Claim" (at 6-7). Other RPWB lawyers and professionals are being billed at rates commensurate with their experience and in the same range as other firms are billing in this bankruptcy (i.e. $150-$340 for associates and $75 to $125 for paralegals).

Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This is the sixteenth Interim Quarterly Fee Application that RPWB has filed with the Bankruptcy Court in connection with these Chapter 11 Cases. (See Footnote 1)

6. RPWB has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   1. Application of Richardson, Patrick, Westbrook & Brickman, LLC for Compensation for Services and Reimbursement of Expenses as ZAI Special Lead Counsel for the Interim Period from July 1, 2006 through July 31, 2006 filed November 23, 2006, (the "July Application") attached hereto as Exhibit A.

   2. Application of Richardson, Patrick, Westbrook & Brickman, LLC for Compensation for Services and Reimbursement of Expenses as ZAI Special Lead Counsel for the Interim Period of August 1, 2006 through August 31, 2006 filed November 23, 2006, (the "August Application") attached hereto as Exhibit B.

      3.      Application of Richardson, Patrick, Westbrook & Brickman, LLC for Compensation for Services and Reimbursement of Expenses as ZAI Special Lead Counsel for the Interim Period of September 1, 2006 through September 30, 2006 filed November 23, 2006, (the "September Application") attached hereto as Exhibit C.

7.      The period for objecting to the fees and expense reimbursement requested in all the Fee Applications has expired.

8.      During the Fee Period, RPWB has prepared for the ZAI Science Trial as detailed in the Application.

**Requested Relief**

9.      By this Twenty-Second Interim Quarterly Fee Application, RPWB requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by RPWB for the Fee Period as detailed in the Application, less any amounts previously paid to RPWB pursuant to the Application and the procedures set forth in the Compensation Order. The full scope of services provided and the related expenses incurred are fully described in the Application, which is attached hereto as Exhibit G.

**Disinterestedness**

10.      With the exception of its representation of asbestos claimants, RPWB does not hold or represent any interest adverse to the estates as stated in the Affidavit of Edward J. Westbrook in Support of the Application of the Asbestos Property Damage Committee to Retain Special Counsel, filed June 7, 2002.

11. In addition, RPWB may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.

**Representations**

12. RPWB believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

13. RPWB performed the services for which it is seeking compensation under its Court Appointment effective as of July 22, 2002.

14. During the Fee Period, RPWB has received no payment, nor has it received any promises for payment, from any other source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

15. Pursuant to Fed. R. Bank. P. 2016(b), RPWB has not shared, nor has it agreed to share: (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of RPWB; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

16. Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. RPWB reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, RPWB respectfully requests that the Court enter an order providing: (a) that for the Fee Period an administrative allowance be made to RPWB in

the sum of (i) $12,312.50 as compensation for reasonable and necessary professional services, and (ii) $ 0 for reimbursement of actual and necessary costs and expenses incurred (for a total of $12,312.50); (b) that the Debtors be authorized and directed to pay to RPWB the outstanding amount of such sums less any sums previously paid to RPWB pursuant to the Application and the procedures set forth in the Compensation Order; and (c) that this Court grant such further relief as is equitable and just.

Dated: March 8, 2007
Wilmington, DE

WILLIAM D. SULLIVAN, LLC

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Phone: (302) 428-8191
FAX: (302) 428-8195

-and-

Edward J. Westbrook, Esq.
Robert M. Turkewitz, Esq.
Robert S. Wood, Esq.
Richardson Patrick Westbrook
 & Brickman
174 East Bay Street
Charleston, SC 29401
Phone: (843) 727-6513
FAX: (843) 727-6688

LEAD COUNSEL FOR
ZAI CLAIMANTS

## VERIFICATION

STATE OF SOUTH CAROLINA   )
                          )
COUNTY OF CHARLESTON      )

Edward J. Westbrook, after being duly sworn according to law, deposes and says:

a) I am counsel with the applicant law firm Richardson, Patrick, Westbrook & Brickman, and have been admitted to appear before this Court.

b) I have personally performed many of the legal services rendered by Richardson, Patrick, Westbrook & Brickman and am thoroughly familiar with the other work performed on behalf of the ZAI Claimants by the lawyers and paraprofessionals of Richardson, Patrick, Westbrook & Brickman.

c) I have reviewed the foregoing application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del.Bankr.LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

_/s/ Edward J. Westbrook_
Edward J. Westbrook, Esq.

SWORN AND SUBSCRIBED
Before me this 8th day of March, 2007.

_Kimberly A. Garcia_
Notary Public for South Carolina

My Commission Expires
February 4, 2014