IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

RESPONSE OF THE COLLEGE AND UNIVERSITY CLASS ACTION TO DEBTORS'
OBJECTION TO CERTAIN CLAIMS FILED BY BERGER & MONTAGUE, P.C. AND
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

The word processors are running again. Grace has filed an objection to the Central Wesleyan college and university class action claim (No. 7019), accompanied by an inch-thick set of attachments. The objection wastes a lot of paper, fails to include the documents most relevant to the issue, and basically misses the point of Central Wesleyan's claim.

The substance of Grace's objection to the Central Wesleyan college class claim begins in Paragraph 25, titled "Objection to the Central Wesleyan Claim". But in arguing that Grace has performed its obligations under a settlement agreement with Central Wesleyan, Grace confusingly talks about its payments and performance under the "National Schools Settlement Agreement", which was a _different_ class action. See Grace Objection ¶ 27, 28. Central Wesleyan assumes that Grace simply lifted similar paragraphs from its earlier discussion of the national schools class action (¶22 and 23), and failed to change the name of the class involved. In any event, Grace is complying with its Central Wesleyan obligations, as discussed below.

A second error in Grace's papers is more troubling. Grace states, "No previous request for the specific relief set forth herein has been made to this or any other court." (Grace Objection ¶ 32). This is not accurate. On September 1, 2005, Grace filed its 15th Omnibus Objection to

Claims, in which it sought to disallow and expunge the Central Wesleyan claim (No. 7019).[1] This is the same relief sought in the current objection where Grace requests an Order "disallowing and expunging" the claim. Grace Objection at 1. This motion is a retread.

The last time around, the parties reached a sensible resolution. Grace recognized it had obligations to the colleges through the settlement agreement, including honoring rebate coupons on certain Grace products. Accordingly, Grace agreed to withdraw its objection to the college claim without prejudice. See Attach. A, ¶6. Since that time, everything has been copacetic.

Now, however, Grace has resurrected its previously resolved objection to the college claim in a pleading that does not reference either the prior stipulation or this Court's November 10, 2005 Order confirming that Grace's objection to the Central Wesleyan claim was withdrawn without prejudice. Attach. B at 4.

Grace's remaining objection– that no class claim should be permitted without leave of court – borders on frivolous. First, Central Wesleyan is not asking this Court to certify a class. Its class was certified and upheld on appeal fourteen years ago. Central Wesleyan College v. W.R. Grace & Co., 6 F.3d 177 (4th Cir. 1993). Grace is bound by that ruling. Second, Central Wesleyan's claim is based not on class certification, but on Grace's contractual obligation in the settlement agreement to honor its rebate program. Third, while it is unnecessary to reach the issue, class actions are well-recognized in bankruptcy court. Indeed, "[t]he vast majority of courts conclude that class proofs of claim are permissible in a bankruptcy proceeding." In re Kaiser Group International, Inc., 278 B.R. 58, 62 (Bankr. D. Del. 2002).

Getting past all of this, there really should be no controversy. Grace admits it has a continuing obligation to the college class to honor its rebate coupons. Grace has been honoring

---

[1] See Stipulation Concerning Withdrawal Of Objection, Consolidation and Reclassification (sic) Certain Claims at ¶3. (Oct. 31, 2005), (Attach. A).

this commitment. Grace has several more years left to honor its commitment. To ensure that Grace's obligation is enforceable after its bankruptcy discharge, Central Wesleyan filed a claim asserting that Grace had this obligation. Since Grace does not dispute it has this obligation, the remedy is not to strike the Central Wesleyan claim, but to allow it and require Grace to continue doing what it says it is going to do anyway. The colleges cannot imagine why Grace would spend time and effort objecting to a claim that Grace recognizes is legitimate.

In any event, the colleges respectfully request that Grace's objection be denied.

RESPECTFULLY SUBMITTED,

Edward J. Westbrook, Esq.
Robert M. Turkewitz, Esq.
Richardson, Patrick, Westbrook & Brickman
174 East Bay Street
Charleston, SC 29401
Tel. (843) 727-6513

CLASS COUNSEL FOR CENTRAL WELSEYAN COLLEGE AND UNIVERSITY CLASS

-and-

William D. Sullivan, Esq. (No. 2820)
William D. Sullivan, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801
Phone: (302) 428-8191

By: _____
William D. Sullivan, Esq.

Dated: March 14, 2007