# ATTACHMENT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 9315 and 10/24/05 Agenda Item |
| | ) | No. 14 |

## FIRST ORDER GRANTING RELIEF SOUGHT IN DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon the Fifteenth Omnibus Objection to Claims (the "Fifteenth Omnibus Objection")[2] filed by the above captioned debtors and debtors in possession (the "Debtors"), seeking entry of an order expunging and disallowing certain Claims; and no previous application having been made; and upon consideration of the matters set forth herein; and due and proper notice of the Fifteenth Omnibus Objection having been given, it is hereby

ORDERED that pursuant to the agreement of the claimant as outlined on Exhibit 1 hereto and further discussions of the parties, the Objections to the Claims of the County of Fresno, identified as Claim Nos. 11265, 11266, 11267, 11268, 11269, 11270, 11271, 11272, 11273, 11274, 11275 and 14398 are hereby Sustained and the Claims are hereby disallowed and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein are as defined in the Fifteenth Omnibus Objection.

expunged, with each party to bear its own fees, costs and/or expenses, including attorneys fees; and it is further

ORDERED that that the Objections to Claims listed on Exhibit A-1 to this Order, which claims relate to Zonolite Attic Insulation or similar products ("ZAI") are hereby withdrawn and the claims are reclassified as ZAI Claims as outlined on the Stipulations attached hereto as Exhibits A-2 and A-3. This withdrawal is without prejudice and the Debtors retain their right to object to the claims listed on Exhibit A-1 on any grounds in the future, upon proper notice and consistent with applicable law. The Debtors also retain the right to require the claimants listed on Exhibit A-1 to re-file their ZAI Claims on specialized ZAI Proof of Claim Forms in the event the Court so orders such specialized claim form; and it is further

ORDERED that the Objections to the claims of American Premier Underwriters ("American"), identified as Claim Nos. 10585 and 10586 are hereby withdrawn and the claims are reclassified as environmental unsecured claims, as outlined on the Stipulation attached hereto as Exhibit B. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claims of American on any grounds in the future upon proper notice and consistent with applicable law. Further, Claim Nos. 10586, 11305 and 11306, all filed by American, shall be consolidated into Claim No. 10585 and Claims Nos. 10586, 11305 and 11306 shall be disallowed and expunged and Claim No. 10585 shall be the surviving Claim. Notwithstanding any other provisions herein or in the attached Exhibit B, to the extent that the Debtors' Plan, as defined in Exhibit B or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases (for purposed of distribution on account of allowed claims), Claim Nos. 10586, 11305 and 11306 shall be reinstated, as appropriate and American shall be entitled to pursue such claims; and it is further

ORDERED that the Objections to the claim of Los Angeles County Metropolitan Transportation Authority ("LAMTA"), identified as Claim No. 2087 are hereby withdrawn and the claim is reclassified as an environmental unsecured claim, as outlined on the Stipulation attached hereto as Exhibit C. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claim of LAMTA on any grounds in the future upon proper notice and consistent with applicable law; and it is further

ORDERED that the Objections to the claim of Minnesota Pollution Control Agency ("MPCA"), identified as Claim No. 9648 are hereby withdrawn and the claim is reclassified as an environmental unsecured claim, as outlined on the Stipulation attached hereto as Exhibit D. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claim of MPCA on any grounds in the future upon proper notice and consistent with applicable law; and it is further

ORDERED that the Objections to the claims of National Railroad Passenger Corporation ("AMTRAK"), identified as Claim Nos. 11320 and 11321 are hereby withdrawn and the claims are reclassified as environmental unsecured claims, as outlined on the Stipulation attached hereto as Exhibit E. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claims of AMTRAK on any grounds in the future upon proper notice and consistent with applicable law. Further, Claim No. 11321 shall be consolidated into Claim No. 11320 and Claim No. 11321 shall be disallowed and expunged and Claim No. 11320 shall be the surviving Claim. Notwithstanding any other provisions herein or in the attached Exhibit E, to the extent that the Debtors' Plan, as defined in Exhibit E or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases (for purposed of distribution on account of allowed

3

claims), Claim No. 11321 shall be reinstated, as appropriate and AMTRAK shall be entitled to pursue such claim; and it is further

ORDERED that the Objections to the claim of Steeler, Inc.("Steeler"), identified as Claim No. 4697 are hereby withdrawn and the claim is reclassified as an environmental unsecured claim, as outlined on the Stipulation attached hereto as Exhibit F. This withdrawal and reclassification is without prejudice and the Debtors have the right to object to the claim of Steeler on any grounds in the future upon proper notice and consistent with applicable law. ; and it is further

ORDERED that the claims of Tyco Healthcare Group LP ("Tyco"), identified as Claim Nos. 12788 and 12790 are hereby withdrawn as outlined on the Stipulation attached hereto as Exhibit G. Tyco reserves its rights to pursue Claims Nos. 12787 and 12789 which were also filed by Tyco, as environmental unsecured claim, and withdrawal of Claims Nos. 12788 and 12790 shall not prejudice Tyco's rights to seek recovery under claims 12787 and 12789, including with respect to asbestos. The Debtors reserve their rights to object to claims 12787 and 12789 on any grounds upon proper notice and consistent with applicable law; and it is further

ORDERED that the Objections to the claim of Southern Wesleyan University ("Wesleyan"), identified as Claim No. 7019 are hereby withdrawn as outlined on the Stipulation attached hereto as Exhibit H. This withdrawal is without prejudice and the Debtors have the right to object to the claim of Wesleyan on any grounds in the future upon proper notice and consistent with applicable law; and it is further

ORDERED that Claimants, City of Cambridge (Claim Nos. 4721 and 4723), Massachusetts Bay Transportation Authority (Claim No. 9694) and Perini Corporation (Claim No. 4705) shall have an additional 30 days, until November 24, 2005, to respond to the 15th Omnibus Objection; and it is further

4

ORDERED that the Objection to any Claim set forth in the Fifteenth Omnibus Objection that has not been adjudicated by this Order shall be continued to the November 14, 2005 omnibus hearing; and it is further

ORDERED that the rights of the Debtors to object to any Claim listed on any exhibit to this Order for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the claims objections as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: November 10, 2005

_Judith K. Fitzgerald_
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

5

KAP 107064463.5