UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF BILZIN SUMBERG DUNN BAENA
### PRICE & AXELROD LLP FOR THE TWENTY-SECOND INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Bilzin Sumberg Dunn Baena Price & Axelrod LLP for the Twenty-Second Interim Period.

### BACKGROUND

1.  Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants. In the Application, Bilzin seeks approval of fees totaling $682,802.25 and costs totaling $504,408.80 for its services from July 1, 2006, through September 30, 2006.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on Bilzin an initial report based on our review, and received a response from Bilzin, portions of which response are quoted herein.

## DISCUSSION

3.    In our initial report, we noted that on August 21, 2006, four firm members attended a hearing.  The total time spent including any preparation and non-working travel time was 60.20 hours[1] for a total fee of $27,440.50.  (See Exhibit A) We asked Bilzin to explain why this hearing required the attendance of four firm members.  Bilzin's response is provided as Response Exhibit 1.  We appreciate the response, but we are not convinced that it was necessary for Mr. Kramer and Ms. Mehdipour to participate telephonically.  The response states, "...Mr. Kramer assisted Messrs. Baena and Sakalo in preparation for the hearing on each of the foregoing topics. Thus, he attended telephonically in the event further assistance, research or information was necessary.  In addition, Mr. Kramer monitors the PI estimation process for the PD Committee on a day-to-day basis. There were a number of PI estimation matters set for hearing that day and, thus, he participated in order to monitor those proceedings.  Ms. Mehdipour provided assistance to Mr. Sakalo on the Lloyd's settlement and the Canadian claims issues. Thus, she attended in the event further assistance, research or information was necessary."  We accept the need for the preparation time both Mr. Kramer and Ms. Mehdipour billed with regard

---

[1] Time for this entry was located in three project categories - (i) Hearings, (ii) Claims Analysis, Objection, Resolution & Estimation (asbestos) and (iii) Travel.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Bilzin 22nd.wpd

to this hearing; however, the necessity for their participation in the hearing was not established. Thus, we recommend a reduction of $1,824.00 for Mr. Kramer and a reduction of $1,525.00 for Ms. Mehdipour, resulting in an overall reduction for this hearing of $3,349.00 in fees.

4. We noted that on August 8, 2006, SLB had a time entry listed as 1.90 hours for a total fee of $1,187.50. The entry is provided below.

| 08/08/06 | SLB | 1.90 | 1187.50 | Review various pleadings filed (.6); telephone call from J. Sakalo regarding abstention brief (.2). |
|---|---|---|---|---|

The parenthetical entries total only 0.80 hours for a fee of $500.00. The difference in fee totals is $687.50. We asked Bilzin to explain if part of the detail was omitted or whether the entry represents an inadvertent miscalculation and the fee difference should thus be deducted from the fee total. Bilzin responded as follows:

> Bilzin has reviewed its records and confirms that it was an inadvertent error and agrees to a reduction in the amount of $687.50.

We appreciate the response and thus recommend a reduction of $687.50 in fees.

5. We noted the following expense entries totaling $477,486.19 for expert witness fees and costs:

| 07/31/06 | Miscellaneous Costs Professional/ Expert fees related to PD Estimation for February 2006 | 228,429.41 |
|---|---|---|
| 07/31/06 | Miscellaneous Costs Professional/ Expert fees related to PD Estimation for July 2006 | 90,778.91 |
| 08/31/06 | Miscellaneous Costs Professional/ Expert fees related to PD Estimation for August 2006 | 95,323.50 |
| 10/01/06 | Miscellaneous Costs Professional/ Expert fees related to PD Estimation for September 2006 | 62,954.37 |

While we are aware of and respect the confidential nature of these experts' work, we asked

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Bilzin 22nd.wpd

Bilzin to describe the activities of the expert witnesses insofar as it is possible to do so without infringing on that necessary confidentiality. Bilzin's response is provided as Response Exhibit 2. We appreciate the response and offer no objection to these fees and costs.

6. We noted a single airfare expense that appears excessive compared to other such expenses. The entry is provided below.

08/21/06    Airfare Travel to Delaware - VENDOR: SCOTT L. BAENA;    1,659.10
            INVOICE#: SLB-08/22/06; DATE: 8/22/06 - Client - 15537

We asked Bilzin to provide documentation that the flight was booked as a coach or economy fare. Bilzin responded as follws:

> Attached is a copy of the billing invoice for the flight in question, which reflects it was purchased as an "economy" fare.

We appreciate the response, and, after review of the invoice, we offer no objection to this expense.

## CONCLUSION

7. Thus we recommend approval of fees totaling $678,765.75 ($682,802.25 minus $4,036.50) and costs totaling $504,408.80 for Bilzin's services from July 1, 2006, through September 30, 2006.

        Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 14th day of March, 2007.

_____
Warren H. Smith

**SERVICE LIST**
**Notice Parties**

**The Applicant**
Scott L. Baena
Jay M. Sakalo
BILZIN SUMBERG DUNN BAENA PRICE &
AXELROD LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2385

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 08/14/06 | SLB | 0.30 | 187.50 | Review agenda for 8/21 hearing and email to J. Sakalo regarding preparation (.3). |
| 08/15/06 | SLB | 1.80 | 1125.00 | Prepare for 8/21 hearing (1.8). |
| 08/18/06 | SLB | 3.30 | 2062.50 | Prepare for 8/21 hearing (3.3). |
| 08/18/06 | NT | 0.30 | 91.50 | Review agenda for upcoming hearing. |
| 08/19/06 | SLB | 2.40 | 1500.00 | Telephone conference with N. Dies, J. Sakalo and D. Speights in preparation for 8/21 hearing (1.2); review amended agenda (.3); review transcript of July hearing (.9). |
| 08/20/06 | SLB | 4.70 | 2937.50 | Prepare for 8/21 omnibus hearing (4.7). |
| 08/21/06 | SLB | 13.80 | 8625.00 | Prepare for hearing including meetings with M. Dies and D. Speights (6.0); attend omnibus hearing (7.8). |
| 08/21/06 | JMS | 10.50 | 4200.00 | Prepare for hearing en route to Delaware (2.5); attend omnibus hearing (8.0). |
| 08/21/06 | MIK | 5.70 | 1824.00 | Attend Grace hearing telephonically |
| 08/21/06 | NT | 5.00 | 1525.00 | Attend hearing telephonically |
| 08/18/06 | JMS | 5.20 | 2080.00 | ...............; prepare for hearing (1.6). |
| 08/21/06 | SLB | 1.50 | 468.75 | Non-working |

Response Exhibit 1

The Fee Auditor requests an explanation regarding the necessity of having four Bilzin attorneys attend the August 21, 2006 hearing. It is worth noting that only Messrs. Baena and Sakalo attended the hearing in person. Mr. Kramer and Ms. Mehdipour attended telephonically. This was a critical, lengthy hearing that required Messrs. Baena and Sakalo to allocate amongst themselves the responsibility for discreet parts of the hearing.

Mr. Baena has primary responsibility for addressing the PD Committee's objection to the Debtors' proposed schedule regarding PD claims objections related to the 15th omnibus objection. In addition, Mr. Baena was responsible for the PD Committee's position with respect to the proposed case management order governing such claims objections. Mr. Sakalo had primary responsibility for the PD Committee's positions in respect of the Debtors' motion to settle significant asbestos insurance coverage with the Lloyd's Underwriters. The PD Committee objected to the Debtors' motion on numerous grounds, including the structure of the payout and the terms of the indemnity from any 524(g) trust to be established under a plan of reorganization. In addition, Mr. Sakalo had responsibility for advocating the PD Committee's opposition to the Debtors' proposed protocol with respect to the adjudication of Canadian PD claims.

Mr. Kramer assisted Messrs. Baena and Sakalo in preparation for the hearing on each of the foregoing topics. Thus, he attended telephonically in the event further assistance, research or information was necessary. In addition, Mr. Kramer monitors the PI estimation process for the PD Committee on a day-to-day basis. There were a number of PI estimation matters set for hearing that day and, thus, he participated in order to monitor those proceedings.

Ms. Mehdipour provided assistance to Mr. Sakalo on the Lloyd's settlement and the Canadian claims issues. Thus, she attended in the event further assistance, research or information was necessary.

Response Exhibit 2

      The Fee Auditor requests additional information regarding certain expert fees and expenses. These fees and expenses were incurred in connection with the two different matters. The first entry relates to fees and expenses incurred by experts in connection with an aggregate estimation of PD claims. The remaining entries relate to work performed by experts in connection with the "methodology" phase of the estimation. Bilzin submits that each of the fees and expenses incurred are reasonable and necessary in light of the substantial amount of work done in connection with, and the unprecedented nature of, the PD estimation. Further, Bilzin does not object to providing the Fee Auditor with the fee and expense detail of its experts provided that the Fee Auditor agrees to enter into an appropriate confidentiality arrangement.