# EXHIBIT 1

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**STIPULATION RESOLVING CERTAIN OF THE CLAIMS OF
FRESENIUS MEDICAL CARE HOLDINGS, INC. AND ITS AFFILIATES**

This Stipulation is entered into this 13th day of March, 2007 between W. R. Grace & Co. and its affiliates (collectively, the "Debtors"), and Fresenius Medical Care Holdings, Inc., National Medical Care, Inc., Bio-Medical Applications of Indiana, Inc., Bio-Medical Applications of Mississippi, Inc., Bio-Medical Applications of Oklahoma, Inc., Bio-Medical Applications of Rhode Island, Inc., Bio-Medical Applications of South Carolina, Inc., NMC Homecare, Inc., and Fresenius U.S.A., Inc. (collectively, "FMCH Group").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS,** on or about April 2, 2001 (the "Petition Date"), the Debtors, including W. R. Grace & Co. ("Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn."), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' bankruptcy cases are pending as case numbers 01-1139 (JKF) through 01-1200 (JKF) (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**WHEREAS,** on April 2, 2001 the Bankruptcy Court issued an Order consolidating the Bankruptcy Cases for administrative purposes only under Case No. 01-1139 (JKF) (the "Jointly Administered Bankruptcy Case").

**WHEREAS,** on April 22, 2002, the Bankruptcy Court issued its Bar Date Order [Docket No. 1963], which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

**WHEREAS,** on or about March 31, 2003, the FMCH Group filed 199 claims for an unliquidated amount (collectively, the "FMCH Group Claims") against the Debtors in their respective Bankruptcy Cases as specified herein:

| Name of Creditor | Against which Debtor entities | Proof of Claim Nos. | Quantity of Claims |
|---|---|---|---|
| Fresenius Medical Care Holdings, Inc. | Each of the 62 Debtors | 8102-8163 | 62 |
| National Medical Care, Inc. | Each of the 62 Debtors | 8040-8101 | 62 |
| Bio-Medical Applications of Indiana, Inc. | Grace and Grace-Conn. | 13916, 13921 | 2 |
| Bio-Medical Applications of Mississippi, Inc. | Grace and Grace-Conn. | 13917, 13923 | 2 |
| Bio-Medical Applications of Oklahoma, Inc. | Grace and Grace-Conn. | 13915, 13920 | 2 |
| Bio-Medical Applications of | Grace and Grace-Conn. | 13924, 13918 | 2 |

2

| | | | |
|---|---|---|---|
| Rhode Island, Inc. | | | |
| Bio-Medical Applications of South Carolina, Inc. | Grace and Grace-Conn. | 13913, 13919 | 2 |
| NMC Homecare, Inc. | Grace and Grace-Conn. | 13922, 13914 | 2 |
| Fresenius U.S.A., Inc. | Each of the 62 Debtors | 8187-8248, 10551 | 63 |
| | | | **199 Total Claims** |

**WHEREAS**, on or about April 14, 2003, Grace and Grace-Conn. joined the First Amended Settlement Agreement and Release of Claims that had been entered into as of February 6, 2003 between the FMCH Group and other parties (the "Fresenius Settlement Agreement"). On June 25, 2003, the Fresenius Settlement Agreement was approved by the District Court [Case 02-2211; Docket No. 19]. The Fresenius Settlement Agreement directs and provides for the settlement of pre-petition claims of the FMCH Group, including payment by the FMCH Group of $115 million, upon satisfaction of certain conditions precedent, to the Debtors' estates as directed by the District Court upon confirmation of the Debtors' plan of reorganization.

**WHEREAS**, on January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization (the "Plan"). To date, the Plan has not been confirmed. The Plan proposes that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. If the Plan is confirmed as proposed, upon the effective date of the Plan, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors.

**WHEREAS**, the Debtors have informed FMCH Group that the Debtors may seek, upon notice to interested parties and approval of this Court, to dissolve or consolidate certain of the Debtors and their Bankruptcy Cases prior to seeking confirmation of the Plan.

**WHEREAS**, the parties hereto have agreed to enter into this Stipulation solely to afford the Debtors the administrative convenience of minimizing duplicative claims, and not to substantively alter FMCH Group's rights in respect of the FMCH Group Claims.

**NOW, THEREFORE**, for good and valuable consideration received, the parties hereby stipulate and agree as follows:

1. Subject to the provisions of Section 2 below, claim numbered 8112, a copy of which is attached hereto as <u>Exhibit A</u> and made a part hereof, shall remain as the sole FMCH Group Claim against the Debtors or the Debtors' bankruptcy estate(s). Claim numbered 8112 shall be deemed to be a claim in favor of all of Fresenius Medical Care Holdings, Inc., National Medical Care, Inc., Bio-Medical Applications of Indiana, Inc., Bio-Medical Applications of Mississippi, Inc., Bio-Medical Applications of Oklahoma, Inc., Bio-Medical Applications of Rhode Island, Inc., Bio-Medical Applications of South Carolina, Inc., NMC Homecare, Inc. and Fresenius U.S.A., Inc.

2. Subject to the provisions of the following two sentences of this Section 2, claims numbered 8040-8111, 8113-8163, 8187-8248, 10551, 13913-13924 shall be disallowed and expunged from the claims register for all purposes (the "Disallowed Claims"). Notwithstanding any other provision of this Stipulation, in the event that (a) the Plan is amended or any other plan of reorganization or liquidation is filed in these Bankruptcy Cases that does not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims) on terms substantially the same as provided in the Plan, and a disclosure statement with respect to such plan is approved by order of the Bankruptcy Court, (b) voting on the Plan or any other plan of reorganization or liquidation in these Bankruptcy Cases is ordered to be conducted on a separate debtor rather than a consolidated basis notwithstanding that the

plan provides for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), (c) the Plan as confirmed by final order of the Bankruptcy Court in these Bankruptcy Cases does not, or any other plan or plans of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases do not, provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), or (d) the Plan or any other plan of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases that provides for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims) does not become effective, then the applicable Disallowed Claims automatically shall be reinstated *ab initio* in those cases that then remain pending without the need for any further action on the part of any party or Bankruptcy Court intervention, and FMCH Group shall be entitled to pursue all such claims, as appropriate. In the event the Bankruptcy Cases or any of them are dismissed or converted to cases under chapter 7 of the Bankruptcy Code, each and every one of the Disallowed Claims related to any such converted or dismissed Bankruptcy Cases shall be automatically reinstated without the need for any further action on the part of any party or Bankruptcy Court intervention, and the member of the FMCH Group that filed such Disallowed Claim(s) shall be entitled to pursue any and all such claims as appropriate.

3. The Debtors expressly reserve any and every objection that they now have or may have in the future to the substance of the claim numbered 8112 and to any of the Disallowed Claims to the extent they are reinstated as described in Section 2 above, but forever waive and release any and every objection they may have to claim numbered 8112 and each of the Disallowed Claims on the basis that such claim was improperly or untimely filed in the

Bankruptcy Cases or the Jointly Administered Bankruptcy Case, or any of them, that notice of such claims was improper, or that the claim should have been filed in each of the Bankruptcy Cases.

4.   Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

5.   The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the claims register to reflect the following:

   (a)   claims numbered 8040-8111, 8113-8163, 8187-8248, 10551, 13913-13924 shall be disallowed and expunged to the extent provided herein; and

   (b)   claim numbered 8112 shall remain on the claims register as provided herein; and

   (c)   National Medical Care, Inc., Bio-Medical Applications of Indiana, Inc., Bio-Medical Applications of Mississippi, Inc., Bio-Medical Applications of Oklahoma, Inc., Bio-Medical Applications of Rhode Island, Inc., Bio-Medical Applications of South Carolina, Inc., NMC Homecare, Inc. and Fresenius U.S.A., Inc. shall be added as claimants with Fresenius Medical Care Holdings, Inc. on claim numbered 8112; provided, however, that if the Disallowed Claims of any of such added entities are reinstated, such entities shall be removed as claimants on claim numbered 8112.

6.   The parties shall take whatever additional action, if any, is necessary to make sure that FMCH Group Claims are treated as outlined herein.

**STIPULATED AND AGREED:**

| FRESENIUS MEDICAL CARE HOLDINGS, INC. AND ITS AFFILIATES | W. R. GRACE & CO., et al. |
|---|---|
| By: *[signature]* <br> One of Their Attorneys | By: *[signature]* James E O'Neill BAR ID # 4042 <br> One of Their Attorneys |
| David S. Rosenbloom, Esq. <br> McDermott, Will & Emery <br> 227 West Monroe Street <br> Chicago, Illinois 60606-5096 <br><br> Counsel for Fresenius Medical Care Holdings, Inc. and its affiliates | Janet S. Baer <br> Lori Sinanyan <br> Kirkland & Ellis LLP <br> 200 East Randolph Drive <br> Chicago, IL 60601 <br> (312) 861-2000 <br><br> and <br><br> Laura Davis Jones <br> Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC <br> 919 North Market Street, 16th Floor <br> P. O. Box 8705 <br> Wilmington, DE 19899-8705 <br> (302) 652-4100 <br><br> Co-Counsel for the Debtors and Debtors in Possession |

Date: March 13, 2007