IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| _____x | | |
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| _____x | | **Hearing Date: April 2, 2007 at 2:00 p.m.** |
| | | **Objection Deadline: March 16, 2007 p.m.** |

**RESPONSE OF STATE OF MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY TO DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CROSS-DEBTOR DUPLICATIVE CLAIMS (SUBSTANTIVE) [DOCKET NO. 14680]**

State of Montana Department of Environmental Quality ("MDEQ"), by and through its undersigned counsel, hereby responds to the Debtors' Twenty-First Omnibus Objection to Cross-Debtor Duplicative Claims (Substantive) (the "Objection") and in support thereof states as follows:

## Background

1.      On April 22, 2002 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing their respective chapter 11 cases (collective, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

2.      On or about February 26, 2007, the Debtors filed the Objection and objected to MDEQ's proof of claim numbers 15297 and 15298 on the basis that they are duplicative of proof of claim number 15296.

3.     MDEQ actually filed four separate but identical proofs of claim against three separate Debtor entities asserting a secured claim of $39,000 and an unsecured claim of $8,471,022.16 for environmental remediation costs because all three W.R. Grace Debtor entities may be liable for this claim pursuant to joint and several liability. Alternatively, it remains unclear which Debtor entity is liable for the claim.

4.     Previously, by agreement of the parties, claim number 6100 was expunged as being amended and superceded by claim number 15296. See Order granting the relief sought in Debtors' Third Omnibus Objection to Claims (Non-Substantive). (D.I. 5646). Both claims were filed against W.R. Grace & Co.-Conn (Case No. 01-1179). The Objection, however, refers to Case No. 01-1140 for W.R. Grace & Co.-Conn.

## MDEQ'S Claims

5.     MDEQ's three claims arise under the state and federal Superfund statutes. §§ 75-10-701, *et seq.*, MCA (CECRA), and 42 U.S.C. § 9601, *et seq.* (CERCLA), both of which provide for strict, joint and several liability. § 75-10-715, MCA; 42 U.S.C. § 9607. Under such a liability plan, mere ownership of property where a hazardous substance[1] has come to be located subjects the landowner to joint and several liability for the cleanup costs of the entire facility. See *id.* Similarly, operating a facility, transporting a hazardous substance to a facility, arranging for the transportation of such a substance to a facility, or even generating the hazardous substance that has come to be located at the facility makes the actor jointly and severally liable for the cleanup costs of the entire facility under both Superfund statutes. *Id.*

---

[1] CECRA applies to hazardous and deleterious substances; CERCLA applies only to hazardous substances. In this case, there can be no dispute that tremolite asbestos is a "hazardous substance" as that term is used in both statutes.

Document #: 60619

6.     MDEQ understands Kootenai Development Co. to be the owner of the vermiculite mine where the tremolite asbestos contamination originated and where contamination still exists.  As the landowner of a portion of the facility, Kootenai Development clearly is strictly, jointly and severally liable for the entire cleanup expense of the Libby Asbestos Superfund Facility under both CECRA and CERCLA. Therefore, the MDEQ's claim against Kootenai Development should not be dismissed unless and until it is demonstrated that no funds will be needed from Kootenai Development Company to satisfy the Department's claim in full, even if W.R. Grace & Co. – Conn. also pays on the claim.

7.     MDEQ understands that W.R. Grace & Co. was an operator of the mine and processing facilities, and was involved in the transportation and/or arranged for the transportation of much of the asbestos-contaminated vermiculite to various locations throughout the town of Libby, which now comprise the Libby Asbestos Superfund Facility. W.R. Grace & Co. may be deemed to be the generator of the asbestos as well. Accordingly, W.R. Grace & Co. also is jointly and severally liable for the entire cleanup expense of the Facility.  Accordingly, MDEQ's claim against W.R. Grace & Co. should not be dismissed unless and until it is demonstrated that no funds will be needed from W.R. Grace & Co. to satisfy the Department's claim in full, even if W.R. Grace & Co. – Conn. also pays on the claim.

8.  In sum, because Kootenai Development Co., W.R. Grace & Co., and W.R. Grace & Co. – Conn. are all jointly and severally liable for the full amount of MDEQ's claim, the claims against none of them should be dismissed as duplicative in the absence

of a showing that the remaining entity (in this case W.R. Grace – Conn.) is capable of satisfying the claim in full without monies contributed by the other co-liable entities.

9.      The Objection to the Claims should be overruled insofar as it relates to MDEQ because it fails to produce any evidence to overcome the *prima facie* validity of the Claims.

10.     Pursuant to § 502(a) of the Title 11 of the United States Code, 11 U.S.C.§§ 101, *et seq.*, a proof of claim is deemed to be allowed unless a party in interest objects. 11 U.S.C.§ 502(a). Thus, a proof of claim operates as *prima facie* evidence of such claim. *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess., at 62 (1978).

11.     The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is *prima facie* valid. The burden of proof then shifts to the objecting party to produce sufficient evidence to negate the *prima facie* validity of the proof of claim by refuting at least one of the essential allegations of such claim. Only after the objecting party produces evidence equal in force to the *prima facie* claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of the evidence. *See In re Allegheny Int'l. Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also Fullmer v. U.S.*, 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this *prima facie* effect, the objecting party must bring

Document #: 60619

forward evidence equal in probative force to that underlying the proof of claim.")
(citations omitted).

12.    It is inappropriate to expunge proofs of claim numbers 15297 and 15298

unless or until the W.R. Grace Debtor entities are substantively consolidated.

**WHEREFORE,** the State of Montana Department of Environmental Quality

respectfully requests that this Court overrule the Objection and grant such other and

further relief as is just and proper.

Dated: March 16, 2007            **MONZACK AND MONACO, PA**

Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162

-and-

Jane B. Amdahl
Montana Department of Environmental Quality
1520 East Sixth Avenue
Helena, MT 59620