IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Docket No. _____ |

SUPPLEMENTARY AFFIDAVIT OF TERESA J. WALSH IN SUPPORT OF THE
APPLICATION OF THE DEBTORS TO EMPLOY OGILVY RENAULT LLP
<u>AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION</u>

PROVINCE OF ONTARIO  )
CITY OF TORONTO         )   ss:

I, Teresa J. Walsh, being duly sworn, state as follows:

1.  I am a partner of the law firm of Ogilvy Renault LLP ("OR"), which maintains an office for the practice of law at 200 Bay Street, Suite 3800, Royal Bank Plaza, South Tower, Toronto, Ontario M5J 2Z4.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a. British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

- 2 -

2. On November 13, 2006, I swore an affidavit (my "Affidavit") in support of an application of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order authorizing the employment of OR as special counsel for the Debtors, pursuant to sections 327(a) and 330 of the Bankruptcy Code (the "Application").

3. At paragraph 15 of my Affidavit, I stated that, in connection with the Debtors' Chapter 11 cases, OR would provide services that OR, the Debtors and the Debtors' U.S. attorneys deemed necessary or desirable, including: "research, assistance with the preparation of materials for court and guidance with respect to Canadian expert-related issues..." (the "OR Services").

4. At paragraph 16 of my Affidavit, I stated that the Debtors did not owe OR any amounts for legal services rendered before the date of my Affidavit. By this statement, I was referring to the legal services set out in paragraph 15 of my Affidavit, that is, the OR Services. My statement was not in any way directed to, or meant to encompass by inference, amounts that OR had expended in preparing materials for the Application itself. As at the date of my Affidavit, OR had not prepared any invoice or statement setting out fees owing for services expended in preparing materials for the Application itself, but such services had been rendered and compensation for such time has been requested by OR as part of its First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel for the Debtors and Debtors-In-Possession, for the period from October 17, 2006 through January 31, 2007.

- 3 -

5.      On December 18, 2006, this Honourable Court granted an order authorizing the Debtors to retain OR as their special counsel in respect of the Debtors' Chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___March 12th___, 2007

_____
Teresa J. Walsh

Subscribed and Sworn to before me
this _12_ day of March , 2007.

_____
A Commissioner for taking Affidavits
Gregory Sheahan