Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In Re: W. R. Grace Co., et al.

v.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 01-1139
United States Bankruptcy Court
District of Delaware (Wilmington)

TO:   Pamela (May) Hare
      1006 Griffis Fountain Road
      Chunky, MS 39323-9728

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

X☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Holiday Inn Express/ Quality Inn, 1399 Roebuck Drive, Meridian, MS or at another location agreed upon by you and the Issuing Officer of this subpoena, identified below. | 3/15/2007 9:00 a.m. CST |

X☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit "A" and "B" regarding the documents and/or objects to be produced and the scope of the production.

| PLACE | DATE AND TIME |
|---|---|
| Holiday Inn Express/ Quality Inn, 1399 Roebuck Drive, Meridian, MS or at another location agreed upon by you and the Issuing Officer of this subpoena, identified below. | 3/15/2007 9:00 a.m. CST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Ellen Ahern* | 2/26/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ellen Ahern, Esq., Kirkland & Ellis LLP
200 East Randolph Drive, Chicago, IL 60601
Telephone: 312-861-2335

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/26/2007 | Spring Dings, 118 Service Drive, Brandon, MS 39042 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Pamela (Hare) May | Hand Delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Joseph Wisnoski | Private Investigator |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    2/26/2007
                  DATE

SIGNATURE OF SERVER

P.O. Box 471, Ridgeland, Mississippi 39158-0471
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| W. R. GRACE & CO., *et al.*, ) | Misc. Case No. |
| ) | |
| Debtors. ) | |

**SUBPOENA TO TESTIFY AT DEPOSITION AND PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(b) AND 45**

TO:   Pamela (May) Hare
      1006 Griffis Fountain Road
      Chunky, Mississippi 39323-9728

**YOU ARE COMMANDED TO APPEAR** to testify at a deposition in the matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JKF), currently pending in the United States Bankruptcy Court, District of Delaware, to be conducted in Holiday Inn Express/ Quality Inn, 1399 Roebuck Drive, Meridian, MS, on March 15, 2007, at 9:00 a.m. CST, or at such other time and place mutually agreed upon by counsel for the parties. The deposition will continue from day-to-day until complete. The deposition will be taken before an official authorized by law to administer oaths, and, pursuant to Federal Rule of Civil Procedure 30(b)(2), will be recorded by both stenographic means and sound-and-visual means.

**YOU ARE FURTHER COMMANDED TO PRODUCE** the categories of documents set forth in Attachment "A" to this subpoena. You are further requested to make the categories of documents set forth in Attachment "A" available to the undersigned counsel for W.R. Grace & Co. for inspection and copying at least one week before the first deposition scheduled as a result of this Subpoena.

This subpoena has been issued by the United States District Court for the Southern District of Mississippi. You must appear, give testimony, and produce all of the materials described in this subpoena and its attachments for inspection and copying and must do so at the time and place set out in this subpoena. Your failure to do so may be punished as a contempt of the United States District Court for the Southern District of Mississippi.

Pursuant to the requirements of Federal Rule of Civil Procedure 45(a)(1)(D), a copy of the provisions of Rule 45(c) and (d) of the of the Federal Rules of Civil Procedure are reproduced as an attachment to this subpoena.

Dated: February 26, 2007

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
Marcy B. Croft (MSB# 10864)
Mary Margaret Ratliff (MSB# 100672)
200 South Lamar Street, Suite 100
Jackson, MS 39201
Telephone: (601) 974-8719


KIRKLAND & ELLIS LLP
David M. Bernick
Ellen Therese Ahern
Salvatore Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

-and-

KIRKLAND & ELLIS LLP
Barbara M. Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.  The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2.  "Ms. Pamela (May) Hare," "Pam May," "Pamela May" "Pam Hare," "Pamela Hare," "You," or "Your" shall mean and include the individual to whom this request is directed, and any member of her household, employment or staff as well as any business entity with which she is affiliated, or any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to her direction and control of, any of them.

3.  "Heath Mason" shall mean and include Mr. Charlie Heath Mason, owner and incorporator of N&M, Inc., any member of his staff or other business entity with which he is affiliated, or any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

4.  "Debtors" or "Grace" shall mean and include any of the following entities, either individually or collectively: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New

Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

5. "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim. Such claims shall include, but are not limited to, claims for emotional harm, mental distress and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed or sold by the Debtors.

6. "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents,

4

attorneys, consultants, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them. "Claimant" shall include, without limitation, Persons listed in the text-searchable, electronic media file on the CD-ROM/computer disk that is Attachment B.

6. "Claimants' Firm" shall mean any lawyers who represent or represented a Claimant and their predecessors, successors, affiliates, divisions and acquired law firms thereof, and any partners, employees, agents, investigators, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of said entity.

7. "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

8. "Silica-Related Disease" shall mean any bodily injury, sickness or disease, or impairment alleged to have been caused by exposure to silica or silica-containing products.

9. "Doctor" shall mean any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated party to provide any of the following services: "B-Reading," chest x-ray reading or interpretation, performing, administering or interpreting pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

10. "Screening Company" shall mean any Person who has been hired, retained, consulted, or otherwise paid on behalf of you, the Claimant or a Claimants' Firm or any affiliated party to provide any of the following services: administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining Doctors to perform

5

medical examinations and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

11. "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

12. "B-reading" shall mean and include, without limitation, a physician's report of finding from a Claimant's chest radiograph, using the classification system devised by the ILO.

13. "Medical Services" shall mean and include, without limitation, any and all tests or examinations which are used in the diagnosis of pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations. Such tests or examinations include, but are not limited to, "B-reading," chest x-ray reading or interpretation,, performing, administering or interpreting PFTs, performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

14. "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis and/or detect pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review. Such tests or examinations include, but are not limited to: the administration of x-rays, the PFTs, or the taking of occupational or asbestos or silica exposure histories.

15. As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

16.  "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

17.  "Person" includes a natural person or any business, legal, or government entity or association.

18.  "Identify," when used in reference to:

   a. a natural person, shall mean to state the person's full name, present or last-known home address and telephone number, present or last-known job title, employment address and telephone number.

   b. any other person, shall mean to state the person's full name and present or last known-address (designating which); and

   c. a document, shall mean to describe the document by date, author(s), addressee(s), recipient(s), title and general subject matter and content.

19.  Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

20.  Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in chronological order, setting forth as to each the following: (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

21.  If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

22.  Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

23. References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

### REQUEST NO. 1:

All documents relating to Medical Services, Screening Services or x-ray services you provided to any Claimant.

### REQUEST NO. 2:

All documents relating to your, Heath Mason's, Molly Netherland's, or N&M., Inc.'s (or Netherland & Mason, Inc.'s or any Screening Company's or any x-ray service company's) practices and procedures for providing Medical Services, Screening Services or x-ray services including, but not limited to, any instructions, handouts, manuals, guidebooks, questionnaires, protocols or criteria.

### REQUEST NO. 3:

All documents relating to any correspondence, contacts, relationships, agreements, business dealings, meetings, proposals or contracts between you, Heath Mason, Molly Netherland, N&M, Inc., Netherland & Mason, Inc., any Screening Company, any x-ray service company and any Claimants' Firm or Doctor.

### REQUEST NO. 4:

All x-ray logs, sign-in logs, pulmonary function test calibration logs or other documents recording the number, name of individuals and/or locations for the days that you provided Medical Services, Screening Services or x-ray services for any Claimant, including but not limited to journals about exposure settings and development time.

### REQUEST NO. 5:

All documents relating to, and identifying, wages, payments or other compensation you received from Heath Mason, Molly Netherland, N&M, Inc., Netherland & Mason, Inc., any Screening Company, any x-ray service company, any Claimants' Firm or any Doctor.

### REQUEST NO. 6:

All calendars, date books, memoranda books, expense account records or appearance diaries or documents relating to the dates and locations of the Medical Services and/or Screening Services and/or x-ray services in which you participated or were present.

**REQUEST NO. 7:**

All documents describing your, or Heath Mason's, Molly Netherland's, N&M, Inc.'s, Netherland & Mason, Inc.'s or any Screening Company's or any x-ray service company's record keeping practices relating to the provision of Medical Services, Screening Services or x-ray services provided to any person for an Asbestos-Related Disease.

**REQUEST NO. 8:**

All documents produced or provided by you or any member of your immediate family in response to any request or subpoena from the United States Congress, or any Committee or Member thereof.

**REQUEST NO. 9:**

All documents indicating any application for and certifications and/or licensing you have received with any state or federal agency.

**REQUEST NO. 10:**

All documents relating to your training to perform any Medical Services, Screening Services or x-ray services, including N&M employee training policies, N&M x-ray procedures and/or policies, N&M safety or quality control procedures, technical guides on the use of equipment, and instruction manuals.

**REQUEST NO. 11:**

All documents relating to the type of machines you operated to generate x-ray images for N&M, Inc., Heath Mason, Molly Netherland or any x-ray service company, including but not limited to records relating to purchase, inspection and maintenance of equipment, calibration notes, and records or journals concerning x-ray equipment and process.

**REQUEST NO. 12:**

All documents relating to the power sources and level of power used by the x-ray machines that you operated for N&M, Inc., Heath Mason, Molly Netherland or any x-ray service company, including but not limited to journals about kilovoltage peaks ("KVPs") settings, exposure settings, radiation leaks, etc.

**REQUEST NO. 13:**

All documents related to whether you generated x-rays with different exposure levels based on the type of disease for which N&M, Inc., Heath Mason, Molly Netherland or any x-ray service company were screening.

**REQUEST NO. 14:**

All documents related to the level of mottle present in the x-rays you generated for N&M, Inc., Heath Mason, Molly Netherland or any x-ray service company.

**REQUEST NO. 15:**

All documents relating to any current or prior notice of review from any health-related agency or regulatory body, authority, governmental agency, claims services, service provider, or claims manager that you or Heath Mason, N&M, Inc., Netherland & Mason, Inc. or any Screening Company or any x-ray service company have received related to the sufficiency, reliability and/or acceptability of practices and procedures for providing Medical Services, Screening Services or x-ray services.

**REQUEST NO. 16**

All documents relating to any current or prior legal action or proceeding where a court, adjudicating body, or judge has addressed, questioned, considered, made a determination related to, or otherwise referred to the sufficiency, reliability and/or acceptability of your, Heath Mason's, N&M, Inc.'s, Netherland & Mason, Inc.'s or any Screening Company's or any x-ray service company's practices and procedures for providing Medical Services or Screening Services.

**REQUEST NO. 17:**

All documents relating to, and identifying, any health-related agency or regulatory body, authority, governmental agency, claims services, service provider, or claims manager who has ever deemed your, Heath Mason's, N&M, Inc.'s, Netherland & Mason, Inc.'s or any Screening Company's or any x-ray service company's practices and procedures for providing Medical Services, Screening Services or x-ray services to be insufficient, unreliable, and/or otherwise unacceptable.

**REQUEST NO. 18:**

All documents relating to any current or preceding regulatory or disciplinary action or proceeding against you, Heath Mason, N&M, Inc., Netherland & Mason, Inc. or any Screening Company or x-ray service company and/or any Person with whom any of these entities are affiliated (including, without limitation, any medical facility or business with whom any of these entities are affiliated) related to any Medical Services, Screening Services or x-ray services.

**REQUEST NO. 19:**

All documents relating to any communications, involvement, or business conducted with Jerry Pitts, the Pitts family, Molly Netherland, any x-ray service company or the organization formerly known as Pulmonary Testing Services ("PTS").

**REQUEST NO. 20:**

All documents reviewed and/or used by you to prepare for the deposition noticed herewith.