IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Re: Docket Nos. 14340, 14720, 14749
4/2/07 Agenda Item No. 3

## DEBTORS' RESPONSE TO THE PI COMMITTEE'S OBJECTION TO AMENDED DEBTORS' STATEMENT OF AMOUNTS PAID TO ORDINARY COURSE PROFESSIONALS FROM OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006

The PI Committee objects to the Debtors' Amended Statement of Amounts Paid to Ordinary Course Professionals from October 1, 2006 through December 31, 2006. In its objection, the PI Committee questions the amounts paid to Forman, Perry, Watkins, Krutz & Tardy, LLP ("Forman Perry") as compensation for services rendered and reimbursement of expenses disclosed on the Amended Statement. The objection is unsupported and vague.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 11685433.6

Further, the objection appears to be a precursor objection to either the Debtors' application to retain Forman Perry or to Forman Perry's anticipated fee application. In any event, the objection should be overruled.

### Amounts Paid to Forman Perry Disclosed in Amended Statement

The Amended Statement, which covers the time period of October 1, 2006 through December 31, 2006, discloses that Forman Perry had been paid a total of $147,400.41 by the Debtors. The PI Committee objects to the amounts paid to Forman Perry as compensation for services rendered and reimbursement of expenses as disclosed on the Amended Statement. However, the PI Committee does not outline any bases for its objection. The PI Committee also does not state whether it is objecting specifically to the amounts that the Debtors have paid Forman Perry or to the specific services provided by Forman Perry.

On March 15, 2007, the PI Committee requested that the Debtors provide copies of all invoices that Forman Perry submitted to the Debtors since April 2, 2001. The OCP Motion[2] provides that "[t]o the extent parties-in-interest have questions or concerns related to payments to any Ordinary Course Professional, the Debtors will supply such parties with additional information regarding the work performed and the fees and expenses incurred to permit such parties to reasonably evaluate such payments." After assembling the requested invoices and redacting any privileged information, the Debtors will provide such invoices to the PI Committee.

---

[2] Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 1107(A) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business dated April 2, 2001 (Docket No. 30) (the "OCP Motion").

Pursuant to the OCP Order[3], since the PI Committee has objected to the Amended Statement as it pertains to Forman Perry, the Court shall determine the reasonableness and necessity of Forman Perry's fees and expenses. Section 330 provides that a court may award reasonable compensation for all actual, necessary services performed by the professional. In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833 (3d Cir. 1994). Tasks performed by counsel are "necessary," and thus compensable if those tasks reasonably facilitate the successful representation of the debtor or the estate. See In re Rheam of Indiana, Inc., 133 B.R. 325 (E.D. Pa. 1991). Put another way, "[i]n order for legal services to be compensable, they must have benefited the bankruptcy estate." In re C & A Enters., Inc., 132 B.R. 303, 308 (Bankr. W.D. Pa. 1991). Under section 330, a fee applicant should be paid "reasonable compensation for actual [and] necessary services," taking into account all relevant factors, including "(i) the nature of the services, (ii) the extent of services, (iii) the value of the services, (iv) the time spent on services, and (v) the cost of comparable services in nonbankruptcy cases." Busy Beaver, 19 F.3d at 840-41. Further, the Third Circuit has recognized that section 330 takes a "market-driven" approach. Id. at 852.

Forman Perry has been providing indispensable and vital services with respect to obtaining and analyzing discovery from third parties such as screening companies, doctors, pulmonary function test technicians and transcriptionists responsible for the creation, screening, diagnosis, and handling of asbestos and silica claims. This discovery is vital to the preparation of the Debtors' case regarding asbestos personal injury claims estimation. Forman Perry has extensive experience and expertise in this area and is uniquely able to provide these specialized

---

[3] Order Pursuant to 11 U.S.C. §§ 1107(A) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business dated May 3, 2001(Docket No. 197) (the "OCP Order").

legal services. The expenses for this work are being split among numerous Forman Perry clients including the Debtors. If the Debtors hired another party to perform these services, the party likely would not have the requisite experience, would need to start the process from scratch and the Debtors would bear the full brunt of all fees and expenses involved. Forman Perry has been working at a furious pace for the Debtors to obtain and analyze the discovery as the Debtors are under tight time deadlines in connection with its estimation trial of personal injury liabilities.

From October 1, 2006 through December 31, 2006, Forman Perry was paid a total of $147,400.41 in legal fees and expenses by the Debtors. The invoices paid reflect that Forman Perry's attorneys and paraprofessionals spent 514.8 hours working on these Cases. The breakdown for each of the paid invoices is as follows:

| Invoice Number | Invoice Date | Dates of Services Rendered | Fees | Expenses | Total |
|---|---|---|---|---|---|
| 625878 | 04/20/06 | 10/31/05-11/30/05 | $22,072.50 | $51.93 | $22,124.43 |
| 635188 | 05/24/06 | 12/01/05- 12/29/05 | $20,375.00 | $6,144.62 | $26,519.62 |
| 635343 | 05/24/06 | 01/04/06-01/31/06 | $12,135.00 | $12,024.28 | $24,159.28 |
| 635710 | 05/25/06 | 02/06/06- 02/28/06 | $13,371.00 | $13, 145.39 | $26,516.39 |
| 678071 | 12/01/06 | 06/01/06-06/30/06 | $46,093.00 | $1,987.69[4] | $48,080.69 |
| | | | | Total Fees & Expenses: | $147,400.41 |

---

[4] The expenses for Invoice Number 678071 include $1,164.16 for Absalom, Inc., a document management vendor who collects documents, performs substantive coding and creates and maintains database access, for its work on behalf of the Debtors. As disclosed in the Debtors' application to employ Forman Perry as special asbestos personal injury third party discovery counsel (Docket No. 14720), at the time of its initial retention as an OCP, Forman Perry directly paid Absalom, Inc. and then billed the Debtors for reimbursement of Absalom, Inc.'s fees as a line item expense on their invoices. Once the Debtors realized the extent of the work being done by Absalom, the Debtors directed Absalom to bill the Debtors directly. As a result, for the last number of months and going forward, Absalom's services were submitted to Debtors' counsel Kirkland & Ellis LLP who then submitted the Absalom bills as expenses to the Debtors on their fee applications consistent with this Court's Order Authorizing the Retention of Experts (Docket No. 514), dated June 22, 2001.

K&E 11685433.6

The services that Forman Perry's attorneys and paraprofessionals performed as reflected in the above invoices included the following, *inter alia*:

- Investigated and analyzed documents and materials related to the diagnosis and screening of historical and current Grace claimants;
- Met with third-party claims processors and other parties regarding obtaining additional information on all Grace claimants and their screening histories;
- Met with representatives from the various asbestos trusts in an effort to obtain diagnosing and exposure information on relevant Grace claimants,
- Reviewed and revised subpoenas, document requests, depositions upon written questions to doctors and screening companies;
- Coordinated the service of subpoenas to doctors and screening companies including a determination of proper service parties and addresses and monitored the status of all responses to the subpoenas and developed strategies for additional actions regarding the responses;
- Assisted with responding to objections to subpoenas and motions to quash subpoenas;
- Addressed issues regarding HIPPA related to materials and documents in the possession of certain parties;
- Assisted with the depositions of doctors and screening companies including reviewing numerous documents, invoices and tax returns, analyzing prior testimony, drafting memoranda, taking the depositions of certain doctors, preparing exhibits and impeachment materials to be used at depositions;
- Researched the claims of various plaintiffs in other class action lawsuits to determine connection to plaintiffs' firms and asbestos claimants; and
- Created and organized database of all non-privileged screening and diagnosing documents relevant to Grace claimants onto secure on-line website.

The Debtors respectfully submit that the services for which Forman Perry was compensated as outlined in the Amended Statement were, at the time rendered, believed to be necessary for and beneficial to the Debtors and their estates and were rendered in order to protect and preserve the Debtors' estates. The Debtors respectfully submit that the services rendered were performed economically, effectively and efficiently. The Debtors further submit that the compensation paid to Forman Perry is reasonable in light of the nature, extent and value of such services. The services were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved. Accordingly, the Court

K&E 11685433.6

should determine that Forman Perry's fees and expenses were reasonable and necessary and overrule the PI Committee's objection.

### Amounts Paid to Forman Perry Disclosed in Application

On March 1, 2007, the Debtors filed an application to employ Forman Perry as special asbestos personal injury third party discovery counsel (the "Application") (Docket No. 14720). In the Application, the Debtors disclosed that since Forman Perry's retention as an ordinary course professional ("OCP") in December, 2005 until the date of the Application, Forman Perry had billed, and received compensation from the Debtors for, approximately $350,225.30 in legal fees and $177,444.61 in expenses associated with their work for the Debtors.

The Amended Statement is correct. The Debtors paid Forman Perry a total of $147,400.41 as of December 31, 2006. Since that date, however, the Debtors have paid Forman Perry an additional $236,178.80 in fees and $144,090.70 in expenses for services rendered between March 2006 and October 2006.[5] Thus, the total amount paid to Forman Perry as of March 1, 2007 was $350,225.30 in fees and $177,444.61 in expenses. This is below the $800,000 limit placed on services rendered by an OCP. See Second Amended Order Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Businesses (Docket No. 12855).

The Debtors are not required to file another OCP Statement until April 10, 2007. When required to do so, the Debtors will include the $236,178.80 in fees and $144,090.70 in expenses paid to Forman Perry since December 31, 2006. Any and all additional fees and expenses billed by Forman Perry to the Debtors will be included in Forman Perry's monthly fee applications to

---

[5] The expenses for these paid invoices include $68,898.68 for Absalom, Inc. See footnote 5 for further discussion regarding Absalom, Inc.

be filed once they are retained as a regular professional and will be subject to this Court's interim compensation order.

In their objection, the PI Committee also notes that the Forman Perry retention application discloses that Forman Perry has incurred but not yet paid for a total amount of approximately $1.3 million in legal fees and $250,000 in expenses. The PI Committee then states that it "objects to all compensation for services rendered and reimbursement of expenses paid to Forman Perry." Objection at n. 1. Again, the PI Committee does not state the bases for its objection. To the extent the objection is to the reasonableness or necessity of the services, that has been addressed above. Further, all of the unpaid time will be included in Forman Perry's first fee application which will be subject to review by all parties and the fee auditor.

The PI Committee's objection should be denied as it provides no basis for objecting to the Amended Statement. Merely stating the amounts that were paid to Forman Perry are objectionable, without more, is insufficient.

WHEREFORE, the Debtors respectfully request that the PI Committee's objection to the Amended Statement be overruled.

Dated: March 16, 2007

> KIRKLAND & ELLIS LLP
> David M. Bernick, P.C.
> Janet S. Baer
> Andrea L. Johnson
> 200 East Randolph Drive
> Chicago, IL 60601
> Telephone: (312) 861-2000
> Facsimile: (312) 861-2200
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB LLP.
>
> /s/ James E. O'Neill
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705 (Courier 19801)
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> Co-Counsel for the Debtors and
> Debtors in Possession

K&E 11685433.6