**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: None** |
| | ) | **Hearing Date: None** |
| | ) | **Related to Docket Nos. 14720, 14721** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY
CLAIMANTS TO THE DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S
DECEMBER 19, 2006 SCHEDULING ORDER AND DECEMBER 14, 2006 CASE
MANAGEMENT ORDER REGARDING DEBTORS' APPLICATION TO EMPLOY
FORMAN PERRY WATKINS KRUTZ & TARDY, LLP [DI 14721]**

The Official Committee of Asbestos Personal Injury Claimants (the "Committee"), by

and through its undersigned counsel, respectfully submits this objection ("Objection") to the

Debtors' Motion for Leave from this Court's December 19, 2006 Scheduling Order and

December 14, 2006 Case Management Order Regarding the Debtors' Application to Employ

Forman Perry Watkins Krutz & Tardy, LLP.  In support of this Objection, the Committee states

as follows:

**PROCEDURAL BACKGROUND**

1.       On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and its affiliated debtors

and debtors in possession (collectively, the "Debtors") commenced the instant proceedings by filing

voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code") with the Clerk of this Court.  The Debtors continue to operate their businesses and manage

their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy

Code.  On the Petition Date, the Court entered an order authorizing the joint administration of these

cases for procedural purposes.

2.      No trustee or examiner has been appointed in these cases.  On April 12, 2001, the United States Trustee for the District of Delaware (the "US Trustee") appointed this Committee, the Official Committee of Asbestos Property Damage Claimants, and the Official Committee of Unsecured Creditors.  On June 18, 2001, the U.S Trustee appointed the Official Committee of Equity Security Holders.  On May 24, 2004, this Court signed an Order appointing David T. Austern as the Legal Representative for Future Asbestos Claimants.

## **PROCEDURAL HISTORY**

3.      On December 14, 2006, this Court signed the Second Amended Order Establishing Case Management Procedures and Hearing Schedule [DI 14028] (the "Case Management Order").  The Case Management Order includes the following language:

### Filing of Motions and Objections

(a) <u>Filing of Motions and Applications</u>
Unless the Federal Rules of Bankruptcy Procedure state otherwise, all motions and applications shall be filed and served in accordance with Del. Bankr. LR 2002-1(b) at least thirty-two (32) days (thirty-five (35) days if service is by mail) prior to hearing.
. . .
(c) <u>Objection Deadline</u>
The objection deadline to respond to any Motion shall be at least seventeen (17) days prior to the noticed omnibus hearing (equivalent to three (3) days prior to the deadline to file the Preliminary Agenda and Preliminary Hearing Notebook) (the "Objection Deadline").

*Case Management Order, page 4.*

4.      The December 19, 2006 Amended Order Scheduling Omnibus Hearing Dates for 2007 (the "Scheduling Order") (collectively with the Case Management Order, the "Controlling Orders") establishes the deadline to file motions for the 2007 calendar year omnibus hearings. Specifically, the Scheduling Order provides that pleadings, such as the Application at issue, must have been filed by February 26, 2007 (the "Filing Deadline") to be considered at the April 2,

2007 omnibus hearing.  In addition, the Scheduling Order establishes March 16, 2007 as the objection deadline for the April 2, 2007 omnibus hearing.

5.      On March 1, 2007, the Debtors filed their Motion for Leave from this Court's December 19, 2006 Scheduling Order and December 14, 2006 Case Management Order Regarding the Debtors' Application to Employ Forman Perry Watkins Krutz & Tardy, LLP [DI 14721] (the "Motion to Shorten") and the Debtors' Application to Employ Forman Perry Watkins Krutz & Tardy, LLP [DI 14720] (the "Application").

6.      As the Application did not comply with the Controlling Orders, the Motion to Shorten seeks entry of an Order: (i) granting the Debtors leave from this Court's Scheduling Order and this Court's Case Management Order; (ii) scheduling the Application for the April 2, 2007 omnibus hearing; (iii) shortening the notice period with respect to the Application; and (iv) establishing the objection deadline for the Application as March 20, 2007 at 12:00 p.m., less than two weeks before the April 2, 2007 Hearing.

7.      In support of the Motion to Shorten, the Debtors assert that leave from the Scheduling Order and the Case Management Order is appropriate to permit the Application to be heard at the April 2, 2007 Hearing "as the filing was delayed due to the Debtors working with Forman Perry to obtain an accurate and up-to-date amount of unpaid legal expenses and fees as of the date of th[e] Application."  *Motion to Shorten, page 2*.  The Motion to Shorten also asserts "certain invoices had been delayed for a time period due to Forman Perry providing services to several clients, including the Debtors . . . and the time involved in calculating complex cost-sharing issues related to this work."  *Id.*

8.    Fed. R. Bankr. P. 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time . . . by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

## **OBJECTION**

9.    The Motion at issue should be denied because it does not comply with the Controlling Orders, sufficient cause has not been shown in the Motion to Shorten for relief from the Controlling Orders, and the Application raises significant issues which must be clarified and/or considered after relevant information and documents are produced and considered.

**No Sufficient Cause for Leave from**
**this Court's Controlling Orders**

10.    In an attempt to justify the shortened notice, the Motion vaguely alleges that the filing of the Application "was delayed due to the Debtors working with Forman Perry to obtain an accurate and up-to-date amount of unpaid legal expenses and fees as of the date of th[e] Application."  Of note, the Motion to Shorten does not present any factual evidence, or even argument, as to why the Application needs to be considered at the April 2, 2007 Hearing.  There is no argument that the Debtors' estates will be adversary affected by considering the Application at the May 2, 2007 hearing; there is no argument that it is in the "best interests" of the Debtors and creditors to have the Motion heard at the April 2, 2007 Hearing; there is no contention that the failure to hear the Application at the April 2, 2007 Hearing will somehow affect other matters scheduled to be heard during that hearing; and there is no contention that consideration of the Motion to Shorten during the April 2, 2007 Hearing is somehow necessary due to the work that Forman Perry is undertaking.  Most significantly, there is minimal explanation as to why Forman Perry could not attend to its book-keeping issues, for nearly one year, in order to timely comply with this Court's Controlling Orders.

11.    The failure of the Application to be timely filed is a delay of Forman Perry's making.  Thus, the Motion to Shorten has utterly failed to establish any factual basis as to why this Court should set aside the Controlling Orders and hear the Application on shortened notice.  Indeed, the fact that the Application should have been filed nearly one year ago argues against any leave from this Court's Controlling Orders that the Application should be heard on shortened notice.

**The Application Raises Substantial Issues Which Must**
**Be Considered Before the Hearing Should Go Forward**

12.    The Application seeks to retain Forman Perry as special asbestos personal injury third party discovery counsel for the Debtors and discloses that in addition to the approximately $350,225 that Forman Perry has received in legal fees and $177,444 in expenses reimbursed, Forman Perry claims an additional approximately $1,300,000 in legal fees and $250,000 in expenses.  Aside from the Committee's concern over the amount of these claimed fees and expenses, there are significant questions regarding whether Forman Perry is entitled to *nunc pro tunc* retention to April 1, 2006, as well as whether the Application should be granted at all.  In support of the request, the Application states that:

> "Forman Perry is providing services to several clients with respect to obtaining and analyzing discovery from third parties such as screening companies and doctors.  Forman Perry is splitting the costs of these services among these several clients . . . However, the cost-sharing arrangement initially slowed down the timing with respect to receiving certain invoices, thus causing this build-up in fees and unreimbursed expenses."

*Application, ¶12.*

13.    The Application does not disclose the "several clients" that Forman Perry is sharing the results of its discovery analysis with.  The Application does not produce the "complex cost-sharing" arrangement.  Nor does it disclose the terms of the "complex cost-

sharing" arrangement and how the costs are split among the "several clients".  Until such

information is disclosed, the Court will have no basis to determine whether the terms of Forman

Perry's retention, *nunc pro tunc* to April 1, 2006, are appropriate.[1]

14.     Neither the Application, nor the "Affidavit of Marcy B. Croft in Support of the

Debtors' Application to Employ Forman Perry Watkins Krutz & Tardy, LLP" (the "Croft

Affidavit"), disclose the other clients of Forman Perry that are splitting the costs of their work.

Since there has been no disclosure, this Court has no information regarding whether these other

clients of Forman Perry have indirect asbestos claims (for example, for indemnification or

contribution) against the Debtors.  Until that information is produced, this Court cannot

determine whether Forman Perry meets the requirements of section 327(e) of the Bankruptcy

Code, that it "does not represent or hold any interest adverse to the debtor or to the estate with

respect to the matter on which such attorney is to be employed."

15.     The Application also contains an inconsistency with regards to the scope of the

retention of Forman Perry.  Specifically, the Application states that the Debtors "seek to retain

Forman Perry . . . to advise and represent the Debtors with respect to certain key third party

discovery conducted in connection with the evaluation of Debtors' asbestos-related personal

injury claimants." *Application, ¶ 14*.  However, the Croft Affidavit, at paragraph 5, states that

"Forman Perry will provide such services as Forman Perry and the Debtors deem necessary,

*including but not limited to* work related to certain key asbestos personal injury third party

discovery." (*Emphasis added*).  If granting the relief requested in the Application is otherwise

appropriate, the scope of the retention of Forman Perry should be clarified.

---

1 The Application does disclose the "customary hourly rates for services of this size and
complexity" of various billing professionals within Forman Perry, but does not disclose how
these rates are impacted by the cost-sharing agreement.

## **CONCLUSION**

16.     The Motion to Shorten does not present sufficient cause to alter the deadlines established in the Controlling Orders for consideration of the Application during the April 2, 2007 Hearing.  In addition, the Application raises numerous questions, including those identified herein, which must be addressed prior to a full hearing on the Application.

## **RESERVATION OF RIGHTS**

17.     By filing this Objection, the Committee does not waive any rights to object to the Application, to conduct discovery, and hereby reserves all of its rights in these regards.

(Remainder of Page Intentionally Left Blank)

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an Order (i) sustaining this Objection; (ii) denying the Motion; and (iii) granting such other and further relief as is just and equitable.

Dated: March 19, 2007

CAMPBELL & LEVINE, LLC

*/S/ Mark T. Hurford*
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 King Street, Suite 300
Wilmington, DE 19801
(302) 426-1900

   -and-

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
399 Park Avenue
New York, NY 10022-4614
(212) 319-7125

   -and-

CAPLIN & DRYSDALE, CHARTERED
Peter Van N. Lockwood
Nathan D. Finch
One Thomas Circle, N.W.
Washington, D.C. 20005
(202) 862-5000

Counsel to the Official Committee
   of Asbestos Personal Injury Claimants