IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Hearing Date:  April 9, 2007 9:00 a.m. |
| | ) | Pittsburg, PA |
| | ) | Response Deadline:  March 19, 2007 |
| | ) | Related Docket No. 9315 |
| | | (Related Document 14594) |

## DECLARATION OF TERENCE D. EDWARDS IN SUPPORT OF CALIFORNIA STATE UNIVERSITY'S OPPOSITION TO GRACE'S MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS

THE BRANDI LAW FIRM
THOMAS J. BRANDI
TERENCE D. EDWARDS
44 Montgomery Street, #1050
San Francisco, CA 94104
Telephone:  (415) 989-1800
Facsimile:  (415) 989-1801

SPEIGHTS & RUNYAN
C. ALAN RUNYAN
MARION C. FERRY
200 Jackson Avenue East
Post Office Box 685
Hampton, South Carolina 29924
Telephone:  (803) 943-4444
Facsimile:  (803) 943-4599

LOIZIDES & ASSOCIATES
CHRISTOPHER LOIZIDES
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile:  (302) 654-0728

I, TERENCE D. EDWARDS, declare:

1.      I am an attorney at law licensed to practice in all the courts of the State of California and am with the BRANDI LAW FIRM, attorneys of record for CALIFORNIA STATE UNIVERSITY. I make this declaration of my own personal knowledge and, if called as a witness, I could testify competently thereto.

2.      Attached as Exhibit A is a true and correct copy of Graces discovery responses provided to claimant.

3.      Attached as Exhibit B is a true and correct copy of an exemplar Claim form filed by claimant.

4.      Attached as Exhibit C is a true and correct copy of the first amendment to claim forms filed by claimant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of March, 2007, at San Francisco, California.

_____

TERENCE D. EDWARDS

DECLARATION OF TERENCE D. EDWARDS IN SUPPORT OF CALIFORNIA STATE UNIVERSITY'S OPPOSITION TO GRACE'S MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS

# EXHIBIT A

# ReedSmith

## FAX

## FAX TRANSMITTAL

Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219-1886
412.288.3131
Fax 412.288.3063

**TO** _Mr. Speights_

**Company**

**Fax** _803-943-4599_

**Phone**

**FROM** _Traci Rea_

**Phone**

**Fax** _412-288-3063_

**Date/Time** _3-12-07, 5:09 pm_

**Total Number of Pages Including Cover Page** _62_

**Original will follow via:** ☐ Regular Mail ☐ Overnight Delivery ☐ Messenger ☐ None

**COPIES TO:**

| Name | Company | Fax | Time Sent |
|------|---------|-----|-----------|
| | | | / |
| | | | / |
| | | | / |
| | | | / |
| | | | / |

**NOTES:**

RECEIVED
MAR 13 2007
SPEIGHTS & RUNYAN

If you do not receive all of the pages, please call _____ at _____

Please Transmit Before: ☐ 9 ☐ 10 ☐ 11 a.m. ☐ 12 ☐ 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5 ☐ 6 ☐ 7 ☐ 8 p.m.

Client Number: _____ Matter Number: _____ Attorney Number: _____

Transmission Time: _____ : _____ a.m./p.m. Finish Time: _____ : _____ a.m./p.m.

Operator: _____

PLEASE NOTE: The information contained in this facsimile message may be privileged and confidential, and is intended only for the use of the individual(s) or entity named above who has been specifically authorized to receive it. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return all pages to the address shown below. Thank you.

LONDON ♦ NEW YORK ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ PRINCETON ♦ FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ LEESBURG

reedsmith.com

# ReedSmith

Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219-1886
412.288.3131
Fax 412.288.3063

Traci S. Rea
Direct Phone: 412.288.4184
Email: TRea@reedsmith.com

March 12, 2007

## VIA FACSIMILE AND FIRST CLASS U.S. MAIL

Christopher D. Loizides, Esq.
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington DE 19801

Daniel A. Speights, Esq.
Marion C. Fairey, Jr., Esq.
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924

Re:   W. R. Grace & Co. et al., No 01-1139 (JKF)

Counsel:

Please find enclosed: (1) Debtors' Responses and Objections to CSU Dominguez Hills – Education Resource Center (Claim No. 9888) First Set of Interrogatories, First Request for Admission and First Request for Production of Documents; (2) Debtors' Responses and Objections to Certain CSU Property Damage Claimants' First Set of Interrogatories, First Request for Admissions and First Request for Production of Documents; (3) Debtors' Responses and Objections to Certain UC Property Damage Claimants' First Set of Interrogatories, First Request for Admissions and First Request for Production of Documents; and (4) Debtors' Responses and Objections to Certain UC Property Damage Claimants' First Set of Interrogatories, First Request for Admissions and First Request for Production of Documents.

Very truly yours,

REED SMITH LLP

By:   Traci S. Rea

TSR:kw

Enclosures

NEW YORK ◆ LONDON ◆ CHICAGO ◆ PARIS ◆ LOS ANGELES ◆ SAN FRANCISCO ◆ WASHINGTON, D.C. ◆ PHILADELPHIA ◆ PITTSBURGH ◆ OAKLAND
MUNICH ◆ ABU DHABI ◆ PRINCETON ◆ NORTHERN VIRGINIA ◆ WILMINGTON ◆ BIRMINGHAM ◆ DUBAI ◆ CENTURY CITY ◆ RICHMOND ◆ GREECE

reedsmith.com

PGHLIB-2003552.3-TSREA 3/12/07 2:42 PM

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: W. R. GRACE & CO., et al., | ) ) ) ) ) ) ) ) | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Related Docket No: 14520 |
| Debtors. | | |

## DEBTORS' RESPONSES AND OBJECTIONS TO CSU DOMINGUEZ HILLS – EDUCATION RESOURCE CENTER (CLAIM NO. 9888) FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSION AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Debtors submit the following Responses and Objections to CSU Dominguez Hills – Education Resource Center (Claim No. 9888) ("Claimant") First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents ("Discovery Requests").

## GENERAL OBJECTIONS

1.     Debtors object to the definitions and instructions contained in the Discovery Requests to the extent that said definitions and instructions purport to impose discovery obligations beyond those required by Fed. R. Civ. P. 26, 33, 34, 36 and Rules 7026, 7033, 7034, 7036 of the Federal Rules of Bankruptcy Procedure.

2.     Debtors object to the definitions of the terms "Grace", "you" and "your" contained in the Discovery Requests as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in these Chapter 11 cases or any other proceeding.  Debtors will construe the term "Grace" as only those entities who are debtors in these Chapter 11 cases.

3.     Debtors object to the definition of the terms "surfacing treatment" and "surface treatment" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in these Chapter 11 cases. Debtors will construe the terms "surfacing treatment" and "surface treatment" to mean asbestos-containing surfacing products.

4.     Debtors object to the Discovery Requests to the extent they seek information or identification of documents beyond the permissible scope of discovery or impose burdens beyond those permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

5.     Debtors object to the Discovery Requests as overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

6.     To the extent any of the Discovery Requests call for or may be construed as calling for information or the identification of documents subject to a claim of privilege against disclosure, including, without limitation, the attorney-client privilege and the work product doctrine, and/or otherwise protected by applicable common-law or statutory privileges or otherwise immune from discovery (collectively, "Privileged Information"), Debtors hereby claim such privilege or privileges. Accordingly, Debtors object to the production of Privileged Information or documents containing Privileged Information and will not produce such documents. Inadvertent production of such documents or information shall not constitute a waiver of any privilege on any grounds.

7.     Debtors object to the Discovery Requests to the extent that they ask Debtors to disclose confidential, trade secret, competitively sensitive, or commercial information, including internal corporate documents and materials, that could irreparably harm Debtors (including subsidiaries or affiliates) if disclosed to competitors. Debtors will not produce such information to Claimant until Claimant signs an appropriate confidentiality agreement.

- 2 -

8.     Debtors' partial response to any Interrogatory, Document Request or Request for Admission is not a waiver of its objection or right to object to any additional, supplemental, or further Interrogatories, Document Requests or Requests for Admission or parts thereof, but is instead volunteered in an effort to avoid potential discovery disputes. Additionally, Debtors' response to an Interrogatory, Document Request or Request for Admissions is not a waiver of Debtors' objection to other Interrogatories, Document Requests or Requests for Admission.

9.     Debtors object to the Discovery Requests to the extent they seek information or identification of documents in the possession of third parties and/or not presently in Debtors' possession, custody, or control on the grounds that such requests are beyond the scope of permissible discovery and are unduly burdensome. Debtors further object to the Discovery Requests on the grounds that they are overbroad, oppressive, and unduly burdensome, to the extent they purport to require Debtors to provide information or identify documents of other parties to this action, or of third parties, or from publicly available sources. Accordingly, Debtors' responses to these Discovery Requests do not include or incorporate such information.

10.     Debtors object to producing documents already in Claimant's possession, custody, or control.

11.     Neither the fact that Debtors have responded to these Interrogatories, Document Requests and Requests for Admissions (or any other discovery request) nor the responses themselves shall constitute an admission or acknowledgement that such Interrogatories, Document Requests or Requests for Admissions (or other discovery requests) are proper, that the information sought is relevant, material, or otherwise within the proper bounds of discovery, or that other discovery requests will be treated in a similar fashion in this or any other proceedings. Further, no response by Debtors to any Interrogatory or Document Request (or other discovery request) shall be deemed to constitute an admission of any fact or matter set forth or assumed in any discovery request.

12. Debtors reserve the right to make future motions and objections relating to these Discovery Requests at any subsequent stage of this action, including, but not limited to, the right to object to the use of any responses, or the subject matter thereof, on any ground (including materiality and relevance) in any proceeding in any action. Debtors reserve the right to modify, supplement, revise, correct, clarify, or otherwise amend its responses in accordance with the Federal Rule of Civil Procedure 26(e). Debtors further reserve the right to object to the admissibility of any evidence based on the responses to these Discovery Requests.

Except as otherwise specified, Debtors will not search for nor will it produce information or documents subject to its General Objections or any objections made in response to a particular discovery request. The above-stated General Objections shall be deemed applicable and are incorporated by reference into each response set forth below even if not specifically referred to in such responses.

## RESPONSE TO INTERROGATORIES

1. Do you claim that the Claimant's property damage claims are barred by constructive knowledge sufficient to have caused any statute of limitation to expire? If your answer is yes, then identify with specificity:

   a. Each fact, communication or event you claim triggered the applicable statute of limitations;

   b. the applicable jurisdiction or jurisdictions and each specific statute or other authority upon which you rely.

Answer:

Subject to and not waiving the foregoing General Objections, yes. By way of further response, Debtors incorporate by reference the Report of Roger G. Morse, AIA on Summary Information Available to Building Owners and Managers About Asbestos in Buildings, 1970-1995 (the "Morse Report") filed with the Bankruptcy Court on October 17,

-4-

2005, the material referenced therein, and the opinions in *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 146 F.Supp.2d 643 (D.N.J. 2001), *aff'd* 359 F.3d 226, 232 (3d Cir. 2004). Debtors further incorporate by reference the information contained in the Claim Forms and supporting documentation submitted by the Claimant in this bankruptcy proceeding. Debtors rely on the law of the state of Delaware and the law of the state of California to support their position.

Debtors further incorporate by reference Debtors' "Road Map" of Summary Judgment Motions To Expunge Various Asbestos Property Damage Claims and Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging One Hundred Nine (109) California Asbestos Property Damage Claims Barred by Statute of Limitations which were filed with the Bankruptcy Court on February 16, 2007.

2. Identify each document, communication or event that you claim informed the Claimant that

a. the Claimant's building contained asbestos-containing Monokote or other asbestos-containing surface treatment manufactured by Grace;

b. the Mono-kote or other surfacing treatment manufactured by Grace in the Claimant's building contained asbestos;

c. the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace could release asbestos fibers into the Claimant's building;

d. the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace has released asbestos fibers into the Claimant's building;

e. the asbestos fibers released into the building from the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace posed a potential health hazard to those who used or worked in the Claimant's building;

- 5 -

**Answer:**

Debtors have made no such claim. Subject to and without waiving the General Objections, Debtors incorporate by reference their response to Interrogatory No. 1.

3.    Do you contend that the Claimant's building has been injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace? If your answer is yes then identify with specificity:

a.    the date by which you contend the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;

b.    each fact that you claim tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;

c.    each document that you claim tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;; and

d.    each person, including experts, with any personal knowledge or qualified opinion that tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace along with a summary facts known or opinions held by such person.

**Answer:**

Subject to and without waiving the General Objections, no.

4.    Do you contend that the Claimant's building has been injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace? If your answer is yes, then identify

a.    the date upon which you contend the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace;

b.  each fact which you claim tends to prove that the Claimant's building was injured or damaged by the presence of asbestos-fibers in Mono-kote or other surfacing treatment manufactured by Grace;

c.  each document which you claim tends to prove that the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace; and

d.  each person, including experts, with any personal knowledge or qualified opinion that tends to prove that the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace along with a summary facts known or opinions held by such person.

Answer:

Subject to and without waiving the General Objections, no.

## RESPONSE TO REQUEST FOR ADMISSION

1.  The Claimant's building has been injured or damaged by asbestos fibers released from Mono-kote or other surfacing materials manufactured by Grace.

Response:

Denied.

2.  The Claimant's building has been injured or damaged by the presence of asbestos in Mono-kote or other surfacing materials manufactured by Grace.

Response:

Denied.

## RESPONSE TO REQUEST FOR PRODUCTION

1.  Each document or other piece of tangible evidence which you claim constitutes constructive knowledge to the Claimant sufficient to trigger any applicable statute of limitations for asbestos property damage claims.

Response:

Subject to and not waiving the forgoing General Objections, Debtors refer the Claimant to the Morse Report, the material referenced therein and contained in the CDs that have already been provided to Claimant's counsel, and the opinions in *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 146 F.Supp.2d 643 (D.N.J. 2001), *aff'd* 359 F.3d 226, 232 (3d Cir. 2004). Debtors further refer Claimant to the documentation submitted in support of their claims in this proceeding, copies of which are in Claimant's possession.

Debtors further refer Claimant to Debtors' "Road Map" of Summary Judgment Motions To Expunge Various Asbestos Property Damage Claims, Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging One Hundred Nine (109) California Asbestos Property Damage Claims Barred by Statute of Limitations, and Debtors' Appendix to Rule 1006 Summaries with Information Attached copies of which were already provided to Claimant.

2.      Each document which evidences communications or events which you claim informed the Claimant that the building contained asbestos-containing Mono-kote or other surface treatment manufactured by Grace.

Response:

Debtors have not made such claim. Subject to and not waiving the General Objections, Debtors incorporate by reference their response to Document Request 1.

3.      Each document which evidences communications or events which you claim informed the Claimant that asbestos-containing Mono-kote or other surface treatment manufactured by Grace had released asbestos fibers into the Claimant's building.

Response:

Debtors have not made such claim. Subject to and not waiving the General Objections, Debtors incorporate by reference their response to Document Request 1.

4.     Each document which evidences communications or events which you claim informed the Claimant that asbestos fibers released into the Claimant's building from Mono-kote or other surface treatments manufactured by Grace posed a potential health hazard to those who used or worked in the Claimant's building.

Response:

Debtors have not made such claim.  Subject to and not waiving the General Objections, Debtors incorporate by reference their response to Document Request 1.

5.     Each document which evidences communications or events which you claim informed the Claimant that asbestos fibers released into the Claimant's building from the Mono-bate or other surfacing treatment manufactured by Grace had caused injury or damage to the building.

Response:

Subject to and not waiving the General Objections, Debtors have not made such claim.

6.     Each document which you allege tends to prove that the Claimant's building is or was contaminated with asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace.

Response:

Subject to and not waiving the General Objections, Debtors have not made such allegations.

7.     Each document which you allege tends to prove that Claimant's building was injured or damaged by the presence of asbestos-containing Mono-kote or other asbestos-containing surface treatment product manufactured by Grace.

<u>Response</u>:

Subject to and not waiving the General Objections, Debtors have not made such allegations.

Dated: March 12, 2007

REED SMITH LLP
James J. Restivo, Jr., Esq. (#10113)
Lawrence Flatley, Esq. (#21871)
Douglas E. Cameron, Esq. (#41644)
Traci S. Rea, Esq. (#76258)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG
    JONES & WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
Co-Counsel for the Debtors and Debtors in
Possession

- 10 -

## DECLARATION

The undersigned declares under penalty of perjury that the statements made in the foregoing Debtors' Responses and Objections to CSU Dominguez Hills – Education Resource Center (Claim No. 9888) First Set of Interrogatories, First Request For Admissions and First Request for Production of Documents are true and correct to the best of his knowledge, information and belief and based upon information provided by others that he reasonably believes to be true. The undersigned understands that statements made herein are made subject to the unsworn declarations under penalty of perjury provisions of 28 U.S.C. § 1746 (2).

Date: _March 12_, 2007

_John Port_

John Port, Controller – Legal Services
W. R. Grace & Co.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: W. R. GRACE & CO., et al., | ) ) ) ) ) ) ) ) ) | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Related Docket No: 14520 |
| Debtors. | | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2007, I caused a true and correct copy

of Debtors' Responses and Objections to CSU Dominguez Hills – Education Resource Center

(Claim No. 9888) First Set of Interrogatories, First Request For Admissions and First Request for

Production of Documents to be served on the following counsel via facsimile and first class mail:

Christopher D. Loizides, Esq.
**LOIZIDES. P.A.**
1225 King Street, Suite 800
Wilmington DE 19801

Daniel A. Speights, Esq.
Marion C. Fairey, Jr., Esq.
**SPEIGHTS & RUNYAN**
200 Jackson Avenue, East
P.O. Box 685
Hampton, S.C. 29924

*Co-Counsel for the Debtors and*
*Debtors in Possession*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: W. R. GRACE & CO., et al.,<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Related Docket No: 14520 |

## DEBTORS' RESPONSES AND OBJECTIONS TO CERTAIN CSU PROPERTY DAMAGE CLAIMANTS' FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Debtors submit the following Responses and Objections to Certain CSU Property Damage Claimants' First Set of Interrogatories, First Request for Admission and First Request for Production of Documents (the "Discovery Requests").[1]

---

1    Debtors' Responses and Objections are to the Discovery Requests served on February 8, 2007 by the following claimants: CSU Long Beach – University Theater (Claim No. 12616); CSU Fullerton – PJ&G Pollak Library (Claim No. 10020); CSU Fullerton – Performing Arts (Claim No. 10058); CSU Humboldt – Natural Resources Bldg. (Claim No. 9842); CSU Long Beach – Main Library (Claim No. 10237); CSU San Luis Obispo – Research & Development (Claim No. 11800); CSU East Bay (Hayward) – Music & Business (Claim No. 11957); CSU Sacramento – Kadema Hall (Claim No. 9970); CSU Sacramento – Alpine Hall (Claim No. 9988); CSU San Diego – East Commons and East Commons Addition (Claim No. 10208); CSU San Luis Obispo – Mott Physical Education (Claim No. 11802); CSU San Diego – Aztec Center (Claim No. 9925); CSU East Bay (Hayward) – Meikle John Hall (Claim No. 11962); CSU San Diego – Dramatic Arts (Claim No. 10230); CSU San Luis Obispo – Farm Shop (Claim No. 11817); CSU Fullerton – Physical Education (Claim No. 10019); CSU Fresno – North Gymnasium (Claim No. 10319); CSU Fresno – Psychology (Claim No. 10303); CSU Fullerton – Humanities (Claim No. 10053); CSU Stanislaus – Music (Claim No. 11866); CSU Pomona – Gymnasium (Kellogg) (Claim No. 10018); CSU Pomona – Darlene May Gym (Claim No. 10078); CSU San Francisco – Hensill Hall (Claim No. 10160); CSU San Jose – Cafeteria (Claim No. 11918); CSU Stanislaus – Drama (Claim No. 11876); CSU San Luis Obispo – Administration (Claim No, 11735); CSU Fresno – McKee Fisk (Claim No. 9838); CSU Humboldt – Forbes PE Complex (Claim No. 9839); CSU Fresno – Science (Claim No. 9889); CSU San Diego – Art II (Claim No. 9928); CSU Chico – Physical Science (Claim No. 10621); CSU San Diego – West Commons (Claim No.

Continued on following page

## GENERAL OBJECTIONS

1.      Debtors object to the definitions and instructions contained in the Discovery Requests to the extent that said definitions and instructions purport to impose discovery obligations beyond those required by Fed. R. Civ. P. 26, 33, 34, 36 and Rules 7026, 7033, 7034, 7036 of the Federal Rules of Bankruptcy Procedure.

2.      Debtors object to the definitions of the terms "Grace", "you" and "your" contained in the Discovery Requests as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in these Chapter 11 cases or any other proceeding.  Debtors will construe the term "Grace" as only those entities who are debtors in the Chapter 11 cases.

3.      Debtors object to the definition of the terms "surfacing treatment" and "surface treatment" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in these Chapter 11 cases.  Debtors will construe the terms "surfacing treatment" and "surface treatment" to mean asbestos-containing surfacing products.

4.      Debtors object to the Discovery Requests to the extent they seek information or identification of documents beyond the permissible scope of discovery or impose burdens beyond those permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

Continued from previous page
9993); CSU San Luis Obispo – Engineering West and Engineering West Addition (Claim No. 11819); CSU San Luis Obispo – Transportation Services (Claim No. 11745); CSU Chico – Butte Hall (Claim No. 10597).

5.      Debtors object to the Discovery Requests as overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

6.      To the extent any of the Discovery Requests call for or may be construed as calling for information or the identification of documents subject to a claim of privilege against disclosure, including, without limitation, the attorney-client privilege and the work product doctrine, and/or otherwise protected by applicable common-law or statutory privileges or otherwise immune from discovery (collectively, "Privileged Information"), Debtors hereby claim such privilege or privileges.  Accordingly, Debtors object to the production of Privileged Information or documents containing Privileged Information and will not produce such documents.  Inadvertent production of such documents or information shall not constitute a waiver of any privilege on any grounds.

7.      Debtors object to the Discovery Requests to the extent that they ask Debtors to disclose confidential, trade secret, competitively sensitive, or commercial information, including internal corporate documents and materials, that could irreparably harm Debtors (including subsidiaries or affiliates) if disclosed to competitors.  Debtors will not produce such information to Claimant until Claimant signs an appropriate confidentiality agreement.

8.      Debtors' partial response to any Interrogatory, Document Request or Request for Admission is not a waiver of its objection or right to object to any additional, supplemental, or further Interrogatories, Document Requests or Requests for Admission or parts thereof, but is instead volunteered in an effort to avoid potential discovery disputes.  Additionally, Debtors' response to an Interrogatory, Document Request or Request for Admissions is not a waiver of Debtors' objection to other Interrogatories, Document Requests or Requests for Admission.

9.      Debtors object to the Discovery Requests to the extent they seek information or identification of documents in the possession of third parties and/or not presently in Debtors'

- 3 -

possession, custody, or control on the grounds that such requests are beyond the scope of permissible discovery and are unduly burdensome. Debtors further object to the Discovery Requests on the grounds that they are overbroad, oppressive, and unduly burdensome, to the extent they purport to require Debtors to provide information or identify documents of other parties to this action, or of third parties, or from publicly available sources. Accordingly, Debtors' responses to these Discovery Requests do not include or incorporate such information.

10.    Debtors object to producing documents already in Claimant's possession, custody, or control.

11.    Neither the fact that Debtors have responded to these Interrogatories, Document Requests and Requests for Admissions (or any other discovery request) nor the responses themselves shall constitute an admission or acknowledgement that such Interrogatories, Document Requests or Requests for Admissions (or other discovery requests) are proper, that the information sought is relevant, material, or otherwise within the proper bounds of discovery, or that other discovery requests will be treated in a similar fashion in this or any other proceedings. Further, no response by Debtors to any Interrogatory or Document Request (or other discovery request) shall be deemed to constitute an admission of any fact or matter set forth or assumed in any discovery request.

12.    Debtors reserve the right to make future motions and objections relating to these Discovery Requests at any subsequent stage of this action, including, but not limited to, the right to object to the use of any responses, or the subject matter thereof, on any ground (including materiality and relevance) in any proceeding in any action. Debtors reserve the right to modify, supplement, revise, correct, clarify, or otherwise amend its responses in accordance with the Federal Rule of Civil Procedure 26(e). Debtors further reserve the right to object to the admissibility of any evidence based on the responses to these Discovery Requests.

-4-

Except as otherwise specified, Debtors will not search for nor will it produce information or documents subject to its General Objections or any objections made in response to a particular discovery request. The above-stated General Objections shall be deemed applicable and are incorporated by reference into each response set forth below even if not specifically referred to in such responses.

## RESPONSES TO INTERROGATORIES

1.  Do you claim that the Claimant's property damage claims are barred by constructive knowledge sufficient to have caused any statute of limitation to expire? If your answer is yes, then identify with specificity:

    a.  Each fact, communication or event you claim triggered the applicable statute of limitations;

    b.  the applicable jurisdiction or jurisdictions and each specific statute or other authority upon which you rely.

Answer:

Subject to and not waiving the foregoing General Objections, yes. By way of further response, Debtors incorporate by reference the Report of Roger G. Morse, AIA on Summary Information Available to Building Owners and Managers About Asbestos in Buildings, 1970-1995 (the "Morse Report") filed with the Bankruptcy Court on October 17, 2005, the material referenced therein, and the opinions in *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 146 F.Supp.2d 643 (D.N.J. 2001), *aff'd* 359 F.3d 226, 232 (3d Cir. 2004). Debtors further incorporate by reference the information contained in the Claim Forms and supporting documentation submitted by the Claimants in this bankruptcy proceeding. Debtors rely on the law of Delaware and California in support of their position.

Debtors further incorporate by reference Debtors' "Road Map" of Summary Judgment Motions To Expunge Various Asbestos Property Damage Claims and Debtors'

Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging One Hundred Nine (109) California Asbestos Property Damage Claims Barred by Statute of Limitations which were filed with the Bankruptcy Court on February 16, 2007.

    2.     Identify each document, communication or event that you claim informed the Claimant that

      a.    the Claimant's building contained asbestos-containing Monokote or other asbestos-containing surface treatment manufactured by Grace;

      b.    the Mono-kote or other surfacing treatment manufactured by Grace in the Claimant's building contained asbestos;

      c.    the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace could release asbestos fibers into the Claimant's building;

      d.    the asbestos fibers released into the building from the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace posed a potential health hazard to those who used or worked in the Claimant's building.

**Answer:**

Debtors have made no such claim. Subject to and without waiving the General Objections, Debtors incorporate by reference their response to Interrogatory No. 1.

    3.     Do you contend that the Claimant's building has been injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace? If your answer is yes then identify with specificity:

      a.    the date by which you contend the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;

      b.    each fact that you claim tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;

- 6 -

c.     each document that you claim tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace; and

d.     each person, including experts, with any personal knowledge or qualified opinion that tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace along with a summary facts known or opinions held by such person.

<u>Answer:</u>

Subject to and not waiving the foregoing General Objections, no.

4.     Do you contend that the Claimant's building has been injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace? If your answer is yes, then identify

a.     the date upon which you contend the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace;

b.     each fact which you claim tends to prove that the Claimant's building was injured or damaged by the presence of asbestos-fibers in Mono-kote or other surfacing treatment manufactured by Grace;

c.     each document which you claim tends to prove that the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace; and

d.     each person, including experts, with any personal knowledge or qualified opinion that tends to prove that the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace along with a summary facts known or opinions held by such person.

<u>Answer:</u>

Subject to and not waiving the foregoing General Objections, no.

5.     Do you contend that Grace did not manufacture any asbestos-containing material installed in the Claimant's building? If so, identify with specificity:

-7-

a.   the basis of your assertion that the Claimant's evidence is insufficient to show that asbestos-containing materials manufactured by Grace were installed in its building; and

b.   all information and authority upon which you rely to support your assertion.

Answer:

Subject to and not waiving the General Objections, Debtors respond as follows.

For the following claims, Debtors' response is yes: CSU Humboldt – Natural Resources Bldg. (Claim No. 9842); CSU Fresno – McKee Fisk (Claim No. 9838); CSU Humboldt – Forbes PE Complex (Claim No. 9839); and CSU Fresno – Science (Claim No. 9889). Claimant carries the burden of establishing the existence of a Grace product installed in their buildings. For the foregoing claims, Claimant has failed to provide documentation that establishes the presence of a Grace asbestos-containing surfacing product in the building at issue in the claim.

For the following claims, Debtors' response is no: CSU Long Beach – University Theater (Claim No. 12616); CSU Fullerton – PJ&G Pollak Library (Claim No. 10020); CSU Fullerton – Performing Arts (Claim No. 10058); CSU Long Beach – Main Library (Claim No. 10237); CSU San Luis Obispo – Research & Development (Claim No. 11800); CSU East Bay (Hayward) – Music & Business (Claim No. 11957); CSU Sacramento – Kadema Hall (Claim No. 9970); CSU Sacramento – Alpine Hall (Claim No. 9988); CSU San Diego – East Commons and East Commons Addition (Claim No. 10208); CSU San Luis Obispo – Mott Physical Education (Claim No. 11802); CSU San Diego – Aztec Center (Claim No. 9925); CSU East Bay (Hayward) – Meikle John Hall (Claim No. 11962); CSU San Diego – Dramatic Arts (Claim No. 10230); CSU San Luis Obispo – Farm Shop (Claim No. 11817); CSU Fullerton – Physical Education (Claim No. 10019); CSU Fresno – North Gymnasium (Claim No. 10319); CSU Fresno – Psychology (Claim No. 10303); CSU Fullerton – Humanities (Claim No. 10053); CSU Stanislaus – Music (Claim No. 11866); CSU Pomona – Gymnasium (Kellogg) (Claim No. 10018); CSU Pomona – Darlene May

Gym (Claim No. 10078); CSU San Francisco – Hensill Hall (Claim No. 10160); CSU San Jose – Cafeteria (Claim No. 11918); CSU Stanislaus – Drama (Claim No. 11876); CSU San Luis Obispo – Administration (Claim No. 11735); CSU San Diego – Art II (Claim No. 9928); CSU Chico – Physical Science (Claim No. 10621); CSU San Diego – West Commons (Claim No. 9993); CSU San Luis Obispo – Transportation Services (Claim No. 11745); CSU Chico – Butte Hall (Claim No. 10597); and CSU San Luis Obispo – Engineering West and Engineering West Addition (Claim No. 11819).

## RESPONSE TO REQUESTS FOR ADMISSION

1.     The Claimant's building has been injured or damaged by asbestos fibers released from Mono-kote or other surfacing materials manufactured by Grace.

<u>Response</u>:

Denied.

2.     The Claimant's building has been injured or damaged by the presence of asbestos in Mono-kote or other surfacing materials manufactured by Grace.

<u>Response</u>:

Denied.

3.     Asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace was installed in the Claimant's building.

<u>Response</u>:

In addition to the foregoing General Objections which are incorporated herein by reference, Debtors object to this request for admission as overbroad and vague. Specifically, the term "Mono-kote" is undefined and vague in the context of this request and, as set forth in the General Objections, the term "surfacing treatment" is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Debtors will

construe the term "Mono-kote" as used in this request for admission to mean solely Mono-Kote 3 and will construe the term "surfacing treatment" to mean asbestos-containing surfacing products.

Subject to the foregoing, with respect to the following claims, this request for admission is denied: CSU Humboldt – Natural Resources Bldg. (Claim No. 9842); CSU Fresno – McKee Fisk (Claim No. 9838); CSU Humboldt – Forbes PE Complex (Claim No. 9839); and CSU Fresno – Science (Claim No. 9889).

With respect to the following claims, the request is denied as stated: CSU Long Beach – University Theater (Claim No. 12616); CSU Fullerton – PJ&G Pollak Library (Claim No. 10020); CSU Fullerton – Performing Arts (Claim No. 10058); CSU Long Beach – Main Library (Claim No. 10237); CSU San Luis Obispo – Research & Development (Claim No. 11800); CSU East Bay (Hayward) – Music & Business (Claim No. 11957); CSU Sacramento – Kadema Hall (Claim No. 9970); CSU Sacramento – Alpine Hall (Claim No. 9988); CSU San Diego – East Commons and East Commons Addition (Claim No. 10208); CSU San Luis Obispo – Mott Physical Education (Claim No. 11802); CSU San Diego – Aztec Center (Claim No. 9925); CSU East Bay (Hayward) – Meikle John Hall (Claim No. 11962); CSU San Diego – Dramatic Arts (Claim No. 10230); CSU San Luis Obispo – Farm Shop (Claim No. 11817); CSU Fullerton – Physical Education (Claim No. 10019); CSU Fresno – North Gymnasium (Claim No. 10319); CSU Fresno – Psychology (Claim No. 10303); CSU Fullerton – Humanities (Claim No. 10053); CSU Stanislaus – Music (Claim No. 11866); CSU Pomona – Gymnasium (Kellogg) (Claim No. 10018); CSU Pomona – Darlene May Gym (Claim No. 10078); CSU San Francisco – Hensill Hall (Claim No. 10160); CSU San Jose – Cafeteria (Claim No. 11918); CSU Stanislaus – Drama (Claim No. 11876); CSU San Luis Obispo – Administration (Claim No. 11735); CSU San Diego – Art II (Claim No. 9928); CSU Chico – Physical Science (Claim No. 10621); CSU San Diego – West Commons (Claim No. 9993); CSU San Luis Obispo – Transportation Services (Claim No. 11745); CSU Chico – Butte Hall (Claim No. 10597); and CSU San Luis Obispo –

Engineering West and Engineering West Addition (Claim No. 11819). For purposes of these Chapter 11 cases, however, Debtors do not object to these claims on the basis of lack of product identification.

4.      Grace sold, either directly or through an intermediary, Mono-kote or other surface treatment manufactured by Grace that was installed in the Claimant's building.

Response:

In addition to the foregoing General Objections which are incorporated herein by reference, Debtors object to this request for admission as overbroad and vague. Specifically, the term "Mono-kote" is undefined and vague in the context of this request and, as set forth in the General Objections, the term "surfacing treatment" is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Debtors will construe the term "Mono-kote" as used in this request for admission to mean solely Mono-Kote 3 and will construe the term "surfacing treatment" to mean asbestos-containing surfacing products.

Subject to the foregoing, with respect to the following claims, this request for admission is denied: CSU Humboldt – Natural Resources Bldg. (Claim No. 9842); CSU Fresno – McKee Fisk (Claim No. 9838); CSU Humboldt – Forbes PE Complex (Claim No. 9839); and CSU Fresno – Science (Claim No. 9889).

With respect to the following claims, the request is denied as stated: CSU Long Beach – University Theater (Claim No. 12616); CSU Fullerton – PJ&G Pollak Library (Claim No. 10020); CSU Fullerton – Performing Arts (Claim No. 10058); CSU Long Beach – Main Library (Claim No. 10237); CSU San Luis Obispo – Research & Development (Claim No. 11800); CSU East Bay (Hayward) – Music & Business (Claim No. 11957); CSU Sacramento – Kadema Hall (Claim No. 9970); CSU Sacramento – Alpine Hall (Claim No. 9988); CSU San Diego – East Commons and East Commons Addition (Claim No. 10208); CSU San Luis Obispo – Mott Physical Education (Claim No. 11802); CSU San Diego –

- 11 -

Aztec Center (Claim No. 9925); CSU East Bay (Hayward) – Meikle John Hall (Claim No. 11962); CSU San Diego – Dramatic Arts (Claim No. 10230); CSU San Luis Obispo – Farm Shop (Claim No. 11817); CSU Fullerton – Physical Education (Claim No. 10019); CSU Fresno – North Gymnasium (Claim No. 10319); CSU Fresno – Psychology (Claim No. 10303); CSU Fullerton – Humanities (Claim No. 10053); CSU Stanislaus – Music (Claim No. 11866); CSU Pomona – Gymnasium (Kellogg) (Claim No. 10018); CSU Pomona – Darlene May Gym (Claim No. 10078); CSU San Francisco – Hensill Hall (Claim No. 10160); CSU San Jose – Cafeteria (Claim No. 11918); CSU Stanislaus – Drama (Claim No. 11876); CSU San Luis Obispo – Administration (Claim No. 11735); CSU San Diego – Art II (Claim No. 9928); CSU Chico – Physical Science (Claim No. 10621); CSU San Diego – West Commons (Claim No. 9993); CSU San Luis Obispo – Transportation Services (Claim No. 11745); CSU Chico – Butte Hall (Claim No. 10597); and CSU San Luis Obispo – Engineering West and Engineering West Addition (Claim No. 11819). For purposes of these Chapter 11 cases, however, Debtors do not object to these claims on the basis of lack of product identification.

    5.    Grace shipped or delivered Mono-kote or other surface treatment products manufactured by it to the Claimant's building.

    <u>Response</u>:

    In addition to the foregoing General Objections which are incorporated herein by reference, Debtors object to this request for admission as overbroad and vague. Specifically, the term "Mono-kote" is undefined and vague in the context of this request and, as set forth in the General Objections, the term "surfacing treatment" is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Debtors will construe the term "Mono-kote" as used in this request for admission to mean solely Mono-Kote 3 and will construe the term "surfacing treatment" to mean asbestos-containing surfacing products.

- 12 -

Subject to the foregoing, with respect to the following claims, this request for admission is denied: CSU Humboldt – Natural Resources Bldg. (Claim No. 9842); CSU Fresno – McKee Fisk (Claim No. 9838); CSU Humboldt – Forbes PE Complex (Claim No. 9839); and CSU Fresno – Science (Claim No. 9889).

With respect to the following claims, the request is denied as stated: CSU Long Beach – University Theater (Claim No. 12616); CSU Fullerton – PJ&G Pollak Library (Claim No. 10020); CSU Fullerton – Performing Arts (Claim No. 10058); CSU Long Beach – Main Library (Claim No. 10237); CSU San Luis Obispo – Research & Development (Claim No. 11800); CSU East Bay (Hayward) – Music & Business (Claim No. 11957); CSU Sacramento – Kadema Hall (Claim No. 9970); CSU Sacramento – Alpine Hall (Claim No. 9988); CSU San Diego – East Commons and East Commons Addition (Claim No. 10208); CSU San Luis Obispo – Mott Physical Education (Claim No. 11802); CSU San Diego – Aztec Center (Claim No. 9925); CSU East Bay (Hayward) – Meikle John Hall (Claim No. 11962); CSU San Diego – Dramatic Arts (Claim No. 10230); CSU San Luis Obispo – Farm Shop (Claim No. 11817); CSU Fullerton – Physical Education (Claim No. 10019); CSU Fresno – North Gymnasium (Claim No. 10319); CSU Fresno – Psychology (Claim No. 10303); CSU Fullerton – Humanities (Claim No. 10053); CSU Stanislaus – Music (Claim No. 11866); CSU Pomona – Gymnasium (Kellogg) (Claim No. 10018); CSU Pomona – Darlene May Gym (Claim No. 10078); CSU San Francisco – Hensill Hall (Claim No. 10160); CSU San Jose – Cafeteria (Claim No. 11918); CSU Stanislaus – Drama (Claim No. 11876); CSU San Luis Obispo – Administration (Claim No. 11735); CSU San Diego – Art II (Claim No. 9928); CSU Chico – Physical Science (Claim No. 10621); CSU San Diego – West Commons (Claim No. 9993); CSU San Luis Obispo – Transportation Services (Claim No. 11745); CSU Chico – Butte Hall (Claim No. 10597); and CSU San Luis Obispo – Engineering West and Engineering West Addition (Claim No. 11819). For purposes of these Chapter 11 cases, however, Debtors do not object to these claims on the basis of lack of product identification.

- 13 -

## RESPONSES TO REQUESTS FOR PRODUCTION

1.     Each document or other piece of tangible evidence which you claim constitutes constructive knowledge to the Claimant sufficient to trigger any applicable statute of limitations for asbestos property damage claims.

Response:

Subject to and not waiving the forgoing General Objections, Debtors refer the Claimant to the Morse Report, the material referenced therein and contained in the CDs that have already been provided to the Claimant's counsel, and the opinions in *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 146 F.Supp.2d 643 (D.N.J. 2001), *aff'd* 359 F.3d 226, 232 (3d Cir. 2004). Debtors further refer the Claimant to the documentation submitted in support of its claims in this proceeding, copies of which are in Claimant's possession.

Debtors further refer Claimant to Debtors' "Road Map" of Summary Judgment Motions To Expunge Various Asbestos Property Damage Claims, Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging One Hundred Nine (109) California Asbestos Property Damage Claims Barred by Statute of Limitations, and Debtors' Appendix to Rule 1006 Summaries with Information Attached copies of which were already provided to Claimant.

2.     Each document which evidences communications or events which you claim informed the Claimant that the building contained asbestos-containing Mono-kote or other surface treatment manufactured by Grace.

Response:

Debtors have not made such claim. Subject to and not waiving the General Objections, Debtors incorporate by reference their response to Document Request 1.

- 14 -

3.    Each document which evidences communications or events which you claim informed the Claimant that asbestos-containing Mono-kote or other surface treatment manufactured by Grace had released asbestos fibers into the Claimant's building.

Response:

Debtors have not made such claim. Subject to and not waiving the General Objections, Debtors incorporate by reference their response to Document Request 1.

4.    Each document which evidences communications or events which you claim informed the Claimant that asbestos fibers released into the Claimant's building from Mono-kote or other surface treatments manufactured by Grace posed a potential health hazard to those who used or worked in the Claimant's building.

Response:

Debtors have not made such claim. Subject to and not waiving the General Objections, Debtors incorporate by reference their response to Document Request 1.

5.    Each document which evidences communications or events which you claim informed the Claimant that asbestos fibers released into the Claimant's building from the Mono-bate or other surfacing treatment manufactured by Grace had caused injury or damage to the building.

Response:

Subject to and not waiving the General Objections, Debtors have made no such claim.

6.    Each document which you allege tends to prove that the Claimant's building is or was contaminated with asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace.

- 15 -

Response:

Subject to and not waiving the General Objections, Debtors have made no such allegations.

7.    Each document which you allege tends to prove that Claimant's building was injured or damaged by the presence of asbestos-containing Mono-kote or other asbestos-containing surface treatment product manufactured by Grace.

Response:

Subject to and not waiving the General Objections, Debtors have made no such allegations.

8.    Each document or other piece of tangible evidence which supports your assertion that Grace did not manufacture asbestos-containing materials installed in the Claimant's building.

Response:

Subject to and not waiving the General Objections, Debtors incorporate by reference their response to Interrogatory No. 5 and refer Claimant to the materials submitted by Claimant in support of its claims copies of which are already in the Claimant's possession.

Dated: March 12, 2007

REED SMITH LLP
James J. Restivo, Jr., Esq. (#10113)
Lawrence Flatley, Esq. (#21871)
Douglas E. Cameron, Esq. (#41644)
Traci S. Rea, Esq. (#76258)
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

- 16 -

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____

    Co-Counsel for the Debtors and Debtors in
Possession

## DECLARATION

The undersigned declares under penalty of perjury that the statements made in the foregoing Debtors' Responses and Objections to Certain CSU Property Damage Claimants' First Set of Interrogatories, First Request For Admissions and First Request for Production of Documents are true and correct to the best of his knowledge, information and belief and based upon information provided by others that he reasonably believes to be true. The undersigned understands that statements made herein are made subject to the unsworn declarations under penalty of perjury provisions of 28 U.S.C. § 1746 (2).

Date: _March 12_ , 2007

John Port, Controller – Legal Services
W. R. Grace & Co.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: W. R. GRACE & CO., et al.,

Debtors.

)
)
)
)
)
)
)
)

Chapter 11
Case No. 01-01139 (JKF)
(Jointly Administered)

Related Docket No: 14520

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2007, I caused a true and correct copy of Debtors' Responses and Objections to Certain CSU Property Damage Claimants' First Set of Interrogatories, First Request For Admissions and First Request for Production of Documents to be served on the following counsel via facsimile and first class mail:

Christopher D. Loizides, Esq.
**LOIZIDES. P.A.**
1225 King Street, Suite 800
Wilmington DE 19801

Daniel A. Speights, Esq.
Marion C. Fairey, Jr., Esq.
**SPEIGHTS & RUNYAN**
200 Jackson Avenue, East
P.O. Box 685
Hampton, S.C. 29924

*Co-Counsel for the Debtors and*
*Debtors in Possession*

# EXHIBIT B

*Chico - Butte Hall*

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W.R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**

For a complete list of the Debtors in this case please see "The Debtors" section of the *General Instructions for Completing a Proof of Claim Form*. The Debtors in this case are collectively referred to in this document as "Grace."

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a Grace product *(other than Zonolite Attic Insulation)*, THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M. EASTERN TIME ON MARCH 31, 2003, or you will be forever barred from asserting or recovering payment for your claim.

PremierView™ forms by NCS Pearson  MW230278-2    654321    Printed in U.S.A.

## PART 1: CLAIMING PARTY INFORMATION

NAME:

THE CALIFORNIA STATE UNIVERSITY

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):

*(last four digits of SSN)*

F.E.I.N. (Business Claimants)

Other names by which claiming party has been known (such as maiden name or married name):

First          MI   Last

First          MI   Last

GENDER:  ☐ MALE   ☐ FEMALE

Mailing Address:

401 GOLDEN SHORE
*Street Address*

LONG BEACH
*City*

CA
*State (Province)*

90802
*Zip Code (Postal Code)*

USA
*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

SPEIGHTS & RUNYAN

Name of Attorney:

DANIEL
*First*

A
*MI*

SPEIGHTS
*Last*

Mailing Address:

PO BOX 685 - 200 JACKSON AVENUE EAST
*Street Address*

HAMPTON
*City*

SC
*State (Province)*

29924
*Zip Code (Postal Code)*

Telephone:

(803) 943-4444
*Area Code*

SEE ATTACHED FOR ADDITIONAL
ATTORNEY INFORMATION

9276101

SERIAL #

## PART 3: PROPERTY INFORMATION

### A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

`CSU CHICO - BUTTE HALL`
*Street Address*

`CHICO`
*City*

`CA` *State (Province)*   `95929` *Zip Code (Postal Code)*

`USA`
*Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?

   ☒ Yes    ☐ No

3. Do you currently own the property listed in Question 1, above?

   ☒ Yes    ☐ No

4. When did you purchase the property?   ☐☐ – ☐☐ – `1972`
   *Month   Day   Year*

5. What is the property used for (check all that apply)

   ☐ Owner occupied residence
   ☐ Residential rental
   ☐ Commercial
   ☐ Industrial    Specify: _____
   ☒ Other    Specify: `Educational`

6. How many floors does the property have?   ☐☐☐

7. What is the approximate square footage of the property?   `88874`

8. When was the property built?

   ☐ Before 1969
   ☒ 1969 - 1973
   ☐ After 1973

9. What is the structural support of the property?

   ☐ Wood frame
   ☐ Structural concrete
   ☐ Brick
   ☐ Steel beam/girder
   ☐ Other    Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?

    ☒ Yes    ☐ No

9276102

SERIAL #⌐

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| Year | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
|------|-------------|------------------------------------------|
| Year | Description | |
| Year | Description | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

☒ Yes   ☐ No

If yes, please specify the dates and descriptions of such renovations.

| Year | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
|------|-------------|------------------------------------------|
| Year | Description | |
| Year | Description | |

## B. Claim Category

12. For which category are you making a claim on the property?

☒ Category 1:   Allegation with respect to asbestos from a Grace product in the property
☐ Category 2:   Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 12, complete section C.
- If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

☐ Monokote-3 fireproofing insulation
☒ Other   Specify: SURFACE TREATMENT

(For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

| Year | ☒ I did not install the product(s) |
|------|-------------------------------------|

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

| 1972 Year | ☐ Don't know. |
|-----------|----------------|

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

☐ Yes      ☒ No

If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

> SEE ATTACHED

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

2 0 0 3
*Year*

Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

> SEE ATTACHED

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

2 0 0 3
*Year*

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

> SEE ATTACHED

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

☒ Yes      ☐ No

If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

> SEE ATTACHED

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

☒ Yes      ☐ No

9276104

SERIAL #⌐

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| | Description | VARIOUS YEARS, NUMEROUS PROJECTS |
| --- | --- | --- |
| *Year* | | |
| *Year* | Description | |
| *Year* | Description | |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

☒ Yes     ☐ No     If Yes, Attach All Documents Related To Any Testing Of The Property.

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ATTACHED

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes     ☐ No     NOT APPLICABLE

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| | Company/Individual | VARIOUS YEARS, NUMEROUS SAMPLES |
| --- | --- | --- |
| *Year* | Type of testing: | |
| *Year* | Company/Individual | |
| | Type of testing: | |
| *Year* | Company/Individual | |
| | Type of testing: | |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

☒ Yes     ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| | Description | AFFECTED BY NUMEROUS CUSTODIAL AND MAINTENANCE ACTIVITIES AND RENOVATIONS. |
| --- | --- | --- |
| *Year* | | |
| *Year* | Description | |
| *Year* | Description | |

9276105

SERIAL #

## PART 4: ASBESTOS LITIGATION AND CLAIMS

### A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

☐ No
☒ Yes – lawsuit
☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

☐ No
☒ Yes – lawsuit
☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

*If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B, below.*

*If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C, on the following page.*

### B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

a. Caption: `Alabama, et al. v. W.R. Grace, et al.`

b. Court where suit originally filed: `US SUPREME CT`
   *County/State*    Docket No.: `116`

c. Date filed: `01` - `29` - `1990`
   *Month  Day  Year*

a. Caption: 

b. Court where suit originally filed: 
   *County/State*    Docket No.: 

c. Date filed: ☐☐ - ☐☐ - ☐☐☐☐
   *Month  Day  Year*

a. Caption: 

b. Court where suit originally filed: 
   *County/State*    Docket No.: 

c. Date filed: ☐☐ - ☐☐ - ☐☐☐☐
   *Month  Day  Year*

(Attach additional pages if necessary.)

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month  Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

   ---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month  Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

   ---

   a. Description of claim:

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month  Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other
      *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

| | |
|---|---|
| SIGNATURE OF CLAIMANT   DANIEL A. SPEIGHTS | 03 - 30 - 2003 |
| | *Month  Day   Year* |

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110

Copyright © 2002 NCS Pearson, Inc.  All rights reserved.

SERIAL #⌐

## Supplement to PART 2: ATTORNEY INFORMATION

Thomas J. Brandi, Esquire
Law Offices of Thomas J. Brandi
44 Montgomery Street, Suite 1050
San Francisco, CA 94104
(415)989-1800

**Response to Question 17:** The Claimant understands Question 16 to ask for the existence of historical documents demonstrating that Grace's asbestos-containing product was purchased and/or installed in the property. As indicated in its response, the Claimant does not know of any such specific documents at this time. The Claimant assumes that there would have been a large number of original construction documents, including drawings and specifications, which, if not destroyed in the ordinary course of business, might possibly be found at a number of storage facilities, including those under the control of various persons involved with the design and construction of the property and the sale and installation of products in the property. In addition, this claim is based upon an assertion that debtors manufactured or sold products containing asbestos that are or were present in this property and/or all other theories of liability that are allowed by law including but not limited to conspiracy and fraudulent transfer. Moreover, Claimant believes Grace itself may be in control of supporting documentation, or other supporting information, regarding whom Grace or their salesmen sold their products to, and Claimant may need documentation or discovery from Grace on this issue. Claimant does not waive any rights, but is willing to discuss this matter with Grace if it believes Claimant's response is insufficient.

   **Response to Question 19:** Refer to Question 17 Response.

   **Response to Question 21:** Refer to Question 17 Response.

   **Response to Question 23:** Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product. There is insufficient time to locate all such documents that might be called for in Question 22. To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects. Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

   **Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc. Such documents, to the extent they exist, may not only be in the possession of Claimant, but a number of third party contractors and/or consultants as well. Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.

Supporting documentation omitted from this exhibit.

# EXHIBIT C



*CALIFORNIA STATE UNIVERSITY*

Supplementation of Claim No
*SEE ATTACHED LIST*
RE, W R Grace Claim Form
Question No 18 at the Direction
of the Court

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re W R Grace & Co , et al , Debtors, Case No 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

**Claims Processing Agent**
**Re: W R. Grace & Co. Bankruptcy**
**PO Box 1620**
**Faribault, MN 55021-1620**





PremierView™ forms by NCS Pearson  NW2262276-2    484321    Printed in U.S.A.

| BLDG # | MFG | STATE | WRG Claim Number | JOBSITE NAME |
|--------|-----|-------|------------------|--------------|
| **CALIFORNIA STATE UNIVERSITY - GRACE PID CLAIMS** | | | | |
| 1 | WRG | CA | 10597 | Chico - Butte Hall |
| 2 | WRG | CA | 10621 | Chico - Physical Science |
| 3 | WRG | CA | 9888 | Dominguez Hills - Education Resource Center |
| 4 | WRG | CA | 9838 | Fresno - McKee Fisk |
| 5 | WRG | CA | 10319 | Fresno - North Gymnasium |
| 6 | WRG | CA | 10303 | Fresno - Psychology |
| 7 | WRG | CA | 9889 | Fresno - Science |
| 8 | WRG | CA | 10053 | Fullerton - Humanities |
| 9 | WRG | CA | 10019 | Fullerton - Physical Education |
| 10 | WRG | CA | 10020 | Fullerton - PJ&G Pollak Library |
| 11 | WRG | CA | 10058 | Fullerton- Performing Arts |
| 12 | WRG | CA | 11962 | Hayward - Meikle John Hall |
| 13 | WRG | CA | 11957 | Hayward - Music & Business |
| 14 | WRG | CA | 9839 | Humboldt - Forbes PE Complex |
| 15 | WRG | CA | 9842 | Humboldt - Natural Resources Bldg |
| 16 | WRG | CA | 10237 | Long Beach - Main Library |
| 17 | WRG | CA | 12616 | Long Beach - University Theater |
| 19 | WRG | CA | 10018 | Pomona - Gymnasium (Kellogg) |
| 18 | WRG | CA | 10078 | Pomona - Darlene May Gym |
| 20 | WRG | CA | 9988 | Sacramento - Alpine Hall |
| 21 | WRG | CA | 9970 | Sacramento - Kadema Hall |
| 22 | WRG | CA | 9928 | San Diego - Art II |
| 23 | WRG | CA | 9925 | San Diego - Aztec Center |
| 24 | WRG | CA | 10230 | San Diego - Dramatic Arts |
| 25 | WRG | CA | 10208 | San Diego - East Commons |
| 26 | WRG | CA | 10229 | San Diego - East Commons Addition |
| 27 | WRG | CA | 9993 | San Diego - West Commons |
| 28 | WRG | CA | 10160 | San Francisco - Hensill Hall |
| 29 | WRG | CA | 11918 | San Jose - Cafeteria |
| 30 | WRG | CA | 11735 | San Luis Obispo - Administration |
| 31 | WRG | CA | 11819 | San Luis Obispo - Engineering West |
| 32 | WRG | CA | 11820 | San Luis Obispo - Engineering West Addition |
| 33 | WRG | CA | 11817 | San Luis Obispo - Farm Shop |
| 34 | WRG | CA | 11802 | San Luis Obispo - Mott Physical Education |
| 35 | WRG | CA | 11800 | San Luis Obispo - Research & Development |
| 36 | WRG | CA | 11745 | San Luis Obispo - Transportation Services |
| 37 | WRG | CA | 11876 | Stanilaus - Drama |
| 38 | WRG | CA | 11866 | Stanilaus - Music |

18  When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

2|0|0|3|  or later
Year

All claims must be signed by the claiming party

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading

SIGNATURE OF CLAIMANT

0 8 - 2 0 - 2 0 0 6
Month  Day  Year