# EXHIBIT 1

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### STIPULATION RESOLVING CERTAIN OF THE CLAIMS OF SEALED AIR CORPORATION AND ITS AFFILIATES

This Stipulation is entered into this 7th day of March, 2007, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors"), and CPI Packaging, Inc., Cryovac Chile Holdings, LLC, Cryovac Far East Holdings LLC, Cryovac International Holdings, Inc., Cryovac Leasing Corporation, Cryovac Poland Holdings, Inc., Cryovac, Inc., Omni Supply Inc., Poly Packaging Systems, Inc., Polypride, Inc., Reflectix, Inc., Sealed Air Corporation, Sealed Air Corporation (US), Sealed Air LLC, Sealed Air Nevada Holdings Limited, Sealed Air Trucking Inc., and Shanklin Corporation (collectively, "Sealed Air").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, on or about April 2, 2001 (the "Petition Date"), the Debtors, including W. R. Grace & Co. ("Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn."), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' bankruptcy cases are pending as case numbers 01-1139 (JKF) through 01-1200 (JKF) (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**WHEREAS**, on April 2, 2001 the Bankruptcy Court issued an Order consolidating the Bankruptcy Cases for administrative purposes only under Case No. 01-1139 (JKF) (the "Jointly Administered Bankruptcy Case").

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its Bar Date Order [Docket No. 1963], which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

**WHEREAS**, on or about March 31, 2003, Sealed Air filed 34 claims (collectively, the "Sealed Air Claims") against the Debtors in their respective Bankruptcy Cases as specified herein:

| Name of Creditor | Against which Debtor entities | Proof of Claim Nos. | Quantity of Claims | Amount of Claim (unsecured unless specified) * identical claim |
|---|---|---|---|---|
| CPI Packaging, Inc. | Grace and Grace-Conn. | 14353, 14357 | 2 | $4,811,962,836.55* |
| Cryovac Chile Holdings, LLC | Grace and Grace-Conn. | 14344, 14352 | 2 | $4,811,962,836.55* |
| Cryovac Far East Holdings LLC | Grace and Grace-Conn. | 14330, 14332 | 2 | $4,811,962,836.55* |
| Cryovac International Holdings, Inc. | Grace and Grace-Conn. | 14334, 14336 | 2 | $4,811,962,836.55* |
| Cryovac Leasing Corporation | Grace and Grace-Conn. | 14331, 14354 | 2 | $4,811,962,836.55* |
| Cryovac Poland Holdings, Inc. | Grace and Grace-Conn. | 14333, 14346 | 2 | $4,811,962,836.55* |

| | | | | |
|---|---|---|---|---|
| Cryovac, Inc. and certain affiliates listed on Annex A to the proof of claim | Grace and Grace-Conn. | 14361, 14363 | 2 | $4,815,241,240.11 |
| Omni Supply Inc. | Grace and Grace-Conn. | 14355, 14349 | 2 | $4,811,962,836.55* |
| Poly Packaging Systems, Inc. | Grace and Grace-Conn. | 14335, 14343 | 2 | $4,811,962,836.55* |
| Polypride, Inc. | Grace and Grace-Conn. | 14345, 14350 | 2 | $4,811,962,836.55* |
| Reflectix, Inc. | Grace and Grace-Conn. | 14337, 14342 | 2 | $4,811,962,836.55* |
| Sealed Air Corporation | Grace and Grace-Conn. | 14359, 14360 | 2 | $4,848,937,508.53 secured |
| Sealed Air Corporation (US) | Grace and Grace-Conn. | 14339, 14362 | 2 | $4,830,009,950.54 |
| Sealed Air LLC | Grace and Grace-Conn. | 14340, 14348 | 2 | $4,811,962,836.55* |
| Sealed Air Nevada Holdings Limited | Grace and Grace-Conn. | 14358, 14338 | 2 | $4,811,962,836.55* |
| Sealed Air Trucking Inc. | Grace and Grace-Conn. | 14351, 14347 | 2 | $4,811,962,836.55* |
| Shanklin Corporation | Grace and Grace-Conn. | 14356, 14341 | 2 | $4,811,962,836.55* |
| | | | 34 | |

**WHEREAS,** on January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization (the "Plan"). To date, the Plan has not been confirmed. The Plan proposes that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. If the Plan is confirmed as proposed, upon the effective date of the Plan, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors.

**WHEREAS,** the Debtors have informed Sealed Air that the Debtors may seek, upon notice to interested parties and approval of this Court, to dissolve or consolidate certain of the Debtors and their Bankruptcy Cases prior to seeking confirmation of the Plan.

3

**WHEREAS**, the parties hereto have agreed to enter into this Stipulation solely to afford the Debtors the administrative convenience of minimizing duplicative claims, and not to substantively alter Sealed Air's rights in respect of the Sealed Air Claims.

**NOW, THEREFORE**, for good and valuable consideration received, the parties hereby stipulate and agree as follows:

1. Subject to the provisions of Section 2 below, claims numbered 14339 (Sealed Air Corporation (US)), 14353 (CPI Packaging, Inc.), 14359 (Sealed Air Corporation) and 14361 (Cryovac, Inc. and certain listed affiliates) shall remain as the only Sealed Air Claims against the Debtors or the Debtors' bankruptcy estate(s). Claim number 14353 shall be deemed to be a claim in favor of all of CPI Packaging, Inc., Cryovac Chile Holdings, LLC, Cryovac Far East Holdings LLC, Cryovac International Holdings, Inc., Cryovac Leasing Corporation, Cryovac Poland Holdings, Inc., Omni Supply Inc., Poly Packaging Systems, Inc., Polypride, Inc., Reflectix, Inc., Sealed Air LLC, Sealed Air Nevada Holdings Limited, Sealed Air Trucking Inc., and Shanklin Corporation.

2. Subject to the provisions of the following two sentences of this Section 2, claims numbered 14357, 14344, 14352, 14330, 14332, 14334, 14336, 14331, 14354, 14333, 14346, 14349, 14355, 14335, 14343, 14345, 14350, 14337, 14342, 14340, 14348, 14338, 14358, 14347, 14351, 14341, 14356, 14363, 14360 and 14362 shall be disallowed and expunged from the claims register for all purposes (the "Disallowed Claims"). Notwithstanding any other provision of this Stipulation, in the event that (a) the Plan is amended or any other plan of reorganization or liquidation is filed in these Bankruptcy Cases that does not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims) on terms substantially the same as provided in the Plan, and a disclosure statement with

4

respect to such plan is approved by order of the Bankruptcy Court, (b) voting on the Plan or any other plan of reorganization or liquidation in these Bankruptcy Cases is ordered to be conducted on a separate debtor rather than a consolidated basis notwithstanding that the plan provides for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), (c) the Plan as confirmed by final order of the Bankruptcy Court in these Bankruptcy Cases does not, or any other plan or plans of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases do not, provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), or (d) the Plan or any other plan of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases that provides for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims) does not become effective, then the applicable Disallowed Claims shall be automatically reinstated *ab initio* in those cases that then remain pending without the need for any further action on the part of any party or Bankruptcy Court intervention. In the event the Bankruptcy Cases or any of them are dismissed or converted to cases under chapter 7 of the Bankruptcy Code, each and every one of the Disallowed Claims related to any such converted or dismissed Bankruptcy Cases shall be automatically reinstated *ab initio* without the need for any further action on the part of any party or Bankruptcy Court intervention.

3. The Debtors expressly reserve any and every objection that they now have or may have in the future to the substance of the claims numbered 14339, 14353, 14359, and 14361, and to any of the Disallowed Claims to the extent they are reinstated as described in Section 2 above, but forever waive and release any and every objection they may have to claims numbered 14339, 14353, 14359, and 14361 on the basis that such claim was improperly or untimely filed in the

Bankruptcy Cases or the Jointly Administered Bankruptcy Case, or any of them, or that the claim should have been filed in each of the Bankruptcy Cases.

4. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

5. The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the claims register to reflect the following:

(a) claims numbered 14357, 14344, 14352, 14330, 14332, 14334, 14336, 14331, 14354, 14333, 14346, 14349, 14355, 14335, 14343, 14345, 14350, 14337, 14342, 14340, 14348, 14338, 14358, 14347, 14351, 14341, 14356, 14363, 14360 and 14362 shall be disallowed and expunged to the extent provided herein;

(b) claims numbered 14339, 14353, 14359 and 14361 shall remain on the claims register as provided herein; and

(c) Cryovac Chile Holdings, LLC, Cryovac Far East Holdings LLC, Cryovac International Holdings, Inc., Cryovac Leasing Corporation, Cryovac Poland Holdings, Inc., Omni Supply Inc., Poly Packaging Systems, Inc., Polypride, Inc., Reflectix, Inc., Sealed Air LLC, Sealed Air Nevada Holdings Limited, Sealed Air Trucking Inc., and Shanklin Corporation shall be added as claimants, with CPI Packaging, Inc., on claim numbered 14353; provided, however, that if the Disallowed Claims of any of such added entities are reinstated, such entities shall be removed as claimants on claim numbered 14353.

6

6. The parties shall take whatever additional action, if any, is necessary to make sure that the Sealed Air Claims are treated as outlined herein.

**STIPULATED AND AGREED:**

| | |
|---|---|
| **SEALED AIR CORPORATION AND ITS AFFILIATES** | **W. R. GRACE & CO., et al.** |
| By: *[signature]* <br> One of Their Attorneys | By: *[signature]* <br> One of Their Attorneys |
| D. J. Baker <br> Skadden, Arps, Slate, Meagher & Flom LLP <br> Four Times Square <br> New York, NY 10036 <br><br> Counsel for Sealed Air Corporation and its affiliates | Janet S. Baer <br> Lori Sinanyan <br> Kirkland & Ellis LLP <br> 200 East Randolph Drive <br> Chicago, IL 60601 <br> (312) 861-2000 <br><br> and <br><br> Laura Davis Jones <br> Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC <br> 919 North Market Street, 16th Floor <br> P. O. Box 8705 <br> Wilmington, DE 19899-8705 <br> (302) 652-4100 <br><br> Co-Counsel for the Debtors and Debtors in Possession |

Date: March 7, 2007

7