IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*[1], | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re: Docket No. 14593 |
| | ) | Claim Nos.: 12395 |
| | ) | Carleton University |
| | ) | McOdorum Library |
| | ) | |
| | ) | Reply Deadline: March 23, 2007 |
| | ) | Hearing Date: 9:00 a.m., April 9, 2007, Pittsburgh, PA |

### ANDERSON MEMORIAL HOSPITAL'S
### MEMORANDUM IN OPPOSITION TO DEBTOR'S MOTION
### FOR AN ORDER PURSUANT TO F.R.B.P. 7056 DISALLOWING AND
### EXPUNGING CLAIM NOS. 12315 and 12395 ON PRODUCT IDENTIFICATION

Anderson Memorial Hospital, on behalf of Claim No. 12395 respectfully submits this memorandum in opposition to the Debtor's Motion for Summary Judgment on Product Identification.

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

I.  **Statement of Position**

With respect to Claim No. 12395 for Calrton University, the Claimants position is simple – Grace is not entitled to summary judgment on this claim because it is not appropriately a part of this Product Identification Proceeding. Exhibit A list of claims to be adjudicated whish is attached to this Court's October 13, 2006 Amended CMO, which was prepared by the Debtors, fails to list any product identification objection (Objection C-3 from the Debtor's 15th Omnibus Objection) to this claim. The Debtors are therefore not authorized under the CMO to adjudicate, let alone seek summary judgment on a product identification objection that was never listed in Exhibit A CMO. Indeed, the product identification objection to this claim is not even a part of these proceedings.

II. **Statement of Facts**

Pursuant to this Court's June 22, 2002 Bar Order, Claim No. 12395 was filed on behalf of Carlton University prior to the March 31, 2003 bar date. Attached to the claim form was a letter report from Dr. Donald Pinchin, a preeminent Canadian expert regarding asbestos-containing materials in buildings. The report provided that "in our expert opinion, the building mentioned above [Carleton University – 1125 Colonel By Drive] contains(ed) a product manufactured by W. R. Grace Limited known by the trade name "Monokote MK-3." Exhibit 1.

On September 2, 2005, the Debtors' filed their 15th Omnibus Objection to asbestos property damage claims, objecting to thousands of claims on various bases including Claim No. 12395. On June 16, 2006, Grace filed a Motion for a Scheduling Order Regarding Certain of the Debtor's Fifteenth Omnibus Objections to PD Claims (Substantive), which sought to refer Canadian claims to the Canadian bankruptcy court for adjudication.

When this request was denied by the Court, the Debtors then submitted a proposed CMO with respect to the 15th Omnibus which scheduled claim objections to be heard in this Court in three proceedings (Methodology, Limitations and Product ID, and Hazard). Attached to the Debtors proposed CMO was a list of property damage claims and specific objections prepared by the Debtors indicating the specific claims and specific objections that would be adjudicated in the PD Claims allowance proceedings. The purpose of the attached list of claims and specific objections was to provide specific notice to the Court and the claimants of which specific objections the Debtors sought to adjudicate.

On August 31, 2006, this Court entered a CMO, and then an amended CMO on October 13, 2006 after a number of individual claimants filed objections. These CMO's entered by this Court and served upon all claimants specifically provided that

> Certain specific objections to PD Claims will be adjudicated on **April 23, 24 and 25, 2007, commencing at 9:00 a.m., Eastern time,** in Pittsburgh, Pennsylvania. The objections that will be adjudicated as to these PD Claims are those asserted in the 15th Omnibus Objection regarding product identification and limitations periods (specificall C-1 through C-4, D-1 through D-6, F-1 and F-4 and F-5) . . .. *These claims are listed on Exhibit A hereto.* The pre-trial schedule for these objections is set forth in the Schedule attached as Exhibit B to this Order.

October 13. 2006 Order, ¶2 (Dk. No. 13406) (bold in original, italics supplied). Notably, Exhibit A did not list the specific product ID objection (Objection C-3(d)) Grace now asserts with respect to Claim No. 12395. (See Exhibit 2, excerpt from Exhibit A to October 13, 2006 CMO).

### III. Argument

#### A. Burden of Proof

A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). See also, Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. *See* Adv. Comm. Notes to Fed. R. Bankr.P. 9014.

Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." Lundell v. Anchor Construction Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir.2000); citing, Wright v. Holm (In re Holm ), 931 F.2d 620, 623 (9th Cir.1991); see also, Ashford v. Consolidated Pioneer Mort., 178 B.R. 222, 226 (9th Cir. BAP 1995), aff'd, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." In re Holm, 931 F.2d at 623. Therefore, it is the Debtors' burden to affirmatively present facts which tend to defeat the claim in order to shift the burden of persuasion back onto the Claimant. Here, Grace simply regurgitates facts adduced from the Claimant's proof of claim submission. Accordingly, Grace has failed to shift the burden back to this claimant to present more evidence of product identification.

#### B. Legal Standard for Summary Judgment

In reviewing a motion for summary judgment, the Court must view all facts and inferences in the light most favorable to the non-moving party. Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 247-249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary Judgment may only be granted if the evidence if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP. If material facts are in dispute and further discovery is required, summary judgment should not be granted. Celotex v. Catrett, 477 U.S. 317, 322, 106 S.C. 2548, 91 LED.2d 265 (1986). The court must decide if the "evidence presents a sufficient disagreement to require submission to the fact finder or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-53, 106 S.C. 2205, 2511-12, 91 LED.2d 202 (1986).

C. **There is No Product Identification Objection to Claim No. 12395 in These Proceedings.**

As stated above, the product identification objection to Claim No. 12395 upon which the Debtors' motion for summary judgment is based is not part of these proceedings. The Debtors did not include such an objection in the schedule they prepared and submitted and which was attached to this Court's CMO and Amended CMO. Even if they had, the opinion letter of Dr. Pinchin creates a genuine issue material fact regarding product identification. Accordingly, the Debtors' motion for summary judgment must be denied.

DATED: March 19, 2007

_____
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.[2]
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:   (302) 654-0728
E-mail:      loizides@loizides.com

-and-

---
[2] F/k/a Loizides & Associates. Name change pending.

070319143236.DOC                              5

        C. Alan Runyan (SC Fed. ID No. 4837)
        Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
        SPEIGHTS & RUNYAN
        200 Jackson Avenue, East
        Post Office Box 685
        Hampton, SC  29924
        Telephone:    (803) 943-4444
        Facsimile:    (803)943-4599

        *Counsel for Anderson Memorial Hospital*

## Summary of Exhibits

Exhibit 1  Opinion Letter from Dr. Donald Pinchin to Carleton University

Exhibit 2  Excerpt from Exhibit A to August 31, 2006 CMO and October 13, 2006 Amended CMO