# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | **No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | Hearing Date: November 14, 2005 @ 12:00 pm |
| | ) | |
| | ) | Re: Docket No. 14596 |
| | ) | Reply Deadline: March 23, 2007 |
| | ) | Hearing: 9:00 a.m., Pittsburgh, PA |
| | ) | |
| | ) | Claim Nos.: 10672 |
| | ) | New Hanover Regional Medical Center |
| | ) | 2131 S. 17th Street, Wilmington, NC 28402 |
| | ) | |
| | ) | 10673 |
| | ) | Montgomery Memorial Hospital |
| | ) | 620 Allen Street |
| | ) | Troy, NC 27371 |
| | ) | |
| | ) | 11153 |
| | ) | YWCA of Greater Des Moines |
| | ) | 717 Grand Avenue |
| | ) | Des Moines, IA 50309 |
| | ) | |
| | ) | 11151 |
| | ) | St. Anthony's Hospital |

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

|  |  |
|---|---|
| ) | 311 South Clark Street |
| ) | Carroll, IA 51401 |
| ) |  |
| ) | 10533 |
| ) | First Tennessee Bank Buildings |
| ) | 165 Madison Avenue, #1100 |
| ) | Memphis, TN 38101-0084 |
| ) |  |
| ) | 11722 |
| ) | First Tennessee Bank Court-Thomas Computer |
| ) | Center |
| ) | 300 Court Street |
| ) | Memphis, TN 38103 |
| ) |  |
| ) | 10523 |
| ) | Bethesda Rehabilitation Hospital |
| ) | 559 Capital Boulevard |
| ) | St. Paul, MN 55103 |

**ANDERSON MEMORIAL HOSPITAL'S RESPONSE TO DEBTORS' MOTION FOR SUMMARY JUDGMENT ALLEGING CERTAIN ASBESTOS PROPERTY DAMAGE CLAIMS ARE BARRED BY STATUTES OF REPOSE**

Anderson Memorial Hospital, on behalf of claimants New Hanover Regional Medical Center, NC (Claim No. 10672), Montgomery Memorial Hospital (Claim No. 10673), YWCA of Greater Des Moines (Claim No. 11153), St. Anthony's Hospital (Claim No. 11151), First Tennessee Bank Buildings (Claim No. 10533), First Tennessee Bank Court-Thomas Computer Center (Claim No. 11722), and Bethesda Rehabilitation Hospital (Claim No. 10523) respectfully submit this Response.

**I.   State of Position**

The statutes of repose cited by the Defendants are not applicable to bar all possible claims raised by these Claimants. As is shown below, the Tennessee statute cited by the Debtors expressly exempts asbestos property damage actions. The North Carolina and Minnesota statutes of repose do not bar actions involving allegations of willful or wanton conduct or fraudulent action and the Iowa statute does not bar actions unless the Monokote is still "physically attached" to the structure. The Debtors' motion should be denied.

## II. Statement of Pertinent Facts

The Claimants hereby incorporate the Factual Background and attached document summary from their prior Response to the Debtor's Fifteenth Omnibus Objection, submitted at Docket Nos. 9949 (New Hanover, Medical Center, Claim No. 10672), 9892 (Montgomery Memorial Hospital, Claim No. 10673), 10296 (YWCA of Des Moines, Claim No. 11153), 10425 (St. Anthony's Hospital, Claim No. 11151), 10889 (First Tennessee Bank, Claim No. 10533), 10111 (First Tennessee Bank, Claim No. 11722) and 9720 (Bethesda Hospital, Claim No. 9720).

## III. Burden of Proof

A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). See also, Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. *See* Adv. Comm. Notes to Fed. R. Bankr.P. 9014.

Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." Lundell v. Anchor Construction Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir.2000); citing, Wright v. Holm (In re Holm ), 931 F.2d 620, 623 (9th Cir.1991); see also, Ashford v. Consolidated Pioneer Mort., 178 B.R. 222, 226 (9th Cir. BAP 1995), aff'd, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." In re Holm, 931 F.2d at 623.

### 2. Standard for Summary Judgment

In reviewing a motion for summary judgment, the Court must view all facts and inferences in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary Judgment may only be granted if the evidence if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP. If material facts are in dispute and further discovery is required, summary judgment should not be granted. Celotex v. Catrett, 477 U.S. 317, 322, 106 S.C. 2548, 91 LED.2d 265 (1986). The court must decide if the "evidence presents a sufficient disagreement to require submission to the fact finder or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-53, 106 S.C. 2205, 2511-12, 91 LED.2d 202 (1986).

### III. Argument

#### A. Statutes of Repose in Asbestos Property Damage Cases

The Debtor's reliance on statutes of repose to bar asbestos property damage claims is misplaced. Two separate courts of appeal have considered and rejected Grace's attempts to invoke statutes of repose. In Corbally v. W. R. Grace & Co., 993 F.2d 492 (5th Cir.1992) and State Farm Mutual Insurance Company v. W. R. Grace & Co., 24 F.3d 955 (7th Cir.1994) (Posner, J.) the courts conducted a detailed factual analysis of Grace's asbestos-containing product to conclude that it was not an "improvement to real property" sufficient to implicate respective statutes of repose of Texas and Illinois. Moreover, the Seventh Circuit held that merely supplying bags of product that was mixed with water and sprayed onto a structured did not qualify Grace as a "designer or builder" of State Farm's buildings under the Illinois

statute, and that even if it did, such actions would not implicate the repose statute because Grace's negligent acts or omissions were remote "from the building construction" activities that the repose statute intended to shield. 24 F.3d at 957. See also, Hebron Public School District No. 13 of Morton County, State of North Dakota v. United States Gypsum Company, 953 F.2d 398 (8th Cir. 1992) (North Dakota statute of repose does not protect the designer and manufacturer of an asbestos-containing spray-applied product); Hebron Public School District of Morton County v. United States Gypsum Co., 475 N.W.2d 120 (N.D. 1991) (North Dakota statute of repose does not protect a manufacturer of building materials used in an improvement to real property); Andrews v. W. R. Grace & Co., C/A C86-2210A (N.D.Ga.1986) (Georgia statute of repose not applicable to asbestos property damage case brought by school district); S. C. Code Anno. §15-3-670 (exempting actions for the release of toxic fibers into the environment from improvement to real property statute of repose); Forsyth Memorial Hospital v. Armstrong World Industries, 336 N.C. 438, 444 S.E.2d 423 (1994) (noting that material suppliers were covered by improvement to real property statute of repose that contained a fraud and gross negligence exception); Pascagoula School District v. U. S. Gypsum, C/A S89-0048-G (S.D.Miss.1991) (noting *nullem tempus* exception to Mississippi statute of repose in asbestos property damage case); Clarksville-Montgomery County School Board v. U. S. Gypsum, C/A No. 3-84-0315 (M.D.Tenn.1989) (upholding legislative exception to statute of repose for asbestos suits); Hopkins County Board of Education v. National Gypsum, C/A No. 83-C1-306 (Hopkins County, Ky., Cir.Ct. 1984) (statute of repose not applicable to asbestos property damage action); Wesley Theological Seminary v. U. S. Gypsum, C/A No. 88-7144 (D.D.C.1989) (upholding asbestos exception to

general statute of repose); Uricam Corp. v. W. R. Grace & Co., C/A Civ-89-2217-P (W.D.Okl.1990) (Oklahoma statute of repose no bar to asbestos property damage action).

### B. Tennessee Claims Are Not Barred by the Statute of Repose

The Debtors claim that the ten-year statute of repose set forth in TCA §29-28-103(a) bars Claim Nos. 11722 and 10533. This argument ignores the fact that TCA§29-28-103(b) specifically exempts asbestos property damage actions from the Tennessee ten year statute of repose. Section 103(b) provides, "The foregoing limitation of actions shall not apply to any action resulting from exposure to asbestos or to the human implantation of silicone gel breast implants." The federal court sitting in Tennessee has specifically held that this exception applies to asbestos property damage cases. Clarksville v. United States Gypsum Co., 710 F.Supp. 1157 (M.D.Tenn.1989). Accordingly, the ten year statute of repose set forth in §29-28-103(a) does not apply to bar asbestos property damage actions.[2]

### C. North Carolina Statute of Repose Does Not Bar the Claims

The Debtors argue that N.C. St. §1-50(6) acts as a bar to Claim Nos. 10672 and 10673. The Debtors are wrong.

In Forsyth Memorial Hospital v. Armstrong World Industries, 444 S.E.2d 423 (N.C.1994), the North Carolina Supreme Court considered the applicability of the North Carolina Repose Statutes in the context of an asbestos property damage case. In that case, the North Carolina Supreme Court ruled that where a plaintiff alleged willful and wanton conduct in furnishing asbestos-containing materials to a jobsite, §1-50(5) applied rather than §1-50(6). As the North Carolina court explained,

---

[2] Additionally, as Grace admits in its motion, the asbestos-containing Monokote was installed in the two buildings in 1970, less than ten years before the enactment of TCA §29-28-103(b). Accordingly, the Debtors had no substantive right in the Tennessee statute of repose at the time the asbestos exception was enacted. See, Cathy v. Johns-Manville, 776 F.2d 1565, 1575-76 (6th Cir.1985).

> Insofar as the plaintiff's claims are concerned, the difference in the two statutes of repose is [§1-50(5)] exempts claims all claims sounding in fraud or willful and wanton misconduct, whereas [§1-50(6)] contains no such exception.

444 S.E.2d at 427. Section 1-50(6) provides for a six year statute of repose, but further provides that the "limitation prescribed by this subdivision shall not be asserted as a defense by any person who shall have been guilty of fraud, or willful or wanton negligence in furnishing materials . . ."[3] The question of which statute of repose applies rests on the factual determination of whether the defendant merely manufactured the product and placed it into the stream of commerce remotely, or whether the defendant actually furnished the materials directly to the jobsite. Here it is undisputed that Grace delivered asbestos-containing Monokote directly to the jobsite. Exhibit 1 (Jobsite Invoice and Monokote Job listing)..

### 4. Iowa Statute of Repose Is Not Applicable

The Debtors also assert that Claim Nos. 11151 and 11153 are barred by Iowa's fifteen year statute of repose for "improvements to real property." Iowa Code §614(11). This statute provides

> an action arising out of the unsafe or defective condition of an improvement to real property based on tort and implied warranty and for contribution and indemnity, and founded on injury to property, real or personal, or injury to the person or wrongful death, shall not be brought more than fifteen years after the date on which occurred the act or omission of the defendant alleged in the action to have been the cause of the injury or death.

In <u>Tallum v. W. R. Grace & Co.</u>, 558 N.W.2d 208 (1997), the Iowa supreme court applied a three part test to determine whether spray-on fireproofing was an improvement to real property under the statute. In that case, the Plaintiff was exposed to Monokote fireproofing at the time it was sprayed-on to the steel columns in the building in 1968 and 1969. In

---

[3] North Carolina courts have recognized that fraud by silence is actionable in an asbestos-property damage action. <u>Rowan County Board of Education v. United States Gypsum</u>, 103 N.C.App. 288, 407 S.E.2d 860, 865 (1991).

finding that Monokote was an improvement to real property under the facts of that case, the court examined whether the Monokote (1) enhanced the real property's value, (2) involved the expenditure of labor or money, and (3) was intended to make the property more useful or valuable. Id; citing, Krull v. Thermogas Co., 522 N.W.2d 607 (Iowa 1994). The court reasoned that because the product was "physically attached" at the time the Plaintiff was exposed to it, that it was "an improvement to real property." 558 N.W.2d at 211.

The facts in an asbestos property damage case are different. In order for a claimant to establish a tort claim for asbestos property damage, they must show that the asbestos-containing Monokote has "contaminated" the building and is no longer attached to the structure. See, Kansas City v. W. R. Grace & Co., 778 S.W.2d 264 (Mo.App.1989) (asbestos property damage action does not accrue until "asbestos fibers were released into the environment . . . and there was a substantial and unreasonable risk of harm"); see also, MDU Resources v. W. R. Grace & Co., 14 F.3d 1274, 1279 (38th Cir.1994); THS Northstar v. W. R. Grace & Co., 66 F.3d 173 (8th Cir.1995); BellSouth Communications v. W. R. Grace & Co., 77 F.3d 603 (2d Cir.1996); City of Wichita v. United States Mineral Product Co., 72 F.3d 1491 (10th Cir.1996); San Francisco Unified School District v. W. R. Grace & Co., 37 Cal.App.4th 1318, 44 Cal.Rptr.2d 305 (Cal.App.4th 1995); Heider v. W. R. Grace & Co., 1992 WL 189254 (N.D.Ill.) (citing, *Prosser & Keeton on the Law of Torts*, §30 at 165 (5th Ed. 1984)); Clayton Center Asso. v. W. R. Grace & Co., 861 S.W.2d 686 (Mo.App.1993). Because the injury caused by Monokote does not occur until the product has become unattached to the steel beams in the buildings, the "physically attached" bright line test used in Tallman is inapplicable.

In evaluating the precise issue of whether Monokote can be considered an "improvement to real property", Judge Posner reasoned that it was not. In State Farm v. W. R. Grace & Co., 24 F.3d 955 (7th Cir.1994), the Seventh Circuit sated

> calling a spray an "improvement" would do violence to the ordinary meaning of the word when it is used in the context of construction, as well as impart a breathtaking scope to the statute. An extension to a kitchen is an improvement; the paint on the extension is not.

Id at 958 (citations omitted). After considering a number of Illinois cases, the Seventh Circuit held that "No case extends the concept of improvement to a spray." Id.

### 5. The Minnesota Statute of Repose Does not Apply to Fraud Claims

The Debtors claim that Minn. St. §541.051 ten year repose provision bars Claim No. 10523. Again, Grace has overlooked the plain language of the statute. Section 541.051(a) provides

> **Except where fraud is involved**, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property
>
> * * *
>
> shall such a cause of action accrue more than ten years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or the owner's representative can occupy or use the improvement for the intended purpose.

(emphasis supplied). Accordingly, actions involving fraud are not subject to the ten year repose provision.

In THS Northstar v. W. R. Grace & Co., 860 F.Supp. 640 (D.Minn.1994), vac'd on other grounds 66 F.3d 173 (8th Cir.1995), the issue of Grace's fraudulent conduct as well as its continuing duty to warn was found to be a jury question. This is hardly surprising based

upon the substantial record of misrepresentation and concealment outlined in the Claimant's Response to the Debtors' Fifteenth Omnibus Objection (Docket No. 9720). Because the Debtors have failed to even address the issue of fraud in its Motion, it has not met its burden of showing that the ten year repose statute is applicable to this claim.

## IV.     Conclusion

The Debtors have failed to meet their burden of establishing that any of these statutes of repose are available to bar these seven claims. Accordingly, the Debtors' motion must be denied.

DATED: March 19, 2007

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.[4]
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:     (302) 654-0248
Facsimile:     (302) 654-0728
E-mail:        loizides@loizides.com

C. Alan Runyan (SC Fed. ID No. 4837)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Telephone:     (803) 943-4444
Facsimile:     (803) 943-4599

---

[4] F/K/A Loizides & Associates (Name change pending).

## Summary of Exhibits

Exhibit 1                                   Invoices and Job List for North Carolina Claimants