IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date:  April 9, 2007 at 9:00 a.m.** |
| | ) | **Reply Deadline:  March 23, 2007** |
| | | **Re: Docket No. 14584** |

**DEBTORS' RESPONSE TO CLAIMANT MACERICH FRESNO LIMITED
PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT AND DEBTORS' CROSS-
MOTION PURSUANT TO F.R.B.P. 7056 DISALLOWING AND EXPUNGING
MACERICH FRESNO LIMITED PARTNERSHIP'S CLAIM**

## I.    INTRODUCTION

Claimant Macerich Fresno Limited Partnership's ("Macerich") motion for summary

judgment should be denied and its claim dismissed.  The undisputed facts support a finding that

Macerich's claim for alleged property damage to the Fresno Fashion Square Mall ("the Mall") is

barred by the statute of limitations.  Additionally, Macerich's claim is barred by laches and

assumption of the risk.  The claim should be expunged with prejudice.[1]  Accordingly, Debtors

cross-move for summary judgment on Macerich's claim.

Under the Delaware conflict of law rules, the proper statute of limitations to apply to a

property damage claim is the shorter of either Delaware's limitations period, or the limitations

period of the state where the claim at issue arose.  In this case, Delaware's three-year statute,

which runs from the date Macerich knew or should have known of the presence of asbestos in its

building and the alleged potential dangers of asbestos, should be applied because it is shorter in

---

[1] A Proposed Order is attached as Exhibit A.

its application to Macerich's claim than California's three-year limitations period for property damage, which requires that damage occur before an action accrues. Since Macerich admits it knew of the presence and potential danger of asbestos-containing material in the Mall by 1988, when it commissioned a site-wide asbestos survey, its claim is barred by Delaware's three-year statute.

Macerich's claim is also barred under California's statute of limitations for property damage. Macerich alleges that renovations for tenant build-outs and construction in the common areas disturb the asbestos fireproofing. Under Macerich's theory, the disturbance or the likelihood of disturbance of the asbestos-containing fireproofing is the "contamination" that starts the limitations period running. If that were not the case, Macerich could not file a lawsuit or claim in these Chapter 11 cases because no cause of action would have accrued. Macerich has admitted to performing these renovations in 1992 and 1995. Macerich also avers that delaminated fireproofing debris was observed during a 1988 asbestos survey. Once again, because, according to Macerich's own theory, such disturbance of the fireproofing results in "contamination" of the building, the statute of limitations would have started running at least by that date.

California law does not permit Macerich to compartmentalize its "actual knowledge" by arguing that it did not have "actual knowledge of the damage at a particular store or area . . . until there was an actual or likely disturbance of the ACM at that store or common area during work required for a new tenant or in the course of renovation." (Macerich Mem. at 7). Macerich cannot cite to any decision that allows a property owner to limit its knowledge of asbestos in its building on a section-by-section or floor-by-floor basis. Indeed, Macerich's argument makes no sense, in part, because it did extensive asbestos surveys which put it on actual notice of the

condition of the fireproofing throughout the Mall, and it was required by law to further investigate its claim. A property owner cannot, when it has reason to suspect it has a claim, sit on its rights. Macerich is not permitted to simply wait until each particular space is renovated, and then assert that a claim begins to accrue at that point only for that renovation because only that fireproofing is likely to be disturbed.

Aware that its property damage claim is time-barred, Macerich argues that it nonetheless can recover under a nuisance theory. However, under California law, there is no cause of action for nuisance based on property damage allegedly caused by asbestos-containing building materials. Otherwise, nuisance "would become a monster that would devour in one gulp the entire law of tort."[2] Therefore, any claim by Macerich for nuisance is deficient as a matter of law.

Macerich's claims also fail because it assumed the risk when it purchased a property with full knowledge of its asbestos-containing fireproofing and of the condition of the fireproofing. Macerich states that it had an ownership interest in the building in 1987 through 1994, and that it managed the building from 1988 to 1996, when it purchased the property.[3] Under Macerich's ownership and/or management, extensive asbestos surveys were conducted as well as numerous abatements. Macerich has admitted that it had full knowledge of the extent of asbestos content in the fireproofing, and of the allegedly damaged condition of the fireproofing, from the surveys it conducted in 1988 and 1996.

---

[2] *City of San Diego v. United States Gypsum Company,* 30 Cal. App. 4th, 575, 586 (1994).

[3] In response to requests from Debtors for copies of certain documents upon which Macerich's motion is based, Macerich informed counsel for Debtors in a March 12, 2007 email communication that there was an error in the Declaration of Aladdin Ghafari and that, in fact, Macerich had an ownership interest in the Mall from 1987 to 1994.

Finally, Macerich's claims are barred by laches. Macerich knew of alleged delamination and fireproofing debris by at least 1988. It also performed renovations of tenant spaces and the common areas of the Mall, which Macerich asserts required removal of the fireproofing, in 1992 and 1995. Yet Macerich waited until 2003 to file its claim. As a result of this passage of time, witnesses are likely to be unavailable and of those who are available, memories have faded, and documents and other evidence are most likely irretrievable. The Debtors are highly prejudiced by Macerich's delay in bringing suit and the claim should be disallowed. Accordingly, Debtors oppose Macerich's motion for summary judgment and Debtors cross-move for summary judgment.

## II.    STATEMENT OF FACTS

### A.    Macerich's Ownership and Management of the Building

Macerich alleges in its proof of claim that asbestos-containing fireproofing was installed in its property, the Fresno Fashion Fair Mall, in 1969. [Proof of Claim, Exh. 1 to Declaration of Aladdin Ghafari, ("Ghafari Decl.").] Macerich alleges that it had an ownership interest in the Mall from 1987 through 1994, and managed the Mall from 1988 to the present. In 1996, Macerich purchased the Mall. [Ghafari Decl., ¶ 2]. According to Macerich, the Mall has two wings: the East Wing, constructed in 1970, and the West Wing, constructed in 1982. [Ghafari Decl., ¶ 3]. Only the East Wing contains asbestos-containing fireproofing.

### B.    Asbestos Surveys and Abatements, and Macerich's Knowledge of Alleged Contamination

Macerich refers to two asbestos surveys that were conducted in the East Wing. The first survey, conducted in 1988 by Diagnostic Engineering Inc. (the "1988 Survey"), identified spray-applied asbestos-containing fireproofing on structural beams, cross members, columns, and walls and studs. The beams and cross-beams were located in ceiling cavities and walls of retail spaces,

and in the common areas of the Mall. According to the 1988 Survey, there was delamination and fireproofing debris present on building surfaces. According to Macerich, six retail spaces were abated under Macerich's ownership and/or management during 1992 and 1995. [Ghafari Decl., ¶ 6.]

In 1996, Macerich commissioned ATC Environmental Inc. to conduct a survey (the "1996 Survey") in connection with Macerich's purchase of the Mall. This Survey also identified asbestos-containing spray-applied fireproofing on structural beams and cross-members, except for the six retail spaces abated in 1992 and 1995.

Macerich asserts it was aware that renovations of retail spaces and the common area would result in disturbance of the fireproofing, and that "over time, the asbestos-containing SAFP might deteriorate, and lose its adhesion to the structural beams. Therefore Macerich understood . . . [that it] was likely to disturb friable asbestos each time Macerich renovated a retail space or the common areas." [Ghafari Decl., ¶ 8].

### III.   ARGUMENT

**A.    Macerich's Property Damage Claim is Barred by the Delaware Statute of Limitations**

Macerich assumes – with no choice of law analysis – that a California statute of limitations applies. *See* Macerich Mem. at 7. But, in reality, to determine the appropriate state's statute of limitations to apply to the Macerich claim, this Court must consider Delaware's choice of law rules, as this Court previously held in  determining that certain Asbestos PD Claims against the Debtors were time-barred. *See* Order Disallowing and Expunging as Time-Barred Two Asbestos PD Claims Filed by Prudential Insurance Company on Account of Buildings Located in Georgia [Dkt. No. 13457] ("10/24/06 Order"). Under Delaware choice of law rules, the Court must apply to Macerich's claim the *shorter* of Delaware or California's applicable

statute of limitations. *Id.*[4] For this Asbestos PD Claim, both Delaware and California have three-year limitations periods. Macerich's claim is time-barred under both Delaware and California law.

Under Delaware's discovery rule, the three-year limitations period begins to run at the time the Claimants knew or should have known of their alleged injuries, namely the presence of asbestos in their building and the potential dangers of asbestos. *See Becker v. Hamada, Inc.*, 455 A.2d 353, 356 (Del. 1982) (holding that claim was barred under the Delaware's three-year statute of limitations period, because, "the existence of [the defect in the property] was reasonably discoverable before [the running of limitations period]"); *Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254 (Del. Super. 1969) (finding that an action to recover for dampness accrued when plaintiffs first knew of the dampness).

According to Macerich's Memorandum, Macerich knew of its alleged injuries in 1988, when it first conducted tests on asbestos-containing materials (because of its then-existing knowledge of the potential dangers of asbestos) and found "some delamination of the fireproofing." [Ghafari Decl., ¶ 5]. Under Delaware law, Macerich's knowledge of the potential danger of asbestos, coupled with its knowledge of asbestos in its building, was sufficient to start the statute of limitations running as to its claim. *Becker*, 455 A.2d at 356. In any event, it can not be disputed that Macerich knew of its alleged injuries by at least 1992 and 1995, when six retail spaces were abated and therefore some of the costs that Macerich now seeks to recover were incurred, including the "substantial sums of money and staff time to comply with the legal

---

[4] The Delaware "borrowing statute" expressly provides for application of Delaware's statute of limitations, unless the limitations period in the state where the claim arose is shorter. 10 Del. C. § 8121 (2005). Following this approach, this Court has already determined that the shorter of Delaware's or Georgia's limitations period applies to Asbestos PD Claims filed on account of buildings located in Georgia. *See* 9/26/06 Hrg. Tr. at 39; 10/24/06 Order.

requirements pertaining to removal of asbestos each time that it has renovated a retail space during a tenant turn-over." [Ghafari Decl., ¶ 10]. Therefore, the Macerich claim is barred under Delaware's applicable limitations period.

**B.      Macerich's Property Damage Claim is Barred by the California Statute of Limitations**

      **1.      The California Statute of Limitations For Property Damage Begins to Run at the Time Damage is Incurred**

California's statute of limitations period for injury to real property is three years. Cal. Civ. Proc. Code § 338(b); *San Francisco Unified School Dist. v. W.R. Grace & Co. – Conn.*, 37 Cal. App. 4th 1318, 1325 (Cal. Ct. App. 1995) [hereinafter, *"SFUSD"*]; *City of San Diego*, 30 Cal. App. 4th at 578. No cause of action accrues and no claim can be filed in a tort action until damage has occurred, as the limitations period does not begin to run until the last element essential to the cause of action occurs. *SFUSD*, 37 Cal. App. 4th at 1326; *City of San Diego*, 30 Cal. App. 4th at 582.

If the last element of the cause of action to occur is damage, the statute of limitations begins to run on the occurrence of "appreciable and actual harm, however uncertain in amount," that consists of more than nominal damages. *SFUSD*, 37 Cal. App. 4th at 1326 (citing *Davies v. Krasna*, 14 Cal. 3d 502, 513-514 (Cal. Ct. App. 1975); *City of San Diego*, 30 Cal. App. 4th at 582-583; *Miller v. Lakeside Village Condominium Ass'n*, 1 Cal. App. 4th 1611, 1623 (Cal. Ct. App. 1991)). "[O]nce plaintiff has suffered actual and appreciable harm, neither the speculative nor uncertain character of damages nor the difficulty of proof will toll the period of limitation." *Davies*, 14 Cal. 3d at 514; *City of San Diego*, 30 Cal. App. 4th at 583. In *City of San Diego*, in defining appreciable harm in an asbestos property damage case, the court held that "appreciable harm is not limited to the existence of an actual health hazard. As pleaded, the city's knowledge of deterioration to its buildings caused by asbestos constitutes the infliction of an appreciable

harm that begins the statute of limitations running." 30 Cal. App. 4th at 578. In *SFUSD*, the court held in an asbestos property damage case that contamination occurs when there is release of asbestos fibers from asbestos-containing material into the environment. *SFUSD*, 37 Cal. App. 4th at 1329 ("At the release of asbestos fibers into the environment, the cause of action has been held to accrue and the statute of limitations to begin to run").

Under California law, Macerich's property damage claim is barred. Macerich declarant Aladdin Ghafari contends that Macerich knew at least by the time of the 1988 Survey that there was delamination of the asbestos-containing fireproofing from structural beams at locations in the East Wing. [Ghafari Decl., ¶ 5]. Macerich contends that the 1988 Survey also references debris from damaged fireproofing. [Ghafari Decl., Exh. 1].[5] Macerich's observation of damage to the fireproofing and knowledge of asbestos on building surfaces started the statute running.

Macerich declarant Ghafari alleges that "over time, the asbestos-containing SAFP might deteriorate, and lose its adhesion to the structural beams. Therefore Macerich understood . . . [that it] was likely to disturb friable asbestos each time Macerich renovated a retail space or the common areas." [Ghafari Decl., ¶ 8.] Macerich contends that it is the likelihood of this disturbance that starts the statute of limitations running. Since Macerich was aware of that likelihood by at least 1988, the limitations period ran at least by 1991, and its property damage claim was time-barred well before this bankruptcy proceeding was instituted in April 2001.

### 2.   Macerich's Claim Accrued At Least By When It Believed It Had Been Damaged

Macerich's arguments regarding the running of the statute of limitations are inconsistent. On the one hand, Macerich claims that it prevented contamination from ever occurring in its

---

[5] Attachment B, p.2 to Macerich's Proof of Claim filed April 2003, spreadsheet entitled "Fresno Fashion Fair Asbestos Survey," reference to DEI Project 7/13/88 common area: "debris present. See 4/1/88 & 5/19/93 ACM reports."

building.  But Macerich could not file an action or a claim in these Chapter 11 cases if it did not believe contamination had occurred.  *SFUSD*, 37 Cal. App. 4th at 1326.  So, Macerich contends that the asbestos-containing fireproofing is likely to be disturbed when tenant build-outs and renovations to the common area are done.  Thus, in Macerich's own words, "the statute of limitations would commence to run on the date that the construction or renovation commenced." (Macerich Mem. at 14).  Thus Macerich must admit that what it contends constitutes contamination or property damage for limitations purposes occurred by 1988, when the DEI Survey reported delaminated fireproofing debris, or by 1992 at the latest, when Macerich commenced asbestos removal activities during tenant renovations.  Macerich cannot have it both ways.

### 3.    The Property Damage Claim is Not Saved By Tolling or Any Other Potential Loophole

Under the discovery rule, a cause of action does not accrue until the plaintiff either discovers the injury and its negligent cause or could have discovered the injury and cause through the exercise of reasonable diligence.  *SFUSD*, 37 Cal. App. 4th at 1326; *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109 (1988).  The statute of limitations begins to run when the plaintiff suspects or should suspect that his or her injury was caused by wrongdoing – when the plaintiff has notice of information or circumstances that would put a reasonable person on inquiry. *SFUSD*, 37 Cal. App. 4th at 1326.  The plaintiff need not be aware of the specific facts necessary to establish the claim – these facts can be determined during pretrial discovery.  *Id.* at 1326-1327.  "Once a plaintiff suspects wrongdoing and therefore has an incentive to sue, he or she must decide whether to file suit or sit on his or her rights.  When a suspicion exists, the plaintiff must go find the facts; he or she cannot wait for the facts to find him or her." *Id.* at 1327. Macerich asserts that it knew at least by 1988 that fireproofing had been dislodged.  Moreover,

since Macerich admits there were renovations in 1992 and 1996, under its theory that fireproofing had to be disturbed during those renovations, Macerich's claim arose by 1992 at the latest.

Macerich is unable to rely on a fiction (with no basis in California or any other law) that each tenant space has its own individual statute of limitation, and that the statute only begins to run when Macerich begins renovations of that particular space. Macerich's fiction defies common sense and is legally unworkable. Under that unsupportable theory, a new cause of action accrues and a new statute of limitations starts running every time a maintenance worker or repairman bumps into the fireproofing and a small amount is disturbed. It is Macerich's knowledge of the alleged release of asbestos-containing fireproofing in 1988 that started the statute running, not Macerich's renovation schedule.

C.     **Macerich May Not Recover in Nuisance for Alleged Asbestos Property Damage and in Any case, Macerich's Nuisance Claim is Time-Barred**

California courts have unambiguously rejected attempts to turn asbestos property damage claims into nuisance claims. In *City of San Diego v. U.S. Gypsum*, the city sought to recover "money it spent and will spend to identify and abate the asbestos danger, and for loss of use and decline in value of its property" resulting from alleged contamination of its buildings by asbestos particles from asbestos-containing building products. 30 Cal. App. 4th at 578. Here as well, Macerich seeks recovery for alleged property damages it incurred and that will be incurred as a result of abatements in the Mall. In *San Diego*, the court soundly rejected the city's attempt to recover under a continuing nuisance theory. The court observed that the city was unable to cite any case that allows recovery for a defective product under a nuisance cause of action, and that under the city's theory, "nuisance 'would become a monster that would devour in one gulp the entire law of tort.'" *Id.* at 586. Citing numerous decisions from other jurisdictions in which

plaintiffs were denied recovery for defective asbestos-containing building materials, the court of appeal held that the city could not bring a product liability action "in the guise of a nuisance action." *Id.* at 587. Similarly, in *City of Modesto Redevelopment Agency v. Superior Court*, 119 Cal. App. 4th 28, 39 (2004), the court agreed with *San Diego* that "the law of nuisance is not intended to serve as a surrogate for ordinary products liability."[6]

### D.    Macerich's Claim is Barred by Laches

Contrary to Macerich's argument, Debtors can demonstrate prejudice by Macerich's long delay in bringing its claim. Macerich had knowledge of the facts upon which it bases its claim at least by 1988. Macerich was in possession of detailed asbestos surveys done in 1987, and began abatements at least by 1992. Yet it waited until 2003 to file a claim – over thirty years since the fireproofing was installed in the buildings, and at least sixteen years after it knew the facts upon which it now bases its claim. In the interim, evidence has been lost, witnesses have become unavailable and memories have faded. Macerich should not be permitted to pursue its stale claims.

### E.    Macerich's Claim is Barred Because it Assumed the Risk When it Purchased the Mall

Macerich purchased the Mall in 1996, after managing it for eight years. [Ghafari Decl. ¶ 2]. Macerich also had an ownership interest in the Mall from 1987 to 1994.[7] Considering the extensive asbestos surveys conducted in 1987 and 1996, Macerich went into the purchase with its eyes wide open, aware of both the asbestos content of the fireproofing and of alleged damage. Macerich had also conducted abatements in 1992. Regardless of whether assumption of the risk

---

[6] Macerich's argument that *City of San Diego* does not apply because Macerich has not cast its claim as one for product liability is unavailing. Regardless of how it labels its claim, Macerich is seeking recovery against a product manufacturer for alleged damage caused by the product.

[7] *See* note 2, *supra.*

is a complete defense, it is properly pled as a defense to a property damage claim where the purchaser was aware of allegedly defective conditions in the property prior to acquisition of the property.

## IV.   CONCLUSION

Macerich admits to actual knowledge of its alleged property damage well over three years prior to the statute of limitations cutoff of April 1998.  At a minimum, Macerich knew by 1988 that sprayed-on fireproofing in the Mall contained asbestos, and alleges in its motion that delaminated fireproofing debris was observed at that time.  Under Delaware law, the statute of limitations for Macerich's property damage claim began running at least by 1988 when Macerich had actual knowledge of asbestos in the fireproofing and of the potential dangers of asbestos. The claim expired in 1991.

Under California law as well, the claim should have been brought at least by 1991.  Even if the Court were to agree with Macerich that the statute only begins to run at the time of tenant space and common space renovations and abatements, Macerich admits that it renovated six spaces in 1992 and 1995.  There is not a separate statute of limitations for each tenant space in the Mall.  Under Macerich's own statement of the facts, its claim for property damage is time-barred under both Delaware and California law.

Additionally, California law does not allow a property owner to recover for asbestos-containing materials in its buildings under a nuisance theory.  Macerich's inexcusable delay in bringing its claim is highly prejudicial to Debtors and grounds for finding laches.  Macerich's claim is further barred because of its assumption of the risk in purchasing the Mall with full knowledge of the asbestos-containing fireproofing.

For all of these reasons, Debtors respectfully requests that the Court deny Macerich's motion for summary judgment, and grant Debtors' Cross-Motion for Summary Judgment regarding Macerich's claim, Claim No. 12758.

Dated: March 19, 2007

REED SMITH LLP
James J. Restivo, Jr., Esq. (Bar No. 10113)
Lawrence Flatley, Esq. (Bar No. 21871)
Douglas E. Cameron, Esq. (Bar No. 41644)
Traci S. Rea, Esq. (Bar No. 72658)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
Co-Counsel for the Debtors and Debtors in Possession