# Exhibit 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

RD/ld

| | | |
|---|---|---|
| In re: | } | Chapter 11 |
| | } | |
| W.R. GRACE & CO., et al., | } | Case No. 01-01139 (JKF) |
| | } | (Jointly Administered) |
| | } | |
| Debtors. | } | |
| | } | Re: Docket No. 13406 |

- - - - - - - - - -

    This is the Deposition of GRAEME MEW in the above-noted matter, taken at the law offices of OGILVY RENAULT, 222 Bay Street, 38th Floor, Toronto, Ontario, on the 15th day of March, 2007.

- - - - - - - - - -

APPEARANCES :

| | |
|---|---|
| DANIEL A. SPEIGHTS<br>Speights & Runyan<br>200 Jackson Avenue East<br>P.O. Box 685<br>Hampton, South Carolina<br>29924 | -- for the Canada Claimants |
| DOUGLAS E. CAMERON<br>Reed Smith LLP<br>435 Sixth Avenue<br>Pittsburgh, Pennsylvania<br>15219 | -- for W.R. Grace & Co. |
| JESSICA GLASS<br>Kramer Levin Naftalis &<br>  Frankel<br>1177 Avenue of the Americas<br>New York, New York<br>10036<br>(via teleconference) | -- for Official Committee<br>   of Equity Shareholders |

G. Mew   - 54

| | | | |
|---|---|---|---|
| 1 | | A. | I think the U.S. federal Rules have |
| 2 | | | broad similarities certainly with the Rules of the |
| 3 | | | Ontario court and the federal court Rules. There |
| 4 | | | are obviously differences, but in their general |
| 5 | | | structure, I believe they are similar. |
| 6 | 245. | Q. | For instance, would Rule 12 of the |
| 7 | | | Federal Rules of Procedure be similar, or at least |
| 8 | | | deal with the same subject matter as Rule 12 of the |
| 9 | | | Canadian Rules? |
| 10 | | A. | No. There is a Canadian Rule |
| 11 | | | dealing with summary judgment. They have different |
| 12 | | | numbers and they have different content, but you can |
| 13 | | | see they are cousins of each other. |
| 14 | 246. | Q. | Are there pleading requirements in |
| 15 | | | Canada for the statement of defence which require |
| 16 | | | certain defences to be pled or else waived? |
| 17 | | A. | Yes. |
| 18 | 247. | Q. | What are those? Do you know? |
| 19 | | A. | A limitation defence would be a...a |
| 20 | | | good example, it's incumbent upon a defendant |
| 21 | | | raising a limitation defence to plead it. |
| 22 | 248. | Q. | To plead it specifically? |
| 23 | | A. | Yes. |
| 24 | 249. | Q. | In the pleading the plaintiff files, |
| 25 | | | is the plaintiff required to set forth all of its |

G. Mew  - 55

```
 1              causes of action?
 2                      A.      Yes.
 3    250.              Q.      Are there cases in which plaintiffs
 4              have multiple causes of action?
 5                      A.      Yes.  I could make the general
 6              comment, because I have seen a lot of American
 7              pleadings, that Canadian pleadings tend not to be
 8              organized in the same way as U.S. pleadings, where
 9              you sort of go cause of action by cause of action.
10              Typically in a Canadian pleading, there would be an
11              allegation made that certain conduct constituted
12              negligence and/or a breach of contract.
13                      So, I guess in a sense, the pleading style
14              is perhaps a little more general in Canada than it
15              would be in the U.S., but it is necessary to
16              identify the cause of action and the material facts
17              upon which the cause of action is based.
18    251.              Q.      Do you have causes of action in
19              Canada for negligence?
20                      A.      Yes.
21    252.              Q.      For nuisance?
22                      A.      Yes.
23    253.              Q.      Is that common law or statute, or
24              both?
25                      A.      A bit of both, but it depends.  If
```

G. Mew    - 56

| | | | |
|---|---|---|---|
| 1 | | | you take, for instance, occupier's liability, there |
| 2 | | | is a statute which has effectively codified the |
| 3 | | | common law, but in lawyers' negligence, it would be |
| 4 | | | just a common-law claim. |
| 5 | 254. | Q. | Do you have express warranty claims |
| 6 | | | in Canada? |
| 7 | | A. | We don't use that terminology. |
| 8 | 255. | Q. | If I, in American terminology, |
| 9 | | | expressly warranted the fitness of a product, and I |
| 10 | | | did the same thing in Canada, what would it be |
| 11 | | | called in Canada? |
| 12 | | A. | It would be a sale-of-goods claim. |
| 13 | | | There are implied statutory warranties, as well as |
| 14 | | | express warranties that the parties may have |
| 15 | | | bargained for. |
| 16 | 256. | Q. | Is an implied warranty in a |
| 17 | | | sale-of-goods cause of action a tort or a contract |
| 18 | | | or a something else? |
| 19 | | A. | It's a matter of statute that is |
| 20 | | | provided for under the Sale of Goods Act, and it's |
| 21 | | | an implied term of the contract of sale. |
| 22 | 257. | Q. | So, it would be contractual? |
| 23 | | A. | Yes. |
| 24 | 258. | Q. | Is there such a thing as a |
| 25 | | | conspiracy cause of action in Canada? |

G. Mew   - 57

|     |      |    |                                          |
|-----|------|----|------------------------------------------|
| 1   |      | A. | There is a tort of conspiracy; it's a common-law tort. |
| 3   | 259. | Q. | Is there a restitution cause of action in Canada? |
| 5   |      | A. | Yes. |
| 6   | 260. | Q. | Is there a fraud cause of action in Canada? |
| 8   |      | A. | Again, it's a tort, but yes. |
| 9   | 261. | Q. | Well, if I wanted to allege both negligence and fraud, would I have mention both in my pleading? |
| 12  |      | A. | Yes. |
| 13  | 262. | Q. | Is there a misrepresentation cause of action in Canada? |
| 15  |      | A. | Yes. |
| 16  | 263. | Q. | Is that different from a fraud action? |
| 18  |      | A. | Yes. |
| 19  | 264. | Q. | What is different about those two? |
| 20  |      | A. | There are various categories of misrepresentation; there is innocent misrepresentation, negligent misrepresentation and fraudulent misrepresentation. |
| 24  | 265. | Q. | Is fraud the same as fraudulent misrepresentation? |

G. Mew   - 58

```
 1                    A.   No.  Yes and no.  I guess the two
 2         could overlap, but a fraudulent misrepresentation
 3         would be a misrepresentation that was made when the
 4         maker of the misrepresentation knew it to be untrue.
 5   266.              Q.   Are all three of the
 6         misrepresentations torts?
 7                    A.   I am hesitating in answering that,
 8         because misrepresentation is a concept of contract
 9         law, but the use of the word, "negligent
10         misrepresentation" obviously mixes the contract and
11         tort concepts.  So, I am reluctant to give you an
12         unequivocal answer to that.  I would say that
13         misrepresentation is generally regarded as a branch
14         of the law of contract.
15   267.              Q.   Is there a cause of action for
16         failure to warn?
17                    A.   It would be an allegation of
18         negligence, but one sees that allegation made; or
19         breach of contract if it was alleged that there was
20         a duty to warn as an express or implied term of the
21         contract.
22   268.              Q.   Is there a concept of continuing
23         duty to warn in Canada?
24                    A.   I'm not sure I would call it a
25         concept, but that is an allegation that could be
```

G. Mew   - 59

1     made.
2  269.          Q.     Would that fall under negligence, as
3     well?
4              A.     That is really the same answer as I
5     gave before; it could be an allegation relating to
6     the breach of a duty in negligence, or it could be
7     an allegation relating to the breach of an express
8     or implied term of the contract.
9  270.          Q.     Is there a separate products
10    liability cause of action in Canada?
11             A.     No.  Products liability is generally
12    a matter of tort and contract law.
13 271.          Q.     In the U.S., in some jurisdictions,
14    there is an allegation that often appears in product
15    liability complaints, that a product was defective
16    because it did not contain an adequate warning.  Is
17    there such an allegation that is made in Canada, and
18    if so, what cause of action does it fit under?
19             A.     I would say that the failure to warn
20    would not be an allegation that goes to the route of
21    the defect of the product itself, but would be a
22    collateral obligation that it's alleged the maker or
23    distributor of the product owed to the consumers of
24    that product or people who came into contact with
25    it.  So, depending on whether there is a contractual

G. Mew   -  60

|  |  |  |
|---|---|---|
|  |  | nexus, it would be an allegation that was made in the context of contract or tort. |
| 272. | Q. | In order to have a tort action, must there be an injury? |
|  | A. | There must be a wrong; there has to be a wrong that is recognized in law. |
| 273. | Q. | What is a wrong? |
|  | A. | It depends on what the context is. |
| 274. | Q. | Well, if you had a products liability action sounding in negligence, must the plaintiff prove that there has been injury? |
|  | A. | To recover damages, you would have to show that there has been...I use the term broadly ...an injury. Obviously, we are going to talk about pure economic loss, but if we are talking about injury, that would be a form of injury. |
| 275. | Q. | Is there a recognized treatise, or hornbook as we say in the U.S., on products liability law in Canada? |
|  | A. | Professor Klar would be one of the ...the Klar's torts textbook would be one of the leading texts, and there is another tort text by Mr. Justice Linden, who is a Federal Court of Appeal judge; and a number of British and Commonwealth texts are also routinely consulted. |

G. Mew  - 70

| | | | |
|---|---|---|---|
| 1 | 307. | Q. | In fairness, I believe you also cited Mr. Miller's article, as well. |
| 3 | | A. | I believe you are right. |
| 4 | 308. | Q. | Have you reviewed any of the evidence in Privest, including any transcript or any of the exhibits? |
| 7 | | A. | No. |
| 8 | 309. | Q. | Do you agree that Privest did not deal with the ultimate statute of limitations? |
| 10 | | A. | I don't believe it did. |
| 11 | 310. | Q. | Do you recall what causes of action were presented in Privest? |
| 13 | | A. | Not specifically. I can make an educated guess, but I have never studied the pleadings. |
| 16 | 311. | Q. | Somewhere in the Privest decision, it uses the term, "an agent to know"; what is that? |
| 18 | | A. | Sorry? |
| 19 | 312. | Q. | "An agent to know"; is that a term that you are familiar with? |
| 21 | | A. | No. I would have to see the context. |
| 23 | 313. | Q. | Is the term, dicta a term used in Canada? |
| 25 | | A. | Yes. |

G. Mew  - 84

| | | | |
|---|---|---|---|
| 1 | 359. | Q. | Do you know Mr. Miller? |
| 2 | | A. | No. |
| 3 | 360. | Q. | Do you have a copy of that article |
| 4 | | | in your file? |
| 5 | | MR. CAMERON: | Which article? |
| 6 | | | |
| 7 | BY MR. SPEIGHTS: | | |
| 8 | 361. | Q. | The Miller article. |
| 9 | | A. | I would expect so. |
| 10 | 362. | Q. | Did you review other articles |
| 11 | | | discussing Privest in connection with your work on |
| 12 | | | Mogul or Grace, other than the Hayley and Miller |
| 13 | | | articles? |
| 14 | | A. | I didn't, personally. |
| 15 | 363. | Q. | Did... |
| 16 | | A. | Did Ms. Goldsack? |
| 17 | 364. | Q. | ...Ms. Goldsack? |
| 18 | | A. | She may well have done. |
| 19 | 365. | Q. | Now I want to go to page 6 of the |
| 20 | | | Mogul affidavit, particularly footnote 8.  You |
| 21 | | | state: |
| 22 | | | "...In this way, 'an ultimate limitation' |
| 23 | | | provision in Canadian jurisprudence serves |
| 24 | | | what I understand to be a similar function |
| 25 | | | and purpose as a 'statute of repose' in |

G. Mew   - 85

| | | | |
|---|---|---|---|
| 1 | | | certain states within the United States..." |
| 2 | | | Again, that is on your general understanding of what |
| 3 | | | a statute of repose is; correct? |
| 4 | | A. | Correct. |
| 5 | 366. | Q. | Then you say: |
| 6 | | | "...It is my understanding that the debtors |
| 7 | | | previously objected to asbestos-related |
| 8 | | | property damage claims based on the |
| 9 | | | statutes of repose of certain states in |
| 10 | | | their 17th omnibus objection (substantive) |
| 11 | | | to asbestos property damage claims, which |
| 12 | | | are time-barred by applicable state |
| 13 | | | statutes..." |
| 14 | | | Who provided that information? |
| 15 | | A. | Counsel provided that information. |
| 16 | 367. | Q. | That would be Mogul counsel? |
| 17 | | A. | Yes. |
| 18 | 368. | Q. | Going back to the Grace report, on |
| 19 | | | page 17 under "Alberta", in the Act which you cite |
| 20 | | | in subsection (b), it refers to: |
| 21 | | | "...Ten years after the claim arose..." |
| 22 | | | Do you see that? |
| 23 | | A. | Yes. |
| 24 | 369. | Q. | In general...I'm not talking |
| 25 | | | asbestos cases now...when does a claim arise? |

G. Mew   - 100

```
 1                       to find out what 'might be released' if the
 2                       building was demolished or the material
 3                       being stripped out..."
 4              First of all, did I read that correctly?
 5                       A.    You read very well.
 6      406.             Q.    Then if you will turn to page 126,
 7              the bottom paragraph 682...once again I have
 8              misspoken.  I must have had a bad lunch.  At the
 9              bottom of page 134, paragraph 689.  The trial court
10              lists...
11                       A.    Just bear with me a minute.  Yes.
12      407.             Q.    If you would look at paragraphs 689
13              through 696 and tell me if you agree with me that
14              that is what the trial court said that the plaintiff
15              must prove to be successful in its claim.
16                       MR. CAMERON:    I am sorry, what was the
17                       question, Dan?  Whether that is what the
18                       plaintiffs alleged or what the trial court
19                       said they have to prove?
20
21      BY MR. SPEIGHTS:
22      408.             Q.    Is that what the trial court said
23              the plaintiff had to prove?
24                       A.    Yes.  I think it is summed up in
25              paragraph 694 where he says:
```

G. Mew - 101

|     |      |                                                                 |
|-----|------|-----------------------------------------------------------------|
| 1   |      | "...That is what the plaintiffs have                            |
| 2   |      | alleged, and that is what they must                             |
| 3   |      | prove..."                                                       |
| 4   | 409. | Q.   And he goes on to say:                                     |
| 5   |      | "...They failed to prove that..."                               |
| 6   |      | A.   That was his finding.                                      |
| 7   | 410. | Q.   Now, let me hand you a copy of the                         |
| 8   |      | Appellate Court decision. I think it is a 1997                  |
| 9   |      | decision. Do you agree that that is the Appellate               |
| 10  |      | Court decision?                                                 |
| 11  |      | A.   I do.                                                      |
| 12  | 411. | Q.   And if you would refer to...sorry, I                       |
| 13  |      | did give you Privest, didn't I?                                 |
| 14  |      | A.   You did give me Privest, yes.                              |
| 15  | 412. | Q.   If you refer to the very end of the                        |
| 16  |      | decision, headnote 35:                                          |
| 17  |      | "...There is evidence on both sides of the                      |
| 18  |      | issue..."                                                       |
| 19  |      | Do you see that?                                                |
| 20  |      | A.   Yes.                                                       |
| 21  | 413. | Q.   Drost, J., who was the trial judge,                        |
| 22  |      | found that the plaintiffs had not proven their case.            |
| 23  |      | "...In our opinion, the plaintiffs are                          |
| 24  |      | asking us to reweigh the evidence and make                      |
| 25  |      | a different choice as to expert opinion.                        |

G. Mew   - 102

1              This, we cannot do..."
2       Is that the essence of what the Court of Appeal
3       found on the merits of this case that the trial
4       judge found that the plaintiff had not proven its
5       case, and it was not willing to set aside that
6       finding?
7              A.    Well, I think that may be an
8       oversimplification.  There is a threshold of
9       judicial review on an appeal, and the general rule,
10      I am sure it is similar in your jurisdiction, is
11      that the appeal court won't ordinarily interfere
12      with findings of fact that are made by the trial
13      judge.  And that certainly appears to be an element
14      of what the court decided here.
15  414.        Q.    And does it also note in that same
16      paragraph that:
17              "...The plaintiffs had the opportunity to
18              sample the air and demonstrate conclusively
19              that, when disturbed, MK-3 is a dangerous
20              product..."
21              A.    It says that, yes.
22  415.        Q.    Now, let me ask you to assume, Mr.
23      Mew, that the same day that the plaintiffs filed the
24      Privest  case, a plaintiff filed another case in the
25      same jurisdiction for a high-rise building

G. Mew   - 103

1         containing Limpet fireproofing manufactured by one
2         of Federal Mogul subsidiaries, Turner Newall, and
3         that that case went to trial the day after the
4         Appellate Court decision was rendered in Privest?
5         Would any of the findings by Judge Drost in Privest
6         be binding on the judge trying the new case, the
7         Limpet case?
8                   A.    Well, certainly not the findings of
9         fact that you have just referred me to, and, indeed,
10        even his...the findings of fact that you have
11        referred me to would not be binding on the judge
12        hearing the theoretical Limpet case.
13   416.          Q.    My question is broader, though.
14        Would any of his findings of fact or conclusions of
15        law be binding?  I am not yet to the question of
16        whether they would be pervasive enough, but would
17        they be binding on the judge trying the Limpet case
18        after the appeal of the Privest case had been
19        decided?
20                  A.    Well, his findings of fact would not
21        be.  The findings of law, to the extent that they
22        now bear the imprimatur of the Court of Appeal might
23        be binding.
24   417.          Q.    Why do you use the word "might"?
25                  A.    Because I...as a matter of stare

```
 1              decisis , it would depend on the purpose for which
 2              the findings of law were being put to the judge in
 3              the subsequent case, but as a matter of stare
 4              decisis , a trial judge of the Supreme Court of
 5              British Columbia is bound by the decisions of the
 6              Court of Appeal.  So, to the extent that the Court
 7              of Appeal has, say, endorsed an exposition of law
 8              made by Mr. Justice Drost in Privest, that would be
 9              binding on a subsequent judge.
10   418.       Q.    Now, let's assume that a third
11              plaintiff's lawyer in Vancouver filed a case on the
12              same day that the plaintiff filed its case on behalf
13              of  Privest , and the lawyer filed its case involving
14              the Limpet building, and this third plaintiff's
15              lawyer filed a case on behalf of another Monokote
16              building, and that case went to trial after the
17              Court of Appeal had rendered its performance in
18              Privest .  Would the findings of fact by Mr. Justice
19              Drost in  Privest  be binding on that judge?
20              A.    I don't think they would be binding.
21              I don't think a factual finding by one trial judge
22              binds another, unless there is some sort of issue
23              estoppel or...and then that would be require the
24              same parties to be involved in both cases.
25   419.       Q.    Suppose, on the same day that
```

G. Mew   - 113

|     |      |                                                          |
|-----|------|----------------------------------------------------------|
| 1   |      | defendant, a party whose identity is known, or at        |
| 2   |      | least capable of being ascertained.  And that            |
| 3   |      | is...it is in statutory form of British Columbia and     |
| 4   |      | in some other provinces, and even in those               |
| 5   |      | which...it is not in statutory form.  The               |
| 6   |      | discoverability rule operates in that fashion.           |
| 7   | 442. | Q.     Do you have redubition (phon.)                    |
| 8   |      | claims in Canada?                                        |
| 9   |      | A.     If we do, we don't call them that.                |
| 10  | 443. | Q.     Does Canada recognize estoppel?                   |
| 11  |      | A.     Canada has, or at least Canadian                  |
| 12  |      | provinces have, as part of their common law and law      |
| 13  |      | of equity, the concept of estoppel.                      |
| 14  | 444. | Q.     Are there various kinds of estoppel?              |
| 15  |      | A.     Yes.                                              |
| 16  | 445. | Q.     What kinds of estoppel are there in               |
| 17  |      | Canada?                                                  |
| 18  |      | A.     I couldn't purport to give an                     |
| 19  |      | exhaustive list, but there is issue estoppel.  There     |
| 20  |      | is promissory estoppel.  There is estoppel by            |
| 21  |      | representation, for example.                             |
| 22  | 446. | Q.     Are there situations when a                       |
| 23  |      | defendant might be estopped from asserting or            |
| 24  |      | proceeding with a statute of limitations events?         |
| 25  |      | A.     Yes.                                              |