# Exhibit 4



Alberta >> Statutes and Regulations >> S.A. 2003, c. C-16.5 >> Complete text

**Citation**: Class Proceedings Act, S.A. 2003, c. C-16.5
**Version available as of 2007-01-17** (Last update on CanLII: 2007-01-17)
**URL**: http://www.canlii.org/ab/laws/sta/c-16.5/20070117/whole.html
**Information about this text**
  (Download Version)

# CLASS PROCEEDINGS ACT

Chapter C-16.5

Table of Contents

    **1**    Definitions

Part 1
Certification

    **2**    Plaintiff's class proceeding

    **3**    Defendant's class proceeding

    **4**    Certification re settlement of proceeding

    **5**    Class certification

    **6**    Certification application

    **7**    Subclass certification

    **8**    Certain matters not bar to certification

    **9**    Certification order

    **10**    Refusal to certify

    **11**    If conditions for certification not satisfied

Part 2
Conduct of Class Proceedings

Division 1
Role of Court

    **12**    Stages of class proceedings

    **13**    Court may determine conduct of proceeding

for pecuniary damages, or

(b) at any other rate that the Court considers appropriate,

on the balance of disbursements incurred as totalled at the end of each 6-month period following the date of the agreement.

**(6)** Amounts owing under a contingency fee agreement that is enforceable pursuant to this section are a first charge on any settlement funds or monetary award.

**(7)** If a contingency fee agreement is not approved by the Court or the Court determines that the agreement should not be followed, the Court may

(a) determine the amount owing to the lawyer in respect of fees and disbursements,

(b) direct that an inquiry, assessment or accounting under the Rules of Court be carried out to determine the amount owing, or

(c) direct that the amount owing be determined in any other manner not referred to in clause (a) or (b).

**(8)** Representative parties may seek funding of their costs and disbursements from other persons and organizations, including persons who are not members of the class.

Part 5
General

Limitation periods

40(1) Subject to subsection (3), any limitation period applicable to a cause of action asserted in a proceeding, whether or not the proceeding is ultimately certified, is suspended in favour of a person if another proceeding is commenced and it is reasonable for the person to assume that he or she is a class member or subclass member for the purposes of that other proceeding.

**(1.1)** Subject to subsection (3), where

(a) a limitation period is suspended under subsection (1) in favour of a person on account of another proceeding being commenced, and

(b) the application to certify that other proceeding is dismissed, denied, discontinued or abandoned,

the limitation period that was suspended under subsection (1) resumes running against that person when the application to certify is dismissed, denied, discontinued or abandoned.

**(1.2)** Subject to subsection (3), where

(a) a limitation period is suspended under subsection (1) in favour of a person on account of another proceeding being commenced,

 (b) that other proceeding is certified, and

 (c) at any time after that other proceeding is certified any one of the clauses of subsection (2) becomes applicable in respect of that person as though he or she were the member referred to in subsection (2),

the limitation period that was suspended under subsection (1) resumes running against that person when any one of the clauses of subsection (2) becomes applicable in respect of that person.

**(2)** Subject to subsection (3), any limitation period applicable to a cause of action asserted in a proceeding that is certified is suspended in favour of a class member or subclass member on the commencement of the proceeding and resumes running against the class member or subclass member when

 (a) the member opts out of the class proceeding,

 (b) a ruling by the Court has the effect of excluding the member from the class proceeding or from being considered ever to have been a member,

 (c) an amendment is made to the certification order that has the effect of excluding the member from the class proceeding,

 (d) a decertification order is made under section 11,

 (e) the class proceeding is dismissed without an adjudication on the merits,

 (f) the class proceeding is discontinued or abandoned with the approval of the Court, or

 (g) the class proceeding is settled with the approval of the Court, unless the settlement provides otherwise.

**(3)** If there is a right of appeal in respect of any matter described in subsection (1), (1.1), (1.2) or (2), the limitation period resumes running

 (a) when the time for appeal has expired without an appeal's being commenced, or

 (b) if an appeal has been commenced, when the appeal has been finally disposed of.

2003 cC-16.5 s40;2003 c42 s4

Rules of Court

**41(1)** The Rules of Court apply to class proceedings.

**(2)** Notwithstanding subsection (1), where the Rules of Court are inconsistent with the provisions of this Act, the provisions of this Act prevail.

Copyright (c) Queen's Printer,
Victoria, British Columbia, Canada

**IMPORTANT INFORMATION**

# CLASS PROCEEDINGS ACT

### [RSBC 1996] CHAPTER 50

**38** (1) An agreement respecting fees and disbursements between a solicitor and a representative plaintiff must be in writing and must

   (a) state the terms under which fees and disbursements are to be paid,

   (b) give an estimate of the expected fee, whether or not that fee is contingent on success in the class proceeding, and

   (c) state the method by which payment is to be made, whether by lump sum or otherwise.

(2) An agreement respecting fees and disbursements between a solicitor and a representative plaintiff is not enforceable unless approved by the court, on the application of the solicitor.

(3) An application under subsection (2) may,

   (a) unless the court otherwise orders, be brought without notice to the defendants, or

   (b) if notice to the defendants is required, be brought on the terms respecting disclosure of the whole or any part of the agreement respecting fees and disbursements that the court may order.

(4) Interest payable on fees under an agreement approved under subsection (2) must be calculated

   (a) in the manner set out in the agreement, or

   (b) if not so set out, at the interest rate, as that term is defined in section 7 of the *Court Order Interest Act,* or at any other rate the court considers appropriate.

(5) Interest payable on disbursements under an agreement approved under subsection (2) must be calculated

   (a) in the manner set out in the agreement, or

   (b) if not so set out, at the interest rate, as that term is defined in section 7 of the *Court Order Interest Act,* or at any other rate the court considers appropriate, on the balance of disbursements incurred as totalled at the end of each 6 month period following the date of the agreement.

(6) Amounts owing under an enforceable agreement are a first charge on any settlement funds or monetary award.

(7) If an agreement is not approved by the court or if the amount owing to a solicitor under an approved agreement is in dispute, the court may

   (a) determine the amount owing to the solicitor in respect of fees and disbursements,

   (b) direct an inquiry, assessment or accounting under the Rules of Court to determine the amount owing,

   (c) direct that the amount owing be determined in any other manner, or

   (d) make any other or further order it considers appropriate.

## Part 6 — General

**Limitation period for a cause of action not included in a class proceeding**

**38.1** (1) If a person has a cause of action, a limitation period applicable to that cause of action is suspended

for the period referred to in subsection (2) in the event that

(a) an application is made for an order certifying a proceeding as a class proceeding,

(b) when the proceeding referred to in paragraph (a) is commenced, it is reasonable to assume that, if the proceeding were to be certified,

(i) the cause of action would be asserted in the proceeding, and

(ii) the person would be included as a member of the class on whose behalf the cause of action would be asserted, and

(c) the court makes an order that

(i) the application referred to in subsection (1) (a) be dismissed,

(ii) the cause of action must not be asserted in the proceeding, or

(iii) the person is not a member of the class for which the proceeding may be certified.

(2) In the circumstances set out in subsection (1), the limitation period applicable to a cause of action referred to in that subsection is suspended for the period beginning on the commencement of the proceeding and ending on the date on which

(a) the time for appeal of an order referred to in subsection (1) (c) expires without an appeal being commenced, or

(b) any appeal of an order referred to in subsection (1) (c) is finally disposed of.

**Limitation periods**

**39** (1) Subject to subsection (2), any limitation period applicable to a cause of action asserted in a proceeding that is certified as a class proceeding under this Act is suspended in favour of a class member on the commencement of the proceeding and resumes running against the class member when any of the following occurs:

(a) the member opts out of the class proceeding;

(b) an amendment is made to the certification order that has the effect of excluding the member from the class proceeding;

(c) a decertification order is made under section 10;

(d) the class proceeding is dismissed without an adjudication on the merits;

(e) the class proceeding is discontinued or abandoned with the approval of the court;

(f) the class proceeding is settled with the approval of the court, unless the settlement provides otherwise.

(2) If there is a right of appeal in respect of an event described in subsection (1) (a) to (f), the limitation period resumes running as soon as the time for appeal has expired without an appeal being commenced or as soon as any appeal has been finally disposed of.

**Rules of Court**

40  The Rules of Court apply to class proceedings to the extent that those rules are not in conflict with this Act.

**Application of Act**

41  This Act does not apply to

(a) a proceeding that may be brought in a representative capacity under another Act,

(b) a proceeding required by law to be brought in a representative capacity, and

(c) a representative proceeding commenced before this Act comes into force.

**Offence Act**

42  Section 5 of the *Offence Act* does not apply to this Act.

**Power to make regulations**

43  The Lieutenant Governor in Council may make regulations referred to in section 41 of the *Interpretation Act*.

---

Copyright (c) Queen's Printer, Victoria, British Columbia, Canada




**Citation**: Class Proceedings Act, C.C.S.M. c. C130
**Version available as of 2007-01-17** (Last update on CanLII: 2007-01-17)
**URL**: http://www.canlii.org/mb/laws/sta/c-130/20070117/whole.html
**Information about this text**
  Consolidation: December 31, 2006

C.C.S.M. c. C130

The Class Proceedings Act

(Assented to July 25, 2002)

HER MAJESTY, by and with the advice and consent of the Legislative Assembly of Manitoba, enacts as follows:

**PART 1**

**INTRODUCTORY PROVISIONS**

Definitions

1        In this Act,

**"certification order"** means an order certifying a proceeding as a class proceeding; (« ordonnance d'attestation »)

**"class proceeding"** means a proceeding certified as a class proceeding under Part 2; (« recours collectif »)

**"common issues"** means

(a) common but not necessarily identical issues of fact, or

(b) common but not necessarily identical issues of law that arise from common but not necessarily identical facts; (« questions communes »)

**"court"**, except in sections 36 and 37, means the Court of Queen's Bench; (« tribunal »)

**"defendant"** includes a respondent; (« défendeur »)

**"party"** means a representative plaintiff or a defendant but does not include individual members of a class or of a subclass; (« partie »)

**"plaintiff"** includes an applicant; (« demandeur »)

**"representative plaintiff"** means a person appointed as a representative plaintiff under section 2, 3 or 6. (« représentant des demandeurs »)

(a) at the prejudgment rate, as defined in *The Court of Queen's Bench Act*; or

(b) at any other rate the court considers appropriate.

Calculation of interest

38(5)    Interest payable on disbursements under an agreement approved under subsection (2) must be calculated in the manner set out in the agreement or, if it is not set out in the agreement,

(a) at the prejudgment rate, as defined in *The Court of Queen's Bench Act*; or

(b) at any other rate the court considers appropriate, on the balance of disbursements incurred as totalled at the end of each 6 month period following the date of the agreement.

First charge

38(6)    Amounts owing under an agreement approved by the court under subsection (2), are a first charge on any settlement funds or monetary award.

Power of court to determine fees

38(7)    If an agreement is not approved by the court or if the amount owing under an approved agreement is in dispute the court may, on motion,

(a) determine the amount owing to the lawyer in respect of fees and disbursements;

(b) direct a reference under the *Queen's Bench Rules* to determine the amount owing; or

(c) direct that the amount owing be determined in any other manner.

## PART 6

## GENERAL

Limitation period

39(1)    Subject to subsection (3), a limitation period applicable to a cause of action asserted in a proceeding

(a) is suspended in favour of a person when a proceeding has been commenced under this Act involving the same cause of action and it is reasonable for that person to assume that he or she was a class member for the purposes of that proceeding; and

(b) resumes running against that person when clauses (2)(a) to (g) apply to that person as if he or she were the class member referred to in subsection (2).

Suspension of limitation period

39(2)    Subject to subsection (3), a limitation period applicable to a cause of action asserted in a proceeding commenced under this Act is suspended in favour of a class member on the commencement of the proceeding and resumes running against the

member only when,

(a) a ruling is made by the court

(i) refusing to certify the proceeding as a class proceeding, or

(ii) that has the effect of excluding the member from the class proceeding or from being considered to have ever been a class member;

(b) the member opts out of the class proceeding;

(c) an amendment that has the effect of excluding the member from the class is made to the certification order;

(d) a decertification order is made under section 10;

(e) the class proceeding is dismissed without an adjudication on the merits;

(f) the class proceeding is abandoned or discontinued with the approval of the court; or

(g) the class proceeding is settled with the approval of the court, unless the settlement provides otherwise.

Appeals

39(3)    Where there is a right of appeal in respect of an event described in clauses (2)(a) to (g), the limitation period resumes running as soon as the time for appeal has expired without an appeal being commenced or as soon as any appeal has been finally disposed of.

Application of rules of court

40    The *Queen's Bench Rules*, other than Rule 20A, apply to class proceedings, to the extent that those rules are not in conflict with this Act.

Application of Act

41    This Act does not apply to

(a) a proceeding that may be brought in a representative capacity under another Act;

(b) a proceeding required by law to be brought in a representative capacity; and

(c) a representative proceeding commenced before this Act comes into force.

Service on Attorney-General

42    Before a motion for certification under section 4 is heard, the representative plaintiff must serve the Attorney-General of Manitoba with a copy of the pleadings in a proceeding commenced under this Act.

Crown bound

43    This Act binds the Crown.

# CanLII
Canadian Legal Information Institute



Newfoundland and Labrador >> Statutes and Regulations >> S.N.L. 2001, c. C-18.1 >> Complete text

**Citation**: Class Actions Act, S.N.L. 2001, c. C-18.1
**Version available as of 2007-01-17** (Last update on CanLII: 2007-01-17)
URL: http://www.canlii.org/nl/laws/sta/c-18.1/20070117/whole.html

**This is not the official version.**

Copyright © 2006: Queen's Printer,
St. John's, Newfoundland and Labrador, Canada

Statutes consolidated to December 11, 2006

SNL2001 CHAPTER C-18.1

**CLASS ACTIONS ACT**

Amended:

2004 c47 s10

**CHAPTER C-18.1**

**AN ACT TO PERMIT AN ACTION BY ONE PERSON ON BEHALF OF A CLASS OF PERSONS**

*(Assented to December 13, 2001)*

*Analysis*

1. Short title

2. Defined terms

PART I
CERTIFICATION

3. Plaintiff can apply to certify class action

4. Defendant can apply to certify class action

5. When court shall certify class action

6. Certification application

7. Subclass certification

(5) Interest payable on disbursements under an agreement approved under subsection (2) shall be calculated in the manner set out in the agreement or if not set out,

> (a) at the interest rate prescribed for post-judgment interest under the *Judgment Interest Act* ; or
>
> (b) at a rate the court considers appropriate,

on the balance of disbursements as totalled at the end of each 6 month period following the date of the agreement.

(6) Amounts owing under an enforceable agreement are a first charge on settlement funds or a monetary award.

(7) Where an agreement respecting fees and disbursements is not approved by the court, the court may

> (a) determine the amount owing to the solicitor in respect of fees and disbursements;
>
> (b) direct an inquiry, assessment or accounting under the *Rules of the Supreme Court, 1986* to determine the amount owing; or
>
> (c) direct that the amount owing be determined in another manner.

2001 cC-18.1 s38

## PART V
## GENERAL

Back to Top

**Limitation periods**

39. (1) A limitation period that applies to a cause of action asserted in an action

> (a) is suspended in favour of a person if another action is commenced and it is reasonable for the person to assume that he or she is a class member for the purposes of that action; and
>
> (b) resumes running against the person when one of paragraphs (2)(a) to (g) applies to the person as though he or she was the member referred to in those paragraphs.

(2) A limitation period that applies to a cause of action asserted in an action that is certified as a class action under this Act is suspended in favour of a class member on the commencement of the action and resumes running against the class member when

> (a) the member opts out of the class action;
>
> (b) a ruling by the court has the effect of excluding the class member from the class action or from being considered to have ever been a class member;
>
> (c) an amendment is made to the certification order that has the effect of excluding the member from the class action;
>
> (d) a decertification order is made under section 11 ;
>
> (e) the class action is dismissed without an adjudication on the merits;
>
> (f) the class action is discontinued or abandoned with the approval of the court; and
>
> (g) the class action is settled with the approval of the court, unless the settlement provides otherwise.

(3) Where there is a right of appeal in respect of an event described in paragraphs (2)(a) to (g), the limitation period resumes running as soon as the time for appeal has expired without an appeal being commenced,

or as soon as an appeal has been finally disposed of.

2001 cC-18.1 s39

<u>Back to Top</u>

**Rules of Court**

40. The *Rules of the Supreme Court, 1986* apply to class actions to the extent that those rules are not in conflict with this Act.

2001 cC-18.1 s40

<u>Back to Top</u>

**Application of Act**

41. This Act does not apply to

    (a) a representative action commenced before this Act comes into force;

    (b) an action required by law to be brought in a representative capacity; and

    (c) an action that may be brought in a representative capacity under another Act.

2001 cC-18.1 s41

<u>Back to Top</u>

**Crown bound**

42. This Act binds the Crown.

2001 cC-18.1 s42

<u>Back to Top</u>

**Commencement**

43. This Act comes into force on a day to be proclaimed by the Lieutenant-Governor in Council. **(In force - April 1, 2002 )**

2001 cC-18.1 s43

©Earl G. Tucker, Queen's Printer

The Newfoundland & Labrador House of Assembly Web site contains additional conditions to the CanLII Conditions of Use. These conditions are stated on the Important Information page of this site.

[About CanLII] [Conditions of Use] [Advanced Search] [Help]
[Privacy Policy] [Mailing Lists] [Technical Library]
[Contact CanLII]

by LexUM _____ for the Federation of Law Societies of Canada

  

Ontario >> Statutes and Regulations >> S.O. 1992, c. 6 >> Complete text

**Citation**: Class Proceedings Act, 1992, S.O. 1992, c. 6
**Version available as of 2007-01-17** (Last update on CanLII: 2007-01-17)
**URL**: http://www.canlii.org/on/laws/sta/1992c.6/20070117/whole.html
**Information about this text**
   Consolidation: Amended by: 2006, c. 19, Sched. C, s. 1 (1).

Class Proceedings Act, 1992

S.O. 1992, Chapter 6

**Notice of Currency:*** This document is up to date.

within two business days of accessing this document. For more current amendment information, see the Table of Public Statutes – Legislative History Overview.

Amended by: 2006, c. 19, Sched. C, s. 1 (1).

Skip Table of Contents

CONTENTS

| | |
|---|---|
| 1. | Definitions |
| 2. | Plaintiff's class proceeding |
| 3. | Defendant's class proceeding |
| 4. | Classing defendants |
| 5. | Certification |
| 6. | Certain matters not bar to certification |
| 7. | Refusal to certify: proceeding may continue in altered form |
| 8. | Contents of certification order |
| 9. | Opting out |
| 10. | Where it appears conditions for certification not satisfied |
| 11. | Stages of class proceedings |
| 12. | Court may determine conduct of proceeding |
| 13. | Court may stay any other proceeding |
| 14. | Participation of class members |
| 15. | Discovery |
| 16. | Examination of class members before a motion or application |
| 17. | Notice of certification |
| 18. | Notice where individual participation is required |
| 19. | Notice to protect interests of affected persons |
| 20. | Approval of notice by the court |
| 21. | Delivery of notice |
| 22. | Costs of notice |
| 23. | Statistical evidence |
| 24. | Aggregate assessment of monetary relief |
| 25. | Individual issues |

(c)  relate to relief sought by or from the class or subclass as stated in the certification order.  1992, c. 6, s. 27 (3).

Limitations

**28.** (1)  Subject to subsection (2), any limitation period applicable to a cause of action asserted in a class proceeding is suspended in favour of a class member on the commencement of the class proceeding and resumes running against the class member when,

(a)  the member opts out of the class proceeding;

(b)  an amendment that has the effect of excluding the member from the class is made to the certification order;

(c)  a decertification order is made under section 10;

(d)  the class proceeding is dismissed without an adjudication on the merits;

(e)  the class proceeding is abandoned or discontinued with the approval of the court; or

(f)  the class proceeding is settled with the approval of the court, unless the settlement provides otherwise.  1992, c. 6, s. 28 (1).

Idem

(2)  Where there is a right of appeal in respect of an event described in clauses (1) (a) to (f), the limitation period resumes running as soon as the time for appeal has expired without an appeal being commenced or as soon as any appeal has been finally disposed of.  1992, c. 6, s. 28 (2).

Discontinuance, abandonment and settlement

**29.** (1)  A proceeding commenced under this Act and a proceeding certified as a class proceeding under this Act may be discontinued or abandoned only with the approval of the court, on such terms as the court considers appropriate.  1992, c. 6, s. 29 (1).

Settlement without court approval not binding

(2)  A settlement of a class proceeding is not binding unless approved by the court.  1992, c. 6, s. 29 (2).

Effect of settlement

(3)  A settlement of a class proceeding that is approved by the court binds all class members.  1992, c. 6, s. 29 (3).

Notice: dismissal, discontinuance, abandonment or settlement

(4)  In dismissing a proceeding for delay or in approving a discontinuance, abandonment or settlement, the court shall consider whether notice should be given under section 19 and whether any notice should include,