# Exhibit 9

3/7/07

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re: W. R. GRACE & CO., et al.,

Debtors.

)
)
)
)
)
)
)
)

Chapter 11
Case No. 01-01139 (JKF)
(Jointly Administered)

Related Docket No: 14493

RECEIVED
MAR - 8 2007

## DEBTORS' RESPONSES AND OBJECTIONS TO
## CERTAIN CANADIAN PROPERTY DAMAGE CLAIMANTS'
## FIRST SET OF INTERROGATORIES,
## FIRST REQUEST FOR ADMISSIONS
## AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Debtors submit the following Responses and Objections to Certain Property Damage

Claimants' First Set of Interrogatories, First Request for Admissions, and First Request for

Production of Documents ("Discovery Requests").1

---

1    Debtors' Responses and Objections are to the Discovery Requests served on February 5,
2007 by the following claimants: Calgary Board of Education – Altadore Elementary
(Claim No. 14885); McMaster University (Claim No. 12368); Hamilton District School
Board – Westview (Claim No. 11684); Hudson's Bay Company – Bay 1634/Ottawa
(Claim No. 12530); Great West Life – London Life (Claim No. 12533); Hudson's Bay
Company – Zellers 17/Ottawa (Claim No. 12531); Toronto District School Board –
Indian Road Crescent Jr. (Claim No. 12309); Hamilton District School Board – Westdale
(Claim No. 11683); Hamilton District School Board – Sherwood Heights (Claim No.
11680); Hamilton District School Board – Sherwood Secondary (Claim No. 11322);
Oxford Properties – Edmonton Centre – Td Tower (Claim No. 12423); Edmonton Public
Schools – Woodcroft (Claim No. 12554); Hudson's Bay Company – Bay 1144/Calgary
(Claim No. 12526); Hudson's Bay Company – Bay 1164/Calgary (Claim No. 12528);
Hudson's Bay Company – Zellers 435/Calgary (Claim No. 12532); Calgary Board of
Education – Wildwood Elementary (Claim No. 12442); Calgary Board of Education –
Vincent Massey Jr. High (Claim No. 12438); Calgary Board of Education – Viscount
Bennett (Claim No. 12439); Calgary Board of Education – Western Canada High (Claim
No. 12440); Winnipeg-Redcliff (354401 Alberta Ltd.) (Claim No. 11620); Morguard
Investments Limited – 7 Oaks Mall (Claim No. 12430); School District 68 Nanaimo
Ladysmith – Nanaimo Sr. (Claim No. 11627); School District 68 Nanaimo Ladysmith –
Woodlands (Claim No. 11632); Hudson Bay Company – Bay 1120/Winnipeg (Claim No.
12525); Carleton University – Mcodorum Library (Claim No. 12395); Avalon East
School Board – Hazelwood Elementary (Claim No. 12491); Health Care Corporation of

Continued on following page

2 CD's - Canada
docs

*3/7/07*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: W. R. GRACE & CO., et al., | ) ) ) ) ) ) ) ) ) | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |
| Debtors. |  | Related Docket No: 14493 |

## DEBTORS' RESPONSES AND OBJECTIONS TO CERTAIN CANADIAN PROPERTY DAMAGE CLAIMANTS' FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Debtors submit the following Responses and Objections to Certain Canadian Property Damage Claimants' First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents ("Discovery Requests").[1]

---

[1]   Debtors' Responses and Objections are to the Discovery Requests served on February 5, 2007 by the following claimants: Calgary Board of Education – Colonel Irving Jr. High (Claim No. 12348); Hudson S. Bay Co. (Claim No. 11618); Toronto District School Board – Withrow (Claim No. 12317); University of Guelph (Claim No. 12329); William Osler Health Centre (Claim No. 12322); Toronto District School Board – Oakwood Collegiate (Claim No. 12311); Toronto District School Board – Fairmount (Claim No. 12307); Toronto District School Board – Humberside (Claim No. 12308); Toronto District School Board – Monarch Park (Claim No. 12310); Hamilton District School Board (Claim Nos. 11681 / 11682); Calgary Board of Education – Southwood Elementary (Claim No. 12293); Canadian Imperial Bank of Commerce (Claim No. 12536); Toronto District School Board – Western Tech (Claim No. 12316); Toronto District School Board – Old Administration (Claim No. 12312); Toronto District School Board – Roden Jr. (Claim No. 12315); City of Vancouver – Parkade (Claim No. 12346); Toronto District School Board – Perth Ave. Jr. (Claim No. 12313); Great West Life – Commerce Court West (Claim No. 12534); Hamilton District School Board – Pauline Johnson (Claim No. 11678); Calgary Board of Education – Sir James Lougheed (Claim No. 12331); Calgary Board of Education – William Aberhart (Claim No. 12443); Toronto District School Board – Elm Lea Jr (Claim No. 12306); Toronto District School Board – Bloor Collegiate Institute (Claim No. 12303); Toronto District School Board – Deer Park (Claim No. 12304); and Toronto District School Board – Dewson (Claim No. 12305).

*2 CD's – Canada Docs*

## GENERAL OBJECTIONS

1.      Debtors object to the definitions and instructions contained in the Discovery Requests to the extent that said definitions and instructions purport to impose discovery obligations beyond those required by Fed. R. Civ. P. 26, 33, 34, 36 and Rules 7026, 7033, 7034, 7036 of the Federal Rules of Bankruptcy Procedure.

2.      Debtors object to the definitions of the terms "Grace", "you" and "your" contained in the Discovery Requests as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in these Chapter 11 cases and any other proceeding. Debtors will construe the term "Grace" as only those entities who are debtors in this Chapter 11 cases.

3.      Debtors object to the definition of the terms "surfacing treatment" and "surface treatment" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in these Chapter 11 cases. Debtors will construe the terms "surfacing treatment" and "surface treatment" to mean asbestos-containing surfacing products.

4.      Debtors object to the Discovery Requests to the extent they seek information or identification of documents beyond the permissible scope of discovery or impose burdens beyond those permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

5.      Debtors object to the Discovery Requests as overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

6.      To the extent any of the Discovery Requests call for or may be construed as calling for information or the identification of documents subject to a claim of privilege against disclosure, including, without limitation, the attorney-client privilege and the work product

doctrine, and/or otherwise protected by applicable common-law or statutory privileges or otherwise immune from discovery (collectively, "Privileged Information"), Debtors hereby claim such privilege or privileges. Accordingly, Debtors object to the production of Privileged Information or documents containing Privileged Information and will not produce such documents. Inadvertent production of such documents or information shall not constitute a waiver of any privilege on any grounds.

7.    Debtors object to the Discovery Requests to the extent that they ask Debtors to disclose confidential, trade secret, competitively sensitive, or commercial information, including internal corporate documents and materials, that could irreparably harm Debtors (including subsidiaries or affiliates) if disclosed to competitors. Debtors will not produce such information to Claimant until Claimant signs an appropriate confidentiality agreement.

8.    Debtors' partial response to any Interrogatory, Document Request or Request for Admission is not a waiver of its objection or right to object to any additional, supplemental, or further Interrogatories, Document Requests or Requests for Admission or parts thereof, but is instead volunteered in an effort to avoid potential discovery disputes. Additionally, Debtors' response to an Interrogatory, Document Request or Request for Admissions is not a waiver of Debtors' objection to other Interrogatories, Document Requests or Requests for Admission.

9.    Debtors object to the Discovery Requests to the extent they seek information or identification of documents in the possession of third parties and/or not presently in Debtors' possession, custody, or control on the grounds that such requests are beyond the scope of permissible discovery and are unduly burdensome. Debtors further object to the Discovery Requests on the grounds that they are overbroad, oppressive, and unduly burdensome, to the extent they purport to require Debtors to provide information or identify documents of other parties to this action, or of third parties, or from publicly available sources. Accordingly, Debtors' responses to these Discovery Requests do not include or incorporate such information.

- 3 -

10.     Debtors object to producing documents already in Claimants' possession, custody, or control.

11.     Neither the fact that Debtors have responded to these Interrogatories, Document Requests and Requests for Admissions (or any other discovery request) nor the responses themselves shall constitute an admission or acknowledgement that such Interrogatories, Document Requests or Requests for Admissions (or other discovery requests) are proper, that the information sought is relevant, material, or otherwise within the proper bounds of discovery, or that other discovery requests will be treated in a similar fashion in this or any other proceedings. Further, no response by Debtors to any Interrogatory or Document Request (or other discovery request) shall be deemed to constitute an admission of any fact or matter set forth or assumed in any discovery request.

12.     Debtors reserve the right to make future motions and objections relating to these Discovery Requests at any subsequent stage of this action, including, but not limited to, the right to object to the use of any responses, or the subject matter thereof, on any ground (including materiality and relevance) in any proceeding in any action. Debtors reserve the right to modify, supplement, revise, correct, clarify, or otherwise amend its responses in accordance with the Federal Rule of Civil Procedure 26(e). Debtors further reserve the right to object to the admissibility of any evidence based on the responses to these Discovery Requests.

Except as otherwise specified, Debtors will not search for nor will it produce information or documents subject to its General Objections or any objections made in response to a particular discovery request. The above-stated General Objections shall be deemed applicable and are incorporated by reference into each response set forth below even if not specifically referred to in such responses.

## RESPONSES TO INTERROGATORIES

1.    Do you claim that the Claimant's property damage claims are barred by constructive knowledge sufficient to have caused any statute of limitation to expire? If your answer is yes, then identify with specificity:

     a.    Each fact, communication or event you claim triggered the applicable statute of limitations;

     b.    the applicable jurisdiction or jurisdictions and each specific statute or other authority upon which you rely.

**Answer:**

Subject to and not waiving the foregoing General Objections, yes. By way of further response, Debtors incorporate by reference the December 21, 2006 Report of Roger G. Morse AIA On Summary Of Information Available To Canadian Building Owners And Managers About Asbestos In Buildings, 1970-1995 (the "Morse Report") filed with the Bankruptcy Court and the material referenced therein. Debtors also incorporate by reference the December 21, 2006 Report of Graeme Mew, Opinion On Canadian Limitations Issues ("Mew Report") filed with the Bankruptcy Court and the material referenced therein. Debtors further incorporate by reference the information contained in the Claim Forms and supporting documentation submitted by the claimants in this bankruptcy proceeding.

Debtors further incorporate by reference Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight Time-Barred Canadian Asbestos Property Damage Claims which was filed with the Bankruptcy Court on February 16, 2007. Debtors rely on the law of Delaware and Canada to support their position.

2.    Identify each document, communication or event that you claim informed the Claimant that

    a.    the Claimant's building contained asbestos-containing Monokote or other asbestos-containing surface treatment manufactured by Grace;

    b.    the Mono-kote or other surfacing treatment manufactured by Grace in the Claimant's building contained asbestos;

    c.    the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace could release asbestos fibers into the Claimant's building;

    d.    the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace has released asbestos fibers into the Claimant's building;

    e.    the asbestos fibers released into the building from the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace posed a potential health hazard to those who used or worked in the Claimant's building;

**Answer:**

**Debtors have made no such contention.  Subject to and not waiving the foregoing General Objections, Debtors incorporate by reference their response to Interrogatory No. 1.**

3.    Do you contend that the Claimant's building has been injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace? If your answer is yes then identify with specificity:

    a.    the date by which you contend the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;

    b.    each fact that you claim tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;

    c.    each document that you claim tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;; and

- 6 -

    d.    each person, including experts, with any personal knowledge or qualified opinion that tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace along with a summary facts known or opinions held by such person.

**Answer:**

**Subject to and not waiving the foregoing General Objections, no.**

    4.    Do you contend that the Claimant's building has been injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace? If your answer is yes, then identify

    a.    the date upon which you contend the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace;

    b.    each fact which you claim tends to prove that the Claimant's building was injured or damaged by the presence of asbestos-fibers in Mono-kote or other surfacing treatment manufactured by Grace;

    c.    each document which you claim tends to prove that the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace; and

    d.    each person, including experts, with any personal knowledge or qualified opinion that tends to prove that the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace along with a summary facts known or opinions held by such person.

**Answer:**

**Subject to and not waiving the foregoing General Objections, no.**

    5.    Do you contend that Grace did not manufacture any asbestos-containing material installed in the Claimant's building? If so, identify with specificity:

a.   the basis of your assertion that the Claimant's evidence is insufficient to show that asbestos-containing materials manufactured by Grace were installed in its building; and

b.   all information and authority upon which you rely to support your assertion.

**Answer**:

Subject to and not waiving the General Objections, yes. Claimants carry the burden of establishing the existence of a Grace product installed in their buildings. The Canadian property damage claimants that served these Discovery Requests have failed to provide documentation that establishes the presence of a Grace asbestos-containing surfacing product in the building at issue in the claim. See Expert Report by Richard J. Lee, Ph.D. filed with the Bankruptcy Court on January 17, 2007 (the "Lee Report"). By way of further response, Debtors incorporate by reference the Lee Report, the documents referenced therein and the documentation submitted by the Canadian property damage claimants in support of their claims.

## RESPONSE TO REQUESTS FOR ADMISSION

1.   The Claimant's building has been injured or damaged by asbestos fibers released from Mono-kote or other surfacing materials manufactured by Grace.

**Response**:

Denied.

2.   The Claimant's building has been injured or damaged by the presence of asbestos in Mono-kote or other surfacing materials manufactured by Grace.

**Response**:

Denied.

3.    Asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace was installed in the Claimant's building.

**Response:**

In addition to the foregoing General Objections which are incorporated herein by reference, Debtors object to this request for admission as overbroad and vague. Specifically, the term "Mono-kote" is undefined and vague in the context of this request and, as set forth in the General Objections, the term "surfacing treatment" is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Debtors will construe the term "Mono-kote" as used in this request for admission to mean solely Mono-Kote 3 and will construe the term "surfacing treatment" to mean asbestos-containing surfacing products.

Subject to the foregoing, this request for admission is denied.

4.    Grace sold, either directly or through an intermediary, Mono-kote or other surface treatment manufactured by Grace that was installed in the Claimant's building.

**Response:**

In addition to the foregoing General Objections which are incorporated herein by reference, Debtors object to this request for admission as overbroad and vague. Specifically, the term "Mono-kote" is undefined and vague in the context of this request and, as set forth in the General Objections, the term "surfacing treatment" is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Debtors will construe the term "Mono-kote" as used in this request for admission to mean solely Mono-Kote 3 and will construe the term "surfacing treatment" to mean asbestos-containing surfacing products.

Subject to the foregoing, this request for admission is denied.

5.      Grace shipped or delivered Mono-kote or other surface treatment products manufactured by it to the Claimant's building.

**Response:**

In addition to the foregoing General Objections which are incorporated herein by reference, Debtors object to this request for admission as overbroad and vague. Specifically, the term "Mono-kote" is undefined and vague in the context of this request and, as set forth in the General Objections, the term "surfacing treatment" is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Debtors will construe the term "Mono-kote" as used in this request for admission to mean solely Mono-Kote 3 and will construe the term "surfacing treatment" to mean asbestos-containing surfacing products.

Subject to the foregoing, this request for admission is denied.


## RESPONSES TO REQUESTS FOR PRODUCTION

1.      Each document or other piece of tangible evidence which you claim constitutes constructive knowledge to the Claimant sufficient to trigger any applicable statute of limitations for asbestos property damage claims.

**Response:**

Subject to and not waiving the forgoing General Objections, Debtors refer the claimants to the Morse Reports and the material referenced therein and contained on the CDs provided herewith. Debtors also refer the claimants to the Mew Report. Debtors further refer the claimants to the documentation submitted by them in support of their claims in this proceeding, copies of which are in claimants' possession.

Debtors further refer the claimants to Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight Time-Barred

Canadian Asbestos Property Damage Claims and Debtors' Appendix to Rule 1006
Summaries with Information Attached which have already been produced to the claimants.

2.      Each document which evidences communications or events which you claim
informed the Claimant that the building contained asbestos-containing Mono-kote or other
surface treatment manufactured by Grace.

**Response:**

Debtors have not made such contentions.  Subject to and not waiving the General
Objections, Debtors incorporate by reference their response to Document Request 1.

3.      Each document which evidences communications or events which you claim
informed the Claimant that asbestos-containing Mono-kote or other surface treatment
manufactured by Grace had released asbestos fibers into the Claimant's building.

**Response:**

Debtors have not made such contentions.  Subject to and not waiving the General
Objections, Debtors incorporate by reference their response to Document Request 1.

4.      Each document which evidences communications or events which you claim
informed the Claimant that asbestos fibers released into the Claimant's building from Mono-kote
or other surface treatments manufactured by Grace posed a potential health hazard to those who
used or worked in the Claimant's building.

**Response:**

Debtors have not made such contentions.  Subject to and not waiving the General
Objections, Debtors incorporate by reference their response to Document Request 1.

5.      Each document which evidences communications or events which you claim
informed the Claimant that asbestos fibers released into the Claimant's building from the Mono-

- 11 -

bate or other surfacing treatment manufactured by Grace had caused injury or damage to the building.

**Response:**

**Subject to and not waiving the General Objections, Debtors have made no such contentions.**

6.　　Each document which you allege tends to prove that the Claimant's building is or was contaminated with asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace.

**Response:**

**Subject to and not waiving the General Objections, Debtors have made no such contentions.**

7.　　Each document which you allege tends to prove that Claimant's building was injured or damaged by the presence of asbestos-containing Mono-kote or other asbestos-containing surface treatment product manufactured by Grace.

**Response:**

**Subject to and not waiving the General Objections, Debtors have made no such contentions.**

8.　　Each document or other piece of tangible evidence which supports your assertion that Grace did not manufacture asbestos-containing materials installed in the Claimant's building.

**Response:**

**Subject to and not waiving the General Objections, Debtors refer claimants to the documentation submitted by claimants in support of their claims which documents are**

already in claimants' possession. Debtors further refer claimants to the Lee Report and
the material referenced therein which have already been provided to the claimants.


Dated: March 7, 2007

REED SMITH LLP
James J. Restivo, Jr., Esq. (#10113)
Lawrence Flatley, Esq. (#21871)
Douglas E. Cameron, Esq. (#41644)
Traci S. Rea, Esq. (#76258)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400


By: _Traci S. Rea_____
    Co-Counsel for the Debtors and Debtors in
    Possession

## DECLARATION

The undersigned declares under penalty of perjury that the statements made in the foregoing Debtors' Responses and Objections to Certain Canadian Property Damage Claimants' First Set of Interrogatories, First Request For Admissions and First Request for Production of Documents are true and correct to the best of his knowledge, information and belief and based upon information provided by others that he reasonably believes to be true. The undersigned understands that statements made herein are made subject to the unsworn declarations under penalty of perjury provisions of 28 U.S.C. § 1746 (2).

Date: _March 7_, 2007

_John Port_

John Port, Controller – Legal Services
W. R. Grace & Co.

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: W. R. GRACE & CO., et al., <br><br> Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) Case No. 01-01139 (JKF) <br> ) (Jointly Administered) <br> ) <br> ) Related Docket No: 14493 <br> ) <br> ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2007, I caused a true and correct copy of Debtors' Responses and Objections to Certain Canadian Claimants' First Set of Interrogatories, First Request For Admissions and First Request for Production of Documents to be served on the following counsel via facsimile and first class mail:

Christopher D. Loizides, Esq.
**LOIZIDES. P.A.**
1225 King Street, Suite 800
Wilmington DE 19801

Daniel A. Speights, Esq.
Marion C. Fairey, Jr., Esq.
**SPEIGHTS & RUNYAN**
200 Jackson Avenue, East
P.O. Box 685
Hampton, S.C. 29924

*Traci S. Rea*
*Co-Counsel for the Debtors and*
*Debtors in Possession*

## GENERAL OBJECTIONS

1.    Debtors object to the definitions and instructions contained in the Discovery Requests to the extent that said definitions and instructions purport to impose discovery obligations beyond those required by Fed. R. Civ. P. 26, 33, 34, 36 and Rules 7026, 7033, 7034, 7036 of the Federal Rules of Bankruptcy Procedure.

2.    Debtors object to the definitions of the terms "Grace", "you" and "your" contained in the Discovery Requests as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in these Chapter 11 cases or any other

---

Continued from previous page

St. John's (Claim No. 12493); Atlantic Shopping Centres Ltd. (Claim No. 12490); City of Vancouver – Queen Elizabeth Playhouse & Theatres (Claim No. 12476); Toronto District School Board – Queen Alexandra (Claim No. 12314); Hudson's Bay Company – Bay 1162/Abbotsford (Claim No. 12527); Oxford Properties – Edmonton City Centre East (Claim No. 12422); Oxford Properties – Edmonton Centre, 10025-102 Avenue (Claim No. 12421); Edmonton Public Schools – Wellington (Claim No. 12549); Edmonton Public Schools – Ross Sheppard (Claim No. 12501); Edmonton Public Schools – Strathcona (Claim No. 12546); Edmonton Public Schools – Victoria (Claim No. 12548); Edmonton Public Schools – Sherbrook (Claim No. 12503); Edmonton Public Schools – Ritchie School (Claim No. 12500); Edmonton Public Schools – North Edmonton (Claim No. 12542); Edmonton Public Schools – Parkview (Claim No. 12537); Edmonton Public Schools – Prince Rupert (Claim No. 12496); Edmonton Public Schools – Queen Alexandra (Claim No. 12498); Hamilton District School Board – Scott Park (Claim No. 11323); Fairmail Leasehold Inc. – Cadillac Fairview Mall (Claim No. 12396); Hamilton District School Board – Delta (Claim No. 13950); Calgary Board of Education – Balmoral Jr. High (Claim No. 12570); Calgary Board of Education – Briar Hill Elementary (Claim No. 12410); Calgary Board of Education – Cambrian Heights Elementary (Claim No. 12412); Calgary Board of Education – James Fowler High (Claim No. 12454); Calgary Board of Education – Kingsland Elementary (Claim No. 12457); Calgary Board of Education – Parkdale Elementary (Claim No. 12590); Calgary Board of Education – Queen Elizabeth High (Claim No. 12591); Edmonton Public Schools – Allendale (Claim No. 12388); City of Edmonton – Century Place (Claim No. 12489); City of Edmonton – Clarke Stadium (Claim No. 12400); City of Edmonton – Davies Transit (Claim No. 12401); Morguard Investments Limited – 55 City Centre Drive (Claim No. 12427); Edmonton Public Schools – Newton (Claim No. 12541); Edmonton Public Schools – Bonnie Doon (Claim No. 12394); Edmonton Public Schools – Delton (Claim No. 12377); Edmonton Public Schools – Eastglen (Claim No. 12557); Edmonton Public Schools – Ja Fife (Claim No. 12576).

proceeding. Debtors will construe the term "Grace" as only those entities who are debtors in these Chapter 11 cases.

3.    Debtors object to the definition of the terms "surfacing treatment" and "surface treatment" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in these Chapter 11 cases. Debtors will construe the terms "surfacing treatment" and "surface treatment" to mean asbestos-containing surfacing products.

4.    Debtors object to the Discovery Requests to the extent they seek information or identification of documents beyond the permissible scope of discovery or impose burdens beyond those permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

5.    Debtors object to the Discovery Requests as overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

6.    To the extent any of the Discovery Requests call for or may be construed as calling for information or the identification of documents subject to a claim of privilege against disclosure, including, without limitation, the attorney-client privilege and the work product doctrine, and/or otherwise protected by applicable common-law or statutory privileges or otherwise immune from discovery (collectively, "Privileged Information"), Debtors hereby claim such privilege or privileges. Accordingly, Debtors object to the production of Privileged Information or documents containing Privileged Information and will not produce such documents. Inadvertent production of such documents or information shall not constitute a waiver of any privilege on any grounds.

7.    Debtors object to the Discovery Requests to the extent that they ask Debtors to disclose confidential, trade secret, competitively sensitive, or commercial information, including

- 3 -

internal corporate documents and materials, that could irreparably harm Debtors (including subsidiaries or affiliates) if disclosed to competitors. Debtors will not produce such information to Claimant until Claimant signs an appropriate confidentiality agreement.

8.    Debtors' partial response to any Interrogatory, Document Request or Request for Admission is not a waiver of its objection or right to object to any additional, supplemental, or further Interrogatories, Document Requests or Requests for Admission or parts thereof, but is instead volunteered in an effort to avoid potential discovery disputes. Additionally, Debtors' response to an Interrogatory, Document Request or Request for Admissions is not a waiver of Debtors' objection to other Interrogatories, Document Requests or Requests for Admission.

9.    Debtors object to the Discovery Requests to the extent they seek information or identification of documents in the possession of third parties and/or not presently in Debtors' possession, custody, or control on the grounds that such requests are beyond the scope of permissible discovery and are unduly burdensome. Debtors further object to the Discovery Requests on the grounds that they are overbroad, oppressive, and unduly burdensome, to the extent they purport to require Debtors to provide information or identify documents of other parties to this action, or of third parties, or from publicly available sources. Accordingly, Debtors' responses to these Discovery Requests do not include or incorporate such information.

10.    Debtors object to producing documents already in Claimants' possession, custody, or control.

11.    Neither the fact that Debtors have responded to these Interrogatories, Document Requests and Requests for Admissions (or any other discovery request) nor the responses themselves shall constitute an admission or acknowledgement that such Interrogatories, Document Requests or Requests for Admissions (or other discovery requests) are proper, that the information sought is relevant, material, or otherwise within the proper bounds of discovery, or that other discovery requests will be treated in a similar fashion in this or any other proceedings.

- 4 -

Further, no response by Debtors to any Interrogatory or Document Request (or other discovery request) shall be deemed to constitute an admission of any fact or matter set forth or assumed in any discovery request.

12.     Debtors reserve the right to make future motions and objections relating to these Discovery Requests at any subsequent stage of this action, including, but not limited to, the right to object to the use of any responses, or the subject matter thereof, on any ground (including materiality and relevance) in any proceeding in any action. Debtors reserve the right to modify, supplement, revise, correct, clarify, or otherwise amend its responses in accordance with the Federal Rule of Civil Procedure 26(e). Debtors further reserve the right to object to the admissibility of any evidence based on the responses to these Discovery Requests.

Except as otherwise specified, Debtors will not search for nor will it produce information or documents subject to its General Objections or any objections made in response to a particular discovery request. The above-stated General Objections shall be deemed applicable and are incorporated by reference into each response set forth below even if not specifically referred to in such responses.

## RESPONSE TO INTERROGATORIES

1.     Do you claim that the Claimant's property damage claims are barred by constructive knowledge sufficient to have caused any statute of limitation to expire? If your answer is yes, then identify with specificity:

        a.     Each fact, communication or event you claim triggered the applicable statute of limitations;

        b.     the applicable jurisdiction or jurisdictions and each specific statute or other authority upon which you rely.

Answer:

Subject to and not waiving the foregoing General Objections, yes. By way of further response, Debtors incorporate by reference the December 21, 2006 Report of Roger G. Morse AIA On Summary Of Information Available To Canadian Building Owners And Managers About Asbestos In Buildings, 1970-1995 (the "Morse Report") filed with the Bankruptcy Court and the material referenced therein. Debtors also incorporate by reference the December 21, 2006 Report of Graeme Mew, Opinion On Canadian Limitations Issues ("Mew Report") filed with the Bankruptcy Court and the material referenced therein. Debtors further incorporate by reference the information contained in the Claim Forms and supporting documentation submitted by the claimants in this bankruptcy proceeding.

Debtors further incorporate by reference Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight Time-Barred Canadian Asbestos Property Damage Claims which was filed with the Bankruptcy Court on February 16, 2007. Debtors rely on the law of Delaware and Canada in support of their position.

2.    Identify each document, communication or event that you claim informed the Claimant that

    a.    the Claimant's building contained asbestos-containing Monokote or other asbestos-containing surface treatment manufactured by Grace;

    b.    the Mono-kote or other surfacing treatment manufactured by Grace in the Claimant's building contained asbestos;

    c.    the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace could release asbestos fibers into the Claimant's building;

    d.    the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace has released asbestos fibers into the Claimant's building;

- 6 -

c.    the asbestos fibers released into the building from the asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace posed a potential health hazard to those who used or worked in the Claimant's building;

**Answer:**

Debtors have made no such contention. Subject to and not waiving the foregoing General Objections, Debtors incorporate by reference their response to Interrogatory No. 1.

3.    Do you contend that the Claimant's building has been injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace? If your answer is yes then identify with specificity:

a.    the date by which you contend the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;

b.    each fact that you claim tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;

c.    each document that you claim tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace;; and

d.    each person, including experts, with any personal knowledge or qualified opinion that tends to prove that the Claimant's building was injured or damaged by asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace along with a summary facts known or opinions held by such person.

**Answer:**

Subject to and not waiving the foregoing General Objections, no.

4.    Do you contend that the Claimant's building has been injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace? If your answer is yes, then identify

a.   the date upon which you contend the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace;

b.   each fact which you claim tends to prove that the Claimant's building was injured or damaged by the presence of asbestos-fibers in Mono-kote or other surfacing treatment manufactured by Grace;

c.   each document which you claim tends to prove that the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace; and

d.   each person, including experts, with any personal knowledge or qualified opinion that tends to prove that the Claimant's building was injured or damaged by the presence of asbestos fibers in Mono-kote or other surfacing treatment manufactured by Grace along with a summary facts known or opinions held by such person.

**Answer:**

**Subject to and not waiving the foregoing General Objections, no.**


## RESPONSE TO REQUESTS FOR ADMISSION

1.   The Claimant's building has been injured or damaged by asbestos fibers released from Mono-kote or other surfacing materials manufactured by Grace.

**Response:**

**Denied.**


2.   The Claimant's building has been injured or damaged by the presence of asbestos in Mono-kote or other surfacing materials manufactured by Grace.

**Response:**

**Denied.**

- 8 -

## RESPONSE TO REQUESTS FOR PRODUCTION

1.    Each document or other piece of tangible evidence which you claim constitutes constructive knowledge to the Claimant sufficient to trigger any applicable statute of limitations for asbestos property damage claims.

**Response**:

Subject to and not waiving the forgoing General Objections, Debtors refer the claimants to the Morse Report and the material referenced therein and contained on the CDs provided herewith. Debtors also refer the claimants to the Mew Report and the material referenced therein. Debtors further refer the claimants to the documentation submitted by them in support of their claims in this proceeding, copies of which are in claimants' possession.

Debtors further refer the claimants to Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight Time-Barred Canadian Asbestos Property Damage Claims and Debtors' Appendix to Rule 1006 Summaries with Information Attached which have already been produced to the claimants.

2.    Each document which evidences communications or events which you claim informed the Claimant that the building contained asbestos-containing Mono-kote or other surface treatment manufactured by Grace.

**Response**:

Debtors have made no such contentions. Subject to and not waiving the General Objections, Debtors incorporate by reference their response to Document Request No. 1.

3.    Each document which evidences communications or events which you claim informed the Claimant that asbestos-containing Mono-kote or other surface treatment manufactured by Grace had released asbestos fibers into the Claimant's building.

**Response**:

Debtors have made no such contentions. Subject to and not waiving the General Objections, Debtors incorporate by reference their response to Document Request No. 1.

4.    Each document which evidences communications or events which you claim informed the Claimant that asbestos fibers released into the Claimant's building from Mono-kote or other surface treatments manufactured by Grace posed a potential health hazard to those who used or worked in the Claimant's building.

**Response:**

Debtors have made no such contentions. Subject to and not waiving the General Objections, Debtors incorporate by reference their response to Document Request No. 1.

5.    Each document which evidences communications or events which you claim informed the Claimant that asbestos fibers released into the Claimant's building from the Mono-kote or other surfacing treatment manufactured by Grace had caused injury or damage to the building.

**Response:**

Subject to and not waiving the General Objections, Debtors have made no such contentions.

6.    Each document which you allege tends to prove that the Claimant's building is or was contaminated with asbestos fibers released from Mono-kote or other surfacing treatment manufactured by Grace.

**Response:**

Subject to and not waiving the General Objections, Debtors have made no such contentions.

Dated: March 7, 2007

REED SMITH LLP
James J. Restivo, Jr., Esq. (#10113)
Lawrence Flatley, Esq. (#21871)
Douglas E. Cameron, Esq. (#41644)
Traci S. Rea, Esq. (#76258)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
    Co-Counsel for the Debtors and Debtors in
    Possession

- 11 -

## DECLARATION

The undersigned declares under penalty of perjury that the statements made in the foregoing Debtors' Responses and Objections to Certain Canadian Property Damage Claimants' First Set of Interrogatories, First Request For Admissions and First Request for Production of Documents are true and correct to the best of his knowledge, information and belief and based upon information provided by others that he reasonably believes to be true. The undersigned understands that statements made herein are made subject to the unsworn declarations under penalty of perjury provisions of 28 U.S.C. § 1746 (2).

Date: _____ March 7 _____, 2007

_____
John Port, Controller – Legal Services
W. R. Grace & Co.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: W. R. GRACE & CO., et al., | ) ) ) ) | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |
| Debtors. | ) ) ) ) | Related Docket No: 14493 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 7, 2007, I caused a true and correct copy of Debtors' Responses and Objections to Certain Canadian Claimants' First Set of Interrogatories, First Request For Admissions and First Request for Production of Documents to be served on the following counsel via facsimile and first class mail:

Christopher D. Loizides, Esq.
**LOIZIDES. P.A.**
1225 King Street, Suite 800
Wilmington DE 19801

Daniel A. Speights, Esq.
Marion C. Fairey, Jr., Esq.
**SPEIGHTS & RUNYAN**
200 Jackson Avenue, East
P.O. Box 685
Hampton, S.C. 29924

*Traci S. Rea*
*Co-Counsel for the Debtors and*
*Debtors in Possession*