IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket No. 14680 |
| | | 4/2/07 Agenda Item No. 10 |

## ORDER APPROVING STIPULATION RESOLVING CERTAIN OF THE CLAIMS OF CENTURY INDEMNITY COMPANY, ET AL.

WHEREAS Debtors[1] have filed Debtors' Twenty-First Omnibus Objection to Cross-Debtor Duplicate Claims (Substantive) [Doc. Num. 14680] (the "Objection") in which Debtors object to certain claims including, but not limited to, certain claims filed by Century Indemnity (the "Century Indemnity Claims");

WHEREAS, Debtors and Century Indemnity have agreed to resolve the Objection with respect to the Century Indemnity Claims pursuant to the terms set forth in the attached Stipulation;

WHEREAS, upon consideration of the Objection and the Stipulation, this Courts is satisfied that the Stipulation is in the best interest of the Debtors and their respective estates, creditors and parties in interest:

1. It is hereby ORDERED AND DECREED that the Stipulation is hereby APPROVED.

---

[1] All capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Stipulation Resolving Certain of the Claims of Century Indemnity Company *et al.* (the "Stipulation") attached hereto as Exhibit "A".

Case 01-01139-AMC   Doc 14900-1   Filed 03/19/07   Page 2 of 13

-2-

2. It is further ORDERED that the Debtors' claims agent is hereby directed to update Debtors' claims register to reflect the terms of the Stipulation.

Date: _____, 2007

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

-2-

DOCS_DE:125963.1

# EXHIBIT A

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    ) Chapter 11
                                          )
W. R. GRACE & CO., et al.,[1]             ) Case No. 01-1139 (JKF)
                                          ) (Jointly Administered)
                                          )
                    Debtors.              )

## STIPULATION RESOLVING CERTAIN OF THE CLAIMS OF CENTURY INDEMNITY COMPANY, ET AL.

This Stipulation (the "Stipulation") is entered into this 19 day of March, 2007, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors"), and Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, as successor to CIGNA Specialty Insurance Company, formerly known as California Union Insurance Company; Pacific Employers Insurance Company; Century Indemnity Company of Hartford, Connecticut by and through Cravens, Dargan & Company Pacific Coast

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

(with respect to policy no. C1Z426249); and Central National Insurance Company of Omaha, with respect to policies issued through Cravens, Dargan & Company Pacific Coast, as Managing General Agent (and possibly other ACE USA-related companies) (collectively, "Century Indemnity").

**WHEREAS,** on or about April 2, 2001 (the "Petition Date"), the Debtors, including W. R. Grace & Co. ("Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' bankruptcy cases are pending as case numbers 01-1139 (JKF) through 01-1200 (JKF) (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**WHEREAS,** on April 2, 2001, the Bankruptcy Court issued an Order consolidating the Bankruptcy Cases for administrative purposes only under Case No. 01-1139 (JKF) (the "Jointly Administered Bankruptcy Case").

**WHEREAS,** on April 22, 2002, the Bankruptcy Court issued its Bar Date Order [Docket No. 1963], which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

**WHEREAS,** on or about March 28, 2003, Century Indemnity filed a proof of claim for an unliquidated amount in each of Debtors' 62 respective Bankruptcy Cases, which claims were numbered 9572 through 9633 (the "Claims"). The Claims also refer to possible contingent and unliquidated claims against the Debtors.

**WHEREAS,** on January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization (the "Plan"). To date, the Plan has not been confirmed. The Plan proposes that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. Under the terms of the Plan, upon Plan confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against, and obligation of, the deemed consolidated Debtors.

**WHEREAS,** the Debtors have informed Century Indemnity that the Debtors may seek, upon notice to interested parties and approval of this Court, to dissolve or consolidate certain of the Debtors and their Bankruptcy Cases prior to seeking confirmation of the Plan.

**WHEREAS,** the parties hereto have agreed to enter into this Stipulation solely to afford the Debtors the administrative convenience of minimizing duplicative claims, and not to substantively alter Century Indemnity's rights in respect of the Claims.

**NOW, THEREFORE,** for good and valuable consideration received, the parties hereby stipulate and agree as follows:

1. Subject to the provisions of Section 2 below, claim numbered 9573, a copy of which is attached hereto as Exhibit "A" and made a part hereof, shall remain as the sole Claim against the Debtors or any of the Debtors' bankruptcy estates.

2. Subject to the provisions of the following two sentences of this Section 2, claims numbered 9572 and 9574 through 9633 shall be disallowed and expunged from the claims register for all purposes (such claims, the "Disallowed Claims"). Notwithstanding any other provision of this Stipulation, to the extent that the Plan as confirmed by final order of the Bankruptcy Court in these Bankruptcy Cases does not, or any other plan or plans of

reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases do not, provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), the applicable Disallowed Claims shall be reinstated *ab initio* in each case in which a debtor and/or reorganized debtor survives confirmation, and Century Indemnity shall be entitled to pursue all such claims, as appropriate. In the event the Bankruptcy Cases or any of them are dismissed or converted to cases under chapter 7 of the Bankruptcy Code, each and every one of the Disallowed Claims filed in any such converted or dismissed Bankruptcy Cases shall be automatically reinstated without the need for any further action on the part of any party or Bankruptcy Court intervention, and Century Indemnity that filed such Disallowed Claim(s) shall be entitled to pursue any and all such claims as appropriate.

3. For any and all purposes whatsoever, claim number 9573 is hereby deemed properly and timely filed and served in the Bankruptcy Cases and the Jointly Administered Bankruptcy Case, as if claim number 9573 had been properly and timely filed and served in each of those cases.

4. The Debtors expressly reserve any and every objection that they now have or may have in the future to the substance of the claim numbered 9573 and to any of the Disallowed Claims to the extent they are reinstated as described in Section 2 above, but forever waive and release any and every objection they may have to claim numbered 9573 or any Disallowed Claim that is reinstated pursuant to this Stipulation on the basis that such claim was improperly or untimely filed in the Bankruptcy Cases or the Jointly Administered Bankruptcy Case, or any of them, or that the claim should have been filed in each of the Bankruptcy Cases.

5.  Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

6.  The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the claims register to reflect that claims numbered 9572 and 9574 through 9633 shall be disallowed and expunged to the extent provided herein, and that claim numbered 9573 shall remain on the claims register as provided herein.

7.  The parties shall take whatever additional action, if any, is necessary to make sure that Century Indemnity's Claims are treated as outlined herein.

8.  This Stipulation shall not affect any claims not specifically referenced herein that have been or that may be filed by Century Indemnity or any one of them ("Century Indemnity's Other Claims"). The Debtors expressly reserve any and every objection that they now have or may have in the future to Century Indemnity's Other Claims, if any.

**STIPULATED AND AGREED:**

| | |
|---|---|
| **CENTURY INDEMNITY COMPANY, ET AL.**<br><br>By: _/s/ Marc S. Casarino_<br>Marc S. Casarino (No. 3613)<br>Joseph G. Gibbons (Member of PA Bar)<br>White and Williams LLP<br>824 North Market Street, Suite 902<br>Wilmington, DE 19899-0709<br>(302) 467-4520 | **W. R. GRACE & CO., et al.**<br><br>By: _/s/ James E. O'Neill_<br>Laura Davis Jones (No. 2436)<br>James E. O'Neill (No. 4042)<br>Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC<br>919 North Market Street, 16th Floor<br>P. O. Box 8705<br>Wilmington, DE 19899-8705<br>(302) 652-4100<br><br>and<br><br>Janet S. Baer<br>Lori Sinanyan<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>(312) 861-2000<br><br>Co-Counsel for the *Debtors and Debtors in Possession* |

Counsel for *Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, as successor to CIGNA Specialty Insurance Company, formerly known as California Union Insurance Company; Pacific Employers Insurance Company; Century Indemnity Company of Hartford, Connecticut by and through Cravens, Dargan & Company Pacific Coast (with respect to policy no. C1Z426249); and Central National Insurance Company of Omaha, with respect to policies issued through Cravens, Dargan & Company Pacific Coast, as Managing General Agent (and possibly other ACE USA-related companies)*

# EXHIBIT A

# WR Grace
## Bankruptcy Form 10
### Index Sheet

SR00000578

**Claim Number:** 00009573     **Receive Date:** 03/28/2003

## Multiple Claim Reference

**Claim Number:** _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

**Claim Number:** _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

## Attorney Information

**Firm Number:** 00335     **Firm Name:** White & Williams LLP

**Attorney Number:** 00211     **Attorney Name:** Leonard P Goldberger

**Zip Code:** 19103-7395

**Cover Letter Location Number:** SR00000578

| Attachments<br>Medical Monitoring | Attachments<br>Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [x] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [ ] Other Attachments | |

**Other**
- [ ] Non-Standard Form
- [ ] Amended
- [ ] Post-Deadline Postmark Date

Box/Batch: WRBF0039/WRBF0156     Document Number: WRBF007792

| United States Bankruptcy Court for the District of Delaware | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor: <br> W.R. Grace & Co. - Conn. | Case Number: <br> 01-01179(JKF) | |
| NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. | | |
| Name of Creditor (The person or other entity to whom the debtor owes money or property): <br> Century Indemnity Company, et al. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
| Name and Address Where Notices Should be Sent: <br> Leonard P. Goldberger, Esquire <br> White and Williams LLP <br> 1800 One Liberty Place <br> Philadelphia, PA  19103-7395 <br> Telephone: 215-864-6376 | ■ Check box if you have never received any notices from the bankruptcy court in this case. <br> ☐ Check box if the address differs from the address on the envelope sent to you by the court. | This Space is for Court Use Only |
| Account or other number by which creditor identifies debtor: <br> Various policy numbers; See Attachment | Check here ☐ replaces <br> if this claim ☐ amends a previously filed claim, dated: | |
| 1. Basis for Claim <br> ☐ Goods sold <br> ☐ Services performed <br> ☐ Money loaned <br> ☐ Personal injury/wrongful death <br> ☐ Taxes <br> ■ Other Insurance policies and related agreements (See Attachment) | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) <br> ☐ Wages, salaries, and compensation (fill out below) <br> Your SS #:    - - <br> Unpaid compensation for services performed <br> from _____ to _____ <br> (date)           (date) | |
| 2. Date debt was incurred: <br> Various policy periods; See Attachment | 3. If court judgment, date obtained: | |
| 4. Total Amount of Claim at Time Case Filed:   $Unliquidated. See Attachment <br> If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below. <br> ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges | | |
| 5. Secured Claim. <br> ☐ Check this box if your claim is secured by collateral (including a right of setoff). <br> Brief Description of Collateral: <br> ☐ Real Estate  ☐ Motor Vehicle <br> ☐ Other <br> Value of Collateral: <br> Amount of arrearage and other charges at time case filed included in secured claim, if any $ | 6. Unsecured Priority Claim. <br> ☐ Check this box if you have an unsecured priority claim <br> Amount entitled to priority $Unliquidated <br> Specify the priority of the claim: <br> ☐ Wages, salaries, or commissions (up to $4,300);* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507(a)(3). <br> ☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(4). <br> ☐ Up to $1,950 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(6). <br> ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7). <br> ☐ Taxes or penalties of governmental units – 11 U.S.C. § 507(a)(8). <br> ☐ Other <br> *Amounts are subject to adjustment on 4/01/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. | |
| 7. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. <br> 8. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. <br> DO NOT SEND ORIGINAL DOCUMENTS. If documents are not available, explain. <br> If the documents are voluminous, attach a summary. See Attachment <br> 9. Date-Stamped Copy: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed enveloped and copy of this proof of claim. | | WR Grace     BF.39.156.7792 <br> 00009573 <br> SR=578 |
| Date <br><br> March 26, 2003 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br><br> _[signature]_ <br> Malcolm L. Myers | |
| Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. | | |

RECD MAR 28 2003

DOCS_PH 1405341v1

ATTACHMENT TO PROOF OF CLAIM OF
CENTURY INDEMNITY COMPANY, ET AL. IN
IN RE W.R. GRACE & CO., ET AL., CASE NO. 01-01139(JKF)

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, as successor to CIGNA Specialty Insurance Company, formerly known as California Union Insurance Company; Pacific Employers Insurance Company; Century Indemnity Company of Hartford, Connecticut by and through Cravens, Dargan & Company Pacific Coast (with respect to policy no. C1Z426249); and Central National Insurance Company of Omaha, with respect to policies issued through Cravens, Dargan Pacific Coast, as Managing General Agent (and possibly other ACE USA-related companies) (collectively, "Insurers") issued certain insurance policies for various policy periods (collectively, the "Policies") in connection with certain insurance programs provided to W.R. Grace & Co. and its various affiliated entities (and/or other possible named insureds) (collectively, "Debtors"). Insurers may also be parties to certain other agreements with Debtors relating to such insurance coverage provided in connection with such insurance programs (collectively, the "Agreements"). The documents supporting this proof of claim are voluminous and contain confidential and privileged materials; however, copies of the non-confidential portions of Policies and/or the Agreements are available upon request.

The amount of Insurers' claims are presently unliquidated and are subject to further and future adjustment. Insurers' claim may include, without limitation, additional premium payments, deductibles, self-insured retentions and other expenses which may become due under the Policies and/or the Agreements. Insurers may also hold claims that are presently contingent and unliquidated for any and all rights to payment, rights to receive performance, actions, defenses, setoffs and/or recoupments arising from, related to, or in connection with any and all of Debtors' (and any other possible named insureds') duties and obligations under the terms of the Policies and/or the Agreements.

Insurers further reserve the right to amend, update, supplement, modify, increase or otherwise further liquidate this proof of claim from time to time for any reason necessary to accurately reflect the amount or nature of the claims being asserted. To the extent that Insurers may have rights against any other related debtors of which they are not presently aware, or such related debtors claim rights to, or interests in, the Policies and/or the Agreements, this proof of claim should be deemed filed in each such separate case. Insurers further reserve (i) the right to assert separate requests for payment of administrative expense or other priority claims under section 503(a) of the Bankruptcy Code against Debtors if, as and when the Policies and/or the Agreements are determined to be executory contracts within the meaning of section 365 of the Bankruptcy Code; (ii) the right to request adequate protection of their interests in the Policies, the Agreements and/or otherwise; (iii) the right to assert any claims which may arise in any subsequent litigation regarding any aspect of the Policies, the Agreements or otherwise; and/or (iv) the right to assert any such claims which are otherwise warranted under the circumstances.

This proof of claim shall not be deemed to be a waiver of, and is without prejudice to, (i) the right of Insurers to have final orders in non-core matters entered only after de novo review by a United States District Judge, (ii) the right of Insurers to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this case, (iii) the right of Insurers to request the United States District Court to withdraw the reference or to abstain in any matter subject to mandatory or discretionary withdrawal or abstention, and/or (iv) any and all of Insurers' rights, claims and/or defenses of any nature whatsoever under the Policies, the Agreements, the Bankruptcy Code and/or any otherwise applicable law.