IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |
| Debtors | ) | Re Docket Nos. 9315, 14762 |
| | ) | |

## DEBTORS' NOTICE OF PROCEEDINGS SINCE ENTRY OF ORDER RE CLAIM NOS. 15352, 2360 and 2361

On February 8, 2007, Debtors filed a Certification of Counsel Regarding Order

Expunging Claim No. 14400 filed by Phillip Shawn Moore and Claim Nos. 15352, 2360 and

2361 filed by Marcella Paulette. (Dkt. No. 14522) On March 6, 2007, this Court entered an

Order expunging these claims. (Dkt. No. 14762).

The Paulettes are pro se Asbestos PD claimants. After the Debtors' February 8 filing but

prior to entry of the March 6 Order, the Paulettes submitted to this Court the February 15, 2007

letter attached hereto as Exhibit A. The Paulettes also submitted to Debtors' counsel Kirkland &

Ellis LLP the February 14, 2007 letter attached hereto as Exhibit B. Because the letter was not

addressed to a particular attorney, it did not reach the Debtors' counsel until March 8.

In these letters, the Paulettes object to expungement of their claims, for two reasons.

First, they assert that they did not have advance notice of the January 24, 2006 hearing at which

Debtors' counsel sought expungement of their claims and the Court agreed to expunge the

claims. In fact, the Paulettes did have advance notice that their claims would be adjudicated at

the January 24, 2006 hearing. On December 22, 2005, the Debtors served the Paulettes, by first

class mail, with a copy of the Debtors' Reply in Support of their Fifteenth Omnibus Objection to

Asbestos PD Claims. (Dkt. 11428) Page One of this Reply, which is attached as Exhibit C

hereto, states that the matters addressed by the Reply would be adjudicated at the January 24,

2006 hearing. (Dkt. 11428) The Table of Contents and page 9 of the Reply specifically discuss

the Debtors' objections to the Paulettes' claims. The Certificate of Service, page one, column

two, identifies the Paulettes. Also, on January 17, 2006, Debtors served the Paulettes, via first

class mail, the Notice of Agenda for the January 24, 2006 hearing, attached as Exhibit D hereto.

(Dkt. 11552) Page 3 of the agenda specifically identifies the Paulettes' claims. Page one,

column one, of the certificate of service, identifies the Paulettes. Thus, the Paulettes did have

advance notice of the January 24, 2006 hearing.

Second, in their February 15 letter to the Court, the Paulettes assert that all

documentation in support of their claim was submitted with their proof of claims. However, as

explained by Debtors' counsel at the January 24 hearing (*see* 1/24/06 Tr. at 49-50, attached

hereto as Exhibit E), none of the proofs of claims submitted by the Paulettes provided any

documentation indicating a Grace product. It was based on this lack of product identification

that this Court properly expunged the Paulettes' claims.

*[Remainder of Page Intentionally Left Blank]*

2

Thus, although Debtors bring the Paulettes' February 14 and 15, 2007 letters to the Court

attention and hereby file them into the record, the letters do not require the Court to reconsider its

March 6, 2007 Order expunging these claims.


Dated:  March 19, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Co-Counsel for Debtors and Debtors in
Possession