# EXHIBIT C

Dct. 11428

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | |
| Debtors. | ) | **(Jointly Administered)** |
| | ) | |
| | ) | Re: Docket Nos. 9311, 9315 |
| | ) | Surreply Deadline: January 20, 2006 at 12:00 p.m. |
| | ) | Hearing Date: January 24 and 26, 2006 at 9:00 a.m. |

## DEBTORS' REPLY IN SUPPORT OF THEIR FIFTEENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO ASBESTOS PROPERTY DAMAGE CLAIMS

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, PC
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........................................................................................................ i

Introduction ..................................................................................................................... 1

Claimants' Burden of Proof ............................................................................................ 2

Argument ......................................................................................................................... 4

I.    Traditional Property Damage Claims, Other than Speights & Runyan Claims ........ 4

    A.    Motley Rice Claims ............................................................................................. 5

    B.    City of Philadelphia Claims ............................................................................... 6

    C.    Prudential Insurance Company of America Claims ......................................... 6

    D.    Individual Pro Se Claimants ............................................................................. 9

        1.    Phillip Shawn Moore ................................................................................ 9

        2.    Marcella Paulette ..................................................................................... 9

II.   Non-Traditional Property Damage Claims .................................................................. 9

    A.    Biersdorf & Associates' Clients ....................................................................... 10

        1.    Minneapolis Stigma Claims .................................................................... 10

        2.    No Signature ........................................................................................... 12

    B.    G-I Holdings, Inc. Claims ................................................................................ 12

        1.    Contribution and Indemnification ......................................................... 13

        2.    No Product Identification Documentation ............................................. 15

        3.    Missing Basic Information About Property ............................................ 15

III.  Speights & Runyan Claims ........................................................................................ 16

    A.    Unauthorized Claims (per 13th Omnibus Objection) ................................... 16

        1.    38 Claims Speights Was Never Authorized To File ............................... 16

i

        2.     71 Claims Speights Was Not Authorized To File By The Bar Date......... 18

B.     Previously Adjudicated Claims........................................................................... 19

C.     Previously Settled Claims ................................................................................... 20

D.     Missing Basic Property Address ......................................................................... 21

E.     No Signature........................................................................................................ 22

F.     Missing Basic Information ................................................................................... 22

G.     No Product Identification Documentation ........................................................ 23

H.     Built Too Late to Contain MK-3........................................................................ 26

I.     Georgia Claims Barred by Statute of Limitations.............................................. 26

J.     Tennessee Claims Barred by Statute of Repose................................................. 27

K.     Falsely Asserts 2003 as Date of Knowledge of Asbestos ................................. 28

Conclusion............................................................................................................................. 32

K&E 10873205.12

### Introduction

On September 1, 2005, the Debtors filed their 15th Omnibus Objection (Substantive) to all 4002 pending asbestos property damage claims, Docket No. 9315. Since that filing, nearly 75% of these claims have been voluntarily withdrawn, expunged and/or reclassified, leaving 1137 PD claims currently pending. Consistent with this Court's Scheduling Order entered December 19, 2005, Docket No. 11408, the Debtors submit this Reply Brief in support of certain objections made to certain of those claims which are set to be heard on January 24 and 26, 2006. Specifically, as set out in the Scheduling Order, the Debtors file this reply on certain dispositive objections to claims which require little or no evidentiary record development for adjudication.

In conformity with the agenda for the January 24 and 26 hearing, attached as Schedule 1 to the Scheduling Order and attached hereto for the convenience of the Court as Exhibit A, this Reply brief is organized as follows. After addressing the burden of proof at issue, <u>Section I</u> addresses fatal shortcomings in a handful of traditional PD claims filed by firms or claimants other than the law firm Speights & Runyan ("Speights").[1] <u>Section II</u> addresses 109 pending non-traditional PD claims that are barred as a matter of law. These non-traditional claims consist of: (i) 53 claims filed for claimants in Minneapolis impermissibly seeking recovery for alleged "stigma" to property, and (ii) 56 claims filed by G-I Holdings, Inc. seeking contribution and indemnification that likewise fail as a matter of law. <u>Section III</u> addresses claims filed by Speights, including claims that Speights had no authority to file, claims that are barred as a matter of law, and claims for which Speights failed to provide even the minimal evidentiary basis needed to go forward.[2]

---

[1]  Slightly fewer claims are addressed in this reply than listed on the Scheduling Order because of the Debtors' continuing efforts to resolve objections with claimants.

[2]  The Debtors incorporate by reference all claim forms and supporting materials for all claims set for hearing on January 24 and 26, 2006, will have these materials accessible to the Court at those hearings and are prepared to

For the reasons discussed in the 15th Omnibus Objection and herein, each of the PD Claims set for hearing on January 24 and 26 should be disallowed with prejudice.

### Claimants' Burden of Proof

As an initial matter, a claimant must allege facts sufficient to support a legal basis for the claim. *See In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992). *If* the assertions set forth in the filed claim meet this standard, the claim is *prima facie* valid and is deemed allowed pursuant to Bankruptcy Code § 502(a) unless a party in interest objects to the proof of claim. *See id;* Fed. R. Bankr. P. 3001(f). When an objection is filed, the objecting party bears the burden of presenting sufficient evidence to overcome the presumed validity of the claim, *assuming there is such presumed validity. See Allegheny International*, 954 F.2d at 173-74; *In re Pagnotti*, 269 B.R. 326, 331 (Bankr. M.D. Penn. 2001).

Although the burden of proof is placed on different parties at different times, the ultimate burden of persuasion is always on the claimant. *Allegheny International*, 954 F.2d at 174; *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *see also In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993) ("If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.").

The Bar Date Order entered on April 22, 2002 (Docket No. 1960) further shifted the burden of proof onto claimants by requiring claimants to complete a customized Court-approved PD Claim Form in order to establish a valid PD Claim. Unlike typical proofs of claim, the PD Claim Form required claimants to provide greater detail regarding their claims and to support their claims with relevant documentation. The failure to provide such support prevents the

---

submit them earlier if requested. However, due to the volume of this material, for the convenience of the Court the Debtors plan to submit in advance of the hearing only: (i) the relevant claim forms for the traditional property damage claims addressed in Section I, (ii) an exemplar of the Minneapolis "stigma" claims and the G-I Holdings claims addressed in Section II, and (iii) exemplars of the Speights claims addressed in Section III.

2

claims at issue from enjoying any *prima facie* validity. *See, e.g., In re Circle J Dairy, Inc.*, 112 B.R. 297, 301 (W.D. Ark. 1989) ("To treat a claim lacking necessary support as *prima facie* valid can lead to abuses of the claim system.").

Even if a claimant meets its initial burden and a claim is presumed *prima facie* valid, the burden of persuasion remains with the claimant. *See Allegheny International*, 954 F.2d at 174; *Pagnotti*, 269 B.R. at 331; *In re Pugh*, 157 B.R. 898, 901 (9th Cir. BAP 1993) (claimant bears ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence). In fact, "[i]f the objecting party overcomes the *prima facie* validity of the claim, then the burden shifts to the claimant to prove its claim by a preponderance of the evidence." *Smith v. Sprayberry Square Holdings, Inc. (In re Smith)*, 249 B.R. 328, 332-333 (Bankr. S.D. Ga. 2000).

Courts have held that the *prima facie* validity of a claim can be negated by an objector providing either factual evidence *or* a legal basis challenging the claim. For instance, *In re Broadband Wireless Intern. Corp.*, the Bankruptcy Appellate Panel for the 10th Circuit held that:

> The objecting party has the burden of going forward with evidence supporting the objection. Such evidence must be of probative force equal to that of the allegations contained in the proof of claim. However, an objection raising only legal issues is sufficient. Once the objecting party has reached this threshold, the creditor [claimant] has the ultimate burden of persuasion as to the validity and amount of the claim.

*In re Broadband Wireless Intern. Corp.*, 295 B.R. 140, 145 (10th Cir. BAP 2003) (citations omitted).[3]

Accordingly, the objecting party does not need to provide actual evidence to rebut the *prima facie* validity of the claim as long as it sufficiently negates the basis of the claim. *See, e.g., In re Mariner Post Acute Network, Inc.*, 2005 WL 3086561, at *1 (3rd Cir. Nov. 18, 2005)

---

[3] *See also In re McLaughlin*, 320 B.R. 661, 665 (Bankr. N.D. Ohio 2005); *In re Cluff*, 313 B.R. 323, 337 (Bankr. D. Utah 2004).

K&E 10873205.12

(unpublished opinion) (rejecting claimant's argument that objector did not present evidence against its claim where objector negated facts asserted in the claim); *In re Harford Sands Inc.*, 372 F.3d 637, 641 (4th Cir. 2004) (holding that debtor carried its burden of rebutting claim's presumptive validity by introducing "evidence" that the amount of claim was arrived at arbitrarily without supporting documentation, no evidence existed that debt was assigned, and claim was time-barred under state statute of limitations).

Moreover, *it is not necessary to negate the facts in the proofs of claim at issue when the facts necessary to support the claims were never asserted in the first place.* Indeed, Courts have held that although the proof of claim can be used as evidence in support of the claim, it can similarly be used by an objecting party as evidence against the claim. For example, in *Circle J Dairy,* the court held as follows:

> This court finds that the proof of claim may be used as evidence to support a creditor's claim and also to defeat it. The court below erred in its refusal to scrutinize the claim on the basis that it is not evidence. The legal sufficiency of the claim was called into question. The court *must* determine the legal sufficiency of a claim alleged to be facially defective and, under 11 U.S.C. § 502, must either disallow the claim or determine the amount to be allowed under the claim.

*Circle J Dairy, Inc.,* 112 B.R. at 300 (emphasis in original). Thus, facially defective claims and the lack of supporting documentation are themselves evidence of the invalidity of claims.

## Argument

### I.    Traditional Property Damage Claims, Other than Speights & Runyan Claims

As set forth in Schedule 2 to the Scheduling Order, objections relating to a handful of traditional property damage claims not filed by Speights are set for hearing on January 24, 2006. All of the claims described below should be disallowed and expunged.

4

### A.   Motley Rice Claims

The Debtors objected to the following 3 claims because, *inter alia*, such claims are subject to a settlement agreement and are thus barred by basic principles of contract law: Church of St. Joseph (Claim No. 4075); Church of St. Luke (Claim No. 6934); and Church of St. Leo the Great (Claim No. 6935).   Motley Rice filed similar responses regarding each of these three claims.   *See* Docket No. 9858, 9868 and 9864.   As to this issue, the responses simply state that Motley Rice has no records of the respective claimants settling their claims with Grace and point to a September 2005 letter to the Debtors which asked for "any and all documents or materials evidencing previous settlement of claims against W.R. Grace for asbestos property damage made" by these claimants.   Exhibit 1 to Docket Nos. 9858, 9868, 9864.

In response to this request, Debtors' counsel sent Motley Rice a package which included the materials governing the settlement of the claims.   *See* letter attached as Exhibit B. Specifically, this package included (i) the amended complaint, (ii) relevant pretrial orders, and (iii) the August 5, 1994 settlement agreement from *In re School Asbestos Litig.*, Case No. 83-0268 (E.D. Pa.).   The *School Asbestos* settlement agreement is attached as Exhibit C (including all exhibits thereto, with the exception of Exhibit A, which is covered by a confidentiality provision).   Collectively, the documents provided by the Debtors demonstrate that these claims were included in the *School Asbestos* settlement.

The *School Asbestos* settlement covered "entities which own or operate in whole or in part any non-public, non-profit elementary or secondary educational facilities, including entities with religious affiliations, in the United States . . ."[4]   The Motley Rice claims were filed on account of entities that fall squarely within this category.   Specifically, (i) Claim No. 4075

---

[4]   Settlement Agreement, dated August 5, 1994, by and between W. R. Grace & Co. – Conn. and the *In re School Asbestos Litig.* Plaintiffs, p. 6.

5

(Church of St. Joseph) identifies the property's purpose as "Church and School" (p. 2), and the supporting documentation identifies the claimant as "St. Joseph School;" (ii) Claim No. 6934 (St. Luke) identifies the property's purpose as "Parochial School" (p. 2), and the supporting documentation identifies the claimant as "St. Luke Parochial School"; and (iii) Claim No. 6935 (Leo the Great) lists the property's purpose as "Parish School" (p. 2). The relevant *School Asbestos* pretrial orders (that Debtors' counsel provided to Motley Rice) demonstrate that these claimants did <u>not</u> opt out of the *School Asbestos* settlement and these claims were included in the *School Asbestos* settlement.

### B.    City of Philadelphia Claims

The Debtors objected to Claim Nos. 11313 and 11314 filed by the City of Philadelphia because, *inter alia*, these claims failed to include certain basic information about the properties at issue. Specifically, Claim No. 11313 failed to include the following information requested in the PD Claim Form: (i) the number of floors on the property (Question 3-A(6)); (ii) the approximate square footage of the property (Question 3-A(7)); and (iii) the date when the property was built (Question 3-A(8)). Claim No. 11314 failed to include information regarding whether the claimant owns the property for which the claim is being asserted (Question 3-A(3)) and the date when the property was built (Question 3-A(8)).

As previously discussed, claimants bear the ultimate burden in proving both the validity and the amount of a claim. By omitting basic property information requested in the PD Claim Form, claimants have failed to meet such burden. Accordingly, Claim Nos. 11313 and 11314 should be disallowed and expunged.

### C.    Prudential Insurance Company of America Claims

In response to the Debtors' statute of limitations objections to the Georgia claims set forth on Exhibit D-4 to the 15th Omnibus Objection, the Debtors received responses from

6

Prudential Insurance Company for Claim Nos. 6945 and 6948. These claims were filed on account of two properties located in Atlanta, Georgia: 2200 Century Parkway and 2600 Century Parkway, both of which were built on or before 1973. *See* Claim Nos. 6945 and 6948 at p. 2.

Both of these claims are barred by Georgia's statute of limitations. Georgia's Supreme Court has expressly held that an action under Georgia law for asbestos property damage commences on the date of the subject property's "substantial completion." *Corp. of Mercer Univ. v. National Gypsum Co.*, 368 S.E.2d 732, 733 (Ga. 1988) (holding that Georgia discovery rule "is confined to cases of bodily injury which develop only over an extended period of time" and that "[a]n action under OCGA § 9-3-30 [four year SOL for damage to realty] must be brought within four years of *substantial completion*.") (emphasis added). Prudential admits in the Prudential Bankruptcy Claims that the Century Parkway buildings were completed in 1973. Accordingly, under Georgia's statute of limitations, Prudential's claims needed to have been brought by 1977. Instead, Prudential waited until 1987 to file the New Jersey *Prudential* litigation and March 2003 to file its proofs of claim in Grace's bankruptcy.

In its response, Prudential states that Grace is precluded from arguing that these claims are barred by the applicable statute of limitations because this issue was resolved in a prior litigation. *See* Prudential Response (Docket No. 10571) at p. 20. Specifically, Prudential relies upon *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, No. 87-4238 (D. N.J. June 9, 1994 ) (the "Prudential Decision," attached as Exhibit D).[5] Prudential's argument is incorrect for the following reasons.

---

[5]  In *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, No. 87-4238 (D. N.J.), Prudential sued various manufacturers of asbestos-containing products, including W. R. Grace & Co. on account of asbestos that was allegedly present in 61 of Prudential's buildings. The final pre-trial order limited this universe to 18 of Prudential's buildings, including the building that is the subject of Claim Nos. 6945 and 6948. See Order Establishing a Final Pretrial Schedule, Case No. 87-4238 (March 22, 1996). Prudential asserted claims under RICO and state-law causes of action.

7

*First*, the 1993 Prudential Decision did <u>not</u> hold that these claims are not time-barred by the statute of limitations. Instead, the Prudential Decision simply denied the defendants' motion for summary judgment on that issue, while at the same time denying Prudential's motion to strike the statute of limitations defense. *See* Prudential Decision at pps. 29-30; *see also Prudential Ins. Co. of Am. v. U.S. Gypsum Co*, 359 F.3d 226, 231 (3d Cir. 2004). Therefore, the ultimate issue of whether Prudential's claims for these buildings are time barred was <u>not</u> adjudicated by the Prudential Decision; it was merely rejected at a single procedural juncture. The Prudential Decision does not constitute a "final judgment on the merits" that could preclude Grace from pursuing its statute of limitations objections. *U.S. v. Athlone Indus. Inc.*, 746 F.2d 977, 983 (3d Cir. 1984). In fact, in a published opinion reported after Grace filed for bankruptcy, the Third Circuit affirmed a later decision by the Prudential court in 2001 *granting* the remaining defendants' renewed statute of limitations motion. *Prudential*, 359 F.3d 226.

*Second*, in denying the defendants' summary-judgment motion, the Court applied the New Jersey statute of limitations to <u>all</u> of the claims, regardless of where the underlying buildings were located. *See* Prudential Decision at 16.[6] As a result, the Prudential court applied New Jersey's statute of limitations rules (including New Jersey's discovery rule) to the *Georgia buildings* that are the basis for the Prudential's claims. The Prudential court's determination (with respect to the state law governing statutes of limitations in that case) is inapposite to the law that this Court should apply in resolving these claims. Prudential's claims were filed in this Court and, as a result, Prudential has submitted itself to the jurisdiction of this Court, including the choice of law rules by which this Court is bound. *In re Best Products Inc.*, 68 F.3d 26 (2d Cir. 1995). This Court is required to apply Georgia law to Prudential's claims, including

---

[6]  In reaching this decision, the court speculated that the New Jersey Supreme Court would have reached the same decision. *Id.*

8

Georgia's statute of limitations. *Grogan v. Garner*, 498 U.S. 279, 283 (1991) ("The validity of a creditor's claim is determined by rules of state law.").

Therefore, Claim Nos. 6945 and 6948 are barred by Georgia's statute of limitations, and the Court should disallow and expunge both.

### D.   Individual Pro Se Claimants

#### 1.   Phillip Shawn Moore

Claim No. 14400 fails to include information regarding whether the claimant owns the property for which the claim is being asserted (Question 3-A(3)) and the date in which the property was purchased (Question 3-A(4)). The claimant's response does not contest the fact that the claim is missing such basic information. *See* Docket No. 10702. Accordingly, Claim No. 14400 should be disallowed and expunged.

#### 2.   Marcella Paulette

The Debtors objected to Claim No. 15352, *inter alia*, because it lacks any product identification documentation and does not identify a product on the face of the claim. As outlined above, the claimant has the initial burden to allege facts sufficient to support a legal basis for the claim. Without supporting product identification documentation, which was required by the Court-approved PD Proof of Claim Form, the claim lacks sufficient factual support and cannot be proved by a preponderance of the evidence. *See In re Dow Corning Corp.*, 250 B.R. 298, 353-54 (Bankr. E.D. Mich. 2000) ("It is well established that product identification is an essential element of every products liability action."). Accordingly, Claim No. 15352 should be disallowed and expunged.

### II.   Non-Traditional Property Damage Claims

As set forth in Schedule 2 to the Scheduling Order, objections relating to 109 non-traditional property damage claims are set for hearing on January 24, 2006. These non-

traditional claims consist of 53 claims filed by Biersdorf & Associates on behalf of claimants in Minneapolis seeking recovery for alleged "stigma" to property and 56 claims filed by G-I Holdings, Inc. ("G-I") seeking contribution and indemnification.

### A.    Biersdorf & Associates' Clients

#### 1.    Minneapolis Stigma Claims

In the 15th Omnibus Objection, the Debtors objected to each of the 53 Category II Claims that were filed by the law firm of Biersdorf & Associates PA (collectively, the "Minneapolis Stigma Claims," for which Claim No. 11349 serves as an exemplar), because the claims fail to show that the subject properties are contaminated or otherwise damaged. Instead, these claims seek damages *solely* on account of an alleged "stigma associated with the neighborhood contamination caused by Grace."

Because each of the Minneapolis Stigma Claims were filed on behalf of properties located in Minneapolis, Minnesota, the Court must determine whether Minnesota law allows a party to assert a property damage claim for an alleged (but unsubstantiated) reduction in property value due to "stigma," where the claimant cannot show that the subject property is contaminated or otherwise damaged. *Butner v. U.S.*, 440 U.S. 48 (1979). Minnesota law does not recognize such a claim, and, therefore, the Court should enter an order disallowing and expunging each of the Minneapolis Stigma Claims. *See In re G.I. Indus. Inc.*, 204 F.3d 1276, 1281 (9th Cir. 2000) ("[A] claim cannot be allowed [under section 502(b)(1)] if it is unenforceable under nonbankruptcy law."); *In re Sanford*, 979 F.2d 1511, 1513 (11th Cir. 1992) ("a claim against the bankruptcy estate will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy").

The Minneapolis Stigma Claimants ask this Court to deviate from the axiomatic tenet that, to recover for property damage, the claimant must show that the property is *actually*

10

*injured.* Instead of claiming any such injury, the Minneapolis Stigma Claims invent a new basis for recovery, namely that the subject properties are harmed by an unsubstantiated "stigma." There is one fundamental problem with this theory - - no Minnesota court has ever recognized a tort action for "stigma" or "perception" of injury.

Minnesota courts allow property damage claims only where the claimant has alleged *actual damage* to the subject property. *See, e.g., Mayavski v. Bemboom,* 1999 WL 343834, at *1 (Minn. App. June 1, 1999). Then, once the claimant has established *actual* injury, an accepted method of determining compensation for [the] tortious injury to property is the lesser of diminution in value or cost of restoration. *See Lawlin v. City of Long Prairie,* 355 N.W.2d 764, 767 (Minn. App. 1984). Even then, the claimant bears the burden of showing the amount of diminution caused by the harm, and "[a]n assertion of stigma without corresponding evidence of diminution in value is insufficient proof of damages." *Russell v. Carroll,* 2004 WL 2093555 , at *3 (Minn. App. Sept. 21, 2004); *See also Jackson v. Reiling,* 249 N.W.2d 896, 897 (Minn. 1977) (explaining that plaintiff cannot recover damages that are merely speculative). Thus, while Minnesota courts have looked to diminution in value stemming from stigma as a means of determining damages - once the claimant has already shown that the property is actually harmed - Minnesota courts *do not recognize stigma as a harm itself.*[7]

In their response, the Minnesota Claimants cite to *Dealer's Mfg. Co. v. County of Anoka,* 615 N.W.2d 76 (Minn. 2000) as their only support for asserting that a claimant may recover under Minnesota law for an unsubstantiated diminution in value caused by an unsupported "stigma." *See* Docket No. 10834. *Dealer's,* however, does *not* support the Minneapolis Stigma

---

[7] Similarly, courts outside of Minnesota that have considered this issue have found that a claimant cannot recover on account of any alleged "stigma" associated with contamination. *See, e.g., Ramirez v. AKZO Nobel Coatings,* 791 N.E.2d 1031, 1034 (Ohio Ct. App. 2003); *Chance v. BP Chemicals, Inc.,* 670 N.E.2d 985, 993 (Ohio 1996); *Leaf River Forest Products, Inc. v. Ferguson,* 662 So.2d 648 (Miss. 1995); *Twitty v. State,* 354 S.E.2d 296 (N.C. Ct. App. 1987); *Hammond v. City of Warner Robins,* 482 S.E.2d 422, 429 (Ga. Ct. App. 1997)

11

Claimants' position. In fact, as Biersdorf & Associates should be aware due to its involvement in the case, it is *completely inapposite* to the issue at hand.

In *Dealer's,* a real-estate taxpayer petitioned a Minnesota tax-court for a reduction in the assessment of its contaminated property on the basis that, because the county failed to take into account the stigma effect on the market value of the property, the assessed value exceeded the market value of the property. Specifically, the taxpayer argued that Minn. Stat. § 273.11, subd. 17 (1998) (entitled "Valuation of Contaminated Properties"), allows for a reduction in the assessed value of contaminated property for tax purposes due to stigma stemming from the contamination. In interpreting Minn. Stat. § 273.11, subd. 17, the court held that stigma to property may be considered in assessing the real estate taxes for Minnesota properties. *Dealer's* at 80. *Dealer's* does not address the issue of whether a claimant may recover stigma damages in tort. The case addresses only the interpretation and applicability of a Minnesota tax code provision for assessment purposes -- it does not change the law of what a property damage claimant can recover.

### 2.    No Signature

The Debtors objected to Claim No. 11337 for lack of a signature. This objection is not mere procedure — rather, it is a basic requirement of a valid proof of claim that a creditor or the creditor's representative attest to veracity of the information provided. *See* Fed. R. Bank. P. 3001(b) ("A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in 3004 and 3005"); *see also* Official Bankruptcy Form 10. Nothing in the response filed on behalf of the Minneapolis Stigma Claimants even contests this issue.

### B.    G-I Holdings, Inc. Claims

In the 15th Omnibus Objection at Exhibit H-1, the Debtors objected to 68 claims in which companies and asbestos trusts sought recovery from Grace for contribution and/or

12

indemnification. The Debtors and the respective claimants have entered into a stipulation providing for the withdrawal of 12 of these claims. As a result, only 56 contribution/indemnification claims remain pending.

Each of the remaining claims was filed by G-I Holdings, Inc, ("G-I") and seeks contribution and indemnification from Grace for the payment by G-I of asbestos personal injury and property damage claims that G-I *may eventually* have to pay to claimants. *See, e.g.* Exemplar Claim No. 7825 (seeking recovery "in an undetermined and unliquidated amount based upon G-I Holdings' rights and entitlements to indemnification, contribution, reimbursements or other payments . . . for all known pending asbestos claims" and "for all unknown pending asbestos claims."). The G-I Claims fail to reference let alone describe or provide any evidence supporting any specific payments by G-I claims for any liability supposedly owed by the Debtors.

### 1.    **Contribution and Indemnification**

The Court should disallow and expunge each of the G-I Claims because they fail to plead facts that, even if proven, would satisfy the requirements to recover from Grace for contribution and/or indemnity. Specifically, G-I has not shown that it has or will ever be forced to pay on account of a Grace product, let alone that any such payments have or would release Grace from liability, as required for indemnification and contribution.

### i.    **G-I Is Not Entitled to Indemnification from Grace**

The Restatement of the Law of Torts (Third): Apportionment of Liability provides:

> [w]hen two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or in part by settlement or discharge of judgment, the person discharging the liability is entitled to recovery indemnity . . ."

13

§ 22(a) (Indemnity).[8]  Thus, a party can only recover *indemnity* if "he *extinguishes* the *liability of the indemnitor*, either by judgment or settlement."  § 22, Comment  b (Extinguishing liability of the Indemnitor) (emphasis added).

*First*, G-I has failed to establish that indemnity is appropriate because G-I has not (and could not) show that it is *liable* for the "same harm" (underlying asbestos PD claims) as Grace. *Second*, G-I has not shown that it has *paid* any amounts on account of asbestos claims for which Grace is also liable.  *Third*,  G-I has not proven that it has "discharged" Grace's liabilities for such claims by obtaining a complete *release* from liability for Grace from such claims.  Instead, G-I seeks recovery for unliquidated and contingent amounts on behalf of hypothetical monies that it *may be eventually be found liable* to pay.  As a matter of law, G-I may not seek indemnity from Grace for hypothetical and speculative claims.

### ii.   G-I is Not Entitled to Contribution from Grace

Similarly, a party may not seek *contribution* for amounts paid to third parties unless they have first completely extinguished the liability of the person against whom contribution is sought.  *The Restatement of the Law of Torts (Third): Apportionment of Liability, § 23(a) (Contribution)* provides:

> [w]hen two or more persons are or may be liable for the same harm and one of them discharges the liability of another by settlement or discharge of judgment, the person discharging the liability is entitled to recover contribution . . ."

Thus, "[a] person seeking contribution must extinguish the liability of the person against whom contribution is sought."  §23, Comment b (Extinguishing liability of the person against whom contribution is sought); *see also* Uniform Contribution of Among Tortfeasors Act § 1(d) ("[a]

---

[8]   Since G-I failed to reference any specific payments for which it seeks indemnity and contribution, it is impossible for Grace to reference state-specific law covering such payments.  As a result, Grace relies upon applicable restatements for present purposes.

14

tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement . . ."). This rule is only fair. "Otherwise the person against whom contribution is sought would be subject to double liability." *The Restatement of the Law of Torts (Third): Apportionment of Liability* §23, Comment b.

As with its indemnification claims, G-I has failed to establish that (i) Grace is jointly liable for any of G-I's asbestos claims; or (ii) any of G-I's current or prospective judgments or settlement agreements with asbestos claimants have (or will) release Grace from all liability to the respective claimants. Therefore, G-I is barred as a matter of law from seeking contribution.

### 2.    No Product Identification Documentation

The Debtors also objected to the G-I Claims because they lack any product identification documentation and do not identify a product on the face of the claims. As discussed above, the claimant has the initial burden to allege facts sufficient to support a legal basis for the claim. Without supporting product identification documentation, required by law as well as by the Court-approved PD Proof of Claim Form, the claimants have not alleged facts sufficient to support the claim and cannot prove their claim by a preponderance of the evidence.

### 3.    Missing Basic Information About Property

The G-I Claims failed to include the following information requested in the PD Claim Form: whether the claimant owns the property for which the claim is being asserted (Question 3-A(3), when the property was purchased (Question 3-C(4)), the property's use (Question 3-A(5)), the number of floors on the property (Question 3-A(6)); approximate square footage of the property (Question 3-A(7)); and the date when the property was built (Question 3-A(8)). As previously discussed, claimants bear the ultimate burden in proving both the validity and the amount of a claim. By omitting basic property information requested in the PD Claim Form, the

15

G-I Claims fail to provide *prima facie* evidence regarding the potential for a Grace product to have been used in such properties.

### III.   Speights & Runyan Claims

As set forth in Schedules 3, 4, and 5 to the Scheduling Order, objections relating to numerous traditional property damage claims filed by Speights are set for hearing on January 24 and 26, 2006. Specifically, Schedules 4 and 5 identify claims filed by Speights without proper authority, addressed below in Section III.A. Schedule 3 identifies other fatal flaws in Speights claims, addressed below in Sections III.B-K. The claims on all of these Schedules should be disallowed and expunged.

### A.   Unauthorized Claims (per 13th Omnibus Objection)

As outlined in the Debtors' Thirteenth Omnibus Objection and accompanying briefs challenging the basis of Speights' *Anderson Memorial* claims, Speights has a now well-established history of filing unauthorized bankruptcy claims for claimants the firm does not represent. *See, e.g.,* Docket No. 9311 (Thirteenth Omnibus Objection), Docket No. 9546 (9/30/05 Opening Brief), Docket No. 10837 (10/26/05 Reply Brief), Docket No. 11080 (11/14/05 Order Expunging Anderson Memorial Claims). As a result, at the August 29, 2005 omnibus hearing and as memorialized in a September 23, 2005 Order, this Court ordered Speights to produce evidence that it had authority to file proofs of claim on behalf of the parties to whom it previously failed to demonstrate proper authorization. *See* Docket No. 9501. Despite this Court's directive, Speights has failed to provide proper proof of authorization to file *109* of these Claims.

### 1.   38 Claims Speights Was Never Authorized To File

For the 38 claims listed on Schedule 4, Speights has failed to produce *any* evidence that it ever had authority to file proofs of claim in Grace's chapter 11 cases. Although that alone is

16

enough to merit disallowance and expungement of all 38 claims, the procedural history of these claims provides further evidence that Speights does not represent these claimants.

*First*, 6 of the claims[9] are for claimants that do not appear on Speights' December 2004 Verified 2019 statement, another admission by Speights that the firm does not represent the parties in this bankruptcy.

*Second*, for 12 of the claims, Speights' 2019 statement identifies the superceded *Anderson Memorial* complaint as the basis for Speights' representation in Grace's bankruptcy. [10] For another claim (Claim No. 6740), Speights' Response to the Thirteenth Omnibus Objection admits that Speights' only basis for representation was the superceded *Anderson Memorial* complaint. After argument on October 31, 2005, the Court entered an Order disallowing all claims filed based on the *Anderson Memorial* complaint. All 13 of these claims should similarly be disallowed and expunged.[11]

*Third*, for 4 of the claims[12], Speights has already withdrawn other claims that it filed for the same claimants, another acknowledgment that Speights has no authority for these claims.

*Fourth*, 12 of the claims[13] do not appear in Speights' Response to the 13th Omnibus Objection in which Speights attempts to identify the basis for representing its purported clients in these Chapter 11 cases. *See* Docket No. 9607. Speights' failure to include these claims

---

[9] Claim Nos. 9908, 9915, 10870, 10878, 11212, and 11612.

[10] Claim Nos. 6626, 6640, 6740, 10522, 10738, 10952, 10960, 10971, 11079, 11166, 11237, 11520.

[11] The Debtors previously indicated in the briefing on the *Anderson Memorial* claims that the parties agreed on most, but not all, of which claims fell within the scope of *Anderson Memorial. See* Docket No. 9546 at p. 2. These 13 claims are among the handful on which the parties were not able to reach agreement.

[12] Claim Nos. 6626, 6640, 11166, and 11612.

[13] Claim Nos. 6626, 6640, 10522, 10870, 10878, 11079, 11166, 11237, 11520, 15740, and 15741.

17

demonstrates Speights has known since at least August that it lacked authorization to file these claims.

*Fifth*, for 3 of the claims[14], as the basis for its "authority" to file, Speights produced a notice from the *Celotex* trust which Speights apparently received because it filed the exact same claims in that bankruptcy. *See* Exhibit E. These documents do not show that Speights was authorized to represent the claimants in *Celotex*, let alone that it had timely authorization to represent the claimants in Grace's bankruptcy. As set out in the prior briefing on the *Anderson Memorial* issue, the Debtors have already demonstrated that Speights' filing of claims in the *Celotex* bankruptcy is the subject of a pending adversary proceeding in that case challenging Speights' authority to file claims. *See* Docket No. 10837 at p. 5-6 and Exhibit 5 thereto. Regardless of what happens in the *Celotex* adversary proceeding, Speights has failed to comply with the Court's order in this case to prove it had express authority to file these claims against Grace.

*Sixth*, for two claims, 10526 and 11212, Speights' Response to the 13th Omnibus Objection states that these claims have already been withdrawn. The Debtors cannot confirm this withdrawal. These claims should now be either withdrawn or disallowed and expunged.

### 2.    71 Claims Speights Was Not Authorized To File By The Bar Date

For the 71 claims identified on Schedule 5, Speights produced express written authorization that was either (i) undated or (ii) dated after the Bar Date. For certain of these authorizations, the face of the form itself is undated, but the fax line shows that Speights did not receive them until well-after the Bar Date. Some signatures or fax sheets are dated *more than two years after the Bar Date had passed.* Collections of Speights' late or undated authorizations

---

[14] Claim Nos. 10738, 10952, and 10960.

18

are attached as Exhibit F (late signed), Exhibit G (fax indicates late signed) and Exhibit H (undated).

In light of Speights' extensive history of filing hundreds of claims in this bankruptcy with no authority, the Debtors can only assume that Speights had *no* authority to file any of the 71 claims by the Bar Date, yet filed these claims, under the penalty of perjury, while proceeding to try to continue to solicit new clients after March 31, 2003. To permit Speights to do this unfairly disadvantages all other claimants who were subject to the Bar Date. For example, several of these claims were supposedly filed under the "blanket" authority of Anderson Memorial and were later signed-up by Speights.[15] Other late-signed claims do not even appear on Speights' Rule 2019 Statement.[16]

Unless and until Speights can demonstrate that these 71 claims were expressly authorized to be filed *by March 31, 2003*, all of these claims should be disallowed and expunged.

## B.    Previously Adjudicated Claims

In an attempt to delay resolution of 3 previously adjudicated Speights claims identified on Schedule 3[17], Speights argues that a "factual inquiry will be necessary" because final judgments and settlements can be set aside under "necessarily substantial" circumstances. *See* Speights Response (Claim No. 10887), pps. 26-28 (Docket No. 10740). Speights relies upon *Herring v U.S.*, 424 F.3d 384 (3d Cir. 2005) to support its position that setting aside verdicts is "clearly recognized by federal courts." *Id.* at p. 27. But Speights' response papers have failed to allege facts or provide any evidence that, if proven true, would rise to the "necessarily demanding" standard articulated in *Herring*.

---

[15] *See* Claim Nos. 10746, 10747, 10990, 11218, and 11689.

[16] *See* Claim Nos. 11227 and 12433

[17] Objection B-1, affecting Claims 10887, 10888 and 11579.

19

In *Herring*, the Court of Appeals for the Third Circuit held that a verdict may be set aside when it is the product of "fraud upon the court." *See Herring*, 424 F.3d at 386. The court further held that, in order to satisfy the "necessarily demanding" standard for showing fraud upon the court, there must be: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court . . . a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and that it must be supported by clear, unequivocal and convincing evidence." *Id.* at 386-87. The court noted that such a rigorous standard is necessary because "[t]he concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment." *Id.* at 386.

Speights has failed to point to any specific decisions that he believes were allegedly obtained through fraud upon the court, let alone supply evidence that would satisfy this rigorous standard. Speights' response should be seen for what it is: yet another frivolous attempt to pursue invalid claims in this bankruptcy.

C.    **Previously Settled Claims**

As with previously adjudicated claims, Speights similarly attempts to delay disposition of 4 previously settled claims identified on Schedule 3[18] by arguing that "factual inquiry will be necessary" because the Debtors "have failed to respond to requests" for the underlying documents. *See* Speights Response, Docket No. 10740. Not surprisingly, Speights' argument once again skews the facts.

*First*, for the contested Speights settled claims, the Debtors provided Speights with copies of all settlements to which Speights was a party. *See* letter attached as Exhibit I. The problem

---

[18] Objection B-2 to Claim Nos. 11234, 10990, 12299 and 12355.

here is that Speights has filed claims for parties which Speights does not represent. The Debtors cannot provide Speights with confidential settlement documents executed with others. As seen in Exhibit I, in October 2005 the Debtors identified the parties to these agreements for Speights, yet Speights has still provided no evidence of permission to see these settlements.[19]  If Speights truly represents these claimants, then Speights simply could have obtained the settlements from its clients or the various contacts the Debtors have provided regarding such settlements.

*Second*, with respect to Speights' bald assertion that release and settlements can be set aside under "certain circumstances," Speights fails to cite to *any legal authority whatsoever.* Instead, Speights relies on unsupported factual allegations to unilaterally conclude that Grace's settlements "are subject to being re-opened and re-litigated." Speights has not provided hard evidence or legal support to overturn these settlements.

### D.    Missing Basic Property Address

The Debtors filed objections to Claim No. 11253 filed on behalf of YMCA and Claim No. 11612 filed on behalf of Holiday Inn because these claims did not include basic information regarding the respective properties. Specifically, Claim No. 11253 failed to include both the city and street address of the property and Claim No. 11612 failed to include a street address. Absent such information, claimants have not identified an actual building for which the claims are filed. As this Court recognized at the February 25, 2002 hearing regarding the proof of claim form, identification of the buildings on account of which the claimants allege damages is "absolutely critical information" regarding the claim. *See* Tr. of Hr'g on Feb. 25, 2002 at 78. Accordingly, these claims should be disallowed for failure to include basic property address information.

---

[19]  The Debtors are prepared to provide the Court with copies of these confidential agreements *in camera* at the January 2006 hearings, so the Court can confirm that the claims at issue are barred by prior settlement.

21

Speights argues in the responses filed for these claims that the Gateway Objection Order required the Debtors to provide claimants 60 days notice of an intent to object to facially incomplete claim forms. *See* Speights Response (Claim No. 11253) at p. 26. Contrary to Speights' assertions, the Gateway Objection Order does not impose any such requirement. *See* Gateway Objection Order (Docket No. 6009). Rather, the Gateway Objection Order distinguishes between objections based on substantially incomplete claim forms and objections based on insufficient supporting information. *See id.* at p. 2. Pursuant to the Gateway Objection Order, only objections based on insufficient supporting information required 60 days notice to claimants. *See id.* at p. 3. Thus, the requirement that Debtors provide 60 days notice does not apply to objections regarding incomplete claim forms.

### E.    No Signature

The Debtors filed an objection to 41 claims listed on Schedule 3 filed by Speights & Runyan for lack of a signature, Objection C-1(b). As previously stated, it is a basic requirement of a valid proof of claim that a creditor or the creditor's representative attest to veracity of the information provided by signing the claim form. *See* Fed. R. Bank. P. 3001(b) ("A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in 3004 and 3005"); *see also* Official Bankruptcy Form 10. The failure to sign such claims and thereby attest to the veracity of the information proved renders the claims invalid. Indeed, nothing in the Speights Responses even contest this issue.

### F.    Missing Basic Information

Claim No. 12433 failed to include the following information requested in the PD Claim Form: (i) whether the claimant owns the property for which the claim is being asserted (Question 3-A(3)), (ii) when the property was purchased (Question 3-C(4)), (iii) the property's use (Question 3-A(5)), (iv) the number of floors on the property (Question 3-A(6)), (v) approximate

22

square footage of the property (Question 3-A(7)), and (vi) the date when the property was built (Question 3-A(8)).

In response, Speights argues that failure to provide such information does not affect the *prima facie* validity of the claim. However, by failing to answer certain combinations of critical questions on the claim forms, Speights has not sustained the initial burden of proving facts sufficient to provide a legal basis for the claim. *See Allegheny International, Inc.*, 954 F.2d at 173. Thus, the presumption of validity never arises.

### G.    No Product Identification Documentation

The Debtors objected to hundreds of Speights PD Claims listed on Schedule 3, Objections C-3(a) and C-3(c), because the claims lack any product identification documentation and identify only a type of generic product or product line such as "surface treatment" that was manufactured by Grace and other companies besides Grace. As outlined above, the Claimant has the initial burden to allege facts sufficient to support a legal basis for the claim. Without supporting product identification documentation, required by the Court-approved PD Proof of Claim Form, the claimants have not alleged facts sufficient to support the claim and cannot prove their claim by a preponderance of the evidence. *See also In re Dow Corning Corp.*, 250 B.R. 298, 353-54 (Bankr. E.D. Mich. 2000).

Responses filed by Speights assert that the Court cannot disallow claims for failure to include information requested in the PD Claim Form. *See, e.g.*, Speights Response (Claim No. 10752) at ¶ 82. Specifically, Speights argues that the Court can only disallow a claim for one or more of the grounds enumerated in section 502(b) and that failure to provide such information does not fall within these grounds. *Id. But Speights' failure to provide the basic information*

23

*requested by the PD Proof of Claim Form causes them to lack even prima facie validity.*[20] Moreover, the PD Claim Form's clear requirement that claimants provide product information documentation was one of the reasons claimants were given approximately seven months to file their claims. *See* Tr. of Hr'g on April 22, 2002 at 106-07.

Speights' position seeks to turn the claimants' burden of proof on its head. Rather than providing the information and evidence necessary to demonstrate a valid claim, Speights suggests that this Court should allow it to omit critical information and documentation and improperly shift the burden to the Debtors merely because a claim was filed. In other words, Speights seeks to recover for hundreds of unsupported claims while forcing the Debtors to prove a negative — the non-existence of any basis or support for which a claim could be alleged.

The absurdity of Speights' position is clear. Thus, it is not surprising that case law makes clear that Speights retains the burden of proving elements of these claims, rather than putting the burden on the Debtors to disprove them. *See In re Ford,* 194 B.R. 583, 589 n.9 (S.D. Ohio 1995) ("As a general rule the burden of proof is on the claimant because a claimant in a bankruptcy proceeding is in the same posture as a civil plaintiff in a non-bankruptcy proceeding, who generally is assigned the burden of proving its claim against the defendant *under non-bankruptcy law.*") (emphasis in original); *see also In re Schwegmann Giant Supermarkets Partnership,* 264 B.R. 823, 827 (Bankr. E.D. La. 2001) ("The burden of proof . . . is borne by the same party who would bear the burden if the contest took place outside of bankruptcy.").

Nonetheless, Speights seeks to lead this Court through Alice's looking glass by arguing that the mere filing of a proof of claim is sufficient to establish a presumption of *prima facie*

---

[20] Moreover, a claimant's failure to provide the information discussed above does fall within section 502(b)(1) because, absent such critical information, the claimant cannot demonstrate an enforceable legal claim against the Debtors. *See* 11 U.S.C. § 502(b)(1) (providing for disallowance of claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured").

24

validity and places the burden on the debtor to disprove such claim. The Speights Responses

each state the following in support for this proposition:

> Upon objection, the proof of claim provides "some evidence as to
> its validity and amount" and is "strong enough to carry over a mere
> formal objection without more." *Lundell v. Anchor Construction
> Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000), citing *Wright
> v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991); *see also
> Ashford v. Consolidated Pioneer Mort.*, 178 B.R. 222, 226 (9th Cir.
> BAP 1995), *aff'd* 91 F.3d 151, 1996 WL 393533 (9th Cir. 1996).
> To defeat the claim, the objector must come forward with sufficient
> evidence and "show facts tending to defeat the claim by probative
> force equal to the allegations of the proofs of claim themselves." *In
> re Holm*, 931 F.2d at 623.

Speights Response (Claim No. 10533) at p. 26. These cases, however, do not support the

proposition that a claimant can wantonly allege a claim without providing evidence of the

claim's validity – particularly where, as here, a Court-approved claim form already requires

claimants to provide such evidence. Although a proof of claim may provide "some evidence as

to its validity," the cases cited by Speights do not indicate that a proof of claim is *sufficient*

evidence of its validity. Moreover, although a proof of claim may be "strong enough to carry

over a mere formal objection without more," this is not the scenario before this Court. The

Debtors' 15th Omnibus Objection is not a cursory objection to claims generally. Rather, the 15th

Omnibus Objection objects to claims on specific and detailed grounds which are supported by

applicable case law and facts. Finally, any reliance on cases holding that an objector must come

forward with evidence and facts "tending to defeat the claim by probative force equal to the

allegations of the proofs of claim themselves" is misplaced. Because the claims at issue fail to

provide information and documentation required by the PD Claim Form, they are of little

probative force and, thus, the standard for countering such claims is corresponding low.

25

### H.   Built Too Late to Contain MK-3

The Debtors objected to Claim Nos. 9908 and 15497 listed on Schedule 3 under Objection D-1(a) because they allege the presence of MK-3 in US buildings built after 1973, when Grace stopped selling MK-3 in the US. For each of these claims, the claimants themselves admitted on the face of their claim form that their buildings were constructed too late to contain MK-3.

In 1973, under the authority of the Clean Air Act, the United States EPA banned the use of sprayed-on products containing more than 1% asbestos for use as insulation or fireproofing. *See* 38 F.R. 8820 (April 6, 1973) (attached as Exhibit J). Grace's MK-3 was an asbestos-added spray-on fireproofing product that contained more than 1% asbestos. *See* Affidavit of Thomas F. Egan (attached as Exhibit K). As such, its use was expressly *banned* in the United States in 1973. Accordingly, Grace permanently ceased selling MK-3 in the United States by July 4, 1973. *See id.* Therefore, Speights' U.S. buildings built after July 1973 *necessarily* do not contain MK-3.

Speights filed identical responses on behalf of the buildings at issue. These Responses do not contest that Grace ceased selling *MK-3* in the United States in July 1973. *See* Speights Response (Claim No. 9908) at p. 31, ¶¶ 83-84 (Docket No. 10734). Instead, Speights contends that Grace sold "asbestos-containing building materials from 1938 to 1978." *Id.* Speights' allegation is not supported by any credible evidence and does not alter the fact that Grace stopped selling *MK-3*, the product at issue for these buildings, in 1973.

### I.   Georgia Claims Barred by Statute of Limitations

Claim No. 11550 filed by Speights on behalf of "The Dodge County Hospital Job" in Georgia is barred by statute of limitations. As set out above in Section I.C, Georgia's applicable statute of limitations provides that claims for asbestos property damage must be brought within *4*

26

*years* from the date of the property's substantial completion, regardless of when the claimant learned that the property contained (or was contaminated by) asbestos. *See Corp. of Mercer Univ. v. National Gypsum Co.*, 368 S.E.2d at 733. Claim No. 11550 states that the subject property was completed in 1970, thus the claim had to be brought by 1974. The March 2003 claim is *29 years too late.* Nothing in Speights' response casts any doubt on this conclusion. In fact, Speights' response for Claim 11550 fails to refer to any relevant law concerning Georgia's statute of limitations. *See* Speights Response, pps. 29-31 (Docket No. 10620).

## J.  Tennessee Claims Barred by Statute of Repose

Claim Nos. 11722 and 10533 filed by Speights on behalf of First Tennessee bank are barred by Tennessee's statute of repose which provides that actions against manufacturers must be brought within *10 years* of the date the product was purchased. Each of these claims state that the respective buildings were constructed in 1970. *See* Claim Nos. 11722 and 10533, at p. 2. Accordingly, such claims were required to be brought by 1980.

Tennessee's statute of repose provides as follows:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, *but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption . . . .*

T.C.A. § 29-28-103(a) (emphasis added).[21] Claims against manufacturers that are brought after ten years of delivery of product are precluded as a matter of law. *King-Bradwell Partnership v. Johnson Controls, Inc.*, 865 S.W.2d 18, 20-21 (Tenn. App. 1993) (holding that plaintiff building-

---

[21] Tennessee courts have held that "[t]he ten-year period set forth in T.C.A. §19-28-103(a) is properly characterized as a statute of repose." *Wyatt v. A-Best Products Co.*, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995).

27

owner, who sued manufacturer of roofing materials after the building's roof collapsed, "had only ten years from the last date of purchase of the roofing products to bring suit.").

In Response to the objections to these Tennessee claims, the Debtors received three identical responses from Speights. *See* Docket Nos. 10224, 10889, 10111.[22] Speights' responses utterly fail to address the Debtors' statute of repose objections to these claims.[23]

### K.    Falsely Asserts 2003 as Date of Knowledge of Asbestos

All but a handful of the PD claims filed by Speights identified "2003" as the year the claimant learned of asbestos in the property at issue. These claims were identified on Exhibit F-2 to the 15th Omnibus Objection. While more than 2,000 of these claims have since been withdrawn or expunged, the remaining 600+ claims in this category are listed on Schedule 3. As set out in the 15th omnibus objection, the fact that the 2003 date provided by Speights on these claims forms is fraudulent constitutes grounds for disallowance and expungement of all of these claims. *See Southern Ry. Co. v. Johnson Bronze Co.,* 758 F.2d 137, 141 (3d Cir. 1985) ("a court of bankruptcy under its equitable powers may disallow or subordinate a particular claim in bankruptcy which, because of the fraudulent nature of the claim or the bad faith or improper conduct of the claimant, ought not in equity and good conscience to be allowed or paid on a parity with other claims.") (citing *Pepper v. Litton,* 308 U.S. 295 (1939)).

In response, Speights argues that 2003 was provided as the year when claimants knew that Grace was the manufacturer of the asbestos-containing product in their buildings. But that is

---

[22] Two of the responses, Docket Nos. 10224 and 10889, were filed regarding the same claim (Claim No. 10533) and appear to be identical.

[23] In surreply, Speights may attempt to argue that the statute of repose should not apply to these Tennessee claims because Grace concealed dangers associated with its products or otherwise somehow misled the Tennessee claimant. Such an argument, however, would be inapplicable, as Tennessee courts have held that Tennessee's statute of repose is not tolled by fraudulent concealment or by the failure of a defendant to disclose facts relating to the product. *King-Bradwell Partnership v. Johnson Controls, Inc.,* 865 S.W.2d 18, 22 (Tenn. Ct. App. 1993).

28

not what question 3-C-18 of the PD Claim Form requested. Rather, it requested the date the claimant knew of the presence of asbestos in the property for which the claim is being made against Grace.[24] Any alleged ambiguity in Question 3-C-18 is resolved by the text following the question, which requests claimants to attach all documents relating to or referring to the presence of asbestos in the property for which the claim is being made. Moreover, a separate question 3-C-20, requests the information Speights alleges he provided in response to Question 3-C-18. *See* Question 3-C-20 of PD Claim Form ("When did you first learn that the Grace product for which you are making this claim contained asbestos?").

Even if one accepted Speights' interpretation of question 3-C-18 as correct, however, Speights' position fails for numerous reasons. *First*, Speights' response is contradicted by the claim forms themselves. For example, each of the nearly 200 California University claims identified on Schedule 3 identifies "*W.R. Grace v. Alabama*," filed in the U.S. Supreme Court *in 1990*, as a prior lawsuit relating to the property for which the claim is being made.[25] This indicates that Speights' client sued Grace more than a decade ago for these same properties. An exemplar (Claim No. 9840) is attached as Exhibit L. Similarly, for hundreds of Speights claims, the claim forms indicate *Anderson Memorial v. Grace*, filed *in 1992*, as a prior lawsuit relating to the property for which the claim is being made. An exemplar (Claim No. 6697) is attached as Exhibit M.

*Second*, for the few Speights claims that actually contain supporting documentation, the 2003 knowledge date is contradicted by the papers provided by the claimants. Some of these

---

[24] Specifically, question 3-C-18 provides as follows: "When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?"

[25] Such information was provided in response to question 4-B-1 of the PD Claim Form which requests claimants to provide certain information about "each asbestos-related property damage lawsuit which has been filed relating to the property for which [the claimant is] making this claim or attach a copy of the face page of each complaint filed."

documents show that the claimant knew of asbestos in the building at issue decades ago; others show that the claimant expressly knew of Grace asbestos-containing product in the building decades ago. For example, Claim No. 10516 regarding the "Mission Towers" property, provides supporting documentation stating that when the property was constructed in 1972, Grace's MK-3 was used to meet the City of Mission's requirement that a fireproofing insulating be sprayed on the structural support beams of the building. *See* Exhibit N (attaching applicable portion of the claim form and relevant documentation). The supporting documentation entitled "Building Conditions and Asbestos Damage Info," states that "In response to increasing vacancies from awareness and public concern over the asbestos-containing Monokote 3 within Mission Towers, beginning in the mid 1990's, the management and ownership began quoting a rental rate of $3.00 per rentable square foot less than other comparable buildings in the surrounding area." *Id.* Despite such documentation clearly indicating knowledge of a Grace product and knowledge that the product contained asbestos, Speights answered 2003 in response to Question 3-C-18 for this property.

Other examples of the supporting documentation attached to claims clearly contradicting the 2003 date provided by Speights include the following: Claim No. 10779 (attaching a 1972 invoice from Grace for the purchase on MK-3 and documents indicate the abatement/removal of asbestos-containing materials from the property from as early as 1985); Claim No. 10752 (attaching a 1970 invoice from Grace for monokote and various documents indicating the abatement/removal of asbestos-containing materials as early as 1987); Claim No. 10780 (attaching a 1971 invoice form Grace for the purchase of MK-3 and a "Prior Notification of Asbestos Abatement Project" sent to state department of health in 1989); and Claim No. 11517 (attaching a 1972 invoice from Grace for the purchase of MK-3 and a "demolition with removal" form dated 1994). *See* Exhibit O (attaching applicable portions of the claim forms and examples

30

of relevant documents). These claims are merely a brief sample of the universe of claims the Debtors have identified for which Speights falsely identified 2003 as the year claimants first learned of asbestos on their property.

*Third*, Speights' response is contradicted by the procedural history of these claims. Speights has *admitted*, for example, that the firm submitted claim forms for nearly 1000 building owners Speights never contacted. *See, e.g.* Docket No. 9186. Yet, all of those claim forms similarly identified "2003" as the building owners' initial knowledge of Grace asbestos in their buildings. Likewise, the 600 supposed *Anderson Memorial* claims filed by Speights without authority and struck by this Court also identified "2003" as the building owners' year of knowledge.

Put differently, Speights' "2003" knowledge dates are fraud, plain and simple. This information was falsely provided by Speights attorneys, under penalty of perjury, *expressly* to enable Speights to pursue invalid claims that Speights knew were barred decades ago by statutes of limitations. All should be disallowed.

31

## Conclusion

WHEREFORE, for the reasons stated above and outlined in more detail in the 13th and

15th Omnibus Objections, the Debtors respectfully request that the Court sustain the Debtors'

objections and disallow and expunge all claims discussed above, identified on Schedules 2-5 to

the 15th Omnibus Scheduling Order, Docket 11408.

Wilmington, Delaware
Dated: December 22, 2005

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Michelle H. Browdy
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB, PC

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

32

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## CERTIFICATE OF SERVICE

I, James E. O'Neill, hereby certify that on the 22nd day of December, 2005, I

caused a copy of the following document to be served on the individuals on the attached service

list(s) in the manner indicated:

**Debtor's Reply in Support of Their Fifteenth Omnibus Objection
(Substantive) to Asbestos Property Damage Claims.**

_James E. O'Neill_

James E. O'Neill (DE Bar No. 4042)

**W.R. Grace, et al.**
**12/22/05 Service List**
**Case No: 01-01139**
**Document No. 113872**
**11 – First Class Mail**

*First Class Mail*
William B. Butler
Biersdorf & Associates PA
33 South 6th Street
Suite 4100
Minneapolis, MN 55402
butlerpllc@mn.rr.com

*First Class Mail*
Joseph Digiuseppe
Law Dept. City of Philadelphia One
Parkway
1515 Arch Street
Philadelphia, PA 19102
joseph.digiuseppe@phila.gov

*First Class Mail*
Robert J. Gilson
Riker Danzig Scherer Hyland & PC
Headquarters Plaza One Speedwell Ave.
Morristown, NJ 07962
rgilson@riker.com

*First Class Mail*
James M. Hughes
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464
jhughes@motleyrice.com

*First Class Mail*
Peter Lee
The Burlington Northern and Santa Fe
Railway
2500 Lou Menk Dr.
Fort Worth, TX 76131
plee@bnsf.com

*First Class Mail*
Steven Mandelsberg
Hahn & Hessen, LLP
488 Madison Avenue
New York, NY 10022

*First Class Mail*
Philip Shawn Moore
680 A Adams Road
Benson, NC 27504

*First Class Mail*
Marcella Mae Paulette
287 Township Highway 267
Amsterdam, OH 43903-7909

*First Class Mail*
Daniel A. Speights
Speights & Runyan
200 Jackson Ave East
P.O. Box 685
Hampton, SC 29924
dspeights@speightsrunyan.com

*First Class Mail*
Richard L. Stoper, Jr.
Rotatori, Bender, Gragel, Stoper and
  Alexander Co., L.P.A.
526 Superior Ave., Suite 800
Cleveland, OH 44114
rstoper@rotatori.com

*First Class Mail*
William F. Taylor, Jr.
McCarter and English, LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
wtaylor@mmccarter.com

**W. R. Grace 2002 Service List**
Case No. 01-1139 (JKF)
Doc. No. 22588
038 - Hand Delivery
001 – Foreign First Class Mail
217 - First Class Mail


(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski, Stang, Ziehl, Young, Jones & Weintraub
P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

*Hand Delivery*
(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Asbestos PI Committee)
Marla Eskin, Esquire
Mark Hurford, Esquire
Campbell & Levine, LLC
800 N. King Street
#300
Wilmington, DE 19801

*Hand Delivery*
)
William H. Sudell, Jr., Esquire
Eric D. Schwartz, Esquire
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Travelers Casualty and Surety Company)
Robert J. Dehney
Michael G. Busenkell
Morris, Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

*Hand Delivery*
(Counsel to The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Maryland Casualty)
Jeffrey C. Wisler, Esquire
Michelle McMahon, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Ingersoll-Rand Fluid Products)
Francis A. Monaco, Jr., Esquire
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
P.O. Box 2031
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Asbestos PD Committee)
Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
)
Mark S. Chehi
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

*Hand Delivery*
)
Joseph Grey, Esquire
Stevens & Lee
1105 N. Market Street, Suite 700
Wilmington, DE 19801-1270

*Hand Delivery*
(Counsel to Official Committee of Unsecured
Creditors)
Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
)
Laurie Selber Silverstein, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE 19899

*Hand Delivery*
(United States Trustee)
Frank J. Perch, Esquire
Office of the United States Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801

*Hand Delivery*
(Counsel for General Electric Corporation)
Todd C. Schiltz, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
Wilmington Trust Center
1100 N. Market Street
Suite 1001
Wilmington, DE 19801

*Hand Delivery*
)
Kathleen Miller, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Century Indemnity Company)
Curtis Crowther, Esquire
White and Williams LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19801

*Hand Delivery*
(Counsel to First Union Leasing)
John D. Demmy, Esquire
Stevens & Lee, P.C.
1105 N. Market Street, Suite 700
Wilmington, DE 19801-1270

*Hand Delivery*
(Zonolite Attic Litigation Plaintiffs)
William D. Sullivan, Esquire
Buchanan Ingersoll PC
The Nemours Building
1007 North Orange Street, 11th Floor
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Mark Hankin and HanMar Associates,
Fireman's Fund Insurance Co.)
Thomas G. Whalen, Esquire
Stevens & Lee, P.C.
1105 N. Market Street, 7th Floor
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Equity Committee)
Teresa K.D. Currier, Esquire
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
P.O. Box 1397
Wilmington, DE 19899-1397

*Hand Delivery*
(Counsel to Union Tank Car Company)
Rachel B. Mersky, Esquire
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Royal Insurance)
Megan N. Harper, Esquire
Bifferato, Bifferato & Gentilotti
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899

*Hand Delivery*
(Counsel to The Delaware Division of Revenue)
Allison E. Reardon
Delaware Division of Revenue
820 N. French Street
8th Floor
Wilmington, DE 19801

*Hand Delivery*
(Counsel to the Libby Mine Claimants)
Steven K. Kortanek, Esquire
Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

*Hand Delivery*
(L.A. Unified School District)
William F. Taylor, Jr., Esquire
McCarter & English, LLP
Mellon Bank Center
919 Market Street, Suite 1800
Wilmington, Delaware 19899

*Hand Delivery*
)
Frederick B. Rosner, Esquire
Jaspan Schlesinger Hoffman, LLP
913 N. Market Street
Fl 12
Wilmington, DE 19801

*Hand Delivery*
(Counsel to American Premier Underwriters, Inc.)
Elio Battista, Jr., Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801-4226

*Hand Delivery*
(Counsel for David T. Austern)
John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

*Hand Delivery*
(Counsel to Libby Claimants)
Adam G. Landis, Esquire
Kerri K. Mumford, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 1600
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Gamma Holding, NV)
David E. Wilks, Esquire
Buchanan Ingersoll PC
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, DE 19801

*Hand Delivery*
)
Daniel K. Hogan, Esquire
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

*Hand Delivery*
(Counsel to Allstate Insurance Company)
James S. Yoder, Esquire
White and Williams LLP
824 Market Street, Suite 902
Wilmington, DE 19899-0709

*Hand Delivery*
(Counsel to Everest Reinsurance Company and Mt.
McKinley Insurance Company)
Brian L. Kasprzak, Esquire
Marks, O'Neill, O'Brien and Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Peters, Smith and Company)
Brian A. Sullivan, Esquire
Amy D. Brown, Esquire
Werb & Sullivan
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899

*Hand Delivery*
(Counsel to American Employers Insurance Co, Employers Commercial
Union n/k/a OneBeacon A (Counsel to American Employers Insurance
Co, Employers Commercial Union n/k/a OneBeacon America Insurance
Co and Unigard Insurance Co)
David P. Primack, Esquire
Drinker Biddle & Reath LLP
1100 North Market Street
Suite 1000
Wilmington, DE  19801-1254

*Hand Delivery*
(Counsel to U.S. Fire Insurance Company)
Ian Connor Bifferato, Esquire
Joseph K. Koury, Esquire
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE  19899

*Hand Delivery*
(Counsel to Anderson Memorial Hospital)
Christopher D. Loizides, Esquire
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmingotn, DE  19801

*Foreign First Class Mail*
(Canadian Counsel to Debtor)
Derrick Tay, Esquire
Ogilvy-Renault
Suite 3800
Royal Bank Plaza, South Tower
200 Bay Street
P.O. Box 84
Toronto, Ontario M5J 2Z4
Canada

*First Class Mail*
(Counsel to Debtor)
James H.M. Sprayregen, Esquire
James Kapp, III, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

*First Class Mail*
(W. R. Grace & Co.)
Mark Shelnitz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD  21044

*First Class Mail*
(Counsel to Asbestos PI Committee)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
399 Park Avenue, 27th Floor
New York, NY  10022

*First Class Mail*
(Official Committee of Unsecured Creditors)
Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*First Class Mail*
(Official Committee of Property Damage Claimants)
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

*First Class Mail*
(Counsel to Equity Committee)
Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

*First Class Mail*
(Counsel to Sealed Air Corporation)
D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

*First Class Mail*
(Counsel to Asbestos Claimants)
Nancy Worth Davis, Esquire
Motley Rice LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465

*First Class Mail*

)
Todd Meyers, Esquire
Kilpatrick Stockton
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309

*First Class Mail*

)
Office of Reorganization
Securities & Exchange Commission
Suite 1000
3475 Lenox Road, N.E.
Atlanta, GA 30326-1232

*First Class Mail*

)
Internal Revenue Service
Attn: Insolvency
31 Hopkins Plaza, Room 1150
Baltimore, MD 21201

*First Class Mail*

)
Michael A. Berman, Esquire
Securities and Exchange Commission
450 Fifth Street, N.W. (Mail Stop 6-6)
Washington, D.C. 20549

*First Class Mail*

)
Secretary of Treasurer
P.O. Box 7040
Dover, DE 19903

*First Class Mail*

)
Secretary of State
Division of Corporations
Franchise Tax
P.O. Box 7040
Dover, DE 19903

*First Class Mail*

)
James D. Freeman, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street
Suite 945-North Tower
Denver, CO 80202

*First Class Mail*

)
Jon L. Heberling, Esquire
McGarvey, Heberling, Sullivan & McGarvey PC
745 South Main Street
Kalispel, MT 59901

*First Class Mail*

)
Patrick L. Hughes, Esquire
12202 Midland Walk
Austin, TX 78727

*First Class Mail*
(Counsel to DIP Lender)
David S. Heller, Esquire '
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*

)
Charles E. Boulbol, Esquire
26 Broadway, 17th Floor
New York, NY 10004

*First Class Mail*

)
Ira S. Greene, Esquire
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022-6225

*First Class Mail*

)
James A. Sylvester, Esquire
Intercat, Inc.
104 Union Avenue
Manasquan, NJ 08736

*First Class Mail*

)
Steven J. Johnson, Esquire
Gibson, Dunn & Crutcher LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125

*First Class Mail*
)
Charlotte Klenke, Esquire
Schneider National, Inc.
P.O. Box 2545
3101 S. Packerland
Green Bay, WI 54306

*First Class Mail*
)
David S. Rosenbloom, Esquire
Jeffrey E. Stone, Esquire
Lewis S. Rosenbloom, Esquire
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

*First Class Mail*
)
Charles L. Finke, Assistant General Counsel
Brad Rogers, Esquire
Office of the General Counsel
Pension Benefit Guaranty Corp
1200 K. Street, N. W.
Washington, D.C. 20005-4026

*First Class Mail*
)
Pamela Zilly
Richard Shinder
Barry Korn
The Blackstone Group
345 Park Avenue, 30th Floor
New York, NY 10154

*First Class Mail*
)
Jan M. Hayden
William H. Patrick
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

*First Class Mail*
(Counsel to Asbestos Claimants)
Steven T. Baron, Esquire
Member
Silber Pearlman, LLP
2711 North Haskell Avenue, 5th Floor, LLP
Dallas, TX 75204

*First Class Mail*
)
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

*First Class Mail*
(Attorneys for PPG Industries, Inc.)
W.J. Winterstein, Jr., Esquire
John J. Winter, Esquire
William M. Aukamp, Esquire
Eleven Penn Center, 29th Floor
1835 Market Street
Philadelphia, PA 19103

*First Class Mail*
)
Alan R. Brayton, Esquire
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

*First Class Mail*
)
Jonathan W. Young
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
)
Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, P.O. Box 8705
Dallas, TX 75219

*First Class Mail*
)
Shelby A. Jordan, Esquire
Nathaniel Peter Holzer. Esquire
Jordan, Hyden, Womble & Culbreth, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471

*First Class Mail*
)
Courtney M. Labson, Esquire
Ontario Mills LP
Legal Department
1300 Wilson Boulevard, Suite 400
Arlington, VA 22209

*First Class Mail*
)
T. Kellan Grant
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229

*First Class Mail*
)
Cindy Schultz
Ingersoll-Rand Fluid Products
One Aro Center
P.O. Box 151
Bryan, OH 43506

*First Class Mail*
)
Alan Kolod, Esquire
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6076

*First Class Mail*
)
Mr. Thomas Moskie
Bankers Trust Company
Four Albany Street
Fourth Floor
New York, NY 10006

*First Class Mail*
)
John P. Dillman, Esquire
Linebarger Heard Goggan Blair
Graham Peña & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

*First Class Mail*
)
The Gibson Law Firm, PLLC
P.O. Box 6005
Ridgeland, MS 39158-6005

*First Class Mail*
)
Paul M. Baisier, Esquire
SEYFARTH SHAW
1545 Peachtree Street
Suite 700
Atlanta, GA 30309

*First Class Mail*
)
Christopher L. Beard, Esquire
The Beard Group
502 W. Patrick Street
Frederick, MD 21701-4002

*First Class Mail*
)
Bernice Conn, Esquire
Robins, Kaplan, Miller & Ciresi LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067

*First Class Mail*
)
Steven R. Schlesinger, Esquire
Jaspan Schlesinger Hoffman LLP
300 Garden City Plaza
Garden City, NY 11530

*First Class Mail*
)
Steven J. Kherkher, Esquire
Laurence G. Tien, Esquire
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite #600
Houston, TX 77017

*First Class Mail*
)
Kimberly W. Osenbaugh
Preston Gates & Ellis LLP
925 4th Avenue
Suite 2900
Seattle, WA 98104-1158

*First Class Mail*
)
Delta Chemical Corporation
2601 Cannery Avenue
Baltimore, MD 21226-1595

*First Class Mail*

)
Steven T. Hoort, Esquire
Ropes & Gray
One International Place
Boston, MA 02110-2624

*First Class Mail*

)
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*

)
Peter A. Chapman
572 Fernwood Lane
Fairless Hills, PA 19030

*First Class Mail*

)
Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Rd.
Baltimore, MD 21214

*First Class Mail*

)
Michael J. Urbis
Jordan, Hyden, Womble & Culbreth, P.C.
1534 E. 6th Street, Suite 104
Brownsville, TX 78520

*First Class Mail*

)
Mary A. Coventry
Sealed Air Corporation
Park 80 East
Saddle Brook, NJ 07663

*First Class Mail*

)
John M. Klamann
Klamann & Hubbard
7101 College Blvd., Suite 120
Overland Park, KS 66210

*First Class Mail*

)
Joseph T. Kremer, Esquire
Lipsiptz, Green, Fahringer, Roll, Salisbury & Cambria, LLP
42 Delaware Avenue, Suite 300
Buffalo, NY 14202

*First Class Mail*

)
Paul D. Henderson, Esquire
Dies, Dies & Henderson
1009 W. Green Avenue
Orange, TX 77630

*First Class Mail*

)
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

*First Class Mail*

)
Elizabeth S. Kardos, Esquire
Gibbons, Del Deo, Dolan Griffinger & Vecchione, PC
One Riverfront Plaza
Newark, NJ 07102-5497

*First Class Mail*

)
Thomas J. Noonan, Jr.
c/o R& S Liquidation Company
5 Lyons Mall PMB #530
Basking Ridge, NJ 07920-1928

*First Class Mail*

)
Harry Lee, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

*First Class Mail*
(Counsel to Public Service Electric and Gas Company)
William E. Frese, Esquire
Attn: Sheree L. Kelly, Esquire
80 Park Plaza, T5D
P.O. Box 570
Newark, NJ 07101

*First Class Mail*
(Counsel to Official Committee of Unsecured
Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ 07102-3889

*First Class Mail*
(Tennessee Department of Environment and
Conservation – Superfund)
Paul G. Sumers, Esquire
TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN 37202-0207

*First Class Mail*
(Counsel to numerous asbestos claimants)
Scott Wert, Esquire
Foster & Sear, LLP
524 E. Lamar Blvd., Ste 200
Arlington, TX 76011

*First Class Mail*
(Counsel to Berry & Berry)
C. Randall Bupp, Esquire
Plastiras & Terrizzi
24 Professional Center Parkway
Suite 150
San Rafael, CA 94903

*First Class Mail*
)
Anton Volovsek
Rt2 – Box 200 #42
Kamiah, ID 83536-9229

*First Class Mail*
(Counsel to Weatherford U.S. Inc., and Weatherford
International Inc.)
Peter S. Goodman, Esquire
Andrews & Kurth LLP
450 Lexington Avenue, 15th Floor
New York, NY 10017

*First Class Mail*
)
Jonathan H. Alden, Esquire
Assistant General Counsel
3900 Commonwealth Boulevard, MS 35
Tallahassee, FL 32399-3000

*First Class Mail*
)
State Library of Ohio
c/o Michelle T. Sutter
Revenue Recovery
Office of the Attorney General
150 East Gay Street, 23rd Floor
Columbus, OH 43215

*First Class Mail*
)
Rosa Dominy
Bankruptcy Administration
IOS Capital, Inc.
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

*First Class Mail*
)
Greif, Inc.
Attn: Credit Department
366 Greif Parkway
Delaware, OH 43015

*First Class Mail*
(Counsel to SAP America, Inc.)
Stephanie Nolan Deviney
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108

*First Class Mail*
)
Barbara M. Cook, County Solicitor
Katherine L. Taylor, Senior Assistant County Solicitor
Howard County Office of Law
George Howard Building
3430 Courthouse Drive
Ellicott City, MD 21043

*First Class Mail*
)
Danice Sims
P.O. Box 66658
Baton Rouge, LA 70896

*First Class Mail*
)
M. Diane Jasinski, Esquire
Michael D. Hess
Corporation Counsel of the City of New York
100 Church Street, Room 6-127
New York, NY 10007

*First Class Mail*
)
Janet Napolitano
Robert R. Hall
Russell W. Savory
1275 West Washington Street
Phoenix, AZ 85007-1278

*First Class Mail*
)
Russell W. Savory
Gotten, Wilson & Savory, PLLC
88 Union Avenue, 14th Floor
Memphis, TN 38103

*First Class Mail*
)
Credit Manager
Belz Enterprises
100 Peabody Place, Suite 1400
Memphis, TN 38103

*First Class Mail*
)
James P. Ruggeri
Scott A. Shail
Hogan & Harton L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109

*First Class Mail*
)
Steven R. Bourne, Esquire
Nutter, McClennen & Fish, LLP
155 Seaport Blvd
Boston, MA 02210-2604

*First Class Mail*
)
Daniel H. Slate, Esquire
Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, CA 90071-3442

*First Class Mail*
)
Andrea L. Hazzard, Esquire
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

*First Class Mail*
)
Authur Stein, Esquire
1041 W. Lacey Road
P.O. Box 1070
Forked River, NJ 08731-6070

*First Class Mail*
)
Robert H. Rosenbaum, Esquire
M. Evan Meyers, Esquire
Meyers, Rodbell & Rosenbaum, P.A.
Berkshire Building
6801 Kenilworth Avenue, Suite 400
Riverdale, MD 20737-1385

*First Class Mail*
)
Maggie De La Rosa
Provost & Umphrey
Law Firm, L.L.P.
490 Park Street
Beaumont, TX 77701

*First Class Mail*
)
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
LibertyView – Suite 700
457 Haddonfield Road
P.O. Box 2570
Cherry Hill, NJ 08034

*First Class Mail*
)
Kevin James
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612-1413

*First Class Mail*
)
Dorine Vork, Esquire
Stibbe, P.C.
350 Park Avenue
New York, NY  10022

*First Class Mail*
)
Suexirda Prayaga
7365 MacLeod Lane
Ofallon, MO  63366

*First Class Mail*
)
Bart Hartman
Treasurer – Tax Collector
Attn: Elizabeth Molina
1600 Pacific Highway, Room 162
San Diego, CA  92101

*First Class Mail*
)
David Aelvoet, Esquire
Linebarger Goggan Blair Graham Pena & Sampson,
LLP
Travis Park Plaza Building
711 Navarro, Suite 300
San Antonio, TX  78205

*First Class Mail*
)
Robert Cimino, Esquire
Suffolk County Attorney
Attn: Diane Leonardo Beckmann, Asst. County
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY  11788-0099

*First Class Mail*
(Counsel to Toyota Motor Credit)
Robert T. Aulgur, Jr., Esquire
P.O. Box 617
Odessa, DE  19730

*First Class Mail*
(Counsel to Dow Chemical Company, Hampshire
Chemical Corporation and Union
Carbide Corporation)
Kathleen Maxwell
Legal Department
The Dow Chemical Company
2030 Dow Center/Office 732
Midland, MI  48674

*First Class Mail*
)
Anne Marie P. Kelley, Esquire
Dilworth Paxson, LLP
Liberty View – Suite 700
457 Haddonfield Road
Cherry Hill, NJ  08002

*First Class Mail*
(Counsel to General Electric Capital Corporation)
Ronald S. Beacher, Esquire
Pitney, Hardin, Kipp & Szuch LLP
7 Times Square
New York, NY  10036-6524

*First Class Mail*
)
Attn: Diane Stewart
Peoples First Community Bank
P.O. Box 59950
Panama City, FL  32412-0950

*First Class Mail*
)
Gina Baker Hantel, Esquire
Attorney General Office
Bankruptcy Division
State of Tennessee
425 5th Avenue North, Floor 2
Nashville, TN  37243

*First Class Mail*
)
Jeffrey L. Glatzer, Esquire
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020-1182

*First Class Mail*
)
Thomas V. Askounis, Esquire
Askounis & Borst, P.C.
303 East Wacker Drive
Suite 1000
Chicago, IL 60601

*First Class Mail*
)
Attn: Ted Weschler
Peninsula Capital Advisors, L.L.C.
404 East Main Street
Second Floor
Charlottesville, VA 22902

*First Class Mail*
)
E. Katherine Wells, Esquire
South Carolina Department of Health and
Environmental Control
2600 Bull Street
Columbia, SC 29201-1708

*First Class Mail*
)
James M. Garner, Esquire
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street
Suite 2800
New Orleans, LA 70112-1033

*First Class Mail*
)
William H. Johnson, Esquire
Norfolk Southern Corporation
Law Department
Three Commercial Place
Norfolk, VA 23510-9242

*First Class Mail*
(Counsel to Wells Fargo Bank Minnesota, National
Association)
Pillsbury Winthrop LLP
1540 Broadway #9
New York, NY 10036-4039

*First Class Mail*
(Counsel to Wells Fargo Bank Minnesota, National
Association)
Craig Barbarosh, Esquire
Pillsbury Winthrop LLP
650 Town Center Drive, 7th Floor
Costa Mesa, CA 92626-7122

*First Class Mail*
(Counsel to Aldine Independent School District)
Aldine Independent School District
Jonathan C. Hantke, Esquire
Pamela H. Walters, Esquire
14910 Aldine-Westfield Road
Houston, TX 77032

*First Class Mail*
)
DAP Products, Inc.
c/o Julien A. Hecht, Esquire
2400 Boston Street, Suite 200
Baltimore, MD 21224

*First Class Mail*
)
Steven B. Flancher, Esquire
Assistant Attorney General
Department of Attorney General
Revenue and Collections Division
P.O. Box 30754
Lansing, MI 48909

*First Class Mail*
(Counsel to Asbestos Claimants)
Deirdre Woulfe Pacheco, Esquire
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, NJ 07095

*First Class Mail*
(Counsel to LaVantage Solutions)
Matthew A. Porter, Esquire
Bernard J. Bonn III, Esquire
Dechert Price & Rhoads
200 Clarendon Street
27th Floor
Boston, MA 02116-5021

*First Class Mail*
(Counsel to Occidental Permian, Ltd.)
John W. Havins, Esquire
Havins & Associates PC
1001 McKinney Street, Suite 500
Houston, TX 77002-6418

*First Class Mail*
(Counsel to The Texas Comptroller of Public Accounts)
Mark Browning, Esquire
Assistant Attorney General
c/o Sherri K. Simpson, Legal Assistant
Office of the Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

*First Class Mail*
(Counsel to Fireman's Fund Insurance Company)
Leonard P. Goldberger, Esquire
Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103-1702

*First Class Mail*
(Comptroller of Public Accounts of the State of Texas)
Kay D. Brock, Esquire
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

*First Class Mail*
)
Cynthia C. Hemme, Esquire
Senior Counsel
Nortel Networks, Inc.
4010 E. Chapel Hill-Nelson Hwy.
Research Triangle Park, NC 27709

*First Class Mail*
(Counsel to Anderson Memorial Hospital)
Daniel A. Speights, Esquire
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924

*First Class Mail*
(Counsel to WESCO Distribution, Inc.)
Julie Quagliano
Quagliano & Seeger PC
2620 P Street, NW
Washington, DC 20007-3062

*First Class Mail*
)
General Motors Acceptance Corporation
P.O. Box 5055
Troy, MI 48007-5055

*First Class Mail*
(Counsel to Amalgamated Industries and Service
Workers Benefit Fund)
Judith Greenspan, Esquire
Associate Counsel
The Amalgamated Industries and Service Workers
Benefit Fund
730 Broadway
Tenth Floor
New York, NY 10003-9511

*First Class Mail*
)
Donna J. Petrone, Esquire
ExxonMobil Chemical Company
Law Department – Bankruptcy
13501 Katy Freeway, Room W1-562
Houston, TX 77079-1398

*First Class Mail*
(Counsel to Potash Corp.)
David W. Wirt, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601

*First Class Mail*
)
Alan H. Katz, Esquire
Entergy Services, Inc.
639 Loyola Avenue, Suite 2600
New Orleans, LA 70113

*First Class Mail*
)
Sander L. Esserman
Stutzman Bromberg, Esserman & Plifka
A Professional Corporation
2323 Bryan Street
Suite 2200
Dallas, TX 75201

*First Class Mail*
(Counsel to Huntsman Corporation)
Randall A. Rios
Floyd, Isgur, Rios & Wahrlich, P.C.
700 Louisiana, Suite 4600
Houston, TX 77002

*First Class Mail*
(Zonolite Attic Litigation Plaintiffs)
Elizabeth J. Cabraser, Esquire
Lieff, Cabraser, Heimann & Bernstein, LLP
Embacadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111

*First Class Mail*
(Zonolite Attic Litigation Plaintiffs)
Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, Massachusetts 02142

*First Class Mail*
(Zonolite Attic Litigation Plaintiffs)
Robert M. Fishman, Esquire
Shaw.Gussis Domanskis Fishman & Glantz
321 N. Clark Street
Suite 800
Chicago, Illinois 60610

*First Class Mail*
)
Scott Barker
Credit Manager
Phelps Dodge Corp.
(Formerly Climax Molybdenum Marketing
Corporation)
One North Central Avenue
Phoenix, AZ 85004

*First Class Mail*
)
Coudert Brothers
Attn: Joseph D. Farrell, Esquire and Edward H.
Tillinghast, III, Esquire
1114 Avenue of the Americas
New York, NY 10036

*First Class Mail*
(Counsel to Marco Barbanti)
Darrell W. Scott
The Scott Law Group
926 W. Sprague Ave., Suite 583
Spokane, WA 99201

*First Class Mail*
(Missouri Department of Revenue)
Missouri Department of Revenue
Bankruptcy Unit
Gary L. Barnhart
PO Box 475
Jefferson City, MO 65105-0475

*First Class Mail*
(Peters, Smith & Company)
Mr. Charles C. Trascher III, Esquire
Snellings, Breard, Sartor, Inabnett & Trascher, LLP
PO Box 2055
Monroe, LA 71207

*First Class Mail*
(The Baupost Group LLC)
Gary M. Becker, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*First Class Mail*
(Attorney General of PA(Commonwealth of PA, Dept.
of Revenue)
Christopher R. Momjian
Senior Deputy Attorney General
I.D. No. 057482
Office of Attorney General
21 S. 12th Street, 3rd. Floor
Philadelphia, PA 19107-3603

*First Class Mail*
)
Denise A.Kuhn
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603

*First Class Mail*
(Snack, Inc.)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY  10166

*First Class Mail*
(Snack, Inc.)
Vahe Melkonian
Newco Management Company, LLC
6320 Canoga Avenue, Suite 1430
Woodland Hills, CA  91367

*First Class Mail*
(W.C. Baker, E.E. Jaques, B.H. Miller, M.R. Fisher,
S.R. Ormsbee, M. Rea and the Fisher Trust)
Richard B. Spector, Esquire
Mark M. Monachino, Esquire
Corbett & Steelman
18200 Von Karman Avenue, Suite 200
Irvine, CA  92612-1086

*First Class Mail*
(Counsel to AON Consulting, Inc.)
Barry D. Kleban, Esquire
Adelman Lavine Gold and Levin
Suite 900
Four Penn Center
Philadelphia, PA  19103

*First Class Mail*
)
Michael Selig
Westover Investments, L.L.C.
555 Old Garth Road
Charlottesville, VA  22901

*First Class Mail*
(Hearthside Residential Corp.)
Allan H. Ickowitz, Esquire
Nossaman, Guthner, Knox & Elliott, LLP
445 South Figueroa Street, 31st Floor
Los Angeles,CA  90071

*First Class Mail*
(Georgia Department of Revenue)
Oscar B. Fears, III
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA  30334

*First Class Mail*
)
Philip J. Ward
Victoria Radd Rollins
Williams & Connolly LLP
725 Twelfth Street NW
Washington, DC  20005

*First Class Mail*
)
Ralph R. Mabey
Penrod W. Keith
LeBoeuf, Lamb, Greene & MacRae, LLP
1000 Kearns Building
136 South Main Street
Salt Lake City, UT  84101

*First Class Mail*
)
Margaret A. Holland
Deputy Attorney General
New Jersey Attorney General's Office
Division of Law
R.J. Hughes Justice Complex
P.O. Box 106
Trenton, NJ  08625

*First Class Mail*
)
Craig A. Slater, Esquire
Harter,Secrest & Emery LLP
Twelve Fountain Plaza
Suite 400
Buffalo, NY  14202

*First Class Mail*
)
Rachel Jeanne Lehr
Deputy Attorney General
Office of the Attorney General
R.J.Hughes Justice Complex
P.O. Box 093
Trenton, NJ  08625

*First Class Mail*
)
Larry A. Feind
133 Peachtree Street, N.E.
7th Floor
Atlanta ,GA 30303

*First Class Mail*
)
Bryan Shapiro
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, NY 10179

*First Class Mail*
(Counsel to County Of Dallas)
Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan Street, Suite 1720
Dallas, TX 75201-2691

*First Class Mail*
)
Mr. Mark Hankin
HanMar Associates, M.L.P.
P.O. Box 26767
Elkins Park, PA 19027

*First Class Mail*
(Counsel to Travelers Casualty and Surety Company)
Lynn K. Neuner, Esquire
Simpson, Thacher, & Bartlett
425 Lexington Avenue
New York, NY 10017-3954

*First Class Mail*
(Counsel to Kaneb Pipe Line Operating Partnership LP
and Support Terminal Services, Inc.)
Gerald G. Pecht, Esquire
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095

*First Class Mail*
)
Jonathan D. Berger, Esquire
Russell Henkin, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103-6365

*First Class Mail*
(Counsel to Novak Landfill RD/RA Group)
Noel C. Burnham, Esquire
Richard G. Placey, Esquire
Montgomery, McCracken, Walker & Rhoads LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109

*First Class Mail*
)
DACA V, LLC
Attn: Julie Bubnack
1565 Hotel Cir S
Ste 310
San Diego, CA 92108-3419

*First Class Mail*
(Counsel to Lawson Electric Co.)
Ronald D. Gorsline
Chambliss, Bahner, & Stophel, P.C.
1000 Tallan Building, Ste. 1000
Two Union Square
Chattanooga, TN 37402-2552

*First Class Mail*
)
Jon Bauer
Contrarian Capital Management, LLC
411 West Putnam Avenue, Suite 225
Greenwich, CT 06830

*First Class Mail*
(Counsel to County of San Diego)
Martha E. Romero
Law Offices of Martha E. Romero and Associates
7743 South Painter Avenue, Suite E
Whittier, CA 90602

*First Class Mail*
(Counsel to National Union Fire Insurance Co. of
Pittsburgh, PA)
Michael S. Davis, Esquire
Zeichner Ellman & Krause
575 Lexington Avenue
New York, NY 10022

**First Class Mail**
(Counsel to The Burlington Northern and Santa Fe
Railway Company)
Richard A. O'Halloran, Esquire
Burns, White & Hickton, LLC
531 Plymouth Road, Suite 500
Plymouth Meeting, PA  19462

**First Class Mail**
(Counsel to Crossroads Industrial Park, Inc. and
Weedsport Associates, LLC)
Scott Estelle, President
Crossroads Industrial Park, Inc.
P.O. Box 220
Weedsport, NY  13166

**First Class Mail**
(Counsel to the City of Knoxville)
Hillary Browning-Jones
Assistant City Attorney
P.O. Box 1631
Knoxville, TN  37901

**First Class Mail**
(Counsel to Westcor)
Don C. Fletcher, Esquire
The Cavanagh Firm, P.A.
1850 North Central Avenue
Suite 2400
Phoenix, AZ 85004

**First Class Mail**
(Carteret Venture)
Mr. Harvey Schultz
The Schultz Organization
4 Woods End
Ocean, NJ  07712-4181

**First Class Mail**
(Counsel to State of New York, Dept. of Taxation and
Finance)
Barbara G. Billet, Esquire
Elaine Z. Cole, Esquire
New York State Department of Taxation and Finance
340 E. Main Street
Rochester, NY  14604

**First Class Mail**
(Special Counsel to Debtors)
James J. Restivo, Esquire
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

**First Class Mail**
(Counsel to West Group)
Michael S. Sandberg, Esquire
Hellmuth & Johnson, PLLC
10400 Viking Drive, Suite 560
Eden Prairie, MN  55344

**First Class Mail**
(Counsel to Certain Underwriters at Lloyd's London)
Thomas J. Quinn, Esquire
Mendes & Mount, LLP
750 Seventh Avenue
New York, NY  10019-6829

**First Class Mail**
(Counsel to the U.S. Environmental Protection Agency)
Jerel L. Ellington, Esquire
U.S. Department of Justice
Environmental Enforcement Section
999 18th Street; Suite 945-North Tower
Denver, CO  80202

**First Class Mail**
(Counsel to the State of Minnesota)
Ann Beimdiek Kinsella
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN  55101-2127

**First Class Mail**
(Counsel to Union Tank Car Company)
Deborah L. Thorne, Esquire
FabelHaber LLC
55 East Monroe Street, 40th Floor
Chicago, IL  60603

**First Class Mail**
)
Jenny J. Hyun, Esquire
Weingarten Realty Investors
2600 Citadel Plaza Drive
Houston, TX  77008

*First Class Mail*
)
Brad N. Friedman
Rachel Fleishman
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119-0165

*First Class Mail*
)
Xerox Capital Services, LLC
Attention: Cathy Flowers
800 Carillon Parkway
St. Petersburg, FL 33716-9876

*First Class Mail*
(Counsel to Royal Insurance)
Carl Pericone, Esquire
Wilson, Elser, Moskowitz, Edelman, Dicker LLP
150 East 42nd Street
New York, NY 10019-5639

*First Class Mail*
(Counsel to James Grau, Anna Grau and Harry Grau &
Sons, Inc.)
Edward L. Jacobs, Esquire
Bankemper & Jacobs
The Shaw House
26 Audubon Place
P.O. Box 70
Fort Thomas, KY 41075-0070

*First Class Mail*
(Counsel to Ben Bolt-Palito-Blanco ISD, Brownsville
ISD, Cameron County, Hildalgo County, Orange
Grove, Orange Grove ISD, Premont ISD)
Lori Gruver Robertson, Esquire
Linebarger Goggan Blair Pena & Sampson, LLP
1949 South I.H. 35 (78741)
P.O. Box 17428
Austin, TX 78760

*First Class Mail*
(Counsel to Carrollton-Farmers Branch Independent
School District)
Andrea Sheehan, Esquire
Law Offices Of Robert E. Luna, P.C.
4411 North Central Expressway
Dallas, TX 75205

*First Class Mail*
(Counsel to Cornell University)
Anthony F. Parise
Cornell University
Office of University Counsel
300 CCC Building, Garden Avenue
Ithaca, NY 14853-2601

*First Class Mail*
(Counsel to the Libby Mine Claimants)
Daniel C. Cohn, Esquire
Christopher M. Candon, Esquire
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110

*First Class Mail*
(Counsel to Enron Corp., et al.)
General Counsel
Enron Energy Services
1400 Smith Street
EB 0889
Houston, TX 77002

*First Class Mail*
(Counsel to Town of Acton, MA)
Thomas O. Bean
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Blvd.
Boston, MA 02210

*First Class Mail*
(Federal Insurance Company)
Jacob C. Cohn, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

*First Class Mail*
)
Contrarian Capital Trade Claims LP
Attn: Alisa Minsch
411 W. Putnam Ave. S-225
Greenwich, CT 06830-6263

*First Class Mail*
)
Debt Acquisition Co of America V LLC
1565 Hotel Cir S
Suite 310
San Diego, CA 92108-3419

*First Class Mail*
)
Longacre Master Fund Ltd.
Attn: Maurie Shalome
810 7th Avenue, 22nd Fl.
New York, NY 10019-5818

*First Class Mail*
)
Sierra Asset Management LLC
2699 White Rd., Ste. 225
Irvine, CA 92614-6264

*First Class Mail*
)
Trade-Debt.Net
P.O. Box 1487
West Babylon, NY 11704-0487

*First Class Mail*
(Counsel for State Street Global Advisors)
Daniel M. Glosband, P.C.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

*First Class Mail*
)
John Preefer, Esquire
John Preefer
60 East 42nd Street, Suite 1201
New York, NY 10165

*First Class Mail*
)
Michael B. Schaedle, Esquire
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*First Class Mail*
)
Peter B. McGlynn, Esquire
Bruce D. Levin, Esquire
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, MA 02110

*First Class Mail*
(Counsel for David T. Austern)
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Swidler Berlin LLP
The Washington Harbour
3000 K Street, NW, Suite 300
Washington, DC 20007

*First Class Mail*
)
Lauren Holzman
Claims Processor
Euler Hermes ACI
800 Red Brook Boulevard
Owings Mills, MD 21117

*First Class Mail*
(Counsel to Keri Evans, on behalf of herself and all
others similarly situated as Plaintiff in ERISA litigation,
Civil Action No. 04-11380)
Michael S. Etkin, Esquire
Ira M. Levee, Esquire
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068

*First Class Mail*
(Counsel to Charlotte Transit Center, Inc.)
Amy Pritchard-Williams, Esquire
Margaret R. Westbrook, Esquire
Kennedy Covington Lobdell & Hickman, LLP
Hearst Tower, 47th Floor
214 N. Tryon Street
Charlotte, NC 28202

*First Class Mail*
(Counsel to Ancel Abadic and 410 additional
claimants)
The Murray Law Firm
Attn: Julie A. Ardoin, Esquire
909 Poydras Street, Suite 2550
New Orleans, LA 70112

*First Class Mail*
(Counsel to Allstate Insurance Company)
Stefano Calogero, Esquire
Andrew K. Craig, Esquire
Cuyler Burk, LLP
Parsippany Corporate Center
Four Century Drive
Parsippany, NJ 07054

*First Class Mail*
(Counsel to Citicorp Del-Lease, Inc. d/b/a Citicorp
Dealer Finance)
Sergio L Scuteri, Esquire
Farr, Burke, Gambacorta & Wright
211 Benigno Boulevard, Suite 201
Bellmawr, NJ 08031

*First Class Mail*
(Counsel to Everest Reinsurance Company and Mt.
McKinley Insurance Company)
Mark D. Plevin, Esquire
Leslie A. Epley, Esquire
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595

*First Class Mail*
(Counsel to The Van Cott, Bagley, Cornwall &
McCarthy 401(K) Profit Sharing Plan)
J. Robert Nelson, Esquire
Van Cott, Bagley, Cornwall & McCarthy
50 South Main Street, #1600
P.O. Box 45340
Salt Lake City, UT 84145

*First Class Mail*
(Counsel to Claimants, American Legion, Catholic Diocese of Little Rock, City of Barnesville, Cherry Hill
Plaza, Church of the Most Holy Redeemer, Church of St. Joseph, Church of St. Luke, Church of St. Helena,
Church of St. Leo the Great, First United Methodist Church, Fargo Housing Authority, Alvin Foss, State of
Washington and Port of Seattle)
Joseph F. Rice, Esquire
James M. Hughes, Esquire
Motley Rice LLC
28 Bridgeside Blvd.,
P.O. Box 1792
Mt. Pleasant, SC 29465

*First Class Mail*
(Counsel to American Employers Insurance Co, Employers Commercial
Union n/k/a OneBeacon A (Counsel to American Employers Insurance
Co, Employers Commercial Union n/k/a OneBeacon America Insurance
Co and Unigard Insurance Co)
Michael F. Brown, Esquire
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

*First Class Mail*
(Counsel to U.S. Fire Insurance Company)
George R. Calhoun, Esquire
March D. Coleman, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

*First Class Mail*
(Counsel to American Premier Underwriters, Inc.)
Matthew J. Siembieda, Esquire
Benjamin G. Stonelake, Esquire
Scott E. Coburn, Esquire
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

*First Class Mail*
(Counsel to Certain Underwriters at Lloyd's
London and Certain London Market Companies)
Mary K. Warren, Esquire
Brenda D. DiLuigi, Esquire
Linklaters
1345 Avenue of the Americas, 19th Floor
New York, NY 10105

*First Class Mail*
(Transfer Agent)
DK Acquisition Partners
Attn: Michael J. Leffell
885 Third Ave., Ste 3300
New York, NY 10022

*First Class Mail*
(Transfer Agent)
Fair Harbor Capital LLC
875 Avenue of the Americas, Ste. 2305
New York, NY 10001

*First Class Mail*
(Transfer Agent)
Portia Partners LLC
One Sound Shore Dr., Ste. 100
Greenwich CT 06830

*First Class Mail*
(Counsel to Macerich Fresno LP)
William P. Bowden, Esquire
Amanda M. Winfree, Esquire
Ashby & Geddes, P.A.
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899

*First Class Mail*
(Counsel to Macerich Fresno LP)
M. David Minnick, Esquire
Michael P. Ellis, Esquire
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA  94105-2228

*First Class Mail*
(Counsel to Macerich Fresno LP)
Gerald F. George, Esquire
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA  94105-2228

*First Class Mail*
(Counsel to HRCL and Eaves)
Joseph D. Frank, Esquire
Frank/Gecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL  60610

*First Class Mail*
(Counsel to all clients of the Robles law firm)
David Jagolinzer, Esquire
Ferraro & Associates, P.A.
Suite 700
4000 Ponce de Leon Blvd.
Miami, FL  33146