IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF)<br>Jointly Administered |
| Debtors. | ) | Related to Docket Nos. 14150, 14203, and 14763 |

**MOTION OF BARON & BUDD, P.C., LEBLANC & WADDELL, LLP., AND SILBER PEARLMAN, LLP, TO STAY COMPLIANCE WITH THE ORDER ON CERTAIN CLAIMANTS' FIRMS' MOTION TO COMPEL CLAIMANTS TO RESPOND TO THE W.R. GRACE & CO. ASBESTOS PERSONAL INJURY QUESTIONNAIRE PURSUANT TO FED. R. BANKR. P. 9023 AND ALTERNATIVE REQUEST FOR ENTRY OF A PROTECTIVE ORDER [D.I. 14763] AND THE SUPPLEMENTAL ORDER REGARDING MOTIONS TO COMPEL CLAIMANTS TO RESPOND TO THE W.R. GRACE & CO. PERSONAL INJURY QUESTIONNAIRE [D.I. 14150]**

The law firms of Baron & Budd, P.C. ("Baron & Budd"), LeBlanc & Waddell, LLP. and Silber Pearlman, LLP. (collectively the "Firms") respectfully file this Motion pursuant to FED. R. BANKR. P. 8005 to stay (the "Motion to Stay") the Order on Certain Claimants' Firms' Motion to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos personal Injury Questionnaire Pursuant to Fed. R. Bankr. P. 9023 and Alternative Request for Entry of a Protective Order [D.I. 14763] ("Order on Motion to Reconsider") and the Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Personal Injury Questionnaire [D.I. 14150] ("Supplemental Order on Motions to Compel") (collectively, the "Consulting Expert Orders").

## FACTUAL AND PROCEDURAL BACKGROUND

Each of the Firms represents holders of asbestos personal injury claims ("Claimants") against W.R. Grace & Co. and/or one of its affiliated co-debtors (collectively, "Grace").

In the administration of Grace's reorganization case, in connection with responding to Grace's discovery questionnaire, a dispute arose between Grace and certain counsel for asbestos claimants, including the Firms, concerning the scope of the so-called consulting expert privilege provided for in FED. R. CIV. P. 26(b)(4)(B), made applicable adversary proceedings and contested matters in bankruptcy by FED. R. BANKR. P. 7026 and 9014. [1]

The Firms, and others, have steadfastly maintained that Claimants who had not yet been diagnosed with an asbestos-related injury but who had nevertheless engaged counsel anticipated litigation sufficiently to trigger the applicability of the privilege. After considerable discussion and argument concerning the proper ambit of the consulting expert privilege, the Court's

[1] Rule 26(b)(4)(B) prohibits discovery from consulting experts retained before and after litigation is filed. Rule 26(b)(4)(B) provides as follows "A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." By its terms, the rule covers (i) experts retained "in anticipation of litigation" (*i.e.*, before the litigation commences) and also (ii) experts retained in "preparation for trial" (*i.e.*, after the litigation commences). FED. R. CIV. P. 26(b)(4)(B). Once an attorney is consulted and a lawsuit filed, any examination of a claimant by a consulting medical expert is protected. The same protection is also available prior to the filing of suit, provided that litigation is anticipated.

ruling diverged from what the Firms, and others representing asbestos claimants, had urged. The Court's initial ruling on the matter, embodied in the Supplemental Order on the Motions to Compel took a narrower view, holding that an undiagnosed Claimant who consulted with counsel prior to being diagnosed with an asbestos-related infirmity is incapable of anticipating litigation.

The Firms, together with others, subsequently moved the Court to alter or amend its ruling embodied in the Supplemental Order on Motions to Compel,[2] which it thereafter did. On March 6, 2007, the Court entered the Order altering and amending its prior ruling to include a protective order, but maintaining the view that undiagnosed Claimants represented by counsel were incapable of anticipating litigation so as to trigger the protections of Rule 26(b)(4)(B).

The Firms have filed a Notice of Appeal against the Consulting Expert Orders, alongside a Motion to Extend the Time for Filing Their Notice of Appeal with Respect to the Court's Final Order Regarding the Consulting Expert Privilege Pursuant to Federal R. Bankr. P. 8002(c)(2).

The Firms now file this Motion to Stay in order to protect their rights, which would be rendered moot by compliance with the Consulting Expert Orders.

---

[2] Certain Asbestos Claimants' Firms' Motion to Alter or Amend Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire Pursuant to Fed. R. Bankr. P. 9023, Alternative Request

## ARGUMENTS AND AUTHORITIES

### A. Rule 8005 is a Mechanism for Protecting the Rights of Parties Pending Appeal of a Bankruptcy Court's Order.

"A motion for a stay of the judgment, order or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." FED. R. BANKR. P. 8005; *In re Allegheny Health, Educ. & Research Found.*, 252 B.R. 309, 320-21 (W.D. Pa. 1999). Accordingly, the Firms respectfully move the Court to stay the Consulting Expert Orders pending appeal to the District Court.

The Third Circuit has recognized that ". . . a myriad of circumstances can occur that would necessitate the grant of a stay pending appeal in order to preserve a party's position." *In re Highway Truck Drivers & Helpers Local Union #107*, 888 F.2d 293, 298 (3d Cir. 1989). Federal Rule of Bankruptcy Procedure 8005 explicitly contemplates that a bankruptcy court will protect the rights of the parties while an appeal of one of its orders is pending:

> the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

FED. R. BANKR. P. 8005. The granting of a motion for a stay pending appeal is commended to the bankruptcy court's sound discretion. *See, e.g., In re Edwards*, 228 B.R. 573, 575 (Bankr. E.D. Pa. 1999).

---

for Entry of a Protective Order, and Memorandum in Support Thereof (Dkt. No. 14203),

### B. The Standard for a Stay Pending Appeal Under Rule 8005

To obtain a stay pending appeal under Rule 8005, a movant must establish the same elements necessary to obtain a preliminary injunction: *In re Allegheny Health, Educ. & Research Found.*, 252 B.R. at 321 and *In re Sharon Steel Corp.*, 159 B.R. 730, 733 (Bankr. W.D. Pa. 1993). In this Circuit:

> In determining the appropriateness of issuing a preliminary injunction, four factors must be considered: (1) whether the movant has a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denying the injunction; (3) whether there will be greater harm to the nonmoving party if the injunction is granted; and (4) whether granting the injunction is in the public interest.

*Sypniewski v. Warren Hills Reg'l Bd. of Educ.*, 307 F.3d 243, 252 (3d Cir. 2002). The Court must balance all of these elements, as no single factor is necessarily outcome determinative. *In re Allegheny Health, Educ. & Research Found.*, 252 B.R. at 321. *See also In re Roth Am., Inc.*, 90 B.R. 94, 95 (Bankr. M.D. Pa. 1988) ("these four factors structure the inquiry. However, no one aspect will necessarily determine its outcome … proper judgment entails a 'delicate balancing of all elements'") (citations omitted). Because the Firms meet all four elements of the test, a stay pending appeal should be granted.

---

docketed on January 2, 2007.

### *1. The Firms Will Suffer Irreparable Harm if the Stay Is Denied.*

A stay pending appeal is vital in this case. The Consulting Expert Orders require the Firms to provide information that the Firms consider to be privileged to Grace. The provision of this information would moot the appeal and obliterate the rights asserted hereunder. Once the information has been provided, the bell cannot be unrung. There is no clearer case invoking irreparable harm than the destruction of a privilege by compelling the turnover of the information in respect of which the privilege is invoked. As a matter of basic fairness, this Court should grant the requested stay of the Consulting Expert Orders to facilitate meaningful consideration of this appeal.

### *2. Grace Will Suffer little Harm if a Stay is Granted.*

In sharp contrast to the irreparable harm caused to the Firms if the Consulting Expert Orders are enforced while this appeal is pending, there is no countervailing harm of such magnitude if this Court stays the Orders pending appeal. The Firms have already answered the vast majority of the questions posed by Grace's questionnaire, and have provided thousands of pages of additional documents responsive to its discovery requests. Withholding this discrete class of information pending appellate review will not unduly prejudice Grace's participation in its estimation process and will certainly not cause the kind of grievous harm compelled disclosure of privileged information will inflict upon the Firms.

### *3. The Firms' Appeal is Likely to Succeed on the Merits.*

The Firms have consistently maintained that the information ordered disclosed under the Consulting Expert Orders is privileged. When an expert is retained in anticipation of litigation, that expert's findings and reports are protected from disclosure. This Court's ruling placed artificial, unnecessary and unwarranted restrictions upon the Firms' ability to protect consulting expert reports obtained on behalf of claimants who had engaged counsel and thus clearly anticipated litigation.

Rule 26(b)(4)(B), of course, prohibits discovery from consulting experts retained both before and after litigation is actually filed. Indeed, the rule by its terms covers (i) experts retained "in anticipation of litigation" (*i.e.*, before the litigation commences) and also (ii) experts retained in "preparation for trial" (*i.e.*, after the litigation commences). FED. R. CIV. P. 26(b)(4)(B). Once an attorney is consulted and a lawsuit filed, any examination of a claimant by a medical expert is protected. If an attorney refers a client to a physician or other medical professional for examination, the "visit [to the doctor] occur[s] in anticipation of litigation and comes within the ambit of Rule 26(b)(4)." *Dominguez v. Syntex Labs., Inc.,* 149 F.R.D. 158, 160 (S.D. Ind. 1993). But the same protection is also available before a suit is filed when litigation is anticipated.

The phrase "anticipation of litigation" appears in both Rule 26(b)(4) (pertaining to expert witnesses) and Rule 26(b)(3) (pertaining to general work

product). It has been broadly construed in both contexts. There is no requirement that litigation be certain or definite, but only that there is a "prospect of litigation." *In re Sinking of Barge "Ranger I" Casualty Near Galveston, Tex. on May 10, 1979*, 92 F.R.D. 486, 489 (S.D. Tex. 1981); *see also Hercules, Inc. v. Exxon Corp,* 434 F. Supp. 136, 151 (D. Del. 1977) (construing the phrase "anticipation of litigation" under FED. R. CIV. P. 26(b)(3)). "The fact that litigation may still be a contingency" does not render a work product privilege inapplicable "if the prospect of litigation is identifiable." *Hercules, Inc.*, 434 F. Supp. at 151. In *Hickman v. Taylor*, the Supreme Court held that the work product doctrine protects the work of a lawyer made "with an eye toward litigation." *Hickman v. Taylor,* 329 U.S. 495, 512 (1947). There is no requirement that a specific claim have actually arisen at the time, so long as there is a prospect that litigation is possible. *In re Sealed Case,* 146 F.3d 881, 885-87 (D.C. Cir. 1998).

Similarly, Rule 26(b)(4)(B) does not limit itself to any specific litigation, but instead protects the work of consulting experts "retained by a party in anticipation of *any* litigation." *Shipes v. BIC Corp.,* 154 F.R.D. 301, 309 (M.D. Ga. 1994) (emphasis added). The rule is not case specific. *Id.*

Accordingly, if a consulting expert is retained *after* an attorney is engaged, the privilege embodied in Rule 26(b)(4)(B) applies. Consequently, there is a likelihood of success on the merits in the Firms' appeal.

For the above reasons, it is likely that the Firms will prevail in this appeal to the District Court.

***4. Issuance of a Stay Would Not Harm the Public Interest.***

The public interest is fostered, not harmed, by the stay of an order requiring disclosure of allegedly privileged information pending an appeal to determine that core question. Society has an interest in permitting parties to engage consulting experts in preparation for litigation, and the denial of protection under the privilege in this cuts undercuts and undermines the integrity and smooth functioning of the underlying adversarial system. The public interest cannot be harmed by the issuance of a stay that postpones the discovery until the ultimate resolution of this issue on appeal to the District Court.

## CONCLUSION

For all of the foregoing reasons, the Law Firms respectfully request this Court to stay the Consulting Expert Orders and to award the Law Firms such other and further relief to which they may justly be entitled.

Dated: March 19, 2007

/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
E-mail: dkhogan@dkhogan.com

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**COUNSEL FOR THE LAW FIRMS**