IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Related Docket Nos.: 14853, 14903, 14905 |

### AMENDED[1] MOTION TO SHORTEN NOTICE WITH RESPECT TO THE EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND DAVID T. AUSTERN, COURT-APPOINTED LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS TO COMPEL PRODUCTION OF COMPLETE NAVIGABLE DATABASE

The Official Committee of Asbestos Personal Injury Claimants (the "ACC") and David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants (the "FCR"), by and through the undersigned counsel, hereby move, pursuant to Del. Bankr. LR 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Sections 102 and 105 of Title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an order shortening the time for notice (the "Motion") of the Emergency Motion of the Official Committee of Asbestos Personal Injury Claimants and David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants to Compel Production of Complete Navigable Database (the "Motion to Compel"), and for leave from this Court's Second Amended Order Establishing Case Management Procedures and Hearing Schedule [DI 14028] and the Amended Order Scheduling Omnibus Hearing Dates for 2007 [DI 14068] (the "Scheduling Orders") to allow the Motion to Compel to be heard during the April 2, 2007 omnibus hearing. In support of the Motion, the ACC and FCR respectfully represent as follows:

---

[1] The Motion has been Amended only to add related docket numbers to the caption and to submit a proposed form of order.

{D0081739.1 }

1.      The Motion to Compel seeks entry of an order, pursuant to Fed. R. Bankr. P. 7037, Fed. R. Civ. P. 37(a)(2)(B) and this Court's August 29, 2005 Case Management Order for the Estimation of Asbestos Personal Liabilities ("August 2005 CMO") (as amended), compelling the debtors-in-possession ("Debtors") to (i) compile the Personal Injury Questionnaire information -- including data taken from materials attached to the Personal Injury Questionnaire forms -- into a complete navigable database, and (ii) make the complete database available to all parties on April 13, 2007.

2.      As this Court is aware, many recipients of the Questionnaire responded by attaching documents to the questionnaire form, such as work history sheets, deposition excerpts, and medical records, and incorporated this material by reference into their Questionnaire responses.  The Debtors objected to this practice and the Court ultimately denied Debtors' motion and appropriately ruled that the questionnaires could be answered by attaching responsive documents.  The percentage of respondents who used attachments is significant.  According to Rust's most recent statistics, approximately 65% of all questionnaires returned have attachments of more than two pages.[2]

3.      At the February 26, 2007 hearing, counsel for the Debtors announced for the first time that, because of Rust's purported inability to process documents attached to the questionnaire forms, the Debtors had retained a supplemental claims processing agent to assist the Questionnaire review process and complete Rust's work.

4.      On March 13, 2007, the Debtors' filed the Certification of Counsel Regarding Order Amending Case Management Order for the Estimation of Asbestos Personal Injury Liabilities [DI 14853] (the "PI CMO COC").  The proposed Order Amending Case Management

---

[2] Rust's most recent database counts Federal Express receipts as an "attachment."  Therefore, to estimate a percentage of questionnaires with substantive materials attached, questionnaires with two or fewer pages were ignored.

{D0081739.1 }

2

Order for the Estimation of Asbestos Personal Injury Liabilities (the "Proposed PI CMO") provides that the Debtors' Claims Agent is to compile, by April 13, 2007 "the information contained in the Questionnaires and Supplemental Questionnaire responses received as of March 1, 2007, into a navigable database and make it available to the Debtors and any parties in the estimation proceedings, including those parties' experts and advisors." In addition, the Proposed PI CMO provides that "[a]ll parties seeking to call one or more experts to testify as to the number, amount, and value of present and future asbestos claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert" (the "Estimation Expert Reports"). Under the Proposed PI CMO, the ACC's and FCR's experts will have thirty-four (34) days from the date on which the "navigable database" is produced until the Estimation Expert Reports are due.

5.      Contrary to Debtors' long-standing obligations under the August 2005 CMO, however, counsel for the Debtors informed the ACC and FCR after the February 26, 2007 hearing that they will *not* make that portion of the navigable database derived from attachments available on April 13, 2007. The Debtors have not indicated when, if ever, they will make that portion of the navigable database available.

6.      In the PI CMO COC, the ACC and FCR expressly "reserve[d] the right to raise before the Court at the next available hearing date the issue of the nature, form and content of the 'navigable database' referred to in the attached Amended PI CMO and to seek appropriate relief with respect thereto. . ."

7.      The next scheduled omnibus hearing dates in these Chapter 11 proceedings are April 2, 2007 and May 2, 2007. Without relief from this Court's Scheduling Orders, the Motion to Compel would have to be scheduled for the May 2, 2007 hearing, which is only eight days before the deadline for the production of Estimation Expert Reports.

{D0081739.1}

8. Fed. R. Bankr. P. 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time . . . by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

9. Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware provides that "[n]o motion will be scheduled on less notice that required by these Rules or the Fed.R.Bankr.P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. The Court will rule on such motion promptly without need for a hearing."

10. In this case, exigencies and good cause exist to justify shortened notice. First, the deadlines contemplated under Proposed PI CMO contemplate a period of thirty-four days for the experts to review the "navigable database" and prepare the Estimation Expert Reports. If the Motion to Compel is not heard until the May 2, 2007 hearing, the timelines anticipated under the Proposed PI CMO will be negatively impacted in that the ACC's and FCR's experts will only have eight days to review the navigable database prior to the deadline for the production of what is really the most important deadline, the Estimation Expert Reports. Hearing the Motion to Compel during the April 2, 2007 hearing will allow the other deadlines contained in the Proposed PI CMO to remain and will provide the experts with the time periods anticipated in the Proposed PI CMO.

11. Furthermore, the Motion to Compel is only directed to the Debtors, who have been aware of this issue since, frankly, even before the ACC and FCR were aware. The ACC, FCR and the Debtors have tried to resolve their differences over the navigable database, but have been unable to do so. The Motion to Compel does not present a complicated issue of fact or law and can be addressed in relatively short order.

12.	Notice of this Motion has been provided to: (a) Office of the United States Trustee; (b) counsel to each of the Official Committees; (c) the Debtors; and (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002.  Counsel for the ACC and FCR submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Official Committee of Asbestos Personal Injury Claimants and David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants respectfully request the entry of an order shortening the notice period as set forth herein, establishing March 23, 2007 at 5:00 p.m. as the objection deadline for the Motion to Compel, scheduling a hearing on the Motion to Compel for the April 2, 2007 omnibus hearing; and granting such other and further relief as is just and equitable.

Dated: March 19, 2007

| | |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE LLP | CAMPBELL & LEVINE, LLC |
| */S/ Debra Felder*_____ | */S/ Mark Hurford*_____ |
| Roger Frankel | Marla R. Eskin (#2989) |
| Richard H. Wyron | Mark T. Hurford (#3299) |
| Raymond G. Mullady, Jr. | 800 King Street, Suite 300 |
| Debra L. Felder | Wilmington, DE 19801 |
| 3050 K Street, NW | Telephone: (302) 426-1900 |
| Washington, DC 20007 | |
| Telephone: (202) 339-8400 | Elihu Inselbuch |
| | CAPLIN & DRYSDALE, CHARTERED |
| John Ansbro | 375 Park Avenue, 35th Floor |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | New York, NY 10152-3500 |
| 666 Fifth Avenue | Telephone: (212) 319-7125 |
| New York, N.Y. 10103-0001 | |
| Telephone: (212) 506-5000 | Peter Van N. Lockwood |
| | Nathan D. Finch |
| John C. Phillips, Jr. (#110) | James P. Wehner |
| PHILLIPS, GOLDMAN & SPENCE, P.A. | CAPLIN & DRYSDALE, CHARTERED |
| 1200 North Broom Street | One Thomas Circle, NW |
| Wilmington, DE 19806 | Washington, DC 20005 |
| Telephone: (302) 655-4200 | Telephone: (202) 862-5000 |
| *Counsel for David T. Austern,* | *Counsel for the Official Committee of* |
| *Future Claimants' Representative* | *Asbestos Personal Injury Claimants* |

{D0081739.1}

6