IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**MOTLEY RICE CLAIMANTS' MOTION IN LIMINE
TO EXCLUDE TESTIMONY OF DEBTOR W.R. GRACE'S
EXPERT RICHARD J. LEE, PH.D.**

Pursuant to the Federal Rules of Evidence ("F.R.E.") 702 and 703, Claimants' Counsel respectfully moves this Court for an Order *in limine* to exclude testimony of Debtor W.R. Grace's Expert Richard J. Lee, Ph.D. Claimants' counsel moves to exclude Dr. Richard J. Lee from offering an opinion regarding all Motley Rice Claimants[1]. Specifically, Claimants' counsel moves this Court to preclude Dr. Lee's testimony regarding whether a W.R. Grace product is or was actually present in the Claimants' buildings at issue. When Claimants' counsel posed questions to Dr. Lee about the Motley Rice Claimants' buildings at his February 14, 2007 deposition, Dr. Lee testified that he could not opine one way or the other, or with certainty that a Grace product was, or was not in Claimants' buildings. Dr. Lee based his opinion throughout this portion of his testimony on insufficient information in general for all four of Motley Rice Claimants' buildings. *See* Exhibit "A" Pages 4-55 of February 14, 2007 Deposition of Richard J. Lee, Ph.D. *See also* Exhibit "B" Appendix B of Dr. Lee's January 17, 2007 Product Identification Report indicating insufficient data and/or not inconsistent with Grace Formula for the Motley Rice Claimants at issue.

---

[1] Specifically, four (4) Motley Rice Claimants remained at issue and were referenced at Dr. Lee's February 14, 2007 Deposition: Claim Number 3406, American Legion; Claim Number 3515, Catholic Diocese of Little Rock; Claim Number 2977, Cherry Hill Plaza (CHP); and Claim Number 6941, WSU Daggy Hall.

1

Because Mr. Lee's February 14, 2007 testimony indicates that he is not prepared to opine one way or the other that a W.R. Grace product is, or is not, in the Motley Rice Claimants' buildings, Dr. Lee's anticipated trial testimony is irrelevant and fails to aid the Court as to the product identification at issue in the April 23, 2007 trial scheduled regarding W.R. Grace product identification.  Further, his testimony adds no specialized or first hand knowledge regarding the W.R. Grace products in the Motley Rice Claimants' buildings.  Thus, Debtor should not be permitted to use his testimony.

F.R.E. 702 allows an expert to testify if his scientific, technical, or other specialized knowledge will assist the Court to understand the evidence or to determine a fact in issue.  F.R.E. 702 requires that such testimony satisfy three separate relevance and reliability standards: (1) expert testimony must be based upon sufficient facts or data, (2) expert testimony must be the product of reliable principles and methods, and (3) the expert witness must have applied the principles and methods reliably to the facts of the case. (F. R. E. 702).

Dr. Lee's anticipated testimony fails to meet the threshold requirements for expert testimony in this litigation. Rule 702 requires the proponent of expert testimony to establish by a preponderance of the evidence that the witness is qualified, that the testimony is reliable, and that the opinions will assist the trier of fact. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 592-93 & n.10 (1993). These requirements apply to all types of expert testimony, including to the opinions of Dr. Lee (regarding whether or not Claimants provided evidence of W.R. Grace products in various Claimants' buildings). *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147-48 (1999).

Under *Daubert* and *Kumho Tire,* trial courts must perform a "rigorous gatekeeping function" with respect to expert testimony. *Elcock v. K-mart Corp.,* 233 F.3d 734, 744 (3d Cir. 2000). Accordingly, this Court must carefully assess Dr. Lee's proffered testimony to ensure that

it meets the standards of Rule 702.  Dr. Lee's anticipated testimony that he has insufficient data and/or that the products used in Claimants' buildings at issue were not inconsistent with Grace Formula, fails to satisfy specialized knowledge that will assist the Court to understand the evidence at issue.  It is well-settled that to be admissible, expert testimony must be not only reliable, but helpful to resolve an issue in the case. *See, e.g.*, In re Brand Name Prescription Drugs Antitrust Litig., 186 F.3d 781, 786 (7th Cir. 1999).  Because Dr. Lee cannot opine one way or another as to whether W.R. Grace product was in the Claimants' buildings at issue in this litigation, his opinion is not helpful in resolving the product identification issues set for trial on April 23, 2007.

**Conclusion**

At the end of the day, Dr. Lee's testimony will not assist the Court in determining the facts at issue. Debtor should therefore, not be permitted to offer Dr. Lee's testimony for the Product Identification phase of the trial.   For the reasons stated above, Claimants respectfully request the Court to enter an Order to exclude Dr. Lee's testimony.  In the alternative, if this Court determines that Dr. Lee's testimony is relevant as to product identification in Claimants' cases, Claimants move this Court for an order prohibiting Dr. Lee from offering opinions beyond those offered during his February 14, 2007 deposition and noted in his January 17, 2007 Report.

Dated:  March 20, 2007.

                Respectfully Submitted by:

                JASPAN SCHLESINGER HOFFMAN LLP

                /s/ Laurie Schenker Polleck
                Laurie Schenker Polleck, Esquire (No. 4300)
                913 N. Market Street, 12th Floor
                Wilmington, Delaware 19801
                Telephone: (302) 351-8000
                Facsimile: (302) 351-8010

And

MOTLEY RICE LLC

/s/

Anne McGinness Kearse
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
Telephone: (843) 216-9140
Facsimile: (843) 216-9440
E-mail: akearse@motleyrice.com