IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

FILED
2007 MAR 20 AM 9: 21
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |

Hearing Date: April 9, 2007
Pittsburgh, PA
Response Date: March 19, 2007
Related Docket No. 9315

# DEBTORS' MOTION AND MEMORANDUM FOR AN ORDER PURSUANT TO F.R.B.P. 7056 DISALLOWING AND EXPUNGING ELEVEN (11) PROPERTY DAMAGE CLAIMS BARRED BY STATUTES OF REPOSE IN MINNESOTA, NORTH CAROLINA, IOWA AND TENNESSEE

Claim No. 12780

Claimant:	First Presbyterian Church
 	516 12th Street
 	P.O. Box 425
 	Dawson, MN 56232
 	Telephone 320-769-4520

Contact Person:	Lyle Schutte
 	Telephone	320-769-2395
 	FAX	320-769-2055

*Attached please find the First Presbyterian Church response to Debtors' motion and memorandum.*

*Lyle D. Schutte, Treasurer*
*First Presbyterian Church*
*March 16, 2007*

ASBESTOS PROPERTY DAMAGE CLAIMS

CLAIM NO. 12780

FIRST PRESBYTERIAN RESPONSE TO:

**DEBTORS' MOTION AND MEMORANDUM FOR AN ORDER PURSUANT TO F.R.B.P 7056 DISALLOWING AND EXPUNGING ELEVEN (11) PROPERTY DAMAGE CLAIMS BARRED BY STATUTES OF REPOSE IN MINNESOTA, <u>NORTH CAROLINA, IOWA AND TENNESSEE</u>**

The First Presbyterian Church (Church) objects to the Debtors' Motion and Memorandum Disallowing and Expunging the Church's Claim No. 12780 because Minnesota's statute of repose is unconstitutional.
Attached please find Minnesota case cited as: _Brink v. Smith Companies Construction, Inc., et al _, 703 N.W. 2d 871, (Minn.App. 2005).

📄 West Reporter Image (PDF)

703 N.W.2d 871

Court of Appeals of Minnesota.
Richard E. BRINK, Plaintiff,
v.
SMITH COMPANIES CONSTRUCTION, INC., defendant and third party plaintiff, Appellant,
v.
D.A. Distribution, Inc., d/b/a Coronado Stone, third party defendant, Respondent,
Northwest Builders, Inc., et al., Third Party Defendants,
Station 19 Architects, third party defendant, Respondent.
No. A05-5.
Sept. 27, 2005.
Review Denied Dec. 21, 2005.

**Background:** Home owner sued general contractor under statutory warranties for failure to construct townhouse in a workmanlike manner resulting from water intrusion. General contractor brought third-party claims for indemnity and contribution against subcontractors. Subcontractors moved for summary judgment on grounds the claims were barred by statute of repose. The District Court, Ramsey County, Salvador Rosas, J., entered judgment for subcontractors. General contractor appealed on grounds repose statute was unconstitutional as applied.

**Holding:** The Court of Appeals, Hudson, J., held that ten to twelve-year statute of repose for improvements to real estate was unconstitutional as applied to general contractor's claims for indemnity and contribution against subcontractors.

Reversed.

West Headnotes

[1] KeyCite Notes 

⇐30 Appeal and Error
  ⇐30XVI Review
    ⇐30XVI(F) Trial De Novo
      ⇐30k892 Trial De Novo
        ⇐30k893 Cases Triable in Appellate Court
          ⇐30k893(1) k. In General. Most Cited Cases

Evaluation of a statute's constitutionality is a question of law subject to de novo review.

[2] KeyCite Notes 

⇐92 Constitutional Law
  ⇐92II Construction, Operation, and Enforcement of Constitutional Provisions
    ⇐92k44 Determination of Constitutional Questions
      ⇐92k48 Presumptions and Construction in Favor of Constitutionality
        ⇐92k48(1) k. In General. Most Cited Cases

Appellate courts presume that Minnesota statutes are constitutional, and the power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary.

[3] KeyCite Notes 

⇌92 Constitutional Law
　⇌92II Construction, Operation, and Enforcement of Constitutional Provisions
　　⇌92k44 Determination of Constitutional Questions
　　　⇌92k48 Presumptions and Construction in Favor of Constitutionality
　　　　⇌92k48(3) k. Doubtful Cases; Construction to Avoid Doubt. Most Cited Cases

A party who challenges a Minnesota statute as unconstitutional bears the burden of establishing beyond a reasonable doubt that the statute violates some constitutional provision.

[4] KeyCite Notes 

⇌241 Limitation of Actions
　⇌241I Statutes of Limitation
　　⇌241I(B) Limitations Applicable to Particular Actions
　　　⇌241k18 k. Particular Forms of Action. Most Cited Cases

Strict construction is appropriate in interpreting statute of repose limiting actions for damages based on services or construction to improve real property. M.S.A. § 541.051.

[5] KeyCite Notes 

⇌92 Constitutional Law
　⇌92XII Due Process of Law
　　⇌92k251 k. Constitutional Guaranties in General. Most Cited Cases

Minnesota's due-process clause is identical in scope with the federal clause. U.S.C.A. Const.Amend. 14; M.S.A. Const. Art. 1, § 7.

[6] KeyCite Notes

⇌106 Courts
　⇌106II Establishment, Organization, and Procedure
　　⇌106II(G) Rules of Decision
　　　⇌106k88 Previous Decisions as Controlling or as Precedents
　　　　⇌106k92 k. Dicta. Most Cited Cases

Dictum, if it contains an expression of the opinion of the court, is entitled to considerable weight.

[7] KeyCite Notes 

⇌106 Courts
　⇌106II Establishment, Organization, and Procedure
　　⇌106II(G) Rules of Decision
　　　⇌106k88 Previous Decisions as Controlling or as Precedents
　　　　⇌106k92 k. Dicta. Most Cited Cases

Dictum is divided into two categories: judicial dictum and obiter dictum.

[8] KeyCite Notes

⇨106 Courts
  ⇨106II Establishment, Organization, and Procedure
    ⇨106II(G) Rules of Decision
      ⇨106k88 Previous Decisions as Controlling or as Precedents
        ⇨106k92 k. Dicta. Most Cited Cases

Judicial dictum involves a court's expression of its opinion on a question directly involved and argued by counsel though not entirely necessary to the decision.

[9] KeyCite Notes

⇨106 Courts
  ⇨106II Establishment, Organization, and Procedure
    ⇨106II(G) Rules of Decision
      ⇨106k88 Previous Decisions as Controlling or as Precedents
        ⇨106k92 k. Dicta. Most Cited Cases

Judicial dictum constitutes an expression emanating from the judicial conscience.

[10] KeyCite Notes

⇨106 Courts
  ⇨106II Establishment, Organization, and Procedure
    ⇨106II(G) Rules of Decision
      ⇨106k88 Previous Decisions as Controlling or as Precedents
        ⇨106k92 k. Dicta. Most Cited Cases

Judicial dictum is entitled to much greater weight than mere obiter dictum and should not be lightly disregarded.

[11] KeyCite Notes

⇨92 Constitutional Law
  ⇨92XII Due Process of Law
    ⇨92k304 Civil Remedies and Proceedings
      ⇨92k308 k. Limitation or Suspension of Remedy. Most Cited Cases

⇨92 Constitutional Law KeyCite Notes
  ⇨92XIII Right to Justice and Remedies for Injuries
    ⇨92k321 k. Constitutional Guaranties in General. Most Cited Cases

⇨241 Limitation of Actions KeyCite Notes
  ⇨241I Statutes of Limitation
    ⇨241I(A) Nature, Validity, and Construction in General
      ⇨241k4 Validity of Statutes
        ⇨241k4(2) k. Constitutionality of Statute. Most Cited Cases

Ten to twelve-year statute of repose limiting contribution and indemnity claims for services or construction to improve real estate was unconstitutional, as applied to general contractor's third-party action against subcontractors after homeowner sued general contractor for breach of statutory warranties covering water intrusion, for violating contractor's due process rights and right to a remedy; statutory warranties were exempt from repose statute allowing homeowner to sue general contractor while barring contractor from seeking contribution and indemnity from subcontractors, and statute of repose gave general contractor no time to assert its rights against subcontractors. U.S.C.A. Const.Amend. 14; M.S.A. Const. Art. 1, §§ 7, 8; M.S.A. § 541.051.

[12] KeyCite Notes

⇒30 Appeal and Error
  ⇒30V Presentation and Reservation in Lower Court of Grounds of Review
    ⇒30V(A) Issues and Questions in Lower Court
      ⇒30k170 Nature or Subject-Matter of Issues or Questions
        ⇒30k170(2) k. Constitutional Questions. Most Cited Cases

General contractor waived for appellate review issue of whether ten to twelve-year statute of repose for services or construction to improve real property was unconstitutional on equal protection grounds, where issue was raised for first time on appeal. M.S.A. § 541.051.

West Codenotes

Unconstitutional as Applied

M.S.A. § 541.051

*873 Syllabus by the Court

When a party is sued for breach of statutory warranty and is completely foreclosed from asserting third-party claims for contribution and indemnity by the statute of repose under Minn.Stat. § 541.051, subd. 1(a) (2002), the statute of repose violates the party's due-process rights under the federal and state constitutions and its right to a remedy under the state constitution.

Timothy P. Tobin, Kathleen M. Loucks, Timothy J. Crocker, Gislason & Hunter, LLP, Minnetonka, MN, for appellant.
Richard M. Schultz, Circle Pines, MN, for respondent D.A. Distribution, Inc.
Mark Bloomquist, Kristine A. Kubes, Jenneane L. Jansen, Meagher & Geer, P.L.L.P., Minneapolis, MN, for respondent Station 19 Architects.

Considered and decided by STONEBURNER, Presiding Judge; WILLIS, Judge; and HUDSON, Judge.

**OPINION**

HUDSON, Judge.
Appellant, a general contractor, challenges the district court's grant of summary judgment for respondents, who are subcontractors, which dismissed appellant's third-party claims for contribution and indemnity asserted against respondents. Appellant brought its third-party claims in February 2003 after it was sued for breach of warranty in December 2002. The district court concluded that the statute of repose in Minn.Stat. § 541.051, subd. 1(a) (2002), barred appellant's third-party claims.

Appellant argues that application of the statute to bar its third-party claims is a violation of its constitutional rights to due process and a remedy. Because we conclude that the statute of repose, as applied to the facts of this case, unconstitutionally violates appellant's rights to due process and a remedy, we reverse.

## FACTS

The facts in this case are undisputed. On June 2, 1989, the City of White Bear Lake issued a certificate of occupancy for a townhouse owned by appellant Smith Companies Construction, Inc. (Smith) and subsequently purchased by plaintiff Richard Brink. On December 27, 2002, plaintiff sued Smith under Minn.Stat. § 327A.02 (2002), alleging that the townhouse was not constructed in a workmanlike manner and was in violation of statutory warranties because of water intrusion. On February 3, 2003, Smith filed third-party actions for contribution and indemnity against various subcontractors, including respondents D.A. Distribution, Inc., d/b/a Coronado Stone, and Station 19 Architects. Respondents moved for summary judgment, arguing that Smith's claims were barred by the statute of repose *874 contained in Minn.Stat. § 541.051, subd. 1(a) (2002). Smith opposed the motions for summary judgment on the ground that subdivision 1(a) is unconstitutional as applied.

The district court granted respondents' motions for summary judgment. This appeal follows. Respondents have also made a joint motion to strike portions of Smith's reply brief.

## ISSUES

1. Does Minn.Stat. § 541.051, subd. 1(a) (2002), unconstitutionally infringe on Smith's due-process rights and its right to a remedy?

2. Should respondents' joint motion to strike portions of Smith's reply brief be granted?

## ANALYSIS

Summary judgment may be granted if the pleadings, depositions, interrogatory answers, admissions, and affidavits reveal that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. In an appeal from a grant of summary judgment, appellate courts determine if there are any genuine issues of material fact and if the lower court erred in its application of the law. *N. States Power Co. v. Minn. Metro. Council*, 684 N.W.2d 485, 491 (Minn.2004).

I

[1] [2] [3] [4] Smith contends that Minn.Stat. § 541.051 (2002) is unconstitutional as applied to the facts of this case, and specifically that Minn.Stat. § 541.051, subd. 1(a), violates its due-process rights under the United States and Minnesota constitutions and its right to a remedy under the Minnesota constitution.[FN1] Our evaluation of a statute's constitutionality is a question of law subject to de novo review. *Hamilton v. Comm'r of Pub. Safety*, 600 N.W.2d 720, 722 (Minn.1999). We presume that Minnesota statutes are constitutional, and "our power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989). "A party who challenges a Minnesota statute as unconstitutional bears the burden of establishing beyond a reasonable doubt that the statute violates some constitutional provision." *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 453 (Minn.1988). In addition, "[s]trict construction is appropriate in interpreting this statute." *Ritter v. Abbey-Etna Mach. Co.*, 483 N.W.2d 91, 93 (Minn.App.1992), *review denied* (Minn. Jun. 10, 1992).

FN1. Minn.Stat. § 541.051, subd. 4, was amended in 2004. 2004 Minn. Laws ch. 196, § 1. Because the dispute leading to this appeal arose before the amendment was operative, and because the amendment would impact this appeal, we apply the 2002 version of the statute in this appeal. See *Interstate Power Co. v. Nobles County Bd. of Comm'rs,* 617 N.W.2d 566, 575 (Minn.2000) (observing that appellate courts are to apply the law in effect at the time of judgment, with the exception of "when rights affected by the amended law were vested before the change in the law").

[5] Further, the state and federal due-process clauses provide that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7. Minnesota's due-process clause is identical in scope with the federal clause. *Sartori,* 432 N.W.2d at 453. Additionally, the Minnesota Constitution provides that "[e]very person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive to his person, property or character." Minn. Const. art. I, § 8.

*875 Minn.Stat. § 541.051 applies a two-year statute of limitations and a ten-year statute of repose on claims seeking damages based on services or construction to improve real property. *Id.,* subd. 1. The provision provides that claims may not be brought "more than two years after discovery of the injury or, in the case of an action for contribution or indemnity, accrual of the cause of action, nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction." *Id.* Construction is substantially completed on the date the owner "can occupy or use the improvement for the intended purpose." *Id.* For purposes of the statute of limitations and statute of repose, "a cause of action accrues upon discovery of the injury or, in the case of an action for contribution or indemnity, upon payment of a final judgment, arbitration award, or settlement arising out of the defective and unsafe condition." *Id.,* subd. 1(b). We have concluded that Minn.Stat. § 541.051 applies to contribution and indemnity claims. *Weston v. McWilliams & Assocs.,* 694 N.W.2d 558, 564 (Minn.App.2005), *review granted sub nom. McWilliams v. Tappe Constr.* (Minn. June 28, 2005).

If a cause of action accrues in the ninth or tenth year after substantial completion of the construction, the action may be brought within two years from the date the action accrued, "but in no event may an action be brought more than 12 years after substantial completion of the construction." *Id.,* subd. 2. In other words, the statute provides a 10- to 12-year statute of repose for most construction-related claims.

Plaintiff sued Smith for breach of statutory warranties under Minn.Stat. § 327A.02 (2002). At the time of the lawsuit, Minn.Stat. § 541.051, subd. 4, exempted actions brought under section 327A.02 from the 10- to 12-year statute of repose. See Minn.Stat. § 541.051, subd. 4 ("This section shall not apply to actions based on breach of the statutory warranties set forth in section 327A.02 ... provided such actions shall be brought within two years of the discovery of the breach."). Therefore, although plaintiff sued Smith under section 327A.02 more than 13 years after the certificate of occupancy was issued, plaintiff's cause of action was not barred by the statute of repose. See *Id.;* see also *Koes v. Advanced Design, Inc.,* 636 N.W.2d 352, 359 (Minn.App.2001) ("[T]here is no other reference to any statute of repose that limits the time in which a cause of action must be brought for breach of warranty under § 327A.02."), *review denied* (Minn. Feb. 19, 2002). But because Smith's third-party claims against respondents were for contribution and indemnity, the actions were subject to both the two-year statute of limitations *and* the 10- to 12-year statute of repose, which served to bar the claims See Minn.Stat. § 541.051, subd. 1(a); *Weston,* 694 N.W.2d at 564. Accordingly, Smith argues that because the statute of repose as applied foreclosed its third-party claims before they accrued, Minn.Stat. § 541.051, subd. 1(a), violates its due-process rights under the state and federal constitutions and its right to a remedy under the state constitution.

Smith relies on *Calder v. City of Crystal,* 318 N.W.2d 838 (Minn.1982). *Calder* involved a lawsuit by city residents against the City of Crystal because of a defective water drainage system. *Id.* at 839. Fifteen months after it was sued, and one month after an amended version of Minn.Stat. § 541.051 took effect, the city brought contribution and indemnity claims against the designers and installers of

the sewer system. *Id.* at 839-40. The supreme court concluded that the amended statute did not violate the equal-protection **876* clause. *Id.* at 843.[FN2] The supreme court also determined that the city's due-process rights and its right to a remedy were not violated because it had 14 months to sue third parties for contribution and indemnity before the statute of repose became effective to bar the third-party suit. *Id.* at 844.

> FN2. The supreme court had previously concluded that an earlier version of Minn.Stat. § 541.051 violated the equal-protection clause. *Pac. Indem. Co. v. Thompson-Yaeger, Inc.*, 260 N.W.2d 548, 555 (Minn.1977). The legislature then amended the statute in 1980 to cure that constitutional defect. *Calder*, 318 N.W.2d at 843.

Although the *Calder* court did not find Minn.Stat. § 541.051 to be unconstitutional, it observed that the statute could be invalid under a different fact pattern:

If the city were barred by the statute of limitations from having a reasonable time to join third parties for contribution or indemnity, the statute would not fulfill due process requirements under our constitution. We are not required, in deciding this case, to indicate what such a reasonable time limitation should be, *but a statute which does not allow any time whatever is clearly unconstitutional.* However, in this case, the city was aware of the injury long before it was sued. It had 14 months after being sued in which to join these third parties.... Thus, it cannot be said that the city was denied an effective remedy by a procedural statute.

*Id.* (emphasis added) (citation omitted). Here, Smith had no opportunity to assert its contribution and indemnity claims against respondents because of the statute of repose, and therefore, Smith argues, Minn.Stat. § 541.051 is unconstitutional as applied. *See also Bulau v. Hector Plumbing & Heating Co.,* 402 N.W.2d 528, 530-31 (Minn.1987) (citing *Calder* but holding that then-effective version of Minn.Stat. § 541.051 lawfully barred subcontractor's contribution claim against contractor because subcontractor had approximately six months to bring claim before statute of limitations expired); *Minn. Landmarks v. M.A. Mortenson Co.,* 466 N.W.2d 413, 415 (Minn.App.1991) (stating that "[t]he legislative purpose of [Minn.Stat. § 541.051] would commonly be frustrated if third-party defendants could then bar the contribution and indemnity claim by raising a statute of limitations defense against plaintiff which was unavailable to third-party plaintiff"), *review denied* (Minn. May 10, 1991).

On the other hand, respondents contend that: (1) the supreme court's decision in *Sartori*-concluding that Minn.Stat. § 541.051 does not violate the due-process or remedies clauses-is dispositive; and (2) *Calder* and its progeny uniformly hold that Minn.Stat. § 541.051 is constitutional and any language to the contrary is dictum, which is not binding on this court. *See Pecinovsky v. AMCO Ins. Co.,* 613 N.W.2d 804, 808 (Minn.App.2000) ("Dicta are expressions in a court's opinion that go beyond the facts before the court and therefore are the individual views of the author of the opinion and not binding in subsequent cases." (quotation omitted)), *review denied* (Minn. Sept. 26, 2000).

After careful review of the statute and the unique circumstances of this case, we find appellant's position to be the more persuasive. We first note that respondents' reliance on *Sartori* is misplaced. In *Sartori*, two plaintiffs working in a mine facility were seriously injured by the operation of an overhead rail crane. 432 N.W.2d at 450. The crane was installed at the mine facility more than 18 years before the plaintiffs were injured. *Id.* at 451.[FN3] The **877* plaintiffs sued the crane's manufacturer for damages and the supreme court concluded that the statute of limitations and statute of repose in Minn.Stat. § 541.051 (1980) applied to bar the claims. *Id.* at 453. The supreme court also concluded that the statute did not violate the state constitution's remedies clause because the plaintiffs had a remedy: they could bring an action against the owners of the mine facility on a negligent-inspection theory. *Id.* at 454. The court also noted that the plaintiffs could seek workers' compensation benefits. *Id.*

> FN3. At the time of the lawsuit, Minn.Stat. § 541.051 (1980) contained a statute of repose of 15 years. *Sartori*, 432 N.W.2d at 451.

The supreme court further concluded that the statute did not violate due process because the legislature pursued legitimate objectives when it enacted the statute of repose, such as ensuring that subcontractors will not be sued long after they design and install improvements to real property and protecting against the unavailability of witnesses and a lack of adequate records surrounding a stale claim. *Id.*

Although respondents correctly observe that *Sartori* interpreted Minn.Stat. § 541.051 in the specific context of a constitutional challenge on due-process and remedies-clause grounds, just as we are called upon to do here, the facts in *Sartori* are materially different from those presented in this case. Significantly, the supreme court in *Sartori* only considered a claim for damages by injured plaintiffs against a crane manufacturer; this case additionally involves third-party contribution and indemnity claims. Moreover, *Calder* makes clear that a statute of limitations or repose that provides *no* time for a third-party claim for contribution or indemnity would violate the due-process and remedies clauses. 318 N.W.2d at 844.

We further observe that application of the statute of repose to bar Smith's third-party claims would not fulfill the reasonable legislative objective enunciated in *Sartori* because the result would be to allow a stale claim to be asserted against Smith, while simultaneously precluding Smith from seeking contribution and indemnity against those it asserts are actually responsible for plaintiff's damages. Accordingly, we do not read *Sartori* as precluding a holding that the statute of repose is unconstitutional as applied to Smith.

We similarly reject respondent's position that *Calder* is inapplicable here. To the contrary, we believe that *Calder* is entitled to considerable weight because post-*Sartori* cases, such as *Minnesota Landmarks*, have cited *Calder* favorably. *See* Minn. Landmarks, 466 N.W.2d at 416; *see also* Brua v. Olson, 621 N.W.2d 472, 475 (Minn.App.2001) (" 'We do not believe the legislature can pass a statute allowing a substantive remedy and yet, by adopting a procedural statute of limitations, make the remedy impossible to achieve and meaningless by barring the suit from being brought before it has matured.' " (quoting *Calder,* 318 N.W.2d at 843)), *review denied* (Minn. Mar. 27, 2001).

[6] [7] [8] [9] [10] Moreover, the *Calder* language describing fact situations in which § 541.051 would be unconstitutional, although dictum, is particularly compelling, if not dispositive, in this case. It is well settled that "dictum, if it contains an expression of the opinion of the court, is entitled to considerable weight." *In re Estate of Bush,* 302 Minn. 188, 207, 224 N.W.2d 489, 501 (1974). Dictum is divided into two categories: judicial dictum and obiter dictum. Judicial dictum involves a court's expression of its "opinion on a question directly involved and argued by counsel though not entirely necessary to the decision." *State v. Rainer,* 258 Minn. 168, 177, 103 N.W.2d 389, 396 (1960). Put another way, judicial dictum constitutes "an expression emanating from the judicial *878 conscience." *Id.* at 178, 103 N.W.2d at 396. Obiter dictum is simply Latin for "something said in passing." *Black's Law Dictionary* 1100 (7th ed.1999). Judicial dictum is entitled "to much greater weight than mere obiter dictum and should not be lightly disregarded." *Rainer,* 258 Minn. at 177, 103 N.W.2d at 396.

[11] The supreme court in *Calder* dealt with two issues: (1) whether Minn.Stat. § 541.051 applied to bar the City of Crystal's contribution and indemnity actions; and (2) if so, whether the statute was unconstitutional as a denial of equal protection, due process, or remedies. 318 N.W.2d at 840, 843. There can be no dispute that the issue of the constitutionality of section 541.051 was specifically raised and argued by counsel in *Calder. Id.* at 843-44 ("The city urges that Minn.Stat. § 541.051 (1980) contravenes Minn. Const. art. 1, § 8, as well as the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution because the statute abrogates a common law right of action without providing a reasonable substitute."). Thus the dictum expressed the supreme court's opinion on a question directly involved and argued by counsel. The dictum was not absolutely necessary to the supreme court's decision only because the city had 14 months to assert its contribution and indemnity claims before running afoul of the statute of repose. *Id.* at 844. Because the supreme court stated its view in unequivocal language, and post-*Sartori* cases have cited this language, we give considerable weight to *Calder's* judicial dictum.

Finally, respondents contend that, like the plaintiffs in *Sartori*, Smith possessed an effective remedy: it could have negotiated express warranties with subcontractors extending or abolishing the statute of repose before commencement of the project. According to respondents, if Smith had negotiated these express warranties, it could have brought its third-party contribution and indemnity claims. But respondents' argument does not specifically address the application of the remedies clause. We acknowledge that an ounce of prevention may be worth a pound of cure, but there is a difference between a preventative measure and a remedy under the state constitution. While it is true that demanding warranties from the subcontractors may have prevented Smith from being in its current position, the opportunity for such prevention is not a remedy. Additionally, we observe that Smith's predicament-being unable to enforce its third-party rights despite promptly moving to protect those rights in February 2003, a mere two months after plaintiff's initial lawsuit in December 2002-violates traditional notions of fairness and equity.

Following the rationale and judicial dictum in *Calder* and based on the unique facts of this case, we conclude that the statute of repose contained in Minn.Stat. § 541.051, subd. 1(a), as applied to Smith's third-party claims, unconstitutionally deprives Smith of its due-process rights under the federal and state constitutions and its right to a remedy under the state constitution.

Because of a recent legislative amendment, the fact scenario presented by this case will likely not be repeated in the future. In 2004, the legislature amended Minn.Stat. § 541.051, subd. 4, which previously provided that the 10-to 12-year statute of repose did not apply to actions based on Minn.Stat. § 327A.02. See 2004 Minn. Laws ch. 196, § 1. Thus, actions for breach of warranties provided under section 327A.02 that are commenced after the effective date of the 2004 amendment are subject both to the two-year statute of limitations-beginning at the point when the breach was discovered-and the statute *879 of repose in subdivisions 1 and 2. See Minn.Stat. § 541.051, subd. 4 (2004). As a result of the 2004 amendment, general contractors sued for breach of statutory warranties in the future will not face Smith's conundrum because the initial lawsuit, if brought more than 12 years after substantial completion of the construction, will be barred by the statute of repose.

II

[12] Smith's reply brief contains a section arguing that Minn.Stat. § 541.051 is unconstitutional on equal-protection grounds. Respondents filed a joint motion to strike this portion of the brief on the grounds that appellant raised this argument for the first time on appeal and in a reply brief. Generally, this court will not consider matters not argued and considered in the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). Additionally, a "reply brief must be confined to new matter raised in the brief of the respondent." Minn. R. Civ.App. P. 128.02, subd. 3. There is no evidence in the record that appellant raised an equal-protection challenge to the statute before the district court, and respondents did not affirmatively raise the issue in their briefs. We therefore grant the motion to strike and decline to address Smith's equal-protection argument.

## DECISION

Because application of the statute of repose in Minn.Stat. § 541.051, subd. 1(a) (2002), violates Smith's due-process rights and its right to a remedy, we reverse the district court's grant of summary judgment to respondents. We emphasize that the statute of repose found in Minn.Stat. § 541.051, subd. 1(a), is unconstitutional only as applied to Smith's third-party contribution and indemnity claims. We grant respondents' joint motion to strike portions of Smith's reply brief.

**Reversed; motion granted.**

Minn.App.,2005.
**Brink v. Smith Companies** Const., Inc.
703 N.W.2d 871