AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Connecticut _____

In re W.R. Grace & Co., et al.

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  01-01139 (JKF) (Bankr. D. Del.)

TO:  Early Ludwick & Sweeney LLC a/k/a  Early Ludwick
Sweeney & Strauss LLC
265 Church Street, 11th Floor
New Haven, CT  06508-1866

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Early Ludwick & Sweeney LLC, 265 Church Street, 11th Floor, New Haven, CT  06508-1866 | DATE AND TIME  5/4/2007 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A for description of documents and things to be produced.

| PLACE   Early Ludwick & Sweeney LLC, 265 Church Street, 11th Floor, New Haven, CT  06508-1866 | DATE AND TIME  4/20/2007 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Amanda C. Basta* | 3/16/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Amanda C. Basta, Kirkland & Ellis, LLP, 655 Fifteenth Street, NW,  Washington, D.C.  20005, Counsel for Debtors.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

© 1988 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

UNITED STATES DISTRICT COURT
**COURT**  DISTRICT OF CONNECTICUT

COUNTY OF _____

IN RE W.R. GRACE & CO., ET AL.,

*Plaintiff(s)*

*against*

*Defendant(s)*

*Index No.* 01-01139(JFK)(BANKR.D.DEL)

*AFFIDAVIT OF*
*SERVICE OF SUBPOENA*
IN A CIVIL CASE, TO TESTIFY AT
DEPOSITION AND PRODUCE DOCUMENTS
PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE 30(b) AND 45 WITH CD-ROM

STATE OF NEW YORK, COUNTY OF   NEW YORK   **SS:**   The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at   WAYNE, NEW JERSEY

That on   3/19/07   at   2:32P. M., at   265 CHURCH STREET, 11TH FLOOR, NEW HAVEN, CT 06508

deponent served the within subpoena on   EARLY LUDWICK & SWEENEY LLC A/K/A EARLY LUDWICK   witness therein named,

SEE ABOVE STATED DOCUMENTS   SWEENEY & STRAUSS LLC

**INDIVIDUAL**
**1.** ☐   by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said subpoena.

**CORPORATION**
**2.** ☒   a   DOMESTIC   corporation, by delivering thereat a true copy to   KRISTEN PHILLIPS
personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be
MANAGING AGENT   thereof.

**SUITABLE AGE PERSON**
**3.** ☐   by delivering thereat a true copy to   a person of suitable age
and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
**4.** ☐   by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE**
**USE WITH 3 OR 4**
**5A.** ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness at witness' last known residence, at   and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS**
**USE WITH 3 OR 4**
**5B.** ☐   Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to witness at witness' actual place of business, at   in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the witness.

**DESCRIPTION**
**USE WITH 1, 2, OR 3**
☒

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☒ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☒ Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $ 40.00   the authorized traveling expenses and one day's witness fee.

Sworn to before me on

IRVING BOTWINICK
Notary Public, State of New York
No. 01BO4657147
Qualified in Rockland County
Commission Expires Oct. 31, 2009

PRINT NAME BENEATH SIGNATURE
PETER FELDMAN

License No. _____ 797824

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **W. R. GRACE & CO.,** *et al.,* | )    **Case No.: 01-01139  (JKF) (Bankr. D. Del.)** |
| | ) |
| **Debtors.** | ) |

### SUBPOENA TO TESTIFY AT DEPOSITION AND PRODUCE DOCUMENTS
### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(b) AND 45

TO:    Early Ludwick & Sweeney LLC a/k/a  Early Ludwick Sweeney & Strauss LLC
11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT  06508-1866

**YOU ARE COMMANDED TO APPEAR** to testify at a deposition in the matter styled

*In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JKF), currently pending in the United States

Bankruptcy Court, District of Delaware, to be conducted at the offices of Early Ludwick &

Sweeney LLC, located at 265 Church Street, 11th Floor, New Haven, CT  06508-1866, (or at

another location agreed upon by counsel), on May 4, 2007 at 9:00 A.M., or at such other time and

place mutually agreed upon by counsel for the parties. The deposition(s) will continue from day-

to-day until complete. The deposition(s) will be taken before an official authorized by law to

administer oaths, and, pursuant to Federal Rule of Civil Procedure 30(b)(2), will be recorded by

both stenographic means and sound-and-visual means.

This Subpoena names as the deponent a private corporation or partnership or association.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Early Ludwick & Sweeney, LLC is

required to identify and produce for deposition one or more officers, directors, managing agents,

or other agents and employees to testify on its behalf, who are most knowledgeable as to the

following matters known and reasonably available to the Early Ludwick & Sweeney LLC:

1) Person with most knowledge of cases or claims in which Harry Kananian, or his estate, was a Plaintiff or Claimant, including but not limited to *Kananian v. Lorillard Tobacco* and *Kananian v. Asbestos Defendants*, No. 311064 (Superior Court of California, County of San Francisco);

2) Person with most knowledge of Early Ludwick's practices, procedures, protocols and criteria with respect to the submission of claims to asbestos trusts;

3) Person with most knowledge of the development of exposure evidence for the Claimants listed on Exhibit 1 of the CD-Rom attached hereto as Attachment B, and who are represented by Brayton Purcell, LLP and Early Ludwick & Sweeney, LLC or Early Ludwick Sweeney & Strauss, LLC;

4) Person with most knowledge of the submission of claims to asbestos trusts on behalf of the Claimants listed on Exhibit 1 of the CD-Rom attached hereto as Attachment B, and who are represented by Brayton Purcell, LLP and Early Ludwick & Sweeney, LLC or Early Ludwick Sweeney & Strauss, LLC.

Early Ludwick & Sweeney LLP is requested to provide to the undersigned counsel for

W.R. Grace & Co. a written designation of the name(s) and employment title(s) of the person(s)

designated to testify on its behalf.  Such written designation is requested at least two weeks

before the first deposition scheduled as a result of this Subpoena.

**YOU ARE FURTHER COMMANDED TO PRODUCE** the categories of documents

set forth in Attachment "A" to this subpoena.  Early Ludwick & Sweeney LLC is further

requested to make the categories of documents set forth in Attachment "A" available to the

undersigned counsel for W.R. Grace & Co. for inspection and copying at least two weeks before

the first deposition scheduled as a result of this Subpoena.

This subpoena has been issued by the United States District Court for the District of

Connecticut.  You must appear, give testimony, and produce all of the materials described in this

2

subpoena and its attachments for inspection and copying and must do so at the time and place set

out in this subpoena.  Your failure to do so may be punished as a contempt of the United States

District Court for the District of Connecticut.

Dated: March 16, 2007

        KIRKLAND & ELLIS LLP
        David M. Bernick
        Ellen T. Ahern
        Salvatore F. Bianca
        200 East Randolph Drive
        Chicago, IL 60601
        Telephone:   (312) 861-2000
        Facsimile:   (312) 861-2200

        -and-

        KIRKLAND & ELLIS LLP

        *Amanda C. Basta*

        Barbara M. Harding
        David E. Mendelson
        Brian T. Stansbury
        Amanda C. Basta
        655 Fifteenth Street, NW
        Washington, D.C. 20005
        Telephone:   (202) 879-5000
        Facsimile:   (202) 879-5200

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.     The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2.     "Early Ludwick," "You," or "Your" shall mean and include Early Ludwick & Sweeney, LLC, Early Ludwick Sweeney & Strauss, LLC and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

3.     "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim. Such claims shall include, but are not limited to, claims for emotional harm, mental distress and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed or sold by the Debtors.

4.     "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys, consultants, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

5.     "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

6.    As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

7.    "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

8.    "Person" includes a natural person or any business, legal, or government entity or association.

9.    Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

10.   Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in chronological order, setting forth as to each the following:   (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

11.   If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

12.   Whenever appropriate, the singular form of a word should be interpreted in the plural.   "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

13.   References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

**REQUEST NO. 1:**

With respect to any cases or claims submitted to an asbestos trust on behalf of the Claimants listed on Exhibit 1 of the CD-Rom attached hereto as Attachment B, any and all documents related to any asbestos exposure experienced by the Claimant, including but not limited to, copies of any claim form submitted to any asbestos trust(s) and all attachments thereto.

**REQUEST NO. 2:**

Any and all documents relating to exposure information of any kind provided to any defendant, except W.R. Grace, in any asbestos-related lawsuit filed by each of the Claimants listed on Exhibit 1 of the CD-Rom attached hereto as Attachment B, or in connection with any settlement of an asbestos-related claim made by the Claimants listed on Exhibit 1, irrespective of whether a lawsuit was filed on the Claimant's behalf.

**REQUEST NO. 3:**

Any and all communications, including but not limited to email, related to materials submitted to an asbestos trust or asbestos defendant on behalf of each of the Claimants listed on Exhibit 1 of the CD-Rom attached hereto as Attachment B, including but not limited to communications related to exposure data submitted to an asbestos trust or asbestos defendant.

**REQUEST NO. 4:**

Any and all documents relating to the retention of Brayton Purcell LLP, Early Ludwick & Sweeney, LLC or Early Ludwick Sweeney & Strauss, LLC on behalf of any of the Claimants listed on Exhibit 1.

**REQUEST NO. 5:**

Any and all documents relating to any fee sharing agreements among Brayton Purcell LLP, Early Ludwick & Sweeney, LLC or Early Ludwick Sweeney & Strauss, LLC concerning any of the Claimants listed on Exhibit 1, irrespective of whether the Claimant is specifically named in such agreements.

**REQUEST NO. 6:**

Any and all documents produced by or on behalf of Harry Kananian or his estate in any case in which Mr. Kananian or his estate was a Plaintiff or Claimant, including but not limited to *Kananian v. Lorillard Tobacco* and *Kananian v. Asbestos Defendants*, No. 311064 (Superior Court of California, County of San Francisco).

3