# EXHIBIT 3

LAW OFFICES
# PETER G. ANGELOS
A PROFESSIONAL CORPORATION

ONE CHARLES CENTER
100 N. CHARLES STREET
BALTIMORE, MARYLAND 21201-3804
(410) 649-2000    (800) 252-6622

PAUL M. MATHENY (MD)
DIRECT DIAL: (410) 649-2014
FAX: (410) 649-2111

E-MAIL: pmatheny@lawpga.com

OTHER OFFICES:
PHILADELPHIA, PENNSYLVANIA
HARRISBURG, PENNSYLVANIA
BETHLEHEM, PENNSYLVANIA
WILMINGTON, DELAWARE
KNOXVILLE, TENNESSEE

February 28, 2007

Barbara Mack Harding, Esq.
Kirkland & Ellis, LLP
655 Fifthteen Street, N.W.
Washington, D. C. 20005

Via Facsimile

Re: W. R. Grace Bankruptcy

Dear Ms. Harding:

Pursuant to your request that the debtor be notified within seven days of my receiving your letter dated February 22, 2007, whether our office objects to producing a privilege log of withheld B-Reads, please consider this letter such notification.

Sincerely,

Paul M. Matheny

cc:
Sander L. Esserman, Esq.



## Law Firm, L. L. P.

**COLIN D. MOORE**
ATTORNEY AT LAW

490 PARK STREET • P. O. BOX 4905 • BEAUMONT, TEXAS 77704
409-835-6000 • 1-800-289-0101 • FAX 409-813-8610

February 28, 2007

Barbara Harding
KIRKLAND & ELLIS            VIA FACSIMILE: (202) 879-5200
655 Fifteenth St., N. W.
Washington, D. C. 20005

Re:   W.R. Grace Bankruptcy

Dear Ms. Harding:

We are in receipt of your letter dated February 22, 2007 wherein you request a privilege log regarding B-Reads. We object to the production of such a log based on the absence of any clear requirement to do so in your explanation or the Federal Rules of Civil Procedure. As such, Provost Umphrey will not produce the privilege log you request on behalf of claimants we represent.

If you would like to discuss these matters, please do not hesitate to contact me.

Sincerely yours,

Colin D. Moore

CDM/tr
Enclosures

# REAUD, MORGAN & QUINN, L.L.P.

| | | |
|---|---|---|
| Glen W. Morgan<br>Cris Quinn (1955-2002)<br>Curtis W. Leister<br>Mary F. Bradford<br>Tom N. Kiehnhoff<br>John Werner<br>J. Trenton Bond<br>Chris Portner<br><br>Joseph D. Deshotel | **LAWYERS**<br><br>801 Laurel Street<br>P. O. Box 26005<br>Beaumont, Texas 77720-6005 | Wayne A. Reaud<br>Of Counsel<br><br>Phone (409) 838-1000<br>Fax (409) 833-8236 |

February 27, 2007

**(202) 879-5200**
Ms. Barbara Mack Harding
KIRKLAND & ELLIS, L.L.P.

RE:  W.R. GRACE BANKRUPTCY

Dear Barbara:

I am in receipt of your February 22, 2007 letter. Please be advised that Reaud, Morgan & Quinn, L.L.P. and all claimants that we represent object to providing a privilege log listing all B-Reads regarding claimants we represent that we continue to withhold from production on the grounds of privilege.

Please contact me if you have any questions or comments.

Very truly yours,

REAUD, MORGAN & QUINN, L.L.P.

By: _____
Chris Portner

CP/dm

Cc:  Mr. Sander L. Esserman     FAX (214) 969-4999
     Mr. Van J. Hooker
     Mr. David A. Klingler
     STUTZMAN, BROMBERG, ESSERMAN & PLIFKA

03/09/2007 15:00 FAX 1 228 762 5768          MAPLES & LOMAX, PA                              ☒001

# MAPLES AND LOMAX, P. A.
ATTORNEYS AT LAW
2502 MARKET STREET
P. O. DRAWER 1368
PASCAGOULA, MS 39568-1368

\* F. GERALD MAPLES
  LOWRY M. LOMAX
\*\* SCOTT O. NELSON

TELEPHONE
228-762-3161
FAX
228-762-5768

March 9, 2007

Barbara Mack Harding, Esq.                    <u>Via Facsimile: (202) 879-5200</u>
Kirkland & Ellis, LLP
855 Fifteenth Street, N.W.
Washington, DC 20005

Re: W. R. Grace Bankruptcy

Dear Ms. Harding:

In response to your letter of February 22, 2007, we object to the production of such a log based on the absence of any clear requirement to do so in your explanation or the Federal Rules of Civil Procedure. As such, Maples and Lomax, P.A. will not produce the privilege log you request on behalf of claimants we represent.

If you would like to discuss these matters, please do not hesitate to contact me.

Sincerely,

Scott O. Nelson

SON/dwb

ALSO LICENSED IN:
\* ALABAMA, FLORIDA AND LOUISIANA
\*\* ALABAMA



# FOSTER & SEAR, L.L.P.
## ATTORNEYS AT LAW
524 EAST LAMAR BOULEVARD, SUITE 200
ARLINGTON, TX 76011

(817) 633-3355
(800) 631-5908
(817) 633-5507 FACSIMILE

February 28, 2007

Kirkland & Ellis, LLP
Mrs. Barbara M. Harding
655 Fifteenth Street, N. W.
Washington, DC 20005

    Re:    W. R. Grace Bankruptcy

Dear Mrs. Harding:

We are in receipt of your letter dated February 22, 2007. Please be advised that Foster & Sear, L.L.P. objects to your request.

    Sincerely,

    FOSTER & SEAR, L.L.P.

    Scott W. Wert
    Attorney at Law

**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
ATTORNEYS AT LAW

| NATALIE D. RAMSEY<br>ADMITTED IN PENNSYLVANIA | 123 SOUTH BROAD STREET<br>AVENUE OF THE ARTS<br>PHILADELPHIA, PA 19109<br>215-772-1500<br>FAX 215-772-7620 | DIRECT DIAL<br>215-772-7354<br>nramsey@mmwr.com |

March 2, 2007

### BY EMAIL AND MAIL

Barbara M. Harding, Esquire
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793

    Re:    <u>W.R. Grace Bankruptcy</u>

Dear Barbara:

    I write on behalf of our clients, the MMWR Firms,[1] in response to your letter of February 22, 2007, that requests "a log, listing all B-Reads . . . that you continue to withhold from production on the grounds of privilege."

    Notwithstanding the fact that few of the MMWR Firms are withholding any B-Reads in the first place, my clients do object to providing the log you request.

    Fed. R. Civ. P. 26(b)(5), incorporated by Rule 7026 of the Bankruptcy Rules, provides for a description of items not produced to be done in a manner "without revealing information itself privileged or protected, [that] will enable other parties to assess the applicability of the privilege or protection" – in short, a "log."

    The terms of the Court's December 22, 2006 "Supplemental Order Regarding Motion to Compel Claimants To Respond To The W.R. Grace & Co. Asbestos Personal Injury Questionnaire" (the "December 22, 2006 Supplemental Order"), make clear that there is no supportable basis on which your client can now, under the circumstances of this case, request any such log.

---

[1] For purposes of this letter, the "MMWR Firms" are defined as follows: (i) Kazan, McClain, Abrams, Lyons, Farrise & Greenwood, A Professional Law Corporation; (ii) Waters & Kraus, LLP; (iii) Hobin, Shingler & Simon, LLP; (iv) Paul, Hanley & Harley, LLP; (v) Early Ludwick & Sweeney; (vi) Harowitz & Tigerman; (vii) the Wartnick Law Firm; (viii) Wise & Julian, P.C.; (ix) Rose, Klein & Marias, LLP; (x) Early & Strauss; (xi) Clapper, Patti, Schweizer & Mason; (xii) The Law Offices of Matthew Bergman ; and (xiii) The Grace Certain Cancer Claimants.

2161881v1

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

Barbara M. Harding, Esquire
March 2, 2007
Page 2

The premise of a log, as stated by the rule itself, is to permit an assessment of "the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). However, the applicability of the consulting expert privilege was decided by the express terms of the December 22, 2006 Supplemental Order. The Court's decision on this specific issue is set forth in the following three declarative sentences in that Order:

1. "The facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial ("consulting Experts") are not discoverable." December 22, 2006 Supplemental Order at p. 2.

2. "[T]he Court finds that . . . B-Readers . . . who first "screened" a Claimant (that is, prior to the time that any other diagnosis of an asbestos-related disease or injury was sought or known) are not Consulting Experts." December 22, 2006 Supplemental Order at p. 2.

3. ". . . B-Readers who examined a Claimant prior to the time an attorney-client relationship was established between the Claimant and the lawyer or law firm which asserts the privilege are not Consulting Experts." December 22, 2006 Supplemental Order at p. 2.

The Court has given the parties a road map for application of the consulting expert privilege in the present context. B-Reads performed "prior to the time that any other diagnosis of an asbestos – related disease or injury was sought or known" and B-Reads performed "prior to the time an attorney-client relationship was established between the Claimant and the lawyer or law firm which asserts the privilege " – must be produced as non-privileged because those B-Reads are not the work of a "Consulting Expert" as defined by the Court. B-Reads performed by experts "retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial" need not be produced because they are protected by the consulting expert privilege as defined by the Court.

My clients have produced or intend to produce all non-privileged B-Reads as directed by the December 22, 2006 Supplemental Order. The suggestion that my clients must prove their compliance, or that Grace must double-check my clients' compliance, is unjustified by facts or law, and frankly, is insulting.

2161881v1

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP

Barbara M. Harding, Esquire
March 2, 2007
Page 3

    I am prepared to discuss these matters if you wish to do so. Please contact me if you have any questions.

                        Very truly yours,

                        Natalie D. Ramsey

NDR:mr

2161881v1