# EXHIBIT 5

Case 01-01139-AMC    Doc 14929-61    Filed 03/21/07    Page 2 of 6
Case 2:05-mc-01870-RDP    Document 21    Filed 05/04/2006    Page 1 of 5

FILED
2006 May-04 AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| IN RE: DEPOSITION SUBPOENA | ) | |
| SERVED UPON JAMES W. | ) | |
| BALLARD, M.D., | ) | Case No.: 2:05-mc-1870-RDP |
| | ) | |
| Non-party Movant, | ) | |

_____

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE (WILMINGTON)

| | | |
|---|---|---|
| IN RE: W.R. GRACE & CO., et al. | ) | Case No.: 01-01139 (JFK) |

_____

## ORDER

Pursuant to this court's March 21, 2006 order, Dr. James W. Ballard filed with this court a Motion for Clarification of Order, and W.R. Grace & Co. ("Grace") filed a Position Statement. Telephone hearings were held before this court on March 29, 2006 and April 27, 2006, in which the court heard arguments relating to the issues raised in the parties' respective submissions.

The following is hereby **ORDERED**:

1. The court hereby **APPOINTS** James S. Roberts, Jr. as Special Master[1] in this case. The Special Master shall proceed with all diligence to create a list of all individuals on a strictly confidential basis who fall into both of the following categories (the "Grace-Ballard List"):

---

[1] During a previous conference call, the court discussed with the parties the idea of referring this litigation to a Special Master under Rule 53 of the Federal Rules of Civil Procedure. The parties are in agreement and have stipulated to the retention of a Special Master. Prior to the issuance of this order, the court circulated a draft of the order to the attorneys of record and to the proposed Special Master, James S. Roberts, Jr. Accordingly, through their consent, the parties have waived the formal notice and hearing requirements of Rule 53(b)(1).

(a) individuals who hold asbestos personal injury pre-petition litigation claims against Grace ("Grace Claimants"); and

(b) individuals for whom Dr. Ballard has performed a B-reading or rendered a diagnosis in connection with asbestos and silica litigation ("Screened Individuals").

The Special Master shall create the Grace-Ballard List by comparing a list provided to the Special Master by Dr. Ballard containing the names of all Screened Individuals with a list provided to the Special Master by Grace of all known Grace Claimants.

2. Dr. Ballard must provide his list of Screened Individuals to the Special Master, and Grace must provide a list of Grace Claimants to the Special Master, **within fourteen (14) days** of the Special Master's appointment.

3. The list of Screened Individuals in the possession of the Special Master will be kept strictly confidential pursuant to a Protective Order, which will forbid the list from being subpoenaed by any person or party.[2] After the comparison is made by the Special Master, the Grace-Ballard List will be provided both to Grace and to Dr. Ballard and kept confidential by the parties pursuant to the terms of the Protective Order.

4. Dr. Ballard also shall produce, subject, however, to an assertion of work product protection (the procedure for which is outlined below) the following documents: all ILO forms and diagnostic reports for all individuals on the Grace-Ballard List; and any correspondence between Dr.

---

[2]The list of Screened Individuals is being provided to the Special Master pursuant to this court's order compelling Dr. Ballard to produce documents against his objection pursuant to the Fifth Amendment of the United States Constitution.

Ballard and the attorneys or screening companies who requested that Dr. Ballard review cases of individuals for asbestos exposure relating to the individuals on the Grace-Ballard List.[3]

5. **Within twenty-one (21) days** of receiving the Grace-Ballard List, Dr. Ballard will be responsible for notifying any law firm, with the exception of the Environmental Litigation Group, P.C. ("ELG"), that represents or has represented individuals on the Grace-Ballard List. Such notice will include that Dr. Ballard has been ordered to produce documents that may contain information about these individuals' claims against Grace and thus may constitute information that is protected by the work product privilege. Dr. Ballard also shall serve a copy of this order as part of its notification of the law firms. The Special Master shall receive a copy of all letters of notification and keep such copies confidential in compliance with the provisions of the Protective Order.

6. **Within fourteen (14) days** of receipt of notice by Dr. Ballard, any law firm that wishes to assert a claim of work product privilege against the production of documents by Dr. Ballard (outlined in paragraph 4 above), shall file with the court and serve upon Grace notice of its intention to assert such claim. Any law firm that does not file its objection and notify Grace pursuant to this paragraph will be considered to have waived any objections to Dr. Ballard's production of these documents.

7. Any document (outlined in paragraph 4 above) for which a claim of protection has not been made must be produced by Dr. Ballard **within thirty (30) days** of the expiration of the law firms' allotted time to file an objection with the court.

8. **Within thirty (30) days** of receiving notice from Dr. Ballard, any law firm that asserted a work product claim over documents must file with the court and serve upon Grace and the

---

[3]The court is ordering production of these documents over the objection of Dr. Ballard pursuant to the Fifth Amendment of the United States Constitution.

3

Special Master a log that makes the claim of work product protection expressly and describes the nature of each document, communication or thing withheld from production, in compliance with Federal Rules of Civil Procedure 26(b)(5) and 45(d)(2).

9. For documents over which a claim of work product protection or other privilege is asserted, Grace may assert a challenge to the assertion of the privilege. In that event, the Special Master shall address the parties' respective positions and file his report setting forth findings of fact, conclusions of law, and recommended actions. The parties may file any objections to the Special Master's report **within fourteen (14) days** of its filing. Prior to the Special Master's report deadline, he may conduct an evidentiary hearing and/or receive oral argument from the parties, if, in his discretion, either or both measures are warranted. The court anticipates that it will review the Special Master's report along with any objections and will set this case for a hearing and final ruling on the issues raised.[4] In conducting its review, the court will give appropriate deference to the Special Master's factual investigation and uphold his findings unless they are clearly erroneous. All legal analysis will be reviewed on a *de novo* basis. The court will review the Special Master's rulings on procedural matters applying an abuse of discretion basis.

10. ELG, having already been provided notice of the subpoena issued to Dr. Ballard and having stated its intent to assert a claim of work product protection, must provide a log that makes the claim of work product protection expressly and describes the nature of each document, communication or thing withheld from production, in compliance with Federal Rules of Civil Procedure 26(b)(5) and 45(d)(2) **within thirty (30) days** of the entry of this order.

---

[4] In its discretion under Rule 53(g)(1), the final hearing before the court may be non-evidentiary.

11. The Special Master may communicate freely with the court on any matter relating to the scope of his appointment and the litigation generally. Ex parte communications with a party are permissible. However, the Special Master shall record all such communications, and thereafter make a copy of the recording and any other communications available to all parties, and also allow for comment and an opportunity to be heard on any matter arising out of the recorded communications before issuing any report and recommendation in this case.

12. The Special Master will be compensated in the following manner:

   (a) Grace will be responsible for payment of the Special Master's hourly rate, as well as any expenses incurred by the Special Master in creating the Grace-Ballard List. The Special Master has agreed to charge a fee of $300.00 per hour for his services to the parties. The rate is exclusive of any reasonable expenses. The Special Master's fees and expenses are to be invoiced to Grace, care of its counsel, on a monthly basis, and paid within thirty (30) days of receipt of the invoice.

   (b) Notwithstanding subparagraph (a) above, if the court refers any dispute regarding the assertions of work product protection to the Special Master, the court will determine the allocation of costs among the parties to the dispute at that time.

**DONE** and **ORDERED** this ____4th____ day of May, 2006.

/s/ R. David Proctor
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

5