# EXHIBIT 6

**TOWNES, WOODS & ROBERTS, P.C.**
ATTORNEYS AT LAW
P.O. BOX 96 • 717 KERR DRIVE
GARDENDALE, ALABAMA 35071

ROBERT V. TOWNES, III
LARRY T. WOODS
JAMES S. ROBERTS, JR.
───────────
JOHN DAVID LAWRENCE
CARRIE A. TOWNES COTNEY
ADAM S. GOBER

PHONE (205) 631-4019
FAX (205) 631-1333

June 14, 2006

Barbara M. Harding, Esq.
Amanda C. Basta, Esq.
Kirkland & Ellis, LLP
655 Fifteenth Street, NW
Washington, DC  20005


W. Lee Gresham, III, Esq.
Environmental Litigation Group, PC
3529 Seventh Avenue, South
Birmingham, AL  35222


      RE:    **Initial ELG Privilege Log**
              *In re: Deposition Subpoena Served Upon James W. Ballard, M.D.*
              **(United States District Court, Northern District of Alabama, 2:05-mc-1870-RDP)**

Dear Counsel:

      Thanks for participating in yesterday's conference call. We reviewed the privilege log served on June 5, 2006, by the Environmental Litigation Group, P.C. ("ELG") during our conference call. ELG attached an Exhibit "A" to my copy of the privilege log, which they submitted under seal to the Court but which they did not provide to counsel for W.R. Grace & Co. ("Grace"). Exhibit "A" contains a list of 109 patients who asserted asbestosis claims against Grace. ELG represented that Dr. James W. Ballard ("Ballard") participated in some manner of review of each of those patients' claims. During our discussion, Lee indicated that Dr. Ballard may have been a non-trial (i.e., a background or consulting) expert pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(4)(B) for most of the named patients in Exhibit "A". Barbara and Amanda, however, indicated that Dr. Ballard's participation in the review of the medical information was disclosed during litigation or otherwise in an unknown number of the patients' claims. They argued, therefore, that he would not be protected by FRCP 26(a)(4)(B) as a consequence of this disclosure.

      After a thorough review of the issues, I directed the following:

1. ELG is given until close of business on June 27, 2006, to submit to the Special Master (with service to Grace) any rationale, citations to case law, or other authority that would support ELG's position that the names on Exhibit "A" should not be disclosed to Grace. Specifically, ELG should address (1) the fact that these 109 people have already asserted claims against Grace, and as a consequence, they have been disclosed even though Grace does not presently know which ones they are of the approximately 127,000 Grace claimants; (2) the fact that these 109 people should also be contained in the Grace – Ballard list which will eventually be assembled by comparing Grace's list of approximately 127,000 claimants with Dr. Ballard's list of approximately 45,000 patients; and, (3) the idea that Grace may not be able to fairly contest the privilege log issues if they do not know the names of the patients to which a privilege allegedly attaches.
2. If ELG continues to assert that Exhibit "A" to its privilege log should not be disclosed to Grace, then counsel for ELG, counsel for Grace, and the Special Master will re-convene by conference call to hear oral argument on that issue at 4:00 pm CDT (5:00 pm EDT) on the following day, June 28, 2006. The Special Master will make a ruling on the issue shortly thereafter.
3. In the meantime, counsel for ELG will also elaborate on the initial ELG privilege log for both categories of documents described in the privilege log served on June 5, 2006. The privilege log data shall be organized on a patient by patient basis, and for each category 1 (x-ray reports) and category 2 (correspondence). In the event that the Special Master rules against ELG on the disclosure of Exhibit "A" after the June 28th conference call, the actual names of the patients will be used; otherwise, ELG shall display the privilege log data with "placeholders" such as "Patient 1", "Patient 2", and so forth until a detailed log for the entire list of 109 patients is compiled. The revised privilege log shall contain the following:

    a. Addressee of the document, with a sufficient description so that the Special Master can determine whether that person is an attorney for the patient discussed in the document or not
    b. Author of the document, with a sufficient description so that the Special Master can determine whether that person is an attorney for the patient discussed in the document or not
    c. Copyees of the document (both visible and blind copyees), with a sufficient description so that the Special Master can determine whether those persons are attorneys for the patient discussed in the document or not
    d. A list of all others to whom the document has been provided but not listed as copyees, with a sufficient description so that the Special Master can determine whether those persons are attorneys for the patient discussed in the document or not
    e. Number of pages in the document
    f. A general description of the document (e.g., letter), with as much information as possible about the nature of the document without waiving the privilege
    g. The date of the document

2

    h. Whether attachments to the document exist, date of the attachment(s), addressees, authors and copyees for the attachment per above, names of others to whom the attachment has been provided per the above, number of pages in the attachment(s), the nature of the attachment(s)

4. ELG has until close of business on July 14, 2006, to submit and serve the revised privilege log described above.
5. Grace has until close of business on July 28, 2006, to make objections to the revised ELG privilege log.
6. The parties shall re-convene by conference call at 4:00 pm CDT (5:00 pm EDT) on August 10, 2006, to conduct oral argument on issues related to the assertions of privilege and the objections thereto.

As I mentioned to all of you, I will discuss this arrangement and the appropriate division of the cost of my involvement in work product disputes with Judge Proctor per paragraph 12(b) of his Order dated May 4, 2006. As soon as I have that issue resolved, I will notify each of you.

I think that the above summarizes our discussions from yesterday. I wanted to leave you with a parting thought – anything you can do to come to some agreement about resolutions to any of the assertions of privilege or objections will greatly speed up this process and make it much less expensive in the long run. Due to my trial that starts on July 31, 2006, you will have nearly 2 weeks to discuss these things among yourselves before our conference call set for August 10th. Please take advantage of that opportunity to limit my involvement to only the most difficult privilege issues.

Very truly yours,

James S. Roberts, Jr.
Special Master

JSR/elh

cc:    Eddie Leitman, Esq.
       Hubert G. Taylor, Esq.
       Leitman, Siegal & Payne, PC
       600 North 20th Street, Suite 400
       Birmingham, AL  35203

       Allan Sidney Jones, Esq.
       Shaun A. DeCoudres, Esq.
       Carr, Allison
       100 Vestavia Parkway
       Birmingham, AL  35216

Frederick P. Hafetz, Esq.
Hafetz & Necheles
500 Fifth Avenue, 29th Floor
New York, NY 10110