# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


| | |
|---|---|
| IN RE:  DEPOSITION SUBPOENA ) | |
| SERVED UPON JAMES W. ) | |
| BALLARD, M.D., ) | Case No.:  2:05-mc-1870-RDP |
| ) | |
| Non-party Movant ) | |
| ) | |

Subpoena Arising From:

---

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE (WILMINGTON)

IN RE:  W.R. GRACE & CO., et al.        )        Case No.:  01-01139 (JFK)

---

**SPECIAL MASTER'S GUIDANCE TO COUNSEL
CONCERNING PRIVILEGE LOGS, IN CAMERA REVIEW OF DOCUMENTS, AND
WITHDRAWAL OF OBJECTIONS**

By an Order dated May 4, 2006, the Court appointed the undersigned as a Special

Master in this dispute involving whether work product protection pertains to certain documents

in the possession of Dr. James W. Ballard ("Dr. Ballard").  The Court's Order required the

Special Master to compare the lists of approximately 127,000 asbestosis claimants against

W.R. Grace & Co. ("Grace") and the approximately 45,000 asbestosis claimants examined by

Dr. Ballard, and to create the Grace – Ballard List of those persons in common to the two

groups.  The Grace – Ballard List was used to notify the various law firms making appearances

in this cause so they could assert work product protection for documents related to their clients

in Dr. Ballard's possession which would otherwise be responsive to the subpoena issued by the

United States Bankruptcy Court, District of Delaware (Wilmington).  After the creation of the

Grace – Ballard List, the Court's Order requires the Special Master to review the factual and

legal issues pending in this discovery dispute, and to eventually provide the Court a Report

which will contain findings of fact, conclusions of law, and recommendations to the Court

about the resolution of this situation.  This document is the Special Master's guidance to the

law firms participating in this action on matters such as withdrawals of objections to the

subpoena, more detailed privilege logs, and an in camera review of certain documents.

### 1. Background Information

In a subsequent Order entered on September 29, 2006, the Court extended the deadline

for the submission of privilege logs in the above case until October 17, 2006.  As of today, the

following law firms (either on their own behalf and/or on behalf of related firms) submitted

notices of intent to object to the production of documents responsive to the subpoena, and

subsequently either submitted privilege logs or withdrew their objections:

| Firm [1] | Notice of Intent | Privilege Log | Withdrawal of objections |
|---|---|---|---|
| Luckey | 9/13/06 | 10/17/06 | |
| Motley, Rice | 9/13/06 | 10/17/06 | |
| Morris, Sakalarios | 9/14/06 | | 10/17/06 |
| Shannon | 9/14/06 | 9/28/06 | |
| Odom | 9/14/06 | | 10/04/06 |

---

[1] A "short hand" reference is used to represent the law firm names in each of the tables of data presented throughout this document.  These "short hand" references are meant to identify the primary law firm who submitted a pleading (e.g., notice of intent, privilege log, withdrawal of objections, etc.), and any related law firms such as local counsel, associated counsel, or referring attorneys involved in the filings of the pleadings.

In addition to the above, the law firm of Baldwin & Baldwin, LLP ("Baldwin & Baldwin"),
submitted a notice of intent to assert objections on 9/14/06 and supplemented their position on
9/29/06 with a document styled "Baldwin & Baldwin's Privilege Log" (the "Baldwin Privilege
Log").  The Baldwin Privilege Log, however, stated that only 3 names from the Grace –
Ballard List had been identified as potential clients of Baldwin & Baldwin but that none of the
other identifying information pertaining to these 3 clients (e.g., Social Security numbers)
matched.  The Baldwin Privilege Log, therefore, seems to be a statement of Baldwin &
Baldwin's right to assert a claim of privilege in the future on any other of Dr. Ballard's patients
that can be properly connected to the Baldwin & Baldwin law firm.  In essence, the Baldwin &
Baldwin law firm also filed a withdrawal of and waiver of its objections to the production of
documents by Dr. Ballard related to the 3 specific individuals identified as potential clients of
the Baldwin & Baldwin law firm on the Grace – Ballard List as discussed in the Baldwin
Privilege Log. [2]


## 2. Withdrawal of Objections

With regards to the above law firms, therefore, the law firms of Morris, Sakalarios &
Blackwell, PLLC, Porter & Malouf, P.A., Jeannene T. Pacific, Esq., the Atchison Law Firm,
and the Odom Law Firm have withdrawn any objections they originally possessed or may
possess to the production of documents by Dr. Ballard related to their clients, and the law firm
of Baldwin & Baldwin, PC, has withdrawn any objections related to the 3 individuals
specifically mentioned in the Baldwin Privilege Log.  As a consequence and in the absence to
good cause shown to the contrary by any of the above law firms, the Special Master instructs

---

[2] It should be noted that the Environmental Litigation Group's objections to the subpoena and the submission of
their privilege log is on a different time table than the firms listed in the above table of data.

counsel for Dr. Ballard to produce documents after October 26, 2006, related to the clients of these law firms that are responsive to the subpoena.[3]

3. **Sufficiency of Privilege Logs**

      With regards to the remaining 3 law firms above, the Special Master observes that information which would assist him in the review of the privilege logs (and which is typically required by interpretive case law), seems to be lacking. Although each submitted privilege log contains a portion of the following information, no privilege log contains all of it:

    a. Addressee of the document, with a sufficient description so that the Special Master can determine whether that person is an attorney for the patient discussed in the document or not

    b. Author of the document, with a sufficient description so that the Special Master can determine whether or not that person is an attorney or legal staff for the patient discussed in the document

    c. Copyees of the document (both visible and blind copyees), with a sufficient description so that the Special Master can determine whether or not those persons are attorneys or legal staff for the patient discussed in the document

    d. A list of all others to whom the document has been provided or shown to but not listed as copyees, with a sufficient description of such persons so that the Special Master can determine whether those persons are attorneys or legal

---

[3] The commencement of production on October 26, 2006, allows any of the affected law firms to re-assert their objections within the next week in the event that they did not intend to withdraw their objections. In that event, such law firm(s) must maintain the following schedule with regards to the creation of a privilege log and the production of certain documents in camera to the Special Master.

staff for the patient discussed in the document, or whether such persons are outsiders to the attorney – client privilege (e.g., testifying experts)

e.   Number of pages in the document

f.   A general description of the document (e.g., letter), with as much information as possible about the nature of the document without waiving the privilege

g.   The date of the document

h.   Whether attachments to the document exist, date of the attachment(s), addressees, authors and copyees for the attachment per above, names of others to whom the attachment has been provided per the above, number of pages in the attachment(s), the nature of the attachment(s)

i.   Dates of the law firm's representation of the disputed client/patient

j.   Citations to case law, or other authority that would support the law firms' position that the document should be granted work product protection.

The Special Master requests that each of the law firms asserting work product protection submit this information related specifically to each disputed document no later than November 2, 2006.  As an aside, the Special Master notes that Luckey & Mullins, PLLC ("Luckey & Mullins"), submitted a Motion for Additional Time (i.e., 10 days) for the filing of their privilege log, which the Court granted this morning.[4]  The 10 additional business days makes the Luckey & Mullins detailed privilege log due on November 2, 2006, as well.

---

[4] The Luckey & Mullins law firm already submitted a privilege log on October 17, 2006, so it appears that the Luckey & Mullins law firm requested additional time to add more data to their log.

**4. In Camera Review of Disputed Documents and Documents Related to the Relationship between the Law Firms and Dr. Ballard**

The Special Master anticipates that the law firms may reduce the number of disputed documents once they obtain the above information and review for themselves the sufficiency of their objections to production. As a consequence, the Special Master also requests that the law firms provide copies (or arrange with counsel for Dr. Ballard to provide copies) of the remaining disputed documents in camera to the Special Master when they submit the information above on November 2, 2006. Furthermore, each law firm is requested to provide any letters of engagement or similar documents that describe the relationship between the law firm and Dr. Ballard in camera so that the Special Master can further understand whether Dr. Ballard was engaged as a testifying expert or merely as a consulting expert, or if that relationship changed over time, or was different for each client. These letters of engagement shall be submitted at the same time as the above information about the privilege logs.

**5. Firms that Submitted Notices of Intent but that Did Not Submit Privilege Logs**

The following firms (either on their own behalf and/or on behalf of related firms) entered notices of intent to file objections, but have not yet submitted either a privilege log or a withdrawal of objections:

| **Firm** | **Notice of Intent** |
|---|---|
| RG Taylor | 9/13/06 |
| Norris & Phelps | 9/13/06 |
| Bilbrey & Hylla | 10/03/06 |

Additionally, the law firm of Bilbrey & Hylla, PC ("Bilbrey & Hylla"), appears to have submitted its notice of intent to assert a claim of work product privilege well after the deadline (i.e., 14 days after receipt of the relevant portion of the Grace – Ballard List from Dr. Ballard) established in the Court's Order of May 4, 2006.  On October 13, 2006, Counsel for W.R. Grace & Co. ("Grace") entered an objection to the tardy notice of intent submitted by Bilbrey & Hylla.[5]

The Special Master instructs the law firms of Robert G. Taylor, II, PC, Taylor & Ernster and Robert G. Taylor, II, PC and Associates, Taylor & Ernster, R.G. Taylor, II, PC and Associates, Norris & Phelps, PLLC, Norris, Morris, Sakalorios, & Phelps, PLLC, and Bilbrey & Hylla, PC, and any other law firms participating in this action but not identified previously in this document to submit fully compliant privilege logs and all documents requested above for the in camera review no later than November 2, 2006, if these law firms intend to submit privilege logs at all.  Otherwise, the Special Master intends to direct counsel for Dr. Ballard to produce documents related to clients for these law firms on a date shortly after November 2, 2006.

/James S. Roberts, Jr./
James S. Roberts, Jr.
Special Master

---

[5] Counsel for Dr. Ballard sent the Grace – Ballard List to Bilbrey & Hylla on August 30, 2006.  Bilbrey & Hylla admits in their "Notice of Intent" that they received their portion of the Grace – Ballard List on August 31, 2006. Bilbrey & Hylla, however, did not submit their notice of intent until 33 days later on October 3, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by electronic filing in the United States District Court for the Northern District of Alabama, and by placing same in the United States mail, postage prepaid and properly addressed, this the 19th day of October, 2006:

**Allan Sidney Jones, Esq.**
**Shaun A. DeCoudres, Esq.**
Carr, Allison
100 Vestavia Parkway
Birmingham, AL 35216

**Frederick P. Hafetz, Esq.**
Hafetz & Necheles
500 Fifth Avenue, 29th Floor
New York, NY 10110

**W. Lee Gresham, III, Esq.**
Environmental Litigation Group, PC
3529 Seventh Avenue, South
Birmingham, AL 35222

**Hubert G. Taylor, Esq.**
**Eddie Leitman, Esq.**
Leitman, Siegal & Payne, P.C.
400 Land Title Building
600 North 20th Street
Birmingham, Alabama 35203

**Scott Baldwin, Jr., Esq.**
Baldwin & Baldwin, LLP
400 West Houston Street
Marshall, Texas 75671

**Kelley M. Berry, Esq.**
Shannon Law Firm, PLLC
100 West Gallatin Street
Hazlehurst, MS 39083

**Peter H. Burke, Esq.**
Whatley, Drake & Kallas, LLC
2323 2nd Avenue North
Birmingham, Alabama 35203

**Michael B. Bilbrey, Esq.**
**David A. Hylla, Esq.**
**Timothy P. Hulla, Esq.**
Bilbrey & Hylla, P.C.
8724 Pin Oak Road
Edwardsville, IL 62025

**Stephen W. Mullins, Esq.**
**Alwyn H. Luckey, Esq.**
2016 Bienville Boulevard
Suite 102
Ocean Springs, MS 39564

**Larry O. Norris, Esq.**
**John D. Smallwood, Esq.**
Norris & Phelps, PLLC
Post Office Box 8
Hattiesburg, MS 39403-0008

**James C. Ferrell, Esq.**
R.G. Taylor, II, P.C. & Associates
One Allen Center
500 Dallas Street
3400 Penthouse
Houston, Texas 77002

**Barbara M. Harding, Esq.**
**David E. Mendelson, Esq.**
**Amanda C. Basta, Esq.**
Kirkland & Ellis, LLP
655 Fifteenth Street, NW
Washington, DC 20005

**Jeannene T. Pacific, Esq.**
Post Office Box 1282
Laurel, MS 39441

8

**Timothy W. Porter, Esq.**
**Patrick C. Malouf, Esq.**
Porter & Malouf, P.A.
825 Ridgewood Road
Ridgeland, Ms 39157

**Sara Morris Farris, Esq.**
**Stacey Lea Sims, Esq.**
**F. Marvin Morris, III, Esq.**
**Anthony Sakalarios, Esq.**
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

**Gregory Evans, Esq.**
The Atchinson Firm, PC
3030 Knollwood Drive
Mobile, Alabama 36693

**John A. Baden, IV, Esq.**
Motley, Rice LLC
Post Office Box 1792
Mt. Pleasant, SC 29465

**Russell B. Winburn, Esq.**
Odom Law Firm, P.A.
1 East Mountain
Fayetteville, Arkansas 72701

/James S. Roberts, Jr./
Special Master