IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| W. R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| Debtors. | : | Jointly Administered |
| | : | **Objection Deadline: March 20, 2007 at 12:00 p.m.** |
| | : | **(extended for the UST until March 23, 2007)** |
| | : | **Hearing Date: April 2, 2007 at 2:00 p.m.** |
| | : | **Re: Docket No. 14720** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATION TO EMPLOY FORMAN PERRY WATKINS KRUTZ & TARDY LLP**

The United States Trustee, by and through her counsel, hereby files the following objection to the Debtors' Application to employ Forman Perry Watkins Krutz & Tardy LLP ("Forman Perry") *nunc pro tunc* to April 1, 2006, as special asbestos personal injury third party discovery counsel (the "Application"), and represents as follows:

**Background**

1. Kelly Beaudin Stapleton is the United States Trustee ("UST") for Region 3.

2. Pursuant to 28 U.S.C. § 586, the UST is charged with monitoring applications filed under section 327 of the Bankruptcy Code and, whenever the UST deems it to be appropriate, filing with the court comments with respect to the approval of such applications. *See* 28 U.S.C. § 586(a)(3)(H). This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest);

1

*Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to the above-referenced Objection.

4. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (collectively, the Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

**Grounds/Basis for Relief**

5. Section 327(a) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ one or more attorneys, accountants. . .or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327 (a).

6. The UST objects to the proposed retention of Forman Perry because the Application seeks to retain that firm *nunc pro tunc* to April 1, 2006, which is approximately 11 months prior to the filing of the Application. Forman Perry has not met the strict requirements for *nunc pro tunc* approval. *See In re F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 106 (3d Cir. 1988), *cert. denied,* 488 U.S. 852 (1988), *Matter of Arkansas Co., Inc.*, 798 F.2d 645, 650 (3d Cir. 1986) (where the Third Circuit unequivocally stated that *nunc pro tunc* employment requires extraordinary circumstances).

7. The Third Circuit has unequivocally stated that *nunc pro tunc* employment requires

extraordinary circumstances outside of the applicant's control, not mere oversight or inadvertence. *See In re F/S Airlease,* 844 F.2d at 106; *Arkansas*, 798 F.2d at 649-50.  Indeed, in *Arkansas*, the Third Circuit expressly stated that "we part company with those courts that have suggested that inadvertence or oversight of counsel may constitute excusable neglect sufficient to relieve the parties of the consequences of their inaction." *Arkansas*, 798 F.2d at 649.

8.      It should also be noted that equitable arguments such as the fact that work may have already been performed or may even have benefitted the estate have been rejected by the Third Circuit.  *Cf., In re F/S Airlease*, 844 F.2d at 108.  The Third Circuit's position is admittedly harsh, but "a more lenient rule would reward laxity by counsel and might encourage circumvention of the statutory requirement." *Arkansas*, 798 F.2d at 650.

9.      Forman Perry evinces no "extraordinary circumstances" to support *nunc pro tunc* approval and the engagement, if approved at all, may not be made retroactively effective.  Forman Perry was retained as an ordinary course professional of the Debtors in October 2005.  The Application indicates that Forman Perry has incurred legal fees and expenses that are above the $800,000 aggregate cap for ordinary course professionals in this case, which required the filing of the Application.

10.     Although not evident from the Application, it appears that Forman Perry billed the Debtors and received payment from the Debtors for services performed from October 2005 through February 2006.  The amount of fees and expenses billed and paid for that time period is alleged to be $147,400.41.  It appears from April 1, 2006 through the present that Forman Perry has incurred a significant amount of fees that either have not been billed or paid.  Those amounts are approximately $1.3 million in fees and $250,000 in expenses.  Still, there is no adequate explanation

as to why Forman Perry and the Debtors took so long to file this Application, approximately one year from the period in which *nunc pro tunc* approval is sought. There certainly has been no showing of exceptional circumstances to justify this *nunc pro tunc* retention. Without satisfying the Third Circuit's explicit standard, the Application cannot be approved.

11. Also, there are indications in the Application that the fees and expenses of Forman Perry are shared among several clients, yet it is unknown who shares these costs with the Debtors and how that cost-sharing is calculated. Such information is important to determine if this retention is appropriate under section 327 and no fee sharing issues exist under section 504.

12. Finally, it should be stressed that if the Court approves this Application, then in no way should that be an approval of the fees and expenses that Forman Perry incurred from April 1, 2006 to the present. Forman Perry should be required to file fee applications as soon as possible to justify the reasonableness of those fees and expenses. Any amounts that the Debtors previously paid to Forman Perry for this time period should either be paid back or subject to disgorgement.

**[Space Intentionally Left Blank]**

WHEREFORE the UST requests that this Court issue an order denying the Application and/or granting such other relief as this Court deems appropriate, fair and just.

                    Respectfully submitted,

                    KELLY BEAUDIN STAPLETON
                    United States Trustee, Region Three

BY:   /s/ David M. Klauder
       David M. Klauder
       Trial Attorney
       Office of the United States Trustee
       J. Caleb Boggs Federal Building
       844 King Street, Suite 2207, Lockbox 35
       Wilmington, DE 19801
       (302) 573-6491
       (302) 573-6497 fax machine

Dated: March 23, 2007