IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related Docket Nos. 9315, 10520, 14584, 14897 |
| | ) | Claim Number: 12758 |
| | ) | |
| | ) | Hearing Date: April 9, 2007 at 9:00 a.m. |

REPLY TO DEBTORS' RESPONSE TO CLAIMANT MACERICH FRESNO LIMITED PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEBTORS' CROSS-MOTION PURSUANT TO F.R.B.P. 7056 DISALLOWING AND EXPUNGING MACERICH FRESNO LIMITED PARTNERSHIP'S CLAIM

I.   INTRODUCTION

W.R. Grace & Co., et al. ("Debtor"), in its Response to Claimant Macerich Fresno Limited Partnership's Motion for Summary Judgment ("Debtor's Response")[1], repeats its constant refrain that — despite the years of efforts by Debtor and others to convince the public that materials such as Debtor's asbestos-containing spray applied fireproofing material ("SAFM") do not actually present any risk — claimants are now time-barred because they knew or should have known years ago of the risk presented by such materials. As discussed more fully in our opening brief, the Debtor cannot support its arguments without mischaracterizing the Macerich position, and the facts and the legal standards applicable to its claim ("Macerich Claim"). Macerich respectfully requests that the Court grant Macerich's motion for summary judgment and deny Debtor's cross-motion for summary judgment.[2]

---

[1] While Debtor styles its Response as also a cross-motion for summary judgment, it chose not to file any motion with respect to its objections to the Macerich Claim prior to the Court's February 16, 2007 deadline for filing of summary judgment motions regarding these issues.

[2] This reply brief will focus on the statute of limitation issue. Debtor continues to argue that Macerich's claim should be barred by the doctrines of laches and assumption of risk, but adds nothing beyond its original objection in its Response. It continues to ignore the fact that under California law laches is only a defense for equitable actions, and that it cannot meet its burden of demonstrating prejudice where Debtor does not identify even by general category the nature of this "lost" evidence, the "unavailable" witnesses, or the "faded" memories of

(continued…)

## II. THE MACERICH CLAIM IS NOT TIME-BARRED

Although Debtor has grouped together claims by California parties for discussion with the Court, including extended discussion of the statute of limitations applicable to tort claims under California law, it argues now that it is the Delaware statute of limitations that applies to the Macerich Claim – a claim by a California partnership relating to property damage from asbestos fireproofing material at store units in a Fresno, California mall ("Mall"). The Debtor argues that the Delaware statute of limitation applies by operation of the "borrowing" statute enacted by Delaware, which addresses concerns about "forum shopping" by plaintiffs by requiring use of the shorter applicable limitation period in certain instances. 10 Del. C. § 8121 ("Section 8121" or "§ 8121"); *Pack v. Beech Aircraft Corp.*, 132 A.2d 54 (Del. 1957). Debtor asserts that the three-year Delaware limitations period should apply here because it is "shorter" than the three-year California limitations period due to a difference in how California and Delaware courts have determined when the limitation period commences. The Debtor's arguments fail for at least three reasons.

### 1. Section 8121 does not require application of the Delaware statute of limitations.

Delaware courts have held that § 8121 is intended to prevent "forum shopping" and bars suit based upon foreign tort occurrence where the time limit for filing suit in the foreign state is shorter than the time limit in Delaware and where plaintiff has not filed within the time limit set by the foreign state. *See e.g., Dymond v. National Broadcasting Company*, 559 F. Supp. 734, 737-738 (D. Del. 1983); *Frombach v. Gilbert Assocs.*, 236 A.2d 363, 365-366 (Del. 1967). However, where, as here, the claimant is not a "plaintiff" seeking the benefit of the Delaware

---

(…continued)
available witnesses, let alone the issues in its defense related to any of these factors. With respect to assumption of risk, Debtor again ignores the fact that under California law assumption of risk is not an absolute defense and may only be considered as an element of comparative negligence. While Debtor asserts that assumption of risk "[was] properly pled as a defense to a property damage" (Debtor's Response, 12), that is not the issue before the Court on these motions, which concern "gateway" objections, not valuation issues.

limitations period, the courts have recognized that the application of § 8121 would not promote, but would instead circumvent, the statute's intent, and have not required its application. *See e.g., Saudi Basic Industries Corporation v. Mobil Yanbu Petrochemical Company, Inc.*, 866 A.2d 1 (Del. Sup. Ct. 2005) (plaintiff filing suit by choice in Delaware cannot turn the intent of § 8121 on its head to bar counterclaims that would otherwise be timely); *B. Lewis Prods. v. Bean*, 2005 U.S. Dist. LEXIS 1549 (D. Del. Jan. 28, 2005); Cf. *Dymond*, 559 F. Supp. at 736-737 (§ 8121 does not require application of Delaware statute where forum shopping was apparent and the substantive law applicable to plaintiff's claim would be that of Louisiana).

Debtor suggests that the Court has already addressed the application of § 8121 in this bankruptcy proceeding with respect to claims by Prudential, and has determined that Delaware law is to apply. Debtor's Response, 5. The circumstances here are materially different. There is no basis for inferring forum shopping by Macerich.[3] Unlike the situation presented by the Prudential claims, Macerich did not have a court action in another jurisdiction at the time of the bankruptcy; it finds itself in court in Delaware simply because that is where the Debtor sought bankruptcy protection. Macerich should not be disadvantaged because circumstances unrelated to the substantive merits require it to pursue its claim before a Delaware court.

## 2. The Macerich Claim in tort is not time-barred in either jurisdiction.

Debtor claims that "[u]nder Delaware's discovery rule, the three-year statute of limitations period begins to run at the time the Claimants knew or should have known of their alleged injuries, namely the presence of asbestos in their building and the potential dangers of asbestos." Debtor's Response, 6. This assertion misinterprets and misapplies Delaware law,

---

[3] Debtor argued strongly before this Court that Prudential in fact had "selected" Delaware as its forum, since it could have attempted to continue its ongoing litigation in New Jersey courts. September 25, 2006 Transcript of Omnibus Hearing, Tr. 25, 33. The transcript indicates that the Court rejected Prudential's reliance on the New Jersey statute of limitations in the course of rejecting Prudential's claim of collateral estoppel, citing the fact that under Delaware law the location of the building (in that instance Georgia) would determine the law to be applied, and not reaching whether Delaware or Georgia had the "shorter" limitation, held that the two claims were time-barred under either. September 25, 2006 Transcript of Omnibus Hearing, Tr. 39-52.

ignoring the Delaware courts' distinction between injury and the act or condition causing injury when it cites to *Becker v. Hamada, Inc.*, 455 A.2d 353, 356 (Del. 1982) and *Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254 (Del. Super. 1969). These cases do not support Debtor's Response; they only confirm that commencement of the limitation period requires knowledge of the injury. In *Becker*, a partnership sued contractors and a manufacturer, alleging defective construction of a roof which required repeated repairs beginning very soon after construction. The Supreme Court of Delaware affirmed the lower court's dismissal of the case as untimely, holding that even under application of the discovery rule, the existence of a roof defect was reasonably discoverable given the recurrent leaking problems, although the plaintiff did not pinpoint the exact cause of the leaks. *Becker*, 455 A.2d at 356. Similarly, *Nardo* involved a defectively constructed roof where – soon after the building was constructed – plaintiffs began to notice dampness in their basement wall after rainfall. *Nardo*, 254 A.2d at 255.

Moreover, Debtor mistakenly states that "Macerich knew of its alleged injuries in 1988 when it first conducted tests on asbestos-containing materials (because of its then-existing knowledge of the potential dangers of asbestos) and found 'some delamination of the fireproofing.'" Debtor's Response, 6. In fact, the 1988 survey determined that the SAFM remained in adequate condition. Ghafari Decl. ¶ 5.[4] Any minor "delamination" identified did not present "injury" given its location, as confirmed by the fact that the ambient levels of asbestos were below regulatory levels. *Id.* Under California law, such a potential risk is only a threat of future harm, and does not constitute injury. *See also San Francisco Unified School District v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1332 (Cal. Ct. App. 1995) ("A plaintiff must be aware of the physical manifestation of the injury for the cause of action to accrue and the statute of limitations to begin running."). To "beef up" its argument, Debtor compares the survey results for the Fresno units to the situation discussed in *City of San Diego*. Debtor's

---

[4] Aladdin Ghafari's declaration was attached as Exhibit 1 to Macerich's Memorandum of Law in support of its motion for summary judgment.

Response, 7-8. The comparison is not persuasive. In *City of San Diego*, the city alleged that asbestos dust and fiber release had occurred continuously from the time of sale and installation of the asbestos materials. Further, records also showed instances of degrading and deterioration of those materials in the city buildings, including a ceiling collapse which produced high asbestos fiber counts. *City of San Diego v. U.S. Gypsum Co.*, 30 Cal. App. 4th 575, 580, 583 (Cal. Ct. App. 1994). This describes a situation far different from survey results demonstrating that SAFM at stores throughout the Mall was in good or adequate condition.

Thus, under a proper statement of the standards for tort claims in Delaware and California, the Macerich Claim would not be time-barred in either jurisdiction.

### 3. Removal of SAFM from an individual unit at a 65-store Mall does not commence the limitations period for all SAFM at all stores within the Mall.

Debtor tries to void the Macerich Claim by asserting that even if knowledge of the presence of asbestos was insufficient to commence the limitations period, the statute of limitations period had expired because Macerich had removed asbestos from a few of the more than sixty units in the early 1990's, when those units were built out to accommodate new tenants. Debtor's Response, 6. While Debtor may argue that a tort claim for recovery of costs to remove asbestos from a unit in 1992 is time-barred, it cannot extend that argument to bar claims relating to SAFM in all units at the Mall regardless of the location and condition of the SAFM in those units. A risk of exposure due to degraded fireproofing in one unit does not require removal of SAFM from all units regardless of condition and location. Likewise, property damage in one store at the Mall does not equate to "damage" that would commence the limitations period throughout the entire Mall, where units occupied by other tenants do not contain degraded SAFM or otherwise present an exposure risk. Contrary to Debtor's assertions, this is not akin to arguing for each bump and scrape of the SAFM by a plumber. Debtor's Response, 2, 10. It reflects the reality of the Mall, where each unit is separate, each individual tenant substantially

controls its unit during the term of its lease, and the circumstances relating to the condition and the potential exposure of the SAFM that would support a damage claim will be distinct for each.

### III. MACERICH HAS A CLAIM FOR RECOVERY OF PROPERTY DAMAGES UNDER THE LAW OF NUISANCE

Debtor relies on *City of San Diego* in asserting that Macerich may not recover under a nuisance theory. Debtor's Response, 3, 10. Noting that nuisance cases "concern the use or condition of property, not products," the *City of San Diego* court held that the city could not bring a product liability action "in the guise of a nuisance action." *City of San Diego,* 30 Cal. App. 4th at 586-587. Here, Macerich asserts that the nature of the asbestos, the regulatory requirements for handling its removal, and the need to address the condition of the SAFM at the Mall creates conditions that interfere with its use of the Mall, not that the SAFM itself is "defective."[5] As the Response notes, the court in *City of San Diego* cited to non-California cases where recovery for asbestos-containing materials was not allowed under a nuisance action, in most cases holding that the defendant must have control of the property or instrumentality from or by which the nuisance was created. Under California law, however, "[n]ot only is the party who maintains the nuisance liable but also the party or parties who create or assist in its creation are responsible for the ensuing damages." *City of Modesto Redevelopment Agency v. Superior Court of San Francisco*, 119 Cal. App. 4th 28, 38 (Cal. Ct. App. 2004). As the issue for the court is whether Macerich is asserting simply a defective product claim, we reiterate that Macerich is claiming for recovery of costs incurred where the nature of asbestos and the location and the condition of the SAFM presents a situation that requires Macerich to control or eliminate

---

[5] Nuisance claims have been allowed in other asbestos-in-building cases. For example, in *Hebron Public School District No. 13 of Morton County v. U.S. Gypsum*, 953 F.2d 398, 401, 403 (8th Cir. 1992), a school district filed suit against the manufacturer of acoustical ceiling plaster in its building. The case was submitted to the jury on the theories of negligence, strict liability, breach of implied warranties of merchantability and fitness for a particular purpose, and nuisance. On appeal, after the jury returned a general verdict in favor of the school district, the 8th Circuit concluded that all of the theories were properly submitted to the jury.

the possibility of exposure, thereby interfering with Macerich's use and enjoyment of its property.

## IV.  CONCLUSION

The uncontested facts establish that the Macerich Claim is not barred under the statute of limitations or by the doctrines of laches or assumption of risk. Macerich respectfully requests that the Court (i) grant summary judgment in favor of Macerich, (ii) enter an order substantially in the form attached to Macerich's motion for summary judgment as <u>Exhibit A</u>, (iii) deny Debtor's cross-motion for summary judgment regarding the Macerich Claim, and (iv) grant Macerich such other and further relief as the Court deems appropriate.

Dated: March 23, 2007

ASHBY & GEDDES, P.A.

*/s/ Amanda M. Winfree*

William P. Bowden (I.D. #2553)
Amanda M. Winfree (I.D. #4615)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-1888
Fax: (302) 654-2067

-and-

PILLSBURY WINTHROP SHAW PITTMAN LLP
Gerald F. George (CA I.D. #142573)
Rita S. Chan (CA I.D. #234754)
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880

*Attorneys for Claimant Macerich Fresno Limited Partnership*

179168.1