IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| W.R. GRACE & CO., et al., | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Hearing Date: April 9, 2007 at 9:00 a.m.
Pittsburgh, PA
Related to Docket Nos. 9315, 14593,
14895**

**DEBTORS' REPLY TO RESPONSES TO DEBTORS MOTION AND
MEMORANDUM FOR AN ORDER PURSUANT TO F.R.B.P. 7056 DISALLOWING
AND EXPUNGING ELEVEN (11) ASBESTOS PROPERTY DAMAGE CLAIMS
INVOLVING PRODUCTS NOT MADE BY THE DEBTORS**

## I.    Introduction

On February 16, 2007, at Docket No. 14593, Debtor moved to expunge eleven (11)

asbestos property damage claims involving products not made by the Debtors.  No Responses in

Opposition to Debtors' Motion have been received with respect to the following four (4) claims:

| Claimant Name | Claim Number | Construction Product/ Non-Grace Components |
|---|---|---|
| Virginia Thrasher | 2636 | Asbestos siding |
| Jamie Shartzer | 4382 | Pipe insulation |
| Clifford Spingler | 5986 | Popcorn ceiling |
| Kenneth Smith | 7092 | Cellulose and carbonate (97%) |

The Claim of Carlton University, No. 12395, was voluntarily withdrawn after the filing

of Debtors' Motion.

**II.    Claim No. 6582, of Ronald Skarie, Should Be Expunged**

Ronald Skarie, for Claim No. 6582 (which involves basement ducts and asbestos wrapping), sent a letter dated March 17, 2007 (Exhibit A attached hereto), which simply says "there's plenty of material should Grace ask to have it examined." Debtors, in fact, take no position on whether the basement ducts and asbestos wrapping contain asbestos. Debtors are entitled to the expungement of this claim because: (a) Debtors never made such products; and (b) Claimant has not presented and can not present any evidence that the products are Debtors' products.

**III.    Claim Nos. 12751 and 12752, of Fannette Stewart, Should Be Expunged**

Fannette Stewart, for Claim Nos. 12751 and 12752, sent an email dated March 7, 2007 (Exhibit B attached hereto). Her email confirms that her claims are for some type of furnace insulation, not any type of fireproofing or acoustical plaster. Her claims should be expunged.

**IV.    Claim No. 2763, of the Woodbury Place Apartments, Should Be Expunged**

The only product identification evidence submitted for this claim was a bulk sample of material containing 5% cellulose. There is no dispute that Grace's asbestos-containing products did not contain cellulose.

Attached hereto as Exhibit C is the response received by Debtors with respect to this claim. With respect to the cellulose, claimant states:

> "Any contractor could add components to Grace's product on site to enhance the product or to make it go farther; therefore, Mr. Lee's finding does not prove that the asbestos is not a Grace product. Furthermore, the cellulose could be a contaminate from other building products that were accidentally included in the sample presented for testing."

Anything is possible. The foregoing speculation on what possibly could account for a non-Grace component in the bulk sample presented by claimant is not sufficient evidence to

establish the fact that the product in this claim is a Grace product. The claim should be expunged.

## V.    Claim No. 12752, of John M. Belferman, Should Be Expunged

The Debtors' moved to expunge this claim because it involved asbestos-containing products not manufactured by the Debtors. Claimant's response (Docket No. 14886) contains further admissions requiring expungement of this claim. The bulk sample report verifies that what was found in the "white chalky only" bulk sample was 1-5% chrysotile and 20% cellulose. It is undisputed that Grace's asbestos-containing products do not contain any cellulose and that the percentage of chrysotile in Debtors' products was a multiple of 1-5%. Accordingly, this claim should be expunged.

## VI.    Claim No. 12315, of the Toronto School District, Should Be Expunged

The Debtors moved to disallow and expunge Claim 12315 because of the presence in the material of components not found in Grace's asbestos-containing products, namely 1-5% cellulose and 50-75% mineral wool.

In its response, at Docket No. 14895, the Toronto School District argues that Debtors should not be permitted to seek disallowance of these claims on the theory that a specific product identification objection by the Debtors was not listed on Exhibit A to the Court's Amended Case Management Order. Claimant makes this assertion without even attempting to argue that it needs more time. The truth of the matter is that this claim is for products not made by Debtors; the claim should be expunged now.

With respect to the burden of proof, claimant's objection argues that "Grace simply regurgitates facts adduced from the claimant's proof of claim submission." It is true that Grace is relying upon the facts submitted in the proof of claim. Those facts are admissions. The

undisputed facts are that the asbestos-containing materials which serve as the basis for this claim consist mostly of mineral wool, which was never in any of Grace's asbestos-containing products.

Finally, claimant relies upon a letter by Pinchin Environmental Ltd. which contains a conclusory opinion that the product in this claim was Debtors' Monokote fireproofing. However, at his deposition, Mr. Pinchin admitted under oath that the lab results for Claim 12315 are not consistent with Monokote, the Debtors' fireproofing product:

"A.     Yes. Okay. I should have slowed down. I was going too quickly. Sample 4 is a Fibrous fireproofing with five to ten percent asbestos.

Just let me start at the top. So there is spray fireproofing number 2 that is new. Number 5 would be new, as well. Number 4 would either been an original or it would likely be an original fireproofing and it does contain asbestos and is described as "fibrous".

So the only asbestos-containing one is number 4 and because of the presence of mineral wool, it would be inconsistent with Monokote."

Q.     "So the lab results that you were shown today are not consistent with Monokote, correct?

A.     That is correct.

Q.     And if those were the only lab reports then the report in Exhibit number 37 would be in error, is that correct?

A.     That is correct."

<u>Deposition of Donald Pinchin</u>, March 14, 2007 at 166, ll. 12-18 (Exhibit D) attached hereto.

An Order expunging these eleven (11) claims is attached hereto.

Dated: March 23, 2007

REED SMITH LLP
James J. Restivo, Jr. (Bar No. 10113)
Lawrence E. Flatley (Bar No. 21871)
Douglas E. Cameron (Bar No. 41644)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel L. Blatnick
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES &
WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By:  _____
Co-Counsel for the Debtors and
Debtors in Possession