IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing Date: April 9, 2007 at 9:00 a.m.
Pittsburgh, PA
Related Docket No: 9315, 13701, 14894

## DEBTORS' REPLY IN SUPPORT OF AN ORDER PURSUANT TO F.R.B.P. 7056 DISALLOWING AND EXPUNGING 10 TIME-BARRED NY CLAIMS

Faced with the clear reality that New York law proscribed their claims in 1976, the NY Claimants[1] instead attempt to create a myriad of diversions. They argue (i) that the already-expired limitations period was somehow tolled sixteen years *after* its expiration by the filing of a 1992 lawsuit, (ii) that claimants did not know of their injuries, and (iii) that Debtors have somehow not properly objected. The problem with claimants' arguments is that *none of these issues has anything to do with the question before this Court, namely whether the NY Claims are proscribed under New York law*.[2]

NY Claimants do not address this issue, because it is an issue that they are bound to lose; there is no doubt that the NY Claims are barred under controlling New York law. New York's highest court has held that New York's three-year statute of limitations for asbestos property damage claims begins *running at the time the asbestos containing material is allegedly installed in the subject property. See MRI Broadway Rental, Inc. v. U.S. Mineral Prods. Co.*, 704 N.E. 2d.

---

[1] Capitalized terms not otherwise defined in this Reply have the meanings given in Debtors' opening motion.

[2] Delaware's borrowing statute directs this Court to apply to the NY Claims the shorter of New York or Delaware's statute of limitations. (*See* Dkt. No. 13457) Because (i) New York's three-year statute of limitations for asbestos property damage begins running at the point of installation and (ii) Delaware's three-year statute of limitations requires actual or constructive notice of claimants' alleged injuries, New York's period is shorter and applicable to the NY Claims. For a complete discussion of this topic, please refer to Pages 7-8 of Debtors' opening brief.

550 (N.Y. 1998). NY Claimants fail to address this controlling case in their response and, instead, cite to inapplicable New York cases and a myriad of cases from various other jurisdictions. Those cases have no applicability to the NY Claims in this proceeding because the standard adopted by those courts has no impact on New York's clear, simple, and straightforward "installation standard" for asbestos property damage claims. Under New York's "installation standard," both the date of NY Claimants' actual knowledge, and when or whether there is any "contamination" in the subject properties, are completely irrelevant. Instead, under this standard, the New York Claims were proscribed in 1976 - - three years after the latest date the NY Claim forms state that the Grace asbestos-containing materials were installed in the subject buildings.

Therefore, because (i) the NY Claimants have alleged that the Grace asbestos-containing materials were installed in the subject properties no later than 1973, and (ii) controlling New York law provides that New York's three-year limitations period began running at the time of installation, the NY Claims were necessarily proscribed as a matter of law by at least 1976, and Grace requests that the Court enter an order disallowing and expunging each of these ten claims with prejudice.

### Argument

**I.     The NY Claims are Proscribed Under Controlling New York Precedent.**

Under prevailing New York jurisprudence, New York's three-year statute of limitations for the NY Claims began running at the time the MK-3 allegedly was installed in the subject buildings. *MRI Broadway Rental,* 704 N.E. 2d. at 551.

As discussed in Grace's opening brief, in *MRI Broadway Rental,* a Manhattan building owner sought "damages for the cost of performing abatement work on asbestos fireproofing that was installed when the building was constructed." *Id.* The defendants sought summary

2

judgment, arguing that plaintiff's claim was time-barred under New York's statute of limitations, which began running when the asbestos-containing material was installed in the building. Plaintiff opposed the motion, arguing that the statute of limitations did not accrue until the building was "contaminated." *Id.* at 552. The court disagreed.

As the *MRI Broadway Rental* court acknowledged, its decision was "[c]onsistent with our long line of precedents." *Id.* at 551, *discussing Maryland Cas. Co. v. W. R. Grace & Co.*, 23 F.3d 617 (2d Cir. 1993); *Sturges Mfg. Co. v. Utica Mut. Ins. Co.*, 332 N.E.2d 319 (N.Y. 1975). Therefore, New York's three-year statute of limitations began running as to the NY Claims in 1973, when the NY Claimants alleged the Grace asbestos-containing materials were installed in their buildings.

Despite NY Claimants' unsupported assertions to the contrary, this standard does not rely in any way upon when or whether there is "actual contamination" in the subject properties. In fact, the *MRI Broadway Rental* court specifically rejected NY Claimants' proposed "contamination standard," because such a standard would be unworkable and improper. The court noted:

> In keeping with the important purposes of avoiding stale claims and providing defendants with a degree of certainty and predictability in risk assessment, our precedents have rejected accrual dates which cannot be ascertained with any degree of certainty, in favor of a bright line approach.

*Id.* at 553. In light of the clarity of New York law, NY Claimants discussion of cases from other jurisdictions discussing "actual contamination" is simply irrelevant.

NY Claimants' argument with respect to their own knowledge is similarly irrelevant to Debtors' pending motion because New York's "installation standard" begins running at the point of installation, regardless of when or whether the claimant actually learns of its alleged injuries.

Therefore, the limitations period began to run as to the NY Claims in 1973, when Grace

3

ACMs were allegedly installed in the subject properties, and the statute of limitations for the NY Claims expired (at the latest) in 1976 -- some twenty-seven years before the NY Claims were filed.

## II. Debtors Properly Asserted Limitations Objections to Each of the NY Claims.

Debtors have properly objected to each of the ten NY Claims that are included in Debtors' motion (Claim Nos: 6636, 9684, 10722, 10747, 10749, 10767, 10947, 11003, 11243, and 11703). All of the NY Claims were included in Debtors' D-2 Category of objections (statute of limitations based on constructive notice), and one NY Claim (Claim No. 9682) was also included in Debtors' D-4 Category of objections (statute of limitations based on actual notice). *See Debtors' Fifteenth Omnibus Objection (Substantive) to 4003 Asbestos Property Damage Claims* [Dkt. No. 9315]. The NY Claimants argue that Debtors' motions is not proper, because Debtors failed to object to all of the NY Claims as also being barred under statute of limitations for actual knowledge. (NY Claimants' Response, p. 3)

This argument fails for two reasons. *First*, neither the Bankruptcy Code nor the Local Rules require a debtors' objection to contain the specificity suggested in NY Claimants' response. Instead, the Bankruptcy Code merely states that a proof of claim is allowed unless a party in interest "objects" and, once "such an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ..." 11 U.S.C. §§ 502 (a), (b). Similarly, Local Rule 3007-1(e)(iii) (Exhibits) requires only that an objecting debtor attach an exhibit that includes the "Reason for Disallowance." By stating that the Debtors were objecting to the NY Claims on the basis of the statute of limitations and including the NY Claims on Exhibit D-2 (statute of limitations based on constructive notice), the Debtors' Fifteenth Omnibus Objection far exceeds these basic requirements. *Second,* Claimant's argument is based upon the incorrect assumption that New York's statute of limitations is based upon "actual knowledge."

4

As described above, New York's limitations standard is not dependent in any way on a claimant's actual knowledge. Instead, by running from the date of installation, it assumes constructive notice by the claimant and, therefore, Debtors statute of limitations objections were properly asserted in Category D-2.

### III. The Filing of *Anderson Memorial* Did Not "Toll" The Statute of Limitations For These Claims, Which Had Lapsed Sixteen Years Before Anderson Memorial Was Filed.

In a last-ditch effort to save face, the NY Claimants argue that their claims were somehow "tolled" by the 1992 filing of *Anderson Memorial*, a putative nationwide class action that was filed in 1992 in South Carolina state court. This argument fails because at the time *Anderson Memorial* was filed in 1992, *the NY Claims had already been proscribed for sixteen (16) years (since 1976)*. Therefore, even if the NY Claims would have otherwise been tolled by the 1992 filing of the *Anderson Memorial* suit (which Debtors do not agree would be true), such "tolling" cannot possibly be applicable to the NY Claims, because they were already proscribed and, therefore, incapable of being "tolled."

### Conclusion

Given that (i) the NY Claim forms state that the MK-3 was installed in the subject properties during or before 1973; and (ii) New York has a three-year statute of limitations for asbestos property damage actions, which begins running at the point of installation, the statute of limitations for the NY Claims expired in 1976 -- some twenty-seven years before the NY Claims were filed. Therefore, Debtors request that the Court enter an order disallowing and expunging each of the time-barred NY Claims with prejudice.

5

Dated: March 23, 2007

REED SMITH LLP
James J. Restivo, Jr. (Bar No. 10113)
Lawrence E. Flatley (Bar No. 21871)
Douglas E. Cameron (Bar No. 41644)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel L. Blatnick
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
Co-Counsel for the Debtors and Debtors in Possession