IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| W.R. GRACE & CO., et al., ) | |
| ) | Case No. 01-01139 (JKF) |
| Debtors. ) | (Jointly Administered) |
| ) | |

Hearing Date: April 9, 2007 at 9:00 a.m.
Pittsburgh, PA
Related to Docket Nos. 9315, 14598
14904, 14817

**DEBTORS' REPLY IN SUPPORT OF THEIR MOTION FOR AN ORDER
PURSUANT TO F.R.B.P. 7056 DISALLOWING AND EXPUNGING
SIXTEEN (16) TIME-BARRED ASBESTOS PROPERTY DAMAGE CLAIMS**

Two responses were filed to Debtors' Motion for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Sixteen (16) Time-Barred Asbestos Property Damage Claims ("Debtors' Motion"): (1) the Anderson Memorial Hospital Response to Debtors' Motion For Summary Judgment Directed To 9 Claims Based Upon The Statutes of Limitations of Arkansas, Georgia and Delaware filed by the Speights & Runyan law firm (the "Speights' Response"); and, (2) a response by the Woodbury Place Apartments (the "Woodbury Response").[1] Neither of these responses dispute the material facts set forth in Debtors' Motion. Debtors' Motion should be granted based on application of the governing law to those undisputed facts.

**I.     ANDERSON MEMORIAL HAS NO IMPACT ON DEBTORS' MOTION**

The Speights' Response purports to be filed on behalf of the following claimants: KARK TV (Claim Nos. 9912 and 9913); Dodge County Hospital (Claim No. 11550 ); Manor Oak

---

[1] Five (5) claimants (Claim Nos. 2636, 5672, 5690, 5688, and 9778) filed no response to Debtors' Motion. Those claims should be disallowed and expunged. In addition, the response filed by Mr. Ronald Skarie (Claim No. 6582) does not address the statute of limitations issue. That claim also should be disallowed and expunged.

(Claim No. 10789); Children's Hospital (Claim No. 10962); St. Luke's Hospital (Claim No. 10998); Titusville Hospital (Claim No. 11106); Ferrell Hospital (Claim No. 11144); and, Investment Tower (Claim No. 11179). As set forth in Debtors' Motion, KARK TV's claim is barred by the Arkansas' three-year statute of limitations based on KARK TV's undisputed knowledge of its claims in 1988. Dodge County Hospital's claim is barred by Georgia's four-year statute of limitations which runs from 1970 when Debtors' product was alleged installed. The remaining Speights' Claimants' claims are barred by Delaware's three-year statute of limitations because those claimants removed asbestos from their buildings more than three years before the bankruptcy was filed. *See* Debtors' Motion at 6.

The Speights' Response does not dispute these facts, but asserts that any statutes of limitations have been tolled since December 23, 1992 due to the filing of a putative nationwide class action captioned *Anderson Memorial Hospital v. W.R. Grace & Co., et al.*, 92-CP-25-279 (Ct. Com. Pls. Hampton County, SC) ("*Anderson*").

*Anderson* did not toll the statute of limitations for any of the Speights' Claimants because they were never part of the *Anderson* action. *See Debtors' Reply and Objection to Anderson Memorial Hospital's Responses to Certain of Debtors' Motions for Summary Judgment Regarding Asbestos PD Claims* (filed herewith). In addition, the claims of two of the Speights' Claimants (KARK TV and Dodge County Hospital) were time-barred even before *Anderson* was filed. *Anderson* accordingly has no bearing on Debtors' Motion.

## II. DEBTORS' MOTION ON CLAIMANTS' ACTUAL KNOWLEDGE IS PROPERLY BEFORE THE COURT

Debtors have properly objected to the claims subject to Debtors' Motion on statute of limitations grounds. *See Debtors' Fifteenth Omnibus Objection (Substantive) to 4003 Asbestos Property Damage Claims* [Dkt. No. 9315]. Debtors' Objections encompass statute of limitations based on both constructive and actual knowledge. *Id.* Debtors' Motion, however, is limited to

actual knowledge. Based upon that actual knowledge, which the claimants have not disputed, Debtors' Motion should be granted.

### III. APPLICABLE STATES' STATUTES OF LIMITATIONS BAR THE SPEIGHTS' CLAIMANTS' PROPERTY DAMAGE CLAIMS

The Speights' Response cites to numerous cases applying the law from jurisdictions that have no relationship to the Speights' Claimants' claims. *See* Speights' Response at 10-13. Those claims are governed by either the law where the property is located or the law of Delaware. *See* Debtors' Motion at 1. Under that governing law, these claims are time-barred.

#### A. Delaware's Statute of Limitations Bars the Pennsylvania and Ohio Claims

As recognized in the Speights' Response, Delaware's three-year limitations period begins to run at the time a claimant knew or should have known of its alleged injury. *See Becker v. Hamada, Inc.*, 455 A.2d 353 (Del. 1982); *Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254 (Del. Super. 1969). The Speights' Response does not dispute that the Pennsylvania and Ohio claimants actually removed asbestos from their facilities more than three years before the bankruptcy was filed. *See* Debtors' Motion at 6 (noting abatement activities from 1987-1997). Based upon these undisputed facts, there is no question that these claimants knew or should have known of their alleged injury more than three years before their claims were deemed to be filed. These claims are time-barred as a matter of law.

#### B. The Arkansas Claims Are Time Barred

Arkansas has a three-year statute of limitations that runs from when the claimant knew of the nature of their injury and the causal connection of that injury to the product. *Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992). The Speights' Response does not dispute that, in 1988, KARK TV began an extensive asbestos control program that included testing, asbestos-hazard training, surveys that located friable asbestos-containing materials in its buildings and removal of asbestos-containing materials. Under these undisputed facts, KARK TV had the requisite knowledge to begin the tolling of Arkansas' three-year limitations period in 1988.

KARK TV's claims were accordingly time-barred even before *Anderson* was filed.[2]

### C. The Georgia Claims Are Time Barred

Georgia's four-year statute of limitations for asbestos property damage claims runs from substantial completion of the building. *Corporation of Mercer University v. National Gypsum Co.*, 368 S.E.2d 732 (Ga. 1988). The Speights' Response does not dispute that Debtors' products were allegedly installed at Dodge County Hospital in 1970 and that Dodge County Hospital's claim therefore would be barred by Georgia's statute of limitations by 1974, more than a decade before *Anderson* was filed.

Instead, the Speights' Response contends that a "continuing nuisance theory" under "developing" Georgia law may salvage the Georgia claim. In support of this theory, the Speights' Response trumpets *Smith v. Branch*, 487 S.E.2d 35 (Ga.App. 1997), which recognized a continuing tort theory in a case where environmental contamination was ongoing. The *Branch* court, however, specifically noted that its holding was not inconsistent with the Georgia Supreme Court's holding in *National Gypsum* refusing to extend such a theory to asbestos property damage cases. *Branch*, 487 S.E.2d at 38. The Georgia Supreme Court's opinion in *National Gypsum* is controlling and requires the disallowance of the Georgia claim.

The Speights' Response also attempts to invoke the doctrine of fraudulent concealment to resurrect the Georgia claim. The Speights' Response, however, proffers no evidence of any fraudulent conduct by the Debtors directed to the Georgia claimant upon which the claimant reasonably relied in failing to pursue its claims. *See generally* W. Prosser, *Handbook of the Law of Torts* §§ 105, 108 (5th ed. 1984) (to establish fraud, plaintiff must show justifiable reliance);

---

[2] The Speights' Response attempts to dodge this legal conclusion by pointing to Debtors' alleged contention that no injury has occurred. For purposes of Debtors' Motion, however, Debtors' position on that issue is irrelevant. The statute of limitations issue is resolved by analyzing what the claimant knew or should have known. It is undisputed that KARK TV actually removed asbestos from its buildings in 1988. Under these undisputed facts, to the extent there ever was an injury, KARK TV knew about it almost two decades ago.

*Restatement (Second) of Torts* § 537 (1977) (same). In the absence of any such evidence, the Georgia claimant has failed to raise any material issue of fact with respect to fraudulent concealment and its claim is barred as a matter of law.

### IV. THE WOODBURY APARTMENT'S CLAIM IS BARRED BY TEXAS' STATUTE OF LIMITATIONS

As set forth in Debtors' Motion, Texas has a two-year statute of limitations that begins to run when the claimant knew or should have known of an injury caused by another. *See S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). The Woodbury Response does not dispute that the claimant knew its property contained surfacing material with 2-5% chrysotile asbestos when the building was purchased in 1989. *See* Debtors' Motion at 2. Instead, Woodbury Apartments asserts that Texas' two-year statute of limitations should not begin to run until it knew of the extent of its damages. Because Texas' two-year statute of limitations begins to run when the claimant knew or should have known of its injury, it is not necessary for the claimant to have known of the full extent of its damages for the statute to run. *Id.* Accordingly, the Woodbury Apartments' claim is barred by Texas' two-year statute of limitations.

### CONCLUSION

For the foregoing reasons, Debtors' Motion should be granted in its entirety.

Dated: March 23, 2007

REED SMITH LLP
James J. Restivo, Jr. (Bar No. 10113)
Lawrence E. Flatley (Bar No. 21871)
Douglas E. Cameron (Bar No. 41644)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel L. Blatnick
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

<u>and</u>

PACHULSKI STANG ZIEHL YOUNG JONES &
WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: ______________________
Co-Counsel for the Debtors and
Debtors in Possession