IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| W.R. GRACE & CO., et al., ) | |
| ) | Case No. 01-01139 (JKF) |
| Debtors. ) | (Jointly Administered) |
| ) | |

Hearing Date: April 9, 2007 at 9:00 a.m.
Pittsburgh, PA
Related to Docket Nos. 9315, 14596,
14893, 14896, 14925

# DEBTORS' REPLY IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO F.R.B.P. 7056 DISALLOWING AND EXPUNGING ELEVEN (11) PROPERTY DAMAGE CLAIMS BARRED BY STATUTES OF REPOSE IN MINNESOTA, NORTH CAROLINA, IOWA AND TENNESSEE

Three briefs were filed in response to Debtors' Motion for an Order Pursuant to F.R.B.P 7056 Disallowing and Expunging Eleven (11) Property Damage Claims Barred by Statutes of Repose in Minnesota, North Carolina, Iowa and Tennessee ("Debtors' Statute of Repose Motion"): (1) a response filed by the Motley Rice law firm on behalf of three Minnesota claimants (the "Motley Rice Response"); (2) a response filed by the Speights & Runyan law firm on behalf of claimants in Minnesota, North Carolina, Iowa and Tennessee (the "Speights Response"); and (3) a response by the First Presbyterian Church located in Minnesota (the "Minnesota Claimant Response").

None of these responses dispute the dates upon which Debtors' products were allegedly installed in the buildings at issue. None of these responses raise any genuine issues of material facts that would allow the claimants to escape the straightforward legal application of the governing statutes of repose. Summary judgment, under the clearly applicable law, is accordingly appropriate at this juncture. Based upon that law, Debtors are entitled to have all eleven (11) claims subject to their Statute of Repose Motion disallowed and expunged.

### A. SUMMARY JUDGMENT AGAINST THE MINNESOTA CLAIMANTS IS APPROPRIATE UNDER MINNESOTA'S STATUTE OF REPOSE.

Both the Motley Rice and Speights Responses seek to avoid application of Minnesota's statute of repose to their claims by attempting to invoke the doctrine of fraudulent concealment. The burden to establish fraudulent concealment rests with the claimants. *Appletree Square Limited Partnership, CHRC v. W.R. Grace & Co.*, 815 F.Supp. 1266, 1275 (D. Minn. 1993). While Minnesota's statute of repose may be tolled if the defendant fraudulently prevented the plaintiff from discovering its claims during the repose period, no Minnesota claimant has pointed to any evidence that the Debtors fraudulently concealed any claims from them. In the absence of any such evidence, summary judgment in favor of the Debtors on the Minnesota claims is appropriate. *Accord Metropolitan Federal Bank of Iowa v. W.R. Grace & Co. – Conn.*, 999 F.2d 1257, 1261 (8th Cir. 1993) (entering summary judgment under Minnesota's statute of repose where plaintiff introduced no evidence of affirmative representations to plaintiff sufficient to toll the repose period).

In fact, courts applying Minnesota law have specifically rejected the very arguments that the Speights and Motley Rice Responses make here. *See Metropolitan*, 999 F.2d at 1261; *Appletree*, 815 F.Supp. at 1276. As aptly explained by the *Appletree* court:

> [T]he essence of fraudulent concealment . . . is that the defendant has engaged in some behavior that has had the purpose and effect of concealing the presence of a cause of action from the plaintiff. Silence in the face of knowledge does not state a claim of fraudulent concealment.
>
>     \*                \*              \*
>
> Grace's participation in an industry-wide campaign to keep the hazards of asbestos hidden from the public would not alone support a jury determination that Grace concealed the true facts about asbestos in the Appletree Project with the purpose of preventing the plaintiffs from discovering that they had a cause of action. Plaintiffs have failed to present any evidence of Grace's behavior toward the Appletree Project during the 10 years following its substantial completion. Absent such evidence, a jury could not conclude that Grace fraudulently concealed the existence of a cause of action from the Appletree Partnership.
>
>     \*                \*              \*
>
> Selling asbestos-containing fireproofing without disclosing the presence or

> hazardous nature of asbestos may be improper, but absent a fiduciary or confidential relationship, mere silence is not fraudulent concealment under Minnesota law.

*Appletree*, 815 F. Supp. at 1275-1276 (citations omitted); *see also Metropolitan*, 999 F.2d at 1261 (failure to disclose or mere silence is insufficient to toll the limitations period).[1]

Where, as here, there is no evidence of any statements made by the Debtors to the Minnesota claimants upon which they reasonably relied for tolling purposes, there is no genuine issue of material fact and fraudulent concealment does not apply. *Appletree*, 815 F. Supp. at 1276; *Metropolitan*, 999 F.2d at 1261; *see also Wittmer v. Rugemer*, 419 N.W.2d 493, 497 (Minn. 1988)(statute is only tolled if "the defendant ***has by fraud prevented the plaintiff from discovering*** the defective or unsafe condition" within the repose period); W. Prosser, *Handbook of the Law of Torts* §§ 105, 108 (5th ed. 1984) (to establish fraud, plaintiff must show justifiable reliance); *Restatement (Second) of Torts* § 537 (1977) (same). The Minnesota claimants do not dispute that, in the absence of fraudulent concealment, their claims are barred by Minnesota's statute of repose.[2]

Accordingly, the Minnesota claims should be expunged and disallowed pursuant to

---

[1] Motley Rice's attempt to distinguish *Metropolitan* and *Appletree* - on the grounds that the claimants there were subsequent owners who did not purchase Debtors' product - is unavailing. The *Metropolitan* and *Appletree* courts both recognized that if non-disclosure were sufficient, non-disclosure to a predecessor owner may toll the statute. *Metropolitan*, 999 F.2d at 1261; *Appletree*, 815 F. Supp. at 1275, n. 14. Because both courts found non-disclosure to be insufficient, the statute was not tolled. Moreover, Motley Rice's reliance on *Independent School District No. 197 v. W.R. Grace & Co.*, 752 F.Supp. 286 (D. Minn. 1990) is misplaced. The court there found, without substantial analysis of Minnesota's fraudulent concealment standard, that there was sufficient evidence to create a genuine issue of material fact on the issue. *Independent* predates both *Metropolitan* and *Appletree* and, to the extent it is inconsistent with those decisions, it is of questionable authority.

[2] The Minnesota Claimant's Response relies exclusively upon *Brink v. Smith Cos. Construction, Inc.*, 703 N.W.2d 871 (Minn. Ct. App. 2005) in arguing that Minnesota's statute of repose is unconstitutional. In *Brink*, the court held that the statute of repose was unconstitutional as applied to a third-party indemnity and contribution claim. *Brink*, 703 N.W.2d at 878. The Minnesota claimants' asbestos property damage claims are not third-party indemnity or contribution claims and *Brink's* limited holding related solely to those types of claims is inapposite.

Minnesota's statute of repose. *See* Debtors' Statute of Repose Motion at 3.

### B. NORTH CAROLINA'S STATUTE OF REPOSE BARS THE NORTH CAROLINA CLAIMANT'S CLAIMS.

The Speights Response similarly attempts to escape application of North Carolina's statute of repose by asserting that the statute does not apply in the face of willful or wanton negligence in furnishing materials. There are several deficiencies in this position. First, the willful or wanton exception to North Carolina's statue of repose only applies if the claimant can prove that the Debtors were materialmen in the construction of the North Carolina claimant's building. *See Forsyth Memorial Hospital v. Armstrong World Industries, Inc.*, 444 S.E.2d 423, 427 (N.C. 1994). The Speights Response points to nothing that would raise any material issue of fact to prove that the Debtors were anything more than remote manufacturers of asbestos-containing products.[3] Accordingly, the wanton or willful negligence exception to North Carolina's statute of repose does not apply to this claim.

Second, the Speights Response is devoid of any evidence that Debtors engaged in any negligence - and certainly not "willful or wanton" negligence - in supplying anything to the North Carolina claimant. In the absence of any such evidence, there is no issue of material fact which would preclude application of North Carolina's statute of repose to the North Carolina claimant's claim. Simple application of that statute to that claim mandates that it be disallowed and expunged. *See* Debtors' Statute of Repose Motion at 3.

### C. IOWA STATUTE OF REPOSE PRECLUDES THE IOWA CLAIMANTS' CLAIMS.

Relying upon *Tallum v. W.R. Grace & Co.*, 558 N.W.2d 208 (Iowa 1997), the Speights Response asserts that Iowa's statute of response does not apply because Debtors' product is

---

[3] The Speights Response appears to rely exclusively on an invoice showing that Debtors' product was shipped to claimant's building. This invoice has no relevance to the query of whether Debtors acted as a "materialman" for purpose of the North Carolina statute of repose and accordingly raises no genuine issue of material fact on that issue.

allegedly not an improvement to real property for purposes of an asbestos property damage claim. This argument is devoid of merit.

In *Tallum*, the Iowa Supreme Court specifically found that Debtors' product is an improvement to real property for purposes of Iowa's statue of repose.[4] The *Tallum* court held that because the worker's claim there arose from exposure to asbestos after the product was physically attached to the building, Iowa's improvement to real property statute of repose applied. *Tallum*, 558 N.W.2d at 211.

The Speights Response turns *Tallum* upside down by arguing that asbestos property damage claims do not arise until the product becomes "unattached" to the building. The Speights Response points to nothing in the record or the law to support this argument. That is because there is nothing.

As an initial matter, *Tallum* distinguished only between a product that has not yet been applied to improve the property and one that has. *Id.* at 209 (noting that the key inquiry was "whether asbestos, once attached, is an 'improvement'"). Nothing in *Tallum* suggests that the status of Debtors' product as an improvement to property is subject to change anytime after the product has been applied. In fact, the Eighth Circuit, applying Iowa law generally and *Tallum* specifically, rejected the very argument the Speights Response makes here. *See Harder v. ACandS*, 179 F.3d 609, 612 (8th Cir. 1999) (holding that improvements remain improvements for repose purposes even if they become physically detached). Accordingly, even if part of Debtors' product dislodged from the building before a claim arose, that would not preclude application of Iowa's statute of repose under *Tallum*.

---

[4] While the Speights Response makes reference to *State Farm v. W.R. Grace & Co.*, 24 F.3d 955 (7th Cir. 1994) in support of the argument that the Debtors' products are not improvements to real property, *State Farm* examined the issue under Illinois rather than Iowa law. For purposes of the Iowa claims, the Iowa Supreme Court's decision in *Tallum*, holding that the Debtors' products are improvements to real property for purposes of Iowa's statute of repose, is controlling.

Moreover, the alleged release of asbestos fibers does not equate to Debtors' entire product becoming "unattached" from the building. Even if the "attachment" distinction the Speights Response attempts to draw from *Tallum* were appropriate – which it is not – there is absolutely no evidence that Debtors' product was no longer attached to the Iowa claimants' buildings for purposes of avoiding application of Iowa's real property improvement statute of repose. Pursuant to that statute of repose, the Iowa claimants' property damage claims should be disallowed and expunged. *See* Debtors' Statute of Repose Motion at 4.

### D. THE TENNESSEE STATUTE OF REPOSE APPLIES TO THE TENNESSEE PROPERTY DAMAGE CLAIMS.

The Tennessee statute of repose runs ten years from when a product is sold. T.C.A. § 29-28-103(a). The "asbestos" exception to Tennessee's statute of repose provides that the statute "shall not apply to any action resulting from *exposure to asbestos*." T.C.A. § 29-28-103(b) (emphasis added). The Tennessee courts have not held that asbestos property damage claims are included within this exception.[5]

As recognized by the Speights Response, "the facts in an asbestos property damage case are different." Speights Response at 8. Specifically, the asbestos property damage claims filed by the Tennessee claimants do not allege or indicate any facts that suggest they resulted from an individual's physical exposure to asbestos. *See* Claimant's Response to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims, Docket No. 9720, at ¶¶ 3-4 (noting that an asbestos property damage claim seeks to recover the costs associated with management and removal of asbestos-containing material and that a property damage claim is

---

[5] There are two federal court decisions that appear to have applied the asbestos exception to property damage claims. The first, *County of Johnson, Tennessee v. United States Gypsum Co.*, 580 F. Supp. 284 (E.D. Tenn. 1983), was set aside on a motion for reconsideration on an issue that rendered the asbestos exception discussion dicta. *See County of Johnson, Tennessee v. I/.S. Gypsum Co.*, 664 F. Supp. 1127 (E.D. Tenn. 1985) (holding that County was exempt from all statutes of limitations on sovereign immunity grounds). The second, *Clarksville-Montgomery County Bd. of Ed. v. United States Gypsum Co.*, 710 F. Supp. 1157(M.D. Tenn. 1999), appears to have done so without analysis. There accordingly is no binding or persuasive authority applying the Tennessee asbestos exception to property damage claims.

independent of and not reliant upon anyone actually becoming injured by asbestos). Asbestos property damage claims accordingly do not fall within the plain language of the asbestos exception to the Tennessee statute of repose.

The legislative history of the Tennessee asbestos exception is consistent with and supports this conclusion. The asbestos exception was introduced to "deal[] with asbestosis" because "the disease asbestosis does not show up for sometimes 20 or 30 years . . . ." *See* Legislative History of Chapter 162 of the Public Acts of 1979, Speech by Senator Tanner to the House of Representatives (April 11, 1979). It is for this reason that the "exposure" to asbestos exclusion was added to the statute of repose. *Id.* Clearly this exclusion was meant to cover solely the asbestos personal injury cases to which the Tennessee courts have applied it. Accordingly, the asbestos exclusion does not apply to property damage cases and the Tennessee claims therefore are barred by Tennessee's statute of repose. *See* Debtors' Statute of Repose Motion at 4.

## CONCLUSION

For the foregoing reasons, Debtors' Statute of Repose Motion should be granted.

Dated: March 23, 2007

REED SMITH LLP
James J. Restivo, Jr. (Bar No. 10113)
Lawrence E. Flatley (Bar No. 21871)
Douglas E. Cameron (Bar No. 41644)
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel L. Blatnick
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES &
WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

By: _____
Co-Counsel for the Debtors and
Debtors in Possession

- 8 -