IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| W. R. GRACE & CO., et al., | ) |
| | ) Case No. 01-01139 (JKF) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**Hearing Date: April 9, 2007 at 9:00 a.m.
Pittsburgh, PA
Related to Docket Nos. 9315, 14894, 14895,
14896, 14898, 14904**

## DEBTORS' REPLY AND OBJECTION TO ANDERSON MEMORIAL HOSPITAL'S RESPONSES TO CERTAIN OF DEBTORS' MOTIONS FOR SUMMARY JUDGMENT REGARDING ASBESTOS PD CLAIMS

On March 19, 2007, the law firm of Speights & Runyan filed Responses on behalf of Anderson Memorial Hospital to five of Debtors' summary judgment motions regarding asbestos property damage claims (the "Anderson Memorial Responses").[1] These Responses, on behalf of a claimant that has not been selected as named plaintiff for a class that has not been (and is not likely to be) certified are facially improper. In addition, the filing of the *Anderson Memorial* class action in South Carolina in 1992 did not toll the limitations period for any non-South Carolina claimants. Thus, the arguments made in various of these supposed Response briefs to the effect that limitations periods were tolled in 1992 are irrelevant as well as improper.

### I. Anderson Memorial Hospital Cannot Respond On Behalf Of Other Claimants.

As this Court well knows, the Speights & Runyan firm on behalf of Anderson Memorial

---

[1] Specifically, Anderson Memorial Hospital purported to file responses to: (1) Debtors' Motion for Summary Judgment Directed to 9 Claims Based Upon the Statutes of Limitation of Arkansas, Georgia and Delaware; (2) Debtors' Motion for Summary Judgment Directed to 10 Claims from the State of New York; (3) Debtors' Motion for Summary Judgment Alleging Certain Asbestos Property Damage Claims Are Barred by Statutes of Repose; (4) Debtors' Motion for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Claim Nos. 12315 and 12395; and (5) Debtors' Motion for Summary Judgment Directed to 88 Claims from Canada Based Upon the Statute of Limitations.

Hospital filed a Motion for Class Certification before this Court in December 2005. That Motion has not been granted; no class of asbestos property damage claimants has been certified in these bankruptcy proceedings; and this Court has expressed skepticism about the merits of the motion on multiple occasions. It follows, obviously, that Anderson Memorial Hospital has not been selected as the lead plaintiff for any such class. Thus, Anderson Memorial Hospital does not have standing to respond to motions for summary judgment against specific claimants other than itself. The Speights & Runyan firm's attempt to file Responses on behalf of a claimant who has not been selected as the lead claimant for a class that has not been and likely will not be certified should be rejected.

## II. The Filing of the Anderson Memorial Putative Class Action in South Carolina Did Not Toll the Limitations Period for Non-South Carolina Claimants.

The Speights & Runyan firm on behalf of the non-existent *Anderson Memorial* class tries, in four briefs, to claim that its filing of the *Anderson Memorial* putative class action in South Carolina in 1992 tolled all limitations periods for all Speights Asbestos PD claimants. This argument fails because the Speights & Runyan claimants, other than Anderson Memorial Hospital itself, are not and never could have been *Anderson Memorial* class members because they are not South Carolina residents.

South Carolina's "door closing" statute precludes non-residents whose claims did not arise in South Carolina from pursing their claims in South Carolina courts. S.C. Code Ann. § 15-5-150. The statute, which was enacted in 1870 and thus was on the books for many years before the *Anderson Memorial* case was filed, states:

> An action against a corporation created by or under the laws of any other state, government, or country may be brought in the circuit court: (1) by any resident of this State for any cause of action; or (2) by a plaintiff not a resident of this State when the cause of

> action shall have arisen or the subject of the action shall be situated within this State.

*Id.*

Not surprisingly, therefore, and as this Court knows from prior arguments in these proceedings, the *Anderson Memorial* court simply applied the statute's plain language and long-standing precedent and struck the class allegations of non-residents whose buildings were not located in South Carolina, stating "this court cannot assert jurisdiction over the claims of non-resident potential class members under Rule 23, SCRCP [South Carolina Rules of Civil Procedure], whose claims do not arise in South Carolina or whose property at issue is not situated within this state." *Anderson Memorial* 8/9/94 Mem. Op. at 3 (attached hereto as Exh. A). As the *Anderson Memorial* court explained:

> If Anderson Memorial's interpretation were correct, any non-resident could simply evade the jurisdictional strictures of the door closing statute by bootstrapping its cause of action to the cause of action of a resident willing to act as the non-resident's representative. Such an expansive reading of subsection (1) of the statute would eviscerate subsection (2) and conflict with settled South Carolina Supreme Court precedent. The South Carolina Supreme Court has repeatedly construed the door closing statute as narrowing the courts' jurisdiction, not expanding it.

*Anderson Memorial* 8/9/94 Mem. Op. at 5, citing *Cox v. Lunsford*, 272 S.C. 527, 531-32, 252 S.E.2d 918, 920 (1979), and *Central Railroad & Banking Co. v. Georgia Constr. Co.*, 38 S.C. 319, 11 S.E. 192, 203 (1890); *see also Faber v. Faber*, 76 S.C. 156, 56 S.E. 677 (1907) (class action is proper only if composed of plaintiffs who could properly be joined as parties to the action.) A subsequent decision of the South Carolina Supreme Court confirmed that the South Carolina door closing statute prevents non-residents from suing in South Carolina unless their claims arose there. *Bell v. Monsanto Corp.*, 579 S.E.2d 325 (S.C. 2003). As the *Bell* court noted, "Limiting the class to members who qualify under § 15-5-150 simply excludes class

members who would otherwise have no access to our courts via individual lawsuits." *Id.* at 328.

As noted above, although the *Anderson Memorial* court issued its opinion in 1994, the South Carolina "door-closing" statute was the law of that State for many decades before that. And, the precedents applying the statute long predated the filing of the *Anderson Memorial* class action. *See, e.g., Cox,* 272 S.C. at 531-32, 252 S.E.2d at 920 (door closing statute "limits the availability of South Carolina courts"); *Central Railroad,* 38 S.C. 319, 11 S.E. at 203 (it is "very manifest that the object" of the statute "was not to extend the jurisdiction of the courts of this State.")

The *Anderson Memorial* court also expressly rejected precisely what Speights & Runyan is attempting to do in its summary judgment responses:

> Anderson has no authority to assert legal control over or take possession of the constitutionally protected property rights of others. The language of Section 15-5-150 and Rule 23, SCRCP, does not transfer the rights of absent class members to the named plaintiff. The claims that are the subject of the instant motion simply are not Anderson's to bring.

*Anderson Memorial* 8/9/94 Mem. Op. at 7; *see also Middleton v. Sunstar Acceptance Corp.,* 2000 WL 33385388 (S.C. Com. Pl. Jan. 13, 2000) (holding same and adopting *Anderson Memorial v. Grace* rationale)(attached hereto as Exh. B).

Thus, based on the plain language of the South Carolina door-closing statute as well as long-standing precedent in that State, other than Anderson Memorial Hospital on its own behalf, the Speights & Runyon claimants in these bankruptcy proceedings could not have filed individual suits in South Carolina and never were part of the *Anderson Memorial* class. The filing of the *Anderson Memorial* class action in 1992 therefore had no tolling effect as to any Speights & Runyan non-South Carolina claimants.

-4-

## CONCLUSION

For the foregoing reasons, the attempts by Anderson Memorial Hospital to oppose five of the Debtors' Motions must be rejected, and the Debtors' Motions should be granted in their entirety.

Dated: March 23, 2007

REED SMITH LLP
James J. Restivo, Jr. (Bar No. 10113)
Lawrence E. Flatley (Bar No. 21871)
Douglas E. Cameron (Bar No. 41644)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel L. Blatnick
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
Co-Counsel for the Debtors and Debtors in Possession