# EXHIBIT B

Not Reported in S.E.2d                                                                                        Page  1
Not Reported in S.E.2d, 2000 WL 33385388 (S.C.Com.Pl.)
(Cite as: Not Reported in S.E.2d)
c

Middleton v. SunStar Acceptance Corp.S.C.Com.Pl.,2000.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Common Pleas Court of South Carolina.
Sara MIDDLETON, individually and on behalf of others similarly situated, Plaintiff,
v.
SUNSTAR ACCEPTANCE CORPORATION, Defendant.
No. CIV.A. 98-CP-07-1131.

Jan. 13, 2000.

ORDER GRANTING CONDITIONAL CLASS CERTIFICATION
GOODSTEIN, Presiding J.

INTRODUCTION

*1 This matter came to be heard on April 7, 1999, on Plaintiff's Motion for Certification as a Class Action pursuant to Rule 23, South Carolina Rules of Civil Procedure.FN1 Following oral argument and a review of extensive materials submitted by both parties, this Court is of the opinion that, subject to conditions set forth herein, this case is appropriate for treatment as, and should be certified as, a class action pursuant to Rule 23.

FN1. Citations to the South Carolina Rules of Civil Procedure shall hereafter be by rule number only.

This case involves the requirement set forth in Uniform Commercial Code that a creditor, after repossessing collateral following default by a consumer debtor, provide the latter with notice of the intended disposition of the collateral. *South Carolina Uniform Commercial Code,* Section 36-9-504, Code of Laws of South Carolina (1976, as amended) (hereafter the "*UCC* "). Plaintiff alleges that a form used by Defendant to provide such notice was defective as a matter of law, and that such noncompliance results in the imposition of automatic penalties based on the amount of each class member's contract. *UCC,* Section 36-9-507.

Sara Middleton, a resident of South Carolina, had her car repossessed by Defendant in March 1998. Shortly thereafter she received the allegedly defective notice. Her car was subsequently sold by the Defendant.

On July 27, 1998, Plaintiff filed her complaint in this Court seeking the statutory penalty imposed by Section 36-9-507 and seeking to represent a class of similarly situated consumer debtors in thirty-seven states including South Carolina, defined as follows:
All individuals presently or formerly debtors, co-signers, guarantors, or other persons entitled to the notice of intended disposition of repossessed collateral from a secured party, whose collateral was repossessed and disposed of by Defendant in violation of the notice requirements of the Uniform Commercial Code, § 9-504.

*See* Plaintiff's Amended Complaint, ¶ 4.

I. THE DOOR CLOSING STATUTE

While the Court finds that this action is appropriate for conditional class certification, the Court finds that South Carolina's Door Closing Statute bars any class members who are not South Carolina residents and precludes certification of a nationwide class like that described in plaintiff's complaint and motion for class certification. Therefore, the class must be limited to South Carolina residents.

Plaintiff purports to bring this action as a nationwide class action on behalf of a class including people who are not residents of this state. (Amended Complaint, ¶ 4.) Pursuant to the Door Closing Statute, this Court lacks subject matter jurisdiction of such claims. S.C.Code Ann. § 15-5-150 provides as follows:
An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court: (1) By any resident of this State for any cause of action; or (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

*2 In *Nix v. Mercury Motor Express, Inc.,* 270 S.C. 477, 242 S.E.2d 683 (1978), the South Carolina Supreme Court held that a South Carolina resident could not bring an action in a representative capacity on behalf of a non-resident's estate. This holding

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

requires the Court to reject the plaintiff's contention that a resident plaintiff can represent the interest of non-residents and thereby circumvent South Carolina Code Annotated Section 15-5-150(2).

The South Carolina Supreme Court has repeatedly construed the door closing statute as narrowing the courts' jurisdiction, not expanding it. *See, e.g., Cox v. Lunsford,* 272 S.C. 527, 531-32, 252 S.E.2d 918, 920 (1979)(door closing statute "limits the availability of South Carolina courts"); *Central Railroad & Banking Co. v. Georgia Constr. Co.,* 38 S.C. 319, 11 S.E. 192, 203 (1890), (it is "very manifest that the object" of the statute "was not to ... extend the jurisdiction of the courts of this State"). Rules 81 and 82, SCRCP, limit the scope of the Rules, including Rule 23:

These rules, or any of them, shall apply ... within the limits of the jurisdiction and powers of the court provided by law.

These rules shall not be construed to extend or limit the jurisdiction of any court of this State.

Rules 81, 82(a), SCRCP.

Additionally, the South Carolina Constitution makes clear that procedural rules, such as Rule 23, must yield to statutory constraints such as S.C.Code Ann. § 15-5-150. *"Subject to the statutory law,* the Supreme Court shall make rules governing that practice and procedure in all such courts." South Carolina Constitution, Art. V, § 4 (emphasis added).

Further, the General Assembly, in the enabling statute for the South Carolina Rules of Civil Procedure, propounded that "neither the promulgation of the rules nor this act may be construed to affect the substantive legal rights of any party to any civil litigation the court of this State but shall affect only matters of *practice* and *procedure."* 1985 S.C. Act No. 100 § 3 ("Act 100") (emphasis added).

Plaintiff's argument for certification of a nationwide class is that as a South Carolina resident, Plaintiff should be allowed to bring "any cause of action" including a class action involving nonresidents provided all requirements of Rule 23 are met. However, based upon the foregoing analysis, the Court concludes that the language of Section 15-5-150 and Rule 23, SCRCP, does not transfer the **rights of absent class** members to the **named** plaintiff. The claims of non-residents that are the subject of the instant motion simply are not Plaintiff's to bring. To hold otherwise would allow plaintiff's invocation of Rule 23 to open doors S.C.Code Ann § 15-5-150 has already closed.

Because this Court lacks jurisdiction of the plaintiffs' purported nationwide class action, such action only will be conditionally certified as a state-wide class action.FN2

FN2. The Court notes that it is applying the same rationale as that which was applied by the Honorable Judge William L. Howard, Sr., in an Order Granting Defendants' Motion to Strike Class Action Allegations as to Non-Residents Whose Causes of Action are Foreign to South Carolina, dated August 8, 1994, in the case of *Anderson Memorial Hospital v. W.R. Grace & Company,* Civ. No. 92-CP-25-279, such Order having been brought to the Court's attention by Defendant. The Court is not relying upon Judge Howard's Order as authority for any proposition, but rather considers it as it would a memorandum of law. *Higgins v. Medical University of South Carolina,* 326 S.C. 592, 600, 486 S.E.2d 269, 273 (Ct.App.1997).

## II. REQUIREMENTS FOR CLASS CERTIFICATION

\*3 Rule 23 provides that a decision on class certification should be made as soon as practicable. The Court notes that in ruling on a motion for certification, the merits of the case are not to be considered. *E.g., Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974).FN3 Rather, the appropriate inquiry is whether or not, assuming the Plaintiff's allegations to be true, the case is suitable for treatment as a class action. *E.g., Blackie v. Barrack,* 524 F.2d 891, 901 n. 16 (9th Cir1975). The burden of proof on the issue of class certification is upon the plaintiff proponent of certification. *E.g., Waller v. Seabrook Island Property Owners Ass'n,* 388 S.E.2d 799, 801 (SC 1990).

FN3. As the South Carolina Reporter's Notes indicate, South Carolina's Rule 23 is "drawn principally from Federal Rule 23." *See also, McGann v. Mungo,* 340 S.E.2d 154 (SC App 1986)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(Court of Appeals cites federal cases and commentary in construing new Rule 23, SCRCP). Citations to federal case law and the federal rules are based on the principal that interpretations of the federal rule provide guidance in interpreting the South Carolina rule absent material differences in their wording.

The requirements of Rule 23(a) are (1) numerosity, *i.e.*, the impracticality of the joinder; (2) the predominance of common questions of law or fact; (3) typicality of the class representative's claim(s); (4) adequacy of representation; and, (5) an amount in controversy in excess of $100.00 for each class member. These requirements all flow from the same considerations of fairness and efficiency, that is, fairness to the unnamed class members and efficiency in the management and resolution of large numbers of claims. Additionally, the Court must consider whether the class action mechanism is a superior procedure for adjudicating the issues involved. J. FLANAGAN, *South Carolina Civil Procedure*, at 179 (2ed.1996).

Rule 23(b)(3) of the federal rules sets forth four factors to be considered in determining the superiority of the class action mechanism. They are: (1) the interest of class members in individually controlling the litigation of their claims; (2) the existence of pending litigation involving class members; (3) the desirability of focusing litigation in a particular forum; and, (4) difficulties of management likely to be encountered. Defendant raises the fourth of these factors in arguing against certification.

A. Numerosity

There is no magic number necessary to establish numerosity. Instead a court must consider the number of members of the putative class together with other factors, including the size of the class members' claims. Classes with as few as twenty members have often been certified. *E.g., Cypress v. Newport News Gen'l & Non-Sectarian Hosp. Ass'n,* 375 F.2d 648, 653 (4th Cir.1967) (18 members); *Manning v. Princeton Consumer Discount Co.,* 390 FSupp 320 (ED Pa 1975), *aff'd* 533 F.2d 102 (3d Cir1975) (14 members); *Arkansas Educ. Ass'n v. Board of Education of Portland,* 446 F.2d 763 (8th Cir1971) (20 members).

B. Commonality

The requirement that common issues predominate, like the numerosity requirement, has been given a practical, rather than a theoretical or mechanistic interpretation.

The essence of a class action is common questions of law and fact and Rule 23(a)(2) reflects this. It is important to note that the subsection does not demand that all questions of law and fact be common, only that there be common issues among the class. In fact, a single common issue will suffice if it is important enough. It also follows that the mere existence of individual issues does not defeat class action status.

*4 There is no qualitative or quantitative test in the Rule. Ultimately, commonality is a judgment that the issues are sufficiently similar so that the class action will be a more efficient means of resolving the problem, even though some individual issues may be litigated in any event.

H. LIGHTSEY & J. FLANAGAN, *South Carolina Civil Procedure,* at 198 (2d ed.1985) (*cited in McGann v. Mungo,* 340 S.E.2d 154 (SC App.1986).

C. Typicality

This requirement demands merely that "the claims or defenses do not need to be coextensive, but rather similar to, or shared by, most of the members of the class." J. FLANAGAN, *South Carolina Civil Procedure,* at 180 (2d ed.1996).

D. Adequacy of Representation

The requirement of adequacy of representation requires that the proposed class representative be free from interests antagonistic to the interests of other class members, and that class counsel be prepared to adequately and vigorously prosecute the claims of all class members. E.g., *Sosna v. Iowa,* 419 U.S. 393 (1975).

E. Superiority

As noted above, Professor Flanagan identifies an additional factor to be considered in determining the propriety of the class action procedure. This implicit requirement is that "[t]he class action must be a better procedural mechanism for resolving the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in S.E.2d                                                                                                          Page 4
(Cite as: Not Reported in S.E.2d)

litigation than joinder of named parties or individual cases." J. FLANAGAN, *South Carolina Civil Procedure,* at 179 (2d ed.1996).

While there is no "bright-line" test for certification under Rule 23, the four requirements of numerosity, commonality, typicality, and adequacy of representation, together with the requirement that the class action be superior to other procedures, provide the Court with clearly articulated guidelines in determining the appropriateness of the class action procedure in a particular case.

Having carefully considered the oral and written arguments of and having reviewed materials submitted by counsel for both parties, this Court makes the following determinations and on the basis of those determinations and the applicable law concludes that the Plaintiff's cause of action be conditionally certified as a class action.

The following headings address the issues considered by the Court.

Amount in Controversy

1. Plaintiff's proposed class comprises consumers in approximately thirty-seven states who received certain allegedly defective notification forms. Plaintiff's alleges that the claims of class members will exceed $100.00 per claim. Defendant has not contested that Plaintiff has met her burden is establishing this prerequisite.
2. For these reasons, the Court finds and concludes that the Plaintiff has met her burden of showing that the amount in controversy as to the claims of individual class members exceeds $100.00.

Numerosity

3. In responses to discovery, Defendant has represented that approximately 345 automobiles were repossessed and sold in South Carolina during the time frame that it used the allegedly defective notice.
*5 4. For reasons set forth above, the Court concludes that Plaintiff's class may include only South Carolina residents or persons whose causes of action arose in South Carolina. The next question before the Court, then, is whether, given this restriction of the Plaintiff's class, the class is so numerous that joinder is impracticable.

5. Based on the representations of Defendant in discovery and the allegations of Plaintiff involving these 345 instances, the Court is satisfied that joinder of individual class members is impracticable and would unduly and unnecessarily strain judicial resources.
6. The Court therefore finds and concludes that Plaintiff has met the numerosity requirement of Rule 23(a).

Commonality

7. Plaintiff alleges that the form used to provide notice to consumer debtors following the repossession of collateral fails to comply with the requirements of the Uniform Commercial Code. Plaintiff alleges, and Defendant concedes, that the form in dispute was a standard, pre-printed form that was used for approximately a six-month period in South Carolina, and potentially was used in approximately 345 sales of repossessed goods and vehicles and sold in South Carolina.
8. Defendant proffered the deposition testimony of the Plaintiff, who stated that she spoke by telephone with Defendant's representative following repossession of her car. Defendant stated in responses to discovery that one of its representatives told Plaintiff in a post-repossession telephone conversation that Plaintiff had ten days to redeem her car. Defendant produced a telephone log indication that such a conversation occurred.
9. Defendant argues that this and other possible oral communications between its employees and other class members may have included information not provided by the written notices. Defendant suggests that the possibility of such oral communications raises individual issues of oral notice, destroying commonality and rendering the class unmanageable. Defendant presented no evidence that any oral communication occurred on a class-wide basis.
10. Plaintiff responded that even if present, any oral communications would be insufficient, as a matter of law, to "cure" the effect of a patently inaccurate written notice.FN4

FN4. Plaintiff further argues that the evidence presented by Defendant on this issue suggests that the oral communication given to Plaintiff compounded, rather than cured, the allegedly defective written notice, since Plaintiff's redemption period was not limited to ten days as Defendant's representative informed her.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in S.E.2d
(Cite as: Not Reported in S.E.2d)

Page 5

11. In any case, at this stage of the proceedings, the Court finds and concludes that Plaintiff has met her burden of showing that the issue of the alleged defectiveness of the notice predominates over other issues, including the possibility or oral communications. The existence and the effect, if any, of oral communications or oral notice is premature at the certification stage.

12. Where it appears at the certification stage that common issues will predominate, courts will normally grant certification, subject to a motion by the defendant for decertification if individual issues subsequently prove to be dominant. *E.g., Life Ins. Co. of the Southwest v. Brister,* 722 S.W.2d 764, 774-75 (Tex Civ App 1986); see also, *Esplin v. Hirschi, supra.*

*6 13. Because the principal issues requiring a determination are the adequacy, *vel non,* of the form and, in the event Plaintiff prevails on that issue, the appropriate method of calculating damages, it is manifest that common questions of law and fact predominate.

14. In the event the Plaintiff prevails, individual class members' damages will vary. However, their calculation would be susceptible to the application of a mathematical formula. *E.g., Roper v. Consurve, Inc.,* 578 F.2d 1106 (5th Cir1978) (Certification granted where damages calculable by application of a formula to a figure on the face of each class member's contract).

15. Accordingly, the Court finds and concludes that Plaintiff has met her burden under Rule 23(a) as to the predominance of questions of law and fact.

Typicality

16. Plaintiff alleges her car was repossessed by Defendant in March, 1998. Plaintiff further alleges that shortly thereafter she received the form which is the subject of this action. Her cause of action is therefore the same as the cause of action with respect to which she seeks to represent the class.

17. Because there is but one cause of action involved in this case, and because that cause of action is shared, by definition, by all class members, the claim of the named class representative is typical of the claims of unnamed class members.

18. The Court finds and concludes that Plaintiff has met her burden of proof under Rule 23(a) as to the typicality of her claim.

Adequacy of Representation

19. Plaintiff, by affidavit, has alleged facts establishing that her interests in prosecuting this case are consistent with, and not antagonistic to, the interests of the other members of the class she seeks to represent.

20. Defendant asserts that Plaintiff is engaging in impermissible "claim splitting," and, as a result, cannot adequately represent the putative class. Defendant asserts that individual class members have the right to both the automatic statutory penalty and to actual damages, citing *Farmers Branch, Texas v. Guex,* 659 S.W.2d 734 (Tex App 1984), a decision of the Texas Court of Appeals. Arguing that a waiver of one of two available remedies, *i.e.,* a claim for actual damages, would conflict with the interest of unnamed class members, Defendant asserts that the named Plaintiff is inadequate to represent the class.

21. However, on appeal, in *First City Bank-Farmers Branch, Texas v. Guex,* 677 S.W.2d 25 (Tex 1984), the Supreme Court of Texas, in *dictum,* stated that a debtor proving a violation under Section 9-504 of the UCC is entitled to recover either the statutory penalty or actual damages, but not both.

22. As in Texas, South Carolina law would not permit recovery of both the statutory penalty and actual damages under UCC Section 9-507 for the same violation. Therefore, the Court finds and concludes that "claim splitting" is not involved in this case.

23. Defendant also cites *Feinstein, et al. v. The Firestone Tire and Rubber Co.,* 535 F.Supp 595 (SD N.Y.1982), in support of its argument that the named Plaintiff is inadequate. The Court finds that the *Feinstein* case is distinguishable on its facts. The named Plaintiff's election of the statutory penalty in this case is clearly a rational, good faith election. That was not the situation in *Feinstein,* as the Court's opinion in that case amply makes clear.

*7 24. In the event a class member in the present litigation wishes to seek actual damages instead of the statutory penalty, class notice providing an "opt-out" election would permit such a choice.

25. Counsel for the proposed class, based on affidavits submitted to the Court and unchallenged by Defendant, appear to the Court to possess the skill, experience, and resources necessary to vigorously prosecute the case on behalf of all members of the class, and the Court so finds.

26. The Court finds and concludes that Plaintiff has met her burden under Rule 23(a) showing that she, and her attorneys, will adequately represent the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in S.E.2d
(Cite as: Not Reported in S.E.2d)

Page 6

class, and that the latter should be appointed counsel for the class defined herein below.

Superiority

27. During the pendency of these proceedings, Defendant informed the Court that its right to seek deficiency judgments against class members had been sold to third parties.

28. While it conceded that the sale of those deficiency claims rendered moot the issue of Defendant's right to bring counterclaims in this case, Defendant nevertheless argues that the rights of those third parties would affected by this litigation because a finding of liability in this case involves, *ipso facto,* a determination of "commercial reasonableness" of the disposition of the repossessed collateral. Accordingly, those third parties should be provided notice and an opportunity to be heard.

29. From this premise Defendant concludes that individual issues of commercial reasonableness affecting the sales of class members' collateral required individual adjudication, rendering the class action unmanageable.

30. Plaintiff argues, however, this case does not involve the "commercial reasonableness" of the sales. It involves the adequacy of the notice of the intended disposition of the collateral. Section 36-9-504 of the *UCC,* imposes two distinct duties on a creditor following repossession. The first is that all aspects of the disposition of collateral be "commercially reasonable." The second is that the consumer be sent "reasonable notification" of the intended disposition. The duties are separate and distinct.

31. Because this case does not appear at this stage to involve the issues of the creditor's sale of the collateral, commercial reasonableness does not appear to be an issue in this case at this time. *Mathias v. Hicks,* 363 S.E.2d 914 (SC App 1987).

32. Considering the foregoing findings and conclusions, the Court finds and concludes that the class action mechanism is superior to other procedures for the management and administration of this case.

33. Among the findings of the Court in this respect are that: (1) the interest of individual class members in controlling this litigation are relatively insignificant when weighed against the benefits of having all claims adjudicated in a single forum and a single proceeding; (2) there appears to be no pending litigation involving the issues raised by this case in any other forum; (3) there are substantial benefits and advantages to be achieved in terms of the conservation of overburdened judicial resources by focusing the adjudication of this case in a single forum; and (4) there are no substantial difficulties of management likely to be encountered.

*8 34. Specifically, the Court finds that the class action procedure is an especially efficient method of adjudicating the numerous, individually small, consumer claims involved in this case, such that judicial resources and the ends of justice will be served by class certification. The Court notes that such certification is, in any case conditional, and that this Order with the exception of the Court's holding regarding the Door Closing Statute, is subject to review on the motion of a party, or *sua sponte,* should facts develop so as to render class treatment unwarranted.

35. Based on having met her burden of proof under Rule 23(a) with respect to the amount in controversy, numerosity, typicality, predominance of common questions, adequacy of representation, and the superiority of the class action procedure to other available procedures, the Court finds that Plaintiff is entitled to an Order certifying this action as a class action, subject to certain conditions set forth herein.

36. Accordingly, pursuant to this Court's discretion in fashioning Orders appropriate to the circumstances of individual cases, the Court finds and concludes that this case should be certified as a class action, conditioned on the redefinition of the proposed class so as to include only South Carolina residents and nonresidents whose causes of action arose in South Carolina.

WHEREFORE, this Court finds and concludes that:

A. This action, involving the following class of plaintiffs, to wit:

All individuals presently or formerly debtors, co-signers, guarantors, or other persons entitled to notice of the intended disposition of repossessed collateral from a secured party whose collateral was repossessed and disposed of by Defendant in violation of the requirements of Uniform Commercial Code, Section 36-9-504,

should be and the same hereby is certified as a class action pursuant to Rule 23, South Carolina Rules of Civil Procedure; and

B. Counsel for the named plaintiff, to wit: Philip Fairbanks and Kathy D. Lindsay, of the firm of FAIRBANKS & LINDSAY, P.A., Beaufort, South Carolina; Frederick M. Corley, Esquire, Beaufort,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in S.E.2d  
(Cite as: Not Reported in S.E.2d)

Page 7

South Carolina; and Daniel P. Petroski, of the firm of VAHLDIEK, CANO, GRAYSON, HOVENKAMP & PETROSKI, Houston, Texas, should be and hereby are appointed counsel for the class established herein.

AND IT IS SO ORDERED.

S.C.Com.Pl.,2000.  
Middleton v. SunStar Acceptance Corp.  
Not Reported in S.E.2d, 2000 WL 33385388 (S.C.Com.Pl.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.