# EXHIBIT C

# VICTORY VERBATIM COURT REPORTING SERVICES

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

RD/ld

In re:                      } Chapter 11
                            }
W.R. GRACE & CO., et al.,   } Case No. 01-01139 (JKF)
                            } (Jointly Administered)
                            }
     Debtors.               }
                            } Re: Docket No. 13406

- - - - - - - - - -

This is the Deposition of GRAEME MEW in the above-noted matter, taken at the law offices of OGILVY RENAULT, 222 Bay Street, 38th Floor, Toronto, Ontario, on the 15th day of March, 2007.

- - - - - - - - - -

APPEARANCES:
DANIEL A. SPEIGHTS                  -- for the Canada Claimants
Speights & Runyan
200 Jackson Avenue East
P.O. Box 685
Hampton, South Carolina
29924

DOUGLAS E. CAMERON                  -- for W.R. Grace & Co.
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania
15219

JESSICA GLASS                       -- for Official Committee
Kramer Levin Naftalis &                of Equity Shareholders
  Frankel
1177 Avenue of the Americas
New York, New York
10036
(via teleconference)

**Ernst & Young Tower**
**222 Bay St. Suite 900**
**Toronto, Ont. M5K 1H6  416-360-6117**

# VICTORY VERBATIM COURT REPORTING SERVICES

G. Mew - 58

```
 1         A.  No. Yes and no. I guess the two
 2   could overlap, but a fraudulent misrepresentation
 3   would be a misrepresentation that was made when the
 4   maker of the misrepresentation knew it to be untrue.
 5   266.   Q.  Are all three of the
 6   misrepresentations torts?
 7         A.  I am hesitating in answering that,
 8   because misrepresentation is a concept of contract
 9   law, but the use of the word, "negligent
10   misrepresentation" obviously mixes the contract and
11   tort concepts. So, I am reluctant to give you an
12   unequivocal answer to that. I would say that
13   misrepresentation is generally regarded as a branch
14   of the law of contract.
15   267.   Q.  Is there a cause of action for
16   failure to warn?
17         A.  It would be an allegation of
18   negligence, but one sees that allegation made; or
19   breach of contract if it was alleged that there was
20   a duty to warn as an express or implied term of the
21   contract.
22   268.   Q.  Is there a concept of continuing
23   duty to warn in Canada?
24         A.  I'm not sure I would call it a
25   concept, but that is an allegation that could be
```

G. Mew - 59

```
 1   made.
 2   269.   Q.  Would that fall under negligence, as
 3   well?
 4         A.  That is really the same answer as I
 5   gave before; it could be an allegation relating to
 6   the breach of a duty in negligence, or it could be
 7   an allegation relating to the breach of an express
 8   or implied term of the contract.
 9   270.   Q.  Is there a separate products
10   liability cause of action in Canada?
11         A.  No. Products liability is generally
12   a matter of tort and contract law.
13   271.   Q.  In the U.S., in some jurisdictions,
14   there is an allegation that often appears in product
15   liability complaints, that a product was defective
16   because it did not contain an adequate warning. Is
17   there such an allegation that is made in Canada, and
18   if so, what cause of action does it fit under?
19         A.  I would say that the failure to warn
20   would not be an allegation that goes to the route of
21   the defect of the product itself, but would be a
22   collateral obligation that it's alleged the maker or
23   distributor of the product owed to the consumers of
24   that product or people who came into contact with
25   it. So, depending on whether there is a contractual
```

G. Mew - 60

```
 1   nexus, it would be an allegation that was made in
 2   the context of contract or tort.
 3   272.   Q.  In order to have a tort action, must
 4   there be an injury?
 5         A.  There must be a wrong; there has to
 6   be a wrong that is recognized in law.
 7   273.   Q.  What is a wrong?
 8         A.  It depends on what the context is.
 9   274.   Q.  Well, if you had a products
10   liability action sounding in negligence, must the
11   plaintiff prove that there has been injury?
12         A.  To recover damages, you would have
13   to show that there has been...I use the term broadly
14   ...an injury. Obviously, we are going to talk about
15   pure economic loss, but if we are talking about
16   injury, that would be a form of injury.
17   275.   Q.  Is there a recognized treatise, or
18   hornbook as we say in the U.S., on products
19   liability law in Canada?
20         A.  Professor Klar would be one of the
21   ...the Klar's torts textbook would be one of the
22   leading texts, and there is another tort text by Mr.
23   Justice Linden, who is a Federal Court of Appeal
24   judge; and a number of British and Commonwealth
25   texts are also routinely consulted.
```

G. Mew - 61

```
 1   276.   Q.  Are there other experts in Canada on
 2   statutes of limitations?
 3         A.  I'm sure there are.
 4   277.   Q.  If you had a conflict in a matter
 5   and wanted to refer somebody to another expert on
 6   statute of limitations, who would you refer the
 7   person to? You can give me more than one name if
 8   you don't want to discriminate against someone.
 9         A.  Well, there are a number of people.
10   There is a fellow called James Morton; there is a
11   gentleman called Timothy Bates. They are both
12   lawyers here in Toronto. They are the two people
13   who spring first and foremost to mind. In certain
14   discrete areas, there are others, particularly in
15   real estate. But those are a couple of names I
16   would offer to you.
17   278.   Q.  What must a plaintiff prove to
18   recover in an asbestos building case in Canada?
19         A.  The plaintiff would have to show
20   that there was a breach of a duty owed to him, her
21   or it, which resulted in injury, using that term
22   broadly in the way that we did a few minutes ago.
23   279.   Q.  Would you have to identify the
24   manufacturer of the product at issue?
25         A.  If you wanted to recover a judgment
```