## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | [Related to Docket Nos. 14907 and |
| | ) | 14908] |
| | ) | |

## MOTION OF BARON & BUDD, P.C., SILBER PEARLMAN, LLP, AND LEBLANC & WADDELL, LLP FOR EXPEDITED CONSIDERATION OF (i) MOTION TO EXTEND TIME FOR FILING NOTICE OF APPEAL, AND (ii) MOTION TO STAY COMPLIANCE WITH THE ORDER ON MOTION TO COMPEL

Baron & Budd, P.A., Silber Pearlman, LLP, and LeBlanc & Waddell, LLP ("Movants"), by and through their undersigned attorneys, hereby move this Court for an order expediting the hearing and shortening the response time to the (i) Motion to Extend the Time for Filing Their Notice of Appeal with Respect to the Court's Final Order Regarding the Consulting Expert Privilege Pursuant to Fed. R. Bankr. P. 8002(c)(2) (the "Appeal Extension Motion") [Dkt No. 14907] and (ii) Motion to Stay Compliance with the Order on Certain Claimants' Firms' Motion to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire, etc. (the "Stay Motion") [Dkt No. 14908], filed herein by Movants on March 19, 2007, and in support of this motion, Movants state as follows:

---

[1] Debtors are referred to herein collectively as the "Debtor" or "Grace."

-1-

1.      Each of the Movants represents holders of personal injury claims ("Claimants") against Grace  based on exposure to asbestos and/or asbestos-containing products.

2.      On December 22, 2006, this Court entered its "Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire" (the "Initial Order") [Dkt. No. 14150].  In the Initial Order, the Court essentially held that a Claimant who consulted with counsel prior to being diagnosed with an asbestos-related infirmity is incapable of anticipating litigation and thus has no right to claim a consulting expert privilege with regard to such consultation, even if the consultation was arranged by counsel and the physician was not intended to testify at trial.

3.      The Movants, together with other firms, moved the Court to alter or amend its ruling embodied in the Initial Order,[2] which it thereafter did.  On March 6, 2007, the Court entered its Order on Certain Claimants' Firms' Motion to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire Pursuant to Fed. R. Bankr. P. 9023 and Alternative Request for Entry of a Protective Order [D.I. 14763] ("Order on Motion to Reconsider"),  altering and amending its prior ruling to include a protective order, but maintaining the

---

[2] Certain Asbestos Claimants' Firms' Motion to Alter or Amend Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire Pursuant to Fed. R. Bankr. P. 9023, Alternative Request for Entry of a Protective Order, and Memorandum in Support Thereof [Dkt No. 14203].

view that undiagnosed Claimants represented by counsel were incapable of anticipating litigation so as to trigger the protections of Rule 26(b)(4)(B).

4.    Although they are discovery orders, both the Initial Order and the Order on Motion to Reconsider (collectively, the "Orders") are considered orders subject to appeal under the collateral order doctrine.[3]

5.    On March 19, 2007, Movants filed their Notice of Appeal as to the Orders.  [Dkt No. 14901].  Also on March 19, 2007, Movants filed the Appeal Extension Motion and the Stay Motion.  The Appeal Extension motion seeks an extension of time of one business day for Movants to file a notice of appeal from the Orders pursuant to Bankruptcy Rule of Procedure 8002(c)(2).  Movants' failure to file a notice of appeal with respect to the Orders on or before March 16, 2007, is attributable to excusable neglect, the circumstances of which are set forth in the Appeal Extension Motion.

6.    The Stay Motion seeks a stay of compliance with the Orders pending appeal.  Providing the privileged and confidential information required under the

---

[3] *Kelly v. Ford Motor Co. (In re Ford Motor Co.)*, 110 F.3d 954, 958 (3d Cir. 1997); *see also Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 649 (B.A.P. 1st Cir. 1998).  Under the collateral order doctrine enunciated by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), a party may seek review of an interlocutory order if "(1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment."  *In re Ford Motor Co.*, 110 F.3d at 958 (citing *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 860 (3d Cir. 1994)).  The Third Circuit has recognized that discovery orders compelling production of privileged material fall within the collateral order doctrine and are immediately reviewable.  *Id.* at 963.  The Third Circuit allows review of such orders because appeal after final judgment cannot remedy the damage "occasioned by erroneous disclosure of protected materials."  *Id.*

Orders would moot the appeal and the rights asserted thereunder, causing irreparable harm to Movants.

7.    Both the Appeal Extension Motion and the Stay Motion (the "Motions") were properly docketed and scheduled for hearing on the next available omnibus hearing date pursuant to this Court's Amended Order Scheduling Omnibus Hearing Dates for 2007.[4]    Immediately after filing the Motions, however, counsel for Movants contacted counsel for Grace and asked if Grace would agree to expedited consideration of the Motions.    Initially counsel for Grace responded that it was a good idea, but that the matter would be discussed internally.

8.    Before responding to the request, however, on March 21, 2007, Grace filed its Motion to Compel Compliance with Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire [Dkt No. 14929] (the "Motion to Compel").  Along with the Motion to Compel, Grace served a Notice of Hearing which indicated that Grace desired to have the Motion to Compel heard on an expedited schedule on April 11, 2007, although as of the filing of the motion the Court had not granted permission for expedited consideration.

9.    After filing the Motion to Compel, Grace informed counsel for Movants that Grace would actually ***not*** agree to expedite consideration of the Appeal Extension Motion or the Stay Motion, even though both motions contain issues common to Grace's Motion to Compel.

---

[4] Dkt. No. 14068.

10.    After consultation among counsel, it has been agreed that Grace's Motion to Compel will be set for hearing on April 13, 2007.  Grace refuses, however, to agree to set the Appeal Extension Motion and the Stay Motion on the same date.

11.    Grace's position reflects nothing more than rank gamesmanship. Grace filed the Motion to Compel and unilaterally set it for hearing on April 11 without agreement with the actual parties to the motion[5] and without permission of the Court.  Grace clearly desires to obtain a ruling on the Motion to Compel and hopefully moot the Appeal Extension Motion and/or the Stay Motion before they are heard.  The three motions contain common issues of fact and law.  It makes absolutely no sense to hear a motion to compel compliance with an order and not hear a pending motion to stay compliance with the order at the same time.  All issues can and should be decided at once, saving resources of the parties and the Court and avoiding the potential for inconsistent rulings.

12.    Movants therefore request that the Appeal Extension Motion and the Stay Motion be set for hearing at the same time as the Motion to Compel on April 13, 2007, and that responses be due to all motions on April 4, 2007 (the same day that Grace has requested responses be filed to the Motion to Compel). Alternatively, the Court should deny expedited consideration of Grace's Motion to Compel and set the hearing on such motion on the next omnibus hearing on May 2,

---

[5] Apparently the ACC and the FCR agreed to the hearing date of April 11 even before the Motion to Compel was filed, although neither the ACC nor the FCR are parties the motion.  Counsel for Movants did not agree to the hearing date or agree to expedited consideration of the Motion to Compel before it was filed.

2007, with responses due in the normal course pursuant to the controlling Case Management Order.

WHEREFORE, Movants pray that the Court enter its order setting the Appeal Extension Motion and the Stay Motion for Hearing at the same time as the Motion to Compel on April 13, 2007, with responses due on April 4, 2007, or alternatively, that the Court set all three motions for hearing on the next omnibus date of May 2, 2007, and for such other and further relief to which Movant is entitled.

Dated: March 26, 2007

    /s/ Daniel K. Hogan
Daniel K. Hogan (ID No. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone:  (302) 656-7540
Facsimile:   (302) 656-7599
E-mail:  dkhogan@dkhogan.com

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:   (214) 969-4999

**COUNSEL FOR MOVANTS**