## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline:  April 13, 2007 |
| | | Hearing Date:  May 2, 2007 at 2:00 P.M. |

## ZAI CLAIMANTS' MOTION FOR DISCOVERY CONCERNING W.R. GRACE'S
## CONDUCT IN THE ZAI SUMMARY JUDGMENT PROCEEDINGS

### Introduction

The ZAI Claimants have discovered that this Court's December 14, 2006 ZAI Opinion

relies on evidence offered by Grace that Grace had successfully attacked as inadmissible, "for

any purpose" in another proceeding.  This evidence is the ATSDR Study conducted in Libby,

Montana ("the ATSDR Study").  Accepting Grace's offer of the study as competent evidence,

this Court relied on the study in reaching its decision on summary judgment.  The Court ruled on

December 14, 2006, based on Grace's representation, that "[t]he ATSDR Libby Study

introduced by Grace approximates a complete epidemiological study" and "disproved" the claim

that ZAI presented a "heightened threat" to health. (ZAI Op. at 35-37).

The ZAI Claimants have learned that after Grace had offered the ATSDR Study to this

Court as competent evidence disproving disease risk from ZAI, it filed a motion in Grace's

Montana criminal case contending that the same study must be excluded from evidence because:

(1) it was not a scientific study at all; (2) it "ignored settled scientific standards;" (3) it was never

intended to investigate disease risk from environmental exposure to Grace's vermiculite,

1

(including ZAI); and (4) it suffered from numerous scientific shortcomings that "preclude its admission, under <u>Daubert</u>, for any purpose."[1]

On August 31, 2006, while this Court still had Grace's ATSDR evidence under consideration, the Montana federal court <u>granted</u> Grace's motion. Yet Grace did not amend its ZAI pleadings to reflect that the study had been excluded. On December 14, 2006, this Court issued its ZAI Opinion which reflects no awareness that the ATSDR Study it relied on had been successfully attacked by Grace as inadmissible "for any purpose."

Equally remarkable, after the ZAI Opinion was issued, Grace continued to tout the ATSDR Study in these proceedings. At the March 5, 2007 hearing before the district court on the ZAI Claimants' Motion for Interlocutory Appeal of the ZAI Order, Grace's Counsel again described the ATSDR Study as credible evidence that this Court properly relied on. On March 26, 2007, the district court denied an interlocutory appeal.

The ZAI issue is now back before this Court after the district court's refusal to intervene on an interlocutory appeal. Accordingly, it is appropriate for this Court to inquire into the events surrounding Grace's continued proffer of the ATSDR evidence here in light of Grace's successful exclusion of that same evidence as unscientific in another court.

## FACTS

1.      On April 1, 2001, Grace filed for bankruptcy. Grace's national bankruptcy counsel has represented it since that time.

2.      Beginning in mid-2002, this Court set in motion the ZAI science proceedings, anticipating an eventual ZAI Science Trial.

---

[1] <u>United States of America v. W.R. Grace, et al.</u>, No. CR-05-07-M-DWM (Aug. 31, 2006), Defendants' Joint Motion *In Limine* to Exclude Expert Evidence Relating to the ATSDR Medical Testing Program and Memorandum of Law in Support Thereof (May 31, 2006). ["Grace Motion in Limine"]. Attach. A.

3.      Throughout 2002 and into 2003, Grace and the ZAI Claimants engaged in discovery.

4.      On July 7, 2003, Grace filed its motion for summary judgment in the ZAI proceeding. That motion relied on the ATSDR Study, describing it as a scientific study negating any disease risk from ZAI:

> The only available medical testing that included a study of ZAI shows no excess risk. That study, which explicitly identified a group of Libby residents whose only known asbestos exposure was the presence of ZAI in their homes and/or the handling of ZAI, was sponsored by the United States Agency for Toxic Substances and Disease Registry ("ATSDR"). The ATSDR's reports found no association between asbestos disease and living in a home with ZAI or having "handled" ZAI. ATSDR, Year 2000 Medical Testing of Individuals Potentially Exposed to Asbestiform Minerals Associated with Vermiculite in Libby, Montana: A Report to the Community, (August 23, 2001).[2]

5.      On October 18, 2004, this Court held a hearing on Grace's summary judgment motion and related ZAI motions. At the hearing, Grace's Counsel continued to press the ATSDR Study as evidence this Court should accept and rely on:

> So, one needs an epidemiological study. There is none here. We do have a pretty good substitute, a 6,000-person community study that finds no adverse health connection with the use or presence of ZAI insulation in home at Libby.[3]

6.      The Court took the motions under advisement.

7.      On October 27, 2004, Grace received a "target" letter from the Department of Justice regarding its activities in Libby, Montana.[4]

---

[2] Brief of W.R. Grace & Co. in Support of Motion for Summary Judgment, at 31, Dkt. No. 4009 (July 7, 2003). Attach. B. Because of the size of the briefs and transcripts cited herein, the ZAI Claimants are attaching excerpts, but will supply any other parts the Court requests.

[3] Tr. Oct. 18, 2004 Hearing at 18. Attach. C.

[4] Debtors' Motion for Entry of an Order Authorizing Debtors to Advance Certain Legal Fees and Expenses for Certain of Debtors' Current and Former Officers, Directors and Employees, Dkt. No. 6829, at 5 (Nov. 4, 2004). Attach. D.

8.     On November 4, 2004, Grace filed a motion for permission to pay defense costs in the Montana investigation.[5]

9.     On November 15, 2004, this Court granted the motion.

10.     On February 7, 2005, Grace was indicted in Montana federal court for its activities involving Libby vermiculite.

11.     Grace's national bankruptcy counsel represents Grace in the Montana criminal proceedings.

12.     On May 31, 2006, while this Court had the ZAI issues under consideration, Grace's national bankruptcy counsel moved in the Montana case to exclude the same ATSDR Study Grace had previously argued was persuasive evidence to this Court.  In Montana, Grace urged that the ATSDR Study was unscientific and totally inadmissible.  According to Grace:

(1)     "There is no dispute that the ATSDR Screening Program is not an epidemiological study …." (Grace Motion in Limine at 12. Attach. A.);

(2)     The ATSDR data was "not being collected to attribute causality to asbestos contaminated vermiculite on an individual nor population basis." (Grace Motion in Limine at 4.  Attach. A.);

(3)     "The ATSDR Screening Program did not adhere to proper scientific methodology for determining disease causation, and therefore, it is not reliable and it does not provide information that supports an expert opinion that would be helpful to the trier of fact." (Grace Motion in Limine at 10.  Attach. A.);

(4)     The ATSDR effort was not a "study" at all, merely a "Screening Program." (Grace's Motion in Limine at 4.  Attach. A.);

(5)     "The ATSDR Screening Program did not even attempt to study a random sample of the population." (Grace Motion in Limine at 11. Attach. A.);

---

[5] Id.

4

(6)    "[T]he results of the Screening Program cannot assist the trier of fact in determining a fact in issue – such as endangerment or risk from environmental exposures." (Grace Motion in Limine at 14. Attach. A.);

(7)    "In the case of the ATSDR Screening Program, the study design ignored settled scientific standards, inexplicitly cut corners that would otherwise have increased reliability, and failed to use the level of rigor that a reliable study should be able to boast." (Grace Motion in Limine at 17.  Attach. A.).

13.    Grace sought the complete exclusion of the ATSDR Study because "[t]he Screening Program's flaws preclude its admission, under *Daubert*, for any purpose ..." (Grace Motion in Limine at 15.  Attach. A.).

14.    On August 31, 2006, while this Court was continuing to evaluate the ZAI evidence, the Montana federal court granted Grace's motion and excluded the ATSDR Study as failing Daubert for the reasons Grace urged. United States v. W.R. Grace, No. CR05-07-M-DWM (Aug. 31, 2006).  Attach. E.

15.    After securing this ruling, Grace made no attempt to amend its ZAI briefs to reflect its diametrically opposing position on the admissibility of the ATSDR Study in another federal court.[6]

16.    On December 14, 2006, this Court ruled on the ZAI cross-motions for summary judgment, and relied on Grace's offer of the ATSDR Study.  Obviously, unaware that Grace had previously characterized the ATSDR Study as an unscientific, unreliable work that should be excluded from evidence for any purpose, this Court stated:

---

[6] Grace's national bankruptcy counsel was aware of the ruling shortly after it was issued.  Counsel mentioned the Montana ruling in passing at a day-long omnibus conference on September 11, 2006, three months before this Court ruled, but did not bring to the Court's or parties' attention that it involved the same study Grace was urging on this Court as persuasive evidence in the ZAI matter. (Tr. Sept. 11, 2006 Hearing at 20-21).  Attach. F.

> The evidence most similar to this case was examined in the ATSDR Libby study introduced by Grace, which included ZAI and other vermiculite sources of asbestos exposure. (ZAI Op. at 34) (footnote omitted).

And not knowing that Grace had advised another court that "the results of the Screening Program cannot assist the trier of fact in determining a fact in issue – such as endangerment or risk from environmental exposures",[7] this Court described the ATSDR study as highly probative on environmental exposure risk:

> The results of the [ATSDR] study disproved the allegation and showed no heightened or aggravated risk of asbestos disease from the presence of ZAI in residents' attics. (ZAI Op. at 35).

This Court thereafter elaborated on its acceptance and reliance on the ATSDR Study to support Grace's position:

> The ATSDR Libby Study introduced by Grace approximates a complete epidemiological study and it supports the (sic) Grace's contention that ZAI does not pose an unreasonable risk of harm to homeowners. The analysis showed no heightened risk to the Libby community ... (ZAI Op. at 37).

In the conclusion of the ZAI Opinion, this Court reiterated the importance it was attributing to the ATSDR Study in meeting Grace's burden of identifying the absence of a genuine issue of material fact concerning ZAI's disease risk:

> Debtors met this burden when they provided risk assessment, industrial hygiene evaluation, and the ATSDR Libby Study to support a finding that ZAI does not pose an unreasonable risk of harm. The burden then shifted to Claimants to set forth affirmative evidence and specific facts establishing the existence of a material fact in dispute of an element essential to the case. (ZAI Op. at 52) (footnote omitted).

17.    Following issuance of the ZAI Opinion, Grace made no attempt to alert this Court that it had relied on a study that Grace had represented to another court was inadmissible "for any purpose."

---

[7] Grace Motion in Limine at 14. Attach. A.

18.     On December 22, 2006, the ZAI Claimants filed a motion for interlocutory review
of the December 14, 2006 ZAI Order.

19.     On March 5, 2007, Grace's national bankruptcy counsel argued the motion in the
district court and again presented the ATSDR Study as an example of credible evidence this
Court properly considered in making its ruling:

> Now, what did she weigh and balance?  Well, there was on – I am going to
> write small now – on the defense side there was the ATSDR – that was the
> kind of medical survey of people living in Libby that did not turn up –
> who had homes with ZAI in them and did not turn up any pattern of their
> being illness.  So, the defense had that study.[8]

20.     Grace's counsel did not tell the district court that Grace had previously moved
successfully to exclude evidence of the ATSDR Study because it was unscientific and not
designed to look for causation between ZAI and disease.

21.     On March 26, 2007, the district court denied the ZAI Claimants' motion for
interlocutory review, returning the ZAI proceedings to this Court.[9]

### DISCUSSION

The ZAI proceeding is enormously important to Grace and the Claimants.  The stakes are
high for both sides.  Grace badly wanted to win its ZAI summary judgment motions.  Grace's
continued use of the ATSDR Study here raises a serious issue.  Representing to one court that a
scientific study is competent and persuasive evidence on risk of disease, while advising another
court that the work is not even a "study," is unscientific, fails Daubert, and is wholly
inadmissible, raises questions of judicial process that deserve answers.  These include: Did Grace
have a duty to supplement its ZAI briefs to unambiguously inform this Court that it had

---

[8] Tr. March 5, 2007 Hearing at 29.  Attach. G.

[9] Memorandum and Order, No. 07-MC-0005 (RLB) (E.D.Pa. March 26, 2007).  Attach. H.

successfully attacked the admissibility of they very study it was urging this Court to rely on (and

on which this Court did rely)? Can Grace's failure in its duties be dismissed as mere excusable

oversight? Was it appropriate for Grace to rely on a passing mention of the Montana ruling at an

omnibus hearing as sufficient to alert the Court and parties to the fact that the ruling concerned

the same study Grace was proffering in the ZAI proceeding? What corrective measures should

be taken concerning the ZAI Opinion, given its reliance on a study Grace submitted in

bankruptcy proceedings, but disavowed as inadmissible "for any purpose" in another court?

The importance of this issue to the judicial system and parties warrants proceeding

carefully to learn the complete story.[10] Accordingly, the ZAI Claimants request that the Court

grant them ninety (90) days to pursue discovery concerning this situation, and to order all Grace

personnel, including counsel, to make themselves and all relevant documents available without

the necessity of subpoena.[11] Further, the ZAI Claimants request that the Court order Grace and

its counsel to prepare a detailed privilege log for any documents withheld from production. The

Claimants do not foreclose the possibility that they may ask the Court to order a waiver of any

otherwise applicable privileges to the extent such waiver appears appropriate.

The anticipated discovery will focus on such issues as: who among Grace's law firms

handling asbestos matters knew of the Montana ruling and were also involved in ZAI matters;

whether any discussions took place about alerting this Court through the ZAI briefing about

Grace's contradictory position; whether the failure to amend the ZAI briefs was excusable in

light of the complexities of the case; and whether following issuance of the ZAI Opinion with its

---

[10] While the ZAI Claimants do not currently know sufficient facts surrounding this situation to predict the appropriate remedy they might seek, the information currently known suggests that principles of professional responsibility, judicial estoppel, and related doctrines may be implicated. See e.g., New Hampshire v. Maine, 532 US 742, 750, 121 S.Ct. 1808, 1814-15 (2001) [Judicial estoppel prevents a party from "playing 'fast and loose with the courts' ..."].

[11] Such discovery is appropriate under Bankruptcy Rule 7026, made applicable here by Bankruptcy Rule 9014, and under Bankruptcy Rule 2004.

reliance on the ATSDR Study, anyone on Grace's side considered informing the Court it had relied on a study Grace had successfully argued was inadmissible for any purpose. Depending on the answers to these and related questions, the ZAI Claimants will formulate an appropriate request for further court action.

### CONCLUSION

For the foregoing reasons, the ZAI Claimants respectfully request that this Court grant the relief requested herein.

Dated: March 28, 2007
        Wilmington, Delaware

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29464
Telephone: (843) 727-6500

- and -

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, Washington 99201
Telephone: (509) 455-3966

-and-

WILLIAM D. SULLIVAN, LLC

William D. Sullivan (2820)
Elihu E. Allinson, III (3476)
4 East 8th Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 428-8191

*Special Counsel for ZAI Claimants*