# ATTACHMENT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:
W.R. GRACE & CO., et. al.,
    Debtors.

| | |
|---|---|
| ZONOLITE ATTIC INSULATION PROPERTY DAMAGE CLAIMANTS,<br>    Appellants<br><br>v.<br><br>W.R. GRACE & CO., et al.,<br>    Appellees. | CASE NO. 07-MC-0005 (RLB)<br><br>Bankruptcy Case No. 01-1139 |

### MEMORANDUM AND ORDER

BUCKWALTER, S. J.                                                March 26, 2007

    The Zonolite Attic Insulation Property Damage Claimants (ZAI Claimants) seek to appeal the Bankruptcy Court's order of December 14, 2006, docket number 14015. Because the order is interlocutory, the appeal has been filed pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8003.

    Both parties agreed at oral argument that this court should apply the familiar 28 U.S.C. § 1292(b) standards; namely, permit the appeal where the interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Debtor argues in its brief that ZAI Claimants must prove exceptional circumstances as well; that is, something out of the ordinary must exist to depart from the usual policy of

postponing review until after the entry of final judgment. The order in this case is a standard interlocutory one. While not in the order itself, the court in pages 52-53 of this opinion states:

> While the determination made herein may prove to be fatal to the property damage claims, several different theories of liability were proposed in the individual proofs of claim and may still need to be addressed. A status conference will be scheduled to discuss the form of an order regarding disposition of the proofs of claims; that is, which are subject to dismissal based upon the findings herein and what claims, if any, may still remain.

Given the nature of this opinion and order, the ZAI Claimants feel that

> To the extent the Bankruptcy Court's Memorandum Opinion and Order may be read to undermine the viability of some aspects of the ZAI claims, they may significantly impede any progress toward achieving consensual resolution among the key constituencies in the Debtors' bankruptcy.

But this certainly falls short of exceptional circumstances to warrant review of an interlocutory order. Moreover, ZAI Claimants have not pointed out a controlling question of law.

First, ZAI argues that the court disregarded the summary judgment standard, but my reading of the court's opinion is that the standards were not only enunciated in the opinion but followed by the court.

Secondly, and perhaps the single most important argument as to why an appeal should be granted is that the court's decision involved a controlling question of law as to which there is substantial ground for difference of opinion.

It is the Claimants' position that there is extensive precedent establishing that the definitive issue is whether the building is contaminated by asbestos fibers. The court discussed this issue under 2. No Safe Threshold Argument beginning at page 18 of the opinion and framed claimant's position as follows: "Claimants argue that the substantial and unreasonable risk of

2

harm is the release of toxic substances into the environment alone, regardless of the levels released and thus that the ZAI product is unsafe."

Debtor's position is: "that *Greenville*, and other cases cited herein, do not hold that a plaintiff may recover damages without proof that the product creates an unreasonable risk of harm."

The problem with ZAI Claimants' argument is that they cannot point to any case that states that the release of toxic substances alone, regardless of levels, is sufficient. City of Greenville v. W.R. Grace & Co., 827 F.2d 975 (4th Cir. 1987) is the case chiefly cited in support of ZAI's position. My reading of this case suggests that the Bankruptcy Court's opinion did not involve a question of law where there is substantial ground for disagreement. Greenville, in footnote 2, indeed suggests that the testimony, contrary to Grace's contention in that case could reasonably support a jury finding that the levels of contamination posed significant health risks for building occupants. The opinion simply does not stand for the proposition that ZAI Claimants argue.

Failing to show exceptional circumstances and to meet the 28 U.S.C. § 1292(b) standards result in the following order:

AND NOW, this 26th day of March, 2007, it is hereby **ORDERED** that Claimant's motion for leave to appeal Bankruptcy Court's order entered December 14, 2006 is **DENIED**.

BY THE COURT:

RONALD L. BUCKWALTER, S.J.

3