# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS and OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing on behalf of the Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) | |
| Plaintiffs, | ) | Adv. No. 02 - 2210 [LEAD DOCKET] |
| -against- | ) | |
| SEALED AIR CORPORATION and CRYOVAC, INC., | ) | |
| Defendants. | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS and OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS OF W.R. GRACE & CO., suing on behalf of the Chapter 11 Bankruptcy Estate of W.R. GRACE & CO., et al., | ) | Adv. No. 02 - 2211 |
| Plaintiffs, | ) | **W.R. GRACE & CO.-CONN'S MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION TO INTERVENE** |
| -against- | ) | |
| FRESENIUS MEDICAL CARE HOLDINGS, INC. and NATIONAL MEDICAL CARE, INC. | ) | **Affects Dockets 02-2210 and 02-2211** |
| Defendants. | ) | |

*than mere participation as an amicus* be allowed." Id. at 454 (emphasis added). Moreover, forcing Grace to participate in the diminished role of an *amicus* would, in effect, require it to litigate with one arm tied behind its back while at the same time facing serious risk of collateral estoppel for issues resolved in the litigation. Accordingly, Grace must be allowed to intervene as a party in order to protect its estate's interests in this proceeding.

In order to ensure that there is no concern about the role that Grace would play in this proceeding or the recoverability of Grace's fees and costs, Grace will limit its participation to (1) responding to discovery, (2) the presentation of witnesses who were involved in the events and liabilities at issue, (3) the presentation of witnesses regarding Grace's solvency and estimates of its liabilities, including asbestos and environmental liabilities, and (4) the cross examination of plaintiffs' experts on these issues. These issues are squarely within the interests of Grace's estate. In accordance with Fed. R. Civ. P. 24(c), Grace seeks to intervene as a defendant. A copy of Grace's proposed Answer in Intervention is attached to W. R. Grace & Co.-Conn's Renewed Motion to Intervene (the "Renewed Motion").

## ARGUMENT

**I.    Allowing Grace To Intervene As A Defendant Would Pose No Conflict Of Interest.**

Grace seeks to intervene in this proceeding to protect the interests of its estate. Grace has an obligation to represent all of the constituencies of its estate – equity holders, non-tort claimants, the ongoing businesses, etc., as well as the interests of the tort claimants. See United States v. State Street Bank and Trust Co., No. ADV A-01-04605, 2002 WL 417013, at *4 (Bankr. D. Del. Mar. 4, 2002) ("[a]s a debtor-in-possession in a bankruptcy case proceeding under Chapter 11, Debtor has a duty to act on behalf of the Estate for the benefit of *all* creditors")

(emphasis in original) (a copy of the opinion is attached hereto). The Asbestos Committees representing the estates in this adversary proceeding only represent certain tort claimants, and their interest is solely in enhancing the value of those tort claims. Grace, on the other hand, has an obligation as debtor-in-possession to represent all of the estate other constituencies, many of whom do not share the interest in enhancing the value of the tort claims, and who actually have an interest in minimizing the value of those claims. Thus, there is no conflict of interest from refusing to advocate a position that would enhance the value of the tort claims.

Further, the mere fact that this adversary proceeding is a potential claim by which assets may be returned to Debtor's estate does not mean that it is in the estate's best interest to pursue these claims. A debtor-in-possession can investigate a claim and make the judgment that given the negligible likelihood of success, it is not in the estate's interest to pursue the claim. See In re McConnell, 122 B.R. 41, 44 (Bankr. S.D. Tex. 1989) (upholding Trustee's decision not to pursue claims: "this court finds that the Trustee made a reasoned, well thought out, legal and business judgment in deciding whether to assert and pursue these particular causes of action."). Plaintiffs take the shortsighted view that if Debtor's arguments diminish the likelihood of success in the fraudulent transfer proceedings, then it is acting contrary to the best interests of its estate because it is preventing money from being returned to the estate. Plaintiffs fail to consider, however, the effect on the estate from success on certain issues – such as Grace's solvency and the methodology for claims estimation. Success by plaintiffs on those issues would have potentially devastating effects on Debtor's estate. Therefore, it does not create a conflict of interest for a debtor to oppose prosecution of a claim that would not be in the estate's best interests. Here, Grace conducted an extensive factual investigation into the underlying