# EXHIBIT 7



Caplin & Drysdale, Chartered
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
202-862-5000  202-429-3301 Fax
www.caplindrysdale.com

202-862-5007 Direct
jal@capdale.com

August 16, 2006

**VIA E-MAIL AND FIRST-CLASS MAIL**

Barbara M. Harding, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Re:    In re W.R. Grace & Co.: Sealed Air Documents

Dear Barbara:

On behalf of the Official Committee of Asbestos Personal-Injury Claimants ("ACC"), I write to follow up on the Excel spreadsheet that you sent by e-mail to Nathan Finch and Richard Wyron on February 17, 2006. The spreadsheet is entitled "Confidential Documents Used when Caplin was Not Present," and it purports to identify depositions exhibits from the Sealed Air litigation to which Grace continues to assert a privilege. We have reviewed the spreadsheet and copies of the exhibits it purports to identify. Based on that review, I want to bring to your attention a number of errors and inconsistencies in the spreadsheet, in an attempt to come to an agreement with you, if possible, regarding which of the Sealed Air documents the ACC may use without Grace's objection in this estimation proceeding.

As you know, the ACC turned over all of the Sealed Air deposition transcripts, exhibits, and other related documents within its possession, custody, and control, to the United States government pursuant to a subpoena issued to the ACC in the government's criminal action against Grace. Grace received notice of the subpoena and the ACC's anticipated turnover of documents in compliance with that subpoena, and did not object to the subpoena or turnover. Grace's failure to object constituted a waiver of all privilege and confidentiality claims with respect to the Sealed Air documents that the ACC turned over to the United States government under the subpoena.

If I understand your clients' position correctly, Grace is no longer claiming any privilege or confidentiality protection with respect to transcripts of the Sealed Air depositions

Caplin & Drysdale
C H A R T E R E D

Barbara M. Harding, Esq.
August 16, 2006
Page 2

at which the ACC's counsel was present ("PI Depositions") and with respect to exhibits that were marked for identification or otherwise used at the PI Depositions. Additionally, I understand that Grace is not claiming any privilege or confidentiality protection with respect to transcripts of depositions at which the ACC's counsel was not present in large measure because those depositions focused on asbestos property-damage claims or issues rather than asbestos personal-injury claims or issues ("PD Depositions"). Accordingly, Grace does not oppose the ACC's use in discovery in the estimation proceeding of (1) the transcripts and exhibits from the PI Depositions and (2) the transcripts of the PD Depositions, although I understand from your February 17 e-mail that Grace is not waiving any objections it might have as to the relevance or admissibility of these materials. As I understand it, what Grace does oppose is the ACC's use in estimation-related discovery of the exhibits marked for identification in the PD Depositions based on the argument (which the ACC does not accept) that the ACC did not appear at the PD Depositions, and as a result, Grace did not anticipate that the ACC would possess copies of the PD Deposition exhibits, which the ACC subsequently turned over to the United States government. It is these exhibits from the PD Depositions which your spreadsheet of February 17 purports to identify.

Just so the record is clear, the ACC believes that Grace's position regarding the PD Deposition exhibits has no merit. The ACC was a co-plaintiff with the asbestos property-damage committee in the <u>Sealed Air</u> litigation, and therefore shared a common interest with that committee. It is therefore unreasonable for Grace to have assumed or expected that co-plaintiffs with a common interest would not have shared documents used at one another's depositions in the <u>Sealed Air</u> case, even if Grace originally produced such documents pursuant to a protective order.

Nevertheless, despite our clients' respective positions, we did review the deposition exhibits purportedly identified in the spreadsheet, and as noted, found some errors and inconsistencies therein, which are described in greater detail below. As you will see, many of these errors or inconsistencies stem from identical or overlapping exhibit numbers being used for different documents at the PI Deposition and the PD Deposition of Robert Beber. The spreadsheet accentuates the problem by describing, for example, the "Beber Exhibit 7" used in the PD Deposition and then references the Bates range of a different "Beber Exhibit 7" used in the PI Deposition. Additionally, several of the documents that the spreadsheet allegedly identifies as being used only in PD Depositions were actually used as well in some of the PI Depositions. Thus, even if we were to rely on Grace's own legal position (which the ACC believes lacks merit), Grace still could not claim that such documents were subject to any privilege, work product, or confidentiality protections. Finally, the spreadsheet suggests that certain Form 10-Ks that Grace filed with the U.S. Securities and Exchange Commission are confidential and therefore may not be used by the ACC in the estimation proceeding. Given

Caplin & Drysdale
C H A R T E R E D

Barbara M. Harding, Esq.
August 16, 2006
Page 3

that these Form 10-Ks are publicly available documents, we do not understand the basis on which Grace is asserting their confidentiality, and suggest that Grace reconsider its position regarding these documents.

The details of the errors and inconsistencies we found are described below. As noted above, the ACC objects to any position taken by Grace that the documents purportedly identified in the spreadsheet are still subject to Grace's assertion of privilege or confidentiality based on the argument that the ACC's counsel was not present at the PD Depositions. The ACC believes such a position lacks merit for the reasons stated above, but as noted below, even if we were to apply the test or standard that Grace purports to champion – *i.e.*, privilege or confidentiality based on the apparent absence of the ACC's counsel at the PD Depositions, Grace still could not shield many of the documents identified in the spreadsheet from the ACC's use in the estimation proceeding, since such documents were also used by the ACC in the PI Depositions under different exhibit numbers.

### Beber Exhibit 7

The spreadsheet describes this document as "Asbestos Property Damage Cases open as of July 31, 1997," and as bearing the Bates range of 79-0280 to 79-0283. The spreadsheet is probably referring to one of two possible documents that were marked for identification as Exhibit 7 during the depositions of Robert Beber.

The first possible document is a letter dated January 17, 1996, from James Restivo to Price Waterhouse LLP, which as indicated by the spreadsheet bears the Bates number range of 79-0280 to 79-0283. Judging from the exhibit label, this document appears to have been marked as Exhibit 7 during the July 31, 2002 deposition of Mr. Beber, and not the August 30, 2002 deposition, as indicated by your spreadsheet. Even though the Bates numbers correspond with those on the spreadsheet, the description does not so correspond based on the obvious impossibility that a letter dated January 17, 1996, would be able to accurately describe property-damage cases "open as of July 31, 1997."

This brings us to the second possible document, which was marked for identification as Exhibit 7 during the August 30, 2002 deposition of Mr. Beber. This second document is the "Monthly Asbestos Litigation Summary" (MALS) for July 1997, which is consistent with the description in the spreadsheet. Nevertheless, contrary to what the spreadsheet says, the Bates range on this document runs from 53-0570 to 50-0765.

Judging from the deposition transcripts, the ACC appeared and examined Mr. Beber at his July 31, 2002 deposition, but appears not to have made an appearance at his August 30,

Caplin & Drysdale
CHARTERED

Barbara M. Harding, Esq.
August 16, 2006
Page 4

2002 deposition. However, the ACC did mark and use the second document – the MALS report for July 1997 – during the July 31, 2002 deposition of Mr. Beber (Beber Ex. 6) and the deposition of John Port (included in composite Port Ex. 1A). For these reasons, Grace cannot object to the ACC's use of either of the two possible documents referenced in your spreadsheet.

**Beber Exhibit 9**

The spreadsheet describes this document as "Asbestos Property Damage Cases Open as of June 30, 1997," and as bearing the Bates range of 53-0058 to 50-791. The spreadsheet is probably referring to one of two possible documents that were marked for identification as Exhibit 9 during the depositions of Robert Beber.

The document referenced in the spreadsheet does match the document that was marked for identification as Exhibit 9 during Mr. Beber's August 30, 2002 deposition: Exhibit 9 is a MALS report for June 1997, and has a Bates number range of 53-0058 to 50-791. (Obviously, the Bates labels are not in numerical order.) However, a redacted version of the June 1997 MALS report was included in the ACC's composite Exhibit 1A during its deposition of John Port. Accordingly, Grace cannot object to the ACC's use of at least the redacted version of this MALS report that was marked and used at Mr. Port's deposition.

**Beber Exhibit 10**

According to your spreadsheet, Beber Exhibit 10 is a one-page document bearing the Bates label "CONF-BD-0063." A document which had a first page bearing that same Bates label was marked and used at the *July 31, 2002* deposition of Mr. Beber. According to the transcript, the ACC appeared and examined Mr. Beber at his July 31 deposition. The document marked as Beber Exhibit 10 at the *August 30, 2002* deposition of Mr. Beber (referenced in the spreadsheet) is a one-page document bearing the Bates label "90-0871," which obviously is different from the Bates label referenced in the spreadsheet.

In any case, the document marked as Exhibit 10 at Mr. Beber's July 31, 2002 deposition (whose first page has the Bates label "CONF-BD-0063") was also marked for identification by the ACC as Exhibit 7 at Mr. Port's deposition of July 19, 2002. Additionally, the document marked as Exhibit 10 at Mr. Beber's August 30, 2002 deposition, bearing Bates label "90-0871" was marked as Exhibit 9 in Mr. David Siegel's deposition of September 19, 2002 – a deposition in which the ACC appeared through counsel and examined the witness. Accordingly, Grace cannot object to the ACC's use in this estimation proceeding of either of the two documents marked as Beber Exhibit 10.

Caplin & Drysdale
C H A R T E R E D

Barbara M. Harding, Esq.
August 16, 2006
Page 5

### Beber Exhibit 11

The spreadsheet describes "Beber Exhibit 11" as the "Monthly Asbestos Litigation Report, for 12/1998," which has the Bates range of BD-0590 to BD-0664.  As with Beber 9, the spreadsheet appears to be referencing one of two possible documents that were marked "Beber Exhibit 11" during the <u>Sealed Air</u> depositions.

The first possible document is a memorandum dated August 13, 1997, from the law firm of Wachtell, Lipton, Rosen & Katz to the Board of Directors of W.R. Grace & Co. Consistent with the spreadsheet, this document bears the Bates range of BD-0590 to BD-0664. However, contrary to what the spreadsheet says, this document clearly is not the MALS report for December 1998.  This document was marked and used at the July 31, 2002 deposition of Mr. Beber – a deposition in which the ACC appeared through counsel and examined the witness.

The second possible document is, in fact, the MALS report for December 1998, and was marked as "Beber 11" at Mr. Beber's August 30, 2002 deposition.  However, contrary to what the spreadsheet says, the document's Bates range runs from 50-0922 to 50-0947.

In any case, it does not matter which of these documents your spreadsheet is actually referring to, because both of the documents were marked and used as exhibits at the depositions conducted by the ACC.  As to the first possible document, having the Bates range of BD-0590 to BD-0664, this was marked for identification as Exhibit 9 during the deposition of Mr. Jay Hughes.  As to the second possible document, with the Bates range of 50-0922 to 50-0947, a slightly redacted version of this MALS report was included in composite Exhibit 1A at the deposition of Mr. John Port.  For these reasons, Grace cannot object to the ACC's use in this estimation proceeding of either of these two documents marked as Beber Exhibit 11.

### Beber Exhibit 12

The spreadsheet describes "Beber Exhibit 12" as the "Monthly Asbestos Litigation Report, for 12/1999," which has the Bates range of 79-0589 to 79-0616.  As with Beber 9 and 11, the spreadsheet appears to be referencing one of two possible documents that were marked "Beber Exhibit 12" during the <u>Sealed Air</u> depositions.

The first possible document appears to be a set of tables or spreadsheets prepared by the accounting firm of Price Waterhouse LLP, entitled "W.R. Grace Claims and Indemnity Projections."  Consistent with the spreadsheet, this document bears the Bates range of 79-0589 to 79-0616.  However, contrary to what the spreadsheet says, this document clearly is *not* the

Caplin & Drysdale
C H A R T E R E D

Barbara M. Harding, Esq.
August 16, 2006
Page 6

MALS report for December 1999. This document was marked and used at the July 31, 2002 deposition of Mr. Beber – a deposition in which the ACC appeared through counsel and examined the witness.

The second possible document is, in fact, the MALS report for December 1999, and was marked as "Beber 12" at Mr. Beber's August 30, 2002 deposition. However, contrary to what the spreadsheet says, this document's Bates range runs from 91-0975 to 91-1001.

In any case, it does not matter which of these documents your spreadsheet is actually referring to, because both of the documents were marked and used as exhibits at the depositions conducted by the ACC. As to the first possible document, having the Bates range of 79-0589 to 79-0616, this was marked for identification as Exhibit 5 during the deposition of Mr. John Port. As to the second possible document, with the Bates range of 91-0975 to 91-1001, this MALS report was included in composite Exhibit 1B at Mr. Port's deposition. For these reasons, Grace cannot object to the ACC's use in this estimation proceeding of either of these two documents marked as Beber Exhibit 12.

**Beber Exhibit 13**

The spreadsheet describes "Beber Exhibit 13" as the "Asbestos Property Damage cases Disposed in 2000," which has the Bates range of 79-0532 to 79-0588. As with Beber Exhibits 9, 11, and 12, the spreadsheet appears to be referencing one of two possible documents that were marked "Beber Exhibit 13" during the <u>Sealed Air</u> depositions.

The first possible document appears to be a memo dated May 30, 1997, from J.M. Posner of Grace's Corporate Risk Management division in Boca Raton, Florida. This document was marked and used at the July 31, 2002 deposition of Mr. Beber – a deposition in which the ACC appeared through counsel and examined the witness. Consistent with the spreadsheet, this document bears the Bates range of 79-0532 to 79-0588. However, contrary to what the spreadsheet says, this document clearly does not pertain to property-damage cases "disposed in 2000," since it is dated more than three years earlier – May 30, 1997.

The second possible document is an MALS report for December 2000, and was marked as "Beber 12" at Mr. Beber's August 30, 2002 deposition. However, contrary to what the spreadsheet says, this document's Bates range runs from 91-1296 to 91-1321.

In any case, it does not matter which of these documents your spreadsheet is actually referring to, because both of the documents were marked and used as exhibits at the depositions conducted by the ACC. As noted, the first possible document, having the Bates

Caplin & Drysdale
C H A R T E R E D

Barbara M. Harding, Esq.
August 16, 2006
Page 7

range of 79-0532 to 79-0588, was used at Mr. Beber's July 31, 2002 deposition – a deposition at which the ACC appeared and examined the witness.  As to the second possible document, having the Bates range of 91-1296 to 91-1321, this MALS report was marked for identification as Exhibit 2 during Mr. Siegel's deposition of September 19, 2002, was marked for identification as Exhibit 5 during Mr. Beber's deposition of July 30, 2002, and was included in composite Exhibit 1B at Mr. Port's deposition.  For these reasons, Grace cannot object to the ACC's use in this estimation proceeding of either of these two documents marked as Beber Exhibit 13.

**Beber Exhibit 14**

The spreadsheet purports to reference the document marked as Exhibit 14 during Mr. Beber's deposition of August 30, 2002.  However, the Bates range referenced for Exhibit 14 in the spreadsheet appears to be the range of the documents marked as Exhibit 14 at Mr. Beber's *July 31, 2002* deposition.  (The Bates range of Exhibit 14 in the July 31 deposition is 91-840 to *91-0843*, while the Bates range referenced in the spreadsheet is 91-0840 to 91-*0943*.)  Since the ACC marked and used the documents identified as Exhibit 14 at the July 31, 2002 deposition of Mr. Beber (*i.e.*, the documents with the Bates range of 91-0840 to 91-0843), Grace cannot object to the ACC's use of such documents in the estimation proceeding.

**Beber Exhibit 15**

The spreadsheet does not describe Beber Exhibit 15, but sets forth a Bates range of 91-0350 to 91-402.  The document bearing that Bates range was the "Exhibit 15" used at Mr. Beber's July 31 deposition, in which the ACC appeared and participated.  The "Exhibit 15" used at Mr. Beber's August 30 deposition was the MALS report for March 2000.

Again, as with the other exhibits, Grace cannot challenge the ACC's use of these documents, which were each marked for identification as "Exhibit 15."  The MALS report used at Mr. Beber's August 30 deposition was included in composite Exhibit 1B at the ACC's deposition of Mr. Port on July 18, 2002 and August 21, 2002.  And, as noted above, the document with the Bates range of 91-0350 to 91-402 was marked and used at a deposition, in which the ACC appeared and participated.

**Beber Exhibit 17**

Similar to the other exhibits discussed above, there were two different documents that were each marked for identification as "Beber Exhibit 17" during the course of the Sealed Air depositions.  Contrary to what the spreadsheet says, the "Exhibit 17" actually used at the

Caplin&Drysdale
C H A R T E R E D

Barbara M. Harding, Esq.
August 16, 2006
Page 8

August 30, 2002 deposition does not appear to have any Bates labels on it. The other document, which was marked as "Exhibit 17" at the July 31, 2002 deposition of Mr. Beber, has a Bates number range that is identical to the range represented on the spreadsheet for "Beber Exhibit 17." Since counsel for the ACC appeared and participated in the July 31, 2002 deposition of Mr. Beber, Grace cannot object to the ACC's use of the document that was marked as Exhibit 17 at the July 31 deposition.

**Hayes Exhibits 12 and 17**

Hayes Exhibits 12 and 17, which are Bates-labeled GOV-0453 to GOV-0523 and GOV-0957 to GOV-1041 respectively, are Form 10-Ks that most certainly appear to have been filed with the U.S. Securities and Exchange Commission, and therefore are a matter of public record. We do not understand the basis on which Grace may claim privilege or confidentiality with respect to these public documents. Please advise us whether or not it is still Grace's position that Hayes Exhibits 12 and 17 are privileged or confidential.

\* \* \*

To avoid further confusion regarding the status of the Sealed Air documents, I have attached a list of all the Sealed Air deposition exhibits that were turned over to the United States government pursuant to the subpoena, which we believe are no longer privileged or confidential. The documents are identified by deponent name, deposition exhibit number, date of deposition, Bates number range, and description of document. Unless we hear otherwise from you by August 29, 2006 as to any of these documents you believe are still confidential, we will treat them as public documents.

If you disagree and believe any of these documents are still confidential, specifically identify them by August 29, 2006, and we will take the matter up with the discovery mediator. Please do not hesitate to call me if you have any questions or wish to discuss this matter further.

Very truly yours,

Jeffrey A. Liesemer

Enclosure

## INDEX OF <u>SEALED AIR</u> DEPOSITION EXHIBITS

| Exhibit Number | Date of Deposition | Bates Range | Description |
|---|---|---|---|
| Florence-1 | 7/3/2002 | WL 56 0000376 - WL 56 0000376 | Brief Statement of Experience and Qualifications |
| Florence-2 | 7/3/2002 | No numbering | Re-estimation of Claims to be Filed Against the Manville Trust: Forecast Strategy and First Results, May 28, 1997 |
| Florence-3 | 7/3/2002 | No numbering | Affidavit of B. Thomas Florence in Support of Confirmation of the Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code for Fuller-Austin Insulation Company |
| Florence-4 | 7/3/2002 | WL 48 0001399 - WL 48 0001403 | Memo from Wachtell, Lipton re: Asbestos Due Diligence, dated December 7, 1995 |
| Florence-5 | 7/3/2002 | AO1475 0001 - AO1475 0005 | Letter to Tillinghast attaching: (1) BI Claim Disposition Counts and Averages by Most Severe Alleged Injury, Year Served, and Year of Disposition and (2) BI Claim Disposition Counts and Averages by State of Jurisdiction and Year of Disposition, dated January 11, 1996 |
| Florence-6 | 7/3/2002 | 54-0260 – 54-0305 | Letter to Tillinghast from KPMG attaching: (1) Claim Resolution Averages by Alleged Injury and Year Served, (2) Use of Arithmetic Means of Resolution Values and Impact of a 3.5% per Year Increase in Resolution Costs, (3) Distribution of Year of First Exposure to Asbestos Given the Year of Diagnosis, (4) Forecasts Produced by Using a Calibration Period of 1990 to 1994, and (5) Computation of the Propensity to |

| | | | File Assumption in the Post 2000 PD Estimate (dated December 28, 1995) |
|---|---|---|---|
| Port Exhibit 1-A | 7/18/2002 | 50-0002 – 50-1229 | Monthly Asbestos Litigation Summary, from March 1995 to January 1999 |
| Port Exhibit 2 | 7/18/2002 | 52-0171 – 52-0174 | Grace Memo re: Asbestos Estimates, dated January 25, 1996 |
| Port Exhibit 3 | 7/18/2002 | 52-0099 | Calculation of Bodily Injury Reserve – through August 31, 1996 |
| Port Exhibit 4 | 7/18/2002 | CONF-BD-0060 - CONF-BD-0061 | Texas Asbestos Personal Injury Settlement |
| Port Exhibit 5 | 7/18/2002 | 79-0589 – 79-0616 | W.R. Grace Claims and Indemnity Projections, Presented December 13, 1996 |
| Port Exhibit 6 | 7/18/2002 | 53-0003 | W.R. Grace & Co., Reserve for Asbestos-Related Litigation, As of December 31, 1996 |
| Port Exhibit 7 | 7/18/2002 | CONF-BD-0063 - CONF-BD-0077 | Asbestos Bodily Injury Forecast Overview |
| Port Exhibit 8 | 7/18/2002 | 79-0415 – 79-0431 | Grace Memo re: Asbestos-Bodily Injury Only |
| Port Exhibit 9 | 7/18/2002 | 53-0044 | W.R. Grace Reserve for Asbestos-Related Litigation as of June 30, 1997 |
| Port Exhibit 11 | 7/18/2002 | HL 000463 - HL 000464 | Fax from Susan Eccher to LaGrecca re: W.R. Grace & Co. Asbestos Analysis, dated July 24, 1997 |
| Port Exhibit 13 | 7/18/2002 | 53-0495 | W.R. Grace & Co. Asbestos Expenditures by Month as of September 30, 1997 |
| Port Exhibit 14 | 7/18/2002 | 79-0517 – 79-0531 | W.R. Grace & Co. Asbestos Liability Projections Five Year Projection through 12/31/2002 |
| Port Exhibit 15 | 7/18/2002 | 53-0382 – 53-0385 | W.R. Grace & Co. Asbestos Analysis |
| Port Exhibit 16 | 7/18/2002 | 53-0410 | Asbestos Bodily Injury Claims Served |
| Port Exhibit 19-A | 7/18/2002 | 53-0736 | W.R. Grace & Co. Analysis of Asbestos Expenditures, As of March 31, 1996 |
| Port Exhibit 19-B | 7/18/2002 | 53-0712 | W.R. Grace & Co. Analysis of Asbestos-Related Insurance Receivable, As of March 31, 1996 |

| Port Exhibit 20 | 7/18/2002 | 53-0701 | W.R. Grace & Co., Reserve for Asbestos-Related Litigation, As of March 31, 1998 |
|---|---|---|---|
| Port Exhibit 22 | 7/18/2002 | 53-0831 - 53-0855 | Monthly Asbestos Litigation Summary – December, dated January 14, 1999 |
| Port Exhibit 23 | 7/18/2002 | 79-1144 | W.R. Grace & Co. Asbestos Analysis |
| Port Exhibit 36 | 7/18/2002 | No numbering | Harashe v. Flintkote, 848 S.W.2d 506 (Mo. Ct. App. 1993) |
| Port Exhibit 37 | 7/18/2002 | No numbering | Grace's Updated Asbestos Property Damage Data File |
| Port Exhibit 1-B | 8/21/2002 | 91-0974 – 91-1639 | Monthly Asbestos Litigation Summary, from February 1999 to April 2001 |
| Port Exhibit 1-C | 8/21/2002 | 91-0425 – 91-0430 | Fax from Rourke to Tarola Re: Future Asbestos Claims |
| Port Exhibit 40 | 8/21/2002 | 97-0002 – 97-0058 | First Consolidated and Amended Class Action Complaint and Demand for Jury Trial |
|  |  | 97-0059 – 97-0097 | Class Action Complaint and Demand for Jury Trial |
|  |  | 97-0098 – 97-0121 | Class Action Complaint and Demand for Jury Trial |
|  |  | 97-0122 – 97-0145 | Amended Class Action Complaint for Injunctive Relief and Damages |
|  |  | 97-0146 – 97-0168 | Class Action Complaint for Injunctive Relief and Damages |
|  |  | 97-0169 – 97-0195 | Class Action Complaint |
|  |  | 97-0196 – 97-0244 | Amended Class Action Complaint for Injunctive Relief and Damages |
|  |  | 97-0245 – 97-0260 | Class Action Complaint |
|  |  | 97-0261 – 97-0270 | Stipulation for Voluntary Dismissal |
|  |  | 97-0271 – 97-0294 | Class Action Complaint |
|  |  | 97-0295 – 97-0316 | Class Action Complaint for Injunctive Relief and Damages |
|  |  | 97-0317 – 97-0329 | Complaint and Jury Demand |
|  |  | 97-0330 – 97-0345 | Plaintiffs' Third Amended Original Petition |

| Siegel Exhibit 1 | 9/19/2002 | No numbering | Supplemental Witness Disclosure of W.R. Grace & Co. – Conn. |
|---|---|---|---|
| Siegel Exhibit 2 | 9/19/2002 | 91-1296 - 91-1321 | Monthly Asbestos Litigation Summary – December, dated January 9, 2001 |
| Siegel Exhibit 3 | 9/19/2002 | 109-2087 - 109-2088 | Letter from Grace re: Grace/AIG Settlement Agreement, dated May 9, 2001 |
| Siegel Exhibit 4 | 9/19/2002 | 111-0611 | Chart with Handwritten notes re: Property Damage |
| Siegel Exhibit 5 | 9/19/2002 | 86-2811 - 86-2818 | W.R. Grace & Co. – Conn., Asbestos-In-Building Litigation, Case Status Report, Pacific Freeholds |
| Siegel Exhibit 6 | 9/19/2002 | 112-0024 | Notes on the PD Reserve Figure |
| Siegel Exhibit 7 | 9/19/2002 | 91-1614 – 91-1639 | Monthly Asbestos Litigation Summary – March, dated April 11, 2001 |
| Siegel Exhibit 8 | 9/19/2002 | 90-0862 | Chart re: Estimate Notations |
| Siegel Exhibit 9 | 9/19/2002 | 90-0871 | Chart re: RHB Reserve Amount and PwC/Controller's Amount |
| Siegel Exhibit 10 | 9/19/2002 | 109-0248 | Handwritten notes re: Current property damage and BI |
| Siegel Exhibit 11 | 9/19/2002 | No numbering | W.R. Grace & Co.- Conn.'s Response to Plaintiffs' Third Request for Production of Documents and Plaintiffs' Second [SIC-Third] Set of Interrogatories |
| Siegel Exhibit 12 | 9/19/2002 | 51-1281 – 51-1416 | Confidential Settlement Agreement, entered into December 1, 1997 |
| Siegel Exhibit 13 | 9/19/2002 | 109-0071 - 109-0075 | Grace Memo re: Proposed Inventory Settlement of Asbestos BI Cases, dated March 11, 1999 |
| Siegel Exhibit 14 | 9/19/2002 | 109-2841 - 109-2864 | Letter from Jay Hughes to David Sigel, attaching a letter re: Room for Subjective Argument in AMA Guides, dated June 29, 2001 |
| Siegel Exhibit 15 | 9/19/2002 | 109-0237 - 109-0245 | Handwritten notes, dated July 1998 |

| Siegel Exhibit 16 | 9/19/2002 | 109-3004 | Email from Jay Hughes to David Siegel re: Manville Trust, dated September 8, 1999 |
|---|---|---|---|
| Siegel Exhibit 17 | 9/19/2002 | 109-2966 - 109-2987 | Review of Asbestos Liability Estimate Methods and Assumptions, dated September 10, 1999 |
| Siegel Exhibit 18 | 9/19/2002 | 91-0425 – 91-0430 | Fax from ARPC to Robert Tarola re: Future Claims Memo, dated January 17, 2001 |
| Siegel Exhibit 19 | 9/19/2002 | 109-0250 - 109-0261 | Fax from Baker & McKenzie to Elyse Napoli re: Asbestos Liability Corporation Outline, dated May 28, 1998 |
| Siegel Exhibit 20 | 9/19/2002 | CONF-BD-0063 - CONF-BD-0074 | Asbestos Bodily Injury Forecast Overview |
| Siegel Exhibit 21 | 9/19/2002 | 96-0076 – 96-0077 | Grace Memo re: Asbestos Reserve, dated February 16, 2001 |
| Siegel Exhibit 22 | 9/19/2002 | 109-0173 - 109-0179 | Grace Memo re: W.R. Grace & Co. – Conn Asbestos Bodily Injury Litigation, dated December 8, 1998 |
| Siegel Exhibit 23 | 9/19/2002 | 51-1062 – 51-1068 | Letter from Robert Beber to Jay Hughes re: Audit Committee, dated December 2, 1997 – attaches charts of the asbestos reserve and receivable activity |
| Hughes Exhibit 1 | 7/19/2002 | 79-0280 – 79-0283 | Letter from Reed Smith to Price Waterhouse re: information in connection to an examination of W.R. Grace & Co.'s financial statements, dated January 17, 1996 |
| Hughes Exhibit 2 | 7/19/2002 | No numbering | Asbestos Bodily Injury Cases with a Judgment Settlement |
| Hughes Exhibit 3 | 7/19/2002 | 53-0432 | Article from Andrews Asbestos: Dallas Jury Holds W.R. Grace Liable for $9.35M in Two Cases, dated November 21, 1997 |
| Hughes Exhibit 4 | 7/19/2002 | No numbering | Article from the Wall Street Journal: Class-Action Settlement Proposal is Upset by Supreme Court Ruling, dated July 10, 1997 |
| Hughes Exhibit 5 | 7/19/2002 | 69-1037 – 69-1038 | Handwritten notes re: Curlough v. Amchem |

| | | | |
|---|---|---|---|
| | | | Products, et al. |
| Hughes Exhibit 6 | 7/19/2002 | 76-0278 - 76-0282 | Memorandum to R.H. Beber re: Possible Class Action Settlement for Future Asbestos Bodily Injury Claims, dated December 6, 1994 |
| Hughes Exhibit 7 | 7/19/2002 | 77-0128 - 77-0130 | Memorandum to R.H. Beber re: Asbestos Bodily Injury Litigation, dated January 13, 1995 |
| Hughes Exhibit 8 | 7/19/2002 | 77-0286 - 77-0288 | Grace Memo re: Asbestos Bodily Injury Case Assessments, dated July 25, 1996 |
| Hughes Exhibit 9 | 7/19/2002 | BD-0590 – BD-0664 | Memorandum from Wachtell, Lipton to W.R. Grace & Co. re: summary of significant terms of the proposed transactions and a presentation concerning solvency, dated August 13, 1997 |
| Hughes Exhibit 10 | 8/21/2002 | 91 - 2023 – 91-2048 | Fax from Grace attaching a Memorandum re: Key Factors Affecting Actual and Estimated Liability, dated September 29, 1999 |
| Hughes Exhibit 11 | 8/21/2002 | 91-0425 - 91-0430 | Fax from ARPC to Rourke re: Future Claims Memo, dated January 17. 2001 |
| Hughes Exhibit 12 | 8/21/2002 | 109-0150 - 109-0156 | Grace Memo re: W.R. Grace & Co. – Conn. Asbestos Bodily Injury Litigation, dated December 8, 1998 |
| Hughes Exhibit 13 | 8/21/2002 | 109-0071 - 109-0075 | Grace Memo re: Proposed Inventory Settlements of Asbestos BI Cases, dated March 11, 1999 |
| Hughes Exhibit 14 | 8/21/2002 | 108-2478 - 108-2482 | Description of Various Law Firms, including: Law Office of Peter Angelos; Baron & Budd; Foster & Sear; Goldberg, Persky, Jennings & White; Kelley & Ferraro; LeBlanc, Maples & Waddell; Ness, Motley; Provost & Umphrey; Read, Morgan & Quinn; Louis Robles; Silber Pearlman,; |

| | | | Weitz & Luxenberg; and William & Bailey, dated July 19, 2000 |
|---|---|---|---|
| Hughes Exhibit 15 | 8/21/2002 | 109-0456 - 109-458 | Grace Memo re: W.R. Grace & Co.-Conn. Asbestos Litigation, dated October 12, 1999 |
| Hughes Exhibit 16 | 8/21/2002 | 109-0531 - 109-0533 | Message from Jay Hughes, attaching Wall Street Journal Article: Despite State Tort Reform, Asbestos Litigation Thrives, dated October 27, 1999 |
| Hughes Exhibit 17 | 8/21/2002 | 91-0181 – 91-0182 | Asbestos Related Liability Review, June 17, 1999 |
| Hughes Exhibit 18 | 8/21/2002 | 91-2066 – 91-2072 | Fax from Grace, dated March 15, 1999, attaching various charts, including: Asbestos Reserve, Number of Pending Claims and Estimate of the Number of Future Claims by Injury, Projected Claims by Disease, Asbestos Bodily Injury Claims Served, and Restructuring Charge and Asset Impairment December 1998 |
| Hughes Exhibit 19 | 8/21/2002 | 109-1615 - 109-1616 | Letter from Grace to Mendes & Mount re: Reaud, Morgan & Quinn, dated May 23, 2000 |
| Hughes Exhibit 20 | 8/21/2002 | 109-0196 - 109-199 | Grace Memo re: Asbestos History, dated November 24, 1998 |
| Rourke Exhibit 1 | 6/20/2002 | S 00017 - S 00020 | Memo from KPMG to Wachtell, Lipton re: W.R. Grace Engagement, dated June 12, 1995 |
| Rourke Exhibit 2 | 6/20/2002 | S 00200 - S 00211 | Memorandum from Wolinsky to Beber, Port and Posner re: Asbestos Presentation, dated June 12, 1995 |
| Rourke Exhibit 3 | 6/20/2002 | 77-0361 – 77-0398 | Fax from Wachtell, Lipton to W.R. Grace & Co. attaching W.R. Grace BI and PD Cost Estimates: 1995 to 2039, dated October 24, 1995 |

| Rourke Exhibit 4 | 6/20/2002 | WL02 0035598 - 0035605 | Letter from KPMG to Wachtell, Lipton re: liability estimate associated with future PD and BI claims, dated January 30, 1996 |
|---|---|---|---|
| Rourke Exhibit 5 | 6/20/2002 | A 00992 - A 01016 | Monthly Asbestos Litigation Summary – January, dated March 7, 1997 |
| Rourke Exhibit 6 | 6/20/2002 | A 01131 - A 01140 | Grace Memo re: diskettes containing the Grace asbestos bodily injury data, dated March 10, 1997 |
| Rourke Exhibit 7 | 6/20/2002 | A 01432-A01464 | Estimates of Claims and Costs Arising from Pending and Future Asbestos-related Injuries, dated May 27, 1997 |
| Rourke Exhibit 8 | 6/20/2002 | A 00621 - A00710 | Estimate of the Number of Future Claims to Be Filed with W.R. Grace & Co. for Compensation for Injuries Arising from Asbestos Exposure and Estimates of the Costs Associated with the Resolution of the Claims, dated May 27, 1997 |
| Rourke Exhibit 9 | 6/20/2002 | 24-1630 - 24-1636 | Memo from KPMG to Wachtell, Lipton re: liability estimate associated with pending and future BI claims, dated August 12, 1997 |
| Rourke Exhibit 10 | 6/20/2002 | A 00513 - A 00583 | Estimate of the Number of Future Claims to Be Filed with W.R. Grace & Co. for Compensation for Injuries Arising from Asbestos Exposure and Estimates of the Costs Associated with the Resolution of the Claims, dated April 29, 1997 |
| Rourke Exhibit 11 | 6/20/2002 | A 00606 - A 00620 | Memo from KPMG re: Forecasts (w/ and w/o Out-of-State TX Filings) and Cash Flow Tables, dated May 20, 1997 |
| Rourke Exhibit 12 | 6/20/2002 | A 00856 – A 00868 | Memo from ARPC re: Questions from William Dove and Joe Kirley (Centre Re), dated July 8, 1998 |
| Rourke Exhibit 13 | 6/20/2002 | A 00829 - A 00831 | Fax from Marsh & McLennan re: results of |

| | | | 6/17 meeting, dated June 18, 1997 |
|---|---|---|---|
| Rourke Exhibit 14 | 6/20/2002 | A 00832 - A 00852 | Memo from KPMG re: Model Parameter Variations, dated July 2, 1997 |
| Rourke Exhibit 15 | 6/20/2002 | A 01142 - A 00147 | Grace memo re: diskettes containing the Grace asbestos bodily injury data, dated January 9, 1998 |
| Rourke Exhibit 16 | 6/20/2002 | WL 56 0000363 - WL 56 0000422 | Presentation Concerning Solvency, August 14 Meeting of Board of Directors, W.R. Grace & Co., dated August 13, 1997 |
| Rourke Exhibit 17 | 6/20/2002 | BD-0534 - BD-0538 | August 14, 1997 Board Materials relating to Sealed Air Transaction |
| Rourke Exhibit 18 | 6/20/2002 | A01043 – A01068 | Grace Memo re: Grace Asbestos Report and Information, dated January 20, 1998 |
| Rourke Exhibit 19 | 6/20/2002 | A 00430 - A 00483 | Estimate of the Number of Future Claims to Be Filed with W.R. Grace & Co. for Compensation for Injuries Arising from Asbestos Exposure and Estimates of the Costs Associated with the Resolution of the Claims, Prepared by ARPC, dated August 14, 1998 |
| Rourke Exhibit 20 | 6/20/2002 | A 00878 | Fax from Beneficial Consultants re: questions concerning claims, dated July 21, 1998 |
| Rourke Exhibit 21 | 7/11/2002 | A 00748 - A 00780 | W.R. Grace BI and PD Future Cost Estimates |
| Rourke Exhibit 22 | 7/11/2002 | A 01120 - A 01124 | Grace Memo re: diskette containing Grace's asbestos property damage data, dated June 12, 1995 |
| Rourke Exhibit 23 | 7/11/2002 | A 00325 - A 00326 | Asbestos Property Damage Cases Open as of 4/30/1995 |
| Rourke Exhibit 24 | 7/11/2002 | A 00314 - A 00320 | Summary Table of Square Feet, Hours of Operation and Age of Building, 1992 |
| Rourke Exhibit 25 | 7/11/2002 | 28 – 257 (these are page numbers, | Various Tables re: Building Characteristics |

| | | not bates labels) | |
|---|---|---|---|
| Rourke Exhibit 26 | 7/11/2002 | A 00321 - A 00324 | Charts re: Building Characteristics, National School Opt-Outs, and Nullum Tempus Doctrine by State |
| Rourke Exhibit 27 | 7/11/2002 | 54-0869 - 54-0883 | Letter from KPMG to W.R. Grace re: questions concerning items in property damage and bodily injury databases, attaches charts, dated August 10, 1995 |
| Rourke Exhibit 28 | 7/11/2002 | PB89-237721 -  (numbering does not continue past second page) | Additional Analysis of EPA's 1984 Asbestos Survey Data |
| Rourke Exhibit 29 | 7/11/2002 | A 00375 - A 00413 | Asbestos School Litigation – Litigation Opt Outs – Sorted by State |
| Rourke Exhibit 30 | 7/11/2002 | A01475 0421 | Estimated Number of Buildings Existing in 1992 and Built Between 1950 and 1974 by Principal Use and Ownership |
| Rourke Exhibit 31 | 7/11/2002 | A 00312 - A 00313 | Fax from Wachtell Lipton to Thomas Florence re: ASBPD Suits with Favorable Disposition Due to Statutory Defense, dated June 13, 1995 |
| Rourke Exhibit 32 | 7/11/2002 | No numbering | Handwritten Graph re: Number of Buildings and Year Served |
| Rourke Exhibit 33 | 7/11/2002 | TILL 00013 - TILL 00014 | Letter from Tillinghast to O'Melveny & Myers re: additional work RPC will do, dated December 15, 1995 |
| Rourke Exhibit 34 | 7/11/2002 | WL04 0037387 - WL04 0037389 | Fax from Wachtell, Lipton to W.R. Grace & Co. re: additional information requested by O'Melveny & Myers, dated December 21, 1995 |
| Rourke Exhibit 35 | 7/11/2002 | TILL 00011 | Letter from Tillinghast to KPMG re: additional data received from WR Grace, dated January 2, 1996 |
| Rourke Exhibit 36 | 7/11/2002 | A01475 0031 | Letter from Rourke to W.R. Grace & Co. re: additional items needed to complete reports, |

| | | | |
|---|---|---|---|
| | | | dated January 4, 1996 |
| Rourke Exhibit 37 | 7/11/2002 | TILL 00202 - TILL 00209 | Fax from Wachtell, Lipton to O'Melveny & Myers attaching charts re: Asbestos Property Damages Filings, Settlements and Judgments and Asbestos Bodily Injury Filings, Settlements and Judgments, dated January 11, 1996 |
| Beber Exhibit 1 | 7/30/2002 | GOV-0258 - GOV 0340 | Form 10-K for W.R. Grace & Co., for the fiscal year ended December 31, 1995 |
| Beber Exhibit 2 | 7/30/2002 | WL 63 4553 - WL 63 4589 | Asbestos Property Damage Cases Open as of 04/30/95; Letter from Stone, Pigman to W.R. Grace & Co re: State of Louisiana Buildings; Handwritten notes |
| Beber Exhibit 3 | 7/30/2002 | 50-1178 - 50 1203 | Monthly Asbestos Litigation Summary – February, dated March 13, 1998 |
| Beber Exhibit 4 | 7/30/2002 | WL 63 3770 | Letter from Scruggs, Millette to W.R. Grace & Co. re: State of Louisiana Buildings Containing W.R. Grace Asbestos Building Products |
| Beber Exhibit 5 | 7/30/2002 | 91-1296 - 91-1321 | Monthly Asbestos Litigation Summary – December, dated January 9, 2001 |
| Beber Exhibit 6 | 7/30/2002 | 50-0740 - 50-0765 | Monthly Asbestos Litigation Summary – July, dated August 18, 1997 |
| Beber Exhibit 7 | 7/31/2002 | 79-0280 – 79-0283 | Letter from Reed Smith to Price Waterhouse re: W.R. Grace, dated January 17, 1996 |
| Beber Exhibit 8 | 7/31/2002 | 54-0206 - 54-0209 | Outline of Bob Beber Presentation to Special Committee |
| Beber Exhibit 9 | 7/31/2002 | S 00084 - S 00095 | W.R. Grace & Co. Future Asbestos Liabilities, dated June 14, 1995 |
| Beber Exhibit 10 | 7/31/2002 | CONF-BD-0063 – CONF-BD-0077 | Asbestos Bodily Injury Forecast Overview |
| Beber Exhibit 11 | 7/31/2002 | BD-0590 - BD-0664 | Memorandum from Wachtell, Lipton to W.R. Grace & Co. re: summary of significant terms of the proposed |

| | | | transactions and a presentation concerning solvency, dated August 13, 1997 |
|---|---|---|---|
| Beber Exhibit 12 | 7/31/2002 | 79-0589 – 79-0616 | W.R. Grace Claims and Indemnity Projections, Presented December 13, 1996 |
| Beber Exhibit 13 | 7/31/2002 | 79-0532 – 79-0588 | Grace Memo re: Actuarial Study, dated May 30, 1997 |
| Beber Exhibit 14 | 7/31/2002 | 91-0840 – 91-0843 | Attaches articles: T&N scheme aims to cap asbestos claims, T&N escapes maze of liability, and Takeover threat enters asbestos-free zones |
| Beber Exhibit 15 | 7/31/2002 | 91-0350 - 91-0402 | Fax from ARPC to Jeff Posner re: Estimate of the Number of Future Claims to be Filed with W.R. Grace & Co. for Compensation for Injuries Arising from Asbestos Exposure and Estimates of the Costs Associated with the Resolution of Claims, dated August 14, 1998 |
| Beber Exhibit 16 | 7/31/2002 | WL 49 0000996 - WL 49 0001002 | Grace – Strategic alternatives, dated 2/19/97 |
| Beber Exhibit 17 | 7/31/2002 | H 00705 - H 00714 | Discussion Materials – W.R. Grace & Co. – Board of Directors, July 9, 1997 re: Description of Possible Merger of Grace Packaging and Sealed Air Corporation |
| Beber Exhibit 7 | 8/30/2002 | 53-0570 – 50-0765 | Monthly Asbestos Litigation Summary – July, dated August 18, 1997 |
| Beber Exhibit 8 | 8/30/2002 | 90-1960 | W.R. Grace & Co. Property Damage Cases Open as of October 31, 1997 |
| Beber Exhibit 9 | 8/30/2002 | 53-0058 - 50-791 | Monthly Asbestos Litigation Summary – June, dated July 17, 1997 |
| Beber Exhibit 10 | 8/30/2002 | 90-0871 | Chart re: RHB Reserve Amount and PwC/Controller's Amount |
| Beber Exhibit 11 | 8/30/2002 | 50-0922 – 50-0974 | Monthly Asbestos Litigation Summary – December, dated January 14, 1999 |
| Beber Exhibit 12 | 8/30/2002 | 91-0975 – 91-1001 | Monthly Asbestos Litigation Summary – |

| | | | December, dated January 14, 2000 |
|---|---|---|---|
| Beber Exhibit 13 | 8/30/2002 | 91-1296 – 91-1321 | Monthly Asbestos Litigation Summary – December, dated January 9, 2001 |
| Beber Exhibit 14 | 8/30/2002 | 112-0024 (numbering stops after first page) | Notes on the PD Reserve Figure; description of various causes of action |
| Beber Exhibit 15 | 8/30/2002 | 91-1884 – 91-1911 | Monthly Asbestos Litigation Summary – March, dated April 17, 2000 |
| Beber Exhibit 16 | 8/30/2002 | No numbering | Property Damage Expert Witness Report of Charles E. Bates, Ph.D., dated August 21, 2002 |
| Beber Exhibit 17 | 8/30/2002 | No numbering | Chart, dated 3/18/1999 |
| Beber Exhibit 18 | 8/30/2002 | 54-0475 – 54-0486 | Chart containing: State, Does NT Apply, Sources and Comments |
| Hayes Exhibit 1 | 9/13/2002 | PWC-005250 - PWC-005273 | W.R. Grace Claims and Indemnity Projections, Presented December 13, 1996 |
| Hayes Exhibit 2 | 9/13/2002 | 90-2261 - 90-2264 | Memo to W.R. Grace & Co. files re: Asbestos Litigation – Final Year End Update, dated January 28, 1996 |
| Hayes Exhibit 3 | 9/13/2002 | PWC-00091 - PWC-00092 | Memo to W.R. Grace & Co. files re: Going Concern, dated January 24, 1998 |
| Hayes Exhibit 4 | 9/13/2002 | PWC- 00040 - PWC-00063 | ASF – Memo Requirements (12/31/1997) |
| Hayes Exhibit 5 | 9/13/2002 | PWC-0006264 - PWC-0006273 | Memo to W.R. Grace & Co files re: Assessment of Bodily Injury Reserve for Indemnity and Defense Settlement Costs, dated January 21, 1997 |
| Hayes Exhibit 6 | 9/13/2002 | No numbering | Codification of Statements on Auditing Standards (Including Statements on Standards for Attestation Engagements) |
| Hayes Exhibit 7 | 9/13/2002 | No numbering | Original Pronouncements, 2002/2003 Edition, Accounting Standards as of June 1, 2002 |
| Hayes Exhibit 8 | 9/13/2002 | GOV-1066 - GOV-1106 | 1998 Annual Report on Form 10-K Grace |
| Hayes Exhibit 9 | 9/13/2002 | PWC-00768 - PWC-00814 | Section L – ASF, Memo Requirements file, |

| | | | dated December 31, 1998 |
|---|---|---|---|
| Hayes Exhibit 10 | 9/13/2002 | PWC-007648 | Memo re: W.R. Grace Matter, discusses meeting with Dan Rourke, dated December 19, 1996 |
| Hayes Exhibit 11 | 9/13/2002 | PWC-005278 | Memo re: W.R. Grace, discusses use of KPMG numbers and PW reevaluation, dated March 13, 1997 |
| Hayes Exhibit 12 | 9/13/2002 | GOV-0453 - GOV-0523 | Form 10-K for W.R. Grace & Co., for the fiscal year ended December 31, 1996 |
| Hayes Exhibit 13 | 9/13/2002 | PWC-008631 - PWC-8643 | W.R. Grace & Co. Quarterly Review for year ended December 31, 1997 |
| Hayes Exhibit 14 | 9/13/2002 | PWC-008644 - PWC-008654 | Grace Memo re: Legal Representation Letter relating to the filing of Grace's 1997 second quarter 10-Q, dated August 22, 1997 |
| Hayes Exhibit 15 | 9/13/2002 | PWC-008655 - PWC-008668 | Memo to W.R. Grace Audit files re: Third Quarter Environmental Meeting, dated October 30, 1997 |
| Hayes Exhibit 16 | 9/13/2002 | SAC-00066013 - SAC-00066018 | Fax from PriceWaterhouse to Sealed Air re: Response to SEC on their questions related to the September 11 Basis of Presentation letter, dated October 6, 1997 |
| Hayes Exhibit 17 | 9/13/2002 | GOV-0957 - GOV-1041 | Form 10-K for W.R. Grace & Co., for the fiscal year ended December 31, 1997 |
| Hayes Exhibit 18 | 9/13/2002 | PWC-007873 - PWC-007902 | Audit Summary File, dated 12/31/1997 |
| Hayes Exhibit 19 | 9/13/2002 | PWC-008200 - PWC-008208 | Memo re: W.R. Grace & Co. – Acton, MA Environmental Review, dated December 31, 1998 |
| Hayes Exhibit 20 | 9/13/2002 | PWC-008151 - PWC-008535 | Environmental Review, dated 12/31/1998 |
| Hayes Exhibit 21 | 9/13/2002 | PWC-008176 - PWC-008185 | Memo from PWC re: W.R. Grace & Co. – Chattanooga Remediation Projects, dated July 20, 1998 |
| Hayes Exhibit 22 | 9/13/2002 | 79-1498 - 79-1570 | Statement of Position 96-1, Environmental Remediation Liabilities, dated October 10, |

| | | | 1996 |
|---|---|---|---|
| Hayes Exhibit 23 | 9/13/2002 | No numbering | Statement of Auditing Standards No. 57 |
| Hayes Exhibit 24 | 9/13/2002 | PWC-0004 - PWC-0008 | W.R. Grace & Co. Report to the Audit Committee, December 1997 |
| Hayes Exhibit 25 | 9/13/2002 | PWC-008537 - PWC-008541 | W.R. Grace & Co. Report to the Audit Committee, November 5, 1998 |
| Hayes Exhibit 26 | 9/13/2002 | PWC-008243 - PWC-008247 | Memo from Grace re: Update – RMD Organization and Procedures |
| Hayes Exhibit 27 | 9/13/2002 | 134-0818 - 134-0822 | Fax from PWC to Lynn Gardner re: Meeting with A.C. Pierce Regarding Environmental Health and Safety Department – Environmental Procedures |
| Hayes Exhibit 28 | 9/13/2002 | PWC-007904 - PWC-007911 | Memo to files re: Overall Assessment of Environmental Reserves, dated January 21, 1998 |
| Hayes Exhibit 29 | 9/13/2002 | PWC-008575 - PWC-008587 | Memo from PWC to W.R. Grace & Co. file re: Overall Environmental Conclusion, dated January 20, 1999 |
| Hayes Exhibit 30 | 9/13/2002 | PWC-008526 - PWC-008532 | Memo to W.R. Grace & Co. files re: Hatco Environmental Site, dated December 12, 1994 |
| Hayes Exhibit 31 | 9/13/2002 | PWC-008486 - PWC-008208 | Memo to W.R. Grace & Co. files re: W.R. Grace & Co. Acton, MA Facility Review, dated November 21, 1994 |
| Hayes Exhibit 32 | 9/13/2002 | PWC-008497 - PWC-008506 | Memo to Files re: W.R. Grace, Davison Chemical Division, Chattanooga Environmental Project D, dated July 26, 1993 |
| Hayes Exhibit 33 | 9/13/2002 | SAC 00001650 - SAC 00001685 | Audit Committee, dated November 13, 1996 |
| Hayes Exhibit 34 | 9/13/2002 | PWC-008642 - PWC-008681 | Memo to W.R. Grace & Co. files re: First Quarter Meeting with Mark Stoler, dated April 22, 1997 |
| Posner Exhibit 1 | 9/12/2002 | 108-3463 – 108-3466 | |

| Posner Exhibit 2 | 9/12/2002 | 109-0273 – 109-0275 | |
|---|---|---|---|
| Posner Exhibit 3 | 9/12/2002 | 109-0224 | |
| Posner Exhibit 4 | 9/12/2002 | 90-0289 – 90-0291 | |
| Ram Exhibit 1 | 9/19/2002 | PWC-008276 – PWC008284 | Memorandum to Files re: W.R. Grace & Co. – Hatco Corporation Site (Fords, NJ) Environmental Review, dated January 12, 1998 |
| Peterson Exhibit 1 | 9/9/2002 | No numbering | RAND – Asbestos Litigation Costs and Compensation: An Interim Report, dated August 2002 |
| Peterson Exhibit 2 | 9/9/2002 | WL 63 4355 – WL 63 4357 | Letter from Mark Peterson to Wachtell, Lipton attaching: Projections of Future Asbestos Liabilities and Annual Claims for Nine Asbestos Defendants, dated May 10, 1995 |
| Peterson Exhibit 3 | 9/9/2002 | MP00044 – MP0047 (gap in bates range) | Report for the National Gypsum Trust on Number of Projected Future Asbestos Personal Injury Claims, dated September 5, 1997 |
| Peterson Exhibit 4 | 9/9/2002 | MP00136 – MP00145 (gap in bates range) | Report for the National Gypsum Trust on Number of Projected Future Asbestos Personal Injury Claims, dated April 3, 1999 |
| Peterson Exhibit 5 | 9/9/2002 | No numbering | American Journal of Industrial Medicine, Volume 42/ Number 2/ August 2002 |
| Peterson Exhibit 6 | 9/23/2002 | No numbering | Estimations of Celotex's and Carey Canada's Liabilities for Asbestos Personal Injuries, Prepared by Mark A. Peterson, dated September 4, 1996 |
| Peterson Exhibit 7 | 9/23/2002 | No numbering | Report for the National Gypsum Trust on Number of Projected Future Asbestos Personal Injury Claims, dated September 5, 1997 |
| Peterson Exhibit 8 | 9/23/2002 | No numbering | In re: Asbestos Products Liability Litigation |

| | | | (No. IV), Civil Action No. MDL 875, Entered January 16, 2002 |
|---|---|---|---|
| Peterson Exhibit 9 | 9/23/2002 | No numbering | Amchem Products, Inc. v. Windsor et al., decided June 25, 1997 |
| Peterson Exhibit 10 | 9/23/2002 | MP05801 – MP05802 | Letter from Caplin & Drysdale to Mark Peterson re: Expert Witness Testimony in Fraudulent Transfer Case, dated July 1, 2002 |
| Peterson Exhibit 11 | 9/23/2002 | No numbering | Expert Report – Solvency Analysis of W.R. Grace & Co.-Conn., dated August 5, 2002, prepared for Milberg, Weiss |
| Peterson Exhibit 12 | 9/23/2002 | No numbering | Affidavit of Mark Peterson, dated September 9, 2001 |
| Rauser Exhibit 1 | 9/20/2002 | RAUS-02625 – RAUS-02626 | Letter from Grace to Grace Shareholder re: a series of transactions that created two new business entities, dated October 7, 1996 |
| Tarola Exhibit 1 | 9/20/2002 | GOV-1066 – GOV-1135 | 1998 Annual Report on Form 10-K – Grace |
| Tarola Exhibit 2 | 9/20/2002 | 1071371 - 1071375 | Letter from Grace to Board Members re: settlement with IRS, dated September 11, 2002 |
| Tarola Exhibit 3 | 9/20/2002 | 93-0648 – 93-0656 | W.R. Grace & Co. Asbestos Liability Estimation, Boca Raton, Florida, October 30, 2000 |
| Tarola Exhibit 4 | 9/20/2002 | 108-1464 – 108-1469 | W.R. Grace & Co. Realization Value of Net Assets |
| Bates Exhibit 1 | 9/13/2002 | No numbering | Property Damage Expert Witness Report of Charles E. Bates, Ph.D. |
| Bates Exhibit 2 | 9/13/2002 | No numbering | Estimation of Company Liability Property Damage, Volume II |
| Bates Exhibit 3 | 9/13/2002 | No numbering | In re: National Gypsum Company, Case No. 390-37213-SAF-11; In re: Aancor Holdings, Inc., Case No. 390-37214-SAF-11 |
| Bates Exhibit 4 | 9/13/2002 | BWB-PD 1026 – BWB-PD 1027 | Handwritten notes re: PD |
| Bates Exhibit 5 | 9/13/2002 | No numbering | Environmental Protection Agency, Asbestos; |

| | | | Publication of Identifying Information, dated February 13, 1990 |
|---|---|---|---|
| Bates Exhibit 6 | 9/13/2002 | No numbering | Expert Report of James E. Hass, W.R. Grace & Co. Litigation, Analysis of Asbestos Property Damage Liability in the W.R. Grace & Co. – Sealed Air Transaction |
| Bates Exhibit 1 | 9/18/2002 | CRMC 0168905 – CRMC 0168913; other pages are not numbered | Manville Trust Medical Audit |
| Bates Exhibit 2 | 9/18/2002 | No numbering | Memo from Bates White Ballentine to Skadden, Arps re: Manville Data Merge, dated September 18, 2002 |
| Bates Exhibit 3 | 9/18/2002 | No numbering | Partial notes on Section 2 of Dr. Peterson's report dated August 23, 2002 |
| Bates Exhibit 4 | 9/18/2002 | No numbering | Peterson corrected accounting for claims that remain unknown indefinitely |
| Bates Exhibit 5 | 9/18/2002 | No numbering | BWB Incidence Data |
| Bates Exhibit 6 | 9/18/2002 | No numbering | 1998 Non-Texas Claim Flows |
| Bates Exhibit 7 | 9/18/2002 | No numbering | 1998 Texas Claim Flows |
| Bates Exhibit 8 | 9/18/2002 | No numbering | Charts labeled: Flows, Incidence, Non-malignant Multiplier, PTS, and PTS Growth |
| Hickey Exhibit 1 | 6/21/2002 | GOV-0524 – GOV-0787 | Special Meeting of Stockholders, Reorganization and Merger Proposed – Your Vote is Very Important |
| Hickey Exhibit 2 | 6/21/2002 | H00083 – H00206 | Solvency Review Package - Preliminary Analysis - W.R. Grace & Co., dated August 14, 1997 |
| Hickey Exhibit 3 | 6/21/2002 | BD-0157 – BD0178 | Board of Directors Meeting, dated August 14, 1997 |
| Hickey Exhibit 4 | 6/21/2002 | No numbering | In re: W.R. Grace & Co., et al. – Answer and Affirmative Defenses of Defendants Sealed Air Corporation and Cryovac, Inc. to Plaintiffs' Original Complaint |
| Hickey Exhibit 5 | 6/21/2002 | A00513 – A00583 | Estimate of the Number of Future Claims to |

| | | | be Filed with W.R. Grace & Co. for Compensation for Injuries Arising from Asbestos Exposure and Estimates of the Costs Associated with the Resolution of the Claims, dated April 29, 1997 |
|---|---|---|---|
| Hickey Exhibit 6 | 6/21/2002 | No numbering | In re: W.R. Grace & Co., et al., Notice of Deposition re: Sealed Air Corporation |
| Hickey Exhibit 7 | 6/21/2002 | WL03 0004041 – WL03 0004058 | W.R. Grace & Co., Officer's Report, dated August 14, 1997 |
| Hickey Exhibit 8 | 6/21/2002 | SAC00001314 – SAC00001364 (note, there are gaps in the Bates range) | File titled B.O.D., Includes: Asbestos Personal Injury Claims – Actuarial and Statistical Review, Prepared by Eric Stallard, dated August 8, 1997 |
| Hickey Exhibit 9 | 6/21/2002 | No numbering | Eric Stallard – Invoice, dated August 15, 1997 |
| Hickey Exhibit 10 | 6/21/2002 | No numbering | Project T.N.T., Asbestos Coverage Sensitivity |
| Hickey Exhibit 11 | 6/21/2002 | No numbering | In re: W.R. Grace & Co., et al. – Original Complaint, dated March 18, 2002 |
| Hickey Exhibit 12 | 6/21/2002 | WL631186 – WL631189 | Letter from O'Melveny & Myers to Wachtell, Lipton re: requests for additional information, dated December 7, 1995 |
| Hickey Exhibit 13 | 6/21/2002 | SAC0000809 – SAC0000812 | Sealed Air Memorandum re: T.N.T. Acquisition, dated August 11, 1997 |
| Hickey Exhibit 14 | 6/21/2002 | WL02 0020781 – WL02 0020911 | Board Presentation, Project T.N.T., August 14, 1997 |
| Hickey Exhibit 15 | 6/21/2002 | SAC00019008 – SAC 00019012 | Letter from KPMG to Sealed Air re: due diligence assistance related to PACKCO, dated October 16, 1997 |
| Hickey Exhibit 16 | 6/21/2002 | SAC00001949 – SAC00001950 | Sealed Air Corporation, Minutes of Special Meeting of the Board of Directors, dated July 10, 1997 |
| Hickey Exhibit 17 | 6/21/2002 | SAC00001956 – SAC 00001964 | Sealed Air Corporation, Minutes of Special |

| | | | Meeting of the Board of Directors, dated August 14, 1997 |
|---|---|---|---|
| Hickey Exhibit 18 | 6/21/2002 | SAC00002428 – SAC00002432 | Memorandum from Davis Polk & Wardwell re: Asbestos Estimates: KPMG vs. Price Waterhouse, dated July 25, 1997 |
| Hickey Exhibit 19 | 6/21/2002 | SAC111676 – SAC112151 | Highly Confidential, Subject to Protective Order, Document not produced |
| Stallard Exhibit 1 | 7/2/2002 | No numbering | Letter from Maupin Taylor & Ellis to Milberg Weiss re: Subpoena Duces Tecum for Eric Stallard, dated June 10, 2002 |
| Stallard Exhibit 1A | 7/2/2002 | No numbering | Objection to Subpoena Duces Tecum re: Eric Stallard |
| Stallard Exhibit 1B | 7/2/2002 | No numbering | Handwritten notes re: Exec Summary, dated August 1, 1997 |
| Stallard Exhibit 1C | 7/2/2002 | No numbering | Exhibit 11 – Revised Estimates of Claims and Costs of Resolution |
| Stallard Exhibit 1D | 7/2/2002 | No numbering | Handwritten chart re: Grace Mesothelioma, dated August 7, 1997 |
| Stallard Exhibit 1E | 7/2/2002 | No numbering | Spreadsheet re: Manville 3 |
| Stallard Exhibit 1F | 7/2/2002 | No numbering | Handwritten Chart re: Exhibit 11: Revised Estimates of Claims and Costs |
| Stallard Exhibit 1G | 7/2/2002 | No numbering | Handwritten chart re: Worksheet Exhibit 11 |
| Stallard Exhibit 1H | 7/2/2002 | No numbering | Table 4: Pending Claims and Future Claims Estimate by Injury |
| Stallard Exhibit 1I | 7/2/2002 | No numbering | Letter from Davis Polk & Wardwell to Eric Stallard re: Report on Asbestos Personal Injury Claims, dated July 22, 1997 |
| Stallard Exhibit 1J | 7/2/2002 | No numbering | Eric Stallard, Invoice, dated August 15, 1997 |
| Stallard Exhibit 1K | 7/2/2002 | No numbering | Letter from Eric Stallard to Davis, Polk & Wardwell re: availability as a consultant to provide expert review of the asbestos liability document, dated July 15, 1997 |
| Stallard Exhibit 1L | 7/2/2002 | No numbering | Letter from Davis Polk & Wardwell re: |

| | | | Asbestos Estimates: KPMG vs. Price Waterhouse, dated July 25, 1997 |
|---|---|---|---|
| Stallard Exhibit 1M | 7/2/2002 | No numbering | Fax from KPMG to Eric Stallard attaching Estimates of Claims and Costs Arising from Pending and Future Asbestos-related Injuries, W.R. Grace & Co., May 27, 1997 |
| Stallard Exhibit 1N | 7/2/2002 | No numbering | Asbestos Personal Injury Claims – Actuarial and Statistical Review, Eric Stallard, dated August 8, 1997 |
| Stallard Exhibit 1O | 7/2/2002 | No numbering | Estimate of the Number of Future Claims to be Filed with W.R. Grace & Co. for Compensation for Injuries Arising from Asbestos Exposure and Estimates of the Costs Associated with the Resolution of the Claims, Prepared for W.R. Grace & Co. by KPMG, dated May 27, 1997 |
| Stallard Exhibit 1P | 7/2/2002 | No numbering | Fax from Eric Stallard to Nancy Seaborn, attaching corrected pages, dated August 11, 1997 |
| Stallard Exhibit 2 | 7/2/2002 | SAC00001314 – SAC00001363 | File titled B.O.D., Includes: Asbestos Personal Injury Claims – Actuarial and Statistical Review, Prepared by Eric Stallard, dated August 8, 1997 |
| Collins – HL1 | 7/10/2002 | No numbering | Subpoena in a Civil Case, issued to Houlihan Lokey Howard & Zukin |
| Collins – HL2 | 7/10/2002 | HL002356 – HL 002360 | Letter to The Board of Directors of W.R. Grace & Co. re: corporate reorganization, dated March 31, 1998 |
| Collins – HL3 | 7/10/2002 | HL000013 – HL 000021 | Letter from Wachtell Lipton to Houlihan Lokey re: executed copy of engagement letter, dated August 11, 1997 |
| Collins – HL4 | 7/10/2002 | HL000275 – HL000370 | Solvency Review Package, Preliminary Analysis, W.R. Grace & Co., dated August |

| | | | 14, 1997 |
|---|---|---|---|
| Collins – HL5 | 7/10/2002 | BD-0590 – BD-0645 | Memorandum to The Board of Directors of W.R. Grace & Co. from Wachtell, Lipton attaching: Presentation Concerning Solvency, dated August 13, 1997 |
| Collins – HL6 | 7/10/2002 | HL000373 – HL000425 | Handwritten notes re: W.R. Grace, dated March 24, 1998 |
| Collins – HL7 | 7/10/2002 | HL000695 – HL000752 | Estimate of the Number of Future Claims to be Filed with W.R. Grace & Co. for Compensation for Injuries Arising from Asbestos Exposure and Estimates of the Costs Associated with the Resolution of the Claims, Prepared for W.R. Grace & Co by KPMG, dated May 27, 1997 |
| Collins – HL8 | 7/10/2002 | A00711 – A00747 | W.R. Grace BI and PD Cost Estimates: 1995 to 2039, dated October 24, 1995 |
| Collins – HL9 | 7/10/2002 | HL000022 – HL 000026 | Letter from Houlihan, Lokey to The Board of Directors of Sealed Air Corporation re: copy of solvency opinion, dated August 14, 1997 |
| Collins – HL10 | 7/10/2002 | HL000463 – HL000464 | Fax from W.R. Grace re: W.R. Grace & Co. Asbestos Analysis, dated July 24, 1997 |
| Collins – HL11 | 7/10/2002 | HL000465 – HL000466 | Fax from Houlihan, Lokey re: W.R. Grace & Co. Asbestos Analysis, dated July 24, 1997 |
| Collins – HL12 | 7/10/2002 | HL000467 – HL000468 | Fax from Houlihan, Lokey re: Asbestos, Environmental and Others, Income Statement and Cash Flow Items, dated July 22, 1997 |
| Collins – HL13 | 7/10/2002 | HL000685 – HL000691 | Fax from Wachtell, Lipton to Houlihan Lokey and W.R. Grace re: Price Waterhouse Analysis of Grace Asbestos Reserve, dated August 7, 1997 |
| Collins – HL14 | 7/10/2002 | HL000030 – HL 000085 | W.R. Grace & Co. Packco, Summary |

| | | | Valuation Indications as of March 19, 198 [sic] |
|---|---|---|---|
| Collins – HL15 | 7/10/2002 | HL000441 – HL000448 | Product Line Cash Flow Statement, Corporate Cash Flow Statement, New Grace Operating Cash Flow Statement, 1998 Pretax Operating Cash Flow |
| Collins – HL16 | 7/10/2002 | HL000427 – HL000433 | Fax from W.R. Grace & Co. re: projections for the standalone Packco company, dated March 18, 1998 |
| Collins – HL17 | 7/10/2002 | HL000434 – HL000438 | Fax from W.R. Grace & Co. re: draft financial statements, dated March 19, 1998 |
| Collins – HL18 | 7/10/2002 | HL000439 – HL000440 | Fax from W.R. Grace & Co. re: W.R. Grace & Co., PACKCO, December 31, 1997, Balance Sheet, dated March 27, 1998 |
| McGowan Exhibit 1 | 6/20/2002 | No numbering | In re: W.R. Grace & Co., Notice of Deposition re: deposition of W.R. Grace & Co. |
| McGowan Exhibit 2 | 6/20/2002 | No numbering | W.R. Grace & Co. – Conn's Answer and Affirmative Defenses |
| LaGreca Exhibit 1 | 7/23/2002 | No numbering | Subpoena in a Civil Case re: deposition of Frank LaGreca |
| LaGreca Exhibit 2 | 7/23/2002 | 88-0596 – 88-0607 | Grace Memo re: Houlihan and Lokey retainer letter |
| LaGreca Exhibit 3 | 7/23/2002 | 88-0594 | Handwritten notes re: asbestos cash flows, dated July 22, 1997 |
| LaGreca Exhibit 4 | 7/23/2002 | 88-0528 – 88-0532 | Memo re: Houlihan Lokey Draft Solvency Opinion, dated August 11, 1997 |
| Ellberger Exhibit 1 | 7/25/2002 | WL50 0001410 – WL50 0001421 | Discussion Materials, W.R. Grace & Co. Board of Directors, dated July 9, 1997 |
| Ellberger Exhibit 2 | 7/25/2002 | GOV-0453 – GOV 0523 | Form 10-K for W.R. Grace & Co., for the fiscal year ended December 31, 1996 |
| Ellberger Exhibit 3 | 7/25/2002 | 79-0589 – 79-0616 | W.R. Grace Claims and Indemnity Projections, Presented December 13, 1996 |

| Ellberger Exhibit 4 | 7/25/2002 | WL02 0001574 – WL02 0001576 | W.R. Grace & Co., Officer's Report, dated August 14, 1997 |
|---|---|---|---|
| Ellberger Exhibit 5 | 7/25/2002 | GOV-0957 – GOV-1041 | Form 10-K for W.R. Grace & Co., for the fiscal year ended December 31, 1997 |
| Ellberger Exhibit 6 | 7/25/2002 | GOV-1066 – GOV-1135 | 1998 Annual Report on Form 10-K, Grace |
| Ellberger Exhibit 7 | 7/25/2002 | No numbering | Highly confidential (not included) |
| Ellberger Exhibit 8 | 7/25/2002 | 23-0090 – 23-0102 | Environmental Supporting Documentation Summary |
| Ellberger Exhibit 9 | 7/25/2002 | 89-1022 – 89-1039 | Letter from Grace to Sealed Air Corporation re: 1997 Business Plan charts, dated October 23, 1997 |
| Ellberger Exhibit 10 | 7/25/2002 | 79-0415 – 79-0431 | Grace Memo re: Asbestos – Bodily Injury Only |
| Ellberger Exhibit 11 | 7/25/2002 | No numbering | Grace News: Grace to Acquire Crosfield Catalysts and Silicas Business from ICI; Board Approves 20% Share Repurchase; Strategic Review of Darex to be Completed this Year, dated April 2, 1998 |
| Ellberger Exhibit 12 | 7/25/2002 | GOV-1279 – GOV-1364 | Form 10-K for W.R. Grace & Co., for the fiscal year ended December 31, 1999 |
| Brownstein Exhibit 1 | 9/9/2002 | WL63 2357 – WL63 2365 | Sealed Air, Board Meeting Notes, August 14, 1997 |
| Brownstein Exhibit 2 | 9/9/2002 | BD-0646 – BD-0660 | Summary of Proposed Transaction Documents |
| Brownstein Exhibit 3 | 9/9/2002 | WL63 2192 – WL63 2199 | Grace – Strategic Alternative, Revised Working Draft dated February 19, 1997 |
| Brownstein Exhibit 4 | 9/9/2002 | 108-3467 – 108-3475 | Note from Beber to Ellberger, attaching Memo re: Grace – Strategic Alternatives |
| Brownstein Exhibit 5 | 9/9/2002 | WL07 0001068 – WL07 0001074 | Memorandum re: Revised Notes, W.R. grace & Co. Board Meeting, July 10, 1997 |
| Hass Exhibit 1 | 9/12/2002 | No numbering | Expert Report of James E. Hass, W.R. Grace & Co. Litigation, Analysis of Asbestos Property Damage Liability in the W.R. |

| | | | |
|---|---|---|---|
| | | | Grace & Co. – Sealed Air Transaction |
| Hass Exhibit 2 | 9/12/2002 | No numbering | Response to Property Damage Report of Charles E. Bates, W.R. Grace & Co. Litigation, By James E. Hass |
| Hass Exhibit 3 | 9/12/2002 | A00321 – A00324 | Chart listing building characteristics |
| Hass Exhibit 4 | 9/12/2002 | No numbering | Estimated Costs Associated with Asbestos-Containing Materials in Buildings in the U.S., dated September 3, 1996 |
| Preston Exhibit 1 | 9/17/2002 | No numbering | Report to Skadden, Arps, Slate, Meagher & Flom LLP Respecting The Solvency of W.R. Grace & Co.-Conn. And W.R. Grace & Co. Immediately Following the March 31, 1998 Transaction, Exhibits, dated August 26, 2002 |
| Preston Exhibit 2 | 9/17/2002 | No numbering | Report to Skadden, Arps, Slate, Meagher & Flom LLP on The Value of Stand-Alone Cryovac as of the March 31, 1998 Transaction, dated August 12, 2002 |
| Preston Exhibit 3 | 9/17/2002 | No numbering | Report to Skadden, Arps, Slate, Meagher & Flom LLP Respecting The Solvency of W.R. Grace & Co.-Conn. And W.R. Grace & Co. Immediately Following the March 31, 1998 Transaction, dated August 26, 2002 |
| Preston Exhibit 4 | 9/17/2002 | SP025584 – SP025589 | Handwritten notes |
| Preston Exhibit 5 | 9/17/2002 | No numbering | Handwritten graph |