IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: April 13, 2007 at 4:00 p.m.** |
| | ) | **Hearing Date: May 2, 2007 at 2:00 p.m. (in Pittsburgh, PA)** |

## MOTION AND OBJECTION SEEKING ENTRY OF AN ORDER (A) EXPUNGING OR (B) REDUCING AND ALLOWING CLAIMS PAID POST-PETITION

The above-captioned Debtors submit this motion and objection (the "Motion") seeking

entry of an order (A) expunging or (B) reducing and allowing claims paid post-petition. In

support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      The statutory bases for the relief requested herein are sections 105(a), 502(b)(1), and 507 of Title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

**Background**

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all prepetition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims.

5.      In connection with their review of all claims filed to date against the Debtors' estates, the Debtors have identified certain claims that the Debtors' records show were paid post-petition, either in full or in part (collectively, the "Satisfied Claims"). Certain of these Satisfied Claims were paid pursuant to the Debtors' authority under orders of the Court authorizing such payments. The other Satisfied Claims were post-petition obligations incurred by the Debtors in the regular and ordinary course of operating their business, and were paid pursuant to the Debtors' authority under section 363(c)(1) of the Bankruptcy Code.

6.      One of the Satisfied Claims was paid in full by the Debtors after the Petition Date (the "Fully Satisfied Claim"). Other Satisfied Claims were paid only in part by the Debtors after the Petition Date (the "Partially Satisfied Claims").

2

## Relief Requested

7.      The Debtors request entry of an order expunging the Fully Satisfied Claim and reducing and allowing the Partially Satisfied Claims.

## Basis for the Requested Relief

8.      Section 502(b)(1) of the Bankruptcy Code directs a court to disallow claims against a debtor to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." Section 105(a) of the Bankruptcy Code allows a court to issue any order "that is necessary or appropriate to carry out the provisions of [Title 11]."

9.      If the payments to the holders of the Satisfied Claims had been made prior to the Petition Date, the Debtors would simply file an objection to those claims. The Local Rules, however, specifically state that "an objection to a claim on the basis that the claim has been paid or satisfied post-petition is not a valid objection." See Del.Bankr.LR 3007-1(e)(iii)(J)(2).

10.     In recognition of this prohibition contained in Local Rule 3007-1(e)(iii)(J)(2), the Debtors are not filing an objection to the Satisfied Claims based on post-petition payments made by the Debtors. Instead, so that the Debtors may "clean up" their claims register by eliminating obligations that have been satisfied, the Debtors simply request by this Motion that the Court enter an order pursuant to Bankruptcy Code section 105(a) expunging the Fully Satisfied Claim and reducing and allowing the Partially Satisfied Claims.[2]

---

[2]   The Debtors previously filed a similar motion requesting the same relief but with request to different claims. This Court granted the Debtors' requested relief at Docket No. 14071 (entered 12/19/2006).

## Argument

11.      The payment of the Satisfied Claims by the Debtors makes those claims
unenforceable against the Debtors and their property under applicable law.  In the case of the
Fully Satisfied Claim, such claim is wholly unenforceable.  In the case of the Partially Satisfied
Claims, such claims are unenforceable to the extent of the payments already made.

12.      The Debtors have reviewed their books and records and have determined that the
Fully Satisfied Claim listed on Exhibit A has been satisfied by payments made after the Petition
Date and that no further payments or distributions are required on account of the claim.
Accordingly, the Debtors request entry of an order expunging the claim, so that the official
claims register is accurate, both for purposes of voting on any plan of reorganization filed in the
Debtors' cases and making distributions under any plan.

13.      The Debtors have also determined that the Partially Satisfied Claims listed on
Exhibit B have been partially satisfied by payments made after the Petition Date.  In addition,
Claim 849 is also filed with the wrong classification.  The invoices corresponding to the
administrative expense claim portion of Claim 849 were issued pre-petition.  As such, the claim
is a general unsecured claim.  Furthermore, while the attachment to Claim 849 lists
administrative expense and reclamation claims, a proof of claim is not the appropriate vehicle to
present such claims, nor does Section 502 afford the relief sought by the claimant.  Finally,
Claim 849 does not provide any support for the asserted priority status.

14.      Accordingly, the Debtors request entry of an order reducing all of the Partially
Satisfied Claims on Exhibit B by the amounts paid and allowing them in such reduced amount
and specified classification, so that the official claims register is accurate, both for purposes of
voting on any plan of reorganization filed in the Debtors' cases and making distributions under
any plan.

4

## Responses to Motion

15.    To contest the relief requested by this Motion, a claimant must file and serve a

written response to this Motion (a "Response") so that it is received no later than 4:00 p.m.

(Eastern Time) on April 13, 2007. Every Response must be filed with the Office of the Clerk of

the United States Bankruptcy Court for the District of Delaware:  824 Market Street,

Wilmington, Delaware 19801 and served upon the following entities, so that the response is

received no later than 4:00 p.m. (Eastern Time) on **April 13, 2007**, at the following

addresses:

> Kirkland & Ellis LLP
> 777 South Figueroa Street
> Los Angeles, California 90017-5800
> Attn:  Lori Sinanyan
>
> -and-
>
> Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn:  James E. O'Neill
>
> Co-Counsel for the Debtors

16.    Every Response must contain at a minimum the following:

(a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Motion to which the Response is directed;

(b)    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Motion;

(d)    any supporting documentation, to the extent it was not included with a proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

5

        (e)     the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim and who possesses authority to reconcile, settle, or otherwise resolve the amount of the claim on behalf of the claimant.

17.     If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order expunging or reducing and allowing the claim, as applicable, without further notice to the claimant or a hearing.

## Replies to Responses

18.     The Debtors may, at their option, file and serve a reply to a claimant's Response.

## Reservation

19.    Notwithstanding anything contained in this Motion or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Motion; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

20.    The Debtors will serve copies of this Motion (with all exhibits) on (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and the Future Claimants Representative, (v) counsel for the claimants on each of Exhibits A-B or the claimants themselves if not represented by counsel and (vi) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.

21.    In light of the nature of the relief requested, the Debtors submit that no further notice is required.

6

### No Prior Relief

22.    No previous application for the relief sought herein has been made to this or any

other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form attached hereto, (i) expunging the claim listed on Exhibit A, (ii)

reducing the claims listed on Exhibit B and allowing each claim in the amount and classification

described on Exhibit B, (iii) directing Rust Consulting, Inc. to mark the official claims register in

accordance with the foregoing, and (iv) granting such other and further relief as is just and

proper.

Dated: March 28, 2007                  Respectfully submitted,

                                       KIRKLAND & ELLIS LLP
                                       Janet S. Baer
                                       Lori Sinanyan
                                       200 East Randolph Drive
                                       Chicago, Illinois 60601
                                       (312) 861-2000

                                       and

                                       PACHULSKI, STANG, ZIEHL, YOUNG JONES
                                       & WEINTRAUB LLP

                                       _____
                                       Laura Davis Jones (Bar No. 2436)
                                       James E. O'Neill (Bar No. 4042)
                                       Timothy P. Cairns (Bar No. 4228)
                                       919 North Market Street, 17th Floor
                                       P.O. Box 8705
                                       Wilmington, DE  19899-8705 (Courier 19801)
                                       (302) 652-4100

                                       Co-Counsel for the Debtors and Debtors in Possession

7