IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Responses Due: April 13, 2007 at 4:00 p.m.** |
| | ) | **Hearing Date: May 2, 2007 at 2:00 p.m. in (Pittsburgh, PA)** |

### DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through

their undersigned counsel of record, file this Twenty-Second Omnibus Objection to Claims (the

"Twenty-Second Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1.  This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a

core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.  The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502, 503, and

506, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

to time, the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

### Background

3.  On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4.  By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). In the fall of 2006, the Court also set a bar date for asbestos personal injury litigation claims pending as of the chapter 11 petition date. No bar date has been established for claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

5.  By this Twenty-Second Omnibus Objection, the Debtors seek disallowance, reclassification, or reduction, as appropriate, of the claims set forth in the exhibits attached hereto[2] for the reasons described herein and in such exhibits:

---

[2]  The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. Unless otherwise
(Continued...)

2

(a)     Each claim set forth as "No Liability" in <u>Exhibit A</u> attached hereto is a claim for which the Debtors have no liability according to their books and records (the "No Liability Claims") and for which the Debtors seek expungement of the claim;

(b)     Each claim set forth as "Insufficient Documentation" in <u>Exhibit B</u> attached hereto is a claim that has been filed with insufficient documentation to provide the Debtors with sufficient supporting information to validate such claim (the "Insufficient Documentation Claims") and for which the Debtors seek expungement of the claim;

(c)     Each claim set forth as "Reduce and Allow" in <u>Exhibit C</u> attached hereto is a claim that should be reduced and allowed (the "Reduce and Allow Claims");

(d)     The claim set forth as "Reclassify, Reduce, and Allow" in <u>Exhibit D</u> attached hereto is a claim that should be reclassified, reduced, and allowed (the "Reclassify, Reduce, and Allow Claim"); and

(e)     The claim set forth as "Reclassify" in <u>Exhibit E</u> attached hereto is a claim that should be reclassified (but not allowed) (the "Reclassify Claim").

## The No Liability Claims

6.     The Debtors object to the No Liability Claims listed on <u>Exhibit A</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code, because these are claims which are not enforceable against the Debtors or their property under any agreement or applicable law.  In particular, the Debtors' review of their books and records indicates that they have no liability for these claims because (a) the claimant has no relationship with the Debtors, (b) the claim has been

---

stated, the inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

satisfied, (c) assessments are incorrect, or (d) the Debtors are not responsible for the loss or expenses incurred by the claimant. Therefore, the No Liability Claims set forth on Exhibit A should be disallowed and expunged for all purposes.

### The Insufficient Documentation Claims

7. The Debtors object to the Insufficient Documentation Claims listed on Exhibit B attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3001(c). Claimants filing such claims have failed to file the requisite documentation in support of their claims and thus have failed to comply with Bankruptcy Rule 3001(c). Bankruptcy Rule 3001(c) requires in pertinent part: "When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim." Since the supporting documentation attached to the proofs of claim was not sufficient to allow the Debtors to determine the validity of the Insufficient Documentation Claims, the Insufficient Documentation Claims set forth on Exhibit B should be disallowed and expunged for all purposes.

### The Reduce and Allow Claims

8. The Debtors object to the Reduce and Allow Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are filed for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated. The amount of each claim listed on Exhibit C is overstated due to the reasons enumerated per each objection set forth on Exhibit C. Accordingly, the Debtors object to the Reduce and Allow Claims and request that the Reduce and Allow Claims be reduced to and allowed in the amounts set forth on Exhibit C.

4

## The Reclassify, Reduce, and Allow Claim

9.    The Debtors object to the Reclassify, Reduce, and Allow Claim pursuant to sections 502(b)(1) and 503 of the Bankruptcy Code, because this claim is filed with the wrong classification and for an amount that differs from the amount reflected on the Debtors' books and records.  In evaluating the Reclassify, Reduce, and Allow Claim, the Debtors have thoroughly reviewed their books and records and the proofs of claim, as well as the supporting documentation provided by the claimant, and have determined that the classification and amount of the claim requires modification.  The claim listed on Exhibit D contains pre-petition and post-petition components.  The claimant acknowledges that the entire post-petition portion has been paid post-petition.  Thus, there is no basis for administrative expense status attaching to the remaining pre-petition portion of the claim.  The claim should therefore be reclassified as a general unsecured claim.  Additionally, since the post-petition portion of the claim has already been paid, the claim amount listed on Exhibit D is overstated.  Accordingly, the Debtors object to the Reclassify, Reduce, and Allow Claim and request that this claim be reclassified as an unsecured claim, and reduced to, and allowed in, the amount set forth on Exhibit D.

## The Reclassify Claim

10. The Debtors object to the Reclassify Claim pursuant to section 506 of the Bankruptcy Code because this claim is filed with the wrong classification.[3]  In evaluating the Reclassify Claim, the Debtors have thoroughly reviewed their books and records and the proof of claim, as well as the one-page of supporting documentation provided by the claimant, and have

---

[3]    The Debtors are also objecting to the Reclassify Claim on the basis of insufficient documentation.  If this Court disallows and expunges the claim on an insufficient documentation basis, there is no need to consider reclassification of this claim.  However, pursuant to Local Bankruptcy Rule 3007-1(f)(iii), the Debtors must file all substantive grounds for objecting to a claim at the same time.  Thus, out of an abundance of caution, the Debtors also object to the claim on a reclassification basis.

determined that the asserted classification of the claim is not appropriate. The claim listed on Exhibit E has no basis for secured status under section 506 of the Bankruptcy Code and should be reclassified as a general unsecured claim.  Accordingly, the Debtors object to the Reclassify Claim on Exhibit E and request that, to the extent that the Reclassify Claim is not disallowed and expunged on the basis of insufficient documentation, the Reclassify Claim be reclassified (but not allowed) as a general unsecured claim.

### Separate Contested Matters

11. If a response is filed regarding any claim listed in the Twenty-Second Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim and the objection by the Debtors thereto asserted in the Twenty-Second Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in the Twenty-Second Omnibus Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

12. To contest an objection, a claimant must file and serve a written response to this Twenty-Second Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on April 13, 2007.  Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware:   824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on **April 13, 2007**, at the following addresses:

> Kirkland & Ellis LLP
> 777 South Figueroa Street, 37th Floor
> Los Angeles, California 90017
> Attn:  Lori Sinanyan
>
> -and-

6

Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Attn: James E. O'Neill

Co-Counsel for the Debtors

13. Every Response to this Twenty-Second Omnibus Objection must contain at a minimum the following:

(a)     a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Twenty-Second Omnibus Objection to which the Response is directed;

(b)     the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c)     the specific factual basis and supporting legal argument upon which the party will rely in opposing the Twenty-Second Omnibus Objection;

(d)     any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

(e)     the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

7

14. If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reclassifying, reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

**Replies to Responses**

15. The Debtors may, at their option, file and serve a reply to a claimant's Response.

**Reservation**

16. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Twenty-Second Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Twenty-Second Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

17. Notwithstanding anything contained in this Twenty-Second Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Twenty-Second Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

**Notice**

18. The Debtors will serve copies of this Twenty-Second Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

8

19. Bankruptcy Management Corporation, the Debtors' reconciliation agent, will serve a copy of the Twenty-Second Omnibus Objection and the exhibits thereto upon those creditors that have filed claims that are affected by the Twenty-Second Omnibus Objection.

20. The Debtors submit that notice of this Twenty-Second Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

<u>**No Previous Request**</u>

21. No previous request for the specific relief set forth herein has been made to this or any other court.

<u>**Compliance With Rule 3007-1**</u>

22. This Twenty-Second Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

9

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reducing, and/or reclassifying, as appropriate, each of the claims more fully described in this Twenty-Second Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: March 28, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB LLP

_____

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

10