IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: May 2, 2007 at 4:00 p.m. (in Pittsburgh, PA)** |
| | ) | **Objection Date: April 13, 2007 at 4:00 p.m.** |

**DEBTORS' OBJECTION TO THE CLAIM FILED BY
MASSACHUSETTS DEPARTMENT OF REVENUE**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel of record, file this Objection (the "Objection") to Proof of Claim # 15370 (the "Claim," attached hereto as Exhibit A) filed against W. R. Grace & Co-Conn. ("Grace-Conn.") on or about February 27, 2004 by the Massachusetts Department of Revenue (the "Claimant"). The Debtors object to the amount of the Claim and seek an order

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

from this Court reducing the Claim in part, and reserving the remainder of the Claim for adjudication at a later date. The Debtors further object to the Claimant's attempts to have the tax issues underlying a portion of the Claim adjudicated outside this Court, in the proceeding styled <u>W.R. Grace & Co. - Conn. v. Commissioner of Revenue</u>, Massachusetts Appellate Tax Board No. C271787 (the "Appeal"), slated for trial before the Massachusetts Appellate Tax Board on April 18, 2007.

In support of this Objection, the Debtors state as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502 and 505 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

### Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## The Objection And Request For Relief

4. By this Objection, the Debtors object to the Claim and seek an order (i) directing that, in lieu of the Appeal, this Court will adjudicate the tax issues underlying a portion of the Claim, (ii) reducing the Claim by the amount at issue in the Appeal ("Claim Part I") and (iii) reserving the remainder of the Claim ("Claim Part II") for adjudication at a later date.

5. Section 505 of the Bankruptcy Code permits this Court to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction."

6. The Claim purports to be an unsecured priority claim under section 507(a)(8) of the Bankruptcy Code, and asserts a total due of $34,805,361.23 in Massachusetts withholding and corporate excise taxes, plus interest.

7. Of the amounts at issue in the Claim, Claim Part I consists of approximately $4,060,414 in corporate excise tax deficiencies plus interest asserted to be due for the 1991-1993 calendar years, which years are the subject of the Appeal. The Appeal is scheduled for trial before the Massachusetts Appellate Tax Board on April 18, 2007.[2] Accordingly, the Debtors are seeking, through this Objection, to preserve this Court's jurisdiction over the matters at issue in Claim Part I.

---

[2] March 28, 2007 is the last date on which an objection may be filed to the Claim in this Court.

8. Claim Part II, the remaining $30,744,947 of the Claim, relates to pending audits of withholding and corporate excise taxes for the 1994-2000 calendar years (the "Audit Period"), which years are not the subject of the Appeal. The Claimant has yet to conclude its review of the Audit Period, preventing the Debtors from addressing Claim Part II at this time.

9. If this Court were to adjudicate the matters at issue in Claim Part I, it would simplify the administration of the Debtors' proceedings and avoid the expense and administrative demands associated with the Appeal.

10. This Court, under the authority provided by sections 502 and 505 of the Bankruptcy Code, can adjudicate the merits of the matters at issue in Claim Part I (and thereby settle a number of issues underlying the Claim) by determining whether the activities of certain of the Debtors trigger corporate excise taxes in Massachusetts based on whether or not the Debtors in question should be taxed on income derived from a financing transaction completely unrelated to Massachusetts activities.

11. The matters at issue in Claim Part I are routine in nature and do not require adjudication by a specialized tribunal.[3] The Claimant has asserted, with respect to the Appeal, that Grace-Conn. owes corporate excise taxes in Massachusetts on interest income generated from loans made by Grace-Conn. to certain other Debtors, where the borrowing companies had no Massachusetts activities. The Claimant has argued further that the payment of

---

[3] Concurrently with this Objection, the Debtors filed with this Court Debtors' Motion for an Order Authorizing Tax Court Litigation to Resolve Certain Tax Claims (the "Motion"), whereby the Debtors request that this Court modify the automatic stay imposed by section 362 of the Bankruptcy Code in order to permit the Tax Court to take jurisdiction of certain tax issues. In contrast to the issues presented in Claim Part I, the Motion concerns tax issues that require specialized knowledge of the consolidated return regulations of the Internal Revenue Code of 1986, as amended (the "Tax Code").

an inter-company dividend from one Grace-Conn. subsidiary to another in the form of a reset note generated dividend income taxable by Massachusetts. In addition, the Claimant has argued that Debtors are taxable on interest income from notes held by a partnership as part of a financing transaction that was completed entirely outside the State of Massachusetts. All of these arguments by the Claimant can be reviewed and resolved by this Court in favor of the Debtors, such that Claim Part I is disallowed in its entirety, the Claim is reduced by the amount at issue in Claim Part I, and Claim Part II is reserved for adjudication upon the Claimant's completion of its audits for the Audit Period.

12. Attached hereto as <u>Exhibit B</u> is a copy of a protest the Debtors previously filed as part of the Appeal before the Massachusetts Appellate Tax Board. The basis for the Debtors' objection to the matters at issue in Claim Part I, and the legal support thereof, is further elaborated in that protest. For purposes of this Objection, the Debtors request that this Court incorporate those arguments herein.

13. Accordingly, the Debtors seek entry of an order (i) directing that, in lieu of the Appeal, this Court will adjudicate the tax issues underlying Claim Part I, (ii) reducing the Claim by the amount at issue in Claim Part I, and (iii) reserving Claim Part II for adjudication upon the Claimant's completion of its audits for the Audit Period.

### Responses to Objection

14. To contest this Objection, the Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on April 13, 2007. The Response must be filed with the Office of the Clerk of the United

States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than **4:00 p.m. (Eastern Time) on April 13, 2007** at the following addresses:

> Kirkland & Ellis LLP
> 200 East Randolph Drive
> Chicago, Illinois 60601
> Attn: Todd F. Maynes
>
> -and-
>
> Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, DE 19899-8705
> Attn: James E. O'Neill
>
> Co-Counsel for the Debtors

15. If the Claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order disallowing and expunging the claim without further notice to the Claimant or a hearing.

### Replies to Responses

16. The Debtors may, at their option, file and serve a reply to the Claimant's Response.

### Reservation

17. The Debtors hereby reserve the right to object in the future to the Claim on any ground, and to amend, modify, and/or supplement this Objection or the exhibits attached hereto, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

18.    Notwithstanding anything contained in this Objection or the exhibits attached hereto, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

19.    The Debtors will serve copies of this Objection and the exhibits attached hereto on the Claimant, the Office of the United States Trustee, and on all parties that have requested that they be served with all pleadings filed in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

20.    The Debtors submit that notice of this Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

## No Previous Request

21.    No previous request for the specific relief set forth herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) directing that, in lieu of the Appeal, this Court will adjudicate the tax issues underlying Claim Part I, (ii) reducing the Claim by the amount at issue in Claim Part I, and (iii) reserving Claim Part II for adjudication upon the Claimant's completion of its audits for the Audit Period.

Dated: March 28, 207

KIRKLAND & ELLIS LLP
Janet S. Baer
Todd F. Maynes
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession