IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

WHEREAS on December 22, 2006, this Court first ordered the production of x-rays from claimants alleging a non-mesothelioma malignancy who intended to offer x-ray evidence in support of their claim (the "December 22nd X-ray Order");

WHEREAS many Claimants who intended to send copies of x-rays to Rust pursuant to the December 22nd X-ray Order were unable to make the certification with respect to the accuracy of the copies articulated in the December 22nd Order;

WHEREAS on January 30, 2007 the Debtor filed an emergency motion to modify the December 22nd X-ray Order given the volume of firms unable to make the requisite certification;

WHEREAS the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"), the Future Claimants' Representative ("FCR"), Firms Represented by Stutzman, Bromberg, Esserman & Plifka, Cooney & Conway ("Esserman Firms"), Motley Rice, Libby Claimants, MMWR Firms, and Kelley & Ferraro all filed separate oppositions to the emergency motion;

WHEREAS on February 5, 2007, the Court heard argument from all interested parties with respect to the motion to modify the December 22nd X-ray Order, and the parties agreed to negotiate an amended order which was subsequently considered and signed by this Court on February 20, 2007 (the "Supplemental X-ray Order");

WHEREAS the Supplemental X-ray Order contained certification language with respect to copies of x-rays that reflected the negotiations of the parties;

WHEREAS the Supplemental X-ray Order required all Claimants to either send to Rust Consulting original x-rays or copies of x-rays with the requisite certification, or certify that an x-ray no longer exists; and

WHEREAS there are Claimants (1) from whom Debtor received nothing, (2) who have sent copies of x-rays to Rust but not with the certification, and (3) allege that their x-rays are in the possession of a third party or are unaware of the location of the x-ray.

Upon consideration of the foregoing,

IT IS HEREBY ORDERED as follows:

1.  Any Claimants whose x-rays are in the possession of a third party, and informed Debtor as such prior to March 15, 2007, shall obtain their x-rays and send the original x-rays or certified copies to Rust no later than April 30, 2007 or state that, after further searching, such x-rays no longer exist; and it is further ORDERED that

2.  Except as provided in paragraph 1 of this Order, Claimants who allege that they possess x-ray evidence to support the contention that their non-mesothelioma malignancies are attributable to asbestos exposure are precluded from introducing any x-ray evidence in support of their claims at the estimation trial beyond what was timely provided to the Debtor by March 15, 2007.

3.  Except as provided in paragraph 1 of this Order, no party may introduce any x-ray evidence nor may an expert rely on any x-ray evidence in support of Claimants' claims at the estimation trial beyond what was timely provided to the Debtor by March 15, 2007.

**IT IS SO ORDERED.**

JUDITH K. FITZGERALD
United States Bankruptcy Judge

Wilmington, Delaware

April _____, 2007

2