## EXHIBIT A -- ANDERSON DOCUMENT REQUESTS

070330185255

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., <u>et al.</u>[1], | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## <u>AMENDED REQUESTS FOR PRODUCTION TO THE DEBTORS</u>

TO:  THE DEBTORS AND THEIR ATTORNEYS, KIRKLAND & ELLIS

Pursuant to Federal Rule of Bankruptcy Procedure 7034 and Rule 34 of the
Federal Rules of Civil Procedure, Anderson Memorial Hospital ("Anderson") hereby
propounds and serves the following written Requests for Production to be answered

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty
Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife
Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc.,
Coalgracc, Inc., Coalgracc II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco
Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five
Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C
Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN
Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc.,
Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling
Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc.,
Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a
Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace
Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace
Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc.,
Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Squarc Corporation,
Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management,
Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises,
Incorporated, Monroe Street, Ins., MICA Holding Corp. (f/k/a Nestor-BNA Holdings Corporation),
MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing
Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C
Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street
Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch
West Coal Company, H-G Coal Company.

separately and fully in writing under oath within thirty (30) days from date of service hereof.

These Requests for Production shall be deemed continuing so as to require supplemental production when additional information with respect to these requests is obtained by you or your counsel. Such supplemental responses should be served within a reasonable time after such information is discovered.

## I. INSTRUCTIONS AND/OR DEFINITIONS

A. Any objections should be made <u>seriatim</u>, setting forth the specific objection, the specific basis of the objection, and a description with particularity of the information which you object to producing.

B. When used in these Requests, the term Debtors includes "you" or "your" or any synonym thereof, whether singular or plural, and is intended to and shall embrace and include present and former counsel for the Debtors, all agents, servants, employees, representatives and others who are in possession of or who may have obtained information for or on behalf of the Debtors, and shall include all present and former subsidiaries, divisions, affiliates, and predecessor entities.

C. The term "document" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, without limitation, correspondence, memoranda, analysis, notes, messages, letters, telegrams, teletypes, telefaxes, bulletins, meetings or other communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books,

reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices,

work-sheets, workpapers, reconciliations, receipts, returns, computer printouts,

prospectuses, financial statements, schedules, affidavits, contracts, canceled checks,

statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and

any and all drafts, alterations and modifications, changes and amendments of any of the

foregoing), graphic or aural records or representations of any kind (including microfilm,

videotape, recordings, motion pictures) and electronic, mechanical or electric recordings

or representations of any kind (including without limitation tapes, cassettes, discs and

records). The term "document" includes all computer-generated and computer-stored

information, including electronic mail and information stored as "back-up."

## REQUESTS FOR PRODUCTION

1.    All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which refer to or relate to Anderson's lawsuit, including, but not limited to, all documents which refer or relate to Anderson's Motion to Certify; members or potential members of the putative statewide and worldwide classes; any evaluation of Anderson's lawsuit, including its request for class certification; any order entered by the South Carolina Circuit Court; any damage estimates; the prerequisites for class certification, including commonality, typicality, numerosity, and adequacy; and the potential effects of a delay in the certification proceedings.

2.    All documents which refer to or relate to Anderson's request to be included on the Official Committee of Asbestos Property Damage Claimants.

3.    All documents generated from the date the debtors filed their Petition for Reorganization until October 1, 2001, which refer to or relate to any proceedings in Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until October 1, 2001.

4.    All documents generated from the date the debtors filed their Petition for Reorganization until September 1, 2005, which refer to or relate to Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until September 1, 2005.

5.    All documents generated prior to September 1, 2005, which refer to or relate to Anderson's individual and class claims in this bankruptcy.

3

6.      All documents except pleadings served and filed which refer to or relate to the identity of any asbestos-containing surface treatment in any building owned or operated by Anderson.

7.      All documents except pleadings served and filed which refer to or relate to or discuss the potential membership of Anderson's putative class, including buildings located in South Carolina and outside of South Carolina.

8.      All documents which reflect or refer to any communication made with any lay or expert witnesses involving any issues in Anderson's efforts to obtain class certification.

9.      All documents which refer or relate to the debtors' knowledge concerning the facts or factual assertions relating to Anderson's putative class action.

10.     All documents which refer to any amount that could or should be set aside for the resolution of Anderson's claim, including any insurance reserve.

11.     All documents which refer to or relate to communications between the debtors and any insurance carrier relating to Anderson, including its individual and putative class claims.

12.     All documents which refer to or relate to communications between the debtors and any other person or entity, including any other defendant, relating to Anderson, including its individual and putative class claims.

13.     All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which reflect any evaluation of Anderson's individual or class claims.

14.     All documents except pleadings served and filed which refer to or relate to any prepetition efforts the debtor made to settle or compromise Anderson's lawsuit.

15.     All documents which refer or relate to any communications with any building owners regarding any proofs of claim filed by Anderson's counsel.

16.     Any partial or complete list or index of documents relating to Anderson and any putative class which it purports to represent.

Christopher D. Loizides (#3968)
Michael J. Joyce (#4563)
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728 (fax)

4

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC  29924
Telephone: (803) 943-4444
Facsimile:  (803) 943-4599


October 30, 2006                    By: _____