# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: April 13, 2007 at 4:00 p.m.**
**Hearing Date: May 2, 2007 at 2:00 p.m. (in Pittsburgh, PA)**

## NOTICE OF MOTION AND OBJECTION SEEKING ENTRY OF AN ORDER (A) EXPUNGING OR (B) REDUCING AND ALLOWING CLAIMS PAID POST-PETITION

TO:    Office of the United States Trustee; counsel to the DIP Lender; counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders; counsel to all official committees appointed by the United States Trustee and the Future Claimants Representative; parties requesting notice pursuant to Bankruptcy Rule 2002; and affected parties.

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") filed the *Motion and Objection Seeking Entry of an Order (A) Expunging or*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*(B) Reducing and Allowing Claims Paid Post-Petition* (the "Motion") with the United States

Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801

(the "Bankruptcy Court"). A copy of the Motion is attached hereto.

Objections or other responses to the relief requested in the Motion, if any, must be

in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern

time) on **April 13, 2007**.

At the same time, you must also serve a copy of the objections or responses, if

any, upon the following (i) co-counsel for the Debtors, Lori Sinanyan, Kirkland & Ellis LLP,

777 South Figueroa Street, Los Angeles, California 90017, and James E. O'Neill, Pachulski

Stang Ziehl Young Jones & Weintraub LLP, 919 North Market Street, 17th Floor, P.O. Box

8705, Wilmington, DE 19899-8705 (Courier 19801); (ii) counsel to the Official Committee of

Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York,

NY 10038-4982, and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market

Street, Suite 1200, Wilmington, DE 19801-1246; (iii) counsel to the Official Committee of

Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod,

First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131, and

Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351,

Wilmington, DE 19899; (iv) counsel to the Official Committee of Personal Injury Claimants,

Peter Van L. Lockwood, Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington,

DC 20005, and Mark T. Hurford, Campbell & Levine, LLC, 800 N. King Street, Suite 300,

Wilmington, DE 19801; (v) counsel to the Official Committee of Equity Holders, Gary Becker,

Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022, and Teresa

2

K.D. Currier, Buchanan, Ingersoll & Roney, P.C., 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397; (vi) counsel to the Future Claimants' Representative, Richard H. Wyron, Orrick, Herrington & Sutcliffe, LLP, 3050 K Street, NW, Suite 300, Washington, DC 20007, and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806; and (vii) the Office of the United States Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE 19801.

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

*[Remainder of Page Left Intentionally Blank]*

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND

SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL

BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE

BANKRUPTCY COURT, 5414 U.S. STEEL BUILDING, 600 GRANT STREET,

PITTSBURGH, PENNSYLVANIA 15219 ON **MAY 2, 2007 AT 2:00 P.M.** PREVAILING

EASTERN TIME.

Dated: March 28, 2007

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

and

KIRKLAND & ELLIS LLP
David M. Bernick
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

Co-Counsel for the Debtors and Debtors in
Possession

4

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: April 13, 2007 at 4:00 p.m.** |
| | ) | **Hearing Date: May 2, 2007 at 2:00 p.m. (in Pittsburgh, PA)** |

### MOTION AND OBJECTION SEEKING ENTRY OF AN ORDER (A) EXPUNGING OR (B) REDUCING AND ALLOWING CLAIMS PAID POST-PETITION

The above-captioned Debtors submit this motion and objection (the "Motion") seeking

entry of an order (A) expunging or (B) reducing and allowing claims paid post-petition. In

support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      The statutory bases for the relief requested herein are sections 105(a), 502(b)(1), and 507 of Title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

**Background**

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all prepetition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims) and medical monitoring claims.

5.      In connection with their review of all claims filed to date against the Debtors' estates, the Debtors have identified certain claims that the Debtors' records show were paid post-petition, either in full or in part (collectively, the "Satisfied Claims"). Certain of these Satisfied Claims were paid pursuant to the Debtors' authority under orders of the Court authorizing such payments. The other Satisfied Claims were post-petition obligations incurred by the Debtors in the regular and ordinary course of operating their business, and were paid pursuant to the Debtors' authority under section 363(c)(1) of the Bankruptcy Code.

6.      One of the Satisfied Claims was paid in full by the Debtors after the Petition Date (the "Fully Satisfied Claim"). Other Satisfied Claims were paid only in part by the Debtors after the Petition Date (the "Partially Satisfied Claims").

2

### Relief Requested

7.    The Debtors request entry of an order expunging the Fully Satisfied Claim and reducing and allowing the Partially Satisfied Claims.

### Basis for the Requested Relief

8.    Section 502(b)(1) of the Bankruptcy Code directs a court to disallow claims against a debtor to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." Section 105(a) of the Bankruptcy Code allows a court to issue any order "that is necessary or appropriate to carry out the provisions of [Title 11]."

9.    If the payments to the holders of the Satisfied Claims had been made prior to the Petition Date, the Debtors would simply file an objection to those claims. The Local Rules, however, specifically state that "an objection to a claim on the basis that the claim has been paid or satisfied post-petition is not a valid objection." See Del.Bankr.LR 3007-1(e)(iii)(J)(2).

10.    In recognition of this prohibition contained in Local Rule 3007-1(e)(iii)(J)(2), the Debtors are not filing an objection to the Satisfied Claims based on post-petition payments made by the Debtors. Instead, so that the Debtors may "clean up" their claims register by eliminating obligations that have been satisfied, the Debtors simply request by this Motion that the Court enter an order pursuant to Bankruptcy Code section 105(a) expunging the Fully Satisfied Claim and reducing and allowing the Partially Satisfied Claims.[2]

---

[2]    The Debtors previously filed a similar motion requesting the same relief but with request to different claims. This Court granted the Debtors' requested relief at Docket No. 14071 (entered 12/19/2006).

3

## Argument

11.     The payment of the Satisfied Claims by the Debtors makes those claims unenforceable against the Debtors and their property under applicable law. In the case of the Fully Satisfied Claim, such claim is wholly unenforceable. In the case of the Partially Satisfied Claims, such claims are unenforceable to the extent of the payments already made.

12.     The Debtors have reviewed their books and records and have determined that the Fully Satisfied Claim listed on Exhibit A has been satisfied by payments made after the Petition Date and that no further payments or distributions are required on account of the claim. Accordingly, the Debtors request entry of an order expunging the claim, so that the official claims register is accurate, both for purposes of voting on any plan of reorganization filed in the Debtors' cases and making distributions under any plan.

13.     The Debtors have also determined that the Partially Satisfied Claims listed on Exhibit B have been partially satisfied by payments made after the Petition Date. In addition, Claim 849 is also filed with the wrong classification. The invoices corresponding to the administrative expense claim portion of Claim 849 were issued pre-petition. As such, the claim is a general unsecured claim. Furthermore, while the attachment to Claim 849 lists administrative expense and reclamation claims, a proof of claim is not the appropriate vehicle to present such claims, nor does Section 502 afford the relief sought by the claimant. Finally, Claim 849 does not provide any support for the asserted priority status.

14.     Accordingly, the Debtors request entry of an order reducing all of the Partially Satisfied Claims on Exhibit B by the amounts paid and allowing them in such reduced amount and specified classification, so that the official claims register is accurate, both for purposes of voting on any plan of reorganization filed in the Debtors' cases and making distributions under any plan.

4

## Responses to Motion

15.    To contest the relief requested by this Motion, a claimant must file and serve a

written response to this Motion (a "Response") so that it is received no later than 4:00 p.m.

(Eastern Time) on April 13, 2007.  Every Response must be filed with the Office of the Clerk of

the United States Bankruptcy Court for the District of Delaware:  824 Market Street,

Wilmington, Delaware 19801 and served upon the following entities, so that the response is

received no later than 4:00 p.m. (Eastern Time) on **April 13, 2007**, at the following

addresses:

> Kirkland & Ellis LLP
> 777 South Figueroa Street
> Los Angeles, California 90017-5800
> Attn:  Lori Sinanyan
>
>        -and-
>
> Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn:  James E. O'Neill
>
> Co-Counsel for the Debtors

16.    Every Response must contain at a minimum the following:

    (a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Motion to which the Response is directed;

    (b)    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

    (c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Motion;

    (d)    any supporting documentation, to the extent it was not included with a proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

5

(e)     the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim and who possesses authority to reconcile, settle, or otherwise resolve the amount of the claim on behalf of the claimant.

17.     If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order expunging or reducing and allowing the claim, as applicable, without further notice to the claimant or a hearing.

### Replies to Responses

18.     The Debtors may, at their option, file and serve a reply to a claimant's Response.

### Reservation

19.     · Notwithstanding anything contained in this Motion or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Motion; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

20.     The Debtors will serve copies of this Motion (with all exhibits) on (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to The Chase Manhattan Bank as agent for the Debtors' prepetition lenders, (iv) counsel to all official committees appointed by the United States Trustee and the Future Claimants Representative, (v) counsel for the claimants on each of Exhibits A-B or the claimants themselves if not represented by counsel and (vi) all those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002.

21.     In light of the nature of the relief requested, the Debtors submit that no further notice is required.

6

## No Prior Relief

22.    No previous application for the relief sought herein has been made to this or any

other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form attached hereto, (i) expunging the claim listed on Exhibit A, (ii)

reducing the claims listed on Exhibit B and allowing each claim in the amount and classification

described on Exhibit B, (iii) directing Rust Consulting, Inc. to mark the official claims register in

accordance with the foregoing, and (iv) granting such other and further relief as is just and

proper.

Dated: March 28, 2007                    Respectfully submitted,

                                         KIRKLAND & ELLIS LLP
                                         Janet S. Baer
                                         Lori Sinanyan
                                         200 East Randolph Drive
                                         Chicago, Illinois 60601
                                         (312) 861-2000

                                         and

                                         PACHULSKI, STANG, ZIEHL, YOUNG JONES
                                         & WEINTRAUB LLP

                                         Laura Davis Jones (Bar No. 2436)
                                         James E. O'Neill (Bar No. 4042)
                                         Timothy P. Cairns (Bar No. 4228)
                                         919 North Market Street, 17th Floor
                                         P.O. Box 8705
                                         Wilmington, DE  19899-8705 (Courier 19801)
                                         (302) 652-4100

                                         Co-Counsel for the Debtors and Debtors in Possession

7

# EXHIBIT A

**In re: W.R. GRACE & CO., et al**
**EXHIBIT A - FULLY SATISFIED POSTPETITION CLAIMS**

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 1 | BCL CAPITAL<br>ATTN CORPORATE ATTY<br>115 WEST COLLEGE DR<br>MARSHALL, MN 56258 | 01-01139<br>W.R. GRACE & CO. | 107 | $10,686.34 | (S) | DEBTOR MADE A POST-PETITION PAYMENT TO U.S. BANCORP OFFICE EQUIPMENT IN THE FULL AMOUNT OF THE CLAIM. |
| | | | **Totals:** | $10,686.34 | (S) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.     **(A) - Administrative     (S) - Secured
                                                                                                                                          (P) - Priority            (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim.  The Debtors include such classification for the purpose of identifying the claim to which the objection applies.  The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

# EXHIBIT B

**In re: W.R. GRACE & CO., et al**
**OMNIBUS : EXHIBIT B - PARTIALLY SATISFIED POSTPETITION CLAIMS**

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | DELL RECEIVABLES, LP<br>C/O MS SABRINA STREUSSAND<br>HUGHES & LUCE, LLP<br>111 CONGRESS AVE STE 900<br>AUSTIN, TX 78701-4043 | 849 | $64,918.34<br>$73,791.94 | (P)<br>(U) | $0.00<br>$109,049.79 | (P)<br>(U) | REDUCED IN THE AMOUNT CORRESPONDING TO PAYMENTS MADE POST-PETITION ON 07/18/2001 (CHECK # 310975) AND 05/02/2001 (CHECK # 50887, # 50886); NO BASIS FOR PRIORITY CLAIM. |
| 2 | RELIANT ENERGY HL&P<br>PO BOX 1700<br>HOUSTON, TX 77001 | 131 | $13,831.70 | (U) | $4,317.82 | (U) | PAYMENT MADE POST-PETITION ON 06/13/2001 (CHECK # 307332). |
| 3 | TRANSCAT<br>C/O COMMERCIAL COLLECTION CORP OF NY<br>PO BOX 740<br>BUFFALO, NY 14217 | 208 | $1,762.97 | (U) | $849.07 | (U) | PAYMENTS MADE POST-PETITION ON 04/10/2001 (EDI # 2000007450), 05/01/2001 (EDI # 2000007450), AND 05/24/2001 (EDI # 2000009360, EDI # 2000009551). |
| | **Totals:** | | $64,918.34<br>$89,386.61 | (P)<br>(U) | $0.00<br>$114,216.68 | (P)<br>(U) | |

---

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

3/28/2007 8:46:30 AM

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### DECLARATION OF MARK A. SHELNITZ IN SUPPORT OF DEBTORS' MOTION AND OBJECTION SEEKING ENTRY OF AN ORDER (A) EXPUNGING OR (B) REDUCING AND ALLOWING CLAIMS PAID POST-PETITION

I, Mark A. Shelnitz, hereby declare that the following is true to the best of my knowledge, information and belief:

1.      I am the Vice President, General Counsel, and Secretary of W. R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Debtors' motion and objection seeking entry of an order (A) expunging or (B) reducing and allowing claims paid post-petition (the "Motion").

2.      I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Motion and am, directly or through the Debtors'

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

personnel, attorneys, and Bankruptcy Management Corporation, the Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3.      Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors. The Books and Records also reflect payments made with respect to those liabilities.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling claims in these cases. These claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of claims that have been paid, in whole or in part, by the Debtors post-petition. Based on these efforts, the Debtors have determined that the claims listed in the Motion should be disallowed and expunged or reduced, reclassified and allowed as indicated therein.

5.      To the best of my knowledge and belief, I have determined that the Debtors have no liability for the claim listed on Exhibit A of the Motion because the Debtors' Books and Records indicate that this claim has been satisfied in full by one or more post-petition payments.

6.      To the best of my knowledge and belief, I have determined that the Debtors have reduced liability for the claims listed on Exhibit B of the Motion because the Debtors' Books and Records indicate that these claims have been satisfied in part by one or more post-petition payments. Additionally, there is no basis for priority status for Claim 849 listed on Exhibit B. The reduced amount and the appropriate classification of the claims after crediting the post-petition payments and reconciling the claims with the Debtors' books and records are reflected on Exhibit B.

2

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

March 28, 2007

                               _Mark A. Shelnitz_
                               Mark A. Shelnitz
                               Vice President,
                               General Counsel and
                               Secretary

Subscribed and sworn to before me
This 28th day of March, 2007.

_Diane E. Armstrong_

NOTARY PUBLIC, State of _Maryland_
My Commission Expires: _09/01/2008_

DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 1, 2008

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Related Docket No. _____**

## ORDER (A) EXPUNGING OR (B) REDUCING AND
## ALLOWING CLAIMS PAID POST-PETITION

Upon the motion and objection of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") seeking entry of an order under sections 105(a), 502(b)(1), and 507

of the Bankruptcy Code[2] (A) expunging or (B) reducing and allowing claims paid post-petition

(the "Motion"); and it appearing that the Court has jurisdiction to consider the Motion and the

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]   Capitalized terms not otherwise defined in this Order have the meanings given to them in the Motion.

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and the creditors and all parties-in-interest; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED, FOUND, AND DETERMINED THAT:

1.    The Motion is granted.

2.    The claim listed on Exhibit A hereto is hereby expunged in its entirety.

3.    The claims listed on Exhibit B hereto are hereby reduced and allowed in the amounts and classification listed on such exhibit.

4.    Rust Consulting, Inc. is directed to mark the official claims register in accordance with paragraphs 2 and 3 of this Order.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, which is final.

Dated: _____, 2007

_____
Judith K. Fitzgerald
United States Bankruptcy Judge