**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Responses Due: April 13, 2007 at 4:00 p.m.**
**Hearing Date: May 2, 2007 at 2:00 p.m. (in Pittsburgh, PA)**

## NOTICE OF DEBTORS' TWENTY-SECOND
## OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

On or about March 28, 2007, the above-captioned debtors and debtors in

possession (the "Debtors") filed the *Debtors' Twenty-Second Omnibus Objection to Claims*

*(Substantive)* (the "Objection") with the United States Bankruptcy Court for the District of

Delaware.  The Debtors will serve copies of the Objection (with all Exhibits) on (1) the Office of

the United States Trustee; (2) each of the official committees in these Chapter 11 Cases; (3) any

claimant with a claim subject to the Objection; and (4) all parties who have requested notice

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

pursuant to Bankruptcy Rule 2002. Responses to the relief requested in the Objection, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on **April 13, 2007**.

If you file a response to the Objection, at the same time, you must also serve a copy of the response upon the following parties: (i) co-counsel for the Debtors, Lori Sinanyan, Kirkland & Ellis LLP, 777 South Figueroa Street, Los Angeles, California 90017, and James E. O'Neill, Pachulski Stang Ziehl Young Jones & Weintraub LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982, and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131, and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (iv) counsel to the Official Committee of Personal Injury Claimants, Peter Van L. Lockwood, Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, DC 20005, and Mark T. Hurford, Campbell & Levine, LLC, 800 N. King Street, Suite 300, Wilmington, DE 19801; (v) counsel to the Official Committee of Equity Holders, Gary Becker, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022, and Teresa K.D. Currier, Buchanan, Ingersoll & Roney, P.C., 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397; (vi) counsel to the Future Claimants' Representative, Richard H. Wyron, Orrick, Herrington & Sutcliffe, LLP, 3050 K Street, NW,

2

Suite 300, Washington, DC 20007, and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A.,

1200 North Broom Street, Wilmington, DE 19806; and (vii) the Office of the United States

Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE 19801.

> Any response should contain the following:

> A. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

> B. the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

> C. the specific factual basis and supporting legal argument upon which the party will rely in opposing the Objection;

> D. any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

> E. the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

> If you file a response to the Objection, you should be prepared to argue that

response at the May 2, 2007 hearing (the "Claims Hearing") unless you reach an agreement with

the Debtors' counsel to continue or resolve your matter. You need not respond to the Objection

or appear at the Claims Hearing if you do not object to the relief requested in the Objection. If

you do not timely file and serve a response to the Objection, the relief requested in the Objection

may be granted without further notice to you. Failure to timely file a response to the Objection

shall be deemed (i) a waiver of your right to respond to the Objection and (ii) your consent to the

relief requested in the Objection respecting your claim.

3

91100-001\DOCS_DE:126204.1

IF NO RESPONSES ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE OBJECTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE UNITED STATES BANKRUPTCY COURT, 5414 U.S. STEEL BUILDING, 600 GRANT STREET, PITTSBURGH, PENNSYLVANIA 15219 ON MAY 2, 2007 AT 2:00 P.M. PREVAILING EASTERN TIME.

The Debtors reserve the right to file and serve a reply to a claimant's response. **If you have any questions regarding your claim(s) you should contact BMC at (888) 909-0100.**

*[Remainder of Page Intentionally Left Blank]*

4

**If you have any questions regarding the Objection, please call Lori Sinanyan at 213-680-8209.**

Dated: March 28, 2007

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400

and

KIRKLAND & ELLIS LLP
David M. Bernick P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile:  (312) 861-2200

5

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Responses Due: April 13, 2007 at 4:00 p.m.** |
| | ) | **Hearing Date: May 2, 2007 at 2:00 p.m. in (Pittsburgh, PA)** |

## DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through

their undersigned counsel of record, file this Twenty-Second Omnibus Objection to Claims (the

"Twenty-Second Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a

core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502, 503, and

506, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

to time, the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

### Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). In the fall of 2006, the Court also set a bar date for asbestos personal injury litigation claims pending as of the chapter 11 petition date. No bar date has been established for claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

5. By this Twenty-Second Omnibus Objection, the Debtors seek disallowance, reclassification, or reduction, as appropriate, of the claims set forth in the exhibits attached hereto[2] for the reasons described herein and in such exhibits:

---

[2]    The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. Unless otherwise
(Continued...)

2

(a)    Each claim set forth as "No Liability" in <u>Exhibit A</u> attached hereto is a claim for which the Debtors have no liability according to their books and records (the "No Liability Claims") and for which the Debtors seek expungement of the claim;

(b)    Each claim set forth as "Insufficient Documentation" in <u>Exhibit B</u> attached hereto is a claim that has been filed with insufficient documentation to provide the Debtors with sufficient supporting information to validate such claim (the "Insufficient Documentation Claims") and for which the Debtors seek expungement of the claim;

(c)    Each claim set forth as "Reduce and Allow" in <u>Exhibit C</u> attached hereto is a claim that should be reduced and allowed (the "Reduce and Allow Claims");

(d)    The claim set forth as "Reclassify, Reduce, and Allow" in <u>Exhibit D</u> attached hereto is a claim that should be reclassified, reduced, and allowed (the "Reclassify, Reduce, and Allow Claim"); and

(e)    The claim set forth as "Reclassify" in <u>Exhibit E</u> attached hereto is a claim that should be reclassified (but not allowed) (the "Reclassify Claim").

### The No Liability Claims

6.    The Debtors object to the No Liability Claims listed on <u>Exhibit A</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code, because these are claims which are not enforceable against the Debtors or their property under any agreement or applicable law.  In particular, the Debtors' review of their books and records indicates that they have no liability for these claims because (a) the claimant has no relationship with the Debtors, (b) the claim has been

---

stated, the inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

3

satisfied, (c) assessments are incorrect, or (d) the Debtors are not responsible for the loss or expenses incurred by the claimant. Therefore, the No Liability Claims set forth on <u>Exhibit A</u> should be disallowed and expunged for all purposes.

### The Insufficient Documentation Claims

7. The Debtors object to the Insufficient Documentation Claims listed on <u>Exhibit B</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3001(c). Claimants filing such claims have failed to file the requisite documentation in support of their claims and thus have failed to comply with Bankruptcy Rule 3001(c). Bankruptcy Rule 3001(c) requires in pertinent part: "When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim." Since the supporting documentation attached to the proofs of claim was not sufficient to allow the Debtors to determine the validity of the Insufficient Documentation Claims, the Insufficient Documentation Claims set forth on <u>Exhibit B</u> should be disallowed and expunged for all purposes.

### The Reduce and Allow Claims

8. The Debtors object to the Reduce and Allow Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are filed for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated. The amount of each claim listed on <u>Exhibit C</u> is overstated due to the reasons enumerated per each objection set forth on <u>Exhibit C</u>. Accordingly, the Debtors object to the Reduce and Allow Claims and request that the Reduce and Allow Claims be reduced to and allowed in the amounts set forth on <u>Exhibit C</u>.

4

## The Reclassify, Reduce, and Allow Claim

9.   The Debtors object to the Reclassify, Reduce, and Allow Claim pursuant to sections 502(b)(1) and 503 of the Bankruptcy Code, because this claim is filed with the wrong classification and for an amount that differs from the amount reflected on the Debtors' books and records. In evaluating the Reclassify, Reduce, and Allow Claim, the Debtors have thoroughly reviewed their books and records and the proofs of claim, as well as the supporting documentation provided by the claimant, and have determined that the classification and amount of the claim requires modification. The claim listed on Exhibit D contains pre-petition and post-petition components. The claimant acknowledges that the entire post-petition portion has been paid post-petition. Thus, there is no basis for administrative expense status attaching to the remaining pre-petition portion of the claim. The claim should therefore be reclassified as a general unsecured claim. Additionally, since the post-petition portion of the claim has already been paid, the claim amount listed on Exhibit D is overstated. Accordingly, the Debtors object to the Reclassify, Reduce, and Allow Claim and request that this claim be reclassified as an unsecured claim, and reduced to, and allowed in, the amount set forth on Exhibit D.

## The Reclassify Claim

10.   The Debtors object to the Reclassify Claim pursuant to section 506 of the Bankruptcy Code because this claim is filed with the wrong classification.[3] In evaluating the Reclassify Claim, the Debtors have thoroughly reviewed their books and records and the proof of claim, as well as the one-page of supporting documentation provided by the claimant, and have

---

[3]   The Debtors are also objecting to the Reclassify Claim on the basis of insufficient documentation. If this Court disallows and expunges the claim on an insufficient documentation basis, there is no need to consider reclassification of this claim. However, pursuant to Local Bankruptcy Rule 3007-1(f)(iii), the Debtors must file all substantive grounds for objecting to a claim at the same time. Thus, out of an abundance of caution, the Debtors also object to the claim on a reclassification basis.

5

determined that the asserted classification of the claim is not appropriate. The claim listed on Exhibit E has no basis for secured status under section 506 of the Bankruptcy Code and should be reclassified as a general unsecured claim. Accordingly, the Debtors object to the Reclassify Claim on Exhibit E and request that, to the extent that the Reclassify Claim is not disallowed and expunged on the basis of insufficient documentation, the Reclassify Claim be reclassified (but not allowed) as a general unsecured claim.

### Separate Contested Matters

11. If a response is filed regarding any claim listed in the Twenty-Second Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim and the objection by the Debtors thereto asserted in the Twenty-Second Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Twenty-Second Omnibus Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

12. To contest an objection, a claimant must file and serve a written response to this Twenty-Second Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on April 13, 2007. Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware:   824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on **April 13, 2007**, at the following addresses:

> Kirkland & Ellis LLP
> 777 South Figueroa Street, 37th Floor
> Los Angeles, California 90017
> Attn: Lori Sinanyan

> -and-

6

Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Attn: James E. O'Neill

Co-Counsel for the Debtors

13. Every Response to this Twenty-Second Omnibus Objection must contain at a minimum the following:

    (a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Twenty-Second Omnibus Objection to which the Response is directed;

    (b)    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

    (c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Twenty-Second Omnibus Objection;

    (d)    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

    (e)    the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

7

14. If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reclassifying, reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

### Replies to Responses

15. The Debtors may, at their option, file and serve a reply to a claimant's Response.

### Reservation

16. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Twenty-Second Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Twenty-Second Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

17. Notwithstanding anything contained in this Twenty-Second Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Twenty-Second Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

18. The Debtors will serve copies of this Twenty-Second Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

8

19. Bankruptcy Management Corporation, the Debtors' reconciliation agent, will serve a copy of the Twenty-Second Omnibus Objection and the exhibits thereto upon those creditors that have filed claims that are affected by the Twenty-Second Omnibus Objection.

20. The Debtors submit that notice of this Twenty-Second Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

21. No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

22. This Twenty-Second Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

9

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reducing, and/or reclassifying, as appropriate, each of the claims more fully described in this Twenty-Second Omnibus Objection and/or listed on the exhibits attached hereto.

Dated:  March 28, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

10

# EXHIBIT A

## In re: W.R. GRACE & CO., et al
## OMNIBUS 22: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 1 | GALLET DREYER & BERKEY LLP C/O DAVID L BERKEY ESQ GALLET DREYER & BERKEY LLP 845 THIRD AVENUE NEW YORK, NY 10022 | 01-01139 W.R. GRACE & CO. | 35 | $17,851.69 | (U) | NO LIABILITY - DEBTOR HAS NO RECORD OF THIS LIABILITY. |
| 2 | GENERAL ELECTRIC CAPITAL BUSINESS ASSET C/O CONRAD K CHIU ESQ PITNEY HARDIN KIPP & SZUCH LLP 685 THIRD AVE NEW YORK, NY 10017 | 01-01139 W.R. GRACE & CO. | 4071 | $3,151.38 | (U) | NO LIABILITY - DEBTOR HAS NO RECORD OF THIS LIABILITY. |
| 3 | HEARTHSIDE RESIDENTIAL CORP C/O ALLAN H ICKOWITZ ESQ NOSSAMAN GUTHNER KNOX & ELLIOTT LLP 445 S FIGUEROA ST, 31ST FLR LOS ANGELES, CA 90071 | 01-01180 W.R. GRACE LAND CORPORATION | 7035 | UNKNOWN | (U) | NO LIABILITY - DEBTOR HAS NO RECORD OF THIS LIABILITY. |
| 4 | MICHIGAN DEPT OF TREASURY REVENUE DIV PO BOX 30456 LANSING, MI 48909-7955 | 01-01140 W.R. GRACE & CO.- CONN. | 17607 | $3,553.55 | (A) | NO LIABILITY. POST-PETITION CLAIM FOR TAX PERIOD ENDING JUNE 2005; AMOUNT HAS BEEN PAID. |
| 5 | NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE BANKRUPTCY SECTION PO BOX 5300 ALBANY, NY 12205-0300 | 01-01139 W.R. GRACE & CO. | 17757 | $50.00 | (A) | NO LIABILITY - POST-PETITION CLAIM THAT AROSE ON 02/29/2004; PAID IN FULL BY THE DEBTOR. |
| 6 | NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE BANKRUPTCY SECTION PO BOX 5300 ALBANY, NY 12205-0300 | 01-01140 W.R. GRACE & CO.- CONN. | 17769 | $24,021.84 | (A) | NO LIABILITY - ASSESSMENTS ARE INCORRECT. |
| 7 | OCCIDENTAL PERMIAN LTD FKA ALTURA ENERGY LTD C/O JOHN W HAVINS 1001 MCKINNEY, SUITE 500 HOUSTON, TX 77002 | 01-01140 W.R. GRACE & CO.- CONN. | 7018 | $318,984.73 | (U) | NO LIABILITY. PRODUCT DAMAGED AS A RESULT OF THE CREDITOR'S MISUSE OF THE SAME; NO FAULT OF THE DEBTOR. |
| 8 | PALEY ROTHMAN ET AL ATTN: ROBERT MACLAY & KAREN MOORE 4800 HAMPDEN LANE 7TH FLOOR BETHESDA, MD 20814 | 01-01140 W.R. GRACE & CO.- CONN. | 95 | $888.41 | (U) | NO LIABILITY - DEBTOR HAS NO RECORD OF THIS LIABILITY. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative  (S) - Secured
(P) - Priority  (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

3/28/2007 8:42:12 AM

In re: W.R. GRACE & CO., et al
## OMNIBUS 22: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number  Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|
| 9 | RYDER SHARED SERVICES CENTER M/S2868 6000 WINDWARD PKWY ALPHARETTA, GA 30005 | 01-01139    115 W.R. GRACE & CO. | $29,475.11 | (U) | NO LIABILITY - PAYMENT MADE ON 09/02/2004; CREDITOR HAS ACKNOWLEDGED NO LIABILITY. |
| 10 | SIGNAL LANDMARK C/O ALLAN H ICKOWITZ ESQ NOSSAMAN GUTHNER KNOX & ELLIOTT LLP 445 S FIGUEROA ST, 31ST FLR LOS ANGELES, CA 90071 | 01-01180    7034 W.R. GRACE LAND CORPORATION | UNKNOWN | (U) | NO LIABILITY - DEBTOR HAS NO RECORD OF THIS LIABILITY. |
| 11 | STATE OF GEORGIA DEPARTMENT OF REVENUE P.O. BOX 161108 ATLANTA, GA 30321 USA | 01-01140    17048 W.R. GRACE & CO.- CONN. | $65,198.00 $10,489.00 | (P) (U) | NO LIABILITY - DEBTOR HAS NO RECORD OF THIS LIABILITY. |

|  | Totals: | | |
|---|---|---|---|
| | $27,625.39 | (A) |
| | $65,198.00 | (P) |
| | $380,840.32 | (U) |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

# EXHIBIT B

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 22: EXHIBIT B - INSUFFICIENT DOCUMENTATION CLAIMS**

| | Creditor Name / Address | Case Number  Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|
| 1 | AMERICAN 1ST CU<br>C/O CORY W THOMPSON<br>BOX 446<br>HUNTSVILLE, UT 84317 | 01-01140    2446<br>W.R. GRACE & CO.-CONN. | $4,000.00 | (S) | DOCUMENTATION NOT SUFFICIENT TO SUPPORT THE CLAIM. |
| 2 | GENERAL ELECTRIC CAPITAL BUSINESS ASSET<br>C/O CONRAD K CHIU ESQ<br>PITNEY HARDIN KIPP & SZUCH LLP<br>685 THIRD AVE<br>NEW YORK, NY 10017 | 01-01139    4071<br>W.R. GRACE & CO. | $3,151.38 | (U) | DOCUMENTATION NOT SUFFICIENT TO SUPPORT THE CLAIM. |

|  | Totals: | | |
|---|---|---|---|
| | | $4,000.00 | (S) |
| | | $3,151.38 | (U) |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative        (S) - Secured
                                                                                                                (P) - Priority              (U) - Unsecured

The classification of the claims set forth herein is the classification asserted on the filed proof of claim.  The Debtors include such classification for the purpose of identifying the claim to which the objection applies.  The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

# EXHIBIT C

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 22: EXHIBIT C - REDUCE AND ALLOW CLAIMS**

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | Claim Class** | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | CATERPILLAR FINANCIAL SERVICES CORP LEGAL DEPT 2120 WEST END AVE NASHVILLE, TN 37203 | 53 | $650,489.45 | (S) | $650.31 | (S) | CREDITOR HAS ACKNOWLEDGED THAT THIS IS THE ONLY AMOUNT DUE. |
| 2 | CONTRARIAN CAPITAL TRADE CLAIMS LP ASSIGNEE OF AT&T 411 W PUTNAM AVE STE 225 ATTN ALPA JIMENEZ GREENWICH, CT 06830 | 15444 | $903,636.85 | (U) | $371,542.05 | (U) | CREDITOR HAS ACKNOWLEDGED THAT THIS IS THE ONLY AMOUNT DUE. |
| 3 | COOK COUNTY TREASURER LAW DEPT 118 N CLARK ST ROOM 212 CHICAGO, IL 60602 | 707 | $455,006.45 | (S) | $308,656.77 | (S) | PAYMENTS MADE POST-PETITION ON 02/06/2002 (CHECK # 27524), 02/13/2002 (CHECK # 333506), AND 02/13/2002 (CHECK # 333507). |
| 4 | SPARTANBURG COUNTY TAX COLLECTOR ATTN JEAN R JAMESON PO BOX 3060 SPARTANBURG, SC 29304 | 15438 | $5,074.88 | (S) | $4,152.07 | (S) | PENALTY DEDUCTED FROM THE CLAIM. |

| | | Totals: | $1,110,570.78 | (S) | $313,459.15 | (S) | |
| | | | $903,636.85 | (U) | $371,542.05 | (U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

3/28/2007 8:44:17 AM

# EXHIBIT D

### In re: W.R. GRACE & CO., et al
### OMNIBUS 22: EXHIBIT D - RECLASSIFY, REDUCE, AND ALLOW CLAIMS

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | Claim Class** | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | IOS CAPITAL BANKRUPTCY ADMIN PO BOX 13708 MACON, GA  31208-3708 | 7 | $47,234.27 $402.50 | (A) (U) | $0.00 $2,605.13 | (A) (U) | POST-PETITION LEASE OBLIGATIONS WERE PAID POST-PETITION. |
| | **Totals:** | | $47,234.27 $402.50 | (A) (U) | $0.00 $2,605.13 | (A) (U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.    **(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

Page 1 of 1                                                                                     3/28/2007 3:44:59 PM

page 27 of 37

# EXHIBIT E

**In re: W.R. GRACE & CO., et al**
**OMNIBUS 22: EXHIBIT E - RECLASSIFY CLAIMS**

| Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|
| 1  AMERICAN 1ST CU<br>C/O CORY W THOMPSON<br>BOX 446<br>HUNTSVILLE, UT 84317 | 2446 | $4,000.00 | (S) | not applicable | (U) | NO BASIS FOR SECURED CLAIM STATUS. |
| | **Totals:** | $4,000.00 | (S) | not applicable | (U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.  **(A) - Administrative   (S) - Secured
(P) - Priority      (U) - Unsecured

Page 1 of 1                                                                              3/28/2007 9:52:49 AM

*page 29 of 37*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## DECLARATION OF MARK A. SHELNITZ IN SUPPORT OF DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

I, Mark A. Shelnitz, hereby declare that the following is true to the best of my knowledge, information and belief:

1.      I am the Vice President, General Counsel, and Secretary of W. R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Twenty-Second Omnibus Objection (the "Twenty-Second Omnibus Objection").

2.      I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Twenty-Second Omnibus Objection and am, directly

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

or through the Debtors' personnel, attorneys, and Bankruptcy Management Corporation, the Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3.      Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4.      To date, more that 15,000 Proofs of Claim have been filed against the Debtors in these cases by holders of non-personal injury claims.

5.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases. These claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims, which are the subject of the Twenty-Second Omnibus Objection. Based on these efforts, the Debtors have determined that the claims listed in the Twenty-Second Omnibus Objection should be reclassified, reduced, or disallowed and expunged as indicated in the Twenty-Second Omnibus Objection.

6.      To the best of my knowledge and belief, I have determined that the No Liability Claims against the Debtors listed on Exhibit A of the Twenty-Second Omnibus Objection are unenforceable against the Debtors or their property under any agreement or applicable law. In particular, the Debtors' review of their books and records indicates that they have no liability for these claims because either (a) the claimant has no relationship with the Debtors, (b) the claim has been satisfied, (c) assessments are incorrect, or (d) the Debtors are not responsible for the loss or expenses incurred by the claimant.

12

7.    To the best of my knowledge and belief, I have determined that the Insufficient Documentation Claims against the Debtors listed on <u>Exhibit B</u> of the Twenty-Second Omnibus Objection are unenforceable against the Debtors or their property under any agreement or applicable law.  Claimants filing such claims have failed to file the requisite documentation in support of their claims and, as such, the Debtors cannot determine the validity of these claims.

8.    To the best of my knowledge and belief, I have determined that the Reduce and Allow Claims against the Debtors listed on <u>Exhibit C</u> of the Twenty-Second Omnibus Objection are filed for amounts that differ from the amounts reflected on the Debtors' Books and Records.

9.    To the best of my knowledge and belief, I have determined that the Reclassify, Reduce, and Allow Claim against the Debtors listed on <u>Exhibit D</u> of the Twenty-Second Omnibus Objection is filed (a) with the wrong classification, as the post-petition portion of the Reclassify, Reduce, and Allow Claim has already been paid post-petition and there is no basis for the remaining pre-petition portion to have administrative expense status, and (b) for an amount that differs from the amount reflected on the Debtors' Books and Records.

10.    To the best of my knowledge and belief, I have determined that the Reclassify Claim against the Debtors listed on <u>Exhibit E</u> of the Twenty-Second Omnibus Objection is filed with the wrong classification as there is no basis for secured status.

13

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

_Mark A. Shelnitz_
Mark A. Shelnitz
Vice President, General Counsel and Secretary

Subscribed and sworn to before me
This 28th day of March, 2007.

_Diane E. Armstrong_

NOTARY PUBLIC, State of _Maryland_
My Commission Expires: _09/01/2008_

DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires: September 1, 2008

14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. ___** |
| | ) | |

### ORDER GRANTING RELIEF SOUGHT IN DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon the Twenty-Second Omnibus Objection to Claims (Substantive) (the "Twenty-Second Omnibus Objection") filed by the above captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order expunging and disallowing, reducing or reclassifying certain claims (collectively, the "Claims," and, each, a "Claim"); and no previous application having been made; and upon consideration of the matters set forth herein; and due and proper notice of the Twenty-Second Omnibus Objection having been given, it is hereby

ORDERED that, except as hereinafter stated, the relief sought in the Twenty-Second Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto; and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit A to this Order is sustained, and each of the Claims listed on Exhibit A under the heading "No Liability" is expunged and disallowed for all purposes; and it is further

ORDERED that the Objection to each of the Claims listed on Exhibit B to this Order is sustained, and each of the Claims listed on Exhibit B under the heading "Insufficient Documentation" is expunged and disallowed for all purposes; and it is further

-1-

ORDERED that the Objection to each of the Claims listed on <u>Exhibit C</u> to this Order under the heading "Reduce and Allow" is sustained, and each of the Claims listed on <u>Exhibit C</u> is allowed in the status and amount stated on <u>Exhibit C</u>; and it is further

ORDERED that the Objection to the Claim listed on <u>Exhibit D</u> to this Order under the heading "Reclassify, Reduce, and Allow" is sustained, and the Claim listed on <u>Exhibit D</u> is allowed in the status and amount stated on <u>Exhibit D</u>; and it is further

ORDERED that the Objection to the Claim listed on <u>Exhibit E</u> to this Order under the heading "Reclassify" is sustained, and the Claim listed on <u>Exhibit E</u> is reclassified, but not allowed, as an unsecured claim; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rules 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the Claims objected to in the Twenty-Second Omnibus Objection as to which relief is entered by this Order, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2007

_____
Judith K. Fitzgerald
United States Bankruptcy Judge