**EXHIBIT B -- W.R. GRACE'S RESPONSES TO ANDERSON DOCUMENT REQUESTS**

070330185255.doc

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

312 861-2000

www.kirkland.com

Lisa G. Esayian
To Call Writer Directly:
312 861-2226
lesayian@kirkland.com

Facsimile:
312 861-2200
Dir. Fax: 312 660-0663

December 13, 2006

VIA FIRST-CLASS MAIL AND E:MAIL

Daniel A. Speights, Esq.
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924

Re: *In re W.R. Grace & Co., et al., Case No. 01-01139*

Dear Dan:

In response to your request during our December 7, 2006 conference call, I am enclosing W.R. Grace & Co.'s Responses and Objections to Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production. I am also sending our responses and objections to you via e-mail. Please do not hesitate to contact me if you have any questions.

Sincerely,

Lisa G. Esayian

LGE
Enclosures

London        Los Angeles        Munich        New York        San Francisco        Washington, D.C.

12/13/06

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED
DEC 18 2006
SPEIGHTS & RUNYAN

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **W. R. GRACE & CO., et al.** ) | Chapter 11 |
| ) | |
| **Debtors.** ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| ) | Related Docket Nos: 13588, 13651 |

## W. R. GRACE & CO.'S RESPONSES AND OBJECTIONS TO ANDERSON MEMORIAL HOSPITAL'S OCTOBER 30, 2006 AMENDED REQUESTS FOR PRODUCTION

### PRELIMINARY STATEMENT

1. As W.R. Grace & Co. ("Grace") has repeatedly argued in pleadings and at hearings in this case, because of the record in these bankruptcy proceedings and the rulings of this Court, Anderson Memorial *cannot* meet Rule 23's requirements, for at least the following reasons:

    (a) This Court has ruled that the Debtors' notice program was appropriate, and, thus, the identities of all claimants who lodged property damage claims with this Court are known; and

    (b) Through motion practice, there are now only 637 PD claimants before this Court, and only three South Carolina claimants, and thus Rule 23's numerosity and superiority requirements cannot be satisfied.

2. Nonetheless, Speights & Runyan, on behalf of Anderson Memorial, continues to seek costly, overbroad, irrelevant discovery that would have no bearing on class certification issues even if class certification was still a plausible outcome in this case.

3. Given the current posture of this case, Anderson Memorial's pending discovery requests are even more inappropriate than the discovery served by its counsel in December 2005. Nonetheless, in an effort resolve these discovery issues once and for all, Grace herein provides detailed responses and objections to each of the pending document requests.

### FACTUAL BACKGROUND REGARDING ANDERSON'S DISCOVERY REQUESTS

1. On October 21, 2005, based on alleged inadequacies in Grace's Court-approved notice and bar date program, Speights & Runyan filed a motion on behalf of Anderson Memorial Hospital seeking certification of a *worldwide* class of property damage claimants. (Dkt. No.

10014) Then, on December 13, 2005, Speights served on Grace multiple requests for documents and deposition testimony ostensibly related to the motion for class certification. Grace promptly moved for a protective order. (Dkt. No. 11365) Those discovery requests and motion for protective order remained unresolved while the parties pursued negotiations regarding a consensual plan of reorganization.

2. Then, at the September 2006 omnibus hearing, Speights indicated his desire to pursue this discovery. The Court turned to Grace's motion for a protective order at the October 23, 2006 omnibus hearing. Calling Speights' discovery requests a "fishing expedition," the Court ordered Speights to "narrow the scope." (10/23/2006 Hrg. Tr. at 76-78) The Court also ordered Speights to connect the discovery requests to the legal requirements for class certification. (*Id.* at 23 ("I think his point is that you need to show me how it's relevant to a specific element of Rule 23, and I agree with that."); *see also id.* at 80))

3. The next week, on October 30, 2006, Speights served Amended Requests for Production to the Debtors ("Amended Requests for Production") on Grace. However, contrary to the Court's instructions, Speights failed to narrow the requests for production and tie them to specific Rule 23 requirements for class certification. Of course, this would be impossible to do, given that no class can be certified in this case in light of Grace's extensive notice program and the discrete number of still-remaining property damage claimants.

4. Therefore, Grace again sought a protective order. (Dkt. No. 13588) In its November 6, 2006 motion, Grace pointed out that, "given the extent to which Anderson class certification issues have been substantially narrowed," the requests "seek information that has no bearing on the decision that this Court must make regarding whether to certify an Anderson class." (*Id.* at 1) Grace objected to the requests as irrelevant, extremely burdensome and overbroad, purporting to impose obligations that exceed the permissible scope of discovery under the Federal Rules of Civil Procedure and calling for privileged information. (*Id.* at 4-5) Speights filed a response on November 13, 2006. (Dkt. 13651) On November 20, 2006, the Court indicated that it would review the parties' submissions on Grace's motion for a protective order and either rule or schedule further argument. (11/20/2006 Hrg. Tr. at 106)

5. Per Speights' request, on December 7, 2006 the parties held a meet and confer conference call to discuss the Amended Requests for Production. To narrow the discovery dispute and facilitate a prompt resolution of Anderson Memorial's motion for class certification, and as Grace had indicated at the November 20 omnibus hearing, Grace agreed to withdraw its challenges in these bankruptcy proceedings to Speights & Runyan's adequacy as class counsel and Anderson Memorial's adequacy as a putative class representative. Likewise, to resolve these issues once and for all, Grace also agreed to comply with Speights' request that it provide responses and objections to the Amended Requests for Production. (Speights also served deposition notices but, at his request, at this time Grace is responding only to the requests for production.)

## FACTUAL AND LEGAL BASES FOR GRACE'S RESPONSES AND OBJECTIONS

1. Through Anderson Memorial's discovery requests, Speights has managed to delay the class certification hearing—and the inevitable denial of class certification—for more than a year. Enough is enough. Anderson Memorial's motion for class certification is ripe to be heard.

2. This Court has repeatedly rejected the central premise of the motion for class certification—and Anderson Memorial's *only* argument in support of Rule 23's superiority requirement—by finding clearly and unequivocally that Grace's notice program was appropriate, and resolved long ago. (10/23/2006 Hrg. Tr. at 67; 8/21/2006 Hrg. Tr. at 274 ("I mean, I can't reopen issues that have been adjudicated for three years after a notice program and millions of dollars have gone out.")) Because this Court has repeatedly recognized that Grace's notice program was thorough, the "universe of claims" is limited to the claims already before this Court. (10/23/2006 Hrg. Tr. at 67 ("So the universe of claims is going to be the proofs of claim filed in the Court."); *see also* 11/20/2006 Hrg. Tr. at 89 ("At this point in time we've had a proof of claim bar date. So, I don't think the class can be expanded beyond the proofs of claim that have been filed, and those are the problems I'm facing, Mr. Speights."))

3. The number of Speights claims in this bankruptcy has plummeted, as a result of the claims objections process, from roughly 3,000 to only 166 U.S. claims and 97 Canadian claims. Only *three* South Carolina claims remain, and they are all related to Anderson Memorial Hospital.[1] Thus, Speights simply cannot satisfy Rule 23's superiority and numerosity requirements. For these reasons, as the Court has stated on multiple occasions, there is no need for class certification given the record in this case. (*See, e.g.*, 1/26/2006 Hrg. Tr. at 75 ("And frankly, at this point there just aren't enough [property damage claims] that I can see that it requires a class. So that's where I'm coming from. I don't see how a class is going to advance the cause of the bankruptcy at this point in time."); 8/21/2006 Hrg. Tr. at 282 ("I don't see a need for class certification. The bar date is passed, and we're down to, I don't know, 600 and some claims and based on where we started that's a manageable number in this case."); 10/23/2006 Hrg. Tr. at 69 ("But if we're down to, seriously, 180 [Speights] claims, if in fact that's the case, I'm not sure where we're going, because I just can't see where the numerosity issue is going to be satisfied, even if all the other elements of Rule 23 are met."); 11/20/2006 Hrg. Tr. at 88 ("I just don't see how three claims is going to be too many to try."))

4. This record confirms that Anderson Memorial's Amended Requests for Production seek information that is not even remotely relevant to its pending motion for class certification. Most of Anderson Memorial's requests relate to a putative asbestos property damage class action that Speights filed fourteen years ago, in South Carolina, in which Anderson Memorial was the named plaintiff. The South Carolina suit has no bearing whatsoever on class certification here. The Court has reviewed the orders entered in South Carolina and has concluded that "[t]here is no final certification as to Grace, and the conditional one at this point in time is irrelevant because it was not finally certified," (8/21/2006 Hrg. Tr. at 281), and that

---

[1] These three remaining South Carolina claims are: 9914 (Anderson Memorial Hospital, "Various Locations Statewide South Carolina"); 11008 (Anderson Memorial Hospital) and 9911 (Anderson Memorial Hospital, "Various Locations Worldwide").

3

the conditionally certified class was limited to claims for buildings located in South Carolina. (*Id.*) Discovery relating to the South Carolina case is also unnecessary because Speights has already obtained and provided to the Court the record from the South Carolina class certification proceedings. (11/20/2006 Hrg. Tr. at 47) ("It appears that what I got is a complete copy of the entire file in South Carolina.").

5.  Despite having numerous opportunities to articulate a connection between Anderson Memorial's document requests and the specific issues that this Court must resolve in order to decide its motion for class certification, Speights has not done so. That is because he cannot. The three South Carolina claims remaining in this bankruptcy are the only claims that matter for purposes of class certification. To the extent that the Amended Requests for Production seek factual information relating to putative class members in Anderson Memorial's South Carolina case, or other property damage claims that were never filed in this bankruptcy proceeding despite the notice program and bar date, that information is totally irrelevant to the pending motion for class certification. Discovery related to the *merits* either of property damage claims in the South Carolina case or in this bankruptcy is even further off-base and is barred by United States Supreme Court precedent. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.").

6.  Remarkably, Speights has indicated that certain of the Amended Requests for Production target Grace's internal evaluations of Anderson Memorial's South Carolina class action. (11/20/2006 Hrg. Tr. at 44) ("What is Grace saying within its own structure about whether we need to settle this case? What are the merits of this case? Does it meet the requirements? Can we concede this issues?) While Speights wants to find out "[w]hat Grace said about the certification issues behind the scenes" and use this information against Grace to support his motion for class certification (10/23/2006 Hrg. Tr. at 29), Speights' litigation tactic is patently improper. Not only are Grace's impressions regarding the South Carolina case irrelevant to class certification here, but they are also protected by the work product doctrine and the attorney-client privilege. (*Id.* at 90 ("I'm a little confused about what the relevance would be as to what Grace thought about the Court's order."); 96 ("I don't think you're entitled to attorney work product. I don't think you're entitled to privileged documents.")) Moreover, as Grace explained in its supplemental brief regarding Federal Rule of Evidence 408 (Dkt. No. 13630), statements made in the course of settlement negotiations are inadmissible and not discoverable. *See also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) ("Without a [settlement] privilege, parties would more often than not forego negotiations for the relative formality of a trial. Then, the entire negotiation process collapses upon itself, and the judicial efficiency it fosters is lost.").

7.  Despite the fact that *none* of Speights' document requests are relevant to class certification in light of the record in this case, two of his requests—Requests 5 and 6—in part seek factual information that may be relevant to Anderson Memorial's *individual* claim. Without conceding that any merits discovery is appropriate, as discussed further below in its specific responses to Requests 5 and 6, Grace will search for and produce, to the extent that it exists, non-privileged pre-bankruptcy factual documents responsive to these two requests.

4

## GENERAL OBJECTIONS

1. Grace objects to the definitions and instructions contained in Anderson Memorial Hospital's Amended Requests for Production to the extent that said definitions and instructions purport to impose discovery obligations beyond those required by Fed. R. Civ. P. 26 and 34 and Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.

2. Grace objects to the Amended Requests for Production to the extent they seek information or identification of documents beyond the permissible scope of discovery or impose burdens beyond those permitted by the Federal Rules of Civil Procedure.

3. Grace incorporates by reference the above Introduction and objects to the Amended Requests for Production as overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence relevant to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification.

4. Grace objects to the Amended Requests for Production because they are not tied to the requirements for class certification in accordance with the Court's October 23, 2006 directive to Daniel Speights of Speights & Runyan.

5. Grace objects to the Amended Requests for Production as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that they call for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

6. Grace objects to the Amended Requests for Production as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence to the extent that they call for information relating to statements that Grace or its representatives allegedly made during the course of settlement negotiations in Anderson Memorial's South Carolina class action or any other matter. *See* Fed. R. Evid. 408; *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003).

7. To the extent that any of the Amended Requests for Production call for information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to those requests as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence. For purposes of Anderson Memorial's class certification motion in this bankruptcy proceeding, Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy.

8. To the extent any of the Amended Requests for Production call for or may be construed as calling for information or the identification of documents subject to a claim of privilege against disclosure, including, without limitation, the attorney-client privilege and the work product doctrine, and/or otherwise protected by applicable common-law or statutory

5

privileges or otherwise immune from discovery (collectively, "Privileged Information"), Grace hereby claims such privilege or privileges. Accordingly, Grace objects to the production of privileged information or documents containing Privileged Information and will not produce such documents. Inadvertent production of such documents or information shall not constitute a waiver of any privilege on any grounds.

9. Grace objects to the Amended Requests for Production to the extent that they ask Grace to disclose confidential, trade secret, competitively sensitive, or commercial information, including internal corporate documents and materials, that could irreparably harm Grace (including subsidiaries or affiliates) if disclosed to competitors. Grace will not produce such documents absent an appropriate protective order or confidentiality agreement.

10. Grace's partial response to any request for production of documents is not a waiver of its objection or right to object to any additional, supplemental, or further requests for production of documents or part thereof, but is instead volunteered in an effort to resolve potential discovery disputes. Additionally, Grace's production of a document or documents in response to any of the requests for production is not a waiver of Grace's objection to the production of additional documents.

11. Grace objects to the Amended Requests for Production to the extent they seek information or identification of documents in the possession of third parties and/or not presently in Grace's possession, custody, or control on the grounds that such requests are beyond the scope of permissible discovery and are unduly burdensome. Grace further objects to all Requests for Production on the grounds that they are overbroad, oppressive, and unduly burdensome, to the extent they purport to require Grace to provide information or identify documents of other parties to this action, or of third parties, or from publicly available sources. Accordingly, Grace's responses to these Requests for Production do not include or incorporate such information.

12. Except where otherwise specified, Grace will not search for nor will it produce information or documents subject to its General Objections or any objections made in response to a particular request for production.

13. Grace objects to producing documents already in Speights & Runyan's or Anderson Memorial Hospital's possession, custody, or control or that are publicly available.

14. Neither the fact that Grace has responded to these Amended Requests for Production (or any other discovery request) nor the responses themselves shall constitute an admission or acknowledgement that such Amended Requests for Production (or other discovery requests) are proper, that the information sought is relevant, material, or otherwise within the proper bounds of discovery, or that other discovery requests will be treated in a similar fashion in this or any other proceeding. Further, no response by Grace to any request for production (or other discovery request) shall be deemed to constitute an admission of any fact or matter set forth or assumed in any discovery request.

15. Grace reserves the right to make future motions and objections relating to these Amended Requests for Production at any subsequent stage of this action, including, but not

limited to, the right to object to the use of any responses, or the subject matter thereof, on any ground (including materiality and relevance) in any proceeding in any action. Grace reserves the right to modify, supplement, revise, correct, clarify, or otherwise amend its responses in accordance with the Federal Rule of Civil Procedure 26(e). Grace further reserves the right to object to the admissibility of any evidence based on the responses to these Amended Requests for Production.

16.  The above-stated General Objections shall be deemed applicable and are incorporated by reference into each response set forth below even if not specifically referred to in such responses.

## RESPONSES

**1.  All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which refer to or relate to Anderson's lawsuit, including, but not limited to, all documents which refer or relate to Anderson's Motion to Certify; members or potential members of the putative statewide and worldwide classes; any evaluation of Anderson's lawsuit, including its request for class certification; any order entered by the South Carolina Circuit Court; any damage estimates; the prerequisites for class certification, including commonality, typicality, numerosity, and adequacy; and the potential effects of a delay in the certification proceedings.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence related to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

**2.  All documents which refer to or relate to Anderson's request to be included on the Official Committee of Asbestos Property Damage Claimants.**

RESPONSE: Grace objects to this request as vague, ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

7

3.  **All documents generated from the date the debtors filed their Petition for Reorganization until October 1, 2001, which refer to or relate to any proceedings in Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until October 1, 2001.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

4.  **All documents generated from the date the debtors filed their Petition for Reorganization until September 1, 2005, which refer to or relate to Anderson's lawsuit from the date the debtors filed their Petition for Reorganization until September 1, 2005.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

5.  **All documents generated prior to September 1, 2005, which refer to or relate to Anderson's individual and class claims in this bankruptcy.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving these objections and/or the General Objections above, Grace will

search for and produce, to the extent they exist, pre-bankruptcy non-privileged factual materials specifically relating to Anderson Memorial Hospital and responsive to this request, but does not concede their relevance to class certification.

**6.    All documents except pleadings served and filed which refer to or relate to the identity of any asbestos-containing surface treatment in any building owned or operated by Anderson.**

RESPONSE: Grace objects to this request as vague, ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims. Subject to and without waiving these objections and/or the General Objections above, Grace will search for and produce, to the extent they exist, pre-bankruptcy non-privileged factual materials specifically relating to Anderson Memorial Hospital and responsive to this request, but does not concede their relevance to class certification.

**7.    All documents except pleadings served and filed which refer to or relate to or discuss the potential membership of Anderson's putative class, including buildings located in South Carolina and outside of South Carolina.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

8.  **All documents which reflect or refer to any communication made with any lay or expert witnesses involving any issues in Anderson's efforts to obtain class certification.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

9.  **All documents which refer or relate to the debtors' knowledge concerning the facts or factual assertions relating to Anderson's putative class action.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

10. **All documents which refer to any amount that could or should be set aside for the resolution of Anderson's claim, including any insurance reserve.**

RESPONSE: Grace objects to this request as vague, ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

11. **All documents which refer to or relate to communications between the debtors and any insurance carrier relating to Anderson, including its individual and putative class claims.**

RESPONSE: Grace objects to this request as vague, ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal

requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

**12.    All documents which refer to or relate to communications between the debtors and any other person or entity, including any other defendant, relating to Anderson, including its individual and putative class claims.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. To the extent that this request seeks information relating to Speights & Runyan's adequacy as class counsel or Anderson Memorial's adequacy as a class representative, Grace objects to the request as irrelevant, immaterial, and not reasonably calculated to lead to admissible evidence because in these bankruptcy proceedings Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

**13.    All documents generated prior to the date the debtors filed their Petition for Reorganization, except pleadings served and filed, which reflect any evaluation of Anderson's individual or class claims.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

**14.     All documents except pleadings served and filed which refer to or relate to any prepetition efforts the debtor made to settle or compromise Anderson's lawsuit.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace objects to this request because documents related to settlement negotiations are inadmissible under Rule 408 of the Federal Rules of Evidence. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Further, Grace objects to this request as irrelevant, immaterial, not reasonably calculated to lead to admissible evidence, and contrary to the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), to the extent that it calls for information relating to the merits of Anderson Memorial's South Carolina class action, any of the claims filed in this bankruptcy, or any other actual or potential lawsuits or claims.

**15.     All documents which refer or relate to any communications with any building owners regarding any proofs of claim filed by Anderson's counsel.**

RESPONSE: Grace objects to this request as vague, ambiguous, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

**16.     Any partial or complete list or index of documents relating to Anderson and any putative class which it purports to represent.**

RESPONSE: Grace objects to this request as vague, ambiguous, overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence relating to the legal requirements for class certification and the issues the Court must resolve in order to decide Anderson Memorial's pending motion for class certification. Grace further objects to this request to the extent it seeks any information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

Dated: December 13, 2006

Respectfully Submitted:

*/s/ Lisa D. Esayian*

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Janet S. Baer
Michael T. Dierkes

12

200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (fax)

Counsel for the Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., et al. | ) Chapter 11 |
| | ) |
| Debtors. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| | ) |
| | ) Related Docket Nos: 13588, 13651 |

## CERTIFICATE OF SERVICE

I, Lisa G. Esayian, hereby certify that on December 13, 2006, I caused a true and correct copy of W.R. Grace & Co.'s Responses and Objections to Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production to be served via first class mail and electronic mail on Daniel A. Speights, Speights & Runyan, 200 Jackson Avenue, East, P.O. Box 685, Hampton, South Carolina 29924, dspeights@speightsrunyan.com.

Dated: December 13, 2006

_____
Lisa G. Esayian
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (fax)