IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., ET AL.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Related Docket Nos. 197, 3126, 12855 and 14720 *Re items 3 v 4*

### ORDER GRANTING LEAVE IN ACCORDANCE WITH THE ORDERS AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE ORDINARY COURSE PROFESSIONALS AS IT PERTAINS TO FORMAN PERRY WATKINS KURTZ &TARDY, LLP

Upon the Debtors' motion (the "Motion") at hearing on April 2, 2007 seeking leave in accordance with this Court's *Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business* (Docket No. 197), which was later amended on December 10, 2002

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:126284.1

(Docket No. 3126) and July 24, 2006 (Docket No. 12855) (as amended, collectively, the "OCP Orders") to permit Forman Perry Watkins Kurtz & Tardy, LLP ("Forman Perry") to seek compensation in excess of the $50,000 monthly OCP cap and the $800,000 aggregate case OCP cap (the "Excess OCP Fees"); and the Court having been informed that the Debtors intend to withdraw their Application to Employ *nunc pro tunc* Forman Perry Watkins Krutz & Tardy LLP as Special Asbestos Personal Injury Third Party Discovery Counsel Filed by W.R. Grace & Co., et al (Docket No. 14720)(the "Application"); and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, and due and proper notice of the Motion having been given under the circumstances, and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and after due deliberation and sufficient cause appearing, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Application is withdrawn; and it is further

ORDERED that Forman Perry is permitted to seek compensation for Excess OCP Fees by filing a fee application for approval of its Excess OCP Fees in accordance with the Court's interim compensation order requirements and other applicable rules and orders of the Court; and it is further

ORDERED that Forman Perry may file its fee applications for Excess OCP Fees for all previous months and any future month in which it incurs Excess OCP Fees; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order which is final.

Dated: _____4/2_____, 2007

                                                               Judith K. Fitzgerald
                                                           United States Bankruptcy Judge