IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtor | ) | |
| | ) | Objection Deadline: June 8, 2007 at 4:00 p.m. |
| | ) | Hearing Date: June 25, 2007 at 2:00 p.m. |

**TWELFTH QUARTERLY INTERIM APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED (FOR THE PERIOD FROM OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006)**

| | |
|---|---|
| Name of Applicant: | Capstone Advisory Group, LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | June 8, 2004 (nunc pro tunc to February 4, 2004) |
| Period for which compensation and reimbursement is sought: | October 1, 2006 through December 31, 2006 |
| Amount of Compensation sought as actual, reasonable and necessary during the Quarter (100%): | $ 221,771.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary during the Quarter (100%): | $    1,397.19 |
| Total | $ 223,168.69 |

**Capstone Corporate Recovery, LLC changed its name to Capstone Advisory Group, LLC ("Capstone"), effective March 3, 2005.**

This is an: __X__ interim ____ final application
This is the Twelfth Quarterly application filed. Disclosure for all periods is as follows:

**TWELFTH QUARTERLY INTERIM APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED (FOR THE PERIOD FROM OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006)**

## ATTACHMENT A

| Date Filed (on or about) | Period Covered | Fees (100%) | Expenses (100%) | Fees (80% of requested fees) |
|---|---|---|---|---|
| June 10, 2004 | February 4, 2004 through February 29, 2004 | $94,882.00 | $3,932.07 | $75,905.60 |
| June 10, 2004 | March 1, 2004 through March 31, 2004 | $136,415.50 | $1,819.00 | $109,132.40 |
| **Totals First Quarterly** | **February 4, 2004 through March 31, 2004** | **$231,297.50** | **$5,751.07** | **$185,038.00** |
| June 12, 2004 | April 1, 2004 through April 30, 2004 | $61,925.00 | $678.33 | $49,540.00 |
| July 13, 2004 | May 1, 2004 through May 31, 2004 | $32,665.00 | $477.15 | $26,132.00 |
| July 2, 2004 | June 1, 2004 through June 30, 2004 | $106,470.50 | $1,119.63 | $85,176.40 |
| **Totals Second Quarterly** | **April 1, 2004 through June 30, 2004** | **$201,060.50** | **$2,275.11** | **$160,848.40** |
| August 31, 2004 | July 1, 2004 through July 31, 2004 | $68,533.50 | $667.60 | $54,826.80 |
| September 24, 2004 | August 1, 2004 through August 31, 2004 | $99,215.50 | $1,341.49 | $79,372.40 |
| October 28, 2004 | September 1, 2004 through September 30, 2004 | $44,918.25 | $658.72 | $35,934.60 |
| **Totals Third Quarterly** | **July 1, 2004 through September 30, 2004** | **$212,667.25** | **$2,667.81** | **$170,133.80** |

2

# TWELFTH QUARTERLY INTERIM APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED (FOR THE PERIOD FROM OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006)

| Date Filed (on or about) | Period Covered | Fees (100%) | Expenses (100%) | Fees (80% of requested fees) |
|---|---|---|---|---|
| December 6, 2004 | October 1, 2004 through October 31, 2004 | $57,592.50 | 229.77 | $46,074.00 |
| December 22, 2004 | November 1, 2004 through November 30, 2004 | $84,366.50 | $745.91 | $67,493.20 |
| January 28, 2005 | December 1, 2004 Through December 31, 2004 | $82,351.00 | $1,943.96 | $65,880.80 |
| **Totals Fourth Quarterly** | **October 1, 2004 through December 31, 2004** | **$224,310.00** | **$2,919.64** | **$179,448.00** |
| February 25, 2005 | January 1, 2005 through January 31, 2005 | $69,477.00 | $276.18 | $55,581.60 |
| March 29, 2005 | February 1 through February 28, 2005 | $77,228.50 | $1,727.60 | $61,782.80 |
| May 3, 2005 | March 1, 2005 through March 31, 2005 | $126,012.00 | $ 494.94 | $100,809.60 |
| **Totals Fifth Quarterly** | **January 1, 2005 through March 31, 2005** | **$272,717.50** | **$2,498.72** | **$218,174.00** |
| June 3, 2005 | April 1, 2005 through April 30, 2005 | $ 87,936.00 | $ 435.16 | $ 70,348.80 |
| July 6, 2005 | May 1, 2005 through May 31, 2005 | $119,435.00 | $1,275.00 | $ 95,548.00 |
| July 15, 2005 | June 1, 2005 through June 30, 2005 | $89,859.00 | $542.69 | $71,887.20 |
| **Totals Sixth Quarterly** | **April 1, 2005 through June 30, 2005** | **$297,230.00** | **$2,252.85** | **$237,784.00** |

3

**TWELFTH QUARTERLY INTERIM APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED (FOR THE PERIOD FROM OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006)**

| Date Filed (on or about) | Period Covered | Fees (100%) | Expenses (100%) | Fees (80% of requested fees) |
|---|---|---|---|---|
| September 19, 2005 | July 1, 2005 through July 31, 2005 | $90,014.50 | $621.03 | $72,011.60 |
| October 7, 2005 | August 1, 2005 through August 31, 2005 | $126,233.00 | $1,532.46 | $100,986.40 |
| October 31, 2005 | September 1 through September 30, 2005 | $75,983.50 | $482.03 | $60,786.80 |
| **Totals Seventh Quarterly** | **July 1, 2005 through September 30, 2005** | **$292,231.00** | **$2,635.52** | **$233,784.80** |
| December 16, 2005 | October 1, 2005 through October 31, 2005 | $95,742.50 | $750.36 | $76,594.00 |
| January 3, 2006 | November 1, 2005 through November 30, 2005 | $118,062.00 | $1,119.74 | $94,449.60 |
| February 16, 2006 | December 1, 2005 through December 31, 2005 | $122,018.50 | $938.82 | $97,614.80 |
| **Totals Eighth Quarterly** | **October 1, 2005 through December 31, 2005** | **$335,823.00** | **$2,808.92** | **$268,658.40** |
| March 21, 2006 | January 1, 2006 through January 31, 2006 | $85,745.00 | $631.01 | $68,596.00 |
| April 20, 2006 | February 1, 2006 through February 28, 2006 | $173,916.50 | $2,359.69 | $139,133.20 |
| May 9, 2006 | March 1, 2006 through March 31, 2006 | $141,040.50 | $1,017.99 | $112,832.40 |
| **Totals Ninth Quarterly** | **January 1, 2006 through March 31, 2006** | **$400,702.00** | **$4,008.69** | **$320,561.60** |

4

**TWELFTH QUARTERLY INTERIM APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED (FOR THE PERIOD FROM OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006)**

| Date Filed (on or about) | Period Covered | Fees (100%) | Expenses (100%) | Fees (80% of requested fees) |
|---|---|---|---|---|
| May 23, 2006 | April 1, 2006 through April 30, 2006 | $125,055.00 | $1,929.46 | $100,044.00 |
| June 21, 2006 | May 1, 2005 Through May 31, 2006 | $146,396.50 | $ 965.43 | $117,117.20 |
| July 20, 2006 | June 1, 2006 Through June 30, 2006 | $140,368.50 | $1,263.86 | $112,294.80 |
| **Totals Tenth Quarterly** | **April 1, 2006 through June 30, 2006** | **$411,820.00** | **$4,158.75** | **$329,456.00** |
| August 25, 2006 | July 1, 2006 through July 31, 2006 | $102,449.00 | $566.51 | $ 81,959.20 |
|  | Adjustment for July photocopies |  | $(6.55) |  |
| October 2, 2006 | August 1, 2006 through August 31, 2006 | $111,154.00 | $505.01 | $88,923.20 |
| November 13, 2006 | September 1, 2006 through September 30, 2006 | $75,103.50 | $633.57 | $ 60,082.80 |
| **Totals Eleventh Quarterly** | **July 1, 2006 through September 30, 2006** | **$288,706.50** | **$1,698.54** | **$230,965.20** |
| December 20, 2006 | October 1, 2006 Through October 31, 2006 | $63,155.50 | $206.40 | $50,524.40 |
| January 22, 2007 | November 1, 2006 Through November 30, 2006 | $98,985.50 | $809.09 | $79,188.40 |
| March 22, 2007 | December 1, 2006 Through December 31, 2006 | $59,630.50 | $381.70 | $47,704.40 |
| **Totals Twelfth Quarterly** | **October 1, 2006 through December 31, 2006** | **$221,771.50** | **$1,397.19** | **$177,417.20** |

5

**TWELFTH QUARTERLY INTERIM APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED <u>(FOR THE PERIOD FROM OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006)</u>**

## ATTACHMENT B

1. Summary of Fees by Professional
2. Summary of Fees by Task Code
3. Detailed Task Descriptions
4. Summary of Expenses

**TWELFTH QUARTERLY INTERIM APPLICATION OF CAPSTONE ADVISORY GROUP, LLC, FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED (FOR THE PERIOD FROM OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006)**

## APPLICATION

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code", Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amendment to the Administrative Order effective April 17, 2002 (the "Amendment") and Del.Bankr.LR 2016-2, Capstone Advisory Group, LLC ("Capstone"), Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") of W.R. Grace & Co. and its sixty-one domestic subsidiaries and affiliates that are debtors and debtors-in-possession (the "Debtors"), hereby applies for an order allowing it (i) compensation in the amount of $221,177.50 for professional services rendered by Capstone as financial advisors for the Committee, less $0.00 previously paid, and (ii) reimbursement for the actual and necessary expenses incurred by Capstone in rendering such services in the amount of $1,397.19 less $0.00 previously paid, (the "Twelfth Quarterly Fee Application"), in each case for the interim quarterly period from October 1, 2006 through December 31, 2006 (the "Fee Period"). In support of this Application, Capstone respectfully states as follows:

## Monthly Interim Fee Applications Covered Herein

1. Pursuant to the procedures set forth in the Administrative Fee Order and Amendment, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Administrative Fee Order and Amendment may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

2. Furthermore, and also pursuant to the Administrative Fee Order and Amendment, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

3. Pursuant to an Application submitted to the Court on or about February 20, 2004, and by a Court order dated June 8, 2004 (the "Retention Order"), Capstone was retained as financial advisors for the Committee, nunc pro tunc to February 4, 2004.

4. Capstone, which was formed by former employees of FTI, was retained by the Committee instead and in place of FTI Consulting Inc. ("FTI"). FTI continues to be retained by the Committee in a limited advisory capacity.

5. Since its retention, Capstone has continuously and vigorously pursued the Committee's interests in these cases.

6. Capstone is a firm of financial advisors specializing in insolvency restructuring and related matters. Since being retained by the Committee, Capstone has rendered professional services to the Committee as requested and as necessary and appropriate in furtherance of the interests of the unsecured creditors of the Debtors' estates. Capstone respectfully submits that the professional services that it rendered on behalf of the Committee were necessary and have directly benefited the creditor constituents represented by the Committee and have contributed to the effective administration of these cases.

7. This is the Twelfth Quarterly Fee Application for compensation for services rendered that Capstone has filed with the Bankruptcy Court in connection with the representation of the Committee in these chapter 11 cases.

8. Capstone has filed the following Monthly Fee Applications for interim compensation during the Fee Period:

   a. Thirty-third application of Capstone Advisory Group, LLC, financial advisor to the Official Committee of Unsecured Creditors, for allowance of compensation for service rendered and reimbursement of expenses incurred for the period from October 1, 2006 through October 31, 2006, filed on or about January 9, 2007 (the "Thirty-Third Fee Application") attached hereto as Exhibit II.

   b. Thirty-Fourth application of Capstone Advisory Group, LLC, financial advisor to the Official Committee of Unsecured Creditors, for allowance of compensation for service rendered and reimbursement of expenses incurred for the period from November 1, 2006 through November 30, 2006, filed on or about February 7, 2007 (the "Thirty-Fourth Fee Application") attached hereto as Exhibit III.

   c. Thirty-Fifth application of Capstone Advisory Group, LLC, financial advisor to the Official Committee of Unsecured Creditors, for allowance of compensation for service rendered and reimbursement of expenses incurred for the period from

9

December 1, 2006 through December 31, 2006, filed on or about March 22, 2007, (the "Thirty-Fifth Fee Application") attached hereto as <u>Exhibit IV</u>.

Capstone has not filed any other Quarterly Fee Applications or Monthly Fee Applications for the Fee Period.

## Description of Services, Fees and Expenses

9. During the Twelfth Quarterly Interim Period, the Applicant rendered professional services aggregating a total of 534.40 hours in the discharge of its duties as financial advisor and bankruptcy consultant to the Committee. The Applicant is seeking an interim allowance for compensation of professional services rendered to the Debtors of $221,771.50, representing 100% of fees incurred, and reimbursement of expenses in connection therewith of $1,397.19. The Applicant, respectfully, submits the following:

   a) The Applicant believes that the interim fees applied for herein for professional services rendered in performing accounting and advisory services for the Committee in this proceeding are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtors' capitalization structure and financial condition, the Debtors' financial accounting resources and the results obtained.

   b) All expenses were billed at actual cost, exclusive of amortization of the cost of investment, equipment or capital outlay. Internal charges for outgoing out-of-town facsimile transmissions were billed at $1.00 per page for domestic transmissions. Photocopy charges were billed at actual cost for external copying and $.10 per page for internal copying. Capstone believes that these charges reflect its actual out-of-pocket costs.

   c) The disbursements and expenses have been incurred in accordance with Capstone's normal practice of charging clients for expenses clearly related to and required by particular matters. Such expenses were often incurred to enable Capstone to devote time beyond normal office hours to matters that imposed extraordinary time demands. Capstone has endeavored to minimize these expenses to the fullest extent possible.

   d) Capstone expended an aggregate of 534.4 hours, substantially all of which was expended by the professional staff of Capstone. The work involved, and thus the

10

time expended, was carefully assigned in light of the experience and expertise required for a particular task. A small staff was utilized to optimize efficiencies and avoid redundant efforts. The staff of the Debtors or their advisors has been utilized where practical and prudent.

e) Capstone's approach is to utilize senior, experienced personnel and to encourage the Debtors to provide the staff-level support and analysis to minimize total cost. In addition, Capstone's per diem rates for professionals of comparable experience are 10% to 20% lower than its competitors, the "Big-Four" accounting firms and certain other nationally-recognized specialty firms.

f) Because Capstone's core staff consisted of senior professionals who performed a vast amount of the work, time spent communicating internally and reviewing the work product of junior associates was kept to a minimum. Additionally, because of the experience of Capstone's professionals, in many instances only one or two Capstone representatives attended meetings or conference calls or performed specific functions.

g) Edwin N. Ordway, Jr., a senior member of the firm in charge of this case, directed the activities of the Capstone team, calling upon his more than ten years of experience in restructuring and insolvency matters, including more than 100 cases, many as large and complex, and some larger and more complex than this matter.

h) To the best of the Applicant's knowledge and belief, there has been no duplication of services between the Applicant and any other accountants or consultants to the bankruptcy estate.

i) Capstone's travel time policy is for professional personnel to travel outside of business hours when possible. Such time is not charged to a client unless productive work is performed during the travel period. In this engagement, non-productive travel time is not being charged to the Debtors.

j) In providing a reimbursable service such as copying or telephone, the Applicant does not make a profit on that service. In charging for a particular service, Capstone does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay. In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, Capstone requests reimbursement only for the amount billed to Capstone by such third party vendor and paid by Capstone to that vendor.

k) Annexed hereto as Attachment B are summaries of fees and hours by professional and by task during the Twelfth Quarterly Interim Period, as well as a summary of expenses for the Twelfth Quarterly Period.

l) Annexed hereto as Exhibit II, Exhibit III and Exhibit IV are the monthly interim applications that include the detail of the services performed by the Applicant during each monthly period at the direction of the Committee and its Counsel.

    m) Pursuant to Rule 2016, Capstone states that no compensation to be received in this proceeding will be shared with any person or entity outside of Capstone and that no compensation has been paid or promised to the Applicant in connection with the compensation sought in this Application except as disclosed herein. No prior application has been made to this or any other Court for the relief requested herein for the Compensation Period, nor has any payment been received by Capstone on account of its accounting and financial advisory services rendered or on account of the out-of-pocket expenses incurred in connection therewith.

    n) As stated in the Affidavit of Edwin N. Ordway, Jr., annexed hereto as Exhibit I, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee solely in connection with these cases.

10. The detail of services provided by Capstone during the Fee Period is included in the monthly fee applications attached as Exhibit II, Exhibit III and Exhibit IV. A summary of the services provided by Capstone during the Fee Period is provided in Attachment B.

### Relief Requested

11. By this Twelfth Quarterly Fee Application, Capstone requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Capstone for the Fee Period, and as detailed in the October to December Monthly Applications, less the amounts previously paid to Capstone pursuant to the procedures set forth in the Administrative Fee Order and Amendment.[1] As stated above, the full scope of services provided and the related expenses incurred are fully described in the October through December Monthly Applications, which are attached hereto as Exhibits II, III and IV.

### Disinterestedness

---

[1] Capstone reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the October through December 2006 period that are not otherwise included in the relevant October through December Monthly Applications.

12. As disclosed in the affidavit of Edwin N. Ordway, Jr., (the "Affidavit") Capstone does not hold or represent any interest adverse to the estates, and had been, at all relevant times, a disinterested person as that term is defined in section 101(4) of the Bankruptcy Code as modified by section 1107 of the Bankruptcy Code.

13. Capstone may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the chapter 11 cases. Capstone disclosed in its Retention Application its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. Capstone will provide supplemental Affidavits when necessary and when Capstone becomes aware of material new information.

WHEREFORE, Capstone respectfully requests that the Court enter an order, substantially in the form attached hereto,

a) granting Capstone an allowance of (i) $221,771.50 as compensation for reasonable and necessary professional services rendered to the Committee, less $0.00 previously paid, and (ii) of $1,397.19 for reimbursement of actual and necessary costs and expenses incurred, less $0.00 previously paid, for a net total of $223,168.69 owing and unpaid, or the Fee Period from October 1, 2006 through December 31, 2006;

b) authorizing and directing the Debtors to pay to Capstone the outstanding amount of such sums; and

c) granting such other and further relief as this Court may deem just and proper.

Date: March 29, 2007

Capstone Advisory Group, LLC

By *[signature]*
Edwin N. Ordway, Jr.

Capstone Advisory Group, LLC
Park 80 West, Plaza I
Saddle Brook, NJ 07663
(201) 587-7100

## Index to Exhibits

Exhibit I     Affidavit

Exhibit II    Fee Application for the Period October 1, 2006 – October 31, 2006

Exhibit III   Fee Application for the Period November 1, 2006 – November 30, 2006

Exhibit IV    Fee Application for the Period December 1, 2006 – December 31, 2006