IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED

2007 APR -2  AM II: 17

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**RESPONSE OF JOHN M. BELFERMAN, CLAIMANT NO. 12752,
TO DEBTORS' REPLY TO RESPONSES TO DEBTORS' MOTION AND
MEMORANDUM FOR AN ORDER PURSUANT TO F.R.B.P. 7056
DISALLOWING AND EXPUNGING ELEVEN (11) ASBESTOS PROPERTY
DAMAGE CLAIMS INVOLVING PRODUCTS NOT MADE BY THE DEBTORS**

John M. Belferman ("Claimant"), having filed Claim No. 12752 for asbestos
property damage claims in this action, further responds to Debtors' Motion for an Order
Disallowing Property Damage Claims ("Debtors' Motion") as follows:

1. In his previous Response, Claimant refuted Debtors' two grounds for summary
judgment: (1) Debtors' expert, Dr. Richard J. Lee, does *not* say that the sample
submitted by Claimant is "not" their product; in fact his own Appendix fails to check
"Not a Grace product" for Claim No. 12752. At best, his Report (p. 8) suggests that a lab
analysis like Claimant's -- describing generalized "non-fibrous" material, in addition to
asbestos -- is "insufficient to render a conclusion" (though Dr. Lee then essays just such
a conclusion, lumping Claimant without further explanation among those who
supposedly "*fail to establish* the presence of a Grace product") (p. 9, emphasis added).
(2) Dr. Lee's Appendix does check off "Wrong Components" for Claim No. 12752, in
support of Debtors' contention that the presence of cellulose in Claimant's analysis
precludes it being their product. But as Claimant's Response and attached Affidavit
showed, the sample analyzed by his lab included both a "white chalky" and a "white
paper-like" substance, i.e., wallboard surfacing, that would explain the presence of
cellulose.

2. Incredibly, Debtors in their Reply mischaracterize Claimant's Response,
insisting it "verifies" and "admits" that the white chalky portion of Claimant's sample
(i.e., Debtors' alleged product) is what contained cellulose. Evidently they wish the
Court to believe that since the lab's analysis found asbestos in the white chalky material
"only," that is the only portion of Claimant's sample that was analyzed. This is the very
opposite of what Claimant averred. Since Debtors did not attach the relevant portion of
Claimant's Response, as they did for other respondents, Claimant repeats here for the
Court what he said about the lab analysis of his sample:

[I]t included the paper wallboard surfacing described above, i.e., "WHITE CHALKY W/WHITE PAPER-LIKE" material (see Exhibit 1). That the entire sample was analyzed by the laboratory is attested by its conclusion, "Asbestos found in white chalky *only*" (emphasis added). The laboratory's analysis goes on to describe the following components of the entire sample: Chrysotile (i.e., asbestos), >1-5%; Cellulose, 20%; and Non-fibrous, 75%.

Clearly the "entire sample," as collected and submitted by Claimant and analyzed by the lab, included the paper-like material which would account for the presence of cellulose – a fact underscored by the lab itself, in distinguishing the finding of asbestos "only" in the white chalky portion (a conclusion it could only have reached by analyzing the "entire sample").

3.  Finally, Debtors make the further assertion that "the percentage of chrysotile [asbestos] in Debtors' products was a multiple of" the 1-5% identified by the laboratory in Claimant's sample, presumably to buttress the argument that it could not possibly be any of their products. In fact, Appendix A of their expert, Dr. Lee's, Report identifies no fewer than seven (7) Grace product formulas which contained asbestos levels consistent with or overlapping those of Claimant's sample.

WHEREFORE, Claimant again respectfully requests that the Court deny Debtors' Motion for Summary Judgment.

Dated:  March 29, 2007                        Respectfully submitted,


                                              John M. Belferman

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,** | ) | **Case No. 01-1139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

**ORDER DENYING DEBTORS' MOTION AND MEMORANDUM
FOR AN ORDER PURSUANT TO F.R.B.P. 7056 DISALLOWING AND
EXPUNGING ELEVEN (11) ASBESTOS PROPERTY DAMAGE CLAIMS
<u>INVOLVING PRODUCTS NOT MADE BY THE DEBTORS</u>**

AND NOW, this _____ day of _____, 2007, it is ORDERED, ADJUDGED and DECREED that Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eleven (11) Asbestos Property Damage Claims Involving Products Not Made by the Debtors is hereby DENIED with respect to Claim No. 12752 in this Action.

_____
Judith K. Fitzgerald
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _29th_ day of March, 2007, I mailed copies of the foregoing Response of John M. Belferman, Claimant No. 12752, to Debtors' Reply To Responses To Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eleven (11) Asbestos Property Damage Claims Involving Products Not Made by the Debtors, postage pre-paid, to Janet Baer, Esq., Kirkland & Ellis LLP, James E. O'Neill, Esq., Pachulski, Stang, Zichl, Young, Jones & Weintraub, P.C., and James J. Restivo, Jr., Esq., Reed Smith LLP.

John M. Belferman