# EXHIBIT 1

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W. R. GRACE & CO., et al.,[1] | Case No. 01-1139 (JKF) (Jointly Administered) |
| Debtors. | RE Docket # 14680, 14899 4/2/07 Agenda No. 10 |

### STIPULATION RESOLVING CERTAIN OF THE CLAIMS OF G-I HOLDINGS, INC. AND ITS AFFILIATES

This Stipulation is entered into this 19 day of February, 2007 between W. R. Grace & Co. and its affiliates (collectively, the "Debtors"), and G-I Holdings, Inc., GAF Corporation and their affiliated entities (collectively "G-I Holdings").

**WHEREAS,** on or about April 2, 2001 (the "Petition Date"), the Debtors, including W. R. Grace & Co. ("Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' bankruptcy cases are pending as case numbers 01-1139

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

(JKF) through 01-1200 (JKF) (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**WHEREAS,** on April 2, 2001, the Bankruptcy Court issued an Order consolidating the Bankruptcy Cases for administrative purposes only under Case No. 01-1139 (JKF) (the "Jointly Administered Bankruptcy Case").

**WHEREAS,** on April 22, 2002, the Bankruptcy Court issued its Bar Date Order [Docket No. 1963], which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

**WHEREAS,** on or about March 28, 2003, G-I Holdings filed 62 identical claims numbered 7886 to 7947 for an unliquidated amount against the Debtors in their respective Bankruptcy Cases (the "Claims").

**WHEREAS,** on January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization (the "Plan"). To date, the Plan has not been confirmed. The Plan proposes that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors.

**WHEREAS,** the Debtors have informed G-I Holdings that the Debtors may seek, upon notice to interested parties and approval of this Court, to dissolve or consolidate certain of the Debtors and their Bankruptcy Cases prior to seeking confirmation of the Plan.

2

WHEREAS, the parties hereto have agreed to enter into this Stipulation solely to afford the Debtors the administrative convenience of minimizing duplicative claims, and not to substantively alter G-I Holdings' rights in respect of the Claims.

NOW, THEREFORE, for good and valuable consideration received, the parties hereby stipulate and agree as follows:

1.      Subject to the provisions of Section 2 below, claim numbered 7947, a copy of which is attached hereto as Exhibit A and made a part hereof, shall remain as G-I Holdings' sole Claim against the Debtors or the Debtors' bankruptcy estate(s).

2.      Subject to the provisions of the following two sentences of this Section 2, claims numbered 7886 to 7946 shall be disallowed and expunged from the claims register for all purposes (such claims, the "Disallowed Claims"). Notwithstanding any other provision in this Stipulation, to the extent that the Plan as confirmed by final order of the Bankruptcy Court in these Bankruptcy Cases does not, or any other plan or plans of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases do not, provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), the applicable Disallowed Claims shall be reinstated *ab initio* in those cases that survive confirmation, and G-I Holdings shall be entitled to pursue all such claims, as appropriate. In the event the Bankruptcy Cases or any of them are dismissed or converted to cases under chapter 7 of the Bankruptcy Code, each and every one of the Disallowed Claims related to any such converted or dismissed Bankruptcy Cases shall be automatically reinstated without the need for any further action on the part of any party or Bankruptcy Court intervention, and G-I Holdings shall be entitled to pursue any and all such Claims as appropriate.

3

3.    The Debtors expressly reserve any and every objection that they now have or may have in the future to the substance of the claim numbered 7947 and to any of the Disallowed Claims to the extent they are reinstated as described in Section 2 above, but forever waive and release any and every objection they may have to claim numbered 7947 and each of the Disallowed Claims on the basis that such claim was improperly or untimely filed in the Bankruptcy Cases or the Jointly Administered Bankruptcy Case or that the claim should have been filed in each of the Bankruptcy Cases.

4.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to, any trustee(s) appointed in the Bankruptcy Cases.

5.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the claims register to reflect the following:

> (a)    claims numbered 7886 to 7946 shall be disallowed and expunged to the extent provided herein; and
>
> (b)    claim numbered 7947 shall remain on the claims register as provided herein.

6.    The parties shall take whatever additional action, if any, is necessary to make sure the Claims are treated as outlined herein.

4

**STIPULATED AND AGREED:**

**G-I Holdings, Inc.**

By: _____
One of Their Attorneys

Joseph Lubertazzi, Jr.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 639-5951

Counsel for G-I Holdings, Inc.

**W. R. GRACE & CO., et al.**

By: _____
One of Their Attorneys

Janet S. Baer
Lori Sinanyan
Samuel Gross
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC
919 North Market Street, 16th Floor
P. O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

Date: February March 19, 2007

5

# EXHIBIT A

# WR Grace

Bankruptcy Form 10

Index Sheet

SR00000545

| Claim Number: | 00007947 | Receive Date: | 03/28/2003 |
|---|---|---|---|

## Multiple Claim Reference

Claim Number: _____

- ☐ MMPOC    Medical Monitoring Claim Form
- ☐ PDPOC    Property Damage
- ☐ NAPO    Non-Asbestos Claim Form
- ☐    Amended

Claim Number: _____

- ☐ MMPOC    Medical Monitoring Claim Form
- ☐ PDPOC    Property Damage
- ☐ NAPO    Non-Asbestos Claim Form
- ☐    Amended

## Attorney Information

| Firm Number: | 00316 | Firm Name: | McCarter & English LLP |
|---|---|---|---|
| Attorney Number: | 00188 | Attorney Name: | Joseph Lubertazzi Jr |

Zip Code: 07101-0652

Cover Letter Location Number: SR00000545

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

| Other | ☐ Non-Standard Form | |
|---|---|---|
| | ☐ Amended | |
| | ☐ Post-Deadline Postmark Date | |

Box/Batch: WRBF0032/WRBF0128

Document Number: WRBF006351

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|---|

Name of Debtor:[1] W.R. Grace & Co.

Case Number 01-1139

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. These claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

Name of Creditor (The person or other entity to whom the Debtor owes money or property):
GAF Corporation/G-I Holdings and its affiliates

Name and address where notices should be sent:
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Attn: Joseph Lubertazzi, Jr., Esq.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies Debtor:

Check box ☐ replaces
if this claim ☐ amends a previously filed claim, dated:

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:

1. Basis for Claim
   ☐ Goods sold
   ☐ Services performed
   ☐ Environmental liability
   ☐ Money loaned
   ☐ Non-asbestos personal injury/wrongful death
   ☐ Taxes
   ☒ Other __See Attached__

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Your SS #:
   Unpaid compensation for services performed
   from _____ to _____ (date)

2. Date debt was incurred: N/A

3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ Unknown at this time
   If all or part of your claim is secured or entitled to priority, also complete Item 5 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Classification of Claim. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Other (Describe briefly)
   Amount of arrearage and other charges at time case filed included in secured claim above, if any: $
   Attach evidence of perfection of security interest

☒ UNSECURED NONPRIORITY CLAIM
   A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.
   ☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. Acknowledgement: Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self addressed envelope and copy of this proof of claim form.

This Space is for Court Use Only

Date 3/17/03
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
Joseph Lubertazzi, Jr., A Member of the Firm

WR Grace    BF.32.128.6351
            00007947
SR=645

RECD MAR 2 8 2003

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

# SPECIFIC INSTRUCTIONS FOR COMPLETING
## GRACE NON-ASBESTOS PROOF OF CLAIM FORMS

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

This Proof of Claim form is for Creditors who have Non-Asbestos Claims against any of the Debtors. Non-Asbestos Claims are any claims against the Debtors as of a time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims or Medical Monitoring Claims, as defined on the enclosed General Instructions. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

**Administrative Expenses:** These claims for, among other things, the actual, necessary costs and expenses of preserving the estate as defined in Section 503 of the Bankruptcy Code that arose after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to Section 503 of the Bankruptcy Code. This form should not be used to make a claim for an administrative expense.

**Secured Claim:** A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right to setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

**Unsecured Claim:** If a claim is not a secured claim, it is an unsecured claim. Unsecured claims are those claims for which a creditor has no lien on the debtor's property or the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim:** Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

**Information about Creditor:** Complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the court which sent notice, or if this proof of claim ever replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:** Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:** Fill in the date the debt was first owed by the debtor.

3. **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Amount of Claim:** Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 5. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Classification of Claim:** Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See Definitions above.)

   **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See Definitions, above.) A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

6. **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim, you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:** You must attach to this proof of claim form, copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:

Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
P.O. Box 1620
Faribault, MN 55021-1620

The Bar Date for filing all NON-ASBESTOS CLAIMS against the Debtors is March 31, 2003 at 4:00 p.m. Eastern Time.

McCarter & English, LLP
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
J-L (3798)
Attorneys for G-I Holdings, Inc.

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| W.R. GRACE & CO., | : | Case No. 01-1139 |
| | : | |
| Debtor. | : | Chapter 11 |
| | : | |

## ATTACHMENT TO PROOF OF CLAIM OF
### G-I HOLDINGS, INC.

    1.    The undersigned, having offices at Four Gateway Center, 100 Mulberry Street,

Newark, New Jersey 07102, are attorneys for G-I Holdings, Inc. and are authorized to submit

this Attachment to G-I Holdings, Inc.'s Proof of Claim on behalf of G-I Holdings, Inc., GAF

Corporation and their affiliated entities (collectively referred to as "G-I Holdings").

    2.    The post office address to which all notices should be mailed is as follows:

> McCarter & English, LLP
> Four Gateway Center
> 100 Mulberry Street
> Newark, New Jersey 07102
> Attn: Joseph Lubertazzi, Jr.

3.      On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. (the "Debtor") filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

4.      G-I Holdings files its Proof of Claim with this Attachment pursuant to Section 501(b) of Title 11 of the United States Bankruptcy Code and Rule 3005 of the Federal Rules of Bankruptcy Procedure. G-I Holdings files this claim in its own name on behalf of individuals who are plaintiffs (the "Plaintiffs") in litigation where G-I Holdings is a co-defendant with the Debtor and such Plaintiffs have failed to file a proof of claim.

5.      Section 501(b) of the Bankruptcy Code provides, among other things, that if a creditor does not timely file a proof of claim "an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." 11 U.S.C. §501(b). Bankruptcy Rule 3005(a) provides that if a creditor has not filed a proof of claim, an entity that is or may be liable with the debtor to that creditor, or who has secured that creditor may, within 30 days after the expiration of the bar date, execute and file a proof of claim in the name of the creditor, if known, or if unknown, in the entity's own name. Fed.R.Bankr.P. 3005(a).

**Known Current Pending Claims:**

6.      G-I Holdings' Proof of Claim is submitted in its own name against the Debtor's estate on behalf of all Plaintiffs in which the Debtor and G-I Holdings may be liable to such Plaintiffs for which claims are currently pending.

-2-

**Unknown Future Claims:**

7.    In addition, pursuant to Fed.R.Bankr.P. 3005(a), G-I Holdings' Proof of Claim is also submitted in its own name against the Debtor's estate with respect to all unknown future Plaintiffs.

8.    Each claim is hereby asserted on behalf of the Plaintiffs for all damages, fees and costs, if any, to which such Plaintiffs are entitled to from the Debtor under applicable law.

9.    No judgment has been rendered on this claim.

10.   To the best of G-I Holdings' knowledge, such claims are not subject to setoff.

11.   All notices or objections to this Proof of Claim should be served on the undersigned.

12.   G-I Holdings reserves the right to amend, modify, or supplement this Proof of Claim at any time and reserves the right to assert that it is subrogated to the rights of each of the Plaintiffs who assert claims against G-I Holdings.

McCARTER & ENGLISH, LLP
Attorneys for G-I Holdings, Inc.

By: _____
      Joseph Lubertazzi, Jr.
      A Member of the Firm

Dated: March 27, 2003

-3-