# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
|  | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. _____ |

### AMENDED CASE MANAGEMENT ORDER FOR THE ESTIMATION OF ASBESTOS PERSONAL INJURY LIABILITIES

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes only; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion"); and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.



Date 7-25-06
Docket # 12858

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005; and

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Asbestos Personal Injury Committee (the "PI Committee"), the Futures Claimants Representative (the "FCR"), and the Debtors to negotiate a case management order to govern the estimation of Asbestos Personal Injury Claims (the "PI Estimation"); and

WHEREAS, on August 29, 2005 the Court entered the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities; and

WHEREAS, the Case Management Order required all holders of asbestos personal injury claims for which litigation was commenced prior to the Petition Date (the "Asbestos PI Pre-Petition Litigation Claims")[2] to complete and return the Questionnaire by January 12, 2006; and

WHEREAS, the parties seeking to call experts to testify designated the categories to be addressed by these experts on November 14, 2005, and the experts themselves on December 19, 2005;

WHEREAS, upon the oral motion of the PI Committee at the December 19, 2005 Omnibus Hearing, the Court granted an additional 60 days to persons who hold Asbestos PI Pre-Petition Litigation Claims to complete and return the Questionnaire, and issued Revised Case Management Orders on January 10, 2006 and January 31, 2006; and

WHEREAS the parties exchanged preliminary designations of the non-expert witnesses that it intends to call at the Asbestos PI Estimation Hearing on February 3, 2006; and

---

[2] Asbestos PI Pre-Petition Litigation Claims do not include those claims for which an enforceable settlement agreement was entered into between the claimant and the Debtors prior to the bankruptcy petition date. *See* Motion of Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. for Clarification of Case Management Order (Docket No. 9475) September 19, 2005.

2

WHEREAS, upon the oral motion of the PI Committee at the February 21, 2006 Omnibus Hearing, the Court granted an additional 60 days to persons who hold Asbestos PI Pre-Petition Litigation Claims to complete and return the Questionnaire, and issued Revised Case Management Orders on February 21, 2006 and March 27, 2006, and;

WHEREAS, upon the oral motion of the PI Committee at the April 17, 2006 Omnibus Hearing, the Court granted an additional 60 days to persons who hold Asbestos PI Pre-Petition Litigation Claims to complete and return the Questionnaire to July 12, 2006 at 5:00 p.m. Eastern Prevailing Time, and issued a Revised Case Management Order on April 27, 2006 and ordered that an additional order modifying the other future dates by sixty days (or by a duration of more than 60 days if the parties agree to such a duration) will be submitted; and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY:

1.    ORDERED that all holders of Asbestos PI Pre-Petition Litigation Claims are required to complete and serve the Questionnaire; and it is further

2.    ORDERED that the following schedule shall govern the deadlines with respect to the Questionnaire:

> A.    Persons who believe that they hold, or attorneys who believe they represent persons who hold, Asbestos PI Pre-Petition Litigation Claims against any of the Debtors shall complete and serve the Questionnaire on or before 5:00 p.m. (Eastern Prevailing Time) on July 12, 2006; Questionnaires that are postmarked as mailed on or before July 12, 2006, but are actually received thereafter, will be considered timely served;

3

B.    The Debtors' claims processing agent shall compile the Questionnaire information into a navigable database and make it available to the Debtors and any parties in the estimation proceedings, including those parties' experts and advisors, on or before October 12, 2006, with interim versions of the navigable database being provided to the parties on a rolling basis prior to October 12, 2006 as they become available, but no less frequently than once per calendar month beginning in August 2006;[3]

C.    Persons who are required by the Court to submit a cured response to the Questionnaire must serve the cured Questionnaire response on or before 5:00 p.m. (Eastern Prevailing Time) on the applicable cure date, if any, that the Court may designate upon consideration of any objections to the Questionnaire (the "Cure Date"); Questionnaires that are postmarked as mailed on or before the applicable Cure Date, but are actually received thereafter, will be considered timely served;

D.    The Debtors' claims processing agent shall compile the Questionnaire information provided in cured responses to the Questionnaire and make it available to the Debtors and any parties in the estimation proceedings, including those parties' experts and advisors, on or before 30 days from each Cure Date, with interim versions of the navigable database being provided to the parties on a rolling basis as they become available, but no less frequently than once per calendar month beginning in August 2006;

3.    ORDERED that the Debtors, the official committees, and the FCR will use their best efforts, consistent with their duties, to include in any trust distribution procedures approved as part of a plan of reorganization provisions prioritizing the processing of claims for which Questionnaires have been timely returned as completely and accurately as possible; and it is further

4.    ORDERED that all parties seeking to call one or more experts to testify shall designate such expert(s), and/or substitute one or more experts not previously designated, on or before August 21, 2006; and it is further

---

[3] Upon request, any of the parties shall have access to the original and any cured Questionnaires and documents attached thereto.

91106.001\DOCS_DE_102960 1

5.    ORDERED that all parties seeking to call one or more non-expert witnesses to testify shall make a good faith effort to compile a final list of such non-expert(s), and/or substitute one or more non-experts not previously designated, on or before thirty (30) days prior to the cutoff for all fact and expert discovery; and it is further

6.    ORDERED that all parties seeking to call one or more experts to testify as to matters other than the number, amount, and value of present and future asbestos claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert on or before September 20, 2006.  Such expert reports may be supplemented or rebutted on or before December 11, 2006; and it is further

7.    ORDERED that all parties seeking to call one or more experts to testify as to the number, amount, and value of present and future asbestos claims  shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert on or before December 1, 2006.  Such expert reports may be supplemented or rebutted on or before February 1, 2007; and it is further

8.    ORDERED that a preliminary pre-trial conference on the Asbestos PI Estimation shall be held at the first omnibus hearing after April 2, 2007, at which time the Court may set a final pre-trial conference date in May 2007 and a trial date in June 2007 (the "Asbestos PI Estimation Hearing") for the Asbestos PI Estimation; and it is further

9.    ORDERED that all written fact discovery may commence at any time but must be concluded by April 2, 2007; and it is further

10.    ORDERED that depositions of expert and non-expert witnesses may commence at any time but must be concluded by April 2, 2007; and it is further

5

11.    ORDERED that the Debtors' experts shall be deposed first, followed by experts of other parties, to be followed by supplemental depositions; and it is further

12.    ORDERED that, pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, parties shall file a final fact witness/expert list on or before April 16, 2007; and it is further

13.    ORDERED that any pre-trial motions, including *motions in limine, Daubert,* and summary judgment motions, shall be filed not later than May 4, 2007.  Responses to such motions shall be filed not later than 21 days after the filing of any such motion.  Replies shall be filed not later than 10 days after the filing of the response to the motion.  Replies shall be limited to five pages. A hearing on such motions will be at the Court's direction; and it is further

14.    ORDERED that on or before 10 calendar days prior to the final pre-trial conference, pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, parties shall file with the Court: (i) a proposed pre-trial order, signed by counsel for each party participating in the PI Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the ~~premarked for identification~~ Asbestos PI Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits; and it ~~(iv) objections to exhibits; and it~~ is further

15.    ORDERED that on or before 10 calendar days prior to the final pre-trial conference, pursuant to Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, parties shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and it is further

6

16.    ORDERED that any trial briefs shall be filed on or before 10 calendar days prior to the Asbestos PI Estimation Hearing and that no responses thereto shall be allowed; and it is further

17.    ORDERED that notwithstanding anything in this Order, the deadlines specified *except the dates to file pretrial stipulations, the date of the ⊕* herein may be extended by consent of the parties or by the Court upon motion of any party ∧ participating in the PI Estimation, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing; and it is further

18.    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

*19. Trial will commence in Pittsburgh, PA on June 13, 2007, at 9:00 A.M and be continued from day to day thereafter*

Dated: _7/ 24_, 2006

⊕ *final pretrial conference and the trial dates*

*Judith K. Fitzgerald*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

⊕ *as the court determines.*

7

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| | ) | Case no. 01-01139 (JFK) |
| W.R. GRACE & CO., et al., | ) | Jointly Administered |
| | ) | Re: Docket Nos. 9876, 9885 & 9301 |
| Debtors | ) | 11/14/05 Agenda Item No. 8 |

## ORDER REGARDING AMENDED CASE MANAGEMENT ORDER FOR THE ESTIMATION OF ASBESTOS PERSONAL INJURY LIABILITIES

Pursuant to the agreement of the parties to the estimation in conformity with paragraph 17 of the Amended Case Management Order for the Estimation of Asbestos Personal Injury Liabilities, the following dates contained in the Amended Case Management Order for the Estimation of Asbestos Personal Injury Liabilities (Docket No. 12858) (attached as Exhibit A) are amended as follows:

- January 12, 2007 -- All supplemental responses to the W.R. Grace Asbestos Personal Injury Questionnaire due;

- March 2, 2007 -- The Debtors' Claims Agent shall compile the information contained in the supplemental Questionnaire responses into a navigable database;

- March 16, 2007 -- All parties seeking to call one or more experts to testify as to the number, amount, and value of present and future asbestos claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert;

- March 30, 2007 -- All experts testifying as to matters other than the number, amount, and value of present and future asbestos claims may file supplemental or rebuttal reports;

- April 27, 2007 -- All experts testifying as to the number, amount, and value of present and future asbestos claims must submit any supplemental or rebuttal reports; and

- June 1, 2007 -- Deadline for the completion of all written and deposition discovery.

So Ordered

Judith K. Fitzgerald
1/19/06

91100-001\DOCS_DE-112574.1

Date 12-20-07
Docket # 14079