IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-1139 (JKF) |
| Debtors. | Jointly Administered |
|  | Re: Docket Nos.: 13702; 13784; 13816;13845;13848;13877;13879; 13881; 13883; & 13889 + 14093 |

### ORDER REGARDING X-RAY EVIDENCE

Upon consideration of the proposed Order attached to Debtors' Notice of Failure to Reach Agreement and Request for Entry of Debtors' Proposed Protocol Concerning Production of Chest X-rays of Asbestos Personal Injury, Pre-Petition Claimants with Non-Mesothelioma, Malignant Claims, filed November 17, 2006, as well as the oppositions to the proposed Order submitted by Claimants represented by Motley Rice, Kelly & Ferraro, Goldberg Persky, the McGarvey Heberling Firm, the Wartnick Law Firm, Michael B. Serling, P.C., Thornton & Naumes, LLP, the MMWR Firms, Stutzman, Bromberg, Esserman & Plifka, P.C., and Jacobs & Crumplar, it is **ORDERED** as follows:

1.  Each Claimant alleging an asbestos-related cancer other than mesothelioma who, in a current Questionnaire response (or in a Questionnaire response filed on or before January 12, 2007) has produced, or alleged or indicated that he has x-ray evidence that the cancer is attributable to asbestos exposure (the "Claimant" or "Claimants") must provide Grace with a copy of his or her chest x-ray that supports this allegation by January 30, 2007. All copies shall be sent to Rust Consulting, Inc., 201 South Lyndale Avenue, Faribault, MN 55021 and labeled with the Claimant's name, last four digits of his/her social security number, the bankruptcy case

caption (above) and the name of the law firm that submitted a Questionnaire on behalf of the Claimant. For purposes of this Order, "x-ray evidence" shall include a B-read, a radiology report, the x-ray itself, or any medical or scientific opinion based on a review of an x-ray; and it is further **ORDERED** that

2. Each x-ray copy shall include a certification from someone qualified in the appropriate field or a stipulation from the Claimant or his or her counsel certifying that any images in the original x-ray which are material to the Claimant's allegation that the x-ray demonstrates that his or her cancer is attributable to asbestos appear identically in the copy being provided. Grace shall be responsible for the reasonable and customary cost of copying the x-ray, obtaining the certification provided, and shipping and shall promptly reimburse the Claimants for such costs; and it is further **ORDERED** that

3. If it is not possible or reasonably practicable to obtain the certification described in Paragraph 2, the Claimant (or his counsel on his behalf) shall provide Grace by January 12, 2007 with a certification to such effect. In such event and upon demand by Grace, the Claimant shall make his or her original x-ray available for inspection at his or her counsel's office within thirty (30 days) days of the demand by Grace; and it is further **ORDERED** that

4. If a hospital or other third party has possession of the original x-ray and refuses or fails to timely produce it to the Claimant or his counsel after request for it has been made by the Claimant (or his counsel on his behalf), then the Claimant or his counsel shall certify that (1) within 1 week of receiving the demand from Grace pursuant to paragraph 3, the Claimant (or counsel on his behalf) has requested that the third party provide Claimant with the original x-ray; (2) that the third party refuses or has failed to provide the original x-ray to the Claimant; and (3) the identity of the third party and the basis or reason that the original is not being provided to the

Claimant, to the extent made known by the hospital or other third party. Upon notification that the original is unavailable pursuant to this paragraph, counsel for Claimant shall notify Grace and shall provide Grace with a Medical Authorization and Release Form that will authorize Grace to access and review the original x-ray in the custody of the third party.

5. Copies of x-rays provided pursuant to this order will be used by Grace, including all agents and professionals of and/or employed by Grace, exclusively for purposes of the estimation hearing. For purposes of clarity, such copies will not be used by Grace and/or any Trust created in connection with this bankruptcy proceeding in connection with any proceeding for the allowance or disallowance of claims and/or in connection with any payment or approval process under the Trust without the written approval of the respective, affected claimants or the Court upon notice to the affected Claimants and an opportunity to be heard. Moreover, the confidentiality of all personal information reflected in the x-ray shall be maintained in confidence and not disclosed in any public proceeding or to any person except as necessary in connection with this proceeding.

6. On or before December 29, 2006, Grace will provide counsel with a list of Claimants who appear, in current Questionnaire responses, to have alleged, indicated that they have, or produced x-ray evidence concerning their cancer as described in Paragraph 1 above. Provided Grace makes its best effort to notify counsel pursuant to this paragraph, no Claimant will be excused from any of the obligations set out in this Order.

**IT IS SO ORDERED.**

*Judith K. Fitzgerald*
_____
JUDITH K. FITZGERALD
United States Bankruptcy Judge

Wilmington, Delaware
December 22, 2006

3

DOCS_DE:123701.1