## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) |

## NOTICE OF RULE 30(B)(6) DEPOSITION
## AND SUBPOENA OF BMC GROUP, INC.

TO:    BMC Group, Inc.

   and

   PARTIES ON THE MASTER SERVICE LIST

   PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules

of Civil Procedure, made applicable by Rules 7030 and 9016 of the Federal Rules of

Bankruptcy Procedure, the United States District Court for the Western District of

Washington issued a subpoena (a copy of which is attached hereto) for BMC Group, Inc.

("BMC"). This subpoena was served on March 30, 2007. The subpoena requires BMC

to designate a corporate representative, and for that corporate representative to appear for

deposition on April 25, 2007 beginning at 9:00 a.m., PDT at the offices of Orrick,

Herrington & Sutcliffe LLP, 719 Second Avenue, Suite 900, Seattle, Washington 98104.

The subpoena further requires BMC to produce documents at the same location on April

13, 2007.

   TAKE FURTHER NOTICE that the deposition shall be conducted before a

person duly authorized to administer oaths in the relevant jurisdiction. Testimony

shall be taken by stenographic means, and also by audio/visual means. You are invited to

attend and cross-examine.

Dated:  March 30, 2007

CAMPBELL & LEVINE, LLC

_____
MARLA R. ESKIN (DE ID NO. 2989)
MARK T. HURFORD (DE ID No. 3299)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone:  (302) 426-1900

- and –

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone:  (212) 319-7125

Nathan D. Finch
Walter B. Slocombe
Adam L. VanGrack
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone:  (202) 862-5000

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

PHILLIPS, GOLDMAN & SPENCE, P.A.

_____
JOHN C. PHILLIPS, JR.,  (#110)
1200 North Broom Street
Wilmington, DE 19806
Telephone:  (302) 655-4200

-and-

John Ansbro
ORRICK, HERRINGTON & SUTCLIFFE
LLP
666 Fifth Avenue
New York, N.Y.  10103-0001
Telephone:  (212) 506-5000

- and –

Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
Debra L. Felder
ORRICK, HERRINGTON & SUTCLIFFE
LLP
3050 K Street, NW
Washington, DC 20007
Telephone:  (202) 339-8400

*Counsel for David T. Austern,
Future Claimants' Representative*

Dated: March **3b**, 2007

CAMPBELL & LEVINE, LLC

PHILLIPS, GOLDMAN & SPENCE, P.A.

_[signature]_

MARLA R. ESKIN (DE ID NO. 2989)
MARK T. HURFORD (DE ID No. 3299)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

JOHN C. PHILLIPS, JR., (#110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

- and –

-and-

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125

John Ansbro
ORRICK, HERRINGTON & SUTCLIFFE
LLP
666 Fifth Avenue
New York, N.Y. 10103-0001
Telephone: (212) 506-5000

Nathan D. Finch
Walter B. Slocombe
Adam L. VanGrack
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-5000

- and –

Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
Debra L. Felder
ORRICK, HERRINGTON & SUTCLIFFE
LLP
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 339-8400

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

*Counsel for David T. Austern,
Future Claimants' Representative*

✎ AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
Western DISTRICT OF Washington

In re W.R. GRACE & CO., et al.

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 01-1139
Pending in United States
Bankruptcy Court for the
District of Delaware

TO: BMC Group, Inc.
720 Third Avenue, 23rd Floor
Seattle, Washington 98104

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe, LLP, 719 Second Avenue, Suite 900, Seattle, Washington 98104.  To be recorded by stenographic means, as well as audio/videotape.  For 30(b)(6) deposition topics, see Attachment A. | 04/25/2007 9:00 a.m. PDT |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe, LLP, 719 Second Avenue, Suite 900, Seattle, Washington 98104. | 04/13/2007 5:00 p.m.PDT |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 3-29-07 |

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John Ansbro
Orrick, Herrington & Sutcliffe LLP
666 5th Avenue
New York, NY 10103
(212) 506-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

**THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF
KING**

No.

DECLARATION OF SERVICE

IN RE: W.R. Grace &Co, et al.

_____/

STATE OF WASHINGTON

ss.

COUNTY OF KING

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein
mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the
above entitled action and competent to be a witness therein.

That on the 30th day of March, 2007 @ 03:29 PM, at the address of 720 3rd Ave , Seattle, within KING
County, WA, the undersigned duly served the following document(s): **NOTICE OF RULE 30(B)(6)
DEPOSITION AND SUBPOENA OF BMC GROUP, INC; SUBPOENA IN A CIVIL CASE; $40 WFC** in
the above entitled action upon **BMC Group, Inc,** by then and there personally delivering a true and correct
copy(ies) of the above documents into the hands of and leaving same with **Sachie Fritz, Accounts Receivable
Manager** who is authorized to accept service on behalf of the above.

**I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true
and correct:**

Date: 4/4/07

Service Fee:    $ _____
Return Fee:     $ _____
Mileage Fee:    $ _____
Misc. Fee:      $ _____
Total Fee:      $ _____

**Brian Stromberg**
Registered Process Server
License #: 0441719
Firm Service
211 E 43rd St #1901
New York, NY 10017
800 322 8008

## ATTACHMENT A

## DEFINITIONS

The following are specially defined terms for which the meanings specified below shall apply:

1.    The term "ALL" shall mean "ANY" and visa versa, and both terms shall be construed inclusively to bring information within the scope of a specific request.

2.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3.    "ASBESTOS" as used herein shall include all ASBESTOS or asbestiform minerals of either the amphibole or serpentine group, and shall include chrysotile, amosite, crocidolite, tremolite, anthophyllite and actinolite.

4.    An "ASBESTOS CLAIMANT" is anyone who asserts or has asserted an ASBESTOS TORT CLAIM against GRACE, its parent or subsidiary corporations, or any of its predecessors or successors in interest.

5.    "ASBESTOS TORT CLAIM" means any lawsuit, workers' compensation claim, civil action, legal notice of claim, or proof of claim asserted by an individual (or an individual's personal representative) against GRACE alleging bodily injuries or wrongful death allegedly caused by exposure to ASBESTOS or ASBESTOS-CONTAINING PRODUCTS, including without limitation any claim or demand ever asserted against GRACE regardless of how, or whether, such claim was resolved (by settlement, dismissal, or otherwise) and regardless of whether such claim resulted in the filing of a civil lawsuit by the claimant.

6.    "ATTACHMENT" refers to any DOCUMENT accompanying or supplementing a PERSONAL INJURY QUESTIONNAIRE RESPONSE or a POC RESPONSE, regardless of whether such DOCUMENT was received simultaneously with the PERSONAL INJURY QUESTIONNAIRE RESPONSE or POC RESPONSE.

7.    "BMC" refers to BMC Group, Inc. and all its parents, subsidiaries, affiliates, or divisions and its merged or acquired predecessors-in-interest; its and their present or former officers, representatives, agents, servants, counsel, employees, investigators, consultants, and all other persons acting on its or their behalf.

8.    "COMMUNICATION" or "COMMUNICATIONS" include, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraph, telex, cable, tape recordings, voice-mail or otherwise, and all written communications, including communications by e-mail or other internet based communications systems.

9.    "CORRESPONDENCE" means any DOCUMENT that either constitutes a COMMUNICATION between two or more entities or persons, or that records, memorializes, or reflects said COMMUNICATION, whether made directly to the author of the DOCUMENT or otherwise.

10.    "DOCUMENT" is defined as broadly as permitted under Rule 34 of the Federal Rules of Civil Procedure, and includes all materials and things, in whatever form recorded or maintained, subject to production under that Rule, including all drafts, originals and non-identical copies of writings, recordings, printed, typed or otherwise recorded matter, including copies upon which notations or additional writings have been made, however produced or reproduced (including without limitation, by handwriting,

2

typewriting, printing, photostating, photographing, magnetic impulse, mechanical or

electronic recording or other form of data compilation) of every kind and description that

are in BMC'S actual or constructive possession, custody or control, including but not

limited to drawings, graphs, charts, tables, video tapes, audio tapes, photographs, slips,

cover notes, binders, treaties, agreements, wordings, books, pamphlets, bulletins,

periodicals, letters, memoranda, telegrams, e-mails, voice-mails, reports, records, studies,

handwritten notes, working papers, indices, tapes, computer disks or other electronic

storage media, data sheets, computer generated documents, data processing cards, or any

other tangible things which constitute or contain matters within the scope of Rule 34 of

the Federal Rules of Civil Procedure.

11.    "GRACE" means W.R. Grace & Co. and all its parents, subsidiaries,

affiliates, or divisions and its merged or acquired predecessors-in-interest, whether or not

Debtors and whether or not successorship is admitted; its and their present or former

officers, representatives, agents, servants, counsel, employees, investigators, consultants,

and all other persons acting on its or their behalf.  Subsidiaries or divisions of GRACE

include, but are not limited to, any entity listed as an affiliate on any GRACE Form 10-K.

12.    "PERSONAL INJURY QUESTIONNAIRES" refers to the Asbestos

Personal Injury Questionnaires and any related materials sent to ASBESTOS

CLAIMANTS.

13.    "PERSONAL INJURY QUESTIONNAIRE RESPONSES" are those

PERSONAL INJURY QUESTIONNAIRES that were returned by or on behalf of

ASBESTOS CLAIMANTS.

14.    "PETITION DATE" refers to April 2, 2001.

3

|

15.    "PRE-PETITION" refers to the time period before and including April 1, 2001.

16.    "POC" refers to the Proof of Claim form and related materials sent to ASBESTOS CLAIMANTS.

17.    "POC RESPONSES" are those POCs that were returned by or on behalf of ASBESTOS CLAIMANTS.

18.    "RELATE TO" or "RELATING TO," and/or "REFER TO" or "REFERRING TO," and/or "PERTAIN TO" or "PERTAINING TO" mean recording, summarizing, digesting, referring to, commenting upon, describing, reporting, listing, analyzing, studying or otherwise discussing or mentioning in any way a subject matter identified herein.

19.    "BMC EMPLOYEE" refers to anyone working in any capacity for, with or on behalf of BMC, including without limitation, anyone on BMC'S payroll and all independent contractors and sub-contractors hired by BMC.

## INSTRUCTIONS

1.    All responsive documents that are in your possession, custody or control, or in the possession, custody or control of your attorneys, agents or other representatives, must be produced, except that you need not produce a document that is an identical copy of another document you are producing. Documents are not identical for this purpose if they differ in any respect, including by the addition of handwritten notations, or if one document is a draft of the other.

2.    Documents shall be produced either as they are maintained in the ordinary course of business or else organized and labeled by the request to which they respond.

4

3.    If you refuse to produce any documents on the ground of privilege, including work product doctrine, you must furnish a list identifying each document for which a privilege is claimed, together with the following information and sufficient details so as to permit the Court to adjudicate the validity of the claim of privilege: date, sender, recipient(s), type (e.g., letter, memorandum, fax, chart, photograph, etc.), subject matter of the document, the basis on which a privilege is claimed, and the paragraph or paragraphs of this request to which the document responds.

4.    If you claim privilege as to only one portion of a document, you must redact that portion and produce the remainder of the document. All redactions must be clearly identifiable from the face of the document. All redactions must be included in a detailed log containing the information described in Instruction No. 3, above.

## SUBJECT MATTERS OF TESTIMONY

1.    ALL work performed by BMC RELATING TO the PERSONAL INJURY QUESTIONNAIRES and POCs.

2.    Bases for the identification and selection of individuals and/or law firms to which PERSONAL INJURY QUESTIONNAIRES and POCs were sent.

3.    The mailing of PERSONAL INJURY QUESTIONNAIRES, POCs and related materials to ASBESTOS CLAIMANTS.

4.    Processing of PERSONAL INJURY QUESTIONNAIRE RESPONSES and POC RESPONSES received by BMC, if any.

5.    The mailing list(s) used by BMC in connection with the PERSONAL INJURY QUESTIONNAIRES and POCs, including without limitation, development of

5

the list(s), sources of data used in the list(s), and/or data used in connection with list development.

6.    ALL COMMUNICATIONS between BMC and ASBESTOS CLAIMANTS and/or their representatives, including without limitation, RELATING TO GRACE, the PERSONAL INJURY QUESTIONNAIRES and/or the POCs.

7.    The total number of (i) PERSONAL INJURY QUESTIONNAIRES and POCs mailed by BMC, (ii) PERSONAL INJURY QUESTIONNAIRE RESPONSES and POC RESPONSES received by BMC from ASBESTOS CLAIMANTS, if any, and (iii) claimants for whom two or more PERSONAL INJURY QUESTIONNAIRE RESPONSES and/or POCs were received by BMC, if any.

8.    Number of and procedures for dealing with PERSONAL INJURY QUESTIONNAIRES and/or POCs received by BMC as "Returned to Sender," "Undeliverable as Addressed," "Attempted Not Known," "Insufficient Address," "No Such Number," "For Reason Shown," or returned under any other circumstances.

9.    Staffing of BMC EMPLOYEES processing PERSONAL INJURY QUESTIONNAIRES and/or POCs, including, without limitation (i) the qualifications of BMC EMPLOYEES who have processed PERSONAL INJURY QUESTIONNAIRES and/or POCs, and (ii) the total number of BMC EMPLOYEES who processed PERSONAL INJURY QUESTIONNAIRES and/or POCs

10.    Protocols, policies, coding criteria, guidelines, or instructions, whether written, spoken, formal, or informal, utilized by BMC in connection with PERSONAL INJURY QUESTIONNAIRES and/or POCs

## DOCUMENTS REQUESTED

1.     ALL DOCUMENTS RELATED TO the PERSONAL INJURY QUESTIONNAIRES, PERSONAL INJURY QUESTIONNAIRE RESPONSES, POCs and/or POC RESPONSES.

2.     ALL COMMUNICATIONS and/or CORRESPONDENCE between and among GRACE and BMC and/or their representatives regarding the PERSONAL INJURY QUESTIONNAIRES, PERSONAL INJURY QUESTIONNAIRE RESPONSES, POCs and/or POC RESPONSES.

3.     Any instructions, protocols, mandates, or the like regarding the PERSONAL INJURY QUESTIONNAIRES, PERSONAL INJURY QUESTIONNAIRE RESPONSES, POCs and/or POC RESPONSES.

4.     Any engagement letter, contract, or other document describing BMC's duties and objectives with regard the PERSONAL INJURY QUESTIONNAIRES, PERSONAL INJURY QUESTIONNAIRE RESPONSES, POCs and/or POC RESPONSES.

5.     ALL COMMUNICATIONS between BMC and ASBESTOS CLAIMANTS and/or their representatives.

6.     ALL DOCUMENTS RELATING TO the identification and selection of individuals and/or law firms to which PERSONAL INJURY QUESTIONNAIRES and POCs were sent.

7.     ALL DOCUMENTS RELATING TO the development of the mailing list(s) used by BMC in connection with the PERSONAL INJURY QUESTIONNAIRES

7

and POCs, including without limitation, Grace databases and/or other sources of information.