**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: ) | In Proceedings for a Reorganization under Chapter 11 |
| ) | |
| W.R. Grace & Co., *et al.,* ) | Case No. 01-01149-JKF |
| ) | |
| Debtors. ) | Re: docket no. 14929 |
| ) | |
| ) | |

**MEMORANDUM OF THE MMWR FIRMS IN OPPOSITION
TO DEBTORS' MOTION TO COMPEL COMPLIANCE
WITH THE COURT'S SUPPLEMENTAL ORDER OF DECEMBER 22, 2006**

**I.    INTRODUCTION**

This Court ruled in its December 22, 2006 Supplemental Order that B-Reads performed by "Consulting Experts" are protected from discovery by the "consulting expert privilege":

> The facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial ("Consulting Experts") are not discoverable.

December 22, 2006 Supplemental Order at p. 2.

The Court further explained that the following categories of B-Readers are <u>not</u> included within the definition of "Consulting Experts":

> B-Readers . . . who first 'screened' a Claimant (that is, prior to the time that any other diagnosis of an asbestos-related disease or injury was sought or known)[;] and

> B-Readers who examined a Claimant prior to the time an attorney-client relationship was established between the Claimant and the lawyer or law firm which asserts the privilege[.]

<u>Id.</u>

2172602v1

Grace's now pending Motion to Compel is directed to twenty-three (23) firms, of which seven (7) are firms represented by Montgomery, McCracken, Walker & Rhoads, LLP ("MMWR").[1]

Of the seven (7) firms represented by MMWR, six (6) have already confirmed in writing to Grace's counsel that they withheld no B-Reads.

Indeed, counsel for the MMWR firms informed Grace's counsel on March 2, 2007 that "few of the MMWR Firms are withholding any B-Reads in the first place," and further offered "to discuss these matters if [Grace's Counsel] wish[ed] to do so."  See N.D. Ramsey letter of March 2, 2007 to B.H. Harding, copy attached as Exhibit A.

Regrettably, using a "shoot first, ask questions later" approach, and in contravention of the "good faith conferral" requirement of Fed. R. Civ. P. 37 (a)(2)(B), Grace filed its pending Motion to Compel without ever "conferring," much less asking for identification of the MMWR firms that were, or were not, withholding any B-Reads.

In any event, of the seven (7) named MMWR Firms only the firm of Waters & Kraus, LLP ("Waters & Kraus") has withheld any B-Reads at all.

As stated in the attached Affidavit of Leslie C. MacLean of that firm, the Waters & Kraus firm has scrupulously, carefully, and precisely honored the terms of this Court's December 22, 2006 Supplemental Order:

> 2.    The only B-readings that Waters & Kraus has withheld from Grace represent facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial, and who are not presently expected to testify at trial.

---

[1] These seven (7) firms are:  Early Ludwick & Sweeney, LLC, Kazan, McClain, Abrams, Lyons, Farrise & Greenwood, A Professional Law Corporation, Waters & Kraus, LLP, Hobin, Shingler & Simon, LLP, Harowitz & Tigerman, LLP, The Wartnick Law Firm, and Paul Hanley & Harley, LLP.

       3.    None of the B-readings that Waters & Kraus has withheld were made by B-readers who first screened a claimant – in other words, none of the withheld B-Readings are screenings that were made prior to the time that any other diagnosis of an asbestos-related disease or injury was sought or known.

       4.    None of the B-readings that Waters & Kraus has withheld were made by B-readers who examined a claimant prior to the time an attorney-client relationship was established between that claimant and Waters & Kraus.

Affidavit attached as Exhibit B.

Ms. MacLean's sworn Affidavit essentially tracks the precise language of this Court's December 22, 2006 Supplemental Order.

In short, without making any attempt to determine the facts with respect to the MMWR Firms, and apparently on the regrettably offensive presumption that distinguished counsel acted in violation of this Court's Order, Grace filed its Motion to "Compel Compliance" with an Order with which each of the seven (7) MMWR Firms are in full compliance.

Moreover, as explained below, there is no basis for seeking preparation of a privilege log by Waters & Kraus, and such a privilege log would destroy the privilege ruling already entered by this Court.

At least insofar as the MMWR Firms are concerned, Grace's Motion to Compel is a most regrettable waste of Estate resources, as well as a needless imposition on these firms.

By way of further introduction, Grace's Motion to Compel makes arguments with respect to unspecified "plaintiffs' law firms" (see, e.g., Grace Motion to Compel at pp. 1, 3, 4, 5, 7, 8, 9, 10) and then to a "pattern of abuse" (see Grace Motion to Compel at p. 7) which improperly and baselessly impugn the Waters & Kraus firm by indirection, implication, and/or association.

This too is most regrettable – not to mention false and misleading.

Finally, Grace's Motion to Compel incredibly states that "[this] Court already has overruled the privilege claim." Id. at p. 12. This assertion brings new meaning to the concept of "revisionist history." Grace's assertion notwithstanding, the Court upheld the claim of privilege as to consulting experts, and defined the privilege in the context of the B-reads sought by Grace.

## II. ARGUMENT

### A. THE DECEMBER 22, 2006 SUPPLEMENTAL ORDER INCLUDES NO REQUIREMENT THAT ANY PRIVILEGE LOGS BE PREPARED

Nowhere in this Court's December 22, Supplemental 2006 Order at issue is there any provision requiring the preparation of any privilege log to list consulting expert documents being withheld pursuant to the Court's determination that such documents are, in fact, privileged. The Court appropriately relied on counsel to honor the Court's clear and unambiguous Order, and the MMWR Firms, including the Waters & Kraus firm, have complied with the Court's Order. See MacLean Affidavit; attached as Exhibit B.

There is no supportable basis on which the Debtors can read into the December 22, 2006 Supplemental Order any requirement that any firm prepare a privilege log of those documents being withheld on the basis of the consulting expert privilege. "Court orders 'must ordinarily be interpreted by examination of only the 'four corners' of the document.'" Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 286 (3d Cir. 1991) (quoting United States v. Reader's Digest Ass'n, Inc., 662 F.2d 955, 961 (3d Cir. 1981)). Stated simply, within the "four corners" of the December 22, 2006 Supplemental Order there is no privilege log requirement. This entire exercise is yet another example of Grace's pattern and practice or repeatedly revisiting issues already resolved by the Court.

### B.     THE CASES RELIED ON BY GRACE ARE ALL DISTINGUISHABLE

The cases relied on by Grace in its Motion are entirely inapposite to the present circumstances. None of the six cases cited by Grace involve the application or construction of the consulting expert privilege or Rule 26(b)(4)(B).[2] Further, in contrast to the circumstances in the present case, five of the six cases cited by Grace involved the circumstance where – unlike here – the Court had not yet ruled regarding the documents, or category of documents, at issue.[3] In the only case cited by Grace that did involve an existing privilege ruling – Massachusetts School of Law – the case involved a different privilege, a different Federal Rule, and entirely different conduct.[4]

---

[2] See SmithKline Beecham Corp. v. Apotex Corp., 232 F.R.D. 467 (E.D. Pa. 2005) (applying Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3) relating to attorney-client privilege and work product doctrine, and the resulting log requirements of Fed. R. Civ. P. 26(b)(5) for documents withheld prior to court's ruling on privilege); In re Gabapentin Patent Litig., 214 F.R.D. 178 (D.N.J. 2003) (applying rules relating to attorney-client privilege and work product doctrine); Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n, 914 F.Supp. 1172 (E.D. Pa. 1996) (applying Fed. R. Civ. P. 45(d)(2), relating to withheld subpoenaed information); Puricelli v. Borough of Morrisville, 136 F.R.D. 393 (E.D. Pa. 1991) (court interpreting "grand jury privilege" and Fed. R. Crim. P. 6(e)(3) standard applied for requests for civil use of grand jury proceedings); Professional Secs. Corp. v. Nat'l Royal Corp., No. 90-3951, 1991 WL 276072 (E.D. Pa. Dec. 20, 1991) (applying Fed. R. Civ. P. 37(b)(2) where parties failed to answer interrogatories); Eidukonis v. Southeastern Pa. Transp. Auth., No. 86-5142, 1987 WL 16321 (E.D. Pa.. Aug. 27, 1987) (ruling on motion to compel production of documents withheld by party on relevancy grounds).

[3] See SmithKline Beecham Corp., 232 F.R.D. 467; In re Gabapentin Patent Litig., 214 F.R.D. 178; Puricelli, 136 F.R.D. 393; Professional Secs. Corp., 1991 WL 276072; Eidukonis, 1987 WL 16321.

[4] In Massachusetts School of Law, 914 F.Supp. at 1174, 1177-1178, the court had ruled that the attorney-client privilege did not apply to certain subpoenaed documents and later found that, after it had issued its ruling on the attorney-client privilege, the subpoenaed party had neither provided the subpoenaed documents nor prepared a privilege log for the withheld documents.

2172602v1

### C. THE PURPOSE OF A PRIVILEGE LOG IS TO ALLOW AN ASSESSMENT OF THE APPLICABILITY OF A PRIVILEGE – AND THAT ASSESSMENT HAS ALREADY OCCURRED IN THIS CASE

The purpose of a privilege log, as stated in the applicable Federal Rule of Civil Procedure, is to "enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). However, the time for any assessment of the applicability of the consulting expert privilege is now over because the Court has already assessed the applicability of the privilege, and has already ruled. The already issued Order provides clear guidelines for the parties as to what documents are discoverable, and what documents are privileged from production pursuant to the consulting expert privilege. The plain language of the Order makes clear that there is no need or place for any further assessment by the Court. In short, a privilege log at this point would serve no legitimate purpose.

### D. TO REQUIRE A PRIVILEGE LOG WOULD SUBVERT THE PRIVILEGE ITSELF AND WOULD RENDER MEANINGLESS A PROVISION OF THE COURT'S ORDER

Fed. R. Civ. P. 26(b)(5), incorporated by Rule 7026 of the Bankruptcy Rules, provides for a description of items not produced to be done in a manner "without revealing information itself privileged or protected, [that] will enable other parties to assess the applicability of the privilege or protection" – in short, a "log." However, in the case of consulting experts, the mere act of revealing their identities as authors or recipients of privileged documents would "reveal[] information itself privileged or protected."

The United States Court of Appeals Tenth Circuit has issued a directly relevant opinion on whether disclosing the identities of consulting experts can be required absent a showing of

exceptional circumstances.  The Tenth Circuit expressly held that the identities could <u>not</u> be

disclosed:

> [W]e hold that the identity, and other collateral information concerning an expert who is retained or specially employed in anticipation of litigation, but not expected to be called as a witness at trial, is not discoverable except as 'provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.' Fed. Rules Civ. Proc., rule 26(b)(4)(B), 28 U.S.C.A.

<u>Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses</u>, 622 F.2d 496, 503 (10th Cir. 1980)

(emphasis added) (further noting that "[t]he party 'seeking disclosure under Rule 26(b)(4)(B)

carries a heavy burden' in demonstrating the existence of exceptional circumstances." (quoting

<u>Hoover v. United States Dept. of Interior</u>, 611 F.2d 1132, 1142 n.13 (5th Cir. 1980).  <u>See</u> <u>also</u>

<u>Bio-Technology Gen. Corp. v. Novo Nordisk A/S</u>, No. 02-235, 2003 WL 21057238, *2 (D. Del.

May 7, 2003) ("Rule 26(b)(4)(B) is designed to promote fairness by precluding unreasonable

access to an opposing party's diligent trial preparation.") (citing Advisory Committee Notes,

Fed. R. Civ. P. 26(b)(4)(B) and <u>Ager</u>, 622 F.2d at 502).

Although the Debtors would read into the December 22, 2006 Supplemental Order a

requirement that the Waters & Kraus firm prepare a privilege log for consulting expert

documents, any privilege log would lead to a nonsensical result by undermining the Court's

ruling that the consulting expert privilege applies here.  As the Court of Appeals for the Tenth

Circuit stated:

> Once the identities of retained or specially employed experts are disclosed, the protective provisions of the rule concerning facts known or opinions held by such experts are subverted.

2172602v1


Ager, 622 F.2d at 503.[5]

Basic principles of interpretation forbid a reading that would do injustice to the overall tenor of a Court Order, or render meaningless a specific provision. See, e.g., Ford Motor Co., 930 F.2d at 287; Penske Logistics, Inc. v. KLLM, Inc., 285 F.Supp. 2d. 468, 474 (D.N.J. 2003) ("[A] contract should not be given an interpretation which renders a term or terms superfluous or meaningless.") (citing Williston on Contracts, § 32:11) (additional citations omitted); First Philadelphia Realty Corp. v. Albany Savings Bank, 609 F. Supp. 207, 210 (E.D. Pa. 1985) ("[A] contract must not be construed so as to render any of its terms meaningless").

In addition, as a practical matter a privilege log would not assist the Court in assessing the privilege unless the Court was also informed as to the date that an attorney-client relationship was formed. Providing the date that an attorney-client privilege was formed would require reliance on representations by counsel. Unless the Court is prepared to embark on a practice of requiring physical proof of every representation made by counsel, even in instances such as here where there is no reason to question the integrity or honesty of counsel, granting Grace's request for a privilege log will accomplish nothing.

---

[5] In ruling that the disclosure of the identities of consulting experts subverts the protective provisions of Rule 26(b)(4)(B), the court reasoned that when such experts' identities are disclosed:

> [t]he expert may be contacted or his records obtained and information normally non-discoverable, under rule 26(b)(4)(B), revealed. Similarly, although perhaps rarer, the opponent may attempt to compel an expert retained or specially employed by an adverse party in anticipation of trial, but whom the adverse party does not intend to call, to testify at trial. Kaufman v. Edelstein, 539 F.2d 811 (2d Cir. 1976). The possibility also exists, although we do not suggest it would occur in this case, or that it would be proper, that a party may call his opponent to the stand and ask if certain experts were retained in anticipation of trial, but not called as a witness, thereby leaving the jury with an inference that the retaining party is attempting to suppress adverse facts or opinions.

Ager, 622 F.2d at 503.

Furthermore, regardless of whether the Debtors read a silent privilege log requirement into the December 22, 2006 Supplemental Order, it "'is [the Court's] responsibility to construe a judgment as to give effect to the intention of the court, not to that of the parties.'" Ford Motor Co., 930 F.2d at 286 (quoting United States v. 60.22 Acres of Land, More or Less, Situate in Klickitat County, State of Washington, 638 F.2d 1176, 1178 (9th Cir. 1980)).  Because the clearly expressed intention of this Court is to protect "[t]he facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial," see December 22, 2006 Supplemental Order at p. 2, the Debtors' Motion should be denied as to all of the MMWR Firms, including the Waters & Kraus firm.

### E. GRACE'S MOTION IS IRRESPONSIBLE AND WASTEFUL

As discussed above, in failing to conduct appropriate due diligence into the allegations of its Motion before filing the Motion, in making allegations against the MMWR Firms, and in its presentation of the history of the December 22, 2006 consulting expert order, Grace has failed to act appropriately as a fiduciary of its estate.[6]

---

[6] Moreover, although not applicable to the MMWR Firms, the sanction proposed at the end of Grace's brief that the Court should enter a sanction "precluding [a non-compliant] law firm's claims" from this case is truly outrageous. Grace's history of irresponsible and even criminal misconduct in exposing individuals to the dangers of asbestos is well documented.  That Grace would suggest that claimants injured by its asbestos should have their claims denied because of legal positions taken by their law firm demonstrates its continuing callous disregard for the consequences of its conduct.

### III. CONCLUSION

For the foregoing reason, Grace's Motion to Compel should be denied.

Respectfully submitted,

Dated: April 5, 2007

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

By: /s/ Noel C. Burnham
    Noel C. Burnham, Esquire (DE 3483)
    Natalie D. Ramsey, Esquire (PA only)
    Leonard A. Busby, Esquire (PA only)
    300 Delaware Avenue, Suite 750
    Wilmington, DE 19801
    (302) 504-7800
    (302) 504-7820 (facsimile)

    and

    123 South Broad Street
    Philadelphia, PA 19109
    (215) 772-1500
    (215) 772-7620 (facsimile)
    Attorneys for the MMWR Firms,
    including Waters & Kraus