# Montgomery, McCracken, Walker & Rhoads, LLP
### Attorneys at Law

Natalie D. Ramsey
Admitted in Pennsylvania

123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109
215-772-1500
Fax 215-772-7620

Direct Dial
215-772-7354

nramsey@mmwr.com

March 2, 2007

**_BY EMAIL AND MAIL_**

Barbara M. Harding, Esquire
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793

Re:    W.R. Grace Bankruptcy

Dear Barbara:

I write on behalf of our clients, the MMWR Firms,[1] in response to your letter of February 22, 2007, that requests "a log, listing all B-Reads . . . that you continue to withhold from production on the grounds of privilege."

Notwithstanding the fact that few of the MMWR Firms are withholding any B-Reads in the first place, my clients do object to providing the log you request.

Fed. R. Civ. P. 26(b)(5), incorporated by Rule 7026 of the Bankruptcy Rules, provides for a description of items not produced to be done in a manner "without revealing information itself privileged or protected, [that] will enable other parties to assess the applicability of the privilege or protection" – in short, a "log."

The terms of the Court's December 22, 2006 "Supplemental Order Regarding Motion to Compel Claimants To Respond To The W.R. Grace & Co. Asbestos Personal Injury Questionnaire" (the "December 22, 2006 Supplemental Order"), make clear that there is no supportable basis on which your client can now, under the circumstances of this case, request any such log.

---

[1] For purposes of this letter, the "MMWR Firms" are defined as follows: (i) Kazan, McClain, Abrams, Lyons, Farrise & Greenwood, A Professional Law Corporation; (ii) Waters & Kraus, LLP; (iii) Hobin, Shingler & Simon, LLP; (iv) Paul, Hanley & Harley, LLP; (v) Early Ludwick & Sweeney; (vi) Harowitz & Tigerman; (vii) the Wartnick Law Firm; (viii) Wise & Julian, P.C.; (ix) Rose, Klein & Marias, LLP; (x) Early & Strauss; (xi) Clapper, Patti, Schweizer & Mason; (xii) The Law Offices of Matthew Bergman ; and (xiii) The Grace Certain Cancer Claimants.

2161881v1

Montgomery, McCracken, Walker & Rhoads, llp

Barbara M. Harding, Esquire
March 2, 2007
Page 2

The premise of a log, as stated by the rule itself, is to permit an assessment of "the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). However, the applicability of the consulting expert privilege was decided by the express terms of the December 22, 2006 Supplemental Order. The Court's decision on this specific issue is set forth in the following three declarative sentences in that Order:

> 1. "The facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial ("consulting Experts") are not discoverable." December 22, 2006 Supplemental Order at p. 2.
>
> 2. "[T]he Court finds that . . . B-Readers . . . who first "screened" a Claimant (that is, prior to the time that any other diagnosis of an asbestos-related disease or injury was sought or known) are not Consulting Experts." December 22, 2006 Supplemental Order at p. 2.
>
> 3. ". . . B-Readers who examined a Claimant prior to the time an attorney-client relationship was established between the Claimant and the lawyer or law firm which asserts the privilege are not Consulting Experts." December 22, 2006 Supplemental Order at p. 2.

The Court has given the parties a road map for application of the consulting expert privilege in the present context. B-Reads performed "prior to the time that any other diagnosis of an asbestos – related disease or injury was sought or known" and B-Reads performed "prior to the time an attorney-client relationship was established between the Claimant and the lawyer or law firm which asserts the privilege " – must be produced as non-privileged because those B-Reads are not the work of a "Consulting Expert" as defined by the Court. B-Reads performed by experts "retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial" need not be produced because they are protected by the consulting expert privilege as defined by the Court.

My clients have produced or intend to produce all non-privileged B-Reads as directed by the December 22, 2006 Supplemental Order. The suggestion that my clients must prove their compliance, or that Grace must double-check my clients' compliance, is unjustified by facts or law, and frankly, is insulting.

2161881v1

Montgomery, McCracken, Walker & Rhoads, llp

Barbara M. Harding, Esquire
March 2, 2007
Page 3

      I am prepared to discuss these matters if you wish to do so.  Please contact me if you have any questions.

                Very truly yours,

                /s/

                Natalie D. Ramsey

NDR:mr

2161881v1