**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |
| ) | |
| **IN RE:**                                          ) | **Chapter 11** |
| ) | |
| **W.R. GRACE & CO.,** *et al.,*              ) | **Case No. 01-01139 (JKF)** |
| ) | **Jointly Administered** |
| ) | |
| **Debtors.**                                    ) | **Related to Docket Nos.  14907, 14909,** |
| ) | **14929, 15020 and 15086** |
| ) | **Hrg. Date:  April 13, 2007** |
| ) | **Objection Deadline:  April 6, 2007** |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**MOTLEY RICE LLC'S COMBINED MOTION TO STRIKE AND OPPOSITION TO
DEBTOR'S MOTION TO COMPEL COMPLIANCE WITH SUPPLEMENTAL ORDER
REGARDING MOTIONS TO COMPEL CLAIMANTS TO RESPOND TO THE W.R.
GRACE & CO. ASBESTOS PERSONAL INJURY QUESTIONNAIRE**

COMES NOW, Motley Rice LLC, (hereinafter "Motley Rice") a law firm representing various asbestos personal injury claimants, and hereby files this Combined Motion to Strike and Opposition to W.R. Grace & Co.'s (hereinafter "Debtor") Motion to Compel Compliance with Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire.   Motley Rice respectfully shows the Court as follows:

I.      MOTION TO STRIKE

Debtor's current Motion to Compel, lamentably the latest in what is proving to be a tiresome and endless series, is directed to "plaintiffs' law firms."  *See* Debtor's Motion.  Indeed, in its Conclusion, Debtor specifically requests this Court to order "**plaintiffs' law firms to which this Motion is directed** to produce all documents that are subject to the Consulting Expert Order … within five calendar days." Deb. Mot. at p. 13 (emphasis added).  Setting aside,

for the moment, the unreasonableness of such a short deadline, Debtor's misdirected and unprecedented Motion must fail as it is fatally defective.

As stated in the conclusion and throughout the Motion, Debtor seeks to compel plaintiffs' law firms, including Motley Rice, to produce documents Debtor claims have been unjustifiably withheld from production. The Motion, despite the occasional reference, is not directed to individual claimants who contend they have developed asbestos-related injuries due to Debtor's tortious conduct. Instead of pursuing an alleged violation of this Court's Order by moving to compel the actual party to comply with the order, Debtor has made an unprecedented attempt to compel discovery against opposing parties' law firms. This Court will look in vain for any similar gambits that have proven successful. None of the entities sought to be compelled are parties to the present proceeding. Nor are the law firms akin to traditional third-parties from whom discovery may sometimes be obtained. The "plaintiffs' firms" are only connected to this case through their representation of claimants. While certain claimants, by filing their claims against Debtor, may have submitted to the jurisdiction of this Court, none of the claimants' firms have similarly submitted to the jurisdiction required by Debtor's Motion.

Debtor has never filed discovery against any plaintiffs' law firm in this matter pursuant to Federal Rule of Bankruptcy Procedure 7034. Of course, the reason for this is that such a filing is prohibited. As this Court is doubtless well aware, the Order that Debtor seeks to enforce required certain claimants to provide a specific category of documents, if extant, to Debtor. Order, dated December 22, 2006, attached hereto and incorporated herein as Exhibit "A" at pp. 2-3. That is the extent of this Court's previous order. While Debtor may contend this glaring inconsistency between the previous proceedings and the present Motion is merely accidental, such is not the case. The language and intent of Debtor's present Motion could not be clearer.

In addition to the previously quoted sentence and references throughout its Motion, Debtor earlier refers to "the **plaintiffs' firms who are the subject of this motion** …." Deb. Mot. at p. 3. These numerous references demonstrate that Debtor's sights are set on the law firms involved, not the individual claimants. The reason for this is because a focus on individual claimants would require a level of care and particularity that the Debtor is not, apparently, ready or willing to provide.

Essentially, Debtor is seeking to have an Order enforced against non-parties who have not been served with any discovery requests and who could not be properly served with any discovery request in this matter. One can hardly imagine the titanic eruptions that would occur if claimants had served discovery, not upon Debtor, but upon Kirkland & Ellis, LLP. Of course, counsel for claimants would not dare be so cavalier and heedless with discovery procedure, to say nothing of seeking a court's sanctioning of such conduct.

In *Massachusetts School of Law at Andover, Inc. v. American Bar Association*, the primary, if not sole, case relied on by Debtor in support of its Motion, the defendants moved to compel production of documents and answering of certain questions by a third-party. 924 F.Supp. 1172, 1173 (E.D.Pa. 1996). Naturally, the third-party was not the plaintiff's counsel but was instead a witness, under subpoena, who had information relevant to the matter. *Id.* at 1173. In this case, Motley Rice is not a proper third party and has not been subpoenaed by Debtor to provide discovery material.

In addition to the primary infirmities mentioned above, Debtor's Motion fails for additional reasons. As Debtor has applied for an order against Motley Rice, a non-party, the appropriate court to hear the application is "in the district where the discovery is being, or is to be, taken." Fed. Bankr. R. Proc. 7037; Fed. R. Civ. P. 37(a)(1). This Court is only the

appropriate court if the Motion is directed at a party. *Id.* Therefore, Debtor's Motion fails as it is filed in the wrong court. Moreover, Federal Rule of Bankruptcy Procedure 7037 requires that a party seeking an order pursuant to this rule include a certificate of good faith stating that the movant has attempted to resolve the discovery dispute before seeking intervention of the court. Fed. Bankr. R. Proc. 7037; Fed. R. Civ. P. 37(a)(2)(B). Failure to include a certificate of good faith is a ground to deny a motion to compel. *Kelly v. MBNA America Bank*, 2006 WL 2993268 (D.Del. 2006); *Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186-87 (3rd Cir. 2003). No certificate was included because no effort has been made. Instead, Debtor has made demands of claimants and their counsel without any requisite good faith attempt to resolve the dispute. This Court has previously recognized the duty of counsel to meet and confer prior to involving the Court in discovery disputes. *See* Exhibit "B", Excerpt of Transcript of September 11, 2006 hearing, attached hereto and incorporated herein by reference at p. 244. Debtor's Motion should be denied on these additional grounds as well.

II.    MOTLEY RICE'S RESPONSE, IN THE ALTERNATIVE,
TO DEBTOR'S MOTION TO COMPEL

Although Motley Rice submits that its Motion to Strike is proper and should be granted, it will respond to Debtor's Motion to Compel out of an abundance of caution. Debtor proceeds under the assumptions that (1) Motley Rice has documents that are subject to disclosure pursuant to the Order of this Court and (2) Motley Rice has failed to provide such documents. Debtor alleges that this failure mandates a finding that Motley Rice is not in conformance with this Court's Order. This is not the case. Upon current knowledge, information, and belief, Motley Rice is not in possession of documents that, pursuant to the language of this Court's Order, it would be required to disclose.

Nowhere in the Order that Debtor seeks to enforce is the provision of a privilege log

mentioned. *See* Exhibit "A". Debtor, not this Court, is the entity that originally conceived of the

requirement of a privilege log. *See* Deb. Mot. at p. 4. Not content with unilaterally seeking to

impose this requirement on non-party plaintiffs' law firms, Debtor has also provided the precise

structural and content requirements that plaintiffs' firms must dogmatically follow. Deb. Mot. at

pp. 11-12. What Debtor is really attempting to do, like a seasoned street hustler, is pull a bait

and switch. Debtor contends that an entity, not a party to this action, has not complied with an

Order of this Court that never covered the non-party. The alleged non-compliance, however, is

not even with an Order of this Court, but instead is with Debtor's own demands that it seeks to

engraft on this Court's Order. Such tactics should not be condoned.

A review of what actually preceded this Motion, as opposed to Debtor's skewed

understanding, might prove helpful. Debtor sought the production of documents from claimants

on a vast and expansive scale. Given the generalized and broad request of Debtor (to say nothing

of the time constraints inherent in preparing such a response), claimants objected as best they

could. Debtor responded that claimants' objections were too general. This Court, in tailoring its

Order, tacitly and properly found that claimants' objections were valid except as a certain

category of documents specifically defined in the Court's Order. *See* Order, Exhibit "A" at p. 2.

Now Debtor, through its current Motion, seeks to circumvent the previous Order of this Court

and require plaintiffs' law firms, not claimants, to provide a detailed privilege log.

The actual purpose of Debtor's Motion is to get plaintiffs' law firms, by filing a privilege

log, to reveal the mere existence of documents claimants' (and their counsel) contend are not

subject to this Court's Order. It is Motley Rice's position that the revealing of the existence of

such documents, in and of itself, would be a waiver of the attorney-client privilege or work-

product protection.  *See* Fed. R. Civ. P. 26(b)(5).   Indeed, one wonders why such a grand

production is warranted if, as it claims, Debtor already has "substantial evidence that the

screening process is unreliable and fails to meet basic medical standards."  Deb. Mot. at p. 8.

Motley Rice suspects that this is but the latest attempt by Debtor to delay the estimation process.

Regardless, and contrary to Debtor's contentions, privilege logs have not been required

when voluminous materials have been sought to be documented.  In *In re Imperial Corporation*

*of America*, a court was presented with a similar request.  174 F.R.D. 475, 476 (S.D.Cal. 1997).

The court in *Imperial Corporation* noted that "no where in Fed. R. Civ. Pro. 26(b)(5) is it

mandated that a document-by-document privilege log is required, if a party seeks to withhold

documents based on privilege or work product."  *Id*. at 477.   The court further noted that, as

mentioned in the Advisory Committee Notes, "Details concerning time, persons, general subject

matter, etc., may be appropriate if only a few items are withheld, but may be *unduly burdensome*

*when voluminous documents are claimed to be privileged or protected, particularly if the items*

*can be described by categories ....*"  *Id*. (quoting Advisory Committee Notes to Fed. R. Civ. P.

26) (emphasis supplied by the court).

The court discussed with approval *SEC v. Thrasher*, 1996 WL 125661 (S.D.N.Y. 1996),

in which that court held that an assertion of a privilege by category, as opposed to the

requirement of a privilege log, is sufficient. *Id*. at 477-78.  The court concluded ultimately that

the plaintiffs were not required to prepare a detailed, document-by-document privilege log and

could, instead, assert a privilege based on the category of certain documents. *Id*. at 479.  This

decision is instructive because, given this Court's earlier rulings with respect to claimants'

objections, this Court, like the courts in *Imperial Corporation* and *Thrasher*, has already

determined that a more broad assertion of the attorney-client privilege or work product

protection, essentially by category, is sufficient.    Debtor could have asked this Court to reconsider that Order long ago.    Debtor failed to pursue a proper motion then.    The Court should not entertain such a Motion under a different guise now.

Finally, this Court has already rebuked Debtor for its reliance on broad and general positions such as those contained in the present Motion.    *See* Exhibit "B" at pp. 234, 243-44, 248.    In the context of the Questionnaire responses, this Court recognized that rulings "en masse" are ill-conceived and unwarranted.    Exhibit "B" at p. 234.    Likewise, Debtor's Motion seeks "en masse" rulings without tying a particular allegation of impropriety to any specific claimant or group of claimants.    Of course, such a feat is impossible when Debtor is seeking to compel plaintiffs' law firms to comply with provisions not part of any Order of this Court and without any legal basis.    Debtor's flaunting of this Court's earlier admonition is improper and Debtor's current Motion should be summarily denied.[1]

### III. CONCLUSION AND PRAYERS FOR RELIEF.

WHEREFORE, for the reasons set forth in this response and the Responses filed on behalf of other plaintiffs' law firms in response to Debtor's latest Motion to Compel, Motley Rice prays that its Motion to Strike be granted, that Debtor's Motion to Compel Compliance with Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire be denied in its entirety, that this Court enter a Protective Order that prohibits Debtor from seeking the privileged information sought in its Motion to Compel, and that Motley Rice be granted such other, just, equitable, and necessary relief as this Court deems proper.

---

[1] Motley Rice hereby and herewith expressly joins in, adopts, and incorporates by reference the responses of the other "plaintiffs' law firms" that are the implicated in Debtor's present Motion to the extent that such responses are consistent with Motley Rice's Motion to Strike and Response.

8

Dated:  April 6, 2007.

RESPECTFULLY SUBMITTED,


/s/ John E. Herrick_____
JOHN E. HERRICK
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
Tel. (843) 216-9000
Fac. (843) 216-9440
Email:  jherrick@motleyrice.com

COUNSEL FOR VARIOUS
ASBESTOS PERSONAL INJURY
CLAIMANTS