# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
IN RE:                           . Case No. 01-1139(JKF)
                                 . Adv. No. 02-1657(JKF)
                                 .
W.R. GRACE & CO.,                . 5414 USX Tower Building
                                 . Pittsburgh, PA  15222
                                 .
              Debtor.            .
                                 . September 11, 2006
. . . . . . . . . . . . . . . .  . 9:57 a.m.
```

TRANSCRIPT OF HEARING
ARGUMENT ON MOTION TO EXTEND EXCLUSIVITY AND
ARGUMENT ON QUESTIONNAIRE ISSUES
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor: | Kirkland & Ellis, LLP<br>By: DAVID M. BERNICK, P.C., ESQ.<br>    BARBARA HARDING, ESQ.<br>    AMANDA BASTA, ESQ.<br>    SALVATORE BIANCA, ESQ.<br>Aon Center<br>200 East Randolph Drive<br>Chicago, IL  60601 |
| Unsecured Creditors'<br>Committee: | Stroock & Stroock & Lavan, LLP<br>By: LEWIS KRUGER, ESQ.<br>    KENNETH PASQUALE, ESQ.<br>180 Maiden Lane<br>New York, NY  10048-4982 |
| Audio Operator: | Janet Kozloski |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail: jjcourt@optonline.net

(609) 586-2311   Fax No. (609) 587-3599


PLAINTIFF'S EXHIBIT B

1 entitled to because there's a burden issue, that we have to
2 shoulder the cost. I don't believe --
3     THE COURT: All right.
4     MR. BERNICK: -- I don't believe that --
5     THE COURT: If that's the case, Mr. Bernick --
6     MR. BERNICK: No, but if you hear --
7     THE COURT: -- then I want specific objections by the
8 debtor to every one of these. I can't address them en masse.
9     MR. BERNICK: We may have to do that, but let me --
10    THE COURT: That's fine.
11    MR. BERNICK: -- let me --
12    THE COURT: Then this proceeding will be adjourned
13 until you do.
14    MR. BERNICK: Yeah. Well, let me -- if I could be
15 heard --
16    THE COURT: Except for the signatures.
17    MR. BERNICK: -- if I could be heard, because a lot
18 of statements were made, and as I predicted, it's the end of
19 the day and now there's a presumption because people with
20 mesothelioma are sick and they're entitled to relief, that they
21 shouldn't have to bear a burden and their law firm shouldn't
22 have to bear a burden.
23    THE COURT: Oh, no. In fact, they probably can
24 afford to bear the burden more than the asymptomatics. That's
25 not what I said.

1  attachments --
2           MR. BERNICK: On the questionnaire.
3           THE COURT: Okay.
4           MR. BERNICK: Okay. So this is okay, but why not
5  just go on the claim form. It's not sufficient.
6           THE COURT: Well, then it's not sufficient.
7           MR. BERNICK: It's not sufficient.
8           THE COURT: And you should be objecting based on the
9  fact that this is what's missing.
10          MR. BERNICK: Your Honor, that's what we have done.
11          THE COURT: Mr. Bernick, I -- no, you haven't done.
12 What you have done is aggregated everybody's responses and
13 complained about three basic groups of things that are missing.
14          MR. BERNICK: Yes. We have said --
15          THE COURT: But you have not tied those three basic
16 groups into specific questionnaires. And as a result, all I
17 can do at this point is say, yes, I agree that signatures are
18 necessary; yes, I agree that in some instances documents can be
19 attached, but I can't give you specific rulings because I can't
20 tie it to anything.
21          MR. BERNICK: Sure. Sure. All that I'm -- my point
22 in going through these documents is to say that they've made
23 some representations, none of which are actually borne out. We
24 don't see a single case that they have at least pointed to this
25 document where the documents attached were identified and

1 actually provided the information. If we go to -- here's a
2 perfect example of --
3     THE COURT: Mr. Bernick, there's no point. You
4 haven't given me specifics. I'm not going to give you rulings
5 on something you raise in court today that somebody hasn't had
6 a chance to submit a supplemental response to. I mean, that's
7 the way it works. You're supposed to meet and confer with
8 respect to discovery.
9     MR. BERNICK: We met and conferred --
10     THE COURT: You went to mediation --
11     MR. BERNICK: -- we met and conferred.
12     THE COURT: Yes.
13     MR. BERNICK: We met and conferred; we had a
14 mediation.
15     THE COURT: Yes.
16     MR. BERNICK: And it didn't work out. That's why
17 we're here for Your Honor to rule. What --
18     THE COURT: But I don't have specific points.
19     MR. BERNICK: Yes, I --
20     THE COURT: You're asking me for advisory opinions
21 that I can't give.
22     MR. BERNICK: I am asking you -- I'm asking you with
23 respect to the attachments to make a very simple determination.
24     THE COURT: The attachments, to the extent that they
25 answer the questions, are appropriate.

1  to do something like file a motion for sanctions, I'll give you
2  sanctions.  To the extent that somebody wants to supplement an
3  answer so that they're not subject to sanctions, they may do
4  so.
5          To the extent that you just put this -- I'm sorry, I
6  don't remember the claimant's name -- person's form up and it
7  doesn't answer any of the questions, that is clearly
8  insufficient.  Now, if it is a settled claim then at this point
9  it doesn't have to be answered.
10         MR. BERNICK:  Already an order.
11         THE COURT:  I don't know whether it is a settled
12 claim.  I don't have a specific objection that tells me.  I am
13 not going to rule question by question, line by line, or
14 individual by individual until or unless you file those
15 objections.
16         MR. BERNICK:  I'm asking for two things today.
17 Number one, that if people choose to answer by attachment,
18 recognizing what Your Honor has said, that they specify in
19 their answer the page where the answer can be found.  To be
20 sent to medical records generally or exposure history in a
21 deposition generally, I don't think -- well, I know it doesn't
22 comply with the rules, and Your Honor, that would make a
23 mockery of this process.
24         If they believe that the answer is in a document,
25 they can tell us what page it is.  That is what I'm asking Your

276

## CERTIFICATE

I, ELIZABETH REID-GRIGSBY, a certified electronic transcriber, certify that the foregoing is a correct transcript, to the best of the transcriber's ability, from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ Elizabeth Reid-Grigsby       September 20, 2006
Elizabeth Reid-Grigsby
AAERT CET**00145