## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: April 6, 2007** |
| | ) | **Hearing Date: April 13, 2007 (Pittsburgh, PA)** |
| | ) | **Related Docket Nos.: 14929, 14991** |

### OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO DEBTORS' MOTION TO COMPEL COMPLIANCE WITH SUPPLEMENTAL ORDER REGARDING CONSULTING EXPERTS

The Official Committee of Asbestos Personal Injury Claimants ("ACC" or "Committee"), by and through its undersigned counsel, hereby submits this opposition to the "Motion to Compel Compliance with Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire," which the debtors-in-possession (collectively, "Grace") filed on March 21, 2007 ("Motion"). The grounds supporting this opposition are as follows.

### PRELIMINARY STATEMENT

From the beginning of this proceeding, Grace has sought an artificially low estimate of its asbestos liabilities by trying to disqualify – through procedural defaults and contrived "liability filters" – thousands, if not tens of thousands, of the type of asbestos personal injury claims it routinely settled prior to bankruptcy. Grace's Motion is merely its latest vehicle designed to disallow an entire universe of claims that would otherwise have value in the tort system. In particular, Grace's Motion asks "that the Court levy appropriate sanctions against the non-compliant law firms, up to and including allowing *adverse inferences* with respect to those law

{D0082401.1 }

firms' claims or *precluding such law firms' claims entirely*." Motion at 14 (emphasis added).[1] Regardless of the merits of the present discovery dispute between Grace and the claimants' law firms, Grace has no proper basis for seeking such "merits-oriented" sanctions for the following reasons:

*First*, claim "preclusion" (an apparent euphemism for "disallowance" or "dismissal") and adverse inferences as to individual claims are not appropriate sanctions in a proceeding where the Court will be estimating Grace's *aggregate* asbestos liability for plan confirmation purposes, as opposed to allowing or disallowing *any* individual claim.

*Second*, Grace is seeking sanctions under Fed. R. Civ. P. 37(b)(2), which authorizes sanctions only against non-compliant *parties* to a case. Although individual claimants filing a proof of claim may be parties to a bankruptcy case, they are not parties to this estimation proceeding, and Grace has never joined them as such.

*Third*, the requested sanctions are disproportional to the alleged harm here and are inconsistent with due process. Grace is essentially asking this Court to disallow *all* claims of any errant law firm, even if some or all of those claims have no nexus with the discovery violations that Grace claims to have taken place.

This Committee, as a statutory creditors' committee, does not represent individual claimants, and cannot bind them with respect to, or even address, issues unique to them. *See* In re Kensington Int'l Ltd., 368 F.3d 289, 315 (3d Cir. 2004); In re Levy, 54 B.R. 805, 807 (Bankr. S.D.N.Y. 1985). As a result, the Committee will not address the particular merits of the disputes

---

[1] Grace does not specify the particular "adverse inferences" it is asking the Court to draw. Nor does the Motion make clear whether Grace is asking the Court to impose these sanctions at the outset or only in the event the claimants' law firms fail to produce the privilege logs that Grace is seeking. In any event, whatever the "inferences" or particular timing for imposing sanctions, Grace's "merits-oriented" sanctions are improper for the reasons set forth herein.

existing between Grace and the plaintiffs' law firms over the consulting expert issue. The

Committee does, however, represent its creditor constituency as a whole, and in such capacity,

has an interest in the discovery sanctions that Grace wants to impose upon *all* claimants who are

represented by law firms involved in this discovery dispute. For all the reasons stated herein,

this Court should deny the sanctions sought by Grace.

## ARGUMENT

I.    **Discovery Sanctions in the Form of Adverse Inferences or Disallowance of Claims Are Not Proper in a Proceeding Where the Court Will Be Estimating Grace's Aggregate Liability for Plan Confirmation Purposes**

The Federal Rules do not authorize dismissal of a separate action for discovery violations

that occurred in a related action. *See* Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc., 146

F.3d 1071, 1073 (9th Cir. 1998). Yet that action is precisely what Grace is seeking here through

its sanctions Motion. This Court has repeatedly stated that the sole purpose of this estimation

proceeding is to determine Grace's *aggregate* liability for pending and future asbestos personal-

injury claims, and not to estimate such claims for purposes of individual allowance or

disallowance. *See, e.g.*, Hr'g Tr. of Sept. 25, 2006, at 166 ("This process is to help anybody's

expert [get] the information that they need to try to convince me of what the existing and future

asbestos personal injury claims will be, and how much it's going to cost to resolve them. That's

what this is for. And nothing else.") (excerpt attached as Exhibit 1); *see also id.* at 194 ("The

point was that this is for estimation purposes, not for allowance and disallowance purposes.").

Indeed, none of the asbestos claims will be allowed or disallowed in the bankruptcy case – they

will be channeled instead to a section 524(g) trust that will be established pursuant to a

confirmed plan of reorganization, and that trust will consider and resolve such claims post-

confirmation. Thus, it would be wholly improper if this Court were to draw adverse inferences

as to the merits of these claims, or to disallow them *in toto*, when their individual merits are not at issue here.[2]

Additionally, the jurisdictional basis on which Grace seeks these sanctions is flawed. Although a bankruptcy court has core jurisdiction to estimate "claims or interests for the purposes of confirming a plan under chapter 11," its core jurisdiction does *not* include "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution." 28 U.S.C. § 157(b)(2)(B).[3] No one can seriously dispute that claims disallowance as a discovery sanction is a liquidation of a claim (in the amount of "zero") for purposes of distribution. Since a bankruptcy court cannot render dispositive orders in the absence of core jurisdiction, it cannot dismiss or disallow personal injury and wrongful death claims for discovery violations. *See* In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155-56 (3d Cir. 1997) (holding that a court cannot dismiss claims for discovery violations when it lacks subject-matter jurisdiction).

True, a bankruptcy court may hear non-core proceedings that are otherwise related to a case under title 11; however, the bankruptcy court in such proceedings is required to "submit proposed findings of fact and conclusions of law to the district court," whereupon the district court will enter a final order or judgment after reviewing the matter *de novo*. *See* 28 U.S.C. § 157(c)(1). Thus, a bankruptcy court has no authority to disallow a personal injury or wrongful

---

[2] Further, this Court does not need to take any action here, because all the experts for the parties to this estimation will be free to treat issues of missing data in whatever manner they deem fit during the estimation trial and suggest whatever inferences they desire. Such issues and inferences can then be tested at trial through opposing testimony and cross-examination.

[3] *See also* 28 U.S.C. § 157(b)(2)(o) (bankruptcy court's core jurisdiction includes "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, *except personal injury tort or wrongful death claims*") (emphasis added).

death claim without such a decision being subject to a *de novo* review in the district court – a review that could include a whole new opportunity to present evidence and/or a reconsideration of any "preclusion" action.

II. **Only "Parties" May Be Sanctioned Under Rule 37(b)(2), and Individual Claimants and Their Lawyers Are Not Parties to This Aggregate Estimation Proceeding**

Grace invokes Fed. R. Civ. P. 37(b)(2) as the basis to impose discovery sanctions on the firms in question and on their clients. However, that rule applies only to the "parties" in an adversary proceeding or contested matter. The relevant part of Rule 37(b)(2) is worth quoting at length:

> If a ***party*** or an officer, director, or managing agent of a ***party*** or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a ***party*** fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a ***party*** fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient ***party*** to support or oppose designated claims or defenses, or prohibiting that ***party*** from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient ***party***.

Fed. R. Civ. P. 37(b)(2) (emphasis added). Just as they interpret statutes, courts must interpret the Federal Rules of Civil Procedure according to their plain meaning. *See, e.g.*, Bus. Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 540 (1991) ("We give the Federal Rules of Civil Procedure their plain meaning.") (quoting Pavelic & LeFlore v. Marvel Entm't Group, 493 U.S. 120, 123 (1989)).

Even though creditors who have filed proofs of claim may be parties to a bankruptcy case, they do not become parties to any particular adversary proceeding or contested matter unless and until they are made parties under the applicable rules. *See, e.g.*, Fed. R. Bankr. P. 7004 (service of process on persons to be made parties in an adversary proceeding); *id.* 7019 (joinder); *id.* 9014(b) (service upon persons to be made parties in a contested matter). The claimants to whom Grace has issued questionnaires are not parties to the estimation proceeding, but merely third-party discovery respondents. Grace has not joined any of the individual claimants or their attorneys as parties. Indeed, at a hearing on September 11, 2006, counsel for the Debtor specifically asked for a ruling from the Court that the Committee and only the Committee be the party that would be litigating the estimation on behalf of the present claimants:

> MR. BERNICK:    ... So we've been dealing with the ACC as the organization that's going to be litigating the estimation on behalf of these claimants. And I just want to make sure that when it comes to the estimation that we're not going to have a whole bunch of other law firms who are going to come in and say, well, gee, we'd like to participate in the estimation, too, because then it's just not workable. We ought to have - -
>
> THE COURT:    I believe that the estimation process, it belongs to the creditors' committee.
>
> MR. BERNICK:    Yes.

Hr'g Tr. of Sept. 11, 2006, at 262 (excerpt attached as Exhibit 2).

Nor would it make sense to add the individual claimants as parties to a proceeding in which estimation is sought in the aggregate. Grace is *not* seeking relief against any individual claimant, as would be the case, for example, if this were a proceeding to prohibit a claimant from voting or to disallow his claim. *See* 7 C.A. Wright *et al.*, Federal Practice & Procedure § 1683

("Of course, the party to be added must be a proper party *against whom relief is sought.*") (emphasis added) (citations omitted).[4]

### III.    III.    The Discovery Sanctions Sought by Grace Are Disproportionate to the Harm Alleged Here and Would Violate Due Process

Even if the parties to this proceeding were litigating the merits of individual claims directly with each claimant, claims disallowance would be an extreme and drastic sanction against a party for a discovery violation. *See, e.g.,* United States v. $8,221,877.16 in United States Currency, 330 F.3d 141, 161 (3d Cir. 2003) ("As we have often noted, the sanction of dismissal [for discovery violations] is disfavored absent the most egregious circumstances."). The U.S. Supreme Court has cautioned that due process considerations come into play when discovery sanctions going to the merits of claims are sought. *See* Société Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 209 (1958) ("The provisions of Rule 37 . . . must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law . . . ."). Grace is asking this Court to disallow the claims of *all* claimants represented by any errant law firm, regardless of whether or not those claimants have any connection with the consulting expert discovery at issue here. Grace has not established any nexus between (1) the consulting expert discovery it seeks and (2) *all* of the claims it would ask the Court to disallow, or draw adverse inferences against, if the plaintiffs' firms failed to produce some required discovery. The sanctions sought by Grace are overbroad and disproportionate because they would punish those who are not in default of any discovery obligations.

---

[4]    Even if Grace went to the trouble of naming and serving the questionnaire recipients as parties, each one would be entitled to move for dismissal on the ground of misjoinder, and the Court would be constrained to grant the motions since their individual rights are not properly at stake here, any more than the individual rights of the untold number of future claimants.

**CONCLUSION**

For the reasons stated above, the Committee respectfully requests that the Court (a) deny Grace's request for discovery sanctions consisting of adverse inferences and disallowance of claims, (b) strike such request from the Motion, and (c) grant to the Committee such other and further relief as this Court deems just and appropriate.

Dated:  April 6, 2007                    Respectfully submitted,

                                         **CAMPBELL & LEVINE, LLC**


                                         Marla R. Eskin (No. 2989)
                                         Mark T. Hurford (No. 3299)
                                         800 N. King Street, Suite 300
                                         Wilmington, DE 19801
                                         Telephone: (302) 426-1900
                                         Telefax: (302) 426-9947

                                           -- and --

                                         **CAPLIN & DRYSDALE, CHARTERED**

                                         Elihu Inselbuch
                                         375 Park Avenue, 35th Floor
                                         New York, NY  10152-3500
                                         Telephone: (212) 319-7125
                                         Telefax: (212) 644-6755

                                         Peter Van N. Lockwood
                                         Nathan D. Finch
                                         Walter B. Slocombe
                                         Jeffrey A. Liesemer
                                         One Thomas Circle, N.W.
                                         Washington, D.C. 20005
                                         Telephone: (202) 862-5000
                                         Telefax: (202) 429-3301

                                         *Counsel for the Official Committee*
                                         *of Asbestos Personal-Injury Claimants*