# EXHIBIT 1

```
                   UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE


IN RE:                            .   Case No. 01-1139(JKF)
                                  .   Chapter 11
W.R. GRACE, et al.,               .
                                  .   Bankruptcy Courtroom No. 2
                                  .   824 Market Street
                   Debtors.       .   Wilmington, Delaware 19801
                                  .
                                  .
                                  .   September 25, 2006
. . . . . . . . . . . . . . . . ..    2:03 P.M.


                   TRANSCRIPT OF OMNIBUS HEARING
               BEFORE HONORABLE JUDITH K. FITZGERALD
                   UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Debtors:              Kirkland & Ellis
                          By:  DAVID M. BERNICK, ESQ.
                               JANET BAER, ESQ.
                               SAMUEL BLATNICK, ESQ.
                               LISA G. ESAYIAN, ESQ.
                          200 East Randolph Drive
                          Chicago, Illinois 60601

                          Pachulski Stang Ziehl Young & Jones
                          By:  DAVID CARICKHOFF, JR., ESQ.
                          919 North Market Street, 16th Floor
                          Post Office Box 8705
                          Wilmington, Delaware 19899-8705



Audio Operator:           Brandon McCarthy


        Proceedings recorded by electronic sound recording,
           transcript produced by transcription service.
```

**TRANSCRIPTS PLUS**
435 Riverview Circle, New Hope, Pennsylvania 18938
e-mail courttranscripts@aol.com

215-862-1115   (FAX) 215-862-6639

1  haven't --

2         THE COURT: This process is to help anybody's expert
3  that the information that they need to try to convince me of
4  what the existing and future asbestos personal injury claims
5  will be, and how much it's going to cost to resolve them.
6  That's what this is for. And nothing else.

7         I can't say, and I'm sure the debtor can't at this
8  point in time, who and what they're going to file motions for
9  summary judgment about. That's not a proper request at this
10 point in time.

11        But the issue is if somebody checks other, yes, I
12 have lung cancer, but I don't know why and I don't have a
13 diagnosis, there is going to be a serious question as to
14 whether it's related to asbestos, isn't there?

15        MR. FINCH: No, not if --

16        THE COURT: Yes.

17        MR. FINCH: If they've been exposed --

18        THE COURT: Yes, there is.

19        MR. FINCH: If they have been exposed to asbestos and
20 they have lung cancer --

21        THE COURT: And they don't check anything that
22 indicates that they have exposed -- been exposed to asbestos
23 and they don't know why they have it, that claim is going to be
24 challenged by experts. How can they put it into a package
25 related to asbestos if there isn't any information related to

1       THE COURT: Well, it --

2       MR. BERNICK: I'll stipulate they'll collide.

3       THE COURT: All right, we're off this -- we are off
the subject. And I apologize. I don't know how I led us down
that path. We're off the subject.

        The point was that this is for estimation purposes,
not for allowance and disallowance purposes. So, I don't
expect to see something like I'm not going to tell you that my
client also worked for U.S.G. because it's work product. Un-
un't. If your client worked for U.S.G., that's a fact. So,
put it in there.

        MR. BERNICK: Your Honor, on the objections, counsel
pointed out -- just to get us back on track. Your Honor said
you want to know the objections within the 30-day
supplementation period.

        Counsel then responded, well, a lot of those -- a lot
of objections have already been made. And it is true that when
people submitted responses to our motion to compel, the kind of
global motion to compel, they stated a bunch of objections to
the questionnaire. And some of them, as like lawyers do, maybe
are obliged to do, is I object to this, this, and this and
this.

        Your Honor now has provided additional elucidation,
particularly with regard to the issue of relevance. And I
think that it's only fair if there are objections that Your