IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF ANDERSON MEMORIAL HOSPITAL
AND THE SPEIGHTS & RUNYAN CANADIAN CLAIMANTS' MOTION TO
STRIKE THE SUPPLEMENTAL DECLARATION OF GRAEME MEW OR
IN THE ALTERNATIVE, TO REQUIRE FURTHER EXAMINATION AND PERMIT
CLAIMANTS TO DESIGNATE AN ADDITIONAL EXPERT**

Anderson Memorial Hospital ("Anderson") and the Speights & Runyan Canadian Claimants respectfully submit this Memorandum in Support of its Motion to Strike the Declaration of Graeme Mew or in the Alternative, to Require Further Examination of Mr. Mew at Grace's expense and to allow for the Claimants to submit an additional expert witness to address the new matters raised in Mr. Mew's Supplemental Affidavit.

1. On October 13, 2006, this Court entered a Case Management Order for the adjudication of certain asbestos property damage claim objections. In that Case Management Order, the Court set specific deadlines for the disclosure of expert witnesses and the filing of expert reports. The Court further set deadlines for the filing of Motions for Summary Judgment.

2. On November 6, 2006, the Debtors identified a Canadian attorney, Mr. Graeme Mew, as an expert witness in the statute of limitations/product ID proceedings.

3. On December 21, 2006, the Debtors filed the expert report of Mr. Mew. In Mr. Mew's expert report, he opined about various limitation provisions in Canadian provinces, including provisions which had never been raised by the Debtors in their Fifteenth Omnibus Objection. (See

Anderson Memorial Hospital's Response to the Debtors' Motion for Summary Judgment on the Statute of Limitations for 88 Canadian Claims filed on March 19, 2007, Docket No. 14898, pages 3-4).

4. Despite the dubious nature of "an expert on the law,"[1] nevertheless, Anderson and the Canadian Claimants agreed to take the deposition of Mr. Mew to explore the opinions set forth in his report. The deposition was accomplished on March 15, 2007.

5. On March 23, 2007, the Debtors filed a Reply Memorandum in Support of its Motion for Summary Judgment based on the statute of limitations on 88 Canadian claims (Docket No.14965). Attached to its response was a Supplemental Affidavit from Mr. Mew which purported to render opinions regarding the effects of class action tolling to the Canadian claims. The matters raised in Mr. Mew's Supplemental Affidavit were neither disclosed in his original expert report nor addressed by Mr. Mew in his deposition. Accordingly, Anderson and the Canadian claimants are now faced with the prospect of responding to the Debtors' Motion for Summary Judgment based in part upon the new matters raised in the Mew Affidavit. These claimants have not had the opportunity to examine Mr. Mew on these matters, and are placed at a serious disadvantage in addressing these issues which are scheduled to be argued on April 9, 2007.

6. For these reasons, Anderson and the Canadian Claimants respectfully submit that the

---

[1] See Specht v. Jenson, 853 F.2d 805 (10th Cir. 1988) ("When the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed."); See also, U.S.v. Zipkin, 729 F.2nd 384, 387 (6th Cir. 1984) (holding that testimony consisting of legal opinions on the applicable principles of law in a case is inadmissible.).

Supplemental Declaration of Mr. Mew should be stricken. Alternatively, the Claimants should be allowed to reconvene the deposition of Mr. Mew to explore his new opinions and should be given time to submit their own expert opinions in rebuttal of Mr. Mew, if they deem it necessary. Additionally, if the Court grants the alternative relief requiring additional deposition of Mr. Mew, this deposition should take place at the expense of the Debtors which tardy disclosure has created this problem.

## CONCLUSION

For these reasons, the Anderson and Canadian Claimants respectfully request that the Court enter an Order striking the Supplemental Declaration of Mr. Mew or granting the alternative relief requested herein.

Dated: April 6, 2007
Wilmington, Delaware

LOIZIDES, P.A.
  /s/ Christopher D. Loizides
Christopher D. Loizides (#3968)
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed ID No. 6101)
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599
