IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **[Proposed] Hearing Date: May 2, 2007 at 2:00 p.m.** |
| | | **[Proposed] Objection Deadline: April 17, 2007 at 4:00 p.m** |

## DEBTORS' EMERGENCY MOTION FOR AN ORDER CONCERNING THE AMENDMENT OR SUPPLEMENTATION OF ASBESTOS PD CLAIMS

Despite the bankruptcy code's requirement that a party seeking to amend a proof of claim *first* obtain leave from the Court, certain claimants have *sua sponte* submitted post Bar Date amendments and supplements to their previously filed Asbestos PD Claims. Many of these purported amendments have come extremely late, *i.e.* within the past several months and as recently as February 16 and 20, 2007.

Such amendments prejudice Debtors, other claimants, and the general judicial administration of these proceedings by changing the fundamental nature of certain claimants' assertions. These concerns are particularly acute at this stage -- over four years after the Bar Date -- at a point when (i) the deadlines for filing dispositive motions with respect to the issues of product identification, statute of limitations, hazard, and Libby claims have passed, and (ii) parties are on the eve of oral argument on these motions. Therefore, in the interest of fairness and efficient judicial administration, the Debtors ask the Court to enter an order: (i) enjoining parties from amending or supplementing their claims with respect to any issue relating in any way to Debtors' objections based upon product identification, claims brought too late, Libby claims and/or claims with no proof of hazard; and (ii) with respect to amendments or

supplementation for any other purpose, requiring claimants to obtain leave from the Court *prior* to submitting any such amendments and/or supplements.[1]

## Facts and Background

1.      On June 27, 2001, the Debtors filed their motion for a bar date order.  (Dkt. No. 586)  The Asbestos PD official committee and other parties objected.  (Dkt. Nos. 671, 672, 674, 900, 904)  Over the course of the next year, the parties worked to develop a notice program and claim form that was acceptable to interested parties.

2.      On, April 22, 2002, the Court entered the Bar date order, which approved the Asbestos Property Damage Proof of Claim Form, set March 31, 2003 as last day for submitting Asbestos PD Claims, and approved the Debtors notice program. (Dkt. No. 1960)

3.      The Court-approved Asbestos Property Damage Proof of Claim Form required claimants to sign and date their claim under penalty of perjury (Part 5: Signature Page) and specifically directed claimants: "Be <u>accurate</u> and <u>truthful</u>.  A Proof of Claim Form is an official court document that may be used  as evidence in any legal proceeding regarding your claim.  The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both.  18 U.S.C. §§ 152 & 3571."  (General Instructions to Asbestos PD Claim Form) (emphasis in original)  The claim form further directed claimants to attach "all documents relating or referring to" any of the following items: (i) the presence of asbestos in the subject property (Q. 18, 36), (ii) any efforts to remove, contains and/or abate the asbestos (Q. 22, 38), and (iii) any testing or sampling for asbestos on the subject property (Q. 42).

---

[1] Debtors do not concede that any prior amendments or supplements were appropriate; the Debtors reserve their rights to contest those amendments and supplements at a later time.

2

4.      On September 1, 2005, Debtors filed their Fifteenth Omnibus Objection (Substantive) to Asbestos PD Claims (Dkt. No. 9315). In their Fifteenth Omnibus Objection, Debtors asserted substantive objections to the more than four thousand then-pending Asbestos PD Claims. Those objections included: (i) claims failing to provide proof of product identification (Objection Categories C-3(a) through (f)), (ii) claims barred by statute of limitations or that were otherwise brought too late (Objection Categories D-1 through D-6), (iii) claims providing no proof of hazard (Objection Categories E-1 through E-4), and (iv) claims filed on account of properties in the Libby, area that are being inspected and (if necessary) remediated by the United States Environmental Protection Agency at no cost to claimants (Objection Category G-2).

5.      On October 13, 2006, the Court entered its *Amended Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims* (the "CMO") [Dkt. No.13406], which set deadlines for the litigation of pending Asbestos PD Claims. In particular,

- for the adjudication of property identification, limitations periods, and the Libby issues, the CMO set: (i) February 16, 2007 as the deadline for filing motions for summary judgment, (ii) March 5, 2007 as the "conclusion of all discovery," (iii) April 9, 2007 as the date for argument on summary judgment motions, and (iv) April 23-25, 2007 as the dates for trial on these issues; and

- for the hazard issues described in Debtors' Fifteenth Omnibus Objection, the CMO set: (i) March 20, 2007 as the deadline for filing motions for summary judgment, (ii) April 5, 2007 as the "conclusion of all discovery," and (iii) May 30-31, 2007 as the date for trial on the lack of hazard issues.

3

6.     Despite the fact that the deadline for summary judgment motions has passed and discovery with respect to the aforementioned issues has closed, certain PD claimants continue to *sua sponte* supplement and amend their claims.  The most recent purported amendments were submitted on February 16, 2007 and February 20, 2007.

7.     Many of these purported amendments appear to be motivated by case strategy, rather than excusable neglect that could otherwise justify untimely amendment.  In any event, such amendments make it impossible for the Debtors and other interested parties to ascertain claimants' positions with respect to their claims for purposes of litigating the claims, and, therefore, contravenes the very purpose of the Bar Date.

### Relief Requested

8.     The Debtors request an order pursuant to 11 U.S.C. §105(a), 11 U.S.C. §502, and Federal Rule of Bankruptcy Procedure 7015: (i) enjoining Asbestos PD Claimants (or their counsel) from amending or supplementing Asbestos PD Claim Forms (and/or the related supporting-documentation) in any way that is related to or has any bearing on adjudication of property identification, limitations periods, hazard and/or the Libby issues (collectively, the "Closed Issues"); and (ii) with respect to amendments or supplementation for any other purpose, requiring claimants to *first* obtain leave from the Court *prior* to submitting any such amendments and/or supplements (a proposed order is attached hereto).

4

**Legal Argument**

(a)    **Claimants Have Disregarded the Bankruptcy Code's Requirement that Parties Obtain Court Approval *Before* Amending Claims.**

9.      The Bankruptcy Code requires a party that wishes to amend an otherwise timely claim form to *first* obtain authorization from the Court.  As explained in *In re Xpedior Inc.,* 325 B.R. 392, 397 (Bankr. N.D. Ill. 2005), amendments to bankruptcy proofs of claim are governed by Federal Rule of Bankruptcy Procedure 7015(a)[2], which states that, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party…"  Thus, claimants in this chapter 11 are required to obtain approval from the Court *before* amending or supplementing their claims.  *Id.*

10.     To date, claimants have failed to request any such authorization.  Moreover, claimants' ongoing supplementation and amendments (which has occurred as recently as February 20, 2007) suggests that claimants may intend to continue amending their claims throughout the course of the PD litigation and estimation proceedings.  Such amendments unfairly prejudice Debtors and other interested parties by forcing them to "aim at a moving target" during the course of this litigation.

(b)    **Late Amendment to a Claim is <u>Not</u> Allowed Where Debtors Would Be Prejudiced <u>or</u> Where Claimant's Amendment is the Product of Bad Faith or Dilatory Tactics.**

The Court has discretion whether to allow post-bar date amendments to an otherwise timely proof of claim.  In considering whether to allow amendment, courts in this Circuit have

---

[2] Federal Rule of Bankruptcy Procedure 7015 is made applicable, because (i) Fed.R.Bankr.P. 9014(c) states that F.R.B.P. 7015 is applicable in "contested matters"; and (ii) objecting to a proof of claim - as Grace did to every Asbestos PD Claim in the 15th Omnibus Objection - "'creates a dispute which is a contested matter' within the meaning of Bankruptcy Rule 9014 …"  *In re Los Gatos Lodge, Inc.,* 278 F.3d 890, 894 (9th Cir. 2002).

adopted an equitable test, which is based on the broad equitable powers of this Court. *In re Brown*, 159 B.R. 710, 715-16 (Bankr. D.N.J.1993). In applying this test, courts generally consider the following factors:

- whether the debtors and creditors relied on the earlier proofs of claim or had reason to know that subsequent proofs of claim would be filed;

- whether other creditors would receive a windfall if the court refused to allow the amendment;

- whether the creditor intentionally or negligently delayed in filing the proof of claim;

- the justification for the failure of the creditor to seek an extension of the bar date; and

- whether equity requires consideration of other facts and circumstances.

*Id., citing In re Candy Braz. Inc.*, 98 B.R. 375, 381 (Bankr. N.D. Ill. 1988). As the court noted in *Brown,* these issues, "ultimately focus on prejudice, delay and bad faith." *In re Brown*, 159 B.R at 716; *citing In re Hanscom Retail Foods, Inc.*, 96 B.R. 33, 36 n.5 (Bankr. E.D. Pa. 1988).

Besides prejudice to the Debtors and other interested parties, applying this test also consider any "prejudice to judicial administration." *Brown*, 159 B.R. at 716, *citing In re Black & Geddes*, 58 B.R. 547, 553 (S.D.N.Y. 1983). Such prejudice exists when the claimants' delay is "extreme" or the case is at an "advanced stage [such] that amendment would materially delay organization." *Brown*, 159 B.R. at 716, *citing In re Garner,* 113 B.R. 352, 357 (Bankr. N.D. Ohio 1990). The *Brown* court described the purpose of this policy:

The claims filing procedure with its bar date is designed to enable the [chapter 11 debtor] to ascertain the extent of the claims against the estate. In approving claims and distributions, trustees and judges should not feel hindered by nagging suspicions that latent claims could materialize at any time prior to a final pro rata distribution.... Certainty and finality are legitimate goals of the bankruptcy court and the trustee. (*Id.*)

6

**(c)     Amendment at this Late Stage is Improper Because it Prejudices the Debtors, other Interested Parties, and the Judicial Process.**

The well-established principles set forth by the *Brown* Court apply here.  Amendment at this late stage implicate, "prejudice, delay and bad faith."  *In re Brown*,  159 B.R at 716; *citing In re Hanscom Retail Foods, Inc.*, 96 B.R. 33, 36 n.5 (Bankr. E.D. Pa. 1988).

*First,* it has been over four years since the Bar Date passed and, therefore, any party seeking to change its claim has delayed for a substantial period of time that, a minimum, should be explained by claimant *before* filing any such amendment.  As counsel for the Asbestos Property Damage Committee represented to the Court that, "[t]he time has come and gone under the procedures with respect to the 15th omnibus objection for people to respond.  I believe that's right."  (7/24/06 Hrg. Tr. at p. 176, lns. 23-25)

*Second*, amendment at this late stage necessarily undermines "certainty" and "finality" and results in prejudice to both the affected parties *and* the judicial process.  This prejudice is particularly acute, given that the deadlines for filing motions for summary judgment have lapsed, and discovery is done and closed with respect to the Closed Issues.  In fact, arguments will be held on summary judgment motions for these issues in only three days (April 9, 2007), and the trials for any PD claims that remain are set for late April and May 2007.  Therefore, parties are right dab in the middle of litigating the Closed Issues.  Any further amendments affecting these issues would unfairly prejudice Debtors.

*Third*, there is no apparent legitimate reason for claimants to amend their claims.  Instead, allowing amendments and supplementation at this stage opens the door for claimants to engage in bad faith by amending their claims for the sole purpose of serving their specific strategic desires at each stage in the process.  Courts have expressly determined that amendment in such situations should be prohibited.  *See In re McLean Industries, Inc.*, 121 B.R. 704, 709-09 (Bankr.

7

S.D.N.Y. 1990) (claims amendment must not be the product of bad faith or dilatory tactics on the part of the claimant).

## **Conclusion**

Amending Asbestos PD Claims at this stage in this Chapter 11 unnecessarily prejudices Debtors and other interested parties. The Debtors and other interested parties have relied on the claims forms in deciding how to address these claims, in filing substantive motions with respect to the claims, and in formulating their arguments thereto. Any further amendments on the Closed Issues on the eve (or during) trial would necessitate last-minute change and wasted estate resources. This point is vividly illustrated by the recent amendments, which were filed on and after the deadline for parties to file summary judgment motions. Therefore, an order enjoining further amendment or supplementation relating to the Closed Issues is fair and appropriate at this stage in this Chapter 11. Similarly, the Bankruptcy Code provides that claimants must obtain leave before amending their claims. Thus, debtors request for an order requiring parties to seek leave before filing amendments to their claims is necessary and proper in light of certain claimants' decisions to disregard that rule.

8

Dated:  April 6, 2007

REED SMITH LLP
James J. Restivo, Jr. (Bar No. 10113)
Lawrence E. Flatley (Bar No. 21871)
Douglas E. Cameron (Bar No. 41644)
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel L. Blatnick
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

By:  _____
Co-Counsel for the Debtors and
Debtors in Possession