# EXHIBIT A

Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF DOUGLAS T. TABACHNIK
37 Greenleaf Drive
Manalapan, New Jersey 07726-3705
(732) 792-2760

and

Sander L. Esserman (SE 0356)
Cliff I. Taylor (CT 4711)
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900
Attorneys for Appellants, the Asbestos Personal Injury Plaintiffs[1]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE JOHNS-MANVILLE CORP., et al., <br><br> Debtors. | No. 04-civ-8001 (JGK) <br> (Lead Case) |

**THE ASBESTOS PERSONAL INJURY PLAINTIFFS'**
**OBJECTION TO TRAVELERS' MOTION FOR A ONE-DAY**
**RETROACTIVE ENLARGEMENT OF THE TIME PERIOD**
**SET OUT IN FEDERAL RULE OF APPELLATE PROCEDURE 4(A)**

---

[1] The Asbestos Personal Injury Plaintiffs are six asbestos personal injury claimants, Shirley Melvin for the Estate of Joyce Myers, Pearlie Bailey for the Estate of James Bailey, Lee Fletcher Anthony, General Lee Cole, each a creditor of Debtors, and Robert Alvin Griffin and Vernon Warnell, who have claims against the Debtors that they have not yet submitted. Ms. Melvin, Ms. Bailey and Mr. Warnell are clients of the law firm of Provost Umphrey, which represents approximately 10,000 other Manville claimants who are also affected by the Travelers Common Law Direct Action Settlement Agreement. Mr. Anthony, Mr. Cole and Mr. Griffin are clients of Reaud, Morgan & Quinn and Environmental Litigation Group, P.C., which jointly represent 8,300 Manville claimants who are also affected by the Travelers Common Law Direct Action Settlement Agreement.

Shirley Melvin for the Estate of Joyce Myers, Pearlie Bailey for the Estate of James Bailey, Lee Fletcher Anthony, General Lee Cole, Robert Alvin Griffin and Vernon Warnell (collectively, the "Asbestos Personal Injury Plaintiffs"), by their attorneys, Douglas T. Tabachnik, Esq. and Stutzman, Bromberg, Esserman & Plifka, P.C., by Sander L. Esserman, Esq., hereby object to the Motion for a One-Day Retroactive Enlargement of the Time Period Set Out in Federal Rule of Appellate Procedure 4(a), filed by Travelers Indemnity Company and Travelers Casualty and Surety Company (hereinafter collectively referred to as "Travelers") and show this Court as follows:

## INTRODUCTION

On March 28, 2006, this Court entered a final order (the "Order") in this case, affirming in part and vacating in part the August 17, 2004, Order Approving Settlement of the Statutory, Hawaii and Common Law Direct Actions and Clarifying Confirmation Order, Including Insurance Settlement Order and Channeling Injunction of the bankruptcy court for the Southern District of New York. The Court entered judgment (the "Judgment") in this case on March 31, 2006.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), parties wishing to have the Order and Judgment reviewed by the Second Circuit Court of Appeals had 30 days from entry of the Order and Judgment to file a notice of appeal. FED. R. APP. P. 4(a)(1)(A).[2] The first parties to appeal the Order and Judgment—the ranks of which included the Asbestos Personal Injury

---

[2] Rule 4(a)(1)(A) provides that:

> (A) In a civil case, except as provided in Rules of 4(a)(1)(B), 4(a)(4) and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

FED. R. APP. P. 4(a)(1)(A). Rule 4 governs Traveler's attempt to appeal this Court's Order and Judgment by virtue of Federal Rule of Appellate Procedure 6(b). FED. R. APP. P. 6(b).

2

Plaintiffs—timely filed their respective notices of appeal on April 26, 2006. Pursuant to Federal Rule of Appellate Procedure 4(a)(3), the filing of the April 26th notices of appeal by the Asbestos Personal Injury Plaintiffs and others extended the deadline for Travelers to file a notice of appeal to May 10, 2006. More specifically, Rule 4(a)(3) provides as follows:

> (3) Multiple Appeals. If one party timely files a notice of appeal, any other party may file a notice of appeal within *14 days after the date when the first notice was filed*, or within the time otherwise prescribed by this Rule 4(a), which ever period ends later.

FED. R. APP. P. 4(a)(3) (emphasis added).

Travelers did not file a notice of appeal until May 11, 2006. Travelers concedes that it failed to timely file a notice of appeal, but offers this Court no legitimate excuse for its failure. Instead, it laments that it simply miscalculated the deadline for filing its notice.

Now, Travelers inappropriately asks this Court to retroactively extend the deadline imposed by Rule 4(a)(3) and allow its untimely notice of appeal, asserting in a most misleading manner that its failure to timely file a notice was due to "excusable neglect." As shown below, Travelers' request for an extension is wholly inappropriate and ignores abundant Second Circuit precedent holding that failure to properly follow the clear dictates of Rule 4(a) does not constitute excusable neglect.

## OBJECTION

**A.     Because the deadlines provided in Federal Rule of Appellate Procedure 4(a) are mandatory and jurisdictional, they are not lightly dispensed with**

> *1.     A court's ability to extend the deadlines provided in Rule 4(a) is "severely circumscribed"*

"Compliance with Rule 4(a) is 'mandatory and jurisdictional.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 (2d Cir. 2003) (quoting in part *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 55 (2d Cir 1997)). If no notice of appeal is filed before the

3

applicable deadline provided by Rule 4(a), the appellate court lacks jurisdiction to hear the appeal. *Id.*

Although Federal Rule of Appellate Procedure 4(a)(5) allows federal courts to extend the deadlines imposed by Rule 4(a) under very limited circumstances, this power is "severely circumscribed." *Endicott*, 116 F.3d at 56 (stating that "the power of the federal courts to extend this time limitation is severely circumscribed"); *Bortugno v. Metro-North Commuter R.R.*, 905 F.2d 674, 676 (2d Cir. 1990) (recognizing that a motion for extension under Rule 4(a)(5) "is committed to the district court's sound, albeit reviewable, discretion, but the framework within which that discretion is properly exercisable is severely circumscribed"). Specifically, Rule 4(a)(5) provides that:

> The district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows ***excusable neglect*** or ***good cause***.[3]

Fed. R. App. P. 4(a)(5) (emphasis added). Here, Travelers improperly attempts to portray its failure to timely file a notice of appeal as "excusable neglect."

The United States Supreme Court has enunciated four factors that a court must consider when ruling on a claim of "excusable neglect":

(1)  the danger of prejudice to the non-movant;

(2)  the length of delay and its potential impact on judicial proceedings;

---

[3] "Excusable neglect" and "good cause" are distinctly different standards. Advisory Committee Notes to FED. R. APP. P. 4, Subdivision (a)(5)(A)(ii), 2002 Amendments. "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applied in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Id.*

(3)  the reason for the delay, including whether it was within the reasonable control of the movant; and

(4)  whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Associated Ltd. P'ship*, 507 U.S. 380, 398, 113 S.Ct. 1489, 1499 (1993); *see also Silivanch*, 333 F.3d at 366 (applying the *Pioneer* test in the Rule 4(a)(5) context and recognizing that "*Pioneer's* 'more liberal' definition of excusable neglect is applicable beyond the bankruptcy context where it arose"). Of these four factors, the third is the most important. *See Weinstock v. Cleary, Gottlieb, Steen, & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994) (applying *Pioneer* test in the Rule 4(a)(5) context); *Jin v. Metro. Life Ins. Co.*, Case No. 95 Civ. 4427, 2003 WL 21436211 at *3 (S.D.N.Y. 2003) (applying *Pioneer* test in the Rule 4(a)(5) context and recognizing that "[t]he third *Pioneer* factor is often the most important"). As the Eighth Circuit has recognized when addressing a claim of excusable neglect under Rule 4(a)(5): "[t]he four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *See Jin*, Case No. 95 Civ. 4427, 2003 WL 21436211 at *3 (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir.), *cert denied*, 531 U.S. 929, 121 S.Ct. 309 (2000)).

> 2.  *Excusable neglect under Rule 4(a)(5) simply does not exist where an untimely notice of appeal is due solely to counsel's failure to carefully read and apply Rule 4(a)(1)*

The Second Circuit has expressly noted that "equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule'" and where a deadline is unambiguous, "we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.'" *Silivanch*, 333 F.3d at 366-67 (quoting in part *Canfield v. Van Atta Buick/GMC Truck Inc.*, 127 F.3d 248, 249-50 (2d Cir. 1997) (per curiam), *cert. denied*, 522 U.S. 1117 (1998)). Thus, a finding of excusable neglect "may not be based on common oversight or

administrative failure by the would-be [appellant or] appellant's counsel." *650 Park Ave. Corp. v McRae*, 836 F.2d 764, 767 (2d Cir. 1988).

For example, in *United States v. Hooper (Hooper II)*, the Second Circuit affirmed the denial of an extension where failure to timely file a notice of appeal was due to a legal assistant's confusion between the length of time after judgment in which a notice of criminal appeal must be filed and the length of time after judgment in which a civil appeal must be filed. 43 F.3d 26, 28-29 (2d Cir. 1994) (per curiam); *see also, Silivanch*, 333 F.3d at 369 (acknowledging *Hooper II* as valid precedent in a civil case despite its being a criminal matter). In *Hooper II*, the Second Circuit clearly stated:

> [a]s this Court has explained numerous times: The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules . . . . Counsel's lack of familiarity with federal procedure is not an acceptable excuse.

*Hooper II*, 43 F.3d at 29 (quoting *Weinstock*, 16 F.3d at 503). Similarly, in *Silivanch*, the Second Circuit held that no excusable neglect existed where counsel's determination of the wrong date by which he had to file a notice of appeal was in sole reliance on a remark by counsel for another party during a scheduling conference for another appeal. *Silivanch*, 333 F.3d at 371. The Second Circuit explained:

> [w]e find no justification for treating this case differently from *Hooper II* . . . simply because in that case a legal assistant mistakenly thought that the rule called for a thirty rather than a ten-day limitation, whereas here, counsel knew there was a thirty-day limitation, but neglected to consult a calendar to determine when it expired.

*Id.* at 369.

Other jurisdictions follow the Second Circuit's approach. For example, in *Lowry*, the Eighth Circuit refused to find excusable neglect, where counsel simply miscalculated the time for filing. *Lowry*, 211 F.3d at 463-64. In *Lowry*, the would-be appellant asserted that excusable

6

neglect existed because "counsel calculated incorrectly the thirty (30) days, believing that the thirty (30) days did not count the original June 24, 1998 and that thirty (30) days would fall on Saturday July 25, 1998" and because of "counsel's miscalculation of the time due to the weekend time and the calculations thereto." *Id.* at 463 (quoting the movant's motion). In finding that no excusable neglect existed, the *Lowry* court concluded that counsel's miscalculation constituted "garden-variety attorney inattention" and reasoned that "[i]f we were to apply the excusable neglect standard to require that we deem Lowery's neglect excusable in this case, it is hard to fathom the kind of neglect that we would not deem excusable." *Id.* at 464.

In that same vein, the Eleventh Circuit has held that "as a matter of law . . . an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." *Advanced Estimating Sys., Inc. v. Riney,* 130 F.3d 996, 998 (11th Cir. 1997). In *Advanced Estimating,* counsel mistakenly believed that the period for filing a notice of appeal had been tolled until the district court disposed of his post-trial motions. The Eleventh Circuit explained that:

> Soon after *Pioneer,* it was established in this circuit that attorney error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline. And, no circuit that has considered the issue after *Pioneer* has held that an attorney's failure to grasp the relevant procedural law is "excusable neglect."

*Id.* (internal citations omitted).

Similarly, in *Worthy v. Gen. Longshoremen's Workers Int'l,* the would-be appellant's notice of appeal was one day late because counsel erroneously excluded legal holidays when computing the 30-day period. 2003 WL 260520 at *2 (E.D. La., 2003). The district court for the Eastern District of Louisiana ruled that counsel's error was "a garden variety mistake," and denied the motion for extension. *Id.*

Also, in *Villa v. Village of Elmore*, the notice of appeal was filed one day late. The district court for the Northern District of Ohio denied a motion for a retroactive extension where counsel miscalculated the deadline for filing and opined that: "[m]iscalculation of the time period does not rise . . . to the standard of excusable neglect." *Villa v. Village of Elmore*, 252 F.Supp.2d 492, 494 (N.D. Ohio 2003).

### B.  Travelers has failed to establish that its failure to file a timely notice of appeal was due to excusable neglect

Travelers' only excuse for not timely filing its notice of appeal is that it "inadvertently calendared the first notice of appeal as filed on the date it was received in counsel's office . . . rather than the date it was actually entered on the docket" (Travelers' Motion at 2). Without providing any precedent supporting the proposition, Travelers cavalierly asserts that "the very purpose of permitting brief extensions of time on account of 'excusable neglect' is to allow for oversights by moving parties" (Travelers' Motion at 4). Nothing could be further from the truth. In fact, the Second Circuit has clearly stated that Rule 4(a)(5) is unequivocally *not* meant to allow for oversights of the nature committed by Travelers. Travelers' failure to address the overwhelming authority—both in this Circuit and other circuits—that directly contradicts its position boarders on bad faith.

As the Second Circuit has recognized, the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules. Rule 4(a)(3) clearly states that once a party has filed a timely notice of appeal, other parties wishing to file their notice of appeal have "14 days after the date when the first notice was *filed*" to do so. Travelers' oversight is nothing more than "garden-variety attorney inattention." The courts in this Circuit have already held that such attorney inattention does not constitute excusable neglect and cannot be the basis for an extension under Rule 4(a)(5).

8

WHEREFORE, the Asbestos Personal Injury Plaintiffs respectfully request that the Court (1) deny Travelers' Motion for a One-Day Retroactive Enlargement of the Time Period Set Out in Federal Rule of Appellate Procedure 4(a) and (2) award the Asbestos Personal Injury Plaintiffs such additional and further relief to which this Court seems just and proper.

Dated: May 18, 2006

/s/ Douglas T. Tabachnik
Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK
37 Greenleaf Drive
Manalapan, New Jersey 07726-3705
(732) 792-2760

and

Sander L. Esserman (SE 0356)
Cliff I. Taylor (CT 4711)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900

**ATTORNEYS FOR APPELLANTS, THE ASBESTOS PERSONAL INJURY PLAINTIFFS**
Shirley Melvin for the Estate of Joyce Myers,
Pearlie Bailey for the Estate of James Bailey,
Lee Fletcher Anthony
General Lee Cole
Robert Alvin Griffin
Vernon Warnell