IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

STATE OF NEW YORK    )
                     )   ss:
COUNTY OF NEW YORK   )

## TWENTY-FIRST SUPPLEMENTAL AFFIDAVIT OF DISINTERESTEDNESS UNDER 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014

Theodore L. Freedman, being duly sworn, deposes and says:

1.  I am a partner in the firm of Kirkland & Ellis LLP ("K&E"), Citigroup Center, 153 East 53rd Street, New York, New York 10022. I am authorized to make this affidavit on K&E's behalf.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et. seq. ("Chapter 11").

3. On April 2, 2001, K&E filed an application to be retained as Debtors' counsel in the Cases (the "Application"). By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Cases and all related matters. K&E has filed the following affidavits in support of the Application:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession, filed April 2, 2001 (the "Original Affidavit");

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 17, 2001 (the "First Supplement");

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 2, 2001 (the "Second Supplement");

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 25, 2001 (the "Third Supplement");

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed September 13, 2001 (the "Fourth Supplement");

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 24, 2001 (the "Fifth Supplement");

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed November 13, 2001 (the "Sixth Supplement");

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 11, 2002 (the "Seventh Supplement");

- Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 23, 2002 (the "Eighth Supplement");

- Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 19, 2002 (the "Ninth Supplement");

- Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr P. 2014, filed September 18, 2002 (the "Tenth Supplement");

- Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed March 11, 2003 (the "Eleventh Supplement");

- Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed September 20, 2004, and the Amendment to the Twelfth Supplement, filed December 2, 2004, (the "Twelfth Supplement");

- Thirteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed February 10, 2005 (the "Thirteenth Supplement");

- Fourteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 14, 2005 (the "Fourteenth Supplement");

- Fifteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed December 12, 2005 (the "Fifteenth Supplement";

- Sixteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed March 20, 2006 (the "Sixteenth Supplement";

- Seventeenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 17, 2006 (the "Seventeenth Supplement";

- Eighteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 22, 2006 (the "Eighteenth Supplement";

- Nineteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 23, 2006 (the "Nineteenth Supplement"); and

- Twentieth Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 23, 2006 (the "Twentieth Supplement", and, together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement, the Sixth Supplement, the Seventh Supplement, the Eighth Supplement, the Ninth Supplement, the Tenth Supplement, the Eleventh Supplement, the Twelfth Supplement and Amendment to Twelfth Supplement, the Thirteenth Supplement, the Fourteenth Supplement, the Fifteenth Supplement, the Sixteenth Supplement, the Seventeenth Supplement, the Eighteenth Supplement, and the Nineteenth Supplement, the "Prior Affidavits").

4. I submit this Twenty-First Supplemental Affidavit (the "Twenty-First Supplement") to provide additional disclosure required under Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). Unless otherwise stated in this Twenty-First Supplement, I have personal knowledge of the facts set forth herein.

5. None of the additional representations described herein are materially adverse to the interests of the Debtors' estates.

6. As stated in the Prior Affidavits, K&E continues to learn of parties who have or may have had relationships to the Debtors. Thereafter, as is reasonably practicable, K&E will file additional supplemental affidavits as required by Fed. R. Bankr. P. 2014(a).

### Additional Disclosures

7. Additional parties with respect to which K&E has run conflicts searches are listed on **Exhibit A** to this Twenty-First Supplement.

K&E 11440002.6

8. Listed on **Exhibit B**[2] are the results of K&E's conflicts searches of the entities listed on **Exhibit A**.

9. In addition, **Exhibit B** includes updated search results of parties that were previously searched.

10. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither K&E nor any partner, of counsel or associate thereof have any connection with the Debtors, their creditors or any other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States Trustee, except as disclosed or otherwise described below, in the Prior Affidavits or in the Application.

## Specific Disclosures

11. As disclosed below and in the attached exhibits, K&E represents certain of the Debtors' creditors, equity security holders and/or other parties in interest in matters unrelated to the Debtors and the Cases. None of the representations described herein are materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders thereof.

12. As disclosed below and on **Exhibit B**, K&E represents certain members of the Ad Hoc Committee of Equity Security Holders and the Debtors' customers in matters unrelated to the Debtors and the Cases. None of the representations described herein or in **Exhibit B** are materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders thereof.

---

[2] On **Exhibit B**, the term "current client" means a client to whom time was posted in the 12 months before the Petition Date. On **Exhibit B**, the term "former client" means a client for whom time was posted between 36 and 12 months before the Petition Date. On **Exhibit B**, the term "closed client" means a client for whom time was posted in the 36 months before the Petition Date, but the client representation has been closed. As a general matter, K&E discloses connections with former clients or closed clients for whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the Petition Date.

K&E 11440002.6

13. As disclosed on **Exhibit B**, K&E currently represents the parent company of Boise Cascade, Madison Dearborn Partners. Boise Cascade is a customer of the Debtors. K&E's representation of Madison Dearborn Partners concerns matters unrelated to the Debtors and the Cases.

14. As disclosed on **Exhibit B**, K&E represents Ball Corp. (though the representation is currently closed). Ball Corp. is a customer of the Debtors. K&E's representation of Ball Corp. concerns matters unrelated to the Debtors and the Cases.

15. As disclosed on **Exhibit B**, K&E represents affiliates of Silver Point Capital, L.P.. Silver Point Capital, L.P. is a member of the Ad Hoc Committee of Equity Security Holders in the Cases. K&E's representation of affiliates of Silver Point Capital, L.P. concern matters unrelated to the Debtors and the Cases.

### Disclosure of K&E Employee Connections

16. Jacob P. Sheehan, a corporate associate, started working in K&E's Chicago office on October 16, 2006. Before joining K&E, Mr. Sheehan worked both as a summer associate (from May 2003 to August 2003), and then an associate (from September 2004 to September 2006), at Mayer, Brown, Rowe & Maw LLP and worked on that firm's representation of Bank of America in the Bank's sale of asset-backed securities in a transaction unrelated to the Debtors or the Cases. Bank of America, N.A. is a DIP lender in the Cases, and its parent, Bank of America Corporation, as well as certain of its affiliates, including Bank America Capital Investors II, LP, Banc of America Securities LLC Montgomery Division, Bank of America Capital Corporation, Bank of America N.T. & S.A., Bank of Boston and Bank of Montreal, Bank of America, are, in the Cases, bank creditors, letter of credit providers, vendors and/or creditors whose claims are the subject of a claims objection. Out of an abundance of caution, K&E has instituted formal

screening procedures to screen Mr. Sheehan from any contact with K&E's representation of the Debtors.

17. Sienna Rakestraw, a restructuring associate, started working in K&E's Chicago office on January 15, 2007. Before joining K&E, Ms. Rakestraw worked as a summer associate (during 2003), and then as an associate (from September 2004 to December 2006), at King & Spalding LLP, and worked on that firm's representation of 1) The Samson Companies, in a litigation matter unrelated to the Debtors, and 2) Exxon Mobil, in asbestos-related litigation. Samson Hydrocarbons Company is a creditor whose claims are the subject of a claims objection in the Cases. ExxonMobil Corporation and certain of its affiliates and subsidiaries, including Exxon Chemical Co., ExxonMobil Global Services Co., Mobil Oil Corp. and Mobil Pipeline Co., are creditors of the Debtors. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Ms. Rakestraw from any contact with K&E's representation of the Debtors.

18. Joshua Sussberg, a restructuring associate, started working in K&E's New York office on February 26, 2007. Before joining K&E, Mr. Sussberg worked as a summer associate (from May to August 2002) and then as a business finance and restructuring associate (from September 2003 to December 2006) at Weil, Gotshal & Manges LLP, and worked on that firm's representation of DK Partners. Weil, Gotshal & Manges LLP represents the Ad Hoc Committee of Equity Security Holders in the Cases and DK Partners is a significant equity holder of the Debtors. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Sussberg from any contact with K&E's representation of the Debtors.

19. Leonard Klingbaum, a corporate partner, started working in K&E's New York office on March 5, 2007. Before joining K&E, Mr. Klingbaum worked as an associate at

Morgan, Lewis & Bockius LLP, and represented J.P. Morgan Chase Bank, N.A. in a variety of restructuring and corporate matters. JP Morgan Chase & Company or certain of its affiliates, are adverse parties and creditors, a claims objectee, or the parent of a claims objectee in the Cases. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Klingbaum from any contact with K&E's representation of the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 9, 2007

/s/ Theodore L. Freedman
Theodore L. Freedman
Kirkland & Ellis LLP
153 E. 53rd Street
New York, New York 10022
Telephone: (212) 446-4934
Facsimile: (212) 446-4900

Subscribed and sworn to before me this 9th day of April, 2007.

Denise M. Earl
Notary Public
My Commission Expires:

DENISE M. EARL
Notary Public, State of New York
No. 01EA4519927
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires Oct. 31, 20 10
Dec 19

9

K&E 11440002.6

## TWENTY-FIRST SUPPLEMENTAL AFFIDAVIT EXHIBIT A

### List of Exhibits

| Exhibit | Category |
|---|---|
| A(i) | Ad Hoc Committee of Equity Security Holders Members and Counsel |
| A(ii) | Ordinary Course Professionals |
| A(iii) | Post-Petition Claimants |
| A(iv) | Significant Customers |
| A(v) | Unions |
| A(vi) | 19th & 20th Omnibus Claims |
| A(vii) | Post Petition Third Party Motions |