IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## NOTICE OF SUBPOENA

To All Parties on the Attached Service List:

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable by Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure, the United States District Court for the Northern District of Illinois issued a subpoena (a copy of which is attached hereto) for Claims Processing Facility, Inc. This subpoena was served on April 02, 2007. The subpoena required Claims Processing Facility, Inc. to make available requested documents on April 26, 2007 beginning at 9:00 AM at the offices of Claims Processing Facility, Inc., East-West Technology Center, 1771 W. Diehl Rd., Suite 220, Naperville, IL 60563.

Dated: April 9, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Scott McMillin
Ellen Therese Ahern
200 East Randolph Drive
Chicago, IL 60601
Telephone:   (312) 861-2000
Facsimile:   (312) 861-2200

KIRKLAND & ELLIS LLP
Barbara Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:   (202) 879-5000
Facsimile:   (202) 879-5200

-and-

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone:   (302) 778-6407
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

2

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Illinois |
|---|---|---|

| In re W.R. Grace & Co. et al. | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| | Case Number:[1] 01-01139 (JKF) (Bankr. D. Del.) |

TO: Claims Processing Facility, Inc.
East-West Technology Center
1771 W. Diehl Rd., Suite 220
Naperville, IL 60563

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A regarding the documents and/or objects to be produced and the scope of the production.

| PLACE   Claims Processing Facility, Inc.<br>East-West Technology Center, 1771 W. Diehl Rd., Suite 220, Naperville, IL 60563 | DATE AND TIME<br>4/26/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>3/27/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ellen T. Ahern, Kirkland & Ellis LLP, 200 E. Randolph Drive, Chicago, IL 60601, (312) 861-2000
Counsel for Debtor W.R. Grace & Co.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | Thursday March 29, 2007 | 1771 W. Diehl Road Suite 220 Naperville, IL 60563 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Claims Processing Facility, Inc. | Handed to Melanie Impastato-General Counsel |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Glenn Eiden | Special Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    April 2, 2007
                     DATE

SIGNATURE OF SERVER

Edward R. Kirby & Associates
ADDRESS OF SERVER

783 N. York Road, Elmhurst, IL 60126

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., *et al.*, | ) Case No.: 01-01139 (JKF) (Bankr. D. Del.) |
| | ) |
| Debtors. | ) |

## SUBPOENA DUCES TECUM PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 45

TO   Claims Processing Facility, Inc.

East-West Technology Center

1771 W. Diehl Rd., Suite 220

Naperville, IL 60563

**YOU ARE COMMANDED** to make available for inspection and copying the categories of documents set forth in Attachment "A" to this subpoena in the case styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JKF), currently pending in the United States Bankruptcy Court, District of Delaware. Claims Processing Facility, Inc. is further requested to make the categories of documents set forth in Attachment "A" available to the undersigned counsel for W.R. Grace & Co. for inspection and copying on April 26, 2007 at the offices of Kirkland & Ellis LLP, 200 E. Randolph Drive, Chicago, IL 60601.

This subpoena has been issued by the United States District Court for the Northern District of Illinois. You must produce all of the materials described in this subpoena and its attachments for inspection and copying and must do so at the time and place set out in this subpoena. Your failure to do so may be punished as a contempt of the United States District Court for the Northern District of Illinois.

Dated: March 27, 2007

                    KIRKLAND & ELLIS LLP

                    */s/ Ellen T. Ahern*
                    David M. Bernick
                    Scott A. McMillin
                    Ellen T. Ahern
                    200 East Randolph Drive
                    Chicago, IL 60601
                    Telephone:   (312) 861-2000
                    Facsimile:   (312) 861-2200

                    -and-

                    KIRKLAND & ELLIS LLP
                    Barbara M. Harding
                    David E. Mendelson
                    Brian T. Stansbury
                    Amanda C. Basta
                    655 Fifteenth Street, NW
                    Washington, D.C. 20005
                    Telephone:   (202) 879-5000
                    Facsimile:   (202) 879-5200

2

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "Keene Creditors Trust," "you," or "your" shall mean and include Claims Processing Facility, Inc. and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions, and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys, and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

2. "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim. Such claims include, but are not limited to, claims for emotional harm, mental distress, and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed, or sold by the Debtors.

3. "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys, consultants, representatives, and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

4. "Claim form" or "questionnaire" shall mean any form, questionnaire, proof of claim, or any other document in whatever form submitted by anyone alleging an asbestos personal injury claim against the Keene Creditors Trust.

5. "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease, or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

6. "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

7. "B-reading" shall mean and include, without limitation, a physician's report of findings from a Claimant's chest radiograph, using the classification system devised by the ILO.

8. "Doctor" shall mean any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated party to provide any of the following services: B-reading, chest x-ray reading or interpretation, performing, administering, or interpreting pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

9. "Medical Services" shall mean and include, without limitation, any and all tests or examinations which are used in the diagnosis of pulmonary disease, including Asbestos-Related disease or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations. Such tests or examinations include, but are not limited to, B-reading, chest x-ray reading or interpretation, performing, administering, or interpreting PFTs, performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

10. "Screening Company" shall mean any Person who has been hired, retained, consulted, or otherwise paid on behalf of you, the Claimant, or a Claimant's Firm or any affiliated party to provide any of the following services: administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining doctors to perform medical examinations

4

and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

11. "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis, and/or detect pulmonary disease, including Asbestos-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review. Such tests or examinations include, but are not limited to: the administration of x-rays, the administration of PFTs, or the taking of occupational or asbestos or silica exposure histories.

12. As used herein, "document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

13. "Person" includes a natural person or any business, legal, or government entity or association.

14. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize, or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

15. Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

16. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in

chronological order, setting forth as to each the following: (a) date of the document; (b) identity of the author(s) and all recipients; (c) description; (d) type of document; (e) subject matter; and (f) basis for assertion of privilege or immunity.

17. If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

18. Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

19. References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

### REQUEST NO. 1:

For each of the Claimants listed in Attachment B,[1] please provide the claim form or questionnaire that each individual submitted to you along with any attachments thereto.

---

[1] For your convenience, and due to its volume, Attachment B has been provided on CD-ROM (attached to this subpoena).

6

**REQUEST NO. 2:**

For each of the Claimants listed in Attachment B, please provide any other information you have, in what ever form, relating to the individual's exposure to asbestos, including, but not limited to deposition transcripts, hearing transcripts, pleadings, and discovery responses.

**REQUEST NO. 3:**

All documents relating to the consideration of the suspension of the acceptance of reports from any Doctor, B-reader, Screening Company, or other provider of Medical or Screening Services, including, but not limited to, correspondence, memoranda, or other written analyses.