IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                  )    Chapter 11
                                        )
W. R. GRACE & CO., et al.,              )    Case No.  01-01139 (JKF)
                                        )    (Jointly Administered)
                    Debtors.            )
                                             **Re:  Docket No. 15110, 15111**

**DEBTORS' OBJECTION TO ANDERSON MEMORIAL AND THE
SPEIGHTS & RUNYAN CANADIAN CLAIMANTS' MOTION TO
STRIKE THE SUPPLEMENTAL DECLARATION OF
GRAEME MEW OR IN THE ALTERNATIVE TO
REQUIRE FURTHER EXAMINATION AND FURTHER RELIEF**

On Friday afternoon, April 6, 2007, the last business day before the April 9, 2007

argument on the Debtors' Motion for Summary Judgment with respect to the Speights & Runyan

Canadian Claims, and two weeks after receiving Debtors' reply brief with the supporting

affidavit of Graeme Mew, Speights & Runyan filed this Motion.  Speights & Runyan clearly

waited until the eve of the summary judgment argument in an attempt to leave the Debtors

without recourse prior to oral argument.  For this reason alone, the Motion should be denied.

The Motion also is substantively without merit.  As the procedural history shows, the

Debtors have done precisely what the Court wanted:  The Debtors have provided analysis of

Canadian law relevant to the objections to PD Claims that are being adjudicated by the Court.

On September 1, 2005, Debtors filed substantive merit objections to the Asbestos

Property Damage Claims.  *See* 15th Omnibus Objections (Docket No. 9315).  In the 15th

Omnibus Objections, Debtors raised various objections to the Canadian Claims, including

limitations period objections.  As the Court will recall, Grace subsequently moved the Court for

an order providing that the Canadian Claims would be adjudicated in Canada.  Speights &

Runyan and the PD Committee, however, objected to Debtors' request and fought to keep the

Canadian Claims from being adjudicated in Canada. The Court ultimately denied the Motion at the August 21, 2006 Omnibus Hearing.

At that same hearing, however, the Court made it clear that while the Canadian Claims would be adjudicated here, the Court contemplated the use of Canadian law experts to assist the Court. That is precisely what the Debtors did when, on December 21, 2006 – more than three months ago and in accordance with the deadline set by the October 13, 2006 PD Claims Case Management Order ("CMO") – Grace submitted the expert report of the foremost authority on Canadian limitations law, Mr. Graeme Mew. And the CMO gave Speights & Runyan the opportunity to name a Canadian law expert and submit a rebuttal report by January 17, 2007. Speights & Runyan and their Canadian Claimants chose not to do so.

With respect to the affidavit of Graeme Mew that is the subject of the Motion, Speights & Runyan incredibly argue that Mr. Mew's affidavit was the first time the class action tolling issue has been raised by Debtors. What they fail to mention is that it was Speights & Runyan who, rather than submit an expert rebuttal report on Canadian law in January 2007, chose to wait until after they deposed Debtors' expert Mr. Mew on March 15, 2007 to raise the class action tolling issue. That deposition took place just four days before Speights & Runyan first raised the class action tolling issues in their opposition to Debtors' motion for summary judgment.

By that time, Speights & Runyan undoubtedly knew that the issue would be raised in their opposition to Grace's motion for summary judgment and had every opportunity to depose Mr. Mew about the issue during the deposition just a few days earlier. Thus, Speights & Runyan had every opportunity to take discovery and make their record on the class action tolling issues. Rather, they elected: (i) not to submit an expert report; (ii) to depose Mr. Mew without ever asking him about the issue; and (iii) not to submit any expert support with their opposition

- 2 -

papers. Now, having made the conscious decision not to make a record, they are attempting to purge the record of the only assistance that has been provided to the Court to adjudicate that aspect of Canadian law.

Faced with this new class action tolling argument advanced by Speights & Runyan for the first time in their opposition papers that were filed on March 19, 2007, Debtors were certainly entitled to submit rebuttal evidence, which they did by submitting the Mew affidavit, on a timely basis with their reply brief on March 23, 2007. Having chosen not to submit an expert report and not to question Debtors' expert on the issue, Speights & Runyan cannot credibly object to the Debtors' reply to their summary judgment opposition.

It has been clear from the start that Speights & Runyan does not want the governing principles of Canadian law for asbestos in building claims applied to the Canadian Claims. That, however, is simply something that Speights & Runyan cannot have. They should not be permitted to avoid the properly submitted affidavit on the very Canadian law issues that they chose to wait to raise in their opposition. Nor should there be any further extension of these proceedings to allow Speights & Runyan to depose Mr. Mew again on issues they had the opportunity to raise with Mr. Mew several weeks ago.

For these reasons, the Motion should be denied.

Dated:  April 9, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
200 East Randolph Drive
Chicago, IL  60601

Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

and

REED SMITH LLP
James J. Restivo, Jr. (Bar No. 10113)
Douglas E. Cameron (Bar No. 41644)
Traci S. Rea (Bar No. 72658)
435 Sixth Avenue
Pittsburgh, PA  15219
Telephone:  (412) 288-3131
Facsimile:  (412) 388-3063

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE  19899-8705
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession