IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related to Docket No. 14915 |

### DEBTORS' OPPOSITION TO MOTLEY RICE CLAIMANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DEBTOR W.R. GRACE'S EXPERT RICHARD J. LEE, PH.D.

Motley Rice Claimants' Motion in Limine to Exclude Testimony of Debtor W.R. Grace's Expert Richard J. Lee, PH.D. ("Claimants' Motion in Limine")[1] demonstrates Claimants' fundamental misunderstanding of *their* burden of proof and the scientific issues involved with respect to the issue of product identification. It is undisputed that the Motley Rice Claimants bear the burden of establishing that the Debtors' asbestos-containing products were installed in the building for which the claim is filed. *In re Dow Corning Corp.*, 250 B.R. 298, 353-54 (Bankr. E.D. Mich. 2000). The Court acknowledged at the April 9, 2007 arguments on Debtors' motions for summary judgment that this was claimants' burden and that claims would be expunged for a lack of product identification. *See also* 1/25/06 Tr. Docket No. 11729 at 45.

If the evidence shows that the product at issue is not a Grace product *or if that evidence is insufficient to prove that a Grace product was installed in the building*, the Claimants have failed to satisfy their burden and a claim must be disallowed. *See e.g. University of New Hampshire v. United States Gypsum Co.*, 756 F. Supp. 640, 659 (D.N.H. 1991); *Catasauqua Area Sch. Dist. V. Raymark Indus., Inc.*, 662 F. Supp. 64, 66-67 (E.D. Pa. 198); *210 E. 86th St. Corp. v. Combustion Eng'g., Inc.*, 821 F. Supp. 125 (S.D.N.Y. 1993).

---

1    No other Asbestos PD Claimants have joined in this Motion.

In support of their claims that a Grace product was installed in the buildings at issue, the Motley Rice Claimants' claims files include two different types of documents. The first type includes laboratory testing results of the analysis of bulk samples of material taken from the building. The second general type of documents are those relating to construction specifications or other job related documentation. It is the first type of documents, the laboratory test results, that Dr. Richard Lee has analyzed and will opine, to a reasonable degree of scientific certainty, do not establish the presence of a Grace product in the Motley Rice Claimants' buildings at issue.

In moving to exclude Dr. Lee's testimony, the Motley Rice Claimants do not challenge Dr. Lee's credentials or analytical methods. He is a world renowned microscopist who has specialized in materials characterization, the science that utilizes a variety of analytical techniques to determine the identity and amount of components of a material. As set forth in his expert report (a copy of which is attached hereto as Exhibit A), Dr. Lee has been performing materials characterization analysis for over 20 years, performing constituent analyses on a wide range of bulk material samples. *Lee Report* at 1. For the past 20 years, Dr. Lee "has compared and contrasted the results of its numerous analyses of bulk building materials with product formula at issue. . . [and] has also compared the results of analyses performed by other laboratories to Grace's product formulas to determine whether laboratory sample results are inconsistent or not inconsistent with particular product formulas." *Id.* at 7.

There is no question that Dr. Lee is eminently well qualified to analyze the analytical data submitted by the Motley Rice Claimants and to render opinions to a reasonable degree of scientific certainty that Claimants' bulk sample data is insufficient to make a product identification or is inconsistent with a Grace product.

Dr. Lee has reviewed and is familiar with product formulas for Grace's spray-on asbestos-containing building products that are alleged to be present in the building at issue.

2

Those product formulas are like recipes in that they specify the ingredients (i.e., constituents) and the amount (i.e., abundance) of each ingredient to be used in the products. Thus, materials in buildings can be tested using the conventional laboratory methods and compared to the formulas used at the time of manufacture.

As part of this process, Dr. Lee has analyzed the laboratory data and evaluated whether the constituents named in the product formulas are present or absent, whether constituents not called for in the product formulas are present and how estimated abundances of the constituents in the sample compare with the abundances specified in the product formulas. As explained by Dr. Lee in his expert report, "comparing bulk material sample results to product formulas is similar to comparing a list of ingredients to a recipe" and "a sample can be determined to be inconsistent with the formulas if:

- *Constituents are present that are not called for in the formulas.* For example, the formulas call only for gypsum, vermiculite and chrysotile asbestos but mineral wool or amosite asbestos is present in the sample;

- *Constituents are absent that are called for in the formulas.* For example, the formulas call for gypsum, vermiculite and chrysotile asbestos but no vermiculite is present;

- *Constituents are identified in disproportionate amounts.* For example, the formula calls for chrysotile asbestos to be present at 5-10 percent but the results indicate that chrysotile asbestos is present at 80-90 percent." *Id.* at 7.

In reviewing the results of analyses performed by other laboratories for these Motley Rice claims, as well as for other claims, Dr. Lee has also found that they do not always provide sufficient data to enable one to compare the results to a product formula. For example, some laboratories issue laboratory reports for a bulk building material sample by identifying and

3

*quantifying only the asbestos component of the sample.* Some laboratories identify and quantify the asbestos component of the sample and report all other components under a category heading such as "binder" or "non-fibrous material." *Id.* at 7.

Dr. Lee will opine that with such limited information one cannot determine to a reasonable degree of scientific certainty whether or not the material is consistent with a specific product formula. One of the product identification experts for some of the claimants in this litigation, Dr. William Longo, agreed during his deposition that, if presented with laboratory data reporting only the amount of asbestos and "non-fibrous material" present in the sample, he could not make a product identification because he would not have enough information. *See Longo Dep.*, at pp. 20-21 (attached hereto as Exhibit B).

The Motley Rice Claimants sole attack on Dr. Lee's testimony is that this opinion is irrelevant and will not aid the court because Dr. Lee cannot, based on the claimants' laboratory data he analyzed, "opine one way or the other that a W.R. Grace product is, or is not, in the Motley Rice Claimants' buildings at issue in this litigation . . ." Claimants Motion at 3. This attack misses the mark. Dr. Lee's testimony is unquestionably relevant to whether the Motley Rice Claimants have proffered sufficient data to satisfy *their* burden of demonstrating the presence of a Grace asbestos-containing surfacing material in their buildings. Dr. Lee's analysis shows that the laboratory data from samples taken from the buildings at issue do *not* provide all of the information necessary to make a comparison to the Grace product formula or the data show that the building material analyzed contained components that are *not* present in the Grace products. In either case, the laboratory data fail to satisfy the Motley Rice Claimants' burden of proving product identification.

4

For these reasons, the Claimants' Motion should be denied.

Dated: April 12, 2007

          REED SMITH LLP
          James J. Restivo, Jr.
          Lawrence E. Flatley
          Douglas E. Cameron
          Traci S. Rea
          435 Sixth Avenue
          Pittsburgh, PA 15219
          (412) 288-3131

          and

          KIRKLAND & ELLIS LLP
          David M. Bernick, P.C.
          Lisa G. Esayian
          Janet S. Baer
          200 East Randolph Drive
          Chicago, IL 60601
          (312) 861-2000

          and

          PACHULSKI STANG ZIEHL YOUNG JONES
          & WEINTRAUB LLP

          /s/ [signature]
          ―――――――――――――――――――
          Laura Davis Jones (Bar No. 2436)
          James E. O'Neill (Bar No. 4042)
          919 North Market Street, 17th Floor
          P. O. Box 8705
          Wilmington, DE 19899-8705 (Courier 19801)
          Telephone: (302) 652-4100
          Facsimile: (302) 652-4400

          Co-Counsel for the Debtors and
          Debtors in Possession