# EXHIBIT C

*60028*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In Re:                              . Case No. 01-01139(JKF)
                                    . Jointly Administered
                                    .
W.R. GRACE & CO., et al.,           . 5414 USX Tower Building
                                    . Pittsburgh, PA  15222
            Debtors.                .
                                    . October 18, 2004
. . . . . . . . . . . . . . . . .   . 9:00 a.m.

TRANSCRIPT OF MOTION FOR SUMMARY JUDGMENT
BEFORE THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:               Reed Smith, LLP
                              By:  JAMES J. RESTIVO, JR., ESQ.
                                   JAMES W. BENTZ, ESQ.
                                   DOUG CAMERON, ESQ.
                              435 Sixth Avenue
                              Pittsburgh, PA  15210

For the Claimants (ZAI):      Richardson, Patrick, Westbrook
                               and Brickman, LLC
                              By:  EDWARD J. WESTBROOK, ESQ.
                                   ROBERT M. TURKEWITZ, ESQ.
                              174 East Bay Street
                              Charleston, SC  29401

                              Buchanan Ingersoll, LLC
                              By:  WILLIAM D. SULLIVAN, ESQ.
                              1007 North Orange Street
                              Wilmington, DE  19801

Audio Operator:               CATHY YOUNKER


        Proceedings recorded by electronic sound
    recording, transcript produced by transcription service.

_____

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey  08619
E-mail:  jjcourt@optonline.net


**EXHIBIT C**

In <u>Daubert</u> itself, the Ninth Circuit, which was dealing with Bendectin, a drug mothers took, ruled as follows -- this is at 43 F 3rd, 1311 at Page 1320. Quote, "The study must show that children whose mothers took Bendectin are more than twice as likely to develop limb reduction birth defects as children whose mothers did not." The Ninth Circuit went on to say that quote, "A relative risk of less than two actually tends to disprove causation."

With respect to the reference manual in the Court's exhibit book you also see that the scientific evidence sufficient to establish that a particular product creates an unreasonable risk or is hazardous is epidemiological studies. Epidemiological studies simply compare a group of individuals who are exposed over time to a particular product or substance to a group of individuals who were not exposed over the same period of time, and from those two groups one can determine whether or not the incidence of any disease is twice as prevalent in the exposed group. That is epidemiology.

Our motion, Your Honor, states that there is no epidemiological evidence in the record before this Court or otherwise to establish that the disturbance of ZAI in an attic doubles the risk of contracting an asbestos-related disease.

Indeed, our evidence shows that the presence or disturbance of ZAI in a home does not create an unreasonable risk.

There is one community-wide study, Your Honor.  It's the Libby Community Survey.  It is not technically an epidemiological study, because it does not have the controls required for an epidemiological study.  What the EPA did is they examined, through medical examination and exposure history, the exposure and the health of 6,149 present or former Libby residents.  They did not have a control group of 6,149 non-Libby residents, and so in that respect it was not technically an epidemiological study.

Nonetheless, the researchers found at Libby that there were any number of exposure pathways to asbestos that arguably led to asbestos-related disease.  Obviously the most prevalent was mining or milling raw ore.  Another one was being a family member of someone who spent his or her career mining or milling raw ore.

For purposes of this science trial, Your Honor, the EPA study found no connection, no connection between having or using ZAI in a home in any asbestos-related disease.  The documents to that effect, Your Honor, are in the record.  The clearest one, and it is Grace Bench Exhibit number 5, Your Honor, that, Your Honor, is a letter from EPA administrator, Christine Todd Whitman responding to inquiries from Senator Max Bacchus with respect to the Libby medical screening and inquires as to why a decision was made not to take any action with respect to attic insulation in the homes.  And as a result

of the Libby study Christine Todd Whitman writes that the
study, quote, "did not show that insulation by itself could be
linked with the health impacts found in Libby."

So, one needs an epidemiological study.  There is
none here.  We do have a pretty good substitute, a 6,000-person
community study that finds no adverse health connection with
the use or presence of ZAI insulation in home at Libby.

Your Honor, we have supported our motion for summary
judgment with affidavits and record testimony of four world-
renowned scientists, Dr. Richard Lee, Dr. Morton Corn, Dr.
William Hughson and Dr. Elizabeth Anderson.  Their curricular
vitaes are in the record.

Let me start with the opinions and scientific
evidence submitted by Dr. Richard Lee.  Dr. Lee truly is a
world-renowned scientist.  While employed as a United States
steel scientist years ago in Pittsburgh he was one of the first
people in the United States to be requested by the U.S.
Government to analyze the rocks brought back from the moon.

He has consulted for years with various government
agencies with respect to asbestos including the Occupational
Safety and Health Administration, the Environmental Protection
Agency and others.  He has consulted with the United States
Navy, the United States Army, NASA, the FBI, the State of
California and countless other governmental and private
organizations.