**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R.GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| DEBTOR | ) | Hearing date: May 2, 2007, at 2:00 p.m. (in Pittsburgh, PA.) |
| | ) | Response deadline: April 13, 2007, at 4:00 p.m. |

**RESPONSE IN OPPOSTION BY COMMISSIONER OF MASSACHUSETTS DEPARTMENT OF REVENUE TO DEBTORS' OBJECTION TO THE CLAIM FILED BY MASSACHUSETTS DEPARTMENT OF REVENUE**

TO THE HONORABLE JUDITH K. FITZGERALD, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Alan LeBovidge, as he is Commissioner of Revenue for the Commonwealth of Massachusetts ("MDOR"), and hereby opposes the *Debtors' Objection to the Claim Filed by Massachusetts Department of Revenue* (hereinafter, the "Objection").

**PLEASE TAKE NOTE** the Objection states that the movant objects "to the Claimant's attempts to have the tax issues underlying a portion of the Claim adjudicated outside of this Court, in the proceeding styled W.R. Grace & Co. – Conn. V. Commissioner of Revenue, Massachusetts Appellate Tax Board No. C271787 (the "Appeal") slated for trial before the Massachusetts Appellate Tax Board on April 18, 2007." After W.R. Grace & Co. – Conn. (hereinafter, "Grace"), one of the debtors in the above-caption proceeding, exhausted its opportunities for administrative review by MDOR (the last resulting in the denial of its abatement application on September 9, 2003) of MDOR's audit assessments of Grace for the years 1991-1993, on October 30, 2003 Grace filed its *Petition Under Formal Procedure* with the Massachusetts Appellate Tax Board (hereinafter, the "ATB") (rather than then turning to this

court under Section 505 of the Bankruptcy Code), and has diligently prosecuted its case in that forum and trial is now set for April 18 & 19, 2007. On April 12, 2007, the parties (Grace and MDOR) appeared before the ATB, and the ATB gave to the parties the choice of whether or not to proceed with the trial on April 18th and 19th. Grace freely chose to proceed with its scheduled trial at the ATB. The excerpt from the Objection quoted in this paragraph is not accurate and to the extent that Grace, through the Objection, seeks to prevent the ATB trial from proceeding, that is inconsistent with the stance taken before the ATB. MDOR does, however, recognize that the matters now before the ATB would appear to come within the scope of the provisions of Section 505 of the Bankruptcy Code, although those issues may be otherwise resolved in due course.

As grounds for and in support of its opposition, the MDOR states as follows:

## I. STANDARD OF REVIEW AND CONTEXT

1.  A claim is presumptively allowed upon the filing of a proof of claim. The burden of proof for a tax claim does not depart from the standards set under non-bankruptcy law merely because the claim is raised in a bankruptcy setting. *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15, 120 S.Ct. 1951 (2000). Under the applicable non-bankruptcy law (in this case, the laws pertaining to Massachusetts taxation), the burden is upon the taxpayer to prove that MDOR's determinations are entirely incorrect. *M & T Charters, Inc. v. Commissioner of Revenue*, 404 Mass. 137, 140 (1988), and *Towle v. Commissioner of Revenue*, 397 Mass. 599, 603 (1986). While in general the quantum of proof necessary to meet the burden would be by the predominance of the evidence standard, particular issues in these cases frequently require a higher standard. For instance, the taxpayer faces a heavy burden in overturning apportionment factors calculated pursuant to established Massachusetts tax law. It has long been held that the "Constitution imposes no single [apportionment] formula on the States," *Wisconsin v. J. C.*

*Penney Co.*, 311 U.S. 435, 445 (1940). Moreover, the taxpayer has the "'distinct burden of showing by "clear and cogent evidence" that [the state apportionment formula] results in extraterritorial values being taxed . . . .'" *Exxon Corp. v. Dept. of Revenue of Wisconsin*, 447 U.S. 207, 221 (quoting *Butler Bros. v. McColgan*, 315 U.S. 501, 507 (1942) (other citations omitted). As for any constitutional challenge to the imposition of a tax, "we presume the tax is constitutionally valid unless the party challenging it proves the tax invalid 'beyond a rational doubt.' *Andover Sav. Bank v. Commissioner of Revenue*, 387 Mass. 229, 235 (1982). See *Aloha Freightways, Inc. v. Commissioner of Revenue*, 428 Mass. 418, 423 (1998)." *Truck Renting and Leasing Association, Inc. v. Commissioner Of Revenue*, 433 Mass. 733 (2001)(upholding the tax in question)**.**

2.   The trial of Grace's appeal of the MDOR's corporate tax audit assessment for the years 1991-1993 is scheduled for April 18 & 19, 2007 before the ATB, which is an adjudicatory administrative agency of the Commonwealth and functions as the equivalent of its tax court[1]. These dates were scheduled by the ATB on November 13, 2006. Grace has made clear after MDOR received the Objection that Grace wishes to proceed with this trial, and based upon those expressed wishes, the trial is going forward on those days.

3.   The *Notice of Debtors' Objection to the Claim Filed by Massachusetts Department of Revenue* (hereinafter, the "Notice") directs that the response should include "the specific factual basis and supporting legal argument…. [and] any supporting documentation." MDOR's litigation files may be best measured in feet rather than inches and in an "eve of trial" state. Other than, perhaps, MDOR's attorney work-product, most of these materials are also in the Grace's possession (some of which was obtained by MDOR from Grace through discovery).

---

[1] From any final decision of the ATB an appeal may be taken to the Massachusetts Appeals Court. G.L. c. 58A, § 13.

Compliance or even substantial compliance with this request in response to the filing of the Objection on the eve of trial would be unduly burdensome and seriously divert the attention and energies necessary in preparing for trial. As this Objection may go forward, MDOR anticipates that initially it would confer with Grace's bankruptcy counsel about the actual submittals to the court, but otherwise MDOR would expect in due course to submit to the court the record of the proceedings for the ATB trial as necessary including, *inter alia*, the stipulated facts, the exhibits MDOR submitted, the trial transcript and MDOR's trial and reply briefs[2].

    As for the open-audit periods, MDOR's Atlanta, Georgia Multi-State Bureau office is conducting the audit and is the primary repository at this time of the audit's work papers, including the documents provided by Grace and correspondence between the auditors and Grace. With respect to these periods, which the Objection identifies as Claim Part II, the Objection states that its intent is to "reserve[e] Claim Part II for adjudication upon the Claimant's completion of its audits for the Audit Period." Paragraph 13 (see also introductory paragraph, as well as paragraphs 11 and 14). The audit assessments for these periods that MDOR may make and that Grace might contest will not be known until some time in the future. Consequently, MDOR cannot respond further to this aspect of the Objection at this time and correspondingly reserves the right to do so at a later and more appropriate time, including the providing of the specific factual basis, supporting legal argument and supporting documentation.

---

[2] The ATB is a "paper"-forum, as opposed to an electronic or "pdf" forum. Consequently, there will be some time and effort necessary to convert these materials into an electronic medium. Due to this reality, as well as the fact that some of these items would not be completed by then, these materials should not reasonably be expected to be

## II. MDOR CLAIM

4. Annexed to the Objection as Exhibit A is a true and accurate copy of the most recent amended proof of claim filed by MDOR for the taxes that are the subject of the present objection.

5. The MDOR Claim is a priority claim consisting of priority tax and pre-petition interest, and is based upon the following:

A. A late filed and late paid withholding tax return for the period of December 2000, which generated pre-petition an unpaid interest accrual of $327.92;

B. Additional corporate taxes assessed by audit examination of Grace for the years 1991 through 1993, assessed on November 9, 2002, (this is referenced in the Objection as Claim Part I, and consists of [as identified below] the Settled Matters and the remaining ATB Issues); and

C. Estimated liabilities for on-going audit examinations for the years 1994 through 1999 (referenced in the Objection as Claim Part II).

6. The Objection makes no allegations or requests for relief concerning the December 2000 withholding tax liability.

7. As to Claim Part I, the parties in the ATB case recently reached a settlement of the 1991 X.L. Insurance Co., Teva Pharmaceuticals, Inc., Teroson, Federation Chemicals, Ltd., Trinidad Nitrogen Co., Ltd., Del Taco Corporation, and Grace Energy Corporation matters (hereinafter, the "Settled Matters"). Assuming that the settlement is approved, the Claim would be accordingly adjusted (the changes might not be limited to the 1991 tax period as it appear son

---

available in an electronic form by May 2, 2007. Again, however, this may be a matter might be more appropriately addressed by the parties.

5

the Claim, since there might be carry over effects to other periods)[3]. It would, of course, be premature to file such an amended proof or to disallow this portion of the Claim to reflect the adjustments reached through a settlement before the settlement itself has been considered for final approval. As of this time, however, it appears that the Settled Matters are "off the table" (although remaining subject to court approval) and for present purposes these are not subject to the Objection. When and to the extent that the exclusion of the Settled Matters might change under the Objection, MDOR requests that Grace so notify it and be afforded an adequate opportunity to appropriately respond on these issues.

8. The underlying Massachusetts corporate taxes at issue within Claim Part I for the years 1992 and 1993 relate to the dividend and interest income received, directly or indirectly, by Grace Cocoa Ventures, Inc., one of Grace's wholly-owned subsidiaries. The income in issue consists of: (a) a June 1992 $700 million dividend note paid to Ventures by NMC Holding, Inc. in the tax year ending December 31, 1992; (b) interest income on the $700 million note in the amounts of $24,075,964.00 for the tax year ending December 31, 1992 (consisting of $13,297,569 paid to Ventures, $10,722,101 paid to Grace Cocoa Ventures L.P., and $56,294 paid to Grace Cocoa Associates L.P.) and $23,956,286.00 for the tax year ending December 31, 1993 paid to Grace Cocoa Associates L.P.; and (c) interest income on a $300 million loan in the amounts of $40,025.00 for the tax year ending December 31, 1992 and $7,491,623.00 for the tax year ending December 31, 1993 paid to Grace Cocoa Associates L.P. by Grace. These are the matters scheduled for trial before the ATB on April 18 & 19, 2007 (the "ATB Issues").

9. Based upon Massachusetts' corporate tax laws, these items of dividend and interest income were properly taxable by Massachusetts. The legal bases for this determination

---

[3] Not only is the settlement subject to this court's approval, but due to the amounts involved the settlement also must be approved by the Attorney General of the Commonwealth of Massachusetts.

6

are statutory (*see*, e.g., G.L. c. 63, §§ 38 and 39) and regulatory (*see*, e.g., 830 CMR 63.38.1). However, the more complete and accurate presentation of MDOR's legal arguments and analysis for its positions on the ATB Issues will be set forth in the brief it will be submitting to the ATB (and serving upon Grace) after the April 18th and 19th trial and, if the parties are given permission, the reply brief to Grace's brief. The initial briefs may well be thirty or more pages. By this reference, MDOR incorporates those documents which, in accordance with any possible coordination reached with bankruptcy counsel for Grace, MDOR would submit to this court in due course.

10. As for the open audit periods, the amounts should be understood as "place-holders", as the working papers estimates change in accordance with the information and arguments made by Grace with MDOR's Audit Bureau, as well as the carry-over effects from changes in prior years. As observed above, Grace's express intent with the Objection is to serve a similar "place-holder" function, and consequently, MDOR responds to this aspect of the Objection in a similar mode.

### III. SPECIFIC RESPONSES TO GRACE'S ALLEGATIONS IN THE OBJECTION

11. MDOR admits the allegations contained in paragraph 1 of the Objection.

12. MDOR admits the allegations contained in paragraph 2 of the Objection, and in further answer to said allegations, states that Section 505 provides for concurrent jurisdiction and that the exercise of such jurisdiction is discretionary with the bankruptcy court.

13. MDOR admits the allegations contained in paragraph 3 of the Objection.

14. The statements contained in paragraph 4 of the Objection do not require a response by MDOR, although to the extent that MDOR is required, it denies the same. In further

answer to said statements, MDOR states that by Grace's decision, the trial of the Appeal by the ATB will have been conducted by the time of the hearing on the Objection.

15.  MDOR admits that the statement contained in paragraph 5 of the Objection is an accurate quotation from Section 505 of the Bankruptcy Code.

16.  MDOR admits that the statement contained in paragraph 6 of the Objection is an accurate summary of its most recent amended proof of claim.

17.  MDOR admits that the statement contained in the first sentence of paragraph 7 of the Objection is an accurate summary of its most recent amended proof of claim, and admits the statement contained in the second sentence. In further response, MDOR states that Grace is the party prosecuting the Appeal, and that Grace wishes and has chosen to proceed with the trial as scheduled before the ATB. As for the remainder of the statements contained in paragraph 7, MDOR lacks sufficient knowledge or information so as to form a belief in the veracity of the same, and therefore denies them.

18.  MDOR admits the allegations contained in paragraph 8 of the Objection.

19.  MDOR denies the allegations contained in paragraph 9 of the Objection.

20.  MDOR admits in part and denies in part the allegations contained in paragraph 10 of the Objection. Section 502 of the Bankruptcy Code pertains to the allowance or disallowance of claims against an estate. Section 505 pertains to a discretionary exception to the Tax Injunction Act (28 U.S.C. § 1341) and provides the bankruptcy courts concurrent jurisdiction with state courts (or state adjudicatory administrative agencies) to determine the legality or proper amount of a state or local tax assessed or assessable upon the debtor. As for the underlying allegations concerning the tax issues, including the assertion that the transaction was completely unrelated to Massachusetts activities, MDOR denies them.

21.     MDOR denies the allegations contained in paragraph 11 of the Objection. In further answer to said allegations, in the course of the Appeal prosecuted by Grace, the parties have (subject to approval in accordance with applicable procedures) settled by compromise several of the issues originally raised in the Appeal (being the Settled Matters), which upon approval by this court would reduce but not eliminate a significant portion of Claim I. The remaining issues in dispute (being the ATB Issues), arising from the GCVI holdings and transactions, are fact-specific and call for the application of the finer points of Massachusetts corporate tax law, and are currently set for trial as sought by Grace before the ATB. MDOR also incorporates by reference its arguments and evidence in the proceedings before the ATB.

22.     MDOR admits the allegation contained in the first sentence of paragraph 12 of the Objection. As for the remainder of the allegations contained in said paragraph, MDOR states that the terms of the subject document speak for themselves, at least as of the time when Grace elected to file that petition with the ATB, as opposed to this court. In further answer to this paragraph, MDOR states that a majority of the issues presented have been resolved by agreement (subject to approval by this court) and the remaining issues are anticipated to have been tried and at least held under advisement by the time of hearing on the Objection. Accordingly, MDOR incorporates herein by reference its arguments and evidence in the proceedings before the ATB (notably, in the trial).

23.     The allegations contained in paragraph 13 of the Objection do not require a response by MDOR, although to the extent that a response would be required, MDOR denies the same. In further answer, MDOR states that as to Grace's demand in 13(i) for an order that "this Court will adjudicate the tax issues underlying Claim Part I," the positions taken by Grace in the two competing jurisdictions appear to be contradictory – before the ATB, Grace wants the ATB

...

to try the case, but before this court, Grace demands that it try the case. It might also be noted that while Grace has had notice of the April 18th & 19th ATB trial date since it was set in November 2006, Grace did not file the Objection with its demand that this court and not the ATB try the case until a time when the hearing on the Objection would not be held until after the scheduled ATB trial dates.

As for 13(ii), the Claim Part I should be allowed on the basis of (a) the parties' settlement of the Settled Matters (assuming that Grace submits the settlement and that it is approved) plus in accordance with the final outcome in the current state proceedings for the ATB Issues, or (b) should Grace not seek approval of the settlement or the settlement is not approved, then in accordance with the present assessments, unless after trial and any appellate review the assessments are otherwise determined.

Finally, as to 13(iii), MDOR recognizes that during the pendency of these bankruptcy cases Grace has the option of seeking an adjudicatory determination of the audit assessments referenced as Claim Part II in this court or before the ATB, subject to abstention by the bankruptcy court. MDOR reserves its right to file a motion or motions to, *inter alia*, requesting this court to abstain.

24.     The allegations contained in paragraph 14 of the Objection do not require a response by MDOR.

25.     The allegations contained in paragraph 15 of the Objection do not require a response by MDOR.

26.     The allegations contained in paragraph 16 of the Objection do not require a response by MDOR, although in further answer to the same, MDOR reserves the right to reply to any such reply by Grace.

27. The allegations contained in paragraph 17 of the Objection do not require a response by MDOR.

28. The allegations contained in paragraph 18 of the Objection do not require a response by MDOR.

29. The allegations contained in paragraph 19 of the Objection do not require a response by MDOR.

30. The allegations contained in paragraph 20 of the Objection do not require a response by MDOR.

31. MDOR denies the allegations contained in paragraph 21 of the Objection to the extent that, with respect to the matters related to the Claim Part I, while operating as debtors-in-possession, Grace petitioned the ATB for the very same relief set forth in this Objection for those matters, which MDOR responded in defense.

## IV. SETTLEMENT AND CONTACT

32. The resolution of the underlying tax matters by is subject to the applicable provisions of the laws of the Commonwealth of Massachusetts, including, without limitation, the provisions of G.L. c. 62C, §§ 37A & 37B. In appropriate circumstances, depending upon the amount to be abated, the proposed settlement must also be submitted to the attorney general of the Commonwealth for review. While Grace should continue to communicate with the MDOR attorneys that it has dealt with in the ATB proceedings in that context, communications pertaining to the bankruptcy proceedings or bankruptcy aspects of the case should be directed to the undersigned, including the case management of the Objection.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE,** Alan LeBovidge, as he is Commissioner of Revenue for the Commonwealth of Massachusetts ("MDOR"), respectfully requests that this Honorable Court deny the *Debtors' Objection to the Claim Filed by Massachusetts Department of Revenue*, and to grant to him such other and further relief as may be just and meet.

**Respectfully submitted,**

**Dated: April 13, 2007**

**ALAN LeBOVIDGE**
**COMMISSIONER**
**MASSACHUSETTS DEPARTMENT OF REVENUE**

**By his attorneys,**

**MARTHA COAKLEY**
**ATTORNEY GENERAL OF MASSACHUSETTS**

**Kevin W. Brown, General Counsel**
**Special Assistant Attorney General**

*// s // Stephen G. Murphy*
**Stephen G. Murphy (BBO # 542427)**
**Counsel to the Commissioner**
**Massachusetts Department of Revenue**
**Litigation Bureau**
**100 Cambridge Street, P. O. Box 9565**
**Boston, MA 02114**
**(617) 626-3305**
**Fax no. (617) 626-3289**
**E-mail: murphys@dor.state.ma.us**