**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline:  April 13, 2007** |
| | ) | **Hearing Date:  May 2, 2007 at 2:00 p.m. Pittsburgh, PA** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS TO THE OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS MOTION TO MODIFY ORDER ALLOWING
RETENTION OF LEXECON LLC AS ASBESTOS CLAIMS CONSULTANT TO
THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

The Official Committee of Asbestos Personal Injury Claimants (the "PI

Committee"), by and through its undersigned counsel, respectfully submits this Objection

("Objection") to the Official Committee of Equity Security Holders Motion to Modify

Order Allowing Retention Of Lexecon LLC As Asbestos Claims Consultant To The

Official Committee of Equity Security Holders.  In support of the Objection, the PI

Committee states as follows:

**BACKGROUND**

1.     On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and its

affiliated debtors and debtors in possession (collectively, the "Debtors") commenced the

instant proceeding by filing voluntary petitions for relief under chapter 11 of title 11 of

the United States Code (the "Bankruptcy Code") with the Clerk of this Court.

2.     On the Petition Date, the Court entered an order authorizing the joint

administration of these cases for procedural purposes.

3.      On April 12, 2001, the United States Trustee for the District of Delaware (the "UST") appointed the PI Committee, the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") and the Official Committee of Unsecured Creditors.  On June 18, 2001, the UST appointed the Official Committee of Equity Security Holders (the "Equity Committee").  On May 24, 2004, this Court signed an Order appointing David T. Austern as the Court Appointed Legal Representative for Future Asbestos Personal Injury Claimants (the "FCR").

4.      On November 13, 2004, the Debtors filed a Disclosure Statement and Plan of Reorganization.  Docket Nos. 6895 and 6896.

5.      On January 13, 2005, the Debtors filed an Amended Disclosure Statement and an Amended Plan of Reorganization.  Docket Nos. 7559 and 7560.

## LEXECON RETENTION

6.      On November 5, 2004, the Equity Committee filed an Application Of The Official Committee Of Equity Security Holders For An Order, *Nunc Pro Tunc*, To October 29, 2004, Approving And Authorizing The Retention And Employment Of Lexecon, LLC ("Lexecon") As Asbestos Claims Consultant To The Official Committee Of Equity Security Holders (the "Original Application").

7.      In its Original Application, the Equity Committee asserted that the retention of Lexecon would be in the best interest of the Debtors' estates because Lexecon was "well-qualified to provide the asbestos claims consulting services and expertise that are required by the Equity Committee in these chapter 11 cases."  See Original Application, November 5, 2004, (Judge Judith Fitzgerald, U.S.D.C), at 3 (Exhibit 1).

8.      A hearing addressing the Original Application for *Nunc Pro Tunc* relief was held on December 20, 2004, in the United States Bankruptcy Court, District of Delaware before the Honorable Judith K. Fitzgerald.

9.      At the hearing, the Court questioned, *inter alia*, why the Equity Committee needed an expert at that phase of the litigation when plans for estimation had not yet been established.  <u>See</u> Transcript of Omnibus Hearing Before Judge Judith K. Fitzgerald, United States Bankruptcy Judge, December 20, 2004 at 13 (Exhibit 2). Moreover, the Court expressed concern with the retention of Lexecon regarding duplication of effort.  Judge Fitzgerald stated that she did not see ". . . how the debtor and the Equity Committee's interests are at such a variance that the Equity Committee needs its own expert for this estimation purpose."  Transcript of Omnibus Hearing at 20 (Exhibit 3).  The Court even questioned whether the Equity Committee would be using the same experts as the Debtors since they would be co-proponents at the estimation. Transcript of Omnibus Hearing at 17 (Exhibit 4).

10.       In order to prevent duplication of effort and to safeguard the Debtors' estate, the Court allowed the Equity Committee a very limited opportunity to explore whether the Equity Committee's estimation interests differed from the Debtors'. Transcript of Omnibus Hearing at 20 (Exhibit 5).

11.      In an order dated February 11, 2005 (the "Original Order"), the Court approved the employment and retention of Lexecon as asbestos claims consultant to the Equity Committee in the W.R. Grace Chapter 11 case *nunc pro tunc* from October 29, 2004.  The Original Order specified that Lexecon be entitled to a budget of $10,000 per

month with any unused amount carrying forward from month to month until used.  The

Original Order also stated that the Equity Committee reserved its right to seek an increase

in the monthly budget amount once the Court established a schedule and procedures for

asbestos claims valuation.

12.     On March 28, 2007, the Equity Committee filed a Motion To Modify

Order Allowing Retention Of Lexecon LLC As Asbestos Claims Consultant To The

Official Committee Of Equity Security Holders (the "Motion to Modify").

13.      The Motion to Modify seeks to lift the $10,000 a month cap placed on

Lexecon in the Original Order.  Specifically, the Equity Committee contends that Dr.

James Heckman, an expert affiliated with Lexecon, is needed to testify at the contested

hearing on asbestos estimation.  The Equity Committee anticipates that its fees will

surpass the monthly cap set by Judge Fitzgerald in the Original Order.

## **OBJECTION**

14.     The Motion to Modify should be denied as the Court has previously ruled

on the expert retention issue in the Original Application.  Nothing has changed since the

time of the Original Application necessitating the change.  Moreover, it is a waste of

Debtors' estate resources because the Debtors' numerous asbestos experts adequately

represent the interests of the shareholders.

15.     The Motion to Modify seeks to, essentially, reargue the Original

Application.  Although the Court ruled in the Original Application that Lexecon could

only be retained in a limited capacity because the Equity Committee's interests did not

vary from the Debtors', the Equity Committee now moves to retain Lexecon without any

change in circumstances.  In its Motion to Modify, the Equity Committee does not offer

any evidence that the retention of Dr. Heckman results from an interest on its part that varies fundamentally from those of the Debtors.  Instead, the Equity Committee contends that Dr. Heckman is complementary to and not duplicative of the Debtors' experts. Notably, the Equity Committee has worked closely with the Debtors in "coordinat[ing] their respective experts."  See Motion to Modify at 3.  Because the Equity Committee has failed to distinguish its estimation interests from the Debtors, the Motion to Modify should be denied.

16.    Modifying the Original Order would result in a waste of resources because the Debtors' experts are adequately representing the interest of the shareholders.  In the instant action, the Debtors have been taking the lead in contesting the asbestos estimation issues.

17.    On August 21, 2006, in accordance with the Amended Case Management Order For the Estimation of Asbestos Personal Injury Liabilities (the "CMO") dated July 24, 2006, the Debtors designated twenty-five experts for estimation.  Those experts are as follows:

      i.  Dr. Elizabeth Anderson:  President and CEO of Sciences International, Inc.

     ii.  Dr. William J. Blot:  CEO of The International Epidemiology Institute; Professor at Vanderbilt University

    iii.  Dr. Paul Epstein:  practicing Pulmonologist and B-Reader at the University of Pennsylvania of Radnor

    iv.  Dr. B. Thomas Florence: President of ARPC and expert in the statistical analysis of asbestos litigation

v.   Dr. Alfred Franzblau:  Certified B-reader and Occupational Medicine Specialist; associated with the University of Michigan Medical School

vi.   Dr. David H. Garabant:  Professor of Occupational Medicine and a Professor of Epidemiology at the University of Michigan School of Public Health

vii.   Dr. Herman J. Gibb:  Senior Epidemiologist with Sciences International, Inc.

viii.   Dr. Mickey E. Gunter:  Professor of Geological Sciences at the University of Idaho.

ix.   Dr. Daniel A. Henry:  Director of the Thoracic and Cardiac Radiology Department and as Associate Professor of Radiology in the Division of Diagnostic Radiology at the Medical College of Virginia Hospitals

x.   Dr. Grover M. Hutchins:  Professor of Pathology at the The Johns Hopkins Medical Institution

xi.   Dr. Richard J. Lee:  President of RJ Lee Group, Inc., which provides research, analytical and consulting services relating to materials characterization

xii.   Dr. Peter Lees:  Professor in the Department of Environmental Health Sciences at The Johns Hopkins Bloomberg School of Public Health

xiii.   Dr. Suresh H. Moolgavkar:  Principle of Sciences International, Inc. and a Full Member of the Fred Hutchinson Cancer Research Center; Professor of Epidemiology, Biostatistics and Applied Mathematics at the University of Washington

xiv.   Dr. Howard W. Ory:  Adjunct Professor in the Department of Epidemiology at Emory University School of Public Health; Consultant in Epidemiology and Health Care Information Systems

xv.   Dr. John Parker:  Professor and Chief of Pulmonary and Critical Care Medicine at the West Virginia University Health Sciences Center

xvi.   Dr. Bertram Price:  President of Price Associates, Inc.; applies mathematical and statistical methods to analyze chemical, toxicological, medical, and epidemiological data for risk assessment and risk management alternatives

xvii.   Dr. Joe Rodricks:  Principal at Environ, a risk management and strategy consulting firm

xviii.   Dr. David Weill:  Director of the Lung and Heart Transplant Program at Stanford University Hospital and Clinics and the Associate Professor of the Division of Pulmonary and Critical Care Medicine

xix.  Dr. Paul S. Wheeler:  Associate Professor of Radiology at The Johns Hopkins Medical Institutions and a Staff Radiologist at The Johns Hopkins Hospital

xx.  Dr. Gordon M. Bragg:  Principal of Gordon M. Bragg & Associates in which he specializes in the analysis for all aspects of asbestos fiber emissions

xxi.  Jeffrey Dean Dahl:  Senior Vice President of Rust Consulting, Inc.

xxii.  Dr. Steven E. Haber:  Board Certified Specialist in Internal Medicine; Board Certified Sub-specialist in Pulmonary Diseases; currently in private practice with the Texas Occupational Medicine Institute

xxiii.  Dr. William E. Wecker:  President of Wecker & Associates; Statistician and applied mathematician and has conducted research in statistical theory, statistical methods and applied mathematics for over 30 years

xxiv.  Dr. Frederick C. Dunbar:  Senior Vice President with National Economic Research Associates, Inc.

xxv.  Dr. Denise Martin:  Senior Vice President with National Economic Research Associates, Inc.

These experts range from doctors at the leading hospitals to professors and scientists encompassing a wide variety of asbestos-related knowledge.  In addition, the Debtors have retained THREE experts: Dr. Thomas Florence, Dr. Frederick Dunbar, and Dr.

Denise Martin, who have expertise in the valuation of asbestos claims.[1]  Surely, with this amount and variety of experts, Dr. Heckman's testimony cannot be anything more than duplicative of Dr. Florence and the other twenty-seven experts' testimony.  Accordingly, it is not in the best interests of the Debtors' estates to have duplicative sets of asbestos estimation experts billing the estates on the same issues where the interests of the parties are aligned.

18.    The Court's Original Order mandated a capped Lexecon budget at $10,000 a month in order to preclude the excessive billing that would arise if the Equity Committee retained separate experts.  The Court expressed concern over the cost of duplicative experts in the Original Application and the circumstances have not changed to any extent warranting a modification.

WHEREFORE, for the foregoing reasons, the PI Committee respectfully requests that the Court enter an Order denying the Motion To Modify Order Allowing Retention Of Lexecon LLC As Asbestos Claims Consultant To The Official Committee Of Equity Security Holders.

Date:   April 13, 2007

CAMPBELL & LEVINE, LLC

   /s/ Kathryn S. Keller
Marla R. Eskin (DE ID No. 2989)
Mark T. Hurford (DE ID No. 3299)
Kathryn S. Keller (DE ID No. 4660)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone:  (302) 426-1900

---

[1]    The ACC reserves the right to ask the Court to preclude the Debtors from offering duplicative and cumulative expert testimony and anticipates seeking a limitation on the parties of no more than ten experts per side.

- and –

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone:  (212) 319-7125

Nathan D. Finch
Walter B. Slocombe
Adam L. VanGrack
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone:  (202) 862-5000

*Counsel for the Official Committee of*
*Asbestos Personal Injury Claimants*