# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | RE: Docket No. 15113 |

## OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO DEBTORS' MOTION FOR LEAVE TO SHORTEN NOTICE PERIOD OF DEBTORS' EMERGENCY MOTION FOR AN ORDER CONCERNING THE AMENDMENT OR SUPPLEMENTATION OF ASBESTOS PROPERTY DAMAGE CLAIMS

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), objects to Debtors' Motion for Leave to Shorten Notice Period of Debtors' Emergency Motion for an Order Concerning the Amendment or Supplementation of Asbestos PD Claims [Dkt. No. 15113] (the "Motion to Shorten Time"). In support of this objection (the "Objection"), the PD Committee respectfully submits as follows:

### Background

1. By the Motion to Shorten Time, the Debtors seek to shorten the period in which the PD Committee and PD claimants would have to respond to the Debtors' so-called Emergency Motion for an Order Concerning the Amendment or Supplementation of Asbestos PD Claims [Dkt. No. 15112] (the "Motion").[1] The simple fact is that no

---

[1] The Motion is wholly without any merit and the PD Committee reserves its right to object thereto by way of a separate objection.

"emergency" exists and there are absolutely no grounds to hear the Motion on an expedited basis.[2]

2.  Making matters worse, the Debtors filed the Motion and the Motion to Shorten Time late in the evening on Friday, April 6, 2007, in the midst of a holiday weekend. Despite arguing that the Motion is of such utmost importance that the Court ought to shorten the time to respond to such Motion, the Debtors also saw fit to serve the Motion and the Motion to Shorten Time on PD claimants by first class mail,[3] further reducing the time such claimants would have to react to the motions.

3.  Moreover, as the Court knows, most PD claimants were in Court on Monday, April 9, 2007 in respect of the hearings on motions for summary judgment related to product identification and statute of limitations objections. However, the Debtors did not even see fit to advise PD claimants or the Court that they had filed the Motion or the Motion to Shorten Time.

### Argument

4.  No "emergency" exists to treat the Motion on an emergent basis. Indeed, the Debtors' only assertion to support their request to shorten the notice period is that the "schedule for pending litigation of Asbestos PD Claims warrants expedited consideration of the Motion." Motion to Shorten Notice at 2. However, a review of the status of the PD claim litigation belies the Debtors' unsupported argument that an emergency exists to

---

[2] Under the *Amended Order Scheduling Omnibus Hearing Dates for 2007* [Dkt. No. 14068] (the "Scheduling Order"), the deadline for filing a motion in time to be heard at the May 2, 2007 omnibus hearing was March 28, 2007.

[3] Attached hereto as Exhibit "A" is a copy of the Debtors' certificate of service in respect of the Motion and the Motion to Shorten Time, Dkt. No.15112.

MIAMI 1299994.1 7481715537                          2

hear the Motion on an expedited basis. Moreover, the Debtors' failure to file the Motion in accordance with the Scheduling Order is of their own doing and cannot be the basis for treating the Motion as an emergency.

5. First, the Debtors' reliance on the litigation schedule for PD claims as a basis for hearing the Motion on an expedited basis is make weight. As the Court is aware, until the entry of the Amended CMO[4] on April 12, 2007, the existing CMO provided that hearings on the merits of the product identification, limitations period and Libby claims objections would be held from April 23, 2007 through April 25, 2007. Thus, those claims objections were scheduled to be argued prior to the May 2 omnibus hearing even if the Court treated the Motion as an emergency.

6. Moreover, the hazard hearings are scheduled to be heard on May 31, 2007. Thus, whether the Motion is heard at the May 2 or May 21 omnibus hearing with respect to those particular objections is of no moment, as either would precede the May 31 objections hearing.[5] Accordingly, for the foregoing reasons, the Debtors' attempt to rely upon the "litigation schedule" fails to justify hearing the Motion on an expedited basis.

7. The Debtors incorrectly argue that the latest amendments or supplements, which they claim were made as recently as February 20, 2007, occurred after the deadlines for the filing of summary judgment motions had passed and discovery had

---

[4] During the April 9, 2007 hearing, the Court bifurcated the hearings in respect of the product identification objections and the limitations objections and entered an amended case management order on April 12, 2007 [Dkt. No. 15156] (the "Amended CMO"). Per the Amended CMO, the hearings in respect of product identification objections will be heard on April 23-25, 2007, and the hearings on limitations objections will be heard at a date to be determined in the future.

[5] In addition, as a result of the Amended CMO and the Court's statements during the April 9, 2007 hearing, it is now possible that the limitations period objections will also not be heard in advance of the May 21 omnibus hearing.

closed with respect to product identification, limitations period and hazard objections. With the exception of the February 16, 2007 deadline to file summary judgment motions in respect of product identification and limitations period objections, none of the remaining deadlines had passed. Indeed, discovery in respect of product identification and limitations period objections continued until at least mid-March and discovery in respect in hazard objections is ongoing to this day.

8.  Second, the Debtors' failure to comply with the Scheduling Order cannot form the basis for treating the Motion as an emergency. Again, according to the Debtors, the most recent amendments to PD claims were submitted on February 20, 2007 - - over six weeks prior to the filing of the Motion. Nevertheless, despite having over 36 days to file the Motion in order to comply with the Scheduling Order, the Debtors, for some unarticulated reason, chose to delay the filing of the Motion for an additional nine days, thus creating the need to seek a hearing on the Motion on an emergency bias.

9.  Fed. R. Bankr. P. 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules, "the court for cause shown may in its discretion with or without motion or notice order the period reduced."[6] However, cause cannot be demonstrated when the need to shorten time arises as a result of a party's own actions. *See Official Comm. of Disputed Litig. Creditors v. McDonald Invest., Inc.*, 42 B.R. 981, 987 (N.D. Tex. 1984) (noting that "[c]ause is not shown when the cause for expedited hearing is one of the movant's own making.").

---

[6] The flexibility written into Bankruptcy Rule 9006 to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown. *See In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y. 1986).

10. Further, Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) <u>specifying the exigencies</u> justifying shortened notice." (emphasis added). As explained above, the Debtors have utterly failed to establish the existence of any exigencies to justify shortening the notice. For these reasons as well, the Court should deny the Motion to Shorten Notice.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the PD Committee respectfully requests the entry of an Order sustaining this Objection, denying the Motion to Shorten Time, setting the Emergency Motion for hearing at the May 21, 2007 in accordance with the Scheduling Order and providing such other and further relief as is just and proper.

Dated: April 13, 2007

        FERRY, JOSEPH & PEARCE, P.A.

        /s/ Theodore J. Tacconelli
        Theodore J. Tacconelli (No.2678)
        824 Market Street, Suite 904
        P.O. Box 1351
        Wilmington, DE 19899
        (302) 575-1555

        Local Counsel for the Official Committee of Asbestos Property Damage Claimants

        -and-

        Scott L. Baena, Esquire (admitted pro hac vice)
        Jay M. Sakalo, Esquire (admitted pro hac vice)
        Bilzin Sumberg Baena Price
        & Axelrod LLP
        200 South Biscayne Boulevard
        Suite 2500
        Miami, FL 33131-2336
        (305) 374-7580

        Counsel for the Official
        Committee of Asbestos Property Damage Claimants