IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) ) | In proceedings for a Reorganization under |
| W.R. GRACE CO., *et al.* | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Case No. 01-01139-JKF Jointly Administered |

## TRIAL BRIEF OF DAGGY HALL AND
## AMERICAN LEGION FOR PRODUCT IDENTIFICATION HEARING

JASPAN SCHLESINGER HOFFMAN LLP
Laurie S. Polleck, Esquire (No. 4300)
913 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 351-8000
Facsimile: (302) 351-8010

And

MOTLEY RICE LLC
Anne McGinness Kearse
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465

## TABLE OF CONTENTS

Argument ……………………………………………………………………………3

    I.    Burden of Proof and Persuasion……………………………………………...3

    II.    Product Identification ……………………………………………………….4

    III.    Claimants *Prima Facia* Evidence ………………………………………....4

    IV.    Grace Has Failed to Present Sufficient Evidence to Counter …………………5
           Claimants *Prima Facia* Evidence

    V.    Preponderance of the Evidence …………………………………………….6

Conclusion …………………………………………………………………………....6

Claimants for Daggy Hall f/k/a The Speech Building a/k/a Theatre Building (Claim No. 6941) (hereinafter "Daggy Hall"), a building on the campus of Washington State University and American Legion in Fargo, North Dakota (Claim No. 3406) (hereinafter "American Legion"), by and through counsel, submit this Trial Brief, Exhibits and Witness List in anticipation of the April 23, 24, and 25, 2007 product identification hearing before the Honorable Judith K. Fitzgerald.

I.    Burden of Proof and Persuasion

F.R.B.P. 3001(f) establishes that, "A proof of claim . . . constitute[s] prima facia evidence of the validity of the claim." The burden of proof for bankruptcy claims alternates between a claimant and the debtor. *In re Allegheny Intern. Inc.,* 954 F.2d 167, 173 (3rd Cir. 1992). Initially, the claimant must merely allege sufficient facts to support its claim. *Id.* (citing *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991)). After the presentation of *prima facia* evidence, "the burden of going forward then shifts to the objector to produce evidence sufficient to negate" this evidence. *Id.* The objector's evidence must be equal in force to the *prima facie* case. *Id.* (citations omitted). This could also be stated that "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* at 173-74. If the objector can produce sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Id.* (citing *In re WHET, Inc.,* 33 B.R. 424, 437 (Bankr.D.Mass.1983)).

The burden of persuasion always rests with the claimants. *In re Allegheny Intern. Inc.,* 954 F.2d at 174 (3rd Cir. 1992) (citing *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991)).

II.     Product Identification

It is generally true that product identification is required in every products liability action. *In re Dow Corning Corp.*, 250 B.R. 298, 353-54 (Bankr. E.D. Mich. 2000). States have similarly agreed that product identification can be established both through direct and circumstantial evidence. *See e.g., Strickland v. Royal Lubricant Co., Inc.*, 911 F.Supp. 1460, 1470 (M.D.Ala. 1995). Additionally, as with all elements of civil action product identification need be established by a preponderance of the evidence. *See e.g., McMahon v. Eli Lilly and Co.*, 774 F.2d 830, 834 (7th Cir. 1985).

III.    Claimants Prima Facia Evidence

Claimaints for Daggy Hall and American Legion have sufficient *prima facia* evidence to identify the installation of asbestos containing Grace products in their respective buildings.

Daggy Hall (Claim No. 6941) is located in Pullman, Washington. Specifications for sprayed on fireproofing for Daggy Hall call for the fireproofing to be of "cementitious type" and the materials to be "W.R. Grace & Company" 'Zonolite Monocote' or approved equal." *See* Daggy Hall-Exhibit A. Floor plans also show the installation of vermiculite plaster and fireproofing. *See* Daggy Hall-Exhibit B. Two letters reiterate that Monokote was specified for the Washington State University "Speech Building." *See* Daggy Hall-Exhibit C. These letters, from Zonolite Division of W.R. Grace & Co. to the contractors, indicate that the Washington State University would bid on March 16 for this building with an "Approved Applicator of Mono Kote specification." *See* Daggy Hall-Exhibit C.

Washington Supreme Court has recognized the inherent difficulties in establishing product identification for asbestos products. As such, the Washington Supreme Court has held that evidence creating the reasonable inference that a defendant's product caused injury is legally

sufficient to establish causation. *Lockwood v. AC & S, Inc.*, 109 Wash.2d 235, 247, 744 P.2d 605, 613 (Wash. 1987). This evidence clearly satisfies such inference.

American Legion (Claim No. 3406) is located in Fargo, North Dakota. A document titled "Partial List of Recent Zonolite Plaster Jobs" from June 1952 states that Zonolite was installed at the "American Legion Building Fargo, North Dakota." *See* American Legion-Exhibit A.

Together this evidence, satisfies these claimants initial requirement of producing *prima facia* product identification.

IV.    Grace Has Failed to Present Sufficient Evidence to Counter Claimants *Prima Facia* Evidence

After the claimaint's have presented sufficient *prima facia* evidence the burden then falls on the objector to produce sufficient evidence to negate this evidence. *Allegheny,* 954 F.2d at 173. Debtor cannot satisfy this burden for these claims.

Debtor has relied heavily upon product identification expert Richard J. Lee, Ph.D (hereinafter "Lee") to establish the alleged lack of product identification. As was discussed Motley Rice LLC's *Motion in Limine Testimony of Debtor W.R. Grace's Expert Richard J. Lee, Ph.D. Filed* (Docket No. 14915) Lee is not prepared to opine as to whether Grace Products were contained within American Legion or Daggy Hall. *See* Deposition of Lee, Lee Expert Report. More importantly, he does not opine that W.R. Grace products were <u>not</u> installed in the American Legion or Daggy Hall building. He simply states he had "insufficient" data was never provided with any documents discussed above indicating such products.

Ultimately, Lee is not able to state with sufficient certainty that W.R. Grace products were not contained within either of these claimants buildings. Dr. Lee never analyzed any of the bulk sampling of the asbestos containing materials in these buildings and thereforehas no

relevant knowledge about the products in these buildings. As such, Debtor cannot present sufficient evidence to satisfy the burden of establishing a lack of product identification.

## V.    Preponderance of the Evidence

Even if the Debtor presents sufficient evidence to counter Claimaints' *prima facia* evidence, the balance of claimants evidence still favors finding that product identification is established for these claimants by a preponderance of the evidence.

Specifications and correspondence clearly establish that Monokote was specified for Daggy Hall. *See* Daggy Hall-Exhibit A,B,C. The specifications for Daggy Hall require a cementitious fireproofing product to be installed and specifically name W.R. Grace as a provider for this product. *See* Daggy Hall-Exhibit A.

Documents from 1952 clearly identify that Zonolite was installed at the "American Legion Building Fargo, North Dakota." *See* American Legion-Exhibit A.

This evidence constitutes strong direct and circumstantial evidence that asbestos containing W.R. Grace products were installed within these facilities. In opposition to this position, Claimant anticipates Debtor's presentation of testimony of their expert, Dr. Lee, who concedes that he has insufficient information to judge whether W.R. Grace products were contained in these buildings, was never shown these documents, and clearly does not rebut Plaintiff's evidence. Balancing these two positions the preponderance of the evidence favors the claimants.

## VI.    Conclusion

Claimaints respectfully request that this Court find that Debtor has not presented sufficient evidence challenging product identification at Daggy Hall and American Legion

Mt. Pleasant, SC
April 13, 2007

Respectfully Submitted by:

JASPAN SCHLESINGER HOFFMAN LLP

/s/ Laurie S. Polleck
Laurie S. Polleck, Esquire (No. 4300)
913 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 351-8000
Facsimile: (302) 351-8010

And

MOTLEY RICE LLC

/s/ Anne McGinness Kearse
Anne McGinness Kearse
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465