IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____
                                    )
IN RE:                              )    In proceedings for a
                                    )    Reorganization under
W.R. GRACE CO., *et al.*            )    Chapter 11
                                    )
        Debtors.                    )    Case No. 01-01139-JKF
_____)    Jointly Administered

**MOTLEY RICE CLAIMAINTS' REPLY TO DEBTORS'
OPPOSITION TO MOTION IN LIMINE TO
<u>EXCLUDE TESTIMONY OF EXPERT RICHARD J. LEE, PH.D.</u>**

Debtor Response presents a needlessly simplified analysis of the burden placed upon claimants and debtors in bankruptcy proceedings. Initially, the claimant must merely allege sufficient facts to support its claim. *In re Allegheny Intern. Inc.,* 954 F.2d 167, 173 (3rd Cir. 1992). (citing *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991)). After the presentation of *prima facia* evidence, "the burden of going forward then shifts to the objector to produce evidence sufficient to negate" this evidence. *Id.* The objector's evidence must be equal in force to the *prima facie* case. *Id.* (citations omitted). This could also be stated that "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* at 173-74. If the objector can produce sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Id.* (citing *In re WHET, Inc.,* 33 B.R. 424, 437 (Bankr.D.Mass.1983)).

Lee's report states that for Daggy Hall (Claim No. 6941) he found "insufficient data" for three of the samples. *See* Lee Expert Report p.21. In his deposition Lee stated that he cannot opine that those three samples were W.R. Grace products. *See* Deposition of Lee p. 51

Similarly, for American Legion (Claim No. 3406) Lee's expert report finds merely "insufficient data" for both samples.

Ultimately, Lee is not able to state with sufficient certainty whether or not W.R. Grace products are contained within either of these claimants buildings to counter prima facia evidence offered by these claimaints.

Since Dr. Lee's testimony cannot counter claimants *prima facia* evidence Dr. Lee should not be permitted to testify.

Mt. Pleasant, SC
April 13, 2007

Respectfully Submitted by:

JASPAN SCHLESINGER HOFFMAN LLP

/s/ Laurie Schenker-Polleck_____
Laurie Schenker-Polleck, Esquire (No. 4300)
913 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 351-8000
Facsimile: (302) 351-8010

And

MOTLEY RICE LLC

/s/ Anne McGinness Kearse_____
Anne McGinness Kearse
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465