# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | Case Nos. 01-1139 through 01-1200 |
| W.R. GRACE & CO., et al., | : | |
| | : | |
| Debtors. | : | |

-------------------------

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF | : | Adv. No. 02-2210 |
| ASBESTOS PERSONAL INJURY | : | **[LEAD DOCKET]** |
| CLAIMANTS and OFFICIAL | : | |
| COMMITTEE OF ASBESTOS | : | |
| PROPERTY DAMAGE | : | |
| CLAIMANTS OF W.R. GRACE & | : | |
| CO., suing in behalf of | : | |
| the Chapter 11 Bankruptcy | : | |
| Estate of W.R. GRACE & | : | |
| CO., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| SEALED AIR CORPORATION | : | |
| and CRYOVAC, INC., | : | |
| | : | |
| Defendants. | : | |

-------------------------

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF | : | Adv. No. 02-2211 |
| ASBESTOS PERSONAL INJURY | : | |
| CLAIMANTS and OFFICIAL | : | |
| COMMITTEE OF ASBESTOS | : | |
| PROPERTY DAMAGE | : | |
| CLAIMANTS OF W.R. GRACE & | : | |
| CO., suing in behalf of | : | |
| the Chapter 11 Bankruptcy | : | |
| Estate of W.R. GRACE & | : | |
| CO., et al., | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| FRESENIUS MEDICAL CARE | : | |
| HOLDINGS, INC. and | : | |
| NATIONAL MEDICAL CARE, | : | |
| INC., | : | **ORDER TO COMPEL AND** |
| | : | **PROTECTIVE ORDER** |
| Defendants. | : | |

---

This matter having been opened before the Court by the motion of plaintiff in the above-captioned adversary proceedings for an Order compelling production of documents created within the time frame relevant to these actions relating to W.R. Grace & Co.-Conn. ("Grace")'s monitoring of the matter titled <u>Georgine v. Amchem Products, Inc.</u> and documents prepared as part of Grace's calculation of asbestos and environmental reserves for its audited financial statements; and plaintiff having argued that Grace's objections on the ground that the documents contain attorney work product should be overruled on the ground of particular need and hardship and on other grounds; and Grace having appeared in opposition to this motion; and it appearing that parties have agreed on a form of protective order acceptable to Grace in the alternative should the Court grant plaintiff's motion; and the Court having found that plaintiff's ground of particular need and hardship justifies the relief sought herein; and the Court having found that there is no need to reach plaintiff's arguments based upon other grounds; and good cause appearing

It is this 21ST day of May, 2002

ORDERED that plaintiff's motion is granted and that Grace shall immediately produce under compulsion of this Order the documents described above, subject to the further terms and conditions of this Order to Compel and Protective Order, and it

2

is further

ORDERED that the Court adopts and incorporates by reference the form of protective order attached hereto, subject to the following amendments:

1.    Application to the Court as specified in paragraph 3F shall be made in the first instance to the Special Master in the manner set forth in prior Orders of this Court and as may be further specified by the Special Master;

2.    Subject to the requirement of due process, the Court may modify this Order to Compel and Protective Order at any time on its own motion or otherwise upon good cause shown;

and it is further

ORDERED that the findings and the effect of this Order to Compel and Protective Order are limited to the above-captioned adversary proceedings and this Order is without prejudice to the rights of any party to discovery in any other matter, including without limitation in proceedings in the above-captioned consolidated Chapter 11 cases In re W.R. Grace et alia, provided however, that production of documents or testimony pursuant to this Order to Compel and Protective Order shall not constitute a waiver of the attorney work product or other privilege against discovery of the information disclosed, and it is further

3

ORDERED that the Court shall not be bound by any provision in the Protective Order, including, without limitation, that the Court shall not be bound with respect to (a) whether any material designated confidential is properly so designated or should remain so, and (b) whether any document filed under seal pursuant to the protective order should properly be or remain under seal.

ALFRED M. WOLIN, U.S.D.J.

4

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

OFFICIAL COMMITTEE OF ASBESTOS )
PERSONAL INJURY CLAIMANTS and )
OFFICIAL COMMITTEE OF ASBESTOS )
PROPERTY DAMAGE CLAIMANTS OF )
W.R. GRACE & CO., suing on behalf of the )
Chapter 11 Bankruptcy Estate of W.R. )
GRACE & CO., et al., )
                                 )
           Plaintiffs, )      Adv. No. 02 - 2210
                                 )      [LEAD DOCKET]
    -against- )
                                 )
SEALED AIR CORPORATION and )
CRYOVAC, INC., )
                                 )
           Defendants. )

OFFICIAL COMMITTEE OF ASBESTOS )
PERSONAL INJURY CLAIMANTS and )
OFFICIAL COMMITTEE OF ASBESTOS )
PROPERTY DAMAGE CLAIMANTS OF )     Adv. No. 02-2211
W.R. GRACE & CO., suing on behalf of the )
Chapter 11 Bankruptcy Estate of W.R. )
GRACE & CO., et al., )
                               )
           Plaintiffs, )      **PROTECTIVE ORDER**
                               )
    -against- )
                               )
FRESENIUS MEDICAL CARE )    Affects Dockets 02-2210 and 02-2211
HOLDINGS, INC. and )
NATIONAL MEDICAL CARE, INC. )
                               )
           Defendants. )

IT IS HEREBY ORDERED that:

1.    This Protective Order ("Order") shall govern (i) all confidential documents produced by any party in this action; (ii) all confidential documents produced by any third party; (iii) all confidential interrogatory answers, responses to requests to admit and other discovery materials produced or provided by the parties or third parties; and (iv) all confidential testimony given in this action. This Order shall also govern all confidential information derived from such documents, discovery responses and testimony, and all copies, excerpts, or summaries of them. This Order shall apply to the parties in this action and to all attorneys of record in this action and their agents, including but not limited to, consulting or testifying experts engaged by a party or its attorneys in this action.

2.    For purposes of this Order, the following terms shall mean as follows:

A.    The term "person" refers to all natural persons, corporations, unincorporated associations, partnerships, joint ventures, or other artificial persons of any kind no matter how identified or organized.

B.    The term "document(s)" shall have the full meaning ascribed to it under Federal Rule of Civil Procedure 34 and Federal Rule of Bankruptcy Procedure 7034.

C.    The term "testimony" includes all depositions and discovery responses given pursuant to the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

D.    The term "party" or "parties" includes persons within the "control group" of any corporate entity. Any such person who reviews a document covered by this Order shall be advised of and shown a copy of this Order and, except for those

- 2 -

persons identified in Paragraphs 4(A)(1) and 4(A)(4), shall execute an acknowledgment in writing (attached hereto as Exhibit 1) that he or she has received a copy of this Order and is familiar with the provisions of it and all such persons shall: (i) be bound thereby; (ii) not use such documents or confidential testimony for any purpose other than in connection with the prosecution or defense of this action and not for any other purposes or any other case; (iii) not disclose any such document or confidential information, including information derived therefrom, to any person other than a person who has received a copy of this Order, has executed a written acknowledgment (in the form of Exhibit 1), and is subject to the provisions of this Order; and (iv) upon termination of his or her connection with this action, return such documents or information to the counsel who disclosed it in the first instance, or destroy such documents.

3.    "Confidential Attorneys' Eyes Only" Documents:

A.    Any party may designate documents or other information as "Confidential Attorneys' Eyes Only" by designating it "Confidential Attorneys' Eyes Only" or "Subject To Protective Order" (collectively referred to hereinafter as "Confidential Attorneys' Eyes Only") in good faith. A party may designate as "Confidential Attorneys' Eyes Only" documents constituting: (i) highly confidential, commercially sensitive or trade secret information; or (ii) attorney work product produced in this matter over objection pursuant to Court Order.

B.    With respect to a document, the designation of Confidential Attorneys' Eyes Only shall be made by placing or affixing a stamp or marking upon

- 3 -

the document (in such a manner as will not interfere with the legibility thereof) providing notice that the document is Confidential Attorneys' Eyes Only.

C.     With respect to deposition testimony, counsel may designate such testimony as Confidential Attorneys' Eyes Only at the time of the deposition; such testimony shall then be deemed to be Confidential Attorneys' Eyes Only and remain under seal until fourteen (14) days after copies of the deposition transcript are served, by which time the party seeking confidential treatment must designate in a separate writing the specific page(s) and line number(s) of the testimony given in the deposition that is deemed Confidential Attorneys' Eyes Only and that shall remain under seal.

D.     With respect to deposition testimony, documents or other written materials containing or discussing information designated Confidential Attorneys' Eyes Only pursuant to this Order, any such material that is filed shall be under seal with a designation that the material contained therein is to be treated as Confidential Attorneys' Eyes Only pursuant to the terms of this Order.  If oral argument is requested on any matter that requires disclosure of Confidential Attorneys' Eyes Only information, the party or parties seeking to disclose any such Confidential information in its or their argument shall indicate this fact to opposing counsel at or before the hearing of the matter.  All transcripts of such hearings shall be deemed Confidential Attorneys' Eyes Only and filed under seal pursuant to the terms of this Order.

- 4 -

E.      Whenever a party objects to the designation of a document or testimony as Confidential Attorneys' Eyes Only, it must so notify counsel for the party asserting such a designation in writing, setting forth the reasons supporting such objection. The designating party shall respond in writing to any notification by either (i) modifying or withdrawing all or part of the designation as confidential information, or (ii) declining to redesignate any part of such designation, setting forth the reason(s) supporting the designation as confidential. The designating party shall provide such response no later than seven (7) days after it receives notice of the objection(s).

F.      Upon notification that the party declines to reclassify Confidential Attorneys' Eyes Only information, counsel for the parties shall confer in good faith in an attempt to resolve the issues within seven (7) days. If the parties are unable to agree, the party opposing Confidential Attorneys' Eyes Only treatment may make an application to the Court for an order denying Confidential Attorneys' Eyes Only treatment of the particular information in question. Notice of any such motion shall be served upon all counsel of record.

(1)      The burden of establishing that a document or testimony is entitled to Confidential Attorneys' Eyes Only treatment rests on the party alleging its confidentiality.

(2)      Until the issue is finally determined by this Court or, in the event of an immediate interlocutory appeal, upon termination of such appeal, the document shall be given the Confidential Attorneys' Eyes Only treatment initially assigned to it and provided for in this Order.

4.      The parties to this action and their counsel shall not use any confidential document, discovery response or testimony as defined above, except for the sole purpose of prosecuting or defending this particular case and for no other case. Parties and their counsel shall not disclose, make available, or communicate any document or testimony designated "Confidential Attorneys' Eyes Only" or summaries of such information or documents, to any party, except as follows:

A.      "Confidential Attorneys' Eyes Only" documents and information, and all copies, abstracts, compilations, extracts and complete or partial summaries of any "Confidential Attorneys' Eyes Only" material may be shown or disclosed only to:

(1)      Milberg Weiss Bershad Hynes & Lerach, LLP ("Milberg Weiss) and its paralegals, clerks, and secretarial employees; Skadden Arps Slate Meagher & Flom LLP, and its paralegals, clerks, and secretarial employees; in house counsel at Sealed Air Corporation; McDermott Will & Emery, and its paralegals, clerks, and secretarial employees; in house counsel at Fresenius Medical Care Holdings, Inc. and National Medical Care, Inc.; O'Melveny & Meyers, and its paralegals, clerks, and secretarial employees; Kirkland & Ellis, and its paralegals, clerks, and secretarial employees; and in house counsel at W.R. Grace & Co. (collectively, "Parties' Counsel");

(2)      Independent expert consultants retained by Parties' Counsel for the purposes of this lawsuit,

(3)      The author or any recipient of the documents as reflected on the face of the document, and

(4)      The Court, court personnel, and court reporters at depositions.

- 6 -

B.     "Confidential Attorneys' Eyes Only" documents and information, and all copies, abstracts, compilations, extracts and complete or partial summaries of any "Confidential Attorneys' Eyes Only" material produced to 'plaintiffs' shall not be shown or disclosed to (i) members of the Official Committee of Asbestos Personal Injury Claimants of W.R. Grace & Co. ("PI Committee") or Official Committee of Asbestos Property Damage Claimants of W.R. Grace & Co. ("PD Committee"); (ii) representatives of the PI or PD Committees; (iii) counsel for the PI or PD Committees other than Milberg Weiss; or (iv) anyone other than those individuals specifically provided for in paragraph 4(A) above.

C.     If an attorney desires to show or communicate any "Confidential Attorneys' Eyes Only" documents or information, or any copies, abstracts, compilations or complete or partial summaries of any "Confidential Attorneys' Eyes Only" materials, to any persons other than those referred to in Paragraph 4A, including clients, that attorney shall serve a written objection to the "Confidential Attorneys' Eyes Only" designation pursuant to the procedures set forth in Paragraph 3E. The procedures for resolving any such disposition shall be the same as those set forth above in Paragraph 3F.

D.     Any documents produced, or testimony provided, pursuant to Order of this Court and subject to "Confidential Attorneys' Eyes Only" designation under this Order shall not waive the attorney work product protection for the documents produced or the testimony elicited.

5.    Withdrawal of Designation

a.    Any party may at any time withdraw its designation of "Confidential Attorneys' Eyes Only" by giving written notice of such withdrawal to the other party.

b.    If a party withdraws its designation of "Confidential Attorneys' Eyes Only" for a document, the party shall within ten (10) days produce another copy of that document without the confidentiality stamp described above in paragraph 3(B).

6.    Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial, or be deemed a waiver of a party's right to object to any discovery request, testimony, line of questioning or admission into evidence of any document at trial.

7.    Nothing herein shall limit any person's use of his, her or its own confidential documents or information for any purpose, including but not limited to sharing such confidential documents with its own counsel.

8.    Nothing herein prevents parties from reclassifying as Confidential Attorneys' Eyes Only documents that may be inadvertently produced within ten (10) days after the party learns of such inadvertent production.

9.    Within ninety (90) days of the termination of this action, all Confidential Attorneys' Eyes Only documents and copies thereof (and/or any summaries or exhibits of such documents except attorney work product) in the custody of counsel or any of the parties and those to whom such counsel have disclosed such documents, shall be delivered to counsel for the persons that produced or provided such documents, or, in the alternative, be destroyed. Counsel for the non-producing party shall not retain copies of the documents or exhibits produced. For purposes of this

- 8 -

agreement, "termination" of this action shall occur upon: (i) full settlement of all claims between all parties; or (ii) final adjudication on the merits (including final adjudication of any appeal).

10.    The terms of this Order shall survive and remain in full force and effect after the termination of this lawsuit in order to secure compliance with paragraph nine (9) of this Order.

11.    The terms of this Order are subject to modification only upon written agreement of the parties and by Order of the Court.

12.    This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement or modification by the Court of the terms of this Order, in perpetuity. The Court shall not be divested of the power to enforce the terms of this Order as to any person subject to the terms of this Order by the conclusion of this case, or by the filing of a notice of appeal or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally. The Court shall retain jurisdiction to enforce the terms of this Order.

## ORDER

Having considered the foregoing Protective Order:
IT IS SO ORDERED.

Dated:_____        By:_____

Alfred M. Wolin, U.S.D.J.

- 9 -

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 02 - 2210 |
| | ) | [LEAD DOCKET] |
| -against- | ) | |
| | ) | |
| SEALED AIR CORPORATION and | ) | |
| CRYOVAC, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PERSONAL INJURY CLAIMANTS and | ) | |
| OFFICIAL COMMITTEE OF ASBESTOS | ) | |
| PROPERTY DAMAGE CLAIMANTS OF | ) | Adv. No. 02 - 2211 |
| W.R. GRACE & CO., suing on behalf of the | ) | |
| Chapter 11 Bankruptcy Estate of W.R. | ) | |
| GRACE & CO., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | **EXHIBIT 1** |
| | ) | |
| -against- | ) | |
| | ) | |
| FRESENIUS MEDICAL CARE | ) | Affects Dockets 02 - 2210 and 02 - 2211 |
| HOLDINGS, INC. and | ) | |
| NATIONAL MEDICAL CARE, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

_____, being first duly sworn, deposes and states as follows:

1.    I have read and understand the terms of the Protective Order entered by the Court in the above-captioned matter and understand my obligations thereunder.

2.    I agree not to disclose, make available, or communicate information and documents designated "Confidential Attorneys' Eyes Only" or "Subject To Protective Order" or summaries of, or attorney work product containing, such information or documents to any other person other than as permitted in Paragraph 4(A) of the Order, and shall use such information and documents solely for the purposes of trial or trial preparation of this action and this action alone.

3.    I further agree that upon termination of this action as defined in the Order, I shall return (or destroy if applicable) documents, testimony and transcripts or other material designated as "Confidential Attorneys' Eyes Only" or "Subject To Protective Order" under the Order and all copies thereof (and/or any summaries or exhibits of such information or documents) in my custody or the custody of clerical personnel directly employed or retained by me in connection with this case to counsel who produced or provided such information to me.

4.    I agree to abide by all other terms and conditions of the Order that may apply to me.

Dated this _____ day of _____, _____.


SUBSCRIBED AND SWORN
TO BEFORE ME this _____
day of _____, 2002                    _____
                                                Signature


_____                _____
Notary Public                                   Printed Name

My Commission Expires:


_____

- 2 -