IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## NOTICE OF SUBPOENA

To All Parties on the Attached Service List:

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable by Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure, the United States District Court for the Northern District of West Virginia issued a subpoena (a copy of which is attached hereto) for Patricia A. Sullivan, National Institute for Occupational Safety and Health. This subpoena was served on April 11, 2007. The subpoena required Joseph E. Burkhart, National Institute for Occupational Safety and Health, to make available requested documents on April 24, 2007 beginning at 1:00 PM at EuroSuites Hotel, 501 Chestnut Ridge Rd, Morgantown, WV, Room 300.

Dated: April 16, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Scott McMillin
Ellen Therese Ahern
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

KIRKLAND & ELLIS LLP
Barbara Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

-and-

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone:    (302) 778-6407
Facsimile:    (302) 652-4400

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN    DISTRICT OF    WEST VIRGINIA

In re: W.R. Grace & Co., et al

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 01-01139 (JKF) (Del. Bankr.)

TO: Patricia A. Sullivan, Sc.D.
National Institute for Occupational Safety and Health
Division of Respiratory Disease Studies
1095 Willowdale Road, Morgantown, WV 26505

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| EuroSuites Hotel 501 Chestnut Ridge Rd, Morgantown, WV, Room 300 | April 24, 2007 at 1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] - Attorney for Debtor | April 10, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lee Murray Hall (WV Bar #6447)
Robert H. Sweeney, Jr. (WV Bar # 5831) Post Office Box 2688, Huntington, West Virginia (304) 523-2100

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | April 11, 2007 | National Institute for Occupational Safety & Health, 1095 Willowdale Road, Morgantown, WV 26505 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Joseph E. Burkhart | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Anne Harbison | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  April 11, 2007
DATE

SIGNATURE OF SERVER  Anne Harbison

ADDRESS OF SERVER  858 Rawley Ave. Morgantown, WV 26505

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:                                    )
                                          )
W. R. GRACE & CO., et al.,                )   Misc. Case No. 01-01139 (JFK)
                                          )
            Debtors.                      )

SUBPOENA TO PRODUCE DOCUMENTS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

TO:   Patricia A. Sullivan, Sc. D.
      National Institute for Occupational Safety and Health
      Division of Respiratory Disease Studies
      1095 Willowdale Road
      Morgantown, WV 26505

YOU ARE COMMANDED TO PRODUCE the categories of documents set forth in Attachment "A" to this subpoena in the matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JKF), currently pending in the United States Bankruptcy Court, District of Delaware. Dr. Sullivan is requested to make the categories of documents set forth in Attachment "A" available to the undersigned counsel for W.R. Grace & Co. for inspection and copying.

This subpoena has been issued by the United States District Court for the Northern District of West Virginia. You must produce all of the materials described in this subpoena and its attachments for inspection and copying and must do so at the time and place set out in this subpoena. Your failure to do so may be punished as a contempt of the United States District Court for the Northern District of West Virginia.

Dated: April 10, 2007

        Jenkins Fenstermaker, PLLC
        Brian S. Lindsay, Esq.
        Suite 1100, Coal Exchange Building
        P.O. Box 2688 (25726-2688)
        Fourth Avenue and Eleventh Street
        Huntington, WV 25701
        Tel: (304) 523-2100
        Fax: (304) 523-2347


        KIRKLAND & ELLIS LLP
        David M. Bernick
        Scott McMillin
        Salvatore Bianca
        200 East Randolph Drive
        Chicago, IL 60601
        Telephone:   (312) 861-2000
        Facsimile:    (312) 861-2200

        -and-

        KIRKLAND & ELLIS LLP
        Barbara M. Harding
        David E. Mendelson
        Brian T. Stansbury
        Amanda C. Basta
        655 Fifteenth Street, NW
        Washington, D.C. 20005
        Telephone:   (202) 879-5000
        Facsimile:    (202) 879-5200

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

1. The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JFK), currently pending in the United States Bankruptcy Court, District of Delaware.

2. "Debtors" or "Grace" shall mean and include any of the following entities, either individually or collectively: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings

Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3. "Libby Cohort Mortality Study" shall refer to the article entitled "Vermiculite, Respiratory Disease and Asbestos Exposure in Libby, Montana: Update of a Cohort Mortality Study," authored by Patricia A. Sullivan.

4. "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

5. "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

6. "B-reading" shall mean and include, without limitation, a physician's report of finding from an individual's chest radiograph, using the classification system devised by the ILO.

7. As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

8. "NIOSH" shall mean the National Institute for Occupational Safety and Health.

9. The "National Death Index" shall mean a central computerized index of death record information on file in the state vital statistics offices established by the National Center for Health Statistics

10. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

11. "Person" includes a natural person or any business, legal, or government entity or association.

12. "Identify," when used in reference to:

a. a natural person, shall mean to state the person's full name, present or last-known home address and telephone number, present or last-known job title, employment address and telephone number;

b. any other person, shall mean to state the person's full name and present or last known-address (designating which); and

c. a document, shall mean to describe the document by date, author(s), addressee(s), recipient(s), title and general subject matter and content.

13. Unless otherwise specified, this request for documents shall include the period beginning January 1, 1999 through the date on which the answers in response hereto are made.

14. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in chronological order, setting forth as to each the following: (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

15. If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

16. Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

17. References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

### REQUEST NO. 1:

All demographic and work data abstracted from Grace company personnel and pay records referenced in the Materials and Methods section of the Libby Cohort Mortality Study.

### REQUEST NO. 2:

The database referenced in the Materials and Methods section of the Libby Cohort Mortality Study, which was created by the U.S. National Institute for Occupational Safety and Health, containing demographic data, work history, and vital status at the end of 1981 for 1,881 workers.

### REQUEST NO. 3:

All Grace company records on microfilm at NIOSH that were referenced in the Materials and Methods section of the Libby Cohort Mortality Study.

### REQUEST NO. 4:

All vital status data obtained from the National Death Index (NDI-Plus), the Social Security Administration, the internet and a tracing service as referenced in the Materials and Methods section of the Libby Cohort Mortality Study.

### REQUEST NO. 5:

All death certificates and databases containing coded data from the death certificates as referenced in the Materials and Methods section of the Libby Cohort Mortality Study.

### REQUEST NO. 6:

The "job-exposure matrix" developed for the Libby Cohort Mortality Study.

### REQUEST NO. 7:

All ACCESS 2000, SAS Version 8.0, and SAS Version 9.1 files that were generated or considered by you when conducting the Libby Cohort Mortality Study.

### REQUEST NO. 8:

All Documents and databases relating to the workers included in the Libby Cohort Mortality Study, including but not limited to Documents or databases identifying (i) job titles

and work history, (ii) asbestos exposure history, (iii) estimated doses of asbestos exposure, (iv) ~~smoking history, (v) medical history, and (vi) the dates and times workers entered the Study.~~