## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| In re:  W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Hearing Date:  TBD** |
| | ) | **Objection Deadline:  TBD** |
| | ) | |

**CLAIMANT STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES'
MOTION FOR ORDER TO PERMIT FACT WITNESSES DAN HOOD AND GLENN
CONNOR TO TESTIFY BY TELEPHONE AT THE APRIL 23-25, 2007
HEARINGS ON PRODUCT IDENTIFICATION**

Claimant State of California, Department of General Services (the "Claimant" or

"DGS"), by and through its undersigned counsel, hereby moves this Court for entry of an Order

permitting fact witnesses, Dan Hood and Glenn Connor, to testify at the April 23-25, 2007

hearings on product identification by telephone (the "Motion").  In further support of its Motion,

DGS respectfully states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are section 105(a) of

title 11 of the United States Code (the "Bankruptcy Code"), Rules 9013 and 9014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1 of the Local

Rules of the United States Bankruptcy Court For The District of Delaware (the "Local Rules").

## **BACKGROUND**

3.        On April 2, 2001 (the "Petition Date"), Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

4.        In March 2003, Claimant filed the DGS Claims,[1] which seek over $130 million in property damage to sixteen specific buildings (collectively, the "Buildings") located in California.  Along with the DGS Claims proof of claim forms, Claimant submitted supporting documentation identifying Debtors as the manufacturer of many of the asbestos-containing products in the Buildings.

5.        On September 1, 2005, Debtors filed the Fifteenth Omnibus Objection (Substantive) to asbestos property damage claims.  Among other things, Debtors objected to the DGS Claims on the ground that Claimant has not provided sufficient proof that Debtors manufactured and/or sold the products.

6.        Claimant responded to the Fifteenth Omnibus Objection on or about October 24, 2005, and supplemented that response on November 30, 2005.  Debtors served their reply on December 22, 2005.

7.        Pursuant to the October 13, 2006 Amended Order Setting Forth Various Deadlines Regarding Objections To Asbestos Property Damage Claims and the April 11, 2007 Modified Amended Scheduling Order For Adjudication Of Asbestos PD Claims (collectively, the "Scheduling Order"), objections to PD Claims regarding product identification will be

---

[1]        Claimant's sixteen proofs of claim numbers (as denominated by Debtors) are 10648, 10649, 10650, 10651, 10652, 10653, 10654, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662, and 14411.

adjudicated on April 23, 24 and 25, 2007, commencing at 9:00 a.m., Eastern time, in Pittsburgh, Pennsylvania (the "Hearings").

8.      The Scheduling Order also, *inter alia*, set April 17, 2007 at noon, as the deadline for claimants to provide to the Debtors witness declarations or witness affidavits for any witness such claimants intended to present in their cases-in-chief on direct by declaration and not live.

9.      At the hearing held on March 8, 2007 in this matter, the Court expressly stated that "lay witnesses may appear by video, or by a short deposition, or by affidavit . . . even by telephone" at the hearings on product identification. Tr. at 42, 45-46. Specifically, two video links, as well as a phone link, will be made available for the presentation of witness testimony. *See* Tr. at 46.

10.     On or about April 16, 2007, counsel for the Claimant contacted the Court's clerk to inquire with respect to video and/or telephone conferencing at the Hearings for the purpose of having its fact witnesses testify by video and/or telephone due to their unavailability to appear in person at the Hearings. During that call, the Court's clerk stated that Court permission was required to testify by video and/or telephone at the Hearings.

## RELIEF REQUESTED

11.     By this motion, the Claimant respectfully requests that this Court enter an Order permitting its fact witnesses, Dan Hood and Glenn Connor, to testify by telephone at the Hearings.

## BASIS FOR RELIEF REQUESTED

12.     A bankruptcy court may grant the relief requested herein pursuant to Section 105(a) of the Bankruptcy Code, Rules 9013 and 9014 of the Bankruptcy Rules, and Rule 9013-1 of the Local Rules. Section 105(a) of the Bankruptcy Code provides that "[t]he court

may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

13.     Rule 9014 of the Bankruptcy Rules defines the procedure by which a party

may move for relief under Bankruptcy Code Section 105(a), and provides that

> The court shall provide procedures that enable parties to ascertain
> at a reasonable time before any scheduled hearing whether the
> hearing will be an evidentiary hearing at which witnesses may
> testify.

Fed. R. Bankr. P. 9014(e).

14.     Further, Local Rule 9013-1 with respect to evidentiary hearings provides

that:

> The hearing on any contested matter will be an evidentiary hearing
> at which witnesses will testify live with respect to any material
> factual issues in dispute *unless* these Rules, the parties, or the
> Court provides otherwise.

L.R. 9013-1(d).  (emphasis added)

15.     At the hearing held on March 9, 2007, the Court set forth the process by

which lay witnesses could testify at the Hearings, as follows: "[L]ay witnesses may appear by

video, or by a short deposition, or by affidavit . . . even by telephone" at the hearings on product

identification. *See* Tr. at 42, 45-46.

15.     Claimant's fact witness, Glenn Connor, an employee of DGS, is unable to

attend the Hearings in person due to his inability to obtain permission from the State to travel to

attend such Hearings.

16.     Dan Hood, a former employee of DGS, is unavailable because he is

outside of the Court's jurisdiction and not under Claimant's control, but has agreed to testify via

telephone.  Claimant only learned today that Mr. Hood would be available to testify by audio at

Hearings held next Tuesday or Wednesday.

17.    Claimant intends to submit the Declarations of Dan Hood and Glenn Connor as part of its case-in-chief on direct for two purposes: (a) to authenticate documents Claimant intends to introduce at the hearings, and (b) to provide information concerning the preparation and transfer of bulk samples to MVA Scientific Consultants for testing and constituent analysis.

18.    Pursuant to Claimant's counsel's telephone conversation with counsel for the Debtors on April 16, 2007, the Debtors do not object to Mr. Connor testifying by telephone.

19.    Claimant's counsel has not had the opportunity to discuss Mr. Hood's testimony by telephone. However, Claimant does not believe that the debtors will be prejudiced by Mr. Hood's audio testimony as they will have an opportunity to cross-examine Mr. Connor via telephone, and will have the opportunity to review his testimony on direct one week in advance of the Hearings, pursuant to Claimant's submission of Mr. Hood's Declaration on April 17, 2007.

20.    Messrs. Hood and Connor are valuable witnesses to Claimant's case-in-chief, and the Claimant will be greatly prejudiced should they be unable to testify by telephone.

## NOTICE

Notice of this Motion has been given to: (i) counsel for the Debtors; (ii) counsel for the PD Committee; (iii) the Office of the United States Trustee; (iv) all parties requesting special notice in this case; and (v) all parties whose rights are affected by the Motion. In light of the relief requested herein, the Claimant respectfully submits that no other or further notice of the Motion is required.

## NO PRIOR REQUEST

No previous motion for the relief requested herein has been made by the Claimant to this or any other court.

WHEREFORE, the Claimant respectfully requests that the Court enter an Order

permitting its fact witnesses, Dan Hood and Glenn Connor, to testify at the April 23-25, 2007

hearings on product identification by telephone, and granting such other and further relief as the

Court deems just and proper.

Respectfully submitted,

Dated: Wilmington, Delaware
        April 16, 2007

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By: /s/ Leslie C. Heilman
    Tobey Marie Daluz, Esq. (No. 3939)
    Leslie C. Heilman, Esq. (No. 4716)
    919 North Market Street, 12th Floor
    Wilmington, Delaware 19801
    Telephone: (302) 252-4465
    Facsimile: (302) 252-4466
    Email: daluzt@ballardspahr.com
           heilmanl@ballardspahr.com

-and-

HAHN & HESSEN LLP
Steven J. Mandelsberg, Esq.
Christina J. Kang, Esq.
John P. McCahey, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Email: smandelsberg@hahnhessen.com
       ckang@hahnhessen.com
       jmccahey@hahnhessen.com

Counsel for Claimant
State of California, Dep't of General Services