IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |

**MOTION FOR EXPEDITED CONSIDERATION OF CLAIMANT
STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES'
MOTION FOR ORDER TO PERMIT FACT WITNESSES DAN HOOD AND GLENN
CONNOR TO TESTIFY BY TELEPHONE AT THE APRIL 23-25, 2007
HEARINGS ON PRODUCT IDENTIFICATION**

Claimant State of California, Department of General Services (the "Claimant" or "DGS"), by and through its undersigned counsel, hereby respectfully moves this Court for an order granting expedited consideration (the "Motion to Shorten Notice") of Claimant's motion for entry of an Order permitting fact witnesses, Dan Hood and Glenn Connor, to testify at the April 23-25, 2007 hearings on product identification by telephone (the "Motion") (Docket No. 15201); and in support hereof, state as follows:

1. On April 2, 2001 (the "Petition Date"), Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

2. In March 2003, Claimant filed the DGS Claims,[1] which seek over $130 million in property damage to sixteen specific buildings (collectively, the "Buildings") located in California. Along with the DGS Claims proof of claim forms, Claimant submitted supporting

---

[1] Claimant's sixteen proofs of claim numbers (as denominated by Debtors) are 10648, 10649, 10650, 10651, 10652, 10653, 10654, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662, and 14411.

documentation identifying Debtors as the manufacturer of many of the asbestos-containing products in the Buildings.

3. On September 1, 2005, Debtors filed the Fifteenth Omnibus Objection (Substantive) to asbestos property damage claims. Among other things, Debtors objected to the DGS Claims on the ground that Claimant has not provided sufficient proof that Debtors manufactured and/or sold the products.

4. Claimant responded to the Fifteenth Omnibus Objection on or about October 24, 2005, and supplemented that response on November 30, 2005. Debtors served their reply on December 22, 2005.

5. Pursuant to the October 13, 2006 Amended Order Setting Forth Various Deadlines Regarding Objections To Asbestos Property Damage Claims and the April 11, 2007 Modified Amended Scheduling Order For Adjudication Of Asbestos PD Claims (collectively, the "Scheduling Order"), objections to PD Claims regarding product identification will be adjudicated on April 23, 24 and 25, 2007, commencing at 9:00 a.m., Eastern time, in Pittsburgh, Pennsylvania (the "Hearings").

6. Contemporaneously with the filing of this Motion to Shorten Notice, the Claimant filed its Motion. The basis for the Motion and the relief requested is set forth more fully therein. In short, however, the Claimant asserts that the testimony of fact witnesses, Dan Hood and Glenn Connor, is integral to its case-in-chief regarding product identification and both Messrs. Hood and Connor are unavailable. More specifically, Glenn Connor, an employee of DGS, is unable to attend the Hearings in person due to his inability to obtain permission from the State to travel to attend such Hearings. Further, Dan Hood, a former DGS employee, is unavailable because he is outside of the Court's jurisdiction and not under Claimant's control, but

has agreed to testify via telephone. Claimant only learned today that Mr. Hood would be available to testify by audio at Hearings held next Tuesday or Wednesday. Accordingly, the Claimant seeks an Order from this Court permitting Messrs. Hood and Connor to testify by telephone at the Hearings.

7. Claimant intends to submit the Declarations of Dan Hood and Glenn Connor as part of its case-in-chief on direct for two purposes: (a) to authenticate documents Claimant intends to introduce at the hearings, and (b) to provide information concerning the preparation and transfer of bulk samples to MVA Scientific Consultants for testing and constituent analysis.

8. Pursuant to Claimant's counsel's telephone conversation with counsel for the Debtors on April 16, 2007, the Debtors do not object to Mr. Connor testifying by telephone.

9. Claimant's counsel has not had the opportunity to discuss Mr. Hood's testimony by telephone. However, Claimant does not believe that the debtors will be prejudiced by Mr. Hood's audio testimony as they will have an opportunity to cross-examine Mr. Connor via telephone, and will have the opportunity to review his testimony on direct one week in advance of the Hearings, pursuant to Claimant's submission of Mr. Hood's Declaration on April 17, 2007.

10. As the Hearings are scheduled for April 23-25, 2007, the Claimant proposes that the hearing to consider their Motion be conducted on April 23, 2007 the first day of the Hearings.

11. Pursuant to Fed. R. Bankr. P. 9006(c)(1), 9007 and 2002(m) and Del. Bankr. LR. 9006-1(e), this Court may shorten the notice period for the hearing on the Motion and grant expedited consideration thereof.

DMEAST #9767430 v2

4

12.  Pursuant to Del. Bankr. LR. 9006-1(e), no hearing on this Motion To Shorten Notice is required.

13.  Pursuant to Del. Bankr. LR. 9013-1(g) and 2002-1(b), a copy of this Motion to Shorten Notice and the proposed Order attached hereto was served via facsimile, email and/or hand delivery (as noted in a separate certificate of service) upon (i) counsel for the Debtors, (ii) counsel for the PD Committee, (iii) the Office of the United States Trustee, and (iv) all parties whose rights are affected by the Motion; and, via first-class mail or hand delivery, upon those parties requesting special notice in this case. The Claimant submits that no other or further notice need be provided.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Claimant respectfully requests that this Court enter an order (i) shortening notice of the hearing on the Motion, and (ii) granting such other and further relief as is just and proper. A proposed form of order is submitted herewith.

Respectfully Submitted,

Dated: Wilmington, Delaware
April 16, 2007

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By: /s/ Leslie C. Heilman
Tobey Marie Daluz, Esq. (No. 3939)
Leslie C. Heilman, Esq. (No. 4716)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: daluzt@ballardspahr.com
heilmanl@ballardspahr.com

-and-

HAHN & HESSEN LLP
Steven J. Mandelsberg, Esq.
Christina J. Kang, Esq.
John P. McCahey, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Email: smandelsberg@hahnhessen.com
ckang@hahnhessen.com
jmccahey@hahnhessen.com

Counsel for Claimant
State of California, Dep't of General Services