IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____
                                                )

| | | |
|---|---|---|
| IN RE: | ) | In proceedings for a |
| | ) | Reorganization under |
| W.R. GRACE CO., *et al.* | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139-JKF |
| _____) | | Jointly Administered |

**MOTLEY RICE CLAIMAINT'S REPLY TO DEBTORS'
OPPOSITION TO THE MOTION IN LIMINE TO EXCLUDE
<u>TESTIMONY OF EXPERT RICHARD J. LEE, PH.D.</u>**

Currently, the only Motley Rice claim to be heard on April 23, 2007 is Daggy Hall (Claim No. 6941). Motley Rice's Motion in Limine to Exclude the Testimony of Expert Richard J. Lee, Ph.D. remains relevant to this claim. In the April 23rd proceeding, the claimant must first allege sufficient facts to support its claim. *In re Allegheny Intern. Inc.,* 954 F.2d 167, 173 (3rd Cir. 1992). (citing *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991)). After the presentation of *prima facia* evidence, "the burden of going forward then shifts to the objector to produce evidence sufficient to negate" this evidence. *Id.* The objector's evidence must be equal in force to the *prima facie* case. *Id.* (citations omitted). This could also be stated that "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* at 173-74. Only if the objector can produce sufficient evidence to negate one or more of the sworn facts in the proof of claim does the burden revert to the claimant to prove the validity of the claim by a preponderance of the evidence. *Id.* (citing *In re WHET, Inc.,* 33 B.R. 424, 437 (Bankr.D.Mass.1983)).

Dr. Lee is not able to state that W.R. Grace products are not contained within this claimant's building to counter *prima facia* evidence offered by this claimant. *See* Deposition of

1

Lee p. 51. Dr. Lee's report lists hundreds of samples from other claimants' as being "Not a Grace product." *See* Lee Expert Report pp.20-25. Not one of Daggy Hall's samples is listed as being "Not a Grace Product." *See* Lee Expert Report pp. 21. Dr. Lee's report indicates that he reviewed information from five (5) asbestos samples from Daggy Hall. Three of these samples are listed as "insufficient data." In his deposition, Lee stated he cannot refute that that these three samples are Grace products. *See* Deposition of Lee p. 51.

Expert testimony must be not only reliable, but also helpful to resolve an issue in the case. *See, e.g.*, *In re Brand Name Prescription Drugs Antitrust Litig.*, 186 F.3d 781, 786 (7th Cir. 1999). Because Dr. Lee cannot opine one way or another as to whether a W.R. Grace product was in the Claimant's building at issue in this litigation, his opinion is not helpful in resolving the product identification issues set for trial on April 23, 2007.

Mt. Pleasant, SC
April 18, 2007

Respectfully Submitted by:

JASPAN SCHLESINGER HOFFMAN LLP

*/s/ Laurie Schenker-Polleck*_____
Laurie Schenker-Polleck, Esquire (No. 4300)
913 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 351-8000
Facsimile: (302) 351-8010

-and-

MOTLEY RICE LLC

*/s/ Anne McGinness Kearse*_____
Anne McGinness Kearse
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465