## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | **Re: Docket No. 15112** |
| | ) | |
| | ) | |
| _____ | ) | |

## OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO DEBTORS' EMERGENCY MOTION FOR AN ORDER CONCERNING THE AMENDMENT OR SUPPLEMENTATION OF ASBESTOS PROPERTY DAMAGE CLAIMS

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), objects to Debtors' Emergency Motion for an Order Concerning the Amendment or Supplementation of Asbestos PD Claims [Dkt. No. 15112] (the "Motion"). In support of this objection (the "Objection"), the PD Committee respectfully submits as follows:[1]

### Discussion

1.    The Debtors (also referred to collectively as "Grace"), by way of the Motion, seek to (a) enjoin PD Claimants from amending or supplementing claims with respect to product identification, limitations, Libby issues, or hazard (the "Pending

---

[1]    The PD Committee interjects itself by way of this Objection because the issue framed by the Motion is an overarching one that applies to all extant PD Claims. At the July 24, 2006 omnibus hearing, the Court stated that the PD Committee can weigh in on such issues. Tr. of Hr'g 166, July 24, 2006. The PD Committee is especially concerned that PD Claimants have not been afforded reasonable opportunity to respond to the Motion because the Debtors, despite the alleged emergency, served PD Claimants by first class mail. See Dkt. No. 15112. Moreover, Debtors once again served the Order establishing the April 23 response deadline upon PD Claimants by first class mail. See Dkt. No. 15241. Allowing 3 business days for mailing as is provided by Fed. R. Bankr. P. 9006, PD Claimants are expected to respond to the Motion on the same day that they are deemed to have received the Order establishing the response date.

Contested Matters"); and (b) require PD Claimants to seek leave of the Court to supplement or amend their claims for any other purpose. Motion at 1-2. The relief sought, however, has no basis in fact or in law and must be denied.

### (a)   Rule 7015 Is Not Applicable to the Pending Contested Matters

2.     Grace suggests that both an injunction barring future amendments or supplements relating to the Pending Contested Matters and an order requiring PD Claimants to seek leave of court prior to amending or supplementing their claims for any other purpose are appropriate because PD Claimants have "disregarded" the purported requirement to seek leave of court before amending or supplementing a proof of claim pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.     However, Bankruptcy Rule 9014(c) sets forth certain part VII Bankruptcy Rules which are applicable in contested matters — Bankruptcy Rule 7015 ("Rule 7015") is not among them. Thus, Rule 7015 is not pertinent unless (a) the underlying claim is the subject of a contested matter, and (b) the Court has expressly made Rule 7015 applicable to such contested matter, which the Court has not heretofore done.

4.     Nevertheless, despite the clear and unambiguous provisions of the Bankruptcy Rules, Grace contends that amendments and supplements to proofs of claim are governed by Rule 7015 and therefore require leave of court regardless of whether the Court so directs. In fact, however, *In re Xpedior*, the case relied upon by Grace, only provides that Bankruptcy Rule 9014 *permits* a court to extend Rule 7015 to a contested matter such as the adjudication of proofs of claim. *In re Xpedior, Inc.*, 325 B.R. 392, 397 (Bankr. N.D. Ill. 2005); *see also In re Frontier Airlines*, 112 B.R. 395, 398-99 (D. Colo.

1990) (holding that Rule 7015 only applies to contested matters if specifically directed by the court), *aff'd* 951 F.2d 1259 (10th Cir. 1992) *and aff'd sub nom T.G. Shown Assoc., Inc. v. Frontier Airlines, Inc.*, 951 F.2d 1260 (10th Cir. 1992); *In re Calisoff*, 94 B.R. 1002, 1004 n.2 (Bankr. N.D. Ill. 1988).[2]

5.      The fact remains that the Court has not heretofore entered any order directing that Rule 7015 shall be applicable in these cases to the Pending Contested Matters and Grace has not previously sought such an order.  However, even now, the Motion does not seek the appropriate relief.

6.      Even if Rule 7015 did apply to the Pending Contested Matters, the Bankruptcy Code's general policy is to freely allow amendments to proofs of claim where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim.  *In re Brown*, 159 B.R. 710, 714 (Bankr. D.N.J. 1993) (citing *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985); *Hatzel & Buehler, Inc. v. Station Plaza Assocs.*, 150 B.R. 560, 562 (Bankr. D. Del. 1993).  Because amendments to claims

---

[2]      Although Grace does not refer to these cases, the PD Committee acknowledges that some courts have suggested that Bankruptcy Rule 7015 is applicable in contested matters even without specific direction from the court or, that the Fed. R. Civ. P. 15 standard is applicable to amendments regardless of whether Bankruptcy Rule 7015 applies or not.  *See In re Drexel Burnham Lambert Group, Inc.*, 159 B.R. 420, 424-25 (S.D.N.Y. 1993) (discussing same, rejecting amendment after disallowance on the merits, and determining that the critical determination is whether the opposing party will be unduly prejudiced by the amendment); *In re Trans World Airlines, Inc.*, 145 F.3d 124, 141 (3d Cir. 1998) (incorrectly stating without discussion that Bankruptcy Rule 7015 provides that amendments to claims shall be governed by Fed. R. Civ. P. 15, although Bankruptcy Rule 7015 does not mention amendments to claims and, taken alone, only applies to adversary proceedings).  These cases, however, proceed to analyze the amendment to determine if it should be allowed by applying the liberal pleading standard set forth in Fed. R. Civ. P. 15.

are freely allowed and no order of this Court has established that leave of Court is required to amend or supplement claims, the Motion has no basis and must be denied.[3]

**(b)    No Authority Supports Issuance of a Permanent Injunction**

7.    Assuming *arguendo* that Rule 7015 was now made applicable to the Pending Contested Matters, Grace is not entitled to injunctive relief because (a) the Bankruptcy Code and the Bankruptcy Rules set forth the manner in which to administer claims and thus, section 105 injunctive relief is not permissible; and (b) in any event, Grace cannot meet the standard for issuance of a permanent injunction.

(i)    *Section 105(a) Does Not Permit the Relief Sought*

8.    Grace refers to the ubiquitous section 105(a) in an attempt to fashion relief for itself that Congress did not envision.  However, the Bankruptcy Code and Rule 7015 Rules provide a mechanism for controlling amendments and supplementation of claims that Grace must utilize to address any claims or amendments that it may find offensive. *See* 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, 9014.

9.    Section 105 of the Bankruptcy Code does not provide the Court with the power to create substantive rights that would otherwise be unavailable under the Code. *In re Combustion Eng'g*, 391 F.3d 190, 236 (3d Cir. 2005); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000).  Section 105(a) does not trump specific provisions of the Bankruptcy Code and must be exercised within the parameters of the Code itself. *Id.* (citing *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1998)).  A bankruptcy court must locate its equitable authority in the Bankruptcy Code. *In re G-I Holdings*,

---

[3]    Even if Rule 7015 were applicable to contested matters, permission to amend proofs of claim is to be freely given when justice so requires to avoid the elevation of form over substance. *See In re Brown*, 159 B.R. at 714.

*Inc.*, 327 B.R. 730, 740 (Bankr. D.N.J. 2005) (citations omitted). There is simply no support for the Court to enjoin PD Claimants from amending or supplementing proofs of claim on some omnibus basis or to apply Bankruptcy Rule 7015 to future amendments or supplements that do not relate to the Pending Contested Matters.

10.    In contrast, the Bankruptcy Code provides a specific process for the administration of claims including amendments and objections thereto. Section 502 of the Bankruptcy Code provides that a proof of claim is deemed allowed unless a party in interest objects and Bankruptcy Rule 3007 provides for claims objections. Once an objection is lodged, a contested matter exists and Bankruptcy Rule 9014 governs the adjudication of such contested matter. In that circumstance, all Grace can do is seek to have Rule 7015 prospectively apply to the contested matter, thereby requiring the PD Claimants to seek leave of the Court to amend or supplement its proof of claim, and according to Rule 7015, such "leave shall be freely given when justice so requires."

(ii)    *Grace Cannot Meet the Standard for Injunctive Relief*

11.    Even if the Court's equitable powers under section 105 of the Bankruptcy Code permitted issuance of an injunction, Grace cannot meet the extraordinary prerequisites for the issuance of a permanent injunction. The standard for a permanent injunction is essentially the same as the standard for a preliminary injunction with the significant exception that, for a permanent injunction, the movant must show actual success on the merits rather than a likelihood of success on the merits. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). In evaluating whether a permanent injunction will issue, the Court must consider (1) whether Grace has prevailed on the merits; (2) whether Grace will be irreparably harmed by the denial of injunctive relief; (3)

whether even greater harm would be visited upon claimants if the injunction is issued; and (4) the public interest. *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).

12.    Grace cannot meet any of these factors. Grace has not shown that it has prevailed on the merits because Grace has not actually objected to a single amendment or supplement based on an amendment "changing the fundamental nature" of a claim and, as discussed *supra*, a requirement to seek the Court's permission prior to amending has never been imposed in these cases.[4]

13.    Further, Grace cannot show that it would prevail on the merits because of the Bankruptcy Code's previously referenced policy of freely allowing amendments to claims where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim. *In re Brown*, 159 B.R. at 714; *Hatzel & Buehler, Inc.*, 150 B.R. at 562. Grace also cannot show bad faith or a lack of a legitimate reason to amend on a wholesale level.[5]

14.    On the other hand, granting permanent injunctive relief would irreparably harm any PD Claimant with an amendment or supplement that simply cures a defect, describes a claim with greater particularity, or is otherwise valid. Even if an amendment

---

[4]    Definitionally, an amendment is generally regarded as changing or modifying the claimant's original proof of claim and a supplement is generally regarded as providing additional information, support, or bases for the claimant's original proof of claim. Interestingly, Rust Consulting reported virtually every submission by PD Claimants since the bar date as a supplement.

[5]    In the Motion, Grace incorrectly suggests that "excusable neglect" is the appropriate standard to be applied to amendments. If an individual amendment were shown by Grace to be a new claim, rather than a clarification, cure, or new theory on the original facts, only then would the "excusable neglect" standard be properly applied. *See In re Brown*, 159 B.R. at 716, n.4 (explaining that even when courts find that an amendment is actually a new claim, they then proceed to analyze whether the amendment should be allowed for equitable reasons by applying the "excusable neglect" test propounded by *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993)).

actually does set forth an entirely new claim, as Grace suggests, the PD Claimant is still entitled to an opportunity to be heard and to demonstrate that the amendment satisfies an equitable test and should be allowed anyway. *See In re Brown*, 159 B.R. at 715-16; *see also In re Garner*, 113 B.R. 352, 356 (Bankr. N.D. Ohio 1990). The substantial harm caused to PD Claimants by denying those with amendments or supplements access to the claims administration process provided by the Bankruptcy Code greatly outweighs any harm that might be visited on Grace if it were returned to the *status quo ante* and had to prosecute claims objections or object to amendments or supplements on an individual basis.

15.     Grace does not suggest in the Motion that it would be irreparably harmed by any future amendments or supplements to PD Claims, nor can we imagine how Grace could suggest that it would be irreparably harmed. In fact, the very case upon which Grace relies to suggest that amendments would cause "prejudice to judicial administration" actually serves to illustrate that no prejudice exists. Grace claims amendments and supplements are prejudicial because they "materially delay organization [sic]" and prejudice Grace, other interested parties, and the judicial process. Motion at 7. To the contrary, there is no prejudice when all the parties can be placed in the same situation that they would have been had the claim been timely filed. *In re Brown*, 159 B.R. at 716. Grace may object to the amendments or supplements and, as such, will not have been prejudiced.

16.     Similarly, Grace cites *Brown* for the proposition that permitting amendments prejudices judicial administration. However, Grace overlooks that the *Brown* court was faced with an amendment filed after both a confirmable plan and

disclosure statement were on file and determined that the prejudice, if any, was not great and <u>allowed</u> the amendment (while noting that a post-confirmation amendment 13 months post-distribution was an example of prejudicing judicial administration). *Id.* at 716-17. Grace cannot show any prejudice whatsoever and is woefully short of irreparable harm.

17. The Motion also fails to address the public interest factor and ignores the public policy interest that the proposed permanent injunction offends. Despite having not received an allegedly offensive supplement since February 20th, Grace would have this Court bar the courthouse door to any amendment or supplement that might be filed for any reason, without seeing the supplement or the reason! This notion is clearly not in the public interest and flies in the face of the Bankruptcy Code's policy of freely allowing amendments to claims. *See In re Brown*, 159 B.R. at 714 (stating this policy).

### (c) A General Order Requiring Leave To Amend Cannot Extend Beyond Contested Matters and Therefore Must Be Denied

18. In addition to seeking an improper permanent injunction in respect of amendments and supplements pertaining to the Pending Contested Matters, Grace also seeks an order requiring PD Claimants to obtain leave from the Court prior to amendments or supplementation "for any other purpose." Motion at 2.

19. The only basis, however, offered by Grace in support of its effort to limit the broad right under the Bankruptcy Code to freely amend claims is Rule 7015. However, even if Rule 7015 were applicable to the Pending Contested Matters, Grace's attempt to reach all future amendments or supplements "for any other purpose" must fail as Rule 7015 can only be applied in the context of a contested matter.

20.    The Motion implies that "such other purposes" may have nothing to do with a contested matter (whether the Pending Contested Matters or new ones that may hereafter erupt).    Rule 9014(c) only permits the Court to extend part VII of the Bankruptcy Rules to contested matters and there is absolutely no legal or factual support for limiting the supplementation of claims where the amendment does not relate to a pending contested matter.  Such amendments are freely allowed to clarify or cure a claim and Grace may not preemptively erect an obstacle to valid amendments.

## CONCLUSION

WHEREFORE, the PD Committee respectfully requests the entry of an Order sustaining this Objection, denying the Motion, and providing such other and further relief as is just and proper.

[remainder of page intentionally left blank]

Dated: April 23, 2007

FERRY, JOSEPH & PEARCE, P.A.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555

Local Counsel for the Official Committee of
Asbestos Property Damage Claimants

-and-

Scott L. Baena, Esquire (admitted pro hac vice)
Jay M. Sakalo, Esquire (admitted pro hac vice)
Bilzin Sumberg Baena Price & Axelrod LLP
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131-2336
(305) 374-7580

Counsel for the Official Committee of
Asbestos Property Damage Claimants