UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
IN RE:                        . Case No. 01-1139(JKF)
                              .
W.R. GRACE & CO.,             . USX Tower - 54th Floor
et al.,                       . 600 Grant Street
                              . Pittsburgh, PA  15219
          Debtors.           .
                              . April 19, 2007
. . . . . . . . . . . . . . . 10:11 a.m.
```

TRANSCRIPT OF HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:                Kirkland & Ellis, LLP
                                By:  JAMES J. RESTIVO, ESQ.
                                     LAWRENCE FLATLEY, ESQ.
                                     DOUGLAS CAMERON, ESQ.
                                     TRACI S. REA, ESQ.
                                Aon Center
                                200 East Randolph Drive
                                Chicago, IL  60601

                                Pachulski, Stang, Ziehl, Young,
                                 Jones & Weintraub, P.C.
                                By:  TIMOTHY CAIRNS, ESQ.
                                     JAMES E. O'NEILL, ESQ.
                                919 North Market Street
                                17th Floor
                                P.O. Box 8705
                                Wilmington, DE  19899
                                (telephonic appearances)


Audio Operator:                 Cathy Younker

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311  Fax No.  (609) 587-3599**

APPEARANCES (Cont'd.):


For David T. Austern,            Orrick, Herrington & Future
Claims Rep:                       Sutcliffe, LLP
                                 By:  DEBRA FELDER, ESQ.
                                 Washington Harbour
                                 3050 K Street, N.W.
                                 Washington, DC  20007
                                 (telephonic appearance)

For Official Committee of        Bilzin Sumberg Baena Price
Property Damage Claimants:        & Axelrod LLP
                                 By:  SCOTT L. BAENA, ESQ.
                                      JAY M. SAKALO, ESQ.
                                 Wachovia Financial Center
                                 200 South Biscayne Boulevard
                                 Suite 2500
                                 Miami, FL  33131
                                 (telephonic appearances)

For Official Committee of        Ferry, Joseph & Pearce, P.A.
Asbestos Property Damage         By:  THEODORE J. TACCONELLI, ESQ.
Claimants:                       824 Market Street
                                 Suite 904
                                 P.O. Box 1351
                                 Wilmington, DE  19899
                                 (telephonic appearance)

For Property Damage              Speights & Runyan
Claimants:                       By:  DANIEL A. SPEIGHTS, ESQ.
                                 200 Jackson Avenue East
                                 Hampton, SC  29924
                                 (telephonic appearance)

For State of California:         Hahn & Hessen LLP
                                 By:  STEVEN J. MANDELSBERG, ESQ.
                                 488 Madison Avenue
                                 14th and 15th Floor
                                 New York, NY  10022
                                 (telephonic appearance)

APPEARANCES (Cont'd.):

For Kenneth Thomas:          KENNETH THOMAS

For Fireman's Fund           Stevens & Lee
Insurance Company:           By:  DAVID R. BEANE, ESQ.
                             111 North Sixth Street
                             P.O. Box 679
                             Reading, PA  19603

For American Legion:         Motley Rice LLC
                             By:  ANNE M. KEARSE, ESQ.
                             28 Bridgeside Boulevard
                             P.O. Box 1792
                             Mount Pleasant, SC  29465

1          THE CLERK:  All rise.

2          THE COURT:  You may be seated.  This is the matter of

3 W.R. Grace, bankruptcy number 01-1139 pending in the District

4 of Delaware.  I have a list of participants by telephone for

5 this status conference concerning property damage claims.

6 Timothy Cairns, James O'Neill, Steve Mandelsberg, Kenneth

7 Thomas, David Beane, Debra Felder, Theodore Tacconelli, Anne

8 Kearse, Daniel Speights, Scott Baena, and Jay Sakalo.  I

9 believe that is everyone.  Good morning.

10          MR. RESTIVO:  Good morning, Your Honor.  In the

11 courtroom is James Restivo, Lawrence Flatley, Douglas Cameron,

12 and Traci Rea for the debtors.

13          THE COURT:  Yes, Mr. Restivo, I don't have an agenda,

14 so I'm not sure exactly what we're going to have a conference

15 about, but if you'll tell me, I'd be pleased to know.

16          MR. RESTIVO:  Thank you, Your Honor.  First I'd like

17 to start by correcting an error that we made.  Your Honor may

18 recall that at the summary judgment arguments Ms. Rea argued on

19 16 statute of limitations cases, but the number 16 included

20 three Mr. Dies' cases, included a couple cases the Court

21 expunged as not being a Grace product, and so we ask for

22 permission to submit a proposed order on the remaining 9 cases,

23 because the order we submitted didn't make any sense.  There

24 weren't 16 anymore.  We submitted it incorrectly, Your Honor,

25 under a COC, and the Court inadvertently signed the order

1  dismissing the claims, and so I have an order vacating the

2  April 17, 2007 order which was filed at docket number 15232

3  that I would hand up to the Court to correct the error we

4  caused the Court to make.

5        THE COURT:  All right.  Thank you.

6              (Pause)

7        THE COURT:  All right.  So this is going to reinstate

8  those 9 claims.

9        MR. RESTIVO:  Yes, it is.  Now, the Court has those

10 claims under submission, but the order we submitted took away

11 from the Court having it under submission, and I apologize to

12 Mr. Speights.  It was just an error on our part.

13       THE COURT:  Okay, Mr. Speights, I'm signing this

14 order that will reinstate those 9 claims?  Mr. Speights?

15       MR. SPEIGHTS:  Thank you, Your Honor.

16       THE COURT:  Okay.  Thank you.

17       MR. RESTIVO:  Your Honor, I'm going to report that I

18 believe the parties have made good progress in reducing the

19 buildings in dispute that we will be trying on product

20 identification next week.  The progress has made the status a

21 little confusing.  I hope the Court will conclude after I

22 explain things that, in fact, this is good confusion.  I want

23 to hand up to the Court what we're going to be trying.

24       THE COURT:  Thank you.

25       MR. RESTIVO:  For counsel on the telephone line, what

**J&J COURT TRANSCRIBERS, INC.**

1  I have handed up to the Court is the debtors' updated

2  submission of asbestos PD claims in the order to be adjudicated

3  at the April 23-25 product identification hearing, but the one

4  I have handed up to the Court is different from the one counsel

5  has in that with respect to Canadian claims, the number of

6  claims now to be tried has been reduced from 14 to 7.  And I'll

7  explain that as follows, Your Honor.

8          Originally, Your Honor, when we filed our original

9  papers, we were going to be trying 43 of Mr. Speights' Canadian

10  claims on product identification grounds.  Through discussions

11  with Mr. Speights he and I have agreed that 12 of those claims

12  are going to be withdrawn, and I am dropping objections to two

13  of those claims.  And in what I've handed up to Your Honor you

14  will see in boldface the two where we are withdrawing our

15  objections.  That's 11678 and 12304.

16          And the 5 that are to be withdrawn by Mr. Speights,

17  that's 12305, 306, 307, 310, and 316.  Mr. Speights and I are

18  still talking about the remaining 7 Canadian buildings.  We're

19  going to talk more today, but at the present time we're down to

20  7 Canadian buildings.

21          You will see, Your Honor, on what I have handed up a

22  reference to a number of buildings in Canada, namely, 22, and

23  later 3 United States buildings represented by Mr. Speights

24  where we have indicated that the product identification hearing

25  on those buildings is to be deferred.  What this is, Your

**J&J COURT TRANSCRIBERS, INC.**

1  Honor, is that at Volume 3 of 7 of the court binders at Number

2  5, you have a motion by Mr. Speights to extend the deadlines on

3  26 claims.  Most of those are Canadian.  Three are U.S. claims.

4  Mr. Speights takes the position that the objections filed by

5  Grace did not include the product I.D. objections we are

6  raising, and I believe he takes the position that Grace has

7  somehow waived any product I.D. objections.

8          We vehemently disagree with that position, but Mr.

9  Speights and I have agreed, assuming the Court does not object,

10 that we will try those claims -- it will only take us one day

11 or less -- either on May 8 or May 9 or May 10, which the Court

12 I believe still has reserved for us, after the Court hears both

13 sides argue this waiver motion and tells us whether we have

14 waived our objection and can't raise product I.D. or not.

15 Since the Court will see in a moment that we will not need all

16 three days next week for our product I.D. trial given the

17 reductions that have been made, I will, when I'm done with my

18 remarks, suggest to the Court that perhaps we find some

19 available time on April 23, so that Mr. Speights and I can

20 argue this waiver issue before Your Honor, but I will come back

21 to that.

22          THE COURT:  All right.

23          MR. RESTIVO:  All right.  I want to return then to

24 what we are trying.  In addition to the 7 Speights and Runyan

25 claims, we began --

**J&J COURT TRANSCRIBERS, INC.**

1          THE COURT:  Pardon me one second.  Ms. Baker tells me

2    that May 10th is not one of those days.  Just so you know that

3    day is apparently withdrawn.  That's a travel day for me.

4          MR. RESTIVO:  Okay.

5          THE COURT:  So May 8th or 9th but not the 10th.

6          MR. RESTIVO:  Seven, 8, and 9.  I apologize, Your

7    Honor.

8          THE COURT:  Seventh.  Okay.

9          MR. SPEIGHTS:  And, Your Honor, Mr. Restivo is

10   essentially correct.  Of course, our position is that we won't

11   have to have that trial date, because they, Grace, is not

12   permitted to argue those objections.

13         THE COURT:  You're saying Grace can't argue the

14   objection?

15         MR. SPEIGHTS:  The objections -- our position is is -

16   - and I think Mr. Restivo stated it correctly.  Our position is

17   that Grace did not object to those claims in its omnibus

18   objection nor in the list attached to the October, 2006 CNO,

19   and that's the issue that Mr. Restivo suggests that we argue

20   next week to decide whether we -- whether Grace can go forward

21   on May 9 or whatever date suits Your Honor.

22         THE COURT:  Right.  Okay.  Yes, I understand.

23         MR. RESTIVO:  We started, Your Honor, with two Motley

24   Rice buildings, which we were going to try on product I.D.

25   objections.  In discussions this week Grace has withdrawn the

**J&J COURT TRANSCRIBERS, INC.**

1  objection on building number 3406, and so that's one building

2  from Motley Rice that will be subject to the trial next week.

3         The third group of cases in order are the Hahn and

4  Hessen California claims.  There are still 16 of those, and so

5  they will be the subject of the trial next week.

6         Lastly, we started with 20 Speights and Runyan U.S.

7  claims to be tried.  As a result of our agreement to defer

8  three of those claims in the Court's expungement order of April

9  17 with respect to the authority issue, there are only two U.S.

10 claims that will be tried next week.  And so I believe at most,

11 because again Mr. Speights and I are going to be talking later

12 today, we have 24 claims to be tried plus three miscellaneous

13 claims which started out as four this week.  We agreed to

14 withdraw the objection with respect to the City of

15 Philadelphia.

16        So what began as I believe about 85 claims is down to

17 about 25 claims, and we think this is going to go pretty

18 quickly next week.

19        A question for Your Honor is that in your volumes now

20 you have three volumes which contain not only the general

21 filings by Grace but also many exhibits and material relating

22 to the Speights and Runyan claims which are no longer going to

23 be tried.  If the Court so desires, we believe those three

24 volumes can be reduced to a single volume, so the Court does

25 not have to page through exhibits that are no longer pertinent,

1  because the case has been expunged or isn't being tried.  It's

2  purely up to the Court on that.

3  　　　　　THE COURT:  Well, I guess it doesn't really matter.

4  I mean, as an evidentiary matter, if things are going to go up

5  on appeal, it might be easier for an Appellate Court to have

6  one volume rather than three, but it depends on whether you

7  want to take the time to put it all together.  I'm not going to

8  sort through those volumes and try to take out exhibits and put

9  them in the one.  I can tell you I'll just bring them -- you

10  know, the six volumes back.  If you want to have a trial binder

11  here that just has one, that may make it easier both for me and

12  for the witnesses.

13  　　　　　MR. RESTIVO:  I think we will do that then, Your

14  Honor.

15  　　　　　THE COURT:  Okay.

16  　　　　　MR. RESTIVO:  Your Honor, you have a motion in the

17  pleadings that I believe we've resolved, and we don't have to

18  worry about, but let me address it, and we will find out.  You

19  have a motion asking for the permission to have telephonic

20  testimony of Mr. Hood and Mr. Conner in the Hahn and Hessen

21  California claims.  Subject to one caveat, I have indicated to

22  those attorneys that we have no objection to those individuals

23  who have declarations being available for cross examination by

24  telephone.  The only caveat I have discussed with counsel is

25  that I may have a few exhibits I want to use in cross

1  examination, and I realize I will have to provide them in

2  advance of my cross examination to counsel, but I want a

3  commitment from counsel that whatever I provide they will have

4  in front of the witness, so that I can use the documents in my

5  cross.

6          THE COURT:  Is somebody present for Hahn and Hessen?

7          MR. MANDELSBERG:  Yes.  Yes, Your Honor.  Steven

8  Mandelsberg from Hahn and Hessen.  We represent the State of

9  California, Department of General Services, in connection with

10  the 16 claims that Mr. Restivo refers to.  A couple of

11  comments.

12          One, Mr. Restivo is correct.  He and I did discuss

13  resolution of this motion.  I believe he had mentioned that he

14  had one exhibit, but more than one exhibit, we certainly don't

15  object to that.

16          The only caveat I attach to that is that the document

17  be provided to us sufficiently in advance, so that we can

18  provide it to the two witnesses to the extent they're going to

19  be used.

20          And, second, that we have some indication -- and I

21  realize that it's somewhat of a moving target in lieu of the

22  reduction of claims this morning -- some indication of when

23  these two witnesses would be examined, and I don't know whether

24  that will be Monday afternoon or Tuesday morning.  But with

25  that, we have no problem with providing the documents to Mr.

1  Hood and Mr. Conner in advance and making sure that they're

2  available when W.R. Grace's counsel questions them.

3         The other comment I make is as to Mr. Restivo's

4  summary of the claims to be tried.  He and I did have a

5  conversation yesterday about to what extent any objections to

6  the Department of General Services claims might be withdrawn

7  given the disclosures that we've made, and I didn't hear a

8  response other than this morning.

9         I don't know whether there will be any further

10 discussions, but the Court should be aware that we did try to

11 participate in a dialogue aimed at resolving or eliminating the

12 need to try those objections.  But if the thrust of Mr.

13 Restivo's comment today is that they're going forward with

14 those objections, I guess I will take that as the response that

15 W.R. Grace is going forward with those objections.  They're not

16 interested in resolving them.

17        MR. RESTIVO:  I didn't -- everything he says is

18 correct, Your Honor.  I did have a discussion with Mr. -- with

19 counsel.  I did promise counsel I would get back to him on

20 that.  I am going to get back to him on that.  I forgot that I

21 had that conversation, but I did not mean to suggest that we've

22 closed the lines of communication.  I just haven't had a chance

23 to look at his claims yet, and I am going to get back to him.

24 And so the 16 Hahn and Hessen claims is the most we will be

25 trying.  That number may also be reduced after I can look at

**J&J COURT TRANSCRIBERS, INC.**

1 the claims and have a discussion with him.

2          THE COURT:  All right.

3          MR. MANDELSBERG:  Yes, that's fine, Your Honor.  I

4 wasn't meaning -- I know Mr. Restivo and everyone has a lot on

5 their plate.  I was just trying to get the clarification which

6 Mr. Restivo has now provided, so that's fine with us.

7          MR. RESTIVO:  In terms of the question raised, my

8 next point is the time for trial.  Absent some extraordinary

9 long cross examination or some other issues, our best estimate,

10 Your Honor, is that we believe we will finish our case in chief

11 on Monday probably around 3:00 or 4:00.  I understand that -- I

12 recall the Court has to be out of this courthouse around five.

13 We don't think we're going to go until five.  We think we'll

14 probably end up earlier than that.  Our best estimate now is

15 3:00 to 4:00.

16          To that end, the next -- the first group on the

17 plaintiff's side is the Canadian claims of Speights and Runyan,

18 so it would seem to me these two telephonic witnesses we could

19 safely tell them we're looking for you to be on the telephone

20 Tuesday morning based upon our best estimate as to what's going

21 to go on on Monday.

22          MR. MANDELSBERG:  This is Steven Mandelsberg again

23 from Hahn and Hessen.  That's fine.  I just would ask that

24 given the three-hour time difference from where these witnesses

25 will be testifying in California, that to the extent there is,

1  you know, a time frame that can be relayed to us some time no

2  later than Monday, that would I think facilitate their

3  testimony and avoid unnecessary delays or lapses.

4          THE COURT:  I don't expect unnecessary delays.  If

5  they're going to be available by telephone, they don't have to

6  travel to Pittsburgh to have this hearing.  So I suspect that

7  they will be available regardless of the time.  But having said

8  that, Mr. Speights, how long do you think your case will take?

9          MR. SPEIGHTS:  I only have one live witness, Your

10 Honor, and that's Dr. Pinchin who's coming from Canada.  I had

11 anticipated putting him on the first thing Tuesday morning,

12 because I had anticipated Mr. Restivo taking all day Monday,

13 and I understand now Mr. Restivo would like for me to start on

14 Monday afternoon.  Well, that -- I would prefer it not be that

15 way.  If that's the way it has to be, it has to be.  To get

16 back to your question, I would think my direct of Dr. Pinchin

17 would less than an hour.

18         THE COURT:  Well, would it accommodate everyone if we

19 simply take then perhaps these two witnesses by phone late

20 Monday afternoon and start with Dr. Pinchin Tuesday morning?

21         MR. SPEIGHTS:  That probably would suit me better,

22 Your Honor.

23         MR. RESTIVO:  And it's okay with the debtors, Your

24 Honor.

25         MR. MANDELSBERG:  Your Honor, Steven Mandelsberg

**J&J COURT TRANSCRIBERS, INC.**

1 again.  That I think would be fine with us.

2        THE COURT:  Okay.  The only caveat, Mr. Mandelsberg,

3 I do have my review class for my law school exam on Monday, so

4 I -- at 5:00 on -- eastern time on Monday I do have to leave,

5 because my class is reliant on the fact that I'm going to show

6 up at six, so that they can all ace this exam.  And I've

7 promised that I will do my best to help them ace this exam, so

8 I have to be there by six.  So I do have to leave the bench at

9 five.  So I'm happy to --

10        MR. MANDELSBERG:  Understood, Your Honor.

11        THE COURT:  All right.  I'm happy to start with them

12 as soon as Mr. Restivo's case is finished, but at 5:00

13 literally we will be stopping.  And we if we need to continue

14 their testimony until the next day, that's what will have to

15 happen.

16        MR. MANDELSBERG:  Understood, Your Honor.  I wouldn't

17 want your students to get a short shrift with their professor.

18        THE COURT:  They don't either.  Okay, so that's what

19 they'll do then.  We'll -- Mr. -- Dr. Pinchin can start on

20 Tuesday morning when we finish with the witnesses.  We'll take

21 these two witnesses Monday afternoon, and I believe we ought to

22 be able to accommodate them to the point where we can start

23 them after Dr. Pinchin's testimony, too, if we need to.  I

24 don't really see any reason why we need to make them, despite

25 my statement, to have to get up at five in the morning or six

**J&J COURT TRANSCRIBERS, INC.**

1  in the morning.  So I think we can make sure that they're not

2  on the stand before something like 9:00 California time.

3         MR. MANDELSBERG:  Thank you, Your Honor.  That's very

4  considerate.

5         THE COURT:  Okay, so the order then will be -- which

6  witness are you going to put on first, Mr. Hood or Mr. Conner?

7         MR. MANDELSBERG:  I believe it will be Mr. Hood.

8         THE COURT:  All right, so we'll start with Mr. Hood.

9  Then if we get that far, it will be Mr. Conner.  Those -- they

10 will be Monday afternoon.  We will start with Dr. Pinchin first

11 thing Tuesday morning.  After Dr. Pinchin, if we need to get

12 back to Hood or Conner, we will do that.  That's the order in

13 which that will proceed, and then you folks can address the

14 rest of the witnesses at your convenience.

15        MR. RESTIVO:  And, Mr. Mandelsberg, if I e-mail to

16 you or PDF to you whatever exhibits -- and there will be one,

17 two, or three.  It won't be many -- first thing in the morning,

18 does that give you sufficient time to get it in front of the

19 witnesses?

20        MR. MANDELSBERG:  You mean first thing tomorrow

21 morning?

22        MR. RESTIVO:  Yes.

23        MR. MANDELSBERG:  Tomorrow morning?

24        MR. RESTIVO:  Yes.

25        MR. MANDELSBERG:  Yes, I think that should be fine.

**J&J COURT TRANSCRIBERS, INC.**

1              MR. RESTIVO:  Okay.  The next topic, Your --

2              THE COURT:  Excuse me.  Does anybody have an

3  objection to this telephonic -- because I know that the

4  objections are not due until late this afternoon, but I assume

5  it's probably only the debtor that will have one.  But since

6  everyone else is on the phone, let me make sure that no one

7  else has an objection to the telephonic testimony of these

8  witnesses.

9                      (No verbal response)

10             THE COURT:  All right.  No one does, so they'll be

11  permitted to testify then by phone.  Okay.  Go ahead, Mr.

12  Restivo.  I'm sorry.

13             MR. RESTIVO:  My next topic, Your Honor, is

14  objections to exhibits.  The Court has in its court books

15  exhibits and objections to exhibits and lists of objections to

16  exhibits.  We have indicated to at least some of the attorneys

17  that we are going to be in contact with them to talk about the

18  exhibits and the objections to exhibits.  My sense is that

19  everyone's hope is that we were all overprotective on

20  objections, and, hopefully, we will be able to resolve

21  objections to introduction of many of those exhibits.  And so

22  our thinking is most of that is going to go away before we

23  start on Monday.  But again we haven't had those discussions

24  yet, but we're going to have them.

25             Next, Your Honor, I think we have an understanding.

**J&J COURT TRANSCRIBERS, INC.**

1 Some people formally responded.  Some did not formally respond.

2 We had suggested to the parties that in light of the work

3 everyone was doing on product identification that there be a

4 two-week deferral on the filings that were to have been made on

5 Monday with respect to the no hazard hearing.  The witness list

6 and the exhibits.  I think everyone is in agreement that that

7 makes sense.  In any event, to our knowledge, no one found

8 anything on the no hazard hearing, and so I believe that the no

9 hazard filings that otherwise would've been due on Monday will

10 now be filed on Monday, April 30th.

11          THE COURT:  Okay.  I thought I issued a stay of any

12 filings until we get through the product I.D. hearing, and we

13 said that we would take those issues up after the trial

14 concludes.  The reality is that I am still working my way

15 through these statute of limitations issues, and, quite

16 frankly, I don't think I'm going to get them done, even by

17 these May 8th dates.  I'm hoping to get some done.  I'm not

18 going to have them all finished by then.  I just -- I don't

19 think realistically I'm going to have them done by then.

20          MR. RESTIVO:  The debtor has no problem, Your Honor,

21 with deferral of that issue until the parties and the Court

22 come back to it on scheduling.  What we were concerned about is

23 the calendar had something due on Monday, and we hadn't even

24 thought about the no hazard filings yet.  And so we wanted to

25 make sure everyone agreed it would kick that off.

1          THE COURT:  Yes, I don't see any basis -- or any

2    reason, I should say, not basis.  I don't see any reason to

3    have anybody file anything more until we work out a schedule

4    that makes sense for everybody.  But why don't you continue to

5    work through the product I.D. issues, and let's discuss that at

6    the conclusion of the product I.D. trials, whenever that is

7    next week, and set a schedule?  I think maybe that will give

8    both my law clerks and me and also all of you a bit more time

9    to focus on that specific issue.  And if we can't address it

10   then, we can certainly take it up at the next omnibus in May,

11   because that will -- I think by then we'll all at least have

12   been through this product I.D. issue and probably have a little

13   more time to concentrate on the no hazard issues.

14          MR. RESTIVO:  Next to last, Your Honor, I guess is a

15   housekeeping matter.  Obviously for omnibus hearings and status

16   conferences there is a call-in number.  Other than the two

17   witnesses we've talked about, the debtor did not anticipate the

18   trial taking place telephonically and having people participate

19   by telephone, but we're not quite sure what the Court's

20   procedure is in evidentiary hearings.

21          THE COURT:  I've never conceived of an evidentiary

22   hearing by phone, so I -- I'm willing to do it to the extent

23   that you folks are agreeable to have this happen given the

24   circumstances where there are I guess lay witnesses who may

25   have to travel and there is some great expense.  My -- I think

**J&J COURT TRANSCRIBERS, INC.**

1  for the most part, however, we do have video conference

2  capabilities available across the country, and if nothing else,

3  we ought to at least be able to set up video conferences.  To

4  the extent that you've got experts, I want them either here,

5  because there's going to be showing documents and looking at

6  things, and if there's an issue, I want to make sure that there

7  is some clear indication of what they're looking at, and I'm

8  seeing what they're looking at, so either by video where it can

9  be clear or here.

10       To the extent that there are lay witnesses and we can

11  do it by video, that would be my preference.  If you don't have

12  an objection to telephone, that's all right with me under the

13  circumstances.  I don't think most -- I don't think it's the

14  witness credibility that's really at issue so much here as it

15  is the documentation and the paper trail and that sort of

16  thing.  So it's all right.  I'm not thrilled, but --

17       MR. RESTIVO:  I think I probably misspoke.  I think

18  the parties are okay with the two witnesses participating

19  telephonically.  I should specifically reference on the omnibus

20  hearings we always have 20, 30, 40, 50 people on the call-in

21  line, and the debtor at least did not contemplate that we would

22  have that, because we don't think they can participate.  We

23  don't know what --

24       THE COURT:  Oh, you're talking about --

25       MR. RESTIVO:  -- how it works for a hearing.

1          THE COURT:  -- the omnibus hearings.

2          MR. RESTIVO:  No, for the trial Monday, Tuesday, and

3 Wednesday, do we need to set up a call-in line?

4          THE COURT:  Oh, so that pro se people --

5          MR. RESTIVO:  No, so that the attorneys representing

6 whoever, insurance -- whatever attorneys are normally on the

7 call-in list for the Grace omnibus hearings --

8          THE COURT:  Oh.

9          MR. RESTIVO:  -- which is 30/40 people.

10          THE COURT:  No, if they're going to participate in a

11 trial, they need to be here for the trial.  I don't see how

12 you're going to ask questions or participate in something by

13 phone.  No, it's --

14          MR. RESTIVO:  That was the point I was making.

15          THE COURT:  It's like a plan confirmation hearing.

16 When there's a real contested evidentiary matter going forward,

17 that has to take place in the courtroom.  I just don't see a

18 way around that.

19          MR. RESTIVO:  And we -- that is our position.

20          THE COURT:  Now, I am willing, as I said, if there

21 can be a video conference station somewhere that people want to

22 take advantage of and we can set up a video process, I'm

23 willing to try to do that.  We can do at least one video,

24 sometimes two, video hook ups, but we're -- I don't think

25 that's going to work between now and Monday.  We'd have to make

**J&J COURT TRANSCRIBERS, INC.**

1  those arrangements well in advance.

2          MR. RESTIVO:  Lastly, Your Honor, I would come back

3  to whether or not the Court and Mr. Speights thinks that on

4  this issue of whether we can raise product I.D. or whether we

5  have waived it, whether or not we can make our arguments to the

6  Court on that issue with the available time I now think we will

7  have, either at the end of the day on Tuesday next week or

8  beginning of the day Wednesday, since we're not going to need

9  that for trial time, since I believe we're going to be done.

10         THE COURT:  That's all right with me.  Mr. Speights,

11 will you be prepared by then?

12         MR. SPEIGHTS:  Yes, Your Honor, but let me just

13 clarify a couple of issues there.  First of all, I filed a

14 motion to extend the deadlines to protect us on this issue

15 until Grace actually filed its list of claims which would be

16 adjudicated this week.  And I told Mr. Restivo that once that

17 came in, I was prepared to file a motion to strike from the

18 trial roster which claims which Grace had not objected to back

19 in 2005 and 2006.  Mr. Restivo then instructively suggested

20 let's don't let that get us bogged down this week.  We have

21 these days in May to deal with whether we can or cannot go

22 forward on those claims.

23         I want to -- and I have -- and I agree with Mr.

24 Restivo that he and I can argue this matter to Your Honor.  And

25 next Tuesday afternoon or Wednesday morning I'd like to talk to

**J&J COURT TRANSCRIBERS, INC.**

1  Mr. Restivo a few minutes after the hearing to see which one

2  would be better, but one of those two times would be an

3  appropriate time to argue that matter.

4       I do want to say though, Your Honor, while I am

5  confident of my position -- and we addressed it somewhat at the

6  last summary judgment hearing -- in the event that you should

7  not agree with me, part of my argument will be that we did not

8  serve discovery on those claims which they did not object to,

9  and, therefore, we have a short period of time between next

10 Tuesday or Wednesday and May 8 or 9 or whatever the date is.

11 I'm perfectly happy to work with Mr. Restivo in the event that

12 we have to do that discovery, but I didn't want the record to

13 be silent to suggest that if Your Honor rules against me next

14 week, we just automatically would be ready for trial on May 8

15 or 9 or whatever that date is.

16       THE COURT:  Well, I think, Mr. Speights, to the

17 extent that you may need discovery, if the debtor has not filed

18 the specific objection to the claim, and debtor -- and if the

19 Court finds that the debtor hasn't waived that claim for all

20 time, then probably the best thing to do is to have the debtor

21 articulate in writing the nature of the objection, give you

22 some short period of time for discovery and set a trial date,

23 because you're deferring those claims anyway.  So I mean, you

24 know, I think --

25       MR. SPEIGHTS:  Which is fine.

**J&J COURT TRANSCRIBERS, INC.**

1          MR. RESTIVO:  Your Honor, with all due respect, I

2    think we're sliding a little bit into argument on the merits

3    that we ought to address next week.  You will hear from our

4    side our position that we believe these claims were identified

5    in Dr. Lee's report, have been the subject of the deposition of

6    Dr Pinchin.  That in terms of -- there's no surprise on this.

7    These have been on the list.  I understand Mr. Speights'

8    argument.  We'll have to argue about it, but I wouldn't want to

9    prematurely talk about what discovery may be needed until we

10   are permitted to give our position that we think there's been

11   discovery already.

12          THE COURT:  No, I'm not -- what I'm trying to do, Mr.

13   Restivo, is make sure that if, in fact, there hasn't been some

14   articulated objection, that we get the record straight, so

15   there is an articulated objection, because it seems to me it's

16   just a lot easier for any other court -- well, it's even easier

17   for me looking at what the nature of the objection is to

18   understand it quite clearly.  This is the objection.  This is

19   the response.  This is the contested issue and move on from

20   there.  So that's all I was suggesting.  That if there is some

21   dispute as to what the objection is, it's just easier to start

22   it from what the nature of the objection is and to go forward

23   from there.  I'm not prejudging the issue.  I've seen the

24   objection that Mr. Speights has raised, and that's all I've

25   seen so far.  So --

**J&J COURT TRANSCRIBERS, INC.**

1          MR. RESTIVO:  I understand, Your Honor.  I believe

2    that's all the debtors have with respect to reporting or

3    telling the Court where we think we are.

4          THE COURT:  All right.  Well, then, Mr. Speights,

5    we'll do the argument on the waiver issue whenever the evidence

6    closes on the trial.  So we'll do it next week but exactly

7    when, I don't know.  We'll just reserve that issue for when the

8    evidence is closed at the -- so we'll do it at the end of the

9    evidentiary matters.

10          MR. SPEIGHTS:  Thank you, Your Honor.

11          THE COURT:  All right.  The debtor has nothing else,

12    so let's start with you, Mr. Speights.  I there anything from a

13    -- the trial standpoint that you want to discuss?

14          MR. SPEIGHTS:  No, Your Honor.

15          THE COURT:  Okay.  For -- who was next?  For Motley

16    Rice, Ms. Kearse?

17          MS. KEARSE:  Yes, Your Honor.  I do have a motion

18    pending regarding Dr. Lee's testimony, and then also to see

19    what the fact witnesses -- on how they're relevant to my

20    particular claim.  What I would like to do so I'm down to one

21    claim, Your Honor, is get with counsel, so that I'm clear on

22    where they're going with that expect to see if it's actually

23    relevant to my claim or not and reserve the right, Your Honor,

24    before Dr. Lee would take the stand that we may have to bring

25    up an issue with you.  But there are motions and responses

**J&J COURT TRANSCRIBERS, INC.**

1  filed to that testimony, Your Honor.

2        THE COURT:  I don't remember seeing in these binders

3  that I just had delivered a motion concerning Dr. Lee's

4  testimony or any response.  Did I somehow miss it?

5        MS. KEARSE:  Your Honor, I don't know if it was put

6  in the binders.  There is a motion in limine and a reply from

7  the debtors and then a reply from us to their motion.  And I do

8  -- since it was dealing with a number of claims when it was

9  originally written, I do want to see how it -- I'm down to one

10 claim, Your Honor, and I do want to talk with counsel on that

11 claim.  Still optimistic.

12       THE COURT:  All right.  Well, if it isn't resolved,

13 then I need someone to do I think a supplemental binder,

14 because I don't think I missed it.  We were supposed to get

15 them yesterday.  That was what was delivered to the house, and

16 there's nothing in it about a motion in limine in those either.

17       MR. RESTIVO:  Your Honor, in the supplemental index I

18 believe delivered yesterday at Tab Number 5 is Motley Rice

19 claimant's 3406 and 6941 objections to debtors' Exhibit 44, 45,

20 and proposed testimony of Lee and Tieney (phonetic) and Egan

21 (phonetic).  Is that, Ms. Kearse, the motion, or is the motion

22 styled something different?

23       MS. KEARSE:  I think in that response I refer to the

24 motions that were filed when we had the deadline of filing

25 motions in limine, and I did file a motion in limine, and I

**J&J COURT TRANSCRIBERS, INC.**

1  refer to it in those responses.  We may have attached it.  I'm

2  not sure.

3          MR. RESTIVO:  We will -- I believe the motions should

4  be in the books.  It looks to me like maybe they aren't.  We

5  will give the Court a supplemental, and we apologize that it's

6  not in the books.

7          THE COURT:  All right.  I am catching -- I'm leaving

8  the office at 1:00 to catch a plane, so I need either the

9  docket number references, so I can print them and take them

10 with me, or I need something else before 1:00.

11         MR. RESTIVO:  We'll have them hand-delivered, Your

12 Honor.

13         THE COURT:  Okay.  All right, Ms. Kearse, I'll get

14 that and take a look at those over the weekend.  Mr.

15 Mandelsberg for Hahn and Hessen.

16         MR. MANDELSBERG:  Yes, Your Honor.  The only other

17 item besides the two that were mentioned before, namely, the

18 audio testimony of Messrs. Hood and Conner and the discussion

19 that I will have with W.R. Grace's counsel about possible

20 resolution or withdrawal of objections to some claims is the

21 State of California's objection by our April 17 submission,

22 which I trust you do have, to W.R. Grace's two proposed fact

23 witnesses, Messrs. Sintomi (phonetic) and Egan.  But rather

24 than argue this, we did not make a motion, but we indicated our

25 objection.  Rather than address this now, I suggest that

**J&J COURT TRANSCRIBERS, INC.**

1 perhaps it can be the subject of the discussion that we'll have

2 with W.R. Grace's counsel about the claims themselves, and

3 perhaps we'll be able to resolve this.  If we don't, then

4 obviously, we'll address it at the hearing.

5         But our objection, which I trust the Court has,

6 indicates the basis for our objections to these witnesses

7 against the State being predicated upon other things they're

8 not having been disclosed by W.R. Grace in discovery responses.

9 But we can -- as I say, we expect to discuss this with W.R.

10 Grace's counsel.

11         THE COURT:  Okay.

12         MR. MANDELSBERG:  -- either today or tomorrow.

13         THE COURT:  I saw some objection by the State of

14 California.  But I do not remember seeing a specific objection

15 to those two witnesses, but perhaps there was something in the

16 binders that I'm forgetting at the moment.  I would have to

17 go --

18         MR. MANDELSBERG:  We -- Your Honor, we can arrange to

19 have another copy, but we did serve by before noon on April 17,

20 on Tuesday -- and I believe everyone has gotten this -- our

21 document entitled Objections to -- of Claimant's State of

22 California, Department of General Services to Debtors' Exhibits

23 and Witnesses Designated --

24         THE COURT:  Okay.

25         MR. MANDELSBERG:  -- for the Product Identification

**J&J COURT TRANSCRIBERS, INC.**

1 Trial.

2        THE COURT:  I haven't been through all of the

3 supplemental binders.  I just got them at home last night, and

4 I just got home last night from being out of town, and I'm not

5 through all of those documents.  And I believe I saw them, but

6 I don't think I finished reading them.  I don't remember seeing

7 Ms. Kearse's at all, but I do remember seeing the State of

8 California's.  I think I just haven't read them yet.

9        MR. RESTIVO:  You do have that one, Your Honor.  It's

10 in the supplemental index at Tab Number 6.

11        THE COURT:  Okay, then I will be --

12        MR. MANDELSBERG:  Yes.

13        THE COURT:  I have them packed.  I'll be reading them

14 on the plane.

15        MR. MANDELSBERG:  Very good.  It's a short document,

16 Your Honor.  It's four pages, and it sets forth the claimants

17 -- the State's objections to the debtors' exhibits in Part A

18 and in Part B, the State's objections to these two witnesses.

19        THE COURT:  Okay.

20        MR. MANDELSBERG:  So I think just reading that will

21 give you the grounds for the State's objection.  But, as I say,

22 we expect to discuss that with W.R. Grace's counsel soon.

23        THE COURT:  All right.  Thank you.  Anyone for any of

24 the independent claimants, first Wittenberg?

25                    (No verbal response)

1        THE COURT:  Johnson?

2                    (No verbal response)

3        THE COURT:  First Presbyterian?

4                    (No verbal response)

5        THE COURT:  Okay.  Mr. Speights, I want to make sure

6  I didn't defer or bypass you on the U.S. claims.

7        MR. SPEIGHTS:  I have nothing to bring up to the

8  Court on those either, Your Honor.

9        THE COURT:  Okay.  Okay, then I guess if there's

10 nothing else, I'll see you April 23rd, and we'll begin.

11        I guess, Mr. Restivo, what may be helpful that

12 morning is if you will just do the same thing you did for me

13 now.  If you've managed to either resolve some additional

14 claims, just to give me an update as to the order in which

15 you're going to go forward.  And, frankly, since I have all of

16 the exhibits anyway, if you are going to either withdraw some

17 additional objections to claims, or if some of the other claims

18 are withdrawn, or you've settled them, if you just don't bother

19 putting those additional exhibits into the binders that you're

20 going to be bringing, that will I think eliminate some

21 additional work by both your staff and mine.

22        MR. RESTIVO:  I will do so, Your Honor.

23        THE COURT:  Okay.  We'll see you Monday then.

24        MR. RESTIVO:  Thank you, Your Honor.

25        THE COURT:  Thank you.  We're --

                    **J&J COURT TRANSCRIBERS, INC.**

1         MR. MANDELSBERG:  Thank you, Your Honor.

2         THE COURT:  Thank you.  We're adjourned.

3                         * * * * *

4                       **<u>CERTIFICATION</u>**

5         I, PATRICIA C. REPKO, court approved transcriber,

6    certify that the foregoing is a correct transcript from the

7    official electronic sound recording of the proceedings in the

8    above-entitled matter to the best of my ability.

9

10   <u>/s/ Patricia C. Repko</u>              Date:  April 23, 2007
11   PATRICIA C. REPKO
12   J&J COURT TRANSCRIBERS, INC.