# EXHIBIT 1

{D0084899.1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| Debtors. | ) Jointly Administered |
| | ) Hearing Date: May 2, 2007 @ 2:00 pm in Pittsburgh, PA |
| | ) Related Docket Nos.: 15005, 15185 |

**REPLY OF OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS ("ACC") AND DAVID T. AUSTERN, THE COURT APPOINTED LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS ("FCR"), IN SUPPORT OF MOTION TO COMPEL TESTIMONY AND DOCUMENT PRODUCTION CONCERNING GRACE'S PRE-PETITION ESTIMATES OF ITS PERSONAL INJURY ASBESTOS LIABILITY**

Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
CAMPBELL & LEVINE, LLC
800 North King Street, Suite 300
Wilmington, DE 19801
Telephone (302-426-1900

-and-

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue
New York, NY 10151
Telephone (212) 319-7125

Nathan D. Finch
James P. Wehner
Jeanna Rickards
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, D.C. 20005

*Counsel to the Official Committee of
Asbestos Personal-Injury Claimants*

Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
ORRICK, HERRINGTON & SUTCLIFFE LLP
3050 K Street, NW
Washington, DC 20007
Telephone (202) 339-8400

John Ansbro
ORRICK, HERRINGTON & SUTCLIFFE LLP
6566 Fifth Avenue
New York, NY 10113-0001
Telephone (212) 506-5000

-and-

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone (302) 655-4200

*Counsel for David T. Austern,
Future Claimants' Representative*

{D0084574.1 }

In an effort to avoid the obvious merits of the ACC and FCR efforts to obtain relevant, non-privileged discovery, Grace's papers present a confused mix of irrelevant arguments and twisted renditions of the record. The facts and law on this motion are straightforward, however, and the Court should not be distracted by Grace's machinations. This motion is about <u>pre-petition</u> asbestos reserve information prepared for business purposes and later turned over to the United States government, not post-petition expert work.

Grace now concedes that <u>all</u> of the <u>Sealed Air</u> documents and deposition testimony, much of which relates to Grace's pre-petition estimates of asbestos liability, are discoverable and may be used in this proceeding. Grace's belated concession demonstrates that its objections have been baseless all along.

Notwithstanding this concession, however, Grace continues to instruct its witnesses not to answer deposition questions about the <u>Sealed Air</u> documents, or about its pre-petition estimates generally. Grace also continues to withhold a number of documents dealing with the exact same subject matter. Grace's position is both self-contradictory and contrary to controlling law.

## I. GRACE HAS WITHDRAWN CLAIMS OF PRIVILEGE OVER THE SEALED AIR DOCUMENTS AND DEPOSITION TESTIMONY

For the first time, Grace has unequivocally conceded what should have been obvious:

> Grace has withdrawn its claim of privilege over the depositions and documents that were produced to the ACC in *Sealed Air*.

W.R. Grace's Objection (Docket Number 15185) to ACC/FCR Motion to Compel ("Opposition") at 19. These depositions and documents contain critical admissions concerning Grace's pre-petition estimates of aggregate personal injury liability. While Grace implies that withdrawal of the privilege claim has been the agreed-upon *status quo* for some time, its recent pleading is the clearest statement of that position. Grace's concession renders the remainder of its position on pre-petition estimates even more indefensible.

## II. GRACE'S INSTRUCTION TO WITNESSES TO REMAIN SILENT ABOUT PRE-PETITION ESTIMATES IS IMPROPER

### A. Grace Cannot Produce Documents Showing Its Past Estimates of Liability Were Based on Historical Experience And Then Refuse to Testify About Them

The Sealed Air documents produced by Grace demonstrate that, prior to bankruptcy, Grace relied on its own asbestos personal injury claims settlement history to project its aggregate future liability. An example is a package of information prepared for Grace's Board of Directors relating to estimates of asbestos liability, along with other information on the Sealed Air transaction. See BD-0590-0664 (copy attached as Exhibit 1). Grace's counsel explained that "the Board may *properly rely* upon" the conclusions of Grace's consultant, Thomas Florence, who estimated the company's overall future asbestos bodily injury using "*accepted methods* of mathematical and actuarial analysis to extrapolate from Grace's *historical experience* of BI claims." BD-0593 (emphasis added).

At two recent depositions of Grace witnesses, however, Grace counsel has instructed the witnesses not to answer questions relating to Grace's pre-petition liability estimates. See Beber Deposition, February 21, 2007, at 21-22, 195-96; Hughes Deposition, February 22, 2007, at 289 (excerpts of Beber's Deposition attached as Exhibit 12 and excerpts of Hughes' Deposition attached as Exhibit 10 to ACC/FCR Motion to Compel (Docket No. 15005)). Grace's desire to prevent testimony about its previous reliance on the accepted settlement history estimation methodology may be understandable, but it is without legal justification. None of the cases Grace cites stand for the proposition that a party can waive privilege or work product protection and produce documents on particular subject matters but nevertheless later refuse to answer questions about those very same documents and subjects. To the extent it ever existed, privilege has been waived and the subject of the documents and prior testimony - Grace's pre-petition asbestos liability estimates - is clearly relevant to this proceeding.

### B. Additional Deposition Testimony is Necessary

Additional deposition testimony from Grace witnesses about the Sealed Air documents and Grace's pre-petition estimation methodology is necessary because the depositions from Sealed Air are incomplete for the purposes of this proceeding. Although the principal disputed issue in Sealed Air was identical to the issue here (the magnitude of Grace's asbestos liability), Grace and Sealed Air did not dispute that the estimation of Grace's liability in that case would be based on historical claims experience. Methodology was thus not a major focus of the Sealed Air depositions. Moreover, the FCR was not a party in Sealed Air and has had no opportunity to question Grace witnesses about future liability estimates disclosed in the Sealed Air documents.

### C. Far From a "Third Round" of Depositions, The Need to Continue the Hughes and Beber Depositions Results from Grace's Groundless Instructions Not To Answer

Grace's complaint that the ACC and FCR are seeking a "third round" of depositions is exaggerated. Only deponents Jay Hughes and Robert Beber would need to be recalled. Other relevant Grace witnesses - David Siegel and Robert Tarola - have not yet been deposed. More importantly, Grace instructed deponents Hughes and Beber to refuse to answer questions. Had Grace permitted Hughes and Beber to testify fully, there would be no need to reconvene those two depositions, which, in any event, can be completed in less than half of one day.

### D. Neither the ACC Nor the FCR Has Stipulated That Pre-Petition Estimates Are Off-Limits In Discovery

Grace claims that the ACC and FCR "agreed not to re-depose" certain witnesses on pre-petition asbestos liability estimates. See Opposition at 19. The letter Grace cites for that proposition says nothing of the kind, however. See January 10, 2006 Letter from N. Finch to B. Harding (Exhibit 8 to Grace's Opposition). Nor does the December 21, 2006 Stipulation relating to the Depositions of Jay Hughes, Robert Beber, and David Siegel on Grace's settlement criteria and reasons for settling asbestos cases preclude testimony about pre-petition estimates. That

Stipulation contains an explicit reservation of rights as to other topics. See Stipulation at 2 (Exhibit 11 to ACC/FCR Motion to Compel) ("... the parties do not waive any of their positions with respect to the motion to compel that is being resolved as set out above and reserve all their rights with respect to any future motions that may be filed . . .")

## III. GRACE CONTINUES TO WITHHOLD NON-PRIVILEGED DOCUMENTS

Grace continues to withhold from production at least 47 documents related to its pre-petition efforts to estimate its asbestos liability that are no longer protected by privilege or work product.[1] The documents were not produced in Sealed Air, but relate to the exact same topic as those that were - namely Grace's internal pre-petition estimates of asbestos liability.

At the Hughes deposition, Grace demanded the return of a 1993 memorandum prepared by Mr. Hughes regarding estimation methodology on the grounds of inadvertent disclosure of an allegedly privileged document. See Hughes' Deposition at 6-13 (excerpt attached as Exhibit 10 to ACC/FCR Motion to Compel). Yet Grace has produced many other documents authored by Mr. Hughes on the exact same subject. See, e.g. Hughes January 13, 1995 memo ("As always, the estimates were calculated using historical settlement averages and dismissal rates.") (copy attached as Exhibit 3); Hughes July 25, 1996 memo (copy attached as Exhibit 4).[2]

This Court has already recognized that to the extent that Grace's aggregate pre-petition asbestos liability estimates and reserves analyses were prepared for business reasons or to comply with SEC disclosure requirements, they are not privileged:

---

[1] A copy of Grace's most recent privilege log is attached as Exhibit 2. Documents which relate to Grace's pre-petition estimates of asbestos liability are marked with a red *.

[2] In its opposition, Grace offers to remove from its privilege log any of the "logged documents. . . previously produced in the Sealed Air case." Opposition at 5-6. Included among these is an August 18, 1998 estimate of the volume, timing and cost of Grace's future asbestos personal injury claims, which Grace not only produced in Sealed Air, but about which it allowed its witnesses to testify. See 91-0350 to 91-0402 (copy attached as Exhibit 5).

> I'm trying to get to whether or not in fact the documents were used for some public filing purpose. I don't see how there is a privilege that can be asserted for that question if in fact the documents were used for some public purpose.

Hearing Transcript, January 23, 2007 at 34 (copy attached as Exhibit 6). See Simon v. G.D. Searle & Co., 816 F.2d 397, 401-02 (8th Cir. 1987). Even if the documents had once been privileged, Grace waived any privilege when it agreed without objection to allow the ACC to turn them over to the U.S. Government in response to a subpoena. See Westinghouse Elec. Corp. v. Republic of the Philippines, 951 F.2d 1414, 1427-28 (3d Cir. 1991). Westinghouse and its progeny in this Circuit hold explicitly that disclosure to an adverse party -- i.e. the United States in its criminal case against Grace -- waives work product protection as to all other communications on the same subject. Id. at 1428; Greene, Tweed of Delaware, Inc. v. Dupont Dow Elastomers, LLC, 202 F.R.D. 418, 420 (E.D. Pa. 2001).

Even assuming that a privilege existed and the scope of Grace's waiver of privilege would be narrowly construed, any documents remaining on Grace's Privilege Log relating to Grace's pre-petition estimates of personal injury liability should be produced. The production of one privileged document while withholding another on the very same subject matter is improper. Grace cannot pick the documents it wants to reveal, releasing more favorable documents while withholding ones it deems less desirable. Westinghouse, 951 F.2d at 1426 n.13. The Court should therefore order Grace to produce all documents relating to pre-petition estimates of future asbestos personal injury liability it still withholds.

## IV. CONCLUSION

The Court should grant the motion and order Grace to produce the requested documents and permit its witnesses to testify concerning its pre-bankruptcy asbestos liability estimates.

Dated: April 24, 2007

Respectfully submitted,

| CAMPBELL & LEVINE, LLC | PHILLIPS, GOLDMAN & SPENCE, P.A. |
|---|---|
| _____ | _____ |
| Marl R. Eskin (No. 2989) | John C. Phillips, Jr. (#110) |
| Mark T. Hurford (No. 3299) | 1200 North Broom Street |
| 800 North King Street, Suite 300 | Wilmington, DE 19806 |
| Wilmington, DE 19801 | Telephone (302) 655-4200 |
| Telephone (302) 426-1900 | |
| | -and- |
| -and- | |
| | Roger Frankel |
| Elihu Inselbuch | Richard H. Wyron |
| CAPLIN & DRYSDALE, CHARTERED | Raymond G. Mullady, Jr. |
| 375 Park Avenue | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| New York, NY 10151 | 3050 K Street, NW |
| Telephone (212) 319-7125 | Washington, DC 20007 |
| | Telephone (202) 339-8400 |
| Nathan D. Finch | |
| James P. Wehner | John Ansbro |
| Jeanna Rickards | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| CAPLIN & DRYSDALE, CHARTERED | 6566 Fifth Avenue |
| One Thomas Circle, N.W. | New York, NY 10113-0001 |
| Washington, D.C. 20005 | Telephone (212) 506-5000 |
| | |
| *Counsel to the Official Committee of* | *Counsel for David T. Austern,* |
| *Asbestos Personal-Injury Claimants* | *Future Claimants' Representative* |