IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Proposed Objection Date: May 1, 2007 @ 4:00 p.m. |
| | ) Hearing Date: May 2, 2007 @ 2:00 p.m. in Pittsburgh, PA |

**MOTION FOR AN ORDER PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 9018-1(b) AUTHORIZING THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND DAVID T. AUSTERN, THE COURT APPOINTED LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, AND DIRECTING THE CLERK OF THE COURT, TO FILE UNDER SEAL FOUR EXHIBITS TO THE REPLY OF OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS ("ACC") AND DAVID T. AUSTERN, LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS ("FCR"), IN SUPPORT OF MOTION TO COMPEL TESTIMONY AND DOCUMENT PRODUCTION CONCERNING GRACE'S PRE-PETITION ESTIMATES OF ITS PERSONAL INJURY ASBESTOS LIABILITY**

The Official Committee of Asbestos Personal Injury Claimants and David T. Austern, the Court Appointed Legal Representative for Future Asbestos Personal Injury Claimants (collectively, the "Movants"), by and through their undersigned counsel, hereby move (the "Motion") for the entry of an order pursuant to Section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Movants, and directing the Clerk of the Court, to file under seal exhibits one, three, four and five (the "Exhibits") to the Reply of Official Committee of Asbestos Personal Injury Claimants and David T. Austern, Legal Representative for Future

{D0084891.1}

Asbestos Personal Injury Claimants, in Support of Motion to Compel Testimony and Document Production Concerning Grace's Pre-Petition Estimates of Its Personal Injury Asbestos Liability ("Reply"). In support of this Motion, the Movants respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over these proceedings, the parties and property affected thereby, and the Motion, pursuant to 28 U.S.C. §§157(b) and 1334. Venue is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief requested in the Motion are Section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 9018-1(b) of the Local Rules.

## BACKGROUND

2. On or about April 1, 2001, W.R. Grace & Co. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtors continue to be in possession of their respective properties and are operating and managing their respective businesses and assets, as debtors–in–possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The proceedings are being jointly administered, for procedural purposes, pursuant to an Order of this Court.

3. No Trustee or examiner has been appointed in the Debtors' chapter 11 cases. On April 13, 2001, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Property Damage Claimants, and the Official Committee of Asbestos Personal Injury Claimants

pursuant to Section 1102(a)(1) of the Bankruptcy Code. On May 24, 2004, this Court signed an Order appointing David T. Austern as the Court Appointed Legal Representative for Future Asbestos Personal Injury Claimants.

4. On April 24, 2007, the Movants filed the Reply. The Exhibits attached to the Reply are documents that the Movants have agreed to maintain as confidential. The Debtors have designated this information as confidential. Therefore, the Movants respectfully request that this Court enter an order permitting the filing of the Exhibits to the Reply under seal so as to protect the Debtors' asserted interest in the confidential, commercial information and the Movant's agreement to maintain the confidentiality of the information.

## RELIEF REQUESTED

5. By this Motion, the Movants requests authority to file exhibits one, three, four and five to the Reply under seal for *in camera* review by this Court.

6. In pertinent part, Section 107(b) of the Bankruptcy Code provides:

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
    (1) protect an entity with respect to a trade secret or confidential research development, or commercial information;

7. Similarly, Bankruptcy Rule 9018, provides:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a cased under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

8. The relief sought herein is the least intrusive means of achieving the goal of protecting the integrity of the judicial process, protecting legitimate confidential commercial information, and fostering the creation of a full and fair record for the Court's adjudication of disputes. *In re 50-Off Stores*, 213 B.R. 646, 659 (Bankr. W.D. Tex. 1997) ("The sealing device permits the court to do its job fully, permitting both a full inquiry and assuring the protection of the asset the cause of action represents.).

9. It is a long-standing practice in the federal courts for relevant evidence to be received at trial *in camera*, so as to protect the non-public character of qualified material while allowing the Court to perform its adjudicative functions. *See John T. Lloyd Lab., Inc. v. Lloyd Bros. Pharmaceuticals, Inc.*, 131 F.2d 703, 707 (6th Cir. 1942) (trial court ordered to receive evidence in trade secret litigation *in camera*); *Standard & Poor's Corp. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1276 (S.D.N.Y. 1982) (closure of part of trial may be ordered to preserve trade secret confidentiality and avoid irreparable harm).

10. The Movants submit that it is necessary to file the Exhibits to the Reply under seal as they contain confidential information relating to the Debtors' policies regarding the settling and/or litigating asbestos personal injury claims and the history of personal injury judgments against the Debtors, which the Debtors seek to maintain as confidential. Additionally, as noted, the Movants have agreed to maintain the Exhibits at issue as confidential. Consequently, the Movants seek the relief requested herein.

11. The Reply, along with all exhibits attached thereto (including the Exhibits at issue herein), have been served upon: (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors;

(iv) counsel to the Official Committee of Asbestos Property Damage Claimants; and (v) counsel to the Official Committee of Equity Security Holders.

## NOTICE

12. Notice of this Motion has been given to the following parties: (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to the Official Committee of Asbestos Property Damage Claimants; (v) counsel to the Official Committee of Equity Security Holders; and (vi) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

13. Although the Committee has previously requested authorization to file under seal documents and/or information designated as confidential by the Debtors, no previous motion to file under seal the Exhibits to the Reply has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Movants respectfully request entry of an order authorizing them, and directing the Clerk of the Court, to file under seal four exhibits to the Reply of Official Committee of Asbestos Personal Injury Claimants and David T. Austern, Legal Representative for Future Asbestos Personal Injury Claimants, in Support of Motion to Compel Testimony and Document Production Concerning Grace's Pre-Petition Estimates of Its Personal Injury Asbestos Liability

Dated: April 24, 2007

| | |
|---|---|
| CAMPBELL & LEVINE, LLC | PHILLIPS, GOLDMAN & SPENCE, P.A. |
| *[signature]* | /s/ John C. Phillips, Jr. |
| Marl R. Eskin (No. 2989)<br>Mark T. Hurford (No. 3299)<br>800 North King Street, Suite 300<br>Wilmington, DE 19801<br>Telephone (302) 426-1900 | John C. Phillips, Jr. (#110)<br>1200 North Broom Street<br>Wilmington, DE 19806<br>Telephone (302) 655-4200 |
| -and- | -and- |
| Elihu Inselbuch<br>CAPLIN & DRYSDALE, CHARTERED<br>375 Park Avenue<br>New York, NY 10151<br>Telephone (212) 319-7125 | Roger Frankel<br>Richard H. Wyron<br>Raymond G. Mullady, Jr.<br>ORRICK, HERRINGTON & SUTCLIFFE<br>LLP 3050 K Street, NW<br>Washington, DC 20007<br>Telephone (202) 339-8400 |
| Nathan D. Finch<br>James P. Wehner<br>Jeanna Rickards<br>CAPLIN & DRYSDALE, CHARTERED<br>One Thomas Circle, N.W.<br>Washington, D.C. 20005 | John Ansbro<br>ORRICK, HERRINGTON & SUTCLIFFE<br>LLP<br>6566 Fifth Avenue<br>New York, NY 10113-0001<br>Telephone (212) 506-5000 |
| *Counsel to the Official Committee of*<br>*Asbestos Personal-Injury Claimants* | *Counsel for David T. Austern,*<br>*Future Claimants' Representative* |

{D0084891.1}                                6