# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related Docket Nos. 14608 and 15057** |

## STATUS REPORT OF COMPLIANCE WITH X-RAY ORDER

W.R. Grace and affiliated debtors ("Grace" or the "Debtors") hereby provide this Court with a status report regarding compliance with the February 20, 2007 Supplemental X-ray Order (Docket No. 14608). On March 30, 2007, pursuant to the CMO, the Debtors filed their Motion Regarding Noncompliance with X-ray Order (Docket No. 15057) (the "Motion to Compel"). In this motion, the Debtors detailed their extensive efforts to negotiate and later compel production of chest x-rays for cancer Claimants and updated this Court as to the extent of compliance with its December 22, 2006 X-ray Order (Docket No. 14148) ("December 22nd

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Order") as well as the February 20, 2007 Supplemental X-ray Order ("Supplemental X-ray Order").

In response to the Motion to Compel, the Debtors received oppositions from Goldberg, Persky & White; Thornton & Naumes; seven law firms represented by Stutzman, Bromberg, Esserman & Plifka, P.C. ("Stutzman");[2] and four law firms represented by Montgomery, McCracken, Walker & Rhoades, LLP ("MMWR").[3] These law firms either denied that they were in noncompliance or detailed their ongoing efforts to obtain and produce their clients' x-rays.[4]

Based on the oppositions and correspondence received subsequent to the March 15, 2007 x-ray production deadline, the number of law firms and Claimants who have complied with the Supplemental X-ray Order has changed. Six law firms representing 487 Claimants are now compliant with the Court's Supplemental X-ray Order. *See* Law Firms That Are No Longer Considered Noncompliant at <u>Exhibit 1</u>. In total, approximately 3,292 Claimants have submitted either original x-rays or copies of x-rays with the requisite certification. The Debtors have begun

---

[2] Stutzman filed oppositions on behalf of Wilentz, Goldman & Spitzer, P.A. ("Wilentz Goldman"); Hissey, Kientz, & Herron, P.L.L.C. ("Hissey Kientz"); Williams Bailey, L.L.P. ("Williams Bailey"); The Law Offices of Peter G. Angelos, P.C. ("Angelos"); Foster & Sear L.L.P. ("Foster & Sear"); Provost & Umphrey, L.L.P. ("Provost Umphrey"); and Weitz & Luxenberg, P.C. ("Weitz & Luxenberg").

[3] MMWR filed oppositions on behalf of Early, Ludwick & Sweeney, LLC ("ELS"), The Wartnick Law Firm ("Wartnick"), Waters & Kraus ("W&K"); and Wise & Julian, LLP ("W&J").

[4] On April 19, 2007, the Debtors received an opposition filed by Lewis, Slovak & Kovacich ("LSK"). Pursuant to the CMO, the deadline for filing oppositions to the Debtors' motion was April 13, 2007. LSK did not seek an extension from the Court or the Debtors and instead filed an untimely opposition. Accordingly, the Debtors are not responding to this untimely opposition. LSK did not produce any x-rays to Rust nor did LSK notify the Debtors prior to March 15, 2007 that its x-rays were in the possession of third parties. Accordingly, this untimely response does nothing to alter the fact that the three Claimants represented by LSK have failed to comply with the Supplemental X-ray Order.

2

to review a sample of the x-rays of those Claimants who complied with the Supplemental X-ray Order and submitted to Rust either original chest x-rays or certified copies of chest x-rays by March 15, 2007.

However, 33% of the Claimants have either failed to comply with the x-ray order or have informed the Debtors that their x-rays are in the possession of third parties and have yet to produce them. Remarkably, 90 law firms representing 1821 Claimants who were identified in the Motion to Compel as being noncompliant have failed even to provide a response to Debtors' motion and therefore concede that they are noncompliant. *See* Noncompliant Law Firms Who Conceded Their Noncompliance, attached as <u>Exhibit 2</u>. Additionally, there are still 436 Claimants whose x-rays are in the possession of a third party.

With respect to all of these Claimants who have yet to produce the x-ray evidence requested over 6 months ago, the Debtors seek an order precluding the introduction of any x-ray evidence at the PI estimation trial.

I. **CLAIMANTS WHO FAIL TO PRODUCE X-RAYS SHOULD NOT OFFER SUCH EVIDENCE AT THE ESTIMATION TRIAL.**

All parties should be limited to introducing evidence at the estimation proceeding that was timely produced to the Debtors in compliance with the Supplemental X-ray Order. Exclusion of evidence from trial is soundly within a Court's discretion where such evidence was not produced. *Gallup, Inc. v. Kenexa Corp.*, 2003 WL 22097495, at *2 (E.D. Pa. May 28, 2003). In *Gallup*, the Court held that exclusion was appropriate under Rule 37(c)(1) of the Fed. R. Civ. P. unless "(1) the non-disclosing party provides substantial justification for its failure to disclose; or (2) the failure to disclose is harmless." *Id.*

3

A.  **Firms/Claimants Who Have Not Complied With The X-ray Order Or Responded To the Motion (1821 Claimants) Should Be Precluded From Introducing X-ray Evidence At The Estimation Trial.**

The Debtors identified such noncompliant law firms in its March 30, 2007 status report and requested that this Court limit all parties to timely produced evidence. Law firms and Claimants that have not responded to the Motion to Compel have provided no justification for their failure to disclose this x-ray evidence. These firms should be precluded from introducing or submitting any further x-ray evidence supporting their claims. Further, such failure to disclose is not harmless. In fact, it is especially problematic in the context of chest x-rays where evaluation of the evidence requires interpretation by a medical professional and is critical to proving the Claimant's claim that his or her cancer is attributable to asbestos exposure. Accordingly, such evidence should be excluded from the estimation trial.

B.  **Claimants/Law Firms Who Claim X-rays Are In Possession Of Third Parties (436 Claimants) Must Produce These X-rays Immediately.**

Those Claimants whose x-rays are in the possession of third parties must produce their x-rays by a date certain or acknowledge that they do not exist. It is within the discretion of this Court to exclude evidence that is produced prior to trial but not in accordance with a court order. *See Bailey v. Container Corp. of Am.*, 660 F. Supp. 1048, 1051-52 (S.D. Ohio 1986) (excluding evidence from trial pursuant to Rule 37(b)(2) of the Fed. R. Civ. P. where evidence was not produced in a timely manner pursuant to a court order and was instead produced one day before trial). Claimants and Claimants' counsel have had ample opportunity to obtain these x-rays. Claimants were first put on notice that the Debtors had a right to seek the production of x-rays when this Court approved the Questionnaire in 2005. Counsel for the Debtors specifically

4

requested the production of x-rays supporting cancer Claimants in an October 23, 2006 letter to all counsel, attached as <u>Exhibit 3</u>. Now, more than six months later, the Debtors are told that there may be hundreds of x-rays trickling in over the months leading up to the estimation trial, making any systematic review of these x-rays virtually impossible.

Certain Counsel opposing Debtors' motion characterize Debtors' efforts to obtain all relevant x-rays as "yet another instance of the colossal waste of the Estate's limited funds and this Court's limited time . . . ." Response of MMWR Firms to Debtors' Motion Alleging Noncompliance With X-ray Order (Apr. 14, 2007) (Docket No. 15196), at 3. In this same motion, however, counsel details the disregard that Claimants have for this Court's March 15, 2007 deadline for producing x-rays. For example, the Wartnick Law Firm alleges that the x-rays are in the possession of a third party, a court-appointed medical defense counsel, Berry & Berry. It is telling that based on the affidavit submitted by the Wartnick Law Firm, these x-rays were not requested from this third party until February 26, 2007. This is over four months after the Wartnick Law Firm received the initial request for these x-rays and <u>a full two months after this Court ordered the production of these x-rays</u>. Berry & Berry responded nine days later, clearly in a timely manner, explaining that it only had x-rays for 11 Claimants, the rest were either returned to defense counsel or at a medical facility. The Wartnick Law Firm then describes a frantic attempt to contact various medical facilities to track down these x-rays. This search should have occurred months ago, not during six days before a court-ordered deadline. This last minute attempt at compliance does not excuse the months of willful disregard for the Court's order.

DOCS_DE:126885.2

These firms have stated, in response to a court-ordered questionnaire -- that their Claimants have x-ray evidence that supports *their* allegation that their cancer is attributable to asbestos. They have been given over *six months* to produce the evidence and are now over four months past the original court-ordered deadline. Law firms that, at this juncture, claim that x-rays exist, but they cannot get them, must produce the x-rays within the next 10 days or be precluded from introducing such evidence at the estimation proceeding.

## II.	CONCLUSION.

For the foregoing reasons, the Debtors request this Court limit the parties to the estimation trial to relying on evidence that was produced in a timely manner and in compliance with the Supplemental X-ray Order.

*[Remainder of page left intentionally blank]*

Dated: April 24, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

KIRKLAND & ELLIS LLP
Barbara M. Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

and

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100

7

# EXHIBIT "1"

## Law Firms That Are No Longer Considered Noncompliant

| Firm | Claimants for Whom Grace Has X-rays |
|---|---|
| David Lipman | 36 |
| Hissey Kientz & Herron | 96 |
| James F. Humpreys & Assocs. | 49 |
| McGarvey Heberling | 2 |
| Thornton & Naumes | 16 |
| Williams Bailey | 288 |
| **Total** | **487** |

# EXHIBIT "2"

**Noncompliant Law Firms Who Conceded Their Noncompliance**

| Firm | Claimants Not in Compliance |
| --- | --- |
| Alwyn H. Luckey | 7 |
| Anapol Schwarz | 20 |
| Ashcraft & Gerel | 4 |
| Bevan & Associates | 12 |
| Boechler PC | 11 |
| Brayton Purcell | 28 |
| Brent Coon & Associates | 2 |
| Bruegger & McCullough | 3 |
| Byrd & Associates | 1 |
| Camp Fiorante Matthews | 1 |
| Carlile Law Firm | 1 |
| Cascino Vaughan | 19 |
| Casoselli Beachler Mctiernan & Conboy | 9 |
| Christopher Whyland | 1 |
| Cooney & Conway | 11 |
| Crowley Douglas | 2 |
| Danny E. Cupit | 8 |
| David Odell Harville | 1 |
| Dearie & Associates | 19 |
| Donaldson & Black | 21 |
| Embry & Nuesner | 1 |
| G. Patteson Keahey | 28 |
| Galiher Derobertis Ono | 1 |
| Galligan Doyle Reid | 1 |
| George & Sipes | 16 |
| Gerald F. Maples | 42 |
| Gertler Gertler Vincent & Plotkin | 1 |
| Gibson Law Firm | 172 |
| Goldbenberg Miller Heller & Antogloni | 19 |
| Goldberg Persky & White | 217 |
| Hartley & O'Brien | 57 |
| Heard Robbins Cloud & Lubel | 68 |
| Howard Brenner & Nass | 6 |
| Humphrey Farrington & McClain | 1 |
| J. Donald Carona | 1 |
| James Hession | 4 |
| Kelley & Ferraro | 235 |
| Klamann & Hubbard | 1 |
| Koonz McKenney Johnson Depaolis & Lightfoot | 3 |
| Landye Bennett Blumstein | 2 |
| Lanier Law Firm | 7 |
| Law Office of Jeffrey A. Varas | 11 |
| Law Offices of James D. Burns | 3 |
| Law Offices of Joseph C. Maher II | 2 |
| Law Offices of Linda C. Sams | 1 |
| Levinson Axelrod | 12 |
| Levy Phillips Konigsberg | 3 |
| Lipsitz and Ponterio | 13 |
| Lipsitz Green Fahringer Roll Salisbury & Cambria | 1 |
| Lyons & Ranta | 1 |

**Noncompliant Law Firms Who Conceded Their Noncompliance**

| Law Firm | Count |
|---|---|
| Madeksho Law Firm | 1 |
| Martens Ice Klass Legghio & Israel | 1 |
| Martin & Jones | 43 |
| McKay Law Firm | 1 |
| McPherson Monk Hughes Bradley Wimberley | 1 |
| Morris & Sakalarios | 4 |
| Nichol & Associates | 27 |
| Nix Patterson & Roach | 6 |
| Odom & Elliot (aka Odom Law Firm) | 4 |
| Paul D. Henderson | 1 |
| Peirce Raimond & Coulter | 19 |
| Peter T. Nicholl | 2 |
| Pfeifer & Fabian | 5 |
| Popham Law firm | 1 |
| Porter & Malouf | 16 |
| Pro Se | 1 |
| Robert G. Taylor II | 17 |
| Rossbach Hart Bechtold | 2 |
| Sales Tillman Wallbaum Catlett & Sattreley | 20 |
| Schroeter Goldmark & Bender | 1 |
| Scott & Scott, Ltd. | 15 |
| Shein Law Center | 1 |
| Shinaberry & Meade | 2 |
| Sieben Polk Laverdiere & Dusich | 16 |
| SimmonsCooper | 41 |
| Stephen D. Colafella | 1 |
| Stephen L. Shackelford | 1 |
| Sutter Law Firm | 24 |
| Taunia Thompson Elick | 2 |
| Terrell Hogan | 13 |
| The Calwell Practice | 13 |
| The Parron Firm | 11 |
| Trine & Metcalf | 3 |
| Wallace & Graham | 201 |
| Ward Black Law | 1 |
| Weitz & Luxenberg | 71 |
| Wellborn Houston | 27 |
| Wilentz Goldman & Spitzer | 33 |
| Woods & Woods | 10 |
| Wysoker Glassner Weingartner Gonzalez & Lockspeiser | 51 |
| **Total** | **1821** |

# EXHIBIT "3"

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Barbara Mack Harding
To Call Writer Directly:
202 879-5081
bharding@kirkland.com

202 879-5000

www.kirkland.com

Facsimile:
202 879-5200
Dir. Fax: 202 879-5200

October 23, 2006

**VIA OVERNIGHT DELIVERY**

Re:   W.R. Grace Bankruptcy -- Production of Chest X-rays

Dear Counsel:

I am contacting you because you represent one or more Claimants who have returned a W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire") and assert a claim based on a diagnosis of a cancer (other than a diagnosis of mesothelioma) that is alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing material for which one or more of the Debtors are alleged to be legally responsible. As part of the Questionnaire, the Bankruptcy Court for the District of Delaware has provided that "Grace may seek access to chest x-rays upon request." Questionnaire at ii. This letter is served as that request.

Thus, for each Claimant you represent who has alleged a non-mesothelioma asbestos-related cancer, please provide any and all chest x-rays that support the Claimant's allegation that his or her cancer is asbestos-related, all chest x-rays that were taken within 2 years of the Claimant's diagnosis, and/or any chest x-ray that has been taken since the Claimant has been diagnosed with cancer, within 30 days of receiving this letter. Please send the x-rays to Rust Consulting, Inc., 201 S. Lyndale Ave., Faribault, MN, 55201. If an x-ray is in the possession of the Claimant's treating physician, it is acceptable to provide copies of that x-ray. If, however, an x-ray is in the possession of someone other than the Claimant's treating physician (*e.g.*, counsel for the Claimant, a physician other than a treating physician, or a screening company), originals of that x-ray must be provided. If original x-rays are provided, they "will be returned within a reasonable period of time" after "professionals and experts have reviewed the documents." Questionnaire at iv. If copies of the x-ray are provided, once a trust is formed, the x-rays will be provided to the trust and the Claimant need not resubmit them. *See* Questionnaire at i.

If you have any questions, please feel free to contact me.

Chicago         London         Los Angeles         Munich         New York         San Francisco

## KIRKLAND & ELLIS LLP

October 23, 2006
Page 2

Sincerely,

Barbara Mack Harding

BMH/acb

Enclosures

cc:  Nathan D. Finch (via email)
     Rust Consulting, Inc. (via email)