## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO.,** *et al.,* | ) | **Case No. 01-1139 (JKF)** |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | |

### NOTICE OF SUBPOENA

To All Parties on the Attached Service List:

    **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable by Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure, the United States District Court for the Northern District of Delaware issued a subpoena (a copy of which is attached hereto) for Congoleum Corporation. This subpoena was served on April 18, 2007. The subpoena required Congoleum Corporation, to make available requested documents on May 14, 2007 beginning at 9:00 AM at the offices of Congoleum Corporation, 3500 Quakerbridge Road, Trenton, NJ 08619.

Dated: April 25, 2007

                                    Respectfully submitted,

                                      KIRKLAND & ELLIS LLP
                                      David M. Bernick
                                      Scott McMillin
                                      Ellen Therese Ahern
                                      200 East Randolph Drive
                                      Chicago, IL 60601
                                      Telephone:    (312) 861-2000
                                      Facsimile:    (312) 861-2200

                                      KIRKLAND & ELLIS LLP
                                      Barbara Harding
                                      David E. Mendelson
                                      Brian T. Stansbury
                                      Amanda C. Basta
                                      655 Fifteenth Street, NW
                                      Washington, D.C. 20005
                                      Telephone:    (202) 879-5000
                                      Facsimile:    (202) 879-5200

                                      -and-

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone:     (302) 778-6407
Facsimile:     (302) 652-4400

B 256 (11/91)

# United States Bankruptcy Court

### District Of _____ Delaware

| | |
|---|---|
| In re _____ **W.R. Grace & Co., et al** _____ <br> Debtor | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE** <br> Case No.[1] _____ **01-01139 (JKF)** |
| To: Congoleum Corporation, 3500 Quakerbridge Road, Trenton, NJ 08619 | Chapter _____ **11** |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attachment A regarding the documents and/or objects to be produced and the scope of the production.**

| PLACE <br> **Congoleum Corporation, 3500 Quakerbridge Road, Trenton, NJ 08619** | DATE AND TIME <br> **5/14/2007 9:00 am** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014 Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | 4/13/07 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER <br> Scott A. McMillin, Kirkland & Ellis LLP, 200 E. Randolph Drive, Chicago, IL 60601, (312) 861-2000 <br> Counsel for Debtor W.R. Grace & Co. | |

[1] If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 4/18/2007 @ 4:40 PM | CONGOLEUM CORPORATION<br>3500 QUAKERBRIDGE ROAD, TRENTON, NJ 08619 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| JOE STUDICK<br>TREASURER | BY PERSONALLY SERVING |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| TED CORDASCO | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     4/18/2007
DATE

SIGNATURE OF SERVER

HATFIELD PROCESS SERVICE
(www.hatfieldprocess.com)
1669 JEFFERSON
KANSAS CITY, MO 64108

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO.**, *et al.*, | ) | **Case No.: 01-01139 (JKF) (Bankr. D. Del.)** |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |

**SUBPOENA DUCES TECUM PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 45**

TO    Congoleum Corporation

3500 Quakerbridge Road

Trenton, NJ 08619

**YOU ARE COMMANDED** to make available for inspection and copying the categories

of documents set forth in Attachment "A" to this subpoena in the case styled *In re W.R. Grace &*

*Co., et al.,* Case No. 01-1139 (JKF), currently pending in the United States Bankruptcy Court,

District of Delaware.  Congoleum Corporation is further requested to make the categories of

documents set forth in Attachment "A" available to the undersigned counsel for W.R. Grace &

Co. for inspection and copying on May 4, 2007 at the offices of Congoleum Corporation, 3500

Quakerbridge Road, Trenton, NJ 08619.

This subpoena has been issued by the United States Bankruptcy Court for the District of

Delaware.  You must produce all of the materials described in this subpoena and its attachments

for inspection and copying and must do so at the time and place set out in this subpoena.  Your

failure to do so may be punished as a contempt of the United States Bankruptcy Court for the

District of Delaware.

Dated: April 4, 2007

KIRKLAND & ELLIS LLP

_____

David M. Bernick
Scott A. McMillin
Ellen T. Ahern
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

-and-

KIRKLAND & ELLIS LLP
Barbara M. Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

2

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "Congoleum," "you," or "your" shall mean and include Congoleum Corporation and any and all bankruptcy estates, predecessors, successors, subsidiaries, parents, affiliates, divisions, and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys, and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

2. "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim.  Such claims include, but are not limited to, claims for emotional harm, mental distress, and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed, or sold by the Debtors.

3. "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys, consultants, representatives, and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

4. "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease, or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

5. "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety

& Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

6. "B-reading" shall mean and include, without limitation, a physician's report of findings from a Claimant's chest radiograph, using the classification system devised by the ILO.

7. "Doctor" shall mean any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated party to provide any of the following services: B-reading, chest x-ray reading or interpretation, performing, administering, or interpreting pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

8. "Medical Services" shall mean and include, without limitation, any and all tests or examinations which are used in the diagnosis of pulmonary disease, including Asbestos-Related disease or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations. Such tests or examinations include, but are not limited to, B-reading, chest x-ray reading or interpretation, performing, administering, or interpreting PFTs, performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

9. "Screening Company" shall mean any Person who has been hired, retained, consulted, or otherwise paid on behalf of you, the Claimant, or a Claimant's Firm or any affiliated party to provide any of the following services: administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining doctors to perform medical examinations

4

and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

10. "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis, and/or detect pulmonary disease, including Asbestos-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review.  Such tests or examinations include, but are not limited to: the administration of x-rays, the administration of PFTs, or the taking of occupational or asbestos or silica exposure histories.

11. As used herein, "document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

12. "Person" includes a natural person or any business, legal, or government entity or association.

13. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize, or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

14. Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

15. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in

chronological order, setting forth as to each the following: (a) date of the document; (b)

identity of the author(s) and all recipients; (c) description; (d) type of document; (e) subject

matter; and (f) basis for assertion of privilege or immunity.

16. If you have a good faith basis to believe that any document requested has been destroyed or

lost, please so state.

17. Whenever appropriate, the singular form of a word should be interpreted in the plural.

"And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire

the broadest possible meaning in each circumstance.

18. References to the singular include the plural and vice versa, references to one gender include

the other gender, references to the past tense include the present and vice versa, and

disjunctive terms or phrases should be read to include the conjunctive and vice versa.

### REQUESTED DOCUMENTS

### REQUEST NO. 1:

For each of the Claimants listed in Attachment B, please provide any information relating

to the individual's exposure to asbestos received or acquired by you in the course of any

litigation with the individual.[1]

---

[1] For your convenience, and due to its volume, Attachment B has been provided on CD-ROM (attached to this subpoena).

6

**REQUEST NO. 2:**

For each of the Claimants listed in Attachment B, please provide any information relating to the individual's exposure to asbestos received or acquired by you in the course of any settlement or settlement negotiations with the individual.

**REQUEST NO. 3:**

For each of the Claimants listed in Attachment B, please provide any other information you have, in what ever form, relating to the individual's exposure to asbestos.

**REQUEST NO. 4:**

If you have, at any point, stopped accepting or refused to accept reports of any kind from any doctors as part of your asbestos claims settlement process, please provide all documents relating to any such decision, including, but not limited to, correspondence, memoranda, or other written analyses.

7