```
STUART RABNER
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093
Attorney for Department of
 Environmental Protection

By: Rachel Jeanne Lehr
    Deputy Attorney General
    (609)984-6640
```

```
                UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF DELAWARE
                                 :    HON. JUDITH K. FITZGERALD
In re:
                                 :            Chapter 11
W. R. Grace & Co., et al.,
          Debtors.               :    Case No. 01-01139 (JKF)
```

PROOF OF CLAIM

1. The Attorney General of New Jersey, by Rachel Jeanne Lehr, Deputy Attorney General appearing, files this Proof of Claim for the State of New Jersey, Department of Environmental Protection ("Department" or "State"), a principal department within the Executive Branch of the State government.

2. The Attorney General of New Jersey is authorized to make this Proof of Claim for the Department. The undersigned does so without the authority to waive the State of New Jersey's or its officers' sovereign immunity under the United States Constitution or to consent to this Court's exercise of jurisdiction over the State of New Jersey or its officers. Accordingly, nothing in this pleading is intended to waive the

State of New Jersey's or its officials' immunity from suit in federal court under its sovereign immunity in the United States Constitution.

3. The Department is making this Proof of Claim for penalties incurred by the debtors for violations of the New Jersey Industrial Site Recovery Act ("ISRA"), N.J.S.A. 13:1D-6 to -14, and the New Jersey Spill Compensation and Control Act ("Spill Act"), N.J.S.A. 58:10-23.11 to -23.24., at their Hamilton Township, New Jersey, industrial establishment as set out in Exhibit A, attached hereto and incorporated herein.

4. The Department is seeking $30,035,577.00 in estimated penalties for swearing to false information about hazardous substances used by the debtor at the Hamilton site that remained there after debtor ceased operations and left Hamilton Township. <u>See</u> Exhibit A.

5. No judgments have been rendered on these claims.

6. The Debtor has made no payments on these claims.

7. These claims are not subject to any set-off or counterclaim.

8. This Proof of Claim is not to be construed as a waiver of any other claim or right, including penalties or tax claims, which DEP, the Administrator or any other agency or instrumentality

of the State may have against the Debtor, the Debtor's estate or any other person.

                                      Respectfully submitted,

                                      STUART RABNER
                                      ATTORNEY GENERAL OF NEW JERSEY
                                      Attorney for Claimants

                                 By: /S/ Rachel Jeanne Lehr
                                      Rachel Jeanne Lehr
                                      Deputy Attorney General

Dated: April 26, 2007