IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | **Hearing Date: 5/21/07 at 2:00 p.m.** |
| | ) | **Objection Deadline: 5/14/07 at 4:00 p.m.** |
| | ) | |

Related to Doc. No. 8582, 15197, and 15198

**MOTION FOR RECONSIDERATION OF COURT'S OPINION AND ORDER DENYING MOTION OF THE STATE OF MONTANA FOR RELIEF FROM THE AUTOMATIC STAY ENTERED APRIL 16, 2007**

The State of Montana (hereinafter "Montana"), by and through its undersigned counsel, hereby files this Motion for Reconsideration of Court's Opinion and Order Denying Motion of the State of Montana for Relief from the Automatic Stay entered April 16, 2007 [D.I. 15197 and 15198], and respectfully shows the Court as follows:

BACKGROUND

1.     On June 9, 2005, Montana filed its Motion for Relief from the Automatic Stay (the "Lift Stay Motion") [D.I. 8582] seeking relief from the automatic stay in order that Montana could join Debtors, W.R. Grace & Co. and W.R. & Co.-Conn. (hereinafter collectively "Debtors") as third party defendants in eighty-three (83) cases currently pending against Montana in various Montana State Courts ("State Court Actions"). Since the filing of its Lift Stay Motion, Montana has learned that there are one hundred and twenty-three (123) such actions pending for which it would seek relief from the automatic stay. Moreover, these one hundred and twenty-three State Court Actions were

the subject to the Motion filed by the Debtors to expand their preliminary injunction (the "Injunction Motion") [D.I. 359].

2. Montana has filed a proof of claim in an unliquidated amount seeking indemnification and contribution from the Debtors relating to the State Court Actions.[1]

3. Montana sought, and continues to seek, to preserve its indemnification and contribution claims relating to the State Court Actions and to object to any proposed plan of reorganization that in any way may affect such claims.

4. As a result of the Debtors' Injunction Motion, Montana agreed with the Debtors and the State Court Action plaintiffs to stay all activity in the State Court Actions until after the hearing on the Lift Stay Motion. Further, Montana agreed with the Debtors and the State Court Action plaintiffs not to conduct any discovery relating to the Lift Stay Motion until after the hearing on the Lift Stay Motion.

5. Montana requested that in the event the Court denied Debtors' Injunction Motion, that the Court, in conjunction with such denial, issue an order for expedited discovery and hearing schedule on Montana's Lift Stay Motion.

6. On December 19, 2005, the Court held a hearing on Debtors' Injunction Motion (the "Hearing").

7. During the course of the Hearing, the Court and counsel discussed the issue of the effect of denial of Debtors' Injunction Motion on Montana's Lift Stay

---

[1] Additionally, Montana has filed two proofs of claims against the Debtors relating to the cost of future and past Medicaid reimbursement, as well as proofs of claim for environmental remediation that were the subject of the recently entered Stipulation Resolving Certain of the Claims of the State of Montana Department of Environmental Quality [D.I. 15218].

Motion. A copy of the relevant portion of the Hearing transcript is attached as <u>Exhibit A</u> and incorporated by reference herein.[2] It provides in part as follows (emphasis added):

> THE COURT: Anything else today?
>
> MS. BAER: Your Honor, if you look at the agenda, item number six was the debtors' motion for leave to amend its adversary complaint to add the State of Montana. It probably should be carried along with the item number five being taken under advisement.
>
> THE COURT: Yeah, I think items five and six should go together. Montana's motion for relief from stay, I think Mr. Monaco's indicated would simply be withdrawn and I could do that if the injunction's granted. **And if it's not granted, then it needs to be scheduled promptly and I would put it back on the next agenda for hearing.**
>
> MS. BAER: Thank you, Your Honor.
>
> THE COURT: Mr. Monaco?
>
> MR. MONACO: Your Honor, there is one slight problem with taking it under advisement. We currently have an agreement among the parties to stay discovery in the underlying Montana actions. I spoke to both Ms. Baer and Mr. Cohn before the hearing started to see if they would agree to extend that stay until we – if Your Honor did take it under advisement. Mr. Cohn is refusing to stay discovery [in the] underlying action, so I would at least request that Your Honor stay the Libby claimants from taking discovery or proceeding any further with the actions until Your Honor renders a decision on this.
>
> THE COURT: Yeah.
>
> Mr. Cohn, that seems to me to be appropriate, until I know whether or not there is going to be an injunction, to stay discovery. I don't really see why that should go forward. I don't think – I want to go back and take a look at the cases that have been cited. I don't expect this to take a long time.
>
> MR. COHN: Well, Your Honor, I do need to make clear the discussion that we had was in the context that we might not reach this matter for argument today. And that was the context in which I said I wouldn't agree to a further stay. So I'd really just ask you what period are we talking about?

---

[2] Due to the voluminous service list, Exhibits A and B are being served on counsel for Debtors and electronically filed. Any party may obtain a copy of the exhibits by contacting counsel for the Movant.

Document No. 61242, v.3                    Page 3 of 7

>THE COURT: Well, I think until – well, if the injunction's issued, it would be stayed until the injunction's lifted. **If the injunction isn't issued, how about until the motion for relief from stay is scheduled on – because it would come up on the next omnibus agenda, but since I don't know exactly when I'm going to get an opinion out, I don't know what agenda that would be. But I would then take the issue of lifting the stay of discovery up in connection with the motion for relief from stay –**
>...
>THE COURT: I'll order a stay of discovery until I have an opportunity to determine whether or not there – it is appropriate to issue this injunction because it appears that, to the extent that the plaintiffs will want discovery from the State, the State in turn may want discovery against Grace. ...
>...
>THE COURT: So, I've ordered it.
>Now, somebody want to give me an order to reflect what I've said?
>MS. BAER: We'll prepare an order and work with Mr. Cohn.
>THE COURT: All right, and also with respect to the relief from stay that it will be continued in the event -- to the next omnibus in the event that the injunction is not issued and withdrawn in the event that the injunction is.

8. Following the Hearing, the Court entered a written order on January 17, 2006 (the "2006 Order"), a copy of which is attached hereto as <u>Exhibit B</u>. The 2006 Order provides in relevant part as follows:

>ORDERED that in the event the Court denies the relief requested in the Injunction Motion and Motion to Amend, the Lift Stay Motion shall be set for hearing at the next Omnibus Hearing after the entry of the Order denying the Injunction Motion and the Motion to Amend;

9. On April 16, 2007, the Court entered its Memorandum Opinion and Order denying Debtor's Injunction Motion.

10.     Also on April 16, 2007, the Court entered its Memorandum Opinion and Order denying Montana's Lift Stay Motion, contrary to the relevant provision of the 2006 Order cited above and the acknowledged concern expressed at the Hearing that Montana would be given the opportunity to conduct expedited discovery against the Debtor in the event the Debtor's Injunction Motion was denied to develop a record in support of its Lift Stay Motion and to respond to the objections thereto.[3]

## MOTION FOR RECONSIDERATION

a.     **Applicable Legal Standards**

11.     Federal Rule of Civil Procedure 59(e), incorporated into these proceedings pursuant to Federal Rule of Bankruptcy Procedure 9023, authorized "[a]ny motion to alter or amend a judgment" after its entry. This language has been interpreted as including a broad range of motions, including motions to reconsider. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (finding that a motion to reconsider filed within ten days of judgment is treated as a motion to alter or amend judgment); *Gainey v. Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees*, 303 F.2d 716, 718 (3d Cir 1962) (same).

12.     Because Rule 59(e) lists no specific grounds for a motion to alter or amend judgment, or by implication for a motion for reconsideration, a court enjoys considerable discretion in granting or denying such a motion. *Id.* at 355. In exercising

---

[3] (1) Opposition of the Official Committee of Unsecured Creditors to the Motion of the State of Montana for Relief From the Automatic Stay [D.I. 8705]. (2) Objection of the Official Committee of Asbestos Property Damage Claimants to the Motion of the State of Montana for Relief From the Automatic Stay [D.I. 8707]. (3) Debtors' Objection to the Motion of the State of Montana for Relief From the Automatic Stay [D.I. 8708]. (4) Joinder of the Official Committee of Asbestos Personal Injury Claimants to the Debtors' Objection to the Motion of the State of Montana for Relief From the Automatic Stay [D.I. 5747].

Document No. 61242, v.3

this discretion, the Court should seek to balance the interest of: "(1) finality, and (2) the need to render just decisions based on all the facts." *Id.* at 355.

### b. The Court's Order Should be Reconsidered in Light of the Record and the 2006 Order

13. As the record recited above makes clear, the Court and the parties were all operating on the understanding that, in the event the Debtor's Injunction Motion was denied, Montana's Lift Stay Motion would be scheduled for the next omnibus date following denial of the Injunction Motion.

14. This understanding was premised on the acknowledged need for Montana to take discovery from Debtors before the contemplated hearing on Montana's Lift Stay Motion.

15. By denying the Debtors' Injunction Motion and Montana's Lift Stay Motion effectively simultaneously with the entry of separate Memorandum Opinions and Orders on April 16, 2007, the Court has denied Montana the opportunity to conduct discovery and be heard on its Lift Stay Motion and respond to the objections. For instance Montana should be able to test the allegations that the Debtors' representatives specified in footnote 8 of the Memorandum Opinion [D.I. 15198] are integrally involved in the estimation and/or confirmation process and how their involvement would affect the reorganization process. Furthermore, Montana should be given the opportunity to establish the prejudice it would suffer if it is unable assert third party claims in the State Court Actions. The Court took the factual allegations in the objections to the Lift Stay Motion at face value, however, and summarily denied the Lift Stay Motion.[4]

---

[4] In the event both the Lift Stay Motion and Debtor's Injunction Motion are denied, Montana intends to seek authority in the State Court Actions for adding Debtor to any verdict form in the State Court Actions so that the trier of fact may apportion liability, if any, between Debtor and Montana.

Document No. 61242, v.3        Page 6 of 7

## CONCLUSION

16. Based on the foregoing, the State of Montana respectfully requests that the Court

    a. grant Montana's Motion for Reconsideration and vacate its Memorandum Opinion and Order entered April 16, 2007 denying Montana's Lift Stay Motion;

    b. order expedited discovery on Montana's Lift Stay Motion; and

    c. schedule Montana's Lift Stay Motion to be heard at the next omnibus hearing in this matter.

Dated: April 26, 2007

Respectfully submitted,

MONZACK AND MONACO, P.A.

/s/ Francis A. Monaco, Jr.
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
Edward M. Lilly (#3967)
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162
Counsel for the State of Montana