IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**MOTION FOR AN ORDER PURSUANT TO SECTION 107(b) OF
THE BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND LOCAL RULE 9018-1(b)
AUTHORIZING THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS, AND DIRECTING THE CLERK OF THE
COURT, TO FILE UNDER SEAL ONE EXHIBIT TO THE RESPONSE AND
OPPOSITION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS ("ACC") AND DAVID T. AUSTERN, LEGAL
REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY
CLAIMANTS ("FCR") TO THE DEBTORS' MOTION FOR LEAVE TO FILE
STATUS REPORT IN FURTHER SUPPORT OF MOTION REGARDING
NONCOMPLIANCE WITH X-RAY ORDER AND RESPONSE TO THE
"STATUS REPORT" OF COMPLIANCE WITH X-RAY ORDER FILED BY W.R.
GRACE & COMPANY**

The Official Committee of Asbestos Personal Injury Claimants (the "ACC") and David T. Austern, the Legal Representative for Future Asbestos Personal Injury Claimants (the "FCR") (collectively, with the ACC, the "Movants"), by and through their undersigned counsel, hereby move (the "Motion") for the entry of an order pursuant to Section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Movants, and directing the Clerk of the Court, to file under seal exhibit one (the "Exhibit") to the Response And Opposition Of The Official Committee Of Asbestos Personal Injury Claimants ("ACC") And David T. Austern, Legal Representative For Future Asbestos Personal Injury Claimants ("FCR")

{D0085255.1 }

To The Debtors' Motion For Leave To File Status Report In Further Support Of Motion Regarding Noncompliance With X-Ray Order And Response To The "Status Report" Of Compliance With X-Ray Order Filed By W.R. Grace & Company (the "Response and Opposition"). In support of this Motion, the Movants respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over these proceedings, the parties and property affected thereby, and the Motion, pursuant to 28 U.S.C. §§157(b) and 1334. Venue is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief requested in the Motion are Section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 9018-1(b) of the Local Rules.

## BACKGROUND

2. On or about April 2, 2001, W.R. Grace & Co. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtors continue to be in possession of their respective properties and are operating and managing their respective businesses and assets, as debtors–in–possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The proceedings are being jointly administered, for procedural purposes, pursuant to an Order of this Court.

3. No Trustee or examiner has been appointed in the Debtors' chapter 11 cases. On April 13, 2001, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Property Damage Claimants, and the Official Committee of Asbestos Personal Injury Claimants

pursuant to Section 1102(a)(1) of the Bankruptcy Code.  On May 24, 2004, this Court signed an Order appointing David T. Austern as the Legal Representative For Future Asbestos Personal Injury Claimants.

4. Shortly before midnight on April 24, 2005, the Debtors filed the Motion for Leave to File Status Report In Further Support of Motion Regarding Noncompliance with X-Ray Order [DI 15295] (the "Motion for Leave").  Attached as Exhibit 1 to the Motion for Leave is the Debtors' Status Report of Compliance With X-Ray Order (the "Status Report").

5. The Movants are filing the Response and Opposition.  Exhibit one to the Response and Opposition is a portion of the transcript of the February 22, 2007 Deposition Testimony of Jay Hughes.  At the Debtors' request, the Movants, the Debtors, and other parties have agreed to maintain the confidentiality of Mr. Hughes' deposition testimony.  Therefore, the Movants respectfully request that this Court enter an order permitting the filing of the Exhibit to the Response and Opposition under seal so as to protect the Debtors' asserted interest in the confidential, commercial information and the Movants' agreement to maintain the confidentiality thereof.

## RELIEF REQUESTED

6. By this Motion, the Movants request authority to file exhibit one to the Response and Opposition under seal for *in camera* review by this Court.

7. In pertinent part, Section 107(b) of the Bankruptcy Code provides:

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
    (1)    protect an entity with respect to a trade secret or confidential research development, or commercial information;

8. Similarly, Bankruptcy Rule 9018, provides:

{D0085255.1 }   3

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a cased under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

9. The relief sought herein is the least intrusive means of achieving the goal of protecting the integrity of the judicial process, protecting legitimate confidential commercial information, and fostering the creation of a full and fair record for the Court's adjudication of disputes. *In re 50-Off Stores*, 213 B.R. 646, 659 (Bankr. W.D. Tex. 1997) ("The sealing device permits the court to do its job fully, permitting both a full inquiry and assuring the protection of the asset the cause of action represents.).

10. It is a long-standing practice in the federal courts for relevant evidence to be received at trial *in camera*, so as to protect the non-public character of qualified material while allowing the Court to perform its adjudicative functions. *See John T. Lloyd Lab., Inc. v. Lloyd Bros. Pharmaceuticals, Inc.*, 131 F.2d 703, 707 (6th Cir. 1942) (trial court ordered to receive evidence in trade secret litigation *in camera*); *Standard & Poor's Corp. v. Commodity Exch., Inc.,* 541 F. Supp. 1273, 1276 (S.D.N.Y. 1982) (closure of part of trial may be ordered to preserve trade secret confidentiality and avoid irreparable harm).

11. The Movants submit that it is necessary to file the Exhibit to the Response and Opposition under seal as it is an excerpt of the deposition transcript of Jay Hughes, which the Debtors seek to maintain as confidential. The Hughes deposition was taken

{D0085255.1}                                 4

upon the agreement to maintain the testimony obtained therein as confidential. Consequently, the Movants seek the relief requested herein.

12. The Response and Opposition, along with all exhibits attached thereto (including the Exhibit at issue herein), has been served upon: (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to the Official Committee of Asbestos Property Damage Claimants; and (v) counsel to the Official Committee of Equity Security Holders.

## NOTICE

13. Notice of this Motion has been given to the following parties: (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to the Official Committee of Asbestos Property Damage Claimants; (v) counsel to the Official Committee of Equity Security Holders; and (vi) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

14. Although the Movants have previously requested authorization to file under seal documents and/or information designated as confidential by the Debtors, no previous motion to file under seal the Exhibit to the Response and Opposition has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Movants respectfully request entry of an order authorizing them, and directing the Clerk of the Court, to file under seal exhibit one to the Response and Opposition.

Dated: April 26, 2007

| CAMPBELL & LEVINE, LLC | PHILLIPS, GOLDMAN & SPENCE, P.A. |
|---|---|
| */s/ Mark T. Hurford* | */s/ John C. Phillips, Jr.* |
| Marla R. Eskin (#2989) | John C. Phillips, Jr. (#110) |
| Mark T. Hurford (#3299) | 1200 North Broom Street |
| 800 King Street, Suite 300 | Wilmington, DE 19806 |
| Wilmington, DE 19801 | Telephone: (302) 655-4200 |
| Telephone: (302) 426-1900 | |
| | - and - |
| - and – | |
| | Roger Frankel |
| Elihu Inselbuch | Richard H. Wyron |
| CAPLIN & DRYSDALE, CHARTERED | Raymond G. Mullady, Jr. |
| 375 Park Avenue, 35th Floor | Debra L. Felder |
| New York, NY 10152-3500 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Telephone: (212) 319-7125 | 3050 K Street, NW |
| | Washington, DC 20007 |
| Peter Van N. Lockwood | Telephone: (202) 339-8400 |
| Nathan D. Finch | |
| CAPLIN & DRYSDALE, CHARTERED | John Ansbro |
| One Thomas Circle, NW | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Washington, DC 20005 | 666 Fifth Avenue |
| Telephone: (202) 862-5000 | New York, N.Y. 10103-0001 |
| | Telephone: (212) 506-5000 |
| *Counsel for the Official Committee of* | |
| *Asbestos Personal Injury Claimants* | *Counsel for David T. Austern,* |
| | *Future Claimants' Representative* |