IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.[1], | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 15209, 15210 |
| | ) | |
| | ) | Hearing Date: June 25, 2007 @ 2:00 p.m. |
| | ) | Objection Deadline: June 8, 2008 @ 4:00 p.m. |

**MOTION TO ALTER OR AMEND THE COURT'S ORDER AND
MEMORANDUM OPINION DISALLOWING AND EXPUNGING
71 CLAIMS ENTERED ON APRIL 17, 2007 (DOC NOS. 15209, 15210)**

Pursuant to Rules 7052, 9023 and 9024 F.R.Bankr.P, and Rules 52, 59 and 60 FRCP, Speights and Runyan claimants Bayshore Community Hospital, Claim No. 6901, Children's Hospital of Pittsburgh of UPMC Health System, Claim No. 10962, and Jameson Memorial Hospital, Claim No. 14410 respectfully move this Court to alter or amend the Order (Doc. No. 15210) and Memorandum Opinion (Doc. No. 15209) entered on April 17, 2007 disallowing and expunging 71 claims.

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1. On or about September 2, 2005, the Debtors filed their 13th Omnibus Objection to claims alleging that the law firm of Speights & Runyan had filed approximately 2900 unauthorized claims in this bankruptcy. (Doc. No. 9311)

2. In light of this objection, the Court entered an order on September 23, 2005 which required Speights & Runyan to produce to the Debtors any written basis of authority it had for these claims. (Do. No. 9501). In fact, Speights & Runyan had produced evidence of its written authority the day before, on September 22, 2005.

3. Included in this production were specific written authorizations from the three claimants filing this motion. <u>See</u>, Exhibit 1 – Claim No. 6901, Bayshore Community Hospital; Exhibit 2 – Claim No. 10962, Children's Hospital of Pittsburgh of UPMC Health System; and Exhibit 3 – Claim No. 14410, Jameson Memorial Hospital. These written authorizations established that:

   a. Claimant Bayshore Community Hospital, Claim No. 6901, executed a signed authorization and faxed it to Speights & Runyan on March 24, 2003, 7 days before the March 31, 2003 bar date.[2]

   b. Claimant Children's Hospital of Pittsburgh of UPMC Health System, Claim No. 10962, executed a signed authorization and faxed it to Speights & Runyan on March 25, 2003, 6 days before the March 31, 2003 bar date.

   c. Claimant Jameson Memorial Hospital, Claim No. 14410, executed a signed authorization and faxed it to Speights & Runyan on March 24, 2003, 7 days before the March 31, 2003 bar date.

4. Nevertheless, on December 22, 2005, the Debtors filed a reply memorandum with respect to its Fifteenth Omnibus Objection. (Doc. No. 11428). In that reply, the Debtors asserted that there were 71 claims for which the authorization was undated or dated after the March 31, 2003 bar date. Furthermore, the Debtors scheduled 71 claims for hearing

---

[2] In addition to the express authorization from Bayshore Community Hospital, it is undisputed that the attorney/client relationship between Bayshore Community Hospital and Speights & Runyan pre-existed the Grace bankruptcy. Speights & Runyan represented (and continues to represent) Bayshore in the Celotex bankruptcy and claims litigation.

070427153134.doc                                                2

on this issue, including the 3 claims at issue in this motion, for January 24 – 26, 2006. See, December 19, 2005 Scheduling Order, Schedule 5 (Doc. No. 11408).

5.      However, at the hearing on this issue on January 25, 2006, the Debtors' clearly stated to this Court that there were only 68 claims remaining for which it claimed there was no authorization as of the bar date.

> Ms. Browdy: . . . So we now have the benefit of what the Speights firm has produced to us, which is supposedly the basis for their authority. And to put into perspective our 13th omnibus objection initially objected to 2,937 of his claims, which is all but one of them, because they lack authority. The Speights firm is now down to roughly 525 claims, and we are retaining our authority objection to roughly a hundred of those. At the time we filed our reply in December we were complaining that 38 of the claimants there was no authority to file, and that 71 hadn't shown a timely authority to file. And as you can see from the demonstrative that we handed up, we're now down to 23 that we think lack authority and **68 that were not timely** -- did not timely receive authorization. And I think, Your Honor, I'm actually going to start out with argument on the timeliness.

(1/25/06 Tr., pp. 21-22) (emphasis supplied).

> Ms. Browdy: . . . So getting back to where we started, **these 68 claims**, we've challenged them. We put the burden back to the claimant, and the Speights firm has not established that it had authority as of the time, so that we would ask these 68 claims be disallowed.

(1/25/06 Tr., p. 26) (emphasis supplied).

6.      According to the Debtors' representations to the Court, the Debtors' clearly recognized that 3 of the 71 claims were being excluded from its authority objections and the ratification issue. This coincides with the fact that the three claims that are the subject of this motion had provided evidence of written authority prior to the entry of the bar date. However, even if the Debtors' did not intend to exclude these three claims from the ratification argument, the evidence clearly establishes that these three claimants provided written authorization to Speights & Runyan prior to the March 31, 2003 bar date.

7.  Nevertheless, the Court's Order and Memorandum Opinion of April 27, 2007 refers to the 71 claims originally listed in the Debtors' reply memorandum rather that the 68 claims the Debtors presented at the January 25, 2006 hearing. Accordingly, Speights & Runyan, on behalf of these three claimants, respectfully requests that the Court alter or amend it Order of April 27, 2007 and vacate the dismissal and expungement of Claim Nos. 6901, 10962 and 14410.

WHEREFORE, Speights & Runyan, on behalf of the above-named claimants, respectfully request that the Court enter an Order amending its April 17, 2007 Order and vacating that Order with respect to these three claims.

DATED: April 27, 2007

                                                      /s/ _____
                                                      Christopher D. Loizides (No. 3968)
                                                      LOIZIDES, P.A.
                                                      1225 King Street, Suite 800
                                                      Wilmington, DE 19801
                                                      Telephone:   (302) 654-0248
                                                      Facsimile:    (302) 654-0728

                                                      - and -

                                                      Daniel A. Speights (SC Fed. ID No. 4252)
                                                      Marion C. Fairey, Jr. (SC Fed ID No. 6101)
                                                      SPEIGHTS & RUNYAN
                                                      200 Jackson Avenue, East
                                                      Post Office Box 685
                                                      Hampton, SC 29924
                                                      Telephone:   (803) 943-4444
                                                      Facsimile:    (803) 943-4599

                                                      *Counsel to Speights & Runyan Claimants*

## **SUMMARY OF EXHIBITS**

EXHIBIT 1:   Authorization for Bayshore Community Hospital

EXHIBIT 2:   Authorization for Children's Hospital of Pittsburgh of UPMC Health System

EXHIBIT 3:   Authorization for Jameson Memorial Hospital