# EXHIBIT 8



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

FILED

2006 JUN 22 A 11: 20

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

| | | |
|---|---|---|
| Jack Kananian, et al., | ) | Case No. 442750 |
| Plaintiffs, | ) ) ) | Judge Harry A. Hanna |
| v. | ) ) | |
| Lorillard Tobacco Company, | ) ) | **Lorillard Tobacco Company's Status Report Regarding** |
| Defendant. | ) | **Early, Ludwick & Sweeney** |

Now comes Lorillard Tobacco Company ("Lorillard"), and respectfully submits this status report on the developments regarding the attempts to obtain discovery from Early, Ludwick & Sweeney.

Early, Ludwick & Sweeney, L.L.C. ("Early Ludwick") is an indispensable party to the Court's ongoing inquiry into the conduct of Mr. Kananian's counsel. This is true because:

- Early Ludwick filed more than 2/3's of the claim forms that gave rise to this inquiry;

- Early Ludwick filed amended claim forms for Mr. Kananian as recently as April 7, 2006;

- The amended claim forms are materially different from those Early Ludwick originally filed and from both the original and amended claim forms filed by Brayton Purcell; and

- Brayton Purcell first raised serious questions regarding the Early Ludwick claim forms and claims not to know where Early Ludwick got the information it put in those forms.

Despite being advised by this Court of the importance to cooperate in this process for the sake of their clients, Early Ludwick continues to hinder the fact finding process as follows:

- Written discovery requests were served on Early Ludwick 65 days ago, on April 19, 2006;

- Early Ludwick's responses were due on May 19, 2006;

- Those responses were never provided, even though Early Ludwick and Brayton Purcell told Lorillard they were ready;[1]

- Early Ludwick initially indicated it would submit to depositions for counsel who handled the claim forms;[2]

- Early Ludwick has now reneged on that pledge;

- Early Ludwick has filed a motion for protective order in Connecticut which seeks to bar Lorillard from taking those depositions;[3]

- Early Ludwick has retained Ohio counsel in an effort to preclude this Court from exercising jurisdiction; and

- Early Ludwick is a week overdue in responding to a motion pending before this Court asking it to exercise jurisdiction.

Despite this Court's orders and Lorillard's best efforts, Early Ludwick is refusing to cooperate, with only eight days left in the discovery period and just over a month from trial. In adopting this strategy, Early Ludwick has demonstrated a willingness to sacrifice its clients' interests in order to protect itself.

I. **CLAIM FORMS**

Early Ludwick prepared and filed claim forms on behalf of Mr. Kananian with at least six bankruptcy trusts in 2000. The firm later filed amended claim forms in 2006, after the date on which trial in this case was to commence. The amended claim forms

---

[1] See May 17, 2006 and May 23, 2006 e-mails, Exhibits A and B.
[2] See June 2, 2006 letter from Mr. Andreas, Exhibit C.
[3] See Motion for Protective Order, Exhibit D.

2

include alleged occupational asbestos exposures that were not included in their original claim forms — occupational exposures that were not disclosed until now. Only Early Ludwick knows the source(s) of the new occupational exposure information; no one else can explain where the information came from in the amended claim forms. That is why Early Ludwick's cooperation in discovery, voluntary or by process if required, is critical to answer this Court's questions.

## II.    WRITTEN DISCOVERY

Lorillard served Early Ludwick with interrogatories and requests for production of documents on April 19, 2006.[4] On May 15, 2006, Plaintiffs filed a motion for protective order, and Early Ludwick joined in Plaintiffs' motion.[5] That motion was denied. Plaintiffs' counsel represented that Early Ludwick would provide substantive discovery responses. As explained by Mr. Andreas on May 17, 2006,

> I believe between the responses from Early, Ludwick & Sweeney and my office, you will receive more than adequate information with respect to the subject claims and issues. Documents will also be produced. To be clear, **both offices have their responses fully prepared at this time.**"[6]

Mr. Andreas later forwarded to Lorillard's counsel an e-mail from James Early stating that Early Ludwick had prepared substantive responses to the written discovery.[7]

During the May 24, 2006 hearing, this Court strongly urged Early Ludwick to respond to the discovery requests, and warned of the consequences of ignoring them. Early Ludwick, however, refused to comply.

---

[4] See e.g., Lorillard's motion to compel Early, Ludwick & Sweeney, L.L.C. to respond to interrogatories and requests for production, filed June 9, 2006.
[5] At the March 24, 2006 hearing, which was attended by Early Ludwick attorney Christopher Meisenkothen, Mr. Andreas represented to this Court that the motion for protective order was also filed on behalf of Early Ludwick.
[6] See Exhibit A.
[7] See Exhibit B.

Instead, Early Ludwick submitted a letter to the Court providing its own commentary on the claim forms at issue.[8] After lecturing the Court on its lack of jurisdiction, Early Ludwick refused to provide any information or materials regarding the six amended claim forms except its own self-serving, volunteered information. That letter was Early Ludwick's first attempt to stonewall this Court and Lorillard.

On May 26, 2006, Lorillard sent Early Ludwick a meet and confer letter requesting their cooperation in responding to written discovery.[9] After Early Ludwick refused to meet and confer,[10] Lorillard filed a motion to compel on June 9, 2006 which explained the basis for this court's jurisdiction over Early Ludwick. Early Ludwick filed no response, and is now out of time. This is remarkable considering that Early Ludwick hired Ohio counsel specifically to respond to Lorillard's motion to compel. Early Ludwick has made it clear that obtaining any discovery from it will be an arduous, costly, and protracted ordeal. The firm's conduct also raises the question: Who is Early Ludwick looking out for, its clients or itself?

This Court has ruled that Mr. Kananian waived the attorney-client privilege as to the basis for bringing claims against the bankruptcy trusts and the underlying facts supporting the allegations in the claim forms. Nonetheless, Early Ludwick has refused to acknowledge its clients' waiver in an effort to protract the discovery process. In doing so, Early Ludwick has fatally compromised an already ambitious discovery schedule.

## III. DEPOSITIONS

At the March 27, 2006 hearing before this Court, and in a letter dated June 2, 2006, Mr. Andreas explained that James Early and Chris Meisenkothen were available

---

[8] See May 26, 2006 Letter to Judge Hanna, Exhibit E.
[9] See May 26, 2006 Letter from Mr. Walden, Exhibit F.
[10] See May 30, 2006 Letter from Mr. Early, Exhibit G.

for deposition.[11] Based on those representations, but leery because of Early Ludwick's refusal to answer written discovery, Lorillard moved this Court for Commission for Issuance of Subpoena outside the State of Ohio. The Court granted the motions, and Lorillard served subpoenas on Chris Meisenkothen and James Early ordering their appearance for depositions.

At the June 15, 2006 hearing, however, Early Ludwick's counsel, Mr. Chester, informed the Court that Mr. Early and Mr. Meisenkothen would no longer voluntarily submit to depositions.[12]

The Court informed Mr. Chester that Early Ludwick's client, Jack Kananian, had waived the attorney-client privilege and that Mr. Kananian was willing to have Early Ludwick participate in the process of resolving the issues before the Court.[13] The Court added:

> If there is no cooperation and the collateral issue does not get resolved within the timeframe that we have there may be consequences.... So we have a tight timeframe to resolve these issues and there is no elastic in that timeframe. So I certainly hope that Mr. Kananian's lawsuit is not prejudiced by any inaction on behalf of counsel."[14]

One day later, Early Ludwick filed a motion to quash the depositions and for a protective order in Connecticut state court.[15] In its motion, Early Ludwick asserts, among other things, that the subpoenas request information protected by the attorney-client privilege. This Court's ruling on that very issue is nowhere mentioned in the motion.[16] Early Ludwick also asserts that the subpoenas are irrelevant. Lorillard is in

---

[11] See Exhibit C.
[12] See 6/15/06 Hearing Transcript, pp. 3:20 – 5:2, Exhibit H.
[13] Id. at p. 5:14-19.
[14] Id. at pp. 5:20-23, 6:5-7.
[15] See Exhibit D.
[16] Id.

5

the process of securing Connecticut counsel and contesting Early Ludwick's motion. When given the opportunity, Lorillard will advise the Connecticut court of this Court's orders, asking that they be given full faith and credit. But the waste of precious time and limited resources caused by Plaintiffs' tactics raise issues of fairness to Lorillard, and severely prejudice its ability to answer this Court's questions.

## CONCLUSION

Early Ludwick has not responded to Lorillard's written discovery, thereby refusing to provide the underlying facts relied upon to complete the original and amended claim forms. Early Ludwick has now filed a motion to quash the depositions further hampering Lorillard's efforts to discover who has told the truth, and when. Early Ludwick has disregarded the Court's specific warnings that their refusal to cooperate in discovery could prejudice their clients' claims and place the August 2nd trial date in jeopardy. In doing so, Early Ludwick has shown an apparent willingness to sacrifice its clients' interests to protect itself.

Early Ludwick's refusal to cooperate in the discovery process has already prejudiced Lorillard. There are only eight days left in the discovery period allotted by this Court, and we are just over a month from trial. Lorillard respectfully requests whatever relief this Court deems appropriate.

Respectfully submitted,

*[signature]*

Patrick M. McLaughlin (0008190)
Anthony R. Petruzzi   (0069102)
McLAUGHLIN & McCAFFREY, LLP
Eaton Center, Suite 1350
1111 Superior Avenue
Cleveland, Ohio 44114-2500
216-623-0900 - telephone
216-623-0935 - facsimile
pmm@paladin-law.com

- and -

Terrence J. Sexton
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550 (Telephone)
(816) 421-2708 (Facsimile)

Attorneys for Defendant
Lorillard Tobacco Company

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Status Report Regarding Early, Ludwick & Sweeney, L.L.C. was served via facsimile and ordinary U.S. Mail upon Bruce Carter, 5458 Yosemite Drive, Fairfield, Ohio 45014; Christopher Andreas, Brayton Purcell, 222 Rush Landing Road, Novato, California 94948-6169; and John J. Chester, Chester, Willcox & Saxbe LLP, 65 East State Street, Suite 1000, Columbus, Ohio 43215 on this 22nd day of June, 2006.

*[signature]*
Patrick M. McLaughlin