IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Ref. Nos. 15057, 15243 and 15417 |

## MOTION FOR RECONSIDERATION OF ORDER STRIKING RESPONSE TO DEBTORS' MOTION REGARDING ALLEGED NONCOMPLIANCE WITH X-RAY ORDER

Certain of the Libby Claimants[1] identified in the Debtors' Motion Regarding Noncompliance with X-ray Order dated March 30, 2007 [Docket No. 15057] (the "Noncompliance Motion") as "Lewis Slovak & Kovacich claimants" (those claimants represented by the law firm of Lewis, Slovak & Kovacich, hereinafter referenced as "LSK"), hereby move this Court to reconsider its Order Striking Libby Claimants' Response to Debtors' Motion Regarding Alleged Noncompliance with X-ray Order dated April 27, 2007 [Docket No. 15417] (the "Order"). In support of this Motion, the LSK claimants state:

1.  On April 19, 2007, the LSK claimants filed their Response to Debtors' Motion Regarding Alleged Noncompliance with X-Ray Order [Docket No. 15243] (the "Response"), a copy of which is attached hereto as Exhibit "A." This Court entered the Order striking the Response on the basis that a motion for leave to file a late response did not accompany the Response. The LSK claimants did not move for leave to file a late response based on the judgment of their Delaware counsel that such motion would not be required under the circumstances. The LSK claimants regret

---

[1] Claimants injured by exposure to asbestos from Grace's operations in and near Libby, Montana, as identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 13940], as it may be amended and restated from time to time.

393.001-16417

this omission, and (a) respectfully request that this Court grant the motion for leave to file a late response filed contemporaneously herewith, and (b) respectfully request that the Response be accepted for filing, for the reasons set forth therein and below.

2. By the Noncompliance Motion, Grace incorrectly alleges that the LSK claimants are not in compliance with this Court's Supplemental Order Regarding Production of X-rays by Non-Mesothelioma Cancer Claimants dated February 20, 2007 [Docket No. 14608] (the "Supplemental X-ray Order"). Despite having obtained original x-rays from third parties[2] and arranged for the production of the original x-rays to Grace's experts in Libby, Montana during the week of April 2, 2007 for inspection and copying, Grace is unwilling to acknowledge that the LSK claimants have complied with the Supplemental X-ray Order. Accordingly, the LSK claimants filed the Response to properly inform the Court of the details surrounding the LSK claimants' production of original x-rays and their compliance with the Supplemental X-ray Order.

3. This motion for reconsideration should be granted because (a) the LSK claimants have repaired the procedural defect that led this Court to strike the Response in the first place, (b) as set forth in the Response, the LSK claimants have acted in good faith in supplying Grace with the x-rays it has requested, and (c) in the interests of fairness and judicial economy, this Court should have before it at the hearing on the Noncompliance Motion all materials necessary to determine the LSK claimants' claim that they have fully complied with their obligations to supply X-rays to Grace.

---

[2] One of the medical providers that owns and controls chest x-rays of one of the LSK claimants (James Racicot), M. D. Anderson Cancer Center of Houston, Texas, will not release the original x-rays. M. D. Anderson has advised that it will provide a CD of all of its x-rays of James Racicot and a certification that there is no material difference between the CD copies and the original x-rays, upon prepayment of its fee for preparing the CD. LSK's request for prepayment of the expense has gone unanswered.

WHEREFORE, the LSK claimants respectfully request the entry of an order granting reconsideration of the Order and grant such other relief as is just and proper.

Dated: April 30, 2007  
       Wilmington, Delaware

LANDIS RATH & COBB LLP

*/s/ Kerri Mumford*

Adam G. Landis (No. 3407)  
Kerri K. Mumford (No. 4186)  
919 Market Street, Suite 600  
P.O. Box 2087  
Wilmington, DE 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn  
Christopher M. Candon  
COHN WHITESELL & GOLDBERG LLP  
101 Arch Street  
Boston, MA 02110  
Telephone: (617) 951-2505  
Facsimile: (617) 951-0679

Counsel for the Libby Claimants

877p/Mot to Reconsider (order Striking Resp)

3

393.001-16417