# EXHIBIT A



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:

W.R. Grace & Co., *et al.*,

          Debtors.

Chapter 11

Case No. 01-01139 (JKF)
(Jointly Administered)

**Ref. No. 15057**

## RESPONSE TO DEBTORS' MOTION REGARDING
## ALLEGED NONCOMPLIANCE WITH X-RAY ORDER

Certain of the Libby Claimants[1] identified in the Debtors' Motion Regarding Noncompliance with X-ray Order dated March 30, 2007 (the "Noncompliance Motion") as "Lewis Slovak & Kovacich" claimants (those claimants represented by the law firm of Lewis, Slovak & Kovacich, hereinafter referenced as "LSK"), hereby respond to the Noncompliance Motion.

## FACTS

1.    As noted on Exhibit 2 to Debtors' Noncompliance Motion, chest x-rays exist for two (2) LSK claimants, Rodney Smith, Sr., Deceased, and Michael Switzer. Claimants' counsel has attempted to obtain original chest x-ray films or duplicates with the requisite certification.

2.    A third claimant, James Racicot, Deceased, who is not identified in Exhibit 2 to Debtors' Noncompliance Motion, was identified by supplemental submission of a Personal Injury Questionnaire and information provided to Rust Consulting in December, 2006 as having been diagnosed with a non-mesothelioma cancer. James Racicot died on December 30, 2006, after extended care at the M. D. Anderson Cancer Center in Houston, Texas. Claimants' counsel has unsuccessfully attempted to obtain original chest x-ray films or duplicates with the requisite certification from the M. D. Anderson Cancer Center.

---

[1] Claimants injured by exposure to asbestos from Grace's operations in and near Libby, Montana, as identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 13940], as it may be amended and restated from time to time.

DKT. NO. 15243
DT. FILED 4|9|07

3.     LSK identified the existence of original chest x-rays for claimant Rodney Smith, Sr. The medical provider that owns and controls Mr. Smith's x-rays (Deaconess Medical Center, Spokane, Washington) will not permanently release the original x-rays to any third party. However, LSK complied with the Court's Supplemental Order Regarding Production of X-rays by Non-Mesothelioma Cancer Claimants (Supplemental X-ray Order) by having the original Smith x-rays provided to the Debtors and their designated expert during the week of April 2, 2007, in Libby, Montana. Debtors' expert was permitted to view the original Smith films and make copies of whatever films the expert wished to copy.   LSK cannot certify that no material difference exists between Mr. Smith's original x-rays and copies made by Debtors' expert, but Debtors' own expert has now viewed the original films.   The original films have been returned to Deaconess Medical Center pursuant to its instructions/requirements.

4.     LSK identified the existence of original chest x-rays for claimant Michael Switzer at Kalispell Regional Medical Center (Kalispell Regional) and at the Veterans Administration Medical Center (VA Center), Spokane, Washington.   These medical providers that own and control Mr. Switzer's x-rays will not permanently release the original x-rays to any third party.   However, LSK complied with the substance of the Court's Supplemental X-ray Order by having the original of the Kalispell Regional Switzer x-rays and copies of the VA Center Switzer x-rays provided to the Debtors' designated expert during the week of April 2, 2007, in Libby, Montana.  Debtors' expert was permitted to view the original Switzer x-ray films and make copies of whatever films Debtors' expert wished to copy.   LSK cannot certify that no material difference exists between Mr. Smith's original x-rays and copies made by Debtors' expert, but Debtors' own expert has now viewed the original films.  As to the VA Center x-rays for Mr. Switzer, LSK cannot certify that no material difference exists between the copies provided and the original of Mr. Switzer's x-rays.  However, the

2

VA Center has provided certification that there is no material difference between the originals and the copies provided. A copy of that certification is attached as Exhibit "A."

5.      LSK has identified the existence of original chest x-rays for claimant James Racicot, Deceased. One of the medical providers that owns and controls chest x-rays of Mr. Racicot, M. D. Anderson Cancer Center of Houston, Texas, will not release the original x-rays. M. D. Anderson has advised that it will provide a CD of all of its x-rays of James Racicot and a certification that there is no material difference between the CD copies and the original x-rays, upon prepayment of its fee for preparing the CD. M. D. Anderson Cancer Center also advised that all of its x-rays for Mr. Racicot are digital and would be best produced by CD. On March 30, 2007, Ms. Stacie Beyrodt, a paralegal for LSK, called and left a message for Mr. Brian Stansbury, one of the Debtors' counsel involved with the pending x-ray production issue. The purpose of Ms. Beyrodt's call was to ask Mr. Stansbury to authorize prepayment of the M. D. Anderson Cancer Center charges for production of the x-rays by CD. Mr. Stansbury has not returned the call. LSK cannot certify that no material difference exists between Mr. Racicot's original x-rays and any copy that might be made thereof by CD or conventional methods.

6.      LSK also identified the existence of original x-ray films for claimants Rodney Smith, Sr., Deceased; Michael Switzer; and James Racicot, Deceased, in the possession of St. John's Lutheran Hospital (St. John's) and the Center for Asbestos Related Disease (CARD) in Libby, Montana. All of these films were made available to Debtors' expert during the week of April 2, 2007, in Libby, Montana. Debtors' expert was permitted to view these original films for claimants Rodney Smith, Sr., Deceased; Michael Switzer; and James Racicot, Deceased, in the possession of St. John's and CARD and make copies of whatever films Debtor's expert wished to copy.

3

## ARGUMENT

7.    Claimant's counsel have substantially complied with the Court's Supplemental X-ray Order by ensuring that the Debtors and their expert be afforded complete access to all x-rays of Rodney Smith, Sr., Deceased; Michael Switzer; and James Racicot, Deceased, over which LSK have any control and have gone to considerable effort to ensure Debtors' access to x-rays owned and controlled by others.  LSK believe they have done all that can be done to comply with the purpose, substance, and intent of the Supplemental X-ray Order.  Debtors and their expert have already had full access to all chest x-rays concerning these three claimants, except for the x-rays in the possession of M. D. Anderson Cancer Center.  Claimant's counsel will promptly see that a CD containing James Racicot's x-rays is produced upon Debtors' counsel authorizing the prepayment for the production of the CD.

## CONCLUSION

8.    Counsel for Rodney Smith, Sr., Deceased; Michael Switzer; and James Racicot, Deceased have complied with the substance and intent of the Court's Supplemental X-ray Order, particularly in the light of ¶ 6 of the order.  Switzer and the Smith and Racicot estates have provided the Debtors and their expert with all the x-ray evidence available and needed for an estimation hearing.  If the Court, pursuant to ¶ 6 of the Supplemental X-ray Order, authorizes and directs further efforts to obtain and send the original x-rays of claimants Smith, Switzer, and Racicot to a repository of the Court, LSK will attempt to ensure compliance from the relevant medical providers so that the claimants' original x-rays are sent to the Court's repository.  LSK cannot guarantee compliance by these medical providers.

4

Dated: April 19, 2007          LANDIS RATH & COBB LLP
     Wilmington, Delaware

                                        Adam G. Landis (No. 3407)
                                        Kerri K. Mumford (No. 4186)
                                        919 Market Street, Suite 600
                                        P.O. Box 2087
                                        Wilmington, DE  19801
                                        Telephone:  (302) 467-4400
                                        Facsimile:  (302) 467-4450

                                        - and -

                                        Daniel C. Cohn
                                        Christopher M. Candon
                                        COHN WHITESELL & GOLDBERG LLP
                                        101 Arch Street
                                        Boston, MA 02110
                                        Telephone:  (617) 951-2505
                                        Facsimile:  (617) 951-0679

                                        Counsel for the Libby Claimants

# Exhibit A

**DEPARTMENT OF
VETERANS AFFAIRS**

CERTIFICATION OF FILMS

This is to certify that the copies of the films are identical to the original films.

RANDALL L. BARKLEY, RT
SUPERVISOR, Diagnostic Imaging

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE: | Chapter 11 |
| W.R. Grace & Co., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |

### AFFIDAVIT OF SERVICE

STATE OF DELAWARE    )
                                          ) SS
NEW CASTLE COUNTY   )

       Cathy A. Adams, being duly sworn according to law, deposes and says that she is employed by the law firm of Landis Rath & Cobb LLP, attorneys for the Libby Claimants in the above-referenced cases, and on the 19th day of April, 2007, she caused a copy of the following

**RESPONSE TO DEBTORS' MOTION REGARDING ALLEGED NONCOMPLIANCE
WITH X-RAY ORDER**

to be served upon the following parties via facsimile:

Janet Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Facsimile: 312-861-2200

James E. O'Neill, Esquire
Pachulski Stang Ziehl Young Jones
& Weintraub LLP
919 North Market Street, 17th Floor
Wilmington, DE  19801
Facsimile: 302-652-4400

Barbara Harding, Esquire
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, D.C.  20005
Facsimile: 213-680-8500

_____
Cathy A. Adams

SWORN TO AND SUBSCRIBED before me this 19th day of April, 2007.

_____
Notary Public

LINDA M. ROGERS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires June 20, 2007

393.001-16240

## File an answer to a motion:

01-01139-JKF W.R. GRACE & CO. and W.R. Grace & Co., et al.
Type: bk                      Chapter: 11 v              Office: 1 (Delaware)
Judge: JKF                    Assets: y
Case Flag: LEAD, MEGA, APPEAL, CLMSAGNT, Sealed Doc(s)


### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Mumford, Kerri K entered on 4/19/2007 at 10:29 AM EDT
and filed on 4/19/2007
**Case Name:**        W.R. GRACE & CO. and W.R. Grace & Co., et al.
**Case Number:**      01-01139-JKF
**Document Number:** 15243

**Docket Text:**
Response to *Debtors' Motion Regarding Alleged NonCompliance with X-Ray Order* (related document
(s)[15057] ) Filed by Libby Claimants (Attachments: # (1) Exhibit A# (2) Affidavit of Service)
(Mumford, Kerri)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** P:\Scans\response.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=4/19/2007] [FileNumber=5583417-0]
[521971d2416b14c363a77eb18a131416082a2cff0525537cdc1208cb2bfedd0ef099
cd24478582d1e55d5d1b84308bee4d946c77b3a2d6fcfa8324779436b915]]
**Document description:** Exhibit A
**Original filename:** P:\Scans\response-ex a.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=4/19/2007] [FileNumber=5583417-1]
[11e591724e900a7218e5424110cbfddf81cb8cde04714f1118c505e2324cf75820b5
0e45c9efde10aa4e8c419f0f2a9b6599aaa06b54e85a907841c4b269e76b]]
**Document description:** Affidavit of Service
**Original filename:** P:\Scans\response-aos.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=4/19/2007] [FileNumber=5583417-2]
[13eed107c918781198e2c36573123ff173fde094ea2dba269c5e8e871954ec7e7406
db47e6237c98f20e1941e4d85213b193dabaaa51357f91a26aade2eceedf]]

**01-01139-JKF Notice will be electronically mailed to:**

Eric B. Abramson    eabramson@serlinglaw.com