# EXHIBIT A

393.001-16418

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Ref. No. 15057 |

**RESPONSE TO DEBTORS' MOTION REGARDING
ALLEGED NONCOMPLIANCE WITH X-RAY ORDER**

Certain of the Libby Claimants[1] identified in the Debtors' Motion Regarding Noncompliance with X-ray Order dated March 30, 2007 (the "Noncompliance Motion") as "Lewis Slovak & Kovacich" claimants (those claimants represented by the law firm of Lewis, Slovak & Kovacich, hereinafter referenced as "LSK"), hereby respond to the Noncompliance Motion.

## FACTS

1. As noted on Exhibit 2 to Debtors' Noncompliance Motion, chest x-rays exist for two (2) LSK claimants, Rodney Smith, Sr., Deceased, and Michael Switzer. Claimants' counsel has attempted to obtain original chest x-ray films or duplicates with the requisite certification.

2. A third claimant, James Racicot, Deceased, who is not identified in Exhibit 2 to Debtors' Noncompliance Motion, was identified by supplemental submission of a Personal Injury Questionnaire and information provided to Rust Consulting in December, 2006 as having been diagnosed with a non-mesothelioma cancer. James Racicot died on December 30, 2006, after extended care at the M. D. Anderson Cancer Center in Houston, Texas. Claimants' counsel has unsuccessfully attempted to obtain original chest x-ray films or duplicates with the requisite certification from the M. D. Anderson Cancer Center.

---

[1] Claimants injured by exposure to asbestos from Grace's operations in and near Libby, Montana, as identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 13940], as it may be amended and restated from time to time.

393.001-16239

3.     LSK identified the existence of original chest x-rays for claimant Rodney Smith, Sr. The medical provider that owns and controls Mr. Smith's x-rays (Deaconess Medical Center, Spokane, Washington) will not permanently release the original x-rays to any third party. However, LSK complied with the Court's Supplemental Order Regarding Production of X-rays by Non-Mesothelioma Cancer Claimants (Supplemental X-ray Order) by having the original Smith x-rays provided to the Debtors and their designated expert during the week of April 2, 2007, in Libby, Montana. Debtors' expert was permitted to view the original Smith films and make copies of whatever films the expert wished to copy. LSK <u>cannot</u> certify that no material difference exists between Mr. Smith's original x-rays and copies made by Debtors' expert, but Debtors' own expert has now viewed the original films. The original films have been returned to Deaconess Medical Center pursuant to its instructions/requirements.

4.     LSK identified the existence of original chest x-rays for claimant Michael Switzer at Kalispell Regional Medical Center (Kalispell Regional) and at the Veterans Administration Medical Center (VA Center), Spokane, Washington. These medical providers that own and control Mr. Switzer's x-rays will not permanently release the original x-rays to any third party. However, LSK complied with the substance of the Court's Supplemental X-ray Order by having the original of the Kalispell Regional Switzer x-rays and copies of the VA Center Switzer x-rays provided to the Debtors' designated expert during the week of April 2, 2007, in Libby, Montana. Debtors' expert was permitted to view the original Switzer x-ray films and make copies of whatever films Debtors' expert wished to copy. LSK <u>cannot</u> certify that no material difference exists between Mr. Smith's original x-rays and copies made by Debtors' expert, but Debtors' own expert has now viewed the original films. As to the VA Center x-rays for Mr. Switzer, LSK <u>cannot</u> certify that no material difference exists between the copies provided and the original of Mr. Switzer's x-rays. However, the

VA Center has provided certification that there is no material difference between the originals and the copies provided. A copy of that certification is attached as Exhibit "A."

5. LSK has identified the existence of original chest x-rays for claimant James Racicot, Deceased. One of the medical providers that owns and controls chest x-rays of Mr. Racicot, M. D. Anderson Cancer Center of Houston, Texas, will not release the original x-rays. M. D. Anderson has advised that it will provide a CD of all of its x-rays of James Racicot and a certification that there is no material difference between the CD copies and the original x-rays, upon prepayment of its fee for preparing the CD. M. D. Anderson Cancer Center also advised that all of its x-rays for Mr. Racicot are digital and would be best produced by CD. On March 30, 2007, Ms. Stacie Beyrodt, a paralegal for LSK, called and left a message for Mr. Brian Stansbury, one of the Debtors' counsel involved with the pending x-ray production issue. The purpose of Ms. Beyrodt's call was to ask Mr. Stansbury to authorize prepayment of the M. D. Anderson Cancer Center charges for production of the x-rays by CD. Mr. Stansbury has not returned the call. LSK <u>cannot</u> certify that no material difference exists between Mr. Racicot's original x-rays and any copy that might be made thereof by CD or conventional methods.

6. LSK also identified the existence of original x-ray films for claimants Rodney Smith, Sr., Deceased; Michael Switzer; and James Racicot, Deceased, in the possession of St. John's Lutheran Hospital (St. John's) and the Center for Asbestos Related Disease (CARD) in Libby, Montana. All of these films were made available to Debtors' expert during the week of April 2, 2007, in Libby, Montana. Debtors' expert was permitted to view these original films for claimants Rodney Smith, Sr., Deceased; Michael Switzer; and James Racicot, Deceased, in the possession of St. John's and CARD and make copies of whatever films Debtor's expert wished to copy.

## ARGUMENT

7.     Claimant's counsel have substantially complied with the Court's Supplemental X-ray Order by ensuring that the Debtors and their expert be afforded complete access to all x-rays of Rodney Smith, Sr., Deceased; Michael Switzer; and James Racicot, Deceased, over which LSK have any control and have gone to considerable effort to ensure Debtors' access to x-rays owned and controlled by others. LSK believe they have done all that can be done to comply with the purpose, substance, and intent of the Supplemental X-ray Order. Debtors and their expert have already had full access to all chest x-rays concerning these three claimants, except for the x-rays in the possession of M. D. Anderson Cancer Center. Claimant's counsel will promptly see that a CD containing James Racicot's x-rays is produced upon Debtors' counsel authorizing the prepayment for the production of the CD.

## CONCLUSION

8.     Counsel for Rodney Smith, Sr., Deceased; Michael Switzer; and James Racicot, Deceased have complied with the substance and intent of the Court's Supplemental X-ray Order, particularly in the light of ¶ 6 of the order. Switzer and the Smith and Racicot estates have provided the Debtors and their expert with all the x-ray evidence available and needed for an estimation hearing. If the Court, pursuant to ¶ 6 of the Supplemental X-ray Order, authorizes and directs further efforts to obtain and send the original x-rays of claimants Smith, Switzer, and Racicot to a repository of the Court, LSK will attempt to ensure compliance from the relevant medical providers so that the claimants' original x-rays are sent to the Court's repository. LSK cannot guarantee compliance by these medical providers.

393.001-16239

Dated: April 30, 2007
      Wilmington, Delaware

LANDIS RATH & COBB LLP

_/s/ Kerri Mumford_
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

Counsel for the Libby Claimants

5

393.001-16239

# Exhibit A

# DEPARTMENT OF VETERANS AFFAIRS

### CERTIFICATION OF FILMS

This is to certify that the copies of the films are identical to the original films.

*[signature]*

RANDALL L. BARKLEY, RT
SUPERVISOR, Diagnostic Imaging