# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                     )    Chapter 11
                                           )
                                           )
                                           )    Case no. 01-01139 (JFK)
W.R. GRACE & CO., *et al.*,[1]             )    Jointly Administered
                                           )    Re: Docket Nos. 14150, 14763, 14929,
                    Debtors                )
                                           )

## DEBTORS' FIRST SET OF INTERROGATORIES TO CERTAIN ASBESTOS PERSONAL INJURY PRE-PETITION LITIGATION CLAIMANTS' LAW FIRMS

W. R. Grace & Co. ("Grace") serves this first set of interrogatories pursuant to Federal Rules of Civil Procedure 26 and 33, Federal Rules of Bankruptcy Procedure 7026 and 7033, and the rulings of the United States Bankruptcy Court for the District of Delaware rendered at the April 13, 2007 hearing concerning Grace's Motion to Compel Compliance with Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire (Docket No. 14929). The Court has ruled that the interrogatories must be answered. Thus, if you object to the interrogatories, you must still provide all information responsive to the interrogatories irrespective of any objections lodged. *See* Order Regarding Motion to Compel (Docket No. ___) (attached as Ex. A). The Court further has ruled that the

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

attached affidavit of compliance may be submitted in lieu of responding to these interrogatories. *See id.*; *see also* Affidavit of Compliance (Ex. B).   However, in order for the Affidavit of Compliance to be considered a sufficient response, you may not alter or amend the Affidavit of Compliance in any way. *See* Order re Motion to Compel at ___. If the Affidavit of Compliance is altered or amended in any way, you must also fully respond to the interrogatories. *Id.*

The interrogatories must be answered in writing or the sworn affidavit must be provided to counsel for Grace within 30 days. *Id.* at ___.

## DEFINITIONS

1.      The "Action" shall mean the Chapter 11 cases styled *In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware including, without limitation, the pending estimation proceeding.

2.      "Grace" shall mean and include any of the following entities, either individually or collectively:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc.

2

(f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3.    "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any asbestos personal injury claim against Grace for which litigation was commenced prior to April 2, 2001 and for which no enforceable judgment or settlement was rendered or reached before April 2, 2001.

4.    "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys, consultants, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them, at any time.

5.    "Medical Services" shall mean and include any and all tests or examinations which are used in the diagnosis of pulmonary disease including Asbestos-Related Disease,

K&E 11775335.7

Silica-Related Disease or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations. Such tests or examinations include, but are not limited to, "B-reading," chest x-ray reading or interpretation, performing, administering or interpreting PFTs, performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

6.      "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO") or any other person who purports to perform or interpret B-reads.

7.      "B-read" shall mean and include, without limitation, for purposes of these interrogatories, any document or report that provides the results of an interpretation of a chest radiograph using the classification devised by the ILO whether in narrative form or in the form prescribed by the ILO for the recordation of interpretations performed in accordance with its classification system.

8.      "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

9.      "Silica-Related Disease" shall mean any bodily injury, sickness or disease, or impairment alleged to have been caused by exposure to silica or silica-containing products.

10.     "Claimant's possession custody or control" shall mean and include, without limitation, documents or things in the Claimant's personal possession, the possession of any doctor who has provided Medical Services to the Claimant at any time (whether in person or through a review of the Claimant's records), and/or in the possession of any law firm retained by the Claimant or purporting to act on behalf of the Claimant to provide legal services related to

4

asbestos- or silica-related personal injury litigation during the period 1990-2007.

11. "Document" is defined as broadly as permitted under Rule 34 of the Federal Rules of Civil Procedure, and includes all materials and things, in whatever form recorded or maintained, subject to production under that Rule.

12. The word "and" includes "or" and "or" includes "and." The word "any" is also used in the inclusive sense, such that "any" means "any and/or all."

13. "You" and "Your" refers to the law firm of **insert name as** well as any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

## INSTRUCTIONS

1. Each request set forth herein refers to all documents, information and property in your custody, control, and possession, as well as documents and property in the Claimants' possession, custody and control.

2. These requests are continuing to the full extent required and/or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when you obtain knowledge of, access to, or possession, custody, or control of any documents or information not previously produced which are responsive to one or more of these requests.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For each of the Claimants identified on Exhibit C (attached) have you or the Claimant withheld any B-reads within the Claimants' possession custody or control?

**RESPONSE TO INTERROGATORY NO. 1:**

**INTERROGATORY NO. 2:**

If you answered yes to Interrogatory No. 1, identify the Claimants for whom B-reads have been withheld and the number of B-reads withheld with respect to each Claimant.

**RESPONSE TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:**

For each B-read document withheld, identify the following:

a)    the Claimant for whom the B-read is being withheld;

b)    the date of the document;

c)    the author of the document;

d)    the recipient of the document;

e)    the doctor or doctors who performed the B-read, including those who prepared the narrative report;

f)    a general description of the document (e.g., letter) with as much information about the nature of the document as can be provided without waiving the privilege.  If the document is multiple documents or contains attachments, describe the attachments;

g)    whether the document or a portion thereof was produced in any litigation or produced in connection with seeking payment of a claim;

h)    who paid for the B-read or provided reimbursement for the B-read;

i)    whether the result of the B-read was negative and/or included a reading of less than 1/0;

j)    the basis on which you or the Claimant are withholding the document;

k)    if the document is being withheld on a ground of privilege, what privilege is being asserted:  attorney-client, attorney-work product, consulting-expert privilege, other?

l)    the Claimant's initial date of diagnosis;

m)    the date upon which the Claimant formed an attorney-client relationship with your law firm or any other law firm;

6

K&E 11775335.7

n)    a list of all others to whom the document has been provided, with a sufficient description so that the Court can determine whether those persons are attorneys for the Claimant discussed in the document or not;

o)    if a document is being withheld on the grounds of privilege, state whether the document has been retrieved and reviewed by you or by Claimant for purposes of asserting at any time such claim of privilege and identify who currently has possession of the document.

## RESPONSE TO INTERROGATORY NO. 3:

## INTERROGATORY NO. 4

For each Claimant for whom you are responding to these interrogatories, please provide a verification from the Claimant or authorized by the Claimant that the responses provided herein are true, complete and accurate and a thorough search has been made of documents in the Claimant's possession, custody and control in responding to these Interrogatories.

## RESPONSE TO INTERROGATORY NO. 4:

## INTERROGATORY NO. 5:

Provide a verification from you that the responses provided herein are true, complete and accurate and a thorough search has been made of documents in the possession, custody and control of your firm, any other firm previously or subsequently representing Claimant and any doctors who have rendered services or reviewed information in connection with Claimant's claim, in responding to these Interrogatories.

## RESPONSE TO INTERROGATORY NO. 5:

## INTERROGATORY NO. 6:

In responding to the W. R. Grace Asbestos Personal Injury Questionnaire and in providing B-reads or any other materials in connection with Claimant's claim :

(a) what efforts have you taken to obtain documents (i) in the possession, custody or control of all other counsel who previously or subsequently represented Claimant; and (ii) in the possession, custody or control of all doctors who have rendered services or reviewed information in connection with Claimant's claim?;

(b) state the identify of (i) all other counsel who previously or subsequently represented Claimant whose records you did not seek to obtain, and (ii) state the identity of any doctors who have rendered services or reviewed information in connection with Claimant's claim  whose records you did not seek to obtain.

## RESPONSE TO INTERROGATORY NO. 6

7

K&E 11775335.7

Dated: May 1, 2007

Respectfully submitted,


KIRKLAND & ELLIS LLP
David M. Bernick
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200


Barbara M. Harding
David E. Mendelson
Amanda Basta
Brian T. Stansbury
655 Fifteenth Street, NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200


*and*

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession


8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Re: Docket Nos. 14150, |
| | ) | 14763,14929 |

## AFFIDAVIT OF COMPLIANCE

1.      This affidavit is being submitted to resolve the 3/21/07 Motion to Compel

Compliance with the Supplemental Order Regarding Motions to Compel Claimants to Respond

to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire (Docket No. 14929)

2.      As used in this affidavit "Claimant's possession, custody or control"

means documents or things in the Claimant's personal possession, the possession of any doctor

who has rendered services to the Claimant (whether in person or through a review of the

Claimant's records), and/or in the possession of any law firm retained by the Claimant or

purporting to act on the Claimants' behalf to provide legal services related to asbestos- or silica-

related personal injury litigation during the period 1990-2007.

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.