IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Related to: Docket No. 15463** |

### DEBTORS' RESPONSE TO CLAIMANT STATE OF CALIFORNIA'S IMPROPER FILING OF POST-TRIAL CITATIONS AND REFERENCES TO THE TRIAL RECORD

### Introduction

1.  Claimant State of California, Department of General Services ("Claimant"), has improperly submitted a Post-Trial Brief. The only thing Claimant was supposed to do was to cite to record evidence concerning whether there is a scientifically acceptable range of variance from the W.R. Grace ("Grace") product formulas that may still establish product identification. All the Court was looking for in terms of a supplemental submission was whether "there is something about an acceptable variation from formula" in the record. 4/24/07 Hearing Trans. at 125: 23 – 126:4.[1] Claimant has provided *no* record evidence that there was any acceptable range of variation from the Grace product formulas because, as the Court correctly noted, there was no such evidence in the record.

### There Is No Evidence Of Material Variations in the Grace Product Formulas.

---

[1] As the Court made abundantly clear, "I'm not reevaluating it. I'm asking for one specific thing. And that is, if there is somewhere in the record where I've missed a piece of evidence, it was not in the testimony, if there is something about an acceptable variation from formula, which I don't recall . . . I would like somebody to point it out for me. That's all I'm asking for." Id.

2.  At the hearing on April 23, 2007, this Court specifically asked whether or not the Grace formulas changed over time. 4/23/07 Hearing Trans. at 17:18 – 17:20. Dr. Richard Lee testified that the formulas produced by Grace show the ranges and the components of those ranges over the periods they were manufactured. Id. at 18:17 – 18:20. Each of the Grace formulas has a range for components and "that range accounts for any minor changes in the composition during this period of time." Id. at 19:19 – 19:21. In addition, Mr. Thomas Egan testified that Underwriter's Laboratory not only approved particular formulas, but inspected the manufacturing facilities to assure that materials were being manufactured in accordance with the formulas. Id. at 115:17 – 116:2. Claimant's expert, Dr. Timothy Vander Wood, testified that in his database he had formulas of all the major manufacturers and that he compared samples to those formulas. 4/24/07 Hearing Trans. at 34:10 – 34:20. He never testified that he compared bulk samples to variations of those formulas.

3.  There is no evidence in the record of any material variation from Grace's product formulas. Claimant has pointed to no such evidence in its Post-Trial Brief. Instead, Claimant points to excerpts of the testimony of Dr. Vander Wood and Dr. Lee that do not inform this issue.

4.  While Dr. Vander Wood testified that no one would expect to find constituents in "exactly the proportions that W.R. Grace calls for in their formula," Dr. Vander Wood offered *no* testimony to establish a scientifically valid degree of variation that could still establish positive product identification. See 4/24/07 Hearing Trans. at 98:4-99-99:13.

5.  The testimony of Dr. Lee, to which Claimant cites, does not reference an acceptable degree of variation from Grace's formulas at all. See 4/23/07 Hearing Trans. at 68:22-69:15. Moreover, the testimony cited relates to Claimant's 12 Monokote-3 claims, not the

three acoustical plaster claims for which the Court requested record citation. With respect to the 12 Monokote claims, in response to questioning by the Court, Dr. Lee testified that if Dr. Vander Wood's reports identified additional elements that he concluded were not part of the sample, Dr. Lee assumed that to be true for purposes of his analysis. Id.

6. Accordingly, the record is devoid of any material variation from Debtors' formulas that could still establish product identification. As set forth below, however, because Claimant's testing did not give the percentage by weight of certain constituents of Grace's product formulas, there is no way to tell if the products at issue were manufactured by Grace - irrespective of any degree of acceptable variance.

### Claimant Failed to Meet Its Burden of Proof That Debtor's Acoustical Plaster Was Installed in the Buildings at Issue In Claim Nos. 10651, 10657, and 10659

7. Claimant has improperly filed a Post-Trial Brief. This is not what the Court directed. However, Claimant leaves Grace no choice but to respond on the merits with respect to the three acoustical plaster claims for which Claimant improperly filed a Post-Trial Brief.

8. There is no dispute that Grace's acoustical plaster contained equal parts of montmorillonite clay and asbestos, in the range of 15% to 20% for each component. 4/23/07 Hearing Trans. at 40:19 – 40:21.

9. With respect to Claim No. 10651 (Debtor's Exhibit 49), the bulk sample report stated that the sample contained montmorillonite in one sample and montmorillonite and titania in the second sample, and did not specify the amount of montmorillonite in those two samples. As a result, "you cannot determine whether or not it is an amount approximately equal to the chrysotile, and, therefore, you cannot determine whether or not the product matches or is -- could have been manufactured according to the W. R. Grace formula." Id. at 41:12 – 41:16.

10.     With respect to Claim No. 10651, Dr. Vander Wood conceded that his report stated that "montmorillonite may be present but could not be confirmed" and that his report found kaolinite in the bulk sample and that kaolinite is not part of the Grace formula. 4/24/07 Trial Trans. at 84:15 – 85:2. He also conceded for this building that the bulk samples found precipitated carbonate at less than one percent and quartz at less than one percent and that these two ingredients are not part of the Grace formula. Id. at 85:6 – 85:20. In his computer query looking for a formula match, he included a request for montmorillonite, but he did not include kaolinite, precipitated carbonate, or quartz. Id. at 85:3 – 85:24.

11.     With respect to Claim No. 10657 (Debtor's Exhibit 55), there were two bulk sample reports, one of which failed to quantify any of the constituents and one of which simply quantified 15% chrysotile, 85% vermiculite, and montmorillonite at less than 1%. 4/23/07 Trial Trans. at 42:1 – 42:5. Dr. Vander Wood later testified that the reference to "less than one percent," should have been a reference to "minor." 4/24/07 Trial Trans. at 45:8 – 20. In either event, whether montmorillonite was less than one percent or "minor," the bulk sample reports did not reveal any material "in which the amount of clay and chrysotile were approximately equal." 4/23/07 Trial Trans. at 42:6 – 42:9. As a result, the bulk samples are not consistent with the Grace formula for acoustical plaster. Id. at 42:10 – 42:12.

12.     With respect to Claim No. 10659 (Debtor's Exhibit 57), the three surfacing samples were insufficient to establish the product was a Grace acoustical plaster because in one sample only the chrysotile was quantified and the other two samples, the montmorillonite and titania were not quantified at all. Id. at 42:22 – 43:1.

- 5 -

## Conclusion

13. It is undisputed that the Grace formula for acoustical plaster contains equal amounts of chrysotile asbestos and montmorillonite clay in the range of 15 to 20% for each component. The testimony established that Grace adhered to its product formulas in manufacturing its asbestos-containing surfacing products and there is *no* contrary evidence in the record. Moreover, it is undisputed that the Grace formula does not contain kaolinite, precipitated carbonate, or quartz. None of the bulk samples for Claimant's three acoustical plaster claims contained sufficient information to conclude that the components of Grace's acoustical plaster products in the amounts included in the Grace formula match the bulk samples analyzed by Claimant's laboratory. Claimant has failed to meet its burden of proof and therefore, these three claims (Claim Nos. 10651, 10657 and 10659) should be expunged.

Dated: May 3, 2007

REED SMITH LLP
James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
Traci S. Rea
435 Sixth Avenue
Pittsburgh, PA   15219
(412) 288-3131

and

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Janet S. Baer
200 East Randolph Drive
Chicago, IL   60601
(312) 861-2000

and

- 6 -

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100

Co-Counsel for the Debtors and
Debtors in Possession