IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. [1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 14693, 14860 |
| | ) | 4/2/07 Agenda Item No. 13 |
| | ) | |

**ORDER RESOLVING CERTAIN CLAIMS FILED BY BERGER & MONTAGUE, P.C. AND RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC**

Upon the *Debtors' Objection to Certain Claims Filed by Berger & Montague, P.C. and Richardson, Patrick, Westbrook & Brickman, LLC* (the "Objection") filed by the above captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order disallowing and expunging 62 identical claims filed by Berger & Montague, P.C. -- Claim Nos. 9493-9552, 10547, and 10548 ("Berger Claims") and one claim filed by Richardson, Patrick, Westbrook & Brickman, LLC -- Claim No. 7019 ("Westbrook Claim"); and upon

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

consideration of the matters set forth herein; and due and proper notice of the Objection having been given, it is hereby

ORDERED that, the Objection to the Berger Claims is sustained, and the Berger Claims are expunged and disallowed for all purposes; and it is further

ORDERED that, the Objection to the Westbrook Claim is partially overruled, and the Westbrook claim is allowed but only to the extent provided herein; and it is further

ORDERED that, the sole obligation of the Debtors with respect to the Westbrook claim is to honor the Central Wesleyan Coupons[2] if the Central Wesleyan Coupons are presented to the Debtors in accordance with the Central Wesleyan Settlement Agreement; and it is further

ORDERED that, nothing herein shall provide or be interpreted to provide for any other obligation of the Debtors, including the payment of any monetary obligations under the Central Wesleyan Settlement Agreement, claimant having acknowledged that such payments were received; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rule 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the Berger Claims and the Westbrook Claim, having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that, this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2007

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

---

[2] Terms not defined herein are defined in the Objection.