IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: May 4, 2007 4:00 p.m.** |

**Re: Docket No. 15062**
**5/21/07 Agenda Item No. ___**

## DEBTORS' RESPONSE TO ANDERSON MEMORIAL HOSPITAL'S MOTION TO COMPEL PRIVILEGE LOG

Over the past six months, Grace has (i) provided extensive responses to multiple sets of Anderson Memorial discovery requests; and (ii) produced for depositions two records custodians regarding Grace's and its outside counsel's *Anderson Memorial* litigation files. On a parallel track, Anderson Memorial class certification substantive issues in these bankruptcy proceedings have been vastly narrowed -- primarily because of the ever-decreasing number of property damage claims still alive in these proceedings, and also by, among other things, Grace's stipulation that it will not contest class representative or counsel adequacy. Despite all of this discovery, Speights & Runyan seeks more -- privilege logs of litigation files maintained by Grace's in-house and outside counsel for their work on the *Anderson Memorial* litigation in the South Carolina courts.

More than a year ago when there were 900 active property damage claims in these proceedings, this Court recognized that Speights & Runyan could not satisfy Rule 23's numerosity requirements. Now, there are only 500 pending property damage claims, and, more than 250 of those claims are subject to settlements-in-principle, leaving only 213 active PD claims. On this record, it has been clear for more than one year and is now clearer than ever

before that Speights & Runyan cannot satisfy Rule 23's superiority and numerosity requirements -- even if further inquiry into Grace's privileged materials is permitted. Because a class of property damage claimants represented by Anderson Memorial and Speights & Runyan cannot meet Rule 23's requirements on the current record in these proceedings, a privilege log of Grace's in-house and outside counsel's files is both unnecessary and inappropriate. The Motion should be denied for this reason alone.

But, in addition, the motion should be denied because Speights wants privilege logs for a purpose that this Court has already recognized is improper: to probe privileged settlement communications and analyses in Grace's in-house and outside counsel files related to the *Anderson Memorial* lawsuit. Discovery into such settlement communications, analysis and evaluations is protected from discovery by Federal Rule of Evidence 408, as set forth in Debtors' brief submitted on November 10, 2006 (Dkt. 13630). At the November 20, 2006 omnibus hearing, the Court agreed that information protected by Rule 408 cannot be subject to discovery because it is not admissible. Thus, requiring Grace to create a privilege log for in-house and outside counsel documents would simply prolong what has already been a lengthy and expensive fishing expedition for inadmissible settlement-related documents.

For these reasons, as set forth more fully herein, the Debtors respectfully request that the Court deny Anderson Memorial's Motion to Compel a privilege log of Grace's in-house and outside counsel documents related to the *Anderson Memorial* litigation.

## FACTUAL BACKGROUND

1.      At the October 23, 2006 omnibus hearing, the Court stated that the Speights & Runyan firm's December 2005 Anderson Memorial discovery requests were overly broad and did not seek information pertinent to class certification requirements. 10/23/06 Tr. at

2

75-76. The Court directed Speights to narrow his requests and serve requests truly focused on

class certification issues:

> Asking someone to give you everything they have related to a topic, I think, is
> simply a fishing expedition. And even the rules of discovery don't give you that
> much. I think you need to narrow this topic. . . . That request, Mr. Speights, is
> just overly broad. It would require the Debtor to go through every document in
> the Debtor -- in every file that the Debtor had since 1992. And I don't think the
> discovery rules require the Debtor to do that
>
> . . .
>
> So I think with respect to the discovery to the extent that the request is as broad as
> it is, I can't even see how it's calculated to lead to relevant admissible evidence
> because it's too broad. So I think you ought to narrow the scope, whether the
> Debtor raised that issue or not.

*Id.* at 76-78.

2.      Speights did not do so. Instead, on October 30, 2006, he served

extremely broad, non-tailored requests that once again sought "all documents" (except pleadings)

in the Debtors' files on a host of issues that, even at that time, had no bearing on whether

certification would advance the interests of these bankruptcy cases or whether the requirements

of Rule 23 could be met. The October 30, 2006 requests included sixteen document requests, a

30(b)(6) deposition notice with a dozen topics, and a notice for a deposition of a Grace records

custodian on the topic of "all documents which refer to or relate to Anderson Memorial

Hospital's lawsuit prior to the date the debtors filed their Petition for Reorganization."

3.      At the November 20, 2006 omnibus hearing, the Court again directed

Speights to articulate what element of class certification -- i.e., numerosity, commonality,

typicality, adequacy, superiority -- his discovery requests were related to. 11/20/06 Tr. at 53.

The reasons for this were made clear: "My concern, Mr. Speights, is I want to make sure that

what we're doing is discovery related to certification, not to something else. Not to merits. Not

to something else. But to certification. So, if you tied it to an element, then at least it's tied to an

3

element. That was the basis on which I went forward at the last hearing and what I thought was going to happen with your amended discovery request." *Id.* at 55.

4.     Speights did not do so (except in the form of an inappropriate Novemeber 27, 2006 letter to the Court that the Court struck from the record.) Nonetheless, on December 13, 2006, in an effort to move these issues towards conclusion, the Debtors served written responses and objections, including privilege objections to each of Speights' sixteen document requests. (These responses and objections are attached to Anderson Memorial's motion at docket no. 15062.)

5.     In these responses, Grace also specifically stated that, "for purposes of Anderson Memorial's class certification motion in this bankruptcy proceeding, Grace no longer intends to challenge Speights' or Anderson Memorial's adequacy." Grace's counsel has also stated this on the record at hearings. Thus, Grace has taken adequacy issues off the table for purposes of resolving class certification in this bankruptcy case, and, as a result, no discovery is necessary regarding adequacy.

6.     With respect to his demands for privilege logs, Speights has never complied with this Court's directions. He has not articulated which, if any, element of class certification any materials that might be covered by the privilege log could pertain to. No wonder -- given that adequacy of representation and class counsel, and numerosity, are no longer at issue in these bankruptcy proceedings, privilege logs of counsel's litigation files cannot be justified.

7.     Nonetheless, in two records custodian depositions -- one of Grace and one of Grace's outside counsel Ogletree Deakins in South Carolina -- Speights has continued to ask questions regarding adequacy issues and has probed whether Grace has privileged documents in

4

its files concerning adequacy. But, Grace's positions and evaluations with respect to the adequacy of Anderson Memorial and its counsel in the South Carolina case are irrelevant because Grace has stipulated that it is not challenging the adequacy of Anderson Memorial as class representative or Speights & Runyan as class counsel in these bankruptcy proceedings. With these issues off the table, they cannot be a basis for further discovery.

8.      In addition to producing records custodians for depositions in February and April, Grace has responded to several additional sets of written discovery from Anderson Memorial, after Grace's December 13, 2006 discovery responses. These additional responses have included responses to discovery requests regarding all property damage claims ever asserted against Grace for buildings located in Canada and expert issues related to property damage claims.

9.      Notwithstanding that Grace (i) provided Speights with individual responses to each of his Anderson Memorial document requests and interrogatories, (ii) withdrew adequacy objections, and (iii) produced two records custodians for depositions, Speights is still seeking to compel a privilege log for lawyer's documents that this Court has already made clear he cannot have -- and still he has not articulated how it could be a proper request or relevant to Rule 23's requirements.

10.      To the extent that Speights has *ever* articulated *any* purported reason for wanting to probe into Grace's privileged litigation files other than the now-moot adequacy of counsel and numerosity issues (which is defined by the record before this Court and cannot be changed by discovery), he has stated that he wants to probe into admissions by Grace in privileged documents regarding Rule 23's requirements:

> What we are trying to show is an admission by Grace which is inconsistent with
> the position it has taken and presumably will take before you in connection with

5

the certification hearing.  We want to know whether Grace -- we can show Grace
through its own documents has taken a position that it would be willing to settle
the Anderson class.

10/23/06 Tr. at 24.

11.     Obviously, Speights is not entitled to Grace's privileged internal

documents regarding settlement evaluations.  Therefore, a privilege log is pointless.

12.     And, Speights already has all of the settlement communications between

himself and Grace regarding Anderson Memorial.  They were attached as exhibits to briefs filed

under seal with the South Carolina court.  Thus, to the extent there are discoverable non-

privileged documents (document which may be protected by Federal Rule of Evidence 408 but

are not protected by the attorney-client privilege), Speights already has them.

### ARGUMENT

**I.     Privileged Documents in Grace's Counsel Files are Irrelevant to Class Certification
Issues Before This Court.**

13.     At the November 20 hearing, the Court specifically directed Speights to tie

his requested discovery to some element of class certification.  Speights has not tied his demands

for privilege logs for in-house and outside counsel files to any issue relevant to class

certification.

14.     Moreover, privilege logs for in-house and outside counsel files are not

appropriate or even permissible because, given the current posture of this bankruptcy case, Rule

23's requirements cannot be met no matter what the logs would show.

15.     To certify a class of claimants in a Chapter 11 case, a bankruptcy court

must undertake a two-step analysis.  *First*, to warrant class certification, the court must

determine whether a class action "makes sense" and will advance the interests of the bankruptcy.

*Second*, even if claimants can demonstrate that a class may be an acceptable way to proceed in a

6

particular Chapter 11 case, the claimants must also satisfy the elements of Fed. R. Civ. P. 23 --

numerosity, commonality, typicality and adequacy of representation.

16.     Given the multiple ways in which Anderson class issues have been

narrowed, a class is not certifiable on the current record:

- o  This Court has repeatedly rejected the central premise of the motion for class
   certification -- and Anderson Memorial's only argument in support of Rule 23's
   superiority requirement -- by finding unequivocally that Grace's notice program
   was adequate and appropriate. *See, e.g.*, 10/23/06 Tr. at 67; 8/21/06 Tr. at 274.
   Thus, the identities of all claimants who lodged property damage claims with this
   Court are known; and

- o  Through motion practice regarding lack of authority, limitations periods, lack of
   product identification, and other issues, there are now only 508 PD claimants
   before this Court.

- o  Each PD claimant is represented by counsel, including several counsel other than
   Speights & Runyan.

- o  Taking into account settlements-in-principle that have been announced to this
   Court, there are only 213 active and unsettled PD claims pending before this
   Court, as stated by Grace's counsel on the record during the May 2, 2007 omnibus
   hearing.

- o  The class that was conditionally certified as to Grace in 2001 was solely a class of
   South Carolina claimants.  There are now only three (3) South Carolina PD
   Claims pending before this Court.  All three of the remaining South Carolina
   claims are Anderson Memorial claims: No. 9914 (Anderson Memorial Hospital,
   statewide South Carolina class claim), No. 9911 (Anderson Memorial Hospital
   "worldwide" class claim) and No. 11008 (Anderson Memorial Hospital individual
   claim).  There are no other pending South Carolina claims.

17.     At the January 26, 2006 hearing, this Court recognized that "There are not

that many claims left.  I really just don't see that need for class certification in that sense."

(1/26/06 Tr. at 75).  At that time, after numerous objections had been resolved and hundreds of

PD claims had been expunged, there were 959 pending PD claims.  (1/25/06 Tr. at 8.)

18.     The Court recognized this again at the October 23, 2006 hearing: "I'm not

sure where we're going, because I just can't see where the numerosity issue is going to be

7

satisfied, even if all of the other elements of Rule 23 are met. I can't see how that's going to

provide a benefit to this Estate to attempt to do that in a class method." (10/23/06 Tr. at 69-70).

And again at the November 20 hearing: "I have articulated some concerns on the record,

particularly with the numerosity issue. I'm concerned as to whether there is numerosity."

19.    Now, as of May 4, 2007 and as Grace's counsel advised this Court during

the May 2 hearing, there are only 213 pending PD claims remaining to be litigated, far fewer

claims than in January 2006, when the Court initially recognized that the numerosity requirement

for class certification cannot be met. It is even clearer now that certification would be contrary

to the requirements of Rule 23, regardless of Grace's privileged documents regarding settlement

analyses or privileged documents of any sort relating to the *Anderson Memorial* litigation.

## II.    Production of Privilege Logs For Counsel's Litigation Files Is Extraordinary Relief Not Merited under FRE 408 or FRCP 26.

20.    Speights seeks what can only be described as highly unusual discovery:

privilege logs for the litigation files of an adversary's in-house and outside counsel.

21.    Federal Rule of Civil Procedure 26 also does not require production of

logs of in-house and outside counsel documents. Rule 26(b)(5)(A) -- which addresses trial

preparation materials -- provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Grace has already done this, repeatedly. In multiple sets of discovery responses, multiple briefs

on Anderson Memorial discovery issues and at countless hours of oral arguments, Grace has

articulated the fact that its counsel's evaluations of Anderson Memorial class certification issues

are privileged. Having done so, nothing in Rule 26 requires production of a privilege log for

8

such counsel's files.  The caselaw on Rule 26(b)(5) is quite clear:  a privilege log is *not* a

categorical requirement, particularly with respect to the files of counsel involved in handling

litigation.  For example, in *Emerson Electric Co. v. Ouellette*, the defendant sought discovery of

certain privileged communications from the plaintiff's in-house and outside counsel.  No. Civ. A.

96-364-B, 1998 WL 34088465, *1 (D.N.H. May 12, 1998).  The Court held that the plaintiff had

protected its privilege claims by asserting that privilege protects various categories of

documents, even without production of a document-by-document log.  *Id.* at * 8.  The court

specifically noted that the "scope of the description necessary to satisfy Rule 26(b)(5) need only

be so broad as to permit" assessment of the applicability of the privilege.  *Id.* at * 7, citing 8

Charles A. Wright et al., Federal Practice and Procedure § 2016.1, at 234-35 (2d ed. 1994)

(warning that rigid insistence on certain logging procedures "may go well beyond" what Rule

26(b)(5) requires); accord Advisory Committee Notes to Fed. R. Civ. P. 26(b)(5) ("The rule does

not attempt to define for each case what information must be provided when a party asserts a

claim or privilege . . ."); *see also S.E.C. v. Nacchio*, Civ. A. No. 05-cv-00480, 2007 WL 219966,

* 11 (D. Colo. Jan. 25, 2007(denying motion to compel a document-by-document privilege log

for documents reflecting communications between defense counsel); *S.E.C. v. Thrasher*, No. 92

CIV. 6987, 1996 WL 125661, *2 (S.D.N.Y. Mar. 20, 1996)(same); *United States v. Gericare*

*Medical Supply Inc.*, 2000 WL 33156442, *4 (S.D. Ala. 2000)(denying defendants' demand for a

document-by-document privilege log).

22.    In addition, this Court has already recognized that the Federal Rules do

not permit discovery into information that is inadmissible because it is privileged.  Specifically,

at the November 20 hearing, the Court recognized that Rule 408 "deals with discovery in that

discovery has to be calculated to lead to relevant and admissible evidence.  And if the evidence is

9

not admissible because Rule 408 prohibits it from being used in evidence, then it can't be

calculated to lead to relevant and admissible evidence.  So, although it, itself, is an evidentiary

rule, nonetheless there are implications for discovery purposes."  11/20/06 Tr. at 45.  Privileged

documents in counsel files analyzing and evaluating issues in active litigation are inadmissible.

       WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request

that the Court deny Anderson Memorial's Motion to Compel privilege logs of Grace's in-house

and outside counsel for the *Anderson Memorial* litigation.

Dated:  May 4, 2007

                               KIRKLAND & ELLIS LLP
                               David M. Bernick, P.C.
                               Lisa G. Esayian
                               200 East Randolph Drive
                               Chicago, Illinois 60601
                               Telephone:  (312) 861-2000
                               Facsimile:  (312) 861-2200

                               and

                               PACHULSKI STANG ZIEHL YOUNG JONES
                               & WEINTRAUB LLP

                               _____
                               Laura Davis Jones (Bar No. 2436)
                               James E. O'Neill (Bar No. 4042)
                               Timothy Cairns (Bar No. 4228)
                               919 North Market Street, 17th Floor
                               P.O. Box 8705
                               Wilmington, DE 19899-8705 (Courier 19801)
                               Telephone:  (302) 652-4100
                               Facsimile:  (302) 652-4400
                               Co-Counsel for Debtors and Debtors in Possession

10