IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re:  W.R. GRACE & CO., et al., <br><br> Debtors. | Chapter 11 <br> Case No. 01-01139 (JKF) <br> (Jointly Administered) <br><br> **April 23-24, 2007 Product Identification Trial** |

### CLAIMANT STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES' REPLY TO DEBTORS' RESPONSE TO POST-TRIAL CITATIONS AND REFERENCES TO TRIAL RECORD

1.  In trying to avoid the evidence in the record showing that the samples the subject of the Three Claims[1] were a unique match with Debtors' formulas for ZAP or ZFC, Debtors in their response ("Debtors' Resp.") mischaracterize Claimant's post-trial submission as a post-trial brief and argue that it exceeds the permissible scope as directed by the Court. Debtors, however, ignore the Court's approval of submissions with citations to the trial record addressing whether Claimant met its burden on the Three Claims remaining at issue. See 4/24/07 Hearing Trans. at 136:8-14[2]. Claimant's submission does exactly that. It is limited to factual citations and references to the trial record – trial exhibits and testimony – that establishes Claimant met its burden of demonstrating that the samples involved in the Three Claims came from either ZAP or ZFC manufactured by Debtors.

---

[1] Unless otherwise noted, capitalized terms shall have the same meaning ascribed to them in Claimant's May 1st submission.

[2] "MR. MANDELSBERG: Your Honor, I don't want to beat a dead horse, but we do believe that it would be useful to refer to testimony and/or those MVA reports, and we'll try to provide that to you on or before Monday. THE COURT: Okay. That's fine. I mean, if you need the record to do this, that's fine. What I'm looking for are the citations that are going to influence my decision as to whether or not the burden of proof has been met, and that's really all. I understand the law, I believe. I don't think I need additional briefs. I'm looking for the factual citation in this respect." 4/24/07 Hearing Trans. at 136:3-14. After Debtors' counsel complained that Claimant would supplement the record, Claimant's counsel responded, "I wasn't intending to supplement the record was anything. What I was intending to do was to state to the Court that we will refer to documents that are in evidence, and if

A.    **Debtors' Response**

2.    Debtors contend that because Dr. Vander Wood's "testing did not give the percentage by weight of certain constituents of Debtors' product formulas, there is no way to tell if the products at issue were manufactured by Grace." See Debtors' Resp. ¶ 6. Debtors, however, pointedly ignore Dr. Vander Wood's testimony that "while we don't have a composition for the relative proportion again of vermiculite [and] montmorillonite, we do know that they add up to 85 percent and it comes down to the same case before that these three components [chrysotile, vermiculite and montmorillonite] and only these three components present are a unique match for Zonolite Acoustical Plastic." See 4/24/07 Hearing Trans. at 45:4-46:1 (discussing Claim No. 10657); 42:2-24 (discussing Claim Nos. 10651 and 10659) ("if you take those components and run them against our database with 15 percent chrysotile and the remainder of only vermiculite [and] montmorillonite adding up to 85 percent, you come up with a unique identification of Zonolite Acoustical Plastic."). Debtors offered no evidence of any other manufacturer besides Debtors whose product formula consisted of fifteen percent chrysotile asbestos with the balance consisting of vermiculite and montmorillonite.

B.    **Claim No. 10651 (Debtors' Resp. ¶¶ 9-10)**

3.    While the PLM analysis for sample N0450(A) did recite "the presence of montmorillonite may be present but could not be confirmed," (see MVA Report for Claim No. 10651, p. 112 (DGS Exhibit 25); 4/24/07 Hearing Trans. at 84:15-20), the "common" presence of montmorillonite in the sample was confirmed by the SEM and AEM (TEM) analyses. See MVA Report for Claim No. 10651, pp. 114-118 (DGS Exhibit 25); 4/24/07 Hearing Trans. at 42:2-24. Those tests also confirmed the absence of any kaolinite in the sample. See MVA

---

appropriate, to testimony from the transcript, nothing else." Id. at 137:10-138:2. The Court responded that, "That's fine." Id. at 138:3.

Report for Claim No. 10651, pp. 114-118 (DGS Exhibit 25); 4/24/07 Hearing Trans. at 103:3-17. Dr. Vander Wood explained why the presence of <u>less</u> <u>than</u> <u>one</u> <u>percent</u> precipitated carbonate and quartz in this sample "don't mean it's inconsistent with a W.R. Grace product." <u>See</u> 4/24/07 Hearing Trans. at 96:13-98:15.

4.   Dr. Lee did not point to the minute presence of precipitated carbonate and quartz in sample N0450(A) (or any other sample analyzed by MVA) as a basis to exclude the sample from being a match with Debtors' formulas for ZAP. As the Court observed, "if there's a problem with MVA's analysis, Dr. Lee should have pointed it out. Otherwise, Dr. Lee is accepting the MVA analysis for purposes of drawing his own conclusion." <u>See</u> 4/24/07 Hearing Trans. at 64:2-12.[3]

C.   <u>**Claim No. 10657 (Debtors' Resp. ¶ 11)**</u>

5.   The sole reason stated in Debtors' response for this Court to reject Dr. Vander Wood's constituent analysis of sample N0044 is that such analysis "did not reveal any material 'in which the amount of clay and chrysotile were approximately equal,'" and therefore, the sample was "not consistent with the Grace formula" for ZAP. As noted above, the presence of chrysotile, vermiculite and montmorillonite in the sample (which is <u>not</u> disputed in Grace's response) provided a "unique identification" with Grace's formula for ZAP. <u>See</u> ¶ 2, <u>supra</u>.[4] Debtors did not identify any other manufacturer whose product consisted of fifteen percent chrysotile with the balance vermiculite and montmorillonite.

---

[3] Indeed, Dr. Lee acknowledged that if MVA (recognized by him to be a "good laboratory") concluded that a trace mineral "was not added as a constituent component, then I accepted that." <u>See</u> 4/23/07 Hearing Trans. at 52:2-8; 68:22-69:16. Debtors' suggestion that Dr. Lee accepted MVA's conclusion only for samples that matched Monokote-3 is belied by the fact that Dr. Lee did not raise the presence of trace minerals when testifying as to the samples MVA matched to Debtors' formulas for ZAP and ZFC. <u>See id.</u> at 40:2-43:15.

[4] Dr. Vander Wood's notation that montmorillonite in this sample was minor indicated that "it's not difficult to find." <u>See</u> 4/24/07 Hearing Trans. at 97:18-98:3.

3

### D. Claim No. 10659 (Debtors' Resp. ¶ 12)

6. Debtors also challenge Dr. Vander Wood's match of sample N0452(A) with Grace's formula for ZAP on the sole basis that the montmorillonite was "not quantified at all." Again, Dr. Vander Wood explained in response to the Court's questioning that:

> Court: All right. So it's only the fact that there's chrystotile, vermiculite, and this particular clay that identifies it as a Zonolite product.
>
> Witness: Right, that only those materials are present.
>
> Court: Okay. So you're matching the recipe, essentially.
>
> Witness: Yes, ma'am.

See 4/24/07 Hearing Trans. at 44:8-16.

### Conclusion

7. Dr. Vander Wood, unlike Dr. Lee, actually analyzed the five samples remaining at issue for DGS Claim Nos. 10651, 10657 and 10659. It is undisputed that the three samples Dr. Vander Wood analyzed and thereafter matched to Debtors' formula for ZAP each contained chrysotile asbestos in the range of 15% with the balance consisting of vermiculite and montmorillonite. The presence of those constituents provided a "unique identification" for Dr. Vander Wood to conclude that they matched Debtors' formula for ZAP. Dr. Vander Wood's analyses of the other two samples revealed a positive match with Debtors' formula for ZFC. It is respectfully submitted that claimant has met its burden as to Claim Nos. 10651, 10657 and 10659.

Dated: Wilmington, Delaware
      May 4, 2007

                **BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

By: /s/ Leslie C. Heilman
     Tobey Marie Daluz, Esq. (No. 3939)
     Leslie C. Heilman, Esq. (No. 4716)
     919 North Market Street, 12th Floor
     Wilmington, Delaware 19801
     Telephone: (302) 252-4465
     Facsimile: (302) 252-4466
     Email: daluzt@ballardspahr.com
            heilmanl@ballardspahr.com

     -and-

**HAHN & HESSEN LLP**
Steven J. Mandelsberg, Esq.
John P. McCahey, Esq.
Christina J. Kang, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Email: smandelsberg@hahnhessen.com
       jmccahey@hahnhessen.com
       ckang@hahnhessen.com

Counsel for Claimant
State of California, Dep't of General Services