# TAB C

**From:** Dan Speights
**Sent:** Thursday, March 17, 2005 12:29 PM
**To:** 'Richard.Finke@grace.com'
**Subject:** Attached hereto is revised Stipulation re claims being put on the shelf. Please advise.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | Chapter 11 |
| W.R. GRACE & CO., et al. | * | Case No. 01-1139 (JFK)<br>Jointly Administered |
| Debtors | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

STIPULATION OF THE DEBTORS AND SPEIGHTS & RUNYAN
CONCERNING THE TREATMENT OF CERTAIN ASBESTOS PROPERTY
DAMAGE CLAIMS FILED BY SPEIGHTS & RUNYAN

The Debtors, W.R. Grace & Co., et al. (collectively, the "Debtors") and the law firm of Speights & Runyan hereby stipulate concerning the treatment of certain asbestos property damage claims filed by Speights & Runyan, and say as follows:

WHEREAS, on April 2, 2001, each of the Debtors in these Chapter 11 cases filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code commencing their respective Chapter 11 cases;

WHEREAS, by an order dated April 25, 2002, the Bankruptcy Court set March 31, 2003 as the last date for filing proofs of claim for all claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims;

WHEREAS, Speights & Runyan has filed in excess of 2,900 separate proofs of claim against the Debtors in the name of claimants who allege property damage resulting from the presence, in the building named in the proof of claim, of asbestos-containing materials ("ACM") manufactured or sold by the Debtors or for which Speights & Runyan claims that the Debtors may otherwise be responsible;

WHEREAS, the Debtors and Speights & Runyan believe it is in their mutual interest to

postpone and, if possible, avoid the expense and burden of litigation concerning certain of the claims filed by Speights & Runyan, without prejudice to either party's legal rights and without loss of certain essential evidence bearing upon any such claim;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and promises set forth herein, the undersigned parties agree as follows:

1. With respect to the buildings and properties that are the subject of the claims identified in Exhibit A attached hereto, Speights & Runyan agrees and acknowledges that it does not possess, and is not aware of, any evidence that such buildings contain, or at any time contained, ACM manufactured or sold by the Debtors.

2. Speights & Runyan agrees and acknowledges that the proofs of claims identified in Exhibit A were filed in Debtors' Chapter 11 bankruptcy cases solely on the basis of a conspiracy claim or other cause of action or theory which Speights & Runyan asserts does not require identification of ACM manufactured or sold by the Debtors.

3. The Debtors agree that they shall not file objections to or seek the dismissal or disallowance of any of the claims identified in Exhibit A; provided, however, that the Debtors may file objections to and/or seek the dismissal or disallowance of any or all claims identified in Exhibit A upon the expiration of ~~30~~ 60 days after providing written notice to Speights & Runyan of the Debtors' intent to do so.

4. The Debtors hereby reserve the right to file objections to and seek the dismissal or disallowance of any and all claims filed by Speights & Runyan that are not identified in Exhibit A.

5. The undersigned parties agree that they will preserve, throughout the pendency of the Debtors' Chapter 11 bankruptcy cases, any and all evidence in a party's possession or control which refers or relates to:

(i) the discovery of any ACM,

(ii) the condition of any ACM and/or release of fibers therefrom, or

(iii) the identification of the manufacturer or seller of any ACM installed,

in a building named in any proof of claim identified in Exhibit A.

6. By entering into this Stipulation, the Debtors do not waive any defense or objection to any claim identified on Exhibit A which may have accrued as of the date of this Stipulation.

7. The execution of this Stipulation shall not be construed as an admission of liability on the part of any party.

8. This Stipulation may not be modified except by written agreement signed by the undersigned parties.

IN WITNESS WHEREOF, the parties have duly executed this Stipulation as of the day and year indicated above.

CONSENTED AND AGREED TO:

W.R. GRACE & CO., INC., et al., Debtors

By: _____

Name: _____

Title: _____

SPEIGHTS & RUNYAN

By: _____

Name: _____