## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.  R.  GRACE & CO., et al., | ) | Case No.  01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related to Docket Nos. 9315, 15445, and |
| | ) | 15617 |

### DEBTORS' MOTION FOR LEAVE TO AMEND THEIR OBJECTIONS TO CERTAIN PROPERTY DAMAGE CLAIMS

Debtors submit the following motion in response to Speights & Runyan's Motion to Strike Debtors' Updated Objections To Certain Speights & Runyan Asbestos Property Damage Claims (the "Speights Motion") and in order to request leave from the Court to amend certain objections asserted in Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos PD Claims (Docket No. 9315), so that the Court may decide, *inter alia*, if claimants can recover on claims that do not involve Debtors' products and that are plainly time-barred.

### BACKGROUND

1.      On September 1, 2005, Debtors filed their Fifteenth Omnibus Objection (Substantive) to Asbestos PD Claims (Docket No. 9315) ("Fifteenth Omnibus Objection") in which Debtors objected to more than four thousand then-pending asbestos property damage claims.

2.      On October 13, 2006, the Court entered its Amended Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims (Docket No. 13406) (the "CMO") that set a litigation schedule – including an extensive discovery schedule – for the over six hundred then-pending asbestos property damage claims.

3. Under the CMO, claimants' expert reports on claims for which Debtors contested product identification and Debtors' expert reports on claims for which Debtors asserted limitations period objections were due on December 21, 2006.

4. On December 21, 2006, the Speights & Runyan firm submitted its designations of expert reports. Speights & Runyan listed expert product identification reports by Dr. Donald Pinchin for *all of the Canadian claims that are the subject of the Speights Motion*. *See* Designation of Expert Reports Relating to Product Identification on Behalf of Certain Asbestos Property Damage Claimants (Docket No. 14107), a copy of which is attached hereto as Exhibit A.

5. On January 17, 2007, Debtors filed the expert report of Dr. Richard Lee (Docket No. 14351) on product identification issues. Dr. Lee's report covered those claims where claimants submitted bulk sample reports in support of their claims. For the Speights & Runyan Canadian claims that included bulk sample reports, Dr. Lee concluded that the bulk sample data from 16 of those 22 claims was not sufficient to establish product identification, *i.e.*, the presence in the building at issue of an asbestos-containing product manufactured by the Debtors. The other Speights & Runyan Canadian claims at issue here were not included in Dr. Lee's report because no bulk sample data was provided with the claim files by Speights & Runyan.

6. On February 14, 2007, Speights & Runyan deposed Dr. Lee and had full and fair opportunity to question Dr. Lee on all opinions in his report, including his opinions on the foregoing Canadian claims.

7. On March 14, 2007, Debtors took the deposition of Dr. Pinchin, Speights & Runyan's expert on product identification with respect to the Canadian claims. Debtors questioned Dr. Pinchin generally about his reports, which are substantially similar for all of the

claims for which they were submitted. Debtors also questioned him specifically on his expert reports and opinions for several of the claims that are the subject of the Speights Motion.

8.      Pursuant to the CMO, certain of Debtors' objections to claimants' asbestos property damage claims, including product identification and limitations periods objections, were to be tried on April 23-25, 2007.

9.      Because the summary judgment motions that the Debtors filed on certain time-barred asbestos property damage claims were still pending, upon suggestion of the parties and by order of the Court, the April 23-25 hearing was limited to the issue of product identification.

10.     As part of the pre-trial procedures, on April 11, 2007, Debtors circulated to the asbestos property damage claimants a preliminary list of claims that would be tried on product identification grounds at the April 23-25 hearing.

11.     On April 13, 2007, Speights & Runyan filed Anderson Memorial Hospital's Motion to Extend Deadlines ("Motion to Extend Deadlines") (Docket No. 15172). In this motion, Speights & Runyan sought to extend the deadlines for the product identification hearing for 26 claims because Debtors allegedly did not include specific product identification objections to those claims in Debtors' Fifteenth Omnibus Objection.

12.     By agreement of the parties, the product identification trial on these 26 claims was postponed so that the Court could first hear and determine Speights & Runyan's argument on the alleged "waiver" of product identification objections for these 26 claims.

13.     The Court heard this argument on April 25, 2007. At that time, the Court instructed Debtors to prepare papers relating to amended objections to these Speights & Runyan claims. Debtors filed Debtors' Updated Objections to Certain Speights & Runyan Asbestos Property Damage Claims (Docket No. 15445) (the "Updated Objections") on April 30, 2007.

Debtors' Updated Objections added specific product identification objections for the 26 claims identified by Speights & Runyan in their April 13, 2007 Motion to Extend Deadlines.

14.    In addition, Debtors' Updated Objections responded to a second argument made by Speights & Runyan in their recently filed summary judgment brief relating to Canadian claims.  Specifically, Speights & Runyan argued that because Canadian "ultimate" limitations periods function as the equivalent of statutes of repose in the United States, Debtors cannot seek to dismiss any Canadian claims on ultimate limitations periods unless a specific statute of repose objection was made to those claims in the Fifteenth Omnibus Objections.  Speights & Runyan took this position even though the Debtors objected to all the claims at issue with an "F-5" objection which covered all Canadian limitations periods.  While Debtors strongly disagree with Speights & Runyan's position and fully contested that position in connection with the summary judgment briefing, in an abundance of caution, Debtors included specific statute of repose objections ("D-5" objections) in the Updated Objections to applicable Canadian claims and made clear in that document Debtors' position that the F-5 objection covers all Canadian limitations periods, including ultimate limitations periods.

15.    At the Omnibus hearing held on May 2, 2007, Mr. Speights asserted that Debtors should have filed a motion for leave to file their Updated Objections, but failed to do so. Mr. Speights indicated to the Court at that time that he had reviewed Debtors' Updated Objections on his computer screen. *See* Transcript of May 2, 2007 Hearing at 103.

16.    At the May 2, 2007 hearing, the Court ordered Speights & Runyan to file papers objecting to Debtors' Updated Objections on May 7 and the Debtors to file a response on May 8.  On May 7, Speights & Runyan filed the Speights Motion.  The Speights Motion was served on the Debtors' counsel via facsimile at 2:01 a.m. on the morning of May 8.

17.     Debtors submit this Motion in response to the Speights Motion and to request that the Court grant Debtors leave to amend their objections to Speights & Runyan's claims and accept Debtors' previously filed Updated Objections *nunc pro tunc*.

## APPLICABLE LEGAL PRINCIPLES

18.     As recognized by the Speights Motion, Delaware Local Rule 3007-(1)(f)(iii) specifically provides that objections to claims may be amended under Federal Rule Bankruptcy Procedure 7015.

19.     Rule 7015 provides for application of Federal Rule of Civil Procedure 15 which, in turn, provides that where leave is required to amend a pleading, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. There is nothing within Rule 15 or the corresponding bankruptcy rules that requires Debtors to show "cause" in order for an amendment to be made.

20.     The Court has broad discretion to grant a motion to amend, and a decision granting a motion to amend will be reviewed on appeal solely for abuse of that discretion. *Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d* § 1472, at 509-510. Bankruptcy courts liberally have allowed amendments pursuant to Rule 15. *Id.* at 508; *see also Surf Walk Condominium Assoc. v. Wildman,* 84 B.R. 511, 513 (N.D. Ill. 1988) (noting that bankruptcy court granted motion to amend objections filed on the day of trial).

21.     An amendment is particularly appropriate where, as here, it will serve the interests of justice and will not prejudice the opposing party. Fed. R. Civ. P. 15; *Teiger v. Stephen Oderwald,* 31 F. Supp. 626, 627 (S.D.N.Y. 1940) (motions to amend a defense in bankruptcy should be granted unless prejudice will result); *see also In re Vanguard Airlines, Inc.,* 298 B.R. 626, 638 (W.D. Mo. 2003) (allowing amendment in bankruptcy proceeding under Rule 15 where no prejudice would result).

**ALLOWING DEBTORS TO AMEND THEIR PRODUCT IDENTIFICATION AND LIMITATIONS OBJECTIONS WILL SERVE THE INTERESTS OF JUSTICE AND WILL NOT PREJUDICE THE CLAIMANTS**

22.     Claimants bear the initial burden of establishing facts sufficient to support a legal basis for their respective claims. *See Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992). "It is well established that product identification is an essential element of every products liability action." *In re Dow Corning Corp.*, 250 B.R. 298, 353-54 (Bankr. E.D. Mich. 2000). Accordingly, a necessary prerequisite to recovery for alleged asbestos property damage is a showing by claimants that at least one of Debtors' asbestos-containing surfacing products was installed in the buildings for which the claims were filed.

23.     To the extent claimants have not and cannot come forth with any evidence to establish product identification for certain claims, but certain product identification objections to those claims were not included in Debtors' Fifteenth Omnibus Objection, the interests of justice would be furthered by allowing Debtors to modify their objections to those claims at this time. If the Court were to deny this amendment, claims for buildings that do not even include Debtors' products may be paid out of the limited assets available in these Chapter 11 cases to the potential detriment of other claimants.

24.     Allowing this amendment would not unfairly or unduly prejudice the asbestos property damage claimants. Claimants have been aware of their burden to prove product identification and Debtors' product identification objections to their claims for months, as evidenced by their December 21, 2006 submittal of expert product identification reports in support of their claims. Specifically, for each of the Speights & Runyan Canadian claims at issue in the Speights Motion, claimants identified expert reports by Dr. Pinchin in their Designation of Expert Reports Relating to Product Identification on Behalf of Certain Asbestos Property Damage Claimants. *See* Exhibit A hereto. Not only was there no prejudice, but

- 6 -

claimants own expert designations demonstrate that they were aware their claims would be part of the product identification adjudication.

25.     Mr. Speights further made clear at the April 9, 2007 status conference that claimants would rely upon these Dr. Pinchin reports for product identification on the Canadian claims at issue:

> Mr. Speights:  Well I got my -- in Canada, they know I'm calling Dr. Pinchin to the stand.  And, he's going to say it's their product and the issue is the same about, Dr. Pinchin identified it.  And, I would rather him explain why he says he can, you know, look, taste, and smell [Debtors' product].

Transcript of April 9, 2007 Hearing at 234 (Docket No. 15229).

26.     Finally, to the extent claimants contend that written discovery is necessary, Debtors are prepared to respond on an expedited basis to the type of written product identification discovery previously propounded by the Speights & Runyan firm.  There accordingly is no prejudice to the claimants in allowing Debtors to amend their product identification objections to Speights & Runyan's claims at this time.

27.     In addition, some of the claims at issue were amended to reflect new information as late as December 1, 2006.[1]  Despite the fact that claimants were required to submit all supporting documentation with their claim forms on March 31, 2003, numerous claimants have filed multiple supplementations to their claims over the course of the last three years.  Fundamental fairness dictates that Debtors be given the opportunity to assert appropriate defenses to these ever evolving claims - particularly such threshold defenses as product identification which are pivotal to claimants' asserted entitlement to recover funds in these Chapter 11 cases.

---

[1]     Specifically, Speights & Runyan supplemented claim numbers 11323, 12430, 12490, 12493, and 12527 on December 1, 2006.

28.    The Speights Motion does not even attempt to show any prejudice but purports to reserve the right to do so in subsequent briefing. Speights & Runyan has known of Debtors' intention to file amended objections on product identification grounds since at least April 25. Speights & Runyan's inability to articulate any prejudice in the intervening two weeks is telling. There simply is no prejudice here.

29.    With respect to the statute of repose objections, claimants cannot possibly claim prejudice. Not only did Debtors' Fifteenth Omnibus Objection address all Canadian limitations periods, but Debtors reiterated those objections on three separate occasions, and the parties actively litigated those issues in discovery.

30.    First, in Debtors' Preliminary Witness Disclosure For Adjudication of Product Identification, Limitations Periods and the Libby Claim Issues (Docket No. 13589) filed on November 6, 2006, Debtors identified as one of their experts witnesses, Mr. Graeme Mew, an expert on the Canada law of limitations and advised claimants that Mr. Mew would testify:

> [A]s an expert witness on Canadian limitations periods and their application to asbestos property damage claims. He will discuss the limitations periods, including but not limited to the "ultimate" limitations periods . . . .

Second, in Debtor's Final Witness Disclosure for Adjudication of Product Identification, Limitations Periods and the Libby Claim Issues (Docket No. 14852) filed on March 13, 2007, Debtors again identified Mr. Mew as an expert that would testify on Canadian limitations periods, including "ultimate" limitations periods. Third, on December 21, 2006, Debtors filed the expert report of Mr. Mew. That expert report (which is Docket No. 14136 and also attached to Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) Time-Barred Canadian Asbestos Property Damage Claims (Docket No. 14597) as Exhibit A) set forth in detail the application of the ultimate limitations period to the Speights & Runyan claims at issue.

31.     Canada's ultimate limitations period runs from the date of installation. That date is not in dispute and is based predominately on admissions contained in claimants' claim forms.  No additional discovery is necessary on this point.  In fact, any discovery related to Canada's ultimate limitations period has already been taken.  On March 15, 2007, Mr. Speights had the opportunity to depose Mr. Mew for a full day and questioned him extensively on his opinions concerning the ultimate limitations period and its application to the Speights & Runyan claims.

32.     In short, objections based on Canadian limitations periods were properly made and discovery has already been conducted.  The Speights Motion is no more than a desperate attempt to avoid the clear application of Canadian law to the undisputed facts on the Canadian time-barred claims by resort to hyper-technical pleading issues.  This Court of equity should not permit such an unjust result.

## CONCLUSION

33.     For the foregoing reasons, Debtors request that the Court enter the attached Order allowing them leave to supplement their objections and accepting Debtors' Updated Objections to Certain Speights & Runyan Asbestos Property Damage Claims (Docket No. 15445) *nunc pro tunc*.

<div style="margin-left:50%">

REED SMITH LLP
James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
Traci S. Rea
435 Sixth Avenue
Pittsburgh, PA   15219
(412) 288-3131

and

</div>

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Janet S. Baer
Samuel Blatnick
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

    and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
Co-Counsel for the Debtors and
Debtors in Possession