# EXHIBIT A

[Settlement Agreement without Exhibit B containing the Settlement Amount]

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## SETTLEMENT AGREEMENT

This Agreement is made and entered into this 2nd day of ~~April~~ May, 2007 by and between Grace and the Claimants (as each is defined herein), acting by and through their respective undersigned counsel.

## DEFINITIONS

As used herein, the following terms shall have the meanings specified below:

a. "Bankruptcy" shall mean the jointly administered cases of Grace which, pursuant to chapter 11 of title 11 of the United States Code, are pending in the Court.

b. "Claimants" shall mean the asbestos property damage claimants identified on Exhibit A hereto, each of whom filed proofs of claim in this Bankruptcy, and each of their respective present, former and future directors, partners, managing directors, officers, employees, agents, representatives, insurers, administrators, parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns and all other Persons acting on their respective behalf or at their respective direction or control.

c. "Claimants' Counsel" shall mean Rotatori, Bender, Gragel, Stoper & Alexander Co., L.P.A..

d. "Claims" shall mean the asbestos property damage claims filed by the Claimants in this Bankruptcy and identified by the claim numbers listed in Exhibit A.

K&E 11680687.11

  e. "Court" shall mean the United States Bankruptcy Court for the District of Delaware.

  f. "Grace" shall mean W. R. Grace & Co., W. R. Grace & Co.-Conn., and all of their subsidiaries that are debtors in the Bankruptcy.

  g. "Parties" shall mean Grace and the Claimants.

  h. "Person" includes, without limitation, any individual, corporation, partnership, limited liability company, governmental authority, firm, association or other entity.

  i. "Settlement Amount" shall mean the amount set forth in <u>Exhibit B</u> hereto.

## **RECITALS**

WHEREAS, the Claimants have filed Claims in the Bankruptcy asserting Grace is liable for property damage allegedly caused by Grace asbestos containing product;

WHEREAS, Grace has denied and continues to deny all allegations of liability, wrongdoing, or violations of law or breaches of duty and has asserted and continues to assert that the Claims have no substance in fact or law and that Grace has meritorious defenses to the Claims;

WHEREAS, Grace has agreed to enter into this Agreement because it is in the best interest of its chapter 11 estates to avoid further expense, inconvenience and the distraction of expensive, burdensome and protracted litigation over the Claims' merit and value;

WHEREAS, the Claimants and Grace desire to settle and resolve the Claims and have engaged in productive settlement discussions directed towards that end; and

WHEREAS, Claimants and Claimants' Counsel have conducted discovery and investigations into the facts of the Claims and have concluded that a settlement with Grace in the amount and on the terms hereinafter set forth is fair, reasonable and adequate, and is in the best interests of the Claimants;

NOW, THEREFORE, the Parties enter into this Agreement.

## **TERMS AND CONDITIONS OF THE SETTLEMENT**

1. Pursuant to this Agreement the total Settlement Amount for the Claims shall be as set forth in <u>Exhibit B</u> hereto. The Settlement Amount represents a final liquidation of the Claims in total as a group. As of the date hereof, subject to the conditions set forth herein, the Settlement Amount is binding on the Parties for all purposes in the Bankruptcy (including, but not limited to (i) for the valuation and allowance of such Claims for purposes of voting on a plan of reorganization, and (ii) any distribution under a confirmed plan of reorganization) and shall constitute the allowed amount of the Claims as specified under section 502 of the Bankruptcy Code. For purposes of voting with respect to a proposed plan of reorganization, each Claimant shall be entitled to one vote and the amount of each Claimant's claim for voting purposes shall equal the Settlement Amount divided by the number of Claims settled herein. Any distribution made on the Claims under a confirmed plan shall be made based on the total Settlement Amount; that amount shall be distributed to Claimants' Counsel in total who shall then be responsible for distribution among the Claimants.

2. Grace agrees that all pending objections to the Claims shall be deemed inactive. Such agreement, however, is without prejudice, and Grace reserves the right to reassert any objections to the Claims, and the Claimants reserve the right to assert all defenses to such objections, in the event the Agreement is disapproved as outlined in Paragraph 11 herein or either of the Parties elects to terminate this Agreement as outlined in Paragraph 12 herein.

3. The terms of this Agreement shall remain confidential to the extent such confidentiality is approved by the Court. The Parties, however, are permitted to disclose the terms of this Agreement to counsel for Official Committees appointed in this Bankruptcy,

subject to the confidentiality agreements governing those Official Committees, and to Debtors' professionals, officers and employees as necessary.

4. The Claimants release all claims against Grace whether known or unknown, foreseen or unforeseen, liquidated, unliquidated, fixed, contingent, material or immaterial, disputed or undisputed, suspected or unsuspected, asserted or unasserted, direct or indirect, at law or in equity, that the Claimants now have or hereafter may have against Grace, and the Claimants understand and acknowledge the significance of such release and waiver and hereby assume full responsibility for any injuries, damages or losses the Claimants may incur.

## REPRESENTATIONS AND WARRANTIES

5. Claimants and Claimants' Counsel hereby represent and warrant that this Agreement is entered into in good faith, that no conflicts of interest exist on their part, and that in their opinion the Settlement Amount represents fair consideration for the Claims released herein.

6. The Claimants represent and warrant to Grace and acknowledge that they have entered into this Agreement only after first obtaining the legal and professional advice which they believe is appropriate and necessary and have determined, in their judgment, that the Claimants' best interests are served by entering into this Agreement. The Claimants represent and warrant that they have entered into this Agreement without relying on any statements, representations or inducements by Grace, or any of its agents, except as expressly set forth herein. The Claimants further represent and warrant that they have entered into this Agreement solely in reliance on their own knowledge and information as to the nature, extent and duration of the damages, injuries, losses, legal rights and claims which are asserted or could have been asserted in the Bankruptcy.

7. Claimants' Counsel represents and warrants that it has taken all actions and has secured the consents of all persons necessary to authorize the execution of this Agreement and

related documents and the performance of the acts necessary to fulfill the terms and conditions of this Agreement, and that it is fully authorized to enter into and execute this Agreement on behalf of the Parties.

8.  The Claimants represent and warrant to Grace and acknowledge that no Claimant has assigned or transferred any Claim it might have against Grace to any third party.

## NOTICE AND APPROVAL

9.  Unless requested otherwise by the Claimant, Grace shall not be required to seek approval of the settlement embodied in this Agreement any earlier than the earlier of (i) forty-five (45) days after completion of the "lack of hazard" hearing regarding the pending asbestos property damage claims; or (ii) when the Court issues a ruling regarding lack of hazard for the pending asbestos property damage claims.

## CONTRIBUTION AND INDEMNITY

10. Each Claimant agrees that it will indemnify Grace and hold it harmless from any asbestos-related property damage claim relating to or arising out of any building that is now the subject of any Claim or for which any Claimant could have asserted a Claim in the Bankruptcy, even if the Claimant transfers or conveys said building to any other Person.

## TERMINATION

11. If this Agreement is disapproved, in part or in whole, by the Court or by any appellate court, this Agreement shall be null and void and have no further force and effect and it and all negotiations and proceedings connected therewith shall be without prejudice to the rights of Grace and the Claimants.

12. In the event that either: (i) the chapter 11 plan of reorganization ultimately confirmed in the Bankruptcy does not provide Claimants a distribution on their claim equal to 100% of the Settlement Amount; or (ii) the Bankruptcy is converted to a case under Chapter 7 of

the Bankruptcy Code, the Claimants may void this Agreement and reassert their Claims as presently filed as if this Agreement had never been entered into. In the event that the chapter 11 plan of reorganization ultimately confirmed in this Bankruptcy is confirmed over the objection of the Debtors to confirmation of such plan in its entirety, Grace may void this Agreement. If the Claimants or Grace void this Agreement, Grace or any successor Trustee may assert any claims or defenses it has under applicable law as if this Agreement was never entered into, including, but not limited to, reviving any objections to the Claims.

## MISCELLANEOUS

13. Except to the extent governed by bankruptcy law, this Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by the laws of the State of Delaware regardless of the domicile of any party, and will be deemed for such purposes to have been made, executed, and performed in the State of Delaware. The parties hereto agree that any disputes, controversies, or claims arising out of this Agreement, including but not limited to, the interpretation and/or enforcement thereof, shall be determined exclusively by the Court. This Agreement shall be construed as if the Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any one Party.

14. Each of the Claimants identified on Exhibit A hereto, through the attorney representing and executing this Agreement on behalf of such Claimants, represents that each of the Claimants understands and agrees that this is a full, final, and complete release solely with respect to the matters released herein and that this Agreement may be pled as an absolute and final bar to any suit or suits pending or which may hereinafter be filed or prosecuted by any one or more of the Claimants or anyone claiming, by, through or under any one or more of the Claimants in respect of any of the matters released hereby, and that no recovery on account of the matters released herein may hereafter be had by any of the Claimants included herein; and

6

that the consideration given for this Agreement is not an admission of liability by Grace and none of the Claimants or those claiming by, through or under any of them, will ever claim that it is.

15. All Parties to this Agreement agree to cooperate with one another in seeking the Court's approval hereof and to use their best efforts to effect consummation of this Agreement and the settlement provided for herein.

## USE OF THIS AGREEMENT

16. The Parties agree to seek entry of a Court order that this Agreement, the settlement provided for herein (whether or not consummated), and any actions taken pursuant to this Agreement shall not be construed, offered or received by anyone for any purpose whatsoever, including, but not limited to:

   a. an estimation proceeding under section 502(c) of the Bankruptcy Code,

   b. as, or deemed to be, evidence of a presumption, concession or an admission by Grace of the truth of any fact alleged or the validity or value of any of the Claims or any other claims asserted against Grace or of the deficiency of any defense which has or could have been asserted to the Claims, or of any liability, fault, or wrongdoing on the part of Grace with respect to the Claims or any other claims asserted against Grace (other than in such proceedings as may be necessary to effectuate the provisions of this Agreement), or

   c. as any admission by Grace that its products are to be found or have been identified as present in any of the Claimants' buildings or other facilities.

## BINDING EFFECT

17. This Agreement supersedes all prior agreements or understandings, written or oral, among Grace and the Claimants relating to the Claims, and incorporates the Parties' entire understanding of this transaction. This Agreement may be amended or supplemented only by a

written instrument signed by the Party against whom the amendment or supplement is sought to be enforced.

18. The Parties acknowledge that there is no adequate remedy at law for breach of this Agreement and that this Agreement is specifically enforceable. In the event of a breach of this Agreement, the sole and exclusive remedy of Grace and the Claimants shall be to enforce the terms hereof and in no event shall any breach revive any Claims released pursuant to this Agreement.

19. The Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

20. This Agreement shall be binding upon and inure to the benefit of each of the Parties.

21. Grace's execution of this Agreement is subject to Court approval of this Agreement.

| CLAIMANT | W. R. GRACE & CO., et al., |
|---|---|
| Building Laborers Local Union No. 310 | |

By its counsel: _Susan L. Grager_ _[signature]_
Susan L. Grager
Romuri Benden
Grager, Stoper & Alexander
Co LPA

_[signature]_
Vice President and General Counsel

## EXHIBIT A: CLAIMANTS AND CLAIM NUMBERS

### Building Laborers Union Local 310—Claim 2785