IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 15390** |
| | ) | **5/21/07 Agenda Item No. 9** |

**DEBTORS' OBJECTION TO THE STATE OF MONTANA'S MOTION
FOR RECONSIDERATION OF COURT'S OPINION AND ORDER
DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The Court has issued a well reasoned and thorough opinion[1] denying Montana's

extraordinary request to lift the Debtors' automatic stay so it can join the Debtors in asbestos

personal injury cases in the State of Montana.[2]   Montana now asks this Court to reconsider that

decision[3] but has asserted no basis for such a reconsideration.

In order to sustain a motion for reconsideration (to alter and amend), a party must prove

one of three possible grounds.   Montana has failed to assert, let alone satisfy, any of these

grounds for reconsideration.   Instead, Montana claims that the Order should be set aside because

Montana was promised, or there is a requirement for, a hearing on its Lift Stay Motion.   These

assertions by Montana are misguided and do not constitute cause for reconsideration of the

Order.   This Court, based on a full record and after careful consideration, had the authority to,

and correctly denied the Lift Stay Motion.   Montana has asserted no appropriate basis to

reconsider that Order.

---

1    Order Denying Motion of the State of Montana for Relief from the Automatic Stay (Docket No. 15198) and
     corresponding Memorandum Opinion (Docket No. 15197) (collectively referred herein as the "Order").
2    Motion for Relief from Stay (Docket No. 8582) (the "Lift Stay Motion").
3    Motion to Reconsider of Court's Opinion and Order Denying Motion of the State of Montana for Relief From
     the Automatic Stay Entered April 16, 2007 (Docket No. 15390) (the "Reconsideration Motion").

## ARGUMENT

I.  **Montana Ignores the Applicable Legal Standards and Has Failed to Demonstrate the Requirements for Reconsideration of the Order.**

1.      Montana requests reconsideration of the Order under Federal Rule 59(e), incorporated into these proceedings pursuant to Bankruptcy Rule 9023. Montana, however, fails to discuss the applicable Third Circuit law regarding the standard under Rule 59(e) which Montana must meet.

2.      Under controlling Third Circuit law, in order to sustain a motion for reconsideration (to alter and amend), Montana must prove that: "(1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice." See eSpeed, Inc. v. Brokertec USA, L.L.C., 2005 WL 83471, at *1 (D. Del. Jan 11, 2005) (citing Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Seawright v. Carroll, 2004 WL 396310, at *1 (D. Del. Mar. 2, 2004).

3.      Rule 59(e) has the narrow purpose of correcting manifest errors of law or fact, or of considering the impact of new evidence unavailable in prior proceedings. See Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). A "[c]ourt's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N. D. Ill. 1988). As such, the reconsideration of a previous order is an extraordinary remedy which is to be granted only "sparingly" and not to be granted absent "highly unusual circumstances." Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991), aff'd sub nom. U.S. v. Carper, 22 F.3d 303 (3d Cir. 1994); McDowell v. Calderon, 197

2

F.3d 1253, 1255 (9th Cir. 1999); Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680,

685 (M.D. Fla. 1996). Montana's Reconsideration Motion does not meet the narrow purpose for

which Rule 59(e) was designed, nor does it present a good case for the use of an extraordinary

remedy.[4]

       4.     Montana's Reconsideration Motion is not predicated upon any of the three

grounds for relief: Montana has not identified an intervening change in the controlling law; it has

not argued that there is new evidence which was unavailable at the time of judgment; nor has it

cited any legal or factual error and a need to correct a manifest injustice. Thus, Montana cannot

be entitled to reconsideration.

## II.     The Court Properly Denied Montana's Request for Relief from the Automatic Stay.

       5.     Montana argues that the Order should be reconsidered in light of the record and

this Court's January 17, 2006 order which discusses the Lift Stay Motion.[5]  It is apparent from

the Order however, that this Court considered all of the pleadings filed and the merits of the

arguments made. To the extent that Montana is simply asking for this Court to consider again

that which it has already considered, the Reconsideration Motion should clearly be denied.

       6.     The Third Circuit has held that the purpose of the automatic stay is to:

> prevent certain creditors from gaining a preference for their claims against the
> debtor; to forestall the depletion of the debtors' assets due to legal costs in
> defending proceedings against it; and, in general, to avoid interference with the
> orderly liquidation or rehabilitation of the debtor.

---

[4]  Montana repeatedly cites a Fifth Circuit case, Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350 (5th Cir. 1993), in its discussion of the applicable legal standard for Rule 59(e) motions. However, Montana's citations to this case are flawed and incomplete. Montana cites to this case for the proposition that "a court enjoys considerable discretion in granting or denying [a Rule 59(e)] motion." Reconsideration Motion at 5. But Montana conveniently fails to include the limiting language stated immediately after: "However, its discretion is not without limit." Bohlin v. Banning, 6 F.3d at 355. Further, the Fifth Circuit does not state that a court "should seek to balance the interest[s]", Reconsideration Motion at 5, but rather that the "Court must strike the proper balance between two competing imperatives." Bohlin v. Banning, 6 F.3d at 355.

[5]  Modified Order Regarding Debtors' Motion to Expand its Preliminary Injunction to Include Actions Against the State of Montana (Adversary No. A-01-771, Docket No. 376) (the "2006 Order").

Borman v. Raymark Indus., Inc., 946 F.2d 1031, 1036 (3d Cir. 1991) (quoting Assocs. of St.
Croix Condo. Owners v. St. Croix Hotel Corp, 682 F.2d 446, 448 (3d Cir. 1982)); Izarelli v.
Rexene Prods. Co. (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).

7.      This Court reviewed the Lift Stay Motion and the relevant objections filed by the
Debtors and every single creditors committee in these cases[6] and agreed that the requested relief
would be prejudicial to the Debtors and their efforts at reorganization.  This Court noted that "[i]t
is undisputed that Debtors filed bankruptcy in order address in a single forum and under uniform
rules the thousands of asbestos claims it faced [and] [a]llowing the State of Montana to join
Debtors as a defendant in suits that allege violation of the State's independent duty to its citizens
and thus avoid the automatic stay circumvents this purpose . . . ."  Order at 5.

8.      Specifically, the Court found the Debtors' arguments against relief from the
automatic stay compelling and persuasive:  (a) substantial prejudice would be incurred by the
Debtors if the automatic stay were lifted, (b) the balance of hardships weighs significantly in
favor of the Debtors, and (c) Montana has demonstrated no likelihood of success on the merits.
Order at 5-7.  In this case, Montana is no different than any of the Debtors' other creditors
claiming injury or compensation based on asbestos.  In fact, as Montana is simply seeking
indemnification and contribution from the Debtors for potential liability to alleged personal
injury claimants, Montana's "need" to lift the stay is less compelling than most.

9.      As outlined in the Debtors' objection to the Lift Stay Motion, and as stated in this
Court's opinion denying the Lift Stay Motion, lifting the automatic stay would, *inter alia*,

---

[6]     Opposition of the Official Committee of Unsecured Creditors to the Motion of the State of Montana for Relief
from the Automatic Stay (Docket No. 8705); Objection of the Official Committee of Asbestos Property Damage
Claimants to the Motion of the State of Montana for Relief from the Automatic Stay (Docket No. 8707);
Debtors' Objection to the Motion of the State of Montana for Relief from the Automatic Stay (Docket No.
8707); and Joinder of the Official Committee of Asbestos Personal Injury Claimants to the Debtors' Objection
to the Motion of the State of Montana for Relief from the Automatic Stay (Docket No. 8747).

prejudice the Debtors by impairing their ability to successfully reorganize, divert the Debtors'
and other key parties' attention and efforts away from the Debtors' reorganizational efforts, force
the Debtors to needlessly duplicate defense efforts outside of the Chapter 11 process,
unnecessarily deplete estate resources, defeat the very purpose why the Debtors filed these
chapter 11 cases in the first instance, and create the risk that the outcomes reached in the
Montana state court actions could significantly differ from treatment of similar claims in the
chapter 11 cases. Order at 5-7.

10.    In the Order denying the Lift Stay Motion, the Court noted that Montana "bears
the heavy and possibly insurmountable burden of proving that the balance of hardships tips
significantly in favor of granting relief," Computerware, Inc. v. Micro Design, Inc. (In re Micro
Design, Inc.), 120 B.R. 363, 369 (E.D. Pa. 1990), and found that Montana "presented no
compelling evidence of that fact . . . ." Order at 7.  Further, the Court agreed with the Debtors
that "the state court claims are in [no] way unique, or that, if proven, Debtors' liability to
[Montana], if any, will [not] be distinguishable from liability for any of the other hundreds of
thousands of asbestos claims asserted against Debtors." Id.

## III.    Montana's Alleged Reason for Reconsideration is Not An Appropriate Ground For Such Request.

11.    Montana's Reconsideration Motion is predicated on its misguided belief that it
was promised, or there is a requirement for, a hearing on its Lift Stay Motion. These assertions
are fallacious.

**A.     This Court Did Not Promise A Hearing on the Lift Stay Motion.**

12.     On June 9, 2005, Montana filed its Lift Stay Motion.  Thereafter, on August 22, 2005, the Debtors filed the Injunction Motion[7] to expand the preliminary injunction to include Montana and halt the same state court actions that were the impetus for the Lift Stay Motion. The parties agreed that it was prudent to hear the Debtors' Injunction Motion first because if the relief was granted, Montana's Lift Stay Motion would be mooted.  The Debtors' Injunction Motion was heard at the December 2005 hearing.  This Court took the matter under advisement and, in January 2006, issued the 2006 Order.

13.     The 2006 Order provides that "in the event the Court denies the relief requested in the Injunction Motion and the Motion to Amend [the Complaint], the Lift Stay Motion shall be set for hearing at the next Omnibus Hearing after the entry of the Order denying the Injunction Motion and the Motion to Amend."  2006 Order at 2.

14.     The language in the 2006 Order discussing the placement of Montana's Lift Stay Motion on the agenda was merely instructive to the Debtors.  That is, if the Court denied the Injunction Motion (and did not rule on Montana's Lift Stay Motion), the language in the 2006 Order instructed the Debtors to put Montana's Lift Stay Motion on the agenda for the following omnibus hearing.  But, since this Court entered orders on both motions, there is no need for the Debtors to put the Lift Stay Motion on the agenda, and the particular language quoted by Montana from the 2006 Order does not apply.  Contrary to Montana's assertion -- and their sole justification for this Reconsideration Motion -- the 2006 Order did not preserve Montana's right to have a hearing on its Lift Stay Motion.

---

[7]    Debtors' Motion to Expand Their Preliminary Injunction to Include Actions Against the State of Montana (Docket No. 359) (the "Injunction Motion").

15.     Montana's request for reconsideration and a hearing, is merely an attempt to take a second bite at the apple and "constitute[s] an abuse of the Rule 59(e) motion which the Court [should not] condone". <u>Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)</u>, 201 B.R. 1014, 1017 (Bankr. N.D. Ga. 1996). A motion for reconsideration "is not a vehicle for rehashing arguments previously made or for refuting the court's prior ruling." <u>In re Grand Builders, Inc.</u>, 122 B.R. 673, 675-76 (Bankr. W.D. Pa. 1990).

16.     Montana admits in its Reconsideration Motion that it wants "the opportunity to establish the prejudice that it would suffer if it is unable [to] assert third party claims in the State Court Actions." Reconsideration Motion at 6. As described above, one of the three factors that Delaware courts consider in balancing the competing interests of the parties in lifting the automatic stay is "the balance of the hardships facing the parties." <u>Am. Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)</u>, 152 B.R. 420, 424 (D. Del. 1993).

17.     In its Lift Stay Motion, Montana asserted that the balance of the hardships favors Montana. However, in their objection, the Debtors argued that Montana is not harmed by the prosecution of the state court actions because it has filed a proof of claim in the Debtors' chapter 11 cases. This Court agreed with the Debtors when it stated "[t]he State of Montana has filed the State Proof of Claim in this bankruptcy case and, therefore, its indemnification/contribution claims are preserved . . . ." Order at 7. Montana should not now be given another opportunity to attempt to establish the prejudice that it would suffer; it had the opportunity to do so in its Lift Stay Motion and the Court has ruled that it has "presented no compelling evidence that the balance of hardships is in its favor." Order at 7.

18.     Montana also claims that there was an "acknowledged need" for Montana's discovery of the Debtors. Reconsideration Motion at 6. In its Reconsideration Motion, Montana

acknowledges that it wants to "test the allegations that the Debtors' representatives . . . are integrally involved in the estimation and/or confirmation process and how their involvement would affect the reorganization process." Reconsideration Motion at 6. Neither the 2006 Order, nor the discussions at the December 2005 hearing promised Montana that it would have the opportunity to conduct discovery against the Debtors prior to the Court's ruling on the Lift Stay Motion. Montana did request "an expedited discovery schedule with respect to the motion for relief," but that request was never granted. Tr. of Hr'g at 186-87 (Dec. 19, 2005).

**B.    The Bankruptcy Code Does Not Require a Hearing for Denial of the Lift Stay Motion.**

19.    Section 362(d) provides that on request of a party in interest, after notice and a hearing, a Bankruptcy Court may grant relief from the automatic stay. 11 U.S.C. § 362(d). In this instance, the Court, after thorough consideration of significant briefing, denied the Lift Stay Motion. Section 362(d) does not require the Bankruptcy Court hold a hearing in every instance in which a creditor seeks relief from the automatic stay. The words "after notice and a hearing" contained in section 362(d) are a bankruptcy term of art which do not always require an actual hearing to occur. See 11 U.S.C. § 102(1)(A) (The Bankruptcy Code defines "after notice and a hearing" as "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."); see also In re Sullivan Ford Sales, 2 B.R. 350, 354 (Bankr. D. Me. 1980) ("There was complete awareness on the part of the principal congressional architect of the Code that 'after notice and a hearing' did not contemplate a hearing in every instance. Indeed, that result was fully intended."). The words "after notice and a hearing" have a different meaning than the phrase 'the court shall hold a hearing,' which appears elsewhere in the Bankruptcy Code." See, e.g., 11 U.S.C. §§ 524(d), 1128(a), 1324.

8

20.    "The concept of 'notice and a hearing' is a flexible one [and the] bankruptcy judge has discretion in determining if the circumstances satisfy the notice and hearing requirement." In re Cabral, 285 B.R. 563, 575-76 (B.A.P. 1st Cir. 2002); see In re Harnischfeger Indus., Inc., 316 B.R. 616, 620-21 (D. Del. 2003).  Given this flexible definition of "after notice and a hearing," courts have refused to construe this provision to require a hearing in every case in which relief is sought from an automatic stay.  See River Hills Assocs., Ltd. v. River Hills Apartments Fund (In re River Hills Apartments Fund), 813 F.2d 702, 706 (5th Cir. 1987); see also John Deere Co. v. Kozak Farms, Inc. (In re Kozak Farms, Inc.), 47 B.R. 399, 402 -03 (D. Mo. 1985).

21.    The record in this case reveals no reason why a hearing on the Lift Stay Motion was either necessary or appropriate in the particular circumstances.  It is clear from the Court's complete and careful opinion, that the Court fully understood and considered all of the pleadings and arguments made therein.  And, based thereon, the Court found that Montana did not establish "cause" as required by section 362(d)(1) of the Bankruptcy Code to lift the stay.  Order at 3.

22.    Further, this Court is empowered to grant an order denying the relief sought in the Lift Stay Motion with or without a hearing pursuant to section 105 of the Bankruptcy Code. Section 105(a) provides that, "the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  As stated in the Debtors' objection to Montana's Lift Stay Motion, "[t]he automatic stay is one of the most fundamental protection provided to a debtor under the Bankruptcy Code."  See Midatlantic Nat. Bank v. New Jersey Dept. of Envt'l Protection, 474 U.S. 494, 503 (1986).

23.    As there was no requirement for a hearing on the Lift Stay Motion, the Court was permitted to rule on the submission of papers and it did.  Further, there is no need to grant a

motion for reconsideration if it would not alter this Court's initial decision.  See Pirelli Cable Corp. v. Ciena Corp., 988 F. Supp. 424, 445 (D. Del. 1997).  It is clear from this Court's Order, that it has considered the merits of the Lift Stay Motion and has decided that Montana did not carry its burden to justify lifting the automatic stay.

**IV.    Montana's Threat To Blatantly Violate the Automatic Stay Also Justifies Denial of its Reconsideration Motion.**

24.    To the Debtors' disbelief, Montana asserts in its Reconsideration Motion that if the Court denies both reconsideration of Montana's Lift Stay Motion and the Debtors' Injunction Motion, Montana will ignore this Court's rulings, ignore the purview of the automatic stay, ignore bankruptcy laws and "seek authority in the State Court Actions for adding Debtor to any verdict form in the State Court Actions so that the trier of fact may apportion liability, if any, between Debtor and Montana."  Reconsideration Motion at footnote 4 (emphasis added).  Such actions by Montana would be an intentional, egregious and blatant violation of the automatic stay exposing Montana to compensatory damages, punitive damages and attorney's fees and costs.  See 11 U.S.C. §§ 362(a), 362(h), 362(k).  The threat of such insolence and blatant disregard and contempt for this Court should be cause enough for denial of the Reconsideration Motion.

WHEREFORE, the Debtors respectfully request that this Court deny Montana's Reconsideration Motion.

Dated: May 14, 2007

> KIRKLAND & ELLIS LLP
> David M. Bernick, P.C.
> Janet S. Baer
> Lori Sinanyan
> Andrea L. Johnson
> 200 East Randolph Drive
> Chicago, IL  60601
> (312) 861-2000
>
> and
>
> PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
> WEINTRAUB LLP
>
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> Timothy P. Cairns (Bar No. 4228)
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE  19899-8705
> (302) 652-4100
>
> Co-Counsel for the Debtors and Debtors in Possession