# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |

## JOINT MOTION OF THE DEBTORS' AND THE CLAIMS RESOLUTION MANAGEMENT CORPORATION FOR ENTRY OF PROTECTIVE ORDER

The Debtors, together with the Claims Resolution Management Corporation ("CRMC"), respectfully request that this Court enter the attached protective order ("Protective Order") agreed upon by W.R. Grace & Co. and subpoena recipient CRMC. The Protective Order limits the use of the documents and electronic datasets that will be produced by the CRMC pursuant to Grace's February 1, 2007 subpoena to use by the parties to the asbestos personal injury estimation proceeding, their counsel, consultants and experts in connection with the above-captioned bankruptcy case (collectively, the "Parties").

### Background

1. On February 1, 2007, the Clerk of the United States District Court for the Eastern District of Virginia issued a subpoena pursuant to Federal Rule of Civil Procedure 45 that was served upon CRMC, the claims processing agent for the Manville Personal Injury Settlement Trust ("Manville Trust"), on February 2, 2007. The subpoena sought from CRMC both the production of documents, materials and items that are relevant to the bankruptcy and the deposition of a corporate designee witness (or witnesses) pursuant to Federal Rule of Civil Procedure 30(b)(6). *See* 2/1/07 Subpoena (attached as Ex. A).

2.      No formal objections or motions to quash have been filed with any court regarding the subpoena. An informal objection raised by the law firm of Baron & Budd concerning the scope of Document Request Number 1 was resolved by agreement of the parties. *See* 2/14/07 and 2/16/07 e-mails from A. Rich (collectively attached as Ex. B).[1]

### Basis for Relief

3.      CRMC is required to comply with discovery requests in litigation between asbestos plaintiffs and defendants via its 2002 Trust Distribution Process (the "Manville 2002 TDP"). The subpoena issued by Grace falls within the scope of the Manville 2002 TDP.

4.      CRMC asserts that the comprehensive, electronic datasets that the Manville Trust (and its subsidiary, CRMC) maintain are of significant proprietary value to CRMC and the Manville Trust. CRMC further represents that it licenses use of these electronic datasets in return for substantial licensing fees and royalties, and that the proceeds of these fees and royalties are used to defray the costs of processing asbestos claims, so that more of the Manville Trust's limited assets can be directed to the benefit of the Trust's beneficiaries. Per CRMC, the datasets have licensing value because they contain the most comprehensive set of information collected regarding asbestos personal injury claims, and because the detailed information in the datasets is not otherwise readily available.

---

[1] As drafted, subpoena request number one sought information concerning persons who made claims against the Manville Trust regardless of whether the person had made a claim against Grace. Through negotiation with CRMC, Grace has agreed to limit the scope of its request number one to Grace claimants only. This agreement fully resolves Baron and Budd's objection. *See* Ex. B.

5.  Federal Rule of Civil Procedure 45(c)(3)(B) provides that if a subpoena seeks "disclosure of a trade secret or other confidential research, development, or commercial information," the Court may "order ... production only upon specified conditions."

6.  Accordingly, Grace and CRMC agree that a Protective Order in the form attached hereto is appropriate and that this Protective Order will sufficiently protect the confidential and proprietary information contained in the electronic datasets maintained by CRMC and subject to production pursuant to the subpoena. The Protective Order will bind all Parties to the asbestos personal injury estimation, their counsel, consultants and experts.

## Conclusion

For the above referenced reasons, Grace hereby respectfully requests that the Stipulation and Protective Order attached to this motion and submitted by Grace and CRMC be entered in order to facilitate CRMC's non-party subpoena production and to protect CRMC's confidential and proprietary information.

Wilmington, Delaware  
Dated: May 15, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP  
David M. Bernick, P.C.  
Janet S. Baer  
Ellen Therese Ahern  
Salvatore F. Bianca  
200 East Randolph Drive  
Chicago, Illinois 60601  
(312) 861-2000

KIRKLAND & ELLIS LLP  
Barbara M. Harding  
David Mendelson  
Amanda C. Basta  
Brian T. Stansbury  
655 Fifteenth Street, NW  
Washington, D.C. 20005  
Telephone: (202) 879-5000  
Facsimile: (202) 879-5200

*and*

DOCS_DE.127459.3

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*James E O'Neill* (signature)

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

CLAIMS RESOLUTION MANAGEMENT
CORPORATION

    /s/ Joanne R. Marvin
Joanne R. Marvin (Virginia Bar No. 66450)
General Counsel
Claims Resolution Management Corporation
3110 Fairview Park Drive
Suite 200
Falls Church, VA  22042-0683