UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                    .    Case No. 01-01139(JKF)
                          .
                          .
W.R. GRACE & CO., at al.,.    USX Tower - 54th Floor
                          .    600 Grant Street
                          .    Pittsburgh, PA 15219
                          .
          Debtors.        .    May 9, 2007
. . . . . . . . . . . . ..    3:35 p.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:          Reed Smith, LLP
                          By:  DOUGLAS E. CAMERON, ESQ.
                               TRACI S. REA, ESQ.
                          435 Sixth Avenue
                          Pittsburgh, PA 15219

For Asbestos Property     Speights & Runyan
Damage Claimants:         By:  DANIEL A. SPEIGHTS, ESQ.
                          200 Jackson Avenue East
                          Hampton, SC 29924

TELEPHONIC APPEARANCES:

For the Debtors:          Pachulski, Stang, Ziehl, Young,
                            Jones & Weintraub, P.C.
                          By:  JAMES E. O'NEILL, ESQ.
                          919 Market Street, 16th Floor
                          P.O. Box 8705
                          Wilmington, DE 19899


Audio Operator:           Janet Heller

Proceedings recorded by electronic sound recording, transcript
                produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311    Fax No. (609) 587-3599**

TELEPHONIC APPEARANCES CONTINUED:

For London Market          Mendes & Mount, LLP
Companies:                 By:  ALEXANDER MUELLER, ESQ.
                           750 Seventh Avenue
                           New York, NY 10019-6829

For Shareholder for        Tocqueveille Asset Management
W.R. Grace:                By:  PETER SHAWN

For Official Committee     Duane Morris, LLP
of Unsecured Creditors:    By:  MICHAEL LASTOWSKI, ESQ.
                           1100 North Market St., Suite 1200
                           Wilmington, DE 19801

For Asbestos Property      Speights & Runyan
Damage Claimants:          By:  MARION C. FAIREY, JR., ESQ.
                           200 Jackson Avenue East
                           Hampton, SC 29924

For Official Committee     Dies & Hile, LLP
of Asbestos Property       By:  MARTIN DIES, ESQ.
Damage Claimants:          1601 Rio Grande St.
                           Austin, TX 78701

For the Debtors:           Kirkland & Ellis, LLP
                           By:  JANET S. BAER, ESQ.
                                SAM BLATNICK, ESQ.
                                LISA G. ESAYIAN, ESQ.
                           200 East Randolph Drive
                           Chicago, IL 60601

For David T. Austern,      Phillips, Goldman & Spence, P.A.
Future Claimants           By:  JOHN C. PHILLIPS, JR., ESQ.
Representatives:           1200 North Broom Street
                           Wilmington, DE 19806

For Official Committee     Stroock & Stroock & Lavan, LLP
of Unsecured Creditors:    By:  ARLENE G. KRIEGER, ESQ.
                           180 Maiden Lane
                           New York, NY 10038

For Ad Hoc Committee       Weil, Gotshal & Manges, LLP
of Equity Secured          By:  M. JARRAD WRIGHT, ESQ.
Creditors:                      DAVID A. HICKERSON, ESQ.
                           1300 Eye Street, NW, Suite 900
                           Washington DC 20005

**J&J COURT TRANSCRIBERS, INC.**

TELEPHONIC APPEARANCES CONTINUED:

For Fireman's Fund          Stevens & Lee
Insurance Company:          By:  DAVID R. BEANE, ESQ.
                            111 North Sixth Street, P.O. Box 679
                            Reading, PA 19603


For Official Committee      Bilzin, Sumberg, Baena, Price &
of Asbestos Property          Axelrod, LLP
Damage Claimants:           By:  MATTHEW I. KRAMER, ESQ.
                                 JAY M. SAKALO, ESQ.
                            Wachovia Financial Center
                            200 South Biscayne Blvd., Suite 2500
                            Miami, FL 33131


For the Official            LECG
Committee of Asbestos       By:  SEAN WALSH, ESQ.
Property Damage
Claimants:


For Official Committee      Ferry, Joseph & Pearce, P.A.
of Asbestos Property        By:  THEODORE J. TACCONELLI, ESQ.
Damage Claimants:           824 Market Street, Suite 904
                            P.O. Box 1351
                            Wilmington, DE 19899


For Kenneth Thomas:         KENNETH THOMAS


For David T. Austern,       Orrick, Herrington & Sutcliffe, LLP
Future Claimants            By:  DEBRA FELDER, ESQ.
Representative:             Washington Harbour
                            3050 K Street, N.W.
                            Washington, NJ 20007


For the Debtors:            Pachulski, Stang, Ziehl, Young,
                              Jones & Weintraub, P.C.
                            By:  TIMOTHY P. CAIRNS, ESQ.
                            919 Market Street, 16th Floor
                            P.O. Box 8705
                            Wilmington, DE 19899


For the Asbestos            Campbell & Levine, LLC
Personal Injury             By:  MARK T. HURFORD, ESQ.
Committee:                   800 N. King Street, Suite 300
                            Wilmington, DE 19801


**J&J COURT TRANSCRIBERS, INC.**

TELEPHONIC APPEARANCES CONTINUED:

ALSO:

For the Debtors:          Kirkland & Ellis, LLP
                          By:  BARBARA M. HARDING, ESQ.
                          655 Fifteenth Street, N.W.
                          Washington, DC 20005-5793

                          RICHARD LEVY

                          DANIEL CHANDRA

                          Murray Capital Management
                          By:  MARTI P. MURRAY
                          680 Fifth Avenue, 26 Floor
                          New York, NY 10019-5429

                          GARY VOIGHT

For the Debtors:          Kirkland & Ellis, LLP
                          By:  THEODORE L. FREEDMAN, ESQ.
                          CitiGroup Center
                          153 East 53rd Street

1          THE COURT:  Good afternoon.  This is the matter of

2     W.R. Grace, bankruptcy number 01-1139.  This is the time set

3     for an argument concerning certain statute of limitations and

4     product identification matters involving Mr. Speights's

5     clients.

6          The participants I have listed by phone are James

7     O'Neill, Alex Mueller, Peter Shawn, Michael Lastowski, Barbara

8     Harding, Richard Levy, Daniel Chandra, Marti Murray, Marion

9     Fairey, Martin Dies, Janet Bayer, John Phillips, Gary Voight,

10    Sam Blatnick, Lisa Esayian, Theodore Freedman, Arlene Krieger,

11    David Hickerson, Jarrad Wright, David Beane, Sean Walsh,

12    Matthew Kramer, Jay Sakalow, Theodore Tacconelli, Kenneth

13    Thomas, Debra Felder, Timothy Cairns, Mark Hurford, and Walter

14    Sloca.

15          I'll take entries in court please.  Good afternoon.

16          MR. CAMERON:  Good afternoon, Your Honor.  Doug

17    Cameron and Traci Rea on behalf of the debtors.

18          MR. SPEIGHTS:  Dan Speights on behalf of the Speights

19    and Runyan claimants.

20          THE COURT:  Mr. Speights, I believe this is your

21    motion?

22          MR. SPEIGHTS:  Yes, Your Honor.  Thank you and good

23    afternoon again.  Your Honor, there's only one thing before the

24    Court today and that is my motion to strike the updated

25    objections of W.R. Grace in which I have argued in my motion

1 which was filed on Monday night that the updated objections

2 that were filed by Grace last week should be stricken for

3 several reasons and really process reasons because Grace had

4 failed to file a motion pursuant to Rule 15.

5         Grace had failed to meet other requirements of your

6 previous orders that Grace had to come forward and file a piece

7 of paper.

8         Well this morning, somewhere around 6:00 before I

9 left South Carolina, I checked the pacer and Grace filed

10 something last night, timely.  And what it filed was not a

11 response of what I would call a surrender or at least a

12 concession, Grace filed a piece of paper which said debtor's

13 motion for leave to amend their objections to certain property

14 damage claims.

15         So they have conceded the point which is in my motion

16 to strike that they simply do not have the right to amend their

17 objections whenever they want to.  It is incumbent upon them to

18 file a motion to amend and show cause.  And we can argue about

19 what burden they have.  I'm sure Grace and I will disagree over

20 the burden.

21         But at least that they have to come forward and

22 justify to Your Honor why they should be permitted to amend

23 their objections.

24         Your Honor, I say that's the end of the story today.

25 I'm going to talk a little more if I've come all the way to

1  Pittsburgh, I guess I'll have to justify it by, you know, five

2  more minutes or so.

3          But having seen what they filed last night, they have

4  responded to my motion to strike by saying, okay, we'll file a

5  motion to amend.  And they have filed a motion to amend in

6  which they want to file a host of objections.  I've counted --

7  and on this fast track I may be off a little bit on several

8  things -- I counted like 127 new objections that they want to

9  file.

10          Your Honor, I cannot say this more strongly, the

11  motion to amend is not before you today.  And I say that not

12  begging for another trip to Pittsburgh, but it simply is not

13  before you.  They filed it last night, technically I have not

14  been served, but that's okay.  I mean if I had been -- if I had

15  gotten my copy by fax rather than off the pacer this morning,

16  you know, I would still have the same piece of paper.  But I

17  have not had an opportunity to brief it, to research it, to go

18  into the issues.  For example, Your Honor, I've not looked at

19  even Wright and Miller (phonetic) on Rule 15, much less any

20  case law, much less any law in the third circuit, much less any

21  law of the bankruptcy court of Wilmington, Delaware

22  interpreting the rule, the local rule which interprets -- which

23  incorporates Rule 15 and talks about what the standard is, you

24  know what sort of standard do they have to meet?  I got the

25  motion this morning.

1            Neither have I examined what assertions there are and

2  decided whether I want to pursue the facts of what they say.

3  For example, when I researched the law on what they are trying

4  to do, suppose Wright and Miller and this is completely

5  hypothetical because I haven't looked at it, suppose Wright and

6  Miller says they have to show some cause or show justifiable

7  neglect or something else.

8            Then I would say what is in their brief that

9  justifies that?  Is this something -- these objections were

10 filed on September 1, 2005.  Okay.  How are they justifying

11 that factually?  And I would want to pursue that.

12           Additionally, Your Honor, it's technically not before

13 you today because -- and, again, I haven't had a chance to pull

14 out the books on Delta Airlines -- but Your Honor has case

15 management orders governing this proceeding.  When you file a

16 motion it's docketed, there are certain time periods involved

17 when people have to respond.

18           If you want to have an expedited hearing, you file a

19 motion for an expedited hearing and an expedited briefing

20 schedule, et cetera, et cetera.  None of that's been done with

21 respect to this motion.

22           And I think more fundamentally, Your Honor, than all

23 of this might be the fact that the debtors have served,

24 according to their certificate of service, or are in the

25 process of serving not only all of the other -- not only all

9

1 the official committees, but all the property damage claimants

2 involved in this objections proceeding before Your Honor, as

3 they should have.

4        But none of those claimants have received copies.

5 The PD committee may well want to respond.  And why?  Because

6 as I read the motion, on the airplane again, the debtors are

7 suggesting that they can simply amend complaints, still take

8 the position even though now it's a motion, they can make a

9 motion and amend it's same complaints, objections for little

10 cause at all.

11        And I believe that the property damage committee

12 would want to be heard on that concerning the history which led

13 us to this.  The representations were made when we did the 15

14 omnibus objections how we would wrap it all up in this process.

15        And I believe the other claimants involved in this

16 process may want to be heard about whether that's the standards

17 going to apply.  For example, if Ms. Kearse finishes with her

18 objections next week, that the debtor's got a right to file

19 additional objections the following week.  And if so, what is

20 the standard?

21        So, Your Honor, without trying to be technical, I do

22 rely on the rules in protection of my client's interests and I

23 do say to Your Honor while I thank the debtors for filing the

24 piece of paper that I've been asking them to file, I'm not

25 ready to respond to that piece of paper today and I want the

1 appropriate safeguards that are provided in your orders and the

2 rules.

3          Let me also add, Your Honor, that I think this is a

4 fair result.  I think I said in my brief Speights and Runyan

5 has not hidden the ball in this.  We filed responses to motions

6 for summary judgment on March 19 -- and I believe it's seven

7 weeks ago, seven weeks and a few days ago -- in which we raised

8 as the first argument I believe in each of the briefs the fact

9 that the debtors had not objected to a lot of these claims.

10          We put it right out there and the debtors have all

11 this time period to do that.  We were here, of course, before

12 the product ID trial I raised that with Mr. Restivo and we set

13 it aside.

14          And then I came on April 25th and told Your Honor

15 that they hadn't objected and I didn't think it was properly

16 teed up.  And then I was here last Wednesday -- it's like

17 Tuesdays with Morley (phonetic) and Wednesdays in Pittsburgh.

18 Last Wednesday I was here and saying, Your Honor, I got

19 something on the computer screen trying to figure it out, but I

20 thought -- or at least Your Honor said -- Your Honor thought

21 that they were going to file some motion to put this up front.

22          And so we haven't tried to hide the ball.  And I'm

23 glad they've done what they have now done.  By having done that

24 we do want to be heard on it at the appropriate time and argue

25 whether they are entitled to amend their objections at this

late date.

Your Honor, the only other thing I would say is, in a brief review, and I do not want to address the merits of what they are arguing.  The debtor's trying to say well it's no big deal because we may have known this and may already have been part of objections, et cetera, et cetera.

I would suggest to Your Honor that if the debtors really thought that these objections were already before the Court, they would not have needed to file the motion to amend. On the product ID objections they clearly did not object.

On the new ones that came in, and when I was here last Wednesday I didn't know they'd added bunches more, on the new ones that come in they say -- try to say well it's really no big deal because Mr. Speights has known, et cetera, et cetera.  That will await another day to argue that.

But the fact is, they want you to give them permission to amend their objections to add additional grounds. And, again, Your Honor, respectfully, we would like to come argue that on another day in Pittsburgh or in Wilmington.

THE COURT:  Mr. Cameron?

MR. CAMERON:  Good afternoon, Your Honor, Doug Cameron on behalf of the debtors.  I can proceed, Your Honor, with our argument on the -- on the motion for leave.  I don't believe that it is a -- a very complex issue.  I do think it is straightforward.  I think it is a little bit misleading to

1  refer to 127 new objections.

2          Basically what it is -- let me backup for a minute,

3  Your Honor.  We certainly filed the motion for leave for this

4  very reason to avoid the constant coming back and dealing with

5  it from a procedural front.

6          Our position has always been we have been litigating

7  these claims on these objections for months.  Everybody knew,

8  everybody went forward, they submitted expert reports, we took

9  depositions on them.  We have been doing this since November of

10 2006 when we first revealed it in our -- in our witness list,

11 we did it when we submitted expert reports.

12         They submitted expert reports, we submitted expert

13 reports.  We were going forward.  Yes, of course, it was argued

14 in the motions for summary judgment that we somehow waived

15 objections and we responded within that procedure saying we

16 haven't.  They've always been here.  Everybody was aware, we

17 had been proceeding, we had been litigating.

18         Because Mr. Speights has raised this procedural issue

19 that we had to file a motion for leave to amend, that's --

20 that's what we did.  There must have -- may have been some

21 confusion after the April 25 hearing.  We thought it was going

22 to be teed up by us filing our updated objections.  Mr.

23 Speights came in and said we were supposed to file a motions

24 for leave and so he filed a motion.

25         So I think there's a little bit of confusion

1 procedurally but that our position is this is very

2 straightforward, very simple.  I'm more than happy to argue,

3 but if the Court is going to give, you know, if the Court is

4 going to give Mr. Speights an opportunity to file a response,

5 we would certainly ask that it be expedited.

6     We -- what we want to do is -- is prevent the delay.

7 These -- these cases -- these claims on these objections,

8 they're ready, they can be tried.  They are -- they are fully

9 ready by expert submissions, discovery, and so forth.  We don't

10 believe there's any discovery that needs to be taken because

11 we've been litigating this for several months.

12     We want to avoid delay.  We want to get to the

13 merits.  We want to get to the merits because we think we're

14 right on these product identification and statute of

15 limitations (indiscernible) objections so although in a way,

16 Your Honor, of saying if -- if we are going to defer, we would

17 certainly request some sort of an expedited schedule to get

18 back before your Court to -- before Your Honor to argue.

19     THE COURT:  Okay.  Well like Mr. Speights, I see this

20 updated objection and I'm not exactly sure what's new and

21 what's not.  I haven't gone back to compare it to the old one

22 so I don't know.

23     But I'll just pick the first one.  It says claim

24 number 6637 Gulf Atlantic Properties, Inc. and it now lists as

25 objections C2, C3(d), C3(e), C3(f), D2, D4, D6, and E1.  Were

1  all of those cited as objections before?

2          MR. CAMERON:  I believe all but the C3 product

3  identification objection, Your Honor.  If I might and maybe it

4  is a little bit confusing because what we did is we -- we

5  didn't want to be waiving an objection by filing an updated

6  objection that didn't include the other objections we already

7  filed so we -- we included the objections we already filed plus

8  the new ones.

9          Essentially we have moved to update two general

10 classifications.  First, product identification where Mr.

11 Speights for 26 claims said you waived your product

12 identification objections.

13         We believe that we've been litigating these.  He

14 filed expert reports on these claims.  So what we did is we

15 added a product identification objection for those 26 claims.

16         The second general group of amendments we made was

17 with respect to the Canadian ultimate limitations period.  Mr.

18 Speights did make the argument in connection with his summary

19 in response to our summary judgment motion that we have waived

20 -- we never raised the ultimate limitations because all we

21 referred to is Canadian statutes and limitations.  And we did

22 not include what is referred to as a D4 objection which was a

23 statute or repose objection.

24         What we did for all those Canadian claims, Your

25 Honor, is we had an F5 objection which covered a bunch of

1 objections in Canada including lack of hazard as well as

2 statute of limitation.

3        Now in Canada the ultimate limitations and normal

4 limitations are treated in the same statutory scheme.  So we

5 believe and we feel strongly that F5 covers that.  And, again,

6 we filed an expert report.  He's taken his deposition.  We've

7 litigated those claims for months so we think it's there.

8        But out of an abundance of caution because he raised

9 the issue, and more importantly, Your Honor, to avoid the

10 delay, we want to get to the issue, the merits, on the ultimate

11 limitations.

12        If you might recall, we deferred arguing the summary

13 judgment because Mr. Speights said that we had a supplemental

14 affidavit in which he didn't have the opportunity to take the

15 deposition.  So now that's pushed off.

16        We simply want to get to the merits.  So the filing

17 with respect to the ultimate limitations, these D5 objections

18 where we added a statute or repose objection, is simply out of

19 an abundance of caution to push this thing forward.

20        We contend and we argued in our summary judgment

21 papers, we made it clear in our -- I think in our updated

22 objections that we believe F5 already covered this.  But rather

23 than -- rather than not do it and come back in and face the

24 argument again and say we didn't file it, we put them in there

25 because we want to get this before the Court, get this over

1 with, and we would seek leave to amend procedurally under Rule

2 15 which we believe is -- is justified here because it's in the

3 -- in the interest of justice and there clearly is no undue or

4 unfair prejudice to Mr. Speights and his clients in this

5 regard.

6      We -- I guess we could go back, Your Honor, and

7 clarify which of the objections within that updated objections

8 are actually new.  There probably are 127 because, if you

9 recall, there are subparts for the product identification.

10 There's 3, (C)3(A), (B)(C), so we included all of those that

11 may be applicable.

12      But basically it's in these two pigeonholes.  One is

13 product identification for the 26 claims, one is the ultimate

14 limitations where we added a D5 objection even though we don't

15 believe that's necessary.  We did just, again, to avoid delay.

16      THE COURT:  Okay.  Mr. Speights, I don't know, I mean

17 if you haven't -- if you're not prepared to address the

18 debtor's motions today or -- and/or are not prepared to address

19 on the merits what they're trying to do, I guess I have to have

20 you come back.

21      I do not want an assertion on the record that there

22 is some prejudice in not giving you time to do it.  I would

23 like to get this done because at some point, you know, either

24 the claims are going to get tossed because there's waiver or

25 else we need to get to the merits of them one way or another

1 and we should get past this, at least the initial threshold, so

2 we can get to whatever is going to happen next one way or

3 another.

4         Either an order that tosses them out so everybody can

5 go home, or else to the merits.

6         MR. CAMERON:  And we -- the debtor agrees, Your

7 Honor, and we believe that if -- we don't believe there's a

8 waiver and as a result there's no waiver, we think these cases

9 are -- they're joined, they're ready to be tried.  There's

10 nothing left to do that we can see.

11         MR. SPEIGHTS:  I probably should not say anything

12 because Your Honor is prepared to do what I've requested, but

13 just to -- to make it clear.

14         There are two sets of objections here in this 127.

15 And not set on this record but on previous records is the fact

16 that with respect to the produce ID objections, to the 26

17 claims, Your Honor has already ruled they did not object.

18         So now the question that -- I'm causing the delay,

19 they didn't object -- now the question is how do they tee that

20 up?  And they have now agreed to tee that up by a motion asking

21 you permission to add objections on those 26 product ID claims.

22 And I want to respond to whatever the basis of their motion is.

23         The others are the -- what I call the statute of

24 repose of ultimate limitations.  They say that they've already

25 objected.  That's an issue we briefed and we will argue, but

1 they're the ones who now want to say, whether it's out of an

2 abundance of caution or whether it's an admission that they

3 didn't do it before, we'll argue about that, they want to come

4 in now and add objections under another column on that ultimate

5 limitation or statute of repose.

6 They want to come in and add objections. I didn't

7 cause that delay. They want to do it. I'm happy for some sort

8 of expedited treatment of it. And we'll brief it.

9 The only thing I point out -- I'm happy to expedite

10 this, Your Honor. I -- I do just say again that I believe

11 other people may want to weigh in on this. I don't know. I

12 don't speak for the committee as I sit here, I don't speak for

13 any other claimants. So that is an issue.

14 THE COURT: Well I don't think anybody other --

15 anyone else -- I'm sorry. It's been a long day in court. I

16 can't speak today. I don't think any other attorney's clients

17 are involved in this motion but yours.

18 MR. SPEIGHTS: That is correct, Your Honor.

19 MR. CAMERON: That is correct, Your Honor.

20 MR. SPEIGHTS: That is correct. They served -- but

21 they have served a bunch of other people.

22 THE COURT: Well, yes, for notice purposes. I think

23 the scheduling orders and I think my most recent order told the

24 debtor to make sure they serve everybody who's left with

25 respect --

1        MR. SPEIGHTS:  And I'm not trying to say that they

2   will be bound if they don't appear.  I'm just saying they're

3   out there and enough said.  I'm the only here representing my

4   own clients.  So but when we start scheduling I just want that

5   out with the committee and the claimants.

6        And I also point out that when I go research the law

7   now that they filed a motion last night, if they want to rest

8   on their papers for meeting their burden, whatever that burden

9   is, and maybe they're right that it is minimal and maybe I'm

10  right that it is herculean, if they want to rest on their

11  papers, fine.  If they want to make any factual assertions or

12  whatever trying to justify it, that will add another dimension

13  to it.

14       MR. CAMERON:  I believe the law is clear, Your Honor,

15  under Rule 15.  I don't know that we need to make factual

16  assertions.  But I guess we would see what his -- what his

17  response is.  And I think if we have an expedited briefing

18  schedule and argue it, you know, we can do it as quickly as --

19       THE COURT:  All right.  Let --

20       MR. CAMERON:  -- as Mr. Speights can do it.

21       THE COURT:  Let me find an argument date and we'll

22  work back from that for a briefing schedule.  I know we had

23  some time at the end of the month which I don't think is going

24  to -- I don't think anything's going to happen on the trial

25  dates that were proposed.  But, frankly, it's such a moving

1  target that I've kind of lost track.

2          MR. CAMERON:  I think -- and maybe we're beyond this

3  -- I think one of the problems, Your Honor, is -- is if there

4  is no waiver these cases are ready to go and the product

5  identification piece of those could be -- could be tried I

6  think very quickly  in those May 30, 31 dates.  That's what was

7  discussed last Wednesday.  But, again, I realize that if the

8  argument is pushed back further that that jeopardizes that --

9  jeopardizes that timing.

10          THE COURT:  Well based on what happened yesterday

11  with the personal injury issues, I don't think trial in -- on

12  the plan confirmation issues is going to start in September.

13  So I think there's time to get some of the property damage

14  trials that would have been going forward in June and July

15  probably extended out a little because I don't think the dates

16  that were reserved for some of the personal injury issues were

17  going to take place then.

18          So maybe we're not on quite the same kind of

19  compressed time schedule that we were on before.  What about

20  using whichever of those dates we were talking about trying

21  these cases in the event that they survive for the arguments on

22  these cases?

23          MR. SPEIGHTS:  The 30th and 31st is fine to argue

24  this.

25          MR. CAMERON:  Yes, we obviously, Your Honor, would

1  like as soon as possible.  But given the Court's schedule if

2  that's the earliest we can do it, that makes sense.  And we

3  also I believe, Your Honor, discussed arguing the -- coming

4  back and arguing the motion for summary judgment on the -- on

5  the statute of limitations for the Canadian claims on one of

6  those days, too.

7          I think that we could -- I think that we could still

8  do that because if there's a similar argument and we would

9  making the argument in any event.  So I wouldn't want to lose

10 -- I wouldn't want to lose one of those dates to argue the

11 motion for summary judgment on the Canadian, I don't think we

12 should.

13         MR. CAMERON:  I've got good news and bad news on

14 that.  The good news is I agree that we won't lose -- we could

15 -- if we go forward, if both matters are ready to go forward,

16 then we can go forward on both matters then.  I don't think

17 they consume the time.

18         Okay.  I just point out again what I said last week

19 that on the Canadian statute of limitations issue after I take

20 Mr. New (phonetic) and I'm taking him Friday in Atlanta.  I had

21 reserved my right as to whether I needed to consult with

22 somebody on that issue and that's all on the record.

23         But the fact that we're doing this in addition to

24 that, does not present a problem if we are ready to go forward

25 on both.

**J&J COURT TRANSCRIBERS, INC.**

1          THE COURT:  Well my calendar for both the 30th and

2 the 31st just says W.R. Grace trial, it doesn't specify what.

3 So were we going to discuss that at some point later?

4          MR. CAMERON:  Well I wasn't here last Wednesday, but

5 I think from the hearing last Wednesday there was a possibility

6 that if this waiver issue was decided in time we were going to

7 try to tee up the 26 product identification claims for that

8 date as well as argue the Canadian statute of limitations.

9          I think the Canadian statute of limitations was

10 always going to be argued and then he -- and then I think Mr.

11 Speights indicated he has this issue with Mr. New.  We don't

12 think it's going to be an issue, but if it is he reserved his

13 right to -- to say we may not be able to argue on the 30th.

14          THE COURT:  And you're going to tell me that on the

15 21st at the omnibus?

16          MR. SPEIGHTS:  Oh, we'll be able to -- no problem

17 with telling you that, Your Honor.  I should know after --

18 after Friday I mean I'll know that.  And -- and either the 30th

19 or the 31st suits me.  If you want to have a Speights argument

20 day for whatever's there.

21          MS. REA:  I believe that --

22          MR. SPEIGHTS:  Whatever the debtor wants to go.

23          MS. REA:  I'm sorry.  Your Honor, I believe at the

24 last conference we talked about 9:00 argument on the 30th for

25 the Canadian statute of limitations motion followed by a 10:00

**J&J COURT TRANSCRIBERS, INC.**

1  trial on the product identification claims.  Obviously that

2  would be off because you would now have this argument

3  presumably at 10:00 to address that issue.

4            THE COURT:  On the 30th.

5            MS. REA:  On the 30th.

6            MR. SPEIGHTS:  Yes.

7            THE COURT:  That's okay?  Wednesday in Pittsburgh

8  again, Mr. Speights?

9            MR. SPEIGHTS:  That is my modus operandi, Your Honor.

10           THE COURT:  All right.  Just a second then.  Argument

11 on the debtor's motion to -- I'm not sure what it was called --

12 for leave to amend the objections.  But this is what I'm going

13 to do -- and if that motion's granted, then I'm going

14 immediately into whatever else has to be argued with respect to

15 those objections.  Is that okay?  So you don't have to come

16 back again.  So are you prepared to address the arguments on

17 the merits?  I guess that's the question.

18           MR. SPEIGHTS:  I'm not prepared to tell you that.

19 Again, I know Your Honor realizes I'm not volunteering for

20 extra trips if I can avoid them, but I have said that -- and I

21 haven't even studied these objections -- but I have said that

22 if they're allowed to add objections, I may need additional

23 discovery.

24           Mr. Restivo recognized at the last hearing and said

25 we can try to expedite, et cetera, et cetera.  For instance on

1 the product ID objections, if they would be allowed to add

2 product ID, the first thing I'm going to turn and say is do you

3 have any sales records or sales information for any of your

4 licensees in Canada that would indicate any documentation of

5 Grace products to this region, this area, this building?

6         And Mr. Restivo may be able to answer that by a

7 letter in 24 hours or it might take 20 days to answer that.  I

8 don't know.  So I can't tell you that I'll be prepared to go

9 into that, Your Honor.

10         I just -- I've said it, I think this is the third

11 time, I hope Your Honor doesn't grant the motion allowing them

12 leave to amend.  But if you do, I did not conduct discovery on

13 these product ID claims that were not objected to.  If you'll

14 look at our interrogatories, they're specific to the ones they

15 did object to.

16         THE COURT:  Wait.  I think I'm confused.  I wanted to

17 get to the merits of your waiver argument in the event that

18 their motion to amend was granted.

19         MR. SPEIGHTS:  Oh, I'm -- I'm sorry, Your Honor.  I

20 misunderstood you.  Well the waiver -- well I think the waiver

21 argument will be part of my response.

22         MR. CAMERON:  And I understood it's all part of the

23 same -- same response, Your Honor.

24         THE COURT:  Okay.  Because I haven't heard the

25 argument on the waiver yet.

1           MR. SPEIGHTS:  Right.

2           THE COURT:  So what I want to try to do is at least

3  get the legal issues --

4           MR. SPEIGHTS:  Absolutely.

5           THE COURT:  -- decided if we can in one proceeding.

6           MR. SPEIGHTS:  I'm sorry.  I must have jet lag today.

7           THE COURT:  Well I didn't ask the question very well.

8           MR. SPEIGHTS:  No problem is arguing waiver the same

9  time.  I'm going to put it -- I'm going to raise it in my

10 brief.

11          THE COURT:  Okay.  So the argument on the debtor's

12 motion for leave to amend the 15 omnibus objections and on any

13 response including the waiver issue will be in Pittsburgh on

14 May 30th starting at nine because we don't know what we're

15 doing with respect to the Canadian claims.  What was scheduled

16 at nine?

17          MS. REA:  The -- the argument on the Canadian statute

18 of limitations which should have been deferred from the statute

19 of limitation argument that we had done before.

20          THE COURT:  But that's what you don't know whether

21 you're going to be prepared to go forward with, correct?

22          MR. CAMERON:  Well we'll know within a -- I think Mr.

23 Speights said he will know within a couple of days after --

24 after the deposition on Friday whether we can go forward.

25          THE COURT:  All right.  I'm just going to schedule

1  this at nine and, you're right, I'm just going to call it

2  Speights day in Pittsburgh and whatever is left with respect to

3  arguments on that day.

4         But what I need from the debtor I think by the

5  omnibus hearing, I do need to -- I would like a schedule that

6  tells me what it is you're going to argue on the 30th submitted

7  here in Pittsburgh and you can tell me in court on the 21st

8  what it is that you're going to argue so I can get prepared

9  myself for what this is going to be.

10         So if it's the statute of limitations in Canada,

11  that's fine.  If you're going to tell me you need discovery,

12  that's okay.  But I would just like to know what it is because,

13  frankly, it's such a moving target I'm -- I'm just having

14  trouble keeping up with what's happening when so.

15         MR. SPEIGHTS:  We will, Your Honor.

16         THE COURT:  All right.  Now having said that, now I

17  need to backup.  How much time do you need then, Mr. Speights,

18  knowing that's what the argument date to file a response to the

19  debtor's motion?

20         MR. SPEIGHTS:  Could I open my --

21         THE COURT:  Yes.

22         MR. SPEIGHTS:  -- laptop just a second and look at my

23  computer?

24         THE COURT:  This schedule is going to apply to

25  everyone so I'm going to have the debtor prepare a notice and

1 docket the notice.  That will be an indication to everyone of

2 what the scheduling order is.

3          And this is docket number 15625 we're talking about,

4 the debtor's motion for leave to amend the objection.

5          MR. CAMERON:  With -- yes, with respect to the

6 Speights and several -- mainly Canadian, but -- but the

7 Speights and Runyan claims.

8          THE COURT:  Yes.  The status report that the debtor

9 filed with respect to updated objections was docket number

10 15445, but I don't believe that's really material at this

11 point.  I think it's just the 15625 that's significant.

12          MR. SPEIGHTS:  I guess a short answer is as much time

13 as I can have but -- and so we can accomplish everything we

14 need to.  And I'm sure normally how many days you ever have to

15 trigger it.

16          I would think that you would want to have the brief

17 filed and the debtor have a copy before the omnibus on the 21st

18 so everybody could talk intelligently about where we are on

19 things.  Is there any need to have it before, say the Friday

20 before the 21st?

21          THE COURT:  No, I -- I think, Mr. Speights, I don't

22 even need it that soon.  I'm -- there is so much stuff to get

23 ready for the hearings that are going to happen on the 21st and

24 I'm not going to read your briefs in preparation for an

25 argument on the 30th before the 21st anyway.

1        MR. SPEIGHTS:  We --

2        THE COURT:  So I don't need it that soon.

3        MR. CAMERON:  We would suggest that Friday, Your

4    Honor, because we would like the opportunity to file a short

5    reply.

6        MR. SPEIGHTS:  Friday the 25th?

7        MR. CAMERON:  No, no, no, Friday the -- Friday the

8    18th.

9        THE COURT:  So that you could file a reply by --

10       MR. CAMERON:  Reply sometime and then get the papers

11   to you by the middle of the next week.

12       THE COURT:  That would be helpful.

13       MR. CAMERON:  We can file a reply by the -- by the

14   23rd and then get -- get the materials to you so that you have

15   them a week in advance -- excuse me -- of the -- of that

16   argument.

17       THE COURT:  Okay.  Let me check the calendar here for

18   a second.  Actually I -- I actually do need them the 24th.  The

19   28th is a holiday so there won't be mail service and I don't

20   know whether there will be delivery service that day so I

21   really actually do need them by Thursday the 24th.

22       Mr. Speights, if it's possible, by the 18th so that

23   the debtor can file its reply by the 23rd and I can get the

24   documents, all of them from the debtor, in a binder by the

25   24th.  That would be helpful.  If it's not possible --

1          MR. SPEIGHTS:  Well actually it has to be, Your

2    Honor, because I'm going to Wilmington on that Sunday so if

3    Friday the 18th is fine with the debtor, if it's just Friday

4    the 18th and if I can have the debtor's clerk at sometime on

5    Friday the 18th, I'll get it filed.  It may be six or seven or

6    eight o'clock, but I'll get it filed.  And, again, I'll be

7    going to Wilmington so I couldn't do it the next week anyway.

8          THE COURT:  All right.  Then the responses are due --

9          MR. CAMERON:  We got the motion to strike at two

10   a.m., so that would be a gift.

11         THE COURT:  -- May 18th and replies limited to five

12   pages by May 23rd and arguments May 30th starting at 9:00 here

13   in Pittsburgh.  And I'll just put down that there's a status

14   conference to address the argument schedule, i.e. what all is

15   going to be scheduled for Mr. Speights's issues in Pittsburgh

16   on May 30 will be held during the omnibus in Delaware on May

17   21.  And the debtor can just add that to the agenda somewhere.

18         Mr. Speights, I don't know whether you're planning to

19   be in Delaware for something else; if that's the only issue,

20   you can certainly do that by phone.

21         MR. SPEIGHTS:  Thank you, Your Honor.  I'll look at

22   the agenda and see.

23         THE COURT:  Because your issues, for my purposes, if

24   it's all right with the debtor, if we're having an omnibus day

25   the next week, any issues related to you for my purposes can be

1 | put on to that May 30th calendar.  That's fine with me.  It
2 | would make more sense for everybody to get your issues off the
3 | omnibus and onto May 30th I think.

4 |         So if you want to work that out, that's okay with me
5 | if you choose to do it.

6 |         MR. SPEIGHTS:  Thank you, Your Honor.

7 |         MS. REA:  Your Honor, could I just clarify?  Did you
8 | need the binders by the 24th or the --

9 |         THE COURT:  I do.

10 |         MS. REA:  By the 24th.  Okay.

11 |         THE COURT:  The 24th, yes.  So the binders for the
12 | May 30 proceedings are due by the 24th.  Okay.  I hope you have
13 | a safe trip home.

14 |         MR. SPEIGHTS:  Thank you, Your Honor.

15 |         MR. CAMERON:  Thank you, Your Honor.

16 |         MR. SPEIGHTS:  I have one -- I said last week I would
17 | say this again this week and I expect the same response this
18 | week that I got last week.  But it's now been since March that
19 | the debtors are now -- potential several months of settlements.
20 | One of my favorite expressions is even paranoids have enemies.

21 |         I realize that Grace and I have not been on the best
22 | of terms since 1982, but -- and I'm not trying to undermine
23 | other claimant's settlements -- but they may have an impact on
24 | all these proceedings and I would like, Your Honor, the last
25 | time Mr. Restivo said I'm not doing them -- and I don't believe

1 he is -- there were five lawyers from the other law firm I

2 believe over here and nobody volunteered anything.

3          But at some point, Your Honor, I would beg you to

4 require the debtors to fish or cut bait on these settlements to

5 the extent that they can file some papers so I can see whether

6 there's any concern for my paranoia about what they're up to or

7 whether they actually have settlements and they're going to

8 file them, et cetera, et cetera.

9          Again, I'm not trying to undermine the settlements of

10 many of my good friends who have apparently settled, but it's

11 been over two months now.

12          THE COURT:  I think he's talking about the Prudential

13 settlements in New York.

14          MR. CAMERON:  I'll give you the same response Mr.

15 Restivo gave you.  I'm not working on those.  I understand

16 people are working on them.  I can assure Mr. Speights he

17 doesn't need to be paranoid.

18          People are working on them and my guess is when they

19 are finalized -- there, you know, may be some complex issues --

20 when they're finalized they will be presented in -- in due

21 course.

22          But I'm not involved in any of that, Your Honor.

23          THE COURT:  Okay.  Add to the status conference for

24 May 21st that I want a detailed report about the Prudential

25 settlements in New York on May 21st please.  Not just we're

1 working on them.  I want to know if there are specific issues

2 what they are and I want a time frame please as to when they

3 will, in fact, be scheduled.

4         And something like okay, within 60 days we will have

5 them filed by way of commitment.  I want a commitment as to

6 when it's going to be done.

7         MR. CAMERON:  Yes, Your Honor.

8         THE COURT:  Okay.

9         MR. SPEIGHTS:  Thank you, Your Honor.

10        THE COURT:  Anything further?

11        MR. CAMERON:  No, Your Honor.

12        MR. SPEIGHTS:  Nothing further, Your Honor.  Thank

13 you very much.

14        THE COURT:  Thank you.  We're adjourned.

15                        * * * * *

16

17              **C E R T I F I C A T I O N**

18        I, JANET D. PERSONS, court approved transcriber,

19 certify that the foregoing is a correct transcript from the

20 official electronic sound recording of the proceedings in the

21 above-entitled matter, and to the best of my ability.

22

23 /s/ Janet D. Persons              DATE:  May 16, 2007

24 JANET D. PERSONS

25 J&J COURT TRANSCRIBERS, INC.


                    **J&J COURT TRANSCRIBERS, INC.**