IN THE UNITED STATES BANKRUTPCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | **Hearing Date: 5/21/07 at 2:00 p.m.** |
| | ) | **Objection Deadline: n/a** |
| | ) | |

Related to Doc. No. 8582, 15197, and 15198

**STATE OF MONTANA'S REPLY TO DEBTORS' OBJECTION TO MOTION FOR RECONSIDERATION OF COURT'S OPINION AND ORDER DENYING MOTION OF THE STATE OF MONTANA FOR RELIEF FROM THE AUTOMATIC STAY ENTERED APRIL 16, 2007**

The State of Montana (hereinafter "Montana"), by and through its undersigned counsel, hereby files this Reply to Debtors' Objection to Motion for Reconsideration of Court's Opinion and Order Denying Motion of the State of Montana for Relief from the Automatic Stay entered April 16, 2007 [D.I. 15647], and respectfully shows the Court as follows:

**Montana has met its burden under Rule 59(e)**

Debtors' objection to Montana's Motion argues that in order to sustain its motion for reconsideration, Montana must prove that: "(1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice." eSpeed, Inc. v. Brokertec USA, L.L.C., 2005 WL 83471, at *1 (D.Del. Jan. 11, 2005) (citing Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

In light of the clear record established at the December 19, 2005 hearing on Debtors' motion to expand the preliminary injunction, the plain language of 11 U.S.C. §

362(d) and (e), and the Court's clear acknowledgment of the necessity of a hearing on Montana's lift stay motion, Montana is entitled to reconsideration of the Court's Opinion and Order entered April 16, 2007, to correct a legal error that has resulted in manifest injustice.

It is self-evident in the statute that a party seeking relief from the automatic stay under 11 U.S.C. § 362(d) is entitled to a hearing on its motion for relief. Moreover, the Third Circuit has specifically noted the timeline requirements for hearings on motions seeking relief from the automatic stay. See, In re Wedgewood Realty Group, Ltd., 878 F.2d 693, 697 (3d Cir. 1989) (noting hearing requirement and time limits under 11 U.S.C. § 362(d) and (e) as well as Bankruptcy Rule 4001(a)(2)).

Montana filed its Lift Stay Motion on June 19, 2005. [D.I. 8582]. As a result of the Debtors' motion to expand its preliminary injunction (the "Injunction Motion") [D.I. 359], Montana agreed with the Debtors and the Libby Claimants to stay all activity in the State Court Actions until after the hearing on the Lift Stay Motion. Further, Montana agreed with the Debtors and the State Court Action Plaintiffs not to conduct any discovery relating to the Lift Stay Motion until after the hearing on the Lift Stay Motion.

Consistent with the statute and the Third Circuit's holding in Wedgewood Realty, Montana requested that in the event the Court denied Debtors' Injunction Motion, that the Court, in conjunction with such denial, issue an order for expedited discovery and hearing schedule on Montana's Lift Stay Motion.

The only hearing that has been held by the Court was the December 19, 2005, hearing on Debtors' Injunction Motion. As set forth in the Notice of Agenda of Matters Scheduled for Hearing on December 19, 2005, at 12:00 P.M. Before the Honorable Judith

K. Fitzgerald in Pittsburgh, Pennsylvania, Montana's Lift Stay Motion was specifically scheduled for "status depending on the outcome of [Debtors' motions to expand preliminary injunction and amend complaint]." [D.I. 11330].

During the course of the Hearing, the Court and counsel, while not citing 11 U.S.C. § 362(d) and (e), discussed the issue of the effect of denial of Debtors' Injunction Motion on Montana's Lift Stay Motion with a clear understanding and acknowledgement that in the event the Court denied Debtor's Injunction Motion, a hearing must be scheduled and held on Montana's Lift Stay Motion. A copy of the relevant portion of the hearing transcript is attached as Exhibit A to Montana's Motion for Reconsideration and incorporated by reference herein. [D.I. 15390].

The Court's order entered January 17, 2006, was entirely consistent with the discussion at the December 19, 2005, hearing, as well as the requirements of 11 U.S.C. § 362(d) and (e) and Wedgewood Realty. The order provides in relevant part as follows:

> ORDERED that in the event the Court denies the relief requested in the Injunction Motion and Motion to Amend, the Lift Stay Motion shall be set for hearing at the next Omnibus Hearing after the entry of the Order denying the Injunction Motion and the Motion to Amend;

Debtors' tortured reading of this clear language of the Court's order to mean that Montana's Lift Stay Motion would be heard only if the Court did not rule on it is preposterous, as even the Debtors impliedly acknowledge Montana's right to a hearing on the Lift Stay Motion by arguing that somehow the applicable provision of the Court's order "did not preserve Montana's right to have a hearing on its Lift Stay Motion." [D.I. 15647]. In fact, this is precisely the right the Court sought to acknowledge and preserve.

**Montana's actions will not violate the automatic stay**

Finally, Debtors erroneously allege that Montana intends to violate the automatic stay by seeking authority to add Debtors to any verdict forms in the litigation pending in the Montana courts. Montana has not violated the automatic stay in this matter, and will not violate the automatic stay. In the event the Court denies Montana's Lift Stay Motion, Montana intends to seek a determination from the Court of the applicability of the automatic stay to Montana's claims in light of the Third Circuit's holding in Matter of M. Frenville Co., Inc., 744 F.2d 332 (3d Cir. 1984), cert. denied, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). Under Frenville, the automatic stay applies only to proceedings which could have been brought, or claims which arose, prepetition. The State of Montana's claims for indemnification and/or contribution could not have been brought, and did not arise, prepetition because Montana was not named as a Defendant in the State Court Actions until after the Petition Date in Debtors' bankruptcy proceeding.

While Montana believes its claims are not subject to the automatic stay under Frenville, case law indicates that in order to proceed with an action against Debtors, Montana should first obtain a determination as to whether the automatic stay is applicable to its causes of action. In re Allegheny, Inc., 74 B.R. 397, 401 (Bankr. W.D. Pa. 1987) ("The determination must be made by the Bankruptcy Court wherein the main case is filed. [citation omitted] To do otherwise would be a circumvention of congressional [sic] intent and would undermine the original court's control.").

In the event Montana's Lift Stay Motion is denied and the Court somehow finds, despite the overwhelming similarity of Montana's position to that of the creditor in Frenville, that Montana's claims are subject to the automatic stay, Montana intends to

amend its motion for relief from the automatic stay in order to introduce evidence of Debtors' conduct in the State Court Actions solely for the purpose of absolving Montana of liability, and not in any way to establish Debtor's liability. See, Faulconbridge v. State of Montana, 333 Mont. 186, 142 P.3d 777 (2006). Under Montana law, a defendant may introduce evidence of the conduct of a non-party "for the purpose of demonstrating that the non-party conduct was a superseding intervening cause of plaintiff's damages." Id., at 793.

Thus, Montana's reference to seeking authority to add Debtors to any verdict form in the State Court Actions is merely part and parcel of Montana's intention to continue to comply with the automatic stay and, in an exercise of caution and in light of relevant case law, seek a determination of the applicability of the automatic stay, or in the alternative seek relief from the automatic stay to pursue its rights under applicable Montana law.

WHEREFORE, the State of Montana respectfully requests that the Court grant its Motion for Reconsideration and order the relief requested.

Dated: May 17, 2007

Respectfully submitted,

MONZACK AND MONACO, P.A.

_/s/ Kevin J. Mangan_____
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
Edward M. Lilly (#3967)
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
(302) 656-8162
Counsel for the State of Montana