# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                              .  Case No.  01-01139
                                    .
   W. R. GRACE & CO., et al.,       .
                                    .  5414 USX Tower Building
                        Debtors,    .  Pittsburgh, PA  15222
                                    .  January 24, 2006
. . . . . . . . . . . . . . . .     .  9:05 a.m.

TRANSCRIPT OF HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:                    Kirkland & Ellis LLP
                                    By:  MICHELLE BROWDY, ESQ.
                                         SALVATORE BIANCA, ESQ.
                                         MICHAEL DIERKES, ESQ.
                                         MICHAEL ROSENBERG, ESQ.
                                         ERIN SKAURON, ESQ.
                                    200 E. Randolph Drive
                                    Chicago, IL  60601

                                    W.R. Grace & Company
                                    By:  RICHARD FINKE, ESQ.
                                    7500 Grace Drive
                                    Columbia, MD  21044

                                    Reed, Smith LLP
                                    By:  DOUGLAS CAMERON, ESQ.
                                    435 Sixth Avenue
                                    Pittsburgh, PA  15219

Audio Operator:                     Cathy Younker

Proceedings recorded by electronic sound recording, transcript
produced by transcription service

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net

(609) 586-2311    Fax No. (609) 587-3599

48

1        MS. BROWDY:  And then, Your Honor, just to clarify

2   for our kind of bookkeeping purposes that we can set this for

3   the March 27th omnibus hearing?

4        THE COURT:  Yes.

5        MS. BROWDY:  Thank you, Your Honor.

6        MR. BIANCA:  Good morning, Your Honor, Salvatore

7   Bianca on behalf of the debtors.  The next two objections on

8   the agenda pertain to two claims filed by two different pro se

9   claimants.

10        THE COURT:  All right.  Excuse me just one second,

11   I'm sorry.

12        MR. BIANCA:  No problem.

13     (Pause.)

14        THE COURT:  Okay, thank you.

15        MR. BIANCA:  No problem.  I'll continue.  Claim No.

16   14400 was filed by Phillip Shawn Moore.  The debtors object to

17   Mr. Moore's claim because it excludes information regarding

18   whether he owns the property at issue and the date in which he

19   purchased the property.  These were questions 3(a)(3) and

20   3(a)(4) on the proof of claim form.  This information is

21   necessary to determine whether or not Mr. Moore has any basis

22   to even assert a claim for this property since his ownership is

23   not clear from the forms.

24        The response filed by Mr. Moore on October 20th of

25   2005 doesn't attempt to remedy this issue and -- of these

49

1  deficiencies on the claim form and in our reply, we reiterated

2  the objection, reiterated the need for this information and we

3  still have not received that.  And no surreply was filed by Mr.

4  Moore.  On this basis, we seek the claim to be disallowed.

5           THE COURT:  Is anybody representing Mr. Moore?

6           No one is responding.

7           And was Mr. Moore notified of today's hearing?

8           MR. BIANCA:  Yes, he was.

9           THE COURT:  All right.  I will accept an order that

10 disallows his claim for failure to state the essential elements

11 of that claim.

12          MR. BIANCA:  Thank you, Your Honor.

13          The next claim is Claim No. 15352, which was filed by

14 Marcella Paulette.  This was filed on a non-asbestos proof of

15 claim form and purports to amend Claim No. 2361, which alleges

16 property damage from MK-3 plaster and various finishing coats.

17 The objector -- the debtors object to this claim because it

18 lacks any kind of product identification information -- product

19 identification documentation rather.

20          The case law is clear that a necessary prerequisite

21 to recovery for an asbestos property damage claim is a showing

22 that one of the debtors actually manufactured or sold the

23 products for which the claim is alleged.  Neither the claim nor

24 any of claims filed by Ms. Paulette provide any documentation

25 indicating a Grace product.  All that was provided was a list

50

1  of renovations to her home.  And indeed nowhere in any of the.

2  documents does it even mention the presence of asbestos, much

3  less a Grace product.

4       The claimant's response indicates that she's never

5  seen any documents from the building contractor that she could

6  base the assertion that a Grace product is present on.  And,

7  you know, the need for product ID documentation in this case is

8  particularly important because of the assertion that MK-3 is

9  present in her home.  MK-3 was built -- was used on large scale

10 buildings, such as high rises, not individual residences.

11      And so, on the basis of any kind of -- lack of

12 product identification documentation, we request this claim to

13 be also disallowed.

14      THE COURT:  Is anyone representing Ms. Paulette?

15      There's no response.

16      So I will accept an order that disallows her claims

17 for the reasons you've expressed on the record.

18      MR. BIANCA:  Thank you, Your Honor.

19      THE COURT:  And the debtor will submit both of those

20 orders?

21      MR. BIANCA:  Yes, Your Honor.

22      THE COURT:  All right.

23   (Pause.)

24      MS. BROWDY:  Your Honor, that takes us to I think the

25 last argument for this morning, which are the Minneapolis

**J&J COURT TRANSCRIBERS, INC.**