UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et. al.* | : | Case No. 01-1139 (JKF) |
| | : | |
| Debtors | : | (Jointly Administered) |
| | : | Hearing Date: June 25, 2007 at 2:00 p.m. |
| | : | Objections Due: June 8, 2007 at 4:00 p.m. |

**TWENTY-THIRD QUARTERLY FEE APPLICATION OF
PRICEWATERHOUSECOOPERS LLP, AUDITORS AND TAX
CONSULTANTS FOR DEBTORS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

PricewaterhouseCoopers LLP ("PwC"), auditors and tax consultants for W.R. Grace & Co., and the other above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits its *Twenty-third Quarterly Fee Application for Allowance of Compensation and Reimbursement of Expenses* (the "Application") incurred during the period October 1, 2006 and December 31, 2006 (the "Quarterly Period"). In support of this Application, PwC respectfully represents as follows:

**I.    COMPENSATION REQUESTED**

1.    As set forth below, Applicant is requesting a quarterly allowance of fees in the aggregate amount of $744,534.58 (plus $7,288.06 for preparing the related fee applications) and expenses in the aggregate amount of $17,933.20. This amount represents the fees generated and expenses incurred by PwC during the Twenty-third Quarterly Period, as defined in the Court's *Amended Administrative Order Under 11 U.S.C. §§ 105(a) And 331 Establishing Revised Procedures For Quarterly Compensation And Reimbursement Of Expenses For Professionals And Official Committee Members* (the "Amended Quarterly Procedures Order").

2.  As explained more fully below, the Debtors filed their *Application of the Debtors for the Entry of an Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors and Debtors in Possession* on January 10, 2002 (the "Original Retention Application").

3.  The Original Retention Application was contested, and it was not until June 18, 2002 that the Court entered its Order Pursuant to 11 U.S.C. §§ 327(a) and Fed. R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP As Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to January 10, 2002 (the "Retention Order").

4.  PwC herein requests compensation and reimbursement of expenses for the Twentieth Quarterly Period. The amounts billed in connection with the Quarterly Period are:

|  | Fees | Expenses |
|---|---|---|
| October 1, 2006 -- December 31, 2006: | $744,354.58 | $17,933.20 |
|  | $7,288.06 |  |

A table showing the names of all professionals and paraprofessionals who rendered services during the Quarterly Period, together with the billing rates of such persons and the number of hours charged by such persons during the Quarterly Period, is set forth on the cover sheet to these Applications.

## II. INTRODUCTION AND PROCEDURAL BACKGROUND

5.  On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties and assets as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On January 10, 2002, the Debtors filed the Original Retention Application, seeking to retain PwC as their independent accountants and auditors. The United States Trustee filed its Amended Objection to the Debtors' Application for Order (i) Approving the Payment of Professional Fees and Expenses and (ii) Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Independent Accountants and Auditors to the Debtors (the "Objection to the Original Retention Application") on January 31, 2002.

7.      On April 15, 2002, the Debtors filed the Amended Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§327(a) and 328 and the Fed. R. Bank. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants to the Debtors and Debtors in Possession Nunc Pro Tunc to November 11, 2001 (the "Amended Retention Application"). The United States Trustee filed his Objection to the Amended Application for Order Authorizing the Employment and Retention of PricewaterhouseCoopers LLP as Auditors and Tax Consultants Nunc Pro Tunc to November 11, 2001 (the "Objection to the Amended Retention Application") on May 3, 2002.

8.      On June 8, 2002, the Court entered the Retention Order.

### Relief Requested.

9.      By this Application, PwC respectfully requests the entry of an Order, substantially in the form attached as Exhibit "A," allowing on a quarterly basis $744,534.58 (plus $7,288.06 for preparing the related fee applications) and expenses in the aggregate amount of $17,933.20 in reimbursement of expenses for the Quarterly Period.

10.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

11. All of the services for which compensation is sought were rendered by Applicant to the Debtors solely in connection with this case and in furtherance of the duties and responsibilities of the Debtors and not on behalf of any creditor or other person.

12. Applicant's hourly rates for its auditors and other professionals charged in connection with Applicant's services for the Debtors were the rates Applicant customarily charged its clients (whether corporate or individual) in both bankruptcy and non-bankruptcy matters at the time the services were rendered. In July 2004, Applicant changed its time and expense management system and revised its standard billing rates. These new rates, effective with the filing of PwC's previous monthly application for July 2005, have been discussed with, and agreed to, by management of the Debtor, and have not dramatically impacted the overall fees charged to the Debtor as compared to previous fee applications.

13. By order dated April 17, 2002 (the "Amended Administrative Order"), the Court has adopted procedures (the "Procedures") for all applications for Quarterly compensation and reimbursement of expenses in this bankruptcy proceeding. In accordance with the Procedures, Applicant has submitted a cumulative summary of fees by project category and a cumulative summary of expenses by category.

14. Applicant is not seeking reimbursement for internal charges, including costs associated with airline ticketing and general office services such as computer usage, telephone charges, facsimile transmissions, postage, and photocopying.

15. No payments have been promised to Applicant for services rendered or to be rendered in any capacity in connection with the Debtors' Chapter 11 cases. No

agreement exists between Applicant and any other person or entity to share any compensation in connection with the Debtors' Chapter 11 cases.

16. Pursuant to the Amended Administrative Order, PwC served copies of this Application upon (a) David B. Siegel, W.R. Grace & Co.; (b) co-counsel for the Debtors; (c) co-counsel to the debtor-in-possession lender; (d) counsel to the Committees, including counsel for the Official Committee of Unsecured Creditors; counsel to the Official Committee of Asbestos Property Damage Claimants; counsel to the Official Committee of Personal Injury Claimants; and the Official Committee of Equity Holders; (e) the Fee Auditor; and (f) the United States Trustee.

### III. SERVICES RENDERED DURING THE QUARTERLY PERIODS

17. The nature of the work performed by PwC during the Quarterly Period included the following.

18. <u>Audit Services</u>. The Applicant provided the following audit services:

   a. Performed audit work in connection with the December 31, 2006 audit of the Company's consolidated financial statements,
   b. preparation for and attendance of the audit committee meeting, and
   c. continued the implementation and testing of Applicant's internal controls required under section 404 of the Sarbanes-Oxley Act.

19. <u>Retention and Fee Matters</u>. Applicant also seeks compensation and reimbursement of expenses for the preparation of these Applications.

### IV. ALLOWANCE OF COMPENSATION

20. Under the Bankruptcy Code, professionals performing services in a bankruptcy case are entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A).

21. In determining if the amount of compensation is "reasonable", the courts consider the "nature, the extent, and the value" of the services rendered, taking into account the following factors: the time spent on the services; the rates charged for the

services; whether the services were necessary or beneficial to the administration of the case; whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the services; and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Chapter 11. 11 U.S.C. § 330(a)(3)(A). As described throughout these Applications, PwC has satisfied the relevant criteria to support the requested award of compensation.

22. In general, the "baseline rule is for firms to receive their customary rates." Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 259 (3d Cir. 1995). The compensation sought herein is based on PwC's customary rates, which are in line with the customary rates charged by comparably skilled practitioners in cases other than cases under Chapter 11.

23. Applicant's services have been rendered in an efficient manner by accountants and auditors who are experts in their fields. PwC is one of the largest and most well-respected audit firms in the country, and its rates are commensurate with its level of expertise.

24. The time and effort dedicated to the preparation of a fee application is also an actual and necessary service compensable under the Bankruptcy Code. See, e.g., In re ACT Mfg., Inc., 281 B.R. 468 (Bankr. D. Mass. 2002); Kelsey v. Great Lakes Higher Educ. Corp. (In re Kelsey), 272 B.R. 830 (Bankr. D. Vt. 2002); In re Gillett Holdings, Inc., 137 B.R. 475 (Bankr. D. Colo. 1992); In re Kreidle, 85 B.R. 573 (Bankr. D. Colo. 1988). Applicant, therefore, requests compensation for the time and effort it dedicated to the preparation of these Applications.

25. No prior application for the relief requested herein as been made.

**WHEREFORE**, PwC respectfully requests Quarterly allowance of compensation in the amount $744,534.58 (plus $7,288.06 for preparing the related fee applications) and expenses in the aggregate amount of $17,933.20, together with such other and further relief as this Court deems just and proper.

Dated: May 21, 2007               SMITH KATZENSTEIN & FURLOW LLP

                                  /s/ Kathleen M. Miller
                                  Kathleen Miller (I.D. No.2898)
                                  The Corporate Plaza
                                  800 Delaware Avenue, 7th Floor
                                  P.O. Box 410
                                  Wilmington, DE 19899 (Courier 19801)
                                  Telephone: 302-652-8400
                                  Telecopy: 302-652-8405
                                  Email: kmiller@skfdelaware.com

                                  Attorneys for PricewaterhouseCoopers LLP