IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: June 25, 2007 at 1:00 p.m. (ET)** |
| | ) | **Objection Deadline: June 8, 2007 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR LEAVE IN ACCORDANCE WITH THE
ORDERS AUTHORIZING THE DEBTORS TO EMPLOY AND
COMPENSATE ORDINARY COURSE PROFESSIONALS
AS IT PERTAINS TO PERKINS COIE LLP**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")
hereby submit this motion (the "Motion") for leave in accordance with the OCP Orders[2] to
permit Perkins Coie LLP to exceed the $50,000 monthly OCP cap and seek compensation for
fees in excess thereof. In support thereof, the Debtors respectfully represent as follows:

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch Nest Coal Company, H-G Coal Company.

[2]  Capitalized terms not defined in this introduction are defined in the Background section of this motion.

## Jurisdiction

1.      This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 327(e), 1107(a) and 1108 of the Bankruptcy Code.

## Background

3.      On April 2, 2001, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      On May 3, 2001, this Court entered the Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business (Docket No. 197), which was later amended on December 10, 2002 (Docket No. 3126) and July 24, 2006 (Docket No. 12855) (as amended, collectively, the "OCP Orders").

5.      The OCP Order dated May 3, 2001 provides that the Debtors "are authorized but not required to pay each Ordinary Course Professional for services rendered up to $50,000 per month . . . [and t]he Debtors cannot pay more than such amounts for services rendered without an order of this Court authorizing such higher amount." OCP Order at 2. Per the OCP Order dated July 24, 2006, the aggregate case cap was increased to $800,000. The OCP Orders do not specify whether reimbursed expenses should be counted against these caps.

6.     Perkins Coie LLP ("Perkins Coie") was retained by the Debtors as an ordinary course professional ("OCP") in the Chapter 11 Cases to provide legal services regarding certain asbestos property damage claims.  On May 9, 2001, Perkins Coie filed its affidavit under 11 U.S.C. § 327(e) to support its retention as an OCP (Docket No. 221).  No objections were filed to Perkins Coie's retention.  Thus, Perkins Coie is employed, and continues to be employed, as an OCP in these Chapter 11 Cases.

7.     From its retention in 2001 through August 2006, Perkins Coie has billed the Debtors, and received compensation for, approximately $299,000 (approximately $245,000 in legal fees and $54,000 in expenses) in connection with certain asbestos property damage claims. For the period September 2006 through April 2007, Perkins Coie has incurred approximately $376,000 in legal fees and expenses. The breakdown for the last eight months is as follows:

| Month | Fees | Expenses | Total |
|---|---|---|---|
| September 2006 | $53,422.00 | $4,826.80 | $58,248.80 |
| October 2006 | $23,257.50 | $1,717.95 | $24,975.45 |
| November 2006 | $82,470.00 | $10,757.74 | $93,227.74 |
| December 2006 | $44,405.50 | $1,914.93 | $46,320.43 |
| January 2007 | $9,122.00 | $265.10 | $9,387.10 |
| February 2007 | $19,837.25 | $488.55 | $20,325.80 |
| March 2007 | $115,681.00 | -$1,809.10 | $113,871.90 |
| April 2007 | $9,688.00 | $183.32 | $9,871.32 |
| Total Fees & Expenses: | | | $376,228.54 |

### Relief Requested

8.     The Debtors respectfully request the entry of an order granting leave in accordance with the OCP Orders to permit Perkins Coie to seek compensation for fees which

exceed the $50,000 monthly OCP cap (hereinafter, the "Excess OCP Fees"). The Debtors request that Perkins Coie be permitted to seek payment of the Excess OCP Fees in accordance with the Court's interim compensation order requirements, including review by the committees and audit by the fee auditor appointed in these Chapter 11 Cases, and other applicable rules and orders of the Court. At this time, the Debtors do not request that Perkins Coie be permitted to exceed the OCP Orders' aggregate case cap of $800,000.

### Basis for Relief Requested

9.      Perkins Coie is an approved OCP. The OCP Orders provide for the payment to OCPs to be capped, absent court approval to the contrary, at a monthly amount of $50,000 in legal fees. The OCP Orders specifically contemplated further court approval for OCP fees which exceed the $50,000 monthly cap. This Motion requests approval for Perkins Coie to seek compensation for its Excess OCP Fees by filing a fee application for those months in which it exceeds the monthly fee cap.

10.      Perkins Coie has exceeded the monthly fee cap for the months of September and November 2006 and March 2007. These overages were due to additional deadlines and greatly increased activity in those aspects of the Chapter 11 Cases related to the property damage claims with respect to which Perkins Coie provides advice to and representation of the Debtors. Further explanation regarding Perkins Coie's Excess OCP Fees will be contained in its fee application which Perkins Coie proposes to file for the months of September and November 2006 and March 2007.

11.      The Debtors believe that Perkins Coie may exceed the monthly fee cap for the next few months as well, but this depends upon the level of assistance that the Debtors require on the asbestos property damage claims that Perkins Coie was retained to handle. The Debtors

request that Perkins Coie be allowed to file fee applications for payment of these Excess OCP Fees as well. The Debtors believe if Perkins Coie is limited to the monthly fee cap, the Debtors will be forced to obtain supplemental counsel to assist in performing these services. This would be at a greater cost to the estates because the supplemental counsel would not have Perkins Coie's ready familiarity with the intricacies of the property damage claims and other issues. Thus, were the Debtors required to retain supplemental counsel in connection with the matters on which Perkins Coie's advice is sought, the Debtors, their estates and all parties-in-interest would be unduly prejudiced by the additional time and expense involved.

12.     The Debtors submit that Perkins Coie will comply with the Court's interim compensation order for payment of all Excess OCP Fees so that the Court and other parties-in-interest are provided with sufficient opportunity to object and be heard on the reasonableness of such fees.

13.     Given the valuable services that Perkins Coie has provided and the ongoing need for these services, the Debtors submit that this Motion is appropriate under the circumstances and will not prejudice their respective estates and creditors.

### Authority for the Requested Relief

14.     Numerous courts, including courts in this district, have approved ordinary course professional retention and compensation procedures which allow professionals to seek compensation in excess of a compensation cap by filing fee applications. See, e.g., In re Mortgage Lenders Network USA, Inc., Case No. 07-10146 (PJW) (Bankr. D. Del. March 1, 2007; Docket No. 189); In re Global Home Products LLC, et al., Case No. 06-10340 (Bankr. D. Del. May 5, 2006; Docket No. 193); In re Pliant Corp., Case No. 06-10001 (Bankr. D. Del. February 2, 2006; Docket No. 182).

### Conclusion

15.     For the reasons set forth above, the Debtors request that this Court permit Perkins

Coie to seek compensation for its Excess OCP Fees, as contemplated in the OCP Orders, by

filing a fee application for approval of its Excess OCP Fees.

### Notice

16.     Notice of this Motion has been given to: (i) the Office of the United States

Trustee, (ii) the debtor- in-possession lenders, (iii) counsel to the official committees appointed

by the United States Trustee and the Future Claimants' Representative, and (iv) all those parties

that requested services and notice of papers in accordance with Fed R. Bankr. P. 2002.  In light

of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

17.     No prior application for the relief requested herein has been made to this or any

other Court.

WHEREFORE, the Debtors respectfully request leave in accordance with the OCP Orders for entry of an Order, substantially in the form attached hereto, permitting Perkins Coie to exceed the $50,000 monthly OCP cap and seek compensation for Excess OCP Fees, and granting such other and further relief as is just and proper.

Dated: May 21, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession