## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| W.R. GRACE & COMPANY, et al[1], | Chapter 11 |
| Debtors. | Case No. 01-01139(JKF)<br>(Jointly Administered) |
|  | Objection Date: June 19, 2007 |
|  | Hearing: June 25, 2007 at 1:00p.m |

## TENTH QUARTERLY APPLICATION OF BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006

Pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 2016 and the Court's Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

---

[1] The Debtors consist of the following 62 entities: W.R. Grade & Co. (f/k/a Grace Specialty Chemicals, Inc.). W.R. Grace & Co.-Conn, A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a/ Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc. Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd;, G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (fka Grace Cocoa management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B (( Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc, Grace H-Gm II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenni Development Company, L B Realty, Inc.,Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolity Enterprises Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, In.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

M EFC 1024999 v1
2850487-000001 5/19/2007

Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, Amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance of Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals entered May 3, 2001 (together the "Administrative Order"), the firm of Baker Donelson Bearman Caldwell & Berkowitz, P.C. ("Baker Donelson") hereby files this Tenth Quarterly Application of Baker Donelson for Compensation and Reimbursement of Expenses for the Period Commencing October 1, 2006 through December 31, 2006 (the "Tenth Fee Application"). By this Tenth Fee Application, Baker Donelson seeks the interim allowance of compensation in the amount of $90,000.00 and reimbursement of actual and necessary expenses in the amount of $15,629.70 for a total of $105,629.70 for the period of October 1, 2006 through December 31, 2006 (the "Interim Period"). In support of this Tenth Fee Application, Baker Donelson respectfully represents as follows:

## BACKGROUND

1.  On April 2, 2001 (the "Petition Date") each of the Debtors (collectively the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as Debtors-in-Possession.

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 §§ 157(b)(2).

3.  On April 20, 2001, the court entered its Order that the Debtors' Chapter 11 cases be consolidated for procedural purposes only and administered jointly.

M EFC 1024999 v1
2850487-000001 5/19/2007

4.  By this Court's Order dated June 16, 2004, the Debtors were authorized to retain
    Baker Donelson to advise the Debtors, their counsel, and their Board of Directors
    with respect to legislative affairs and current pending, and future legislative
    affairs ("Legislative Affairs Services") and such other related services as the
    Debtors may deem necessary or desirable, effective as of April 2, 2001 (the
    "Retention Order").    The Retention Order authorizes Debtors to compensate
    Baker Donelson on a flat rate in the amount of $17,000.00 per month for services
    rendered plus reimbursement of actual and necessary expenses incurred by Baker
    Donelson.

5.  The Debtors, on or about January, 24, 2005 filed a motion seeking authorization to
    modify and expand the scope of services provided by Baker Donelson. Specifically,
    the motion sought the approval of retention of Baker Donelson to assist Debtors in
    connection with the Debtors' business operations in China and with respect to the
    Chinese governmental authorities at the national, provincial and local levels ("China
    Assistance Services").    The expanded scope of work of Baker Donelson was
    approved by order entered on March 15, 2005, effective January 1, 2005 ("Order
    Modifying and Expanding Services").    Compensation of Baker Donelson for the
    China Assistance Services was approved on a flat rate in the amount of $35,000.00
    per month for services rendered, plus reimbursement of actual and necessary
    expenses incurred by Baker Donelson. On or about January 17, 2006, Debtor filed a
    Motion seeking the entry of an Order expanding the scope of employment of Baker
    Donelson as Special Counsel to the Debtor seeking an extension of the China
    Assistance Services. Pursuant to Order entered on February 23, 2006, *nunc pro tunc*
    to October 1, 2005, the China Assistance Services continue.  Under this Order, the

M EFC 1024999 v1
2850487-000001 5/19/2007

Debtor agreed as compensation to Baker Donelson to pay a fixed basic retainer fee of $10,000.00 each month plus reimbursement of expenses with the provision for compensation to Baker Donelson in an additional amount not to exceed $10,000.00 each month (which would be in addition to the basic retention fee specified above) for additional services the Debtor may request in China.

6.      The Order Modifying and Expanding Services increased the flat rate for compensation for Legislative Affairs Services to an amount of $20,000.00 per month effective March, 2005 for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson.

7.      Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a Certification of No Objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested subject to the filing and approval of interim and final fee applications of the professional. The professional is to also file a Quarterly Interim Fee Application.

8.      Attached hereto as Appendix A is the Verification of James Range. Attached hereto as Appendix B is the Verification of Joan M. McEntee.

## MONTHLY AND QUARTERLY FEE APPLICATIONS

9.      On December 28, 2004, Baker Donelson filed its first Combined Monthly Fee Application for the months of February, 2004 through November, 2004 for fees incurred in the amount of $170,000.00 (less twenty percent (20%) holdback of

$34,000.00 for a fee to be paid pursuant to the combined monthly fee application filed of $136,000.00) and reimbursement of expenses totaling $1,581.26. No objection to the payment of the combined Monthly Fee Application was filed.

10.    On June 9, 2005, Baker Donelson filed its Monthly Fee Application for the month of December, 2004 ("December Fee Application") for fees incurred in the amount of $17,000.00 less twenty percent (20%) holdback of $3,400.00 for an interim fee to be paid of $13,600.00 and reimbursement of expenses totaling $28.65. No objection to the payment of the combined Monthly Fee Application was filed.

11.    On June 9, 2005, Baker Donelson filed its Second Quarterly Fee Application for fees incurred commencing October 1, 2004 through December 31, 2004. On June 27, 2005, an Order was entered by the Court and order was entered approving the Second Quarterly Fee Application.

12.    On September 27, 2005, the Third Quarterly Fee Application of Baker Donelson for the months of January, February and March, 2005 was approved by Order of the Court.

13.    On December 21, 2005, the Fourth Quarterly Fee Application of Baker Donelson for the months of April, May and June, 2005 was approved by Order of the Court.

14.    On March 27, 2006, the Fifth Quarterly Fee Application of Baker Donelson for the months of July, August and September, 2005 was approved by Order of the Court.

15.    On June 16, 2006, the Sixth Quarterly Fee Application of Baker Donelson for the months of October, November, and December, 2005 was approved by Order of the Court.

M EFC 1024999 v1
2850487-000001 5/19/2007

16.    On September 26, 2006, the Seventh Quarterly Fee Application of Baker Donelson for the months of January, February and March, 2006 was approved by Order of the Court.

17.    On December 19, 2006, the Eighth Quarterly Fee Application of Baker Donelson for the months of April, May and June, 2006 was approved by Order of the Court.

18.    On March 30, 2007, the Ninth Quarterly Fee Application of Baker Donelson for the months of July, August and September, 2006 was approve by Order of the Court.

19.    The Monthly Fee Applications filed for this Tenth Interim Period contain daily time logs describing the actual and necessary services provided by Baker Donelson during the Ninth Interim Period.   While Baker Donelson is to be compensated on a flat rate, the monthly time records attached as collective Appendix C provide detail and information as to the work performed by Baker Donelson during the Sixth Interim Period.

### REQUESTED RELIEF

20.    By this Ninth Fee Application, Baker Donelson requests that the Court approve the interim allowance of compensation for professional services rendered in the amount of $90,000.00 and the reimbursement of actual and necessary expenses incurred in the amount of $15,629.70 by Baker Donelson during the Tenth Interim Period.   As stated above, the full scope of services provided and related expenses incurred are fully described in the fee detail attached hereto in Appendix C.

21.    At all relevant times, Baker Donelson has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code, and has not represented or held an interest adverse to the interest of Debtors.   All services for which

M EFC 1024999 v1
2850487-000001 5/19/2007

compensation is requested by Baker Donelson were performed for or on behalf of Debtors and not on behalf of any committee, creditor or other person.

22.    During the Interim Period, Baker Donelson has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases.

23.    Baker Donelson has no agreement with any non-affiliated entity to share any compensation earned in these Chapter 11 cases.

24.    The professional services and related expenses for which Baker Donelson requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with Baker Donelson's provision of professional services, particularly with regard to advice as to current, pending, and future legislative affairs and in the provision of China Assistance Services.

25.    Baker Donelson's services have been necessary and beneficial to Debtors, their estates and other parties in interest.

WHEREFORE, Baker Donelson respectfully requests that the Court enter an Order, substantially in the form attached hereto, providing that, for the period of July 1, 2006 through September 30, 2006, allowance will be made to Baker Donelson in the sum of $90,000.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $15,629.70 for reimbursement of actual and necessary costs and expenses incurred, for a total of $105,629.70; that Debtors be authorized and directed to pay to Baker Donelson the

M EFC 1024999 v1
2850487-000001 5/19/2007

outstanding amount of such sums; and for such other and further relief as this Court deems just and proper.

Dated: May 19, 2007.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
A Professional Corporation

By: _____
    E. Franklin Childress, Jr., Shareholder
    165 Madison Avenue
    Suite 2000
    Memphis, Tennessee 38103
    (901) 526-2000
    (901) 577-2303 – Facsimile

M EFC 1024999 v1
2850487-000001 5/19/2007