# EXHIBIT B

[Proposed Form of Order]

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: Docket No. ___ |
| | | Agenda Item No. ____ |

## ORDER AUTHORIZING SETTLEMENT WITH TRUMBULL MEMORIAL HOSPITAL AND GRANTING CERTAIN RELATED RELIEF

This matter coming before the Court on the "Motion of Debtors for Entry of an Order Authorizing Settlement of Claim filed by Asbestos PD Claimant Trumbull Memorial Hospital and Protecting the Confidentiality of Certain Portions Thereof" (the "Motion") filed by the Debtors;[1] the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Settlement, a copy of which is annexed to the Motion as Exhibit A, is APPROVED.

3.      The Debtors shall be, and hereby are, authorized to enter into the Settlement, and are authorized to execute, deliver, implement and fully perform any and all

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement and perform any and all obligations contemplated therein.

       4.    The Settlement Amount shall remain confidential and shall not be disclosed except to the extent that, after entry of this Approval Order, the Claimant and/or the Debtor believes it is necessary to provide the Settlement Amount to any tax preparer, governmental agency, insurer and/or legal or financial professional.

       5.    The Settlement (whether or not consummated), and any actions taken pursuant to the Agreement, shall not be construed, offered or received by anyone for any purpose whatsoever, including, but not limited to:

- an estimation proceeding under section 502(c) of the Bankruptcy Code,

- as, or deemed to be, evidence of a presumption, concession or an admission by Grace of the truth of any fact alleged or the validity or value of any of the Claim or any other claims asserted against Grace or of the deficiency of any defense which has or could have been asserted to the Claim, or of any liability, fault, or wrongdoing on the part of Grace with respect to the Claim or any other claims asserted against Grace (other than in such proceedings as may be necessary to effectuate the provisions of this Agreement), or

- as any admission by Grace that its products are to be found or have been identified as present the Claimant's building or other facilities.

       6.    This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order subject to the provisions of the Settlement.

Dated: June __, 2007

                                _____
                                  The Honorable Judith K. Fitzgerald
                                  United States Bankruptcy Judge