IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Related to Docket Nos. 9315, 15445,** |
| ) | **15617, 15625, 15646, 15697, 15701, and** |
| ) | **15702** |

**DEBTORS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR OBJECTIONS TO CERTAIN PROPERTY DAMAGE CLAIMS**

The three (3) responses that were filed to Debtors' Motion for Leave to Amend Their Objections to Certain Property Damage Claims ("Debtors' Motion to Amend") provide no explanation whatsoever as to how the Speights & Runyan Claimants will be prejudiced by Debtors' proposed amendments.[1] As the Speights & Runyan Response concedes, prejudice is the touchstone of the Rule 15 analysis. *See* Speights & Runyan Response, at 13-14 (prejudice is the "most important" and the "crucial" factor in the Rule 15 analysis). Despite being afforded at least four opportunities to articulate any prejudice to claimants, Speights & Runyan have come up with nothing.[2] Because there is no prejudice here, and because this bankruptcy court is a court of equity, Debtors' Motion to Amend should be granted.

---

[1] Speights & Runyan filed a response on behalf of the Canadian claimants (the "Speights & Runyan Response") and a joinder in that response on behalf of two other property damage claimants. The Official Committee of Asbestos Property Damage Claimants filed an "Objection" to Debtors' Motion, even though Debtors' Motion involves solely Speights & Runyan claimants.

[2] The issue of Debtors' Updated Objections has now been discussed before the Court twice since April 30 when those objections were filed: once on May 2 and again on May 9. Speights & Runyan filed its Motion to Strike on May 7 and its Response on May 18. While the Speights & Runyan Claimants have extensively litigated this issue, they have made no attempt to show prejudice.

Moreover, Speights & Runyan completely ignore the interests of justice mandate of Rule 15 that clearly favors the limited amendments Debtors have requested. Debtors seek to amend their Fifteenth Omnibus Objection: (1) to supplement their product identification objections to Speights & Runyan claims for buildings where Debtors believe their products were never installed; and, (2) to clarify that Debtors have objected to Canadian time-barred claims pursuant to all applicable Canadian limitations periods.[3] Debtors believe these defenses will dispose of the claims at issue. Judged by the extraordinary lengths to which Speights & Runyan have gone to preclude the Court from even hearing these objections, Debtors likely are correct.

If the Court denies Debtors' Motion to Amend, the Speights & Runyan Claimants may recover assets of the estate based on fabricated and time-barred claims. This unwarranted depletion of Debtors' funds that would otherwise be available for meritorious claims is extremely inequitable and should not be permitted. In short, the interests of justice are served by allowing the Court to consider Debtors' proposed objections to the Speights & Runyan claims because those objections will likely result in the dismissal of many, if not all, of those claims.

I.    Debtors' Motion To Amend Is Governed By Rule 15 of the Federal Rules

While Speights & Runyan concede that Rule 15 governs the Debtors' Motion to Amend, they nevertheless attempt to invoke Rule 16 to shift the burden to Debtors to show cause for the amendment. *See* Speights & Runyan Response at 10-13. As the Speights & Runyan Response recognizes, however, the Rule 16 analysis only applies where a party attempts to amend after a deadline for amendment – *that was established by a case management order* – has passed. *See, e.g., Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp.2d 618, 631 (D. Md. 2003)

---

3    Debtors specifically raised Canadian statutes of limitations as objections. Because Debtors later stated that the Canadian "ultimate statute of limitations" operates like an American statute of repose, Speights & Runyan argued that Debtors needed to assert a "statute of repose" objection. While Debtors unequivocally disagree with this argument, in an attempt to avoid further needless argument, Debtors added "statute of repose" as an objection.

(noting interplay between Rules 15 and 16 when a motion to amend to add additional parties was filed after the expiration of the CMO's deadline for amending and adding new parties).

No deadline for amending Debtors' objections was set in any of the Court's case management orders relating to asbestos property damage claims. Rule 16 accordingly is inapposite to Debtors' Motion to Amend.

Therefore, the Court needs to consider only Rule 15.[4] As Speights & Runyan concedes, potential prejudice to the opposing party, not the diligence of the moving party, is the critical factor in determining whether to grant leave to amend. *See* Speights & Runyan Response at 14. In addition, Rule 15 specifically provides that motions to amend should be granted when "justice so requires." Debtors' Motion to Amend should be granted because the proposed amendments will not prejudice the Speights & Runyan Claimants and because they will serve the interests of justice.

II.     Debtors' Proposed Amendments Will Not Prejudice The Speights & Runyan Claimants.

The Speights & Runyan Claimants will not be prejudiced by Debtors' proposed product identification amendments because:

- Speights & Runyan knew when they filed their claims in 2003 that it was their burden to establish product identification;

- Speights & Runyan partnered with Donald Pinchin, an alleged product identification expert *working solely on a contingency fee basis*, who submitted product identification opinions in 2003 in support of the claims and was deposed by Debtors on those opinions;

- On April 9, 2007, Mr. Speights represented to the Court that Speights & Runyan are relying on Pinchin's opinions to establish product identification;

- On January 17, 2007, Dr. Richard Lee's expert report identified product identification deficiencies in the Speights & Runyan claims;

---

4   While the Speights & Runyan Response argues that Debtors have "waived" these objections, no authority is cited for this position. There is no factual or legal basis to support a "waiver" argument.

- Speights & Runyan had a full and fair opportunity to depose Dr. Lee on all aspects of his report; and

- Any additional discovery on product identification, while unnecessary, could be completed by the parties on an expedited basis.

Debtors' amended objections will not change the theory of the case, as Speights & Runyan seem to suggest: product identification is a fundamental element of every property damage claim, has always been at issue with respect to these claims and Speights & Runyan has already prepared its product identification case. These claimants accordingly will not be prejudiced by this amendment and Speights & Runyan do not claim otherwise.

Speights & Runyan similarly will not be prejudiced by the proposed clarification on the Canadian statute of limitations because:

- Debtors objected to the claims in the Fifteenth Omnibus Objection on the grounds that they were barred by *all* applicable Canadian limitations periods;

- Debtors repeated those objections at least three more times: (1) in the November 6, 2006 Preliminary Witness Disclosure (Docket No. 13589); (2) in the December 21, 2006 Expert Report of Mr. Graeme Mew (Docket No. 14136); and, (3) in the March 13, 2007 Final Witness Disclosure (Docket No. 14852);

- Speights & Runyan deposed Mr. Mew, Debtors' expert on Canadian limitations periods, twice (March 15 and May 11) and had ample opportunity to question him on all aspects of Canadian limitations law; and

- Canada's ultimate limitations period runs from the date of the installation of the product, which is not in dispute, and is based on Speights & Runyan's own admissions.

The Canadian statute of limitations defense not only was properly asserted in the Fifteenth Omnibus Objection, but also has been extensively litigated by both the Debtors and Speights & Runyan. Debtors' proposed limitations period amendment accordingly is simply a technical amendment that will: (1) dispose of a technical pleading argument that Speights & Runyan raised and that Debtors strongly contest; (2) clarify the record; and, (3) avoid any further unnecessary delay in resolving these claims. This amendment will not result in any prejudice to

the Speights & Runyan Claimants. The Speights & Runyan Claimants make no contrary contention.

III.    The Interests of Justice Compel The Grant of Debtors' Motion To Amend.

As this Court has recognized, "[t]he bankruptcy court is a court of equity and must do justice to all parties." *In re Budinsky*, 1991 WL 105640 at *2 (W.D. Pa. June 10, 1991) (J. Fitzgerald); *see also United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1990); 2 Collier on Bankruptcy, ¶ 105.02 at 105-8.1 (2004). The interests of justice demand that the Speights & Runyan claims be evaluated on their merits under the law. If the claims are legally deficient – as Debtors believe them to be – either because they do not involve Debtors' products or because they long have been barred by applicable limitations periods, fundamental fairness dictates that the Court allow Debtors the opportunity to raise those meritorious and likely dispositive objections. It would be unfair to allow the Speights & Runyan Claimants to recover any assets of the estate – to the potentially significant detriment of other claimants – on claims that are devoid of legal merit. This is particularly true where, as here, Debtors' proposed amendments will in no way prejudice the Speights & Runyan Claimants.

[Remainder of Page Left Intentionally Blank]

## CONCLUSION

Because Debtors' proposed amendments will not prejudice the Speights & Runyan Claimants and will best serve the interests of justice, Debtors' Motion to Amend should be granted.

REED SMITH LLP
James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
Traci S. Rea
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3131

and

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Janet S. Baer
Samuel Blatnick
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

_/s/ [signature]_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100
Co-Counsel for the Debtors and
Debtors in Possession
