|  | Date of Claims Settlement Notice: | **May 24, 2007** |
|---|---|---|
|  | Opposition/Responses Due: | **June 13, 2007** |

| In re | Case No. 01-1139 (JKF) |
|---|---|
| **W. R. GRACE & CO., et al.,**[1] | Chapter 11 |
| Debtors. | Jointly Administered |

### THIRTEENTH CLAIM SETTLEMENT NOTICE

THIS NOTICE IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "BANKRUPTCY COURT") AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING (THE "COURT ORDER"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIMS SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. If the terms set forth in this notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Attached hereto as <u>Exhibit A</u> is the summary of the claim (the "<u>Claim</u>") which certain of the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") seek to settle pursuant to the procedures approved by the Court Order and attached hereto as <u>Exhibit B</u> are certain supporting materials. This Claim involves allowing the Minnesota Pollution Control Agency (the "<u>MPCA</u>") an unsecured claim in the amount of $360,000.

If you oppose the settlement of the Claim, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

Objection Procedures:

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "<u>Negative Notice Parties</u>") a written objection to this Claim Settlement Notice. All objections and responses must be <u>received</u> by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this notice (June 13, 2007) at 4:00 p.m. (E.D.T.).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James O'Neill of Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP at 919 N. Market St., 17th Floor P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

### OFFICE OF UNITED STATES TRUSTEE

| | |
|---|---|
| United States Trustee's Office<br>Attn: David M. Klauder<br>844 King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE 19801 | **FAX: (302) 573-6497** |

### COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'

| | |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Arlene G. Krieger, Esq. | **FAX: (212) 806-6006** |

### COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS

| | |
|---|---|
| Caplin & Drysdale<br>375 Park Avenue, 35th Floor<br>New York, NY 10152<br>Attn: Elihu Inselbuch | **FAX: (212) 644-6755** |
| Caplin & Drysdale<br>One Thomas Circle, N.W., Suite 1100<br>Washington, District of Columbia 20005<br>Attn: Peter Van N. Lockwood | **FAX: (202) 429-3301** |
| Campbell & Levine<br>800 North King Street, Suite 300<br>Wilmington, DE 19801<br>Attn: Matthew G. Zaleski | **FAX: (302) 426-9947** |

### COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>First Union Financial Center<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Attn: Scott L. Baena | **FAX: (305) 374-7593** |

## COUNSEL TO THE DIP LENDER

| | |
|---|---|
| Latham & Watkins<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL  60606<br>Attn:   Douglas Bacon | **FAX: (312) 993-9767** |

## COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

| | |
|---|---|
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York  10036<br>Attn:   Thomas Moers Mayer<br>        Gary M. Becker | **FAX: (212) 715-8000** |

## CO-COUNSEL TO THE DEBTORS

| | |
|---|---|
| Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, Illinois  60601<br>Attn:   Janet S. Baer | **FAX: (312) 861-2200** |
| Pachulski, Stang, Ziehl, Young, Jones<br>    & Weintraub LLP<br>919 N. Market Street, 16th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br>(Courier 19801)<br>Attn:   James O'Neill, Esq. | **FAX: (302) 652-4400** |

W. R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139

Exhibit A

| Debtor: | Settling Parties: | Description of Settlement |
|---|---|---|
| W. R. Grace & Co. | The Debtors and the MPCA | The Claim was based on alleged liability for certain environmental contamination and clean up costs emanating from the Western Minerals Processing Site in Minneapolis, Minnesota under, among other things, the Minnesota Environmental Response and Liability Act ("MERLA") and the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA").<br><br>The claim originally asserted $2.616 million in past and present costs associated with remediating asbestos contaminations in residential properties. In return for allowing the MPCA an unsecured, nonpriority prepetition claim in the amount of $360,000 the MPCA agreed to forfeit all pre or post petition claims against the Debtors with respect to the matters contained in the Claim. The settlement is based on past remedial costs and an estimate of future remediation costs for 34 homes that have asbestos levels allegedly exceeding the EPA's target 1% remediation threshold. Additionally, the MPCA agreed the settlement constituted an "administrative settlement" under CERCLA and a "settlement" under MERLA.<br><br>As the settlement reflects a substantial reduction from the claim amount, in the event the plan of reorganization does not provide for a 100% distribution on unsecured claims of at least 85% cash and 15% stock, MPCA has the right to void the settlement. |

W. R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139
Exhibit B

Supporting Materials

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.*[1] | ) | **Chapter 11** |
| | ) | |
| Debtors. | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |

## SETTLEMENT STIPULATION RESOLVING CLAIMS OF
## MINNESOTA POLLUTION CONTROL AGENCY

This stipulation is entered into this 27th day of April 2007, between the above-captioned

debtors (collectively, the "Debtors") and the Minnesota Pollution Control Agency ("MPCA").

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their

respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food ᴎN Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

WHEREAS, on March 28, 2003 MPCA filed one Proof of Claim ("MPCA's Claim") against the Debtors with respect to the Western Minerals Processing Site in Minneapolis, MN described as follows:

| Claim No. | Amount | Priority | Basis |
|-----------|--------|----------|-------|
| 9648 | $2,616,000 | Unsecured, Non-Priority | Clean-Up Costs |

WHEREAS, on January 13, 2005 the Debtors proposed an Amended Joint Plan of Reorganization under which allowed General Unsecured Creditors Claims shall be paid 85% in cash and 15% in stock of the Reorganized Debtors  (the "Proposed Plan");

WHEREAS, the Debtors and MPCA have agreed to settle MPCA's Claim on the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the terms and conditions contained herein, the Debtors and MPCA hereby stipulate and agree as follows:

1.    MPCA's Claim, Claim Number 9648, shall be allowed as an unsecured, pre-petition, non-priority  claim against the chapter 11 estates of the Debtors in the amount of $360,000.  MPCA shall not be entitled to pre-petition or post-petition interest on MPCA's Claim with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan").   All other amounts outlined in or related to Claim No. 9648 shall hereby be disallowed and expunged, except as may otherwise be provided herein.

2.    The Debtors acknowledge and agree to the allowance of MPCA's Claim as a pre-petition, unsecured, non-priority claim in the total amount of $360,000, which claim will be paid

2

in the same manner as all other similarly situated General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above). The Debtors further acknowledge that MPCA has agreed to settle MPCA's Claim for a lesser sum than it believes is due in reliance on the anticipated treatment as set forth in the Proposed Plan. Because of such reliance, if the Plan does not provide for the payment in full of MPCA's Claim in the amount allowed pursuant to this stipulation, on or as soon as practicable after the effective date of the Plan, with the payment being at least 85% in cash and any remainder in common stock of the reorganized W.R. Grace & Co., the Debtors agree that MPCA shall have the option of declaring this Stipulation null and void. However, this option is for the sole benefit of MPCA. In the event MPCA sells or assigns its claim to another party at any time prior to payment under the Plan, such option terminates.

3.    Upon approval of this stipulation by the Bankruptcy Court, the Debtors shall direct their Claims Agent, Rust Consulting, Inc. ("Claims Agent"), to mark the Claims Register to reflect that Claim No. 9648 shall be Allowed as outlined herein.

4.    MPCA agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition or post-petition claims against the Debtors with respect to the matters contained in MPCA's Claim, including all past, present and future costs of investigation, remediation, monitoring and maintenance associated with releases of hazardous substances at or emanating from the Western Minerals Processing site including all claims for response action or response costs related to the site under the Minnesota Environmental Response and Liability Act, Minn. Stat., §§ 115B.01 to 115B.20 (MERLA) and the Comprehensive Environmental Response, Compensation and Liability Act, 42 USC § 9601 *et seq*. (CERCLA) or any other provision of law (the "Settled Matters").

3

5.      Debtors and the MPCA agree that this stipulation constitutes an "administrative settlement" as that term is used in Section 113, subsections (f)(2) and (f)(3)(B) of CERCLA, 42 U.S.C. Section 9613, subsections (f)(2) and (f)(3)(B), as amended, and constitutes a "settlement" as that term is used in Minn. Stat. § 115B.17, subd. 18. Debtors and the MPCA further agree that Debtors are entitled to contribution protection against, and to seek contribution from, any person not a party to this stipulation to the extent provided by Section 113, subsections (f)(2) and (f)(3)(B) of CERCLA, 42 U.S.C. § 9613, subsections (f)(2) and (f)(3)(B), and by Minn. Stat. § 115B.17, subd. 18, with respect to Settled Matters as defined in paragraph 4.

6.      In the event that this Stipulation becomes null and void for any reason, then the preceding paragraph 4 shall not apply, and MPCA's Claim shall be deemed fully reinstated, subject, however, to Debtor's defenses, counterclaims and offsets, if any, and credits for payments MPCA has received, if any. Neither this Stipulation nor its nullification pursuant to its terms shall create a right that does not presently exist for MPCA or any other party to file additional claims with respect to these matters, nor waive any defense that the Debtors may have against such claims.

7.      The Debtors shall take whatever additional action, if any, is necessary to insure that MPCA's Claim, Claim No. 9648, is allowed as outlined herein.

8.      Notwithstanding the foregoing, this Stipulation and the Debtors' signature hereon shall not become effective and binding until the Debtors have filed and served the Notice of settlement provided for in paragraph (f.) of the Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding, dated September 18, 2001 (the "Negative Notice") and the time periods provided for therein have passed without objection or any objection that was made has been resolved or overruled by the Bankruptcy

4

Court. Upon execution of this Stipulation by the parties, the Debtors shall promptly prepare and file the Negative Notice.

9.    In the event this Stipulation does not be come effective as outlined in paragraph 8 above prior to December 31, 2007, this Stipulation shall be null and void unless otherwise mutually agreed to by the parties.

Minnesota Pollution Control Agency

By: _____

Name: _Leo Raudys_

Title: _Deputy Commissioner_

Date: _4/24/07_

W. R. Grace & Co., *et al.*
("Debtors")

By: _____
        William M. Corcoran
        Vice President
        Public and Regulatory Affairs

Date: _4/9/2007_

5