| Date of Claim Settlement Notice: | **May 24, 2007** |
|---|---|
| Opposition/Responses Due: | **June 13, 2007** |

| In re | Case No. 01-1139 (JKF) |
|---|---|
| **W. R. GRACE & CO., <u>et al.</u>,**[1] | Chapter 11 |
| Debtors. | Jointly Administered |

### FOURTEENTH CLAIM SETTLEMENT NOTICE

THIS NOTICE IS PROVIDED TO YOU PURSUANT TO THAT CERTAIN ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE (THE "<u>BANKRUPTCY COURT</u>") AUTHORIZING AND APPROVING AN OMNIBUS PROCEDURE FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION BROUGHT BY OR AGAINST THE DEBTORS IN A JUDICIAL, ADMINISTRATIVE, ARBITRAL OR OTHER ACTION OR PROCEEDING (THE "<u>COURT ORDER</u>"). YOU MUST ADHERE TO THE TERMS OF THIS CLAIMS SETTLEMENT NOTICE IN ORDER TO PROTECT YOUR RIGHTS. PLEASE READ THE FOLLOWING PROCEDURES CAREFULLY.

Pursuant to the Court Order, the Debtors must provide notice to the Negative Notice Parties (as defined herein) of any settlement with a value that equals or exceeds $50,000, but does not exceed $1,000,000. Such notice must include the terms of the settlement and the Debtors' basis for belief that each settlement is fair and reasonable. If the terms set forth in this notice are not objected to in writing by any of the Negative Notice Parties within twenty (20) days after the date of transmittal of such written notice, the Debtors may enter into, execute and consummate a written agreement of settlement that will be binding on them and their estates three (3) days after the submission to the Bankruptcy Court by the Debtors of a certificate of no objection with respect to such settlements. **In no event, however, will a settlement executed by the Debtors in accordance with the Court Order provide for any monetary payments to be made by the Debtors from property of their estates to or on behalf of a settling party on account of any claims owing or arising prior to April 2, 2001, the date the Debtors filed**

---

1    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**their petitions for relief under title 11 of the United States Code.** Such claims shall be satisfied in accordance with such further orders of the Bankruptcy Court or in accordance with the Debtors' plan of reorganization.

Attached hereto as <u>Exhibit A</u> is the summary of the claim (the "<u>Claim</u>") which certain of the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") seek to settle pursuant to the procedures approved by the Court Order and attached hereto as <u>Exhibit B</u> are certain supporting materials. This Claim involves $100,000 in indemnification being paid to the Debtors by Tahari Ltd. and a mutual release among all parties related to the following lawsuits: <u>1114 Trizechahn-Swig, LLC v. W.R. Grace & Co.-Conn. and Tahari, Ltd.</u>, Supreme Court of the State of New York, County of New York Index No. 110174/03 (the "<u>Original Action</u>") and <u>Kronish Lieb Weiner & Hellman, LLP v. Tahari, Ltd. v. 1114 Trizechahn-Swig, LLC and W.R. Grace & Co.-Conn.</u> Supreme Court of the State of New York, County of New York Index No.: 604183/04 (the "<u>Joined Action</u>").

If you oppose the settlement of the Claim, you must follow the procedures delineated below. Please note that objections, oppositions or comments to the procedures set forth herein shall not be deemed an objection to the settlement of the Claim and will, therefore, not be considered.

<u>Objection Procedures</u>:

If you object to the settlement of the Claim, you **MUST** serve on the parties listed below (collectively, the "<u>Negative Notice Parties</u>") a written objection to this Claim Settlement Notice. All objections and responses must be <u>received</u> by the Negative Notice Parties at the facsimile numbers set forth below no later than twenty (20) days after the date of this notice (June 13, 2007) at 4:00 p.m. (E.D.T.).

If a timely objection is not received by the Negative Notice Parties and Debtors' counsel, the Claim shall be deemed resolved without further notice or hearing of the Bankruptcy Court.

If a timely objection is received by the Negative Notice Parties and Debtors' counsel and a resolution to the objection cannot be reached among the parties, the Debtors will file a copy of the Claim Settlement Notice and your objection with the Court and will schedule a hearing to consider the Claim Settlement Notice. Unless otherwise ordered by the Court, if such objection is overruled or withdrawn, the settlement of the Claim shall be deemed to have occurred on the date the Court enters an order approving the Claim Settlement Notice.

Any questions or comments regarding the foregoing procedures may be forwarded to James O'Neill of Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP at 919 N. Market St., 17th Floor P.O. Box 8705, Wilmington, Delaware 19899-8705, (302) 652-4100.

## DISTRIBUTION LIST/NEGATIVE NOTICE PARTIES

### OFFICE OF UNITED STATES TRUSTEE

| | |
|---|---|
| United States Trustee's Office<br>Attn: David M. Klauder<br>844 King Street, Suite 2207<br>Lock Box 35<br>Wilmington, DE 19801 | **FAX: (302) 573-6497** |

### COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'

| | |
|---|---|
| Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038-4982<br>Attn: Arlene G. Krieger, Esq. | **FAX: (212) 806-6006** |

### COUNSEL TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS

| | |
|---|---|
| Caplin & Drysdale<br>375 Park Avenue, 35th Floor<br>New York, NY 10152<br>Attn: Elihu Inselbuch | **FAX: (212) 644-6755** |
| Caplin & Drysdale<br>One Thomas Circle, N.W., Suite 1100<br>Washington, District of Columbia 20005<br>Attn: Peter Van N. Lockwood | **FAX: (202) 429-3301** |
| Campbell & Levine<br>800 North King Street, Suite 300<br>Wilmington, DE 19801<br>Attn: Matthew G. Zaleski | **FAX: (302) 426-9947** |

### COUNSEL TO THE OFFICIAL COMMITTEE OF PROPERTY DAMAGE CLAIMANTS

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>First Union Financial Center<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Attn: Scott L. Baena | **FAX: (305) 374-7593** |

**COUNSEL TO THE DIP LENDER**

| | |
|---|---|
| Latham & Watkins<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Attn:    Douglas Bacon | FAX: (312) 993-9767 |

**COUNSEL TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

| | |
|---|---|
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Attn:   Thomas Moers Mayer<br>         Gary M. Becker | FAX: (212) 715-8000 |

**CO-COUNSEL TO THE DEBTORS**

| | |
|---|---|
| Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Attn:   Janet S. Baer | FAX: (312) 861-2200 |
| Pachulski, Stang, Ziehl, Young, Jones<br>    & Weintraub LLP<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br>(Courier 19801)<br>Attn:   James O'Neill, Esq. | FAX: (302) 652-4400 |

W. R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139

Exhibit A

| Debtor: | Settling Parties: | Description of Settlement |
|---|---|---|
| W. R. Grace & Co.-Conn. ("Grace") | The Debtors, 1114 Trizechahn-Swig, LLC, and Tahari, Ltd. | Grace was the tenant/sublandlord of the 48th floor of 1114 Avenue of the Americas, New York, New York (the "Premises"). The owner/landlord was 1114 Trizechahn-Swig, LLC ("Landlord") and the subtenant was Tahari, Ltd. ("Subtenant"). The sublease commenced in 1996, and ended May 31, 2003. The Subtenant held over, claiming that it had been promised by both Grace and the Landlord that the term of its sublease would be extended, and that in reliance upon such promises, it spent hundreds of thousands of dollars on renovations that it never would have spent had Grace and the Landlord not made such promises.

The Landlord commenced the Original Action on June 3, 2003, seeking eviction and damages, naming Grace as a defendant along with the Subtenant. The Landlord's claims sought against Grace and the Subtenant include the fair value of use and occupancy for the period the Subtenant held over, damages sustained as a consequence of the Landlord's inability to deliver the premises to the incoming tenant, and attorneys' fees. Grace asserted cross-claims against the Subtenant for indemnification under the Sublease, seeking recovery of its attorneys fees and other costs and expenses associated with defending the eviction proceding. The Subtenant asserted counterclaims against the Landlord as well as cross-claims against Grace.

After two separate appeals to the Appellate Division, the Subtenant was finally ejected in January, 2005. The Original Action continued, with the Landlord continuing its action for damages and Grace seeking recovery of its attorneys' fees, costs and expenses.

In December, 2004, Kronish Lieb Weiner & Hellman, LLP ("Kronish Lieb"), the party holding the option to the Premises, by the Joined Action sued the Subtenant in tort for damages related to the Subtenant's refusal to vacate timely. The Subtenant served a Third Party Complaint in the Joined Action for indemnification against the Landlord and Grace for any damages Kronish Lieb is awarded against the Subtenant. In response, the Landlord asserted affirmative claims against the Subtenant duplicating its claims in the Original Action, as well as duplicating claims against Grace as in the Original Action. The Joined Action and the Original Action were consolidated before the same judge.

On the eve of trial, the parties settled all of their claims against one another. Grace's damages at the time consisted of approximately $200,000 in attorneys' fees and costs. Grace agreed to resolve all claims against it, as well as dropping its affirmative indemnity claims against the Subtenant, by agreeing to receive from the Subtenant $100,000, as well as complete releases from both the Landlord and the Subtenant. |

W. R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139
Exhibit B

Supporting Materials

W.R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139
Exhibit B-1

Trizec Lease

## MUTUAL GENERAL RELEASE

This Mutual General Release is made this ____ day of _____, 2007 between and among 1114 6th Avenue Co. LLC f/k/a 1114 TrizecHahn-Swig, LLC ("Trizec"), and W.R. Grace & Co. - Conn. ("Grace") on the other hand.

WHEREAS, Trizec and Grace wish to release and discharge one another with respect to certain matters between them including but not limited to the allegations, causes of action, defenses, counterclaims and other matters arising in the actions entitled 1114 TrizecHahn-Swig, LLC v. W.R. Grace & Co.-Conn., Index No. 110174/03 and Kronish Lieb Weiner & Hellman LLP v. Grace Ltd., Index No. 604183/04 (both cases collectively referred to herein as the "Actions"), and all allegations, affirmative defenses, counterclaims and cross-claims that have been made or could have been made therein

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged:

1.    Trizec as well as its heirs, successors, executors, administrators, assigns, parents, subsidiaries, affiliates, divisions, co-ventures, related companies, consultants, members, partners, officers, directors, employees, agents, shareholders, managers, business managers, accountants, attorneys, representatives, consultants and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing, whether past, present or future (collectively the "Trizec Releasors"), release and discharge Grace, as well as its heirs, successors, executors, administrators, assigns, parents, subsidiaries, affiliates, divisions, co-ventures, related companies, consultants, members, partners, officers, directors, employees, agents, shareholders, managers, business managers, accountants, attorneys, representatives, consultants and all others persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing, whether past, present or future (collectively the "Grace Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts,

reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against the Grace Releasees, the Trizec Releasors ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of the world through the date of this Release arising with respect to any of the following matters (the "Released Matters") only: (i) all allegations, causes of action, defenses, affirmative defenses, counterclaims, and cross-claims that have been made or could have been made in the Actions, (ii) the lease dated July 7, 1972 between Alan G. Weiler, as landlord, and W.R. Grace & Co. ("Grace"), as tenant, as thereafter amended, (iii) the sublease dated as of February 23, 1996 between Grace and Tahari Ltd. and the agreement of even date therewith among Robert H. Arnow, Grace and Tahari Ltd. and (iv) the use and occupancy of portions of the building known as 1114 Avenue of the Americas, New York, NY by any of the Grace Releasors.

2.      Grace as well as its heirs, successors, executors, administrators, assigns, parents, subsidiaries, affiliates, divisions, co-ventures, related companies, consultants, members, partners, officers, directors, employees, agents, shareholders, managers, business managers, accountants, attorneys, representatives, consultants and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing, whether past, present or future (collectively the "Grace Releasors"), release and discharge Trizec, as well as its heirs, successors, executors, administrators, assigns, parents, subsidiaries, affiliates, divisions, co-ventures, related companies, consultants, members, partners, officers, directors, employees, agents, shareholders, managers, business managers, accountants, attorneys, representatives, consultants and all others persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing, whether past, present or future (collectively the "Trizec Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts,

2

reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against the Trizec Releasees, the Grace Releasors ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of the world through the day and date of this Release arising with respect to any of the Released Matters .

3.      Each signatory to this Mutual General Release represents and warrants that such signatory has obtained all necessary authorization and permission as may be required by applicable law, contract, or otherwise, to enter into and execute this Mutual General Release, including, but not limited to, the authority to sign on behalf of the party that the signatory purports to represent.

4.      The parties hereto represent and warrant that they will instruct their counsel to execute all documents reasonably necessary to effect a discontinuation and dismissal of the Actions with prejudice.

5.      Notwithstanding the forgoing, this Mutual General Release and Grace's signature hereon shall not become effective and binding until Grace has filed and served the Notice of settlement provided for in paragraph (f) of the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding, dated September 18, 2001* (the "Negative Notice") and the time periods provide for therein have passed without objection or any objection that was made has been resolved or overruled by the Bankruptcy Court. Upon execution of this Mutual General Release by the parties, Grace shall promptly prepare and file the Negative Notice.

3

IN WITNESS WHEREOF, the parties hereto have executed this General Release as of the

date and year first above written.

Dated: New York, New York
      May  , 2007

                          W.R. Grace  & Co. - Conn.


                          _____
                          By:


                          1114 6th Avenue Co. LLC f/k/a
                          1114 TrizecHahn-Swig, LLC
                          By: 1114 6th Avenue Holdings LLC,
                                managing member


                          By: _____
                              Kathleen Kane, Senior Vice President


STATE OF NEW YORK  )
                      ) ss:
COUNTY OF NEW YORK )

On this ___ day of ____, 2007, before me personally came Kathleen Kane to me known who, by me duly sworn, did depose and say that he/she is the Senior Vice President o of 1114 6th Avenue Holdings LLC, the Managing Member of 1114 6th Avenue Co. LLC, f/k/a 1114 TrizecHahn-Swig, LLC, who executed the foregoing General Release, and duly acknowledged to me that she executed the same on behalf of 1114 6th Avenue Co. LLC, f/k/a 1114 TrizecHahn-Swig, LLC, and that he/she is authorized to so execute this General Release.


_____
     Notary Public

4

STATE OF NEW YORK       )
                                       ) ss.:
COUNTY OF NEW YORK     )

      On the _____ day of _____ in the year 2007, before me personally came _____, to me known, who, being by me duly sworn, did depose and say that he/she/they reside(s) in _____, that he/she/they is (are) the _____ of W.R. Grace & Co. - Conn. the corporation described in and which executed the above instrument; and that that he/she/they signed his/her/their name(s) thereto by authority of the board of directors of said corporation.


_____
Notary Public

5

W.R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139
Exhibit B-2

Tahari Lease

## MUTUAL GENERAL RELEASE

This Mutual General Release is made this ____ day of _____, 2007 between and among W.R. Grace & Co.-Conn. ("Grace"), Elie Tahari, Ltd f/k/a Tahari Ltd. and Elie Tahari, individually (collectively, "Tahari") on the other hand.

WHEREAS, Grace and Tahari wish to release and discharge one another with respect to certain matters between them including but not limited to the allegations, causes of action, defenses, counterclaims and other matters arising in the actions entitled 1114 TrizecHahn-Swig, LLC v. W.R. Grace & Co.-Conn., Index No. 110174/03 and Kronish Lieb Weiner & Hellman LLP v. Tahari Ltd., Index No. 604183/04 (both cases collectively referred to herein as the "Actions"), and all allegations, affirmative defenses, counterclaims and cross-claims that have been made or could have been made therein

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged:

1.      Grace as well as its heirs, successors, executors, administrators, assigns, parents, subsidiaries, affiliates, divisions, co-ventures, related companies, consultants, members, partners, officers, directors, employees, agents, shareholders, managers, business managers, accountants, attorneys, representatives, consultants and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing, whether past, present or future (collectively the "Grace Releasors"), release and discharge Tahari, as well as its heirs, successors, executors, administrators, assigns, parents, subsidiaries, affiliates, divisions, co-ventures, related companies, consultants, members, partners, officers, directors, employees, agents, shareholders, managers, business managers, accountants, attorneys, representatives, consultants and all others persons, corporations or other entities acting under the supervision,

direction, control or on behalf of any of the foregoing, whether past, present or future (collectively the "Tahari Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against the Tahari Releasees, the Grace Releasors ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of the world, through the date of this Release, arising with respect to any of the following matters (the "Released Matters") only: (i) all allegations, causes of action, defenses, affirmative defenses, counterclaims, and cross-claims that have been made or could have been made in the Actions, (ii) the lease dated July 7, 1972 between Alan G. Weiler, as landlord, and W.R. Grace & Co., as tenant, as thereafter amended, (iii) the sublease dated as of February 23, 1996 between W.R. Grace & Co. and Tahari Ltd. and the agreement of even date therewith among Robert H. Arnow, W.R. Grace & Co. and Tahari Ltd. and (iv) the use and occupancy of portions of the building known as 1114 Avenue of the Americas, New York, NY by any of the Grace Releasors.

2.     Tahari as well as its heirs, successors, executors, administrators, assigns, parents, subsidiaries, affiliates, divisions, co-ventures, related companies, consultants, members, partners, officers, directors, employees, agents, shareholders, managers, business managers, accountants, attorneys, representatives, consultants and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing, whether past, present or future (collectively the "Tahari Releasors"), release and discharge Grace, as well as its heirs, successors, executors, administrators, assigns, parents, subsidiaries, affiliates, divisions, co-ventures, related companies, consultants, members, partners, officers, directors, employees,

2

agents, shareholders, managers, business managers, accountants, attorneys, representatives, consultants and all others persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing, whether past, present or future (collectively the "Grace Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against the Grace Releasees, the Tahari Releasors ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of the world, through the day and date of this Release arising with respect to any of the Released Matters.

3.    Each signatory to this Mutual General Release represents and warrants that such signatory has obtained all necessary authorization and permission as may be required by applicable law, contract, or otherwise, to enter into and execute this Mutual General Release, including, but not limited to, the authority to sign on behalf of the party that the signatory purports to represent.

4.    The parties hereto represent and warrant that they will instruct their counsel to execute all documents reasonably necessary to effect a discontinuation and dismissal of the Actions with prejudice.

5.    Notwithstanding the forgoing, this Mutual General Release and Grace's signature hereon shall not become effective and binding until Grace has filed and served the Notice of settlement provided for in paragraph (f) of the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling*

3

*Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding,* dated *September 18, 2001* (the "Negative Notice") and the time periods provide for therein have passed without objection or any objection that was made has been resolved or overruled by the Bankruptcy Court. Upon execution of this Mutual General Release by the parties, Grace shall promptly prepare and file the Negative Notice.

IN WITNESS WHEREOF, the parties hereto have executed this General Release as of the date and year first above written.

Dated: New York, New York
April    , 2007

Tahari Ltd.

By: _____

Elie Tahari, personally

_____

W.R. Grace & Co.-Conn.

By: _____

4

STATE OF NEW YORK    )
          ) ss:
COUNTY OF NEW YORK )

  On this ___ day of ____, 2007, before me personally came Elie Tahari to me known who, by me duly sworn, did depose and say that he executed the foregoing General Release, and duly acknowledged to me that he executed the same.

              _____
                Notary Public

STATE OF NEW YORK    )
          ) ss:
COUNTY OF NEW YORK )

  On this ___ day of ____, 2007, before me personally came _____ to me known who, by me duly sworn, did depose and say that he/she is the _____ of W.R. Grace  & Co. - Conn., who executed the foregoing General Release, and duly acknowledged to me that he executed the same on behalf of W.R. Grace  & Co.-Conn., and that he/she is authorized to so execute this General Release.

              _____
                Notary Public

STATE OF NEW YORK    )
          ) ss:
COUNTY OF NEW YORK )

  On the _____ day of _____ in the year 2007, before me personally came _____, to me known, who, being by me duly sworn, did depose and say that he/she/they reside(s) in_____, that he/she/they is (are) the _____ of Tahari, Ltd., the corporation described in and which executed the above instrument; and that that he/she/they signed his/her/their name(s) thereto by authority of the board of directors of said corporation.

              _____
                Notary Public