### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | **Ref. No. 15804** |
| W.R. GRACE & CO., *et al.*, | |
| Plaintiffs, | Adversary No. A-01-771 |
| v. | **Ref. No. 446** |
| MARGARET CHAKARIAN, *et al.*, and JOHN DOES 1-1000, | |
| Defendants. | |

## MONTANA PLAINTIFFS' OBJECTION TO PROPOSED ORDERS STAYING THE STATE OF MONTANA AND BNSF LITIGATION

Plaintiffs (the "Montana Plaintiffs") in litigation against the State of Montana (the "State Litigation")[1] and BNSF (the "BNSF Litigation")[2] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby object to (i) the proposed Order Regarding State of Montana's Motion for Reconsideration of Court's Opinion and Order Denying Motion of the State of Montana for Relief from the Automatic Stay Entered April 16, 2007 submitted to this Court under a Certification of Counsel [Main D.I. 15804] dated May 24, 2007 and (ii) the proposed Order Regarding the Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against BNSF submitted to this Court under a Certification of

---

[1] The "State Litigation" is more specifically identified in the Opposition of Libby Claimants to Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana dated October 7, 2005 [Docket No. 363].

[2] The "BNSF Litigation" is more specifically identified in the Opposition of Libby Claimants to Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against BNSF dated April 13, 2007 [Docket No. 417].

Counsel [Adv. D.I. 446] dated May 25, 2007 (collectively, the "Proposed Stay Orders"), and, instead, request that the Court enter the form of order attached hereto, denying the proposed "temporary stays" of the State and BNSF Litigation without prejudice, and scheduling a hearing on the Proposed Stay Orders for June 25, 2007. As grounds therefor, the Montana Plaintiffs state that entry of the Proposed Stay Orders would deny them due process of law for the reasons set forth below:

    1.    At the commencement of the omnibus hearing on May 21, 2007, the Court heard oral argument on Hearing Agenda items 4, 5, 7 and 8, consisting of matters relating to the Debtors' requested injunctions against non-debtor litigation against the State of Montana and BNSF.[3] Specifically, the Court heard argument concerning requests by Grace [Docket No. 427] and the State [Docket No. 426] that the Court reconsider its Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana [Docket No. 420] and Memorandum and Opinion [Docket No. 419], both entered on April 16, 2007 (collectively, the "Injunction Denial Decision") and also concerning Grace's Motion to Expand the Preliminary Injunction to Include Actions Against BNSF dated March 26, 2007 [Docket No. 398] (the "BNSF Injunction Motion"). Because of the close relationship of the Injunction Denial Decision and the BNSF Injunction Motion, all counsel concerned with either the BNSF Injunction Motion or reconsideration of the Injunction Denial Decision addressed the Court at that time. Upon hearing all of the arguments, the Court announced that it would take the matters under advisement.

    2.    In no filed pleading related to the BNSF Injunction Motion or reconsideration of the Injunction Denial Decision and at no time during this argument—including after the Court

---

[3] "BNSF" is BNSF Railway Company and its predecessors, the Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company.

announced that it would take the matters under advisement—did any party request that a temporary stay of the State Litigation or the BNSF Litigation be entered. After conclusion of the oral argument (and following argument of BNSF's motion concerning discovery of insurance policies (item 6 on the Hearing Agenda)), counsel to the Montana Plaintiffs asked that he be excused on the basis that all matters on the Hearing Agenda relating to the Montana Plaintiffs had been completed. The Court granted counsel's request. The Court proceeded to subsequent items on the hearing agenda. Counsel to the Montana Plaintiffs left the courtroom and headed back to Boston.

3.    Toward the end of the hearing, counsel to the State of Montana notified the Court that item 9 on the Hearing Agenda – the State's motion requesting that the Court reconsider its opinion and order denying the State relief from the automatic stay – had not yet been addressed. The matter was then presented to the Court. In the course of this argument, it was apparently suggested that this Court enter a "temporary stay" of the State Litigation. Thus, in the course of argument of a motion involving the State and Grace, not the Montana Plaintiffs,[4] and after Montana Plaintiffs' counsel had been excused from the hearing because matters affecting the Montana Plaintiffs had been completed, entry of a "temporary stay" against the Montana Plaintiffs was discussed. With no one in the courtroom opposing such stay, this Court directed that an order imposing such stay be prepared and submitted. On May 24, 2007, the State circulated a proposed form of order to further stay the State Litigation, to which the Montana Plaintiffs object hereby.

4.    Also on May 24, 2007, Grace circulated another proposed form of order, whereby the BNSF Litigation would be temporarily stayed, even though the request for such relief was

---

[4] This Court's previous stay of the State Litigation was entered in connection with Grace's motion to enjoin the State Litigation, not the State's lift-stay motion.

never made by any pleading or during the hearing on the BNSF Injunction Motion. Thus, by the completely improper method of a certification of counsel and proposed form of order (which was not requested or invited by this Court), Grace seeks relief that has not been the subject of any motion or other request for relief.

5.    The Montana Plaintiffs submit that staying the State or BNSF Litigation for any period of time without the opportunity for the Montana Plaintiffs to be heard would violate due process of law.[5] It would also be contrary to the norms of practice in this Court, whereby matters are heard in accordance with a Hearing Agenda and lawyers concerned with only certain matters on the agenda need be present only during consideration of those items. Here, counsel to the Montana Plaintiffs took the additional step of asking to be excused on the basis that agenda items concerning the Montana Plaintiffs had been completed, and (with no objection, including from counsel to the State of Montana or Grace) this Court granted counsel's request. It was completely improper for the State's counsel (in respect of the State Litigation) to seek relief against the Montana Plaintiffs after their counsel had been excused from the hearing, and it is even more improper for Grace (in respect of the BNSF Litigation) to circumvent this Court's procedures for motion practice by utilizing a certification of counsel to seek relief against the Montana Plaintiffs that was never the subject of a motion. The integrity of this Court's adjudicative process demands that this Court not enter the Proposed Stay Orders without providing an opportunity for the Montana Plaintiffs to be heard.

---

[5] In any event, a temporary stay is permitted for only a maximum of 20 days by Fed. R. Civ. P. 65(b), see Granny Goose Foods. Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 433 (1974), and that any stay—whether a temporary restraining order or preliminary injunction—must meet the four-part test for the issuance of an injunction, with the burden being on the movant. See The Pitt News v. Fisher, 215 F.3d 354, 365 -66 (3d Cir. 2000);Smith v. Litton Loan Servicing, L.P., 2005 WL 289927, *6 (E.D. Pa. 2005).

6.      The proposed order staying the State Litigation presents serious issues and is an entirely different matter from the previous stay imposed by this Court while it had under advisement Grace's original motion to enjoin the State Litigation.[6]   This Court has now determined, in the Injunction Denial Decision, that subject matter jurisdiction does not exist to enjoin the State Litigation.  Accordingly, it would be improper for any further stay of the State Litigation to be entered, not only because of lack of jurisdiction (in itself a fundamental obstacle) but because, even if the exercise of jurisdiction were permissible, Grace and the State have scant likelihood of success on the merits, given (a) the strict standard for reconsideration motions, and (b) the thorough consideration of the merits already given by this Court, over a period of more than a year, culminating in the Injunction Denial Decision.

7.      Similarly, apart from the flawed procedural request (relief by way of a certification of counsel in lieu of a motion), it would be improper to stay the BNSF Litigation in light of the Injunction Denial Decision as the BNSF Injunction Motion is governed by that decision unless Grace were to demonstrates by admissible evidence, as it has not even attempted to do, that the BNSF Injunction Motion is distinguishable from the Injunction Denial Decision in ways that would give rise to subject matter jurisdiction under the Third Circuit precedents cited by this Court in the Injunction Denial Decision. Even then, Grace would also need to meet its burden of establishing unusual circumstances and meeting the traditional four-part test.

---

[6] In addition to being entirely inappropriate for the reasons stated herein, the order proposed by the State would continue to stay the State Litigation even if this Court denies the motions for reconsideration and upholds its Injunction Denial Decision.  As noted in the Joinder of the Official Committee of Asbestos Personal Injury Claimants to this Objection, this result defies logic and is, in itself, a reason to deny the proposed order.

8.     Given the importance of the matters and the Montana Plaintiff's desire to be heard on the stay requests, the Montana Plaintiffs request that a hearing on the Proposed Stay Orders be scheduled for the next omnibus hearing, June 25, 2007 at 2:00 p.m.

Dated: May 25, 2007                    LANDIS RATH & COBB LLP

                                       Adam G. Landis (No. 3407)
                                       Kerri Mumford (No. 4186)
                                       919 Market Street, Suite 600
                                       P.O. Box 2087
                                       Wilmington, DE 19801
                                       (302) 467-4400

                                       - and -

                                       Daniel C. Cohn
                                       Christopher M. Candon
                                       COHN & WHITESELL LLP
                                       101 Arch Street
                                       Boston, MA  02110
                                       (617) 951-2505

                                       Counsel to the Montana Plaintiffs