IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., et al. | ) Chapter 11 |
| | ) |
| Debtors. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| | ) |
| | ) Related Docket No.: 15801 |

**W. R. GRACE & CO.'S RESPONSE TO ANDERSON MEMORIAL HOSPITAL'S MOTION TO STRIKE THE DEBTORS' DECEMBER 13, 2006 RESPONSES AND OBJECTIONS TO ANDERSON MEMORIAL HOSPITAL'S OCTOBER 30, 2006 AMENDED REQUESTS FOR PRODUCTION AND ANDERSON MEMORIAL HOSPITAL'S MOTION TO COMPEL THE DEBTORS TO PROVIDE FULL AND COMPLETE RESPONSES TO ANDERSON MEMORIAL HOSPITAL'S OCTOBER 30, 2006 AMENDED REQUESTS FOR PRODUCTION**

Remarkably, Speights & Runyan ("Speights") on behalf of Anderson Memorial accuses Grace of trying to "hide the ball" and "run the clock" on their client's discovery requests. Speights, not Grace, has delayed these bankruptcy proceedings for months by: (i) not filing a motion to compel a privilege log until March 31, 2007 -- *three-and-a-half months* after a December 7, 2006 meet-and-confer where Grace's counsel plainly stated that a privilege log was not appropriate and Grace would not provide one; and (ii) failing to *ever* explain -- not in motion papers, not at court hearings -- how Grace's and its outside counsel's litigation files from the putative class action that Anderson filed more than a decade ago in South Carolina are relevant to Anderson's class certification motion in this bankruptcy. Calling Anderson's original discovery requests a "fishing expedition," the Court long ago ordered Speights to connect the requests to Rule 23's requirements for class certification. Speights filed amended requests on October 30, 2006, but still did not comply with the Court's directive. The Court offered Speights one last chance and reiterated its prior request at the May 21, 2007 hearing. Speights' response

confirms -- once and for all -- that Anderson's discovery requests are not reasonably calculated to lead to admissible evidence relevant to its pending motion for class certification.

As has been true for a year and a half, Speights cannot muster a single legitimate reason for Anderson's discovery requests. Speights asserts that Anderson's requests are relevant to, among other things, whether the South Carolina proceedings were "fly by night," whether Grace "sought delay in the South Carolina proceedings," whether "the number and types of claims in the South Carolina class were substantial," whether Anderson is an adequate class representative, whether Grace "internally acknowledged the strength of the Anderson class," and whether Grace was "surprised" that Anderson sought a class action in this bankruptcy. *None of these have the slightest relevance to class certification issues on the current record in this bankruptcy proceeding.*

*First*, requests relating to the circumstances surrounding the South Carolina *Anderson Memorial* proceedings (for example, whether those proceedings were "fly by night") are irrelevant. Grace does not allege in these bankruptcy proceedings that the South Carolina proceedings were "fly by night."[1] And, this Court has recognized that (i) the South Carolina court never entered a final certification order as to Grace, and (ii) the conditional certification

---

[1] In multiple places in his Motion, Speights accuses Grace of having argued to this Court that the South Carolina proceedings were "fly by night." *See, e.g,* Anderson Motion at 17, 18, 23. Speights makes this accusation with no citation. Grace has indeed pointed out the highly unusual circumstances surrounding the South Carolina court's "conditional certification" order, namely that the "class certification by the state court (1) was a conditional order issued ex parte in response to an 'emergency' motion by the Speights firm; (2) was an unabashed attempt to give South Carolina creditors an advantage over other creditors in this bankruptcy; and (3) was invalidly finalized in violation of the automatic stay in these cases." (Debtors' Brief in Opposition to Motion of Anderson Memorial Hospital for Class Certification, 12/02/05, Dkt. 11245, at 27) Despite Speights' talismanic repetition of the phrase "fly by night," Grace has not said that the proceedings were "fly by night," but rather that the circumstances surrounding entry of the conditional class certification in the spring of 2001 were suspect. The full record of these proceedings has been the subject of multiple court hearings in this case, and the record speaks for itself.

2

order was limited to South Carolina claimants. In any event, Speights already has the entire certified record from the South Carolina court, as does this Court.

***Second***, requests relating to the number of putative *Anderson Memorial* class members and the nature of their claims are irrelevant and inappropriate. The Court approved Grace's notice program and concluded that it was thorough, so that all asbestos PD claimants who wished to pursue claims against Grace did so. Only 203 Speights U.S. and Canadian claims, including only one South Carolina claim, remain. These are the only claims that matter here, and the small number of remaining claims confirms that Anderson cannot satisfy Rule 23's numerosity and superiority requirements.

***Third***, requests relating to Speights' adequacy as class counsel are -- and have been for months -- irrelevant. To narrow the discovery dispute, Grace took the adequacy issue off the table many months ago. Grace stipulated that it is no longer challenging Speights' adequacy as class counsel or Anderson's adequacy as a putative class representative.

***Fourth***, requests targeting Grace's internal assessments of the South Carolina *Anderson Memorial* litigation are highly improper. Such requests have no bearing on Anderson's pending motion for class certification, call for work product and attorney-client privileged materials, and, to the extent that they seek the production of statements that Grace allegedly made during settlement negotiations, ignore Federal Rule of Evidence 408. Put simply, Speights cannot use Grace's lawyers' statements or evaluations, or Grace's financial reserves (if any), as admissions in support of Anderson's pending motion for class certification. Therefore, Grace's internal assessments are both undiscoverable and inadmissible.

***Fifth***, requests relating to the *merits* of the property damage claims filed in *Anderson Memorial* or in these bankruptcy proceedings are even further off-base and are also barred by

Supreme Court precedent. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.").

For these reasons, Anderson's motion to strike Grace's objections and compel more responses to its requests for production should be denied, and the class certification hearing scheduled for June 8 should proceed without further delay. In response to Anderson's baseless requests, Grace has already (1) voluntarily prepared a detailed set of responses and objections, (2) produced "pre-bankruptcy non-privileged factual materials" specifically relating to Anderson's individual claims, (3) produced two records custodians for depositions regarding Grace's and its outside counsel's *Anderson Memorial* litigation files, (4) produced three separate indices describing those litigation files, and (5) withdrawn its challenges to Speights' adequacy as class counsel and Anderson's adequacy as a class representative in these bankruptcy proceedings. Enough is enough.

## BACKGROUND

The first fifteen pages of Speights' submission present a lopsided characterization of *Anderson Memorial* disputes in these bankruptcy proceedings. For the Court's convenience, and also to set the record straight, this background section provides a chronological overview of developments relating to Anderson Memorial Hospital's October 21, 2005 motion for class certification and its subsequent discovery requests. This record confirms that, at this late stage in the bankruptcy proceedings, Anderson Memorial's discovery requests have no bearing on the class certification motion before the Court.

4

(a)  **October-December 2005: Speights Files Anderson Memorial's Motion For Class Certification Based On Alleged Inadequacies In Grace's Notice Program And Grace Files Its Response. The Motion Is Set To Be Heard In December.**

On October 21, 2005, Speights filed a motion for class certification on behalf of Anderson Memorial Hospital and all property owners everywhere "whose buildings contain or used to contain the asbestos-containing surfacing materials for which the Debtors are responsible." (Dkt. No. 10014 at 1) The motion's central premise -- and the only argument it offers in support of Rule 23's superiority requirement -- is that class certification is appropriate because Grace failed to provide sufficient notice of the bar date to potential property damage claimants. (*Id.* at 2, 15) Even though the motion hinges on the alleged inadequacy of Grace's notice program, Speights estimated at the time he filed the motion that its broad class definition encompassed "thousands of asbestos property damage claims currently *pending in this bankruptcy* that fit within the Anderson class definition." (*Id.* at 10) (emphasis added)

The Court recognized early on that Anderson Memorial's motion for class certification presents a legal issue rather than a factual one. At the October 31, 2005 hearing, Grace argued that the motion for class certification, filed more than two and a half years after the bar date had passed, was procedurally inappropriate. Grace expressed its concern that Speights would propound class discovery to delay the bankruptcy's progress. (10/31/2005 Hrg. Tr. at 93-94) In response, the Court explained that it needed a brief on the "legal issue" of whether Speights could use class certification, after the bar dated had passed, to expand the universe of property damage claimants beyond those that had timely submitted proofs of claim. (*Id.* at 94; *see also id.* at 88-89 ("But the issue that I have is I don't see how at this point we're going to get more claims into a class than have already been filed when the bar date notice has gone out.")) Grace

addressed this issue in its December 2, 2005 response brief (Dkt. No. 11245), and the motion for class certification was set to be heard on December 19, 2005.

### (b) December 2005: Speights Requests Discovery And Grace Moves For A Protective Order. The Court Orders Supplemental Briefing On The Law Of Constructive Notice.

On December 13, 2005, just days before the class certification motion was scheduled to be heard, Speights served multiple discovery requests on Grace. The requests asked Grace to produce documents and designate 30(b)(6) witnesses to testify on four topics: (1) Grace's notice program; (2) the South Carolina *Anderson Memorial* class action, including settlement negotiations in that case; (3) efforts to exclude Speights from the PD Committee; and (4) communications with the Celotex Asbestos Settlement Trust and Bodily Injury Advisory Committee regarding Speights' claims. Less than a week later, on December 19, Grace moved for a protective order on the ground that the requests sought information completely irrelevant to class certification. (Dkt. No. 11365)

That same day, Speights argued in Court that his "limited" discovery requests were appropriate. (12/19/2005 Hrg. Tr. at 141) Nevertheless, the Court again made clear that the motion for class certification presents a legal issue. The Court stated that "there was a bar date" and "I'm a little bit at a loss as to why I need a class action when I have the universe of claims addressed." (*Id.* at 146) The Court then requested supplemental briefs on the purpose of constructive notice and its effect "in the event that somebody as to which the debtor should have provided actual notice was missed." (*Id.* at 150) Grace submitted its supplemental brief on

January 13, 2006 (Dkt. No. 11547). Speights submitted its supplemental brief on January 25, 2006 (Dkt. No. 11627).[2]

### (c) January 2006: The Court Requests Additional Information Regarding Grace's Notice Program And Defers Argument On Class Certification.

With all of the briefs in, Grace came to the January 26, 2006 omnibus hearing prepared to finally argue the merits of Anderson Memorial's motion for class certification. Speights, however, urged the Court to hold off on deciding the motion and permit his discovery relating to Grace's notice program. Speights also requested that the Court lift the automatic stay to allow him to petition the South Carolina court to unseal the record in the *Anderson Memorial* litigation. (1/26/2006 Hrg. Tr. at 37-38, 46-47, 52-53, 84) The Court expressed skepticism regarding the need for discovery relating to Grace's notice program (*id.* at 78) and reiterated its finding that "the notice program was appropriate" (*id.* at 86), but requested that counsel for Grace offer at the next hearing "some representation as to what the debtor did to find out who the actual claimants were." (*Id.* at 89)

The Court also requested that Speights provide the orders that the South Carolina court entered relating to *Anderson Memorial* class certification. (*Id.* at 72) However, it expressed skepticism regarding the need for certification of a class of property damage claimants. (*Id.* at 75) ("And frankly, at this point there just aren't enough [property damage claims] that I can see that it requires a class. So that's where I'm coming from. I don't see how a class is going to advance the cause of the bankruptcy at this point in time.")

---

[2] On January 10, 2006, Speights also filed a short, non-substantive response to Grace's motion for a protective order. The response notes that on December 19 "the parties briefly addressed Anderson's service of discovery, during which the Court identified a distinct legal question that it wanted to hear first as a threshold matter, and directed the parties to file supplemental briefs on a related legal argument." (Dkt. No. 11522 at 1)

91100-001\DOCS_DE:127832.1

### (d) August 2006: The Court Concludes That Grace's Notice Program Was Thorough And Denies Speights' Requests For Discovery Relating To That Program.

Over the next several months, Anderson Memorial's motion for class certification was put aside in light of negotiations regarding a consensual plan of reorganization. At the August 21, 2006 hearing, in response to the Court's request, Grace reported on its extensive notice program for potential property damage claimants. The Court found that Grace's notice program was thorough and rejected Speights' requests for discovery relating to the notice program. Speights' attempt to challenge Grace's notice program, the Court explained, came too late: "[T]he time to raise an issue as to whether the bar date notice and the notice program was adequate was at the time that I was considering it, not now." (8/21/2006 Hrg. Tr. at 273; *see also id.* at 274 ("I mean, I can't reopen issues that have been adjudicated for three years after a notice program and millions of dollars have gone out."); *id.* at 279 ("It is not time to reopen an issue that this Court adjudicated and has been a final order for three years."))

The Court also noted that it had received the orders from the South Carolina *Anderson Memorial* action in response to its prior request. After reviewing these orders, the Court concluded that "[t]here is no final certification as to Grace, and the conditional one at this point in time is irrelevant because it was not finally certified." (*Id.* at 281) The Court added that the South Carolina judge "struck all of the non-South Carolina entities from the class that the Judge did certify, so even if there were conditional certification as to Grace, it's only as to South Carolina defendants at this point in time." (*Id.*) Finally, the Court again stated that class certification would not advance the bankruptcy: "I don't see a need for class certification. The bar date is passed, and we're down to, I don't know, 600 and some claims and based on where we started that's a manageable number in this case." (*Id.* at 282) Speights acknowledged that he "lost" on the notice issue; nonetheless, at Speights' urging, the Court deferred ruling on the

8

merits of class certification to allow Anderson Memorial its "day in court" for any issues other than those relating to the notice program. (*Id.* at 283-84)

    (e)    **September 2006: The Court Permits Speights To Petition The South Carolina Court To Unseal The Record In The *Anderson Memorial* Case But Questions The Record's Relevance.**

Having lost on the notice issue, at the September 25, 2006 hearing Speights conjured up another reason for delaying the resolution of the motion for class certification. Speights argued that he needed to obtain the record in the South Carolina *Anderson Memorial* litigation "to refute what Grace has said about those South Carolina proceedings." (9/25/2006 Hrg. Tr. at 94-95) Of course, Grace had only said the plain facts: the class certification by the state court (1) was a conditional order issued ex parte in response to an "emergency" motion by the Speights firm; (2) was an unabashed attempt to give South Carolina creditors an advantage over other creditors in this bankruptcy; and (3) was invalidly finalized in violation of the automatic stay in these cases. (Debtors' Brief in Opposition to Motion of Anderson Memorial Hospital for Class Certification, 12/02/05, Dkt. 11245, at 27) Nonetheless, the Court granted Speights' request for relief from the automatic stay, allowing him to petition the South Carolina court to unseal the record. (*Id.* at 96, 117) But the Court questioned the record's relevance to class certification in this bankruptcy: "I don't know that that's going to help with respect to class certification for this reason. I now have a bar date. And in my view, that should have ferreted out all of the claims. This was a very ambitious notice program on behalf of this estate. It was very costly, it was very wide spread, and I'm not sure how, at this stage, it's going to make a difference." (*Id.* at 96)

Even though Speights had not asked for discovery issues to be placed on the September hearing agenda, he stated that certain of his requests unrelated to the notice program were still pending. The Court did not see what additional discovery could be necessary: "I'm a little unclear, Mr. Speights, what discovery you will need with respect to the class certification

9

motion." (9/25/2006 Hrg. Tr. at 118) Recognizing that enough is enough, the Court set Grace's motion for a protective order for hearing in October and indicated that the merits of class certification would be decided in November. (*Id.* at 122) ("And so I want everything to be ready so that the next time this is on the calendar for a ruling on the merits, I actually want to get to the argument. I really don't want to read these pleadings one -- more than one more time.")

    (f)    **October 2006: The Court Finds Speights' Discovery Requests Overbroad And Orders Him To Serve New Requests Tied To Rule 23's Requirements For Class Certification. The Court Also Orders The Parties To Submit Briefs On Federal Rule of Evidence 408.**

Grace submitted its reply in support of its motion for a protective order on October 13, 2006. (Dkt. No. 13412) As planned, the Court turned to Grace's motion for a protective order at the October 23, 2006 hearing. The parties addressed each of the three remaining topics reflected in the discovery requests: (1) the South Carolina *Anderson Memorial* class action, including settlement negotiations in that case; (2) efforts to exclude Speights from the PD Committee; and (3) communications with the Celotex Asbestos Settlement Trust and Bodily Injury Advisory Committee regarding Speights' claims. The Court once again explained that "the universe of claims is going to be the proofs of claim filed in the Court" and added that "if we're down to, seriously, 180 claims, if in fact that's the case, I'm not sure where we're going, because I just can't see where the numerosity issue is going to be satisfied, even if all the other elements of Rule 23 are met." (10/23/2006 Hrg. Tr. at 67-69)

Regarding the first topic, the Court directed the parties to submit supplemental briefs on whether Federal Rule of Evidence 408 bars admission of class settlement negotiations.[3] The

---

[3] Grace and Anderson Memorial submitted their supplemental briefs on November 10, 2006. (Dkt. Nos. 13630 and 13629)

10

Court found that Speights' Anderson Memorial discovery request on this topic was so broad that "I can't even see how it's calculated to lead to relevant admissible evidence because it's too broad" (*id.* at 77-78). Calling the discovery requests a "fishing expedition," the Court ordered Speights to "narrow the scope, whether the Debtor raised that issue or not." (*Id.* at 76-78) The Court ordered Speights to "recast the deposition notice and document request, tying the class of documents -- or the nature of the deposition testimony you're looking to an element of Rule 23." (*Id.* at 80; *see also id.* at 27 ("I think his point is that you need to show me how it's relevant to a specific element of Rule 23, and I agree with that."))

The remaining discovery requests fared no better. Speights did not explain how Grace's alleged efforts to keep him off the PD Committee are relevant to the class certification issue before this Court. Nor did he articulate any nexus between alleged communications with the Celotex Trust and the Rule 23 requirements for class certification. The Court had "difficulty understanding how any of the Celotex matters are relevant." (*Id.* at 50) After Grace assured the Court that it "had no intention of talking about how Mr. Speights' claims were handled at all in the context of Celotex," the Court denied Speights' request for discovery relating to communications with the Celotex Trust. (*Id.* at 52)

    (g)    **October-November 2006: Speights Serves New Discovery Requests And Grace Again Moves For A Protective Order. The Court Indicates That It Will Either Rule Or Schedule Further Argument.**

On October 30, 2006, Speights served a new set of discovery requests on Grace. Grace promptly filed a motion for a protective order. (Dkt. No. 13588) In its November 6, 2006 motion, Grace pointed out that, "given the extent to which Anderson class certification issues have been substantially narrowed," the requests "seek information that has no bearing on the decision that this Court must make regarding whether to certify an Anderson class." (Dkt. No. 13588 at 1) Grace objected to the requests as irrelevant, burdensome, and overbroad, and also

11

objected that the requests call for privileged information and purport to impose obligations that exceed the permissible scope of discovery under the Federal Rules of Civil Procedure. (*Id.* at 4-5) Speights filed a response on November 13, 2006. (Dkt. No. 13651)

At the November 20, 2006 hearing, the Court once again questioned the need for class certification in this bankruptcy. (11/20/2006 Hrg. Tr. at 89) ("At this point in time we've had a proof of claim bar date. So, I don't think the class can be expanded beyond the proofs of claim that have been filed, and those are the problems I'm facing, Mr. Speights.") The Court indicated that it would review the parties' submissions on Grace's motion for a protective order and either rule or schedule further argument. (*Id.* at 106) Nevertheless, on November 27, 2006, Speights submitted a letter to the Court repeating the arguments that appear in Anderson Memorial's response to Grace's motion for a protective order and purporting to connect Anderson Memorial's new discovery requests to Rule 23's requirements for class certification. The next day, Grace submitted a short response letter to the Court stating that Speights' letter "is highly inappropriate, was not requested by the Court and should not be reviewed or considered by the Court." On November 29, the Court entered an order stating that Speights' letter would be shredded and not considered unless filed of record by December 4. The letter was never filed, though Speights attached it to his present motion in violation of the Court's order.

    **(h)**     **December 2006-January 2007: Grace Provides Detailed Objections To Speights' Requests And Withdraws Its Challenges To Speights' And Anderson Memorial's Adequacy. Grace Also Produces Documents In Response to Anderson Memorial's Requests.**

At Speights' request, on December 7, 2006 the parties held a meet and confer conference call to discuss Anderson's October 30, 2006 amended requests for production. To narrow the discovery dispute and facilitate a prompt resolution of Anderson's motion for class certification, and as Grace had indicated at the November 20 omnibus hearing, Grace agreed to withdraw its

challenges in these bankruptcy proceedings to Speights' adequacy as class counsel and Anderson Memorial's adequacy as a putative class representative. (11/20/2006 Hrg. Tr. at 68-70, 75, 101-03; *see also* W.R. Grace & Co.'s Responses and Objections to Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production (Exhibit B to Anderson's Motion) at 2; Debtors' Response to Anderson Memorial Hospital's Motion to Compel Privilege Log (Dkt. No. 15518) at 4) Likewise, to resolve these issues once and for all, Grace also agreed to provide responses and objections to the amended requests. (The responses and objections are attached to Anderson's Motion as Exhibit B.) Grace stated during this conference call that it would not provide a privilege log. Speights did not follow up on this privilege issue until March 30, 2007. On January 17, 2007, Grace produced "pre-bankruptcy non-privileged factual materials specifically relating to Anderson Memorial Hospital" and responsive to requests 5 and 6 of the amended requests.

      **(i)**     **February-May 2007: Grace Produces Two Document Custodians For Deposition And Provides Three Separate Document Indices To Anderson Memorial. After Speights Files A Motion To Compel A Privilege Log And Grace Responds, The Court Again Orders Speights To Tie Anderson Memorial's Discovery Requests To Rule 23's Requirements For Class Certification.**

In addition to preparing responses and objections to the October 30, 2006 amended requests, and producing certain documents, Grace produced two document custodians for deposition. On February 23, 2007, Grace produced Molly K. Sprinkle, a Grace corporate legal assistant, to testify about Grace's in-house collection of *Anderson Memorial* litigation files. On April 30, 2007, Grace produced Donald A. Cockrill, Grace's outside counsel at Ogletree Deakins in South Carolina, to testify about Ogletree's *Anderson Memorial* litigation files.

Finally, on April 2, 2007, Anderson Memorial filed a motion to compel a privilege log with respect to its amended requests (Dkt. No. 15062). In its response, Grace explained that

13

Speights' request should be denied because he wants privilege logs for an improper purpose, specifically, "to probe privileged settlement communications and analyses in Grace's in-house and outside counsel files related to the *Anderson Memorial* lawsuit." (Dkt. 15518 at 2) Grace noted that a privilege log is both unnecessary and inappropriate because, on the current record in these proceedings, Anderson Memorial cannot satisfy Rule 23's requirements for class certification. (*Id.*)

Recognizing that the privilege log issue is moot if Speights cannot establish that Anderson's October 30, 2006 amended requests are relevant to its motion for class certification, on May 21, 2007 the Court *again* requested that Speights explain the connection between the amended requests and the pending motion for class certification. Speights submitted his present motion (Dkt. 15801) in response.

## ARGUMENT

Although the Court has repeatedly directed Speights to connect Anderson's October 30, 2006 discovery requests to Rule 23's requirements for class certification, in a transparent attempt to shift the "burden of proof" to Grace, Speights styled his response to the Court's assignment as a (1) "motion to strike" Grace's responses and objections and a (2) "motion to compel" full and complete responses. Both motions should be denied.

*First*, the motion to strike should be denied because, contrary to Speights' assertion, Grace's December 13, 2006 responses and objections (Exhibit B to Speights' Motion) consist of far more than "boilerplate" objections. Grace's responses and objections include a three-paragraph "Preliminary Statement," a five-paragraph "Factual Background Regarding Anderson's Discovery Requests" section, a seven-paragraph "Factual and Legal Bases for Grace's Responses and Objections" section, plus responses and objections to each specific

14

request. The responses and objections cite to the record in this bankruptcy and to applicable case law to explain *precisely* why Anderson's requests are improper. Moreover, as this Court recognized at the May 21, 2007 hearing, Speights' request for a privilege log is premature because he has not even established that Anderson's requests, all of which are subject to other objections besides privilege, seek information relevant to the pending class certification motion.[4] *See, e.g., United States v. Phillip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) ("[I]f a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections.").

**Second**, the motion to compel should be denied because Speights did not -- and indeed cannot -- connect Anderson's discovery requests to the issues that this Court must decide to resolve Anderson's pending motion for class certification. To certify a class of claimants in a Chapter 11 case, a bankruptcy court must undertake a two-step analysis. *First*, the court must determine whether a class action "makes sense" and will advance the interests of the bankruptcy. *See In re American Reserve Corp.*, 840 F.2d 487, 493-94 (7th Cir. 1988). *Second*, the claimants must also satisfy the elements of Fed. R. Civ. P. 23 -- superiority and numerosity, commonality, typicality, and adequacy of representation.

Last year, this Court rejected the central premise of Anderson's motion for class certification -- and Anderson's *only* argument in support of Rule 23's superiority requirement -- by finding clearly and unequivocally that Grace's notice program was appropriate. (10/23/2006 Hrg. Tr. at 67; 8/21/2006 Hrg. Tr. at 274) Nor can Anderson satisfy Rule 23's numerosity

---

[4]  Though Speights states that "the total universe of documents at issue could fit into less than six bankers boxes" (Motion at 11), the volume of potentially responsive documents does not matter. The Court, as Speights concedes, "explained that it wanted Anderson first to explain the relevancy of its discovery before dealing with a privilege log." (*Id.*)

requirement. Because this Court has repeatedly recognized that Grace's notice program was thorough, the "universe of claims" is limited to the claims already before this Court. (10/23/2006 Hrg. Tr. at 67) The number of Speights claims in this bankruptcy has plummeted, as a result of the claims objections process, from roughly 3,000 claims to only 203 claims. And the only remaining South Carolina claims are Anderson Memorial Hospital on behalf of itself and purported classes.[5] Based on this record, the Court has stated on multiple occasions that there is no need for class certification. (*See, e.g.*, 1/26/2006 Hrg. Tr. at 75; 8/21/2006 Hrg. Tr. at 282; 10/23/2006 Hrg. Tr. at 69; 11/20/2006 Hrg. Tr. at 88 ("I just don't see how three claims is going to be too many to try."))

Though Speights pays lip service to Rule 23's requirements for class certification, he does not explain how they relate to Anderson's request for counsel's litigation files from the putative class action that it filed fourteen years ago, in South Carolina state court, given the current record in these bankruptcy proceedings, including the limited number of Speights property damage claimants, the notice program, and the fact that issues regarding adequacy of representation are not in play.

**Exhibit A** hereto is a chart summarizing Anderson's requests for production, its attempts to connect those requests to Rule 23's requirements, and the reasons why those attempts fail. To the extent that Anderson's requests seek factual information relating to the conduct of the South Carolina proceedings, the claims of the putative South Carolina class members, or the adequacy of Speights or Anderson, those requests are irrelevant here, for at least three reasons. First, this

---

[5] These three remaining South Carolina claims are: 9914 (Anderson Memorial Hospital, "Various Locations Statewide South Carolina"); 11008 (Anderson Memorial Hospital) and 9911 (Anderson Memorial Hospital, "Various Locations Worldwide").

Court recognized that in the South Carolina action, "[t]here is no final certification as to Grace, and the conditional one [limited to South Carolina claims] at this point in time is irrelevant because it was not finally certified." (8/21/2006 Hrg. Tr. at 281) Second, because this Court approved Grace's notice and bar date program and later concluded that the program was thorough, the universe of claims consists of those already before the Court. (10/23/2006 Hrg. Tr. at 67) Third, Grace has withdrawn its challenge in this bankruptcy to Speights' and Anderson's adequacy. (W.R. Grace & Co.'s Responses and Objections to Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production (Exhibit B to Anderson's Motion) at 2; Debtors' Response to Anderson Memorial Hospital's Motion to Compel Privilege Log (Dkt. No. 15518) at 4)

Perhaps recognizing the irrelevancy of such requests, Anderson Memorial's requests also target non-factual information, specifically, Grace's internal evaluations of Anderson Memorial's South Carolina class action. (11/20/2006 Hrg. Tr. at 44) ("What is Grace saying within its own structure about whether we need to settle this case? What are the merits of this case? Does it meet the requirements? Can we concede all these issues?") Speights wants to find out "[w]hat Grace said about the certification issues behind the scenes" and use this information against Grace to support his motion for class certification (10/23/2006 Hrg. Tr. at 29), but this litigation tactic is patently improper. Speights cannot use Grace's lawyers' assessments of the *Anderson Memorial* litigation as a shortcut method of meeting Rule 23's requirements.

Not only are Grace's impressions regarding the South Carolina case irrelevant to class certification here, but they are also protected by the work product doctrine and the attorney-client privilege. (11/20/2006 Hrg. Tr. at 90 ("I'm a little confused about what the relevance would be as to what Grace thought about the Court's order."); 96 ("I don't think you're entitled to attorney

17

work product. I don't think you're entitled to privileged documents."")) Moreover, as Grace explained in its supplemental brief regarding Federal Rule of Evidence 408 (Dkt. 13630), statements made in the course of settlement negotiations are inadmissible and not discoverable. S*ee Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) ("Without a [settlement] privilege, parties would more often than not forego negotiations for the relative formality of a trial. Then, the entire negotiation process collapses upon itself, and the judicial efficiency it fosters is lost."). To the extent that the requests relate to the merits of individual claims within the putative *Anderson Memorial* class, they are even further off-base and are also barred by Supreme Court precedent. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).

## CONCLUSION

For the foregoing reasons, this Court should deny "Anderson Memorial Hospital's Motion to Strike the Debtors' December 13, 2006 Responses and Objections to Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production and Anderson Memorial Hospital's Motion to Compel the Debtors to Provide Full and Complete Responses to Anderson Memorial Hospital's October 30, 2006 Amended Requests for Production." Anderson Memorial's motion for class certification is ripe to be heard, and the class certification hearing should proceed without further delay.

91100-001\DOCS_DE:127832.1

Dated: May 28, 2007

Respectfully Submitted:

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Janet S. Baer
Michael T. Dierkes
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (fax)

and

PACHULSKI, STANG, ZIEHL, YOUNG JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession