# Exhibit A

# EXHIBIT A

| Request | Speights' Comments | Grace's Response |
|---|---|---|
| **RFP 1 and Deposition Notice 1, 4, 5, 6, and 7.**<br><br>All documents except pleadings re Anderson's lawsuit.<br><br>Testimony re Anderson SC lawsuit and motion to certify, SC certification hearing, efforts to delay SC certification, and circumstances surrounding SC certification. | Conclusory assertion that information relates to class certification.<br><br>Seeks information re class members, Grace's evaluations SC court's orders, and potential effects of delay in SC proceedings. May rebut contention that SC proceeding "fly by night." | Facts re SC class members are irrelevant since all claims are before the Court and only one SC claimant (Anderson, on behalf of itself and "nationwide" and "worldwide" classes) remains.<br><br>Court has record of SC proceeding. Grace's evaluations of SC court's orders, effects of delay, and SC proceeding are irrelevant and confidential. |
| **RFP 2 and Deposition Notice 1 and 8.**<br><br>All documents re Anderson's request to be on the PD Committee.<br><br>Testimony re Anderson SC lawsuit and any position Grace took re Anderson's request to be on the PD Committee. | Conclusory assertion that information relates to class certification.<br><br>May show that Grace internally acknowledged strength of Anderson class. May rebut contentions re adequacy of Anderson and its counsel. May rebut contention that SC proceeding "fly by night." | Grace's evaluations of SC class action and SC proceeding are irrelevant and confidential. Non-confidential facts are fully available because Court has record of SC proceeding.<br><br>Grace has agreed in this bankruptcy proceeding not to challenge Speights' and Anderson's adequacy. And, Grace has not contended in this bankruptcy proceeding that the SC proceeding was "fly by night." |
| **RFP 3, 4, 5 and Deposition Notice 1, 4, 5, 6, and 7.**<br><br>All documents prior to September 2005 re proceedings in Anderson's lawsuit.<br><br>Testimony re Anderson SC lawsuit and motion to certify, SC certification hearing, efforts to delay SC certification, and circumstances surrounding SC certification. | Conclusory assertion that information relates to class certification.<br><br>May rebut Grace arguments re SC proceedings being suspect.<br><br>May show that (1) Grace internally recognizes class certification appropriate, (2) Grace aware of SC certification orders and not "surprised" by Anderson's motion in the bankruptcy, and (3) Grace aware of "substantial" record in SC upon which class certification order entered and Grace decided to repeat allegations re Speights' adequacy that were rejected in SC. | Grace's evaluations of SC proceeding and SC class action are irrelevant and confidential, as is Grace's awareness of SC orders and record. Court has record of SC proceeding.<br><br>Internal, privileged evaluations of whether Grace believes Anderson class certification was inappropriate or appropriate are irrelevant, as is whether Grace was "surprised."<br><br>Grace has agreed not to challenge Speights' adequacy. |

| | | |
|---|---|---|
| **RFP 6 and Deposition Notice 9.**<br><br>All documents except pleadings re the identify of any asbestos-containing materials in any of Anderson's buildings.<br><br>Testimony re pre-petition evaluations of Anderson's individual or class claims. | Relevant to Grace's contentions that Anderson not adequate class representative and that Anderson's claims not typical of other class members' claims based on product ID.<br><br>May rebut contention that Anderson does not have strong likelihood of success in its PD claim against Grace. | Grace has agreed not to challenge Speights' or Anderson's adequacy.<br><br>Grace's evaluation of merits of Anderson's claims is irrelevant and confidential and is improper subject for class discovery. |
| **RFP 7 and Deposition Notice 2, 3.**<br><br>All documents except pleadings re potential membership in Anderson's putative class.<br><br>Testimony re members or potential members of putative statewide and worldwide classes that Anderson purports to represent. | May rebut product ID objections and demonstrate that there are a large number of PD claimants with Grace products.<br><br>May show that class members' claims are substantial, demonstrating superiority. | Number of building owners who purchased Grace products is irrelevant because all claims are before the Court due to the notice program and only one SC claim -- Anderson Memorial -- remains.<br><br>Merits of individual PD claims is improper subject for class discovery and irrelevant to class certification issues in these bankruptcy proceedings. |
| **RFP 8 and Deposition Notice 4 and 9.**<br><br>All documents re communications with witnesses involving class certification in Anderson.<br><br>Testimony re Anderson's SC motion for class certification and pre-petition evaluations of Anderson's individual or class claims. | May show that Grace's challenges to Anderson's adequacy in SC and this Court based on erroneous information.<br><br>May show that Grace's expert and lay witnesses recognized that other prerequisites for class certification met. | Grace agreed not to challenge Speights' or Anderson's adequacy.<br><br>Grace's witnesses' evaluations of SC class action are irrelevant and confidential, and Court has full factual record from those proceedings. |
| **RFP 9 and Deposition Notice 4, 5, and 9.**<br><br>All documents re Grace's knowledge of facts or factual assertions relating to Anderson's putative class action.<br><br>Testimony re Anderson's SC motion for class certification, SC certification hearing, and pre-petition evaluations of Anderson's individual or class claims. | May rebut positions taken by Grace in opposition to class certification and will relate to facts relevant to issues surrounding class certification. | Irrelevant. Speights fails to explain how these requests are connected to the requirements for class certification. |

22

| | | |
|---|---|---|
| **RFP 10, 11, and 12 and Deposition Notice 3 and 9.**<br><br>All documents re amounts set aside for Anderson's claim (including insurance reserves), communications with insurers re Anderson, and communications with any other person re Anderson.<br><br>Testimony re damage estimates of Anderson's individual and class claims and pre-petition evaluations of Anderson's individual or class claims. | Relates to every facet of class certification because requests seek Grace's and insurer's evaluations of Anderson's class action and merits of its class certification motion.<br><br>Information relevant to merits of Anderson's claims and tends to show that class is numerous and individual claims can be substantial. May rebut Grace's contention re superiority.<br><br>May rebut Grace's contention that SC proceeding was "fly by night" and may show that Grace aware of SC orders, including order suggesting that counsel for Grace in SC "made factual assertions which they should have known were false." | Grace and its insurer's evaluations of SC class action are irrelevant and confidential.<br><br>Merits of claims is improper subject for class discovery. In addition, all claims are before the Court and only one SC claim remains.<br><br>Grace's evaluation of SC proceeding and its awareness of SC orders are irrelevant and confidential. Court has record of SC proceeding. |
| **RFP 13 and Deposition Notice 11.**<br><br>All pre-petition documents except pleadings re any evaluation of Anderson's claims.<br><br>Testimony re Grace's knowledge prior to September 1, 2005 of Anderson's individual and class proofs of claim. | Seeks information re Grace's knowledge of SC proceedings, will show that (1) Grace aware of SC certification order, (2) order based on substantial record, (3) number of claims substantial, (4) proceeding not "fly by night," (5) order not ex parte, (6) Anderson's ability to appeal the dismissal of non-SC buildings from the class did not end long before Grace filed for bankruptcy, and (7) Grace not "surprised" that Anderson made a class claim and filed claims on behalf of absent class members. | Grace's evaluation of SC proceeding and its awareness of SC orders are irrelevant and confidential. Court has record of SC proceeding.<br><br>Number of claims in SC class irrelevant since all claims are before the Court and only one SC claim remains. |
| **RFP 14 and Deposition Notice 10.**<br><br>All documents except pleadings re pre-petition efforts to settle Anderson.<br><br>Testimony re Anderson settlement negotiations. | May show that Grace acknowledged that prerequisites for class certification present.<br><br>May also show the number of absent class members the Debtors believed had viable claims and help establish numerosity. | Grace's evaluation of SC class action is irrelevant and confidential.<br><br>Number of absent class members with viable claims is irrelevant since all claims are before the Court. |

| **RFP 15.** All documents re communications with building owners re proofs of claim filed by Anderson's counsel. | May show that Grace made attempts to contact absent class members without informing them that they might have potential PD claims, would be relevant to numerosity and would tend to show Grace's deliberate efforts to extinguish liability without informing holders of potential claims of nature and value of their claim. | Number of absent class members with viable claims is irrelevant since all claims are before the Court. Issues re notice are irrelevant since Court has concluded that notice program through. |
|---|---|---|
| **RFP 16.** Index of documents re Anderson and any putative class it purports to represent. | Seeks to provide Anderson access to the same information available to Grace. | Grace has provided this, at the depositions of its and Ogletree Deakins' records custodians. |