# EXHIBIT 1

{D0015842:1 }

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors-in-possession. | : | **Related Doc. Nos.: 15390, 15647, 15804** |
| | | **May 21, 2007 Agenda No. 9** |

**JOINDER OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY
CLAIMANTS TO MONTANA PLAINTIFFS' OBJECTION TO PROPOSED ORDER
FURTHER STAYING THE STATE OF MONTANA LITIGATION AND OBJECTION
TO PROPOSED ORDER REGARDING STATE OF MONTANA'S MOTION FOR
RECONSIDERATION OF COURT'S OPINION AND ORDER DENYING MOTION OF
THE STATE OF MONTANA FOR RELIEF FROM THE AUTOMATIC STAY
<u>ENTERED APRIL 16, 2007</u>**

The Official Committee of Asbestos Personal Injury Claimants ("Committee"), by and through its undersigned counsel, hereby submits this Joinder to the Montana Plaintiffs' Objection to Proposed Order Further Staying the State of Montana Litigation and Objection to the Certification of Counsel with Proposed Order Regarding State of Montana's Motion for Reconsideration of Court's Opinion and Order Denying Motion of the State of Montana for Relief From the Automatic Stay Entered April 16, 2007 (the "Objection").  The grounds supporting this Objection are as follows.

On April 16, 2007, this Court entered a Memorandum Opinion and a related Order (the "Memorandum Opinion and Order") denying the Debtors' motion to extend the preliminary injunction in order to stay asbestos personal injury lawsuits against the State of Montana.  On April 16, 2007, this Court also entered the Order Denying Motion of the State of Montana for Relief from the Automatic Stay and a related Memorandum Opinion.  Thereafter, on April 26, 2007, the Debtors filed their Motion to Alter and Amend the Court's Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the State of Montana, and the

{D0086840.1 }

State of Montana filed its Motion for Reconsideration of Court's Opinion and Order Denying

Debtors' Motion for Expansion of Preliminary Injunction Entered April 16, 2007 (collectively,

"Motions to Reconsider").   On April 26, 2007, the State of Montana also filed the State of

Montana's Motion for Reconsideration of Court's Opinion and Order Denying Motion of the

State of Montana for Relief from the Automatic Stay (the "Montana Stay Relief Reconsideration

Motion").   Asbestos personal injury claimants from Libby Montana (the "Libby Claimants")

filed objections to both Motions.   The Committee filed an objection to the Motions to

Reconsider, but not to the Montana Stay Relief Reconsideration Motion.

At the hearing on May 21, 2007, the Court heard almost three hours of arguments on the

Motions to Reconsider and took the matter under advisement, without ordering that any

injunction would be entered to preclude the Libby Claimants from prosecuting their claims

against the State of Montana.   Upon assurances from opposing counsel that no further issues

impacting the Libby Claimants would be docket, counsel for the Libby Claimants was excused

by the Court.   Later in the hearing, the Court heard arguments on the Montana Stay Relief

Reconsideration Motion.   Near the conclusion of these arguments, there was an exchange

between various counsel (but not including counsel for the Libby Claimants or counsel for the

Committee) and the Court concerning a temporary stay of the Montana litigation pending the

resolution of certain matters, which included the possibility that the State of Montana would file

a renewed Motion for Stay Relief and withdraw the stay relief motion that this Court has denied.

Counsel for the Committee did not oppose the Montana Stay Relief Reconsideration Motion

because, quite simply, it did not understand that the relief Montana was seeking would do

anything to impede the Libby Claimants' continued prosecution of the lawsuit because such

relief would have been entirely inconsistent with the Court's earlier determination NOT to

expand the preliminary injunction to include Montana and to take the motion to reconsider its earlier decision under advisement.

Following the hearing, counsel to the State of Montana circulated the proposed Order attached to the Certification of Counsel at issue. The proposed Order seeks to: (i) vacate the Order Denying Motion of the State of Montana for Relief from the Automatic Stay and related Memorandum Opinion; (ii) withdraw the Motion of the State of Montana for Relief from the Automatic Stay; (iii) declare that the State of Montana *may* refile a new Motion for Stay Relief; (iv) enjoin the prosecution of the Montana Actions pending a ruling on the Motions to Reconsider (the "Temporary Stay"); (v) declare that the State of Montana must file any renewed Motion for Stay Relief within 30 days of the denial of the Motions to Reconsider; and (vi) declare that the Temporary Stay will remain in effect until the Court rules upon the (possibly) to be filed Motion for Stay Relief.

The Committee objects to the proposed Order and submits that the relief requested therein is inappropriate based on the actual procedural posture of these matters and joins in the arguments of the Libby Plaintiffs that this Court should either modify the proposed Order to delete the provisions relating to the Temporary Stay or hold a hearing to address the proposed Order. As noted by the Libby Plaintiffs, this Court determined in the Memorandum Opinion and Order that subject matter jurisdiction does not exist to enjoin the Montana Actions. Quite clearly, this is the procedural posture of this case and argues against the entry of an Order staying the exact litigation that this Court has determined it has no jurisdiction to enjoin. The Committee hereby incorporates by reference the additional arguments contained in the Montana Plaintiffs' Objection to Proposed Order Further Staying the State of Montana Litigation in this regard.

In addition, the Committee objects to the proposed Order as it seeks to establish a process whereby this Court would continue the Temporary Stay over the Montana Actions for a period of 30 days even after denying the Motions to Reconsider.  This, in and of itself, defies logic and justifies the denial of the proposed Order.  The procedural posture of this case is that the Motion of the State of Montana for Relief from the Automatic Stay has been, quite correctly, denied.  If the proposed Order is entered, the Order Denying Motion of the State of Montana for Relief from the Automatic Stay and the related Memorandum Opinion will be vacated and the Motion of the State of Montana for Relief from the Automatic Stay will be withdrawn.  If this Court thereafter denies the Motions to Reconsider, which it should, there is absolutely no basis for this Court to Order a 30 day stay of the Montana Actions during a period of time when there wouldn't even be a motion pending, let alone the legal justification to do so.

The proposed Order, however, does not stop there.  It continues to provide that the Temporary Stay will continue pending a ruling on any such renewed Stay Relief Motion.  There is simply no justification for this Court to enter an Order providing for a stay of litigation pending against a non-debtor pending this Court's ruling on a Stay Relief Motion, let alone a motion that has not even been filed.

## CONCLUSION

For these reasons, the Committee respectfully requests that this Court not enter the proposed Order.  To the extent appropriate, this Court should, at most, vacate the Order Denying Motion of the State of Montana for Relief from the Automatic Stay and the related Memorandum Opinion and allow a hearing to go forward on the merits of the Motion of the State of Montana for Relief from the Automatic Stay.


Dated:  May 25, 2007                            Respectfully submitted,

                                                **CAMPBELL & LEVINE, LLC**

                                                */s/Mark Hurford*
                                                Marla R. Eskin (No. 2989)
                                                Mark T. Hurford (No. 3299)
                                                800 N. King Street, Suite 300
                                                Wilmington, DE 19801
                                                Telephone: (302) 426-1900
                                                Telefax: (302) 426-9947

                                                  -- and --

                                                **CAPLIN & DRYSDALE, CHARTERED**

                                                Elihu Inselbuch
                                                375 Park Avenue, 35th Floor
                                                New York, NY  10152-3500
                                                Telephone: (212) 319-7125
                                                Telefax: (212) 644-6755

                                                Peter Van N. Lockwood
                                                Nathan D. Finch
                                                One Thomas Circle, N.W.
                                                Washington, D.C. 20005
                                                Telephone: (202) 862-5000
                                                Telefax: (202) 429-3301

                                                *Counsel for the Official Committee*
                                                *of Asbestos Personal Injury Claimants*