## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF REED SMITH LLP
## FOR THE TWENTY-THIRD INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee

auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of

Reed Smith LLP for the Twenty-Third Interim Period.

## BACKGROUND

1.      Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability

defense counsel to the Debtors.  In the Application, Reed Smith seeks approval of fees totaling

$973,015.00 and costs totaling $27,240.88 for its services from October 1, 2006, through December

31, 2006.

2.      In conducting this audit and reaching the conclusions and recommendations contained

herein, we reviewed in detail the Application in its entirety, including each of the time and expense

entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the

District of Delaware, and the Third Circuit Court of Appeals.  We served on Reed Smith an initial

report based on our review, and received a response from Reed Smith, portions of which response

are quoted herein.

### DISCUSSION

3.      In our initial report, we noted that during the application period LEF spent time

"reorganizing." The total time spent was 0.80 hours for a fee of $428.00.  The entries are provided

below.

| | | | |
|---|---|---|---|
| 11/10/06 | LEF | 2.00 | Reorganizing after California trip (0.5);............ |
| 11/16/06 | LEF | 7.80 | ....................; reorganizing after calls (0.3). |

We asked the firm to respond as to why time for these tasks should be considered compensable.

Reed Smith responded as follows:

> This phrasing was used to describe the work involved in reviewing and organizing
> materials (notes, correspondence, documents, etc.) relating to the Debtors' cases after
> returning from a W.R. Grace-related trip or a call or hearing related to W.R. Grace.
> Rather than being a term used to denote "general tasks inherent in all work," the
> charges listed above are that part of those general tasks that relate specifically to Mr.
> Flatley's work for the Debtors; thus, only that time spent "reorganizing" materials
> relating to the Debtors' cases are captured by this entry.  The tasks themselves
> constitute work that normally would be compensable in a bankruptcy case.  As such,
> Reed Smith believes that the entries set forth above are appropriate and should not
> be reduced by the Fee Auditor.

We appreciate the response and offer no objection to these fees.

4.      During the application period several firm members spent a total of 71.30 hours for

a total fee of $7,463.00 on research and analysis of the Armstrong bankruptcy.  (See Exhibit A.)  We

asked Reed Smith to explain the specific reasons for the research and its necessity as it relates to this

bankruptcy proceeding.  Reed Smith's response is provided as Response Exhibit 1.  We appreciate

the response and offer no objection to these fees.

    5.    We noted a lodging expense that requires greater explanation.  The entry is provided

below.

| | | |
|---|---|---|
| 11/16/06 | Lodging - Vendor: DOUGLAS E. CAMERON TRIP TO CA. FOR MEETING WITH PERKINS COIE RE: PROPERTY DAMAGE CLAIMS (11/7-11/8/06). | 468.00 |

We asked Reed Smith for more information regarding this entry.  Reed Smith responded as follows:

> The total charge ($468) can be itemized as follows:  (i) one night's stay at the Hotel
> Oceana (Santa Monica, California), $400; (ii) tax on one night's stay, $56; and (iii)
> surcharge on one night's stay, $12.  Mr. Cameron's hotel arrangements were made
> by co-counsel in Santa Monica, California.

We appreciate the response.  We recommend a reasonable ceiling of $250.00 per day ($350.00 for

New York and selected other cities) plus applicable taxes for lodging.  As such, we recommend a

reduction of $150.00 ($400.00 minus $250.00) for the cited lodging expense.

    6.    We noted a taxi expense that requires greater explanation.  The entry is provided

below.

| | | |
|---|---|---|
| 11/16/06 | Taxi Expense - Vendor: DOUGLAS E. CAMERON TRIP TO CA. FOR MEETING WITH PERKINS COIE RE: PROPERTY DAMAGE CLAIMS (11/7-11/8/06). | 152.00 |

We asked Reed Smith to provide more details regarding this expense.  The firm responded as

follows:

> The total charge ($152) can be itemized as follows:  (i) taxi trip from airport (LAX)
> to Hotel Oceana, Nov. 7, 2006, $35; (ii) taxi trip from restaurant (dinner) to Hotel
> Oceana, Nov. 7, 2006, $11; (iii) taxi trip from Hotel Oceana to Perkins Coie offices

for meetings, Nov. 8, 2006, $15; (iv) taxi trip from restaurant (dinner) to airport (LAX) (to board redeye return flight to Pittsburgh), $38; (v) taxi trip from airport (PIT) to residence after arriving in Pittsburgh on the redeye flight, $53.

We appreciate the response and offer no objection to these charges.

## CONCLUSION

7.     Thus we recommend approval of fees totaling $973,015.00 and costs totaling $27,090.88 ($27,240.88 minus $150.00) for Reed Smith's services from October 1, 2006, through December 31, 2006.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1270
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 29th day of May, 2007.

Warren H. Smith

**SERVICE LIST**
<u>Notice Parties</u>

**The Applicant**
Richard Keuler, Esq.
Reed Smith LLP
1201 Market Street, Ste. 1500
Wilmington, DE 19801

Douglas Cameron
Reed Smith LLP
P. O. Box 2009
Pittsburgh, PA 15230-2009

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| 12/01/06 | MLA | 0.40 | Research re: Armstrong case ruling information, for R. Aten. |
|---|---|---|---|
| 12/11/06 | JJR | 3.80 | ..............; begin Armstrong review (1.8). |
| 12/11/06 | MJR | 4.60 | Analysis of In re Armstrong World Industries (1.3); analysis of parties' motions for a Daubert hearing for In re Armstrong World Industries (1.8); review of expert report for deposition preparation (1.5). |
| 12/12/06 | MJR | 6.30 | ..............; review of the direct examination In re Armstrong World Industries (0.8); review of James Milette's expert report (0.9); review of Millette's deposition from In re Armstrong World Industries (0.7). |
| 12/13/06 | MJR | 6.30 | Review of the deposition of James Millett from In re Armstrong World Industries. |
| 12/14/06 | MJR | 6.40 | ..........; review of the depositions from In re Armstrong World Industries (2.2). |
| 12/15/06 | MJR | 6.80 | Review of depositions from In re Armstrong World Industries (2.1); digest of Morse deposition (4.7). |
| 12/18/06 | MJR | 6.60 | Review of Plaintiff's Dust Methodology Brief from Armstrong (1.3);............; review of expert testimony in Armstrong (3.6). |
| 12/19/06 | MJR | 3.50 | Review of expert deposition from Armstrong. |
| 12/20/06 | DEC | 10.30 | ...........; review materials from Armstrong case for dust methodology hearing (0.9);................ |
| 12/20/06 | MJR | 6.30 | Review of expert deposition from Armstrong (3.5); digest of expert deposition (2.8). |
| 12/21/06 | MJR | 6.20 | Digest of expert depositions from Armstrong. |
| 12/22/06 | MJR | 6.40 | Review and digest expert depositions from Armstrong. |
| 12/26/06 | MJR | 6.50 | Continued review and digest of expert deposition and trial testimony from Armstrong. |

| | | | |
|---|---|---|---|
| 12/27/06 | MJR | 6.00 | Review trail testimony from Armstrong. |
| 12/28/06 | JJR | 3.00 | ...........; analysis of Armstrong and ZAI Opinions (2.0);........... |
| 12/28/06 | MJR | 7.20 | Review of trial testimony from Armstrong (4.1);............ |

Response Exhibit 1

This work was done in preparation for the evidentiary hearing originally scheduled for January 2007 regarding the reliability and validity of certain dust sampling methodologies being offered in the litigation of asbestos-related property damage claims against the Debtors. The same type of issues were litigated in the Armstrong bankruptcy, and Reed Smith spent a considerable amount of time reviewing and analyzing the testimony and briefing from the Armstrong case for deposition preparation, motions and relating briefing and trial preparation in the W.R. Grace case.

Moreover, several of the experts who were expected to be offered as witnesses in the W.R. Grace dust methodology hearing also were involved in the Armstrong dust methodology case. Analyzing the Armstrong materials allowed Reed Smith's professionals to gain insights into many of these witnesses' positions, and to assess how these experts' positions were addressed and ultimately used by the court in the Armstrong hearing. In this sense, the Armstrong material offered a tremendously helpful -- and cost-effective -- tool for preparing for the W.R. Grace dust methodology hearing. Ultimately, the Debtors and the property damage claimants were able to reach a stipulation that resolved the need to have the January 2007 dust methodology hearing in this bankruptcy case. Nevertheless, during the times at which the aforementioned fees were incurred, this work was necessary and vital to Reed Smith's preparation for that scheduled hearing. As such, Reed Smith believes that the entries set forth on Exhibit A to the Initial Report are appropriate and should not be reduced by the Fee Auditor.