**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP**
**FOR THE TWENTY-THIRD INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Twenty-Third Interim Fee Application of Stroock & Stroock & Lavan, LLP (the "Application").

**BACKGROUND**

1.      Stroock & Stroock & Lavan, LLP ("Stroock") was retained as counsel to the Official Committee of Unsecured Creditors. In the Application, Stroock seeks approval of fees totaling $484,693.50 and costs totaling $10,038.19 for its services from October 1, 2006, through December 31, 2006, as well as payment of fees and costs of $336,058.12 for Navigant Consulting ("Navigant"), an asbestos issues expert[1].

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. 330, Local Rule

---

[1] We do not review the fees and costs of Navigant, and thus we do not render any opinion on these fees and costs.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Stroock 23int 10-12.06.wpd

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Stroock an initial report based on our review, and received a response from Stroock, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we note three hearings attended by multiple Stroock professionals. These are provided as Exhibit A. We asked Stroock to examine the exhibit and in each instance state why it was necessary for each professional to be present and what specific area of expertise each brought to the meeting. Stroock's response is provided as Response Exhibit 1. We appreciate the response and offer no objection to these fees.

## CONCLUSION

4.      Thus we recommend approval of fees totaling $484,693.50 and costs totaling $10,038.19 for Stroock's services from October 1, 2006, through December 31, 2006.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 30th day of May, 2007.

_____
Warren H. Smith

**SERVICE LIST**
<u>Notice Parties</u>

**The Applicant**
Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1. On October 26, 2006, AK, LK and KP (two Partners and one Associate) attended a conference. The total time spent including any preparation time was 7.20 hours for a total fee of $4,960.00.

| | | | |
|---|---|---|---|
| 10/26/06 | AK | 2.30 | Meeting with representatives of Navigant Consulting re: estimation (2.1);............ |
| 10/26/06 | LK | 4.20 | Office conference with K. Pasquale and A. Krieger and Letitia Chambers, Jim McIntire et al re: presentation for estimation (2.5);............... |
| 10/26/06 | KP | 7.00 | Meetings with Navigant, L. Kruger, A. Krieger re: PI estimation issues (2.6);............. |

2. On October 31, 2006, AK, LK and KP (two Partners and one Associate) attended a meeting. The total time spent including any preparation time was 16.00 hours for a total fee of $10,990.00.

| | | | |
|---|---|---|---|
| 10/30/06 | LK | 1.80 | ...........; review estimation issues for meeting 10/31 with debtor and equity (1.2). |
| 10/30/06 | KP | 6.40 | .............; preparation for meeting with debtors, equity re PI issues (2.2);............ |
| 10/31/06 | AK | 4.60 | Estimation meeting with representatives for plan proponents and follow-up office conference LK, KP re: Committee strategy (4.5);............... |
| 10/31/06 | LK | 4.10 | Conference at Kirkland & Ellis with (Bernick, Baer, K. Pasquale, A. Krieger and counsel for parties re: estimation presentation (3.5) and Conf. K. Pasquale and A. Krieger re: issues and strategy (.6). |
| 10/31/06 | KP | 6.50 | Prep for and meeting with debtors, equity committee re: PI estimation issues (4.0);............ |

3. On November 21, 2006, KP, AK and LK (two Partners and one Associate) attended a meeting. The total time spent including any preparation time was 16.80 hours for a total fee of $11,332.50. Please explain why this meeting required the attendance of three firm members?

| | | | |
|---|---|---|---|
| 11/15/06 | AK | 3.20 | ............; attend to draft Committee presentation (1.0); attend to Committee meeting preparation (.4); office conference KP re proposed Navigant presentation to the Committee (.2). |
| 11/16/06 | AK | 0.40 | Office conference KP re 11/21/06 Committee meeting (.2); telephone call S. Cunningham, R. Frezza re 11/21/06 Committee meeting and agenda (.2). |
| 11/16/06 | LK | 1.00 | Conference call with Navigant (.6); review Navigant draft report (.4). |
| 11/17/06 | AK | 0.60 | Office conferences L. Kruger re Committee meeting (.3); telephone call S. Cunningham re agenda for Committee meeting (.2); exchanged memoranda with Committee member re 11/21/06 meeting schedule (.1). |
| 11/20/06 | AK | 0.80 | Attend to memorandum to the Committee re 11/21/06 Committee meeting (.1); exchanged memorandum and office conference KP re Committee meeting (.1); attend to material for Committee meeting (.6). |
| 11/20/06 | LK | 0.40 | Preparation for Committee meting on 11/21. |
| 11/20/06 | KP | 1.80 | Preparation for 11/21 meeting with Committee. |
| 11/21/06 | AK | 3.00 | Extended Committee meeting re presentation by Navigant re PI estimation, plan-related matters. |
| 11/21/06 | LK | 3.70 | Creditors Committee meeting with Navigant re: estimation presentation (3.2); Office conference with K. Pasquale, A. Krieger, E. Ordway and cal with J. Baer and debtor re regular call with debtor and professionals re estimation, 11/20 court hearing, agenda for 12/5 and meeting on 11/28 (.5). |
| 11/21/06 | KP | 3.50 | Meeting with Committee, Navigant re: PI claims estimation (3.0); conference call with debtors, professionals re status (.5). |

Response Exhibit 1

The Report identifies three meetings attended by three professionals from Stroock and seeks to know the need for each such professional to be present and the specific area of expertise each brought to the meetings. (Report at paragraph 3).

As a general response, Stroock states it has previously informed the Fee Auditor that the issues in these cases from time to time require the participation at meetings and hearings of professionals with expertise from different disciplines within Stroock and, depending upon the needs of the particular matter at issue, professionals at different levels of responsibility within the same legal discipline. As the Application generally reflects, Mr. Kruger, a senior partner in the financial restructuring group, while certainly knowledgeable about the day to day motions filed in these cases, focuses on global and all long-term plan and chapter 11 strategy and emergence issues, including issues in respect of plan exclusivity, as well as other chapter 11 issues of importance to the Creditors' Committee. Mr. Pasquale, a partner in the litigation department, focuses upon all of the litigation and asbestos claim-related issues in these cases, including all aspects of the asbestos claims' estimation and objection proceedings in these cases, and is necessarily involved in plan and emergence issues given the material impact that asbestos-related issues have on these matters. Ms. Krieger has the day to day overall responsibility for these cases including review of all motions and pleadings filed in these cases before Judge Fitzgerald, prepares many of the memoranda for the Creditors' Committee and provides bankruptcy-related services including those with respect to plan structure, confirmation and emergence issues inherent in these cases. In addition, Ms. Krieger has been working with Mr. Pasquale and Navigant Consulting, Inc. ("Navigant"), the Creditors' Committee's asbestos issues consultant, with respect to Navigant's review and preparation of materials in connection with expert reports being prepared for the PI Estimation. It is Stroock's position that each of these professionals play necessary but distinct roles in the proceedings that are not duplicative and for whose services Stroock should be compensated in full. Indeed, these three attorneys, with few exceptions, constitute the Stroock "team" responsible for this matter, thereby ensuring efficiency and consistency in the representation of the Creditors' Committee. Because these meetings are confidential, Stroock is not able to provide more detail in this Response as to the matters discussed during these meetings, or to provide any more detail with respect to the services it rendered in connection with preparing for these services and its communications with the Committee and its professionals, beyond the detail already provided in the Applicat

**October 26, 2006 Meeting**
**October 31, 2007 Meeting**

Exhibit A to the Report notes that Messrs. Kruger and Pasquale and Ms. Krieger attended meetings on October 26, 2006 (the "October 26 Meeting") and October 31, 2006 (the "October 31 Meeting"). The Report states that the total time spent in connection with the October 26 Meeting, including preparation time, was 7.20 hours for a total fee of $4,960.00 and that the total time spent in connection with the October 31 Meeting, including preparation time, was 16.00 hours for a total fee of $10,990.00.

As a general matter, whether multiple attorneys from Stroock attend a certain meeting, hearing or call is dependent upon the nature and importance of the matters that are the subject of such event. It is without any doubt that the determination of the magnitude of the Debtors' liability for present and future asbestos personal injury claims, whether as a result of a consensual settlement among the parties, or an adjudication before the Court, is of the utmost importance to the funding that will be necessary for PI Claims under a reorganization plan and, consequently, the value available for the non-asbestos unsecured claims against the Debtors represented by the Creditors' Committee in these cases. This issue may also affect other aspects of a reorganization plan for the Debtors, as well.

In August 2005, the Court approved a case management order to govern the PI Estimation, including the deadlines for responses to the personal injury questionnaire approved by the Court (the "PIQs"), the production of a navigable database of such responses by Rust Consulting, the production of information from the Debtors' claims management system (the "CMS") and the production of expert reports. By amended order dated July 24, 2006, December 1, 2006 was the date established for the production of expert reports in respect of the number, amount, and value of present and future claims, and February 1, 2007 was the date established for the production of supplemental and rebuttal expert reports on those issues.[1] As a consequence, the professionals for the parties to the PI estimation, including the Creditors' Committee, focused during October 2006 and November 2006 on the data being produced from the PIQs and the CMS and in the preparation of expert reports addressing this critical issue in the chapter 11 cases.

---

[1]     These dates have subsequently been changed through amended orders issued by the

**FEE AUDITOR'S FINAL REPORT** - Page 8
wrg FR Stroock 23int 10-12.06.wpd

The October 26 Meeting was an in-person meeting at Stroock's offices with representatives of Navigant to discuss the data produced and the preparation of Navigant's expert reports on behalf of the Creditors' Committee. The October 31 Meeting was a lengthy information sharing and PI Estimation strategy meeting in New York of approximately four hours duration with representatives of the Debtors and the Equity Committee, which parties along with the Creditors' Committee are the proponents of the reorganization plan currently on file with the Court. Given the impact of the PI Estimation on the Debtors' plan and the ultimate resolution of these cases and the role played by the expert reports in the PI Estimation, it is Stroock's view that it was appropriate for each of the three attorneys with primary responsibility for these cases to participate in these meetings. Stroock therefore submits that the compensation sought in respect of the services rendered in connection with the October 26 Meeting and the October 31 Meeting should be allowed in its entirety.

**November 21, 2006 Creditors' Committee Meeting**

Exhibit A to the Report notes that Messrs Kruger and Pasquale and Ms. Krieger attended a meeting on November 21, 2006 (the "November 21 Meeting"). The Report states that the total time spent in connection with the November 21 Meeting, including preparation time, was 16.80 hours for a total fee of $11,332.50.[2]

This in-person Creditors' Committee meeting, held in New York, was lengthy, lasting three hours, and included, among other matters, a discussion of the November 20, 2006 omnibus hearing before the Court wherein various PI Estimation and PD claims-related matters were addressed, plan strategy and emergence issues and a presentation by Navigant to the Creditors' Committee on PI Estimation-related matters. As Stroock has previously informed the Fee Auditor, it is Stroock's position that the proper representation of the Creditors' Committee requires the participation of Messrs. Kruger and Pasquale and Ms. Krieger in the performance of the distinct roles each of them renders to the Creditors'

---

[2] Stroock further notes that certain of the services identified in Exhibit A of the Repor[t] rendered with respect to this meeting are not correctly identified by the Fee Auditor as services specifically 21 Meeting. Stroock also submits that the services rendered in preparation for this Creditors' Committee rendered without regard to the number of Stroock attorneys present at the meeting. Accordingly, Stroock further address these entries should that become necessary.

Committee. Consequently, Stroock believes that the attendance of each of these professionals at the November 20 Meeting was appropriate, and that allowance of the compensation sought with respect to such services should be granted in its entirety.

Although the Creditors' Committee and its professionals are very cognizant of concerns regarding professionals' fees incurred in these cases, and makes every effort to avoid duplication of services, it is Stroock's position, in summary, that there are often times when attendance by multiple attorneys from Stroock are required and justified by the circumstances and breadth of and/or importance of the matters being addressed and that the PI Estimation-related meetings and the Creditors' Committee meeting identified in the Report ar