IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[2] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | Objection Deadline: June 19, 2007 |
| | | Hearing Date: September 24, 2007 at 2:00p.m. |

**SUMMARY OF THE QUARTERLY APPLICATION OF WOODCOCK WASHBURN FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL AND AS ORDINARY COURSE PROFESSIONALS FOR W.R. GRACE & CO., ET AL., FOR THE TWENTY FOURTH QUARTERLY INTERIM PERIOD JANUARY – MARCH 2007**

| | |
|---|---|
| Name of Applicant: | **Woodcock Washburn LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention as Special Litigation Counsel: | **Retention Order entered January 22, 2003** |
| Date of Retention as Ordinary Course Professional: | **Order Permitting Expansion of Services entered April 15, 2005** |
| Period for which compensation and reimbursement is sought | **January 1, 2007, through March 31, 2007** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$42,468.00** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$ 395.92** |

---

[2] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

This quarterly application is for the Twenty Fourth Interim Period, for the periods January, February, and March 2007. The following monthly fee applications, within the Eighth through Twenty Third Interim Periods, have been previously filed:

| Period Covered | Date Filed | Requested Fees | Requested Disbursements |
|---|---|---|---|
| 1/1 – 1/31/03 | June 9, 2003 | $11,423.30 | $184.10 |
| 2/1 – 2/28/03 | June 9, 2003 | 29,216.00 | 684.22 |
| 3/1 – 3/31/03 | June 9, 2003 | 14,351.00 | 647.43 |
| 4/1 – 4/30/03 | June 3, 2003 | 14,268.50 | 244.41 |
| 5/1 – 5/31/03 | July 11, 2003 | 20,293.50 | 703.19 |
| 6/1 – 6/30/03 | August 1, 2003 | 24,087.00 | 2,822.23 |
| 7/1 – 7/31/03 | September 18, 2003 | 14,157.50 | 1,834.84 |
| 8/1/ - 8/31/03 | October 17, 2003 | 5,120.00 | 2,346.40 |
| 9/1 – 9/30/03 | November 6, 2003 | 18,536.00 | 2,143.81 |
| 10/1 – 10/31/03 | December 16, 2003 | 26,622.50 | 7,747.17 |
| 11/1 – 11/30/03 | January 23, 2004 | 46,329.50 | 22.29 |
| 12/1 – 12/31/03 | February 11, 2004 | 60,218.00 | 13,537.76 |
| 1/1 – 1/31/04 | March 29, 2004 | 117,384.00 | 34,007.41 |
| 2/1 - 2/29/04 | April 13, 2004 | 66,216.00 | 16,476.09 |
| 3/1 - 3/31/04 | April 27, 2004 | 96,991.00 | 8,235.63 |
| 4/1 - 4/30/04 | June 16, 2004 | 111,132.00 | 14,316.26 |
| 5/1 - 5/31/04 | July 19, 2004 | 104,787.00 | 14,642.22 |
| 6/1 - 6/30/04 | July 29, 2004 | 117,125.00 | 8,779.51 |
| 7/1 - 7/31/04 | September 17, 2004 | 85,802.00 | 10,905.33 |
| 8/1 – 8/31/04 | October 22, 2004 | 102,078.00 | 9,582.05 |
| 9/1 – 9/30/04 | November 9,2004 | 156,479.00 | 32,088.05 |
| 10/1 - 10/31/04 | December 17, 2004 | 169,846.00 | 69,597.98 |
| 11/1 – 11/30/04 | January 14, 2005 | 203,792.00 | 29,179.11 |
| 12/1 – 12/31/04 | February 11, 2005 | 164,958.00 | 92,377.99 |
| 1/1 – 1/31/05 | March 18, 2005 | 176,884.00 | 28,342.86 |
| 2/1 – 2/28/05 | April 15, 2005 | 157,122.50 | 125,892.70 |
| 3/1 – 3/31/05 | May 10, 2005 | 196,913.00 | 143,160.77 |
| 4/1 – 4/30/05 | June 21, 2005 | 124,598.70 | 6,544.89 |
| 5/1– 5/31/05 | July 20, 2005 | 198,043.00 | 45,257.99 |
| 6/1 – 6/30/05 | August 11, 2005 | 82,795.50 | 28,829.43 |
| 7/1 – 7/31/05 | September 15, 2005 | 53,078.50 | 578.90 |
| 8/1 – 8/31/05 | October 12, 2005 | 44,755.00 | 4,009.23 |
| 9/1 – 9/301/05 | November 22, 2005 | 47,211.00 | 146.73 |
| 10/1 – 10/31/05 | December 16, 2005 | 18,168.50 | 665.33 |

| 11/1– 11/30/05 | January 31, 2006 | 11,158.00 | 17.20 |
| 12/1– 12/31/05 | March 10, 2006 | 4,340.00 | 12.38 |
| 1/1 – 1/31/06 | March 29, 2006 | 3,470.00 | 80.82 |
| 2/1 – 2/28/06 | April 19, 2006 | 4,121.50 | 300.25 |
| 3/1 – 3/31/05 | May 4, 2006 | 8,338.50 | 2,055.56 |
| 4/1 – 4/30/06 | July 7, 2006 | 10,612.50 | 4,762.62 |
| 5/1– 5/31/06 | July 13, 2006 | 54,925.00 | 2,871.85 |
| 6/1 – 6/30/06 | August 4, 2006 | 108,519.50 | 669.50 |
| 7/1 – 7/31/06 | October 3, 2006 | 44,957.50 | 425.85 |
| 8/1 – 8/31/06 | October 31, 2006 | 4,800.50 | 87.00 |
| 9/1 – 9/30/06 | None Submitted | – | – |
| 10/1 – 10/31/06 | December 21, 2006 | 6,974.00 | 225.13 |
| 1/1 – 11/30/016 | None Submitted | – | – |
| 12/1– 12/31/06 | February 12, 2007 | 13,156.00 | 496.85 |
| TOTAL | | $3,110,997.50 | $775,991.45 |

The fees and costs as requested in the Quarterly Applications previously filed by Woodcock for the Eighth through the Twenty-Second  Interim Periods have been given final approval by the fee auditor.  The Application for the Twenty-Third Interim Period is pending.

The Woodcock professionals who rendered ordinary course services during the current Quarterly Fee Period were:

| Name of Professional | Position with the Applicant | Year Admitted to Bar | Department | Hourly Billing Rate | Total Billed Hours | Total Fees Generated |
|---|---|---|---|---|---|---|
| Gary H. Levin | Partner | 1976 | IP Litigation | $530.00 | 78.7 | $41,711.00 |
| Henrik D. Parker | Partner | 1984 | IP Litigation | $505.00 | 1.5 | $757.00 |

Total Fees: $42,468.00
Blended Rate:  $529.00

Expenses incurred in performing ordinary course services were as follows:

| Summary Total of  Expenses/Disbursements | |
|---|---|
| Patent Prosecution History Retrieval | $124.85 |
| Computer Search | $271.07 |
| TOTAL | $395.92 |

With respect to disbursements for which compensation is requested, computer-assisted

legal research is billed at no higher than actual cost, out-going fax charges are billed at no

higher than $1/page (with no charge for incoming faxes), and charges for standard

copying are billed at no more than $0.15/page.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | **Objection Deadline:  To be Determined** |
| | | **Hearing Date:** |

**QUARTERLY APPLICATION OF WOODCOCK WASHBURN FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
AS SPECIAL LITIGATION COUNSEL AND AS ORDINARY COURSE
PROFESSIONALS FOR W.R. GRACE & CO., *ET AL.*, FOR THE TWENTY-
FOURTH QUARTERLY INTERIM PERIOD OF JANUARY TO MARCH 2007**

Pursuant to section 327, 330 and 331 of Title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Orders (as

defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Professionals

and Official Committee Members (The "Interim Compensation Order"), the Amended

Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals

---

[1]   The Debtors consist of the following 62 entities:  W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit &Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-g II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a/ Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc., Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing System, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc., Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and Official Committee Members (The "Amended Interim Compensation Order") and

Del.Bankr.LR 2016-2, the law firm of Woodcock Washburn LLP ("Woodcock"), special

litigation counsel and ordinary course professional for the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), hereby applies for an order allowing

it (i) compensation in the amount of $42,468.00 for the reasonable and necessary legal

service Woodcock has rendered to the Debtors and (ii) reimbursement for the actual and

necessary expenses that Woodcock has incurred in the amount of $ 395.92 for the interim

quarterly period from January 1, 2007, through March 31, 2007 (the "Fee Period").  In

support of this Application, Woodcock states as follows:

## Background

### Retention of Woodcock Washburn

1.     By this Court's order dated January 22, 2003, (the "Retention Order"), the

Debtors were authorized to retain Woodcock as special litigation counsel to represent

Debtor W.R. Grace & Co.-Conn in order to intervene as a defendant in a suit originally

brought in 2002 in the District Court for the Northern District of Indiana but now

pending, following a transfer pursuant to 28 U.S.C. § 1404, in the District of Minnesota

as *Bartholic and Intercat, Inc. v. Nol-Tec Systems, Inc.*, civil action 03-CV-4886

(RHK/AJB) (the "Intercat suit").  On April 15, 2005, the Court entered a further Order

("the Expansion Order") granting Debtor's earlier "Motion for Authorization to Modify

and Expand the Scope of Services Provided by Woodcock Washburn LLP."  This Order

authorized Debtor to retain, and Woodcock to provide to Debtor, further services in

ordinary course in the field of intellectual property and authorized Debtor to reimburse

Woodcock for ordinary course services provided prior to the Order entry date. The

Retention Order and Expansion Order authorize the Debtor to compensate Woodcock at

Woodcock's hourly rates charged for services of this kind and to reimburse Woodcock

for actual and necessary out-of-pocket expenses that it incurred, subject to application to

this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure, applicable local rules, and orders of this Court.

**Interim Fee Applications Covered Herein**

2.      Pursuant to the procedures set forth in the Interim Compensation Order, as

amended by the Amended Interim Compensation Order, professionals may apply for

monthly compensation and reimbursement (each such application, a "Monthly Fee

Application"); the notice parties listed in the Amended Interim Compensation Order may

object to such request. If no notice party objects to a professional's Monthly Fee

Application within twenty (20) days after the date of service of the Monthly Fee

Application, the applicable professional may submit to the Court a certification of no

objection whereupon the Debtors are authorized to pay interim compensation and

reimbursement of 80% of the fees and 100% of the expenses requested.

3.      Furthermore, and also pursuant to the Amended Interim Compensation

Order, after the end of each quarter, professionals are to file and serve upon the notice

parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and

allowance of the Monthly Fee Applications filed during the quarter covered by that

Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee

Application, the Debtors are authorized and directed to pay the professional 100% of the

fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

        4.        This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the seventeenth such quarterly Application for compensation for services rendered that Woodcock has filed with the Bankruptcy Court and covers the Fee Period January-March 2007 (the Twenty-Fourth Quarterly Period).

        5.        Woodcock has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

        a.        Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., *et al.*, for January 2007, filed March 13, 2007, attached hereto as Exhibit A.

        b.        Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for February 2007, filed April 4, 2007, attached hereto as Exhibit B.

        c.        Summary Application of Woodcock for Compensation for Services and Reimbursement of Expenses as Counsel to W.R. Grace & Co., et al., for March 2007, filed May 10, 2007, attached hereto as Exhibit C.

Certificates of No Objection to the Monthly Applications for January and February have been filed.  The March application is still pending.

6.      In its role as ordinary course professional, Woodcock has advised W.R.

Grace & Co.-Conn. on general matters relating to intellectual property and has performed

general services in the intellectual property field, such as rendering opinions on certain

intellectual property matters.  Because Woodcock's fee applications may be obtained by

third-parties, the descriptions of fee services provided here are necessarily more general

than might otherwise be provided.

**Requested Relief**

7.      By this Quarterly Fee Application, Woodcock requests that the Court

approve the interim allowance of compensation for professional services rendered and the

reimbursement of actual and necessary expenses incurred by Woodcock for the Fee

Period and for the periods covered by the Petition, as detailed in the Applications and

Petition, less any amount actually paid to Woodcock pursuant to the Applications and

Petition during the pendency of this Quarterly Fee Application.

**Disinterestedness**

8.      Woodcock does not hold or represent any interest adverse to the estates,

and has been, at all relevant times, a disinterested person as that term is defined in section

101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

Woodcock disclosed in its Application for Appointment as Special Litigation Counsel

any connection it had to the Debtors that it had been able to ascertain using its reasonable

efforts.  Woodcock will update the disclosures where necessary if Woodcock becomes

aware of material new information.

**Representations**

9.     Woodcock believes that this Quarterly Fee Application complies with the requirements of Del.Bankr.LR2016-2 and the Amended Interim Compensation Order.

10.     Woodcock performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor, or other person.

11.     During the Fee Period, Woodcock has received no payment, nor has it received any promises for payment, from any other source for services rendered during the Fee Period or to be rendered in any capacity whatsoever in connection with its acting as counsel for Debtors.

12.     Pursuant to Fed. R. Bank. P. 2016(b), Woodcock has not shared, nor has it agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Woodcock, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 case.

WHEREFORE, Woodcock respectfully requests that the Court enter an order providing (a) that, for this Fee Period, January 1, 2007, through March 31, 2007, an administrative allowance be made to Woodcock in the amounts of (i) $42,468.00 as compensation for reasonable and necessary professional services rendered for the Debtors and (ii) $395.92 for reimbursement of actual and necessary costs and expenses incurred, for a total of $42,863.92 and (b) that the Debtors be authorized and directed to pay to

- 6 -

Woodcock these outstanding amounts less any amounts previously paid to Woodcock

pursuant to the Applications and the procedures set forth in the Interim Compensation

Order.

Respectfully submitted

Date:  May 29, 2007

Gary H. Levin
Woodcock Washburn LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
(215) 568-3100
levin@woodcock.com

- 7 -