# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 14063** |
| | ) | **5/21/07 Agenda Item No. 13** |

## FIFTH ORDER REGARDING RELIEF SOUGHT IN DEBTORS' TWENTIETH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE) (DOCKET NO. 14063)

Upon the Twentieth Omnibus Objection to Claims (Substantive) (the "Twentieth Omnibus Objection") filed by the above captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order expunging and disallowing, reclassifying or reducing, as appropriate, certain claims (collectively, the "Claims" and, each a "Claim"); and no previous application having been made, and upon consideration of the matters set forth herein; and due and proper notice of the Twentieth Omnibus Objection having been given, it is hereby

ORDERED that, the Objection to each of the Claims listed on Exhibit A to this Order under the heading "Continued" is continued to the June 25, 2007 omnibus hearing; and it is further

ORDERED that, the rights of the Debtors to object to any Claim listed on Exhibit A for any reason are expressly preserved, except as provided for herein; and it is further

ORDERED that, the Objection to Claim 2519 is reduced and allowed according to the terms set forth in the Stipulation attached hereto as Exhibit B; and it is further

ORDERED that, this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May 21, 2007

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

# EXHIBIT A

| Claimant | Claim Number(s) | Class Action Claim Number | Total Claim Amount | Class | Basis for Objection | Reduce and Allow | Basis of Requested Relief | Status |
|---|---|---|---|---|---|---|---|---|
| 20th CENDANT MOBILITY SERVICES CORPORATION | 14217 | 9837 | $270,250.62 | U | Reduce and Allow | Reduce and Allow | | Continued to June 25, 2007 |
| 20th ESTATE OF ROSARIO RAPISARDI | 14219, 14645 | 15073 | $660,060.44 | U | No Liability | Expunge | | Continued to June 25, 2007 |
| 20th GRAU JAMES AND ANNA | – | 9888 | $600,000.00 | U | No Liability | Expunge | | Continued to June 25, 2007 |
| 20th HARY GRAU & SONS INC | – | 9887 | $600,000.00 | U | No Liability | Expunge | | Continued to June 25, 2007 |

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## STIPULATION RESOLVING CLAIM 2519 FILED BY WALTER D. PELETT

This stipulation ("Stipulation") is entered into this 17 day of May, 2007, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and Walter D. Pelett (the "Claimant"):

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases").

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, on January 10, 2003, the Claimant filed a proof of claim (dated January 6, 2003) (the "Claim") against the Debtors with respect to the property located in the state of Oregon (the "Site"), described as follows:

| Claim No. | Filed on | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|---|---|---|---|---|
| 2519 | January 10, 2003 | $52,516.76 | Unsecured, non-priority | Damage to Leased Property |

WHEREAS, the Debtors and the Claimant have agreed to settle the Claim on the terms and conditions set forth herein.

NOW, THEREFORE, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. The Claim shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $31,600.00. The Claimant shall not be entitled to pre-petition or post-petition interest on the Claim with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"), provided however that the Claim shall be paid in the same manner as all other similarly situated general unsecured claims pursuant to the Plan.

2. The Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that the Claim shall be allowed as outlined herein.

3. The Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition or post-petition claims against the Debtors with respect to any costs relating to the Site. Nothing herein shall affect the parties' rights and arguments regarding (i) Claim 17935, filed by the Claimant and Pamela K. Pelett on October 9, 2006 (proof of claim dated October 3, 2006) and (ii) Claim 18488, filed by the Claimant and Pamela K. Pelett on November 28, 2006 (proof of claim dated November 28, 2006).

4. The parties shall take whatever additional action, if any, is necessary to make sure that the Claim is allowed as outlined herein.

5. This Stipulation shall not create a right that does not presently exist for the Claimant or any other party to file additional claims with respect to these matters, nor waive any defense that the Debtors may have against such claims.

6. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart, together with the others, shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

7. The United States Bankruptcy Court for the District of Delaware shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

| Walter D. Pelett | W. R. Grace & Co., et al. |
|---|---|
| By: _____ | By: _____ |
| Name: Kevin O'Connell | Janet S. Baer |
| Title: Attorney | Lori Sinanyan |
| | Kirkland & Ellis LLP |
| | 200 East Randolph Drive |
| | Chicago, IL 60601 |
| | (312) 861-2000 |
| | and |
| | Laura Davis Jones (Bar No. 2436) |
| | James E. O'Neill (Bar No. 4042) |
| | Timothy P. Cairns (Bar No. 4228) |
| | Pachulski, Stang, Ziehl, Young, Jones & Weintraub LLP |
| | 919 North Market Street, 17th Floor - P.O. Box 8705 |
| | Wilmington, Delaware 19899-8705 |
| | (302) 652-4100 |
| | Co-Counsel for the Debtors and Debtors in Possession |