IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Objection Deadline: May 16, 2007 at 4:00 p.m.** |
| | : | **(extended for the UST until June 1, 2007)** |
| | : | |
| | : | **Re: Docket No. 15310** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE SUMMARY APPLICATION OF FORMAN PERRY WATKINS KRUTZ & TARDY LLP FOR REIMBURSEMENT OF EXPENSES AND COMPENSATION FOR SERVICES IN EXCESS OF THE ORDINARY COURSE PROFESSIONAL CAP FOR PERIOD APRIL 2006 TO MARCH 2007**

The United States Trustee, by and through her counsel, hereby files the following objection to the Summary Application of Forman Perry Watkins Krutz & Tardy LLP ("Forman Perry") for reimbursement of expenses and compensation for services in excess of the ordinary course professional cap for the period of April 2006 to March 2007 (the "Fee Application"), and represents as follows:

**Background**

1. Kelly Beaudin Stapleton is the United States Trustee ("UST") for Region 3.

2. Pursuant to 28 U.S.C. § 586, the Executive Office for United States Trustees has adopted procedural guidelines (hereinafter referred to as "UST Guidelines"), which UST Guidelines are to be used in reviewing applications filed for compensation and reimbursement under Section 330 of Title 11. In furtherance of her case supervisory responsibilities, the UST has standing to raise and be heard on issues of professional compensation.

1

3.     It is axiomatic that an applicant seeking an award of professional compensation has the burden to establish entitlement to such an award.

4.     On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (collectively, the Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

5.     On March 1, 2007, the Debtors filed an application to employ Forman Perry *nunc pro tunc* to April 1, 2006 (the "Retention Application"). In the Retention Application, the Debtors allege that Forman Perry was performing services as an ordinary course professional and that their fees has exceeded the various caps this Court put in place for ordinary course professionals. Specifically, the Debtors indicated that Forman Perry's fees had exceeded the aggregate case cap for ordinary course professionals by approximately $500,000. Also, as the Fee Application demonstrated, Forman Perry exceeded the monthly ordinary course professional cap of $50,000 every month since April 2006.

6.     Both the UST and the Asbestos Claimants Committee objected to the Retention Application on various grounds. Debtors subsequently withdrew the Retention Application and all parties reserved their rights related to any future fee application Forman Perry would file in this case.

7.     In the Fee Application, Forman Perry seeks fees in the amount of $1,763,152.50 and expenses in the amount of $253,394.42. The period for the compensation requested is April 1, 2006

2

through March 31, 2007.

## **Legal Authority**

8.  Section 330(a)(1) of the United States Bankruptcy Code provides that after notice and a hearing, the court may award to a professional person employed under § 327 or § 1103 "reasonable compensation for actual, necessary services rendered" by such a professional person. 11 U.S.C. § 330(a)(1).

9.  11 U.S.C. § 330(a)(3) provides as that:

> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

10.  11 U.S.C. § 330(a)(4) provides as that:

> (4)(A) Except as provided in subparagraph (b), the court shall not allow compensation for—
>
> (I) unnecessary duplication of services; or
> (ii) services that were not–
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

11. The requirements for an application for compensation of a professional are described in Fed. R. Bankr. P. 2016(a). This rule specifies that an applicant must set forth a "detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

12. Professional fees may not be awarded unless and until the applicant shows that there is a benefit to the estate. 11 U.S.C. § 330(a)(4)(A)(ii). In addition, the fees must be reasonable and necessary. Benefit to the estate and necessity are critical threshold issues before the awarding of any fees or compensation. *Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enterprises)*, 997 F.2d 1321, 1322-23 (10th Cir. 1993) (where the Court held that the disallowance of fees for services which were not necessary or beneficial to the estate should not be considered a penalty but rather a statutory imperative).

### Basis for Relief Requested

13. As noted in the UST's objection to the Retention Application, the UST objected to the proposed retention of Forman Perry because the Application sought to retain that firm *nunc pro tunc* to April 1, 2006, which was approximately 11 months prior to the filing of the Application. The UST argued that Forman Perry had not met the strict requirements for *nunc pro tunc* approval. *See In re F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 106 (3d Cir. 1988), *cert. denied,* 488 U.S. 852 (1988), *Matter of Arkansas Co., Inc.*, 798 F.2d 645, 650 (3d Cir. 1986) (where the Third Circuit unequivocally stated that *nunc pro tunc* employment requires extraordinary circumstances).

14. The UST objects to the Fee Application because it appears to be an end-around what Forman Perry could not accomplish in the first place, its retention by this estate. In essence, Forman Perry did not meet the *nunc pro tunc* requirements, therefore there is no reason why it should be

allowed in this instance either. While it is true Forman Perry is retained as an ordinary course professional, they are not retained as a section 327(a) professional. As such, Forman Perry is subject to the orders that govern ordinary course professionals, including fee caps. Forman Perry went above those fee caps in every month since April 2006, yet their initial request to obtain approval for payment of those fees did not occur until March 1, 2007, when the Retention Application was filed.

14.     The circumstances as to why it took approximately a year to file the Retention Application and subsequently, the Fee Application, are not fully explained, but the fact remains that these Applications were dilatory in filing. Also, for a professional to wait a year to seek a significant amount of fees that greatly exceeds its fee cap is in conflict with the Bankruptcy Code's procedures, as well as the Court's various fee procedures in this case, for expediently seeking fee requests. Such a delay results in a disadvantage to other parties in this case because it prevents an inaccurate, "real-time" analysis of Forman Perry fees, including a side-by-side evaluation of Forman Perry's fees with other professionals of the Debtors. Moreover, it is an impermissible attempt to receive compensation when a retention, especially one with a significant *nunc pro tunc* request, has not been approved. The Third Circuit has clearly frowned upon such actions in the past, *See F/S Airlease II, Inc.*, 844 F.2d at 108, and this Court should similarly deny such a request.

15.     The fees requested and services performed by Forman Perry appear, at least on the surface, to be unreasonable. As such, Forman Perry must be held to its burden in proving this Fee Application. Forman Perry put a significant amount of manpower on this engagement. For the period that fees are requested in this Fee Application, twenty (20) attorneys and ninety-nine (99) paraprofessionals billed time on this project. One factor to consider in evaluating whether a firm's fee request is reasonable is the overall staffing of the engagement. Forman Perry is a specialized

professional performing discreet services. In order for them to meet their burden of reasonableness and justify payment of these fees, Forman Perry needs to adequately explain why so many professionals and paraprofessionals were used and needed on this engagement.

16. Similarly, the time records attached to the Fee Application are very generic and include consistently duplicative entries. It is of concern to the UST that Forman Perry's services are unreasonably duplicative and of little to no benefit to the estate. Again, Forman Perry is charged with proving that the services it performed benefitted the estate. The time records fail to accomplish that objective, therefore, Forman Perry's fees should not be approved at this juncture.

17. The UST leaves the Applicant to its burden and reserves any and all of her rights to, *inter alia*, conduct discovery and to modify, amend, supplement or augment this objection and take whatever other actions are deemed necessary and appropriate.

WHEREFORE, the United States Trustee respectfully requests this Court issue a ruling commensurate with the above referenced objection, and award such other relief as this Court deems appropriate under the circumstances.

                                                      Respectfully submitted,

                                                      KELLY BEAUDIN STAPLETON
                                                     United States Trustee, Region Three

BY:    */s/ David M. Klauder*
           David M. Klauder
           Trial Attorney
           Office of the United States Trustee
           J. Caleb Boggs Federal Building
           844 King Street, Suite 2207, Lockbox 35
           Wilmington, DE 19801
           (302) 573-6491
           (302) 573-6497 fax machine

Dated: June 1, 2007