IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: June 1, 2007** |
| | ) | **Related to Docket Nos. 15310** |
| | ) | |

**CONDITIONAL OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO THE SUMMARY APPLICATION OF FORMAN PERRY WATKINS KRUTZ & TARDY, LLP FOR REIMBURSEMENT OF EXPENSES AND COMPENSATION FOR SERVICES IN EXCESS OF THE ORDINARY COURSE PROFESSIONAL CAP FOR PERIOD APRIL 2006 TO MARCH 2007**

The Official Committee of Asbestos Personal Injury Claimants (the "Committee"), by and through its undersigned counsel, respectfully submits this conditional objection ("Conditional Objection") to the *Summary Application of Forman Perry Watkins Krutz & Tardy, LLP for Reimbursement of Expenses and Compensation for Services in Excess of the Ordinary Course Professional Cap for Period April 2006 to March 2007* [DI 15310].  This Conditional Objection is filed out of concern that the Fee Application seeks compensation for services rendered which are not reasonable and necessary and, in many instances, possibly duplicative of work by other professionals for the Debtors.  As discussed below, the Committee is respectfully requesting this Court to direct the Fee Auditor to undertake a heightened review of Forman Perry's Fee Application and to consider not only Forman Perry's time entries of, but also those of the Debtors' other professionals.  The Fee Auditor should consider the reasonableness of the multiple professionals charging the estates to prepare for and participate in the various asbestos personal injury related depositions.  In support of this Conditional Objection, the Committee states as follows:

{D0087033.1 }    1

## PROCEDURAL BACKGROUND

1.  On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") commenced the instant proceedings by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On the Petition Date, the Court entered an order authorizing the joint administration of these cases for procedural purposes. No trustee or examiner has been appointed in these cases.

2.  On April 12, 2001, the United States Trustee for the District of Delaware (the "US Trustee") appointed this Committee, the Official Committee of Asbestos Property Damage Claimants, and the Official Committee of Unsecured Creditors. On June 18, 2001, the U.S Trustee appointed the Official Committee of Equity Security Holders. On May 24, 2004, this Court signed an Order appointing David T. Austern as the Legal Representative for Future Asbestos Claimants.

3.  On March 18, 2002, this Court signed the *Order Appointing Fee Auditor in Accordance with the Court's Direction* [DI 1852].

## PROCEDURAL HISTORY

4.  On April 3, 2001, the day after the Petition Date, the Debtors' filed the *Application of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 1107(A) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business* [DI 28] (the "Original OCP Motion"). The Original OCP Motion sought to establish a procedure for the Debtors to employ Ordinary Course

{D0087033.1 }    2

Professionals (as defined therein) without requiring the submission of separate retention pleadings for each Ordinary Course Professional.

5. On May 3, 2001, the Honorable Joseph J. Farnan, Jr., entered an Order (the "Original Order") granting the Original OCP Motion. [DI 195]. This Order authorized the Debtors to retain Ordinary Course Professionals "to assist and advise the Debtors in the operation of their businesses and to defend the Debtors in matters arising in the ordinary course of the Debtors' businesses as described in the Application." Original Order, page 2. The Original Order also authorized the Debtors to compensate each Ordinary Course Professional for services rendered up to $50,000 per month and up to $300,000 (the "Total Expenditure Cap") in total during these Chapter 11 Cases.

6. Over the course of these cases, the Debtors have filed two motions to increase the Total Expenditure Cap. On November 11, 2002, the Debtors filed the *Motion to Amend the Order Authorizing the Debtor to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business* [DI 2964] (the "Second OCP Motion"). The Second OCP Motion did not seek to change the terms of the Original Order except to the extent that it sought to enlarge the Total Expenditure Cap from $300,000 to $600,000. On December 10, 2002, this Court entered an Order approving the Second OCP Motion [DI 3126].

7. On June 19, 2006, the Debtors filed their *Motion to Amend the Order Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Businesses* [DI 12677] (the "Third OCP Motion"). The Third OCP Motion sought to increase the Total Expenditure Cap from $600,000 to $800,000. On July 24, 2006, this Court signed the Second Amended Order Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Businesses [DI 12855].

8. On January 4, 2006, the Debtors filed the *Affidavit of Disinterestedness of Marcy B. Croft in Support of Forman Perry Watkins Krutz & Tardy, LLP's Retention as an Ordinary Course Professional*, signed by Marcy B. Croft, Esquire [DI 11490] (the "Croft OCP Affidavit").

9. On January 17, 2007, the Debtors filed the *Amended Debtors' Statement of Amounts Paid to Ordinary Course Professionals from October 1, 2006 through December 31, 2006* [DI 14340] (the "Amended Statement"). The Amended Statement listed, for the first time since the filing of the Croft OCP Affidavit, that any amount had been paid to Forman Perry. Specifically, the Amended Statement disclosed that $147,400.41 was paid to Forman Perry during the period of October 1, 2006 through December 31, 2006; a period that begins eight months after the Croft OCP Affidavit was filed.

10. On March 1, 2007, the Debtors filed their *Application to Employ Forman Perry Watkins Krutz & Tardy, LLP* [DI 14720] (the "Retention Application") and related Motion to Shorten [DI 14721]. The Retention Application sought entry of an Order authorizing the Debtors' retention of Forman Perry, *nunc pro tunc* to April 1, 2006, as special asbestos personal injury third party discovery counsel. The Retention Application disclosed that in addition to the approximately $350,225 that Forman Perry has received in legal fees and $177,444 in expenses reimbursed, Forman Perry claims an additional approximately $1,300,000 in legal fees and $250,000 in expenses. In support of the Retention Application, the Debtors' attached the Affidavit of Marcy B. Croft in Support of the Debtors' Application to Employ Forman Perry Watkins Krutz & Tarday, LLP.

11. At the April 2, 2007 omnibus hearing, the Debtors made an oral motion and presented a proposed order to authorize Forman Perry to seek "Excess OCP Fees in accordance

with the Court's interim compensation order requirements and other applicable rules and orders of the Court . . ." This Order also provided that the Retention Application was withdrawn.

12. On April 26, 2007, Forman Perry filed the *Summary Application of Forman Perry Watkins Krutz & Tardy, LLP for Reimbursement of Expenses and Compensation for Services in Excess of the Ordinary Course Professional Cap for Period April 2006 through March 2007* [DI 15310] (the "Fee Application").

## **CONDITIONAL OBJECTION**

13. The Committee files this Conditional Objection out of concern that the Fee Application seeks the interim payment of compensation for services rendered which are not reasonable and necessary and, in many instances, possibly duplicative of the work that is being completed by Kirkland & Ellis, as well as other Ordinary Course Professionals in these cases. The Committee files this Conditional Objection out of concern of the amount of fees and costs being incurred in these cases, particularly toward the estimation of the Debtors' present and future asbestos personal injury liabilities – the hearing for which has now apparently been delayed until the first few months in 2008.

14. The deposition of Jay Thomas Segarra, M.D., FACP is emblematic of the Committee's concerns. At that deposition, Grace was represented by six separate attorneys from three different law firms. There were three attorneys present from Kirkland & Ellis. The attorneys were David E. Mendelson, Esq., Amanda C. Basta, Esq., and Ellen Therese Ahern, Esq. There were two attorneys from Forman Perry – Fred Kurtz, Esq. and Daniel J. Mulholland, Esq. There was an additional attorney representing the Debtors from the law firm of Socha, Perczak, Setter & Anderson, P.C. This attorney was David Setter, Esq., whose law firm is also

retained through the Ordinary Course Professional procedures referenced above.[1] In addition to these attorneys a paralegal named Aaron Vick was present. Mr. Vick is an employee of Absalom, an entity that has billed the Debtors estates separately from Forman Perry's invoices. As a result, there were four separate entities billing the Debtors' estates for that deposition. As to Forman Perry, Messrs. Krutz and Mulholland billed the estates 14 hours and 12.2 hours, respectively, on the day of Dr. Segarra's deposition.

15. In addition to this, the amount of time that Forman Perry billed to prepare for Dr. Segarra's deposition seems excessive. A review of the Fee Application indicates that Forman Perry billed the estate in excess of $122,000 solely to prepare for Dr. Segarra's deposition. This preparation, for a deposition that only lasted approximately seven hours, included nearly 100 time entries for numerous paralegals and attorneys totaling 520 hours. The Committee has a concern that this does not represent a reasonable amount of time to prepare for one deposition. The Committee recognizes that Mr. Krutz took the deposition, but also notes that Mr. Krutz previously deposed Dr. Segarra, and is concerned that the preparation for this deposition was excessive and overstaffed.

16. The Committee is filing this Conditional Objection to preserves its rights to object to Forman Perry's Fee Application. The Committee, however, notes that Warren H. Smith & Associates, P.C. has been assigned as the Fee Auditor in this case and is charged with the duty to review in detail the Interim Fee Requests[2] filed in these cases. The Committee also notes that it

---

[1] The Committee notes that Socha, Perczak, Setter & Anderson, P.C. has also exceeded the Total Expenditure Cap set by this Court's Orders and has filed a fee application for payment of the excess amounts.

[2] The Committee recognizes that Forman Perry's Fee Application is not technically an Interim Fee Application. As noted by the process described above, the process which lead to the current status of Forman Perry's Fee Application have been, to say the least, unusual. This has somewhat complicated the analysis of Forman Perry's Fee Application as against other

has been in touch with the Office of the United States Trustee and understands that it is undertaking a review of the Fee Application. Although the Committee has undertaken a limited review of the Fee Application, the Committee has not undertaken nearly as comprehensive of a review as the Fee Auditor is charged to undertake and that the Office of the United States Trustee may be undertaking.

17. By this filing, the Committee is respectfully requesting this Court to direct the Fee Auditor to undertake a heightened review of Forman Perry's Fee Application and to consider not only the time entries of Forman Perry, but the entries of other professionals, working for Grace whether formally retained in these bankruptcy cases or through the Ordinary Course Professional procedures outlined above. The Fee Auditor should consider the reasonableness of the multiple professionals representing the Debtors' estates in the preparation for and participation in depositions.

**RESERVATION OF RIGHTS**

18. By filing this Conditional Objection, the Committee does not waive any rights to object to the Fee Application, and hereby reserves all of its rights in these regards pending the review of the Fee Application by the Fee Auditor and the Office of the United States Trustee.

---

professionals of the Debtors, whose fee applications were filed many months ago. In any event, the Committee believes that the Fee Auditor will review the instant Fee Application as an Interim Fee Application in due course.


WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an Order sustaining this Conditional Objection and granting such other and further relief as is just and equitable.

Date: June 1, 2007

        CAMPBELL & LEVINE, LLC

        */S/ Mark T. Hurford*
        Marla R. Eskin (No. 2989)
        Mark T. Hurford (No. 3299)
        800 King Street, Suite 300
        Wilmington, DE 19801
        (302) 426-1900

        -and-

        CAPLIN & DRYSDALE, CHARTERED
        Elihu Inselbuch
        399 Park Avenue
        New York, NY 10022-4614
        (212) 319-7125

        -and-

        CAPLIN & DRYSDALE, CHARTERED
        Peter Van N. Lockwood
        Nathan D. Finch
        One Thomas Circle, N.W.
        Washington, D.C. 20005
        (202) 862-5000

        Counsel to the Official Committee
          of Asbestos Personal Injury Claimants