# EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case no. 01-01139 (JFK) |
| | ) | Jointly Administered |
| Debtors | ) | |
| | ) | |
| | ) | Re: Docket Nos. 13619-13622, |
| | ) | 13624-13628, 13703 & 13704 |

<u>SUPPLEMENTAL ORDER REGARDING MOTIONS TO COMPEL CLAIMANTS
TO RESPOND TO THE W.R. GRACE & CO. ASBESTOS PERSONAL INJURY
QUESTIONNAIRE</u>

The parties to this proceeding have submitted a Joint Order which the court has entered ("the Main Order") as to all issues on which they have agreed, save the following two issues below.

Upon consideration of the various Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire (Docket Nos. 13619-13622, 13624-13628, 13703 & 13704), all oppositions and responses thereto, all relevant papers and filings, and all argument on the Motions;

IT IS HEREBY ORDERED this 22d day of December, 2006, that:

1 - Various Claimants objected to answering certain questions on the ground that producing the responsive information

would invade the consulting expert privilege set forth in Fed. R. Civ. P. 26(b)(4)(B). Debtors' motion to compel with regard to such objections is GRANTED IN PART and DENIED IN PART. The facts known or opinions held by experts who were retained or specially employed in anticipation of litigation or preparation of trial and who are not expected to testify at trial ("consulting Experts") are not discoverable. Debtors have not demonstrated the existence of exceptional circumstances which justify taking discovery of Consulting Experts at this time. However, the Court finds that physicians, B-Readers, or other medial professionals who first "screened" a Claimant (that is, prior to the time that any other diagnosis of an asbestos-related disease or injury was sought or known) are not Consulting Experts. Further, physicians, B-Readers and other medical professionals who examined a Claimant prior to the time an attorney-client relationship was established between the Claimant and the lawyer or law firm which asserts the privilege are not Consulting Experts. As to any information requested regarding those who are not Consulting Experts, no

privilege applies and the responsive information with regard to such professionals shall be provided by Claimants. Consulting Experts are those solicited by the lawyer/law firm regarding a specific Claimant or that Claimant's medical documents after the lawyer/law firm had formed an attorney-client relationship with the specific Claimant. The privilege applies to Consulting Experts who are not identified as testifying experts and will be abrogated if, as and when said Consulting Expert is identified as a testifying expert.

2 – Nothing in this Order or in the Main Order addresses objections that have not been raised, briefed and/or argued as noticed on any omnibus or ancillary hearing agenda related to this Order. However, the rulings of the court in this Order and in the Main Order apply to all Claimants who had notice of the Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personnel Injury Questionnaire and to the Asbestos Claimants Committee and the Future Claims Representative, both

of which actively participated in the briefing and/or argument on this matter.

*Judith K. Fitzgerald*
rmab
Judith K. Fitzgerald

U.S. Bankruptcy Judge