IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| Debtors. | ) Jointly Administered |
| | ) Hearing Date: June 21, 2007 @__:___ in Pittsburgh, PA |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Grace filed a notice of deposition directed to this law firm, which represents individual asbestos claimants. Grace's notice requires the law firm to designate a witness on the subject of "activities undertaken" by the firm in responding to the personal injury questionnaire responses of their clients. Grace has purportedly 'suspended' the deposition pending the outcome of the hearing on this motion for a protective order. Grace's notice of this deposition is purposeless, other than to further delay these proceedings and to attempt to chill claimant's counsel's zealous advocacy of their client's interests. This Court should not allow the Debtor's bullying and wasteful tactics to stand.

In addition to the arguments and points raised by the Official Committee of Asbestos Personal Injury Claimants, which the Cooney and Conway firm hereby adopts in its entirety,

1

the Cooney and Conway firm states these additional or supplemental points for the Court to consider.

## A. THE COURT SHOULD NOT ALLOW A QUESTIONNAIRE ABOUT THE QUESTIONNAIRE

In addition to violating Federal Rule 30, as raised by other movants, Grace's latest discovery attempt does absolutely nothing to assist in the estimation of the Debtors liabilities. Taking Grace's own stated reasons for its 'need' of these depositions, it is patently obvious that it does not 'need' these depositions in order to estimate its tort liabiliity:

The purpose of this proposed discovery, explained counsel for Debtors at the May 8, 2007 hearing, is to determine

> whether they [the claimants law firms] made contact with other counsel for other firms, whether they obtained documents with the possession custody and control of the other firm. Did they go to the doctors, did they or did they not?

May 8, 2007 Transcript of Hearing before Hon. J. Fitzgerald at 185 (remarks of D. Bernick).

Nowhere does Grace explain why purported 'contact with other counsel' or the provenance of documents *already submitted to Grace* could have any bearing on the estimation of its liabilities. Grace **has** the documents and medical records. Grace **has** the work and exposure histories. It received all of this information in response to it's questionnaires--questionnaires that took months to complete because of the great amount of information that Grace sought. Now Grace wants to

spend even more time asking counsel---who are not even parties to this case--*how* they gathered the information. What possible relevence can Grace's latest inquiry have to it's estimation of liability? Absolutely none, and this Court should not allow such inquiry.

## B. THIS COURT HAS PROHIBIT SUCH INQUIRY

On September 9, 2005 Grace sought information relating to the direct or indirect financial relationship between the lawyers, screening companies, doctors, or other law firms. (Debtors' Emergency Motion for Leave to Take Discovery of Claimant's Attorneys at 16.) At that time, and wholly without any foundation, Debtors speculated about relationships between law firms and doctors that, in their view, impugned the validity of the asbestos claimants' claims. Nothing has changed since that time, other than the fact the Grace is now in possession of medical records and exposure evidence that are uncontrovertible proof of valid claims, Grace again tries to change the subject, seeking to inquire on topics wholly unrelated to the estimation hearing.

The Court correctly denied the Debtors' motion to take such discovery from the claimants' attorneys on the grounds that it implicated privilege issues and that a massive search for unknown and unspecified improprieties was irrelevant to the estimation proceeding.

> I'm not permitting the questionnaire. . . . There may be attorney client privilege. There may be work product. There could be all sorts of problems. . . . If you've got the need for specific discovery, focused on a specific area, you can take it and we'll deal with it piecemeal. But overall, I am not going to permit these broad-based questions. I didn't permit them with the individuals. I'm not going to permit them with the lawyers. So tailor your questions if you have some need to this specific whatever it is that your looking for so that when I say, what's the relevance, you can tell me how it fits to a particular

> strategy, theory, piece of evidence, what in the estimation hearing, because this doesn't. This is not enhancing that process.

October 24, 2005, Transcript of Omnibus Hearing before Hon. J. Fitzgerald at 81-82

Now that Grace is in possession of the information requested in its questionnaire, there is even less reason to allow such improper and irrelevent inquiry. Therefore, the Court should deny this discovery.

### C. CLAIMANT'S COUNSEL ARE NOT PARTIES TO THIS CASE

Finally, Federal Rules 30 and 45 require that a subpoena be served upon non-parties in order to compel their appearance at deposition. (FRCP 30 and 46). No subpoena was served upon this law firm, which is not a party to the bankruptcy case. Debtor's reluctance to seek issuance of a subpoena is telling, inasmuch as Grace undoubtedly knows that its purported 'need' for information about the process undertaken in order to prepare responses to its questionnaires would not pass muster under the Rule 45 (3) (A) (iii) standard, which states, in relevant part:

> (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> ****
>
> (iii) <u>requires disclosure of privileged or other protected matter and no exception or waiver applies.</u>

Clearly, the testimony Grace is seeking, namely an attorney's research, investigation and mental impressions regarding a client's case, would fall within the scope of Rule 45's privileged and protected matter, and any Court wherefrom a subpoena issued would likely grant a motion to quash.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion and enter a protective order prohibiting the deposition of the Law Firm of Cooney and Conway.

Dated: June 4, 2007

                                                Respecfully submitted,

                                                COONEY & CONWAY

                                                By one of its attorneys

KATHY BYRNE
COONEY & CONWAY
120 N. LaSalle St, Suite 3000
Chicago, IL 60602
(312) 236-6166
Firm ID #90200