# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF KIRKLAND & ELLIS
## FOR THE TWENTY-THIRD INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Kirkland & Ellis for the Twenty-Third Interim Period</u> (the "Application").

## BACKGROUND

1.      Kirkland & Ellis was retained as counsel to the Debtors. In the Application, Kirkland & Ellis seeks approval of fees totaling $5,156,698.00 and costs totaling $2,730,927.75 for its services from October 1, 2006, through December 31, 2006.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on K&E an initial report based on our review, and received a response from K&E, portions of which response are quoted herein.

## DISCUSSION

3.    In our initial report, we noted 15 conferences or meetings attended by multiple professionals. (See Exhibit A.) We asked K&E to examine the exhibit and in each instance explain the need for each professional's presence and the particular area of expertise each brought to the meeting. K&E's response is provided as Response Exhibit 1. Generally we concur with K&E's arguments for multiple professionals attending these meetings and conferences. For the conference on November 20, 2006, we are unconvinced by the argument for Mr. Blatnick's($365.00 per hour) telephonic attendance. The response states,"...Mr. Blatnick attended the hearing telephonically so that if any questions arose to which he had the relevant knowledge on, he could address them. He also assisted Ms. Esayian in preparing the presentation."   We thus recommend a reduction of $1,460.00 ($365.00 x 4.0 hours) in fees.

4.    We noted two overtime transportation charges for the same person on the same day. The entries are provided below.

11/29/2006    40.11    RED TOP CAB COMPANY - Overtime Transportation 11/29/2006, D. Mendelson

11/29/2006    85.13    RED TOP CAB COMPANY - Overtime Transportation 11/29/2006, D. Mendelson

We asked K&E to explain the circumstances surrounding these charges. The firm's response is provided below.

The first expense was an overtime transportation expense for Mr. Mendelson from K&E's Washington, D.C. office to his home at approximately 11:00 p.m. Pursuant to firm policy, individuals working past 7 p.m. are entitled to take a cab from the office to their home.  This is consistent with the Retention Order and the engagement agreement between K&E and the Debtors.

The second expense was not an overtime transportation expense but rather a travel expense.  Mr. Mendelson was returning to Washington, D.C. from a meeting in Philadelphia with counsel for a subpoenaed witness.  Mr. Mendelson arrived at Union Station at approximately 1:45 P.M. and took a taxi to K&E's Washington, D.C. office to continue working.

We appreciate the response and offer no objection to these expenses.

5.      We noted a charge of $639.26 for secretarial overtime that appears excessive.  The entry is provided below.

12/11/2006      639.26 Secretarial Overtime, Nancy L Blacker - Final edits to brief

We asked K&E to provide more information regarding this entry.  K&E responded as follows:

The secretarial overtime charge was for a total of 14.75 hours (13.75 hours before and after the secretary's normal schedule and 1.00 hour for working through lunch) with an overtime hourly rate of $43.34. Ms. Blacker began working on December 11 at 6:46 a.m. and ended her workday at 5:00 a.m. on December 12.  K&E's computer system calculates overtime hours from the time an employee clocks in until the employee clocks out.  Thus, while the secretarial overtime charge is for 14.75 hours, 5.0 hours can be attributed to December 12, 2006. Ms. Blacker was assisting Mr. Mendelson and Ms. Basta in editing a brief due to be filed.

We appreciate the response and offer no objection to this expense.

6.      We noted a copier rental charge of $17,174.00 that appears excessive.  The entry is provided below.

8/31/2006      17,174.00      IKON OFFICE SOULTIONS - TA (12900.00) Copier Rental, Setup, Delivery for trial site

We asked K&E to explain why this rental was so expensive.  K&E response is provided as Response

Exhibit 2.  We appreciate the response and offer no objection to this expense.

### CONCLUSION

7.      Thus we recommend approval of fees totaling $5,155,238.00 ($5,156,698.00 minus

$1,460.00) and costs totaling $2,730,927.75 for K&E's services from October 1, 2006, through

December 31, 2006.


Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First
Class United States mail to the attached service list on this 6th day of June, 2007.


_____
        Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Janet S. Baer
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1.    On October 4, 2006, DEM, ECZ, BMH and ARR (three Partners and one Associate) attended a conference.  The total time spent including any preparation and non-working travel time 23.30 hours[1] for a total fee of $11,662.50.

| 10/04/06 | DEM | 9.30 | Prepare for discovery conference with A. Running, J. Hughes, B. Harding and M. Murphy (3.0);............... |
| 10/04/06 | ECZ | 10.00 | Confer with J. Hughes, A. Running, B. Harding and D. Mendelson re defensive discovery and other discovery matters (6.7);........... |
| 10/04/06 | BMH | 6.30 | ...........; prepare for conference with client, A. Running, D. Mendelson and E. Zoldan re review of discovery issues (.5); confer re same (2.5). |
| 10/04/06 | ARR | 7.30 | Prepare for conference with J. Hughes, D. Mendelson, M. Murphy and others re Rule 30(b)(6) notice and other discovery requests (4.1); confer re same (3.2). |
| 10/03/06 | ARR | 1.50 | Travel to Washington, DC for client conference (billed at half time) |
| 10/04/06 | ARR | 1.80 | Return travel from Washington, DC client conference to Chicago, IL (billed at half time) |

2.    On October 6, 2006, BTS, ETA, BMH and SAM (three Partners and one Associate) attended a conference.  The total time spent including any preparation time 3.60 hours for a total fee of $1,811.50.

| 10/06/06 | BTS | 3.70 | .........; confer with B. Harding re expert (.5);.............. |
| 10/06/06 | ETA | 6.00 | .............; confer re expert reports with B. Harding, S. McMillan and B, Stansbury (1.5). |
| 10/06/06 | BMH | 6.40 | ...........; confer with S. McMillan, E. Ahern, B. Stansbury and client re same (1.0);.............. |
| 10/06/06 | SAM | 1.40 | Prepare for team conference re claimants' experts (.2); confer |

---

[1] Time for this entry was located in the following project categories - (i) Claim Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

re same (.4);.............

3.      On October 31, 2006, five firm members (all Partners) attended a conference in New York.  The total time spent including any preparation and non-working travel time 40.90 hours[2] for a total fee of $25,505.50.

| 10/29/06 | BMH | 2.50 | Prepare for conference with Unsecured Creditors' Committee and Equity Committee. |
| 10/30/06 | DMB | 2.60 | ...........; prepare for negotiations (2.3). |
| 10/30/06 | BMH | 6.20 | ...........; prepare for conference with Committees re same (2.2). |
| 10/30/06 | SAM | 0.50 | Prepare for conference re estimation and confer re experts. |
| 10/31/06 | JSB | 3.50 | Attend estimation conference with unsecured and equity committees (3.2);............... |
| 10/31/06 | DMB | 6.30 | Prepare for and attend creditor meeting on estimation (5.5);........... |
| 10/31/06 | EL | 6.00 | Confer with committee re estimation (4.5);........... |
| 10/31/06 | BMH | 12.80 | Prepare for conference with equity and unsecured creditors committee (3.0); confer with equity and unsecured creditors committee, client, D. Bernick, E. Leibebstein, J. Baer and S. McMillin (5.6);............. |
| 10/31/06 | SAM | 3.80 | Participate in estimation conference (2.8);............. |
| 10/30/06 | JSB | 1.70 | Travel to New York, NY for estimation conference (billed at half time). |
| 10/30/06 | EL | 1.00 | Travel to New York, NY for estimation conference (billed at half time). |
| 10/30/06 | SAM | 1.20 | Travel to New York, NY for estimation conference (billed at half time), |

---

[2] Time for this entry was located in the following project categories - (i) Claim Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

| 10/31/06 | JSB | 1.70 | Return travel from New York, NY to Chicago, IL after estimation conference (billed at half time) |
| 10/31/06 | EL | 1.50 | Return travel from New York, NY after estimation conference (billed at half time). |
| 10/31/06 | SAM | 1.70 | Return travel from New York, NY after estimation conference (billed at half time). |

4.    On October 23, 2006, five firm members (all Partners) attended a hearing in Wilmington. The total time spent including any preparation and non-working travel time 39.90 hours[3] for a total fee of $23,472.50.

| 10/18/06 | BMH | 2.00 | Review documents re preparation for hearing and draft correspondence re same. |
| 10/19/06 | BMH | 5.10 | Confer with S. McMillin, A. Basta and team re hearing preparation (2.5); review documents re preparation for omnibus hearing and motion to compel issues (2.6). |
| 10/20/06 | JSB | 0.50 | Review 10/23 hearing agenda and organize materials for hearing |
| 10/20/06 | LGE | 1.00 | Assemble materials re PD claims issues for D. Bernick and J. Baer for 10/23/06 hearing. |
| 10/20/06 | BMH | 4.80 | Prepare for omnibus hearing. |
| 10/22/06 | BMH | 2.50 | Review documents and draft and revise materials re hearing preparation |
| 10/23/06 | JSB | 5.50 | Prepare for October omnibus hearing and confer re issues for same (2.5); attend and conduct October omnibus hearing (3.0). |
| 10/23/06 | LS | 0.20 | Telephonically attend portion of omnibus hearing re 17th omnibus objection to claims. |
| 10/23/06 | LGE | 1.00 | Review and reply to correspondence from B. Harding re issues re settled claims, for 10/23 06 hearing |

---

[3] Time for this entry was located in the following project categories - (i) Hearings and (ii) Travel Non-Working.

| 10/23/06 | LGE | 2.30 | Participate in Grace omnibus hearing via telephone. |
| 10/23/06 | TLF | 2.50 | Participate in omnibus hearing via telephone. |
| 10/23/06 | BMH | 9.20 | Prepare for omnibus hearing (5.6);confer with J. Baer and D. Bernick re same (.6); attend hearing (3.0). |
| 10/22/06 | JSB | 1.80 | Travel from Chicago, IL to Wilmington, DE for October omnibus hearing (billed at half time). |
| 10/23/06 | JSB | 1.50 | Return travel from Wilmington, DE to Chicago, IL after October omnibus hearing (billed at half time). |

5.    On October 5, 2006, ten firm members (six Partners and four Associates) attended a conference in Washington, DC.  The total time spent including any preparation and non-working travel time 65.70 hours[4] for a total fee of $30,583.50.

| 10/03/06 | TDM | 5.00 | Prepare for full joint defense conference re trial strategy during appellate period (1.2); draft joint defense conference agenda and supporting materials (.8);............... |
| 10/03/06 | WBJ | 2.90 | ...........; confer with L. Urgenson and T. Mace re joint defense conference and related matters (2.0);............ |
| 10/04/06 | TDM | 4.50 | ...........; draft K&E agenda for joint defense conference (1.1) |
| 10/04/06 | SAM | 1.00 | ........; prepare for joint defense conference (.6). |
| 10/05/06 | TDM | 8.50 | Prepare for joint defense conference (.5); attend joint defense conference to address strategy for appellate period (8.0). |
| 10/05/06 | MDS | 2.50 | Confer with joint defense re litigation status and strategy. |
| 10/05/06 | CCC | 7.10 | Confer with joint defense counsel re factual development and case strategy (5.0); prepare for same (.7);........... |
| 10/05/06 | WBJ | 7.30 | Prepare for conference with joint defense (2.3); confer with joint defense re case strategy (5.0). |
| 10/05/06 | PAF | 7.20 | Attend joint defense conference (5.0); prepare for same (2.2). |

---

[4] Time for this entry was located in the following project categories - (i) Montana Grand Jury Investigation and (ii) Criminal Travel Matter, No Third Parties.

| | | | |
|---|---|---|---|
| 10/05/06 | ETA | 3.00 | Participate in joint defense conference. |
| 10/05/06 | MEG | 3.00 | .........; attend joint defense counsel conference (2.3). |
| 10/05/06 | BMH | 7.90 | ..........; confer with joint defense team re strategies for defense preparation (5.1);............... |
| 10/05/06 | SAM | 6.80 | Prepare for joint defense conference (1.8); participate in joint defense conference (5.0). |
| 10/5/06 | LAU | 8.30 | Prepare for joint defense conference (1.0); attend joint defense conference re case status and strategy (7.0);......... |
| 10/04/06 | SAM | 1.80 | Travel to Washington, DC for joint defense conference (billed at half time). |
| 10/05/06 | SAM | 1.80 | Return travel from joint defense conference in Washington, DC (billed at half time). |

6.  On November 2, 2006, four firm members (three Partners and one Legal Assistant) attended a conference.  The total time spent including any preparation time 29.40 hours for a total fee of $13,754.50.

| | | | |
|---|---|---|---|
| 11/02/06 | TJF | 7.00 | Confer with client and team re supplemental expert report (4.5);..................... |
| 11/02/06 | ETA | 8.50 | Attend expert conference re products and exposure issues (7.6);................... |
| 11/02/06 | BMH | 12.80 | Prepare for conference with client and consultant re expert preparation issues (2.3); confer with client, consultant, S. McMillin, E. Ahern and T. Fitzsimmons re same (7.0);............. |
| 11/02/06 | SAM | 8.50 | Prepare for expert conference (1.5); participate in exposure conference and internal conferences re exposure issues (6.5);............... |

7.  On November 3, 2006, five firm members (all Partners) attended a conference.  The total time spent including any preparation time 3.70 hours for a total fee of $1,963.50.

| | | | |
|---|---|---|---|
| 11/03/06 | DEM | 2.90 | Attend team conference (.8);................... |

| 11/03/06 | EL | 1.50 | Participate in team conference (1.0);.............. |
|---|---|---|---|
| 11/03/06 | BMH | 13.50 | ...........; confer with D. Bernick, E. Leibenstein, A. Running and client re ACC discovery motions (.6);........... |
| 11/03/06 | SAM | 7.80 | ...........; participate in team conference re discovery issues (.6);.............. |
| 11/03/06 | ARR | 1.50 | Attend K&E conference re status of litigation assignments (.7);................ |

8.    On November 3, 2006, four firm members (three Partners and one Legal Assistant) attended a conference.  The total time spent including any preparation time 18.30 hours for a total fee of $8,179.50.

| 11/03/06 | TJF | 4.00 | Confer with client and team re supplemental expert report. |
|---|---|---|---|
| 11/03/06 | ETA | 10.00 | Attend expert conference re products and exposure issues (5.5);..................... |
| 11/03/06 | BMH | 13.50 | Prepare for conference with consultants and client re expert strategy (3.6);.................. |
| 11/03/06 | SAM | 7.80 | Confer with experts and consultants (5.2);............ |

9.    On November 20, 2006, seven firm members (five Partners and two Associates) attended a hearing in Wilmington.  The total time spent including any preparation and non-working travel time 54.40 hours[5] for a total fee of $31,030.50.

| 11/14/06 | ACB | 7.00 | ............; draft content for November omnibus hearing graphics (1.0);.............. |
|---|---|---|---|
| 11/16/06 | LGE | 0.50 | Revise settled claims slides for 11/20/06 hearing. |
| 11/17/06 | JSB | 1.10 | Review and prepare materials for 11/20 omnibus hearing (.8); review and revise various orders for 11/20 hearing (.3). |
| 11/17/06 | ACB | 0.50 | Draft content for slides for November omnibus hearing. |
| 11/18/06 | BMH | 0.80 | Correspond with A. Basta and D. Mendelson re 11/20 hearing |

---

[5] Time for this entry was located in the following project categories - (i) Claim Analysis Objection & Resolution (Asbestos); (ii) Hearings and (iii) Travel Non-Working.

preparation and review documents re same,

| 11/19/06 | JSB | 1.00 | Review materials in preparation for 11/20 hearing on Lloyds settlement. |
| 11/19/06 | ACB | 2.00 | Revise graphics in preparation for November omnibus hearing |
| 11/19/06 | LGE | 4.00 | Confer with D. Bernick re PD issues for 11/20/06 hearing and prepare materials re same. |
| 11/19/06 | BMH | 3.00 | Revise materials for 11/20 hearing (2.0); review documents re same (.7); correspond with D. Bernick, A. Basta and L. Esayian re same (.3). |
| 11/20/06 | JSB | 5.50 | Prepare for 11/20 omnibus hearing (1.5); attend 11/20 omnibus hearing (4.0) |
| 11/20/06 | JSB | 1.30 | Review materials and prepare outline for hearing on Lloyds settlement |
| 11/20/06 | JSB | 0.50 | Confer re materials necessary for hearing on motion to compel. |
| 11/20/06 | LS | 0.30 | Telephonically attend portion of omnibus hearing re omnibus claims objections |
| 11/20/06 | SB | 4.00 | Participate in omnibus hearing via telephone. |
| 11/20/06 | ACB | 4.00 | Revise graphics for November omnibus hearing (1.0); attend omnibus hearing telephonically (3.0) |
| 11/20/06 | LGE | 5.50 | Confer with D. Bernick re PD issues for 11/20/06 hearing and prepare materials for same (.8); participate in omnibus hearing via telephone (3.5); confer with B. Harding re additional slides re settled claims issues for 11/20 hearing, create and revise same (1.2). |
| 11/20/06 | TLF | 4.00 | Participate in omnibus hearing telephonically |
| 11/20/06 | BMH | 11.20 | Review and edit materials in preparation for omnibus hearing and confer with A. Basta, D. Bernick, L. Esayian, and J. Baer re same (5.2); attend omnibus hearing (6.0). |

| 11/19/06 | JSB | 2.00 | Travel to Wilmington, DE for November omnibus hearing (billed at half time). |
| 11/20/06 | JSB | 2.20 | Return travel from Wilmington, DE to Chicago, IL after November omnibus hearing (billed at half time). |

10.    On November 16, 2006, four firm members (two Partners and two Associates) attended a conference.  The total time spent including any preparation time 16.20 hours for a total fee of $7,305.50.

| 11/16/06 | BTS | 9.40 | Confer with E. Zoldan, S. McMillin, B. Harding and expert re draft report (2.5);............... |
| 11/16/06 | ECZ | 10.10 | Confer with expert, B. Harding, S. McMillin and T. Fitzsimmons re expert report (5.0);................ |
| 11/16/06 | BMH | 12.20 | Prepare for conference with experts (2.2); confer with E. Zoldan, S. McMillin and T. Fitzsimmons re same (1.5);......... |
| 11/16/06 | SAM | 8.30 | ...............; prepare for conference with expert re estimation report (2.4); confer with expert (2.6);................... |

11.    On November 28, 2006, five firm members (three Partners and two Associates) attended a conference.  The total time spent including any preparation time 15.60 hours for a total fee of $7,775.00.

| 11/28/06 | SB | 3.00 | Confer with R. Finke, D. Cameron, D. Biderman and R. Lee re estimation issues (.5); confer with R. Finke, D. Cameron and others re same (2.5). |
| 11/28/06 | ECZ | 3.70 | ...........; confer with expert re potential expert report and review materials for same (2.5);................... |
| 11/28/06 | TLF | 8.50 | Confer on estimation (1.6);............. |
| 11/28/06 | EL | 6.50 | ...........; confer with experts re estimation (2.5);...........; prepare for conference with experts (.5);........... |
| 11/28/06 | BMH | 9.70 | Review documents re estimation issues in preparation for conference with consultants, counsel and client re estimation strategy (2.0); confer re same (3.5);................ |

12.    On November 30, 2006, four firm members (two Partners and two Associates)

attended a conference.  The total time spent including any preparation time 28.90 hours for a total fee of $12,835.50.

| 11/30/06 | TDM | 7.50 | Confer with joint defense re opening statement graphics |
| 11/30/06 | RAK | 8.50 | Prepare for conference with L. Urgenson, W. Jacobson, T. Mace re factual development and trial graphics (1.2); confer re same (7.3). |
| 11/30/06 | WBJ | 7.40 | Prepare for conference with expert (3.0); confer with expert (4.4). |
| 11/30/06 | LAU | 6.40 | ..........; confer with R. Senftleben, D. Cameron, M. Holscher, W. Coates, B. Gray, W. Jacobson, T. Mace, et al re same (5.5);............... |

13.    On December 20, 2006, BTS, ETA, BMH and SAM (three Partners and one Associate) attended a conference in Washington DC.  The total time spent including any preparation and non-working travel time 28.70 hours[6] for a total fee of $14,318.00.

| 12/19/2006 | Scott A McMillin | 3.50 | Return travel from San Francisco, CA to Washington, DC for conferences with experts (billed at half time). |
| 12/20/2006 | Scott A McMillin | 1.60 | Travel from Washington, DC to Chicago, IL from conferences with experts (billed at half time). |
| 12/19/2006 | Barbara M Harding | 8.00 | .........; prepare for conference with committees and counsel for plaintiffs re same (.8);.......; prepare for conference with experts (2.2). |
| 12/19/2006 | Scott A McMillin | 5.70 | Prepare for conference with pulmonologist re rebuttal report (1.5);........... |
| 12/20/2006 | Brian T Stansbury | 8.50 | Confer with E. Ahern, S. McMillin and experts re expert reports (4.5);............ |
| 12/20/2006 | Ellen T Ahern | 6.30 | Prepare for expert conference with experts, S. McMillin and B. Harding (2.5); confer with experts (3.0);............. |

---

[6] Time for this entry was located in the following project categories - (i) Claim Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

| 12/20/2006 | Barbara M Harding | 11.50 | .............; prepare for conference re claims issues (2.6); confer with consultants, experts, S. McMillin, E. Ahern and B. Stansbury re same (2.2). |
| 12/20/2006 | Scott A McMillin | 6.60 | Prepare for conference with experts re exposure matrices and claims analyses (2.3); confer with experts (2.0);............ |

14.    On December 5, 2006, ten firm members (five Partners, three Associates, one Legal Assistant and one Case Assistant) attended a hearing in Pittsburgh. The total time spent including any preparation and non-working travel time 306.00 hours[7] for a total fee of $125,083.00.

| 11/21/2006 | David M Bernick, P.C. | 2.80 | Prepare for 12/5/06 hearing. |
| 11/26/2006 | David M Bernick, P.C. | 2.50 | Prepare for 12/05/06 hearing. |
| 11/30/2006 | David M Bernick, P.C. | 2.40 | Prepare for 12/5/06 hearing. |
| 12/1/2006 | Janet S Baer | 0.90 | .............; assemble materials re 12/5 hearing on motions to compel (.4). |
| 12/1/2006 | David M Bernick, P.C. | 3.50 | Prepare for 12/5/06 hearing. |
| 12/1/2006 | Barbara M Harding | 3.50 | Prepare materials, documents and outlines re hearing. |
| 12/2/2006 | Barbara M Harding | 2.60 | Review pleadings and documents re x-rays in preparation for hearing and draft notes re hearing argument. |
| 12/3/2006 | David E Mendelson | 2.40 | Prepare materials for hearing. |
| 12/3/2006 | Janet S Baer | 3.00 | Review and organize materials re estimation and confidentiality issues for 12/5 hearing (1.5); review case law re ACC/estimation issues for 12/5 hearing (1.5). |
| 12/3/2006 | Amanda C Basta | 10.00 | Prepare materials for 12/5 hearing re motions to compel. |
| 12/3/2006 | Raina A Jones | 15.40 | Prepare for 12/5/06 hearing (2.0); confer with B. Harding re same (1.8); confer with A. Basta re ACC reply brief and motions to compel in preparation for |

---

[7] Time for this entry was located in the following project categories - (i) Hearings and (ii) Travel Non-Working.

|  |  |  |  |
|---|---|---|---|
|  |  |  | hearing (1.4); summarize arguments in ACC reply brief and motions to compel for hearing (2.2); draft and revise power point slides of arguments for hearing (8.0). |
| 12/3/2006 | Henry A Thompson, II | 14.00 | Prepare powerpoint presentation for B. Harding re motion to compel for 12/5 hearing. |
| 12/3/2006 | Laura E Mellis | 10.50 | Assist in hearing preparation. |
| 12/3/2006 | David M Bernick, P.C. | 3.00 | Prepare for 12/5/06 hearing. |
| 12/3/2006 | Barbara M Harding | 5.50 | Prepare for 12/5/06 hearing. |
| 12/4/2006 | David E Mendelson | 14.20 | Prepare for 12/5 hearing on motions to compel. |
| 12/4/2006 | Janet S Baer | 9.00 | Review and respond to numerous inquires for information in support of issues for 12/5 hearing on estimation and PI production (1.5); review case law and briefs in support of arguments for 12/5 hearing (7.5). |
| 12/4/2006 | Amanda C Basta | 12.00 | Prepare materials for 12/5 hearing re motions to compel. |
| 12/4/2006 | Raina A Jones | 20.00 | Summarize and analyze pertinent cases to be argued at 12/5/06 hearing. |
| 12/4/2006 | Henry A Thompson, II | 13.50 | Prepare for 12/5 motion to compel hearing. |
| 12/4/2006 | Laura E Mellis | 14.50 | Assist B. Harding, D. Mendelson and A. Basta in 12/5 hearing preparations. |
| 12/4/2006 | David M Boutrous | 6.00 | Review transcript for B. Stansbury in preparation for 12/5 hearing (5.5); consult with B. Stansbury re hearing (.5). |
| 12/4/2006 | David M Bernick, P.C. | 6.00 | Prepare for 12/5 hearing. |
| 12/4/2006 | Barbara M Harding | 14.70 | Prepare for hearing and confer with D. Bernick, J. Hughes, A. Basta, D. Mendelson, H. Thompson, R. Jones and L. Mellis re same. |

| | | | |
|---|---|---|---|
| 12/5/2006 | David E Mendelson | 12.40 | Prepare for and attend hearing in Pittsburgh on motions to compel. |
| 12/5/2006 | Janet S Baer | 9.50 | Prepare for 12/5 hearing on PI discovery and estimation discovery issues (2.5); attend hearing re same (7.0). |
| 12/5/2006 | Amanda C Basta | 8.50 | Attend hearing re motions to compel. |
| 12/5/2006 | Raina A Jones | 12.00 | Attend hearing in Pittsburgh, PA (10.5); prepare for same (1.5). |
| 12/5/2006 | Henry A Thompson, II | 11.00 | Attend motion to compel hearing (8.0); prepare for same (3.0). |
| 12/5/2006 | Laura E Mellis | 12.00 | Prepare for hearing (3.0); assist attorneys during and after hearing (9.0). |
| 12/5/2006 | David M Boutrous | 8.50 | ..........; assist L. Mellis with various tasks as needed during hearing (5.5). |
| 12/5/2006 | David M Bernick, P.C. | 9.00 | Prepare for and attend hearing. |
| 12/5/2006 | Theodore L Freedman | 2.00 | Participate in hearing. |
| 12/5/2006 | Barbara M Harding | 15.00 | Prepare for hearing and confer with D. Bernick, D. Mendelson, A. Basta, H. Thompson and R. Jones re same (6.2); attend hearing (6.3);........... |
| 12/4/2006 | David E Mendelson | 1.10 | Travel from Washington, DC to Pittsburgh, PA for hearing (billed at half time). |
| 12/4/2006 | Janet S Baer | 2.00 | Travel from Chicago, IL to Pittsburgh, PA for hearing (billed at half time). |
| 12/4/2006 | Amanda C Basta | 1.20 | Travel from Washington, DC to Pittsburgh, PA for hearing (billed at half time). |
| 12/4/2006 | Raina A Jones | 1.20 | Travel from Washington, DC to Pittsburgh, PA for hearing (billed at half time). |
| 12/4/2006 | Henry A Thompson, II | 1.00 | Travel from Washington, DC to Pittsburgh, PA for |

|  |  |  | hearing (billed at half time). |
|---|---|---|---|
| 12/4/2006 | Laura E Mellis | 1.70 | Travel from Washington, DC to Pittsburgh, PA for hearing (billed at half time). |
| 12/5/2006 | David E Mendelson | 1.20 | Return travel from Pittsburgh, PA to Washington, DC after hearing (billed at half time). |
| 12/5/2006 | Janet S Baer | 2.00 | Return travel from Pittsburgh, PA to Chicago, IL after hearing (billed at half time). |
| 12/5/2006 | Amanda C Basta | 1.70 | Return travel from Pittsburgh, PA to Washington, DC from hearing (billed at half time). |
| 12/5/2006 | Raina A Jones | 2.20 | Return travel from Pittsburgh, PA to Washington, DC after hearing (billed at half time). |
| 12/5/2006 | Henry A Thompson, II | 1.70 | Return travel from Pittsburgh, PA to Washington, DC after hearing (billed at half time). |
| 12/5/2006 | Laura E Mellis | 1.70 | Return travel from Pittsburgh, PA to Washington, DC after hearing (billed at half time). |
| 12/5/2006 | David M Bernick, P.C. | 1.50 | Travel from Chicago, IL to Pittsburgh, PA for hearing (billed at half time). |

15.     On December 18 and 19, 2006, eight firm members (six Partners and two Associates) attended a hearing in Pittsburgh. The total time spent including any preparation time 61.60 hours[8] for a total fee of $36,846.50.

| 12/17/2006 | Janet S Baer | 1.70 | Travel from Chicago, IL to Pittsburgh, PA for December omnibus hearing (billed at half time). |
|---|---|---|---|
| 12/18/2006 | Janet S Baer | 1.70 | Return travel from Pittsburgh, PA to Chicago, IL after December omnibus hearing (billed at half time). |
| 12/11/2006 | Janet S Baer | 0.30 | Review and comment upon 12/18 omnibus hearing agenda. |
| 12/11/2006 | Samuel Blatnick | 1.50 | Prepare materials for D. Bernick for 12/18/06 hearing (1.3);............ |

---

[8] Time for this entry was located in the following project categories - (i) Hearings and (ii) Travel Non-Working.

| 12/12/2006 | Lisa G Esayian | 0.50 | Prepare slides re settled claims issues for 12/18/06 hearing. |
| 12/13/2006 | Janet S Baer | 0.80 | Confer re materials for 12/18 hearing (.3); confer with D. Bernick re PD issues for hearing (.2); review and assemble materials re same (.3). |
| 12/13/2006 | David M Bernick, P.C. | 2.00 | Prepare for omnibus hearing. |
| 12/14/2006 | Lisa G Esayian | 1.50 | Revise slides re settled claims issues for 12/18/06 hearing. |
| 12/15/2006 | Janet S Baer | 1.00 | Review and prepare materials for 12/18 omnibus hearing. |
| 12/15/2006 | Lisa G Esayian | 5.30 | Correspond with various PI firms re issues for 12/18/06 hearing and confer with J. Monahan re same (2.0); review J. O'Neill's revised draft agenda for hearing and provide comments re same (.3); revise slides for hearing and circulate to PI Committee and relevant firms (2.0); review briefs filed by certain claimants for hearing re settled claims (1.0). |
| 12/15/2006 | Barbara M Harding | 3.50 | Prepare for omnibus hearing. |
| 12/16/2006 | Lisa G Esayian | 4.30 | Outline PD claims issues for 12/18/06 hearing (.8); assemble key materials re settled claims issues for hearing (1.0); outline presentation re settled claims issues re certain specific firms for hearing (2.5). |
| 12/17/2006 | Janet S Baer | 0.50 | Review 12/18 agenda in preparation for hearing. |
| 12/17/2006 | David M Bernick, P.C. | 1.00 | Prepare for omnibus hearing. |
| 12/17/2006 | Barbara M Harding | 1.60 | Review and revise documents and correspond re preparation for omnibus hearing. |
| 12/18/2006 | David E Mendelson | 1.50 | Prepare materials for hearing and attend part of hearing by phone. |
| 12/18/2006 | Janet S Baer | 6.50 | Review materials and confer with client and colleagues in preparation for December omnibus hearing (4.0); attend and conduct portions of |

|  |  |  | December omnibus hearing (2.5). |
|---|---|---|---|
| 12/18/2006 | Lori Sinanyan | 0.50 | Attend omnibus hearing re claims resolution. |
| 12/18/2006 | Samuel Blatnick | 2.20 | Participate in omnibus hearing telephonically. |
| 12/18/2006 | Joy L Monahan | 2.70 | Prepare for and participate in telephonic hearing. |
| 12/18/2006 | David M Bernick, P.C. | 2.50 | Prepare for and participate in omnibus hearing. |
| 12/18/2006 | Lisa G Esayian | 8.00 | Confer with J. Baer, J. O'Neill and W. Sparks re issues for 12/18/06 hearing (.4); prepare for hearing argument re settled claims issues (3.1); argue settled claims issues at hearing (2.0); participate in portions of hearing re PD claims issues (2.5). |
| 12/18/2006 | Barbara M Harding | 5.70 | Prepare for omnibus hearing (4.0); participate telephonically in omnibus hearing (1.7). |
| 12/19/2006 | Janet S Baer | 1.00 | Participate in telephonic hearing on x-rays, consulting experts and Anderson record. |
| 12/19/2006 | David M Bernick, P.C. | 2.00 | Attend hearing and prepare for same. |
| 12/19/2006 | Barbara M Harding | 2.00 | Prepare for and attend hearing with court. |

Response Exhibit 1

The Initial Report requests greater explanation concerning multiple professionals' attendance at, and preparation for, eleven conferences and four hearings. The following lettered paragraphs explain the topic(s) of each conference or hearing and the need for each professional's participation therein. As has been explained before, it is not K&E's routine practice to have multiple K&E attorneys at conferences and hearings. When multiple professionals participated in a conference or hearing, they did so because: (a) K&E made the conscious decision that it was more advantageous to have multiple professionals participate, rather than relying on information to "flow down" after the conference or hearing had concluded, (b) a particular professional's input was required for certain portions of the conference and, when possible, the professional only attended the relevant portions of the conference or hearing at issue, and/or (c) that individual brought particular expertise and issue preparation to the conference or hearing, and so his/her presence was critical.

Multiple professionals' participation/attendance at certain conferences and hearings has been particularly important in these Chapter 11 cases, because of the multiple proceedings pending in multiple forums, all of which are ultimately connected to these Chapter 11 cases. It is critical that, for example, members of the criminal defense team meet regularly and coordinate with the asbestos personal injury ("PI") team, as many of the matters addressed in the defense of the criminal indictment will relate directly to the allowance and viability of certain PI claims. In addition, discovery ongoing in the PI estimation tracks certain discovery from the criminal case and coordination of efforts among the two teams has been necessary. Further, since almost all of the hearings address more than one aspect of these cases, it is more advantageous to the Debtors and efficient for preparation purposes if the professional presenting certain matters at the hearing has been intimately involved in those matters.

This reasoning will be further explained below, in the context of each individual questioned conference and hearing.

(a)      October 4, 2006 conference (Interim Report, Exhibit A, Item 1)

Harding/ Mendelson/ Running/ Zoldan

The October 4, 2006 conference was regarding a number of defensive discovery-related matters. Ms. Harding participated as she is the lead litigation partner on the PI team who is in charge of the day-to-day work for the estimation. Mr. Running, a litigation partner, participated in the conference as he is the senior partner responsible for certain defensive discovery responsibilities on the case. Mr. Mendelson participated as he is the junior litigation partner on the PI team and is also responsible for defensive discovery. Mr. Zoldan, a litigation associate, participated in the conference in order to be apprised of the current status of these matters and to receive assignments. In particular, the attorneys discussed a series of discovery requests to the Debtors which were still outstanding and formulated ways to address and respond to these requests. The attorneys also discussed the Rule 30(b)(6) subpoenas for deposition designations which were received. Following

the conference, Mr. Zoldan was tasked with compiling information for responding to the discovery requests and drafting a response to the Rule 30(b)(6) subpoenas.

(b)    October 6, 2006 conference (Interim Report, Exhibit A, Item 2)

Ahern/ Harding/ McMillin/ Stansbury

The October 6th time entries listed in the Initial Report represents time related to two separate conferences.  The first conference was among Ms. Ahern, Ms. Harding and Mr. McMillin regarding certain expert reports.  Ms. Harding participated in her role as described in paragraph (a).  Ms. Ahern, a litigation partner, attended the conference as she is responsible for the PI causation experts.  Mr. McMillin was previously only involved in the criminal team as the partner responsible for expert development.  However, at this time, Mr. McMillin had become directly involved on PI-related matters and specifically is now in charge of certain PI expert development and certain classes of more serious asbestos PI claims.  Mr. Stansbury, a litigation associate on both the criminal and PI teams responsible for the development of expert reports, only attended a portion of this conference in order to address questions regarding the expert reports for which he was responsible.

The second conference was between Mr. Stansbury and Ms. Harding only and related to a different expert's report, related database and certain of the expert's invoices.  Mr. Stansbury and Ms. Harding participated in their respective roles described above.

(c)    October 31, 2006 conference (Interim Report, Exhibit A, Item 3)

Baer/ Bernick/ Harding/ Leibenstein/ McMillin

The October 31, 2006 conference was a conference between counsel for the Debtors, the unsecured creditors' committee and the equity committee in K&E's New York offices.  The unsecured creditors' committee and the equity committee are current joint plan proponents with the Debtors.  The purpose of the conference was to discuss the common interests of the joint plan proponents with respect to the asbestos PI estimation and for the Debtors to explain in detail to the committees how the Debtors propose to conduct the estimation hearing and what they have concluded to date regarding the information analyzed.

Mr. Bernick participated in his role as senior attorney and quarterback of the entirety of the Debtors' cases.  Mr. Bernick is the major architect of the Debtors' estimation approach.  I attended in my role as the senior member of the restructuring team responsible for supporting the asbestos property damage ("PD") and PI litigation teams in the estimation process.  Ms. Harding and Mr. McMillin participated in their respective roles as described in paragraphs (a) and (b) above.  Finally, Mr. Leibenstein's participation was necessary as he is the litigation partner who is working directly with the Grace estimation experts in their preparation of the asbestos PI valuation reports.

(d)    October 23, 2006 hearing (Interim Report, Exhibit A, Item 4)

Baer/ Esayian/ Freedman/ Harding/ Sinanyan

Mr. Bernick and I conducted this omnibus hearing on behalf of the Debtors.  I addressed certain pure bankruptcy-related motions including the Debtors' objections to certain non-asbestos claims, the Debtors' motion for approval of the Lloyds settlement agreement and the Debtors' objection to the motion of the Scotts Company to lift the automatic stay.  Ms. Sinanyan, as the lead restructuring partner on the non-asbestos claims objection team, attended only a portion of the hearing (via telephone) (.2 hours) related to the Debtors' seventeenth omnibus claims objection in order to address any immediate questions that I could not and to be apprised of the arguments made by the parties and the ultimate outcome.

Mr. Bernick argued the merits of the Court's order requiring signatures on the proof of claims as to Speights & Runyan's non-Canadian claimants.  Mr. Bernick also argued matters relating to Anderson Memorial including Anderson Memorial's motion for class certification, a status conference on unsealing the record in the South Carolina court and the Debtors' motion for a protective order against Anderson Memorial's requests for Rule 30(b)(6) depositions and documents. Ms. Esayian, the senior litigation partner overseeing the PD process, prepared Mr. Bernick's presentation on the above PD matters and attended (telephonically) the portions of the hearing relating to the same in order to support the presentation.  Mr. Freedman, a senior restructuring partner who is K&E's resident expert on complicated legal issues in asbestos bankruptcies, attended (telephonically) the hearing in order to support Mr. Bernick's presentation and to be prepared to address any of Mr. Bernick's questions following the hearing.  Mr. Freedman has also been working with Grace regarding the Canadian PD claims and attended the hearing in order to be available to address any questions that arose regarding the Canadian PD claims.

Mr. Bernick also presented the status report regarding the asbestos PI claims including the status of the questionnaires, a report concerning the X-rays and the status of the settled claims and addressed the arguments of the asbestos PI committee and the FCR.  Ms. Harding, the lead litigation partner on the PI team, developed the status report and prepared and supported Mr. Bernick's presentation which necessitated her attending the hearing.

(e)    October 5, 2006 conference (Interim Report, Exhibit A, Item 5)

Ahern/ Chiou/ Farrell/ Grummer/ Harding/ Jacobson/ Mace/ McMillin/ Shumsky/ Urgenson

The October 5, 2006 conference was a "joint defense" conference scheduled for the K&E criminal defense team and the other law firms representing Grace and seven former Grace employees to discuss the Government's appeal of the criminal case originally scheduled to commence on September 11, 2006, in Missoula, Montana.  The charges related to the Debtors' former vermiculite mining and processing activities in Libby, Montana, as well as to events arising from EPA's cleanup of the Libby area, which began in November 1999.  The joint defense conferences provide an opportunity for all criminal team co-counsel to discuss and coordinate various aspects of Grace's criminal defenses. This conference was also held to plan which tasks would be undertaken during the appeal.

Mr. Urgenson, the senior litigation partner on the criminal matter, is ultimately responsible for all of Grace's criminal defense efforts.  He attended the October 5th conference in this capacity.

Mr. Jacobson, the junior litigation partner on the criminal matter, managed the legal strategy, motions practice and factual development of Grace's defense.  As such, his participation in this conference was necessary.  Mr. McMillin participated in his role as criminal team partner responsible for expert development.  In addition, as environmental partner on the criminal matter, Mr. Grummer participated in the conference to address environmental issues that relate to the indictment.

Mr. Mace participated as the lead litigation associate on the criminal defense team, responsible for, among other things, the coordination of discovery and defense efforts with the individual defendants, as well as day-to-day management of the more junior associates assigned to the matter.  Mr. Chiou participated in his role as junior litigation associate on the criminal matter, responsible for certain areas of legal research and specific factual development.  Mr. Farrell, a junior associate who recently joined the criminal team, attended in order to be apprised of the status of the case and to receive assignments discussed at the conference.

Mr. Shumsky, a mid-level associate on the criminal team, is the lead associate responsible for the appellate matters pending in the Ninth Circuit and participated in order to discuss the status of the appeal.  Mr. Shumsky ultimately argued the first appeal of the criminal case and also provides support on the motions practice of the criminal team.

Ms. Harding served as the principal attorney arguing on behalf of Grace in support of its motion to exclude the government's scientific evidence.  Ms. Harding also attended in her role as the lead litigation partner on the PI team in order to be informed of the impact thereof on the PI portion of the bankruptcy case.  Ms. Ahern, a litigation partner, attended the conference as she was assisting the criminal team on the scientific issues in the criminal trial.  Additionally, Ms. Ahern attended as she is responsible for the PI causation experts and certain defensive discovery.  As discussed in the prior responses, due to the overlap and necessity for coordinating strategy between the criminal defense team and the PI team, it often makes sense for attorneys from both of those teams to keep abreast of the status of each matter.

(f)    November 2, 2006 conference (Interim Report, Exhibit A, Item 6)

Ahern/ Fitzsimmons/ Harding/ McMillin

The November 2, 2006 conference was the first day of a two-day conference in which the attorneys, experts and one senior litigation legal assistant discussed issues regarding exposure to Grace products and asbestos material.  Ms. Harding, Ms. Ahern and Mr. McMillin attended in their respective roles described under paragraphs (a) and (b) above.

Also attending was Mr. Fitzsimmons, a senior litigation legal assistant on the PI team, who has a strong science background and spends a good deal of time reviewing and analyzing various medical and other scientific reports.  He attended the conference at the request of Ms. Harding and his presence was necessary in order for him to understand the scientific issues discussed by the experts, which understanding, in turn, allowed him to provide internal scientific guidance to PI team attorneys on some of the frequently-asked scientific questions.  Additionally, Mr. Fitzsimmons was

given numerous follow-up tasks regarding the topics discussed at the conference and it was more efficient for him to attend the conference to understand the underlying issues rather than for the discussion to "flow-down" to him after the conference.

(g)       November 3, 2006 conference (Interim Report, Exhibit A, Item 7)

Harding/ Leibenstein/ Mendelson/ McMillin/ Running

The November 3, 2006 conference was convened between K&E attorneys and the client to discuss the asbestos PI committee's discovery motions, discovery issues and the status of certain litigation assignments.  The parties attended in their respective roles described in paragraphs (a), (b) and (c) above.

(h)       November 3, 2006 conference (Interim Report, Exhibit A, Item 8)

Ahern/ Fitzsimmons/ Harding/ McMillin

The November 3, 2006 conference was the second day of a two-day conference described in paragraph (f) above.  All parties participated in their respective roles described above.

(i)       November 20, 2007 hearing (Interim Report, Exhibit A, Item 9)

Baer/ Basta/ Blatnick/ Esayian/ Freedman/ Harding/ Sinanyan

Mr. Bernick and I conducted this omnibus hearing on behalf of the Debtors.  I addressed certain pure bankruptcy-related motions including the status of certain continued matters, the Debtors' objections to certain non-asbestos claims and the Debtors' motion for approval of the Lloyds settlement agreement.  Ms. Sinanyan, in her role as described in paragraph (d) above, attended only a portion of the hearing (telephonically) (.3 hours) related to the Debtors' seventeenth and eighteenth omnibus claims objection in order to address any immediate questions that I could not and to be apprised of the arguments made by the parties and the ultimate outcome.  Mr. Freedman attended the hearing in his role as described in paragraph (d) above.

Mr. Bernick argued the merits of the Debtors' motion for a protective order against Anderson Memorial's requests for Rule 30(b)(6) depositions and documents and presented status conferences on Anderson Memorial's motion for class certification and Anderson Memorial's motion for relief from the automatic stay.  Ms. Esayian, the senior litigation partner overseeing the PD process, prepared Mr. Bernick's presentation on the above PD matters and attended (telephonically) the portions of the hearing relating to the same in order to support the presentation.  Mr. Blatnick, a litigation associate on the PD team, had researched the underlying issues and drafted the pleadings related to these matters.  Mr. Blatnick attended the hearing telephonically so that if any questions arose to which he had the relevant knowledge on, he could address them.  He also assisted Ms. Esayian in preparing the presentation.

Finally, Mr. Bernick addressed the Debtors' request for revised deadlines regarding the estimation trial and presented the status report regarding the asbestos PI claims including the settled claims, the status of the questionnaires and supplementation of certain claims.  Ms. Harding, with the assistance of Ms. Basta, developed the status report and prepared and supported Mr. Bernick's presentation which necessitated their attending the hearing.  Ms. Basta also attended the hearing as she is the attorney responsible for issues regarding non-compliance with the questionnaires, has personally reviewed the questionnaires addressed at the hearing and was prepared to convey information regarding this to the attorneys presenting or the Court as necessary.  Ms. Esayian was in charge of the analysis and objection to the PI settled claims and worked with Ms. Harding on that portion of the status report and the presentation.  It was imperative that she attend the hearing in order to address any questions regarding those claims.

(j)      November 16, 2006 conference (Interim Report, Exhibit A, Item 10)

Harding/ McMillin/ Stansbury/ Zoldan

The November 16, 2006 conference was with K&E attorneys and an epidemiological expert to discuss and provide comments to the expert's report.  The expert attended the conference in person, presented his research, answered questions and the parties discussed ideas for further areas of research.  Ms. Harding and  Mr. McMillin participated in their respective roles described in paragraphs (a) and (b).  Mr. McMillin conducted the conference and provided substantive comments on the draft expert report.  Mr. Stansbury, a litigation associate, participated in order to discuss the medical analysis contained in the draft expert report.  Mr. Zoldan, a litigation associate on the PI team responsible for the preparation of this expert including review of literature, development of this expert's report and preparing the expert for the upcoming trial in which he is expected to testify, participated in that capacity.

(k)      November 28, 2006 conference (Interim Report, Exhibit A, Item 11)

Bianca/ Freedman/ Harding/ Leibenstein/ Zoldan

The November 28th time entries listed in the Initial Report represents time related to three separate conferences.  The first conference was among Mr. Freedman, Ms. Harding, Mr. Leibenstein, the client and certain experts.  Ms. Harding and Mr. Leibenstein attended in their respective roles as described in paragraphs (a) and (c).  Mr. Freedman, senior restructuring partner on the plan and exclusivity team, attended the conference in order to discuss estimation strategy and the plan process.

The second conference was between Mr. Zoldan and a potential expert.  Mr. Zoldan, , a litigation associate on the PI team responsible for the preparation of certain expert reports, was inquiring whether the expert would draft an expert report.  The expert agreed to work on such report and Mr. Zoldan is the expert's point of contact at K&E.

The third conference was among Mr. Blatnick, the client, attorneys from Reed Smith (the Debtors' traditional PD trial counsel) and certain PD experts.  Mr. Blatnick attended in his role as

the primary litigation associate on the PD Phase II estimation sub-group in charge of limitation issues.

(l)      November 30, 2006 conference (Interim Report, Exhibit A, Item 12)

Mace/ Jacobson/ Koch/ Urgenson

The November 30, 2006 conference was a joint conference attended by K&E attorneys, the client, counsel for three of the defendants, certain of the defendants and witnesses in the criminal trial described in paragraph (e) above.  The purpose of this conference was to walk through the potential use of a detailed trial demonstrative and consult with the parties regarding the same.

The respective attorneys attended in their respective roles described under paragraph (e) above.  Ms. Koch attended the conference as she was the junior associate responsible for developing the trial demonstrative with the graphics team.  Ms. Koch reviewed numerous documents, drafted memorandums and consulted with experts and witnesses regarding the development and use of the trial demonstrative.  Mr. Jacobson also attended the conference as he was responsible for overseeing Ms. Koch on this project.

(m)     December 20, 2006 conference (Interim Report, Exhibit A, Item 13)

Ahern/ Harding/ McMillin/ Stansbury

The December 20, 2006 conference was between K&E attorneys and certain epidemiologic and industrial hygienist experts to discuss their respective expert reports, potential rebuttal reports and the calculation of certain data from the questionnaires when estimating Grace's total asbestos liability.  The time inquiries in question in the Initial Report relate to preparation time on November 19 and the conference itself on November 20.

Ms. Harding participated in her role as lead litigation partner on the PI matters.  Ms. Ahern, a litigation partner responsible for PI causation experts including the medical experts and industrial hygienists, and Mr. McMillin, a litigation partner responsible for PI experts including epidemiologists, participated in those capacities.  Mr. Stansbury, a litigation associate on both the criminal and PI teams responsible for the development of expert reports, participated as he was responsible for the preparation of these experts including review of literature and development of these experts' report.

0.8 hours of Ms. Harding's time on December 19, 2006 pertained to preparation for an unrelated conference with the committees and counsel for plaintiffs regarding the content of certain orders.

(n)      December 5, 2006 hearing (Interim Report, Exhibit A, Item 14)

Baer/ Basta/ Bernick/ Boutrous/ Freedman/ Harding/ Jones/ Mellis/ Mendelson/    Thompson

The December 5th hearing was not a regularly scheduled omnibus hearing, but rather a specialized hearing scheduled solely to consider certain PI matters.  The hearing was lengthy and involved.  Mr. Bernick presented the Debtors' objection to the asbestos PI committee's and FCR's joint motion to compel the Debtors to produce certain documents and the Debtors' twelve motions to compel compliance with the questionnaires.  The motions to compel addressed, *inter alia*, a series of issues: medical data relating to the reading of the X-rays, the invocation of the attorney/ client privilege regarding certain questions on the questionnaire, exposure of non-Grace product and discovery regarding the terms of the settlements between the claimants and other defendants.

Ms. Harding addressed the parties' failure to reach an agreement and request for entry of the Debtors' proposed protocol concerning production of chest X-rays of asbestos PI pre-petition claimants with non-mesothelioma, malignant claims.  Mr. Freedman attended the hearing in his role as described in paragraph (d) above.  I attended the hearing in order to address any relevant bankruptcy questions, questions which necessitated an intimate knowledge of the case history and to assist with the preparation for the hearing.

Preparation for the hearing was extensive, and included intense legal research, analysis of relevant case law and pleadings, gathering relevant materials on-site and preparation of PowerPoint presentations on numerous topics.  It was vital for all of the attorneys (partners and associates) to be in one location in order to effectively and efficiently address questions and give immediate answers.  The preparation lasted through the night before the hearing and the morning of the hearing.

Mr. Mendelson, junior litigation partner on the PI team, attended the hearing in order to support Ms. Harding's presentation, oversaw much of the hearing preparation work done by the associates and also researched certain questions.  Ms. Basta, a litigation associate, as discussed in paragraph (i), is the attorney responsible for and has personally reviewed the questionnaires addressed at the hearing.  Ms. Jones and Mr. Thompson, both junior litigation associates, were the primary researchers and draftspersons for the Debtors' twelve motions to compel compliance with the questionnaires.  Ms. Jones and Mr. Thompson also prepared various materials for use at the hearing including PowerPoint presentations which were adjusted and updated up to the start of the hearing.

It was also vital for these associates to be in attendance at the hearing.  The associates had drafted the underlying motions and were "experts" on the issues, research and facts involved.  As there were last-minute requests even during the hearing, the associates needed to be available as they had a working familiarity with the underlying claims and documentation.

Ms. Mellis, a legal assistant, and Mr. Boutrous, a case assistant, assisted the attorneys in their hearing preparations, assembled relevant case law at attorney request, and organized hearing materials.  With so many motions at issue at these hearings, legal assistant support was particularly important to assist the attorneys in reviewing and organizing the materials.  Ms. Mellis' and Mr. Boutrous' presence at the hearing was equally vital, in order for them to assist the presenting attorneys with the necessary materials.

(o)     December 18 and 19, 2006 hearing (Interim Report, Exhibit A, Item 15)

Baer/ Bernick/ Blatnick/ Esayian/ Harding/ Mendelson/ Monahan/ Sinanyan

These time entries listed in the Initial Report represents time related to an omnibus hearing held on December 18, 2006 and a separate telephonic hearing on December 19, 2006.

Mr. Bernick, Ms. Esayian, Ms. Harding and I conducted the omnibus hearing on behalf of the Debtors. I addressed certain pure bankruptcy-related motions including the Debtors' objections to certain non-asbestos claims, the twenty-first quarterly interim fee application, the Debtors' motion to expunge or reduce and allow certain post-petition paid claims, the Debtors' stipulation reinstating Mr. Locke's claim and referring it to the ADR program, and the Debtors' application to retain Ogilvy Renault LLP. Ms. Sinanyan, in her role as described in paragraph (d) above, attended only a portion of the hearing (telephonically) (.5 hours) related to the Debtors' seventeenth, eighteenth, nineteenth omnibus claims objection, the Debtors' motion regarding post-petition paid claims and the stipulation described above in order to address any immediate questions that I could not and to be apprised of the arguments made by the parties and the ultimate outcome.

As disclosed in paragraph (i), Ms. Esayian is a litigation partner who is in charge of the analysis and objections to the PI settled claims. Ms. Esayian conducted the portion of the hearing regarding settled claims and the numerous objections filed relating to these issues. Ms. Monahan, a restructuring associate with expertise in the settled claims process from other asbestos bankruptcy cases which had similar issues and essentially the same attorneys as in these cases, drafted a portion of the brief and negotiated and/or resolved certain of the disputed issues with opposing counsel. It was imperative that Ms. Monahan attend the hearing (telephonically) in order to answer any questions that might have arisen as they related to the claims or the negotiations in which she was directly involved. Mr. Bernick also addressed certain of the Court's questions regarding the settled claims, the questionnaires and presented certain follow-up issues from the previous hearing and the Debtors' motions to compel regarding X-rays. Mr. Mendelson and Ms. Harding, respectively, the junior and senior litigation partners on the PI team, attended (telephonically) the portions of the hearing relating to PI matters and also assisted with the preparation for the hearing.

Mr. Bernick presented matters regarding the PD claims including status conferences on the Debtors' motions to disallow and expunge certain time-barred asbestos PD claims filed by Prudential Insurance Company of America and the State of New York and Anderson Memorial related issues including the Debtors' Motion for a protective order and Anderson Memorial's motion for class certification. Ms. Esayian, the senior litigation partner overseeing the PD team, also addressed issues regarding Speights & Runyan's PD claims. Mr. Blatnick was the primary researcher and draftsperson for the Debtors' motions for summary judgment and the Debtors' status report and request to expunge property damage claims lacking claimant signatures. Mr. Blatnick attended (telephonically) the portions of the hearing relating to the same as he was the "expert" on the issues, research and facts involved.

On December 19, 2006, a telephonic hearing was held to address two matters not addressed at the omnibus hearing: X-rays and consultant privilege.  Ms. Baer, Ms. Harding and Mr. Bernick attended this hearing.  Following a meet-and-confer the morning of December 19, Ms. Harding, the lead litigation partner on the PI team, addressed the Court on the asbestos PI X-ray issues and the parties' consensus on most of the outstanding issues.  Mr. Bernick addressed a follow-up issue from the December 5, 2006 hearing and the Debtors' motions to compel regarding the consultant's privilege.  I attended the December 19 hearing in order to address relevant bankruptcy questions related to the issues on the agenda.

Response Exhibit 2

The Initial Report identifies a copier rental charge of $17,174.00 that appears excessive to which the Fee Auditor requests an explanation of why this rental was so expensive. The copier rental charge, which was for 13 different pieces of equipment, is set forth below, followed by a breakout of the charges which were included in this expense and K&E's response:

8/31/2006      17,174.00    IKON OFFICE SOULTIONS [sic]- TA (12900.00) Copier Rental, Setup, Delivery for trial site

| Item Description | Cost | Total |
|---|---|---|
| Short Term Rental of 9 Canon Copiers ($1,200 unit price) | $10,800.00 | $17,174.00 |
| SHort Term Rental of 1 Color Copier ($1,200 unit price) | $1,200.00 | |
| Short Term Rental of C3300 Copier ($600 unit price) | $600.00 | |
| Short Term Rental of 2 Fax Machines ($150 unit price) | $300.00 | |
| After Hours Service | $1,500.00 | |
| Delivery | $2,000.00 | |
| Taxes | $774.00 | |

The rental period covered in this invoice was from August 7, 2006 to September 7, 2006. These copiers and fax machines were used at the criminal trial site in Montana referenced in paragraph 1(c) and 9 of the Twenty-Second Response. As described in the Twenty- Second Response, K&E took the lead in setting up the trial space for the entire joint defense group of approximately 70 people. As Grace is paying the bills for the joint defense defendants, it was determined that it would be most efficient and economical for one trial site to be prepared and utilized for all parties. For these reasons, K&E respectfully requests approval of these copier and fax expenses.