IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) <br> ) <br> W.R. Grace & Co., *et al.,* ) <br> ) <br> Debtors. ) <br> ) <br> ) | In Proceedings for a Reorganization under Chapter 11 <br><br> Case No. 01-01139-JKF <br> Re:  DI  15703, 15705, 15707, 15709, 15711, 15713, 15715, 15717, 15719, 15721, 15723, 15730, 15732, 15734, 15735, 15738, 15740, 15741, 15744, 15746, 15748, 15950, 15955, 15959, & 15966 |

**MOTION OF EARLY, LUDWICK AND SWEENEY, LLC, KAZAN McCLAIN, ABRAMS, LYONS, FARRISE & GREENWOOD, A PROFESSIONAL LAW CORPORATION, WATERS & KRAUS, LLP, PAUL, HANLEY & HARLEY, LLP, AND THE WARTNICK LAW FIRM FOR A PROTECTIVE ORDER WITH RESPECT TO <u>NOTICES OF DEPOSITION SERVED ON THEM BY W.R. GRACE</u>**

On May 19, 2007, Grace sent to each of the law firms of Early, Ludwick & Sweeney, LLC ("ELS"); Kazan McClain, Abrams, Lyons, Farrise & Greenwood, a Professional Law Corporation ("Kazan Firm"); Waters & Kraus, LLP ("W&K"); Paul, Hanley & Harley, LLP ("PHH"); and The Wartnick Law Firm ("Wartnick Firm") (collectively, "the MMWR Cancer Firms"), non-parties to the estimation hearing, a separate "Notice of Deposition," allegedly pursuant to Rule 30 of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure.  A copy of each Notice of Deposition is collectively attached at Exhibit A.

Each Notice specifies Grace's intention to depose "the attorney [at each specified firm] most knowledgeable concerning the activities undertaken by [that firm] to respond to the W.R. Grace Asbestos Personal Injury Questionnaire on behalf of [specified claimants]."  As explained below, these proposed depositions of counsel cannot be justified and should be prohibited.  Accordingly, the MMWR Cancer Firms, by and through their own counsel, Montgomery, McCracken, Walker & Rhoads, LLP, hereby move pursuant to Federal Rule of

2190482v2

Bankruptcy Procedure 26(c) and Federal Rule of Civil Procedure 26(c) for a Protective Order that the requested deposition discovery "not be had." (Fed. R. Civ. P. 26(c)(1)).

Counsel for the movant certifies that movant's counsel has conferred with Grace's counsel pursuant to the requirements of Fed. R. Civ. P. 26(c) before filing this Motion.

**I.    JOINDER**

The MMWR Cancer Firms hereby join in, and incorporate by reference, the arguments of Motley Rice, LLC, the Official Committee of Asbestos Personal Injury Claimants, the legal representative for future asbestos personal injury claimants, Cooney & Conway, and the Certain Law Firms as set forth in their respective Motions for Protective Orders filed at docket numbers 51950, 51955, 15959, and 15966.

As explained in these other Motions, the requested depositions should not be had because: (i) the depositions implicate the attorney-client privilege and work product doctrine; (ii) this Court has previously instructed Grace that discovery should be directed to counsel only in very limited circumstances; (iii) the discovery sought through videotape deposition is burdensome, oppressive, and expensive; and, (iv) the Notices of Deposition are procedurally defective.

In addition, the MMWR Cancer Firms join and adopt the arguments set forth in any additional motions or other pleadings seeking protection from the depositions sought by Grace's deposition notices, to the extent applicable and consistent with this Motion.

## II. GRACE'S PROPOSED DEPOSITIONS OF ATTORNEYS FROM EACH OF THE MMWR CANCER FIRMS ARE NOT RELEVANT TO THE ESTIMATION PROCEEDING

As best as can be determined by Counsel for the MMWR Cancer Firms, there are two areas of present interest to Grace: (i) medical information about asbestos disease and (ii) asbestos exposure information.

Grace apparently wants to find out what, if anything, was done by the MMWR Cancer Firms, or their clients, to obtain additional medical information about asbestos disease from predecessor counsel or medical professionals, and what was done by the MMWR Cancer Firms to obtain additional asbestos exposure information from predecessor counsel.

Insofar as the MMWR Cancer Firms are concerned, it is a waste of time and energy to search such additional information that is unnecessary and irrelevant; Grace's deposition notices also represent an unreasonable burden on the MMWR Cancer Firms and a waste of assets of the Estate.

First, there is no possible need for additional medical information about mesothelioma claimants, and claimants with other cancers diagnosed by pathology reports, for whom pathology reports have already been produced. As Your Honor has said and as Grace itself has acknowledged, pathology reports are enough medical information to prove asbestos disease; nothing more is needed. A substantial number of the claimants represented by the MMWR Cancer Firms are mesothelioma victims. Insofar as other asbestos cancers are concerned, the MMWR Cancer firms have already provided x-ray evidence – which was always the focus of Grace's earlier demands for information – and the MMWR Cancer Firms have already provided all non-privileged B-reads. (The MMWR Cancer Firms are all answering Grace's interrogatories as to the consulting expert privilege.)

-3-

As regards the ELS Firm in particular, on March, 19, 2007, Grace served ELS with a subpoena that, among other things, sought to depose a Rule 30(b)(6) representative on matters relating to ELS' development of exposure evidence for, and submission of claims on behalf of, asbestos claimants.  ELS's "activities undertaken by [that firm] to respond to the W.R. Grace Asbestos Personal Injury Questionnaire on behalf of [specified claimants]" to respond to the W.R. Grace personal injury Questionnaire would necessarily have been included in the depositions noticed by that subpoena.  This Court has already ruled that Grace is not entitled to take such a deposition.  In short, with respect to ELS, Grace is essentially seeking another bite at part of the same apple.

There is no sufficient basis for Grace to depose claimants counsel as to what <u>additional</u> medical information was or was not pursued by the MMWR Cancer Firms when what has already been supplied to Grace is enough for purposes of the present estimation proceeding.

As regards asbestos exposure information, there is again no reason why Grace needs <u>more information</u>.  The only question really relevant to the estimation proceeding is whether Grace can fairly challenge – for estimation purposes only – the information already supplied.  The present estimation exercise is not – and cannot be – a merits-based evaluation of specific individual claims.

In addition to the fact that Grace now seeks more information from trial counsel for claimants, and as the Court is well aware, Grace already has too much information.  Grace's relentless persistence in pressing for still more information of no real relevance or utility – and now from opposing counsel – is not appropriate.

Grace presumably will claim that it somehow requires the additional information now sought from claimants' counsel for the benefit of its experts.  And it is true that this estimation

-5-

proceeding is to a considerable degree an expert-driven exercise. But before this Court should permit any deposition of opposing counsel, Grace should, at a minimum, provide to the Court an affidavit of one or more of its experts swearing to the specific reasons why that specific expert needs any of the specific information that could reasonably be obtained from the now requested depositions. Absent a direct claim of necessity by a Grace expert – as opposed to arguments and characterizations by Grace's counsel – this is demonstrably a lawyer generated and lawyer justified fishing expedition.

**III. CONCLUSION**

For all of these reasons, the MMWR Cancer Firms respectfully request that the Court issue an Order that the depositions sent by Grace to the MMWR Cancer Firms may "not be had."

Dated: June 7, 2007                          MONTGOMERY, MCCRACKEN,
                                                              WALKER & RHOADS, LLP


By:      /s/ Noel C. Burnham
    Noel C. Burnham, Esquire (DE 3483)
    Natalie D. Ramsey, Esquire (PA only)
    Leonard A. Busby, Esquire (PA only)
    1205 North Market street, 15th Floor
    Wilmington, DE  19801
    (302) 504-7890
    (302) 504-7820 (facsimile)

    and

    123 South Broad Street
    Philadelphia, PA  19109
    (215) 772-1500
    (215) 772-7620 (facsimile)

    Attorneys for the MMWR Cancer Firms