IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket Nos. 15209, 15210, 15421 |

Objection Deadline: June 8, 2007 at 4:00 p.m.
Hearing Date: June 25, 2007 at 2:00 p.m.

## DEBTORS' RESPONSE TO SPEIGHTS & RUNYAN'S MOTION TO ALTER OR AMEND THE COURT'S ORDER AND MEMORANDUM OPINION DISALLOWING AND EXPUNGING 71 CLAIMS ENTERED ON APRIL 17, 2007

1. On April 17, 2007, this Court entered an Order and Memorandum Opinion disallowing and expunging 71 Asbestos PD claims filed by Speights & Runyan. This Opinion was the result of multiple rounds of briefing commencing with the Debtors' Thirteenth Omnibus Objection to 2,937 Unauthorized Claims Filed by the Law Firm of Speights & Runyan in September 2005 and two extensive hearings before this Court, in January 2006 and August 2006.

2. On April 27, 2007, Speights & Runyan ("S&R") moved to "alter or amend" the Court's ruling solely with respect to three claims: Bayshore Community Hospital (Claim No. 6901), Children's Hospital of Pittsburgh of UPMC Health System (Claim No. 10962) and James Memorial Hospital (Claim No. 14410).[1]

3. For these three claims, S&R attached to their Motion purported authority documents *that Speights & Runyan never before submitted to the Court or to the Debtors and that are different from the forms provided by S&R in 2005 for these three claimants.*

---

[1] S&R has filed Notices of Appeal for 44 other claims. The balance of the claims are no longer at issue as a result of other rulings and withdrawals.

4. Specifically, S&R now, at this incredibly late date, attached to its April 27, 2007 Motion purported claimant authority forms that seemingly show facsimile transmissions from the claimants to S&R in March 2003. Yet S&R has *never before* provided authority forms for these three claimants that show facsimile transmission in March 2003.

5. In addition, the newly-provided authority form for claimant Bayshore is markedly different in several other respects from the Bayshore authority form produced by S&R in September 2005.

6. Thus, as more fully set forth below, (i) the purported authority documents now provided by S&R are unreliable; and (ii) they are too late.

7. As is also set forth below, the three claims at issue were NOT removed in January 2006 from the Debtors' lack-of-authority objections to S&R claims.

8. Because S&R's Motion is factually incorrect, and the documents provided in support of it are unreliable and late, S&R's Motion must be denied.

## Argument

I. **The Three Claims That Were Excluded On January 25, 2006 From the Debtors' No Authority / Late Authority Objections Were NOT The Three Claims That Are The Subject of Speights & Runyan's Current Motion.**

9. In their Motion to Alter or Amend, Speights & Runyan asserts that the three claims that are the subject of its Motion were excluded from the Debtors' authority objections as of the January 25, 2006 hearing when those objections were heard. (Motion to Alter or Amend at ¶¶ 5-7.) Speights & Runyan's assertion is not correct.

10. After several rounds of objections and briefing and withdrawal of numerous claims by Speights & Runyan, as of December 19, 2005, 71 (seventy-one) claims that the Debtors had addressed in the 13th Omnibus Objection still contained no proof of authority to

file as of the Bar Date and still had not been withdrawn by Speights & Runyan. Pursuant to a December 19, 2005 Scheduling Order, the Debtors' lack-of-authority objections to these 71 claims were scheduled to be heard on January 24 and 26, 2006. The Debtors listed these 71 claims in Schedule 5 to the December 19, 2005 Scheduling Order, attached hereto as Exhibit A. (Dkt. 11408).

11.    As stated in a January 20, 2006 Amended Notice of Agenda, arguments regarding the 71 no-authority claims were moved to January 25. See Exhibit B hereto (1/20/06 Amended Notice of Agenda, Dkt. 11608).

12.    On January 25, 2006, shortly before oral arguments commenced on various issues (including lack of authority) related to S&R PD claims, the Debtors and S&R entered into a Stipulation Regarding the Withdrawal of Certain Asbestos Property Damage Claims, attached hereto as Exhibit C (Dkt. 11696). Attached to the Stipulation were two Exhibits by which S&R withdrew 65 (sixty-five) Asbestos PD claims. Id.

13.    Of the 71 claims for which the Debtors continued to maintain lack-of-authority objections as of the January hearings, a comparison of (i) Schedule 5 to the 12/19/05 Order and (ii) the Stipulation signed by Debtors and S&R on 1/25/06 demonstrates that the ONLY lack-of-authority claims that were still present as of the 12/19/05 Order AND that were removed via the 1/25/06 stipulation were Immanuel Hospital (10782), Transamerica (10990), and Elliott Hospital (11579). See Exhibit C hereto.

14.    The Bayshore, Children's and Jameson claims that are the subject of the present Motion were NOT withdrawn by the 1/25/06 Stipulation.

15.    It was the stipulated removal of the Immanuel, Transamerica and Elliott claims that caused the number of lack-of-authority claims to drop from 71 in December 2005 to

68 as of the January 25, 2006 hearing. It was NOT, as Speights & Runyan asserts in the present Motion, any determination related to the Bayshore, Children's and Jameson claims that are the subject of the present Motion.

16. Thus, the fact that 68 (rather than 71) claims were at issue as of 1/25/06 is a red herring. The Debtors continued to maintain their lack-of-authority objections to the Bayshore, Children's and Jameson claims, and the Court correctly adjudicated those claims as part of its April 17, 2007 Opinion and Order.

II. **Speights & Runyan's Newly-Produced Purported Timely Authority for the Three Claims At Issue is Unreliable, Was Not Previously Provided, and Is Too Late.**

17. Speights & Runyan attaches to their Motion *three documents that the Debtors have never seen before.*

18. As Exhibits One, Two and Three, S&R attach documents that purport to show facsimile transmission lines showing that claimants Bayshore, Children's and Jameson supposedly faxed their authorizations to S&R prior to the March 31, 2003 Bar Date.

19. These documents are NOT the same as the documents that the Debtors received from S&R in 2005 and relied on in connection with the 13th Omnibus Objection, multiple rounds of briefing, and the January and August 2006 hearings.

20. The Bayshore, Children's and Jameson documents that the Debtors received from S&R in 2005 are attached hereto as Exhibit D. The September 21, 2005 cover letter transmitting these documents to the Debtors is attached hereto as Exhibit E.

21. A comparison of the documents that S&R has now submitted, for the first time, in April 2007 (Exhibits 1, 2 and 3 to S&R's Motion to Alter or Amend), with the documents that S&R submitted to the Debtors in September 2005 (Exhibit D hereto) reveals:

(1) Bayshore Community Hospital (6901): In September 2005, Speights & Runyan provided the Debtors with a purported authorization that bears facsimile transmission dates of October 1, 2003 and September 12, 2003 -- well after the March 31, 2003 Bar Date. In April 2007, Speights & Runyan produced -- for the first time -- a purported authorization bearing facsimile transmission dates of March 14, 2003 and March 24, 2003. *These pre-Bar Date dates are not on the document provided to the Debtors in September 2005.* Also, the document produced by S&R in April 2007 bears a March 2003 S&R "Received" stamp not present on the document provided by S&R to the Debtors in September 2005. And, the document provided by S&R in April 2007 also bears a different signature line than the document produced in September 2005. (Exhibit D)

Thus, the purported authorization produced by S&R in April 2007 (i) has never been produced before and (ii) is different from the document produced in September 2005.

(2) Children's Hospital of Pittsburgh (10962): The undated document purporting to show authority provided by Speights & Runyan in September 2005 is clearly and undeniably different from the purported authority document produced by Speights & Runyan in April 2007. The September 2005 document has no readable facsimile transmission line at the top. The April 2007 document has a facsimile transmission line which, by its appearance, may have been pasted on to the document.

Thus, the purported authorization produced by S&R in April 2007 (i) has never been produced before and (ii) is different from the document produced in September 2005.

(3) Jameson Memorial Hospital (14410): The undated document purporting to show authority provided by Speights & Runyan in September 2005 is clearly and undeniably different from the purported authority document produced by Speights & Runyan in April 2007. The September 2005 document has no readable facsimile transmission line at the top; nor does the April 2007 document. Thus, the facsimile transmission lines at the top of the page are of no value. The April 2007 document has a facsimile transmission line at the bottom of the page which, by its appearance, is different from the facsimile transmission line at the bottom of the document produced in September 2005.

Thus, the purported authorization produced by S&R in April 2007 (i) has never been produced before and (ii) is different from the document produced in September 2005.

22. The documents produced by S&R at this late date are inherently unreliable and cannot possibly be admitted now -- almost *two years* after the Debtors filed their 13th Omnibus Objection -- as proof of authority for these claims.

23. Moreover, it is clear that the purported Bayshore authorization is particularly suspect. The purported authorization submitted in April 2007 is markedly different from the one submitted in September 2005 in multiple respects.

24. As set forth in Paragraphs 10 through 14 above, S&R knew that the Bayshore, Children's Hospital and Jameson claims were still the subject of the Debtors' lack-of-authority objections as of January 2006, when those objections were heard by the Court. Yet, S&R made no attempt to produce anything that might cure those objections.

25. Speights & Runyan's attempt to seek to "alter or amend" a judgment of this Court based on documents that the Debtors have never seen in the course of more than two years of litigation of authority issues is extraordinarily inappropriate and cannot be permitted.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court deny Speights & Runyan's Motion to Alter or Amend the Court's Order and Memorandum Opinion Disallowing and Expunging 71 Claims Entered on April 17, 2007 (Dkt. Nos. 15209 and 15210) and impose whatever other relief may be necessary under the circumstances.

Dated: June 8, 2007

KIRKLAND & ELLIS LLP
David M. Bernick
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession