# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Docket Nos.: 15310, 15940 and 15944** |

**ORDER REGARDING APPLICATION OF FORMAN PERRY WATKINS KRUTZ & TARDY, LLP ("FORMAN PERRY") FOR REIMBURSEMENT OF EXPENSES AND COMPENSATION FOR SERVICES IN EXCESS OF THE ORDINARY COURSE PROFESSIONAL CAP FOR THE PERIOD APRIL, 2006 TO MARCH, 2007**

Upon consideration of the application of Forman Perry Watkins Krutz & Tardy, LLP ("Forman Perry") for reimbursement of expenses and compensation for services in excess of the ordinary course professional cap for the period April, 2006 to March, 2007.[Docket No. 15310] (the "Forman Perry Fee Application") and the objections to the Forman Perry Fee Application filed by the United States Trustee [Docket No. 15940] and by the Official Committee of Asbestos Personal Injury Claimants ("ACC")[Docket No. 15944] (collectively, the "Objectors") and the Court being advised of the agreement of the parties as described in the Certification of Counsel [Docket No. _____], and it appearing that the Court has jurisdiction to consider the Forman Perry Fee Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been given; and it appearing that the relief outlined in this Order is in the best

91100-001\DOCS_DE:128133.1

interests of the Debtors, and the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that Forman Perry may be paid 80% of the requested interim fees and 100% of the requested interim expenses as outlined in the Forman Perry Fee Application and such payment shall be subject to the provisions of the Administrative Order Under 11 U.S.C. §§105 and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members in these cases, dated May 3, 2001 [Docket No. 197]; and it is further

ORDERED that the Objectors reserve all of their objections pending the outcome of the fee examiner's examination and recommendations; and it is further

ORDERED that in the event that the Objectors agree with the fee examiner's recommendations, the Objectors will then file a notice with the Court within 10 days of the filing of the fee examiner's final report indicating their withdrawal of the Objections. However, if the Objectors do not agree with the recommendations of the Fee Examiner with respect to the Forman Perry Fee Application, then within 10 days of the filing of the final report by the fee examiner, the Objectors will be required to file a further objection identifying what specific portions of the Forman Perry Fee Application they continue to object to and the matters will placed on the hearing agenda at the next scheduled Omnibus Hearing to be addressed by the Court; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: _____, 2007

> The Honorable Judith K. Fitzgerald
> United States Bankruptcy Judge