IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. **01-1139 (JKF)** |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) Objection Due By: | June 18, 2007 at 4:00 p.m. |
| | ) Hearing Date: | June 25, 2007 at 2:00 p.m. |

### SECOND INTERIM APPLICATION OF DELOITTE TAX LLP FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR AUGUST 1, 2005 THROUGH DECEMBER 31, 2006

Name of Applicant:   Deloitte Tax LLP ("Deloitte Tax").

Authorized to Provide Professional Services to:   The above-captioned debtors and debtors-in-possession.

Date of Retention:   December 20, 2004.

Period for which Compensation and Reimbursement is Sought:   August 1, 2005 through December 31, 2006.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Deloitte Tax's records indicate that it did not render services to the Debtors during the three month period form April 1, 2005 through July 31, 2005 and during the monthly period of December of 2006. Accordingly, Deloitte Tax filed no monthly fee applications and seeks no fees for these periods. In the event that Deloitte Tax subsequently discovers that it incurred fees during these periods, requests for payment of such fees will be included in future monthly statements of interim fee applications of Deloitte Tax.

Amount of Compensation Sought as Actual, Reasonable and Necessary: $154,373.00

Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: $0.00.

This is a:    __monthly    X interim    __ final application.


## SUMMARY OF MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Approved Fees | Requested Expenses | Approved Expenses |
|---|---|---|---|---|---|
| 11/16/2005 | 08/01/05 - 08/31/05 | $ 6,665.00 | Pending per this interim application | $ 54.00 | Pending per this interim application |
| 11/16/2006 | 09/01/05 - 09/30/05 | $ 9,005.00 | Pending per this interim application | $ 5.00 | Pending per this interim application |
|  | 10/01/05 - 10/31/05 |  | Pending per this interim application |  | 0 |
| 11/16/2006 | 11/01/05 - 11/30/05 | $ 6,690.00 | Pending per this interim application | $ 202.50 | Pending per this interim application |
| 12/14/2006 | 12/01/05 - 12/31/05 | $ 10,487.50 | Pending per this interim application | 0 | 0 |
| 12/14/2006 | 01/01/06 - 01/31/06 | $ 2,8775.00 | Pending per this interim application | 0 | 0 |
| 12/14/2006 | 02/01/06 - 02/28/06 | $ 33,957.50 | Pending per this interim application | 0 | 0 |
| 1/8/2007 | 03/01/06 - 03/31/06 | $ 8,582.50 | Pending per this interim application | 0 | 0 |
| 1/8/2007 | 04/01/06 - 04/30/06 | $ 18,567.50 | Pending per this interim application | 0 | 0 |
| 1/8/2007 | 05/01/06 - 05/31/06 | $ 13,717.50 | Pending per this interim application | 0 | 0 |
| 1/8/2007 | 06/01/06 - 06/30/06 | $ 900.00 | Pending per this interim application | 0 | 0 |
| 1/8/2007 | 07/01/06 - 07/31/06 | $ 2,872.50 | Pending per this interim application | 0 | 0 |
| 1/8/2007 | 08/01/06 - 08/31/06 | $ 3,817.50 | Pending per this interim application | 0 | 0 |
| 5/16/2007 | 09/01/06 - 09/30/06 | $ 1,115.00 | Pending per this interim | 0 | 0 |

| | | | application | | |
|---|---|---|---|---|---|
| 5/16/2007 | 10/01/06 - 10/31/06 | $ 6,045.00 | Pending per this interim application | 0 | 0 |
| 5/16/2007 | 11/01/06 - 11/30/06 | $ 1,672.50 | Pending per this interim application | 0 | 0 |
| Total: | | $ 154,415.00* | | $ 261.50** | |

Actual Fees Sought Hereunder: $154,373.00*
Actual Expenses Sought Hereunder: $0.00**

*This amount is $42.00 greater than the actual amount sought hereunder due to rounding adjustments made to the fees sought.

**Deloitte Tax has not itemized these expenses and is willing to waive them for the purpose of this interim application.

## COMPENSATION BY PROFESSIONAL

| Name of Professional | Position and Line of Service | Total Hours Billed | Billing Rate | Total Compensation |
|---|---|---|---|---|
| COHEN, HARRISON | Principal - National Tax | 2.0 | $600 | $1,200 |
| COLLINS, BRYAN | Partner - National Tax | 120.0 | $600 | $72,000 |
| DANILACK, MICHAEL | Principal - National Tax | 1.0 | $600 | $600 |
| DOUGHERTY, JAMES | Director - National Tax | 2.0 | $600 | $1,200 |
| FORREST, JONATHAN | Senior Manager - National Tax | 11.5 | $515 | $5,923 |
| GAREAU, MATTHEW | Senior Manager - National Tax | 96.5 | $515 | $49,698 |
| KEARNEY, TIMOTHY | Senior Manager - International Tax | 15.5 | $515 | $7,983 |
| KEENAN, JOHN | Director - National Tax | 4.75 | $600 | $2,850 |
| KNOWLTON, LESLIE | Partner - Risk Accounting | 5.0 | $600 | $3,000 |
| SKELTON, JAN | Partner - Utility Inudstry | 3.0 | $600 | $1,800 |
| TESTOFF, ROBERT | Principal - Tax Accounting | 2.5 | $600 | $1,500 |
| TUERFF, TIMOTHY | Partner - National Tax | 10.0 | $600 | $6,000 |
| TURNURE, RICHARD | Senior Manager - National Tax | 2.0 | $310 | $620 |

Total Fees:     $154,373
Total Hours:    $ 275.80
Blended Rate:  $ 559.83

## COMPENSATION BY PROJECT CATEGORY
## FOR ENTIRE INTERIM PERIOD

| Project Category | Hours | Billing Rate | Total Fees |
|---|---|---|---|
| Accounting Issues Regarding Tax Accrual | 5.0 | $600 | $3,000 |
| Due Diligence Coordination | 9.5 | $515 | $4,893 |
| International Structuring | 2.0 | $310 | $620 |
| International Structuring | 9.5 | $600 | $5,700 |
| Protest of IRS Proposal Adjustment | 45.5 | $515 | $23,433 |
| Protest of IRS Proposal Adjustment | 56.5 | $600 | $33,900 |
| Protest of IRS Proposed Adjustment | 57.0 | $515 | $29,355 |
| Protest of IRS Proposed Adjustment | 63.25 | $600 | $37,950 |
| Section 199 Call and Memo | 3.0 | $600 | $1,800 |
| Section 965 Consulting | 3.0 | $515 | $1,545 |
| Section 965 Consulting | 3.0 | $600 | $1,800 |
|  | 8.5 | $515 | $4,378 |
|  | 10.0 | $600 | $6,000 |
| **TOTAL** |  |  | **$154,373** |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKP) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) Objection Due By: May __, 2007 at 4:00 p.m. | |
| | ) Hearing Date: May __, 2007 at 12:00 p.m. | |

## SECOND INTERIM APPLICATION OF DELOITTE TAX LLP FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR AUGUST 1, 2005 THROUGH DECEMBER 31, 2006

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and the Court's 'Amended Administrative Order Under 11 U.S.C.

§§ 105(a) and 331 Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members', signed

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

April 17, 2002, amending the Court's 'Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals', entered May 3, 2001 (together, the "Administrative Order"), the firm of Deloitte Tax LLP ("Deloitte Tax") hereby files this Second Interim Application of Deloitte Tax LLP for Compensation and for Reimbursement of Expenses for August 1, 2005 through December 31, 2006 (the "Second Fee Application"). By this Second Fee Application Deloitte Tax seeks the interim allowance of compensation in the amount of $154,373.00 and reimbursement of actual and necessary expenses in the amount of $0 for a total of $154,373.00 for the period August 1, 2005 through December 31, 2006 (the "Interim Period"). In support of this Second Fee Application, Deloitte Tax respectfully represents as follows:

## Background

1. On April 2, 2001 (the "Petition Date"), each of the debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. No trustee has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

3.   On April 2, 2001, the Court entered its order that the Debtors' chapter 11 cases be consolidated for procedural purposes only and administered jointly.

4.   The Order Pursuant to 11 U.S.C.§§ 327(a) and 328(a) and Fed R. Bankr. P. 2014(a), 2016 and 5002 Authorizing the Employment and Retention of Deloitte Tax LLP as Tax Service Providers to the Debtors Nunc Pro Tunc to August 22, 2004 was entered by this Court on December 21, 2004. Prior to August 22, 2004, tax advisory services, along with customs procedures review services, for which compensation and expense reimbursement is sought hereunder were provided to the Debtors by Deloitte & Touche LLP ("Deloitte & Touche"). As of August 22, 2004, Deloitte & Touche is no longer providing tax services or compensation procedures review services to the Debtors.

5.   Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and 100% of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional. The professional is also required to file a quarterly interim fee application.[1]

---

[1] In an effort to reduce the burden on the Court of filing separate interim fee applications for the interim compensation periods covered by this Second Interim Fee Application, Deloitte Tax has filed this single application seeking compensation and expense reimbursement for such periods.

6.   Attached hereto as Appendix A is the Verification of Timothy Tuerff of Deloitte Tax.

### Monthly Fee Applications Covered Herein

7.   The monthly fee applications covered by this Second Interim Fee Application have been previously filed with the Bankruptcy Court and contain detailed daily time logs describing the actual and necessary services provided by Deloitte Tax during the Interim Period as well as other detailed information required to be included in the fee applications. Copies of these previously-filed monthly statements are available upon request. Those monthly applications include the following:

8.   On or about November 16, 2006, Deloitte Tax filed the Eighth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from August 01, 2005 through August 31, 2005 (the "Eighth Monthly", Docket No. 13690) requesting $6,665.00 in fees and $54.00 in expenses. No objections were received with respect to the First Monthly.

9.   On or about November 16, 2006, Deloitte Tax filed the Ninth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from September 1, 2005 through September 30, 2005 (the "Ninth Monthly", Docket No. 13691) requesting $9,005.00 in fees and $5.00 expenses. No objections were received with respect to the Ninth Monthly.

10. On or about November 6, 2006, Deloitte Tax filed the Tenth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from November 1, 2005 through November 30, 2005 (the "Tenth Monthly", Docket No. 13692) requesting $6,690.00 in fees and $202.50 in expenses. No objections were received with respect to the Tenth Monthly.

11. On or about December 14, 2006, Deloitte Tax filed the Eleventh Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from December 1, 2005 through December 31, 2005 (the "Eleventh Monthly", Docket No. 14018) requesting $10,487.50 in fees and $0.00 in expenses. No objections were received with respect to the Fourth Monthly.

12. On or about December 14, 2006, Deloitte Tax filed the Twelfth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from January 1, 2006 through January 31, 2006 (the "Twelfth Monthly", Docket No. 14019) requesting $28,775.00 in fees and $0.00 in expenses. No objections were received with respect to the Twelfth Monthly.

13. On or about December 14, 2006, Deloitte Tax filed the Thirteenth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from February 1, 2006 through

February 28, 2006 (the "Thirteenth Monthly", Docket No. 14020) requesting $33,957.50 in fees and $0.00 in expenses. No objections were received with respect to the Thirteenth Monthly.

14. On or about January 8, 2007 Deloitte Tax filed the Fourteenth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from March 1, 2006 through March 31, 2006 (the "Fourteenth Monthly", Docket No. 14255) requesting $8,582.50 in fees and $0.00 in expenses. No objections were received with respect to the Fifteenth Monthly.

15. On or about January 8, 2007 Deloitte Tax filed the Fifteenth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from April 1, 2006 through April 30, 2006 (the "Fifteenth Monthly", Docket No. 14257) requesting $18,567.50 in fees and $0.00 in expenses. No objections were received with respect to the Fifteenth Monthly.

16. On or about January 8, 2007 Deloitte Tax filed the Sixteenth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from May 1, 2006 through May 31, 2006 (the "Sixteenth Monthly", Docket No. 14258) requesting $13,717.50 in fees and $0.00 in expenses. No objections were received with respect to the Sixteenth Monthly.

17. On or about January 8, 2007 Deloitte Tax filed the Seventeenth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from June 1, 2006 through June 30, 2006 (the "Seventeenth Monthly", Docket No. 14259) requesting $900.00 in fees and $0.00 in expenses. No objections were received with respect to the Seventeenth Monthly.

18. On or about January 8, 2007 Deloitte Tax filed the Eighteenth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from July 1, 2006 through July 30, 2006 (the "Eighteenth Monthly", Docket No. 14260) requesting $2,872.50 in fees and $0.00 in expenses. No objections were received with respect to the Eighteenth Monthly.

19. On or about January 8, 2007 Deloitte Tax filed the Nineteenth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from August 1, 2006 through August 31, 2006 (the "Nineteenth Monthly", Docket No. 14261) requesting $3,817.50 in fees and $0.00 in expenses. No objections were received with respect to the Nineteenth Monthly.

20. On or about May 16, 2007 Deloitte Tax filed the Twentieth Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from September 1, 2006 through September 30, 2006 (the "Twentieth Monthly", Docket No. 15673) requesting

$1,115.00 in fees and $0.00 in expenses. No objections were received with respect to the Twentieth Monthly.

21.  On or about May 16, 2007 Deloitte Tax filed the Twenty-first Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from October 1, 2006 through October 31, 2006 (the "Twenty-first Monthly", Docket No. 15674) requesting $6,045.00 in fees and $0.00 in expenses. No objections were received with respect to the Twentieth Monthly.

22.  On or about May 16, 2007 Deloitte Tax filed the Twenty-second Monthly Application of Deloitte Tax LLP for Compensation for Services Rendered and Reimbursement of Expenses to the Debtors for the Period from November 1, 2006 through November 30, 2006 (the "Twenty-second Monthly", Docket No. 15675) requesting $1,672.50 in fees and $0.00 in expenses. No objections were received with respect to the Twenty-second Monthly.

Deloitte Tax's records indicate that it did not render services to the Debtors during the three month period form April 1, 2005 through July 31, 2005 and during the monthly period of December of 2006. Accordingly, Deloitte Tax filed no monthly fee applications and seeks no fees for these periods. In the event that Deloitte Tax subsequently discovers that it incurred fees during these periods, requests for payment of such fees will be included in future monthly statements of interim fee applications of Deloitte Tax.

### Requested Relief

23.    By this First Fee Application, Deloitte Tax requests that the Court approve the interim allowance of compensation for professional services rendered in the amount of $154,373.00, and the reimbursement of actual and necessary expenses incurred in the amount of $0.00 by Deloitte Tax during the Interim Period. As stated above, the full scope of the services provided and related expenses incurred are fully described in the monthly fee applications for the Interim Period that already have been filed with the Court.

24.    At all relevant times, Deloitte Tax has been a disinterested person as that term is defined in section 101 (14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

25.    All services for which compensation is requested by Deloitte Tax were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

26.    During the Interim Period, Deloitte Tax has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. Deloitte Tax has no agreement with any non-affiliated entity to share any compensation earned in these chapter 11 cases.

27.    The professional services and related expenses for which Deloitte Tax requests interim allowance of compensation and reimbursement of expenses were

rendered and incurred in connection with Deloitte Tax's provision of customs procedures review services, and tax advisory services for Debtors in these chapter 11 cases. Deloitte Tax's services have been necessary and beneficial to Debtors and their estates, and other parties in interest.

WHEREFORE, Deloitte Tax respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of August 1, 2005 through December 31, 2006, an allowance be made to Deloitte Tax in the sum of $154,373.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $0.00 for reimbursement of actual and necessary costs and expenses incurred, for a total of $154,373.00 that Debtors be authorized and directed to pay to Deloitte Tax the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: June 6, 2007

                                          DELOITTE TAX LLP

                                          Timothy Tuerff, Partner
                                          Deloitte Tax LLP
                                          555 12th Street, NW
                                          Washington, DC 20004

                                          Telephone: 202-879-5600

                                          Customs services providers, and tax advisors for
                                          Debtors and Debtors-in-Possession

## APPENDIX A

### VERIFICATION

WASHINGTON            :
                      :
DISTRICT OF COLUMBIA  :

Timothy Tuerff, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant professional services firm of Deloitte Tax LLP.

b) I have personal knowledge of Deloitte Tax LLP's retention as customs services providers and tax advisors to the Debtors in these chapter 11 cases.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del.Bankr.LR 2016-2 and the 'Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members', signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

_____
Timothy Tuerff

SWORN AND SUBSCRIBED
before me this 6 day of June, 2007.

_____
Notary Public
My Commission Expires: 3/14/2010