## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF BILZIN SUMBERG DUNN BAENA
### PRICE & AXELROD LLP FOR THE TWENTY-THIRD INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Bilzin Sumberg Dunn Baena Price & Axelrod LLP for the Twenty-Third Interim Period</u>.

### BACKGROUND

1.      Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants.  In the Application, Bilzin  seeks approval of fees totaling $413,887.25 and costs totaling $107,181.17 for its services from October 1, 2006, through December 31, 2006.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent

established in the United States Bankruptcy Court for the District of Delaware, the United States

District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served

on Bilzin an initial report based on our review, and received a response from Bilzin, portions of

which response are quoted herein.

## DISCUSSION

3.    In our initial report, we noted fee entries by WR($180.00) and AM(135.00)

totaling 63.9 hours and $10,233.00 regarding designation of records.  The entries are provided

below.

| 10/01/06 | WR | 7.00 | 1,260.00 | Prepare designation of records |
| 10/02/06 | AM | 8.7 | 1,174.50 | Prepare designation of records(8.7) |
| 10/02/06 | WR | 9.70 | 1,746.00 | Prepare designation of records |
| 10/03/06 | AM | 10.5 | 1,417.50 | Prepare designation of records(10.5) |
| 10/03/06 | WR | 15.50 | 2,790.00 | Prepare designation of records |
| 10/04/06 | AM | 4.00 | 540.00 | Prepare designation of records(4.0) |
| 10/04/06 | WR | 1.50 | 270.00 | Prepare designation of records |
| 10/05/06 | AM | 4.00 | 540.00 | Prepare designation of records(4.0) |
| 10/13/06 | WR | 3.00 | 540.00 | Analyze documents to be forwarded to DE Bankruptcy Court in connection with Designation of Records(3.0) |

We asked Bilzin to provide further information regarding these time entries.  Bilzin's response is

provided as Response Exhibit 1.  We appreciate the response and offer no objection to these fees.

4.    Similarly, we noted fee entries totaling 234.70 hours and $37,017.00 by

WR(180.00), LMF ($180.00), AM($135.00), JEV($135.00) and MS($135.00) for analyzing

records designated for appeal. (See Exhibit A.)  We asked Bilzin to provide further information

regarding this analysis.  As the issues raised in Paragraphs 3 and 4 are closely related, Bilzin's

response to both is provided as Response Exhibit 1.  We appreciate the response and offer no

objection to these fees.

5.      We noted a committee meeting/call prepared for and attended by six firm members.  The hours totaled 16.5 with fees of $7,170.50.   (See Exhibit B.)  We asked the firm to examine the exhibit and  explain the need for each professional's presence and the particular area of expertise each brought to the meeting.  Bilzin's response is provided as Response Exhibit 2. We appreciate the response and generally concur with the explanation of multiple participation. However, we are not convinced of the necessity of Ms. Danzeisen's (ASD) participation.  The response states, "...Similarly, Ms. Danzeisen (ASD) was asked to participate in the call as she has a substantial history in dealing with the particulars of the Debtors' asbestos-containing products and that knowledge dovetailed with the presentation to the Committee by Mr. Turken and Ms. Fernandez."  While the explanation cites her product knowledge, no real argument is made regarding her participation or the need thereof.  Thus we recommend a reduction of $562.50 ($375.00 per hour times one and one-half hours of participation) in fees.

6.      We noted two parking charges that require greater explanation, as set forth below:

| 09/25/06 | Fares, Mileage, Parking VENDOR: KING LIMOUSINE AND TRANSPORTATION SERVICE; INVOICE# 94847; DATE: 9/30/06 - Clients | 232.50 |
| 11/20/06 | Fares, Mileage, Parking VENDOR: KING LIMOUSINE AND TRANSPORTATION SERVICE; INVOICE# 97527; DATE: 11/26/06 - Clients | 247.50 |

We asked Bilzin to provide further information regarding each entry.  Bilzin's response is provide below.

The Fee Auditor requests additional information regarding two "parking" charges. The two charges in question were for car service between the Philadelphia airport and the Court in Wilmington, Delaware.   As we have explained previously,

> Bilzin utilizes a sedan car service for transportation between the airport and the courthouse and has negotiated rates that are comparable to or, in some circumstances, less than taxi fares.  These two trips in questions were for round-trip transportation during attendance at the September and November 2006 omnibus hearings.  The differential in amounts was due to an additional charge assessed as a result of the hearings extending past its anticipated end-time.

We appreciate the response.  As we review numerous applications with similar circumstances regarding hearings in Wilmington, the cost for a single round-trip transportation service most often falls between $80.00-$130.00, depending on the use of taxi or car service.  Granting the upper end of that range, we would recommend a total reduction of $220.00 ($480.00 minus $260.00) in expenses for the two cited entries.

7.      We noted a meal expense that requires greater explanation.  The entry is provided below.

| 11/15/06 | Meals SLB - Meeting - VENDOR: Roasters' N Toasters; INVOICE#: 31159; DATE:11/15/2006 - Clients | 153.81 |

We asked Bilzin to provide more information regarding the expense entry.  Bilzin responded as follows:

> The expense related to a lunch meeting of members of the PD Committee and certain of its professionals.  Eight people were in attendance.

We appreciate the response and offer no objection to this expense.

## CONCLUSION

8.      Thus we recommend approval of fees totaling $413,324.75 ($413,887.25 minus $562.50) and costs totaling $106,961.17 ($107,181.17 minus $220.00)  for Bilzin's services from October 1, 2006, through December 31, 2006.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of June, 2007.

_____
      Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Scott L. Baena
Jay M. Sakalo
BILZIN SUMBERG DUNN BAENA PRICE &
AXELROD LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2385

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| 10/13/06 | JEV | 0.20 | 27.00 | Meet with Luisa to discuss Grace Appeal Project procedures. |
|---|---|---|---|---|
| 10/16/06 | LMF | 5.50 | 990.00 | Analyze records designated for appeal (5.5). |
| 10/16/06 | AM | 6.80 | 918.00 | Analyze documents designated as records on appeal (6.8). |
| 10/16/06 | WR | 7.50 | 1,350.00 | Analyze documents for designation of record. |
| 10/16/06 | JEV | 3.20 | 432.00 | Analyze documents designated as records on appeal. |
| 10/17/06 | LMF | 1.10 | 198.00 | Analyze records designated for appeal (1.1). |
| 10/17/06 | AM | 8.00 | 1,080.00 | Analyze documents designated as records on appeal (8.0). |
| 10/17/06 | WR | 7.50 | 1,350.00 | Analyze document for designation of record (7.5). |
| 10/17/06 | MS | 2.00 | 270.00 | Analyze documents designated as Records on Appeal. |
| 10/17/06 | JEV | 3.10 | 418.50 | Analyze documents designated as records on appeal. |
| 10/18/06 | LMF | 1.30 | 234.00 | Analyze records designated for appeal (1.3). |
| 10/18/06 | AM | 7.00 | 945.00 | Analyze documents designated as records on appeal (7.0). |
| 10/18/06 | WR | 7.50 | 1,350.00 | Analyze document for designation of record (7.5). |
| 10/18/06 | MS | 7.00 | 945.00 | Analyze documents designated as Records on Appeal. |
| 10/18/06 | JEV | 5.60 | 756.00 | Analyze documents designated as records on appeal. |
| 10/19/06 | LMF | 5.00 | 900.00 | Analyze records designated for appeal (5.0). |
| 10/19/06 | AM | 8.00 | 1,080.00 | Analyze documents designated as records on appeal (8.0). |
| 10/19/06 | WR | 7.50 | 1,350.00 | Analyze documents for designation of record (7.5). |
| 10/19/06 | MS | 2.00 | 270.00 | Analyze documents designated as Records on Appeal. |
| 10/19/06 | JEV | 2.90 | 391.50 | Analyze documents designated as records on appeal. |
| 10/20/06 | LMF | 4.50 | 810.00 | Analyze records designated for appeal (4.5). |
| 10/20/06 | AM | 6.50 | 877.50 | Analyze documents designated as records on appeal (6.5). |
| 10/20/06 | WR | 7.50 | 1,350.00 | Analyze documents for designation of records (7.5). |
| 10/20/06 | JEV | 1.70 | 229.50 | Analyze documents designated as records on appeal. |
| 10/23/06 | LMF | 4.50 | 810.00 | Analyze documents for designations of records on appeal (4.5). |
| 10/23/06 | AM | 7.00 | 945.00 | Analyze documents designations as records on appeal (7.0). |
| 10/23/06 | WR | 7.50 | 1,350.00 | Analyze documents for designation of record (7.5). |
| 10/23/06 | JEV | 5.70 | 769.50 | Analyze documents designated as records on appeal. |
| 10/24/06 | LMF | 4.60 | 828.00 | Analyze documents for designations of records on appeal (4.6). |
| 10/24/06 | AM | 8.50 | 1,147.50 | Analyze documents designated as records on appeal (8.5). |
| 10/24/06 | WR | 7.50 | 1,350.00 | Analyze documents for designation of record (7.5). |
| 10/24/06 | JEV | 7.10 | 958.50 | Analyze documents designated as record on appeal. |
| 10/25/06 | LMF | 2.70 | 486.00 | Analyze documents for designations of records on appeal (2.7). |
| 10/25/06 | WR | 5.50 | 990.00 | Analyze documents for designation of record (5.5). |
| 10/25/06 | JEV | 7.30 | 985.50 | Analyze documents as designated record on appeal. |
| 10/26/06 | LMF | 4.90 | 882.00 | Analyze documents for designations of records on appeal (4.9). |
| 10/26/06 | WR | 7.50 | 1,350.00 | Analyze documents for designation of records (7.5). |
| 10/26/06 | MS | 5.00 | 675.00 | Analyze documents designated as Record on Appeal. |
| 10/26/06 | JEV | 5.00 | 675.00 | Analyze documents as designated record on appeal. |
| 10/27/06 | LMF | 4.90 | 882.00 | Analyze documents for designations of records on appeal (4.9). |
| 10/27/06 | AM | 3.25 | 438.75 | Analyze documents designated as records on appeal (3.5). |
| 10/27/06 | WR | 7.50 | 1,350.00 | Analyze documents for designation of record (7.5). |
| 10/27/06 | MS | 3.00 | 405.00 | Analyze documents designated as Record on Appeal. |
| 10/27/06 | JEV | 3.80 | 513.00 | Analyze documents as designated records on appeal. |
| 10/31/06 | LMF | 2.90 | 522.00 | Complete designations of records (2.9). |

Exhibit B

| 11/30/06 | RMF | 1.50 | 547.50 | Attend Committee conference call. |
| 11/30/06 | JMS | 2.50 | 1,000.00 | Conference with S. Baena, M. Kramer, R. Turken regarding planning for Committee call (1.0); committee call (1.5). |
| 11/30/06 | RWT | 2.50 | 1,312.50 | Conference with S. Baena, M. Kramer and J. Sakalo regarding planning for Committee call (1.0); committee call (1.5). |
| 11/30/06 | MIK | 3.90 | 1,248.00 | Preparation for committee call (1.0); committee call (1.5); post-committee call discussion (1.4) |
| 11/29/06 | SLB | 0.30 | 187.50 | Emails from and to D. Speights, M. Dies and committee regarding agenda for 11/30 committee (.3) |
| 11/30/06 | ASD | 3.00 | 1,125.00 | Prepare for and attend Committee meeting(1.5);discuss with SLB and team Committee issues(1.5) |
| 11/30/06 | SLB | 2.80 | 1,750.00 | Email from M. Dies regarding order(.1);email to J. Sakalo et al regarding agenda for 11/30 committee meeting(.2); prepare for Committee meeting(1.0);committee meeting(1.5). |

Response Exhibit 1

The Fee Auditor requests an explanation regarding entries relating to the designation of the record and the analysis of the record. Since the entries in paragraphs 3 and 4 of the Report are substantially related, Bilzin has grouped its response to the inquiries.

As we believe the Fee Auditor is aware, the PD Committee, the PI Committee and FCR jointly objected to the Debtors' latest motion to extend the exclusive periods in which to file and solicit approval of a plan of reorganization. The Court denied the joint objection and the asbestos constituents took an appeal of the order approving the Debtors' motion to extend exclusivity. In connection with that appeal, the PD Committee, the PI Committee and FCR allocated the tasks necessary to prosecute the appeal. Among other tasks that the PD Committee had responsibility for was the designation of the record and statement of issues on appeal.

The time entries in paragraph 3 of the Report relate to the designation of the record on appeal. Given the longevity of these cases and the extensive amount of motion practice among the parties to the cases, designating the record on appeal to the District Court was a substantial and time-consuming exercise. Indeed, the designation of the record was comprised of 3,373 separate entries and exceeded 175 pages in length. The magnitude of the record was necessary in order to demonstrate the appellants' view that no "cause" existed to extend the exclusive periods. Thus, Bilzin reviewed the docket in these cases for relevant pleadings that were appropriate to include in the record. The particular time entries relate to the actual preparation of the record designation that led to the 175+ page document filed with the Court. With respect to the entries that exceeded 8 hours in time on a particular day, those were necessary in order to complete the record in the ten day window prescribed by the local rules. Bilzin submits it was more efficient to have the same two paralegals complete the project from beginning to end, rather than to add additional staff in the middle of the project. As a result, certain of the entries exceeded eight hours.

The time entries in paragraph 4 are described primarily as "analyzing records designated for appeal." In hindsight, these descriptions could have been included a better description. These entries all relate to the physical preparation of the record on appeal that was described in the paragraph above. In connection with the exclusivity appeal, Bilzin was charged with amalgamating the physical records for delivery to the District Court. Again, as explained above, given the magnitude and scope of the record designation in the appeal, the process of actually producing the documents was similarly time-intensive. Due to the size of the record, the District Court requested that it be produced electronically. As a result, each of the documents had to be located, scanned to a server, categorized into folders and reviewed for completeness. By the time that process was completed, it took four DVD-ROMS to hold the electronic files. Thus, the effort undertaken by Bilzin to complete the record was substantial, time-consuming and necessary in order to have a proper and full record before the District Court for the exclusivity appeal.

Response Exhibit 2

The Fee Auditor requests additional information regarding a PD Committee meeting attended by six Bilzin attorneys.  As the Fee Auditor is aware, Messrs. Baena and Sakalo have had principal responsibility for representing the PD Committee from the onset of these cases in April 2001 and, thus, have actively participated in virtually every PD Committee meeting/call since the inception of these cases.  The meeting at issue was a particularly thorough and detailed meeting that discussed a wide-ranging number of topics that required the additional participation of certain Bilzin attorneys. First, Messrs. Baena and Sakalo presented an update on recent business-related issues related to the Debtors' operations and an update on the claims objections process related to PD claims.  Mr. Kramer (MIK), who has had primary responsibility for monitoring and reporting of the PI estimation proceedings, updated the PD Committee with respect to that process.

In addition, as a result of certain rulings by the Court at the November 13, 2006 omnibus hearing and other pending matters in the case, the PD Committee was confronted with a myriad of litigation issues that required the advice and counsel of litigation specialists as opposed to bankruptcy specialists.  As a result, Mr. Turken (RWT) and Ms. Fernandez (RMF), who have from time to time worked on particular strategic litigation matters for the PD Committee, were asked to participate in this particular meeting to provide their advice with respect to discreet litigation matters.  Similarly, Ms. Danzeisen (ASD) was asked to participate in the call as she has a substantial history in dealing with the particulars of the Debtors' asbestos-containing products and that knowledge dovetailed with the presentation to the Committee by Mr. Turken and Ms. Fernandez.

Bilzin is exceedingly mindful of limiting the number of professionals involved in the representation of the PD Committee on a daily basis and has steadfastly utilized the services of a small universe of professionals.  However, on occasion, in order to provide complete and full representation of the PD Committee, it is necessary to employ the services of other Bilzin professionals.  The meeting at issue was one such occasion and Bilzin submits that in this limited instance, it was appropriate and necessary to have each of the professionals participate in the PD Committee meeting.