UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP,
FOR THE TWENTY-THIRD INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Orrick, Herrington & Sutcliffe LLP for the Twenty-Third Interim Period.

BACKGROUND

1. Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, future claimants' representative. In the Application, Orrick seeks approval of fees totaling $841,070.00 and costs totaling $98,378.95 for its services from October 1, 2006, through December 31, 2006.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Orrick an initial report based on our review, and received a response from Orrick, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted that during the Application Period, several Orrick professionals[1] billed a total of 17.90 hours and $2,726.00 for tasks which appear to be clerical.

| Date | Prof | Hours | Description |
|---|---|---|---|
| 09/29/06 | DF | 2.00 | Review, print and organize Beber deposition exhibits for D. Felder. |
| 10/25/06 | RB | 7.00 | Compile deposition transcripts and corresponding exhibits into binders for D. Felder. |
| 11/10/06 | RB | 1.50 | Download responses to the W.R. Grace Asbestos Personal Injury Questionnaire in preparation for binder for D. Felder. |
| 11/13/06 | RB | 0.50 | Start printing responses to the W.R. Grace Asbestos Personal Injury Questionnaire in preparation for binder for D. Felder. |
| 11/15/06 | RB | 3.70 | Prepare binders of W. R. Grace's Motions to Compel Questionnaire Responses for D. Felder. |
| 11/27/06 | RB | 2.20 | Update binders of W.R. Grace's Motions to Compel Questionnaire Responses for D. Felder. |
| 11/30/06 | JC | 1.00 | Assist attorney re preparation of work copies of litigation binders and documents. |

The types of tasks illustrated above are more suited to a professional billing at a lower hourly rate. On the issue of adjusting rates downward for certain tasks, the Third Circuit seems fond, in the

---

[1] DF ($210), RB ($140), JC ($220)

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Orrick 23int 10-12.06.wpd

bankruptcy context, of quoting its opinion in *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983) that "[r]outine tasks, if performed by senior partners in large firms, should not be billed at their usual rates. A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." *See Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 260 (3rd Cir. 1995); *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 855 n.34 (3rd Cir. 1994). *Busy Beaver*, in footnote 34 on page 855, lists 15 cases in support of the statement "[w]hen an experienced attorney does clerk's work, he or she should be paid clerk's wages." We asked Orrick to explain why the cited tasks should be billed at the professionals' full hourly rate. Orrick's response is provided as Response Exhibit 1. We appreciate the response and concur with the proposed reduction. We thus recommend a reduction of $882.00 in fees.

4.   We noted several instances in which more than one professional attended a meeting, hearing, deposition, trial or conference call. In seven of these instances (totaling 131.0 hours and $75,260.50), the number of professionals attending and the ultimate cost to the estate appear excessive. See Exhibit A. Paragraph II.D.5. of the Guidelines provides that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." Furthermore, the Delaware Local Rules, rule 2016-2(d)(ix), states "....[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." We asked Orrick to review Exhibit B, and explain why it was necessary for multiple professionals to participate in each referenced occasion as well as the specific area of expertise each Orrick professional provided. Orrick's response is provided as Response Exhibit 2. We appreciate the response and concur with the explanations and proposed reductions. We thus recommend a total reduction of $6,588.00 in fees

for these meetings and hearings.

5. We noted that on October 15, 2006, SV spent a total of 2.00 hours for a total fee of $750.00 on reviewing V. Roggli's book.

| 10/15/06 | SV | 2.00 | Review V. Roggli book. |

We asked Orrick to explain why this review was necessary to the benefit the estate and whether any type of work product (i.e. memorandum, summary etc.) resulted. Orrick responded as follows:

> Regarding the time entry of Shannon Venegas on October 15, 2006, Orrick believes that 2.00 hours is the proper amount of time billed and spent reviewing Victor Roggli's publications, as Mr. Roggli is one of the FCR's proposed experts. Nonetheless, in order to address any concerns, Orrick will reduce its fee application on this item by $750.00 (2 hours x $375/hour).

We appreciate the response and thus recommend a reduction of $750.00 in fees.

6. We noted that RM ($660) may have billed non-working travel time at his full hourly rate. The questioned entries, totaling 16.50 hours and $10,890.00, are provided below.

| 10/23/06 | RM | 8.30 | .............; travel to and from Wilmington, DE (3.5). |
| 11/20/06 | RM | 10.70 | .............; travel to/from Wilmington, DE (2.5). |
| 12/04/06 | RM | 8.00 | .............; travel to Pittsburgh (3.5). |
| 12/05/06 | RM | 9.00 | ...............; return travel from Pittsburgh (2.0). |
| 12/18/06 | RM | 9.20 | .............; travel to/from Pittsburgh for omnibus hearing (5.0);.................. |

The Delaware Local Rules, rule 2016-2(d)(viii) states "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." We asked Orrick to review the above referenced time entries and confirm that this travel time, or any portion thereof, was non-working and to state whether a 50% reduction is appropriate.

Orrick responded as follows:

> The Report questions whether certain travel time billed by Raymond Mullady should have been considered non-working related travel and billed at the 50% reduced rate. Mr. Mullady has confirmed that he worked while traveling to the hearings in Wilmington and Pittsburgh - "Prepare for hearing, including presentation of oral argument, selection of demonstrative exhibits and review of exhibits designated by debtors' counsel..."- but did not generally work on his return travel. Accordingly, Orrick agrees to reduce its fee request by treating one-half of the travel hours, or 8.25 hours as billed at 50% of Mr. Mullady's regular rate ($660/hour), for a total reduction of $2,722.50 (8.25 hours x $330/hour).

We appreciate the response and concur with the proposed reduction. Thus we recommend a reduction of $2,722.50 in fees.

    7.    We noted the following time entry wherein the total time appears to have been calculated incorrectly.

| Date | | | Description |
|---|---|---|---|
| 11/27/06 | RM | 3.10 | Further review of draft joinder to ACC opposition to debtors' motion to compel (.4); discuss same with G. Rasmussen and D. Felder (.3); discussions with N. Finch regarding same (.3); review e-mail from B, Harding (.2); prepare for and attend weekly status meeting (1.0); review J. Biggs' draft report (.4); telephone conversation with J. Ansbro (.3). |

The total time is listed as 3.10 hours for a total fee of $2,046.00. However, the time within the description totals 2.90 hours and $1,914.00. We asked the firm to explain whether a reduction of $132.00 is appropriate for this entry. Orrick responded as follows:

> Orrick agrees that the time entry of Mr. Mullady was calculated incorrectly, and agrees to the proposed reduction in the amount of $132.00.

We appreciate the response and thus recommend a reduction of $132.00 in fees.

    8.    We noted two airfares that may be excessive. The entries are provided below.

| Date | Name | Type | Amount |
|---|---|---|---|
| 9/10/2006 | Frankel, Roger | AIR | $1,243.60 |
| 9/10/2006 | Felder, Debra | AIR | $1,897.90 |

Paragraph II.E.1.of the Guidelines states, ". . .[f]actors relevant to a determination that the expense is proper include the following: 1. Whether the expense is reasonable and economical. For example, first class and other luxurious travel mode or accommodations will normally be objectionable." We asked Orrick to confirm that both airfares were booked at coach or economy class. The firm responded as follows:

> The Report notes two airfares and requests confirmation that both airfares were booked at coach or economy class. Orrick confirms that these flights were booked as coach class (back-up has been separately provided to the Fee Auditor). The charges reported by Debra Felder included the cancellation charges on a non-refundable ticket and should have included a credit of $599.30. Accordingly, Orrick agrees to a reduction of $599.30 on this item.

We appreciate the response and thus recommend a reduction of $599.30 in expenses.

9. We noted two meal expense entries that require greater explanation. The entries are provided below.

| | | | |
|---|---|---|---|
| 11/2/2006 | Meade, Rose M. | BUSML | $380.45 |
| 11/15/2006 | Meade, Rose M. | BUSML | $145.76 |

We asked Orrick to provide more information regarding these entries. Orrick responded as follows:

> The Report notes two meal expenses and asks for additional information. The meal charge on November 2, 2006, totaling $380.45, was for lunch attended by nine people; at the Fee Auditor's suggested rate of $25 per person, the cost would have been $225. Orrick is prepared to reduce this charge by the difference, $155.45. The meal charge on November 15, 2006, of $145.76 was for lunch attended by five people; under the Fee Auditor's $25 per person rate, the charge would have been $125. Orrick is prepared to reduce this charge by $20.76. The total proposed reduction on meal charges is $176.21.

We appreciate the response and concur with the proposed reduction. We thus recommend a reduction of $176.21 for these meal expenses.

## CONCLUSION

10. Thus we recommend approval of fees totaling $829,995.50 ($841,070.00 minus $11,074.50) and costs totaling $97,603.44 ($98,378.95 minus $775.51) for Orrick's services from October 1, 2006, through December 31, 2006.

                Respectfully submitted,

                **WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
                Warren H. Smith
                Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1270
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 8th day of June, 2007.

_____
                Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Richard Wyron
Debra Fullem
Orrick, Herrington & Sutcliffe LLP
3050 K Street, NY
Washington, DC 20007

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
399 Park Avenue, 36th Floor
New York, NY 10022

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A.

a.   On October 23, 2006, RM ($660), DF ($430) and RW ($645) (two Partners and one Associate) attended a hearing. The total time spent including any preparation and non-working travel was 19.80 hours[2] for a total fee of $10,803.50.

| | | | |
|---|---|---|---|
| 10/22/06 | RM | 1.00 | Prepare for omnibus hearing on 10/23/06. |
| 10/23/06 | DF | 12.70 | Preparation for omnibus hearing (1.0); conference and e-mails with R. Mullady regarding same (.3);.........; attend omnibus hearing (3.5);.............. |
| 10/23/06 | RW | 3.60 | ............; attend omnibus hearing telephonically (3.2). |
| 10/23/06 | RM | 8.30 | Preparation for omnibus hearing (.8); attend omnibus hearing in Wilmington, DE (4.0); travel to and from Wilmington, DE (3.5). |
| 10/23/06 | DF | 2.50 | Travel to and from Wilmington, Delaware for omnibus hearing. |

b.   On November 8, 2006, DF ($430), RW ($645) and RM ($660) (two Partners and one Associate) attended a meeting. The total time spent was 23.70 hours for a total fee of $13,794.00.

| | | | |
|---|---|---|---|
| 11/07/06 | RW | 1.40 | Review and organize materials for 11/8 meeting with Tillinghast (1.1);............. |
| 11/08/06 | DF | 10.50 | ...........; meeting with R. Frankel, R. Wyron, litigation team and estimation experts regarding estimation expert report (7.5);.............. |
| 11/08/06 | RW | 7.80 | Meet with Tillinghast team on estimation issues (7.1);........... |
| 11/08/06 | RM | 8.00 | Prepare for and attend meeting with client, J. Biggs, _____ and team. |

---

[2] Time for this entry was located in the following project categories - (i) Litigation and (ii) Travel Time (Non-Working)

**FEE AUDITOR'S FINAL REPORT** - Page 9
wrg FR Orrick 23int 10-12.06.wpd

c.  On November 20, 2006, five firm members[3] (three Partners and two Associates) attended a hearing. The total time spent including any preparation and travel time was 15.90 hours for a total fee of $9,767.00.

| | | | |
|---|---|---|---|
| 11/20/06 | SV | 8.50 | ............; omnibus hearing (.8);..................... |
| 11/20/06 | DF | 15.30 | ............; telephonic participation in omnibus hearing (2.0);.......... |
| 11/20/06 | GR | 1.30 | Monitor court hearing regarding the status of expert reports (1.0);............ |
| 11/20/06 | RW | 2.90 | Participate in hearing telephonically and follow-up (1.6);............. |
| 11/20/06 | RM | 10.70 | ............; prepare for and attend omnibus hearing (8.0); travel to/from Wilmington, DE (2.5). |

d.  On November 21, 2006, six firm members[4] (four Partners and two Associates) attended a meeting.  The total time spent including any preparation time was 16.20 hours for a total fee of $9,283.50.

| | | | |
|---|---|---|---|
| 11/21/06 | SV | 6.10 | Confer with A. Hermele re Questionnaire Motion (1.0);...........; meeting with Grace team (2.5);............ |
| 11/21/06 | DF | 9.20 | ...........; conference with D. Austern, R. Frankel, R. Wyron, R. Mullady, G. Rasmussen and A. Venegas regarding estimation expert report (1.0); telephone conference with Tillinghast team, D. Austern, R. Frankel, R. Wyron, R. Mullady, G. Rasmussen and A. Venegas regarding same (.8);............. |
| 11/21/06 | GR | 2.00 | Meeting with _____ to discuss J. Biggs' draft report and conference with J. Biggs regarding the report. |
| 11/21/06 | RW | 6.70 | ............; follow-up with litigation team (1.1); call with J. Biggs and follow-up e-mails (2.8);............... |

---

[3]SV ($375); DF ($430); GR ($645); RW ($645); and RM ($660).

[4]SV ($375); DF ($430); GR ($645); RW ($645); RM ($660); AND rf ($725).

| | | | |
|---|---|---|---|
| 11/21/06 | RM | 3.80 | ..............; attend meeting with client and team, including telephone conversation with J. Biggs (2.6);............ |
| 11/21/06 | RF | 2.40 | Confer with D. Austern, R. Mullady, R. Wyron, and others re estimation proceedings; telephone conference with J. Biggs during meeting. |

e.  On December 5, 2006, SV ($375), DF ($430) and RM ($660) (one Partner and two Associates) attended a hearing. The total time spent including any preparation time was 26.40 hours for a total fee of $14,797.00.

| | | | |
|---|---|---|---|
| 12/03/06 | RM | 1.00 | Prepare for 12/5 hearing (.7);................ |
| 12/04/06 | RM | 8.00 | Prepare for hearing on 12/5 (4.5); travel to Pittsburgh (3.5). |
| 12/05/06 | SV | 7.20 | Attend (telephonically) the monthly omnibus hearing; no telephonic participation. |
| 12/05/06 | DF | 5.50 | Telephonic participation in December 5 hearing on motion to compel production of documents (2.5);................ |
| 12/05/06 | RM | 9.00 | Prepare for and attend hearing (6.0);............; return travel from Pittsburgh (2.0). |

f.  On December 18, 2006, RM ($660), DF ($430) and RW ($645) (two Partners and one Associate) attended a hearing. The total time spent including any preparation time was 12.90 hours for a total fee of $7,994.50.

| | | | |
|---|---|---|---|
| 12/14/06 | RM | 2.40 | ...............; preparation for 12/18 omnibus hearing (.3);........... |
| 12/15/06 | RM | 3.50 | ................; prepare for 12/18 omnibus hearing (.5). |
| 12/18/06 | DF | 4.50 | Telephonic participation in omnibus hearing (2.2);........... |
| 12/18/06 | RW | 1.60 | Participate in telephonic omnibus hearing (.9);............. |
| 12/18/06 | RM | 9.20 | .............; travel to/from Pittsburgh for omnibus hearing (5.0); prepare for and attend omnibus hearing (4.0). |

g. On December 15, 2006, five firm members[5] (three Partners and two Associates) attended a meeting. The total time spent including any preparation time was 16.10 hours for a total fee of $8,821.00.

| Date | Initials | Hours | Description |
|---|---|---|---|
| 12/15/06 | SV | 4.80 | Meeting with expert (2.8);................ |
| 12/15/06 | DF | 8.10 | ...........; preparation for telephone conference with estimation expert (.9); telephone conference with G. Rasmussen re estimation expert (1.5);............; telephone conference and meeting with estimation team and D. Austern regarding estimation expert report (1.0); telephone conference and meeting with estimation team, D. Austern and estimation experts regarding estimation expert report (1.7);................ |
| 12/15/06 | GR | 2.80 | Preparation for and participation in conference call with J. Biggs to address my questions. |
| 12/15/06 | RM | 3.50 | Prepare for and attend meeting with D. Austern, estimation team and J. Biggs (2.2);.................. |
| 12/15/06 | RF | 1.10 | Confer with G. Rasmussen, R. Mullady and D. Austern (by phone) in preparation for telephone conference with J. Biggs. |
| 12/15/06 | RF | 2.10 | Telephone conference with J. Biggs, G. Rasmussen, R. Mullady re draft estimation report; notes re same. |

---

[5]SV ($375); DF ($430); GR ($645); RM ($660); RF ($725)

Response Exhibit 1

The first time entry (from 09/29/06) reflects two hours of work performed by Debra Fullem, an experienced legal assistant, in reviewing and organizing certain deposition exhibits. This was a substantive review for key issues in the prior testimony of an important witness; the time spent on printing the selected exhibits was incidental to the review task and was, we believe, more efficient (took less of her time) than had Ms. Fullem provided printing instructions to others.

The last of the seven time entries reflects one hour of work organizing pleadings and exhibits by James Cangialosi, an experienced legal assistant in Orrick's New York office. This work also involved a substantive review of the relevant documents to organize them appropriately.

The remaining five time entries reflect work performed by Rachael Barainca, the most junior legal assistant assigned to this case. We agree that two of these time entries (11/10/06 and 11/13/06, for a total of 2 hours) could have been performed as a clerical function. The remaining three time entries for Ms. Barainca (10/25/06, 11/15/06 and 11/27/06, for a total of 12.90 hours) involve organizing pleadings and exhibits for a key hearing relating to the voluminous personal injury questionnaires. We believe these tasks involve a combination of substantive review with certain aspects that are more clerical in nature. Accordingly, in the interest of resolving the Fee Auditor's concern, Orrick is willing to reduce its request by the following amounts:

| | |
|---|---|
| 2.0 hours (11/10/06 and 11/13/06) x $140 per hour | = $280.00 |
| 4.3 hours (one-third of the remaining time) x $140 per hour | = $602.00 |
| Total reduction for paragraph 3: | $882.00 |

Response Exhibit 2

The key professionals representing the FCR in these cases are Raymond Mullady, who leads Orrick's Washington, DC litigation practice and has experience in complex products liability litigation, and is the lead litigator in the estimation proceeding; Garret Rasmussen, an experienced litigation partner who has worked extensively with estimation and other economic experts, and is responsible for handling the expert testimony to be presented in the estimation proceedings; Roger Frankel, co-head of Orrick's bankruptcy and insolvency practice and the lead lawyer and strategist for the FCR in these cases; Richard Wyron, an experienced bankruptcy partner who has primary responsibility for representing the FCR on bankruptcy issues; and Debra Felder, a bankruptcy associate with litigation expertise who is integrally involved in both the bankruptcy and litigation aspects of these cases. The questioned time entries also include Shannon Venegas, a litigation associate who was involved in these cases during the Application Period.

## **Meetings**

Three of the questioned meetings identified on Exhibit A (item b. on 11/8/06, item d. on 11/21/06 and item g. on 12/15/06) relate to meetings and conference calls with Jennifer Biggs from Tillinghast and her team. Ms. Biggs is the future claims estimation expert for the FCR, and is the FCR's key expert witness in the upcoming estimation trial. For the FCR, the estimation proceeding is the most critical aspect of this case to date, and its outcome could have a substantial impact upon the design of a plan of reorganization and the resolution of these proceedings. For the constituency that the FCR was appointed to represent, estimation of future claims, and the resulting value of assets required to be placed in trust for the benefit of future claimants, is such a critical issue, and is so intricate, that it deserves full attention from the FCR and his legal team.

These meetings and discussions with the FCR's key expert and her team were full-blown, detailed discussions of her expert report and all of the complexities relating to such issues, in connection with the litigation (and thus the participation of Mr. Mullady, Mr. Rasmussen and Ms. Felder) and the bankruptcy plan process (and thus the participation of Mr. Frankel and Mr. Wyron). The first of these meetings, which was the initial review of Ms. Biggs' report, was attended only by Mr. Mullady, Ms. Felder and Mr. Wyron. Mr. Rasmussen, who is preparing the FCR's experts for testimony, and Mr. Frankel, who is focused on the overall strategy for the FCR, attended only the second and third meetings. Orrick believes the attendance of all of these professionals at these meetings was warranted, in light of the critical importance of the estimation expert's work and the expertise each professional brings to bear.

Ms. Venegas attended two of these meetings, and the Fee Auditor questioned 3.5 hours and 2.8 hours respectively for such attendance. In an effort to resolve this inquiry, Orrick is prepared to reduce its fee request by a total of $2,362.50 (6.3 hours at $375 per hour), eliminating Ms. Venegas' time for these meetings.

<u>Total reduction for attendance at meetings:</u>                               <u>$2,362.50</u>

## Hearings

The other four questioned items were hearings before the Court (October 23, 2006, November 20, 2006, December 5, 2006, and December 18, 2006). At each of these hearings, the Debtors addressed numerous agenda items. Given the wide variety of matters the Debtors and others raised, Orrick believed it appropriate for Mr. Mullady, the lead litigation partner, to attend each hearing in person, and for Ms. Felder to attend each hearing, but to determine in advance whether in-person participation was required (such as during the October 23 hearing, where Ms. Felder provided direct support for Mr. Mullady who was appearing in-person for the first time on behalf of the FCR), or telephonic participation (and thus providing remote support to Mr. Mullady) was more appropriate (as with the November 20, December 5 and December 18 hearings). Among other things, Ms. Felder plays a key role in monitoring the property damage aspects of the Debtors' cases, which were addressed during the November 20 and December 18 hearings. The December 5 hearing involved arguments on the ACC's and FCR's motion to compel the Debtors to produce certain documents, and arguments on twelve motions filed by the Debtors to compel responses to the asbestos personal injury questionnaires. Ms. Felder assisted in the preparation for this hearing, and is integrally involved in these issues.

Mr. Wyron attended three of the four hearings telephonically (October 23, November 20 and December 18). The agenda for the October 23 hearing included arguments on a motion to approve a settlement with Lloyd's Underwriters, which was continued to the November 20 hearing. Mr. Wyron negotiated this settlement on behalf of the FCR and was prepared to address any issues relating to the settlement at the hearing; neither Mr. Mullady nor Ms. Felder were actively involved in this settlement.

Orrick believes that, for the four hearings at issue, the combination of Mr. Mullady attending in person, Ms. Felder attending in person or by telephone, as appropriate, and Mr. Wyron attending selected hearings only telephonically, was the most appropriate and efficient manner to represent the FCR's interests.

While other Orrick lawyers attending these hearings by telephone is equally justifiable on efficiency grounds, in order to address any concerns the Fee Auditor may have, Orrick is prepared to reduce its fees for attendance at these hearings, as follows:

wrg FR Orrick 23int 10-12.06.wpd

| | | | |
|---|---|---|---|
| 11/20/06 | S. Venegas | .8 hours @ 375/hour | $ 300.00 |
| 11/20/06 | G. Rasmussen | 1.0 hour @ $645/hour | $ 645.00 |
| 12/05/06 | S. Venegas | 7.2 hours @ $375/hour | $2,700.00 |
| 12/18/06 | R. Wyron | .9 hours @ $645/hour | $ 580.50 |
| | Total reduction for attendance at hearings: | | $4,225.50 |