IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related to: April 23-24, 2007 Product |
| | ) | Identification Trial |

**ORDER DISALLOWING AND EXPUNGING CLAIM NO. 6941 FOR DAGGY HALL AND ALLOWING CLAIM NOS. 10648, 10649, 10650, 10651, 10652, 10653, 10655,10656, 10657, 10658, 10659, 10660, 10661, 10662, AND 14411 FOR THE STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES**

This cause came before the court on the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claim, Doc. No. 9315, whereby the Debtors objected to certain claims as not establishing use of a Grace asbestos-containing product, including (1) the claims of the State of California, Department of General Services, identified as Claim Nos. 10648, 10649, 10650, 10651, 10652, 10653, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662, and 14411, and (2) the claim for Daggy Hall f/k/a The Speech Building a/k/a Theatre Building, a building on the campus of Washington State University. The matter has been fully briefed and the court heard arguments at the April 23-24, 2007, Product Identification Trial.

**NOW, THEREFORE**, upon consideration of all of the above, for the reasons expressed by this court on the record at the April 23-24, 2007, Product Identification Trial:

**California DGS Claims**

1

**A. Claim Nos. 10648, 10649, 10650, 10652, 10653, 10655, 10656, 10658, 10660, 10661, 10662, and 14411.**

It is **ORDERED, ADJUDGED, AND DECREED** that Claim Nos. 10648, 10649, 10650, 10652, 10653, 10655, 10656, 10658, 10660, 10661, 10662, and 14411 are allowed. Claimants have established by a preponderance of the evidence that W. R. Grace's asbestos-containing products were installed in their buildings.

**B. Claims Nos. 10651, 10657, and 10659.**

Debtors' expert witness, Dr. Richard J. Lee, testified that the components of Debtors' formula for ZAP consisted of 15 to 20 percent chrysotile asbestos, 15 to 20 percent montmorillonite clay, and 60 to 70 percent vermiculite. *See* 4/23/07 Hearing Transcript at 40:17-21, Doc. No. 15470. Debtors' formula for another of its products, known as ZFC, consisted of 53 to 72 percent vermiculite, 11 to 15 percent bentonite (montmorillonite type), 11 to 14 percent asbestos, 5 to 7 percent titanium dioxide, and less than 0.5 percent sodium lauryl sulfate. *See* Debtors' Updated Binder For PID Trial, Exh. 1 at 2, Doc. No. 15189. As explained by claimants' expert, Dr. Tim B. Vander Wood, when the percentage of asbestos in products fall into the ranges stated above, the presence of montmorillonite is unique to Grace products. *See* 4/24/07 Hearing Transcript at 17-74, Doc. No. 15471.

The constituent analysis conducted by MVA of the samples for these three claims included examination through Polarized Light Microscopy ("PLM"), Scanning Electron Microscopy ("SEM"), and Transmission Electron Microscopy ("TEM"). These three types of microscopy differ in effectiveness and accuracy depending on the materials and conditions presented by a sample. For example, Dr. Vander Wood testified that "TEM allows you to detect

2

and confirm the presence of clay that might be in particles too small to be detected by PLM or so entangled with other particles that you can't distinguish them by other techniques." *See* 4/24/07 Hearing Trans. at 29:21-31:12, Doc. No. 15471.

Citing the expert report of Dr. Lee, Debtors objected to the product identification for these three claims based on the presence of kalonite in the samples, which was not part of the Grace formula, and insufficient data regarding the percentage of montmorillonite. In the PLM results for the samples of all three claims, the presence of kalonite was detected and the report concluded that "montmorillonite may be present but could not be confirmed." *See* DGS PID Trial Exh. 17, Compendium of Expert Reports by MVA, Inc. on Product Identification, at 29, 112, 126, and 151 (Exhibit List at Doc. No. 15176). However, the SEM and TEM results for the samples confirmed the absence of kalonite and confirmed either the "common" or "common/minor" presence of montmorillonite, consistent with the unique formulas for ZAP and ZFC. As explained by Dr. Vander Wood, TEM and SEM are capable of higher magnification than PLM and are more effective at detecting montmorillonite. As reported in the MVA testing results and confirmed by Dr. Vander Wood at trial, evidence and testimony which we credit, there is sufficient data to establish to a preponderance of the evidence that the samples are consistent with Grace products and that Grace products were used in the buildings.

Because claimants have established by a preponderance of the evidence that W. R. Grace's asbestos containing products were installed in their buildings, it is **ORDERED, ADJUDGED, AND DECREED** that Claim Nos. 10651, 10657, and 10659 are allowed.

**Daggy Hall Claim No. 6941**

The testing results provided by claimants for Claim No. 6941 showed that the asbestos-

containing product found in Daggy Hall had a percentage of asbestos and vermiculite consistent with a Grace fireproofing product, Monokote. However, these percentages are equally as consistent with several other asbestos-containing fireproofing products manufactured by other companies, such as U.S. Gypsum. Nothing in the testing results distinguishes between these various products or leads one to conclude that one product or another is more likely than not to be the product actually in use. In addition to the constituent analysis, claimants provided blueprints that called for Monokote or a similar type of fireproofing and letters from Grace approving certain applicators to bid on the project with Grace products. It was not established, however, that any of these applicators were used for the project, that any applicators were required to use only Grace products, or that Monokote was in fact used for the project. The evidence did nothing more than show that Monokote could have been used in the building. However, there was no evidence to show that Monokote was used, or was more likely than not to be the product used in the building.

Because claimants failed to establish by a preponderance of the evidence that a Grace product was used in Daggy Hall, it is **ORDERED, ADJUDGED, AND DECREED** that Claim No. 6941 is disallowed and expunged.

Debtor shall serve a copy of this order on all parties in interest and shall file a certificate of service forthwith.

Dated: June 13, 2007.

                                             *Judith K. Fitzgerald*
                                             Judith K. Fitzgerald
                                             United States Bankruptcy Judge