# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                            .        Chapter 11
                                  .
W.R. Grace & Co., et al.,         .
                                  .
        Debtor(s).                .        Bankruptcy #01-01139 (JKF)
..........................................................

Wilmington, DE
May 21, 2007
2:00 p.m.

TRANSCRIPT OF OMNIBUS HEARING
BEFORE THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For The Debtor(s):                David M. Bernick, Esq.
                                  Kirkland & Ellis, LLP
                                  200 E. Randolph Drive
                                  Chicago, IL 60601

                                  Janet S. Baer, Esq.
                                  Kirkland & Ellis, LLP
                                  655 Fifteenth Street, N.W.
                                  Washington, DC 20005

                                  James O'Neill, Esq.
                                  Pachulski, Stang, Ziehl,
                                  Young, Jones & Weintraub
                                  919 North Market Street
                                  Wilmington, DE 19801

                                  Kevin T. Lantry, Esq.
                                  Sidley Austin, LLP
                                  555 W. Fifth St.
                                  Los Angeles, CA 90013

For Official Committee of:        Kenneth Pasquale, Esq.
Unsecured Creditors               Stroock Stroock & Lavan, LLP
                                  180 Maiden Lane
                                  New York, NY 10038

1          MR. BERNICK:  With respect to the CMO --

2          MR. FINCH:  Your Honor, just on item 15, I think

3     there might not be any dispute about it.  I just haven't seen -

4     - I don't know if you've made any changes to the order since

5     you circulated it before.  If you could just send that to me

6     and Ray and Sandy and Natalie, we might be able --

7          MR. BERNICK:  Well, we'll talk -- maybe we'll talk

8     about it when they're talk --ˉwhen Ms. -- let's talk about it

9     here in a second.  On the CMO, there's actually agreement on

10    everything with two exceptions.

11         Basically, Your Honor will recall that we're deferring the

12    due date for the expert reports and then the schedule slides

13    accordingly.  It's kind of a 30-day shift.  Now there were two

14    areas of disagreement.  And again, I don't know that we have to

15    do it today.

16         One was that we wanted to have a simultaneous cutoff of

17    fact and expert discovery on the 18th of October.  And then

18    have Daubert hearings on -- let me be clear.  Daubert hearings

19    on the model issue -- that is whether their back -- their model

20    that works with settlements is a scientifically reliable model.

21    It's not Daubert -- not all the Daubert issues but kind of the

22    Daubert issue on the estimation model.  And we wanted to have

23    that heard on the 30th of October when we have days that are

24    open.

25         It's the position of the other side that Daubert should be

1    taken up during trial or in connection with the trial -- in

2    light of the fact that we're going to be so close on expert

3    discovery anyhow, I think it's probably inevitable that we will

4    not be able to do Daubert on those days at the end of October.

5        We would like Your Honor to take up that threshold Daubert

6    issue before the trial starts.  I think it's very important for

7    that.  But I think that today -- for today, we would be

8    prepared not to have the Daubert hearing take place on the 31st

9    or 1st or 2nd of November, but then revisit at the next Omnibus

10   the question of whether there might be another time to schedule

11   that before the Bench trial itself.

12       So that's -- that may be an answer on Daubert that we

13   don't have to decide that today.

14            THE COURT:  All right.  Well, I brought a whole list

15   of dates when we might be able to talk about trial dates.  But

16   if we're running short of time I would suggest that maybe this

17   is an issue that could be deferred.  I'm looking at dates that

18   begin in January --

19            MR. BERNICK:  Right.

20            THE COURT:  -- and my -- I believe that if you want

21   to do Daubert first, I have two days -- January 7 and 8 and

22   that might be the appropriate time to do Daubert.  And we could

23   start the trial, frankly, the next week.

24            MR. BERNICK:  That might be fine.  In any event,

25   that'll be fine with the Debtor, but in any event I don't think

1  we're going to press today to have the CMO read out as to the

2  Daubert hearing.

3          UNIDENTIFIED SPEAKER:  That's fine.

4          MR. BERNICK:  Then the second question is, the

5  cutoff for fact discovery.  It's the position of the Claimants

6  that they want fact discovery to cut off on the 18th -- excuse

7  me, the 15th of August.  That is that --

8          UNIDENTIFIED SPEAKER:  30th.

9          MR. BERNICK:  30th of August.

10         UNIDENTIFIED SPEAKER:  31st.

11         MR. BERNICK:  Whatever it is.  The earlier fact

12 discovery cutoff from the expert discovery.  We disagree with

13 that because we need more time for the fact discovery unless

14 we're prepared -- unless we get assurances that what we need to

15 get done is going to get done by the 15th.

16         THE COURT:  Well, if the Daubert arguments are not

17 going to be until January 7th and 8th, does that push your

18 schedule back so that you can accommodate both of you?

19         MR. BERNICK:  It may be --

20         UNIDENTIFIED SPEAKER:  No, no.

21         MR. BERNICK:  -- but what I was going to suggest is

22 that again, I don't know that there's urgency to resolve that

23 particular issue today.  And I think that's going to take some

24 time to discuss because I know that the Claimants have views on

25 how much more fact discovery should be done.