IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: July 23, 2007 at 2:00 p.m. |
| | ) Responses Due: July 6, 2007 |

## DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO CERTAIN IRS CLAIMS (SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel of record, file this Twenty-Third Omnibus Objection to Certain IRS Claims (the "Twenty-Third Omnibus Objection") to various tax claims filed by the IRS (collectively, the "IRS Claims") as described herein.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Over the last several months, the Debtors have successfully resolved most of their outstanding non-asbestos claims. At present, there are 56 open and active IRS tax claims on the Claims Register. However, 50 of those claims are duplicative in nature and should be disallowed and expunged; 1 claim has been previously resolved and should be disallowed and expunged; and 2 claims are substantially duplicative in nature and should be reduced but not allowed.[2] Otherwise, it would be extremely misleading, and would not accurately reflect the potential liabilities of the Debtors, to have the Claims Register reflect 56 unresolved IRS tax claims. In support of this Objection, the Debtors state as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

### Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have

---

[2] Accordingly, the Debtors are not objecting to Claims 830, 15283 and 15284 at this time.

been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). In the fall of 2006, the Court also set a bar date for asbestos personal injury litigation claims pending as of the chapter 11 petition date. No bar date has been established for claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

5. By this Twenty-Third Omnibus Objection, for the reasons described herein, the Debtors object to, and seek an order (i) disallowing and expunging the claims set forth on Exhibits A and B attached hereto[3] (collectively, the "IRS Duplicate Claims"); (ii) reducing, but not allowing, the claim set forth on Exhibit C attached hereto; and (iii) disallowing the claim set forth on Exhibit D attached hereto:

6. Each claim set forth as "IRS Duplicate Claim" on Exhibit A attached hereto is a tax claim that should be disallowed and expunged entirely because it contains tax amounts which are entirely subsumed within the IRS Master Claim (as defined below);

---

[3] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

7. Claim number 835 ("Claim 835") set forth as an "IRS Duplicate Claim" on Exhibit B attached hereto is a tax claim that should be disallowed and expunged entirely because it contains tax amounts which are entirely subsumed within the IRS Master Claim, and it contains amounts for FICA claims which have been settled with the IRS;

8. Claim numbers 809 and 828 ("Claims 809 and 828") set forth on Exhibit C attached hereto are tax claims that should be reduced, but not allowed, because the substantial portion of Claims 809 and 828 are subsumed within the IRS Master Claim and are otherwise duplicative; and

9. Claim number 2235 ("Claim 2235") set forth as an "IRS Claim" on Exhibit D attached hereto is a tax claim that should be disallowed and expunged entirely because it contains amounts which have been settled with the IRS.

## IRS DUPLICATE CLAIMS TO BE DISALLOWED AND EXPUNGED.

10. To the extent that the IRS has filed multiple claims against the various Debtors based on a theory of joint and several liability, the Debtors assert that only one claim -- Claim number 830 (the "IRS Master Claim") -- against the Debtors' operating entity, W. R. Grace & Co-Conn. (Case No. 01-1140), is appropriate. The Debtors filed their Amended Joint Plan of Reorganization (the "Plan"), on January 13, 2005, proposing that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors. The relief requested herein simply

affords the Debtors the administrative convenience of minimizing duplicative claims prior to plan confirmation, and does not substantively alter the IRS's rights in respect of these claims.

11.  Specifically, each IRS Duplicate Claim is duplicative of the IRS Master Claim filed against the Debtors' operating entity, W. R. Grace & Co-Conn. The IRS Master Claim is in the amount of $311,200,164.87. Each of the remaining IRS Duplicate Claims listed on Exhibit A range between $43,000,000 to $310,000,000. Furthermore, the Excel spreadsheet prepared by the Debtors and attached as the last page of Exhibit A provides a breakdown of each claim including the specific amounts asserted for the specified tax periods. As is evident from such spreadsheet, the IRS Duplicate Claims listed on Exhibit A are entirely subsumed within the IRS Master Claim. With respect to the IRS Duplicate Claim on Exhibit B, each of the amounts claimed is (i) entirely subsumed within the IRS Master Claim or (ii) been previously settled by terms of the Order Authorizing the Settlement and Payment of Certain Tax Claim, dated October 30, 2006 at Docket No. 13513.[4] In the case where the IRS has not alleged a joint and several liability, the IRS Duplicate Claims are also objectionable as having been filed against the wrong Debtor. The Excel spreadsheet prepared by the Debtors and attached as the last page of Exhibit B similarly provides a breakdown of each claim including the specific amounts asserted for the specified tax periods, evidencing the fact that the portions of the claim not satisfied by the Tax Order are subsumed within the IRS Master Claim.

---

[4] This Order states in relevant part "Ordered that upon payment by the Debtors to the Government of the amounts required by the Settlement, . . . (ii) all amounts stated in Proof of Claim 835 for Employment Taxes shall be deemed fully satisfied and expunged and such Proof of Claim shall be reduced to the amount of $129,000,000 . . . ." Order at p. 2. The Debtors have paid the amounts required by the Settlement on or about January 4, 2007. See letters to the IRS and DOJ attached as Exhibits E and F respectively.

12. Accordingly, the Debtors seek entry of an order (i) disallowing and expunging each IRS Duplicate Claim listed in <u>Exhibits A and B</u> and (ii) leaving unaffected the IRS Master Claim. This relief is necessary to both prevent a situation where the IRS receives duplicative or additional recovery on its claim and to maintain a proper and accurate Claims Register.

13. The Debtors reserve their right to further object to the IRS Master Claim on any ground whatsoever.

### IRS CLAIMS TO BE REDUCED BUT NOT ALLOWED.

14. By this Twenty-Third Omnibus Objection, the Debtors seek reduction, but not allowance, of Claims 809 and 828 set forth on <u>Exhibit C</u> attached hereto.[5] The Debtors object to Claims 809 and 828 because substantially all of these claims are subsumed within the IRS Master Claim, as evidenced by the Excel spreadsheet prepared by the Debtors and attached as the last page of <u>Exhibit C</u>. However, unlike the IRS Duplicate Claims listed on <u>Exhibits A and B</u>, the Debtors do not seek to disallow and expunge Claims 809 and 828 in their entirety. A small portion of each of Claims 809 and 828 relate to penalty and interest that is not subsumed within the IRS Master Claim: (i) for Claim 809, $138,121 of the asserted $284,138,121 claim and (ii) for Claim 828, $14,535 of the asserted $310,008,900 claim.[6] For the reasons set forth above, the Debtors object to Claims 809 and 828 as being substantially duplicative and request

---

[5] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

[6] No explanation is provided in support of the IRS's claim for penalty or interest. The Debtors do not believe these amounts are legitimate, and reserve their objection to such penalty and interest for a later date.

that Claims 809 and 828 be reduced, but not allowed, to the amount of $138,121 and $14,535 respectively, as set forth on Exhibit C.

### IRS CLAIM THAT WAS SETTLED TO BE DISALLOWED AND EXPUNGED.

15. Claim number 2235 ("Claim 2235") set forth on Exhibit D attached hereto is an IRS Claim that should be disallowed and expunged entirely because it has been previously settled with the IRS. Attached hereto as Exhibit G is a Closing Agreement executed March 15, 2005 resolving certain outstanding tax liabilities for MRA Holdings Corp., including for the period ending July 31, 1999 -- the exact period that this Claim 2235 relates to. The $13 million payment made by the Debtors referenced in Exhibits E and F applies to, and fully satisfies, the Debtors' obligation under this Closing Agreement as well. Accordingly, the Debtors seek entry of an order disallowing and expunging Claim 2235.

### Separate Contested Matters

16. If a response is filed regarding any claim listed in the Twenty-Third Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim and the objection by the Debtors thereto asserted in the Twenty-Third Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Twenty-Third Omnibus Objection shall be deemed a separate order with respect to each claim.

### Responses to Omnibus Objections

17. To contest an objection, the IRS must file and serve a written response to this Twenty-Third Omnibus Objection (a "Response") so that it is received no later than 4:00 p.m. (Eastern Time) on July 6, 2007. Every Response must be filed with the Office of the Clerk

of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than July 6, 2007, at the following addresses:

>Kirkland & Ellis LLP
>777 South Figueroa Street, 37th Floor
>Los Angeles, California 90017
>Attn: Lori Sinanyan

>-and-

>Pachulski, Stang, Ziehl, Young, Jones & Weintraub, LLP
>919 North Market Street, 17th Floor
>P. O. Box 8705
>Wilmington, Delaware 19899-8705 (Courier 19801)
>Attn: James E. O'Neill

>Co-Counsel for the Debtors

18. Every Response to this Twenty-Third Omnibus Objection must contain at a minimum the following:

    a. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Twenty-Third Omnibus Objection to which the Response is directed;

    b. the name of the Claimant, its claim number, and a description of the basis for the amount of the claim;

    c. the specific factual basis and supporting legal argument upon which the party will rely in opposing the Twenty-Third Omnibus Objection;

          d.      any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

          e.      the name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the Claimant.

    19.    If the IRS fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order disallowing and expunging the IRS Claims without further notice to the IRS or a hearing.

### Replies to Responses

    20.    The Debtors may, at their option, file and serve a reply to the IRS's response, if any.

### Reservation

    21.    The Debtors hereby reserve the right to object in the future to any of the IRS Claims listed in this Twenty-Third Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Twenty-Third Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

    22.    Notwithstanding anything contained in this Twenty-Third Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights

that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Twenty-Third Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

23. The Debtors will serve copies of this Twenty-Third Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

24. Bankruptcy Management Corporation, the Debtors' reconciliation agent, will serve a copy of the Twenty-Third Omnibus Objection and the exhibits thereto upon those creditors that have filed claims that are affected by the Twenty-Third Omnibus Objection.

25. The Debtors submit that notice of this Twenty-Third Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

26. No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

27. This Twenty-Third Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, except for Rule 3007-1(f)(iii). The Debtors have filed a concurrent motion for leave from these Local Rules.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging each of the IRS Duplicate Claims as specified herein.

Dated:  June 18, 2007              Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession