IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## DECLARATION OF CAROL FINKE IN SUPPORT OF DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO CERTAIN IRS CLAIMS (SUBSTANTIVE)

I, Carol Finke, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am Tax Counsel at W. R. Grace & Co., which has offices located at 5400 Broken Sound Boulevard, N.W. Suite 300, Boca Raton, Florida 33487. I submit this declaration (the "Declaration") in support of the Debtors' Twenty-Third Omnibus Objection to Certain IRS Claims (the "Twenty-Third Omnibus Objection").

2. I am responsible for reviewing, analyzing and objecting to tax claims filed against the Debtors in these Chapter 11 cases. In that capacity, I have reviewed the Twenty-Third Omnibus Objection and am, directly or through the Debtors' personnel, attorneys, and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Bankruptcy Management Corporation, the Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3. Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4. To date, more that 15,000 Proofs of Claim have been filed against the Debtors in these Chapter 11 cases by holders of non-personal injury claims. Of these, approximately 200 Proofs of Claim were filed relating to tax claims (the "Tax Claims").

5. Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the Tax Claims filed in these Chapter 11 cases. These Tax Claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims, which are the subject of the Twenty-Third Omnibus Objection. Based on these efforts, the Debtors have determined that the claims listed in the Twenty-Third Omnibus Objection should either be (i) disallowed and expunged or (ii) reduced but not allowed as indicated in the Twenty-Third Omnibus Objection.

6. At present, I am informed that there are 56 open and active IRS tax claims on the Claims Register.

7. Based on the Debtors' review of these IRS Claims, under my supervision, we determined that 50 of those claims are duplicative in nature and should be disallowed and expunged; 1 claim has been settled in its entirety and should be disallowed and expunged; and 2 claims are substantially duplicative in nature and should be reduced but not allowed.

8. The Debtors are not objecting to Claims 830, 15283 and 15284 at this time.

9. As the Claims Register currently stands, it is extremely misleading, and does not accurately reflect the potential liabilities of the Debtors.

10. Each IRS Duplicate Claim is duplicative of the IRS Master Claim filed against the Debtors' operating entity, W. R. Grace & Co-Conn.

11. The IRS Master Claim is in the amount of $311,200,164.87. Each of the remaining IRS Duplicate Claims listed on Exhibit A range between $43,000,000 to $310,000,000. The Excel spreadsheet that was prepared under my direction, which is attached as the last page of Exhibit A to the Objection, provides a breakdown of each claim including the specific amounts asserted for the specified tax periods. As is evident from such spreadsheet, the IRS Duplicate Claims listed on Exhibit A are entirely subsumed within the IRS Master Claim.

12. With respect to the IRS Duplicate Claim on Exhibit B, each of the amounts claimed is (i) entirely subsumed within the IRS Master Claim or (ii) been previously settled by terms of the Order Authorizing the Settlement and Payment of Certain Tax Claim, dated October 30, 2006 at Docket No. 13513. The Debtors have paid the amounts required by the Settlement on or about January 4, 2007. The Excel spreadsheet that was prepared under my direction, which is attached as the last page of Exhibit B to the Objection, provides a breakdown of each claim including the specific amounts asserted for the specified tax periods, evidencing the fact that the portions of the claim not satisfied by the Tax Order are subsumed within the IRS Master Claim.

13. Based upon the Debtors' review, under my supervision, Claims 809 and 828 set forth on Exhibit C to the Objection are substantially subsumed within the IRS Master Claim, as evidenced by the Excel spreadsheet that was prepared under my direction, which is attached as the last page of Exhibit C to the Objection. However, a small portion of each of Claims 809 and

828 relate to penalty and interest that is not subsumed within the IRS Master Claim: (i) for Claim 809, $138,121 of the asserted $284,138,121 claim and (ii) for Claim 828, $14,535 of the asserted $310,008,900 claim. No explanation is provided in support of the IRS's claim for penalty or interest. The Debtors do not believe these amounts are legitimate, and reserve their objection to such penalty and interest for a later date. For the reasons set forth above, the Debtors object to Claims 809 and 828 as being substantially duplicative and request that Claims 809 and 828 be reduced, but not allowed, to the amount of $138,121 and $14,535 respectively, as set forth on Exhibit C to the Objection.

14. Based upon the Debtors' review, under my supervision, we have determined that Claim 2235 set forth on Exhibit D to the Objection has been previously settled with the IRS pursuant to the terms of a certain Closing Agreement executed March 15, 2005 and attached to the Objection as Exhibit G, and the Debtors' $13 million payment to the IRS referenced in Exhibits E and F. Accordingly, the Debtors seek entry of an order disallowing and expunging Claim 2235.

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

*Carol Finke*
Carol Finke
Tax Counsel, W. R. Grace & Co.-Conn.

Subscribed and sworn to before me
This 18 day of June, 2007

*Marilyn J. Narducci*
NOTARY PUBLIC, State of FLORIDA
My Commission Expires: 5/24/2011

MARILYN J. NARDUCCI
Commission DD 658062
Expires May 24, 2011
Bonded Thru Troy Fain Insurance 800-385-7019

17