# EXHIBIT F

**FedEx** Express *US Airbill*

Tracking Number  **8569 0962 3596**

**PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.**

Sender's Copy

**1 From** *Please print and press hard.*

Date  1/4/2007    Sender's FedEx Account Number  **0606-2331-7**

Sender's Name  Natalie Hoyer Keller    Phone ( 312 ) 861-2229

Company  KIRKLAND & ELLIS LLP

Address  200 E RANDOLPH ST FL 54

City  CHICAGO    State  IL    ZIP  60601-6603

**2 Your Internal Billing Reference**  15848-46.
First 24 characters will appear on invoice.

**3 To**

Recipient's Name  G. Robson Stewart    Phone (          )

Company  U.S. Department of Justice, Tax Division

Recipient's Address  555 Fourth Street, N.W.    Room 8118

Address  
We cannot deliver to P.O. boxes or P.O. ZIP codes.
To request a package be held at a specific FedEx location, print FedEx address here.

City  Washington    State  DC    ZIP  20001

0334254357

**Schedule a pickup at fedex.com**
Simplify your shipping. Manage your account. Access all the tools you need.

**4a Express Package Service**    *Packages up to 150 lbs.*

☒ FedEx Priority Overnight    ☐ FedEx Standard Overnight    ☐ FedEx First Overnight

☐ FedEx 2Day    ☐ FedEx Express Saver

**4b Express Freight Service**    *Packages over 150 lbs.*

☐ FedEx 1Day Freight*    ☐ FedEx 2Day Freight    ☐ FedEx 3Day Freight

**5 Packaging**

☒ FedEx Envelope*    ☐ FedEx Pak*    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

**6 Special Handling**

☐ SATURDAY Delivery    ☐ HOLD Weekday    ☐ HOLD Saturday

Does this shipment contain dangerous goods?

☒ No    ☐ Yes    ☐ Yes    ☐ Dry Ice

**7 Payment** *Bill to:*

☒ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

Total Packages    Total Weight    Total Declared Value

**8 NEW Residential Delivery Signature Options**

☐ No Signature Required    ☐ Direct Signature    ☐ Indirect Signature

519

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Natalie Hoyer Keller
To Call Writer Directly:
312 861-2229
nkeller@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

January 4, 2007

## By Federal Express

G. Robson Stewart
U.S. Department of Justice
Tax Division
Room 8118
555 Fourth Street, N.W.
Washington, D.C.  20001

Re:    CCHP, Inc. v. United States, No. 99-158T (Fed. Cl. 1999)

Dear Mr. Stewart:

Enclosed pursuant to the attached letter from the U.S. Department of Justice is a check in the amount of $13 million issued by W.R. Grace & Co.-Conn. ("Grace-Conn."), Check No. 00462281 dated January 2, 2007, payable to the United States Treasury in full settlement of all federal tax liability associated with meal, lodging and incidental allowance plans operated by Grace-Conn. affiliates, CCHP Inc. and Cross Country Staffing from 1993 to 1998. As you are aware, this payment has been authorized by the United States Bankruptcy Court pursuant to a Court order dated October 30, 2006.

Also enclosed is a copy of IRS Form 906 ("closing agreement") executed by GN Holdings, Inc., Fresenius Medical Care Holdings, Inc., Sealed Air Corporation and W.R. Grace & Co. The closing agreement has been sent to Ms. Darcy Parker at the Internal Revenue Service for execution by the Commissioner.

Please contact me at your earliest convenience to discuss the required filings with the U.S. Court of Federal Claims to dismiss the above-reference case.

London          Los Angeles          Munich          New York          San Francisco          Washington, D.C.

## KIRKLAND & ELLIS LLP

G. Robson Stewart
January 4, 2007
Page 2


       If you have any questions, please do not hesitate to call.  We appreciate your assistance in finalizing this settlement.

                        Very truly yours,

                        Natalie Hoyer Keller

Enclosures

cc:    Elyse Filon, W.R. Grace & Co. (w/out enclosures)

W. R. Grace & Co.-Conn.
P. O. Box 3247
Lake Charles, LA 70602-3247
337-583-8700

| Date | Invoice Number | Gross Amt | Discount Amount | Net Amount |
|------|----------------|-----------|-----------------|------------|
| 12/20/06 | CLAIM 835-EMP TX | 13000000.00 | .00 | 13000000.00 |

| Check No./Date | 00462281  01/02/2007 | Vendor Number | 200970 | Total | 13,000,000.00 |

PLEASE DETACH BELOW BEFORE DEPOSITING

W. R. Grace & Co.-Conn.

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

WACHOVIA BANK, NA
CHAPEL HILL 27514

No. 00462281

DIP
P. O. Box 3247
Lake Charles, LA 70602-3247
337-583-8700

66-156/531

Check Amount

****13,000,000.00*

Date
01/02/2007

W.R. Grace & Co.-Conn
Branch Office Account

Pay THIRTEEN MILLION USD

To The
Order
OF

UNITED STATES TREASURY
PO BOX 660575
DALLAS TX  75266-0575

VOID OVER $13,000,000.00

Not Valid For Payment
After 90 Days From Date Hereon

Authorized Signatures

⑈"00462281"⑈ ⑈053101561⑈:20799200005761⑈"

*See Other Side For Opening Instructions*

GRACE
P. O. Box 3247
Lake Charles, LA 70602-3247
337-583-8700
00462281

UNITED STATES TREASURY
PO BOX 660575
DALLAS TX  75266-0575



**U.S. Department of Justice**

**Tax Division**

Please reply to:    *Office of Review*
*Post Office Box 310*
*Ben Franklin Station*
*Washington, D.C. 20044*

EJO'C:RCM:GPMiller
154-1626
CMN: 1999140040

August 9, 2006

Todd F. Maynes, Esquire, PC
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Re:  CCHP, Inc. v. United States
Fed. Cl. No. 99-158 T

Dear Mr. Maynes:

This refers to your offer dated April 14, 2006, to settle this case on the following terms:

1. CCHP, Inc. (CCHP), will pay, or cause to be paid, the sum of $13,000,000 in full satisfaction of the tax liabilities at issue in this case.

2. The $13,000,000 is in addition to any amounts previously paid with respect to the liabilities at issue in this case and will be applied to the various liabilities included in the proofs of claim filed by the Internal Revenue Service in CCHP's and its affiliates' bankruptcy cases in the sole discretion of the Internal Revenue Service. CCHP will seek relief from the automatic stay in bankruptcy to the extent necessary to permit the Internal Revenue Service to apply the payment. The Internal Revenue Service will withdraw the proofs of claim to the extent they relate to the tax liabilities that are the subject of this agreement. ·

3. The $13,000,000 will bear interest at the statutory rate under Sections 6621(a)(2), 6621(c) and 6622 of the Internal Revenue Code beginning on the 181st day after the date this offer is accepted by the United States and will bear no interest if payment in full is made before the 181st day after the date of acceptance of this offer.

4. On behalf of itself and all of its subsidiaries, affiliates, predecessors, successors, assigns, and other related entities, CCHP agrees not to claim an income tax deduction for the $13,000,000 payment on its or their federal income tax returns, except that CCHP or its subsidiaries, affiliates, predecessors, successors, assigns, and other related entities may claim an income tax deduction on its or their federal income tax returns for any interest paid pursuant to paragraph 3 above.

- 2 -

5. Upon receipt of the payment, the case, including the counterclaim, will be dismissed with prejudice, the parties to bear their own costs and expenses, including any attorneys' fees.

6. The settlement is contingent on (a) execution of each attached closing agreement, in the form attached to the offer, between the Internal Revenue Service and CCHP, CC Partners, MRA Holdings Corporation, Fresenius Medical Care Holdings, Inc., GN Holdings, Inc., Sealed Air Corporation and W.R. Grace & Co. and (b) approval by the Bankruptcy Court of the closing agreements and (c) approval by the Bankruptcy Court of this settlement.

This is to advise you that your offer has been accepted on behalf of the Attorney General. The Office of Chief Counsel, Internal Revenue Service, is being notified of this action.

Please contact our trial attorney, Mr. Stewart, to make arrangements for the implementing the terms of this settlement.

Sincerely yours,

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

By:

ROBERT C. MARKHAM
Acting Chief, Office of Review

1528447.1

Form 906-c
(Rev. August 1994)

# Closing Agreement on Final Determination
## Covering Specific Matters

Under section 7121 of the Internal Revenue Code, each of

GN Holdings, Inc. (EIN: 13-3613599) ("GN Holdings"), and affiliated corporations (the "GN Holdings Affiliated Group"),

Fresenius Medical Care Holdings, Inc. (f/k/a W.R. Grace & Co. EIN: 13-3461988) ("Fresenius"), and affiliated corporations, (the "Fresenius Affiliated Group"),

Sealed Air Corporation (f/k/a W.R. Grace & Co. EIN: 65-0654331) ("Sealed Air"), and affiliated corporations (the "Sealed Air Affiliated Group"),

W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc. EIN: 65-0773649)("New Grace"), and affiliated corporations (the "New Grace Affiliated Group"),

and the Commissioner of Internal Revenue make the following closing agreement:

WHEREAS, during the period of January 1, 1993 through July 28, 1999, CCHP, Inc. ("CCHP") was a subsidiary member of the following affiliated groups filing consolidated returns for the following periods: GN Holdings Affiliated Group from January 1, 1993 up to and including February 8, 1996; Fresenius Affiliated Group from February 9, 1996 up to and including September 28, 1996; Sealed Air Affiliated Group from September 29, 1996 to and including March 31, 1998; New Grace Affiliated Group from April 1, 1998 to and including July 28, 1999;

WHEREAS, CCHP is a general partner, and MRA Staffing Systems, Inc. is the other general partner, of CC Partners, formerly known as Cross Country Staffing, Ltd. ("CC Partners"), a Delaware general partnership formed on July 1, 1996;

WHEREAS, CCHP reported its distributive share of CC Partners' partnership items on the consolidated returns filed with the GN Holdings Affiliated Group, Fresenius Affiliated Group, Sealed Air Affiliated Group and New Grace Affiliated Group for the taxable years ending December 31 of each of 1996, 1997, 1998, and 1999, to cover the periods during which CCHP was a member of each affiliated group, respectively;

WHEREAS, during the period July 1, 1996 through July 28, 1999, MRA Staffing Systems, Inc. was a subsidiary of MRA Holdings Corporation (formerly known as Nestor-BNA Holdings Corp., and together with its subsidiaries, the "MRA Affiliated Group"), and reported its distributive share of CC Partners' partnership items on the MRA Affiliated Group's consolidated income tax returns for the taxable years ending December 31, 1996, December 31, 1997, December 31, 1998 and the short taxable year ending July 28, 1999;

Page 1 of 8

**Closing Agreement on Final Determination Covering Specific Matters with:**
GN Holdings, Inc. (EIN: 13-3613599) and affiliated corporations
Fresenius Medical Care Holdings, Inc. (EIN: 13-3461988) and affiliated corporations
Sealed Air Corporation (EIN: 65-0654331) and affiliated corporations
W.R. Grace & Co. (EIN: 65-0773649) and affiliated corporations

WHEREAS, during the period January 1, 1993 through June 30, 1996, CCHP engaged the services of nurses and other healthcare personnel (collectively, "Nurses") as employees in its business of providing temporary staffing to medical facilities;

WHEREAS, during the period July 1, 1996 through July 28, 1999, CC Partners engaged the services of Nurses as employees in its business of providing temporary staffing to medical facilities, a continuation of the business previously operated solely by CCHP;

WHEREAS, CCHP and CC Partners made payments to Nurses pursuant to the "Tax Advantaged Payment Plan" ("Plan") during their respective periods of operation described above;

WHEREAS, the payments under the Plan included amounts for meal and incidental expenses which were treated with respect to most, but not all, Nurses as payments made under an accountable plan as described in sections 62(a)(2)(A) and 62(c) of the Internal Revenue Code of 1986, as amended (the "Code"), and were excluded from the taxable wages of most, but not all, Nurses;

WHEREAS, CCHP and CC Partners, during their respective periods of operation described above, also made payments to Nurses, or to third parties on their behalf, for housing expenses which were treated with respect to most, but not all, Nurses as nontaxable fringe benefits under section 132(a) of the Code and excluded from the taxable wages of most, but not all, Nurses;

WHEREAS, CC Partners began to phase out meal and incidental expense reimbursement payments to Nurses as of December 31, 1998, and discontinued providing any meal and incidental expense reimbursement payments and housing benefit payments to, or on behalf of, Nurses as of July 29, 1999, when the assets of the business were sold and CC Partners ceased the nurse staffing business;

WHEREAS, during their respective periods, CCHP and CC Partners did not withhold or pay any federal income tax withholding or employee and/or employer Federal Insurance Contribution Act ("FICA") taxes (collectively "Employment Taxes") with respect to the payments made to certain of the Nurses;

WHEREAS, after an Employment Tax audit by the Internal Revenue Service (the "Service"), CCHP filed Forms 941c reporting Employment Taxes on payments that CCHP had previously treated as nontaxable for the twelve quarterly periods beginning January 1, 1993 and ending December 31, 1995, inclusive, and the Service assessed CCHP for the amounts reported on such Forms 941c;

WHEREAS, CCHP has filed for bankruptcy protection in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (*In re CCHP, Inc.*, Bankr. No. 01-01146 (Delaware));

WHEREAS, CC Partners has filed for bankruptcy protection in the Bankruptcy Court (*In re CC Partners*, Bankr. No. 01-01198 (Delaware));

WHEREAS, the Service has filed proofs of claim with the Bankruptcy Court pertaining to amounts in dispute arising out of the Employment Tax matters described herein (the "Proofs of Claim");

**Closing Agreement on Final Determination Covering Specific Matters with:**
GN Holdings, Inc. (EIN: 13-3613599) and affiliated corporations
Fresenius Medical Care Holdings, Inc. (EIN: 13-3461988) and affiliated corporations
Sealed Air Corporation (EIN: 65-0654331) and affiliated corporations
W.R. Grace & Co. (EIN: 65-0773649) and affiliated corporations

WHEREAS, CCHP has instituted a suit for refund of the taxes paid with the filing of the Forms 941c, and the United States of America (the "United States") has filed a counterclaim (*CCHP, Inc. v. United States*, No. 99-158T (Fed. Cl. 1999));

WHEREAS, a tentative agreement has been reached between CCHP and the United States to settle *CCHP Inc. v. United States*, No. 99-158T (Fed. Cl. 1999);

WHEREAS, the agreement between CCHP and the United States is reflected in a settlement agreement (the "Settlement Agreement") that has been executed by CCHP and the United States;

WHEREAS, under the terms of the Settlement Agreement, within 180 days of the date on which both parties have executed the Settlement Agreement, CCHP will pay to the United States the sum of $13 million (the "Payment");

WHEREAS, under the terms of the Settlement Agreement, if the Payment is not made within this 180-day period, such Payment will carry interest at the statutory underpayment rate provided for under the Code and Treasury Regulations, beginning on the 181st day after such date;

WHEREAS, under the terms of the Settlement Agreement, CCHP will agree to the dismissal with prejudice of its claim for refund, and the United States will agree to the dismissal with prejudice of its counterclaim for the balance of the Employment Taxes previously assessed for the twelve quarterly periods beginning January 1, 1993, and ending December 31, 1995, inclusive;

WHEREAS, the Service proposed Employment Taxes due by CCHP on the payments for meal and incidental expense reimbursements and housing benefit payments made to or on behalf of certain Nurses for the two quarterly periods beginning January 1, 1996 and ending June 30, 1996, as additional payments of wages, which matter is in dispute;

WHEREAS, the Service proposed Employment Taxes due by CC Partners on the payments for meal and incidental expense reimbursements and housing benefit payments made to or on behalf of certain Nurses for the ten quarterly periods beginning July 1, 1996 and ending December 31, 1998, as additional payments of wages, which matter is in dispute;

WHEREAS, MRA Holdings Corporation, as the parent of the MRA Affiliated Group, filed protective claims for the taxable years ending December 31, 1996, December 31, 1997, December 31, 1998 and the short taxable year ending July 28, 1999 for refund or credit of income tax previously paid or for additional net operating loss carryovers or carrybacks attributable to the adjustments under section 274(n) of the Code and any additional Employment Taxes determined to be owed for these periods by its subsidiary, MRA Staffing Systems, Inc., as general partner of CC Partners;

WHEREAS, CCHP, CC Partners and MRA Holdings Corporation have each executed with the Service a closing agreement concerning the same subject matter as that addressed herein (each such agreement being a "Closing Agreement," and collectively the "Closing Agreements");

**Closing Agreement on Final Determination Covering Specific Matters with:**
GN Holdings, Inc. (EIN: 13-3613599) and affiliated corporations
Fresenius Medical Care Holdings, Inc. (EIN: 13-3461988) and affiliated corporations
Sealed Air Corporation (EIN: 65-0654331) and affiliated corporations
W.R. Grace & Co. (EIN: 65-0773649) and affiliated corporations

WHEREAS, the Closing Agreement executed by CCHP and the Service states that there is no additional Employment Tax liability for the two quarterly periods beginning January 1, 1996 and ending June 30, 1996;

WHEREAS, the Closing Agreement executed by CC Partners and the Service states that there is no additional Employment Tax liability for the periods beginning July 1, 1996 through July 28, 1999;

WHEREAS, the Closing Agreement executed by MRA Holdings Corporation and the Service states that, in consideration of the execution of the other Closing Agreements and the Settlement Agreement, the MRA Affiliated Group will (x) waive any and all protective claims and rights to refund, credit or offset with respect to the application of section 274(n)(1) of the Code for the meal and incidental expenses paid by it or its affiliates, subsidiaries or other third parties for the taxable years ending December 31, 1996, December 31, 1997, December 31, 1998 and the short taxable year ending July 28, 1999, inclusive, and (y) concede that the exceptions set forth in section 274(n)(2) of the Code shall not apply with respect to the meal and incidental expenses paid during the same periods;

WHEREAS, GN Holdings, as the common parent of its affiliated group, filed protective claims (the "GN Holdings Protective Claims") for the taxable years ending December 31, 1993, December 31, 1994, December 31, 1995 and the short taxable year ending February 8, 1996 for refund or credit of income tax previously paid or for additional net operating loss carryovers or carrybacks attributable to the adjustments under section 274(n) of the Code and any additional Employment Taxes determined to be owed for these periods by its subsidiary CCHP;

WHEREAS, the GN Holdings Protective Claim for the taxable year ending December 31, 1993 was filed on April 28, 1998 which was beyond the statutory period for filing a claim for refund as prescribed by section 6511(a) of the Code and has been disallowed by the Service by certified claim disallowance letter issued on August 21, 1998;

WHEREAS, Fresenius, Sealed Air and New Grace, as the common parents of their respective affiliated groups, have not filed protective claims, but could file claims pursuant to section 6511(c) of the Code for the taxable years in which CCHP was a member of each affiliated group, for refund or credit of income tax previously paid or for additional net operating loss carryovers or carrybacks attributable to the section 274(n) adjustments and any additional Employment Taxes determined to be owed for these periods by CCHP directly, or by CCHP as general partner of CC Partners;

WHEREAS, in order to avoid further time, expense, and uncertainties of litigation and bankruptcy proceedings, the parties to this Closing Agreement wish to enter into a compromise agreement, subject to Bankruptcy Court approval, to resolve any and all claims which the parties may have against each other arising out of the matters described herein, including the Employment Tax consequences of the Plan payments and housing benefit payments made to, or on behalf of, Nurses for the periods beginning January 1, 1993, and ending July 28, 1999;

**Closing Agreement on Final Determination Covering Specific Matters with:**
GN Holdings, Inc. (EIN: 13-3613599) and affiliated corporations
Fresenius Medical Care Holdings, Inc. (EIN: 13-3461988) and affiliated corporations
Sealed Air Corporation (EIN: 65-0654331) and affiliated corporations
W.R. Grace & Co. (EIN: 65-0773649) and affiliated corporations

WHEREAS, each of the Closing Agreements and the Settlement Agreement will become effective on the later of (i) the date the Settlement Agreement and all of the Closing Agreements are approved by the Bankruptcy Court or (ii) the date the Settlement Agreement and all of the Closing Agreements are executed by the respective parties; and

WHEREAS, the Bankruptcy Court has approved each of the Closing Agreements and the Settlement Agreement.

**NOW IT IS HEREBY DETERMINED AND AGREED FOR FEDERAL INCOME TAX PURPOSES THAT:**

1. In consideration of (a) the extinguishment of Employment Tax liabilities, actual, potential, or proposed by the Service against CCHP and CC Partners, and (b) the withdrawal by the Service, in accordance with the terms of the Closing Agreements executed with the respective entities, of Proofs of Claim it has filed in the Bankruptcy Court against CCHP, CC Partners, or any other CCHP-related entity, asserting Employment Taxes the liability for which will be resolved by any of such Closing Agreements, each of GN Holdings, Fresenius, Sealed Air and New Grace, as the common parents of their respective affiliated groups, waive any income tax refunds, credits or adjustments to their net operating losses or net operating loss carryovers or carrybacks for the taxable years beginning January 1, 1994 and ending July 28, 1999, inclusive, attributable to the Closing Agreements or Settlement Agreement, as applicable, entered into by CCHP and the United States, CCHP and the Service, and CC Partners and the Service.

2. In consideration of (a) the extinguishment of Employment Tax liabilities, actual, potential, or proposed by the Service against CCHP and CC Partners, and (b) the withdrawal by the Service, in accordance with the terms of the Closing Agreements executed with the respective entities, of Proofs of Claim it has filed in the Bankruptcy Court against CCHP, CC Partners, or any other CCHP-related entity, asserting Employment Taxes the liability for which will be resolved by any of such Closing Agreements, each of GN Holdings, Fresenius, Sealed Air and New Grace, as the common parents of their respective affiliated groups, (x) waives any and all protective claims and rights to refund, credit or offset with respect to the application of section 274(n)(1) of the Code for the meal and incidental expenses paid by it or its affiliates, subsidiaries or other third parties for the periods beginning January 1, 1993 and ending July 28, 1999, inclusive, and (y) concedes that the exceptions set forth in section 274(n)(2) of the Code shall not apply with respect to the meal and incidental expenses paid during the same periods.

3. The Service denies the GN Holdings Protective Claims and the signing of this Closing Agreement will constitute the parties' waiver of the requirement under section 6532(a)(1) of the Code that a notice of claim disallowance be sent by certified or registered mail for the claims described above.

4. By signing this Closing Agreement, GN Holdings agrees that it will not file suit in the United States District Court having jurisdiction or in the United States Court of Federal Claims for

**Closing Agreement on Final Determination Covering Specific Matters with:**
GN Holdings, Inc. (EIN: 13-3613599) and affiliated corporations
Fresenius Medical Care Holdings, Inc. (EIN: 13-3461988) and affiliated corporations
Sealed Air Corporation (EIN: 65-0654331) and affiliated corporations
W.R. Grace & Co. (EIN: 65-0773649) and affiliated corporations

recovery of any tax, penalties or other moneys for which this claim disallowance agreement pertaining to the GN Holdings Protective Claims is made.

5.   By signing this Closing Agreement, Fresenius, Sealed Air and New Grace, as the common parents of their respective affiliated groups, agree that they will not file any claims for refund for any income tax adjustments attributable to the Closing Agreements or Settlement Agreement, as applicable, entered into by CCHP and the United States, CCHP and the Service, and CC Partners and the Service.

6.   Each party shall bear its own legal fees and expenses.

7.   This Closing Agreement may be executed in multiple counterparts for ease of execution.

Page 6 of 8

**Closing Agreement on Final Determination Covering Specific Matters with:**
GN Holdings, Inc. (EIN: 13-3613599) and affiliated corporations
Fresenius Medical Care Holdings, Inc. (EIN: 13-3461988) and affiliated corporations
Sealed Air Corporation (EIN: 65-0654331) and affiliated corporations
W.R. Grace & Co. (EIN: 65-0773649) and affiliated corporations

This agreement is final and conclusive except:

    (1)    the matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

    (2)    it is subject to the Internal Revenue Code sections that expressly provide that effect be given to their provisions (including any stated exception for Code section 7122) notwithstanding any other law or rule of law; and

    (3)    if it relates to a tax period ending after the date of this agreement, it is subject to any law, enacted after the agreement date, that applies to that tax period.

Each of GN Holdings, Fresenius, Sealed Air and New Grace is executing this Closing Agreement solely with respect to matters set forth in this Closing Agreement (including any representations or agreements made hereunder) for those taxable years (or portions thereof) for which the respective signatory was the parent corporation of the respective Affiliated Group.

**Closing Agreement on Final Determination Covering Specific Matters with:**
GN Holdings, Inc. (EIN: 13-3613599) and affiliated corporations
Fresenius Medical Care Holdings, Inc. (EIN: 13-3461988) and affiliated corporations
Sealed Air Corporation (EIN: 65-0654331) and affiliated corporations
W.R. Grace & Co. (EIN: 65-0773649) and affiliated corporations

**By signing, the above parties certify that they have read and agreed to the terms of this document.**

GN Holdings, Inc., on its behalf and on behalf of the GN Holdings Affiliated Group
5400 Broken Sound Blvd. NW, Suite 300
Boca Raton, Florida 33487

By _Robert M. Tarola_____     Date Signed _February 10, 2005_
   Name: _Robert M. Tarola_
   Title: _Vice President - Treasurer_

Fresenius Medical Care Holdings, Inc., on its behalf and on behalf of the Fresenius
Affiliated Group
95 Hayden Avenue
Lexington, MA 02493

By _Michael Brosnan_____     Date Signed _December 1, 2006_
   Name: _Michael Brosnan_
   Title: _CFO_

Sealed Air Corporation, on its behalf and on behalf of the Sealed Air Affiliated Group
Park 80 East
Saddle Brook, New Jersey 07663-5291

By _H. Katherine White_____     Date Signed _December 8, 2006_
   Name: _H. Katherine White_
   Title: _VP, General Counsel & Secretary_

W.R. Grace & Co., on its behalf and on behalf of the New Grace Affiliated Group
5400 Broken Sound Blvd., NW, Suite 300
Boca Raton, Florida 33487

By _Robert M. Tarola_____     Date Signed _February 10, 2005_
   Name: _Robert M. Tarola_
   Title: _Senior Vice President and Chief Financial Officer_

Commissioner of Internal Revenue

By_____     Date Signed_____
   Name:
   Title:

# Instructions

This agreement must be signed and filed in triplicate. (All copies must have original signatures.)

The original and copies of the agreement must be identical.

The name of the taxpayer must be stated accurately.

The agreement may relate to one or more years.

If an attorney or agent signs the agreement for the taxpayer, the power of attorney (or a copy) authorizing that person to sign must be attached to the agreement. If the agreement is made for a year when a joint income tax return was filed by a husband and wife, it should be signed by or for both spouses. One spouse may sign as agent for the other if the document (or a copy) specifically authorizing that spouse to sign is attached to the agreement.

If the fiduciary signs the agreement for a decedent or an estate, an attested copy of the letters testamentary or the court order authorizing the fiduciary to sign, and a certificate of recent date that the authority remains in full force and effect must be attached to the agreement. If a trustee signs, a certified copy of the trust instrument or a certified copy of extracts from that instrument must be attached showing:

*(1)*  the date of the instrument;

*(2)*  that it is or is not of record in any court;

*(3)*  the names of the beneficiaries;

*(4)*  the appointment of the trustee, the authority granted, and other information necessary to show that the authority extends to Federal tax matters; and

*(5)*  that the trust has not been terminated, and that the trustee appointed is still acting. If a fiduciary is a party, Form 56, Notice Concerning Fiduciary Relationship, is ordinarily required.

If the taxpayer is a corporation, the agreement must be dated and signed with the name of the corporation, the signature and title of an a͟   ͟ed officer or officers, or the signature of an authorized attorney or agent. It is not necessary that a copy of an enabling corporate resolution b͟   ͟hed. See 26 C.F.R. §601.504(b)(2)(ii) as to dissolved corporations.

Use additional pages if necessary, and identify them as part of this agreement.

Please see Revenue Procedure 68-16, 1968-1 C.B. page 770, for a detailed description of practices and procedures applicable to most closing agreements.

|  |  |
|---|---|
| I have examined the specific matters involved and amend the acceptance of the proposed agreement. | I have reviewed the specific matters involved and recommend approval of the proposed agreement. |

| (Receiving Officer) | (Date) | (Reviewing Officer) | (Date) |
|---|---|---|---|

| (Title) | (Title) |
|---|---|