IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| | **Related Docket No. 16069** |

**MOTION FOR LEAVE FROM CERTAIN REQUIREMENTS OF
DEL. BANKR. LR 3007-1 FOR THE PURPOSE OF STREAMLINING OBJECTION
TO CLAIMS OF THE INTERNAL REVENUE SERVICE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") move, pursuant to 11 U.S.C. § 105(a) and Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rule") 1001-1(c), for leave from certain requirements and restrictions imposed by Local Rule 3007-1. Specifically, with regard to the *Debtors' Twenty-Third Omnibus Objection to Certain IRS Claims (Substantive)* (the "Twenty-Third Omnibus Objection") filed concurrently herewith, the Debtors request that this Court waive the requirement in Local Rule 3007-1 that the Debtors file

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

all substantive objections to a particular claim in a single objection. Rather than raising all substantive objections with respect to each claim in the first instance, the Debtors seek authority to file an omnibus objection to certain duplicative claims of the Internal Revenue Service (the "IRS), while maintaining their right to raise subsequent, substantive objections with respect to these claims.[2]

At present, there are fifty-six (56) open and active IRS tax claims (the "IRS Claims") on the Debtors' claims register. However, fifty (50) of those claims are duplicative in nature and should be disallowed and expunged; one claim has been previously resolved and should be disallowed and expunged; and two claims are substantially duplicative in nature and should be reduced but not allowed. To ensure that the claims register accurately reflects the estates' potential liabilities, the Debtors have filed the Twenty-Third Omnibus Objection to remove any duplicative IRS Claims.

The Debtors submit that the nature of the Twenty-Third Omnibus Objection is similar to a non-substantive objection to eliminate duplicate claims. The relief requested, a consolidation of the remaining IRS Claims, is purely administrative, and is intended merely to streamline the claims register for the convenience of the Debtors and other interested parties. Moreover, the Twenty-Third Omnibus Objection results in no prejudice to the IRS because an identical basis for each of the duplicate claims to be expunged is preserved by a remaining IRS Claim. However, out of an abundance of caution, to the extent this Court determines that the Debtors' analysis of the duplicate nature of the IRS Claims is substantive in nature, the Debtors have requested the relief herein.

---

[2] Arguably, Local Rule 3007-1 does not apply to the objection to IRS Claims. The scope of the omnibus objection limitation applies only to an "objection to claims asserted by more than one claimant." Del. Bankr. L.R. 3007-1(a). As the objection concerns claims from only a single claimant (the IRS), the limitations presented by the Delaware local rules may not apply. However, out of an abundance of caution regarding the scope of the Local Rules, the Debtors have requested the relief herein.

91100-001\DOCS_DE:128344.2

Pursuant to Del.Bankr.LR1001-1(c), the Debtors seek a limited waiver of the requirements and restrictions of Local Rule 3007-1 that require a debtor to assert all substantive objections to a particular claim in a single omnibus objection. Given the number of claims the Internal Revenue Service has asserted against the Debtors, and the Debtors desire to have the existing claims register accurately reflect the potential liabilities of the Debtors, the efficient resolution of the claims will be greatly enhanced by allowing the Debtors to first pursue the removal of all duplicative claims.

Granting the Debtors a waiver to prosecute the Twenty-Third Omnibus Objection is efficient because it eliminates duplication of IRS Claims that contain the same foundational and substantive claims. The Debtors, and this Court, will not have to invest time and resources to resolve duplicate claims and will allow more time and resources to be devoted to the orderly disposition of the remaining IRS Claims. For the reasons indicated above, the Debtors believe that the relief requested is in the best interest of the estates, all creditors, and other parties in interest.

In the event this Court denies the relief requested herein, the Debtors shall withdraw the Twenty-Third Omnibus Objection and re-submit their objections to the IRS Claims at a later date.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto, (i) waiving certain requirements and restrictions imposed by Local Rule 3007-1; and (ii) granting such other and further relief as is just and proper.

Dated: June 18, 2007

    KIRKLAND & ELLIS LLP
    David M. Bernick, P.C.
    Janet S. Baer
    Lori Sinanyan
    200 East Randolph Drive
    Chicago, IL 60601
    Telephone: (312) 861-2000
    Facsimile: (312) 861-2200

    and

    PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

    /s/ _____
    Laura Davis Jones (Bar No. 2436)
    James E. O'Neill (Bar No. 4042)
    Timothy P. Cairns (Bar No. 4228)
    919 North Market Street, 17th Floor
    P.O. Box 8705
    Wilmington, DE 19899-8705 (Courier 19801)
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400

    Co-Counsel for the Debtors and
    Debtors in Possession