# EXHIBIT A

[Settlement Agreement]

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into this 12ᵀᴴ day of June, 2007

by and between Grace and the Claimant (as each is defined herein), acting by and through their

respective undersigned counsel.

## DEFINITIONS

As used herein, the following terms shall have the meanings specified below:

a.    "Bankruptcy" shall mean the jointly administered cases of Grace which,

pursuant to chapter 11 of title 11 of the United States Code, are pending in the Court.

b.    "Claimant" shall mean the asbestos property damage claimant identified

on Exhibit A hereto, which filed a proof of claim in this Bankruptcy, and each of its present,

former and future directors, officers, parents, subsidiaries, divisions successors and assigns.

c.    "Claimant's Counsel" shall mean the Office of the General Counsel,

Sempra Energy.

d.    "Claim" shall mean the asbestos property damage claim filed by the

Claimant in this Bankruptcy and identified by the claim number listed in Exhibit A.

e.    "Court" shall mean the United States Bankruptcy Court for the District of

Delaware.

f.    "Debtors" or "Grace" shall mean W. R. Grace & Co., W. R. Grace & Co.-

Conn., and all of their subsidiaries that are debtors in the Bankruptcy.

g.    "Parties" shall mean Grace and the Claimant.

h.    "Person" includes, without limitation, any individual, corporation, partnership, limited liability company, governmental authority, firm, association or other entity.

i.    "Settlement Amount" shall mean the amount set forth in Exhibit B hereto.

## RECITALS

WHEREAS, Claimant has filed a Claim in the Bankruptcy asserting Grace is liable for the costs incurred to abate fireproofing material used at the 101 Ash building located in San Diego, California (the "101 Ash Building") leased by Claimant;

WHEREAS, Grace has denied and continues to deny all allegations of liability, wrongdoing, or violations of law or breaches of duty and has asserted and continues to assert that the Claim has no substance in fact or law and that Grace has meritorious defenses to the Claim;

WHEREAS, Grace has agreed to enter into this Agreement because it is in the best interest of its chapter 11 estates to avoid further expense, inconvenience and the distraction of expensive, burdensome and protracted litigation over the Claim's merit and value;

WHEREAS, the Claimant and Grace desire to settle and resolve the Claim and have engaged in productive settlement discussions directed towards that end; and

WHEREAS, Claimant and Claimant's Counsel have conducted discovery and investigations into the facts of the Claim and have concluded that a settlement with Grace in the amount and on the terms hereinafter set forth is in Claimant's best interest;

NOW, THEREFORE, the Parties enter into this Agreement.

## TERMS AND CONDITIONS OF THE SETTLEMENT

1.    Pursuant to this Agreement the Settlement Amount for the Claim shall be as set forth in Exhibit B hereto. The Settlement Amount represents a final liquidation of the Claim. As of the date hereof, subject to the conditions set forth herein, the Settlement Amount is binding on

2

the Parties for all purposes in the Bankruptcy (including, but not limited to (i) for the valuation and allowance of the Claim for purposes of voting on a plan of reorganization, and (ii) any distribution under a confirmed plan of reorganization) and shall constitute the allowed amount of the Claim as specified under section 502 of the Bankruptcy Code. For purposes of voting with respect to a proposed plan of reorganization, Claimant shall be entitled to one vote and the amount of Claimant's Claim for voting purposes shall equal the Settlement Amount. Any distribution made on the Claim under a confirmed plan shall be made based on the total Settlement Amount; and, that amount shall be distributed to Claimant's Counsel who shall then be responsible for distribution to the Claimant.

2.    Grace agrees that all pending objections to the Claim shall be deemed inactive. Such agreement, however, is without prejudice, and Grace reserves the right to reassert any objections to the Claim, and the Claimant reserves the right to assert all defenses to such objections, in the event the Agreement is disapproved as outlined in Paragraph 10 herein or either of the Parties elects to terminate this Agreement as outlined in Paragraph 11 herein.

3.    The Settlement Amount shall remain confidential to the extent such confidentiality is approved by the Court. The Parties, however, are permitted to disclose the terms of the Settlement Amount to counsel for the Future Claimants Representatives ("FCR") and counsel for the Official Committees appointed in this Bankruptcy, subject to the confidentiality agreements governing the FCR and those Official Committees, and to Debtors' insurers, professionals, officers and employees as necessary.

4.    The Claimant releases all claims against Grace whether known or unknown, foreseen or unforeseen, liquidated, unliquidated, fixed, contingent, material or immaterial, disputed or undisputed, suspected or unsuspected, asserted or unasserted, direct or indirect, at

3

law or in equity, that the Claimant now has or hereafter may have against Grace for the fireproofing material installed at the 101 Ash Building. This release does not encompass any potential indemnity or contribution claims of Claimant against Grace arising from or related to any asbestos personal injury claims related to the fireproofing material at the 101 Ash Building. As of the date of execution of this Agreement, Claimant is unaware of any such claims.

## REPRESENTATIONS AND WARRANTIES

5.      Claimant and Claimant's Counsel hereby represent and warrant that this Agreement is entered into in good faith, that no conflicts of interest exist on their part, and that in their opinion the Settlement Amount represents fair consideration for the Claim released herein.

6.      The Claimant represents and warrants to Grace and acknowledges that it has entered into this Agreement only after first obtaining the legal and professional advice which it believes is appropriate and necessary and has determined, in its judgment, that the Claimant's best interest is served by entering into this Agreement. The Claimant represents and warrants that it has entered into this Agreement without relying on any statements, representations or inducements by Grace, or any of its agents, except as expressly set forth herein. The Claimant further represents and warrants that it has entered into this Agreement solely in reliance on its own knowledge and information as to the nature, extent and duration of the damages, injuries, losses, legal rights and claims which are asserted or could have been asserted in the Bankruptcy.

7.      Claimant's Counsel represents and warrants that it has taken all actions and has secured the consents of all persons necessary to authorize the execution of this Agreement and related documents and the performance of the acts necessary to fulfill the terms and conditions of this Agreement, and that it is fully authorized to enter into and execute this Agreement on behalf of the Claimant.

4

8.      The Claimant represents and warrants to Grace and acknowledges that the
Claimant has not assigned or transferred any Claim it might have against Grace to any third
party.

## NOTICE AND APPROVAL

9.      After the full execution of this Agreement by the Parties, Grace shall promptly
seek Court approval of the settlement embodied in this Agreement by filing the necessary motion
with the Court. Pending the Court's determination of the motion, and pending consummation of
this Agreement, the Parties shall act in good faith to seek and to support approval of this
Agreement and to act in conformity with its terms, and shall not act or fail to act in a manner that
will deprive the other Party of the benefits and bargains embodied in this Agreement.

## TERMINATION

10.     If this Agreement is disapproved, in part or in whole, by the Court or by any
appellate court, this Agreement shall be null and void and have no further force and effect and it
and all negotiations and proceedings connected therewith shall be without prejudice to the rights
of Grace and the Claimant.

11.     In the event that either: (i) the chapter 11 plan of reorganization ultimately
confirmed in the Bankruptcy does not provide the Claimant a distribution on its claim equal to
100% of the Settlement Amount; or (ii) the Bankruptcy is converted to a case under Chapter 7 of
the Bankruptcy Code, the Claimant may void this Agreement and reassert their its Claim as
presently filed as if this Agreement had never been entered into. In the event that the chapter 11
plan of reorganization ultimately confirmed in this Bankruptcy is confirmed over the objection of
the Debtors to confirmation of such plan in its entirety, Grace may void this Agreement. If the
Claimant or Grace voids this Agreement, Grace or any successor Trustee may assert any claims

5

or defenses it has under applicable law as if this Agreement was never entered into, including, but not limited to, reviving any objections to the Claim.

## MISCELLANEOUS

12.    Except to the extent governed by bankruptcy law, this Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by the laws of the State of Delaware regardless of the domicile of any party, and will be deemed for such purposes to have been made, executed, and performed in the State of Delaware. The parties hereto agree that any disputes, controversies, or claims arising out of this Agreement, including but not limited to, the interpretation and/or enforcement thereof, shall be determined exclusively by the Court. This Agreement shall be construed as if the Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any one Party.

13.    The Claimant identified on Exhibit A hereto, through the attorney representing and executing this Agreement on behalf of such Claimant, represents that the Claimant understands and agrees that this is a full, final, and complete release solely with respect to the matters released herein and that this Agreement may be pled as an absolute and final bar to any suit or suits pending or which may hereinafter be filed or prosecuted by the Claimant or anyone claiming, by, through or under the Claimant in respect of any of the matters released hereby, and that no recovery on account of the matters released herein may hereafter be had by the Claimant included herein; and that the consideration given for this Agreement is not an admission of liability by Grace and neither the Claimant nor those claiming by, through or under the Claimant, will ever claim that it is.

14.    The Parties to this Agreement agree to cooperate with one another in seeking the Court's approval hereof and to use their best efforts to effect consummation of this Agreement and the settlement provided for herein.

6

## USE OF THIS AGREEMENT

15.     The Parties agree to seek entry of a Court order that this Agreement, the settlement provided for herein (whether or not consummated), and any actions taken pursuant to this Agreement shall not be construed, offered or received by anyone for any purpose whatsoever, including, but not limited to:

        a.     an estimation proceeding under section 502(c) of the Bankruptcy Code,

        b.     as, or deemed to be, evidence of a presumption, concession or an admission by Grace of the truth of any fact alleged or the validity or value of any of the Claim or any other claims asserted against Grace or of the deficiency of any defense which has or could have been asserted to the Claim, or of any liability, fault, or wrongdoing on the part of Grace with respect to the Claim or any other claims asserted against Grace (other than in such proceedings as may be necessary to effectuate the provisions of this Agreement), or

        c.     as any admission by Grace that its products are to be found or have been identified as present in the Claimant's buildings or other facilities.

## BINDING EFFECT

16.     This Agreement supersedes all prior agreements or understandings, written or oral, among Grace and the Claimant relating to the Claim, and incorporates the Parties' entire understanding of this transaction. This Agreement may be amended or supplemented only by a written instrument signed by the Party against whom the amendment or supplement is sought to be enforced.

17.     The Parties acknowledge that there is no adequate remedy at law for breach of this Agreement and that this Agreement is specifically enforceable. In the event of a breach of this Agreement, the sole and exclusive remedy of Grace and the Claimant shall be to enforce the

7

terms hereof and in no event shall any breach revive any Claim released pursuant to this Agreement.

18.     The Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

19.     This Agreement shall be binding upon and inure to the benefit of each of the Parties.

20.     No term or condition of this Agreement shall be deemed to have been waived, nor shall there be an estoppel against the enforcement of any provision of this Agreement, except by written instrument executed by the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein and such waiver shall operate only as to the specific term or condition waived and not for the future or as to any other act than that specifically waived.

21.     No party may assign, convey, transfer, delegate or encumber any right, interest or duty arising hereby or created herein without the express written consent of all the parties hereto.

22.     Grace's execution of this Agreement is effective only upon Court approval of this Agreement.

23.     Headings, captions and titles used in this agreement are inserted only for convenience and reference purposes. They are not intended in any way to define, limit, expand, or describe the scope of this Agreement or the intent of any provision.

CLAIMANT                                W. R. GRACE & CO., et al.,


By their counsel:

8

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBER

San Diego Gas & Electric Company, Sempra Energy and Enova Corporation—Claim 11308

9

EXHIBIT B:  SETTLEMENT AMOUNT

In accordance with the Settlement Agreement entered into by and among Grace and the Claimant, as those terms are defined in the Settlement Agreement, this confirms that the Settlement Amount described in Paragraph 1 of the Agreement is Two Hundred, Twenty-Five Thousand and 00/100 Dollars  ($225,000.00).

CLAIMANT                                    W. R. GRACE & CO., et al.,


By their counsel

10