IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket Nos. 15645** |
| | ) | **June 25, 2007 Agenda Nos. 11** |

### CERTIFICATION OF COUNSEL ON ORDER AUTHORIZING SETTLEMENT WITH BUILDING LABORERS UNION LOCAL 310

1. On May 11, 2007, the Debtors filed their Motion for Entry of an Order Authorizing Settlement of an Asbestos Property Damage Claim with Building Laborers Union Local 310 [Docket No. 15645] (the "Union Settlement").

2. Prior to the objection deadline set for the motion to approve the Union Settlement, the attorneys for the Official Committee of Property Damage Claimants (the "PD Committee") contacted the Debtors and requested the Debtors modify the requested order approving the Union Settlement.

3. Specifically, counsel for the PD Committee requested two changes to the order. First, counsel requested that the order be changed to eliminate the confidentiality restrictions requested in the motion. The motion requested that the Settlement Amount[1] remain confidential and not be disclosed except for certain specified purposes. The Debtors and Claimant agreed that, upon further consideration, the Debtors and the Claimant would no longer request that the Settlement Amount remain confidential and have now disclosed the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the motions.

Settlement Amount in the order.

4. The PD Committee also requested that the order be modified to provide that the PD Committee and the non-settling Asbestos PD claimants agree to defer and thus reserve the right to challenge the provision in paragraph 16 of the Settlement that does not allow for the Settlement to be construed, offered or received by anyone for any purpose whatsoever, including, but not limited to an estimation proceeding under section 502(c) of the Bankruptcy Code or in respect of confirmation of a plan of reorganization; provided, however, that the Debtors preserve their right to object to any such use.

5. As a result, the Debtors prepared a revised order reflecting the PD Committee's requested changes and circulated such revised order to the PD Committee for comments. Attached as Exhibit A is the final order that is agreeable to the PD Committee.

6. Pursuant to the attached order, the Debtors are authorized to enter into the Union Settlement, and are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Union Settlement and perform any and all obligations contemplated therein.

*[Remainder of Page Intentionally Left Blank]*

7.  No objections have been filed to the motion for approval of the Union Settlement. As a result, the Debtors hereby request entry of the attached revised Order approving the Union Settlement.

Dated: June 18, 2007

>Respectfully submitted,
>
>KIRKLAND & ELLIS LLP
>David M. Bernick, P.C.
>Janet S. Baer
>Lisa G. Esayian
>200 East Randolph Drive
>Chicago, ILL 60601
>(312) 861-2000
>
>and
>
>PACHULSKI STANG ZIEHL YOUNG JONES
>& WEINTRAUB, LLP
>
>_____
>Laura Davis Jones (Bar No. 2436)
>James O'Neill (Bar No. 4042)
>Timothy P. Cairns (Bar No. 4228)
>919 North Market Street, 17th Floor
>P. O. Box 8705
>Wilmington, Delaware 19899-8705
>(302) 652-4100
>
>Co-Counsel for the Debtors and Debtors-In-Possession