IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket Nos. 15799** |
| | ) | **June 25, 2007 Agenda Nos. 12** |

### CERTIFICATION OF COUNSEL ON ORDER AUTHORIZING SETTLEMENT WITH TRUMBULL MEMORIAL HOSPITAL

1.  On May 22, 2007, the Debtors filed their Motion for Entry of an Order Authorizing Settlement of an Asbestos Property Damage Claim with Trumbull Memorial Hospital [Docket No. 15779] (the "Hospital Settlement").

2.  Prior to the objection deadline set for the motion to approve the Hospital Settlement, the attorneys for the Official Committee of Property Damage Claimants (the "PD Committee") contacted the Debtors and requested the Debtors modify the requested order approving the Hospital Settlement.

3.  Specifically, counsel for the PD Committee requested two changes to the order. First, counsel requested that the order be changed to eliminate the confidentiality restrictions requested in the motion. The motion requested that the Settlement Amount[1] remain confidential and not be disclosed except for certain specified purposes. The Debtors and Claimant agreed that, upon further consideration, the Debtors and the Claimant would no longer request that the Settlement Amount remain confidential and have now disclosed the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the motions.

Settlement Amount in the order.

4.  The PD Committee also requested that the order be modified to provide that the PD Committee and the non-settling Asbestos PD claimants agree to defer and thus reserve the right to challenge the provision in paragraph 16 of the Settlement that does not allow for the Settlement to be construed, offered or received by anyone for any purpose whatsoever, including, but not limited to an estimation proceeding under section 502(c) of the Bankruptcy Code or in respect of confirmation of a plan of reorganization; provided, however, that the Debtors preserve their right to object to any such use.

5.  As a result, the Debtors prepared a revised order reflecting the PD Committee's requested changes and circulated such revised order to the PD Committee for comments. Attached as Exhibit A is the final order that is agreeable to the PD Committee.

6.  Pursuant to the attached order, the Debtors are authorized to enter into the Hospital Settlement, and are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Hospital Settlement and perform any and all obligations contemplated therein.

*[Remainder of Page Intentionally Left Blank]*

7. No objections have been filed to the motion for approval of the Hospital Settlement. As a result, the Debtors hereby request entry of the attached revised Orders approving the PD Settlement.

Dated: June 18, 2007

        Respectfully submitted,

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Janet S. Baer
        Lisa G. Esayian
        200 East Randolph Drive
        Chicago, ILL 60601
        (312) 861-2000

        and

        PACHULSKI STANG ZIEHL YOUNG JONES
        & WEINTRAUB, LLP

        /s/ [signature]
        Laura Davis Jones (Bar No. 2436)
        James O'Neill (Bar No. 4042)
        Timothy P. Cairns (Bar No. 4228)
        919 North Market Street, 17th Floor
        P. O. Box 8705
        Wilmington, Delaware 19899-8705
        (302) 652-4100

        Co-Counsel for the Debtors and Debtors-In-Possession