IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: July 23, 2007 at 2:00 p.m. |
| | ) | Objection Deadline: July 6, 2007 at 4:00 p.m. |

## NOTICE OF SALE OF WASHCOAT BUSINESS

To: (i) the U.S. Trustee; (ii) counsel to the Committees and the FCR; (iii) counsel to the administrative agents for the Debtors' prepetition secured lenders; (iv) counsel to the Debtors' postpetition lenders; (v) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (vi) the Buyer and its counsel; (vii) all persons or entities known or reasonably believed to have asserted a Lien in any of the assets of the Washcoat Business; (viii) federal, state and local taxing authorities who have a reasonably known interest in the relief requested by this Motion; (ix) the counterparty to each of the Transferred Contracts; (x) all persons or entities known or reasonably believed to have expressed an interest in acquiring the Washcoat Business; and (xi) the United States Attorneys for the Districts of Delaware, Ohio and Maryland,

PLEASE TAKE NOTICE that W. R. Grace & Co.-Conn., as debtor and debtor in possession (the "Selling Debtor," and together with the other above-captioned debtors, the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Debtors") has filed the *Motion for an Order (A) Approving the Agreements by and between W.R. Grace & Co.-Conn. And Rhodia Inc.; (B) Authorizing the Sale of Certain Assets of W.R. Grace & Co.-Conn.'s Washcoat Business to Rhodia Inc. Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (C) Authorizing the Assumption and Assignment to Rhodia Inc. of Certain Executory Contracts and Unexpired Leases; (D) Approving a Potential Break-Up Fee; and (E) Granting Related Relief* (the "Sale Motion") seeking an order the relief requested in the Sale Motion and approving the Sale to Buyer of the Debtor's Washcoat Business and other assets as defined in the Sale Motion (the "Acquired Assets"), and authorizing the Selling Debtor's assumption and assignment to Buyer of the Transferred Contracts.[2]

PLEASE TAKE FURTHER NOTICE that subject to Court approval, the Selling Debtor proposes to sell the Acquired Assets to the Buyer on the following terms and conditions:

| Selling Debtor | W. R. Grace & Co.-Conn. |
| --- | --- |
| Buyer | Rhodia Inc. |
| Consideration (Section 2.05) | $21,900,000 |
| Transferred Assets (Section 2.01) | All of the Selling Debtor's right, title, and interest in assets used exclusively in the Washcoat Business including, real property, leases, machinery, equipment, inventory, accounts receivable, books and records, software, claims under insurance policies, but excluding the Excluded Assets. |
| Excluded Assets (Section 2.02) | All assets of the Selling Debtor that are not used exclusively in the Washcoat Business; and also the Washcoat IP, which is being provided to the Buyer under a license agreement. |

---

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Agreement, a copy of which is attached to the Motion as **Exhibit B**. To the extent of any inconsistency between the summary set forth herein and the Agreement, the terms and conditions of the Agreement shall govern.

| | |
|---|---|
| **Transferred Contracts (Section 2.07)** | The Material Contracts (the contracts listed on Schedule 5.14(a)) and the contracts listed on Schedule 5.14(b), but excluding the Union Agreement. Buyer may add additional contracts to Schedule 5.14(b) up to sixty (60) days following the Closing Date, in which case the Selling Debtor will file and notice the affected counterparty by motion. |
| **Cure Costs (Section 2.07)** | To be split 50-50 between Seller and Buyer. |
| **Transferred Liabilities (Section 2.03)** | Buyer shall assume and be liable for all liabilities and obligations arising out of the operation or ownership of the Transferred Assets post-closing including post-closing employment liabilities, certain vacation and employee liabilities existing on the closing date, and all removal, repair or abatement related liabilities and obligations related to the presence of lead or asbestos in any of the buildings, structures, improvements and fixtures included in the Owned Real Property. |
| **Excluded Liabilities (Section 2.04)** | All non-Transferred Liabilities, including all pre-closing liabilities and obligations, any liability resulting from or arising in connection with exposure to one or more Hazardous Substances, to the extent exposure occurred on or before the closing date, any liability or obligation, including, any liability arising from claims for injury to persons or property, related to any other business of any Seller Entity other than the Washcoat Business, and all liabilities and obligations, including, any liability arising from claims for injury to persons or property, arising out of the Transferred Assets or the Washcoat Business on or prior to the Closing Date. |

| | |
|---|---|
| **Employee Matters (Article 12)** | Buyer shall make an offer, containing wages, hours, and/or other terms and conditions of employment determined solely by the Buyer, provided such terms and conditions will, in the aggregate, be comparable to existing compensation and terms and conditions of employment in place immediately prior to Closing, to each non-bargaining unit Employee who is then employed by Seller, contingent upon Closing. Non-bargaining unit Employees must accept any such offers of employment on or before the day prior to the Closing Date.<br><br>Buyer shall make offers of employment, subject to such wages, hours, and/or other terms and conditions of employment determined solely by the Buyer, to no less than 27 bargaining unit Employees that are then employed by Seller (such offers to be made in accordance with the bargaining unit Employees' seniority as determined in the Union Agreement). If a sufficient number of such Employees accept employment with Buyer such that Buyer is deemed a successor employer, then upon request from the designated collective bargaining representative, Buyer will recognize and bargain with such representative to obtain a collective bargaining agreement.<br><br>Seller will use reasonable commercial efforts to offer a voluntary severance plan (the "VSP") to its bargaining unit Employees located at the Cincinnati, Ohio manufacturing facility to commence as soon as is reasonably practicable after the date of this Agreement and subject to the terms and conditions set forth in the Agreement.<br><br>Buyer shall not assume any Seller Benefit Plans. |
| **Closing Date (Section 3.01)** | The first Business Day upon which the conditions to Closing have been fulfilled or waived, but not prior to 12:01 AM on August 1, 2007; or as the parties shall agree in writing. |
| **Closing Conditions (Articles 10, 11)** | The Sale Order has become a Final Order, all representations and warranties are accurate, and consent of the Selling's Debtor's landlord is received for assignment of the real property lease. |
| **Termination of the Sale Agreement (Article 13)** | If the Sale Order has not been approved by August 29, 2007 or the Sale Order is not a Final Order by September 15, 2007, or the Court enters an order approving the sale of the Transferred Assets to a third party. |
| **Break-Up Fee (Section 13.02(a))** | 2.5% of the Purchase Price, or $547,500, payable within 30 days of closing of an alternative transaction. |

| Indemnification (Article 14) | Certain representations and warranties expire on the Closing, or 18 months after the Closing, or on the expiration of the relevant statute of limitations. In no event may Buyer's indemnification and certain cleanup costs borne by the Selling Debtor exceed 30% of the Purchase Price. Seller will indemnify Buyer for certain intellectual property-related indemnities for up to five years following the Closing Date; provided however that such indemnification shall not exceed 15% of the Purchase Price. |
|---|---|

PLEASE TAKE FURTHER NOTICE that subject to Court approval, pursuant to section 363(b) and (f) of the Bankruptcy Code, and subject to any orders entered by the Court, the Debtor will sell all right, title, and interest in the Acquired Assets with any liens, claims, encumbrances, and interests attaching to the proceeds of such sale.

PLEASE TAKE FURTHER NOTICE that the Debtors propose to assume and assign to Buyer those Transferred Contracts set forth on Exhibit B to the proposed Sale Order (the "List of Transferred Contracts"). The List of Transferred Contracts also sets forth next to each Transferred Contract the proposed Cure Amount that the Selling Debtor proposes to pay to each counterparty. If a counterparty to a Transferred Contract does not (i) properly object to the applicable Cure Amounts and/or adequate assurance of future performance by the Buyer on or before July 6, 2007; (ii) set forth a specific default in any executory contract or unexpired lease; or (iii) claim a specific monetary amount that differs from the amount (if any) specified by the Selling Debtor as the Cure Amount on the List of Transferred Contracts, the Court shall enter an order deeming the Cure Amount set forth on the List of Transferred Contracts to be the actual Cure Amount payable under section 365 of the Bankruptcy Code and forever barring such counterparty from objecting to adequate assurance of future performance and to the Cure

Amounts and from asserting any additional cure or other amounts against the Debtors, their estates, and the Buyer with respect to its executory contract(s) or unexpired lease(s).

Objections and other responses to the relief requested in the Motion, if any, must be in writing and filed with the Bankruptcy Court no later than **4:00 p.m. prevailing Eastern Time on July 6, 2007.**

At the same time, you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel for the Debtors, Janet S. Baer, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601 and James E. O'Neill, Pachulski Stang Ziehl Young Jones & Weintraub LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE  19899-8705 (Courier 19801); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY  10038-4982, and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE  19801-1246; (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL  33131, and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE  19899; (iv) counsel to the Official Committee of Personal Injury Claimants, Peter Van L. Lockwood, Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, DC 20005, and Mark T. Hurford, Campbell & Levine, LLC, 800 N. King Street, Suite 300, Wilmington, DE  19801; (v) counsel to the Official Committee of Equity Holders, Gary Becker, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY  10022, and Teresa K.D. Currier, Buchanan, Ingersoll & Rooney, P.C., 1000 West Street, Suite 1410, P.O. Box

1397, Wilmington, DE  19899-1397; (vi) counsel to the Future Claimants' Representative, Richard H. Wyron, Orrick, Herrington & Sutcliffe, LLP, 3050 K Street, NW, Suite 300, Washington, DC  20007, and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE  19806; (vii) the Office of the United States Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE  19801; and (viii) counsel to the Buyer, Randall M. Walters, Jones Day, 325 John H. McConnell Boulevard, Suite 600, Columbus, OH 43215.

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE MOTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE UNITED STATES BANKRUPTCY COURT, 5414 U.S. STEEL BUILDING, 600 GRANT STREET, PITTSBURGH, PENNSYLVANIA 15219 ON **JULY 23 2007 AT 2:00 P.M. EASTERN TIME.**

Dated: June 18 2007

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Janet S. Baer
        Lori Sinanyan
        200 East Randolph Drive
        Chicago, IL 60601
        Telephone: (312) 861-2000
        Facsimile: (312) 861-2200

        -and-

        PACHULSKI STANG ZIEHL YOUNG JONES
        & WEINTRAUB LLP

        _/s/_____
        Laura Davis Jones (Bar No. 2436)
        James E. O'Neill (Bar No. 4042)
        Timothy P. Cairns (Bar No. 4228)
        919 North Market Street, 17th Floor
        Wilmington, DE 19801
        Telephone: (302) 652-4100
        Facsimile: (302) 652-4400

        Co-Counsel for the Debtors and Debtors in Possession