IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### STIPULATION RESOLVING CLAIMS OF
### LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY

This stipulation ("Stipulation") is entered into this 12th day of June, 2007, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and Louisiana Department of Environmental Quality ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS**, on October 15, 2002, Claimant filed a proof of claim (dated October 8, 2002) against the Debtors, as replaced by a subsequent proof of claim (dated March 24, 2003) filed on March 31, 2003 (collectively, the "Claims"), with respect to the property located in Lake Charles, Louisiana (the "Site"), described as follows:

| Claim No. | Filed on | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|---|---|---|---|---|
| 2181 | October 15, 2002 | $1,748.00 | Unsecured, non-priority | Annual monitoring and maintenance fees |
| 13417 | March 31, 2003 | $1,478.00 | Unsecured, non-priority | Annual monitoring and maintenance fees |

**WHEREAS**, the Debtors and Claimant have agreed to settle the Claims on the terms and conditions set forth herein.

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim No. 13417 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $1,478.00. Claimant shall not be entitled to pre-petition or post-petition interest on Claim No. 13417 with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"). Claim No. 13417 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above).

K&E 11811905.1

2.  Upon execution of this Stipulation by all parties, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 13417 shall be allowed as outlined herein and Claim No. 2181 shall be disallowed and expunged.

3.  Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition claims against the Debtors with respect to any costs relating to the Site other than enforcement of the obligations of the Debtors set forth in this Stipulation.

4.  The parties shall take whatever additional action, if any, is necessary to make sure that Claim No. 13417 is allowed as outlined herein and Claim No. 2181 is disallowed and expunged.

5.  Pursuant to the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding*, dated September 18, 2001 (the "Settlement Order") no approval of this Stipulation by the Bankruptcy Court is required and upon execution of this Stipulation by the parties, the Stipulation shall be binding upon all parties including the Debtors.

6.  Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

K&E 11811905.1

7. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

Louisiana Department of Environmental Quality

By: _____

    Dwana King
    Attorney
    Legal Affairs Division

Date: 6/11/07

W. R. Grace & Co. et al

By: _____

    W. M. Corcoran
    Vice President
    Public and Regulatory Affairs

Date: 6/8/07

4

K&E 11811905.1