IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. [1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | **Related To Docket No. 16039** |

**DEBTORS' MOTION TO ALTER AND AMEND THE COURT'S ORDER
DISALLOWING AND EXPUNGING CLAIM NO. 6941 FOR DAGGY HALL,
AND ALLOWING CLAIM NOS. 10648, 10649, 10651, 10652, 10653, 10655,
10656, 10657, 10658, 10659, 10660, 10661, 10662 AND 14411 FOR
THE STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES**

The Debtors hereby move to alter and amend the Court's June 13, 2007 Order

Disallowing and Expunging Claim No. 9941 for Daggy Hall and Allowing Claim Nos. 10648,

10649, 10651, 10652, 10653, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662 and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

14411 for the State of California, Department of General Services [Docket No. 16039] as follows:

     1.     On April 23-24, 2007, the Court held a trial on Debtors' product identification objections to certain asbestos property damage claims.

     2.     The Court issued an Order dated June 13, 2007 (the "Order") on the claims involved in the April 23-24 product identification trial.

     3.     The Order expunged Claim No. 6941 for Daggy Hall because the claimant failed to establish by a preponderance of the evidence that a Grace product was used in Daggy Hall.

     4.     The Order also held that the State of California, Department of General Services (the "California Claimant") established by a preponderance of the evidence that Grace's products were installed in their buildings with respect to Claim Nos. 10648, 10649, 10651, 10652, 10653, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662 and 14411.

     5.     Instead of denying Debtors' product identification objections with respect to the California Claimant's claims, however, the Order provided that these claims "are allowed."

     6.     While the April 23-24 product identification trial and the Order adjudicated Debtors' product identification objections to the foregoing California Claimant's claims, Debtors' statute of limitations and lack of hazard objections to these claims – which were asserted in the Debtor's Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims [Docket No. 9315] – have not yet been addressed by the Court.

2

7.      In fact, each of the foregoing California Claimant's claims are subject to Debtors' pending Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging One Hundred Nine (109) California Asbestos Property Damage Claims Barred by the Statute of Limitations [Docket No. 14594] which was argued before the Court on April 9, 2007 and has been taken under advisement.

8.      Because Debtors' statute of limitations and lack of hazard objections to the California Claimant's claims have not yet been adjudicated by the Court, Debtors respectfully request that the Court modify and amend its Order to provide that Debtors' product identification objections to Claim Nos. 10648, 10649, 10651, 10652, 10653, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662 and 14411 are denied and to delete those parts of the Order stating that these claims are "allowed."

9.      Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, incorporated into bankruptcy cases by Bankruptcy Rule 9023, a Bankruptcy Court may grant a motion for reconsideration, or alter and amend its judgment, if: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice. See eSpeed, Inc. v. Brokertec USA, L.L.C., 2005 WL 83471 (D. Del. Jan 11, 2005) (citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

10.      Here, there is an error in the Order that would result in a manifest injustice if not corrected. Debtors' statute of limitations and lack of hazard objections to the California

3

Claimant's claims have not yet been adjudicated by the Court. The Order accordingly should be corrected to eliminate the language "allowing" these claims and to state solely that Debtors' product identification objections to these claims are denied.

11.    Debtors contacted counsel for the California Claimant with respect to this motion. While they represented that they agreed the California Claimant's claims should not be "allowed" for all purposes at this juncture, they refused to consent to this motion and the proposed amended order.

*[Remainder of Page Intentionally Left Blank]*

4

WHEREFORE, the Debtors respectfully request that this Court enter the attached

proposed orders modifying and amending its June 13, 2007 Order to provide that the Debtors'

product identification objections to the California Claimant's claims are denied.

Dated:  June 20, 2007

REED SMITH LLP
James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
Traci S. Rea
435 Sixth Avenue
Pittsburgh, PA   15219
(412) 288-3131

and

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Janet S. Baer
Samuel Blatnick
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4242)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE  19899-8705
Telephone:  302-652-4100
Facsimile:  302-652-4400

Co-Counsel for the Debtors and
Debtors in Possession

5