# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| W. R. GRACE & CO., et al. ) | Chapter 11 |
| ) | |
| Debtors. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |

**Hearing Date: May 30, 2007**
**Re: Dkt. Nos. 9315, 15445, 15625,**
**15697, 15701, 15702, 15787**

**ORDER CONCERNING DEBTORS' MOTION FOR LEAVE TO AMEND THEIR OBJECTIONS TO CERTAIN PROPERTY DAMAGE CLAIMS**

Upon consideration of Debtors' Motion for Leave to Amend Their Objections To Certain Property Damage Claims [Docket No. 15625] ("Debtors' Motion"), the Objection of the Official Committee of Asbestos Property Damage Claimants [Docket No. 15697], the Canadian Claimants' Response to Debtors' Motion [Docket No. 15701], the Joinders of Gulf Atlantic Properties, Inc. and Chicago Historical Society therewith [Docket No. 15702], and the oral arguments during the May 30, 2007 hearing; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; the Court hereby orders as follows:

1. Debtors' Motion to add D-5 objections to certain Canadian property damage claims is denied as unnecessary because the Debtors' Fifteenth Omnibus Objection [Docket No. 9315] encompasses objections to those claims on the basis of all Canadian limitations periods including but not limited to Canadian "ultimate limitations periods." <u>This ruling is without prejudice to Speights & Runyan's right to argue that Debtors did not assert an objection based on the Canadian ultimate limitations periods in their Fifteenth Omnibus Objection as set forth in</u>

<u>Anderson Memorial Hospital's Response to Debtors' Motion for Summary Judgment Directed to 88 Claims from Canada Based upon the Statute of Limitations.</u>  Speights & Runyan may submit an expert report with respect to ultimate limitations periods in Canada.  The parties and the Court will proceed with the adjudication of Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) Time-Barred Canadian Asbestos Property Damage Claims [Docket No. 14597] ~~which raises all Canadian limitations periods, including Canadian "ultimate limitations periods."~~<u>.</u>

2. Debtors' Motion to add specific category C-3 product identification objections to certain Speights & Runyan claims is denied; provided, however, that Debtors and Speights & Runyan will promptly submit a joint order to the Court disallowing and expunging those claims for which claimant's product identification ~~expert, Dr. Donald Pinchin, cannot opine on the presence of Monokote-3 in the buildings based on the evidence in the claims file.  In addition,~~ <u>is based solely upon Dr. Donald Pinchin's report and for which Dr. Pinchin is no longer of the opinion that such claimant's product identification is consistent with Monokote-3.</u>  Debtors may depose Dr. Pinchin ~~and, to the extent there are additional claims where evidence in the claims files does not demonstrate the presence of Monokote-3, Debtors may amend their objections to those claims to assert C-3 objections to conform to the evidence.~~<u>to determine if he is no longer of the opinion that the product in the buildings subject to Debtors' Motion is consistent with Monokote-3.</u>

3. ~~This Order is without prejudice to Debtors to amend their objections to property damage claims on a claim by claim basis if a claim is amended or supplemented by leave of Court, and/or if an amendment is necessary to conform the Fifteenth Omnibus Objections to the~~

2

~~evidence produced in these proceedings.   4.~~ This Court shall retain sole jurisdiction over any disputes or other matters arising from or related to this Order, which is a final order.

Dated:   June __, 2007

_____
United States Bankruptcy Judge