THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al. ) | Case No. 01-01139 JKF |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Re: Docket Nos. 15112, 15215, 15271 |
| ) | May 30, 2007 Agenda No. 3 |

## CERTIFICATION OF COUNSEL ON ORDER CONCERNING AMENDMENTS, SUPPLEMENTATIONS AND CHANGES TO ASBESTOS PD CLAIMS

1. On April 6, 2007, the Debtors filed their Emergency Motion for an Order Concerning the Amendment or Supplementation of Asbestos PD Claims (the "Motion") [Dkt. 15112]. The Official Committee of Asbestos Property Damage Claimants (the "Committee") filed an Objection [Dkt. 15271] and Prudential Insurance Company filed a Joinder to that Objection. [Dkt. 15273]. The Court heard oral argument during the May 30, 2007 hearing, rendered certain rulings on the Motion and directed the Debtors to draft and submit an Order.

2. The Debtors drafted an Order and provided it to counsel for the Committee. The Committee's counsel requested a number of changes to the order. The Debtors incorporated all but two of the requested changes. The two changes that the Debtors have not been able to agree to are:

3. *First*, in the opening paragraph of the order, the PD Committee requested that words "to the PD Committee" be inserted in two places, so that the final clause of that paragraph would read:

91100-001\DOCS_DE:128658.1

and it appearing that good and sufficient notice of the Motion having been given **to the PD Committee** and that no other or further notice of the Motion need be provided **to the PD Committee**; and after due deliberation and sufficient cause appearing therefore, the Court hereby orders as follows:

The Committee's requested revisions in this clause are in bold.

4. The Committee's counsel indicated to the Debtors that he did not believe that the Debtors had provided sufficient notice of the Motion to all remaining Asbestos PD Claimants. Debtors' counsel in turn explain that Debtors filed the motion on April 6, served the motion on April 6 via first class mail and proposed an April 17 objection deadline. The Court issued an Order shortening notice. Debtors' counsel served the order shortening notice on April 18 with the Court's April 23 objection deadline via first class mail. No claimant filed any objection to the Motion except for the PD committee and a subsequent "joinder" from Prudential. No PD claimant sought leave of court to file an objection beyond the April 23 objection deadline. No PD claimant spoke on this issue at the May 30 Court hearing. All PD claimants had notice of the Motion more than one month before the May 21 omnibus hearing when this Motion was initially on the agenda and when the Court directed that it be taken up again on May 30 if it could not be resolved consensually, and all PD claimants had the opportunity to participate in those hearings. No PD claimant has complained about any service issues regarding this Motion despite two court hearings on this issue.

5. Thus, as Debtors explained to counsel for the PD Committee, there is no basis to the notion that the remaining PD claimants did not receive proper notice. However, the PD Committee has refused to drop their requested revisions to the final clause of Paragraph 1 of the Order.

6. *Second*, in Paragraph 3 of the Order, the PD Committee requested language that would require Debtors to seek leave from this Court to amend, supplement and/or change the Debtors' objection(s) to any amendments, supplementations and/or changes to Asbestos PD Claims if the PD Claimants are granted leave to file any such amendments, supplementations and/or changes. Thus the Committee's proposed Paragraph 3 would be:

> If an Asbestos PD Claimant and/or their counsel is granted leave to amend, supplement and/or otherwise change an Asbestos PD Claim, then the Debtors **may seek leave from this Court pursuant to Federal Rule of Bankruptcy Procedure 7015** to amend, supplement, and/or change their objection(s) to such claim(s) asserted in the 15th Omnibus Objection solely to address the Asbestos PD Claimant's amendment, supplement or change.

The Committee's proposed language is in bold.

7. The Debtors' counsel explained to the Committee' counsel that Grace should not be required to seek leave of court to amend its objections, once a claimant has been granted leave to amend their claim, just as under FRCP 15, if a party amends its pleading, the opposing party has an automatic right to respond to the amended pleading. The Committee's counsel disagrees.

*[Remainder of Page Intentionally Left Blank]*

8. Accordingly, the Debtors and the Committee have been unable to resolve the two above-described matter. The Debtors respectfully request that the Court enter the attached proposed Order.

Dated: June 27, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100 (phone)

Co-Counsel for the Debtors and Debtors-In-Possession