# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: TBD** |
| | | **Objection Deadline: TBD** |

## MOTION TO COMPEL THE DII INDUSTRIES, LLC ASBESTOS PI TRUST TO PRODUCE DOCUMENTS AND APPEAR FOR DEPOSITION

Debtors W.R. Grace & Co. and its affiliated companies (collectively, "Grace" or "Debtors") respectfully request that this Court enter an order compelling non-party DII Industries, LLC Asbestos PI Trust (the "Trust") to produce documents in response to a subpoena issued to the Trust pursuant to Fed. R. Civ. P. 45.

## INTRODUCTION

On March 30, 2007, Grace served a subpoena upon the DII Trust requesting (1) claim forms or questionnaires submitted to the Trust by roughly 2100 Grace mesothelioma claimants; (2) any other information concerning those claimants' exposure to asbestos; and (3) documents relating to the suspension of acceptance of reports from any doctor, screening company, or B-reader. *See* Subpoena Duces Tecum (Ex. A).[1]

The Trust responded to the subpoena by letter on April 12, 2007 asserting objections based on (1) burden and over-breadth; and (2) concerns arising from the Trust' Trust Distribution Procedures ("TDP"), including claimant confidentiality and notice concerns. *See* B. Bivans

---

[1] Grace reissued this subpoena out of this Court on June 12, 2007, and the DII Trust has agreed to submit to this Court's jurisdiction for the purposes of this Motion.

4/12/07 Letter to E. Ahern (Ex. B). Noting these concerns, Grace's counsel conferred with the Trust's counsel on several occasions by phone and written correspondence, hoping to resolve these issues and agree to a schedule for document production. *See, e.g.*, M. Nirider 6/13/07 Letter to B. Bivans (Ex. C). These negotiations were unsuccessful. *See* 6/14/07 B. Bivans Letter to M. Nirider (Ex. D).

The DII Trust has no legitimate basis for failing to produce the subpoenaed materials. The information sought by Grace is plainly relevant to the estimation proceeding and related expert work. The Court has recognized the relevance of such materials and affirmatively urged Grace to obtain this discovery from asbestos claims trusts such as the DII Trust. *See* 9/11/06 Hr'g Tr. at 259-61 (Ex. E); *see also* 5/21/07 Hr'g Tr. at 209-10 (Ex. F). Indeed, the Court has already noted that the fact that the various trusts store claimant information in electronic form makes it particularly appropriate for discovery here. 9/11/06 Hr'g Tr. at 261. Grace has offered to enter into a reasonable protective order to guard against any possible unwarranted dissemination of Trust materials. Other trusts, like the Manville/CRMC and Congoleum trusts, subpoenaed by Grace, have negotiated in good faith and have (or shortly will) produce portions of their electronic databases related to Grace claimants pursuant to the same or very similar confidentiality agreements as Grace proposed to the Trust. Because there is no valid basis for withholding the clearly relevant Grace claimant data, the Trust should be compelled to produce the subpoenaed materials, including the portions of its electronic database related to Grace claimants under Grace's proposed protective order, without further delay.

# ARGUMENT

## I. THE DOCUMENT DISCOVERY SOUGHT FROM THE DII TRUST IS UNQUESTIONABLY RELEVANT TO GRACE'S ESTIMATION PROCEEDING.

The scope of discovery is broad under the federal rules and requests for documents or information should be deemed relevant so long as there is any possibility that the information sought may be relevant to the subject matter of the action. *See Breeze v. Royal Indem. Co.*, 202 F.R.D. 435, 436 (E.D. Pa. 2001) (information is relevant for the purposes of discovery if it "appears reasonably calculated to lead to the discovery of admissible evidence"); *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 663 (D. Kan. 2003) ("A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." (citation omitted)). The broad definition of relevance for purposes of discovery extends to discovery of third parties. *See Breeze*, 202 F.R.D. at 436; *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 541 fn. 2 (N.D. Ill. 2004) ("Rule 45 draws no distinction between parties and non-parties concerning the scope of discovery.")

This Court has already determined that information submitted to other trusts by Grace claimants is relevant to the estimation proceeding. *See* 9/11/06 Hr'g Tr. at 260-61 (Ex. E). During the September 11, 2006 hearing concerning claimant PIQ data supplementation, this Court suggested that, in order to get exposure information, Grace should "subpoena[] some of this information from the trust." 9/11/06 Hr'g Tr. at 259. In addition, this Court suggested that discovery from the trusts would be ***less burdensome*** than from the individual claimants, as the trusts maintain the information "in an electronic format." *Id.* at 261. The relevance of this information is implicit in the Court's questions.

Since many Grace claimants likely also claimed against the Trust, Grace wants to find out whether those claimants submitted additional, conflicting, or different information to the

3

Trust. For the purposes of the estimation proceeding, this information is relevant on its face. As such, the burden is on the Trust to come forward with specific reasons why the information sought is not relevant. *See Graham v. Casey's Gen. Stores, Inc.*, 206 F.R.D. 251, 254 (S.D. Ind. 2002) (the burden is on the objecting part to show that "the discovery is overly broad, unduly burdensome, or not relevant"). Given the clear relevance of this information to the estimation, it is doubtful that the Trust can meet this burden.

## II. THE PRODUCTION OF DOCUMENTS REQUESTED OF THE DII TRUST POSES NO UNDUE BURDEN.

The DII Trust objects on the ground that production of the requested materials will be burdensome. The relevant inquiry, however, is not whether the production would be burdensome, but rather, whether the burden would be undue. *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 407 (D.C. Cir. 1984) ("A reasonable inconvenience must be borne to further the goals of discovery - the making available to litigants all relevant and available information.") In analyzing whether a burden is undue for the purposes of Rule 45, Third Circuit courts consider relevance, need, scope, the particularity with which requested documents were described, the burden imposed, and the subpoena target's status as a non-party. *See In re Autom. Refinishing Paint Antitrust Litigation*, 229 F.R.D. 482, 495 (E.D. Pa. 2005); *Lady Liberty Trans. Co. v. Philadelphia Parking Auth.*, Civil No. 05-1322, 2007 WL 707372 (E.D. Pa. March 1, 2007).

Taking these factors into consideration, the burden to the Trust would not be undue. As discussed above, the requested materials are plainly relevant to the estimation proceeding. Moreover, Grace's need for the requested materials is substantial. The Trust materials will aid Grace's estimation by providing a benchmark against which Grace's experts can compare exposure data and other material facts. Perhaps more importantly, the Trust materials will also

help Grace uncover conflicting or questionable claims asserted against it. This Court recognized Grace's need for the Trust's materials when it suggested that Grace seek such information from the various trusts. *See* 9/11/06 Hr'g Tr. at 259 (Ex. E).

The principal justification for seeking this information directly from the asbestos claims trusts is the incredible difficulty of obtaining it directly from Grace's claimants. Grace has endured over a year of extensive litigation over the Personal Injury Questionnaires and still received poor compliance at best. Grace should not have to embark upon a similar process to obtain exposure and other information from hundreds of individuals that it could obtain from the Trust wholesale in electronic form.

Next, the scope of requested materials is reasonable. First, Grace seeks information for a limited number of claimants, only 2100. In fact, 2100 claimants likely represents only a small fraction of the number of Grace claimants that have asserted claims against the Trust. Second, Grace seeks only limited information for each claimant, namely the claim form or questionnaire submitted to the Trust and any other information that the Trust has about each claimant's asbestos exposure. Third, Grace has sought to minimize the burden to the Trust by seeking available information in electronic form.

Finally, the fact that the Trust is a non-party to the estimation is of little moment. Grace has already sought exposure data directly from the claimants (*see, e.g.*, Motion to Compel Compliance with Supplemental Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire), and has attempted to supplement this discovery through subpoenas to law firms of counsel for claimants. *See, e.g.*, 3/07 Subpoena to Early Ludwick (Ex. G); 6/20/07 B. Harding Letter to S. Esserman attaching subpoena to Brayton Purcell (Ex. H). In response, this Court has urged Grace to obtain this discovery

5

directly from the trusts. *See* 5/21/07 Hr'g Tr. at 209-10 (Ex. F); *see also* 9/11/06 Hr'g Tr. at 259-61. (Ex. E)

### III. THE DII TRUST'S OBJECTIONS BASED ON ITS TDP PRESENT NO BAR TO THE REQUESTED DISCOVERY.

In addition to its relevance and burden objections, the DII Trust also raises objections on the grounds that (1) information submitted by its claimants is confidential; and (2) notice must be given to every Trust claimant prior to the production of any documents. The Trust's remaining objections are wholly lacking in merit and present no obstacle to the production of the requested materials.

#### A. The Information Provided to the Trust Is Not Confidential.

##### 1. Under The Confidentiality Provision In The Trust's Own TDP, Documents Are Not Immune From Discovery.

Grace has served the DII Trust with a valid subpoena issued out of the court where DII's bankruptcy was administered. The confidentiality provision in DII Trust's TDP expressly recognizes that the Trust is required to "disclose the contents [of the trust submissions] only in response to a valid order issued by the Bankruptcy Court." DII Trust TDP (Ex. I). Such an exception is necessary because the position that the mere existence of a confidentiality provision bars discovery is without legal merit. Thus, discovery (and disclosure) of Trust information was expressly contemplated and authorized in this context.

##### 2. Settlement Materials Are Not Immune From Discovery.

It is axiomatic that "there is no absolute privilege for ... confidential information." *Federal Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979) (quoting 8 C. Wright & A. Miller *Federal Practice and Procedure* § 243, p. 300 (1970)). Accordingly, the law does not bar the discovery of settlement agreements, nor the information contained within such agreements. Indeed, settlement-related information and agreements may be

6

discovered if it is relevant to the "subject matter involved in the pending action ... [or it] appears reasonably calculated to lead to the discovery of admissible evidence." *Griffin v. Mashariki*, No. 96 CIV 6400 (DC), 1997 WL 756914, at *1 (S.D.N.Y. Dec. 8, 1997) (collecting cases).

Courts have found that "litigants cannot shield a settlement agreement from discovery ***merely because it contains a confidentiality provision***." *Cleveland Constr., Inc. v. Whitehouse Hotel, Ltd. P'ship.*, No. Civ.A. 01-2666, 2004 WL 385052, at *1 (E.D. La. Feb. 25, 2004) (*quoting ABF Capital Mgmt. v. Askin Capital*, Nos. 96 Civ. 2978 (RWS), et al., 2000 WL 191698, at *2 (S.D.N.Y. Feb. 10, 2000)). This Court agreed with this very point when this issue arose in connection with its consideration of the Questionnaire during the July 2005 omnibus hearing. The PI Committee, acting on behalf of the interests of the Personal Injury Claimants objected to questions regarding the amounts of settlements with various defendants on the grounds that such settlements contain confidentiality agreements. 7/19/05 Hr'g Tr. at 282-83 (Ex. J). Over the PI Committee's objection, the Court ordered that the claimants "identify the defendants with whom [the claimants] settled, the amount, and for what disease," and stated that a defendant "can come in and contest it if [a claimant] violates their agreements." *Id.*

Other courts considering whether discovery sought from an asbestos trust invaded confidentiality or privacy interests have similarly found that such information is not immune from discovery. The case of *Volkswagen of America, Inc. v. Superior Court*, 139 Cal. App. 4th 1481 (Cal. App. 1 Dist. 2006), is instructive. In *Volkswagen*, the plaintiff had filed suit against 67 separate manufacturers of asbestos-containing products. *Id.* at 1485-86. Volkswagen requested the production of all documents submitted by the plaintiff to any bankruptcy trusts. *Id.* at 1486. Despite having submitted documents to the Kaiser, Johns-Manville and Western MacArthur trusts, the plaintiff refused to produce the documents to Volkswagen on the grounds

7

that "the requests invaded protected privacy interests." *Id.* The materials at issue included "information and possibly supporting documentation describing a claimant's history of asbestos exposure and medical condition." *Id.* at 1489. The *Volkswagen* Court rejected the argument that privacy interests were sufficient to prevent the discovery, noting that such restrictions on discovery were "concerned primarily with protecting particularly sensitive matters, such as sexual or psychiatric histories, or the privacy interests of third parties." *Id.* at 1492. The Court stated:

> In contrast, what is at issue here is information bearing on the very injury for which [plaintiff] himself is suing Volkswagen. No third party interests are at stake. ***There is no reason to provide heightened protection for information concerning [plaintiff's] work history, which is plainly relevant and not confidential***, or concerning his medical condition which is directly at issue and undoubtedly substantially disclosed in materials that have already been produced during the course of discovery.

*Id.* (emphasis added). As all the information sought by Grace's subpoena relates solely to information provided to the Trust by individual claimants concerning their claims, there can be no conceivable privacy interest at stake. The claimants have squarely put their medical conditions, asbestos exposures, and settlement history with DII (and other asbestos defendants) for the same claims at issue.

### 3. A Properly Tailored Protective Order Will Alleviate Any Confidentiality Concerns.

To the extent that the Court believes that such information needs protection from disclosure outside the bankruptcy proceedings, the proper course is not to deny Grace access to the information, but to issue a protective order that restricts the use of the information obtained in response to these questions to the estimation proceedings. Federal Rule of Civil Procedure 26(c)(7) explicitly provides that a protective order limiting the use or disclosure of confidential or trade secret information may be entered to allow the production of such materials. Fed. R.

Civ. P. 26(c)(7). As the Third Circuit made clear, "The [C]ourt, in its discretion, is authorized by this subsection to fashion a set of limitations that ***allows as much relevant material to be discovered as possible***, while preventing unnecessary intrusions into the legitimate interests — including . . . confidentiality interests — that might be harmed by the release of the material sought." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (emphasis added); *see also Schrieber v. Society for Sav. Bancorp, Inc.*, 11 F.3d 217 (D.C. Cir. 1993) (finding that concerns over chilling effect of producing confidential bank information could be "alleviated if the Court could fashion a practical protective order"). This Court has already found that certain settlement information could be provided subject to an adequate protective order. *See* 12/22/06 Order re Motions to Compel at ¶ 4 (ordering provision of certain settlement information and providing that the parties' use of such information was limited to the estimation proceedings) (Ex. K).

### B. The Trust's Notice Objection Is A Red Herring.

#### 1. Notice To The Claimants Is Not Required.

The Trust argues that because the requested information is purportedly "confidential" and because its TDP contains a provision purporting to require notice to claimants before the Trust produces such information, it cannot produce the subpoenaed information absent consent of each and every claimant for whom Grace has sought information. As noted above, even if the information were considered confidential, the Court may order its production pursuant to a properly-tailored protective order pursuant to Fed. R. Civ. P. 26(c). *See Pearson*, 211 F.3d at 65. There is simply no legal requirement under Rules 26, 34 or 45 that the subpoenaing party be required to give notice to the person who might have provided the allegedly confidential information to the subpoenaed party.

### 2. To the Extent Any Party Be Required to Give Notice to the Claimants, It is the Trust.

Here, it would be impossible for Grace to notify the parties whose trust submissions the subpoena might reach. Grace provided the Trust with a list of persons who have made claims against Grace. As it does not have access to the Trust's records, Grace has no way to know which of those claimants have also made claims against the Trust.

The Court has recognized the impractibility of requiring Grace to contact each and every person whose records might be implicated by a subpoena issued by Grace in the bankruptcy when it determined that HIPAA's judicial exception allowed for a doctor to offer certain testimony related to certain claimants' claims. *See* 2/20/07 Hr'g Tr. at 17. The Official Committee of Asbestos Personal Injury Claimants objected to the provision of such testimony on the grounds that Grace did not provide individual notice to each and every claimant whose medical information might be implicated. The Court flatly rejected such an argument -- finding that to the extent that the burden of notice fell on any party, it fell on the subpoenaed doctor. *Id.* ("[I]f the claimants are entitled to notice, they're entitled to it from Dr. Lucas, not from the debtor …. How can the debtor possibly know who Dr. Lucas's patients are before they even get the discovery? That doesn't make any sense."). Here too, Grace has no way of knowing which of the persons who brought claims against Grace have also submitted medical and exposure information to the DII Trust. Accordingly, to the extent that there is a notice requirement, such notice should be provided by the Trust, not Grace.

However, Grace did attempt to make the best practicable notice of the issuance of the subpoena and DII's impending production of documents and information by serving the bankruptcy's Rule 2002 list, which includes various law firms representing the majority of Grace claimants. No objections to this subpoena, formal or informal, were ever registered with Grace.

To the extent that the Court is inclined to find that Grace is required to attempt to notify its claimants of this subpoena, the notice provided to the Rule 2002 list should be deemed sufficient.

## CONCLUSION

For the reasons outlined above, Grace respectfully requests that the DII Industries, LLC Asbestos PI Trust be compelled to produce relevant documents sought by Grace's subpoena.

Dated: June 27, 2007

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB, LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400

and

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Ellen Therese Ahern
200 E. Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

and

KIRKLAND & ELLIS LLP
Barbara M. Harding
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200