# EXHIBIT C

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Matthew E. Nirider
To Call Writer Directly:
312 469-7110
mnirider@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200

June 13, 2007

**VIA FEDERAL EXPRESS**

Beth W. Bivans
Hughes Luce LLP
1717 Main St., Suite 2800
Dallas, TX 75201

      Re:    *In re W.R. Grace & Co. et al.*, Subpoena to DII Industries, LLC Asbestos PI Trust

Dear Beth:

      Enclosed is a subpoena directed to the DII Industries, LLC Asbestos PI Trust. This subpoena is issued out of the United States Bankruptcy Court for the District of Delaware, where W.R. Grace's bankruptcy is currently pending before Judge Fitzgerald. Based on my conversations with Ashley Dixon on June 12, 2007, I understand that you have agreed to accept service on behalf of the trust. If this is incorrect, please let me know as soon as possible.

      Other than dates and the issuing court, the enclosed subpoena is identical to that served on the trust on March 30, 2007. Thus, the information it seeks from the trust is identical to that of the March 30, 2007 subpoena. We understand that you intend to assert objections identical to those raised for the first time in your letter of April 12, 2007 to Ellen Ahern and reiterated in a May 9, 2007 meet-and-confer conference call with Scott McMillin and me. Unfortunately, those attempts to resolve this matter ended at an impasse. If you intend to stand on those same objections, we would still be at an impasse, and further efforts to meet and confer on this matter would likely be unproductive.

      Please confirm my understanding on the status of our efforts to resolve your objections to the subpoena requests as soon as possible. Once we receive confirmation from you, we will move forward with filing a motion to compel before Judge Fitzgerald.

Hong Kong    London    Los Angeles    Munich    New York    San Francisco    Washington, D.C.

## KIRKLAND & ELLIS LLP

Beth W. Bivans
June 13, 2007
Page 2

      Please give me a call if you would like to discuss this further.

                                            Sincerely,

                                            Matthew E. Nirider

MEN/bc

Enclosures

cc:    Scott McMillin
        Ellen Ahern

B 256 (11/91)

# United States Bankruptcy Court

_____ District Of _____Delaware_____

In re   **W.R. Grace & Co., et al**,
                    Debtor

To: DII Industries, LLC Asbestos PI Trust
c/o Beth Bivans
Hughes Luce LLP
1717 Main Street, Suite 2800
Dallas, TX  75201

SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE

Case No.[1]   **01-01139 (JKF)**

Chapter   **11**

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A regarding the documents and/or objects to be produced and the scope of the production.

| PLACE | DATE AND TIME |
|---|---|
| Hughes Luce, LLP, 1717 Main St., Suite 2800, Dallas, TX 75201 | 7/12/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] | 6/12/07 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Scott A. McMillin, Kirkland & Ellis LLP, 200 E. Randolph Drive, Chicago, IL 60601, (312) 861-2000 | |
| Counsel for Debtor W.R. Grace & Co. | |

[1] If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., *et al.*, | ) Case No.: 01-01139 (JKF) |
| | ) |
| Debtors. | ) |

SUBPOENA DUCES TECUM PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 45

TO    DII Industries, LLC Asbestos PI Trust

c/o Beth Bivans

Hughes Luce LLP

1717 Main Street, Suite 2800

Dallas, TX 75201

**YOU ARE COMMANDED** to make available for inspection and copying the categories of documents set forth in Attachment "A" to this subpoena in the case styled *In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JKF), currently pending in the United States Bankruptcy Court for the District of Delaware. DII Industries, LLC Asbestos PI Trust is further requested to make the categories of documents set forth in Attachment "A" available to the undersigned counsel for W.R. Grace & Co. for inspection and copying on July 12, 2007 at the offices of Hughes Luce, LLP, 1717 Main Street, Suite 2800, Dallas, TX 75201.

This subpoena has been issued by the United States Bankruptcy Court for the District of Delaware. You must produce all of the materials described in this subpoena and its attachments for inspection and copying and must do so at the time and place set out in this subpoena. Your

failure to do so may be punished as a contempt of the United States Bankruptcy Court for the District of Delaware.

Dated: June 12, 2007

KIRKLAND & ELLIS LLP

_____
David M. Bernick
Scott A. McMillin
Ellen T. Ahern
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:     (312) 861-2200

-and-

KIRKLAND & ELLIS LLP
Barbara M. Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:     (202) 879-5200

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "DII Industries, LLC Asbestos PI Trust," "you," or "your" shall mean and include DII Industries, LLC Asbestos PI Trust. and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions, and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys, and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

2. "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim. Such claims include, but are not limited to, claims for emotional harm, mental distress, and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed, or sold by the Debtors.

3. "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys, consultants, representatives, and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

4. "Claim form" or "questionnaire" shall mean any form, questionnaire, proof of claim, or any other document in whatever form submitted by anyone alleging an asbestos personal injury claim against DII Industries, LLC Asbestos PI Trust.

5. "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease, or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

6. "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

7. "B-reading" shall mean and include, without limitation, a physician's report of findings from a Claimant's chest radiograph, using the classification system devised by the ILO.

8. "Doctor" shall mean any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated party to provide any of the following services: B-reading, chest x-ray reading or interpretation, performing, administering, or interpreting pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

9. "Medical Services" shall mean and include, without limitation, any and all tests or examinations which are used in the diagnosis of pulmonary disease, including Asbestos-Related disease or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations. Such tests or examinations include, but are not limited to, B-reading, chest x-ray reading or interpretation, performing, administering, or interpreting PFTs, performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

10. "Screening Company" shall mean any Person who has been hired, retained, consulted, or otherwise paid on behalf of you, the Claimant, or a Claimant's Firm or any affiliated party to provide any of the following services: administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining doctors to perform medical examinations

and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

11. "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis, and/or detect pulmonary disease, including Asbestos-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review. Such tests or examinations include, but are not limited to: the administration of x-rays, the administration of PFTs, or the taking of occupational or asbestos or silica exposure histories.

12. As used herein, "document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

13. "Person" includes a natural person or any business, legal, or government entity or association.

14. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize, or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

15. Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

16. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in

5

chronological order, setting forth as to each the following: (a) date of the document; (b) identity of the author(s) and all recipients; (c) description; (d) type of document; (e) subject matter; and (f) basis for assertion of privilege or immunity.

17. If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

18. Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

19. References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

### REQUEST NO. 1:

For each of the Claimants listed in Attachment B,[1] please provide the claim form or questionnaire that each individual submitted to you along with any attachments thereto.

---

[1] For your convenience, and due to its volume, Attachment B has been provided on CD-ROM (attached to this subpoena).

**REQUEST NO. 2:**

For each of the Claimants listed in Attachment B, please provide any other information you have, in what ever form, relating to the individual's exposure to asbestos, including, but not limited to deposition transcripts, hearing transcripts, pleadings, and discovery responses.

**REQUEST NO. 3:**

All documents relating to the consideration of the suspension of the acceptance of reports from any Doctor, B-reader, Screening Company, or other provider of Medical or Screening Services, including, but not limited to, correspondence, memoranda, or other written analyses.

**FedEx US Airbill** Express

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

Sender's Copy

FedEx Tracking Number: 8594 3993 1546

**1 From** *Please print and press hard.*
Date: 6/13/07
Sender's FedEx Account Number: 0606-2331-7
Sender's Name: Matthew E. Nirider    Phone (312) 469-7110
Company: KIRKLAND & ELLIS LLP
Address: 200 E RANDOLPH ST FL 54
City: CHICAGO    State: IL    ZIP: 60601-6603

**2 Your Internal Billing Reference**
15848-21 OPTIONAL

**3 To**
Recipient's Name: Beth W. Bivans    Phone ( )
Company: Hughes Luce LLP
Recipient's Address: 1717 Main Street, Suite 2800
City: Dallas    State: TX    ZIP: 75201

0346621185

**4a Express Package Service**    *Packages up to 150 lbs.*
[X] FedEx Priority Overnight
[ ] FedEx Standard Overnight
[ ] FedEx First Overnight
[ ] FedEx 2Day
[ ] FedEx Express Saver

**4b Express Freight Service**    *Packages over 150 lbs.*
[ ] FedEx 1Day Freight
[ ] FedEx 2Day Freight
[ ] FedEx 3Day Freight

**5 Packaging**
[X] FedEx Envelope
[ ] FedEx Pak
[ ] FedEx Box
[ ] FedEx Tube
[ ] Other

**6 Special Handling**
[ ] SATURDAY Delivery
[ ] HOLD Weekday at FedEx Location
[ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
[X] No  [ ] Yes Shipper's Declaration not required  [ ] Yes As per attached Shipper's Declaration
[ ] Dry Ice  [ ] Cargo Aircraft Only

**7 Payment** *Bill to:*
[X] Sender  [ ] Recipient  [ ] Third Party  [ ] Credit Card  [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value $   .00

**8 NEW Residential Delivery Signature Options**
[ ] No Signature Required
[ ] Direct Signature
[ ] Indirect Signature

519