# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                                   . Case No. 01-1139(JKF)
                                         . Adv. No. 02-1657(JKF)
                                         .
W.R. GRACE & CO.,                        . 5414 USX Tower Building
                                         . Pittsburgh, PA  15222
                                         .
            Debtor.                      .
                                         . September 11, 2006
. . . . . . . . . . . . . . . . . . . . . 9:57 a.m.


TRANSCRIPT OF HEARING
ARGUMENT ON MOTION TO EXTEND EXCLUSIVITY AND
ARGUMENT ON QUESTIONNAIRE ISSUES
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:                 Kirkland & Ellis, LLP
                                By:  DAVID M. BERNICK, P.C., ESQ.
                                     BARBARA HARDING, ESQ.
                                     AMANDA BASTA, ESQ.
                                     SALVATORE BIANCA, ESQ.
                                Aon Center
                                200 East Randolph Drive
                                Chicago, IL  60601

Unsecured Creditors'            Stroock & Stroock & Lavan, LLP
Committee:                      By:  LEWIS KRUGER, ESQ.
                                     KENNETH PASQUALE, ESQ.
                                180 Maiden Lane
                                New York, NY  10048-4982

Audio Operator:                 Janet Kozloski

Proceedings recorded by electronic sound recording, transcript
         produced by transcription service.

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net

(609) 586-2311   Fax No.  (609) 587-3599

1  supplemental information, to work out a time frame with the
2  debtor. That's the order so far, except for signatures. The
3  signatures must be attached as I've indicated earlier, and I
4  will do an order with respect to the documents that I have put
5  on record when the debtor takes a stab at submitting it to
6  everyone.
7       Again, I do not expect to get 39 copies of an order.
8  Get the transcript and put the order that I've dictated
9  essentially on this record into writing.
10      MR. BERNICK: In light of that, Your Honor, we will
11 not -- we will keep the schedule that we are currently on,
12 which is a tight one, for the estimation in June, but you know,
13 the schedule is what it is. If at that time, 30 days from now,
14 we don't have the answers, we will then have to move very, very
15 promptly and ask Your Honor to order them to comply, and if
16 not, then -- I don't know how else to --
17      THE COURT: Mr. Bernick, why aren't you doing what
18 somebody suggested, and that is subpoenaing some of this
19 information from the trust?
20      MR. BERNICK: That is -- Your Honor, I can just
21 assume, as you involve a third party in this case, immediately
22 they have their own counsel. We -- to execute on a subpoena
23 for trust records, we won't even have the lawyers in this court
24 for three months.
25      THE COURT: You've got the futures rep who runs the

1  Manville Trust.
2         MR. BERNICK:  Well, in his capacity as the futures
3  rep that runs the Manville Trust, he's not here.  He's here as
4  the futures rep.
5         THE COURT:  He was here earlier.
6         MR. BERNICK:  But he's here as the futures rep in
7  this case.
8         THE COURT:  Yes.
9         MR. BERNICK:  It is extremely difficult to get
10 individual information in a reliable fashion.  And then you're
11 going to have to -- we have to sit here, this is all -- you
12 know -- we can spend two hours talking about this and we won't,
13 the claim forms in those trusts are different than the claim
14 forms here.
15        Supporting information is different.  The
16 requirements are different.  Now, the estimators have access to
17 a lot of that information.
18        THE COURT:  All right.  So they have it already.
19        MR. BERNICK:  But -- no.  It only gives you -- no.
20 No.  It only gives you where you have a trust.  So the Manville
21 Trust, we'll know if they have exposure to Manville product, in
22 some cases if they've submitted a claim.  We'll know if they've
23 got exposure to Eagle Picture Product in some cases if they
24 have a claim; what the exposure is, how much it was, when it
25 was.  We may know none of that.

1           So all you're doing -- and this has been a massive
2 problem for everybody dealing with asbestos forever -- is they
3 can never get with respect to any individual claimant what all
4 the exposures are, because there's only one organization that
5 knows it, and that's the law firm and the claimant themselves.
6 Nobody else has it, which is why we've got no choice but to ask
7 for it here.  Nobody is doing --
8           THE COURT:  Well, you're asking.  I've said you can
9 get it.  So fine.  I just was curious as to why that
10 information --
11          MR. BERNICK:  We would love --
12          THE COURT:  -- you can get it in an electronic format
13 wouldn't be better.
14          MR. BERNICK:  -- to have done this automatically.
15 There's no question about it.  Mr. Florence, as you've heard
16 from, Mr. Dunbar, who you've heard from, everybody would love
17 to get this information.  It's just not available.  Now, I then
18 get to the last question, which Mr. Finch can answer for us, I
19 hope, which is that, Your Honor, I can't -- we can't function
20 on the basis that we deal with the asbestos claimants'
21 committee, who is going in and asking for hundreds of boxes of
22 documents, who's making discovery requests, who's making
23 arguments, who's taking positions, and then deal with any
24 number of 20-25 law firms who all want to come in and say,
25 well, gee, I want to do this discovery or I want to take this