# EXHIBIT M

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |

**JOINT MOTION OF THE DEBTORS' AND THE CLAIMS RESOLUTION**
**MANAGEMENT CORPORATION FOR ENTRY OF PROTECTIVE ORDER**

The Debtors, together with the Claims Resolution Management Corporation ("CRMC"), respectfully request that this Court enter the attached protective order ("Protective Order") agreed upon by W.R. Grace & Co. and subpoena recipient CRMC. The Protective Order limits the use of the documents and electronic datasets that will be produced by the CRMC pursuant to Grace's February 1, 2007 subpoena to use by the parties to the asbestos personal injury estimation proceeding, their counsel, consultants and experts in connection with the above-captioned bankruptcy case (collectively, the "Parties").

**Background**

1.      On February 1, 2007, the Clerk of the United States District Court for the Eastern District of Virginia issued a subpoena pursuant to Federal Rule of Civil Procedure 45 that was served upon CRMC, the claims processing agent for the Manville Personal Injury Settlement Trust ("Manville Trust"), on February 2, 2007. The subpoena sought from CRMC both the production of documents, materials and items that are relevant to the bankruptcy and the deposition of a corporate designee witness (or witnesses) pursuant to Federal Rule of Civil Procedure 30(b)(6). *See* 2/1/07 Subpoena (attached as Ex. A).

DOCS_DE:127459.3

2.    No formal objections or motions to quash have been filed with any court regarding the subpoena. An informal objection raised by the law firm of Baron & Budd concerning the scope of Document Request Number 1 was resolved by agreement of the parties. *See* 2/14/07 and 2/16/07 e-mails from A. Rich (collectively attached as Ex. B).[1]

### Basis for Relief

3.    CRMC is required to comply with discovery requests in litigation between asbestos plaintiffs and defendants via its 2002 Trust Distribution Process (the "Manville 2002 TDP"). The subpoena issued by Grace falls within the scope of the Manville 2002 TDP.

4.    CRMC asserts that the comprehensive, electronic datasets that the Manville Trust (and its subsidiary, CRMC) maintain are of significant proprietary value to CRMC and the Manville Trust. CRMC further represents that it licenses use of these electronic datasets in return for substantial licensing fees and royalties, and that the proceeds of these fees and royalties are used to defray the costs of processing asbestos claims, so that more of the Manville Trust's limited assets can be directed to the benefit of the Trust's beneficiaries. Per CRMC, the datasets have licensing value because they contain the most comprehensive set of information collected regarding asbestos personal injury claims, and because the detailed information in the datasets is not otherwise readily available.

---

[1]    As drafted , subpoena request number one sought information concerning persons who made claims against the Manville Trust regardless of whether the person had made a claim against Grace. Through negotiation with CRMC, Grace has agreed to limit the scope of its request number one to Grace claimants only. This agreement fully resolves Baron and Budd's objection. *See* Ex. B.

5.    Federal Rule of Civil Procedure 45(c)(3)(B) provides that if a subpoena seeks "disclosure of a trade secret or other confidential research, development, or commercial information," the Court may "order ... production only upon specified conditions."

6.    Accordingly, Grace and CRMC agree that a Protective Order in the form attached hereto is appropriate and that this Protective Order will sufficiently protect the confidential and proprietary information contained in the electronic datasets maintained by CRMC and subject to production pursuant to the subpoena. The Protective Order will bind all Parties to the asbestos personal injury estimation, their counsel, consultants and experts.

DOCS_DE:127459.3

## Conclusion

For the above referenced reasons, Grace hereby respectfully requests that the Stipulation and Protective Order attached to this motion and submitted by Grace and CRMC be entered in order to facilitate CRMC's non-party subpoena production and to protect CRMC's confidential and proprietary information.

Wilmington, Delaware
Dated:  May 15, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Ellen Therese Ahern
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000


KIRKLAND & ELLIS LLP
Barbara M. Harding
David Mendelson
Amanda C. Basta
Brian T. Stansbury
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

*and*

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

*James E O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession


CLAIMS RESOLUTION MANAGEMENT
CORPORATION


    /s/ Joanne R. Marvin
Joanne R. Marvin (Virginia Bar No. 66450)
General Counsel
Claims Resolution Management Corporation
3110 Fairview Park Drive
Suite 200
Falls Church, VA  22042-0683

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*, | ) | **Case No. 01-1139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |

## NOTICE OF DEPOSITION AND SUBPOENA

To All Parties on the Attached Service List:

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, made applicable by Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure, the United States District Court for the Eastern District of Virginia issued a subpoena (a copy of which is attached hereto) for Claims Resolution Management Corporation. This subpoena was served on February 2, 2007. The subpoena required Claims Resolution Management Corporation to designate and corporate representative to appear, with certain requested documents, on March 2, 2007 beginning at 9:00 a.m., EST at the offices of Claims Resolution Management Corporation, 3110 Fairview Park Drive, Suite 200, Falls Church, VA 22042-0683.

**TAKE FURTHER NOTICE** that the deposition shall be conducted before a person duly authorized to administer oaths in the relevant jurisdiction and will continue day-to-day until concluded. Testimony shall be taken by stenographic means and will also be recorded by sound-and-visual means. You are invited to attend and to cross-examine.

Dated: February 7, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Ellen Therese Ahern
Jonathan Friedland
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

KIRKLAND & ELLIS LLP
Barbara Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400

2

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Virginia |
| --- | --- | --- |

In re W.R. Grace & Co. et al.

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  01-01139 (JKF) (Bankr. D. Del.)

TO:  Claims Resolution Management Corporation
3110 Fairview Park Drive
Suite 200
Falls Church, VA  22042-0683

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Claims Resolution Management Corporation 3110 Fairview Park Drive, Suite 200, Falls Church, VA 22042-0683 | DATE AND TIME 3/2/2007 9:00 am |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A regarding the documents and/or objects to be produced and the scope of the production.

| PLACE     Claims Resolution Management Corporation 3110 Fairview Park Drive, Suite 200, Falls Church, VA 22042-0683 | DATE AND TIME 2/19/2007 9:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Barbara Harding / Neda Goldstein VA Bar# 48325 | DATE 2/1/07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Barbara M. Harding, Kirkland & Ellis, LLP, 655 Fifteenth Street, N.W., Washington, D.C., 20005, (202) 879-5081, counsel for Debtor W.R. Grace & Co.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

In re W.R. Grace & Co., et al.

No. 01-01139(JKF) (BANKR. D. DEL.)

AFFIDAVIT OF SERVICE

to wit: Washington, DC

I, ROBERT PROFFITT, having been duly authorized to make service of the Deposition Subpoena Duces Tecum; Subpoena to Testify at Deposition and Produce Documents Pursuant to Federal Rules of Civil Procedure 30(b) and 45; Attachment A; and Attachment B (Disc) in the above entitled case, hereby depose and say:

That my date of birth / age is 11-26-1955.

That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

That service was made by a private process server.

That I am not a party to or otherwise interested in this suit.

That at 1:05 pm on February 2, 2007, I served Claims Resolution Management Corporation at 3110 Fairview Park Drive, Suite 200, Falls Church, Virginia 22042 by serving Joanne R. Marvin, General Counsel, authorized to accept.  Described herein:

```
SEX-    FEMALE
AGE-    55
HEIGHT- 5'8"
HAIR-   BROWN
WEIGHT- 155
RACE-   WHITE
```

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the RETURN of SERVICE and STATEMENT OF SERVICE FEES is true and correct.

Executed on ___2-6-07___
              Date

ROBERT PROFFITT
1827 18th Street, N.W.,
Washington, D.C. 20009
Our File#- 183326

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

In re:                                          )
                                                )
W. R. GRACE & CO., *et al.,*                    )     Case No.: 01-01139  (JKF) (Bankr. D. Del.)
                                                )
                        Debtors.                )

**SUBPOENA TO TESTIFY AT DEPOSITION AND PRODUCE DOCUMENTS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(b) AND 45**

TO     Claims Resolution Management Corporation:

       3110 Fairview Park Drive

       Suite 200

       Falls Church, VA  22042-0683

       **YOU ARE COMMANDED TO APPEAR** to testify at a deposition in the matter styled

*In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JKF), currently pending in the United States

Bankruptcy Court, District of Delaware, to be conducted at the offices of the Claims Resolution

Management Corporation, located at 3110 Fairview Park Drive, Suite 200, Falls Church, VA

22042-0683, (or at another location agreed upon by counsel), on February 26, 2007 at 9:00 A.M.,

or at such other time and place mutually agreed upon by counsel for the parties.  The

deposition(s) will continue from day-to-day until complete.  The deposition(s) will be taken

before an official authorized by law to administer oaths, and, pursuant to Federal Rule of Civil

Procedure 30(b)(2), will be recorded by both stenographic means and sound-and-visual means.

       This Subpoena names as the deponent a private corporation or partnership or association.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Claimants Management Resolution

Corporation is required to identify and produce for deposition one or more officers, directors,

managing agents, or other agents and employees to testify on its behalf, who are most

knowledgeable as to the following matters known and reasonably available to the Claims

Management Resolution Corporation:

.(1)    Suspension of the acceptance of reports from any provider of Medical or
Screening Services by the Claims Management Resolution Corporation and/or
Manville Trust,[1]

(2)    The criteria used for the acceptance or disallowance of claims submitted to the
Manville Trust;

(3)    Electronic databases containing data submitted by persons seeking compensation
from the trust for an asbestos-related injury.

Claims Management Resolution Corporation is requested to provide to the undersigned counsel

for W.R. Grace & Co. a written designation of the name(s) and employment title(s) of the

person(s) designated to testify on its behalf. Such written designation is requested at least two

weeks before the first deposition scheduled as a result of this Subpoena.

**YOU ARE FURTHER COMMANDED TO PRODUCE** the categories of documents

set forth in Attachment "A" to this subpoena. Claims Management Resolution Corporation is

further requested to make the categories of documents set forth in Attachment "A" available to

the undersigned counsel for W.R. Grace & Co. for inspection and copying at least two weeks

before the first deposition scheduled as a result of this Subpoena.

This subpoena has been issued by the United States District Court for the Eastern District

of Virginia. You must appear, give testimony, and produce all of the materials described in this

---

[1]    For purposes of this subpoena, the terms "Asbestos-Related Disease," "Claimant," "Claimants' Firm,"
"Doctor," "Screening Company," "Medical Services," "Screening Services," "Silica-Related Disease")
"Document," and "Related to," are to be given the meanings set forth in the Definitions and Instructions
contained in Attachment "A."

subpoena and its attachments for inspection and copying and must do so at the time and place set

out in this subpoena.  Your failure to do so may be punished as a contempt of the United States

District Court for the United States District Court for the Eastern District of Virginia.

Dated: February 1, 2007

> KIRKLAND & ELLIS LLP
> David M. Bernick
> Ellen T. Ahern
> Salvatore F. Bianca
> 200 East Randolph Drive
> Chicago, IL 60601
> Telephone:    (312) 861-2000
> Facsimile:    (312) 861-2200
>
> -and-
>
> KIRKLAND & ELLIS LLP
>
> *Barbara Harding / Need Goldstein* VA Bar # 48325
> Barbara M. Harding
> David E. Mendelson
> Brian T. Stansbury
> Amanda C. Basta
> 655 Fifteenth Street, NW
> Washington, D.C. 20005
> Telephone:    (202) 879-5000
> Facsimile:    (202) 879-5200

3

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.    The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2.    "CMRC," "You," or "Your" shall mean and include Claims Management Resolution Corporation and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

3.    "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim.  Such claims shall include, but are not limited to, claims for emotional harm, mental distress and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed or sold by the Debtors.

4.    "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys, consultants, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

5.    "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

6.    "Doctor" shall mean any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated

party to provide any of the following services:  "B-Reading," chest x-ray reading  or interpretation, performing, administering or interpreting pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

7.    "Screening Company" shall mean any Person who has been hired, retained, consulted, or otherwise paid on behalf of you, the Claimant or a Claimants' Firm or any affiliated party to provide any of the following services:  administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining Doctors to perform medical examinations and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

8.    "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

9.    "B-reading" shall mean and include, without limitation, a physician's report of finding from a Claimant's chest radiograph, using the classification system devised by the ILO.

10.    "Medical Services" shall mean and include, without limitation, any and all tests or examinations which are used in the diagnosis of pulmonary disease including Asbestos-Related Disease, or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations.  Such tests or examinations include, but are not limited to, "B-reading," chest x-ray reading or interpretation,, performing, administering or interpreting PFTs, performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

2

11. "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis and/or detect pulmonary disease including Asbestos-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review. Such tests or examinations include, but are not limited to: the administration of x-rays, the PFTs, or the taking of occupational or asbestos or silica exposure histories.

12. As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

13. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

14. "Person" includes a natural person or any business, legal, or government entity or association.

15. Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

16. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in chronological order, setting forth as to each the following: (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

3

17.   Grace's document requests are not intended to seek information related to Claimant-specific internal evaluation and Claimant-specific operational processing information by CRMC.

18.   If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

19.   Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

20.   References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

### REQUESTED DOCUMENTS

#### REQUEST NO. 1:

Please provide in an appropriate format all documents, materials and information specified below for each person who has submitted a claim to the Manville Trust:

   a)   Trust ID Number

   b)   Claimant's Last Name, First Name, and Middle Initial

   c)   Social Security Number

   d)   Date of Birth

   e)   Date of Death

   f)   Gender

   g)   State of Residence

   h)   Country of Residence

   i)   Claim Number

   j)   Claim Type

4

k) Date of Initial Filing with Trust

l) Law Firm

m) Date of Earliest Lawsuit

n) Report State

o) First Exposure Year

p) Last Exposure Year

q) Total Adjusted Exposure Duration

r) Primary Industry

s) Primary Occupation

t) Primary Exposure Country

u) JM Only Flag Information

v) Evaluated Injury

w) Summary Injury

x) Disease

y) Earliest Diagnosis Date

z) First Diagnosis Date

aa) Diagnosing Doctor (Regardless of Designation) with Type of Report and Date of Report

bb) Diagnosing Report or B-read

cc) Name of Any Doctor Associate with Claim (Regardless of Designation)

## REQUEST NO. 2:

All documents relating to consideration of the suspension of the acceptance of reports from any Doctor, B-Reader, Screening Company or other provider of Medical or Screening Services, including, but not limited to, correspondence, memoranda, or other written analyses.

## REQUEST NO. 3:

All documents used or analyzed during the course of the preparation of the CRMC 3/31/06 Response to Amended Notice of Deposition Upon Written Questions, *In re Asbestos*

*Products Liability Litig.*, MDL No. 875 (E.D. Pa.) (*see* Exhibit 1 attached hereto on the compact disc that is Attachment B).[2]

#### REQUEST NO. 4:

All documents, including but not limited electronic databases or files, relating to the identification of the Top 25 individuals who authored B-read reports in support of claims to the Manville Trust.

#### REQUEST NO. 5:

All documents, including but not limited electronic databases or files, relating to the identification of the Top 25 individuals, regardless of their designation, who are considered the primary diagnosing doctor on reports submitted in support of claims to the Manville Trust.

#### REQUEST NO. 6:

All documents, including but not limited electronic databases or files, relating to the identification of the Top 25 individuals who authored reports submitted in support of claims to the Manville Trust.

#### REQUEST NO. 7:

All documents relating to the criteria used by the Manville Trust in the allowance and disallowance of claims, including internal memorandum and correspondence.

#### REQUEST NO. 8:

All documents submitted by the following Claimants to the Manville Trust relating to the Claimant's exposure to asbestos-containing products, including, but not limited to, work histories, product identification affidavits, screening intake forms, product invoices, or construction records:

    a) Claimants alleging mesothelioma, as identified on Exhibit 2 (attached hereto on the compact disc that is Attachment B);

    b) Claimants alleging asbestos-related lung cancer, as identified on Exhibit 3 (*see* Exhibit 3 (attached hereto on the compact disc that is Attachment B);

    c) Claimants alleging an asbestos-related cancer, other than lung cancer, as identified on Exhibit 4 (attached hereto on the compact disc that is Attachment B);

---

[2]   For your convenience, and due to their volume, all exhibits have been provided on CD-Rom (attached to this subpoena as Attachment "B").

d) Claimants alleging clinically-severe asbestosis, as identified on Exhibit 5 (attached hereto on the compact disc that is Attachment B);

e) Claimants alleging asbestosis, as identified on Exhibit 6 (attached hereto on the compact disc that is Attachment B);

f) Claimants alleging a non-malignant asbestos-related disease, other than asbestosis, as identified on Exhibit 7 (attached hereto on the compact disc that is Attachment B).

7

# EXHIBIT B



**"Alan Rich"**
**<arich@baronbudd.com>**
02/16/2007 02:50 PM

To   "Amanda Basta" <ABasta@kirkland.com>

cc   "Barbara Harding" <bharding@kirkland.com>,
      <eahern@kirkland.com>

bcc

Subject   RE: W.R. Grace-- Celotex Subpoena

That's fine. I will wait to hear on Celotex, since Monday is the objection deadline. However -- as for the Eagle Pitcher subpoena in Chicago, that subpoena calls for document production on Monday. Putting aside whatever the reason was I received notice of that subpoena just yesterday, is that going forward?

-----Original Message-----
**From:** Amanda Basta [mailto:ABasta@kirkland.com]
**Sent:** Friday, February 16, 2007 1:33 PM
**To:** Alan Rich
**Cc:** Barbara Harding; eahern@kirkland.com
**Subject:** RE: W.R. Grace-- Celotex Subpoena


Alan--

We were able to discuss limiting the scope of Request #1 with CRMC today. It is our understanding that it will not pose an undue burden on them and so we agree to limit the request to Grace claimants. Accordingly, it is our understanding that Baron & Budd will not move to quash the CRMC subpoena. We have also attempted to reach the appropriate person at Celotex Trust, but have been unable to speak with him. We will continue to follow up, and hope that we can make similar arrangements with Celotex. Please let us know if you have any questions.

Regards,

Amanda

Amanda Basta
Kirkland & Ellis LLP
655 15 th Street NW
Washington DC 20005
(202) 879-5933
(202) 879-5200 (fax)
(Admitted only in Massachusetts and practice is supervised by principals of the Firm)


**"Alan Rich"**
**<arich@baronbudd.com>**

02/14/2007 12:12 PM

To "Barbara Harding" <bharding@kirkland.com>

cc <ABasta@kirkland.com>, <eahern@kirkland.com>, <jbaer@kirkland.com>,
<JMarvin@claimsres.com>, <lesaylan@kirkland.com>, <ndf@capdale.com>

Subject RE: W.R. Grace-- Celotex Subpoena

That is correct.
-----Original Message-----
**From:** Barbara Harding [mailto:bharding@kirkland.com]
**Sent:** Wednesday, February 14, 2007 11:12 AM
**To:** Alan Rich
**Cc:** ABasta@kirkland.com; eahern@kirkland.com; jbaer@kirkland.com; JMarvin@claimsres.com;
lesayian@kirkland.com; ndf@capdale.com
**Subject:** Re: W.R. Grace-- Celotex Subpoena


Alan, If we agree to limit the subpoenas in the fashion requested does that mean that you will not
be filing an objection to either subpoena?  Thanks. Barbara


**Barbara Harding | Partner | KIRKLAND & ELLIS LLP |**
655 Fifteenth Street, NW, Suite 1200| Washington DC  20005-5793
(202) 879-5081 **DIRECT** | (202) 879-5200 **FAX** | (301) 785-8369 **CELL** |
**bharding@kirkland.com**

| "Alan Rich" <arich@baronbudd.com> | To | <ABasta@kirkland.com> |
|---|---|---|
| 02/14/2007 11:48 AM | cc | <bharding@kirkland.com>, <eahern@kirkland.com>, <jbaer@kirkland.com>, <JMarvin@claimsres.com>, <lesayian@kirkland.com>, <ndf@capdale.com> |
| | Subject | Re: W.R. Grace-- Celotex Subpoena |


Thank you.  Please note, however, that by my calculations, the objections are due Friday (CRMC) and
Monday (Celotex), therefore, I really need to know either way by the end of the day today, unless you are
also willing to agree (by the end of today) to extensions of the objection dates.

Alan Rich

-----Original Message-----
From: Amanda Basta <ABasta@kirkland.com>
To: Alan Rich <arich@baronbudd.com>
CC: Barbara Harding <bharding@kirkland.com>; Ellen Ahern <eahern@kirkland.com>; Janet Baer
<jbaer@kirkland.com>; Jodye Marvin (E-mail) <JMarvin@claimsres.com>; Lisa Esayian
<lesayian@kirkland.com>; Nate Finch (E-mail) <ndf@capdale.com>
Sent: Wed Feb 14 10:42:23 2007
Subject: RE: W.R. Grace-- Celotex Subpoena


Mr. Rich--

    In furtherance of meet and confer efforts, we will attempt to determine if there is a way to limit Request
Number 1 to Grace Claimants that does not cause undue delay, burden on the subpoena recipient, or other

technical issues. We hope we can resolve this amicably without necessitating motions practice, and we will get back to you once we can make that determination.

Regards,

Amanda

Amanda Basta
Kirkland & Ellis LLP
655 15 th Street NW
Washington DC 20005
(202) 879-5933
(202) 879-5200 (fax)
(Admitted only in Massachusetts and practice is supervised by principals of the Firm)


"Alan Rich" <arich@baronbudd.com>

02/13/2007 05:51 PM
To
    "Amanda Basta" <ABasta@kirkland.com>
cc
    "Barbara Harding" <bharding@kirkland.com>, "Ellen Ahern" <eahern@kirkland.com>, "Janet Baer"
<jbaer@kirkland.com>, "Lisa Esayian" <lesayian@kirkland.com>, "Nate Finch \(E-mail\)"
<ndf@capdale.com (Email)>, "Jodye Marvin \(E-mail\)" <JMarvin@claimsres.com>
Subject
    RE: W.R. Grace-- Celotex Subpoena




Barbara -- I take it that this is the answer you said would be forthcoming(?)

If so, please consider this my attempt to meet and confer with you prior to filing objections to the scope of the request No. 1 to the subpoenas. We believe that the requests are improper and invade the rights of our clients who are not also "Claimants." If you intend to proceed by seeking all documents regardling anyone who has made a claim against those trusts, even if those persons are not Claimants in the Grace bankruptcy, we will file motions to quash.

Please let me know at your earliest convenience whether you will agree to modify your subpoenas.

Regards,

Alan Rich
-----Original Message-----
From: Amanda Basta [mailto:ABasta@kirkland.com]
Sent: Tuesday, February 13, 2007 4:34 PM
To: Alan Rich
Cc: Barbara Harding; Ellen Ahern; Janet Baer; Lisa Esayian
Subject: RE: W.R. Grace-- Celotex Subpoena

Mr. Rich--

The subpoena seeks information regarding each person who has filed a claim with the Celotex Trust (as does the subpoena served on CRMC).

Regards,

Amanda

Amanda Basta
Kirkland & Ellis LLP
655 15 th Street NW
Washington DC 20005
(202) 879-5933
(202) 879-5200 (fax)
(Admitted only in Massachusetts and practice is supervised by principals of the Firm)


"Alan Rich" <arich@baronbudd.com>

02/13/2007 04:23 PM

To
    "Amanda Basta" <ABasta@kirkland.com>
cc
    "Janet Baer" <jbaer@kirkland.com>, "Lisa Esayian" <lesayian@kirkland.com>, "Ellen Ahern"
<eahern@kirkland.com>, "Barbara Harding" <bharding@kirkland.com>
Subject
    RE: W.R. Grace-- Celotex Subpoena




Thanks for the subpoena.  I have the same question about this subpoena as I did about the CRMC subpoena (although no answer has yet been received):

With regard to the Celotex subpoena, can you clarify whether document request no. 1 seeks information on "each person" who has filed a claim with the Celotex Trust (as stated in the opening part of that request), or is that request limit to information about "Claimants" (as defined in the definitions section) by virtue of subparagraph (b) of that request?

Please respond at your earliest convenience, as your response is important to whether we file an objection.

Regards,

Alan Rich
-----Original Message-----
From: Amanda Basta [mailto:ABasta@kirkland.com]
Sent: Monday, February 12, 2007 5:34 PM
To: Alan Rich
Cc: Janet Baer; Lisa Esayian; Ellen Ahern; Barbara Harding

Subject: W.R. Grace-- Celotex Subpoena

Mr. Rich--

   Jan Baer forwarded me your request for a copy of the subpoena that Grace served on the Celotex Trust. I attach the same. Please let us know if you have any further questions.

Regards,

Amanda

Amanda Basta
Kirkland & Ellis LLP
655 15 th Street NW
Washington DC 20005
(202) 879-5933
(202) 879-5200 (fax)
(Admitted only in Massachusetts and practice is supervised by principals of the Firm)
*********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*********************************************************

*********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*********************************************************

*********************************************************
The information contained in this communication is

confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************

************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************

************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
************************************************************

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139, (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. ___ |

## PROTECTIVE ORDER

1.      This Protective Order (the "Order") establishes limits on the use in this litigation of electronic datasets maintained by Claims Resolution Management Corporation ("CRMC") relating to claims filed against the Manville Personal Injury Settlement Trust ("Manville Trust"). While the Manville Trust is required by Section I of its 2002 Trust Distribution Process to comply with discovery requests in litigation between Manville Trust Beneficiaries (which includes both asbestos personal injury plaintiffs and defendants), the comprehensive, electronic datasets that its subsidiary, CRMC, maintains are of significant proprietary value to CRMC and the Manville Trust. CRMC licenses use of these electronic datasets in return for substantial licensing fees and royalties. The proceeds of these fees and royalties are used to defray the costs of processing asbestos claims, so that more of the Manville Trust's limited assets can be directed to the benefit of the Trust's Beneficiaries. The datasets have licensing value because they contain the most comprehensive set of information collected regarding asbestos personal injury claims, and because the detailed information in the datasets is not otherwise readily available. Pursuant to Fed. R. Civ. P. 45(c)(3)(B)(i), this Court may order specified conditions regarding production of such confidential proprietary information.

2.      This Order shall apply to any electronic datasets that CRMC produces pursuant to subpoena in the above-captioned action, *In re W.R. Grace & Co.*, 01-01139 (JKF) (the

DOCS_DE:127459.3

"Bankruptcy") that CRMC indicates upon production is being produced subject to this Order (the "Protected Datasets"). This shall not prejudice the right of any party to this action to challenge whether this Order should apply to the dataset being produced, and to seek and Order from this Court that it does not.

3.      It is the responsibility of the party issuing a subpoena commanding production of the Protected Datasets in the Bankruptcy to provide prior notice served on each party to this Order pursuant to Fed. R. Civ. P. 45(b)(1).

4.      The Protected Datasets shall be maintained by the parties in a confidential manner, and shall be made available only to parties to the Bankruptcy and to their counsel, witnesses, experts or consultants (the "Authorized Individuals"), and only to the extent that those parties and the Authorized Individuals have a need to use or inspect the Protected Datasets for purposes directly related to the Bankruptcy. The parties and the Authorized Individuals are prohibited from using the Protected Datasets for any purpose not directly related to the Bankruptcy.

5.      The attorneys of record are responsible for employing reasonable measures to control duplication of, access to, and distribution of the Protected Datasets consistent with this Order.

6.      In testimony and filings with the Court, the parties and Authorized Individuals may divulge information derived from the Protected Datasets regarding individually-identifiable Manville Trust claimants only to the extent that any information divulged that individually identifies any claimant is directly relevant to the Bankruptcy.

7.      The termination of the Bankruptcy shall not terminate this Order, nor shall it relieve any person who received or was given access to the Protected Datasets pursuant to this

Order from the continuing obligation of maintaining the Protected Datasets in a confidential manner.

8.    At the conclusion of the Bankruptcy, the parties must return all copies of the Protected Datasets to CRMC, or at the option of the CRMC, destroy them.

SO ORDERED AND ADJUDGED this the _____ day of _____, 2007.

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge