# EXHIBIT Q

```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE

IN RE:                          . Case No.  01-1139 (JFK)
                                .
                                .
  W.R. GRACE & CO.,             . Courtroom A, 54th Floor
                                . U.S. Steel Tower
                                . Pittsburgh, PA
              Debtor.           .
                                . July 19, 2005
. . . . . . . . . . . . . . . . . 8:42 a.m.

                     TRANSCRIPT OF HEARING
             BEFORE HONORABLE JUDITH K. FITZGERALD
              UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:           Pachulski, Stang, Ziehl, Jones &
                           Weintraub, P.C.
                           By:  DAVID CARICKHOFF, ESQ.
                           919 North Market Street, 16th Fl.
                           Wilmington, Delaware  19899

                           Kirkland & Ellis LLP
                           By:  DAVID BERNICK, ESQ.
                                MICHELLE H. BROWDY, ESQ.
                                JANET BAER, ESQ.
                                BARBARA HARDING, ESQ.
                           200 East Randolph Drive
                           Chicago, Illinois  60601


Audio Operator:            Cathy Younker

 Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
```

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net

(609) 586-2311   Fax No.  (609) 587-3599

1  we're kind of towards the end here.  The purpose is exactly as
2  I said.  We want to know for what claim -- that is what disease
3  -- if so and so claimant got a settlement, did he say he was
4  getting settlement for asbestos, for pleural disease?  He may
5  have made a claim for severe asbestosis, but then --
6          THE COURT:  Well, then ask that.
7          MR. BERNICK:  Well, that's what we're going to get
8  from the settlement -- from the settlement documents.
9          THE COURT:  But I'm not sure you're entitled to the
10 entire settlement document.
11         MR. BERNICK:  Well, I don't know how else --
12         THE COURT:  It seems to me that you can get -- you
13 can say, you know, identify the defendants with whom you
14 settled, the amounts, and for what disease.
15         MR. BERNICK:  Fine.
16         MR. FINCH:  Your Honor, that's -- almost all of these
17 settlement agreements with defendants are going to have
18 confidentiality provisions.  The defendant Owens-Illinois is
19 going to have in every release and every settlement is going to
20 have this is confidential, and you can't disclose it unless and
21 until --
22         THE COURT:  I'm ordering it.  Next.
23         MR. FINCH:  Owens-Illinois isn't before Your Honor.
24         THE COURT:  Then they can come in and contest it if
25 somebody violates their agreements.  I don't know what the

1  scopes of these agreements are.  To the extent that the debtor
2  is making a claim here that may be duplicative claim that it
3  alleged against somebody else and for which it recovered, the
4  debtor's entitled to know that.
5          MR. LOCKWOOD:  Well, Your Honor, if the concern is
6  about different diseases, there's an entire subsection (b) of
7  this thing which is aimed specifically at determining whether
8  or not you got a different --
9          MR. BERNICK:  That's not in the settlement papers.
10 It happens every day of the week that a claim is settled for a
11 lesser disease, because they know they can't make out the claim
12 for the more severe disease.  We just want to know --
13         THE COURT:  I don't have any problem with --
14         MR. LOCKWOOD:  Claims get settled for a variety of
15 reasons.  I mean --
16         THE COURT:  You can identify the defendant, get the
17 amount, and the disease.  It seems to me that's appropriate.
18 If somebody who's not here has an objection to it and the
19 document says that the debtor has to give notice, the debtor
20 will give notice.  Then if the debtor can't answer or somebody
21 has an objection, I'll deal with it.  Next.
22         MR. LOCKWOOD:  Part seven, supporting documentation
23 requires the person answering this questionnaire to give a
24 medical release to Grace and attach it.  That's not -- I mean
25 if this was an individual litigation of an individual claim,