IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) <br> ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 01-01139 (JKF) <br> (Jointly Administered) |
| W. R. GRACE & CO., et al., | ) <br> ) | **Re: Docket Nos. 15112, 15215, 15271 &** |
| Debtors. | ) <br> ) | **16173** |
| | ) | **May 30, 2007 Agenda No. 3** |
| _____ | ) | |

**CERTIFICATION OF COUNSEL OF THE OFFICIAL COMMITTEE OF
ASBESTOS PROPERTY DAMAGE CLAIMANTS REGARDING
DEBTORS' CERTIFICATION OF COUNSEL ON ORDER
CONCERNING AMENDMENTS, SUPPLEMENTATIONS AND
<u>CHANGES TO ASBESTOS PD CLAIMS</u>**

1.  On June 27, 2007, Debtors filed their Certification of Counsel on Order Concerning Amendments, Supplementations and Changes to Asbestos PD Claims [Dkt. No. 16173] (the "<u>Debtors' COC</u>") related to Debtors' Emergency Motion for an Order Concerning the Amendment or Supplementation of Asbestos PD Claims (the "<u>Motion to Enjoin</u>"). The PD Committee and Debtors were unable to reach agreement on the proposed form of order (the "<u>Proposed Order</u>") on the Motion to Enjoin and, thus, the PD Committee requested that Debtors provide a draft of Debtors' COC before it was filed. Despite this request, Debtors chose to file their COC without first providing it the PD Committee for comment and review. Unfortunately, but as the PD Committee suspected, Debtors presented a one-sided argument as to why the Proposed Order should be entered over the objection of the PD Committee. As a result, the PD Committee is compelled to file its own Certification of Counsel to explain its opposition to the Proposed Order.

2. The Debtors' COC is correct that the PD Committee and Debtors disagree over two issues regarding the Proposed Order. First, the PD Committee submits that, if the Proposed Order contains any recitation regarding the adequacy of notice provided by Debtors in respect of the Motion to Enjoin, such recitation ought be limited to notice to the PD Committee only.

3. Debtors filed the Motion to Enjoin on April 6, 2007, served it only by <u>first-class mail</u> and proposed on the face thereof an April 17, 2007 objection deadline. However, on Tuesday, April 17, 2007, the Court entered an Order shortening the notice period but setting Monday, April 23, 2007 as the deadline to object to the Motion to Enjoin. On Wednesday, April 18, 2007, Debtors served the Order shortening notice by <u>first-class mail</u>, despite having e-mail and facsimile contact information for all PD claimants. A timeline of these events is attached hereto as Exhibit "A." It is absurd for Debtors to now argue that notice by first-class mail to PD claimants on the Wednesday prior to a Monday objection deadline was sufficient.[1]

4. Debtors' argument that no PD claimant sought leave to file an objection after the April 23, 2007 proves too much. As a result of the Order shortening notice to object, the Motion to Enjoin was scheduled to be heard on May 2, 2007. That hearing was then re-scheduled to May 21, and later to May 30, 2007. Each of these continuances was accomplished without any further notice to PD claimants of the changed dates or any additional opportunity to file an objection to the Motion to Enjoin outside of the schedule established by the Court.

5. Moreover, at the hearing on the Motion to Enjoin, Debtors offered no evidence, testimony or proffer regarding the adequacy of notice. There is simply nothing in the record before the Court to allow it to conclude that notice to PD claimants was sufficient save the Debtors' COC which, as aforesaid, proves just the opposite. Accordingly, the PD Committee

---

[1] Indeed, under Fed.R.Bankr.P. 9006, when a paper is served by U.S. mail, three additional days are added to the time to respond.

submits that, at most, the Proposed Order state that adequate notice was given to the PD Committee.

6.      Second, the PD Committee proposed to Debtors that if the Court grants a PD claimant's motion to amend or supplement its proof of claim form, Debtors be authorized <u>to seek leave</u> of the Court to amend, supplement and/or change their objection to the proof of claim solely to address the PD claimant's amendment, supplement or change.  As we explained, the PD Committee envisions that such relief will be sought by way of Debtors' response to the motion to amend.  In that manner, the Court is better able to fulfill its gatekeeping function under Fed.R.Bankr.P. 7015.

7.      By comparison, Debtors seek an unfettered right to file an amended or supplemental objection if the Court grants a PD claimant the right to amend or supplement its claim.  That process excludes the Court from regulating Debtors' amendment of objections as contemplated under Rule 7015, and heightens the prospect for unnecessary post-amendment skirmishes over whether Debtors' amended objection(s) exceed the scope of a claimant's amended claim.

8.      In order to maximize the efficiency of the process and prevent Debtors from amending, supplementing or changing their objections beyond the scope of an amendment or supplement to a PD claim, if a PD claimant moves to amend its claim, Debtors should be required to respond and include in their response a request for authority to amend the pending objection based on the proposed amendment or supplement to the claim. This would not present any undue obligation or imposition on Debtors and best facilitates notice of what Debtors would intend to file if the amendment of the claim is authorized. Importantly, it also guards against

Debtors amending their objection to include matters not engendered by the amended claim and another visit to the Court to correct the disproportionate response.

9. Thus, for the foregoing reasons, the PD Committee respectfully requests that the Court enter the form of order attached hereto as Exhibit "B."

Wilmington, Delaware
Dated:  June 28, 2007

Respectfully submitted,

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)
BILZIN SUMBERG DUNN BAENA
    PRICE & AXELROD
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2336
Telephone:  (305) 374-7580

and

FERRY, JOSEPH & PEARCE, P.A.

   /s/ Lisa L. Coggins
Theodore J. Tacconelli  (No. 2678)
Lisa L. Coggins  (No. 4234)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS