IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | **Re: Docket No. ___** |

## STIPULATION AND PROTECTIVE ORDER

1. This Stipulation and Protective Order (the "Order") establishes limits on the use in this litigation of electronic datasets, information, and materials maintained by the Congoleum Corporation ("Congoleum") relating to asbestos claims filed against Congoleum. Congoleum's electronic datasets that it maintains are of significant proprietary value to Congoleum. Pursuant to Fed. R. Civ. P. 45(c)(3)(B)(i), this Court may order specified conditions regarding production of such confidential proprietary information.

2. This Order shall apply to any electronic datasets or other documents that Congoleum provides pursuant to subpoena in the above-captioned action, *In re W.R. Grace & Co.*, 01-01139 (JKF) (the "Bankruptcy") that Congoleum indicates, upon production, is being produced subject to this Order (the "Protected Materials"). This shall not prejudice the right of any party to this action to challenge whether this Order should apply to the materials being produced, and to seek an Order from this Court that it does not apply which application shall be made upon at least 30 days' prior written notice to Congoleum.

91100-001\DOCS_DE:128818.1

3. It is the responsibility of the party issuing a subpoena commanding production of the Protected Materials in the Bankruptcy to provide prior notice served on each party pursuant to Fed. R. Civ. P. 45(b)(1).

4. The Protected Materials shall be maintained by the parties in a confidential manner, and shall be made available only to parties to the Bankruptcy and to their counsel, witnesses, experts, or consultants and only to the extent that those parties, counsel, witnesses, experts, or consultants (the "Authorized Individuals") have a need to use or inspect the Protected Materials for purposes directly related to the Bankruptcy. Before disclosure of the Protected Materials to any party or Authorized Individual, such persons shall be provided with a copy of this Order and agree to be bound by it. The parties and the Authorized Individuals are prohibited from using the Protected Materials for any purpose other than this Bankruptcy.

5. The attorneys of record are responsible for employing reasonable measures to control duplication of, access to, and distribution of the Protected Materials consistent with this Order.

6. A. If Protected Materials are used in redacted or aggregate form in connection with any legal brief, argument, memorandum of law, filing, or other proceeding, including, but not limited to any deposition, examination, hearing, and/or trial, in the above-entitled bankruptcy cases, they need not be filed under seal pursuant to this Paragraph. Such redaction or aggregation shall obliterate or otherwise remove personal identifying information so that no Congoleum claimant may be individually identified.

B. If Protected Materials are used in unredacted or non-aggregate form such that the identities of individual claimants can be identified in connection with any legal

brief, argument, memorandum of law, filing, or other proceeding, including, but not limited to any examination, hearing, and/or trial in the above-entitled bankruptcy cases, the Protected Materials shall be filed and maintained under seal. The Protected Materials so filed shall not be made available to any person other than the Court and necessary court personnel and Authorized Individuals. The Protected Materials so filed shall be placed in a separate envelope or container, marked **"CONFIDENTIAL PURSUANT TO ORDER ENTERED BY THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE."** Such envelope or container shall on its face, or by a document firmly affixed thereto, further state that it has been filed under seal pursuant to this Order, and is not to be opened nor the contents displayed or revealed except pursuant to the provisions of this Order or upon further Order of this Court.

C. If Protected Materials are utilized in unredacted or non-aggregate form at any deposition such that the identities of individual claimants can be identified in connection with the above-entitled bankruptcy cases, the portions of such transcript(s) of any testimony and the copy(ies) of any exhibit(s) relating or referring to the Protected Materials shall be marked **"CONFIDENTIAL."** Likewise, the transcript, or any portions thereof, of any examination, hearing and/or trial conducted in connection with the above entitled bankruptcy case and containing testimony discussing Protected Materials shall be designated **"CONFIDENTIAL"** and treated as confidential pursuant to this Order. If the portions of transcripts marked as "CONFIDENTIAL" are filed with the Court then the procedures in paragraph 6.B. shall be followed.

7.     Should any person bound by this Order learn that Protected Materials have been disclosed to any person other than in the manner authorized by this Order, through inadvertence or otherwise, such person, upon learning of such disclosure, shall promptly inform Congoleum of all pertinent facts relating to such disclosure and shall make its best reasonable efforts to prevent disclosure by each and every unauthorized person who received the Protected Materials or learned the information contained therein.

8.     In the event that a party possessing Protected Materials pursuant to this Order is lawfully served with a valid and enforceable subpoena issued by a court of competent jurisdiction, which subpoena seeks production or disclosure of any Protected Materials, such party shall provide written notice, within fifteen business days of receipt by the party, of such subpoena (and the applicable return date thereof) to Congoleum's counsel is as follows: Richard Epling and Kerry Brennan, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, New York 10036, fax number 212.858.1500 and shall provide Congoleum's counsel with a copy of the subject subpoena. If a subpoena requires a response before fifteen business days or before a party can notify Congoleum's counsel of the subpoena, the party will object to the subpoena to the extent that it seeks Protected Materials, and will not produce any Protected Materials until Congoleum has an adequate opportunity to object under the terms of this protective order. In the event that Congoleum, within three business days from receipt of such notice and copy of the subject subpoena, provides notice, in writing, to the party that it will apply for a protective order in regard to the requested Protected Materials, the subpoenaed party shall not produce or disclose such Protected Materials in response to the subject subpoena unless Congoleum fails to file an appropriate motion for a protective order on or before the return date for such subpoena. If

Congoleum files a motion for a protective order with regard to the requested Protected Materials, the subpoenaed party in question shall not produce or disclose any of such Confidential Materials other than (a) pursuant to the terms and conditions of an order entered by the court to whom the motion is directed; or (b) upon entry of an order by the court to whom the motion is directed denying the motion for a protective order.

9. The termination of the Bankruptcy shall not terminate this Order, nor shall it relieve any person who received or was given access to the Protected Materials pursuant to this Order from the continuing obligation of maintaining the Protected Materials in a confidential manner.

10. At the conclusion of the Bankruptcy, the parties must return all copies of the Protected Materials to Congoleum, or at the option of Congoleum, destroy them.

SO ORDERED AND ADJUDGED this the ____ day of _____, 2007.

_____
UNITED STATES BANKRUPTCY COURT JUDGE