**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
|  | ) | Case No. 01-1139 (JKF) |
|  | ) |  |
|  | ) | Chapter 11 |
|  | ) |  |
| In re: | ) | (Jointly Administered) |
|  | ) |  |
| W. R. GRACE & CO., *et al.*, | ) |  |
|  | ) | Re: Docket No. 16176 |
|  | ) |  |
| Debtors. | ) |  |

**CELOTEX ASBESTOS SETTLEMENT TRUST'S OPPOSITION**
**TO DEBTORS' MOTION FOR LEAVE FROM SCHEDULING ORDER**
**AND TO SHORTEN NOTICE PERIOD OF MOTIONS TO COMPEL**
**ASBESTOS TRUSTS AND REQUEST FOR TELEPHONIC HEARING**

The Celotex Asbestos Settlement Trust ("Celotex Trust") submits this opposition to the Debtors' Motion For Leave From Scheduling Order and to Shorten Notice Period of Motions to Compel Asbestos Trusts (the "Motion to Shorten") [D.I. 16176]. There is no valid reason to expedite the Debtors' Motion to Compel the Celotex Asbestos Settlement Trust to Produce Documents and Appear for Deposition (the "Motion to Compel") [D.I. 16175]. To do so would cause substantial prejudice to this third-party victims' trust.

**PRELIMINARY STATEMENT**

As of July 2, 2007, counsel were still attempting to resolve their disputes through extrajudicial means at a time when, unbeknownst to Celotex Trust's counsel, the above-captioned Debtors (the "Debtors") had not only resorted to court intervention, but also sought to shorten the Celotex Trust's time to respond to the Motion to Compel. The issues relating to the Debtors' Motion to Compel involve the Celotex Trust's proprietary information in the form of its vast electronic database, which it developed and has maintained over the course of eight years. Unlike other asbestos claims facilities that license claimant data, the Celotex Trust's data is not

for sale. The Debtors' request for the Celotex Trust to produce proprietary information must therefore be carefully considered and the parties afforded ample time to address the complex issues. Accordingly, the Celotex Trust requests an immediate telephonic conference to address an appropriate briefing schedule.

## BACKGROUND

The morning of July 2, 2007, counsel for the Celotex Trust sent an email response to Debtors' counsel in an effort to resolve the disagreement between the Debtors and the Celotex Trust. (Donnellon Decl. ¶ 12.) Although the Celotex Trust objected to the subpoena on various grounds, counsel previously made several suggestions for a compromise that would provide Debtors with substantive claimant information without unduly burdening the Celotex Trust or compromising its proprietary information. Counsel for the Celotex Trust had also submitted a proposed protective order further demonstrating its good faith efforts to produce responsive documents and testimony.

Debtors' counsel, however, never responded substantively to the compromise proposals, never explained why the compromise proposals would be inadequate for the Debtors' purposes, and never identified anything specifically in the proposed protective order (which was modeled after a protective order in another asbestos bankruptcy case) that they deemed deficient. (Donnellon Decl. ¶ 9.)

Rather, in the afternoon of July 2, 2007 counsel for the Celotex Trust received in the ordinary US mail the Debtors' Motion to Compel and Motion to Shorten. As set forth in the attached Declaration of Daniel J. Donnellon[1], the issues relating to the subpoena upon the Celotex Trust are not only far from ripe for consideration, but also should not be moved at a pace that would cause prejudice to the Celotex Trust. The discovery sought warrants an evidentiary

---

[1] The declaration is attached hereto as Exhibit A.

hearing to be certain that the Debtors can meet their high burden of necessity before binding an innocent third-party. It is therefore inappropriate to treat the Debtors' Motion to Compel in any expedited fashion.

## **DEBTORS' MOTION TO SHORTEN SHOULD BE DENIED**

If there is any urgency relating to the Debtors' subpoena to the Celotex Trust, then it is of the Debtors' own making. The transcripts in this proceeding reveal that the notion of issuing subpoenas to the various asbestos settlement trusts was raised in the Fall of 2006. It was not until February 2007, however, that Debtors even bothered to serve a subpoena upon the Celotex Trust. Moreover, despite the prompt written objection presented by the Celotex Trust on February 16, 2007, Debtors' counsel waited over ten weeks to respond. Thereafter, counsel for the Celotex Trust has made every effort to respond promptly to each of the Debtors' requests regarding the subpoena.

Debtors' service of the Motion to Compel and Motion to Shorten show that the Motion to Shorten is merely a means to prejudice the Celotex Trust. The Debtors served the motions via electronic mail or even hand-delivery to every entity _except_ the Celotex Trust. Counsel for the Debtors and the Celotex Trust have an established history of communicating electronically, even letters were served via email as attachments. (Donnellon Decl. ¶¶ 5-6.) Nonetheless, Debtors' counsel served only hard copies of the motions upon the Celotex Trust, and even sent those via ordinary mail as opposed to an overnight or priority service. If this matter were truly urgent, then Debtors surely would have rushed to serve this third-party with the most at stake, the Celotex Trust.

Moreover, the Celotex Trust should not be limited to only 10 short days to respond to the Motion to Compel when it did not even receive the motion until the fifth day after

it had been filed. This is especially true because service was made during a holiday week. Counsel's office was closed a half-day July 3rd and all day July 4th. (Donnellon Decl. ¶ 13.) Equitable concepts of fair play and substantial justice demand that the Celotex Trust's response time not be shortened.

Finally, the Motion to Compel seeks the production within 10 days of over 56,000 individual claims files. To produce and copy such documents would take hundreds of man hours and cost hundreds of thousands of dollars. It is doubtful that it is possible for such a volume of documents to be retrieved and produced within the time period requested. To require such production on a tight timeline would force the Trust's claim processing facility to shut down all other business and cease the processing of the claims of asbestos victims not only for Celotex, but for other trusts for whom the facility handles claims. Certainly, in view of the onerous burden on the Trust, the Trust should not be deprived of a full briefing period.

[Remainder of page intentionally left blank.]

## **CONCLUSION**

Accordingly, the Celotex Trust respectfully requests the Court to (i) deny the Motion to Shorten, (ii) schedule a telephonic hearing at the Court's earliest convenience so that an appropriate briefing schedule can be ordered, and (iii) grant such other and further relief as this Court deems just.

                Respectfully submitted,

                /s/ Maribeth L. Minella
                Edwin J. Harron (No. 3396)
                Maribeth L. Minella (No. 4185)
                Young, Conaway, Stangatt & Taylor, LLP
                The Brandywine Building
                1000 West Street, 17th Floor
                P.O. Box 391
                Wilmington, Delaware  19899-0391
                Phone: (302) 571-6708
                Fax: (302 576-3317
                eharron@ycst.com
                mminella@ycst.com

                -and-

                KEATING MUETHING & KLEKAMP PLL
                Daniel J. Donnellon
                One East Fourth St.
                Suite 1400
                Cincinnati, Ohio 45202
                Phone: (513) 579-6408
                Fax: (513) 579-6457
                ddonnellon@kmklaw.com

                Counsel to the Celotex Asbestos
                Settlement Trust

Dated:  July 5, 2007