IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Bk. No. 01-1139 (JKF) |
| W.R. GRACE & CO., ET AL. ) | Chapter 11 |
| ) | |
| Debtors. ) | Hearing: July 23, 2007, 2:00 p.m. |
| ) | |
| ) | |

RESPONSE TO DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION

Sixty-two separate corporate entities have sought bankruptcy protection before the Court in this proceeding. The Internal Revenue Service ("Service") has had to file over 50 separate claims to account for all of these numerous entities' separate indebtedness for tax liabilities.

The Debtors' Twenty-Third Omnibus Objection erroneously asserts that the majority of the proofs of claim filed by the Service in this case are entirely duplicative of a "Master Claim." The debtors identify the claims they assert are duplicative on exhibits A and B to their objection. They request that these claims be "disallowed and expunged" and that two additional claims, claims 809 and 828, be reduced. The debtor, however, fails to account for the fact that the claims are filed against different corporate affiliates, each of which is severally responsible for the amount of the claim.

The debtors also erroneously assert that claim 2235 in this case reflects an amount ($196,111.84) already paid by the debtors to the Service as part of a prior payment. The amount reflected in Claim 2235 was not part of the prior payment referenced by the debtors.

2593459.1

**I.     The Service's Claims Are Not Duplicative**

Treasury Regulation § 1.1502-6 states:

> the common parent corporation and each subsidiary which was a member of the group during any part of the consolidated return year shall be severally liable for the tax for such year.

Pursuant to the terms of Treas. Reg. § 1.1502-6, the Service has assessed tax liability against W.R. Grace & Co. as well as relevant corporate affiliates and subsidiaries of W.R. Grace & Co. that are named debtors in this bankruptcy proceeding. The claims identified on Exhibits A and B of the debtor's objection and claims 809 and 828 described in the debtors' objection include claims against the subsidiaries as well as the parent based on their several liability for certain taxes. Thus, even though the amount reflected in many of those claims is duplicative to the extent that it identifies some or all of the same tax, the claims represent separate, non-duplicative tax liability for which each identified debtor is severally liable.

Further, the claims are not duplicative because they are against separate, non-consolidated debtors, each of which is severally liable. Local Rule 3007-1(d)(i). Although the debtors assert that the Amended Joint Plan of Reorganization ("Plan") provides that the debtors will be deemed consolidated as to every claim filed by the Service upon the effective date of the Plan, the plan has not been confirmed. The Plan may be altered prior to confirmation. Further, the plan provides that all claims, other than those surviving in the Plan, are deemed discharged. (*See* Plan §§ 7.13 and 8.1.1). Were the debtors' current objection granted disallowing or reducing the allegedly

duplicative claims and the Plan confirmed, the several liability of the various debtors would be lost. This result would severely impair the Service's rights and ability to pursue its claims post confirmation should the debtors fail to comply with the Plan. Additionally, should the parent default on the plan, the Service would have forfeited its otherwise statutorily provided recourse against the relevant subsidiaries.

Accordingly, the claims identified on exhibits A and B to the debtors' objection and claims 809 and 828 should not be disallowed or expunged.

## II.    Claim 2235 Should Not Be Disallowed

The debtors also assert that claim 2235 should be disallowed because the subsidiary that claim is against, MRA Holdings Corp., previously settled with the Service. The settlement attached to the debtors' objection did not address the amount reflected in claim 2235 and, thus, the debtors' objection fails.

Claim 2235 reflects income tax liability for MRA Holding Corp. in the amount of $196,111.84. The settlement attached to the debtors' objection was for employment withholding tax liabilities for which CC Partners, a partnership in which MRA Holdings Corp. is a general partner, was liable. The settlement itself waived MRA Holding's right to pursue its refund in return for a $13 million payment as to that withholding tax liability. Nothing in the settlement addressed the income tax liabilities of MRA Holdings Corp. Accordingly, the $196,111.84 of income tax liability set forth in

claim 2235 was not covered by the prior settlement and the debtors' objection should be denied.

## CONCLUSION

Based on the foregoing, the Service's proofs of claim should not be reduced, disallowed or expunged and the debtors' objection should be denied in its entirety, together with such further relief the Court deems just and equitable.

                                    Respectfully submitted,

                                    /s/ Daniel J. Healy
                                    DANIEL J. HEALY
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Ben Franklin Station
                                    Washington, D.C.  20044
                                    Telephone: (202) 305-3402

CERTIFICATE OF SERVICE

I certify that on July 5, 2007 I electronically filed the foregoing Response to te Debtors' Twenty-Third Omnibus Objection to Certain IRS Claims (Substantive) with the Clerk of the Court using the CM/ECF system, which completed service on interested parties registered with the CM/ECF system for this case, including debtors' counsel.

                                                  ___/s/ Daniel J. Healy_____
                                                        Daniel J. Healy