IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: July 23, 2007 at 2:00 p.m. |
| | ) | Objection Deadline: July 6, 2007 at 4:00 p.m. |
| | ) | Related to D. I. 16084 |
| | ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
FIREMAN'S FUND INSURANCE COMPANY TO MOTION FOR AN
ORDER (A) APPROVING THE AGREEMENTS BY AND BETWEEN
W.R. GRACE & CO. – CONN. AND RHODIA INC.; (B) AUTHORIZING
THE SALE OF CERTAIN ASSETS OF W.R. GRACE & CO. – CONN.'S
WASHCOAT BUSINESS TO RHODIA INC. FREE AND CLEAR OF
ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS;
(C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT TO
RHODIA INC. OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES; (D) APPROVING A POTENTIAL
BREAK-UP FEE; AND (E) GRANTING CERTAIN RELATED RELIEF**

Fireman's Fund Insurance Company, and possibly other related insurance companies (collectively, "FFIC"), by their attorneys, set forth their Limited Objection And Reservation Of Rights To Debtors' Motion For The Entry Of An Order (A) Approving The Agreements By and Between W.R. Grace & Co. – Conn. and Rhodia Inc.; (B) Authorizing The Sale Of Certain Assets Of W.R. Grace & Co. – Conn.'s Washcoat Business to Rhodia Inc. Free And Clear Of All Liens, Claims, Encumbrances And Other Interests; (C) Authorizing The Assumption And Assignment To Rhodia Inc. Of Certain Executory Contracts and Unexpired Leases; (D) Approving A Potential Break-Up Fee; and (E) Granting Certain Related Relief [Docket No. 16084] (the "Sale Motion"), as follows:

SL1 732587v1/021630.00003

**Background**[1]

1. FFIC issued certain insurance policies for various policy periods (collectively, the "Policies") that may provide certain insurance coverage for Debtors. FFIC may also be a party to certain other agreements relating to the Policies (together with the Policies, collectively, the "FFIC Agreements"). The FFIC Agreements are executory contracts within the meaning of section 365 of the Bankruptcy Code.

2. The FFIC Agreements contain certain provisions that prohibit their assignment without the express consent of FFIC. Moreover, applicable non-bankruptcy law precludes the assignment of insurance policies without the consent of the insurer. As a result, the FFIC Agreements can not be assigned without FFIC's consent.[2]

3. On April 2, 2001 (the "Filing Date"), Debtors filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

4. On June 18, 2007, Debtors filed the Sale Motion seeking authorization for, *inter alia*, approval of a sale agreement (the "Sale Agreement") dated June 18, 2007, by and between W.R. Grace & Co. – Conn. ("Selling Debtor") and Rhodia Inc. ("Rhodia"): (i) providing for the sale of certain assets related to the Selling Debtor's Washcoat Business; and (ii) authorizing the assumption and assignment of certain executory contracts in connection with the sale.

---

[1] All capitalized terms not otherwise defined refer to the terms as defined in the Sale Motion.

[2] *See* 11 U.S.C. § 365(c)(1)(A)(debtor can not assume or assign an executory contract if applicable law excuses non-debtor from accepting performance from entity other than debtor); *Allied Corp. v. Frola*, 1992 WL 281114 (D.N.J. 1992)(Wolin, J.)(finding that policies were not unilaterally assignable either as executory contracts or as non-executory contracts and discussing authority); *Touchet v. Guidry*, 550 So. 2d 308, 313 (La. App.3d Cir. 1989) ("[S]ince insurance is a personal contract between the insurer and the named insured and on behalf of others specifically provided for, coverage terminates when contract is assigned or transferred without the consent, permission, and approval of both contracting parties." (citations omitted).

SL1 732587v1/021630.00003

**Limited Objection And Reservation Of Rights**

5. Both the Sale Motion and Sale Agreement indicate that the proposed sale contemplates the transfer of certain rights under the Selling Debtor's insurance policies to Rhodia. Indeed, the Sale Motion indicates the assets that will be transferred will include, *inter alia*:

> All of the Selling Debtor's right, title and interest in assets used exclusively in the Washcoat Business including, real property, leases, machinery, equipment, inventory, accounts receivable, books and records, software, *claims under insurance policies*, but excluding the Excluded Assets.

Sale Motion, ¶ 9 (emphasis added).

6. Similarly, the Sale Agreement states that the assets that will be transferred in this sale include, *inter alia*: "all claims under Insurance Policies or proceeds therefrom related to Transferred Assets …" Sale Agreement, ¶ 2.01(m). In addition, the Sale Agreement provides that the following Excluded Assets will be excluded from the sale:

> (d) Insurance Policies, claims with respect to Insurance Policies *(except for claims under Insurance Policies or proceeds therefrom related to any transferred Asset)*; and refunds of amounts previously paid or prepaid on account of Insurance Policies.

Sale Agreement, ¶ 2.02(d) (emphasis added).

7. Thus, it is clear from the Sale Motion and Sale Agreement that the Selling Debtor intends to transfer certain rights, including claims under insurance policies or any proceeds therefrom, that relate to the Transferred Assets. However, neither the Sale Motion nor the Sale Agreement identify which insurance policies will be implicated by the sale. As such, FFIC is unable to determine whether any rights under the FFIC Agreements will be transferred or otherwise affected by this sale.

SL1 732587v1/021630.00003

8. In addition, the Sale Motion states that the Selling Debtor will transfer any contracts identified on Schedule 5.14(a) to the Sale Agreement to Rhodia and may add additional contracts to that schedule up to sixty (60) days following the Closing Date. Thus, FFIC will not be able to determine, with any degree of certainty, whether the FFIC Agreements will be transferred until sixty (60) days after the Closing Date.

9. Accordingly, FFIC submits this Limited Objection in order to obtain adequate protection of its interests in the FFIC Agreements, as well as formal assurances that: (i) neither the FFIC Agreements nor any rights thereunder are being assumed, assigned or otherwise transferred in connection with this proposed transaction; (ii) the relief requested in the Sale Motion will not violate FFIC's contractual rights and/or release Debtors from any ongoing reciprocal contractual obligations under the FFIC Agreements; and (iii) the effect of this transaction will not prejudice FFIC's rights under the FFIC Agreements or otherwise by forcing it to assume different, greater, additional and/or competing risks than it originally bargained for or for which it was paid a negotiated premium.

10. As set forth above, applicable non-bankruptcy law precludes the assignment of the FFIC Agreements without FFIC's consent. In the event that any of the FFIC Agreements or any rights thereunder will be assigned, transferred or otherwise affected in connection with this proposed sale transaction, FFIC objects and reserves all rights to consent to any such assignment or transfer as well as to insist on Debtors' or Rhodia's full compliance with the requirements of sections 365(b) and 365(f) of the Bankruptcy Code and/or all terms of FFIC Agreements.

11. Moreover, in the event that the FFIC Agreements are identified as executory contracts that will be assumed and assigned in connection with this proposed sale transaction, FFIC reserves its rights to assert claims for any presently unliquidated amounts for any

obligations due and owing under the FFIC Agreements, including, without limitation, the right to receive adequate assurance of future performance, whether or not such obligations may be considered as cure costs. Provided that FFIC expressly consents in the first instance, any and all obligations of Debtors, as the insureds under the FFIC Agreements, must be expressly assumed by Rhodia, in connection with any assumption, assignment and/or transfer of the FFIC Agreements.

12. FFIC expressly reserves, and does not waive, any and all of its rights, claims, defenses, limitations and/or exclusions in connection with its contractual rights, and Debtors' contractual obligations, under the FFIC Agreements, applicable law or otherwise. FFIC further reserves all rights to assert any and all such rights, claims, defenses, limitations and/or exclusions in any appropriate manner or forum whatsoever (including, without limitation, any of its rights to have any non-core matter relating to the interpretation of its contractual rights and Debtors' contractual obligations adjudicated by the United States District Court). Nothing contained in this Limited Objection shall be deemed to expand any coverage that may otherwise be available under any insurance policies or any rights to payment under any settlements.

13. FFIC further reserves all of its rights to raise any issues contained in this Limited Objection and any other related issues in any procedurally-appropriate contested matter and/or adversary proceeding including, without limitation, (i) objections to confirmation of any plan; (ii) a separate adversary proceeding requesting any appropriate declaratory and/or injunctive relief; (iii) or an objection to any subsequent motion seeking approval of an asset sale to any prospective asset purchaser with respect to any contractual rights that may be adversely affected by the Sale Motion or the confirmation of any plan.

14. FFIC further reserves all of its rights to object to any claim for coverage under any of the FFIC Agreements and/or any claim for payment and/or to seek declaratory and/or injunctive relief to the extent that treatment of its contractual rights, and Debtors' contractual obligations, under the FFIC Agreements violates any terms or conditions of any of the FFIC Agreements or gives rise to any claims and/or defenses on behalf of FFIC.

15. Nothing in this Limited Objection shall be construed as an acknowledgment that any of the FFIC Agreements cover or otherwise apply to any claims, losses or damages on account of any claims or otherwise, or that any such claims or causes of action are eligible for payment. FFIC reserves the right to seek an adjudication that Debtors, or any administrator or trustee appointed pursuant to a plan, have waived or forfeited any available coverage under the FFIC Agreements.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, FFIC respectfully requests that, in the event the FFIC Agreements or any rights thereunder are sought to be assumed, assigned or otherwise transferred by Selling Debtor in connection with this proposed sale transaction or otherwise, this Court (i) condition any such assumption, assignment and/or transfer of the FFIC Agreements or any rights thereunder on first receiving FFIC's express consent thereto, on FFIC being provided with adequate protection of its interests in the FFIC Agreements, and on Selling Debtor's and/or Rhodia's full compliance with the requirements of sections 365(b) and 365(f) of the Bankruptcy Code, especially with respect to any presently unliquidated obligations due and owing under the FFIC Agreements; and (ii) grant FFIC such other and further relief as may be just.

Dated:  July 5, 2007                                STEVENS & LEE, P.C.

*/s/ John D. Demmy*
John D. Demmy (No. 2802)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3308
Telecopier: (610) 371-8515
E-mail: jdd@stevenslee.com

        -and-

Leonard P. Goldberger
John C. Kilgannon
(Members of Pennsylvania Bar)
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Telephone:  (215) 751-2864
Telecopier:  (610) 371-7376

*Attorneys for Fireman's Fund Insurance Company*

7

## **CERTIFICATE OF SERVICE**

John D. Demmy hereby certifies that on this 5th day of July, 2007, true and correct copies of the foregoing *LIMITED OBJECTION AND RESERVATION OF RIGHTS OF FIREMAN'S FUND INSURANCE COMPANY TO MOTION FOR AN ORDER (A) APPROVING THE AGREEMENTS BY AND BETWEEN W.R. GRACE & CO. – CONN. AND RHODIA INC.; (B) AUTHORIZING THE SALE OF CERTAIN ASSETS OF W.R. GRACE & CO. – CONN.'S WASHCOAT BUSINESS TO RHODIA INC. FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT TO RHODIA INC. OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVING A POTENTIAL BREAK UP FEE; AND (E) GRANTING CERTAIN RELATED RELIEF* were served on the following counsel of record, all by electronic mail delivery and by regular United States first class mail delivery:

Janet S. Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

James E. O'Neill, Esquire
Pachulski Stang Ziehl Young
Jones & Weintraub LLP
919 North Market Street
17th Floor, P.O. Box 8705
Wilmington, DE 19899-8705

Lewis Kruger, Esquire
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esquire
Duane Morris, LLP
1100 N. Market Street, Suite 1200
Wilmington, DE 19801-1246

Scott L. Baena, Esquire
Bilzin, Sumberg, Dunn, Baena,
Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131

Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

Peter Van L. Lockwood, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, NW
Washington, DC 20005

Mark T. Hurford, Esquire
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801

Gary Becker, Esquire
Kramer Levin Naftalis & Frankel,
919 Third Avenue
New York, NY 10022

8

Teresa K.D. Currier, Esquire
Buchanan, Ingersoll & Rooney, P.C.
1000 West Street
Suite 1410, P.O. Box 1397
Wilmington, DE 19899-1397

John C. Phillips, Jr. , Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Randall M. Walters, Esquire
Jones Day
325 John H. McConnell Boulevard
Suite 600
Columbus, OH 43215

Richard H. Wyron, Esquire
Orrick, Herrington & Sutcliffe, LLP
3050 K Street. NW
Suite 300
Washington, DC 20007

David Klauder, Esquire
Office of the United States Trustee
844 N. King Street
Wilmington, DE 19801

*/s/ John D. Demmy*
John D. Demmy

9