IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | (Jointly Administered) |
|  |  |
| Debtors. | Objection Deadline: July 6, 2007 |
|  | Hearing Date: July 23, 2007 @ 2:00pm |
|  | Related Dkt. Nos. 16083, 16240 |

**ASBESTOS PERSONAL INJURY CLAIMANTS' COMMITTEE'S STATEMENT
IN FURTHER SUPPORT OF OPPOSITION TO DEBTORS' TENTH MOTION
FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING DEBTORS'
EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN
AND TO SOLICIT VOTES THEREON**

The Official Committee of Asbestos Personal Injury Claimants (the "ACC") joins in the "Asbestos Constituents' Opposition to Debtors' Tenth Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon," but writes separately to emphasize the absolute injustice to the asbestos personal injury creditors of allowing exclusivity to continue yet again.

In their Tenth Motion, the Debtors argue that "[w]hile time has passed, and the Debtors are now before the Court seeking a further extension of exclusivity, nothing has happened to warrant allowing exclusivity to terminate." Tenth Motion 1. But the Debtors have it exactly backward – under controlling case law creditors have no obligation to show circumstances that warrant a termination of exclusivity. *See, e.g.,* In re Newark Airport/Hotel LP, 156 B.R. 444, 451 (Bankr. D.N.J.) (debtor bears the burden of demonstrating the existence of "cause" for extension), *aff'd*, FGH Realty Credit Corp. v. New Airport/Hotel LP, 155 B.R. 93 (D.N.J. 1993). Rather, Congress has placed a heavy burden on debtors to show that a continuation of exclusivity

{D0089208.1 }

is warranted, which gets higher and higher with each new application for extension. *See* In re Dow Corning Corp., 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997).

Delaying payment is the oldest, and perhaps the most powerful, weapon in a debtor's arsenal to confound its creditors. Exclusivity allows a debtor to delay payment and, if extended improperly with no progress towards a confirmable plan, gives it unfair bargaining leverage over its creditors. *See* Century Glove, Inc. v. First Am. Bank, 860 F.2d 94, 102 (3d Cir. 1988) (stating that "*unlimited* exclusivity would give a debtor 'undue bargaining leverage,' because it could use the threat of delay to force unfair concessions") (citing 1978 U.S.C.C.A.N. 5787, 6191, & emphasis in original). Congress sought to correct this imbalance by limiting extensions of exclusivity only upon a showing of "cause." *See* 11 U.S.C. § 1121(d). It did not intend for exclusivity to be extended, in effect, indefinitely.[1] *See* Century Glove, Inc., 860 F.2d at 102 ("[T]he Legislative history counsels a narrow reading of section [1121].").

Here, the repeated extension of exclusivity with no confirmable plan in sight has allowed Grace, its shareholders, and its voluntary creditors to obtain an unfair bargaining advantage over the asbestos personal injury creditors – none of whom voluntarily extended credit to or bought stock in W.R. Grace. Under the Debtors' patently unconfirmable plan, the unsecured commercial (non-asbestos) creditors receive post-petition interest which more than compensates them for the time value of money in waiting for payment. The equity holders' investment is likewise protected from cancellation or any material dilution by the Debtors' plan. Moreover, shareholders and financial creditors can freely trade their equity or debt interests in Grace on the open markets.

---

[1] The 2005 amendments to the Bankruptcy Code (which do not apply to this case) certainly confirmed this when they capped the exclusive periods at 18 months and 20 months, respectively *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, § 411, 119 Stat. 23, 106-07 (2005).

By contrast, asbestos personal injury creditors, many of whom are sick and dying, receive no time value of money compensation for the delay in paying their claims, nor can they trade out of their unenviable position of being an involuntary creditor of a bankrupt entity.

These repeated extensions of exclusivity have resulted in the unconscionable situation where the asbestos personal injury creditors – alone of all the constituencies in this case – are held hostage to the Debtors' ability to delay indefinitely their obligation to propose a plan that has any hope of being confirmed within a reasonable time.  Termination of exclusivity would even the parties' bargaining position, as Congress intended, and not condone the Debtors' obvious strategy of delaying matters again and again and again and again and again and again and again and again and again (nine times and counting!) in the hope that interminable delay will force the asbestos creditors to heavily discount the fair value of their claims.  Enough is enough.

For all of these reasons, the ACC respectfully requests that the Court deny the Tenth Motion to extend exclusivity.

Respectfully submitted,

| **CAPLIN & DRYSDALE, CHARTERED** | **CAMPBELL & LEVINE, LLC** |
|---|---|
| Elihu Inselbuch | |
| 375 Park Avenue, 35th Floor | |
| New York, NY  10152-3500 |  /S/ Mark Hurford |
| Telephone: (212) 319-7125 | Marla R. Eskin (No. 2989) |
| Telefax: (212) 644-6755 | Mark T. Hurford (No. 3299) |
|  | 800 N. King Street, Suite 300 |
| Peter Van N. Lockwood | Wilmington, DE 19801 |
| Nathan D. Finch | Telephone: (302) 426-1900 |
| Jeffrey A. Liesemer | Telefax: (302) 426-9947 |
| One Thomas Circle, N.W. | |
| Washington, D.C. 20005 | |
| Telephone: (202) 862-5000 | |
| Telefax: (202) 429-3301 | |

*Counsel for the Official Committee of Asbestos Personal-Injury Claimants*

Dated:  July 6, 2007