## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Related to Docket Nos 15950, |
| | ) | 15955, 15966, 15987 and 15850. |
| | ) | |
| | ) | |

### JOINT CERTIFICATION OF COUNSEL REGARDING ORDER ESTABLISHING THE NON-WAIVER OF PRIVILEGES CONTAINED IN ANSWERS TO THE DEBTORS' INTERROGATORIES AND THE SEALING AND CONFIDENTIALITY OF SUCH ANSWERS

The undersigned hereby certifies that:

1)     This Certification of Counsel is submitted on behalf of various firms representing asbestos personal injury claimants represented by Stutzman, Bromberg, Esserman & Plifka, P.C. (the "SBEP Firms"), certain cancer firms represented by Montgomery, McCracken, Walker & Rhoads, LLP (the "MMWR Cancer Firms"), the law firm of Kelley & Ferraro, LLP, and the law firm of Motley Rice, LLC (collectively, the "Firms").

2)     On June 26, 2007, this Court held a hearing on the Motion of the Firms, along with various other firms representing personal injury claimants, to quash the deposition notices served upon them by the Debtors.[1]  Chief

---

[1] *See* Memorandum in Support of Motley Rice LLC's Motion for Protective Order (Docket No. 15950), Motion of the Official Committee of Asbestos Personal Injury Claimants and David T. Austern, Legal Representative for Future Asbestos Claimants for Protective Order (Docket

among the grounds for quashing the notices was an assertion of attorney work product privilege over the subject matter of the depositions.

3) At the hearing, the Court ordered that depositions would not go forward and, instead, the Debtors would be permitted to propound a Third Set of Interrogatories to four law firms: Baron & Budd, P.C., Kelley & Ferraro, LLP, Motley Rice, LLC and the Law Offices of Peter G. Angelos, P.C. The firms to be served with the Third Set of Interrogatories agreed that, while maintaining their privilege and work product privilege objections, they would answer subject to the entry of an order providing for the non-waiver of the privileges and the confidentiality of the answers provided to the interrogatories.

4) This Court made clear that the Firms would be protected to the fullest extent possible, and stated:

> To the extent that the firms are prepared to answer these questions provided that the Court enters an order that says your attorney client privileges and your work product privileges are preserved and not waived by answering these questions in whatever format they are eventually transmitted by the debtor to your firms, to the firms that you represent. I am so ordering. So those answers will be protected. The questions in whatever format and in whatever format the answers come to those questions will not constitute a waiver of either the attorney client or the work product privilege […] Okay. **So your clients are protected to the maximum extent that this Court can offer**

---

No. 15955), Motion of Certain Law Firms to Quash Deposition Notices and for a Protective Order (Docket No. 15966), Motion of the MMWR Cancer Firms for a Protective Order with Respect to Notices of Deposition Served on Them by W.R. Grace (Docket No. 15987), and Memorandum in Support of Cooney and Conway's Motion for Protective Order (Docket No. 15850)

**that protection.  Your clients are protected and whatever form of order you wish me to sign, you may prepare and I will sign.**

Transcript of Hearing on June 26, 2007 at page 110 (Docket No. 16208) (emphasis added).[2]

5)      Attached hereto is an order embodying the protection ordered by this Court at the June 26 hearing (the "Proposed Order").  It provides for the non-waiver of privileges and, vitally, for the maintenance of the strictest confidentiality regarding the answers to the Third Set of Interrogatories.  The Proposed Order provides that the answers will be treated as if filed under seal and not disclosed to any entity not expressly authorized by the Proposed Order, and further provides that the answers may only be used by the Debtors, their counsel and their experts for the limited purpose of the estimation proceedings in this case.

6)      Counsel for the Firms provided the Proposed Order to the Debtors counsel for review.  Astonishingly in light of this Court's clear order, the Debtors refused to agree to the confidentiality provisions.  This is particularly unfathomable given the Debtors' recent filing of  an agreed motion for a protective order in conjunction with Congoleum Corporation with respect to a third party subpoena served upon Congoleum.  The proposed stipulation and order appended thereto runs to some 5 pages and provides for the protection of information provided by Congoleum to the

---

[2] Counsel for the Debtor expressly agreed to the entry of a non-waiver order.  The Court asked, on the record "the debtor has so agreed, correct Mr. Bernick?" to which Counsel for the Debtor responded "Correct."  Transcript at page 110.

highest degree of confidentiality and the maintenance of such information under seal. *See* Agreed Motion of the Debtors and Congoleum Corporation for Entry of Stipulation and Protective Order (Docket No. 16226).

7)      The protections in the Proposed Order, modest in comparison with the Congoleum order, are of critical importance to the efficacy of the Court's Order that the privileges be maintained. Without the protection of confidentiality to the maximum extent, the non-waiver order is undermined, because the privilege remains meaningful only to the extent that the Debtors are precluded from revealing the content of the answers to other entities. Without the protections contained in the Proposed Order, the Firms are unwilling to agree to respond to the Third Set of Interrogatories (or any other discovery that implicates privilege and work product issues) and will not provide answers thereto.

8)      This Court, in acknowledging the offer of the Firms to respond to the Third Set of Interrogatories providing that the work product privilege was maintained, stated that "whatever form of order you wish me to sign, you may prepare and I will sign." Transcript at 110. The Firms, in compliance with this instruction, respectfully request that the Court enter the Proposed Order.

Dated: July 9, 2007

Sander L. Esserman
David J. Parsons
**STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:   (214) 969-4900
Facsimile:    (214) 969-4999

**COUNSEL FOR THE SBEP FIRMS**

/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone:   (302) 656-7540
Facsimile:    (302) 656-7599
E-mail:  dkhogan@dkhogan.com

**LOCAL COUNSEL FOR**
**THE SBEP FIRMS**

/s/ Noel C. Burnham
Noel C. Burnham, Esquire (DE 3483)
Natalie D. Ramsey, Esquire (PA only)
Leonard A. Busby, Esquire (PA only)
1205 North Market street, 15th Floor
Wilmington, DE 19801
Telephone:   (302) 504-7890
Facsimile:    (302) 504-7820

-and-

123 South Broad Street
Philadelphia, PA 19109
Telephone:   (215) 772-1500
Facsimile      (215) 772-7620 (facsimile)

**COUNSEL FOR**
**THE MMWR CANCER FIRMS**

/s/ Thomas M. Wilson
Thomas M. Wilson, Esq.
Kelley & Ferraro, LLP
2200 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone:   (216) 575-0777
Facsimile:   (216) 575-0799

**KELLY & FERRARO LLP**

**-AND-**

/s/ John E. Herrick
John E. Herrick
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
Telephone:   (843) 216-9000
Facsimile:   (843) 216-9440

**MOTLEY RICE LLC**