## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. Grace & Co., et al.**[1] | ) | **Case No. 01-1139** |
| | ) | **(Jointly Administered)** |
| Debtors | ) | |
| | ) | |

### AFFIDAVIT OF KENNETH A. REMSON UNDER 11 U.S.C. 327(e)
### (Dickstein Shapiro LLP)

| | | |
|---|---|---|
| **STATE OF CALIFORNIA** | ) | |
| | ) | **ss:** |
| **COUNTY OF LOS ANGELES** | ) | |

Kenneth A. Remson, being duly sworn, upon his oath, deposes and says:

1.      I am Counsel with Dickstein Shapiro LLP, located at 2049 Century Park East, Suite 700, Los Angeles, CA 90067-3109 (the "Firm").

2.      The Debtors have requested that the Firm provide legal services to the Debtors in connection with the representation of W.R. Grace & Co. – Conn. and Grace Construction Products in connection with *Zormaxx Corp. v. Standard Concrete Products, Inc. et al.*, Case No.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.- Conn., A-1 Bit & Tool Co., Inc., Alewife Boston, Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc. Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston, Ltd., G.C. Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G. C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B, Inc., Grace A-B II, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G, Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Interdemco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

DSMDB-2288052v01

BC354827, Los Angeles County Superior Court (the "Zormaxx Litigation"), and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the matters with respect to which the Firm is to be engaged by the Debtors, for persons that are parties-in-interest in the Debtors' chapter 11 cases. The Firm does not perform services for any such person in these chapter 11 cases, or have any engagement with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates with respect to the matters upon which the Firm is to be engaged by the Debtors.

4.      As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these chapter 11 cases.

5.      Neither I nor any partner of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6.      Neither I nor any partner of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters upon which the Firm is to be engaged by the Debtors.

7.      The Debtors owe the Firm $0.00 for prepetition services.

8.      The Firm has conducted inquiries regarding its retention by any of the parties to the Zormaxx Litigation, and given the narrow scope of the services to be rendered by the Firm as counsel to the Debtors in connection with the Zormaxx Litigation, the Firm submits that its conflicts inquiry, as described herein, is appropriate and sufficient under the circumstances of this case. If, at any time during the period of its employment, the Firm should discover any facts

2

bearing on the matters described herein, the Firm will supplement the information contained in

this Affidavit.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing

is true and correct.

Executed on July 12, 2007

Kenneth A. Remson

Sworn to before me this
_July 12th, 2007_

Notary Public

JAMILA VEASLEY
COMM. #1594927
Notary Public - California
Los Angeles County
My Comm. Expires Jul. 14, 2009

3

DSMDB-2288052v01