IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket Nos. 16220, 16249** |
| | ) | **Objection Deadline: July 13, 2007** |
| | ) | **Hearing Date: July 23, 2007 at 2:00 p.m.** |

## DEBTORS' RESPONSE TO SPEIGHTS & RUNYAN'S MOTION TO SUPPLEMENT RECORD REGARDING MOTION TO ALTER OR AMEND THE COURT'S ORDER AND MEMORANDUM OPINION DISALLOWING AND EXPUNGING 71 CLAIMS ENTERED ON APRIL 17, 2007

1.      On April 17, 2007, this Court entered an Order and Memorandum Opinion

disallowing and expunging 71 Asbestos PD claims filed by Speights & Runyan.  This Opinion

was the result of multiple rounds of briefing commencing with the Debtors' Thirteenth Omnibus

Objection to 2,937 Unauthorized Claims Filed by the Law Firm of Speights & Runyan in

September 2005 and two extensive hearings before this Court, in January 2006 and August 2006.

2.      On April 27, 2007, Speights & Runyan ("S&R") moved to "alter or

amend" the Court's ruling solely with respect to three claims:  Bayshore Community Hospital

(Claim No. 6901), Children's Hospital of Pittsburgh of UPMC Health System (Claim No. 10962)

and James Memorial Hospital (Claim No. 14410).[1]

3.      For these three claims, S&R attached to their Motion purported authority

documents that Speights & Runyan never before submitted to the Court or to the Debtors; that

---

[1] S&R has filed Notices of Appeal for 44 other claims.  The balance of the claims are no longer at issue as a result of other rulings and withdrawals.

are different from the forms provided by S&R to the Debtors in September 2005 for these three claimants; and that are different from the forms submitted by S&R to the Court now.

4.      For these three claims, on July 2, 2007, S&R filed a Motion to Supplement. In the Motion, bizarrely, S&R submits three documents with no pre-Bar Date dates anywhere on them. These documents therefore do not show pre-Bar Date authority for the three claims at issue.

5.      Although the documents are therefore irrelevant, and should be rejected for that reason alone, the basic premise of S&R's Motion -- that in January 2006, the Court considered ratification issues rather than considering issues as to whether there was pre-Bar Date authority for specific claims -- makes no sense. If S&R did have actual pre-Bar Date authority for any claim, there would be no need to consider post-Bar Date ratification for such claims. S&R's attempt to conflate ratification issues with the plain-and-simple question of whether the documents for these three claims show pre-Bar Date authorizations, fails.

6.      Therefore, S&R's Motion must be denied.

**Argument**

**I.  The Motion Should Be Denied Because S&R Cannot Supplement the Record Regarding Pre-Bar-Date Authority At This Late Date and The Court Did Not Allow Such Future Supplementation during the January 2006 Hearings.**

7.      At the June 25, 2007, hearing, Dan Speights argued that, at the January 2006 hearings when this Court dealt with authority issues for various claims including the three claims at issue here, the Court heard argument on ratification issues and held the door open for S&R to provide additional evidence of authority for specific individual claims at a later date. S&R makes a similar assertion in its July 2 motion.

8.     This revisionist history is not true.  During the January 25, 2006 hearing, when the Court heard argument on these claims for which S&R lacked authority as of the Bar Date, the Court **did NOT hold the door open for any future submission of evidence of pre-Bar Date authority for these claims.**  *See* 1/25/06 Transcript, pages 20-54, attached hereto as Exhibit A.  The Court did request supplemental briefing on ratification issues.  1/25/06 Tr. at 33:7.  But, the Court said absolutely nothing about holding the record open to allow future supplementation regarding pre-Bar Date authority.

9.     Doing so would have made no sense.  If S&R did have actual evidence of pre-Bar Date authority for any of the 68 claims that the Debtor was objecting to on the basis of late authority, S&R would have provided the evidence so as to resolve the Debtors' objections.

10.     Indeed, S&R did provide to Debtors' counsel, in September 2005, the three purported authority forms that are attached to S&R's July 2 Motion.  But, because those forms do NOT show pre-Bar Date authority, the Debtors did not remove these three claims from the group of 68 late-authority claims that were still at issue as of the January 25, 2006 hearing.

11.     S&R is attempting to conflate pre-Bar Date authority and ratification.  Even if the Court requested briefing on ratification issues in January 2006, this has nothing to do with whether S&R had documents showing pre-Bar Date authority for specific claims.

12.     Thus, S&R's notion that the Court held the door open for future supplementation of evidence of pre-Bar Date authority is:  (i) entirely incorrect as demonstrated by the January 25, 2006 Transcript; and (ii) completely irrelevant, because S&R had already provided to the Debtors the very forms that it attached to its July 2 Motion.

3

## II. Even if S& R's Purported Authorizations for These Three Claims Are Accepted for the Record, They Do NOT Show pre-Bar Date Authority.

13.    Speights & Runyan attaches to their Motion three documents that purport to show authority for the three claims at issue:  Bayshore Community Hospital (6901) ("Bayshore"); Children's Hospital of Pittsburgh (10962) ("Children's"); and Jameson Memorial Hospital (14410) ("Jameson").  Grace agrees that S&R provided these three documents to Grace's counsel in September 2005.  Indeed, Grace made this clear in its June 8 Response, which is attached hereto as Exhibit B.

14.    However, the three authority forms provided by S&R to Grace in September 2005 and attached to their present Motion do not show pre-Bar Date authority for these claims, as set forth below:

15.    Bayshore:  In September 2005, Speights & Runyan provided the Debtors with a purported authorization that bears facsimile transmission dates of October 1, 2003 and September 12, 2003 -- well after the March 31, 2003 Bar Date.  There is no other date anywhere on the document -- and no date prior to the March 31, 2003 Bar Date anywhere on the document.  The Affidavit of Susan Murdagh, attached to the July 2, 2007, Motion, provides the same document, with facsimile transmission dates of October 1, 2003 and September 12, 2003 -- well after the March 31, 2003 Bar Date.  Thus, for the Bayshore claim, the purported authority form that S&R provided to the Debtors in September 2005 and again with their July 2 Motion *does not show pre-Bar Date authority.*

16.    Children's:  The purported authority form that S&R provides to the Debtors in September 2005 and provides again now has no date on it anywhere, and the

4

facsimile transmission line at the top is not readable. Thus, for the Children's claim, the purported authority form that S&R provided to the Debtors in September 2005 and again with their July 2 Motion *does not show pre-Bar Date authority.*

17.    Jameson: The purported authority form that S&R provides to the Debtors in September 2005 and provides again now has no date on it anywhere, and the facsimile transmission line at the top is not readable. Thus, for the Jameson claim, the purported authority form that S&R provided to the Debtors in September 2005 and again with their July 2 Motion *does not show pre-Bar Date authority.*

18.    Enough is enough with respect to authority issues for these claims. S&R has provided no evidence of pre-Bar Date authority for these claims; and the time for doing so has long passed.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court deny Speights &

Runyan's Motion to Supplement the Record Regarding the Court's Order and Memorandum

Opinion Disallowing and Expunging 71 Claims Entered on April 17, 2007 and impose whatever

other relief may be necessary under the circumstances.

Dated:  July 13, 2007

KIRKLAND & ELLIS LLP
David M. Bernick
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession