IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.,[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Objection Deadline: August 6, 2007 at 4:00 p.m. |
| ) | Hearing Date: September 24, 2007, at 2:00 p.m. |

**SUMMARY OF FIRST QUARTERLY INTERIM VERIFIED APPLICATION OF SOCHA, PERCZAK, SETTER & ANDERSON, P.C. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS ORDINARY COURSE PROFESSIONAL FOR THE INTERIM PERIOD FROM NOVEMBER 1, 2006 THROUGH DECEMBER 31, 2006 AND FEBRUARY 1, 2007 THROUGH FEBRUARY 28, 2007**

| | |
|---|---|
| Name of Applicant: | Socha, Perczak, Setter & Anderson, P.C. |
| Authorized to Provide Professional Services to: | W. R. Grace & Co., et al., Debtors and Debtors-in-Possession |
| Date of Retention: | Retained as an Ordinary Course Professional, October 15, 2006[2] |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] On October 15, 2006, Socha, Perczak, Setter & Anderson, P.C. ("Socha, Perczak") was retained by the Debtors as an ordinary course professional ("OCP") in the Chapter 11 Cases to provide legal services regarding discovery related to the Debtors' asbestos personal injury claims and related product claims. On November 13, 2006, Socha, Perczak filed its affidavit of disinterestedness to support its retention as an OCP. See Docket No. 11490. No objections were filed to Socha, Perczak's retention. Thus, Socha, Perczak is employed, and continues to be employed, as an OCP in these Chapter 11 Cases.

K&E 11965081.1

Period for which compensation and reimbursement is sought: **November 1, 2006 through December 31, 2006 and February 1, 2007 through February 28, 2007**

Amount of Compensation sought as actual, reasonable, and necessary: **$80,467.50**

Amount of Expense Reimbursement sought as actual, reasonable and necessary: **$16,158.32**

This is a: __ monthly  x quarterly application.

Previous fee applications:

| Date Filed | Period Covered | Fees | Expenses | Total | Expected Standard OCP Payment | Excess OCP Fees and Expenses |
|---|---|---|---|---|---|---|
| May 30, 2007 | 11/1 – 11/30/06 | $88,772.50 | $2,763.80 | $91,536.30 | <$50,000.00> | $41,536.30 |
| May 30, 2007 | 12/1 - 12/31/06 | $56,797.50 | $3,003.16 | $59,800.66 | <$50,000.00> | $9,800.66 |
| May 30, 2007 | 2/1 - 2/28/07 | $84,897.50 | $10,391.36 | $95,288.86 | <$50,000.00> | $45,288.86 |

Socha, Perczak has filed certificates of no objection with the Court with respect to the Monthly Fee Applications for November and December 2006, and February 2007, because no objections were filed with the Court within the objection period. The hearing for the Quarterly Application for the interim period January 1, 2007 through March 31, 2007, has been scheduled for September 24, 2007.

The Socha, Perczak attorneys who rendered professional services during the Fee Period in excess of the monthly cap for OCP, are [3]

| Name of Professional Person | Position with the Applicant and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| David M. Setter | Shareholder, 1981 | $250.00 | 342.70 | $85,675.00 |
| Jeanette S. Eirich | Associate, 1994 | $175.00 | 351.60 | $61,530.00 |
| Andrew J. Kalish | Associate, 2000 | $175.00 | 199.50 | $34,912.50 |
| Dawn-Carole Harris | Associate, 1995 | $175.00 | 15.60 | $2,730.00 |
| **Totals for Attorneys** | | | 909.40 | $184,847.50 |

---

[3] Any capitalized terms not defined herein have the meaning ascribed to them in the First Quarterly Interim Verified Application of Socha, Perczak, Setter & Anderson P.C. for Compensation for Services and Reimbursement of Expenses as Ordinary Course Professional for the Interim Period from November 1, 2006 through December 31, 2006 and February 1, 2007 through February 28, 2007.

2

K&E 11965081.1

The paraprofessionals of Socha, Perczak who rendered professional services in these cases during the Fee Period in excess of the monthly cap for OCP, are:

| Name of Paraprofessional Person | Position with the Applicant | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Matthew G. Clark | Legal Assistant | $100.00 | 102.90 | $10,290.00 |
| Daniel J. Freeman | Legal Assistant | $100.00 | 161.40 | $16,140.00 |
| Kerry P. O'Hanlon | Legal Assistant | $100.00 | 186.70 | $18,670.00 |
| Cheryl Schwisow | Nurse Paralegal | $100.00 | 5.20 | $520.00 |
| Totals for Paraprofessionals | | | 456.20 | $45,620.00 |

**Grand Total for Fees**     **$230,467.50**
**Blended Rate:**     **$168.77**

## EXPENSE SUMMARY

| Service Description | Amount |
|---|---|
| Travel Expenses | $9,105.30 |
| Working Meals | $156.20 |
| Overnight Delivery | $618.25 |
| Filing Fees | $40.00 |
| Standard Copies and Prints | $536.34 |
| Consulting Expert Fees | $5,000.00 |
| Standard Copies and Prints | $702.23 |
| Total | $16,158.32 |

3

K&E 11965081.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline:** August 6, 2007 at 4:00 p.m. |
| | ) | **Hearing Date:** September 24, 2007 at 2:00 p.m. |

**FIRST VERIFIED APPLICATION OF SOCHA, PERCZAK, SETTER & ANDERSON, P.C. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS ORDINARY COURSE PROFESSIONAL FOR THE INTERIM PERIOD FROM NOVEMBER 1, 2006 THROUGH DECEMBER 31, 2006 AND FEBRUARY 1, 2007 THROUGH FEBRUARY 28, 2007**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, and the Order Granting Leave in Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals As It Pertains to Socha, Perczak, Setter & Anderson, P.C. dated May 3, 2007, Socha, Perczak, Setter & Anderson, P.C. ("Socha, Perczak"), as ordinary course professional for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation for the amount of $80,647.50 for the reasonable and necessary legal services Socha, Perczak has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Socha, Perczak has incurred in the amount of $16,158.32 (the "Fee Application"), in each case for the period from November 1, 2006 through December 31, 2006 and February 1, 2007 through February 28, 2007, (the "Fee Period"). In support of this Fee Application, Socha, Perczak respectfully states as follows:

## BACKGROUND

**Retention of Socha, Perczak**

1. On October 15, 2006, Socha,Perczak was retained by the Debtors as an ordinary course professional ("OCP") in the Chapter11 Cases to provide legal services regarding discovery related to the Debtors' asbestos personal injury claims and related product claims. On November 13, 2006, Socha, Perczak filed its affidavit of disinterestedness to support its retention as an OCP. See Docket No. 11490. No objections were filed to Socha, Perczak's retention. Thus, Socha, Perczak is employed, and continues to be employed, as an OCP in these Chapter 11 Cases.

2. On May 3, 2007, this Court entered its Order Granting Leave in Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals As It Pertains to Socha, Perczak, Setter & Anderson, P.C.

**Monthly Interim Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the Fee Application for compensation for services rendered that,

Socha, Perczak has filed pursuant to the Order Granting Leave in Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals As It Pertains to Socha, Perczak, Setter & Anderson, P.C., dated May 3, 2007, and covers the Fee Period of November 1, 2006 through December 31, 2006 and February 1, 2007 through February 28, 2007.

6. Socha, Perczak has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

   a. Summary Application of Socha, Perczak, Setter & Anderson P. C. as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for November 2006 (the "November Fee Application") attached hereto as Exhibit A;

   b. Summary Application of Socha, Perczak, Setter & Anderson P. C. as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for December 2006 (the December Fee Application") attached hereto as Exhibit B; and

   c. Summary Application of Socha, Perczak, Setter & Anderson P. C. as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for February 2007 (the    "February Fee Application") attached hereto as Exhibit C.

7. The periods for objecting to the fees and expense reimbursement requested in the November, December and February Fee Applications passed without any objections being filed, whereupon the Debtors filed certificates of no objection with the Court and have either paid or will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

8. Socha, Perczak has advised and represented the Debtors in connection with the third party discovery proceedings and has performed various other professional services during the period covered by the Fee Application.

**Previous Quarterly Fee Applications**

9. Socha, Perczak has not previously filed Quarterly Fee Applications.

**Requested Relief**

10. By this Fee Application, Socha, Perczak requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Socha, Perczak for the Fee Period as detailed in the Applications, less any amounts previously paid to Socha, Perczak pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

**Disinterestedness**

11. On November 13, 2006, Socha, Perczak filed its affidavit of disinterestedness to support its retention as an OCP. See Docket No. 11490. No objections were filed to Socha, Perczak's retention. Socha, Perczak does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

## REPRESENTATIONS

12. Socha, Perczak believes that the Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

13. Socha, Perczak performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

14. During the Fee Period, Socha, Perczak has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

15. Pursuant to Fed. R. Bank. P. 2016(b), Socha, Perczak has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Socha, Perczak, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, Socha, Perczak respectfully requests that the Court enter an order providing that (a) for the Fee Period, November 1, 2006, through November 30, 2006 and February 1, 2006 through February 28, 2007, an administrative allowance be made to Socha, Perczak in the sum of (i) $80,647.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $16,158.32 for reimbursement of actual and necessary costs and expenses incurred, for a total of $96,805.82; (b) the Debtors be authorized and directed to pay to Socha, Perczak the outstanding amount of such sums less any sums previously paid to Socha, Perczak pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order and (c) this Court grant such further relief as is equitable and just.

Dated:  July 17, 2007
Denver, CO

Respectfully submitted,

SOCHA, PERCZAK, SETTER
& ANDERSON, P.C.


/s/ David M. Setter
Denver Financial Center Tower
1775 Sherman Street, Suite 1925
Denver, CO 80203
(303)832-7265

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## VERIFICATION

| | |
|---|---|
| STATE OF COLORADO | ) |
| | ) ss. |
| CITT AND COUNTY OF DENVER | ) |

David M. Setter, after being duly sworn according to law, deposes and says:

1. I am a shareholder with the applicant law firm Socha, Perczak, Setter, & Anderson, P.C. ("Socha, Perczak"), and have been admitted to the Bar of the Supreme Court of Colorado since 1981.

2. I have personally performed many of the legal services rendered by Socha, Perczak as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and I am familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of Socha, Perczak.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3. I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

David M. Setter

SWORN AND SUBSCRIBED
before me this 16th day of July, 2007

Notary Public
My Commission Expires:

