## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:  W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>**Re Docket Nos. 16083, 16240, 16244,**<br>**16246, 16289 and 16297** |

## STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES' RESPONSE TO DEBTORS' MOTION FOR LEAVE TO FILE A REPLY IN FURTHER SUPPORT OF ITS TENTH MOTION FOR AN ORDER EXTENDING EXCLUSIVITY

Claimant State of California, Department of General Services ("DGS"), which has filed sixteen proofs of claim (the "DGS PD Claims") seeking over $130 million for property damage caused by Debtors' asbestos-containing building materials, respectfully submits this response to correct an inaccurate and misleading statement by Debtors in their Limited Reply to Objections to Tenth Motion for an Order Extending Debtors' Exclusive Periods (the "Reply"), which is attached as Exhibit A to Debtors' July 13, 2007 Motion for Leave to File a Reply in Further Support of Its Tenth Motion for an Order Extending Exclusivity (Dkt. No. 16289), and filed on July 16, 2007 (Dkt. No. 16297).

Ignoring the substantial DGS PD Claims in Debtors' synopsis of its settlement efforts and progress to resolve PD claims, Debtors present an incomplete and misleading picture of the extent of such efforts and progress.  In the Reply, Debtors represent to this Court that "agreements have been executed or settlements in principle have been reached with all but two firms -- the Speights & Runyan firm and the Motley Rice firm." Reply at p. 3.  In fact, Debtors have not even initiated or engaged in any settlement discussions (let alone reached any settlement agreement, in principle or otherwise) with DGS or its counsel to resolve the DGS PD

Claims, Debtors' "product identification" objections to which this Court recently overruled after

a April 24-25, 2007 trial and in its June 13, 2007 Order (Dkt. No. 16039).

Debtors' sweeping representation about its settlement efforts and disregard of the DGS

PD Claims are particularly curious, given Debtors' indication in open Court on the last day of the

product identification trial on April 24, 2007 that, despite the Court's suggestion that the parties

consider mediation (see 4/24/07 Hearing Transcript at pp. 147-149, Dkt. No. 15471), and DGS'

counsel expression of the willingness to pursue, Debtors were not interested in pursuing

mediation while its summary judgment motion on statute of limitations grounds were still

pending.

Dated: Wilmington, Delaware
July 17, 2007

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

By:  /s/ Leslie C. Heilman
Tobey Marie Daluz, Esq. (No. 3939)
Leslie C. Heilman, Esq. (No. 4716)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: daluzt@ballardspahr.com
heilmanl@ballardspahr.com

-and-

**HAHN & HESSEN LLP**
Steven J. Mandelsberg, Esq.
Christina J. Kang, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Email: smandelsberg@hahnhessen.com
ckang@hahnhessen.com

Counsel for Claimant
State of California, Dep't of General Services