IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**ORDER APPROVING STIPULATION CONCERNING
CONSOLIDATING OF CERTAIN CLAIMS [CLAIM NOS. 4384 & 4385]**

Upon consideration of the *Stipulation Concerning Consolidation of Certain Claims [Claim Nos.: 4384 & 4385]* (the "Stipulation"), attached hereto as Exhibit A; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that the Stipulation and all of the terms set forth therein are APPROVED and shall have the full force and effect of an order entered by the Court with respect thereto; and it is further

ORDERED that this Court retains jurisdiction to interpret, implement and enforce the provisions of this Order and the Stipulation.

Date: _____, 2007

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

DOCS_DE:129254.1

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## STIPULATION CONCERNING CONSOLIDATION OF CERTAIN CLAIMS

This stipulation is entered into this 29 day of June, 2007 between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Town of Acton, Massachusetts ("Claimant"). In consideration of the matters set forth herein and under the following terms and provisions, it is hereby stipulated and agreed between the Claimant and the Debtors as follows:

1. On April 22, 2002, this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.      The Claimant has two (2) proofs of claim currently pending against the Debtors regarding sewer betterment assessments on six separate parcels of land owned by Debtors located in the Town of Acton: Claim Nos. 4384 and 4385.

3.      Both of Claimants' Claims are essentially identical but for the Debtor against which each claim was filed. Pursuant to the Debtors' proposed Amended Joint Plan of reorganization (the "Plan") dated January 13, 2005, the Debtors propose that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes. Upon confirmation, each and every claim filed against any of the Debtors shall be deemed filed against the consolidated Debtors and shall be deemed one claim against and an obligation of the deemed consolidated Debtors. As a result, the parties agree that Claim No.4385 shall be disallowed and expunged from the Claims Register and that Claim No. 4384 shall remain as the surviving claim. Notwithstanding any other provisions herein, if and to the extent that the Plan or any other plan or plans of reorganization confirmed in these chapter 11 cases do (does) not provide for the substantive consolidation of the Bankruptcy Cases and Debtors (for purposes of distribution on account of allowed claims), or if one or more of the Debtors' cases is/are converted to cases under Chapter 7 of Title 11 of the United States Code, Claim No. 4385 shall be reinstated without further order of the Court and Claimant shall be entitled to pursue such claims.

4.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

5.  This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subject matter hereof, and no modification of or amendment to this Stipulation shall be valid unless it is in writing and signed by the party or parties to be charged.

6.  The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating hereto.

7.  The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the Claims Register to reflect the matters set forth herein.

**STIPULATED AND AGREED:**

| | |
|---|---|
| **TOWN OF ACTON MASSACHUSETTS**<br>By: _[signature]_<br><br>One of its attorneys<br>Thomas O. Bean<br>**McDermott Will & Emery, LLP**<br>28 State Street<br>Boston, MA 02109<br>(617) 535-4426 (ph)<br>(617) 535-3800 (fax)<br>tbean@mwe.com<br><br>**Town Counsel**<br><br>**ANDERSON & KREIGER LLP**<br>Stephen D. Anderson<br>1 Canal Park<br>Cambridge, MA 02141<br>Phone: 617-252-6575<br>Fax: 617-374-7506<br>sanderson@andersonkreiger.com | **W. R. GRACE & CO., et al.**<br>By: _[signature]_<br>One of their attorneys<br><br>**KIRKLAND & ELLIS LLP**<br>Lori Sinanyan<br>Janet S. Baer<br>200 East Randolph Drive<br>Chicago, Illinois 60601-6636<br>Telephone: (312) 861-2000<br>Facsimile: (312) 861-2200.<br><br>-and-<br><br>**PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.**<br><br>Laura Davis Jones (DE I.D. No. 2436)<br>James O'Neill (DE I.D. No. 4042)<br>919 North Market Street, 16th Floor, P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br><br>*Attorneys for Debtors and Debtors-in Possession* |

{A0007264.2}3