IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case no. 01-01139 (JFK) |
| | ) | Jointly Administered |
| Debtors | ) | |
| | ) | Related Docket Nos.: : 15703, 15705, 15707, 15709, 15711, 15713, 15715, 15717, 15719, 15721, 15723, 15730, 15732, 15734, 15735, 15738, 15740, 15741, 15744, 15746, 15748, 15950, 15955, 15959, 15966, 15987 & 16059 |
| | ) | |
| | ) | Hearing Date: July 23, 2007 @ 2:00 p.m. in Wilmington, Delaware |
| | ) | |
| | ) | Related Agenda Item No. 19 |

**MOTION FOR AN ORDER AUTHORIZING DEBTORS TO, AND DIRECTING THAT THE CLERK OF THE COURT, FILE UNDER SEAL DEBTORS' BRIEF IN FURTHER SUPPORT OF OPPOSITION TO MOTIONS FOR PROTECTIVE ORDERS TO PRECLUDE LAW FIRM DEPOSITIONS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby request authority pursuant to Del.Bankr.LR 9006-1(d), 11 U.S.C. §107(b), and Bankruptcy Rule 9018 authorizing the Debtors, and directing the Clerk of Court, to file under seal Debtors' Brief in Further Support of Opposition to Motions for Protective Orders to Preclude Law Firm Depositions (the "Brief"). In support of this Motion, the Debtors respectfully represent as follows:

1. On May 18, 2007, Debtors served notices of deposition on 21 law firms requesting the production of the attorney "most knowledgeable concerning the activities undertaken by the firm to respond to the W.R. Grace Asbestos Personal Injury Questionnaire."[1] Several law firms,

---

[1] The Deposition Notice was served on the following law firms: Alwyn H. Luckey, P.A. [Docket No. 15703]; Baron & Budd, PC [Docket No. 15705]; Cooney & Conway [Docket No. 15707]; Edward O. Moody, P.A.

(Continued…)

as well as the ACC and the FCR, filed motions to quash (or for protective orders regarding) the deposition notices.[2]

    2.    On June 26, 2007, the Court heard argument concerning these motions. During argument, Debtors agreed to withdraw the deposition notices as to all but the following four law firms (subject to a reservation that Debtors may, at a later date, seek depositions of other law firms): Baron & Budd, P.C.; Kelley & Ferraro, LLP; Motley Rice LLC; and the Law Offices of Peter G. Angelos, P.C. 6/26/07 Hrg. Tr. at 32, 67-68.

    3.    Also during the hearing, counsel for the law firms suggested a compromise position to the Court -- namely, the law firms would be willing to answer the written interrogatories in lieu of, or as a supplement to, the law-firm depositions. The Court entertained this option and specifically contemplated that Grace would file a further brief on the subject apprising the Court and the parties of its position regarding the adequacy of the interrogatory responses and the need for follow-up depositions. 6/26/07 Hrg. Tr. at 101-02.

---

    [Docket No. 15709]; Early Ludwick & Sweeney [Docket No. 15711]; Foster & Sear, LLP [Docket No. 15713]; Ferraro & Associates, P.A. [Docket No. 15715]; Kazan, McClain, Abrams, Fernandez, Lyons, Farrise & Greenwood, PC [Docket No. 15717]; Motley Rice, LLC [Docket No. 15719]; LeBlanc & Waddell [Docket No. 15721]; Williams Bailey Law Firm, LLP [Docket No. 15723]; Provost Umphrey, LLP [Docket No. 15730]; Maples & Lomax [Docket No. 15732]; Silber Pearlman, LLP [Docket No. 15734]; Weitz & Luxenburg, P.C. [Docket No. 15735]; Waters & Kraus, LLP [Docket No. 15738]; Law Offices of Peter G. Angelos, PC [Docket No. 15740]; Paul, Hanley & Harley, LLP [Docket No. 15741]; Reaud Morgan & Quinn [Docket No. 15744]; The Wartnick Law Firm [Docket No. 15746]; and Kelley & Ferraro, LLP [Docket No. 15748].

[2] *See Motley Rice LLC's Motion for Protective Order* dated June 4, 2007 [Docket No. 15950]; *Motion of Official Committee of Asbestos Personal Injury Claimants and David T. Austern, Legal Representative For Future Asbestos Injury Claimants, For Protective Order* dated June 4, 2007 [Docket No. 15955]; *Motion of Certain Law Firms to Quash Deposition Notices and for a Protective Order* dated June 5, 2007 [Docket No. 15966]; *Motion of the MMWR Cancer Firms for a Protective Order with Respect to Notices of Deposition Served on Them by W. R.. Grace* dated June 7, 2007 [Docket No. 15987]; *Memorandum in Support of Cooney and Conway's Motion for Protective Order* dated June 4, 2007 [Docket No. 15959]; Debtors' Combined Response to Motions for Protective Orders Precluding Depositions of 21 Law Firms dated June 15, 2007 [Docket No. 16059].

2

C:\Documents and Settings\dkp\Local Settings\Temporary Internet Files\OLK2\motion for leave to file in camera memorandum in opposition to law firms motions to preclude law firms depositions_(11968453_2) (3)1.DOC

4. On June 27, 2007, Grace served the Third Set of Interrogatories on the law firms. Subsequently, the four law firms provided a proposed protective order that included (over Debtors' objections) a provision for sealing of information provided in the responses to the Third Set of Interrogatories. *See* 7/9/07 Joint Certification of Counsel [Docket No. 16250].

5. On July 10, 2007, the Court entered a modified version of the law firms' proposed form of protective work, which included a provision regarding the sealing of responses to the Third Set of Interrogatories. *See* Modified Order Establishing The Non-Waiver of Privileges Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Orders [Dkt. No. 16259] ("The Debtors and all participants in this discovery shall maintain the answers in the manner required pursuant to 11 U.S.C. § 107(b) for papers filed under seal with the Court and such answers when served shall be considered under seal in accordance with such statute…").

6. As contemplated at the June 26th hearing, Debtors have prepared a brief outlining their position on the law-firm-deposition issue in light of the responses to the Third Set of Interrogatories on Law Firms. This issue is scheduled as Agenda Item No. 19 for the July 23, 2007 hearing. [Dkt. No. 16300]

WHEREFORE, the Debtors respectfully request the entry of an Order granting the Debtors authority to file the Brief; a copy of the Brief is attached hereto as <u>Exhibit A</u>. Because the Brief discusses the law firm's responses to the Third Set of Interrogatories, the Debtors further request that the Court allow the Debtors to file the Brief under seal, pursuant to this Court's Protective Order, 11 U.S.C. §107(b) and Bankruptcy Rule 9018. A redacted version of the brief will be filed separately with the Court and available for public viewing.

3

C:\Documents and Settings\dkp\Local Settings\Temporary Internet Files\OLK2\motion for leave to file in camera memorandum in opposition to law firms motions to preclude law firms depositions_(11968453_2) (3)1.DOC

Wilmington, Delaware
Dated: July 18, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*And*

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

_____/s/ James E. O'Neill_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100


SO ORDERED this ___ day

of July, 2007

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

C:\Documents and Settings\dkp\Local Settings\Temporary Internet Files\OLK2\motion for leave to file in camera memorandum in opposition to law firms motions to preclude law firms depositions_(11968453_2) (3)1.DOC

4