# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| W.R. GRACE & CO., et al., | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Judy Scolnik, hereby certify that I caused a true and correct copy of the within

MOTLEY RICE LLC'S OBJECTIONS AND RESPONSES TO DEBTORS' FIRST SET OF

INTERROGATORIES TO CERTAIN ASBESTOS PERSONAL INJURY PRE-PETITION

LITIGATION CLAIMANTS' LAW FIRMS to be sent on June 22, 2007 to:

**Via U.S. Mail, Postage Prepaid**

David Bernick, Esquire
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022

Judy Scolnik, Secretary
Motley Rice LLC
28 Bridgeside Blvd
P.O. Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000
(843) 216-9440 (fax)
jscolnik@motleyrice.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| | Jointly Administered |
| Debtors. | |
| | Related to Docket No. _____ |

## MOTLEY RICE LLC'S OBJECTIONS AND RESPONSES TO DEBTORS' FIRST SET OF INTERROGATORIES TO CERTAIN ASBESTOS PERSONAL INJURY PRE-PETITION LITIGATION CLAIMANTS' LAW FIRMS

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

The discovery propounded by W.R. Grace & Co. (hereinafter "Debtor"), in this instance, Debtor's First Set of Interrogatories to Certain Asbestos Personal Injury Pre-Petition Litigation Claimants' Law Firms, on Motley Rice LLC (hereinafter "Motley Rice") is wholly improper. The impropriety of this attempted discovery is detailed in the following objections:

1. Motley Rice objects to the definitions and instructions contained in Debtors' First Set of Interrogatories to Certain Asbestos Personal Injury Pre-Petition Claimants' Law Firms (hereinafter "Interrogatories") to the extent that these definitions and instructions purport to impose discovery obligations beyond those required by Fed. R. Civ. P. 26 and 33 and Federal Rules of Bankruptcy Procedure 7026 and 7033. Motley Rice further objects specifically to the definitions numbered 4, 5, 10, 12, and 13, as the terms, as employed by Debtor, do not comport to their understood and customary meaning.

1

2. Motley Rice objects to each and every Interrogatory as each seeks information or identification of documents beyond the scope of discovery mandated by the Federal Rule of Civil Procedure 26 and Federal Rule of Bankruptcy Procedure 7026.

3. Motley Rice objects to each and every Interrogatory as each is overly broad, unduly burdensome, seeks irrelevant information, seeks immaterial information, and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Motley Rice objects to each and every Interrogatory as each seeks information or identification of documents in the possession of third parties and/or not presently in Motley Rice's possession, custody, or control on the grounds that such requests are beyond the scope of permissible discovery and are unduly burdensome. Motley Rice further objects to each and every Interrogatory on the grounds that they are overbroad, oppressive, and unduly burdensome, to the extent they purport to require Motley Rice to provide information and/or identify documents of other parties to this action, or of third parties, or from publicly available sources.

5. Motley Rice objects to producing and/or identifying documents already in Debtor's possession, custody, or control or otherwise publicly available.

6. Motley Rice objects to each and every Interrogatory to the extent any of the Interrogatories call for or may be construed to call for the disclosure of information or the identification of documents subject to a claim of privilege against disclosure, including, without limitation, the attorney-client privilege, the work product doctrine, the consulting expert privilege, and/or are otherwise protected by applicable common-law or statutory privileges or are otherwise immune from discovery (hereinafter "privileged information"). Motley Rice objects to the production of privileged information and will

2

not produce such information or documentation.    Inadvertent production of such documents or information shall not constitute a waiver of any privilege or protection on any grounds.

7.  Motley Rice objects to each and every Interrogatory as improper discovery directed at a non-party to the present litigation.  The Interrogatories propounded on Motley Rice violate the Federal Rules of Bankruptcy Procedure 7026, 7033 and 7034 and Federal Rules of Civil Procedure 26, 33 and 34 and applicable case law interpreting these rules.

8.  Motley Rice objects to each and every Interrogatory on jurisdictional grounds.  Motley Rice has submitted to the limited jurisdiction of this Court only to the extent that it acts as counsel for individuals who have filed a Proof of Claim against Debtor.  Motley Rice's acting as counsel has not and does not operate to grant this Court general or specific jurisdiction over Motley Rice as a non-party.

9.   The above-stated General Objections shall be deemed applicable and are incorporated by reference into each and every Interrogatory response regardless of whether referenced specifically in each such response.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For each of the Claimants identified on Exhibit C (attached) have you or the Claimant withheld any B-reads within the Claimants' possession custody or control?

### RESPONSE TO INTERROGATORY NO. 1

Motley Rice objects to Interrogatory No. 1 and incorporates General Objections numbered 1 through 8 into this response as if fully set forth herein.  Motley Rice further objects on the grounds that Interrogatory No. 1 is overly broad; unduly burdensome; vague; irrelevant; immaterial; not reasonably calculated to lead to the discovery of admissible evidence; seeks information or identification of documents that are protected by the attorney-client privilege, work product doctrine, the consulting expert privilege or are otherwise protected as discussed above; is an improper discovery request not authorized by the Federal Rules of Bankruptcy

3

Procedure and/or the Federal Rules of Civil Procedure; and on the grounds that the discovery request seeks information or identification of information already in Debtor's possession, custody, or control or otherwise publicly available.

### INTERROGATORY NO. 2

If you answered yes to Interrogatory No. 1, identify the Claimants for whom B-reads have been withheld and the number of B-reads withheld with respect to each Claimant.

### RESPONSE TO INTERROGATORY NO. 2

Motley Rice objects to Interrogatory No. 2 and incorporates General Objections numbered 1 through 8 into this response as if fully set forth herein. Motley Rice further objects on the grounds that Interrogatory No. 2 is overly broad; unduly burdensome; irrelevant; vague; immaterial; not reasonably calculated to lead to the discovery of admissible evidence; seeks information or identification of documents that are protected by the attorney-client privilege, work product doctrine, the consulting expert privilege or are otherwise protected as discussed above; is an improper discovery request not authorized by the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure; and on the grounds that the discovery request seeks information or identification of information already in Debtor's possession, custody, or control or otherwise publicly available.

### INTERROGATORY NO. 3

For each B-read document withheld, identify the following:

a)      the Claimant for whom the B-read is being withheld;

b)      the date of the document;

c)      the author of the document;

d)      the recipient of the document;

e)      the doctor or doctors who performed the B-read, including those who prepared the narrative report;

f)      a general description of the document (e.g., letter) with as much information about the nature of the document as can be provided without waiving the privilege. If the document is multiple documents or contains attachments, describe the attachments;

g)      whether the document or a portion thereof was produced in any litigation or produced in connection with seeking payment of a claim;

4

h)    who paid for the B-read or provided reimbursement for the B-read;

i)    whether the result of the B-read was negative and/or included a reading of less than 1/0;

j)    the basis on which you or the Claimant are withholding the document;

k)    if the document is being withheld on a ground of privilege, what privilege is being asserted: attorney-client, attorney-work product, consulting-expert privilege, other?

l)    the Claimant's initial date of diagnosis;

m)    the date upon which the Claimant formed an attorney-client relationship with your law firm or any other law firm;

n)    a list of all others to whom the document has been provided, with a sufficient description so that the Court can determine whether those persons are attorneys for the Claimant discussed in the document or not;

o)    if a document is being withheld on the grounds of privilege, state whether the document has been retrieved and reviewed by you or by Claimant for purposes of asserting at any time such claim of privilege and identify who currently has possession of the document.

## RESPONSE TO INTERROGATORY NO. 3

Motley Rice objects to Interrogatory No. 3 and incorporates General Objections numbered 1 through 8 into this response as if fully set forth herein. Motley Rice further objects on the grounds that Interrogatory No. 3 is overly broad; unduly burdensome; irrelevant; immaterial; vague; not reasonably calculated to lead to the discovery of admissible evidence; seeks information or identification of documents that are protected by the attorney-client privilege, work product doctrine, the consulting expert privilege or are otherwise protected as discussed above; is an improper discovery request not authorized by the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure; and on the grounds that the discovery request seeks information or identification of information already in Debtor's possession, custody, or control or otherwise publicly available.

## INTERROGATORY NO. 4

For each Claimant for whom you are responding to these interrogatories, please provide a verification from the Claimant or authorized by the Claimant that the responses provided herein

are true, complete and accurate and a thorough search has been made of documents in the Claimant's possession, custody and control in responding to these Interrogatories.

## RESPONSE TO INTERROGATORY NO. 4

Motley Rice objects to Interrogatory No. 4 and incorporates General Objections numbered 1 through 8 into this response as if fully set forth herein. Motley Rice further objects on the grounds that Interrogatory No. 4 is overly broad; unduly burdensome; irrelevant; immaterial; not reasonably calculated to lead to the discovery of admissible evidence; vague; seeks information or identification of documents that are protected by the attorney-client privilege, work product doctrine, the consulting expert privilege or are otherwise protected as discussed above; is an improper discovery request not authorized by the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure; and on the grounds that the discovery request seeks information or identification of information already in Debtor's possession, custody, or control or otherwise publicly available.

## INTERROGATORY NO. 5

Provide a verification from you that the responses provided herein are true, complete and accurate and a thorough search has been made of documents in the possession, custody and control of your firm, any other firm previously or subsequently representing Claimant and any doctors who have rendered services or reviewed information in connection with Claimant's claim, in responding to these Interrogatories.

## RESPONSE TO INTERROGATORY NO. 5

Motley Rice objects to Interrogatory No. 5 and incorporates General Objections numbered 1 through 8 into this response as if fully set forth herein. Motley Rice further objects on the grounds that Interrogatory No. 5 is overly broad; unduly burdensome; irrelevant; immaterial; not reasonably calculated to lead to the discovery of admissible evidence; vague; seeks information or identification of documents that are protected by the attorney-client privilege, work product doctrine, the consulting expert privilege or are otherwise protected as discussed above; is an improper discovery request not authorized by the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure; and on the grounds that the discovery request seeks information or identification of information already in Debtor's possession, custody, or control or otherwise publicly available.

## INTERROGATORY NO. 6

In responding to the W.R. Grace Asbestos Personal Injury Questionnaire and in providing B-reads or any other materials in connection with Claimant's claim:

(a) what efforts have you taken to obtain documents (i) in the possession, custody or control of all other counsel who previously or subsequently represented Claimant; and (ii) in the

6

possession, custody or control of all doctors who have rendered services or reviewed information in connection with Claimant's claim?;

(b)  state the identify [sic] of (i) all other counsel who previously or subsequently represented Claimant whose records you did not seek to obtain, and (ii) state the identity of any doctors who have rendered services or reviewed information in connection with Claimant's claim whose records you did not seek to obtain.

## RESPONSE TO INTERROGATORY NO. 6

Motley Rice objects to Interrogatory No. 6 and incorporates General Objections numbered 1 through 8 into this response as if fully set forth herein.  Motley Rice further objects on the grounds that Interrogatory No. 6 is overly broad; unduly burdensome; irrelevant; immaterial; not reasonably calculated to lead to the discovery of admissible evidence; vague; seeks information or identification of documents that are protected by the attorney-client privilege, work product doctrine, the consulting expert privilege or are otherwise protected as discussed above; is an improper discovery request not authorized by the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure; and on the grounds that the discovery request seeks information or identification of information already in Debtor's possession, custody, or control or otherwise publicly available.

Date:  June 22, 2007.

RESPECTFULLY SUBMITTED,

/s/ John E. Herrick
JOHN E. HERRICK
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
Tel. (843) 216-9000
Fac. (843) 216-9440
Email:  jherrick@motleyrice.com

COUNSEL FOR VARIOUS
ASBESTOS PERSONAL INJURY
CLAIMANTS

7