IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., et al. | ) Chapter 11 |
| | ) |
| Debtors. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |

**Related Docket Nos:** 15703, 15705, 15707, 15709, 15711, 15713, 15715, 15717, 15719, 15721, 15723, 15730, 15732, 15734, 15735, 15738, 15740, 15741, 15744, 15746, 15748, 15950, 15955, 15959, 15966, 15987 & 1605!

**ORDER CONCERNING DISCOVERY OF LAW FIRMS THAT SUBMITTED ASBESTOS PI QUESTIONNAIRES**

Upon consideration of the *Motion of Official Committee of Asbestos Personal Injury Claimants and David T. Austern, Legal Representative For Future Asbestos Injury Claimants, For Protective Order* dated June 4, 2007 [Docket No. 15955]; *Memorandum in Support of Motley Rice LLC's Motion for Protective Order* dated June 4, 2007 [Docket No. 15950]; *Motion of Certain Law Firms to Quash Deposition Notices and for a Protective Order* dated June 5, 2007 [Docket No. 15966]; *Motion of the MMWR Cancer Firms for a Protective Order with Respect to Notices of Deposition Served on Them by W. R.. Grace* dated June 7, 2007 [Docket No. 15987]; and *Memorandum in Support of Cooney and Conway's Motion for Protective Order* dated June 4, 2007 [Docket No. 15950] (collectively, the "Motions"); and having heard argument relating to the Motions on May 26, 2007 and July 23, 2007; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that good and sufficient notice of the Motion having been given and that no other or further notice of

the Motion need be provided; and after due deliberation and sufficient cause appearing therefore, the Court hereby orders as follows:

1. The Motions are denied.

2. The law firms of Motley Rice LLC; Kelley & Ferraro LLP; and Baron & Budd, P.C. shall each produce for deposition their attorney most-knowledgeable concerning the activities undertaken by the firm to respond to the W.R. Grace Asbestos Personal Injury Questionnaire. Such depositions may cover the topics identified in Debtors' Brief in Further Support of Opposition to Motions for Protective Orders to Preclude Law Firm Depositions and shall take place at a time and place that is mutually convenient for all affected parties. Notwithstanding, these depositions shall conclude within 21 (twenty-one) days form entry of this Order.

3. Before their respective depositions, and, in any event, within 14 (fourteen) days following entry of this Order, the law firms of Kelley & Ferraro LLP and Motley Rice LLC shall each serve Debtors with responses to Debtors First Set of Interrogatories to Certain Asbestos Personal Injury Pre-Petition Litigation Claimants' Law Firms, including Interrogatory No. 5, which requires each firm to provide a verification that its responses are true, complete, and correct.

4. Within 1 (one) day following entry of this Order, the Debtors may serve Debtors' Third Set of Interrogatories to Certain Asbestos Personal Injury Pre-Petition Litigation Claimants' Law Firms (the "Third Set of Interrogatories") to Certain Asbestos Personal Injury Pre-Petition Litigation Claimants' Law Firms on the following law firms: Alwyn H. Luckey, P.A.; Cooney & Conway; Edward O. Moody, P.A.; Foster & Sear, LLP; Ferraro & Associates,

P.A.; Kazan, McClain, Abrams, Fernandez, Lyons, Farrise & Greenwood, PC; LeBlanc & Waddell; Williams Bailey Law Firm, LLP; Provost Umphrey, LLP; Maples & Lomax; Silber Pearlman, LLP; Weitz & Luxenburg, P.C.; Waters & Kraus, LLP; Paul, Hanley & Harley, LLP; Reaud Morgan & Quinn; and The Wartnick Law Firm. On or before 11 (eleven) days following entry of this Order, each of these law firms shall serve Debtors with their responses to the Third Set of Interrogatories and file a certificate of such service with the Court.

5. This Court shall retain sole jurisdiction over any disputes or other matters arising from or related to this Order, which is a final order.

Dated: July___, 2007

_____
United States Bankruptcy Judge