IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>W.R. GRACE & CO., *et al.*,<br>　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 01-1139 (JKF)<br>) Jointly Administered<br>)<br>) **Objection Deadline: July 20, 2007 @ 5: 00 p.m.**<br>) **Hearing Date: TBD**<br>) **Related Docket Nos.: 16174, 16175, 16243** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS AND DAVID T. AUSTERN, LEGAL REPRESENTATIVE
FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, TO DEBTORS'
MOTION TO COMPEL THE DII INDUSTRIES, LLC ASBESTOS PI TRUST TO
PRODUCE DOCUMENTS AND APPEAR FOR DEPOSITION AND THE
DEBTORS' MOTION TO COMPEL THE CELOTEX ASBESTOS
SETTLEMENT TRUST TO PRODUCE DOCUMENTS
<u>AND APPEAR FOR DEPOSITION</u>**

The Official Committee of Asbestos Personal Injury Claimants and David T. Austern, the Future Claimants Representative (collectively referred to as the "Movants"), by and through their undersigned counsel, hereby object (the "Objection") to the Debtors' Motion to Compel the DII Industries, LLC Asbestos PI Trust to Produce Documents and Appear for Deposition [DI 16174] and the Debtors' Motion to Compel the Celotex Asbestos Settlement Trust to Produce Documents and Appear for Deposition [DI 16175] (collectively referred to as the "Motions to Compel").

On June 27, 2007, the Debtors filed the Motions to Compel seeking the production of documents and for two related depositions. By this filing, the Movants are not taking a position as to the merits of the Motions to Compel as they relate to the documents requested. However, the Movants do object to the taking of any more depositions given the fact that the Debtors have surpassed the number of depositions authorized by the Federal Rules of Civil Procedure. The Movants submit that this Court

should set a cap on the number of allowable depositions at no more than 15 (or at the most 20) depositions per side and that the taking of these depositions would cause Grace to exceed that cap.

## I. THE DEBTORS HAVE FAR EXCEEDED THE NUMBER OF DEPOSITIONS PERMITTED UNDER THE FEDERAL RULES.

### A. The Debtors are Limited to 10 Depositions Without a Written Stipulation or an Order from the Court.

Federal Rule of Civil Procedure 30 limits the number of depositions available to the Debtors to 10 absent leave of court or written stipulation of the parties:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) . . . if, without the written stipulation of the parties,
>
> (A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants.

Fed. R. Civ. P. 30(a)(2)(A). When parties send out deposition notices in violation of this rule, the Court may prohibit the depositions. *See, e.g.*, Harry A. v. Duncan, 223 F.R.D. 536, 538-539 (D. Mont. 2004) (quashing 85 deposition notices issued without leave of court to exceed Rule 30 limits). In this estimation proceeding, Debtors have already taken 15 depositions, primarily of doctors and B-readers. This is five in excess of the limit. Thus, under the rule, the Debtors have no ability to take further depositions absent agreement of the parties or leave of Court.

Aside from these 15 depositions, this Court held a hearing on June 26, 2007 wherein the Debtors argued for the ability to take another four depositions of law firms representing claimants who have submitted Asbestos Personal Injury Questionnaires in this case. These four law firms are Baron & Budd, PC, Law Offices of Peter Angelos, PC, Motley Rice, LLC and Kelley & Ferraro, LLP. If these depositions are permitted, the

number would increase to 19. The Debtors additionally have indicated that they may notice the depositions of Weitz & Luxenberg, PC and Early Ludwick & Sweeney. This would increase the total to 21, and the two deposition notices that are the subject of this motion would bring the number to 23. Thus, if left to their own devices, the Debtors would more than double the number of depositions allowable by the rule, with no telling how many more depositions they will seek to take before the close of fact discovery on October 31, 2007.

As the Court noted at the June 26, 2007 hearing, the Debtors have not sought this Court's leave to take depositions in excess of the ten permissible by the rules and there is no stipulation to exceed the limits. Specifically, this Court stated:

> Yes, I am going to set a cap on the number of depositions on all sides, yes. The rules of civil procedure have already set them and to the extent they've been exceeded nobody has asked for authority to vary them. This case is not that unusual, it's just another case. There is no reason in this Court's view why massive numbers need to be taken. So yes, I think that is appropriate.

Hearing Transcript, June 26, 2007 at 80.

We submit that a cap of 15 fact witness depositions per side is sufficient for the Estimation Proceeding. Even if the Court were inclined to double the number of depositions from the number permitted under the Rule to 20 per side, the taking of these additional two depositions would cause the debtor to exceed even a 20 deposition limit (assuming the Debtors come back and ask the Court for depositions of plaintiff law firms, as is likely).

**II.    CONCLUSION**

For the foregoing reasons, since these depositions exceed the 15 that should be allowed by this Court, these depositions should not be permitted to go forward.

Dated: July 20, 2007

Respectfully submitted,

| CAMPBELL & LEVINE, LLC | PHILLIPS, GOLDMAN & SPENCE, P.A. |
|---|---|
| */S/ Mark T. Hurford* | */S/ John Phillips* |
| Marla R. Eskin (#2989) | John C. Phillips, Jr. (#110) |
| Mark T. Hurford (#3299) | 1200 North Broom Street |
| 800 King Street, Suite 300 | Wilmington, DE 19806 |
| Wilmington, DE 19801 | Telephone: (302) 655-4200 |
| Telephone: (302) 426-1900 | |
| | - and - |
| - and – | |
| | Roger Frankel |
| Elihu Inselbuch | Richard H. Wyron |
| CAPLIN & DRYSDALE, CHARTERED | Raymond G. Mullady, Jr. |
| 375 Park Avenue, 35th Floor | Debra L. Felder |
| New York, NY 10152-3500 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| Telephone: (212) 319-7125 | 3050 K Street, NW |
| | Washington, DC 20007 |
| Nathan D. Finch | Telephone: (202) 339-8400 |
| Walter B. Slocombe | |
| James P. Wehner | John Ansbro |
| CAPLIN & DRYSDALE, CHARTERED | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| One Thomas Circle, NW | 666 Fifth Avenue |
| Washington, DC 20005 | New York, N.Y. 10103-0001 |
| Telephone: (202) 862-5000 | Telephone: (212) 506-5000 |
| *Counsel for the Official Committee of Asbestos Personal Injury Claimants* | *Counsel for David T. Austern, Future Claimants' Representative* |