# **<u>EXHIBIT B</u>**

```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE

                                         .
IN RE:                                   .  Chapter 11
                                         .
Federal-Mogul Global, Inc.,              .
T&N Limited, et al.,                     .
                                         .
          Debtor(s).                     .  Bankruptcy #01-10578 (JKF)
.................................................................

                           Wilmington, DE
                           May 21, 2007
                            9:00 a.m.

                       TRANSCRIPT OF HEARING
              BEFORE THE HONORABLE JUDITH K. FITZGERALD
                  UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For The Debtor(s):              James O'Neill, Esq.
                                Pachulski Stang Ziehl Young
                                Jones & Weintraub, LLP
                                919 N. Market Street-17th Fl.
                                Wilmington, DE 19899

                                Kevin T. Lantry, Esq.
                                Sidley Austin, LLP
                                One south Dearborn St.
                                Chicago, IL 60603

For The Official Committee:     Thomas A. Labuda, Jr., Esq.
of Unsecured Creditors:         Sonnenschein Nath & Rosenthal
                                Sears Tower
                                233 South Wacker Dr.-Ste. 8000
                                Chicago, IL 60606

                                Charlene Davis, Esq.
                                The Bayard Firm
                                222 Delaware Ave.-Ste. 900
                                Wilmington, DE 19899
```

140

1    require it to be produced in a searchable text format.
2            MR. GUY:  Your Honor --
3            THE COURT:  Yes.
4            MR. GUY:  -- may we have a limitation?  Because there
5    is a huge sensitivity with regard to this information.  May we
6    have a limitation that the -- only insurers are asking for it,
7    that it only be produced to -- this is the redacted
8    information, that that data only be produced to insurers who
9    are putting experts up for trial?  Because otherwise I don't
10   see how they could possibly need it because of the Court's
11   rule.
12           MR. MCCLAIN:  Your Honor, this is David McClain, and I
13   would oppose that --
14           THE COURT:  Wait --
15           MR. MCCLAIN:  -- for the simple reason that it is the
16   access to the information and the evaluation of the information
17   that will determine whether or not we're gonna have an expert
18   actually testify.  And I think it's a request that's --
19           THE COURT:  Wait, I'm sorry, I think I've lost track
20   of which database we're talking about.  I thought I -- I'm
21   sorry, but I think I have lost track of what database we're
22   talking about.  I thought I went through the databases at an
23   earlier hearing and made rulings with respect to the databases.
24           MR. GUY:  You did, Your Honor.
25           THE COURT:  Okay.

141

```
 1            MR. MCCLAIN:  This, Your Honor, is the Cooper database
 2   of actual claims that was provided to Dr. Florence.
 3            MR. GUY:  Yeah, the only -- what we -- I understand
 4   Your Honor has ruled today because it was provided to Dr.
 5   Florence was that the redacted fields --
 6            THE COURT:  Right.
 7            MR. GUY:  -- be made available.
 8            THE COURT:  Correct.
 9            MR. GUY:  And what I'm saying is -- and I understand
10   and respect to the Court's ruling with regard to insurers need
11   to evaluate that so they can test his credibility.  What I'm
12   saying is we don't want to make a wholesale production of this
13   unless it's absolutely necessary.  We would ask that the Court
14   rule that it be provided to insurers who are going to use
15   experts at trial --
16            THE COURT:  Oh.
17            MR. GUY:  -- to rebut the credibility of Dr. Florence.
18            THE COURT:  No, they don't need to rebut the
19   credibility through expert testimony, they can do that on cross
20   examination.  So no, I cannot agree to that.  I will, however,
21   impose the confidentiality agreement that I --
22            MR. GUY:  Thank you, Your Honor.
23            THE COURT:  -- stated earlier on the record.
24            MR. GUY:  Thank you, Your Honor.
25            THE COURT:  All right.
```

142

1          MR. DRAPER: Your Honor, one brief point in
2    conclusion, if I may? Tony Draper.
3          THE COURT: Yes.
4          MR. DRAPER: This -- I heard your ruling and I assume,
5    I guess, I am asking you to reconsider the searchable
6    production for the reason that we have almost zero time left to
7    prepare for these issues, and when you have a 1,000 page plus
8    document containing 180,000 or more lines of data, the ability
9    of us or a potential expert to use that data in searchable form
10   at this time is incredibly tight. But if it is not searchable,
11   that practically, if not literally, forecloses our ability to
12   use that data in any meaningful way.
13         THE COURT: Mr. Draper, I'm not at this point in time
14   aware of what type of expert the insurance companies would
15   intend to present. And maybe I'm missing the boat with respect
16   to this, but I haven't heard at this point that the insurance
17   companies intend to do anything that challenges this estimation
18   in any way, shape, or form. What I thought I was hearing is
19   that to the extent that you think that the trust is over-
20   funded, you're going to make arguments about the fact that you
21   think either there are too many claims or that there will be an
22   over-funding, but not that you were going to attempt to use
23   some expert analysis of your own. But to the extent you are,
24   you've got the database. You can create your own searchable
25   database.

1          MR. MCCLAIN: No we don't, Your Honor.

2          MR. DRAPER: Respectfully, Your Honor, not in the time
3  that we have left for us, Judge. That was just my point.

4          THE COURT: Okay. I am not going to require this in
5  searchable database format. I think the privacy concerns and
6  the limitation of using this in this case and for no other
7  purpose are such that I want to -- I believe it's appropriate
8  to keep the control of this information in the hands of Cooper
9  and not any other entity. And so I'm not going to require it
10 to be produced in a searchable database. If it is a serious
11 problem -- do we have hearings in this case June 7th? All
12 right, I'm sure I'll be hearing from parties that you need
13 additional time. And if that's the case folks, you better
14 seriously consider whether Plan confirmation is going to be
15 postponed because of issues. So talk to each other and see
16 whether or not you want to come to some resolution of this.
17 Okay, we're adjourned, thank you.

18         MS. RUTKOWSKI: Your Honor?

19         THE COURT: Yes.

20         MS. RUTKOWSKI: This is Rheba Rutkowski. I apologize,
21 one last housekeeping matter regarding the May 18th letter from
22 the Future's Claim Representative.

23         THE COURT: Yes.

24         MS. RUTKOWSKI: Travelers -- that's a request for
25 another telephonic hearing, and Travelers is going to be filing