AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
Western DISTRICT OF Washington

In re W.R. GRACE & CO., et al.

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 01-1139
Pending in United States
Bankruptcy Court for the
District of Delaware

TO: BMC Group, Inc.
720 Third Avenue, 23rd Floor
Seattle, Washington 98104

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe, LLP, 719 Second Avenue, Suite 900, Seattle, Washington 98104. To be recorded by stenographic means, as well as audio/videotape. For 30(b)(6) deposition topics, see Attachment A. | 04/25/2007 9:00 a.m. PDT |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe, LLP, 719 Second Avenue, Suite 900, Seattle, Washington 98104. | 04/13/2007 5:00 p.m. PDT |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 3-29-07 |

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John Ansbro
Orrick, Herrington & Sutcliffe LLP
666 5th Avenue
New York, NY 10103
(212) 506-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF KING

No.

DECLARATION OF SERVICE

IN RE: W.R. Grace &Co, et al.

STATE OF WASHINGTON
                           ss.
COUNTY OF KING

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on the 30th day of March, 2007 @ 03:29 PM, at the address of 720 3rd Ave, Seattle, within KING County, WA, the undersigned duly served the following document(s): **NOTICE OF RULE 30(B)(6) DEPOSITION AND SUBPOENA OF BMC GROUP, INC; SUBPOENA IN A CIVIL CASE; $40 WFC** in the above entitled action upon BMC Group, Inc, by then and there personally delivering a true and correct copy(ies) of the above documents into the hands of and leaving same with Sachie Fritz, Accounts Receivable Manager who is authorized to accept service on behalf of the above.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Date: 4/4/07

Service Fee: $
Return Fee: $
Mileage Fee: $
Misc. Fee: $
Total Fee: $

Brian Stromberg
Registered Process Server
License #: 0441719
Firm Service
211 E 43rd St #1901
New York, NY 10017
800 322 8008

v. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/30/07 | 720 3rd Ave #2300, Seattle, WA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Sachie Fritz | Corporate Service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Brian Stromberg | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   3/30/2007
                    DATE

SIGNATURE OF SERVER

824 Post Ave
ADDRESS OF SERVER
Seattle WA 98104

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

**ATTACHMENT A**

**DEFINITIONS**

The following are specially defined terms for which the meanings specified below shall apply:

1. The term "ALL" shall mean "ANY" and visa versa, and both terms shall be construed inclusively to bring information within the scope of a specific request.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3. "ASBESTOS" as used herein shall include all ASBESTOS or asbestiform minerals of either the amphibole or serpentine group, and shall include chrysotile, amosite, crocidolite, tremolite, anthophyllite and actinolite.

4. An "ASBESTOS CLAIMANT" is anyone who asserts or has asserted an ASBESTOS TORT CLAIM against GRACE, its parent or subsidiary corporations, or any of its predecessors or successors in interest.

5. "ASBESTOS TORT CLAIM" means any lawsuit, workers' compensation claim, civil action, legal notice of claim, or proof of claim asserted by an individual (or an individual's personal representative) against GRACE alleging bodily injuries or wrongful death allegedly caused by exposure to ASBESTOS or ASBESTOS-CONTAINING PRODUCTS, including without limitation any claim or demand ever asserted against GRACE regardless of how, or whether, such claim was resolved (by settlement, dismissal, or otherwise) and regardless of whether such claim resulted in the filing of a civil lawsuit by the claimant.

6. "ATTACHMENT" refers to any DOCUMENT accompanying or supplementing a PERSONAL INJURY QUESTIONNAIRE RESPONSE or a POC RESPONSE, regardless of whether such DOCUMENT was received simultaneously with the PERSONAL INJURY QUESTIONNAIRE RESPONSE or POC RESPONSE.

7. "BMC" refers to BMC Group, Inc. and all its parents, subsidiaries, affiliates, or divisions and its merged or acquired predecessors-in-interest; its and their present or former officers, representatives, agents, servants, counsel, employees, investigators, consultants, and all other persons acting on its or their behalf.

8. "COMMUNICATION" or "COMMUNICATIONS" include, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraph, telex, cable, tape recordings, voice-mail or otherwise, and all written communications, including communications by e-mail or other internet based communications systems.

9. "CORRESPONDENCE" means any DOCUMENT that either constitutes a COMMUNICATION between two or more entities or persons, or that records, memorializes, or reflects said COMMUNICATION, whether made directly to the author of the DOCUMENT or otherwise.

10. "DOCUMENT" is defined as broadly as permitted under Rule 34 of the Federal Rules of Civil Procedure, and includes all materials and things, in whatever form recorded or maintained, subject to production under that Rule, including all drafts, originals and non-identical copies of writings, recordings, printed, typed or otherwise recorded matter, including copies upon which notations or additional writings have been made, however produced or reproduced (including without limitation, by handwriting,

typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording or other form of data compilation) of every kind and description that are in BMC'S actual or constructive possession, custody or control, including but not limited to drawings, graphs, charts, tables, video tapes, audio tapes, photographs, slips, cover notes, binders, treaties, agreements, wordings, books, pamphlets, bulletins, periodicals, letters, memoranda, telegrams, e-mails, voice-mails, reports, records, studies, handwritten notes, working papers, indices, tapes, computer disks or other electronic storage media, data sheets, computer generated documents, data processing cards, or any other tangible things which constitute or contain matters within the scope of Rule 34 of the Federal Rules of Civil Procedure.

11.   "GRACE" means W.R. Grace & Co. and all its parents, subsidiaries, affiliates, or divisions and its merged or acquired predecessors-in-interest, whether or not Debtors and whether or not successorship is admitted; its and their present or former officers, representatives, agents, servants, counsel, employees, investigators, consultants, and all other persons acting on its or their behalf. Subsidiaries or divisions of GRACE include, but are not limited to, any entity listed as an affiliate on any GRACE Form 10-K.

12.   "PERSONAL INJURY QUESTIONNAIRES" refers to the Asbestos Personal Injury Questionnaires and any related materials sent to ASBESTOS CLAIMANTS.

13.   "PERSONAL INJURY QUESTIONNAIRE RESPONSES" are those PERSONAL INJURY QUESTIONNAIRES that were returned by or on behalf of ASBESTOS CLAIMANTS.

14.   "PETITION DATE" refers to April 2, 2001.

15. "PRE-PETITION" refers to the time period before and including April 1, 2001.

16. "POC" refers to the Proof of Claim form and related materials sent to ASBESTOS CLAIMANTS.

17. "POC RESPONSES" are those POCs that were returned by or on behalf of ASBESTOS CLAIMANTS.

18. "RELATE TO" or "RELATING TO," and/or "REFER TO" or "REFERRING TO," and/or "PERTAIN TO" or "PERTAINING TO" mean recording, summarizing, digesting, referring to, commenting upon, describing, reporting, listing, analyzing, studying or otherwise discussing or mentioning in any way a subject matter identified herein.

19. "BMC EMPLOYEE" refers to anyone working in any capacity for, with or on behalf of BMC, including without limitation, anyone on BMC'S payroll and all independent contractors and sub-contractors hired by BMC.

## INSTRUCTIONS

1. All responsive documents that are in your possession, custody or control, or in the possession, custody or control of your attorneys, agents or other representatives, must be produced, except that you need not produce a document that is an identical copy of another document you are producing. Documents are not identical for this purpose if they differ in any respect, including by the addition of handwritten notations, or if one document is a draft of the other.

2. Documents shall be produced either as they are maintained in the ordinary course of business or else organized and labeled by the request to which they respond.

3.  If you refuse to produce any documents on the ground of privilege, including work product doctrine, you must furnish a list identifying each document for which a privilege is claimed, together with the following information and sufficient details so as to permit the Court to adjudicate the validity of the claim of privilege: date, sender, recipient(s), type (e.g., letter, memorandum, fax, chart, photograph, etc.), subject matter of the document, the basis on which a privilege is claimed, and the paragraph or paragraphs of this request to which the document responds.

4.  If you claim privilege as to only one portion of a document, you must redact that portion and produce the remainder of the document. All redactions must be clearly identifiable from the face of the document. All redactions must be included in a detailed log containing the information described in Instruction No. 3, above.

## SUBJECT MATTERS OF TESTIMONY

1.  ALL work performed by BMC RELATING TO the PERSONAL INJURY QUESTIONNAIRES and POCs.

2.  Bases for the identification and selection of individuals and/or law firms to which PERSONAL INJURY QUESTIONNAIRES and POCs were sent.

3.  The mailing of PERSONAL INJURY QUESTIONNAIRES, POCs and related materials to ASBESTOS CLAIMANTS.

4.  Processing of PERSONAL INJURY QUESTIONNAIRE RESPONSES and POC RESPONSES received by BMC, if any.

5.  The mailing list(s) used by BMC in connection with the PERSONAL INJURY QUESTIONNAIRES and POCs, including without limitation, development of

the list(s), sources of data used in the list(s), and/or data used in connection with list development.

6.     ALL COMMUNICATIONS between BMC and ASBESTOS CLAIMANTS and/or their representatives, including without limitation, RELATING TO GRACE, the PERSONAL INJURY QUESTIONNAIRES and/or the POCs.

7.     The total number of (i) PERSONAL INJURY QUESTIONNAIRES and POCs mailed by BMC, (ii) PERSONAL INJURY QUESTIONNAIRE RESPONSES and POC RESPONSES received by BMC from ASBESTOS CLAIMANTS, if any, and (iii) claimants for whom two or more PERSONAL INJURY QUESTIONNAIRE RESPONSES and/or POCs were received by BMC, if any.

8.     Number of and procedures for dealing with PERSONAL INJURY QUESTIONNAIRES and/or POCs received by BMC as "Returned to Sender," "Undeliverable as Addressed," "Attempted Not Known," "Insufficient Address," "No Such Number," "For Reason Shown," or returned under any other circumstances.

9.     Staffing of BMC EMPLOYEES processing PERSONAL INJURY QUESTIONNAIRES and/or POCs, including, without limitation (i) the qualifications of BMC EMPLOYEES who have processed PERSONAL INJURY QUESTIONNAIRES and/or POCs, and (ii) the total number of BMC EMPLOYEES who processed PERSONAL INJURY QUESTIONNAIRES and/or POCs

10.    Protocols, policies, coding criteria, guidelines, or instructions, whether written, spoken, formal, or informal, utilized by BMC in connection with PERSONAL INJURY QUESTIONNAIRES and/or POCs

## **DOCUMENTS REQUESTED**

1. ALL DOCUMENTS RELATED TO the PERSONAL INJURY QUESTIONNAIRES, PERSONAL INJURY QUESTIONNAIRE RESPONSES, POCs and/or POC RESPONSES.

2. ALL COMMUNICATIONS and/or CORRESPONDENCE between and among GRACE and BMC and/or their representatives regarding the PERSONAL INJURY QUESTIONNAIRES, PERSONAL INJURY QUESTIONNAIRE RESPONSES, POCs and/or POC RESPONSES.

3. Any instructions, protocols, mandates, or the like regarding the PERSONAL INJURY QUESTIONNAIRES, PERSONAL INJURY QUESTIONNAIRE RESPONSES, POCs and/or POC RESPONSES.

4. Any engagement letter, contract, or other document describing BMC's duties and objectives with regard the PERSONAL INJURY QUESTIONNAIRES, PERSONAL INJURY QUESTIONNAIRE RESPONSES, POCs and/or POC RESPONSES.

5. ALL COMMUNICATIONS between BMC and ASBESTOS CLAIMANTS and/or their representatives.

6. ALL DOCUMENTS RELATING TO the identification and selection of individuals and/or law firms to which PERSONAL INJURY QUESTIONNAIRES and POCs were sent.

7. ALL DOCUMENTS RELATING TO the development of the mailing list(s) used by BMC in connection with the PERSONAL INJURY QUESTIONNAIRES

7

and POCs, including without limitation, Grace databases and/or other sources of information.