IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| W. R. GRACE & CO., et al. ) | Chapter 11 |
| ) | |
| Debtors. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| ) | Trial Date: July 30-31, 2007 |
| ) | Related Docket Nos. 16301, 16302 |

**DEBTORS' MOTION IN LIMINE TO EXCLUDE TESTIMONY AND
EVIDENCE OF *NULLUM TEMPUS* STATUS AT THE JULY 30-31, 2007
STATUTE OF LIMITATIONS HEARING ON CERTAIN MOTLEY RICE
CLAIMANTS' ASBESTOS PROPERTY DAMAGE CLAIMS**

The Washington Claimants do not dispute the extensive evidence from their own claim submissions demonstrating that they clearly knew or should have known of their claims by at least the early 1990s. Recognizing that their claims are time-barred under the applicable three-year limitations periods, the Washington Claimants are now attempting to invoke protection from that law by operation of the *nullum tempus* doctrine.

The *nullum tempus* doctrine, however, is a fact-specific doctrine upon which the Washington Claimants bore the burden of proof. The Washington Claimants waived any *nullum tempus* protection they might otherwise have been able to invoke by failing to raise it in response to Grace's 15th Ominbus Objection to their claims.

Moreover, as the United States Supreme Court recently held, sovereign immunity principles such as *nullum tempus* have no application to proofs of claims in bankruptcy because the States long ago waived any sovereign immunity to which they would otherwise be entitled with respect to *in rem* bankruptcy proceedings.

The *nullum tempus* doctrine, accordingly, has no place in evaluating the allowance of the Washington Claimants' proofs of claim. Because that doctrine is inapposite to the July 30-31

statute of limitations trial on their claims, the Washington Claimants should be precluded from introducing any evidence relating to the *nullum tempus* doctrine at the hearing.

I.     **The Washington Claimants Have Waived *Nullum Tempus* By Failing To Raise It In These Chapter 11 Proceedings.**

The Washington Claimants' responses to Grace's Fifteenth Omnibus Objections did not raise the *nullum tempus* doctrine as a defense to the applicable three-year statutes of limitations. *See* Grace's Trial Brief, Exhibit A (Washington Claimants' Responses to Debtors' Objections). To the contrary, the Washington Claimants conceded that a three-year statute of limitations applies to their claims and that their claims can only survive application of that statute if they did not know of their injury until three years before their claims were deemed to be filed. *Id.*

Nor did the Washington Claimants identify any witnesses to testify regarding application of the *nullum tempus* doctrine to their claims in connection with the originally scheduled statute of limitations trial. Specifically, the Washington Claimants' Preliminary Designations of Fact and Expert Witnesses Regarding Product Identification, Limitations Periods and the Libby Issues as Described in the Fifteenth Omnibus Objection, which were filed on November 6, 2006, are devoid of any reference to the Washington Claimants' purported entitlement to *nullum tempus* protection.[1]

The Washington Claimants filed an Amended Designation of Fact and Expert Witnesses on November 22, 2006 that similarly failed to list a single witness to testify regarding the factual predicate to establish *nullum tempus* protection.[2] In yet a third filing on December 21, 2006, the

---

[1]    *See* Claimants State of Washington (Claimant #s 6937, 6938, 6939, 6940, 6941, 6942, 6943 and 6944) Preliminary Designation of Fact and Expert Witnesses Regarding Product Identification, Limitations Periods and the Libby Issue as Described in the Fifteenth Omnibus Objection [Docket No. 13585]; Claimants Port of Seattle (Claimant #s 9645, #9646, #9647) Preliminary Designation of Fact and Expert Witnesses Regarding Product Identification, Limitations Periods and the Libby Issue as Described in the Fifteenth Omnibus Objection [Docket No. 13583].

[2]    *See* Claimants Represented by the Law Firm of Motley Rice LLC's Amended Designation of Fact and Expert Witnesses Regarding Product Identification, Limitations Periods and the Libby Issue As Described in the 15th Omnibus Objection [Docket No. 13754]

Washington Claimants again omitted any reference to witnesses testifying on *nullum tempus*.[3]

It was not until April 9, 2007, eighteen months after their responses to Grace's 15th Omnibus Objections were due and after the close of discovery, that the Washington Claimants attempted to first assert the *nullum tempus* defense. Specifically, more than a month after the expiration of the discovery period on statute of limitations set by the Court's October 13, 2006 Amended Order Setting Various Deadlines Regarding Objections to Asbestos Property Damage Claims [Docket No. 13406], the Washington Claimants filed a two-page document entitled "Washington Claimants' Supplemental Responses to Debtors' Objections" that first purported to assert *nullum tempus* protection. The Washington Claimants did not seek leave of Court to amend their responses nearly two years after their original responses were filed and after the close of discovery. Without leave of Court, the Washington Claimant's untimely amendment to their responses to attempt to add a *nullum tempus* defense is of no effect. *See* Fed.R.Civ.P. 15 (requiring leave of court for permissive amendment).

The *nullum tempus* doctrine is a fact-specific doctrine upon which the Washington Claimants bore the burden of proof. *See Washington Public Power Supply Sys. v. General Electric Co ("WPPSS")*, 778 P.2d 1047, 1051 (Wash. 1989) (en banc); *City of Moses Lake v. United States*, 430 F. Supp.2d 1164, (E.D. Wash. 2006) (city "not entitled to invoke" *nullum tempus* statute based on facts of claim); *Rivas v. Eastside Radiology Assocs.*, 143 P.3d 330, 333 (Wash. Ct. App. 2006) (party asserting tolling of limitations period bears the burden of proof). Because the Washington Claimants bore the burden of invoking the *nullum tempus* doctrine and failed to timely do so in response to Grace's 15th Omnibus Objection, they have waived the ability to assert *nullum tempus* protection in these proceedings. *See, e.g., Township of Indiana v. Acquisitions & Mergers, Inc.* 770 A.2d 364, 370-373 (Pa. Commw. 2001) (sovereign waived *nullum tempus* protection by failing to raise it in litigation).

---

[3] *See* Claimants Represented by the Law Firm of Motley Rice LLC's Supplemental Submission of Expert Reports and Additional Fact Witness Information Regarding Product Identification [Docket No. 14105].

Allowing the Washington Claimants to invoke *nullum tempus* at this time would greatly prejudice Grace. As the Court is well aware, there has been substantial litigation of these claims based upon Grace's 15th Omnibus Objections and the responses thereto. In fact, the Court has already held that the claims are framed by those pleadings. *See* Transcript of May 30, 2007 Hearing [Docket No. 15988] at 139-140. The Washington Claimants accordingly should be precluded from offering any witness to testify at the July 30-31 hearing or any exhibits as to the application of the *nullum tempus* doctrine to their claims.[4]

## II. *Nullum Tempus* Has No Application To Proofs of Claims In Bankruptcy Proceedings In Any Event.

Even if the Washington Claimants had adequately raised *nullum tempus* as a defense to the governing statutes of limitations – which they did not – *nullum tempus* is inapplicable in the context of a proof of claim in bankruptcy. As the United States Supreme Court recently held:

> In ratifying the Bankruptcy Clause [of the United States Constitution], the States acquiesced in subordination of whatever sovereign immunity they might otherwise have asserted in proceedings necessary to effectuate the *in rem* jurisdiction of the bankruptcy courts.

*Central Virginia Community College v. Katz*, 126 S.Ct. 990, 1005 (2006).

The Court's holding turned on its finding that "*[c]ritical features of every bankruptcy proceeding are* the exercise of exclusive jurisdiction over all the debtor's property, *the equitable distribution of that property among the debtor's creditors*, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her or it from further liability." *Id.* at 996 (emphasis supplied).

While *Katz* arose in the context of immunity from suit rather than *nullum tempus*, the Court's holding applies with equal force here. The State of Washington, in ratifying the United

---

[4] Further evidencing the Washington Claimants' waiver of the *nullum tempus* defense, neither Keith Bloom nor Craig Watson, the Washington Claimants' purported witnesses on the *nullum tempus* issue, was identified in any of the Washington Claimants prior witness designations. The information contained in the affidavits of Mr. Bloom and Mr. Watson relating to the Washington Claimants' *nullum tempus* defense should, accordingly, be stricken.

States Constitution, acquiesced in a grant of congressional power to subordinate to the pressing goal of bankruptcy law sovereign immunity principles, such as *nullum tempus*, that might have been asserted in bankruptcy proceedings. *Id.* at 996.

Congress exercised that power by enacting Section 106(a) of the Bankruptcy Code. Section 106(a) provides that sovereign immunity is abrogated with respect to a series of Bankruptcy Code sections. *See* 11 U.S.C. § 106(a)(1). Section 106(a) specifically applies to Section 502 which governs the allowance of proof of claims. *Id.* Section 106 further provides that "The Court may hear and determine any issue arising with respect to the application of such sections to governmental units." 11 U.S.C. § 106(a)(2). The clear import of Section 106(a)(2) is that the Court may hear and determine Grace's statute of limitations defense to any State claims submitted in the bankruptcy. In short, Congress abrogated the defense of *nullum tempus* by enacting Section 106(a) and, by ratifying the United States Constitution, the States long ago waived *nullum tempus* in connection with any claims they chose to file in bankruptcy proceedings.

By filing proofs of claims in these bankruptcy proceedings, the Washington Claimants waived any sovereign immunity to which they might otherwise have been entitled with respect to those claims. *See, e.g., Burke v. Burke,* 146 F.3d 1313, 1317 (11th Cir. 1998) (state waived sovereign immunity by filing a proof of claim in debtors' bankruptcy proceeding). Under Washington law, once the State waives sovereign immunity "the rule of *nullum tempus* [becomes] inapplicable and the same rules apply" that govern private parties. *See Bellevue School Dist. No. 405 v. Brazier Construction Co.,* 691 P.2d 178, 186 (Wash. 1984). Accordingly, the Washington Claimants are on equal footing with all other creditors in the bankruptcy proceeding with respect to their claims and are not entitled to seek the preferential treatment that might otherwise be available under the *nullum tempus* doctrine. The *nullum tempus* doctrine, accordingly, has no place in evaluating the allowance of the Washington Claimants' claims in these Chapter 11 proceedings. *Accord Katz,* 126 S.Ct. at 1005.

## CONCLUSION

Because the Washington Claimants waived any *nullum tempus* protection to which they might otherwise be entitled by both filing their proofs of claims in these proceedings and failing to raise the *nullum tempus* doctrine in connection with those claims, the Washington Claimants should be precluded from offering any evidence of their alleged entitlement to *nullum tempus* protection at the July 30-31 hearing in this matter.

Dated: July 20, 2007

REED SMITH LLP
James J. Restivo, Jr., Esq. (#10113)
Lawrence Flatley, Esq. (#21871)
Douglas E. Cameron, Esq. (#41644)
Traci S. Rea, Esq. (#76258)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian, Esq.
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP
Laura Davis Jones, Esq. (Bar No. 2436)
James E. O'Neill, Esq. (Bar No. 4042)
Timothy P. Cairns, Esq. (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
Co-Counsel for the Debtors and Debtors in Possession