IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 01-01139-(JKF) |
| W. R. GRACE & CO. et al., ) | |
| ) | Chapter 11 |
| Debtors. ) | **Objections due by: August 10, 2007** |
| ) | **Hearing Date: August 29, 2007 at 2:00 p.m.** |
| | ( in Pittsburgh, PA) |

### IOWA DEPARTMENT OF REVENUE'S
### MOTION FOR LEAVE TO FILE LATE CLAIM

The Iowa Department of Revenue (IDR) states as follows for its Motion for Leave to File Late Claim:

1. This Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(B) and 1334(a). This is a core proceeding under 28 US.C. §157(b)(2)(B).

2. W. R. Grace and Co. and certain related entities, including W.R. Grace and Co.-Conn. (Grace-Conn), filed their petitions under Chapter 11 of the Bankruptcy Code on April 2, 2001. The deadline for filing claims was March 31, 2003.

3. On March 28, 2007, the IDR received electronic notice of Debtors' Motion for an Order Modifying the Automatic Stay so that Debtors May Commence Tax Court Litigation to Resolve Certain Tax Claims (the Tax Motion). In the Tax Motion, the Debtors sought leave to challenge a Notice of Tax Deficiency issued by the Internal Revenue Service (IRS) for the tax year ending December 31, 1989. The Debtors stated that the Notice of Deficiency was primarily based on disallowance of a federal loss carryback from the 1998 tax year to the 1989 tax year.

4. A version of the federal Notice of Tax Deficiency was attached as Exhibit A to the Tax Motion. The IDR's review of the Notice of Deficiency revealed another adjustment that

was unrelated to the federal loss carryback issue. Specifically, the IRS disallowed an interest expense in the amount of $10,602,282.00 claimed by Grace - Conn for the 1989 tax year. The Tax Motion did not mention the interest expense adjustment or indicate whether the proposed Tax Court litigation will address the issue.

5.  After reviewing the Notice of Deficiency, the IDR determined that interest expense adjustment reduced Grace - Conn's Iowa net operating loss carryback from the 1989 tax year to the 1986 tax year.[1] Consequently, Grace – Conn has a 1986 Iowa income tax liability. With penalty and interest computed through April 2, 2001, Grace – Conn's 1986 liability is $62,575.58. A copy of the IDR's proposed claim is attached as Exhibit A.

6.  Iowa Administrative Code § 701-52.3(4) provides:

If it becomes known to the taxpayer that the amount of income reported to be federal net income or Iowa taxable income was erroneously stated on the Iowa return, or changed by Internal Revenue Service audit, or otherwise, the taxpayer shall file an amended Iowa return along with supporting schedules, to include the amended federal return and a copy of the federal revenue agent's report if applicable. A copy of the federal revenue agent's report and notification of final federal adjustments provided by the taxpayer will be acceptable in lieu of an amended return.

7.  Grace-Conn has not filed an amended Iowa return to report the federal adjustment. The IDR was unaware of the additional tax liability prior receipt of the Tax Motion.

8.  Pursuant to Bankruptcy Rule 9006(b)(1), the Court may permit a late claim in a Chapter 11 case upon a showing of "excusable neglect." When determining whether neglect is excusable, the court must consider all relevant facts surrounding the omission including

---

[1] Adjustment of the Iowa NOL carry back from 1989 to 1986 should not be confused with the federal carryback issue being challenged in Tax Court. As noted above, the federal issue involved a carryback from 1998 to 1989.

prejudice to the debtor, length of delay and its potential impact on the case, the reason for the delay and whether the creditor acted in good faith. <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 395 (1993).  Excusable neglect has been found where the debtor failed to file returns within a sufficient time period to allow the taxing authority to file a timely claim. <u>In re Prime Motor Inns, Inc.</u>, 144 B.R. 554 (Bankr. S.D. Fla.), <u>reconsideration denied</u>, 147 B.R. 605 (1992).

9.  The danger of prejudice to Grace-Conn and the other Debtors is limited, since they were well aware that the federal return was being audited and the audit adjustments might increase the state tax liability.  Additionally, the amount of the claim is small in comparison to the total claims.  Furthermore, the Debtors have yet to confirm a plan of reorganization.

10. The IDR's delay in filing its claim was caused by the Debtors' failure to provide the federal audit information to the IDR until March 28, 2007.  In fact, the IDR would not have been aware of the liability but for its diligence in reviewing exhibits attached to the Tax Motion.

11. The IDR acted in good faith by filing the instant motion after learning of the tax liability.

WHEREFORE, the IDR requests that it be granted leave to file a proof of claim for the 1986 Iowa income taxes and that such claim be deemed timely filed.

IOWA DEPARTMENT OF REVENUE

By: /S/ John Waters – Monday, July 23, 2007
JOHN WATERS, Attorney
Iowa Department of Revenue
Collections Section
P.O. Box 10457
Des Moines, Iowa 50306
(515) 281-6427
Fax: (515) 281-0763