IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | **Trial Date: July 30-31, 2007** |
| | ) | **Related Docket Nos. 16301** |

**CLAIMANTS' RESPONSE TO DEBTORS' MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE OF *NULLUM TEMPUS* STATUS AT THE JULY 30-31, 2007 STATUTE OF LIMITATIONS HEARING ON CERTAIN MOTLEY RICE CLAIMANTS' ASBESTOS PROPERTY DAMAGE CLAIMS**

    **I.**    **Washington Claimants have Properly Asserted the Doctrine of *Nullum Tempus***

The Washington Claimants raised the doctrine of *nullum tempus* by incorporating by reference the responses of other claimants to in their Responses to Grace's Fifteenth Omnibus Objection. On October 21, 2005 each of the Washington Claimants (Washington State University,[1] Edmonds Community College,[2] and the Port of Seattle (Port))[3] filed responses to Grace's Fifteenth Omnibus Objection. These claimants expressly stated in their responses that "Claimant hereby incorporates by reference as if

---

[1] Claim No. 6939 (WSU-Kruegal) [Docket No. 9906], Claim No. 6940 (WSU-Johnson) [Docket No.9900], Claim No. 6942 (WSU-Dana) [Docket No. 9895], Claim No. 6943 (WSU-Beasley) [Docket No.9939], Claim No. 6944 (WSU-McCoy) [Docket No. 9826].

[2] Claim No. 6938 (Edmonds Community College) [Docket No. 9844].

[3] Claim Form No. 9645 (Port of Seattle-Main Terminal) [Docket No. 9910], Claim No. 9646 (Port of Seattle-North Satellite Bldg.) [Docket No.9914], Claim No. 9647 (Port of Seattle-South Satellite Bldg.) [Docket No. 9916].

1

fully contained herein any legal responses to Grace's [actual notice/constructive notice/laches] objection filed by any other property damage claimants." The doctrine of *nullum tempus* was timely asserted by other claimants and these responses were incorporated by reference as if fully contained in the Washington Claimants responses. See Exhibit A, Excerpts from Response to Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims filed by California State University at 31-34, ¶ 83-87.

Furthermore, claimants filed a Supplemental Response to Debtors' Objections more then three months ago on April 9, 2007 which was served on Debtors' counsel at Pachulski Stang Ziehl Young Jones & Weintraub LLP. See Exhibit B. Debtors argue in their Motion in Limine that this filing was without effect. This position is neither consistent with the holdings of this Court, nor with positions taken by Debtors' Counsel. At the May 30, 2007 hearing, which is referenced both in Debtors' Trial Brief and their Motion in Limine, Mr. Bernick stated:

```
1      . . . All
2      that we're asking is exactly what I described. We're asking
3      for an order that says henceforth with respect to the closed
4      issues, any current claim that's pending where there's a desire
5      to supplement the basis for the claim, that there be a suitable
6      request made before the Court and the Court then can rule on
7      it. That is the sole relief that we're requesting here.  Id. at 138 (emphasis
added).
```

Debtors conceded that they would be willing to operate on the basis that Rule 7015[4] would only be applied prospectively as to property damage claimants. After

---

[4] Rule 7015 incorporates Federal Rule of Civil Procedure 15 in adversary proceedings.

making such a concession in open court,[5] Debtor should not now be permitted to argue that Claimants Supplemental Response, filed before this May 30 hearing, is without effect under Rule 7015.

At that hearing this Court stated:

```
22      . . . I've already said that the
23      debtor is stuck with what it said in the 15th omnibus. It
24      seems to me that the claimants are stuck with what they've said
25      in their proofs of claim. And to that end, if they want to
1       change the proofs of claim, at this point coming to the court
2       with a request to change that proof of claim is appropriate
3       because of a few things, one of which is that the debtors may
4       very well need then to amend their 15th omnibus in light of
5       that amendment to the proof of claim.
        .   .   .   .   .   .   .   .   .
13      And so at this point in time I think that anything
14      that is encompassed within that 15th omnibus objection should
15      be just what it is, the claims and the objections to the
16      claims. So for the entire 15th omnibus objection, any claim
17      that is encompassed within that 15th omnibus it seems to me
18      should be just what it is as of today. And if anybody wants to
19      file an amendment to the claim, they should approach the Court.
```
(emphasis added)  Id. at 139-41.

The Washington Claimants filed their Supplemental Response to Debtors' Objections on April 9, 2007 more then a month before the May 30, 2007 hearing.

Finally, even if this Court does apply Rule 7015 to Claimants' Supplemental Response to Debtors Objections, the Washington Claimants should still be permitted to argue for the application of *nullum tempus*, at the July 30-31, 2007 hearing.  See Federal

---

[5] Debtors' counsel stated, "We're happy if the Court would simply issue an order today or whenever we can get it to Your Honor that says henceforth, given the fact that these are all contested matters, *any further supplementation with* regard to these claims will require prior approval of the Court. *The debtor is satisfied with that*. It's a way of trying to resolve the problem. It doesn't require an injunction, it doesn't require any retroactive application. It simply says *the time has come* that court approval is necessary." Id. at 130 (emphasis added).

Rule of Civil Procedure 15(b). Grace is not prejudiced by claimants making such an argument. Debtors have long been aware of the issue of *nullum tempus* for these types of claims. In fact, in the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims, Grace wrote that "**No doubt**, the California Universities will argue that the statute of limitations does not apply to their claims because the doctrine of *nullum tempus occurit regi* **("nullum tempus")** precludes the application of any statute of limitations to their claims." Id. at 45, ¶ 140 (emphasis added). Furthermore, the application of *nullum tempus*, as demonstrated in the trial briefs, is almost entirely a legal question for which discovery would be unavailing. As such, Washington Claimants should be permitted to argue *nullum tempus* under Rule 15(b) even if Rule 7015 is applied to their supplemental response to Debtors' objections.

**II.   No Precedent or Statute Prohibits the Application of *Nullum Tempus* in Bankruptcy Proceedings**

Debtors' erroneously assert that the doctrine of *nullum tempus* is not applicable in the context of a proof of claim in bankruptcy. Debtors' entire argument on this issue is premised upon the concept that *nullum tempus* and sovereign immunity are synonymous. This is simply not the case. In support of this conclusion, Debtors cite Section 106(a) of the bankruptcy code. See 11 U.S.C. § 106(a). This section makes no mention of the doctrine of *nullum tempus* directly or impliedly. The only section specifically mentioned by Debtors' motion is 11 U.S.C. § 106(a)(2) which reads "The court may hear and determine any issue arising with respect to the application of such sections to governmental units." According to Debtors, the "clear import" of this section is that it prevents the application of *nullum tempus*. Debtors ignore the fact that the entire section applies to "sovereign immunity" and makes no mention whatsoever of *nullum tempus*.

Claimants have been unable to find any case which holds that this section relates to the application of *nullum tempus* and Debtors' fail to cite to any such case. The only case mentioned by Debtors is <u>Central Virginia Community College v. Katz</u>, which related to sovereign immunity and not *nullum tempus*. 126 S.Ct 990, 1005 (2006). In <u>Central Virginia Community College</u> the Court merely stated that "Congress may, **at its option**, either treat States in the same way as other creditors insofar as concerns 'Laws on the subject of Bankruptcies' or exempt them from operation of such laws." <u>Id.</u> at 1005 (emphasis added). Nothing in 11 U.S.C. § 106(a) demonstrates that Congress has exercised this option as to the doctrine of *nullum tempus*. Rather, the Bankruptcy code applies any "nonbankruptcy law" relating to limitations including state substantive law such as *nullum tempus*. 11 U.S.C. § 108(c).

*Nullum tempus* is an independent doctrine from sovereign immunity, with independent supporting policy considerations. *See Fennelly v. A-1 Machine & Tool Co.*, 728 N.W.2d 163, 170 fn.3 (Iowa 2006) ("*Nullum tempus* is an independent doctrine from sovereign immunity with independent supporting policy considerations").[6] While

---

[6] <u>Citing</u> <u>Guaranty Trust Co. v. United States,</u> 304 U.S. 126, 132, 58 S.Ct. 785, 789, 82 L.Ed. 1224, 1228 (1938) ("Regardless of the form of government and independently of the royal prerogative once thought sufficient to justify it, the rule is supportable now because its benefit and advantage extend to every citizen, including the defendant, whose plea of laches or limitation it precludes; and its uniform survival in the United States has been generally accounted for and justified on grounds of policy rather than upon any inherited notions of the personal privilege of the king." (Citations omitted.)); <u>City of Shelbyville v. Shelbyville Restorium, Inc.,</u> 96 Ill.2d 457, 71 Ill.Dec. 720, 451 N.E.2d 874, 875-76 (1983) ("While sovereign immunity from liability and governmental immunity from statutes of limitation shared a philosophical origin and have the similar effect of creating a preference for the sovereign over the ordinary citizen, we do not believe that the abolition of the first of these doctrines requires abandonment of the second."); <u>Dep't of Transp. v. Sullivan</u>, 38 Ohio St.3d 137, 527 N.E.2d 798, 800 (1988) ("[T]he abolition of sovereign immunity by R.C. Chapter 2743 and recent decisions of this court did not serve to strip the state of all the privileges of sovereignty and place it in absolute parity with all other litigants."); <u>Dep't of Transp. v. J.W. Bishop & Co.,</u> 497 Pa. 58, 439 A.2d 101, 104 (1981) (holding the abrogation of sovereign immunity did not require abrogation of *nullum tempus* ).

sovereign immunity denies relief to parties whom are allegedly wronged by the state, *nullum tempus* protects the state from the application of its own limitations by parties who have wronged the state. In the context of a bankruptcy proceeding, this dichotomy is pronounced. While bankruptcy courts are directed by Section 106(a) to permit the resources to be collected from the state which is owed to an estate, no similar policy exists for forbidding a sovereign entity from collecting from the estate those resources which would otherwise be available to them under *nullum tempus*. Congress intended no such effect upon the doctrine of *nullum tempus* by enacting 11 U.S.C. § 106. Congress' purpose in promulgating Section 106(a) was to prohibit the government from receiving distribution from the estate without subjecting it to any liability it has to estate within confines of a compulsory counterclaim rule by invoking sovereign immunity. In re Madison County Economic Opportunity Com'n, 53 B.R. 541, 542-43 (Bkrtcy.S.D. Ill. 1985). Permitting a state to invoke *nullum tempus* in no way undermines the debtors opportunity to operate with a "fresh state," as it does not permit a state to benefit from the proceedings while protecting the state from a liability related to the original action. See Central Virginia Community College, 126 S.Ct. at 1005.

### III.    Conclusion

Based on the foregoing arguments, Claimants should be permitted to present

evidence and witnesses demonstrating that the Washington Claimants are not subject to limitations under the doctrine of *nullum tempus*.

Mt. Pleasant, SC
July 24, 2007

    Respectfully Submitted by:

JASPAN SCHLESINGER HOFFMAN LLP

/s/ *Laurie Schenker-Polleck*
Laurie Schenker-Polleck, Esquire (No. 4300)
913 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 351-8000
Facsimile: (302) 351-8010

And

MOTLEY RICE LLC

/s/ Anne McGinness Kearse
Anne McGinness Kearse
Frederick J. Jekel
John D. Hurst
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
Telephone: (843) 216-9140
Facsimile: (843) 216-9440
E-mail: akearse@motleyrice.com