IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., ET AL., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | JOINTLY ADMINISTERED |

**AFFIDAVIT OF W. BRIAN MCGOWAN IN SUPPORT OF
THE DEBTORS' MOTION FOR AN ORDER AUTHORIZING
THE IMPLEMENTATION OF THE 2007-2009 LONG-TERM
INCENTIVE PROGRAM FOR KEY EMPLOYEES**

1.  I am senior vice president of W. R. Grace & Co., a corporation organized under the laws of the State of Delaware, one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these cases. I offer this affidavit in support of the Motion of the Debtors for an Order Authorizing the Implementation of the 2007-2009 Long-Term Incentive Program for Key Employees (the "Motion").

2.  The Ongoing Long Term Incentive Program[1] was developed in conjunction with the Human Capital Advisor Services Group of Deloitte & Touche, at the time that the Debtors sought approval of the 2002-2004 LTIP. The Program has been regularly reviewed since that time to ensure that it continues to be an effective and competitive way to deliver incentive compensation. Most recently, Watson Wyatt Worldwide, the current independent compensation consultant to the Board's Compensation Committee, reviewed the Ongoing Long Term Incentive Program during 2006 and 2007.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

3. The Compensation Committee of the Debtors' Board approved the implementation of the 2007-2009 LTIP on February 28, 2007, pending Court approval.

4. The 2007-2009 LTIP will have the effect of continuing the Ongoing Long-Term Incentive Program. Continuing the Ongoing Long-Term Incentive Program by implementing the 2007-2009 LTIP will aid the maximization of the value of the Debtors' estates and further the Debtors' efforts to successfully reorganize.

5. The Key Employees are experienced and talented individuals who are intimately familiar with the Debtors' businesses and can obtain employment elsewhere. The Debtors' management believes that without continuing the Ongoing Long-Term Incentive Programs, it would be difficult and more expensive to attract and hire qualified replacements for any Key Employees who do leave.

6. Any unanticipated loss of Key Employees likely would adversely affect the Debtors' operations by lowering the morale of the remaining employees because of the appearance of disarray and disruption generated by such departures. It would also burden the Debtors' remaining employees with additional responsibilities. Such a scenario would negatively impact the Debtors' operations.

7. The Debtors must protect a critical mass of their high-performing employees in sufficient numbers to profitably operate their businesses during the pendency of these Chapter 11 Cases.

8. Given the current status of the Chapter 11 Cases, the Debtors' management continues to believe that it will be difficult to maintain employee morale and loyalty if it does not continue the Ongoing Long-Term Incentive Program by implementing the 2007-2009 LTIP.

9. The employees' morale, continued loyalty to the Debtors and faith in the Debtors' management will be furthered by the 2007-2009 LTIP because the Ongoing Long-Term Incentive Program clearly signals the Debtors' commitment to continuing to profitably grow their businesses for the benefit of the Debtors' stakeholders, including their employees. The Debtors need such programs to maximize their chances of successfully reorganizing.

10. Moreover, the Debtors' management believes that the Ongoing Long-Term Incentive Program has been an important part of the successful performance of the Debtors' businesses during the pendency of the Chapter 11 Cases.

11. The Debtors' specific goals in implementing the 2007-2009 LTIP include: (a) continuing the Ongoing Long-Term Incentive Program, which will provide cash-based, long-term incentive opportunities to achieve pay levels that are not only competitive within the specialty chemical industry, but also competitive with and comparable to similar programs instituted by other companies in chapter 11 because of mass tort liabilities; and (b) providing cash incentive compensation potential to Key Employees during the Chapter 11 Cases, which is directly related to the performance of the Debtors' businesses.

12. In light of the foregoing, the Debtors believe that the incentives provided by the 2007-2009 LTIP are reasonable and appropriate and will enhance the prospect of retaining Key Employees and, ultimately, attaining a successful result in these Chapter 11 Cases.

FURTHER AFFIANT SAYETH NOT

Dated this 24 day of July 2007.

*W. Brian McGowan* (signed)
W. Brian McGowan

SUBSCRIBED AND SWORN TO BEFORE ME

this 24th day of July 2007.

*Diane Z. Armstrong* (signed)
Notary Public

DIANE Z. ARMSTRONG
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 1, 2008

K&E 11982976.3