IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

W.R. GRACE & CO., et al.,

Debtor.

Chapter 11

Case No. 01-01139 (JFK)

(Jointly Administered)

Related 14578, 14062, 14238 + 16311

STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING
CERTAIN CLAIMS FILED BY DEL TACO, INC.
AND WILLIAM C. BAKER, ET AL.

This Stipulation for Entry of Protective Order Regarding Certain Claims Filed by Del Taco, Inc. and William C. Baker, et al. is entered into as of July 12, 2007 by and between Del Taco LLC ("Del Taco") and the Debtors herein with reference to the following facts:

RECITALS

A. Del Taco is presently the holder of five proofs of claim in these bankruptcy proceedings, designated as Claim Nos. 13964, 14648, 13942, 13943 and 13944 (collectively, the Del Taco Claims").

B. On December 18, 2006, the Debtors herein filed an objection to the Del Taco Claims. On January 5, 2007, Del Taco filed a response to the Debtors' objection to the Del Taco Claims.

C. Del Taco and the Debtors anticipate that they will attempt to resolve the contested matter commenced by the filing of the Debtors' claims objection through mediation and that, if they are unsuccessful in resolving the claim objection through mediation, the merits of the claim objection will be litigated.

1-LA/924265.1

D. Del Taco and the Debtors anticipate that they may exchange documents and/or information during the course of the mediation of the claims objection, or during the course of litigation that will ensue if the claims objection is not resolved as a result of mediation, containing trade secrets or other confidential research, development or commercial information that would be subject to protection pursuant to Bankruptcy Rule 9018 ("Confidential Information"). Accordingly, Del Taco and the Debtors wish to stipulate to the entry of a protective order protecting the confidentiality of such Confidential Information.

IT IS THEREFORE STIPULATED that the Court may enter a Protective Order Regarding Certain Claims Filed by Del Taco, Inc. and William C. Baker, et al. in the form attached hereto as Exhibit 1.

Dated: July 12, 2007

By: _____
Richard W. Esterkin, Bar No. 70769
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: 213.612.2500
Facsimile: 213.612.2501

Attorneys for Claimant
DEL TACO, LLC

Dated: July 13, 2007

By: _____
Lori Sinanyan
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: 213.680.8400
Facsimile: 213.680.8500

Attorneys for Debtors
W.R. GRACE & CO, et al.

- 2 -

{-LA/924265.1}

EXHIBIT 1 TO
STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING
CERTAIN CLAIMS FILED BY DEL TACO, INC.
AND WILLIAM C. BAKET, *ET AL.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al.,, | |
| Debtor. | Case No. 01-01139 (JFK) |
| | (Jointly Administered) |

### PROTECTIVE ORDER REGARDING CERTAIN CLAIMS FILED BY DEL TACO, INC. AND WILLIAM C. BAKER, *ET AL.*

The parties hereto having stipulated thereto, and good cause appearing therefore, pursuant to the provisions of Bankruptcy Rule 9018, it is hereby ordered that, in connection with the provision of documents and information by Del Taco, LLC ("Del Taco"), whether voluntary or as a result of formal discovery proceedings, in the contested matter commenced by the filing of the "Debtors' Objection to Certain Claims Filed by Del Taco, Inc. and William C. Baker, et al. and Agreement for Referral to Mediation" (D. 14062) (the "Contested Matter"):

1. Del Taco may designate information for protection pursuant to the terms of this Order as CONFIDENTIAL, if Del Taco in good faith believes that such information constitutes, contains or reflects trade secrets and/or proprietary or other confidential matter, and such information has been produced, provided, served, testified about or filed by Del Taco in support of claims filed herein by Del Taco on its own behalf or as assignee of claims asserted herein by William C. Baker, et al., including without limitation in conjunction with the mediation of those claims, or, if the matter is not successfully mediated, in the course of litigation of some or all of such claims in any forum. All information, including without limitation all copies, excerpts, analyses, reports or summaries based upon or derived from any information that has been designated as CONFIDENTIAL, shall be considered to be CONFIDENTIAL.

2. If CONFIDENTIAL information is set forth in a writing, photograph, whether an original or duplicate, each as defined by Rule 1001 of the Federal Rules of Evidence, or in any

other tangible thing (collectively, a "Document"), then Del Taco may designate such Document, or one or more portions of such Document, as CONFIDENTIAL.

3. To designate any information or Document as CONFIDENTIAL such that the information or Document is protected information under this Order, Del Taco shall:

(a) In the case of Documents, mark such Document, or portions of such Document, "CONFIDENTIAL, SUBJECT TO COURT ORDER" at or prior to the time it is produced or otherwise made available to the Debtors by Del Taco, or as soon as is practicable thereafter.

(b) In the case of deposition testimony given after the date of this Order, confidential information shall be identified by a statement to that effect, either on the record or upon reviewing the transcript of such deposition. Each portion of a deposition that contains confidential material shall be identified at the beginning of such testimony with the words "BEGIN CONFIDENTIAL TESTIMONY" and at the end with the words "END CONFIDENTIAL TESTIMONY." The pages containing confidential testimony shall be identified on the bottom of each such page with the words "CONFIDENTIAL, SUBJECT TO COURT ORDER." On each occasion where confidential testimony is given, the confidential testimony will be transcribed starting on a new page and a new page will be started after each "END CONFIDENTIAL TESTIMONY." CONFIDENTIAL portions of transcripts of depositions taken in litigation prior to the commencement of the Contested Matter may be designated as CONFIDENTIAL Documents pursuant to part (a) of this paragraph.

(c) In the case of responses to particular interrogatories, requests for admissions or requests for production of documents made after the date of this Order, any confidential material in such responses shall be set forth in a separate document containing a statement to the effect that "THIS RESPONSE CONTAINS CONFIDENTIAL MATERIAL," and the legend "CONFIDENTIAL, SUBJECT TO COURT ORDER." shall be placed on each page of any such set of responses.

CONFIDENTIAL portions of such responses made in litigation commenced prior to the commencement of the Contested Matter may be designated as CONFIDENTIAL Documents pursuant to part (a) of this paragraph.

4. All information, including without limitation all Documents, designated as "CONFIDENTIAL" shall be used by the Debtors solely for the mediation, prosecution or defense of the Contested Matter, or prosecution or defense of any litigation that may proceed for the purpose of liquidating the claims that are the subject of the Contested Matter (a "Related Action" and, together with the Contested Matter, the "Proceedings") and may not be disclosed by the Debtors, or any of them, in any manner to anyone other than the following:

(a) counsel (including in-house counsel) who are actively engaged in the mediation, prosecution or defense of the Proceedings; the employees or agents of such counsel assisting in the conduct of the Proceedings, the parties to the Proceedings; and, where necessary for the prosecution or defense of the Proceedings, partners, employees, or agents of parties to the Proceedings;

(b) bona fide experts assisting counsel in the mediation, prosecution or defense of the Contested Matter or a Related Action, whether categorized as "testifying" or "consulting," whom the attorneys represent have been specifically instructed not to discuss or disclose information that has been designated "CONFIDENTIAL" other than with counsel of record and in-house counsel;

(c) witnesses and their counsel in the Proceedings, where deemed necessary by counsel to assist in the mediation, prosecution or defense of the Proceedings;

(d) the court having jurisdiction of the Proceedings (the "Court"), and its personnel, including stenographic reporters employed by such court;

(e) stenographic reporters not regularly employed by the Court, who are engaged in such proceedings as are necessarily incident to the conduct of the Proceedings; and

(f) other persons only in accordance with paragraph 7 of this Order.

5.  Each person to whom information designated as "CONFIDENTIAL" is disclosed by the Debtors, or any of them, shall be bound by the terms of this Order.

6.  Prior to the Debtors' disclosure of any information designated as "CONFIDENTIAL" under this Order, each person to whom such information is to be disclosed (excluding the Court, the Court's personnel, counsel of record and legal assistants or other law firm or law department employees working under their supervision in the prosecution or defense of the Proceeding) shall agree to be bound by the terms of this Order by executing the form attached hereto as Exhibit "A." Debtors' Counsel shall maintain all such executed forms on file throughout the pendency of the Proceeding.

7.  In the event that counsel for the Debtors determines that the prosecution or defense of the Proceeding requires that any "CONFIDENTIAL" documents or information be disclosed to persons not otherwise authorized herein, such counsel shall provide counsel for Del Taco written notice of the intended disclosure (which notice shall specify with particularity the information to be disclosed and the identity, including name, title and employer, of the otherwise unauthorized person) not less than ten (10) days prior to disclosure, or such shorter period as is agreeable to Del Taco. If, within four (4) days of receipt of such notice, Del Taco's counsel objects in writing via facsimile or e-mail to such disclosure to the Debtors' counsel, the information shall not be disclosed unless the Court so orders.

8.  If the Debtors, or any of them, wish to include any confidential information subject to this Order, including without limitation any summary, abstract or description thereof, or any Document in any document filed with the Court, the document filed with the Court, or such portion thereof that contains a Document or information that has been designated "CONFIDENTIAL" shall be filed with the Court under seal in an envelope marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER." If Del Taco wishes to include any confidential information subject to this Order, including without limitation any summary, abstract or description thereof, or any Document in any document filed with the Court, the document filed with the Court, or such portion thereof that contains a Document or information

- 4 -

1-LA/924066.6

that has been designated "CONFIDENTIAL" may be filed with the Court under seal in an envelope marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER." All material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court. This Order shall constitute an order authorizing the filing of such documents under seal in accordance with Local Rule 9018-1(c).

9. The Debtors and each person to whom the Debtors disclose any information subject to this Stipulation are hereby prohibited from divulging such materials or any information contained therein or from exploiting in any way such material or information for his or her own benefit, and from using such material or information for any purposes or in any matter not connected with the prosecution or defense of the Proceeding.

10. If the Debtors wish to challenge the designation of any Document or discovery response, or deposition excerpt, designated as "CONFIDENTIAL," they shall meet and confer with Del Taco to resolve the dispute, and, if unable to resolve the dispute, may move the Court for a determination as to whether the Document or other response in question warrants protection as a confidential matter in accordance with the provisions set forth in the Court's local rules and other applicable law. Nothing in this Order affects or alters the burden on Del Taco to establish the propriety of confidential treatment for a document or information designated as "CONFIDENTIAL."

11. This Order shall not restrict Taco's use of its own information including, without limitation, its Documents, other than permitting, but not requiring, Del Taco to file certain documents under seal, as set forth in paragraph 8 of this Order.

12. Within sixty (60) days after final disposition of the Proceeding (including all appellate proceedings), all Documents designated as "CONFIDENTIAL," and all copies thereof, including excerpts and extracts (excluding excerpts or extracts incorporated into any privileged memoranda) in the possession of the Debtors their attorneys or any other person to whom the Debtors provided the Documents, excerpts or extracts, except for such material which has

become part of the record in the Proceedings, shall be destroyed by the Debtors or returned to Del Taco.

13.    Nothing contained herein shall be constructed as limiting or negating the right of any party hereto to bring a motion to compel discovery, for a protective order, or, upon a showing of good cause, to modify the provisions of this Order.

Dated: July 26, 2007

*Judith K. Fitzgerald*
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge