**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE:

W. R. Grace & Co.             Bankruptcy No. 01-1139-JKF
    Debtor(s)

Chapter 11

Related to Dkt. No. 16083, Debtors' Tenth Motion for an Order Pursuant to 11 U.S.C. §1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon

**ORDER DENYING EXTENSION OF EXCLUSIVITY AND TERMINATING SAME**

**AND NOW**, this **26th** day of **July, 2007;**

**WHEREAS** the matter has been fully briefed and argued;

**WHEREAS** this case was filed on April 2, 2001;

**WHEREAS** this is Debtors' tenth request to extend their exclusive period to file a plan and solicit votes;

**WHEREAS** there has been progress in the case in the form of resolution of asbestos property damage claims and non-asbestos claims and the operation of the businesses of the Debtors is not at issue in the context of this motion;

**WHEREAS**, despite over six years of exclusivity, Debtors have been unable to forge an agreement or achieve a consensus with respect to asbestos personal injury liabilities and certain asbestos-related property damage claims, notwithstanding their filing of a disclosure statement and plan on November 13, 2004, which, after vehement opposition by representatives of the asbestos personal injury claimants, the future claims representative, and other constituencies, was amended on January 13, 2005;

**WHEREAS** the amendment(s) to the disclosure statement and plan resolved some issues but failed to resolve issues relating to asbestos personal injury liabilities; *see* Dkt. No. 7562 at Exhibit 2;

**WHEREAS** those issues remain unresolved and litigation is on-going regarding asbestos personal injury liability estimation and there are numerous discovery disputes, including, but not limited to, those concerning the Personal Injury Questionnaires propounded by Debtors, reliability of x-rays and B-reads, confidentiality and sources of information, evidentiary matters, *Daubert* issues;

**WHEREAS** no further amendments to the disclosure statement and plan have been filed since January 13, 2005;

**WHEREAS** various counsel have stated, and the Court finds that, without an agreement as to the asbestos personal injury liability, the trial on estimation of asbestos personal injury liabilities (set for January through April, 2008) must conclude and rulings thereon must issue before a plan of reorganization can be confirmed;

**WHEREAS** Debtors have had sufficient exclusive time to control negotiations with creditors and to propose and confirm a feasible plan;

**WHEREAS** Debtors have failed to establish that extending exclusivity will result in advancing the case towards resolution;

**WHEREAS** termination of exclusivity will facilitate moving the case toward conclusion by changing the dynamics for negotiation while permitting Debtors to continue to operate their businesses, resolve claims, and participate in negotiations;

**WHEREAS** Debtors have not shown additional cause for extension of exclusivity and the Court finds that termination of exclusivity will not prejudice any party or adversely affect the

progress of the case pending estimation;

**NOW, THEREFORE**, it is **ORDERED** that Debtors' exclusive period in which to file a plan and to solicit votes is **TERMINATED.**

_____
Judith K. Fitzgerald
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

W. R. Grace & Co.　　　　　　　　　　　Bankruptcy No. 01-1139-JKF
　　　　Debtor(s)

　　　　　　　　　　　　　　　　　　　Chapter 11

　　　　　　　　　　　　　　　　　　　**Related to Dkt. No. 16083, Debtors' Tenth Motion for an Order Pursuant to 11 U.S.C. §1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon**

**ORDER DENYING EXTENSION OF EXCLUSIVITY AND TERMINATING SAME**

　　　　**AND NOW**, this **26th** day of **July, 2007;**

　　　　**WHEREAS** the matter has been fully briefed and argued;

　　　　**WHEREAS** this case was filed on April 2, 2001;

　　　　**WHEREAS** this is Debtors' tenth request to extend their exclusive period to file a plan and solicit votes;

　　　　**WHEREAS** there has been progress in the case in the form of resolution of asbestos property damage claims and non-asbestos claims and the operation of the businesses of the Debtors is not at issue in the context of this motion;

　　　　**WHEREAS**, despite over six years of exclusivity, Debtors have been unable to forge an agreement or achieve a consensus with respect to asbestos personal injury liabilities and certain asbestos-related property damage claims, notwithstanding their filing of a disclosure statement and plan on November 13, 2004, which, after vehement opposition by representatives of the asbestos personal injury claimants, the future claims representative, and other constituencies, was amended on January 13, 2005;

**WHEREAS** the amendment(s) to the disclosure statement and plan resolved some issues but failed to resolve issues relating to asbestos personal injury liabilities; *see* Dkt. No. 7562 at Exhibit 2;

**WHEREAS** those issues remain unresolved and litigation is on-going regarding asbestos personal injury liability estimation and there are numerous discovery disputes, including, but not limited to, those concerning the Personal Injury Questionnaires propounded by Debtors, reliability of x-rays and B-reads, confidentiality and sources of information, evidentiary matters, *Daubert* issues;

**WHEREAS** no further amendments to the disclosure statement and plan have been filed since January 13, 2005;

**WHEREAS** various counsel have stated, and the Court finds that, without an agreement as to the asbestos personal injury liability, the trial on estimation of asbestos personal injury liabilities (set for January through April, 2008) must conclude and rulings thereon must issue before a plan of reorganization can be confirmed;

**WHEREAS** Debtors have had sufficient exclusive time to control negotiations with creditors and to propose and confirm a feasible plan;

**WHEREAS** Debtors have failed to establish that extending exclusivity will result in advancing the case towards resolution;

**WHEREAS** termination of exclusivity will facilitate moving the case toward conclusion by changing the dynamics for negotiation while permitting Debtors to continue to operate their businesses, resolve claims, and participate in negotiations;

**WHEREAS** Debtors have not shown additional cause for extension of exclusivity and the Court finds that termination of exclusivity will not prejudice any party or adversely affect the

progress of the case pending estimation;

**NOW, THEREFORE**, it is **ORDERED** that Debtors' exclusive period in which to file a plan and to solicit votes is **TERMINATED.**

                                                *Judith K. Fitzgerald*
                                                Judith K. Fitzgerald    rmab
                                                United States Bankruptcy Judge