# Exhibit 5

```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE


IN RE:                            .    Chapter 11
                                  .
W.R. Grace & Co., et al.,         .
                                  .
       Debtor(s).                 .    Bankruptcy #01-01139 (JKF)
.........................................................

                         Wilmington, DE
                       October 24, 2005
                          12:00 p.m.

              TRANSCRIPT OF OMNIBUS HEARING
         BEFORE THE HONORABLE JUDITH K. FITZGERALD
             UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For The Debtor(s):         Janet S. Baer, Esq.
                           Kirkland & Ellis, LLP
                           200 E. Randolph Drive
                           Chicago, IL 60601

                           Amanda C. Basta, Esq.
                           Kirkland & Ellis, LLP
                           655 Fifteenth Street, N.W.
                           Washington, DC 20005

                           Barbara H. Harding, Esq.
                           Kirkland & Ellis, LLP
                           655 Fifteenth Street, N.W.
                           Washington, DC 20005

                           Michelle H. Browdy, Esq.
                           Kirkland & Ellis, LLP
                           200 E. Randolph Drive
                           Chicago, IL 60601

                           James O'Neill, Esq.
                           Pachulski, Stang, Ziehl,
                           Young, Jones & Weintraub
                           919 North Market Street
                           Wilmington, DE 19801
```

81

1  representations. There's not one word in any of the pleadings
2  that Grace has filed in this case and newspaper articles and
3  other inadmissible sources included that suggests that the
4  problem of shopping B reads arises not when a single firm might
5  shop a B reader out on multiple doctors, but when they're in
6  effect laundering the shopping by having one firm do the
7  shopping and then in order to somehow or another make it clean,
8  you pass the claim to another law firm. That -- there's just -
9  - she just made that up as far as this record is concerned.
10         THE COURT:  I --
11         MS. HARDING:  I'm searching --
12         THE COURT:  Whether made up or not, this is going far
13  afield of what an estimation hearing's all about.
14         MS. HARDING:  Your Honor, the only thing we're asking
15  for here is the right to take the discovery -- is to issue the
16  questionnaire and to -- and the law firms that get the
17  questionnaire --
18         THE COURT:  I'm not permitting the questionnaire. If
19  -- #1, if you want evidence from a specific firm, then you do
20  the formal discovery according to the Rules of Evidence,
21  because I believe that there are constitutional problems with
22  what you're asking. That without consent of their clients the
23  lawyers may in fact be compromising some piece of advice that
24  they have given to a client for what reason. There may be
25  attorney-client privilege. There may be work product. There

82

1  could be all sorts of problems.  There are definitely with
2  respect to the financial relationships and how firms transfer
3  clients or share clients among one another, proprietary
4  information involved.  There are all sorts of problems with
5  this questionnaire.  So, I'm not going to approve it.
6      If you've got need for specific discovery, focused on a
7  specific area, you can take it and we'll deal with it
8  piecemeal.  But overall, I am not going to permit these broad-
9  based questions.  I didn't permit them with the individuals.
10 I'm not going to permit them with the lawyers.  If you try in
11 discovery I'm going to permit it, so please -- although I'm not
12 giving you advisory opinions, I'm giving you advice.  I'm not
13 going to permit it.
14     So tailor your questions if you have some need to this
15 specific whatever it is that you're looking for so that when I
16 say, what's the relevance, you can tell me how it fits to a
17 particular strategy, theory, piece of evidence, whatever in the
18 estimation hearing, because this doesn't.  This is not
19 enhancing that process.
20          MS. HARDING:  Can I try one more time?
21          THE COURT:  One more.
22          MS. HARDING:  Your Honor, in the end, and so I don't -
23 - so we're going to have a Trust, all right?  And then the
24 trust is going to be funded, all right, from an estimation from
25 this Court on what should -- how much money should go into the