# Exhibit 7

```
                 UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF DELAWARE

IN RE:                      .    Case No. 01-1139(JKF)
                            .
                            .
W. R. GRACE & CO.,          .
                            .    5414 USX Tower Building
                            .    Pittsburgh, PA  15222
                            .
          Debtor.           .
                            .    May 8, 2007
. . . . . . . . . . . ..         9:17 a.m.
```

TRANSCRIPT OF HEARING
ARGUMENT ON DISCOVERY
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:              Kirkland & Ellis, LLP
                             By: DAVID. M. BERNICK, P.C., ESQ.
                                 AMANDA BASTA, ESQ.
                                 JANET BAER, ESQ.
                             Aon Center
                             200 East Randolph Drive
                             Chicago, IL  60601

For "The MMWR" firms:        Montgomery, McCracken, Walker
                                & Rhoads, LLP
                             By:  LEONARD A. BUSBY, ESQ.
                             300 Delaware Avenue
                             Suite 750
                             Wilmington, DE  19801

For Asbestos Creditors':     Caplin & Drysdale, Chartered
                             By: NATHAN D. FINCH, ESQ.
                                 MARC HURFORD, ESQ.
                             One Thomas Circle, NW
                             Washington, DC  20005


Audio Operator:              Janet Heller

   Proceedings recorded by electronic sound recording, transcript
             produced by transcription service
_____
              J&J COURT TRANSCRIBERS, INC.
                  268 Evergreen Avenue
                Hamilton, New Jersey  08619
              E-mail:  jjcourt@optonline.net

         (609) 586-2311    Fax No. (609) 587-3599

1   MR. BERNICK: Because they've already -- they've as
2 much as told us that they didn't do it, that's why they've
3 complained about the burden of compiling the information about
4 privilege, is they say, oh, well, we didn't have to go ahead
5 and do that.  These lawyers have gotten up there and said, all
6 that they can attest to is what their firm has within its
7 possession, custody or control.
8   So, we're not talking about somebody parsing through
9 every one of a thousand claims, we're talking about somebody
10 saying, oh, well, here's what we did, we had our own files and
11 we looked through our own files and did we make inquiry of
12 other counsel from other firms, maybe they did, maybe they
13 didn't.  They can talk about whether they made contact with
14 other counsel for other firms, whether they obtained documents
15 within the possession, custody and control of the other firm.
16 Did they go to the doctors, did they or did they not?
17   Now, they've had a standard procedure, they didn't
18 sit there and handcraft this with respect to every single
19 claimant that they had.
20   THE COURT: Maybe they did it for one out of 1200 and
21 have to search through 1200 files to find the one.
22   MR. BERNICK: Well, then they can tell us that.  The
23 whole purpose of the questionnaire, Your Honor, they had to
24 fill out this questionnaire for every single claimant --
25   THE COURT: And they have to fill out this

1  doing --

2           MR. BUSBY:  He said -- yes, sorry.

3           MR. BERNICK:  Excuse me, counsel.  I said that I was
4  sorry, that I was referring to the 2,000 documents, not the
5  2,000 claimants.

6           Your Honor, I don't really know what else to say.
7  When I can't find out and get these people to specify what
8  documents they looked for and whether they contacted other law
9  firms and when they went to do what Your Honor told them to do
10 before, you know, I am literally speechless and the whole idea
11 that this is somehow questionnaire number two, I could put Mr.
12 Rich on the stand in five minutes and get the answers to these
13 questions for Barron and Budd.  It's not that hard to do.  But
14 I need to have it verified, I need to make sure that it's
15 correct, I can't have a bunch of lawyers saying something in
16 their briefs, by way of avoiding what we think is their
17 obligation to demonstrate privilege and then turning around and
18 saying, oh, but you can't really get a verification of that on
19 the questionnaires.

20          THE COURT:  But here's the problem.  I was asked to
21 do this interrogatory discussion in advance of the Debtor
22 sending it out which I really am not familiar with how the
23 court gets involved in approving interrogatories as formal
24 discovery in advance anyway, and I stated that on the record
25 before.  Nonetheless, I've now spent five hours today doing it,