IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| ) | |
| Debtors. ) | [Related to Docket No. 16319] |
| ) | |
| ) | Hearing Date: August 1, 2007 |

## MOTION FOR AN ORDER AUTHORIZING BARON & BUDD, P.C. AND OTHER CERTAIN LAW FIRMS TO, AND DIRECTING THAT THE CLERK OF THE COURT, FILE UNDER SEAL THEIR RESPONSE TO GRACE'S REQUEST FOR DEPOSITIONS AND TO SERVE ADDITIONAL INTERROGATORIES

Baron & Budd, P.C. ("Baron & Budd"), and the law firms of Foster & Sear, L.L.P., LeBlanc & Waddell, L.L.P., Provost Umphrey, L.L.P., Reaud Morgan & Quinn, L.L.P., Silber Pearlman, LLP, Weitz & Luxenberg, P.C., and Williams Kherkher, L.L.P. (f/k/a Williams Bailey, L.L.P.) (collectively, the "Other Certain Law Firms") hereby moves the Court, pursuant to 11 U.S.C. § 107(b)(1), Federal Rule of Bankruptcy Procedure 9018, and Del. Bankr. L.R. 9018-1(b) for an order authorizing Baron & Budd, P.C. and Other Certain Law Firms to, and Directing that the Clerk of the Court, File Under Seal their Response to Grace's Request for Depositions and to Serve Additional Interrogatories (the "Brief/Motion") (the "Response"). In support thereof, Baron & Budd and the Other Certain Law Firms represent as follows:

1. On May 18, 2007, Grace served deposition notices on 21 law firms requesting the production of the attorney "most knowledgeable concerning the

activities undertaken by the firm to respond to the W.R. Grace Asbestos Personal Injury Questionnaire." As the inevitable subject areas of the deposition are clearly privileged the law firms filed motions for protective orders. [1]

2. On June 26, 2007, the Court heard argument on the motions for protective order. At the outset, Debtors formally withdrew the deposition notices as to all but four law firms: Baron & Budd, Kelley & Ferraro LLP, Motley Rice, LLC and the Law Offices of Peter G. Angelos, P.C.[2]

3. At the hearing on the law firms' motions for protective orders, the four remaining firms offered to answer limited interrogatories in lieu of depositions.[3] Such offer was made on the condition that the Court enter an order requiring the answers remain confidential and not constitute a waiver of any privilege.[4] The Court ruled that interrogatories would be allowed in lieu of depositions and ruled that, if the interrogatories were answered fully and completely, the depositions would not go forward.[5]

4. On July 10, 2007, the Court entered its Modified Order Establishing the Non-Waiver of Privileges Contained in Answers to the Debtors' Interrogatories

---

[1] *See* Memorandum in Support of Motley Rice LLC's Motion for Protective Order (Docket No. 15950), Motion of the Official Committee of Asbestos Personal Injury Claimants and David T. Austern, Legal Representative for Future Asbestos Claimants for Protective Order (Docket No. 15955), Motion of Certain Law Firms to Quash Deposition Notices and for a Protective Order (Docket No. 15966), Motion of the MMWR Cancer Firms for a Protective Order with Respect to Notices of Deposition Served on Them by W.R. Grace (Docket No. 15987), and Memorandum in Support of Cooney and Conway's Motion for Protective Order (Docket No. 15850).

[2] Hr'g Tr. 67-68, June 26, 2007 (Docket No. 16208).

[3] *Id.* at 21.

[4] *Id.* at 56.

[5] *Id.* at 83-84.

and the Sealing and Confidentiality of Such Answers (Docket No. 16259) (the "Sealing Order"). This order provides, *inter alia*, that "The Debtors and all participants in this discovery shall maintain the answers in the manner required pursuant to 11 U.S.C. § 107(b) for papers filed under seal with the Court and such answers when served shall be considered under seal in accordance with such statute." Sealing Order at ¶ 3.

5. On July 19, 2007, Grace filed the Brief/Motion, together with a motion to file certain exhibits to the Brief/Motion under seal pursuant to the Sealing Order. At the July 23, 2007 Omnibus hearing, Grace sought to press the relief requested in the Brief/Motion, but this Court ruled that it could not do so in open Court under the terms of the Sealing Order, and set the matter for in camera hearing on August 1, 2007. The Court also ordered counsel for the law firms to file responses to the Brief/Motion by July 27, 2007. In compliance with this Order, Baron & Budd and the Other Certain Law Firms have prepared the Response, a redacted copy of which is attached hereto as Exhibit 1. As the Response contains material that must, under the terms of the Sealing Order, be maintained under seal, Baron & Budd and the Other Certain Law Firms have filed this motion for an order authorizing them to, and Directing that the Clerk of the Court, file the Response under seal, and have provided an unredacted copy of the Response to chambers in a sealed and prominently marked envelope as required by Del. Bankr. L.R. 9018-1(b).

**WHEREFORE,** Baron & Budd and the other Certain Law Firms respectfully requests that this Court enter an order pursuant to 11 U.S.C. § 107(b), Federal Rule

of Bankruptcy Procedure 9018, Del. Bankr. L.R. 9018-1(b) and the Sealing Order authorizing the filing of the Response under seal and requiring the Clerk of the Court to keep such information segregated and under seal.

Dated: July 27, 2007

/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
E-mail: dkhogan@dkhogan.com

Sander L. Esserman
Van J. Hooker
David A. Klingler
David J. Parsons
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**
**A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**COUNSEL FOR BARON & BUDD, P.C. AND THE OTHER CERTAIN LAW FIRMS**