**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Re: DI 16323 |
| | ) | |

**BRIEF OF THE MMWR FIRMS IN OPPOSITION TO GRACE'S "BRIEF IN FURTHER SUPPORT OF OPPOSITION TO MOTIONS FOR PROTECTIVE ORDER TO PRECLUDE LAW FIRM DEPOSITIONS"**

## I.     INTRODUCTION

Grace's "Brief in Further Support of Opposition to Motions for Protective Order to Preclude Law Firms Depositions" makes certain arguments as to three specific firms – none of which are MMWR Firms.[1]  The MMWR Firms do not address those arguments here.  But the MMWR Firms do contest those aspects of Grace's Brief and proposed Order that do relate to the MMWR Firms on the following two grounds:  (i) the relief requested in Grace's Brief and proposed Order as to the MMWR Firms (and other firms) is procedurally improper; and, (ii) Grace's Brief and proposed Order improperly move the discovery goalposts as to the MMWR Firms (and other firms).

---

[1] For the purposes of this Brief, the "MMWR Firms" are defined as follows:  (i) Kazan, McClain, Abrams, Fernandez, Lyons, Farrise & Greenwood, A Professional Law Corporation; (ii) Waters & Krauss, LLP; (iii) Paul, Hanley & Harley, LLP; (iv) Early Ludwick & Sweeney; and, (v)  the Wartnick Law Firm.

II.    **ARGUMENT**

    A.    **The Relief Requested Grace's Brief And Proposed Order As To The MMWR Firms (And Other Firms) Is Procedurally Improper**

Grace's "Brief" seeks entry of an Order imposing consequences not only as to three firms served with Grace's Third Set of Interrogatories, but also 20 other law firms, including four of the five MMWR Firms.[2]  Grace's proposed Order is procedurally improper as to the MMWR Firms (and others).

Grace's proposed Order requests, among other things, that the previously filed "Motion of the MMWR Cancer Firms for a Protective Order with Respect to Notices of Deposition Served on Them by W.R. Grace" be "denied."  <u>See</u> Grace's proposed Order at paragraph "1." on p. 2.  And Grace's proposed Order further provides that Grace "may serve Debtors' Third Set of Interrogatories" on four of the MMWR Firms (and on 16 other firms), and then also provides that within "11 (eleven) days following entry of this Order, each of these firms [namely the four MMWR Firms and the 16 other firms] shall serve Debtors with their responses to the Third Set of Interrogatories and file a certificate of such service with the Court."  <u>See</u> Grace's proposed Order at paragraph "4." on p. 3.

This is all quite remarkable – and quite procedurally improper.  Mr. Bernick on behalf of Grace <u>withdrew</u> all of Grace's notices of deposition as to the MMWR Firms (and the other 16 firms) during this Court's June 26, 2007 Hearing:

        THE COURT:  Okay, well with respect to the issue that the
        debtor is only moving as to four firms now, I think the problem is
        that the debtor has served the notices of deposition on 21 firms.  I

---

[2] The fifth of the MMWR Firms – Early Ludwick & Sweeney  – is excluded from any request for relief in Grace's Brief.  <u>See</u> fn. 2 at p. 2 of Grace's Brief.  But Grace has signaled its intention to seek additional discovery from the Early Ludwick & Sweeney firm and, accordingly, Early Ludwick & Sweeney is included in this Brief of the MMWR Firms.

2206477v1

don't know whether the debtor has formerly withdrawn the rest or not.

    MR. BERNICK:    <u>Yes, we have formerly withdrawn the request for all but the six</u>, not to say that we won't make a request in the future but we are not pursuing that and with respect to the six we have taken two off that is Early Ludwick and Weitz and Lutzenberg. Early Ludwig because it's a more complicated case and Weitz and Lutzenberg because we have yet to receive their interrogatory answers. . . .    We're only pursuing the four.

June 26, 2007 Hearing Transcript at pp. 67-68; emphasis added.

      This withdrawal by Grace intentionally mooted, among other Motions, the then pending Motion for a Protective Order that had been filed by the MMWR Firms and that had been scheduled for argument before Your Honor on that same day.  In light of Grace then having mooted the MMWR Firms' Motion by formally withdrawing all notices of deposition directed to the MMWR Firms it is, of course, procedurally improper for Grace now to request that Your Honor "deny" the MMWR Firm's Motion for a Protective Order.  There are no notices of deposition now pending as to any MMWR Firms, nor is there any pending Motion for Protective Order by any of the MMWR Firms that could possibly now be "denied" as requested by Grace.

      Grace cannot avoid argument on the merits of a Motion for Protective Order by this procedurally improper strategy – namely, first withdrawing notices of deposition on the day scheduled for oral argument for the Motion for Protective Order, and then requesting the denial of that same Motion in a proposed Order submitted in connection with an altogether different discovery dispute involving altogether different parties (specifically the three firms served with Grace's Third Set of Interrogatories).

      Grace's Brief and proposed Order are procedurally improper for the further reason that Grace essentially seeks through its proposed Order to obtain an advance Order to compel

responses to a Third Set of Interrogatories by four of the MMWR Firms (and 16 other firms) on an expedited basis of 11 days, even though these new interrogatories have never been served on these firms and even though these firms have never had any opportunity to object and/or to "meet and confer" as to the content of these particular interrogatories.

Grace's Third Set of Interrogatories is the result of direct negotiations between Grace and counsel for the only four firms served to date with this Third Set of interrogatories.  The 15 numbered interrogatories and the more than 58 subparts included in Grace's Third Set of Interrogatories represent vastly more detail than the 10 numbered interrogatories and some 24 subparts that Mr. Bernick had specifically proposed to Your Honor at the June 26, 2007 hearing and violate the limitations on interrogatories imposed by Delaware District Court Local Rule 26. The fact that the four then–targeted law firms eventually decided for their own reasons to accommodate Mr. Bernick's insistence on such a substantial expansion of the originally proposed interrogatories does not mean that Grace can now impose this same expanded universe of interrogatories on 20 other law firms (including four of the MMWR Firms) by means of a pre-emptive Court Order that would, in essence, validate interrogatories not yet served on these firms and not yet specifically considered by this Court.

Moreover, the pre-emptive Order to compel interrogatory responses to this Third Set of Interrogatories that has now been requested by Grace appears calculated to change completely the dynamics of any meet and confer obligations on Grace for any discovery dispute as to this Third Set of Interrogatories.  More specifically, it would put Grace in the cat bird seat of not really having to meet and confer at all because Grace would presumably argue that it already had in hand an Order requiring responses to the interrogatories.

-4-

B.    <u>Grace Is Improperly Moving The Discovery Goalposts</u>

      1.    **There has been no showing of necessity for additional discovery from the MMWR Firms, or other firms.**

Grace states that its Brief "addresses the discovery necessary to apply to the remaining law firms the template created by the Court with respect to these four firms."  Grace's Brief at p. 2.

This is incorrect.

First, the "template" was not "created by the Court."  To the contrary, the decision to serve a Third Set of Interrogatories, and the content of these interrogatories, was a compromise negotiated by counsel with the benefit of the Court's guidance, and then approved by the Court.

Second, Grace's Brief does nothing whatsoever to explain why additional discovery is "necessary" as to any of the MMWR Firms.  To the contrary, Grace makes a few scattered specific complaints about some <u>other</u> law firms, and some entirely unspecified complaints about "law firms" generally.  Moreover, Grace's conclusory assertion that answers to Grace's Third Set of Interrogatories is necessary because objections were filed to Grace's Second Set of Interrogatories is unpersuasive.  <u>See,</u> Grace's Brief at p. 12.  Grace's Second Set of Interrogatories were all objected to and the Third Set of Interrogatories essentially repeat, and then dramatically expand upon, the Second Set of Interrogatories.  Grace cannot evade dealing with the merits of objections to the Second Set of Interrogatories by including essentially the same questions in a new set of interrogatories that Grace now seeks to impose through a procedurally impermissible gerry-rigged advance Court–validation process.

The procedurally proper course of action is for the Court to require Grace to adhere to the procedural rules of the Court, including the Delaware Local Rules.

Third, Grace has made no showing of necessity because it has again failed to draw any nexus between the content of the Third Set of Interrogatories – or any proposed follow-up depositions – and the needs of its own experts. More specifically, without an affidavit from an expert that Grace intends to call as a witness that explains why he or she needs this additional information for the eventual estimation hearing – the only basis for any of this discovery – the MMWR Firms, and all the rest of us, are all engaged in an unending and unrelenting fishing expedition on Grace's part.

> **2.    Grace's Third Set of Interrogatories were a negotiated compromise and were carefully crafted by Grace's lead counsel as the equivalent of deposition questions.**

Grace now presumes that Grace's most recent interrogatories – the "Third Set" – are mere precursors to follow up depositions from representatives of the same firms that received the interrogatories. Grace further presumes that it can now compel answers to these same interrogatories from 20 additional firms (including four of the MMWR Firms), with depositions presumably again to follow. (Grace refers to service of the Third Set of Interrogatories on twenty additional firms as a " 'first step' in identifying focused areas for deposition inquiry." Grace's Brief at p. 12.)

In short, Grace now utterly ignores the fact that Grace's Third Set of Interrogatories represented a negotiated compromise specifically designed to avoid depositions and to limit discovery from additional law firms.  Mr. Bernick has informed counsel for certain claimant law firms of the fact that he personally prepared each and every one of the interrogatories in Grace's Third Set of Interrogatories and that he prepared those interrogatories precisely as if he were taking the deposition of a representative of the recipient law firm.[3]

With Grace's lead counsel having prepared precisely the questions that he wanted to have answered, and with answers to all of those questions having now been given, Grace cannot fairly insist on taking depositions from representatives of the four law firms served with Grace's Third Set of Interrogatories.  And it is reasonably anticipated based on Grace's own words that Grace will soon also be insisting on an entitlement to take depositions from some or all of the 20 law firms that Grace now proposes to serve with duplicate copies of Grace's Third Set of Interrogatories.  Grace's presumption in this regard is a monumental relocation of the discovery goal posts.  More incredibly, this moving of the discovery goal posts is sought by Grace with no present acknowledgement or engagement with any of the legal and factual arguments made by the various claimant law firms in their previously filed Motions for a Protective Order in response to Grace's now withdrawn notices of deposition.

Instead of fairly returning to the substantive arguments as to the impropriety of depositions of claimants' counsel, Grace now simply says that it needs depositions to follow up on the "useful" information provided in answers to its Third Set of Interrogatories.

---

[3] This information was provided by Mr. Bernick in the meet and confer with counsel for, among others, the four law firms served with Grace's Third Set of Interrogatories.  This meet and confer ultimately resulted in a decision by each of these four law firms to answer all of the interrogatories in Grace's Third Set.  Grace cannot now complain about a disclosure to the Court of aspects of this meet and confer, in light of Grace's lead counsel having made

This is Catch-22 revisited:  Grace agrees to serve interrogatories <u>instead of</u> insisting on depositions; however, <u>because of</u> their answers to these interrogatories and providing "useful" information, the law firms then have to go forward with the depositions that they thought they were avoiding in the first place.

     3.     <u>**Grace is not moving to compel answers.**</u>

Significantly, Grace does not seek to compel answer to its interrogatories from "three of the four law firms [where Grace has] identified specific areas where further inquiries by way of focused depositions are necessary."  Grace's Brief at p. 2.  To the contrary, Grace argues that the answers of these three law firms "are plagued by inconsistencies, conflicts, and studied vagueness."  Grace's brief at p. 7.  Of course, the MMWR Firms have no way to evaluate or assess these arguments by Grace because the "Appendix A" which purportedly compiles such "inconsistencies, conflicts, and studied vagueness" has been filed under seal and counsel for the MMWR firms has never seen this Appendix A.

It is frustrating at a minimum – if not also a denial of due process – to be involved in an important debate with no access to a critical part of the record on which the debate is based.

---

precisely the same kind of disclosures to the Court during the June 26, 2007 Hearing about an earlier meet and confer.  <u>See</u> June 26, 2007 Hearing Transcript at pp. 29-30.

### III.    <u>CONCLUSION</u>

Based on the foregoing, the MMWR Firms respectfully submit as follows:  (i) their previously filed Motion for Protective Order cannot now be denied because it was made moot by Grace's decision to withdraw all of its Notices of Deposition as to the MMWR Firms, and other firms; and (ii) if and to the extent that Grace seeks to obtain any additional discovery from the MMWR Firms, such discovery should proceed in the ordinary course with no advance validation by the Court of specific interrogatories that it has never seen or considered, with no bypassing of the obligations on all counsel to meet and confer in advance of objections, and with no bypassing of the rights of the MMWR Firms to have discovery objections ruled on by the Court.

2206477v1

The MMWR Firms further submit that in the absence of reasonable justification for the additional discovery now sought by Grace from the MMWR Firms, and from other firms, Grace should be precluded from going forward with such discovery.


Dated:  July 27, 2007                    MONTGOMERY, MCCRACKEN, WALKER &
                                         RHOADS, LLP


                    By:    _____/s/ Noel C. Burnham_____
                           Noel C. Burnham, Esquire (DE 3483)
                           Natalie D. Ramsey, Esquire (PA only)
                           Leonard A. Busby, Esquire (PA only)
                           1105 North Market Street, Suite 1500
                           Wilmington, DE 19801
                           (302) 504-7800
                           (302) 504-7820 (facsimile)

                           and

                           123 South Broad Street
                           Philadelphia, PA 19109
                           (215) 772-1500
                           (215) 772-7620 (facsimile)


                           Attorneys for MMWR Firms