**W. R. Grace & Co. - Chapter 11 Filing Entities**
**Combining Balance Sheet**
**MOR - 3**
**June 30, 2007**

| | Guanica-Caribe Land Development Corporation | Dewey & Almy, LLC | A-1 Bit & Tool Co., Inc. | Grace Tarpon Investors, Inc. | G C Limited Partners I, Inc. | Monolith Enterprises, Incorporated |
|---|---|---|---|---|---|---|
| **ASSETS** | | | | | | |
| **Current Assets** | | | | | | |
| Cash and cash equivalents | $ - | $ - | $ - | $ - | $ - | $ - |
| Marketable Securities | - | - | - | - | - | - |
| Accounts and other receivables, net | - | - | - | - | - | - |
| Receivables from/(payables to) filing and non-filing entities, net | 5,824,284 | (102,989) | (1,119,103) | 10,284,124 | 330 | (2,417,714) |
| Inventories | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Other current assets | - | - | - | - | - | - |
| **Total Current Assets** | 5,824,284 | (102,989) | (1,119,103) | 10,284,124 | 330 | (2,417,714) |
| | | | | | | |
| Properties and equipment, net | - | - | - | - | - | - |
| Goodwill | - | - | - | - | - | - |
| Cash value of company owned life insurance, net of policy loans | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Asbestos-related insurance receivable | - | - | - | - | - | - |
| Loans receivable from/(payable to) filing and non-filing entities, net | - | - | - | - | - | - |
| Investment in filing and non-filing entities | - | 94,022 | - | - | - | - |
| Other assets | - | - | - | - | - | - |
| **Total Assets** | $ 5,824,284 | $ (8,966) | $ (1,119,103) | $ 10,284,124 | $ 330 | $ (2,417,714) |
| | | | | | | |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | | | | |
| **Liabilities Not Subject to Compromise** | | | | | | |
| **Current Liabilities** | | | | | | |
| Debt payable within one year | $ - | $ - | $ - | $ - | $ - | $ - |
| Accounts payable | - | - | - | - | - | - |
| Income taxes payable | - | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed within one year | - | - | - | - | - | - |
| Other current liabilities | - | - | - | 3 | - | - |
| **Total Current Liabilities** | - | - | - | 3 | - | - |
| | | | | | | |
| Debt payable after one year | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Minority interest in consolidated entities | - | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed after one year | - | - | - | - | - | - |
| Other liabilities | - | - | - | - | - | - |
| **Total Liabilities Not Subject to Compromise** | - | - | - | 3 | - | - |
| | | | | | | |
| **Liabilities Subject to Compromise** | | | | | | |
| Debt, pre-petition plus accrued interest | - | - | - | - | - | - |
| Accounts payable | - | - | - | - | - | - |
| Income taxes payable | (110) | - | (110) | (560) | (560) | (450) |
| Asbestos-related liability | - | - | - | - | - | - |
| Other liabilities | - | - | - | - | - | - |
| **Total Liabilities Subject to Compromise** | (110) | - | (110) | (560) | (560) | (450) |
| **Total Liabilities** | (110) | - | (110) | (557) | (560) | (450) |
| | | | | | | |
| **Shareholders' Equity (Deficit)** | | | | | | |
| Preferred Stock | - | - | - | - | - | - |
| Common Stock | 1,000 | 2,000 | 29,000 | 1,000 | 1,000 | 26,000 |
| Paid in capital | 5,823,446 | - | - | 3,136,087 | - | 9,988,414 |
| (Accumulated deficit)/Retained earnings | (52) | (10,966) | (1,147,993) | 7,147,595 | (110) | (12,431,678) |
| Treasury stock, at cost | - | - | - | - | - | - |
| Accumulated other comprehensive loss | - | - | - | - | - | - |
| Deferred compensation trust | - | - | - | - | - | - |
| **Total Shareholders' Equity (Deficit)** | 5,824,394 | (8,966) | (1,118,993) | 10,284,682 | 890 | (2,417,264) |
| **Total Liabilities and Shareholders' Equity (Deficit)** | $ 5,824,284 | $ (8,966) | $ (1,119,103) | $ 10,284,124 | $ 330 | $ (2,417,714) |

---

**Note #3**
Certain contingent liabilities of divested businesses are included on
the balance sheet of W. R.Grace & Co. - Conn as it is not practical
to determine which Debtor bears the ultimate obligation.

**W. R. Grace & Co. - Chapter 11 Filing Entities**
**Combining Balance Sheet**
**MOR - 3**
**June 30, 2007**

| | Grace Culinary Systems, Inc. | Grace Hotel Services Corporation | Monroe Street, Inc. | Grace H-G Inc. | Hanover Square Corporation | Ecarg, Inc. |
|---|---|---|---|---|---|---|
| **ASSETS** | | | | | | |
| **Current Assets** | | | | | | |
| Cash and cash equivalents | $ - | $ - | $ - | $ - | $ - | $ - |
| Marketable Securities | | | | | | |
| Accounts and other receivables, net | | | | | | |
| Receivables from/(payables) to filing and non-filing entities, net | (26,312,455) | (5,132,933) | (3,350,634) | (2,509,849) | 840 | (1,230,613) |
| Inventories | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Other current assets | - | - | - | - | - | - |
| **Total Current Assets** | (26,312,455) | (5,132,933) | (3,350,634) | (2,509,849) | 840 | (1,230,613) |
| | | | | | | |
| Properties and equipment, net | - | - | - | - | - | - |
| Goodwill | - | - | - | - | - | - |
| Cash value of company owned life insurance, net of policy loans | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Asbestos-related insurance receivable | - | - | - | - | - | - |
| Loans receivable from/(payable) to filing and non-filing entities, net | - | - | - | - | - | - |
| Investment in filing and non-filing entities | - | - | - | - | - | - |
| Other assets | - | - | - | - | - | - |
| **Total Assets** | $ (26,312,455) | $ (5,132,933) | $ (3,350,634) | $ (2,509,849) | $ 840 | $ (1,230,613) |
| | | | | | | |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | | | | |
| **Liabilities Not Subject to Compromise** | | | | | | |
| **Current Liabilities** | | | | | | |
| Debt payable within one year | $ - | $ - | $ - | $ - | $ - | $ - |
| Accounts payable | - | - | - | - | - | - |
| Income taxes payable | - | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed within one year | - | - | - | - | - | - |
| Other current liabilities | - | - | - | - | - | - |
| **Total Current Liabilities** | - | - | - | - | - | - |
| | | | | | | |
| Debt payable after one year | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Minority interest in consolidated entities | - | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed after one year | - | - | - | - | - | - |
| Other liabilities | - | - | - | - | - | - |
| **Total Liabilities Not Subject to Compromise** | - | - | - | - | - | - |
| | | | | | | |
| **Liabilities Subject to Compromise** | | | | | | |
| Debt, pre-petition plus accrued interest | - | - | - | - | - | - |
| Accounts payable | - | - | - | - | - | - |
| Income taxes payable | - | (818) | (110) | (210) | (110) | (30) |
| Asbestos-related liability | - | - | - | - | - | - |
| Other liabilities | - | - | - | - | - | - |
| **Total Liabilities Subject to Compromise** | - | (818) | (110) | (210) | (110) | (30) |
| **Total Liabilities** | - | (818) | (110) | (210) | (110) | (30) |
| | | | | | | |
| **Shareholders' Equity (Deficit)** | | | | | | |
| Preferred Stock | - | - | - | - | - | - |
| Common Stock | - | - | 1,000 | 1,000 | 1,000 | 50 |
| Paid in capital | - | - | - | - | - | 50 |
| (Accumulated deficit)/Retained earnings | (26,312,455) | (5,132,115) | (3,351,524) | (2,510,639) | (50) | (1,230,683) |
| Treasury stock, at cost | - | - | - | - | - | - |
| Accumulated other comprehensive loss | - | - | - | - | - | - |
| Deferred compensation trust | - | - | - | - | - | - |
| **Total Shareholders' Equity (Deficit)** | (26,312,455) | (5,132,115) | (3,350,524) | (2,509,639) | 950 | (1,230,583) |
| **Total Liabilities and Shareholders' Equity (Deficit)** | $ (26,312,455) | $ (5,132,933) | $ (3,350,634) | $ (2,509,849) | $ 840 | $ (1,230,613) |

**Note #3**
Certain contingent liabilities of divested businesses are included on
the balance sheet of W. R. Grace & Co. - Conn as it is not practical
to determine which Debtor bears the ultimate obligation.

**W. R. Grace & Co. - Chapter 11 Filing Entities**
**Combining Balance Sheet**
**MOR - 3**
**June 30, 2007**

| | W. R. Grace Land Corporation | G C Management, Inc. | Water Street Corporation | Del Taco Restaurants, Inc. | W. R. Grace Capital Corporation | Gloucester New Communities Company, Inc. |
|---|---|---|---|---|---|---|
| **ASSETS** | | | | | | |
| **Current Assets** | | | | | | |
| Cash and cash equivalents | $ - | $ - | $ - | $ - | $ - | $ 500 |
| Marketable Securities | - | - | - | - | - | - |
| Accounts and other receivables, net | - | - | - | - | - | 91,572 |
| Receivables from/(payables) to) filing and non-filing entities, net | 36,708,315 | - | (73,061) | (12,559,518) | (264,688) | (19,486,048) |
| Inventories | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Other current assets | - | - | - | - | - | - |
| **Total Current Assets** | 36,708,315 | - | (73,061) | (12,559,518) | (264,688) | (19,393,976) |
| | | | | | | |
| Properties and equipment, net | - | - | - | - | 438,445 | - |
| Goodwill | - | - | - | - | - | - |
| Cash value of company owned life insurance, net of policy loans | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Asbestos-related insurance receivable | - | - | - | - | - | - |
| Loans receivable from/(payable to) filing and non-filing entities, net | - | - | - | - | - | - |
| Investment in filing and non-filing entities | 6,284,806 | - | - | - | - | - |
| Other assets | - | - | - | - | - | 4,066 |
| **Total Assets** | $ 42,993,121 | $ - | $ (73,061) | $ (12,559,518) | $ 173,757 | $ (19,389,909) |
| | | | | | | |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | | | | |
| **Liabilities Not Subject to Compromise** | | | | | | |
| **Current Liabilities** | | | | | | |
| Debt payable within one year | $ - | $ - | $ - | $ - | $ - | $ - |
| Accounts payable | - | - | - | - | - | 4,066 |
| Income taxes payable | - | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed within one year | - | - | - | - | - | - |
| Other current liabilities | - | - | - | - | 199 | 69,766 |
| **Total Current Liabilities** | - | - | - | - | 199 | 73,833 |
| | | | | | | |
| Debt payable after one year | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Minority interest in consolidated entities | - | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed after one year | - | - | - | - | - | - |
| Other liabilities | - | - | - | - | - | - |
| **Total Liabilities Not Subject to Compromise** | - | - | - | - | 199 | 73,833 |
| | | | | | | |
| **Liabilities Subject to Compromise** | | | | | | |
| Debt, pre-petition plus accrued interest | - | - | - | - | - | - |
| Accounts payable | - | - | - | - | - | - |
| Income taxes payable | (821) | - | (110) | (265) | (759) | - |
| Asbestos-related liability | - | - | - | - | - | - |
| Other liabilities | - | - | - | - | - | - |
| **Total Liabilities Subject to Compromise** | (821) | - | (110) | (265) | (759) | - |
| **Total Liabilities** | (821) | - | (110) | (265) | (560) | 73,833 |
| | | | | | | |
| **Shareholders' Equity (Deficit)** | | | | | | |
| Preferred Stock | - | - | - | - | - | - |
| Common Stock | 5,000 | - | 1,000 | 85,539 | 1,000 | 5,000 |
| Paid in capital | 19,577,160 | - | - | 6,541,055 | 4,000 | 6,000,000 |
| (Accumulated deficit)/Retained earnings | 23,411,782 | - | (73,951) | (19,185,847) | 169,317 | (25,468,742) |
| Treasury stock, at cost | - | - | - | - | - | - |
| Accumulated other comprehensive loss | - | - | - | - | - | - |
| Deferred compensation trust | - | - | - | - | - | - |
| **Total Shareholders' Equity (Deficit)** | 42,993,942 | - | (72,951) | (12,559,253) | 174,317 | (19,463,742) |
| **Total Liabilities and Shareholders' Equity (Deficit)** | $ 42,993,121 | $ - | $ (73,061) | $ (12,559,518) | $ 173,757 | $ (19,389,909) |

---

**Note #3**
Certain contingent liabilities of divested businesses are included on
the balance sheet of W. R. Grace & Co. - Conn as it is not practical
to determine which Debtor bears the ultimate obligation.

**W. R. Grace & Co. - Chapter 11 Filing Entities**
**Combining Balance Sheet**
**MOR - 3**
**June 30, 2007**

| | Creative Food 'N' Fun Company | Grace PAR Corporation | Grace A-B Inc. | Homco International, Inc. | GPC Thomasville Corp. | Grace Ventures Corp. |
|---|---|---|---|---|---|---|
| **ASSETS** | | | | | | |
| **Current Assets** | | | | | | |
| Cash and cash equivalents | $ - | $ - | $ - | $ - | $ - | $ - |
| Marketable Securities | - | - | - | - | - | - |
| Accounts and other receivables, net | - | - | - | - | - | - |
| Receivables from/(payables to) filing and non-filing entities, net | 23,478,717 | 6,345,361 | 810,265 | (59,581,637) | (185) | (86,721) |
| Inventories | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Other current assets | - | - | - | - | - | - |
| **Total Current Assets** | 23,478,717 | 6,345,361 | 810,265 | (59,581,637) | (185) | (86,721) |
| | | | | | | |
| Properties and equipment, net | - | - | - | - | - | - |
| Goodwill | - | - | - | - | - | - |
| Cash value of company owned life insurance, net of policy loans | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Asbestos-related insurance receivable | - | - | - | - | - | - |
| Loans receivable from/(payable to) filing and non-filing entities, net | - | - | - | - | - | - |
| Investment in filing and non-filing entities | - | - | - | - | - | - |
| Other assets | - | - | - | - | - | - |
| **Total Assets** | $  23,478,717 | $  6,345,361 | $  810,265 | $  (59,581,637) | $  (185) | $  (86,721) |
| | | | | | | |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | | | | |
| **Liabilities Not Subject to Compromise** | | | | | | |
| **Current Liabilities** | | | | | | |
| Debt payable within one year | $ - | $ - | $ - | $ - | $ - | $ - |
| Accounts payable | - | - | - | - | - | - |
| Income taxes payable | - | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed within one year | - | - | - | - | - | - |
| Other current liabilities | - | - | - | - | - | - |
| **Total Current Liabilities** | - | - | - | - | - | - |
| | | | | | | |
| Debt payable after one year | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Minority interest in consolidated entities | - | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed after one year | - | - | - | - | - | - |
| Other liabilities | - | - | - | - | - | - |
| **Total Liabilities Not Subject to Compromise** | - | - | - | - | - | - |
| | | | | | | |
| **Liabilities Subject to Compromise** | | | | | | |
| Debt, pre-petition plus accrued interest | - | - | - | - | - | - |
| Accounts payable | - | - | - | - | - | - |
| Income taxes payable | (1,432) | (300) | (335) | (405) | (185) | (110) |
| Asbestos-related liability | - | - | - | - | - | - |
| Other liabilities | - | - | - | - | - | - |
| **Total Liabilities Subject to Compromise** | (1,432) | (300) | (335) | (405) | (185) | (110) |
| **Total Liabilities** | (1,432) | (300) | (335) | (405) | (185) | (110) |
| | | | | | | |
| **Shareholders' Equity (Deficit)** | | | | | | |
| Preferred Stock | - | - | - | - | - | - |
| Common Stock | 1,090,000 | 1,000 | 1,000 | 303,000 | - | - |
| Paid in capital | 33,631,999 | 18,090,032 | - | 37,765,000 | - | 1,900,000 |
| (Accumulated deficit)/Retained earnings | (11,241,851) | (11,745,371) | 809,600 | (97,649,232) | - | (1,986,611) |
| Treasury stock, at cost | - | - | - | - | - | - |
| Accumulated other comprehensive loss | - | - | - | - | - | - |
| Deferred compensation trust | - | - | - | - | - | - |
| **Total Shareholders' Equity (Deficit)** | 23,480,148 | 6,345,661 | 810,600 | (59,581,232) | - | (86,611) |
| **Total Liabilities and Shareholders' Equity (Deficit)** | $  23,478,717 | $  6,345,361 | $  810,265 | $  (59,581,637) | $  (185) | $  (86,721) |

**Note #3**
Certain contingent liabilities of divested businesses are included on
the balance sheet of W. R. Grace & Co. - Conn as it is not practical
to determine which Debtor bears the ultimate obligation.

**W. R. Grace & Co. - Chapter 11 Filing Entities**
**Combining Balance Sheet**
**MOR - 3**
**June 30, 2007**

| | Grace Energy Corporation | GEC Management Corporation | Grace Offshore Company | Coalgrace, Inc. | Grace A-B II Inc. | Grace H-G II Inc. |
|---|---|---|---|---|---|---|
| **ASSETS** | | | | | | |
| **Current Assets** | | | | | | |
| Cash and cash equivalents | $ - | $ - | $ - | $ - | $ - | $ - |
| Marketable Securities | - | - | - | - | - | - |
| Accounts and other receivables, net | - | - | - | - | - | - |
| Receivables from/(payables to) filing and non-filing entities, net | 352,712,699 | 4,389,612 | (15,750,664) | 5,296,839 | 875,359 | (5,314) |
| Inventories | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Other current assets | - | - | - | - | - | - |
| **Total Current Assets** | 352,712,699 | 4,389,612 | (15,750,664) | 5,296,839 | 875,359 | (5,314) |
| Properties and equipment, net | - | - | - | - | - | - |
| Goodwill | - | - | - | - | - | - |
| Cash value of company owned life insurance, net of policy loans | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Asbestos-related insurance receivable | - | - | - | - | - | - |
| Loans receivable from/(payable to) filing and non-filing entities, net | (35,903,123) | (14,135,725) | - | - | - | - |
| Investment in filing and non-filing entities | 187,272,210 | - | - | - | - | - |
| Other assets | - | - | - | - | - | - |
| **Total Assets** | $ 504,081,786 | $ (9,746,113) | $ (15,750,664) | $ 5,296,839 | $ 875,359 | $ (5,314) |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | | | | |
| **Liabilities Not Subject to Compromise** | | | | | | |
| **Current Liabilities** | | | | | | |
| Debt payable within one year | $ - | $ - | $ - | $ - | $ - | $ - |
| Accounts payable | - | - | - | - | - | - |
| Income taxes payable | - | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed within one year | - | - | - | - | - | - |
| Other current liabilities | - | - | - | - | - | - |
| **Total Current Liabilities** | - | - | - | - | - | - |
| Debt payable after one year | - | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | - | - |
| Minority interest in consolidated entities | - | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed after one year | - | - | - | - | - | - |
| Other liabilities | - | - | - | - | - | - |
| **Total Liabilities Not Subject to Compromise** | - | - | - | - | - | - |
| **Liabilities Subject to Compromise** | | | | | | |
| Debt, pre-petition plus accrued interest | - | - | - | - | - | - |
| Accounts payable | - | - | - | - | - | - |
| Income taxes payable | (119) | (110) | - | (360) | (310) | (260) |
| Asbestos-related liability | - | - | - | - | - | - |
| Other liabilities | - | - | - | - | - | - |
| **Total Liabilities Subject to Compromise** | (119) | (110) | - | (360) | (310) | (260) |
| **Total Liabilities** | (119) | (110) | - | (360) | (310) | (260) |
| **Shareholders' Equity (Deficit)** | | | | | | |
| Preferred Stock | - | - | - | - | - | - |
| Common Stock | 1,000 | 1,000 | (114,960) | 100 | 1,000 | 1,000 |
| Paid in capital | 451,425,156 | (2,089,027) | 34,215,000 | - | - | - |
| (Accumulated deficit)/Retained earnings | 52,655,749 | (7,657,976) | (49,850,704) | 5,297,099 | 874,669 | (6,054) |
| Treasury stock, at cost | - | - | - | - | - | - |
| Accumulated other comprehensive loss | - | - | - | - | - | - |
| Deferred compensation trust | - | - | - | - | - | - |
| **Total Shareholders' Equity (Deficit)** | 504,081,905 | (9,746,003) | (15,750,664) | 5,297,199 | 875,669 | (5,054) |
| **Total Liabilities and Shareholders' Equity (Deficit)** | $ 504,081,786 | $ (9,746,113) | $ (15,750,664) | $ 5,296,839 | $ 875,359 | $ (5,314) |

**Note #3**
Certain contingent liabilities of divested businesses are included on the balance sheet of W. R. Grace & Co. - Conn as it is not practical to determine which Debtor bears the ultimate obligation.

**W. R. Grace & Co. - Chapter 11 Filing Entities**
**Combining Balance Sheet**
**MOR - 3**
**June 30, 2007**

| | Coalgrace II, Inc. | Gracoal II, Inc. | Gracoal, Inc. | Grace Drilling Company | Grace Petroleum Libya Incorporated | Axial Basin Ranch Company |
|---|---|---|---|---|---|---|
| **ASSETS** | | | | | | |
| **Current Assets** | | | | | | |
| Cash and cash equivalents | $ - | $ - | $ - | $ - | $ - | $ - |
| Marketable Securities | - | - | - | | - | |
| Accounts and other receivables, net | - | - | - | | - | |
| Receivables from/(payables to) filing and non-filing entities, net | 108,080 | 130,215,533 | 145,239,206 | (81,115,113) | 47,407,796 | |
| Inventories | - | - | - | | - | |
| Deferred income taxes | - | - | - | | - | |
| Other current assets | - | - | - | | - | |
| **Total Current Assets** | 108,080 | 130,215,533 | 145,239,206 | (81,115,113) | 47,407,796 | |
| | | | | | | |
| Properties and equipment, net | - | - | - | | - | |
| Goodwill | - | - | - | | - | |
| Cash value of company owned life insurance, net of policy loans | - | - | - | | - | |
| Deferred income taxes | - | - | - | | - | |
| Asbestos-related insurance receivable | - | - | - | | - | |
| Loans receivable from/(payable to) filing and non-filing entities, net | - | - | - | | - | |
| Investment in filing and non-filing entities | - | - | - | | - | |
| Other assets | - | - | - | | - | |
| **Total Assets** | $ 108,080 | $ 130,215,533 | $ 145,239,206 | $ (81,115,113) | $ 47,407,796 | $ - |
| | | | | | | |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | | | | |
| **Liabilities Not Subject to Compromise** | | | | | | |
| **Current Liabilities** | | | | | | |
| Debt payable within one year | $ - | $ - | $ - | $ - | $ - | $ - |
| Accounts payable | - | - | - | | - | |
| Income taxes payable | - | - | - | | - | |
| Asbestos-related liability expected to be disbursed within one year | - | - | - | | - | |
| Other current liabilities | - | - | - | | - | |
| **Total Current Liabilities** | - | | - | - | - | |
| | | | | | | |
| Debt payable after one year | - | - | - | | - | |
| Deferred income taxes | - | 25,789,979 | 25,789,979 | | - | |
| Minority interest in consolidated entities | - | - | - | | - | |
| Asbestos-related liability expected to be disbursed after one year | - | - | - | | - | |
| Other liabilities | - | - | - | | - | |
| **Total Liabilities Not Subject to Compromise** | - | 25,789,979 | 25,789,979 | - | - | |
| | | | | | | |
| **Liabilities Subject to Compromise** | | | | | | |
| Debt, pre-petition plus accrued interest | - | - | - | | - | |
| Accounts payable | - | - | - | | - | |
| Income taxes payable | (360) | 3,237,482 | 3,237,657 | (480) | (110) | |
| Asbestos-related liability | - | - | - | | - | |
| Other liabilities | - | - | - | | - | |
| **Total Liabilities Subject to Compromise** | (360) | 3,237,482 | 3,237,657 | (480) | (110) | |
| **Total Liabilities** | (360) | 29,027,461 | 29,027,636 | (480) | (110) | - |
| | | | | | | |
| **Shareholders' Equity (Deficit)** | | | | | | |
| Preferred Stock | - | - | - | | - | |
| Common Stock | 1,000 | 1,000 | 100 | 124,473 | 1,000 | |
| Paid in capital | - | 30,293,750 | 13,880,108 | 51,173,713 | 7,308,934 | |
| (Accumulated deficit)/Retained earnings | 107,440 | 70,893,322 | 102,331,362 | (132,412,819) | 40,097,972 | |
| Treasury stock, at cost | - | - | - | | - | |
| Accumulated other comprehensive loss | - | - | - | | - | |
| Deferred compensation trust | - | - | - | | - | |
| **Total Shareholders' Equity (Deficit)** | 108,440 | 101,188,072 | 116,211,570 | (81,114,633) | 47,407,906 | - |
| **Total Liabilities and Shareholders' Equity (Deficit)** | $ 108,080 | $ 130,215,533 | $ 145,239,206 | $ (81,115,113) | $ 47,407,796 | $ - |

**Note #3**
Certain contingent liabilities of divested businesses are included on
the balance sheet of W. R. Grace & Co. - Conn as it is not practical
to determine which Debtor bears the ultimate obligation.

**W. R. Grace & Co. - Chapter 11 Filing Entities**
**Combining Balance Sheet**
**MOR - 3**
**June 30, 2007**

| | Hayden-Gulch West Coal Company | H-G Coal Company | Eliminations between Filing Entities | Conversion to Equity Method | Reporting Reclasses |
|---|---|---|---|---|---|
| **ASSETS** | | | | | |
| **Current Assets** | | | | | |
| Cash and cash equivalents | $ - | $ - | $ - | $ - | $ - |
| Marketable Securities | - | - | - | - | - |
| Accounts and other receivables, net | | | - | - | - |
| Receivables from/(payables to) filing and non-filing entities, net | - | - | - | - | 200,000 |
| Inventories | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | (5,449,795) |
| Other current assets | - | - | - | - | - |
| **Total Current Assets** | - | - | - | - | (5,249,795) |
| | | | | | |
| Properties and equipment, net | - | - | - | - | - |
| Goodwill | - | - | - | - | - |
| Cash value of company owned life insurance, net of policy loans | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | (396,715,908) |
| Asbestos-related insurance receivable | - | - | - | - | - |
| Loans receivable from/(payable to) filing and non-filing entities, net | - | - | - | - | - |
| Investment in filing and non-filing entities | - | - | (1,326,102,717) | 500,258,763 | 1,800,000 |
| Other assets | - | - | (1,101,282) | - | - |
| **Total Assets** | $ - | $ - | $ (1,327,203,999) | $ 500,258,763 | $ (400,165,703) |
| | | | | | |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | | | |
| **Liabilities Not Subject to Compromise** | | | | | |
| **Current Liabilities** | | | | | |
| Debt payable within one year | $ - | $ - | $ - | $ - | $ - |
| Accounts payable | - | - | - | - | - |
| Income taxes payable | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed within one year | - | - | - | - | - |
| Other current liabilities | - | - | (400,000) | - | (152,144) |
| **Total Current Liabilities** | - | - | (400,000) | - | (152,144) |
| | | | | | |
| Debt payable after one year | - | - | - | - | - |
| Deferred income taxes | - | - | - | - | (396,715,908) |
| Minority interest in consolidated entities | - | - | - | - | - |
| Asbestos-related liability expected to be disbursed after one year | - | - | - | - | - |
| Other liabilities | - | - | - | - | - |
| **Total Liabilities Not Subject to Compromise** | - | - | (400,000) | - | (396,868,052) |
| | | | | | |
| **Liabilities Subject to Compromise** | | | | | |
| Debt, pre-petition plus accrued interest | - | - | - | - | - |
| Accounts payable | - | - | - | - | - |
| Income taxes payable | - | - | - | - | - |
| Asbestos-related liability | - | - | - | - | - |
| Other liabilities | - | - | - | - | (11,097,651) |
| **Total Liabilities Subject to Compromise** | - | - | - | - | (11,097,651) |
| **Total Liabilities** | - | - | (400,000) | - | (407,965,703) |
| | | | | | |
| **Shareholders' Equity (Deficit)** | | | | | |
| Preferred Stock | - | - | - | - | - |
| Common Stock | - | - | (86,493,960) | - | - |
| Paid in capital | - | - | (1,222,470,000) | - | - |
| (Accumulated deficit)/Retained earnings | - | - | (18,040,039) | 537,272,563 | 2,000,000 |
| Treasury stock, at cost | - | - | - | - | - |
| Accumulated other comprehensive loss | - | - | 200,000 | (37,013,801) | 5,800,000 |
| Deferred compensation trust | - | - | - | - | - |
| **Total Shareholders' Equity (Deficit)** | - | - | (1,326,803,999) | 500,258,763 | 7,800,000 |
| **Total Liabilities and Shareholders' Equity (Deficit)** | $ - | $ - | $ (1,327,203,999) | $ 500,258,763 | $ (400,165,703) |

**Note #3**
Certain contingent liabilities of divested businesses are included on the balance sheet of W. R. Grace & Co. - Conn as it is not practical to determine which Debtor bears the ultimate obligation.

**W. R. Grace & Co. - Chapter 11 Filing Entities**
**Combining Balance Sheet**
**MOR - 3**
**June 30, 2007**

| | COMBINED FILING ENTITIES |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| Cash and cash equivalents | $    230,207,656 |
| Marketable Securities | 26,000,000 |
| Accounts and other receivables, net | 125,379,035 |
| Receivables from/(payables to) filing and non-filing entities, net | 76,770,702 |
| Inventories | 83,577,037 |
| Deferred income taxes | 26,796,026 |
| Other current assets | 13,890,974 |
| **Total Current Assets** | 582,621,430 |
| | |
| Properties and equipment, net | 396,601,178 |
| Goodwill | 25,401,958 |
| Cash value of company owned life insurance, net of policy loans | 91,456,114 |
| Deferred income taxes | 675,611,223 |
| Asbestos-related insurance receivable | 500,000,000 |
| Loans receivable from/(payable to) filing and non-filing entities, net | 188,952,185 |
| Investment in filing and non-filing entities | 698,895,590 |
| Other assets | 63,897,891 |
| **Total Assets** | $  3,223,437,569 |
| | |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | |
| **Liabilities Not Subject to Compromise** | |
| **Current Liabilities** | |
| Debt payable within one year | $                        - |
| Accounts payable | 68,458,060 |
| Income taxes payable | 268 |
| Asbestos-related liability expected to be disbursed within one year | - |
| Other current liabilities | 139,392,608 |
| **Total Current Liabilities** | 207,850,936 |
| | |
| Debt payable after one year | - |
| Deferred income taxes | - |
| Minority interest in consolidated entities | 52,119,000 |
| Asbestos-related liability expected to be disbursed after one year | - |
| Other liabilities | 167,088,550 |
| **Total Liabilities Not Subject to Compromise** | 427,058,486 |
| | |
| **Liabilities Subject to Compromise** | |
| Debt, pre-petition plus accrued interest | 771,339,034 |
| Accounts payable | 31,688,020 |
| Income taxes payable | 96,473,895 |
| Asbestos-related liability | 1,700,000,000 |
| Other liabilities | 646,088,336 |
| **Total Liabilities Subject to Compromise** | 3,245,589,285 |
| **Total Liabilities** | 3,672,647,771 |
| | |
| **Shareholders' Equity (Deficit)** | |
| Preferred Stock | 112 |
| Common Stock | 817,779 |
| Paid in capital | 428,856,532 |
| (Accumulated deficit)/Retained earnings | (460,150,168) |
| Treasury stock, at cost | (81,517,244) |
| Accumulated other comprehensive loss | (337,217,213) |
| Deferred compensation trust | 100 |
| **Total Shareholders' Equity (Deficit)** | (449,210,202) |
| **Total Liabilities and Shareholders' Equity (Deficit)** | $  3,223,437,569 |

**Note #3**
Certain contingent liabilities of divested businesses are included on
the balance sheet of W. R.Grace & Co. - Conn as it is not practical
to determine which Debtor bears the ultimate obligation.

*Chart 5*

| W. R. Grace & Co. - Conn<br>Status of Postpetition Taxes<br>MOR-4<br>June 30, 2007 | | | | |
|---|---|---|---|---|
| | Beginning Tax Liability | Amount Withheld or Accrued | Amount Paid | Ending Tax Liability |
| **Federal** | | | | |
| Withholding | $          - | $    2,244,544 | $   (2,244,544) | $          - |
| FICA - Employee | 5,143 | 1,176,633 | (1,175,694) | 6,082 |
| FICA and payroll- Employer | 985,427 | 1,176,682 | (641,192) | 1,520,917 |
| Unemployment | - | 2,145 | (2,145) | - |
| Other | - | 14,209 | (14,209) | - |
| **Total Federal Taxes** | $     990,570 | $    4,614,213 | $   (4,077,784) | $   1,526,999 |
| **State and Local** | | | | |
| Withholding | $          - | $      772,894 | $     (772,894) | $          - |
| Sales & Use | 1,216,416 | 189,406 | (587,225) | 818,597 |
| Property Taxes | 2,599,823 | 388,581 | (129,742) | 2,858,662 |
| Other | - | 89,726 | (89,726) | - |
| **Total State and Local** | $   3,816,239 | $    1,440,607 | $   (1,579,587) | $   3,677,259 |
| **Total Taxes** | $   4,806,809 | $    6,054,820 | $   (5,657,371) | $   5,204,258 |

**Note #4**

Grace's information systems do not provide the detailed nature of invoices in Accounts Payable. See Debtor Questionnaire (Chart 7, MOR – 5) for attestation related to accounts payable and tax obligations.

*Chart 5*

| Remedium Group, Inc.<br>Status of Postpetition Taxes<br>MOR-4<br>June 30, 2007 | | | | |
|---|---|---|---|---|
| | Beginning<br>Tax<br>Liability | Amount<br>Withheld or<br>Accrued | Amount<br>Paid | Ending<br>Tax<br>Liability |
| **Federal** | | | | |
| Withholding | $ (283) | $ 6,993 | $ (6,993) | $ (283) |
| FICA - Employee | - | 2,091 | (2,091) | - |
| FICA and payroll- Employer | - | 2,091 | (2,091) | - |
| Unemployment | - | - | - | - |
| Other | - | - | - | - |
| Total Federal Taxes | $ (283) | $ 11,175 | $ (11,175) | $ (283) |
| **State and Local** | | | | |
| Withholding | $ - | $ 688 | $ (688) | $ - |
| Sales & Use | - | | | - |
| Property Taxes | - | | | - |
| Other | - | | - | - |
| Total State and Local | $ - | $ 688 | $ (688) | $ - |
| Total Taxes | $ (283) | $ 11,863 | $ (11,863) | $ (283) |

---

**Note #4**

Grace's information systems do not provide the detailed nature of invoices in Accounts Payable. See Debtor Questionnaire (Chart 7, MOR – 5) for attestation related to accounts payable and tax obligations.

*Chart 5*

| Grace Washington, Inc.<br>Status of Postpetition Taxes<br>MOR-4<br>June 30, 2007 | | | | |
|---|---|---|---|---|
| | Beginning Tax Liability | Amount Withheld or Accrued | Amount Paid | Ending Tax Liability |
| **Federal** | | | | |
| Withholding | $ (3) | $ 4,958 | $ (4,955) | $ - |
| FICA - Employee | 3 | 268 | (268) | 3 |
| FICA and payroll- Employer | 3 | 268 | (271) | - |
| Unemployment | - | | - | - |
| Other | - | | - | - |
| Total Federal Taxes | $ 3 | $ 5,494 | $ (5,494) | $ 3 |
| **State and Local** | | | | |
| Withholding | $ - | $ 1,027 | $ (1,027) | $ - |
| Sales & Use | - | | - | - |
| Property Taxes | - | | - | - |
| Other | - | | - | - |
| Total State and Local | $ - | $ 1,027 | $ (1,027) | $ - |
| Total Taxes | $ 3 | $ 6,521 | $ (6,521) | $ 3 |

**Note #4**
Grace's information systems do not provide the detailed nature of invoices in Accounts Payable. See Debtor Questionnaire (Chart 7, MOR – 5) for attestation related to accounts payable and tax obligations.

*Chart 5*

| | Beginning Tax Liability | Amount Withheld or Accrued | Amount Paid | Ending Tax Liability |
|---|---|---|---|---|
| **L B Realty, Inc.** **Status of Postpetition Taxes** **MOR-4** **June 30, 2007** | | | | |
| **Federal** | | | | |
| Withholding | $ - | $ - | $ - | $ - |
| FICA - Employee | - | | | - |
| FICA and payroll- Employer | - | | - | - |
| Unemployment | - | | - | - |
| Other | - | | - | - |
| Total Federal Taxes | $ - | $ - | $ - | $ - |
| **State and Local** | | | | |
| Withholding | $ - | $ - | $ - | $ - |
| Sales & Use | - | | - | - |
| Property Taxes | - | | - | - |
| Other | - | | - | - |
| Total State and Local | $ - | $ - | $ - | $ - |
| Total Taxes | $ - | $ - | $ - | $ - |

**Note #4**

Grace's information systems do not provide the detailed nature of invoices in Accounts Payable. See Debtor Questionnaire (Chart 7, MOR – 5) for attestation related to accounts payable and tax obligations.

*Chart 5*

| Darex Puerto Rico, Inc.<br>Status of Postpetition Taxes<br>MOR-4<br>June 30, 2007 | | | | |
|---|---|---|---|---|
| | Beginning Tax Liability | Amount Withheld or Accrued | Amount Paid | Ending Tax Liability |
| **Federal** | | | | |
| Withholding | $          - | $          - | $          - | $          - |
| FICA - Employee | - | 640 | (640) | - |
| FICA and payroll- Employer | 219 | 640 | (723) | 136 |
| Unemployment | - | | - | - |
| Other | - | | - | - |
| Total Federal Taxes | $        219 | $      1,280 | $     (1,363) | $        136 |
| **State and Local** | | | | |
| Withholding | $          - | $      1,069 | $     (1,069) | $          - |
| Sales & Use | 5,544 | | (1,055) | 4,489 |
| Property Taxes | 446,190 | 4,063 | - | 450,253 |
| Other | - | | - | - |
| Total State and Local | $    451,734 | $      5,132 | $     (2,124) | $    454,742 |
| Total Taxes | $    451,953 | $      6,412 | $     (3,487) | $    454,878 |

---

**Note #4**

Grace's information systems do not provide the detailed nature of invoices in Accounts Payable. See Debtor Questionnaire (Chart 7, MOR – 5) for attestation related to accounts payable and tax obligations.

Chart 6

## W. R. Grace & Co. - Conn
## Accounts Receivable Reconciliation and Aging
## MOR-5
## June 2007

### Trade Accounts Receivable Reconciliation

| | | |
|---|---|---:|
| Trade accounts receivable, beginning of month, gross | $ | 121,249,175 |
| Amounts billed during the period | $ | 93,961,120 |
| Amounts collected during the period | $ | (96,862,548) |
| Other | $ | 4,792,281 |
| Trade accounts receivable at the end of month, gross | $ | 123,140,028 |

### Trade Accounts Receivable Aging

| | | |
|---|---|---:|
| Current | $ | 101,181,549 |
| 1-30 days past due | $ | 17,838,428 |
| 31-60 days past due | $ | 3,998,169 |
| +61 days past due | $ | 121,882 |
| Trade accounts receivable, gross | $ | 123,140,028 |
| Allowance for doubtful accounts | $ | (3,714,938) |
| Trade accounts receivable, net | $ | 119,425,090 |

### Notes and Accounts Receivable Reconciliation

| | | |
|---|---|---:|
| Trade accounts receivable, net | $ | 119,425,090 |
| Customer notes and drafts receivable | $ | 665,051 |
| Pending customer credit notes | $ | (111,168) |
| Advances and deposits | $ | 1,896,923 |
| Nontrade receivables, net | $ | 1,446,025 |
| Total notes and accounts receivable, net | $ | 123,321,921 |

Chart 6

## Darex Puerto Rico, Inc.
## Accounts Receivable Reconciliation and Aging
## MOR-5
## June 2007

| Trade Accounts Receivable Reconciliation | | |
|---|---|---|
| Trade accounts receivable, beginning of month, gross | $ | 1,993,476 |
| Amounts billed during the period | | 471,273 |
| Amounts collected during the period | | (539,052) |
| Other | | 44,337 |
| Trade accounts receivable at the end of month, gross | $ | 1,970,034 |
| **Trade Accounts Receivable Aging** | | |
| Current | $ | 1,365,982 |
| 1-30 days past due | | 359,931 |
| 31-60 days past due | | 131,882 |
| +61 days past due | | 112,239 |
| Trade accounts receivable, gross | | 1,970,034 |
| Allowance for doubtful accounts | | (133,950) |
| Trade accounts receivable, net | $ | 1,836,084 |

| Notes and Accounts Receivable Reconciliation | | |
|---|---|---|
| Trade accounts receivable, net | $ | 1,836,084 |
| Customer notes and drafts receivable | | - |
| Pending customer credit notes | | (1,045) |
| Advances and deposits | | - |
| Nontrade receivables, net | | - |
| Total notes and accounts receivable, net | $ | 1,835,039 |

*Chart 6*

| Remedium Group, Inc. Accounts Receivable Reconciliation and Aging MOR-5 June 2007 | | |
|---|---|---|
| **Trade Accounts Receivable Reconciliation** | | |
| Trade accounts receivable, beginning of month, gross | $ | - |
| Amounts billed during the period | | - |
| Amounts collected during the period | | - |
| Other | | - |
| Trade accounts receivable at the end of month, gross | $ | - |
| **Trade Accounts Receivable Aging** | | |
| Current | $ | - |
| 1-30 days past due | | - |
| 31-60 days past due | | - |
| +61 days past due | | - |
| Trade accounts receivable, gross | | - |
| Allowance for doubtful accounts | | - |
| Trade accounts receivable, net | $ | - |

| **Notes and Accounts Receivable Reconciliation** | | |
|---|---|---|
| Trade accounts receivable, net | $ | - |
| Customer notes and drafts receivable | | - |
| Pending customer credit notes | | - |
| Advances and deposits | | - |
| Nontrade receivables, net | | 29,444 |
| Total notes and accounts receivable, net | $ | 29,444 |

*Chart 6*

| Grace Europe, Inc. Accounts Receivable Reconciliation and Aging MOR-5 June 2007 | | |
|---|---|---|
| **Trade Accounts Receivable Reconciliation** | | |
| Trade accounts receivable, beginning of month, gross | $ | - |
| Amounts billed during the period | | - |
| Amounts collected during the period | | - |
| Other | | - |
| Trade accounts receivable at the end of month, gross | $ | - |
| **Trade Accounts Receivable Aging** | | |
| Current | $ | - |
| 1-30 days past due | | - |
| 31-60 days past due | | - |
| +61 days past due | | - |
| Trade accounts receivable, gross | | - |
| Allowance for doubtful accounts | | - |
| Trade accounts receivable, net | $ | - |

| **Notes and Accounts Receivable Reconciliation** | | |
|---|---|---|
| Trade accounts receivable, net | $ | - |
| Customer notes and drafts receivable | | - |
| Pending customer credit notes | | - |
| Advances and deposits | | - |
| Nontrade receivables, net | | 101,059 |
| Total notes and accounts receivable, net | $ | 101,059 |

*Chart 6*

| Gloucester New Communities Company, Inc. |
| :---: |
| Accounts Receivable Reconciliation and Aging |
| MOR-5 |
| June 2007 |

| Trade Accounts Receivable Reconciliation | | |
| :--- | ---: | ---: |
| Trade accounts receivable, beginning of month, gross | $ | - |
| Amounts billed during the period | | - |
| Amounts collected during the period | | - |
| Other | | - |
| Trade accounts receivable at the end of month, gross | $ | - |
| **Trade Accounts Receivable Aging** | | |
| Current | $ | - |
| 1-30 days past due | | - |
| 31-60 days past due | | - |
| +61 days past due | | - |
| Trade accounts receivable, gross | | - |
| Allowance for doubtful accounts | | - |
| Trade accounts receivable, net | $ | - |

| Notes and Accounts Receivable Reconciliation | | |
| :--- | ---: | ---: |
| Trade accounts receivable, net | $ | - |
| Customer notes and drafts receivable | | - |
| Pending customer credit notes | | - |
| Advances and deposits | | - |
| Nontrade receivables, net | | 91,572 |
| Total notes and accounts receivable, net | $ | 91,572 |

Chart 7

| W.R. Grace & Co., et al<br>Debtor Questionnaire<br>MOR - 5<br>June 2007 | Yes | No |
|---|---|---|
| 1. Have any assets been sold or transferred outside the normal course of business this reporting period? If yes, provide an explanation below. | | X |
| 2. Have any funds been disbursed from any account other than a debtor in possession account for this reporting period? If yes, provide an explanation below. | | See Note #5 below |
| 3. Have all postpetition tax returns been timely filed? If no, provide an explanation below. | X | |
| 4. Are workers compensation, general liability and other necessary insurance coverages in affect? If no, provide and explanation below. | X | |
| 5. Are post-petition accounts payable and tax obligations current and paid to date? If no, provide an explanation. | X<br>(unless disputed in normal course of business) | |

**Note #5**

As part of the first day orders submitted to the court on April 2, 2001, an application for the Debtors to (a) continue and maintain their consolidated cash management system, (b) continue and maintain their existing bank accounts and (c) continue to use existing business forms and granting related relief was included. The Debtors have continued to use their existing bank accounts and no new debtor in possession accounts have been established.

| List assets sold/transferred outside the normal course of business over $25,000:<br>Description of Asset | Sale Date | Proceeds |
|---|---|---|
| | | |

# Combined Chapter 11 Filing Entity Statements

Chart 8

| W. R. Grace & Co. - Chapter 11 Filing Entities | | | | | |
|---|---|---|---|---|---|
| Combined Statements of Operations | | | | | |
| | Month Ended June 30, | | | Six Months Ended June 30, | |
| In millions | 2007 | 2006 | | 2007 | 2006 |
| Net sales to third parties | $ 94.4 | $ 100.0 | | $ 511.6 | $ 497.9 |
| Net sales to non-filing entities | 34.4 | 39.0 | | 232.6 | 235.9 |
| Interest and royalties from non-filing entities | 0.9 | 2.3 | | 19.7 | 20.7 |
| | 129.7 | 141.3 | | 763.9 | 754.5 |
| Cost of goods sold to third parties | 55.5 | 67.7 | | 335.5 | 347.7 |
| Cost of goods sold to non-filing entities | 23.8 | 32.3 | | 181.3 | 201.3 |
| Selling, general and administrative expenses | 27.3 | 34.3 | | 151.3 | 172.2 |
| Depreciation and amortization | 4.4 | 5.2 | | 26.9 | 29.3 |
| Research and development expenses | 3.5 | 3.6 | | 21.1 | 19.2 |
| Net pension expense | 3.7 | 4.9 | | 19.2 | 23.2 |
| Interest expense | 6.4 | 8.2 | | 39.0 | 35.6 |
| Other (income) expense, net | (0.7) | (0.3) | | (5.5) | (7.8) |
| Provision for asbestos-related litigation, net of estimated insurance recovery | - | - | | - | - |
| Provision for environmental remediation | 12.0 | 30.0 | | 12.0 | 30.0 |
| Chapter 11 expenses, net of interest income | 7.7 | 5.2 | | 41.5 | 20.2 |
| | 143.6 | 191.1 | | 822.3 | 870.9 |
| Income (loss) before income taxes and equity in net income of non-filing entities | (13.9) | (49.8) | | (58.4) | (116.4) |
| Benefit from (provision for) income taxes | 11.5 | 8.8 | | 12.6 | 23.2 |
| Income (loss) before equity in net income of non-filing entities | (2.4) | (41.0) | | (45.8) | (93.2) |
| Equity in net income of non-filing entities | 18.2 | 22.1 | | 71.1 | 88.1 |
| Net income (loss) | $ 15.8 | $ (18.9) | | $ 25.3 | $ (5.1) |

The Notes to Combined Financial Statements are an integral part of these statements.

*Chart 9*

| W. R. Grace & Co. - Chapter 11 Filing Entities | | | |
|---|---|---|---|
| Combined Functional Basis Statements of Cash Flows | | | |
| *In millions* | Month Ended June 30, 2007 | Six Months Ended June 30, 2007 | Six Months Ended June 30, 2006 |
| **Core operations cash flow** | | | |
| Pre-tax income from core operations | $ 15.6 | $ 47.9 | $ (0.6) |
| Depreciation and amortization | 4.4 | 26.9 | 29.3 |
| | 20.0 | 74.8 | 28.7 |
| Payments to fund defined benefit pension arrangements | (0.4) | (39.4) | (32.8) |
| Change in Non-Filing entity operating loans including interest payments and Investment | 27.6 | 54.5 | 46.6 |
| Changes in all core assets/liabilities and other | 14.7 | (36.8) | (48.5) |
| **Core Pre-tax Operating Cash Flow** | 61.9 | 53.1 | (6.0) |
| Capital expenditures | (5.8) | (33.9) | (40.1) |
| Purchase of short-term investments | - | (25.0) | - |
| **Core Pre-tax Operating Free Cash Flow** | 56.1 | (5.8) | (46.1) |
| **Charges against core reserves** | | | |
| Deferred compensation | (0.1) | (0.2) | (0.3) |
| Self insurance | (0.1) | (0.8) | (1.1) |
| **Total Spending Against Core Reserves** | (0.2) | (1.0) | (1.4) |
| **Net Core Cash Flow** | 55.9 | (6.8) | (47.5) |
| **Noncore cash flow** | | | |
| Proceeds from asset sales | - | - | 0.1 |
| Cash paid to resolve contingencies subject to Chapter 11 | - | (10.3) | - |
| Proceeds from sale of business | - | - | - |
| Legal fees | (0.5) | (6.2) | (22.8) |
| Other noncore pre-tax cash flow | (0.4) | (3.6) | 1.6 |
| **Noncore Pre-tax Cash Flow** | (0.9) | (20.1) | (21.1) |
| **Charges against noncore reserves** | | | |
| Environmental remediation | (0.5) | (4.8) | (3.4) |
| Retained obligations and other | (0.4) | (0.8) | (1.3) |
| Postretirement benefits | (0.7) | (3.1) | (6.5) |
| **Total Spending Against Noncore Reserves** | (1.6) | (8.7) | (11.2) |
| **Noncore Cash Flow** | (2.5) | (28.8) | (32.3) |
| **Total Pre-tax/Pre-interest/Pre-Chapter 11 Cash Flow** | 53.4 | (35.6) | (79.8) |
| Cash paid for taxes, net of refunds | (1.6) | (2.5) | 0.2 |
| Cash paid for interest, net | 0.4 | 1.4 | (0.8) |
| Chapter 11 expenses paid | (3.8) | (35.5) | (20.4) |
| Interest income on filing entity cash balances | 0.9 | 4.5 | 3.5 |
| **Cash Flow before Strategic Investments** | 49.3 | (67.7) | (97.3) |
| **Strategic Investments** | | | |
| Cash paid for businesses acquired | - | - | - |
| Dividends received from non-filing entities | - | 45.8 | - |
| Proceeds from exercise of stock options | 0.3 | 19.4 | 15.8 |
| **Cash used for Strategic Investments** | 0.3 | 65.2 | 15.8 |
| **Cash Flow after Strategic Investments** | 49.6 | (2.5) | (81.5) |
| Fees under debtor-in-possession credit facility | (0.2) | (1.3) | (1.1) |
| Net (investing)/financing activities under life insurance policies | - | 0.2 | (0.3) |
| **Net Cash Flow** | $ 49.4 | $ (3.6) | $ (82.9) |

The Notes to Combined Financial Statements are an integral part of these statements.

Chart 10

| W. R. Grace & Co. - Chapter 11 Filing Entities | | | |
|---|---|---|---|
| Combined Balance Sheets | | | |
| In millions | June 30, 2007 | December 31, 2006 | April 2, 2001 |
| **ASSETS** | | | |
| **Current Assets** | | | |
| Cash and cash equivalents | $    230.2 | $    233.8 | $    8.6 |
| Marketable Securities | 26.0 | 1.0 | 1.4 |
| Trade accounts receivable, less allowance of $3.8 (2006 - $3.7, Filing Date - $0.7) | 121.8 | 117.9 | 32.3 |
| Receivables from non-filing entities, net | 76.7 | 53.2 | 51.2 |
| Inventories | 83.6 | 72.9 | 80.6 |
| Deferred income taxes | 26.8 | 29.0 | 80.9 |
| Asbestos-related insurance expected to be realized within one year | - | - | 17.0 |
| Other current assets | 17.5 | 30.9 | 32.0 |
| **Total Current Assets** | 582.6 | 538.7 | 304.0 |
| Properties and equipment, net | 396.6 | 394.5 | 400.4 |
| Goodwill | 25.5 | 25.5 | 13.6 |
| Cash value of life insurance policies, net of policy loans | 91.5 | 89.2 | 64.1 |
| Deferred income taxes | 675.6 | 687.1 | 401.0 |
| Asbestos-related insurance expected to be realized after one year | 500.0 | 500.0 | 323.4 |
| Loans receivable from non-filing entities, net | 189.0 | 237.7 | 387.5 |
| Investment in non-filing entities | 698.8 | 660.3 | 121.0 |
| Other assets | 63.9 | 65.3 | 308.5 |
| **Total Assets** | $    3,223.5 | $    3,198.3 | $    2,323.5 |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | |
| **Liabilities Not Subject to Compromise** | | | |
| **Current Liabilities** | | | |
| Accounts payable | $    68.5 | $    63.5 | $    - |
| Other current liabilities | 139.6 | 148.5 | - |
| **Total Current Liabilities** | 208.1 | 212.0 | - |
| Minority interest in consolidated entities | 52.1 | 58.4 | 0.3 |
| Other liabilities | 167.1 | 256.1 | 31.5 |
| **Total Liabilities Not Subject to Compromise** | 427.3 | 526.5 | 31.8 |
| **Liabilities Subject to Compromise** | | | |
| Debt, pre-petition plus accrued interest | 771.3 | 739.5 | 511.5 |
| Accounts payable | 31.7 | 31.7 | 43.0 |
| Income taxes payable | 96.5 | 141.2 | 242.1 |
| Asbestos-related liability | 1,700.0 | 1,700.0 | 1,002.8 |
| Other liabilities | 646.1 | 609.2 | 566.6 |
| **Total Liabilities Subject to Compromise** | 3,245.6 | 3,221.6 | 2,366.0 |
| **Total Liabilities** | 3,672.9 | 3,748.1 | 2,397.8 |
| **Shareholders' Equity (Deficit)** | | | |
| Common stock | 0.8 | 0.8 | 0.8 |
| Paid in capital | 428.7 | 423.8 | 432.6 |
| Accumulated deficit | (460.1) | (487.6) | (201.8) |
| Treasury stock, at cost | (81.5) | (96.0) | (136.4) |
| Accumulated other comprehensive loss | (337.3) | (390.8) | (169.5) |
| **Total Shareholders' Equity (Deficit)** | (449.4) | (549.8) | (74.3) |
| **Total Liabilities and Shareholders' Equity (Deficit)** | $    3,223.5 | $    3,198.3 | $    2,323.5 |

The Notes to Combined Financial Statements are an integral part of these statements.

**W. R. Grace & Co.**
**Notes to Combined Financial Statements**
**June 30, 2007**

## 1. Basis of Presentation and Summary of Significant Accounting and Financial Reporting Policies

W. R. Grace & Co., through its subsidiaries, is engaged in specialty chemicals and specialty materials businesses on a worldwide basis through two operating segments: "Grace Davison," which includes silica- and alumina-based catalysts and materials used in a wide range of industrial applications; and "Grace Performance Chemicals," which includes specialty chemicals and materials used in commercial and residential construction and in rigid food and beverage packaging.

W. R. Grace & Co. conducts substantially all of its business through a direct, wholly-owned subsidiary, W. R. Grace & Co.-Conn. ("Grace-Conn."). Grace-Conn. owns substantially all of the assets, properties and rights of W. R. Grace & Co. on a consolidated basis, either directly or through subsidiaries.

As used in these notes, the term "Company" refers to W. R. Grace & Co. The term "Grace" refers to the Company and/or one or more of its subsidiaries and, in certain cases, their respective predecessors.

*Voluntary Bankruptcy Filing* – During 2000 and the first quarter of 2001, Grace experienced several adverse developments in its asbestos-related litigation, including: a significant increase in personal injury claims, higher than expected costs to resolve personal injury and certain property damage claims, and class action lawsuits alleging damages from Zonolite Attic Insulation ("ZAI") a former Grace attic insulation product.

After a thorough review of these developments, the Board of Directors concluded that a federal court-supervised bankruptcy process provided the best forum available to achieve fairness in resolving these claims and on April 2, 2001 (the "Filing Date"), Grace and 61 of its United States subsidiaries and affiliates, including Grace-Conn. (collectively, the "Debtors"), filed voluntary petitions for reorganization (the "Filing") under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The cases were consolidated and are being jointly administered under case number 01-01139 (the "Chapter 11 Cases"). Grace's non-U.S. subsidiaries and certain of its U.S. subsidiaries were not included in the Filing.

Under Chapter 11, the Debtors have continued to operate their businesses as debtors-in-possession under court protection from creditors and claimants, while using the Chapter 11 process to develop and implement a plan for addressing the asbestos-related claims. Since the Filing, all motions necessary to conduct normal business activities have been approved by the Bankruptcy Court. (See Note 2 for Chapter 11-Related Information.)

*Basis of Presentation* – The interim Combined Financial Statements presented herein represent the results of operations, cash flows and financial position of the Debtors. These financial statements pertain to periods beginning with, and subsequent to, the Filing Date and have been prepared in conformity with requirements of the Bankruptcy Court. Consequently, these financial statements do not purport to present the financial performance of W. R. Grace & Co. in conformity with U.S. generally accepted accounting principles which would require the consolidation of all controlled subsidiaries and more extensive notes and analysis related to the worldwide operations of W. R. Grace & Co. Financial activity of non-Debtor entities is not presented herein. However, all non-Debtor entities are either directly or indirectly controlled by the Debtors and, accordingly, non-Debtor financial results are reflected under the equity method of accounting. These financial statements are unaudited and should be read in conjunction with the consolidated financial statements presented in the Company's 2006 Annual Report on Form 10-K and other periodic filings with the U.S. Securities and Exchange Commission.

These interim Combined Financial Statements reflect all adjustments that, in the opinion of management, are necessary for a fair presentation of the results of the interim periods presented under U.S. generally accepted accounting principles; all such adjustments are of a normal recurring nature. All significant inter-Debtor accounts and transactions have been eliminated. Transactions and balances with non-Debtor entities are separately disclosed.

The results of operations for the six-month interim period ended June 30, 2007 are not necessarily indicative of the results of operations for the year ending December 31, 2007.

*Reclassifications* – Certain amounts in prior years' Combined Financial Statements have been reclassified to conform to the 2007 presentation. Such reclassifications have not materially affected previously reported amounts in the Combined Financial Statements.

*Use of Estimates* – The preparation of financial statements in conformity with U.S. generally accepted accounting principles requires that management make estimates and assumptions affecting the assets and liabilities reported at the date of the Consolidated Financial Statements, and the revenues and expenses reported for the periods presented. Actual amounts could differ from those estimates, and the differences could be material. Changes in estimates are recorded in the period identified. Grace's accounting measurements that are most affected by management's estimates of future events are:

- Contingent liabilities which depend on an assessment of the probability of loss and an estimate of ultimate resolution cost, such as asbestos-related matters, environmental remediation, income taxes, and litigation;

- Pension and postretirement liabilities that depend on assumptions regarding participant life spans, future inflation, discount rates and total returns on invested funds;

- Realization values of net deferred tax assets and insurance receivables, which depend on projections of future income and cash flows and assessments of insurance coverage and insurer solvency.

The accuracy of these and other estimates may also be materially affected by the uncertainties arising under Grace's Chapter 11 proceeding.

*Effect of New Accounting Standards* – In June 2006, the FASB issued Interpretation No. 48, "Accounting for Uncertainty in Income Taxes" ("FIN 48"), which prescribes a recognition threshold and measurement attribute for tax positions taken or expected to be taken in tax returns. FIN 48 also provides guidance on derecognition, classification, interest and penalties, accounting in interim periods, disclosure, and transition. Grace adopted FIN 48 effective in the first quarter of 2007. The effect of the implementation of FIN 48 was to reduce Grace's accumulated deficit as of January 1, 2007 by $2.2 million.

In February 2007, the FASB issued SFAS No. 159, "The Fair Value Option for Financial Assets and Financial Liabilities." SFAS No. 159 permits entities to measure many financial instruments and certain other items at fair value that are not currently required to be measured at fair value. SFAS No. 159 is effective for the first quarter of 2008, and Grace is currently evaluating the impact on its financial statements of adopting SFAS No. 159.

In September 2006, the FASB Emerging Issues Task Force ("EITF") promulgated Issue No. 06-4, "Accounting for Deferred Compensation and Postretirement Benefit Aspects of Endorsement Split-Dollar Life Insurance Arrangements." This Issue specifies that if a company provides a benefit to an employee under an endorsement split-dollar life insurance arrangement that extends to postretirement periods, it would have to recognize a liability and related compensation costs. In November 2006, the EITF promulgated Issue No. 06-10, "Accounting for Deferred Compensation and Postretirement Benefit Aspects of Collateral Assignment Split-Dollar Life Insurance Arrangement." EITF 06-10, among other things, extends the guidance in EITF 06-4 to collateral assignment split-dollar life insurance arrangements. Grace will adopt EITF 06-4 and 06-10 effective in the first quarter of 2008, and has not yet assessed the estimated impact of these Issues on its Consolidated Financial Statements.

In September 2006, the FASB issued SFAS No. 157, "Fair Value Measurements." SFAS No. 157 defines fair value, establishes a framework for measuring fair value, and expands disclosures about fair value measurements. Grace will adopt SFAS No. 157 effective in the first quarter of 2008, and has not yet assessed the estimated impact on its Consolidated Financial Statements.

## 2. Chapter 11-Related Information

*Official Parties to Grace's Chapter 11 Proceedings* – Three creditors' committees, two representing asbestos claimants and the third representing other unsecured creditors, and a committee representing shareholders, have been appointed in the Chapter 11 Cases. These committees, and a legal representative of future asbestos claimants, have the right to be heard on all matters that come before the Bankruptcy Court and are likely to play important roles in the Chapter 11 Cases. The Debtors are required to bear certain costs and expenses of the committees and of the representative of future asbestos claimants, including those of their counsel and financial advisors.

*Plan of Reorganization* – On November 13, 2004 Grace filed a plan of reorganization, as well as several associated documents, including a disclosure statement, with the Bankruptcy Court. On January 13, 2005, Grace filed an amended plan of reorganization (the "Plan") and related documents to address certain objections of creditors and other interested parties. The Plan is supported by committees representing general unsecured creditors and equity holders, but is not supported by

committees representing asbestos personal injury claimants and asbestos property damage claimants or the representative of future asbestos claimants.

Under the terms of the Plan, a trust would be established under Section 524(g) of the Bankruptcy Code to which all pending and future asbestos-related claims would be channeled for resolution. The Plan contemplates that the Bankruptcy Court will conduct hearings to determine, among other things, the amount that would need to be paid into the trust on the effective date of the Plan to satisfy Grace's asbestos-related liabilities and trust administration costs and expenses over time. The Plan provides that Grace's asbestos-related liabilities would be satisfied using cash and securities from Grace and third parties.

The Plan will become effective only after a vote of eligible creditors and with the approval of the Bankruptcy Court and the U.S. District Court for the District of Delaware. Votes on the Plan may not be solicited until the Bankruptcy Court approves the disclosure statement. The Bankruptcy Court has currently deferred consideration of the disclosure statement and Plan until after completion of hearings on the amount of Grace's asbestos-related liability. The Debtors have received extensions of their exclusive right to propose a plan of reorganization and solicit acceptances of that plan through July 23, 2007. The committees representing asbestos claimants and the future claimants' representative have appealed the extension of exclusivity to the Third Circuit Court of Appeals.

Under the terms of the Plan, claims will be satisfied under the Chapter 11 Cases as follows:

Asbestos-Related Claims and Costs
A trust would be established under Section 524(g) of the Bankruptcy Code to which all pending and future asbestos-related claims would be channeled for resolution. The trust would utilize specified trust distribution procedures to satisfy the following allowed asbestos-related claims and costs:

1. *Personal injury claims that meet specified exposure and medical criteria (Personal Injury-Symptomatic Eligible or "PI-SE" Claims)* – In order to qualify for this class, claimants would have to prove that their health is impaired from meaningful exposure to asbestos-containing products formerly manufactured by Grace.

2. *Personal injury claims that do not meet the exposure and medical criteria necessary to qualify as PI-SE Claims (Personal Injury-Asymptomatic and Other or "PI-AO" Claims)* – This class would contain all asbestos-related personal injury claims against Grace that do not meet the specific requirements to be PI-SE Claims, but do meet certain other specified exposure and medical criteria.

3. *Property damage claims, including claims related to ZAI ("PD Claims")* – In order to qualify for this class, claimants would have to prove Grace liability for loss of property value or remediation costs related to products formerly manufactured by Grace that claimants allege contained asbestos.

4. *Trust administration costs and legal expenses.*

The claims arising from such proceedings would be subject to this classification process as part of the Plan.

The Bankruptcy Court has entered separate case management orders for estimating liability for pending and future personal injury claims and adjudicating pending property damage claims, excluding ZAI claims. Trial dates for estimating liability for personal injury claims are currently scheduled to begin in the fall of 2007. Hearings for the adjudication of various issues regarding property damage claims are scheduled for the third quarter of 2007. The Debtors expect that the estimated liability for all asbestos-related claims may provide the basis for determining the amount to be paid into a trust on the effective date of a plan of reorganization.

Under the Plan, asbestos personal injury claimants, including both PI-SE and PI-AO claims, would have the option either to litigate their claims against the trust in federal court in Delaware or, if they meet specified eligibility criteria, accept a settlement amount based on the severity of their condition. Under the Plan, asbestos property damage claimants would be required to litigate their claims against the trust in federal court in Delaware. The Plan provides that, as a condition precedent to confirmation, the maximum estimated aggregate funding amount for all asbestos-related liabilities (PI-SE, PI-AO and PD including ZAI) and trust administration costs and expenses as determined by the Bankruptcy Court cannot exceed $1,613 million, which Grace believes would fund over $2 billion in claims, costs and expenses over time.

The PI-SE Claims, the PD Claims and the related trust administration costs and expenses would be funded with (1) a payment of $512.5 million in cash (plus interest at 5.5% compounded annually from December 21, 2002) and 18 million shares (reflecting a two-for-one stock split) of common stock of Sealed Air Corporation ("Sealed Air") to be made directly by Cryovac, Inc., a wholly owned subsidiary

of Sealed Air ("Cryovac"), to the asbestos trust pursuant to the terms of a settlement agreement resolving asbestos-related, successor liability and fraudulent transfer claims against Sealed Air and Cryovac and (2) Grace common stock. The number of shares of Grace common stock required to satisfy these claims will depend on the price of Grace common stock on the effective date of the Plan, liability measures approved by the Bankruptcy Court, and the value of the Sealed Air settlement, which changes daily with the accrual of interest and the trading value of Sealed Air common stock. The Sealed Air settlement agreement has been approved by the Bankruptcy Court, but remains subject to the fulfillment of specified conditions.

The PI-AO Claims would be funded with warrants exercisable for that number of shares of Grace common stock which, when added to the shares issued directly to the trust on the effective date of the Plan, would represent 50.1% of Grace's voting securities. If the common stock issuable upon exercise of the warrants is insufficient to pay all PI-AO Claims (the liability for which is uncapped under the Plan), then Grace would pay any additional liabilities in cash.

Under the Plan, the amounts to fund PI-SE Claims, PD Claims and the expense of trust administration would be capped at the amount determined by the Bankruptcy Court. Amounts required to fund PI-AO Claims would not be capped, so if the amount funded in respect thereof later proved to be inadequate, Grace would be responsible for contributing additional funds into the asbestos trust to satisfy PI-AO Claims. Because of the number and nature of the uncertainties involved, Grace is unable to determine the extent to which, if any, the liability under the Plan for PI-AO claims may exceed the amount funded into the trust in respect thereof.

Other Claims
The Plan provides that all allowed administrative or priority claims would be paid 100% in cash and all general unsecured claims, other than those covered by the asbestos trust, would be paid 85% in cash and 15% in Grace common stock. Grace estimates that claims with a recorded value of approximately $1,257 million, including interest accrued through March 31, 2007, would be satisfied in this manner at the effective date of the Plan. Grace would finance these payments with cash on hand, cash from Fresenius Medical Care Holdings, Inc. ("Fresenius") paid in settlement of asbestos and other Grace-related claims, new Grace debt, and Grace common stock.   Grace would satisfy other non-asbestos related liabilities and claims (primarily certain environmental, tax, pension and retirement medical obligations) as they become due and payable over time using cash flow from operations, insurance

proceeds from policies and settlement agreements covering asbestos-related liabilities, and new credit facilities. Proceeds from available product liability insurance applicable to asbestos-related claims would supplement operating cash flow to service new debt and liabilities not paid on the effective date of the Plan.

Effect on Grace Common Stock
The Plan provides that Grace common stock will remain outstanding at the effective date of the Plan, but that the interests of existing shareholders would be subject to dilution by additional shares of common stock issued under the Plan. In addition, in order to preserve significant tax benefits from net operating loss carryforwards ("NOLs") and certain future deductions, which are subject to elimination or limitation in the event of a change in control (as defined by the Internal Revenue Code) of Grace, the Plan places restrictions on the purchase of Grace common stock.  The restrictions would prohibit (without the consent of Grace), for a period of three years after the effective date of the Plan, a person or entity from acquiring more than 4.75% of the outstanding Grace common stock or, for those persons already holding more than 4.75%, prohibit them from increasing or decreasing their holdings. The Bankruptcy Court has approved the trading restrictions described above, excluding the restriction on sales, until the effective date of the Plan.

Grace intends to address all pending and future asbestos-related claims and all other pre-petition claims as outlined in the Plan. However, the Plan may not be ultimately approved by the Bankruptcy Court and other interested parties. For example, the asbestos creditors committees and representative of future asbestos claimants have challenged the confirmability of the Plan, arguing that the Plan impairs the rights of asbestos creditors and impermissibly denies them voting rights, and have asserted that Grace's asbestos-related liabilities exceed the fair value of Grace's assets.  As a result of these challenges and other Bankruptcy Court rulings, a materially different plan of reorganization may ultimately be approved and, under the ultimate plan of reorganization, the interests of the Company's shareholders could be substantially diluted or cancelled. The value of Grace common stock following a plan of reorganization, and the extent of any recovery by non-asbestos-related creditors, will depend principally on the amount of Grace's asbestos-related liability under a confirmed plan of reorganization.

*Claims Filings* – The Bankruptcy Court established a bar date of March 31, 2003 for claims of general unsecured creditors, asbestos-related property damage claims (other than ZAI claims) and medical

monitoring claims related to asbestos. The bar date did not apply to asbestos-related personal injury claims or claims related to ZAI.

Approximately 14,900 proofs of claim were filed by the March 31, 2003 bar date. Of these claims, approximately 9,400 were non-asbestos related, approximately 4,300 were for asbestos-related property damage, and approximately 1,000 were for medical monitoring. The medical monitoring claims were made by individuals who allege exposure to asbestos through Grace's products or operations. These claims, if sustained, would require Grace to fund ongoing health monitoring costs for qualified claimants. In addition, approximately 800 proofs of claim were filed after the bar date.

Approximately 7,000 of the non-asbestos related claims involve claims by employees or former employees for future retirement benefits such as pension and retiree medical coverage. Grace views most of these claims as contingent and has proposed a plan of reorganization that would retain such benefits. These claims include claims for payment of goods and services, taxes, product warranties, principal and interest under pre-petition credit facilities, amounts due under leases and other contracts, leases and other executory contracts rejected in the Bankruptcy Court, environmental remediation, pending non-asbestos-related litigation, and non-asbestos-related personal injury. Claims for indemnification or contribution to actual or potential codefendants in asbestos-related and other litigation were also filed.

The Debtors have analyzed the claims filed pursuant to the March 31, 2003 bar date and have found that many are duplicates, represent the same claim filed against more than one of the Debtors, lack any supporting documentation, or provide insufficient supporting documentation. As of March 31, 2007, of the approximately 4,000 asbestos property damage claims filed, approximately 3,375 claims have been expunged or withdrawn by claimants, leaving approximately 625 claims to be addressed through the property damage case management order approved by the Bankruptcy Court. As of March 31, 2007, of the approximately 3,250 non-asbestos claims filed, approximately 1,450 claims have been expunged or withdrawn by claimants, approximately 1,100 claims have been resolved, and an additional approximately 700 claims are to be addressed through the claims objection process and the dispute resolution procedures approved by the Bankruptcy Court.

Grace believes that its recorded liabilities for claims subject to the March 31, 2003 bar date represent a reasonable estimate of the ultimate allowable amount for claims that are not in dispute or have been submitted with sufficient information to both evaluate the merit and estimate the value of the claim. The asbestos-related claims are considered as part of Grace's overall asbestos liability and are being accounted for in accordance with the conditions precedent under the Plan, as described in "Accounting Impact" below. Grace will adjust its recorded asbestos-related liability, as necessary, to reflect rulings by the Bankruptcy Court. Any such adjustments could be material to its consolidated financial position and results of operations.

***Litigation Proceedings in Bankruptcy Court*** – In September 2000, Grace was named in a purported class action lawsuit filed in California Superior Court for the County of San Francisco, alleging that the 1996 reorganization involving a predecessor of Grace and Fresenius AG and the 1998 reorganization involving a predecessor of Grace and Sealed Air were fraudulent transfers *(Abner, et al., v. W.R. Grace & Co., et al.)*. The Bankruptcy Court authorized the Official Committee of Asbestos Personal Injury Claimants and the Official Committee of Asbestos Property Damage Claimants to proceed with claims against Fresenius and Sealed Air and Cryovac on behalf of the Debtors' bankruptcy estate.

On November 29, 2002, Sealed Air (and Cryovac) and Fresenius each announced that they had reached agreements in principle with such Committees to settle asbestos, successor liability and fraudulent transfer claims related to such transactions (the "litigation settlement agreements"). Under the terms of the Fresenius settlement, subject to the fulfillment of certain conditions, Fresenius would pay $115.0 million to the Debtors' estate as directed by the Bankruptcy Court upon confirmation of the Debtors' plan of reorganization. In July 2003, the Fresenius settlement was approved by the Bankruptcy Court. Under the terms of the Sealed Air settlement, subject to the fulfillment of certain conditions, Cryovac would make a payment of $512.5 million (plus interest at 5.5% compounded annually, commencing on December 21, 2002) and nine million shares (now 18 million shares to reflect a two-for-one stock split) of Sealed Air common stock (collectively valued at $1,213.2 as of March 31, 2007), as directed by the Bankruptcy Court upon confirmation of the Debtors' plan of reorganization. In June 2005, the Sealed Air settlement was approved by the Bankruptcy Court.

***Debt Capital*** – All of the Debtors' pre-petition debt is in default due to the Filing. The accompanying Consolidated Balance Sheets reflect the classification of the Debtors' pre-petition debt within "liabilities subject to compromise."

The Debtors have entered into a debtor-in-possession post-petition loan and security agreement with Bank of America, N.A. (the "DIP facility") in the aggregate amount of $250 million. The term of the DIP facility expires on April 1, 2008.

***Accounting Impact*** – The accompanying Consolidated Financial Statements have been prepared in accordance with Statement of Position 90-7 ("SOP 90-7"), "Financial Reporting by Entities in Reorganization Under the Bankruptcy Code," promulgated by the American Institute of Certified Public Accountants. SOP 90-7 requires that financial statements of debtors-in-possession be prepared on a going concern basis, which contemplates continuity of operations, realization of assets and liquidation of liabilities in the ordinary course of business. However, as a result of the Filing, the realization of certain of the Debtors' assets and the liquidation of certain of the Debtors' liabilities are subject to significant uncertainty. While operating as debtors-in-possession, the Debtors may sell or otherwise dispose of assets and liquidate or settle liabilities for amounts other than those reflected in the Consolidated Financial Statements. Further, the ultimate plan of reorganization could materially change the amounts and classifications reported in the Consolidated Financial Statements.

Pursuant to SOP 90-7, Grace's pre-petition and future liabilities that are subject to compromise are required to be reported separately on the balance sheet at an estimate of the amount that will ultimately be allowed by the Bankruptcy Court. As of March 31, 2007, such pre-petition liabilities include fixed obligations (such as debt and contractual commitments), as well as estimates of costs related to contingent liabilities (such as asbestos-related litigation, environmental remediation, and other claims). Obligations of Grace subsidiaries not covered by the Filing continue to be classified on the Consolidated Balance Sheets based upon maturity dates or the expected dates of payment. SOP 90-7 also requires separate reporting of certain expenses, realized gains and losses, and provisions for losses related to the Filing as reorganization items. Grace presents reorganization items as "Chapter 11 expenses, net of interest income," a separate caption in its Consolidated Statements of Operations.

Grace has not recorded the benefit of any assets that may be available to fund asbestos-related and other liabilities under the litigation settlements with Sealed Air and Fresenius, as such agreements are subject to conditions which, although expected to be met, have not been satisfied and confirmed by the Bankruptcy Court. The value available under these litigation settlement agreements as measured at March 31, 2007, was $1,328.2 million comprised of $115.0 million in cash from Fresenius and $1,213.2 million in cash and stock from Cryovac. Payments under the Sealed Air settlement will be paid directly to the asbestos trust by Cryovac, and will be accounted for as a satisfaction of a portion of Grace's recorded asbestos-related liability and a credit to shareholders' equity.

Grace's Consolidated Balance Sheets separately identify the liabilities that are "subject to compromise" as a result of the Chapter 11 proceedings. In Grace's case, "liabilities subject to compromise" represent both pre-petition and future liabilities as determined under U.S. generally accepted accounting principles. Changes to the recorded amount of such liabilities will be based on developments in the Chapter 11 Cases and management's assessment of the claim amounts that will ultimately be allowed by the Bankruptcy Court. Changes to pre-petition liabilities subsequent to the Filing Date reflect: 1) cash payments under approved court orders; 2) the terms of Grace's proposed plan of reorganization, as discussed above, including the accrual of interest on pre-petition debt and other fixed obligations; 3) accruals for employee-related programs; and 4) changes in estimates related to other pre-petition contingent liabilities.

***Change in Liabilities Subject to Compromise*** – Following is a reconciliation of the changes in pre-filing date liability balances for the period from the filing date through June 30, 2007.

| (In millions) | Current Month | Cumulative Since Filing |
|---|---|---|
| Balance, beginning of period ....... | $ 3,226.8 | $ 2,366.0 |
| Cash disbursements and/or reclassifications under Bankruptcy Court orders: | | |
| Freight and distribution order ... | -- | (5.7) |
| Trade accounts payable order.................................... | -- | (9.1) |
| Resolution of contingencies subject to Chapter 11 .......... | -- | (130.0) |
| Other court orders including employee wages and benefits, sales and use tax and customer programs ...... | (3.6) | (341.2) |
| Expense/(income) items: | | |
| Interest on pre-petition liabilities........................... | 6.6 | 313.7 |
| Employee-related accruals ..... | 9.8 | 48.7 |
| Change in provision for asbestos-related contingencies ..................... | -- | 744.8 |
| Change in provision for environmental contingencies ..................... | 12.0 | 307.6 |
| Change in provision for income tax contingencies ... | (4.3) | (12.4) |
| Balance sheet reclassifications... | -- | (25.7) |
| Reclassification to current liabilities[(1)].......................... | (1.7) | (11.1) |
| Balance, end of period.......... | $ 3,245.6 | $ 3,245.6 |

[(1)] As of June 30, 2007, $11.1 million of certain pension and postretirement benefit obligations subject to compromise have been presented in other current liabilities in the Combined Balance Sheet in accordance with SFAS No. 158.

Additional liabilities subject to compromise may arise due to the rejection of executory contracts or unexpired leases, or as a result of the Bankruptcy Court's allowance of contingent or disputed claims. For the holders of pre-petition bank credit facilities, beginning January 1, 2006, Grace agreed to pay interest on pre-petition bank debt at the prime rate, adjusted for periodic changes, and compounded quarterly. The effective rate for the six months ended June 30, 2007 was 8.25%. From the Filing Date through December 31, 2005, Grace accrued interest on pre-petition bank debt at a negotiated fixed annual rate of 6.09%, compounded quarterly.

For the holders of claims who, but for the Chapter 11 filing, would be entitled under a contract or otherwise to accrue or be paid interest on such claim in a non-default (or non-overdue payment) situation under applicable non-bankruptcy law, Grace accrues interest at the rate provided in the contract between the Grace entity and the claimant or such rate as may otherwise apply under applicable non-bankruptcy law.

For all other holders of allowed general unsecured claims, Grace accrues interest at a rate of 4.19% per annum, compounded annually.

## 3. Other Balance Sheet Accounts

| (In millions) | June 30, 2007 | Filing Date |
|---|---|---|
| **Inventories** | | |
| Raw materials ........................... | $ 26.4 | $ 20.3 |
| In process ................................ | 24.4 | 16.2 |
| Finished products ..................... | 72.9 | 63.8 |
| General merchandise ................ | 13.8 | 9.6 |
| Less: Adjustment of certain inventories to a last-in/first-out (LIFO) basis.................... | (53.9) | (29.3) |
| | $ 83.6 | $ 80.6 |
| **Other Assets** | | |
| Pension assets......................... | $ 3.4 | $ 236.0 |
| Deferred charges...................... | 31.5 | 40.4 |
| Long-term receivables............... | 6.9 | 1.9 |
| Long-term investments-............. | | 2.1 |
| Patents, licenses and other intangible assets, net............ | 22.2 | 25.2 |
| Other assets............................. | (0.1) | 2.9 |
| | $ 63.9 | $ 308.5 |
| **Other Current Liabilities** | | |
| Accrued compensation.............. | $ 38.8 | $ -- |
| Accrued commissions................ | 2.8 | |
| Customer programs................... | 16.8 | |
| Accrued utilities ....................... | -- | |
| Accrued freight ........................ | 3.6 | |
| Accrued reorganization fees ..... | 35.3 | |
| Other accrued liabilities ........... | 42.3 | |
| | $ 139.6 | $ -- |
| **Other Liabilities** | | |
| Deferred royalty income – non-filing entities.................. | $ -- | $ 31.5 |
| Pension liabilities...................... | 136.3 | -- |
| Other accrued liabilities ........... | 30.8 | -- |
| | $ 167.1 | $ 31.5 |
| **Other Liabilities Subject to Compromise** | | |
| Other postretirement benefits ... | $ 72.7 | $ 185.4 |
| Environmental remediation........ | 368.3 | 164.8 |
| Retained obligations of divested businesses ............. | 31.5 | 43.5 |
| Special pension arrangements .. | 93.6 | 70.8 |
| Deferred compensation ............ | 3.3 | 8.2 |
| Self insurance reserve.............. | 11.9 | 11.8 |
| Accrued interest on pre-petition liabilities ................... | 4.7 | -- |
| Other accrued liabilities ........... | 60.1 | 82.1 |
| | $ 646.1 | $ 566.6 |

Accrued compensation in the table above includes salaries and wages as well as estimated current amounts due under the annual and long-term incentive programs.

## 4. Life Insurance

Grace is the beneficiary of corporate-owned life insurance ("COLI") policies on certain current and former employees with a net cash surrender value of $91.5 million at June 30, 2007. The policies were acquired to fund various employee benefit programs and other long-term liabilities and are structured to provide cash flow (primarily tax-free) over an extended number of years.

The following table summarizes the components of net cash value at June 30, 2007 and Filing Date:

| Components of Net Cash Value (In millions) | June 30, 2007 | Filing Date |
|---|---|---|
| Gross cash value | $ 117.2 | $ 453.7 |
| Principal – policy loans | (24.5) | (390.3) |
| Accrued interest – policy loans | (1.2) | 0.7 |
| Net cash value | $ 91.5 | $ 64.1 |
| Insurance benefits in force | $ 197.5 | $ 2,286.0 |

Grace's financial statements display income statement activity and balance sheet amounts on a net basis, reflecting the contractual interdependency of policy assets and liabilities

## 5. Debt

On June 30, 2007 and the Filing Date, Grace's debt was as follows:

| Components of Debt (In millions) | June 30, 2007 | Filing Date |
|---|---|---|
| **Debt payable within one year** | | |
| DIP facility | $   -- | $   -- |
| Other short-term borrowings and related fees payable | -- | -- |
|  | $   -- | $   -- |
| **Debt payable after one year** | | |
| DIP facility | $   -- | $   -- |
| Other long-term borrowings | -- | -- |
|  | $   -- | $   -- |
| **Debt Subject to Compromise** | | |
| Bank borrowings | $ 500.0 | $ 500.0 |
| 8.0% Notes Due 2004 | -- | 5.7 |
| 7.75% Notes Due 2002 | -- | 2.0 |
| Other borrowings | 15.5 | 1.2 |
| Accrued interest | 255.8 | 2.6 |
|  | $ 771.3 | $ 511.5 |
| Annualized weighted average interest rates on total debt | 8.3% | 6.1% |

In April 2001, the Debtors entered into the DIP facility for a two-year term in the aggregate amount of $250 million. The DIP facility is secured by a priority lien on substantially all assets of the Debtors with the exclusion of the capital stock of non-U.S. subsidiaries, and bears interest based on the London Interbank Offered Rate (LIBOR). The Debtors have extended the term of the DIP facility through April 1, 2008. Grace had no outstanding borrowings under the DIP facility as of June 30, 2007; however, $51.1 million of standby letters of credit were issued and outstanding under the facility. The letters of credit, which reduce available funds under the facility, were issued primarily for trade-related matters such as performance bonds, and certain insurance and environmental matters.