IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Dates: May 30, 2007 and July 23, 2007** **Related to Docket Nos.: 15112, 15113, 15215 15271, 15273, 16173, 16177,** 16441 Agenda No. 15 |

**ORDER CONCERNING AMENDMENTS, SUPPLEMENTATIONS AND CHANGES TO ASBESTOS PD CLAIMS**

Upon consideration of *Debtors' Emergency Motion for an Order Concerning the Amendment or Supplementation of Asbestos PD Claims* (the "Motion") [Dkt. 15112] and the Objection of the Official Committee of Asbestos Property Damage Claimants and Joinder of Prudential Insurance Company therewith [Dkt. 15215, 15271, 15273], and the oral arguments during the May 30, 2007 and July 23, 2007 hearings; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that good and sufficient notice of the Motion having been given and that no other or further notice of the Motion need be provided; and after due deliberation and sufficient cause appearing therefore, the Court hereby orders as follows:

1. The Motion is denied except to the extent specifically stated herein.

2. From the date of this Order going forward, claimants and/or their counsel that wish to file with the Debtors' claims agent any matter amending, supplementing and/or

otherwise changing a previously-filed Asbestos Property Damage Proof of Claim to which the Debtors have objected in their Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims [Dkt. 9315] (hereinafter "Asbestos PD Claim"), must first obtain leave from this Court pursuant to Federal Rule of Bankruptcy Procedure 7015 before amending, supplementing and/or otherwise changing any such Asbestos PD Claim.

3. If an Asbestos PD Claimant and/or their counsel is granted leave to amend, supplement and/or otherwise change an Asbestos PD Claim, then the Debtors have leave to amend, supplement, and/or change their objection(s) to such claim(s) asserted in the 15th Omnibus Objection, (i) within twenty (20) days of receipt by the Debtors' counsel of the Asbestos PD Claimant(s)' amendment, supplementation and/or other change, and, (ii) solely to address the Asbestos PD Claimant's amendment, supplement or change.

4. The Debtors and Prudential, and the Debtors and the Dies and Hile Asbestos PD Claimants, have agreed that this Order shall not affect or apply to Prudential's and/or the Dies and Hile Claimants' Asbestos PD claims against the Debtors, which claims are subject to settlements in principle between the parties pending final documentation. In the event of a failure of the settlement and resumption of the litigation as to Prudential's and/or the Dies and Hile claimants' Asbestos PD claims against the Debtors, the Debtors and Prudential, and the Debtors and the Dies and Hile Asbestos PD Claimants, have agreed to meet and confer about, among other things, the applicability of this Order to Prudential's and the Dies and Hile's claimants' claims.

2

5. This Court shall retain sole jurisdiction over any disputes or other matters arising from or related to this Order, which is a final order.

Dated: August 2, 2007

_____
Judge Judith K. Fitzgerald
United States Bankruptcy Judge