# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**ORDER DISALLOWING AND EXPUNGING CERTAIN CLAIMS
AND REDUCING CERTAIN OTHER CLAIMS OF
THE INTERNAL REVENUE SERVICE**

WHEREAS the Debtors and the Service have stipulated and agreed that:

(a) claims numbered 487, 501, 788-808, 810-812, 814-827, 829, 831-837, and 839 shall be disallowed and expunged to the extent provided herein; and

(b) claims numbered 830, 809, 828 and 2235 shall remain on the claims register as provided herein.

IT IS HEREBY ORDERED.

Date: 7/23, 2007

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

Error! Unknown document property name.

# EXHIBIT A

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | 7/23/07 Agenda Item No. 7 |
| | | re: docket nos. 16069 and 16235 |

## STIPULATION RESOLVING CERTAIN OF THE CLAIMS OF
## THE INTERNAL REVENUE SERVICE

This Stipulation is entered into this 20 day of July 2007, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors"), and the Internal Revenue Service (the "Service").

**WHEREAS,** on or about April 2, 2001 (the "Petition Date"), the Debtors, including W. R. Grace & Co.-Conn. ("Grace-Conn."), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' bankruptcy cases are pending as case numbers 01-1139 (JKF) through 01-1200 (JKF) (the "Bankruptcy

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**WHEREAS,** on April 2, 2001 the Bankruptcy Court issued an Order consolidating the Bankruptcy Cases for administrative purposes only under Case No. 01-1139 (JKF) (the "Jointly Administered Bankruptcy Case").

**WHEREAS,** on April 22, 2002, the Bankruptcy Court issued its Bar Date Order [Docket No. 1963], which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

**WHEREAS,** on or about September 28, 2001, the Service filed 2 claims; on or about June 13, 2002, the Service filed an additional 50 claims; and on or about August 28, 2002, the Service filed an additional claim (collectively, the "Service Claims") against the Debtors in their respective Bankruptcy Cases as specified herein:

| Name of Creditor | Against which Debtor entities | Date of Claim | Proof of Claim Nos. | Amount of Claim (asserted as priority claim unless specified) |
|---|---|---|---|---|
| Service | Grace Europe, Inc. | 9/28/01 | 487 | $198,600,000.00 |
| Service | GPC Thomasville Corp. | 9/28/01 | 501 | $134,600,000.00 |
| Service | Grace Tarpon Investors, Inc. | 6/13/02 | 788 | $246,000,000.00 |
| Service | Grace Ventures Corp. | 6/13/02 | 789 | $310,000,000.00 |
| Service | Grace Washington, Inc. | 6/13/02 | 790 | $310,000,000.00 |
| Service | W.R. Grace Capital Corporation | 6/13/02 | 791 | $310,000,000.00 |
| Service | W.R. Grace Land Corporation | 6/13/02 | 792 | $310,000,000.00 |
| Service | Gracoal, Inc. | 6/13/02 | 793 | $310,000,000.00 |
| Service | Gracoal II, Inc. | 6/13/02 | 794 | $246,000,000.00 |
| Service | Grace H-G Inc. | 6/13/02 | 795 | $310,000,000.00 |
| Service | Grace H-G II Inc. | 6/13/02 | 796 | $246,000,000.00 |
| Service | Grace Hotel Services Corporation | 6/13/02 | 797 | $246,000,000.00 |
| Service | Grace International Holdings, Inc. | 6/13/02 | 798 | $169,000,000.00 |
| Service | Grace Offshore Company | 6/13/02 | 799 | $310,000,000.00 |
| Service | Grace Par Corporation | 6/13/02 | 800 | $310,000,000.00 |
| Service | Grace Petroleum Libya Incorporated | 6/13/02 | 801 | $310,000,000.00 |
| Service | Grace Drilling Company | 6/13/02 | 802 | $310,000,000.00 |

2

Error! Unknown document property name.

| Name of Creditor | Against which Debtor entities | Date of Claim | Proof of Claim Nos. | Amount of Claim (asserted as priority claim unless specified) |
|---|---|---|---|---|
| Service | Grace Culinary Systems, Inc. | 6/13/02 | 803 | $246,000,000.00 |
| Service | Grace Chemical Company of Cuba | 6/13/02 | 804 | $270,000,000.00 |
| Service | Grace A-B II Inc. | 6/13/02 | 805 | $284,000,000.00 |
| Service | Grace A-B Inc. | 6/13/02 | 806 | $310,000,000.00 |
| Service | Gloucester New Communities Company, Inc. | 6/13/02 | 807 | $310,000,000.00 |
| Service | GN Holdings, Inc. | 6/13/02 | 808 | $98,000,000.00 |
| Service | GEC Management Corporation | 6/13/02 | 809 | $248,000,000.00 $138,121.15 (U) |
| Service | G C Management, Inc. | 6/13/02 | 810 | $246,000,000.00 |
| Service | G C Limited Partners I, Inc. | 6/13/02 | 811 | $246,000,000.00 |
| Service | Five Alewife Boston Ltd. | 6/13/02 | 812 | $206,000,000.00 |
| Service | Ecarg, Inc. | 6/13/02 | 813 | $246,000,000.00 |
| Service | Del Taco Restaurants, Inc. | 6/13/02 | 814 | $246,000,000.00 |
| Service | Darex Puerto Rico, Inc. | 6/13/02 | 815 | $246,000,000.00 |
| Service | Creative Food 'N Fun Company | 6/13/02 | 816 | $246,000,000.00 |
| Service | Grace Energy Corporation | 6/13/02 | 817 | $310,000,000.00 |
| Service | Grace Environmental, Inc. | 6/13/02 | 818 | $246,000,000.00 |
| Service | Water Street Corporation | 6/13/02 | 819 | $310,000,000.00 |
| Service | Southern Oil, Resin & Fiberglass, Inc. | 6/13/02 | 820 | $270,000,000.00 |
| Service | Remedium Group, Inc. | 6/13/02 | 821 | $310,000,000.00 |
| Service | Monroe Street, Inc. | 6/13/02 | 822 | $246,000,000.00 |
| Service | Monolith Enterprises Incorporated | 6/13/02 | 823 | $310,000,000.00 |
| Service | Litigation Management, Inc. | 6/13/02 | 824 | $129,000,000.00 |
| Service | L B Realty, Inc. | 6/13/02 | 825 | $246,000,000.00 |
| Service | Guanica-Caribe Land Development Corporation | 6/13/02 | 826 | $218,000,000.00 |
| Service | Hanover Square Corporation | 6/13/02 | 827 | $310,000,000.00 |
| Service | Homco International, Inc. | 6/13/02 | 828 | $310,000,000.00 $14,534.93 (U) |
| Service | W.R. Grace & Co. | 6/13/02 | 829 | $43,000,000.00 |
| Service | Coalgrace II, Inc. | 6/13/02 | 831 | $246,000,000.00 |
| Service | Alewife Boston Ltd. | 6/13/02 | 832 | $246,000,000.00 |
| Service | Alewife Land Corporation | 6/13/02 | 833 | $246,000,000.00 |
| Service | Amicon, Inc. | 6/13/02 | 834 | $169,000,000.00 |
| Service | CCHP, Inc. | 6/13/02 | 835 | $172,963,251.01 |
| Service | Coalgrace, Inc. | 6/13/02 | 836 | $246,000,000.00 |
| Service | A-1 Bit & Tool Co., Inc. | 6/13/02 | 837 | $246,000,000.00 |
| Service | CB Biomedical, Inc. | 6/13/02 | 839 | $169,000,000.00 |
| Service | MRA Holdings Corp. | 8/28/02 | 2235 | $196,111.84 |

**WHEREAS,** on January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization (the "Plan"). To date, the Plan has not been confirmed. The Plan proposes that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed

3

consolidated under the Plan for Plan purposes only. If the Plan is confirmed as proposed, upon the effective date of the Plan, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors.

**WHEREAS,** the Debtors have informed the Service that the Debtors may seek, upon notice to interested parties and approval of this Court, to dissolve or consolidate certain of the Debtors and their Bankruptcy Cases prior to seeking confirmation of the Plan.

**WHEREAS,** the parties hereto have agreed to enter into this Stipulation solely to afford the Debtors the administrative convenience of minimizing duplicative claims, and not to substantively alter the Service's rights in respect of the Service Claims.

**NOW, THEREFORE,** for good and valuable consideration received, the parties hereby stipulate and agree as follows:

1. Of the claims filed by the Service, subject to the provisions of Section 2 below, claims numbered 830, 809, 828 and 2235 shall remain as the only Service Claims against the Debtors or the Debtors' bankruptcy estate(s).

2. Subject to the provisions of the following two sentences of this Section 2, (a) claims numbered 487, 501, 788-808, 810-812, 814-827, 829, 831-837, 839 shall be disallowed and expunged from the claims register for all purposes (the "Disallowed Claims") and (b) claims numbered 809 and 828 shall be reduced, but not allowed, to the amount of $138,121 and $14,535 respectively (the "Reduced Claims"). Notwithstanding any other provision of this Stipulation, in the event that (a) the Plan is amended or any other plan of reorganization or liquidation is filed in these Bankruptcy Cases that does not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of

4

allowed claims) on terms substantially the same as provided in the Plan, and a disclosure statement with respect to such plan is approved by order of the Bankruptcy Court, (b) voting on the Plan or any other plan of reorganization or liquidation in these Bankruptcy Cases is ordered to be conducted on a separate debtor rather than a consolidated basis notwithstanding that the plan provides for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), (c) the Plan as confirmed by final order of the Bankruptcy Court in these Bankruptcy Cases does not, or any other plan or plans of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases do not, provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), or (d) the Plan or any other plan of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases that provides for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims) does not become effective, then the applicable Disallowed Claims shall be automatically reinstated *ab initio* in those cases that then remain pending without the need for any further action on the part of any party or Bankruptcy Court intervention. In the event the Bankruptcy Cases or any of them are dismissed or converted to cases under chapter 7 of the Bankruptcy Code, each and every one of the Disallowed Claims related to any such converted or dismissed Bankruptcy Cases shall be automatically reinstated *ab initio* without the need for any further action on the part of any party or Bankruptcy Court intervention. In the event the Debtors default under the terms of the Plan, the Disallowed Claims shall be automatically reinstated *ab initio* without the need for any further action on the part of any party or Bankruptcy Court intervention.

3. The Debtors expressly reserve any and every objection that they now have or may have in the future to the substance of the claims numbered 830, 809, 828 and 2235, and to any of the Disallowed Claims or Reduced Claims to the extent they are reinstated as described in Section 2 above, but forever waive and release any and every objection they may have to claims numbered 830, 809, 828 and 2235 on the basis that such claim was improperly or untimely filed in the Bankruptcy Cases or the Jointly Administered Bankruptcy Case, or any of them, or that the claim should have been filed in each of the Bankruptcy Cases.

4. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

5. The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the claims register to reflect the following:

    (a) claims numbered 487, 501, 788-808, 810-812, 814-827, 829, 831-837, 839 shall be disallowed and expunged to the extent provided herein;

    (b) claims numbered 830, 809, 828 and 2235 shall remain on the claims register as provided herein.

6. The parties shall take whatever additional action, if any, is necessary to make sure that the Service Claims are treated as outlined herein.

**STIPULATED AND AGREED:**

| **THE INTERNAL REVENUE SERVICE** | **W. R. GRACE & CO., et al.** |
|---|---|
| By: _____ <br> One of Its Attorneys | By: _____ <br> One of Their Attorneys |
| Daniel J. Healy <br> Trial Attorney, Tax Division <br> U.S. Department of Justice <br> P.O. Box 227 <br> Ben Franklin Station <br> Washington, DC 20044 <br> (202) 305-3402 | Janet S. Baer <br> Lori Sinanyan <br> Kirkland & Ellis LLP <br> 200 East Randolph Drive <br> Chicago, IL 60601 <br> (312) 861-2000 <br><br> and <br><br> Laura Davis Jones <br> Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC <br> 919 North Market Street, 16th Floor <br> P. O. Box 8705 <br> Wilmington, DE 19899-8705 <br> (302) 652-4100 <br><br> Co-Counsel for the Debtors and Debtors in Possession |

Date: July 20, 2007