IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01–1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Date: August 21, 2007 at 4:00 pm (requested)** |
| | | **Hearing Date: August 29, 2005 at 2:00 pm (requested)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR AN ORDER APPROVING AND AUTHORIZING THE RETENTION AND EMPLOYMENT OF CHARTER OAK FINANCIAL CONSULTANTS, LLC, AS FINANCIAL ADVISOR <u>NUNC PRO TUNC TO JULY 30, 2007</u>**

The Official Committee of Asbestos Personal Injury Claimants (the "Committee") of W.R. Grace & Co., *et al.*, the above-captioned debtors and debtors-in-possession, by its co-counsel, Campbell & Levine, LLC and Caplin & Drysdale, Chartered, in support of its application ("Application") for an order authorizing the Committee to employ Charter Oak Financial Consultants, LLC, as financial advisor *nunc pro tunc* to July 30, 2007, pursuant to §§ 327 and 328 of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure, respectfully represents as follows:

### BACKGROUND

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co., *et al.,* (collectively "Grace" or the "Debtors") filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").[1] The Debtors have continued in the possession of their properties and the

---

[1] The Debtors consist of W.R. Grace & Co. and 61 related entities.

management of their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.      The United States Trustee for the District of Delaware appointed the Committee in accordance with the provisions of § 1102(b) of the Bankruptcy Code, by notice dated May 11, 2001.

3.      By order dated June 13, 2001, the Court authorized the Committee to employ L Tersigni Consulting P.C. ("LTC") as its accountant and financial advisor under a general retainer in this case.  LTC rendered financial advisory services to the Committee until May 31, 2007.  For reasons set forth in the accompanying Declaration of Elihu Inselbuch, the Committee terminated the employment of LTC effective May 31, 2007.

4.      Submitted in support of this Application are (i) the Declaration of Elihu Inselbuch, referenced above, (ii) the Certification of Charter Oak Financial Consultants, LLC, (iii) the Certification of Bradley M. Rapp, (iv) the Certification of James P. Sinclair, and (v) the Certification of Robert H. Lindsay.  Also submitted is a proposed order.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are §§ 327, 328 and 1107(b) of the Bankruptcy Code as supplemented by Bankruptcy Rule 2014.

**RELIEF REQUESTED**

6. Pursuant to § 327(a) of the Bankruptcy Code, the Committee now seeks to employ Charter Oak Financial Consultants, LLC ("Charter Oak") as financial advisor under a general retainer to perform the services described below.

7. As attested to in Charter Oak's accompanying certification (the "Charter Oak Certification"), Charter Oak is a firm of experienced financial professionals that was formed on June 8, 2007, for the purpose of providing expert financial advisory services in bankruptcy cases and complex litigation matters. The members of Charter Oak are Bradley M. Rapp, James P. Sinclair, and Robert H. Lindsay (together, the "Financial Professionals"). Charter Oak has also recently hired Peter Cramp as an Analyst. The Financial Professionals' qualifications are summarized in the Charter Oak Certification. Mr. Rapp will be the member principally responsible for this engagement.

8. As explained in the accompanying Declaration of Elihu Inselbuch, lead counsel for the Committee, Caplin & Drysdale, consulted with the United States Trustee for Region III and the Assistant United States Trustees from Newark, New Jersey and Wilmington, Delaware about the pressing need of asbestos claimants committees that formerly engaged LTC, including the Committee in this case, to retain new financial advisors. In those consultations, counsel discussed the possibility of the affected asbestos claimants committees making application to the courts for leave to engage the Financial Professionals through a new firm, explained the advantages this course of action holds for those committees and the interested bankruptcy estates, and outlined the representations made by the Financial Professionals as to their lack of involvement in the billing matters that led those committees to terminate LTC's engagements.

9. On July 12, 2007, the official committee of asbestos claimants in the chapter 11 case of G-I Holdings, Inc., one of the committees represented by Caplin & Drysdale, filed an application on notice in the United States Bankruptcy Court for the District of New Jersey for permission to retain Charter Oak.

10. On July 24, 2007, the Honorable Rosemary Gambardella entered an order granting that application without objection by the Office of the United States Trustee. *See* Order, <u>In re G-I Holdings, Inc.</u>, Case No. 01-30135 (Bankr. D.N.J.) [Dkt # 7216].

11. The Committee has since then advised the Office of the United States Trustee of its intention to file the instant application to retain Charter Oak in this case.

12. The Committee seeks to retain Charter Oak to perform financial advisory services, which may include but will not necessarily be limited to:

    (a) continuing oversight to enable the Committee to fulfill its responsibilities to monitor the Debtors' financial affairs and the financial affairs of the Debtors' affiliates and subsidiaries;

    (b) interpretation and analysis of financial materials, including accounting, tax, statistical, financial and economic data, regarding the Debtor, the Debtors' affiliates and subsidiaries, and other relevant entities;

    (c) analysis and advice regarding accounting, financial, valuation and related issues that may arise in the course of the proceedings;

    (d) assistance to the Committee's co-counsel in the evaluation and preparation of avoidance power claims and any other potential litigation, as requested;

    (e) analyses and advice regarding settlement negotiations and any potential plan of reorganization;

    (f) expert testimony on financial matters, if requested; and

(g)     such other services as Committee's co-counsel may request.

13.     The services to be rendered by Charter Oak will not duplicate the services to be rendered by any other professionals retained by the Committee in this bankruptcy case.

14.     To the best of the Committee's knowledge, neither Charter Oak nor any of its members or employees has any connection with the Debtors, their creditors, or any other party in interest, or their respective attorneys or retained professionals, except as stated in the accompanying Certification of Charter Oak, LLC.  Charter Oak is thus a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

15.     Upon approval of the Application, Charter Oak will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the District of Delaware, applicable guidelines promulgated by the Office of the United States Trustee, and the Court's Order Establishing Revised Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members.  Charter Oak's compensation requests will be based on hourly billing rates as adjusted from time-to-time.  The Committee is informed that Charter Oak's initial billing rates are $535 for its Senior Managing Directors (Messrs. Rapp and Sinclair), $500 for its Director (Mr. Lindsay) and $200 for Analyst Peter Cramp.  Charter Oak may engage independent contractors to assist it in providing services to the Committee.  If so, Charter Oak may bill in its fee applications for such services at hourly rates commensurate with the experience and qualifications of

such independent contractors, and may compensate such independent contractors from amounts awarded by the Court pursuant to such applications.

16. As set forth in the Charter Oak Certification, there is no arrangement for Charter Oak or any of its personnel to receive payment in connection with activities in this case other than in accordance with the Bankruptcy Code, and there is no agreement for them to share compensation in this case with any other entity or to share in compensation to be received by any such other entity in this case.

17. No previous application for the relief sought herein has been made to this Court or any other court.

18. The Committee has urgent need of the requested relief. The Committee has been without a financial advisor since June 1, 2007. For the Committee to operate without the assistance of a competent financial advisor is contrary to the best interests of the estate and inimical to the progress of this case. By reason of Mr. Sinclair and Mr. Rapp's prior work on this case, Charter Oak has familiarity with the financial issues. The retention of Charter Oak would thus make it possible for the Committee to avoid the delays and costs that would necessarily be incurred if the Committee were forced to retain another firm lacking such knowledge. The granting of this Application will equip the Committee in an efficient and appropriate way with the financial expertise required for the progress of the reorganization.

19. The need for the Committee to retain a financial advisor is especially acute because of recent developments in the case, including the Court's ruling regarding exclusivity. *Nunc pro tunc* relief is requested because the financial advisor has been called upon to provide immediate advice and analysis in this regard.

WHEREFORE, the Committee respectfully requests that the Court enter an order in the form submitted herewith authorizing the Committee to retain Charter Oak as its financial advisor *nunc pro tunc* to July 30, 2007.

Dated: August 7, 2007

        Respectfully submitted,

        CAMPBELL & LEVINE, LLC

        */S/ Kathleen Campbell Davis*
        Marla R. Eskin (#2989)
        Mark T. Hurford (#3299)
        Kathleen Campbell Davis (#4229)
        800 King Street, Suite 300
        Wilmington, DE 19801
        Telephone: (302) 426-1900

        - and –

        Elihu Inselbuch
        CAPLIN & DRYSDALE, CHARTERED
        375 Park Avenue, 35th Floor
        New York, NY 10152-3500
        Telephone: (212) 319-7125

        Nathan D. Finch
        Walter B. Slocombe
        James P. Wehner
        CAPLIN & DRYSDALE, CHARTERED
        One Thomas Circle, NW
        Washington, DC 20005
        Telephone: (202) 862-5000

        *Counsel for the Official Committee of Asbestos Personal Injury Claimants*