IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) ) Jointly Administered |
| Debtors. | ) ) ) ) |

## DECLARATION OF ELIHU INSELBUCH

**ELIHU INSELBUCH** deposes and says as follows:

1. I am a member of the bar of the state of New York and of the firm of Caplin & Drysdale, lead counsel for the Official Committee of Asbestos Personal Injury Claimants (the "Committee") in this case. By order dated June 13, 2001, this Court authorized the Committee to retain our firm as co-counsel. Pursuant to an order dated July 19, 2001, I am admitted *pro hac vice* to practice before this Court.

2. I make this declaration in support of the Committee's application for an order approving and authorizing the employment and retention of Charter Oak Financial Consultants, LLC, as financial advisor to the Committee ("the Application"). The Committee has authorized me to file the Application and this declaration on its behalf.

3. By order dated June 13, 2001, this Court authorized the Committee to employ L Tersigni Consulting P.C. ("LTC") as its accountant and financial advisor. LTC continued in that capacity up to and including May 31, 2007.

DOC# 288064

4. I understand that LTC was formed on or about January 1, 2001, by Loreto T. Tersigni ("Mr. Tersigni"), who was its sole owner. From the inception of LTC's engagement in June 2001 to and including May 31, 2007, the professional services rendered by LTC were satisfactory to the Committee and its counsel. LTC periodically filed with this Court fee applications seeking compensation for LTC's services and reimbursement of its expenses. Those charges were regularly approved by orders of the Court and paid by the estate of W.R. Grace, *et al.* (the "Debtors").

5. On January 12, 2007, Mr. Tersigni advised me that he had that day been diagnosed with stomach cancer. Over the next several months, he underwent radical surgery and treatment in an effort to save his life. LTC continued to operate through the efforts of the professionals on its staff, and the work performed by those other professionals at LTC continued to meet the Committee's needs.

6. On Wednesday, May 30, 3007, I learned that Mr. Tersigni had died early that morning.

7. On Thursday morning, May 31, 2007, I met in my office with Bradley M. Rapp and James P. Sinclair at their request. Messrs. Rapp and Sinclair were two of the senior professionals at LTC. Mr. Rapp related to me the following facts:

> (i) In late April 2006, Mr. Rapp was informed by a colleague that, in fee applications filed in the bankruptcy courts, Mr. Tersigni had arbitrarily increased time entries submitted to him by LTC professionals. The colleague who was the source of this information went on to depart the firm in mid-2006.
>
> (ii) After receiving this information, Mr. Rapp downloaded LTC fee applications from the courts' online docket system and spot-checked them against his own time records. This confirmed to him that, in fact, time entries for his work appearing in the fee applications were often higher than the corresponding entries in his own records. Mr. Rapp's

      impression was that the increases to particular entries ranged from about 5% to about 15%.

  (iii) Mr. Rapp promptly retained private counsel. That counsel, Robert Malone, Esq., of Drinker, Biddle & Reath, arranged for Mr. Rapp to convey what he had learned to representatives of the United States Attorney and of the United States Trustee in Newark, New Jersey.

  (iv) The Department of Justice ("DOJ") performed an investigation that was approaching conclusion when Mr. Tersigni fell ill in January 2007.

  (v) Mr. Rapp was instructed to say nothing about these matters pending the DOJ investigation. He therefore did not feel free to advise me of these matters until Mr. Tersigni's death effectively ended the DOJ investigation as Mr. Rapp understood it.

  8. Upon learning these facts on May 31, 2007, I immediately arranged for our local co-counsel in this case, and our local co-counsel in each of the other ten pending asbestos-related bankruptcy cases in which we serve as lead counsel for the respective asbestos claimants' committees ("the Other Cases"), to withdraw any pending fee applications of LTC and to see to it that no further payments be made to LTC until additional information could be obtained. Accordingly, on June 1, 2007, Kathleen Campbell Davis of Campbell & Levine, LLC filed withdrawals of pending fee applications of LTC covering the period October 1, 2006, through March 31, 2007, and filed withdrawals of the Committee's Certificates of No Objection regarding LTC's applications relating to that same period. Copies of these filings are attached as Exhibit 1.

  9. Also on May 31, 2007, I wrote to the Debtors' lead bankruptcy counsel, and separately to lead counsel for the respective debtors in each of the Other Cases, advising them of what I had just learned and of the steps taken to suspend the

pending fee applications and payments. Attached as Exhibit 2 is a copy of my letter dated May 31, 2007, to David Bernick, Esq., counsel to the Debtors, a copy of which went to the Office of the United States Trustee. That same day, as recounted in Exhibit 2, I telephoned and spoke with Martha Hildebrandt, Esq., at the Office of the United States Trustee in Newark and Donna Galluccio, Esq., an Assistant United States Attorney, also in Newark. I informed each of them of what I had been told and what I intended to do. Both declined to comment on the status of the matter.

10. On Friday morning, June 1, 2007, I spoke by telephone with Anthony L. Tersigni, Esq., a brother of Mr. Tersigni. Anthony Tersigni, who is an attorney, had introduced himself to me previously as the person handling LTC's affairs during the final stage of Mr. Tersigni's illness. Anthony Tersigni confirmed that he had received the same report from Mr. Rapp on May 31st that I had received. I told Anthony Tersigni that, under the circumstances, it was necessary to terminate LTC's engagements on behalf of the various asbestos claimants committees our firm represents, including the Committee in this case. I urged that LTC file corrected fee applications. By letter of Monday, June 4, 2007, addressed to LTC with copies to Anthony Tersigni, the Committee, and to the various asbestos creditors committees in the Other Cases, I confirmed the termination of LTC's engagements effective May 31, 2007, and reiterated that it should file corrected fee applications. A copy of that letter is attached as Exhibit 3.

11. Also on June 5, 2007, I received a telephone call from Anthony Tersigni. He acknowledged my letters of June 4th (Exhibit 3) without commenting on their contents, and stated that LTC was in the process of retaining independent counsel to

conduct an investigation and determine a course of action. I urged that LTC proceed quickly, and Anthony Tersigni said that it would do so.

12. Lawrence J. Zweifach of HellerEhrman, LLP, has since notified me that his firm has been engaged as independent counsel to LTC and that his investigation is underway.

13. Having terminated the engagement of LTC, the Committee needs to replace it with another financial advisor. It is vital that the Committee retain a qualified replacement as quickly as possible.

14. Subject to court approval, Bradley Rapp, James Sinclair, and Robert Lindsay (collectively, the "Financial Professionals"), all three formerly senior professionals at LTC, have offered financial advisory services to the Committee through a new firm, Charter Oak Financial Consultants, LLC ("Charter Oak"), of which each of them is a member. This course of action would allow the Committee to retain the benefit of the Financial Professionals' knowledge of issues and information significant to this case while avoiding the delays that would be incurred if the Committee were forced to find and retain another firm not equipped with such knowledge. Nonetheless, the Committee is not willing to rely in the future on the professional services of any person who was complicit in the misreporting of hours in LTC's past fee applications, and we would not ask the Court to approve the retention of any entity employing any person whom we suspected of such complicity.

15. Mr. Rapp's account of the facts has been set out above. Mr. Sinclair and Mr. Lindsay have each assured us that he did not know or suspect that LTC misreported the time charges of its personnel until Mr. Rapp came forward after Mr.

Tersigni's death. Each of the Financial Professionals has affirmed that LTC compensated him for his services on the basis of the actual time charges he reported to LTC, as distinct from any marked-up hours LTC may have misreported in its fee applications, and that he never held any stock or equity interest in LTC or served as a director of that entity. The Financial Professionals have advised us that while Mr. Sinclair and Mr. Rapp were nominally "Senior Managing Directors" of LTC, neither Mr. Sinclair, Mr. Rapp, nor Mr. Lindsay was a corporate officer of the firm. They have further advised us that none of the Financial Professionals had any corporate authority at LTC, nor did they have access to financial information, financial statements, or financial books and records of LTC. They have represented that neither Mr. Sinclair, Mr. Rapp, nor Mr. Lindsay participated in the internal administration of LTC or had any check signing authority for LTC. In sum, the three Financial Professionals have advised that they were simply hourly employees of LTC until they resigned from that firm on or about June 7, 2007. Each of the Financial Professionals has signed a certification attesting to these facts under penalty of perjury, and their certifications have been submitted along with the Application to retain their new firm.

      16.    The Committee and its counsel are confident that Charter Oak will ably carry out the functions of financial advisor if its retention is approved by this Court. The retention of Charter Oak will make it possible for the Committee's work to continue without further interruption and, in our considered judgment, is an efficient and appropriate way to equip the Committee with the financial expertise required for the progress of this reorganization.

17. I have consulted about this matter with the United States Trustee for Region III and the respective Assistant United States Trustees for the Newark, New Jersey and Wilmington, Delaware branches of the Office of the United States Trustee and the Assistant United States Trustees in Wilmington. In such consultations, I have discussed the possibility of the several asbestos creditors committees my firm represents making application to the courts for leave to engage the Financial Professionals' new firm as financial advisor, have explained the advantages I believe this course of action holds for our clients and the interested bankruptcy estates, and have conveyed the representations made by Messrs. Rapp, Sinclair, and Lindsay as summarized above.

18. On July 12, 2007, the official committee of asbestos claimants represented by my law firm in the chapter 11 case of G-I Holdings, Inc., pending in the United States Bankruptcy Court for the District of New Jersey, filed an application on notice for permission to retain Charter Oak.

19. On July 24, 2007, the Honorable Rosemary Gambardella entered an order granting that application without objection by the Office of the United States Trustee. *See* Order, In re G-I Holdings, Inc., Case No. 01-30135 (Bankr. D.N.J.) [Dkt # 7216].

20. My firm has advised the Office of the United States Trustee of the Committee's intention to file the instant application to retain Charter Oak in this case.

- 8 -

21.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August 3, 2007.

_____
Elihu Inselbuch

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| W.R. GRACE & CO., *et al.*, | ) <br> ) Case No. 01-1139 (JKF) <br> ) Jointly Administered |
| Debtors. | ) |

## NOTICE OF WITHDRAWAL OF THE INTERIM FEE APPLICATION FOR COMPENSATION FOR THE PERIOD OF OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006 FILED BY L. TERSIGNI CONSULTING (D.I. 14571)

**PLEASE TAKE NOTICE,** that The Official Committee of Asbestos Personal Injury Claimants, hereby gives notice of the withdrawal of its filing of Docket No. 14571, Interim Fee Application for Compensation for the Period of October 1, 2006 through December 31, 2006.

Date: June 1, 2007

Respectfully submitted,

CAMPBELL & LEVINE, LLC

*/s/Kathleen Campbell Davis*
Marla R. Eskin (No. 2989)
Kathleen Campbell Davis (No. 4229)
800 N. King Street, Suite 300
Wilmington, DE 19801
(302) 426-1900

{D0087103.1}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) |
| | ) Case No. 01-1139 (JKF) |
| Debtors. | ) Jointly Administered |
| | ) |

### NOTICE OF WITHDRAWAL OF THE INTERIM FEE APPLICATION
### FOR COMPENSATION FOR THE PERIOD OF
### JANUARY 1, 2007 THROUGH MARCH 31, 2007
### FILED BY L. TERSIGNI CONSULTING (D.I. 15663)

**PLEASE TAKE NOTICE,** that The Official Committee of Asbestos Personal Injury Claimants, hereby gives notice of the withdrawal of the filing of Docket No. 15663, Interim Fee Application for Compensation for the Period of January 1, 2007 through March 31, 2007.

Date: June 1, 2007

Respectfully submitted,

CAMPBELL & LEVINE, LLC

*/s/Kathleen Campbell Davis*
Marla R. Eskin (No. 2989)
Kathleen Campbell Davis(No. 4229)
800 N. King Street, Suite 300
Wilmington, DE 19801
(302) 426-1900

{D0087108.1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| W.R. GRACE & CO., *et al.*, | ) <br> ) Case No. 01-1139 (JKF) <br> ) Jointly Administered |
| Debtors. | ) |

NOTICE OF WITHDRAWAL OF THE MONTHLY FEE APPLICATION
FOR COMPENSATION FOR THE PERIOD OF
MARCH 1, 2007 THROUGH MARCH 31, 2007
FILED BY L. TERSIGNI CONSULTING (D.I. 15478)

**PLEASE TAKE NOTICE,** that The Official Committee of Asbestos Personal Injury Claimants, hereby gives notice of the withdrawal of the filing of Docket No. 15478, Monthly Fee Application for Compensation for the Period of March 1, 2007 through March 31, 2007.

Date: June 1, 2007

Respectfully submitted,

CAMPBELL & LEVINE, LLC

*/s/Kathleen Campbell Davis*
Marla R. Eskin (No. 2989)
Kathleen Campbell Davis (No. 4229)
800 N. King Street, Suite 300
Wilmington, DE 19801
(302) 426-1900

{D0087107.1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) <br> ) Jointly Administered |
| Debtors. | ) |

**NOTICE OF WITHDRAWAL OF THE CERTIFICATE OF NO OBJECTION
REGARDING THE INTERIM FEE APPLICATION
FOR COMPENSATION FOR THE PERIOD OF
OCTOBER 1, 2006 THROUGH DECEMBER 31, 2006
FILED BY L. TERSIGNI CONSULTING (D.I. 14827)**

**PLEASE TAKE NOTICE,** that The Official Committee of Asbestos Personal Injury Claimants, hereby gives notice of the withdrawal of its filing of Docket No. 14827, Certificate of No Objection Regarding the Interim Fee Application for Compensation for the Period of October 1, 2006 through December 31, 2006.

Date: June 1, 2007

Respectfully submitted,

CAMPBELL & LEVINE, LLC

*/s/Kathleen Campbell Davis*
Marla R. Eskin (No. 2989)
Kathleen Campbell Davis (No. 4229)
800 N. King Street, Suite 300
Wilmington, DE 19801
(302) 426-1900

{D0087109.1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) <br> ) Jointly Administered |
| Debtors. | ) |

NOTICE OF WITHDRAWAL OF THE CERTIFICATE OF NO OBJECTION
REGARDING THE MONTHLY FEE APPLICATION
FOR COMPENSATION FOR THE PERIOD OF
MARCH 1, 2007 THROUGH MARCH 31, 2007
FILED BY L. TERSIGNI CONSULTING (D.I. 15880)

**PLEASE TAKE NOTICE,** that The Official Committee of Asbestos Personal Injury Claimants, hereby gives notice of the withdrawal of the filing of Docket No. 15880, Certificate of No Objection Regarding the Monthly Fee Application for Compensation for the Period of March 1, 2007 through March 31, 2007.

Date: June 1, 2007

Respectfully submitted,

CAMPBELL & LEVINE, LLC

*/s/Kathleen Campbell Davis*
Marla R. Eskin  (No. 2989)
Kathleen Campbell Davis (No. 4229)
800 N. King Street, Suite 300
Wilmington, DE 19801
(302) 426-1900

{D0087110.1 }

# EXHIBIT 2



Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
212-319-7125  212-644-6755 Fax
www.caplindrysdale.com

May 31, 2007

**Via Electronic Mail**

David M. Bernick, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601

      Re: **W. R. Grace**

Dear David:

      As you know, we are counsel to the Asbestos Personal Injury Claimants Committee in this case. L Tersigni Consulting P.C. ("LTC") has been engaged as financial advisor to the Committee. We learned this morning that fee applications filed in this case by LTC over the past several years may have included improperly and artificially increased hours. Through our local counsel, we have arranged to withdraw any pending applications and where it appeared that payments would soon be made, we have asked that they be held pending further review.

      We were also informed today that an investigation into these matters has been pending at the Offices of the United States Trustee and United States Attorney for New Jersey since April 2006. We made calls to those offices today, but neither Office would comment or confirm either the fact of or the status of the investigation.

      Mr. Tersigni, who was the sole owner of LTC, passed away earlier this week. In the circumstances, we will endeavor to obtain more information and will be in touch with you in due course. However, if you have any questions, please do not hesitate to call me.

                                      Sincerely yours,

                                      Elihu Inselbuch

EI:lk
cc: Office of the United States Trustee
    Campbell & Levine, LLC

# EXHIBIT 3



| Caplin & Drysdale, Chartered |
| --- |
| 375 Park Avenue, 35th Floor |
| New York, NY 10152-3500 |
| 212-319-7125  212-644-6755 Fax |
| www.caplindrysdale.com |

June 4, 2007

L Tersigni Consulting P.C.
350 Bedford Street, Suite 301
Stamford, Connecticut 06901

Gentlemen:

  This will confirm my conversation on Friday, June 1, with Anthony Tersigni, Esq., who I have understood has been authorized to act for L Tersigni Consulting P.C. (the "Corporation").

  In view of the information which we first obtained on Thursday, May 31, 2007, relating to the billing practices of the Corporation, we have terminated the engagement of the Corporation with each of our clients effective May 31, 2007.

  As I also told Mr. Tersigni, the Corporation is required to prepare and file corrected fee applications to the extent necessary in all bankruptcy cases in which it has been engaged, whether the case remains open or has been closed.

  On behalf of our clients, we will be seeking to engage replacement financial consultants and we trust that the Corporation will do everything it can to facilitate as seamless a transfer of responsibility as possible, including making available any and all necessary records of our clients' work. As I told Mr. Tersigni on Friday, on behalf of our clients we will be considering, among other possibilities, retaining a financial consultant which may include some or all of the professionals previously engaged on our clients' matters by the Corporation, a course that might minimize the inconvenience and costs inevitably resulting from change in personnel.

  We regret the circumstances and remain available to do whatever we can to reasonably facilitate matters.

Very truly yours,

Elihu Inselbuch