IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**CERTIFICATION OF CHARTER OAK FINANCIAL CONSULTANTS, LLC, IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF CHARTER OAK FINANCIAL CONSULTANTS, LLC, AS FINANCIAL ADVISOR**

**CHARTER OAK FINANCIAL CONSULTANTS, LLC,** by its authorized representative, Bradley M. Rapp, certifies as follows pursuant to 28 U.S.C. § 1746:

1.    Charter Oak Financial Consultants, LLC ("Charter Oak") submits this Certification in support of the application (the "Application") of the Official Committee of Asbestos Personal Injury Claimants (the "Committee") for entry of an order authorizing the Committee to retain Charter Oak as its financial advisor in the above-captioned chapter 11 case. The Certification is executed on behalf of Charter Oak by Bradley M. Rapp, its founding member and authorized representative.

2.    Charter Oak was formed on June 8, 2007, under the laws of the State of Delaware, for the purpose of providing expert financial advisory services in bankruptcy cases and complex litigation matters. Its business address is 430 Center Ave., Mamaroneck, N.Y. 10543. Charter Oak's other members are James P. Sinclair and Robert H. Lindsay. Mr. Rapp and Mr. Sinclair hold the titles of Senior Managing

DOC # 288063

Director of Charter Oak and Robert Lindsay holds the title of Director. In addition, on or about July 27, 2007, Charter Oak hired Peter Cramp as an analyst.

3. Each member of Charter Oak is a former employee of L Tersigni Consulting P.C. ("LTC"), the Committee's former accountant and financial advisor, but each resigned from LTC on June 7, 2007. While employed by LTC, Mr. Sinclair and Mr. Rapp rendered services to the Committee in this case.

4. Charter Oak is informed that the Committee terminated LTC's engagement effective May 31, 2007. Charter Oak is further informed that the Committee has set forth the circumstances in which it took that action in a Declaration of Elihu Inselbuch, submitted concurrently with the Application.

5. Charter Oak's personnel are financial experts who have substantial experience in advising creditors committees on complex financial matters and in rendering such services as the analysis and interpretation of accounting, tax, statistical, financial, economic and valuation data. The professional qualifications of Charter Oak's members may be summarized as follows:

    a. Mr. Rapp has over twenty years of experience as an investment banker and financial consultant, including a significant number of engagements by creditors committees and other parties in interest in complex bankruptcy cases. In addition to advisory services in bankruptcy cases, his work has included engagements on behalf of clients in connection with raising debt and equity capital, mergers and acquisitions, corporate restructurings, strategic planning, the issuance of fairness and solvency opinions, and the valuation of debt and equity securities. Mr. Rapp worked as an investment banker at Whitman Heffernan Rhein & Co., Inc. (1991-1995)

and Commercial Union Capital Company (1985-1987) and as a lawyer at Cahill Gordon & Reindel (1982-1985), but has been self-employed during much of his career. He holds the academic degrees of Bachelor of Science in Fundamental Sciences (Lehigh University, 1974), Master of Business Administration (Harvard Business School, 1978), Juris Doctor (Fordham Law School, 1982), and Master of Laws in taxation (New York University Law School, 1985). He is a Chartered Financial Analyst and a Certified Insolvency and Restructuring Advisor.

      b.      James P. Sinclair has worked as an investment banker for approximately thirty-five years, over the course of which he has been an officer of The First Boston Corporation, Smith Barney Harris Upham & Co., Continental Illinois National Bank, and several smaller firms. His experience includes advisory services to small, mid-size, and large companies and to bankruptcy creditors committees as well as expert testimony in litigation matters and before public utility commissions. He also has substantial experience involving public offerings and private placements of debt and equity securities, mergers and acquisitions (including fairness opinions thereon), derivatives such as interest rate swaps and caps, and valuation matters. He holds the degrees of Bachelor of Arts (Princeton University, 1959) and Master of Business Administration (Darden, University of Virginia, 1965), and is a veteran of the United States Navy.

      c.      Robert H. Lindsay specializes in information technology, systems design and installation, information processing, data analysis, and data storage and retrieval in the context of litigation support. His professional background includes approximately six years as a management consultant on the staff of Grant Thornton, a

large accounting firm, and thirteen years as president of a New York-based information technology consulting firm. He holds the degrees of Bachelor of Arts (Southern Illinois University, 1976) and Master of Business Administration (Finance) (Southern Illinois University, 1979).

### Services to be Rendered and Compensation

6. As set forth in the Application, the services that Charter Oak will perform for the Committee include but are not limited to the following:

   a. continuing oversight to enable the Committee to fulfill its responsibilities to monitor the financial affairs of the Debtors and of the Debtors' affiliates and subsidiaries;

   b. interpretation and analysis of financial materials, including accounting, tax, statistical, financial and economic data, regarding the Debtors, the Debtors' affiliates and subsidiaries, and other relevant entities;

   c. analysis and advice regarding accounting, financial, valuation and related issues that may arise in the course of the proceedings;

   d. assistance to the Committee's co-counsel in the evaluation and preparation of other potential litigation and any proposed Plan of Reorganization, as requested;

   e. analysis and advice regarding settlement negotiations and any potential plan of reorganization;

   f. expert testimony on financial matters, if requested; and

   g. such other services as the Committee's co-counsel may request.

7. Subject to this Court's approval of Charter Oak's retention and in accordance with §§ 330(a) and 331 of the Bankruptcy Code, Charter Oak will file periodic fee applications requesting compensation for its services and reimbursement of its expenses in this case, as administrative expenses of the Debtors' estate. Such

compensation will be based on hourly billing rates for its personnel who render services in the course of the engagement, which rates will be subject to periodic adjustment. Charter Oak's initial hourly billing rates are $535 for Mr. Rapp, $535 for Mr. Sinclair, $400 for Mr. Lindsay, and $200 for Mr. Cramp.

**Absence of Connection with Creditors and Other Parties in Interest**

8. To the best of Charter Oak's knowledge and belief, neither Charter Oak nor any of its members has a relationship with any entity or professional that would be adverse to the Committee or to creditors of the Debtors. Neither Charter Oak nor any of its members is a creditor, former employee, equity security holder, or insider (as such term is defined in § 101(31) of the Bankruptcy Code) of the Debtors, or has an interest adverse to that of the Debtors' estates or of any class of creditors or equity security holders.

9. As set forth in their individual certifications, Messrs. Rapp and Sinclair believe that LTC owes them the following amounts of money: (a) Mr. Rapp — $569.50 in compensation and $199.38 in disbursements; (b) Mr. Sinclair — $36,616.00 in compensation. Of these sums, only $7072.00 owed to Mr. Sinclair relates to Grace matters. As also set forth in their individual certifications, neither Mr. Rapp, Mr. Sinclair, nor Mr. Lindsay makes any claim, directly or indirectly, against the Debtors or the estate with respect to services performed or disbursements made during LTC's engagement by the Committee.

10. Accordingly, Charter Oak is a "disinterested party" as such term is defined in § 101(14) of the Bankruptcy Code and as required by § 327(a) and referenced by § 328(c) of the Bankruptcy Code.

- 6 -

11. There is no arrangement for Charter Oak or any of its personnel to receive compensation for services in this case other than in accordance with the Bankruptcy Code. Neither Charter Oak nor any of its personnel has made any agreement with any other entity to share any compensation to be received by Charter Oak or by such entity in this case.

12. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct. Executed on August 3, 2007.

**CHARTER OAK FINANCIAL
CONSULTANTS, LLC**


By: *[signature]*
Bradley M. Rapp