**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Related Docket No.: 16504 |

**MOTION TO SHORTEN NOTICE PERIOD WITH RESPECT TO THE APPLICATION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS FOR AN ORDER APPROVING AND AUTHORIZING THE RETENTION AND EMPLOYMENT OF CHARTER OAK FINANCIAL CONSULTANTS, LLC, AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO JULY 30, 2007**

The Official Committee of Asbestos Personal Injury Claimants (the "Committee") of W.R. Grace & Co., et al., the above-captioned debtors and debtors-in-possession, by and through its co-counsel, Campbell & Levine, LLC and Caplin & Drysdale, Chartered hereby move, pursuant to Del. Bankr. LR 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Sections 102 and 105 of Title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an order shortening the notice period (the "Motion") of the Application Of The Official Committee Of Asbestos Personal Injury Claimants For An Order Approving And Authorizing The Retention And Employment Of Charter Oak Financial Consultants, LLC, As Financial Advisor *Nunc Pro Tunc* To July 30, 2007 (the "Retention Application"), for leave from this Court's Second Amended Order Establishing Case Management Procedures and Hearing Schedule [DI 14028] and the Amended Order Scheduling Omnibus Hearing Dates for 2007 [DI 14068] (the "Scheduling Orders") to set the objection deadline for the Retention Application as August 21, 2007 at 4:00 p.m. and to set the hearing on the Retention Application for August 29, 2007.  In support of the Motion, the Committee respectfully represents as follows:

{D0090482.1 }

1. The Retention Application seeks entry of an order, pursuant to §§ 327 and 328 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, authorizing the Committee to employ Charter Oak Financial Consultants, LLC as financial advisor *nunc pro tunc* to July 30, 2007.

2. Fed. R. Bankr. P. 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time . . . by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

3. Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware provides that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. The Court will rule on such motion promptly without need for a hearing." In addition, Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified period of time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." In this case, exigencies and good cause exist to justify shortening of the notice period and scheduling the hearing on the Retention Application as requested herein.

4. By order dated June 13, 2001, the Court authorized the Committee to employ L Tersigni Consulting P.C. ("LTC") as its accountant and financial advisor under a general retainer in this case. For reasons set forth in the Declaration of Elihu Inselbuch, lead counsel for the Committee, a copy of which is attached to the Retention Application and incorporated herein by reference, the Committee terminated the employment of LTC effective May 31, 2007.

5. As also explained in the Declaration of Elihu Inselbuch, Caplin & Drysdale consulted with the United States Trustee for Region III and the Assistant United States Trustees

from Newark, New Jersey and Wilmington, Delaware about the pressing need of asbestos claimants committees that formerly engaged LTC, including the Committee in this case, to retain new financial advisors. In those consultations, counsel discussed the possibility of the affected asbestos claimants committees making application to the courts for leave to engage the Financial Professionals[1] through a new firm, explained the advantages this course of action holds for those committees and the interested bankruptcy estates, and outlined the representations made by the Financial Professionals as to their lack of involvement in the billing matters that led those committees to terminate LTC's engagements.

6. The Committee has since then advised the Office of the United States Trustee (the "UST") of its intention to file the Retention Application to retain Charter Oak in this case. The Committee has also advised Debtors' counsel of the Committee's intention to file the Retention Application.

7. The Committee has urgent need of the requested relief. For the Committee to operate, at this stage of these cases, without the assistance of a competent financial advisor is contrary to the best interests of the estate and inimical to the progress of this case. Hearing the Retention Application on shortened notice will equip the Committee in an efficient and appropriate way with the financial expertise required for the progress of the reorganization, without the uncertainty of delaying a hearing on the Retention Application for nearly two months after Charter Oak begins work for the Committee.[2] The need for the Committee to retain a financial advisor is especially acute because of recent developments in the case, including the Court's ruling regarding exclusivity.

8. The Committee respectfully asserts that, under the circumstances, an objection deadline of August 21, 2007 is appropriate. Indeed, noting that the Retention Application is

---

[1] As the term is defined in the Retention Application.
[2] The next omnibus hearing will not be held until September 24, 2007.

{D0090482.1}

being filed on August 7, 2007, interested parties in this case still have fourteen days notice of the Retention Application. In addition, setting an August 21, 2007 objection deadline will allow any objections or responses to be included in the final hearing binder due on August 22, 2007.

9. Furthermore, Committee Counsel has recently advised the UST, counsel to the various Committees and the David T. Austern, the Future Claimants Representative of this Motion. Specifically, Committee counsel has contacted counsel to: (a) the Debtors; (b) the UST; (c) David T. Austern, the Future Claimants Representative; (d) the Official Committee of Asbestos Property Damage Claimants; (e) the Official Committee of Unsecured Creditors; (f) the Official Committee of Equity Security Holders of the relief requested herein. In response, counsel to Debtors', counsel to the UST, and counsel to David T. Austern and the Official Committee of Asbestos Property Damage Claimants have all advised that they do not object to the relief requested herein.

10. Notice of this Motion has been provided to: (a) Office of the United States Trustee; (b) counsel to each of the Official Committees; (c) the Debtors; (d) counsel to David T. Austern, the Future Claimants Representative; and (e) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Counsel submits that, in light of the nature of the relief requested, no other or further notice need be given.

(Remainder of Page Intentionally Left Blank)

WHEREFORE, the Official Committee of Asbestos Personal Injury Claimants respectfully requests the entry of an order shortening the notice period as set forth herein, establishing August 21, 2007 at 4:00 p.m. as the objection deadline for the Retention Application, scheduling a hearing on the Retention Application on August 29, 2007, and granting such other and further relief as is just and equitable.

Dated: August 7, 2007

Respectfully submitted,

CAMPBELL & LEVINE, LLC

*/S/ Kathleen Campbell Davis*
Marla R. Eskin (#2989)
Mark T. Hurford (#3299)
Kathleen Campbell Davis (#4229)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

- and –

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125

Nathan D. Finch
Walter B. Slocombe
James P. Wehner
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-5000

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*