IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 15209, 15210, 15421, 16220, 16466 |
| | ) | Hearing Date: July 23, 2007 at 2:00 p.m. |
| | ) | August 29, 2007 at 2:00 p.m. |

## DEBTORS' RESPONSE TO SPEIGHTS & RUNYAN'S "SUMMARY OF RECORD"

At the July 23, 2007 omnibus hearing, Dan Speights asked for the opportunity to provide to the Court transcript pages from the January 25 and/or 26, 2006 hearing transcripts that would show that the Court "never got to the individual consideration of these authorizations" and left the door open for future submissions of pre-Bar Date authority materials for these three claims (and perhaps other claims). 7/23/07 Tr. at 165. The Court did *not* give Speights & Runyan ("S&R") leave to submit additional argument regarding these three claims, which is what it has now done. Therefore, S&R's purported "Summary of the Record" should be stricken from the record.

Even if viewed on the merits, the purported "Summary" does nothing to change two fundamental facts. S&R's notion that the Court held the door open for future supplementation of evidence of pre-Bar Date authority is: (i) unsupported by anything that S&R has submitted in its "Summary" and in fact entirely incorrect and nonsensical as demonstrated by the January 25, 2006 and January 26, 2006 transcripts; and (ii) completely irrelevant, because in September 2005 S&R had already provided to the Debtors the very forms that it attached to its

July 2, 2007 Motion, and the Debtor had reviewed those forms, and the Debtor and S&R both knew that those forms did not show any pre-Bar Date dates for the Bayshore or Children's or Jameson claims.

## I. No Evidence of Pre-Bar Date Authority

S&R has provided no evidence that it received authority *prior to the March 31, 2003 Bar Date* for these three claims. In its so-called "Summary," S&R states at page 2, that it had written authority from claimants Bayshore, Children's and Jameson on March 14, 25, and 24, 2003, respectively. S&R has provided no evidence of that, and, thus its assertions have no weight and must be disregarded by the Court.

## II. No Transcript Showing That Purported Evidence of Pre-Bar Date Authority Would Be Allowed After The Ruling on Post-Bar Date Authority and Ratification

S&R has submitted *nothing* -- nothing from the January 2006 transcripts, or from any other part of the record in this case -- showing that the Court was going to permit S&R to provide additional evidence of pre-Bar Date authority for any claims after the Court decided the post-Bar Date authority and ratification issues.

During the January 25, 2006 hearing, when the Court heard argument on these claims for which S&R lacked authority as of the Bar Date, the Court *did NOT hold the door open for any future submission of evidence of pre-Bar Date authority for these claims*. The portion of the January 25, 2006 hearing transcript where late authority and ratification issues were addressed (pages 20 to 54 of that transcript) is attached hereto as Exhibit A. The Court did request supplemental briefing on ratification issues. 1/25/06 Tr. at 33:7. But, the Court did not hold the record open to allow future supplementation regarding pre-Bar Date authority.

Nor did the Court do so during the January 26, 2006 hearing, when a different group of S&R claims lacking authority were discussed. The portion of the January 26, 2006 transcript (pages 7 to 23) where these claims were discussed is attached hereto as Exhibit B.

The basic premise of S&R's Motion -- that in January 2006, the Court considered ratification issues rather than considering issues as to whether there was pre-Bar Date authority for specific claims -- makes no sense. *If S&R did have actual pre-Bar Date authority for any claim, there would be no need to consider post-Bar Date ratification for such claims.* S&R keeps trying to twist and distort the plain fact that if it had had pre-Bar Date authority for these three claims, S&R and the Debtor never would have been arguing about post-Bar Date ratification for these claims. S&R's attempt to conflate ratification issues with the plain-and-simple question of whether the documents for these three claims show pre-Bar Date authorizations, fails yet again.

S&R's own so-called "Summary of the Record" proves this simple, undeniable point. On the final page of its "Summary," S&R quotes a passage from the August 21, 2006 transcript of the omnibus hearing before this Court where Dan Speights stated "There are some of those we claim we have old authority from and ratified later, and there's some which I would concede that we didn't have any authority from until after the bar date, other than the putative class action and then they gave us authority. And at the last hearing, as I recall, you said, Well, we can work that issue out once we deal with the gist of the issue we're dealing with now." S&R "Summary" at p. 9, quoting 8/21/06 Tr. at 231. As the Court can see, Speights only asked to hold the door open for future supplementation of claims for which he did *not* have pre-Bar

Date authority to file the claims in this case. He did not ask to hold the door open for future supplementation of claims where he purportedly *did* have pre-Bar Date authority.

Doing so would have made no sense. If S&R did have actual evidence of pre-Bar Date authority for any of the 68 claims that the Debtor was objecting to on the basis of late authority, S&R would have provided the evidence so as to resolve the Debtors' objections.

Indeed, S&R did provide to Debtors' counsel, in September 2005, the three purported authority forms that are attached to S&R's July 2 Motion. But, because those forms do NOT show pre-Bar Date authority, the Debtors did not remove these three claims from the group of 68 late-authority claims that were still at issue as of the January 25, 2006 hearing.

### Conclusion

Enough is enough with respect to authority issues for these three claims. S&R knows that the time to provide pre-Bar Date actual authority for any of its claims was in the fall of 2005; it knows that it failed to provide documents to the Debtors that had pre-Bar Date dates on them for these three claims; and now it is throwing as many words into the record as possible in an effort to obfuscate the plain and simple facts that S&R has provided no evidence of pre-Bar Date authority for these claims; and the time for doing so has long passed. S&R's purported "Summary of the Record" is an unauthorized pleading and should be stricken from the record and given no weight by the Court. On the merits, the "Summary" fails to do the one thing that S&R said that it would do -- it provides no portion of any transcript from January 2006 (or any other time) that shows that supplementation of the record regarding authority issues for these three claims or any other claims would be permitted after the Court decided ratification issues.

WHEREFORE, the Debtors respectfully request that the Court strike Speights & Runyan's purported "Summary of the Record," give it no weight, and impose whatever other relief may be necessary under the circumstances.

Dated: August 8, 2007

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

*James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession