IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>**Re Docket Nos. 16039 and 16117** |

## CLAIMANT STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES' RESPONSE TO DEBTORS' MOTION TO ALTER AND AMEND THE COURT'S ORDER DISALLOWING AND EXPUNGING CLAIM NO. 6941 FOR DAGGY HALL, AND ALLOWING CLAIM NOS. 10648, 10649, 10651, 10652, 10653, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662 AND 14411 FOR THE STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES

Claimant State of California, Department of General Services ("DGS") respectfully submits this response to Debtors' Motion to Alter and Amend the Court's Order Disallowing and Expunging Claim No. 6941 for Daggy Hall, and Allowing Claim Nos. 10648, 10649, 10651, 10652, 10653, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662 and 14411 for the State of California, Department of General Services. While DGS does not object to the relief sought in Debtors' motion, DGS submits this brief response to address Debtors' suggestion that DGS unreasonably refused to consent to the relief.

When Debtors' counsel contacted DGS' counsel about their desire to file the motion, we advised Debtors that we did not believe such a motion was necessary since we agreed with Debtors that the June 13, 2007 order merely overruled Debtors' product identification-based objections to fifteen of DGS' property damage claims, and not allowed those claims. Despite such assurances, Debtors believed a motion was appropriate and provided a draft motion to DGS' counsel to obtain DGS' consent to the motion. Because the draft motion failed to provide a proposed order amending the June 13, 2007 order, we asked Debtors to provide it so that DGS

would know exactly what it was agreeing to. Inexplicably, Debtors refused to provide the proposed order, and instead filed the motion attaching the proposed order that is materially indistinguishable from what DGS had suggested. Had Debtors provided the proposed order, DGS would have agreed to the relief sought in the motion. Now, with the benefit of having reviewed the proposed order, DGS does not object to relief sought in Debtors' motion.

Dated: Wilmington, Delaware
August 10, 2007

           **BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

By: /s/ Leslie C. Heilman
     Tobey Marie Daluz, Esq. (No. 3939)
     Leslie C. Heilman, Esq. (No. 4716)
     919 North Market Street, 12th Floor
     Wilmington, Delaware 19801
     Telephone: (302) 252-4465
     Facsimile: (302) 252-4466
     Email: daluzt@ballardspahr.com
            heilmanl@ballardspahr.com

     -and-

**HAHN & HESSEN LLP**
Steven J. Mandelsberg, Esq.
John P. McCahey, Esq.
Christina J. Kang, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Email: smandelsberg@hahnhessen.com
       jmccahey@hahnhessen.com
       ckang@hahnhessen.com

Counsel for Claimant
State of California, Dep't of General Services