# EXHIBIT A

# Summary of Bankruptcy Cases Approving of Class Certification

*In re: Amdura Corporation*, 170 B.R. 445 (D.Colo.1994)

>   Held: (1) class proofs of claim should be allowed under the Bankruptcy Code; (2) publication notice of bar date alone to putative class members did not comport with due process; (3) plan confirmation order which discharged claims of absent class members would be reversed; (4) case remanded for bankruptcy court to determine if Rule 7023 should be applied; and (5) if bankruptcy court decides not to apply Rule 7023, directed bankruptcy court to serve each member of the class with actual notice by mail and set a new bar date for those individual claims.

*In re: American Reserve Corporation*, 840 F.2d 487 (7th Cir.)

>   Held: (1) Class proofs of claim could be filed by class representative under the Bankruptcy Code, and (2) remanded to bankruptcy court to determine if Rule 7023 should be applied.

*In re: Charter Company*, 876 F.2d 866 (11th Cir.1989)

>   Held: (1) class proofs of claim are permissible under the bankruptcy rules; (2) because class proof of claim is "deemed allowed" until objected to and objection commences the "contested matter" under Rule 9014, motion for class certification filed shortly after debtor objects to class proof of claim is timely; and (3) case remanded for bankruptcy court to determine if Rule 7023 should be applied.

*In re: Chateaugay Corporation*, 104 B.R. 626 (S.D.N.Y.1989)

>   Held: (1) filing of class proof of claim was permissible; (2) there is no reason to think that class proofs of claim will cause special delay to the bankruptcy, but even if they did, "any potential marginal increase in delay of in difficulty of valuation of claims would be justified in order to protect the right of small claimants (who might not otherwise be aware of the existence of or be able to process their claims); (3) class proof of claim must be deemed valid and filed as a matter of right until an objection is made; and (4) case remanded to bankruptcy court to determine if Rule 7023 should be applied.

*In re: Craft*, 321 B.R. 79 (N.D.Tex.2005)

>   Held: (1) class proofs of claim were permissible and objection to class proof of claim where class was certified pre-petition was overruled and class proof of claim was deemed certified; and (2) class proof of claim of uncertified class would be stricken because it would prejudice the debtors and other creditors to delay the plan process to conduct a

Rule 7023 hearing.

*In re: Dehon, Inc.*, 298 B.R. 206 (D.Mass.2003)

> Held: (1) bankruptcy court would certify a mandatory defendant class under Rule 7023 of all current and former shareholders; (2) if maintenance concerns or factual or legal variation between class members were to arise, bankruptcy court retained the right under Rule 7023 to create sub-classes or decertify the class.

*In re: Drexel Burnham Lambert Group, Inc*, 130 B.R. 910 (S.D.N.Y.1991)

> Held: (1) proposed class of 800 claimants throughout the United States who had filed securities fraud claims against the debtors would be certified as a class; (2) class met the pre-requisites of Rule 23; and (3) proposed settlement would be approved.

*In re: First Alliance Mortgage Company*, 269 B.R. 428 (C.D.Cal.2001)

> Held: (1) class proofs of claim are permitted under the bankruptcy rules; and (2) bankruptcy court abused discretion by failing to certify a class; and (3) class of consumer borrowers would be certified.

*In re: First Interregional Equity Corporation*, 227 B.R. 358 (D.N.J.1998) (Gambardella, J)

> Held: (1) class proofs of claim would be permitted; (2) existence of over 2,000 geographically dispersed claimants satisfied numerosity; (3) class would not be limited to those claimants who timely filed individual proofs of claim; (4) each class members claim arose from common acts of the debtors so that commonality and typicality was satisfied; (5) class was adequately represented; (6) class action trial on common issues was superior to trial of individual "test cases" for fair and efficient adjudication.

*Harris v. First Union Mortgage Corporation*, 208 B.R. 876 (S.D.Ala.2001)

> Held: (1) class satisfied numerosity, commonality, typicality and adequacy requirements; (2) court would certify nationwide class on single issue (disclosure) that was generally applicable to the class; and (3) court would not certify nationwide debtors class on the reasonableness of fees which would have the effect of disturbing the final orders in bankruptcy from courts in other districts.

*In re: Kaiser Group International*, 278 B.R. 58 (D.Del.2002)

> Held: (1) class proof of claim would be deemed to include all putative class members; (2) class consisted of 47 shareholders who alleged violation of securities laws in connection with a stock exchange in a merger; (3) pre-requisites of class certification were satisfied; and (4) class certification would be granted.

*In re: Quantefy Inc.,* 343 B.R. 689 (M.D.Ala.2006)

> Held: (1) class proof of claim was timely even though motion for class certification was not filed prior to the bar date; (2) motion to deny class certification was denied.

*In re: Spring Ford Industries Inc.,* 2004 WL 231010 (E.D.Pa.)

> Held: (1) where Debtors was aware of the class proof of claim when it sought confirmation and the class claim was taken into account in formulating the plan, motion to certify was deemed timely even though made after confirmation; (2) class satisfied Rule 23 requirements and would be certified.

*In re: Trebol Motors Distributor Corporation,* 220 B.R. 500 (BAP 1st 1998)

> Held: (1) class claims were permissible in bankruptcy; and (2) attorney for class certified pre-petition was authorized to file class proof of claim such that class claim would go forward

*In re: United Companies Financial,* 276 B.R. 368 (D.Del.2002)

> Held: (1) class proofs of claim are permissible in bankruptcy; (2) class of claimants alleging they were charged illegal brokers' fees and suffered other statutory damages satisfied Rule 7023 and would be certified.