IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re: Docket No. 10014 |

**ANDERSON MEMORANDUM REGARDING
CLASS CERTIFICATION EVIDENTIARY ISSUES**

This Memorandum addresses evidentiary issues raised at the July 5, 2007 hearing.

**I.    The admissibility of Claimant's Exhibit 76**

Exhibit 76 are documents submitted under seal without objection from Grace in the South Carolina class certification proceedings. (Cl. Ex. 74) and were submitted to this Court pursuant to this Court's Oral Order that the South Carolina record be produced to the Court in its entirety. (Doc. 13342, p. 104; Doc. 14073). They show the efforts of Grace to engage in settlement discussions regarding the Anderson class. Grace now objects to them under Rule 408, F.R.E. Grace's objection is unfounded for two distinct reasons.

The evidence was offered and received without objection by the South Carolina court. (Cl. Ex. 150). Therefore, Grace waived any objection to the use of the evidence. *Belmont Industries, Inc. v. Bethlehem Steel Corp.*, 62 F.R.D. 697 (E.D.Pa.1974).

Additionally, the evidence is admissible because it is not being offered to "prove liability for, invalidity of, or amount of a claim." Rule 408, F.R.E. Rather, this evidence is relevant to show (1) that but for Grace's settlement overtures, the certification decision by the South Carolina Court could have been entered substantially sooner than it was, and thus obviating the need for the South Carolina court to enter the *ex-parte* certification Order as to Grace on February 9, 2001; (2) that pursuant to *Amchem v. Windsor*, 521 U.S. 591 (1997), Grace knew that

a settlement with Anderson would necessarily have required Grace's admission that Anderson satisfied all Rule 23 prerequisites; and (3) that Grace had the ability to evaluate and, in fact, had evaluated the claims of the South Carolina class to allow it to discuss a class settlement in 1997.[1]

## II. The Admissibility of Claimant's Exhibit 150

Grace contends that the transcript of the certification hearing before the South Carolina court is not relevant because it largely dealt with the adequacy of counsel and Anderson as a class representative. Again, this record has already been submitted to the Court pursuant to the Court's Order. (Doc. 13342, p. 104, Doc. 14073). Additionally, the transcripts from the South Carolina proceedings are a judicial record of the South Carolina proceedings which show (1) Grace's delay in closing the certification record; (2) the depth and attention the court gave to the case prior to entering the February 9, 2001 certification Order; and (3) the extent to which the Anderson case was recognized in the Celotex bankruptcy, all of which refute Grace's arguments that the order was a "fly-by-night" certification.

## III. Debtors' Exhibit 52 (November 20, 2006 Omnibus Hearing Transcript)

The Debtors have attempted to offer arguments made by Mr. Dies as an admission of Anderson. These statements are clearly hearsay and are not admissible against Anderson unless the debtor can show that Mr. Dies was Anderson's agent and authorized to speak for it. Mr. Dies does not represent Anderson or the Anderson class. Moreover, there can be no question that the special counsel for the PD Committee is prohibited from representing individual property damage claimants. Accordingly, Mr. Dies' statements are not Anderson's admissions.

---

[1] The Court in *In re: Sacred Heart Hospital of Norristown*, 177 B.R. 16, 23 (E.D.Pa.1995) (cited by Grace) recognized that a potential prejudice to debtors of permitting a class proof of claim is that "it is clearly disruptive to the formulation of a plan to frustrate a debtor's logical assumptions regarding the amounts of total claims by compelling the debtor to alter or extend an established bar date." This evidence ameliorates this perceived prejudice claimed by Grace because it shows that Grace had already evaluated the value of the Anderson State class.

070810140219.RTF                                    2

IV.  **Claimant's Ex. 167 – the Proof of Claim file for Byars Machine Company**

Grace objects to the admission of the proof of claim file of Byars Machine Company, a member of the Anderson State class certified by the February 9, 2001 order of the South Carolina court, claiming that the evidence is a collateral attack against this Court's Bar Order. This argument misapprehends the point of the evidence.

First, Anderson need not argue that the Court's Bar Order is defective or lacks validity for these documents to be relevant. Even a valid Bar Order can be ineffective in discharging claims of known creditors who did not receive actual notice. Moreover, Anderson is entitled to point out these factual and legal realities which are clearly recognized as a factor in whether a bankruptcy court should exercise its discretion under Rule 9014 and apply Rule 7023 to a contested matter. As the court recognized in *In re: Sacred Heart*, 177 B.R. at 22,

> [t]he bankruptcy court must weigh the issue of whether it is appropriate to give the class members what may amount to an additional opportunity to meet an **otherwise applicable bar date**. If the unnamed class members are largely a group which the debtor has refused to notify individually . . . or if they are in large part what this court referred to as "unknown creditors" . . . then the class device may provide the only form of notice to such parties and be advisable to utilize.

(Emphasis supplied). The court went on to rationalize this conclusion by noting that

> bar dates are generally not binding on known creditors who have not received appropriate notice of bar dates, and they may not be binding on unnotified creditors. Therefore, a class claim and motion which has the effect of expanding the bar date for unnotified creditors is often appropriate to comport with due process and expand the scope of the debtor's bankruptcy discharge.

*Id* at 23. If class members such as Byars Machine who are either known or unknown creditors without notice, then the class device may be properly utilized to expand the scope of Grace's discharge. The Byars Machine Proof of Claim file is offered as an exemplar to establish that the Debtors were clearly capable of identifying at least one Anderson class member who did not receive actual notice of the bar date.

V.  **Anderson's Proffer of Evidence that the Court Has Ruled Inadmissible**

Counsel for Anderson and the proposed class offered a number of exhibits which solidify its positions concerning the areas of numerosity, typicality, and commonality.[2] The Court ruled not to allow these documents, primarily consisting of sale records of the Debtors, into evidence at the class hearing. Without waiving the position on admissibility, Anderson asserts that the Court's decision that the documents may not even be identified and proffered to preserve the issue fully for appeal is error.

As stated in *New York v. Microsoft Corp.*, 209 F.Supp.2d 125, 130 (D.D.C., 2002), "[t]he Federal Rules of Evidence contemplate that any exclusion of evidence will be accompanied by an 'offer of proof' which makes the 'substance of the evidence' known to the Court. Fed.R.Evid. 103." *New York* explained that "[o]ne rationale for requiring an offer of proof is that it 'allows a judge to give further consideration to the claim of admissibility.'" *Citing, Baton Rouge Marine Contractors, Inc. v. Federal Maritime Comm'n*, 655 F.2d 1210, 1216 (D.C.Cir.1981).

In order for the appellate court to properly assess the evidentiary issue, a proffer of the excluded exhibits should be given. Anderson respectfully requests that the Court allow it to preserve the record by making a proffer.

DATED: August 10, 2007

/s/ Christopher D. Loizides
Christopher D. Loizides (#3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728
Email:          loizides@loizides.com

- and -

---

[2] Anderson has submitted a binder of the disputed exhibits to the Court for ease of reference.

5

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

*Counsel for Anderson Memorial Hospital*