IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## DECLARATION OF RR DONNELLEY RE SERVICE OF PERSONAL INJURY QUESTIONNAIRES

| | |
|---|---|
| Attached hereto as Exhibit 1 | W. R. Grace Asbestos Personal Injury Questionnaire (customized sample) |
| Attached hereto as Exhibit 2 | W. R. Grace Asbestos Personal Injury Questionnaire Important Reminders |
| Attached hereto as Exhibit 3 | Appendix A: List of Debtors |

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

| | |
|---|---|
| Attached hereto as Exhibit 4 | Appendix B: Case Management Order for the Estimation of Asbestos Personal Injury Liabilities |
| Attached hereto as Exhibit 5 | Appendices C - G: Additional pages from Questionnaire |
| Attached hereto as Exhibit 6 | W. R. Grace Asbestos Personal Injury Questionnaire |
| Attached hereto as Exhibit 7 | December 29, 2005 Letter to Counsel from Barbara Mack Harding, Kirkland & Ellis LLP |
| Attached hereto as Exhibit 8 | Order Modifying the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities Regarding the Extention of Time for Claims to Respond to Questionnaires and to Designate Non-Expert Witnesses |
| Attached hereto as Exhibit 9 | Revised Order Modifying the Case Management Order for the Estimation of Asbestos Personal Injury Liabilities Regarding the Extention of Time for Claimants to Respond to Questionnaires and to Designate Non-Expert Witnesses |
| Attached hereto As Exhibit 10 | Declaration of Stephenie Kjontvedt |

I, John H. Doherty II, hereby declare and testify under penalty of perjury as follows:

1.      I am over eighteen years of age and not a party to the above-captioned action. I believe the statements contained herein are true based on my personal knowledge. I am an employee of RR Donnelley f/k/a R.R.Donnelley & Sons Company ("Donnelley") and my business address is 75 Park Place, New York, NY 10007.

2.      Pursuant to the Court's Order Under 28 U.S.C.§ 156(c) and Fed R. Bankr. P. 2002 Authorizing the Retention of Notice Agent, R.R.Donnelley & Sons Company as Notice Agent to the Debtors, [Docket #15], RRD was retained for preparing and serving required notices.

- 3 -

3. I make this declaration to disclose actions taken by RRD in its capacity as Noticing Agent.

4. At the direction of Kirkland & Ellis LLP ("K&E"), co-counsel to the Debtors and Debtors in Possession in the above captioned cases, copies of the documents attached hereto as Exhibits"1" through "10" were sent to those parties listed on the service lists filed on the CD ROM as Exhibits "A" through "F" at the addresses shown thereon and unless otherwise noted, via the modes of service indicated thereon.   Service commenced on September 7, 2005 and concluded on January 12, 2006.

    a. Exhibits 1, 2, 3, 4 and 5 were served by RRD with service commencing on September 7, 2005 and concluding on September 12, 2005 to the parties referenced in Exhibit A.  Service to approximately 177,000 parties at approximately 1,000 locations was effected by over-night service, 2nd day service, local courier ("Courier") or by first-class mail and deposited with the U.S. Postal Service with postage thereon fully prepaid.

    b. Exhibits 1, 2, 3, 4 and 5 were served by RRD with service commencing on October 14, 2005 and concluding on January 12, 2006, to the parties referenced in Exhibit B.  Specific dates of service are referenced on the first page of the Exhibit.  Service was effected via overnight service, 2nd day service ("Courier") or via first-class mail and deposited with the U.S. Postal Service with postage thereon fully prepaid.

- 3 -

c.  Upon information and belief, Exhibits 2, 3, 4, 5 and 6 were served by BMC on September 21, 2006 to the parties referenced in Exhibit C.  Service was effected via first-class mail and deposited with the U.S. Postal Service with postage thereon fully prepaid.  <u>See</u> Exhibit 10, Declaration of Service by Stephenie Kjontvedt ("Kjontvedt Declaration"), Paragraph 6.a.

d.  Upon information and belief, Exhibits 7 and 8 were served by BMC on December 29, 2005 to the parties referenced in Exhibit D and on January 3, 2006 to the parties referenced in Exhibit E.  Service was effected via first-class mail and deposited with the U.S. Postal Service with postage thereon fully prepaid.  <u>See</u> Kjontvedt Declaration, Paragraph 6.b.

e.  Upon information and belief, Exhibit 9 was served by BMC on January 10, 2006 to the parties referenced in Exhibit F.  Service was effected via first-class mail and deposited with the U.S. Postal Service with postage thereon fully prepaid.  <u>See</u> Kjontvedt Declaration, Paragraph 6.c.

5.  Generally, if service to an attorney included twenty-five (25) or more W.R. Grace Asbestos Personal Injury Questionnaires ("PIQ's"), service was handled on a grouped shipment basis where individual Custom PIQ's were boxed or bundled together, and then shipped via local courier, UPS 2nd Day Service, or other comparable delivery services utilized by RRD.  Generally, if service to an attorney address included less than twenty-five (25) PIQ's each PIQ was sent as a separate package via first-class mail.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on August _10_, 2007

_John H. Doherty II_
John H. Doherty II
RR Donnelley
75 Park Place
New York, NY 10007