IN THE UNITED STATES BANKRTUPCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: September 24, 2007 at 2:00 p.m. |
| | ) | Objection Deadline: September 7, 2007 at 4:00 p.m. |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO ALTER AND AMEND THE COURT'S
MODIFIED ORDER ESTABLISHING THE NON-WAIVER OF
PRIVILEGES CONTAINED IN ANSWERS
TO THE DEBTORS' INTERROGATORIES AND THE
SEALING AND CONFIDENTIALITY OF SUCH ANSWERS**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, hereby submits this Motion to Alter and Amend the Court's Modified Order Establishing the Non-Waiver of Privileges Contained In Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Answers entered on July 10, 2007 [Docket No. 16259] (the "Order"), a copy of which is attached hereto as Exhibit A. In support of this Motion, the Committee respectfully states the following.

PRELIMINARY STATEMENT

By this Motion, the Committee seeks to ensure that it (and the other official committees and parties participating in the estimation proceeding)[1] have access

---

[1] As reflected in the proposed form of Amended Order attached hereto as Exhibit B, the modification provides for all of the official committees and the future claimants' representative appointed in these cases, and the Libby Claimants that are participants in the estimation proceedings to receive the Law

to the same discovery and information that is being produced to the Debtors. To be clear, the Committee is not seeking to alter or modify in any manner the protections established by the Order against the waiver of attorney-client and work-product privileges being accorded to those law firms representing pre-petition litigation claimants (the "Law Firms") that provide answers to the Debtors' Third Set of Interrogatories (the "Interrogatories"), or against the use of the answers to the Interrogatories other than in connection with the estimation proceedings in these chapter 11 cases. Nor is the Committee seeking to alter or modify those provisions of the Order that treat the Law Firms responses to the Interrogatories as confidential. As the Court recognized during the July 23, 2007 hearing, the Order "probably is too narrowly crafted."[2] The Order, in its current form, provides only for the Debtors, their counsel, agents and their experts, to be able to receive and use in connection with the estimation proceedings the Law Firms' answers to the Interrogatories.

Accordingly, the Committee respectfully requests that the Court alter and amend the Order in the manner proposed in the Amended Order attached hereto as Exhibit B to govern the disclosure and use of Law Firms' answers to Interrogatories and pleadings containing such information.

---

Firms' answers to the Interrogatories and to be able to use the information from those answers in the estimation proceedings.

[2] 7/23/07 Hrg. Tr. at 171 [Docket No. 16455]

2

SSL-DOCS1 1836190v2

## FACTUAL BACKGROUND

1. On May 18, 2007, the Debtors served deposition notices (the "Deposition Notices") on twenty-one Law Firms.[3] The Asbestos Personal Injury Committee (the "PI Committee"), the future claimants' representative (the "FCR"), a number of the Law Firms and several counsel representing certain of the Law Firms filed motions seeking either protective orders with respect to, or to otherwise quash, the Deposition Notices (collectively, the "Objections").[4]

2. The Court heard extensive argument on the Deposition Notices and Objections during the June 26, 2007 omnibus hearing (the "June 26 Hearing"). During that Hearing, the Debtors informed the Court that they were pursuing at that

---

[3] The Certification of Debtors' Counsel Regarding Protective Order on Debtors' Third Set of Interrogatories To Certain Asbestos Personal Injury Pre-Petition Litigation Claimants' Law Firms And Request for Telephonic Hearing [Docket No. 16256] identifies the following Law Firms as having been served with Deposition Notices: Alwyn H. Luckey, P.A. [Docket No. 15703]; Baron & Budd, PC [Docket No. 15705]; Cooney & Conway [Docket No. 15707]; Edward O. Moody, P.A. [Docket No. 15709]; Early Ludwick & Sweeney [Docket No. 15711]; Foster & Sear, LLP [Docket No. 15713]; Ferraro & Associates P.A. [Docket No. 15715]; Kazan, McClain, Abrams, Fernandez, Lyons, Farrise & Greenwood, PC [Docket No. 15717]; Motley Rice, LLC [Docket No. 15719]; LeBlanc & Waddell [Docket No. 15721]; Williams Bailey Law Firm, LLP [Docket No. 15723]; Provost Umphrey, LLP [Docket No. 15730]; Maples & Lomax [Docket No. 15732]; Silber Pearlman, LLP [Docket No. 15734]; Weitz & Luxenburg, P.C. [Docket No. 15735]; Waters & Kraus LLP [Docket No. 15738]; Law Offices of Peter G. Angelos, PC [Docket No. 15740]; Paul, Hanley & Harley, LLP [Docket No. 15741]; Reaud Morgan & Quinn [Docket No. 15744]; The Wartnick Law Firm [Docket No.15746]; and Kelley & Ferraro, LLP [Docket No. 15748].

[4] The following motions for protective orders or to quash were filed in response to the Deposition Notices: Motion of Official Committee of Asbestos Personal Injury Claimants and David T. Austern, Legal Representative for Future, Asbestos Personal Injury Claimants, for Protective Order [Docket No. 15955]; Motion for Protective Order Filed by Motley Rice LLC [Docket No. 15950]; Memorandum in Support of Motion for Protective Order Filed by Cooney and Conway [Docket No. 15959]; Motion of Certain Law Firms to Quash Deposition Notices and for a Protective Order [Docket No. 15966]; and Motion of Early, Ludwick and Sweeney, LLC, Kazan McClain, Abrams, Lyons, Farrise & Greenwood, a Professional Law Corporation, Waters & Kraus, LLP, Paul, Hanley & Harley, LLP and the Wartnick Law Firm for a Protective Order with Respect to Notices of Deposition Served on Them By W. R. Grace [Docket No. 15987].

time only the depositions of four of the Law Firms: Baron & Budd, P.C.; Kelley & Ferraro LLP; Motley Rice, LLC; and the Law Offices of Peter G. Angelos (collectively, the "Four Firms"), and were reserving their rights to take the depositions of the other Law Firms at a future time. Certain counsel for the Law Firms and the PI Committee proposed that instead of deposing the Law Firms, the Debtors could obtain the information they were seeking by obtaining responses to a limited number of written interrogatories, so long as the Court first entered an order providing that the Law Firms' responses to such interrogatories would not waive the attorney-client or work-product privileges. Counsel for each of the Four Firms agreed on the record of the June 26 Hearing to answer such interrogatories, if the Court entered an order containing such non-waiver privilege provisions. Ultimately, the parties met and conferred and agreed upon the Interrogatories to be served on the Four Firms. The Court also continued the Debtors' requests to take depositions of the Four Firms to the July 23, 2007 omnibus hearing (the "July 23 Hearing"), and directed the Debtors to file a subsequent pleading with the Court stating the Debtors' position with respect to the adequacy of the Four Firms' responses and the need to depose the Four Firms.

3. The Order, as entered by the Court, states in relevant part in decretal paragraph 3 thereof:

> " 3. Any and all information provided to the Debtors in response to the Third Set of Interrogatories **may only be used by them or disclosed to the Debtors, their counsel, agents and their experts**. Such information may be used only in respect to the estimation proceedings in these chapter 11 cases and may not be used for any other purpose. (emphasis added)."

4

SSL-DOCS1 1836190v2

4.      The Debtors served the Interrogatories on the Four Firms and by July 13, 2007 received such Firms' responses. As discussed with the Court during the July 23 Hearing, on July 19, 2007, the Debtors filed a brief setting forth their position on the adequacy of the Four Firms' responses and on the Debtors need to take depositions of certain of the Four Firms (the "Brief").[5] By the Brief, the Debtors also sought, among other matters, authorization to serve the Interrogatories on the other Law Firms, and to have the Court set a deadline by which the other Law Firms were to respond to the Interrogatories. Because decretal paragraph 3 of the Order only provides for the Four Firms' responses to be used by and disclosed to the Debtors, and paragraph 2 of the Order requires all responses received by the Debtors to be filed under seal,[6] the Committee, in advance of the July 23 Hearing, did not receive from the Debtors and could not obtain from the Debtors or the Court's docket, either the Four Firms' responses to the Interrogatories, or the unredacted form of the Debtors' Brief that discusses the responses.

5.      During the July 23 Hearing, counsel for the Committee questioned why an official committee, or at least its counsel, was unable to receive everything that is filed under seal with the Court.[7] The Court stated that it was "at a

---

[5] Debtors' Brief In Further Support of Opposition To Motions For Protective Orders To Preclude Law Firm Depositions. [Docket No. 16323]

[6] Decretal paragraph 2 of the Order states in relevant part: "The Debtors and all participants in this discovery shall maintain the answers in the manner required pursuant to 11 U.S.C. § 107(b) for papers filed under seal with the Court and such answers when served shall be considered under seal in accordance with such statute."

[7] 7/23/07 Hrg. Tr. at 168, 169

loss to understand that"[8] and suggested that to the extent the confidentiality provisions of the Order were "hamstringing the Committee's roles," they were probably "too narrowly crafted."[9]

6. It also became apparent at the July 23 Hearing that subsequent to the entry of the Order, at least two of the Four Firms agreed to allow disclosure of their answers to the Interrogatories and of the unredacted form of the Debtors' Brief to the PI Committee and the FCR.[10] Thus, certain of the parties participating in the estimation proceedings were provided with discovery from the Four Firms and certain participants were not. In order to obtain the Law Firms' Interrogatory responses and the Debtors' unredacted Brief in advance of the rescheduled August 1, 2007 hearing,[11] Committee counsel contacted counsel for each of the Four Firms, and obtained their authorization to receive those Firms' Interrogatory responses, the Debtors' unredacted Brief and all related future filings. Committee counsel subsequently obtained such of those materials as then existed from the Debtors.

---

[8] 7/23/07 Hrg. Tr. at 169

[9] 7/23/07 Hrg. Tr. at 171

[10] 7/23/07 Hrg. Tr. at 169 - 170

[11] At the July 23 Hearing, the Court continued the hearing on the Deposition Notices, the Objections and the Debtors' Brief to August 1, 2007, so that the hearing could take place in a closed court and parties could file responses to the Debtors' Brief.

7.      On August 7, 2007, the Debtors served the Interrogatories[12] on the seventeen other Law Firms not previously served with such discovery request (collectively, the "Remaining Firms"). The face of the Interrogatories refer to the June 26 Hearing and the Order, so that the Remaining Firms will know that answering the Interrogatories will not waive their attorney-client or work product privileges.

### THE ORDER SHOULD BE MODIFIED TO PROVIDE FOR THE SAME BODY OF INFORMATION PRODUCED THROUGH DISCOVERY TO BE DISCLOSED TO AND ABLE TO BE USED BY ALL OF THE PARTIES TO THE ESTIMATION PROCEEDINGS

8.      There is no question that the discovery responses produced by the Four Firms are being obtained in connection with the estimation proceedings,[13] and that this is similarly true for the discovery now sought by the Debtors from the Remaining Firms.

9.      Obviously, all parties to the estimation proceedings must have access to the very same information in order to litigate that matter. The Committee does not believe that this Court has ever previously issued any order that has restricted the disclosure and use of information obtained through discovery to only certain parties to the estimation proceedings. In fact, the prevailing principle in the estimation proceedings has been that all parties to the estimation have the same access to and

---

[12] Debtors' Third Set of Interrogatories to Certain Asbestos Personal Injury Pre-Petition Litigation Claimants' Law Firms dated August 7, 2007.

[13] 7/23/07 Hrg. Tr. at 172; 6/26/07 Hrg. Tr. at 72 [Docket. No. 16208]

SSL-DOCS1 1836190v2

ability to use the discovery produced as every other party to the estimation proceedings. The Order, however inadvertently, is contrary to this principle.

10. As reflected in the Amended Order, only a slight modification to decretal paragraph 3 is necessary to ensure that all discovery produced by the Law Firms is provided to and may be used by all parties to the estimation proceedings. There is no need to modify any of the other substantive provisions of the Order. Decretal paragraph 3 of the proposed Amended Order states as follows:

> "Any and all information provided to the Debtors in response to the Third Set of Interrogatories may only be used by, or disclosed to, the Debtors, the official committees and the future claimants' representative appointed in these chapter 11 cases, the Libby Claimants, and their counsel, agents and their experts. Such information may be used only in respect to the estimation proceedings in these chapter 11 cases and may not be used for any other purpose."

## CONCLUSION

For the reasons set forth herein, the Committee respectfully requests that this Court alter and amend the Order in the manner proposed in the Amended Order annexed hereto as Exhibit B and grant such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
August 20, 2007

Respectfully submitted,

**STROOCK & STROOCK & LAVAN LP**
Lewis Kruger
Kenneth Pasquale
(Members of the Firm)
180 Maiden Lane
New York, New York 1038-4982
Telephone:   (212) 806-5400
Facsimile:   (212) 806-6006

and

**DUANE MORRIS LLP**

*/s/ Michael R. Lastowski*
Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
William S. Katchen
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:   (302) 657-4900
Facsimile:   (302) 657-4901

Counsel for the Official Committee of Unsecured Creditors

SSL-DOCS1 1836190v2