# EXHIBIT A

## Settlement Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

## STIPULATION RESOLVING CLAIMS OF BP EXPLORATION & OIL, INC., NOW DOING BUSINESS AS BP PRODUCTS NORTH AMERICA, INC.

This stipulation (the "Stipulation") is entered into this 30th day of August, 2007, between W. R. Grace & Co.-Conn. ("Grace-Conn"), one of the above-captioned debtors (collectively, the "Debtors"), and BP Exploration & Oil, Inc., now doing business as BP Products North America, Inc. ("BP").

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code; and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims; and

WHEREAS, on or about March 26, 2003, BP timely filed an unsecured, non-priority proof of claim, No. 6356 (the "BP Claim"), against Grace-Conn. The face of the BP Claim asserted a claim in the amount of $3,900,000, but the attached narrative and supporting documents make clear that the amount claimed was $4,230,442 for damages arising from corrosion at BP's Toledo Refinery in Oregon, Ohio (the "Facility"), at which Grace-Conn's Monokote® Type PK-150 fireproofing material ("Fireproofing Material") had been applied; and

WHEREAS, the Debtors have sought coverage of this claim under insurance provided to the Debtors by Continental Casualty Company ("CCC") and CCC has consented to this Stipulation contingent on Bankruptcy Court approval of 1) this Stipulation; and 2) a certain settlement agreement between Grace-Conn and CCC pursuant to which a substantial portion of the BP Claim will be paid by CCC.[2] Subject to the Bankruptcy Court approvals discussed in the previous sentence, CCC has agreed to pay $3,688,753.90 of the BP Claim, which represents $3,900,000 less $211,246.10. $211,246.10 is the pro rata portion of the remaining deductible attributable to the BP Claim under the relevant insurance policy; and

WHEREAS, Grace-Conn and BP have agreed to settle the BP Claim on the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the terms and conditions contained herein, Grace-Conn and BP hereby stipulate and agree as follows:

---

[2]  A motion to approve the settlement with CCC will be filed by the Debtors within a reasonable time hereafter.

1. The BP Claim shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estate of Grace-Conn in the amount of $3,900,000. Notwithstanding what the Debtors' chapter 11 plan may ultimately provide with respect to the payment of interest, Claimant shall not be entitled to pre-petition or post-petition interest upon the allowed amount with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors. All other amounts outlined in or related to the BP Claim shall be disallowed and expunged, except as may otherwise be provided herein.

2. BP agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition or post-petition claims against any of the Debtors and CCC with respect to the matters covered by this Stipulation, including all past, present and future costs of investigation, repair or remediation at the Facility relating to the Fireproofing Material and any damages alleged to have been caused thereby including, but not limited to, those matters contained in the BP Claim (the "Settled Matters"). BP further agrees to defend, indemnify and hold harmless the Debtors and CCC against any and all claims by any party at any time solely with respect to BP's investigation, repair, or remediation at the Facility and any deficiency or failure of such investigation, repair or remediation to address and correct the corrosion at the Facility, including, but not limited to, such claims by any present or future owner, lessee or other occupant of the Facility or any portion thereof.

3. Grace-Conn's agreement to this Stipulation is contingent upon obtaining the consent of CCC to this Stipulation, which CCC has conditioned upon obtaining Bankruptcy Court approval of: 1) an agreement with CCC outlining its responsibility for paying the BP Claim (the "CCC Settlement Agreement") and two similar claims related to Fireproofing Material; and 2) this Stipulation. In the event that the Bankruptcy Court does not approve the

3

CCC Settlement Agreement or this Stipulation, this Stipulation, other than the provisions of this paragraph, shall be null and void and the BP Claim shall be deemed fully reinstated, subject, however, to Debtor's defenses, counterclaims and offsets, if any. Neither this Stipulation nor its nullification pursuant to its terms shall create a right that does not presently exist for BP or any other party to file additional claims with respect to the Settled Matters, nor waive any defense that the Debtors may have against such claims.

4. Within 30 days of receiving full payment in the amount of $3,688,753.90 from CCC relating to the Settled Matters, BP agrees to file an amended claim reflecting a dollar for dollar reduction in the BP Claim for any amounts received.

5. This Stipulation and the Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon execution of this Stipulation by the parties, the Debtors will promptly prepare and file the appropriate Motion for approval with the Bankruptcy Court.

6. Upon approval of this Stipulation by the Bankruptcy Court, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the claims register to reflect that the BP Claim shall be allowed as outlined herein.

7. The provisions of this Stipulation shall be binding upon the parties' respective successors and assigns.

8. Any notices required hereunder may be conveyed to the recipient thereof at the address set forth in the signature block with respect to each signatory hereto, or as otherwise may be designated in writing.

9. The undersigned counsel each represent that he or she is duly authorized to execute this Stipulation on behalf of the respective party hereto.

10. This Stipulation may be executed in any number of counterparts and all of such counterparts, taken together, shall be an original, but all of which taken together shall be deemed to constitute one and the same instrument.

STIPULATED AND AGREED:

Dated: New York, New York
August 20, 2007

KELLEY DRYE & WARREN LLP

By: /s/ James S. Carr
James S. Carr
101 Park Avenue
New York, New York 10178
(212) 808-7800 (Telephone)
(212) 808-7897 (Facsimile)

Counsel for BP Exploration & Oil, Inc., now doing business as BP Products North America, Inc.

Dated: Chicago, Illinois
August 20, 2007

KIRKLAND & ELLIS LLP

By: /s/ Janet S. Baer
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (Telephone)
(312) 861-2000 (Facsimile)

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB PC
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100 (Telephone)
(302) 652-4400 (Facsimile)

Co-Counsel for the Debtors and Debtors-in-Possession

5

K&E 11161963