# EXHIBIT B

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. ___** |
| | ) | Agenda Item No. ___ |

**ORDER AUTHORIZING SETTLEMENT OF BP PRODUCTS NORTH AMERICA, INC.
<u>CLAIM NO. 6536</u>**

This matter coming before the Court on the Motion of Debtors for Entry of an Order Authorizing Settlement of Claim No. 6356 of BP Products North America, Inc. Pursuant to Fed. R. Bankr. P. 9019 (the "Motion");[2] the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used herein have the meanings ascribed to them in the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Stipulation, a copy of which is attached to the Motion as <u>Exhibit A</u>, is approved.

3. The Debtors shall be, and hereby are, authorized to enter into the Stipulation, and are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Stipulation and perform any and all obligations contemplated therein.

4. Claim No. 6356 is allowed as a pre-petition, unsecured, non-priority claim in the amount of $3,900,000.00. Notwithstanding what the Debtors' chapter 11 plan may ultimately provide with respect to the payment of interest, Claimant shall not be entitled to pre-petition or post-petition interest upon the allowed amount with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors. All other amounts outlined in or related to Claim No. 6356 are disallowed and expunged and Claimant is forever barred from asserting any additional pre-petition or post-petition claims against CCC and the Debtors including all past, present and future costs of investigation, repair or remediation at the Facility relating to the Fireproofing Material and any damages alleged to have been caused thereby including, but not limited to, those matters contained in the BP Claim. Further, within 30 days of receiving full payment from CCC related to the Settled Matters, Claimant shall file and amended claim reflecting a dollar for dollar reduction for any amounts received.

5. In the event that the Stipulation becomes null and void for any reason, then the preceding paragraph 4 shall not apply, and Claimant's claim shall be deemed fully reinstated,

subject, however, to the Debtors' defenses, counterclaims and offsets, if any, and credits for payments Claimant has received, if any. Neither Stipulation nor its nullification shall create a right that does not presently exist for Claimant or any other party to file additional claims with respect to these matters, nor waive any defense that the Debtors may have against such claims.

6. This Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order subject to the provisions of the Stipulation.

Dated: _____, 2007

                                                      The Honorable Judith K. Fitzgerald
                                                      United States Bankruptcy Judge