IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. Grace & Co., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: September 7, 2007** |
| | ) | **Hearing Date: September 24, 2007 at 2:00 p.m.** |

**DEBTORS' MOTION FOR LEAVE IN ACCORDANCE WITH THE ORDERS
AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE ORDINARY
COURSE PROFESSIONALS AS IT PERTAINS TO MORRISON & FOERSTER LLP**

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby submit this motion (the "Motion") for leave in accordance with the OCP

Orders[2] to permit Morrison & Foerster LLP from time to time as appropriate to exceed the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined in this introduction are defined in the Background section of this Motion.

$50,000 monthly OCP cap and seek compensation for fees and expenses in excess thereof. In support of this Motion, the Debtors state as follows:

### Jurisdiction

1. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

2. The statutory bases for the relief requested herein are Sections 105(a), 327(e), 1107(a) and 1108 of the Bankruptcy Code.

### Background

3. On May 3, 2001, this Court entered the *Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business* (Docket No. 197), which was later amended on December 10, 2002 (Docket No. 3126) and on July 24, 2006 (Docket No. 12855) (as amended, collectively, the "OCP Orders").

4. The OCP Order dated May 3, 2001 provides that the Debtors "are authorized but not required to pay each Ordinary Course Professional for services rendered up to $50,000 per month . . . [and t]he Debtors cannot pay more than such amounts for services rendered without an order of this Court authorizing such higher amount." OCP Order at 2. The aggregate case cap was originally set at $300,000 and was then increased to $600,000 by the Court's December 10, 2002 Order and to $800,000 by the Court's July 24, 2006 Order. The OCP Orders do not specify whether reimbursed expenses should be counted against these caps.

5. On April 13, 2001, Morrison & Foerster LLP ("Morrison & Foerster") was retained by the Debtors as an ordinary course professional ("OCP") to provide legal services

regarding its representation of the Debtors in state tax litigation. On May 25, 2001, Morrison & Foerster filed its affidavit of disinterestedness to support its retention as an OCP. See Docket No. 326. No objections were filed to Morrison & Foerster's retention. Thus, Morrison & Foerster is employed, and continues to be employed, as an OCP in these Chapter 11 Cases.

6.  Since its retention through March 30, 2007, Morrison & Foerster has billed the Debtors, and received compensation for, approximately $602,808 ($417,328 in legal fees and $185,480 in expenses) in connection with the state tax litigation and claims filed against the Debtors. For the period April 1, 2007 through April 30, 2007, Morrison & Foerster has incurred and billed legal fees and expenses of $180,487.72 and has been paid $50,000 by the Debtors, pursuant to the OCP orders, leaving a balance due of $130,487.72. For the period May 1, 2007 through May 31, 2007, Morrison & Foerster has incurred and billed legal fees and expenses of $168,255.77 and has been paid $50,000 by the Debtors, pursuant to the OCP orders, leaving a balance due of $118,255.77. The fees and expenses exceeded the monthly OCP cap for April and May 2007 because Morrison & Foerster represented the Debtors at a trial before the Massachusetts Appellate Tax Board and performed post-trial legal services in connection with that litigation, including the preparation of post-trial briefs.

**Relief Requested**

7.  The Debtors respectfully request the entry of an order granting leave in accordance with the OCP Orders to permit Morrison & Foerster to seek compensation for fees which exceed the $50,000 monthly OCP cap (hereinafter, the "Excess OCP Fees"). The Debtors request that Morrison & Foerster be permitted to seek payment of the Excess OCP Fees in

accordance with the requirements of the Court's administrative orders[3] regarding interim compensation which permit review by the committees and audit by the fee examiner appointed in these Chapter 11 Cases, and other applicable rules and orders of the Court. At this time, the Debtors do not request that Morrison & Foerster be permitted to exceed the OCP Orders' aggregate case cap of $800,000.[4]

**Basis for Relief Requested**

8.　　Morrison & Foerster is an approved OCP. The OCP Orders provide that payment to OCPs is capped, absent court approval to the contrary, at a monthly amount of $50,000 in legal fees. This Motion requests approval for Morrison & Foerster to seek compensation for its Excess OCP Fees by filing a fee application for those months in which it exceeds the monthly fee cap.

9.　　Thus far, Morrison & Foerster has exceeded the monthly fee cap for the months of April 2007 and May 2007. As discussed in ¶ 7 above, these overages were due to Morrison & Foerster's representation of the Debtors in state tax litigation before the Massachusetts Appellate Tax Board. Further detail regarding the services performed by Morrison & Foerster in excess of the OCP monthly cap will be contained in its fee application which Morrison & Foerster proposes to file by October 31, 2007.

---

[3] Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (Docket No. 198) and Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (Docket No. 1949).

[4] Concurrently with the filing of this Motion, the Debtors have filed a motion seeking leave from the OCP orders to: (i) increase the Total Expenditure Cap (as defined in that motion) to $1,200,000, and (ii) to permit certain OCPs to exceed the $50,000 monthly OCP cap from time to time as appropriate and seek compensation for fees and expenses in excess thereof.

10. The Debtors believe that Morrison & Foerster may exceed the monthly fee cap for the next few months as well, depending upon the level of assistance the Debtors require in the tax litigation outlined herein. If Morrison & Foerster is limited to the monthly fee cap, the Debtors would be forced to obtain supplemental counsel to assist in performing the necessary services. This would likely be at a greater cost to the Debtors' estates because the supplemental counsel would not have Morrison & Foerster's ready familiarity and background with the intricacies of the state tax matters they are handling for the Debtors. Thus, the Debtors, their estates and all parties-in-interest would be unduly prejudiced.

11. As a result, the Debtors request that Morrison & Foerster be allowed to exceed the monthly fee cap when necessary to adequately represent the Debtors. Morrison & Foerster will comply with the Court's interim compensation orders for payment of all Excess OCP Fees so that the Court and other parties-in-interest are provided with sufficient opportunity to object and be heard on the reasonableness of such fees.

12. Given the valuable services that Morrison & Foerster has provided and the on-going need for these services, the Debtors submit that this Motion is appropriate under the circumstances and will not prejudice their respective estates and creditors.

**Authority for the Requested Relief**

13. Numerous courts, including courts in this district, have approved ordinary course professional retention and compensation procedures which allow professionals to seek compensation in excess of a compensation cap by filing fee applications. See, e.g., In re Mortgage Lenders Network USA, Inc., Case No. 07-10146 (PJW) (Bankr. D. Del. March 1, 2007; Docket No. 189); In re Global Home Prods. LLC, et al., Case No. 06-10340 (Bankr. D.

Del. May 5, 2006; Docket No. 193); In re Pliant Corp., Case No. 06-10001 (Bankr. D. Del. February 2, 2006; Docket No. 182).

14. The Debtors previously filed similar and separate motions for certain other OCPs, including Forman Perry Watkins Krutz & Tardy LLP, Perkins Coie LLP and Socha, Perczak, Setter & Anderson, P.C., who exceeded or anticipated exceeding the Monthly Cap. The Court entered orders permitting each OCP to seek compensation for Excess OCP Fees and these OCPs now file fee applications, as appropriate, which are subject to the applicable rules and orders of the Court, for those months in which they exceed the Monthly Cap.

## Conclusion

15. For the reasons set forth above, the Debtors request that this Court permit Morrison & Foerster to (1) exceed the OCP monthly cap as necessary and appropriate in their representation of the Debtors; and (2) seek compensation for its Excess OCP Fees, as contemplated in the OCP Orders, by filing fee applications.

## Notice

16. Notice of this Motion has been given to: (i) the Office of the United States Trustee, (ii) the debtor-in-possession lenders, (iii) counsel to the official committees appointed by the United States Trustee and the Future Claimants' Representative, and (iv) all those parties that requested services and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

17. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request leave in accordance with the OCP Orders for entry of an Order, substantially in the form attached hereto, permitting Morrison & Foerster (1) to exceed the $50,000 monthly OCP cap as appropriate, (2) to seek compensation for Excess OCP Fees in accordance with the Court's interim compensation orders, and (3) granting such other and further relief as is just and proper.

Date:   August 20, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Andrea L. Johnson
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861 2000

and

PACHULSKI STANG ZIEHL YOUNG JONES & WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17$^h$ Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  302 652-4100
Facsimile:  302-652-4400

Co Counsel for the Debtors and Debtors in Possession