IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. \_\_\_\_** |
| | ) | **9/24/07 Agenda Item \_\_** |

### THIRD AMENDED ORDER AUTHORIZING THE DEBTORS
### TO EMPLOY AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED
### IN THE ORDINARY COURSE OF THE DEBTORS' BUSINESSES

This matter coming before the Court on the Debtor's Motion to Amend the OCP Orders to (I) Increase the Total Expenditure Cap and (II) Permit Appropriate OCPs to Seek Compensation for Fees and Expenses in Excess of the Monthly Cap (the "Motion")[2]; the Court having reviewed the Motion; and upon consideration of the Motion; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used herein have the meanings ascribed to them in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate under the circumstances; and the Court having determined that relief requested in the Motion is in the best interests of the Debtors, their estates and creditors;

IT IS HEREBY ORDERED THAT:

The Motion is granted.

The Debtors are authorized, but not required, to pay OCPs up to $1,200,000 during the pendency of these Chapter 11 Cases.

OCPs are permitted to seek compensation for Excess OCP Fees by filing a fee application for approval of their Excess OCP Fees in accordance with the Court's interim compensation order requirements and other applicable rules and orders of the Court.

Except as otherwise expressly provided herein, the terms of the Original Order shall remain in full force and effect.

This Order shall be effective upon its entry.

This Order shall be without prejudice to the Debtors' rights to seek additional increases to the amounts that they are authorized to pay OCPs in the future.

This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2007

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge