IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et. al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | |

## **PROTECTIVE ORDER**

Upon consideration of the Joint Motion for a Protective Order, and pursuant to 5 U.S.C. § 552a(b)(11) and Rule 26(c)(7) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that the National Institute for Occupational Safety and Health ("NIOSH"or "government") is authorized to release to the Debtors, their counsel and to any other litigants in this action which the Court so specifies, government records containing Privacy Act protected information without obtaining prior written consent of the individuals to whom the records pertain and cause of death information obtained pursuant to assurances of confidentiality given pursuant to 42 U.S.C. 242m(d), with direct individual identifiers redacted. Such disclosures are subject to the following conditions:

1. This Order applies to documents or information contained in NIOSH records or systems of records that are subject to the Privacy Act or cause of death information obtained by NIOSH under assurances of confidentiality provided in accordance with 42 U.S.C. 242m(d) only and does not create greater or lesser rights or obligations than those contained in

these two provisions. Government document summaries, statistical compilations, or other summary records that do not contain information by which to identify specific individuals or that leads to the identification of deceased individuals (whether by name, social security number, symbol or other form of personal identification), and which are not subject to the Privacy Act or 42 U.S.C. 242m(d), are not covered by this Order. This Order does not apply to data already in the possession of the Debtors that was not obtained from NIOSH (W.R.Grace data), except that the W.R. Grace data may not be used to attempt to identify individual decedents in the documents produced under this Order.

      2.      Government records that are subject to this Order will be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. For any government records, such as computer data, whose medium makes such stamping impracticable, the CD-ROM and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. No person having access to the records designated as subject to this Order or the information therein shall make public disclosure of those records or that information without further Order of the Court.

      3.      For purposes of this Order, the term "movants" shall be defined as NIOSH and the W.R. Grace Debtors; with "Debtors" having the same meaning as set forth in the

Debtors' subpoena served on NIOSH on April 10, 2007. Any information disclosed by NIOSH which is subject to this protective order will be further disclosed by the Debtors to the Counsel for parties in this lawsuit only and to those assisting these Counsel who have a need to know and have access to this information and who sign the agreement attached to this Order ("acknowledgement agreement").

    4.  All individuals to whom documents or information subject to this Order are disclosed shall be informed of and shall abide by the terms of this Order and shall not otherwise disclose any information that may lead to the identification of individuals contained in the documents to the public or to any person or entity except as authorized under this Order, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgment agreement. All such documents shall be maintained by the parties receiving them in a secure facility at all times except when being actively utilized, and a copy of this Order shall be kept with the records at all times. By signing the acknowledgment agreement, the individuals agree not to attempt to link or permit others to attempt to link cause of death information in records or data sets produced by NIOSH with any other record or data set, whether produced in response to the Debtors' subpoena to NIOSH or already in their possession, in a manner which would lead to the identification of individual decedents. Furthermore, in the event that any signatory of the acknowledgment agreement inadvertently discovers the identity of any person in information or records protected under 42 U.S.C. 242m(d), then that individual

agrees to advise the Director of NIOSH of the incident in a timely manner and to safeguard or destroy the identifying information and agrees not to make use of this knowledge or to inform anyone else of the discovered identity. Breach of the acknowledgment agreement will be considered a violation of this Order. Counsel for each party in this litigation will retain copies of the signed acknowledgment agreements until such time as this litigation, including all appeals, is concluded.

        5.       Should the Debtors or other party having access to information that is produced by NIOSH that pertains to living individuals and is protected under the Privacy Act seek to use that information in identifiable format in open court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), they must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed and/or seek the written consent for disclosure from the individual to whom the information pertains. Any party seeking to introduce cause of death information obtained from NIOSH in open court or at trial as described above will take steps to ensure that the data is introduced in a manner that does not lead to the identification of individual decedents. Nothing in this paragraph shall limit a party from publicly disclosing information contained in the documents in a manner that would not lead to the identification of specific individuals, living or dead.

6. The protected documents, and all copies thereof, produced in connection with this bankruptcy action must be returned to NIOSH or destroyed by each party receiving the documents upon the conclusion of this litigation, including any subsequent appeals. Within sixty days of the conclusion of this litigation and any subsequent appeals, each individual or his or her counsel must certify in writing that all protected documents, and all copies thereof, have been returned to NIOSH or destroyed. Within ninety days of the termination of this litigation, including any subsequent appeals, each individual or his or her counsel must also certify in writing that any documents they or their attorneys or agents have created which contain Privacy Act or 42 U.S.C. 242m(d) protected information derived from the protected documents have been destroyed or redacted; provided, however, that no individual is required to destroy or redact any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this litigation.

7. The parties subject to this Order are aware that *U.S. v. W.R. Grace & Co. et al.*, No. Cr-05-07-M-DVM (D. Mont.) continues in federal district court in Montana. Information produced subject to this Order may have been produced in that proceeding pursuant to a protective order entered there or may be produced there in the future subject to further orders of that court. To the extent information subject to this Order is disclosed pursuant to the procedures and protective orders of the federal district court in Montana, the disclosure will not be deemed a violation of this Order.

8. The United States, or any department, agency or component thereof, including NIOSH, its officers, employees, and attorneys (collectively, "NIOSH parties") shall not bear any responsibility or liability for any disclosure of any documents or any information contained in such documents obtained by the Debtors or the Debtors' counsel under this Order and Debtors shall protect, defend, indemnify and hold harmless the NIOSH parties from any and all liability arising out of or relating to the disclosure of such documents and information.

9. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act and 42 U.S.C. 242m(d).

10. This Order does not apply to any information or documents other than information or documents that are subject to the Privacy Act or 42 U.S.C. 242m(d), and the terms and conditions set forth herein shall not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

IT IS SO ORDERED this _____ day of _____, 2007

_____
United States Bankruptcy Judge