# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### STIPULATION RESOLVING INSURANCE COVERAGE ISSUES FOR FIREPROOFING CLAIMS

This stipulation ("Stipulation") is entered into this 2nd day of August 2007 between W.R. Grace & Co. and its affiliates (collectively, the "Debtors") and Continental Casualty Company ("CCC").

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, prior to the Petition Date, the Debtors manufactured and sold Monokote PK 140, PK 150 and Z146 fireproofing products ("Fireproofing Products").

WHEREAS, certain customers of the Debtors asserted that Fireproofing Products produced during the period January 1, 1996 through December 31, 1998 that they had purchased from the Debtors, caused corrosion that necessitated repairs and those customers made claims against the Debtors for the costs of the repairs ("Fireproofing Claims").

WHEREAS, prior to the Petition Date, CCC had issued Policy # 1 66800586 for the benefit of certain of the Debtors (the "Applicable Policy") for the term of June 30, 1997 to April 1, 1998.

K&E 12049062.2

WHEREAS, in early 2000 the Debtors requested that CCC fund the $4,773,122 settlement of a Fireproofing Claim made in 1997 by Occidental Chemical Corp. ("OxyChem") for damages caused by Fireproofing Products.

WHEREAS, CCC raised several coverage issues with respect to the Fireproofing Claims and the Debtors and CCC thereafter reached an understanding of the terms on which CCC would provide coverage for the OxyChem settlement and other Fireproofing Claims (the "Fireproofing Settlement").

WHEREAS, prior to the Petition Date, pursuant to this understanding, CCC funded the OxyChem settlement as permitted by the Applicable Policy and the Debtors reimbursed CCC pursuant to the $5,000,000 deductible provision of the Applicable Policy; the other Fireproofing Claims were stayed by the commencement of these reorganization cases.

WHEREAS, certain fireproofing customers who had asserted problems with the fireproofing products have filed timely Proofs of Claim and the Debtors have requested that CCC fund the settlement of those claims so as to permit the resolution of remaining Fireproofing Claims;

WHEREAS, CCC has agreed to do so on the terms and conditions set forth herein

NOW, THEREFORE, for good and valuable consideration, the parties hereby stipulate as follows:

1. Subject to the terms and conditions of this Stipulation, CCC will fund (a) the allowed amounts of the timely-filed Fireproofing Claims as outlined in paragraph 3 below, upon receipt of evidence reasonably satisfactory to it that the claimants incurred and expended at least the amounts claimed less (b) a remaining deductible of $226,878

split pro rata among the Fireproofing Claims. CCC acknowledges the receipt of satisfactory evidence in respect of the BP Claim identified in paragraph 2(a) below.

2. CCC agrees to pay $3,688,753.90, representing the allowed amount of the BP Claim of $3,900,000, less the BP Claim's pro rata share of the remaining deductible, $211,246.10, within thirty (30) days of Bankruptcy Court approval of this Stipulation.

3. The Debtors represent that the only Fireproofing Claims filed by the March 31, 2003 Bar Date set by the Court's April 22, 2002 Bar Date Order are:

    a. Claim Number 6356 of BP Exploration & Oil, Inc. now d/b/a BP Products North America, Inc. for $3,900,000 (the "BP Claim");

    b. Claim Number 585 of First Chemical Texas, L.P. for $159,096 (the "First Chemical Claim"); and

    c. Claim Number 3344 of Akzo Nobel Surface Chemistry LLC for $129,500 (the "Akzo Claim").

4. All other Fireproofing Claims should be barred by the Bar Date Order.

5. In exchange for CCC's agreement to fund the three Fireproofing Claims, at issue as outlined herein, the Debtors agree as follows:

    a. All Fireproofing Claims together will be treated as a single occurrence, which was a known loss prior to April 1998, to be paid only under the Applicable Policy. The Debtors acknowledge that no other CCC policy provides coverage for Fireproofing Claims.

    b. The Applicable Policy has a $5,000,000 deductible, as to which $226,878 remains with respect to the Fireproofing Claims.

c.  The Applicable Policy applies only to Fireproofing Claims arising from locations in the United States and no CCC policy provides coverage for Fireproofing Claims arising from locations outside of the United States.

6.  After payment of the three Fireproofing Claims outlined herein, the remaining maximum coverage obligations of CCC shall be reduced to $1,038,282. ($5,000,000 less the amount paid on account of the three Fireproofing Claims.) The Bar Date for filing Fireproofing Claims against Grace was March 31, 2003. Thus, absent a new creditor obtaining permission to file a late proof of claim for Fireproofing Claims despite the Bar Date, and except for the obligations created by the CCC Settlement Agreement, CCC should have no further obligations to Grace or to any holders of Claims against Grace in respect of insurance coverage for the defense or indemnification of Fireproofing Claims. The Debtors will not consent to any request by a new creditor to file a late proof of claim for Fireproofing Claims and CCC reserves all of its rights and defenses with respect to such request and any claim so tendered. Notwithstanding this Stipulation, however, no coverage obligations under policies issued by CCC prior to July 30, 1997 are released by this Stipulation other than any coverage obligations for Fireproofing Claims in excess of the remaining maximum coverage obligations of $1,038,282.

7.  Nothing contained herein shall be deemed to constitute an admission with respect to the obligations of the Debtors or CCC under any policy nor a waiver of any legal position which the Debtors or CCC might assert in any context other than the interpretation or enforcement of this Stipulation nor to alter, modify, impair, enlarge, reduce or affect in any way the parties' rights and duties under the Applicable Policy,

4

K&E 12049062.2

other policies, agreements and undertakings between the parties except with respect to the Fireproofing Claims. The parties reserve all rights, remedies, claims and defenses against each other to the fullest extent possible except with respect to the Fireproofing Claims.

8. In the event any new Fireproofing Claims are permitted to be filed against Grace or are otherwise submitted to Grace, Grace shall submit such claims to CCC for handling, including adjustment, compromise, settlement, litigation and/or payment but CCC's responsibilities with respect to such claim will terminate when it has paid the $1,038,282 balance of its total $5,000,000 payment obligation. CCC reserves all of its rights and defenses with respect to any claim so tendered.

9. This Stipulation is subject to the approval of the Court and shall not become effective unless and until an approval order has been entered by the Court and such order has become a final order.

10. This Stipulation may be executed in counterpart signature pages and via facsimile with original copies to follow by regular mail.

11. Each party executing this Stipulation represents that such party has authority and power to do so.

12. The Court shall retain jurisdiction over this Stipulation and all matters relating thereto including any dispute concerning the adequacy of evidence submitted pursuant to paragraph 1 hereof by First Chemical and Akzo.

STIPULATED AND AGREED:

| | |
|---|---|
| Dated: Chicago, Illinois<br>August __, 2007 | Dated: Chicago, Illinois<br>August 22, 2007 |
| Continental Casualty Company | KIRKLAND & ELLIS LLP |
| By: _____<br>　　Michael J. Sehr<br>　　Senior Vice President<br>CNA Center<br>333 S. Wabash Avenue<br>Chicago, Illinois 60685<br>(312) 822-1357 (Telephone)<br>(312) 755-3088 (Facsimile) | By: /s/ Janet S. Baer<br>　　Janet S. Baer<br>200 East Randolph Drive<br>Chicago, IL 60601<br>(312) 861-2000 (Telephone)<br>(312) 861-2000 (Facsimile)<br><br>and<br><br>PACHULSKI, STANG, ZIEHL, YOUNG,<br>JONES & WEINTRAUB PC<br>919 North Market Street, 16th Floor<br>P.O. Box 8705<br>Wilmington, Delaware<br>19899-8705<br>(302) 652-4100 (Telephone)<br>(302) 652-4400 (Facsimile)<br><br>Co-Counsel for the Debtors and<br>Debtors-in-Possession |

STIPULATED AND AGREED:

Dated: Chicago, Illinois
August 23, 2007

Continental Casualty Company

By: *Michael J. Sehr* (signature)
Michael J. Sehr
Senior Vice President
CNA Center
333 S. Wabash Avenue
Chicago, Illinois 60685
(312) 822-1357 (Telephone)
(312) 755-3088 (Facsimile)

Dated: Chicago, Illinois
August __, 2007

KIRKLAND & ELLIS LLP

By: _____
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (Telephone)
(312) 861-2000 (Facsimile)

and

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB PC
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware
19899-8705
(302) 652-4100 (Telephone)
(302) 652-4400 (Facsimile)

Co-Counsel for the Debtors and
Debtors-in-Possession