IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., *et al.*, | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |

**MOTION TO SHORTEN NOTICE AS TO THE UNITED STATES TRUSTEE'S MOTION FOR APPOINTMENT OF AN EXAMINER PURSUANT TO 11 U.S.C. § 1104(c) RELATED TO THE CONDUCT OF L. TERSIGNI CONSULTING, P.C.**

Kelly Beaudin Stapleton, United States Trustee for this District ("UST"), by and through her counsel, hereby files pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 9006-1(e) her Motion to Shorten Notice as to the United States Trustee's Motion for entry of an order, pursuant to 11 U.S.C. § 1104 (c), directing the appointment of an examiner to investigate the conduct of L. Tersigni Consulting, P.C, and determine whether the Debtors or the estate have any causes of actions against L. Tersigni Consulting, P.C. as a result of that conduct (the "Motion"), and in support thereof respectfully represents as follows:

1. Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

2. The UST has standing to be heard regarding this matter. 11 U.S.C. § 307.

3. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition

1

for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (collectively, the "Chapter 11 Cases"). On April 13, 2001, the UST appointed the Official Committee of Asbestos Personal Injury Claimants (the "ACC").

4. On June 13, 2001, this Court approved the retention of L. Tersigni Consulting, P.C. ("LTC") as financial advisor to the ACC. LTC has acted in that capacity since that time.

5. A preliminary investigation of LTC's billing practices in this case has revealed that LTC improperly billed this estate for time that it did not work. It appears that LTC engaged in a systematic effort to improperly increase its bills in not only this case, but in many other bankruptcy cases in which LTC was employed. While the preliminary investigation uncovered improper billings as it related to certain former employees of LTC, the total scope, extent and effect of LTC's actions has not been determined. As such, the UST asserts that an examiner is needed to investigate LTC's conduct and billing practices in this case and to determine what causes of action the Debtors and/or the estate may have against LTC.

6. This issue is of vital importance as it involves allegations of a professional who has violated its fiduciary obligation to the estate and its duty of candor to the court. The appointment of an independent fiduciary to investigate these serious allegations of fraud and dishonesty related to the affairs of the Debtors is both warranted and necessary. The appointment of an examiner is a benefit to all creditors and the estate because it serves to uncover the extent of LTC's conduct and determine the causes of action for this estate that exist against LTC.

7. The UST requests that this Court shorten the notice period for the underlying Motion so that it can be heard at the omnibus hearing on September 24, 2007. Expedited consideration of the Motion is necessary because of the serious allegations against a former retained professional of

this estate, which may result in causes of action against that professional for the benefit of the estate and creditors. The Debtors have asked this Court for a formal investigation and the UST agrees that such an investigation must be initiated as soon as possible. Moreover, the UST is only seeking a reduction of the notice period by a mere five (5) days. No parties in interest are prejudiced by shortening the notice period and having this important motion heard on the next available omnibus hearing date. In order to eliminate any prejudice because of the shortened notice period, the UST proposes an objection deadline of September 10, 2007 to allow parties sufficient time to review and respond to the Motion.

**WHEREFORE**, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an order shortening the notice period as it relates to the United States Trustee's Motion for entry of an order, pursuant to 11 U.S.C. § 1104 (c), directing the appointment of an examiner to investigate the conduct of L. Tersigni Consulting, P.C, and scheduling a hearing on the underlying motion for September 24, 2007 at 2:00 p.m.

Respectfully submitted,

KELLY BEAUDIN STAPLETON
United States Trustee, Region Three

BY:     /s/ David M. Klauder
          David M. Klauder
          Trial Attorney
          Office of the United States Trustee
          J. Caleb Boggs Federal Building
          844 King Street, Suite 2207, Lockbox 35
          Wilmington, DE 19801
          (302) 573-6491
          (302) 573-6497 fax machine

Dated: August 24, 2007