# EXHIBIT D

# WR Grace

### Bankruptcy Form 10

### Index Sheet

SR00000363 ■

A 0 0 0 0 3 3 4 4 B

Claim Number:     00003344

Receive Date:     03/12/2003

## Multiple Claim Reference

Claim Number _____

- ☐ MMPOC    Medical Monitoring Claim Form
- ☐ PDPOC    Property Damage
- ☐ NAPO    Non-Asbestos Claim Form
- ☐         Amended

Claim Number _____

- ☐ MMPOC    Medical Monitoring Claim Form
- ☐ PDPOC    Property Damage
- ☐ NAPO    Non-Asbestos Claim Form
- ☐         Amended

## Attorney Information

Firm Number:                          Firm Name:

Attorney Number:                      Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |
| **Other** | ☐ Non-Standard Form | |
| | ☐ Amended | |
| | ☐ Post-Deadline Postmark Date | |

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | | **GRACE NON-ASBESTOS PROOF OF CLAIM FORM** |
|---|---|---|
| Name of Debtor:[1] | Case Number | |

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

Name of Creditor (The person or other entity to whom the Debtor owes money or property):

*Akzo Nobel Surface Chemistry LLC*

Name and address where notices should be sent:

*Bob Wareham*
*RT 6 & Tabler Rd*
*PO Box 810*
*Morris, IL 60450*

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies Debtor:

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated:_____

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:

1. **Basis for Claim**
☒ Goods sold
☐ Services performed
☐ Environmental liability
☐ Money loaned
☐ Non-asbestos personal injury/wrongful death
☐ Taxes
☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #:_____
Unpaid compensation for services performed
from _____ to _____ (date)

2. Date debt was incurred: *1998*

3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $ *129,500*
If all or part of your claim is secured or entitled to priority, also complete Item 5 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of all interest or additional charges.

5. **Classification of Claim.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)
Brief Description of Collateral:
☐ Real Estate    ☐ Other (Describe briefly)
Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____
Attach evidence of perfection of security interest
☒ UNSECURED NONPRIORITY CLAIM
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. Acknowledgement: Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self addressed envelope and copy of this proof of claim form.

This Space is for Court Use Only

Date *3/10/03*
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
*Robert Wareham*
*Plant Engineer*

WR Grace    BF.14.56.2774
00003344
SR=363

**REC'D MAR 1 2 2003**

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

## SPECIFIC INSTRUCTIONS FOR COMPLETING
## GRACE NON-ASBESTOS PROOF OF CLAIM FORMS

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

This Proof of Claim form is for Creditors who have Non-Asbestos Claims against any of the Debtors. Non-Asbestos Claims are any claims against the Debtors as of a time immediately preceding the commencement of the case on April 2, 2001 other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims or Medical Monitoring Claims, as defined on the enclosed General Instructions. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

**Administrative Expenses:** Those claims for, among other things, the actual, necessary costs and expenses of preserving the estate as defined in Section 503 of the Bankruptcy Code that arose after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to Section 503 of the Bankruptcy Code. This form should not be used to make a claim for an administrative expense.

**Secured Claim:** A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor owes money to the debtor (has a right to setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

**Unsecured Claim:** If a claim is not a secured claim, it is an unsecured claim. Unsecured claims are those claims for which a creditor has no lien on the debtor's property or the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim:** Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

**Information about Creditor:** Complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the court which sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:** Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:** Fill in the date the debt was first owed by the debtor.

3. **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Amount of Claim:** Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 5. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Classification of Claim:** Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See Definitions above.)

   **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See Definitions, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

6. **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim, you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:** You must attach to this proof of claim form, copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:

Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
P.O. Box 1620
Faribault, MN 55021-1620

**The Bar Date for filing all NON-ASBESTOS CLAIMS against the Debtors is March 31, 2003 at 4:00 p.m. Eastern Time.**

**From:** Barr, C (Cliff).
**Sent:** Friday, November 03, 2000 1:27 PM
**To:** Whelchel, K (Kevin)
**Cc:** Wareham, B (Bob); Taylor, J (John)
**Subject:** RE: FIRE PROOFING replacement for the fatty acid still and amine still #2 due to defective material

Kevin,
Keep up the pressure for resolving this issue. Rumor has it that getting money sooner than later is best with Grace.

Cliff

-----Original Message-----
**From:** Whelchel, K (Kevin)
**Sent:** Friday, November 03, 2000 1:24 PM
**To:** Wareham, B (Bob)
**Cc:** Barr, C (Cliff); Taylor, J (John)
**Subject:** FIRE PROOFING replacement for the fatty acid still and amine still #2 due to defective material

Bob,
I called Grace Construction Products to see what progress was being made with the replacement of the Fire proofing that was installed by J.L. Manta and manufactured by Grace that we had a recall on. Paul Korenberg the Director of Technology is in Saudi Arabia at this time and will not be back until mid - November, I left a message and was told they would get it to him and Expect a call next week. In the mean time I called J.L. Manta to see if any progress was being made between Manta and Grace.
Harold Gunderson will get back with me on Monday, I told him to get a bid ready for Grace so that we can have this situation resolved by the end of the month. I will let you know what progress I have made by early next week.

Kevin Whelchel
Maintenance Supervisor
Akzo Nobel Surface Chemistry LLC
Morris, IL
815-942-6200 ext. 221
This message, including attached files, is confidential and intended for the addressee only. Any unauthorized use, dissemination, or copying of this message is prohibited. If you receive a message not being the addressee, please notify the sender by returning the e-mail immediately and delete the message.

| | |
|---|---|
| **From:** | Barr, C (Cliff) |
| **Sent:** | Friday, December 08, 2000 2:09 PM |
| **To:** | Whelchel, K (Kevin) |
| **Cc:** | Wareham, B (Bob); Taylor, J (John) |
| **Subject:** | RE: settlement offer and release |

Kevin,
Does this cover our costs to correct the problems? Also, does anyone need to review this document?

Cliff

> ------Original Message-----
> | | |
> |---|---|
> | **From:** | **Whelchel, K (Kevin)** |
> | **Sent:** | Friday, December 08, 2000 2:02 PM |
> | **To:** | Wareham, B (Bob); Barr, C (Cliff) |
> | **Cc:** | Taylor, J (John) |
> | **Subject:** | FW: settlement offer and release |
>
> << File: Axzo Letter draft release.doc >> Please review and let me know what you think.
> Thanks
> Kevin
>
> -----Original Message-----
> From: Paul.E.Korenberg@grace.com [mailto:Paul.E.Korenberg@grace.com]
> Sent: Friday, December 08, 2000 1:26 PM
> To: Whelchel, Kevin
> Cc: allanDelange@kennyis.com
> Subject: FW: settlement offer and release
>
>
> Resent to corrected Email address
>
>
> Kevin,
> Per our discussion can you please review the attached release which has
> been prepared based on your letter of November 18th indicating that the
> sum of $129,500 was both fair and appropriate. Please check that the
> draft has the appropriate company names and other "official"
> information is correct. Please advise me of any necessary changes and I
> will prepare the final document for signatures.
>
> Alan,
> Please also review the attached for the same "correctness" issues and
> advise.
>
> Thanks to all,
> Paul

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into and effective as of January ___, 2001.

### A.    THE PARTIES

W. R. GRACE & CO.-CONN., GRACE CONSTRUCTION PRODUCTS, a Connecticut corporation with offices at 62 Whittemore Avenue, Cambridge, Massachusetts 02140 ("Grace");

Akzo Nobel Surface Chemistry LLC, a Delaware limited liability company the operator of a plant site at Route 6 and Tabler Road, Morris, Illinois 60450 on behalf of itself and its parent, Akzo Nobel Chemicals Inc., a Delaware corporation, the owner of a plant site at Route 6 and Tabler Road, Morris, Illinois 60450 (singularly and collectively referred to herein as "Akzo"); and

Kenny Manta Industrial Services LLC, a Delaware limited liability company with offices at 5233 Hohman Avenue, Hammond, Illinois ("Manta");

### B.    THE FACILITY

Akzo's chemical manufacturing facility at Route 6 and Tabler Road, Morris, Illinois, (the "Facility").

### C.    RECITALS

1.    During 1998 Manta, under contract to Akzo, installed Monokote® Type PK-150 fireproofing material ("Fireproofing Material") supplied by Grace, at the Facility.

2.    The parties have determined that there is evidence of corrosion of lath and underlying substrate where the Fireproofing Material has been applied.

3.    The causes of the aforementioned corrosion are in dispute, however the parties desire to remediate the problems by removing the Fireproofing Material at the Facility and replacing it with other material.

4.    Akzo and Manta intend for Manta to perform the work referred to in Paragraph C.3, consistent with Manta's proposal dated August 30, 2000, a copy of which is attached hereto as Exhibit A.

5.    Grace is willing to contribute to the cost of the work referred to in Paragraphs C.3 and C.4.

6.    Grace, Akzo and Manta desire to resolve and settle all claims with respect to the corrosion of lath and underlying substrate where the Fireproofing Material has been applied at the Facility.

NOW, THEREFORE, the parties hereto, intending to be legally bound, covenant and agree as follows:

## D.    PAYMENT

1.    Simultaneously with the execution hereof, Grace shall pay to Akzo, the sum of One Hundred Twenty Nine Thousand, Five Hundred Dollars ($129,500.00) ("Grace's Contribution") the receipt of which Akzo hereby acknowledges.

2.    Manta acknowledges and agrees that as the contractor for the work referenced in Paragraphs C.3 and C.4, Manta will receive an indirect, but nevertheless substantive benefit from Grace's Contribution.

3.    Akzo acknowledges and agrees that Manta will perform the work referenced in Paragraph C. 3. and C.4 at the price set forth in Exhibit A.

2

### E.    AKZO AND MANTA RELEASE

In consideration of Grace's Contribution, Grace's release pursuant to Paragraph G and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, Akzo and Manta, each does hereby for itself and each of its respective officers, directors, partners, principals, agents, representatives, predecessors, successors and assigns and all others claiming by or through it, including insurers and sureties, release and forever discharge Grace and its officers, directors, partners, principals, agents, representatives, predecessors, successors and assigns and all persons and entities connected with it who are or may ever become liable to it, including its insurers and sureties, of and from any and all past, present or future claims, demands, obligations, actions, causes of action, damages, losses, costs and expenses of every kind and nature whatsoever, known or unknown, in law or equity which Akzo or Manta or either of them may now have or may hereafter have against Grace arising from, out of or in any way related to the fitness for use of the Fireproofing Material applied at the Facility and to the corrosion of lath and underlying substrate where the Fireproofing Material has been applied at the Facility.

### F.    AKZO RELEASE OF MANTA

In consideration of Manta's price set forth in Exhibit A and Manta's release pursuant to Paragraph E and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, Akzo, hereby for itself and each of its respective officers, directors, partners, principals, agents, representatives, predecessors, successors and assigns and all others claiming by or through it, including insurers and sureties, release and forever discharge Manta and its officers, directors, partners, principals, agents, representatives, predecessors, successors and assigns and all persons and entities connected with it who are

3

or may ever become liable to it, including its insurers and sureties, of and from any and all past, present or future claims, demands, obligations, actions, causes of action, damages, losses, costs and expenses of every kind and nature whatsoever, known or unknown, in law or equity which Akzo may now have or may hereafter have against Manta arising from, out of or in any way related to the fitness for use of the Fireproofing Material applied at the Facility and to the corrosion of lath and underlying substrate where the Fireproofing Material has been applied at the Facility. The foregoing release shall not apply to any suit or claim seeking recovery for personal injuries.

### G.    GRACE RELEASE

In consideration of Akzo's and Manta's release pursuant to Paragraph E and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, Grace does hereby for itself and its respective officers, directors, partners, principals, agents, representatives, predecessors, successors and assigns and all others claiming by or through it, including insurers and sureties, release and forever discharge Akzo and Manta. and each of its respective officers, directors, partners, principals, agents, representatives, predecessors, successors and assigns and all persons and entities connected with them who are or may ever become liable to them, including their insurers and sureties, of and from any and all past, present or future claims, demands, obligations, actions, causes of action, damages, losses, costs and expenses of every kind and nature whatsoever, known or unknown, in law or equity which Grace may ever have or may hereafter have against Akzo or Manta arising from, out of or in any way related to the fitness for use of the Fireproofing Material applied at the Facility and to the corrosion of lath and underlying substrate where the Fireproofing Material has been applied at the Facility. The foregoing release shall not apply to any suit or claim seeking recovery for personal injuries.

4

## H.    **INDEMNITY**

In further consideration of Grace's Contribution and Grace's release pursuant to Paragraph G: (i) Akzo agrees to defend, indemnify and hold Grace harmless from and against any claims, demands or actions made or brought against Grace by third parties, whether in the nature of contribution, indemnity or otherwise, arising from, out of or related to any claims, demands or actions made or brought by Akzo against such third parties in respect to the fitness for use of the Fireproofing Material applied at the Facility and to the corrosion of lath and underlying substrate where the Fireproofing Material has been applied at the Facility; and (ii) Manta agrees to defend, indemnify and hold Grace harmless from and against claims, demands or actions made or brought against Grace by third parties, only to that portion of such claims, demands or actions that allege a problem in the application and or installation that caused a defect in the fitness for use of the Fireproofing Material applied at the Facility and only to that portion of such claims, demands or actions that allege a problem in the application and or installation that caused or contributed to the corrosion of lath and underlying substrate where the Fireproofing material has been applied at the Facility.  The foregoing indemnification shall not apply to any suit or claim seeking recovery for personal injuries.

## I.    **COVENANT NOT TO SUE**

Each of the parties hereto covenants and agrees never to commence or prosecute against any party hereto any legal action or other proceeding based upon the claims, demands, causes of actions, obligations, damages, and liabilities released in this Agreement.

## J.    **WAIVER**

Each party hereto acknowledges that there is a risk that subsequent to the execution of this Agreement it may incur injury, loss, damages, costs,

5

attorneys' fees, expenses, or any of these, which are caused by the matters referred to herein, whether unknown or unanticipated at the time this Agreement is signed, or presently incapable of being ascertained. Each party hereto further acknowledges that there is a risk that such damages may become more serious than any of them now expects or anticipates. Nevertheless, each party hereto acknowledges that this Agreement has been negotiated and agreed upon in light of those realizations and each of them hereby expressly waives all rights each may have in such unsuspected claims.

### K.    WARRANTY OF AUTHORIZATIONS

Each of the parties hereto represents and warrants for itself, that it is authorized to enter into this Agreement and that all necessary authorizations, actions and approvals, if any, required to authorize its entering into this Agreement have been taken or obtained. Each of the signatories hereto warrants and represents that he or she is competent and fully authorized to enter into this Agreement on behalf of the party for whom he or she purports to sign.

### L.    COMPROMISE

This Agreement is the result of a compromise among the parties hereto and shall never at any time or for any purpose be considered as an admission of liability or responsibility on the part of any party herein released. The payment of any sum of money in consideration for the execution of this Agreement shall neither constitute nor be construed as an admission of any liability whatsoever by any party herein released, each of which continues to deny such liability and disclaim such responsibility.

### M.    CONFIDENTIALITY

The parties acknowledge and agree that this Agreement and its terms and conditions shall be confidential, and the parties hereto agree not to divulge

6

said terms and conditions to the news media or any other person or group, except insofar as required by law, or except as required in any legal action to enforce the terms and conditions of this Agreement.

### N.    GOVERNING LAW

This Agreement shall be interpreted in accordance with and governed in all respects by the laws of the State of Illinois.

### O.    BINDING EFFECT

This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective predecessors, successors, assigns, partners, partnerships, parent, subsidiary, affiliated and related entities, officers, directors, principals, agents, servants, employees, representatives, and all persons, firms associations, and other entities connected with them, including without limitation, their insurers, sureties, and attorneys.

### P.    COUNTERPARTS

This Agreement may be executed in counterparts and as so executed shall constitute one Agreement which shall be binding upon all parties hereto, notwithstanding that the signatures of all parties' designated representatives do not appear on the same page.

### Q.    BENEFIT OF COUNSEL

Each of the parties hereto has had the opportunity to obtain the advice of legal counsel  prior to entering into this Agreement.

### R.    ENTIRE AGREEMENT

This Agreement constitutes the entire understanding by and among the parties with regard to the matters herein set forth.  There are no representations, warranties, agreements, arrangements, undertakings, oral or

7

written, between or among the parties hereto relating to the subject matter of this Agreement which are not fully expressed herein. This Agreement may not be altered or amended other than by a writing which specifically references this Agreement, executed by all the parties hereto. This Agreement does not constitute the terms pursuant to which the work described in Paragraphs C. 3. And C.4 shall be done.

**S.    SEVERABILITY**

If any provision or any part of any provision of this Agreement is for any reason held to be invalid, unenforceable or contrary to any public policy, law, statute or ordinance, then the remainder of this Agreement shall not be effected thereby and shall remain valid and fully enforceable.

**T.    FUTURE WORK IS NOT A CONDITION PRECEDENT**

This Agreement is not a conditional release, and the future work contemplated under Paragraphs C.3 and C.4 is not a condition precedent for the enforcement of this Agreement. Any dissatisfaction with regard to such future work shall in no way constitute a legal basis to challenge the validity or enforceability of this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement and Release to be executed as a sealed instrument, by their authorized representatives, effective the day and year first above written.

ATTEST:                        Akzo Nobel Surface Chemistry LLC

_____              By_____

                              Title_____

ATTEST:                        Kenny Manta Industrial Services LLC

_____              By_____

                              Title_____

9

ATTEST:                              W. R. GRACE & CO.-CONN.

_____

O. Mario Favorito                    By_____
Assistant Secretary                  R. J. Bettacchi
                                     Title:  President, Grace Performance Chemicals

MBC/contract/const/release/akzo.2/mbc/12/7/2000/mbc(ps)

10