# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF REED SMITH LLP
## FOR THE TWENTY-FOURTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Reed Smith LLP for the Twenty-Fourth Interim Period.

### BACKGROUND

1.  Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors. In the Application, Reed Smith seeks approval of fees totaling $1,635,586.00 and costs totaling $58,490.23 for its services from January 1, 2007, through March 31, 2007.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Reed Smith an initial report based on our review, and received a response from Reed Smith, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted two instances in which SAA($145.00) lists time but no work explanation. The entries are provided below.

| | | | |
|---|---|---|---|
| 01/09/07 | SAA | 0.50 | _____ |
| 03/08/07 | SAA | 0.10 | _____ |

We asked Reed Smith to provide the necessary supporting detail. Reed Smith responded as follows:

> In Paragraph 3 of the Initial Report, the Fee Auditor noted two instances in which Sharon A. Ament listed time but no work explanation. The entries were dated 1/9/07 (.5 hours) and 3/8/07 (.1 hours). Both of these entries were supposed to be deleted from the invoices prior to the filing of the Fee Applications in question. Thus, Reed Smith will not contest an $87.00 reduction in its fees to account for this clerical error.

We appreciate the response and thus recommend a reduction of $87.00 in fees.

4. We noted that during the application period TSR spent a total of 16.10 hours for a total fee of $6,440.00 on "issues relating to discovery." The entries are provided below.

| | | | |
|---|---|---|---|
| 01/02/07 | TSR | 5.90 | Work on issues relating to discovery. |
| 01/03/07 | TSR | 2.60 | Work on issues relating to discovery. |
| 01/04/07 | TSR | 5.90 | Work on issues relating to discovery. |
| 01/05/07 | TSR | 1.70 | Work on issues relating to discovery. |

We asked the firm to provide specific time detail to support the hours billed. Reed Smith's response is provided as Response Exhibit 1. We further noted that throughout March, this same timekeeper spent a total of 181.60 hours for a total fee of $72,640.00 on work described in only the most general manner. (See Exhibit A.) We asked the firm to provide specific supporting detail for each entry listed. Reed Smith's Response Exhibit 1 covers this item as well. We appreciate the response, and offer no objection to these fees.

    5.    We noted two instances in which the parenthetical entries do not support the summary of time entered. The entries are provided below.

On January 16, 2007, MJR has a time entry listed as 6.70 hours for a total fee of $469.00. The points only total to 6.00 hours for a total fee of $420.00. Difference in fee total is $49.00.

| 01/16/07 | MJR | 6.70 | Review and summary of UC property damage claims materials (3.0); review ans summary of Speights property damage claims materials (3.0). |
|---|---|---|---|

On February 5, 2007, JBL has a time entry listed as 1.50 hours for a total fee of $315.00. The points only total to 0.60 hours for a total fee of $126.00. Difference in fee total is $189.00.

| 02/05/07 | JBL | 1.50 | Revise and prepare Reed Smith's quarterly fee application for e-filing and service (.5); e-mails with S. Ament re: same (.1) |
|---|---|---|---|

We asked Reed Smith to respond as to whether these represent inadvertent oversights and should thus be deducted from the fee total. Reed Smith's response is provided below.

> In Paragraph 5 of the Initial Report, the Fee Auditor noted two instances in which the parenthetical entries did not support the summary of time entered. The first instance was from a 1/16/07 entry by Matthew J. Rippin, in which the summary of time was listed as 6.70 hours, but the parentheticals added up only to 6.0 hours. This was the result of a clerical error in the parentheticals; Mr. Rippin's 1/16/07 entry should have read as follows:
>
> > Review and summary of UC property damage claims materials (3.0); review and summary of Speights property damage claims materials (3.7).

As such, the total charge for Mr. Rippin's 1/16/07 entry should have been $469, as reflected by the summary of time and the amount charged in the Fee Application.

The second instance noted in Paragraph 5 of the Initial Report was from a 2/5/07 entry by John B. Lord, in which the summary of time was listed as 1.5 hours, but the parentheticals added up only to .6 hours. This also was the result of a clerical error in the parentheticals; Mr. Lord's 2/5/07 entry should have read as follows:

> Revise and prepare Reed Smith's quarterly fee application for e-filing and service (1.4); e-mails with S. Ament re: same (.1).

As such, the total charge for Mr. Lord's 2/5/07 entry should have been $315, as reflected by the summary of time and the amount charged in the Fee Application.

We appreciate the response and offer no objection to these fees.

6.  We noted that during the application period LEF ($575.00) spent time "reorganizing." The entries are provided below.

| Date | Prof. | Hours | Description |
|---|---|---|---|
| 02/07/07 | LEF | 6.60 | Reorganizing after Philadelphia trip (0.7);........... |
| 02/21/07 | LEF | 7.20 | Reorganizing after Philadelphia trip (0.6);.......... |
| 03/25/07 | LEF | 4.40 | .............; organizing regarding trips for medical depositions (1.0). |
| 03/28/07 | LEF | 11.50 | ...........; reorganizing after San Diego trip (1.0);.......... |

This same issue was raised in the prior interim regarding the same professional. We asked Reed Smith to respond as to why time for these tasks should be considered compensable. The firm's response is provided below.

> As Reed Smith explained to the Fee Auditor in its Response to the Fee Auditor's Initial Report on Reed Smith's Fee Application for the 23d Interim Period, Mr. Flatley has used the term "reorganizing" to describe the work involved in reviewing and organizing materials (notes, correspondence, documents, etc.) relating to the Debtors' cases after returning from a W.R. Grace-related trip or a

> call or hearing related to W.R. Grace. Rather than being a term used to denote generalized tasks inherent in all work, the charges listed above are that part of those general tasks that relate specifically to Mr. Flatley's work for the Debtors; thus, only that time spent "organizing" or "reorganizing" materials relating to the Debtors' cases are captured by this entry. The tasks themselves constitute work that normally would be compensable in a bankruptcy case, such as reviewing materials relating to the Debtors' cases, attending to correspondence related to the Debtors' cases, and planning relating to work on the Debtors' cases. As such, Reed Smith believes that the entries set forth above are appropriate and should not be reduced by the Fee Auditor.

We appreciate the response, and in light of the explanation, we offer no objection to these fees.

We strongly suggest that for future applications, Mr. Flatley find language that is more clearly descriptive of the tasks for which he bills.

    7.    We noted two lodging expenses that may be excessive. The entries are provided below.

| Date | Description | Amount |
|---|---|---|
| 03/22/07 | Lodging - VENDOR: CAROL J. GATEWOOD WR GRACE DEPOSITION of Dr. Welch, 12/13-15/2006 | 858.76 |
| 03/22/07 | Lodging - VENDOR: TRACI S. REA WR GRACE/CLAIMS DEPOSITION OF TODD HILSEE 3/13-3/14/07 | 394.37 |

For each entry, we asked Reed Smith to provide the number of nights stay, the room rate and any applicable tax information. Reed Smith responded as follows:

> In Paragraph 8 of the Initial Report, the Fee Auditor asked for additional detail about two lodging expenses that the Fee Auditor identified as potentially excessive. The additional detail for each entry is as follows:
>
> a.    3/22/07 lodging charge for Carol J. Gatewood, relating to the deposition of Dr. Welch on 12/13-15/06: two-night stay at the Mandarin Oriental Hotel in Washington, DC ($375 per night room rate, $54.38 sales tax per night, for a total lodging charge of $858.76).
>
> > b.    3/22/07 lodging charge for Traci S. Rea, relating to the deposition of Todd Hilsee on 3/13-14/07: one-night stay at the Conrad Miami Hotel in Miami, FL ($349 per night room rate, $44.43 total tax per night, for a total of $394.37).

We recommend a reasonable ceiling of $300.00 per night for hotel stay in Washington D.C. and $250.00 per night for most other cities, including Miami. Thus, for the above entries, we recommend a total reduction of $249.00 in expenses.

## CONCLUSION

8.  Thus we recommend approval of fees totaling $1,635,499.00 ($1,635,586.00 minus $87.00) and costs totaling $58,241.23 ($58,490.23 minus $249.00) for Reed Smith's services from January 1, 2007, through March 31, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _/s/ Warren H. Smith_
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1270
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 29th day of August, 2007.

                                                          Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Richard Keuler, Esq.
Reed Smith LLP
1201 Market Street, Ste. 1500
Wilmington, DE 19801

Douglas Cameron
Reed Smith LLP
P. O. Box 2009
Pittsburgh, PA 15230-2009

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| Date | Initials | Hours | Description |
|---|---|---|---|
| 03/01/07 | TSR | 6.80 | Work on discovery matters. |
| 03/02/07 | TSR | 4.40 | Work on discovery matters. |
| 03/05/07 | TSR | 8.20 | Work on discovery matters. |
| 03/06/07 | TSR | 6.00 | Work on discovery matters. |
| 03/07/07 | TSR | 8.40 | Work on discovery matters. |
| 03/08/07 | TSR | 10.20 | Work on discovery matters. |
| 03/09/07 | TSR | 5.00 | Work on discovery matters. |
| 03/10/07 | TSR | 3.60 | Work on discovery matters. |
| 03/11/07 | TSR | 5.30 | Work on discovery matters. |
| 03/12/07 | TSR | 9.60 | Work on discovery matters. |
| 03/13/07 | TSR | 13.50 | Attention to expert deposition. |
| 03/14/07 | TSR | 13.00 | Attention to expert deposition. |
| 03/15/07 | TSR | 2.00 | Work on discovery matters. |
| 03/16/07 | TSR | 0.50 | Work on discovery matters. |
| 03/17/07 | TSR | 4.00 | Attention to trial matters. |
| 03/19/07 | TSR | 9.00 | Trial preparation. |
| 03/20/07 | TSR | 9.60 | Work relating to summary judgment. |
| 03/21/07 | TSR | 11.40 | Work relating to summary judgment brief. |
| 03/22/07 | TSR | 8.20 | Work relating to summary judgment. |
| 03/23/07 | TSR | 9.70 | Work relating to summary judgment. |
| 03/24/07 | TSR | 3.00 | Work on discovery matters. |

| Date | | | |
|---|---|---|---|
| 03/25/07 | TSR | 8.20 | Attention to expert discovery. |
| 03/26/07 | TSR | 9.00 | Attention to expert discovery. |
| 03/27/07 | TSR | 4.00 | Work on discovery matters. |
| 03/28/07 | TSR | 3.60 | Work on discovery matters. |
| 03/29/07 | TSR | 2.50 | Trial preparation. |
| 03/30/07 | TSR | 2.90 | Work on discovery matters. |

Response Exhibit 1

      In Paragraphs 4 and 7 of the Initial Report, the Fee Auditor noted that Traci S. Rea spent a total of 197.7 hours (for a total charge of $79,080.00) in January and March 2007 on work described in a general manner, and asked for specific supporting detail for each entry listed. As a preliminary matter, the Fee Auditor should understand that Ms. Rea has played a significant role in several aspects of Reed Smith's work for the Debtors in this bankruptcy case, particularly in the litigation of asbestos-related property damage claims. She has performed, and continues to perform, a host of duties in that litigation, including researching and preparing various motions and responses, dealing with opposing counsel on various case-related issues (including discovery issues), preparing and responding to discovery, coordinating, planning and strategizing with the Debtors' in-house and outside counsel, and preparing for and taking depositions. She also has served -- and will continue to serve -- a crucial role in the property damage claim trials themselves.

      7.    In response to the Fee Auditor's request for specific supporting detail for Ms. Rea's entries, Reed Smith offers the following:

      a.    For the entries on 1/02-1/05/07, Ms. Rea drafted, revised and finalized the following responses to discovery requests: (1) Debtors' Responses and Objections to Claimant State of California, Department of General Services First Request for Production of Documents; (2) Debtors' Responses and Objections to the Official Committee of Asbestos Property Damage Claimants' First Request for Production of Documents Relating to the Methodology Phase; (3) Debtors' Responses and Objections to Claimant State of California, Department of General Services First Set of Interrogatories; (4) Debtors' Responses and Objections to Notice of Deposition; and (5) Debtors' Responses and Objections to Claimant State of California, Department of General Services First Request for Admissions.

      b.    For the entries on 3/1-3/5/07, Ms. Rea prepared discovery responses to sixty-nine (69) sets of Interrogatories, Document Requests and Requests for Admissions served by Speights & Runyan for their U.S. (non-California) claims. This entailed reviewing sixty-nine (69) separate U.S. claims files and preparing several sets of response documents.

      c.    For the entries on 3/6-3/7/07, Ms. Rea prepared discovery responses to sixty-three (63) sets of Interrogatories, Document Requests and Requests for Admissions served by Speights & Runyan for their Canadian claims. This entailed reviewing sixty-three (63) separate claims files and preparing several sets of response documents.

      d.    For the entries on 3/8-3/12/07, Ms. Rea prepared discovery responses to ninety-two (92) sets of Interrogatories, Document Requests and Requests for Admissions served by Speights & Runyan for their California claims. This entailed reviewing ninety-two (92) separate California claims files and preparing several sets of response documents.

      e.    For the entries on 3/13-14/07, Ms. Rea traveled to, prepared for, and took the deposition of the asbestos property damage claimants' notice expert, Mr. Todd Hilsee, in Miami, Florida. To the extent these entries included travel time, they only included travel time that was spent preparing for the deposition and reviewing materials related to the Debtors' cases after the deposition.

      f.    For the entries on 3/15-3/16/07, Ms Rea reviewed and prepared

correspondence and had a conference call on discovery disputes relating to Claimant State of California, Department of General Services' discovery requests, which requests are referred to above in Paragraph 6(a)(1), (3) and (5).

        g.     For the entries on 3/17/07, 3/19/07, and 3/29/07, Ms. Rea prepared for the product identification trial, including assisting with the Debtors' witness and exhibit lists and additional filings and organizing and preparing documents for use at trial.

        h.     For the entries on 3/20-3/23/07, Ms. Rea drafted and finalized the Debtors' Reply Briefs in Support of: (1) Debtors' Motion to Disallow and Expunge Eleven (11) Property Damage Claims Barred by the Statutes of Repose in Minnesota, North Carolina, Iowa and Tennessee; and (2) the Debtors' Motion to Disallow and Expunge Sixteen (16) Time-Barred Asbestos Property Damage Claims.

        i.     For the entries on 3/24/07, 3/27/07, and 3/28/07, Ms. Rea drafted and finalized the Debtors' Responses and Objections to Claimants Represented by the Law Firm of Motley Rice Interrogatories and Requests for Production of Documents.

        j.     On 3/25-3/26/07, Ms. Rea traveled to, prepared for and took the deposition of the State of California Department of General Services' hazard expert, Mr. Franco Seif, in New York City. To the extent these entries included travel time, they only included travel time that was spent preparing for the deposition and reviewing materials related to the Debtors' cases after the deposition.

        k.     On 3/30/07, Ms. Rea reviewed and commented on the Debtors' responses to Speights & Runyan's McMaster University discovery requests.