IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 14063** |
| | ) | **8/29/07 Agenda Item No. 3** |

## EIGHTH ORDER REGARDING RELIEF SOUGHT IN DEBTORS' TWENTIETH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE) (DOCKET NO. 14063)

Upon the Twentieth Omnibus Objection to Claims (Substantive) (the "Twentieth Omnibus Objection") filed by the above captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order expunging and disallowing, reclassifying or reducing, as appropriate, certain claims (collectively, the "Claims" and, each a "Claim"); and no previous application having been made, and upon consideration of the matters set forth herein; and due and proper notice of the Twentieth Omnibus Objection having been given, it is hereby

ORDERED that, the Objection to Claim 9837 (held by Cartus Corporation, formerly known as Cendant Mobility Services Corporation), is sustained in part and overruled in part, and Claim 9837 is reduced and allowed as a general unsecured claim in the amount of $240,042.45; and it is further

ORDERED that, the Objection to each of the Claims 9687 (held by Hary Grau & Sons Inc) and 9688 (held by James and Anna Grau) is withdrawn without prejudice to the Debtors' right to object to such claims in the future on any grounds; and it is further

ORDERED that, the Objection to Claim 15073 (held by the Estate of Rosario Rapisardi) is reduced and allowed according to the terms set forth in the Stipulation attached hereto as Exhibit A; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rule 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the Claims objected to in the Twentieth Omnibus Objection as to which relief is entered by this Court, having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that, this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: **August 29**_____, 2007

_Judith K. Fitzgerald_
Honorable Judith K. Fitzgerald mab
United States Bankruptcy Judge

2

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## STIPULATION RESOLVING CLAIMS OF
## ESTATE OF ROSARIO RAPISARDI

This stipulation ("Stipulation") is entered into this 28th day of August 2007, between

W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and the Estate of Rosario

Rapisardi ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their

respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

**WHEREAS**, Claimant filed a proof of claim (No. 2802) against the Debtors on February 18, 2003 with respect to the property located in Logan Township, New Jersey (the "Site").

**WHEREAS**, this Court expunged the initial Claim No. 2802 in an order dated February 23, 2004.

**WHEREAS**, on April 1, 2003, Claimant filed a subsequent proof of claim (No. 15073), which amended the prior proof of claim, described as follows:

| Claim No. | Filed on | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|-----------|----------|-----------------|-------------------|--------------------------|
| 15073 | April 1, 2003 | $680,060.44 | Unsecured, Non-priority | Environmental Property Damage |

**WHEREAS**, on or about December 18, 2006, the Debtors filed an objection to Claim 15073; and

**WHEREAS**, the Debtors and Claimant have agreed to settle Claim 15073 on the terms and conditions set forth herein.

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1.      Claim No. 15073 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $10,000.  Claimant shall not be entitled to pre-petition or post-petition interest on Claim No. 15073 with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan").  Claim No. 15073 shall be paid in the same manner as all other similarly situated

2

General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above).

2.      Upon approval of this Stipulation by the Bankruptcy Court, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 15073 shall be allowed as outlined herein.

3.      Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition claims against the Debtors, including but not limited to its subsidiary Gloucester New Communities Company, Inc., with respect to any costs relating to the Site other than enforcement of the obligations of the Debtors set forth in this Stipulation.

4.      The Debtors shall take whatever additional action, if any, is necessary to make sure that Claim No. 15073 is allowed as outlined herein.

5.      Notwithstanding the forgoing, this Stipulation and Debtors' signature hereon shall not become effective and binding until it is approved by the Bankruptcy Court. Upon execution of this Stipulation by the parties, the Debtors will promptly prepare and file the appropriate pleadings for approval by the Bankruptcy Court.

6.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

K&E 11920145.1

7.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.


Estate of Rosario Rapisardi                           W. R. Grace & Co., et al.

By: _James P. Rapisardi, Exers._   By: _____

        James P. Rapisardi                           W, M. Corcoran
   _For $10,000.00 For stipulation_                   Vice President
       _of Settlemt_                                  Public and Regulatory Affairs

Date: __8/22/07_____         Date: __8/23/07_____


4