IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.,* | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |

## JOINT MOTION OF THE DEBTORS' AND THE CLAIMS PROCESSING FACILITY, INC. FOR ENTRY OF PROTECTIVE ORDER

The Debtors, together with the Claims Processing Facility, Inc. ("CPF") in its capacity solely as the claims processor for the Eagle-Picher Industries, Inc. Personal Injury Settlement Trust (the "EPI Trust"), respectfully request that this Court enter the attached protective order ("Protective Order") agreed upon by the Debtors and CPF. The Protective Order limits the use of documents and other information that may be produced by CPF in response to the Debtors' February 2, 2007 Fed. R. Civ. Proc. 45 non-party subpoena addressed to CPF (the "Subpoena," attached as Ex. A).

### Background

1. CPF received the Subpoena on or about February 7, 2007. In response to a request from the CPF, the Debtors re-issued an identical subpoena out of the United States Bankruptcy Court for the Southern District of Ohio on July 9, 2007 (attached as Ex. B).

2. CPF timely responded and objected to the Subpoena pursuant to Fed. R. Civ. Proc. 45 on or about February 16, 2007 (attached as Ex. C).[1]

---

[1] The law firm of Baron & Budd raised a separate objection concerning the scope of Document Request Number 1 annexed to the Subpoena. The Debtors have agreed to limit the scope of Document Request Number 1 to W.R. Grace & Co. claimants only, and this agreement resolves Baron and Budd's objection. (*See* 3/22/07 e-mail from A. Rich attached as Ex. D). While negotiation among the Debtors, CPF and the EPI Trust continue, agreement on the scope of the production or any potential deposition has not been finalized.

#130472 v1 - Grace Joint Motion for Protective Order
DOCS_DE:130472.1

## Basis for Relief

3. Among other objections, CPF asserts that the Subpoena requests confidential information subject to protection pursuant to Federal Rule of Civil Procedure 45(c)(3)(B).

4. Accordingly, the Debtors and CPF agree that a Protective Order in the form attached hereto is appropriate. The Protective Order will bind all Parties to the asbestos personal injury estimation proceeding, their counsel, witnesses, consultants and experts.

5. The Protective Order is made without prejudice to any of CPF's rights and objections with regard to the Subpoena, and does not limit the right of CPF to seek modification of the Protective Order.

## Conclusion

For the above reasons, the Debtors and CPF respectfully request entry of the attached Protective Order.

Wilmington, Delaware
Dated:  August 29, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Ellen Therese Ahern
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000


KIRKLAND & ELLIS LLP
Barbara M. Harding
David Mendelson
Amanda C. Basta
Brian T. Stansbury
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:   (202) 879-5000

#130472 v1 - Grace Joint Motion for Protective Order
DOCS_DE:130472.1

*And*

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession


HUGHES HUBBARD & REED LLP


/s/ Chistopher K. Kiplok
Christopher K. Kiplok
One Battery Park Plaza
New York, NY  10004-1482
Telephone:    (212) 837-6000
Facsimile:     (212) 422-4726

Counsel for Claims Processing Facility, Inc.