# EXHIBIT C



Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

February 16, 2007

<u>FAX & REGULAR MAIL</u>

Ellen Theresa Ahern, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
FAX (312) 861-2200

Re:   *In re: W&R Grace & Co., et al.,*
      <u>Case No. 01-01139 (JKF) (Bankr. D. Del.)</u>

Dear Ellen:

This firm is counsel to the Claims Processing Facility, Inc. ("CPF"). I write to preserve CPF's objections to the non-party subpoena dated February 2, 2007 addressed to it by your client in the above referenced matter (the "Subpoena"), and I look forward to discussing the Subpoena with you in due course.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and other applicable law, CPF's objections to the Subpoena include, without limitation, the following:

1. CPF objects to the Subpoena's document requests on the grounds that they are overly broad, unduly burdensome, vague and ambiguous. The overly broad, vague and ambiguous nature of the requests—which purport to demand the production of, *inter alia,* "all documents, materials and information ... for each person who has submitted a claim to the EPI Trust" over its ten year history *(more than 500,000 claimants)*—make a document search impossible, and well beyond any reasonable burden for a non-party;

2. CPF objects to the Subpoena's request for a witness on the grounds that the request is overly broad, unduly burdensome, vague and ambiguous. The overly broad, vague and ambiguous nature of the request—which purports to request a Rule 30(b)(6) witness to testify on diverse topics on less than four weeks notice—makes preparation of a corporate designee impossible, and well beyond any reasonable burden for a non-party;

Page 2

3. CPF objects to the Subpoena to the extent that it calls for the production of documents and testimony that are the property of and / or confidential to the Eagle Picher Industries, Inc. Personal Injury Settlement Trust (the "Trust") or the Trust's claimants and beneficiaries. The Trust falls within the jurisdiction of the United States Bankruptcy Court for the Southern District of Ohio, and accordingly any subpoena need issue from that Court to be even potentially enforceable;

4. Upon information and belief, by virtue of its overbroad nature the Subpoena calls for the production of documents and testimony that are not relevant to the claim or defense of any interested party, and CPF objects to the extent irrelevant documents or testimony are sought, including but not limited to documents or testimony related to individuals, entities and/or clients that are not at issue in the instant case and/or are not parties to the case, documents related to work unrelated to the subject matter of the case or documents relating to other cases;

5. Many of the documents and the information requested are available publicly or from the parties, and CPF, a non-party, should not be put to the time and expense of producing such documents and information where your client could obtain the information publicly, from other parties, or from its own files;

6. CPF objects to the Subpoena to the extent that it calls for the production of documents or information that constitute proprietary information, trade secrets or other confidential, research, development or commercial information of CPF or the Trust. Such documents and information have been developed at great expense to and effort by CPF and the Trust. Further, such documents and information are not relevant to the claims or defenses of any party;

7. CPF objects to the Subpoena to the extent that it purports to request that the CPF violate any applicable law (including without limitation laws governing privacy and confidentiality), violate the terms of the governing documents of the Trust, or otherwise seeks information that your client is not entitled to receive;

8. CPF objects to the Subpoena to the extent that it purports to require the production of documents or testimony that are protected by the attorney-client privilege, the work-product doctrine, rules governing the confidentiality of settlement discussions, or any other applicable privilege, rule, or duty of confidentiality which precludes or limits production or disclosure of information;

9. CPF objects to the Subpoena to the extent that it purports to impose any obligations upon CPF beyond those required by the Federal Rules of Civil Procedure, and any other applicable law;

10. CPF objects to the Subpoena to the extent that it calls for the production of any documents or testimony that are not in the possession, custody or control of CPF;

Page 3

11. The Subpoena is objectionable to the extent that it calls for production of material without your client's prior written commitment to pay for all reasonable costs of production, including copying costs, CPF's attorneys' fees, and all reasonable costs associated with any interruption of CPF's business occasioned by responding to the Subpoena; and

12. The Subpoena requests confidential information of CPF's client and/or CPF. Therefore, CPF objects to the Subpoena absent entry of an appropriate confidentiality order in each case protecting the confidentiality of the documents or testimony.

CPF otherwise reserves all of its rights regarding the Subpoena, including its rights to move to quash or to amend or supplement these objections. In making the above objections, CPF is not suggesting or implying in any way that it has documents or testimony responsive to any particular request.

In view of the above objections, no documents will be produced on February 19, 2007, nor will a witness appear on March 2, 2007. Nevertheless, in the spirit of cooperation, I am willing to discuss the scope of the Subpoena to see if we can resolve any issues amicably.

Very truly yours,

Christopher K. Kiplok

CKK/pf