IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: October 5, 2007 at 4:00 p.m.
Hearing Date: October 25, 2007 at 2:00 p.m.

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING SETTLEMENT OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ASBESTOS PROPERTY DAMAGE CLAIMS**

The Debtors have negotiated an agreement (the "Settlement") with asbestos property damage claimant The Prudential Insurance Company of America ("Prudential" or "Claimant") settling Prudential's asbestos property damage claims with claim numbers listed on Exhibit A to the attached proposed order (the "Claims"). Debtors and Prudential have negotiated in good faith to reach the Settlement and have determined it is in the best interests of the estate to approve the Settlement.

By this motion the Debtors hereby move this Court, pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rules 9018 and 9019, for the entry of an order approving the terms of the Settlement with Prudential and granting certain related relief. In support of this motion (the "Motion"), the Debtors respectfully represent as follows:

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

1. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. By order dated April 25, 2002, this Court set March 31, 2003, as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims [Docket No. 1960] (the "Bar Date").

3. On or prior to the Bar Date, Claimant filed the Claims against the Debtors on W. R. Grace & Co. Asbestos Property Damage Proof of Claim Forms.

4. On September 1, 2005, the Debtors filed their *15th Omnibus Objection (Substantive)* [Docket No. 9315] objecting to the Claims on various grounds. Claimant responded to the objections on or about October 24, 2005. Thereafter, Debtors and Claimant engaged in good faith and extensive negotiations regarding final resolution of the Claims. As a result of those negotiations, the parties have reached the agreement memorialized in the Settlement which liquidates and resolves all outstanding issues related to the Claims.

**The Settlements**

5. The salient terms of the Settlement are as follows:[1]

- The Settlement Amount represents a liquidation and allowance of the Claims.

---

[1] This summary and the terms and conditions of the Settlement described in this Motion are qualified in their entirety by the terms and conditions of the Settlement, a copy of which is attached hereto as Exhibit A. Capitalized terms used in the summary but not defined therein shall have the meaning ascribed to them in the Settlement.

2

K&E 12029893.3

- For purposes of voting with respect to solicitation of acceptances or rejections on any proposed Chapter 11 plan(s) in the Bankruptcy, to the extent that the Claims settled under the Agreement are eligible to vote on such plan(s) pursuant to Sections 1126 and/or 524(g) of the Bankruptcy Code, each Claimant shall be entitled to vote on any proposed Chapter 11 plan and the amount of each Claim for voting purposes shall be the respective Settlement Amount of the Claim as indicated on Exhibit A.

- The Claimant and the Debtors release all asbestos-related claims against each other.

- In the event that either: (a) the chapter 11 plan ultimately confirmed in the Bankruptcy does not provide each Claimant with Claimant's Recovery (as defined in the Agreement); or (b) the Bankruptcy is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code; or (c) the Court approves the solicitation of acceptances of any Chapter 11 plan pursuant to Section 1125 of the Bankruptcy Code where (i) such plan does not provide Claimant with the Claimant's Recovery, or (ii) the Claimant reasonably concludes that such plan will not provide Claimant with the Claimant's Recovery; or (d) Debtors breach the Agreement, the Claimants may void the Agreements and reassert their Claims as presently filed as if the Agreements had never been entered into. In the event that (a) the chapter 11 plan ultimately confirmed in the Bankruptcy: (i) is not proposed, supported or otherwise endorsed by Grace, and (ii) provides Claimant with treatment of its Claims that is materially more favorable than the Claimant's Recovery (as defined in the Agreement); or (b) or the Court approves the solicitation of acceptances of any Chapter 11 plan pursuant to Section 1125 of the Bankruptcy Code where (i) Grace formally opposes or files an objection to confirmation of such plan, and (ii) Grace reasonably concludes that such plan will provide Claimant with treatment of its Claims that is materially more favorable than the Claimant's Recovery under the Agreement or (c) Claimant breaches the Agreement, Debtors may void the Agreement. If the Claimant or Grace voids the Agreement, the Claimant, Grace or any successor Trustee may assert any claims or defenses it has under applicable law as if the Agreement was never entered into, including, but not limited to, reviving any objections to the Claims.

- The Parties agree to seek entry of a Court order that the Agreement, the Settlement provided for therein (whether or not consummated), and any actions taken pursuant to the Agreement shall not be construed, offered or received by anyone for any purpose whatsoever, including, but not limited to:

    - an estimation proceeding under section 502(c) of the Bankruptcy Code or an adjudication of the Claims,

    - as, or deemed to be, evidence of a presumption, concession or an admission concerning, or as evidence of, any point of fact or law, of any alleged fault, wrongdoing or liability whatsoever, or of the truth of any allegations or statements made in the Claim Objections filed by the Debtors, responses filed by the Claimants, or in any other pleadings, papers or documents filed with respect to the Claims, any objections to the Claims, or any other claims asserted against Grace or objections thereto; or

3

- as, or deemed to be, a presumption, concession or admission by Grace, or as evidence, that Grace's products are to be found or have been identified as present the Claimants' building or other facilities; or

- as, or deemed to be, a presumption, concession, or admission by Claimants concerning, or as evidence of, the value of the Claims or as a limitation on the amount of the Claims for any purposes other than the consummation and performance of this Agreement.

- However, as stated in Paragraph 23 of the Settlement, the Asbestos Property Damage Claimants Committee and non-settling Asbestos PD claimants have agreed to defer and thus reserve the right to challenge the provision in Paragraph 23 of the Settlement that does not allow for the Settlements to be construed, offered or received by anyone for any purpose whatsoever, including, but not limited to an estimation proceeding under section 502(c) of the Bankruptcy Code or in respect of confirmation of a plan of reorganization; provided, however, that the Debtors preserve their right to object to any such use.

### Request for Approval of the Settlement

6.     By this Motion, the Debtors seek authority, pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rules 9018 and 9019(a), to enter into the Settlement and thereby settle and resolve all issues pertaining to the Claim, as set forth in the Settlement.

**A.     Bankruptcy Rule 9019(a)**

7.     Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Compromises and settlements are "a normal part of the process of reorganization." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)).

8.     The standard that determines whether a settlement should be approved is whether the settlement is in the best interests of the estate. In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997); In re Genesis Health Ventures, Inc., 266 B.R. 591, 620 (Bankr. D. Del. 2001). The Third Circuit has adopted a balancing test incorporating four enumerated factors that the

K&E 12029893.3

bankruptcy court should consider in determining whether to approve a particular compromise or settlement because it is in the best interests of the estate: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. In re Martin, 91 F.3d 389, 393 (3rd Cir. 1996). The Third Circuit has recently held that the Martin factors apply in settling claims against the debtor's estate as well as those held by the estate. In re Nutraquest, Inc., 434 F.3d 639, 644 (3d Cir. 2006) ("[Objector's] primary argument is that Martin is only useful when analyzing a settlement of a claim belonging to the debtor, not a claim against the debtor. We disagree.").

9. In determining if a compromise or settlement is in the best interests of the estate, bankruptcy courts defer to the debtor's business judgment and approve the settlement as long as it settlement falls above the lowest point in the range of reasonableness. In re Key3Media Group, Inc., 336 B.R. 87, 93 (Bankr. D. Del 2005); In re Neshaminy Office Building Assoc., 62 B.R. 798, 803 (E.D. Pa. 1986); In re Eastwind, 303 B.R. 743, 750 (Bankr. E.D. Pa. 2004). The rationale behind the deference to the debtors' business judgment is the Third Circuit's holding that, "[t]o minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" In re Martin, 91 F.3d at 393 (quoting 9 Collier on Bankruptcy 9019.03[1] (15th Ed. 1993)).

B. **The Settlement is in the Best Interests of the Estate**

10. The Martin standards are met in this case and the Court should approve the Settlements as being in the best interests of the estate.

K&E 12029893.3

### a. Probability of Success

11. Debtors believe they have meritorious defenses that would result in disallowance or substantial reduction of the Claims if they were adjudicated. However, litigation always involves risks and, despite the Debtors' strong track record of having PD Claims disallowed and expunged or significantly reduced, there is the possibility that adjudicating the Claims would result in decisions adverse to the Debtors. Additionally, a large number of complicated legal and factual issues would be at issue, and the Claimant would strenuously contest each one, making the final outcome uncertain.

### b. Complexity and Expense of Litigation

12. Litigation surrounding asbestos property damage claims (the "PD Claims") tends to be complex and driven by a "war of experts" that is costly and lengthy. Litigating the Claims would inevitably involve a variety of disputes regarding both the applicable legal standards and the factual issues.

13. Indeed, the complex legal issues have already required extensive motion practice and discovery in these cases. And, certain factual issues are unique to each case and have required extensive discovery that has been costly and time consuming. Issues include analyzing the building and the alleged asbestos-containing surfacing material, expert evaluation of the alleged hazards, and <u>Daubert</u> hearings on expert testimony. Thus, it is possible that the cost of litigating the Claims could approach or exceed the actual value of the Claims, as well as the Settlement Amounts. Additionally, litigating the Claims would further burden the resources of the Court, the Debtors and various creditors.

K&E 12029893.3

### c.      Paramount Interests of the Creditors

14.     Additionally, resolving the Claims is, as the Court knows, part of an ongoing effort by the Debtors to either settle or disallow PD Claims, and thereby to remove a contentious body of claimants from the reorganization. Dealing with all of the PD Claims, either by dismissal or settlement, is necessary to complete the reorganization and will assist the Debtors and the Court in concentrating on other critical issues on the path towards a confirmable plan of reorganization. Therefore, settling the Claim is in the interest of all creditors.

15.     In light of the Debtors' experience in litigating PD Claims, the Settlements are fair and reasonable and in the estates' best interests, given the expected litigation costs, the opportunity to move the reorganization forward and the risks that the Claims would or would not be disallowed if adjudicated. For these reasons, the Settlement should be approved.

### Conclusion

16.     The Settlement has been negotiated in good faith and in the Debtors' business judgment is a fair and full resolution of the Claims. Therefore, the Settlement should be approved as it is in the best interests of the estates to liquidate the Claims.

### Notice

17.     A copy of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel to each of the official creditors' committees in these chapter 11 cases and the Future Claimants Representative; (iii) counsel to the Claimant; (iv) counsel for all remaining PD Claimants represented by counsel; (iv) counsel to the Debtors' postpetition lenders; and (v) all parties that have requested special notice pursuant to Bankruptcy Rule 2002.

18.     No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit "B," approving the terms of the Settlement, a copy of which is attached hereto as Exhibit "A."

Dated: August 29, 2007

KIRKLAND & ELLIS LLP
David M. Bernick
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession