## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF KIRKLAND & ELLIS
### FOR THE TWENTY-FOURTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Kirkland & Ellis for the Twenty-Fourth Interim Period</u>.

### BACKGROUND

1.      Kirkland & Ellis was retained as counsel to the Debtors.  In the Application, Kirkland & Ellis seeks approval of fees totaling $5,552,359.00 and costs totaling $1,913,453.63 for its services from January 1, 2007, through March 31, 2007.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on K&E an initial report based on our review, and received a response from K&E, portions of which response are quoted herein.

**DISCUSSION**

3.      In our initial report, we noted 16 conferences or meetings attended by multiple professionals.  (See Exhibit A.)  We asked K&E to examine the exhibit and in each instance explain the need for each professional's presence and the particular area of expertise each brought to the meeting.  K&E's response is provided as Response Exhibit 1.  We appreciate the response, but in three instances, we do not believe that response adequately addresses the need for participation of all firm members as described below.

-For the March 19, 2007 status conference, we do not believe that K&E has carried its burden of establishing that Ms. Labovitz's participation was necessary, and thus recommend a reduction of $2,849.50 (4.1 hours at $695.00 per hour) in fees.

-For the March 8, 2007 joint defense conference, we do not believe that K&E has carried its burden of establishing that Mr. Farrell's participation was necessary, and thus recommend a reduction of $467.50 (1.7 hours at $275.00 per hour) in fees.

-For the March 16, 2007 joint defense conference, we do not believe that K&E has carried its burden of establishing that Mr. Farrell's participation was necessary, and thus recommend a reduction of $357.50 (1.3 hours at $275.00 per hour) in fees.

We thus recommend a total reduction for the above-referenced time entries of $3,674.50 in fees.

4.      We noted that during the application period DLB spent a total of 9.80 hours for a total fee of $1,862.00 on data entry.  The entries are provided below.

| 3/2/2007 | Deborah L Bibbs | 7.00 | .............; input summary re same (3.3). |
| 3/5/2007 | Deborah L Bibbs | 7.00 | .........; input summary re same (3.2). |

3/13/2007        Deborah L Bibbs         7.00    ............; input summary re same (3.3).

We have consistently maintained that data entry is part of the word processing function, and, like other clerical tasks, should be billed at no more than $80.00 per hour.  We asked K&E to explain why billing for the cited tasks should not be reduced to the $80.00 per-hour level.  The firm's response is provided as Response Exhibit 2.  We appreciate the response.  As K&E notes in its response, we allowed the first part of each entry, "cross check correspondence database to identify necessary updates...", to be billed at Ms. Bibbs' usual rate.  However, we suggest that the 9.8 hours spent on inputting the summary still represents data entry and should have been billed at no more than $80.00 per hour.  We thus recommend a reduction of $1,078.00 in fees.

## CONCLUSION

5.        Thus we recommend approval of fees totaling $5,547,606.50 ($5,552,359.00 minus $4,752.50) and costs totaling $1,913,453.63 for K&E's services from January 1, 2007, through March 31, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
            Warren H. Smith
            Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 31st day of August, 2007.

_____
Warren H. Smith

**SERVICE LIST**
<u>Notice Parties</u>

**The Applicant**
Janet S. Baer
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1.      On January 3, 2007, six firm members (four Partners and two Associates) attended a conference.  The total time spent including any preparation and non-working travel time 36.30 hours[1] for a total fee of $18,640.00.

| 1/3/2007 | Amanda C Basta | 9.00 | Confer with experts and K&E team re causation (6.0);........... |
| 1/3/2007 | Brian T Stansbury | 7.60 | Confer with E. Ahern, S. McMillin, A. Basta, B. Harding and experts re questionnaire analysis (6.0);.......... |
| 1/3/2007 | Ellen T Ahern | 8.50 | Attend conference with A. Brockman, S. McCarthy, S. McMillin and B. Harding re exposure experts (7.0);........... |
| 1/3/2007 | Elli Leibenstein | 4.00 | ............; confer with consulting experts re claims (2.0);............. |
| 1/3/2007 | Barbara M Harding | 12.40 | Prepare for conference with consultants (1.5); confer with consultant, E. Leibenstein, S. McMillin, E. Ahern, B. Stansbury and A. Basta (6.0);............ |
| 1/3/2007 | Scott A McMillin | 10.00 | Prepare for conference with experts re exposure assessment and claims analyses (.2); attend conference re same (6.0);................. |
| ½/2007 | Scott A McMillin | 0.80 | Travel to Washington, DC for conference with experts (billed at half time). |
| 1/3/2007 | Scott A McMillin | 0.80 | Return travel from Washington, DC from conference with experts (billed at half time). |

2.      On January 23, 2007, four firm members (all Partners) attended a hearing in Wilmington, DE.  The total time spent including any preparation and non-working travel time 68.50 hours[2] for a total fee of $50,903.00.

_____

[1] Time for this entry was located in the following project categories - (i) Claim Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

[2] Time for this entry was located in the following project categories - (i) Claim Analysis Objection & Resolution (Asbestos); (ii) Hearings; and (iii) Travel Non-Working.

| | | | |
|---|---|---|---|
| 1/16/2007 | David M Bernick, P.C. | 5.30 | ........; confer with J. Restivo and preparation for omnibus hearing (3.3). |
| 1/17/2007 | David M Bernick, P.C. | 5.30 | .............; prepare for hearings (4.0). |
| 1/19/2007 | Janet S Baer | 5.60 | ...........; confer with D. Bernick, L. Esayian, B. Harding and E. Leibenstein re preparation for 1/23 hearing (.8);.........; assemble materials in preparation for 1/23 hearing (1.5);........... |
| 1/19/2007 | Lisa G Esayian | 6.00 | Confer with D. Bernick re issues for 1/23/07 hearing (1.0);............. |
| 1/19/2007 | Barbara M Harding | 8.20 | ...........; confer with D. Bernick and J. Baer re preparation for exclusivity and omnibus hearing (1.0);.......... |
| 1/21/2007 | David M Bernick, P.C. | 6.00 | Prepare for hearings. |
| 1/22/2007 | Barbara M Harding | 10.20 | Prepare for omnibus hearing, including review draft graphics, documents, draft correspondence and confer with D. Bernick and J. Baer (7.7); review memoranda and documents re expert preparation (2.0); draft correspondence re same (.5). |
| 1/22/2007 | David M Bernick, P.C. | 10.00 | Prepare for omnibus hearing and exclusivity appeal hearing. |
| 1/23/2007 | Lisa G Esayian | 4.00 | .........; attend Grace omnibus hearing (2.5);......... |
| 1/23/2007 | Barbara M Harding | 5.00 | Review pleadings and transcripts re preparation for omnibus hearing (3.0); review and analyze documents re expert preparation (2.0). |
| 1/23/2007 | David M Bernick, P.C. | 9.00 | Prepare for and attend omnibus hearing. |
| 1/5/2007 | Janet S Baer | 0.40 | Review January omnibus preliminary agenda and confer with J. O'Neill re same. |
| 1/11/2007 | Janet S Baer | 0.20 | Prepare  notification re January 23 hearing |

|            |                  |       | time change. |
|------------|------------------|-------|--------------|
| 1/11/2007  | Janet S Baer     | 0.30  | Follow up re outstanding open items for upcoming hearing. |
| 1/16/2007  | Janet S Baer     | 0.30  | Confer re preparation materials for January omnibus hearing. |
| 1/17/2007  | Janet S Baer     | 0.60  | Discuss matters re hearing preparation sessions for exclusivity appeal and January omnibus (.3); confer re same (.3). |
| 1/21/2007  | Janet S Baer     | 2.90  | ............; prepare correspondence re PI issues for January 23 hearing (.3);......... |
| 1/22/2007  | Janet S Baer     | 8.60  | .........; review materials on PI issues for January 23 omnibus hearing re consultant issues and asbestos estimates (.8);........; review additional materials re actuarial issues and PD issues for January omnibus hearing (1.0). |
| 1/23/2007  | Janet S Baer     | 6.20  | Prepare for January omnibus hearing (1.0); attend January omnibus hearing (4.7);....... |
| 1/23/2007  | Barbara M Harding | 2.90 | Attend omnibus hearing (1.2);........ |
| 1/23/2007  | Janet S Baer     | 1.70  | Travel from Wilmington, DE back to Chicago, IL after January omnibus hearing (billed at half time). |
| 1/23/2007  | Lisa G Esayian   | 1.70  | Travel to Chicago from hearing (billed at half time). |

3.  On January 21, 2007, six firm members (four Partners and two Associates) attended a conference. The total time spent including any preparation time 19.40 hours for a total fee of $12,044.00.

| 1/19/2007  | Tyler D Mace     | 4.50  | Confer with joint defense re appeal strategy (2.6);........... |
|------------|------------------|-------|--------------|
| 1/19/2007  | Michael D Shumsky | 3.50 | Prepare for conference re government's Ninth Circuit appeal (1.6); attend same (1.9). |

| 1/19/2007 | William B Jacobson | 2.70 | .........; review and analyze appellate brief and confer with C. Landau and L. Urgenson re appeal (2.0). |
|---|---|---|---|
| 1/19/2007 | Mark E Grummer | 3.30 | Review and analyze U.S. appeal brief re CAA issues (1.4); confer with joint defense counsel re same (1.9). |
| 1/19/2007 | Christopher Landau, P.C. | 3.00 | Review and analyze government's brief (1.1); confer with team and co-counsel re same (1.9). |
| 1/19/2007 | Laurence A Urgenson | 5.10 | Review and analyze government brief and related documents (3.2); confer with C. Landau, W. Jacobson, M. Grummer and M. Shumsky re same (1.0); confer with joint defense group re same (.8);........... |

4.      On February 26, 2007, five firm members (four Partners and one Associate) attended a hearing in Wilmington, DE. The total time spent including any preparation and non-working travel time 49.10 hours[3] for a total fee of $29,026.00.

| 2/23/2007 | Lori Sinanyan | 1.00 | ...............; begin to prepare for hearing on objection to Volovsek's claim (.4);............... |
|---|---|---|---|
| 2/25/2007 | Lori Sinanyan | 2.90 | Prepare for hearing on objection to Volovsek's claim (2.1);............ |
| 2/26/2007 | Janet S Baer | 1.10 | Review materials re Volovsek for claims objection hearing (.8);............ |
| 2/26/2007 | Lori Sinanyan | 12.50 | ...........; attend omnibus hearing for objection to Volovsek's claim (1.2); prepare for hearing on objection to Volovsek's claim (5.9);.............. |
| 2/15/2007 | Amanda C Basta | 8.90 | ................; develop content for graphics for February omnibus hearing (.5); confer with S. Michaels re same (.2);...........; confer with B. Harding re orders and graphics for February omnibus hearing (.7); confer with J. Baer and S. Blatnick re National Union hearing preparation (.5);............. |

---

[3] Time for this entry was located in the following project categories - (i) Claims Analysis Objection and Resolution (Non-Asbestos), (ii) Claims Analysis Objection & Resolution (Asbestos); (iii) Hearings; and (iv) Travel Non-Working.

| | | | |
|---|---|---|---|
| 2/20/2007 | Amanda C Basta | 8.90 | ............; review documents in preparation for National Union litigation hearing (1.0). |
| 2/20/2007 | Barbara M Harding | 11.80 | .................; review and respond to correspondence re expert preparation issues, discovery and preparation for omnibus hearing (1.5). |
| 2/26/2007 | Janet S Baer | 4.00 | Review materials re PD issues and PI issues for omnibus hearing (.7); confer with D. Bernick and review and assemble materials re issues on PI questionnaires and related discovery for hearing (3.0);........... |
| 2/26/2007 | Amanda C Basta | 6.10 | ...........; attend omnibus hearing telephonically as senior associate responsible for estimation case fact development (2.5);...........; confer with J. Baer re omnibus hearing preparation (.3); draft correspondence re omnibus hearing preparation (1.0);............... |
| 2/26/2007 | Lisa G Esayian | 5.00 | ..............;  participate in Grace telephonic court hearing (2.5). |
| 2/26/2007 | Barbara M Harding | 10.30 | Review transcripts in preparation for hearing (2.0); draft correspondence to D. Bernick, J. Baer and J. O'Neill re hearing preparation materials (1.0); prepare re same (1.8); confer with N. Finch re same (.2);................; attend omnibus hearing (2.5);........... |
| 2/23/2007 | Janet S Baer | 1.00 | Review draft orders for hearing and confer with J. O'Neill re same (.4); review correspondence re same (.3); follow-up on organization of materials for 2/26 hearing (.3). |
| 2/25/2007 | Janet S Baer | 1.00 | Review and organize materials for 2/26 Omnibus hearing. |
| 2/26/2007 | Janet S Baer | 2.50 | Attend February hearing. |
| 2/25/2007 | Lori Sinanyan | 4.20 | Travel to Wilmington, DE for February 26 omnibus hearing and Volovsek claim objection (billed at half time). |

| 2/26/2007 | Janet S Baer | 3.50 | Travel to Wilmington, DE for February omnibus hearing and back to Chicago, IL after same (billed at half time). |
| 2/26/2007 | Barbara M Harding | 0.50 | Travel to and from hearing in Wilmington, DE (billed at half time). |
| 2/27/2007 | Lori Sinanyan | 4.10 | Return travel from Grace omnibus hearing (billed at half time). |

5.    On February 2, 2007, four firm members (three Partners and one Associate) attended a telephonic hearing. The total time spent including any preparation time 6.70 hours for a total fee of $3,631.50.

| 2/1/2007 | Scott A McMillin | 2.50 | ...........; prepare for hearing on motion to modify x-ray order (.5). |
| 2/2/2007 | Janet S Baer | 2.70 | ........; participate in Court telephonic hearing (.3);....... |
| 2/2/2007 | Brian T Stansbury | 12.00 | ...............; attend to telephonic hearing (1.0). |
| 2/2/2007 | Barbara M Harding | 2.20 | Review documents re discovery issue (.6); confer with client re same (.2); correspond with J. Baer, S. McMillin and D. Bernick re same (.4); attend hearing re same (1.0). |
| 2/2/2007 | Scott A McMillin | 3.90 | Prepare for hearing (1.7); participate in telephonic hearing re motion to modify x-ray order (1.0);......... |

6.    On February 5, 2007, four firm members (three Partners and one Associate) attended a telephonic hearing. The total time spent including any preparation time 10.80 hours for a total fee of $5,580.50.

| 2/5/2007 | Janet S Baer | 3.20 | ...............; participate in telephonic hearing re x-ray issue (1.5);............ |
| 2/5/2007 | Brian T Stansbury | 5.80 | Prepare for x-ray hearing (3.8); participate in x-ray hearing and draft memorandum re same (2.0). |
| 2/5/2007 | Barbara M Harding | 7.90 | .........; attend telephonic hearing re x-ray issues (1.5);............ |
| 2/5/2007 | Scott A McMillin | 3.80 | Prepare for hearing (.5); participate in telephonic |

hearing re x-ray order (1.5);...........

7.    On February 8, 2007, four firm members (two Partners and two Associates) attended a conference. The total time spent including any preparation and non-working travel time was 17.20 hours[4] for a total fee of $8,506.50.

| 2/8/2007 | Brian T Stansbury | 7.70 | ............; confer with J. Hughes, S. McMillin, B. Harding, E. Ahern re expert analysis (6.0). |
|----------|-------------------|------|------------------------------------------------------------------------------------------------|
| 2/8/2007 | Evan C Zoldan | 1.70 | Prepare for team conference re expert reports (.8); confer with team and outside experts re expert reports (.9). |
| 2/8/2007 | Barbara M Harding | 12.10 | .............;   prepare for conference with client, consultants, S. McMillin, E. Ahern, B. Stansbury and A. Klapper (1.8);.................. |
| 2/8/2007 | Scott A McMillin | 6.70 | Prepare for and confer with experts and client re exposure issues and preparing expert reports re same (5.7);............. |
| 2/8/2007 | Scott A McMillin | 1.00 | Travel to Washington, DC for conferences with client and experts (billed at half time). |
| 2/9/2007 | Scott A McMillin | 1.00 | Return travel from conference with experts and client in Washington, DC (billed at half time). |

8.    On February 9, 2007, six firm members (four Partners and two Associates) attended a conference. The total time spent including any preparation time was 23.30 hours for a total fee of $11,768.50.

| 2/9/2007 | Brian T Stansbury | 6.60 | ..........; participate in conference with S. McMillin, E. Ahern, B. Harding and experts re expert analysis (3.3);........... |
|----------|-------------------|------|------------------------------------------------------------------------------------------------|
| 2/9/2007 | Evan C Zoldan | 6.30 | Confer with team and outside experts re expert reports. |
| 2/9/2007 | Ellen T Ahern | 1.70 | .............; participate in third-party discovery conference (.5). |

---

[4] Time for this entry was located in the following project categories - (i) Claims Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

| 2/9/2007 | Theodore L Freedman | 2.50 | ...........; participate in conference (1.2). |
|---|---|---|---|
| 2/9/2007 | Barbara M Harding | 14.80 | Prepare for and attend conference with S. McMillin, E. Ahern, A. Klapper, consultants and client re expert preparation issues (6.2);.............. |
| 2/9/2007 | Scott A McMillin | 9.10 | Prepare for and confer with client and experts re epidemiology issues (5.8);........... |

9.    On February 13, 2007, seven firm members (five Partners and two Associates) attended a conference.  The total time spent including any preparation time was 23.30 hours for a total fee of $12,506.00.

| 2/13/2007 | Janet S Baer | 5.30 | ............; participate in conference with D. Bernick, E. Ahern, S. McMillin, B. Harding and A. Basta re PI estimation strategy (3.5);.......... |
|---|---|---|---|
| 2/13/2007 | Amanda C Basta | 8.40 | ...........; participate in team conferences re estimation status and strategy as senior associate responsible for factual development of case (2.5);........... |
| 2/13/2007 | Matthew E Nirider | 3.80 | Prepare for and participate in conference (3.1);......... |
| 2/13/2007 | Ellen T Ahern | 8.50 | Prepare for and participate in PI strategy and status conference with D. Bernick (4.3);........... |
| 2/13/2007 | Elli Leibenstein | 4.00 | Participate in team conference re estimation (3.0);........... |
| 2/13/2007 | Barbara M Harding | 9.60 | Preparation for conference with D. Bernick and trial team re trial strategy (.5); confer re same (3.0);.......... |
| 2/13/2007 | Scott A McMillin | 6.50 | ...........; prepare for team meetings re discovery and preparation for estimation trial (.4); confer re same (3.0);............. |

10.    On February 23, 2007, eight firm members (six Partners and two Associates) attended a conference.  The total time spent including any preparation time was 5.90 hours for a total fee of $3,343.50.

| 2/23/2007 | David E Mendelson | 7.20 | ...............; prepare for and attend conference with D. Bernick and senior team members (.8);........... |
|---|---|---|---|

| 2/23/2007 | Janet S Baer | 5.30 | .................;  participate in team conference re estimation and PD status (.8);............. |
| 2/23/2007 | Salvatore F Bianca | 3.60 | Prepare for and attend Grace team conference re PI claims estimation and PD claims adjudication (.8);........... |
| 2/23/2007 | Michael Dierkes | 0.60 | Attend team conference. |
| 2/23/2007 | Lisa G Esayian | 6.80 | ...........; confer with D. Bernick and K&E team re all current PD and PI matters (1.0). |
| 2/23/2007 | Barbara M Harding | 10.60 | .................; confer with D. Bernick, E. Leibenstein, J. Baer and A. Basta re same (.5);......... |
| 2/23/2007 | Scott A McMillin | 6.30 | ..............;  prepare  for and participate in team conference re litigation strategy (.7);........... |
| 2/23/2007 | Andrew R Running | 1.40 | ...............; participate in internal Kirkland conference to review the status of litigation assignments (.7). |

11.    On March 8, 2007, thirteen firm members (eight Partners, four Associates and one Legal Assistant) attended a status conference.  The total time spent including any preparation and non-working travel time was 82.50 hours[5] for a total fee of $40,443.50.

| 3/8/2007 | David E Mendelson | 8.00 | Prepare  for   and attend strategy conference (4.5);.............. |
| 3/8/2007 | Janet S Baer | 7.20 | Confer with PI estimation team re status of case development, strategy and expert issues (5.2);............... |
| 3/8/2007 | Daniel T Rooney | 10.50 | Confer with attorney team re PI projects (6.0);........... |
| 3/8/2007 | James Golden | 5.00 | Attend PI team conference. |
| 3/8/2007 | Amanda C Basta | 5.50 | Prepare for team conference re trial strategy (.5); attend same (5.0). |
| 3/8/2007 | Brian T Stansbury | 5.20 | Confer with E. Liebenstein, B. Harding, S. Bianca, |

---

[5] Time for this entry was located in the following project categories - (i) Clam Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

|            |                       |       |                                                                                                                                                              |
|------------|-----------------------|-------|--------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |                       |       | S. McMillin, A. Basta, E. Ahern, E. Zoldan, A. Running and D. Mendelson re estimation plan.                                                                   |
| 3/8/2007   | Evan C Zoldan         | 5.30  | Confer with team re expert data and testimony.                                                                                                                |
| 3/8/2007   | Ellen T Ahern         | 7.50  | Prepare for expert conference including revise slides re doctor screens for conference (2.0); participate in conference re trial evidence and expert issues (5.0);.......... |
| 3/8/2007   | David M Bernick, P.C. | 4.20  | .................; conduct telephone conference with client re strategy (.8);...........                                                                      |
| 3/8/2007   | Elli Leibenstein      | 5.50  | Participate in team conference re estimation (5.0);...........                                                                                                |
| 3/8/2007   | Barbara M Harding     | 13.10 | Prepare for PI team conference re trial strategy (3.2); attend conference with PI team re same (5.2);.............                                            |
| 3/8/2007   | Scott A McMillin      | 6.10  | Prepare for team conference re claims filters and preparation for estimation trial (.8); attend same (5.0);............                                       |
| 3/8/2007   | Andrew R Running      | 5.60  | Prepare for internal K&E team conference with B. Harding, E. Leibenstein and others re PI estimation trial preparation issues (.2); attend same (5.0);..........  |
| 3/7/2007   | David E Mendelson     | 1.60  | Travel to Chicago, IL (billed at half time).                                                                                                                  |
| 3/7/2007   | Evan C Zoldan         | 2.50  | Travel to Chicago, IL for conference re expert data (billed at half time).                                                                                    |
| 3/8/2007   | Amanda C Basta        | 2.00  | Travel from Chicago, IL (billed at half time).                                                                                                                |
| 3/8/2007   | Brian T Stansbury     | 3.40  | Travel to Chicago, IL for estimation conference (1.8) (billed at half time); return travel to Washington, DC (1.6) (billed at half time).                    |
| 3/8/2007   | Evan C Zoldan         | 2.80  | Travel from conference in Chicago, IL (billed at half time).                                                                                                  |
| 3/9/2007   | David E Mendelson     | 1.30  | Travel to Chicago, IL (billed at half time).                                                                                                                  |

12.    On March 15, 2007, four firm members (all Partners) attended a conference with experts.  The total time spent including any preparation and non-working travel time was 25.00 hours[6] for a total fee of $13,798.50.

| | | | |
|---|---|---|---|
| 3/15/2007 | Ellen T Ahern | 9.30 | Attend confernece with consultants and experts re exposure issues for supplemental reports (6.3); prepare for conference re expert estimation analysis and revise graphics for same (2.0);........... |
| 3/15/2007 | Elli Leibenstein | 3.50 | Confer with consulting expert re claims (1.0); confer with consulting expert re estimation (1.0);........... |
| 3/15/2007 | Barbara M Harding | 10.10 | Prepare for conference with expert (1.7); confer with expert, consultants and S. McMillin and conferences with PI team re follow up issues (5.2);............. |
| 3/15/2007 | Scott A McMillin | 8.30 | Prepare for and participate in conference with exposure experts (5.8);............ |
| 3/14/2007 | Scott A McMillin | 1.00 | Travel to Washington, DC for conference with exposure experts (billed at half time). |
| 3/15/2007 | Scott A McMillin | 1.00 | Return travel from conference with exposure experts in Washington, DC (billed at half time). |

13.    On March 19, 2007, thirteen firm members (ten Partners and three Associates) attended a status conference.  The total time spent including any preparation and non-working travel time was 92.60 hours[7] for a total fee of $54,504.50.

| | | | |
|---|---|---|---|
| 3/16/2007 | Elli Leibenstein | 2.00 | ................; prepare for meeting re claims (.5). |
| 3/18/2007 | David E Mendelson | 3.40 | Prepare for team strategy conference (1.4);........... |
| 3/18/2007 | Ellen T Ahern | 0.50 | Confer with Grace attorneys re preparation for March 19 meeting and presentation materials. |
| 3/18/2007 | David M Bernick, P.C. | 2.00 | Prepare for estimation meeting. |

---

[6] Time for this entry was located in the following project categories - (i) Clam Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

[7] Time for this entry was located in the following project categories - (i) Clam Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

| 3/18/2007 | Barbara M Harding | 4.20 | Prepare for trial strategy conference, including review documents and draft graphics, charts, agenda and correspondence to E. Leibenstein, D. Bernick, J. Baer, S. McMillin, B. Stansbury and A. Basta. |
| 3/19/2007 | David E Mendelson | 6.10 | Prepare for and attend team strategy conference (5.2);............. |
| 3/19/2007 | Janet S Baer | 6.30 | ................; participate in client conference re PI estimation (2.5);............; review pending matters in preparation for team conference (.5). |
| 3/19/2007 | Amanda C Basta | 4.50 | Participate in client conference re status and strategy. |
| 3/19/2007 | Brian T Stansbury | 4.90 | Confer with J. Hughes, D. Bernick, T. Friedman, E. Liebenstein, B. Harding, S. McMillin, E. Ahern D. Mendelson and A. Basta re claims filters. |
| 3/19/2007 | Evan C Zoldan | 5.30 | Confer with team re status of expert report and further research. |
| 3/19/2007 | M Natasha Labovitz | 5.00 | Prepare for and attend team conference re litigation strategy (4.1);........... |
| 3/19/2007 | Ellen T Ahern | 8.50 | Prepare for and attend conference re expert issues and estimation of trial plans (6.5);......... |
| 3/19/2007 | David M Bernick, P.C. | 6.00 | Prepare for and attend estimation meeting. |
| 3/19/2007 | Theodore L Freedman | 6.50 | Confer re estimation. |
| 3/19/2007 | Elli Leibenstein | 9.00 | Participate in team conference re estimation (5.0); prepare for same (2.0);......... |
| 3/19/2007 | Barbara M Harding | 11.30 | Prepare for conference re estimation trial strategy with D. Bernick (5.6); attend same with PI team and client (4.9);........... |
| 3/19/2007 | Scott A McMillin | 6.90 | Prepare for and participate in defense team conference with client re preparation for estimation trial (5.0);............ |
| 3/19/2007 | Andrew R Running | 4.80 | Participate by telephone in internal K&E team |

conference with D. Bernick, T. Freedman, J. Hughes, B. Harding and others re preparations for PI estimation trial.

| 3/18/2007 | David E Mendelson | 0.80 | Travel to New York, NY (billed at half time). |
| 3/18/2007 | Elli Leibenstein | 1.00 | Travel to team conference re claims (billed at half time). |
| 3/19/2007 | David E Mendelson | 0.80 | Travel to New York, NY (billed at half time). |
| 3/19/2007 | Amanda C Basta | 2.50 | Travel to and from New York, NY for client conference (billed at half time). |
| 3/19/2007 | Brian T Stansbury | 1.50 | Return travel to Washington, DC from New York, NY (billed at half time). |
| 3/19/2007 | Elli Leibenstein | 0.80 | Travel to Chicago, IL from conference (billed at half time). |
| 3/19/2007 | Scott A McMillin | 3.30 | Travel to and from New York, NY for conference with client and defense team re estimation trial (billed at half time). |

14. On March 19, 2007, six firm members (four Legal Assistants and two Case Assistants) attended a support team status conference. The total time spent including any preparation and non-working travel time was 32.30 hours[8] for a total fee of $5,911.50. Please explain why this status conference required the attendance of six firm members?

| 3/19/2007 | Daniel T Rooney | 7.00 | Confer with Washington support team re database and production issues (5.0);........... |
| 3/19/2007 | Michael A Rosenberg | 5.30 | Attend PI team conference. |
| 3/19/2007 | Stephanie A Rein | 7.50 | Attend conference re Concordance and Livenote with D. Rooney and M. Rosenberg (3.0);.......... |
| 3/19/2007 | Laura E Mellis | 8.50 | ...........; confer with D. Rooney and M. Rosenberg re electronic case files (5.8). |

---

[8] Time for this entry was located in the following project categories - (i) Clam Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working.

| | | | |
|---|---|---|---|
| 3/19/2007 | Britton R Giroux | 7.50 | Confer with D. Rooney re Concordance and Livenote applications (4.5);............ |
| 3/19/2007 | David M Boutrous | 7.50 | .........; confer with M. Rosenberg and D. Rooney re case management files (3.5). |
| 3/19/2007 | Daniel T Rooney | 3.00 | Return travel from Chicago, IL to Washington, DC (billed at half time). |
| 3/20/2007 | Daniel T Rooney | 2.20 | Travel from Washington, DC to Chicago, IL (billed at half time). |

15.    On March 8, 2007, seven firm members (four Partners and three Associates) attended a joint defense conference.  The total time spent including any preparation time was 12.00 hours for a total fee of $6,175.00.

| | | | |
|---|---|---|---|
| 3/8/2007 | Tyler D Mace | 6.30 | Confer with co-counsel re status of appeal and 2007 workplan (2.4); prepare for same with L. Urgenson (1.1);............... |
| 3/8/2007 | Michael D Shumsky | 3.50 | ...........; participate in conference re same (1.7). |
| 3/8/2007 | Peter A Farrell | 1.90 | Participate in conference with L. Urgenson, C. Landau, M. Grummer, T. Mace, M. Shumsky and joint defense re appeal and case next steps (1.7);........... |
| 3/8/2007 | Mark E Grummer | 5.00 | ...........; prepare for and participate in conference of joint defense counsel re appeal brief status and next steps (1.2);.......... |
| 3/8/2007 | Christopher Landau, P.C. | 9.00 | .........; confer with joint defense group re same (1.1). |
| 3/8/2007 | Scott A McMillin | 1.00 | Attend joint defense conference re appellate brief. |
| 3/8/2007 | Laurence A Urgenson | 4.00 | ...........; prepare for defense conference (.7); attend same (1.1);........... |

16.    On March 16, 2007, seven firm members (four Partners and three Associates) attended a joint defense conference.  The total time spent including any preparation time was 11.00 hours for a total fee of $6,116.50.

| | | | |
|---|---|---|---|
| 3/16/2007 | Tyler D Mace | 2.30 | Confer with co-counsel re appellate brief and |

preparation re same.

| 3/16/2007 | Michael D Shumsky | 1.30 | Participate in conference re Ninth Circuit appeal. |
| 3/16/2007 | Peter A Farrell | 1.60 | ..........; participate in conference re status of appellate brief (1.3). |
| 3/16/2007 | Mark E Grummer | 7.90 | ........; prepare for and participate in conference with defense counsel re same (3.0);...... |
| 3/16/2007 | Renee D Smith | 0.50 | Participate in conference re appellate briefs. |
| 3/16/2007 | Christopher Landau, P.C. | 3.80 | .........; confer with team re same (1.3). |
| 3/16/2007 | Laurence A Urgenson | 1.80 | ..........; participate in joint defense conference re same (1.3). |

Response Exhibit 1

The Initial Report requests greater explanation concerning multiple professionals' attendance at, and preparation for, eleven conferences and four hearings. The following lettered paragraphs explain the topic(s) of each conference or hearing and the need for each professional's participation therein. As has been explained before, it is not K&E's routine practice to have multiple K&E attorneys at conferences and hearings. When multiple professionals participated in a conference or hearing, they did so because: (a) K&E made the conscious decision that it was more advantageous to have multiple professionals participate, rather than relying on information to "flow down" after the conference or hearing had concluded, (b) a particular professional's input was required for certain portions of the conference and, when possible, the professional only attended the relevant portions of the conference or hearing at issue, and/or (c) that individual brought particular expertise and issue preparation to the conference or hearing, and so his/her presence was critical.

Multiple professionals' participation/attendance at certain conferences and hearings has been particularly important in these Chapter 11 cases, because of the multiple proceedings pending in multiple forums, all of which are ultimately connected to these Chapter 11 cases. It is critical that, for example, members of the criminal defense team meet regularly and coordinate with the asbestos personal injury ("PI") team, as many of the matters addressed in the defense of the criminal indictment will relate directly to the allowance and viability of certain PI claims. In addition, discovery ongoing in the PI estimation tracks certain discovery from the criminal case and coordination of efforts among the two teams has been necessary. Further, since almost all of the hearings address more than one aspect of these cases, it is more advantageous to the Debtors and efficient for preparation purposes if the professional presenting certain matters at the hearing has been intimately involved in those matters.

This reasoning will be further explained below, in the context of each individual questioned conference and hearing.

(a)    January 3, 2007 conference (Interim Report, Exhibit A, Item 1)

Ahern/ Basta/ Harding/ Leibenstein/ McMillin/ Stansbury

The January 3, 2007 conference was attended by K&E attorneys and experts in which they discussed issues regarding exposure to Grace products and asbestos material, analysis of the PI questionnaires and causation between Grace products and asbestos material and an asbestos-related disease.

Ms. Harding participated as she is the lead litigation partner on the PI team who is in charge of the day-to-day work for the estimation especially involving experts. Ms. Ahern, a litigation partner, attended the conference as she is responsible for the PI causation experts. Mr. McMillin, a litigation partner, attended the conference as he is responsible for certain PI expert development and certain classes of more serious asbestos PI claims. Mr. Stansbury, a litigation associate on both the criminal and PI teams responsible for the development of expert reports, attended this conference

in order to address questions regarding the expert reports for which he was responsible. Ms. Basta, a litigation associate, attended the conference as she is the senior associate responsible for estimation case fact development and issues regarding non-compliance with the questionnaires and has personally reviewed the questionnaires making her presence critical. Finally, Mr. Leibenstein's participation was necessary as he is the litigation partner who is working directly with the Grace estimation experts in their preparation of the asbestos PI valuation reports.

(b)    January 23, 2007 hearing (Interim Report, Exhibit A, Item 2)

Baer/ Bernick/ Esayian/ Harding

Mr. Bernick and I conducted this omnibus hearing on behalf of the Debtors. I attended in my role as the senior member of the restructuring team responsible for supporting the asbestos property damage ("PD") and PI litigation teams in the estimation process. I addressed certain pure bankruptcy-related motions including the Debtors' objections to certain non-asbestos claims.

Mr. Bernick participated in his role as senior attorney and quarterback of the entirety of the Debtors' cases. Mr. Bernick is the major architect of the Debtors' estimation approach. Mr. Bernick argued the Debtors' motion for a protective order and to quash the Rule 30(b)(6) deposition notice that was issued by the Future Claimants Representative and the Asbestos PI Committee and the Debtors' objection to the Asbestos PI Committee's motion to compel production of certain actuarial studies. Mr. Bernick also addressed issues related to the availability of X-rays and requests for more time to supplement the questionnaires. Ms. Harding participated in her role as described in paragraph (a) and prepared and supported Mr. Bernick's presentation which necessitated her attending the hearing.

Ms. Esayian is the senior litigation partner overseeing the PD process, especially related to the Speights & Runyan claims. Ms. Esayian assisted and supported Mr. Bernick regarding matters relating to various PD claims including issues related to class certification. As such, her attendance of that part of the hearing via telephone was essential.

Ms. Harding's time on January 22, 2007 ("review memoranda and documents re expert preparation (2.0); draft correspondence re same (.5)") and January 23, 2007 ("review and analyze documents re expert preparation (2.0)") were unrelated to the hearing on January 23, 2007.

(c)    January 21, 2007 conference (Interim Report, Exhibit A, Item 3)

Grummer/ Jacobson/ Landau/ Mace/ Shumsky/ Urgenson

The January 21, 2007 conference was a "joint defense" conference scheduled for the K&E criminal defense team and the other law firms representing Grace and seven former Grace employees to discuss the Government's appeal of the criminal case originally scheduled to commence on September 11, 2006, in Missoula, Montana. The charges related to the Debtors' former vermiculite mining and processing activities in Libby, Montana, as well as to events arising from EPA's cleanup of the Libby area, which began in November 1999. The joint defense conferences provide an

opportunity for all criminal team co-counsel to discuss and coordinate various aspects of Grace's criminal defenses. This specific conference was held upon receipt of the government's opening appellate brief. The attendees, as described below, represented the K&E attorneys most responsible for litigating the government's interlocutory appeal before the Court of Appeals for the Ninth Circuit. This initial conference was necessary in order to communicate among the team and develop a preliminary strategy for Grace's response brief.

Mr. Urgenson, the senior litigation partner on the criminal matter, is ultimately responsible for all of Grace's criminal defense efforts. He attended the January 21st conference in this capacity. Mr. Jacobson, the junior litigation partner on the criminal matter at that time, managed the legal strategy, motions practice and factual development of Grace's defense. As such, his participation in this conference was necessary. Mr. Mace participated as the lead litigation associate on the criminal defense team, responsible for, among other things, the coordination of discovery and defense efforts with the individual defendants, as well as day-to-day management of the matter.

Mr. Landau is the firm's lead appellate lawyer. He leads Grace's efforts in responding to the government's second interlocutory appeal and argued the matter before the Ninth Circuit panel in June of 2007, and as such his participation at the conference was essential. Mr. Shumsky is a mid-level associate in the firm's appellate group and is the lead associate responsible for the appellate matters pending in the Ninth Circuit. He participated in order to discuss the status of the appeal. Mr. Shumsky ultimately was the lead draftsperson on the appellate briefs and he argued the first appeal of the criminal case in July 2006. He also provides support on the motions practice of the criminal team. As environmental partner on the criminal matter, Mr. Grummer participated in the conference to address environmental issues that relate to the indictment and appeal.

(d)    February 26, 2007 hearing (Interim Report, Exhibit A, Item 4)

Baer/ Basta/ Esayian/ Harding/ Sinanyan

Mr. Bernick, Ms. Sinanyan and I conducted this omnibus hearing on behalf of the Debtors. I attended in my role as described in paragraph (b) and addressed certain pure bankruptcy-related motions including the Debtors' motion to make contributions to its defined benefit pension plans, the Debtors' objections to certain non-asbestos claims and certain issues regarding the adversary proceeding of National Union Fire Insurance vs. RMQ.

Ms. Sinanyan, as the lead restructuring partner on the non-asbestos claims objection team, attended the hearing to address the Debtors' objection to the claim of Anton F. Volovsek. Ms. Sinanyan had intimate knowledge of the claim which was for several billion dollars, and had numerous conversations with Mr. Volovsek prior to the hearing. Ms. Sinanyan argued the claim objections which was sustained and the claims disallowed.

Mr. Bernick attended in his role as described in paragraph (b) and presented the PD-related matters and the PI-related matters including a status report regarding the estimation of asbestos PI liabilities.

Ms. Esayian attended in her role as described in paragraph (b) and assisted and supported Mr. Bernick in his presentation. Ms. Harding attended in her role as described in paragraph (a) and assisted and supported Mr. Bernick in his presentation. Ms. Basta attended in her role as described in paragraph (a) as she is the attorney responsible for issues regarding non-compliance with the questionnaires and has personally reviewed the questionnaires. Ms. Basta prepared the graphic presentation for the hearing which she revised up until the time of the hearing and prepared Mr. Bernick for his presentation on questionnaire issues.

Thus, each of Ms. Esayian's, Ms. Harding's and Ms. Basta's attendance was required at the hearing.

(e)    February 2, 2007 telephonic hearing (Interim Report, Exhibit A, Item 5)

Baer/ Harding/ McMillin/ Stansbury

The February 2, 2007 hearing was supposed to be an emergency hearing in which the parties were to discuss the submission of x-rays by asbestos PI claimants. Namely, the Debtors sought to discuss the fact that none of the asbestos PI claimants were sending their X-rays to Rust and were instead using a loophole in the order that required the Debtors to review the X-rays at their office. Due to the inability of certain key parties to attend the hearing, after attempting to move forward, the hearing was rescheduled to February 5, 2007 and is addressed in paragraph (f) below.

(f)    February 5, 2007 telephonic hearing (Interim Report, Exhibit A, Item 6)

Baer/ Harding/ McMillin/ Stansbury

The February 5, 2007 hearing was the emergency hearing in which the primary issue was asbestos PI claimant's x-ray submissions. The hearing generated an agreed-upon order which made it easier for asbestos PI claimants to comply with the order and submit their X-rays to Rust. Ms. Harding and I attended in our respective roles described in paragraphs (a) and (b) above. Mr. McMillin attended in his role described in paragraph (a) above and as the lead partner responsible for the review of all x-ray submissions regarding certain classes of more serious asbestos PI claims. Mr. Stansbury is the lead litigation associate who, *inter alia*, wrote all motions related to the issues and the agreed upon orders, drafted the protocol, oversaw the logistics of the redaction and selection of the x-ray samples and set up the coding operation to code the B-reads and the analysis of the underlying data. Following the hearing, Mr. Stansbury prepared a memorandum regarding the results.

(g)    February 8, 2007 conference (Interim Report, Exhibit A, Item 7)

Harding/ McMillin/ Stansbury/ Zoldan/

The February 8, 2007 conference was the first day of a two-day conference with K&E attorneys, the client and experts to discuss expert analysis, expert preparation and the current status of expert reports. The parties discussed, *inter alia*, issues regarding exposure to Grace products and

asbestos material and the preparation of expert reports regarding the same.  Ms. Harding, Mr. McMillin and Mr. Stansbury participated in their respective roles as described in paragraph (a).  Mr. Zoldan, a litigation associate on the PI team, attended a portion of the conference and following the conference, completed a follow-up assignment related to the exposure issues discussed.

(h)    February 9, 2007 conference (Interim Report, Exhibit A, Item 8)

Ahern/ Freedman/ Harding/ McMillin/ Stansbury/ Zoldan

The February 9, 2007 conference was the second day of a two-day conference with K&E attorneys, the client and experts to discuss expert analysis, expert preparation and the current status of expert reports.  The parties discussed, *inter alia*, epidemiology issues and the preparation of upcoming expert reports.  Ms. Ahern, Ms. Harding, Mr. McMillin and Mr. Stansbury participated in their respective roles as described in paragraphs (a) and (g) above.  Mr. Zoldan, a litigation associate on the PI team, is responsible for the preparation of certain epidemiologist expert reports and presented the work of these experts, discussed their progress towards completion of the expert reports and discussed other ideas for further research.  Ms. Harding and Mr. McMillin supervised Mr. Zoldan's work.  Mr. Freedman, a senior restructuring partner, attended the conference as he is K&E's resident expert on complicated legal issues in asbestos bankruptcies.  His attendance was necessary to guide the litigation attorneys in their presentations and compliance with applicable bankruptcy requirements.

(i)    February 13, 2007 conference (Interim Report, Exhibit A, Item 9)

Ahern/ Baer/ Basta/ Harding/ McMillin/ Leibenstein/ Nirider

The February 13, 2007 conference was a status and strategy conference regarding the estimation of asbestos PI claims and the PI litigation at the core of the Grace bankruptcy cases.  K&E attorneys on the asbestos PI matter participate in this type of conferences only as needed from time to time.  This strategy conference provided an opportunity for certain asbestos PI team attorneys to discuss and coordinate various aspects of Grace's asbestos PI litigation.  K&E has made the conscious decision that from time to time it is advantageous to have key PI attorneys participate in a strategy conference, rather than relying on information to "flow down."  The benefits from this approach are two-fold.  First, this approach provides greater accuracy and consistency through all of the PI estimation pleadings and expert reports.  Second, given the size and complexity of the tasks, K&E determined that it would be less expensive to have parties participate in these conferences, rather than relying upon back-end communications for the information to flow to the appropriate parties.

The attorneys participated in their respective roles as described in paragraphs (a) and (b) above.  Mr. Nirider, a litigation associate, attended the conference as he is responsible for the review of the exposure histories in the mesothelioma claims.  It was necessary for each of the attorneys to participate in this strategy conference as the teams moved forward to prepare expert reports and develop that strategy.

(j)    February 23, 2007 conference (Interim Report, Exhibit A, Item 10)

Baer/ Bianca/ Dierkes/ Esayian/ Harding/ McMillin/ Mendelson/ Running

The February 23, 2007 conference was a status and strategy conference regarding both the asbestos PI claims estimation and asbestos PD claims adjudication. Ms. Baer, Ms. Esayian, Ms. Harding and Mr. McMillin attended in their respective roles as described in paragraphs (a) and (b) above. Mr. Bianca and Mr. Dierkes, both litigation associates, participated as they are part of the sub-group of the PD team which is responsible for specific claims issues raised in the Debtors' 15th omnibus objection to asbestos PD claims. Mr. Running, a litigation partner, participated in the conference as he is the senior partner responsible for certain defensive discovery responsibilities on the case. Mr. Mendelson participated as he is the junior litigation partner on the asbestos PI team and is also responsible for defensive discovery. It was necessary for each of the attorneys to participate in this strategy conference in order to coordinate their efforts in preparation for upcoming hearings and discovery.

(k)    March 8, 2007 conference (Interim Report, Exhibit A, Item 11)

Ahern/ Baer/ Basta/ Bernick/ Golden/ Harding/ Leibenstein/ McMillin/ Mendelson/ Rooney/ Running/ Stansbury/ Zoldan

The March 8, 2007 conference was an in-person status and strategy conference regarding the status of asbestos PI case development, strategy and the upcoming deadline for the expert reports. The parties participated in their respective roles as described in paragraphs (a), (b), (h) and (j) above. Mr. Golden is a litigation associate who is responsible for certain research and expert reports that were addressed during this conference. Mr. Rooney, a legal assistant from the Chicago office, attended in order to support the attorneys' presentations. Mr. Rooney works directly with Ms. Basta and Ms. Ahern on the Debtors' third party discovery. It was necessary for each of the attorneys and paraprofessional to participate in this strategy conference.

This conference was in person, in Chicago, as the deadline for certain expert reports was imminent, and the team needed an in-person strategy session to exchange ideas and address issues.

(l)    March 15, 2007 conference (Interim Report, Exhibit A, Item 12)

Ahern/ Harding/ Leibenstein/ McMillin

The March 15th time entries listed in the Initial Report represents time related to three separate conferences. The first conference was among Ms. Ahern, Ms. Harding, Mr. McMillin and experts regarding exposure issues and supplemental expert reports. The parties attended in their respective roles as described in paragraph (a).

The second and third conference was between Mr. Leibenstein and two different experts. Mr. Leibenstein is the litigation partner who is working directly with the Grace estimation experts in their preparation of the asbestos PI valuation reports.

(m)     March 19, 2007 conference (Interim Report, Exhibit A, Item 13)

Ahern/ Baer/ Basta/ Bernick/ Freedman/ Harding/ Mendelson/ Labovitz/ Leibenstein/ McMillin/ Running/ Stansbury/ Zoldan

The March 19, 2007 conference was an in-person status and strategy conference in New York with the equity and unsecured creditors committee counsel regarding overall case strategy and the upcoming filing of the expert reports for which the Debtors' desired the support of the committees in the chapter 11 cases and the implications of the expert reports on the bankruptcy case. The attorneys participated in their respective roles described in the above paragraphs. Mr. Freedman attended the conference as he is K&E's resident expert on complicated legal issues in asbestos bankruptcies and also as the senior restructuring partner on the plan and exclusivity team. Ms. Labovitz, a senior restructuring partner, attended the conference as backup to Mr. Freedman who anticipated the need to depart the conference on short notice due to a pressing personal matter.

(n)     March 19, 2007 conference (Interim Report, Exhibit A, Item 14)

Boutrous/ Giroux/ Mellis/ Rein/ Rooney/ Rosenberg

The March 19, 2007 conference was at the request of Mr. Mendelson and Ms. Harding to give specific and directed instructions to the Grace paraprofessionals in the DC office on how to maintain databases and develop a strategy regarding the PI litigation. Concordance and Livenote are two computer programs that facilitate and cut down the costs of having to retrieve and review documents and transcripts. Mr. Rosenberg, a legal assistant from the Chicago office, attended to address the technological aspects and Mr. Rooney, a legal assistant from the Chicago office, attended to address the logistical aspects. Ms. Mellis and Ms. Rein are the lead legal assistants in the DC office on the Grace case and their participation was essential. During this conference, the paraprofessionals also discussed case administration and how to effectively handle the case. It was determined that it was most efficient for Ms. Giroux and Mr. Boutrous, both case assistants, to attend the conference rather than relying on information to "flow down" after the conference had concluded.

(o)     March 8, 2007 joint defense conference (Interim Report, Exhibit A, Item 15)

Farrell/ Grummer/ Landau/ Mace/ McMillin/ Shumsky/ Urgenson

The March 8, 2007 conference was a joint defense conference attended by K&E attorneys and counsel for three of the defendants in the criminal trial described in paragraph (c) above. This conference was held in advance of the defendants' deadline for responding to the opening brief before the Ninth Circuit. During the teleconference, members of the joint defense discussed a draft of the defendants' response brief and conferred about key strategic decisions related to the appeal.

The respective attorneys attended in their respective roles described under paragraph (c) above.  Mr. Farrell attended the conference as he is the junior associate responsible for assisting in legal research projects and factual development in advance of the criminal trial.  Mr. McMillin participated in his role as criminal team partner responsible for expert development.

(p)    March 16, 2007 joint defense conference (Interim Report, Exhibit A, Item 16)

Farrell/ Grummer/ Landau/ Mace/ Shumsky/ Smith/ Urgenson

The March 16, 2007 conference was a joint defense attended by K&E attorneys and counsel for three of the defendants in the criminal trial described in paragraphs (c) and (m) above.  The conference was held four days before the defendants' Ninth Circuit response brief was due and constituted a final review and comment session before the brief was filed.

The respective attorneys attended in their respective roles described under paragraphs (c) and (m) above.  Ms Smith attended as she was the junior litigation partner who contributed extensively to Grace's initial motions in limine, which triggered the Government's interlocutory appeal.  Her expertise was sought with respect to the *Daubert* questions at issue in the appeal briefing.

Response Exhibit 2

The relevant time entries for these days is set forth below, followed by K&E's response:

| 03/02/2007 | Deborah L Bibbs | Cross check correspondence database to identify necessary updates (3.7); input summary re same (3.3). |
| 03/05/2007 | Deborah L Bibbs | Cross check correspondence database to identify necessary updates (3.6); input summary re same (3.2). |
| 03/13/2007 | Deborah L Bibbs | Cross check correspondence database to identify necessary updates (3.7); input summary re same (3.2). |

Ms. Bibbs, a legal assistant, was reviewing and analyzing documents for production information and cross-checking that information with the correspondence central file database. Ms. Bibbs then updated and added documents to the database.  Once any documents were added, a production field was added to the Concordance central file database and Ms. Bibbs summarized the document and indicated all production-related correspondence. These charges for "input[ing]" were not data entry, word processing or clerical tasks but rather involved actual drafting, summarizing and analysis.

For these reasons, K&E respectfully requests approval of these entries.