IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Re: Docket Nos. 15310, 15944, 16610** |

**UNITED STATES TRUSTEE'S SUPPLEMENTAL RESPONSE TO HER OBJECTION TO THE SUMMARY APPLICATION OF FORMAN PERRY WATKINS KRUTZ & TARDY LLP FOR REIMBURSEMENT OF EXPENSES AND COMPENSATION FOR SERVICES IN EXCESS OF THE ORDINARY COURSE PROFESSIONAL CAP FOR PERIOD APRIL 2006 TO MARCH 2007**

The United States Trustee, by and through her counsel, hereby files the following Supplemental Response to her Objection to the Summary Application of Forman Perry Watkins Krutz & Tardy LLP ("Forman Perry") for reimbursement of expenses and compensation for services in excess of the ordinary course professional cap for the period of April 2006 to March 2007 (the "Fee Application"), and represents as follows:

**Background**

1. Kelly Beaudin Stapleton is the United States Trustee ("UST") for Region 3.

2. Pursuant to 28 U.S.C. § 586, the Executive Office for United States Trustees has adopted procedural guidelines (hereinafter referred to as "UST Guidelines"), which UST Guidelines are to be used in reviewing applications filed for compensation and reimbursement under Section 330 of Title 11. In furtherance of her case supervisory responsibilities, the UST has standing to raise and be heard on issues of professional compensation.

3. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

1

commencing these chapter 11 cases (collectively, the Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. On March 1, 2007, the Debtors filed an application to employ Forman Perry *nunc pro tunc* to April 1, 2006 (the "Retention Application"). Both the UST and the Asbestos Claimants Committee ("ACC") objected to the Retention Application on various grounds. Debtors subsequently withdrew the Retention Application and all parties reserved their rights related to any future fee application Forman Perry would file in this case.

5. Forman Perry next filed a fee application requesting compensation for the period April 1, 2006 through March 31, 2007 (the "Fee Application"). In the Fee Application, Forman Perry sought fees in the amount of $1,763,152.50 and expenses in the amount of $253,394.42. Both the UST and the ACC objected to the Fee Application. The parties subsequently agreed to an order that would allow Forman Perry to receive 80% of its requested fees and 100% of its requested expenses, but the UST and the ACC would defer their objections until the Fee Auditor submitted his final report on the Fee Application. The agreed order specifically provides that within 10 days of the Fee Auditor filing his final report, the UST and the ACC must either file a notice of withdrawal of their objections or a further objection stating the specific grounds.

6. On August 22, 2007, the Fee Auditor filed his final report regarding the Fee Application. In that final report, the Fee Auditor recommended a reduction of $439,408.35 in fees and $705.49 in expenses. The Fee Auditor specifically noted "pervasive duplication of specifically worded time entries" and the "extraordinary number of people" involved in this matter.

**Response**

7. The UST supports the Fee Auditor's recommendations with regard to the Fee Application. The Fee Auditor specifically noted and objected to the consistent duplicative entries in the Fee Application and the large amount of staffing used by Forman Perry. These were issues the UST noted in her objection to the Fee Application. The Fee Auditor's analysis of both the duplicative entries and the large staffing was reasonable and appropriate under these circumstances. As such, the UST urges the Court to adopt the Fee Auditor's recommendations.

8. In the UST's objection to the Fee Application, specific issues were noted regarding the *nunc pro tunc* approval that Forman Perry initially sought in the Retention Application. In light of the Fee Auditor's report and those issues noted by both the Fee Auditor and the UST, the UST will not proceed forward with an objection related to the *nunc pro tunc* issues.

WHEREFORE, the United States Trustee respectfully requests this Court issue a ruling commensurate with the above referenced response, and award such other relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

KELLY BEAUDIN STAPLETON
United States Trustee, Region Three

BY: *__/s/ David M. Klauder__*

David M. Klauder
Trial Attorney
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 fax machine

Dated: September 4, 2007