**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br>W.R. GRACE & CO., *et al.*,<br>Debtors. | ) Chapter 11<br>)<br>) Case No. 01-1139 (JKF)<br>) Jointly Administered<br>)<br>) **Objection Deadline: September 4, 2007**<br>) **Hearing Date: N/A**<br>) Related Docket No.: 16613, 16648 |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS, DAVID T. AUSTERN, THE
FUTURE CLAIMANTS' REPRESENTATIVE, AND THE LIBBY CLAIMANTS
TO THE AGREED JOINT MOTION OF THE DEBTORS AND THE NONPARTY
NATIONAL INSTITUTE FOR OCCUPATIONAL SAFETY AND HEALTH FOR
ENTRY OF A PROTECTIVE ORDER**

The Official Committee of Asbestos Personal Injury Claimants (the "ACC"), David T. Austern, the Future Claimants' Representative (the "FCR"), and the Libby Claimants[1] (collectively, the "Asbestos Constituencies"), by and through their undersigned counsel, hereby file this limited objection (the "Limited Objection") to the Agreed Joint Motion of the Debtors and the Nonparty National Institute for Occupational Safety and Health for Entry of a Protective Order (the "Motion") [DI 166113]. In support of this Limited Objection, the Asbestos Constituencies state as follows:

1.   On August 22, 2007, the Debtors and the National Institute for Occupational Safety and Health ("NIOSH") filed the Motion. The Motion relates to a subpoena served on NIOSH that requests documents pertaining to the "Vermiculite, Respiratory Disease and Asbestos Exposure in Libby, Montana: Update of a Cohort Mortality Study". The Motion seeks entry of a Protective Order. The introductory

---

[1] As identified in the Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 15692] filed in this case, as it may be amended and restated from time to time.

{D0091580.1 }

paragraph of the Protective Order provides that NIOSH "is authorized to release to the Debtors, their counsel and to any other litigants in this action <u>which the Court so specifies</u>, government records containing Privacy Act protected information . . ." (Emphasis added).

    2.    Similarly, paragraph 3 of the proposed Protective Order provides that:

> [a]ny information disclosed by NIOSH which is subject to this protective order will be further disclosed by the Debtors to the Counsel for parties in this lawsuit only and to those assisting these Counsel who have a need to know and have access to this information and who signs the agreement attached to this Order ("acknowledgement agreement").

    3.    Prior to filing this Limited Objection, correspondence was exchanged with Debtors' counsel regarding the terms of the proposed Protective Order. From this correspondence, the Asbestos Constituencies understand that the Debtors' intend to provide copies of the government records produced by NIOSH to the ACC, FCR and Libby Claimants. However, it is not clear to the Asbestos Constituencies whether the proposed Protective Order, as drafted, will allow this to occur. Specifically, it is not clear how this Court will <u>specify</u> that the ACC, FCR, and the Libby Claimants are entitled to receive this information.

    4.    In addition, although paragraph 3 of the proposed Protective Order provides that the Debtors will provide any information received from NIOSH to the "parties in this lawsuit only", the Estimation Proceeding is not a "lawsuit" in the usual sense of the word. In addition, there might be confusion regarding exactly who are the "parties" to the Estimation Proceeding. At this late stage of the proceedings leading up to the start of the Estimation Proceeding, the Asbestos Constituencies cannot undertake the

risk that the information received by Debtors from NIOSH will be delayed by any ambiguities in the proposed Protective Order.

5. As a result, the Asbestos Constituencies respectfully request that the Court revise the proposed Protective Order to confirm that the ACC, FCR, and Libby Claimants are entitled to receive the information disclosed by NIOSH as follows:

> [a]ny information disclosed by NIOSH which is subject to this protective order will be further disclosed by the Debtors to ~~the~~ <u>Counsel to the Official Committee of Asbestos Personal Injury Claimants, David T. Austern, the Future Claimants' Representative, the Libby Claimants, and other</u> Counsel for parties in this ~~lawsuit~~ <u>Estimation Proceeding</u> only and to those assisting these Counsel who have a need to know and have access to this information and who ~~signs~~ <u>sign</u> the agreement attached to this Order ("acknowledgement agreement").

6. By agreeing to a protective order governing the information produced by NIOSH (other than as set forth herein), the Asbestos Constituencies do not agree that any of this information produced by NIOSH is admissible at the Estimation Hearing or that it may be relied upon by any expert. The Asbestos Constituencies expressly reserve their right to move to strike any expert opinion which is based upon this late produced information on the ground, *inter alia*, that the information produced by NIOSH was not included in the expert witness reports filed to date.

## **CONCLUSION**

For the foregoing reasons, Asbestos Constituencies respectfully request that this Court deny the Motion, unless the objections addressed herein are incorporated into the final Protective Order.

Dated: September 4, 2007                              Respectfully submitted,

CAMPBELL & LEVINE, LLC

/S/ Mark T. Hurford
Marla R. Eskin (#2989)
Mark T. Hurford (#3299)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

- and –

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125

Peter Van L. Lockwood
Nathan D. Finch
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-5000

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

LANDIS RATH & COBB LLP

/S/ Kerri Mumford
Adam G. Landis (DE No. 3407)
Kerri Mumford (DE No. 4186)
919 Market Street, Suite 600
Wilmington, DE 19801
Telephone: (302) 467-4400

and

Daniel C. Cohn
Christopher M. Candon
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505

*Counsel to the Libby Claimants*

PHILLIPS, GOLDMAN & SPENCE, P.A.

/S/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

- and -

Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
Debra L. Felder
ORRICK, HERRINGTON & SUTCLIFFE LLP
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 339-8400

John Ansbro
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, N.Y. 10103-0001
Telephone: (212) 506-5000

*Counsel for David T. Austern, Future Claimants' Representative*