IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>W.R. GRACE & CO., *et al.*,<br>    Debtors. | ) Chapter 11<br>)<br>) Case No. 01-1139 (JKF)<br>) Jointly Administered<br>)<br>) **Objection Deadline: September 5, 2007**<br>) **Hearing Date: N/A**<br>) **Related Docket No.: 16226, 16661** |

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND DAVID T. AUSTERN, THE FUTURE CLAIMANTS' REPRESENTATIVE TO THE AGREED JOINT MOTION OF THE DEBTORS AND CONGOLEUM CORPORATION FOR ENTRY OF STIPULATION AND PROTECTIVE ORDER

The Official Committee of Asbestos Personal Injury Claimants (the "ACC"), David T. Austern, the Future Claimants' Representative (the "FCR") (collectively, the "Asbestos Constituencies"), by and through their undersigned counsel, hereby file this limited objection (the "Limited Objection") to the Agreed Motion of the Debtors and Congoleum Corporation for Entry of Stipulation and Protective Order (the "Motion") [DI 16226]. In support of this Limited Objection, the Asbestos Constituencies state as follows:

1.      On July 3, 2007, the Debtors and Congoleum Corporation ("Congoleum") filed the Motion. The Motion relates to a subpoena served on Congoleum and seeks entry of a Stipulation and Protective Order. The introductory paragraph of the Motion indicates that the "Protective Order limits the use of the documents and electronic datasets that will be produced by Congoleum pursuant to Graces' April 13, 2007 subpoena <u>for use by parties to the asbestos personal injury estimation proceeding</u>, their counsel, consultants and experts in connection with the above-captioned bankruptcy case (collectively, the "Parties")." (Emphasis added). Similarly, paragraph 4 of the Motion

{D0091659.1 }

provides that "[t]he Protective Order will bind all Parties <u>to the asbestos personal injury estimation</u>, their counsel, consultants, and experts." (Emphasis added).

2.  However, the actual language of the Protective Order is not that limited and allows the Protected Materials to be provided generally to parties in the bankruptcy. In addition, the use of the information is not limited to the asbestos personal injury estimation proceedings. For instance, paragraph 4 of the Protective Order provides that the Protected Materials "shall be made available <u>only to parties</u>[1] <u>to the Bankruptcy</u> and to their counsel, witnesses, experts, or consultants and only to the extent that those parties, counsel, witnesses, experts, or consultants (the "Authorized Individuals") have a need to use or inspect the Protected Materials <u>for purposes directly related to the Bankruptcy</u>." (Emphasis added). Paragraph 4 continues to provide that "[t]he parties and the Authorized Individuals are prohibited from using the Protected Materials <u>for any purpose other than this Bankruptcy</u>."

3.  Throughout the asbestos personal injury estimation proceedings, this Court has consistently directed that information obtained through third-party discovery (at the least) may only be used for purposes of the asbestos personal injury estimation proceedings and the Asbestos Constituencies submit that the information obtained from Congoleum should be treated identically.

4.  Prior to filing this Limited Objection, counsel to the undersigned contacted Debtors' counsel regarding the issues raised herein. The undersigned believe that a consensual resolution has been reached with the Debtors. The Debtors, however, need to confirm this resolution with counsel to Congoleum. If such confirmation is

---

[1] The word "Parties" is a defined term in the Motion; however, it is not a defined term in the Stipulation and Protective Order.

obtained, a Certification of Counsel with a revised Stipulation and Protective Order will be filed with the Court.  Due to the deadline contained in the Court's Order on Debtors' Motion for Expedited Consideration of Agreed Motion for Entry of Protective Order entered on August 28, 2007 [16661], the Asbestos Constituencies are filing this Limited Objection out of an abundance of caution.

5.　　By agreeing to a protective order governing the information produced by Congoleum (other than as set forth herein), the Asbestos Constituencies do not agree that any of this information produced by Congoleum is admissible at the Estimation Hearing or that it may be relied upon by any expert.  The Asbestos Constituencies expressly reserve their right to move to strike any expert opinion which is based upon this late produced information on the ground, *inter alia*, that the information produced by Congoleum was not included in the expert witness reports filed to date.

## CONCLUSION

For the foregoing reasons, Asbestos Constituencies respectfully request that this Court deny the Motion, unless the limited objection addressed herein is incorporated into the final Protective Order.

Dated: September 5, 2007　　　　　　　　　　Respectfully submitted,

CAMPBELL & LEVINE, LLC

/S/ Mark T. Hurford
Marla R. Eskin (#2989)
Mark T. Hurford (#3299)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

- and –

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125

Peter Van L. Lockwood
Nathan D. Finch
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-5000

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

PHILLIPS, GOLDMAN & SPENCE, P.A.

/S/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

- and -

Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
Debra L. Felder
ORRICK, HERRINGTON & SUTCLIFFE LLP
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 339-8400

John Ansbro
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, N.Y. 10103-0001
Telephone: (212) 506-5000

*Counsel for David T. Austern, Future Claimants' Representative*