# TAB H

# TAB 1



Canadian Legal Information Institute

Home > Alberta > Statutes and Regulations > R.S.A.
2000, c. L-12 > Complete text

Français | English

# Limitations Act, R.S.A. 2000, c. L-12

Citation:   Limitations Act, R.S.A. 2000, c. L-12
URL:        http://www.canlii.org/ab/laws/sta/l-12/20070717/whole.html
Version downloaded by CanLII on 2007-07-17

LIMITATIONS ACT

Chapter L-12

Table of Contents

| | |
|---|---|
| 1 | Definitions |
| 2 | Application |
| 3 | Limitation periods |
| 4 | Concealment |
| 5 | Persons under disability |
| 5.1 | Minors |
| 6 | Claims added to a proceeding |
| 7 | Agreement |
| 8 | Acknowledgment and part payment |
| 9 | Persons affected by exceptions for agreement, acknowledgment and part payment |
| 10 | Acquiescence or laches |
| 11 | Judgment for payment of money |
| 12 | Conflict of laws |
| 13 | Actions by aboriginal people |

HER MAJESTY, by and with the advice and consent of the Legislative Assembly of Alberta, enacts as follows:

Definitions

1   In this Act,



Δ π EXHIBIT ____
Deponent ____
Date ____ Rptr. ____
WWW.DEPOBOOK.COM

(a)    "claim" means a matter giving rise to a civil proceeding in which a claimant seeks a remedial order;

(b)    "claimant" means the person who seeks a remedial order;

(c)    "defendant" means a person against whom a remedial order is sought;

(d)    "duty" means any duty under the law;

(e)    "injury" means

(i)    personal injury,

(ii)    property damage,

(iii)    economic loss,

(iv)    non-performance of an obligation, or

(v)    in the absence of any of the above, the breach of a duty;

(f)    "law" means the law in force in the Province, and includes

(i)    statutes,

(ii)    judicial precedents, and

(iii)    regulations;

(g)    "limitation provision" includes a limitation period or notice provision that has the effect of a limitation period;

(h)    "person under disability" means

(i)    a dependent adult or a person in respect of whom a certificate of incapacity is in effect pursuant to the *Dependent Adults Act*, or

(ii)    an adult who is unable to make reasonable judgments in respect of matters relating to a claim;

(i)    "remedial order" means a judgment or an order made by a court in a civil proceeding requiring a defendant to comply with a duty or to pay damages for the violation of a right, but excludes

(i)    a declaration of rights and duties, legal relations or personal status,

(ii)    the enforcement of a remedial order,

(iii)    judicial review of the decision, act or omission of a person, board, commission, tribunal or other body in the exercise of a power conferred by statute or regulation, or

(iv)    a writ of habeas corpus;

(j)    "right" means any right under the law;

               (k)    "security interest" means an interest in property that secures the payment or other performance of an obligation.

RSA 2000 cL-12 s1;2002 c17 s4

Application

2**(1)**  This Act applies where a claimant seeks a remedial order in a proceeding commenced on or after March 1, 1999, whether the claim arises before, on or after March 1, 1999.

**(2)**  Subject to sections 11 and 13, if, before March 1, 1999, the claimant knew, or in the circumstances ought to have known, of a claim and the claimant has not sought a remedial order before the earlier of

               (a)    the time provided by the *Limitation of Actions Act*, RSA 1980 cL-15, that would have been applicable but for this Act, or

               (b)    two years after the *Limitations Act*, SA 1996 cL-15.1, came into force,

the defendant, on pleading this Act as a defence, is entitled to immunity from liability in respect of the claim.

**(2.1)**  With respect to a claim for the recovery of possession of land as defined in the *Limitation of Actions Act*, RSA 1980 cL-15, subsection (2) shall be read without reference to clause (b) of that subsection.

**(3)**  Except as provided in subsection (4), this Act is applicable to any claim, including a claim to which this Act can apply arising under any law that is subject to the legislative jurisdiction of the Parliament of Canada, if

               (a)    the remedial order is sought in a proceeding before a court created by the Province, or

               (b)    the claim arose within the Province and the remedial order is sought in a proceeding before a court created by the Parliament of Canada.

**(4)**  This Act does not apply where a claimant seeks

               (a)    a remedial order based on adverse possession of real property owned by the Crown, or

               (b)    a remedial order the granting of which is subject to a limitation provision in any other enactment of the Province.

**(5)**  The Crown is bound by this Act.

RSA 2000 cL-12 s2;2007 c22 s1

Limitation periods

3**(1)**  Subject to section 11, if a claimant does not seek a remedial order within

               (a)    2 years after the date on which the claimant first knew, or in the circumstances ought to have known,

                        (i)    that the injury for which the claimant seeks a remedial order had

occurred,

        (ii)     that the injury was attributable to conduct of the defendant, and

        (iii)    that the injury, assuming liability on the part of the defendant,
warrants bringing a proceeding,

       or

      (b)    10 years after the claim arose,

whichever period expires first, the defendant, on pleading this Act as a defence, is entitled to
immunity from liability in respect of the claim.

**(2)** The limitation period provided by subsection (1)(a) begins

      (a)    against a successor owner of a claim when either a predecessor owner or
the successor owner of the claim first acquired or ought to have acquired the knowledge prescribed in
subsection (1)(a),

      (b)    against a principal when either

        (i)    the principal first acquired or ought to have acquired the
knowledge prescribed in subsection (1)(a), or

        (ii)    an agent with a duty to communicate the knowledge prescribed in
subsection (1)(a) to the principal, first actually acquired that knowledge,

       and

      (c)    against a personal representative of a deceased person as a successor
owner of a claim, at the earliest of the following times:

        (i)    when the deceased owner first acquired or ought to have acquired
the knowledge prescribed in subsection (1)(a), if the deceased owner acquired the knowledge more
than 2 years before the deceased owner's death;

        (ii)    when the representative was appointed, if the representative had
the knowledge prescribed in subsection (1)(a) at that time;

        (iii)   when the representative first acquired or ought to have acquired
the knowledge prescribed in subsection (1)(a), if the representative acquired the knowledge after
being appointed.

**(3)** For the purposes of subsection (1)(b),

      (a)    a claim or any number of claims based on any number of breaches of
duty, resulting from a continuing course of conduct or a series of related acts or omissions, arises
when the conduct terminates or the last act or omission occurs;

      (b)    a claim based on a breach of a duty arises when the conduct, act or
omission occurs;

      (c)    a claim based on a demand obligation arises when a default in
performance occurs after a demand for performance is made;

                (d)    a claim in respect of a proceeding under the *Fatal Accidents Act* arises when the conduct that causes the death, on which the claim is based, occurs;

                (e)    a claim for contribution arises when the claimant for contribution is made a defendant in respect of, or incurs a liability through the settlement of, a claim seeking to impose a liability on which the claim for contribution can be based, whichever first occurs;

                (f)    a claim for a remedial order for the recovery of possession of real property arises when the claimant is dispossessed of the real property.

**(4)** The limitation period provided by subsection (1)(a) does not apply where a claimant seeks a remedial order for possession of real property, including a remedial order under section 69 of the *Law of Property Act*.

**(5)** Under this section,

                (a)    the claimant has the burden of proving that a remedial order was sought within the limitation period provided by subsection (1)(a), and

                (b)    the defendant has the burden of proving that a remedial order was not sought within the limitation period provided by subsection (1)(b).

**(6)** The re-entry of a claimant to real property in order to recover possession of that real property is effective only if it occurs prior to the end of the 10-year limitation period provided by subsection (1) (b).

**(7)** If a person in possession of real property has given to the person entitled to possession of the real property an acknowledgment in writing of that person's title to the real property prior to the expiry of the 10-year limitation period provided by subsection (1)(b),

                (a)    possession of the real property by the person who has given the acknowledgment is deemed, for the purposes of this Act, to have been possession by the person to whom the acknowledgment was given, and

                (b)    the right of the person to whom the acknowledgment was given, or of a successor in title to that person, to take proceedings to recover possession of the real property is deemed to have arisen at the time at which the acknowledgment, or the last of the acknowledgments if there was more than one, was given.

**(8)** If the right to recover possession of real property first accrued to a predecessor in title of the claimant from whom the claimant acquired the title as a donee, proceedings to recover possession of the real property may not be taken by the claimant except within 10 years after the right accrued to that predecessor.

RSA 2000 cL-12 s3;2007 c22 s1

Concealment

**4(1)** The operation of the limitation period provided by section 3(1)(b) is suspended during any period of time that the defendant fraudulently conceals the fact that the injury for which a remedial order is sought has occurred.

**(2)** Under this section, the claimant has the burden of proving that the operation of the limitation period provided by section 3(1)(b) was suspended.

1996 cL-15.1 s4

Persons under disability

**5(1)** The operation of the limitation periods provided by this Act is suspended during any period of time that the claimant is a person under disability.

**(2)** The claimant has the burden of proving that the operation of the limitation periods provided by this Act was suspended under this section.

RSA 2000 cL-12 s5;2002 c17 s4

Minors

**5.1(1)** In this section,

(a)  "guardian" means a parent or guardian having actual custody of a minor;

(b)  "potential defendant" means a person against whom a minor may have a claim.

**(2)** Except as otherwise provided in this section, the operation of limitation periods provided by this Act is suspended during the period of time that the claimant is a minor.

**(3)** A potential defendant may cause the limitation periods provided by this Act to run against a minor by

(a)  delivering a notice to proceed in the prescribed form to

(i)  a guardian of the minor, if the minor has a guardian, and

(ii)  the Public Trustee,

and

(b)  paying the Public Trustee's prescribed fee.

**(4)** Where a potential defendant has complied with subsection (3), the notice to proceed takes effect and the limitation periods provided by this Act begin to run

(a)  on the date the notice to proceed is received by the Public Trustee, which must be shown in the notice delivered by the Public Trustee under subsection (6)(a) or (b), or

(b)  on the date determined by an order of a judge under subsection (7) or (8).

**(5)** Where a potential defendant delivers a notice to proceed to the Public Trustee under subsection (3) and pays the Public Trustee's prescribed fee, the Public Trustee must

(a)  if the claimant has a guardian, make such inquiries as the Public Trustee considers necessary and practicable regarding the ability and intention of the claimant's guardian to act in the best interest of the minor regarding the claim, or

(b)  if the claimant does not have a guardian, apply by originating notice of motion to a judge of the Court of Queen's Bench, on notice to such persons as may be directed or approved by the judge, for directions.

**(6)** After making the inquiries referred to in subsection (5)(a), the Public Trustee must do one of the

following:

        (a)    if satisfied as to the guardian's ability and intention to act in the best interest of the minor regarding the claim, deliver to the potential defendant and the guardian a notice in the prescribed form of the Public Trustee's decision not to intervene in the matter;

        (b)    with the consent of the claimant's guardian, deliver to the potential defendant a notice in the·prescribed form stating that the Public Trustee intends to act as next friend of the minor in relation to the claim;

        (c)    if for any reason the Public Trustee thinks it necessary or appropriate to do so, apply by originating notice of motion to a judge of the Court of Queen's Bench, on notice to such persons as may be directed or approved by the judge, for directions.

**(7)** On an application under subsection (5)(b), a judge may make an order

        (a)    directing the Public Trustee to take no further steps in the matter and stipulating that the limitation periods provided by this Act continue to be suspended with respect to the minor despite subsection (3), or

        (b)    doing all of the following:

           (i)    stipulating that the limitation periods provided by this Act begin to run against the minor on a date specified in the order;

           (ii)    authorizing and directing the Public Trustee to act as next friend of the minor;

           (iii)    giving such authority and directions to the Public Trustee and any other person as may be necessary to ensure that the Public Trustee may effectively prosecute the claim on behalf of the minor.

**(8)** On an application under subsection (6)(c), a judge may make an order

        (a)    directing the Public Trustee to take no further steps in the matter and stipulating that the limitation periods provided by this Act

           (i)    begin to run against the minor on a date specified in the order, or

           (ii)    continue to be suspended with respect to the minor despite subsection (3),

        or

        (b)    doing all of the following:

           (i)    stipulating that the limitation periods provided by this Act begin to run against the minor on a date specified in the order;

           (ii)    authorizing and directing the Public Trustee to act as next friend of the minor;

           (iii)    giving such authority and directions to the Public Trustee, guardian, if any, and any other person as may be necessary to ensure that the Public Trustee may effectively prosecute the claim on behalf of the minor.

**(9)** On an application by the Public Trustee under subsection (5)(b) or (6)(c), a judge may consider

(a)    the apparent seriousness of the minor's injury;

(b)    the apparent legal merits of the claim;

(c)    the views of the Public Trustee and the guardian, if any, as to whether the minor's best interest will be better served by pursuing or by not pursuing the claim;

(d)    the view of the minor regarding the claim, where the judge considers that the minor is able to appreciate the nature of the issue;

(e)    where the guardian or the minor is opposed to pursuing the claim, the apparent likelihood that the Public Trustee would be able to prosecute the claim effectively as next friend;

(f)    whether directing the Public Trustee to take no further steps and stipulating that the limitation periods provided by this Act continue to be suspended with respect to the minor is likely to cause serious prejudice to either the minor or the potential defendant, having regard to any matters that the judge considers relevant, including

(i)    the minor's age,

(ii)    whether the minor will be, or is likely to be, a person under disability on becoming an adult,

(iii)    whether it would be practicable to preserve relevant evidence during the period the limitation periods would be suspended, and

(iv)    any harm that may be suffered by the minor as a result of any delay in recovering compensation to which the minor may be entitled;

(g)    any other matters the judge considers relevant.

**(10)** Where the Public Trustee makes an application to the Court of Queen's Bench under this section, no costs may be awarded against any party to the application.

**(11)** Subsection (4) operates only in favour of a potential defendant on whose behalf the notice to proceed is delivered and only with respect to a claim arising out of the circumstances specified in the notice.

**(12)** A notice to proceed delivered under this section is not an acknowledgment for the purposes of this Act and is not an admission for any purpose.

**(13)** Subsections (3) to (12) do not apply

(a)    where the potential defendant is a guardian of the minor, or

(b)    where the claim is based on conduct of a sexual nature including, without limitation, sexual assault.

**(14)** Under this section, the claimant has the burden of proving that at any relevant point in time the claimant was a minor.

**(15)** The Minister may make regulations prescribing

(a)    the form, contents and mode of a delivery of a notice to proceed or any other notice referred to in this section;

(b)    the fee to be paid by a potential defendant under subsection (3)(b).

**(16)** This section applies where a claimant seeks a remedial order in a proceeding commenced after this section comes into force, regardless of when the claim arises, except that a defendant who would have had immunity from liability for a claim if the proceeding had been commenced immediately before this section came into force continues to have immunity from liability for that claim.

2002 c17 s4

Claims added to a proceeding

6**(1)** Notwithstanding the expiration of the relevant limitation period, when a claim is added to a proceeding previously commenced, either through a new pleading or an amendment to pleadings, the defendant is not entitled to immunity from liability in respect of the added claim if the requirements of subsection (2), (3) or (4) are satisfied.

**(2)** When the added claim

(a)    is made by a defendant in the proceeding against a claimant in the proceeding, or

(b)    does not add or substitute a claimant or a defendant, or change the capacity in which a claimant sues or a defendant is sued,

the added claim must be related to the conduct, transaction or events described in the original pleading in the proceeding.

**(3)** When the added claim adds or substitutes a claimant, or changes the capacity in which a claimant sues,

(a)    the added claim must be related to the conduct, transaction or events described in the original pleading in the proceeding,

(b)    the defendant must have received, within the limitation period applicable to the added claim plus the time provided by law for the service of process, sufficient knowledge of the added claim that the defendant will not be prejudiced in maintaining a defence to it on the merits, and

(c)    the court must be satisfied that the added claim is necessary or desirable to ensure the effective enforcement of the claims originally asserted or intended to be asserted in the proceeding.

**(4)** When the added claim adds or substitutes a defendant, or changes the capacity in which a defendant is sued,

(a)    the added claim must be related to the conduct, transaction or events described in the original pleading in the proceeding, and

(b)    the defendant must have received, within the limitation period applicable to the added claim plus the time provided by law for the service of process, sufficient knowledge of the added claim that the defendant will not be prejudiced in maintaining a defence to it on the merits.

**(5)** Under this section,

     (a)   the claimant has the burden of proving

        (i)   that the added claim is related to the conduct, transaction or events described in the original pleading in the proceeding, and

        (ii)   that the requirement of subsection (3)(c), if in issue, has been satisfied,

and

     (b)   the defendant has the burden of proving that the requirement of subsection (3)(b) or (4)(b), if in issue, was not satisfied.

1996 cL-15.1 s6

Agreement

**7(1)** Subject to section 9, if an agreement expressly provides for the extension of a limitation period provided by this Act, the limitation period is altered in accordance with the agreement.

**(2)** An agreement that purports to provide for the reduction of a limitation period provided by this Act is not valid.

RSA 2000 cL-12 s7;2002 c17 s4

Acknowledgment and part payment

**8(1)** In this section, "claim" means a claim for the recovery, through the realization of a security interest or otherwise, of an accrued liquidated pecuniary sum, including, but not limited to a principal debt, rents, income and a share of estate property, and interest on any of them.

**(2)** Subject to subsections (3) and (4) and section 9, if a person liable in respect of a claim acknowledges the claim, or makes a part payment in respect of the claim, before the expiration of the limitation period applicable to the claim, the operation of the limitation period begins again at the time of the acknowledgment or part payment.

**(3)** A claim may be acknowledged only by an admission of the person liable in respect of it that the sum claimed is due and unpaid, but an acknowledgment is effective

     (a)   whether or not a promise to pay can be implied from it, and

     (b)   whether or not it is accompanied with a refusal to pay.

**(4)** When a claim is for the recovery of both a primary sum and interest on it, an acknowledgment of either obligation, or a part payment in respect of either obligation, is an acknowledgment of, or a part payment in respect of, the other obligation.

1996 cL-15.1 s8

Persons affected by exceptions for agreement, acknowledgment and part payment

**9(1)** An agreement and an acknowledgment must be in writing and signed by the person adversely affected.

**(2)** An agreement made by or with an agent has the same effect as if made by or with the principal.

**(3)** An acknowledgment or a part payment made by or to an agent has the same effect as if it were made by or to the principal.

**(4)** A person has the benefit of an agreement, an acknowledgment or a part payment only if it is made

>> (a)   with or to the person,

>> (b)   with or to a person through whom the person derives a claim, or

>> (c)   in the course of proceedings or a transaction purporting to be pursuant to the *Bankruptcy and Insolvency Act* (Canada).

**(5)** A person is bound by an agreement, an acknowledgment or a part payment only if

>> (a)   the person is a maker of it, or

>> (b)   the person is liable in respect of a claim

>>> (i)   as a successor of a maker, or

>>> (ii)   through the acquisition of an interest in property from or through a

maker

>>> who was liable in respect of the claim.

1996 cL-15.1 s9

Acquiescence or laches

10   Nothing in this Act precludes a court from granting a defendant immunity from liability under the equitable doctrines of acquiescence or laches, notwithstanding that the defendant would not be entitled to immunity pursuant to this Act.

1996 cL-15.1 s10

Judgment for payment of money

11   If, within 10 years after the claim arose, a claimant does not seek a remedial order in respect of a claim based on a judgment or order for the payment of money, the defendant, on pleading this Act as a defence, is entitled to immunity from liability in respect of the claim.

1996 cL-15.1 s11

Conflict of laws

12**(1)** The limitations law of Alberta applies to any proceeding commenced or sought to be commenced in Alberta in which a claimant seeks a remedial order.

**(2)** Notwithstanding subsection (1), where a proceeding referred to in subsection (1) would be determined in accordance with the law of another jurisdiction if it were to proceed, and the limitations law of that jurisdiction provides a shorter limitation period than the limitation period provided by the law of Alberta, the shorter limitation period applies.

RSA 2000 cL-12 s12;2007 c22 s1

Actions by aboriginal people

13   An action brought on or after March 1, 1999 by an aboriginal people against the Crown based on a breach of a fiduciary duty alleged to be owed by the Crown to those people is governed by the law on limitation of actions as if the *Limitation of Actions Act*, RSA 1980 cL-15, had not been repealed and this Act were not in force.

1996 cL-15.1 s13

Copyright of the Statutes and Regulations belongs to the Province of Alberta. Official copies of Alberta legislation are available from the Alberta Queen's printer. The Alberta Statutes and Regulations collections are subject to this Copyright and Disclaimers Statements.

by **LexUM** for the Federation of Law Societies of Canada

# TAB 2

 CanLII Canadian Legal Information Institute
Home > Alberta > Statutes and Regulations > S.A. 2003, c. C-16.5 > Complete text
Français | English

# Class Proceedings Act, S.A. 2003, c. C-16.5

Citation: Class Proceedings Act, S.A. 2003, c. C-16.5
Information about this text: (Download Version)
URL: http://www.canlii.org/ab/laws/sta/c-16.5/20070117/whole.html
Version downloaded by CanLII on 2007-01-17

Warning: This document predates the last update of the collection. It might have been modified or omitted since this last update.

CLASS PROCEEDINGS ACT

Chapter C-16.5

Table of Contents

**1** Definitions

Part 1
Certification

**2** Plaintiff's class proceeding

**3** Defendant's class proceeding

**4** Certification re settlement of proceeding

**5** Class certification

**6** Certification application

**7** Subclass certification

**8** Certain matters not bar to certification

**9** Certification order

**10** Refusal to certify

**11** If conditions for certification not satisfied

Part 2
Conduct of Class Proceedings

Division 1
Role of Court

    **12**   Stages of class proceedings

    **13**   Court may determine conduct of proceeding

    **14**   Court may stay any other proceeding

    **15**   Applications

Division 2
Participation of Class Members

    **16**   Participation of class members

    **17**   Opting in and opting out

    **18**   Discovery

    **19**   Examination of class members before an application

Division 3
Notices

    **20**   Notice of certification

    **21**   Notice of determination of common issues

    **22**   Notice to protect interests of affected persons

    **23**   Approval of notice by the Court

    **24**   Giving of notice by another party

    **25**   Costs of notice

Part 3
Orders, Awards and Related Procedures

Division 1
Orders Respecting Common Issues and Individual Issues

    **26**   Contents of order respecting common issues

    **27**   Judgment on common issues is binding

    **28**   Determination of individual issues

    **29**   Individual assessment of liability

Division 2
Aggregate Awards

**30**    Aggregate awards of monetary relief

**31**    Average or proportional share of aggregate awards

**32**    Individual share of aggregate award

**33**    Distribution

**34**    Undistributed award

Division 3
Termination of Proceedings and Appeals

**35**    Settlement, discontinuance, abandonment and dismissal

**36**    Appeals

Part 4
Costs, Fees and Disbursements

**37**    Costs

**38**    Contingency fee agreements

**39**    Court approval of contingency fee agreement

Part 5
General

**40**    Limitation periods

**41**    Rules of Court

**42**    Application of Act

**43**    Coming into force

HER MAJESTY, by and with the advice and consent of the Legislative Assembly of Alberta, enacts as follows:

Definitions

1   In this Act,

> (a)   "certification order" means an order certifying a proceeding as a class proceeding;

> (b)   "certified", in respect of a proceeding, means certified as a class proceeding;

> (c)   "class member" means a person who is a member of a class on whose behalf a proceeding that is certified as a class proceeding is commenced or otherwise conducted;

> (d)   "class proceeding" means a proceeding certified as a class proceeding under Part 1;

(e) "common issue" means

    (i) common but not necessarily identical issues of fact, or

    (ii) common but not necessarily identical issues of law that arise from common but not necessarily identical facts;

(f) "Court" means the Court of Queen's Bench, but in the case of applications, appeals and other proceedings in the Court of Appeal, means the Court of Appeal;

(g) "decertification order" means an order under which a class proceeding is decertified from being a class proceeding;

(h) "defendant" includes a respondent;

(i) "plaintiff" includes a petitioner;

(j) "prospective class member" means, in respect of a proceeding that has not yet been certified as a class proceeding, a person who will be a class member if the proceeding is certified;

(k) "prospective subclass member" means, in respect of a proceeding for which a representative plaintiff for a subclass has not yet been appointed, a person who will be a subclass member if a representative plaintiff is appointed for the subclass;

(l) "representative plaintiff" means a person who is appointed under this Act as the representative plaintiff for a class or subclass in respect of a class proceeding;

(m) "Rules of Court" means the *Alberta Rules of Court* and includes the Appeal Rules, the Court of Queen's Bench Practice Notes and the Court of Appeal Practice Notes;

(n) "settlement class" means those persons who, in respect of a proceeding, constitute a settlement class under section 4;

(o) "subclass members" means persons who are class members but who also make up a subclass of the class members and who, in respect of that subclass, have a claim that raises common issues that are not shared by all the class members and for whom a representative plaintiff has been appointed.


Part 1
Certification

Plaintiff's class proceeding

**2(1)** One member of a class of persons may commence a proceeding in the Court on behalf of the members of that class.

**(2)** A person who commences a proceeding under subsection (1) must make an application to the Court for an order certifying the proceeding as a class proceeding and, subject to subsection (4), appointing that person, or another person who on certification will be a member of the class, as the representative plaintiff.

**(3)** An application under subsection (2) must be made

       (a)   within 90 days after

           (i)   the day on which the statement of defence was served, or

           (ii)   the day on which the time prescribed by the Rules of Court for service of the statement of defence expires without its being served,

       whichever is the later, or

       (b)   with leave of the Court, within any other time prescribed by the Court.

**(4)** Notwithstanding subsection (2), the Court may certify a person who is not a member of the class as the representative plaintiff for the class proceeding but may do so only if, in the opinion of the Court, to do so will avoid a substantial injustice to the class.

**(5)** A person who may be both a member of a class and a member of a subclass is eligible to be appointed as a representative plaintiff for the class proceeding unless, in the opinion of the Court, it would be inappropriate in the circumstances.

**(6)** The Court may, where it considers it appropriate, appoint as a representative plaintiff a non-profit organization that is incorporated.

Defendant's class proceeding

3**(1)** A defendant to a proceeding may, at any stage of the proceeding, make an application to the Court for an order certifying the proceeding as a class proceeding and appointing a person who on certification will be a member of the class as the representative plaintiff, whether or not more than one proceeding has been commenced against the defendant.

**(2)** Notwithstanding subsection (1), the Court may certify a person who is not a member of the class as the representative plaintiff for the class proceeding but may do so only if, in the opinion of the Court, to do so will avoid a substantial injustice to the class.

**(3)** Section 2(5) and (6) apply to the appointment of a representative plaintiff under this section.

Certification re settlement of proceeding

4   Where a plaintiff has reached a settlement with a defendant in respect of a proceeding prior to the proceeding's being certified but certification of the proceeding as a class proceeding is being sought as a condition of the settlement for the purposes of imposing the settlement on persons who will be class members in respect of the proceeding if the proceeding is certified as a class proceeding, those persons, on the application for certification being commenced, constitute a settlement class with respect to the proceeding for which certification is being sought.

Class certification

5**(1)** In order for a proceeding to be certified as a class proceeding on an application made under section 2 or 3, the Court must be satisfied as to each of the following:

       (a)   the pleadings disclose a cause of action;

(b)    there is an identifiable class of 2 or more persons;

(c)    the claims of the prospective class members raise a common issue, whether or not the common issue predominates over issues affecting only individual prospective class members;

(d)    a class proceeding would be the preferable procedure for the fair and efficient resolution of the common issues;

(e)    there is a person eligible to be appointed as a representative plaintiff who, in the opinion of the Court,

(i)    will fairly and adequately represent the interests of the class,

(ii)    has produced a plan for the proceeding that sets out a workable method of advancing the proceeding on behalf of the class and of notifying class members of the proceeding, and

(iii)    does not have, in respect of the common issues, an interest that is in conflict with the interests of other prospective class members.

**(2)**  In determining whether a class proceeding would be the preferable procedure for the fair and efficient resolution of the common issues, the Court may consider any matter that the Court considers relevant to making that determination, but in making that determination the Court must consider at least the following:

(a)    whether questions of fact or law common to the prospective class members predominate over any questions affecting only individual prospective class members;

(b)    whether a significant number of the prospective class members have a valid interest in individually controlling the prosecution of separate actions;

(c)    whether the class proceeding would involve claims that are or have been the subject of any other proceedings;

(d)    whether other means of resolving the claims are less practical or less efficient;

(e)    whether the administration of the class proceeding would create greater difficulties than those likely to be experienced if relief were sought by other means.

**(3)**  Where the Court is satisfied as to each of the matters referred to in subsection (1)(a) to (e), the Court is to certify the proceeding as a class proceeding.

**(4)**  The Court may not certify a proceeding as a class proceeding unless the Court is satisfied as to each of the matters referred to in subsection (1)(a) to (e).

**(5)**  Notwithstanding subsection (3), where an application is made to certify a proceeding as a class proceeding for the purposes of binding members of a settlement class, the Court may not certify the proceeding unless the Court has approved the settlement.

Certification application

6**(1)**  The Court may adjourn an application for certification to permit the parties to amend their materials or pleadings or to permit further evidence.

**(2)** An order certifying a proceeding as a class proceeding is not a determination of the merits of the proceeding.

Subclass certification

**7(1)** Notwithstanding section 5, if a class includes a subclass whose members have claims that raise common issues not shared by all the class members so that, in the opinion of the Court, the protection of the interests of the prospective subclass members requires that they be represented separately, the Court may, in addition to appointing the representative plaintiff for the class, appoint from among the prospective subclass members a representative plaintiff for the subclass who, in the opinion of the Court,

    (a)   will fairly and adequately represent the interests of the subclass,

    (b)   has produced a plan for the proceeding that sets out a workable method of advancing the proceeding on behalf of the subclass and of notifying subclass members of the proceeding, and

    (c)   does not have, in respect of the common issues for the subclass, an interest that is in conflict with the interests of other prospective subclass members.

**(2)** Where the Court is satisfied that more than one subclass meets the criteria under subsection (1) for a representative plaintiff to be appointed, the Court may appoint a representative plaintiff for each subclass.

**(3)** If a class is made up of persons who are residents of Alberta and persons who are not residents of Alberta, that class is to be divided into resident and non-resident subclasses.

**(4)** Notwithstanding subsection (1), the Court may certify a person who is not a member of the subclass as the representative plaintiff for the subclass in the class proceeding but may do so only if, in the opinion of the Court, to do so will avoid a substantial injustice to the subclass.

**(5)** Section 2(5) and (6) apply to the appointment of a representative plaintiff for a subclass under this section.

Certain matters not bar to certification

8   In determining whether a proceeding is to be certified as a class proceeding, the Court is not to refuse certification by reason only of one or more of the following:

    (a)   the relief claimed includes a claim for damages that would require individual assessment after determination of the common issues;

    (b)   the relief claimed relates to separate contracts involving different prospective class members;

    (c)   different remedies are sought for different prospective class members;

    (d)   the number of prospective class members or the identity of each prospective class member has not been ascertained or may not be ascertainable;

    (e)   the class includes a subclass where the prospective subclass members have claims that raise common issues not shared by all the prospective class members.

Certification order

9**(1)**  Where the Court makes a certification order, the Court may include any provisions that it considers appropriate, but in its order the Court must at least

(a)    describe the class in respect of which the order is made by setting out the class's identifying characteristics;

(b)    appoint the representative plaintiff for the class;

(c)    state the nature of the claims asserted on behalf of the class;

(d)    state the relief sought by the class;

(e)    set out the common issues for the class;

(f)    state the manner in which and the time within which a class member may opt out of the proceeding;

(g)    state the manner in which, and the time within which, a person who is not a resident of Alberta may opt into the proceeding.

**(2)**  If a class includes a subclass whose members have claims that raise common issues not shared by all the class members so that, in the opinion of the Court, the protection of the interests of the subclass members requires that they be represented separately, the certification order must include in relation to the subclass the information that is required under subsection (1) in relation to the class.

**(3)**  Where the certification order is made for the purpose of binding a settlement class, the Court may, as the Court considers appropriate, modify what is required to be included in the order under subsection (1) or (2).

**(4)**  The Court may at any time amend a certification order on the application of a party or class member or on the Court's own motion.

Refusal to certify

10   If the Court refuses to certify a proceeding as a class proceeding, the Court may permit the proceeding to continue as one or more proceedings between different parties and, for that purpose, the Court may do one or more of the following:

(a)    order the addition, deletion or substitution of parties;

(b)    order the amendment of the pleadings;

(c)    make any other order, not referred to in clause (a) or (b), that the Court considers appropriate.

If conditions for certification not satisfied

11**(1)**  Without limiting section 9(4), if at any time after a certification order is made under this Part

the Court, with respect to the class proceeding, determines that it is no longer satisfied as to the matters referred to in section 5 or 7(1), the Court may do one or more of the following:

(a)    amend the certification order;

(b)    decertify the proceeding;

(c)    make any other order, not referred to in clause (a) or (b), that the Court considers appropriate.

**(2)**  If the Court makes an order under subsection (1) decertifying a proceeding as a class proceeding, the Court may

(a)    permit the proceeding to continue as one or more proceedings between different parties, and

(b)    make any order referred to in section 10 in relation to each of those proceedings.

Part 2
Conduct of Class Proceedings

Division 1
Role of Court

Stages of class proceedings

12**(1)**  In the conduct of a class proceeding,

(a)    common issues for a class are to be determined together,

(b)    common issues for a subclass are to be determined together, and

(c)    individual issues that require the participation of individual class members are to be determined individually in accordance with sections 28 and 29,

except where the Court, under section 13, orders otherwise.

**(2)**  The Court may give judgment in respect of the common issues and separate judgments in respect of any other issue.

Court may determine conduct of proceeding

13**(1)**  The Court may at any time make any order it considers appropriate respecting the conduct of a class proceeding to ensure the fair and expeditious determination of the proceeding and, for that purpose, may impose on one or more of the parties any terms or conditions that the Court considers appropriate.

**(2)**  If the Court is of the opinion that a representative plaintiff is not fairly or adequately representing the interests of the class or a subclass, the Court may substitute another class member or subclass member or any other person as the representative plaintiff.

Court may stay any other proceeding

14   The Court may at any time stay or sever any proceeding related to the class proceeding on any terms or conditions that the Court considers appropriate.

Applications

15**(1)**  The judge of the Court who makes a certification order is to hear all the applications in the class proceeding that take place prior to the trial of the common issues, but if that judge for any reason becomes unavailable to hear an application, the chief justice of the Court may assign another judge of the Court to hear the application.

**(2)**  Except with the consent of all of the parties to a class proceeding, a judge who has heard an application in the class proceeding prior to the trial of the common issues is not eligible to preside at the trial of the common issues.

Division 2
Participation of Class Members

Participation of class members

16**(1)**  For the purposes of ensuring the fair and adequate representation of the interests of the class or any subclass or for any other reason that the Court considers appropriate, the Court may, at any time in a class proceeding, permit one or more class members to participate in the proceeding if, in the opinion of the Court, this would be useful to the class.

**(2)**  Participation under subsection (1) must be in the manner and on the terms or conditions, including terms or conditions as to costs, that the Court considers appropriate.

Opting in and opting out

17**(1)**  For determining, with respect to a class proceeding, whether a person is a class member or remains a class member, the following applies:

(a)   a person who is a resident of Alberta and who meets the criteria to be a class member in respect of the class proceeding is a class member in the class proceeding unless that person, in the manner and within the time provided for in the certification order made in respect of the class proceeding, opts out of the class proceeding;

(b)   subject to clause (d), a person who is not a resident of Alberta may, in the manner and within the time provided for in the certification order made in respect of the class proceeding, opt into the class proceeding if that person would have been included under clause (a) as a class member in the class proceeding had that person been a resident of Alberta;

(c)   a person referred to in clause (b) who opts into a class proceeding is, effective from the time that the person opts in, a class member in the class proceeding for every purpose of this Act;

(d)   a person who is a prospective subclass member may not opt into a class

proceeding under clause (b) unless a representative plaintiff who satisfies the requirements of section 7 has been or will have been appointed for the subclass in which the person is to become a subclass member at the time that the person becomes a class member;

(e)    a person who is a class member may, if permitted to do so by this Act, the certification order or the Court, opt out of the class proceeding subject to any terms or conditions imposed under the certification order or by the Court;

(f)    a person referred to in clause (e) who opts out of the class proceeding ceases, effective from the time the person opts out and subject to any terms or conditions referred to in clause (e), to be a class member in the class proceeding.

**(2)** If a subclass is created as a result of persons opting into a class proceeding under subsection (1) (b), the representative plaintiff for that subclass must ensure that the certification order for the class proceeding is amended, if necessary, to comply with section 9(2).

**(3)** Notwithstanding anything in this section, where the Court certifies a proceeding pursuant to an application by a defendant, a class member is prohibited from opting out of the class proceeding other than with leave of the Court.

**(4)** If the Court grants leave under subsection (3) for a person to opt out of a class proceeding, that person has, as a matter of right, the right to apply to the Court to be added, on any terms or conditions that the Court considers appropriate, as a named plaintiff for the purposes of allowing that plaintiff to conduct the plaintiff's own case.

**(5)** Notwithstanding anything in this section, the Court may at any time determine whether or not a person is a class member or subclass member subject to any terms or conditions the Court considers appropriate.

Discovery

18**(1)** Parties to a class proceeding have the same rights of discovery under the Rules of Court against one another as they would have in any other proceeding.

**(2)** After discovery of the representative plaintiff or, in a proceeding referred to in section 7, one or more of the representative plaintiffs, a defendant may, with leave of the Court, discover other class members or subclass members.

**(3)** Repealed 2003 c42 s4.

**(4)** In deciding whether to grant a defendant leave to discover other class members or subclass members, the Court may take into consideration any matter that the Court considers relevant, but in making its decision the Court must consider at least the following:

(a)    the stage of the class proceeding and the issues to be determined at that stage;

(b)    the presence of subclasses;

(c)    whether the discovery is necessary in view of the defences of the party seeking leave;

(d)    the approximate monetary value of individual claims, if any;

(e)    whether discovery would result in oppression or in undue annoyance,

burden or expense for the class members or subclass members sought to be discovered.

**(5)** For the purposes of conducting a discovery, the Court may order the parties to propose which class members or subclass members, if any, should be discovered and may direct that those proposed members submit, or specify which of them are to submit, to a discovery.

**(6)** If a class member or subclass member who is to be examined pursuant to this section fails to submit to discovery, that member is subject to the same sanctions under the Rules of Court as a party who fails to submit to discovery.

2003 cC-16.5 s18;2003 c42 s4

Examination of class members before an application

19**(1)** Except with leave of the Court, a party may not require a class member or subclass member, other than a representative plaintiff, to be examined as a witness

> (a)    before the hearing of an application, or

> (b)    for the purpose of using any evidence arising from the examination in respect of any motion, petition or other proceeding before the Court.

**(2)** Section 18(4) applies to a decision whether to grant leave under this section.

2003 cC-16.5 s19;2003 c42 s4

Division 3
Notices

Notice of certification

20**(1)** Notice that a proceeding has been certified must, subject to subsection (3), be given by the representative plaintiff to the class members in accordance with this section and the directions of the Court.

**(2)** The Court must make an order giving directions as to when and by what means notice is to be given under this section and in doing so the Court may consider any matter that the Court considers relevant, but in making the order the Court must consider at least the following:

> (a)    the cost of giving notice;

> (b)    the nature of the relief sought;

> (c)    the size of the individual claims of the class members;

> (d)    the number of class members;

> (e)    the presence of subclasses;

> (f)    the places of residence of class members.

**(3)** Notwithstanding anything in this section, the Court may make an order dispensing with notice if, having regard to the matters set out in subsection (2), the Court considers it appropriate to do so.

**(4)** The Court may order that notice be given by any one or more of the following means:

    (a)    personal delivery;

    (b)    mail;

    (c)    posting, advertising or publishing or distributing leaflets;

    (d)    individually notifying a sample group within the class;

    (e)    through the use of an internet site;

    (f)    any other means or combination of means not referred to in clauses (a) to (e) that the Court considers appropriate.

**(5)** The Court may order that notice be given to different class members or subclass members by different means.

**(6)** Unless the Court orders otherwise, notice given under this section must

    (a)    describe the proceeding, including the names and addresses of the representative plaintiffs and the relief sought,

    (b)    state the manner in which and the time within which a class member or subclass member may opt out of the proceeding,

    (c)    state the manner in which and the time within which a person who is not a resident of Alberta may opt into the proceeding,

    (d)    describe any counterclaim or third party proceeding being asserted in the proceeding, including the relief sought,

    (e)    summarize any agreements respecting fees and disbursements

        (i)    between the representative plaintiff and the representative plaintiff's lawyers, and

        (ii)    if the recipient of the notice is a subclass member, between the representative plaintiff for the subclass and that representative plaintiff's lawyers,

    (f)    describe the possible financial consequences of the proceedings to class members and subclass members,

    (g)    state that the judgment on the common issues for the class, whether reached by settlement or otherwise and whether favourable or not, will bind all class members who do not opt out of the proceeding,

    (h)    state that the judgment on the common issues for a subclass, whether reached by settlement or otherwise and whether favourable or not, will bind all subclass members who do not opt out of the proceeding,

    (i)    describe the rights, if any, of class members and subclass members to participate in the proceeding,

    (j)    give an address to which class members and subclass members may direct inquiries about the proceeding, and

    (k)    give any other information the Court considers appropriate.

**(7)** If the application to certify a proceeding was made in respect of a settlement class, a notice given under this section must include the terms of the settlement and may, on the direction of the Court, be modified otherwise as the Court considers appropriate.

**(8)** With leave of the Court, notice given under this section may include a solicitation of contributions from class members to assist in paying lawyers' fees and disbursements.

Notice of determination of common issues

21**(1)** Where the Court determines common issues in favour of a class or subclass and considers that the participation of individual class members or subclass members is required to determine individual issues, the representative plaintiff must give notice to those members in accordance with this section.

**(2)** Section 20(2) to (5) apply to notice given under this section.

**(3)** A notice given under this section must

        (a)   state that common issues have been determined,

        (b)   identify the common issues that have been determined and explain the determinations made,

        (c)   state that class members or subclass members may be entitled to individual relief,

        (d)   describe the steps that must be taken to establish an individual claim,

        (e)   state that failure on the part of a class member or subclass member to take those steps referred to in clause (d) will result in the member's not being entitled to assert an individual claim except with leave of the Court,

        (f)   give an address to which class members and subclass members may direct inquiries about the proceeding, and

        (g)   give any other information that the Court considers appropriate.

2003 cC-16.5 s21;2003 c42 s4

Notice to protect interests of affected persons

22**(1)** At any time in a class proceeding, the Court may direct any party to give notice to any persons that the Court considers necessary in order to protect the interests of any class member, subclass member or party or to ensure the fair conduct of the proceeding.

**(2)** Section 20(2), (4) and (5) apply to notice given under this section.

2003 cC-16.5 s22;2003 c42 s4

Approval of notice by the Court

23   A notice that is to be given under this Division must be approved by the Court before the notice is given.

Giving of notice by another party

24   Where a party is required to give a notice under this Act, the Court may order

       (a)   another party also to give the notice, or

       (b)   another party to give the notice in the place of the party that was required
to give the notice.


Costs of notice

25**(1)**  The Court may make any order that the Court considers appropriate with respect to the costs of any notice that is to be given under this Division, including an order apportioning costs among parties.

**(2)**  In making an order under subsection (1), the Court may take into account the different interests of a subclass.


Part 3
Orders, Awards and
Related Procedures

      Division 1
      Orders Respecting Common Issues
      and Individual Issues

Contents of order respecting common issues

26   Where the Court makes an order in respect of a judgment on common issues of a class or subclass, the Court may include any provisions that it considers appropriate, but in its order the Court must at least

       (a)   set out the common issues;

       (b)   name or describe the class members or subclass members to the extent
possible;

       (c)   state the nature of the claims asserted on behalf of the class or subclass;

       (d)   specify the relief granted.


Judgment on common issues is binding

27**(1)**  Subject to subsection (2), a judgment

       (a)   on common issues of a class binds every class member, and

       (b)   on common issues of a subclass binds every subclass member,

but only to the extent that the judgment determines common issues that

    (c)    are set out in the certification order,

    (d)    relate to claims described in the certification order, and

    (e)    relate to relief sought by the class or subclass as stated in the certification order.

**(2)** A judgment referred to in subsection (1) does not bind a party to the class proceeding in any subsequent proceeding between that party and a person who has opted out of the class proceeding.

**(3)** With leave of the Court, a class member or a subclass member who

    (a)    did not receive notice of the certification order, or

    (b)    by reason of mental disability, did not respond within the specified time set out in the certification notice,

is to be treated as if that person had opted out of the class proceeding.


Determination of individual issues

28**(1)** If, in determining any common issues in favour of a class or subclass, the Court determines that there are issues, other than those that may be determined under section 32, that are applicable only to certain individual class members or subclass members, the Court may

    (a)    determine those individual issues in further hearings presided over by the judge who determined the common issues or by another judge of the Court,

    (b)    appoint one or more persons, including, without limitation, one or more independent experts, to conduct an inquiry into those individual issues under the Rules of Court and report back to the Court, or

    (c)    with the consent of the parties, direct that those individual issues be determined in any other manner not referred to in clause (a) or (b).

**(2)** The Court may give any directions that the Court considers appropriate relating to the procedures that are to be followed in conducting hearings, inquiries and determinations under subsection (1).

**(3)** In giving directions under subsection (2), the Court is to choose the least expensive and most expeditious method of determining the individual issues that, in the opinion of the Court, is consistent with justice to the class members, the subclass members and the parties and, in doing so, the Court may

    (a)    dispense with any procedural step that the Court considers unnecessary, and

    (b)    establish, to the extent that the Court considers appropriate,

        (i)    special procedural steps, including steps relating to discovery, to be taken, and

(ii)    special rules, including rules relating to admission of evidence and means of proof, to be followed.

**(4)** The Court must set a reasonable time within which individual class members or subclass members may make claims under this section in respect of the individual issues.

**(5)** If, with respect to individual issues, a class member or subclass member fails to make a claim within the time set under subsection (4), that member may, with leave of the Court, make a claim under this section at a later time with respect to the issues that are applicable only to that member.

**(6)** The Court may grant leave under subsection (5) only if the Court is satisfied that

> (a)    there are apparent grounds for relief,

> (b)    the delay was not caused by any fault of the person seeking the relief, and

> (c)    the defendant will not suffer substantial prejudice if leave is granted.

**(7)** Where the Court makes a direction under subsection (1)(c), a determination of issues made pursuant to that direction is, unless otherwise ordered by the Court, deemed to be a determination by the Court.

Individual assessment of liability

29    Without limiting section 28, if, after determining common issues in favour of a class or subclass, the Court determines that the defendant's liability to individual class members or subclass members cannot reasonably be determined without proof by those individual class members or subclass members, section 28 applies with respect to the determination of the defendant's liability to those class members or subclass members.

Division 2
Aggregate Awards

Aggregate awards of monetary relief

30**(1)**    The Court may make an order for an aggregate monetary award in respect of all or any part of a defendant's liability to class members or subclass members and may give judgment accordingly if

> (a)    monetary relief is claimed on behalf of some or all class members or subclass members,

> (b)    no questions of fact or law other than those relating to the assessment of monetary relief remain to be determined in order to establish the amount of the defendant's monetary liability, and

> (c)    the aggregate or a part of the defendant's liability to some or all class members or subclass members can, in the opinion of the Court, reasonably be determined without proof by individual class members or subclass members.

**(2)** Before making an order under subsection (1), the Court is to provide the defendant with an opportunity to make submissions to the Court in respect of any matter touching on the proposed order, including, without limitation,

(a)   submissions that contest the merits or amount of an award under subsection (1), and

(b)   submissions that individual proof of monetary relief is required due to the individual nature of the relief.


Average or proportional share of aggregate awards

31**(1)**  Where the Court makes an order under section 30, the Court may further order that all or a part of the aggregate monetary award be applied so that some or all individual class members or subclass members share in the award on an average or proportional basis if, in the opinion of the Court,

(a)   it would be impractical or inefficient

(i)   to identify the class members or subclass members entitled to share in the award, or

(ii)   to determine the exact shares that should be allocated to individual class members or subclass members,

and

(b)   failure to make an order under this subsection would deny recovery to a substantial number of class members or subclass members.

**(2)**  If an order is made under subsection (1), any class member or subclass member in respect of whom the order was made may, within the time provided for in the order, apply to the Court to be excluded from the proposed distribution and to be given the opportunity to prove that member's claim on an individual basis.

**(3)**  In deciding whether to exclude a class member or subclass member from an average distribution, the Court must consider at least the following:

(a)   the extent to which the class member's or subclass member's individual claim varies from the average for the class or subclass;

(b)   the number of class members or subclass members seeking to be excluded from an average distribution;

(c)   whether excluding the class members or subclass members referred to in clause (b) would unreasonably deplete the amount to be distributed on an average basis.

**(4)**  If a class member or subclass member proves that member's claim on an individual basis, the amount recovered by that member on an individual basis must be deducted from the amount to be distributed on an average basis before the distribution is made.


Individual share of aggregate award

32**(1)**  Where the Court orders that all or a part of an aggregate monetary award made under section 30(1) be divided among individual class members or subclass members on an individual basis, the Court must determine whether individual claims need to be made to give effect to the order.

**(2)** If the Court determines under subsection (1) that individual claims need to be made, the Court must specify the procedures for determining the claims.

**(3)** In specifying the procedures under subsection (2), the Court must endeavour to minimize the burden on class members or subclass members and, for that purpose, the Court may authorize any one or more of the following:

> (a)   the use of standard proof of claim forms;

> (b)   the submission of affidavit or other documentary evidence;

> (c)   the auditing of claims on a sampling or other basis.

**(4)** When specifying the procedures under subsection (2), the Court must set a reasonable time within which individual class members or subclass members may make claims under this section.

**(5)** If a class member or subclass member fails to make a claim within the time set under subsection (4), that member may, with leave of the Court, make a claim under this section at a later time.

**(6)** The Court may grant leave under subsection (5) only if the Court is satisfied that

> (a)   there are apparent grounds for relief,

> (b)   the delay was not caused by any fault of the person seeking the relief, and

> (c)   neither the defendant nor any class member, subclass member, representative plaintiff or other person will suffer substantial prejudice if leave is granted.

**(7)** If the Court considers it appropriate to do so, the Court may amend a judgment given under section 30(1) to give effect to a claim made pursuant to subsection (5) of this section, but in doing so the Court may not increase the amount of an aggregate monetary award.


Distribution

33**(1)** The Court may direct that the distribution of amounts awarded under this Division be carried out by any means that the Court considers appropriate.

**(2)** In giving directions under subsection (1), the Court may order any one or more of the following:

> (a)   that the defendant distribute directly to the class members the amount of monetary relief to which each class member is entitled by any means authorized by the Court, including abatement and credit;

> (b)   that the defendant distribute directly to the subclass members the amount of monetary relief to which each subclass member is entitled by any means authorized by the Court, including abatement and credit;

> (c)   that the defendant pay into Court or some other depository that the Court considers appropriate the total amount of the defendant's liability to the class members until further order of the Court;

> (d)   that the defendant pay into Court or some other depository that the Court considers appropriate the total amount of the defendant's liability to the subclass members until further order of the Court;

      (e)   that any person other than the defendant distribute directly to the class members or subclass members, by any means authorized by the Court, the amount of monetary relief to which each class member or subclass member is entitled.

**(3)** In deciding whether to make an order under subsection (2)(a) and (b) or either of them, the Court

      (a)   must consider whether distribution by the defendant is the most practical way of distributing the award, and

      (b)   may take into account whether the amount of monetary relief to which each class member or subclass member is entitled is ascertainable using the records of the defendant.

**(4)** The Court is to supervise the enforcement proceedings in respect of judgments arising under this Act and the distribution of awards under this Division and may stay the whole or any part of an enforcement proceeding or distribution for a reasonable period on any terms or conditions that the Court considers appropriate.

**(5)** The Court may order that an award made under this Division be paid

      (a)   in a lump sum, promptly or within a time set by the Court, or

      (b)   in instalments, on the terms or conditions the Court considers appropriate.

**(6)** The Court may

      (a)   order that the costs of distributing an award under this Division, including the costs of any notice associated with the distribution and the fees payable to a person administering the distribution, be paid out of the proceeds of the judgment, and

      (b)   make any further or other order the Court considers appropriate.


Undistributed award

34**(1)** The Court may order that all or any part of an award made under this Division that has not been distributed within the time provided for by the Court be applied in any manner that, in the opinion of the Court, may reasonably be expected to benefit class members or subclass members, even if the order does not provide for monetary relief to individual class members or subclass members.

**(2)** In deciding whether to make an order under subsection (1), the Court may consider any matter that the Court considers relevant, but in making its decision the Court must at least consider whether the distribution would result in unreasonable benefits to persons who are not class members or subclass members.

**(3)** The Court may make an order under subsection (1) whether or not all of the class members or subclass members can be identified or all their shares can be exactly determined.

**(4)** The Court may make an order under subsection (1) even if the order would benefit

      (a)   persons who are not class members or subclass members, or

      (b)   persons who may otherwise receive monetary relief as a result of the class proceeding.

**(5)** If any portion of an award that, under sections 31 and 32, is to be divided among individual class members or subclass members remains unclaimed or otherwise undistributed after the time provided for by the Court, the Court may make any order that the Court considers appropriate with respect to the distribution or other use or application of the unclaimed or undistributed portion of the award.

Division 3
Termination of Proceedings
and Appeals

Settlement, discontinuance, abandonment and dismissal

35**(1)** A class proceeding may be settled, discontinued or abandoned, but only with the approval of the Court and subject to any terms or conditions that the Court considers appropriate.

**(2)** A settlement may be concluded in relation to the common issues affecting a subclass but only with the approval of the Court and subject to any terms or conditions that the Court considers appropriate.

**(3)** A settlement to which this section applies is not binding unless approved by the Court.

**(4)** A settlement of a class proceeding that is approved by the Court binds every class member who has not opted out of the class proceeding, but only to the extent provided by the Court.

**(5)** A settlement in relation to the common issues affecting a subclass that is approved by the Court binds every subclass member who has not opted out of the class proceeding, but only to the extent provided by the Court.

**(6)** In dismissing a class proceeding or in approving a settlement, discontinuance or abandonment of a class proceeding, the Court must consider whether notice should be given under section 21 and whether the notice should include any one or more of the following:

        (a)   an account of the conduct of the proceeding;

        (b)   a statement of the results of the proceeding;

        (c)   a description of any plan for distributing any settlement funds.

Appeals

36**(1)** Any party may, without leave, appeal to the Court of Appeal from any of the following:

        (a)   an order certifying or refusing to certify a proceeding as a class proceeding;

        (b)   an order decertifying a proceeding;

        (c)   a judgment on common issues;

        (d)   an order made under Division 2 of this Part, other than an order that determines individual claims made by class members or subclass members.

**(2)** A class member or subclass member, a representative plaintiff or a defendant may appeal to the Court of Appeal any order

        (a)   determining an individual claim made by a class member or subclass

member, or

          (b)   dismissing an individual claim for monetary relief made by a class member or subclass member.

**(3)** If a representative plaintiff

          (a)   does not appeal as permitted under this section within the time limit set under the Rules of Court for bringing an appeal, or

          (b)   abandons an appeal commenced pursuant to this section,

any class member or subclass member for whom the representative plaintiff was appointed may apply to the Court of Appeal for leave to act as the representative plaintiff for the purposes of bringing or continuing an appeal or seeking leave to appeal.

**(4)** An application by a class member or subclass member for leave to act as the representative plaintiff under subsection (3) must be made within 30 days from the day of the expiry of the appeal period available to the representative plaintiff or by a later date as may be set by the Court of Appeal.

Part 4
Costs, Fees and Disbursements

Costs

37   With respect to any proceeding or other matter under this Act, the Court may award costs as provided for under the Rules of Court.

Contingency fee agreements

38**(1)**   A lawyer may in respect of a proceeding under this Act enter into a contingency fee agreement with a representative plaintiff respecting the amount and manner of payment for services provided or to be provided and respecting any fees or disbursements in relation to those services and may provide for that payment to be by a gross sum, commission, percentage, salary or otherwise and at the same rate as or at a greater or lesser rate than the rate at which the lawyer would otherwise be entitled to be paid.

**(2)**   A contingency fee agreement

          (a)   must be in writing, and

          (b)   must be signed by the lawyer and the representative plaintiff.

**(3)**   A contingency fee agreement must be in precise and understandable terms and must set out at least the following:

          (a)   the name and address of the representative plaintiff;

          (b)   the name and address of the lawyer;

          (c)   the nature of the claim;

(d)    the event or contingency on which fees are to be paid to the lawyer;

(e)    the manner in which the contingency fee is to be calculated;

(f)    the maximum fee payable, or the maximum rate to be used to calculate the fee, after deducting disbursements;

(g)    whether the representative plaintiff is responsible to pay disbursements and, if so, a general description of types of disbursements likely to be incurred, other than relatively minor disbursements;

(h)    a statement that, if the representative plaintiff gives notice in writing to the lawyer within 5 days after the representative plaintiff's copy of the contingency fee agreement is served on the representative plaintiff, the representative plaintiff may terminate the contingency fee agreement without incurring any liability for fees, but the representative plaintiff is liable to reimburse the lawyer for reasonable disbursements.

**(4)** The contingency fee agreement must be witnessed by a person who sees the representative plaintiff actually sign the agreement, who must then swear an affidavit of execution.

**(5)** The representative plaintiff must be served with a copy of the signed contingency fee agreement within 10 days after the date on which the agreement is signed, and an affidavit of service to that effect must be executed by the person who serves the copy of the agreement.

**(6)** Subject to subsection (7), a representative plaintiff may terminate a contingency fee agreement on giving written notice of the termination to the lawyer and the payment of the fees and disbursements owing at the time of the termination or as otherwise agreed on by the representative plaintiff and the lawyer.

**(7)** A representative plaintiff may terminate a contingency fee agreement without incurring liability for payment of any fees related to or arising from the agreement, but is liable to pay reasonable disbursements, if the representative plaintiff, within 5 days after being served with the copy of the agreement, gives written notice of the termination to the lawyer.

**(8)** If a representative plaintiff terminates a contingency fee agreement,

(a)    the lawyer must give notice to the class members or subclass members for whom the representative plaintiff was appointed, and

(b)    any class member or subclass member may apply to the Court to act as the representative plaintiff for the purposes of bringing or continuing an action.

**(9)** This section applies whether or not a class member or subclass member is appointed as the representative plaintiff.

Court approval of contingency fee agreement

39**(1)** A contingency fee agreement respecting fees and disbursements between a lawyer and a representative plaintiff is not enforceable unless,

(a)    on the application of the lawyer made prior to or at the time of applying for certification of the proceeding, the agreement was approved by the Court, and

(b)    after

           (i)    the common issues have been resolved, in the case of a trial of the common issues, or

           (ii)    a settlement agreement has been approved, in the case of a class proceeding being settled,

        the judge who presided over the trial of the common issues or approved the settlement agreement has, on the application of the representative plaintiff or, if the representative plaintiff fails to apply, on the application of the lawyer, reviewed the contingency fee agreement for the purposes of ensuring that the fees and disbursements payable under the agreement are fair and reasonable in the circumstances.

**(2)** An application under subsection (1) may,

        (a)    unless the Court otherwise orders, be brought without notice to the defendant, or

        (b)    if notice to the defendant is required, be brought subject to any terms or conditions respecting disclosure of the whole or any part of the agreement relating to any fees and disbursements as the Court may order.

**(3)** Unless the Court otherwise directs, an application under subsection (1)(b) may only be brought if the notice of the application sets out at least the following:

        (a)    the actual amount of the fees and disbursements as calculated;

        (b)    the right of any class member or subclass member to object;

        (c)    the time and place at which the application is to be heard;

        (d)    those steps or procedures that a class member or subclass member must take or carry out in order to be heard.

**(4)** Interest payable on fees under a contingency fee agreement approved under subsection (1) must be calculated in the manner set out in the agreement or, if not so set out,

        (a)    at the interest rate prescribed under the *Judgment Interest Act* for pecuniary damages, or

        (b)    at any other rate that the Court considers appropriate.

**(5)** Interest payable on disbursements under a contingency fee agreement approved under subsection (1) must be calculated in the manner set out in the agreement or, if not so set out,

        (a)    at the interest rate prescribed under the *Judgment Interest Act* for pecuniary damages, or

        (b)    at any other rate that the Court considers appropriate,

on the balance of disbursements incurred as totalled at the end of each 6-month period following the date of the agreement.

**(6)** Amounts owing under a contingency fee agreement that is enforceable pursuant to this section are a first charge on any settlement funds or monetary award.

**(7)** If a contingency fee agreement is not approved by the Court or the Court determines that the

agreement should not be followed, the Court may

      (a)   determine the amount owing to the lawyer in respect of fees and disbursements,

      (b)   direct that an inquiry, assessment or accounting under the Rules of Court be carried out to determine the amount owing, or

      (c)   direct that the amount owing be determined in any other manner not referred to in clause (a) or (b).

**(8)** Representative parties may seek funding of their costs and disbursements from other persons and organizations, including persons who are not members of the class.


Part 5
General

Limitation periods

40**(1)** Subject to subsection (3), any limitation period applicable to a cause of action asserted in a proceeding, whether or not the proceeding is ultimately certified, is suspended in favour of a person if another proceeding is commenced and it is reasonable for the person to assume that he or she is a class member or subclass member for the purposes of that other proceeding.

**(1.1)** Subject to subsection (3), where

      (a)   a limitation period is suspended under subsection (1) in favour of a person on account of another proceeding being commenced, and

      (b)   the application to certify that other proceeding is dismissed, denied, discontinued or abandoned,

the limitation period that was suspended under subsection (1) resumes running against that person when the application to certify is dismissed, denied, discontinued or abandoned.

**(1.2)** Subject to subsection (3), where

      (a)   a limitation period is suspended under subsection (1) in favour of a person on account of another proceeding being commenced,

      (b)   that other proceeding is certified, and

      (c)   at any time after that other proceeding is certified any one of the clauses of subsection (2) becomes applicable in respect of that person as though he or she were the member referred to in subsection (2),

the limitation period that was suspended under subsection (1) resumes running against that person when any one of the clauses of subsection (2) becomes applicable in respect of that person.

**(2)** Subject to subsection (3), any limitation period applicable to a cause of action asserted in a proceeding that is certified is suspended in favour of a class member or subclass member on the commencement of the proceeding and resumes running against the class member or subclass member when

(a)    the member opts out of the class proceeding,

(b)    a ruling by the Court has the effect of excluding the member from the class proceeding or from being considered ever to have been a member,

(c)    an amendment is made to the certification order that has the effect of excluding the member from the class proceeding,

(d)    a decertification order is made under section 11,

(e)    the class proceeding is dismissed without an adjudication on the merits,

(f)    the class proceeding is discontinued or abandoned with the approval of the Court, or

(g)    the class proceeding is settled with the approval of the Court, unless the settlement provides otherwise.

**(3)** If there is a right of appeal in respect of any matter described in subsection (1), (1.1), (1.2) or (2), the limitation period resumes running

(a)    when the time for appeal has expired without an appeal's being commenced, or

(b)    if an appeal has been commenced, when the appeal has been finally disposed of.

2003 cC-16.5 s40;2003 c42 s4

Rules of Court

41**(1)**  The Rules of Court apply to class proceedings.

**(2)**  Notwithstanding subsection (1), where the Rules of Court are inconsistent with the provisions of this Act, the provisions of this Act prevail.

Application of Act

42**(1)**  Subject to subsection (2), a proceeding may be certified whether the cause of action arose before or after this Act came into force.

**(2)**  This Act does not apply to the following:

(a)    a proceeding that may be brought in a representative capacity under another Act;

(b)    a proceeding required by law to be brought in a representative capacity;

(c)    a representative proceeding

(i)    commenced before this Act came into force, or

(ii)    for which a judgment, or other order that has the effect of concluding

the proceeding, has been rendered before this Act came into force whether or not that judgment or order may be subject to an appeal commenced before or after this Act came into force.

Coming into force

43   This Act comes into force on Proclamation.

*(NOTE:   Proclaimed in force April 1, 2004.)*

Copyright of the Statutes and Regulations belongs to the Province of Alberta. official copies of Alberta legislation are available from the Alberta Queen's printer. The Alberta Statutes and Regulations collections are subject to the disclaimers available on this page.

Scope of Databases | RSS Feeds | Terms of Use | Privacy | Help | Contact Us | About

by **LexUM** for the  Federation of Law Societies of Canada

# TAB 3

---

Copyright (c) Queen's Printer,
Victoria, British Columbia, Canada
                                    **IMPORTANT INFORMATION**

---

# Limitation Act

## [RSBC 1996] CHAPTER 266

### *Contents*

*Section*

  1  Definitions
  2  Application of Act
  3  Limitation periods
  4  Counterclaim or other claim or proceeding
  5  Effect of confirming a cause of action
  6  Running of time postponed
  7  If a person is a minor or incapable
  8  Ultimate limitation
  9  Cause of action extinguished
  10  Conversion or detention of goods
  11  Completion of enforcement process
  12  Adverse possession
  13  Foreign limitation law
  14  Transitional provision
  15  Repeal of special limitations

**Definitions**

**1** In this Act:

**"action"** includes any proceeding in a court and any exercise of a self help remedy;

**"collateral"** means land, goods, documents of title, instruments, securities or other property that is subject to a security interest;

**"judgment"** means a judgment, order or award of

(a) the Supreme Court of Canada relating to an appeal from a British Columbia court,

(b) the British Columbia Court of Appeal,

(c) the Supreme Court of British Columbia,

(d) the Provincial Court of British Columbia, and

(e) an arbitration under the *Commercial Arbitration Act,*

and includes an arbitral award to which the *Foreign Arbitral Awards Act* or the *International Commercial Arbitration Act* applies;

**"secured party"** means a person who has a security interest;

**"security agreement"** means an agreement that creates or provides for a security interest;

**"security interest"** means an interest in collateral that secures payment or performance of an obligation;

**"trust"** includes an express, an implied and a constructive trust, whether or not the trustee has a beneficial interest in the trust property, and whether or not the trust arises only because of a transaction impeached, and includes the duties incident to the office of personal representative, but does not include the duties incident to the estate or interest of a secured party in collateral;

**"writ of execution"** includes an order for seizure and sale issued under the Small Claims Rules.

## Application of Act

**2**  Nothing in this Act interferes with any of the following:

(a) a rule of equity that refuses relief, on the ground of acquiescence, to a person whose right to bring an action is not barred by this Act;

(b) a rule of equity that refuses relief, on the ground of inexcusable delay, to a person who claims equitable relief in aid of a legal right, whose right to bring the action is not barred by this Act;

(c) any rule or law that establishes a limitation period, or otherwise refuses relief, with respect to proceedings by way of judicial review of the exercise of statutory powers.

## Limitation periods

**3 (1)**  In subsections (4) and (6), **"debtor"** means a person who owes payment or other performance of an obligation secured, whether or not the person owns or has rights in the collateral.

(2)  After the expiration of 2 years after the date on which the right to do so arose a person may not bring any of the following actions:

(a) subject to subsection (4) (k), for damages in respect of injury to person or property, including economic loss arising from the injury, whether based on contract, tort or statutory duty;

(b) for trespass to property not included in paragraph (a);

(c) for defamation;

(d) for false imprisonment;

(e) for malicious prosecution;

(f) for tort under the *Privacy Act;*

(g) under the *Family Compensation Act;*

(h) for seduction;

(i) under section 27 of the *Engineers and Geoscientists Act.*

(3)  After the expiration of 10 years after the date on which the right to do so arose a person may not bring any of the following actions:

(a) against the personal representatives of a deceased person for a share of the estate;

(b) against a trustee in respect of any fraud or fraudulent breach of trust to which the trustee was party or privy;

(c) against a trustee for the conversion of trust property to the trustee's own use;

(d) to recover trust property or property into which trust property can be traced against a trustee or any other person;

(e) to recover money on account of a wrongful distribution of trust property against the person to whom the property is distributed, or a successor;

(f) on a judgment for the payment of money or the return of personal property.

(4)  The following actions are not governed by a limitation period and may be brought at any time:

(a) for possession of land if the person entitled to possession has been dispossessed in circumstances amounting to trespass;

(b) for possession of land by a life tenant or person entitled to the remainder of an estate;

(c) on a judgment for the possession of land;

(d) by a debtor in possession of collateral to redeem that collateral;

(e) by a secured party in possession of collateral to realize on that collateral;

(f) by a landlord to recover possession of land from a tenant who is in default or over holding;

(g) relating to the enforcement of an injunction or a restraining order;

(h) to enforce an easement, restrictive covenant or profit prendre;

(i) for a declaration as to personal status;

(j) for the title to property or for a declaration about the title to property by any person in possession of that property;

(k) for a cause of action based on misconduct of a sexual nature, including, without limitation, sexual assault,

(i) where the misconduct occurred while the person was a minor, and

(ii) whether or not the person's right to bring the action was at any time governed by a limitation period;

(l) for a cause of action based on sexual assault, whether or not the person's right to bring the action was at any time governed by a limitation period.

(5) Any other action not specifically provided for in this Act or any other Act may not be brought after the expiration of 6 years after the date on which the right to do so arose.

(6) Without limiting subsection (5) and despite subsections (2) and (4), after the expiration of 6 years after the date on which right to do so arose an action may not be brought:

(a) by a secured party not in possession of collateral to realize on that collateral;

(b) by a debtor not in possession of collateral to redeem that collateral;

(c) for damages for conversion or detention of goods;

(d) for the recovery of goods wrongfully taken or detained;

(e) by a tenant against a landlord for the possession of land, whether or not the tenant was dispossessed in circumstances amounting to trespass;

(f) for the possession of land by a person who has a right to enter for breach of a condition subsequent, or a right to possession arising under possibility of reverter of a determinable estate.

(7) A beneficiary, against whom there would be a good defence under this section, does not derive any greater or other benefit from a judgment or order obtained by another beneficiary than he or she could have obtained if he or she had brought the action or other proceeding and this section had been pleaded.

**Counterclaim or other claim or proceeding**

4 (1) If an action to which this or any other Act applies has been commenced, the lapse of time limited for bringing an action is no bar to

(a) proceedings by counterclaim, including the adding of a new party as a defendant by counterclaim,

(b) third party proceedings,

(c) claims by way of set off, or

(d) adding or substituting a new party as plaintiff or defendant,

under any applicable law, with respect to any claims relating to or connected with the subject matter of the original action.

(2) Subsection (1) does not operate so as to enable one person to make a claim against another person if a claim by that other person

(a) against the first mentioned person, and

(b) relating to or connected with the subject matter of the action,

is or will be defeated by pleading a provision of this Act as a defence by the first mentioned person.

(3) Subsection (1) does not operate so as to interfere with any judicial discretion to refuse relief on grounds unrelated to the lapse of time limited for bringing an action.

(4) In any action the court may allow the amendment of a pleading, on terms as to costs or otherwise that the court considers just, even if between the issue of the writ and the application for amendment a fresh cause of action disclosed by the amendment would have become barred by the lapse of time.

**Effect of confirming a cause of action**

5 (1) If, after time has begun to run with respect to a limitation period set by this Act, but before the expiration of the limitation period, a person against whom an action lies confirms the cause of action, the time during which the limitation period runs before the date of the confirmation does not count in the reckoning of the limitation period for the action by a person having the benefit of the confirmation against a person bound by the confirmation.

(2) For the purposes of this section,

(a) a person confirms a cause of action only if the person

(i) acknowledges a cause of action, right or title of another, or

(ii) makes a payment in respect of a cause of action, right or title of another,

(b) an acknowledgment of a judgment or debt has effect

(i) whether or not a promise to pay can be implied from it, and

(ii) whether or not it is accompanied by a refusal to pay,

(c) a confirmation of a cause of action to recover interest on principal money operates also as a confirmation of a cause of action to recover the principal money, and

(d) a confirmation of a cause of action to recover income falling due at any time operates also as a confirmation of a cause of action to recover income falling due at a later time on the same account.

(3) If a secured party has a cause of action to realize on collateral, either of the following is a confirmation by the payer or performer of the cause of action:

(a) a payment to the secured party of principal or interest secured by the collateral, or

(b) any other payment to the secured party in respect of that party's right to realize on the collateral, or any other performance by the other person of the obligation secured.

(4) If a secured party is in possession of collateral, either of the following is a confirmation by the secured party to the payer or performer of the payer's or performer's cause of action to redeem the collateral:

(a) acceptance by the secured party of a payment to the secured party of principal or interest secured by the collateral, or

(b) acceptance by the secured party of

(i) payment to the secured party in respect of that party's right to realize on the collateral, or

(ii) any other performance by the other person of the obligation secured.

(5) For the purposes of this section, an acknowledgment must be in writing and signed by the maker.

(6) For the purposes of this section, a person has the benefit of a confirmation only if the confirmation

(a) is made to the person or to a person through whom the person claims, or

(b) is made in the course of proceedings or a transaction purporting to be under the *Bankruptcy Act* (Canada).

(7) For the purposes of this section, a person is bound by a confirmation only if any of the following applies:

(a) the person made the confirmation;

(b) after the confirmation is made, the person becomes, in relation to the cause of action, a successor of the person who made the confirmation;

(c) the person who made the confirmation is, at the time of the confirmation, a trustee, and the first mentioned person is at the date of the confirmation or afterwards becomes a trustee of the trust of which the person who made the confirmation is a trustee;

(d) the person is bound under subsection (8).

(8) If a person who confirms a cause of action to

(a) recover property,

(b) enforce an equitable estate or interest in property,

(c) realize on collateral,

(d) redeem collateral,

(e) recover principal money or interest secured by a security agreement, by way of

(i) the appointment of a receiver of collateral or of the income or profits of collateral,

(ii) sale, lease or other disposition of collateral, or

(iii) another remedy affecting collateral, or

(f) recover trust property or property into which trust property can be traced,

is on the date of the confirmation in possession of the property or collateral, the confirmation binds any person in possession during the ensuing period of limitation, not being, or claiming through, a person other than the maker who is, on the date of the confirmation, in possession of the property or collateral.

(9) For the purposes of this section, a confirmation made by or to an agent has the same effect as if made by or to the principal.

(10) Except as specifically provided, this section does not operate to make any right, title or cause of action capable of being confirmed that was not capable of being confirmed before July 1, 1975.

## Running of time postponed

6 (1) The running of time with respect to the limitation period set by this Act for an action

(a) based on fraud or fraudulent breach of trust to which a trustee was a party or privy, or

(b) to recover from a trustee trust property, or the proceeds from it, in the possession of the trustee or previously received by the trustee and converted to the trustee's own use,

is postponed and does not begin to run against a beneficiary until that beneficiary becomes fully aware of the fraud, fraudulent breach of trust, conversion or other act of the trustee on which the action is based.

(2) For the purposes of subsection (1), the burden of proving that time has begun to run so as to bar an action rests on the trustee.

(3) The running of time with respect to the limitation periods set by this Act for any of the following actions is postponed as provided in subsection (4):

(a) for personal injury;

(b) for damage to property;

(c) for professional negligence;

(d) based on fraud or deceit;

(e) in which material facts relating to the cause of action have been wilfully concealed;

(f) for relief from the consequences of a mistake;

(g) brought under the *Family Compensation Act;*

(h) for breach of trust not within subsection (1).

(4)  Time does not begin to run against a plaintiff with respect to an action referred to in subsection (3) until the identity of the defendant is known to the plaintiff and those facts within the plaintiff's means of knowledge are such that a reasonable person, knowing those facts and having taken the appropriate advice a reasonable person would seek on those facts, would regard those facts as showing that

(a) an action on the cause of action would, apart from the effect of the expiration of a limitation period, have a reasonable prospect of success, and

(b) the person whose means of knowledge is in question ought, in the person's own interests and taking the person's circumstances into account, to be able to bring an action.

(5)  For the purpose of subsection (4),

(a) **"appropriate advice"**, in relation to facts, means the advice of competent persons, qualified in their respective fields, to advise on the medical, legal and other aspects of the facts, as the case may require,

(b) **"facts"** include

(i) the existence of a duty owed to the plaintiff by the defendant, and

(ii) that a breach of a duty caused injury, damage or loss to the plaintiff,

(c) if a person claims through a predecessor in right, title or interest, the knowledge or means of knowledge of the predecessor before the right, title or interest passed is that of the first mentioned person, and

(d) if a question arises about the knowledge or means of knowledge of a deceased person, the court may have regard to the conduct and statements of the deceased person.

(6)  The burden of proving that the running of time has been postponed under subsections (3) and (4) is on the person claiming the benefit of the postponement.

(7)  Subsections (3) and (4) do not operate to the detriment of a purchaser in good faith for value.

(8)  The limitation period set by this Act with respect to an action relating to a future interest in trust property does not begin to run against a beneficiary until the interest becomes a present interest.

**If a person is a minor or incapable**

7  (1)  For the purposes of this section,

(a) a person is under a disability while the person

(i)  is a minor, or

(ii)  is in fact incapable of or substantially impeded in managing his or her affairs, and

(b) **"guardian"** means a parent or guardian who has actual care and control of a minor or a committee appointed under the *Patients Property Act.*

(2) If, at the time the right to bring an action arises, a person is under a disability, the running of time with respect to a limitation period set by this Act is postponed so long as that person is under a disability.

(3) If the running of time against a person with respect to a cause of action has been postponed by subsection (2) and that person ceases to be under a disability, the limitation period governing that cause of action is the longer of the following:

(a) the period that the person would have had to bring the action had that person not been under a disability, running from the time the cause of action arose;

(b) the period running from the time the disability ceased, but in no case does that period extend more than 6 years beyond the cessation of disability.

(4) If, after time has begun to run with respect to a limitation period set by this Act, but before the expiration of the limitation period, a person who has a cause of action comes under a disability, the running of time against that person is suspended so long as that person is under a disability.

(5) If the running of time against a person with respect to a cause of action has been suspended by subsection (4) and that person ceases to be under a disability, the limitation period governing that cause of action is the longer of the following:

(a) the length of time remaining to bring an action at the time the person came under the disability;

(b) one year from the time that the disability ceased.

(6) Despite subsections (2) and (4), if a person under a disability has a guardian and anyone against whom that person may have a cause of action has a notice to proceed delivered to the guardian and to the Public Guardian and Trustee in accordance with this section, time begins to run against that person as if that person had ceased to be under a disability on the date the notice is delivered.

(7) A notice to proceed delivered under this section must meet all of the following requirements:

(a) it must be in writing;

(b) it must be addressed to the guardian and to the Public Guardian and Trustee;

(c) it must specify the name of the person under a disability;

(d) it must specify the circumstances out of which the cause of action may arise or may be claimed to arise with as much particularity as is necessary to enable the guardian to investigate whether the person under a disability has the cause of action;

(e) it must give warning that a cause of action arising out of the circumstances stated in the notice is liable to be barred by this Act;

(f) it must specify the name of the person on whose behalf the notice is delivered;

(g) it must be signed by the person delivering the notice, or the person's solicitor.

(8) Subsection (6) operates to benefit only those persons on whose behalf the notice is delivered and only with respect to a cause of action arising out of the circumstances specified in the notice.

(9) The onus of proving that the running of time has been postponed or suspended under this section is on the person claiming the benefit of the postponement or suspension.

(10) A notice to proceed delivered under this section is not a confirmation for the purposes of this Act and is not an admission for any purpose.

(11) The Attorney General may make regulations prescribing the form, content and mode of delivery of a notice to proceed.

**Ultimate limitation**

**8** (1) Subject to section 3 (4) and subsection (2) of this section but despite a confirmation made under section 5, a postponement or suspension of the running of time under section 6 or 11 (2) or a postponement or suspension of the running of time under section 7 in respect of a person who is not a minor, no action to which this Act applies may be brought

(a) against a hospital, as defined in section 1 of the *Hospital Act,* or against a hospital employee acting in the course of employment as a hospital employee, based on negligence, after the expiration of 6 years from the date on which the right to do so arose,

(b) against a medical practitioner, based on professional negligence or malpractice, after the expiration of 6 years from the date on which the right to do so arose, or

(c) in any other case, after the expiration of 30 years from the date on which the right to do so arose.

(2) Subject to section 7 (6), the running of time with respect to the limitation periods set by subsection (1) for an action referred to in subsection (1) is postponed and time does not begin to run against a plaintiff until the plaintiff reaches the age of majority.

(3) Subject to subsection (1), the effect of sections 6 and 7 and subsection (2) of this section is cumulative.

**Cause of action extinguished**

**9** (1) On the expiration of a limitation period set by this Act for a cause of action to recover any debt, damages or other money, or for an accounting in respect of any matter, the right and title of the person formerly having the cause of action and of a person claiming through the person in respect of that matter is, as against the person against whom the cause of action formerly lay and as against the person's successors, extinguished.

(2) On the expiration of a limitation period set by this Act for a cause of action specified in column 1 of the following table, the title of a person formerly having the cause of action to the property specified opposite the cause of action in column 2 of the table and of a person claiming through the person in respect of that property is, as against the person against whom the cause of action formerly lay and as against the person's successors, extinguished.

| Column 1 | Column 2 |
| *Cause of action* | *Property* |
| For conversion or detention of goods. | The goods. |
| To enforce an equitable estate or interest in land. | The equitable estate or interest. |
| To redeem collateral, in the possession of the secured party. | The collateral. |
| To realize on collateral in the possession of the debtor. | The collateral. |
| To recover trust property or property into which trust property can be traced. | The trust property can be traced, as the case may be. |
| For the possession of land by a person having a right to enter for a condition subsequent broken or a possibility of reverter of a determinable estate. | The land. |

(3) A cause of action, whenever arising, to recover costs on a judgment or to recover arrears of interest on principal money is extinguished by the expiration of the limitation period set by this Act for an action between the same parties on the judgment or to recover the principal money.

**Conversion or detention of goods**

**10** If a cause of action for the conversion or detention of goods accrues to a person and afterwards, possession of the goods not having been recovered by the person or by a person claiming through the person,

(a) a further cause of action for the conversion or detention of the goods,

(b) a new cause of action for damage to the goods, or

(c) a new cause of action to recover the proceeds of a sale of the goods,

accrues to the person or a person claiming through the person, no action may be brought on the further or new cause of action after the expiration of 6 years from the date on which the first cause of action accrued to the plaintiff or to a person through whom the plaintiff claims.

**Completion of enforcement process**

**11** (1) Despite section 3 or 9, if, on the expiration of the limitation period set by this Act with respect to actions on judgment, there is an enforcement process outstanding, the judgment creditor or the judgment creditor's successors may do any of the following:

(a) continue proceedings on an unexpired writ of execution, but the writ may not be renewed;

(b) commence or continue proceedings against land on a judgment registered under Part 5 of the *Court Order Enforcement Act,* but the registration may not be renewed unless those proceedings have been commenced;

(c) continue proceedings in which a charging order is claimed.

(2) If a court makes an order staying execution on a judgment, the running of time with respect to the limitation period set by this Act for actions on that judgment is postponed or suspended for so long as

that order is in force.

### Adverse possession

**12**  Except as specifically provided by this or any other Act, no right or title in or to land may be acquired by adverse possession.

### Foreign limitation law

**13**  (1)  If it is determined in an action that the law of a jurisdiction other than British Columbia is applicable and the limitation law of that jurisdiction is, for the purposes of private international law, classified as procedural, the court may apply British Columbia limitation law or may apply the limitation law of the other jurisdiction if a more just result is produced.

(2)  If section 3 (4) (k) or (l) applies to an action described in subsection (1) of this section, the court must apply section 3 (4) despite subsection (1) of this section.

### Transitional provision

**14**  (1)  Nothing in this Act revives any cause of action that is statute barred on July 1, 1975.

(2)  Subject to subsections (1) and (3), this Act applies to actions that arose before July 1, 1975.

(3)  If, with respect to a cause of action that arose before this Act comes into force, the limitation period provided by this Act is shorter than that which formerly governed the cause of action, and will expire on or before July 1, 1977, the limitation period governing that cause of action is the shorter of

(a) 2 years from July 1, 1975, or

(b) the limitation period that formerly governed the cause of action.

(4)  Subject to subsection (1), a confirmation effective under section 5 is effective, whether given before, on or after July 1, 1975.

(5)  Nothing in this Act interferes with any right or title to land acquired by adverse possession before July 1, 1975.

(6)  This section does not apply to an action or cause of action to which section 3 (4) (k) or (l) applies.

### Repeal of special limitations

**15**  (1)  If an Act that incorporates or constitutes a private or public body contains a provision that would have the effect of limiting the time in which an action

(a) within section 3 (2), (3) and (4), or

(b) to enforce any right or obligation not specifically created by that Act,

may be brought against that body, that provision is repealed to the extent that it is inconsistent with this Act.

(2)  Subsection (1) does not apply to a limitation provision that specifically provides that it operates despite this Act.

Copyright (c) Queen's Printer, Victoria, British Columbia, Canada

# TAB 4

---

Copyright (c) Queen's Printer,
Victoria, British Columbia, Canada
**IMPORTANT INFORMATION**

---

# CLASS PROCEEDINGS ACT

## [RSBC 1996] CHAPTER 50

### *Contents*

*Section*

**Part 1 — Definitions**

   1  Definitions

**Part 2 — Certification**

   2  Plaintiff's class proceeding

   3  Defendant's class proceeding

   4  Class certification

   5  Certification application

   6  Subclass certification

   7  Certain matters not bar to certification

   8  Contents of certification order

   9  Refusal to certify

  10  If conditions for certification not satisfied

**Part 3 — Conduct of Class Proceedings**

**Division 1 — Role of Court**

  11  Stages of class proceedings

  12  Court may determine conduct of proceeding

  13  Court may stay any other proceeding

  14  Applications

**Division 2 — Participation of Class Members**

  15  Participation of class members

  16  Opting out and opting in

  17  Discovery

  18  Examination of class members before an application

**Division 3 — Notices**

  19  Notice of certification

  20  Notice of determination of common issues

  21  Notice to protect interests of affected persons

  22  Approval of notice by the court

  23  Giving of notice by another party

  24  Costs of notice

**Part 4 — Orders, Awards and Related Procedures**

**Division 1 — Order on Common Issues and Individual Issues**

25  Contents of order on common issues

26  Judgment on common issues is binding

27  Determination of individual issues

28  Individual assessment of liability

**Division 2 — Aggregate Awards**

29  Aggregate awards of monetary relief

30  Statistical evidence may be used

31  Average or proportional share of aggregate awards

32  Individual share of aggregate award

33  Distribution

34  Undistributed award

**Division 3 — Termination of Proceedings and Appeals**

35  Settlement, discontinuance, abandonment and dismissal

36  Appeals

**Part 5 — Costs, Fees and Disbursements**

37  Costs

38  Agreements respecting fees and disbursements

**Part 6 — General**

38.1  Limitation period for a cause of action not included in a class proceeding

39  Limitation periods

40  Rules of Court

41  Application of Act

42  *Offence Act*

43  Power to make regulations

# Part 1 — Definitions

## Definitions

**1**  In this Act:

**"certification order"** means an order certifying a proceeding as a class proceeding;

**"class proceeding"** means a proceeding certified as a class proceeding under Part 2;

**"common issues"** means

(a) common but not necessarily identical issues of fact, or

(b) common but not necessarily identical issues of law that arise from common but not necessarily identical facts;

"court", except in sections 36 (4) and 37, means the Supreme Court;

"defendant" includes a respondent;

"plaintiff" includes a petitioner.

## Part 2 — Certification

### Plaintiff's class proceeding

2 (1)  One member of a class of persons who are resident in British Columbia may commence a proceeding in the court on behalf of the members of that class.

(2)  The person who commences a proceeding under subsection (1) must make an application to a judge of the court for an order certifying the proceeding as a class proceeding and, subject to subsection (4), appointing the person as representative plaintiff.

(3)  An application under subsection (2) must be made

(a) within 90 days after the later of

(i)  the date on which the last appearance or statement of defence was delivered, and

(ii)  the date on which the time prescribed by the Rules of Court for delivery of the last appearance or statement of defence expires without its being delivered, or

(b) at any other time, with leave of the court.

(4)  The court may certify a person who is not a member of the class as the representative plaintiff for the class proceeding only if it is necessary to do so in order to avoid a substantial injustice to the class.

### Defendant's class proceeding

3  A defendant to 2 or more proceedings may, at any stage of one of the proceedings, make an application to a judge of the court for an order certifying the proceedings as a class proceeding and appointing a representative plaintiff.

### Class certification

4 (1)  The court must certify a proceeding as a class proceeding on an application under section 2 or 3 if all of the following requirements are met:

(a) the pleadings disclose a cause of action;

(b) there is an identifiable class of 2 or more persons;

(c) the claims of the class members raise common issues, whether or not those common issues

predominate over issues affecting only individual members;

(d) a class proceeding would be the preferable procedure for the fair and efficient resolution of the common issues;

(e) there is a representative plaintiff who

(i) would fairly and adequately represent the interests of the class,

(ii) has produced a plan for the proceeding that sets out a workable method of advancing the proceeding on behalf of the class and of notifying class members of the proceeding, and

(iii) does not have, on the common issues, an interest that is in conflict with the interests of other class members.

(2) In determining whether a class proceeding would be the preferable procedure for the fair and efficient resolution of the common issues, the court must consider all relevant matters including the following:

(a) whether questions of fact or law common to the members of the class predominate over any questions affecting only individual members;

(b) whether a significant number of the members of the class have a valid interest in individually controlling the prosecution of separate actions;

(c) whether the class proceeding would involve claims that are or have been the subject of any other proceedings;

(d) whether other means of resolving the claims are less practical or less efficient;

(e) whether the administration of the class proceeding would create greater difficulties than those likely to be experienced if relief were sought by other means.

**Certification application**

**5** (1) An application for a certification order under section 2 (2) or 3 must be supported by an affidavit of the applicant.

(2) A copy of the notice of motion and supporting affidavit must be filed and

(a) delivered to all persons who are parties of record, and

(b) served on any other persons named in the style of proceedings.

(3) Unless otherwise ordered, there must be at least 14 days between

(a) the delivery or service of a notice of motion and supporting affidavit, and

(b) the day named in the notice of motion for the hearing.

(4) Unless otherwise ordered, a person to whom a notice of motion and affidavit is delivered under

this section or on whom a notice of motion and affidavit is served under this section must, not less than 5 days or such other period as the court may order before the date of the hearing of the application, file an affidavit and deliver a copy of the filed affidavit to all persons who are parties of record.

(5) A person filing an affidavit under subsection (2) or (4) must

(a) set out in the affidavit the material facts on which the person intends to rely at the hearing of the application,

(b) swear that the person knows of no fact material to the application that has not been disclosed in the person's affidavit or in any affidavits previously filed in the proceeding, and

(c) provide the person's best information on the number of members in the proposed class.

(6) The court may adjourn the application for certification to permit the parties to amend their materials or pleadings or to permit further evidence.

(7) An order certifying a proceeding as a class proceeding is not a determination of the merits of the proceeding.

**Subclass certification**

6 (1) Despite section 4 (1), if a class includes a subclass whose members have claims that raise common issues not shared by all the class members so that, in the opinion of the court, the protection of the interests of the subclass members requires that they be separately represented, the court must not certify the proceeding as a class proceeding unless there is, in addition to the representative plaintiff for the class, a representative plaintiff who

(a) would fairly and adequately represent the interests of the subclass,

(b) has produced a plan for the proceeding that sets out a workable method of advancing the proceeding on behalf of the subclass and of notifying subclass members of the proceeding, and

(c) does not have, on the common issues for the subclass, an interest that is in conflict with the interests of other subclass members.

(2) A class that comprises persons resident in British Columbia and persons not resident in British Columbia must be divided into subclasses along those lines.

**Certain matters not bar to certification**

7 The court must not refuse to certify a proceeding as a class proceeding merely because of one or more of the following:

(a) the relief claimed includes a claim for damages that would require individual assessment after determination of the common issues;

(b) the relief claimed relates to separate contracts involving different class members;

(c) different remedies are sought for different class members;

(d) the number of class members or the identity of each class member is not known;

(e) the class includes a subclass whose members have claims that raise common issues not shared by all class members.

## Contents of certification order

**8** (1) A certification order must

(a) describe the class in respect of which the order was made by setting out the class's identifying characteristics,

(b) appoint the representative plaintiff for the class,

(c) state the nature of the claims asserted on behalf of the class,

(d) state the relief sought by the class,

(e) set out the common issues for the class,

(f) state the manner in which and the time within which a class member may opt out of the proceeding,

(g) state the manner in which and the time within which a person who is not a resident of British Columbia may opt in to the proceeding, and

(h) include any other provisions the court considers appropriate.

(2) If a class includes a subclass whose members have claims that raise common issues not shared by all the class members so that, in the opinion of the court, the protection of the interests of the subclass members requires that they be separately represented, the certification order must include the same information in relation to the subclass that, under subsection (1), is required in relation to the class.

(3) The court, on the application of a party or class member, may at any time amend a certification order.

## Refusal to certify

**9** If the court refuses to certify a proceeding as a class proceeding, the court may permit the proceeding to continue as one or more proceedings between different parties and, for that purpose, the court may

(a) order the addition, deletion or substitution of parties,

(b) order the amendment of the pleadings, and

(c) make any other order that it considers appropriate.

**If conditions for certification not satisfied**

**10** (1) Without limiting section 8 (3), at any time after a certification order is made under this Part, the court may amend the certification order, decertify the proceeding or make any other order it considers appropriate if it appears to the court that the conditions mentioned in section 4 or 6 (1) are not satisfied with respect to a class proceeding.

(2) If the court makes a decertification order under subsection (1), the court may permit the proceeding to continue as one or more proceedings between different parties and may make any order referred to in section 9 (a) to (c) in relation to each of those proceedings.

## Part 3 — Conduct of Class Proceedings

### Division 1 — Role of Court

**Stages of class proceedings**

**11** (1) Unless the court otherwise orders under section 12, in a class proceeding,

(a) common issues for a class must be determined together,

(b) common issues for a subclass must be determined together, and

(c) individual issues that require the participation of individual class members must be determined individually in accordance with sections 27 and 28.

(2) The court may give judgment in respect of the common issues and separate judgments in respect of any other issue.

**Court may determine conduct of proceeding**

**12** The court may at any time make any order it considers appropriate respecting the conduct of a class proceeding to ensure its fair and expeditious determination and, for that purpose, may impose on one or more of the parties the terms it considers appropriate.

**Court may stay any other proceeding**

**13** The court may at any time stay any proceeding related to the class proceeding on the terms the court considers appropriate.

**Applications**

**14** (1) The judge who makes a certification order is to hear all applications in the class proceeding before the trial of the common issues.

(2) If a judge who has heard applications under subsection (1) becomes unavailable for any reason to hear an application in the class proceeding, the chief justice of the court may assign another judge of the court to hear the application.

(3) A judge who hears applications under subsection (1) or (2) may but need not preside at the trial of the common issues.

## Division 2 — Participation of Class Members

**Participation of class members**

**15** (1) In order to ensure the fair and adequate representation of the interests of the class or any subclass or for any other appropriate reason, the court may, at any time in a class proceeding, permit one or more class members to participate in the proceeding.

(2) Participation under subsection (1) must be in the manner and on the terms, including terms as to costs, that the court considers appropriate.

**Opting out and opting in**

**16** (1) A member of a class involved in a class proceeding may opt out of the proceeding in the manner and within the time specified in the certification order.

(2) Subject to subsection (4), a person who is not a resident of British Columbia may, in the manner and within the time specified in the certification order made in respect of a class proceeding, opt in to that class proceeding if the person would be, but for not being a resident of British Columbia, a member of the class involved in the class proceeding.

(3) A person referred to in subsection (2) who opts in to a class proceeding is from that time a member of the class involved in the class proceeding for every purpose of this Act.

(4) A person may not opt in to a class proceeding under subsection (2) unless the subclass of which the person is to become a member has or will have, at the time the person becomes a member, a representative plaintiff who satisfies the requirements of section 6 (1) (a), (b) and (c).

(5) If a subclass is created as a result of persons opting in to a class proceeding under subsection (2), the representative plaintiff for that subclass must ensure that the certification order for the class proceeding is amended, if necessary, to comply with section 8 (2).

**Discovery**

**17** (1) Parties to a class proceeding have the same rights of discovery under the Rules of Court against one another as they would have in any other proceeding.

(2) After discovery of the representative plaintiff or, in a proceeding referred to in section 6, one or more of the representative plaintiffs, a defendant may, with leave of the court, discover other class members.

(3)  In deciding whether to grant a defendant leave to discover other class members, the court must consider the following:

    (a) the stage of the class proceeding and the issues to be determined at that stage;

    (b) the presence of subclasses;

    (c) whether the discovery is necessary in view of the defences of the party seeking leave;

    (d) the approximate monetary value of individual claims, if any;

    (e) whether discovery would result in oppression or in undue annoyance, burden or expense for the class members sought to be discovered;

    (f) any other matter the court considers relevant.

(4)  A class member is subject to the same sanctions under the Rules of Court as a party for failure to submit to discovery.

**Examination of class members before an application**

**18** (1)  A party must not require a class member, other than a representative plaintiff, to be examined as a witness before the hearing of any application, except with leave of the court.

(2)  Section 17 (3) applies to a decision whether to grant leave under subsection (1) of this section.

### Division 3 — Notices

**Notice of certification**

**19** (1)  Notice that a proceeding has been certified as a class proceeding must be given by the representative plaintiff to the class members in accordance with this section.

(2)  The court may dispense with notice if, having regard to the factors set out in subsection (3), the court considers it appropriate to do so.

(3)  The court must make an order setting out when and by what means notice is to be given under this section and in doing so must have regard to the following:

    (a) the cost of giving notice;

    (b) the nature of the relief sought;

    (c) the size of the individual claims of the class members;

    (d) the number of class members;

    (e) the presence of subclasses;

    (f) whether some or all of the class members may opt out of the class proceeding;

      (g) the places of residence of class members;

      (h) any other relevant matter.

(4) The court may order that notice be given by

      (a) personal delivery,

      (b) mail,

      (c) posting, advertising, publishing or leafleting,

      (d) individually notifying a sample group within the class, or

      (e) any other means or combination of means that the court considers appropriate.

(5) The court may order that notice be given to different class members by different means.

(6) Unless the court orders otherwise, notice under this section must

      (a) describe the proceeding, including the names and addresses of the representative plaintiffs and the relief sought,

      (b) state the manner in which and the time within which a class member may opt out of the proceeding,

      (c) state the manner in which and the time within which a person who is not a resident of British Columbia may opt in to the proceeding,

      (d) describe the possible financial consequences of the proceeding to class members and subclass members,

      (e) summarize any agreements respecting fees and disbursements

           (i) between the representative plaintiff and the representative plaintiff's solicitors, and

           (ii) if the recipient of the notice is a member of a subclass, between the representative plaintiff for that subclass and that representative plaintiff's solicitors,

      (f) describe any counterclaim being asserted by or against the class or any subclass, including the relief sought in the counterclaim,

      (g) state that the judgment on the common issues for the class, whether favorable or not, will bind all class members who do not opt out of the proceeding,

      (h) state that the judgment on the common issues for a subclass, whether favourable or not, will bind all subclass members who do not opt out of the proceeding,

      (i) describe the rights, if any, of class members to participate in the proceeding,

      (j) give an address to which class members may direct inquiries about the proceeding, and

(k) give any other information the court considers appropriate.

(7)  With leave of the court, notice under this section may include a solicitation of contributions from class members to assist in paying solicitors' fees and disbursements.

## Notice of determination of common issues

**20** (1)  When, in a class proceeding, the court determines common issues for the class or a subclass, the representative plaintiff for the class or subclass must give notice to the members of the class or subclass in accordance with this section.

(2)  Section 19 (3) to (5) applies to notice given under this section.

(3)  Notice under this section must

(a) state that common issues have been determined,

(b) identify the common issues that have been determined and explain the determinations made,

(c) if common issues have been determined in favour of the class or subclass,

(i)  state that members of the class or subclass may be entitled to individual relief,

(ii)  describe the steps that must be taken to establish an individual claim, and

(iii)  state that failure on the part of a member of the class or subclass to take those steps will result in the member not being entitled to assert an individual claim except with leave of the court,

(d) give an address to which members of the class or subclass may direct inquiries about the proceeding, and

(e) give any other information that the court considers appropriate.

## Notice to protect interests of affected persons

**21** (1)  At any time in a class proceeding, the court may order any party to give notice to the persons that the court considers necessary to protect the interests of any class member or party or to ensure the fair conduct of the proceeding.

(2)  Section 19 (3) to (5) applies to notice given under this section.

## Approval of notice by the court

**22**  A notice under this division must be approved by the court before it is given.

## Giving of notice by another party

**23**  The court may order a party to give the notice required to be given by another party under this Act.

**Costs of notice**

**24** (1)  The court may make any order it considers appropriate as to the costs of any notice under this division, including an order apportioning costs among parties.

(2)  In making an order under subsection (1), the court may have regard to the different interests of a subclass.

## Part 4 — Orders, Awards and Related Procedures

### Division 1 — Order on Common Issues and Individual Issues

**Contents of order on common issues**

**25**  An order made in respect of a judgment on common issues of a class or subclass must

    (a) set out the common issues,

    (b) name or describe the class or subclass members to the extent possible,

    (c) state the nature of the claims asserted on behalf of the class or subclass, and

    (d) specify the relief granted.

**Judgment on common issues is binding**

**26** (1)  A judgment on common issues of a class or subclass binds every member of the class or subclass, as the case may be, who has not opted out of the class proceeding, but only to the extent that the judgment determines common issues that

    (a) are set out in the certification order,

    (b) relate to claims described in the certification order, and

    (c) relate to relief sought by the class or subclass as stated in the certification order.

(2)  A judgment on common issues of a class or subclass does not bind a party to the class proceeding in any subsequent proceeding between the party and a person who opted out of the class proceedings.

**Determination of individual issues**

**27** (1)  When the court determines common issues in favour of a class or subclass and determines that there are issues, other than those that may be determined under section 32, that are applicable only to certain individual members of the class or subclass, the court may

    (a) determine those individual issues in further hearings presided over by the judge who determined the common issues or by another judge of the court,

(b) appoint one or more persons including, without limitation, one or more independent experts, to conduct an inquiry into those individual issues under the Rules of Court and report back to the court, or

(c) with the consent of the parties, direct that those individual issues be determined in any other manner.

(2) The court may give any necessary directions relating to the procedures that must be followed in conducting hearings, inquiries and determinations under subsection (1).

(3) In giving directions under subsection (2), the court must choose the least expensive and most expeditious method of determining the individual issues that is consistent with justice to members of the class or subclass and the parties and, in doing so, the court may

(a) dispense with any procedural step that it considers unnecessary, and

(b) authorize any special procedural steps, including steps relating to discovery, and any special rules, including rules relating to admission of evidence and means of proof, that it considers appropriate.

(4) The court must set a reasonable time within which individual members of the class or subclass may make claims under this section in respect of the individual issues.

(5) A member of the class or subclass who fails to make a claim within the time set under subsection (4) must not later make a claim under this section in respect of the issues applicable only to that member except with leave of the court.

(6) The court may grant leave under subsection (5) if it is satisfied that

(a) there are apparent grounds for relief,

(b) the delay was not caused by any fault of the person seeking the relief, and

(c) the defendant would not suffer substantial prejudice if leave were granted.

(7) Unless otherwise ordered by the court making a direction under subsection (1) (c), a determination of issues made in accordance with subsection (1) (c) is deemed to be an order of the court.

**Individual assessment of liability**

**28**  Without limiting section 27, if, after determining common issues in favour of a class or subclass, the court determines that the defendant's liability to individual class members cannot reasonably be determined without proof by those individual class members, section 27 applies to the determination of the defendant's liability to those class members.

## Division 2 — Aggregate Awards

**Aggregate awards of monetary relief**

**29** (1) The court may make an order for an aggregate monetary award in respect of all or any part of a defendant's liability to class members and may give judgment accordingly if

(a) monetary relief is claimed on behalf of some or all class members,

(b) no questions of fact or law other than those relating to the assessment of monetary relief remain to be determined in order to establish the amount of the defendant's monetary liability, and

(c) the aggregate or a part of the defendant's liability to some or all class members can reasonably be determined without proof by individual class members.

(2) Before making an order under subsection (1), the court must provide the defendant with an opportunity to make submissions to the court in respect of any matter touching on the proposed order including, without limitation,

(a) submissions that contest the merits or amount of an award under that subsection, and

(b) submissions that individual proof of monetary relief is required due to the individual nature of the relief.

## Statistical evidence may be used

**30** (1) For the purposes of determining issues relating to the amount or distribution of an aggregate monetary award under this Act, the court may admit as evidence statistical information that would not otherwise be admissible as evidence, including information derived from sampling, if the information was compiled in accordance with principles that are generally accepted by experts in the field of statistics.

(2) A record of statistical information purporting to be prepared by or published under the authority of the Parliament of Canada or the legislature of any province or territory of Canada may be admitted as evidence without proof of its authenticity.

(3) Statistical information must not be admitted as evidence under this section unless the party seeking to introduce the information

(a) has given to the party against whom the statistical evidence is to be used a copy of the information at least 60 days before that information is to be introduced as evidence,

(b) has complied with subsections (4) and (5), and

(c) introduces the evidence by an expert who is available for cross-examination on that evidence.

(4) Notice under this section must specify the source of any statistical information sought to be introduced that

(a) was prepared or published under the authority of the Parliament of Canada or the legislature