of any province or territory of Canada,

(b) was derived from market quotations, tabulations, lists, directories or other compilations generally used and relied on by members of the public, or

(c) was derived from reference material generally used and relied on by members of an occupational group.

(5) Except with respect to information referred to in subsection (4), notice under this section must

(a) specify the name and qualifications of each person who supervised the preparation of the statistical information sought to be introduced, and

(b) describe any documents prepared or used in the course of preparing the statistical information sought to be introduced.

(6) Unless this section provides otherwise, the law and practice with respect to evidence tendered by an expert in a proceeding applies to a class proceeding.

(7) Except with respect to information referred to in subsection (4), a party against whom statistical information is sought to be introduced under this section may require the party seeking to introduce it to produce for inspection any document that was prepared or used in the course of preparing the information, unless the document discloses the identity of persons responding to a survey who have not consented in writing to the disclosure.

**Average or proportional share of aggregate awards**

**31** (1) If the court makes an order under section 29, the court may further order that all or a part of the aggregate monetary award be applied so that some or all individual class or subclass members share in the award on an average or proportional basis if

(a) it would be impractical or inefficient to

(i) identify the class or subclass members entitled to share in the award, or

(ii) determine the exact shares that should be allocated to individual class or subclass members, and

(b) failure to make an order under this subsection would deny recovery to a substantial number of class or subclass members.

(2) If an order is made under subsection (1), any member of the class or subclass in respect of which the order was made may, within the time specified in the order, apply to the court to be excluded from the proposed distribution and to be given the opportunity to prove that member's claim on an individual basis.

(3) In deciding whether to exclude a class or subclass member from an average distribution, the court must consider

(a) the extent to which the class or subclass member's individual claim varies from the average

for the class or subclass,

(b) the number of class or subclass members seeking to be excluded from an average distribution, and

(c) whether excluding the class or subclass members referred to in paragraph (b) would unreasonably deplete the amount to be distributed on an average basis.

(4) An amount recovered by a class or subclass member who proves that member's claim on an individual basis must be deducted from the amount to be distributed on an average basis before the distribution.

### Individual share of aggregate award

**32** (1) When the court orders that all or a part of an aggregate monetary award under section 29 (1) be divided among individual class or subclass members on an individual basis, the court must determine whether individual claims need to be made to give effect to the order.

(2) If the court determines under subsection (1) that individual claims need to be made, the court must specify the procedures for determining the claims.

(3) In specifying the procedures under subsection (2), the court must minimize the burden on class or subclass members and, for that purpose, the court may authorize

(a) the use of standard proof of claim forms,

(b) the submission of affidavit or other documentary evidence, and

(c) the auditing of claims on a sampling or other basis.

(4) When specifying the procedures under subsection (2), the court must set a reasonable time within which individual class or subclass members may make claims under this section.

(5) A class or subclass member who fails to make a claim within the time set under subsection (4) must not later make a claim under this section except with leave of the court.

(6) Section 27 (6) applies to a decision whether to grant leave under subsection (5) of this section.

(7) The court may amend a judgment given under section 29 (1) to give effect to a claim made with leave under subsection (5) of this section if the court considers it appropriate to do so.

### Distribution

**33** (1) The court may direct any means of distribution of amounts awarded under this division that it considers appropriate.

(2) In giving directions under subsection (1), the court may order that

(a) the defendant distribute directly to the class or subclass members the amount of monetary relief to which each class or subclass member is entitled by any means authorized by the court,

including abatement and credit,

(b) the defendant pay into court or some other appropriate depository the total amount of the defendant's liability to the class or subclass members until further order of the court, or

(c) any person other than the defendant distribute directly to each of the class or subclass members, by any means authorized by the court, the amount of monetary relief to which that class or subclass member is entitled.

(3) In deciding whether to make an order under subsection (2) (a), the court

(a) must consider whether distribution by the defendant is the most practical way of distributing the award, and

(b) may take into account whether the amount of monetary relief to which each class or subclass member is entitled can be determined from the records of the defendant.

(4) The court must supervise the execution of judgments and the distribution of awards under this division and may stay the whole or any part of an execution or distribution for a reasonable period on the terms it considers appropriate.

(5) The court may order that an award made under this division be paid

(a) in a lump sum, promptly or within a time set by the court, or

(b) in installments, on the terms the court considers appropriate.

(6) The court may

(a) order that the costs of distributing an award under this division, including the costs of any notice associated with the distribution and the fees payable to a person administering the distribution, be paid out of the proceeds of the judgment, and

(b) make any further or other order it considers appropriate.

**Undistributed award**

**34** (1) The court may order that all or any part of an award under this division that has not been distributed within a time set by the court be applied in any manner that may reasonably be expected to benefit class or subclass members, even though the order does not provide for monetary relief to individual class or subclass members.

(2) In deciding whether to make an order under subsection (1), the court must consider

(a) whether the distribution would result in unreasonable benefits to persons who are not members of the class or subclass, and

(b) any other matter the court considers relevant.

(3) The court may make an order under subsection (1) whether or not all the class or subclass

members can be identified or all their shares can be exactly determined.

(4) The court may make an order under subsection (1) even if the order would benefit

  (a) persons who are not class or subclass members, or

  (b) persons who may otherwise receive monetary relief as a result of the class proceeding.

(5) If any part of an award that, under section 32 (1), is to be divided among individual class or subclass members remains unclaimed or otherwise undistributed after a time set by the court, the court may order that that part of the award

  (a) be applied against the cost of the class proceeding,

  (b) be forfeited to the government, or

  (c) be returned to the party against whom the award was made.

### Division 3 — Termination of Proceedings and Appeals

**Settlement, discontinuance, abandonment and dismissal**

**35** (1) A class proceeding may be settled, discontinued or abandoned only

  (a) with the approval of the court, and

  (b) on the terms the court considers appropriate.

(2) A settlement may be concluded in relation to the common issues affecting a subclass only

  (a) with the approval of the court, and

  (b) on the terms the court considers appropriate.

(3) A settlement under this section is not binding unless approved by the court.

(4) A settlement of a class proceeding or of common issues affecting a subclass that is approved by the court binds every member of the class or subclass who has not opted out of the class proceeding, but only to the extent provided by the court.

(5) In dismissing a class proceeding or in approving a settlement, discontinuance or abandonment, the court must consider whether notice should be given under section 20 and whether the notice should include

  (a) an account of the conduct of the proceeding,

  (b) a statement of the result of the proceeding, and

  (c) a description of any plan for distributing any settlement funds.

**Appeals**

**36** (1) Any party may appeal to the Court of Appeal from

    (a) an order certifying or refusing to certify a proceeding as a class proceeding,

    (b) an order decertifying a proceeding,

    (c) a judgment on common issues, and

    (d) an order under division 2 of this Part, other than an order that determines individual claims made by class or subclass members.

(2) If a representative plaintiff does not appeal as permitted by subsection (1) within the time limit for bringing an appeal set under section 14 (1) (a) of the *Court of Appeal Act* or if a representative plaintiff abandons an appeal under subsection (1), any member of the class or subclass for which the representative plaintiff had been appointed may apply to a justice of the Court of Appeal for leave to act as the representative plaintiff for the purposes of subsection (1).

(3) An application by a class or subclass member for leave to act as the representative plaintiff under subsection (2) must be made within 30 days after the expiry of the appeal period available to the representative plaintiff or by such other date as the justice may order.

(4) With leave of a justice of the Court of Appeal, a class or subclass member, a representative plaintiff or a defendant may appeal to that court any order

    (a) determining an individual claim made by a class or subclass member, or

    (b) dismissing an individual claim for monetary relief made by a class or subclass member.

## Part 5 — Costs, Fees and Disbursements

**Costs**

**37** (1) Subject to this section, neither the Supreme Court nor the Court of Appeal may award costs to any party to an application for certification under section 2 (2) or 3, to any party to a class proceeding or to any party to an appeal arising from a class proceeding at any stage of the application, proceeding or appeal.

(2) A court referred to in subsection (1) may only award costs to a party in respect of an application for certification or in respect of all or any part of a class proceeding or an appeal from a class proceeding

    (a) at any time that the court considers that there has been vexatious, frivolous or abusive conduct on the part of any party,

    (b) at any time that the court considers that an improper or unnecessary application or other step has been made or taken for the purpose of delay or increasing costs or for any other improper purpose, or

(c) at any time that the court considers that there are exceptional circumstances that make it unjust to deprive the successful party of costs.

(3) A court that orders costs under subsection (2) may order that those costs be assessed in any manner that the court considers appropriate.

(4) Class members, other than the person appointed as representative plaintiff for the class, are not liable for costs except with respect to the determination of their own individual claims.

### Agreements respecting fees and disbursements

**38** (1) An agreement respecting fees and disbursements between a solicitor and a representative plaintiff must be in writing and must

(a) state the terms under which fees and disbursements are to be paid,

(b) give an estimate of the expected fee, whether or not that fee is contingent on success in the class proceeding, and

(c) state the method by which payment is to be made, whether by lump sum or otherwise.

(2) An agreement respecting fees and disbursements between a solicitor and a representative plaintiff is not enforceable unless approved by the court, on the application of the solicitor.

(3) An application under subsection (2) may,

(a) unless the court otherwise orders, be brought without notice to the defendants, or

(b) if notice to the defendants is required, be brought on the terms respecting disclosure of the whole or any part of the agreement respecting fees and disbursements that the court may order.

(4) Interest payable on fees under an agreement approved under subsection (2) must be calculated

(a) in the manner set out in the agreement, or

(b) if not so set out, at the interest rate, as that term is defined in section 7 of the *Court Order Interest Act,* or at any other rate the court considers appropriate.

(5) Interest payable on disbursements under an agreement approved under subsection (2) must be calculated

(a) in the manner set out in the agreement, or

(b) if not so set out, at the interest rate, as that term is defined in section 7 of the *Court Order Interest Act,* or at any other rate the court considers appropriate, on the balance of disbursements incurred as totalled at the end of each 6 month period following the date of the agreement.

(6) Amounts owing under an enforceable agreement are a first charge on any settlement funds or monetary award.

(7) If an agreement is not approved by the court or if the amount owing to a solicitor under an

approved agreement is in dispute, the court may

    (a) determine the amount owing to the solicitor in respect of fees and disbursements,

    (b) direct an inquiry, assessment or accounting under the Rules of Court to determine the amount owing,

    (c) direct that the amount owing be determined in any other manner, or

    (d) make any other or further order it considers appropriate.

## Part 6 — General

**Limitation period for a cause of action not included in a class proceeding**

**38.1** (1) If a person has a cause of action, a limitation period applicable to that cause of action is suspended for the period referred to in subsection (2) in the event that

    (a) an application is made for an order certifying a proceeding as a class proceeding,

    (b) when the proceeding referred to in paragraph (a) is commenced, it is reasonable to assume that, if the proceeding were to be certified,

        (i) the cause of action would be asserted in the proceeding, and

        (ii) the person would be included as a member of the class on whose behalf the cause of action would be asserted, and

    (c) the court makes an order that

        (i) the application referred to in subsection (1) (a) be dismissed,

        (ii) the cause of action must not be asserted in the proceeding, or

        (iii) the person is not a member of the class for which the proceeding may be certified.

(2) In the circumstances set out in subsection (1), the limitation period applicable to a cause of action referred to in that subsection is suspended for the period beginning on the commencement of the proceeding and ending on the date on which

    (a) the time for appeal of an order referred to in subsection (1) (c) expires without an appeal being commenced, or

    (b) any appeal of an order referred to in subsection (1) (c) is finally disposed of.

**Limitation periods**

**39** (1) Subject to subsection (2), any limitation period applicable to a cause of action asserted in a proceeding that is certified as a class proceeding under this Act is suspended in favour of a class member on the commencement of the proceeding and resumes running against the class member

when any of the following occurs:

(a) the member opts out of the class proceeding;

(b) an amendment is made to the certification order that has the effect of excluding the member from the class proceeding;

(c) a decertification order is made under section 10;

(d) the class proceeding is dismissed without an adjudication on the merits;

(e) the class proceeding is discontinued or abandoned with the approval of the court;

(f) the class proceeding is settled with the approval of the court, unless the settlement provides otherwise.

(2) If there is a right of appeal in respect of an event described in subsection (1) (a) to (f), the limitation period resumes running as soon as the time for appeal has expired without an appeal being commenced or as soon as any appeal has been finally disposed of.

## Rules of Court

**40** The Rules of Court apply to class proceedings to the extent that those rules are not in conflict with this Act.

## Application of Act

**41** This Act does not apply to

(a) a proceeding that may be brought in a representative capacity under another Act,

(b) a proceeding required by law to be brought in a representative capacity, and

(c) a representative proceeding commenced before this Act comes into force.

## *Offence Act*

**42** Section 5 of the *Offence Act* does not apply to this Act.

## Power to make regulations

**43** The Lieutenant Governor in Council may make regulations referred to in section 41 of the *Interpretation Act.*

---

Copyright (c) Queen's Printer, Victoria, British Columbia, Canada

# TAB 5

Laws of Manitoba                    Important information
                                    about this site

Manitoba Laws | Government | Legislative Assembly              Français
Consolidated Acts: C.C.S.M. Acts | Municipal Acts | Private Acts

Annual Acts (1991 to present)
                                                            Search
                                                            the Acts

Table of Regulations

Annual regulations: 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | 2000

Search this
document

Updated to: August 27, 2007

This is not an official version.

C.C.S.M. c. L150

The Limitation of Actions Act

  Table of Contents              Schedule

HER MAJESTY, by and with the advice and consent of the Legislative Assembly of Manitoba, enacts as follows:

Definitions

1        In this Act,

**"action"** means any civil proceeding but does not include any proceeding whether for the recovery of money or for any other purpose that is commenced by way of information or complaint or the procedure for which is governed by *The Summary Convictions Act*; (« action »)

**"assurance"** means any transfer, deed, or instrument, other than a will, by which land may be conveyed or transferred; (« transfert »)

**"Canadian judgment"** means a Canadian judgment as defined in *The Enforcement of Canadian Judgments Act*; (« jugement canadien »)

**"heirs"** includes the persons entitled beneficially to the real estate of a deceased intestate; (« héritiers »)

**"injuries to the person"** includes any disease and any impairment of the physical or mental condition of a person; (« blessures »)

**"land"** includes all corporeal hereditaments, and any share or any freehold or leasehold estate or any interest in any of them; (« bien-fonds »)

**"mortgage"** includes charge, **"mortgagor"** includes chargor, and **"mortgagee"** includes chargee; (« hypothèque »)

**"proceedings"** includes action, entry, taking of possession, distress, and sale proceedings under an order of a court or under a power of sale contained in a mortgage or conferred by statute; (« procédures »)

**"rent"** means a rent service or rent reserved upon a demise; (« loyer »)

**"rent charge"** includes all annuities and periodical sums of money charged upon or payable out of land. (« rente foncière »)

S.M. 2005, c. 50, s. 17.

## PART I

## LIMITATION PERIODS

Limitations

2(1)    The following actions shall be commenced within and not after the times respectively hereinafter mentioned:

(a) actions for penalties imposed by any statute brought by an informer suing for himself alone or for the Crown as well as himself, or by any person authorized to sue for the same, not being the person aggrieved, within one year after the cause of action arose;

(b) actions for penalties, damages, or sums of money in the nature of penalties, given by any statute to the person aggrieved, within two years after the cause of action arose;

(c) actions for defamation, within two years of the publication of the defamatory matter, or, where special damage is the gist of the action, within two years after the occurrence of such damage;

(d) actions for violation of privacy of a person,

(i) where the person is aware of the violation of his privacy at the time the violation occurs, within two years after the occurrence of the violation, and

(ii) where the person is not aware of the violation of his privacy at the time the violation occurs, within two years after he first becomes aware of the violation or, by use of reasonable diligence could have become aware of the violation, but in no case after four years from the occurrence of the violation;

(e) actions for malicious prosecution, seduction, false imprisonment, trespass to the person, assault, battery, wounding or other injuries to the person, whether caused by misfeasance or non-feasance, and whether the action be founded on a tort or on a breach of contract or on any breach of duty, within two years after the cause of action arose;

(f) actions for trespass or injury to real property, whether direct or indirect, within six years after the cause of action arose;

(g) actions for trespass or injury to chattels, whether direct or indirect, within two years after the cause of action arose;

(h) actions for the taking away, conversion or detention of chattels, within six years after the cause of action arose;

(i) actions for the recovery of money (except in respect of a debt charged upon land), whether recoverable as a debt or damages or otherwise, and whether a recognizance, bond, covenant, or other specialty, or on a simple contract, express or implied, and actions for an account or not accounting, within six years after the cause of action arose;

(j) actions grounded on fraudulent misrepresentation, within six years from the discovery of the fraud;

(k) actions grounded on accident, mistake, or other equitable ground of relief not hereinbefore specifically dealt with, within six years from the discovery of the cause of action;

(l) actions on a judgment or order for the payment of money, other than a Canadian judgment, within 10 years after the cause of action thereon arose, but no such action shall be brought upon a judgment or order recovered upon any previous judgment or order;

(1.l) actions on a Canadian judgment that require a person to pay money,

(i) within the time for enforcement in the province or territory where the judgment was made, or

(ii) within 10 years after the day on which the judgment became enforceable in the province or territory where it was made,

whichever time period is shorter, and no such action shall be brought on a judgment recovered on a previous Canadian judgment;

(m) actions brought under and by virtue of *The Fatal Accidents Act*, within two years after the death of the deceased person by reason of whose death the action is brought;

(n) any other action for which provision is not specifically made in this Act, within six years after the cause of action arose.

Counter-claim and third party proceedings

2(2)      Where an action is brought for injuries to the person or for injuries to property within the time limited by this Act or any other Act of the Legislature and third party proceedings are instituted, or a counter-claim is made in respect of damages caused in the same accident, the lapse of time limited by this Act or any other Act of the Legislature is not a bar to the third party proceedings or to a counter-claim by the defendant or third party.

No limitation for Unsatisfied Judgment Fund

2(3)      Notwithstanding any other provision of this Act, where a judgment has been paid by and assigned to the Minister of Finance under the Unsatisfied Judgment Fund Act (now repealed), the Minister of Finance may at any time commence an action on the judgment or commence proceedings to recover from the judgment debtor the amount owing including interest at 4% per year from the date the

payment was made.

R.S.M. 1987 Supp., c. 21, s. 1; S.M. 2005, c. 50, s. 17.

Definition of "assault"

2.1(1)    In this section, **"assault"** includes trespass to the person and battery.

No limitation period re certain assaults

2.1(2)    An action for assault is not governed by a limitation period and may be commenced at any time if

(a) the assault was of a sexual nature; or

(b) at the time of the assault, the person commencing the action

(i) had an intimate relationship with the person or one of the persons alleged to have committed the assault, or

(ii) was financially, emotionally, physically or otherwise dependent on the person or one of the persons alleged to have committed the assault.

Other limitation periods do not apply

2.1(3)    Subject to subsection (4), subsection (2) applies

(a) notwithstanding any other provision of this Act, including, for greater certainty, the ultimate limitation periods set out in subsections 7(5) and 14(4); and

(b) whether or not the person's right to commence the action was at any time governed by a limitation period under this or any other Act.

Limitation period in *The Trustee Act* applies

2.1(4)    Subsection (2) is subject to subsection 53(2) of *The Trustee Act*.

S.M. 2002, c. 5, s. 2.

Section 2 subject to Part II

3    Section 2 is subject to Part II.

Provisions of this Act to prevail

4    Notwithstanding any limitation provision to the contrary in force on January 1, 1968 and contained in any other Act of the Legislature, but subject to the provisions of this Act, the periods within which actions shall be commenced set out in section 2 apply in respect of actions to which such limitation provision in another Act has heretofore applied unless that other Act or the limitation provision thereof is mentioned in the Schedule.

S.M. 1993, c. 48, s. 24.

Concealed fraud

5       Where the existence of a cause of action has been concealed by fraud of the person setting up this Part or Part II as a defence, the cause of action shall be deemed to have arisen when the fraud was first known or discovered.

Item in account

6       No claim in respect of an item in an account which arose more than six years before the commencement of the action shall be enforceable by action by reason only of some other claim in respect of another item in the same account having arisen within six years next before the commencement of the action.

Persons under disability

7(1)      For the purposes of this section and section 8, a person is under a disability

(a) while he is a minor; or

(b) while he is in fact incapable of the management of his affairs because of disease or impairment of his physical or mental condition.

Time under a disability not included

7(2)      Subject to section 8, any period during which a person entitled to bring an action is under a disability shall not be included in calculating the time within which the action is required to be brought

(a) whether that time is limited under this or any other Act of the Legislature; and

(b) whether the person was under the disability at the time the cause of action arose or the disability commenced after the cause of action arose.

Death of person under disability

7(3)      Where a person who is entitled to bring an action dies while under a disability, no further suspension of the time within which the action must be brought shall be allowed by reason of the disability of any other person.

Action during disability

7(4)      Subsections (2) and (3) do not prevent an action being brought for and on behalf of a person under a disability by a next friend, a committee, the Public Trustee or anyone else authorized under the law to bring the action for him or on his behalf.

Ultimate time

7(5)      Notwithstanding anything in this section, but subject to section 7.1, no action to which this section applies shall be brought by a person who is or has been under a disability or for or on his behalf

by another after the expiration of 30 years after the occurrence of the act or omission that gave rise to the cause of action.

Onus of proof

7(6)      The onus of proving that any period of time is not included in calculating the time within an action is required to be brought is on the person claiming the benefit of excluding the period.

S.M. 2002, c. 5, s. 3.

Exception to ultimate limitation in subsection 7(5)

7.1      The limitation period set out in subsection 7(5) does not apply to an action referred to in clause 2(1)(j) or (k).

S.M. 2002, c. 5, s. 4.

Notice to commence running of time

8(1)      Where a person under a disability has or may have a cause of action against another person, that other person may give a notice to proceed in accordance with this section and in that case the time within which the action is required to be brought commences to run against the person under the disability as if he had ceased to be under the disability on the date the notice is given.

Form of notice

8(2)      A notice to proceed given under this section shall

(a) be in writing;

(b) be addressed

(i) in the case of a minor, to his parent or guardian, as the case may be and to the Public Trustee, and

(ii) in the case of a person who is incapable of the management of his affairs because of disease or impairment of his physical or mental condition, to his parent, committee, or substitute decision maker appointed under *The Vulnerable Persons Living with a Mental Disability Act*, if the substitute decision maker has the power to act with respect to the cause of action, as the case may be, and to the Public Trustee;

(c) state the name of the person under the disability;

(d) give a clear and concise statement of the facts out of which the cause of action may arise or may be claimed to arise, with such particularity as is necessary to enable a determination to be made as to whether the person under the disability has a cause of action;

(e) contain a warning that the cause of action arising out of the facts stated in the notice is liable to be barred by the Act;

(f) state the name of the person on whose behalf the notice is given; and

(g) be signed by the person giving the notice or his solicitor.

Giving of notice

8(3)    A notice to proceed under this section shall be given by delivery or personal service

(a) in the case of a minor, to or upon his parent or guardian and to or upon the Public Trustee; and

(b) in the case of a person who is incapable of the management of his affairs because of disease or impairment of his physical or mental condition, to or upon his parent, committee or substitute decision maker referred to in subclause (2)(b)(ii), and to or upon the Public Trustee;

and the notice shall be deemed to have been given on the latest date on which a delivery or service of the notice required under this section is made.

Actions against parents, etc.

8(4)    This section does not apply to a person under a disability in respect of an action against his parent or guardian or the Public Trustee.

Person for whose benefit notice given

8(5)    A notice to proceed given under this section is effective for the benefit only of those persons on whose behalf the notice is given and only with respect to a cause of action arising out of the facts stated in the notice.

Notice not admission

8(6)    A notice to proceed given under this section is not an admission of liability on behalf of any person on whose behalf the notice is given and is not a confirmation of any of the facts stated in the notice.

Action by Public Trustee

8(7)    Where a notice to proceed is given to the Public Trustee under this section, and it appears to him that any other person to whom the notice was delivered is failing to take reasonable steps to protect the interest of the person under the disability or is otherwise acting to the prejudice of the person under the disability, the Public Trustee

(a) shall investigate the circumstances specified in the notice; and

(b) may commence and maintain an action for the benefit of the person under the disability.

Regulations

8(8)    The Lieutenant Governor in Council may make regulations prescribing the form of a notice to proceed given under this section and respecting other matters in relation thereto.

S.M. 1993, c. 29, s. 189.

Subsequent acts

9(1)      Where a person who is, or, but for the effluxion of time, would be liable to an action on a judgment or on an order for the payment of money or for the recovery of money as a debt, or his agent in that behalf,

(a) conditionally or unconditionally promises his creditor or the agent of the creditor in writing signed by the debtor or his agent to pay the judgment or order for payment or debt; or

(b) gives a written acknowledgment of the judgment or order for payment or debt signed by the debtor or his agent to his creditor or the agent of the creditor; or

(c) makes a part payment on account of the principal of the judgment or order for payment or debt or interest thereon to his creditor or the agent of the creditor;

then, subject to clause 2(1)(l), the action may be brought within six years from the date of the promise, acknowledgment, or part payment, as the case may be, notwithstanding that action would otherwise be barred under the provisions of this Act.

Effect of written acknowledgment

9(2)      A written acknowledgment of a judgment or order for payment or debt or a part payment on account of the principal of the judgment or order for payment or debt or interest thereon, shall have full effect whether or not a promise to pay can be implied therefrom and whether or not it is accompanied by a refusal to pay.

S.M. 1992, c. 58, s. 15.

Joint contractors and covenantors

10      Where there are two or more joint debtors or joint contractors, or joint obligors or joint covenantors, or the executors or administrators of any of them, no such joint debtor, joint contractor, joint obligor, or joint covenantor, or his executor or administrator, shall lose the benefit of this Act so as to be chargeable in respect or by reason only of any written promise or acknowledgment made and signed, or by reason of any payment of any principal or interest made, by any other or others of them.

Recovery against those acknowledging

11      In actions commenced against two or more such joint debtors, joint contractors, joint obligors, or joint covenantors, or executors or administrators, as defendants, if it appears at the trial or otherwise that the plaintiff, though barred by this Act as to one or more of such defendants, is nevertheless entitled to recover against any other or others of the defendants by virtue of a new promise, acknowledgment, or payment, judgment shall be given for the plaintiff as to the defendant or defendants against whom he is entitled to recover, and for the other defendant or defendants against the plaintiff.

Endorsements of payment insufficient

12      No endorsement or memorandum of any payment written or made upon any promissory note, bill of exchange, or other writing, by or on behalf of the person to whom the payment has been made, shall be deemed sufficient proof of the payment, so as to take the case out of the operation of this Act.

Part applies to counter-claims

<u>13</u>      This Part applies to the case of any claim of the nature hereinbefore mentioned, alleged by way of counter-claim or set-off on the part of any defendant.

## PART II

## EXTENSION OF LIMITATION PERIOD

Extension of time in certain cases

<u>14(1)</u>      Notwithstanding any provision of this Act or of any other Act of the Legislature limiting the time for beginning an action, the court, on application, may grant leave to the applicant to begin or continue an action if it is satisfied on evidence adduced by or on behalf of the applicant that not more than 12 months have elapsed between

(a) the date on which the applicant first knew, or, in all the circumstances of the case, ought to have known, of all material facts of a decisive character upon which the action is based; and

(b) the date on which the application was made to the court for leave.

Effect of leave

<u>14(2)</u>      Subject to subsections (3) and (4), no provision of this Act or of any other Act of the Legislature limiting the time for beginning an action affords a defence to an action if the court either before or after the beginning of the action grants leave under this section to begin or to continue the action.

Other defences not affected

<u>14(3)</u>      Nothing in this section excludes or otherwise affects

(a) any defence that in any action to which this section applies may be available by virtue of

(i) any provision of an Act of the Legislature other than one limiting the time for beginning an action, or

(ii) a rule of law or equity; or

(b) the operation of any Act of the Legislature or rule of law or equity that, apart from this section, would enable such an action to be brought after the end of a limitation period fixed in this Act or any other Act of the Legislature in respect of the cause of action on which that action is founded.

Ultimate limitation

<u>14(4)</u>      The court shall not grant leave

(a) to begin an action; or

(b) to continue an action that has been begun;

more than 30 years after the occurrence of the acts or omissions that gave rise to the cause of action.

Time limit on leave to begin action

14(5)    In granting leave under this section to begin an action, the court shall fix a period within which the applicant shall begin the action and, if the applicant fails to begin his action within the time fixed, the order granting leave expires and ceases to have any effect.

Time limit on leave to continue action

14(6)    In granting leave under this section to continue an action, if the pleadings of the applicant are required to be amended to give effect to the granting of leave, the court may fix a period within which the pleadings may be amended and if the applicant fails to amend his pleadings within the time fixed, the action shall continue as though the order granting leave had never been granted.

Ex parte application

15(1)    An application under section 14 may, with the consent of the court, be made ex parte.

Evidence required on application

15(2)    Where an application is made under section 14 to begin or to continue an action, the court shall not grant leave in respect of the action unless, on evidence adduced by or on behalf of the claimant, it appears to the court that, if the action were brought forthwith or were continued, that evidence would, in the absence of any evidence to the contrary, be sufficient to establish the cause of action on which the action is to be or was founded apart from any defence based on a provision of this Act or of any other Act of the Legislature limiting the time for beginning the action.

Additional requirement for leave after action begun

15(3)    Where an application is made by a plaintiff under section 14 to continue an action already begun by him, the court shall not grant leave unless, on evidence adduced by the plaintiff, it appears to the court that, only after the date the action was begun, the plaintiff first knew or, in all the circumstances of the case, ought to have known, that the matters constituting the cause of action had occurred at a time which, apart from section 14, afforded a defence based on a provision of this Act or of any other Act of the Legislature limiting the time for beginning the action.

Application respecting action continued under sec. 53 of Trustee Act

16(1)    Where the applicant applying for leave under subsection 14(1) is the personal representative of a deceased person in whom an action or cause of action is continued under section 53 of *The Trustee Act*,

(a) the personal representative shall be deemed to know of all facts which the deceased at the time of his death knew of and shall be deemed to have gained that knowledge at the time the deceased gained it;

(b) it shall be deemed that the personal representative, in all the circumstances of the case, ought to have known of facts at the time the deceased, in all the circumstances of the case ought to have known of those facts; and

(c) where, before the death of the deceased, the personal representative knew of facts which the deceased, at the time of his death, did not know of, the personal representative shall be deemed to have first known of those facts on the date that the grant of probate or letters of administration were granted.

Actions under Fatal Accidents Act

16(2)    Where the applicant applying under subsection 14(1) for leave to begin or continue an action is a person who is entitled to bring an action under *The Fatal Accidents Act* in respect of the death of the deceased person,

(a) the applicant shall be deemed to know of all facts that the deceased, at the time of his death, knew of and shall be deemed to have gained that knowledge at the time the deceased gained it;

(b) it shall be deemed that the applicant, in all the circumstances of the case, ought to have known of a fact at the time the deceased, in all the circumstances of the case, ought to have known of that fact;

(c) the applicant shall be deemed to know of all facts that each adult person for whose benefit the action was or is to be brought knows of and shall be deemed to have gained that knowledge at the time the adult person gained it;

(d) it shall be deemed that the applicant, in all the circumstances of the case, ought to have known of a fact at the time when any adult person for whose benefit the action was or is to be brought, in all the circumstances of the case, ought to have known of that fact;

(e) where, before the death of the deceased, the applicant knew of a fact that the deceased did not know of at the time of his death, the applicant, if he is the personal representative of the deceased and not a person for whose benefit the action was or is to be brought, shall be deemed to have first known of that fact on the date that the grant of probate or letters of administration were granted; and

(f) where, before the death of the deceased, the applicant knew of a fact that the deceased did not know at the time of his death, the applicant, if he is not a personal representative of the deceased, shall be deemed to have first known of that fact on the date that the deceased died.

Time limit for claiming contribution between tortfeasors

17(1)    Where, under *The Tortfeasors and Contributory Negligence Act*, a tortfeasor (in this section referred to as "the first tortfeasor") becomes entitled to a right to recover contribution in respect of any damage from another tortfeasor

(a) no action to recover contribution by virtue of that right shall be begun;

(b) the court shall not grant leave to begin an action to recover contribution by virtue of that right; and

(c) the court shall not grant leave to continue an action to recover contribution by virtue of that right that was begun;

after the end of the period of two years from the date on which that right accrued to the first tortfeasor.

Ascertaining when right accrued

17(2)    For the purposes of this section,

(a) where the first tortfeasor is held liable in respect of the damage by a judgment given in any civil proceeding, or an award made on any arbitration, the date on which a right to recover contribution in respect of the damage is the date on which the judgment is given, or the date of the award, as the case may be; and

(b) where, in a case not falling within clause (a), the tortfeasor admits liability in favour of one or more persons in respect of the damage, the date on which a right to recover contribution in respect of the damage accrues to the first tortfeasor is the earliest date on which the amount to be paid by the first tortfeasor in discharge of that liability is agreed by, or on behalf of, the first tortfeasor and that person, or each of those persons, as the case may be.

Time for appeal not to be calculated

17(3)    For the purposes of subsection (2), no account shall be taken of any judgment or award given or made on appeal in so far as it varies the amount of damages awarded against the first tortfeasor.

Part applies to counter-claim

18    This Part applies to any claim alleged by way of counter-claim or set-off on the part of a defendant.

Transitional provision

19(1)    Subject to subsection (2), this Part has effect in relation to causes of action that accrued before as well as causes of action that accrued after July 29, 1980 and has effect in relation to any cause of action that accrued before that date notwithstanding that an action in respect thereof had been commenced and is pending on that date.

Meaning of pending action

19(2)    For the purposes of this section, an action shall not be taken to be pending at any time after a final order or judgment has been made or given therein notwithstanding that an appeal is pending or that the time for appeal has not expired and accordingly section 14 does not have effect in relation to a cause of action in respect of which a final order or judgment had been made or given before July 29, 1980.

Definitions

20(1)    In this Part

**"appropriate advice"** in relation to any fact or circumstance means the advice of competent persons qualified, in their respective spheres, to advise on the professional or technical aspects of that fact or that circumstance, as the case may be; (« conseils opportuns »)

**"court"** in relation to an action, means the court in which the action has been or is intended to be brought. (« tribunal »)

Reference to material facts

20(2)    In this Part any reference to a material fact relating to a cause of action is a reference to any one or more of the following, that is to say:

(a) The fact that injuries or damages resulted from an act or omission.

(b) The nature or extent of any injuries or damages resulting from an act or omission.

(c) The fact that injuries or damages so resulting were attributable to an act or omission or the extent to which the injuries or damages were attributable to the act or omission.

(d) The identity of a person performing an act or omitting to perform any act, duty, function or obligation.

(e) The fact that a person performed an act or omitted to perform an act, duty, function or obligation as a result of which a person suffered injury or damage or a right accrued to a person.

Nature of material facts

20(3)    For the purposes of this Part, any of the material facts relating to a cause of action shall be taken, at any particular time, to have been facts of a decisive character if they were facts which a person of his intelligence, education and experience, knowing those facts and having obtained appropriate advice in respect of them, would have regarded at that time as determining, in relation to that cause of action, that, apart from any defence based on a provision of this Act or any other Act of the Legislature limiting the time for bringing an action, an action would have a reasonable prospect of succeeding and resulting in an award of damages or remedy sufficient to justify the bringing of the actions.

Where facts deemed to be outside knowledge

20(4)    Subject to subsection (5), for the purposes of this Part, a fact shall, at any time, be taken not to have been known by a person, actually or constructively if

(a) he did not then know that fact;

(b) in so far as that fact was capable of being ascertained by him, he had taken all actions that a person of his intelligence, education and experience would reasonably have taken before that time for the purpose of ascertaining the fact; and

(c) in so far as there existed, and were known to him, circumstances from which, with appropriate advice, the fact might have been ascertained or inferred, he had taken all actions that a person of his intelligence, education and experience would reasonably have taken before that time for the purpose of obtaining appropriate advice with respect to the circumstances.

Knowledge of persons in custody of parent

20(5)    In applying subsection (4) to a person at a time when he was under a disability as described in subsection 7(1) and in the custody of a parent, any reference to that person in clause (4)(a), (b) or (c) shall be construed as a reference to that parent.

**PART III**

## CHARGES ON LAND

Recovery of money charged on land

21(1)    No proceedings shall be taken to recover any rent charge or any sum of money secured by any mortgage or otherwise charged upon or payable out of any land or rent charge but within 10 years next after a present right to recover it accrued to some person capable of giving a discharge therefor or a release thereof, unless, prior to the expiry of that 10 years, some part of the rent charge or sum of money or some interest thereon has been paid by a person bound or entitled to make a payment thereof, or his agent in that behalf, to a person entitled to receive it, or his agent, or some acknowledgment in writing of the right to the rent charge or sum of money signed by any person so bound or entitled, or his agent in that behalf, has been given to a person entitled to receive it, or his agent, and in that case no action shall be brought but within 10 years after that payment or acknowledgment, or the last of such payments or acknowledgments, if more than one, was made or given.

Reversion not in possession

21(2)    In the case of a reversionary interest in land, no right to recover the sum of money charged thereon shall be deemed to accrue until the interest has fallen into possession.

Effect of payment or acknowledgment

21(3)    Notwithstanding the provisions of this Act, no payment hereafter made or acknowledgment hereafter given to a mortgagee or to a vendor of land, of or in respect of moneys payable under the mortgage or agreement of sale, has the effect of extending the time within which an action on the personal covenant for payment in the mortgage or agreement must be commenced by the mortgagee or vendor, except as against the person by whom the payment is made or the acknowledgment is given.

Application of section

21(4)    This section applies with respect to all mortgages and agreements of sale whether given or made before or after this section comes into force.

Definitions

21(5)    In this section the expressions **"mortgagee"** and **"vendor"** include a person claiming through a mortgagee or vendor.

Recovery of money payable under agreement for sale of land

22    No proceedings shall be taken to recover any sum of money payable under an agreement for the sale of land but within 10 years after a present right to recover the same accrued to some person entitled to receive the same, or capable of giving a release thereof, unless, prior to the expiry of such 10 years, some part of the sum of money or some interest thereon has been paid by a person bound or entitled to make a payment thereof, or his agent in that behalf, to a person entitled to receive the same, or his agent, or some acknowledgment in writing of the right to receive such sum of money signed by any person so bound or entitled, or his agent in that behalf, has been given to a person entitled to receive the same, or his agent, and in such case no action shall be brought but within 10 years after such payment or acknowledgment, or the last of such payments or acknowledgments, if more than one, was made or given.

Recovery of rent and interest charged on land

<u>23(1)</u>      No arrears of rent, or of interest in respect of any sum of money to which section 21 or section 22 applies, or any damages in respect of such arrears, shall be recovered by any proceeding but within six years next after a present right to recover the same accrued to some person capable of giving a discharge for or release of the same, unless, prior to the expiration of such six years, some part of the arrears has been paid by a person bound or entitled to make a payment thereof, or his duly authorized agent, to a person entitled to receive the same, or his agent, or some acknowledgment in writing of the right to the arrears, signed by a person so entitled or bound, or his duly authorized agent, has been given to a person entitled to receive the arrears, or his agent, and in such case no proceeding shall be taken but within six years after such payment or acknowledgment, or the last of such payments or acknowledgments, if more than one, was made or given.

Except redemption

<u>23(2)</u>      Subsection (1) does not apply to an action for redemption or similar proceedings brought by a mortgagor or by any person claiming under him.

Recovery prior mortgagee in possession

<u>24</u>      Where any prior mortgagee or other encumbrancer has been in possession of any land within one year next before an action is brought by any person entitled to a subsequent mortgage or other encumbrance on the same land, the person entitled to the subsequent mortgage or encumbrance may recover in such action the arrears of interest which have become due during the whole time that the prior mortgagee or encumbrancer was in such possession or receipt, although that time may have exceeded such term of six years.

**PART IV**

**LAND**

Recovery of land

<u>25</u>      No person shall take proceedings to recover any land but within 10 years next after the time at which the right to do so first accrued to some person through whom he claims (hereinafter called "predecessor") or if such right did not accrue to a predecessor, then within 10 years next after the time at which such right first accrued to the person taking proceedings (herein after called "claimant").

Right accrues on dispossession

<u>26</u>      Where the claimant or a predecessor has, in respect of the estate or interest claimed, been in possession of the land or in receipt of the profits thereof and has, while entitled thereto, been dispossessed or has discontinued such possession or receipt, the right to take proceedings to recover the land shall be deemed to have first accrued at the time of such dispossession or discontinuance of possession or at the last time at which any such profits were so received.

Right accrues on death of predecessor

<u>27</u>      Where the claimant claims the estate or interest of a deceased predecessor who was in possession of the land, or receipt of profits thereof, in respect of the same estate or interest at the time of

his death, and was the last person entitled to the estate or interest who was in possession or receipt, the right to take proceedings to recover the land shall be deemed to have first accrued at the time of the death of the predecessor.

**Right accrues according to assurance**

<u>28</u>    Where the claimant claims in respect of an estate or interest in possession, granted, appointed, or otherwise assured to him, or a predecessor, by a person being, in respect of the same estate or interest, in the possession of the land or the receipt of the profits thereof, and no person entitled under the assurance has been in such possession or receipt, the right to take proceedings to recover the land shall be deemed to have first accrued at the time at which the claimant or his predecessor became entitled to possession or receipt by virtue of the assurance.

**Right accrues on forfeiture**

<u>29</u>    Where the claimant or the predecessor becomes entitled by reason of forfeiture or breach of condition, the right to take proceedings to recover the land shall be deemed to have first accrued whenever the forfeiture was incurred or the condition was broken.

**When right accrues as to future estate**

<u>30</u>    Where the estate or interest claimed has been an estate or interest in reversion or remainder or other future estate or interest, including therein an executory devise, and no person has obtained the possession of the land or receipt of the profits thereof in respect of that estate or interest, the right to take proceedings to recover the land shall be deemed to have first accrued at the time at which the estate or interest became an estate or interest in possession, by the determination of any estate or estates in respect of which the land has been held or the profits thereof have been received, notwithstanding the claimant or the predecessor has, at any time previously to the creation of the estate or estates which has determined, been in the possession of the land or the receipt of the profits thereof.

**Further as to future estate**

<u>31</u>    If the person last entitled to any particular estate on which any future estate or interest was expectant was not in possession of the land or receipt of the profits thereof at the time when his interest determined, no proceedings to recover the land shall be taken by any person becoming entitled in possession to a future estate or interest but within 10 years next after the time when the right to take proceedings first accrued to the person whose interest has so determined, or within five years next after the time when the estate of the person becoming entitled in possession has become vested in possession, whichever of these two periods is the longer.

**Person entitled to assurance when estate barred**

<u>32</u>    If the right to take proceedings to recover the land has been barred, no person afterwards claiming to be entitled to the same land, in respect of any subsequent estate of interest under any will or assurance executed or taking effect after the time when a right to take proceedings first accrued to the owner of the particular estate whose interest has so determined, shall take proceedings.

**Where estate in possession barred, future estate barred**

<u>33</u>    Where the right of any person to take proceedings to recover any land to which he may have

been entitled for an estate or interest in possession entitling him to take proceedings has been barred by the determination of the period which is applicable in such case, and that person has at any time during the period been entitled to any other estate, interest, right, or possibility, in reversion, remainder, or otherwise, in or to the same land, no proceedings shall be taken by him or any person claiming through him to recover the land in respect of such other estate, interest, right, or possibility, unless in the meantime the land has been recovered by some person entitled to an estate, interest, or right, which has been limited or taken effect after or in defeasance of the estate or interest in possession.

Where right of forfeiture not claimed

34      Where the right to take proceedings to recover any land first accrued to a claimant or a predecessor by reason of any forfeiture or breach of condition, in respect of an estate or interest in reversion or remainder and the land has not been recovered by virtue of such right, the right to take proceedings shall be deemed to have first accrued at the time when the estate or interest became an estate or interest in possession.

Where rent wrongfully received, right accrues on receipt

35      Where any person is in possession of any land or in receipt of the profits thereof by virtue of a lease in writing, by which a rent amounting to the yearly sum or value of $4. or upwards is reserved, and the rent reserved by such lease has been received by some person wrongfully claiming to be entitled to the land in reversion immediately expectant on the determination of the lease, and no payment in respect of the rent reserved by the lease has afterwards been made to the person rightfully entitled thereto, the right of the claimant or his predecessor to take proceedings to recover the land after the determination of the lease, shall be deemed to have first accrued at the time at which the rent reserved by the lease was first so received by the person wrongfully claiming as aforesaid, and no such right shall be deemed to have first accrued upon the determination of the lease to the person rightfully entitled.

Right accrues end of first year

36      Where any person is in possession of any land or in receipt of the profits thereof as tenant from year to year, or other period, without any lease in writing, the right of the claimant or his predecessor to take proceedings to recover the land shall be deemed to have first accrued at the determination of the first of such years or other periods, or at the last (prior to his right to take proceedings being barred under any other provisions of this Act) when any rent payable in respect of such tenancy was received by the claimant or his predecessor or the agent of either, whichever last happens.

Right accrues where tenancy at will

37(1)      Where any person is in possession of any land or in receipt of the profits thereof as tenant at will, the right of the claimant or his predecessor to take proceedings to recover the land shall be deemed to have first accrued either at the determination of the tenancy or at the expiration of one year next after its commencement, at which time, if the tenant was then in possession, the tenancy shall be deemed to have been determined.

Exception

37(2)      No mortgagor or cestui que trust under an express trust shall be deemed to be a tenant at will to his mortgagee or trustee within the meaning of this section.

Time not to run while fraud concealed

38(1)    In every case of concealed fraud of the person setting up this Part as a defence, or of some other person through whom such first mentioned person claims, the right of any person to bring an action for the recovery of any land of which he or any person through whom he claims may have been deprived by such fraud shall be deemed to have first accrued at and not before the time at which such fraud was, or with reasonable diligence might have been, first known or discovered.

Saving purchaser

38(2)    Nothing in subsection (1) enables any owner of land to bring an action for the recovery of such land, or for setting aside any conveyance thereof, on account of fraud against any purchaser in good faith for valuable consideration, who has not assisted in the commission of the fraud, and who, at the time that he made the purchase, did not know, and had no reason to believe, that any such fraud had been committed.

Acknowledgment equivalent to possession

39    Where any acknowledgment in writing of the title of a person entitled to any land signed by the person in possession or in receipt of the profits of the land, or his duly authorized agent, has been given to him, or his agent, prior to his right to take proceedings to recover the land having been barred under the provisions of this Act, then the possession or receipt of or by the person by whom the acknowledgment was given shall be deemed, according to the meaning of this Act, to have been the possession or receipt of or by the person to whom or to whose agent such acknowledgment was given at the time of giving the same, and the right of the last mentioned person, or of any person claiming through him, to take proceedings shall be deemed to have first accrued at and not before the time at which the acknowledgment, or the last of the acknowledgments, if more than one, was given.

## PART V

## MORTGAGES OF REAL

## AND PERSONAL PROPERTY

Where mortgagee in possession barred

40(1)    Where a mortgagee has obtained the possession of any property, real or personal, comprised in his mortgage or is in receipt of the profits of any land therein comprised, the mortgagor or any person claiming through him shall not bring any action to redeem the mortgage but within 10 years next after the time at which the mortgagee obtained such possession or first received any profits, unless, prior to the expiry of 10 years, an acknowledgment in writing of title of the mortgagor or of his right to redeem is given to the mortgagor or some person claiming his estate or interest or to the agent of the mortgagor or person, signed by the mortgagee or the person claiming through him or the duly authorized agent or either of them; and in such case, no action shall be brought but within 10 years next after the time at which such acknowledgment or the last of such acknowledgments, if more than one, was given.

More than one mortgagor

40(2)    Where there is more than one mortgagor or more than one person claiming through the mortgagor or mortgagors, an acknowledgment, if given to any of the mortgagors or persons or his or

their agent, is as effectual as if it had been given to all such mortgagors or persons.

**Acknowledgment to one where more than one mortgagee**

40(3)   Where there is more than one mortgagee or more than one person claiming the estate or interest of the mortgagee or mortgagees, an acknowledgment, signed by one or more of such mortgagees or persons or his or their duly authorized agent, shall be effectual only as against the party or parties signing as aforesaid, and the person or persons claiming any part of the mortgage money or property by, through or under him or them, and any person or persons entitled to any estate or estates, interest or interests, to take effect after or in defeasance of his or their estate or estates, interest or interests, and shall not operate to give to the mortgagor or mortgagors a right to redeem the mortgage as against the person or persons entitled to any undivided or divided part of the money or property.

**Where property divided**

40(4)   Where such of the mortgagees or persons aforesaid as have given the acknowledgment are entitled to a divided part of the property comprised in the mortgage or some estate or interest therein, and not to any ascertained part of the mortgage money, the mortgagor or mortgagors shall be entitled to redeem the same divided part of the property on payment with interest of the part of the mortgage money which bears the same proportion to the whole of the mortgage money as the value of the divided part of the property bears to the value of the whole of the property comprised in the mortgage.

**Foreclosure or sale**

41   No mortgagee or person claiming through a mortgagee shall take any proceedings for foreclosure or sale under any mortgage of real or personal property or to recover the property mortgaged but within 10 years next after the right to take the proceedings first accrued to the mortgagee, or if the right did not accrue to the mortgagee, then within 10 years after the right first accrued to a person claiming through the mortgagee.

**Payment or acknowledgment by person bound or entitled**

42   Where any person bound or entitled to make payment of the principal money or interest secured by a mortgage of property, real or personal, or his agent in that behalf, at any time prior to the expiry of 10 years from the accrual of the right to take proceedings for foreclosure or sale or to take proceedings to recover the property, pays any part of the money or interest to a person entitled to receive it, or his agent, the right to take proceedings shall be deemed to have first accrued at (and not before) the time at which the payment or the last of the payments, if more than one, was made, or if any acknowledgment of the nature described in section 39 was given at any time prior to the expiry of 10 years from the accrual of the right to take proceedings, then at the time at which the acknowledgment or the last of the acknowledgments, if more than one, was given.

## PART VI

## AGREEMENTS FOR THE SALE OF LAND

**Actions by purchasers of land**

43(1)   No purchaser of land or any person claiming through him shall bring any action in respect of the agreement for the sale thereof but within 10 years after the right to bring the action first accrued to

the purchaser, or if the right did not accrue to the purchaser, then within 10 years after the right first accrued to a person claiming through the purchaser.

Payment or acknowledgment by person bound or entitled

43(2)    When any person bound or entitled to make payment of the purchase money, or his agent in that behalf, at any time prior to the expiry of 10 years from the accrual of the right to bring the action pays any part of the money payable under the agreement of sale to a person entitled to receive it, or his agent, or if any acknowledgment in writing of the right of the purchaser or person claiming through him to the land, or to make such payment, was given prior to the expiry of that 10 years to the purchaser or person claiming through him, or to the agent of such purchaser or person, signed by the vendor or the person claiming through him, or the agent in that behalf of either of them, the right to take proceedings shall be deemed to have first accrued at (and not before) the time at which the payment or the last of the payments, if more than one, was made, or the time at which the acknowledgment or the last of the acknowledgments, if more than one, was given.

Proceedings by vendors of land

44    No vendor of land or person claiming through him shall take any proceedings for cancellation, determination, or rescission, of the agreements for the sale of the land or for foreclosure or sale thereunder or to recover the land but within 10 years after the right to take the proceedings first accrued to the vendor, or if the right did not accrue to the vendor, then within 10 years after the right first accrued to a person claiming through the vendor.

Payments or acknowledgments by purchasers

45    When any person bound or entitled to make payment of the purchase money, or his agent in that behalf, at any time prior to the expiry of 10 years from the accrual of the right to take the proceedings mentioned in section 44, pays any part of the money payable under the agreement of sale to a person entitled to receive it, or his agent, or if at any time prior to the expiry of such 10 years, any acknowledgment in writing of the right of the vendor or person claiming through him to the land or to receive the payment was given to the vendor or person claiming through him, or to the agent of such vendor or person, signed by the purchaser or the person claiming through him, or the agent in that behalf of either of them, the right to take proceedings shall be deemed to have first accrued at (and not before) the time at which the payment or last of the payments, if more than one, was made, or the time at which the acknowledgment or last of the acknowledgments, if more than one, was given.

## PART VII

## SALE AND LEASE OF GOODS

Interpretation

46    In this Part, unless the context otherwise requires,

**"buyer"** means a person who

(a) buys or agrees to buy, or leases, goods under a security agreement, as defined in *The Personal Property Security Act*, or

(b) leases goods under an agreement that

(i) is not a security agreement as defined in *The Personal Property Security Act*, and

(ii) gives the person the option of becoming the owner of the goods on compliance with the terms of the agreement; (« acheteur »)

**"goods"** means all chattels personal other than things in action or money, and includes emblements, industrial growing crops, and things attached to or forming part of the land which are agreed to be severed before sale, or under the contract of sale; (« objets »)

**"seller"** means the person who sells or leases goods to a buyer. (« vendeur »)

S.M. 1993, c. 14, s. 85.

Proceedings by seller of goods

47      No seller shall take any proceedings for the sale of or to recover goods that are the subject of a sale or lease to a buyer except within six years after the right to take the proceedings first accrued to the seller or, if the right did not accrue to the seller, then within six years after the right first accrued to a person claiming through the seller.

S.M. 1993, c. 14, s. 85.

Payments or acknowledgments by purchasers of goods

48      When any person bound or entitled to make payment of the price, or his agent in that behalf, at any time prior to the expiry of six years from the accrual of the right to take the proceedings, pays any part of the price or interest to a person entitled to receive it, or his agent, or if at any time prior to the expiry of such six years, any acknowledgment in writing of the right of the seller or

person claiming through him to the goods or to receive the payment was given to the seller or person claiming through him signed by the buyer or the person claiming through him or the agent in that behalf of either of them, the right to take proceedings shall be deemed to have first accrued at (and not before) the time at which the payment or last of the payments, if more than one, was made, or the time at which the acknowledgment or last of the acknowledgments, if more than one, was given.

## PART VIII

## TRUSTS AND TRUSTEES

Definition of "trustee"

49(1)      In this section **"trustee"** includes an executor, an administrator and trustee whose trust arises by construction or implication of law as well as an express trustee and also includes a joint trustee.

Actions by a beneficiary under a trust in respect of fraud, etc.

49(2)      No period of limitation prescribed by this Act applies to an action by a beneficiary under a trust, being an action

(a) in respect of any fraud or fraudulent breach of trust to which the trustee was a party or privy; or

(b) to recover from the trustee trust property or the proceeds thereof in the possession of the trustee, or previously received by the trustee and converted to his use.

Other actions by beneficiaries under trusts

49(3)      Subject as aforesaid, an action by a beneficiary to recover trust property or in respect of any breach of trust, not being an action for which a period of limitation is prescribed by any other provision of this Act, shall not be brought after the expiration of six years from the date on which the right of action accrued, but the right of action shall be deemed not to have accrued to any beneficiary entitled to a future interest in the trust property, until the interest falls into possession.

Judgment not to accrue to beneficiary barred

49(4)      No beneficiary as against whom there would be a good defence under this Act shall derive any greater or other benefit from a judgment or order obtained by any other beneficiary than he could have obtained if he had brought the action and this Act had been pleaded in defence.

Actions in respect of personal estate of a deceased person

50      Subject to the provisions of subsection 49(2), no action in respect of any claim to the personal estate of a deceased person or to any share or interest in such estate, whether under a will or an intestacy, shall be brought after the expiration of 10 years from the date when the right to receive the share or interest accrued, and no action to recover arrears of interest in respect of any legacy, or damages in respect of such arrears, shall be brought after the expiration of six years from the date on which the interest became due.

Express trust right accrues against purchaser on conveyance

51(1)      Where any property is vested in a trustee upon any express trust, the right of the cestui que trust, or any person claiming through him, to bring an action against the trustee or any person claiming through him to recover the property, shall be deemed to have first accrued at and not before the time at which it was conveyed to a purchaser for a valuable consideration, and shall then be deemed to have accrued only as against such purchaser and any person claiming through him.

Actions to recover money charged on land

51(2)      No action shall be brought to recover any sum of money or legacy charged upon or payable out of any land or rent charge, though secured by an express trust, or to recover any arrears of rent or of interest in respect of any sum of money or legacy so charged or payable or so secured, or any damages in respect of such arrears, except within the time within which it would be recoverable if there were not any such trust.

When claim of cestui que trust not affected

51(3)      Subsection (2) does not operate so as to affect any claim of a cestui que trust against his trustee for property held on an express trust.

## PART IX

## GENERAL

Entry not possession

52(1)    No person shall be deemed to have been in possession of any land, within the meaning of this Act, merely by reason of having made an entry thereon.

Claim not to preserve right

52(2)    No continual or other claim upon or near any land preserves any right of making an entry or distress or bringing an action.

Receipt of rent receipt of profits

52(3)    The receipt of the rent payable by any tenant at will, tenant from year to year, or other lessee, shall, as against such lessee or any person claiming under him, but subject to the lease, be deemed to be the receipt of the profits of the land for the purposes of this Act.

Expiry of right of action terminates title

53    At the determination of the period limited by this Act, to any person for taking proceedings to recover any land, rent charge, or money charged on land, the right and title of that person to the land, or rent charge, or the recovery of the money out of the land, is extinguished.

Action respecting conversion of chattel, where subsequent conversion occurs

54(1)    Where any cause of action in respect of the conversion or wrongful detention of a chattel has accrued to any person, and before he recovers possession of the chattel, a further conversion or wrongful detention takes place, no action shall be brought in respect of the further conversion or detention after the expiration of six years from the accrual of the cause of action in respect of the original conversion or detention.

Termination of title to chattel on expiry of right of action

54(2)    Where any such cause of action has accrued to any person, and the period prescribed for bringing that action and for bringing any action in respect of such a further conversion or wrongful detention as aforesaid has expired, and he has not during that period recovered possession of the chattel, the title of that person to the chattel is extinguished.

Administrator deemed claimant from death of deceased

55    For the purposes of Parts III, IV, and V, an administrator, claiming the estate or interest of the deceased person of whose property he has been appointed administrator, shall be deemed to claim as if there had been no interval of time between the death of the deceased person and the grant of the letters of administration.

Return to province

56    In respect of a cause of action, the time for taking proceedings as to which is limited by this Act (except those mentioned in clauses 2(1)(a) and (b), if a person is out of the province at the time a cause

of action against him arises within the province, the person entitled to the action may bring it within two years after the return of the first mentioned person to the province or within the time otherwise limited by this Act for bringing the action.

Joint debtors within province not affected

57(1)    Where a person has any cause of action against joint debtors or joint contractors, or joint obligors or joint covenantors, he is not entitled to any time within which to commence such an action against such of them as were within the province at the time the cause of action accrued by reason only that one or more of them was at that time out of the province.

Joint debtors outside province not released by action

57(2)    A person having such a cause of action is not barred from commencing an action against any joint debtor or joint contractor, or joint obligor or joint covenantor, who was out of the province at the time the cause of action accrued, after his return to the province, by reason only that judgment has been already recovered against such others of them as were at such time within the province.

Application of Act

58    This Act applies to all causes of action whether they arose before or after the coming into force of this Act.

Refusing relief on acquiescence

59    Nothing in this Act interferes with any rule of equity in refusing relief on the ground of acquiescence, or otherwise, to any person whose right to bring an action is not barred by virtue of this Act.

Interpretation

60    This Act shall be so interpreted and construed as to effect its general purpose of making uniform the law of the provinces that enact it.

Time not to run while compromise in effect

61    Notwithstanding anything contained in this Act, in calculating the time within which any action or other proceedings must be commenced under this Act, the period during which the proceedings are stayed and the period during which a debtor is not in default under a contract or judgment as affected by a proposal binding upon the debtor and his creditors under the *Farmers' Creditors Arrangement Act* (Canada) shall not be included in the calculation.

S.M. 1988-89, c. 13, s. 24.

---

Consolidated Acts: C.C.S.M. Acts | Municipal Acts | Private Acts

Annual Acts (1991 to present)                                    Back

Table of Regulations

Annual regulations: 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | 2000
Manitoba Laws | Government | Legislative Assembly                          Top

# TAB 6

# Class Proceedings Act, C.C.S.M. c. C130

| | |
|---|---|
| Citation: | Class Proceedings Act, C.C.S.M. c. C130 |
| Information about this text: | Consolidation: December 31, 2006 |
| URL: | http://www.canlii.org/mb/laws/sta/c-130/20070117/whole.html |

Version downloaded by CanLII on 2007-01-17

Warning: This document predates the last update of the collection. It might have been modified or omitted since this last update.

C.C.S.M. c. C130

The Class Proceedings Act

(Assented to July 25, 2002)

HER MAJESTY, by and with the advice and consent of the Legislative Assembly of Manitoba, enacts as follows:

**PART 1**

**INTRODUCTORY PROVISIONS**

Definitions

1 In this Act,

**"certification order"** means an order certifying a proceeding as a class proceeding; (« ordonnance d'attestation »)

**"class proceeding"** means a proceeding certified as a class proceeding under Part 2; (« recours collectif »)

**"common issues"** means

(a) common but not necessarily identical issues of fact, or

(b) common but not necessarily identical issues of law that arise from common but not necessarily identical facts; (« questions communes »)

**"court"**, except in sections 36 and 37, means the Court of Queen's Bench; (« tribunal »)

**"defendant"** includes a respondent; (« défendeur »)

**"party"** means a representative plaintiff or a defendant but does not include individual members of a

class or of a subclass; (« partie »)

**"plaintiff"** includes an applicant; (« demandeur »)

**"representative plaintiff"** means a person appointed as a representative plaintiff under section 2, 3 or 6. (« représentant des demandeurs »)

## PART 2

## CERTIFICATION

Member of class may commence proceeding

2(1)      One or more members of a class of persons may commence a proceeding in the court on behalf of the members of that class.

Motion for certification by plaintiff

2(2)      A person who commences a proceeding under subsection (1) must make a motion to the court for an order

(a) certifying the proceeding as a class proceeding; and

(b) appointing a representative plaintiff.

Timing of motion

2(3)      A motion under subsection (2) must be made

(a) within 90 days after the close of pleadings or the noting of a defendant in default; or

(b) with leave of the court, at any other time.

Representative plaintiff not from class

2(4)      The court may appoint a person who is not a member of the class as the representative plaintiff only if it is necessary to do so in order to avoid a substantial injustice to the class.

Motion for certification by defendant

3      A defendant to two or more proceedings may, at any stage of one of the proceedings, make a motion to the court for an order certifying some or all of the proceedings as a class proceeding and appointing a representative plaintiff.

Certification of class proceeding

4      The court must certify a proceeding as a class proceeding on a motion under section 2 or 3 if

(a) the pleadings disclose a cause of action;

(b) there is an identifiable class of two or more persons;

(c) the claims of the class members raise a common issue, whether or not the common issue predominates over issues affecting only individual members;

(d) a class proceeding would be the preferable procedure for the fair and efficient resolution of the common issues; and

(e) there is a person who is prepared to act as the representative plaintiff who

(i)  would fairly and adequately represent the interests of the class,

(ii) has produced a plan for the class proceeding that sets out a workable method of advancing the class proceeding on behalf of the class and of notifying class members of the class proceeding, and

(iii) does not have, on the common issues, an interest that conflicts with the interests of other class members.

Adjournment of certification motion

5(1)      The court may adjourn a motion for certification to permit the parties to amend their materials or pleadings, or to permit further evidence to be filed.

Meaning of certification

5(2)      An order certifying a proceeding as a class proceeding is not a determination of the merits.

Certification of subclass

6(1)      At a motion for certification under section 4, the court may, if it is satisfied that a class includes a subclass whose members have claims that raise common issues not shared by all the class members so that the protection of the interests of the subclass members requires that they be separately represented, appoint a representative plaintiff for each subclass in addition to appointing a representative plaintiff for the class.

Representative plaintiff for subclass

6(2)      In appointing a representative plaintiff for a subclass under subsection (1), the court must consider whether a proposed representative plaintiff

(a) would fairly and adequately represent the interests of the subclass;

(b) has produced a plan for the proposed class proceeding that sets out a workable method of advancing the proceeding on behalf of the subclass and of notifying subclass members of the proceeding; and

(c) does not have, on the common issues for the subclass, an interest that is in conflict with the interests of other subclass members.

Residency

6(3)      A class that comprises persons resident in Manitoba and persons not resident in Manitoba may be divided into resident and non-resident subclasses.

Certain matters not bar to certification

7      The court must not refuse to certify a proceeding as a class proceeding by reason only of one or more of the following:

(a) the relief claimed includes a claim for damages that would require individual assessment after determination of the common issues;

(b) the relief claimed relates to separate contracts involving different class members;

(c) different remedies are sought for different class members;

(d) the number of class members or the identity of each class member is not ascertained or may not be ascertainable;

(e) the class includes a subclass whose members have claims that raise common issues not shared by all class members.

Contents of certification order

8(1)      A certification order must

(a) describe the class in respect of which the order was made, by setting out the class's identifying characteristics;

(b) appoint the representative plaintiff for the class;

(c) state the nature of the claims asserted on behalf of the class;

(d) state the relief sought by the class;

(e) set out the common issues for the class;

(f) state the manner in which and the time within which a class member

may opt out of the proceeding; and

(g) include any other provision the court considers appropriate.

Contents of certification order involving subclasses

8(2)      If a class includes a subclass whose members have claims that raise common issues not shared by all the class members so that, in the opinion of the court, the protection of the interests of the subclass members requires that they be separately represented, the certification order must include the same information in relation to the subclass that, under subsection (1), is required in relation to the class.

Amendment of certification order

8(3)      The court may at any time amend a certification order on the motion of a party, a class member, or on its own motion.

Refusal to certify

9        If the court refuses to certify a proceeding as a class proceeding, the court may permit the proceeding to continue as one or more proceedings between different parties and, for that purpose, the court may

(a) order the addition, deletion or substitution of parties;

(b) order the amendment of the pleadings; and

(c) make any other order that it considers appropriate.

If conditions for certification not satisfied

10(1)      Without limiting subsection 8(3), at any time after a certification order is made, the court may amend the order, decertify the proceeding or make any other order it considers appropriate, if it appears to the court that the conditions mentioned in section 4 or 6 are not satisfied with respect to a class proceeding.

Consequences of decertification

10(2)      If the court makes a decertification order under subsection (1), the court may permit the proceeding to continue as one or more proceedings between different parties and may make any order referred to in clauses 9(a) to (c) in relation to each of those proceedings.

## PART 3

## CONDUCT OF CLASS PROCEEDINGS

## DIVISION 1

## THE ROLE OF THE COURT

Stages of class proceedings

11(1)      Unless the court otherwise orders under section 12,

(a) common issues for a class must be determined together;

(b) common issues for a subclass must be determined together; and

(c) individual issues that require the participation of individual class members must be determined in accordance with sections 27 and 28.

Judgment on common issues

11(2)      The court may give judgment in respect of the common issues and separate judgments in respect of any other issue.

Court may determine conduct of proceeding

12      The court may at any time make any order that it considers appropriate respecting the conduct of a class proceeding to ensure its fair and expeditious determination and, for that purpose, may impose on one or more of the parties the terms it considers appropriate.

Court may stay proceeding

13      The court may at any time stay or sever a proceeding related to the class proceeding on terms the court considers appropriate.

Motions before certification judge

14(1)      The judge who makes a certification order is to hear all motions in the class proceeding before the trial of the common issues.

Unavailability of certification judge

14(2)      If the judge who has heard motions under subsection (1) becomes unavailable for any reason to hear a motion in the class proceeding, the chief justice of the court may assign another judge to hear the motion.

Certification judge not to preside at trial

14(3)      Except with the consent of the parties, a judge who hears a motion under subsection (1) or (2) may not preside at the trial of the common issues.

### DIVISION 2

### PARTICIPATION OF CLASS MEMBERS

Participation of class members

15(1)      In order to ensure the fair and adequate representation of the interests of the class or a subclass or for any other appropriate reason, the court may, at any time in a class proceeding, permit one or more class members to participate in the proceeding.

Court order re participation by class members

15(2)      Participation by a class member under subsection (1) must be in the manner and on the terms, including terms as to costs, that the court considers appropriate.

Opting out of class proceeding

16      A member of a class involved in a class proceeding may opt out of the proceeding in the manner and within the time specified in the certification order.

Discovery

17(1)      Parties to a class proceeding have the same rights of examination for discovery under the *Queen's Bench Rules* against one another as they would have in any other proceeding.

Discovery of class members

17(2)      After examination for discovery of the representative plaintiff or, in a class proceeding referred to in section 6, one or more of the representative plaintiffs, a defendant may, with leave of the court, discover other class members.

Considerations re discovery of class members

17(3)      In deciding whether to grant a defendant leave to examine other class members, the court must consider

(a) the stage of the class proceeding and the issues to be determined at that stage;

(b) the presence of subclasses;

(c) whether the examination for discovery is necessary in view of the claims or defences of the party seeking leave;

(d) the approximate monetary value of any individual claims;

(e) whether examination for discovery would result in oppression or in undue annoyance, burden or expense for the class members sought to be discovered; and

(f) any other matter the court considers relevant.

Failure to submit to examination for discovery

17(4)      A class member is subject to the same sanctions under the *Queen's Bench Rules* as a party for failure to submit to examination for discovery.

Examination of class members

18(1)      A party may not require a class member, other than a representative plaintiff, to be examined as a witness before the hearing of any motion in a class proceeding, except with leave of the court.

Considerations re examination of class members

18(2)      Subsection 17(3) applies, with necessary changes, to a decision whether to grant leave under subsection (1).

## DIVISION 3

### NOTICES

Notice of certification

19(1)      Notice that a proceeding has been certified as a class proceeding must be given by the representative plaintiff to the class members in accordance with this section.

Waiver of notice

19(2)      The court may waive the requirement that a representative plaintiff give notice of certification if, having regard to the factors set out in subsection (3), the court considers it appropriate to do so.

Considerations re notice

19(3)      The court must make an order setting out when and by what means notice is to be given under this section, and in doing so must have regard to

(a) the cost of giving notice;

(b) the nature of the relief sought;

(c) the size of the individual claims of the class members;

(d) the number of class members;

(e) the presence of subclasses;

(f) the places of residence of class members; and

(g) any other relevant matter.

Method of giving notice

19(4)      The court may order that notice be given by

(a) personal delivery;

(b) mail;

(c) posting, advertising or publishing;

(d) individually notifying a sample group within the class;

(e) creating and maintaining an Internet site; or

(f) any other means or combination of means that the court considers appropriate.

Different means of notice for different classes

19(5)      The court may order that notice be given to different class members by different means.

Contents of notice

19(6)      Unless the court orders otherwise, notice under this section must

(a) describe the proceeding, including the names and addresses of counsel for the representative plaintiff and the relief sought;

(b) state the manner in which and the time within which a class member may opt out of the class proceeding;

(c) describe any counterclaim or third party claim asserted in the class proceeding, including the relief sought;

(d) summarize any agreements respecting fees and disbursements,

(i) between the representative plaintiff and his or her lawyers, and

(ii) if the recipient of the notice is a member of a subclass, between the representative plaintiff for that subclass and his or her lawyers;

(e) describe the possible financial consequences of the class proceeding to class members and subclass members;

(f) state that the judgment on the common issues for the class, whether favourable or not, will bind all class members who do not opt out of the class proceeding;

(g) state that the judgment on the common issues for a subclass, whether favourable or not, will bind all subclass members who do not opt out of the class proceeding;

(h) describe the rights, if any, of class members to participate in the class proceeding;

(i) give an address to which class members may direct inquiries about the class proceeding; and

(j) give any other information the court considers appropriate.

Solicitation of contributions

19(7)      With leave of the court, notice under this section may include a solicitation of contributions from class members to assist in paying lawyers' fees and disbursements.

Notice of determination of common issues

20(1)      Unless the court orders otherwise, where the court determines common issues in favour of a class or subclass and considers that the participation of individual members of the class or subclass is required to determine individual issues, the representative plaintiff must give notice to those members in accordance with this section.

Considerations re notice

20(2)      Subsections 19(3) to (5) apply, with necessary changes, to notice given under this section.

Contents of notice

20(3)      Notice under this section must

(a) identify the common issues that have been determined and explain the determinations made;

(b) state that members of the class or subclass may be entitled to individual relief;

(c) describe the steps that must be taken to establish an individual claim;

(d) state that failure on the part of a member of the class or subclass to take those steps will result in the member not being entitled to assert an individual claim except with leave of the court;

(e) give an address to which members of the class or subclass may direct inquiries about the class proceeding; and

(f) give any other information that the court considers appropriate.

Notice to protect interests of affected persons

21(1)      At any time in a class proceeding, the court may order any party to give such notice to the persons that the court considers necessary to protect the interests of any class member or party or to ensure the fair conduct of the proceeding.

Considerations re notice

21(2)      Subsections 19(3) to (5) apply with necessary changes to notice given under this section.

Approval of notice by the court

22      A notice under this Division must be approved by the court before it is given.

Giving of notice by another party

23      The court may order a party to give the notice required to be given by another party under this Act.

Costs of notice

24(1)      The court may make any order it considers appropriate as to the costs of any notice under this Division, including an order apportioning costs among parties.

Court may consider different interests of subclass

24(2)      In making an order under subsection (1), the court may have regard to the different interests of a subclass.

**PART 4**

**ORDERS, AWARDS AND RELATED PROCEDURES**

**DIVISION 1**

**ORDERS ON COMMON AND INDIVIDUAL ISSUES**

Contents of order on common issues

25        An order made in respect of a judgment on common issues of a class or subclass must

(a) set out the common issues;

(b) name or describe the class or subclass members to the extent possible;

(c) state the nature of the claims asserted on behalf of the class or subclass; and

(d) specify the relief granted.

Judgment on common issues binding

26(1)      A judgment on common issues of a class or subclass binds every member of the class or subclass who has not opted out of the class proceeding, but only to the extent that the judgment determines common issues that

(a) are set out in the certification order;

(b) relate to claims described in the certification order; and

(c) relate to relief sought by the class or subclass as stated in the certification order.

Where judgment does not bind party

26(2)      A judgment on common issues of a class or subclass does not bind a defendant to the class proceeding in any later proceeding between the defendant and a person who opted out of the class proceedings.

Determination of individual issues

27(1)      If the court determines common issues in favour of a class or subclass and determines that there are issues, other than those that may be determined under section 32, that are applicable only to certain individual members of the class or subclass, the court may

(a) determine those individual issues in further hearings presided over by the judge who determined the common issues or by another judge of the court;

(b) appoint one or more persons, including, without limitation, one or more independent experts, to conduct a reference into those individual issues in accordance with the procedures set out in the *Queen's Bench Rules* and report back to the court; or

(c) with the consent of the parties, direct that those individual issues be determined in any other

manner.

Directions for determination of individual issues

27(2)      The court may give directions relating to the procedures to be followed in conducting hearings, references and determinations under subsection (1).

Considerations in giving directions

27(3)      In giving directions under subsection (2), the court must choose the least expensive and most expeditious method of determining the individual issues that is consistent with justice to members of the class or subclass and the parties and, in doing so, the court may

(a) dispense with any procedural step that it considers unnecessary; and

(b) authorize any special procedural steps, including steps relating to discovery, and any special rules, including rules relating to admission of evidence and means of proof, that it considers appropriate.

Deadline for making claim

27(4)      The court must set a reasonable time within which individual members of the class or subclass may make claims under this section in respect of the individual issues.

No claim without leave

27(5)      A member of the class or subclass who fails to make a claim within the time set under subsection (4) may not later make a claim under this section in respect of the individual issues applicable to that member except with leave of the court.

Considerations re leave

27(6)      The court may grant leave under subsection (5) if it is satisfied that

(a) there are apparent grounds for relief;

(b) the delay was not caused by any fault of the person seeking the relief; and

(c) the defendant would not suffer substantial prejudice if leave were granted.

Deemed order of the court

27(7)      Unless the court orders otherwise when making a direction under clause (1)(c), a determination of issues made in accordance with clause (1)(c) is deemed to be an order of the court.

Individual assessment of liability

28      Without limiting section 27, if, after determining common issues in favour of a class or subclass, the court determines that the defendant's liability to individual class members cannot reasonably be determined without proof by those individual class members, section 27 applies to the determination of the defendant's liability to those class members.

## DIVISION 2

## AGGREGATE AWARDS

Aggregate awards of monetary relief

29(1)    The court may make an order for an aggregate monetary award in respect of all or any part of a defendant's liability to members of a class or subclass, and may give judgment accordingly, if

(a) monetary relief is claimed on behalf of some or all members of the class or subclass;

(b) no questions of fact or law other than those relating to the assessment of monetary relief remain to be determined in order to establish the amount of the defendant's monetary liability; and

(c) the aggregate or a part of the defendant's liability to some or all members of the class or subclass can reasonably be determined without proof by individual members of the class or subclass.

Submissions by defendant

29(2)    Before making an order under subsection (1), the court must provide the defendant with an opportunity to make submissions to the court in respect of any matter touching on the proposed order, including submissions

(a) that contest the merits or amount of an award under that subsection; and

(b) that individual proof of monetary relief is required owing to the individual nature of the relief claimed.

Statistical evidence may be used

30(1)    For the purpose of determining issues relating to the amount or distribution of an aggregate monetary award under this Act, the court may admit as evidence statistical information that would not otherwise be admissible, including information derived from sampling, if the information was compiled in accordance with principles that are generally accepted by experts in the field of statistics.

Exempt records

30(2)    A record of statistical information purporting to be prepared by or published under the authority of an enactment of the Parliament of Canada or the legislature of any province or territory of Canada may be admitted as evidence without proof of its authenticity.

Introduction of statistical information

30(3)    Statistical information must not be admitted as evidence under this section unless the party seeking to introduce the information

(a) has given to the party against whom the statistical evidence is to be used a copy of the information at least 60 days before that information is to be introduced as evidence;

(b) has complied with subsections (4) and (5); and

(c) introduces the evidence by an expert who is available for cross-examination on that evidence.

Notice

30(4)    Notice under this section must specify the source of any statistical information sought to be introduced that

(a) was prepared or published under the authority of an enactment of the Parliament of Canada or the legislature of any province or territory;

(b) was derived from market quotations, tabulations, lists, directories or other compilations generally used and relied on by members of the public; or

(c) was derived from reference material generally used and relied on by members of an occupational group.

Contents of notice

30(5)    Except with respect to information referred to in subsection (4), notice under this section must

(a) specify the name and qualifications of each person who supervised the preparation of the statistical information sought to be introduced; and

(b) describe any documents prepared or used in the course of preparing the statistical information sought to be introduced.

Law applies

30(6)    Unless this section provides otherwise, the law and practice with respect to evidence tendered by an expert in a proceeding applies to a class proceeding.

Inspection of documents

30(7)    Except with respect to information referred to in subsection (4), a party against whom statistical information is sought to be introduced under this section may require the party seeking to introduce it to produce for inspection any document that was prepared or used in the course of preparing the information, unless the document discloses the identity of persons responding to a survey who have not consented in writing to the disclosure.

Average or proportional share of aggregate awards

31(1)    If the court makes an order under section 29, the court may further order that all or a part of the aggregate monetary award be applied so that some or all individual class or subclass members share in the award on an average or proportional basis if

(a) it would be impractical or inefficient to

(i) identify the class or subclass members entitled to share in the award, or

(ii) determine the exact shares that should be allocated to individual class or subclass members; and

(b) failure to make an order under this subsection would deny recovery to a substantial number of class or subclass members.

Application to be excluded from distribution

31(2)    If an order is made under subsection (1), any member of the class or subclass in respect of which the order was made may, within the time specified in the order, apply to the court to be excluded from the proposed distribution and to be given the opportunity to prove his or her claim on an individual basis.

Considerations re exclusion

31(3)    In deciding whether to exclude a class or subclass member from an average or proportional distribution, the court must consider

(a) the extent to which the member's individual claim varies from the average for the class or subclass;

(b) the number of class or subclass members seeking to be excluded from the average or proportional distribution; and

(c) whether excluding the members referred to in clause (b) would unreasonably deplete the amount to be distributed on an average or proportional basis.

Deduction of individual awards

31(4)      An amount recovered by a class or subclass member who proves his or her claim on an individual basis must be deducted from the amount to be distributed on an average or proportional basis before the distribution.

S.M. 2004, c. 42, s. 14.

Individual share of aggregate award

32(1)      If the court orders that all or a part of an aggregate monetary award under subsection 29 (1) be divided among individual class or subclass members on an individual basis, the court must determine whether individual claims need to be made to give effect to the order.

Determining claims

32(2)      If the court determines under subsection (1) that individual claims need to be made, the court must specify the procedures for determining the claims.

Methods of determining claims

32(3)      In specifying the procedures under subsection (2), the court must attempt to minimize the burden on class or subclass members and, for that purpose, the court may authorize

(a) the use of standardized proof of claim forms;

(b) the submission of affidavit or other documentary evidence;

(c) the audit of claims on a sampling or other basis; and

(d) any other procedure the court considers appropriate.

Deadline for making claim

32(4)      When specifying the procedures under subsection (2), the court must set a reasonable time within which individual class or subclass members may make claims under this section.

No claim without leave

32(5)      A class or subclass member who fails to make a claim within the time set under subsection (4) may not later make a claim under this section except with leave of the court.

Considerations re leave

32(6)      Subsection 27(6) applies with necessary modifications to a decision whether to grant leave under subsection (5) of this section.

Amended judgment

32(7)      The court may amend a judgment given under subsection 29(1) to give effect to a claim made with leave under subsection (5) of this section if the court considers it appropriate to do so.

Distribution of awards

33(1)      The court may direct any means of distributing amounts awarded under this Division that it considers appropriate.

Distribution options

33(2)      In giving directions under subsection (1), the court may order that

(a) the defendant distribute directly to the class or subclass members the amount of monetary relief to which each class or subclass member is entitled by any means authorized by the court, including abatement and credit;

(b) the defendant pay into court or some other appropriate depository the total amount of the defendant's liability to the class or subclass members until further order of the court; or

(c) any person other than the defendant distribute directly to each of the class or subclass members, by any means authorized by the court, the amount of monetary relief to which that member is entitled.

Considerations re distribution

33(3)      In deciding whether to make an order under clause (2)(a), the court

(a) must consider whether distribution by the defendant is the most practical way of distributing the award; and

(b) may take into account whether the amount of monetary relief to which each class or subclass member is entitled can be determined from the records of the defendant.

Court supervision

33(4)      The court must supervise the execution of judgments and the distribution of awards under this Division and may stay the whole or any part of an execution or distribution for a reasonable period, on terms that it considers appropriate.

Awards paid in lump sum or instalments

33(5)      The court may order that an award made under this Division be paid

(a) in a lump sum, promptly or within a time set by the court; or

(b) in instalments, on terms that the court considers appropriate.

Costs of distribution

33(6)      The court may

(a) order that the costs of distributing an award under this Division, including the costs of any notice associated with the distribution and the fees payable to a person administering the distribution, be paid out of the proceeds of the judgment; or

(b) make any further or other order it considers appropriate respecting the costs of distributing an award under this Division.

Undistributed award

34(1)      The court may order that all or any part of an award under this Division that has not been distributed within a time set by the court be applied in any manner that may reasonably be expected to benefit class or subclass members, even if the order does not provide for monetary relief to individual class or subclass members.

Considerations re undistributed award

34(2)      In deciding whether to make an order under subsection (1), the court must consider

(a) whether the distribution would result in unreasonable benefits to persons who are not members of the class or subclass; and

(b) any other matter the court considers relevant.

Undistributed award if class members unknown

34(3)      The court may make an order under subsection (1) whether or not all the class or subclass members can be identified or all their shares can be exactly determined.

Award may benefit non-class members

34(4)      The court may make an order under subsection (1) even if the order would benefit

(a) persons who are not class or subclass members; or

(b) persons who may otherwise receive monetary relief as a result of the class proceeding.

Unclaimed award

34(5)      If any part of an award that under subsection 32(1) is to be divided among individual class or subclass members remains unclaimed or otherwise undistributed after a time set by the court, the court may order that the unclaimed or undistributed part of the award

(a) be applied against the cost of the class proceeding;

(b) be forfeited to the government; or

(c) be returned to the party against whom the award was made.

S.M. 2004, c. 42, s. 14.

## DIVISION 3

## TERMINATION OF PROCEEDINGS AND APPEALS

Settlement, discontinuance and abandonment

35(1)      A class proceeding may be settled, discontinued or abandoned only

(a) with the approval of the court; and

(b) on the terms the court considers appropriate.

Court approval of settlement

35(2)      A settlement may be concluded in relation to the common issues affecting a subclass only

(a) with the approval of the court; and

(b) on the terms the court considers appropriate.

Settlement not binding unless approved

35(3)      A settlement is not binding unless approved by the court.

Settlement binding on class members

35(4)      A settlement of a class proceeding or of common issues affecting a subclass that is approved by the court binds every member of the class or subclass who has not opted out of the class proceeding, but only to the extent provided by the court.

Notice to class members

35(5)      In dismissing a class proceeding or in approving a settlement, discontinuance or abandonment, the court must consider whether notice of the dismissal or approval should be given under section 20 and whether the notice should include

(a) an account of the conduct of the proceeding;

(b) a statement of the result of the proceeding; and

(c) a description of any plan for distributing any settlement funds.

Appeals

36(1)      A representative plaintiff or defendant may appeal without leave to The Court of Appeal from

(a) a judgment on common issues; or

(b) an order under Division 2 of this Part, other than an order that determines individual claims made by class or subclass members.

Leave to appeal

36(2)      With leave of a justice of The Court of Appeal, a representative plaintiff or a defendant may appeal to that court from any order

(a) determining an individual claim made by a class or subclass member; or

(b) dismissing an individual claim for monetary relief made by a class or subclass member.

Appeal by class member

36(3)    With leave of a justice of The Court of Appeal, a class or subclass member may appeal to that court from any order

(a) determining an individual claim made by that class or subclass member; or

(b) dismissing an individual claim for monetary relief made by that class or subclass member.

Appeal of certification decision

36(4)    With leave of a justice of The Court of Appeal, a representative plaintiff or defendant may appeal to The Court of Appeal from

(a) an order certifying or refusing to certify a proceeding as a class proceeding; or

(b) an order decertifying a proceeding.

Right of class member to appeal

36(5)    If a representative plaintiff does not appeal or seek leave to appeal as permitted by subsection (1) or (4) within the time limit for bringing an appeal set under the *Court of Appeal Rules*, or if a representative plaintiff abandons an appeal under subsection (1) or (4), any member of the class or subclass for which the representative plaintiff had been appointed may make a motion to a justice of The Court of Appeal for leave to act as the representative plaintiff for the purpose of subsection (1) or (4).

Deadline for class member

36(6)    A motion by a class or subclass member for leave to act as the representative plaintiff under subsection (5) must be made within 30 days after the expiry of the appeal period available to the representative plaintiff or by such other date as the justice may order.

Extension of time limit to appeal

36(7)    If leave has been granted to a member of a class or subclass under subsection (5), the time limit for that person to appeal or seek leave to appeal is extended for 30 days after the date leave is extended by The Court of Appeal.

S.M. 2004, c. 42, s. 14.

**PART 5**

**COSTS, FEES AND DISBURSEMENTS**

Costs

37(1)    Subject to this section, no costs may be awarded against any party with respect to any stage of a class proceeding, including a motion for certification under subsection 2(2) or section 3, or any appeal arising from a class proceeding.

Considerations re costs

37(2)    The Court of Queen's Bench or The Court of Appeal may only award costs to a party in respect of a motion for certification or in respect of all or any part of a class proceeding or an appeal arising from a class proceeding if

(a) at any time that the court considers that there has been vexatious, frivolous or abusive conduct on the part of any party;

(b) at any time that the court considers that an improper or unnecessary motion or other step has been made or taken for the purpose of delay or increasing costs or for any other improper purpose; or

(c) at any time that the court considers that there are exceptional circumstances that make it unjust to deprive another party of costs.

Assessment of costs

37(3)    A court that orders costs under subsection (2) may order that those costs be assessed in any manner that the court considers appropriate.

Class members not liable for costs

37(4)    Class members, other than a person appointed as a representative plaintiff, are not liable for costs except with respect to the determination of their own individual claims.

Agreements respecting fees and disbursements

38(1)    An agreement respecting fees and disbursements between a lawyer and a representative plaintiff must be in writing and must

(a) state the terms under which fees and disbursements are to be paid;

(b) give an estimate of the expected fee, whether or not the fee is contingent on success in the class proceeding; and

(c) state the method by which payment is to be made, whether by lump sum or otherwise.

Approval of agreements

38(2)    An agreement respecting fees and disbursements between a lawyer and a representative plaintiff is not enforceable unless approved on motion to the court.

Motion for approval of agreements

38(3)    A motion under subsection (2) may,

(a) unless the court otherwise orders, be brought without notice to a defendant; or

(b) if notice to a defendant is required by the court, be brought on the terms respecting disclosure of the whole or any part of the agreement respecting fees and disbursements that the court may order.

Interest

38(4)    Interest payable on fees under an agreement approved under subsection (2) must be calculated in the manner set out in the agreement or, if it is not so set out, must be charged

(a) at the prejudgment rate, as defined in *The Court of Queen's Bench Act*; or

(b) at any other rate the court considers appropriate.

Calculation of interest

38(5)      Interest payable on disbursements under an agreement approved under subsection (2) must be calculated in the manner set out in the agreement or, if it is not set out in the agreement,

(a) at the prejudgment rate, as defined in *The Court of Queen's Bench Act*; or

(b) at any other rate the court considers appropriate, on the balance of disbursements incurred as totalled at the end of each 6 month period following the date of the agreement.

First charge

38(6)      Amounts owing under an agreement approved by the court under subsection (2), are a first charge on any settlement funds or monetary award.

Power of court to determine fees

38(7)      If an agreement is not approved by the court or if the amount owing under an approved agreement is in dispute the court may, on motion,

(a) determine the amount owing to the lawyer in respect of fees and disbursements;

(b) direct a reference under the *Queen's Bench Rules* to determine the amount owing; or

(c) direct that the amount owing be determined in any other manner.

**PART 6**

**GENERAL**

Limitation period

39(1)      Subject to subsection (3), a limitation period applicable to a cause of action asserted in a proceeding

(a) is suspended in favour of a person when a proceeding has been commenced under this Act involving the same cause of action and it is reasonable for that person to assume that he or she was a class member for the purposes of that proceeding; and

(b) resumes running against that person when clauses (2)(a) to (g) apply to that person as if he or she were the class member referred to in subsection (2).

Suspension of limitation period

39(2)      Subject to subsection (3), a limitation period applicable to a cause of action asserted in a proceeding commenced under this Act is suspended in favour of a class member on the commencement of the proceeding and resumes running against the member only when,

(a) a ruling is made by the court

(i) refusing to certify the proceeding as a class proceeding, or

(ii) that has the effect of excluding the member from the class proceeding or from being considered to have ever been a class member;

(b) the member opts out of the class proceeding;

(c) an amendment that has the effect of excluding the member from the class is made to the certification order;

(d) a decertification order is made under section 10;

(e) the class proceeding is dismissed without an adjudication on the merits;

(f) the class proceeding is abandoned or discontinued with the approval of the court; or

(g) the class proceeding is settled with the approval of the court, unless the settlement provides otherwise.

Appeals

39(3)      Where there is a right of appeal in respect of an event described in clauses (2)(a) to (g), the limitation period resumes running as soon as the time for appeal has expired without an appeal being commenced or as soon as any appeal has been finally disposed of.

Application of rules of court

40      The *Queen's Bench Rules*, other than Rule 20A, apply to class proceedings, to the extent that those rules are not in conflict with this Act.

Application of Act

41      This Act does not apply to

(a) a proceeding that may be brought in a representative capacity under another Act;

(b) a proceeding required by law to be brought in a representative capacity; and

(c) a representative proceeding commenced before this Act comes into force.

Service on Attorney-General

42      Before a motion for certification under section 4 is heard, the representative plaintiff must serve the Attorney-General of Manitoba with a copy of the pleadings in a proceeding commenced under this Act.

Crown bound

43      This Act binds the Crown.

C.C.S.M. reference

44      This Act may be referred to as chapter C130 of the *Continuing Consolidation of the Statutes of Manitoba*.

Coming into force

45      This Act comes into force on a day fixed by proclamation.

**NOTE: S.M. 2002, c. 14 was proclaimed in force January 1, 2003.**

The Laws of Manitoba Web site contains additional conditions to the CanLII Conditions of Use. These conditions are stated on the Copyright page of this site.

Scope of Databases | RSS Feeds | Terms of Use | Privacy | Help | Contact Us | About

by **LexUM** for the Federation of Law Societies of Canada

# TAB 7

**This is not the official version.**

Copyright © 2006: Queen's Printer,
St. John's, Newfoundland and Labrador, Canada

**Important Information**
(Includes disclaimer and copyright information and details about the availability of printed and
electronic versions of the Statutes.)

**Table of Public Statutes**          **Main Site**          **How current is this statute?**

_____

                                                           **Responsible Department**

_____

SNL1995 CHAPTER L-16.1

## LIMITATIONS ACT

Amended:

1996 cJ-1.1 s196; 1997 c13 s36; 1998 c22 s37; 1999 c22 s16; 2001 c43; 2004 cL-3.1 s45

# CHAPTER L-16.1

## AN ACT TO REVISE THE LAW RESPECTING LIMITATIONS

*(Assented to December 21, 1995)*

*Analysis*

1.  Short title

2.  Definitions

3.  Equitable rights preserved

4.  Act applies to Crown

PART I
LIMITATION PERIODS

5.  Limitation period 2 years

6.  Limitation period 6 years

7.  Limitation period 10 years

8.  No limitation period

9.  Idem 6 years

10.  No greater benefit

PART II
APPLICATION OF LIMITATION

11.  Counterclaim

12.  Trusts

13.  Time for cause of action

14.  Postponement of running of time

15.  Person under disability

16.  Confirmation

17.  Extinguishment of rights

18.  Enforcement process

PART III
  RECOVERY OF LAND

19.  Computation of time re recovery of land

20.  Possession by one of several tenants

21.  Tenancy

PART IV
  GENERAL

22.  Ultimate limitation

23.  Conflict of laws

23.1  Labrador Inuit rights

24.  Application of Act

PART V
  GUARANTEES AND SURETIES

25.  Confirmation of promises made by minors

26.  Consideration of guarantee

27.  Rights of surety

PART VI
  CONSEQUENTIAL AMENDMENTS AND COMMENCEMENT

28.  RSN 1990 cF-6 Amdt.

29.  RSN 1990 cH-16 Amdt.

30.  Repeal

31.  Commencement

*Be it enacted by the Lieutenant-Governor and House of Assembly in Legislative Session convened, as follows:*

**Short title**

**1.** This Act may be cited as the *Limitations Act* .

<div align="right">1995 cL-16.1 s1</div>

Back to Top

**Definitions**

**2.** In this Act

(a) "action" includes a proceeding in a court and an exercise of a self-help remedy;

(b) "collateral" means real or personal property that is subject to an interest that secures payment or performance of an obligation;

(c) "Crown" means the Crown in right of the province and in so far as the legislative competency of the Legislature of the province extends, includes the Crown in right of Canada ;

(d) "judgment" means a judgment or order of a court or an award in an arbitration to which the *Arbitration Act* applies;

(e) "limitation period" means the period allowed for bringing an action on a cause of action;

(f) "secured party" means a person who has an interest in collateral that secures payment or performance of an obligation; and

(g) "trust" includes express, implied, resulting or constructive trusts, whether or not the trustee has a beneficial interest in the trust property, and whether or not the trust arises only by reason of a transaction impeached, and includes the duties incident to the office of personal representative, but does not include the duties incident to the interest of a secured party in collateral.

<u>1995 cL-16.1 s2</u>

<u>Back to Top</u>

**Equitable rights preserved**

**3.** Nothing in this Act affects

(a) a rule of equity that denies relief because of acquiescence or undue delay, to a person whose cause of action is not barred by this Act;

(b) a rule of equity that denies relief because of laches to a person who claims equitable relief with respect to a right in law or in equity and whose cause of action is not barred by this Act; or

(c) a proceeding brought under Rule 54 of the Rules of the Supreme Court, 1986.

<u>1995 cL-16.1 s3</u>

<u>Back to Top</u>

**Act applies to Crown**

**4.** This Act applies to actions by or against the Crown.

PART I
**LIMITATION PERIODS**

<u>1995 cL-16.1 s4</u>

<u>Back to Top</u>

**Limitation period 2 years**

**5.** Following the expiration of 2 years after the date on which the right to do so arose, a person shall not bring an action

    (a)  for damages in respect of injury to a person or property, including economic loss arising from the injury whether based on contract, tort or statutory duty;

    (b)  for damages in respect of injury to person or property including economic loss arising from negligent representation and professional negligence whether based on contract, tort or statutory duty;

    (c)  for trespass to property not included in paragraph (a);

    (d)  for defamation other than defamation referred to in section 17 of the *Defamation Act* ;

    (e)  for false imprisonment;

    (f)  for malicious prosecution;

    (g)  for conspiracy to commit a wrong referred to in paragraphs (a) to (e);

    (h)  which is a civil action, to recover a fine or other penalty and to recover a fine or penalty imposed by a court or law;

    (i)  under the *Fatal Accidents Act* ; or

    (j)  under the *Privacy Act* .

<div align="right">1995 cL-16.1 s5</div>

<ins>Back to Top</ins>

**Limitation period 6 years**

**6.** (1) Following the expiration of 6 years after the date on which the right to do so arose, a person shall not bring an action

    (a)  for damages for conversion or detention of goods;

    (b)  to recover goods wrongfully taken or retained;

    (c)  for a tort committed against that person which does not come under paragraph 5(a);

    (d)  to enforce an instrument under seal;

    (e)  to enforce the forfeiture of a recognizance;

    (f)  to enforce an obligation arising from a statute;

    (g)  to enforce a foreign judgment;

    (h)  to recover a debt;

    (i)  by a creditor not in possession of collateral to realize on the collateral; and

    (j)  by a debtor not in possession of collateral to redeem the collateral.

(2) In subsection (1), "debtor" means a person who owes payment or other performance of an obligation secured, whether or not he or she owns or has rights in the collateral.

1995 cL-16.1 s6

Back to Top

**Limitation period 10 years**

**7.** (1) Following the expiration of 10 years after the date on which the right to do so arose, a person shall not bring an action or proceeding

    (a) to enforce a judgment of a court in the province for the payment of money or the recovery of personal property;

    (b) against the personal representative of a deceased person for a share of the estate;

    (c) against a trustee in respect of a fraud or fraudulent breach of trust to which the trustee was party or privy;

    (d) against a trustee for the conversion of trust property to the trustee's own use;

    (e) to recover trust property or property into which trust property can be traced;

    (f) to recover money on account of a wrongful distribution of trust property against the person to whom the property is distributed, or a successor; or

    (g) to recover land.

(2) Notwithstanding section 4, paragraph (1)(g) shall not apply to "Crown lands" as defined in the *Lands Act* .

1995 cL-16.1 s7; 1996 cJ-1.1 s196

Back to Top

**No limitation period**

**8.** (1) Notwithstanding section 22, a person is not governed by a limitation period and may bring an action

    (a) relating to the enforcement of an injunction or a restraining order;

    (b) for a declaration as to the title to property by a person in possession of that property;

    (c) as a mortgagor to redeem real or personal property in his or her possession;

    (d) as a mortgagee to foreclose or exercise a power of sale with respect to real or personal property in his or her possession;

    (e) for a declaration as to personal status; or

    (f) to enforce an easement, restrictive covenant, profit-a-prendre or other incorporeal hereditament except an action for damages for interference with or a breach of that easement, restrictive covenant, profit-a-prendre or incorporeal hereditament.

(2) Notwithstanding sections 5, 6, 7, 9 and 22, where misconduct of a sexual nature has

been committed against a person and that person was

    (a) under the care or authority of;

    (b) financially, emotionally, physically or otherwise dependant upon; or

    (c) a beneficiary of a fiduciary relationship with

another person, organization or agency, there shall be no limitation period and an action arising from that sexual misconduct may be brought at any time.

    (3) Notwithstanding section 24, subsection (2) shall apply regardless of when the cause of action arose.

    (4) Notwithstanding paragraph 5(h), paragraph 6(1)(f) or section 22, the Crown is not governed by a limitation period and may bring an action at any time

    (a) to recover a fine or other penalty and to recover a fine or penalty imposed by a court or law; or

    (b) to enforce an obligation arising from a statute.

<div align="right">1995 cL-16.1 s8; 2001 c43 s1</div>

Back to Top

### Idem 6 years

    **9.** An action for which a provision as to limitation is not made in sections 5 to 8 or in another Act shall not be brought after the expiration of 6 years after the date on which the cause of action arose.

<div align="right">1995 cL-16.1 s9</div>

Back to Top

### No greater benefit

    **10.** A person, as against whom there would be a good defence by virtue of this Act shall not derive a greater or other benefit from a judgment or order obtained by another person than he or she could have obtained if he or she had brought the action or other proceeding himself or herself and this Act had been pleaded.

<div align="right">1995 cL-16.1 s10</div>

<div align="center">

PART II
APPLICATION OF LIMITATION

</div>

Back to Top

### Counterclaim

    **11.** (1) Notwithstanding section 17, where an action to which this or another Act applies has been commenced, the lapse of time limited for bringing an action is no bar to

    (a) a counterclaim;

    (b) a third party claim;

(c) a claim by way of set-off; or

(d) the addition of a new party under the Rules of the Supreme Court, 1986

respecting a claim relating to or connected with the subject matter of the original action.

(2) Subsection (1) does not operate so as to interfere with a judicial discretion to refuse relief on grounds unrelated to the lapse of time for bringing an action.

(3) Where an application for an amendment to an action to which this or another Act applies is made after the expiration of the limitation period for that action, the court may allow that amendment

(a) to change the pleading or originating process; or

(b) to substitute or change the plaintiff or defendant,

provided that

(c) that amendment involves a non-prejudicial error and that it arises out of the facts set out in the original pleadings.

(4) The court may allow an amendment under subsection (3) on terms as to costs that the court considers just, notwithstanding that between the issuance of the originating documents and the application for amendment, a new cause of action disclosed by the amendment would have been barred by a lapse of time.

<div align="center">1995 cL-16.1 s11; 1999 c22 s16</div>

Back to Top

**Trusts**

**12.** (1) In an action by a beneficiary of trust property with respect to his or her future interest in that property the cause of action shall not arise until that interest becomes a present interest.

(2) In an action by a beneficiary of trust property with respect to his or her interest in that property the cause of action shall not arise until that beneficiary is fully aware of the cause of action where

(a) the action is based on a fraud or fraudulent breach of trust to which the trustee was a party or privy; or

(b) the action is to recover from the trustee, trust property or proceeds from that property, in the possession of the trustee or previously received by the trustee and converted to his or her own use.

(3) Where an action is commenced by a beneficiary under subsection (2), the burden of proving that no cause of action exists rests with the trustee.

(4) Where a cause of action arises for the conversion or detention of goods, a further or continuing conversion or detention of goods does not give rise to a new cause of action for the purposes of this Act.

(5) Notwithstanding paragraph 12(2)(b), an action shall not prejudice or detrimentally affect a purchaser who purchases, for value, in good faith, property which is the subject of that action.

<div align="center">1995 cL-16.1 s12</div>

Back to Top

**Time for cause of action**

**13.** (1) Except as otherwise provided in this Act, the common law rules respecting the time at which a cause of action arises continue to apply.

(2) Where in an action for damages

(a) the claim is for the breach of a duty of care founded in contract, tort or statutory duty; and

(b) the damages claimed are in respect of personal injury or property damage including

(i) economic loss,

(ii) negligent misrepresentation, or

(iii) professional negligence

that cause of action is considered to arise and the limitation period commences to run on the date on which damage first occurs.

<u>1995 cL-16.1 s13</u>

Back to Top

**Postponement of running of time**

**14.** (1) Notwithstanding section 13, in an action

(a) for personal injury;

(b) property damage;

(c) professional negligence;

(d) for relief from the consequences of a mistake;

(e) under the *Fatal Accidents Act* ; and

(f) for a non-fraudulent breach of trust,

the limitation period fixed by this Act does not begin to run against a person until he or she knows or, considering all circumstances of the matter, ought to know that he or she has a cause of action.

(2) The burden of proving that the running of the limitation period has been postponed or suspended under this section is on the person claiming the benefit of that postponement or suspension.

(3) Notwithstanding subsection (1), an action included in subsection (1) shall not be taken by a person after the expiration of 10 years from the later of the date of

(a) the act or omission on which that action is based; or

(b) the last of a series of acts or omissions or the termination of a course of conduct where that action is based upon a series of acts or omissions or a continuing course of conduct.

<u>1995 cL-16.1 s14</u>

Back to Top

**Person under disability**

**15.** (1) Notwithstanding section 13 and subsection 14(3), where, at the time the right to bring an action arises, a person is under a disability, the running of time with respect to a limitation period under this Act is postponed so long as that person is under a disability.

(2) Where the running of time against a person with respect to a cause of action has been postponed under subsection (1) and that person ceases to be under a disability, that action shall be started before the date of expiration of the limitation for that action commencing from the date the disability ceases.

(3) Where a person with a disability has a right to bring an action and that right accrued before the disability, the right to bring an action is suspended until that person ceases to be under the disability.

(4) An action may be brought under subsection (3) before the later of

(a) the date of the expiration of the limitation period for the action as it would have applied had the person not been under a disability; or

(b) one year after the disability has ceased.

(5) A person is under a disability while that person is

(a) less than 19 years of age; or

(b) incapable of the management of his or her affairs because of disease or impairment of his or her physical or mental condition; or

(c) for the purpose of an action for misconduct of a sexual nature not under subsection 8(2), incapable of commencing that action by reason of his or her mental or physical condition resulting from that sexual misconduct.

<u>1995 cL-16.1 s15; 1999 c22 s16</u>

Back to Top

**Confirmation**

**16.** (1) A confirmation of a cause of action occurs where a person

(a) acknowledges that cause of action, right or title of another person; or

(b) makes a payment in respect of that cause of action, right or title of another.

(2) Where a person against whom an action lies confirms that cause of action, the time before the date of that confirmation shall not count when determining the limitation period for a person having the benefit of the confirmation against the person bound by that confirmation.

(3) Subsection (2) applies only to a right of action where the confirmation is given before the expiration of the limitation period for that right of action.

(4) Confirmation by way of an acknowledgement of a cause of action for recovery of a liquidated sum need not include a promise to pay.

(5) In order to be effective a confirmation must be in writing and signed by

(a) the person against whom that cause of action lies; or

(b) his or her agent

and given to the person or agent of the person having the benefit of that cause of action.

(6) Where a number of persons are liable by reason of the same event, a confirmation given by one of those persons is effective against that one person only.

(7) A confirmation of a cause of action for the recovery of interest operates also as an acknowledgement of a cause of action for the principal sum and for interest later falling due on that principal sum.

(8) A person has the benefit of a confirmation only if the confirmation is made to that person or to a person through whom he or she proclaims or if made in the course of proceedings or a transaction purporting to be under the *Bankruptcy Act* ( Canada ).

(9) An acknowledgement of a judgment or debt has effect whether or not

(a) a promise to pay can be implied from it; and

(b) it is accompanied by a refusal to pay.

(10) A confirmation of a cause of action to recover income that is due operates also as a confirmation of a cause of action to recover income that is due at a later time on the same amount.

(11) Payment

(a) in part by a mortgagee in possession shall be considered to be a confirmation of the title of the mortgagor; and

(b) to a mortgagee of principal or interest secured by a mortgage shall operate as a confirmation of his or her right to foreclose or exercise a power of sale under the mortgage.

(12) Where a secured party is in possession of collateral

(a) his or her acceptance of a payment of principal secured by the collateral; or

(b) his or her acceptance of

(i) payment in respect of his or her right to realize on the collateral, or

(ii) another performance by the other person of the obligation secured,

is a confirmation by him or her of the payer's cause of action to redeem the collateral.

<div align="right">1995 cL-16.1 s16</div>

Back to Top

**Extinguishment of rights**

**17.** (1) A cause of action and the right or title on which it is based are extinguished upon the expiration of the limitation period for that cause of action.

(2) Where under another Act, an order extending a limitation period is made after the limitation period has expired, that order revives the cause of action and the right or title on which it is based.

<div align="right">1995 cL-16.1 s17</div>

Back to Top

**Enforcement process**

18. (1) On the expiration of the limitation period for the enforcement of a judgment, the judgment creditor or his or her successor shall not

(a) commence a further action to obtain a judgment based upon that earlier judgment; or

(b) start a proceeding to enforce a judgment based upon that earlier judgment.

(2) [Rep. by 1997 c13 s36]

(3) A cause of action to recover costs on a judgment or to recover arrears of interest on principal money is extinguished by the expiration of the limitation period for an action between the same parties on the judgment or to recover the principal money.

<div align="center">1995 cL-16.1 s18; 1996 cJ-1.1 s196; 1997 c13 s36; 1998 c22 s37</div>

<div align="center">

**PART III**
**RECOVERY OF LAND**

</div>

Back to Top

**Computation of time re recovery of land**

**19.** (1) The right to enter, distrain or bring an action to recover land or rent by a person arises at the time

(a) of dispossession, discontinuance of possession or when that person has last received profit or rent from the land;

(b) of death where that person claims the estate or interest of the deceased person and that deceased person was, at the time of his or her death, the last person entitled to or in possession of that estate or interest;

(c) at which that person becomes entitled to possession or receipt of land or rent by virtue of an instrument other than a will;

(d) the interest in land becomes an estate or interest in possession where that estate or interest is a reversionary, remainder or future interest and no person has taken possession or has received profit from that land; and

(e) forfeiture occurs or the condition has been broken where entitlement is by reason of that forfeiture or breach of condition.

(2) Notwithstanding subsection (1), where a right to enter, distrain upon or bring an action to recover land or rent arises by virtue of

(a) a forfeiture or breach of condition of a reversionary or remainder interest and that right is not exercised, the right to enter, distrain upon or recover that land shall be considered to have accrued when the land becomes an estate or interest in possession as if no forfeiture

or breach of condition had occurred; and

    (b) a reversionary estate or interest having become an interest in possession, that right to enter, distrain upon or recover land first arises on the determination of the estate or interest notwithstanding that the person claiming the land is, before that determination, in possession or receipt of profit or rent from that land.

    (3) Where an administrator has been appointed and that administrator claims the estate or interest of the deceased person, time shall run from the date of death of the deceased person.

<div align="right">1995 cL-16.1 s19</div>

Back to Top

### Possession by one of several tenants

    **20.** Where one or more persons entitled to land as joint tenants or tenants in common are in possession of more than his or her or their share of that land, that possession shall not be considered to be possession of another of the joint tenants or tenants in common who are not in possession or receiving profit from that land.

<div align="right">1995 cL-16.1 s20</div>

Back to Top

### Tenancy

    **21.** (1) Where a person is in possession of land as a tenant at will, the right of the true owner of the land to enter, distrain upon or bring an action to recover the land or rent arises

    (a) at the termination of the tenancy; or

    (b) one year after the commencement of the tenancy.

    (2) A mortgagor or beneficiary shall not be considered to be a tenant at will to his or her mortgagee or trustee.

    (3) Where a person is in possession of land as a year to year tenant without a lease, the right of the true owner of that land to enter, distrain upon or bring an action to recover that land, profit or rent from that land arises

    (a) at the determination of that first one year or other period; or

    (b) at the last time when rent was received with respect to that tenancy,

whichever occurs last.

    (4) Where a person in possession of land is entitled to profit or rent of more than $1 annually from that land

    (a) under a written lease; and

    (b) that rent is received by a person wrongfully claiming the rent or profit by reason of a reversionary interest in that land which accrues on the determination of that lease,

the right of the person entitled to profit or rent to bring an action to recover, to enter or distrain upon the land after the determination of the lease arises when the profit or rent is first received by the person who wrongfully claims that profit or rent.

1995 cL-16.1 s21

PART IV
GENERAL

Back to Top

### Ultimate limitation

**22.** Notwithstanding a confirmation made under section 16 or a postponement or suspension of the running of time under sections 13, 14 and 15, no action to which this Act applies shall be brought after the expiration of 30 years from the date on which the event which gave rise to the cause of action last occurred.

1995 cL-16.1 s22

Back to Top

### Conflict of laws

**23.** This Act applies to actions in the province to the exclusion of laws of all other jurisdictions which

    (a)  impose limitation periods for bringing actions; or

    (b)  in another manner prohibit or restrict the bringing of an action because of a lapse of time or a delay.

1995 cL-16.1 s23

Back to Top

### Labrador Inuit rights

**23.1** Notwithstanding section 23, this Act shall be read and applied in conjunction with the *Labrador Inuit Land Claims Agreement Act* and, where a provision of this Act is inconsistent or conflicts with a provision, term or condition of the *Labrador Inuit Land Claims Agreement Act* , the provision, term or condition of the *Labrador Inuit Land Claims Agreement Act* shall have precedence over the provision of this Act.

2004 cL-3.1 s45

Back to Top

### Application of Act

**24.** (1) This Act applies to causes of action that arose before this Act comes into force as well as to causes of action that arise after this Act comes into force.

    (2) Nothing in this Act revives a cause of action in respect of which the limitation period has expired before this Act comes into force.

    (3) Where

    (a)  a cause of action that arose before this Act comes into force was not governed by a limitation period or the limitation period fixed by this Act is shorter than the limitation period that formerly governed it; and