(b) the limitation period fixed by this Act would have expired before this Act comes into force or less than 2 years after this Act comes into force,

the limitation period for the cause of action is the shorter of

   (c) the limitation period, if any, that formerly governed it; or

   (d) 2 years from the date of which this Act comes into force.

   (4) Section 16 applies to an acknowledgment or confirmation made before this Act comes into force.

1995 cL-16.1 s24

**PART V**
**GUARANTEES AND SURETIES**

Back to Top

### Confirmation of promises made by minors

   **25.** An action shall not be maintained for the purpose of charging a person with respect to a promise made after reaching the age of 16 years to

   (a) pay a debt; or

   (b) ratify a promise or a simple contract,

which he or she contracted or made while still under the age of 16 years, unless the promise or ratification is written and signed by that person.

1995 cL-16.1 s25

Back to Top

### Consideration of guarantee

   **26.** A guarantee shall be in writing and signed by the party to be charged or by his or her attorney and shall not be considered invalid because the consideration for that guarantee is not written or is not inferred from a written document.

1995 cL-16.1 s26

Back to Top

### Rights of surety

   **27.** (1) A person who is surety for a debt or duty of another or is liable with another for a debt and who pays that debt or performs that duty, is entitled to have assigned to him or her or to his or her trustee, a judgement or other security which is held by the creditor respecting the debt or duty, whether the judgement or other security is or is not considered at law, to have been satisfied by the payment of the debt on performance of the duty.

   (2) The person referred to in subsection (1) is entitled to

   (a) stand in the place of the creditor;

(b)  use all remedies; and

(c)  upon a proper indemnity, use the name of the creditor

in an action or other proceeding at law or in equity, in order to obtain from the principal debtor or co-surety, co-contractor or co-debtor, indemnification for the advances made and loss sustained by the person who paid the debt or performed the duty.

(3)  The payment or performances made by the surety are not pleadable as a bar to the action or other proceedings by him or her.

(4)  A co-surety, co-contractor or co-debtor is not entitled to recover from another co-surety, co-contractor or co-debtor, by the means stated in this section, more than the just proportion to which, each is justly liable.

1995 cL-16.1 s27

**PART VI**
**CONSEQUENTIAL AMENDMENTS AND COMMENCEMENT**

Back to Top

**RSN 1990 cF-6 Amdt.**

**28. Subsection 6(4) of the *Fatal Accidents Act* is repealed and the following substituted:**

(4)  One action only may be taken for and in respect of the same subject matter of complaint.

1995 cL-16.1 s28

Back to Top

**RSN 1990 cH-16 Amdt.**

**29. Subsection 44(4) and section 47 of the *Hydro Corporation Act* are repealed.**

1995 cL-16.1 s29

Back to Top

**Repeal**

**30. (1) The *Limitation of Personal Actions Act* is repealed.**

**(2) The *Limitation of Realty Actions Act* is repealed.**

**(3) The following special limitation provisions are repealed:**

**(a) section 27 of the *Agrologists Act* ;**

**(b) section 50 of the *City of Corner Brook Act* ;**

**(c) section 50 of the *City of Mount Pearl Act* ;**

**(d) sections 314 and 315 of the *City of St. John's Act* ;**

(e)  section 31 of the *Dental Act* ;

(f)  section 18 of the *Denturists Act* ;

(g)  section 17 of the *Hearing Aid Dealers Act* ;

(h)  subsections 198(1), (2), (3) and (4) of the *Highway Traffic Act* ;

(i)  section 36 of the *Hospitals Act* ;

(j)  section 94 of the *Law Society Act* ;

(k)  section 38 of the *Life Insurance Act* ;

(l)  section 25 of the *Medical Act* ;

(m)  section 443 of the *Municipalities Act* ;

(n)  section 39 of the *Optometry Act* ;

(o)  section 10 of the *Privacy Act* ;

(p)  section 21 of the *Proceedings Against the Crown Act* ; and

(q)  section 30 of the *Trustee Act* .

1995 cL-16.1 s30

Back to Top

**Commencement**

**31. This Act shall come into force on a day to be proclaimed by the Lieutenant-Governor in Council.  (In force - Apr. 1/96)**

1995 cL-16.1 s31

©Earl G. Tucker, Queen's Printer

# TAB 8

 Canadian Legal Information Institute
Home > Newfoundland and Labrador > Statutes and
Regulations > S.N.L. 2001, c. C-18.1 > Complete text          Français | English

# Class Actions Act, S.N.L. 2001, c. C-18.1

Citation:   Class Actions Act, S.N.L. 2001, c. C-18.1
URL:        http://www.canlii.org/nl/laws/sta/c-18.1/20070117/whole.html
Version downloaded by CanLII on 2007-01-17

Warning: This document predates the last update of the collection. It might have been modified or
omitted since this last update.

### This is not the official version.

Copyright © 2006: Queen's Printer,
St. John's, Newfoundland and Labrador, Canada

Statutes consolidated to December 11, 2006

SNL2001 CHAPTER C-18.1

**CLASS ACTIONS ACT**

Amended:

2004 c47 s10

# CHAPTER C-18.1

## AN ACT TO PERMIT AN ACTION BY ONE PERSON ON BEHALF OF A CLASS OF PERSONS

*(Assented to December 13, 2001 )*

*Analysis*

1.  Short title

2.  Defined terms
        PART I
        CERTIFICATION

3.  Plaintiff can apply to certify class action

4.   Defendant can apply to certify class action

5.   When court shall certify class action

6.   Certification application

7.   Subclass certification

8.   Certain matters not bar to certification

9.   Contents of certification order

10.  Refusal to certify

11.  Decertification or amendment where conditions no longer satisfied

PART II
CONDUCT OF CLASS ACTIONS

12.  Determination of issues

13.  Court may determine conduct of action

14.  Court may stay other action

15.  Applications

16.  Participation of class members

17.  Opting out and opting in

18.  Discovery

19.  Notice of certification

20.  Notice of determination of common issues

21.  Additional notice may be ordered

22.  Court approval of notice

23.  Notice given by other party

24.  Costs of notice

PART III
ORDERS, AWARDS AND RELATED PROCEDURES

25.  Contents of order on common issues

26.  Binding judgment on common issues

27.  Determination of common issues

28.  Individual assessment of liability

29.  Aggregate awards of monetary relief

30.  Use of statistical evidence

31.  Sharing aggregate awards

32.  Individual share of aggregate award

33.  Distribution

34.  Undistributed award

35.  Settlement, discontinuance, abandonment and dismissal

36.  Appeals

PART IV
COSTS, FEES AND DISBURSEMENTS

37.  Costs

38.  Agreement respecting fees and disbursements

PART V
GENERAL

39.  Limitation periods

40.  Rules of Court

41.  Application of Act

42.  Crown bound

43.  Commencement

*Be it enacted by the Lieutenant-Governor and House of Assembly in Legislative Session convened, as follows:*

**Short title**

**1.** This Act may be cited as the *Class Actions Act* .

2001 cC-18.1 s1

Back to Top

**Defined terms**

**2.** In this Act

(a)  "class action" means an action certified as a class action under Part I;

(b)  "common issues" means

(i)  common but not necessarily identical issues of fact, or

(ii)  common but not necessarily identical issues of law that arise from common but not necessarily identical facts;

(c)  "court" means the Trial Division;

(d)  "defendant" includes a respondent; and

(e)  "party" means a representative plaintiff, a defendant and a person that the court adds as a party but does not include, unless the court otherwise orders, a member of a class or subclass.

2001 cC-18.1 s2; 2004 c47 s10

**PART I
CERTIFICATION**

Back to Top

**Plaintiff can apply to certify class action**

**3.** (1) One member of a class of persons who reside in the province may commence an action in the court on behalf of the members of that class.

(2) The member who commences the action shall apply to a judge of the court within the time period in subsection (3) for an order certifying the action as a class action and appointing the member as the representative

plaintiff.

(3) An application under subsection (2) shall be made

(a) within 90 days after

(i) the day on which the defence was served, and

(ii) the day on which the time set in the *Rules of the Supreme Court, 1986* for filing the defence expires, if a defence is not served,

whichever is later; or

(b) with leave from a judge of the court.

(4) A judge of the court may certify a person who is not a member of the class as the representative plaintiff if it is necessary to avoid a substantial injustice to the class.

2001 cC-18.1 s3

Back to Top

**Defendant can apply to certify class action**

**4.** A person who is named as a defendant in more than one action in the court may apply to a judge of the court for an order certifying the actions as a class action and appointing a person to be the representative plaintiff.

2001 cC-18.1 s4

Back to Top

**When court shall certify class action**

**5.** (1) On an application made under section 3 or 4 , the court shall certify an action as a class action where

(a) the pleadings disclose a cause of action;

(b) there is an identifiable class of 2 or more persons;

(c) the claims of the class members raise a common issue, whether or not the common issue is the dominant issue;

(d) a class action is the preferable procedure to resolve the common issues of the class; and

(e) there is a person who

(i) is able to fairly and adequately represent the interests of the class,

(ii) has produced a plan for the action that sets out a workable method of advancing the action on behalf of the class and of notifying class members of the action, and

(iii) does not have, on the common issues, an interest that is in conflict with the interests of the other class members.

(2) In determining whether a class action would be the preferable procedure for the fair and efficient resolution of the common issues, the court may consider all relevant matters including whether

(a) questions of fact or law common to the members of the class predominate over questions affecting only

individual members;

    (b)  a significant number of the members of the class have a valid interest in individually controlling the prosecution of separate actions;

    (c)  the class action would involve claims that are or have been the subject of another action;

    (d)  other means of resolving the claims are less practical or less efficient; and

    (e)  the administration of the class action would create greater difficulties than those likely to be experienced if relief were sought by other means.

2001 cC-18.1 s5

Back to Top

### Certification application

    **6.** (1) The court may adjourn an application for certification to permit the parties to amend their materials or pleadings or to permit further evidence to be introduced.

    (2)  An order certifying an action as a class action is not a determination of the merits of the action.

2001 cC-18.1 s6

Back to Top

### Subclass certification

    **7.** (1) Notwithstanding section 5 , where a class includes a subclass whose members have claims that raise common issues not shared by all the class members so that, in the opinion of the court, the protection of the interests of the subclass members requires that they be separately represented, the court may, in addition to the representative plaintiff for the class, appoint a person to be the representative plaintiff for each subclass who

    (a)  is able to fairly and adequately represent the interests of the subclass;

    (b)  has produced a plan for the action that sets out a workable method of advancing the action on behalf of the subclass and of notifying subclass members of the action; and

    (c)  does not have, on the common issues for the subclass, an interest that is in conflict with the interests of the other subclass members.

    (2)  A class that is made up of persons resident in the province and persons not resident in the province shall be divided into resident and non-resident subclasses.

2001 cC-18.1 s7

Back to Top

### Certain matters not bar to certification

    **8.** The court shall not refuse to certify an action as a class action solely for one or more of the following grounds:

    (a)  the relief claimed includes a claim for damages that would require individual assessment after determination of the common issues;

    (b)  the relief claimed relates to separate contracts involving different class members;

(c) different remedies are sought for different class members;

(d) the number of class members or the identity of each class member is not determined or may not be determined; or

(e) the class includes a subclass whose members have claims that raise common issues not shared by all class members.

2001 cC-18.1 s8

Back to Top

**Contents of certification order**

9. (1) A certification order shall

(a) describe the class in respect of which the order was made by setting out the class's identifying characteristics;

(b) appoint the representative plaintiff for the class;

(c) state the nature of the claims asserted on behalf of the class;

(d) state the relief sought by the class;

(e) set out the common issues for the class;

(f) state the manner in which and the time within which a class member may opt out of the action;

(g) state the manner in which, and the time within which, a person who is not a resident of the province may opt into the action; and

(h) include other provisions that the court considers appropriate.

(2) Where a class includes a subclass whose members have claims or defences that raise common issues not shared by all the class members, so that, in the opinion of the court, the protection of the interests of the subclass members requires that they may be separately represented, the certification order shall include the same information in relation to the subclass that is required under subsection (1) in relation to the class.

(3) The court may amend a certification order on the application of a party or class member or on its own motion.

2001 cC-18.1 s9

Back to Top

**Refusal to certify**

10. Where the court refuses to certify an action as a class action, the court may permit the action to continue as one or more non-class actions and, for that purpose, the court may

(a) order the addition, deletion or substitution of parties;

(b) order the amendment of the pleadings; and

(c) make another order that it considers appropriate.

2001 cC-18.1 s10

Back to Top

**Decertification or amendment where conditions no longer satisfied**

    **11.** (1) The court may amend a certification order, decertify an action or make another order it considers appropriate where it appears to the court that the conditions in section 5 or subsection 7 (1) are not satisfied with respect to a class action.

    (2) Where the court makes an order decertifying an action under subsection (1), the court may permit the action to continue as one or more non-class actions and may make an order referred to in section 10 in relation to those actions.

2001 cC-18.1 s11

**PART II**
**CONDUCT OF CLASS ACTIONS**

Back to Top

**Determination of issues**

    **12.** (1) In a class action,

        (a)  common issues for a class shall be determined together;

        (b)  common issues for a subclass shall be determined together; and

        (c)  individual issues that require the participation of individual class members shall be determined individually in accordance with sections 27 and 28 .

    (2) The court may give a common judgment respecting the common issues and separate judgments respecting another issue.

2001 cC-18.1 s12

Back to Top

**Court may determine conduct of action**

    **13.** Notwithstanding section 12 , the court may make an order it considers appropriate respecting the conduct of a class action to ensure a fair and expeditious determination and, for that purpose, may impose on one or more of the parties the terms it considers appropriate.

2001 cC-18.1 s13

Back to Top

**Court may stay other action**

    **14.** The court may stay an action related to the class action on terms the court considers appropriate.

2001 cC-18.1 s14

Back to Top

**Applications**

15. (1) The judge who makes a certification order shall hear all applications in the class action before the trial of the common issues.

(2) Where the judge who makes a certification order is unavailable to hear an application in the class action, the chief justice of the court may assign another judge of the court to hear the application.

(3) A judge who makes a certification order or hears applications respecting a class action may preside at the trial of the common issues.

2001 cC-18.1 s15

Back to Top

**Participation of class members**

16. In order to ensure the fair and adequate representation of the interests of the class or a subclass or for another appropriate reason, the court may permit one or more class members to participate in the class action on terms that the court considers appropriate.

2001 cC-18.1 s16

Back to Top

**Opting out and opting in**

17. (1) A member of a class involved in a class action may opt out of the action in the manner and within the time specified in the certification order.

(2) A person who is not a resident of the province may opt in to a class action in the manner and within the time specified in the certification order where that person, if they were resident in the province, would be a member of the class involved in the action.

(3) A person who opts in to a class action under subsection (2) is from that time a member of the class for the purpose of this Act.

(4) A person shall not opt in to a class action under subsection (2) unless the subclass of which the person is to become a member has or shall have, at the time the person becomes a member, a representative plaintiff who satisfies the requirements of paragraphs 7 (1)(a), (b) and (c).

(5) Where a subclass is created as a result of persons opting in to a class action under subsection (2), the representative plaintiff for that subclass shall ensure that the certification order for the class action is amended, if necessary, to comply with subsection 9 (2).

2001 cC-18.1 s17

Back to Top

**Discovery**

18. (1) A party to a class action has the same rights of discovery as they would have in another action in the court.

(2) After the examination for discovery of a representative plaintiff, a defendant may, with leave of the court, discover other class members.

(3) In deciding whether to grant a defendant leave to discover other class members, the court may consider

(a) the stage of the class action and the issues to be determined at that stage;

(b) the presence of subclasses;

(c) whether the examination for discovery is necessary in view of the defence of the party seeking leave;

(d) the approximate monetary value of the individual claims, if any;

(e) whether discovery would result in oppression or in undue annoyance, burden or expense for the class members sought to be examined; and

(f) another matter the court considers relevant.

(4) A class member is subject to the same sanctions under the *Rules of the Supreme Court, 1986* as a party for failure to submit to an examination for discovery.

2001 cC-18.1 s18

Back to Top

**Notice of certification**

**19.** (1) Notice that an action has been certified as a class action shall be given by the representative plaintiff to the class members in accordance with this section.

(2) The court may dispense with the notice requirement where, having regard to the factors set out in subsection (3), the court considers it appropriate to do so.

(3) The court shall make an order setting out when and by what means notice shall be given under this section and in so doing may consider

(a) the cost of giving notice;

(b) the nature of the relief sought;

(c) the approximate monetary value of the individual claims of the class members;

(d) the number of class members;

(e) the presence of subclasses;

(f) the places of residence of class members; and

(g) another matter that the court considers relevant.

(4) The court may order that notice be given by

(a) personal delivery;

(b) mail;

(c) posting, advertising, or publishing;

(d) individually notifying a sample group within the class; or

(e) other means or combination of means that the court considers appropriate.

(5) The court may order that notice be given to different class members by different means.

(6) Unless the court orders otherwise, a notice given under this section shall

(a) describe the action, including the names and addresses of the representative plaintiffs and the relief sought;

(b) state the manner in which and the time within which a class member may opt out of the action;

(c) state the manner in which and the time within which a person who is not a resident of the province may opt in to the action;

(d) describe any counterclaim or third party action being asserted in the action including the relief sought;

(e) summarize any agreements respecting fees and disbursements

(i) between the representative plaintiff and the representative plaintiff's solicitors, and

(ii) where the recipient of the notice is a member of a subclass, between the representative plaintiff for that subclass and that representative's solicitors;

(f) describe the possible financial consequences of the action to class members and subclasses;

(g) state that the judgment on the common issues for the class, whether favourable or not, shall bind all class members who do not opt out of the action;

(h) state that the judgment on the common issues for a subclass, whether favourable or not, shall bind all subclass members who do not opt out of the action;

(i) describe the rights, if any, of class members to participate in the action;

(j) give an address to which class members may direct inquiries about the action; and

(k) give other information the court orders.

(7) Unless the court otherwise orders, notice under this section may include a solicitation of contributions from class members to assist in paying solicitor's fees and disbursements or costs incurred by the representative plaintiff.

2001 cC-18.1 s19

Back to Top

**Notice of determination of common issues**

20. (1) Where the court determines common issues for a class or subclass, the class or subclass shall give notice to the members of the class or subclasses under this section.

(2) Subsections 19 (3) to (5) apply to a notice given under this section.

(3) A notice given under this section shall

(a) state that common issues have been determined;

(b) identify the common issues that have been determined and explain the determinations made;

(c) if common issues have been determined in favour of a class or subclass,

    (i)  state that members of the class or subclass may be entitled to individual relief,

    (ii)  describe the steps that shall be taken to establish an individual claim, and

    (iii)  state that failure on the part of a member of the class or subclass to take those steps shall result in the member not being entitled to assert an individual claim except with leave of the court;

(d)  give an address to which members of the class or subclass may direct inquiries about the action; and

(e)  give other information that the court orders.

2001 cC-18.1 s20

Back to Top

**Additional notice may be ordered**

**21.** (1) The court may order a party to a class action to give notice to the persons that the court considers necessary to protect the interests of any class member or party or to ensure the fair conduct of the class action.

(2)  Subsections 19 (3) to (5) apply to notice given under this section.

2001 cC-18.1 s21

Back to Top

**Court approval of notice**

**22.** The court shall approve a notice under this Part before it is given.

2001 cC-18.1 s22

Back to Top

**Notice given by other party**

**23.** The court may order a party to give a notice required to be given by another party under this Act.

2001 cC-18.1 s23

Back to Top

**Costs of notice**

**24.** (1) The court may make an order it considers appropriate respecting the costs of a notice under this Part, including an order apportioning costs among parties.

(2)  In making an order under subsection (1), the court may have regard to the different interests of a subclass.

2001 cC-18.1 s24

**PART III**
**ORDERS, AWARDS AND RELATED PROCEDURES**

Back to Top

**Contents of order on common issues**

**25.** An order made respecting a judgment on common issues of a class or subclass shall

(a)  set out the common issues;

(b)  name or describe the class or subclass members to the extent possible;

(c)  state the nature of the claims asserted on behalf of the class or subclass; and

(d)  specify the relief granted.

2001 cC-18.1 s25

Back to Top

**Binding judgment on common issues**

**26.** (1) A judgment on common issues of a class or subclass binds every member of the class or subclass who has not opted out of the class action, but only to the extent that the judgment determines common issues that

(a)  are set out in the certification order;

(b)  relate to claims described in the certification order; and

(c)  relate to relief sought by the class or subclass as stated in the certification order.

(2)  A judgment on common issues of a class or subclass does not bind a party to the class action in a subsequent action between the party and a person who opted out of the class action.

2001 cC-18.1 s26

Back to Top

**Determination of common issues**

**27.** (1) Where the court determines common issues in favour of a class or subclass and determines that there are issues, other than those that may be determined under section 32 , that are applicable only to certain individual members of the class or subclass, the court may

(a)  determine the individual issues in further hearings presided over by the judge who determined the common issues or by another judge of the court;

(b)  appoint one or more persons including, without limitation, one or more independent experts, to conduct an inquiry into the individual issues under the *Rules of the Supreme Court, 1986* and report to the court; or

(c)  with the consent of the parties, direct that the individual issues be determined in another manner.

(2)  The court may give necessary direction relating to the procedure to be followed in conducting a hearing, inquiry or determination under subsection (1).

(3)  In giving direction under subsection (2), the court shall choose the least expensive and most expeditious method of determining the individual issues that is consistent with justice to members of the class or subclass and the parties and, in making that choice, the court may

(a)  dispense with a procedural step that it considers unnecessary; and

(b) authorize special procedural steps, including steps relating to examinations for discovery, and special rules, including rules relating to admission of evidence and means of proof, that it considers appropriate.

(4) The court shall set a reasonable time within which individual members of the class or subclass may make claims under this section respecting the individual issues.

(5) A member of the class or subclass who fails to make a claim within the time set under subsection (4) may not later make a claim under this section respecting the issues applicable only to that member except with leave of the court.

(6) The court may grant leave under subsection (5) where it is satisfied that

(a) there are grounds for relief;

(b) the delay was not caused by the fault of the person seeking the relief; and

(c) the defendant would not suffer substantial prejudice if leave were granted.

(7) Unless otherwise ordered by the court making a direction under paragraph (1)(c), a determination of issues made in accordance with paragraph (1)(c) is considered to be an order of the court.

2001 cC-18.1 s27

Back to Top

**Individual assessment of liability**

**28.** Where, after determining common issues in favour of a class or subclass, the court determines that the defendant's liability to individual class members cannot reasonably be determined without proof by those individual class members, section 27 applies to the determination of the defendant's liability to those class members.

2001 cC-18.1 s28

Back to Top

**Aggregate awards of monetary relief**

**29.** (1) The court may make an order for an aggregate monetary award respecting all or part of a defendant's liability to class members and may give judgment accordingly if

(a) monetary relief is claimed on behalf of some or all class members;

(b) no questions of fact or law other than those relating to the assessment of monetary relief remain to be determined in order to establish the amount of the defendant's monetary liability; and

(c) all or part of the defendant's liability to some or all class members can reasonably be determined without proof by individual class members.

(2) Before making an order under subsection (1), the court shall provide the defendant with an opportunity to make submissions to the court in respect of a matter touching on the proposed order, including submissions that

(a) contest the merits or amount of an award under that subsection; and

(b) individual proof of monetary relief is required due to the individual nature of the relief.

2001 cC-18.1 s29

Back to Top

**Use of statistical evidence**

**30.** (1) For the purpose of determining issues relating to the amount or distribution of an aggregate monetary award under this Act, the court may admit as evidence statistical information that would not otherwise be admissible as evidence, including information derived from sampling, where the information was compiled in accordance with principles that are generally accepted by experts in the field of statistics.

(2) A record of statistical information purporting to be prepared by or published under the authority of an enactment of the Parliament of Canada or the legislature of a province may be admitted as evidence without proof of its authenticity.

(3) Statistical information shall not be admitted as evidence under this section unless the party seeking to introduce the information

(a) has given to an opposite party a copy of the information at least 60 days before that information is to be used as evidence;

(b) has complied with subsections (4) and (5); and

(c) introduces the evidence by an expert who is available for cross-examination on that evidence.

(4) Notice under this section shall specify the source of statistical information sought to be introduced that was

(a) prepared or published under the authority of an enactment of the Parliament of Canada or the legislature of a province;

(b) derived from market quotations, tabulations, lists, directories or other compilations generally used and relied on by members of the public; or

(c) derived from reference material generally used and relied upon by members of an occupational group.

(5) Notice under this section respecting information that does not come under subsection (4) shall

(a) specify the name and qualifications of each person who supervised the preparation of the statistical information sought to be introduced; and

(b) describe documents prepared or used in the course of preparing the statistical information sought to be introduced.

(6) Unless this section provides otherwise, the law and practice respecting evidence tendered by an expert in an action applies to a class action.

(7) Except with respect to information referred to in subsection (4), an opposite party may require the party seeking to introduce statistical information under this section to produce for inspection a document that was prepared or used in the course of preparing the information, unless the document discloses the identity of persons responding to a survey who have not consented in writing to the disclosure.

2001 cC-18.1 s30

Back to Top

**Sharing aggregate awards**

**31.** (1) Where the court makes an order under section 29 , the court may further order that all or part of the aggregate monetary award be applied so that some or all individual class or subclass members share in the award on an average or proportional basis, where

(a) it would be impractical or inefficient to

    (i) identify the class or subclass members entitled to share in the award, or

    (ii) determine the exact shares that should be allocated to individual class or subclass members; and

(b) failure to make an order under this subsection would deny recovery to a substantial number of class or subclass members.

(2) Where an order is made under subsection (1), a member of the class or subclass in respect of which the order was made may, within the time specified in the order, apply to the court to be excluded from the proposed distribution and to be given the opportunity to prove that member's claim on an individual basis.

(3) In deciding whether to exclude a class or subclass member from an average distribution, the court may consider

(a) the extent to which the class or subclass member's individual claim varies from the average for the class or subclass;

(b) the number of class or subclass members seeking to be excluded from an average distribution; and

(c) whether excluding the class or subclass members referred to in paragraph (b) would unreasonably deplete the amount to be distributed on an average basis.

(4) An amount recovered by a class or subclass member who proves that member's claim on an individual basis shall be deducted from the amount to be distributed on an average basis before the distribution.

2001 cC-18.1 s31

Back to Top

**Individual share of aggregate award**

**32.** (1) When the court orders that all or part of an aggregate monetary award under subsection 29 (1) be divided among individual class or subclass members on an individual basis, the court shall determine whether individual claims need to be made to give effect to the order.

(2) If the court determines under subsection (1) that individual claims need to be made, the court shall specify a procedure to determine the claims.

(3) In specifying a procedure under subsection (2), the court shall

(a) minimize the burden on class or subclass members by authorizing, where appropriate,

    (i) the use of standard proof of claim forms,

    (ii) the submission of affidavit or other documentary evidence, and

    (iii) the auditing of claims on a sampling or other basis; and

(b) set a reasonable time within which individual class or subclass members may make claims under this section.

(4) Class or subclass members who fails to make a claim within the time set under paragraph (3)(b) may not later make a claim under this section except with leave of the court.

(5) Subsection 27 (6) applies to a decision whether to grant leave under subsection (4) of this section.

(6) The court may amend a judgment given under subsection 29 (1) to give effect to a claim made with leave under subsection (4) of this section where the court considers it appropriate.

2001 cC-18.1 s32

Back to Top

**Distribution**

**33.** (1) The court may direct the distribution of amounts awarded under this Part in a manner it considers appropriate.

(2) In giving directions under subsection (1), the court may order that

(a) the defendant distribute directly to the class or subclass members the amount of monetary relief to which each class or subclass member is entitled in a manner authorized by the court, including abatement and credit;

(b) the defendant pay into court or some other appropriate depository the total amount of the defendant's liability to the class or subclass members until further order of the court; or

(c) a person other than the defendant distribute directly to each of the class or subclass members, in a manner authorized by the court, the amount of monetary relief to which each class or subclass member is entitled.

(3) In deciding whether to make an order under paragraph (2)(a), the court may consider

(a) whether distribution by the defendant is the most practical way of distributing the award; and

(b) whether the amount of monetary relief to which each class or subclass member is entitled can be determined from the records of the defendant.

(4) The court may stay the whole or part of an execution or distribution for a reasonable period on terms it considers appropriate.

(5) The court may order that an award made under this Part be paid

(a) in a lump sum, as soon as practicable or within a time set by the court; or

(b) in instalments, on terms the court considers appropriate.

(6) The court may

(a) order that the costs of distributing an award under this Part, including the costs of notice respecting the distribution and the fees payable to a person administering the distribution be paid out of the proceeds of the judgment; and

(b) make an order it considers appropriate.

2001 cC-18.1 s33

Back to Top

**Undistributed award**

**34.** (1) The court may order that all or part of an award under this Part that has not been distributed within a time set by the court be applied in a manner that may be reasonably expected to benefit class or subclass members, even

though the order does not provide for monetary relief to individual class or subclass members.

    (2) In deciding whether to make an order under subsection (1), the court may consider

    (a) whether the distribution would result in unreasonable benefits to persons who are not class or subclass members; and

    (b) a matter the court considers relevant.

    (3) The court may make an order under subsection (1) whether or not all the class or subclass members can be identified or all their shares can be exactly determined.

    (4) The court may make an order under subsection (1) even if the order would benefit

    (a) persons who are not class or subclass members; or

    (b) persons who may otherwise receive monetary relief as a result of the class action.

    (5) Where a part of an award that is to be divided under subsection 32 (1) remains unclaimed or otherwise undistributed after a time set by the court, the court may order that the remaining portion of the award

    (a) be applied against the cost of the class action;

    (b) be paid to the Consolidated Revenue Fund; or

    (c) be returned to the party against whom the award was made.

2001 cC-18.1 s34

Back to Top

**Settlement, discontinuance, abandonment and dismissal**

    **35.** (1) A class action may be settled, discontinued or abandoned only with the approval of the court on terms the court considers appropriate.

    (2) A settlement may be concluded in relation to the common issues affecting a subclass only with the approval of the court on terms the court considers appropriate.

    (3) A settlement under this section is not binding unless approved by the court.

    (4) A settlement of a class action or of common issues affecting a subclass that is approved by the court binds every member of the class or subclass who has not opted out of the class action, but only to the extent provided by the court.

    (5) In dismissing a class action or in approving a settlement, discontinuance or abandonment, the court may consider whether notice should be given under section 20 and whether the notice should include

    (a) an account of the conduct of the action;

    (b) a statement of the result of the action; and

    (c) a description of a plan for distributing settlement funds.

2001 cC-18.1 s35

Back to Top

**Appeals**

36. (1) A party may appeal, without leave, to the Court of Appeal from

(a) a judgment on common issues; or

(b) an order under sections 29 to 34 , except an order that determines individual claims made by class or subclass members.

(2) With leave of a judge of the Court of Appeal, a class or subclass member, a representative plaintiff or a defendant may appeal to that court an order

(a) determining an individual claim made by a class or subclass member; or

(b) dismissing an individual claim for monetary relief made by a class or subclass member.

(3) A party may, with leave of a judge of the Court of Appeal, appeal to the Court of Appeal from

(a) an order certifying or refusing to certify an action as a class action; or

(b) an order decertifying an action.

(4) Where a representative plaintiff does not appeal or seek leave to appeal as permitted by subsection (1) or (3) within the time limit for bringing an appeal under rule 57.03 of the *Rules of the Supreme Court, 1986* or if a representative plaintiff abandons an appeal under subsection (1) or (3), a member of the class or subclass for which the representative plaintiff had been appointed may apply to a judge of the Court of Appeal for leave to act as the representative plaintiff for the purpose of subsection (1) or (3) and when granting leave the court may extend the time limit for bringing an appeal or seeking leave to appeal under subsections (1) or (3).

(5) An application under subsection (4) shall be made within 30 days after the expiry of the appeal or leave to appeal period available to the representative plaintiff or by another date that the judge may order.

2001 cC-18.1 s36

## PART IV
## COSTS, FEES AND DISBURSEMENTS

Back to Top

**Costs**

37. (1) The Trial Division and the Court of Appeal shall not award costs to a party to an application for certification under subsection 3 (2) or section 4 , to a party to a class action or to a party to an appeal arising from a class action at any stage of the application, action or appeal.

(2) Notwithstanding subsection (1), the Trial Division and the Court of Appeal may award costs to a party in respect of an application for certification or in respect of all or part of a class action or an appeal from a class action where the court considers that

(a) there has been vexatious, frivolous or abusive conduct by a party;

(b) an improper or unnecessary application or other step has been made or taken for the purpose of delay or increasing costs or for another improper purpose; or

(c) there are exceptional circumstances that make it unjust to deprive the successful party of costs.

(3) A court that orders costs under subsection (2) may order that those costs be assessed in a manner that the court considers appropriate.

(4) Class members, other than the person appointed as representative plaintiff for the class, are not liable for costs except with respect to the determination of their own individual claims.

2001 cC-18.1 s37

Back to Top

### Agreement respecting fees and disbursements

**38.** (1) An agreement respecting fees and disbursements between a solicitor and a representative plaintiff shall be in writing and shall

(a) state the terms under which fees and disbursements are to be paid;

(b) give an estimate of the expected fee, whether or not that fee is contingent on success in the class action; and

(c) state the method by which payment is to be made, whether by lump sum or otherwise.

(2) An agreement respecting fees and disbursements between a solicitor and a representative plaintiff is not enforceable unless approved by the court, on the application of the solicitor.

(3) An application under subsection (2) may,

(a) unless the court orders otherwise, be brought without notice to the defendants; or

(b) where notice to the defendants is required by the court, be brought on the terms respecting disclosure of the whole or a part of the agreement respecting fees and disbursements that the court may order.

(4) Interest payable on fees under an agreement approved under subsection (2) shall be calculated in the manner set out in the agreement or if not set out,

(a) at the interest rate prescribed for post-judgment interest under the *Judgment Interest Act* ; or

(b) at a rate the court considers appropriate.

(5) Interest payable on disbursements under an agreement approved under subsection (2) shall be calculated in the manner set out in the agreement or if not set out,

(a) at the interest rate prescribed for post-judgment interest under the *Judgment Interest Act* ; or

(b) at a rate the court considers appropriate,

on the balance of disbursements as totalled at the end of each 6 month period following the date of the agreement.

(6) Amounts owing under an enforceable agreement are a first charge on settlement funds or a monetary award.

(7) Where an agreement respecting fees and disbursements is not approved by the court, the court may

(a) determine the amount owing to the solicitor in respect of fees and disbursements;

(b) direct an inquiry, assessment or accounting under the *Rules of the Supreme Court, 1986* to determine the amount owing; or

(c) direct that the amount owing be determined in another manner.

2001 cC-18.1 s38

**PART V**
**GENERAL**

Back to Top

**Limitation periods**

39. (1) A limitation period that applies to a cause of action asserted in an action

    (a) is suspended in favour of a person if another action is commenced and it is reasonable for the person to assume that he or she is a class member for the purposes of that action; and

    (b) resumes running against the person when one of paragraphs (2)(a) to (g) applies to the person as though he or she was the member referred to in those paragraphs.

    (2) A limitation period that applies to a cause of action asserted in an action that is certified as a class action under this Act is suspended in favour of a class member on the commencement of the action and resumes running against the class member when

    (a) the member opts out of the class action;

    (b) a ruling by the court has the effect of excluding the class member from the class action or from being considered to have ever been a class member;

    (c) an amendment is made to the certification order that has the effect of excluding the member from the class action;

    (d) a decertification order is made under section 11 ;

    (e) the class action is dismissed without an adjudication on the merits;

    (f) the class action is discontinued or abandoned with the approval of the court; and

    (g) the class action is settled with the approval of the court, unless the settlement provides otherwise.

    (3) Where there is a right of appeal in respect of an event described in paragraphs (2)(a) to (g), the limitation period resumes running as soon as the time for appeal has expired without an appeal being commenced, or as soon as an appeal has been finally disposed of.

2001 cC-18.1 s39

Back to Top

**Rules of Court**

40. The *Rules of the Supreme Court, 1986* apply to class actions to the extent that those rules are not in conflict with this Act.

2001 cC-18.1 s40

Back to Top

**Application of Act**

41. This Act does not apply to

    (a) a representative action commenced before this Act comes into force;

(b) an action required by law to be brought in a representative capacity; and

(c) an action that may be brought in a representative capacity under another Act.

2001 cC-18.1 s41

Back to Top

**Crown bound**

**42.** This Act binds the Crown.

2001 cC-18.1 s42

Back to Top

**Commencement**

**43. This Act comes into force on a day to be proclaimed by the Lieutenant-Governor in Council. (In force - April 1, 2002 )**

2001 cC-18.1 s43

©Earl G. Tucker, Queen's Printer

**The Newfoundland & Labrador House of Assembly Web site contains additional conditions to the CanLII Conditions of Use. These conditions are stated on the Caution page of this site.**

Scope of Databases | RSS Feeds | Terms of Use | Privacy | Help | Contact Us | About

by **LeXUM** for the ⬤ Federation of Law Societies of Canada

# TAB 9



# Limitation of Actions Act

CHAPTER 258

OF THE

REVISED STATUTES, 1989

amended 1993, c. 27; 1995-96, c. 13, s. 82; 2001, c. 6, s. 115; 2003 (2nd Sess.), c. 1, s. 27

**NOTE - This electronic version of this statute is provided by the Office of the Legislative Counsel for your convenience and personal use only and may not be copied for the purpose of resale in this or any other form. Formatting of this electronic version may differ from the official, printed version. Where accuracy is critical, please consult official sources.**

# An Act Respecting
# the Limitation of Actions

**Short title**

1 This Act may be cited as the Limitation of Actions Act or the Statute of Limitations. *R.S., c. 258, s. 1.*

LIMITATION OF CERTAIN ACTIONS

**Limitation periods**

2 (1) The actions mentioned in this Section shall be commenced within and not after the times respectively mentioned in such Section, that is to say:

(a) actions for assault, menace, battery, wounding, imprisonment or slander, within one year after the cause of any such action arose;

(b) actions for penalties, damages or sums of money given to the parties aggrieved by any statute, within two years after the cause of any such action arose;

(c) actions for rent upon an indenture of demise, actions upon a bond or other specialty, actions upon any judgment or recognizance, within twenty years after the cause of any such action arose, or the recovery of such judgment;

(d) actions for negligence or malpractice

(i) by reason of professional services requested of or rendered by a person duly registered under the Medical Act or under the Dental Act, or

(ii) against any officer, nurse or employee in any hospital for the treatment of the sick in the Province which has on its staff qualified medical practitioners and nurses qualified under the Registered Nurses' Association Act, or against any employer of such officer, nurse or employee, by reason of any professional services or hospital services requested of or rendered by such officer, nurse, employee or employer,

within two years after the date in the matter complained of such professional services or hospital services terminated;

(e) all actions grounded upon any lending, or contract, expressed or implied, without specialty, or upon any award where the submission is not by specialty, or for money levied by execution, all actions for direct injuries to real or personal property, actions for the taking away or conversion of property, goods and chattels, actions for libel, malicious prosecution and arrest, seduction and criminal conversation and actions for all other causes which would formerly have been brought in the form of action called trespass on the case, except as herein excepted, within six years after the cause of any such action arose;

(f) actions for recovery of damages on account of injury to persons or damage to property occasioned by or arising out of the ownership, maintenance, operation or use of a motor vehicle, within three years after the cause of action arose.

(2) All actions of account, or for not accounting, or for such accounts as concern the trade of merchandise between merchant and merchant, their factors or servants, shall be commenced within six years after the cause of any such action arose and no claim in respect of a matter which arose more than six years before the commencement of any such action, shall be enforceable by action by reason only of some other matter of claim comprised in the same account having arisen within six years next before the commencement of such action.

(3) Nothing in this Section contained shall extend to any action given by any statute when the time for bringing such action is by any statute specially limited.

(4) Notwithstanding Section 38, where an action for recovery of damages occasioned by or arising out of the ownership, maintenance, operation or use of a motor vehicle is commenced within the time limited by clause (f) of subsection (1) and a counterclaim is made or third-party proceedings are instituted by the defendant in respect of damages arising out of the same accident, the lapse of time limited by said clause (f) shall not be a bar to the counterclaim or third-party proceedings.

(5) In any action for assault, menace, battery or wounding based on sexual abuse of a person,

(a) for the purpose of subsection (1), the cause of action does not arise until the person becomes aware of the injury or harm resulting from the sexual abuse and discovers the causal relationship between the injury or harm and the sexual abuse; and

(b) notwithstanding subsection (1), the limitation period referred to in clause (a) of subsection (1) does not begin to run while that person is not reasonably capable of commencing a proceeding because of that person's physical, mental or psychological condition resulting from the sexual abuse. *R.S., c. 258, s. 2;*

*1993, c. 27, s. 1; 2003 (2nd Sess.), c. 1, s. 27.*

**Disallowance or invocation of time limitation**

3 (1) In this Section,

(a) "action" means an action of a type mentioned in subsection (1) of Section 2;

(b) "notice" means a notice which is required before the commencement of an action;

(c) "time limitation" means a limitation for either commencing an action or giving a notice pursuant to

    (i) the provisions of Section 2,

    (ii) the provisions of any enactment other than this Act,

    (iii) the provisions of an agreement or contract.

(2) Where an action is commenced without regard to a time limitation, and an order has not been made pursuant to subsection (3), the court in which it is brought, upon application, may disallow a defence based on the time limitation and allow the action to proceed if it appears to the court to be equitable having regard to the degree to which

(a) the time limitation prejudices the plaintiff or any person whom he represents; and

(b) any decision of the court under this Section would prejudice the defendant or any person whom he represents, or any other person.

(3) Where a time limitation has expired, a party who wishes to invoke the time limitation, on giving at least thirty days notice to any person who may have a cause of action, may apply to the court for an order terminating the right of the person to whom such notice was given from commencing the action and the court may issue such order or may authorize the commencement of an action only if it is commenced on or before a day determined by the court.

(4) In making a determination pursuant to subsection (2), the court shall have regard to all the circumstances of the case and in particular to

(a) the length of and the reasons for the delay on the part of the plaintiff;

(b) any information or notice given by the defendant to the plaintiff respecting the time limitation;

(c) the extent to which, having regard to the delay, the evidence adduced or likely to be adduced by the plaintiff or the defendant is or is likely to be less cogent than if the action had been brought or notice had been given within the time limitation;

(d) the conduct of the defendant after the cause of action arose, including the extent if any to which he responded to requests reasonably made by the plaintiff for information or inspection for the purpose of ascertaining facts which were or might be relevant to the plaintiff's cause of action against the defendant;

(e) the duration of any disability of the plaintiff arising after the date of the accrual of the cause of action;

(f) the extent to which the plaintiff acted promptly and reasonably once he knew whether or not the act or omission of the defendant, to which the injury was attributable, might be capable at that time of giving rise to an action for damages;

(g) the steps, if any, taken by the plaintiff to obtain medical, legal or other expert advice and the nature of any such advice he may have received.

(5) The provisions of this Section shall have effect in relation to causes of action arising

(a) before the twenty-sixth day of June, 1982, if the time limitation has not expired before that date;

(b) on or after the twenty-sixth day of June, 1982.

(6) A court shall not exercise the jurisdiction conferred by this Section where the action is commenced or notice given more than four years after the time limitation therefor expired.

(7) This Section does not apply to an action where

(a) the time limitation is ten years or more; or

(b) the time limitation is contained in the Mechanics' Lien Act. *R.S., c. 258, s. 3.*

DISABILITIES AND EXCEPTIONS

**Plaintiff under disability**

4 If any person who is entitled to any action mentioned in Section 2 is, at the time any such cause of action accrues, within the age of nineteen years or a person of unsound mind, then such person shall be at liberty to bring the same action, so as such person commences the same within such time after his or her coming to or being of full age or of sound mind, as other persons having no such impediment should, according to this Act, have done, or within five years, whichever is the shorter time. *R.S., c. 258, s. 4; 2001, c. 6, s. 115.*

**Defendant under disability**

5 (1) If any person against whom there is any such cause of action is, at the time the cause of action accrues, within the age of nineteen years or a person of unsound mind, then the person entitled to any such cause of action shall be at liberty to bring the same against such person within such time, after his or her coming to or being of full age or of sound mind as are before limited.

(2) and (3) repealed 2001, c. 6, s. 115.

*R.S., c. 258, s. 5; 2001, c. 6, s. 115.*

WRITTEN PROMISES
AND ACKNOWLEDGMENTS

**Sufficiency of acknowledgment or promise**

6 (1) In any action grounded upon simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract, whereby to take any case out of the operation of the preceding Sections of this Act, or to deprive any person of the benefit thereof, unless such acknowledgment or promise is made or contained by or in some writing signed by the party chargeable thereby, or his agent duly authorized to make such acknowledgment or promise.

(2) When there are two or more co-contractors or co-debtors, whether bound or liable jointly only or jointly and severally, or executors or administrators of any co-contractor or co-debtor, no such co-contractor or co-debtor, executor or administrator shall lose the benefit of the preceding Sections of this Act, or any of them, by reason only of

(a) any written acknowledgment or promise made and signed by any other or others of such co-contractors or co-debtors, executors or administrators; or

(b) any payment of any principal, interest or other money made by any other or others of such co-contractors or co-debtors, executors or administrators.

(3) In any actions against two or more co-contractors or co-debtors or executors or administrators of any contractor, if it appears at the trial or otherwise that the plaintiff, though barred by such Sections as to one or more of such co-contractors or co-debtors or executors or administrators, is nevertheless entitled to recover against any other defendant by virtue of a new acknowledgment or promise or payment, judgment may be given and cost allowed for the plaintiff as to such defendant against whom he recovers and for the other defendant against the plaintiff. *R.S., c. 258, s. 6; revision corrected 1998.*

**Non-joinder defence**

7 If any defendant in an action on a simple contract pleads any matter to the effect that any other person ought to be jointly sued, or makes any application grounded upon such contention, and it appears that the action could not, by reason of this Act, be maintained against such person, such pleading or application shall be dismissed. *R.S., c. 258, s. 7.*

**Acknowledgment of debt**

8 If any acknowledgment has been made, either by writing signed by the party liable by virtue of an indenture, or by virtue of any specialty or recognizance, or his agent, or by part payment, or part satisfaction on account of any principal or interest being then due thereon, the person entitled may bring an action for the money remaining unpaid, and so acknowledged to be due, within twenty years after such acknowledgment by writing, or part payment, or part satisfaction, as aforesaid, or in case the person entitled to such action is, at the time of acknowledgment, under disability as aforesaid, then within twenty years after such disability has ceased, as aforesaid, and the plaintiff in any such action on any indenture, specialty, or recognizance may, by way of reply, state such acknowledgment, and that such action was brought within the time aforesaid to answer to a pleading setting up this Act. *R.S., c. 258, s. 8; 2001, c. 6, s. 115.*

**Indorsement by payee**

9 No indorsement or memorandum of any payment, written or made upon any promissory note, bill of exchange, or other writing, by or on behalf of the party to whom such payment was made, shall be

deemed sufficient proof of such payment so as to take the case out of the operation of this Act. *R.S., c. 258, s. 9.*

LAND AND RENT

### Action respecting land or rent

10 No person shall make an entry or distress, or bring an action to recover any land or rent, but within twenty years next after the time at which the right to make such entry or distress or to bring such action first accrued to some person through whom he claims, or if such right did not accrue to any person through whom he claims, then within twenty years next after the time at which the right to make such entry or distress, or to bring such action, first accrued to the person making or bringing the same. *R.S., c. 258, s. 10.*

### Commencement of limitation period

11 In the construction of this Act the right to make an entry or distress, or bring an action to recover any land or rent, shall be deemed to have first accrued at such time as hereinafter is mentioned, that is to say:

(a) where the person claiming such land or rent, or some person through whom he claims, has, in respect to the estate or interest claimed, been in possession or in receipt of the profits of such land, or in receipt of such rent, and has, while entitled thereto, been dispossessed, or has discontinued such possession or receipt, then such right shall be deemed to have first accrued at the time of such dispossession or discontinuance of possession, or at the last time at which any such profits or rent were or was so received;

(b) where the person claiming such land or rent claims the estate or interest of some deceased person who continued in such possession or receipt in respect to the same estate or interest until the time of his death, and was the last person entitled to such estate or interest who was in such possession or receipt, then such right shall be deemed to have first accrued at the time of such death;

(c) where the person claiming such land or rent claims in respect to an estate or interest in possession granted, appointed, or otherwise assured by any instrument, other than a will, to him, or some person through whom he claims, by a person being in respect to the same estate, or interest, in the possession or receipt of the profits of the land, or in receipt of the rent, and no person entitled under such instrument has been in such possession or receipt, then such right shall be deemed to have first accrued at the time at which the person claiming as aforesaid, or the person through whom he claims, became entitled to such possession or receipt by virtue of such instrument;

(d) where the estate or interest claimed is an estate or interest in reversion or remainder, or other future estate or interest, and no person has obtained the possession or receipt of the profits of such land, or the receipt of such rent in respect to such estate or interest, then such right shall be deemed to have first accrued at the time at which such estate or interest became an estate or interest in possession;

(e) where the person claiming such land or rent, or the person through whom he claims, has become entitled by reason of any forfeiture or breach of condition, then such right shall be deemed to have first accrued when such forfeiture was incurred, or such condition was broken;

(f) where any person is in possession or in receipt of the profits of any land, or in receipt of any rent as tenant at will, the right of the person entitled subject thereto, or the person through whom he claims, to

make an entry, or distress, or bring an action to recover such land or rent, shall be deemed to have first accrued either at the determination of such tenancy, or at the expiration of one year next after the commencement of such tenancy, at which time such tenancy shall be deemed to have determined, provided always that no mortgagor or cestui que trust shall be deemed to be a tenant at will, within the meaning of this clause, to his mortgagee or trustee;

(g) where any person is in possession or receipt of the profits of any land, or in receipt of any rent, as tenant from year to year, or other period, without any lease in writing, the right of the person entitled subject thereto, or of the person through whom he claims, to make entry, or distress, or to bring an action to recover such land or rent, shall be deemed to have first accrued at the determination of the first of such years, or other periods, or at the last time when any rent payable in respect to such tenancy was received, whichever last happened. *R.S., c. 258, s. 11.*

### Action by administrator

12 For the purposes of this Act, an administrator, claiming the estate or interest of the deceased person, shall be deemed to claim as if there had been no interval of time between the death of such deceased person and the grant of the letters of administration. *R.S., c. 258, s. 12.*

### Effect of entry on land

13 No person shall be deemed to have been in possession of any land, within the meaning of this Act, merely by reason of having made an entry thereon. *R.S., c. 258, s. 13.*

### Effect of continual or other claim

14 No continual or other claim, upon or near any land, shall preserve any right of making an entry or distress, or of bringing an action. *R.S., c. 258, s. 14.*

### Possession by one interest holder

15 Where any one, or more, of several persons entitled to any land or rent as co-parceners, joint tenants or tenants in common, have been in possession or receipt of the entirety, or more than his or their undivided share or shares of such land, or of the profits thereof, or of such rent for his or their own benefit, or for the benefit of any person or persons other than the person or persons entitled to the other share or shares of the same land or rent, such possession or receipt shall not be deemed to have been the possession or receipt of or by such last-mentioned person or persons, or any of them. *R.S., c. 258, s. 15.*

### Possession by relative of heir

16 Where a relation of the persons entitled as heirs to the possession or receipt of the profits of any land, or to the receipt of any rent, enters into the possession or receipt thereof, such possession or receipt shall not be deemed to be the possession or receipt of or by the persons entitled as heirs. *R.S., c. 258, s. 16.*

### Acknowledgment of title

17 Where any acknowledgment of the title of the person entitled to any land or rent has been given to him, or to his agent, in writing, signed by the person in possession or in receipt of the profits of such land, or in receipt of such rent, then such possession, or receipt of or by the person by whom such acknowledgment was given, shall be deemed, according to the meaning of this Act, to have been the

possession or receipt of or by the person to whom, or to whose agent, such acknowledgment was given, at the time of giving the same and the right of such last-mentioned person, or of any person claiming through him, to make an entry or distress, or bring an action to recover such land or rent, shall be deemed to have first accrued at, and not before, the time at which such acknowledgment, or the last of such acknowledgments, if more than one, was given. *R.S., c. 258, s. 17.*

### Effect of receipt of rent

18 The receipt of the rent payable by any tenant from year to year, or other lessee, shall, as against such lessee or any person claiming under him, but subject to the lease, be deemed to be the receipt of the profits of the land for the purposes of this Act. *R.S., c. 258, s. 18.*

### Person ceasing to be under disability

19 If at the time at which the right of any person to make an entry or distress, or bring an action to recover any land or rent first accrues as aforesaid, such person is under any of the disabilities hereinafter mentioned, that is to say, infancy or unsoundness of mind, then such person, or the persons claiming through him may, notwithstanding the period of twenty years hereinbefore limited has expired, make an entry, or distress or bring an action to recover such land or rent at any time within five years next after the time at which the person to whom such right first accrued as aforesaid ceased to be under any such disability, or died, whichever first happened. *R.S., c. 258, s. 19; 2001, c. 6, s. 115.*

### Limitation on claim by person under disability

20 No entry, distress or action shall be made or brought by any person who, at the time at which his right to make an entry or distress, or to bring an action to recover any land or rent, first accrued, was under any of the disabilities mentioned in the next preceding Section, or by any person claiming through him, but within twenty-five years next after the time at which such right first accrued although the person under disability at such time has remained under one or more of such disabilities during the whole term of such twenty-five years, or although the term of five years from the time at which he ceased to be under any such disability, or died, has not expired. *R.S., c. 258, s. 20; 2001, c. 6, s. 115.*

### Limitation on claim by Her Majesty

21 No claim for land or rent shall be made by Her Majesty but within forty years after the right of action to recover such land or rent first accrued. *R.S., c. 258, s. 21; 2001, c. 6, s. 115.*

### Claim extinguished

22 At the determination of the period limited by this Act to any person for making an entry, or distress, or bringing any action, the right and title of such person to the land or rent, for the recovery whereof such entry, distress, or action respectively might have been made or brought within such period, shall be extinguished. *R.S., c. 258, s. 22.*

MORTGAGES AND CHARGES ON LAND

### Limitation respecting charge against land

23 No action or other proceeding shall be brought to recover any sum of money secured by any mortgage, judgment, or lien, or otherwise charged upon or payable out of any land or rent, at law or in

equity, or any legacy, but within twenty years next after a present right to receive the same has accrued to some person capable of giving a discharge for or release of the same, unless in the meantime some part of the principal money, or some interest thereon, has been paid, or some acknowledgment of the right thereto has been given in writing, signed by the person by whom the same is payable, or his agent, to the person entitled thereto, or his agent and in such case no such action or proceeding shall be brought but within twenty years after such payment or acknowledgment, or the last of such payments or acknowledgments, if more than one was made or given. *R.S., c. 258, s. 23.*

### Claim under mortgage

24 (1) Any person entitled to or claiming under a mortgage of land, may make an entry, or bring an action to recover such land at any time within twenty years next after the last payment of any part of the principal money or interest secured by such mortgage, although more than twenty years have elapsed since the time at which the right to make such entry or bring such action first accrued.

(2) Notwithstanding subsection (1), no person claiming under a mortgage of land may make an entry or bring an action to recover such land after twenty years have elapsed from the maturity date set out in the mortgage or any registered or recorded renewal thereof. *R.S., c. 258, s. 24; 2001, c. 6, s. 115.*

ENFORCEMENT PROCEEDINGS PURSUANT TO
THE PERSONAL PROPERTY SECURITY ACT

### Enforcement proceedings

24A No proceedings to enforce security pursuant to Part V of the Personal Property Security Act shall be taken by a secured party within the meaning of Part V of the Personal Property Security Act or a person claiming through the secured party but within twenty years next after the right to take the proceedings first accrued to the secured party, or if the right did not accrue to the secured party, then within twenty years next after the right first accrued to the person claiming through the secured party. *1995-96, c. 13, s. 82.*

ARREARS OF DOWER, RENT AND INTEREST

### Arrears of dower

25 No arrears of dower, nor any damages on account of such arrears, shall be recovered or obtained by any action or proceeding for a longer period than six years next before the commencement of such action or suit. *R.S., c. 258, s. 25.*

### Arrears of rent or interest

26 No arrears of rent, or of interest in respect of any sum of money charged upon or payable out of any land or rent, or in any respect of any legacy, or any damages in respect of such arrears of rent or interest, shall be recovered by any distress, action or proceeding, but within six years next after the same respectively have become due, or next after an acknowledgment of the same in writing has been given to the person entitled thereto, or his agent, signed by the person by whom the same was payable, or his agent. *R.S., c. 258, s. 26; revision corrected 1998.*

EQUITABLE CLAIMS

### Claim against trustee

27 (1) In any action or other proceeding against a trustee, or any person claiming through him, except where the claim is founded upon any fraud or fraudulent breach of trust to which the trustee was party or privy, or is to recover trust property, or the proceeds thereof still retained by the trustee, or previously received by the trustee and converted to his use, the following provisions shall apply:

(a) all rights and privileges, conferred by any of the provisions of this Act, shall be enjoyed in the like manner, and to the like extent, as they would have been enjoyed in such action or other proceeding if the trustee, or person claiming through him, had not been a trustee or person claiming through him;

(b) if the action or other proceeding is brought to recover money or other property, and is one to which no other provision of this Act applies, the trustee, or person claiming through him, shall be entitled to the benefit of, and be at liberty to plead, the lapse of time as a bar to such action or other proceeding, in the like manner and to the like extent as if the claim had been against him in an action of debt for money had and received, but so, nevertheless, that the statute of limitations shall not begin to run against any beneficiary unless and until the interest of such beneficiary becomes an interest in possession.

(2) No beneficiary, as against whom there would be a good defence by virtue of this Section, shall derive any greater or other benefit from a judgment or order obtained by another beneficiary than he could have obtained if he had brought such action or other proceeding, and this Section had been pleaded. *R.S., c. 258, s. 27.*

### Action for breach of trust respecting land

28 Where any land or rent is vested in a trustee upon any express trust, the right of the beneficiary, or any person claiming through him, to bring an action against the trustee, or any person claiming through him, to recover such land or rent, shall be deemed to have first accrued, according to the meaning of this Act, at and not before the time at which such land or rent has been conveyed to a purchaser for a valuable consideration, and shall then be deemed to have accrued only as against such purchaser and any person claiming through him. *R.S., c. 258, s. 28.*

### Claim based upon fraud

29 In every case of a concealed fraud, the right of any person to bring an action for the recovery of any land, or rent, of which he, or any person through whom he claims, has been deprived by such fraud, shall be deemed to have first accrued at and not before the time at which such fraud was, or with reasonable diligence might have been, first known or discovered. *R.S., c. 258, s. 29.*

### Protection of bona fide purchaser

30 Nothing contained in Section 29 shall enable any owner of lands or rents to bring an action for the recovery of such lands or rents, or for setting aside any conveyance of such lands or rents on account of fraud, against any bona fide purchaser for valuable consideration who has not assisted in the commission of such fraud, and who, at the time he made the purchase, did not know, and had no reason to believe, that any such fraud had been committed. *R.S., c. 258, s. 30.*

### Rule of equity preserved

31 Nothing contained in this Act shall be deemed to interfere with any rule of equity in refusing relief on

the ground of acquiescence, or otherwise, to any person whose right to bring an action is not barred by virtue of this Act. *R.S., c. 258, s. 31.*

PRESCRIPTION IN CASE OF EASEMENTS

**Prescription**

32 No claim which may be lawfully made at the common law by custom, prescription, or grant, to any way or other easement, or to any watercourse, or the use of any water to be enjoyed or derived upon, over or from any land or water of our Lady the Queen, her heirs or successors, or being the property of any ecclesiastical or lay person, or body corporate, when such way or other matter as herein last before mentioned has been actually enjoyed by any person claiming right thereto without interruption for the full period of twenty years, shall be defeated or destroyed by showing only that such way or other matter was first enjoyed at any time prior to such period of twenty years but, nevertheless, such claim may be defeated in any other way by which the same is now liable to be defeated and where such way or other matter as herein last before mentioned has been so enjoyed as aforesaid for the full period of twenty-five years, the right thereto shall be deemed absolute and indefeasible, unless it appears that the same was enjoyed by some consent or agreement expressly given, or made for that purpose by deed or writing. *R.S., c. 258, s. 32; 2001, c. 6, s. 115.*

**Access and use of light**

33 (1) When the access and use of light to and for any dwelling house, workshop, or other building has been actually enjoyed therewith for the full period of twenty years, without interruption, the right thereto shall be deemed absolute and indefeasible, any local usage or custom to the contrary notwithstanding, unless it appears that the same was enjoyed by some consent or agreement expressly made or given for the purpose by deed or writing.

(2) From and after the fifteenth day of April, 1931, no person shall acquire a right by prescription or by virtue of subsection (1) to the access and use of light or air to or for any building situate in any city or in any incorporated town, but this subsection shall not apply to any such right which has been acquired before the fifteenth day of April, 1931, nor affect the rights of the parties to any proceeding pending at the fifteenth day of April, 1931, in which such question has arisen before that date.

(3) For the purpose of subsection (2), "city" and "incorporated town" include any area of a regional municipality that, prior to the incorporation of the regional municipality, was a city or incorporated town. *R.S., c. 258, s. 33; 2001, c. 6, s. 115.*

**Interruption of prescription period**

34 Each of the respective periods of years, mentioned in Sections 32 and 33, shall be deemed and taken to be the period next before some action or proceeding wherein the claim or matter to which such period relates, was, or is, brought into question and no act or other matter shall be deemed an interruption within the meaning of the said two Sections, unless the same has been submitted to or acquiesced in for one year after the party interrupted has had notice thereof, and of the person making or authorizing the same to be made. *R.S., c. 258, s. 34.*

**No presumption**

35 In the several cases mentioned in and provided for by the said two Sections of the claims to ways, or

other easements, watercourses, the use of any water or lights, no presumption shall be allowed or made in favour or support of any claim upon proof of the exercise or enjoyment of the right or matter claimed for any less period of time or number of years than for such period or number mentioned in the said two Sections as is applicable to the case and to the nature of the claim. *R.S., c. 258, s. 35.*

### Period when party under disability

36 The time during which any person otherwise capable of resisting any claim to any of the matters mentioned in the said two Sections is an infant, idiot, person of unsound mind, or tenant for life, or during which any action or proceeding has been pending, and has been diligently prosecuted until abated by the death of any party or parties thereto, shall be excluded in the computation of the periods mentioned in the said two Sections, except only in cases where the right or claim is thereby declared to be absolute and indefeasible. *R.S., c. 258, s. 36.*

### Term excluded in corporation

37 Where any land or water upon, over, or from which any such way or watercourse, or use of water has been enjoyed or derived, is held under or by virtue of any term of life, or any term of years exceeding three years from the granting thereof, the time of the enjoyment of any such way or other matter as herein last before mentioned during the continuance of any such term, shall be excluded in the computation of the said period of twenty-five years in case the claim is within three years next after the end or sooner determination of such term resisted by any person entitled to any reversion expectant on the determination thereof. *R.S., c. 258, s. 37; 2001, c. 6, s. 115.*

SET-OFF AND COUNTERCLAIM

### Set-off and counterclaim

38 This Act shall apply to the case of any claim of the nature hereinbefore mentioned, alleged by way of set-off or counterclaim on the part of any defendant. *R.S., c. 258, s. 38.*

| ☒ homepage | ☒ statutes | ☒ statutes by title |
|---|---|---|

This page and its contents published by the Office of the Legislative Counsel, Nova Scotia House of Assembly, and © 2002 Crown in right of Nova Scotia. Created June 7, 2004. Send comments to http://www.gov.ns.ca/legislature/legc/email.htm.

# TAB 10

Français

# Limitations Act, 2002

## S.O. 2002, CHAPTER 24
### Schedule B

**Consolidation Period:** From June 4, 2007 to the e-Laws currency date.

Last amendment: 2007, c. 13, s. 44.

Skip Table of Contents

## CONTENTS

### DEFINITIONS AND APPLICATION

| | |
|---|---|
| 1. | Definitions |
| 2. | Application |
| 3. | Crown |

### BASIC LIMITATION PERIOD

| | |
|---|---|
| 4. | Basic limitation period |
| 5. | Discovery |
| 6. | Minors |
| 7. | Incapable persons |
| 8. | Litigation guardians |
| 9. | Appointment of litigation guardian on application or motion by potential defendant |
| 10. | Assaults and sexual assaults |
| 11. | Attempted resolution |
| 12. | Successors |
| 13. | Acknowledgments |
| 14. | Notice of possible claim |

### ULTIMATE LIMITATION PERIODS

| | |
|---|---|
| 15. | Ultimate limitation periods |

### NO LIMITATION PERIOD

| | |
|---|---|
| 16. | No limitation period |
| 17. | Undiscovered environmental claims |

### GENERAL RULES

| | |
|---|---|
| 18. | Contribution and indemnity |
| 19. | Other Acts, etc. |
| 20. | Statutory variation of time limits |
| 21. | Adding party |
| 22. | Limitation periods apply despite agreements |
| 23. | Conflict of laws |
| 24. | Transition |
| Schedule | (section 19) |

## DEFINITIONS AND APPLICATION

**Definitions**

1. In this Act,

"adverse effect" has the same meaning as in the *Environmental Protection Act*; ("conséquence préjudiciable")

"assault" includes a battery; ("voies de fait")

"claim" means a claim to remedy an injury, loss or damage that occurred as a result of an act or omission; ("réclamation")

"contaminant" has the same meaning as in the *Environmental Protection Act*; ("contaminant")

"discharge" has the same meaning as in the *Environmental Protection Act*; ("rejet", "rejeter")

"environmental claim" means a claim based on an act or omission that caused, contributed to, or permitted the discharge of a contaminant into the natural environment that has caused or is likely to cause an adverse effect; ("réclamation relative à l'environnement")

"natural environment" has the same meaning as in the *Environmental Protection Act*. ("environnement naturel") 2002, c. 24, Sched. B, s. 1.

**Application**

2. (1) This Act applies to claims pursued in court proceedings other than,

(a) proceedings to which the *Real Property Limitations Act* applies;

(b) proceedings in the nature of an appeal, if the time for commencing them is governed by an Act or rule of court;

(c) proceedings under the *Judicial Review Procedure Act*;

(d) proceedings to which the *Provincial Offences Act* applies;

(e) proceedings based on the existing aboriginal and treaty rights of the aboriginal peoples of Canada which are recognized and affirmed in section 35 of the *Constitution Act, 1982*; and

(f) proceedings based on equitable claims by aboriginal peoples against the Crown. 2002, c. 24, Sched. B, s. 2 (1).

**Exception, aboriginal rights**

(2) Proceedings referred to in clause (1) (e) and (f) are governed by the law that would have been in force with respect to limitation of actions if this Act had not been passed. 2002, c. 24, Sched. B, s. 2 (2).

**Crown**

3. This Act binds the Crown. 2002, c. 24, Sched. B, s. 3.

## BASIC LIMITATION PERIOD

**Basic limitation period**

4. Unless this Act provides otherwise, a proceeding shall not be commenced in respect of a claim after the second anniversary of the day on which the claim was discovered. 2002, c. 24, Sched. B, s. 4.

**Discovery**

5. (1) A claim is discovered on the earlier of,

(a) the day on which the person with the claim first knew,

   (i) that the injury, loss or damage had occurred,

   (ii) that the injury, loss or damage was caused by or contributed to by an act or omission,

   (iii) that the act or omission was that of the person against whom the claim is made, and

   (iv) that, having regard to the nature of the injury, loss or damage, a proceeding would be an appropriate means to seek to remedy it; and

(b) the day on which a reasonable person with the abilities and in the circumstances of the person with the claim first ought to have known of the matters referred to in clause (a). 2002, c. 24, Sched. B, s. 5 (1).

**Presumption**

(2) A person with a claim shall be presumed to have known of the matters referred to in clause (1) (a) on the day the act or omission on which the claim is based took place, unless the contrary is proved. 2002, c. 24, Sched. B, s. 5 (2).

**Minors**

6. The limitation period established by section 4 does not run during any time in which the person with the claim,

(a) is a minor; and

(b) is not represented by a litigation guardian in relation to the claim. 2002, c. 24, Sched. B, s. 6.

**Incapable persons**

7. (1) The limitation period established by section 4 does not run during any time in which the person with the claim,

(a) is incapable of commencing a proceeding in respect of the claim because of his or her physical, mental or psychological condition; and

(b) is not represented by a litigation guardian in relation to the claim. 2002, c. 24, Sched. B, s. 7 (1).

**Presumption**

(2) A person shall be presumed to have been capable of commencing a proceeding in respect of a claim at all times unless the contrary is proved. 2002, c. 24, Sched. B, s. 7 (2).

**Extension**

(3) If the running of a limitation period is postponed or suspended under this section and the period has less than six months to run when the postponement or suspension ends, the period is extended to include the day that is six months after the day on which the postponement or suspension ends. 2002, c. 24, Sched. B, s. 7 (3).

**Exception**

(4) This section does not apply in respect of a claim referred to in section 10. 2002, c. 24, Sched. B, s. 7 (4).

**Litigation guardians**

**8.** If a person is represented by a litigation guardian in relation to the claim, section 5 applies as if the litigation guardian were the person with the claim. 2002, c. 24, Sched. B, s. 8.

**Appointment of litigation guardian on application or motion by potential defendant**

**Definitions**

**9.** (1) In this section,

"potential defendant" means a person against whom another person may have a claim but against whom the other person has not commenced a proceeding in respect of the claim; ("défendeur éventuel")

"potential plaintiff" means a person who may have a claim against another person but has not commenced a proceeding against that person in respect of the claim. ("demandeur éventuel") 2002, c. 24, Sched. B, s. 9 (1).

**Appointment of litigation guardian on application or motion by potential defendant**

(2) If the running of a limitation period in relation to a claim is postponed or suspended under section 6 or 7, a potential defendant may make an application or a motion to have a litigation guardian appointed for a potential plaintiff. 2002, c. 24, Sched. B, s. 9 (2).

**Effect of appointment**

(3) Subject to subsection (4), the appointment of a litigation guardian ends the postponement or suspension of the running of the limitation period if the following conditions are met:

1. The appointment is made by a judge on the application or motion of a potential defendant.

2. The judge is satisfied that the litigation guardian,

   i. has been served with the motion,

   ii. has consented to the appointment in writing, or in person before the judge,

   iii. in connection with the claim, knows of the matters referred to in clause 5 (1) (a),

   iv. does not have an interest adverse to that of the potential plaintiff, and

   v. agrees to attend to the potential plaintiff's interests diligently and to take all necessary steps for their protection, including the commencement of a claim if appropriate. 2002, c. 24, Sched. B, s. 9 (3).

**Non-expiry**

(4) The limitation period shall be deemed not to expire against the potential plaintiff until the later of,

(a) the date that is six months after the potential defendant files, with proof of service on the litigation guardian,

   (i) a notice that complies with subsection (5), and

   (ii) a declaration that, on the filing date, the potential defendant is not aware of any proceeding by the litigation guardian against the potential defendant in respect of the claim; and

(b) the date on which the limitation period would otherwise expire after it resumes running under subsection (3). 2002, c. 24, Sched. B, s. 9 (4).

**Notice**

(5) The notice,

3

(a) shall not be served before the first anniversary of the appointment;

(b) shall identify the potential plaintiff, the potential defendant and the claim; and

(c) shall indicate that the claim could be extinguished if a proceeding is not promptly commenced. 2002, c. 24, Sched. B, s. 9 (5).

**Assaults and sexual assaults**

10. (1) The limitation period established by section 4 does not run in respect of a claim based on assault or sexual assault during any time in which the person with the claim is incapable of commencing the proceeding because of his or her physical, mental or psychological condition. 2002, c. 24, Sched. B, s. 10 (1).

**Presumption**

(2) Unless the contrary is proved, a person with a claim based on an assault shall be presumed to have been incapable of commencing the proceeding earlier than it was commenced if at the time of the assault one of the parties to the assault had an intimate relationship with the person or was someone on whom the person was dependent, whether financially or otherwise. 2002, c. 24, Sched. B, s. 10 (2).

**Same**

(3) Unless the contrary is proved, a person with a claim based on a sexual assault shall be presumed to have been incapable of commencing the proceeding earlier than it was commenced. 2002, c. 24, Sched. B, s. 10 (3).

**Attempted resolution**

11. (1) If a person with a claim and a person against whom the claim is made have agreed to have an independent third party resolve the claim or assist them in resolving it, the limitation periods established by sections 4 and 15 do not run from the date the agreement is made until,

(a) the date the claim is resolved;

(b) the date the attempted resolution process is terminated; or

(c) the date a party terminates or withdraws from the agreement. 2002, c. 24, Sched. B, s. 11.

**Same**

(2) For greater certainty, a person or entity that provides resolution of claims or assistance in resolving claims, on an impartial basis, is an independent third party no matter how it is funded. 2006, c. 21, Sched. D, s. 1.

**Successors**

12. (1) For the purpose of clause 5 (1) (a), in the case of a proceeding commenced by a person claiming through a predecessor in right, title or interest, the person shall be deemed to have knowledge of the matters referred to in that clause on the earlier of the following:

1. The day the predecessor first knew or ought to have known of those matters.

2. The day the person claiming first knew or ought to have known of them. 2002, c. 24, Sched. B, s. 12 (1).

**Principals and agents**

(2) For the purpose of clause 5 (1) (a), in the case of a proceeding commenced by a principal, if the agent had a duty to communicate knowledge of the matters referred to in that clause to the principal, the principal shall be deemed to have knowledge of the matters referred to in that clause on the earlier of the following:

1. The day the agent first knew or ought to have known of those matters.

2. The day the principal first knew or ought to have known of them. 2002, c. 24, Sched. B, s. 12 (2).

**Same**

(3) The day on which a predecessor or agent first ought to have known of the matters referred to in clause 5 (1) (a) is the day on which a reasonable person in the predecessor's or agent's circumstances and with the predecessor's or agent's abilities first ought to have known of them. 2002, c. 24, Sched. B, s. 12 (3).

**Acknowledgments**

13. (1) If a person acknowledges liability in respect of a claim for payment of a liquidated sum, the recovery of personal property, the enforcement of a charge on personal property or relief from enforcement of a charge on personal property, the act or omission on which the claim is based shall be deemed to have taken place on the day on which the acknowledgment was made. 2002, c. 24, Sched. B, s. 13 (1).

**Interest**

(2) An acknowledgment of liability in respect of a claim for interest is an acknowledgment of liability in respect of a claim for the principal and for interest falling due after the acknowledgment is made. 2002, c. 24, Sched. B, s. 13 (2).

**Collateral**

(3) An acknowledgment of liability in respect of a claim to realize on or redeem collateral under a security agreement or to recover money in respect of the collateral is an acknowledgment by any other person who later comes into possession of it. 2002, c. 24, Sched. B, s. 13 (3).

**Realization**

(4) A debtor's performance of an obligation under or in respect of a security agreement is an acknowledgment by the debtor of liability in respect of a claim by the creditor for realization on the collateral under the agreement. 2002, c. 24, Sched. B, s. 13 (4).

**Redemption**

(5) A creditor's acceptance of a debtor's payment or performance of an obligation under or in respect of a security agreement is an acknowledgment by the creditor of liability in respect of a claim by the debtor for redemption of the collateral under the agreement. 2002, c. 24, Sched. B, s. 13 (5).

**Trustees**

(6) An acknowledgment by a trustee is an acknowledgment by any other person who is or who later becomes a trustee of the same trust. 2002, c. 24, Sched. B, s. 13 (6).

**Personal property**

(7) An acknowledgment of liability in respect of a claim to recover or enforce an equitable interest in personal property by a person in possession of it is an acknowledgment by any other person who later comes into possession of it. 2002, c. 24, Sched. B, s. 13 (7).

**Liquidated sum**

(8) Subject to subsections (9) and (10), this section applies to an acknowledgment of liability in respect of a claim for payment of a liquidated sum even though the person making the acknowledgment refuses or does not promise to pay the sum or the balance of the sum still owing. 2002, c. 24, Sched. B, s. 13 (8).

**Restricted application**

(9) This section does not apply unless the acknowledgment is made to the person with the claim, the person's agent or an official receiver or trustee acting under the *Bankruptcy and Insolvency Act* (Canada) before the expiry of the limitation period applicable to the claim. 2002, c. 24, Sched. B, s. 13 (9).

**Same**

(10) Subsections (1), (2), (3), (6) and (7) do not apply unless the acknowledgment is in writing and signed by the person making it or the person's agent. 2002, c. 24, Sched. B, s. 13 (10).

**Same**

(11) In the case of a claim for payment of a liquidated sum, part payment of the sum by the person against whom the claim is made or by the person's agent has the same effect as the acknowledgment referred to in subsection (10). 2002, c. 24, Sched. B, s. 13 (11).

**Notice of possible claim**

**14.** (1) A person against whom another person may have a claim may serve a notice of possible claim on the other person. 2002, c. 24, Sched. B, s. 14 (1).

**Contents**

(2) A notice of possible claim shall be in writing and signed by the person issuing it or that person's lawyer, and shall,

(a) describe the injury, loss or damage that the issuing person suspects may have occurred;

(b) identify the act or omission giving rise to the injury, loss or damage;

(c) indicate the extent to which the issuing person suspects that the injury, loss or damage may have been caused by the issuing person;

(d) state that any claim that the other person has could be extinguished because of the expiry of a limitation period; and

(e) state the issuing person's name and address for service. 2002, c. 24, Sched. B, s. 14 (2).

**Effect**

(3) The fact that a notice of possible claim has been served on a person may be considered by a court in determining when the limitation period in respect of the person's claim began to run. 2002, c. 24, Sched. B, s. 14 (3).

**Exception**

(4) Subsection (3) does not apply to a person who is not represented by a litigation guardian in relation to the claim and who, when served with the notice,

(a) is a minor; or

(b) is incapable of commencing a proceeding because of his or her physical, mental or psychological condition. 2002, c. 24, Sched. B, s. 14 (4).

**Acknowledgment**

(5) A notice of possible claim is not an acknowledgment for the purpose of section 13. 2002, c. 24, Sched. B, s. 14 (5).

**Admission**

(6) A notice of possible claim is not an admission of the validity of the claim. 2002, c. 24, Sched. B, s. 14 (6).

ULTIMATE LIMITATION PERIODS

**Ultimate limitation periods**

**15.** (1) Even if the limitation period established by any other section of this Act in respect of a claim has not expired, no proceeding shall be commenced in respect of the claim after the expiry of a limitation period established by this section. 2002, c. 24, Sched. B, s. 15 (1).

**General**

(2) No proceeding shall be commenced in respect of any claim after the 15th anniversary of the day on which the act or omission on which the claim is based took place. 2002, c. 24, Sched. B, s. 15 (2).

**Exception, purchasers for value**

(3) Despite subsection (2), no proceeding against a purchaser of personal property for value acting in good faith shall be commenced in respect of conversion of the property after the second anniversary of the day on which the property was converted. 2002, c. 24, Sched. B, s. 15 (3).

**Period not to run**

(4) The limitation period established by subsection (2) does not run during any time in which,

(a) the person with the claim,

   (i) is incapable of commencing a proceeding in respect of the claim because of his or her physical, mental or psychological condition, and

   (ii) is not represented by a litigation guardian in relation to the claim;

(b) the person with the claim is a minor and is not represented by a litigation guardian in relation to the claim; or

(c) the person against whom the claim is made,

   (i) wilfully conceals from the person with the claim the fact that injury, loss or damage has occurred, that it was caused by or contributed to by an act or omission or that the act or omission was that of the person against whom the claim is made, or

   (ii) wilfully misleads the person with the claim as to the appropriateness of a proceeding as a means of remedying the injury, loss or damage. 2002, c. 24, Sched. B, s. 15 (4).

**Burden**

(5) Subject to section 10, the burden of proving that subsection (4) applies is on the person with the claim. 2002, c. 24, Sched. B, s. 15 (5).

**Day of occurrence**

(6) For the purposes of this section, the day an act or omission on which a claim is based takes place is,

(a) in the case of a continuous act or omission, the day on which the act or omission ceases;

(b) in the case of a series of acts or omissions in respect of the same obligation, the day on which the last act or omission in the series occurs;

(c) in the case of a default in performing a demand obligation, the day on which the default occurs.  2002, c. 24, Sched. B, s. 15 (6).

NO LIMITATION PERIOD

**No limitation period**

**16.** (1)  There is no limitation period in respect of,

(a) a proceeding for a declaration if no consequential relief is sought;

(b) a proceeding to enforce an order of a court, or any other order that may be enforced in the same way as an order of a court;

(c) a proceeding to obtain support under the *Family Law Act* or to enforce a provision for support or maintenance contained in a contract or agreement that could be filed under section 35 of that Act;

(d) a proceeding to enforce an award in an arbitration to which the *Arbitration Act, 1991* applies;

(e) a proceeding under section 8 or 11.2 of the *Civil Remedies Act, 2001*;

(f) a proceeding by a debtor in possession of collateral to redeem it;

(g) a proceeding by a creditor in possession of collateral to realize on it;

(h) a proceeding arising from a sexual assault if at the time of the assault one of the parties to it had charge of the person assaulted, was in a position of trust or authority in relation to the person or was someone on whom he or she was dependent, whether financially or otherwise;

(i) a proceeding to recover money owing to the Crown in respect of,

    (i) fines, taxes and penalties, or

    (ii) interest that may be added to a tax or penalty under an Act;

(j) a proceeding described in subsection (2) that is brought by,

    (i) the Crown, or

    (ii) a delivery agent under the *Ontario Disability Support Program Act, 1997* or the *Ontario Works Act, 1997*; or

(k) a proceeding to recover money owing in respect of student loans, awards and grants made under the *Ministry of Training, Colleges and Universities Act*, the *Canada Student Financial Assistance Act* or the *Canada Student Loans Act*.  2002, c. 24, Sched. B, s. 16 (1); 2007, c. 13, s. 44 (1).

**Same**

(2)  Clause (1) (j) applies to proceedings in respect of claims relating to,

(a) the administration of social, health or economic programs; or

(b) the provision of direct or indirect support to members of the public in connection with social, health or economic policy.  2002, c. 24, Sched. B, s. 16 (2).

**Same**

(3)  Without limiting the generality of subsection (2), clause (1) (j) applies to proceedings in respect of claims for,

(a) the recovery of social assistance payments, student loans, awards, grants, contributions and economic development loans; and

(b) the reimbursement of money paid in connection with social, health or economic programs or policies as a result of fraud, misrepresentation, error or inadvertence.  2002, c. 24, Sched. B, s. 16 (3).

**Conflict with s. 15**

(4)  This section and section 17 prevail over anything in section 15.  2002, c. 24, Sched. B, s. 16 (4).

**Undiscovered environmental claims**

**17.**  There is no limitation period in respect of an environmental claim that has not been discovered.  2002, c. 24, Sched. B, s. 17.

GENERAL RULES

**Contribution and indemnity**

7

**18.** (1) For the purposes of subsection 5 (2) and section 15, in the case of a claim by one alleged wrongdoer against another for contribution and indemnity, the day on which the first alleged wrongdoer was served with the claim in respect of which contribution and indemnity is sought shall be deemed to be the day the act or omission on which that alleged wrongdoer's claim is based took place. 2002, c. 24, Sched. B, s. 18 (1).

**Application**

(2) Subsection (1) applies whether the right to contribution and indemnity arises in respect of a tort or otherwise. 2002, c. 24, Sched. B, s. 18 (2).

**Other Acts, etc.**

**19.** (1) A limitation period set out in or under another Act that applies to a claim to which this Act applies is of no effect unless,

  (a) the provision establishing it is listed in the Schedule to this Act; or

  (b) the provision establishing it,

    (i) is in existence on the day this Act comes into force, and

    (ii) incorporates by reference a provision listed in the Schedule to this Act. 2002, c. 24, Sched. B, s. 19 (1).

**Act prevails**

(2) Subsection (1) applies despite any other Act. 2002, c. 24, Sched. B, s. 19 (2).

**Interpretation**

(3) The fact that a provision is listed in the Schedule shall not be construed as a statement that the limitation period established by the provision would otherwise apply to a claim as defined in this Act. 2002, c. 24, Sched. B, s. 19 (3).

**Same**

(4) If there is a conflict between a limitation period established by a provision referred to in subsection (1) and one established by any other provision of this Act, the limitation period established by the provision referred to in subsection (1) prevails. 2002, c. 24, Sched. B, s. 19 (4).

**Period not to run**

(5) Sections 6, 7 and 11 apply, with necessary modifications, to a limitation period established by a provision referred to in subsection (1). 2002, c. 24, Sched. B, s. 19 (5).

**Statutory variation of time limits**

**20.** This Act does not affect the extension, suspension or other variation of a limitation period or other time limit by or under another Act. 2002, c. 24, Sched. B, s. 20.

**Adding party**

**21.** (1) If a limitation period in respect of a claim against a person has expired, the claim shall not be pursued by adding the person as a party to any existing proceeding. 2002, c. 24, Sched. B, s. 21 (1).

**Misdescription**

(2) Subsection (1) does not prevent the correction of a misnaming or misdescription of a party. 2002, c. 24, Sched. B, s. 21 (2).

**Limitation periods apply despite agreements**

**22.** (1) A limitation period under this Act applies despite any agreement to vary or exclude it, subject only to the exceptions in subsections (2) to (6). 2006, c. 21, Sched. D, s. 2.

**Exception**

(2) A limitation period under this Act may be varied or excluded by an agreement made before January 1, 2004. 2006, c. 21, Sched. D, s. 2.

**Same**

(3) A limitation period under this Act, other than one established by section 15, may be suspended or extended by an agreement made on or after the effective date. 2006, c. 21, Sched. D, s. 2.

**Same**

(4) A limitation period established by section 15 may be suspended or extended by an agreement made on or after the effective date, but only if the relevant claim has been discovered. 2006, c. 21, Sched. D, s. 2.

**Same**

(5) The following exceptions apply only in respect of business agreements:

1. A limitation period under this Act, other than one established by section 15, may be varied or excluded by an agreement made on or after the effective date.

2. A limitation period established by section 15 may be varied by an agreement made on or after the effective date, except that it may be suspended or extended only in accordance with subsection (4). 2006, c. 21, Sched. D, s. 2.

**Definitions**

(6) In this section,

"business agreement" means an agreement made by parties none of whom is a consumer as defined in the *Consumer Protection Act, 2002*; ("accord commercial")

"effective date" means the day the *Access to Justice Act, 2006* receives Royal Assent; ("date d'entrée en vigueur")

"vary" includes extend, shorten and suspend. ("modifier") 2006, c. 21, Sched. D, s. 2.

**Conflict of laws**

**23.** For the purpose of applying the rules regarding conflict of laws, the limitations law of Ontario or any other jurisdiction is substantive law. 2002, c. 24, Sched. B, s. 23.

**Transition**

**Definitions**

**24.** (1) In this section,

"effective date" means the day on which this Act comes into force; ("date de l'entrée en vigueur")

"former limitation period" means the limitation period that applied in respect of the claim before the coming into force of this Act. ("ancien délai de prescription") 2002, c. 24, Sched. B, s. 24 (1).

**Application**

(2) This section applies to claims based on acts or omissions that took place before the effective date and in respect of which no proceeding has been commenced before the effective date. 2002, c. 24, Sched. B, s. 24 (2).

**Former limitation period expired**

(3) If the former limitation period expired before the effective date, no proceeding shall be commenced in respect of the claim. 2002, c. 24, Sched. B, s. 24 (3).

**Former limitation period unexpired**

(4) If the former limitation period did not expire before the effective date and if no limitation period under this Act would apply were the claim based on an act or omission that took place on or after the effective date, there is no limitation period. 2002, c. 24, Sched. B, s. 24 (4).

**Same**

(5) If the former limitation period did not expire before the effective date and if a limitation period under this Act would apply were the claim based on an act or omission that took place on or after the effective date, the following rules apply:

1. If the claim was not discovered before the effective date, this Act applies as if the act or omission had taken place on the effective date.

2. If the claim was discovered before the effective date, the former limitation period applies. 2002, c. 24, Sched. B, s. 24 (5).

**No former limitation period**

(6) If there was no former limitation period and if a limitation period under this Act would apply were the claim based on an act or omission that took place on or after the effective date, the following rules apply:

1. If the claim was not discovered before the effective date, this Act applies as if the act or omission had taken place on the effective date.

2. If the claim was discovered before the effective date, there is no limitation period. 2002, c. 24, Sched. B, s. 24 (6).

**Assault and sexual assault**

9

(7) In the case of a claim based on an assault or sexual assault that the defendant committed, knowingly aided or encouraged, or knowingly permitted the defendant's agent or employee to commit, the following rules apply, even if the former limitation period expired before the effective date:

1. If section 10 would apply were the claim based on an assault or sexual assault that took place on or after the effective date, section 10 applies to the claim, with necessary modifications.

2. If no limitation period under this Act would apply were the claim based on a sexual assault that took place on or after the effective date, there is no limitation period. 2002, c. 24, Sched. B, s. 24 (7).

**Agreements**

(8) This section is subject to any agreement to vary or exclude a limitation period that was made before the day this Act comes into force. 2002, c. 24, Sched. B, s. 24 (8).

**25.-49.** OMITTED (AMENDS OR REPEALS OTHER ACTS). 2002, c. 24, Sched. B, ss. 25-49.

**50.** OMITTED (AMENDS THE SCHEDULE TO THIS ACT). 2002, c. 24, Sched. B, s. 50.

**51.** OMITTED (PROVIDES FOR COMING INTO FORCE OF PROVISIONS OF THIS ACT). 2002, c. 24, Sched. B, s. 51.

**52.** OMITTED (ENACTS SHORT TITLE OF THIS ACT). 2002, c. 24, Sched. B, s. 52.

SCHEDULE
(SECTION 19)

| Act | Provision |
| --- | --- |
| Assignments and Preferences Act | subsections 26 (2) and 27 (2) |
| Bulk Sales Act | section 19 |
| Business Corporations Act | subsections 157 (2), 185 (18) and (19), 188 (9), (13) and (14), and 189 (5) |
| Business Practices Act | subsection 4 (5) |
| City of Toronto Act, 2006 | subsections 214 (4), 250 (2) and 351 (4) |
| Civil Remedies Act, 2001 | subsections 3 (5) and 13 (7) |
| Commodity Futures Act | section 60.4 |
| Community Small Business Investment Funds Act | subsections 40 (8) and (9) |
| Construction Lien Act | sections 31 and 36 |
| Corporations Act | subsection 37 (2) |
| Creditors' Relief Act | subsections 12 (2) and 32 (6) |
| Drainage Act | section 111 |
| Education Act | subsection 218 (2) |
| Election Act | subsection 99 (4) |
| Environmental Bill of Rights, 1993 | section 102 |
| Environmental Protection Act | subsection 108 (1) |
| Estates Act | subsections 44 (2) and 45 (2) and section 47 |
| Estates Administration Act | subsection 17 (5) |
| Expropriations Act | section 43 |
| Family Law Act | subsection 7 (3) |
| Fines and Forfeitures Act | subsection 6 (2) |
| Forestry Workers Lien for Wages Act | subsections 8 (1) and 26 (1) |
| Fuel Tax Act | subsection 8 (13) |
| Gasoline Tax Act | subsection 5 (13) |
| Income Tax Act | section 38 |
| Insurance Act | section 148, statutory condition 14, section 259.1 and section 281.1 |
| Libel and Slander Act | section 6 |
| Liquor Licence Act | subsection 44.1 (4) |
| Mortgages Act | subsections 21 (2) and 54 (2) |
| Municipal Act, 2001 | subsections 273 (5), 380 (4) and 415 (2) |
| Municipal Conflict of Interest Act | subsections 9 (1) and (3) |
| Municipal Elections Act, 1996 | subsections 58 (2), 63 (1), 80 (6) and 83 (2) |
| Ontario Home Ownership Savings Plan Act | section 18 |
| Personal Property Security Act | subsections 44 (13) and (14) |
| Prohibiting Profiting from Recounting Crimes Act, 2002 | subsections 4 (5) and 6 (6) |
| Public Lands Act | subsection 34 (3) |
| Reciprocal Enforcement of Judgments Act | subsection 2 (1) |

10

| | |
|---|---|
| Reciprocal Enforcement of Judgments (U.K.) Act | paragraph 1 of article iii of the Schedule |
| Securities Act | section 129.1, subsection 136 (5) and sections 138 and 138.14 |
| Succession Law Reform Act | section 61 |
| Tile Drainage Act | subsection 2 (3) |
| Tobacco Tax Act | subsections 6 (10) and 24 (5) |
| Trustee Act | subsection 38 (3) |

2002, c. 24, Sched. B, Sched.; 2002, c. 24, Sched. B, s. 50; 2004, c. 16, Sched. D, Table; 2004, c. 31, Sched. 22, s. 1; 2006, c. 32, Sched. C, s. 29; 2007, c. 13, s. 44 (2).

---

Français

Back to top

# TAB 11



Canadian Legal Information Institute

Home > Ontario > Statutes and Regulations > S.O.
1992, c. 6 > Complete text                    Français | English

# Class Proceedings Act, 1992, S.O. 1992, c. 6

Citation:     Class Proceedings Act, 1992, S.O. 1992, c. 6
Information   Consolidation: Amended by: 2006, c. 19, Sched. C, s. 1 (1).
about this
text:
URL:          http://www.canlii.org/on/laws/sta/1992c.6/20070117/whole.html
Version downloaded by CanLII on 2007-01-17

Warning: This document predates the last update of the collection. It might have been modified or
omitted since this last update.

Class Proceedings Act, 1992

S.O. 1992, Chapter 6

**Notice of Currency:*** This document is up to date.

within two business days of accessing this document. For more current amendment information, see
the Table of Public Statutes – Legislative History Overview.

Amended by: 2006, c. 19, Sched. C, s. 1 (1).

Skip Table of Contents

CONTENTS

| | |
|---|---|
| 1. | Definitions |
| 2. | Plaintiff's class proceeding |
| 3. | Defendant's class proceeding |
| 4. | Classing defendants |
| 5. | Certification |
| 6. | Certain matters not bar to certification |
| 7. | Refusal to certify: proceeding may continue in altered for |
| 8. | Contents of certification order |
| 9. | Opting out |
| 10. | Where it appears conditions for certification not satisfied |
| 11. | Stages of class proceedings |
| 12. | Court may determine conduct of proceeding |
| 13. | Court may stay any other proceeding |
| 14. | Participation of class members |
| 15. | Discovery |
| 16. | Examination of class members before a motion or applica |
| 17. | Notice of certification |

| 18. | Notice where individual participation is required |
| 19. | Notice to protect interests of affected persons |
| 20. | Approval of notice by the court |
| 21. | Delivery of notice |
| 22. | Costs of notice |
| 23. | Statistical evidence |
| 24. | Aggregate assessment of monetary relief |
| 25. | Individual issues |
| 26. | Judgment distribution |
| 27. | Judgment on common issues |
| 28. | Limitations |
| 29. | Discontinuance, abandonment and settlement |
| 30. | Appeals |
| 31. | Costs |
| 32. | Fees and disbursements |
| 33. | Agreements for payment only in the event of success |
| 34. | Motions |
| 35. | Rules of court |
| 36. | Crown bound |
| 37. | Application of Act |

Definitions

**1.** In this Act,

"common issues" means,

(a)   common but not necessarily identical issues of fact, or

(b)   common but not necessarily identical issues of law that arise from common but not necessarily identical facts; ("questions communes")

"court" means the Superior Court of Justice but does not include the Small Claims Court; ("tribunal")

"defendant" includes a respondent; ("défendeur")

"plaintiff" includes an applicant. ("demandeur")  1992, c. 6, s. 1; 2006, c. 19, Sched. C, s. 1 (1).

Plaintiff's class proceeding

**2.** (1) One or more members of a class of persons may commence a proceeding in the court on behalf of the members of the class.  1992, c. 6, s. 2 (1).

Motion for certification

(2)  A person who commences a proceeding under subsection (1) shall make a motion to a judge of the court for an order certifying the proceeding as a class proceeding and appointing the person representative plaintiff.  1992, c. 6, s. 2 (2).

Idem

(3)  A motion under subsection (2) shall be made,

(a)  within ninety days after the later of,

(i)  the date on which the last statement of defence, notice of intent to defend or notice of appearance is delivered, and

(ii)  the date on which the time prescribed by the rules of court for delivery of the last statement of defence, notice of intent to defend or a notice of appearance expires without its being delivered; or

(b)  subsequently, with leave of the court.  1992, c. 6, s. 2 (3).

### Defendant's class proceeding

**3.**  A defendant to two or more proceedings may, at any stage of one of the proceedings, make a motion to a judge of the court for an order certifying the proceedings as a class proceeding and appointing a representative plaintiff.  1992, c. 6, s. 3.

### Classing defendants

**4.**  Any party to a proceeding against two or more defendants may, at any stage of the proceeding, make a motion to a judge of the court for an order certifying the proceeding as a class proceeding and appointing a representative defendant.  1992, c. 6, s. 4.

### Certification

**5.**  (1)  The court shall certify a class proceeding on a motion under section 2, 3 or 4 if,

(a)  the pleadings or the notice of application discloses a cause of action;

(b)  there is an identifiable class of two or more persons that would be represented by the representative plaintiff or defendant;

(c)  the claims or defences of the class members raise common issues;

(d)  a class proceeding would be the preferable procedure for the resolution of the common issues; and

(e)  there is a representative plaintiff or defendant who,

(i)  would fairly and adequately represent the interests of the class,

(ii)  has produced a plan for the proceeding that sets out a workable method of advancing the proceeding on behalf of the class and of notifying class members of the proceeding, and

(iii)  does not have, on the common issues for the class, an interest in conflict with the interests of other class members.  1992, c. 6, s. 5 (1).

### Idem, subclass protection

(2)  Despite subsection (1), where a class includes a subclass whose members have claims or defences that raise common issues not shared by all the class members, so that, in the opinion of the court, the protection of the interests of the subclass members requires that they be separately represented, the court shall not certify the class proceeding unless there is a representative plaintiff

or defendant who,

    (a)   would fairly and adequately represent the interests of the subclass;

    (b)   has produced a plan for the proceeding that sets out a workable method of advancing the proceeding on behalf of the subclass and of notifying subclass members of the proceeding; and

    (c)   does not have, on the common issues for the subclass, an interest in conflict with the interests of other subclass members.  1992, c. 6, s. 5 (2).

Evidence as to size of class

    (3)  Each party to a motion for certification shall, in an affidavit filed for use on the motion, provide the party's best information on the number of members in the class.  1992, c. 6, s. 5 (3).

Adjournments

    (4)  The court may adjourn the motion for certification to permit the parties to amend their materials or pleadings or to permit further evidence.  1992, c. 6, s. 5 (4).

Certification not a ruling on merits

    (5)  An order certifying a class proceeding is not a determination of the merits of the proceeding. 1992, c. 6, s. 5 (5).

Certain matters not bar to certification

    **6.**  The court shall not refuse to certify a proceeding as a class proceeding solely on any of the following grounds:

    1.   The relief claimed includes a claim for damages that would require individual assessment after determination of the common issues.

    2.   The relief claimed relates to separate contracts involving different class members.

    3.   Different remedies are sought for different class members.

    4.   The number of class members or the identity of each class member is not known.

    5.   The class includes a subclass whose members have claims or defences that raise common issues not shared by all class members.  1992, c. 6, s. 6.

Refusal to certify: proceeding may continue in altered form

    **7.**  Where the court refuses to certify a proceeding as a class proceeding, the court may permit the proceeding to continue as one or more proceedings between different parties and, for the purpose, the court may,

    (a)   order the addition, deletion or substitution of parties;

    (b)   order the amendment of the pleadings or notice of application; and

    (c)   make any further order that it considers appropriate.  1992, c. 6, s. 7.

Contents of certification order

**8.** (1) An order certifying a proceeding as a class proceeding shall,

   (a)   describe the class;

   (b)   state the names of the representative parties;

   (c)   state the nature of the claims or defences asserted on behalf of the class;

   (d)   state the relief sought by or from the class;

   (e)   set out the common issues for the class; and

   (f)   specify the manner in which class members may opt out of the class proceeding and a date after which class members may not opt out.  1992, c. 6, s. 8 (1).

Subclass protection

(2) Where a class includes a subclass whose members have claims or defences that raise common issues not shared by all the class members, so that, in the opinion of the court, the protection of the interests of the subclass members requires that they be separately represented, subsection (1) applies with necessary modifications in respect of the subclass.  1992, c. 6, s. 8 (2).

Amendment of certification order

(3) The court, on the motion of a party or class member, may amend an order certifying a proceeding as a class proceeding.  1992, c. 6, s. 8 (3).

Opting out

**9.** Any member of a class involved in a class proceeding may opt out of the proceeding in the manner and within the time specified in the certification order. 1992, c. 6, s. 9.

Where it appears conditions for certification not satisfied

**10.** (1) On the motion of a party or class member, where it appears to the court that the conditions mentioned in subsections 5 (1) and (2) are not satisfied with respect to a class proceeding, the court may amend the certification order, may decertify the proceeding or may make any other order it considers appropriate.  1992, c. 6, s. 10 (1).

Proceeding may continue in altered form

(2) Where the court makes a decertification order under subsection (1), the court may permit the proceeding to continue as one or more proceedings between different parties.  1992, c. 6, s. 10 (2).

Powers of court

(3) For the purposes of subsections (1) and (2), the court has the powers set out in clauses 7 (a) to (c).  1992, c. 6, s. 10 (3).

Stages of class proceedings

**11.** (1) Subject to section 12, in a class proceeding,

   (a)   common issues for a class shall be determined together;

(b)    common issues for a subclass shall be determined together; and

(c)    individual issues that require the participation of individual class members shall be determined individually in accordance with sections 24 and 25.  1992, c. 6, s. 11 (1).

Separate judgments

(2)  The court may give judgment in respect of the common issues and separate judgments in respect of any other issue.  1992, c. 6, s. 11 (2).

Court may determine conduct of proceeding

**12.**  The court, on the motion of a party or class member, may make any order it considers appropriate respecting the conduct of a class proceeding to ensure its fair and expeditious determination and, for the purpose, may impose such terms on the parties as it considers appropriate.  1992, c. 6, s. 12.

Court may stay any other proceeding

**13.**  The court, on its own initiative or on the motion of a party or class member, may stay any proceeding related to the class proceeding before it, on such terms as it considers appropriate.  1992, c. 6, s. 13.

Participation of class members

**14.**  (1)  In order to ensure the fair and adequate representation of the interests of the class or any subclass or for any other appropriate reason, the court may, at any time in a class proceeding, permit one or more class members to participate in the proceeding.  1992, c. 6, s. 14 (1).

Idem

(2)  Participation under subsection (1) shall be in whatever manner and on whatever terms, including terms as to costs, the court considers appropriate.  1992, c. 6, s. 14 (2).

Discovery

Discovery of parties

**15.**  (1)  Parties to a class proceeding have the same rights of discovery under the rules of court against one another as they would have in any other proceeding.  1992, c. 6, s. 15 (1).

Discovery of class members with leave

(2)  After discovery of the representative party, a party may move for discovery under the rules of court against other class members.  1992, c. 6, s. 15 (2).

Idem

(3)  In deciding whether to grant leave to discover other class members, the court shall consider,

(a)    the stage of the class proceeding and the issues to be determined at that stage;

(b)    the presence of subclasses;

(c)    whether the discovery is necessary in view of the claims or defences of the party seeking leave;

(d)    the approximate monetary value of individual claims, if any;

(e)    whether discovery would result in oppression or in undue annoyance, burden or expense for the class members sought to be discovered; and

(f)    any other matter the court considers relevant.  1992, c. 6, s. 15 (3).

Idem

(4)  A class member is subject to the same sanctions under the rules of court as a party for failure to submit to discovery.  1992, c. 6, s. 15 (4).

Examination of class members before a motion or application

**16.**  (1)  A party shall not require a class member other than a representative party to be examined as a witness before the hearing of a motion or application, except with leave of the court. 1992, c. 6, s. 16 (1).

Idem

(2)  Subsection 15 (3) applies with necessary modifications to a decision whether to grant leave under subsection (1).  1992, c. 6, s. 16 (2).

Notice of certification

**17.**  (1)  Notice of certification of a class proceeding shall be given by the representative party to the class members in accordance with this section.  1992, c. 6, s. 17 (1).

Court may dispense with notice

(2)  The court may dispense with notice if, having regard to the factors set out in subsection (3), the court considers it appropriate to do so.  1992, c. 6, s. 17 (2).

Order respecting notice

(3)  The court shall make an order setting out when and by what means notice shall be given under this section and in so doing shall have regard to,

(a)    the cost of giving notice;

(b)    the nature of the relief sought;

(c)    the size of the individual claims of the class members;

(d)    the number of class members;

(e)    the places of residence of class members; and

(f)    any other relevant matter.  1992, c. 6, s. 17 (3).

Idem

(4)  The court may order that notice be given,

(a)    personally or by mail;

    (b)   by posting, advertising, publishing or leafleting;

    (c)   by individual notice to a sample group within the class; or

    (d)   by any means or combination of means that the court considers appropriate.  1992, c. 6, s. 17 (4).

Idem

    (5)  The court may order that notice be given to different class members by different means. 1992, c. 6, s. 17 (5).

Contents of notice

    (6)  Notice under this section shall, unless the court orders otherwise,

    (a)   describe the proceeding, including the names and addresses of the representative parties and the relief sought;

    (b)   state the manner by which and time within which class members may opt out of the proceeding;

    (c)   describe the possible financial consequences of the proceeding to class members;

    (d)   summarize any agreements between representative parties and their solicitors respecting fees and disbursements;

    (e)   describe any counterclaim being asserted by or against the class, including the relief sought in the counterclaim;

    (f)   state that the judgment, whether favourable or not, will bind all class members who do not opt out of the proceeding;

    (g)   describe the right of any class member to participate in the proceeding;

    (h)   give an address to which class members may direct inquiries about the proceeding; and

    (i)   give any other information the court considers appropriate.  1992, c. 6, s. 17 (6).

Solicitations of contributions

    (7)  With leave of the court, notice under this section may include a solicitation of contributions from class members to assist in paying solicitor's fees and disbursements.  1992, c. 6, s. 17 (7).

Notice where individual participation is required

    **18.**  (1)  When the court determines common issues in favour of a class and considers that the participation of individual class members is required to determine individual issues, the representative party shall give notice to those members in accordance with this section.  1992, c. 6, s. 18 (1).

Idem

    (2)  Subsections 17 (3) to (5) apply with necessary modifications to notice given under this section.  1992, c. 6, s. 18 (2).

Contents of notice

(3) Notice under this section shall,

(a)  state that common issues have been determined in favour of the class;

(b)  state that class members may be entitled to individual relief;

(c)  describe the steps to be taken to establish an individual claim;

(d)  state that failure on the part of a class member to take those steps will result in the member not being entitled to assert an individual claim except with leave of the court;

(e)  give an address to which class members may direct inquiries about the proceeding; and

(f)  give any other information that the court considers appropriate.  1992, c. 6, s. 18 (3).

Notice to protect interests of affected persons

**19.** (1) At any time in a class proceeding, the court may order any party to give such notice as it considers necessary to protect the interests of any class member or party or to ensure the fair conduct of the proceeding.  1992, c. 6, s. 19 (1).

Idem

(2) Subsections 17 (3) to (5) apply with necessary modifications to notice given under this section.  1992, c. 6, s. 19 (2).

Approval of notice by the court

**20.** A notice under section 17, 18 or 19 shall be approved by the court before it is given.  1992, c. 6, s. 20.

Delivery of notice

**21.** The court may order a party to deliver, by whatever means are available to the party, the notice required to be given by another party under section 17, 18 or 19, where that is more practical. 1992, c. 6, s. 21.

Costs of notice

**22.** (1) The court may make any order it considers appropriate as to the costs of any notice under section 17, 18 or 19, including an order apportioning costs among parties.  1992, c. 6, s. 22 (1).

Idem

(2) In making an order under subsection (1), the court may have regard to the different interests of a subclass.  1992, c. 6, s. 22 (2).

Statistical evidence

**23.** (1) For the purposes of determining issues relating to the amount or distribution of a monetary award under this Act, the court may admit as evidence statistical information that would not otherwise be admissible as evidence, including information derived from sampling, if the information was compiled in accordance with principles that are generally accepted by experts in the field of

statistics.  1992, c. 6, s. 23 (1).

Idem

(2)  A record of statistical information purporting to be prepared or published under the authority of the Parliament of Canada or the legislature of any province or territory of Canada may be admitted as evidence without proof of its authenticity.  1992, c. 6, s. 23 (2).

Notice

(3)  Statistical information shall not be admitted as evidence under this section unless the party seeking to introduce the information has,

(a)   given reasonable notice of it to the party against whom it is to be used, together with a copy of the information;

(b)   complied with subsections (4) and (5); and

(c)   complied with any requirement to produce documents under subsection (7).  1992, c. 6, s. 23 (3).

Contents of notice

(4)  Notice under this section shall specify the source of any statistical information sought to be introduced that,

(a)   was prepared or published under the authority of the Parliament of Canada or the legislature of any province or territory of Canada;

(b)   was derived from market quotations, tabulations, lists, directories or other compilations generally used and relied on by members of the public; or

(c)   was derived from reference material generally used and relied on by members of an occupational group.  1992, c. 6, s. 23 (4).

Idem

(5)  Except with respect to information referred to in subsection (4), notice under this section shall,

(a)   specify the name and qualifications of each person who supervised the preparation of statistical information sought to be introduced; and

(b)   describe any documents prepared or used in the course of preparing the statistical information sought to be introduced.  1992, c. 6, s. 23 (5).

Cross-examination

(6)  A party against whom statistical information is sought to be introduced under this section may require, for the purposes of cross-examination, the attendance of any person who supervised the preparation of the information.  1992, c. 6, s. 23 (6).

Production of documents

(7)  Except with respect to information referred to in subsection (4), a party against whom statistical information is sought to be introduced under this section may require the party seeking to

introduce it to produce for inspection any document that was prepared or used in the course of preparing the information, unless the document discloses the identity of persons responding to a survey who have not consented in writing to the disclosure. 1992, c. 6, s. 23 (7).

Aggregate assessment of monetary relief

**24.** (1) The court may determine the aggregate or a part of a defendant's liability to class members and give judgment accordingly where,

   (a)   monetary relief is claimed on behalf of some or all class members;

   (b)   no questions of fact or law other than those relating to the assessment of monetary relief remain to be determined in order to establish the amount of the defendant's monetary liability; and

   (c)   the aggregate or a part of the defendant's liability to some or all class members can reasonably be determined without proof by individual class members. 1992, c. 6, s. 24 (1).

Average or proportional application

   (2) The court may order that all or a part of an award under subsection (1) be applied so that some or all individual class members share in the award on an average or proportional basis. 1992, c. 6, s. 24 (2).

Idem

   (3) In deciding whether to make an order under subsection (2), the court shall consider whether it would be impractical or inefficient to identify the class members entitled to share in the award or to determine the exact shares that should be allocated to individual class members. 1992, c. 6, s. 24 (3).

Court to determine whether individual claims need to be made

   (4) When the court orders that all or a part of an award under subsection (1) be divided among individual class members, the court shall determine whether individual claims need to be made to give effect to the order. 1992, c. 6, s. 24 (4).

Procedures for determining claims

   (5) Where the court determines under subsection (4) that individual claims need to be made, the court shall specify procedures for determining the claims. 1992, c. 6, s. 24 (5).

Idem

   (6) In specifying procedures under subsection (5), the court shall minimize the burden on class members and, for the purpose, the court may authorize,

   (a)   the use of standardized proof of claim forms;

   (b)   the receipt of affidavit or other documentary evidence; and

   (c)   the auditing of claims on a sampling or other basis. 1992, c. 6, s. 24 (6).

Time limits for making claims

   (7) When specifying procedures under subsection (5), the court shall set a reasonable time within which individual class members may make claims under this section. 1992, c. 6, s. 24 (7).

Idem

(8)  A class member who fails to make a claim within the time set under subsection (7) may not later make a claim under this section except with leave of the court.  1992, c. 6, s. 24 (8).

Extension of time

(9)  The court may give leave under subsection (8) if it is satisfied that,

(a)   there are apparent grounds for relief;

(b)   the delay was not caused by any fault of the person seeking the relief; and

(c)   the defendant would not suffer substantial prejudice if leave were given.  1992, c. 6, s. 24 (9).

Court may amend subs. (1) judgment

(10)  The court may amend a judgment given under subsection (1) to give effect to a claim made with leave under subsection (8) if the court considers it appropriate to do so.  1992, c. 6, s. 24 (10).

Individual issues

**25.**  (1)  When the court determines common issues in favour of a class and considers that the participation of individual class members is required to determine individual issues, other than those that may be determined under section 24, the court may,

(a)   determine the issues in further hearings presided over by the judge who determined the common issues or by another judge of the court;

(b)   appoint one or more persons to conduct a reference under the rules of court and report back to the court; and

(c)   with the consent of the parties, direct that the issues be determined in any other manner.  1992, c. 6, s. 25 (1).

Directions as to procedure

(2)  The court shall give any necessary directions relating to the procedures to be followed in conducting hearings, inquiries and determinations under subsection (1), including directions for the purpose of achieving procedural conformity.  1992, c. 6, s. 25 (2).

Idem

(3)  In giving directions under subsection (2), the court shall choose the least expensive and most expeditious method of determining the issues that is consistent with justice to class members and the parties and, in so doing, the court may,

(a)   dispense with any procedural step that it considers unnecessary; and

(b)   authorize any special procedural steps, including steps relating to discovery, and any special rules, including rules relating to admission of evidence and means of proof, that it considers appropriate.  1992, c. 6, s. 25 (3).

Time limits for making claims

(4)  The court shall set a reasonable time within which individual class members may make claims under this section.  1992, c. 6, s. 25 (4).

Idem

(5)  A class member who fails to make a claim within the time set under subsection (4) may not later make a claim under this section except with leave of the court.  1992, c. 6, s. 25 (5).

Extension of time

(6)  Subsection 24 (9) applies with necessary modifications to a decision whether to give leave under subsection (5).  1992, c. 6, s. 25 (6).

Determination under cl. (1)  (c) deemed court order

(7)  A determination under clause (1) (c) is deemed to be an order of the court.  1992, c. 6, s. 25 (7).

Judgment distribution

**26.**  (1)  The court may direct any means of distribution of amounts awarded under section 24 or 25 that it considers appropriate.  1992, c. 6, s. 26 (1).

Idem

(2)  In giving directions under subsection (1), the court may order that,

(a)  the defendant distribute directly to class members the amount of monetary relief to which each class member is entitled by any means authorized by the court, including abatement and credit;

(b)  the defendant pay into court or some other appropriate depository the total amount of the defendant's liability to the class until further order of the court; and

(c)  any person other than the defendant distribute directly to class members the amount of monetary relief to which each member is entitled by any means authorized by the court.  1992, c. 6, s. 26 (2).

Idem

(3)  In deciding whether to make an order under clause (2) (a), the court shall consider whether distribution by the defendant is the most practical way of distributing the award for any reason, including the fact that the amount of monetary relief to which each class member is entitled can be determined from the records of the defendant.  1992, c. 6, s. 26 (3).

Idem

(4)  The court may order that all or a part of an award under section 24 that has not been distributed within a time set by the court be applied in any manner that may reasonably be expected to benefit class members, even though the order does not provide for monetary relief to individual class members, if the court is satisfied that a reasonable number of class members who would not otherwise receive monetary relief would benefit from the order.  1992, c. 6, s. 26 (4).

Idem

(5)  The court may make an order under subsection (4) whether or not all class members can be identified or all of their shares can be exactly determined.  1992, c. 6, s. 26 (5).

Idem

(6) The court may make an order under subsection (4) even if the order would benefit,

(a)    persons who are not class members; or

(b)    persons who may otherwise receive monetary relief as a result of the class proceeding.
1992, c. 6, s. 26 (6).

Supervisory role of the court

(7) The court shall supervise the execution of judgments and the distribution of awards under
section 24 or 25 and may stay the whole or any part of an execution or distribution for a reasonable
period on such terms as it considers appropriate.  1992, c. 6, s. 26 (7).

Payment of awards

(8) The court may order that an award made under section 24 or 25 be paid,

(a)    in a lump sum, forthwith or within a time set by the court; or

(b)    in instalments, on such terms as the court considers appropriate.  1992, c. 6, s. 26 (8).

Costs of distribution

(9) The court may order that the costs of distribution of an award under section 24 or 25,
including the costs of notice associated with the distribution and the fees payable to a person
administering the distribution, be paid out of the proceeds of the judgment or may make such other
order as it considers appropriate.  1992, c. 6, s. 26 (9).

Return of unclaimed amounts

(10) Any part of an award for division among individual class members that remains unclaimed
or otherwise undistributed after a time set by the court shall be returned to the party against whom
the award was made, without further order of the court.  1992, c. 6, s. 26 (10).

Judgment on common issues

**27.** (1) A judgment on common issues of a class or subclass shall,

(a)    set out the common issues;

(b)    name or describe the class or subclass members;

(c)    state the nature of the claims or defences asserted on behalf of the class or subclass; and

(d)    specify the relief granted.  1992, c. 6, s. 27 (1).

Effect of judgment on common issues

(2) A judgment on common issues of a class or subclass does not bind,

(a)    a person who has opted out of the class proceeding; or

(b)    a party to the class proceeding in any subsequent proceeding between the party and a

person mentioned in clause (a). 1992, c. 6, s. 27 (2).

Idem

(3) A judgment on common issues of a class or subclass binds every class member who has not opted out of the class proceeding, but only to the extent that the judgment determines common issues that,

(a)   are set out in the certification order;

(b)   relate to claims or defences described in the certification order; and

(c)   relate to relief sought by or from the class or subclass as stated in the certification order. 1992, c. 6, s. 27 (3).

Limitations

**28.** (1) Subject to subsection (2), any limitation period applicable to a cause of action asserted in a class proceeding is suspended in favour of a class member on the commencement of the class proceeding and resumes running against the class member when,

(a)   the member opts out of the class proceeding;

(b)   an amendment that has the effect of excluding the member from the class is made to the certification order;

(c)   a decertification order is made under section 10;

(d)   the class proceeding is dismissed without an adjudication on the merits;

(e)   the class proceeding is abandoned or discontinued with the approval of the court; or

(f)   the class proceeding is settled with the approval of the court, unless the settlement provides otherwise. 1992, c. 6, s. 28 (1).

Idem

(2) Where there is a right of appeal in respect of an event described in clauses (1) (a) to (f), the limitation period resumes running as soon as the time for appeal has expired without an appeal being commenced or as soon as any appeal has been finally disposed of. 1992, c. 6, s. 28 (2).

Discontinuance, abandonment and settlement

**29.** (1) A proceeding commenced under this Act and a proceeding certified as a class proceeding under this Act may be discontinued or abandoned only with the approval of the court, on such terms as the court considers appropriate. 1992, c. 6, s. 29 (1).

Settlement without court approval not binding

(2) A settlement of a class proceeding is not binding unless approved by the court. 1992, c. 6, s. 29 (2).

Effect of settlement

(3) A settlement of a class proceeding that is approved by the court binds all class members. 1992, c. 6, s. 29 (3).

Notice: dismissal, discontinuance, abandonment or settlement

(4)  In dismissing a proceeding for delay or in approving a discontinuance, abandonment or settlement, the court shall consider whether notice should be given under section 19 and whether any notice should include,

    (a)  an account of the conduct of the proceeding;

    (b)  a statement of the result of the proceeding; and

    (c)  a description of any plan for distributing settlement funds.  1992, c. 6, s. 29 (4).

Appeals

Appeals: refusals to certify and decertification orders

**30.**  (1)  A party may appeal to the Divisional Court from an order refusing to certify a proceeding as a class proceeding and from an order decertifying a proceeding.  1992, c. 6, s. 30 (1).

Appeals: certification orders

(2)  A party may appeal to the Divisional Court from an order certifying a proceeding as a class proceeding, with leave of the Superior Court of Justice as provided in the rules of court.  1992, c. 6, s. 30 (2); 2006, c. 19, Sched. C, s. 1 (1).

Appeals: judgments on common issues and aggregate awards

(3)  A party may appeal to the Court of Appeal from a judgment on common issues and from an order under section 24, other than an order that determines individual claims made by class members.  1992, c. 6, s. 30 (3).

Appeals by class members on behalf of the class

(4)  If a representative party does not appeal or seek leave to appeal as permitted by subsection (1) or (2), or if a representative party abandons an appeal under subsection (1) or (2), any class member may make a motion to the court for leave to act as the representative party for the purposes of the relevant subsection.  1992, c. 6, s. 30 (4).

Idem

(5)  If a representative party does not appeal as permitted by subsection (3), or if a representative party abandons an appeal under subsection (3), any class member may make a motion to the Court of Appeal for leave to act as the representative party for the purposes of subsection (3).  1992, c. 6, s. 30 (5).

Appeals: individual awards

(6)  A class member may appeal to the Divisional Court from an order under section 24 or 25 determining an individual claim made by the member and awarding more than $3,000 to the member.  1992, c. 6, s. 30 (6).

Idem

(7)  A representative plaintiff may appeal to the Divisional Court from an order under section 24 determining an individual claim made by a class member and awarding more than $3,000 to the member.  1992, c. 6, s. 30 (7).

Idem

(8)  A defendant may appeal to the Divisional Court from an order under section 25 determining an individual claim made by a class member and awarding more than $3,000 to the member.  1992, c. 6, s. 30 (8).

Idem

(9)  With leave of the Superior Court of Justice as provided in the rules of court, a class member may appeal to the Divisional Court from an order under section 24 or 25,

(a)   determining an individual claim made by the member and awarding $3,000 or less to the member; or

(b)   dismissing an individual claim made by the member for monetary relief.  1992, c. 6, s. 30 (9); 2006, c. 19, Sched. C, s. 1 (1).

Idem

(10)  With leave of the Superior Court of Justice as provided in the rules of court, a representative plaintiff may appeal to the Divisional Court from an order under section 24,

(a)   determining an individual claim made by a class member and awarding $3,000 or less to the member; or

(b)   dismissing an individual claim made by a class member for monetary relief.  1992, c. 6, s. 30 (10); 2006, c. 19, Sched. C, s. 1 (1).

Idem

(11)  With leave of the Superior Court of Justice as provided in the rules of court, a defendant may appeal to the Divisional Court from an order under section 25,

(a)   determining an individual claim made by a class member and awarding $3,000 or less to the member; or

(b)   dismissing an individual claim made by a class member for monetary relief.  1992, c. 6, s. 30 (11); 2006, c. 19, Sched. C, s. 1 (1).

Costs

**31.**  (1)  In exercising its discretion with respect to costs under subsection 131 (1) of the *Courts of Justice Act*, the court may consider whether the class proceeding was a test case, raised a novel point of law or involved a matter of public interest.  1992, c. 6, s. 31 (1).

Liability of class members for costs

(2)  Class members, other than the representative party, are not liable for costs except with respect to the determination of their own individual claims.  1992, c. 6, s. 31 (2).

Small claims

(3)  Where an individual claim under section 24 or 25 is within the monetary jurisdiction of the Small Claims Court where the class proceeding was commenced, costs related to the claim shall be assessed as if the claim had been determined by the Small Claims Court.  1992, c. 6, s. 31 (3).

Fees and disbursements

**32.** (1) An agreement respecting fees and disbursements between a solicitor and a representative party shall be in writing and shall,

(a)  state the terms under which fees and disbursements shall be paid;

(b)  give an estimate of the expected fee, whether contingent on success in the class proceeding or not; and

(c)  state the method by which payment is to be made, whether by lump sum, salary or otherwise. 1992, c. 6, s. 32 (1).

Court to approve agreements

(2) An agreement respecting fees and disbursements between a solicitor and a representative party is not enforceable unless approved by the court, on the motion of the solicitor. 1992, c. 6, s. 32 (2).

Priority of amounts owed under approved agreement

(3) Amounts owing under an enforceable agreement are a first charge on any settlement funds or monetary award. 1992, c. 6, s. 32 (3).

Determination of fees where agreement not approved

(4) If an agreement is not approved by the court, the court may,

(a)  determine the amount owing to the solicitor in respect of fees and disbursements;

(b)  direct a reference under the rules of court to determine the amount owing; or

(c)  direct that the amount owing be determined in any other manner.  1992, c. 6, s. 32 (4).

Agreements for payment only in the event of success

**33.** (1) Despite the *Solicitors Act* and *An Act Respecting Champerty*, being chapter 327 of Revised Statutes of Ontario, 1897, a solicitor and a representative party may enter into a written agreement providing for payment of fees and disbursements only in the event of success in a class proceeding. 1992, c. 6, s. 33 (1).

Interpretation: success in a proceeding

(2) For the purpose of subsection (1), success in a class proceeding includes,

(a)  a judgment on common issues in favour of some or all class members; and

(b)  a settlement that benefits one or more class members.  1992, c. 6, s. 33 (2).

Definitions

(3) For the purposes of subsections (4) to (7),

"base fee" means the result of multiplying the total number of hours worked by an hourly rate; ("honoraires de base")

"multiplier" means a multiple to be applied to a base fee. ("multiplicateur")  1992, c. 6, s. 33 (3).

Agreements to increase fees by a multiplier

(4)  An agreement under subsection (1) may permit the solicitor to make a motion to the court to have his or her fees increased by a multiplier.  1992, c. 6, s. 33 (4).

Motion to increase fee by a multiplier

(5)  A motion under subsection (4) shall be heard by a judge who has,

(a)   given judgment on common issues in favour of some or all class members; or

(b)   approved a settlement that benefits any class member.  1992, c. 6, s. 33 (5).

Idem

(6)  Where the judge referred to in subsection (5) is unavailable for any reason, the regional senior judge shall assign another judge of the court for the purpose.  1992, c. 6, s. 33 (6).

Idem

(7)  On the motion of a solicitor who has entered into an agreement under subsection (4), the court,

(a)   shall determine the amount of the solicitor's base fee;

(b)   may apply a multiplier to the base fee that results in fair and reasonable compensation to the solicitor for th