THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Re: Docket Nos. 15112, 15215, 15271, 15421 |
| ) | and 16220 **and 16737** |
| | 8/29/07 Agenda Nos. 14 and 15 |

## AMENDED ORDER REGARDING THE MOTION TO ALTER OR AMEND THE COURT'S ORDER AND MEMORANDUM OPINION DISALLOWING AND EXPUNGING 71 CLAIMS ENTERED ON APRIL 17, 2007

On April 17, 2007, this court entered an Order and Memorandum Opinion disallowing and expunging 71 Asbestos PD claims filed and signed by the law firm of Speights and Runyan ("Speights") for which Speights failed to establish authority existed prior to the March 31, 2003, bar date.[1] The written authority to file the claims was either undated or dated after the bar date. In its order, the court found that Rule 3001(b)'s requirement of an "authorized agent" cannot be satisfied through ratification by the claimants of the attorney's previously unauthorized acts, when a deadline such as the bar date has passed. The court's conclusion was reached after multiple rounds of briefing commencing with the Debtors' Thirteenth Omnibus Objection to 2,937 Unauthorized Claims Filed by the Law Firm of Speights & Runyan in September 2005 and two extensive hearings before this Court, in

---

[1] Doc. Nos. 15209 and 15210.

January 2006 and August 2006.[2]

On April 27, 2007, Speights moved to "alter or amend" the court's ruling solely with respect to three claims: Bayshore Community Hospital (Claim No. 6901), Children's Hospital of Pittsburgh of UPMC Health System (Claim No. 10962) and James Memorial Hospital (Claim No. 14410).[3] Speights contends that the three claims were improperly included in the April 17, 2007, Order disallowing and expunging claims for lack of authority. Speights asserts that pursuant to this court's September 23, 2005, Order,[4] documents had been provided which established written authorization prior to the March 31, 2003, bar date. These documents are copies of signed authorizations which indicate that they were faxed to Speights prior to the bar date.[5]

On June 8, 2007, Debtors filed a response alleging that the evidence of authority attached to the Motion to Alter or Amend is unreliable and request that the motion be denied.[6] They allege that the documents are not the same documents provided in September of 2005 and that "the purported Bayshore authorization is particularly suspect."[7]

On July 2, 2007, Speights filed a motion to supplement the record in regard to

---

[2] Doc. No. 9311.

[3] Motion to Alter or Amend the Court's Order and memorandum Opinion Disallowing and Expunging 71 Claims Entered on April 17, 2007, Doc. No. 15421 ("Motion to Alter or Amend" hereinafter).

[4] "ORDERED that on or before September 23, 2005, Speights & Runyan shall provide the Debtors with following information: . . . (VI) a list of all pending claims filed by Speights & Runyan for which the claimant has provided express written authorization to file the claim and a copy of the document or, if redacted, the portion of the document that contains such proof of express written authority." Order Granting Certain Relief and Directing Certain Discovery with Respect to Speights & Runyan, Doc. No. 9501.

[5] Doc. No. 15421, Exhibits 1, 2, and 3.

[6] Debtors' Response to Speights & Runyan's Motion to Alter or Amend the Court's Order and Memorandum Opinion Disallowing and Expunging 71 Claims Entered on April 17, 2007, Doc. No. 15998.

[7] *Id.* at 6.

the motion to alter and amend.[8] At the July 23, 2007, omnibus hearing, this court granted Speights and Debtors the opportunity to submit references to the January 25-26, 2006, hearing transcripts regarding the Motion to Alter or Amend. Speights filed a summary of the record[9] on August 1, 2007, and Debtors filed a response[10] to that summary on August 8, 2007. Debtors' response argued that Speights used the supplement as an opportunity to submit additional argument and that it should be stricken from the record. This court finds that Speights' summary of the record was appropriate and did not go beyond the scope articulated at the omnibus hearing where the court directed the parties to supplement their motions.

Having reviewed the record, this court finds that is possible that these three claims were improperly included in the order disallowing and expunging 71 asbestos claims. The testimony from the January 25th hearing indicates that Speights postponed an argument over the authorization for these three claims because it would have been moot had this court allowed ratification.

> "MR. SPEIGHTS: . . .If our clients could, in fact ratify – we're dealing now almost entirely of clients who have retained us but retained us after the bar date, and if those clients could do so and ratify the earlier filing of the claim form, okay, that subset – and again some gave authority before. If ratification is the law dealing with the claim form, if I'm right on ratification we can put this issue behind us, because I think all of them go. And I want to address ratification...

---

[8] Motion to Supplement the Record Regarding Motion to Alter and Amend the Court's Order and Memorandum Opinion Disallowing and Expunging 71 Claims Entered on April 17, 2007, Doc. No. 16220.

[9] Speights & Runyan Summary of Record Motion to Alter or Amend the Court's Order and Memorandum Opinion Disallowing and Expunging 71 Claims Entered on April 17, 2007 and Motion to Supplement Record Regarding Motion to Alter or Amend the Court's Order and Memorandum Opinion Disallowing and Expunging 71 Claims Entered on April 17, 2007, Doc. No. 16466.

[10] Debtors' Response to Speights & Runyan's "Summary of Record", Doc. No. 16509.

> MR. SPEIGHTS: . . . Either they'll agree or won't agree as to authority. They may take to heart what you've said today about the telephone call, and we can almost set it up on a stipulation if you decide as to those who don't agree. I just don't see us bogging down when ratification resolves everything or certification resolves everything. THE COURT: Well, the class certification issue may resolve it. The ratification I guess will if, in fact, you can ratify under these circumstances.[11]

The transcript of the January 25-26, 2006, hearing shows that ratification was addressed without examination of the individual authority with respect to these three claims. Additionally, there is a dispute as to the reliability of the documents provided by Speights to establish authority regarding these claims and a dispute as to what documents were in fact provided in September of 2005. Therefore, we will provide a short period for parties to resubmit the documentation evidence from the January 25-26, 2006, hearing regarding authorization for Claim Nos. 6901, 10962, and 14410.

**AND NOW**, this 29th day of August, 2007, for the reasons expressed above, it is hereby **ORDERED**:

1.     Debtors' request to strike Speights & Runyan's Summary of the Record, Doc. No. 16509, is denied.

2.     On or before October 1, 2007, the parties shall (a) file the documentary evidence regarding authorization for Claim Nos. 6901, 10962, and 14410, including affidavits regarding the reliability issue raised by Debtors; and (b) address the issue of whether Speights & Runyan was relieved of its obligation under Paragraph (vi) of the September 23, 2005 Order Granting Certain Relief and Directing Certain Discovery with Respect to Speights & Runyan

---

[11] January 25, 2006, Hearing Transcript, Doc. No. 11729, at 26, 34.

(Doc. No. 9501) that "on or before September 23, 2005, Speights & Runyan shall provide the Debtors with . . . (vi) a list of all pending claims filed by Speights & Runyan for which the claimant has provided express written authorization to file the claim and a copy of the document or, if redacted, the portion of the document that contains such proof of express written authority."

3. The parties shall meet and confer in an effort to settle this dispute on or before November 1, 2007.

4. A status conference to address the need for further proceedings, if any, will be held on November 26, 2007, at 2:00 p.m., in the Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware, 19801.

Dated: September __6__, 2007

*Judith K. Fitzgerald* rmab
Judith K. Fitzgerald
United States Bankruptcy Judge