**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| W.R. Grace & Co., et al. | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | (Jointly Administered) |
| | ) | RE:  Docket Nos. 14150, 14763, 14929 |

**JACOBS & CRUMPLAR'S RESPONSE TO DEBTORS' THIRD
SET OF INTERROGATORIES TO CERTAIN ASBESTOS PERSONAL INJURY
<u>PRE-PETITION LITIGATION CLAIMANTS' LAW FIRMS</u>**

**<u>INSTRUCTIONS</u>**

1.  Each request set forth herein refers to all documents, information and property in your custody, control and possession, as well as documents and property in the Claimants' possession, custody and control.

2.  These requests are continuing to the full extent required and/or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when you obtain knowledge of, access to, or possession, custody, or control of any documents or information not previously produced which are responsive to one or more of these requests.

**<u>INTERROGATORIES</u>**

**<u>INTERROGATORY NO. 1:</u>**

Have you determined the first B-read performed for each Claimant?  If yes, state:

a)  What steps did you follow to determine the first B-read performed for each Claimant?

b)  Did you contact all doctors known to the Claimant (or his or her representatives) to determine the first B-read performed?

c)  Did you contact all counsel who have represented the Claimant in connection with Asbestos issues to determine the first B-read performed?

d)  Did you verify the first B-read with the Claimant or Claimant's representative?

e)   Have you obtained the first B-read performed for each Claimant?

f)   Have you withheld the first B-read performed for each Claimant?

g)   Have you identified to Grace all such B-reads in response to its First Set of Interrogatories?

**RESPONSE TO INTERROGATORY NO. 1:**      Yes.

(a)    Reviewed each client's medical file.
(b)    Yes.
(c)    N/A.
(d)    N/A
(e)    Yes
(f)    No.
(g)    This firm was not required to answer the first set of interrogatories.


**INTERROGATORY NO. 2:**

Have you determined the date on which each Claimant was diagnosed with an asbestos-related disease?  If yes, state:

a)    How you determined that date?

b)    Did you contact all doctors known to the Claimant (or his or her representatives, your firm, or prior counsel) to determine the date of the Claimant's first diagnosis?

c)    Did you contact all counsel who have represented the Claimant in connection with asbestos issues to determine the date of the Claimant's first diagnosis?

d)    Did you verify the date of the first diagnosis with the Claimant?

e)    Did you verify the date of the Claimant's first diagnosis through contemporaneous medical documentation reflecting the diagnosis?

f)    Have you told Grace in response to its First Set of Interrogatories the date of the Claimant's first diagnosis?

g)    Have you obtained all B-reads performed for each Claimant on or before the date of first diagnosis?  How?

h)    Have you produced to Grace all B-reads performed for each Claimant on or before the date of the Claimant's first diagnosis?

i)      Have you withheld any B-reads performed before the date of first diagnosis?

j)      Have you identified to Grace al such withheld B-reads performed on or before the date of the Claimant's first diagnosis in response to its First Set of Interrogatories?

**RESPONSE TO INTERROGATORY NO. 2:**        Yes.

a)      Expert report or Claimant's medical records.
b)      Yes.
c)      N/A.
d)      N/A.
e)      Yes.
f)      N/A.  See #1(f).
g)      From providers.
h)      Claimants represented by this firm usually only provide B-reads.
i)      See above.
j)      N/A.

**INTERROGATORY NO. 3:**

Have you determined the date on which you were retained by each Claimant?  If yes, state:

a)      How did you determine the date on which you were retained by each Claimant?

b)      Did you verify that date with the Claimant or Claimant's representative>

c)      Is this contemporaneous documentation verifying the date of retention?

d)      Have you obtained all B-reads performed for each Claimant before the date your firm was retained?  How?

e)      Have you produced to Grace all B-reads performed for each Claimant on or before the date your law firm was retained?

f)      Have you withheld any such B-reads performed for each Claimant on or before the date your law firm was retained?

g)      Have you identified any such withheld B-reads in response to its First Set of Interrogatories?

**RESPONSE TO INTERROGATORY NO. 3:**

a)      Date of Contract.
b)      N/A.
c)      Yes.

d)      See, previous reply to (1) above.
e)      See (d).
f)      No.
g)      See, 1(f).

## INTERROGATORY NO. 4:

For each Claimant as to whom any B-read is being withheld, have you determined whether B-readers were retained specifically to act as litigation consultants for that Claimant?  If yes, state:

a)  How did you determine whether a B-read was retained to act as a litigation consultant specifically for a Claimant?

b)  For each Claimant, was there contemporaneous documentation stating that the B-reader was retained to act as a litigation consultant only?

c)  Did you verify with the Claimant that the B-reader was acting as a litigation consultant for him or her?

d)  For any Claimants, was the B-reader ever stated to be a testimonial expert?  If yes, for each such Claimant did you ever disclose that fact to Grace?

## RESPONSE TO INTERROGATORY NO. 4:

Not applicable.

## INTERROGATORY NO. 5:

For each B-read withheld on the grounds of the litigation consulting privilege, have you determined whether the B-read was transmitted to any third party no in privity with the Claimant, including, but not limited to, other litigants, trusts, and claims processing facilities?  If yes, state whether for each Claimant you have disclosed this information to Grace?

## RESPONSE TO INTERROGATORY NO. 5:

Not applicable.

## INTERROGATORY NO. 6:

In answering the Questionnaire for each Claimant, did you contact any doctors who have rendered Medical Services in connection with each Claimant's Asbestos-Related Disease to obtain documents that either support or conflict with the diagnosis supporting the Claimant's claim?  If yes, state:

a)      Did you try to identify all such doctors?  How?

b)      Did you try to identify any such doctors?  How?

c)      Did you try to obtain medical records from any or all such doctors?  How?

d)      Did you provide with the Claimant's Questionnaire all such documents in your or the Claimant's possession, custody or control that either support or conflict with the diagnosis supporting the claim?

**RESPONSE TO INTERROGATORY NO. 6:**

a-c)     Yes, through client and his medical records.

e)      Yes, for all treating doctors.

**INTERROGATORY NO. 7:**

In answering the Questionnaire for each Claimant, did you contact any other counsel who have represented each Claimant in connection with their claim.  If yes, state:

a)  Did you try to identify any and all such counsel?  How?

b)  Did you try to obtain from any and all such counsel any documents relating to the claim?  How?

c)  Were all documents obtained from other counsel at any time – that either supported or conflicted with the diagnosis supporting the claim – furnished with the Claimant's completed Questionnaire?

d)  Were all documents obtained from other counsel at any time that reflected exposure to Grace asbestos-containing products or other asbestos-containing products provided with the Claimant's completed Questionnaire?

**RESPONSE TO INTERROGATORY NO. 7**

Not applicable to this law firm.

**INTERROGATORY NO. 8:**

In answering the Questionnaire for each Claimant, did you review all attachments to determine whether, in fact, the attachments completely and accurately answered each question on the Questionnaire where the answer given referred to the attachments?  If yes, where the attachments did NOT specifically, completely, and accurately answer a question, did you disclose this to Grace in the Claimant's completed Questionnaire?

**RESPONSE TO INTERROGATORY NO. 8:**

Yes.

**INTERROGATORY NO. 9:**

a)      Whether all documentation of that exposure in your possession or the Claimant's possession, custody or control was provided in or with the Claimant's completed Questionnaire?

b)      Whether all other evidence of that exposure in your or your client's possession, custody or control was provided in or with the completed Questionnaire?

c)      Whether xposure to a Grace asbestos-containing product was verified at any time by: (i) a statement made by each Claimant; or (ii) a statement of a percipient witness?  If yes, state whether all such statements in your or the Claimant's possession, custody or control were provided with the completed Questionnaire?

**RESPONSE TO INTERROGATORY NO. 9:**      Yes.

Claimant objects as Grace's bankruptcy has stopped all discovery.  However, notwithstanding this.

a)      Only sufficient material to satisfy exposure.
b)      No.
c)      Not "verified" unless in response to interrogatory in Claimant's deposition.

**INTERROGATORY NO. 10:**

Did you determine for each Claimant the dates and duration of any exposure to a Grace asbestos-containing product?  If yes, provide statements regarding the dates and duration of exposure parallel to those required in Interrogatories 9 (a)-(c) above.

**RESPONSE TO INTERROGATORY NO. 10:**

Claimant's counsel objects as their materials were provided with the claim to their best ability since the bankruptcy of Grace has stopped all relevant discoveries.

**INTERROGATORY NO. 11:**

Did you determine the place and job description of each exposure to a Grace asbestos-containing product?  If yes, provide statements regarding the place and job description parallel to those required in Interrogatories 9(a)-(c) above.

**RESPONSE TO INTERROGATORY NO. 11:**

Object as duplicative.  Claim filed and such information has been thwarted by Grace's bankruptcy and stayed Claimants lawsuit.

**INTERROGATORY NO. 12:**

Did you determine the proximity of each Claimant to a Grace asbestos-containing product during each such exposure, as required in Section III of the Questionnaire?  If yes, provide statements regarding the proximity of each Claimant to a Grace asbestos-containing product parallel to those required in Interrogatories 9(a)-(c) above.

**RESPONSE TO INTERROGATORY NO. 12:**

Claimant objects as interrogatory is vague and "proximity" is difficult.  Without waiving, each Claimant for whom this firm filed a claim was with breathing range of respirable fibers of Grace's products.  Furthermore, as Grace has blocked Claimant's diseases, full responses were not possible.

**INTERROGATORY NO. 13:**

Did you determine the specific Grace asbestos-containing product involved in each exposure?  If yes, provide statements regarding the specific Grace asbestos-containing product parallel to those required in Interrogatories 9(a)-(c) above.

**RESPONSE TO INTERROGATORY NO. 13:**

See claims filed and object as this information was already provided and see #12.

**INTERROGATORY NO. 14:**

Did you determine for each Claimant whether they were exposed to any other asbestos-containing product?  If so, provide a statement regarding the Claimant's exposure to any other asbestos-containing product parallel to those required in Interrogatories 9(a)-(c) above.

**RESPONSE TO INTERROGATORY NO. 14:**

Yes.  In Grace's claim form identification of other products was provided through Claimant's attorney object to this interrogatory.

**INTERROGATORY NO. 15:**

For each Claimant submitting a Questionnaire, did the Claimant (or a representative of the Claimant if the Claimant was deceased) review the Questionnaire prior to its submission?  If yes, state:

(a) Were all Claimants required to affirm the accuracy and completeness of the completed Questionnaires?

(b) Is there any documentation that reflects such an attestation or process of document review?

**RESPONSE TO INTERROGATORY NO. 15:**    Yes.

     (a)     No.

     (b)     Claimant's counsel attested.

Respectfully submitted,

**JACOBS & CRUMPLAR, P.A.**

By:     */s/ Robert Jacobs, Esquire*

Robert Jacobs, Esquire (Bar No. 0244)

2 East 7th Street, P.O. Box 1271

Wilmington, DE  19899

Telephone: (302) 656-5445

Fax: (302) 656-5875

*Attorney for Asbestos Personal Injury Creditors*

Date:  September 7, 2007

S:\wp70\Bankruptcies\Asbestos Bankruptcies\W.R. Grace Co - 13,754\Pleadings\090507_Rsp2Debts3rdRogs2asbperinjprepetlitgat.rj.doc