**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF SOCHA, PERCZAK, SETTER & ANDERSON, P.C.**
**FOR THE TWENTY-FOURTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Interim Fee Application of Socha, Perczak, Setter & Anderson, P.C. for the Twenty-Fourth Interim Period</u>.

**BACKGROUND**

1.   Socha, Perczak, Setter & Anderson, P.C.("Socha")was retained as counsel to the Debtors and Debtors-in-Possession. In the Application, Socha seeks approval of fees totaling $80,467.50 and costs totaling $16,158.32[1] for its services from November 1, 2006 through December 31, 2006 and February 1, 2007 through February 28, 2007[2].

2.   In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense

---

[1] These amounts reflect fees and costs in excess of the $50,000 monthly cap for Ordinary Course Professionals.

[2] Socha was retained as an Ordinary Course Professional through a retention order entered October 15, 2006. In this application, Socha seeks compensation of services in excess of the OCP cap for the period of November 1, 2006 through December 31, 2006 and February 1, 2007 through February 28, 2007. This is Socha's first application.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Socha 24int 1-3.07.wpd

entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Socha an initial report based on our review, and received a response from Socha, portions of which response are quoted herein.

**DISCUSSION**

3.    In our initial report, we noted three entries dated in October 2002 that may not be compensable given the date, and furthermore appear to represent charges for travel. The entries are provided below.

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 10/16/2002 | DMS | Travel to Charleston, WVA and plan and prepare topics to cover for depo of Dr. Gaziano unique to WR Grace issues and identify exhibits for Ms. Ellen Ahern's examination. | 6.4 | $1,600 |
| | DMS | Meet and confer with Mr. Vick to identify exhibits for Dr. Gaziano depo topics. | 0.6 | 150 |
| 10/17/2002 | DMS | Meet and confer with Ms. Ahern, Ms. Basta, Mr. Mulholland and others about depo topics and exhibits for depo of Dr. Gaziano in WR Grace's bankruptcy including strategies, approach, demeanor issues, categories of examination and document issues. | 7.6 | $1,900 |

We asked Socha regarding these time entries, and the firm responded as follows:

> Socha, Perczak notes first, those entries should have read 10/16/2006 and were typographical errors. Also, due to a clerical error these fees were inadvertently

>included in the filed November fee application but were not included in the total fees requested by Socha, Perczak for the November fee period; therefore, no adjustment by Socha, Perczak is necessary as the Debtors' estates were not charged for these fees during the November fee period. These fees had already been billed in October and subsequently paid under the Ordinary Course Professional agreement.

We appreciate the response and but note that in the first entry listed above, the travel time appears to have been billed at normal rates. Pursuant to the Local Bankruptcy Court Rules for the District of Delaware, any time spent traveling when no work is done is to be billed at 50%. We asked the firm to explain how much of the time listed in the entry should have been billed at 50% the normal billing rate. Socha responded as follows:

>Upon further review of the travel time billed by David M. Setter on October 16, 2006, Socha, Perczak agrees that the travel portion of this entry was apparently inadvertently billed at 100% for the October fee period. Of this entry of 6.40 hours, 1.00 hours was attributable to travel time. This should have been billed at 50%; therefore, Socha, Perczak agrees to a reduction of $125.00 (1.0 hours @ 50% equals $125.00).

We appreciate the response and recommend a reduction of $125.00 in fees.

## CONCLUSION

4. Thus we recommend approval of fees totaling $80,217.50 ($80,342.50 minus $125.00) and costs totaling $16,158.32[3] for Socha's services from November 1, 2006 through December 31, 2006 and February 1, 2007 through February 28, 2007.

---

[3]These amounts reflect fees and costs in excess of the $50,000 monthly cap for Ordinary Course Professionals.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1270
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 7th day of September, 2007.

_____
      Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
David M. Setter
Denver Financial Tower
1775 Sherman Street, Suite 1925
Denver, CO 80203

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801