IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | (Jointly Administered) |
| Debtors. | RE: 16785 + 16596 |

CONSENT ORDER CONCERNING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION TO BE PRODUCED BY EXPERT WITNESS
FOR FUTURE CLAIMANTS' REPRESENTATIVE

WHEREAS, David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants (the "Future Claimants' Representative" or "FCR") has engaged Towers, Perrin, Forster & Crosby, Inc. ("Towers") to provide certain expert consulting services and/or testimony in connection with these Chapter 11 cases; and

WHEREAS, the above-captioned Debtors have demanded production of materials that may involve the disclosure of certain software constituting or underlying computer models used by Towers experts, confidential mathematical formulae and analytical processes used in such models, spreadsheets, documents, things and information owned, licensed and/or created by Towers that constitute or contain trade secrets or other proprietary and/or confidential research, development, manufacture, regulatory, financial, commercial, marketing or other competitive information ("Protected Information") within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure, made applicable herein by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure; and

WHEREAS, Towers has gone to great lengths to safeguard and protect the confidentiality of the Protected Information, the disclosure of which would pose a substantial risk of irreparable harm to Towers' legitimate interests; and

WHEREAS, this Order provides reasonable restrictions on the disclosure of the Protected Information; and

WHEREAS, this Order also provides that the Debtors, any Official Committees appointed in these Cases, or the Libby Claimants may challenge the designation of Protected Information before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as Protected Information; and

WHEREAS, grounds exist for the entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure;

THEREFORE, in view of the foregoing and because the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Order pursuant to Fed. R. Civ. P. 26(c), and the Court having determined good cause exists for entry of this Order,

IT IS HEREBY STIPULATED AND ORDERED THAT:

1.      This Order shall apply to documents and other information owned and/or created by Towers that are required to be produced in discovery in connection with this matter as to which Towers asserts a claim of confidentiality.  For the purpose of this Order, any document, portion of a document, database, or information is confidential to the extent that it contains, among other things, trade secret or other confidential and/or proprietary technical, research, development or commercial information, including, but not limited to, information about proprietary software, models, methods, processes, and any other information the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of Towers, any of its affiliated companies or a licensor of information to any of the foregoing.  Any such document which Towers designates in writing or by stamp or other identifier as "Protected Information" shall be treated in accordance with the requirements of this Order by all persons entitled to access as set forth below.

2.        Protected Information shall be used for the sole purpose of this Chapter 11 proceeding.  Without limiting the foregoing, no Protected Information shall be used in connection with any other activity of any Receiving Party.

3.        Subject to the requirements set forth in Paragraph 4, below, Protected Information, including any copies, notes, abstracts or summaries thereof, shall be disclosed to and reviewed only by (a) Debtors' attorneys, attorneys for the Official Committees, and attorneys for the Libby Claimants, as well as their staff and any independent photocopying, duplication or litigation support service hired for the purpose of this proceeding (collectively, "Counsel"); (b) the Court, court personnel and court reporters transcribing testimony herein (collectively, "Court Personnel"); and (c) testifying expert witnesses retained by Debtors, Official Committees and the Libby Claimants in connection with this proceeding (collectively, "Experts"), as well as their staff and individuals working at ARS Analytica.

4.        Before access to Protected Information is given to any person other than Counsel and Court Personnel, such person shall be furnished with a copy of this Order and shall sign a Certification in the form annexed hereto as "EXHIBIT A."  A copy of the signed Certification of the Experts and individuals working at ARS Analytica must then be forwarded to counsel for the FCR and Towers.  If the FCR and/or Towers object to the disclosure of Protected Information to such person, they shall have five (5) business days from the date of receipt of the signed Certification to object in writing to such disclosure.  Until either consent is received or the five (5) day period passes without an objection being made, the Protected Information shall not be disclosed.  If written objection is made, the parties shall negotiate in good faith to resolve the dispute as to the disclosure.  If the dispute is not resolved, the FCR and/or Towers shall have ten (10) business days after their receipt of such notification to seek a protective order precluding the disclosure of the Protected Information to such person.  During the pendency of any such

objection or motion, the Protected Information shall not be disclosed to the person objected to. In any proceeding to decide such objection or motion, the party who is seeking to disclose the Protected Information shall bear the burden of establishing the propriety of the disclosure.

5.      If Debtors, Official Committees or the Libby Claimants object to the designation of any particular material as Protected Information, counsel for the objecting party shall notify counsel for the FCR and Towers of the objection to the designation, specifying with particularity the material they believe has been improperly classified and the basis for their contention that such material should not be designated as Protected Information. Upon their receipt of such written objection, counsel for the FCR and Towers shall negotiate in good faith with counsel for the objecting party to resolve the dispute as to the designation. If the parties are unable to resolve the dispute, counsel for the objecting party may file with the Court a motion objecting to the designation of such material as Protected Information. During the pendency of any such objection or motion, the material in question shall be handled in accordance with the terms of this Order. In any proceeding to decide such objection or motion, the FCR and/or Towers shall bear the burden of establishing the propriety of the designation.

6.      No one who has access to Protected Information pursuant to this Order shall distribute, disclose, divulge, publish, or otherwise make available any Protected Information, copies thereof, or extracts or summaries therefrom, to any other person, except persons who are also authorized to view or have access to these materials pursuant to this Order.

7.      In every submission or filing with the Court, every document (including motions, memoranda, deposition transcripts, or other items) containing Protected Information shall be filed under seal in an envelope or container on the face of which shall be stamped:

CONFIDENTIAL

> This document is filed under seal and, unless otherwise ordered by the Court, shall not be reproduced for, or shown to, persons other than those entitled to access under the Consent Order Concerning Confidentiality of Documents and Information to be Produced by Expert Witness for Future Claims Representative in In re W.R. Grace & Co., Chapter 11 Case No. 01-1139.

Submissions filed under seal shall not be available for inspection except by the Court and authorized persons as set forth in Paragraphs 3 and 4, above.

8. In the event any party wishes to use or refer to Protected Information at a deposition, the FCR and/or Towers may compel all persons other than the deponent, court reporter, and other authorized persons as set forth in Paragraphs 3 and 4 to be excused from the deposition during the time that the Protected Information is being disclosed or discussed. No party shall use or refer to Protected Information at the deposition of any person who is not an authorized person without either consent of Towers or further Order of the Court. At the time of the deposition or within ten (10) days after receipt of the deposition transcript, the FCR and/or Towers may designate as Protective Information certain portions of the transcript which contain or relate to Protected Information. All portions of deposition transcripts shall be treated as Protected Information until ten (10) days after receipt of the deposition transcript by the FCR and Towers.

9. Before trial, argument or any hearing in open court, Counsel shall negotiate in good faith with counsel for the FCR and Towers to seek agreement on the handling of Protected Information so as to provide protection against public disclosure of the Protected Information. If no agreement is reached, the parties shall submit alternate proposals to the Court for its consideration and determination prior to the trial, argument or hearing. The parties shall thereafter abide by such Order, if any, that the Court may enter.

10. Within sixty (60) days following a final disposition or resolution of the above-captioned action, including all appeals, all persons who received access to Protected

Information shall surrender all such Protected Information to counsel for the FCR and Towers, including copies, extracts, notes and summaries made or containing information therefrom, and shall confirm in writing their compliance with this obligation; provided, however, that any such materials that contain the attorney work product of Counsel may be destroyed rather than returned.  If such materials are destroyed, counsel responsible for the destruction shall confirm in writing that destruction has taken place.

11.    Neither the termination of this proceeding nor the termination of employment of any person who has access to any Protected Information shall relieve such person from the obligation of maintaining the confidentiality of such information in accordance with this Order.

12.    The disclosure of Protected Information to any person not qualified to receive such information or documents pursuant to the terms and conditions of this Order, or without following the requirements of this Order, shall subject the person making such disclosure to a finding of contempt and the imposition of sanctions, costs or other penalty, as ordered by the Court.

13.    This Order is without prejudice to the right, if any, of Towers to seek damages and/or injunctive relief in any court of competent jurisdiction for any person's unlawful disclosure or misappropriation of Protected Information.

14.    The parties signing this Consent Order agree, pending the entry of this Order by the Court, to be fully bound by the terms hereof as if an Order had been entered.

Respectfully submitted,

_____
KIRKLAND & ELLIS  LLP
David M. Bernick
Janet Baer
200 East Randolph Drive
Chicago, IL 60601
Telephone:  (312) 861-2000

and

_____
PACHULSKI STANG ZIEHL
YOUNG JONES & WEINTRAUB, LLP
Laura Davis Jones
James E. O'Neill
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone:  (302) 652-4100

*Co-counsel for the Debtors*

_____
ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
3050 K Street, NW
Washington, DC 20007
Telephone:  (202) 339-8400

and

-7-

#8706731 v1

14.    The parties signing this Consent Order agree, pending the entry of this Order by the Court, to be fully bound by the terms hereof as if an Order had been entered.

Respectfully submitted,

KIRKLAND & ELLIS  LLP
David M. Bernick
Janet Baer
200 East Randolph Drive
Chicago, IL 60601
Telephone:  (312) 861-2000

and

PACHULSKI STANG ZIEHL
YOUNG JONES & WEINTRAUB, LLP
Laura Davis Jones
James E. O'Neill
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone:  (302) 652-4100

Co-counsel for the Debtors

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
3050 K Street, NW
Washington, DC 20007
Telephone:  (202) 339-8400

and

PHILLIPS, GOLDMAN & SPENCE, P.A.
John C. Phillips, Jr.   ( Del. # 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone:  (302) 655-4200

*Co-counsel for David T. Austern, Future Claimants'*
*Representative*

*Nathan D. Finch/ with permission DLF*
CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152
Telephone:  (212) 319-7125

Peter Van N. Lockwood
Nathan D. Finch
One Thomas Circle, NW
Washington, DC 20005
Telephone:  (202) 862-5000

and


CAMPBELL & LEVINE, LLC
Marla R. Eskin
Mark T. Hurford
800 North King Street, Suite 300
Wilmington, DE 19801
Telephone:  (302) 426-1900

*Co-counsel for the Official Committee of*
*Asbestos Personal Injury Claimants*

PHILLIPS, GOLDMAN & SPENCE, P.A.
John C. Phillips, Jr.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Co-counsel for David T. Austern, Future Claimants'*
*Representative*


CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152
Telephone: (212) 319-7125

Peter Van N. Lockwood
Nathan D. Finch
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-5000

and

CAMPBELL & LEVINE, LLC
Marla R. Eskin
Mark T. Hurford
800 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

*Co-counsel for the Official Committee of*
*Asbestos Personal Injury Claimants*

BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
Scott L. Baena
Jay M. Sakalo *MATTHEW KRAMER*
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580

and


FERRY, JOSEPH & PEARCE, P.A.
Theodore J. Tacconelli
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
Telephone: (302) 575-1555

*Co-counsel for the Official Committee of Asbestos
Property Damage Claimants*


KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

and


BUCHANAN INGERSOLL & ROONEY, PC
Teresa K.D. Currier
The Brandywine Building
100 West Street, Suite 1410
Wilmington, DE 19801
Telephone: (302) 552-4200

*Co-counsel for the Official Committee of Equity
Security Holders*

BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
Scott L. Baena
Jay M. Sakalo
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580

and

FERRY, JOSEPH & PEARCE, P.A.
Theodore J. Tacconelli  *(No.2678)*
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
Telephone: (302) 575-1555

*Co-counsel for the Official Committee of Asbestos*
*Property Damage Claimants*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

and

BUCHANAN INGERSOLL & ROONEY, PC
Teresa K.D. Currier
The Brandywine Building
100 West Street, Suite 1410
Wilmington, DE 19801
Telephone: (302) 552-4200

*Co-counsel for the Official Committee of Equity*
*Security Holders*

BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
Scott L. Baena
Jay M. Sakalo
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131
Telephone: (305) 374-7580

and


FERRY, JOSEPH & PEARCE, P.A.
Theodore J. Tacconelli
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
Telephone: (302) 575-1555

*Co-counsel for the Official Committee of Asbestos
Property Damage Claimants*


KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100

and


BUCHANAN INGERSOLL & ROONEY, PC
Teresa K.D. Currier
The Brandywine Building
100 West Street, Suite 1410
Wilmington, DE 19801
Telephone: (302) 552-4200

*Co-counsel for the Official Committee of Equity
Security Holders*

#8706731 v1

BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
Scott L. Baena
Jay M. Sakalo
200 S. Biscayne Blvd., Suite 2500
Miami, FL  33131
Telephone:  (305) 374-7580

and


FERRY, JOSEPH & PEARCE, P.A.
Theodore J. Tacconelli
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
Telephone:  (302) 575-1555

*Co-counsel for the Official Committee of Asbestos
Property Damage Claimants*


KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
1177 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 715-9100

and


BUCHANAN INGERSOLL & ROONEY, PC
Teresa K.D. Currier
The Brandywine Building
100 West Street, Suite 1410
Wilmington, DE 19801
Telephone:  (302) 552-4200

*Co-counsel for the Official Committee of Equity
Security Holders*

*Stroock & Stroock & Lavan LLP/KP*

STROOCK STROOCK & LAVAN, LLP
Lewis Kruger
Kenneth Pasquale
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400

and

DUANE MORRIS LLP
Michael R. Lastowski
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900

*Co-counsel for the Official Committee of Unsecured Creditors*

COHN WHITESELL & GOLDBERG LLP
Daniel C. Cohn
Christopher M. Candon
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505

and

LANDIS RATH & COBB LLP
Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899
Telephone: (302) 467-4400

*Co-counsel for the Libby Claimants*

STROOCK STROOCK & LAVAN, LLP
Lewis Kruger
Kenneth Pasquale
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400

and

*[signature]*

DUANE MORRIS LLP
Michael R. Lastowski
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900

*Co-counsel for the Official Committee of Unsecured
Creditors*


COHN WHITESELL & GOLDBERG LLP
Daniel C. Cohn
Christopher M. Candon
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505

and

LANDIS RATH & COBB LLP
Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899
Telephone: (302) 467-4400

*Co-counsel for the Libby Claimants*

STROOCK STROOCK & LAVAN, LLP
Lewis Kruger
Kenneth Pasquale
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400

and

DUANE MORRIS LLP
Michael R. Lastowski
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900

*Co-counsel for the Official Committee of Unsecured Creditors*

COHN WHITESELL & GOLDBERG LLP
Daniel C. Cohn
Christopher M. Candon
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505

and

LANDIS RATH & COBB LLP
Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899
Telephone: (302) 467-4400

*Co-counsel for the Libby Claimants*

Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Telephone:  (302) 252-4320

*Counsel for the State of Montana*

-11-

## EXHIBIT A

## CERTIFICATION OF CONFIDENTIALITY

AND NOW, this _____ day of _____, 20___, I hereby certify that I have read the Consent Order Concerning Confidentiality of Documents and Information to be Produced by Expert Witness for Future Claims Representative (the "Order") that has been entered in this case; I have been provided with a copy of same; and I understand all of its terms and provisions, and agree to be bound thereby in all respects. I understand that I may use the documents and information designated as Protected Information solely for the purposes of this case, and that I may not disclose any such Protected Information to any other person, firm or concern.

I hereby submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for all matters relating to the Order. I acknowledge that a violation of the Order may result in penalties against me for contempt of court. In addition, I acknowledge that in the event of a violation of the Order, money damages will not be a sufficient remedy and Towers shall be entitled to equitable relief, including in the form of injunctions and orders for specific performance, in addition to all other available remedies at law or in equity.

_____
Signature

_____
Print Name

_____
Print Title

_____
Print Employer

_____
Print Address and Telephone Number

SO ORDERED this 13th day of September, 2007:

Judith K. Fitzgerald
_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Court