**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S AMENDED FINAL REPORT REGARDING**
**FEE APPLICATION OF BILZIN SUMBERG DUNN BAENA**
<u>**PRICE & AXELROD LLP FOR THE TWENTY-FOURTH INTERIM PERIOD**</u>

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Bilzin Sumberg Dunn Baena Price & Axelrod LLP for the Twenty-Fourth Interim Period</u>.

**BACKGROUND**

1. Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants. In the Application, Bilzin seeks approval of fees totaling $593,429.00 and costs totaling $253,782.75 for its services from January 1, 2007, through March 31, 2007.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Bilzin an initial report based on our review and received a response from Bilzin. Supplemental information from Bilzin caused us to amend our final report.

## DISCUSSION

3. In our initial report, we noted two hearings on January 22nd and 23rd, 2007, which were attended by four and three firm members respectively. MIK, SLB, and JMS attended both hearings and JIS attended the hearing on the 23rd. The hours spent preparing for, traveling to and attending the hearings, totaled 129.70 with fees of $61,338.75. See Exhibit A. We asked Bilzin to explain the need for each professional's presence and the particular area of expertise each brought to these hearings. Bilzin's response is provided as Response Exhibit 1. We appreciate the response and offer no objection to these fees.

4. We noted that several Bilzin professionals[1] spent 41.30 hours and $12,450.50 on a research project.

| Date | Prof | Hours | Amount | Description |
|---|---|---|---|---|
| 02/16/07 | JCM | 3.90 | 1,267.50 | .........; attention to research project related to Committee operations (2.0). |
| 02/16/07 | AM | 3.20 | 528.00 | Analyze case regarding committee research issue. |
| 02/16/07 | MIK | 3.60 | 1,260.00 | Telephone call with J. Moon regarding committee matter (.1); interoffice conference with J. Moon, J. Snyder regarding same (.9); review case law regarding same. |
| 02/20/07 | JCM | 4.50 | 1,462.50 | Research related to Committee issues. |
| 02/21/07 | JCM | 10.00 | 3,250.00 | Attention to correspondence regarding research on Committee issues (.5); research on Committee |

---

[1] JCMoon ($325), AMorera ($165), MIKramer ($350), and JISnyder ($250)

|            |     |      |          |                                                                                                                                                         |
|------------|-----|------|----------|---------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     |      |          | issues (9.5).                                                                                                                                           |
| 02/21/07   | JIS | 8.80 | 2,200.00 | Research on committee matter (analyze case law and read and analyze memoranda regarding same); conferences with J. Moon and J. Sakalo regarding same.  |
| 02/22/07   | JCM | 3.70 | 1,202.50 | Research on Committee issues (2.0); .....                                                                                                               |
| 02/23/07   | JIS | 1.20 | 300.00   | Attention to committee research issue; conference with M. Kramer regarding same.                                                                        |
| 02/26/07   | JCM | 6.00 | 1,950.00 | Research related to Committee issues.                                                                                                                   |

The Local Rules, Rule 2016-2(d) states in part, "..... activity descriptions which shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary ..." We asked Bilzin to provide additional information regarding this research project including how the research was ultimately used and its benefit to the estate. The firm's initial response is provided below.

> In paragraph 4 of the Report, the Fee Auditor requests additional information regarding a research project. Without waiving its attorney/client privilege or work-product privilege, the research project in question addressed issues raised by certain Committee members in respect of proposed settlements of PD claims. The research resulted in a memorandum that was presented to the Committee and utilized to help facilitate a discussion and resolution of the issues raised. The estate benefitted from having a better informed Committee that could properly and fully analyze the issues it was faced with.

Bilzin subsequently sent the following supplement.

> as a result of certain matters that had arisen in the case during the Interim Period regarding proposed settlements of PD claims, the Committee requested that our Firm provide it with advice and recommendations with regard to the Committee's duties and responsibilities regarding those matters. As a result, we conducted a thorough analysis of the relevant legal principles, drafted a memorandum thereon and presented the results to the Committee. Based upon our research and presentation, the Committee became fully informed regarding the matter at hand, its responsibilities in respect thereof and was able to acquit itself of it fiduciary duty.

We appreciate the response and offer no objection to these fees.

**FEE AUDITOR'S AMENDED FINAL REPORT** - Page 3
 wrg Amended FR Bilzin 24th.wpd

     5.     We noted the following airfares which appear excessive.

| Date | Description | Amount |
|---|---|---|
| 12/15/06 | Airfare Travel to Pittsburgh - VENDOR: DINERS CLUB; INVOICE#: 11/28/06-12/27/2006 - Acct.#5306220025395504 | 1,133.60 |
| 02/20/07 | Airfare Travel to Philadelphia - Pittsburgh - VENDOR: SCOTT L. BAENA; INVOICE#: SLB-02/20/07; DATE: 2/20/2007 - Client | 857.80 |
| 03/01/07 | Airfare Travel to New York - VENDOR: DINERS CLUB; INVOICE#; 02/26/07-03/27/07; date: 3/2/2007 - Client - 15537 | 943.80 |

We asked Bilzin to provide more information regarding these airfares. Bilzin's response is provided as Response Exhibit 2. We appreciate the response. However, we note that airfares often offer certain "coach" fares that are priced higher than normal coach fares (and these higher priced coach fares may often may be upgraded to business class for just a nominal fee), and we do not believe that these higher-priced coach fares should be used for comparison purposes. Our to our investigation of major airline fare quotations using traditional fully-refundable coach class/economy fares for the above-referenced itineraries indicates that the fares charged are not economical. Thus we recommend the following corresponding reductions:

*12/15/16 FLL to PIT to FLL* - the comparative fare for this itinerary is $1,068.80. Thus we recommend a reduction in the fare in excess of this fare quotation, for a reduction of $64.80 in expenses.

*2/20/07 PHL to PIT to FLL* - the comparative fare for this itinerary is $644.80. Thus we recommend a reduction in the fare in excess of this fare quotation, for a reduction of $213.00[2] in expenses.

---

[2]Bilzin identified a $35 credit which should have been applied against the 2/20/07 airfare. This recommended reduction takes into account that $35 credit, and is not a reduction in addition to that credit.

*3/1/07 MIA to NYC to MIA* - the comparative fare for this itinerary is $658.00. Thus we recommend a reduction in the fare in excess of this fare quotation, for a reduction of $285.80 in expenses.

     6.    We noted the following travel related charges that require additional information.

| Date | Description | Amount |
|---|---|---|
| 01/23/07 | Meals Travel to Philadelphia and Delaware - VENDOR: SCOTT L. BAENA; INVOICE#: SLB-01/23/07; DATE:1/23/2007 - Client - 15537 | 100.00 |
| 01/23/07 | Meals Travel to Philadelphia - VENDOR: JAY M. SAKALO; INVOICE#: JMS-01/23/07; DATE: 1/23/2007 - Client - 15537 | 107.50 |
| 02/20/07 | Meals Travel Philadelphia - Pittsburgh - VENDOR; SCOTT L. BAENA; INVOICE#: SLB-02/20/07; DATE: 2/20/2007 - Client | 189.48 |
| 03/05/07 | Meals Travel to Philadelphia - VENDOR: SCOTT L. BAENA; INVOICE #: SLB-03/05/07; DATE: 3/5/2007 - Client - 15537 | 116.79 |
| 01/23/07 | Fares, Mileage, Parking VENDOR: KING LIMOUSINE AND TRANSPORTATION SERVICE;INVOICE#: 99542; DATE: 1/28/2007 - Clients | |
| 01/23/07 | Fares, Mileage, Parking Taxi fares - Travel to Philadelphia and Delaware - VENDOR: SCOTT L. BAENA; INVOICE#: SLB-01/23/07; DATE: 1/23/2007 - Client - 15537 | 110.00 |
| 02/20/07 | Fares, Mileage, Parking VENDOR: KING LIMOUSINE AND TRANSPORTATION SERVIC; INVOICE#: 100624; DATE; 2/25/2007 - Account# BILZIN | 201.00 |
| 02/26/07 | Fares, Mileage, Parking VENDOR: KING LIMOUSINE AND TRANSPORTATION SERVIC; INVOICE#: 100875; DATE: 02/28/2007 - Clients | 104.00 |
| 02/20/07 | Fares, Mileage, Parking Cap fares - Travel Philadelphia - Pittsburgh - VENDOR: SCOTT L; BAENA; INVOICE # SLB-02/20/2007 - Client | 115.60 |
| 03/02/07 | Lodging Travel to NYC - VENDOR: Matthew Kramer; INVOICE#: MIK-03/02/07; DATE: 3/2/2007 - Client - 15537 | 387.84 |
| 03/05/07 | Fares, Mileage, Parking Cab fares - Travel to Philadelphia - VENDOR: SCOTT L. BAENA; INVOICE# SLB-03/05/07; DATE 3/5/2007 - Client - 15537 | 125.00 |
| 03/05/07 | Lodging Travel to Philadelphia - VENDOR: SCOTT L. BAENA; INVOICE#: SLB-03/05/07; DATE: 3/5/07;  - Client - 15537 | 328.32 |

We asked Bilzin to provide additional information for these expenses. Bilzin's response is provided as Response Exhibit 3. We appreciate the response. We suggest reasonable meal ceilings of $15 per person for breakfast, $25 per person for lunch and $50 per person for dinner. Using those ceilings we recommend the following reductions. For the breakfast expense on January 23, 2007, we recommend a reduction of $13.15. For the dinner expense on February 20, 2007, we recommend a reduction of $89.48. For the meal expenses on March 5, 2007, we recommend a reduction of $26.79. Our total recommended reduction for meal expenses is $129.42. For most cities, we recommend a reasonable lodging ceiling of $250.00 per night. For the cited lodging expense of March 5, 2007, we recommend a reduction of $38.00. For meal and lodging expenses we thus recommend a total reduction of $167.42.

    7.    We noted two sets of identical expense entries.

| Date | Description | Amount |
|---|---|---|
| 12/27/06 | Searches-Title/Name/Corporate COURT CALL - VENDOR DINERS CLUB; INVOICE#12/27/06-01/26/07; DATE: 1/26/2007 - Acct. #5306-2200-2539-5504 | 70.50 |
| 12/27/06 | Searches-Title/Name/Corporate COURT CALL - VENDOR DINERS CLUB; INVOICE#12/27/06-01/26/07; DATE: 1/26/2007 - Acct. #5306-2200-2539-5504 | 70.50 |
| 12/27/06 | Searches-Title/Name/Corporate COURT CALL - VENDOR DINERS CLUB; INVOICE#12/27/06-01/26/07; DATE: 1/26/2007 - Acct. #5306-2200-2539-5504 | 70.50 |
| 03/12/07 | Searches-Title/Name/Corporate COURT CALL - VENDOR DINERS CLUB; INVOICE#02/26/07-03/27/07; DATE: 3/27/2007 - Acct. #5306220025395504 | 70.50 |
| 03/12/07 | Searches-Title/Name/Corporate COURT CALL - VENDOR DINERS CLUB; INVOICE#02/26/07-03/27/07; DATE: 3/27/2007 - Acct. #5306220025395504 | 70.50 |
| 03/12/07 | Searches-Title/Name/Corporate COURT CALL - VENDOR DINERS CLUB; INVOICE#02/26/07-03/27/07; DATE: 3/27/2007 - Acct. #5306220025395504 | 70.50 |
| 03/12/07 | Searches-Title/Name/Corporate COURT CALL - VENDOR DINERS CLUB; INVOICE#02/26/07-03/27/07; DATE: | 70.50 |

      3/27/2007 - Acct. #5306220025395504

We asked Bilzin to review the above sets of expense entries and determine whether any duplication of charges occurred. Bilzin responded as follows:

> The Fee Auditor requests additional information regarding two expense entries related to Court Call services. We have reviewed our records and have determined that these are not duplicate entries. The Court permits parties to appear telephonically for omnibus hearings. Thus, Bilzin arranges the telephonic appearances for Committee members who wish to listen to the hearings. Court Call charges for each line that dials in to the call, based on the length of the hearing. In each instance, the charges in question were for separate telephone lines.

We appreciate the response and offer no objection to these expenses.

    8.    We noted the following miscellaneous charges that require further information.

| Date | Description | Amount |
|---|---|---|
| 01/05/07 | Miscellaneous Costs 250 GB External Mybook Premium - VENDOR: INSIGHT; INVOICE#: 201139383; DATE: 1/5/2007 - Account # 803882 | 183.73 |
| 02/26/07 | Miscellaneous Costs 300GB USB 2.0 External-16MB External Hard Drive - VENDOR: INSIGHT; INVOICE#:201409616; DATE: 2/26/2007 - Clients | 173.24 |
| 01/21/07 | Overtime Air Conditioning & Services | 240.00 |
| 03/02/07 | Miscellaneous Costs Staples - purchase - Travel to NYC - VENDOR: Matthew Kramer; INVOICE#: MIK-.3/02/07; DATE: 3/2/2007 - Client - 15537 | 75.84 |

These expense entries would appear to be considered part of a firm's overhead. The Guidelines Paragraph, II. E 7 states in part, "[f]actors relevant to a determination that the expense is proper include the following: . . Whether the expenses appear to be in the nature of nonreimbursable overhead . . . Overhead includes . . . rent, utilities, office equipment and furnishings, insurance, taxes, local telephone and monthly car phone charges, lighting, heating and cooling, and library

and publications charges. We asked Bilzin to explain why the above referenced charges should be considered reimbursable. Bilzin's response is provided below.

> The Fee Auditor requests additional information regarding certain miscellaneous expense items. The first two at issue, on 1/5/07 and 2/26/07, relate to handling of data in connection with the PI questionnaire process. The volume of material produced as a result of that process required Bilzin to purchase two hard drives dedicated solely to the management and housing of such data. Absent this case and the production of the information, Bilzin would not have incurred such expense. The 1/21/07 charge for air conditioning was inadvertently included in Bilzin's invoice and we agree to a reduction in the amount of $240. The 3/2/07 charge relates to the purchase of a flash drive used to download voluminous deposition and hearing transcripts related to the PD claims objection process. Rather than printing, scanning and cataloging the transcripts, Bilzin purchased a hard drive to house the documents and keep them readily accessible.

We appreciate the response and recommend a reduction of $240.00 for the inadvertent air conditioning expense.

      9.      We noted the following "CD/DVD Duplication" charges.

| Date | Description | Amount |
|---|---|---|
| 01/17/07 | CD/DVD Duplication | 160.00 |
| 01/22/07 | CD/DVD Duplication | 80.00 |
| 02/08/07 | CD/DVD Duplication | 440.00 |
| 02/13/07 | CD/DVD Duplication | 200.00 |
| 02/13/07 | CD/DVD Duplication | 900.00 |
| 02/15/07 | CD/DVD Duplication | 1,020.00 |
| 02/23/07 | CD/DVD Duplication | 720.00 |
| 03/21/07 | CD/DVD Duplication | 120.00 |
| 03/22/07 | CD/DVD Duplication | 540.00 |

We asked Bilzin to provide additional information regarding these charges. Bilzin's response is provided below.

> The Fee Auditor requests additional information regarding CD/DVD duplication charges. All of these charges relate to copies of the PI estimation documents that Bilzin has made for the PD Committee's estimation experts, HR&A and LECG. When Bilzin receives the documents, it provides a duplicate set that is burned onto DVDs (or CDs depending on volume) and then provided to the experts.

We appreciate the response and offer no objection to these expenses.

    10.    We noted two meal expenses that require additional information.

| Date | Description | Amount |
|---|---|---|
| 02/05/07 | Meals vendor: PERRICONE'S MARKETPLACE; INVOICE#: 111007-02/08/07; DATE: 2/8/2007 - Client - 15537 | 41.00 |
| 03/14/07 | Meals Offerdahl's - VENDOR: DINERS CLUB; INVOICE#: 02/26/07-03/27/07; DATE: 3/27/2007 - Acct. #5306220025395504 | 65.90 |

We asked Bilzin to provide more information regarding these charges. Bilzin's response is provided below.

> The Fee Auditor requests additional information regarding certain meal expenses. In reviewing its records, Bilzin determined that these expenses were inadvertently included and, thus, agrees to a reduction of $106.90.

We appreciate the response and thus recommend a reduction of $106.90 in expenses.

## CONCLUSION

    11.    Thus we recommend approval of fees totaling $580,978.50 and costs totaling $252,669.80 ($253,782.75 minus $1,112.92) for Bilzin's services from January 1, 2007, through March 31, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 13th day of September, 2007.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Scott L. Baena
Jay M. Sakalo
BILZIN SUMBERG DUNN BAENA PRICE &
AXELROD LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2385

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 01/16/07 | SLB | 0.20 | 130.00 | Attention to agenda for 1/23 omnibus hearing (.2). |
| 01/08/07 | SLB | 3.90 | 2535.00 | ............; interoffice conference with J. Sakalo and R. Turken regarding preparation for oral argument (.7). |
| 01/10/07 | SLB | 3.80 | 2470.00 | Prepare for oral argument, including review pleadings in other 3rd circuit cases regarding exclusivity, memo to J. Sakalo and M. Kramer, review briefs, research, preparation of outline (3.8). |
| 01/11/07 | SLB | 4.30 | 2795.00 | Emails from and to R. Frankel, E. Inselbuch, J. Sakalo and M. Kramer regarding appeal oral argument (.9); emails from/to E. Westbrook regarding same (.2); interoffice conference with J. Sakalo and M. Kramer regarding appellate argument preparation (2.0); prepare for argument (1.2). |
| 01/11/07 | JMS | 1.80 | 765.00 | Conference with S. Baena regarding preparation for exclusivity oral argument (1.2); e-mail from R. Frankel regarding same (.3); e-mail from J. Guy regarding same (.2); e-mail from P. Lockwood regarding same (.1). |
| 01/16/07 | SLB | 1.50 | 975.00 | Telephone conference with E. Inselbuch and R. Frankel regarding argument (.6); interoffice conference with J. Sakalo and M. Kramer regarding preparation for oral argument (.5); telephone call to M. Dies regarding same (.4). |
| 01/16/07 | JMS | 0.80 | 340.00 | Telephone conference with Frankel, Inselbuch, S, Baena regarding preparation for exclusivity appeal (.5); conference with J. Valdes regarding same and research needed (.3). |
| 01/17/07 | SLB | 8.90 | 5785.00 | Prepare for oral argument (8.9). |
| 01/17/07 | JMS | 5.30 | 2252.50 | Review and analysis of case law for appeal argument (1.8); conference with S. Baena regarding preparation for argument (3.5). |

| Date | Atty | Hours | Amount | Description |
|---|---|---|---|---|
| 01/18/07 | SLB | 8.60 | 5590.00 | Prepare for oral argument (8.6). |
| 01/18/07 | JMS | 4.10 | 1742.50 | Continue preparation for exclusivity appeal (4.1). |
| 01/19/07 | SLB | 9.50 | 6175.00 | Prepare for oral argument (9.5). |
| 01/19/07 | JMS | 6.40 | 2720.00 | Continue preparation for oral argument on exclusivity appeal (5.8);...................... |
| 01/21/07 | SLB | 6.00 | 3900.00 | Prepare for oral argument (6.0). |
| 01/21/07 | JMS | 4.20 | 1785.00 | Continue preparation with S. Baena for exclusivity appeal oral argument (4.2). |
| 01/22/07 | SLB | 9.50 | 6175.00 | Prepare for oral argument, conference with E. Inselbuch et al regarding same, oral argument (9.5). |
| 01/22/07 | JMS | 7.30 | 3102.50 | Prepare for exclusivity appeal argument, including meeting with co-appellants prior thereto (4.5); attend hearing (1.3);................. |
| 01/22/07 | MIK | 1.50 | 525.00 | Prepare for PI hearing (1.5). |
| 01/22/07 | MIK | 2.00 | 700.00 | Attend PI hearing (2.0). |
| 01/22/07 | SLB | 2.50 | 812.50 | Travel to Philadelphia and then Philadelphia to Wilmington (2.5). |
| 01/22/07 | JMS | 3.00 | 637.50 | Non-working travel to Philadelphia for oral argument (2.0); non-working travel to Wilmington (1.0). |
| 01/22/07 | MIK | 12.00 | 2100.00 | Travel to and from hearing (12.0). |
| 01/23/07 | SLB | 4.60 | 2990.00 | Attend Omnibus hearing (4.6). |
| 01/23/07 | JMS | 6.30 | 2677.50 | Prepare for and attend Grace omnibus hearing (6.3). |
| 01/23/07 | JIS | 4.00 | 1000.00 | Telephonic attendance at omnibus hearing and prepare email summary regarding portions of same. |
| 01/23/07 | MIK | 1.00 | 350.00 | Partially attend hearing telephonically (1.0). |

| | | | | |
|---|---|---|---|---|
| 01/23/07 | SLB | 6.50 | 2112.50 | Return to Miami (6.5). |
| 01/23/07 | JMS | 5.50 | 1168.75 | Return travel home (5.5). |

<u>Response Exhibit 1</u>

The Fee Auditor requests an explanation regarding the attendance of certain Bilzin professionals at hearings held on January 22, 2007 and January 23, 2007. Each hearing is addressed below. As a general matter, however, Bilzin is exceedingly mindful of limiting the number of professionals involved in the representation of the PD Committee on a daily basis and has steadfastly utilized the services of a small universe of professionals. In these limited instances, Bilzin submits it was appropriate and necessary to have each of the professionals participate in the hearings in question.

<u>January 22, 2007 Hearing</u>

As the Fee Auditor is likely aware, the asbestos constituents, including the PD Committee, filed objections to the Debtors' ninth motion to extend the exclusive periods to file and solicit a plan of reorganization (the "<u>Exclusivity Motion</u>"). The Bankruptcy Court overruled the objections and approved the Exclusivity Motion. The asbestos constituents appealed that Order and the January 22, 2007 hearing was the oral argument on the asbestos constituencies' appeal. Messrs. Baena, Sakalo and Kramer attended the hearing on behalf of the PD Committee. Messrs. Baena and Sakalo have maintained the principal responsibility for these cases since their inception. Mr. Kramer has been assigned the day-to-day involvement in the estimation of personal injury liabilities. Thus, in order to comprehensively prepare for the oral argument, it was critical that each professional be involved in the process.

Mr. Baena presented the oral argument on behalf of the PD Committee. During his preparation for the oral argument, he frequently consulted with Mr. Sakalo and, on occasion, with Mr. Kramer, to discuss strategy, factual history and alternatives in connection with the argument to the District Court. Mr. Baena was responsible for designing the overall strategy, Mr. Sakalo covered the PD specific issues and Mr. Kramer addressed the PI specific issues. Up until the morning of the oral argument, the asbestos constituents were still fine-tuning the arguments to be made to the District Court. Thus, it was necessary for the PD Committee to have the Bilzin professionals available that day to react to changes in the presentation. Given that Messrs. Baena and Sakalo were already traveling to Philadelphia for the oral argument, it was most efficient to have Mr. Kramer attend in person as well in order to have all resources readily available to respond to matters raised that day.

<u>January 23, 2007</u>

The January 23, 2007 hearing was the monthly omnibus hearing in these cases, held in Wilmington, Delaware. Messrs. Baena and Sakalo attended the hearing in person and traveled to Wilmington from the oral argument on the appeal of the Exclusivity Motion. Messrs. Kramer and Snyder each attended the portion of the hearing telephonically that involved matters for which they were involved leading up to the hearing.

As explained above and in prior responses to the Fee Auditor's reports, Messrs. Baena and Sakalo have had principal responsibility for representing the PD Committee from the onset of these cases. At this hearing, Mr. Sakalo was responsible for addressing the PD claims objections and related matters. Mr. Baena continues to preside as the senior attorney with responsibility for the representation of the PD Committee at omnibus hearings and otherwise. As these cases are (and were at the time of the hearing in question) at a critical juncture related to PD claims objections and overall case direction, it is critical that both Mr. Baena and Mr. Sakalo attend the omnibus hearings that implicate these matters.

Mr. Kramer attended the hearing by phone for one hour during the portion of the hearing that related solely to PI estimation matters. Mr. Snyder similarly telephonically attended a portion of the hearing that addressed the matters for which he had been assisting Mr. Sakalo leading up to the hearing. In addition, Mr. Snyder's time entry for that day includes time preparing a memorandum summarizing the outcome of the hearing.

Response Exhibit 2

The Fee Auditor requests additional information regarding certain airfare charges.

·       12/15/06 - - Roundtrip airfare from Ft. Lauderdale to Pittsburgh for Mr. Baena. The fare was booked as an "A" class fare which is a special First-Class fare that is less than refundable coach class fares.

·       2/20/07 - - This was a coach-fare flight from Philadelphia to Pittsburgh for Mr. Baena to attend an omnibus hearing and coach-fare return travel to Ft. Lauderdale. As this trip entailed flights for two different clients, the fare was allocated to 50/50 to each client. However, in reviewing the records for this flight, we discovered that a $35 credit was not properly made and, thus, agree to a reduction in expenses sought of $35.

·       3/1/07 - - Roundtrip airfare from Miami to New York City for Mr. Kramer to attend a deposition in connection with the PI estimation proceeding. The fare was booked as an "A" class fare which is a special First-Class fare that is less than refundable coach class fares.

Response Exhibit 3

The Fee Auditor requests additional information regarding certain expenses. The details are below.

| | |
|---|---|
| 1/23/07 - - Meal charge | $100.00 - - dinner for Messrs. Baena, Sakalo and Kramer |
| 1/23/07 - - Meal charges | $107.50 -- $43.15 for breakfast for Messrs. Baena and Sakalo; $64.35 for lunch for Messrs. Baena, Sakalo and Committee member Mr. Dies. |
| 2/20/07 - - Meal charges | $189.48 - - dinner for Messrs. Baena and Sakalo |
| 3/5/07 - - Meal charges | $116.79 - - breakfast, lunch and dinner for Mr. Baena |
| 1/23/07 - - Transportation | $110 - - transportation from DuPont Hotel to Philadelphia airport[1] |
| 2/20/07 - - Transportation | $201.00 - - roundtrip from Philadelphia airport to DuPont Hotel |
| 2/26/07 - - Transportation | $104.00 - - roundtrip from Philadelphia airport to Wilmington Bankruptcy Court |
| 2/20/07 - - Transportation | $115.60 - - 3 cab trips; two $40 fares and one $35.60 fare |
| 3/02/07 - - Lodging | $387.84 - - $339/night for hotel in NYC; $48.84 in taxes |
| 3/5/07 - - Transportation | $125 - - two $30 cab fares and one $10 cab fare, plus $55 parking at the Ft. Lauderdale airport |
| 3/5/07 - - Lodging | $328.32 - - $288/night for hotel in Philadelphia; $40.32 in taxes |

[0] Bilzin utilizes a car service for travel between Philadelphia and Wilmington, and has negotiated a rate with this vendor that is lower than the cost of taxi service between the two locations. In fact, we utilize the same service as many other professionals in this case.