IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket Nos. 16701, 16702 and 16716 + 16791 |

## PROTECTIVE ORDER

1. This Protective Order (the "Order") establishes limits for use in the proceeding governed by the 8/29/2005 Case Management Order for the Estimation of Asbestos Personal Injury Liabilities and all amendments thereto (the "Estimation Proceeding") of documents and other information that may be produced by Claims Processing Facility, Inc. ("CPF") in response to the July 9, 2007 subpoena addressed to it (the "Subpoena") relating to the Eagle-Picher Industries, Inc. Personal Injury Settlement Trust (the "EPI Trust"), that CPF indicates upon production is being produced subject to this Order (the "Confidential Information").

2. This Order shall not prejudice the right of any party to the Estimation Proceeding to challenge whether this Order should apply to some or all of the Confidential Information, nor does it prejudice the right of CPF to seek further limits on its production (including without limitation any future productions CPF may make in response to any document or deposition requests annexed to the Subpoena) or the right of CPF to object to or otherwise oppose the Subpoena. If at any time either Grace or CPF believe further protections are necessary, Grace or CPF may move this Court for modification of this Order.

3. It is the responsibility of the party issuing a subpoena commanding production of the Confidential Information to provide prior notice served on each party pursuant to Fed. R. Civ. P. 45(b)(1).

4. Confidential Information shall be made available only to parties to the Estimation Proceeding, their counsel, witnesses, experts, or consultants (the "Authorized Individuals"), and only to the extent that the Authorized Individuals have a need to use or inspect the Confidential Information for the purposes directly related to the Estimation Proceeding. Authorized Individuals shall maintain the Confidential Information in a confidential manner, and are prohibited from using the Confidential Information for any purpose not directly related to the Estimation Proceeding.

5. The attorneys of record for Authorized Individuals are responsible for employing reasonable measures to control duplication of, access to, and distribution of the Confidential Information consistent with this Order.

6. In testimony and filings with the Court Authorized Individuals may divulge information derived from the Confidential Information regarding EPI Trust claimants only to the extent that any information does not divulge an individual claimant's identity.

7. The termination of the Estimation Proceeding shall not terminate this Order, nor shall it relieve any person who received or was given access to the Confidential Information pursuant to this Order from the continuing obligation of maintaining the Confidential Information in a confidential manner.

8. At the conclusion of the Estimation Proceeding, the parties must return all copies of the Confidential Information to CPF, or at the option of the CPF, destroy them.

SO ORDERED AND ADJUDGED this the ___17th___ day of ___September___, 2007.

_____
UNITED STATES BANKRUPTCY JUDGE

2

#130473 v1 - Grace Protective Order i
DOCS_DE:130473.1