# EXHIBIT 1

[Settlement Agreement]

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| W. R. GRACE & CO., et al., | ) | |
| | ) | |
| Debtors. | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this *12th* day of *September*, 2007, by and between Grace (as defined herein), acting by and through its undersigned representative, and the Claimant (as each is defined herein), acting by and through its duly authorized representative or counsel.

## DEFINITIONS

As used herein, the following terms shall have the meanings specified below:

a.    "Bankruptcy" shall mean the jointly administered cases of Grace which, pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), are pending in the Court under the caption *In re W.R. Grace & Co.,* Case No. 01-1139 (JKF).

b.    "Claimant" shall mean individually each of the following:  Acadia Parish School Board; Caddo Parish School Board; Calcasieu Parish School Board; East Baton Rouge Parish School Board; Jefferson Parish School Board; Jefferson Davis Parish School Board; Lafayette Parish School Board; Lafourche Parish School Board; LaSalle Parish School Board; Natchitoches Parish School Board; St. Martin Parish School Board; Roman Catholic Church of the Archdiocese of New Orleans; Brother Martin High School; Congregation of Immaculate

1

Conception Church; Congregation of St. Dominic Catholic Church; Congregation of St. Louise de Marillac Church; Congregation of St. Francis Assissi Church; Congregation of St. Francis Xavier Cabrini Church; Congregation of St. Francis Xavier Church; Congregation of St. Joan of Arc Church – LaPlace, Louisiana; Congregation of St. Joan of Arc Church; Congregation of St. Mary Magdalen Catholic Church; Congregation of St. Philip Neri Catholic Church; Congregation of St. Pius X Roman Catholic Church; Congregation of St. Raymond Catholic Church; Congregation of St. Rita Roman Catholic Church; Mt. Carmel Academy of New Orleans; and St. Mary's Academy of the Holy Family; and their agencies, instrumentalities and/or departments thereof identified on Exhibit A hereto, which timely filed one or more asbestos property damage proofs of claim in this Bankruptcy. "Claimant" does not include any agencies, departments or instrumentalities of Claimant that are not listed on Exhibit A.

      c.    "Claimant's Counsel" shall mean Dies & Hile LLP.

      d.    "Claims" shall mean the asbestos property damage claims (each a "Claim") filed by the Claimant in this Bankruptcy and identified by the claim numbers listed in Exhibit A.

      e.    "Court" shall mean the United States Bankruptcy Court for the District of Delaware.

      f.    "Grace" or "Debtors" shall mean each of W. R. Grace & Co., W. R. Grace & Co.-Conn., and all of their affiliates and subsidiaries that are debtors and debtors in possession in the Bankruptcy, and their successors and successors in interest.

      g.    "Parties" shall mean Grace and the Claimant (each, separately, a "Party") as the parties to this Agreement.

2

h.    "Person" includes, without limitation, any individual, corporation, partnership, limited liability company, governmental authority, firm, association or other entity.

i.    "Settlement Amount" shall mean the amount set forth in Paragraph 1 below, in cash, without any deduction, proration, condition or offset of any nature.

Other terms defined herein shall have the meanings given in this Agreement. Any word or term used in this Agreement that is not defined herein shall have the meaning given to that word or term in the Bankruptcy Code. The rules of construction in Section 102 of the Bankruptcy Code and Rule 9001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") shall apply to the construction of this Agreement.

## RECITALS

WHEREAS, the Claimant filed Claims in the Bankruptcy asserting that Grace is liable for property damage allegedly caused by Grace's manufacture, use or sale of asbestos containing products;

WHEREAS, Grace denied and continues to deny all allegations of liability, wrongdoing, or violations of law or breaches of duty and has asserted and continues to assert that the Claims have no substance in fact or law and that Grace has meritorious defenses to the Claims;

WHEREAS, Grace has agreed to enter into this Agreement because it is in the best interest of its chapter 11 estates to avoid further expense, inconvenience and the distraction of expensive, burdensome and protracted litigation over the Claims' merit and value;

WHEREAS, the Claimant and Grace desire to settle and resolve the Claims and have engaged in productive settlement discussions directed towards that end;

WHEREAS, Claimant and Grace have conducted discovery and investigation into

3

the facts of the Claims;

WHEREAS, Grace has had an opportunity to review, analyze and assess the Claims, and Claimant has provided Grace with information and documents regarding the Claims;

WHEREAS, Claimant contends, and Grace denies, that the monetary value of the Claims, separately and/or collectively, far exceeds the Settlement Amounts, separately and/or collectively, but Grace acknowledges, nevertheless, that the aggregate allowed amount of the Claims, if liquidated in the Bankruptcy by estimation or adjudication proceedings, could significantly exceed the Settlement Amount; and

WHEREAS, Grace and Claimant have concluded that a settlement in the amount and on the terms hereinafter set forth is fair, reasonable and adequate, and is in the best interest of the Claimant, Grace and the bankruptcy estates of the Debtors.

NOW, THEREFORE, the Parties enter into this Agreement.

## TERMS AND CONDITIONS OF THE SETTLEMENT

1.    <u>Settlement Amount</u>.  Pursuant to this Agreement the settled amount for each Claim shall be as set forth in <u>Exhibit A</u> hereto (for each Claim, the "Settlement Amount"). Subject to (a) final authorization and approval of this Agreement by any governmental unit(s) having jurisdiction over Claimant for such purposes pursuant to applicable non-bankruptcy law, and (b) the provisions for termination of this Agreement according to its terms:  The Settlement Amount represents a liquidation and allowance, pursuant to Section 502 of the Bankruptcy Code, of the Claims for all purposes of the Bankruptcy, including, but not limited to the allowance and valuation of such Claims for purposes of voting on a Chapter 11 plan of reorganization or a plan of liquidation ("Chapter 11 plan"), and receiving payment pursuant to a confirmed Chapter 11 plan.  Unless and until this Agreement is terminated, if ever, for purposes of the solicitation of

acceptances or rejections on any Chapter 11 plan(s) proposed in the Bankruptcy, to the extent that the Claims settled under this Agreement are eligible to vote on such plan(s) pursuant to Sections 1126 and/or 524(g) of the Bankruptcy Code: (x) each Claim shall constitute a separate allowed claim, and (y) the voting amount of each Claim shall be the respective Settlement Amount of the Claim as indicated on Exhibit A. This Agreement is without prejudice to the Claimant's right to argue, assert or seek a determination from the Court that it is entitled to vote the Claims on any particular Chapter 11 plan(s) proposed in the Bankruptcy.

2.      Treatment and Payment of Settlement Amount. It is the intention of Grace that the Settlement Amounts shall be paid to the Claimant in full, in cash, without any deduction, proration, condition or offset of any nature. Payment of the Settlement Amounts shall be made not later than thirty (30) days after the effective date of the Chapter 11 plan ("Effective Date") by one of the following, as may be the case under the Chapter 11 plan: (i) the Debtors or the reorganized Debtors; (ii) an asbestos trust established pursuant to the confirmed plan of reorganization for the benefit and/or treatment of asbestos property damage claims ("PD Trust"); or (iii) any other person or entity established, appointed or designated by or under the Chapter 11 plan to make the payment of allowed asbestos property damage claims ("Paying Agent"). If payment of the Settlement Amounts is to be made by a PD Trust or a Paying Agent, such entity shall be required to make timely payment as provided above of any and all funds deposited by or on account of the Debtors with such entity on account of the Settlement Amounts, in cash, without any deduction, proration, condition, or offset of any kind, within the time for payment prescribed above. Grace commits to include appropriate provisions to effectuate this paragraph in any Chapter 11 plan that Grace proposes, supports or otherwise endorses in the Bankruptcy.

5

The treatment and payment of the Claims pursuant to this paragraph shall be the "Claimant's Recovery."

3.     Payment to Be Made to Claimant's Counsel on Account of the Claimant's Settlement Amount.  Any payment made on account of the Claims under a Chapter 11 plan shall be paid in total, without condition, to Claimant's Counsel at its address of record and solely in its capacity as Claimant's Counsel.  Claimant's Counsel, in turn, shall be solely responsible to allocate and disburse the amount received between the amount due the Claimant and the amount due Claimant's Counsel pursuant to the confidential Outside Counsel Agreement, which authorized Claimant's Counsel to file the Claims against Debtors on Claimant's behalf and further assigned and conveyed to Claimant's Counsel a contingent fee interest equal to a percentage (as stated in the confidential Outside Counsel Agreement) of the gross proceeds of the Claims.

4.     Pending Proceedings on Claims Objections Against the Claims Deemed Inactive; and Reservation of the Parties' Rights.  All pending objections asserted by Grace against the Claims in the Fifteenth Omnibus Objections (Substantive) to Asbestos Property Damage Claims, as filed in the Bankruptcy Case on September 1, 2005 (Dkt. No. 9315) (the "Claims Objections"), and any responses thereto filed by Claimant in response to the Claims Objections (as well as the right of Claimant to file responses to the extent that Claimant's time or right to respond has been extended or adjourned) shall be deemed inactive and held in suspense, without prejudice. In the event that this Agreement is terminated according to its terms, the Parties shall have the rights provided in Paragraph 17 of this Agreement with respect to the further prosecution and disposition of the Claims and the Claims Objections.

5.    _Confidentiality_. The terms of this Agreement shall remain confidential as long as practicable and at least until a motion for approval of this Agreement is filed with the Bankruptcy Court. Subject to Paragraph 12 below, Claimant and Debtors shall coordinate on the timing of any application to the Bankruptcy Court. Nothing herein shall preclude either Party from (a) making any public disclosure of the settlement which is determined by such Party in good faith to be required by law; or (b) disclosing the fact of this settlement as distinguished from disclosing the Settlement Amount so long as the terms of the Agreement are kept confidential as provided for in this paragraph.

6.    _Release by Claimant_. Except for the rights, entitlements and obligations created by, arising under or available to Claimant with respect to this Agreement, and any claims or defenses of Claimant arising under or relating to any tax obligations of the Debtors to the Claimant, which Claimant specifically reserves, and subject to the provisions for termination of this Agreement according to its terms: Claimant releases all asbestos-related claims (including the Claims) against the Debtors, and each of them, jointly and severally, whether known or unknown, foreseen or unforeseen, liquidated, unliquidated, fixed, contingent, material or immaterial, disputed or undisputed, suspected or unsuspected, asserted or unasserted, direct or indirect, at law or in equity, that the Claimant now has or hereafter may have against Grace, from the beginning of time, and Claimant understands and acknowledges the significance of such release and waiver and hereby assumes full responsibility for any injuries, damages or losses the Claimant may incur as a result of its execution of this Agreement.

7.    _Release by Grace_. Except for the rights, entitlements and obligations created by, arising under or available to the Debtors with respect to this Agreement, and any claims or defenses of the Debtors arising under or relating to any tax obligations of the Debtors to

7

Claimant, including any tax refunds or credits due or available to the Debtors from the Claimant, which the Debtors specifically reserve, and subject to the provisions for termination of this Agreement according to its terms: The Debtors, and each of them, jointly and severally, release all asbestos-related claims against the Claimant and all claims that could be asserted by or on behalf of the Debtors against the Claimant under Sections 542-553 of the Bankruptcy Code, whether known or unknown, foreseen or unforeseen, liquidated, unliquidated, fixed, contingent, material or immaterial, disputed or undisputed, suspected or unsuspected, asserted or unasserted, direct or indirect, at law or in equity, that the Debtors and their bankruptcy estates now have or hereafter may have against Claimant, from the beginning of time, and the Debtors understand and acknowledge the significance of such release and waiver and hereby assume full responsibility for any injuries, damages or losses the Debtors may incur as a result of their execution of this Agreement.

## REPRESENTATIONS AND WARRANTIES

8.    <u>Good Faith and Fairness</u>.  Each of the Parties represents and warrants that: (a) this Agreement is entered into in good faith; (b) no conflicts of interest exist on its part; and (c) in its opinion, the Settlement Amount represents fair consideration for the claims allowed and released herein.

9.    <u>Voluntary Agreement</u>.  Each of the Parties represents and warrants to each other and acknowledges that it has entered into this Agreement voluntarily: (a) only after first obtaining the legal and professional advice which it believes is appropriate and necessary and determining, in its respective judgment, that the Parties' best interests are served by entering into this Agreement; and (b) without relying on any statements, representations or inducements by each other, except as expressly set forth herein.

8

10.    <u>Authority</u>. Subject to the entry of an order of the Court approving this Agreement ("Approval Order"), and subject in the case of Claimant to the receipt of approvals or authorizations of any appropriate governmental unit(s) required pursuant to applicable non-bankruptcy law, each Party represents and warrants that: (a) it has taken all actions and secured the consents of all persons or entities necessary to authorize the execution of this Agreement and related documents and the performance of the acts necessary to fulfill the terms and conditions of this Agreement; and (b) it is fully authorized to enter into and execute this Agreement.

11.    <u>No Prior Assignments of Claims or Claims Objections</u>. The Parties represent and warrant to the other and acknowledge that each has not assigned or transferred any claim or right it might have against the other respecting the Claims or the Claims Objections to any third party, except that Claimant has assigned a contingency fee interest in the Claims to Claimant's Counsel as previously recited pursuant to the confidential Outside Counsel Agreement, and the Debtors do not and shall not object to such assignment.

## NOTICE AND APPROVAL

12.    <u>Prompt Approval</u>. Grace shall promptly seek judicial approval of the settlement embodied in this Agreement by filing the necessary motion with the Court ("Approval Motion").

13.    <u>Cooperation by the Parties</u>. Pending the Court's determination of the Approval Motion and consummation of this Agreement, the Parties: (a) shall act in good faith and shall use their reasonable best efforts to seek and support approval of this Agreement, and in conformity with its terms; and (b) shall not act or fail to act in a manner that will deprive the other Party of the benefits and bargains embodied in this Agreement.

## TERMINATION

14.    <u>Termination Generally</u>.    This Agreement shall terminate and shall have no further force and effect if: (a) this Agreement is disapproved in whole or in part by an order entered by the Court or by any appellate court, which disapproval shall constitute termination effective upon the docketing of such order without further notice or action by any Party, unless otherwise mutually agreed to by the Parties; or (b) either Party exercises its right of termination by giving a written notice, which termination shall be effective upon (i) the filing of the notice of termination in the docket of the Bankruptcy, and (ii) receipt of the notice of termination by counsel of record for the other Party.

15.    <u>Claimant's Right to Terminate</u>.    The Claimant, in its sole discretion, may terminate this Agreement in the event that either: (a) the Chapter 11 plan ultimately confirmed in the Bankruptcy does not provide Claimant with the Claimant's Recovery; (b) the Bankruptcy is dismissed or is converted to a case under Chapter 7 of the Bankruptcy Code; (c) the Court approves the solicitation of acceptances of any Chapter 11 plan pursuant to Section 1125 of the Bankruptcy Code where (i) such plan does not provide Claimant with the Claimant's Recovery, or (ii) the Claimant reasonably concludes that such plan will not provide Claimant with the Claimant's Recovery; or (d) Grace breaches this Agreement.

16.    <u>Grace's Right to Terminate</u>.    Grace, in its sole discretion, may terminate this Agreement in the event that: (a) the Chapter 11 plan ultimately confirmed in the Bankruptcy: (i) is not proposed, supported or otherwise endorsed by Grace, *and* (ii) provides Claimant with treatment of its Claims that is materially more favorable than the Claimant's Recovery under this Agreement; or (b) the Court approves the solicitation of acceptances of any Chapter 11 plan pursuant to Section 1125 of the Bankruptcy Code where: (i) Grace formally opposes or files an

objection to confirmation of such plan, *and* (ii) Grace reasonably concludes that such plan will provide Claimant with treatment of its Claims that is materially more favorable than the Claimant's Recovery under this Agreement; or (c) Claimant breaches this Agreement.

17.    <u>Effect of Termination, and Parties' Rights Upon Termination</u>. If this Agreement is terminated according to its terms: (a) this Agreement thereupon shall be null and void and have no further force and effect for any purpose (except as stated herein with respect to the survival of certain terms and rights of the Parties following termination); (b) the Agreement, its contents, and all negotiations and proceedings of any nature connected therewith shall be without prejudice to the rights of the Parties which accrued on or before April 15, 2007; (c) Claimant may take any and all actions in the Bankruptcy to allow and enforce the Claims (including the estimation or adjudication of the Claims in amounts greater than the Settlement Amounts), and Grace may renew its prosecution of the Claims Objections (or may prosecute an estimation proceeding respecting the Claims), in each case as if this Agreement never existed; and (d) this Agreement shall not constitute or be admissible as evidence in any respect, in any action or proceeding in the Bankruptcy or in any forum, of, among other things, the allowable amount or of the maximum amount of the Claims. Upon termination of the Agreement, neither Party shall be deemed in any way to have waived, released, compromised, discontinued, dismissed or otherwise settled any claims, rights, entitlements or defenses of any nature relating to the Claims or the Claims Objections as they existed on April 15, 2007. In any further litigation in the Bankruptcy between the Parties relating to the Claims or the Claims Objections, the Parties will confer regarding the necessary pre-trial procedures including, among other things, the resumption of discovery.

11

18.     <u>Passage of Prior Deadlines</u>.  In no event shall the passage of any deadlines in the Bankruptcy relating to adjudication of the Claims during the negotiation or pendency of this Agreement or the Approval Motion, or the passage of any such deadlines after entry of the Approval Order and prior to termination of the Agreement, if ever, be deemed or held to prejudice either Party.

19.     <u>Survival of Provisions</u>.  Paragraphs 5, 17, 18, 21 and 23 shall survive termination of this Agreement.

## MISCELLANEOUS

20.     <u>Governing Law</u>.  Except to the extent governed by federal bankruptcy law, this Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by, the internal laws of the State of Delaware (without regard to its principles of conflicts of law) regardless of the domicile of any Party, and this Agreement will be deemed for such purposes to have been made, executed, and performed in the State of Delaware.  Any disputes, controversies, or claims arising out of this Agreement, including but not limited to, the interpretation and/or enforcement thereof, shall be determined exclusively by the Court, which retains jurisdiction for those purposes.  This Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one Party.

21.     <u>Agreement Not Operative As A Choice of Substantive Law Respecting the Claims</u>.  Nothing contained in this Agreement shall affect, constitute a determination or agreement concerning, or operate as a choice of laws or substantive provisions of law, or the application thereof, with respect to the extent, validity or amount of any Claim.

22.     <u>Complete Resolution of Disputes</u>.  Subject to the provisions for termination of this Agreement according to its terms, each Party represents that: (a) it understands and agrees

that this Agreement is a full, final, and complete release solely with respect to the matters released herein; (b) this Agreement may be pleaded as an absolute and final bar to any suit or suits pending or which may hereinafter be filed or prosecuted by any one or more of the Parties or anyone claiming, by, through or under any one or more of the Parties in respect of any of the matters released herein; (c) no recovery on account of the matters released herein may hereafter be had by any of the Parties except to the extent of the rights created by or arising under this Agreement.

## USE OF THIS AGREEMENT

23.    <u>Limitations on Use and Effect of this Agreement</u>. Except in such proceedings as may be necessary to effectuate or enforce the provisions of this Agreement, neither this Agreement, the settlement provided for herein (whether or not ultimately consummated or performed), nor any actions taken by either Party pursuant to or in connection with this Agreement, to negotiate, effectuate, consummate or carry out this Agreement, or to prosecute the Approval Motion and obtain entry of the Approval Order, shall be used, construed, offered or received by any person or entity in any action or proceeding in the Bankruptcy or in any forum for any purpose whatsoever, including, but not limited to:

a.    in, or in connection with, an estimation proceeding under section 502(c) of the Bankruptcy Code;

b.    as, or deemed to be, a presumption, concession or admission concerning, or as evidence of, any point of fact or law, of any alleged fault, wrongdoing or liability whatsoever, or of the truth of any allegations or statements made by the respective Party (including its professionals, experts or consultants) in the Claims Objections filed by the Debtors, any responses filed by the Claimant, or in any other pleadings, papers or documents

13

filed with respect to the Claims, any objections to the Claims, or any other claims asserted against Grace or objections thereto; or

        c.    as, or deemed to be, a presumption, concession, or admission by Grace, or as evidence, that Grace's products are to be found or have been identified as present in any of the Claimant's buildings or other facilities.

The Parties acknowledge that the Official Committee of Asbestos Property Damage Claimants and certain asbestos property damage claimants who have not settled all of their asbestos property damage claims against the Debtors have agreed to defer, and thus have reserved, the right to challenge the provisions in this Paragraph 23 that do not allow for the Agreement or the settlement embodied herein to be used, construed, offered or received by any person or entity for any purpose whatsoever, including, but not limited to, an estimation proceeding under Section 502(c) of the Bankruptcy Code or in respect of confirmation of a Chapter 11 plan. Notwithstanding that deferral and reservation of rights, the Debtors and the Claimant specifically reserve their respective rights to object to any such use, construction, offer or receipt by any person or entity.

## BINDING EFFECT

24.    <u>Agreement Supersedes All Prior Agreement and Understandings; Amendments.</u> This Agreement supersedes all prior agreements or understandings, written or oral, among Grace and the Claimant relating to the Claims, and incorporates the Parties' entire understanding of this transaction. This Agreement may be amended or supplemented only by a written instrument signed by both of the Parties.

25.    <u>Remedies for Breach.</u> In the event of a breach of this Agreement: (a) occurring after entry of the Approval Order and prior to the Effective Date, the aggrieved Party may

terminate this Agreement as provided in Paragraphs 15 or 16 above, as applicable; or (b) occurring after the Effective Date, the sole and exclusive remedy of the Parties shall be to enforce the terms of this Agreement.

26.    <u>Exhibits.</u>  The Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

27.    <u>Binding Agreement</u>.  This Agreement shall be binding upon and inure to the benefit of each of the Parties, and their respective affiliates, successors, trustees, administrators and assigns, and all other persons acting on behalf of or at the direction or control of a Party, and any Bankruptcy Code trustee that may be appointed for the Debtors under the Bankruptcy Code. To the extent that this Agreement has not been terminated according to its terms as of the Effective Date of the Chapter 11 plan ultimately confirmed in the Bankruptcy, this Agreement shall be binding upon the reorganized Debtors, any PD Trust and any Paying Agent under such plan, and all persons acting on behalf of or at the direction or control of each such entity, on and as of the Effective Date.

28.    <u>No Waiver</u>.  No term or condition of this Agreement shall be deemed to have been waived, nor shall there be an estoppel against the enforcement of any provision of this Agreement, except by a written instrument executed by the Party charged with such waiver or estoppels. No such written waiver shall be deemed a continuing waiver unless specifically stated therein and such waiver shall operate only as to the specific term or condition waived and not for the future or as to any other act than that specifically waived.

29.    <u>Non-Assignability</u>.  Except as provided in Paragraph 3 with respect to the contingency fee interest assigned to Claimant's Counsel pursuant to the confidential Outside Counsel Agreement, no Party may assign, convey, transfer, delegate or encumber any right,

15

interest, duty or obligation arising hereby or created herein without the express written prior consent of all the parties hereto.

30.    Condition to Effectiveness of Agreement. The effectiveness of this Agreement is subject to the entry of the Approval Order.

31.    No Third Party Beneficiaries. Nothing contained herein shall confer upon or give to any third person or entity other than the Parties hereto and their respective affiliates, successors, trustees, administrators or assigns, any rights or remedies under or by reason of this Agreement. Except as expressly provided in this Agreement, the Parties specifically disavow any intention to create rights in third parties under or in relation to this Agreement.

32.    Headings. Headings, captions and titles used in this Agreement are inserted only for convenience and for reference purposes. They are not intended in any way to define, limit, expand, or describe the scope of this Agreement or the intent of any provision.

33.    No Effect Upon Certain Rights of Claimant Against Other Parties Liable for the Claims. Nothing in this Agreement shall bar, or shall be deemed or construed to limit in any respect, Claimant's right to seek recovery from any person or entity other than the Debtors who has or may have any legal liability or responsibility with respect to asbestos or asbestos-containing materials contained in or removed from any buildings or premises underlying the

16

Claims, so long as in seeking such recovery Claimants do not trigger or cause any contingent or indemnity claim to be triggered against the Debtors.

W. R. GRACE & CO., et al., Debtors and Debtors in Possession

By their counsel: _Monk a. Ahlmer_

APPROVED AS TO FORM:

Martin W. Dies, Attorney, P.C.
Counsel to the Claimant

By: _Martin Walie_
    Martin W. Dies

ACADIA PARISH SCHOOL BOARD


By: _____
         ROBERT C. MCCALL

Title: <u>Attorney and Representative</u>

18

CADDO PARISH SCHOOL BOARD

By: _____
FRED H. SUTHERLAND, ESQ.

Title: Attorney and Representative

19

CALCASIEU PARISH SCHOOL BOARD


By: _____
         ROBERT C. MCCALL

Title: Attorney and Representative

EAST BATON ROUGE PARISH SCHOOL
BOARD

By: _____
      KENNETH F. SILLS
Title: <u>Attorney and Representative</u>

21

JEFFERSON PARISH SCHOOL BOARD

By: _____

JACK A. GRANT

Title: Attorney and Representative

JEFFERSON DAVIS PARISH SCHOOL BOARD


By: _____
      ROBERT C. MCCALL

Title: <u>Attorney and Representative</u>

23

LAFAYETTE PARISH SCHOOL BOARD


By: _____
ROBERT C. MCCALL

Title: Attorney and Representative

24

LAFOURCHE PARISH SCHOOL BOARD

By: _____
JACK A. GRANT
Title: Attorney and Representative

25

LASALLE PARISH SCHOOL BOARD


By: _____
      ROBERT C. MCCALL

Title: <u>Attorney and Representative</u>

NATCHITOCHES PARISH SCHOOL
BOARD


By: _____
     KENNETH F. SILLS
Title: Attorney and Representative

27

ST. MARTIN PARISH SCHOOL BOARD


By: _____
        ROBERT C. MCCALL

Title: <u>Attorney and Representative</u>

ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF NEW ORLEANS

By: _____

　　　　RICHARD A. BORDELON

Title: Attorney and Representative

BROTHER MARTIN HIGH SCHOOL

By: _____

RICHARD A. BORDELON

Title: Attorney and Representative

CONGREGATION    OF    IMMACULATE
CONCEPTION CHURCH

By: _____

       RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

CONGREGATION   OF   ST.   DOMINIC
CATHOLIC CHURCH

By:_____
      RICHARD A. BORDELON

Title: Attorney and Representative

CONGREGATION OF ST. LOUISE DE
MARILLAC CHURCH

By:_____

RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

CONGREGATION    OF    ST.    FRANCIS
ASSISSI CHURCH

By:_____

      RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

34

CONGREGATION OF ST. FRANCIS
XAVIER CABRINI CHURCH

By:_____

RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

35

CONGREGATION   OF   ST.   FRANCIS
XAVIER CHURCH

By: _____

      RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

CONGREGATION OF ST. JOAN OF ARC
CHURCH – LAPLACE, LOUISIANA

By:_____

RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

CONGREGATION OF ST. JOAN OF ARC
CHURCH

By:_____

RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

CONGREGATION    OF    ST.    MARY
MAGDALEN CATHOLIC CHURCH

By: _____
RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

CONGREGATION OF ST. PHILIP NERI
CATHOLIC CHURCH

By: _____
       RICHARD A. BORDELON

Title: Attorney and Representative

CONGREGATION OF ST. PIUS X ROMAN
CATHOLIC CHURCH

By:_____

       RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

41

CONGREGATION OF ST. RAYMOND
CATHOLIC CHURCH

By:_____
RICHARD A. BORDELON

Title: Attorney and Representative

CONGREGATION OF ST. RITA ROMAN
CATHOLIC CHURCH

By:_____
      RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

MT. CARMEL ACADEMY OF NEW ORLEANS

By:_____

RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

44

ST. MARY'S ACADEMY OF THE HOLY
FAMILY

By:_____
          RICHARD A. BORDELON

Title: <u>Attorney and Representative</u>

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  ACADIA PARISH SCHOOL BOARD

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008029 | South Crowley Elementary | $2,528 |
| 008030 | South Rayne Elementary | $9,982 |
| Total Allowed Claim Amount for Claimant: | | $12,510 |

46

**EXHIBIT A: CLAIMANT AND CLAIM NUMBERS**

**CLAIMANT: CADDO PARISH SCHOOL BOARD**

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 010631 | Caddo Middle Magnet | $9,102 |
| 010632 | Captain Shreve High School | $34,478 |
| 010633 | Cherokee Park Elementary School | $3,741 |
| 010634 | Eden Gardens Elementary Magnet | $2,347 |
| 010635 | Fair Park High School | $712 |
| 010636 | Forest Hill Elementary School | $2,298 |
| 010637 | Ingersoll Elementary | $867 |
| 010638 | Instructional and Administrative Center | $2,889 |
| 010639 | Linear Middle School | $32,143 |
| 010640 | Moorings Port Elementary | $1,946 |
| 010641 | North Caddo High | $15,824 |
| 010642 | Northwood High School | $3,572 |
| 010643 | Oak Terrace Special School | $18,045 |
| 010644 | Ridgewood Middle School | $22,572 |
| 010645 | Summerfield Elementary | $2,250 |
| 010646 | University Elementary | $2,250 |
| 010647 | Woodlawn High School | $707 |
| Total Allowed Claim Amount for Claimant: | | $155,743 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  CALCASIEU PARISH SCHOOL BOARD

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008032 | Cherry Street Elementary | $88 |
| 008033 | College Oaks Elementary | $3,021 |
| 008034 | W.T. Henning Elementary | $526 |
| 008035 | Lake Charles Boston High School | $6,093 |
| 008036 | Dolby Elementary | $1,086 |
| 008037 | E.K. Key Elementary | $1,117 |
| 008038 | Henry Heights Elementary | $1,104 |
| 008039 | Oak Park Elementary | $646 |
| Total Allowed Claim Amount for Claimant: | | $13,681 |

48

**EXHIBIT A: CLAIMANT AND CLAIM NUMBERS**

**CLAIMANT: EAST BATON ROUGE PARISH SCHOOL BOARD**

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 012651 | Baton Rouge High School /Rumpus Room | $2,827 |
| 012652 | Broadmoor High School / Auditorium | $4,104 |
| 012653 | Broadmoor Middle School / Building 1 | $14,507 |
| 012654 | Capital Middle School / Auditorium/Gymnasium | $3,785 |
| 012655 | Greenbriar Elementary School | $22,309 |
| 012656 | Glen Oaks Middle School / Auditorium | $893 |
| 012657 | Glen Oaks Middle School / Industrial Arts Building | $565 |
| 012658 | Glen Oaks High School / Auditorium/Gymnasium | $9,011 |
| 012659 | Choctaw Vocational / Auditorium & Bldg. 7 | $4,707 |
| 012660 | Sharon Hills Elementary / Bldgs. 1, 2, 3, 4 & 7 | $11,170 |
| 012661 | Robert S. Lee High School / Auditorium | $11,634 |
| 012662 | Progress Elementary / Classroom Bldg. 9 | $2,555 |
| 012663 | Progress Elementary / Administration and Classroom Buildings 1, 4, 5, 6, 7 & 8 | $7,318 |
| 012664 | Park Forest Middle School / Main Building #1 | $583 |
| 012665 | Istrouma High School / Auditorium | $11,207 |
| 012666 | Zachary High School / Storage/Shop Bldg. 3 | $441 |
| 012667 | White Hills Elementary School / Bldgs. Classroom 5-6 | $4,359 |
| 012668 | White Hills Elementary / Bldg. 1 and Classroom 4 | $172 |
| 012669 | Westdale Elementary School / 5 Bldgs. | $1,878 |
| Total Allowed Claim Amount for Claimant: | | **$114,025** |

49

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  JEFFERSON PARISH SCHOOL BOARD

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008164 | Bissonet Plaza Elementary School | $19,478 |
| 008165 | S.J. Barbre Jr. High School | $12,256 |
| 008166 | T.H. Harris Jr. High School | $35,016 |
| 008167 | Harahan Elementary School | $7,003 |
| 008168 | Ella Dolhonde Elementary School | $1,094 |
| 008169 | Deckbar Elementary School | $2,408 |
| 008170 | Joshua Butler Elementary School | $1,138 |
| 008171 | Bridgedale Elementary School | $6,566 |
| 008172 | William Hart Elementary School | $2,189 |
| 008173 | Live Oak Manor Elementary School | $6,566 |
| 008174 | Lincoln Elementary School | $2,626 |
| 008175 | Grace King High School | $3,502 |
| 008176 | Hazel Park Elementary/Hilda Knoff Kindergarten | $4,377 |
| 008177 | Harvey Kindergarten | $876 |
| 008178 | L.H. Marrero Middle School | $1,313 |
| 008179 | East Jefferson High School | $1,488 |
| 008180 | Westwego Elementary School | $1,182 |
| 008181 | Westgate Elementary School | $6,566 |
| 008182 | Miller Wall Elementary School | $9,323 |
| 008183 | West Jefferson High School | $5,253 |
| 008184 | Marie Riviere Elementary School | $13,131 |
| 008185 | Riverdale High School/Fairchild | $1,751 |
| 008186 | Vic A. Pitre Elementary School | $9,630 |
| Total Allowed Claim Amount for Claimant: | | $154,732 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  JEFFERSON DAVIS PARISH SCHOOL BOARD

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008025 | Jennings High School | $439 |
| 008026 | Welsh Elementary | $373 |
| Total Allowed Claim Amount for Claimant: | | $812 |

51

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  LAFAYETTE PARISH SCHOOL BOARD

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 011285 | S.J. Montgomery Elementary School | $13,348 |
| 011286 | E.A. Martin Middle School | $19,956 |
| 011287 | Lafayette High School | $20,664 |
| 011288 | Acadian Middle School | $7,310 |
| 011289 | L.J. Alleman Middle School | $14,055 |
| 011290 | Comeaux High School | $9,267 |
| 011291 | J.W. Faulk Elementary School | $12,698 |
| 011292 | Paul Breaux Middle School | $933 |
| 011293 | Broussard Middle School | $1,751 |
| 011294 | J.W. James Elementary School | $7,938 |
| 011295 | Judice Middle School | $2,511 |
| 011296 | Central Office Complex School | $4,693 |
| 011297 | L. Leo Judice Elementary School | $1,601 |
| Total Allowed Claim Amount for Claimant: | | $116,725 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  LAFOURCHE PARISH SCHOOL BOARD

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008018 | Central Lafourche High School | $37,643 |
| 008019 | Cut Off Elementary School | $323 |
| 008020 | Golden Meadow Lower Elementary School | $263 |
| 008021 | West Thibodaux Jr. High School | $614 |
| 008022 | Lafourche Parish School Board Office | $876 |
| 008023 | Larose-Cut Off Jr. High School | $1,795 |
| Total Allowed Claim Amount for Claimant: | | $41,514 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  LASALLE PARISH SCHOOL BOARD

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008027 | Jena High School | $7,444 |
| 008028 | LaSalle High School | $2,628 |
| Total Allowed Claim Amount for Claimant: | | $10,072 |

54

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

## CLAIMANT:  NATCHITOCHES PARISH SCHOOL BOARD

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 011326 | North Natchitoches Elementary School | $26,391 |
| 011327 | Fairview Alpha Elementary School | $5,134 |
| 011328 | Parks Elementary School | $18,812 |
| 011329 | Provencal Elementary School | $8,434 |
| 011330 | St. Matthews Junior High School | $7,571 |
| Total Allowed Claim Amount for Claimant: | | $66,342 |

55

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  ST. MARTIN PARISH SCHOOL BOARD

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008024 | Cecilia Junior High | $1,757 |
| 008031 | Breaux Bridge Junior High | $2,980 |
| Total Allowed Claim Amount for Claimant: | | $4,737 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008359 | St. Raphael School Building | $12,359 |
| 008363 | Arch Bishop Shaw High School | $24,385 |
| 008365 | Arch Bishop Chapelle High School | $16,322 |
| 008367 | Corpus Christi School | $2,417 |
| 008372 | St. Angela Merici | $16,583 |
| Total Allowed Claim Amount for Claimant: | | $72,066 |

57

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  BROTHER MARTIN HIGH SCHOOL

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008361 | Brother Martin High School | $2,014 |
| Total Allowed Claim Amount for Claimant: | | $2,014 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

## CLAIMANT:  CONGREGATION OF IMMACULATE CONCEPTION CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008376 | Congregation of Immaculate Conception Church | $1,384 |
| Total Allowed Claim Amount for Claimant: | | $1,384 |

59

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  CONGREGATION OF ST. DOMINIC CATHOLIC CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008369 | Congregation of St. Dominic Catholic Church | $3,940 |
| Total Allowed Claim Amount for Claimant: | | $3,940 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  CONGREGATION OF ST. LOUISE DE MARILLAC CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008364 | Congregation of St. Louise De Marillac Church | $13,962 |
| Total Allowed Claim Amount for Claimant: | | $13,962 |

61

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

## CLAIMANT:  CONGREGATION OF ST. FRANCIS ASSISSI CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008374 | Congregation St. Francis Assisi Church | $11,052 |
| Total Allowed Claim Amount for Claimant: | | $11,052 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

## CLAIMANT:  CONGREGATION OF ST. FRANCIS XAVIER CABRINI CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008366 | Congregation St. Francis Xavier Cabrini Church | $3,400 |
| Total Allowed Claim Amount for Claimant: | | $3,400 |

63

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  CONGREGATION OF ST. FRANCIS XAVIER CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008362 | Congregation St. Francis Xavier Church | $9,150 |
| Total Allowed Claim Amount for Claimant: | | $9,150 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  CONGREGATION OF ST. JOAN OF ARC CHURCH – LAPLACE, LOUISIANA

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008371 | Congregation St. Joan Arc Church, LaPlace, LA | $13,392 |
| Total Allowed Claim Amount for Claimant: | | $13,392 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  CONGREGATION OF ST. JOAN OF ARC CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008373 | Congregation St. Joan of Arc Catholic Church | $4,307 |
| Total Allowed Claim Amount for Claimant: | | $4,307 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

## CLAIMANT:  CONGREGATION OF ST. MARY MAGDALEN CATHOLIC CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008358 | Congregation St. Mary Magdalen Catholic Church | $1,995 |
| Total Allowed Claim Amount for Claimant: | | $1,995 |

67

# EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

## CLAIMANT:  CONGREGATION OF ST. PHILIP NERI CATHOLIC CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008370 | Congregation St. Philip Neri Catholic Church | $12,673 |
| Total Allowed Claim Amount for Claimant: | | $12,673 |

68

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

## CLAIMANT:  CONGREGATION OF ST. PIUS X ROMAN CATHOLIC CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008368 | Congregation of St. Pius X Roman Catholic Church | $2,672 |
| Total Allowed Claim Amount for Claimant: | | $2,672 |

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  CONGREGATION OF ST. RAYMOND CATHOLIC CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008377 | Congregation St. Raymond Roman Catholic Church | $9,192 |
| Total Allowed Claim Amount for Claimant: | | $9,192 |

70

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  CONGREGATION OF ST. RITA ROMAN CATHOLIC CHURCH

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008375 | Congregation St. Rita Roman Catholic Church | $13,383 |
| Total Allowed Claim Amount for Claimant: | | $13,383 |

71

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  MT. CARMEL ACADEMY OF NEW ORLEANS

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008357 | Mount Carmel Academy of New Orleans, Louisiana | $17,477 |
| Total Allowed Claim Amount for Claimant: | | $17,477 |

72

## EXHIBIT A:  CLAIMANT AND CLAIM NUMBERS

### CLAIMANT:  ST. MARY'S ACADEMY OF THE HOLY FAMILY

| Claim Number | Building | Allowed Claim Amount |
|---|---|---|
| 008360 | St. Mary's Academy of the Holy Family | $17,048 |
| Total Allowed Claim Amount for Claimant: | | $17,048 |