# EXHIBIT 2

[Proposed Form of Order]

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| **W. R. GRACE & CO., et al.,** | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket No. ___ |
| | | Agenda Item No. ____ |

**ORDER AUTHORIZING SETTLEMENT OF ASBESTOS PROPERTY
DAMAGE CLAIMS FILED BY ACADIA PARISH SCHOOL BOARD. BROTHER
MARTIN HIGH SCHOOL, CADDO PARISH SCHOOL BOARD, CALCASIEU PARISH
SCHOOL BOARD, CONGREGATION OF IMMACULATE CONCEPTION CHURCH,
CONGREGATION OF ST. DOMINIC CATHOLIC CHURCH, CONGREGATION OF
ST. FRANCIS ASSISSI CHURCH, CONGREGATION OF ST. FRANCIS XAVIER
CABRINI CHURCH, CONGREGATION OF ST. FRANCIS XAVIER CHURCH,
CONGREGATION OF ST. JOAN OF ARC CHURCH, CONGREGATION OF JOAN OF
ARC CHURCH - LAPLACE, LOUISIANA, CONGREGATION OF ST. LOUISE DE
MARILLAC CHURCH, CONGREGATION OF ST. MARY MAGDALEN CATHOLIC
CHURCH, CONGREGATION OF ST. PHILIP NERI CATHOLIC CHURCH,
CONGREGATION OF ST. PIUS X ROMAN CATHOLIC CHURCH, CONGREGATION
OF ST. RAYMOND CATHOLIC CHURCH, CONGREGATION OF ST. RITA
CATHOLIC CHURCH, EAST BATON ROUGE PARISH SCHOOL BOARD,
JEFFERSON DAVIS PARISH SCHOOL BOARD, JEFFERSON PARISH SCHOOL
BOARD, LAFAYETTE PARISH SCHOOL BOARD, LAFOURCHE PARISH SCHOOL
BOARD, LASALLE PARISH SCHOOL BOARD, MT. CARMEL ACADEMY OF NEW
ORLEANS, NATCHITOCHES PARISH SCHOOL BOARD, ROMAN CATHOLIC
CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, ST. MARTIN PARISH
SCHOOL BOARD, ST. MARY'S ACADEMY OF THE HOLY FAMILY,
<u>REPRESENTED BY DIES & HILE LLP</u>**

This matter having come before the Court on the "Motion of Debtors for Entry of an Order Authorizing Settlement of Claims filed by Acadia Parish School Board. Brother Martin High School, Caddo Parish School Board, Calcasieu Parish School Board, Congregation of Immaculate Conception Church, Congregation of St. Dominic Catholic Church, Congregation of St. Francis Assissi Church, Congregation of St. Francis Xavier Cabrini Church, Congregation of St. Francis Xavier Church, Congregation of St. Joan of Arc Church, Congregation of Joan of Arc

Church - LaPlace, Louisiana, Congregation of St. Louise De Marillac Church, Congregation of St. Mary Magdalen Catholic Church, Congregation of St. Philip Neri Catholic Church, Congregation of St. Pius X Roman Catholic Church, Congregation of St. Raymond Catholic Church, Congregation of St. Rita Roman Catholic Church, East Baton Rouge Parish School Board, Jefferson Davis Parish School Board, Jefferson Parish School Board, Lafayette Parish School Board, Lafourche Parish School Board, LaSalle Parish School Board, Mt. Carmel Academy of New Orleans, Natchitoches Parish School Board, Roman Catholic Church of the Archdiocese of New Orleans, St. Martin Parish School Board, St. Mary's Academy of the Holy Family, Represented by Dies & Hile LLP" [Docket No. ___] (the "Motion");[1] the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate and duly given under the circumstances; and the Court having determined that (x) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, (y) the Debtors have properly exercised their business judgment in negotiating and entering into the Settlement attached as Exhibit 1 to the Motion, and (z) the settlement and compromise embodied in the Settlement are not attended by fraud, collusion or bad faith, and were negotiated by the settling parties at arm's length; and the Court having announced its decision on the motion at a hearing in open court on _____, 2007;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in all respects.

2. The Settlement, a copy of which is annexed to the Motion as Exhibit 1, is APPROVED.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

3. The Debtors shall be, and hereby are, authorized to enter into the Settlement, and are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement and perform any and all obligations contemplated therein.

4. As acknowledged by the settling parties in Paragraph 23 of the Settlement, the Official Committee of Asbestos Property Damage Claimants and asbestos property damage claimants who have not settled all of their PD Claims against the Debtors have agreed to defer, and thus have reserved, the right to challenge the provisions in Paragraph 23 of the Settlement that do not allow for the Settlement or the settlement embodied herein to be used, construed, offered or received by any person or entity for any purpose whatsoever, including, but not limited to, an estimation proceeding under Section 502(c) of the Bankruptcy Code or in respect of confirmation of a Chapter 11 plan. Notwithstanding that deferral and reservation of rights, the respective rights of the Debtors and the Claimant to object to any such use, construction, offer or receipt by any person or entity are specifically reserved.

5. This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order subject to the provisions of the Settlement.

Dated: October __, 2007

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3