**Grace Corporate**

W. R. Grace & Co.-Conn.
7500 Grace Drive
Columbia, MD 21044

T 410.531.4795
F 410.531.4783
E vicki.b.finkelstein@grace.com
W grace.com

Vicki B. Finkelstein
Director of Real Estate &
Senior Real Estate Counsel

September 19, 2007

**VIA OVERNIGHT COURIER**
The Estate of Rosario Rapisardi
c/o James P. Rapisardi – Executor
2251 Township Line Road
Logan Township, NJ   08085

Re:   In re: W. R. Grace & Co., et al., Case No. 01-1139 (JKF)
      Stipulation Resolving Claims of Estate of Rosario Rapisardi (the "Stipulation")

Dear Mr. Rapisardi:

Reference is hereby made to the above-referenced Stipulation, dated August 28, 2007 between the Debtors and the Estate of Rosario Rapisardi (the "Estate"). The Bankruptcy Court entered an Order approving the Stipulation on August 29, 2007.

In a letter dated August 28, 2007, you, as Executor of the Estate, asserted that Jon Yoder (Grace's Manager of Real Estate) and I agreed that Gloucester New Communities Company, Inc. ("GNCC"), one of the Debtor entities, would assume responsibility for the cleaning and maintenance of a drainage ditch and would create a perpetual easement with respect to that obligation. In that letter, you further asserted with respect to the Stipulation that ". . . this is only the monetary side of agreement" and that "the Stipulation agreement is contingent on the verbal assurance made to me by Ms. Finkelstein and John *(sic)* Yoder" that cleaning and maintaining of said ditch along with all expenses to effectuate this process and to create this permanent maintenance easement would be done by G.N.C.C." The letter was addressed to Grace's local bankruptcy counsel, Pachulski, Stang, Ziehl, Young, Jones & Weintraub, LLP, with a copy sent to the Bankruptcy Court.

For the record, please be advised that neither Jon Yoder nor I made any such assurance, verbal or otherwise, to you. We did speak with you, and voluntarily undertook, purely as an accommodation, to send you whatever title information regarding existing drainage easements affecting your property which we could easily ascertain. However, we specifically declined your request to have GNCC undertake the cleaning and maintenance of the ditch and/or to enter into an easement agreement with respect to said ditch.

Paragraph 3 of the Stipulation provides that the Estate is forever barred from asserting any additional pre-petition claims against the Debtors, including GNCC, with respect to any costs relating to the Site (as defined in the Stipulation), other than enforcement of the obligations of the Debtors set forth in the Stipulation. Accordingly, the Stipulation is

fully enforceable against both the Debtors and the Estate in accordance with its terms, and the August 28, 2007 letter has no force or effect.

Sincerely yours,

Vicki B. Finkelstein

cc:   Clerk of the Bankruptcy Court