IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| W.R. GRACE & CO., et al., ) | |
| ) | Case No. 01-01139 (JKF) |
| Debtors. ) | (Jointly Administered) |
| ) | |

Hearing Date: Nov. 26, 2007 at 2:00 p.m.
Wilmington, DE
Related to Docket Nos. 15112, 15215, 15271,
15421, 16220, 16737, and 16759

**DEBTORS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S SEPTEMBER 6, 2007 AMENDED ORDER REGARDING THE MOTION TO ALTER OR AMEND THE COURT'S ORDER AND MEMORANDUM OPINION DISALLOWING AND EXPUNGING 71 CLAIMS ENTERED ON APRIL 17, 2007**

## INTRODUCTION

Pursuant to the Court's September 6, 2007 "Amended Order Regarding the Motion to Alter or Amend the Court's Order and Memorandum Opinion Disallowing and Expunging 71 Claims Entered on April 17, 2007" (Dkt. 16759), W.R. Grace & Co. ("Grace") submits this supplemental brief regarding three Speights & Runyan property damage claims[1] that this Court properly disallowed and expunged because the Speights firm failed to timely produce documentation establishing that it had pre-Bar Date authority to file the claims. This brief confirms that (1) Speights had a Court-ordered obligation to provide to Grace any pre-Bar Date written client authorizations on or before September 23, 2005 and (2) the documents that Speights submitted to the Debtors' counsel by the September 23, 2005 deadline, attached hereto as Exhibit A, do not establish pre-Bar Date authority.

---

[1] Claim Nos. 6901, 10962, and 14410.

## BACKGROUND

1. In response to Grace's Thirteenth Omnibus Objection to 2,937 Unauthorized Claims Filed by the Law Firm of Speights & Runyan (Dkt. 93110), the Court ordered the Speights firm to produce client authorizations by September 23, 2005. (Dkt. 9501) Specifically, the Court ordered that "on or before September 23, 2005, Speights & Runyan shall provide the Debtors with the following information: . . . (vi) a list of all pending claims filed by Speights & Runyan for which the claimant has provided express written authorization to file the claim and a copy of the document or, if redacted, the portion of the document that contains such proof of express written authority." (*Id.* at 2)

2. By the time the Court heard Grace's authority objections at the January 25-26, 2006 omnibus hearings, the factual record on the authority issue had been closed for four months.[2] Based on this closed record, the Court entered an order on April 17, 2007 disallowing and expunging 71 Speights & Runyan claims for lack of authority. (Dkt. 15209) For these claims, the authorizations that Speights produced to Grace were "either undated or dated after the March 31, 2003 bar date." (*Id.* at 2) The Court found them insufficient because post-Bar Date ratification of an attorney's previously unauthorized act cannot satisfy Federal Rule of Bankruptcy 3001(b)'s requirement that "[a] proof of claim shall be executed by the creditor or the creditor's authorized agent." (*Id.* at 7)

3. On April 27, 2007, Speights & Runyan filed a motion to alter or amend the Court's order with respect to three of the 71 claims that this Court disallowed and expunged ("Motion to Alter or Amend"): Bayshore Community Hospital (Claim No. 6901), Children's Hospital of Pittsburgh of UPMC Health System (Claim No. 10962), and Jameson Memorial

---

[2]   There was further oral argument at the August 2006 omnibus hearing, but no new evidence was offered or admitted. (8/21/2006 Hrg. Tr. at 220-246)

Hospital (Claim No. 14410). (Dkt. 16249) Originally, and incorrectly, Speights argued that before the January 2006 hearings, these three claims had been "excluded from [Grace's] authority objections and the ratification issue." (*Id.* at 3; *see also* Dkt. 15998) Later, Speights took a different approach and argued that the Court "never looked at these [three claims] individually to see whether or not the paper that did exist as of January 2006 was sufficient or not because Your Honor recognized that if I was right on ratification we wouldn't have to go through that process." (6/25/2007 Hrg. Tr. at 103-04)

4. With its April 27, 2007 Motion to Alter or Amend, Speights & Runyan attached purported client authorizations from Bayshore, Children's Hospital of Pittsburgh, and Jameson that—if taken at face value—would reflect pre-Bar Date authority.[3] Though Speights claimed that these documents were produced to Grace before the September 23, 2005 deadline, in truth Grace had never seen them before. Speights recognized his error and, at the June 25, 2007 hearing, he more candidly referred to the documents as "recently discovered." (6/25/2007 Hrg. Tr. at 108)

5. The documents that Speights & Runyan originally produced to Grace are attached to a declaration that Speights submitted in connection with its July 2, 2007 motion to supplement the record regarding its Motion to Alter or Amend. (Dkt. 16220) In this declaration, Susan T. Murdaugh, a paralegal whom Mr. Speights has employed for 26 years, and the custodian of Speights' documents at January 25-26, 2006 hearings, testified that (a) Speights produced to Grace written authorizations for the claims at issue here on September 21, 2005 and (b) those

---

[3] Grace's position is that these documents differ from the ones that Speights produced earlier and are therefore unreliable. (Dkt. 15998 at 4-6)

DOCS_DE:131460.1

authorizations are the ones attached to the declaration.[4] (Ex. 1 to Dkt. 16220 at ¶ 5)  Grace agrees that the documents attached to the Murdaugh declaration are true and accurate copies of the documents that Speights produced prior to the September 23, 2005 deadline.

6.  On September 6, 2007, after multiple rounds of briefing, the Court issued an order concluding that Speights & Runyan "postponed an argument" over the Bayshore, Children's Hospital of Pittsburgh, and Jameson claims.  It stated: "[T]his court finds that it is possible that these three claims were improperly included in the order disallowing and expunging 71 asbestos claims.  The testimony from the January 25 hearing indicates that Speights postponed an argument over the authorization for these three claims because it would have been moot had this Court allowed ratification."  (Dkt. 16759 at 3)

7.  This Court must now determine whether Speights & Runyan had pre-Bar Date authorization to file the Bayshore, Children's Hospital of Pittsburgh, and Jameson claims.  Because Speights recently attempted (on April 27, 2007) to submit new, previously undisclosed, evidence regarding its authority to file these three claims, the Court's September 6, 2007 order also directed the parties to address whether Speights was "relieved of its obligation" to produce proof of express written authority by the September 23, 2005 deadline.  (*Id.* at 4)  Also, the Court permitted the parties to "resubmit the documentation evidence from the January 25-26, 2006 hearing regarding authorization for Claim Nos. 6901, 10962, and 14410." (*Id.*)

---

[4] Ms. Murdaugh acknowledges that the Bayshore document attached to her declaration is different from the one that Speights attached to its April 27, 2007 Motion to Alter or Amend. (*Id.*)  Although Ms. Murdaugh states that the Children's Hospital of Pittsburgh and Jameson documents attached to her declaration are "identical" to the ones that Speights attached to its April 27, 2007 motion (*id.*), it is plain that the documents are different in that their fax lines are cut off and do not reflect pre-Bar Date authority.

## ARGUMENT

8. Nothing relieved Speights & Runyan of its obligation to comply with this Court's order requiring the firm to produce written evidence of pre-Bar Date client authority prior to September 23, 2005. The Court has concluded that during the January 25-26, 2006 hearings, it permitted Speights to *postpone argument* regarding Grace's authority objections to certain claims pending the Court's decision on ratification. What the Court did not do, however, was *hold the door open for any future submission of evidence* of pre-Bar Date authority for these claims. The portion of the January 25, 2006 hearing transcript where late authority and ratification issues were addressed (pages 20 to 54 of that transcript) is attached hereto as Exhibit B. The Court requested supplemental briefing on ratification issues (1/25/2006 Hrg. Tr. at 33:7), but did not hold the record open to allow future supplementation regarding pre-Bar Date authority. Nor did the Court do so during the January 26, 2006 hearing, when a different group of Speights claims lacking authority were discussed. The portion of the January 26, 2006 transcript (pages 7 to 23) discussing these claims is attached hereto as Exhibit C.

9. The "Summary of Record" that Speights recently filed proves this point. (Dkt. 16466) On the final page, Speights quotes a passage from the August 21, 2006 transcript of the omnibus hearing before this Court where Dan Speights stated "There are some of those we claim we have old authority from and ratified later, and there's some which I would concede that we didn't have any authority from until after the bar date, other than the putative class action and then they gave us authority. And at the last hearing, as I recall, you said, Well, we can work that issue out once we deal with the gist of the issue we're dealing with now." (Dkt. 16466 at 9, quoting 8/21/06 Hrg. Tr. at 231) As the Court can see, Speights only asked to hold the door open for future supplementation of claims for which he did *not* have pre-Bar Date authority. He did

DOCS_DE:131460.1

not ask to hold the door open for future supplementation of claims where he purportedly *did* have pre-Bar Date authority.

10. At the end of the day, the question here is simple: Do the documents that Speights produced for the Bayshore, Children's Hospital of Pittsburgh, and Jameson claims prior to the September 23, 2005 deadline prove pre-Bar Date authorization to file these claims? The answer is just as simple: No.

11. As a threshold matter, there can be no legitimate dispute regarding what Speights & Runyan produced to Grace prior to the September 23, 2005 deadline. Speights' own paralegal testified under oath, in a sworn declaration that Speights submitted to this Court, that the documents Speights produced to Grace before the September 23, 2005 deadline are those attached to the declaration. (Ex. 1 to Dkt. 16220 at ¶ 5) Grace agrees—these documents are attached hereto as Exhibit A.

12. The problem here—and the reason why this Court properly disallowed and expunged the Bayshore, Children's Hospital of Pittsburgh, and Jameson claims—is that the documents that Speights produced prior to the September 23, 2005 deadline do *not* prove pre-Bar Date authority. The purported Bayshore authorization has a fax line dated September 12, 2003—*after* the March 31, 2003 Bar Date. The purported Children's Hospital of Pittsburgh and Jameson authorizations are *undated* and their fax lines are cut off and unreadable. As Exhibit D hereto (a slide depicting the key portions of the documents) makes clear, Speights did not timely produce proof of pre-Bar Date authority to file these three claims.

13. Evidence that Speights & Runyan did not produce to Grace by the September 23, 2005 deadline is inadmissible and inherently unreliable. The Court should not consider such evidence in determining whether Speights had pre-Bar Date authority to file the three claims at

DOCS_DE:131460.1

issue here. To do otherwise would create a "moving target" and undermine the integrity of the claims objection process that Grace has pursued for years.

## CONCLUSION

The Court should not admit any further evidence regarding, and should not alter or amend its April 17, 2007 opinion disallowing and expunging, the Bayshore Community Hospital (Claim No. 6901), Children's Hospital of Pittsburgh of UPMC Health System (Claim No. 10962), and Jameson Memorial Hospital (Claim No. 14410) claims because Speights & Runyan did not timely submit evidence of pre-Bar Date client authority to file these three claims.

Dated: October 1, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Michael T. Dierkes
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
Co-Counsel for the Debtors and
Debtors in Possession