IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Hearing Date: 11.26.2007 @ 2:00 p.m.** |
| | ) | **Re: Docket No. 16759** |

**SPEIGHTS & RUNYAN'S RESPONSE TO THE COURT'S AMENDED
ORDER REGARDING THE MOTION TO ALTER OR AMEND THE COURT'S
ORDER AND MEMORANDUM OPINION DISALLOWING AND EXPUNGING
<u>71 CLAIMS ENTERED ON APRIL 17, 2007</u>**

Speights & Runyan ("S&R"), on behalf of Bayshore Community Hospital (Claim No. 6901)

["Bayshore Hospital"], Children's Hospital of Pittsburgh of UPMC Health System (Claim No.

10962) ["Children's Hospital"], and Jameson Memorial Hospital (Claim No. 14410) ["Jameson

Hospital"] [collectively "Claimants"], hereby responds to this Court's Amended Order Regarding

the Motion to Alter or Amend the Court's Order and Memorandum Opinion Disallowing and

Expunging 71 Claims Entered on April 17, 2007.

     1.     On September 1, 2005, the Debtors filed their Thirteenth Omnibus Objection. (Doc.

No. 9311). The Debors specifically objected to the subject Claims as follows:

     (a)     <u>Bayshore Hospital</u>. The Debtors objected on the sole ground that the Claim

lacked a Claimant signature. [TAB A][1]

     (b)     <u>Children's Hospital</u>. The Debtors objected on the sole ground that the Claim

lacked a Claimant signature. [TAB B][2]

     (c)     <u>Jameson Hospital</u>. The Debtors objected on the sole ground that the Claim

---

[1]There was no signature because, pursuant to the 2019 Order, S&R attached an exemplar.

[2]There was no signature because, pursuant to the 2019 Order, S&R attached an exemplar.

was not listed in S&R's 2019 Statement. [TAB C][3]

2.     On September 23, 2005, this Court issued an Order directing S&R to provide the Debtors with "a list of all pending claims filed by Speights & Runyan for which the claimant has provided express written authorization to file the claim and a copy of the document or, if redacted, the portion of the document that contains such proof of express written authority." Order Granting Relief and Directing Certain Discovery with Respect to Speights & Runyan (September 23, 2005) at 2 (Doc. 9501). *The Court did not require S&R to provide a copy of all authorizations or authorizations that predated the Bar Date or even authorizations that were dated at all.*

3.     By the time the Order was entered, S&R already had provided the Debtors with a series of scanned groups of documents "which are copies of those documents giving express written authority to Speights & Runyan to file bankruptcy claims." [TAB D]. Included in this production were specific written authorizations from the three Claimants as follows:

(a)     Bayshore Hospital. S&R attached a signed authorization which was faxed on September 12, 2003. [TAB D, Exhibit 1].

(b)     Children's Hospital of Pittsburgh of UPMC Health System. S&R attached a signed authorization dated March __, 2003, but the fax line was illegible. [TAB D, Exhibit 2].

(c)     Jameson Memorial Hospital. S&R attached a signed authorization dated March __, 2003, but the fax line was illegible. [TAB D, Exhibit 3].

4.     On September 30, 2005, the Debtors filed their brief in support of their Thirteenth Objection. (Doc. No. 9546). The Debtors did not assert that S&R's written authorizations for these three Claims were undated or received after the Bar Date.

---

[3]The Debtors incorrectly referred to the claimant as "Jamestown" rather than Jameson.

5.     On October 26, 2005, the Debtors filed their Reply Brief in Support of the Disallowance and Expungement of Improper Claims Filed by Speights & Runyan. (Doc. No. 10837). The Debtors did not assert that S&R's written authorizations for these three Claims were undated or received after the Bar Date.

6.     On December 22, 2005, Debtors served their Reply in Support of Their Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims. (Doc. No. 11428). The Debtors stated, "[T]he Debtors submit this Reply Brief in support of certain objections made to certain of those claims which are set to be heard on January 24 and 26, 2006. Specifically, as set out in the Scheduling Order, the Debtors file this reply on certain dispositive objections to claims which require little or no evidentiary record development for adjudication." Id. at 1. Notwithstanding that the Debtors' Reply related to their Fifteenth Omnibus Objection (Substantive) and not their Thirteenth Omnibus Objection (Authority), and notwithstanding that the Debtors' Thirteenth Objection did not raise the date of S&R's authorization to file these Claims, the Debtors asserted in their brief that:

> For the 71 claims identified on Schedule 5, Speights produced express written authorization that was either (i) undated or (ii) dated after the Bar Date. For certain of these authorization, the face of the form itself is undated, but the fax line shows that Speights did not receive them until well-after the Bar Date. Id. at 18-19.

7.     On January 20, 2006, S&R filed its Sur-Reply in Opposition to the Debtors' Thirteenth and Fifteenth Omnibus Objections. (Doc. No. 11594). S&R argued, inter alia:

> There is no requirement under the Bankruptcy Code, and Grace has cited none, that requires counsel to obtain express written authority prior to filing a claim. It simply does not follow that because a client faxed a written authorization to its lawyer after the bar date, that the filing of the claim in the first place was unauthorized. Indeed, such an artificial requirement would circumvent Rule 3001(b), F.R.Bankr.P. which presumes the validity of a proof of claim executed by a claimant's attorney. See In Re Garner, 246 Br. 617 (9th Cir. BAP 2000).

3

Moreover, even if the Bankruptcy Rules required every attorney representing a claimant to obtain express written authorization prior to filing a claim on their clients behalf, the seventy-one (71) claims objected to by Grace would still be valid and authorized under the doctrine of ratification.

*Id.* at 4-5.

8.      On January 24, 2006 (the day before the hearing on the Authority Objections), the Debtors filed their Sur-Reply in Support of the Disallowance of 71 Claims for Which Speights & Runyan Has Not Established Authority to File as of the March 31, 2003 Bar Date. (Doc. No. 11621). The Debtors argued that ratification should not be applied in this instance.

9.      On January 25-26, 2006, this Court heard all of Debtors' outstanding authority objections. S&R had the basis of its authority for each of the claims at issue organized in individual file folders, which it provided the Court as those claims were argued. Declaration of Susan Terry Murdaugh (July 2, 2007) [TAB E]. However, with respect to the 71 Claims, the Court never considered the claims on an individual basis because, at S&R's suggestion, it first considered the issue of ratification. As set forth in its Motion to Alter or Amend, had it considered individual authority, S&R would have shown the Court for the three Claims as follows:

(a)     Bayshore Hospital. S&R had an authorization signed by Bayshore and sent to S&R on March 14, 2003, and again on March 24, 2003 [TAB F, Exhibit 1].[4]

(b)     Children's Hospital. S&R had a legible copy of the authorization attached to its previous submission which showed that it was sent to S&R on March 25, 2003 [TAB F, Exhibit 2].

---

[4]The authorization previously provided to the Debtors (before the issue of "when" came up) was a September 1, 2003 written authorization for both Federal Mogul and W. R. Grace. In light of Debtors' Objection, S&R located and had a copy of the March 2003 authorizations for Grace only at the hearing in January 2006.

(c)    <u>Jameson Hospital</u>. S&R had a legible copy of the authorization attached to
its previous submission which showed that it was sent to S&R on March 24, 2003 [TAB F, Exhibit
3].

DATED: October 1, 2007

By: _____
Christopher D. Loizides (#3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed ID No. 6101)
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

Counsel to Speights & Runyan