# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) **Chapter 11** |
|  | ) **Case No. 01-1139 (JKF)** |
| **W.R. GRACE & CO., et al.,** | ) **(Jointly Administered)** |
|  | ) |
| Debtors. | ) |
|  | ) |

## OMNIBUS NOTICE OF DEPOSITION DUCES TECUM
## OF EXPERT WITNESSES FOR W.R. GRACE & CO., ET AL.

**To All Parties on the Attached Service List**

**PLEASE TAKE NOTICE** that pursuant to Rules 30 and 45 of the Federal Rules

of Civil Procedure, made applicable by Rules 7030 and 9016 of the Federal Rules of

Bankruptcy Procedure, David T. Austern, the Court-appointed legal representative for

future asbestos personal injury claimants (the "FCR"), and the Official Committee of

Asbestos Personal Injury Claimants (the "ACC") will take the deposition of each of the

expert witnesses for W. R. Grace & Co., *et al.* identified on Schedule A attached hereto.

**TAKE FURTHER NOTICE** that each expert witness identified on Schedule A

shall produce the documents identified on Schedule B attached hereto (if not previously

produced) at the offices of Orrick, Herrington & Sutcliffe LLP, 3050 K Street, NW,

Washington, DC 20007 and Caplin & Drysdale, Chartered, One Thomas Circle, NW,

Washington, DC 20005 by no later than one week prior to the deposition date provided

for such expert on Schedule A.

**TAKE FURTHER NOTICE** that the depositions shall be conducted before a

person duly authorized to administer oaths in the relevant jurisdiction and will continue

from day-to-day until concluded.  Testimony shall be taken by stenographic means and/or

recorded by videotape.  You are invited to attend and cross-examine.

Dated:  October 4, 2007

PHILLIPS, GOLDMAN & SPENCE, P.A.

John C. Phillips, Jr. (#110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
Debra L. Felder
ORRICK, HERRINGTON & SUTCLIFFE LLP
3050 K Street, NW
Washington, DC 20007
Telephone:  (202) 339-8400

John Ansbro
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, N.Y.  10103-0001
Telephone:  (212) 506-5000

*Counsel for David T. Austern,*
*Future Claimants' Representative*

CAMPBELL & LEVINE, LLC

Marla R. Eskin (#2989)
Mark T. Hurford (#3299)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone:  (302) 426-1900

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone:  (212) 319-7125

Peter Van N. Lockwood
Nathan D. Finch
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone:  (202) 862-5000

*Counsel for the Official Committee of*
*Asbestos Personal Injury Claimants*

**SCHEDULE A**

| Date/Time | Witness | Location |
|---|---|---|
| October 9, 2007 @ TBD | Joseph Rodricks, Ph.D. | Caplin & Drysdale Chartered<br>One Thomas Circle, NW<br>Washington, DC 20005 |
| October 16, 2007 @ TBD | Dr. M. Laurentius Marais | Orrick, Herrington & Sutcliffe LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105 |
| October 25, 2007 @ TBD | Suresh Moolgavkar, M.D., Ph.D. | Caplin & Drysdale Chartered<br>One Thomas Circle, NW<br>Washington, DC 20005 |
| October 26, 2007 @ TBD | John Parker, M.D. | Caplin & Drysdale Chartered<br>One Thomas Circle, NW<br>Washington, DC 20005 |
| October 29, 2007 @ TBD | Steven Haber, M.D., F.C.C.P. | Caplin & Drysdale Chartered<br>One Thomas Circle, NW<br>Washington, DC 20005 |
| October 29, 2007 @ TBD | Peter Lees, Ph.D., CIH | Caplin & Drysdale Chartered<br>One Thomas Circle, NW<br>Washington, DC 20005 |
| October 30, 2007 @ TBD | B. Thomas Florence, Ph.D. | Caplin & Drysdale Chartered<br>One Thomas Circle, NW<br>Washington, DC 20005 |
| November 2, 2007 @ TBD | Elizabeth Anderson, Ph.D. | Caplin & Drysdale Chartered<br>One Thomas Circle, NW<br>Washington, DC 20005 |
| November 2, 2007 @ TBD | David Weill, M.D. | Caplin & Drysdale Chartered<br>One Thomas Circle, NW<br>Washington, DC 20005 |
| November 5, 2007 @ TBD | Daniel Henry, M.D. | Caplin & Drysdale Chartered<br>One Thomas Circle, NW<br>Washington, DC 20005 |

| November 6, 2007 @ TBD | Frederick Dunbar, Ph.D. | TBD<br>New York, NY |
| --- | --- | --- |
| TBD | Howard William Ory, M.D. | TBD |

## SCHEDULE B

DEFINITIONS

The following are specifically defined terms for which the meanings specified below shall apply:

1.    The term "All" shall mean "Any" and visa versa, and both terms shall be construed inclusively to bring information within the scope of a specified request.

2.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3.    "Correspondence" means any document that either constitutes a communication between two or more entities or persons, or that records, memorializes, or reflects said communication, whether made directly to the author of the document or otherwise.

4.    "Document" is defined as broadly as permitted under Rule 34 of the Federal Rules of Civil Procedure, and includes, except to the extent it is subject to the limitations contained in paragraph 2 of the Stipulation Regarding Expert Discovery, dated October 2, 2002 (as defined below), all materials and things, in whatever form recorded or maintained, subject to production under that Rule, including all drafts, originals and non-identical copies of writings, recordings, printed, typed or otherwise recorded matter, including copies upon which notations or additional writings have been made, however produced or reproduced (including without limitation, by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording or other form of data compilation) of every kind and description that are in

3

your actual or constructive possession, custody or control, including but not limited to

drawings, graphs, charts, tables, video tapes, audio tapes, photographs, slips, cover notes,

binders, treaties, agreements, wordings, books, pamphlets, bulletins, periodicals, letters,

memoranda, telegrams, e-mails, voice-mails, reports, records, studies, handwritten notes,

working papers, indices, tapes, computer disks or other electronic storage media, data

sheets, computer generated documents, data processing cards, or any other tangible things

which constitute or contain matters within the scope of Rule 34 of the Federal Rules of

Civil Procedure.

     5.    The "Matter" shall mean the asbestos personal injury estimation litigation

in the Chapter 11 case styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JFK)

currently pending in the United States Bankruptcy Court for the District of Delaware.

     6.    "Relate to," "related to," or "relating to" shall mean, without limitation, to

consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way

legally, logically or factually connected with the subject matter discussed.

     7.    The "Stipulation Regarding Expert Discovery" means the agreement

entered into between and among (i) W.R. Grace & Co., et al.; (ii) David T. Austern, the

Court-appointed legal representative for future asbestos personal injury claimants; (iii)

the Official Committee of Asbestos Personal Injury Claimants; (iv) the Official

Committee of Asbestos Property Damage Claimants; (v) the Official Committee of

Equity Security Holders; (vi) the Official Committee of Unsecured Creditors; and (vii)

counsel for the Libby Claimants, dated October 2, 2006.  A copy is attached hereto as

Exhibit 1.

8.      "You" or "Your" shall mean and include the witness to whom this request is directed, and any member of his/her research staff, his/her laboratory, any hospital(s) or medical center(s), or other business entity with which he/she is affiliated, or any employee, representative, predecessor, agent, or attorney of any of the aforesaid, including all persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

## INSTRUCTIONS

1.      All responsive documents that are in your possession, custody or control, or in the possession, custody or control of your attorneys, agents or other representatives, must be produced, except that you need not produce a document that is an identical copy of another document you are producing.  Documents are not identical for this purpose if they differ in any respect, including by the addition of handwritten notations, or if one document is a draft of the other.

2.      Documents shall be produced either as they are maintained in the ordinary course of business or else organized and labeled by the request to which they respond.

3.      If you refuse to produce any documents on the ground of privilege, including work product doctrine, you must furnish a list identifying each document for which a privilege is claimed, together with the following information and sufficient details so as to permit the Court to adjudicate the validity of the claim of privilege:  date, sender, recipient(s), type (e.g., letter, memorandum, fax, chart, photograph, etc.), subject matter of the document, the basis on which a privilege is claimed, and the paragraph or paragraphs of this request to which the document responds.

5

4.      If you claim privilege as to only one portion of a document, you must redact that portion and produce the remainder of the document.  All redactions must be clearly identifiable from the face of the document.  All redactions must be included in a detailed log containing the information described in Instruction No. 3, above.

### DOCUMENTS REQUESTED

1.      To the extent not already produced by the party on whose behalf You are appearing, please produce the specific Documents, data, and written information that You directly relied upon in forming Your expert opinions in this Matter, as prescribed in paragraph 1 of the Stipulation Regarding Expert Discovery, and subject to the limitations contained in paragraphs 1 and 2 of said Stipulation.

2.      All letters, Correspondence, records, Documents, agreements, or contracts which in any way refer, pertain or Relate To the fee arrangement for Your services rendered in this Matter, subject to the limitations contained in paragraph 2 of said Stipulation.

3.      All invoices, billing statements or other Documents which in any way refer to Your fees for services rendered in this Matter.

# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Docket No. |
| | ) | |

## STIPULATION REGARDING EXPERT DISCOVERY

1.    Simultaneous with the service of all expert reports, and except as provided in paragraph 2 below, the parties shall produce the specific documents, data, and written information that the expert directly relied upon in forming his or her expert opinions in this matter.  To the extent that the disclosures include exhibits, information, or data processed or modeled by computer at the direction of a disclosed expert in the course of forming the expert's opinions, machine readable copies of such exhibits, information, or data shall be produced.  To the extent that the expert relies on documents, data, or written information that already has been produced to the parties in the bankruptcy, a listing of all such documents, data or written information shall be sufficient, *provided, however*, that as to documents relied upon by any expert of the Libby Claimants that are governed by the Order Authorizing Discovery from Dr. Alan C. Whitehouse and Certifying Issues of Patient Privacy for Judge Donald W. Molloy entered June 5, 2006 (the "Whitehouse Order"), (a) disclosure and copying of such records shall continue to be governed by the Whitehouse Order, *provided* that production of medical records of the 409 Libby Claimants not among the 550 Whitehouse Database Patients (as those terms are used in the Whitehouse Order) shall take place on a

rolling basis commencing when the CARD Clinic in Libby, Montana, receives payment of its outstanding invoice to Grace, shall be substantially completed within 30 days after such receipt of payment, and shall be fully completed shortly thereafter, and (b) it shall be sufficient for such expert's report to state that the report relies on the medical records of the Libby Claimants and the 550 Whitehouse Database Patients. To the extent that the expert relies on articles published in a publicly available journal or similar publication, a listing of all such articles relied upon shall be sufficient; *provided,* however, that if a party who proffers the report of an expert is notified that another party has been unable to obtain one or more of the articles or other documents relied upon, the party proffering the expert shall provide copies of any such article or other document within 5 days of such a request. The provisions of this paragraph apply to Rust Consulting and to any work performed by it in compiling the Questionnaire responses into a navigable database. Debtors will produce a representative or representatives from Rust Consulting for a deposition by the parties conducted pursuant to Fed. R. Civ. P. 30(b)(6), consistent with paragraph 2 of this Stipulation. Nothing in this stipulation shall be construed to require experts to reproduce materials that they rely upon which have already been produced to the parties during the course of the bankruptcy estimation proceedings.

2.    The following categories of data, information, or documents need not be disclosed by any party, and are outside the scope of permissible discovery (including deposition questions): (i) any notes or other writings taken or prepared by or for an expert witness in connection with this matter, including correspondence or memos to or from, and notes of conversations with, the expert's assistants and/or clerical or support staff, one or more

other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party offering the testimony of such expert witness, unless the expert witness is relying upon those notes or other writings in connection with the expert witness's opinions in this matter; (ii) draft reports, draft studies or draft work papers, preliminary or intermediate calculations, computations or data runs, or the other preliminary, intermediate or draft materials prepared by or at the direction of the expert witness; (iii) any oral or written communication between an expert witness and the expert's assistant and/or clerical or support staff, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party offering the testimony of such expert witness, unless the expert witness is relying upon the communication in connection with the expert witness's opinions in this matter; (iv) the software constituting or underlying any computer model used by the expert; (v) any confidential information disclosed to the expert in a prior engagement by another client or entity. Finally, to the extent that the specific agreements herein waive disclosure requirements under Fed. R. Civ. P. 26(a)(2)(B) or (C), the parties agree to such waiver.

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Jonathan Friedland
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

KIRKLAND & ELLIS LLP
Barbara Harding
David E. Mendelson (admission pro hac vice pending)
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:   (202) 879-5000
Facsimile:    (202) 879-5200

-and-

PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.
Laura Davis Jones (Bar No. 2436)
James E. O'Neill, III (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:    (302) 652-4400

*Co-Counsel for the Debtors and Debtors in Possession*

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000

CAMPBELL & LEVINE, LLC
Marla R. Eskin
Mark T. Hurford
800 King Street, Suite 300

-4-

Wilmington, DE 19801
Telephone: (302) 426-1900
Counsel for Official Committee of Asbestos Personal
Injury Claimants

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
Nathan D. Finch
1010 K Street, N.W.
Washington, D.C. 20007
Telephone: (202) 862-5000

PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Counsel for David T. Austern, Future Claimants'
Representative

BILZIN SUMBERG BAENA PRICE & AXELROD
LLP
Scott L. Baena
Jay M. Sakalo
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-2336
Telephone: (305) 374-7580

FERRY, JOSEPH & PEARCE, P.A.
Theodore J. Tacconelli  (No. 2678)
Lisa L. Coggins
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
Telephone: (302) 575-1555
Counsel for the Official Committee of Asbestos Property
Damage Claimants

-5-

Buchanan Ingersoll + Rooney P.C.

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
Gary M. Becker
919 Third Avenue
New York, NY 10022
Telephone (212) 715-9100

KLETT ROONEY LIEBER & SCHORLING
Theme K.D. Center
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
Telephone (302) 552-4200
Counsel for the Official Committee of Equity Security
Holders

STROOCK & STROOCK & LAVAN LLP
Lewis Kruger
Kenneth Pasquale
180 Maiden Lane
New York, NY 10038
Telephone (212) 806-5400

DUANE MORRIS LLP
Michael R. Lastowski
Michael W. Riley
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone (302) 657-4900
Counsel for the Official Committee of Unsecured
Creditors

LANDIS RATH & COBB LLP

-6-

Adam G. Landis, Esq. (No. 3407)
Kerri Mumford, Esq. (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899

COHN WHITESELL & GOLDBERG LLP
Daniel C. Cohn, Esq.
Christopher M. Candon, Esq.
101 Arch Street
Boston, MA 02110
(617) 951-2505
Counsel for Libby Claimants

-7-