IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| **W. R. GRACE & CO., et al.,** | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket No. 16837 |
| | | Agenda Item No. ____ |

## ORDER AUTHORIZING SETTLEMENT OF ASBESTOS PROPERTY DAMAGE CLAIMS FILED BY SIX HUNDRED BUILDING LTD., REPRESENTED BY DIES & HILE LLP

This matter having come before the Court on the "Motion of Debtors for Entry of an Order Authorizing Settlement of Claims filed by Six Hundred Building Ltd., Represented by Dies & Hile LLP" [Docket No. ___] (the "Motion");[1] the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate and duly given under the circumstances; and the Court having determined that (x) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, (y) the Debtors have properly exercised their business judgment in negotiating and entering into the Settlement attached as Exhibit 1 to the Motion, and (z) the settlement and compromise embodied in the Settlement are not attended by fraud, collusion or bad faith, and were negotiated by the settling parties at arm's length; and the Court having announced its decision on the motion at a hearing in open court on _____, 2007;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

DOCS_DE:131611.1

1. The Motion is GRANTED in all respects.

2. The Settlement, a copy of which is annexed to the Motion as Exhibit 1, is APPROVED.

3. The Debtors shall be, and hereby are, authorized to enter into the Settlement, and are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement and perform any and all obligations contemplated therein.

4. As acknowledged by the settling parties in Paragraph 23 of the Settlement, the Official Committee of Asbestos Property Damage Claimants and asbestos property damage claimants who have not settled all of their PD Claims against the Debtors have agreed to defer, and thus have reserved, the right to challenge the provisions in Paragraph 23 of the Settlement that do not allow for the Settlement or the settlement embodied herein to be used, construed, offered or received by any person or entity for any purpose whatsoever, including, but not limited to, an estimation proceeding under Section 502(c) of the Bankruptcy Code or in respect of confirmation of a Chapter 11 plan. Notwithstanding that deferral and reservation of rights, the respective rights of the Debtors and the Claimant to object to any such use, construction, offer or receipt by any person or entity are specifically reserved.

5. This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order subject to the provisions of the Settlement.

Dated: October __, 2007

---

                                            Honorable Judith K. Fitzgerald
                                            United States Bankruptcy Judge