IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.<br><br><br><br><br><br><br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Related Docket Nos.: 16837, 16838, 16839, 16840, 16841, 16842, 16843, 16844, 16845, 16846, 16847, 16849, 16851, 16852, 16853, 16854, 16855, 16856, 16857, 16858, 16859 and 16703<br><br>Objection Deadline: October 5, 2007 at 4:00 p.m.<br>Hearing Date: October 25, 2007 at 2:00 p.m. |

**FUTURE CLAIMANTS' REPRESENTATIVE'S LIMITED OMNIBUS OBJECTION TO DEBTORS' MOTIONS FOR ENTRY OF ORDERS AUTHORIZING SETTLEMENT OF ASBESTOS PROPERTY DAMAGE CLAIMS FILED BY VARIOUS PROPERTY DAMAGE CLAIMANTS REPRESENTED BY DIES & HILE, LLP AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants (the "Future Claimants' Representative" or "FCR"), by his counsel, submits this limited omnibus objection to the motions of W.R. Grace & Co., et al. (collectively, the "Debtors") for orders authorizing the settlement (each a "PD Settlement Agreement," collectively the "PD Settlement Agreements") of certain asbestos property damage claims (the "PD Claims") held by property damage claimants represented by Dies & Hile, LLP (the "D&H PD Claimants") and the Prudential Insurance Company of America (the "Prudential PD Claimant"). The FCR does not object to the economic terms of these settlements; his objection is solely to paragraph 23 of each of the PD Settlement Agreements, which purports to restrict any person or entity (not simply the parties to the agreements) from using, construing, offering or receiving the Agreement "for any purpose whatsoever," other than as necessary to effectuate or enforce their provisions. Because this paragraph may be interpreted to limit the FCR's right or

ability to use these Agreements in connection with any estimation proceeding or in connection with confirmation of a Chapter 11 plan, the FCR requests that either this paragraph be stricken from the Agreements, or that the Court's order approving these Agreements make clear that this provision is not binding upon the FCR and does not limit his rights in any respect. In further support of his limited objection, the FCR respectfully states:

## BACKGROUND

1. On April 2, 2001, each of the Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code.[1] Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing in the management of their respective businesses and possession of their respective properties as debtors-in-possession.

2. By Order dated May 24, 2004, the Court appointed the FCR for these jointly administered cases [Dkt. No. 5645].

3. On August 29, 2007, the Debtors filed a motion seeking Court approval of the PD Settlement Agreement with the Prudential PD Claimant [Dkt. No. 16703] (the "Prudential PD Claimant Motion"). The Debtors propose to resolve the Prudential PD Claimant's eight PD Claims for $3,000,000.

4. On September 17, 2007, the Debtors filed twenty-one (21) motions seeking Court approval of the PD Settlement Agreements for forty-eight (48) D&H PD Claimants with respect to 247 PD Claims [Docket Nos. 16837, 16838, 16839, 16840, 16841, 16842, 16843, 16844, 16845, 16846, 16847, 16849, 16851, 16852, 16853, 16854, 16855, 16856, 16857, 16858, and 16859] (each a "Motion," collectively and together with the Prudential PD Claimant Motion, the "Motions"). The Debtors propose to resolve the D&H PD Claimants' claims for an aggregate amount of $60 million.

---

[1] 11 U.S.C §§ 101-1532 (2007).

5. The terms of all of the PD Settlement Agreements are virtually identical.[2]

6. The first paragraph of each of the PD Settlement Agreements states that: "The Settlement Amount represents a liquidation and allowance, pursuant to Section 502 of the Bankruptcy Code, of the Claims for all purposes of the Bankruptcy, including, but not limited to the allowance and valuation of such Claims for purposes of voting . . . ." PD Settlement Agreement ¶ 1.

7. Each PD Settlement Agreement also contains a provision in paragraph 23 entitled "Limitations on Use and Effect of this Agreement," which mandates that, except to enforce or effectuate the PD Settlement Agreement, the Agreement "shall [not] be used, construed, offered or received *by any person or entity* in any action or proceeding in the Bankruptcy or in any forum *for any purpose whatsoever* . . . ." PD Settlement Agreement ¶ 23 (emphasis added).[3]

8. Paragraph 23 goes on to enumerate a number of specific circumstances in which the PD Settlement Agreements cannot be used, including "in, or in connection with, an estimation proceeding under section 502(c) of the Bankruptcy Code." PD Settlement Agreement ¶ 23(a).

9. Further, paragraph 23 contains a reservation of rights, which would allow the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") to challenge,

---

[2] Because each of the PD Settlement Agreements and Motions are identical in all material respects, no particular Motion or PD Settlement Agreement is identified in this objection. Further, the objections stated herein are applicable to each of the Motions and corresponding PD Settlement Agreements identified in the caption and paragraphs 2 and 3 of this objection.

[3] Paragraph 23 states in pertinent part:

> 23. Limitations on Use and Effect of this Agreement: Except in such proceedings as may be necessary to effectuate or enforce the provisions of this Agreement, neither this Agreement, the settlement provided for herein (whether or not ultimately consummated or performed), nor any actions taken by either Party pursuant to or in connection with this Agreement, to negotiate, effectuate, consummate or carry out this Agreement, or to prosecute the Approval Motion and obtain entry of the Approval Order, shall be used, construed, offered or received by any person or entity in any action or proceeding in the Bankruptcy or in any forum for any purpose whatsoever . . . ."

after Court approval of the PD Settlement Agreements, the limitations on use set out in paragraph 23.

## ARGUMENT

### I. The PD Settlement Agreements Cannot Bind the Future Claimants' Representative Who is Not a Party to the Agreement.

10. As stated above, paragraph 23 of the PD Settlement Agreements prevents "any person or entity" from using, construing or offering such Agreements in the bankruptcy proceeding or in any other forum for any purpose whatsoever. See PD Settlement Agreement ¶ 23.

11. It is well settled that a settlement agreement, like any other contract, can only bind those who are parties to the agreement. E.I. Dupont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 194-205 (holding that where a non-signatory was not bound to an agreement under third party beneficiary, equitable estoppel, or agency principles, that non-signatories could not be held to the agreement's terms); see also Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970) (per curiam) (holding that settlement agreements are binding on the parties to the settlement agreement); Foote v. Anderson, 123 F.659, 661 (3d Cir. 1903) (holding that "the essence of a contract is consent to be bound. Contracts are enforced because they represent the undertakings of the consenting parties"). Therefore, because the FCR is not a party to any of the PD Settlement Agreements, he (and other third parties) cannot be bound by the specific terms of such Agreements, particularly by provisions which purport to restrict his (or others') rights.

12. Accordingly, the FCR respectfully requests that any order approving these agreements make clear that paragraph 23 of the PD Settlement Agreements is not binding on the FCR.

## II. Approval of the Provision Restricting Use of the PD Settlement Agreement for Purposes of Estimation Would Interfere with the Confirmation Proceedings.

13. In addition to purporting to bind the FCR and other third parties to the PD Settlement Agreements, the Agreements would, if approved, interfere with the administration of the Debtors' bankruptcy cases, including the confirmation proceedings.

14. The FCR and other parties-in-interest object to the plan currently proposed by the Debtors, as such plan is unconfirmable on its face. Moreover, the Court has terminated the Debtors' exclusive right to file and solicit a plan of reorganization so that other parties, including the FCR may propose plans of reorganization. There will likely be contested confirmation proceedings in these cases. Paragraph 23 of the PD Settlement Agreements and the related language in the Order may be interpreted to restrict what the FCR can do with respect to estimation and confirmation issues in this context.[4]

15. It is fundamentally unfair for the Debtors to seek to limit third parties' rights, including the FCR's, by settling with certain claimants and then attempting to preclude the FCR and other parties from using, construing, offering or receiving those settlements in connection with estimation or confirmation of a plan of reorganization. Any such restriction that has the potential to interfere with the confirmation proceedings should not be approved at this stage of these cases. See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium

---

[4] It is clear that this provision is intended to restrict the rights of the FCR and others to use the PD Settlement Agreements at confirmation. Specifically, the reservation of rights clause provided in paragraph 23 states:

> The Parties acknowledge that the Official Committee of Asbestos Property Damage Claimants and certain asbestos property damage claimants who have not settled all of their asbestos property damage claims against the Debtors have agreed to defer, and thus have reserved, the right to challenge the provisions in this Paragraph 23 that do not allow for the Agreement or the settlement embodied herein to be used, construed, offered or received by any person or entity for any purpose whatsoever, including, but not limited to, an estimation proceeding under Section 502(c) of the Bankruptcy Code or **in respect of confirmation of a Chapter 11 Plan**.

Motions ¶ 23 (emphasis added).

Operating LLC), 478 F.3d 452, 455 (2d Cir. 2007) (stating: "settlements of disputed claims facilitate the efficient function of the judicial system. In Chapter 11 bankruptcies, settlements also help clear a path for the efficient administration of the bankrupt estate, including any eventual plan of reorganization.").

## CONCLUSION

16.  WHEREFORE, for the reasons stated above, the FCR respectfully requests that the Court (1) clarify in its order approving the Motions that the provisions contained in paragraph 23 restricting or limiting the use of the PD Settlement Agreements do not bind the FCR, and (2) grant such further relief as it deems just and proper.

Respectfully Submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

*[signature]* John C. Phillips Jr. - Bar ID 4089

John C. Phillips, Jr. (#110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
3050 K Street, N.W.
Washington, D.C. 20007
Telephone: (202) 339-8400

*Counsel for David T. Austern,*
*Future Claimants' Representative*

Dated: October ___ 2007