⚖AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Illinois |
|---|---|---|

| In re: W.R. Grace & Co., et al. | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| | Case Number:[1] 01-01139 (JKF) (Bankr. D. Del.) |

TO: Keene Creditors Trust
c/o Patrick Dewine, Esq.
Keating Muething & Klekamp PLL
One East Fourth Street Suite 1400 Cincinnati, OH 45202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago. IL 60601 | DATE AND TIME |
|---|---|
| | 10/18/2007 9:30 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A regarding the documents and/or objects to be produced and the scope of the production

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 10\5\07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Samuel L. Blatnick, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601, (312) 861-2359, counsel for Debtor W.R. Grace & Co.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Patrick Dewine | Email and Federal Express |

SERVED ON (PRINT NAME) — MANNER OF SERVICE

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Samuel L. Blatnick | Attorney for W.R. Grace & Co., et al. |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   10/8/07
                DATE

SIGNATURE OF SERVER

200 E. Randolph Dr.
ADDRESS OF SERVER

Chicago, IL 60601

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No.: 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**AMENDED SUBPOENA TO TESTIFY AT DEPOSITION AND PRODUCE DOCUMENTS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(b) AND 45**

TO:  Keene Creditors Trust
c/o Patrick DeWine, esq.
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202

**YOU ARE COMMANDED TO APPEAR** to testify at a deposition in the matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JKF), currently pending in the United States Bankruptcy Court, District of Delaware, to be conducted at the law firm of Kirkland & Ellis LLP, located at the Aon Center, 200 E. Randolph, Dr., Chicago, IL 60601, on October 18, 2007 at 9:30 A.M. (prevailing Central Time), or at such other time and place mutually agreed upon. The deposition(s) will continue from day-to-day until complete. The deposition(s) will be taken before an official authorized by law to administer oaths, and, pursuant to Federal Rule of Civil Procedure 30(b)(2), will be recorded by both stenographic means and sound-and-visual means.

This Subpoena names as the deponent a private corporation or partnership or association. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Keene Creditors Trust is required to identify and produce for deposition one or more officers, directors, managing agents, or other agents and employees to testify on its behalf, who are most knowledgeable as to the following matters known and reasonably available to the Keene Creditors Trust:

(1) Suspension(s) by the Keene Creditors Trust or its claims agent of the acceptance of reports or any other materials from any law firm, provider of Medical or Screening Services, or any other entities, and the reason(s) for any such suspenstion(s);[1]

(2) The criteria and procedures used for the acceptance or disallowance of claims submitted to the Keene Creditors Trust and any changes considered or made thereto;

(3) The Keene Creditors Trust's Trust Distribution Procedures or any equivalent rules, procedures and/or guidelines for treatment of claims, any changes made or considered to be made those procedures, rules and/or guidelines, and the reasons for any such changes (or changes that were considered but not made);

(4) Statistics or any other analysis performed or kept by the Keene Creditors Trust or its claims agent relating to the numbers and types of claims received by the Keene Creditors Trust at any given time or across periods of time and/or trends or changes in such statistics;

(5) The current and historical values given to claims deemed allowed by the Keene Creditors Trust or its claims agent, the criteria and procedures used to determine those values, and any changes considered or made to those values;

(6) The current and historical percentages of the values (i.e. payment percentages) paid by the Keene Creditors Trust or its claims agent on account of allowed claims, and any changes considered or made to those payment percentages;

(7) Electronic databases containing data submitted by persons seeking compensation from the Keene Creditors Trust for an Asbestos-Related Disease;

(8) Current and past Keene Creditors Trustees and current and past members of any Keene Creditors Trust Advisor Committee or similar body;

(9) The process and procedures used to select the initial and any subsequent trustees and advisory committee members for the Keene Creditors Trust; and

(10) The role and responsibilities of the trustees and advisory committee members relating to criteria and procedures used by the Keene Creditors Trust and/or its claims agent in determining the allowance and disallowance of claims, the values given to allowed claims, and the payment percentage for allowed claims.

---

[1] For purposes of this Subpoena, the terms "Asbestos-Related Disease," "Medical Services," and "Screening Services," are to be given the meanings set forth in the Definitions and Instructions contained in Attachment "A."

2

The Keene Creditors Trust is requested to provide to the undersigned counsel for W.R. Grace & Co. a written designation of the name(s) and employment title(s) of the person(s) designated to testify on its behalf. Such written designation is requested at least ten (10) days before the first deposition scheduled as a result of this Subpoena.

This Subpoena amends and supercedes the Subpoena served on you or your agent by the Debtors' service agent in February 2007, as that subpoena may have been subsequently amended. This Subpoena amended and supercedes the previous This Subpoena has been issued by the District Court for the Northern District of Illinois. You must appear, give testimony, and produce all of the materials described in this Subpoena and its attachments for inspection and copying and must do so at the time and place set out in this Subpoena. Your failure to do so may be punished as a contempt of the District Court for the Northern District of Illinois.

Pursuant to the requirements of Federal Rule of Civil Procedure 45(a)(1)(D), a copy of the provisions of Rule 45(c) and (d) of the of the Federal Rules of Civil Procedure are reproduced as an attachment to this Subpoena.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

Dated: October 8, 2007

        KIRKLAND & ELLIS LLP

        _____
        David M. Bernick
        John Donley
        Ellen T. Ahern
        Samuel L. Blatnick
        200 East Randolph Drive
        Chicago, IL 60601
        Telephone:   (312) 861-2000
        Facsimile:    (312) 861-2200

4

## ATTACHMENT A

## **DEFINITIONS AND INSTRUCTIONS**

1. The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2. "Keene," "You," or "Your" shall mean and include the Keene Creditors Trust and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

3. "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim. Such claims shall include, but are not limited to, claims for emotional harm, mental distress and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed or sold by the Debtors.

4. "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys, consultants, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

5. "Asbestos-Related Disease" shall mean any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

6. "Doctor" shall mean any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated

party to provide any of the following services: "B-Reading," chest x-ray reading or interpretation, performing, administering or interpreting pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

7. "Screening Company" shall mean any Person who has been hired, retained, consulted, or otherwise paid on behalf of you, the Claimant or a Claimants' Firm or any affiliated party to provide any of the following services: administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining Doctors to perform medical examinations and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

8. "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

9. "B-reading" shall mean and include, without limitation, a physician's report of finding from a Claimant's chest radiograph, using the classification system devised by the ILO.

10. "Medical Services" shall mean and include, without limitation, any and all tests or examinations which are used in the diagnosis of pulmonary disease including Asbestos-Related Disease, or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations. Such tests or examinations include, but are not limited to, "B-reading," chest x-ray reading or interpretation,, performing, administering or interpreting PFTs, performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

11. "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis and/or detect pulmonary disease including Asbestos-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review. Such tests or examinations include, but are not limited to: the administration of x-rays, the PFTs, or the taking of occupational or asbestos or silica exposure histories.

12. As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

13. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

14. "Person" includes a natural person or any business, legal, or government entity or association.

15. Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

16. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in chronological order, setting forth as to each the following: (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

17. Grace's document requests are not intended to seek information related to Claimant-specific internal evaluation and Claimant-specific operational processing information by You.

18. If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

19. Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

20. References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

### REQUEST NO. 1:

Please provide in an appropriate format all documents, materials and information specified below for each person who has submitted a claim to the Keene Creditors Trust:

a) Trust ID Number

b) Claimant's Last Name, First Name, and Middle Initial

c) Social Security Number

d) Date of Birth

e) Date of Death

f) Gender

g) State of Residence

h) Country of Residence

i) Claim Number

4

j)  Claim Type

k)  Date of Initial Filing with Trust

l)  Law Firm

m)  Date of Earliest Lawsuit

n)  Report State

o)  First Exposure Year

p)  Last Exposure Year

q)  Total Adjusted Exposure Duration

r)  Primary Industry

s)  Primary Occupation

t)  Primary Exposure Country

u)  Evaluated Injury

v)  Summary Injury

w)  Disease

x)  Earliest Diagnosis Date

y)  First Diagnosis Date

z)  Diagnosing Doctor (Regardless of Designation) with Type of Report and Date of Report

aa) Diagnosing Report or B-read

bb) Name of Any Doctor Associate with Claim (Regardless of Designation)

**REQUEST NO. 2:**

All documents relating to the suspension (or consideration of suspension) of the acceptance of reports from any law firm, Doctor, B-Reader, Screening Company or other provider of Medical or Screening Services, or any other entities, including, but not limited to, correspondence, memoranda, or other written analyses.

**REQUEST NO. 3:**

All documents, including but not limited electronic databases or files, relating to the identification of the Top 25 individuals who authored B-read reports in support of claims to the Keene Creditors Trust.

**REQUEST NO. 4:**

All documents, including but not limited electronic databases or files, relating to the identification of the Top 25 individuals, regardless of their designation, who are considered the primary diagnosing doctor on reports submitted in support of claims to the Keene Creditors Trust.

**REQUEST NO. 5:**

All documents, including but not limited electronic databases or files, relating to the identification of the Top 25 individuals who authored reports submitted in support of claims to the Keene Creditors Trust.

**REQUEST NO. 6:**

All documents relating to the criteria and procedures used by the Keene Creditors Trust in the allowance and disallowance of claims, including current and past Trust Distribution Procedures (or any equivalent rules, procedures and/or guidelines), internal memorandum, emails, analysis, and/or correspondence related thereto.

**REQUEST NO. 7:**

All documents submitted by the following Claimants to the Keene Creditors Trust relating to the Claimant's exposure to asbestos-containing products, including, but not limited to, work histories, product identification affidavits, screening intake forms, product invoices, or construction records:

a) Claimants alleging mesothelioma, as identified on Exhibit 1 attached hereto on the compact disc that is Attachment B;[2]

b) Claimants alleging asbestos-related lung cancer, as identified on Exhibit 2 attached hereto on the compact disc that is Attachment B.

c) Claimants alleging an asbestos-related cancer, other than lung cancer, as identified on Exhibit 3 attached hereto on the compact disc that is Attachment B;

---

[2] For your convenience, and due to their volume, all exhibits have been provided on CD-Rom (attached to this Subpoena).

d) Claimants alleging clinically-severe asbestosis, as identified on Exhibit 4 on the compact disc that is Attachment B;

e) Claimants alleging asbestosis, as identified on Exhibit 5, attached hereto on the compact disc that is Attachment B;

f) Claimants alleging a non-malignant asbestos-related disease, other than asbestosis, as identified on Exhibit 6, attached hereto on the compact disc that is Attachment B.

**REQUEST NO. 8:**

All documents relating to the roles and responsibilities of the trustees and advisory committee members in administering the Keene Creditors Trust and establishing criteria used by the Keene Creditors Trust in the allowance, disallowance, and/or valuation of claims, including (but not limited to) internal memorandum, emails, analysis, and/or correspondence related thereto.

**REQUEST NO. 9:**

All documents relating to the selection of the initial trustees of the Keene Creditors Trust and any subsequent individuals who were selected as additional or replacement trustees, including (but not limited to) internal memorandum, emails, analysis, and/or correspondence related thereto.

**REQUEST NO. 10:**

All documents relating to the selection of the initial Keene Creditors Trust Advisory Committee members (or member of any similar governance body) and any subsequent individuals who were selected as additional or replacement members of the Keene Creditors Trust Advisory Committee, including (but not limited to) internal memorandum, emails, analysis, and/or correspondence related thereto.

**REQUEST NO. 11:**

All documents relating to the current and historical values given to claims deemed allowed by the Keene Creditors Trust or its claims agent and the criteria and procedures used to determine those values and any changes considered or made to those values, including (but not limited to) internal memorandum, emails, analysis, and/or correspondence related thereto.

**REQUEST NO. 12:**

All documents relating to the determination of the current and historical percentages paid by the Keene Creditors Trust on account of claims submitted to the Keene Creditors Trust and deemed allowed for purposes of settlement and/or payment, and any changes considered or made to those percentages, including (but not limited to) internal memorandum, emails, analysis, and/or correspondence related thereto.

**REQUEST NO. 13:**

All documents relating to any statistics or any other analysis performed or kept by the Keene Creditors Trust or its claims agent relating to the numbers and types of claims received by the Keene Creditors Trust at any given time or across periods of time and/or trends or changes in such statistics, including (but not limited to) internal memorandum, emails, analysis, and/or correspondence related thereto.

PROVISIONS OF RULE 45(c) and (d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

        (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

            (i) fails to allow reasonable time for compliance;

            (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

            (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

9

        (iv)    subjects a person to undue burden.

(d)    DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to en

## Attachment B

The Debtors incorporate by reference the "Attachment B" that was included with the original September 2007 Subpoena.