IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket Nos. 16174, 17000, 16344 |

**Order Regarding W.R. Grace & Company's. Motion to Compel**
**Discovery Materials From the DII Industries, LLC Asbestos PI Trust**

Upon consideration of the Debtors' Motion to Compel the DII Industries, LLC Asbestos PI Trust (the "DII Trust") to produce documents (collectively the "Motions") at docket number 16174; as well as all Objections, Oppositions, Responses and other filings related thereto; and all argument on the Motion; and upon due deliberation:

THE COURT HEREBY INCORPORATES the findings of facts and conclusions of law announced at the August 29, 2007 hearing on the Motions (Transcript at docket number 16747) as if they are fully set forth in this order.

IT IS HEREBY ORDERED THAT:

1. Grace's Motion to Compel the DII Asbestos Trust to Produce Documents is also granted in part and denied in part. The DII Asbestos Trust is ordered to produce, in electronic form, those portions of its databases and electronic files that contain or reflect the data gathered through the responses to Parts 1, 3 and 4 of the DII Industries LLC Asbestos PI Trust Proof of Claim Form for any claimants matching those identified by Grace's subpoena within 14 days of entry of this Order; and it is further ORDERED that

2. Grace shall bear the cost incurred by the DII Trust in complying with this Order, consistent with this Court's August 29, 2007 rulings. ; it is further ORDERED that

3. The electronic datasets, claimant information, claims processing information or other information that the DII Trust provide, pursuant to paragraph 1 of this Order (the "Protected Information") shall be used only in connection to the Estimation Proceeding. The Protected Information must be maintained in a confidential

manner, and shall be made available only to "Authorized Individuals." Authorized Individuals are: (1) counsel of record to the Debtor or an Official Committee involved in the Estimation Proceeding (the Debtor and Official Committee are generically referred to as "Party"), including attorneys, secretaries and legal assistants and paralegals in the regular employment of the counsel of record who are personally involved in rendering services to a Party in the Estimation Proceeding, (2) officers, directors, agents and employees of the Debtor who are personally involved in rendering services to the Debtor in the Estimation Proceeding, (3) outside consultants or experts who are retained by a counsel of record for the purpose of assisting in the Estimation Proceeding and for whom a Party believes access to the Protected Information is appropriate in order to provide their services to the Party, and (4) witnesses, and their counsel, in preparation for testimony in the Estimation Proceeding; it is further ORDERED that

4. The Parties and the Authorized Individuals are prohibited from using the Protected Information for any purpose not directly related to the Estimation Proceeding; it is further ORDERED that

5. For each entity that obtains access pursuant to paragraph 6 of this Order to the electronic data produced by the DII Trust, a person with authority to bind that entity must sign an acknowledgement of the confidentiality provisions described in this Order. The Confidentiality Agreement Acknowledgment form is attached hereto as Exhibit A. Copies of the signed Confidentiality Agreement Acknowledgement shall be filed with the Court in camera. Any Party filing such Acknowledgements with the Court shall contemporaneously serve the Trust redacted copies with alphanumeric codes identifying the persons who sign the Acknowledgements which correspond to the Acknowledgements filed with the Court in camera. Following the conclusion of the Bankruptcy Proceeding (as specified in paragraph 13 below), each party will file in camera with the Court a Certification from each person who received the Protected Information confirming that the Protected Information has been returned to the Trust or destroyed as required in this Order. The Parties shall contemporaneously serve the Trust redacted versions of such Certifications with the same alphanumeric codes corresponding to the original Acknowledgement. The Trust may, upon notice to the Parties, request an in camera view of all the Acknowledgements and Certifications if such Trust believes the confidentiality provisions of this Order may have been violated.; it is further ORDERED that

6. In testimony and filings with the Court, the Parties and Authorized Individuals may not divulge information regarding individually identifiable DII Trust claimants derived from the Protected Information that if revealed would cause the individual's identity to be ascertained ("Individually-Identifiable Protected Information") except when the following conditions are met: (1) such information is directly relevant to the Estimation Proceeding, (2) there is no reasonable manner to provide such directly relevant information without identifying individual DII Trust claimants; it is further ORDERED that Any filing

containing, disclosing or revealing any Individually-Identifiable Protected Information shall be filed separately in a sealed envelope or container on which shall be endorsed a general description of the envelope's contents and a statement in the following form:

> **Filed Under Seal Pursuant to Stipulation and Protective Order:** This envelope [or container] is sealed pursuant to an order of this Court, and contains protected information and is not to be opened or its contents thereof displayed or revealed except by order of the Court or pursuant to the written permission of the DII Trust.

Such envelope or container shall not be opened without further order of this Court or pursuant to the written consent of the DII Trust; it is further ORDERED that

7. If any Individually-Identifiable Protected Information is used, revealed or inquired about at any deposition the initial transcript of any deposition, and any exhibits thereto, of (1) any employee or agent of the DII Trust or (2) in which Protected Information is used, revealed or inquired about shall constitute Protected Information and shall be stamped "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" by the court reporter. The Party conducting such deposition shall be responsible for providing contemporaneous notice to the DII Trust as to the use of such Individually-Identifiable Protected Information and for insuring that the terms of this paragraph are complied with and shall provide the Trust a copy of such deposition within seven (7) days after the court reporter delivers the initial transcript. Within twenty-one (21) days after the court reporter delivers the initial transcript, the deponent and the Parties may designate the transcript of the deposition and any exhibits thereto as Protected Information in whole or in part. Such designation shall be made by written notice to the court reporter and to Lead Counsel for the Parties. At the conclusion of the twenty-one (21) day period, the court reporter shall prepare the final version of the transcript (unless the Parties agree that no final version is necessary), in which pages and exhibits designated as Protected Information shall be bound separately from pages and exhibits not so designated. All pages of the transcript and exhibits designated as Protected Information shall be stamped "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." It is further ORDERED that

8. The Protected Information and all knowledge obtained therefrom may not be publicly disclosed in any way or used as an undisclosed source in any article, study, research, editorial, publication or scholarly work; it is further ORDERED that

9. Within sixty days of the conclusion of the Bankruptcy Proceeding, including any rehearing or appeals, the Parties and Authorized Individuals must return all copies of Protected Information and all reports, compilations, documents, files, or databases containing or based upon Protected Information to the Trust, or at the

option of the Trust, destroy them, and provide the Trust with confirmation of such destruction; and it is further ORDERED that

10. The termination of the Bankruptcy shall not terminate paragraphs 6 through 14 of this Order, nor shall it relieve any person who received or was given access to the Protected Information pursuant to this Order from the continuing obligation of maintaining the Protected Information in a confidential manner.

SO ORDERED AND ADJUDGED this the 9th day of October, 2007.

_____
Judith K. Fitzgerald
United States Bankruptcy Court Judge