## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Date: November 9, 2007 @ 4:00 p.m.** |
| | ) | **Hearing Date: November 26, 2007 @ 2:00 p.m.** |

**AMENDED MOTION FOR AN ORDER PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 9018-1(b) AUTHORIZING THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, AND DIRECTING THE CLERK OF THE COURT, TO FILE UNDER SEAL THE UNREDACTED VERSIONS OF THE EXPERT REBUTTAL REPORTS OF DR. MARK PETERSON AND STEPHEN M. SNYDER**

The Official Committee of Asbestos Personal Injury Claimants (the "ACC" or "Movant"), by and through its undersigned counsel, hereby moves (the "Amended Motion") for the entry of an order pursuant to Section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Movant, and directing the Clerk of the Court, to file under seal the unredacted versions of  the Expert Rebuttal Reports of Dr. Mark Peterson (the "Peterson Report") and Stephen M. Snyder (the "Snyder Report", collectively, with the Peterson Report, the "Reports").  In support of this Amended Motion, the Movant respectfully represents as follows:

### JURISDICTION

1.       The Court has jurisdiction over these proceedings, the parties and property affected thereby, and the Amended Motion, pursuant to 28 U.S.C. §§157(b) and 1334.  Venue is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding

pursuant to 28 U.S.C. §157(b).  The statutory predicates for the relief requested in the

Amended Motion are Section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy

Rules, and Rule 9018-1(b) of the Local Rules.

## BACKGROUND

2.      On or about April 2, 2001, W.R. Grace & Co. and certain of its affiliates (the

"Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with

the Clerk of this Court.  The Debtors continue to be in possession of their respective

properties and are operating and managing their respective businesses and assets, as debtors–

in–possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  The proceedings

are being jointly administered, for procedural purposes, pursuant to an Order of this Court.

3.      No Trustee or examiner has been appointed in the Debtors' chapter 11 cases.

On April 13, 2001, the Office of the United States Trustee appointed the Official Committee

of Unsecured Creditors, the Official Committee of Asbestos Property Damage Claimants, and

the Official Committee of Asbestos Personal Injury Claimants pursuant to Section 1102(a)(1)

of the Bankruptcy Code.  On May 24, 2004, this Court signed an Order appointing David T.

Austern as the Legal Representative For Future Asbestos Personal Injury Claimants.

4.   The Movant is seeking to file the unredacted versions of the Reports under seal.

This Amended Motion is filed, in part, pursuant to the Modified Order Establishing the Non-

Waiver of Privileges Contained in Answers to the Debtors' Interrogatories and the Sealing and

Confidentiality of Such Answers (the "Modified Order")(D.I. 16259).  Excerpts from the

Modified Order are as follows:

> The Debtors and all participants in this discovery shall maintain
> the answers in the manner required pursuant to 11 U.S.C. §
> 107(b) for the papers filed under seal with the Court and such
> answers when served shall be considered under seal in

accordance with such statute.  Any and all information provided to the Debtors in response to the Third Set of Interrogatories must be maintained in the strictest confidence and not disclosed to any entity or individual not expressly authorized under this Order.  If a Debtor or another party in interest finds it necessary to refer to any specific information, said party shall first apply to the Court for appropriate instructions, and/or notice and hearing if there is opposition to redacted information being used.

5.    The Movant has filed the Amended Motion to comply with the provisions of the Modified Order, as certain portions of the Reports include information protected by the Modified Order.  This Amended Motion has also been filed to comply with the Debtors' request that the ACC maintain certain information as confidential.  The Peterson Report contains confidential information at pages 9, 18 to 20, 24, 25 and 36 to 40.  In addition, the Snyder Report contains confidential information at pages 10, 28 through 30, 45 through 59, 64 and 65.  Therefore, the Movant respectfully requests that this Court enter an order permitting the filing of the Reports under seal so as to protect the Debtors' asserted interest in the confidential, commercial information, the ACC's agreement to maintain the confidentiality thereof, as well as to comply with the Modified Order.  Redacted versions of the Reports have been filed that do not disclose the protected information.  Specifically, the Snyder Report was filed at docket number 16923 and the Peterson Report at docket number 17026.

## **RELIEF REQUESTED**

6.    By this Amended Motion, the Movant requests authority to file the unredacted versions of the Reports under seal for *in camera* review by this Court.

7.    In pertinent part, Section 107(b) of the Bankruptcy Code provides:

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--

(1)    protect an entity with respect to a trade secret or confidential research development, or commercial information;

8.    Similarly, Bankruptcy Rule 9018, provides:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a cased under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

9.    The relief sought herein is the least intrusive means of complying with the requirements of the Modified Order, the Debtors' asserted interest in the confidential, commercial information, as well as achieving the goal of protecting the integrity of the judicial process, protecting legitimate confidential commercial information, and fostering the creation of a full and fair record for the Court's adjudication of disputes.  *In re 50-Off Stores*, 213 B.R. 646, 659 (Bankr. W.D. Tex. 1997) ("The sealing device permits the court to do its job fully, permitting both a full inquiry and assuring the protection of the asset the cause of action represents.).

10.    The ACC submits that it is necessary to file the unredacted versions of the Reports under seal as they contain information obtained from the documents which are protected by the Modified Order.  In addition, portions of the Reports contain information that the Debtors seek to maintain as confidential.  Additionally, as noted, the Movants have agreed to maintain this information as confidential.   Consequently, the Movant is compelled to seek the relief requested herein.

11.    Complete unredacted versions of Reports, along with all exhibits attached thereto, have been served upon: (i) counsel to the Debtors; (ii) counsel to the Official

Committee of Unsecured Creditors; (iii) counsel to the Official Committee of Asbestos

Property Damage Claimants; (iv) counsel to the Official Committee of Equity Security

Holders; (v) counsel to David T. Austern, the Future Claimants' Representative; and (vi) counsel

to the Libby Claimants.

## NOTICE

12.    Notice of this Amended Motion has been given to the following parties: (i) the

Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official

Committee of Unsecured Creditors; (iv) counsel to the Official Committee of Asbestos

Property Damage Claimants; (v) counsel to the Official Committee of Equity Security

Holders; (vi) counsel to David T. Austern, the Future Claimants' Representative; and (vii) those

persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy

Procedure.  The Movant submits that, in light of the nature of the relief requested, no other or

further notice need be given.

## NO PRIOR REQUEST

13.    Although the Movant has previously requested authorization to file under seal

documents and/or information designated as confidential by the Debtors, no previous motion

to file the Reports under seal has been made to this or any other Court.

(Remainder of Page Intentionally Left Blank)

## CONCLUSION

WHEREFORE, the Movant respectfully requests entry of an order authorizing, and directing the Clerk of the Court, to file under seal the unredacted versions of the Expert Rebuttal Reports of Dr. Mark Peterson and Stephen M. Snyder.


Dated: October 9, 2007                    CAMPBELL & LEVINE, LLC

                                          */S/ Mark T. Hurford*
                                          Marla R. Eskin (#2989)
                                          Mark T. Hurford (#3299)
                                          800 King Street, Suite 300
                                          Wilmington, DE 19801
                                          Telephone:  (302) 426-1900

                                               - and –

                                          Elihu Inselbuch
                                          CAPLIN & DRYSDALE, CHARTERED
                                          375 Park Avenue, 35th Floor
                                          New York, NY 10152-3500
                                          Telephone:  (212) 319-7125

                                          Nathan D. Finch
                                          James P. Wehner
                                          One Thomas Circle, NW
                                          Washington, DC 20005
                                          Telephone:  (202) 862-5000

                                          *Counsel for the Official Committee of*
                                          *Asbestos Personal Injury Claimants*