Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)

# UNITED STATES BANKRUPTCY COURT

Western District of Pennsylvania

In re W.R. Grace, et al, Debtor

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No. * 01-01139 (JKF) (Bankr. D. Del.)

Chapter 11

To: Theodore Goldberg, Esq.
Goldberg Persky Jennings & White, P.C.
1030 Fifth Avenue
Third Floor
Pittsburgh, PA 15219

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Reed Smith LLP, 435 Sixth Avenue Pittsburgh, PA 15219 | 10/16/07, 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A for a description of documents and/or things to be produced.

| PLACE | DATE AND TIME |
|---|---|
| Reed Smith LLP, 435 Sixth Avenue Pittsburgh, PA 15219 | 10/16/07, 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a disposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Amanda C. Basta [signature] | 10/4/07 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Amanda C. Basta, Kirkland & Ellis LLP, 655 15th St., NW, Washington, DC 20005
(202) 879-5933; Counsel for Debtors

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 10/09/07 11:32 AM | 1030 5th Ave. Pittsburgh, Pa 15219 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Theodore Goldberg | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Richard Ament | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 10/09/07

SIGNATURE OF SERVER

ADDRESS OF SERVER

Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Robert M. Kresson, Notary Public
Robinson Twp., Allegheny County
My Commission Expires Feb. 17, 2011

M

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **W. R. GRACE & CO., *et al.*,** | ) | **Case No.: 01-01139 (JKF) (Bankr. D. Del.)** |
| | ) | |
| **Debtors.** | ) | |

**SUBPOENA TO TESTIFY AT DEPOSITION AND PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30(b) AND 45**

TO: Theodore Goldberg
Goldberg Persky Jennings & White, P.C.
1030 Fifth Avenue
Third Floor
Pittsburgh, PA 15219

**YOU ARE COMMANDED TO APPEAR** to testify at a deposition in the matter styled *In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JKF), currently pending in the United States Bankruptcy Court, District of Delaware, to be conducted at the offices of Reed Smith LLP, 435 Sixth Avenue, Pittsburgh, PA 15219 (or at another location agreed upon by counsel), on October 16, 2007, at 9:30 AM, EST or at such other time and place mutually agreed upon by counsel for the parties. The deposition(s) will continue from day-to-day until complete. The deposition(s) will be taken before an official authorized by law to administer oaths, and, pursuant to Federal Rule of Civil Procedure 30(b)(2), will be recorded by both stenographic means and sound-and-visual means.

**YOU ARE FURTHER COMMANDED TO PRODUCE** the categories of documents set forth in Attachment "A" to this subpoena. Theodore Goldberg is further requested to make the categories of documents set forth in Attachment "A" available to the undersigned counsel for W.R. Grace & Co. for inspection and copying at least two weeks before the first deposition scheduled as a result of this Subpoena.

This subpoena has been issued by the United States Bankruptcy Court for the Western District of Pennsylvania. You must appear, give testimony, and produce all of the materials described in this subpoena and its attachments for inspection and copying and must do so at the time and place set out in this subpoena. Your failure to do so may be punished as a contempt of the United States District Court for the United States Bankruptcy Court for the Western District of Pennsylvania.

Dated: October 4, 2007

KIRKLAND & ELLIS LLP
David M. Bernick
Ellen T. Ahern
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

-and-

KIRKLAND & ELLIS LLP
Amanda C. Basta
Barbara M. Harding
David E. Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1. The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.,* Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2. "You," or "Your" shall mean and include Theodore Goldberg and any agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, Theodore Goldberg.

3. "Goldberg Persky" shall mean and include Goldberg Persky Jennings & White P.C. and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

4. "Estimation Proceeding" shall mean and include the proceeding governed by the 8/29/2005 Case Management Order for the Estimation of Asbestos Personal Injury Liabilities and all amendments thereto.

5. "Asbestos PI Pre-Petition Litigation Claim" shall mean and include any lawsuit initiated prior to Debtors' bankruptcy petition, filed April 2, 2001, for which the Claimant has: (1) not been paid in full; and (2) not provided the Debtors with a release of his or her claim. Such claims shall include, but are not limited to, claims for emotional harm, mental distress and loss of consortium alleged to have been caused by exposure to asbestos or asbestos-containing products manufactured, marketed or sold by the Debtors.

6. "Claimant" shall mean and include any and all Persons who hold or purport to hold an Asbestos PI Pre-Petition Litigation Claim against the Debtors and any agents, attorneys,

consultants, representatives and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

7. "PIQ" shall mean and include the W.R. Grace Asbestos Personal Injury Questionnaire.

8. "Asbestos-Related Disease" shall mean and include any bodily injury, sickness, disease or impairment alleged to have been caused by exposure to asbestos or asbestos-containing products.

9. "Doctor" shall mean and include, without limitation, any Medical Doctor or Doctor of Osteopathy who has been hired, retained, or consulted or otherwise paid on behalf of you or the Claimant, or any affiliated party to provide any of the following services: "B-Reading," chest x-ray reading or interpretation, performing, administering or interpreting pulmonary function test(s) ("PFT"), performing or administering a physical examination, diagnosing or otherwise evaluating a Claimant.

10. "B-reader" shall mean and include, without limitation, a Doctor of Medicine or Doctor of Osteopathy who is or who has been certified by the National Institute of Occupational Safety & Health ("NIOSH") to interpret a chest radiograph using the classification system devised by the International Labor Organization ("ILO").

11. "Screening Company" shall mean and include, without limitation, any Person who has been hired, retained, consulted, or otherwise paid on behalf of you or the Claimant or any affiliated party to provide any of the following services: administer or interpret x-rays, administer or interpret PFTs, perform B-reading, contacting or retaining Doctors to perform medical examinations and/or read and interpret chest films, PFTs, or other medical records, or take occupational histories or asbestos or silica exposure histories.

12. "Medical Services" shall mean and include, without limitation, any and all tests or examinations which are used in the diagnosis of pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as the interpretation of such tests or examinations. Such tests or examinations include, but are not limited to, "B-reading," chest x-ray reading or interpretation, performing, administering or interpreting PFTs, performing or administering a physical examination, diagnosing, or otherwise evaluating a Claimant.

13. "Screening Services" shall mean and include, without limitation, any and all screening tests or examinations which are used to measure and assess pulmonary function, interstitial fibrosis and/or detect pulmonary disease including Asbestos-Related Disease, Silica-Related Disease or any other form of pneumoconiosis, as well as any interpretation of such tests or examinations, and the forwarding of such information to other Doctor(s) for review. Such tests or examinations include, but are not limited to: the administration of x-rays, the PFTs, or the taking of occupational or asbestos or silica exposure histories.

14. As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

15. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed.

16. "Person" includes a natural person or any business, legal, or government entity or association.

17. Unless otherwise specified, this request for documents shall include the period beginning January 1, 1990 through the date on which the answers in response hereto are made.

18. Consistent with the requirements and limitations of the Federal Rules of Civil Procedure, if you object to the production of any document requested on the basis of privilege or immunity from discovery, list in your written response to the particular request all such documents in chronological order, setting forth as to each the following: (a) date of the document; (b) identity of the author(s) and all recipients; (d) description; (e) type of document; (f) subject matter; and (g) basis for assertion of privilege or immunity.

19. If you have a good faith basis to believe that any document requested has been destroyed or lost, please so state.

20. Whenever appropriate, the singular form of a word should be interpreted in the plural. "And" as well as "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning in each circumstance.

21. References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

**REQUEST NO. 1:**

Any and all documents relating to Your anticipated testimony in the Estimation Proceeding including, but not limited to, documents that You anticipate using to prepare for Your testimony in the Estimation Proceeding or which You anticipate relying on in Your testimony in the Estimation Proceeding or which form the basis for the facts to which You expect to testify in the Estimation Proceeding.

**REQUEST NO. 2:**

Any and all documents relating to settlements with Grace of any claims for asbestos-related injuries brought by Goldberg Persky on behalf of persons alleging injuries due to asbestos-related disease caused by asbestos-containing products manufactured marketed or sold by Grace, including criteria for settlement, evaluations or assessments relating to settlement offers, evaluations of sufficiency of medical or exposure evidence for purposes of settlement.

**REQUEST NO. 3:**

Any and all documents relating to the dismissal any claims for asbestos-related injuries brought by Goldberg Persky on behalf of persons alleging injuries due to asbestos-related disease caused by asbestos-containing products manufactured marketed or sold by Grace, including evaluations or assessments relating to dismissals, and the motivations, reasons or bases for such dismissals.

**REQUEST NO. 4:**

Any and all documents constituting or reflecting communications, relating to motivations of Goldberg Persky to settle asbestos personal injury lawsuits brought against Grace prior to April 2, 2001 or the reasons or bases for settling such cases.

**REQUEST NO. 5:**

Any and all documents relating to the process by which potential asbestos personal injury claims against Grace were evaluated by Goldberg Persky, including, but not limited to, documents relating to the intake of claims, including, but not limited to, communications with unions or employers relating to screenings or other means of identifying potential claimants, blank intake forms, blank medical history questionnaires, blank work history surveys or questionnaires, and documents relating to the evaluation of in which jurisdiction to bring such claims.

**REQUEST NO. 6:**

Any and all documents relating to the review, analysis or evaluations of asbestos personal injury claims filed against Grace by Goldberg Persky, including, but not limited to, documents relating to the process by which defendants were named, the process by which actual exposure to asbestos-containing products was determined, and the process by which medical evidence of asbestos-related illness or injury were obtained.

**REQUEST NO. 7:**

Any and all documents relating to the method by which responses to the W.R. Grace Asbestos Personal Injury Questionnaire were made on behalf of Claimants represented by Goldberg Persky, including, but not limited to, documents relating to the selection of documents to be attached to the PIQs, and documents relating to the manner in which the Claimants' histories of exposure to asbestos-containing products whether manufactured, marketed, or sold by Grace or any other entity was determined.

**REQUEST NO. 8:**

Any and all documents relating to any testimony given before Congress by Steven Kazan, Esquire or Dr. David Egilman.

**REQUEST NO. 9:**

Any and all documents relating to the reliability or accuracy of the Medical Services or Screening Services provided by any Doctor, B-reader or Screening Company who were retained by You to provide Medical Services or Screening Services on behalf of Claimants represented by Goldberg Persky.

**REQUEST NO. 10:**

Any and all documents relating to Medical Services or Screening Services provided by any Doctor, B-reader or Screening Company retained by Goldberg Persky to provide Medical Services or Screening Services on behalf of Claimants represented by Goldberg Persky, including, but not limited to, correspondence, invoices, instructions provided to such Doctors, B-readers, or Screening Companies relating to the process by which claimants were diagnosed with asbestos-related disease or language to be used in reports relating to the diagnosis of such disease, and contracts or other written agreements for the provision of Medical or Screening Services.

**REQUEST NO. 11:**

Any and all documents that You reviewed in order to prepare for Your deposition.