IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related to Docket No. 17103 |

**DEBTORS' MOTION FOR LEAVE FROM SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD OF DEBTORS' EXPEDITED MOTION FOR RELIEF FROM THE OCTOBER 31ST DISCOVERY CUT-OFF DATE FOR DEPOSING CERTAIN LAWYERS NAMED AS FACT WITNESSES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby move this Court (the "Motion to Shorten"), pursuant to Del. Bankr. LR 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 102 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), for an Order shortening the notice period with respect to the Debtors' Expedited Motion for Relief From the October 31st Discovery Cut-Off Date for Deposing Certain Lawyers Named as Fact Witnesses

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

(the "Motion for Relief") and for leave from this Court's *Amended Order Scheduling Omnibus Hearing Dates for 2007* [Docket 14068] (the "Scheduling Order"), dated December 19, 2006, so that the Motion for Relief may be heard at the October 25, 2007 hearing.

Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

As explained in more detail in the Motion for Relief, the Asbestos Claimants Committee (the "ACC") has recently contradicted its long-standing positions regarding lawyer-discovery in these cases by (i) disclosing an additional five attorneys as affirmative fact witnesses for the upcoming Estimation Hearing and (ii) resisting Grace's attempts to obtain pre-deposition discovery for such witnesses. In light of the upcoming fact discovery deadline in this matter, the timing of the ACC's unexpected positions on these issues has placed Debtors in the inequitable position of either: (i) deposing the lawyer-fact witnesses without access to relevant documents in order to meet the discovery cut-off deadline; or (ii) postponing the depositions until document discovery issues are resolved at the risk of foregoing the opportunity to depose the witnesses after October 31st.

Rather than sit tight with this looming uncertainty, and pursuant to the Expedited Motion Protocol provided in the Third Newly Amended Case Management Order [Dkt. No. 16468], Debtors respectfully file the Motion for Relief seeking an Order: (i) relieving Debtors from the pretrial schedule as to the following five attorneys: John Cooney, Peter Kraus, Ted Goldberg,

Robert Horkovich, and Stephen Snyder; (ii) directing the ACC to provide Debtors with specific descriptions of the subject-matters of these witnesses' expected testimony, including particular cases, discussions, and related documents; and (iii) to the extent that any materials are withheld under privilege claims, directing the withholding party to provide a privilege log documenting such withheld documents.

As fact discovery closes pursuant to the current pretrial schedule, time is critical to a ruling on the Motion for Relief. Consequently, Debtors request (and the ACC has agreed) that this issue may be raised at the October 25, 2007 Omnibus Hearing. Accordingly, the Debtors file this motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Debtors to have the Motion for Relief heard at the next omnibus hearing. The Debtors also respectfully request that the Court establish October 23, 2007 at 12:00 noon as the deadline to object to the Motion for Relief.

Given the nature of the relief requested, the Debtors respectfully submit that the shortened notice described above is appropriate, as is leave from the Scheduling Order.

WHEREFORE, the Debtors respectfully request the entry of an Order: (i) granting the Debtors leave from the Scheduling Order; (ii) shortening the notice period with respect to the Motion for Relief; and (iii) and setting the objection deadline to the Motion for Relief at October 23, 2007 at 12:00 noon, as set forth above.

Dated: October 19, 2007

    KIRKLAND & ELLIS LLP
    David M. Bernick, P.C.
    Janet S. Baer
    Lisa Esayian
    200 East Randolph Drive
    Chicago, IL 60601
    Telephone: (312) 861-2000
    Facsimile: (312) 861-2200

    and

    PACHULSKI STANG ZIEHL & JONES LLP

    _____
    Laura Davis Jones (Bar No. 2436)
    James E. O'Neill (Bar No. 4042)
    Timothy P. Cairns (Bar No. 4228)
    919 North Market Street, 17th Floor
    P.O. Box 8705
    Wilmington, DE 19899-8705 (Courier 19801)
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400

    Co-Counsel for the Debtors and
    Debtors in Possession