IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| In re | \* | Chapter 11 |
| | \* | |
| W.R. GRACE & CO., *et al.*, | \* | Case No. 01-01139 (JKF) |
| | \* | Jointly Administered |
| Debtors. | \* | |
| | \* | **Hearing Date:** November 26, 2007 @ 2:00 PM |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*    **Objection Deadline:** Nobvember 19, 2007 @ 4:00 PM

## LIBBY CLAIMANTS' MOTION TO STRIKE EXPERT REPORTS

Claimants injured by exposure to asbestos from Grace's operations in Lincoln County,

Montana[1] (the "Libby Claimants"), by and through their counsel, Cohn Whitesell & Goldberg

LLP and Landis Rath & Cobb LLP, hereby move this Court to strike the expert reports that

Grace has filed or intends to file in contravention to the procedures and deadlines established by

this Court's Case Management Order for the Estimation of Asbestos Personal Injury Liabilities,

as it has been amended from time to time (the "PI CMO").  In support of this Motion, the Libby

Claimants state:

### Background

1.    Pursuant to the PI CMO, parties to the asbestos personal injury estimation

proceedings were required to submit their expert and supplemental expert witness disclosures on

or before August 21, 2006.  Grace submitted its preliminary expert witness disclosure on

December 19, 2005 [Docket No.11378] and its supplemental expert witness disclosure on

August 21, 2006 [Docket No. 13032] (collectively, the "Grace Expert Witness Disclosure").

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis
Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 15692], as it may be amended and restated from
time to time.

2.    In addition to setting deadlines for the designation of expert witnesses, the PI CMO, among other things, established the filing deadlines for all expert reports.  For experts that will testify as to matters other than the number, amount, and value of present and future asbestos claims, the report filing deadlines were:

- October 3, 2006:  Initial Reports Due;

- June 11, 2007:    Rebuttal or Supplemental Reports Due; and

- July 31, 2007:    Final Surrebuttal or Supplemental Reports Due.

### Relief Requested

3.    Despite the clear procedures established by the PI CMO, Grace (i) failed to disclose three expert witnesses (Brent Pistorese, M.D., Timothy F. Obermiller, M.D., and Richard Sellman, M.D.) in the Grace Expert Witness Disclosure and has never sought leave to supplement the designation, (ii) submitted late reports for Drs. Pistorese, Obermiller, and Sellman as an attachment to a report of one of its properly disclosed expert witnesses, John E. Parker, M.D., and (iii) recently notified the parties to the estimation proceeding that Grace intends to submit a report for Dr. David Weill that was due on or before June 11, 2007 (Dr. Weill was working on the analysis, but did not include it in his second report), but has not yet been completed.  In order to enforce the terms of the PI CMO, this Court should strike the three reports of Drs. Pistorese, Obermiller, and Sellman and disallow the submission of the late report from Dr. Weill.

### I.    Reports of Dr. Sellman, Dr. Obermiller, and Dr. Pistorese Were Not Filed in Compliance with the PI CMO and Should be Stricken

4.    In an attempt to slip additional expert reports into the estimation proceeding for experts that were never disclosed, on July 31, 2007 (the Final Surrebuttal or Supplemental Report deadline), Grace served the expert reports of Brent Pistorese, M.D., Timothy F.

2

Obermiller, M.D., and Richard Sellman, M.D.  The reports of Drs. Pistorese, Obermiller, and

Sellman were attached to the Rebuttal Report of Dr. John E. Parker dated July 29, 2007, copies

of the pertinent pages of the Parker report are attached hereto as Exhibit A.  Parker Rebuttal

Report at n.3.[2]  The three late reports are all dated June 14, 2006, and appear to have been

prepared in connection with the criminal case of U.S. v. Grace, CR-05-07-M-DWM (D. Mont.).

The three late reports were all in existence prior to the first round deadline of October 3, 2006,

and could have been filed then.  Grace filed the three reports at the time of the final surrebuttal

report deadline of July 31, 2007, leaving the Libby Claimants without a proper opportunity to

reply, disrupting the orderly consideration by the Libby Claimants' experts and counsel of

Grace's expert reports, and achieving (as was presumably Grace's intention) whatever strategic

benefit might come from surprising the Libby Claimants.  This is an improper advantage in light

of the purpose of the PI CMO, which was to place all parties on all equal footing by requiring

everyone to comply with the same series of deadlines.

     5.     These late reports of new experts place an unreasonable burden upon Dr.

Whitehouse and the Center for Asbestos Related Disease ("CARD Clinic") in Libby, Montana.

Dr. Whitehouse is a treating physician.  Working on responses to claims made by Grace's expert

witnesses is not his primary duty or concern.  The CARD Clinic treats over 1,000 patients with

asbestos disease from the Grace operations in Lincoln County, Montana.  The CARD Clinic

cares for its patients on a limited budget, and must deal with unacceptable paperwork demands

made by the Grace Libby Medical Plan.  After three rounds of expert reports, answering

additional claims by Grace's new hired gun "experts" is more than should be demanded of the

Libby Claimants and their treating physician at the CARD Clinic.  If not stricken, the new

---

[2] In the Parker Rebuttal Report, Dr. Parker states: "I have had the opportunity to review expert reports authored by Drs. David Weill, Richard Sellman, Brent Pistorese, and Tim Obermiller regarding the Libby population and agree with their findings."  Parker Rebuttal Report at pp. 14-15.

materials from Grace's experts will require additional time for the Libby Claimant to prepare

rebuttal reports, thus delaying the Estimation Proceeding. Even so, permitting rebuttal would be

an incomplete remedy, and an improper burden in light of Grace's non-compliance with the PI

CMO. Instead, the reports of Drs. Pistorese, Obermiller, and Sellman should be stricken.

## II.    A Late Report by Dr. Weill is not in Compliance with the PI CMO and Should be Disallowed

6.    By letter from Grace's counsel on September 25, 2007, Grace informed the parties

to the estimation proceeding that it intends to submit an additional report for Dr. David Weill.

Although the last rebuttal report was due on June 11, 2007, Dr. Weill's analysis apparently is still

not complete. Grace claims that this is so because of delay in receiving the underlying

information that forms the basis for the analysis. However, in the same letter, Grace

acknowledges that it received from the CARD Clinic and St. John's Hospital in Libby, Montana

the underlying information (x-rays) in December 2006 and April 2007. Grace then asserts that

after review by another Grace expert, copies were not available to Dr. Weill until July 2, 2007.

Even if true, these factors indicate that Grace mismanaged the process of getting its expert

reports prepared, not that there was improper delay by the Libby Claimants or any other party.

There are no good grounds to excuse Grace retroactively from the requirements of the PI CMO.

7.    Permitting a late report from Dr. Weill would be a hardship to the Libby

Claimants. Dr. Weill and Dr. Steven E. Haber have already had the opportunity to comment

upon the CARD Clinic's patient records and x-rays, and have done so. Since the Libby

Claimants are plaintiffs in federal litigation, their medical records and chest x-rays have been

available to Grace since 2001. Grace certainly had the resources to meet any deadline. As noted

above, a report by Grace, well after the June 11, 2007 deadline, places an unreasonable burden

upon the Libby Claimants and their treating physician. There is no justification to retroactively

4

extend the PI CMO deadlines for the submission of the late Dr. Weill report (he has already

submitted three reports), which will require additional time for the Libby Claimant to prepare a

rebuttal report, thus delaying the Estimation Proceeding.  Instead, this Court should disallow the

submission of the report of Dr. Weill, whenever (or before) it is finally complete.

### Meet and Confer

8.    On several occasions between Monday, October 1, 2007 and Monday, October

22, 2007, counsel to the Libby Claimants and counsel to Grace conferred in good faith about this

discovery dispute, but were unable to come to a resolution.

### Conclusion

Based on the foregoing, the Court should (i) strike Grace's expert reports for Drs.

Pistorese, Obermiller, and Sellman, (ii) disallow the submission of the late report of Dr. Weill,

and (iii) grant such other and further relief that is just and proper

*[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]*

.

Respectfully submitted this 22nd day of October, 2007.

LIBBY CLAIMANTS

By their attorneys,

Adam G. Landis (DE No. 3407)
Kerri Mumford (DE No. 4186)
LANDIS RATH & COBB LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE  19801
(302) 467-4400

and

Daniel C. Cohn
Christopher M. Candon
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA  02110
(617) 951-2505

877P\Motion to Strike Expert Reports5