IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 JKF |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 16837, |
| | ) | 16838, 16839, 16840, 16841, |
| | ) | 16842, 16843, 16844, 16845, |
| | ) | 16846, 16847, 16849, 16851, |
| | ) | 16852, 16853, 16854. 16855, |
| | ) | 16856, 16857, 16858, 16859, |
| | ) | and 17005 |
| | ) | |
| | ) | [Oct. 25, 2007 Agenda Nos. 10-30] |

**CERTIFICATION OF COUNSEL ON ORDERS AUTHORIZING
SETTLEMENTS OF ASBESTOS PROPERTY DAMAGE CLAIMS FILED BY
VARIOUS PROPERTY DAMAGE CLAIMANTS REPRESENTED BY DIES & HILE, LLP**

1. On September 17, 2007, the Debtors filed 21 separate motions ("Motions") for orders authorizing settlements of asbestos property damage claims filed by property damage claimants (the "D&H Claimants") represented by the law firm of Dies & Hile LLP (the "Dies & Hile PD Settlements"). [1]

---

[1] The D&H Claimants, and the docket numbers and agenda item numbers of the Motions relating to their respective settlements, are:

| D&H Claimant | Docket No. | Agenda No. |
|---|---|---|
| Six Hundred Building Ltd. (incorrectly denominated in original motion as "Six Hundred Corporation"; name corrected in supplemental filing)) | 16837, supplemented by 17005 | 10 |
| City of Houston, Texas | 16838 | 11 |
| Maricopa County, Arizona | 16839 | 12 |
| Sabine River Authority | 16840 | 13 |
| Acadia Parish School Board, et al (Louisiana claimants) | 16841 | 14 |

(footnote continues on next page)

2. Prior to the objection deadline set for the Motions, David T. Austern, the Court-appointed legal representative of future asbestos personal injury claims ("FCR") filed a limited omnibus objection (Dkt. No. 17011) to all of the Motions. Although the FCR did not object to the economic terms of the Dies & Hile PD Settlements, the FCR objected to a single provision of each settlement agreement that purported to restrict any person or entity from using, construing, offering or receiving the settlement agreements for any purpose whatsoever, except as otherwise permitted by the agreements ("FCR's Limited Objection"). The Official Committee of Asbestos Personal Injury Claimants ("ACC") timely filed a joinder in the FCR's Limited Objection (Dkt. No. 17013) (the "ACC Joinder").

3. Thereafter, the attorneys for the D&H Claimants, the FCR, and the ACC entered into discussions in an effort to resolve the FCR's Limited Objection and the ACC Joinder. The discussions resulted in an agreement among those parties on additional language to be included in the form of order to be submitted with respect to the granting of each of the Motions. The proposed revisions were subsequently provided to the Debtors for their consideration.

4. As a result, the D&H Claimants, through their attorneys, prepared a revised form of

| City of Amarillo, Texas | 16842 | 15 |
|---|---|---|
| EPEC Realty, Inc. | 16843 | 16 |
| State of Oregon | 16844 | 17 |
| Harlingen Housing Authority | 16845 | 18 |
| BNC Forum LLP | 16846 | 19 |
| County of El Paso, Texas | 16847 | 20 |
| Coleman Housing Authority | 16849 | 21 |
| Cook County, Illinois | 16851 | 22 |
| City of Tucson, Arizona | 16852 | 23 |
| State of Oklahoma | 16853 | 24 |
| State of Connecticut | 16854 | 25 |
| City of Phoenix, Arizona | 16855 | 26 |
| State of Arizona | 16856 | 27 |
| City of Eugene, Oregon | 16857 | 28 |
| State of Arkansas | 16858 | 29 |
| Oregon Health & Science University | 16859 | 30 |

order reflecting the agreed language, and circulated such revised order to the FCR, the ACC, the Debtors and the Official Committee of Asbestos Property Damage Claimants ("PD Committee"). As a result of that process, the PD Committee requested that it be included in the new language, and agreed that the inclusion of the new language would justify the elimination of a provision benefiting the PD Committee that was included in prior orders approving settlements of asbestos property damage claims. Attached as Exhibits 1-21 are the final forms of the revised orders that are agreeable to the D&H Claimants, the FCR, the ACC, the PD Committee and the Debtors, in forms tailored for each of the Motions (in the order of the Motions listed in Footnote 1 above). The language resolving the FCR Objection and the ACC Joinder, and which also operates in favor of the PD Committee, appears in Paragraph 5 of each order. (The orders are identical except for the names of the D&H Claimants whose settlements are addressed by the different orders.)

*[Remainder of Page Intentionally Left Blank]*

5. Except for the FCR Limited Objection and the ACC Joinder that are resolved by the accompanying orders, no other objections were filed against the Motions. As a result, the Debtors hereby request entry of the attached revised Orders approving the Dies & Hile PD Settlements addressed by the Motions.

Dated: October 22, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000 (phone)
(312) 861-2200 (fax)

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors-In-Possession