# Exhibit 15

91100-001\DOCS_DE:132074.1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 JKF |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | Re: Docket No. 16841 |
| | ) | [10/25/2007 Agenda Item No. 14] |

**ORDER AUTHORIZING SETTLEMENT OF ASBESTOS PROPERTY DAMAGE CLAIMS FILED BY ACADIA PARISH SCHOOL BOARD, CADDO PARISH SCHOOL BOARD, CALCASIEU PARISH SCHOOL BOARD, EAST BATON ROUGE PARISH SCHOOL BOARD, JEFFERSON PARISH SCHOOL BOARD, JEFFERSON DAVIS PARISH SCHOOL BOARD, LAFAYETTE PARISH SCHOOL BOARD, LAFOURCHE PARISH SCHOOL BOARD, LASALLE PARISH SCHOOL BOARD, NATCHITOCHES PARISH SCHOOL BOARD, ST. MARTIN PARISH SCHOOL BOARD, ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, BROTHER MARTIN HIGH SCHOOL, CONGREGATION OF IMMACULATE CONCEPTION CHURCH, CONGREGATION OF ST. DOMINIC CATHOLIC CHURCH, CONGREGATION OF ST. LOUISE DE MARILLAC CHURCH, CONGREGATION OF ST. FRANCIS ASSISSI CHURCH, CONGREGATION OF ST. FRANCIS XAVIER CABRINI CHURCH, CONGREGATION OF ST. FRANCIS XAVIER CHURCH, CONGREGATION OF ST. JOAN OF ARC CHURCH – LAPLACE, LOUISIANA, CONGREGATION OF ST. JOAN OF ARC CHURCH, CONGREGATION OF ST. MARY MAGDALEN CATHOLIC CHURCH, CONGREGATION OF ST. PHILIP NERI CATHOLIC CHURCH, CONGREGATION OF ST. PIUS X ROMAN CATHOLIC CHURCH, CONGREGATION OF ST. RAYMOND CATHOLIC CHURCH, CONGREGATION OF ST. RITA ROMAN CATHOLIC CHURCH, MT. CARMEL ACADEMY OF NEW ORLEANS, AND ST. MARY'S ACADEMY OF THE HOLY FAMILY, REPRESENTED BY DIES & HILE LLP**

This matter having come before the Court on the "Motion of Debtors for Entry of an Order Authorizing Settlement of Claims Filed by Acadia Parish School Board, Caddo Parish School Board, Calcasieu Parish School Board, East Baton Rouge Parish School Board, Jefferson Parish School Board, Jefferson Davis Parish School Board, Lafayette

Parish School Board, Lafourche Parish School Board, LaSalle Parish School Board, Natchitoches Parish School Board, St. Martin Parish School Board, Roman Catholic Church of the Archdiocese of New Orleans, Brother Martin High School, Congregation of Immaculate Conception Church, Congregation of St. Dominic Catholic Church, Congregation of St. Louise de Marillac Church, Congregation of St. Francis Assissi Church, Congregation of St. Francis Xavier Cabrini Church, Congregation of St. Francis Xavier Church, Congregation of St. Joan of Arc Church – LaPlace, Louisiana, Congregation of St. Joan of Arc Church, Congregation of St. Mary Magdalen Catholic Church, Congregation of St. Philip Neri Catholic Church, Congregation of St. Pius X Roman Catholic Church, Congregation of St. Raymond Catholic Church, Congregation of St. Rita Roman Catholic Church, Mt. Carmel Academy of New Orleans, and St. Mary's Academy of the Holy Family, Represented by Dies & Hile LLP" City of Houston, Texas, Represented by Dies & Hile LLP" [Docket No. 16841] (the "Motion");[1] and the Court having reviewed the Motion; and David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants (the "FCR") having filed a limited objection to the Motion [Docket No. 17011], and the Official Committee of Asbestos Personal Injury Claimants (the "ACC") having joined in the FCR's limited objection [Docket No. 17013]; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate and duly given under the circumstances; and the Court having determined that (x) the legal and

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or, if not in the Motion, in the Settlement.

factual bases set forth in the Motion establish just cause for the relief granted herein, (y) the Debtors have properly exercised their business judgment in negotiating and entering into the Settlement attached as Exhibit 1 to the Motion, and (z) the settlement and compromise embodied in the Settlement are not attended by fraud, collusion or bad faith, and were negotiated by the settling parties at arm's length;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in all respects.

2. The Settlement, a copy of which is annexed to the Motion as Exhibit 1, is APPROVED.

3. The Debtors shall be, and hereby are, authorized to enter into the Settlement, and are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement and perform any and all obligations contemplated therein.

4. As acknowledged by the settling parties in Paragraph 23 of the Settlement, the Official Committee of Asbestos Property Damage Claimants and asbestos property damage claimants who have not settled all of their PD Claims against the Debtors have agreed to defer, and thus have reserved, the right to challenge the provisions in Paragraph 23 of the Settlement that do not allow for the Settlement or the settlement embodied herein to be used, construed, offered or received by any person or entity for any purpose whatsoever, including, but not limited to, an estimation proceeding under Section 502(c) of the Bankruptcy Code or in respect of confirmation of a Chapter 11 plan. Notwithstanding that deferral and reservation of rights, the respective rights of the

Debtors and the Claimant to object to any such use, construction, offer or receipt by any person or entity are specifically reserved.

4. Notwithstanding the provisions of Paragraph 23 of the Agreement, neither the FCR, the ACC nor the Official Committee of Asbestos Property Damage Claimants ("PD Committee") shall be limited or restricted in its rights to use, construe, offer or receive the Agreement for any purpose permitted by applicable law and/or rule, with the FCR, the ACC, the PD Committee and the Parties preserving all rights and objections with respect thereto; provided, however, that, in the event the Agreement is terminated in accordance with its terms, neither the FCR, the ACC nor the PD Committee may use the Agreement, the settlement provided for therein, or any actions taken by any of the Parties pursuant to or in connection with the Agreement to negotiate, effectuate, consummate or carry out the Agreement, or to prosecute the Approval Motion and obtain entry of the Approval Order, in or in connection with any proceeding to determine the allowed amount of the Claim (including, without limitation any estimation proceeding for allowance or distribution purposes).

5. This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

Dated:    Pittsburgh, Pennsylvania
          October ___, 2007

                                        _____
                                        HONORABLE JUDITH K. FITZGERALD
                                        United States Bankruptcy Judge