IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
In re                                     *    Chapter 11
                                          *
W.R. GRACE & CO., et al.,                 *    Case No. 01-01139 (JKF)
                                          *    Jointly Administered
                    Debtors.              *
* * * * * * * * * * * * * * * * * * * * * *    Re: D.I._____
```

**ORDER GRANTING LIBBY CLAIMANTS' MOTION IN LIMINE
CONCERNING ESTIMATION PROCEEDING EVIDENCE**

This matter having come before the Court upon consideration of the Libby Claimants' Motion In Limine Concerning Estimation Proceeding Evidence (the "Motion");[1] and after due deliberation and sufficient cause appearing therefor,

**THE COURT FINDS AND CONCLUDES THAT:**

A.  This Court has jurisdiction over these cases under 28 U.S.C. § 1334(b).

B.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.  Due and adequate notice has been given to all parties entitled thereto, and no other or further notice is necessary or required.

D.  This Court on August 29, 2005, entered its Case Management Order for the Estimation of Asbestos Personal Injury Liabilities [Docket No. 9301], which, as amended (the "Case Management Order") governs the contested matter (the "Estimation Proceeding") whereby this Court will estimate the Debtors' aggregate liability for pending and future asbestos personal injury claims ("Aggregate Liability").

E.  No party has produced in the Estimation Proceeding an expert report separately quantifying the Debtors' liability for personal injury claims for asbestos disease caused by

---

[1] All terms used in this Order with initial capitalization and not defined herein shall have the same meaning as in the Motion.

asbestos resulting from the Debtors' operations in Lincoln County, Montana and, with the deadline for submission of expert reports having expired under the Case Management Order, no party may introduce any such quantification. Accordingly, the introduction in the Estimation Proceeding of evidence concerning medical issues regarding Libby Claimants ("Libby Asbestos Disease") would not assist this Court in its estimate of Aggregate Liability.

F.  Exclusion of medical and statistical evidence separately addressing Libby Asbestos Disease and claims resulting therefrom will significantly shorten the trial of the Estimation Proceeding—serving the goal of judicial economy and resulting in material savings to the Debtors' estate and to the parties—without any adverse effect on this Court's ability to estimate Aggregate Liability. Specifically, there will be no need for (a) any testimony by the expert witnesses listed in Exhibit A, (b) testimony concerning Libby Asbestos Disease by the expert witnesses listed in Exhibit B, (c) testimony by any non-expert witness listed as such by the Libby Claimants, (d) testimony by any non-expert witness concerning Libby Asbestos Disease, including any testimony by the witnesses listed in Exhibit C, or (e) any further participation in the Estimation Proceeding by counsel to the Libby Claimants.

G.  The relief requested in the Motion is necessary and in the best interests of the Debtors, their estates, and all parties in interest.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is granted.

2.  At or in conjunction with the Estimation Proceeding, no evidence shall be introduced or accepted for introduction, nor shall any finding or other determination be made: (a) concerning Libby Asbestos Disease, including the extent to which Libby Asbestos Disease has

medical characteristics distinct from other asbestos disease, or (b) concerning the portion of Aggregate Liability that is attributable to claims for Libby Asbestos Disease.

3. By reason of the preceding paragraph, (a) the expert witnesses listed in Exhibit A shall not testify or be subject to further discovery in the Estimation Proceeding, and their reports are stricken from the record, (b) the expert witnesses listed in Exhibit B shall not testify or be subject to further discovery in the Estimation Proceeding concerning Libby Asbestos Disease, and their reports are hereby stricken from the record to the extent that they address Libby Asbestos Disease, (c) the persons listed by the Libby Claimants as potential fact witnesses in connection with the Estimation Proceeding shall not testify or be subject to further discovery in the Estimation Proceeding, (d) the non-expert witnesses listed in Exhibit C shall not testify or be subject to further discover in the Estimation Proceeding concerning Libby Asbestos Disease, and (e) the Libby Claimants shall not appear in, or in connection with, the Estimation Proceeding as a separate party from the ACC.

4. Except as provided herein, all parties' rights are reserved on all issues, including but not limited to (other than in the Estimation Proceeding) the medical criteria for Libby Asbestos Disease, the extent to which Libby Asbestos Disease has separate characteristics from other asbestos disease, and whether and in what amount any particular claim based on Libby Asbestos Disease should be allowed.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2007
Wilmington, Delaware

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge