IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: November 26, 2007 |
| | ) | Responses Due: November 9, 2007 at 4:00 p.m. |

### DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through

their undersigned counsel of record, file this Twenty-Fourth Omnibus Objection to Claims (the

"Twenty-Fourth Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1.  This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a

core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.  The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502, Rules

3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the

---

1    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corporation, Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

### Background

3.   On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4.   By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). In the fall of 2006, the Court also set a bar date for asbestos personal injury litigation claims pending as of the chapter 11 petition date. No bar date has been established for claims related to Zonolite Attic Insulation.

### The Objection And Request For Relief

5.   By this Twenty-Fourth Omnibus Objection, the Debtors seek disallowance or reduction, as appropriate, of the claims set forth in the exhibits attached hereto[2] for the reasons described herein and in such exhibits:

---

[2]   The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. Unless otherwise stated, the inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

(a)    The claim set forth as "No Liability" in <u>Exhibit A</u> attached hereto is a claim for which the Debtors have no liability according to their books and records (the "No Liability Claim") and for which the Debtors seek expungement of the claim;

(b)    The claim set forth as "Wrong Debtor" in <u>Exhibit B</u> attached hereto is a claim filed against a Debtor which has no liability and for which the Debtors seek expungement of the claim;

(c)    Each claim set forth as "Amended" in <u>Exhibit C</u> attached hereto is a claim that have been superseded by an amended claim filed subsequently to such original claim (the "Amended Claims"); and

(d)    Each claim set forth as "Reduce and Allow" in <u>Exhibit D</u> attached hereto is a claim that should be reduced and allowed (the "Reduce and Allow Claims").

### The No Liability Claim

6.    The Debtors object to the No Liability Claim listed on <u>Exhibit A</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code, because this is a claim which is not enforceable against the Debtors or their property under any agreement or applicable law.    In particular, the Debtors' review of their books and records indicates that they have no liability for this claim because the claim has been satisfied.    Therefore, the No Liability Claim set forth on <u>Exhibit A</u> should be disallowed and expunged for all purposes.

### The Wrong-Debtor Claim

7.    The Debtors object to the Wrong-Debtor Claim listed on <u>Exhibit B</u> attached hereto. The Wrong-Debtor Claim was filed in case 01-1189 against Monolith Enterprises Incorporated, a debtor entity, but one that is not a party to any agreement with the claimants.    Accordingly, the claimants have failed to assert a valid claim against the appropriate debtor entity and the Wrong-Debtor Claim should be disallowed and expunged for all purposes.

3

## The Amended Claims

8. The Debtors object to the Amended Claims because these claims have been superseded by an amended claim filed subsequent to such claim. Therefore, the Amended Claims listed on Exhibit C under the heading "Claim To Be Expunged" should be disallowed and expunged.

9. If the Debtors' objection to the Amended Claims is sustained, the claims listed as "surviving claim" (the "Surviving Amended Claims") on Exhibit C will remain on the claims registry subject to the Debtors' right to object to the Surviving Amended Claims in the future on any grounds allowed under applicable law. Claimants holding Amended Claims will suffer no prejudice by having their Amended Claims disallowed and expunged, because the Surviving Amended Claims, the more recent of the claimants' claims against the Debtors, will remain on the claims registry after the corresponding Amended Claims are expunged.

## The Reduce and Allow Claims

10. The Debtors object to the Reduce and Allow Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are filed for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated. The amount of each claim listed on Exhibit D is overstated due to the reasons set forth on Exhibit D. Accordingly, the Debtors object to the Reduce and Allow Claims and request that the Reduce and Allow Claims be reduced to and allowed in the amounts set forth on Exhibit D.

4

**Separate Contested Matters**

11. If a response is filed regarding any claim listed in the Twenty-Fourth Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim and the objection by the Debtors thereto asserted in the Twenty-Fourth Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Twenty-Fourth Omnibus Objection shall be deemed a separate order with respect to each claim.

**Responses to Omnibus Objections**

12. To contest an objection, a claimant must file and serve a written response to this Twenty-Fourth Omnibus Objection (a "Response"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on **November 9, 2007**, at the following addresses:

> Kirkland & Ellis LLP
> 777 South Figueroa Street, 37th Floor
> Los Angeles, California 90017
> Attn: Lori Sinanyan
>
> -and-
>
> Pachulski, Stang, Ziehl, & Jones LLP
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn: James E. O'Neill
>
> Co-Counsel for the Debtors

13. Every Response to this Twenty-Fourth Omnibus Objection must contain at a minimum the following:

(a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Twenty-Fourth Omnibus Objection to which the Response is directed;

(b)    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Twenty-Fourth Omnibus Objection;

(d)    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

(e)    the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

14. If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

### Replies to Responses

15. The Debtors may, at their option, file and serve a reply to a claimant's Response.

### Reservation

16. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Twenty-Fourth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Twenty-Fourth Omnibus Objection, including, without

6

limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

17. Notwithstanding anything contained in this Twenty-Fourth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Twenty-Fourth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

18. The Debtors will serve copies of this Twenty-Fourth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

19. Bankruptcy Management Corporation, the Debtors' reconciliation agent, will serve a copy of the Twenty-Fourth Omnibus Objection and the exhibits thereto upon those creditors that have filed claims that are affected by the Twenty-Fourth Omnibus Objection.

20. The Debtors submit that notice of this Twenty-Fourth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

21. No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

22. This Twenty-Fourth Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, except for Rule 3007-1(e)(i)(A). Because of the small total number of

claims addressed in this objection, the Debtors have combined objections to both substantive and non-substantive claims into this single objection. The Debtors submit that this effort reduces the administrative cost to object to the claims in this Twenty-Fourth Omnibus Objection, and is in the best interest of the estates and creditors. To the extent required, the Debtors hereby concurrently seek leave from Local Rule 3007-1(e)(1)(a) to permit a combined omnibus objection that includes both substantive and non-substantive claims.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, and./or reducing, as appropriate, each of the claims more fully described in this Twenty-Fourth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: October 22, 2007                   Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession