# EXHIBIT 2

[Proposed Form of Order]

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re:   Docket No. ___ |
| | | Agenda Item No. ___ |

### ORDER AUTHORIZING SETTLEMENT OF ASBESTOS PROPERTY DAMAGE CLAIM FILED BY THE CATHOLIC DIOCESE OF LITTLE ROCK, ARKANSAS <u>REPRESENTED BY MOTLEY RICE LLC</u>

This matter having come before the Court on the "Motion of Debtors for Entry of an Order Authorizing Settlement of Claim filed by the Catholic Diocese of Little Rock, Arkansas, Represented by Motley Rice LLC," [Docket No. ___] (the "Motion");[2] the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

§ 157(b)(2), and (c) notice of the Motion was adequate and duly given under the circumstances; and the Court having determined that (x) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, (y) the Debtors have properly exercised their business judgment in negotiating and entering into the Settlement attached as Exhibit 1 to the Motion, and (z) the settlement and compromise embodied in the Settlement are not attended by fraud, collusion or bad faith, and were negotiated by the settling parties at arm's length; and the Court having announced its decision on the motion at a hearing in open court on _____, 2007;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in all respects.

2. The Settlement, a copy of which is annexed to the Motion as Exhibit 1, is APPROVED.

3. The Debtors shall be, and hereby are, authorized to enter into the Settlement, and are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement and perform any and all obligations contemplated therein.

4. Notwithstanding the provisions of Paragraph 24 of the Agreement, neither the FCR, nor the ACC, nor the Official Committee of Asbestos Property Damage Claimants ("PD Committee") shall be limited or restricted in its rights to use, construe, offer or receive the Agreement for any purpose permitted by applicable law and/or rule, with the FCR, the ACC, the PD Committee and the Parties preserving all rights and objections with respect thereto; provided, however, that, in the event the Agreement is terminated in accordance with its terms, neither the

FCR, nor the ACC nor the PD Committee may use the Agreement, the settlement provided for therein, or any actions taken by any of the Parties pursuant to or in connection with the Agreement to negotiate, effectuate, consummate or carry out the Agreement, or to prosecute the Approval Motion and obtain entry of the Approval Order, in or in connection with any proceeding to determine the allowed amount of the Claim (including, without limitation any estimation proceeding for allowance or distribution purposes).

       5.     This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order subject to the provisions of the Settlement.

Dated: _____, 2007

                                                        Honorable Judith K. Fitzgerald
United States Bankruptcy Judge