# EXHIBIT B

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**AFFIDAVIT OF TIMOTHY HURLEY IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE FINANCIAL ADVISORY SERVICES LLP TO PROVIDE CERTAIN DUE DILIGENCE SERVICES NUNC PRO TUNC TO OCTOBER 1, 2007**

Timothy Hurley being duly sworn, deposes and says:

1.    I am a Principal in the firm of Deloitte Financial Advisory Services LLP ("Deloitte FAS"), which has an office located at 200 Berkeley Street, Boston, Massachusetts, 02116. I make this affidavit (this "Affidavit") of my personal knowledge based upon inquiries made by myself or on my behalf in support of the Debtors' Application for Entry of an Order

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Authorizing the Employment and Retention of Deloitte Financial Advisory Services LLP to provide certain Due Diligence Services Provider *Nunc Pro Tunc* to October 1, 2007 (the "Deloitte FAS Retention Application").

2.  The statements set forth in this Affidavit are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other personnel of Deloitte FAS or its affiliates.

3.  Certain affiliates of Deloitte FAS have previously been approved by the court to provide various professional services to the Debtors in these Chapter 11 cases. Specifically, the application of the Debtors seeking authority to employ and retain Deloitte & Touche LLP ("Deloitte & Touche") as customs services providers, and tax and compensation advisors to the Debtors *nunc pro tunc* to February 4, 2003 was filed by the Debtors on April 25, 2003. The affidavit of Larry D. Ishol (the "Deloitte & Touche Retention Affidavit") was filed in support of the Deloitte & Touche Retention Application. The order approving the Deloitte & Touche Retention Application was signed by the Court on June 17, 2003. On July 19, 2004, the Court entered an order authorizing the expansion of the scope of services permitted to be provided by Deloitte & Touche to the Debtors to include certain lease consulting services.

4.  Following the retention of Deloitte & Touche in these Chapter 11 cases, Deloitte & Touche implemented a reorganization of some of its business units. Consistent with this reorganization, Deloitte Consulting LLP ("Deloitte Consulting") sought to be retained as compensation advisors and to provide certain lease consulting services to the Debtors in these Chapter 11 cases. On September 27, 2004 the Court entered an order approving the retention of Deloitte Consulting *nunc pro tunc* to July 1, 2004. Similarly, Deloitte Tax LLP ("Deloitte Tax") sought to be retained as tax services providers to the Debtors in these Chapter 11 cases. On

2

December 21, 2004, the Court entered and order approving the retention of Deloitte Tax *nunc pro tunc* to August 22, 2004.

5. The Debtors are filing herewith the Deloitte FAS Retention Application seeking separate approval for Deloitte FAS to serve the Debtors in these Chapter 11 cases by providing certain due diligence services (the "Due Diligence Services") in accordance with the terms of the Deloitte FAS Retention Application, this Affidavit and the engagement letter entered into between Deloitte FAS and the Debtors dated September 27, 2007, attached to the Deloitte FAS Retention Application as Exhibit A (the "Engagement Letter").

6. Except as set forth herein or on schedules attached hereto, to my knowledge based on reasonable inquiry, (i) Deloitte FAS and the partners/principals and directors of Deloitte FAS that are anticipated to provide the services for which Deloitte FAS is to be retained in these Chapter 11 cases (the "Deloitte FAS Engagement Partners/Principals/Directors"), do not hold or represent any interest adverse to the Debtors and their estates and (ii) Deloitte FAS and the Deloitte FAS Engagement Partners/Principals/Directors have no connection to the Debtors, the Debtors' significant creditors, other known significant parties-in-interest in these Chapter 11 cases, or to the attorneys and accountants that are known to us to be assisting the Debtors or various committees except as described below or on the disclosure schedule attached hereto as <u>Attachment A</u>. As such, I believe Deloitte FAS and the Deloitte FAS Engagement Partners/Principals/Directors are disinterested as such term is defined pursuant to Section 101(14) of the Bankruptcy Code.

7. In order to update and supplement the disclosures set forth in the Deloitte & Touche Retention Affidavit, as described below, Deloitte FAS has undertaken a search to determine, and to disclose, whether it or its affiliates, including Deloitte & Touche, Deloitte

Consulting and Deloitte Tax, is or has been employed by or has other relationships with any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, equity security holders, professionals or other entities with significant relationships with the Debtors identified on a suggested schedule provided to Deloitte FAS. Deloitte FAS and its affiliates have or may have provided professional services to, currently provide or may currently provide professional services to, and may in the future provide professional services in matters unrelated to these Chapter 11 cases to certain of the Debtors' creditors, other parties-in-interest, or to attorneys and accountants that are known to us to be assisting the Debtors or various committees. Additionally, certain of these creditors, parties-in-interest, attorneys or accountants have or may have provided goods or services to, currently provide or may currently provide goods or services to, and may in the future provide goods or services to, Deloitte FAS or its affiliates and the Deloitte FAS Engagement Partners/Principals/ Directors in matters unrelated to these Chapter 11 cases.

8. To check upon and disclose possible relationships with parties-in-interest in these Chapter 11 cases, Deloitte FAS researched its client databases and performed reasonable due diligence to determine whether it or its affiliates had any relationships with any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, equity security holders, professionals or other such entities with significant relationships with the Debtors. A suggested list of these parties-in-interest was provided to Deloitte FAS by counsel to the Debtors.

9. From the internal research, Deloitte FAS has determined that certain relationships should be disclosed, as follows:

    (a) Law firms identified on Attachment A, including: Kramer Levin Naftalis & Frankel LLP; Latham & Watkins, LLP; and Kirkland & Ellis LLP have provided,

4

currently provide and may in the future provide legal services to Deloitte FAS or its affiliates in matters unrelated to these Chapter 11 cases, and/or Deloitte FAS and/or its affiliates have provided, currently provide, and may in the future provide services to such firms.

(b)   Certain financial institutions and/or their respective affiliates listed on Attachment A, including: Bank of America, Barclays Bank PLC; CitiGroup; JP Morgan Partners; and Wachovia Corporation are lenders to an affiliate of Deloitte FAS. Deloitte FAS is a guarantor of such affiliate indebtedness. Additionally, the foregoing financial institutions and/or their respective affiliates listed on Attachment A have financed a portion of the capital and capital loan requirements of various partners and principals, respectively, of Deloitte FAS and those of its affiliates.

(c)   Certain parties-in-interest in these Chapter 11 cases may be a party to various litigation matters, unrelated to these Chapter 11 cases, in which Deloitte FAS and/or one or more of its affiliates are also a party. In certain of these unrelated litigation matters, Deloitte FAS and/or its affiliate(s) may be co-defendants with, may represent clients related to or clients with a commonality of interest with various parties interest in these Chapter 11 cases. In other unrelated litigation matters, Deloitte FAS and/or its affiliates may be adverse to or may represent clients with an interest adverse to various parties in interest in these Chapter 11 cases.

(d)   Deloitte FAS and/or one or more of its affiliates have in the past, may currently and likely will in the future provide professional services to various parties-in-interest in these Chapter 11 cases and/or their customers and clients, in connection with matters unrelated to these Chapter 11 cases. Together with the relationships described 6(a) – 6(d), above, these relationships have been summarized in Attachment A hereto.

(e)   Deloitte FAS provides financial advisory services to the Pension Benefit Guaranty Corporation (the "PBGC"). The Debtors and their pension plans are not the subject of these services to the PBGC.

10.   To the best of my knowledge, information and belief, with respect to Deloitte FAS's last fiscal year, the revenues from the services provided to the parties listed on Attachment A hereto each represent less than 1% of the combined net service revenues of Deloitte FAS and its affiliates for such fiscal year end.

11.   Furthermore, after reasonable inquiry, I do not believe there is any connection between the personnel of Deloitte FAS and its affiliates who are anticipated to provide services to the Debtors and the United States Bankruptcy Judge presiding in these Chapter 11 cases, the

United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, and the attorney therefor assigned to these Chapter 11 cases.

12. Despite the efforts described above to identify and disclose Deloitte FAS's connections with the parties-in-interest, because Deloitte FAS is a nationwide firm with thousands of personnel, and because the Debtors are a large enterprise, Deloitte FAS is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Deloitte FAS discovers additional information that it determines requires disclosure, it will file a supplemental disclosure with the Court promptly.

13. The nature and extent of the services that Deloitte FAS proposes to render, as may be requested by the Debtors and as may be agreed to by Deloitte FAS are set forth in detail in the Engagement Letter, and include the provision of a limited due diligence investigation in connection with a proposed transaction relating to the disposition and settlement of certain environmental liabilities of the Debtors.

14. The personnel associated with Deloitte FAS have considerable experience in providing clients, both in and out of bankruptcy, with the scope of services it anticipates providing to the Debtors in these Chapter 11 cases. In particular, personnel of Deloitte FAS routinely assist clients in transactional matters by providing various accounting and financial assessment services, and transaction structure analysis services, similar in scope to the Due Diligence Services hereunder. Further, as a result of the services provided to the Debtors in these Chapter 11 cases by Deloitte & Touche, Deloitte Consulting and Deloitte Tax, Deloitte FAS has considerable institutional knowledge of the Debtors at is disposal. Because of (a) the experience and knowledge of the personnel of Deloitte FAS in providing services of the nature for which Deloitte FAS's retention is sought in these Chapter 11 cases, and (b) the familiarity of

such personnel with the Debtors' business and affairs, Deloitte FAS believes that it is well-qualified to serve the Debtors in these Chapter 11 cases in an efficient and cost-effective manner.

15. At the Debtors' request, Deloitte FAS has provided services on behalf of the Debtors as of October 1, 2007 and requests to be retained as of such date.

16. Subject to the Court's approval and pursuant to the terms and conditions of the Engagement Letter, the services for which Deloitte FAS is seeking to be retained pursuant to the Application will be billed at the following hourly rates by personnel classification:

| **Personnel Classification** | **Hourly Billing Rates** |
| --- | --- |
| Partner, Principal, or Director | $825 |
| Senior Manager | $725 |
| Manager | $625 |
| Senior Staff | $470 |
| Staff | $375 |

17. The hourly billing rates set forth above reflect, among other things, differences in experience levels within classifications, geographic differentials and differences between types of services being provided. In the normal course of business, Deloitte FAS revises its regular hourly billing rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, the Debtors request that Deloitte FAS be permitted to revise the aforementioned rates to the hourly billing rates that will be in effect from time to time. Changes in regular hourly billing rates will be noted by Deloitte FAS on the invoices for the first time period in which the revised rates became effective.

18. The professional fees charged for Deloitte FAS's services are calculated from the actual hours expended in providing the services multiplied by the regular hourly billing rates for the specific personnel involved. In addition, reasonable expenses, including travel, report production, delivery services, and other expenses incurred in providing the services, will be

included in the total amount billed. Deloitte FAS will maintain reasonably detailed records of any costs and expenses incurred in connection with its provision of the Due Diligence Services.

19.　Deloitte FAS will seek compensation and reimbursement of expenses for the provision of the Due Diligence Services in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any orders of the Court.

20.　All payments rendered pursuant to Deloitte FAS's retention by the Debtors must be approved by an order of this Court and based upon the filing by Deloitte FAS of appropriate interim, if applicable, and final applications for allowance of compensation and reimbursement of expenses.

21.　Deloitte FAS has received no promises regarding compensation in these Chapter11 cases other than in accordance with the Bankruptcy Code and as set forth in this Declaration. With respect to the services to be provided to the Debtors as described herein, Deloitte FAS has no agreement with any non-affiliated entity to share any revenues earned in these Chapter 11 cases. Some services incidental to the tasks to be performed by Deloitte FAS in these Chapter 11 cases may be performed by personnel now employed by or associated with these affiliates of Deloitte FAS or their respective subsidiaries, including subsidiaries located outside of the United States. The fees and expenses with respect to such services will be included in the fee applications of Deloitte FAS.

22.　Deloitte FAS provided no services to the Debtors prior to the Petition Date. Additionally, I am not aware of any pre-petition claims held by Deloitte FAS against the Debtors for fees and expenses in respect of services rendered; however, to the extent such claims exist, Deloitte FAS agrees not to seek or accept any recovery thereon. Further, Deloitte FAS has

91100-001\DOCS_DE:132097.1

received no post-petition retainers from the Debtors in respect of any services it may in the future provide to the Debtors.

23.  Subject to the Court's *nunc pro tunc* approval of the Deloitte FAS Retention Application to October 1, 2007, Deloitte FAS will file separate monthly and interim fee applications in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and any applicable orders of the Court for compensation and expense reimbursement in connection with any services rendered to the Debtors by Deloitte FAS in these Chapter 11 cases on or after such date.

By: *[signature]*
Timothy Hurley
Principal

Sworn to and subscribed before me
this 22nd day of October, 2007.
*[signature]*
Notary Public

# ATTACHMENT A

Parties-in-Interest for whom Deloitte Financial Advisory Services LLP or its affiliates has provided or is currently providing services in matters unrelated to these chapter 11 cases or with whom such entities have other relationships including banking relationships.

## *Parties in Interest*

ABN Amro
Aetna
AIG Global Investments
Bayard Capital Partners Pty Ltd
Bishopsgate Premier Finance PLC
Boston Old Colony Insurance Company
CAN Insurance Companies
Cambridge Public Health Commission (Massachusetts)
Citadel Investment Group LLC
Citicorp General Insurance Ltd
Citicorp International Life Insurance Company Ltd
Citigroup Insurance and Investment Trust
Citigroup Mortgage Securities
Continental Casualty Company
Continental Divide Insurance Company
Continental Insurance Company
Credit Lyonnais USA Limited
Credit Lyonnais Securities (USA) ltd.
GC Management Company
GCI Management AG
GTECH Holdings Corporation
Gteko KK
Gteko Ltd
Grace Venture Partners, LP
Hartford Investment Company Complex
Hartford Investment Financial Services Company
Hartford Life Insurance Company
HSBC AM Obligations Europe Fund
Ichibanya Company Limited
Kramer Levin Naftalis & Frankel LLP
Latham & Watkins, LLP
National Financial Services (Fidelity)
JP Morgan Smaller Companies Investment Trust PLC
Morgan Stanley & Company Inc.
Northern Trust Investment Company Complex
Northern Funds

Princeton University
Republic Insurance Company
Royal Globe Insurance
Seneca Meadows, Inc.
American Mortgage Network
Bank of America
Bank of New York Co., Inc.
Bank of New York Mellon Corporation
Bank of Nova Scotia
Barclays Bank PLC
Chase Insurance Life and Annuity
Citicorp Venture Capital
CitiGroup
Commerzbank AG
Credit Suisse First Boston
Geico
HSBC Holdings PLC
JP Morgan Partners
Kennametal Inc.
Kirkland & Ellis LLP
LaSalle Bank Corporation
Protective Life Corporation
ScotiaBank & Trust (Cayman) Ltd
St. Paul Travelers Companies
SunAmerica
Swiss Reinsurance Company
The Travelers Companies, Inc.
Variable Annuity Life Insurance Company
Vodafone PLC
Verizon Communications
Verizon Wireless
Wachovia Corporation
Westcorp
WFS Financial
Yasuda Fire Bahama Limited