IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Related Docket No. 17108 |

**FUTURE CLAIMANTS' REPRESENTATIVE'S MEMORANDUM IN SUPPORT AND JOINDER IN THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' OPPOSITION TO DEBTORS' EXPEDITED MOTION FOR RELIEF FROM THE OCTOBER 31st DISCOVERY CUT-OFF DATE FOR DEPOSING CERTAIN LAWYERS NAMED AS FACT WITNESSES**

David T. Austern, the Court-appointed legal representative for future asbestos claimants (the "FCR") joins in the Opposition of the Official Committee of Asbestos Personal Injury Claimants (the "ACC") to the Debtors' Expedited Motion For Relief From the October 31st Discovery Cut-Off Date for Deposing Certain Lawyers Named as Fact Witnesses. Through this memorandum, the FCR adopts by reference all arguments advanced by the ACC, and provides the following additional arguments on behalf of the future claimants.

Although innocuously styled as a motion for relief from the October 31st deadline for deposing fact witnesses, the Debtors' motion would have the Court, *inter alia* (i) "direct[] the ACC to provide Debtors with specific descriptions of the subject-matters of [attorneys Cooney, Kraus, Goldberg, Horkovich, and Snyder's] testimony, including particular cases, discussions, and related documents;" and (ii) "to the extent any materials are withheld under privilege claims, direct[] the withholding party to provide a privilege log documenting such withheld documents." Mot. at 4. The Debtors request this far-

reaching relief not on the basis of any legal authority—they do not cite a single case or procedural rule—but on false factual assertions and misplaced "subject matter waiver" arguments. The Debtors' Motion should be denied.

It is simply false that the ACC is attempting to "foreclose" Grace from taking discovery from the lawyer witnesses it intends to call at trial. Mot. at 2. The ACC does not represent the witnesses in question and has done nothing to prevent Grace from taking discovery of them. The ACC's refusal to provide Grace with the tactical advantage of a detailed proffer of the witnesses' testimony in advance of trial, and its decision to refer Grace to the witnesses' counsel to negotiate the production of documents requested by subpoena, hardly amount to calculated chess moves designed to blunt discovery. If jurisdictional and privilege objections asserted by the witnesses' counsel in response to Grace's document subpoena cannot be resolved through negotiation, Grace has the ability to initiate motion practice to obtain whatever non-privileged documents it may want to use at trial. The situation Grace finds itself in now— that it has not allowed sufficient time to complete document discovery before it deposes the various lawyer witnesses—is not the fault of the ACC, which announced its intention to call these witnesses long ago. In any case there is no real "dilemma": Grace is not precluded from examining the plaintiff lawyers in deposition about non-privileged matters, which is precisely what the ACC has informed Grace it intends to elicit from these witnesses.

The Debtors also assert that by naming non-party lawyer-witnesses on its trial witness list, the ACC has rendered "untenable" all jurisdictional and privilege objections lodged by counsel for the third-party witnesses. Mot. at 2. While hard to follow, Grace's

argument seems to be that because the ACC asserted that *Grace* waived work-product privileges relating to the decisions of its in-house lawyers to settle cases when it introduced its "broken tort system" theory into the estimation proceeding, the ACC has waived the same privileges belonging to plaintiffs' attorneys it does not represent. Mot. at 2, 8-9. It is not surprising that Grace's counsel, who up to now have been quite capable of finding case law to support even the most tenuous positions Grace has taken in discovery, fail to provide any support for this argument. And as the ACC correctly notes in its Opposition, neither the ACC, the FCR nor the plaintiff lawyers have ever made statements placing at issue the plaintiff lawyers' internal evaluations of cases or reasons for settlement, or done anything else to waive applicable privileges.

Dated: October 23, 2007

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE, LLP

*/s/ signature*

Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
Debra L. Felder
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005-1706
Telephone: (202) 339-8400

John Ansbro
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, N.Y. 10103-0001
Telephone: (212) 506-5000

and

PHILLIPS, GOLDMAN & SPENCE, P.A.
John C. Phillips, Jr. (#110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

***Counsel for David T. Austern,
Future Claimants' Representative***