IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 JKF |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | Re: Docket No. 16837 + 17112 |
| | ) | [10/25/2007 Agenda Item No. 10] |
| | ) | |

**ORDER AUTHORIZING SETTLEMENT OF ASBESTOS PROPERTY
DAMAGE CLAIMS FILED BY SIX HUNDRED BUILDING LTD.,
REPRESENTED BY DIES & HILE LLP**

This matter having come before the Court on the "Motion of Debtors for Entry of an Order Authorizing Settlement of Claims Filed by Six Hundred Building Ltd., Represented by Dies & Hile LLP" [Docket No. 16837, as supplemented by Docket No. 17005] (the "Motion");[1] and the Court having reviewed the Motion; and David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants (the "FCR") having filed a limited objection to the Motion [Docket No. 17011], and the Official Committee of Asbestos Personal Injury Claimants (the "ACC") having joined in the FCR's limited objection [Docket No. 17013]; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or, if not in the Motion, in the Settlement.

The settling claimant was incorrectly denominated in the Motion as "Six Hundred Corporation." The correct name of the claimant was stated in the supplement to the Motion, and is the name set forth in the title and body of this Order.

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate and duly given under the circumstances; and the Court having determined that (x) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, (y) the Debtors have properly exercised their business judgment in negotiating and entering into the Settlement attached as Exhibit 1 to the Motion, and (z) the settlement and compromise embodied in the Settlement are not attended by fraud, collusion or bad faith, and were negotiated by the settling parties at arm's length;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in all respects.

2. The Settlement, a copy of which is annexed to the Motion as Exhibit 1, is APPROVED.

3. The Debtors shall be, and hereby are, authorized to enter into the Settlement, and are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement and perform any and all obligations contemplated therein.

4. Notwithstanding the provisions of Paragraph 23 of the Agreement, neither the FCR, the ACC nor the Official Committee of Asbestos Property Damage Claimants ("PD Committee") shall be limited or restricted in its rights to use, construe, offer or receive the Agreement for any purpose permitted by applicable law and/or rule, with the FCR, the ACC, the PD Committee and the Parties preserving all rights and objections with respect thereto; provided, however, that, in the event the Agreement is terminated in accordance with its terms, neither the FCR, the ACC nor the PD Committee may use the

Agreement, the settlement provided for therein, or any actions taken by any of the Parties pursuant to or in connection with the Agreement to negotiate, effectuate, consummate or carry out the Agreement, or to prosecute the Approval Motion and obtain entry of the Approval Order, in or in connection with any proceeding to determine the allowed amount of the Claim (including, without limitation any estimation proceeding for allowance or distribution purposes).

5. This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

Dated:   Pittsburgh, Pennsylvania
         October 29, 2007

*[signature: Judith K. Fitzgerald]*

HONORABLE JUDITH K. FITZGERALD
United States Bankruptcy Judge