IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 17130, 17161** |

## ORDER CONCERNING DISCOVERY MATERIALS FROM THE UNR ASBESTOS-DISEASE CLAIMS TRUST

As agreed by counsel to the Debtors and counsel to the UNR Asbestos-Disease Claims Trust, documents produced and depositions given by the UNR Asbestos-Disease Claims Trust pursuant to the subpoena issued by Grace on the UNR Asbestos-Disease Claims Trust (as has been or may subsequently may be amended) (Dkt. Nos. 17130, 17161) shall be governed by the following provisions:

IT IS HEREBY ORDERED THAT:

1. The Debtors shall bear the cost incurred by the UNR Asbestos-Disease Claims Trust in extracting and producing the electronic data required to be produced subject to this Order; it is further ORDERED that

2. The electronic datasets, claimant information, claims processing information or other information that UNR Asbestos-Disease Claims Trust provides (the "Protected Information") shall be used only in connection to the Estimation Proceeding. As a precautionary measure, but not as a precondition to protection, any confidential materials, including but not limited to deposition transcripts of produced documents, separate from the electronic database designated as Protected Information shall be stamped as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." The Protected Information must be maintained in a confidential

manner, and shall be made available only to "Authorized Individuals." Authorized Individuals are: (1) counsel of record to the Debtor or an Official Committee involved in the Estimation Proceeding (the Debtor and Official Committee are generically referred to as "Party"), including attorneys, secretaries and legal assistants and paralegals in the regularly employment of the counsel of record who are personally involved in rendering services to a Party in the Estimation Proceeding, (2) officers, directors, agents and employees of the Debtor who are personally involved in rendering services to the Debtor in the Estimation Proceeding, (3) outside consultants or experts who are retained by a counsel of record for the purpose of assisting in the Estimation Proceeding and for whom a Party believes access to the Protected Information is appropriate in order to provide their services to the Party, and (4) witnesses, and their counsel, in preparation for testimony in the Estimation Proceeding; it is further ORDERED that

3. The Parties and the Authorized Individuals are prohibited from using the Protected Information for any purpose not directly related to the Estimation Proceeding; it is further ORDERED that

4. For each entity that obtains access pursuant to paragraph 6 of this Order to the electronic data or other Protected Information produced by UNR Asbestos-Disease Claims Trust, a person with authority to bind that entity must sign an acknowledgement of the confidentiality provisions described in this Order. The Confidentiality Agreement Acknowledgment form is attached hereto as Exhibit A. Copies of the signed Confidentiality Agreement Acknowledgement shall be filed with the Court in camera. Any Party filing such Acknowledgements with the Court shall contemporaneously serve UNR Asbestos-Disease Claims Trust redacted copies with alphanumeric codes identifying the persons who sign the Acknowledgements which correspond to the Acknowledgements filed with the Court in camera. Following the conclusion of the

Bankruptcy Proceeding (as specified in paragraph 9 below), each party will file in camera with the Court a Certification from each person who received the Protected Information confirming that the Protected Information has been returned to UNR Asbestos-Disease Claims Trust or destroyed as required in this Order.  The Parties shall contemporaneously serve UNR Asbestos-Disease Claims Trust redacted versions of such Certifications with the same alphanumeric codes corresponding to the original Acknowledgement.  UNR Asbestos-Disease Claims Trust may, upon notice to the Parties, request an in camera view of all the Acknowledgements and Certifications if the Celotex Trust believes the confidentiality provisions of this Order may have been violated.; it is further ORDERED that

     5.     In testimony and filings with the Court, the Parties and Authorized Individuals may not divulge information regarding individually identifiable UNR Asbestos-Disease Claims Trust claimants derived from the Protected Information that if revealed would cause the individual's identity to be ascertained ("Individually-Identifiable Protected Information") except when the following conditions are met:  (1)  such information is directly relevant to the Estimation Proceeding, (2) there is no reasonable manner to provide such directly relevant information without identifying individual UNR Asbestos-Disease Claims Trust claimants; it is further ORDERED that Any filing containing, disclosing or revealing any Individually-Identifiable Protected Information shall be filed separately in a sealed envelope or container on which shall be endorsed a general description of the envelope's contents and a statement in the following form:

> Filed Under Seal Pursuant to Stipulation and Protective Order: This envelope [or container] is sealed pursuant to an order of this Court, and contains protected information and is not to be opened or its contents thereof displayed or revealed except by order of the

Court or pursuant to the written permission of UNR Asbestos-Disease Claims Trust.

Such envelope or container shall not be opened without further order of this Court or pursuant to the written consent of UNR Asbestos-Disease Claims Trust; it is further ORDERED that

6. If any Individually-Identifiable Protected Information is used, revealed or inquired about at any deposition the initial transcript of any deposition, and any exhibits thereto, of (1) any employee or agent of UNR Asbestos-Disease Claims Trust or (2) in which Protected Information is used, revealed or inquired about shall constitute Protected Information and shall be stamped "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" by the court reporter. The Party conducting such deposition shall be responsible for providing contemporaneous notice to UNR Asbestos-Disease Claims Trust as to the use of such Individually-Identifiable Protected Information and for insuring that the terms of this paragraph are complied with and shall provide UNR Asbestos-Disease Claims Trust a copy of such deposition within seven (7) days after the court reporter delivers the initial transcript. Within twenty-one (21) days after the court reporter delivers the initial transcript, the deponent and the Parties may designate the transcript of the deposition and any exhibits thereto as Protected Information in whole or in part. Such designation shall be made by written notice to the court reporter and to Lead Counsel for the Parties. At the conclusion of the twenty-one (21) day period, the court reporter shall prepare the final version of the transcript (unless the Parties agree that no final version is necessary), in which pages and exhibits designated as Protected Information shall be bound separately from pages and exhibits not so designated. All pages of the transcript and exhibits designated as Protected Information shall be stamped "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." It is further ORDERED that

7. The Protected Information and all knowledge obtained therefrom may not be publicly disclosed in any way or used as an undisclosed source in any article, study, research, editorial, publication or scholarly work; it is further ORDERED that

8. Within sixty days of the conclusion of the Bankruptcy Proceeding, either through entry of a final non-appealable order of confirmation or otherwise, the Parties and Authorized Individuals must return all copies of Protected Information and all reports, compilations, documents, files, or databases containing or based upon Protected Information to the Trust, or at the option of the Trust, destroy them, and provide the Trust with confirmation of such destruction; it is further ORDERED that

9. The attorneys of record are responsible for and will use best efforts to employ reasonable measures to ensure compliance with this Order and to control duplication of, access to, and distribution of the Protected Information consistent with this Order; and it is further ORDERED that

10. The termination of the Bankruptcy shall not terminate this Order, nor shall it relieve any person who received or was given access to the Protected Information pursuant to this Order from the continuing obligation of maintaining the Protected Information in a confidential manner.

SO ORDERED AND ADJUDGED this the __2nd__ day of __November__, 2007.

*Judith K. Fitzgerald*
Judith K. Fitzgerald     rmab
United States Bankruptcy Court Judge

5