# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Docket No. _____** |

**AGREED PROTECTIVE ORDER REGARDING
DISCOVERY MATERIALS FROM THE
OWENS CORNING/FIBREBOARD ASBESTOS PI TRUST**

As agreed by counsel to the Debtors and counsel to the Owens Corning/Fibreboard Asbestos PI Trust ("OCF Trust"), documents produced by the OCF Trust pursuant to the subpoena issued by Grace on the OCF Trust shall be governed by this Protective Order. The Debtors and the OCF Trust agree as follows:

1. The Debtors shall bear the cost incurred by the OCF Trust in extracting the electronic data to be produced subject to this Order.

2. The electronic datasets, claimant information, claims processing information or other information that the OCF Trust provides subject to his Order (the "Protected Information") shall be used only in connection to the Estimation Proceeding. As a precautionary measure, but not as a precondition to protection, any confidential materials, including but not limited to deposition transcripts of produced documents, separate from the electronic database designated as Protected Information shall be stamped as "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER." The Protected Information must be maintained in a confidential

manner, and shall be made available only to "Authorized Individuals." Authorized Individuals are: (1) counsel of record to the Debtor or an Official Committee involved in the Estimation Proceeding (the Debtor and Official Committee are generically referred to as "Party"), including attorneys, secretaries and legal assistants and paralegals in the regularly employment of the counsel of record who are personally involved in rendering services to a Party in the Estimation Proceeding, (2) officers, directors, agents and employees of the Debtor who are personally involved in rendering services to the Debtor in the Estimation Proceeding, (3) outside consultants or experts who are retained by a counsel of record for the purpose of assisting in the Estimation Proceeding and for whom a Party believes access to the Protected Information is appropriate in order to provide their services to the Party, and (4) witnesses, and their counsel, in preparation for testimony in the Estimation Proceeding.

   3.  The Parties and the Authorized Individuals are prohibited from using the Protected Information for any purpose not directly related to the Estimation Proceeding.

   4.  For each entity that obtains access pursuant to paragraph 6 of this Order to the electronic data or other Protected Information produced by the OCF Trust, a person with authority to bind that entity must sign an acknowledgement of the confidentiality provisions described in this Order. The Confidentiality Agreement Acknowledgment form is attached hereto as Exhibit A. Copies of the signed Confidentiality Agreement Acknowledgement shall be filed with the Court in camera. Any Party filing such Acknowledgements with the Court shall contemporaneously serve the OCF Trust redacted copies with alphanumeric codes identifying the persons who sign the Acknowledgements which correspond to the Acknowledgements filed with the Court in camera. Following the conclusion of the Bankruptcy Proceeding (as specified

2

in paragraph 12 below), each party will file in camera with the Court a Certification from each person who received the Protected Information confirming that the Protected Information has been returned to the OCF Trust or destroyed as required in this Order. The Parties shall contemporaneously serve the OCF Trust redacted versions of such Certifications with the same alphanumeric codes corresponding to the original Acknowledgement. The OCF Trust may, upon notice to the Parties, request an in camera view of all the Acknowledgements and Certifications if the OCF Trust believes the confidentiality provisions of this Order may have been violated.

5. In testimony and filings with the Court, the Parties and Authorized Individuals may not divulge information regarding individually identifiable OCF Trust claimants derived from the Protected Information that if revealed would cause the individual's identity to be ascertained ("Individually-Identifiable Protected Information") except when the following conditions are met: (1) such information is directly relevant to the Estimation Proceeding, (2) there is no reasonable manner to provide such directly relevant information without identifying individual OCF Trust claimants. Any filing containing, disclosing or revealing any Individually-Identifiable Protected Information shall be filed separately in a sealed envelope or container on which shall be endorsed a general description of the envelope's contents and a statement in the following form:

6. **Filed Under Seal Pursuant to Stipulation and Protective Order:** This envelope [or container] is sealed pursuant to an order of this Court, and contains protected information and is not to be opened or its contents thereof displayed or revealed except by order of the Court or pursuant to the written permission of the Owens Corning/Fibreboard Asbestos PI Trust.

7. Such envelope or container shall not be opened without further order of this Court or pursuant to the written consent of the OCF Trust.

8. If any Individually-Identifiable Protected Information is used, revealed or inquired about at any deposition the initial transcript of any deposition, and any exhibits thereto, of (1) any employee or agent of the OCF Trust or (2) in which Protected Information is used, revealed or inquired about shall constitute Protected Information and shall be stamped "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" by the court reporter. The Party conducting such deposition shall be responsible for providing contemporaneous notice to the OCF Trust as to the use of such Individually-Identifiable Protected Information and for insuring that the terms of this paragraph are complied with and shall provide the OCF Trust a copy of such deposition within seven (7) days after the court reporter delivers the initial transcript. Within twenty-one (21) days after the court reporter delivers the initial transcript, the deponent and the Parties may designate the transcript of the deposition and any exhibits thereto as Protected Information in whole or in part. Such designation shall be made by written notice to the court reporter and to Lead Counsel for the Parties. At the conclusion of the twenty-one (21) day period, the court reporter shall prepare the final version of the transcript (unless the Parties agree that no final version is necessary), in which pages and exhibits designated as Protected Information shall be bound separately from pages and exhibits not so designated. All pages of the transcript and exhibits designated as Protected Information shall be stamped "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

9. The Protected Information and all knowledge obtained therefrom may not be publicly disclosed in any way or used as an undisclosed source in any article, study, research, editorial, publication or scholarly work.

10. Within sixty days of the conclusion of the Bankruptcy Proceeding, either through entry of a final non-appealable order of confirmation or otherwise, the Parties and Authorized Individuals must return all copies of Protected Information and all reports, compilations, documents, files, or databases containing or based upon Protected Information to the Trust, or at the option of the Trust, destroy them, and provide the Trust with confirmation of such destruction.

11. The attorneys of record are responsible for and will use best efforts to employ reasonable measures to ensure compliance with this Order and to control duplication of, access to, and distribution of the Protected Information consistent with this Order.

12. The termination of the Bankruptcy shall not terminate paragraphs 1 through 10 of this Order, nor shall it relieve any person who received or was given access to the Protected Information pursuant to this Order from the continuing obligation of maintaining the Protected Information in a confidential manner.

13. SO ORDERED AND ADJUDGED this the _____ day of _____, 2007.

_____
Judith K. Fitzgerald
United States Bankruptcy Court Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. \_\_\_\_** |

## CONFIDENTIALITY AGREEMENT ACKNOWLEDGEMENT

My name is _____. I am employed by _____ and am authorized to bind _____.

I have read the Agreed Protective Order Regarding Discovery Materials From the Owens Corning/Fibreboard Asbestos PI Trust (the "Order"), and a copy of it has been given to _____. I understand the provisions of this order, and agree that _____ and its employees shall comply with and be bound by its terms.

I understand that sanctions may be entered against _____ for violation of the terms of the Order. _____ consents to personal jurisdiction over it by the United States Bankruptcy Court for the District of Delaware with respect to the Order.

Executed this _____ day of September 2007.

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. \_\_\_\_** |

## **DESTRUCTION CERTIFICATION**

My name is _____. I am employed by _____ and am authorized to bind _____.

_____ received Protected Information from the Owens Corning/Fibreboard Asbestos PI Trust in connection with the Grace Estimation Proceedings.

I hereby certify that _____ has complied with its obligation under the terms of the Agreed Protective Order Regarding Discovery Materials From the Owens Corning/Fibreboard Asbestos PI Trust (the "Order") to return or destroy all copies of Protected Information and all reports, compilations, documents, files, or databases containing or based upon Protected Information.

I understand that sanctions may be entered against _____ for violation of the terms of the Order. _____ consents to personal jurisdiction over it by the United States Bankruptcy Court for the District of Delaware with respect to the Order.

Executed this _____ day of _____ 20\_\_.

_____