IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Related Docket Nos. 14598 and 15130** |

## DEBTORS' MOTION TO DISALLOW AND EXPUNGE THE ALLEGHENY CENTER DUPLICATE CLAIMS

The Debtors hereby move to disallow and expunge Claim No. 11036 (Two Allegheny Center) and 11037 (One Allegheny Center) as duplicates of Claim No. 9778 (Allegheny Center Associates) which was disallowed and expunged by the Court by Order dated April 9, 2007 [Docket No. 15130] on statute of limitations grounds.

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

**Background**

3. On April 2, 2001, the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims.

5. On or about March 26, 2003, the Allegheny Center Associates (the "Claimant") filed a proof of claim form for alleged property damage in two of its buildings, One Allegheny Center and Two Allegheny Center, located in Pittsburgh, Pennsylvania. This claim was assigned Claim No. 9778. A true and correct copy of the proof of claim form submitted in support of Claim No. 9778 is attached hereto as Exhibit A.

6. On or about March 31, 2003, the Speights & Runyan law firm filed a proof of claim form alleging property damage in the One Allegheny Center building in Pittsburgh. This claim was assigned Claim No. 11037. A true and correct copy of the proof of claim form submitted in support of Claim No. 11037 is attached hereto as Exhibit B.

7. Also on or about March 31, 2003, the Speights & Runyan law firm filed a separate proof of claim form alleging property damage in the Two Allegheny Center building in Pittsburgh. This claim was assigned Claim No. 11036. A true and correct copy of the proof of claim form submitted in support of Claim No. 11036 is attached hereto as Exhibit C.

DOCS_DE:132693.1


8. On February 16, 2007, Debtors filed Debtors' Motion and Memorandum for an Order Pursuant To F.R.B.P. 7056 Disallowing and Expunging Sixteen (16) Time-Barred Asbestos Property Damage Claims [Docket No. 14598] ("Debtors' Motion") seeking to expunge, *inter alia*, Claim No. 9778 on statute of limitations grounds.

9. Specifically, because the Claimant admitted in its proof of claim form that asbestos had been removed from the One and Two Allegheny Center buildings in the 1980s, at least eleven years before Debtors' bankruptcy petition, Debtors' Motion sought to expunge this claims based upon expiration of Delaware's three-year statute of limitations. *See* Exhibit A at 9778-04.

10. The Claimant filed no response to Debtors' Motion.

11. In light of Claimant's failure to respond to Debtors' Motion, the Court entered an Order on April 9, 2007 [Docket No. 15130] expunging Claim No. 9778. A true and correct copy of the Court's April 9, 2007 Order is attached hereto as Exhibit D. Claimant did not file any appeal from this Order.

### Request for Relief

12. Claim Nos. 11036 and 11037 are duplicate claims filed by the Speights & Runyan law firm of the original Claim No. 9778 filed by the Claimant.

13. Because Claim Nos. 11036 and 11037 are duplicates of Claim No. 9778 which has already been disallowed and expunged by the Court on statute of limitations grounds, Claim Nos. 11036 and 11037 should be disallowed and expunged. The statute of limitations issue with respect to Claims Nos. 11036 and 11037 is *res judicata* given that the Court has already determined, on the basis of Claimant's admission, that these claims are time-barred.

DOCS_DE:132693.1

14. In the alternative, Debtors request that the Court disallow and expunge Claim Nos. 11036 and 11037 in light of Claimant's admission that asbestos was removed from the buildings in the 1980s. Given this admission, Delaware's three year statute of limitations ran on these claims no later than 1992. Claims Nos. 11036 and 11037 are accordingly time-barred.

## No Previous Request

15. No previous request for the specific relief set forth herein has been made to this or any other court.

## Compliance with Bankruptcy Rule 3007

16. This motion and related exhibits attached hereto comply with Bankruptcy Rule 3007.

*[Remainder of page intentionally left blank]*

DOCS_DE:132693.1

WHEREFORE, the Debtors respectfully request that the Court enter the attached order disallowing and expunging Claims Nos. 11036 & 11037 because these claims are duplicates of Claim No. 9778 which was disallowed and expunged by Order of Court dated April 9, 2007 [Docket No. 15130] on statute of limitations grounds.

Dated: November 9, 2007

> REED SMITH LLP
> James J. Restivo, Jr.
> Lawrence E. Flatley
> Douglas E. Cameron
> Traci S. Rea
> 435 Sixth Avenue
> Pittsburgh, PA 15219
> (412) 288-3131
>
> and
>
> KIRKLAND & ELLIS LLP
> David M. Bernick, P.C.
> Lisa G. Esayian
> Janet S. Baer
> Samuel Blatnick
> 200 East Randolph Drive
> Chicago, IL 60601
> (312) 861-2000
>
> and
>
> PACHULSKI STANG ZIEHL & JONES LLP
>
> _____
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> Timothy Cairns (Bar No. 4228)
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, DE 19899-8705
> (302) 652-4100
>
> Co-Counsel for the Debtors and
> Debtors in Possession