possibilities." Key3Media Group, Inc., 2006 WL 2842462, at *3; In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (*citing* In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)). Under this test, a proponent must simply demonstrate that a proposed settlement does not fall "below the lowest point in the range of reasonableness." World Health Alternatives, Inc., 344 B.R. at 1114 (citations omitted).

### B. Application of Standards for Approval of a Settlement to the Facts of This Case

26. The Debtors have determined that entry into the Settlement Agreement is in the best interests of the Debtors and their estates. The Settlement Agreement is within the reasonable range of litigation possibilities because the probability of success in litigation in this case is very difficult to estimate due to the extreme complexity of the Claims and the age of this dispute.

27. Specifically, the chief claim in the Shareholders Litigation -- that Creative and Grace-Conn. are obliged to make Grace Payments for Del Taco restaurants opened by Del Taco in the Grace Territory -- involves complicated contractual issues and (as regards Del Taco) novel theories of contract construction and intent of the parties. Furthermore, the other claims in the litigation, although they have never been clearly defined, appear to revolve around questions of whether DTI did or did not assign its Del Taco Option to the DTI Shareholders and, if so, whether Creative and Grace-Conn. knew of this assignment when they entered into and guaranteed the MAPA, whose entire premise was that Del Taco held those rights. Litigation around these Del Taco Option issues would involve very complicated factual inquiries. While the Debtors are confident in their positions on the legal issues, given the complexity of the matters and the passage of time, litigation presents significant uncertainty as to the successful resolution of the Claims.

9

28. Furthermore, because the amount claimed by Del Taco is very high ($40,000,000 to $72,000,000), even a relatively low probability of success would still involve significant exposure for the Debtors.

29. Trying the case would be further complicated by the fact that the most recent of the events crucial to the case took place a minimum of fifteen years ago, and some took place nearly thirty years ago. Virtually all of the people knowledgeable about the facts have retired or died, memories will have faded, and locating documentation beyond that obtained in the previous stages of the litigation will be very difficult. Considerable expense, inconvenience and delay therefore would be quite likely if the litigation were to proceed.

30. When uncertainty, expense, inconvenience and delay is compounded with the very high damages asserted by Del Taco, it is the belief of the Debtors that the interest of the creditors and the estates lies in settlement and not in litigation. The Settlement Agreement provides for a payment that is roughly 5-10% of the damage range that Del Taco claimed in its mediation brief. Such payment is well within the range of litigation possibilities and the Debtors believe that the Settlement Agreement represents a reasonable settlement of the Claims. Accordingly, this Court should approve the Settlement Agreement and authorize the Debtors to perform in accordance therewith.

## NOTICE

Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, (iv) counsel to the Future Claimants' Representative, (v) those parties that requested papers under Bankruptcy Rule 2002 and (vi) counsel to Del Taco. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the attached order (i) authorizing each of Grace-Conn. and Creative to perform their respective obligations under the Settlement Agreement, (ii) allowing the Del Taco Claims in the sums provided for therein, (iii) disallowing and expunging the Baker Claims, and (iv) granting such other and further relief as the Court deems just and proper.

Dated: November 12, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ James E. O'Neill_
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

11