THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: November 30, 2007 at 4:00 p.m.
Hearing Date: December 17, 2007 at 2:00 p.m.

## NOTICE OF DEBTORS MOTION FOR AN ORDER AUTHORIZING THE DEL TACO SETTLEMENT AGREEMENT

TO:   Parties on the attached service list.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") filed

the *Debtors' Motion for an Order Authorizing the Del Taco Settlement Agreement*, (the

"Motion") with the United States Bankruptcy Court for the District of Delaware, 824 Market

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A true and correct copy of the Motion is attached hereto.

Objections or other responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on **November 30, 2007**.

At the same time, you must also serve a copy of the objections or responses, if any, upon the following: (i) co-counsel for the Debtors, Janet S. Baer, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601, Lori Sinanyan, Kirkland & Ellis LLP, 777 South Figueroa Street, Los Angeles, California 90017 and James E. O'Neill, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982, and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131, and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (iv) counsel to the Official Committee of Personal Injury Claimants, Peter Van L. Lockwood, Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, DC 20005, and Mark T. Hurford, Campbell & Levine, LLC, 800 N. King Street, Suite 300, Wilmington, DE 19801; (v) counsel to the Official Committee of Equity Holders, Gary Becker, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022, and Teresa K.D. Currier,

91100-001\DOCS_DE:132063.8

Buchanan, Ingersoll & Rooney, P.C., 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397; (vi) counsel to the Future Claimants' Representative, Richard H. Wyron, Orrick, Herrington & Sutcliffe, LLP, 3050 K Street, NW, Suite 300, Washington, DC 20007, and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806; and (vii) the Office of the United States Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE 19801.

IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING. IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE DEBTORS HAVE REQUESTED THAT A HEARING ON THE MOTION BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE UNITED STATES BANKRUPTCY COURT, 5414 U.S. STEEL,

*[Remainder of Page Intentionally Left Blank]*

BUILDING, 600 GRANT STREET, PITTSBURGH, PENNSYLVANIA 15219 ON

**DECEMBER 17, 2007 AT 2:00 PM** PREVAILING EASTERN TIME.

Dated: November ___, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

4

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: November 30, 2007 at 4:00 p.m.** |
| | ) | **Hearing Date: December 17, 2007 at 2:00 p.m.** |

## DEBTORS' MOTION FOR AN ORDER AUTHORIZING
## THE DEL TACO SETTLEMENT AGREEMENT

The above-captioned debtors (collectively, the "Debtors" or "Grace") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached as <u>Exhibit A</u> hereto, approving a settlement agreement by and between two of the Debtors -- W. R. Grace & Co.-Conn. ("Grace-Conn.") and Creative Food 'N Fun Company ("Creative") -- and Del Taco, LLC, a copy of which agreement is attached as <u>Exhibit B</u> hereto. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2. The statutory predicate for this Motion is § 105 of the Bankruptcy Code and Rule 9019 the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. In September 1977, a subsidiary of Grace-Conn. entered into a conveyance agreement (the "Conveyance Agreement") with Del Taco, Inc. ("DTI"), under which it purchased DTI's Mexican fast food restaurant concept and the "Del Taco" name for use everywhere in the United States except California and Yuma, Arizona (the "Grace Territory").[2] DTI retained the right to continue to operate Del Taco brand restaurants outside the Grace Territory. Grace-Conn. guaranteed the purchaser's obligations under the Conveyance Agreement.

5. Under the Conveyance Agreement, the purchaser agreed that for each restaurant it opened in the Grace Territory, it would pay DTI $10,000 plus 1% of the restaurant's gross proceeds for 99 years (the "Grace Payments").

---

[2] A copy of the Conveyance Agreement or any other agreement or document that forms the basis of the Claims is available upon request to the Debtors' counsel.

6. The Conveyance Agreement also provided that if the purchaser did not open, on average, at least 25 restaurants per year, then after 1981, upon notice and expiration of a one year cure period, DTI would also be permitted to open restaurants in the Grace Territory (the "Del Taco Option"). If DTI exercised the Del Taco Option and opened new restaurants in the Grace Territory, it would be obligated to make payments to Grace of $10,000 per store up to $4 million, plus 1% of the gross receipts of the new restaurants for the remainder of the 99 year term of the Conveyance Agreement (the "Del Taco Option Payments").

7. In 1978, as permitted by the terms of the Conveyance Agreement, the shareholders of DTI (the "DTI Shareholders") transferred to themselves or their designees the rights to the Grace Payments above $300,000.

8. In addition, in 1979, DTI assigned its other rights and obligations under the Conveyance Agreement, including the Del Taco Option, to the DTI Shareholders. Grace-Conn. and Creative contend that they were not aware of the alleged assignment. The DTI Shareholders contended to the contrary. There is documentation to support both parties' positions.

9. In 1998, the DTI Shareholders sold DTI in a transaction by which DTI was merged into a subsidiary of the purchaser that took the Del Taco, Inc. name (hereinafter, "Del Taco"). In the merger agreement, the DTI Shareholders did not disclose the alleged assignment to them of all DTI's rights and obligations under the Conveyance Agreement.

10. In 1992, Creative, which had acquired the original purchaser's rights under the Conveyance Agreement, closed and sold all its Del Taco restaurants, although certain restaurants franchised by Creative (or its predecessors) continued to operate in the Grace Territory. In July 1992, Del Taco and Creative entered into a Modification and Purchase Agreement (the "MAPA") under which the notice and payment requirements under the Del Taco Option were

deleted from the Conveyance Agreement, and Creative sold Del Taco certain equipment. In return, Del Taco paid Creative $350,000 in the form of cash and a three-year secured note, and agreed to perform Creative's obligations under its Del Taco franchise agreements. Grace-Conn. guaranteed Creative's obligations under the MAPA.

11. In 1993, Del Taco filed a petition under chapter 11 of the Bankruptcy Code. Its plan of reorganization was confirmed and its chapter 11 case was closed in November 1993. During the case, Del Taco brought an adversary proceeding for declaratory relief against the DTI Shareholders and Creative to confirm that Del Taco would not owe payments to the DTI Shareholders for the new restaurants it intended to open in the Grace Territory. In 1994, the action was re-filed in state court. In 1995, Del Taco obtained a declaratory judgment in its favor, which specifically held that Del Taco had no liability to the DTI Shareholders for Grace Payments on the newly opened restaurants.

12. In January 1996, four of the DTI Shareholders led by William Baker (the "Baker Group") brought an action against Grace-Conn., Creative and Del Taco in the Superior Court for the County of Orange, California, William C. Baker, et al. v. W.R. Grace & Co., et al., Case No. 758512 (the "Shareholders Litigation"), seeking damages and a declaration that Grace-Conn. and Creative owed the Baker Group percentage payments on the new restaurants being opened/franchised by Del Taco. Del Taco filed cross-claims against the Baker Group. Grace and Del Taco each obtained summary judgment in the trial court, which was reversed (partially as to Grace) on appeal.

13. In April 2001, Grace filed its Chapter 11 Cases. Both Del Taco and the Baker Group filed proofs of claim in Grace's Chapter 11 Cases as follows:

4

| Claim No. | Filed by | Filed against | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|---|---|---|---|---|---|
| 13964 | Del Taco | Grace-Conn. | Unknown | Unsecured | Litigation |
| 14648 | Del Taco | Creative | Unknown | Unsecured | Litigation |
| 13942 | Baker Group | Del Taco Restaurants, Inc. (a Debtor and parent of Creative) | $25,000,000 | Unsecured | Litigation |
| 13943 | Baker Group | Creative | $25,000,000 | Unsecured | Litigation |
| 13944 | Baker Group | Grace-Conn. | $25,000,000 | Unsecured | Litigation |

Claims No. 13942, 13943, and 13944 shall hereinafter be referred to as the "Baker Claims." Claims No. 13964 and 14648 shall hereinafter be referred to as the "Del Taco Claims." The Baker Claims and the Del Taco Claims shall collectively be referred to as the "Claims."

14. Del Taco's Claims were based on provisions of the MAPA by which Creative agreed to indemnify Del Taco against certain damages arising from litigation against Del Taco with respect to the Grace Payments. The Baker Group Claims tracked the allegations of the Shareholders Litigation: alleging that these Debtors were liable for Grace Payments on the Del Taco restaurants opened by Del Taco in the Grace Territory, and that Creative and Grace-Conn. were guilty of breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with contract.

15. In 2002, Del Taco re-opened its chapter 11 case and sought a determination that the claims asserted against it in the Shareholders Litigation had been discharged. On appeal of the summary judgment issued by the Bankruptcy Court in favor of the Baker Group, Del Taco obtained summary judgment from the District Court in its favor on that issue. The Baker Group appealed the decision to the U.S. Court of Appeals for the Ninth Circuit.

16. In September 2005, while the Baker Group's appeal was pending, Del Taco and the Baker Group settled their dispute. As part of that settlement, Del Taco paid the Baker Group $15.25 million and obtained an assignment of their claims against Grace-Conn. and Creative,

5

including the Baker Claims. Del Taco was subsequently sold and converted into a limited liability company under the name Del Taco, LLC.

17. In December 2006, Grace filed objections to the Claims. Del Taco filed a response to these objections.

18. In 2007, the parties agreed to mediate the Claims. In its mediation brief, Del Taco alleged that it was entitled, under two different legal theories, to damages equal to the Grace Payments with respect to the actual and projected sales by the Del Taco restaurants opened by Del Taco in the Grace Territory. It alleged the amount of such damages was between $40,000,000 and $72,000,000.

19. The mediation took place in October 2007, and led to the parties' entry into the Settlement Agreement and Mutual Release dated October 23, 2007 (the "Settlement Agreement").

**TERMS AND CONDITIONS OF THE SETTLEMENT AGREEMENT**

20. The material provisions of the Settlement Agreement are as follows:[3]

(a) <u>Disallowed claims</u>: The Baker Claims shall be disallowed and expunged for all purposes.

(b) <u>Allowed claims</u>: The Del Taco Claims shall be allowed as timely, unsecured, pre-petition, non-priority claims against the chapter 11 estates of Grace-Conn. and Creative in the amount of $3,750,000 each; provided that any payment made on either of the Del Taco Claims shall reduce the amount of the other Del Taco Claim dollar-for-dollar. The Del Taco Claims shall be entitled to interest only if Grace's plan of reorganization so provides and shall bear interest at the rate

---

[3] This summary and the terms and conditions of the Settlement Agreement described in this Motion are qualified in their entirety by the terms and conditions of the Settlement Agreement. Capitalized terms used in the summary but not defined therein shall have the meaning ascribed to them in the Settlement Agreement.

provided in such reorganization plan, but only from and after the date that the Bankruptcy Court enters the Order approving this Motion.

(c) <u>Final Order</u>: The Settlement Agreement is conditioned upon the Order approving this Motion becoming final and non-appealable.

(d) <u>Dismissal of Shareholders Litigation</u>: Within ten (10) days following the date upon which the Order approving this Motion becomes final and non-appealable, Del Taco shall dismiss the Shareholders Litigation with prejudice.

(d) <u>Del Taco release</u>: Del Taco agrees that it is forever barred, estopped, and enjoined from asserting any additional claims against the Debtors with respect to any costs relating to the Claims. Other than its obligations under the Settlement Agreement, Del Taco releases and discharges the Debtors from any claims related to the matters set forth in the Settlement Agreement.

(e) <u>Grace release</u>: Other than its obligations under the Settlement Agreement, the Debtors release and discharge Del Taco from any claims related to the matters set forth in the Settlement Agreement.

**RELIEF REQUESTED**

21. By this Motion, the Debtors seek authority, pursuant to § 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a) to: (i) enter into the Settlement Agreement; (ii) have each of Grace-Conn. and Creative perform their respective obligations under the Settlement Agreement; (iii) allow the Del Taco Claims in the sums provided for therein; and (iv) disallow and expunge the Baker Claims.

7

## BASIS FOR RELIEF

### A.  Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a)

22.  Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. Pro. 9019(a).

23.  Courts generally favor minimizing litigation and expediting the administration of a bankruptcy case.  See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); see also In re Key3Media Group, Inc., 2006 WL 2842462, at *3 (D. Del. 2006).  Before approving a settlement under Bankruptcy Rule 9019, however, a court must determine that the proposed settlement is in the best interests of the debtor's estate.  See Martin, 91 F.3d at 394; In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'").  To reach this determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement.  See Martin, 91 F.3d at 393.

24.  The standard by which courts should evaluate the reasonableness of a proposed compromise and settlement is well established.  This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  Martin, 91 F.3d at 393; see also In re Nutraquest, Inc., 434 F.3d 639 (3d Cir. 2006).

25.  It is also well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation