# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement Agreement"), dated October 23, 2007, by and between W. R. Grace & Co.-Conn., a Connecticut corporation ("GRACE"), Creative Food 'N Fun Company, a Delaware corporation ("CREATIVE") and Del Taco, LLC, a California limited liability corporation ("DEL TACO," formerly known as Del Taco, Inc., a California corporation). Each of GRACE, CREATIVE and DEL TACO shall be referred to herein as a "Party" and collectively as "the Parties."

## RECITALS

I.   <u>The State Court Action</u>

A. On or about January 19, 1996, an action was filed against GRACE, CREATIVE and DEL TACO in the Superior Court for the County of Orange, California, <u>William C. Baker, et al. v. W.R. Grace & Co., et al.</u>, Case No. 758512.

B. On or about September 6, 2005, DEL TACO entered into a settlement agreement with the plaintiffs in Case No. 758512 pursuant to which, among other things, DEL TACO acquired all right, title and interest to any and all claims of the plaintiffs in that action against GRACE, as well as all right, title and interest in and to the Proofs of Claim Nos. 13942, 13943, and 13944, all as more specifically described below.

II.  <u>The GRACE Bankruptcy</u>

A. On April 2, 2001 (the "Petition Date"), GRACE and certain of its subsidiaries, including CREATIVE, (collectively, the "Debtors") commenced their respective reorganization

cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B. The Bankruptcy Court issued an order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

C. Five proofs of claim against the Debtors were filed as follows:

| Claim No. | Filed by | Filed on or about | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|---|---|---|---|---|---|
| 13964 | Del Taco Inc. | 3/31/03 | Unknown | Unsecured | Litigation |
| 14648 | Del Taco Inc. | 3/31/03 | Unknown | Unsecured | Litigation |
| 13942 | Baker et al | 3/31/03 | $25,000,000 | Unsecured | Litigation |
| 13943 | Baker et al | 3/31/03 | $25,000,000 | Unsecured | Litigation |
| 13944 | Baker et al | 3/31/03 | $25,000,000 | Unsecured | Litigation |

Claim 14648 was filed against CREATIVE. Claim 13964 was filed against GRACE premised upon GRACE's guarantee of the obligations allegedly owed to DEL TACO as set forth in claim 14648.

D. The Parties desire to enter into this Settlement Agreement, on the terms and conditions as set forth herein, in order to document the Parties' agreements as regards the Claims (as defined below) and the termination of Case No. 758512 (the "Litigation") and in order to resolve all issues between them, other than their obligations under this Settlement Agreement.

NOW, THEREFORE, for good and valuable consideration, the Parties agree as follows:

## AGREEMENT

1. Claims 13942, 13943, and 13944 (the "Baker Claims") shall be disallowed and expunged for all purposes.

2. Claims 13964 and 14648 (the "Del Taco Claims" and together with the Baker Claims, the "Claims") shall be allowed as timely, unsecured, pre-petition, non-priority claims against the chapter 11 estates of GRACE and CREATIVE in the amount of $3,750,000 each; provided that any payment that DEL TACO receives on account of Claim 14648 shall reduce the amount owed to DEL TACO, dollar for dollar, under Claim 13964 and any payment that DEL TACO receives on account of Claim 13964 shall reduce the amount owed to DEL TACO, dollar for dollar, on account of Claim 14648. In the event that any plan or plans of reorganization that the Debtors, or either of them, may confirm in their bankruptcy cases provides for payment of interest on unsecured, pre-petition, non-priority claims, the Del Taco Claims shall bear interest at the rate provided in such plan or plans from and after the date that the Bankruptcy Court enters the Approval Order (as defined in paragraph 3, below) without regard to the date from which interest accrues under the terms of such plan or plans of reorganization with respect to any other creditor.

3. The Parties rights and obligations under this Settlement Agreement are expressly conditioned upon the entry of a "Final Order" by the Bankruptcy Court, in form and content reasonably satisfactory to the Parties, and each of them, which order shall approve this Settlement Agreement, authorize each of GRACE and CREATIVE to perform their respective obligations under this Settlement Agreement and allow the Del Taco Claims in the sums provided for herein (the "Approval Order"). As used herein, the term "Final Order" means an

order of the Bankruptcy Court that has been entered upon the docket in the Debtors' bankruptcy cases, and as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending or, in the event that an appeal, writ of certiorari, or reargument or rehearing thereof has been sought, such order shall have been affirmed by the highest court to which such order was appealed, or certiorari has been denied or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari, or move for reargument or rehearing shall have expired; provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or any analogous rule under the Bankruptcy Rules may be filed with respect to such order shall not cause such order not to be a "Final Order."

4.  Within ten (10) days following the date upon which the Approval Order becomes a Final Order, Del Taco shall dismiss the Litigation with prejudice.

5.  DEL TACO agrees that it is forever barred, estopped, and enjoined from asserting any additional claims against the Debtors with respect to any costs relating to the Claims.

**RELEASE**

6.  Other than the Parties' obligations hereunder, GRACE, on behalf of itself and each of its subsidiaries and affiliates, including each of the Debtors, hereby releases and discharges DEL TACO and each of its successors, heirs, assigns, agents, partners, attorneys, family members, employees, shareholders, officers, directors, members, representatives, insurers, corporations, partnerships and their subsidiaries, affiliates and predecessors, of and from any and all manner of action or actions, cause or causes of action in law or in equity, suits, debts, liens,

contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs or expenses of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, from the beginning of time to the date of this Settlement Agreement which GRACE now has or may hereafter have by reason of any matter, cause or thing whatsoever from the beginning of time to the date hereof relating to or arising out of the Litigation and/or the Claims and any claims arising out of, based upon, or relating to any of the matters raised in the Litigation or the Claims.

7. Other than the Parties' obligations hereunder and DEL TACO'S rights by reason of the Del Taco Claims as allowed as provided herein, DEL TACO, on behalf of itself and each of its subsidiaries and affiliates, hereby releases and discharges GRACE, the Debtors and each of their/its successors, heirs, assigns, agents, partners, attorneys, family members, employees, shareholders, officers, directors, members, representatives, insurers, corporations, partnerships and their subsidiaries, affiliates and predecessors, of and from any and all manner of action or actions, cause or causes of action in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs or expenses of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, from the beginning of time to the date of this Settlement Agreement which DEL TACO now has or may hereafter have by reason of any matter, cause or thing whatsoever from the beginning of time to the date hereof relating to or arising out of the Litigation and/or the Claims and any claims arising out of, based upon, or relating to any of the matters raised in the Litigation or the Claims.

8. It is understood by the Parties that there is a risk that, subsequent to the execution of this Settlement Agreement, they may incur or suffer loss, damage or injuries which are encompassed within the scope of the releases set forth above, but which are unknown and

unanticipated at the time of the execution of the Settlement Agreement. Further, there is a risk that loss or damage presently known may be or becomes greater than any Party now expects or anticipates. The Parties each assume said risk that the releases contained herein shall apply to all unknown and unanticipated claims that are within the scope of those releases, as well as those known and anticipated. The Parties waive all rights under California Civil Code section 1542, which section reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release which, if known by him or her must have materially affected his or her settlement with the debtor."

9. The Parties each represent and warrant to all other Parties that it is the sole and lawful owner of all right, title and interest in and to every claim released hereby and that no portion of any claim, right, demand, action or cause of action that it has or might have against any other Party, nor any portion of any such claim, right, demand, action or cause of action to which it may be entitled, has been assigned or transferred to any other person, firm or corporation in any manner, including by way of subrogation or operation of law or otherwise. Each Party further represents and warrants to all other Parties that it does not know of any person or entity not a Party hereto who has (or claims to have) any interest in any claim or right which is released hereby. In the event that any claim, demand, or suit should be made or instituted against a Party or Parties because of a purported assignment, subrogation, or transfer, the Party who so assigned, subrogated or transferred that claim, demand, or suit agrees to indemnify and hold

harmless the other Party against the claim, suit or demand and to pay and satisfy any such claim, suit or demand, including necessary expenses of investigation, attorneys' fees and costs.

## MISCELLANEOUS

10. This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of California.

11. All Parties agree that this Settlement Agreement may be executed in counterparts, and that any copy of this Settlement Agreement which contains the original or a photocopy or facsimile of the signature of each and every signatory hereto shall be deemed an original.

12. Each Party hereto shall bear all attorney fees and costs incurred by each such Party in connection with the Litigation, this Settlement Agreement and the matters and documents referred to herein and all related matters.

13. This Settlement Agreement sets forth the entire agreement between the Parties concerning the settlement of the disputes described in this Settlement Agreement, and shall supersede any and all prior agreements or understandings, written or oral, between these Parties pertaining to the subject matter hereof. Each Party agrees that no provision or breach of this Settlement Agreement may be waived unless the waiver is expressed in a writing signed by the Party charged with the waiver, and that the waiver of any one provision or breach shall not be deemed to constitute a waiver of any other provision or breach. This Settlement Agreement may not be amended, modified, or terminated, in whole or in part, except by an instrument in writing, executed by the Parties or their authorized representatives.

14. To the extent that any additional documents or acts are reasonably required to be executed or performed by a Party in order to effectuate or carry out this Settlement Agreement, the Party in question shall promptly execute and deliver such documents and/or perform said acts in accordance with the terms hereof.

15. The liability for any claim released herein is denied by the Parties herein released, and this final compromise and settlement thereof shall never be treated as an admission of liability or responsibility at any time for any purpose.

16. The terms of this Settlement Agreement have been negotiated at arms' length among sophisticated Parties represented by counsel, and this Settlement Agreement in its final form is the result of the combined efforts of counsel for all Parties. As a result, the rule of "Interpretation Against the Draftsman" shall not apply in any dispute over interpretation of the terms of this Settlement Agreement.

17. Any dispute concerning the interpretation, performance or enforcement of this Settlement Agreement or any other matter arising from or connected with the Settlement Agreement shall be determined solely by proceedings in the GRACE Bankruptcy.

18. In entering into this Settlement Agreement, the Parties represent that they each relied upon the advice of their own attorneys, who are attorneys of their own choice, concerning the legal consequences of this Settlement Agreement; that the terms of this Settlement Agreement have been completely read and explained to the Parties by their respective attorneys; and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by the Parties.

19. All Parties agree that all warranties and representations expressed in this Settlement Agreement shall survive the execution of the Settlement Agreement.

20. Any provision of this Settlement Agreement which is deemed invalid, illegal or unenforceable shall be ineffective only to the extent of such invalidity, illegality or unenforceability, without affecting in any way the validity, legality or enforceability of any other provision of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date set forth above.

W. R. GRACE & CO.-CONN.

By _William J. A. Sparks_
William J. A. Sparks
Its Authorized Signatory

CREATIVE FOOD 'N FUN COMPANY

By _Robert M. Tarola_
Robert M. Tarola
Its Senior VP and Chief Financial Officer

DEL TACO, LLC

By _Michael T. Folks_
Michael T. Folks
Its Senior Vice President