IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. [1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Hearing Date: December 17, 2007 at 2:00 p.m.**
**Responses Due: November 30, 2007 at 4:00 p.m**

## DEBTORS' OBJECTION TO THE PROPERTY TAX CLAIM
## OF RICHMOND COUNTY, GEORGIA

The above-captioned debtors (the "Debtors") object to a certain tax claim, Claim

No. 1529, filed by Richmond County, Georgia, for amounts allegedly owed for *ad valorem*

property taxes on equipment for the tax years 1999-2001 (the "Tax Claim") and seek an order

from this Court reclassifying, reducing, and allowing the Tax Claim. In support of this

Objection, the Debtors state the following:

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Jurisdiction**

1.    This Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.    The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a), 502, 506, 544, and 545 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules").

**Relief Requested**

3.    The Debtors seek entry of an order reducing, reclassifying and allowing the Tax Claim as an unsecured claim in the amount of $368,115.81.

**Background**

4.    The Debtors operate a manufacturing facility in Richmond County, Georgia. Richmond County assesses *ad valorem* personal property taxes on equipment located therein. Assessment and collection of the *ad valorem* tax is the responsibility of the Richmond County Tax Commissioner (the "Claimant").

5.    On April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6.    As of the Petition Date, the Claimant had not filed a tax execution covering the amounts allegedly owed as detailed in the Tax Claim.  The relevant lien searches demonstrating that no tax liens have been filed against W. R. Grace & Co. and W. R. Grace & Co.-Conn in the relevant jurisdictions are attached as Exhibit A.

7.    By an order dated April 25, 2002, this Court set March 31, 2003, as the last date for filing proofs of claim for all pre-petition non-asbestos claims (including all governmental

2

claims), and all present asbestos property damage and medical monitoring claims (the "Bar Date").

8.      On July 22, 2002, the Claimant filed the Tax Claim asserting a secured, priority claim of $440,396.14.  The Tax Claim alleges the Debtors failed to pay *ad valorem* property taxes on certain equipment located at their Richmond County, Georgia facility for the tax years 1999 to 2001 and includes $47,093.19 in penalties and $20,287.11 in interest.

9.      On August 9, 2002, the Debtors issued check number 353841 to the Claimant for $4,900.03, covering post-petition amounts owed included in the Tax Claim.

## Discussion

### A.      The Tax Claim Should be Reclassified as an Unsecured Claim.

10.     The Claimant asserts the Tax Claim is secured because Georgia law grants the taxing authority a lien for *ad valorem* property taxes on all of a taxpayer's property interests when a property is valued for tax purposes.  Personal property is valued for *ad valorem* tax purposes on January 1 of the relevant tax year.  Therefore, the liens asserted by the Claimant and which allegedly secure the Tax Claim arose on January 1, 1999, January 1, 2000, and January 1, 2001, respectively.

11.     Under Georgia law, however, tax liens are perfected against bona fide purchasers only **after** a tax execution is filed in the appropriate county register.  *See* Thompson v. Adams, 157 Ga. 42, 42, 120 S.E. 529, 530 (1923); State v. Atlanta Provision Co., 90 Ga. App. 147, 150, 82 S.E.2d 145, 147 (1954); In re Jones, 2000 WL 33740247, *1 (Bankr. M.D. Ga. 2000) (stating "that while filing a [tax execution] is not prerequisite to a tax lien's attachment to a delinquent taxpayer's property, failure to file [tax execution] would leave the tax lien subject to the rights of a subsequent bona fide purchaser without notice); In re Fulton Air Service, Inc., 37 B.R. 358, 360-61 (Bankr. N.D. Ga. 1984).  Claimant did not file a tax execution prior to the Petition Date.

3

Therefore, the Claimant's lien was not perfected against bona fide purchasers as of the Petition Date.

12.    Bankruptcy Code section 544(a)(3) allows debtors-in-possession to avoid any lien that, as of the commencement of the case, was avoidable by a bona fide purchaser. *See* Jones 2000 WL 33740247 at 1; In re Fulton Air Service, Inc., 37 B.R. 358, 360-61 (Bankr. N.D. Ga. 1984). Since the liens securing the Tax Claim were not properly perfected against a bona fide purchaser as of the Petition Date, the Debtors, having stepped into the shoes of a bona fide purchaser, may now avoid these liens under Bankruptcy Code section 544(a)(3).

13.    Additionally, Bankruptcy Code section 545(2) allows a debtor-in-possession to avoid any statutory lien that is not "perfected or enforceable at the time of the commencement of the case against a bona fide purchaser. . ." Liens for *ad valorem* taxes under Georgia law qualify as "statutory liens" under Bankruptcy Code section 101(53). Jones, 2000 WL 33740247 at 1. As discussed above, the liens securing the Tax Claim were not perfected as of the Petition Date. Therefore, the statutory liens securing the Tax Claim are also avoidable under Bankruptcy Code section 545(2) for not having been timely perfected.

14.    The liens securing the Tax Claim are avoidable under sections 544(a)(3) and 545(2) for the above-stated reasons. Accordingly, the Tax Claim should be reclassified as an unsecured claim.

**B.    The Tax Claim Should be Reduced by the Interest Portion.**

15.    Generally, claims secured by collateral worth more than the value of the claim are entitled to interest under Bankruptcy Code section 506(a). The Claimant asserts the Tax Claim is secured by collateral worth more than the value of the Debtors' manufacturing facility and that the Debtors owe interest. However, as discussed above, the liens securing the Tax Claim are avoidable and the Tax Claim should be reclassified as an unsecured claim. Since the Tax Claim

4

is not secured, the Claimant is not entitled to interest, and the Tax Claim should be correspondingly reduced by $20,287.11 to reflect the inappropriately claimed interest.

**C.    The Tax Claim Should be Further Reduced by the Penalty Portion.**

16.    The Claimant also asserts the Debtors owe $47,093.19 in penalties on the Tax Claim. However, penalties, fees and costs are only recoverable if specifically authorized by Bankruptcy Code section 506(b). Recovering penalties under Bankruptcy Code section 506(b) requires the penalties be: 1) provided for and arise under a consensual agreement between the claimant and the debtors; and 2) reasonable. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 1030 (1989) ("[I]n the absence of an agreement, post-petition interest is the only added recovery available"); In re Pointer, 952 F.2d 82, 89-90 (5th Cir. 1992) ("[O]nly creditors who have voluntary secured claims can recover penalties, fees and costs."); see also In re EnRe LP, 457 B.R. 493, 495 (5th Cir. 2006) (reaffirming Pointer); In re Gledhill, 164 F.3d 1338, 1341-42 (10th Cir. 1999) (disallowing fees and costs under judgment lien). Involuntary statutory liens do not qualify as consensual agreements. In re Pointer, 952 F.2d at 89-90.

17.    The Tax Claim's purported secured status arises under a statute, O.C.G.A. § 48-2-56(d)(1) (2006), and not under a consensual agreement. Therefore, the Claimant cannot recover penalties on the Tax Claim because there is no consensual agreement allowing for the imposition of penalties. Further, Bankruptcy Code section 506(a) only allows a consensual claimant, which the Claimant is not, the ability to recover penalties if the claim is secured. As discussed above, the Tax Claim is unsecured. Thus, the Claimant is not entitled to recover penalties and the Tax Claim should be further reduced by $47,093.19, reflecting the penalties claimed.

**D.     The Tax Claim Should be Further Reduced by the Amounts Paid by the Debtors Post-petition**

18.     As discussed in paragraph 9, the Debtors have already paid the Claimant $4,900.03, representing the post-petition amounts owed in the Tax Claim. Therefore, the Tax Claim should be further reduced by $4,900.03.

### Conclusion

19.     The Tax Claim should be reclassified as an unsecured claim because the underlying liens are avoidable under Bankruptcy Code sections 544(a)(3) and 545(2). Additionally, the Tax Claim should be reduced by $72,280.33 (representing $20,287.11 in inappropriate interest, $47,093.19 in inappropriate penalties, and $4,900.03 for amounts paid post-petition). Thus, the Tax Claim should be noted and allowed on the claim register as a general unsecured claim in the amount of $368,115.81.

### Notice

20.     Debtors will serve copies of this Objection on (i) the Office of the United States Trustee; (ii) Richmond County Tax Commissioner; (iii) counsel to each of the official committees appointed by the United States Trustee; (iv) counsel for the Future Claimants' Representative; (v) counsel to the debtor in possession lender; and (vi) all parties that have requested that they be served with all pleadings filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 2002.

21.     The Debtors submit that notice of this Objection as outlined above is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

22.     No previous request for the specific relief set forth herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order reclassifying, reducing and allowing the Tax Claim as specified herein and grant any further and related relief as it may deem appropriate.

Dated:  November 12, 2007                    Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lori Sinanyan
Samuel Gross
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP


Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession