IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | Re: Docket No. 16626, 17324 |

## ORDER GRANTING MOTION OF THE UNITED STATES TRUSTEE FOR THE APPOINTMENT OF AN EXAMINER PURSUANT TO 11 U.S.C. § 1104(c) RELATED TO THE CONDUCT OF L. TERSIGNI CONSULTING, P.C.

This matter came before this Court for hearing on October 25, 2007, on the Motion of the United States Trustee for the Appointment of an Examiner to investigate the billing practices and related conduct of L. Tersigni Consulting, P.C., and determine whether the Debtors or the estate have any causes of actions against L. Tersigni Consulting, P.C., as a result of that conduct (the "Motion"). Due and sufficient notice of the Motion was given to interested parties in accordance with the Bankruptcy Code and Rules. Based upon the record, the Court finds that grounds exist for the appointment of an examiner under 11 U.S.C.§1104(c). The Court further finds that the appointment of an examiner is in the interests of creditors, any equity security holders, and other interests in the estate.

Based on the foregoing and on the record in this case, it is hereby -

**ORDERED** that the United States is authorized and directed to appoint an examiner (the "Examiner") pursuant to 11 U.S.C.§1104(c); and it is further

-1-

**ORDERED** that the Examiner shall investigate the billing practices and related conduct of L. Tersigni Consulting, P.C., to determine whether the Debtors or the estate has any causes of action against L. Tersigni Consulting, P.C., as a result of the billing practices and related conduct (the "Investigation"); and it is further

**ORDERED** that before beginning the Investigation, the United States Trustee and the Examiner shall meet and confer with the Debtors and other interested parties to discuss the scope of the Examiner's work and the appropriate allocation of the costs and fees of the Examiner and any professionals he or she may hire, among these cases and the other related cases pending before this Court and other Courts as appropriate; and it is further

**ORDERED** that all parties in interest shall fully cooperate and avoid unnecessary interference with the Examiner in the performance of any of the Examiner's duties in the Investigation; and that all parties in interest shall coordinate to avoid unnecessary duplication, provided however, that all parties in interest retain whatever rights they may have to seek or oppose discovery; and it is further

**ORDERED** that the Examiner shall cooperate fully with any governmental agencies; provided, however, that (1) such cooperation shall not be deemed a public disclosure, and (2) nothing in this Order shall prejudice any party's rights to protect documents or information based on applicable privileges or confidentially concerns; and it is further

**ORDERED** that the Examiner reserves his or her right to seek to retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her

duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C.§327; and it is further

**ORDERED** that, subject to the anticipated allocation of fees and expenses outlined above, the Examiner and any professional retained by the examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to the procedures established in the Administrative Order Establishing Compensation and Reimbursement of Expenses of Professionals. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C.§330, and compensation and reimbursement of the Examiners professionals shall be determined pursuant to standards equivalent to those set forth 11 U.S.C.§330; and it is further

**ORDERED** that the Examiner shall have the standing of a "party-in-interest" entitled to be heard and appear at any and all hearings in these cases related thereto with respect to the matters that are within the scope of the Investigation; and it is further

**ORDERED** that nothing in the Order shall impede the right of the United States Trustee or any other party in interest to request any other lawful relief, including but not limited to a request to expand or limit the scope of the Investigation; and it is further

**ORDERED** that after consultation with the parties in interest to determine the appropriate candidate and further refined scope of the Investigation, the United States Trustee shall select the Examiner and submit to the Court a subsequent proposed form of Order seeking confirmation of the individual nominated to be the Examiner, which subsequent Order shall also set forth: (1) a further refined scope of Investigation; (2) deadlines for the Examiner to submit a work plan and a

projection of the time for and cost (and apportionment of fees among related cases, if applicable), of the Investigation; and (3) deadlines for the issuance of Examiner report(s) on the progress and results of the Investigation.

*Judith K. Fitzgerald*

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

Dated: Nov. 13, 2007