IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S
DECEMBER 19, 2006 SCHEDULING ORDER AND DECEMBER 14, 2006
CASE MANAGEMENT ORDER REGARDING THE DEBTORS' MOTION FOR
APPROVAL OF AN ASBESTOS PROPERTY DAMAGE SETTLEMENT WITH THE
CITY OF BARNESVILLE, REPRESENTED BY MOTLEY RICE LLC**

The Debtors hereby move this Court, pursuant to Del. Bankr. LR 9006-1(c) and 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 102 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), for an Order for leave with respect to the *Debtors' Motion for Entry of an Order Authorizing Settlement of An Asbestos Property Damage Claim Filed by the City of Barnesville, Represented by Motley*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Rice LLC* (the "Motion for Entry of an Order Authorizing Settlement" from this Court's *Amended Order Scheduling Omnibus Hearing Dates for 2007* [Docket 14068] (the "Scheduling Order"), dated December 19, 2006 and the *Second Amended Order Establishing Case Management Procedures and Hearing Schedule* [Docket 14028] (the "Case Management Order"), dated December 14, 2006, so that the Application may be heard at the Debtors' December 17, 2007 omnibus hearing.

Pursuant to the Scheduling and Case Management Orders, motions to be heard at the December 17, 2007 omnibus hearing were to be filed and served on or before November 12, 2007. Additionally, the Case Management Order requires that an objection deadline be at least 17 days prior to the omnibus hearing, *i.e.,* November 30, 2007.

Del. Bankr. LR 9006-1(c) provides that " . . . all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fifteen (15) days (eighteen (18) days if service is by mail) prior to the hearing date." Del. Bankr. LR 9006-1(c). Bankruptcy Rule 9006-1(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006-1(c). Similarly, Del. Bankr. LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. LR 9006-1(e).

Accordingly, the Debtors file this motion seeking an Order of this Court for leave from the Scheduling and Case Management Orders to enable the Debtors to have the Motion for Entry of an Order Authorizing Settlement to be heard at the Debtors' omnibus hearing on December 17, 2007 at 2:00 p.m. The Debtors also respectfully request that the Court establish December 6,

2007 at 12:00 p.m. as the deadline to respond to the Application.

The Motion for Entry of an Order is the last of several such Motions filed by the Debtors with respect to settlements of claims filed by asbestos property damage claimants represented by Motley Rice LLC. The Motion, and the Settlement Agreement attached to it, is substantively identical to the eight Motions filed by the Debtors with respect to 16 Motley Rice Asbestos PD Claims on October 22, 2007. No objections have been filed to those Motions, and the objections deadline was November 9, 2007. The Debtors request leave from the Scheduling and Case Management Orders so that this Application may be heard at the December omnibus hearing, as the filing was delayed due to the Debtors working with the Future Claimants' Representative to resolve certain issues with respect to the proposed approval orders for the Motions filed on October 22, 2007. Those issues were resolved earlier this week, and a Certification of Counsel and revised Approval Orders for the 16 previously-filed Motley Rice Asbestos PD settlements were filed on November 14, 2007 [Docket 17364]. The proposed approval order attached to the Motion for Entry of an Order Authorizing Settlement of An Asbestos Property Damage Claim Filed by the City of Barnesville takes into account the minor changes addressed by the November 14, 2007 Certification of Counsel and the revised proposed approval orders attached thereto.

Since the Debtors have filed and served the Application more than 18 days from the hearing, there is no prejudice to any party in interest. Additionally, extending the objection deadline by 4 business days will ensure that all parties in interest have adequate time to respond. The Debtors respectfully submit that the extension of the objection deadline described above is appropriate, as is leave from the Scheduling and Case Management Orders.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the

Debtors leave from the Scheduling and Case Management Orders, (ii) scheduling the Motion for Entry of an Order Authorizing Settlement to be heard at the Debtors' December 17, 2007 omnibus hearing, (iii) shortening the notice period with respect to the Application, and (iv) setting the objection deadline to the Application at December 6, 2007 at 12:00 p.m., as set forth above.

Dated: November 16, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa G. Esayian
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL & JONES LLP

_/s/ James E. O'Neill_
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and
Debtors in Possession