UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | . Case No. 00-4471 (JKF) |
| | . |
| ARMSTRONG WORLD INDUSTRIES, | . |
| | . |
| PITTSBURGH CORNING CORP., | . Case No. 00-22876 (JKF) |
| | . |
| FEDERAL-MOGUL GLOBAL, INC., | . Case No. 01-10578 (JKF) |
| | . |
| W.R. GRACE & CO., | . Case No. 01-1139  (JKF) |
| | . |
| NORTH AMERICAN REFRACTORIES | . Case No. 02-20198 (JKF) |
| | . |
| GLOBAL INDUSTRIAL TECHNOLOGIES | . Case No. 02-21626 (JKF) |
| | . |
| ACandS | . Case No. 02-12687 (JKF) |
| | . |
| THE FLINTKOTE CO./ | . Case No. 04-11300 (JKF) |
| FLINTKOTE MINES | . |
| | . |
| Debtors. | . 5414 USX Tower Building |
| | . Pittsburgh, PA 15222 |
| | . |
| | . November 13, 2007 |
| . . . . . . . . . . . . . . . . | . 1:00 p.m. |

TRANSCRIPT OF MOTIONS HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtors: | Reed Smith |
| | By: JAMES J. RESTIVO, JR., ESQ. |
| | DAVID ZIEGLER, ESQ. |
| | ROBERT P. SIMONS, ESQ. |
| | GREGORY L. TADDONIO, ESQ. |
| | 435 Sixth Avenue |
| | Pittsburgh, PA  15219 |
| | |
| Audio Operator: | Cathy Younker |

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311  Fax No.  (609) 587-3599**

**APPEARANCES (Cont'd):**

For the Debtors:                    Pachulski, Stang, Ziehl, Young,
                                    Jones & Weintraub, P.C.
                                    By: LAURA DAVIS JONES, ESQ.
                                        DAVID BERTENTHAL, ESQ.
                                        BRAD GODSHALL, ESQ.
                                        JAMES O'NEILL, ESQ.
                                    919 North Market Street
                                    Wilmington, DE  19801

                                    Sidley Austin Brown & Wood, LLP
                                    By:  KEVIN LANTRY, ESQ.
                                         GUY S. NEAL, ESQ.
                                         JESSICA KNOWLES, ESQ.
                                         JAMES CONLAN, ESQ.
                                         KENNETH P. KANSA, ESQ.
                                         LAURA FRANZON, ESQ.
                                         VALERIE LEATHERWOOD, ESQ.
                                         RICHARD PETERS, ESQ.
                                         WILLIAM EVANOFF, ESQ.
                                         ANDY O'NEILL, ESQ.
                                    10 South Dearborn Street
                                    Chicago, IL 60607

                                    CRAIG J. LITHERLAND, ESQ.
                                    Washington, DC

For Certain NARCO Cancer           Montgomery, McCracken, Walker &
Claimants:                          Rhoads
                                    By:  NATALIE D. RAMSEY, ESQ.
                                         NOEL C. BURNHAM, ESQ.
                                    300 Delaware Avenue, Suite 750
                                    Wilmington, DE  19801

For Owens Corning:                 Thorp Reed & Armstrong, LLP
                                    By:  ELENE M. MORAN, ESQ.
                                    One Oxford Centre
                                    301 Grant Street
                                    14th Floor
                                    Pittsburgh, PA  15219

For Official Committee of          Anderson Kill & Olick, P.C.
Asbestos Claimants:                By:  ROBERT M. HORKOVICH, ESQ.
                                    1251 Avenue of the Americas
                                    New York, NY  10020

**APPEARANCES (Cont'd):**

For Official Committee of
Asbestos Personal Injury
Claimants:                        Campbell & Levine, LLC
                                  By:  PHILIP MILCH, ESQ.
                                       DAVID SALZMAN, ESQ.
                                  1700 Grant Building
                                  Pittsburgh, PA  15219

For Official Committee of
Asbestos Personal Injury
Claimants:                        Ferry, Joseph & Pearce, P.A.
                                  By: THEODORE J. TACCONELLI, ESQ.
                                  824 Market Street
                                  Suite 904
                                  P.O. Box 1351
                                  Wilmington, DE  19899

                                  Caplin and Drysdale
                                  By:  PETER VAN N. LOCKWOOD, ESQ.
                                  One Thomas Circle, N.W.
                                  Washington, DC  20005

For Asbestos Property             Pryor Cashman LLP
Damage Claimants:                 By:  RICHARD LEVY, ESQ.
                                  410 Park Avenue
                                  New York, NY  10022

For the Asbestos Committee:       Campbell & Levine, LLC
                                  By:  MARK HURFORD, ESQ.
                                  Chase Manhattan Centre
                                  1201 N. Market St., 15th Floor
                                  Wilmington, Delaware 19801

For Certain Asbestos              The Hogan Firm
Claimants:                        By:  DANIEL HOGAN, ESQ
                                  1311 Delaware Avenue
                                  Wilmington, DE  19806

For Futures Rep.:                 Young Conaway Stargatt & Taylor
                                  By:  EDWIN HARRON, ESQ.
                                       MARIBETH L. MINELLA, ESQ.
                                  1000 West Street, 17th Floor
                                  Wilmington, DE  19801

                                  Meyer, Unkovic and Scott
                                  By:  JOEL M. HELMRICH, ESQ.
                                  1300 Oliver Building
                                  Pittsburgh, PA  15222-2304

**APPEARANCES (Cont'd):**

| | |
|---|---|
| For Reaud, Morgan and Quinn, Motley Rice, Provost Umphrey and and Bagett, McCaill, Burgess, Watson and Gaughan: | Stutzman, Bromberg, Esserman and    Plifka<br>By:   SANDER L. ESSERMAN, ESQ.<br>       DAVID J. PARSONS, ESQ.<br>2323 Bryan Street, Suite 2200<br>Dallas, TX  75201 |
| For DaimlerChrysler: | Potter, Anderson & Corroon, LLP<br>By: LAURIE S. SILVERSTEIN, ESQ.<br>Hercules Plaza<br>1313 North Market Street<br>Wilmington, DE 19801<br><br>Clark Hill PLC<br>By:  PETER A. JACKSON, ESQ.<br>500 Woodward Avenue<br>Suite 3500<br>Detroit, MI 48226 |
| For Official Committee of Unsecured Creditors: | The Bayard Firm<br>By:  CHARLENE D. DAVIS, ESQ.<br>222 Delaware Avenue<br>Suite 900<br>P.O. Box 25130<br>Wilmington, DE  19899<br><br>Duane Morris, LLP<br>By: MICHAEL R. LASTOWSKI, ESQ.<br>1100 North Market St. Suite 1200<br>Wilmington, DE  19801-1246 |
| For Official Committee of Unsecured Trade Creditors: | Leech Tishman Fuscaldo & Lampl<br>By:  CRYSTAL THORNTON-ILLAR ESQ.<br>1800 Frick Building<br>Pittsburgh, PA  15219 |
| For Interested Party: | Latham & Watkins<br>By:  KATHERINE MAYER, ESQ.<br>505 Montgomery St., Suite 2000<br>San Francisco, CA  94111 |
| For Certain Underwriters of Lloyd's London: | Duane Morris, LLP<br>By:  JEFFREY D. KAHANE, ESQ.<br>633 West Fifth Street, Ste. 4600 |

Los Angeles, CA  90071


**APPEARANCES (Cont'd):**

| | |
|---|---|
| For Royal Indemnity and Global Indemnity: | Wilson Elser Moskowitz Edelman & Dicker, LLP<br>By:  CARL PERNICONE, ESQ.<br>3 Gannett Drive<br>White Plains, NY  10604 |
| For the Creditors Committee: | Morris, Nichols, Arsht & Tunnell<br>By:  WILLIAM SUDELL, ESQ.<br>1201 N. Market Street<br>Wilmington, Delaware  19801 |
| For the U.S. Trustee: | Office of the U.S. Trustee<br>By:  RICHARD SCHEPACARTER, ESQ.<br>J. Caleb Boggs Federal Building<br>844 King Street<br>Suite 2313<br>Lockbox 35<br>Wilmington, DE  19801 |
| | Office of the U.S. Trustee<br>By:  DAVID M. KLAUDER, ESQ.<br>601 Walnut Street<br>Room 950W<br>Philadelphia, PA  19106 |
| | Office of the U.S. Trustee<br>By:  JOSEPH SISCA, ESQ. |
| For Allstate Insurance Co.: | Cuyler, Burk LLP<br>By:  ANDREW CRAIG, ESQ.<br>Four Century Drive.<br>Parsippany, NJ  07054 |
| For Liberty Mutual Ins. Co: | Akin, Gump, Strauss, Hauer & Feld, L.L.P.<br>By: STANLEY SAMORAJCZYK, ESQ.<br>Washington, DC |
| For AIG Member Company & National Union Fire Ins. Co.: | Tucker, Arnsberg<br>By: BEVERLY W. MANNE, ESQ.<br>1500 One P.G. Place<br>Pittsburgh, Pennsylvania |

**APPEARANCES (Cont'd):**

For PPG:                        Kirkpatrick & Lockhart, LLP
                                By: DAVID A. MURDOCH, ESQ.
                                     DAVID F. McGONIGLE, ESQ.
                                Henry W. Oliver Building
                                535 Smithfield Street
                                Pittsburgh, PA 15228

For USG:                        Jones Day
                                By: BRAD B. ERENS, ESQ.
                                77 West Wacker,
                                Chicago, IL  60601

THE COURT:  Good afternoon.  Please be seated.
This is the matter of Pittsburgh Corning Corporation, 00-22876,
the participants I have listed by phone are Michael Buckley,
Lawrence Fitzpatrick, Jordan Brackett, James Dennis, Cheryl
Heller, Kimberly Wakim, Peter Janovsky, Tancred Schiavoni, Jay
Lavroff, Thomas D'Antonio, Gretchen Ramos, Philip Milch, Peter
Lockwood, Michael Balch, Michael Brown, Michael Barrett, David
Marden, Jeffrey Kahane, Sander Esserman, Jeffrey Boerger, Edwin
Harron, Robert Goodman, Noel Burnham, Dennis Dolan, Leonard
Bieringer, Michael Olsan, David Parsons, Stephen Vaccaro,
Natalie Ramsey, Shayne Spencer, Katherine Thomas, Mark Hurford,
Daniel Hogan, Marty Murray, Michael Lastowski, Katharine Mayer,
Sung Choi, Brad Erens, David Hickerson, Ari Berman, Andrew
Craig, Jay Sakalo, Richard Levy, David Klauder -- I'm sorry, I
got into W.R. Grace and didn't appreciate that.  Oh, that's
because everyone is involved in this case.  I apologize, I
forgot.  Janet Baer, Jarrad Wright, Carl Pernicone, Alex
Mueller, John Phillips, Richard Schepacarter, Douglas Mannal.
Now I'm into Federal Mogul, Craig Litherland, James Conlan, Guy
Neal, Laura Franzon -- folks on the phone, would you put your
mute buttons on please.  Bette Orr, Carl Pernicone, Richard
Schepacarter, Noel Burnham, Theodore Tacconelli, Peter Jackson,
Kevin Lantry, Jessica Knowles, Andrew Craig, Stanley

**J&J COURT TRANSCRIBERS, INC.**

1  Samorajczyk, Edwin Harron, Robert Horkovich, Peter Lockwood,

2  Charlene Davis, Katherine Thomas, Mary-Lee Payne, William

3  Evanoff, Mark Hurford, James O'Neill, Laurie Silberstein, David

4  Klauder, Natalie Ramsey, Ken Kansa, Kerriann Mills, Jeffrey

5  Sheen.

6        I'm into ACandS, Natalie Ramsey, William Sudell, Mark

7  Hurford, Laura Davis Jones, Curtis Hahne, Jim Hippolette, David

8  Kallala, Maribeth Minella, Edwin Harron, Summer Craig, Noel

9  Burnham, David Klauder, Richard Schepacarter, Lawrence

10 Fitzpatrick and Peter Lockwood.

11       For NARCO, Noel Burnham, Lawrence Fitzpatrick, Edwin

12 Harron, Natalie Ramsey, Joseph Gibbons.  For GIT, Edwin Harron,

13 Lisa Ewart, Lawrence Fitzpatrick.

14       For Flintkote, Natalie Ramsey, David Klauder, Stephen

15 Felton Parrish, Peter Lockwood, Marty Murray, Edwin Harron,

16 Richard Schepacarter, Mark Hurford, Noel Burnham and Reggie

17 Jackson.

18       I don't think I need to go into the NARCO and GIT

19 lists at this time, do I, for the separate hearings?

20       MR. ZIEGLER:  No, Your Honor.

21       THE COURT:  Let me make sure that's the end of the

22 list, then.  I believe so.  All right, I'll take entries in

23 court, good afternoon.

24       MR. RESTIVO:  Good afternoon, Your Honor, James

25 Restivo and David Ziegler for the Debtor.

1            MR. HELMRICH:  Good afternoon, Your Honor, Joel

2    Helmrich on behalf of Lawrence Fitzpatrick.

3            MR. SALZMAN:  Good afternoon, Your Honor, David

4    Salzman on behalf of the ACC.

5            MR. SISCA: Good afternoon, Your Honor, Joseph Sisca

6    on behalf of the United States Trustee.

7            MR. MURDOCH:  Good afternoon, Your Honor, David

8    Murdoch and David McGonagle for PPG Industries.

9            THE COURT:  One second please.  Thank you.

10           MS. MORAN:  Good afternoon, Your Honor, Elene Moran,

11   on behalf of Corning Incorporated.

12           MS. THORTON-ILLAR:  Crystal Thorton-Illar on behalf

13   of the Official Committee of the Unsecured Trade Creditors.

14           THE COURT:  Anyone else?  Okay, Mr. Restivo.

15           MR. RESTIVO:  Your Honor, we have an agenda of

16   matters scheduled for today in the Pittsburgh Corning

17   Corporation bankruptcy.  The first six matters are adjourned,

18   continued or withdrawn.  The only open matter is number seven

19   which is a motion by the United States Trustee for the

20   appointment of an examiner and that motion involves at this

21   hearing in addition to Pittsburgh Corning, as I understand it,

22   Grace, Federal-Mogul, ACandS, and Flintkote and NARCO and GIT

23   and we would turn it over to the United States Trustee to

24   present that motion.

25           THE COURT:  Mr. Sisca, I'm not -- are you presenting

1  that?  Mr. Schepacarter?

2              MR. SISCA:  Mr. Klauder will be --

3              THE COURT:  Mr. Klauder.

4              MR. SISCA:  Will be talking about the form of order

5  --

6              THE COURT:  All right.

7              MR. SISCA:  -- that's been submitted, but I can

8  briefly discuss it, Your Honor, if I may.

9              THE COURT:  Sure.

10             MR. SISCA:  In each of the cases, the Delawares

11 cases, there were consultations with parties in interest and an

12 order has been filed in several of the cases that addresses

13 many of the concerns that were filed, advanced, many of the

14 objections advanced.  In particular objections were advanced

15 relating to the cost of the examiner and allocation.

16             The proposed order, and I also have proposed orders

17 in the three Pittsburgh cases that mirror the orders that were

18 filed on Friday.  And, they provide, before the examiner begins

19 the investigation, the United States Trustee and the examiner

20 will meet and confer with the Debtors, and other interested

21 parties, to discuss the scope of the examiners work and the

22 appropriate allocation of the costs and fees of the examiner.

23 The order later provides that after consultation, after that

24 consultation, a proposed order will be filed seeking

25 confirmation of the proposed appointment and setting forth the

1 | scope of the investigation defining -- I'm sorry, deadlines for

2 | a work plan and a projection of allocation of costs if

3 | applicable.

4 |         THE COURT: Okay.

5 |         MR. RESTIVO: And I believe, in the Pittsburgh cases

6 | the committee did not objection but advanced, the Asbestos

7 | Committee advanced that if one -- it would be desirable for one

8 | examiner to be chosen in all cases, we're moving toward that,

9 | if possible and the Debtor in each case has filed an objection,

10 | again, raising concerns as to allocation and costs, and we're

11 | hoping that the order raises those -- addresses those concerns.

12 | And, again, we'll be proposing the same order in the three

13 | Pittsburgh cases as is being filed in the Delaware cases.

14 |         THE COURT:  All right.  Mr. Klauder.

15 |         MR. KLAUDER:  Your Honor, David Klauder for the

16 | United States Trustee's Office.

17 |         First, on the Delaware cases, on Friday afternoon, we

18 | filed certificates of counsel in the four pre-confirmation

19 | cases in which we filed motions to appoint examiners. I'm not

20 | sure if Your Honor has seen those.

21 |         THE COURT: I have not.

22 |         MR. KLAUDER:  Okay.  I can provide Your Honor with

23 | the docket numbers for those COC's.  They have the proposed

24 | orders for those cases.  Federal-Mogul, ACandS, W.R. Grace and

25 | Flintkote.

1              THE COURT:  They're actually in my office.  As it

2    turns out, Mr. Klauder, I just wasn't aware of them until I

3    came on, right before I came onto the bench.  So, I'm aware

4    that they're here, I just haven't had a chance to look at them,

5    so I will as soon as this hearing is over.

6              MR. KLAUDER:  Very well.  Just so Your Honor knows,

7    the presentation of that order was somewhat of a difficult

8    process in the sense that we had to coordinate with all the

9    parties, but after a little bit of time we were able to appease

10   the parties concerns.

11             THE COURT:  Mr. Klauder, may I ask, are they -- oh,

12   you have one, Mr. Sisca?  Are the orders the same in all four

13   cases?

14             MR. KLAUDER:  They are.

15             THE COURT:  All right. Mr. Sisca has one here. If

16   it's okay, if you'll just give me a second, I'll just take a

17   look at one of them.

18             MR. KLAUDER: Sure.

19             MR. SISCA: Those are the proposed orders in the three

20   Pittsburgh cases. They're identical to the orders in the

21   Delaware cases.

22             THE COURT:  Delaware cases, okay.  Pardon me just a

23   minute, Mr. Klauder, and let me take a look.  All right. Well,

24   these orders, proposed orders do what Mr. Sisca represented  on

25   the record and also indicate that the parties in interest will

1  cooperate with the examiner, that the examiner will cooperate

2  with the governmental agencies provided that that cooperation

3  will not be deemed to be a public disclosure and that nothing

4  in this order will prejudice any party's rights to protect

5  documents or information or privileges, and nothing in the

6  order will prevent any party from seeking to expand or limit

7  the scope of the investigation and I think with those

8  additions, that this order is as represented by Mr. Sisca.

9          So, okay, now I've read it Mr. Klauder, so if you

10 don't mind go ahead and finish your recitation.

11         MR. KLAUDER: Your Honor, we would ask, as I said in

12 the Delaware cases, that order was a negotiated order and we

13 presented it to you with no objections, so we'd ask that you

14 enter that in the four Delaware cases.

15         And to keep this a uniform process, as Mr. Sisca

16 indicated, we would like that order entered in the Pittsburgh

17 cases as well, as those motions are up to be heard today.

18         THE COURT:  Okay.  Mr. Ziegler?

19         MR. ZIEGLER:  Your Honor, I would just point out that

20 the order was not negotiated with Pittsburgh counsel and that's

21 one of the concerns we raised when we spoke to you I think a

22 month or so ago, that everything gets worked out in Delaware

23 and they tell us what's going on -- with that being said, I

24 don't really have a problem with the order.  I'd point out that

25 the order really doesn't resolve the allocation and the scope

1  issues that we've talked about, but it sets forth a process for

2  dealing with those in the future.  We would like, though, to be

3  involved in the discussions and negotiations on those points

4  and we don't want to have it again when we come up, and an

5  order is presented to Your Honor and we've not seen it or been

6  involved in any discussions on it.  We just want to be involved

7  in the discussions.

8          THE COURT: You don't want to be the tail wagging the

9  dog, you want to be the dog in the next round.

10         MR. ZIEGLER: Well, we want to be, you know, further

11  up than the tail.

12         THE COURT: All right.  Well --

13         MR. ZIEGLER:  I'm not sure which part but we don't

14  want them to just give it to us and say here, everybody else

15  has worked this out, live with it.

16         THE COURT:  Okay.  Mr. Sisca, can we make sure that

17  if this order is entered in the Pittsburgh cases, too, that to

18  the extent that there is some negotiation with respect to both

19  the scope and the allocation of costs, that all of the Debtors

20  including the Pittsburgh and Delaware Debtors are brought into

21  this negotiation process?

22         MR. SISCA: Yes, Your Honor.

23         THE COURT:  Okay. Because the committees, to a

24  certain extent and the FCR have similar, if not identical

25  counsel in many of the cases. And so their views can be made

1  known, that's not the case with respect to Pittsburgh versus

2  Delaware Debtor counsel.  So, I would like to make sure that

3  everybody is fairly heard.

4          MR. SISCA:  Yes, Your Honor.

5          THE COURT:  Okay.

6          MR. ZIEGLER:  With that, Your Honor, we have no

7  objection to the orders.

8          THE COURT:  All right. Mr. Helmrich, does the FCR

9  have anything it needs to add?

10          MR. HELMRICH:  No, Your Honor.

11          THE COURT: Mr. Salzman, the ACC?

12          MR. SALZMAN:  No, Your Honor.

13          THE COURT:  Anybody wish to be heard on the

14  Pittsburgh orders?  Okay. I will enter the same orders, then,

15  in all the cases so that we can get this process underway and

16  it's with the understanding then, that the U.S. Trustee will do

17  its best to try to get one examiner, if possible. I understand

18  that might be a Herculean task, but nonetheless, I think that

19  will be in everyone's best interest if it can be accomplished.

20  So, okay.

21          MR. KLAUDER:  Your Honor, if I may, David Klauder for

22  the United States Trustee.

23          THE COURT: Yes.

24          MR. KLAUDER:  On moving forward, I'm not sure how

25  Your Honor wants to handle that.  We can kind of keep that open

1  and see how this process plays out.  We're intending to move

2  forward forthwith in all these cases and get someone or if it

3  needs to be more than one, up and running as soon as possible

4  and getting the meet and confers with all the parties

5  accomplished.

6          To that extent there may require another hearing if

7  there are any outstanding issues or if they are not presenting

8  to Your Honor a second order as we discussed before in the

9  second phase of this process.  So, I'm not sure how Your Honor

10 wants to handle that.  Should we set another hearing or should

11 we just leave that open and do so when we know more?

12         THE COURT:  Well, I think maybe giving you a hearing

13 date now, because everyone is represented now and this seemed

14 to be pretty painless.  Maybe it would make sense to get one

15 hearing date and get everybody back on the phone together

16 again.  Anybody wish to voice an opposition to that process?

17         MR. LANTRY: Your Honor, this is Kevin Lantry on

18 behalf of the Federal-Mogul and Flintkote Debtors.  I could

19 imagine that the U.S. Trustee is already underway in

20 identifying potential examiners and a number of us would be

21 interested in being apprized of that process, not just after

22 the fact.

23         And so, rather than bothering Your Honor with this,

24 it could be that one of the more efficient things is for the

25 U.S. Trustee to set up something like weekly conference calls

1 to brief us all, if we're interested, on what's going on.

2 Obviously, it's fine to do it in open court, but I think there

3 are interim tasks that many of us are interested in and that

4 might be an efficient way to handle it.

5      THE COURT: That's a good idea, Mr. Lantry.  I think

6 for my purposes, what I want is a hearing date set to make sure

7 that in the event that there are any objections, I can get them

8 heard, and if there are not, then I can get orders entered as a

9 final date to get this process finalized and know that there is

10 an examiner who's got some marching orders and knows what those

11 orders are.

12      So, I'm not sure -- Mr. Klauder, Mr. Sisca, is there

13 any reason why the United States Trustee could not, perhaps, do

14 a weekly conference call that could advise all the parties who

15 wish to call in? I think we could probably make the court call

16 system available for that purpose so that it could be pretty

17 easy to do if that is an easy way to handle it as to -- and,

18 perhaps, that's an easy way to get feedback as well.

19      MR. KLAUDER:  Your Honor, David Klauder for the

20 United States Trustee.  I'm just thinking out loud on that.

21 Perhaps we can -- I mean, we can start it out as maybe an

22 e-mail process and if it needs to then result in specific

23 conferences among the parties, we can do it that way.  I mean

24 that's -- you know, I just -- anyway, that's what I'm initially

25 thinking, just because e-mail is a lot easier to get the

1  parties all together.  It seems like it could be a very

2  difficult task to get everybody together at a certain time,

3  week by week.

4        THE COURT:  Well, I can assist in that, because I can

5  order everybody to be there at a certain time, Mr. Klauder and

6  they can either chose to call in or else, you know, not

7  participate.  And there are lots of very big law firms with

8  lots of junior associates.  So, I think to the extent that they

9  want to have staff available, they can make staff available,

10 Mr. Klauder.  I don't think calling in is going to be the

11 issue.  So, it's up to you.  If you think an e-mail works,

12 okay, but I think to get feedback from the parties, you know,

13 half an hour call might make it actually be simpler.

14       Anybody have a view?  These are going to be your

15 calls, not mine.  I'll do whichever you all prefer.

16       MR. ZIEGLER:  Our view would be a telephone call

17 would be preferable to the e-mail process.

18       MS. JONES:  Your Honor, this is Laura Davis Jones.  I

19 join in Mr. Lantry's comment that I think if it's a more of an

20 interactive process, it'll be better than kind of an after the

21 fact process.  But I think the telephone proposal would let it

22 be much more interactive and on time.

23       THE COURT:  Well, with that said, Mr. Klauder, is

24 there any reason why we can't simply then do a weekly status

25 conference call?

1          MR. KLAUDER:  If Your Honor wants us to do that, we

2     will endeavor to do that.

3          THE COURT:  All right.  Then let's pick a date and a

4     time and this will be a court call proceeding, so I'll have my

5     staff alert court call that anybody who calls in two days in

6     advance, two business days in advance, can participate but

7     that's how it's going to be folks, don't call my office and ask

8     for any variation in this order because you're not going to get

9     it.  So, whoever wants to participate, make sure you make the

10    arrangements two business days in advance, other than that I

11    don't want to be involved in this process.  But everybody,

12    everyone, every Debtor, every committee, every FCR, every

13    creditor who wants to be involved in anyway, the U.S. Trustee

14    and everybody I've not mentioned, is ordered to have a

15    representative present and if you don't, then you act at your

16    own peril, because whatever is decided in those meetings, to

17    the extent that there's going to be information transmitted,

18    will be transmitted and if you want to call somebody else later

19    and find out and you get misinformation, you act at your own

20    peril.

21          Now, having said that, they are going to be once a

22    week for the next, we'll say, four weeks because after that I'm

23    not sure that it will be necessary.  We can revisit whether or

24    not it's necessary to expand it beyond that, at the next

25    hearing before this court.  So, for the next four weeks, Mr.

1 Klauder, what's convenient for you, and Mr. Sisca.  I don't

2 want to ignore Mr. Sisca either.  He's telling me I can ignore

3 him, Mr. Klauder, make it easy for you.

4          MR. KLAUDER:  Mondays would be fine, Your Honor,

5 starting on the 19th, at any --

6          THE COURT:  All right.  We have some people on the

7 west coast, so maybe at noonish, if that's possible so that

8 people on the west coast could be in their offices by nine, or

9 later, in the day, but not earlier than noon?

10          MR. KLAUDER:  This is David Klauder again, that's

11 fine with me, noon is fine with me.

12          THE COURT:  All right.  Noon eastern time work for

13 everyone, Mondays at noon.  All right.  Mondays, at noon,

14 eastern time, by court call.  That means you have to call in by

15 noon on Thursday, right, is that right?  Somebody tell me if

16 I'm incorrect.

17          UNIDENTIFIED FEMALE SPEAKER:  Wednesday?

18          THE COURT:  Wednesday?

19          UNIDENTIFIED FEMALE SPEAKER:  -- two business day.

20          THE COURT:  Two full business days.  Noon by

21 Wednesday, you've got to call in to make the arrangements.

22 Okay.  That having been said, that will take place -- I said

23 four weeks, but what I'm going to say is until the next hearing

24 before this court, so, let's pick a date for a hearing now.

25 When is the next Pittsburgh Corning date?

**J&J COURT TRANSCRIBERS, INC.**

1           MR. ZIEGLER:  Our next omnibus date is December 11th,

2 Your Honor, at one o'clock.

3           THE COURT:  Will the U.S. Trustee's Office be ready

4 to know who the examiner will be by then and have worked out

5 the details of the appointment?

6           MR. KLAUDER:  December 11th?

7           THE COURT:  Yes.

8           MR. KLAUDER:  Your Honor, that's almost a month from

9 now.  I don't have a problem with setting a hearing on that

10 date.

11          THE COURT:  Does anybody have a problem with December

12 11th at -- I'm sorry, one o'clock, Mr. Ziegler?

13          MR. ZIEGLER:  One o'clock is Pittsburgh Corning, I

14 believe, Your Honor.  I don't have a schedule actually in front

15 of me for Pittsburgh Corning, I have the NARCO/GIT, it's at

16 two.  Usually, I think in all cases Pittsburgh is an hour

17 earlier than that.

18          THE COURT:  Okay.  I can check the time.  Okay.  This

19 hearing, then, is continued until December the 11th at one

20 o'clock eastern time.  And, that's a Tuesday.  So, the last

21 call that I'm ordering right now is on December 10th, the last

22 status conference call is December 10th.  If there is need for

23 more, you can discuss that with me on the 11th.

24          All right.  Anything more in the Pittsburgh Corning

25 or with respect to the appointment of the examiner in any of

1 the cases?

2          MR. ERENS:  Your Honor, if I may, it's Brad Erens.

3          THE COURT:   Yes.

4          MR. ERENS:  I do want to note for the record, I know

5 this hearing is for the preconfirmation cases, USG is

6 interested in participating in this process.  We are post

7 confirmation as is a number of other cases.  I have been

8 discussing this with Mr. Klauder, we will continue.  I just

9 would assume that it makes sense not to get too far down the

10 road in this process without roping in all the cases that are

11 going to be involved.

12          THE COURT:  Well, I think that's probably a good

13 point.  I'm not sure where the U.S. Trustee's Office stands in

14 the investigation with respect to the confirmed cases.  Mr.

15 Klauder, have you made any progress there?

16          MR. KLAUDER:  Your Honor, the hope was to get the

17 examiner, examiners appointed in these cases first, to deal

18 with the pre-confirmation and then one of the, I guess, agenda

19 items so to speak, to discuss with that person or persons, is

20 proceeding forward at a post confirmation cases.  So, at this

21 point I don't have anything to report, but hopefully, maybe

22 even in the conference calls, or at the next hearing there

23 might be a little more progress on that issue but I think that

24 the focus right now from our office was to get the

25 pre-confirmation process up and running.

1          THE COURT:  Mr. Erens, why don't you just have USG

2    participate in the next call before this court, then, on

3    December 11 and to the extent that you wish to participate in

4    the weekly status conference calls, you're certainly free to do

5    that, any of the Debtors who had an involvement, any of the

6    cases the parties and the Debtors, that had an involvement with

7    the Tersini firm in either Delaware or Pittsburgh, may

8    participate in the status conference calls, but to the extent

9    that the motions have been filed only in the four cases and

10   Delaware and the two in Pittsburgh, right now I'm looking for

11   orders appointing the examiners only in those cases.  But I am

12   expecting that the U.S. Trustee's Office will be looking into

13   the need for an examiner in the confirmed cases as well.  So,

14   if USG wants to take a lead role in discussing that information

15   that would be most helpful, Mr. Erens.

16          MR. ERENS:  All right, yes, we will do that.

17          THE COURT:  Anything else by anyone?

18          MR. ZIEGLER:  Your Honor, did you want an order

19   submitted on the setting of a new hearing and the conference

20   calls or do we just go by your oral order?

21          THE COURT:  I think everybody is involved and is

22   aware of it, Mr. Ziegler.  I wouldn't mind putting an order on

23   the docket if you want to submit one, but certainly everybody

24   has had adequate notice and whether there's an order entered on

25   the docket or not, they're all aware of it.  To be safe, I

1 think probably an order would be a good idea, but I appreciate

2 all the help that you've given the Court so far in setting this

3 up so maybe what I'll do is just have the notes of this hearing

4 docketed as a notice on the docket.

5          MR. ZIEGLER:  That's fine, Your Honor.

6          THE COURT:  Okay.  Mona, can you just make a note to

7 get a docket entry made about the continued call on December 11

8 at one, and that should be in the four Delaware and the two

9 Pittsburgh cases and the we'll take care of it that way.  Mr.

10 Restivo?

11         MR. RESTIVO:  Your Honor, having been assured with

12 respect to the appointment of an examiner, that Mr. Ziegler

13 will now be running with the big dogs, we don't think there's

14 anything else.

15         THE COURT:  I think he's being kind, Mr. Restivo, or

16 Mr. Ziegler, it must be getting close to the holidays.  All

17 right, gentlemen and ladies, thank you.  The Pittsburgh Corning

18 and all of the related cases with respect to the examiner are

19 adjourned.  Thank you.

20                              *****

21

22

23

24

25

1

2

## CERTIFICATION

I, ELAINE HOWELL, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter and to the best of my ability.

/s/ Elaine Howell          Date:  November 18, 2007

ELAINE HOWELL

J&J COURT TRANSCRIBERS, INC.

**J&J COURT TRANSCRIBERS, INC.**

J&J COURT TRANSCRIBERS, INC.