IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[3] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Docket Ref. No. 17124, 17341 |
| | | 11/26/07 Agenda No: 5 |

### ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN DELOITTE FINANCIAL ADVISORY SERVICES LLP TO PROVIDE CERTAIN DUE DILIGENCE SERVICES NUNC PRO TUNC TO OCTOBER 1, 2007

Upon consideration of the application (the "Application")[4] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking entry of an order authorizing the employment and retention of Deloitte Financial Advisory Services LLP ("Deloitte FAS") to provide certain due diligence services *nunc pro tunc* to October 1, 2007; and upon the Affidavit of Timothy Hurley; and the Court being satisfied, based on the representations made in the Application and Hurley Affidavit, that Deloitte FAS represents no

---

[3] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[4] Capitalized terms not defined herein shall have the same meaning as in the Application.

interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that Deloitte FAS is a "disinterested person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), and that the employment of Deloitte FAS is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to employ and retain Deloitte FAS to serve the Debtors in these Chapter 11 cases by providing certain due diligence services in accordance with the terms of the Application, the Hurley Affidavit and the Engagement Letter; and it is further

ORDERED that Deloitte FAS will provide certain due diligence services as Deloitte FAS and the Debtors shall deem appropriate and feasible in order to advise the Debtors in the course of the Chapter 11 cases, including but not limited to the following:

      (i)    obtaining a high-level understanding of the basis of accounting;

      (ii)   obtaining a high-level understanding of how the parties segregate individual projects in their accounting system and for banking and cash management purposes;

      (iii)  obtaining a high-level understanding of the Revenue Recognition policies;

      (iv)  obtaining a high-level understanding of how costs associated with land, property, and inventory are determined when sales are made, including an understanding of how these transactions are booked;

      (v)   obtaining a high-level understanding of where the environmental liabilities are booked on the balance sheet;

    (vi)    assisting the Debtors in their analysis of the parties' unaudited financials for FY 2005, FY 2006 and YTD 2007 and providing commentary regarding Deloitte FAS's observations and findings; and

    (vii)    assisting the Debtors in understanding how the parties will structure the particular transaction.

ORDERED that with respect to services performed by Deloitte FAS under the Engagement Letter prior to the effective date of the Debtors' plan of reorganization, paragraphs 5(a) and 5(c) of the Appendix A to the Engagement Letter shall be deemed to be null and void; and it is further

ORDERED that Deloitte FAS may render limited services in connection with the due diligence investigation of a proposed transaction relating to the disposition and settlement of certain environmental liabilities of the Debtors; and it is further

ORDERED that Deloitte FAS shall be compensated for services provided and reimbursed for expenses incurred in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Order"); and it is further

ORDERED that, notwithstanding anything to the contrary herein or in the Application, the Hurley Affidavit or the Administrative Order, Deloitte FAS's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by

Deloitte FAS in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the Administrative Order; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 26, 2007

_Judith K. Fitzgerald_
The Honorable Judith K. Fitzgerald
United Stated Bankruptcy Judge