IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| In re | Chapter 11 |
| W.R. GRACE & CO., et al., | Case No. 01-01139 (JKF) |
| | Jointly Administered |
| Debtors. | RE: 17110, 17114 & 17379 |
| | Agenda Nos: 7 & 8 |
| | 11/26/07 |

## AGREED ORDER GRANTING LIBBY CLAIMANTS' MOTION IN LIMINE CONCERNING ESTIMATION PROCEEDING EVIDENCE

This matter having come before the Court upon consideration of the Libby Claimants' Motion In Limine Concerning Estimation Proceeding Evidence filed October 22, 2007 [Docket No. 17114] (the "Motion");[1] the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Equity Holders, the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), the Official Committee of Property Damage Claimants, the Future Claimants' Representative (the "FCR") and the Libby Claimants[2] having assented to the entry of this Order, and after due deliberation and sufficient cause appearing therefor,

**THE COURT FINDS AND CONCLUDES THAT:**

    A.    This Court has jurisdiction over these cases under 28 U.S.C. § 1334(b).

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    C.    Due and adequate notice has been given to all parties entitled thereto, and no other or further notice is necessary or required.

---

[1] All terms used in this Order with initial capitalization and not defined herein shall have the same meaning as in the Motion.

[2] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 15692], as it may be amended and restated from time to time.

D. This Court on August 29, 2005, entered its Case Management Order for the Estimation of Asbestos Personal Injury Liabilities [Docket No. 9301], which, as amended (the "Case Management Order") governs the contested matter (the "Estimation Proceeding") whereby this Court will estimate the value of the Debtors' aggregate liability respecting all pending and future personal injury claims and demands (as defined in Section 524(g)(5) of the Bankruptcy Code), including claims and demands resulting from Libby Claimants' Alleged Asbestos Disease (as defined below), arising out of the exposure to asbestos from the Debtors' products, operations or business ("Aggregate Liability").

E. No party has produced in the Estimation Proceeding an expert report separately quantifying the Debtors' liability for personal injury claims and demands for asbestos disease allegedly caused by asbestos resulting from the Debtors' operations in Lincoln County, Montana, except that the FCR through Jennifer L. Biggs has produced various geographically-based calculations and estimates, including a quantification for Libby, Montana. Ms. Biggs' separate quantification is not based on the extent, if any, to which asbestos-related disease diagnosed in Libby Claimants ("Libby Claimants' Alleged Asbestos Disease") has medical characteristics distinct from other asbestos-related disease. With the deadline for submission of expert reports having expired under the Case Management Order, no party may introduce any other such separate quantification. Accordingly, the introduction in the Estimation Proceeding of evidence concerning medical and (subject to the proviso in paragraph 2 below) statistical issues specific to Libby Claimants, including but not limited to the extent, if any, to which Libby Claimants' Alleged Asbestos Disease has medical characteristics distinct from other asbestos-related disease, would not assist this Court in its estimate of Aggregate Liability.

F.  Exclusion of medical and statistical evidence separately addressing Libby Claimants' Alleged Asbestos Disease and claims and demands resulting therefrom could significantly shorten the trial of the Estimation Proceeding—serving the goal of judicial economy and resulting in material savings to the Debtors' estate and to the parties—without any adverse effect on this Court's ability to estimate Aggregate Liability. Specifically, there will be no need for (a) any testimony by the expert witnesses listed in Exhibit A, (b) testimony concerning Libby Claimants' Alleged Asbestos Disease by the expert witnesses listed in Exhibit B, (c) testimony by any non-expert witness listed as such by the Libby Claimants, (d) testimony by any non-expert witness concerning Libby Claimants' Alleged Asbestos Disease, including any testimony by the witnesses listed in Exhibit C, or (e) any further participation in the Estimation Proceeding by counsel to the Libby Claimants.

G.  The relief requested in the Motion is necessary and in the best interests of the Debtors, their estates, and all parties in interest.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is granted, subject to the terms and conditions outlined below.

2.  At or in conjunction with the Estimation Proceeding, no evidence shall be introduced or accepted for introduction, nor shall any further discovery be conducted, nor shall any statements be made by counsel, nor shall any finding or other determination be made: (a) concerning medical characteristics of Libby Claimants' Alleged Asbestos Disease, including the extent, if any, to which Libby Claimants' Alleged Asbestos Disease may have medical characteristics distinct from other asbestos disease, or (b) concerning the portion of Aggregate Liability that is attributable to claims and demands for Libby Claimants' Alleged Asbestos

Disease; provided, however, that nothing in this Order shall prevent the introduction into evidence of the opinions and testimony contained in the reports and reliance materials of the estimation experts of the FCR and ACC in this case, namely, Jennifer L. Biggs and Mark R. Peterson, or rebuttal thereto by the Debtors and other parties to the Estimation Proceeding within the scope of the opinions and testimony of Ms. Biggs and Mr. Peterson.

3. By reason of the preceding paragraph and without limiting the generality of the foregoing, (a) the expert witnesses listed in Exhibit A shall not testify or be subject to further discovery in the Estimation Proceeding, and their reports shall not be part of the record in the Estimation Proceeding, (b) the expert witnesses listed in Exhibit B shall not testify or be subject to further discovery in the Estimation Proceeding concerning Libby Claimants' Alleged Asbestos Disease, and their reports shall not be part of the record in the Estimation Proceeding insofar as they address Libby Claimants' Alleged Asbestos Disease, (c) the persons listed by the Libby Claimants as potential fact witnesses in connection with the Estimation Proceeding shall not testify or be subject to further discovery in the Estimation Proceeding, (d) the non-expert witnesses listed in Exhibit C shall not testify or be subject to further discovery in the Estimation Proceeding concerning Libby Claimants' Alleged Asbestos Disease, and (e) the Libby Claimants shall not appear in, or in connection with, the Estimation Proceeding as a separate party from the ACC, other than to enforce the provisions of this Order.

4. Except as provided herein, all parties' rights are reserved on all issues, including but not limited to (other than in the Estimation Proceeding) the medical criteria for Libby Claimants' Alleged Asbestos Disease, the extent, if any, to which Libby Claimants' Alleged Asbestos Disease has medical characteristics distinct from other asbestos disease, and whether and in what amount any particular claim and demand based on Libby Claimants' Alleged

Asbestos Disease should be allowed.

5. No party, including the Libby Claimants, may challenge the Court's findings and conclusions in the Estimation Proceeding, including its findings of Aggregate Liability, on the grounds that (a) the Libby Claimants did not participate in the Estimation Proceeding, *provided* that this Order remains in full force and effect, and its provisions are implemented and enforced in the Estimation Proceeding; or (b) the Court did not consider the Libby Claimants' allegations concerning Libby Claimants' Alleged Asbestos Disease, including but not limited to the extent, if any, to which Libby Claimants' Alleged Asbestos Disease has medical characteristics distinct from other asbestos-related disease.

6. This Order shall not be used for any purpose other than to exclude medical and statistical evidence separately addressing Libby Claimants' Alleged Asbestos Disease in the Estimation Proceeding as provided above, and shall not be used by any party, including the United States government, for any other purpose or proceeding, including the current criminal proceeding pending against the Debtors in the United States District Court for the District of Montana, case no. CR-05-07-M-DWM.

7. This Order shall supersede the Case Management Order to the extent inconsistent therewith, *provided, however,* that in all other respects the Case Management Order shall remain in full force and effect. This Order renders moot the Libby Claimants' Motion to Strike Expert Reports filed October 22, 2007 [Docket No. 17110], which shall be deemed withdrawn by the Libby Claimants.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 26, 2007

Wilmington, Delaware

/s/ Judith K. Fitzgerald
_____
Honorable Judith K. Fitzgerald JPC
United States Bankruptcy Judge

877p/Order re Estimation Motion 16 (Final)

# EXHIBIT A

Dr. Arthur Frank, M.D., Ph.D.

Dr. M. Laurentius Marais, Ph.D.

Dr. William E. Wecker, Ph.D.

Dr. Alan Whitehouse, M.D.

**EXHIBIT B**

Dr. Elizabeth Anderson, Ph.D.

Dr. Steven E. Haber, M.D.

Dr. Daniel Anthony Henry, M.D.

Dr. Grover M. Hutchins, M.D.

Dr Richard J. Lee, Ph.D.

Dr. John Parker, M.D.

Dr. Suresh H. Moolgavakar, M.D., Ph.D.

Dr. Joseph Rodricks, M.D.

Dr. David Weill, M.D.

**EXHIBIT C**

Dr. James Jay Flynn, M.D.

Patricia A. Sullivan, Sc.D

Dr. Alan Whitehouse, M.D.