## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: November 30, 2007** |
| | ) | **Hearing Date: December 17, 2007 @ 2:00 pm** |
| | ) | **(in Pittsburgh, PA)** |
| | ) | |
| | ) | **Re: Docket Nos. 17328 and 17334** |
| | ) | |
| | ) | **Re: Claim Nos. 11036 and 11037** |
| | ) | |

## MEMORANDUM IN OPPOSITION TO DEBTORS' MOTION TO DISALLOW AND EXPUNGE CLAIM NOS. 11036 AND 11037 AS DUPLICATE CLAIMS

Speights & Runyan on behalf of One and Two Allegheny Center (collectively referred to as "the Claimants") respectfully submits this Memorandum in Opposition to the Debtors' Motion to Disallow and Expunge Claim Nos. 11036 and 11037 as duplicate claims on the basis of *res judicata*.

### I. Statement of Facts

1.     On March 31, 2003, Speights & Runyan filed proofs of claim for One Allegheny Center and Two Allegheny Center, located in Pittsburgh, PA. [Ex. 1].  These claims were assigned Claim Nos. 11036 and 11037 by the Debtors' Claims Processing Agent, Rust Consulting.  Speights & Runyan was authorized to file the claims and received written authorization to file on March 25, 2003. [Ex. 2].

2.      Unbeknownst to Speights & Runyan, Allegheny Center Associates apparently filed a proof of claim for these same buildings on March 26, 2003. [Ex. 3]. This claim was assigned Claim No. 9778 by the Debtors' Claims Processing Agent, Rust Consulting. The Proof of Claim was apparently signed by someone who designated himself as "counsel" for Allegheny Center Associates whose mailing address was listed on the Proof of Claim form as "Allegheny Center Associates, Mall Mgmt Office, Pittsburgh, PA 15212." [Id].

3.      On December 22, 2003, the Debtors filed a Motion for Limited Waiver of Del. Bank. LR 3007-1 for the Purpose of Streamlining Objections to Certain Claims Filed Pursuant to the Bar Date Order ("Limited Waiver Motion") (Dk. No. 4853). In the Limited Waiver Motion, the Debtors specifically recognized the applicability of Local Delaware Bankruptcy Rule 3007-1 and the fact that if they would waive objections if they did not include all objections in a single pleading. (See, Dk. No. 11408). This Court granted the Motion at a hearing on March 22, 2004, and memorialized the ruling in a July 19, 2004 Order ("Limited Wavier Order") (Dk. No. 4853) and permitted the Debtors to separately file "Gateway" objections and "Substantive" objections. However, at the March 2004 hearing on the Limited Waiver Motion, this Court was especially mindful of the hardships that multiple objections could impose on claimants.

> So, it should be one gateway objection, and then, if the claim still survives that process, then it should be one objection for everything else. I don't think anybody should have to come back here more than twice for this. I appreciate the need to sort of get this winnowed down to the point where it's manageable, and it may not be manageable right now, but nonetheless, I think there is a fairness component to this that has to be attributed to the claimants too.

(March 22, 2004 Hearing Tr., p. 24 – Dk. No. 5374).[1]

4.      On March 16, 2005 the Debtors served Gateway Objections to Certain asbestos property damage claims including Claim Nos. 11036 and 11037 filed by Speights & Runyan on behalf of the Allegheny Center buildings. Speights & Runyan was served with the "Gateway" objections to these two specific claims and responded by providing additional documentation in support of these two claims on May 16, 2005. After receiving the additional information, the Debtors apparently abandoned their "Gateway" objection to these two claims.

5.      On July 17, 2005, the Debtors sought an additional waiver of Local Rule 3007-1 for the purpose of filing additional objections to Claim Nos. 11036 and 11037 on the basis that Speights & Runyan lacked authority to file the claims. (Dk. No. 9008). These claims were specifically identified in the Debtors' Motion and attachments to the motion. After Speights & Runyan consented to the additional waiver and produced written evidence of its authority to file Claim Nos. 11036 and 11037, the Debtors apparently abandoned their authority objections to these claims.

6.      On August 29, 2005, the Court entered its initial Case Management Order for the Adjudication of Asbestos Property Damage Claims Objections. (Dk. No. 9300).

---

[1]The Court reiterated these sentiments at the November 14, 2005 Omnibus Hearing in vacating a Case Management Order proffered by the Debtors:

> I think I was pretty clear that I didn't expect any claimant to have to be here more than twice. I'm not opposed to claimants having to come in on gateways, the procedurals, and then separately on the substantive. I think in a case of this size that happens routinely and I'm not concerned – overly concerned with that. But I am concerned about bring people back here more than twice.

(November 14, 2005 Hearing Tr., p. 49, Dk. No. 11563).

7.      On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Property Damage claims.  (Dk. No. 9315).  The Debtors have represented to this Court and the Claimants that they filed all objections to PD claims in their Fifteenth Omnibus Objection.[2] According to the schedules attached to the Fifteenth Omnibus Objection which were organized alphabetically rather than by claim number or attorney, the Debtors' purported to object [*See*, Exhibit 4, p. 9] to Claim No. 9778 filed on behalf of "Allegheny Center Associates" with "No Counsel Specified" for buildings located at "One and Two Allegheny Center, Pittsburgh PA." Then at page 193 of the schedule, the Debtors purported to separately object to Claim No. 11037 filed on behalf of "One Allegheny Center" with "Speights & Runyan" listed as counsel for a building located at "Allegheny Center, Pittsburgh, PA." [Id, p. 193].  Then at page 458 of the Debtors' schedule, they purported to object to Claim No. 11036 filed on behalf of "Two Allegheny Center" with "Speights & Runyan" listed as counsel for a building located at "Allegheny Center, Pittsburgh, PA." [Id, p. 458].  While Speights & Runyan was clearly served with the Debtors' Fifteenth Omnibus Objection and all exhibits, it can find no evidence or certification which indicates that "Allegheny Center Associates" who filed Claim No. 9778 were served with these papers at the specific mailing address listed in the proof of claim.

8.      On or about October 24, 2005, Speights & Runyan filed comprehensive individual responses to the Debtors' Fifteenth Omnibus Objection on behalf of Claim Nos. 11036 and 11037.

---

[2]*See, e.g.,* Motion for a Scheduling Order Regarding Certain of Debtors' Fifteenth Omnibus Objections to PD Claims (Substantive) (June 19, 2006) at 1, 2, 6, 26.  (Dk. No. 12679).

4

9.    Up through the filing of the Thirteenth and Fifteenth Omnibus Objections and responses thereto, the Debtors raised no objection that any of these three claims were duplicative or involved the same building.  Indeed, on March 9, 2006, the Debtors and Speights & Runyan, after several meet and confer sessions, entered a stipulation which sought to resolve and consolidate forty-five duplicative claims by expunging extraneous claim numbers. (Dk. No. 12147).  During this process the Debtors never suggested that Claim No. 9778 (which had not been filed by Speights & Runyan) was duplicative of Claim Nos. 11036 and 11037 (which had been filed by Speights & Runyan).

10.    On June 19, 2006, the Debtors filed a Motion for a Scheduling Order Regarding Certain of the Debtors' Fifteenth Omnibus Objections to PD Claims (Substantive) in which it sought to set a schedule for the adjudication of hundreds of Asbestos PD claims, including the briefing and argument schedule for filing summary judgment motions.  On October 13, 2006, this Court entered an amended Order Setting Various Deadlines Regarding Objections to Property Damage Objections. (Dk. No. 13406).  Exhibit A to that Order listed Claim No. 9778 with specific objections on page 59. (Id).  It identified the Claimant as "Allegheny Center Associates," stated that there was "no counsel specified" with the claim and Exhibit A provided that the claimant's address was "One and Two Allegheny Center, Pittsburgh, PA." (Id).[3] Exhibit A also listed Claim Nos. 11036 and 11037 on p. 17.   (Id). It also identified these Claimants as "Two Allegheny Center" and "One Allegheny Center," and listed "Daniel A. Speights" as

---

[3]Speights & Runyan is unaware of any evidence that the Court's October 13, 2006 Scheduling Order, which by its terms required the Debtors to "serve this Order and the accompanying Notice on counsel for all PD Claimants affected by this Order, or the claimants themselves if not represented by counsel" (Dk. No. 13406) was properly served upon Allegheny Center Associates.  As with the other pleadings the Debtors purportedly served on Claim No. 9778, the address listed by the Debtors for this claim does not match the mailing address designated on the claim form and there is no indication that the signator of Claim No. 9778 was the addressee of the Debtors' papers.

counsel for the claimant. (Id).

11.     On or about February 1, 2007, Speights & Runyan, served written discovery on the Debtors on behalf of One and Two Allegheny Center. [Exhibits 5, 6]. This discovery specifically sought the factual basis of the Debtors' Statute of Limitations and Product ID defenses and specifically referenced Claim Nos 11036 and 11037. Speights & Runyan served no discovery for Claim No. 9778, and indeed, was completely unaware that Claim No. 9778 purportedly involved the same buildings.

12.     On or about March 5, 2007, the Debtors responded to the written discovery served on behalf of Claim Nos. 11036 and 11037. In its responses, the Debtors specifically denied that Monokote fireproofing had caused any injury with respect to these two claims and failed to identify any evidence (including the claim form for Claim No. 9778) that any property damage had occurred in the buildings sufficient to trigger the statute of limitations. [Exhibits 7, 8].

13.     Meanwhile, on February 19, 2007, Grace filed a Motion for Summary Judgment directed at sixteen allegedly time barred property damage claims. (Dk. No. 14598). The Debtors' Motion specifically identified claims by claim number and claimant, but did not provide any other identifying information. The Debtors identified one of the claims as "Allegheny Center Associates (Claim No. 9778)." (Id, p. 2). The Debtors' certificate of service indicates that this motion was served as follows:

> **First Class Mail**
> Allegheny Center Associates
> One and Two Allegheny Center
> Pittsburgh, PA 15212

6

[Exhibit 9]. The COS indicates that the Debtors' Motion was not directed to the person who signed Claim No. 9778 as counsel, nor to the specific mailing address listed on the Proof of Claim form. [*See,* ¶2 and Exhibit 3].

14.     Speights & Runyan was served with this motion and filed a response on behalf of the ten claim numbers for which it had filed proofs of claim, including other claimants from Pennsylvania. Of course, Speights & Runyan had no record of having filed Claim No. 9778 because it had not filed that claim.

15.     On April 9, 2007, this Court conducted a hearing on the Debtors' Motions for Summary Judgment. At page 192 and 193 of the proceedings, Debtors' counsel addressed the Court with respect to Dk. No. 14598.

> Your Honor, of the 16 claims that were originally subject to debtor's motion three of those claims were represented by Mr. Dies. And, as we've indicated earlier, those claims are not at issue with respect to this argument here today. . . . In addition, there were two claimants that did not file any response to the debtors' motions. Those claimants were Ms. Virginia Thrasher, Claim 2636, and the Allegheny Center Associates, Claim No. 9778. Ms. Thrasher's claim was included in the not a Grace product motion, so I'm not going to address that one. We do have an order, though, for that remaining claim, that 9778, to which no response from those folks were received.

(April 9, 2007 Tr., pp. 192-3, Dk. No. 15229). The Court then inquired if there was "anybody present representing Allegheny Center Associates? There is no response so I'm expunging this claim as barred by the statute of limitations." (Id). Subsequently, the Court entered a written Order expunging Claim No. 9778 on the statute of limitations, presumably because of the technical default caused when no specific response was filed on behalf of that claim number.

16.     Claim Nos. 11036 and 11037 for One and Two Allegheny Center are still pending and before the Court.

## II. Argument

17.    The Debtors seek the dismissal of these two claims on the basis that they are duplicative of another claim that has already been dismissed based upon procedural default. The temerity of the Debtors' argument is breathtaking.

18.    As an initial matter, it is undisputed that the dismissal of Claim No. 9778 was obtained by the Debtors based upon their representation to the Court that no claimant responded to their motion for summary judgment based upon the statute of limitations. Implicit in the Debtors' representation was the fact that their motion was properly served upon this claimant. However, the Debtors' proof of service clearly demonstrates that this is not the case. Indeed, all one needs to do is compare the Debtors' Certificate of Service to the Proof of Claim No. 9778 to understand the Debtors' error.

19.    Proof of Claim No. 9778 was individually signed by a person designated as "Allegheny Center Associates, Counsel." The Proof of Claim clearly designated the mailing address of this claimant as "Allegheny Center Associates, Mall Mgmt Office, Pittsburgh, PA, 15212." [Exhibit 3].

20.    In contrast, the Debtors Certificate of Service for its Summary Judgement Motion (Dk. No. 14598) indicates that the motion was not directed to or served on any specific individual, and was mailed to "One and Two Allegheny Center, Pittsburgh, PA 15212." [Exhibit 9]. Indeed, the Debtors' Fifteenth Omnibus Objection identifies this same mailing address on the schedule of claims objections. [Exhibit 4, p. 9]. This mailing address clearly does not match the address given on the Proof of Claim.

8

21.      Many bankruptcy courts have concluded that objections and pleadings are
properly served on a corporation if served on the person named on the proof of claim at the
address given for notice. *In re Ms. Interpret,* 222 B.R. 409, 415 (Bankr.S.D.N.Y. 1988); *In re
Ruston,* 285 B.R. 76, 81 (Bankr.S.D.Ga. 2002); *In re Village Craftsman, Inc.,* 160 B.R. 740, 745
(Bankr.D.N.J. 1993).  Here, the Debtors have failed on both counts.

22.      It is well settled that Judgments obtained upon procedural default are void if the
party against whom the judgement was entered was not properly served.  *Gold Kist, Inc. v.
Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir.1985).   The Debtors are clearly not entitled to rely
upon the dismissal of Claim No. 9778 as *res judicata* against Claim Nos. 11036 and 11037
where they inexplicably failed to serve the person designated at the address designated in the
Proof of Claim form.

23.      *Res judicata* under federal law requires "(1) a final judgment **on the merits** in a
**prior suit** involving; (2) the same parties or their privities; and (3) a **subsequent** suit based on
the same cause of action."  *In re Cowden,* 337 B.R. 512, 529 (Bankr.W.D.Pa. 2006) (emphasis
supplied).  Moreover, the final judgment in the prior suit must be "valid, final and on merits."
*Sutton v. Sutton,* 71 F.Supp.2d 383, 390 (D.N.J.1999); *see also, Balthazar v. Atlantic City
Medical Center,* 137 Fed.Appx. 482, 2005 WL 1473901 (3d Cir. 2005).  Based upon these
elements, it is clear that the Debtors' conclusory assertions fail to properly establish the defense
of *res judicata.*  Apart from the Debtors' failure to properly prove service and to the extent
claims in bankruptcy are considered suits, it is clear that Claim No. 9778 was not a prior claim to
Claim Nos. 11036 and 11037, but was concurrent with them.  Moreover, the record reflects that
Claim No. 9778 was not adjudicated "on the merits" but was the result of a presumed procedural
default, which, as it turns out, may very well have been a result of the Debtors' choice to serve

the **building** as opposed to the **person** who executed Claim No. 9887. Accordingly, the doctrine of *res judicata* is inapplicable.

24.     Additionally, the Debtors motion contravenes Del. Bankr. LR 3007-1 which requires the Debtors to include all substantive objections to claims in a single objection. In reality, the Debtors request that this Court dismiss Claim Nos. 11036 and 11037 is the **fourth** objection to these specific claims:  (1) Gateway; (2) Authority; (3) Fifteenth Omnibus; and now (4) Duplicate claim/*res judicata.* Accordingly, the Debtors motion is procedurally defective.

25.     Moreover, this Court has already ruled that the Debtors may not unilaterally amend their objections to claims without seeking and obtaining Court approval. (Dk. No. 16470). Yet that is exactly what the Debtors seek to do by their motion – interject a new objection never before raised, the factual predicate for which has been present, if not readily apparent, from the record of claims filed with the Debtors' claims agent since March of 2003. The Debtors had over four years to determine that Claim No. 9778 was duplicative of Claim Nos. 11036 and 11037 and raise an objection. They failed to do so. Moreover, that failure has been compounded by fact that the Debtors inexplicably failed to serve objections, notices and motions on Claim No. 9778 as designated in the Proof of Claim form. The failure to discover the duplicative claim resulted int the Debtors further misinforming the Court and all other parties in interest, through its notices and claim schedules that there was "No Counsel Specified" with respect to Claim No. 9778 for "Allegheny Center Associates." The result of these compounded errors was a procedural default for Claim No. 9778. The Debtors should not now be rewarded for this comedy of errors with the dismissal of the two additional claims that are procedurally

intact, and which have been vigorously litigated by counsel before this Court for years.[4]

## III. Conclusion

26.    The Debtors' motion is nothing more than an attempt to capitalize upon its own errors at the expense of two legitimate claims.  The Debtors' Motion to Dismiss Claim Nos. 11036 and 11037 should be denied.

## IV. Reservation of Rights and Alternative Relief Requested

27.    In the event that this Court should decide to entertain the Debtors' attempt to "back door" a new objection to Claim Nos. 11036 and 11037 and address the Debtors' Motion on the merits, the Claimants respectfully request that this Court set a scheduling conference for the parties with the Court for the purpose of establishing a Scheduling or Case Management Order with respect to this objection.

DATED: November 30, 2007

Christopher D. Loizides (#3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

- and -

---

[4]The record clearly indicates that a significant amount of effort and energy have gone into the adjudication of Claim Nos. 11036 and 11037 since the original proofs of claim were filed by Speights & Runyan. "Gateway" objections were noticed and responded to by Speights & Runyan in early 2005 with building specific documents. Then, the Debtors filed additional "authority" objections to these two claims which were again served on Speights & Runyan who responded by providing unequivocal evidence of express written authority for these two claims. The Debtors then filed additional substantive objections to these claims, to which Speights & Runyan filed lengthy and individual responses on behalf of these two claims. These two claims were separately scheduled in this Court's October 13, 2006 Scheduling Order. Speights & Runyan served discovery on behalf of these two claim numbers which, *inter alia*, sought disclosure of the Debtors' basis for its statute of limitations defense. In the Debtors' response, they failed to identify or disclose Claim Form No. 9778 which they now claim establishes the statute defense for Claim Nos. 11036 and 11037. Remarkably, the Debtors did not even seek summary judgment for Claim Nos. 11036 and 11037.

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed ID No. 6101)
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

*Counsel for Speights & Runyan on behalf of
One and Two Allegheny Center*

**Summary of Exhibits**

Exhibit 1                          Proof of Claim Forms, Claim Nos. 11036 and 11037

Exhibit 2          Authorization for Speights & Runyan to Represent One Allegheny Center and
                                                        Two Allegheny Center

Exhibit 3                                          Proof of Claim Form, Claim No. 9778

Exhibit 4                          Debtors' Summary of Objection Chart, pp. 9, 193 and 458

Exhibit 5              First Set of Interrogatories, Requests for Admission and Request for
                                      Production, Claim No. 11036 Two Allegheny Center

Exhibit 6              First Set of Interrogatories, Requests for Admission and Request for
                                      Production, Claim No. 11037, One Allegheny Center

Exhibit 7          Debtors Responses to First Set of Interrogatories, Requests for Admission and
                              Request for Production, Claim No. 11036 Two Allegheny Center

Exhibit 8          Debtors' Responses First Set of Interrogatories, Requests for Admission and
                              Request for Production, Claim No. 11037 One Allegheny Center

Exhibit 9          Debtors' Certificate of Service to Debtors' Motion for An Order Pursuant to
                      F.R.B.P. 7056 Disallowing and Expunging Sixteen (16) Time-Barred
                                              Asbestos Property Damage Claims