UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF BILZIN SUMBERG DUNN BAENA
PRICE & AXELROD LLP FOR THE TWENTY-FIFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Bilzin Sumberg Dunn Baena Price & Axelrod LLP for the Twenty-Fifth Interim Period.

BACKGROUND

1.      Bilzin Sumberg Dunn Baena Price & Axelrod LLP ("Bilzin") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants. In the Application, Bilzin seeks approval of fees totaling $440,312.25 and costs totaling $121,427.80 for its services from April 1, 2007, through June 30, 2007.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Bilzin an initial report based on our review and received a response from Bilzin.

## DISCUSSION

3.   In our initial report, we noted eight instances in which multiple firm professionals participated in a meeting, hearing or conference call. (See Exhibit A.) We asked Bilzin to examine the exhibit and in each instance to explain the need for each professional's presence and the particular area of expertise each brought to the meeting. Bilzin's response is provided as Response Exhibit 1. We accept the response and thus we recommend a total reduction of $2,202.50 for these fees.

4.   We noted an airfare expense that may be excessive. The entry is provided below.

04/10/07   Airfare Travel to Pittsburgh - VENDOR: JAY M. SAKALO;   1,712.70
           INVOICE#: JMS-04/10/07; DATE: 4/10/2007 - Client - 15537

We asked Bilzin to provide documentation that the fare was booked at coach or economy rate. Bilzin responded as follows:

> The Fee Auditor has inquired about an airfare charge dated April 10, 2007, in the amount of $1,712.70, for a flight taken by Mr. Sakalo from Ft. Lauderdale, Florida to Pittsburgh, Pennsylvania to attend a Grace hearing. Based on further review, the amount that should be charged for the airfare is $1.662.70. There was an inadvertent overcharge of $50.00. The airfare was the least expensive fully refundable coach fare available at the time the ticket was purchased.

We appreciate the response and thus recommend a reduction of $50.00 in expenses.

5.   We noted a lodging expense that is confusing and may be excessive. The entry is provided below.

04/22/07       Lodging Travel to Pittsburgh - VENDOR: SCOTT L. BAENA;      738.72
                INVOICE#: SLB 04/24/07; DATE: 4/24/2007 - Clients

We asked Bilzin to explain the entry in detail. The firm's response is provided below.

> The Fee Auditor has inquired about lodging charges related to Mr. Baena's attendance at the April 23-25, 2007, hearing in Pittsburgh, PA. The breakdown of charges is as follows: $299.00 per night lodging; phone charges of approximately $21.00; a $50.00 early departure charge (the hearing scheduled for April 25, 2007, was cancelled obviating the need for a third-night of lodging); and taxes.

We appreciate the response. For most cities, including Pittsburgh, we recommend a reasonable ceiling of $250.00 plus taxes per day for lodging. Thus we recommend a reduction of $98.00 for the cited expense.

## CONCLUSION

6.      Thus we recommend approval of fees totaling $438,109.75 ($440,312.25 minus $2,202.50) and costs totaling $121,279.80 ($121,427.80 minus $148.00) for Bilzin's services from April 1, 2007, through June 30, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 3rd day of December, 2007.

_____
     Warren H. Smith

**SERVICE LIST**
<u>Notice Parties</u>

**The Applicant**

Scott L. Baena
Jay M. Sakalo
BILZIN SUMBERG DUNN BAENA PRICE &
AXELROD LLP
2500 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2385

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1. On April 5, 2007, four firm members participated in a Committee call. The total time spent including any preparation time was 3.00 hours for a total fee of $1,250.00.

| | | | | |
|---|---|---|---|---|
| 04/05/07 | SLB | 0.90 | 585.00 | Prepare for and conduct meeting of committee (.7);.......... |
| 04/05/07 | JMS | 1.10 | 467.50 | Prepare for and hold Committee call (.8);.............. |
| 04/05/07 | JIS | 0.70 | 175.00 | Attend committee call and follow-up conference. |
| 04/05/07 | MIK | 1.00 | 350.00 | Prepare for committee call (.4); attend committee call (.4);............ |

2. On April 12, 2007, four firm members participated in a Committee call. The total time spent including any preparation time was 4.40 hours for a total fee of $2,102.50.

| | | | | |
|---|---|---|---|---|
| 04/12/07 | SLB | 2.00 | 1300.00 | Email from and to and telephone call from M. Dies regarding agenda for 4/12 meeting (.7); telephone call from R. Levy regarding same (.6); committee meeting (.7). |
| 04/12/07 | JMS | 0.70 | 297.50 | Attend Committee call. |
| 04/12/07 | JIS | 1.40 | 350.00 | Attend committee call and follow up conference regarding same (0.9);.......... |
| 04/12/07 | MIK | 0.80 | 280.00 | Committee call and interoffice conference with S. Baena regarding same (.8);.......... |

3. On April 26, 2007, four firm members participated in a Committee call. The total time spent including any preparation time was 3.20 hours for a total fee of $1,392.50.

| | | | | |
|---|---|---|---|---|
| 04/26/07 | SLB | 2.50 | 1625.00 | Prepare for and conduct committee meeting (1.0);........... |
| 04/26/07 | JMS | 0.70 | 297.50 | Attend committee call |
| 04/26/07 | JIS | 0.80 | 200.00 | Attend committee call and follow up to same. |
| 04/26/07 | MIK | 0.70 | 245.00 | Attend committee call (.7). |

      4.      On April 9, 2007, four firm members attended a hearing. The total time spent including any preparation and non-working travel time was 59.40 hours[1] for a total fee of $25,275.00.

| Date | Atty | Hours | Fee | Description |
|---|---|---|---|---|
| 04/03/07 | SLB | 0.40 | 260.00 | Attention to agenda of 4/9 hearing and email to J. Sakalo regarding things to do (.4). |
| 04/04/07 | SLB | 2.70 | 1755.00 | Prepare for 4/9 hearing (2.7). |
| 04/08/07 | JMS | 3.00 | 1275.00 | Prepare for hearing en route to Pittsburgh. |
| 04/09/07 | SLB | 9.00 | 5850.00 | Court appearance regarding motions for summary judgment (9.0). |
| 04/09/07 | JMS | 10.30 | 4377.50 | Prepare for and attend PD hearing |
| 04/09/07 | JCM | 1.00 | 325.00 | Partial telephonic attendance at Grace hearing |
| 04/09/07 | MIK | 8.00 | 2800.00 | Attend Grace hearing telephonically (8.0). |
| 04/03/07 | JMS | 6.20 | 2635.00 | ............; work on preparation for 4/9 hearing, including multiple conferences with L. Flores and J. Valdes regarding data analysis comparisons and charts (3.8);.......... |
| 04/04/07 | JMS | 3.50 | 1487.50 | Continue preparation for 4/9 hearing, including review of data sheets, analysis of responses and replies and conferences with L. Flores and J. Valdes regarding notebooks and data (2.4);................ |
| 04/05/07 | SLB | 1.70 | 1105.00 | ........; compile materials and prepare for 4/9 hearing and status conference (.9). |
| 04/05/07 | JMS | 3.70 | 1572.50 | .........; e-mail exchange with J. Belferman regarding Summary Judgment hearing (.2); review data analysis for Summary Judgment hearing (.7);......... |
| 04/06/07 | JMS | 4.70 | 1997.50 | ........; continue preparation of summary judgment hearings (1.8);........... |

---

[1] Time for this entry was located in the following project categories - (i) Hearings, (ii) Claims Analysis, Objection, Resolution & Estimation (asbestos) and (iii) Travel.

**FEE AUDITOR'S FINAL REPORT** - Page 7
wrg FR Bilzin 25th.wpd

| | | | | |
|---|---|---|---|---|
| 04/08/07 | SLB | 3.70 | 1202.50 | Non-working travel to Pittsburgh (3.7). |
| 04/08/07 | JMS | 2.00 | 425.00 | Non-working travel to Pittsburgh. |
| 04/10/07 | SLB | 5.50 | 1787.50 | Non-working travel from Pittsburgh (5.5). |
| 04/10/07 | JMS | 4.00 | 850.00 | Non-working return travel to Miami. |

    5.    On April 23-25, 2007, four firm members attended a hearing. The total time spent including any preparation and non-working travel time was 63.90 hours[2] for a total fee of $26,817.50.

| | | | | |
|---|---|---|---|---|
| 04/22/07 | JMS | 1.50 | 637.50 | Prepare for hearing en route to Pittsburgh |
| 04/23/07 | SLB | 8.00 | 5200.00 | Attend hearing re: PD objections (8.0). |
| 04/23/07 | JMS | 10.00 | 4250.00 | Prepare for and attend hearings on PID (9.5);............. |
| 04/23/07 | MIK | 7.70 | 2695.00 | Attend hearing telephonically (7.7). |
| 04/24/07 | SLB | 4.50 | 2925.00 | Hearings re: PD Objections (4.5). |
| 04/24/07 | JMS | 6.30 | 2677.50 | Prepare for and attend hearings on PID (6.0);......... |
| 04/24/07 | MIK | 4.30 | 1505.00 | Attend PD hearing telephonically (4.3). |
| 04/25/07 | SLB | 1.00 | 650.00 | Telephone attendance at hearing on S&R claims (1.0). |
| 04/25/07 | JMS | 3.50 | 1487.50 | Attend hearing regarding S&R PID objections (1.1);......... |
| 04/25/07 | MIK | 0.60 | 210.00 | Attend claims objection hearing telephonically (.6). |
| 04/23/07 | SLB | 1.20 | 780.00 | ...........; interoffice conference with J. Sakalo and conference with S. Walsh regarding hearing (1.0). |
| 04/23/07 | JCM | 2.80 | 910.00 | ........; monitor hearing on summary judgment motions (2.5). |

---

    [2] Time for this entry was located in the following project categories - (i) Hearings, (ii) Claims Analysis, Objection, Resolution & Estimation (asbestos) and (iii) Travel.

| | | | | |
|---|---|---|---|---|
| 04/22/07 | SLB | 3.70 | 1202.50 | Non-working travel to Pittsburgh (3.7). |
| 04/22/07 | JMS | 3.00 | 637.50 | Non-working travel to Pittsburgh. |
| 04/24/07 | SLB | 5.50 | 1787.50 | Non-working return to Miami (5.5). |
| 04/24/07 | JMS | 4.00 | 850.00 | Non-working return to Miami. |

    6.    On May 1, 2007, four firm members attended an omnibus hearing. The total time spent including any preparation and non-working travel time was 39.10 hours[3] for a total fee of $16,735.00.

| | | | | |
|---|---|---|---|---|
| 05/01/07 | SLB | 4.20 | 2,730.00 | Prepare for hearing on 5/2 including oral argument on motion concerning amendments of proofs of claim (3.7); review demonstratives provided by ACC (.5). |
| 05/01/07 | JMS | 1.80 | 765.00 | Prepare for omnibus hearing. |
| 05/02/07 | SLB | 7.50 | 4,875.00 | Attend omnibus hearing. |
| 05/02/07 | JMS | 7.50 | 3,187.50 | Prepare for and attend omnibus hearing. |
| 05/02/07 | JIS | 1.50 | 375.00 | Partial telephonic attendance at PD portions of omnibus hearing. |
| 05/02/07 | MIK | 4.20 | 1,470.00 | Attend omnibus hearing telephonically. |
| 05/02/07 | SLB | 2.00 | 650.00 | Travel to Pittsburgh regarding omnibus hearing. |
| 05/02/07 | JMS | 2.00 | 425.00 | Non-working travel to Pittsburgh. |
| 05/03/07 | SLB | 4.20 | 1,365.00 | Return to Miami from Pittsburgh. |
| 05/03/07 | JMS | 4.20 | 892.50 | Return travel to Miami. |

    7.    On June 21, 2007, four firm members participated in a conference call.  The total time spent including any preparation time was 5.35 hours for a total fee of $2,260.00.

| | | | | |
|---|---|---|---|---|
| 06/21/07 | SLB | 1.20 | 780.00 | Prepare for and conduct meeting. |

---

[3] Time for this entry was located in the following project categories - (i) Hearings and (ii) Travel.

**FEE AUDITOR'S FINAL REPORT** - Page 9
wrg FR Bilzin 25th.wpd

| 06/21/07 | JMS | 2.50 | 1,062.50 | Conference with S. Baena regarding preparation for Committee call, work on agenda (.4); Committee call (.5); draft 6/7 minutes and revise 5/31 minutes (1.6). |
| --- | --- | --- | --- | --- |
| 06/21/07 | JIS | 1.60 | 400.00 | Attend to committee minutes and email to J. Sakalo regarding same (0.5); attend committee meeting, post meeting conference, and attention to notes/minutes of same (1.1). |
| 06/21/07 | MIK | 0.05 | 17.50 | Committee call. |

     8.    On June 11, 2007, four firm members participated in a conference call. The total time spent including any preparation time was 3.40 hours for a total fee of $1,250.00.

| 06/11/07 | SLB | 0.50 | 325.00 | Discussion with J. Sakalo et al regarding continuation of appeal, etc. |
| --- | --- | --- | --- | --- |
| 06/11/07 | JMS | 1.20 | 510.00 | Telephone conference with J. Liesemer, D. Felder regarding joint appendix for exclusivity appeal (.8);............. |
| 06/11/07 | JIS | 1.50 | 375.00 | Attention to exclusivity appeal; review rules, prepare for, and attend telephonic conference with J. Sakalo, M. Kramer, D. Felder, and J. Liesemer regarding joint appendix, general strategic issues. |
| 06/11/07 | MIK | 0.60 | 210.00 | Telephone call with PI, FCR regarding exclusivity appeal (.6). |

Response Exhibit 1

The Fee Auditor requests an explanation regarding the attendance of certain Bilzin professionals at certain meetings, hearings and conference calls on Exhibit A to the Report. As a general matter, Bilzin is exceedingly mindful of limiting the number of professionals involved in the representation of the PD Committee on a daily basis and has steadfastly utilized the services of a small universe of professionals. In these limited instances, Bilzin submits it was appropriate and necessary to have each of the professionals participate in the meetings, conference calls and hearings in question. Nevertheless, as set forth below, Bilzin agrees to write off certain fees charged. Nothing herein should be construed as waiving the attorney-client privilege with respect to the matters discussed herein.

### A. PD Committee Calls Generally

The Fee Auditor requests additional information regarding PD Committee calls conducted by Bilzin professionals on April 5, 2007 (paragraph 1 of Exhibit A), April 12, 2007 (paragraph 2 of Exhibit A), April 26, 2007 (paragraph 3 of Exhibit A), and June 21, 2007 (paragraph 7 of Exhibit A). As the Fee Auditor is aware, Messrs. Baena (SLB) and Sakalo (JMS) have had principal responsibility for representing the PD Committee from the onset of these cases in April 2001 and, thus, have actively participated in virtually every PD Committee meeting/call since the inception of these cases. Mr. Kramer (MIK) has had primary responsibility for monitoring and reporting on asbestos personal injury matters and updates the PD Committee with respect to personal injury matters routinely. In addition, where indicated below, Mr. Kramer has also been assigned specific tasks relating to property damage issues discussed on PD Committee calls, necessitating his participation on those calls.

### 1. PD Committee Call of April 5, 2007

The April 5, 2007, PD Committee call was extremely important as it involved discussions as to the scope and manner in which the PD Committee would participate in the upcoming trials of individual property damage claims. Each of Messrs. Baena, Sakalo and Kramer were heavily involved with strategizing as to the PD Committee's role in the property damage claims process. Further, Messrs. Sakalo and Kramer, without duplication, researched and analyzed the various pleadings and objections that were discussed with the PD Committee. Therefore, the attendance of Messrs. Baena, Sakalo and Kramer at the April 5, 2007, PD Committee call was appropriate and necessary. Jeffrey Snyder (JIS) transcribed the minutes of the Committee call. Nevertheless, in this instance, Bilzin agrees to write off the time of Mr. Snyder who billed .7 hours ($175.00) for attendance at the PD Committee call.

### 2. PD Committee Call of April 12, 2007

The April 12, 2007, PD Committee call likewise required the attendance of Messrs. Baena, Sakalo and Kramer. Bilzin discussed with the PD Committee the Debtors' emergency motion to prevent any further amendment to property damage proofs of claim. Each of Messrs. Baena, Sakalo and Kramer were heavily involved with researching, strategizing and formulating a position with respect to the Debtors' Emergency Motion. Indeed, Mr. Baena addressed the bankruptcy procedural aspects regarding amendments to proofs of claim and Messrs. Sakalo and Kramer, without duplication, each addressed issues related to discreet topics raised in the motion. Therefore, their collective attendance at the April 12, 2007, PD Committee call was

appropriate and necessary. Bilzin agrees to write off the time of Mr. Snyder, who transcribed the minutes from the Committee call in the amount of .8 hours ($200).

### 3.     PD Committee Call of April 26, 2007

The April 26, 2007, PD Committee call also required the attendance of Messrs. Baena, Sakalo and Kramer. The PD Committee call focused on the individual property damage litigation that had recently occurred before the Bankruptcy Court. Each of the aforementioned attorneys was actively involved in monitoring, analyzing and strategizing with the PD Committee as to the ongoing property damage trials. As a result, the attendance of each of Messrs. Baena, Sakalo and Kramer on the April 26, 2007, PD Committee call was appropriate and necessary. Bilzin agrees to write off the time of Jeffery Snyder (JIS) who billed .8 hours ($200.00) for attendance at this PD Committee call and for certain follow up work.

### 4.     PD Committee Call of June 21, 2007

The June 21, 2007, PD Committee call involved several matters in which each of Messrs. Baena, Sakalo and Snyder had significant involvement. These matters included (a) the Debtors' exclusivity motion; (b) objections to property damage claims; (c) the objection to one of the Debtors' experts related to the property damage litigation; and (d) the settlement of property damage claims. Messrs. Baena and Sakalo were responsible for analyzing and discussing with the PD Committee each of these matters. Mr. Snyder conducted research on the Debtors' exclusivity motion and accordingly was required to attend the PD Committee call and answer any questions relating to this topic. As a result, the attendance of each of Messrs. Baena, Sakalo and Snyder on the June 21, 2007, PD Committee call was appropriate and necessary. Bilzin agrees to write off the time of Matthew Kramer (MIK) who billed 0.05 hours ($17.50) for attendance at this PD Committee call.

## B.     **Hearings Generally**

The Fee Auditor requests an explanation regarding the necessity of having four Bilzin attorneys attend hearings on April 9, 2007 (paragraph 4 of Exhibit A), April 23-25, 2007 (paragraph 5 of Exhibit A), and May 1, 2007 (paragraph 6 of Exhibit A). It is worth noting that only Messrs. Baena and Sakalo attended these hearings in person. Mr. Kramer and Mr. Moon attended telephonically. These were critical, lengthy hearings that required Messrs. Baena and Sakalo to allocate amongst themselves the responsibility for discreet parts of the hearings. Mr. Kramer was likewise heavily involved in researching and analyzing portions of property damage-related issues that were the subject of these hearings. Accordingly, Mr. Kramer's telephonic attendance was also necessary at these hearings. Bilzin agrees to write off all time of James Moon's (JCM) telephonic attendance at these hearings.

### 1.     April 9, 2007, Hearing

The April 9, 2007, omnibus hearing focused on several important matters relating to property damage claimants. These matters included (a) the Debtors' "road map" of summary judgment motions to expunge property damage claims; (b) the Debtors' motion to expunge certain Libby property damage claims; (c) the Debtors' motion to expunge eleven property damage claims involving products purportedly not made by the Debtors; (d) the Debtors' motion to expunge ten purportedly time-barred property damage claims; (e) the Debtors' motion to expunge eleven property damage claims purportedly barred by statutes of repose in Minnesota, North Carolina, Iowa, and Tennessee; (f) the Debtors' motion to expunge eighty-eight purportedly

time-barred Canadian property damage claims; (g) the Debtors' motion to expunge one hundred nine California property damage claims on statute of limitations grounds; (h) a property damage claimant's summary judgment motion against the Debtors; (i) the Debtors' motion to expunge sixteen purportedly time-barred asbestos property damage claims; and (j) a status conference on the April 23-25, 2007, adjudication of property damage claims regarding product identification, statutes of limitation and Libby claims.

The volume of property damage-related matters at issue for this omnibus hearing was substantial. The research, analysis and hearing preparation related to the foregoing matters necessitated dividing such tasks among Messrs. Baena, Sakalo and Kramer, with Messrs. Sakalo and Kramer primarily performing research and analysis of the matters at hand and reporting their findings to Mr. Baena. In this way, the Bilzin attorneys avoided duplication of effort and efficiently and appropriately prepared for the April 9, 2007, hearing. Given the substantial involvement of each Bilzin attorney in the preparation and analysis of the matters set for hearing, it was both appropriate and necessary for each Bilzin attorney to attend the April 9, 2007, hearing. Bilzin agrees to write off the time of James Moon (JCM) who billed 1.00 hour ($325.00) for his telephonic attendance at the April 9, 2007, hearing.

### 2. April 23-25, 2007, Hearings

As described above, the hearings set for April 23–25, 2007, involved the potential expungement of a substantial potion of property damage claims. The three-day hearing was shortened by a day as the Court heard only the Debtors' purported product identification defenses to property damage claims and not the Debtors' purported statute of limitations defenses to claims or their objections to Libby property damage claims. Nevertheless, the volume and scope of property damage claims at issue remained substantial. As a result, it was necessary for each of Messrs. Baena, Sakalo and Kramer to prepare for and attend in person (in the case of Messrs. Baena and Sakalo) and by phone (in the case of Mr. Kramer) the hearings. As stated, Messrs. Sakalo and Kramer were involved with researching and analyzing the summary judgment motions and objections thereto and reported such findings to Mr. Baena. In this way, the Bilzin attorneys avoided duplication of effort. Given that the April 23-25, 2007, hearings were one of the most important hearings to date concerning objections to property damage claims, it was both necessary and appropriate for Messrs. Baena, Sakalo and Kramer to prepare for and attend these hearings. Bilzin agrees to write off the time of James Moon (JCM) who billed 2.80 hours ($910.00) for his telephonic attendance at the April 23, 2007, hearing.

### 3. May 2, 2007, Hearing

The May 2, 2007, omnibus hearing (there was no hearing on May 1, 2007, as stated in the Report) involved important property damage as well as asbestos personal injury matters. Messrs. Baena and Sakalo, as customary, divided amongst themselves the analysis and preparation of the property damage matters set for hearing. These matters included the Debtors' emergency motion concerning the amendment or supplementation of property damage claims and the ZAI claimants' motion for discovery concerning the Debtors' conduct in the ZAI summary judgment proceedings. Mr. Baena was primarily responsible for setting forth the PD Committee's position with respect to these issues before the Court. The omnibus hearing also involved several personal injury matters that Mr. Kramer analyzed and prepared for in contemplation of the hearing. These matters included the Debtors' motion to expand the preliminary injunction against the filing of asbestos personal injury claims; the Debtors' motion to compel personal injury claimants to respond to the Debtors' personal injury questionnaires; the Debtors' motion to compel compliance with the Court's X-Ray Order; and the Asbestos Creditors' Committee's ("ACC") and the Future Claimants' Representative's

("FCR") joint motion to compel production of documents by the Debtors regarding their pre-petition estimates of asbestos claims liability. Thus, it was both necessary and appropriate for Messrs. Baena, Sakalo and Kramer to prepare for and attend these hearings. Bilzin agrees to write off the time of Jeffrey Snyder (JIS) who billed 1.50 hours ($375.00) for his telephonic attendance at the May 2, 2007, hearing.

### C. June 11, 2007, Conference Calls

The Fee Auditor has inquired about for Bilzin attorneys participating in a conference call on June 11, 2007 (paragraph 8 of Exhibit A). Based on a review of the highlighted time records, it appears that there was one telephonic call regarding the appeal of the Bankruptcy Court's and District Court's orders further extending the Debtors' exclusive period to file a plan of reorganization and a separate meeting between Messrs. Baena and Sakalo regarding exclusivity. Messrs. Baena and Sakalo each billed one half hour for their discussion of the exclusivity appeal. A separate conference call occurred among Messrs. Sakalo, Kramer and Snyder and counsel to the ACC and FCR regarding several exclusivity appellate issues, including the writing of the appellate brief, the creation of the appellate record, and the writing of the concise statement of facts and issues on appeal to the Third Circuit. Given the magnitude of work at hand, it was necessary for Messrs. Sakalo, Kramer and Snyder to attend this telephonic conference so as to avoid duplication of effort both internally and the PD Committee, the ACC and the FCR.