**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF**
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ**
**FOR THE TWENTY-FIFTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Baker Donelson Bearman Caldwell & Berkowitz, P. C. for the Twenty-Fifth Interim Period (the "Application").

**BACKGROUND**

1.  Baker Donelson Bearman Caldwell & Berkowitz, P. C. ("Baker Donelson") was retained as advisor for legislative affairs to the Debtors. In the Application, Baker seeks approval of fees totaling $90,000.00 and costs totaling $16,967.25 for its services from April 1, 2007, through June 30, 2007.

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Baker Donelson an initial report based on our review, and received a response from Baker Donelson, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted that the firm states that by the Court order dated June 16, 2004, the Debtors were authorized to retain Baker Donelson to advise the Debtors, their counsel, and their Board of Directors with respect to legislative affairs and current pending and future legislative affairs ("Legislative Affairs Services") and such other related services as the Debtors may deem necessary or desirable, effective as of April, 2001 (the "Retention Order"). The Retention Order authorizes Debtors to compensate Baker Donelson on a flat rate in the amount of $17,000.00 per month for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson. The Debtors, on or about January, 24, 2005 filed a motion seeking authorization to modify and expand the scope of services provided by Baker Donelson. Specifically, the motion sought the approval of retention of Baker Donelson to assist Debtors in connection with the Debtors' business operations in China and with respect to the Chinese governmental authorities at the national, provincial and local levels ("China Assistance Services"). The expanded scope of work of Baker Donelson was approved by order entered on March 15, 2005, effective January 1, 2005 ("Order Modifying and Expanding Services"). Compensation of Baker Donelson for the China Assistance Services was approved on a flat rate in the amount of $35,000.00 per month for services

rendered, plus reimbursement of actual and necessary expenses incurred by Baker Donelson. The Order Modifying and Expanding Services also increased the flat rate for compensation for Legislative Affairs Services to an amount of $20,000.00 per month effective March, 2005 for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson. Pursuant to Order entered on February 23, 2006, *nunc pro tunc* to October 1, 2005, the China Assistance Services continue. Under this Order, the Debtor agreed as compensation to Baker Donelson to pay a fixed basic retainer fee of $10,000.00 each month plus reimbursement of expenses with the provision for compensation to Baker Donelson in an additional amount not to exceed $10,000.00 each month (which would be in addition to the basic retention fee specified above) for additional services the Debtor may request in China.

4. We noted that Baker Donelson lists 125 hours for services rendered from April 1, 2007, through June 30, 2007. This computes to an effective hourly rate of $720.00.

5. We noted one airfare entry that appears excessive. The entry is provided below.

Joan M. McEntee        March 20, 2007        Airfare        $8,880.10

Paragraph II.E.1. of the Guidelines states, ". . .[f]actors relevant to a determination that the expense is proper include the following: 1. Whether the expense is reasonable and economical. For example, first class and other luxurious travel mode or accommodations will normally be objectionable." This issue has been raised in prior Baker applications, with recommended reductions for first and/or business class airfares. We further noted that W.R. Grace was charged with 66% of the total cost of this fare. In the Twenty-Third Interim, we recommended reductions for airfare over $6,500.00, that figure representing the top end of the economy-flight fares as shown by our research. Our most recent research of China airfares indicates that that top range of economy fares remains applicable.

Thus, based on our research, we would recommend a reduction of $1,570.86 ($8,880.10 minus $6,500.00 x 66%) for this fare. We asked Baker Donelson to respond with flight information showing at what class the fare was booked and with any other information that might cause us to adjust our recommendation. Baker Donelson responded as follows:

> The Fee Auditor questions the amount charged for air fare to China and sights U. S. Trustee ("UST") guidelines, stating that First Class would normally be objectionable. Baker Donelson objects to any reduction for the air fare allocated for Ms. McEntee. As the Fee Auditor may be aware, the flights to China from the United States are in excess of eighteen (18) hours. To the extent possible, Ms. McEntee plans trips to divide charges for flight and other expenses among various clients in order to keep expenses at a minimum level. However, in order to be able to represent her clients upon arrival in China, Ms. McEntee flies First Class in order to sleep on the plane before she arrives to be prepared for work upon arrival. Ms. McEntee does not drink or participate in other such opportunities on the trip. Her selection of First Class is a necessity in order to be properly rested to represent her clients upon arrival in China. In addition, Ms McEntee continues to attempt to save costs to Debtor by arranging trips to China to conduct business for other clients in addition to the Debtor to be able to provide cost savings to each client. The costs are divided based on the percentage of work performed for each client during a particular trip.

While we appreciate the response, we continue to recommend a reduction of $1,570.86 in expenses.

## CONCLUSION

6. Thus we recommend approval of fees totaling $90,000.00 and costs totaling $15,396.39 ($16,967.25 minus $1,570.86) for Baker Donelson's services from April 1, 2007, through June 30, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

                **FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 3rd day of December, 2007.

_____
                Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
E. Franklin Childress
James Range
Baker, Donelson, Bearman, Caldwell & Berkowitz
165 Madison Avenue
Suite 200
Memphis, Tennessee 38103

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801