## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP,
## FOR THE TWENTY-FIFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Orrick, Herrington & Sutcliffe LLP for the Twenty-Fifth Interim Period.

## BACKGROUND

1.      Orrick, Herrington & Sutcliffe LLP ("Orrick") was retained as bankruptcy counsel to David T. Austern, future claimants' representative.  In the Application, Orrick seeks approval of fees totaling $1,021,931.50 and costs totaling $168,071.15  for its services from April 1, 2007, through June 30, 2007.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued

January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.   We served on Orrick an initial report based on our review and received a response from Orrick.

### DISCUSSION

3.     In our initial report, we noted 12 instances in which more than one professional attended a meeting, hearing, deposition, trial or conference call.  (See Exhibit A.) Paragraph II.D.5. of the Guidelines provides that  "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  Furthermore, the Delaware Local Rules, rule 2016-2(d)(ix), states "....[t]he activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role."  We asked Orrick to review Exhibit A and to explain why it was necessary for multiple professionals to participate in each referenced occasion as well as the specific area of expertise each Orrick professional provided.  Orrick's response is provided as Response Exhibit 1. We appreciate the response and accept the firm's voluntary reduction of $5,517.00 in fees.  However, we are not convinced that Orrick carried its burden of proving the necessity of Ms. Felder's participation in either the April 2 hearing (4.0 hours) or the May 8 hearing (6.7 hours).  We therefore recommend a reduction of $4,975.50 (10.7 hours times $465.00 per hour) for those two hearings. We thus recommend a total fee reduction of $10,492.50.

4.     We noted two entries totaling 3.9 hours and $877.50 regarding time spent on conflict checks.  The entries are provided below.

04/02/07       DF     0.50              Review  updated  conflict  lists  and  revise  same  prior  to

submitting to conflicts department to run reports.

| 04/12/07 | DF | 1.00 | Follow up with conflicts department regarding updates to original conflicts reports and status of new reports on updated parties list. |
| 04/26/07 | DF | 0.10 | Confer with R. Wyron regarding status of conflict searches and updated disclosures. |
| 05/07/07 | DF | 2.00 | Review updated conflict reports. |
| 05/11/07 | DF | 0.30 | Review e-mail from R. Wyron regarding DCP Holdings; review conflicts list for appearance of company and role in the Grace; prepare e-mail to R. Wyron with information. |

Time spent on conflict checks is normally not compensable, as these checks tend to benefit the firm rather than the estate. We asked the firm to review the cited entries and to respond as to the benefit to the estate resulting from them. Orrick responded as follows:

> The Report identifies five time entries by senior legal assistant Debra Fullem, totaling 3.9 hours and $877.50 in fees, for work on conflicts checks. This work was not a traditional conflicts check, but rather involved the process of updating the research for our disclosures of connections under Bankruptcy Rule 2014. This is a task unique to bankruptcy cases, and is made more complex by the large number of parties involved in these proceedings. These tasks are an additional requirement of these cases, above and beyond Orrick's normal conflicts checks in non-bankruptcy cases. Accordingly, we believe this time is properly charged to the estate, and thus no adjustment is warranted.

We accept the response and offer no objection to these fees.

## CONCLUSION

5.     Thus we recommend approval of fees totaling $1,011,439.00 ($1,021,931.50 minus $10,492.50) and costs totaling $168,071.15 for Orrick's services from April 1, 2007, through June 30, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
              Warren H. Smith
              Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1270
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 3rd day of December, 2007.


_____
              Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Roger Frankel
Debra L. Felder
Orrick, Herrington & Sutcliffe LLP
3050 K Street, NY
Washington, DC 20007

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1.      On April 2, 2007, five firm members (four Partners and one Associate) attended a hearing.  The total time spent including any preparation and non-working travel time was 30.20 hours[1] for a total fee of $19,949.00.

| | | | |
|---|---|---|---|
| 04/01/07 | JA | 3.30 | ..........; review Grace's slides for use at motion hearing and team e-mails regarding same (.5); review case transcripts and prior Grace submissions, prepare time line for motion hearing (2.3). |
| 04/01/07 | RM | 3.00 | Prepare for 4/2 omnibus hearing and hearing on motion to compel navigable database. |
| 04/02/07 | DF | 6.30 | ..........; telephonic participation in omnibus hearing (4.0). |
| 04/02/07 | JA | 1.70 | Attend (via teleconference) portions of Court omnibus hearing relating to motion to compel navigable database (1.2);................ |
| 04/02/07 | RM | 11.00 | Prepare for and attend omnibus and motions hearing (7.5); working travel to and from hearing including discussions with ACC counsel regarding strategy (3.5). |
| 04/02/07 | RW | 1.00 | Attend omnibus hearing telephonically. |
| 04/02/07 | RF | 1.20 | Review file in preparation for hearing. |
| 04/02/07 | RF | 4.20 | Attend hearing in Wilmington (3.7); confer with N. Finch, Hurford before hearing (.5). |
| 04/02/07 | RF | 0.80 | Consider litigation strategies during travel to DC. |
| 04/02/07 | RF | 1.00 | Travel to/from Wilmington. |

2.      On April 10, 2007, five firm members (three Partners and two Associates) participated in a conference call.  The total time spent including any preparation time was 6.10 hours for a total fee of $3,417.00.

| | | | |
|---|---|---|---|
| 04/10/07 | CZ | 3.40 | .............; teleconference with J. Biggs, R. Mullady, G. |

---

[1] Time for this entry was located in the following project categories - (i) Litigation and (ii) Travel Time (Non-Working).

|          |     |      | Rasmussen, J. Ansbro and D. Felder re outstanding claims issues (1.2);............ |
|----------|-----|------|---|
| 04/10/07 | DF  | 8.60 | ...........; telephone conference with J. Biggs, B. Gillespie, R. Mullady, J. Ansbro and G. Rasmussen regarding estimation issues and date (1.4);................ |
| 04/10/07 | JA  | 5.60 | ..........; conference call with estimation team, and J. Biggs and Tillinghast team regarding case analysis and expert issues (1.4);........... |
| 04/10/07 | RM  | 3.30 | ...............; conference call with J. Biggs (1.0);............ |
| 04/10/07 | GR  | 1.10 | Conference with J. Biggs concerning her report and matches with Rust database. |

      3.      On April 12, 2007, seven firm members (two Partners, four Associates and one Legal Assistant) attended a meeting.  The total time spent including any preparation and non-working travel time was 53.50 hours[2] for a total fee of $19,917.00.

| 04/12/07 | JC  | 7.00 | Assist attorney re attending team meeting in DC to discuss litigation database and case preparation. |
|----------|-----|------|---|
| 04/12/07 | ES  | 4.30 | ............; initial team working session with litigation consultant to organize document review and issue analysis (2.3). |
| 04/12/07 | CZ  | 7.00 | ...........; work with litigation team on using litigation software to organize documents and issues (4.8);............ |
| 04/12/07 | AH  | 5.80 | Attend meeting with R. Mullday, J. Ansbro, D. Felder, J. Cutler, and others on litigation team to discuss current case status, discuss issue analyses and document review, and receive litigation software instruction. |
| 04/12/07 | JC  | 4.80 | Team meeting with outside litigation consultant re issue analysis for case database. |
| 04/12/07 | JA  | 7.70 | Prepare for and conduct team meeting regarding document analysis, team meeting with outside litigation software |

---

[2] Time for this entry was located in the following project categories - (i) Litigation and (ii) Travel Time (Non-Working).

| | | | consultant (7.0);................. |
|---|---|---|---|
| 04/12/07 | RM | 8.20 | Prepare for and attend meeting with estimation team regarding organization and analysis of documents (5.8);.................... |
| 04/12/07 | JC | 5.00 | Travel time to DC Office for team meeting. |
| 04/12/07 | CZ | 6.00 | Travel round trip from NY to DC office. |
| 04/12/07 | JA | 5.00 | Portion of non-working travel time from NY to DC to attend estimation team meeting (1.0); meeting with outside litigation software support consultant (3.0); return travel from Washington, DC (1.0). |

4.      On April 23, 2007, four firm members (all Partners) participated in a conference call. The total time spent including any preparation time was 6.20 hours for a total fee of $4,251.50.

| | | | |
|---|---|---|---|
| 04/23/07 | DF | 8.90 | ...........; telephone conference with litigation team and estimation experts regarding data and status (1.2). |
| 04/23/07 | JA | 8.20 | ..............; review J. Biggs' data reports in preparation, and participate in, conference call with Biggs and Tillinghast team, follow-up telecon with R. Mullady regarding same, and motion to compel documents requested by FCR (2.2). |
| 04/23/07 | RM | 4.20 | Prepare for and participate in conference call with J. Biggs (1.5);............ |
| 04/23/07 | GR | 1.30 | Conference with J. Biggs concerning her report. |

5.      On April 27, 2007, four firm members (two Partners and two Associates) participated in a conference call.  The total time spent including any preparation time was 6.90 hours for a total fee of $4,071.50.

| | | | |
|---|---|---|---|
| 04/26/07 | RM | 2.80 | ...........; prepare for meet and confer on 4/27 (1.0);........... |
| 04/27/07 | CZ | 5.60 | .........; meet and confer teleconference with J. Ansbro, J. Wehner, E. Liebenstein, D. Mendelson and A. Basta re BNC deposition (.9);........... |
| 04/27/07 | DF | 3.80 | Telephone conference with Debtors' counsel, R. Mullady and N. Finch regarding meet and confer on FCR's discovery |

|  |  |  | request (1.3);............... |
|---|---|---|---|
| 04/27/07 | JA | 4.80 | Review pertinent materials and teleconference with R. Mullady in further preparation for meet and confer with Grace counsel regarding FCR document requests (.7); participate in meet and confer with Grace counsel (1.0);................ |
| 04/27/07 | RM | 3.00 | Prepare for and participate in meet and confer conference call with debtors' counsel (2.0);................. |

6.      On May 8, 2007, four firm members (three Partners and one Associate) attended a hearing. The total time spent including any preparation and non-working travel time was 40.00 hours[3] for a total fee of $22,800.50.

| 05/03/07 | JA | 5.10 | ...............; prepare for 5/8 argument in opposition to Grace request to adjourn expert and trial schedule, e-mails to/from D. Felder and ACC counsel regarding same (.8);......... |
|---|---|---|---|
| 05/04/07 | JA | 8.70 | ...........; prepare and telephone conference with N. Finch regarding 5/8 hearing (.5);............; prepare for hearing (1.0). |
| 05/06/07 | DF | 3.90 | .........; telephone conferences with J. Ansbro regarding preparation for 5/8 hearing (.8); prepare materials for 5/8 hearing (2.2). |
| 05/06/07 | JA | 4.00 | Prepare for 5/8 continued Omnibus Hearing, including prepare potential demonstrative exhibits for opposition to Grace request to adjourn case schedule, telephone conferences with D. Felder regarding same (3.0); e-mails to/from R. Mullady regarding same (.3);.......... |
| 05/07/07 | JA | 9.40 | E-mails to/from R. Mullady regarding draft demonstrative exhibits for 5/8 continued Omnibus hearing (.3);...............; prepare for 5/8 continued Omnibus Hearing, including review of transcripts of 5/2 Omnibus Hearing outline argument opposing Grace motion to adjourn expert discovery deadlines (2.0); discussions with ACC counsel regarding same (.5). |

---

[3] Time for this entry was located in the following project categories - (i) Litigation and (ii) Travel Time (Non-Working).

| 05/07/07 | RW | 6.50 | .........; confer with J. Ansbro and R. Frankel on strategy for 5/8 hearing, and follow-up (.3);............ |
| 05/08/07 | DF | 7.40 | Review agenda for 5/8 hearing and Debtors' hearing exhibits (.2); telephonic participation in hearing (6.5);............ |
| 05/08/07 | JA | 9.80 | Further preparation for Omnibus hearing (1.5); attend and participate at continued Omnibus Hearing before Judge Fitzgerald, discussions with ACC counsel regarding case strategy and arguments (7.3);............. |
| 05/08/07 | RW | 2.40 | Participate (telephonically) in portion of omnibus hearing (2.1);........... |
| 05/08/07 | RF | 0.80 | Review slides in preparation for hearing on motion to compel (slides from FCR and Grace); notes re same |
| 05/08/07 | RF | 4.70 | Attend hearing by telephone re motion to compel, estimation timing |
| 05/07/07 | JA | 4.90 | ...............; non-working portion of travel time from Washington, DC to Pittsburgh, PA to amend 5/8 continued Omnibus Hearing (3.0). |
| 05/08/07 | JA | 2.20 | Non-working portion of travel time during return from Pittsburgh, PA to New York City after participating in continued Omnibus Hearing before Judge Fitzgerald. |

7.    On May 7, 2007, six firm members (five Partners and one Associate) attended a meeting.  The total time spent including any preparation time was 20.20 hours for a total fee of $13,294.50.

| 05/04/07 | DF | 10.70 | ............; conference with D. Austern, R. Frankel, R. Wyron and litigation team regarding estimation issues (3.0);............ |
| 05/04/07 | JA | 8.70 | ...........; prepare for and participate (via telephone) in meeting with D. Austern and DC team (3.5);........... |
| 05/04/07 | RM | 4.20 | ...........; review draft J. Biggs report and discuss with estimation team (3.6). |
| 05/04/07 | GR | 4.30 | Analysis of J. Biggs' draft report |

| 05/04/07 | GR | 1.50 | Meet with D. Austern to discuss J. Biggs' draft report. |
| 05/04/07 | RW | 2.70 | Review J. Biggs report with OHS team and D. Austern and follow-up (2.3);.................... |
| 05/04/07 | RF | 2.30 | Confer with D. Austern, R. Wyron, G. Rasmussen, J. Ansbro re J. Biggs draft report (2.0);............... |

8.     On May 7, 2007, five firm members (four Partners and one Associate) attended a meeting.  The total time spent including any preparation and non-working travel time was 29.40 hours[4] for a total fee of $18,242.25.

| 05/07/07 | DF | 8.10 | .........; conference with Tillinghast team, R. Frankel, R. Wyron and litigation team regarding estimation expert report (6.0);.......... |
| 05/07/07 | JA | 9.40 | ............; prepare for meeting with Tillinghast team for analysis of revised draft expert report, discussions with G. Rasmussen regarding same (1.6); attend and participate at meeting with Tillinghast team regarding revised estimation expert report (4.5);............. |
| 05/07/07 | GR | 5.80 | Meeting with J. Biggs and Tilinghast team to review draft report. |
| 05/07/07 | RW | 6.50 | Review notes to prepare for meeting with Tillinghast (.6); review outline from G. Rasmussen (.3); attend Tillinghast meeting on estimation issues, and follow-up (4.9);............. |
| 05/07/07 | RF | 3.80 | Confer with J. Biggs, E. Stallard, J. Ansbro, G. Rasmussen re J. Biggs' draft report. |
| 05/07/07 | JA | 4.90 | Non-working portion of travel time from New York City to Washington, DC office to attend meeting with Tillinghast team (1.9);.................... |

9.     On May 15, 2007, five firm members (four Partners and one Associate) participated in a conference call.  The total time spent including any preparation time was 7.10 hours for a total

---

[4] Time for this entry was located in the following project categories - (i) Litigation and (ii) Travel Time (Non-Working).

fee of $4,366.00.

| 05/15/07 | DF | 4.80 | ...........; prepare for telephone conference with J. Biggs regarding estimation issues (.9); telephone conference with J. Biggs, B. Gillespie, R. Wyron and litigation team regarding estimation issues (1.0);.............. |
| 05/15/07 | JA | 5.60 | Prepare for and participate (via telephone) in team meeting with J. Biggs and Tillinghast team, follow-up e-mails to R. Mullady (2.0);.............. |
| 05/15/07 | RM | 3.50 | Prepare for and participate in conference call with J. Biggs (1.5);........................ |
| 05/15/07 | GR | 1.00 | Conference with J. Biggs on her expert report and follow-up |
| 05/15/07 | RW | 1.30 | Review data for call with J. Biggs (.2); participate in call with J. Biggs and follow-up (.5);....................... |

     10.     On May 21, 2007, four firm members (three Partners and one Associate) attended a hearing.  The total time spent including any preparation and non-working travel time was 35.00 hours[5] for a total fee of $20,642.50.

| 05/17/07 | JA | 5.60 | ............; review and suggest revisions for proposed demonstrative for 5/21 hearing, e-mails to/from R. Mullady regarding same (.4);......... |
| 05/18/07 | DF | 7.40 | E-mail correspondence regarding matters for omnibus hearing (1.3);...............; review hearing exhibits from R. Barainca and e-mails regarding same (2.0); telephone conference with J. Ansbro regarding same (.2). |
| 05/18/07 | JA | 5.40 | ...........; review and revise demonstrative exhibits for 5/21 Omnibus hearing, telephone conferences with R. Mullady and D. Felder regarding same, e-mails re same (1.0);.........; e-mails to/from R. Mullady regarding preparations for 5/21 Omnibus Hearing (.3); prepare for 5/21 Omnibus Hearing |

---

[5] Time for this entry was located in the following project categories - (i) Litigation and (ii) Travel Time (Non-Working).

|          |    |      | (.7); review Grace exhibits for 5/21 Omnibus (.4);............... |
|----------|----|------|----------------------------------------|
| 05/18/07 | RM | 2.00 | Prepare for omnibus hearing on 5/21 |
| 05/20/07 | JA | 1.50 | Prepare for 5/21 Omnibus Hearing |
| 05/21/07 | DF | 7.50 | ...........; telephonic participation in omnibus hearing (5.3);........... |
| 05/21/07 | JA | 7.50 | ...........; discussions with R. Muillady regarding case status and strategy and today's Omnibus Hearing (.7); attend Omnibus Hearing (3.7). |
| 05/21/07 | RM | 8.50 | Preparation for omnibus hearing including during working travel to Wilmington, DE (4.0); attend omnibus hearing (4.0);........... |
| 05/21/07 | RF | 3.30 | Attend Omnibus hearing by telephone. |
| 05/21/07 | RF | 0.80 | ...........; review demonstrations in preparation for Omnibus hearing (.6). |
| 05/21/07 | JA | 2.60 | Non-working portion of travel time from New York City to Wilmington, Delaware to attend Omnibus Hearing, and return travel to New York City. |
| 05/21/07 | RM | 1.00 | Non-working return travel from Wilmington |

11.    On June 5, 2007, four firm members (three Partners and one Associate) attended a meeting.  The total time spent including any preparation and non-working travel time was 30.20 hours[6] for a total fee of $17,055.00.

|          |    |       |                                        |
|----------|----|-------|----------------------------------------|
| 06/05/07 | DF | 11.00 | .............; conference with J. Biggs, G. Rasmussen, R. Mullady, and J. Ansbro regarding estimation expert report issues (5.5);.............. |
| 06/05/07 | JA | 7.10  | ...........; pre-meeting discussions with R. Mullady regarding draft Biggs report (.3); meeting with J. Biggs regarding draft |

---

[6] Time for this entry was located in the following project categories - (i) Litigation and (ii) Travel Time (Non-Working).

|         |    |       | expert report (4.5);........... |
|---------|----|-------|--------------------------------|
| 06/05/07 | RM | 6.50 | Meet with J. Biggs and estimation team regarding estimation report (6.0);................ |
| 06/05/07 | GR | 7.70 | Preparation for and conference with J. Biggs regarding her report and areas for further work. |
| 06/05/07 | JA | 6.20 | Non-working portion of travel time from NY to DC to attend meeting with FCR's expert, and return travel from DC to NY |

12.    On June 28, 2007, four firm members (three Partners and one Associate) participated in a conference call.  The total time spent including any preparation time was 9.00 hours for a total fee of $5,630.00.

| 06/28/07 | DF | 12.30 | .........; telephone conference with estimation experts and litigation team regarding strategy and next steps (2.0);........... |
|---------|----|-------|--------------------------------|
| 06/28/07 | JA | 4.60 | .........; prepare for and conference call with estimation team and Tillinghast team regarding review and analysis of Grace expert reports (2.5);......... |
| 06/28/07 | RM | 2.50 | Prepare for and participate in conference call with J. Biggs regarding estimation issues. |
| 06/28/07 | GR | 2.00 | Review of J. Biggs' Power Point and conference regarding differences between her analysis and Florence's. |

Response Exhibit 1

As previously stated in responses to other reports, these bankruptcy cases are quite litigation-intensive. The key professionals representing the FCR in these cases are Raymond Mullady, who leads Orrick's Washington, DC litigation practice, has experience in complex products liability litigation, and is the lead litigator in the estimation proceeding; Garret Rasmussen, an experienced litigation partner who has worked extensively with estimation and other economic experts, and is responsible for handling the FCR's key expert testimony to be presented in the estimation proceedings; John Ansbro, a litigation partner who is responsible for handling the day-to-day litigation work; Roger Frankel, co-head of Orrick's bankruptcy and insolvency practice and the lead lawyer and strategist for the FCR in these cases; Richard Wyron, an experienced bankruptcy partner who has primary responsibility for representing the FCR on bankruptcy issues; and Debra Felder, an experienced bankruptcy associate with litigation expertise who is integrally involved in both the bankruptcy and litigation aspects of these cases. The Report also questions time spent by four litigation associates, Joshua Cutler, Annie Hermele, Emily Somers and Catharine Zurbrugg, who were involved in a meeting during the Application Period which focused on preparation for, and discovery related to, the estimation litigation.

## Hearings

Three of the questioned groups of time entries relate to preparation for and attendance at Bankruptcy Court omnibus hearings on April 2, 2007, May 8, 2007, and May 21, 2007.

**April 2, 2007 Omnibus Hearing**.  At this hearing, the Court addressed, among other things, the Emergency Motion by the Future Claimants' Representative and the Asbestos Claimants' Committee to Compel the Debtors' Production of Complete Navigable Database, which was objected to by the Debtors.  Preparation for and attendance at this hearing was necessary on this matter by litigation partners Raymond Mullady, who attended the hearing in person and represented the FCR's position in its motion to compel and argued the FCR's position in the Debtors' objection, and John Ansbro, who participated by telephone only for that portion of the hearing addressing the matters for which he was responsible.  Mr. Ansbro has focused on matters concerning the database of claims and surrounding estimation litigation, and assisted Mr. Mullady on this point.  Roger Frankel also attended the hearing in person for the purpose of addressing the FCR's position on the other items on the agenda for this hearing, to the extent necessary.  Richard Wyron and Debra Felder participated by phone.  We believe the preparation time and attendance at the hearing, in person and telephonically, was warranted by these professionals in light of the variety of issues on the agenda for this hearing.

As stated in our previous responses to the Fee Auditor's report, the history of this case is that issues not on the agenda are often raised at omnibus hearings by one party or another, often without advance notice under the general agenda item of "status hearing."  At times, the Debtors' status hearing or status report becomes full-blown argument by the Debtors and others on contested litigation and bankruptcy issues, complete with charts and handouts.  As a result, it is critical that the FCR's lawyers be fully prepared and completely up-to-date on the full range of current issues, including those not specifically on the agenda, because we never know in advance precisely which issues the Debtors will attempt to raise under the guise of a status conference.  As a result, we cannot serve the FCR well by

limiting preparation or attendance to a single lawyer, or by restricting our preparation only to the items specifically identified on the agenda.

**May 8, 2007 Omnibus Hearing**.  At this hearing, the Court addressed, among other things, issues relating to the Debtors' Motion to Compel Compliance with the Supplemental Order relating to the Motion to Compel Claimants to Respond to the Asbestos PI Questionnaires. John Ansbro attended in person to address the FCR's position while Roger Frankel, Richard Wyron and Debra Felder participated by telephone.  The comments above with respect to our need to be fully prepared for the items on the agenda, in addition to whatever else may be raised by the Debtors or others that may affect the FCR's position, apply with equal force to preparation for and attendance at this omnibus hearing.

**May 21, 2007 Omnibus Hearing**.  The third group of time entries in this category involve the May 21 omnibus hearing, at which the Court considered several items on the agenda; our main focus related to the status conference on the PI estimation issues and amended case management order. Raymond Mullady and John Ansbro attended the hearing in person and Roger Frankel and Debra Felder attended telephonically.  Again, as these matters involve the FCR's concern for estimation issues, we believe that the preparation time and attendance at the hearing, in person and telephonically by those professionals, was necessary for the reasons stated above.

While we believe that our approach of having some attorneys attend in person and others participate by telephone reflects the most efficient way to manage a case of this size and complexity, but in order to resolve the Fee Auditor's concerns, Orrick will voluntarily reduce its fees for time of certain lawyers attending hearings, as follows:

April 2 Hearing:

| | | |
|---|---|---|
| John Ansbro | 1.2 hours | $750.00 |
| Richard Wyron | 1.0 hour | $700.00 |

May 8 Hearing:

| | | |
|---|---|---|
| Richard Wyron | 2.1 hours | $1,470.00 |

May 21 Hearing:

| | | |
|---|---|---|
| Debra Felder | 5.3 hours | $2,597.00 |

Total Voluntary Fee Reduction:         $5,517.00

### Meetings and Conference Calls

The Fee Auditor commented on meetings held on April 12, May 4, May 7 and June 5, 2007 and conference calls on April 10, April 23, April 27, May 15 and June 28, 2007 for which more than one lawyer for the FCR prepared and attended.  For discussion purposes, I have divided these meetings and

conference calls into two categories: (i) strategic discussions, and (ii) conference calls with experts and Debtors' counsel.  These categories are discussed separately below.

### Strategic Discussions

On April 12, 2007, Orrick's litigation lawyers working on the estimation trial met to discuss claims estimation issues, the litigation database and expert reports, and to strategize with a litigation consultant retained to assist in organizing and presenting evidence at the estimation trial.  In light of the critical importance of the estimation issues, and the various assignments and participation of each lawyer attending, we believe that this single team meeting was the most efficient way to organize a litigation effort of this magnitude and complexity.

On May 4, 2007, core members of Orrick's litigation and bankruptcy teams met with the FCR to discuss the claims estimation issues, expert reports, and related matters.  In light of the complexity of these issues, involving both litigation and bankruptcy aspects, it was essential that all relevant professionals attend the meeting to provide our client with the most complete and thorough information to date on all aspects of the case and to address strategy for the estimation proceeding.

### Conference Calls with Experts and Debtors' Counsel

The Report also notes four conference calls with the FCR's expert, Jennifer Biggs of Tillinghast and one conference call with Debtors' counsel regarding discovery matters.  The following paragraphs address these calls.

On April 10, April 23, May 15 and June 28, conference calls were held between the core members of Orrick's litigation team and Jennifer Biggs and her team from Tillinghast.  These calls principally involved Raymond Mullady, John Ansbro, Garret Rasmussen and Debra Felder, and included  Catharine Zurbrugg for one call, and Richard Wyron for one call.  As mentioned in our previous responses to other Fee Auditor reports, Ms. Biggs is the FCR's key expert witness in the upcoming estimation trial.  For the FCR, the estimation proceeding is the most critical aspect of this case to date, and its outcome will have a substantial impact upon the plan of reorganization and the resolution of these proceedings.  For the constituency that the FCR has been appointed to represent, estimation of future claims, and the resulting value of assets required to be placed in trust for the benefit of future claimants, is such a critical issue and is so intricate that it deserves full attention from the FCR and his legal team.  These conference calls revolved around Ms. Biggs' expert report, and her case analysis regarding outstanding claims estimation issues.  These issues are key to the litigation effort for the FCR.

Orrick believes the attendance of these professionals on these conference calls was warranted in light of the critical importance of the estimation expert's work and the expertise each professional brings to bear on this process.  We believe that all of the time expended was  warranted.

On April 27, 2007, a conference call was held between the core members of Orrick's litigation team and Debtors' counsel concerning certain discovery matters relating to the deposition of one of the

Debtors' witnesses, the FCR's document request, and related discovery matters.  John Ansbro, Raymond Mullady, Garret Rasmussen and Debra Felder participated in the call.  The discovery in these cases is extensive and involves many issues.  We believe the hours spent on this matter were warranted because of the complexity and the interplay between the discovery process and the issues critical to the FCR.